IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JADA JACKSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: |
| | ) | _____ |
| APPROVESHIELD, LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## COMPLAINT

PLAINTIFF JADA JACKSON files this Complaint against DEFENDANT APPROVESHIELD, LLC and states as follows:

1. Ms. Jackson brings this action against Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting. To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report background information use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

3. Defendant violated Section 1681e(b) of the FCRA when it published inaccurate eviction information about Plaintiff in a consumer report.

4. In addition, the FCRA provides consumers the ability to dispute inaccurate information in a consumer report. When a consumer files a dispute, CRAs like Defendant must reinvestigate and complete that reinvestigation within 30 days from the date they receive a consumer's dispute. They also must notify the consumer of the results of the reinvestigation within five business days of the completion of its reinvestigation. 15 U.S.C. § 1681i(a)(6). This notice must include:

- A statement that the reinvestigation is completed;
- A consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;
- a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;

- a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and

- a notice that the consumer has the right to request under 15 U.S.C. § 1681i(d) that the consumer reporting agency furnish notifications under that subsection.

5. Defendant violated Section 1681i of the FCRA when, following Ms. Jackson's *three* disputes, it failed to reinvestigate and notify Ms. Jackson of the results of any reinvestigation.

6. As a result of Defendant's actions, Ms. Jackson was denied housing and suffered significant emotional distress.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division and a substantial part of the events giving rise to the claims occurred in this district and division.

9. Defendant is a Texas limited liability company that regularly contracts to supply services or things in Georgia. It sells consumer reports

in Georgia and produces consumer reports on Georgia residents.  Defendant also gathers and maintains substantial public records data from Georgia.

10. Defendant can be served with process via its registered agent, Damon McCall, located at 9902 Chimney Hill Lane, Dallas, Texas 75243.

## PARTIES

11. Ms. Jackson is a natural person and a "consumer" as protected and governed by the FCRA.

12. Defendant is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

13. According to Defendant, Defendant "is a full-service screening solution that delivers outstanding accuracy and insight for the multifamily leasing sector.  By combining near real-time data with investigative background checks, our service identifies high-risk applicants that other screening systems routinely miss."  https://approveshield.com/, last visited March 21, 2023.

## FACTUAL ALLEGATIONS

14. In February 2023, Ms. Jackson applied for an apartment in Atlanta.

15. As part of her application process, the apartment complex procured a consumer report concerning Ms. Jackson from Defendant.

16.     The apartment complex was using the information in the consumer report to evaluate Ms. Jackson for housing.

17.     Soon after obtaining Ms. Jackson's consumer report from Defendant, a representative from the apartment complex told Ms. Jackson that the apartment complex could not rent to her because her consumer report showed that she had previous evictions.

18.     As just one example, Defendant reported that Ms. Jackson had an eviction in Dekalb County, Georgia.  The eviction that Defendant listed in Ms. Jackson's consumer report was for an individual named "Adam Jackson."  Not only does Adam Jackson not have the same name as Ms. Jackson, but he also appears to be a different sex from Ms. Jackson.  In addition, Ms. Jackson's middle initial is "M", and it appears that Defendant combined part of Ms. Jackson's first name and middle initial (J<u>ada M</u>) to match her to <u>Adam</u> Jackson's eviction record.

19.     Ms. Jackson informed the apartment complex's representative that the eviction information was incorrect and she had never been evicted.

20.     The representative told Ms. Jackson that she could not change the decision because Defendant's consumer report showed that she had been evicted.

21. On February 21st, Ms. Jackson called Defendant and disputed the inaccurate eviction information for the <u>first</u> time.

22. Defendant's representative told Ms. Jackson that she could not complete the dispute, and instead she emailed Ms. Jackson a form to request Ms. Jackson's full consumer report.

