## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DAVID J. RESOS, | : |
| | : CIVIL ACTION NO. _____ |
| Plaintiff, | : |
| | : **JURY TRIAL DEMANDED** |
| v. | : |
| | : |
| COLLECTION SERVICES | : |
| OF ATHENS, INC., | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, David J. Resos ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant Collection Services of Athens, Inc. ("Defendant"), as follows:

## INTRODUCTION

1. This is an action seeking redress for Defendant's violations of both the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA").

2. Defendant, a debt collector, attempted to collect a medical debt from Plaintiff that Plaintiff did not owe.

3. Defendant also reported the subject debt to Equifax, one of the national credit bureaus, to be included on Plaintiff's credit file. When Plaintiff disputed the accuracy of the debt, Defendant failed conduct a reasonable investigation and continues to report the inaccurate debt to Equifax.

## PARTIES, JURISDICTION, AND VENUE

4. At all times material to this action, Plaintiff, a natural person, was a resident of Gwinnett County, Georgia. Plaintiff is a "consumer" under the FDCPA and FCRA.

5. At all times material to this action, Defendant was a Georgia corporation that collects on consumer debts from consumers in Gwinnett County. Defendant is a "debt collector" under the FDCPA. Defendant is a "furnisher" of information as that term is used in the FCRA.

6. Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: Adam M. Cain, 287 Prince Ave., Suite 24, Athens, GA 30601.

7. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

8. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) as Defendant conducts business in this District and Division and a

substantial portion of events or omissions giving rise to the claims occurred in this District and Division.

9. Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

10. In January 2020, Plaintiff sought medical treatment to test for a possible cancer diagnosis.

11. One of the medical providers that purportedly provided medical services was Gwinnett Pathology Associates, P.C. ("GPA").

12. GPA purportedly recorded charges it claimed to be in the amount of $769.00.

13. Plaintiff received no direct communication from GPA concerning these charges or services. He did not receive a bill from GPA for the charges or services.

14. In July 2020, without any prior notice from GPA that he was about to be turned over to a debt collector, Defendant contacted Plaintiff to demand payment for the $769.00 charge from GPA (the "Inaccurate Debt").

15. In response, Plaintiff sent a letter to GPA contesting the Inaccurate Debt because it had apparently not been submitted to Plaintiff's insurance company.

16. GPA did not respond to Plaintiff's letter.

17. Plaintiff also contested the debt with Defendant. In response, Defendant sent Plaintiff a letter dated July 6, 2020 advising that it had confirmed the debt with GPA and enclosing a summary of the charges on the account.

18. GPA apparently then submitted the charges to Plaintiff's health insurance carrier for payment.

19. On or about August 20, 2020, Plaintiff received a document from his health insurance company titled "Member Explanation of Benefits" ("MEB") reporting that the GPA charges were denied for payment because they were not submitted [by GPA] "within the required timeframe." A copy of the MEB, with confidential information redated, is attached hereto as Exhibit A.

20. GPA's failure to timely submit its charges for payment to Plaintiff's health insurance carrier voided any obligation Plaintiff might have to pay them under the terms of his insurance coverage.

21. Notwithstanding this fact, GPA did not withdraw the Inaccurate Debt from Defendant.

22. In February 2023, Plaintiff learned that Defendant was reporting the Inaccurate Debt to Equifax and that the Inaccurate Debt was included in his Equifax credit file.

23. Defendant's report of the Inaccurate Debt to Equifax was made on or about January 1, 2023. Attached hereto as Exhibit B is a copy of the credit reporting entry.

24. Plaintiff thereafter sent Equifax a dispute letter, dated February 15, 2023, wherein he disputed the accuracy of the Inaccurate Debt being reported by Defendant (the "FCRA Dispute"). Plaintiff enclosed a copy of the MEB with his FCRA Dispute.

25. Upon information and belief, Equifax forwarded Plaintiff's FCRA Dispute to Defendant and Defendant received it.

26. Upon information and belief, Defendant undertook an investigation of Plaintiff's FCRA Dispute and reported the results thereof back to Equifax.

27. Plaintiff thereafter received a letter from Equifax dated February 27, 2023 advising him, in part, that "This creditor [Defendant] has verified to our company that the current status is being reported correctly. This creditor [Defendant] has verified to our company that the prior paying history is being reported correctly." A copy of the page of Equifax's letter containing this response, and with personal information redacted, is attached hereto as Exhibit C.

28. Defendant's verification to Equifax that the Inaccurate Debt was being reported by Defendant correctly was false because Plaintiff did not owe the Inaccurate Debt.

29. As a result of Defendant's attempts to collect the Inaccurate Debt, including by reporting it to Equifax, Plaintiff has suffered concrete harm under the FDCPA and the FCRA.

30. As a result of Defendant's wrongful conduct set forth above, Plaintiff has suffered emotional distress arising from having an inaccurate debt on his credit report and worrying that it would negatively impact his credit reputation and credit score; reputational harm by Defendant representing to Equifax that Plaintiff was a deadbeat who did not pay his medical bill; embarrassment by Defendant reporting to Equifax that Plaintiff had not paid the Inaccurate Debt; spent time, expense, and effort to have the Inaccurate Debt removed from his Equifax credit file. Plaintiff has also had to retain counsel to protect his rights.

## COUNT ONE:

### Defendant's Violation of the FDCPA

31. Defendant, a debt collector under the FDCPA, sought to collect a consumer debt from Plaintiff, a consumer under the FDCPA.

32. Defendant is obligated to comply with the FDCPA.

33. The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" including "the false representation of - (A) the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(A)(2).

34. Stating that a debt is owed, when it is not, violates 15 U.S.C. § 1692e(A)(2).

35. Defendant violated 15 U.S.C. § 1692e(A)(2) by attempting to collect the Inaccurate Debt from Plaintiff, including by reporting it to Equifax within one year of the filing of this Complaint, when Plaintiff did not owe the Inaccurate Debt.

36. Pursuant to 15 U.S.C. § 1692k of the FDCPA, Defendant is liable to Plaintiff for his actual damages as well as such additional damages as the Court may allow up to $1,000, plus his reasonable attorney's fees and costs.

## COUNT TWO:

### Defendant's Violation of the FCRA

37. Defendant negligently, or in the alternative recklessly and/or willfully, violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of the FCRA Dispute.

38. As a result, Plaintiff has suffered and is entitled to recover actual damages as alleged in Paragraph 30 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

39. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681s-2(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

40. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681s-2(b), Plaintiff is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

41. Plaintiff is also entitled to recover his costs of this action and reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Plaintiff requests the following relief:

1. That he have a jury trial on his claims herein;
2. an award of actual damages;
3. an award of statutory damages;
4. an award of punitive damages;
5. an award of his costs and reasonable attorney's fees; and,
6. all other relief the Court deems just and proper.

This 27th day of March, 2023.

**LOVE CONSUMER LAW**

*/s/ John A. Love*
John A. Love
Ga Bar No. 459155

2500 Northwinds Parkway
Suite 330
Alpharetta, GA 30009
(tel.) 404.855.3600
(fax) 404.301.2300
tlove@loveconsumerlaw.com