# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Emily Hosterman, | : Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Harris & Harris, Ltd., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Emily Hosterman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Emily Hosterman ("Plaintiff"), is an adult individual residing in Atlanta, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Harris & Harris, Ltd. ("Harris"), is an Illinois business entity with an address of 111 W. Jackson Boulevard, Suite 400, Chicago, Illinois 60604, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Harris for collection, or Harris was employed by the Creditor to collect the Debt.

9. Harris attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Harris Engages in Harassment and Abusive Tactics

10. In or around November 2022, Harris contacted Plaintiff in an attempt to collect the Debt.

11. On or about November 21, 2022, Plaintiff logged into her online account with the Creditor and paid the Debt in full.

12. On or about November 29, 2022, Harris called Plaintiff in an attempt to collect the Debt.

13. Plaintiff informed Harris she already paid the Debt in full directly to the Creditor and asked Harris if it wanted Plaintiff to provide it with confirmation showing the Debt was paid.

14. Harris assured Plaintiff there was nothing else she needed to do and that it did not need Plaintiff to provide it with payment confirmation.

15. In January 2023, despite knowing that the Debt had already been paid in full to the Creditor, Harris mailed Plaintiff a letter in an attempt to collect the Debt.

16. During a conversation Plaintiff had with Harris on or about January 18, 2023, Harris informed Plaintiff that as of January 9, 2023, the Debt was still showing as past due.

17. Thereafter Plaintiff called the Creditor and confirmed that the Debt had already been paid and Plaintiff did not owe any additional money.

18. Harris' actions of continuing to attempt to collect a Debt that was paid caused Plaintiff a great deal of confusion, frustration and distress.

C. **Plaintiff Suffered Actual Damages**

19. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

20. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement creating the Debt.

28. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT,

## O.C.G.A. § 10-1-390, *et seq.*

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

32. The Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

33. The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

34. The Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

35. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendant;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendant;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

6. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendant; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 27, 2023

        Respectfully submitted,

        By: /s/ Sergei Lemberg, Esq.
        Attorney Bar No.: 598666
        Attorney for Plaintiff Emily Hosterman
        LEMBERG LAW, L.L.C.
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250 ext. 5500
        Facsimile:   (203) 653-3424
        Email: slemberg@lemberglaw.com