UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
CO. AS SUBROGEE OF
FARHEEN MINKKINEN,

    PLAINTIFF,

V.                                              CIVIL ACTION NO:

UNITED STATES OF AMERICA,

    DEFENDANTS.

### PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what defendant did or failed to do, and a statement of the legal issues in this case.
Violation of the Federal Tort Claims Act, 28 U.S.C. §2671 et, seq.
Zachary W. Bulliner, was operating a vehicle owned by the United States Secret Service in the course and scope of his employment with the United States Secret Service, on I 75 Reversible Toll Lanes .6 miles south of Terrell Mill Road in Coob County Georgia when he/she followed too closely and struck the rear of the Plaintiff's insured vehicle. The legal issues are as follows: Negligence, Proximate Cause and Damages.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.
Plaintiff contends that Zachary W. Bulliner violated several Uniform Rules of the Road including, but not limited to, O.C.G.A. §40-6-49 (following too closely); O.C.G.A. §40-6-180 (too fast for conditions) Plaintiff also contends that Zachary W. Bulliner failed to Exercise Ordinary Diligence (O.C.G.A. §51-1-2); failed to

exercise due care (O.C.G.A. §40-6-241) ; Distracted Driving (O.C.G.A. 50-6-241) and failed to maintain a proper lookout.)

    (3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)

    (4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

    (5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

    (6) In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P.34 (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Plaintiff seeks to recover for the property damage to the insured vehicle.  The damages are computed as follows:

| | |
|---|---|
| ACV: | $6,459.51 |
| Salvage Rec.: | 1,500.00 |
| Difference: | 4,959.51 |
| Other: | 152.50 |
| **TOTAL:** | **$5,112.01** |

    (7) Attach for inspection and copying as under Fed.R.Civ.P.34 any

insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

<u>Plaintiff is an insurance company and has made payments to its insured for the property damage to the insured vehicle. Plaintiff, as subrogee of Farheen Minkkinen, seeks to recover these payments from the United States of America. Attached is a copy of the automobile insurance policy issued by the Plaintiff to its insured, Farheen Minkkinen and pursuant to which the payments were made.</u>

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiffs cause of action and state the basis and extent of such interest.

<u>Plaintiff is an insurance company and has made payments to its insured for the property damage to the insured vehicle. Plaintiff, as subrogee of Farheen Minkkinen, seeks to recover these payments from the United States of America. Attached is a copy of the automobile insurance policy issued by the Plaintiff to its insured, Farheen Minkkinen and pursuant to which the payments were made.</u>

BOUTWELL & ASSOCIATES, LLC
Attorney for Plaintiff:

/s/ Keshia Townsend
Candace M. Boutwell
State Bar No. 254154
cboutwell@subrofirm.com
Keshia N. Townsend
State Bar No. 556068
k.townsend@subrofirm.com

2280 Satellite Blvd, Bldg. B
Duluth GA 30097
Phone: (678) 985-0800
Fax: (678) 985-0903