IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANDRA MATERANO, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> THE MORTGAGE FIRM, INC., ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Civil Action No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Sandra Materano ("Plaintiff") and files this Complaint against Defendant The Mortgage Firm, Inc. ("Defendant"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime

wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant does business in this district and is subject to specific jurisdiction over the claims asserted herein. Venue in this Court is proper pursuant to 28 U.S.C. §1367. Defendant may be served through its registered agent, Incorp Services, Inc., 9040 Roswell Rd., Suite 500, Atlanta, Georgia 30350.

## III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from, on or about February 16, 2021 to January 17, 2023.

7.

{}                                                                  2

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA.

8.

Throughout Plaintiff's employment, Plaintiff was paid on an hourly basis as a non-exempt employee entitled to overtime compensation.

9.

Defendant is an "employer" as that term has been defined by the FLSA.

10.

Throughout her employment, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours worked over 40 in workweeks that she worked off the clock with the employer's actual or constructive knowledge.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation. From the outset

of her employment, Ms. Materano began receiving instructions from her supervisors to not record overtime hours. Over the course of her employment, Ms. Materano had repeated direct conversations with both Sandra Kourakis and Xiomara Abadias about the fact Materano was being required to work way beyond 40 hours each week and that she was not getting paid for it.

13.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

14.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## Count I

### Violations of the Fair Labor Standards Act.

15.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

16.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

17.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

18.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

19.

Defendant's violations of the FLSA were willful, thus entitling Plaintiff to a three year statute of limitations for her claims.

### IV.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages

pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA;

(C) Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 27th day of March, 2023.

                                        **BARRETT & FARAHANY**

                                        s/V. Severin Roberts, Esq.
                                        V. Severin Roberts, Esq.
                                        Georgia Bar No. 940504

Barrett & Farahany, LLC
P.O. Box 530092
Atlanta, Georgia 30353