## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CWS Apartment Homes LLC and Pocamo, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>Ariston MF Owner, LLC<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. _____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff CWS Apartment Homes ("CWS") and Plaintiff Pocamo, LLC ("Pocamo") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby bring this action against Defendant Ariston MF Owner, LLC ("Ariston" or "Defendant"), and allege as follows:

## PARTIES

1. CWS is a Delaware limited liability company with its principal place of business located at 14 Corporate Plaza Drive, Suite 210, Newport Beach, California 92660.  CWS' members are residents of Texas and California.

2. Pocamo is a California limited liability company with its principal place of business located at 14461 Taft Highway, Bakersfield, California 93311. Pocamo's members are residents of California.

93386582v.8

3. Ariston is a limited liability company registered in the state of Georgia. Ariston's principal place of business is 1790 Mall of Georgia Boulevard, Buford, Gwinnett County, Georgia, 30519. Upon information and belief, none of Ariston's members are residents of Texas or California. Ariston can be served through its registered agent, HSW Registered Agent, LLC, located at 400 Interstate North Parkway SE, Suite 600, Atlanta, Georgia 30339.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper under 28 U.S.C. § 1332. The parties are citizens of two different states and the amount in controversy is over $75,000.00.

5. The Court has personal jurisdiction over Defendant because it transacts business in Georgia and Plaintiffs' claims arise directly out of that business.

6. Venue of this Court is proper under 28 U.S.C. § 1391(b)(2) because the property being purchased within the contract at issue is located in Georgia. Both parties have availed themselves of the laws and protection of the State of Georgia.

7. This Court has the authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

93386582v.8

## FACTUAL ALLEGATIONS

8. On or about December 22, 2022, CWS and Defendant entered into a Purchase and Sale Agreement, as amended by that certain First Amendment to Purchase and Sale Agreement dated January 12, 2023 (as amended, the "Agreement") for the purchase and sale of that certain multi-family property located at 2620 Mall of Georgia Boulevard, Buford, Georgia ("Property"). A copy of the Agreement is attached hereto as <u>Exhibit A</u>.

9. Pursuant to the Agreement, CWS is to purchase the Property from Defendant.

10. The purchase price of the Property is $75,500,000.00.

11. CWS has partially assigned a portion of its interest in and to the Agreement to Pocamo pursuant to the terms of that certain Partial Assignment and Assumption of Agreement of Sale and Purchase with an effective date of January 11, 2023 (the "Assignment"). A copy of the Assignment is attached hereto as <u>Exhibit B</u>.

12. Pursuant to the Agreement, the closing date for the closing on the purchase and sale of the Property is fifteen days after CWS' receipt of the "Assumption Approval," but in no event later than April 30, 2023 (the "Closing Date"). *See* Agreement at Paragraph 1.1(k).

13. As required by the Agreement, Purchaser timely deposited in escrow with the escrow agent the initial earnest money deposit and the additional earnest money deposit in the aggregate amount of $1,500,000.00 (the "Earnest Money").

14. The transaction contemplated under the Agreement is part of a 1031 exchange, and the failure to close on the Agreement will result in damages to Plaintiffs that will exceed more than an $1,000,000.00.

15. Pursuant to Paragraph 11.1 of the Agreement, CWS has, through the Assignment, partially assigned to Pocamo a portion of CWS' interest in and to the Agreement, and upon the closing of the sale contemplated in the Agreement, Pocamo will acquire a tenant-in-common interest in the Property.

16. On or about March 16, 2023, Defendant advised CWS that it will not close on the Agreement, and Defendant further informed CWS that it intends to retain the Property to alleviate a parking use at an adjacent retail property.

17. Concerned by Defendant's statement that it would not close on the Agreement, on March 20, 2023, CWS's counsel issued a letter to Defendant requesting that it confirm, within three business days, its obligations to close on the Agreement. CWS' counsel further advised Defendant that if Defendant failed to affirm its obligation to timely close on the Agreement, CWS would consider Defendant's statement to be an anticipatory breach of the Agreement. A true and correct copy of the March 20, 2023 letter is attached hereto as <u>Exhibit C</u>.

93386582v.8

18. Defendant did not respond to the March 20, 2023 letter. Rather, on March 21, 2023, Defendant sent an email to CWS confirming that it will not be closing on the Agreement, by stating "you can go ahead and plan on not closing on my property."

19. In response to Defendant's March 21, 2023 email, CWS' counsel issued another letter to Defendant that same day. This notice of default letter informed Defendant that, due to its statements that it would not close on the Agreement, Defendant has anticipatorily breached the Agreement and was in default of the Agreement. The letter also gave Defendant three business days to cure its default, as provided by Paragraph 9.3 of the Agreement.  A true and correct copy of the March 21, 2023 letter is attached hereto as Exhibit D.

