IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NATIONAL AIR CARGO GROUP, INC. d/b/a NATIONAL AIRLINES, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION |
| Vs. | ) ) | FILE NO. |
| UPS WORLDWIDE FORWARDING, INC., | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff National Air Cargo Group, Inc. d/b/a National Airlines files this its Complaint against Defendant UPS Worldwide Forwarding, Inc., showing the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages between citizens of different states in which the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest, costs, and attorney's fees.

2. National Airlines is a Florida Corporation with its principal place of business in Orlando, Florida.

3. UPS Worldwide is a Delaware corporation with its principal place of business located at 55 Glenlake Parkway, N.E., Atlanta, Georgia 30328.

4. A true and correct copy of UPS Worldwide's online corporate registration information from the Kentucky Secretary of State's website is attached hereto as Exhibit "A."

5. UPS Worldwide's President, Carol B. Tome (also Chief Executive Officer of United Parcel Service, Inc.), Secretary, Norman M. Brothers, Jr. (also Secretary of United Parcel Service, Inc.) and Treasurer, Brian O. Newman (also Chief Financial Officer of United Parcel Service, Inc.), are located at UPS world headquarters, 55 Glenlake Parkway, N.E., Atlanta, Georgia 30328.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391.

8. All conditions precedent to the filing of this action have been satisfied or are waived.

## COUNT I – BREACH OF CONTRACT

9. National Airlines realleges and incorporates by reference the allegations in paragraphs 1 through 8 above as fully set forth herein.

10. National Airlines is a premier air cargo supplier in the United States.

11. UPS Worldwide is a world-wide organization which operates in two hundred twenty countries providing end user shipping services to millions of customers throughout the world.

12. On May 7, 2015, UPS Worldwide contracted with National Airlines to provide air cargo services from time to time.

13. A true and correct copy of the Cargo Aircraft Charter Agreement between UPS Worldwide and National Airlines is attached hereto as Exhibit "B".

14. Pursuant to Section 1.03(i), Attachment II governs the conduct between the parties such that the parties agreed that "in recognition that TIME IS OF THE ESSENCE in the performance of services contemplated herein, UPS and Airline agree, if Airline fails to fulfill its contract obligations or interrupts service, the guarantee may be reduced as outlined in Attachment II."

15. On August 23, 2021, the parties amended the Agreement through an Attachment II, which has an effective date of August 17, 2021.

16. A true and correct copy of Attachment II is attached hereto as Exhibit "C."

17. The term of the Agreement was amended in Sections A and B of Attachment II.  Section B states as follows:

B. **Scheduled Aircraft**

The Aircraft to be chartered by Airline to UPS during the term of this Attachment II are as set forth in the chart below.

| Aircraft Number | Contracted Days | Aircraft Type | Aircraft to be in Service for UPS (Z Date) | Daily Prorated Hours | Guaranteed Aircraft Hours |
|---|---|---|---|---|---|
| 1 | 26 | 747-400F | November 29 to December 24 | 14 | 364 |
| 2 | 26 | 747-400F | November 29 to December 24 | 17 | 442 |
| | | | Total Guarantee Hours | | 806 |

18. National Airlines did not guarantee any specific planes by any demarcation to complete the services requested by UPS Worldwide pursuant to the Agreement, as amended by Attachment II.

19. Pursuant to Section C of Attachment II, UPS Worldwide guaranteed payment as follows:

C. **Rates**

The rates and guarantees for each Aircraft are specified in the table below:

| Aircraft Number | Guaranteed Aircraft Hours | Rate per Block Hour | Block Hour Rate for Excess Hours over Fleet Total | Total Min. Guarantee for the Specified Period |
|---|---|---|---|---|
| 1 | 364 | $24,500 | $24,500 | $8,918,000 |
| 2 | 442 | $35,000 | $35,000 | $15,470,000 |
| | | | Total Fleet Guarantee | $24,388,000 |

4

20. With one plane, National Airlines provided 364 block hours at the rate of $24,500/block hour between November 29, 2021 and December 24, 2021 for UPS Worldwide for a total of $9,475,375.00, including federal excise tax of 6.5%.

21. National Airlines provided 85 hours with a second plane at the rate of $35,000/block hour between November 29, 2021 and December 3, 2021 for UPS Worldwide for a total of $3,160,937.50.

22. Due to circumstances beyond National Airline's control, it was unable to fly the guaranteed number of hours for UPS Worldwide.

23. On January 3, 2022, pursuant to the terms of the contract, National Airlines submitted invoices UPS ACMI N702 and UPS ACMI N936, which were due and payable on February 2, 2022

24. True and correct copies of these invoices are attached hereto as Exhibit "D" and "E," respectively.

25. Pursuant to the request of UPS Worldwide, National Airlines issued credit memos adjusting UPS ACMI N702 down by $60,515.00 and UPS ACMI N936 down by $725,200.

26. True and correct copies of these credit memos are attached hereto as Exhibits "F" and "G," respectively.

27. Pursuant to Section F of Attachment II, UPS Worldwide was required to pay all undisputed amounts no later than thirty (30) calendar days after the receipt of an invoice and adequate documentation from National Airlines.

28. UPS Worldwide does not dispute the number of hours flown by National Airlines for UPS Worldwide or the rates charged for those hours.

29. UPS Worldwide failed to pay any amount to National Airlines within thirty (30) calendar days of the receipt of the invoices and adequate documentation from National Airlines.

30. To date, UPS has failed to pay any amount due under the invoices.

31. UPS Worldwide breached the Agreement and Attachment II.

32. UPS Worldwide's sole remedies in the event National Airlines failed to perform are identified in Amendment II, Section D which allowed UPS Worldwide to 1) cancel the Agreement 2) reduce the Total Fleet Guarantee by a pro rata amount for the absence of an Aircraft for an entire day(s) or 3) reduce the amount of Total Fleet Guarantee by the pro rata amount attributable to the delay.

33. UPS Worldwide did not cancel the Agreement at any time.

34. Due to UPS Worldwide's breach of the Agreement by failing and refusing to pay the invoices as and when due, National Airlines has suffered

damages in the amount of $11,850,597.50 plus interest from February 3, 2022, at the rate of 1.5% per month.

WHEREFORE, Plaintiff National Air Cargo Group, Inc. d/b/a National Airlines respectfully prays for the following relief:

1. That it be awarded damages in the amount of $11,850,597.50, plus interest from February 2, 2022 at the rate of 1.5% per month, plus post-judgment interest;

2. That it be awarded its costs and expenses for having to pursue this action; and

3. For such other and further relief that this Court deems just and proper.

Respectfully submitted, this 27th day of March, 2023.

                                              FELLOWS LaBRIOLA LLP

                                              /s/Steven M. Kushner
                                              Steven M. Kushner
                                              Georgia Bar No. 430510
                                              Maxwell R. Jones
                                              Georgia Bar No. 451289

Suite 2400 Harris Tower
233 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 586-9200

Maury L. Udell
Beighley, Myrick, Udell & Lynne, PA
2601 S. Bayshore Drive
Suite 770

Miami, FL 33133
(305) 349-3930
mudell@bmulaw.com

                                          Attorneys for Plaintiff National Air Cargo Group, Inc. d/b/a National Airlines