# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MELISSA JOHNSON,** ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION FILE NO.** |
| ) | _____ |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **PRIME COMMS RETAIL, LLC,** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Melissa Johnson and files this Complaint against Defendant Prime Comms Retail, LLC ("Defendant or "PCR") for damages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and for breach of contract under Georgia law.

## THE PARTIES

### 1.

PCR is a foreign for-profit corporation doing business in the Northern District of Georgia. It is a wireless retail business that is authorized to retail AT&T products at over 2,000 locations across the United States. Defendant is engaged in interstate commerce and upon information and belief, has annual sales made or business done in excess of $500,000. At all relevant times, Defendant is, and has been an employer engaged in interstate commerce

within the meaning of the FLSA, 29 U.S.C. § 203(d).  Moreover, Plaintiff Johnson was engaged in work constituting engagement in interstate commerce or work relating thereto.

**2.**

Plaintiff Johnson is a former employee of Defendant who worked at its Moultrie, GA, Thomasville, GA, and Cordele, GA locations.

## JURISDICTION AND VENUE

**3.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

**4.**

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial business in the Northern District of Georgia.

## STATEMENT OF FACTS

**Defendant's Failure to Compensate Plaintiff Johnson for Overtime Hours in Excess of 45 in Any Given Week**

**5.**

Plaintiff was an hourly employee employed in various roles for Defendant over the last three years, including as retail sales associates, assistant managers, and store managers.

**6.**

Plaintiff was compensated at various hourly rates throughout the relevant time period ranging from $12.00 per hour to $18.00 per hour.

**7.**

Defendant required Plaintiff to work hours in excess of 40 hours in certain workweeks. However, PCR management instructed Plaintiff that she was only permitted to clock five (5) hours of overtime per week. After the 45-hour mark, even if she had additional work to perform, she was to clock out and finish her remaining work off the clock.

**Defendant's Failure to Compensate Plaintiff Johnson for Overtime During Her Work on a Special Conversion Project**

**8.**

Beginning in June 2021, PCR assigned Plaintiff to work on a special project that involved converting roughly 100 employees of a local agricultural plant's company phones from Verizon to AT&T. In total, Plaintiff was assigned to this project for about four and a half months.

**9.**

During that period of time, Plaintiff worked hours in excess of 40 each week before and after her shifts and on her days off, while "off the clock".

**10.**

Plaintiff's managers were aware that she was working these extra hours off the clock.

**11.**

Because she was not compensated at all for these hours, she was not paid overtime for them.

### Defendant's Failure to Pay Plaintiff Her Final Commission Check, Which She Earned

**12.**

In addition to the biweekly paychecks she received for her salary, Plaintiff also received monthly paychecks for her commission earnings.

**13.**

At the time that Plaintiff resigned from PCR in September 2022, she had not received her commissions checks for the previous two months, despite having fully vested them.

**14.**

Plaintiff has requested that PCR remit these payments to her, but it has refused to do so.

## COUNT I
## FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

**15.**

Plaintiff incorporates by reference all previous Paragraphs of this Complaint as if fully set forth herein.

**16.**

The FLSA requires that employers shall not employ employees "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 USCS § 207(a)(1).

**17.**

Defendant is an employer under the FLSA.

**18.**

At times within three years of the filing of this Complaint, Defendant willfully refused to properly compensate Plaintiff Johnson for overtime hours that she worked.

**19.**

Defendants willfully engaged in a pattern of violating the FLSA within the meaning of 29 U.S.C. § 255.

**20.**

Plaintiff seeks back pay, liquidated damages, interest and attorneys' fees and costs incurred in connection with this claim.

## COUNT II
## PLAINTIFF JOHNSON'S GEORGIA STATE LAW BREACH OF CONTRACT CLAIM

**21.**

Plaintiff incorporates by reference all previous Paragraphs of this Complaint as if fully set forth herein.

**22.**

Plaintiff had a binding agreement with Defendant in which she would be paid sales commissions according to a pre-determined formula as well as an hourly rate for all hours worked.

**23.**

Defendant breached that agreement when it failed to pay Plaintiff the commissions that she had fully earned and vested for the months of July 2022 and August 2022 and failed to pay her for all hours worked.

**24.**

Plaintiff seeks the value of the delinquent commission payments, other back pay for hours worked, interest, and attorneys' fees and costs incurred in connection with this claim.

**WHEREFORE** Plaintiff requests judgment in her favor on each count in this Complaint and demands:

1. A Jury Trial;

2. Judgment in Plaintiff's favor and against Defendant under all claims in this Complaint;

3. An Order that Defendant make whole Plaintiff by providing her with the value of the vested commissions that she earned but which Defendant has failed to pay;

4. Statutory damages and penalties under the FLSA;

5. An award Plaintiff liquidated and punitive damages for Defendant's willful and intentional violations.

[*Signature on following page*]

This 27th day of March 2023.

*/s/ James M. McCabe*
James M. McCabe
Georgia Bar No. 724618
S. Graham White
Georgia Bar No. 535538
The McCabe Law Firm, LLC
3355 Lenox Road
Suite 750
Atlanta, GA  30326
Office: (404) 250-3233
Fax: (404) 400-1724
jim@mccabe-lawfirm.com

Attorneys for Plaintiff Melissa Johnson