# COMPOSITE EXHIBIT A



<div align="right">

**CT Corporation**
**Service of Process Notification**
02/24/2023
CT Log Number 543291066

</div>

## Service of Process Transmittal Summary

**TO:**   Lakesha Battle
Tmcc
6565 HEADQUARTERS DR W2-5A
PLANO, TX 75024-5965

**RE:**   **Process Served in Georgia**

**FOR:**   Toyota Motor Credit Corporation  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Milford Washington vs. UNITED TN HOLDINGS |
| **CASE #:** | 23CV2164 |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/24/2023 at 14:17 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/24/2023, Expected Purge Date: 03/01/2023 |
| | Image SOP |
| | Email Notification,  Lakesha Battle  lakesha.battle@toyota.com |
| | Email Notification,  Demetrius Oliver  demetrius.oliver@toyota.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 289 S. Culver St. |
| | Lawrenceville, GA 30046 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, Feb 24, 2023
**Server Name:**                             Drop Service

| Entity Served | TOYOTA MOTOR CREDIT CORPORATION |
|---------------|----------------------------------|
| Case Number   | 23-CV-2164                       |
| Jurisdiction  | GA                               |

| Inserts | | |
|---------|---|---|
| | | |



## SUPERIOR COURT OF DEKALB COUNTY, GEORGIA

Date Filed: February 14th 2023

Case No: 23-cv-2164

*Milford Washington,*

   *vs.*

*United TN Holdings, Inc. and Toyota*
*Motor Credit Corp., et.al.*
*(United) 2 Sun Court, Ste. 400, Peachtree Corners, GA. 30092;*
*(Toyota) 106 Colony Park Drive, Ste. 800-B, Cummings, GA. 30040*

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF FUTURE SERVICE

-------------------------------------------------------------------------------------

CT Corporation System
c/o Mark S. Templin, CEO;
TOYOTA MOTOR CREDIT CORPORATION
106 Colony Park Drive, Ste. 800-B
Cumming, GA. 30040

   A lawsuit has been commenced against you (or the entity on whose behalf you are addressed).
   **A copy of the complaint is attached to this notice.** The complaint has been filed in the Superior Court of DeKalb County for the State of Georgia in and for the County of DeKalb and has been assigned the case number set forth above.
   This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated (See attached sheet) that you sign and return the enclosed Waiver of Future Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.
   The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Future Service is sent.
   **YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER.**

If you comply with this request and return the signed Waiver of Future Service, the waiver will be filed with the court and no future summons will be served on you.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to ask the court to require you (or the party on whose behalf you are addressed) to pay the full cost of such service in the event I prevail in this case.

In that connection, please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

I stipulate that I agree to be bound by the provisions of O.C.G.A. 9-11-4.

1: Signed; TOYOTA MOTOR CREDIT CORPORATION:

_____

2: Dated: _____

2: Address to which a copy of the Waiver of Future Service should be returned to: 700 12TH ST SE #210, WASHINGTON, D.C. 20003

3: A copy of filed Complaint, including all Exhibits and Affidavits, are attached.

## O.C.G.A. 9-11-4
## NOTICE OF DUTY TO AVOID UNNECESSARY
## COSTS OF SERVICE OF SUMMONS

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

While the Civil Practice Act, including 9-11-4 does not specifically apply to Magistrate Court, there are mutual advantages to both the plaintiff and defendant in minimizing court costs, avoiding be served by a uniformed deputy and increasing the time to file an answer for the defendant.

FILED 2/14/2023 3:03 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

MILFORD WASHINGTON

Case No.:     23CV2164

**700 12TH ST SE #210**

**WASHINGTON DC 20003**

Plaintiff

VS

UNITED TN HOLDINGS, INC.

TOYOTA MOTOR CREDIT CORP., et al

Defendant

# SUMMONS

### TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file electronically with the Clerk of said court at https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

700 12ᵗʰ St SE #210, WASHINGTON, DC. 20003

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____14____ day of ____February____, 20__23__.

Honorable Debra DeBerry
Clerk of Superior Court

         /s/ Tara Jackson
By_____
         Deputy Clerk

<u>E-Filing and E-Service</u>

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule. All orders and notices from the Court will be electronically filed and served through eFileGA. The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes. To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED 2/14/2023 3:03 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

MILFORD WASHINGTON

Case No.: _____23CV2164_____

**700 12TH ST SE #210**

WASHINGTON DC 20003

<div align="center">Plaintiff</div>

<div align="center">VS</div>

UNITED TN HOLDINGS, INC.

TOYOTA MOTOR CREDIT CORP., et al

<div align="center">Defendant</div>

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

*700 12ᵗʰ St SE #210, WASHINGTON, DC. 20003*

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____14_____ day of _____February_____, 20___23___.

Honorable Debra DeBerry
Clerk of Superior Court

By_____/s/ Tara Jackson_____
Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule. All orders and notices from the Court will be electronically filed and served through eFileGA. The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes. To access eFileGA, please go to http://www.odysseyefileGA.com/

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

## SUPERIOR COURT OF DEKALB COUNTY, GEORGIA

Date Filed: February 14th 2023

Case No: 23-cv-2164

*Milford Washington,*

     *vs.*

*United TN Holdings, Inc. and Toyota*
*Motor Credit Corp., et.al.*
*(United) 2 Sun Court, Ste. 400, Peachtree Corners, GA. 30092;*
*(Toyota) 106 Colony Park Drive, Ste. 800-B, Cummings, GA. 30040*

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF FUTURE SERVICE

-------------------------------------------------------------------------------------

Corporation Service Company
c/o Robert Wilson, CEO; UNITED TN HOLDINGS
2 Sun Court, Ste. 400
Peachtree Corners, GA. 30092

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed).

     **A copy of the complaint is attached to this notice.** The complaint has been filed in the Superior Court of DeKalb County for the State of Georgia in and for the County of DeKalb and has been assigned the case number set forth above.

     This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated (See attached sheet) that you sign and return the enclosed Waiver of Future Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.

     The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Future Service is sent.

     **YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER.**

If you comply with this request and return the signed Waiver of Future Service, the waiver will be filed with the court and no future summons will be served on you.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to ask the court to require you (or the party on whose behalf you are addressed) to pay the full cost of such service in the event I prevail in this case.

In that connection, please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

I stipulate that I agree to be bound by the provisions of O.C.G.A. 9-11-4.

1: Signed; UNITED TN HOLDINGS:

_____

2: Dated: _____

2: Address to which a copy of the Waiver of Future Service should be returned to: 700 12TH ST SE #210, WASHINGTON, D.C. 20003

3: A copy of filed Complaint, including all Exhibits and Affidavits, are attached.

## O.C.G.A. 9-11-4
## NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

While the Civil Practice Act, including 9-11-4 does not specifically apply to Magistrate Court, there are mutual advantages to both the plaintiff and defendant in minimizing court costs, avoiding be served by a uniformed deputy and increasing the time to file an answer for the defendant.

1  FILED 2/14/2023 3:03 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA
2
3  **IN THE SUPERIOR COURT OF DEKALB COUNTY**
4  **STATE OF GEORGIA**
5
6  MILFORD WASHINGTON, Pro Se          |
7  *Plaintiff,*          |
8  v.          | CIVIL ACTION CASE NO:
   23CV2164
9  UNITED TN HOLDINGS,          | _____
10 INC., and TOYOTA MOTOR CREDIT          | **BENCH TRIAL REQUESTED**
11 CORPORATION, *et. al.*          | **AA ORDER: 23AP1042**
12          *Defendant(s).*          |
13 _____          |

14 <u>**PLAINTIFF'S TORT COMPLAINT FOR FRAUD AND DECEIT**</u>
15
16 **COMES NOW,** Milford Washington, Pro Se ("Plaintiff"), and files his

17 Complaint against UNITED TN HOLDINGS INC., and TOYOTA MOTOR

18 CREDIT CORPORATION ("Defendants") and shows this Honorable Court

19 the following:

20                              1.

21 Plaintiff is a non-resident, residing in the District of Columbia at 700

22 12th St S.E. #210, Washington, D.C. 20003, but with family affiliations in the

23 State of Georgia, located near Peachtree Creek Circle, Atlanta, Georgia,

24 30345

25

26                                   2.

27          Defendant, UNITED TN HOLDINGS, Inc., ("UADR") is a foreign

28   incorporation with a principal office address of 311 Moor Lane, Collierville,

29   Tennessee. UADR may be served with this lawsuit through its registered

30   agent, Corporation Service Company, 2 Sun Court, Ste. 400, Peachtree

31   Corners, Georgia, 30092, or by the means stipulated in Civil Procedure,

32   Code of Georgia, Chapter III, Article 16 (1).

33                                   3.

34          Defendant, TOYOTA MOTOR CREDIT CORPORATION ("Toyota") is

35   a service mark of Toyota Motor North America, Inc., and a foreign

36   corporation with a principal office address of 6565 Headquarters Drive,

37   Plano, Texas, 75024. The Defendant may be served with this lawsuit through

38   its registered agent, CT Corporation System, 106 Colony Park Drive, Ste.

39   800-B, Cumming, Georgia 30040, or by the means stipulated in Civil

40   Procedure, Code of Georgia, Chapter III, Article 16 (1). (See Exhibit #1)

41                                   4.

42          This Court has subject matter jurisdiction over the matters set

43   forth in this Complaint.

44

45

46

47                                            5.

48          Venue over the matters set forth in this Complaint is proper in

49   this Court.

50                            **FACTUAL BACKGROUND**

51                                            6.

52          On, about, and after September 24, 2022, Defendants, Toyota Motor

53   Credit Corporation ("Toyota") and United TN Holdings, Inc. ("UADR"), in

54   violation of Georgia Code, Title 51, Title 6, Section(s) §§ 51-6-1, and 51-6-2,

55   jointly engaged in fraud, deceit, misrepresentation of material facts, and

56   unlawfulness as it relates their repossession of your Plaintiff's 2017 Toyota

57   Prius, VIN# JTDKBRFU8H3578424, from its parked location at Peachtree

58   Creek Circle, in DeKalb County, Georgia, 30345. A photocopy of the

59   vehicle's parked location is attached hereto as Exhibit #2.

60                                            7.

61          Chapter 26, Section 26-15, of the DeKalb County Code, states that:

62          The operator of any wrecker removing a private
63          motor vehicle from another person then having
64          possession of such motor vehicle at the request of
65          any person other than a county officer on duty for
66          the department ***shall report this action to the***
67          ***department*** along with the following information:
68          the location of its present storage place, a
69          description of the vehicle, the tag number and the

70  vehicle identification number. ***This report shall be***
71  ***made by the wrecker operator by telephonic***
72  ***communication to the county within one (1) hour***
73  ***of the deposit of the vehicle at its storage point.***
74
75                                    8.

76      On September 24th, 2022, upon information and belief, UADR was

77  presumed to be the vehicle repossession removal agent for Toyota, and at

78  no time before or after the removal from its storage point did UADR report to

79  the county a *"telephonic communication to the county (police) within one (1)*

80  *hour at its storage point."*

81                                    9.

82      Absent outright theft, there was no lawful basis for UADR, Inc., to NOT

83  COMPLY with DeKalb County law requiring it to *"report [its] action to the*

84  *[police] department..."*.

85                                    10.

86      Having no reason to believe that your Plaintiff's motor vehicle had been

87  repossessed; on September 25th, 2022, a report to the DeKalb County

88  Police led to authorizing the filing of a motor vehicle theft report. True and

89  exact copies evidencing the report is attached hereto as Exhibit #3.

90                                    11.

91      As a result of UADR's unlawful and intentional conduct, on September

92  25, 2022, Plaintiff was induced to file a total loss claim for his vehicle with

93   State Farm; who, in turn, acknowledged acceptance of the claim. A copy of

94   his claim acceptance is attached hereto as Exhibit #4.

95                                    12.

96         On September 26th, 2022, your Plaintiff contacted (1-800-279-9032)

97   Toyota only for it to attest that the vehicle was not in their possession or in

98   the possession of its privies. Defendants willfully misrepresented a material

99   fact as to the whereabouts of Plaintiff's vehicle. Plaintiff made the call for the

100  purpose of availing himself to any doubts as to a repossession. A copy

101  evidencing the preponderance of that communication is attached hereto as

102  Exhibit #5.

103                                   13.

