# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

NICKOLAS L. EWING,

       Plaintiff,

   vs.

| | |
|---|---|
| STEVEN HARDY (SO1453), individually and as an officer of the Gwinnett County Sheriff's Office; DEPUTY HALL (SO1188), individually and as an officer of the Gwinnett County Sheriff's Office; DEPUTY LOPEZ (SO1151), individually and as an officer of the Gwinnett County Sheriff's Office; SERGEANT HALL (SO1115), individually and as an officer of the Gwinnett County Sheriff's Office; SERGEANT FUSI (SO409), individually and as an officer of the Gwinnett County Sheriff's Office; DEPUTY HENRY (SO1854), individually and as an officer of the Gwinnett County Sheriff's Office; DEPUTY COLE (SOK92), individually and as an officer of the Gwinnett County Sheriff's Office; INVESTIGATOR BLACK (SO1529), individually and as an officer of the Gwinnett County Sheriff's Office; DEPUTY BUTLER (SOK94), individually and as an officer of the Gwinnett County Sheriff's Office; DEPUTY PEREZ, individualy, and as an officer of the Gwinnett County Sheriff's Office; and Keybo Taylor, Gwinnett County Sheriff, | Civil Action File No.: |
| | JURY DEMAND |

       Defendants.

1

## COMPLAINT

COMES NOW Plaintiff, NICKOLAS L. EWING, by and through undersigned counsel and files this Complaint against STEVEN HARDY (SO1453), individually and as an officer of the Gwinnett County Sheriff's Office; DEPUTY HALL (SO1188), individually and as an officer of the Gwinnett County Sheriff's Office; DEPUTY LOPEZ (SO1151), individually and as an officer of the Gwinnett County Sheriff's Office; SERGEANT HALL (SO1115), individually and as an officer of the Gwinnett County Sheriff's Office; SERGEANT FUSI (SO409), individually and as an officer of the Gwinnett County Sheriff's Office; DEPUTY HENRY (SO1854), individually and as an officer of the Gwinnett County Sheriff's Office; DEPUTY COLE (SOK92), individually and as an officer of the Gwinnett County Sheriff's Office; INVESTIGATOR BLACK (SO1529), individually and as an officer of the Gwinnett County Sheriff's Office; DEPUTY BUTLER (SOK94), individually and as an officer of the Gwinnett County Sheriff's Office; and Keybo Taylor, Gwinnett County Sheriff in the above styled action, alleging as follows:

2

# Table of Contents

PARTIES ................................................................................6

JURISDICTION AND VENUE...........................................................13

FACTS AS TO PLAINTIFF ................................................................14

COUNT I - FOURTH AMENDMENT VIOLATION – USE OF EXCESSIVE FORCE - 42 U.S.C. § 1983 – AGAINST DEPUTY COLE........22

COUNT II - FOURTH AMENDMENT VIOLATION – USE OF EXCESSIVE FORCE - 42 U.S.C. § 1983 – AGAINST GWINNETT COUNTY SHERRIFF'S OFFICE ........................................................24

COUNT III – FOURTH AMENDMENT VIOLATION - FAILURE TO INTERVENE - 42 U.S.C. § 1983 – AGAINST ALL DEFENDANTS .............27

COUNT IV - FAILURE TO TRAIN (USE OF FORCE WITH K9) - FOURTH AMENDMENT VIOLATION ........................................................28

COUNT V – FOURTEENTH AMENDMENT VIOLATION - SUBSTANTIVE DUE PROCESS VIOLATION - 42 U.S.C. § 1983 ...............31

COUNT VI – FOURTEENTH AMENDMENT VIOLATION – EQUAL PROTECTION VIOLATION - 42 U.S.C. § 1983 ............................................32

COUNT VII – FOURTH AMENDMENT VIOLATION - FAILURE TO INTERVENE / REPORT- 42 U.S.C. § 1983 – AGAINST ALL DEFENDANTS ......................................................................................................................33

COUNT VIII – ARREST ABUSE UNDER GEORGIA CONSTITUTION – AGAINST ALL DEFENDANTS....................................................................34

COUNT IX - FOURTH AMENDMENT VIOLATION – ABUSE DURING PRE-TRIAL INCARCERATION  - 42 U.S.C. § 1983 – AGAINST DEPUTY PEREZ AND GWINNETT COUNTY SHERRIFF'S OFFICE ........35

COUNT X - FOURTH AMENDMENT VIOLATION – ABUSE DURING PRE-TRIAL INCARCERATION  - 42 U.S.C. § 1983 – AGAINST GWINNETT COUNTY SHERRIFF'S OFFICE .................................................37

COUNT XI – PRISONER ABUSE UNDER GEORGIA CONSTITUTION – AGAINST PEREZ AND SHERIFF ................................40

## **PARTIES**

1.

