IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA LEVY, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| SWAROVSKI RETAIL ) | JURY TRIAL DEMANDED |
| VENTURES LTD., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, Plaintiff Donna Levy ("Ms. Levy" or "Plaintiff") and files this *Complaint* pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") against Defendant Swarovski Retail Ventures Ltd. ("Defendant").

### JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

2.

Defendant does business in this district and division; therefore, this Court has personal jurisdiction over Defendant. In addition, a substantial part of the acts

and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. § 1391.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is a major retailer that sells glass and crystal products, jewelry, and other accessories.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## ADMINISTRATIVE PREREQUISITES

6.

Ms. Levy timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on August 17, 2022.

7.

On February 23, 2023, the EEOC issued a Dismissal and Notice of Right to Sue. This Complaint has been timely filed within 90 days of receipt of the notice of Right to Sue.

**FACTS**

8.

Ms. Levy worked as Assistant Manager at Defendant's store in the Mall of Georgia in Buford, Georgia from February 2021 until August 1, 2022, when she resigned.

9.

Ms. Levy's supervisor was General Manager Alicia Nicholas.

10.

Throughout Ms. Levy's employment, Mrs. Nicholas's husband, Jon Nicholas, frequently came to the store during work hours and stayed for long periods of time.

11.

Mr. Nicholas frequently made sexually inappropriate remarks to Ms. Levy in the presence of Mrs. Nicholas, including stating that Ms. Levy had a "nice figure," a "nice waistline," and that she was a "highly sought-after woman."

12.

In or around June 2022, both Mr. and Mrs. Nicholas told Ms. Levy that they had shown her photo to men at the gym where Mr. Nicholas worked, and that those men found her attractive.

13.

Mr. Nicholas also often discussed with Ms. Levy that he had a pornography addiction.

14.

Ms. Levy was born and raised Catholic.

15.

Mr. and Mrs. Nicholas would frequently discuss their Evangelical Christian faith with Ms. Levy and urge her to be baptized.

16.

In October 2021, Mr. and Mrs. Nicholas invited Ms. Levy to their apartment, where Mr. Nicholas baptized Ms. Levy in his pool.

17.

Following the incident, Mr. Nicholas frequently encouraged Ms. Levy to come to his church, which she declined.

18.

In June 2022, Mr. Nicholas told Ms. Levy on numerous occasions that she should pay him a "tithe," or a percentage of her income, which she declined.

19.

Mrs. Nicholas knew of the comments Mr. Nicholas made to Ms. Levy regarding her religion and did nothing to correct the issue.

20.

Ms. Levy suffers from a disability of which Defendant was aware at all times relevant. Specifically, she suffers from alopecia, a serious medical condition that prevents her from growing hair on her head.

21.

Due to alopecia, Ms. Levy wears a wig.

22.

Mr. Nicholas frequently made negative comments about Ms. Levy's disability, stating that she should not wear a wig, and once asking, "how a white man like your husband could say I love you," to Ms. Levy while she was wearing a wig.

23.

Mrs. Nicholas knew of the comments Mr. Nicholas made to Ms. Levy

regarding her disability and did nothing to correct the issue.

## SUBSTANTIVE CLAIMS

### Count 1
### Title VII – Sexual Harassment

24.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

25.

Mr. Nicholas subjected Ms. Levy to sexual harassment on a consistent basis throughout her employment with Defendant.

26.

Ms. Levy was forced to work in a hostile atmosphere with uninvited and unwelcome sex-based comments and other sexually charged conduct.

27.

The sexual harassment to which Ms. Levy was subjected was sufficiently severe and pervasive to alter the terms and conditions of her employment and create an abusive working environment.

28.

Title VII requires employers to prevent and correct any harassing behavior in the workplace.

29.

Mrs. Nicholas engaged in sexually hostile behavior toward Ms. Levy and was aware of Mr. Nicholas's sexually hostile behavior at all times throughout Ms. Levy's employment.

30.

Because of its failure to take prompt and remedial action, and its deliberate indifference to sexually hostile conduct, Defendant intentionally engaged in impermissible employment practices in violation of Title VII, resulting in the denial of equal employment opportunities on the basis of sex.

31.

As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

32.

Defendant's violation of Title VII was willful, knowing, malicious, or carried out in reckless disregard for its lawfulness.

## Counts 2 and 3
## Title VII – Religious Discrimination and Harassment

33.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

34.

Throughout Ms. Levy's employment with Defendant, Mr. and Mrs. Nicholas frequently attempted to coerce Ms. Levy to abandon, alter, or adopt a religious practice as a condition of employment.

35.

Mr. and Mrs. Nicholas subjected Ms. Levy to religious harassment on a consistent basis throughout her employment with Defendant.

36.

Ms. Levy was forced to work in a hostile atmosphere with uninvited and unwelcome religious-based comments.

37.

The sexual harassment to which Ms. Levy was subjected was sufficiently severe and pervasive to alter the terms and conditions of her employment and create an abusive working environment.

38.

Title VII requires employers to prevent and correct any harassing behavior in the workplace.

39.

Mrs. Nicholas contributed to the hostile work environment and was aware of Mr. Nicholas's religiously-hostile behavior toward Ms. Levy at all times throughout her employment.

40.

Because of its failure to take prompt and remedial action, and its deliberate indifference to sexually hostile conduct, Defendant intentionally engaged in impermissible employment practices in violation of Title VII, resulting in the denial of equal employment opportunities on the basis of religion.

41.

As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma,

all to her detriment.

42.

Defendant's violation of Title VII was willful, knowing, malicious, or carried out in reckless disregard for its lawfulness.

### Count 4
### Americans with Disability Act – Disability Harassment

43.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

44.

Mr. Nicholas subjected Ms. Levy to disability harassment on a consistent basis throughout her employment with Defendant.

45.

Ms. Levy was forced to work in a hostile atmosphere with uninvited and unwelcome disability-based comments.

46.

The disability harassment to which Ms. Levy was subjected was sufficiently severe and pervasive to alter the terms and conditions of her employment and create an abusive working environment.

47.

The ADA requires employers to prevent and correct any harassing behavior in the workplace.

48.

Mrs. Nicholas was aware of Mr. Nicholas's disability-based hostile behavior toward Ms. Levy at all times throughout her employment.

49.

Because of its failure to take prompt and remedial action, and its deliberate indifference to sexually hostile conduct, Defendant intentionally engaged in impermissible employment practices in violation of the ADA, resulting in the denial of equal employment opportunities on the basis of religion.

50.

As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

51.

Defendant's violation of the ADA was willful, knowing, malicious, or carried

out in reckless disregard for its lawfulness.

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

(a) Compensatory damages, including general damages for mental and emotional suffering caused by Defendant;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted,

This 28th day of March.

*/s/ James Radford*
James Radford
Georgia Bar No. 108007
Zachary Panter
Georgia Bar No. 822012
*Counsel for Plaintiff*

RADFORD & KEEBAUGH
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0300
james@deacturlegal.com
zachary@decaturlegal.com