## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **RACHEL PATTERSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **_____** |
| | ) | |
| **LIBERTY MUTUAL INSURANCE** | ) | |
| **COMPANY** | ) | |

## DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW Liberty Mutual Insurance Company, ("LMIC" or "Defendant"), who is improperly identified as the defendant in this civil action, on behalf of the proper party, LM General Insurance Company, by and through undersigned counsel, within the time limits allowed by law, and without waiver of any affirmative defenses raised herein, and provides this Answer to Plaintiff's Verified Complaint (the "Complaint") as follows:

LMIC responds to the individually numbered Paragraphs of the Complaint as follows:

1

## PARTIES

1.

In responding to the allegations contained in Paragraph 1 of the Complaint, LMIC admits only that LM General Insurance Company issued homeowner's insurance policy number H3S-251-177658-75 to named insured Rachel Patterson for property located at 1630 Mosaic Way, Smyrna, Georgia 30080-3711 (the "Property"), with a policy period from October 19, 2021 to October 19, 2022 which provides coverage in accord with the terms, conditions, limitations and exclusions contained therein (the "Policy"). LMIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint and therefore, they are denied.

2.

In responding to the allegations contained in Paragraph 2 of the Complaint, LMIC admits only that Liberty Mutual Insurance Company is a foreign insurance company with its principal place of business in Boston, Massachusetts, and that it is registered to do business in the State of Georgia. LMIC further admits only that it that it may be served with summons and complaint by service on its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross,

Georgia 30092, which is located in Gwinnett County. LMIC denies the remaining allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

### 3.

LMIC admits the allegations contained in Paragraph 3 of the Complaint, but states that this matter has properly been removed from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division.

## FACTUAL BACKGROUND

### 4.

In responding to the allegations contained in Paragraph 4 of the Complaint, LMIC admits only that Plaintiff claims that on April 20, 2022, Plaintiff saw water leaking from the ceiling of the kitchen and dining room at the Property.  LMIC denies the remaining allegations contained in Paragraph 4 of the Complaint.

### 5.

LMIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and such allegations are deemed denied.

6.

LMIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and such allegations are deemed denied.

7.

In responding to the allegations contained in Paragraph 7 of the Complaint, LMIC admits only that Plaintiff claims that on April 25, 2022, the shower drain in the master bath was leaking which caused  damage to the ceiling of the kitchen at the Property.  LMIC denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.

LMIC denies the allegations contained in Paragraph 8 of the Complaint.

9.

LMIC admits the allegations contained in Paragraph 9 of the Complaint.

10.

LMIC admits the allegations contained in Paragraph 10 of the Complaint.

11.

LMIC admits the allegations contained in Paragraph 11 of the Complaint.

12.

LMIC denies the allegations contained in Paragraph 12 of the Complaint.

13.

LMIC denies the allegations contained in Paragraph 13 of the Complaint.

14.

LMIC denies the allegations contained in Paragraph 14 of the Complaint.

15.

LMIC denies the allegations contained in Paragraph 15 of the Complaint.

16.

LMIC denies the allegations contained in Paragraph 16 of the Complaint.

17.

In responding to the allegations contained in Paragraph 17 of the Complaint, LMIC denies that it refused to cooperate and properly adjust Plaintiff's losses. LMIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint and such allegations are deemed denied.

18.

LMIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and such

allegations are deemed denied.

19.

In responding to the allegations contained in Paragraph 19 of the Complaint, LMIC denies the allegations that it "missed and overlooked many items." LMIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint and such allegations are deemed denied.

20.

LMIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and such allegations are deemed denied.

21.

In responding to the allegations contained in Paragraph 21 of the Complaint, LMIC admits only that it received an invoice from E & S Restoration Services in the amount of $23,481.92. LMIC denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.

In responding to the allegations contained in Paragraph 22 of the Complaint, LMIC admits only that it received the Proof of Loss that is attached to Plaintiff's

Complaint as Exhibit A. LMIC denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.

