IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HANNAH TARCHICK, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| ARGENBRIGHT CAPITAL, LLC, CORTLAND MANAGEMENT, LLC, AND HARDY HAY | |
| Defendants. | |

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW, Plaintiff Hannah Tarchick ("Plaintiff" or "Ms. Tarchick"), by and through their undersigned counsel, and files this, their Complaint for Damages, and shows the Court as follows:

## <u>NATURE OF COMPLAINT</u>

1.

Ms. Tarchick brings this action for damages, and reasonable attorney fees against Defendants Argenbright Capital, LLC ("Argenbright") and Cortland Management LLC ("Cortland", together "the Corporate Defendants") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title

VII") and against Defendant Hardy Hay ("Defendant Hay" or "Hay") for tortious third-party interference with a business relationship and oral defamation constituting slander under Georgia law.

## JURISDICTION AND VENUE

### 2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

### 3.

The unlawful employment practices and tortious actions alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

### 4.

Ms. Tarchick has fulfilled all conditions necessary to proceed with her claims under Title VII.

### 5.

Ms. Tarchick filed their Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 7, 2022.

6.

The EEOC issued its Notice of Right to Sue on February 22, 2023.

7.

Ms. Tarchick timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

**PARTIES**

8.

Ms. Tarchick is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

9.

At all times relevant, the Corporate Defendants were qualified and licensed to do business in Georgia, and at all times material hereto have conducted business within this District.

10.

During all times relevant hereto, the Corporate Defendants have employed fifteen (15) or more employees for the requisite duration under Title VII. Defendants are therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

11.

Defendant Cortland Management, LLC may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CSC of Cobb County, Inc, located at 192 Anderson Street SE, Suite 125, Marietta, GA, 30060.

12.

Defendant Argenbright Capital, LLC may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Cogency Global, Inc. located at 900 Old Roswell Lakes Pkwy Ste 310, Roswell, GA, 30076.

13.

Defendant Hardy Hay may be served personally at his residence in Kennesaw, GA 30144-5525.

## **FACTUAL ALLEGATIONS**

14.

Ms. Tarchick began working for Defendant on or about May 31, 2022.

15.

Ms. Tarchick's position was Pilot.

16.

Even before Ms. Tarchick's employment began, her supervisor, Travis Moore, acted hostile towards her.

17.

During her application process, Moore communicated to Ms. Tarchick that her application had been rejected.

18.

Plaintiff's application had not been rejected.

19.

The day after the communication referenced in Paragraph 13, Lizz Haynes, a Human Resources employee at Defendant contacted Plaintiff through email to see if she had received her offer letter.

20.

Ms. Tarchick told Haynes that Moore had told her that her application had been rejected and that she was not expecting an offer letter.

21.

Haynes then communicated that Moore had texted Haynes and told her that he did not think Ms. Tarchick was going to accept the offer.

22.

Haynes also informed Ms. Tarchick that Moore was not able to rescind offers.

23.

Haynes then encouraged Ms. Tarchick to accept the offer.

24.

Ms. Tarchick accepted the offer.

25.

Moore's hostile behavior continued during Ms. Tarchick's employment.

26.

For example, Moore told other pilots that Ms. Tarchick was grounded and not able to fly in or about mid-August 2022.

27.

Ms. Tarchick had not been grounded.

28.

Tarchick reported this behavior to Tommy Kramer, Senior Director of Strategic Products at Cortland and Rina Sharpe, Vice President of Talent Engagement at Corland on August 15, 2022.

29.

In that report, Ms. Tarchick told Kramer and Sharpe that she believed Moore's behavior was discriminatory and based on her sex.

30.

On August 22, 2022, Ms. Tarchick reported an incident to Kramer where Moore blamed her for a broken door on a plane, telling Jeff Jablonski, another employee, that she had broken it due to her "lack of training."

31.

Ms. Tarchick had nothing to do with the issue with the door.

32.

Ms. Tarchick again expressed that Moore's conduct was discriminatory in nature in that it was related to her sex.

33.

Moore also told Ms. Tarchick that she would be issued an iPad and credit card before going to training in Savannah but did not retrieve these items for her.

34.

Ms. Tarchick attended the training without either item.

35.

Moore also failed to correctly set up Ms. Tarchick's pay, resulting in pay discrepancies until around July 1, 2022.

36.

