UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | : : : | MDL DOCKET NO. 2974 |
| This document relates to: | : : : : : | 1:20-md-02974-LMM |
| vs. | : : : : : : : : | Civil Action No.: _____ |
| _____ | : | |

## **SHORT FORM COMPLAINT**

Come(s) now the Plaintiff(s) named below, and for her/their Complaint against the Defendant(s) named below, incorporate(s) the Second Amended Master Personal Injury Complaint (Doc. No. 79), in MDL No. 2974 by reference. Plaintiff(s) further plead(s) as follows:

1.  Name of Plaintiff placed with Paragard: _____

    _____

2.  Name of Plaintiff's Spouse (if a party to the case): _____

    _____

3.    If case is brought in a representative capacity, Name of Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

_____

_____

4.    State of Residence of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Plaintiff's original complaint:    _____

_____

5.    State of Residence of each Plaintiff at the time of Paragard placement:

_____

6.    State of Residence of each Plaintiff at the time of Paragard removal:

_____

7.    District Court and Division in which personal jurisdiction and venue would be proper:

_____

_____

8.    Defendants. (Check one or more of the following five (5) Defendants against whom Plaintiff's Complaint is made. The following five (5) Defendants are the only defendants against whom a Short Form Complaint may be filed. No other entity may be added as a defendant in a Short Form Complaint.):

☐   A. Teva Pharmaceuticals USA, Inc.

☐   B. Teva Women's Health, LLC

☐   C. Teva Branded Pharmaceutical Products R&D, Inc.

☐   D. The Cooper Companies, Inc.

☐   E. CooperSurgical, Inc.

9.   Basis of Jurisdiction

☐   Diversity of Citizenship (28 U.S.C. § 1332(a))

☐   Other (if Other, identify below):

_____

10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physician(s) or other Health Care Provider (include City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY)* <br><br>*If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provider (include City and State)** <br><br>**If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

3

11.     Plaintiff alleges breakage (other than thread or string breakage) of her
        Paragard upon removal.

☐   Yes

☐   No

12.     Brief statement of injury(ies) Plaintiff is claiming:

        _____

        _____

        Plaintiff reserves her right to allege additional injuries and
        complications specific to her.

13.     Product Identification:

        a.  Lot Number of Paragard placed in Plaintiff (if now known):

            _____

        b.  Did you obtain your Paragard from anyone other than the
            HealthCare Provider who placed your Paragard:

        ☐       Yes

        ☐       No

14.     Counts in the Master Complaint brought by Plaintiff(s):

☐   Count I – Strict Liability / Design Defect

☐   Count II – Strict Liability / Failure to Warn

☐   Count III – Strict Liability / Manufacturing Defect

☐   Count IV – Negligence

☐   Count V – Negligence / Design and Manufacturing Defect

☐   Count VI – Negligence / Failure to Warn

4

☐   Count IX – Negligent Misrepresentation

☐   Count X – Breach of Express Warranty

☐   Count XI – Breach of Implied Warranty

☐   Count XII – Violation of Consumer Protection Laws

☐   Count XIII – Gross Negligence

☐   Count XIV – Unjust Enrichment

☐   Count XV – Punitive Damages

☐   Count XVI – Loss of Consortium

☐   Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

_____

_____

15.   "Tolling/Fraudulent Concealment" allegations:

    a.   Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

    ☐   Yes

    ☐   No

    b.   If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below:

_____

_____

16.    Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:

    a.    Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

    ☐    Yes

    ☐    No

    b.    If Yes, the following information must be provided (in accordance with Federal Rule of Civil Procedure 8 and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

    i.    The alleged statement(s) of material fact that Plaintiff alleges was false: _____

_____

    ii.    Who allegedly made the statement: _____

_____

    iii.    To whom the statement was allegedly made: _____

_____

    iv.    The date(s) on which the statement was allegedly made:

_____

17.    If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

    a.    What does Plaintiff allege is the manufacturing defect in her Paragard? _____

18.    Plaintiff's demand for the relief sought if different than what is

alleged in the Master Complaint: _____

_____

19.    Jury Demand:

☐    Jury Trial is demanded as to all counts

☐    Jury Trial is NOT demanded as to any count

_____
**/s/** Christina Feller
Attorney(s) for Plaintiff

Address, phone number, email address and Bar information:

2603 Oak Lawn Avenue, Suite 300
Dallas, TX 75219
(214) 521-4412
cfeller@lawyerworks.com
TX Bar No. 24048993