## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BETTY MARTIN, INDIVIDUALLY, and  FRANK MARTIN, JR., as ANTICIPATED ADMINISTRATOR of the ESTATE of FRANK MARTIN, SR., DECEASED, , | ) ) ) ) ) ) ) | **Civil Action File No.** _____ |
| Plaintiffs, | ) ) | ***Removed from:*** State Court of Gwinnett County Civil Action No. 23-C-01217-S7 |
| v. | ) ) | |
| ROBERTA OPERATOR, LLC d/b/a ROBERTA HEALTH AND REHAB; GBD, LLC; BARRES, LLC; T AND C CAPITAL ASSETS, LLC; WINDWARD HEALTH PARTNERS, LLC; MISSION HEALTH OF GEORGIA, LLC; ABC CORPORATIONS; AND JOHN/JANE DOES I and II, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants Roberta Operator, LLC ("Defendant Roberta"), GBD, LLC ("Defendant GBD"), Barres, LLC ("Defendant Barres"), T and C Capital Assets, LLC ("Defendant T and C"), Windward Health Partners, LLC ("Defendant WHP"), and  Mission  Health  of  Georgia,  LLC  ("Defendant  MGH")  (collectively "Defendants"), named Defendants in the above styled action  by and through its

undersigned counsel, and files this Answer and Affirmative Defenses to Plaintiffs, Plaintiffs Betty Martin, Individually, and Frank Martin, Jr., as Anticipated Administrator of the Estate of Frank Martin, Sr., Deceased, (hereinafter referred to as "Plaintiffs") *Complaint for Damages and Wrongful Death* (hereinafter referred to as "Complaint") showing the Court as follows:

## FIRST DEFENSE

To the extent that any claims against Defendants may exist, said claims are barred from being litigated in a court of law by virtue of the Arbitration Agreement entered into between Plaintiffs and/or an agent of Frank Martin, Sr.  Further, to the extent that any claims against Defendants are barred by the failure of Plaintiffs to first present a written demand to arbitrate said claims, which is a condition precedent by virtue of the Arbitration Agreement, this Defendant shows that said claims are barred as a matter of contract.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief may be granted.

## THIRD DEFENSE

At all times relevant hereto, Defendants, by and through their agents and employees, exercised that degree of care and skill as would be exercised by members

of the medical profession generally under the same or similar circumstances, and thus, Plaintiffs' Complaint should be denied.

### FOURTH DEFENSE

At all times relevant hereto, Defendants, by and through its agents and employees, are not guilty of professional negligence, and thus, Plaintiffs' Complaint should be denied.

### FIFTH DEFENSE

Defendants shows the Court that they did not commit medical malpractice by and through its agents, and thus, Plaintiffs' Complaint should be denied.

### SIXTH DEFENSE

Defendants shows that no act or omission on its part was the proximate cause of any injury to Patricia Thompson, and thus, Plaintiffs' Complaint should be denied.

### SEVENTH DEFENSE

Inasmuch as Defendants were not negligent in any manner whatsoever, Defendants are not liable to Plaintiffs in any amount whatsoever.

### EIGHTH DEFENSE

Inasmuch as Defendants, by and through their agents and employees, were not negligent in any manner whatsoever, said Defendants are not liable to Plaintiffs in any amount whatsoever.

### NINTH DEFENSE

Defendants are not liable to Plaintiffs for any sum whatsoever because any injury or damage Patricia Thompson may have experienced was solely and proximately the result of unforeseen intervening causes.

## TENTH DEFENSE

Defendants deny that the Plaintiffs are entitled to recover punitive damages.

## ELEVENTH DEFENSE

Defendants deny that they are subject to any award of punitive damages in this case and show that any award of punitive damages would be limited by the cap imposed by O.C.G.A. § 51-12-5.1

## TWELTH DEFENSE

In further plea and answer, Defendants set forth those affirmative defenses specifically enumerated in O.C.G.A. §9-11-8(c) in the event that subsequent discovery in this case makes applicable any of said defenses.

