E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-00772-2
1/26/2023 3:51 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior** or ☐ **State Court of** <u>Gwinnett Superior Court</u> **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 23-A-00772-2 |

**Plaintiff(s)**

Turner, Radu

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Turner, Selina

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Nevels, Zion

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Mcrae, Alesia

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Weber, Steven

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Country Preferred Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** <u>Juan Estrada</u>    **State Bar Number** <u>317809</u>    **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
       **Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____    **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

**EXHIBIT A**

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-00772-2

1/26/2023 3:51 PM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**RADU TURNER, SELINA TURNER**

**ZION NEVELS, ALESIA MCRAE BY** ⊞

**BY AND THROUGH HER MOTHER** ⊞

PLAINTIFF

CIVIL ACTION
NUMBER: 23-A-00772-2 _____

VS.

**STEVEN WEBER AND COUNTRY**

**FINANCIAL INSURANCE COMPAN** ⊞

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Juan Estrada, Esq.
Juan Estrada Law
3675 Crestwood Parkway, Suite 400,
Duluth, Georgia 30044

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
                        26th day of January, 2023

Tiana P. Garner
Clerk of Superior Court

By_____
                Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-00772-2

1/26/2023 3:51 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RADU TURNER, SELINA TURNER, ZION NEVELS, ALESIA MCRAE, by and through her parent and guardian, SELINA TURNER, ) ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE NO. |
| ) | 23-A-00772-2 |
| STEVEN WEBER, and COUNTRY PREFERRED INSURANCE COMPANY, ) ) ) ) ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, Radu Turner, Selina Turner, Zion Nevels, and Alesia McRae, by and

through her Parent and Guardian, Selina Turner, Plaintiffs, and makes and files this Summons and

Complaint against Defendant Steven Weber ("Defendant Weber"), and Defendant Country

Preferred Insurance Company ("Defendant Country") as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiffs are residents of the State of Georgia.

2.

Defendant Weber resides at 3130 Woodland Shores Drive, Decatur, Illinois 62521 and may

be served with a copy of the Summons and Complaint at this address.

3.

Jurisdiction and venue are proper in this Court as Defendant Weber is an out of state

motorist and Plaintiff resides in Gwinnett County, Georgia.

4.

Jurisdiction and venue are proper in this Court as Defendant Country maintains a registered agent in Gwinnett County, Georgia.

5.

Defendant Country is a Foreign Insurance Company with a registered agent located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092 and is registered to do business in the State of Georgia with the Georgia Secretary of State's office. Defendant may be served a copy of this complaint through its registered agent, Corporation Service Company, at this address.

6.

Venue is proper in this court because Defendant's registered agent is located in Gwinnett County, Georgia.

**BACKGROUND**

7.

On April 22, 2022, Plaintiffs were lawfully restrained passengers of a vehicle that was traveling on a highway in or around the City of Lake Park in Lowndes County, Georgia.

8.

At the same time, Defendant Weber was the driver of a vehicle traveling immediately behind Plaintiff on a highway in or around the City of Lake Park in Lowndes County, Georgia.

9.

As Plaintiffs vehicle slowed in response to a slowing vehicle in front of Plaintiffs, Defendant Weber was unable to stop his vehicle and rear-ended Plaintiff.

10.

Defendant Weber was insured by Defendant Country and had an active insurance policy for this specific type of loss.

11.

Defendant Country investigated the loss and was presented with evidence by Plaintiff showing Defendant Weber was clearly liable to Plaintiff.

12.

Despite being provided with this aforementioned evidence, Defendant Country refused to accept liability for their insured in a prompt manner.

13.

Defendant Country's refusal of acceptance of liability caused Plaintiff to incur litigation expenses to place evidence on the record and caused Plaintiff other additional expenses to be proven at trial.

**COUNT I – LIABILITY OF DEFENDANT WEBER**

14.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 13 above as if fully restated.

15.

