UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VERNON WILLIAMS JR.,

    Plaintiff,

-vs-                                                  CASE NO.:

TRANS UNION LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, VERNON WILLIAMS JR. (hereinafter "Plaintiff"), sues Defendant, TRANS UNION LLC., ("Trans Union") in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Newton County in the State of Georgia. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendant transact business within this District.

9. Trans Union is a corporation incorporated under the State of Illinois, authorized to do business in the State of Georgia, through its registered agent, Prentice-Hall Corporation System located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

10. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

11. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. On or about May of 2021, Plaintiff was seeking to obtain a mortgage through a Veterans Affairs program. In pulling his credit report with a loan advisor, he learned about names, addresses and account with Carrington Mortgage Services, LLC ("Carrington Mortgage") that did not belong to Plaintiff.

13. Due to negative payment history and accounts being placed on his credit report that were not his, Plaintiff's credit score caused him to not pursue purchasing a home or obtain other lines of credit.

14. Plaintiff shortly began to communicate with non-party Carrington Mortgage to dispute the account being on his Trans Union credit report.

15. Plaintiff additionally began to communicate with Trans Union to inform them that there were names, addresses and accounts on his credit report that did not belong to him.

16. On October 31, 2022, Plaintiff obtained a copy of his Trans Union credit report. To his relief the Carrington Mortgage that he originally was disputing

had been removed. However, there were an additional five accounts on his Trans Union credit report that did not belong to him.

17.　In response to the inaccurate reporting on November 21, 2022, Plaintiff mailed out a detailed dispute letter to Trans Union concerning the inaccurate reporting. Plaintiff made Trans Union aware that they were reporting five accounts that did not belong to him.

    i.　TBOM Funding 55014xxxxxx
   ii.　TBOM Funding 768600xxxxxx
  iii.　Capital One 517805xxxxxx
  iv.　SYNCB 601917xxxxxx
   v.　LVNV Funding 444796xxxxxxxxxx

18.　In the aforementioned dispute letter Plaintiff provided a copy of his driver's license to confirm his identity along with images of his Trans Union credit report.

19.　Plaintiff mailed his detailed dispute letter to Trans Union via USPS Certified Mail 7020 0640 0000 2780 7182.

20.　On December 23, 2022, Trans Union responded to Plaintiff's dispute by stating the following:

    i.　TBOM Funding 55014xxxxxx **"VERIFIED AS ACCURATE"**

    ii.    TBOM Funding 768600xxxxxx **"VERIFIED AS ACCURATE"**
    iii.   Capital One 517805xxxxxx **"VERIFIED AS ACCURATE"**
    iv.   SYNCB 601917xxxxxx **"VERIFIED AS ACCURATE"**
    v.    LVNV Funding 444796xxxxxxxxxx **"VERIFIED AS ACCURATE"**

21. Plaintiff was very upset that Trans Union verified and continued to report all five fraudulent accounts despite being notified that they did not belong to him. Trans Union failed to do any independent investigation and simply verified the accounts.

22. On January 13, 2023, Plaintiff obtained a copy of his Trans Union credit report. Upon Plaintiff's review Trans Union continued to report all five fraudulent accounts.

23. In response to the Trans Union Dispute Results, on February 23, 2023, Plaintiff mailed another dispute letter to Trans Union, again informing them that they were still reporting five fraudulent accounts that did not belong to him:

    i.    TBOM Funding 55014xxxxxx
    ii.   TBOM Funding 768600xxxxxx
    iii.  Capital One 517805xxxxxx
    iv.  SYNCB 601917xxxxxx
    v.   LVNV Funding 444796xxxxxxxxxx

24. In the dispute letter Plaintiff again provided a copy of his driver's license to confirm his identity, images of his prior dispute results, and the phone numbers of the furnishers that he contacted in hopes to directly dispute it with them. Additionally, Plaintiff included an image of the filed Federal Trade Commission Identity Theft Report. Further in this dispute letter, Plaintiff also provided details of every conversation with the disputed furnishers.

25. Plaintiff mailed his detailed dispute letter to Trans Union via USPS Certified Mail 7020 0640 0000 2775 2208.

26. On March 28, 2023, as Plaintiff has yet to receive a response from Trans Union regarding his latest dispute, Plaintiff attempted to obtain a copy of his credit report and was unable to. Upon information and belief, the erroneous information on his Trans Union credit report remains.

27. Trans Union has never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of this Complaint with Trans Union's reluctance to conduct a thorough investigation.

28. Trans Union simply continues to parrot off the back of the furnishers and has not conducted an actual investigation despite Plaintiff's many pleas.

29. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix his credit;
   ii. Loss of time attempting to cure the errors;
   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff has been physically affected by Trans Union's actions;
   iv. Reduction in credit score;
   v. Apprehensiveness to apply for credit such as an auto loan refinance, due to the fear of rejection.

## COUNT I
**Violations of the Fair Credit Reporting Act as to Trans Union, LLC**

30. Plaintiffs re-alleges and reincorporate paragraphs one through twenty-nine above.

31. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Trans Union allowed for numerous furnishers to report inaccurate

information on his credit report. Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute. Trans Union choose to ignore the Federal Trade Commission Identity Theft Affidavit that Plaintiff provided to the Defendant.

32. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and fear of applying for credit.

33. Trans Union's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiffs to recover actual damages under 15 USC § 1681o.

34. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Trans Union, to Plaintiff, award Plaintiff his

attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C § 16811i- As to Defendant, Trans Union LLC

35. Plaintiffs re-alleges and reincorporate paragraphs one through twenty-nine above.

36. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from sources it has to know are unreliable.

37. Trans Union's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Trans Union was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

38.    Trans Union took no independent action to investigate the dispute. Trans Union received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to the furnishers.

39.    The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Trans Union, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff herby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendant; for his attorney's fees and costs; for prejudgment

and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

DATED this 30th day of March 2023.

Respectfully submitted,

<u>**/s/Octavio Gomez**</u>
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*