IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLUMBIA MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>COBB REAL ESTATE SERVICES, LLC and A.J.,<br><br>    Defendants. | CIVIL ACTION<br><br>FILE NO. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW plaintiff Columbia Mutual Insurance Company ("Columbia") and, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, hereby files its complaint for declaratory judgment, respectfully showing to the Court as follows:

**Parties, Jurisdiction and Venue**

1.

Plaintiff Columbia is a corporation organized and existing under the laws of the State of Missouri, maintaining its principal office and principal place of business in Columbia, Missouri. Columbia is a citizen of Missouri.

2.

Defendant Cobb Real Estate Services, LLC ("Cobb Real Estate") is a Georgia limited liability company with its principal place of business in Kennesaw, Georgia. Service can be made on Cobb Real Estate by serving its registered agent Eddie Bowling, 3105 Creekside Village Dr., Suite 804, Kennesaw, Georgia, 30144.

3.

Cobb Real Estate is a citizen of Georgia and is subject to the jurisdiction and venue of this Court.  Information regarding the members of Cobb Real Estate is not publicly available.  Upon information and belief, no member of Cobb Real Estate is a citizen of Missouri.  Under Fed. R. Civ. P. 7.1(a)(2), Cobb Real Estate will be required to identify all of its members in a disclosure statement to the Court.  Upon Cobb Real Estate's filing of its disclosure statement in compliance with Rule 7.1(a)(2), Columbia will amend its jurisdictional allegations, as is permitted under 28 U.S.C. § 1653.

4.

Defendant A.J. has filed a lawsuit in this Court seeking to recover for alleged sex trafficking styled *A.J. v. Pacific Capital Funding LLC, et al.*, United States District Court for the Northern District of Georgia, Atlanta Division, Civ.

Action No. 1:22-CV-02752-LMM (the "Underlying Action"). In the Underlying Action, A.J. has alleged that she is a resident of the State of Georgia. (Second Amended Complaint [Doc. 33], at ¶ 6.) Pursuant to the Court's Order Granting Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously filed in the Underlying Action [Doc. 7], A.J. is identified by her initials. A.J can be served through her attorney, Patrick J. McDonough of Andersen, Tate & Carr, P.C., One Sugarloaf Centre, 1960 Satellite Boulevard, Suite 4000, Duluth, Georgia, 30097, or in person should her counsel refuse to accept service on her behalf and disclose her current whereabouts. Upon information and belief, A.J. is a citizen of Georgia and is subject to the jurisdiction and venue of this Court.

5.

In the Underlying Action, A.J. seeks to recover damages in excess of $75,000.

6.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (a) Columbia and defendants are citizens of different states, and (b) the value of the matter in controversy, exclusive of interest, exceeds the requisite jurisdictional amount.

7.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), in that this action is brought in the district in which defendant Cobb Real Estate resides. In the alternative, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that this action is brought in the district in which a substantial part of the events or omissions giving rise to the claim occurred.

### The Underlying Action

8.

A.J. (proceeding anonymously) originally filed the Underlying Action in the United States District Court for the Northern District of Georgia on July 13, 2022, asserting claims against multiple defendants for her alleged sex trafficking at a Days Inn located in Marietta, Georgia. *A.J. v. Pacific Capital Funding LLC, et al.*, Civ. Action No. 1:22-CV-02752-LMM.

9.

A.J. has twice moved to amend her complaint to add new parties. On November 2, 2022, A.J. moved to add Cobb Real Estate as a defendant to her currently pending action, asserting that she had recently learned Cobb Real Estate was the franchisee operating the hotel during her trafficking. The Northern District of Georgia granted the motion on November 21, 2022, and the

Second Amended Complaint was entered on the docket as the operative complaint, nunc pro tunc to the date the motion to amend was filed.

10.

A true and correct copy of the Second Amended Complaint filed by A.J., Docket No. 33 in the Underlying Action, is attached hereto as Exhibit A.

