FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-01361-S
3/1/2023 4:16 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

Shondell Daye and
Deidra Lucas

23-C-01361-S3

CIVIL ACTION
NUMBER:_____

PLAINTIFF

**EXHIBIT "A"**

VS.

Crete Carrier Corporation

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Nathan A. Kratzert, Esq.
Montlick & Associates, P.C.
17 Executive Park Drive, Suite 300
Atlanta, Georgia 30329

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of ____1st day of March, 2023_____, 20____.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-01361-S
3/1/2023 4:16 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SHONDELL DAYE and DEIDRA LUCAS,<br><br>    Plaintiff,<br><br>v.<br><br>CRETE CARRIER CORPORATION, SONYA BRIDGES, JOHN DOE 1-3 and XYZ CORPORATIONS 1-3,<br><br>    Defendants. | 23-C-01361-S3<br><br>CIVIL ACTION<br>FILE NO.: _____<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR DAMAGES

COMES NOW Shondell Daye (hereinafter "Plaintiff Daye") and Deidra Lucas (hereinafter "Plaintiff Lucas"), by and through their undersigned counsel, and file this Complaint for Damages against the above-captioned Defendants and respectfully show this Honorable Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiffs are citizens and residents of the State of Georgia, residing in Newton County. Plaintiffs willfully avail themselves to the jurisdiction and venue of this Court.

2.

Defendant Crete Carrier Corporation is a foreign for-profit corporation organized and existing under the laws of, and with a principal place of business in, the State of Nebraska. Defendant maintains a place of business in the State of Georgia for their essential business functions, located at 1225 Williams Drive, Marietta, GA 30066. Defendant may be served through its registered agent for service of process: CT Corporation System, 289 S. Culver Street,

Lawrenceville, GA 30046. Said Defendant is subject to the jurisdiction and venue of this Court individually, as a joint tortfeasor, or by virtue of the facts alleged herein.

3.

Defendant Sonya Bridges (hereinafter referred to as "Defendant Bridges") is a resident of the State of California and may be served with Summons and Complaint at her last known address, to wit: 1340 Larkspur Drive, Rocklin, California, and is subject to the jurisdiction and venue of this Court individually, as a joint tortfeasor or by virtue of the facts alleged herein.

4.

At all times relevant hereto, Defendant Bridges was an employee and/or agent of Defendant Crete Carrier Corporation and/or XYZ Corporations 1-3.

5.

At all times relevant hereto, Crete Carrier Corporation and/or XYZ Corporations 1-3, were the owners or lessees of the 2020 Freightliner Tractor (hereinafter "Tractor") being operated by Defendant Bridges at the time of the subject motor vehicle v. pedestrian collision.

6.

At all times relevant hereto, Crete Carrier Corporation and/or XYZ Corporations 1-3, were the employers, principals and/or masters of Defendant Bridges. Defendant Bridges was acting under the direction of Crete Carrier Corporation and/or XYZ Corporations 1-3, and/or within the scope of her duties as an employee, agent and/or servant of the aforesaid companies or corporations, at the time of the subject incident for which Plaintiff now brings the above-styled Complaint for Damages.

7.

Defendants John Does 1-3 and XYZ Corporations 1-3 are fictitious individuals, corporations, limited liability companies, partnerships, and/or other entities whose correct identities are currently unknown and who transacted business and/or committed the acts hereinafter described, and are, therefore, subject to the jurisdiction and venue of this Court individually and as joint tortfeasors pursuant to §9-10-90 et seq. and/or O.C.G.A. §14-2-510.

## BACKGROUND

8.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 7 above as if fully restated.

9.

This action arises from a motor vehicle collision that occurred on March 25, 2021, on Alcovy Road in Newton County, Georgia.

10.

On or about March 25, 2021, Plaintiff Daye was the driver and Plaintiff Lucas the passenger, of a motor vehicle traveling northbound on Alcovy Road near Cornish Creek Lane in Newton County, Georgia.

11.

On or about the same date and time, Defendant Bridges was operating the aforementioned 2020 Freightliner Tractor traveling behind Plaintiffs, going northbound on Alcovy Road near Cornish Creek Lane in Newton County, Georgia.

12.

At said time and place, Defendant Bridges was driving too fast for the conditions or was otherwise not paying attention to the roadway in front of her because, Plaintiff Daye had slowed his vehicle, activated his turn signal to turn left onto Cornish Creek Lane and began his turn when Defendant Bridges swerved the 2020 Freightliner into the southbound lane of Alcovy Road and slammed into Plaintiff's vehicle with such force that Plaintiff's vehicle flipped over and crashed into a neighborhood entrance sign.