23. Ms. Jackson was aggravated by this response and felt as if Defendant's representative was ignoring her.

24. Thus, on February 22nd, Ms. Jackson emailed Defendant a <u>second</u> dispute:

> My name is Jada Jackson and I am writing to dispute the eviction information in the tenant screening report you provided about me. You reported that I have several evictions, but none of them belong to me and at least one belongs to someone with a completely different name from mine. You are causing my apartment application to be denied because you are reporting this inaccurate information. Please correct this immediately and send me the corrected report.

25. To this day, Defendant has not responded to Ms. Jackson's second dispute.

26. Still with no response, Ms. Jackson emailed Defendant again on March 20th with a <u>third</u> dispute:

> I am writing to dispute information in a report you prepared on me. My name is Jada Jackson and my dob is XX/XX/XXXX and the last four of my

> social security number are 9891. You reported that I have one or more evictions on my record. This is false. I have never been evicted. Please remove this information from my report and send me a corrected report. Thank you.

27. Again, Defendant failed to reinvestigate. Instead, Defendant responded to Ms. Jackson's third dispute on March 21st:

> Hello Jada. As previously sent to you in text and your applications message thread. If you feel there are discrepancies, please contact the property associated and or the court where the case was filed. If you have not done so already, you can obtain a copy of your screening report by emailing apps@approveshield.com requesting a file disclosure form, for your review and reference. Thank you

## FIRST CLAIM

## (15 U.S.C. § 1681e(b))

28. Plaintiff realleges Paragraph Nos. 1-27 as if fully set forth herein.

29. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Ms. Jackson.

30. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain

language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

31. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

32. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Ms. Jackson of her rights under the FCRA.

33. Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant was negligent, entitling Ms. Jackson to recover under 15 U.S.C. § 1681o.

34. As a result of this conduct by Defendant, Ms. Jackson suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of housing, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

35. Additionally, Ms. Jackson is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

**SECOND CLAIM FOR RELIEF**

**(15 U.S.C. § 1681i)**

36. Plaintiff realleges Paragraph Nos. 1-27 as if fully set forth herein.

37. The FCRA requires CRAs to "conduct a reasonable reinvestigation" to reinvestigate the accuracy and completeness of information disputed by consumers. 15 U.S.C. § 1681i(a).

38. CRAs must complete their reinvestigation within 30 days from the date they receive a consumer's dispute, and must notify the consumer of the results of the reinvestigation within five business days of the completion of its reinvestigation. 15 U.S.C. § 1681i(a)(6). This notice must include:

- A statement that the reinvestigation is completed;
- A consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;
- a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;

- a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and
- a notice that the consumer has the right to request under 15 U.S.C. § 1681i(d) that the consumer reporting agency furnish notifications under that subsection.

39. Defendant willfully violated Section 1681i(a) of the FCRA when it failed to conduct any reinvestigation of any of Plaintiff's three disputes.

40. Defendant willfully violated Section 1681i(a) of the FCRA by failing to provide Plaintiff with the notices required under Section 1681i(a)(6).

41. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

42. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

43. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

44. Defendant's violation of 15 U.S.C. § 1681k was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

45. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of housing, damage to reputation, embarrassment, humiliation and other emotional and mental distress, and denial of statutorily required information.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a. That judgment be entered for Plaintiff against Defendant for actual and/or statutory damages punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o

  b.  That the Court grant such other and further relief against Defendant as may be just and proper, including but not limited to any equitable relief that may be permitted.

## **DEMAND FOR JURY TRIAL**

**PLAINTIFF hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: March 27, 2023

            By: /s/ Andrew L. Weiner
              Andrew L. Weiner
              Georgia Bar No. 808278
              Jeffrey B. Sand
              Georgia Bar No. 181568
              WEINER & SAND LLC
              800 Battery Avenue SE
              Suite 100
              Atlanta, GA  30339
              (404) 205-5029 (Tel.)
              (404) 254-0842 (Tel.)
              (866) 800-1482 (Fax)
              aw@wsjustice.com
              js@wsjustice.com

              COUNSEL FOR PLAINTIFF