20. Defendant did not cure its default and has not withdrawn its statement that it will not close on the Property.

21. Under Paragraph 9.2 of the Agreement, if Defendant defaults under the Agreement, CWS and Pocamo, both of whom are the "Purchaser" under the Agreement by virtue of the Assignment, may select one of two remedies. Purchaser may elect (a) to terminate the Agreement, in which event Purchaser shall be entitled to the return of the Earnest Money and Purchaser shall have the right to recover from Seller its reasonable out-of-pocket costs and expenses incurred in connection with the transaction contemplated by the Agreement provided that such

93386582v.8

out-of-pocket costs and expenses which may in such event be recovered from Defendant shall not exceed, in the aggregate, $250,000.00, and shall be based upon, and subject to the delivery of, written documentation of such costs and expenses reasonably acceptable to Defendant, OR (b) to bring a suit for specific performance.

22. To date, Purchaser has paid $1,500,000.00 in Earnest Money and has incurred approximately $135,000.00 in out-of-pocket costs and expenses.

23. The failure to close on the Agreement will result in damages to Purchaser that exceed $1,000.000.00.

24. CWS has also now already incurred more than $15,000.00 for attorney's fees in connection with Defendant's default.

25. Section 13-1-11 of the Official Code of Georgia recognizes the validity of attorney's fees clauses in any note. Ga. Code Ann. § 13-1-11. The Agreement allows the collection of attorney's fees by the prevailing party for "all reasonable fees, costs, charges and expenses, including reasonable attorneys' fees, expended or incurred." *See* Agreement at Paragraph 11.9.

## CAUSES OF ACTION

### COUNT ONE
### ANTICIPATORY BREACH

26. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

93386582v.8

27. Pursuant to the Agreement, Defendant was to sell the Property to Purchaser by the Closing Date.

28. On March 21, 2023, Defendant confirmed its previous statements, and Defendant affirmed to CWS that it will not close on the Property.

29. Defendant's notice to CWS of its refusal to close is an anticipatory breach of the Agreement.

30. By Defendant anticipatorily breaching the Agreement, especially right before the Closing Date, Plaintiffs will suffer significant financial losses.

31. Defendant is liable to Plaintiffs for all damages stemming from Defendant's willful and intentional breach of the Agreement.

## COUNT TWO
## BREACH OF CONTRACT

32. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

33. Pursuant to the Agreement, Defendant is contractually obligated to sell Purchaser the Property by the Closing Date.

34. On March 21, 2023, Defendant notified CWS that it would not close on the Property. Defendant anticipatorily breached the Agreement by stating that it will not fulfill its obligations under the Agreement and sell Purchaser the Property.

35. Defendant's anticipatory breach is a material breach of the Agreement.

36. Plaintiffs will suffer significant financial loss, including attorney's fees, by Defendant's material breach of the Agreement in excess of $75,000.00.

37. Defendant is liable to Plaintiffs for all damages stemming from Defendant's willful and intentional breach of the Agreement. Defendant's willful and wanton conduct of intentionally and willfully breaching the Agreement terminates the Agreement's clause denying recovery of consequential damages.

## COUNT THREE
## DECLARATORY JUDGMENT

38. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

39. An actual and present controversy between the parties has arisen concerning the Defendant's anticipatory breach of the Agreement by refusing to close on it and fulfill its final obligations under the Agreement, and declaratory relief is appropriate.

40. Through Defendant's multiple statements that it does not intend to close on the Agreement, Defendant has anticipatorily breached the Agreement.

41. The Agreement provides the option for Purchaser to bring suit for specific performance against the Seller if the Seller defaults under the Agreement.

42. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and Paragraph 9.2 of the Agreement, Purchaser requests that an entry of a declaratory

93386582v.8

judgment be entered requiring Defendant to specifically perform the closing of the sale of the Property in accordance with the terms in the Agreement.

## COUNT FOUR
## ATTORNEY'S FEES

43. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

44. Paragraph 11.9 of the Agreement allows the collection of attorney's fees by the prevailing party for "all reasonable fees, costs, charges and expenses, including reasonable attorneys' fees, expended or incurred."

45. Defendant is liable for all attorney's fees that Purchaser incurs in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter the following:

A. Enter a declaratory judgment of specific performance against the Defendant; and

B. A judgment in Plaintiffs' favor for any and all damages for the costs, expenses, and losses, including attorney's fees, Plaintiffs incurred or will incur due to Defendant's breach of the Agreement; and

C. A judgment in Plaintiffs' favor for all reasonable attorney's fees and costs associated with this suit to Plaintiffs; and

D. That the Court grant such other and further relief as may be proper.

93386582v.8

Respectfully submitted this 27th day of March, 2023.

                                          Respectfully submitted,

                                          SEYFARTH SHAW LLP

By:   */s/ Rebecca A. Davis*
        Rebecca A. Davis, Bar No. 23183
        rdavis@seyfarth.com
        1075 Peachtree Street NE, Suite 2500
        Atlanta, Georgia 30309
        Telephone: (404) 885-1500
        Facsimile: (404) 892-7056

        *Counsel for Plaintiff CWS Apartment Homes LLC*

93386582v.8