104        Acting under the agreement that State Farm would pay off your

105  Plaintiff's vehicle in full, he wrote Toyota on October 6, 2022, seeking to

106  compel a waiver from late fees he considered erroneous. A copy of that

107  correspondence is attached hereto as Exhibit #6.

108                                   14.

109        Toyota never responded to Plaintiff's correspondence, and taking their

110  silence as denied; on October 31, 2022, your Plaintiff cited Toyota for its

111  excessive fees to the Consumer Financial Protection Bureau ("CFPB").

112    As a result of your Plaintiff's complaint to the CFPB, Toyota was

113    compelled to reply to the CFPB, and for the first time it became known to

114    your Plaintiff through Toyota's rebuttal correspondence that it; in fact, did

115    repossess your Plaintiff's motor vehicle, but on a date after it occurred[1].

116    Toyota provided the CFPB with a document captioned *'Notice of Our*

117    *Plan to Sell Property'* , dated September 30th, 2022. A copy of that entire

118    dialogue with the CFPB is attached hereto as Exhibit #7.

119                                    15.

120    Georgia Code, Title 10, *Commerce and Trade*, Chapter 1, Article 2,

121    §10-1-36, states that:

122            a) When any motor vehicle has been repossessed
123            after default in accordance with Part 6 of Article 9 of
124            Title 11, the seller or holder ***shall not be entitled to***
125            ***recover a deficiency*** against the buyer unless
126            within ten days after the repossession he or she
127            forwards by ***registered or certified mail or***
128            ***statutory overnight delivery to the address of***
129            ***the buyer*** shown on the contract or later designated
130            by the buyer a notice of the seller's or holder's
131            intention to pursue a deficiency claim against the
132            buyer. The notice shall also advise the buyer of his
133            or her rights of redemption, as well as his or her right
134            to demand a public sale of the repossessed motor
135            vehicle. In the event the buyer exercises his or her

---

[1] UADR's nefariously orchestrated and procedurally defective removal of your Plaintiff's vehicle at the behest of Toyota took place on Saturday, September 24, 2022; yet, Toyota lied to the CFPB, saying that UADR orchestrated the repossession on Monday, September 26, 2022, the same day it lied during phone conversations with your Plaintiff as to his vehicle's whereabouts.

136    right to demand a public sale of the goods, he or she
137    shall in writing so advise the seller or holder of his
138    or her election by registered or certified mail or
139    statutory overnight delivery addressed to the seller
140    or holder at the address from which the seller's or
141    holder's notice emanated within ten days after the
142    posting of the original seller's or holder's notice.
143    (b) In the event of election of such public sale by the
144    buyer, the seller or holder shall dispose of said
145    repossessed motor vehicle at a public sale as
146    provided by law, to be held in the state and county
147    where the original sale took place, or the state and
148    county where the motor vehicle was repossessed,
149    or the state and county of the buyer's residence, at
150    the                seller's                election.
151    (c) This Code section is cumulative of Part 6 of
152    Article 9 of Title 11 and provides cumulative
153    additional rights and remedies which must be
154    fulfilled before any deficiency claim will lie against a
155    buyer, and nothing herein shall be deemed to repeal
156    said part.
157
158                            16.

159    At no time within ten days after the repossession did Toyota *"forward*

160    *by registered or certified mail or statutory overnight delivery to the address*

161    *of the buyer shown on the contract or later designated by the buyer a notice*

162    *of the seller's or holder's intention to pursue a deficiency claim against the*

163    *buyer."*

164

165

166

167

168                                    17.

169        Absent unjust enrichment and deceit, there was no basis for Toyota to

170   violate the Georgia law requiring it to *"forward by registered or certified mail*

171   *or statutory overnight delivery to the address of the buyer shown on the*

172   *contract or later designated by the buyer a notice of the seller's or holder's*

173   *intention to pursue a deficiency claim against the buyer.*

174                                    18.

175        Despite your Plaintiff's written request to Toyota, it never replied to

176   Plaintiff's request for an authenticated, true, and exact copy of the method

177   and or means evidencing its statutory compliance of mailing as required by

178   Georgia Code, Title 10, *Commerce and Trade*, Chapter 1, Article 2, §10-1-

179   36. A copy of the correspondence is attached hereto as Exhibit #8.

180                                    19.

181        Toyota never mailed its *'Notice of Our Intent to Sell Property'* , dated

182   September 30th, 2022, to the Plaintiff, and that explains why it never

183   responded to your Plaintiff's request for evidence of such mailing as required

184   by Georgia law.

185

186

187

188                                    20.

189        Knowing that it already had the vehicle in its possession, Toyota issued

190   a misleading letter to your Plaintiff, dated October 31, 2022, thanking the

191   Plaintiff for notifying it of the *"total loss of the [his] vehicle"*.  A copy of the

192   correspondence is attached hereto as Exhibit #9.

193                                    21.

194        The mere fact that Toyota scripted it's October 31st, 2022, letter to state

195   that Plaintiff, himself, *reported to them* that his car had been stolen,

196   inadvertently shows that that (1) Plaintiff genuinely believed that his car had

197   been stolen, and (2) that Toyota intentionally passed upon the opportunity to

198   inform him that the contrary had occurred.

199                                    22.

200        Toyota did not properly mail the *'Notice of Our Plan to Sell Property'*,

201   dated October 31, 2022; thus, revealing its intentional concealment as to the

202   vehicle's whereabouts.

203                                    23.

204        Toyota has everything to gain by the auction of your Plaintiff's vehicle

205   because the vehicle's value is worth more than owed. Your Plaintiff's

206   deficiency to Toyota is either $11,147.97 or $10,449.30. The vehicle is

207   valued at $19,872.00 and Toyota would be unjustly enriched with a

208   substantial amount of either $8,724.03 or $9,422.70.

209                                    24.

210        In the absence of Toyota sending Plaintiff a notice by registered mail,

211   certified mail, or private service within ten (10) days after repossession, there

212   is no way that Plaintiff would have been timely aware that he would have

213   until October 15th, 2022, to act in order to prevent the loss of any rights he

214   might have. Had it not been for the CFPB compelling a written reply, Toyota

215   would have succeeded in inducing Plaintiff to act to his detriment.

216                                    25.

217        At no time after October 31, 2022, did Toyota disclose to the Plaintiff

218   that his insurer, State Farm had mailed them checks, totaling $14,917.89.

219                                    26.

220        Toyota's misrepresentation induced State Farm into paying the claim

221   mentioned above.  A true and exact copy of the payoff statement is attached

222   hereto as Exhibit #10.

223                                    27.

224        Your Plaintiff's account transaction history within the Toyota payment

225   history portal reflects that Toyota transacted the check from State Farm,

226   recorded the account as being a zero balance, and as recent as December,

227   *reversed* the transaction where the account now reflects back to a deficient

228   balance of $11,147.97. A copy of the payment history ledger is attached

229   hereto as Exhibit #11.

230                                    28.

231       The reversed pay off transaction as displayed in the ledger suggests

232   that Toyota now seeks to cover up its fraudulent and deceitful conduct.

233                                    29.

234       At all times after being made aware, Plaintiff has asked Toyota to

235   cease and desist from its fraudulent actions, and revoked the *'Restricted*

236   *Power of Attorney'* granted to State Farm. A copy of this correspondence is

237   attached hereto as Exhibit #12.

238                                    30.

239       As of the date and prior to this action, Plaintiff has done everything in

240   his capacity to extract communication from both Toyota and UADR. These

241   entities ARE SILENT, & UNRESPONSIVE, and your Plaintiff genuinely

242   believes that his reactions and expressions towards Defendants have not

243   been detrimental to a level where the allegations asserted would not be taken

244   as truth.  Plaintiff asserts his discovery of these nefarious events in that he

245   acted reasonably to limit or mitigate any losses that has occurred. A copy of

246   your Plaintiff's affidavit is attached hereto.

247

248                                              31.

249           Without a vehicle, your Plaintiff is injured by loss of earnings capacity,

250     economic hardship, loss of property; and, perpetual damage to his credit

251     reputation, in that Toyota continues to report both a deficiency and

252     repossession to credit bureaus. See Exhibit #13.

253                                              32.

254           Even If UADR has, or has not auctioned off the vehicle, Toyota and

255     UADR's unlawful acts were, and are tortuous; meaning, illegal, fraudulent,

256     misleading, and deceitful.  Moreover, the bad acts of both Toyota and UADR,

257     proves that Defendants: (1) deprived Plaintiff from his right to cure, (2) deems

258     them jointly and severally liable for the loss, (3) owes Plaintiff for the full value

259     of his vehicle at the time of the repossession; (4) liable for compensation for

260     personal property that was in the vehicle, and (5) owes all legally related

261     costs associated with Plaintiff's efforts to redeem his vehicle.

262                                    **COUNT ONE**
263                              **FRAUD AND DECEIT**
264
265                                              33.
266
267           The preceding paragraphs are hereby incorporated by reference as if

268      set forth herein.

269

270

271                                      34.
272
273      i.      **Intentional interference through concealment**

274          UADR's intentional and unreasonable conduct cited above was against

275      Georgia's statutory requirements for reporting vehicle removals resulted in

276      the Plaintiff being deprived of his vehicle for a substantial period of time.

277                                      35.

278      ii.     **Conversion**

279          Pursuant to the Restatement of Torts §1.06, UADR's intentional and

280      unreasonable conduct cited above was the exercise of wrongful dominion

281      and control over the Plaintiff's vehicle; so much so, that its conversion

282      seriously interfered with his right to take back possession.

283                                      36.
284
285      iii.    **Fraudulent inducement**
286
287          So that it could turn a profit, obtain third-party payment from Toyota

288      through a claim for theft; or sell the car at auction, UADR's actions actually

289      deceived both, Plaintiff, and the DeKalb County Police into believing that his

290      vehicle was stolen, inducing him to file a total loss claim for theft.

291

292

293                                          37.

294          Had it not been, but-for, UADR's fraudulent actions inducing Plaintiff to

295   file a police report for motor vehicle theft, he would have had possession of

296   his vehicle.

297                                          38.

298          Toyota never sent Plaintiff notice in accordance with the methods and

299   means mandated in Georgia Code, Title 10, Commerce and Trade §10-1-

300   36, within ten days of repossession; therefore, Toyota's fraudulent actions

301   induced Plaintiff to file a police report for motor vehicle theft.  As will be

302   proven during *Discovery,* Toyota failed to give proper notice.

303                                          39.

304          Toyota's correspondence, dated October 31, proves its fraudulent

305   intent to induce Plaintiff in proceeding with transactions that would have

306   induced his insurer to pay off the vehicle.

307                                          40.

308          Toyota intentionally concealed a material fact, intended to mislead,

309   which induced your Plaintiff to act. As will be proven during *Discovery,*

310   Toyota withheld the truth.

311

312

313    iv.   <u>**Joint tortfeasors and vicarious liability**</u>
314
315                              41.

316        Plaintiff's credit score has suffered irreparable harm as a result of

317    Toyota's misrepresentation.

318                              42.

319        UADR's violation of DeKalb County Code, Chapter 26, Wreckers,

320    Section §26-25, deprived Plaintiff of his right to cure his default.

321                              43.

322        Pursuant to Georgia Code, Title 51, Section §51-6-1, Plaintiff has a

323    right of action against Defendants.

324                              44.

325        Pursuant to Georgia Code, Title 51, Section §51-6-2, Defendants'

326    conduct shows fraud, deceit, a willful misrepresentation of material facts, and

327    their entire lack of correspondence shows their conscious indifference to

328    consequences suffered by your Plaintiff.

329                              45.

330        Defendants actions are a clear violation of Georgia law; and as a result

331    thereof, the incidental and economic consequences results in incurred

332    damages in an amount to be proven at trial.

### COUNT TWO
### SPECIFIC PERFORMANCE/TEMPORARY
### RESTRAINING ORDER

46.

The preceding paragraphs are hereby incorporated by reference as if set forth herein.

47.

Pursuant to DeKalb County Code, Chapter 26, Wreckers, Section §26-49 (b), UADR's actions warrant citation.