Plaintiff Nickolas L. Ewing (hereafter "Plaintiff" or "Mr. Ewing") is a resident of Gwinnett County, Georgia.

2.

At all times material herein, Defendant Steven Hardy (hereafter "Deputy Hardy") was an on-duty Deputy for the Gwinnett County Sheriff's Office.

3.

At all times material herein, Deputy Hardy was acting under the color of state law with badge number SO1453.

4.

Deputy Hardy may be served at his place of employment, which is Gwinnett County Sheriff's Office, 2900 University Parkway, Lawrenceville, GA 30043.

5.

At all times material herein, Defendant Deputy Hall was an on-duty Deputy for the Gwinnett County Sheriff's Office with badge number SO1188.

6.

At all times material herein, Deputy Hall was acting under the color of state law.

7.

Deputy Hall may be served at their place of employment, which is Gwinnett County Sheriff's Office, 2900 University Parkway, Lawrenceville, GA 30043.

8.

At all times material herein, Defendant Deputy Lopez was an on-duty Deputy for the Gwinnett County Sheriff's Office with badge number SO1151.

9.

At all times material herein, Deputy Lopez was acting under the color of state law.

10.

Deputy Lopez may be served at their place of employment, which is Gwinnett County Sheriff's Office, 2900 University Parkway, Lawrenceville, GA 30043.

11.

At all times material herein, Defendant Sergeant Hall was an on-duty Sergeant for the Gwinnett County Sheriff's Office with badge number SO1115.

12.

At all times material herein, Sergeant Hall was acting under the color of state law.

13.

Sergeant Hall may be served at their place of employment, which is Gwinnett County Sheriff's Office, 2900 University Parkway, Lawrenceville, GA 30043.

14.

At all times material herein, Defendant Sergeant Fusi was an on-duty Sergeant for the Gwinnett County Sheriff's Office with badge number SO409.

15.

At all times material herein, Sergeant Fusi was acting under the color of state law.

16.

Sergeant Fusi may be served at their place of employment, which is Gwinnett County Sheriff's Office, 2900 University Parkway, Lawrenceville, GA 30043.

17.

At all times material herein, Deputy Henry was an on-duty Deputy for the Gwinnett County Sheriff's Office with badge number SO1854.

18.

At all times material herein, Deputy Henry was acting under the color of state law.

19.

Deputy Henry may be served at their place of employment, which is Gwinnett County Sheriff's Office, 2900 University Parkway, Lawrenceville, GA 30043.

20.

At all times material herein, Defendant Deputy Cole was an on-duty Deputy for the Gwinnett County Sheriff's Office with badge number SOK92.

21.

At all times material herein, Deputy Cole was acting under the color of state law.

22.

Deputy Cole may be served at their place of employment, which is Gwinnett County Sheriff's Office, 2900 University Parkway, Lawrenceville, GA 30043.

23.

At all times material herein, Defendant Investigator Black was an on-duty Investigator for the Gwinnett County Sheriff's Office with badge number SO1529.

24.

At all times material herein, Investigator Black was acting under the color of state law.

25.

Investigator Black may be served at their place of employment, which is Gwinnett County Sheriff's Office, 2900 University Parkway, Lawrenceville, GA 30043.

26.

At all times material herein, Defendant Deputy Butler was an on-duty Deputy for the Gwinnett County Sheriff's Office with badge number SOK94.

27.

At all times material herein, Deputy Butler was acting under the color of state law.

28.

Deputy Butler may be served at their place of employment, which is Gwinnett County Sheriff's Office, 2900 University Parkway, Lawrenceville, GA 30043.

29.