In responding to the allegations contained in Paragraph 23 of the Complaint, LMIC admits only that on September 23, 2022 it hired Sedgwick Claims Management Services to evaluate Plaintiff's claimed losses to the Property. LMIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint and such allegations are deemed denied.

24.

LMIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and such allegations are deemed denied.

25.

In responding to the allegations contained in Paragraph 25 of the Complaint, LMIC admits only that on October 24, 2022 it issued payment to the insured and the Baxter Law Firm in the amount of $17,463.42. LMIC denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.

In responding to the allegations contained in Paragraph 26 of the Complaint, LMIC admits only that it received a copy the demand letter that is attached to the Complaint as Exhibit B. LMIC denies the remaining allegations contained in Paragraph 26 of the Complaint.

27.

LMIC denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT I – BREACH OF CONTRACT

28.

LMIC denies the allegations contained in Paragraph 28 of the Complaint.

## COUNT II – FRAUD

29.

LMIC incorporates by this reference its responses to the allegations contained in Paragraphs 1-28 of the Complaint as if restated herein verbatim.

30.

LMIC denies the allegations contained in Paragraph 30 of the Complaint.

31.

LMIC denies the allegations contained in Paragraph 31 of the Complaint.

## COUNT III – ATTORNEY'S FFES AND EXPENSES OF LITIGATION

### 32.

LMIC incorporates by this reference its responses to the allegations contained in Paragraphs 1-31 of the Complaint as if restated herein verbatim.

### 33.

In responding to the allegations contained in Paragraph 33 of the Complaint, LMIC responds that the parties are subject to the Federal Rules of Civil Procedure to add parties and amend the pleadings. LMIC denies the remaining allegations contained in Paragraph 33 of the Complaint.

### 34.

LMIC denies the allegations contained in Paragraph 34 of the Complaint.

## PRAYER FOR RELIEF

In responding to the allegations of the final "PRAYER FOR RELIEF" paragraph of Plaintiff's Complaint, LMIC states that said paragraph contains no factual allegations, but only prayers for relief. Consequently, no response to this paragraph is necessary. To the extent a response may be deemed necessary, LMIC denies any factual allegations purportedly contained in said paragraph, and denies Plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES**

Having fully responded to the Plaintiff's Complaint, and without prejudice to the denials or other averments contained therein, LMIC asserts the following Affirmative Defenses Pursuant to the Federal Rules of Civil Procedure:

### **FIRST DEFENSE**

LMIC denies all matters and things alleged in Plaintiff's Complaint unless specifically admitted herein.

### **SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim against LMIC upon which relief can be granted.

### **THIRD DEFENSE**

Plaintiff's Complaint is barred, in whole or in some part, by the Affirmative Defense of Payment.

### **FOURTH DEFENSE**

LMIC, while denying all liability to Plaintiff, should be permitted a set-off for amounts which it has previously paid to the Insureds.

### **FIFTH DEFENSE**

LMIC did not issue the Policy at issue. Plaintiff's Complaint fails to join a required party and fails to comply with Fed. R. Civ. P. 19.

## SIXTH DEFENSE

Plaintiff has not sustained damage of the nature, and to the extent, claimed in the Complaint, and Plaintiff is precluded from the recovery she seeks.

## SEVENTH DEFENSE

Plaintiff's claims for extra-contractual damages, and for attorney's fees and costs pursuant to O.C.G.A. §13-6-11 are barred because O.C.G.A. § 33-4-6 provides the exclusive remedy for extra-contractual claims against a first party property insurer.

## EIGHTH  DEFENSE

Plaintiff's claims for penalties and attorney's fees against LMIC pursuant to O.C.G.A. § 33-4-6 are barred as a matter of law because LMIC's actions were not, as a matter of law, unreasonable, frivolous, unfounded, or in bad faith.

## NINTH DEFENSE

Plaintiffs' claim for attorney's fees and expenses of litigation against LMIC pursuant to O.C.G.A. § 13-6-11 are barred because LMIC's actions were not unreasonable, frivolous, unfounded, stubbornly litigious or in bad faith as a matter of law.