On July 1, 2022, Ms. Tarchick requested leave for July 24, 2022, to July 28, 2022, through Moore.

37.

Moore told Ms. Tarchick that because Rafael Donates, another Pilot, had already requested the same time, he could not grant her leave request.

38.

However, Brandon Ellis, a male pilot, was later authorized for leave on those same days.

39.

Ms. Tarchick also requested off for August 10 and 30, 2022, for medical reasons.

40.

Moore still scheduled Ms. Tarchick on those days.

41.

Moore also said that he wanted to hire a Chief Pilot from within.

42.

However, he then hired Jeff Jablonski, who was not an employee, to be a chief pilot.

43.

Jablonski is male.

44.

Jablonski was less qualified than Ms. Tarchick.

45.

Moore also assigned Ms. Tarchick duties without informing her.

46.

Ms. Tarchick reported all the instances listed between Paragraph 33and Paragraph 45 in an August 6, 2022, phone call to Alison Smith, Cortland's Chief Human Resources Officer.

47.

During that call, Ms. Tarchick told Smith that these actions were discriminatory in that they were based on her sex and that they created a toxic workplace environment.

48.

Ms. Tarchick then drafted a written memorandum of the phone call and sent it to Smith.

49.

Around the same time, Ms. Tarchick also reported a sexually inappropriate joke that Moore had repeated to her during training in a verbal conversation with Human Resources.

50.

On August 19, 2022, Sharpe, who had been assigned to investigate Ms. Tarchick's complaints, sided with Moore on all items and told her that gender discrimination was not occurring.

51.

Because Human Resources had continued to defend Moore, Ms. Tarchick retained an attorney and informed the Corporate Defendants of that fact on Friday, September 9, 2022.

52.

Upon information and belief, on September 12, 2022, Defendant Hardy Hay contacted an employee of Corporate Defendants and told them, untruthfully, that Ms. Tarchick had lied on her employment application.

53.

Upon information and belief, Hay also provided other false information to the Corporate Defendants.

54.

Hay previously used Ms. Tarchick at his company, DET-9, as a contractor.

55.

Hay terminated their contractual relationship after learning that Ms. Tarchick had become engaged.

56.

Hay told the Corporate Defendants that Ms. Tarchick had lied about her dates of employment with DET-9.

57.

However, Hay knew that he had retained Ms. Tarchick to perform administrative duties at DET-9 in accordance with her resume.

58.

Ms. Tarchick had told Hay about the discrimination she had faced at the hands of Moore.

59.

At that point in time, Ms. Tarchick had believed their friendship had been repaired.

60.

Hay encouraged Ms. Tarchick to report Moore's behavior to Human Resources.

61.

Before Hay contacted the Corporate Defendants, Ms. Tarchick informed him that she had retained an attorney.

62.

Ms. Tarchick also informed Hay that her attorney had contacted the Corporate Defendants before Hay contacted the Corporate Defendants.

63.

After learning that Ms. Tarchick's attorneys had contacted the Corporate Defendants, Hay provided false information to encourage the Corporate Defendants to retaliate against Ms. Tarchick.

64.

That same weekend, Hay sent Captain Tarchick a text message where he told her that she was "just another female pilot."

65.

On Monday, September 12, 2022, Moore called Ms. Tarchick and told her that she was being placed on paid leave.

66.

Moore told Ms. Tarchick that this was occuring due to some "unsolicited advice" that the Corporate Defendants had received.

67.

Captain Tarchick was then taken off of the flight schedule.

68.

Even though the leave was paid, fewer flights would reduce Ms. Tarchick's opportunity to earn a bonus.

69.

On September 14, 2022, Owen Hill, the Corporate Defendants' attorney, Owen Hill, and Plaintiff's attorneys, Patrick Reid and Micah Barry, had a conversation over Zoom.

70.

Hill informed Reid and Barry that the Corporate Defendants had received information on September 12, 2022, that Ms. Tarchick's resume and application were not entirely truthful.

71.

Barry and Reid informed Hill that Ms. Tarchick had never filled out a written application.

72.

Barry and Reid informed Hill that a recruiter may have filled out a written application.

73.

Barry and Reid informed Hill that the resume was accurate at the time it was provided.

74.

Barry and Reid informed Hill that, if the source of the information was Hay, as they believed at the time, he was not reliable and should not be trusted.

75.

Barry and Reid provided Hill with evidence of Hay's discriminatory animus and motives.