## THIRTEENTH DEFENSE

In further plea and answer, Defendants set forth those defenses specifically enumerated in O.C.G.A. §9-11-12(b) in the event that subsequent discovery in this case makes applicable any of said defenses.

## FOURTEENTH DEFENSE

Defendants are entitled to the immunities set forth in O.C.G.A. § 51-16-1, et seq.

## FIFTEENTH DEFENSE

Defendants reserve their right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

1.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint. By way of further response, the allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

## JURISDICTION AND VENUE

2.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint. By way of further response, the allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

3.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint. By way of further response, the allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

4.

Defendant Roberta Operator, LLC d/b/a Roberta Health and Rehab, admits it is a foreign limited liability company formed under the laws of the State of Florida and maintains a registered agent at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046-4805. Defendant admits Roberta Operator, LLC holds a license to operate the skilled nursing facility known as Roberta Health and Rehab. Defendants deny the remaining allegations contained in Paragraph No. 4 of Plaintiffs' Complaint.

5.

Defendant GBD, LLC admits it is a foreign limited liability company formed under the laws of the State of Florida and maintains a registered agent at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046-4805. Defendants deny the remaining allegations contained in Paragraph No. 5 of Plaintiffs' Complaint.

6.

Defendant Barres, LLC admits it is a foreign limited liability company formed under the laws of the State of Florida and maintains a registered agent in Tampa, Florida. Defendants deny the remaining allegations contained in Paragraph No. 6 of Plaintiffs' Complaint.

7.

Defendant T and C Capital Assets, LLC admits it is a foreign limited liability company formed under the laws of the State of Florida and maintains a registered agent maintains a registered agent in Tampa, Florida. Defendants deny the remaining allegations contained in Paragraph No. 7 of Plaintiffs' Complaint.

8.

Defendant Windward Health Partners, LLC admits it is a foreign limited liability company formed under the laws of the State of Florida and maintains a registered agent NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida, 33324. Defendants deny the remaining allegations contained in Paragraph No. 8 of Plaintiffs' Complaint.

9.

Defendant Mission Health of Georgia, LLC, admits it is a foreign limited liability company formed under the laws of the State of Florida and maintains a registered agent at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046-4805. Defendants deny the remaining allegations contained in Paragraph No. 9 of Plaintiffs' Complaint.

10.

The allegations contained in this Paragraph of Plaintiffs' Complaint pertain to a party other than Defendants. Therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

11.

Defendants admit a Waiver of Service of Summons pursuant to O.C.G.A. 9-11-4(d) was filed on their behalf. Defendants deny the remaining allegations contained in Paragraph No. 11 of Plaintiffs' Complaint.

## **PARTIES**

12.

After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph of Plaintiffs' Complaint.  Therefore, the allegations set forth in this Paragraph of Plaintiffs' Complaint are denied and strict proof thereof is demanded at the time of trial.

13.

Defendants admits Roberta Operator, LLC holds a license to operate the skilled nursing facility known as Roberta Health and Rehab. Defendants deny the allegations contained in this Paragraph as written. By way of further response, allegations of agency, including without limitation, allegations relating to individuals alleged to be Defendant's agents, employees, servants, contractors, subcontractors, staff, and/or partners, and those persons granted privileges at the Facility, and/or ostensible agents, are specifically denied and strict proof thereof is demanded at the time of trial.

14.

The allegations contained in this Paragraph of Plaintiffs' Complaint pertain to a party other than Defendants.  Therefore, no response is required.  To the extent a response is deemed necessary, said allegations are denied.

## FACTS

15.

Defendants admit that Frank Martin, Sr., was admitted to Meadowbrook Health and Rehab on or about July 22, 2020. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

16.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

17.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs'

Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

18.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

19.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

20.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable

medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

21.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

22.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

23.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

24.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

25.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

26.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

27.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

28.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

29.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

30.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs'

Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

31.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

32.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

33.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable

medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

34.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

35.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

36.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

37.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

38.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

39.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

40.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

41.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

42.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

43.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs'

Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

44.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

45.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

46.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable

medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

47.