Defendant Weber had a duty to operate his vehicle in a safe and reasonable manner and comply with all laws of the State of Georgia.

16.

Defendant breached this duty when he failed to operate his vehicle in a safe and reasonable manner, by rear-ending Plaintiffs' automobile, and thus caused the subject collision in the process.

17.

The aforementioned collision was caused by the actions of Defendant.

18.

The aforementioned collision was caused by the negligence of Defendant.

19.

Plaintiffs in no way caused or contributed to the subject collision.

20.

The aforementioned collision was caused by the actions and negligence of Defendant Weber and as a result, Plaintiffs suffered injuries which resulted in medical bills currently totaling $39,215.94 as well as physical and mental pain and suffering in an amount to be proven at trial.

## COUNT II – PUNITIVE DAMAGES AGAINST WEBER PURSUANT TO O.C.G.A. § 51-12-5.1

21.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 20 above as though fully set forth

22.

Defendants Weber's unlawful actions and unreasonable behavior have shown willful misconduct, malice, wantonness, oppression, and an entire want of care that constitutes a conscious indifference to consequences, entitling Plaintiff to recover, pursuant to O.C.G.A. § 51-12-5.1, an

award of punitive damages to punish, penalize, and deter this Defendant, and others similarly situated, from repeating such conduct.

23.

Defendants' unlawful actions and unreasonable behavior were directed at Plaintiff with the specific intent to cause him harm, therefore entitling Plaintiff to recover punitive damages without limitation pursuant to O.C.G.A. § 51-12-5.1(f).

## COUNT III – ATTORNEY'S FEES AGAINST DEFENDANT WEBER

24.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 19 above as through fully set forth.

25.

Defendant Weber has acted in bad faith by actively misrepresenting the facts, forcing the Plaintiff to initiate this proceeding against Defendant Weber to discover the facts of this case.

26.

Defendant Weber has been stubbornly Plaintiff unnecessary trouble and expense, entitling him to recover actual litigation expense, including reasonable attorneys' fees pursuant to O.C.G.A. §13-6-11.

## COUNT IV – FAILURE TO ADJUST FAIRLY AND PROMPTLY BY DEFENDANT COUNTRY PURSUANT TO O.C.G.A. § 33-4-7

27.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 26 above as if fully restated.

28.

Defendant Country is the liability insurance provider for Defendant Weber.

29.

Defendant Country had a duty of good faith towards Plaintiffs to fairly and promptly adjust the claim made on Defendant Weber's insurance policy.

30.

Liability in this claim was clear and compelling upon the presentation of evidence to Defendant by Plaintiff.

31.

Defendant Country had no reasonable grounds to contest the liability claim made by Plaintiffs.

32.

Defendant Country willfully refused to pay the demand for payment made by Plaintiffs.

33.

Defendant Country committed bad faith against Plaintiffs and had been stubbornly litigious, resulting in Plaintiffs being forced to file this complaint with this Court.

34.

Defendant Country is liable to Plaintiff for 50% of the liability of the insured for the loss or $5,000.00, whichever is greater.

35.

Defendant Country is liable to Plaintiff for other costs to be determined at trial as a result of the breach of their duty.

## COUNT VII – PUNITIVE DAMAGES AGAINST DEFENDANT COUNTRY PERSUANT TO O.C.G.A. § 51-12-5.1

36.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 35 above as though fully set forth

37.

Defendants Country's unlawful actions and unreasonable behavior have shown willful misconduct, malice, wantonness, oppression, and an entire want of care that constitutes a conscious indifference to consequences, entitling Plaintiff to recover, pursuant to O.C.G.A. § 51-12-5.1, an award of punitive damages to punish, penalize, and deter this Defendant, and others similarly situated, from repeating such conduct.

38.

Defendants' unlawful actions and unreasonable behavior were directed at Plaintiff with the specific intent to cause him harm, therefore entitling Plaintiff to recover punitive damages without limitation pursuant to O.C.G.A. § 51-12-5.1(f).