11.

In her Second Amended Complaint, A.J. alleges that, in December 2012, when she was 14 years old, she was trafficked for sex at the Days Inn operated by Cobb Real Estate.

12.

A.J. brings a single claim against Cobb Real Estate under 18 U.S.C. § 1595(a), which was codified as part of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). Under this statute, A.J. claims Cobb Real Estate "knowingly benefited from participation in a venture that [Cobb Real Estate] knew or should have known violated the TVPRA." (Second Amended Complaint, at ¶ 63.)

13.

A.J. alleges Cobb Real Estate knowingly benefitted from her sex trafficking by the revenue generated by renting the rooms at the Days Inn. (Id. at ¶ 64.) She

also alleges that Cobb Real Estate participated in the venture by "facilitating Plaintiff's sex trafficking through its operation of the hotel" and providing her trafficker "the necessary venue" for his criminal venture.  (Id. at ¶ 65.)  A.J. charges Cobb Real Estate with knowledge of the venture in violation of the TVPRA through her trafficker's history with the Days Inn, as well as the observations made about A.J. and the state of the hotel room when it was cleaned.  (Id. at ¶¶ 67-68.)

14.

A.J. requests compensatory, special economic, punitive, and other permissible damages, as well as litigation costs and attorney's fees.  (Id. at ¶¶ 74-76.)  According to a settlement demand letter from her counsel, A.J. seeks to recover damages against Cobb Real Estate in excess of $1,000,000.

15.

Cobb Real Estate was served on December 1, 2022, and responded to the Second Amended Complaint by filing a Motion to Dismiss on December 22, 2022.  The Motion to Dismiss is presently pending before the Court in the Underlying Action.

**The Columbia Policy**

16.

Cobb Real Estate is the named insured under a policy of businessowner's liability insurance issued by Columbia, Policy No. BOPGA 0000079772, with a policy period from 08/30/2012 to 08/30/2013 (the "Columbia Policy").

17.

A true and correct copy of the Columbia Policy is attached hereto as Exhibit B.

18.

The Columbia Policy includes the Businessowners Coverage Form, BP 00 03 01 10, and a Businessowners Policy Changes form, BO-351 (11-10).

19.

The Businessowners Coverage Form provides in pertinent part as follows:

**SECTION II – LIABILITY**

  **A.**    **Coverages**

      **1.**    **Business Liability**

          **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to

defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Paragraph **D. –** Liability And Medical Expenses Limits Of Insurance in Section **II –** Liability; and

**(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f.** Coverage Extension – Supplementary Payments.

**b.** This insurance applies:

**(1)** To "bodily injury" and "property damage" only if:

**(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(b)** The "bodily injury" or "property damage" occurs during the policy period; and

. . .

**(2)** To "personal and advertising injury" caused

        by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

. . .

**d.**    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **C.1.** Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)**    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)**    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)**    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

. . .

**f.**    **Coverage Extension – Supplementary Payments**

    **(1)**    We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

        . . .

        **(e)**    All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

20.

The Columbia Policy includes the following exclusions:

**B.     Exclusions**

    **1.     Applicable To Business Liability Coverage**

        This insurance does not apply to:

        **a.**     Expected Or Intended Injury "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

. . .

        **r. Criminal Acts**

        "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

21.

The Columbia Policy includes the following definitions:

**F.     Liability and Medical Expenses Definitions**

. . .

    **3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   **a.** False arrest, detention or imprisonment;
   **b.** Malicious prosecution;
   **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
   **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
   **f.** The use of another's advertising idea in your "advertisement"; or
   **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

22.

The Businessowners Policy Changes form in the Columbia policy adds the following:

3. The following is added to the **SECTION II – LIABILITY, B. Exclusions** section:

> **4. Applicable to both Business Liability Coverage and Medical Expenses Coverage**
>
> This insurance does not apply to: "bodily injury", "property damage" or "personal and advertising injury" arising out of:
>
> …
>
> e.  Sexual molestation, corporal punishment or physical or mental abuse.
>
> …

## Declaratory Judgment

23.