13.

As a direct and proximate result of the collision and the negligence of Defendant Bridges, Plaintiff Daye sustained severe and debilitating personal injuries that are permanent in nature.

## COUNT I
## ORDINARY NEGLIGENCE

14.

Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 13 above as if fully restated.

15.

Defendant Bridges failed to exercise ordinary diligence and was, therefore, negligent when she failed to exercise that degree of care which is exercised by ordinary prudent persons under the same or similar circumstances, which is a violation of O.C.G.A. § 51-1-2.

16.

Defendant Bridges failed to exercise ordinary care for the safety of Plaintiff Daye and Plaintiff Lucas in the operation of the 2020 Freightliner Tractor. Said failure and the corresponding actions of Defendant Bridges as described hereinabove constitute negligence.

17.

Defendant Bridges' negligence was the proximate cause of Plaintiff Daye's and Plaintiff Lucas' severe and debilitating injuries and damages in this collision.

## COUNT II
## NEGLIGENCE PER SE

18.

Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 17 above as if fully restated.

19.

At all times material, Defendant Bridges had a duty to operate the 2020 Freightliner Tractor in a safe and prudent manner and to keep a proper lookout for other vehicles traveling the roadways.

20.

Defendant Bridges breached said duties by operating the 2020 Freightliner Tractor in a reckless and dangerous manner, and by negligently and improperly following too closely as defined under O.C.G.A. § 40-6-49.

21.

Said negligence constitutes a failure to exercise the standard of care imposed by statute and is negligence per se, that is, negligence as a matter of law.

22.

As a result of the negligence of Defendant Bridges negligent actions, was found at fault by Newton Sheriff's Office for following too closely, a violation of O.C.G.A. § 40-6-49.

23.

Additionally, Defendant Bridges' negligent acts and/or omissions which caused and/or contributed to the subject incident, include but are not limited to:

a. Failure to maintain lane as defined (O.C.G.A. § 40-6-48);

b. Driving too fast for conditions (O.C.G.A. § 40-6-180);

c. Failure to maintain a proper and safe lookout (O.C.G.A. § 40-6-180);

d. Driving while distracted (O.C.G.A. § 40-6-241);

e. Reckless driving (O.C.G.A. § 40-6-390);

f. Driving without due care (O.C.G.A. § 40-6-241);

g. Failure to maintain proper control of a motor vehicle (O.C.G.A. § 40-6-180);

h. failure to obey the Federal Motor Carrier Safety Regulations ("FMCSR") and/or the rules and regulations of the Georgia Department of Public Safety regarding commercial motor vehicles;

i. Failure to exercise ordinary care and due diligence in the operation of a motor vehicle (O.C.G.A. § 51-1-2); and

j. Any and all further acts of negligence as may be proven at trial.

24.

As a direct and proximate result of Defendant Bridges' negligence per se, Plaintiff Daye and Plaintiff Lucas suffered severe and debilitating bodily injuries and incurred special damages.

## COUNT III
## VICARIOUS/IMPUTED LIABILITY

25.

Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 24 above as if fully restated.

26.

Upon information and belief, at the time of the subject collision and at all times relevant hereto, Defendant Bridges was engaged in the regular course and scope of her employment or agency with Defendants Crete Carrier Corporation and/or XYZ Corporations 1-3.

27.

At the time of the subject collision, Defendants Crete Carrier Corporation and/or XYZ Corporations 1-3 entrusted the subject 2020 Freightliner Tractor to Defendant Bridges and she was operating the said vehicle on behalf of Defendants Crete Carrier Corporation and/or XYZ Corporations 1-3.

28.

At the time of the subject collision, Defendant Bridges was completing a task for the benefit of Defendants Crete Carrier Corporation and/or XYZ Corporations 1-3 and was, therefore, serving as an agent for said defendants, her principals.

29.

Under the doctrine of *Respondeat Superior*, lease liability, agency or apparent agency, Defendants Crete Carrier Corporation and/or XYZ Corporations 1-3 are vicariously responsible for the negligent conduct of their employee, agent or servant, Defendant Bridges.

## COUNT IV
## NEGLIGENT HIRING, TRAINING & SUPERVISION

30.

Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 29 above as if fully restated.

31.

Defendants Crete Carrier Corporation and/or XYZ Corporations 1-3 were the owners and/or lessors of the 2020 Freightliner Tractor being operated by Defendant Bridges on the date of the subject collision.

32.