48.

Plaintiff had until October 15, 2022, to cure his default of $389.73

49.

To no avail, Plaintiff asked Defendants' to return his vehicle, taking it back to the place of its removal without any cost, or any prejudice to him.

However, because of the mistrust and the relief afforded; but denied to him, despite the law, Plaintiff does not want the vehicle back---he wants to hold Defendants liable for the full value of the vehicle at the time of they orchestrated their unlawful actions.

50.

Plaintiff has not made his $389.73 payment because Toyota is barred from claiming any further deficiencies.

356                                        51.

357        UADR is liable to Plaintiff for the total amount of $22,876.29.

358                                        52.

359        Plaintiff suffers irreparable harm in that he has no vehicle to earn

360   income contracting for *Uber, Instacart, Amazon Flex, Door Dash, Roadside*

361   *24-7,* and *Carvertise.* His capacity to utilize his vehicle to earn income that

362   would have aided in paying off any deficiencies is permanently diminished.

363                                        53.

364        Toyota continues to report derogatory and adverse information to the

365   credit bureaus as a deficiency, something that they are now forever barred

366   from doing. Plaintiff asks for a Temporary Restraining Order, prohibiting

367   Defendants from reporting any deficiencies to the credit reporting bureaus.

368                                        54.

369        Pursuant to Title 9, Chapter 11, Article 8, Section § 9-11-65, your

370   Plaintiff asks for a Temporary Restraining Order, prohibiting Defendants from

371   destroying his property that was inside of his vehicle.

372                            **COUNT THREE**
373                        **PUNITIVE DAMAGES**
374
375                                        55.

376        The preceding paragraphs are hereby incorporated by reference as if

377   set forth herein.

378                                          56.

379         The punitive damages against UADR must be for acting in concert

380   with Toyota for fraud, deceit, and misrepresenting a material fact when

381   concealing the repossession of Plaintiff's vehicle and refusing to comply with

382   notice requirements.

383                                          57.

384         The punitive damages against Toyota must be for misrepresenting to

385   the plaintiff that it did not repossess his vehicle; thereby, inducing him to act

386   and file a police report and insurance claim for total loss.

387                                          58.

388         Accordingly, in addition to the value of the vehicle at time of unlawful

389   repossession and costs, Plaintiff is entitled to punitive damages, and he

390   believes that the amount of $91,505.16 is sufficient enough to make him

391   whole, as his life has been destroyed by the Defendants.

392                              **COUNT THREE**
393               **COURT COSTS AND EXPENSES OF LITIGATION**
394
395                                          59.

396         The preceding paragraphs are hereby incorporated by reference as if

397   set forth herein.

398

399

400                                60.

401        Pursuant to Chapter 13, Title 6, Section §13-6-11, of the Georgia

402    Code, Plaintiff is entitled to recovery of the expenses of this litigation.

403                                61.

404        Plaintiff has made multiple attempts at trying to resolve this matter

405    without having to resort to litigation, but Defendants silence have left Plaintiff

406    with no other option but to initiate this action.

407                                62.

408        Defendants, as obdurate as they are, have acted with fraud, deceit,

409    misrepresentation, and has caused the Plaintiff unnecessary trouble and

410    expenses in having to bring this action; and as a result thereof, Plaintiff

411    should be awarded expenses of litigation.

412                    **PRAYER FOR RELIEF**
413
414                                63.
415
416        UADR's intentional and unreasonable conduct exercised dominion and

417    control over the Plaintiff's vehicle; so much so, that its conversion seriously

418    interfered with his right to take back possession, and now---as a matter of

419    law--- UADR must pay Plaintiff for the full value of his vehicle. Any remedies

420    outside of this would not satisfy the deprivation nor the injury.

421

422

423                                    64.

424        Because Toyota did not comply with notice requirements of O.C.G.A.

425   § 10-1-36 in repossessing Plaintiff's vehicle, it is forever barred from

426   recovering any claims of deficiency; therefore, as a matter of law, Plaintiff

427   prays that Toyota be Ordered to initiate, and ensure complete retraction of

428   the deficient amount(s) being reported to credit reporting bureaus.

429                                    65.

430        Even if the vehicle has not been auctioned off, as a matter of law the

431   public interest will be served by ORDERING, UADR Inc., to fully compensate

432   Plaintiff for the entire value of the vehicle at the time of its removal, in addition

433   to compensating for items left in the vehicle, and expenses incurred with this

434   litigation. Anything less would be too lenient.

435                                    66.

436        UADR Inc., and Toyota are jointly and severally liable to Plaintiff for the

437   amount of $22,867.29 for the loss and damages suffered, plus costs for this

438   litigation, and any other relief to which the Plaintiff may be entitled.

439                                    67.

440        WHEREFORE, Plaintiff, Milford Washington, respectfully prays:

441        (a) Service of Process issue as authorized by law;

442        (b) this Court allow trial of all issues so triable;

443        (c) this Court award damages to PLAINTIFF against DEFENDANTS in

444             an amount to be proven at trial;

445        (d) this Court award costs and expenses and litigation, including

446             reasonable attorney's fees and experts witnesses' fees to

447             PLAINTIFF and against DEFENDANTS in an amount to proven at

448             trial; and,

449        (e) this Court award to PLAINTIFF and against DEFENDANTS such

450             other and further relief as deemed just and equitable.

451
452        Respectfully submitted this 14th day of February 2023.
453
454
455
456
457
458
459
460                              MILFORD WASHINGTON, PRO SE
461                              700 12TH ST SE #210
462                              WASHINGTON, D.C. 20003
463                              202-787-9717
464                              milfordwashington@outlook.com
465
466
467        _____
468        MILFORD WASHINGTON, Pro Se

# EXHIBITS

# 1 thru 13

*Milford Washington vs. United TN Holdings, Inc., and Toyota Motor Credit Corporation*

*Case:* _____



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
# BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH



### BUSINESS INFORMATION

| | |
|---|---|
| Business Name: | **United TN Holdings Inc** |
| Business Type: | **Domestic Profit Corporation** |
| Business Purpose: | **NONE** |
| Principal Office Address: | **311 Moore Lane, Collierville, TN, 38017, USA** |
| State of Formation: | **Georgia** |
| Control Number: | **09010360** |
| Business Status: | **Active/Compliance** |
| Date of Formation / Registration Date: | **2/11/2009** |
| Last Annual Registration Year: | **2023** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **Corporation Service Company** |
| Physical Address: | **2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA** |
| County: | **Gwinnett** |

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| BRAD HUDDLESTON | CFO | 311 Moore Lane, Collierville, TN, 38017, USA |
| NELDA WILSON | Secretary | 311 Moore Lane, Collierville, TN, 38017, USA |
| ROBERT WILSON | CEO | 311 Moore Lane, Collierville, TN, 38017, USA |

Back                    Filing History          Name History

                    Return to Business Search





**GEORGIA**
**CORPORATIONS DIVISION**

GEORGIA SECRETARY OF STATE
**BRAD RAFFENSPERGER**

HOME (/)

## BUSINESS SEARCH RESULTS

| Business Name | Control Number | Business Type | Principal Office Address | Registered / Designated Agent Name | Status |
|---|---|---|---|---|---|
| UADR Holdings Inc. (/BusinessSearch/BusinessInformation?businessId=1422304&fromSearch=True) | 09010360 | | · | | |
| UNITED AUTO DELIVERY & RECOVERY, INC (/BusinessSearch/BusinessInformation?businessId=1422304&fromSearch=True) | 09010360 | | · | | |
| United TN Holdings Inc (/BusinessSearch/BusinessInformation?businessId=1422304&businessType=Domestic%20Profit%20Corporation&fromSearch=True) | 09010360 | Domestic Profit Corporation | 311 Moore Lane, Collierville, TN, 38017, USA | Corporation Service Company | Active/Compliance |

Page 1 of 1, records 1 to 3 of 3

Back

Advertisement

## Results

901-363-6833

# UADR

This appears to be a valid AT&T LANDLINE number. Data may be incorrect or out of date. To remove your record, please use our Remove My Info page.

Don't stop now! Try our other options below!

Phone Details

Hear Voicemail

Report Call

Back to Options

New Search

Search Full Name and
Address! Try BeenVerified
(https:▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Advertisement

Need More Info? Try BeenVerified. (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓)
Need Public Records? Try this. (http://www▓▓▓▓▓▓▓▓▓▓▓▓▓)

© Copyright 2023 ▓▓▓▓▓▓▓. All rights reserved. Works with 'U.S. based phones only. DATA WARNING: All information comes from public data sources which may be inaccurate, out-of-date or otherwise wrong. Use of this website is at your own risk. We make no guarantees, expressed or implied, as to the accuracy of this data or service. Errors, including false 'no hits' may exist in results returned. ▓▓▓▓▓ is not a credit reporting agency as defined by the Fair Credit Reporting Act (FCRA) and our search results are not consumer reports as defined by the FCRA. Information appearing on this site may not be used for any FCRA regulated purpose including determining a consumer's eligibility for credit, insurance, employment or housing or for any other purpose covered by the FCRA. You agree to hold ▓▓▓▓▓▓ harmless against all claims arising from your use of the site and to indemnify us against all claims and legal costs arising out of your use of it.
See Data Limitations and Warning...

 (/consumers/)



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
## BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH



### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **TOYOTA MOTOR CREDIT CORPORATION** | Control Number: | **J451196** |
| Business Type: | **Foreign Profit Corporation** | Business Status: | **Active/Owes Current Year AR** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **6565 Headquarters Drive, W2-5A, Plano, TX, 75024-5965, USA** | Date of Formation / Registration Date: | **7/3/1984** |
| Jurisdiction: | **California** | Last Annual Registration Year: | **2022** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **C T CORPORATION SYSTEM** |
| Physical Address: | **106 COLONY PARK DRIVE, STE 800-B, CUMMING, GA, 30040, USA** |
| County: | **Forsyth** |

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| Ellen L Farrell | Secretary | 6565 Headquarters Drive, W2-5A, Plano, TX, 75024-5965, USA |
| Mark S. Templin | CEO | 6565 Headquarters Drive, W2-5A, Plano, TX, 75024-5965, USA |
| Scott Cooke | CFO | 6565 Headquarters Drive, W2-5A, Plano, TX, 75024-5965, USA |

Back          Filing History          Name History

Return to Business Search

← **How does TFS relate to Toyota Motor Corporation and Toyota Motor Insurance Services?**

TFS is a service mark of both TMCC and TMIS. As a brand name, TFS markets finance products offered through TMCC, and vehicle and payment protection products offered through participating dealers and TMIS and its subsidiaries.

# Still need help?

Couldn't find the answer to your question? Don't worry, you can contact us for more information.

Contact Us (/us/en/contact_us.html)

---

**TFS RESOURCES**                                                              ❯

---

**TOYOTA WEBSITES**                                                            ❯

---



PLAINTIFF'S
EXHIBIT
2.