At all times material herein, Defendant Deputy Perez was an on-duty Jail Deputy for the Gwinnett County Sheriff's Office, with badge number TBD.

30.

At all times material herein, Deputy Perez was acting under the color of state law.

31.

Deputy Perez may be served at her place of employment, which is Gwinnett County Sheriff's Office, 2900 University Parkway, Lawrenceville, GA 30043.

32.

Defendant Keybo Taylor, (hereinafter "Taylor" or "Sheriff") is the elected Sheriff of Gwinnett County and maintains an office at 2900 University Parkway, Lawrenceville, GA 30043 (Gwinnett County).

33.

Process may be served upon the Sheriff Keybo Taylor at the Gwinnett County Sheriff's Office at 2900 University Parkway, Lawrenceville, GA 30043 (Gwinnett County).

34.

At all times material herein, the Sheriff's Office was responsible for the policies, practices, customs, and regulations of the Gwinnett County Sheriff's Office.

35.

At all times material herein, the Sheriff's Office was responsible for the hiring, training, supervising, and disciplining of agents, employees, and police officers of the Gwinnett County Sheriff's Office.

36.

At all times material herein, the Sheriff's Office personnel were managed by Gwinnett County Sheriff's Office.

## **JURISDICTION AND VENUE**

37.

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's federal question claims arising under the Fourth Amendment to the United States Constitution and under 42 U.S.C. § 1983.

38.

Pursuant to 28 U.S.C. § 1391, venue is proper because at least one Defendant resides in this district and most Defendants reside in this State, and because the events or omissions giving rise to the claims set forth in this Complaint occurred within this district.

## **FACTS AS TO PLAINTIFF**

39.

Plaintiff is a resident of Gwinnett County, Georgia.

40.

On March 25 of 2021, at or about 23:30, officers of the Gwinnett County Sheriff's Office went to 3640 Millers Pond Way in Snellville to attempt to serve Ewing on warrant 20W08718, Aggravated Stalking, and Felony Violation of Probation, F20-02689.[1]

---

[1] Both subsequently dismissed.

41.

Plaintiff was sleeping at the time of the officers' forced entry into Plaintiff's residence.

42.

Having awakened, Plaintiff went into his bathroom to relieve himself.

43.

Hearing a commotion in the hallway, Plaintiff went into his closet to put on some cloths, since he was at that time wearing only his boxer shorts.

44.

Upon entering his closet, Plaintiff was confronted by Deputy Hardy who ordered Plaintiff to show his hands.

45.

Plaintiff, groggy from just awakening, complied with Deputy Hardy's command, and held out his hands to Deputy Hardy.

46.

At that time, K9 Kimbo bit Plaintiff on the ankle and dragged him to the floor of his closet, causing substantial lacerations and nerve damage to Plaintiff's ankle.

47.

Plaintiff was then handcuffed by Deputy Hardy and Investigator Black, while being viciously attacked by K9 Kimbo.

48.

K9 Kimbo, who was on a leash the entire time, continued to viciously bite Plaintiff on the ankle, even after he was fully handcuffed, until the officers finally had K9 Kimbo release Plaintiff.

49.

From the beginning, until the end of his encounter with the Sheriff's Officers, Plaintiff never made any threatening gestures or statements toward the officers, nor did he physically resist them in any way.

50.

Following the arrest and dog bite incident in Plaintiff's closet, Plaintiff was escorted outside, where Sergeant Fusi tended briefly to Plaintiff's dog bite wounds and wrapped Plaintiff's wounds with the same soiled towel from Plaintiff's house used to originally wrap the wound before it was tended to.

51.

An ambulance then arrived on scene at some point thereafter, and the paramedics further tended to Plaintiff's wounds, but the paramedics stated that the wounds were so severe that Plaintiff would require stitches at the hospital.

52.

Deputy Hardy then transported Plaintiff to Northside Gwinnett Hospital where he received stitches.

53.

Plaintiff was neither shown, nor read, a warrant at any time during the events described.

54.

The arresting officers had no reason whatsoever to believe that Plaintiff was armed.

55.

Plaintiff neither has, nor had, any history of weapons charges.

56.

Plaintiff's build was smaller than average.

57.

Plaintiff was not charged with resisting or obstruction during his encounter with Sherriff's officers.