## **TENTH DEFENSE**

The relief requested by Plaintiffs is barred because no action or omission by

LMIC caused Plaintiff's injury or damage.

## **ELEVENTH DEFENSE**

The Policy issued by LM General Insurance Company to the Plaintiff, at pages

3-4 of 16 of Form HO 00 03 04 91 provides in pertinent part, as follows:

**ADDITIONAL COVERAGES**

. . .

**2. Reasonable Repairs.** In the event that covered
property is damaged by an applicable Peril Insured
Against, we will pay the reasonable cost incurred by
you for necessary measures taken solely to protect
against further damage. If the measures taken involve
repair to other damaged property, we will pay for those
measures only if that property is covered under this
policy and the damage to that property is caused by an
applicable Peril Insured Against. This coverage:
  a. Does not increase the limit of liability that applies
  to the covered property;
  b. Does not relieve you of your duties, in case of a
  loss to covered property, as set forth in SECTION
  I – CONDITION 2.d.

LMIC offered and paid to the Plaintiff all amounts arguably owing under

claims 049221217 and 049265223 pursuant to the terms and conditions of the Policy

and made a good faith effort to compensate Plaintiff for all covered loss sustained.

The Policy does not provide coverage for Plaintiffs' additional claimed losses based

upon the provisions of the Policy quoted above. Any additional claim is for Plaintiff's claimed losses are not an applicable Peril Insured Against; were caused by a peril excluded under the Policy and no further payment is due or owing for expenses incurred by the Plaintiff for repairs performed, if any.

## **TWELFTH DEFENSE**

The Policy, at pages 6-7 of 16 of Form HO 00 03 04 91, provides, in pertinent part, as follows:

**SECTION I – PERILS INSURED AGAINST**

**COVERAGE A – DWELLING AND COVERAGE B – OTHER STRUCTURES**
We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property.  We do not insure, however, for loss:
. . .
2.   Caused by:
. . .
     e. Any of the following:
        (1)    Wear and tear, marring, deterioration;
        (2)    Inherent vice, latent defect, mechanical breakdown;
        (3)    Smog, rust or other corrosion, mold, wet or dry rot;

. . .

        If any of these cause water damage not otherwise excluded, from a plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance, we cover loss caused by the water including the cost of tearing out and replacing any part of a building necessary to repair the system or appliance.  We do not cover loss

to the system or appliance from which this water escaped.

3.   Excluded under Section I – Exclusions.

Under items 1. and 2., any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

**COVERAGE C – PERSONAL PROPERTY**

We insure for direct physical loss to the property described in Coverage C caused by a peril listed below unless the loss is excluded in SECTION I – EXCLUSIONS.

1.   **Fire or Lightning.**

2.   **Windstorm or hail.**

This peril does not include loss to the property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.   This peril includes loss to watercraft and their trailers, furnishings, equipment, and outboard engines or motors, only while inside a fully enclosed building.

3.   **Explosion.**

4.   **Riot or civil commotion**.

5.   **Aircraft**, including self-propelled missiles and spacecraft.

6.   **Vehicles.**

7.   **Smoke**, meaning sudden and accidental damage from smoke.   This peril does not include loss caused by smoke from agricultural smudging or industrial operations.

8.   **Vandalism or malicious mischief.**

9.   **Theft**, including attempted theft and loss of property from a known place when it is likely that the property has been stolen.

This peril does not include loss caused by theft:

a.   Committed by an "insured";

   b. In or to a dwelling under construction, or of materials and supplies for use in the construction until the dwelling is finished and occupied; or

   c. From that part of a "residence premises" rented by an "insured" to other than an "insured."

This peril does not include loss caused by theft that occurs off the "residence premises" of:

   a. Property while at any other residence owned by, rented to, or occupied by an "insured," except while an "insured" is temporarily living there. Property of a student who is an "insured" is covered while at a residence away from home if the student has been there at any time during the 45 days immediately before the loss;

   b. Watercraft, and their furnishings, equipment and outboard engines or motors; or

   c. Trailers and campers.