76.

Barry and Reid also provided Hill with evidence that the statements that Hay had made were false.

77.

Hill responded that it did not matter.

78.

On October 6, 2022, Ms. Tarchick received official notice that her employment was terminated for dishonesty and "safety concerns."

79.

The nature of the safety concerns was never elaborated on by the Corporate Defendants.

80.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Ms. Tarchick was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., males and individuals who had not reported discrimination .

## CLAIMS FOR RELIEF

### COUNT I:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST CORPORATE DEFENDANTS

81.

Plaintiff re-alleges paragraphs 14 to 80 as if set forth fully herein.

82.

The Corporate Defendants' actions in subjecting Ms. Tarchick to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

83.

The Corporate Defendants have willfully and wantonly disregarded Ms. Tarchick's rights, and their discrimination against Ms. Tarchick was undertaken in bad faith.

84.

The effect of the conduct complained of herein has been to deprive Ms. Tarchick of equal employment opportunity and has otherwise adversely affected their status as an employee because of her gender.

85.

As a direct and proximate result of the Corporate Defendants' violation of Title VII, Ms. Tarchick has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

86.

Accordingly, the Corporate Defendants are liable for the damages Ms. Tarchick has sustained as a result of the Corporate Defendants' unlawful discrimination.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST CORPORATE DEFENDANTS

87.

Ms. Tarchick re-alleges paragraphs 14-80 as if set forth fully herein.

88.

Ms. Tarchick engaged in protected activity when she reported that Moore's actions were discriminatory.

89.

Ms. Tarchick engaged in protected activity when she retained attorney's to navigate the situation created by the Corporate Defendants Defendants and Moore.

90.

The Corporate Defendants placed Ms. Tarchick on paid leave and terminated her within a close temporal proximity of her protected activity..

91.

The Corporate Defendant's actions, as detailed above, in terminating Ms. Tarchick because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

92.

The Corporate Defendants willfully and wantonly disregarded Ms. Tarchick's rights, and the Corporate Defendants' retaliation against Ms. Tarchick  was undertaken in bad faith.

93.

Accordingly, the Corporate Defendants are liable for the damages Ms. Tarchick has sustained as a result of the Corporate Defendants' unlawful retaliation.

## COUNT III:  TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP AGAINST DEFENDANT HARDY HAY

94.

Plaintiff re-alleges paragraphs 14-80 as if set forth fully herein.

95.

Defendant Hay knowingly made false statements to the Corporate Defendants about Ms. Tarchick.

96.

Hay did so so that the Corporate Defendants would terminate Ms. Tarchick.

97.

Hay made those statements to induce the Corporate Defendants to terminate Ms. Tarchick's employment.

98.

Hay's statements were made in bad faith and were willful and malicious.

99.

Hay's statements were a cause of Ms. Tarchick's termination.

## COUNT IV: ORAL DEFAMATION CONSTITUTING SLANDER AGAINST DEFENDANT HARDY HAY

100.

Plaintiff re-alleges paragraphs 14-80 as if set forth fully herein.

101.

Defendant Hay knew his statements were untrue when he made them.

102.

Hay made his false statements about Ms. Tarchick to injure her in her position with Corporate Defendants.

103.

Those statements were calculated to cause that injury.

104.

Hay's statements were made in bad faith and were willful and malicious.

105.

Hay encouraged Ms. Tarchick to report discrimination and waited until she did so to make those statements.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that the Corporate Defendants violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein;

(h) Damages for lost wages and benefits and prejudgment interest thereon; and

(i) All other relief to which she may be entitled.

**BARRETT & FARAHANY**

s/ *Micah Barry*
Micah Barry
Georgia Bar No. 103184

Counsel for Plaintiff

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
micah@justiceatwork.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

This 29th day of March, 2023.

Respectfully submitted,

**BARRETT & FARAHANY**

*s/ Micah Barry*

Micah Barry

Georgia Bar No. 103184

## <u>FONT AND POINT CERTIFICATION</u>

The undersigned counsel for Plaintiff certifies that the within and foregoing

**COMPLAINT** was prepared using Times New Roman, 14-point font in

accordance with LR 5.1(B).

This 29th day of March, 2023.

Respectfully submitted,

**BARRETT & FARAHANY**

*s/ Micah Barry*

Micah Barry

Georgia Bar No. 103184