The allegations set forth in this Paragraph, and sub-paragraphs, of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

48.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

49.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

50.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

## COUNT I
## VIOLATION OF FEDERAL STATUTES AND
## REGULATIONS OF 42 CFR §483.1 et seq.

51.

Defendants admit for this action only that Roberta Health and Rehab is a licensed and certified long-term care facility that provides skilled nursing care as a participant in the Medicare program and that provides nursing care as a participant in the Medicaid program. By way of further response, the remaining allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the remaining allegations are denied.

52.

The allegations set forth in this Paragraph of Plaintiffs' Complaint, including sub-paragraphs (a) through (q), contain conclusions of law to which no response is

required. To the extent that a response is deemed necessary, the allegations are denied.

53.

Defendants deny the allegations set forth in this Paragraph of Plaintiffs' Complaint, including sub-paragraphs (a) through (l).

54.

Defendants deny the allegations set forth in this Paragraph of Plaintiffs' Complaint.

55.

Defendants deny the allegations set forth in this Paragraph of Plaintiffs' Complaint.

## COUNT II
## VIOLATION OF REQUIREMENTS OF THE GEORGIA BILL OF RIGHTS FOR RESIDENTS OF LONG-TERM CARE FACILITIES AT OCGA §31-8-100 et seq.

56.

The allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

57.

The allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

58.

Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint, including sub-paragraphs (a) through (g). By way of further response, the allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

59.

Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint. By way of further response, the allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

60.

Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint. By way of further response, the allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

61.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

## COUNT III
## STATUTORY REMEDIES AGAINST DEFENDANTS FOR VIOLATION OF FEDERAL AND STATE STATUTES AND REGULATIONS IN THE OPERATION OF A NURSING HOME

### 62.

The allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

### 63.

The allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

### 64.

The allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

### 65.

The allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

66.

The allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

67.

Defendants deny the allegations set forth in this Paragraph of Plaintiffs' Complaint.

68.

Defendants deny the allegations set forth in this Paragraph of Plaintiffs' Complaint.

## COUNT IV
## PROFESSIONAL NEGLIGENCE

69.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

70.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs'

Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

71.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

72.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

73.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable

medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

74.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

75.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

76.

The allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

77.

The allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

78.

The allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

79.

The allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

80.

The allegations set forth in this Paragraph 80, including sub-paragraphs (1) through (7), of Plaintiffs' Complaint are denied as written.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

81.

Defendants deny the allegations contained in this Paragraph as written. By way of further response, allegations of agency, including without limitation,

allegations relating to individuals alleged to be Defendant's agents, employees, servants, contractors, subcontractors, staff, and/or partners, and those persons granted privileges at the Facility, and/or ostensible agents, are specifically denied and strict proof thereof is demanded at the time of trial.

82.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

## COUNT V
## NEGLIGENT MANAGEMENT AND OPERATION OF A LONG-TERM CARE FACILITY

83.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

84.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint. By way of further response, the allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

85.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint. By way of further response, the allegations set forth in this Paragraph of

Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

86.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

87.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

88.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint. By way of further response, the allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

89.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint. By way of further response, the allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

90.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

91.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

92.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

93.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

## **COUNT VI**

## **GENERAL NEGLIGENCE**

94.

Defendants deny the allegations contained in this Paragraph as written. By way of further response, allegations of agency, including without limitation, allegations relating to individuals alleged to be Defendant's agents, employees, servants, contractors, subcontractors, staff, and/or partners, and those persons granted privileges at the Facility, and/or ostensible agents, are specifically denied and strict proof thereof is demanded at the time of trial.

95.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

96.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

97.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

98.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

99.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

100.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

101.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

102.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

103.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

104.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

105.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

106.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

## **COUNT VII**

## **BREACH OF CONTRACT**

107.

Defendants deny the allegations contained in this Paragraph as written. By way of further response, allegations of agency, including without limitation, allegations relating to individuals alleged to be Defendant's agents, employees, servants, contractors, subcontractors, staff, and/or partners, and those persons granted privileges at the Facility, and/or ostensible agents, are specifically denied and strict proof thereof is demanded at the time of trial.