## COUNT VIII – ATTORNEY'S FEES

39.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 38 above as through fully set forth.

40.

Defendant Country has acted in bad faith by initiating the dispossessory proceeding against Plaintiff and then abandoning it and unlawfully evicting Plaintiff from his residence, forcing him to retain the undersigned attorney to file this lawsuit.

41.

Defendant Country has been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense, entitling him to recover actual litigation expense, including reasonable attorneys' fees pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff prays for the following:

a) That summons issue requiring the Defendants to appear as provided by law to answer fully and completely each and every allegation in this instant Complaint;

b) That Plaintiffs have and recover compensatory damages from the Defendants in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiffs for all of Plaintiffs' injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

c) That this matter be tried to a jury;

d) That Plaintiffs have and recover punitive damages from Defendant Country in the amount of fifty-percent (50%) or $5,000, whichever is greater, pursuant to O.C.G.A. § 33-4-7;

e) That the Plaintiffs be awarded the costs of this action, including reasonable attorneys' fees, as the Defendants have acted and continues to act in a manner that is stubbornly litigious, causing Plaintiffs unnecessary trouble and expense within the meaning of O.C.G.A. § 13-6-11;

f) That the Plaintiffs be awarded the costs of this action, including reasonable attorneys' fees, as the defenses in this action have lacked substantial justification, and/or were interposed for delay or harassment, and/or the Defendants unnecessarily expanded the proceeding by other improper conduct pursuant to O.C.G.A. § 9-15-14;

g) That the Plaintiffs be awarded the costs of this action, including reasonable attorneys' fees, as the defenses in this action have lacked substantial justification, and/or were not made in good faith, and/or the Defendants unnecessarily expand the proceeding by other improper conduct pursuant to O.C.G.A. § 9-11-68;

h) That all costs be cast against the Defendants; and

i) For such other and further relief as this Court deems just and appropriate.

This the 26th, Day of January, 2023.

**JUAN ESTRADA LAW**

/s/ Juan Estrada

Juan Estrada, Esq.
Georgia Bar No.: 317809
Attorney for Plaintiffs

3675 Crestwood Parkway, Suite 400,
Duluth, Georgia 30096
Tel:    (770) 817-7653
Fax:    (404) 521-5057
Juan@JuanEstradaLaw.com

SHERIFF'S ENTRY OF SERVICE

Civil Action No. __23-A-00772-2__

Superior Court ☒   Magistrate Court ☐
State Court ☐   Probate Court ☐
Juvenile Court ☐

Date Filed __01/26/2023__

Georgia, __Gwinnett__ COUNTY

Attorney's Address

Radu Turner, Selina Turner, Zion Nevels, Alesia McRae,

by and through her Parent and Guardian, Selina Turner,

Plaintiff Juan Estrada Law, LLC.

__3675 Crestwood Parkway, Suite 400__

__Duluth, Georgia 30096__

VS.

Name and Address of Party to Served
Corporation Service Company, as Registered Agent of
Country Preferred Insurance Company

Steven Weber,

and Country Preferred Insurance Company

Defendant

2 Sun Court, Suite 400

Peachtree Corners, Georgia 30096

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant *Country Preferred Insurance Company* a corporation
by leaving a copy of the within action and summons with *Alisa Smith*
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant
not to be found in the jurisdiction of this Court.