The allegations contained in paragraphs 1 through 22 above are re-alleged and incorporated by reference as if fully set forth herein.

24.

Based on the allegations in the Second Amended Complaint and the terms and conditions of the Columbia Policy, it appears that the Columbia Policy does not provide coverage to Cobb Real Estate for the claims asserted by A.J. in the Underlying Action.

25.

The Second Amended Complaint does not seek to recover for "bodily injury" caused by an "occurrence," as those terms are defined in the Columbia Policy. To the extent the Second Amended Complaint seeks to recover for a

"personal or advertising injury," as those terms are defined, the Columbia Policy provides an exclusion for those injuries "arising out of a criminal act committed by or at the direction of the insured."

26.

The Businessowners Policy Changes form also adds an additional exclusion which states that "coverage does not apply to: 'bodily injury' . . . or 'personal and advertising injury' arising out of . . . [s]exual molestation, corporal punishment or physical or mental abuse." It appears that this exclusion may apply to bar coverage for the claims asserted against Cobb Real Estate in the Underlying Action.

27.

In addition, the Columbia Policy does not provide coverage for A.J.'s claim for litigation costs and attorney's fees.

28.

Columbia is of the opinion that the Columbia Policy does not provide coverage to Cobb Real Estate for the claims asserted in the Underlying Action. However, Cobb Real Estate has requested a defense from Columbia, which is presently providing a defense to Cobb Real Estate in the Underlying Action, subject to a full reservation of rights under the Columbia Policy.

29.

Through counsel, A.J. has demanded that Columbia pay the full liability limit under the Columbia Policy to settle her claims against Cobb Real Estate in the Underlying Action.

30.

Because Cobb Real Estate has requested a defense under the Columbia Policy, and in light of the policy limits settlement demand received from A.J., Columbia is uncertain with respect to its duties and obligations under the policy in connection with the Underlying Action.

31.

An actual controversy has arisen and now exists between Columbia and Defendants concerning whether the Columbia Policy provides coverage to Cobb Real Estate for the claims asserted by A.J. in the Underlying Action.

32.

Columbia seeks a declaration from this Court with respect to its duties and obligations under the Columbia Policy in connection with the claims asserted by A.J. against Cobb Real Estate in the Underlying Action.  Specifically, Columbia seeks a declaration from this Court that it had no obligation to provide a defense

to Cobb Real Estate in the Underlying Action, nor does it have an obligation to provide indemnity for any judgment or settlement in favor of A.J.

33.

By reason of the foregoing, it is necessary and appropriate at this time for the Court to determine and declare the respective rights, obligations, and liabilities, if any, which exist among the parties to this lawsuit under the Columbia Policy.

WHEREFORE, plaintiff Columbia Mutual Insurance Company prays as follows:

    a.    That process and summons issue against defendants and that defendants be served as required by law;

    b.    That the Court declare that plaintiff Columbia Mutual Insurance Company has no obligation to provide insurance coverage to defendant Cobb Real Estate Services, LLC, or pay any judgment that may be entered against said defendant in the Underlying Action brought by defendant A.J. now pending in the United States District Court for the Northern District of Georgia Atlanta Division, Civil Action File No. 1:22-cv-02752-LMM;

    c.    That plaintiff recover its costs in filing this action; and

d.      That plaintiff be awarded all other relief to which it is entitled.

This 30th day of March, 2023.

                                          SWIFT CURRIE MCGHEE & HIERS, LLP

                                          */s/ David M. Atkinson*
                                          _____
                                          David M. Atkinson
                                          Georgia Bar No. 026460
                                          Lauren D. Woodrick
                                          Georgia Bar No. 324394
                                          *Attorneys for Plaintiff Columbia Mutual Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
Phone: (404) 874-8800
david.atkinson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com