The aforementioned 2020 Freightliner Tractor was a commercial motor vehicle registered with the Department of Transportation ("DOT") and Federal Motor Carrier Safety Administration ("FMCSA").

33.

The aforementioned 2020 Freightliner Tractor had a gross vehicle weight rating in excess of 10,001 lbs.

34.

Defendants Crete Carrier Corporation and/or XYZ Corporations 1-3 were negligent in the following manner, which caused and/or contributed to the collision including, but are not limited to:

 a. In hiring Defendant Bridges and entrusting her to operate the 2020 Freightliner Tractor;
 b. In failing to properly train Defendant Bridges;
 c. In failing to properly supervise Defendant Bridges;
 d. In entrusting Defendant Bridges with tasks for which she was not qualified to perform, while engaged in the course and scope of her employment and agency with Defendants;

e.    In failing to implement safety practices to assure safe operation of vehicles being driven by their drivers;

f.    In failing to obey and enforce the Federal Motor Carrier Safety Regulations ("FMCSR") and/or the rules and regulations of the Georgia Department of Public Safety regarding commercial motor vehicles; and

g.    In failing to exercise that degree of care and caution that a reasonable and prudent company would have exercised under the circumstances then and there prevailing.

35.

Defendants Crete Carrier Corporation and/or XYZ Corporations 1-3's negligence in hiring Defendant Bridges, entrusting her with driving a commercial vehicle and failing to train and supervise her properly was a direct and proximate cause of the collision and Plaintiff Daye's and Plaintiff Lucas' resulting injuries.

36.

As a direct and proximate result of the negligent hiring, supervision and training of Defendant Bridges by Defendants Crete Carrier Corporation and/or XYZ Corporations 1-3, Plaintiff Daye and Plaintiff Lucas sustained severe and debilitating personal injuries that are permanent in nature.

## COUNT V
## DAMAGES

37.

Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 36 above as if fully restated.

38.

As a direct and proximate result of the negligence of the Defendants, severally, collectively, and/or in various combinations thereof, Plaintiff Daye incurred, among other things, medical expenses; pain and suffering; mental and emotional distress; and any and all other elements of damage allowable under the laws of the State of Georgia, entitling him to an award of special damages from Defendants in an amount proven at trial to be fair and just. As of the date of this Complaint, Plaintiff has incurred past medical expenses and will continue to incur medical expenses in the future in an amount not less than $120,000.00.

39.

As a direct and proximate result of the negligence of the Defendants, severally, collectively, and/or in various combinations thereof, Plaintiff Lucas incurred, among other things, medical expenses; pain and suffering; mental and emotional distress; and any and all other elements of damage allowable under the laws of the State of Georgia, entitling her to an award of special damages from Defendants in an amount proven at trial to be fair and just. As of the date of this Complaint, Plaintiff has incurred past medical expenses and will continue to incur medical expenses in the future in an amount not less than $26,911.79.

40.

As a direct and proximate result of the collision on March 25, 2021 and the negligence of Defendants, Plaintiff Daye and Plaintiff Lucas have suffered, continue to suffer, and can reasonably be expected in the future to suffer, severe pain of body and mind, mental anguish, emotional distress, and other general, non-economic damages, entitling Plaintiff Daye and Plaintiff Lucas to an award of general and special damages from Defendants in an amount to be proven at trial and decided by the fair and enlightened conscience of an impartial jury.

41.

Plaintiff Daye is entitled to recover from Defendants for his medical care/treatment to date, the care he will require in the future; his pain and suffering – past, present and future; his emotional distress and mental anguish – past, present and future; his lost wages and diminished capacity to labor – past, present and future; and any and all other elements of damage allowable under the laws of the State of Georgia.

42.

Plaintiff Lucas is entitled to recover from Defendants for her medical care/treatment to date, the care she will require in the future; her pain and suffering – past, present and future; her emotional distress and mental anguish – past, present and future; her lost wages and diminished capacity to labor – past, present and future; and any and all other elements of damage allowable under the laws of the State of Georgia.

## COUNT VI
## PUNITIVE DAMAGES

43.

Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 42 above as if fully restated.

44.

The acts and omissions of Defendants, including but not limited to multiple FMCSR and/or the rules and regulations of the Georgia Department of Public Safety regarding commercial motor vehicles, constitute willful misconduct, wantonness, and that entire want of care which would raise the presumption of conscious indifference to consequences so as to entitle Plaintiffs and the general public to punitive damages against them in accordance with O.C.G.A. § 51-12-5.1. Accordingly, Plaintiffs are also entitled to recover punitive damages from