**DeKalb County Police Department**
**GA0440200**
**INCIDENT REPORT**

Case #:
22-081014

| EVENT INFORMATION | | | | |
|---|---|---|---|---|
| Incident Type:<br>CRIMES AGAINST PROPERTY | Incident Start:<br>09/24/2022 10:00:00 | Incident End:<br>09/24/2022 11:00:00 | Date Report:<br>09/25/2022 08:16:00 | Loc Code:<br>230 |
| 1208 PEACHTREE CREEK CIR , CHAMBLEE, GA   30341 | | | | |

| OFFENSES | | | | |
|---|---|---|---|---|
| Offense:<br>THEFT BY TAKING - OTHER - MISD | | Counts:<br>1 | Incident Code: | NIBRS Code:<br>23H |
| Premise Type:<br>RESIDENCE/HOME | Weapon Type: | | Forcible: | Hate Motivated:<br>NONE |
| Offense:<br>THEFT BY TAKING - MOTOR VEHICLE | | Counts:<br>1 | Incident Code: | NIBRS Code:<br>240 |
| Premise Type:<br>OTHER/UNKNOWN | Weapon Type: | | Forcible: | Hate Motivated:<br>NONE |

| VICTIM(S) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name (Last Suffix, First Middle):<br>WASHINGTON , MILFORD | Moniker/Nickname: | DOB:<br>▓▓1965 | Age:<br>57 | Sex:<br>M | Race:<br>B | Ethnicity:<br>NON-HISPANIC | |
| Address: | | Home #: | Cell #: | | Email: | | |
| SSN: | Resident Status:<br>NON-RESIDENT | Height: | Weight | Hair Color: | Hair Style: | Hair Length: | Eye Color: | OLN#/State:<br>/ |
| Occupation: | Employer: | | | Employer Address: | | | Employer Phone: |
| Student: | If Student, School Name: | | Injuries: | | | Used: | |

SMTs

| SMT Type: | Description: | | Location: | | Active: | |
|---|---|---|---|---|---|---|

Relationship to Offender

Associated Offenses

| 16-8-2 | THEFT BY TAKING - OTHER - MISD | NIBRS:23H |
|---|---|---|
| 16-8-2 | THEFT BY TAKING - MOTOR VEHICLE | NIBRS:240 |

| OFFENDER(S) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name (Last Suffix, First Middle):<br>UNKNOWN , | Moniker/Nickname: | DOB: | Age:<br>Unknown | Sex: | Race: | Ethnicity: | |
| Address: | | Home #: | Cell #: | | Email: | | |
| SSN: | Resident Status: | Height: | Weight | Hair Color: | Hair Style: | Hair Length: | Eye Color: | OLN#/State |
| Occupation: | Employer: | | | Employer Address: | | | Employer Phone: |
| Arrested? | Used: | | | | | | |

SMTs

Associated Offenses

| 16-8-2 | THEFT BY TAKING - MOTOR VEHICLE | NIBRS:240 |
|---|---|---|
| 16-8-2 | THEFT BY TAKING - OTHER - MISD | NIBRS:23H |

PLAINTIFF'S EXHIBIT

## DeKalb County Police Department
## GA0440200
## INCIDENT REPORT

Case #:
22-081014

| OTHER PERSONS INVOLVED | | | | | | | |
|---|---|---|---|---|---|---|---|
| How Involved:<br>COMPLAINANT | Name (Last Suffix, First Middle):<br>HAIRSTON , QUIANA | Moniker/Nickname: | DOB:<br>/1994 | Age:<br>28 | Sex:<br>F | Race:<br>B | Ethnicity:<br>NON-HISPANIC |
| Address:<br>1208 PEACHTREE CREEK CIR ,<br>CHAMBLEE, GA   30341 | | Home #: | Cell #: | | Email: | | OLN#/State<br>/ |
| Occupation: | | Employer: | | Employer Address: | | | Employer Phone: |

| PROPERTY | | | | | | |
|---|---|---|---|---|---|---|
| Class:<br>Metals, Non-<br>Precious | Description:<br>Vehicle Tag | | Make: | Model: | | Serial: |
| Status:<br>7 | Location: | | Quantity:<br>1.0000 | Value:<br>1 | Recovery Value: | Date Recovered: |
| Related To: | | | | | | |
| **WASHINGTON , MILFORD** | | | | | | |
| Associated Offenses | | | | | | |
| 16-8-2 | THEFT BY TAKING - OTHER - MISD | | | | NIBRS:23H | |

| VEHICLE(S) | | | | | | |
|---|---|---|---|---|---|---|
| Class:<br>AUTOMOBILES | Status:<br>Stolen/Etc.<br>(includes bribed,<br>defrauded,<br>embezzled,<br>extorted,<br>ransomed, robbed,<br>etc.) | Tag Number:<br>FC8469 | State:<br>DC | Year:<br>2022 | VIN:<br>JTDKBRFU8H3578424 | Type:<br>2 OR 4 DOOR SEDAN<br>(PASSENGER) |
| Year:<br>2017 | Make:<br>Toyota | Model:<br>Prius | Style: | Color:<br>Green | | Insured By: |
| Value:<br>19000 | Recovery Value: | Date Recovered: | Recovered Address: | | | Vehicle Recovery: |
| Owner: | | Address: | | | | Phone: |
| Inventory Date: | Stored At: | | Secured: | | | Released to Other: |
| Related To: | | | | | | |
| **WASHINGTON JR, MILFORD THOMAS** | | | | | | |



# DeKalb County Police

Criminal Investigation Division
Auto Theft Unit
1960 West Exchange Place 3ʳᵈ Floor
Tucker, Georgia 30084
(770) 724-7650
770-724-7630

September 30, 2022


To:        Milford Washington

Subject:   22-081014

Vehicle:   2017 Toyota Priud

     You are being contacted in reference to the report you made to the DeKalb County Police Department. If you have any evidence in reference to this case, please contact the DeKalb Auto Theft Unit and reference your case number. If and when the vehicle is recovered, you will be notified.

---

*SIA J V White #6561*
*Dekalb County Police Department*
*Criminal Investigation Division / Auto Theft Unit*
*Direct: (770) 724-7885*
*Main: (770) 724-7650*
*Email: jvwhitel@dekalbcountyga.gov*

**09-39R0-77H**

HOME CLMS-STATEFARMCLAIMS <statefarmclaims@statefarm.com>
Fri 9/30/2022 4:29 PM
To: MILFORDWASHINGTON@OUTLOOK.COM <MILFORDWASHINGTON@OUTLOOK.COM>

Mr. Washington,

I received your voice message today around noon time and wanted to
confirm for you that I did receive your email and your vehicle is now
listed on NCIC as a stolen vehicle.   I attempted to contact you but
was not able to connect on your phone so am sending you this email.

I have now requested a valuation for the value of your vehicle due to
the time since the date of theft and am referring this claim now to
our total loss team who will follow up with you sometime mid to late
next week once that value is received.

Thank you for your assistance.

Sincerely,
Pat Lane
Claims Specialist
Property Complex – Tier 2
8:00 am – 4:30 pm CST, Monday – Friday
W: 844-292-8615 ext. 9727441840
F: (855) 666-0964
Email: statefarmclaims@statefarm.com

**We Have Received Your Claim.**

statefarmclaimsmessaging@statefarmclaims.com
<statefarmclaimsmessaging@statefarmclaims.com>
Mon 9/26/2022 8:54 PM
To: MILFORDWASHINGTON@OUTLOOK.COM <MILFORDWASHINGTON@OUTLOOK.COM>



Claim Number: 09-39R0-77H
Date of Incident: 09/24/2022



# Hello, MILFORD. We have your claim.

We received a claim for your 2017 TOYOTA PRIUS and have started our review.

We'll contact you if we need more information. We're here to help you get back on the road.

# Things for you to do

Use your claims hub on our app or online to view your claim details.

You can also

- Track your claim.

- View financial or personal information

- Set up or manage your electronic payment preferences.

We're here for you – before, during and after your claim. Learn more about the claims process.

Your Claim Contact

PLAINTIFF'S EXHIBIT 4



4:32 68%

?

(800) 279-9032

Call Message

Sep 26, 2022

Outgoing Call, 10:10 AM (8 mins 13 secs)

PLAINTIFF'S EXHIBIT 5

Milford Washington
700 12th St SE #210
Washington, D.C. 20003
milfordwashington@outlook.com

Toyota Financial Services
P.O. Box 15012
Chandler, AZ 85244-5012
October 6, 2022

October 6, 2022

Re: 0316616760

## REQUEST FOR WAIVER OF FEES IN LIEU OF PAYOFF

    I am Milford Washington, and this is a request asking for an official waiver of the late fees that were imposed during my time of financial hardship.

    Since the receipt of the loan amount for this vehicle I have been as diligent as I could possibly be to timely pay my car note. It has been a good experience with my Toyota vehicle, and I anticipate the purchase of another vehicle.

    I am preparing to pay off the debt for this vehicle, however, I ask that a total of $698.67 be waived from the amount of $13,504.04. This would leave a total debt due of $12,805.37.

    I ask that the $29.81 in fees dating from 4/19/2022 through 9/20/2022, and the $490.00 from 9/28/2022 be waived.

    Once this is done, I will pay off the account in full. I await your reply.


Sincerely,

Milford Washington



# USPS Tracking®

FAQs >

**Remove** ✕

**Tracking Number:**

# 70220410000185708351

Copy          **Add to Informed Delivery**
**(https://informeddelivery.usps.com/)**

### Latest Update

Your item was picked up at a postal facility at 1:29 pm on October 11, 2022 in CHANDLER, AZ 85225.

Feedback

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

### Delivered
**Delivered, Individual Picked Up at Postal Facility**
CHANDLER, AZ 85225
October 11, 2022, 1:29 pm

**See All Tracking History**

---

**Text & Email Updates**                    ⌄

---

**USPS Tracking Plus®**                      ⌄

---

**Product Information**                      ⌄

**See Less** ⌃

Track Another Package

 **cfpb** Consumer Financial Protection Bureau (https://www.consumerfinance.gov/)

**Start a new complaint**

‹ All complaints (.)

# 221031-9672239

**CLOSED**                    :

✓ **Submitted**

**STATUS**

Submitted to the CFPB on 10/31/2022

**PRODUCT**

Debt collection

**ISSUE**

Written notification about debt

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.



---

**YOUR COMPLAINT**

At this time Toyota Financial is using unfair communication tactics to thwart my dispute against extra charges on an existing auto loan that is outstanding. I wrote Toyota a certified USPS letter dated, October 6, 2022. They received that letter on October 11, 2022, and they have yet to respond. At issue, is that Toyota has charged me a total of $698.67, in fees that are erroneous and excessive. I can't even get in contact with someone to dispute the fees, or at least, come to an agreement of sorts. I owe approximately $12,805.37 on my loan with Toyota Financial, and I am ready to pay off that amount IN FULL; however, for every single day that passes Toyota increases fees to that amount. I have tried contacting Toyota on the phone, to no avail. A snobbish person answers the phone and informs me that

they are recording the call. In turn, I inform that I also reserve the same right and that I am recording the call. Toyota then hangs up, ending the call; thus, placing themselves at the advantage of increasing the balance due on the vehicle, which ultimately results in them reporting negatives to the credit bureaus.

**ATTACHMENTS**

Toyota personal letter.pdf (56 KB)

USPS Toyota.pdf (15.3 KB)

View full complaint ⊕

## ✔ Sent to company

**STATUS**

Sent to company on 10/31/2022

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## ✔ Company responded

**STATUS**

Company responded on 11/15/2022

**RESPONSE TYPE**

Closed with explanation

## Company's Response

Thank you for bringing your concerns to our attention. Our records reflect that on November 27, 2017, you signed a Retail Installment Sale Contract for the purchase of a 2017 Toyota Prius. By signing the contract, you agreed to make payments of $506.20 each month beginning on January 11, 2018. For your awareness, we have included a copy of the signed contract. As the attached payment history reflects, multiple payments were received more than 30 days after the due date beginning in May 2019. As a result, these payments were reported as delinquent to the consumer reporting agencies (CRAs). Despite

our continued efforts to notify you of the delinquency (including the attached Notices of Right to Cure Your Default), the balance remained unpaid, and the vehicle was repossessed on September 26, 2022. Following the repossession, we mailed the attached notification informing you of our plan to sell the vehicle sometime after October 15, 2022, if you did not exercise your right to redeem the vehicle or reinstate the contract. We have confirmed that the repossession costs ($490.00) and unpaid late charges ($389.73) as reflected on the above-referenced notification are accurate. On October 31, 2022, you spoke with our Service Center regarding your account. While we do monitor calls for quality assurance purposes, we do not authorize customers to record conversations. During our review of the call recording from October 31, 2022, the representative communicated that she did not authorize you to record the call. In addition, it does not appear that the representative disconnected the call. Instead, it appears that you disconnected the call while the representative was communicating for a second time that she did not authorize you to record the call. While we regret that you are displeased with your interaction with our representatives, our records reflect that we have serviced the account in accordance with the terms of the contract. As a result, we are unable to accommodate your request to reduce the total amount due to redeem the vehicle or issue you a free and clear title. If you have any additional questions or concerns or would like to obtain a current redemption quote, you may contact our Customer Care Department at (866) 364-8758. Thank you.