58.

While in the Gwinnett County Detention Center, operated by the Sheriff, Plaintiff was not been afforded an opportunity to have the nerve damage causing severe numbness to his ankle evaluated by a medical specialist.

59.

Once Plaintiff was processed through classification, he was provided three plastic trash bags by Deputy Perez to wrap his leg to shower and was told to return the trash bags to the guard as they were "contraband."

60.

After his shower, where he only used one of the three plastic bags he was given, Plaintiff was allowed to leave his room to go to "medical" to have his wounds rebandaged.

61.

Upon leaving Medical, Plaintiff returned to Classification and was told to go back to his room by Deputy Perez.

62.

When Plaintiff reached his room, he noticed that he had forgotten to return the three plastic bags to Classification, so he collected them and was making his way down the stairs to classification to return the bags, when he was confronted by Deputy Perez, who seemed to no longer care about the return of the bags, but

instead, sent Plaintiff to his room to pack and prepare to be sent to the "hole," for twenty-seven (27) days for now being out of his room (trying to return the bags).

63.

For attempting to follow the contradictory instructions of Deputy Perez, Plaintiff then spent twenty-seven (27) days isolated in a room without any mental stimulation (save approximately 30 minutes per day).

64.

Plaintiff should not have been restricted from legal materials, even when in disciplinary isolation.

65.

During the twenty-seven (27) of solitary confinement, Plaintiff was also denied any contact with his Attorney.

66.

After Ewing's release back into general population, the conditions in the jail deteriorated considerably.

67.

An extra cot was added to each room.

20

68.

This extra cot meant that virtually all the floor space in the rooms was taken.

69.

Inmates, including Plaintiff, were not able to move about in their rooms.

70.

Increased lockdowns and diminished recreational time, made it difficult for Plaintiff to connect with his Attorney.

71.

Plaintiff still suffers from pain and numbness in his ankle from his bite injury received from K9 Kimbo on March 25 of 2021.

72.

Plaintiff was not convicted of the alleged crimes giving rise to warrant 20W08718, Aggravated Stalking, and Felony Violation of Probation, F20-02689.

## COUNT I - FOURTH AMENDMENT VIOLATION – USE OF EXCESSIVE FORCE - 42 U.S.C. § 1983 – AGAINST DEPUTY COLE

73.

Deputy Cole for deployed K-9 Kimbo against Plaintiff even though Plaintiff clearly had no weapon and was in complete compliance with Officer Hardy's instructions to hold out his hands.

74.

A law enforcement officer may use only such force as is reasonably necessary to effect an arrest or to defend himself or others from bodily harm.

75.

Deputy Cole's actions, clearly under color of State law, violated Plaintiff's Fourth Amendment right against unreasonable use of force, as applied to arrestees by the Fourteenth Amendment and decisions of the Supreme Court and Eleventh Circuit.

76.

Plaintiff therefore has a right to recover for damages under 42 U.S.C. § 1983.

77.

As a direct and proximate result of the aforementioned conduct of Defendant Cole, Plaintiff has been deprived of his constitutional rights, has suffered bodily injuries, has endured and will continue to endure significant physical and mental pain and suffering and emotional distress, and has suffered actual damages that will be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

78.

Plaintiff is entitled to recover compensatory damages from Defendant Cole resulting from Defendant Cole's unlawful conduct as alleged herein.

79.

Because the conduct of Defendant Cole was malicious, intentional, and carried out in bad faith, and because Defendant Cole acted with deliberate indifference to constitutional rights, Plaintiff is entitled to recover punitive damages from Defendant Cole.

80.

Plaintiff is entitled to recovery reasonable attorney's fees under 42 U.S.C. Section 1988.

81.

The unconstitutional conduct at issue in this case violated clearly established law of which a reasonable K-9 handler would have known, and Defendant Cole is not entitled to qualified immunity.

## COUNT II - FOURTH AMENDMENT VIOLATION – USE OF EXCESSIVE FORCE - 42 U.S.C. § 1983 – AGAINST GWINNETT COUNTY SHERRIFF'S OFFICE

82.

Gwinnett County Sheriff's Office has a policy of using excessive K-9 force against compliant suspects in violation of their Fourth Amendment rights.