**10.  Falling objects.**

This peril does not include loss to the property contained in the building unless the roof or an outside wall of the building is first damaged by a falling object.   Damage to the falling object itself is not included.

**11. Weight of ice, snow or sleet** which causes damage to the property contained in a building.

**12. Accidental discharge or overflow of water or steam** from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or from within a household appliance.

This peril does not include loss:

   a. To the system or appliance from which the water or steam escaped;

   b.  Caused by or resulting from freezing except as provided in the peril of freezing below; or

   c. On the "residence premises" caused by accidental discharge or overflow which occurs away from the building where the "residence premises" is located.

In this peril, a plumbing system does not include a sump, sump pump or related equipment.

13. **Sudden and accidental tearing apart, cracking, burning or bulging** of a steam or hot water heating system, an air conditioning or automatic fire protective sprinkler system, or an appliance for heating water.

We do not cover loss caused by or resulting from freezing under this peril.

14. **Freezing** of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance.  This peril does not include loss on the "residence premises" while unoccupied, unless you have used reasonable care to:

a.  Maintain heat in the building; or

b.  Shut off the water supply and drain the system and appliances of water.

15. **Sudden and accidental damage from artificially generated electrical current.**

This peril does not include loss to a tube, transistor or similar electronic component.

16. **Volcanic eruption** other than loss caused by earthquake, land shock waves or tremors.

The Policy then provides, at Form FMHO 3489 03 13, as follows:

### SEEPAGE EXCLUSION ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

SECTION I – PERILS INSURED AGAINST

**Coverage A – Dwelling and Coverage B – Other Structures**

**Paragraph 2.e(9)** is added:

16

**(9)**   Seepage, meaning a gradual, continuous, or repeated seepage or leakage of water, steam or fuel over a period of 14 days or more, resulting in damage to the structure.  This exclusion applies unless such seepage or leakage of water, steam or fuel and the resulting damage is unknown to all "insureds" and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure.

**This endorsement takes precedence over all other endorsements attached to your policy.**

LMIC offered and paid to the Plaintiff all amounts arguably owing under claims 049221217 and 049265223 pursuant to the terms and conditions of the Policy and made a good faith effort to compensate Plaintiff for all covered loss sustained. The Policy does not provide coverage for Plaintiffs' additional claimed losses based upon the provisions of the Policy quoted above. Further, Plaintiff's claim seeks recovery of damage which was caused by wear and tear, marring, deterioration, mold, wet or dry rot, and gradual, continuous or repeated seepage or leakage of water over a period of 14 days or more and the resulting damage was open and obvious, and is, therefore, not covered under the Policy.  In addition, and as a result, Plaintiff's claims that are the subject of her Complaint are excluded from coverage by the provisions of the Policy quoted above.  Any additional claim is for Plaintiff's claimed losses are not an applicable Peril Insured Against; were caused by a peril

excluded under the Policy and no further payment is due or owing for expenses incurred by the Plaintiff for repairs performed, if any.

## THIRTEENTH DEFENSE

The Policy at page 7 and 8 of 16 of Form H0 00 03 04 91, provides in pertinent part, as follows:

## SECTION I – EXCLUSIONS

1.  We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
    . . .
    c. **Water Damage**, meaning:
    (1)   Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
    (2)   Water which backs up through sewers or drains or which overflows from a sump, or
    (3)   Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.
    . . .
2.   We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.
    . . .
    c.   **Faulty, inadequate or defective:**
    (1)   Planning, zoning, development, surveying, siting;

18

(2)    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

(3)    Materials used in repair, construction, renovation or remodeling; or

(4)    Maintenance;

of part or all of any property whether on or off the "residence premises."

LMIC offered and paid to the Plaintiff all amounts arguably owing under claims 049221217 and 049265223 pursuant to the terms and conditions of the Policy and made a good faith effort to compensate Plaintiff for all covered loss sustained. The Policy does not provide coverage for Plaintiffs' additional claimed losses based upon the provisions of the Policy quoted above. Part, if not all, of Plaintiff's claimed damage that is the subject of Plaintiff's Complaint was caused by faulty, inadequate or defective development, siting, workmanship, repair, construction, renovation, grading, compaction or maintenance, and is therefore excluded from coverage under the Policy.