108.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

109.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

## <u>COUNT VIII</u>
## <u>FAILURE TO PROVIDE SUFFICIENT AND PROPERLY TRAINED STAFF</u>

110.

The allegations set forth in this Paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

111.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

### 112.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

### 113.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

### 114.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

## COUNT IX
## IMPUTED LIABILITY

### 115.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

### 116.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

## COUNT X
## JOINT ENTERPRISE

117.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

118.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

## **COUNT XI**
## **ESTATE'S TORT CLAIMS**

119.

After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph of Plaintiffs' Complaint. Therefore, the allegations set forth in this Paragraph of Plaintiffs' Complaint are denied and strict proof thereof is demanded at the time of trial.

120.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

121.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

122.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

## COUNT XII
## WRONGFUL DEATH

### 123.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

### 124.

After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph of Plaintiffs' Complaint.  Therefore, the allegations set forth in this Paragraph of Plaintiffs' Complaint are denied and strict proof thereof is demanded at the time of trial.

### 125.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

## COUNT XIII
## PUNITIVE DAMAGES

### 126.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

127.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

**COUNT XIV**
**ATTORNEY'S FEES**
**AS TO ALL DEFENDANTS**

128.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

129.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

In response to Plaintiffs' WHEREFORE paragraph, Defendants deny the paragraph in its entirety, deny each and every allegation not specifically admitted hereinabove, deny that Defendants were negligent, and deny that Plaintiffs are entitled to recover any amount from Defendants herein. Any averment contained in Plaintiffs' Complaint which has not been expressly admitted by Defendants in this, their Answer and Affirmative Defenses, is hereby denied and strict proof thereof is demanded.

WHEREFORE, having fully responded to Plaintiffs; Complaint by the filing of this, its Answer and Defenses, Defendants pray:

1. That judgment is entered in favor of Defendants and against Plaintiffs;

2. That the cost of this action be taxed against Plaintiffs;

3. That this matter be tried by a jury of twelve (12) members; and,

4. For such other and further relief as this Court deems just and proper.

Respectfully submitted the  29th  day of  March , 2023.

GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, LLP


By: */s/ Sean Herald*
Matthew G. Moffett
Georgia Bar No. 515323
Sean T. Herald
Georgia Bar No. 246729
*Attorneys for Defendants*

950 East Paces Ferry Road
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:  (404) 870-7390
Facsimile:   (404) 870-1030

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BETTY MARTIN, INDIVIDUALLY, and  FRANK MARTIN, JR., as ANTICIPATED ADMINISTRATOR of the ESTATE of FRANK MARTIN, SR., DECEASED, , | ) ) ) ) ) ) | **Civil Action File No.**  _____ |
| | | *Removed from:* |
| Plaintiffs, | ) ) | State Court of Gwinnett County Civil Action No. 23-C-01217-S7 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERTA OPERATOR, LLC d/b/a ROBERTA HEALTH AND REHAB; GBD, LLC; BARRES, LLC; T AND C CAPITAL ASSETS, LLC; WINDWARD HEALTH PARTNERS, LLC; MISSION HEALTH OF GEORGIA, LLC; ABC CORPORATIONS; AND JOHN/JANE DOES I and II, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1</u>

This is to certify that I have this day served the **<u>DEFENDANTS' ANSWER</u>**

**<u>AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT</u>** upon all

counsel of record by electronic mail and depositing same in the United States mail

in a properly addressed envelope with adequate postage thereon to:

Michael A. Prieto

William F. Holbert
Joan M. Woolley
**PRIETO, MARIGLIANO, HOLBERT & PRIETO, LLC**
1555 Mount Vernon Road
Atlanta, GA 30338

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1.  It is prepared in Times New Roman 14-point font.

The _29th_ day of _March_, 2023.

By: ***/s/ Sean Herald***
Matthew G. Moffett
Georgia Bar No. 515323
Sean T. Herald
Georgia Bar No. 246729
*Attorneys for Defendants*