This __28__ day of __February__, 20__23__                J. Williams So138

DEPUTY

**DEFENDANT'S COPY**

# Gwinnett County Sheriff's Office
## Cover Sheet



**Sheriff #:**    23006586

**Person Served:**    COUNTRY PREFERRED INSURANCE COMPANY
2 SUN COURT
PEACHTREE CORNERS GA 30092
PHONE:

## Process Information:

Date Received:    02/27/2023

Assigned Zone:    2 Sun Court                Court Case #:    23-A-00772-2

Expiration Date:                             Hearing Date:

Paper Types:    COMPLAINT

Notes/Alerts:

## Notes:

_____

_____

_____

_____

_____

_____

_____

E-FILED IN OFFICE - LW
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-00772-2
3/23/2023 1:22 AM
TIANA P. GARNER, CLERK

## SHERIFF'S FEES                                                                         MSO/339

Service and Return .................................................................................... $ $0.00 _____ Mileage

.................................................................................................. $ $0.00 _____

I certify that I served this summons on defendant as follows:

**(A) INDIVIDUAL DEFENDANTS-PERSONAL:**

By leaving a copy, of the complaint, with each individual defendant personally, as follows:

| LAST NAME SERVED | FIRST NAME SERVED | DOB SERVED | SEX SERVED | RACE SERVED |
|---|---|---|---|---|
| WEBER | STEVEN | 2/17/1961 | M | WHITE |

**(B) INDIVIDUAL DEFENDANTS-ABODE:**

By leaving a copy, and a copy of the complaint, at the usual place of abode of each individual defendant with a person of his family, of the age 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| LAST NAME SERVED | FIRST NAME SERVED | DOB SERVED | SEX SERVED | RACE SERVED |
|---|---|---|---|---|
| | | | | |

**(C) CORPORATION DEFENDANTS:**

By leaving a copy, and a copy of the complaint, with the registered agent, officer or agent, of each defendant corporation, as follows:

BUSINESS TO SERVE

| LAST NAME SERVED | FIRST NAME SERVED | DOB SERVED | SEX SERVED | RACE SERVED |
|---|---|---|---|---|
| | | | | |

**(D) OTHER:**

| ADDRESS TO SERVE | COMMENTS: |
|---|---|
| 3130 WOODLAND SHORES DR DECATUR, IL | |

| LAST NAME TO SERVE | FIRST NAME TO SERVE | CASE NUMBER | TYPE OF PAPER | SO NUMBER |
|---|---|---|---|---|
| WEBER | STEVEN | 23-A-00772-2 | SUMMONS | 14808 |

| DATE SERVED | TIME SERVED | SERVED BY | SERVED BY ID | |
|---|---|---|---|---|
| 3/3/2023 | 12:33 | DENTON, ANNA | 6450 | |

| ADDRESS SERVED | CITY SERVED | STATE SERVED | RELATION SERVED | Sheriff of Macon Co. Jim Root |
|---|---|---|---|---|
| 3130 WOODLAND SHORES DR | DECATUR | IL | SELF | |

RETURN PROCESSED BY
MARK PATZWITZ #5995
MACON COUNTY SHERIFF'S OFFICE

E-FILED IN OFFICE - LW
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-00772-2
3/29/2023 5:18 PM
TIANA P. GARNER, CLERK

**IN THE SUPERIOR COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| RADU TURNER, SELINA TURNER, | * | |
| ZION NEVELS, ALESIA MCRAE, BY | * | |
| AND THROUGH HER PARENT AND | * | |
| GUARDIAN, SELINA TURNER, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No.: 23-A-00772-2 |
| | * | |
| STEVEN WEBER, AND COUNTRY | * | |
| PREFERRED INSURANCE COMPANY, | * | |
| | * | |
| Defendants. | * | |

## SPECIAL APPEARANCE, ANSWER AND DEFENSES OF DEFENDANT COUNTRY PREFERRED INSURANCE COMPANY

COMES NOW, Country Preferred Insurance Company (hereinafter referred to as "Country"), a defendant in the above-styled action, and hereby presents the following answer and defenses to plaintiffs' complaint. Country is responding to plaintiffs' complaint by special appearance without admitting that venue, personal jurisdiction, or subject matter jurisdiction is proper in this Court. Furthermore, Country makes this response to plaintiffs' complaint subject to and without waiving its right to file a notice of removal to the Untied State District Court for the Northern District of Georgia, Atlanta Division, in conformity with <u>Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP</u>, 365 F.3d 1244 (11th CIR. 2004). Country is filing this special appearance answer and defenses merely to preserve its defenses and to preserve the status quo.