**ATTACHMENTS**

Washington CFPB Response Attachments 11.15.22.pdf (1.8 MB)

## Feedback requested

**STATUS**

Feedback requested on 11/15/2022

**FEEDBACK DUE**

1/14/2023

## Provide feedback about the company's response

We welcome your feedback on how the company responded to your complaint. You will have 60 days from when the company responded to share your feedback. The CFPB will share your feedback responses with the company and use the information to help the CFPB's work with consumer complaints.

Submit your feedback

## Closed

From:     Mr. Milford Washington
          700 12th St S.E. #210
          Washington, D.C. 20003
          202-787-9717
          milfordwashington@outlook.com

To:   Toyota Financial, General Counsel
      c/o Sandra Phillips Rogers
      P.O. Box 22202
      Owings Mills, MD 21117

Date: November 17, 2022

Re: Improper Notice/Requested Documentation

Dear: Ms. Sandra Phillips Rogers,

1. Recently, I discovered for the first time, that my motor vehicle was repossessed in the State of Georgia, and I never received proper and timely notice by mail, as required by Georgia law.

> Pursuant to Georgia Code Title 10. Commerce and Trade § 10-1-36 (a), *"When any motor vehicle has been repossessed after default in accordance with Part 6 of Article 9 of Title 11, the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he or she **forwards by registered or certified mail or statutory overnight delivery to the address of the buyer shown on the contract or later designated by the buyer** a notice of the seller's of holder's intention to pursue a deficiency claim against the buyer."* (See Exhibit #A)



Page **1** of **2**

2. With that said, I am writing to request either (1) a legible photocopy of the PS Form, captioned as the registered mail receipt; (2) a legible photocopy of the certified mail return receipt, or (3) a legible photocopy of the receipt from the overnight delivery courier, that was retained by your employee(s) upon mailing out the 'Notice of Our Plan to Sell Property'. (See Exhibit #B)

3. I am with knowledge; that, Toyota Financial was intentionally negligent in omitting my accurate, residential apartment address from its notice, as evidenced through my July 25th, 2022, change-of-address within the Toyota web portal. Toyota acknowledged this change of address via email, and this was months prior to my vehicle being repossessed in the State of Georgia. (Note: Toyota had no authorization to mail a notice to an address in Georgia, that "*was later designated*" to the District of Columbia.); (See Exhibit #C)

4. If, Toyota furnishes this documentation, it will be validated for legitimacy through the United States Postal Inspector. Afterwards, if the provided receipt document is found to be legit, a trace will be placed upon the document as to the whereabouts of the notice, and I will consider the matter of violating Georgia Code Title 10. Commerce and Trade § 10-1-36 (a) somewhat, resolved.

Submitted,

_____ Milford Washington

# USPS Tracking®

FAQs >

Remove ✕

Tracking Number:

# 70220410000185708399

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at a postal facility at 10:05 am on November 22, 2022 in OWINGS MILLS, MD 21117.

Get More Out of USPS Tracking:

USPS Tracking Plus®

## Delivered
**Delivered, Individual Picked Up at Postal Facility**

OWINGS MILLS, MD 21117
November 22, 2022, 10:05 am

See All Tracking History

Text & Email Updates          ⌄

USPS Tracking Plus®          ⌄

Product Information          ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

 **TOYOTA**
Financial Services

P.O. Box 22202
Owings Mills, MD 21117-1397

10/31/2022

MDG2022 00011111 01

MILFORD WASHINGTON
700 12TH ST SE APT 210
WASHINGTON, DC 20003

| | |
|---|---|
| Account: | 0316616760 |
| Our Claim: | 205944 |
| Customer Name: | MILFORD WASHINGTON |
| Vehicle: | 2017 Toyota PRIUS |
| VIN: | JTDKBRFU8H3578424 |

Dear MILFORD WASHINGTON,

Thank you for notifying us of the total loss of the vehicle referenced above. We recognize this is a difficult situation and we look forward to partnering with you to resolve this matter quickly and efficiently.

Please review the following:

- Monthly payments to your account are no longer required. You do not need to continue to pay your regular monthly payment while we await payment from your insurance provider, but you will be responsible for any balance that remains after your insurer's payment is applied to your account. You will also be responsible for any balance that remains if no payment is received from your insurer. If your vehicle is not deemed a total loss, then you will be responsible for any payments not made while your claim was being reviewed by your insurance company.
- Your insurance company will determine the value of your vehicle. Please contact your insurer with questions regarding that determination and its payment. In the event the payment received from your insurance company does not pay your balance in full, TMCC will review your insurance payment for accuracy and request the additional funds owed to you from your insurance company. If successful, a portion of the additional funds received from your insurance company will be deducted from the amount applied to your account as a servicing fee for identifying the error and having it corrected with your insurer.
- If your insurer's payment does not pay the balance in full, any optional insurance products still in force may be cancelled, and the prorated refund(s) applied to your balance. Once we receive your insurer's payment and any optional insurance product refunds, we will send you a statement of balance. You will have 30 days to pay the balance in full or contact us to make payment arrangements.
- If there is a surplus on your account after all payments and refunds are applied, we will send you a check approximately 10 days after the account is closed.
- Your contract includes GAP coverage. We will assist you in filing your GAP claim, but might need your assistance in obtaining certain documents. If you have not already done so, please fax a copy of your Insurance Valuation, Settlement Breakdown, Police Report, Declarations Page and Damage Estimate to 678-496-2765. If you do not have insurance, then please send a copy of the official Police Report and Damage Estimate instead.

If you have any questions regarding this notice, please contact us at 800-874-8822, Mon-Fri, 8am to 6pm EST.

Sincerely,

Toyota Motor Credit Corporation (TMCC)

BANKRUPTCY NOTICE: Debtors and debtors-in-possession are afforded certain rights and protections that are not affected or modified by this letter. If you are entitled to the protections of the United States Bankruptcy Code (including but not limited to 11 U.S.C.§§ 362 and 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE. IT IS PROVIDED TO YOU FOR INFORMATION PURPOSES ONLY.



Toyota Financial Services is a service mark of Toyota Motor Credit Corporation

**Payment made for Claim 09-39R0-77H**

statefarmclaimsmessaging@statefarmclaims.com
<statefarmclaimsmessaging@statefarmclaims.com>
Wed 11/2/2022 12:34 PM
To: MILFORDWASHINGTON@OUTLOOK.COM <MILFORDWASHINGTON@OUTLOOK.COM>

 **State Farm®**

Claim Number: 09-39R0-77H
Date of Incident: 09/24/2022



Hello, MILFORD. We made a payment on your claim.

Allow two to four business days for direct deposit and seven to 10 days for mailed payments.

# Payment details

| | |
|---|---|
| Date Issued: | 11/2/2022 |
| Paid to: | TOYOTA FINANCIAL |
| Payment method/number: | Paper/121325423J |
| Amount: | $13898.85 Comprehensive - Theft |

# Things for you to do

Use your claims hub through our app or online to view your claim, coverage, policy and full payment details any time.

PLAINTIFF'S EXHIBIT 10

**·Payment made for Claim 09-39R0-77H**

statefarmclaimsmessaging@statefarmclaims.com
<statefarmclaimsmessaging@statefarmclaims.com>
Wed 11/9/2022 11:48 AM
To: MILFORDWASHINGTON@OUTLOOK.COM <MILFORDWASHINGTON@OUTLOOK.COM>

 **StateFarm**®

Claim Number: 09-39R0-77H
Date of Incident: 09/24/2022

 Hello, MILFORD. We made a payment on your claim.

Allow two to four business days for direct deposit and seven to 10 days for mailed payments.

# Payment details

| | |
|---|---|
| Date Issued: | 11/9/2022 |
| Paid to: | TOYOTA FINANCIAL |
| Payment method/number: | Paper/121334925J |
| Amount: | $1019.04 Comprehensive - Theft |

# Things for you to do

Use your claims hub through <u>our app</u> or <u>online</u> to view your claim, coverage, policy and full payment details any time.



**Account History**

Date: January 06, 2023

Customer Name:
**Milford Washington**

Account:
**0316616760 | 2017 PRIUS**

| Date Processed | Date Posted | Payment Amount | Interest Paid | Principal Paid | Miscellaneous Charges Paid | Loan Balance |
|---|---|---|---|---|---|---|
| 10/18/22 | 10/18/22 | $-400.00 | $0.00 | $0.00 | $-400.00 | $13504.04 |
| 11/11/22 | 10/24/22 | $143.03 | $0.00 | $143.03 | $0.00 | $12167.01 |
| 10/25/22 | 10/25/22 | $-110.00 | $0.00 | $0.00 | $-110.00 | $12310.04 |
| 12/15/22 | 11/30/22 | $1019.04 | $0.00 | $1019.04 | $0.00 | $11147.97 |
| 12/22/22 | 12/22/22 | $11691.25 | $153.55 | $11147.97 | $389.73 | $0.00 |
| 12/22/22 | 12/22/22 | $1000.00 | $0.00 | $0.00 | $1000.00 | $11147.97 'Current balance |
| | | $43074.12 | $12550.32 | $30523.80 | $0.00 | |



Select all    Mark as read    Delete

**Financial**
Jan 12, 2023

Well done! Your account is reported as paid with a zero balance. It was previously reported as in Repossession. You're well on your way to improving your credit health.

**Source:**
Experian

**Company:**
TOYOTA MOTOR CREDIT

**Address:**
Po Box 9786, Cedar Rapids, IA 52409-0004

**Previous Status:**
REPOSSESSION

**Current Status:**
ACCOUNT PAID

WHAT NOW?

If you haven't already, try instantly raising your FICO® Score for free with Experian Boost™.

Try Experian Boost™   >

Why am I receiving this? ⌄

⚠ **Charge-off**

PENTAGON FEDERAL CR UN has flagged your account as Charge-off.

**Financial**

 (/summary)

 MILFORD WASHINGTON ⌄

Home(/summary)    (/improve/score-improvity(/activity/score-chai    🔔 Alerts(/alerts)

# Credit & Identity Alerts ⑦

View your alerts for credit report changes, use of your SSN with a different name or address, or dark web activity associated with your identity.

Back to All Alerts (/alerts)

**Credit Alert**
Improved Account

TransUnion

**Reported By**
TOYOTA MOTOR CREDIT

**Reported On**
Jan 9, 2023

## What does this mean?

A lender or creditor reported that your account is now current and is no longer in derogatory status.

View Credit Report (/report/credit-summary)

## How could this affect my score?

**Mr. Milford Washington**
**700 12th St SE #210**
**Washington, D.C. 20003**

**Toyota Financial Services**
**P.O. Box 9490**
**Cedar Rapids, IA, 52409**

**Date: November 25, 2022**
**Re: Claim 0939R077H**

## REVOCATION OF RESTRICTED POWER OF ATTORNEY AND CEASE AND DESIST

1. Please be advised, that as a result of Toyota's actions, I, Milford Washington, does hereby **REVOKE IN WRITING**, my authorization of the ***Restricted Power of Attorney***, given to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, 1555 Promontory Circle, Greeley, CO 80638, to act for me in all matters pertaining to the licensing of and/or the execution of an assignment covering the following described vehicle, 2017, Toyota Prius, JTDKBRFU8H3578424. **(See Exhibit #A)**

2. Please be advised, that it has come to my attention that said motor vehicle was in the physical possession of Toyota Financial's, third-party repossessor, United Auto Recovery, the entire time after relaying to me over the phone that the vehicle was not repossessed.

2. Taking what I was told to be true, I contacted my insurer State Farm and the DeKalb County Sheriff's Department's Auto Theft Division, reporting



Page 1 of 3

a theft; that, had I been told the true facts of the incident, I would not have reported the vehicle stolen.

3. As a result, I allege, believe, and attest to the best of my knowledge, that:

(1) Toyota Financial Services constructed such events in order to receive a full payoff from State Farm on the basis that there was a legitimate theft of said motor vehicle; that,

(2) Toyota Financial Services deliberately and knowingly chose to refrain from its legislative obligation under Georgia law to send timely notice of my first right to redeem as required by law to the designated address of record; that,

(3) Toyota Financial Services inflated late fees and payoff fees; and

(4) Toyota Financial Services, caused a loss of my personal property that was inside of my vehicle through conversion.