83.

Plaintiff therefore has a right to recover damages under 42 U.S.C. § 1983.

84.

Deputy Hardy described the attack of Plaintiff by K-9 Kimbo as follows, "K9 Kimbo was able to get Mr. Ewing onto the floor…," indicating that using the K-9 is standard procedure despite no claim by Deputy Hardy of any resistance or obstruction by Plaintiff.

85.

The Gwinnett County Sherriff's Office's policies, practices, customs, and regulations were a moving force in the constitutional and statutory violations set out herein.

86.

A law enforcement officer may use only such force as is reasonably necessary to effect an arrest or to defend himself or others from bodily harm.

87.

Sheriff's Office actions, clearly under color of State law, violated Plaintiff's Fourth Amendment right against unreasonable use of force, as applied to arrestees by the Fourteenth Amendment and decisions of the Supreme Court and Eleventh Circuit.

88.

As a direct and proximate result of the aforementioned conduct of the Sheriff's Office through its personnel, Plaintiff has been deprived of his constitutional rights, has suffered bodily injuries, has endured and will continue to endure significant physical and mental pain and suffering and emotional distress, and has suffered actual damages that will be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

89.

Plaintiff is entitled to recover compensatory damages from the Sheriff resulting from his offices unlawful conduct as alleged herein.

90.

Because the conduct of Sheriff's Office was malicious, intentional, and carried out in bad faith, and because the Sheriff, Deputies, and Supervisors acted with deliberate indifference to constitutional rights, Plaintiff is entitled to recover punitive damages from the Sheriff.

91.

Plaintiff is entitled to recovery reasonable attorney's fees under 42 U.S.C. Section 1988.

92.

The unconstitutional policy at issue in this case violated clearly established law, and the Sheriff is not entitled to qualified immunity.

## COUNT III – FOURTH AMENDMENT VIOLATION - FAILURE TO INTERVENE - 42 U.S.C. § 1983 – AGAINST ALL DEFENDANTS

93.

All Defendants, as law enforcement officers, had a duty to intervene in cases in which a fellow officer uses excessive force because their office carries with it an affirmative duty to act.

94.

Particularly in the case where fellow officers are unjustifiably violating a compliant citizen's Fourth Amendment Right (through Fourteenth Amendment) not to be the victim of unjustified excessive force by law enforcement, the duty attaches.

95.

Plaintiff therefore has a right to recover for damages under 42 U.S.C. § 1983.

## COUNT IV - FAILURE TO TRAIN (USE OF FORCE WITH K9) - FOURTH AMENDMENT VIOLATION

### 96.

Gwinnett County Sherriff's Office has failed to train its personnel regarding not using excessive K-9 force against compliant suspects in violation of their Fourth Amendment rights.

### 97.

Plaintiff therefore has a right to recover damages under 42 U.S.C. § 1983.

### 98.

The facts described herein reflect a lack of training.

### 99.

The officers described herein were not trained that a law enforcement officer may use only such force as is reasonably necessary to effect an arrest or to defend himself or others from bodily harm.

### 100.

Sheriff's Office failure to train, clearly under color of State law, violated Plaintiff's Fourth Amendment right against unreasonable use of force, as applied

to arrestees by the Fourteenth Amendment and decisions of the Supreme Court and Eleventh Circuit.

101.

Defendant Gwinnett County Sherriff's Office is responsible for the actions of its employees, and has failed to train, supervise, or discipline them properly, leading to a pattern of unconstitutional behavior by officers working for the Gwinnett County Sherriff's Office.

102.

As a direct and proximate result of the aforementioned conduct of the Sheriff's Office through its personnel, Plaintiff has been deprived of his constitutional rights, has suffered bodily injuries, has endured and will continue to endure significant physical and mental pain and suffering and emotional distress, and has suffered actual damages that will be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

103.

Plaintiff is entitled to recover compensatory damages from the Sheriff resulting from his office's unlawful conduct as alleged herein.

104.

Because the conduct of Sheriff's Office was malicious, intentional, and carried out in bad faith, and because the Sheriff, Deputies, and Supervisors acted with deliberate indifference to constitutional rights, Plaintiff is entitled to recover punitive damages from the Sheriff.