## FOURTEENTH DEFENSE

The Policy, at page 9 of 16 of Form HO 00 03 04 91, provides, in pertinent part, as follows:

**3.**  **Loss Settlement.**  Covered property losses are settled as follows:

a.  Property of the following types:
  (1)   Personal property;

(2)   Awnings, carpeting, household appliances, outdoor antennas and outdoor equipment, whether or not attached to buildings; and

(3)   Structures that are not buildings;

at actual cash value at the time of loss but not more than the amount required to repair or replace.

. . .

(4)   We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss according to the provisions of b.(1) and b.(2) above.

However, if the cost to repair or replace the damage is both:

(a)  Less than 5% of the amount of insurance in this policy on the building; and

(b)  Less than $2500;

we will settle the loss according to the provisions of b.(1) and b.(2) above whether or not actual repair or replacement is complete.

LMIC offered and paid to the Plaintiff all amounts arguably owing under claims 049221217 and 049265223 pursuant to the terms and conditions of the Policy and made a good faith effort to compensate Plaintiff for all covered loss sustained. To the extent that any portion of Plaintiff's claimed loss is covered under the Policy, which is explicitly denied, any payment is to be made in compliance with these provisions of the Policy. In addition, and upon information and belief, Plaintiff has not paid for the replacement of the property alleged to have been damaged in the

losses at issue, and actual repair or replacement is not complete. While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiff sustained damage compensable under the policy, which is explicitly denied, the measure of damage is determined at Actual Cash Value until actual repair or replacement is complete.

## FIFTEENTH DEFENSE

The Policy, at Form FMHO 3480 03 13, at pp. 1-3, the **AMENDATORY MOLD, FUNGUS, WET ROT, DRY ROT, BACTERIA, OR VIRUS ENDORSEMENT**, provides, in pertinent part, as follows:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **DEFINITIONS**
>
> The following definition is added to the DEFINITIONS section:
>
> 9.  **"Mold, Fungus, Wet Rot, Dry Rot, Bacteria, or Virus"** means any type or form of fungus, rot, virus or bacteria.   This includes mold, mildew and any mycotoxins (meaning a toxin produced by a fungus), other microbes, spores, scents or byproducts produced or released by mold, mildew, fungus, rot, bacteria, or viruses.
>
> **SECTION I – PROPERTY COVERAGES**
>
> **Additional Coverages**

The following Additional Coverage is added:

**11. Remediation of "Mold, Fungus, Wet Rot, Dry Rot, Bacteria, or Virus" Resulting Directly From Any Covered Loss**

We will pay, up to the Basic Policy Limits or Option shown in the Declarations, for the **"Remediation"** of **"Mold, Fungus, Wet Rot, Dry Rot, Bacteria, or Virus"** resulting directly from any covered loss.

**"Remediation"** means the reasonable and necessary treatment, containment, decontamination, removal or disposal of **"Mold, Fungus, Wet Rot, Dry Rot, Bacteria, or Virus"** as required to complete the repair or replacement of property, covered under Section I of the policy, that is damaged by any covered peril insured against, and also consists of the following:

1. The reasonable costs or expense to remove, repair, restore, and replace, restore, and replace that property including the costs to tear out and replace any part of the building as needed to gain access to the **"Mold, Fungus, Wet Rot, Dry Rot, Bacteria, or Virus"**; and

2. the reasonable costs or expense for the testing or investigation necessary to detect, evaluate or measure **"Mold, Fungus, Wet Rot, Dry Rot, Bacteria, or Virus";** and

3. any loss of fair rental value, or reasonable increase in additional living expenses, that is necessary to maintain your normal standard of living, if **"Mold, Fungus, Wet Rot, Dry Rot, Bacteria, or Virus"** resulting directly from any covered loss makes your residence premises uninhabitable.