### FIRST DEFENSE

The complaint fails to state a claim against Country upon
which relief can be granted.

### SECOND DEFENSE

Plaintiffs are not the real parties in interest to present
the claim presented against Country.

### THIRD DEFENSE

Plaintiffs failed to comply with O.C.G.A. § 33-4-7, and
therefore plaintiffs possess no claim under said code section
against Country.

### FOURTH DEFENSE

The venue of this action is improper.

### FIFTH DEFENSE

This Court lacks in personam jurisdiction over Country.

### SIXTH DEFENSE

This Court lacks subject matter jurisdiction over this
action.

### SEVENTH DEFENSE

Plaintiffs do not possess a direct action against Country
pursuant to the decisions of Haezebrouck v State Farm Mut. Auto.
Ins. Co., 252 Ga. App. 248 (2001) and Richards v State Farm Mut.
Auto. Ins. Co,, 252 Ga. App 45 (2001).  Therefore, this Court
should summarily dismiss Country from this action.

### EIGHTH DEFENSE

Plaintiffs do not possess a direct action against Country

because Steven Weber does not qualify as a "motor carrier," as said terms are defined by O.C.G.A. §§ 40-1-100 (12)(A), 40-1-112, and/or 40-2-1 (6).  Therefore, this Court should summarily dismiss Country from this action.

### NINTH DEFENSE

Plaintiffs do not possess a cause of action against Country because plaintiffs have not obtained a final judgement against Steven Weber in this action.  Therefore, this Court should summarily dismiss Country from this action.

### TENTH DEFENSE

Plaintiffs do not possess a cause of action Country because this action does not involve a claim for property damages pursuant to O.C.G.A. § 33-4-7.  Therefore, this Court should summarily dismiss Country from this action.

### ELEVENTH DEFENSE

Plaintiffs do not possess a cause of action against Country, because Country did not insure plaintiffs at the time of the subject motor vehicle accident and did not provide any uninsured motorist coverage, medical payments coverage, collision coverage, or other first party coverage to plaintiffs.  Therefore, this Court should summarily dismiss Country from this action.

### TWELFTH DEFENSE

With regard to the events described in plaintiffs' complaint, the conduct of Country did not amount to willful misconduct, malice, fraud, wantonness, oppression or that entire

want of care which would raise the presumption of conscious indifference to consequences.  Therefore, O.C.G.A. § 51-12-5.1(b) bars plaintiffs from recovering punitive damages against Country.

### THIRTEENTH DEFENSE

The Due Process Clauses contained in the Fifth Amendment and the Fourteenth Amendment to the United States Constitution bar plaintiffs from recovering punitive damages against Country.

### FOURTEENTH DEFENSE

The Excessive Fines Clause of Article I, Section I, Paragraph XVII of the Georgia Constitution bars plaintiffs from recovering punitive damages against Country.

### FIFTEENTH DEFENSE

The decisions of the United States Supreme Court in BMW of North America, Inc. v. Gore,  116 S.Ct. 1589 (1996) and State Farm v. Campbell, 123 S.Ct. 1513 (2003) bar any recovery by plaintiffs against Country for punitive damages.

### SIXTEENTH DEFENSE

Pursuant to the decisions of the United States Supreme Court in BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996) and State Farm v. Campbell, 123 S.Ct. 1513 (2003), O.C.G.A. § 51-12-5.1 is unconstitutional under the United States Constitution. Therefore, plaintiffs cannot make a recovery for punitive damages against Country.

### SEVENTEENTH DEFENSE

Country has a bona fide defense to the claims asserted

against it by the plaintiffs.   Therefore, plaintiffs may not recover attorney's fees and litigation expenses against it, pursuant to O.C.G.A. § 13-6-11.