3. With that being said, **YOU**—Toyota, are hereby requested to **CEASE and DESIST** the drafting of a title bearing State Farm as the title holder, and directed to create a **FREE & CLEAR TITLE**, with no lien holder, and mail it to the address of record of the person named---the same address that was authorized prior to your, intentional omittance of my accurate, residential apartment address, as evidenced through my July 25th, 2022, change-of-address within the Toyota web portal.

4. Note, that **YOU**---Toyota acknowledged this change of address via email, prior to my vehicle being repossessed in the State of Georgia. **(See Exhibit #B)**

5. Note, that **YOU**---Toyota had no authorization to mail a notice to an address in Georgia, that *"was later designated"* to the District of Columbia; and likewise, you shall not take it upon yourself to believe that I authorize receiving a title being mailed into the State of Georgia. **(See Exhibit #C)**

MILFORD WASHINGTON

**StateFarm**

# Restricted Power of Attorney

|  | 0939R077H |
|---|---|
|  | Claim number |

I/We:  **MILFORD THOMAS WASHINGTON JR**

Address: **700 12TH ST SE APT 210, WASHINGTON, DC, 20003**

Do Hereby Authorize: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, 1555 Promontory Circle, Greeley, CO 80638
To act for me/us in all matters pertaining to the licensing of and/or the execution of an assignment covering the following described vehicle:

| **2017** | **TOYOTA** | **PRIUS** | **JTDKBRFU8H3578424** |
|---|---|---|---|
| Year | Make | Model | VIN |

I/We hereby ratify and confirm all acts performed by my/our agent within the scope of this restricted power regarding the motor vehicle shown above hereto until such time as this power is revoked in writing.

DocuSigned by:

*MILFORD THOMAS WASHINGTON JR*

Signature of Grantor of Power of Attorney (signature *must* match name on title)          **SIGNATURE**

Signature of Co-Grantor of Power of Attorney (signature *must* match name on title)          **SIGNATURE**



EXHIBIT
A

1010412                                                                                              2000 155458 200 02-21-2019

# USPS Tracking®

FAQs >

Remove ✕

Tracking Number:

# 70221670000157436043

Copy     Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at the post office at 6:23 am on December 1, 2022 in CEDAR RAPIDS, IA 52409.

**Get More Out of USPS Tracking:**

   USPS Tracking Plus®

## Delivered
**Delivered, Individual Picked Up at Post Office**
CEDAR RAPIDS, IA 52409
December 1, 2022, 6:23 am

**See All Tracking History**

Feedback

---

**Text & Email Updates**                    ⌄

---

**USPS Tracking Plus®**                      ⌄

---

**Product Information**                      ⌄

**See Less** ⌃

Track Another Package

Enter tracking or barcode numbers

‹ **Back**

| Open/closed | **Closed** |
|---|---|

| Date opened | **Nov 27, 2017** |
|---|---|

| Account type | **Auto Loan** |
|---|---|

## Payment summary

|  | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 90 | R | R | R | - |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | - | - | - | - | - | - | - | - | - | - | ✓ | ✓ |

**PAYMENT HISTORY LEGEND**   ⌃

| ✓ | On Time |
|---|---|
| R | Repossession |
| 30 | 30 Days Late |
| 60 | 60 Days Late |
| 90 | 90 Days Late |
| - | Data Unavailable |



| Status | **Repossession** |
|---|---|

| Status updated | **Sep 2022** |
|---|---|

| Past due amount | **$3,662** |
|---|---|

| Original balance | **$30,523** |
|---|---|

FILED 2/14/2023 3:03 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

MILFORD WASHINGTON, Pro Se |

*Plaintiff,* |

v. | CIVIL ACTION CASE NO:
23CV2164
UNITED TN HOLDINGS, | _____

INC., and TOYOTA MOTOR CREDIT |

CORPORATION, *et. al.* |

*Defendant(s).* |

_____ |

## **PLAINTIFF'S AFFIDAVIT**

I, Milford Washington, hereby state that the following factual events and exhibits are based upon my personal knowledge and belief, and are as follows, to-wit:

1. That, I am, and was the owner of a Teal Green 2017 Toyota Prius JTDKBRFU8H3578424, that was parked, believed to be stolen but repossessed from Atlanta, Georgia, at the location ARIUM APARTMENTS of Peachtree Creek Circle, Atlanta, 30345;

2. That, I am Debtor to Toyota Motor Credit Corporation, who is the primary lienholder to my vehicle (See Exhibit #1);

3. That, on Sunday, September 25, 2022, my daughter contacted me by telephone, informing me that my 2017 Toyota Prius was gone;

25    4. That, as a result of the information my daughter made known to me, I

26       directed her to contact the DeKalb County Police to see if the vehicle

27       was either stolen or repossessed;

28    5. That, my own foreknowledge, I was well aware that my vehicle was up

29       for repossession from Toyota, but considering that I had made

30       arrangements to pay them the amount of $389.73, a few days after I

31       paid them $1,194.00, the last thought to come to mind that it would be

32       repossessed (See Exhibit #2);

33    6. That, after my daughter reported what was believed a motor vehicle

34       theft to the DeKalb County Police, I reached out to my automobile

35       insurer, State Farm and filed a total loss claim for theft;

36    7. That, on September 26, 2022, I wanted to be certain that my vehicle

37       was not repossessed, so I contacted Toyota at the number 1-800-279-

38       9032, asking them did they have my vehicle. An unnamed person

39       informed me that they did not have my vehicle;

40    8. That, believing that my vehicle was going to be paid off in full by State

41       Farm, I wanted to see if I could get Toyota to waive late fees that I had

42       always considered to be excessive and erroneous; simply, because

43       with the exception of once (and recently), not one time did Toyota

44       report to the credit bureaus any late payments (See Exhibit #3);

9. That, seeing that Toyota ignored my request for a waiver I filed a complaint against them with the Consumer Financial Protection Bureau ("CFPB");

10. That, as a result of my complaint to the CFPB, Toyota replied to the CFPB, and it was then for the first time that it came to my attention that Toyota had lied, and did repossess my vehicle. In addition, after conducting a casual search into my credit report portal to see if Toyota had reported more late deficiencies, I noticed that it reported a 'Repossession';

11. That, it was then that I reached out and called Toyota, and made inquiries only to be told that the vehicle was in fact, repossessed;

12. That, for the purposes of *Quality Assurance*, Toyota does record my calls;

13. That, because I record my calls for the purposes of *Assurance Against Fraud*, Toyota refuses to speak to me over the phone;

14. That, upon this discovery, when it became convenient and time permitting, I began setting events in motion to launch my own investigation into what was going on...or, what went on;

15. That, I began submitting letters to Toyota, I engaged in one conversation with UADR, who admitted to me that they had my vehicle.

65        Even worse, an employee invited me to retrieve my property

66        items that were inside of my vehicle and told me that they were about

67        to auction off my vehicle; but, refused to tell me what towing company

68        repossessed my vehicle, and;

69    16.    That, upon being told this, Toyota never contacted me to inform

70        me that they had my vehicle. In fact, Toyota mailed me a letter

71        expressing their sorrow for the theft of my vehicle (See Exhibit #4);

72    17.    That, at no time did Toyota ever send me anything---no

73        document or correspondence that would inform me of the steps I were

74        to take if I wanted my vehicle back;

75    18.    That, Toyota's assertion to the CFPB that they mailed me a

76        Notice to Our Plan to Sell Property, a Notice of Right to Cure Your

77        Default, and a Notice of Default and Intention to Repossess, is a lie. In

78        fact, the first time I ever saw these documents were through the CFPB

79        portal (See Exhibit #5);

80    19.    That, as I do not check my emails daily, or have tendency look

81        at all times, I eventually check them…weeks and days can pass, and

82        when I do, that is when matters first come to my attention, and even

83        then, I try to be diligent when addressing matters;

84   20.      That, in hopes of stopping State Farm from paying off Toyota in

85         full, I granted Toyota time to respond to my inquiries. I heard nothing,

86         so I soon began to take measures to communicate with State Farm,

87         taking back my temporary power of attorney;

88   21.      That, I've written Toyota by USPS certified mail numerous times,

89         and I got no reply (See Exhibit #6);

90   22.      That, as a result of not having my vehicle, I am unable to earn

91         income through Amazon Flex, Uber, through Instacart, Door Dash,

92         Roadside 24-7, and Carvertise; all, of which I have accounts that are

93         pending closure due having no transportation due to inactivity (See

94         Exhibit #7);

95   23.      That, as a result of Toyota's unlawful, misleading, fraudulent, and

96         nefarious behavior, my credit rating is destroyed...ruined because of

97         Toyota's ongoing reports of deficiency that they know to be false;

98   24.      That, upon looking into the Toyota online payment ledger, I

99         discovered Toyota actually cashed the check from State Farm only to

100        reverse it after I exposed them, replacing it with a deficiency of

101        $11,147.97 (Refer to Exhibit #11 of the Complaint);

102  25.      That, as a result of Toyota's unlawful, misleading, fraudulent, and

103        nefarious behavior I am now without a very good  automobile that was

104    almost paid off by me, that was valued at $19,872.00 and had

105    thousands of dollars' worth of customized extras done to it, and

106    personal property within it (See Exhibit #8);  and,

107    26.    FURTHER this Affiant says not.

108    _____

109    Milford Washington

110

111    **NOTARY**

112

113    I, _Julia D. Cade_____, a Notary in and for the District of

114    Columbia, hereby states as follows that Milford Washington, did personally

115    appear before me on this _19th_ day of January 2023.

116

117    _Julia A. Cade_____

118    Notary

119

JULIA D. CADE
NOTARY PUBLIC
EXP.
4-30-27
DISTRICT OF COLUMBIA

JULIA D. CADE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires April 30, 2027

Page **6** of **6**

# Affidavit

# EXHIBITS

# 1 thru 8

*Milford Washington vs. United TN Holdings, Inc., and Toyota Motor Credit Corporation*

*Case:* _____

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC

## ⅃AW 553-VA-ARB-ea 7/14

### RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

**PLAINTIFF'S EXHIBIT 1**

Dealer Number ____0000045027____   Contract Number AD-3-42000081394550

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| MILFORD WASHINGTON 700 12TH ST SE APT 210 Washington, County of DISTRICT OF COLUMBIA, DC 20003-2960 | N/A | ALEXANDRIA TOYOTA, INC. 3750 JEFFERSON DAVIS HIGHWAY ALEXANDRIA, VA 22305 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| New | 2017 | Toyota Prius | JTDKBRFU8H3578424 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 11.79 % | $ 12,409.08 | $ 30,523.80 | $ 42,932.88 | $ 42,932.88 |

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 596.29 | Monthly beginning 01/11/2018 |
| N/A | N/A | N/A |

Or As Follows:
N/A .

**Late Charge.** If payment is not received in full within ___7___ days after it is due, you will pay a late charge of ___5___ % of the part of the payment that is late.

**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X **A** N/A _____
Co-Buyer Signs X **A** N/A _____

### WARRANTIES SELLER DISCLAIMS

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose. Any implied warranties arising from a written warranty or service contract are limited to the duration of such written warranty or service contract.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

### VSI AND OPTIONAL INSURANCE

Choice of Insurer. If vendor's single interest insurance is required (as indicated below), or if you desire optional insurance, such as credit life insurance or credit disability insurance, you have the right to use alternative coverage or to buy insurance elsewhere from the agent or insurer of your choice. You may also buy required physical damage insurance from the agent or insurer of your choice. Your choice of agent or insurer will not affect our decision to extend credit or your credit terms.