105.

Plaintiff is entitled to recovery reasonable attorney's fees under 42 U.S.C. Section 1988.

106.

The unconstitutional policy at issue in this case violated clearly established law, and the Sheriff is not entitled to qualified immunity.

## COUNT V – FOURTEENTH AMENDMENT VIOLATION - SUBSTANTIVE DUE PROCESS VIOLATION - 42 U.S.C. § 1983

107.

Every citizen of the United States has the right to due process under the Fourteenth Amendment of the Constitution of the United States.

108.

This Count is against all Defendants because Plaintiff was denied due process in that the actions of Gwinnett County Sherriff's Office personnel of having, or allowing, Plaintiff to be attacked by K-9 Kimbo regardless of his total compliance with officer's instructions and the fact that Plaintiff presented no threat of bodily harm whatsoever to the officers amounts to vigilantism under color of State law and is an unreasonable violation of Plaintiff's Fourteenth Amendment Rights.

109.

Plaintiff therefore has a right to recover for damages under 42 U.S.C. § 1983.

## COUNT VI – FOURTEENTH AMENDMENT VIOLATION – EQUAL PROTECTION VIOLATION - 42 U.S.C. § 1983

110.

Against all Defendants who all denied Plaintiff equal protection under the law as is required under the Fourteenth Amendment of the United States Constitution.

111.

Plaintiff, a man in his fifties, was set upon by K-9 Kimbo under the supervision of Deputy Cole, and in the presence of other Gwinnett County Sheriff's Office Officers, when he offered no threat of resistance whatsoever, and was in absolute compliance with officers' instructions, when he suffered horrific injuries to his ankle.

112.

Gwinnett County Sheriff's Office has a history of committing such acts against men.

113.

Because Plaintiff had a right to equal protection under the U.S. Constitution of which he was deprived by Defendants, Plaintiff has a right to recover for damages under 42 U.S.C. § 1983.

## COUNT VII – FOURTH AMENDMENT VIOLATION - FAILURE TO INTERVENE / REPORT- 42 U.S.C. § 1983 – AGAINST ALL DEFENDANTS

114.

All Defendants, as law enforcement officers, had a duty to intervene in cases in which a fellow officer uses excessive force because their office carries with it an affirmative duty to act.

115.

Particularly in the case where fellow officers are unjustifiably violating a compliant citizen's Fourth Amendment Right (through Fourteenth Amendment)

not to be the victim of unjustified excessive force by law enforcement, the duty attaches.

116.

Here, even if intervention could not be effected by certain individuals with sufficient speed, the matter could have been reported to protect the citizens of Gwinnett, rather than left unaddressed as if proper.

117.

Plaintiff therefore has a right to recover for damages under 42 U.S.C. § 1983.

## COUNT VIII – ARREST ABUSE UNDER GEORGIA CONSTITUTION – AGAINST ALL DEFENDANTS

118.

All Defendants, as law enforcement officers, had a duty not to abuse any person being arrested or under arrest.  Ga. Const. Art. I, Section I, Paragraph XVII.

119.

Plaintiff therefore has a right to recover against Defendants.

## COUNT IX - FOURTH AMENDMENT VIOLATION – ABUSE DURING PRE-TRIAL INCARCERATION  - 42 U.S.C. § 1983 – AGAINST DEPUTY PEREZ AND GWINNETT COUNTY SHERRIFF'S OFFICE

120.

As described herein Deputy Perez abused Plaintiff during pre-trial incarceration in violation of his Fourth Amendment rights.

121.

Plaintiff therefore has a right to recover damages under 42 U.S.C. § 1983.

122.

Sheriff's Office actions, clearly under color of State law, violated Plaintiff's Fourth Amendment right against unreasonable treatment as an inmate applied to inmates by the Fourteenth Amendment and decisions of the Supreme Court and Eleventh Circuit.

123.

As a direct and proximate result of the aforementioned conduct of the Sheriff's Office through its personnel, Plaintiff has been deprived of his constitutional rights, has suffered bodily injuries, has endured and will continue to endure significant physical and mental pain and suffering and emotional distress, and has suffered actual damages that will be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

124.

Plaintiff is entitled to recover compensatory damages from the Deputy Perez and the Sheriff resulting from their unlawful conduct as alleged herein.