We will pay no more than the Basic Policy Limits or Option shown in the Declarations for the **"Remediation"** of **"Mold, Fungus, Wet Rot, Dry Rot, Bacteria, or Virus"** resulting directly from any covered loss during the policy period, regardless of the number of locations under the policy to which this endorsement is attached, the number of persons whose property is damaged, the number of "insureds," or the number of losses or claims made.

If there is a covered loss or damage to covered property, not caused, in whole or in part by **"Mold, Fungus, Wet Rot, Dry Rot, Bacteria, or Virus"** loss payment will not be limited by the terms of this Additional Coverage, except to the extent that **"Mold, Fungus, Wet Rot, Dry Rot, Bacteria, or Virus"** causes an increase in the loss. Any such increase in the loss will be subject to the terms of this Additional Coverage.

This Additional Coverage does not increase the limits of liability under Section I of the policy as shown in the Declarations.

**SECTION I – EXCLUSIONS**

Exclusion **1.i.** is added:

**i.**   Except as provided by **Additional Coverage 11.**, loss consisting of or caused by **"Mold, Fungus, Wet Rot, Dry Rot,  Bacteria, or Virus"** is excluded, even if resulting from a peril insured  against under Section I. We do not cover **"Remediation"** of **"Mold, Fungus, Wet Rot, Dry Rot, Bacteria, or Virus,"** even if resulting  from a peril insured against under Section I, except as provided by **Additional Coverage 11.**

. . .

**This endorsement takes precedence over all other endorsements attached to your policy. All other provisions of the policy apply.**

## BASIC COVERAGE LIMITS AND OPTIONAL INCREASED LIMITS

| | | |
|---|---|---|
| Basic Policy Limits: | SECTION I | $5,000 if Cov A is less than $100,000 |
| | | or |
| | | 5% if Cov A is greater than $100,000 |
| | SECTION II | $50,000 |
| Option A – for a premium charge: | SECTION I | $10,000 |
| | SECTION II | $50,000 |

LMIC offered and paid to the Plaintiff all amounts arguably owing under claims 049221217 and 049265223 pursuant to the terms and conditions of the Policy and made a good faith effort to compensate Plaintiff for all covered loss sustained. Further, Plaintiff's claimed losses are subject to the above Policy conditions and exclusions cited herein. As a result, no further coverage is afforded pursuant to the Mold, Fungus, Wet Rot, Dry Rot, Bacteria or Virus Endorsement for remediation of damage caused by Mold, Fungus, Wet Rot, Dry Rot, Bacteria or Virus. To the extent that any portion of Plaintiff's remaining claimed losses are covered under the Policy,

which is explicitly denied, any payment is to be made in compliance with these

provisions of the Policy.

## SIXTEENTH DEFENSE

The Policy, at pages 10 of 16 of Form HO 00 03 04 91, provides, in pertinent

part, as follows:

**12. Mortgage Clause.**
The word "mortgagee" includes trustee.
If a mortgagee is named in this policy, any   loss
payable under Coverage A or B will be paid to the
mortgagee and you, as interests appear.  If more than
one mortgagee is named, the order of payment will be
the same as the order of precedence of the mortgages.
If we deny your claim, that denial will not apply to a
valid claim of the mortgagee, if the mortgagee:

a.   Notifies us of any change in ownership,
occupancy or substantial change in risk of
which the mortgagee is aware;

b.   Pays any premium due under this policy on
demand if you have neglected to pay the
premium; and

c.   Submits a signed, sworn statement of loss
within 60 days after receiving notice from us
of your failure to do so.  Policy conditions
relating to Appraisal, Suit Against Us and
Loss Payment apply to the mortgagee.

If we decide to cancel or not to renew this policy,
the mortgagee will be notified at least 10 days
before the date cancellation or nonrenewal takes
effect.