## EIGHTEENTH DEFENSE

### (Responsive Answer)

Subject to and without waiving the foregoing affirmative defenses, Country responsively answers the enumerated paragraphs of plaintiffs' complaint and the various allegations therein contained as follows:

1.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Country can neither admit nor deny the allegations contained in paragraph 1 of plaintiffs' complaint.

2.

Based upon information and belief, Country admits the allegations contained in paragraph 2 of plaintiffs' complaint.

3.

Country denies the allegations contained in paragraph 3 of plaintiffs' complaint.

4.

Country denies the allegations contained in paragraph 4 of plaintiffs' complaint.

5.

Country admits the allegations contained in paragraph 5 of

plaintiffs' complaint.

6.

Country denies the allegations contained in paragraph 6 of plaintiffs' complaint.

7.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Country can neither admit nor deny the allegations contained in paragraph 7 of plaintiffs' complaint.

8.

Based upon information and belief, Country denies the allegations contained in paragraph 8 of plaintiffs' complaint.

9.

Based upon information and belief, Country denies the allegations contained in paragraph 9 of plaintiffs' complaint.

10.

Country admits that it issued policy number P12A8552180 to Steven Edward Weber and Jana L. Weber and that said policy was in force and in effect from February 17, 2022 through August 16, 2022. Country further admits that said policy included liability coverage with policy limits as indicated on the declarations page of said policy. Country denies the remaining allegations contained in paragraph 10 of plaintiffs' complaint.

11.

Country denies the allegations contained in paragraph 11 of

plaintiffs' complaint.

12.

Country denies the allegations contained in paragraph 12 of plaintiffs' complaint.

13.

Country denies the allegations contained in paragraph 13 of plaintiffs' complaint.

14.

In response to paragraph 14 of plaintiffs' complaint, Country reasserts and restates each and every defense, answer and response with reference to paragraphs 1 through 13 of plaintiffs' complaint with the same effect as if repeated here, denying each allegation therein unless expressly admitted or specifically answered otherwise.

15.

Based upon information and belief, Country admits that defendant Weber owed a duty to comply with the Georgia Rules of the Road and to exercise due ordinary reasonable care in the operation of a motor vehicle on the highways of the state of Georgia.  Country denies the remaining allegations contained in paragraph 15 of plaintiffs' complaint.

16.

Country denies the allegations contained in paragraph 16 of plaintiffs' complaint.

17.

Country denies the allegations contained in paragraph 17 of plaintiffs' complaint.

18.

Country denies the allegations contained in paragraph 18 of plaintiffs' complaint.

19.

Country denies the allegations contained in paragraph 19 of plaintiffs' complaint.

20.

Country denies the allegations contained in paragraph 20 of plaintiffs' complaint.

21.

In response to paragraph 21 of plaintiffs' complaint, Country reasserts and restates each and every defense, answer and response with reference to paragraphs 1 through 20 of plaintiffs' complaint with the same effect as if repeated here, denying each allegation therein unless expressly admitted or specifically answered otherwise.

22.

Country denies the allegations contained in paragraph 22 of plaintiffs' complaint.

23.

Country denies the allegations contained in paragraph 23 of plaintiffs' complaint.

24.

In response to paragraph 24 of plaintiffs' complaint, Country reasserts and restates each and every defense, answer and response with reference to paragraphs 1 through 23 of plaintiffs' complaint with the same effect as if repeated here, denying each allegation therein unless expressly admitted or specifically answered otherwise.

25.

Country denies the allegations contained in paragraph 25 of plaintiffs' complaint.

26.

Country denies the allegations contained in paragraph 26 of plaintiffs' complaint.

27.

In response to paragraph 27 of plaintiffs' complaint, Country reasserts and restates each and every defense, answer and response with reference to paragraphs 1 through 26 of plaintiffs' complaint with the same effect as if repeated here, denying each allegation therein unless expressly admitted or specifically answered otherwise.

28.