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ ____N/A____ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract. See above for more information.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

**ITEMIZATION OF AMOUNT FINANCED**

| | | |
|---|---|---|
| 1 Cash Price (including $ ___118.80___ sales tax) | $ | 22,595.80 (1) |
| 2 Total Downpayment = | | |

Trade-in: **2010** (Year) **Mitsubishi** (Make) **Lancer** (Model)

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ | 1,100.00 |
| Less Pay Off Made By Seller | $ | 6,800.00 |
| Equals Net Trade In | $ | -5,700.00 |
| + Cash | $ | N/A |
| + Other **Rebates** | $ | 2,000.00 |
| (If total downpayment is negative, enter "0" and see 4I below) | $ | 0.00 (2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | $ | 22,595.80 (3) |

4 Other Charges Including Amounts Paid to Others on Your Behalf

(Seller may keep part of these amounts):

| | | |
|---|---|---|
| A Cost of Optional Credit Insurance | | |
| Paid to Insurance Company or Companies. | | |
| Life N/A | $ N/A | N/A |
| Disability N/A | $ N/A | N/A |
| B Vendor's Single Interest Insurance | | |
| Paid to Insurance Company(ies). | $ | N/A |
| C Other Optional Insurance Paid to Insurance Company or Companies | $ | N/A |
| D Optional Gap Contract | | 995.00 |
| E Official Fees Paid to Government Agencies | $ | N/A |
| 1) to N/A for N/A | $ | N/A |
| 2) to N/A for N/A | $ | N/A |
| 3) to N/A for N/A | $ | N/A |
| F Government Taxes Not Included in Cash Price | $ | N/A |
| G Government License and/or Registration Fees | | |
| License Fee | $ | 139.00 |
| H Government Certificate of Title Fees | $ | N/A |
| I Other Charges (Seller must identify who is paid and | | |
| describe purpose.) | | |
| 1) to EXETER for Prior Credit or Lease Balance | $ | 3,700.00 |
| 2) to TMIS for Mechanical Breakdown | $ | 2,495.00 |
| 3) to SELLER PROCESSING for Documentation Fee | $ | 599.00 |
| 4) to N/A for N/A | | |
| 5) to N/A for N/A | | |
| 6) to N/A for N/A | | |
| 7) to N/A for N/A | | |
| 8) to N/A for N/A | | |
| 9) to N/A for N/A | | |
| 10) to N/A for N/A | | |
| Total Other Charges and Amounts Paid to Others on Your Behalf | $ | 7,928.00 (4) |
| 5 Amount Financed (3 + 4) | $ | 30,523.80 (5) |

OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before ___N/A___ , Year ___N/A___ . SELLER'S INITIALS **B** N/A

## NO COOLING OFF PERIOD

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term ___72___ Mos. **TMIS** Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X **C** _[signature]_

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is authorized to sell such insurance in Virginia. Your choice will not affect our decision to extend credit or the terms of this contract. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on Page 1.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Check the insurance you want and sign below:
### Optional Credit Insurance

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:

Credit Life $ ___N/A___
Credit Disability $ ___N/A___
Insurance Company Name
___N/A___
Home Office Address
___N/A___

Credit life insurance and credit disability insurance are not required to obtain credit. You have the right to use alternate coverage or buy such insurance elsewhere. Your choice of insurer will not affect our decision to extend credit or the terms of this contract. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit Disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐ N/A N/A
Type of Insurance Term
Premium $ ___N/A___
Insurance Company Name
___N/A___
Home Office Address
___N/A___

☐ N/A N/A
Type of Insurance Term
Premium $ ___N/A___
Insurance Company Name
___N/A___
Home Office Address
___N/A___

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. Your choice of insurer will not affect our decision to extend credit or the terms of this contract.

I want the insurance checked above.

X D **N/A** N/A
Buyer Signature Date
X D **N/A** N/A
Co-Buyer Signature Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE.**

**Returned Payment Charge:** If any check you give us is dishonored or electronic payment you make is returned unpaid, we may, at our option, charge you $ ___50___.

True and Accurate Completed Copy · UCC Non-Authoritative Copy

True and Accurate Completed Copy · UCC Non-Authoritative Copy

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

## OTHER IMPORTANT AGREEMENTS

### 1. FINANCE CHARGE AND PAYMENTS

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

e. **Your right to refinance a balloon payment.** A balloon payment is any payment other than a down payment that is more than 10% greater than the regular or recurring installment payments. If you use the vehicle primarily for consumer purposes, you have the right to refinance a balloon payment over an extended period with additional payments. The additional periodic payments will not be more than 10% greater than the regularly scheduled installment payments.

### 2. YOUR OTHER PROMISES TO US

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits.

If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

### 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You pay any payment (plus any late charges) more than 10 days late or not at all;
- You give us false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. You will also pay any collection costs we incur as the law allows.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

This is a copy of the Customer Completed signed electronic form held by RouteOne LLC.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy

**f.** **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**g.** **What we may do about optional insurance, maintenance, service or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4.** **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**5.** **SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**6.** **APPLICABLE LAW**
Federal law and the law of the state of our address shown on page 1 of this contract apply to this contract.

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract is legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract, along with all other documents signed by you in connection with the purchase of the vehicle, comprise the entire agreement between you and us affecting this purchase. No oral agreements or understandings are binding. Upon assignment of this contract: (i) only this contract and addenda to this contract comprise the entire agreement between you and the assignee relating to this contract; (ii) any change to this contract must be in writing and the assignee must sign it; and (iii) no oral changes are binding. Buyer Signs X E _____ Co-Buyer Signs X E   **N/A**

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
**See the rest of this contract for other important agreements.**

## NO LIABILITY INSURANCE INCLUDED

**NOTICE TO RETAIL BUYER:** Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision on page 5, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs x F _____ Date 11/27/2017  Co-Buyer Signs x F   **N/A** _____ Date ___ N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X   **N/A** _____ Address _____ **N/A** _____

Seller signs ALEXANDRIA TOYOTA, INC. _____ Date 11/27/2017 By x F _____ Title F&I MANAGER

 **WESTERN UNION WU**

12/17/2022 | 5:22 PM

# Transfer details


09/22/2022
## Toyota Motor Credit

Complete

## 1194.00 USD

Tracking No. (MTCN): 601 696 6924

## Sender details

Milford Washington
Credit card ending in  X64863

## Payout location

United States

## Delivery time

2 - 4 hours

## Receiver details

Toyota Motor Credit

Delivery method:  Bill payment

## Summary

| | | |
|---|---:|---|
| Transfer amount | 1194.00 | USD |
| Transfer fee | + 59.00 | USD |
| **Transfer total** | **1253.00** | USD |
| | | |
| **Total to receiver** | **1194.00** | USD |



PLAINTIFF'S EXHIBIT

‹ Back

| Open/closed | **Closed** |
| --- | --- |
| Date opened | **Nov 27, 2017** |
| Account type | **Auto Loan** |

# Payment summary

|  | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2022 | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 90 | R | R | R | - |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | - | - | - | - | - | - | - | - | - | - | ✓ | ✓ |

**PAYMENT HISTORY LEGEND** ∧

| ✓ | On Time |
| --- | --- |
| R | Repossession |
| 30 | 30 Days Late |
| 60 | 60 Days Late |
| 90 | 90 Days Late |
| - | Data Unavailable |



| Status | **Repossession** |
| --- | --- |
| Status updated | **Sep 2022** |
| Past due amount | **$3,662** |
| Original balance | **$30.523** |

Original balance                                                      $30,523

‹ **Back**

| Open/closed | **Closed** |
| --- | --- |

| Date opened | **Nov 27, 2017** |
| --- | --- |

| Account type | **Auto Loan** |
| --- | --- |

## Payment summary

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2022 | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 90 | R | R | R | - |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | . | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | - | - | - | - | - | - | - | - | - | - | ✓ | ✓ |

**PAYMENT HISTORY LEGEND**

| ✓ | On Time |
| --- | --- |
| R | Repossession |
| 30 | 30 Days Late |
| 60 | 60 Days Late |
| 90 | 90 Days Late |
| - | Data Unavailable |

| Status | **Repossession** |
| --- | --- |

| Status updated | **Sep 2022** |
| --- | --- |

| Past due amount | **$3,662** |
| --- | --- |

Original balance                                                      $30,523



**TOYOTA**
Financial Services

P.O. Box 22202
Owings Mills, MD 21117-1397

10/31/2022

MDG2022 0001111101

MILFORD WASHINGTON
700 12TH ST SE APT 210
WASHINGTON, DC 20003



| | |
|---|---|
| Account: | 0316616760 |
| Our Claim: | 205944 |
| Customer Name: | MILFORD WASHINGTON |
| Vehicle: | 2017 Toyota PRIUS |
| VIN: | JTDKBRFU8H3578424 |

Dear MILFORD WASHINGTON,

Thank you for notifying us of the total loss of the vehicle referenced above. We recognize this is a difficult situation and we look forward to partnering with you to resolve this matter quickly and efficiently.

Please review the following:

- Monthly payments to your account are no longer required. You do not need to continue to pay your regular monthly payment while we await payment from your insurance provider, but you will be responsible for any balance that remains after your insurer's payment is applied to your account. You will also be responsible for any balance that remains if no payment is received from your insurer. If your vehicle is not deemed a total loss, then you will be responsible for any payments not made while your claim was being reviewed by your insurance company.
- Your insurance company will determine the value of your vehicle. Please contact your insurer with questions regarding that determination and its payment. In the event the payment received from your insurance company does not pay your balance in full, TMCC will review your insurance payment for accuracy and request the additional funds owed to you from your insurance company. If successful, a portion of the additional funds received from your insurance company will be deducted from the amount applied to your account as a servicing fee for identifying the error and having it corrected with your insurer.
- If your insurer's payment does not pay the balance in full, any optional insurance products still in force may be cancelled, and the prorated refund(s) applied to your balance. Once we receive your insurer's payment and any optional insurance product refunds, we will send you a statement of balance. You will have 30 days to pay the balance in full or contact us to make payment arrangements.
- If there is a surplus on your account after all payments and refunds are applied, we will send you a check approximately 10 days after the account is closed.
- Your contract includes GAP coverage. We will assist you in filing your GAP claim, but might need your assistance in obtaining certain documents. If you have not already done so, please fax a copy of your Insurance Valuation, Settlement Breakdown, Police Report, Declarations Page and Damage Estimate to 678-496-2765. If you do not have insurance, then please send a copy of the official Police Report and Damage Estimate instead.

If you have any questions regarding this notice, please contact us at 800-874-8822, Mon-Fri, 8am to 6pm EST.

Sincerely,

Toyota Motor Credit Corporation (TMCC)

> BANKRUPTCY NOTICE: Debtors and debtors-in-possession are afforded certain rights and protections that are not affected or modified by this letter. If you are entitled to the protections of the United States Bankruptcy Code (including but not limited to 11 U.S.C.§§ 362 and 524) regarding the subject matter of this letter, the following applies to you: **THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE. IT IS PROVIDED TO YOU FOR INFORMATION PURPOSES ONLY.**

Toyota Financial Services is a service mark of Toyota Motor Credit Corporation



**TOYOTA MOTOR CREDIT COPORATION**
PO BOX 5855
CAROL STREAM, IL 60197-5855
(800) 279-9032

14055641

[barcode]
MILFORD WASHINGTON
1208 PEACHTREE CREEK CIR
ATLANTA, GA 30341-5352

[barcode]

| DATE OF CONTRACT | DATE OF NOTICE |
|---|---|
| 11/27/2017 | 07/06/2022 |

| ACCOUNT NUMBER |
|---|
| 704-031-6616760-0001 |

| DESCRIPTION OF COLLATERAL | |
|---|---|
| YEAR | MAKE/MODEL |
| 2017 | TOYOTA PRIUS |

| VEHICLE IDENTIFICATION NUMBER |
|---|
| JTDKBRFU8H3578424 |

## NOTICE OF RIGHT TO CURE YOUR DEFAULT

__07/29/2022__ is the **LAST DATE FOR PAYMENT**

__$ 2,156.66__ is the **AMOUNT NOW DUE**

Dear MILFORD WASHINGTON:

You are now in default on the above-referenced retail installment contract with Toyota Motor Credit Corporation ("TMCC"). If you pay the **AMOUNT NOW DUE** (see above) by the **LAST DAY FOR PAYMENT** (see above), you may continue under the above-referenced agreement as though you were not late. If you do not pay by that date, we may exercise our rights under the law.

If you submit a payment to us that is less than the **AMOUNT NOW DUE** set forth above, we may choose to keep that payment without waiving any rights we may have under the law, including, but not limited to, repossession of the vehicle.

In the past, we may have accepted late payments from you without strictly enforcing the agreement terms. We are sending this notice to advise you that we intend to enforce your agreement unless you cure the default as described above.