125.

Because the conduct of Deputy Perez and the Sheriff's Office was malicious, intentional, and carried out in bad faith, and because the Sheriff, Deputies, and Supervisors acted with deliberate indifference to constitutional rights, Plaintiff is entitled to recover punitive damages from the Sheriff.

126.

Plaintiff is entitled to recovery reasonable attorney's fees under 42 U.S.C. Section 1988.

127.

The unconstitutional policy at issue in this case violated clearly established law, and Deputy Perez nor the Sheriff is not entitled to qualified immunity.

## COUNT X - FOURTH AMENDMENT VIOLATION – ABUSE DURING PRE-TRIAL INCARCERATION  - 42 U.S.C. § 1983 – AGAINST GWINNETT COUNTY SHERRIFF'S OFFICE

128.

Gwinnett County Sherriff's Office has a policy of depriving inmates of their rights in violation of the Fourth Amendment.

129.

Plaintiff therefore has a right to recover damages under 42 U.S.C. § 1983.

130.

The Gwinnett County Sherriff's Office's policies, practices, customs, and regulations were a moving force in the constitutional and statutory violations set out herein.

131.

A law enforcement officer may incarcerate only as provided and under the terms set out in law.

132.

Sheriff's Office actions, clearly under color of State law, violated Plaintiff's Fourth Amendment right against unreasonable use of force, as applied to pre-trial inmates by the Fourteenth Amendment and decisions of the Supreme Court and Eleventh Circuit.

133.

As a direct and proximate result of the aforementioned conduct of the Sheriff's Office through its personnel, Plaintiff has been deprived of his constitutional rights, has suffered bodily injuries, has endured and will continue to endure significant physical and mental pain and suffering and emotional distress, and has suffered actual damages that will be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

134.

Plaintiff is entitled to recover compensatory damages from the Sheriff resulting from his office's unlawful conduct as alleged herein.

135.

Because the conduct of Sheriff's Office was malicious, intentional, and carried out in bad faith, and because the Sheriff, Deputies, and Supervisors acted with deliberate indifference to constitutional rights, Plaintiff is entitled to recover punitive damages from the Sheriff.

136.

Plaintiff is entitled to recover reasonable attorney's fees under 42 U.S.C. Section 1988.

137.

The unconstitutional policy at issue in this case violated clearly established law, and the Sheriff is not entitled to qualified immunity.

## COUNT XI – PRISONER ABUSE UNDER GEORGIA CONSTITUTION – AGAINST PEREZ AND SHERIFF

138.

Said Defendants, as law enforcement officers, had a duty not to abuse any person in prison.  Ga. Const. Art. I, Section I, Paragraph XVII.

139.

Plaintiff therefore has a right to recover against Defendants.

WHEREFORE, Plaintiff respectfully prays that this Court:

a)  Cause process to issue;

b)  Conduct a trial by jury on all issues;

c)  Enter judgment awarding compensatory damages to compensate Plaintiff for damages incurred as a result of Defendants' unlawful conduct;

d) Enter judgment awarding Plaintiff punitive damages in an amount sufficient to punish Defendants for their unlawful conduct and to deter Defendants and others from similar unlawful conduct in the future;

e) Award attorney's fees and expenses of litigation to counsel for Plaintiff;

f) Tax all costs of this action against Defendants; and

g) Award Plaintiffs such other relief as this Court deems just, equitable, or appropriate.

This 27th day of March, 2023.

/s/ Drew Mosley
Drew Mosley
Counsel for Plaintiff
GA Bar #: 526406
DREW MOSLEY, LLC
279 W. Crogan St.
Lawrenceville, GA 30046
O: (678) 225-0098
F: (678) 221-0230
drew@mlawmail.com

## <u>LOCAL RULE CERTIFICATION</u>

Undersigned counsel attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

Respectfully submitted this 27th day of March, 2023.

<u>/s/ Drew Mosley</u>
Drew Mosley
Counsel for Plaintiff
GA Bar #: 526406
DREW MOSLEY, LLC
279 W. Crogan St.
Lawrenceville, GA 30046
O: (678) 225-0098
F: (678) 221-0230
drew@mlawmail.com