If we pay the mortgagee for any loss and deny
payment you:

a.     We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

b.     At our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest.  In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiff sustained damage to the dwelling beyond that measured by LMIC, and which is compensable under the Policy, which is explicitly denied, any amount owed to Plaintiff pursuant to the Policy for damage to the dwelling, which amounts are denied, must be paid in accord with the foregoing Policy provisions.

## **SEVENTEENTH DEFENSE**

The Policy, at page 8 of 16 of Form HO 00 03 04 91, provides, in pertinent part, as follows:

### **SECTION I - CONDITIONS**

\*\*\*

**2.  Your Duties After Loss**. In case of a loss to covered property, you must see that the following are done:

a.  Give prompt notice to us or our agent;

26

\* \* \*

   d.  Protect the property from further damage.  If repairs to the property are required, you must:
     (1)  make reasonable and necessary repairs to protect the property; and
     (2)  keep an accurate record of repair expenses;

This provision was violated and Plaintiff's Complaint is barred in that, upon information and belief, an insured under the Policy failed to give prompt or accurate notice of the loss, and failed to make reasonable and necessary repairs to the Property.  These failures constitute a breach of the applicable contract of insurance, and the Policy provides no coverage for Plaintiff's claimed loss.

## EIGHTEENTH DEFENSE

The limit of insurance provided in the Policy is $237,200 for Dwelling, subject to a $166,040 deductible, and an Amendatory Mold Endorsement of $11,860 per occurrence. While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiff sustained damage compensable under the policy, which is explicitly denied, Plaintiff's claim is limited by these provisions of the Policy.

## NINETEENTH DEFENSE

Plaintiff's claim for fraud fails as a matter of law pursuant to Fed. R. Civ. P. 9(b) because Plaintiff has not plead this claim with particularity.

## TWENTIETH DEFENSE

Plaintiff's claim for fraud fails as a matter of law because LMIC's actions in properly adjusting Plaintiff's claims were not with malice, intent, knowledge or other condition of a person's mind within the scope of Fed. R. Civ. P. 9(b).

## TWENTY-FIRST DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims or damages with sufficient particularity to enable LMIC to determine all its legal, contractual and equitable rights, LMIC reserves the right to amend or supplement the averments of its Answer to assert any and all other defenses as may be ascertained through further investigation and discovery.

**WHEREFORE**, LMIC respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding it such other and further relief as the Court may deem just and proper, including the fees and costs incurred in defending this action.

This 29th day of March 2023.

ISENBERG & HEWITT

/s/ Hilary W. Hunter
Hilary W. Hunter

28

Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, GA  30328
707-351-4400 – O
hilary@isenberg-hewitt.com
**Attorney for Defendant**

## <u>LOCAL RULE 7.1 CERTIFICATE</u>

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

<div style="margin-left: 40%;">

<u>/s/ Hilary W. Hunter</u>
Hilary W. Hunter
Georgia Bar No. 742696
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400 - T
**Attorneys for Defendant**

</div>

## VERIFICATION

STATE OF _Georgia_

COUNTY OF _Paulding_

I, _Carnesha Stanton_, declare under penalties of perjury under the laws of the United States that the facts contained in the attached Verified Answer are true and correct to the best of my knowledge, information and belief. I make no representations with regard to matters of law.

This _28_ day of March, 2023.

(name) _Carnesha Stanton_
(title) _Senior Trainer_
(employer) _Liberty Mutual_

Sworn to and subscribed before me
on this _28th_ day of _March_, 2023.

_Sarah Ann Standridge_
Notary Public
My commission expires: _October 14, 2025_



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **RACHEL PATTERSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | _____ |
| **LIBERTY MUTUAL INSURANCE** | ) | |
| **COMPANY** | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed Defendant Liberty Mutual Insurance Company's Answer to Plaintiff's Verified Complaint with the Clerk of Court via the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record to this matter, and also served a copy of the within and foregoing pleading to all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

Ryan Baxter
Baxter Law Firm, LLC
2400 Herodian Way, Suite 220
Smyrna, GA  30080

This 29th day of March 2023.

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter
Hilary W. Hunter

32

Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400 (O)
**Attorney for Defendant**