Country admits that it issued policy number P12A8552180 to Steven Edward Weber and Jana L. Weber and that said policy was in force and in effect from February 17, 2022 through August 16, 2022.  Country further admits that said policy included liability

coverage with policy limits as indicated on the declarations page
of said policy.  Country denies the remaining allegations
contained in paragraph 28 of plaintiffs' complaint.

29.

Country denies the allegations contained in paragraph 29 of
plaintiffs' complaint.

30.

Country denies the allegations contained in paragraph 30 of
plaintiffs' complaint.

31.

Country denies the allegations contained in paragraph 31 of
plaintiffs' complaint.

32.

Country denies the allegations contained in paragraph 32 of
plaintiffs' complaint.

33.

Country denies the allegations contained in paragraph 33 of
plaintiffs' complaint.

34.

Country denies the allegations contained in paragraph 34 of
plaintiffs' complaint.

35.

Country denies the allegations contained in paragraph 35 of
plaintiffs' complaint.

36.

In response to paragraph 36 of plaintiffs' complaint, Country reasserts and restates each and every defense, answer and response with reference to paragraphs 1 through 35 of plaintiffs' complaint with the same effect as if repeated here, denying each allegation therein unless expressly admitted or specifically answered otherwise.

37.

Country denies the allegations contained in paragraph 37 of plaintiffs' complaint.

38.

Country denies the allegations contained in paragraph 38 of plaintiffs' complaint.

39.

In response to paragraph 39 of plaintiffs' complaint, Country reasserts and restates each and every defense, answer and response with reference to paragraphs 1 through 38 of plaintiffs' complaint with the same effect as if repeated here, denying each allegation therein unless expressly admitted or specifically answered otherwise.

40.

Country denies the allegations contained in paragraph 40 of plaintiffs' complaint.

41.

Country denies the allegations contained in paragraph 41 of

plaintiffs' complaint.

42.

In response to the "WHEREFORE" which follows paragraph 41 of plaintiffs' complaint, Country denies plaintiffs' prayers for relief.

WHEREFORE, having fully answered, Country prays that the demands of the plaintiffs be denied and that the action be dismissed on the merits.

This 29th day of March, 2023.

**YOUNG, THAGARD, HOFFMAN, LLP**

Address of Counsel:

By:  /s/ J. Holder Smith, Jr.

P.O. Box 3007
Valdosta, GA 31604
229-242-2520
229-242-5040 fax
jaysmith@youngthagard.com

J. Holder Smith, Jr.
State Bar No.: 661105
Attorney for Defendant
Country Preferred
Insurance Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing **SPECIAL APPEARANCE, ANSWER AND DEFENSES OF DEFENDANT COUNTRY PREFERRED INSURANCE COMPANY** upon the following by statutory electronic service using the Odyssey eFile GA system, pursuant to O.C.G.A. § 9-11-5(f) which will send notification of such filing to the following:

> Mr. Juan Estrada
> Juan Estrada Law
> 3675 Crestwood Parkway
> Suite 400
> Duluth, GA 30096
> Email: [Juan@JuanEstradaLaw.com](mailto:Juan@JuanEstradaLaw.com)

> Mr. Nikolai Makarenko
> Groth, Makarenko, Kaiser & Eidex
> One Sugarloaf Centre
> 1960 Satellite Boulevard
> Suite 200
> Duluth, GA 30097
> Email: [nm@gmke.law](mailto:nm@gmke.law)

This 29<u>th</u> day of <u>March</u>, 2023.

**YOUNG, THAGARD, HOFFMAN, LLP**

Address of Counsel:

By:  <u>/s/ J. Holder Smith, Jr.</u>

P.O. Box 3007
Valdosta, GA 31604
229-242-2520
229-242-5040 fax
[jaysmith@youngthagard.com](mailto:jaysmith@youngthagard.com)

J. Holder Smith, Jr.
State Bar No.: 661105
Attorney for Defendant
Country Preferred
Insurance Company