Make your payment payable to TMCC and mail to the address set forth above. Be sure to write your account number on your check. If you have any questions, write or telephone us promptly at the address or telephone number listed above.

Sincerely,

Toyota Financial Services

**BANKRUPTCY NOTICE:** Debtors and debtors-in-possession are afforded certain rights and protections that are not affected or modified by this letter. If you are entitled to the protections of the United States Bankruptcy Code (including but not limited to 11 U.S.C. §§ 362 and 524) regarding the subject matter of this letter, the following applies to you: **THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.**

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Toyota Financial Services is a service mark of Toyota Motor Credit Corporation (TMCC). Retail installment accounts may be owned by TMCC or its securitization affiliates and lease accounts may be owned by Toyota Lease Trust (TLT) or its securitization affiliates. TMCC is the servicer for accounts owned by TMCC, TLT, and their securitization affiliates



This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

| Seller assigns its interest in this contract to | Toyota Motor Credit Corporation | (Assignee) under the terms of Seller's agreement(s) with Assignee. |
|---|---|---|
| ☐ Assigned with recourse | ☒ Assigned without recourse | ☐ Assigned with limited recourse |

| Seller ALEXANDRIA TOYOTA, INC. | By **G** _Keith_ | Title F&I MANAGER |
|---|---|---|

True and Accurate Completed Copy - UCC Non-Authoritative Copy

**LAW** FORM NO. 553-VA-ARB-ea (REV. 7/14) U.S. PATENT NO. D469,782
©2014 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

*LAW 553-VA-ARB-ea 7/14 v1*   Page 5 of 5

**TOYOTA MOTOR CREDIT CORPORATION**
**PO BOX 5855**
**CAROL STREAM, IL 60197-5855**
**(800) 279-9032**

⊕ **TOYOTA**
FINANCIAL SERVICES

| DATE OF CONTRACT | |
|---|---|
| | 11/27/2017 |
| DATE OF NOTICE | |
| | 08/05/2022 |
| ACCOUNT NUMBER | |
| | 704-031-6616760-0001 |
| DESCRIPTION OF PROPERTY | |
| YEAR | MAKE-MODEL |
| 2017 | TOYOTA PRIUS |
| VEHICLE IDENTIFICATION NUMBER | |
| | JTDKBRFU8H3578424 |

16555407

MILFORD WASHINGTON
700 12TH ST SE
WASHINGTON, DC 20003

### NOTICE OF DEFAULT AND
### INTENTION TO REPOSSESS

You are now in default on your retail installment contract. Toyota Motor Credit Corporation ("TMCC") is giving you a right to correct this default until **08/23/2022**. If you do so, then you may continue with the retail installment contract as though you did not default. Your default consists of **4** payment(s) for the payment due date(s) of **April 2022** in the monthly payment amount of **$ 596.29**, plus accumulated late charges of $359.92 and/or other default consisting of: **$0.00**.

### TOTAL AMOUNT NOW DUE: $ 2,782.76

Correction of the Default: On or before **08/23/2022**, you must do the following in order to cure your default:

[X] Pay the **TOTAL AMOUNT NOW DUE** shown above.     [ ] Provide proof of acceptable physical damage insurance coverage.

[ ] Other: _____

If you do not pay the **TOTAL AMOUNT NOW DUE** shown above and if you do not cure any other default listed above by the date stated above, TMCC may repossess the above-described vehicle wherever it may be found. If you submit a payment to TMCC that is less than the **TOTAL AMOUNT NOW DUE** set forth above, you will not have cured your default and TMCC may choose to keep that payment without waiving any rights it may have under the law, including but not limited to, any right it may have to retake the vehicle which is the subject of your contractual obligation with TMCC. If the vehicle cannot be found, TMCC may take legal action against you to recover it. If the vehicle is repossessed, you will have the rights described below.

(1) Within five (5) days after TMCC repossesses the vehicle, TMCC will personally deliver or mail to you at your last known address by registered or certified mail, a written notice which states: (a) your right to redeem (get back) the vehicle and the amount payable to do so; (b) your rights as to a resale of the vehicle if you do not redeem it; (c) your liability for any deficiency following the resale of the vehicle; and (d) the address where payment is to be made or any notice is to be delivered.

(2) For at least fifteen (15) days after TMCC gives the notice described in Paragraph 1 above, it will retain the vehicle. During this period, you have the right to reinstate the retail installment contract, retake possession of the vehicle and resume performance of the retail installment contract.

(3) To reinstate the retail installment contract and retake possession of the vehicle, you will have to pay the amount due under the retail installment contact at the time you reinstate and do every other act required to be taken by you to cure the default for which the vehicle was repossessed, and if this Notice was given, pay the actual and reasonable expense of repossessing and storing the vehicle.

(4) At any time prior to the sale of the vehicle, you have the right to redeem the vehicle by paying the entire balance due under the retail installment contract which, provided this Notice was given, will include the actual and reasonable expenses of repossessing and storing the vehicle.

(5) Provided you have not exercised your rights to reinstate or redeem, TMCC will sell the vehicle at public or private sale. At least fifteen (15) days before the sale, TMCC will notify you in writing of the time and place of the public sale or the time after which a private sale may be held, by certified or registered mail, return receipt requested, sent to your last known address. If you have paid at least 50% of the cash price of the vehicle, the vehicle will be sold at a public sale. If TMCC is unsatisfied by the highest bid received at this public sale, it may reject all bids and sell the vehicle at private sale for not less than the highest bid received at the public sale or auction. If you have paid less than 50% of the cash price of the vehicle, TMCC may sell the vehicle at a public or private sale unless, within the fifteen (15) day reinstatement period, you request a public sale in writing and you deposit the sum of $15 with TMCC.

(6) You will be furnished a written statement which shows the distribution of the proceeds from the sale. If the sale proceeds are not sufficient to pay all that you owe, then you will be responsible for paying the difference. If you do not pay the amount which you owe when TMCC demands it, TMCC may pursue its legal rights, including the possibility of filing a lawsuit against you. If legal action is taken against you, you may be required to pay TMCC reasonable attorneys' fees and court costs.

(7) If the sale proceeds are sufficient to pay TMCC all that you owe and there is money remaining, and if TMCC does not pay the surplus to the holder of a security interest in the vehicle, if any, junior to TMCC, then the money left over will be paid to you.

(8) In some cases, TMCC may return the vehicle to the dealer where you purchased it. TMCC's agreement with the dealer provides that the dealer pay what it owes to TMCC, and TMCC will deliver the vehicle to the dealer, who then has the right to sell it. You will still retain all the rights and obligations set forth in this Notice. If there is any money remaining after the expenses of sale as described above and after the dealer is reimbursed, then the dealer will pay it to you.

(9) All insurance which is financed under the retail installment contract will be canceled if you do not redeem the vehicle, and the unearned insurance premiums and unearned finance charges, if any, will be refunded and credited to the amount you owe TMCC.

You are reminded that another payment of **$ 596.29** becomes due on **08/08/2022**. This amount is not included in the **TOTAL AMOUNT NOW DUE** above.

If you have any questions promptly write or telephone TMCC at the address or telephone number above.

| **This is an attempt to collect a debt and any information obtained will be used for that purpose.** |
|---|

For use only in the District of Columbia

V3 S-403 DC (10/21)

## U.S. Postal Service™ CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Chandler, AZ 85244

OFFICIAL USE

7022 0410 0001 8570 8351

| | |
|---|---|
| Certified Mail Fee $4.00 | 0379 |
| $ $3.75 | 44 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ $0.00 | Postmark Here |
| ☐ Return Receipt (electronic) $ $0.00 | |
| ☐ Certified Mail Restricted Delivery $ $0.00 | |
| ☐ Adult Signature Required $ $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $0.60 | 10/07/2022 |
| Total Postage and Fees $7.35 | |

Sent To: TOYOTA FINANCIAL

Street and Apt. No., or PO Box No.: P.O.B. 1532

City, State, ZIP+4®: CHANDLER, AZ 85244

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

## U.S. Postal Service™ CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

7022 0410 0001 8570 8399

| | |
|---|---|
| Certified Mail Fee 4.00 | |
| $ | |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ 3.25 | Postmark Here |
| ☐ Return Receipt (electronic) $ | |
| ☐ Certified Mail Restricted Delivery $ | |
| ☐ Adult Signature Required $ | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage .84 | |
| Total Postage and Fees 8.09 | |

Sent To: TOYOTA FINANCIAL SANDRA P. ROGERS

Street and Apt. No., or PO Box No.: P.O. BOX 22202

City, State, ZIP+4®: OWINGS MILLS, MD 21117

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

## U.S. Postal Service™ CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Cedar Rapids, IA 52409

OFFICIAL USE

7022 1670 0001 5743 6043

| | |
|---|---|
| Certified Mail Fee $4.00 | 0379 |
| $ $3.25 | 9 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ $0.00 | Postmark Here |
| ☐ Return Receipt (electronic) $ $0.00 | |
| ☐ Certified Mail Restricted Delivery $ $0.00 | |
| ☐ Adult Signature Required $ $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $1.08 | 11/25/2022 |
| Total Postage and Fees $8.33 | |

Sent To: TOYOTA FINANCIAL SVCS-REVOCATION

Street and Apt. No., or PO Box No.: PO BOX 9490

City, State, ZIP+4®: CEDAR RAPIDS, IA 52409

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

## U.S. Postal Service™ CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Owings Mills, MD 21117

OFFICIAL USE

7022 2410 0000 3661 7379

| | |
|---|---|
| Certified Mail Fee $4.00 | 0907 |
| $ $3.25 | 6 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ | Postmark Here |
| ☐ Return Receipt (electronic) $ $0.00 | |
| ☐ Certified Mail Restricted Delivery $ $0.00 | |
| ☐ Adult Signature Required $ $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $2.16 | 12/20/2022 |
| Total Postage and Fees $9.41 | |

Sent To: TOYOTA FINANCIAL SERVICES (VEHIC)

Street and Apt. No., or PO Box No.: P.O. BOX 22202

City, State, ZIP+4®: OWINGS MILLS, MD 21117

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

PLAINTIFF'S EXHIBIT 6

## Toyota Brand Engagement Center Confirmation

**Toyota Brand Engagement Center** <becdonotreply@toyota.com>

Wed 11/9/2022 3:36 PM

To: Milford Washington <mwashington@risingforjustice.org>

Thank you for contacting **Toyota Motor Sales, U.S.A., Inc!**

We received your message. This email is an automated acknowledgement of your inquiry and we will have a tailored response to you as quickly as possible.

For immediate assistance,
please contact the **Toyota Brand Engagement Center:**

**1-800-331-4331**

**Monday** through **Friday: 8:00 AM** to **8:00 PM ET**
**Saturday: 9:00 AM** to **7:00 PM ET**

**Please note: we are closed most national holidays.**

We appreciate your patience.

Sincerely,
Toyota Brand Engagement Center

Reference # **221109001454**

Note: This email was sent from a notification-only e-mail address that cannot accept incoming e-mail. Please do not reply to this message.

FILED 2/14/2023 3:03 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

1     # IN THE SUPERIOR COURT OF DEKALB COUNTY
2     ## STATE OF GEORGIA

3

4     MILFORD WASHINGTON, Pro Se          |

5                    *Plaintiff,*          |

6         v.                               | CIVIL ACTION CASE NO:
                                             23CV2164
7     UADR, Inc. and TOYOTA MOTOR          |   _____

8     CREDIT CORPORATION, *et. al.*        |

9                    *Defendant(s).*       |

10    _____     |

11

12    ## <u>WITNESS AFFIDAVIT</u>
13
14         I, Quiana R. Hairston, hereby state that the following factual events are

15    based upon my personal knowledge and belief, and are as follows, to-wit:

16    1. That, I am, the daughter of Milford Washington, who was owner of a

17       Teal Green 2017 Toyota Prius JTDKBRFU8H3578424, was parked,

18       believed to be stolen from Atlanta, Georgia, at the location ARIUM

19       APARTMENTS, 1208 Peachtree Creek Circle, Atlanta, 30345;

20    2. That, on Sunday, September 25, 2022, when I came outside to walk

21       my pet, I noticed that my father's motor vehicle was gone;

22    3. That, on that same day, I contacted my father, informing him that his

23       car was gone.