**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SHONDELL DAYE and DEIDRA LUCAS, | |
|     Plaintiff, | **EXHIBIT "B"** |
| v. | CIVIL ACTION |
| CRETE CARRIER CORPORATION, SONYA BRIDGES, JOHN DOE 1-3 and XYZ CORPORATIONS 1-3, | FILE NO.: _____ |
|     Defendants. | |

**PLAINTIFFS' FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS TO DEFENDANT CRETE CARRIER CORPORATION**

COMES NOW Plaintiffs, SHONDELL DAYE and DEIDRA LUCAS, (hereinafter "Plaintiffs"), and hereby requests, pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, 9-11-34 and 9-11-36, that Defendant CRETE CARRIER CORPORATION respond to the following written interrogatories, request for production of documents, and request for admissions within the timeframe and in the manner provided by law. Each of the following discovery requests shall be deemed continuing and must be supplemented by said defendant to the extent required by O.C.G.A. § 9-11-26(e).

DEFINITIONS

(A)   *Document* – As used herein shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control or possession of Defendants or of which Defendants have knowledge, including without limitation, letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graph, statistical

compilations, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which the draft of copy contains any commentary or notation whatsoever that does not appear on the original.

(B)     _Person_ – As used herein shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

(C)     _Date_ – As used herein shall mean the exact day, month, and year, if known to Defendants, or, if the exact date is not known, the best available approximation.

(D)     _Communication_ – As used herein shall include any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

(E)     _Identify_ – As used herein in reference to:

(1)     Individual person shall mean to state: (a) her or her full name; (b) present or last known residence address (designating which); (c) present or last known phone number; and (d) present or last known position or business affiliation (designating which), job title, employment address, and employment telephone number.

(2)     Entity such as a firm, partnership, corporation, proprietorship, financial institution, or other organization or entity shall mean to state:  (a) its full legal name; (b) present or last known address; (c) present or last known telephone number (designating which); (d) the legal form of such entity or organization; and (e) the identity of its chief executive officer.

(3)     Oral communication – shall mean to state: (a) the date; (b) subject matter; (c) identity of the communicator(s) and communicatee(s); (d) nature of the communication; (e) location(s) where the communication occurred;

(f) whether it was recorded or otherwise memorialized; and (g) the identity of any witness(es) to any recording or memorialization.

(4)     <u>Document</u> shall mean to state:  (a) the title, if any; (b) date; (c) identity of the author and/or person(s) signing it; (d) type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (i.e., invoice number); (e) name(s) of the person(s) known to have seen the document or to have received copies; (f) its present location or custodian; and (g) a description of its contents.

*(In lieu of stating the foregoing information, Defendants may attach a legible copy of a document to its responses hereto, specifying the particular interrogatory to which the copy is responsive to and identifying the present custodian of the original).* If any document which you would have identified in response to any interrogatory was but is no longer in your possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "*Identify*" shall also mean to state:  (h) whether any such document is or has been missing, lost, destroyed, transferred to others or otherwise disposed of; and  (i) in any such instance to set forth the surrounding circumstances in any authorization for such disposition; the approximate date of disposition; and the present location and custodian of such documents.

(F)     *State All Facts* – As used herein means to state all facts discoverable under O.C.G.A. §9-11-26 and §9-11-33 known to Defendants or Defendants' attorneys, and to identify all persons having knowledge of such facts, identify all documents concerning or relating to such facts.  When used in reference to an allegation of the pleadings, "*state all facts*" shall include all facts negating, as well as supporting, the allegation.

(G)     *You* and/or *Your* – As used herein shall mean the individual defendant upon whom these requests are propounded or any person or persons acting or purporting to act in any manner for said defendant or on said defendant's behalf.

(H)     *Or* – As used herein shall mean and/or.

(I)     *Collision* or *Subject Collision* – As used herein shall be defined as the **March 25, 2021 collision between the tractor-trailer driven by Defendant Sonya Bridges and Plaintiffs' vehicle**, as described in Plaintiffs' Complaint.

(J)     *Truck* or *Tractor* – As used herein, shall be defined as **the semi-truck/semi-tractor/semi- motor vehicle that Defendant Sonya Bridges was driving,** and which was involved in the Collision giving rise to this action.

(K)     *Trailer* – As used herein, shall be defined as **the cargo trailer which was attached to the semi-tractor motor vehicle that Defendant Sonya Bridges was driving,** and which was involved in the Collision giving rise to this action.

(L)     *Tractor-Trailer* – As used herein, shall be defined as **the combined semi-tractor motor vehicle and cargo trailer that Defendant Sonya Bridges was driving** and which was involved in the Collision giving rise to this action.

(M)     The singular shall include the plural; the plural shall include the singular, the masculine shall include the feminine; the feminine shall include the masculine.

INSTRUCTIONS

(A)     Each interrogatory should be answered separately upon the knowledge or the information and belief of Defendants and any answer based upon information and belief should state that it is given upon such basis.

(B)     Continuing Interrogatories:   The following interrogatories shall be continuing to the full extent permitted under the applicable provisions of the Georgia Civil Practice Act.   Each interrogatory shall be construed to include information and documents within Defendants' knowledge, possession, or control as of the date of her answer to these interrogatories and any supplemental information, knowledge, data, documents or communications responsive to these interrogatories which is subsequently generated, obtained or discovered.

(C)     Unknown information:   To the extent any information called for by these interrogatories is unknown to you so state and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth your best

estimate, clearly designated as such, in place of unknown information and describe the basis upon which the estimate is made.

(D)     Objections based on burdensomeness:  If the response to any interrogatory consists in whole or in part of any objection relating to or including burdensomeness, then with respect to such response:

> (1)     Provide such information as can be ascertained without undue burden;
>
> (2)     State with particularity the basis for such objection, including: (a) description of the process or method required to obtain any fact or document responsive to the interrogatory; and (b) estimated cost and time required to obtain any fact responsive to the interrogatory.
>
> (3)     Describe the nature and extent of the documents or other sources, if any, from which any fact responsive to the interrogatory can be obtained.

(E)     Objections based on privilege:  In the event that any information requested herein is withheld under a claim of privilege, please provide the following regarding the information:

> (1)     Description of the general subject matter of the information and the approximate date when it was prepared, created, or became known;
>
> (2)     *Identify* each person having knowledge of the information and every other person who may have received such information;
>
> (3)     Statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the information; and
>
> (4)     The numbers of each interrogatory to which the information would otherwise be responsive.

(F)     All definitions set forth hereinabove shall be carefully regarded and shall also apply equally to the following Interrogatories, Request for Production of Documents, and Request for Admissions.

## INTERROGATORIES

1.

Please identify all persons who assisted in responding to these interrogatories, requests for production, and requests for admissions.

2.

Please identify all persons known to you, either from your own investigation or from any investigation made on your behalf who:

(a)    may have seen any part of the collision;

(b)    may have arrived at the scene immediately or shortly after it happening;

(c)    may have some knowledge regarding the facts or circumstances surrounding the collision, including, but not limited to, medical witnesses and other persons having any knowledge thereof.

If any of the people listed above are friends or relatives of any defendant hereto, please list those relationships.

3.

Do you have or know of any statements that were taken or made with regard to the collision, including but not limited to statements made by Sonya Bridges?  If so, for each statement please:

(a)    State the date and location where the it was taken or made;

(b)    Identify the person(s) who took the statement and the person who made it; and

(c)    Identify each person or entity having possession, custody, or control of the statement.

4.

Please *State all Facts* upon which each affirmative defense raised in Defendants' Answer is based.  *(NOTE:  This request does not seek any legal opinions, theories, or other privileged information from Defendant nor Defendant's attorneys.  It merely seeks discovery of the facts upon which Defendant's defenses are based.)*

5.

As to each Request for Admission that you have denied, please

(a)     *State all Facts* upon which your denial is based.  (Where the denial is the result of a misstatement of fact, please provide the fact(s) that you contend to be correct);

(b)     *Identify* all witnesses who substantiate your denial and state the substance of their knowledge; and

(c)     *Identify* all documents that substantiate your denial.

*(NOTE:   This request does not seek any legal opinions, theories, or other privileged information from Defendant nor Defendant's attorneys. It merely seeks discovery of the facts upon which Defendant's denial of each Request for Admission is based.)*

6.

If you, your attorney, your insurance carrier, or anyone acting on your or their behalf, have or know of any photographs, motion pictures, video tapes, CDs, DVDs, drawings, diagrams, measurements, surveys, or other descriptions concerning the events and happenings alleged in the Complaint, scene of the *Collision* or surrounding area(s), or persons or vehicles involved, please state as to each such item:

(a)     what it purports to show, illustrate, or represent;

(b)     the *Identity* of the person who took the photograph or prepared the depiction;

(c)     the date it was made or taken; and

(d)     the *Identity* of the person having custody of such item.

7.

Does any primary or excess insurance agreement or indemnity agreement exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment against you which may be entered in favor of the Plaintiff in this action?  If so, please state:

(a)     the type of policy; policy number; policy limits; and the effective dates of coverage;

(b)     the legal names of each and every party to the agreement itself and to any further or subordinate agreement(s);

(c)     whether the insurer has been notified of the Collision; and if the answer is in the negative, state the reason the insurer has not been notified and when You intend to notify them; and

(d)     whether any reservation of rights has been asserted by any insurer or whether there has been any denial of coverage in regard to Plaintiffs' claim.

8.

At the time of the *Collision*, did you have any policy or procedure manuals pertaining to the operation of your company vehicles? If so, please state for each such manual:

(a)     the title of the manual;

(b)     how long it has been in effect; and

(c)     the *Identity* of each person who is a custodian of the manual.

9.

Describe your policies regarding accidents and their aftermath, including descriptions of:

(a)     the actions to be taken by employees and/or agents in the event of an accident;

(b)     policies and procedures for your employees' and/or agents' reporting of accidents;

(c)     policies and procedures for reporting of accidents to government agencies;

(d)     a description of your accident review and/or investigation procedures;

(e)     the *Identity* of each document containing information pertaining in any way to the *Collision* or the parties or vehicles involved; and

(f)     the results of any review and/or investigation of this *Collision*.

## DEFENDANT SONYA BRIDGES

10.

Identify Defendant Sonya Bridges by full legal name, present residence address (or, if unknown, last known residence address), date of birth, and the full legal name of Sonya Bridges' present employer and Sonya Bridges' employer at the time of this *incident*.

11.

With respect to Defendant Sonya Bridges' employment or agency with Defendant Crete Carrier Corporation, please provide the following:

(a)     State the date Sonya Bridges' employment or agency began;

(b)     *Identify* each person who was involved in the hiring or contracting process and their respective role in the process;

(c)     *Identify* each of Defendant Sonya Bridges' supervisors;

(d)     State whether she received any training after the start of her employment or agency and, if so, describe the training;

(e)     Describe how she was compensated (ie., by the mile, by the load, by the hour, straight salary, etc.) and the basis for her work-related incentives and reprimands;

(f)     State whether she is still employed or contracted by you; and

(g)     If the response to subpart (e) above is in the negative, state the reason and date her employment or agency ceased.

12.

Please indicate whether Defendant Sonya Bridges was reprimanded, disciplined, or received any adverse consequence as a result of the *Collision*. If so, please state for each such reprimand, discipline, or adverse consequence:

(a)     the date and exact nature of same; and

(b)     the *Identity* of all related documentation.

13.

Has Defendant Sonya Bridges ever been involved in any vehicular collision or received a traffic citation at any time during the ten (10) years preceding the subject *Collision* through the date of trial in this action? If so, for each incident:

(a)     State the date and location of its occurrence;

(b)     Briefly describe the incident;

(c)     *Identify* all parties involved; and

(d)     Describe the injuries received by the parties involved, if any;

(e)     State whether a claim was filed and, if so, state the outcome of the claim; and

(f)     State whether a lawsuit was filed and, if so, state the outcome of the lawsuit.

14.

Was a background check performed on Defendant Sonya Bridges at any time prior to or during her employment or agency for Defendant Crete Carrier Corporation?  If so, please state for each such check:

(a)     the date(s) the check was performed;

(b)     the *Identity* of the person conducting the check;

(c)     the *Identity* of each agency from which information was sought; and

(d)     a description of the information that was obtained through the check.

If a background check was not performed, please state the reason.

15.

Has Defendant Sonya Bridges ever been charged with a crime?  If so, for each criminal charge please state:

(a)     the date and nature of the charge;

(b)     whether it was a felony or misdemeanor;

(c)     the state and county where the charge was brought; and

(d)     the disposition of the charge.

16.

Were any tests (blood, urine, or other) performed on Defendant Sonya Bridges by you or at your request at any time during the six (6) months prior to *Collision* or the forty-five (45) days following the *Collision*?  If so, for each instance of testing, please:

(a)     *Identify* the person and/or entity that requested the testing be performed;

(b)     *Identify* the entity that administered the test;

(c)     State the reason the testing was requested/performed; and

(d)     State the results of the testing.

If no such testing was performed, please state the reason(s).

17.

Regarding the hiring and selection of drivers, please state in detail Defendant Crete Carrier Corporation's, or anyone acting on said defendant's behalf, procedures for hiring and selection of drivers.  Please also state:

    (a)      what information and references Defendant Sonya Bridges provided to you prior to your hiring him/her as a driver; and

    (b)      whether your company investigated or tested Defendant Sonya Bridges in any way prior to utilizing her as a driver and, if so, please describe the process and the results.

18.

Has Defendant Sonya Bridges experienced any physical or mental injury, limitation, or disability at any time during the five (5) years prior to the *Collision* through the date of the trial of this case?  If so, please state for each such injury, limitation, or disability:

    (a)      the nature, extent, and duration of same;

    (b)      whether it affected in any way her ability to operate a motor vehicle and, if so, describe how it was affected;

    (c)      the nature of the treatment received and the dates of treatment; and

    (d)      the *Identity* of all documents relating to the diagnosis of the condition, injury, or disability.

19.

In regard to each driver's license held by Defendant Sonya Bridges, please state:

    (a)      The license number, class, and issuing state;

    (b)      All driving restrictions thereupon;

    (c)      Whether it was valid at the time of the *Collision*; and

    (d)      Whether it has ever been suspended or revoked and, if so, the reason(s) for each such revocation or suspension.

20.

State whether you or anyone acting on your behalf gave, furnished, performed, or otherwise provided any form of driver training to Defendant Sonya Bridges, including but not limited to schools, classes, instructions, or any other visual, written, or oral instructions or directions.  If so, please state for each such instance of training:

    (a)      a description of the form of training provided;

    (b)      *Identify* all person(s) providing the training and state their present whereabouts;

(c)     State the date(s) and location(s) of the training;

(d)     State the amount of time it took to complete the training;

(e)     State whether Defendant Sonya Bridges was given any testing/evaluation following the training;

(f)     *Identify* all documents related to or comprising the training that were provided to Defendant Sonya Bridges; and

(g)     *Identify* all documents related to or comprising any testing/evaluation administered to Defendant Sonya Bridges after completion of the training.

21.

Did you provide Defendant Sonya Bridges with any cell phone, pager, or other wireless telecommunication device?  If so, please state for each such device:

(a)     whether it was to be used in the regular course and scope of Defendant Sonya Bridges' employment with you; and

(b)     the phone number and service provider for the device.

22.

State and *Identify* for the seven (7) day period prior to the date of the *Collision* Defendant Sonya Bridges' starting points, times of departure, stopping points, locations, arrival times, departure times, ultimate destinations, and purposes of trips made.

23.

If you contend that Defendant Sonya Bridges was not acting within the scope of her/her agency or employment with Defendant Crete Carrier Corporation, please state the factual basis for your contention.

## TRACTOR-TRAILER

24.

As to the *Tractor* Defendant Sonya Bridges was driving and the *Trailer* she was hauling, please state:

(a)     the manufacturer, make, model, and year;

(b)     the length and width thereof;

(c)     the name of the entity to whom each was titled;

(d)     the company identification number for each;

(e)     the total gross weight of each at the time of the *Collision*;

(f)     the make, model and types of the *Tractor's* brakes;

(g)     a description of the load being transported at the time of the *Collision*;

(h)     whether, at the time of the *Collision*, the *Tractor* was equipped with an Electronic Control Module or "Black Box", on-board recording device, on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM, GPS device, or device known by any other name which records information concerning the operation of the vehicle;

(i)     a description of all permits or licenses regarding the *Tractor* and/or *Trailer*;

(j)     the date, method, and source from which you acquired the *Tractor* and the *Trailer* and the condition of each at the time of acquisition;

(k)     whether any repair or alteration has been made to any part of the *Tractor* or *Trailer* since the date of the Collision and, if so, the date, nature, and reason for making each repair or alteration, and the *Identity* of each person who made each repair or alteration;

(l)     whether a claim was submitted to your insurance company for the damage done to the subject *Tractor* or *Trailer* and, if so, *Identify* the forms used to file the claim and *Identify* each witness whose statement was filed with the claim, if applicable;

(m)     whether the *Tractor* or *Trailer* has been involved in any prior or subsequent *Collision*(s); if so, state when, where and how the incident(s) occurred.

25.

Was the *Tractor-Trailer* subject to routine maintenance or service inspections? If so, for each instance of maintenance and inspection on the date of the *Collision* and during the one (1) year prior and subsequent to the *Collision*, please:

(a)     State the date it was performed;

(b)     State the location where it was performed;

(c)     *Identify* the individual(s) who performed it;

(d)     *Identify* the individual(s) or entity(s) who requested it;

(e)     Describe the findings of the inspection and/or the nature of the maintenance; and

(f)     State whether any document(s) were prepared with regard to the findings of the inspection or the nature of the maintenance and, if so, *Identify* the documents.

26.

Please *Identify* each person you expect to call as an expert witness at the trial of this case and, as to each, describe her/his qualifications as an expert; state the subject matter upon which he/she is expected to testify; state her/his opinions and include a summary of the grounds for each opinion; identify all documents which have been exchanged with each expert, including reports of any kind and billing statements and payments; state the compensation structure between you and the expert; identify all lawsuits in which the expert has provided testimony in the past five years; and identify all reports, correspondence, data, and other documents, whether in hard copy or electronic/digital format, prepared by each expert which relate to the subject matter of this lawsuit.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiff requests that Defendant Crete Carrier Corporation respond in writing to the following Request for Production of Documents within the timeframe and in the manner provided by law.

### INSTRUCTIONS

(A)     This request for production of documents shall be deemed continuing, to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendant to serve upon Plaintiff supplemental answers if Defendant or its attorneys obtain further information between the time the answers are served and the time of trial.

(B)     If Defendant objects to part of a request and refuse to answer that part, state its objections and answer the remaining portion of that request. If Defendant objects to the scope or time period of the request and refuses to answer for that scope or time period, state its objection and answer the request for the scope or time period Defendant believes is appropriate.

(C)     If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying whatever information Defendant has concerning the unanswered portions.   **If Defendant's response is qualified in any particular, please set forth the details of such qualifications**.

(D)     In the event Defendants wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, Defendants are requested to provide Plaintiff with a **Privilege Log** identifying such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

(E)     All definitions set forth in Plaintiffs' Interrogatories hereinabove shall apply equally to the following Requests for Production of Documents and Request for Admissions.

1.

All statements from any person with relevant knowledge of the *Collision*, whether written or recorded, including but not limited to statements made by Plaintiff.

2.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing relevant to this lawsuit.

3.

All documents evidencing, reflecting, relating to or constituting any communication between you and Plaintiff or Plaintiff or any friend, acquaintance, relative, representative of thereof.

4.

The entire driver's qualification file, cover-to-cover, of Defendant Sonya Bridges, and all documents related to her qualification for employment or agency with Crete Carrier Corporation, including but not limited to the following:

    (a)    Pre-employment controlled substance screening and the results thereof;

    (b)    Pre-employment Background Check and the results thereof;

    (c)    Pre-employment Driving Record Checks and the results thereof;

    (d)    Copy of Defendant Sonya Bridges' Driver's License(s);

    (e)    Record of Road Test completed by the person(s) who tested Defendant Sonya Bridges;

    (f)    Certificate of Driver's Road Test completed by the person(s) who tested Defendant Sonya Bridges;

    (g)    Written Examination that was administered to Defendant Sonya Bridges and her answers thereto;

    (h)    Certificate of Written Examination completed by the person(s) who administered or supervised the administration of the written examination given to Defendant Sonya Bridges; and

    (i)    Certificate of Physical Examination completed by any physician who has examined Defendant Sonya Bridges.

5.

The entire personnel file, cover to cover, of Defendant Sonya Bridges, and all documents related to her employment or agency for Defendant Crete Carrier Corporation, including but not limited to the following:

    (a)    Application for Employment and related documents;

    (b)    Hiring documents;

    (c)    Background Checks and the results thereof;

    (d)    Driving Record Checks and the results thereof;

(e)     Disciplinary documents;

(f)     Periodic, random, or post-accident controlled substance or alcohol testing and the results thereof; and

(g)     Traffic citation(s) and warning(s) received by Defendant Sonya Bridges.

6.

All documents completed or prepared by or on behalf of Crete Carrier Corporation during the entire length of Defendant Sonya Bridges' employment or agency demonstrating that an annual review of her/her driving record was performed.

7.

All documents evidencing, reflecting, relating to, or constituting an investigation report, accident report, or incident report generated by Defendant(s) or anyone on Defendant(s)' behalf regarding the *Collision*.

8.

All documents that Defendant receives in response to its Requests for Production of Documents to nonparties.

9.

All policies of insurance in their entirety, including but not limited to the declarations pages, which do or may afford liability insurance coverage to Defendant Crete Carrier Corporation with regard to Plaintiffs' claims against said Defendant.

10.

All documents which evidence the limits of Defendant Crete Carrier Corporation's self-insurance effective on the date of the *Collision*.

11.

All claims forms, accident reports, disciplinary actions, or other documentation maintained by Defendant Crete Carrier Corporation relating to Defendant Sonya Bridges.

12.

The Driver's Duty Status Records of Defendant Sonya Bridges that she completed in relation to her operation of any vehicles owned, leased or controlled by Defendant Crete Carrier Corporation during the six (6) month period preceding the *Collision* and at any time since its occurrence.

13.

The Driver's time sheets and Daily- or Multi-Daily Log Book(s) that Defendant Sonya Bridges completed in relation to her operation of any vehicles owned, leased or controlled by Defendant Crete Carrier Corporation during the six (6) month period preceding the *Collision* and at any time since its occurrence.

14.

All bills of lading, shipping invoices, manifests, waybills, routing slips, or delivery schedules relating to the materials or goods hauled by Defendant Sonya Bridges during the six (6) month period preceding the *Collision* and at any time since its occurrence.

15.

All toll, fuel, and/or fleet cards for fuel, or other expense receipts obtained by Defendant Sonya Bridges while operating any vehicles owned, leased or controlled by Defendant Crete Carrier Corporation during the six (6) month period preceding the *Collision* and at any time since its occurrence.

16.

All trip envelopes, trip reports, or expense sheets relating to any trips made by Defendant Sonya Bridges during the six (6) month period preceding the *Collision* and at any time since its occurrence.

17.

All mobile, cellular phone, pager, and other wireless telecommunication device records for all such devices Defendant Sonya Bridges used while operating any vehicles owned, leased or

controlled by Defendant Crete Carrier Corporation during the six (6) month period preceding the *Collision* and at any time since its occurrence.

18.

All documents pertaining to audits or reviews of Defendant Sonya Bridges' wireless telecommunication device usage, Daily- or Multi-Daily Log Books, expenses, and Bills of Lading that were performed by Defendant Crete Carrier Corporation during the six (6) month period preceding the *Collision* and at any time since its occurrence.

19.

Defendant Crete Carrier Corporation's manual covering truck safety, maintenance, fleet safety, cell phone usage, and pager usage programs and/or driver standards.

20.

All of Defendant Crete Carrier Corporation's driver handbooks, employee handbooks, company manuals, policies and procedures, rules, regulations, guidelines, intra-office memos, safety manuals, safety bulletins, training manuals, and other tangible materials by whatever name, in effect on the date of the *Collision*, including but not limited to policies and procedures relating to alcohol and drug testing, cell phone and/or pager usage, driver standards, and truck/fleet safety, maintenance and inspections.

21.

All repair estimates for the *Tractor-Trailer* relating to damage caused by the *Collision*.

22.

All documents pertaining to the reporting of the *Collision* to Defendant Crete Carrier Corporation by any person or entity, including but not limited to call-in report(s) and incident report(s) that were made by any defendant hereto.

23.

All documents, correspondence, and reports sent to or received from any federal, state, or local regulatory agency pertaining to the *Collision*.

24.

All printouts, dates, or other information from the Electronic Control Module ('Black Box," speed recording device, GPS device or any and all other data recording devices located on the vehicle being operated by Defendant Sonya Bridges at the time of the collision giving rise to this litigation).

25.

All documents pertaining to inspections of the *Tractor-Trailer* on the date of the Collision and during the one (1) year prior and subsequent to the *Collision*.

26.

All documents pertaining to maintenance performed on the *Tractor-Trailer* on the date of the Collision and during the one (1) year prior and subsequent to the *Collision*.

27.

Electronic copies of any and all documents received from non-parties in this matter in response to a request for production of documents or subpoena. If possible, please provide the requested documents via an emailed link to a shared folder. Plaintiff reminds Defendant of their ongoing duty to supplement this response as discovery progresses and additional documents are obtained from non-parties.

28.

Electronic copies of any and all documents received in response to open records requests pertaining to the *Collision*. If possible, please provide the requested documents via an emailed link to a shared folder. Plaintiff reminds Defendant of their ongoing duty to supplement this response as discovery progresses and additional documents are obtained from non-parties.

29.

All expert reports, correspondence, data, and other documents, whether in hard copy or electronic/digital format, which have been obtained from each expert(s) you expect to call to testify at trial.

30.

All documents exchanged between you and each expert you expect to call to testify at trial.

31.

A current curriculum vitae for each expert identified in your responses to Plaintiffs' interrogatories.

32.

All transcripts of depositions given by each expert you expect to call to testify at trial.

## REQUEST FOR ADMISSIONS

Pursuant to O.C.G.A. § 9-11-26 and § 9-11-36, Plaintiff requests that Defendant Crete Carrier Corporation admit the truth of the facts and the genuineness of the documents hereinafter set forth within the timeframe and in the manner provided by law.

NOTE:   All definitions set forth in Plaintiffs' First Interrogatories to Defendant hereinabove shall apply equally to the following Requests for Admissions.

1.

Defendant Crete Carrier Corporation maintains its principal place of business at 400 N.W. 56th St., Lincoln, NE, 68528.

2.

Defendant Crete Carrier Corporation's registered agent for service of process is located in Gwinnett County, Georgia.

3.

Defendant Crete Carrier Corporation is subject to the jurisdiction and venue of this Court.

4.

Defendant Crete Carrier Corporation has been properly served with process in this action.

5.

The process served upon Defendant Crete Carrier Corporation in this action was sufficient.

6.

Defendant Crete Carrier Corporation has no evidence to support the defense that service of said defendant was improper.

7.

Defendant Crete Carrier Corporation has no evidence to support the defense that the process served upon said defendant was insufficient.

8.

Defendant Crete Carrier Corporation has no evidence to support the defense that Plaintiffs assumed the risk of their injuries.

9.

Defendant Crete Carrier Corporation has no evidence to support the defense that Plaintiffs were contributorily negligent.

10.

Defendant Crete Carrier Corporation has no evidence to support the defense that Plaintiffs' case fails to state a claim upon which relief can be granted.

11.

Because Defendant Crete Carrier Corporation operates a for hire carrier, it is required to have a United States Department of Transportation (herein referred to in this Complaint as "USDOT") Number.

12.

Defendant Crete Carrier Corporation's USDOT Number is 73705.

13.

Defendant Crete Carrier Corporation's Carrier operation status is intrastate, not interstate.

14.

Defendant Crete Carrier Corporation must comply with the applicable USDOT Safety Regulations.

15.

Defendant Crete Carrier Corporation operates some vehicles that have a gross vehicle weight rating or gross combination weight rating (whichever is greater) of 10,001 lb. or more.

16.

Defendant Crete Carrier Corporation operates a Carrier.  (A carrier means a person or corporate entity who undertakes the transporting of goods or passengers for compensation.)

17.

Defendant Crete Carrier Corporation operates a for hire carrier. (For hire means an activity wherein for compensation a motor vehicle and driver are furnished to a person or corporate entity by another person, acting directly or knowingly and willfully acting with another to provide the combined service of the vehicle and driver, and includes every person acting in concert with, under the control of, or under common control with a motor carrier who shall offer to furnish for transportation for compensation.)

18.

Defendant Crete Carrier Corporation operates a motor common carrier.  (A motor common carrier means every person or corporate entity owning, controlling, operating, or managing any motor propelled vehicle and lessees, receivers, or trustees of such person, used in the business of transporting for hire of persons or property, or both, otherwise than over permanent rail tracks, on the public highways of Georgia as a common carrier.)

19.

The *Collision* occurred on March 25, 2021 at the location described in the Complaint.

20.

The *Collision* occurred in the manner described in the Complaint.

21.

On March 25, 2021, Defendant Sonya Bridges was following too closely behind Plaintiffs' vehicle on Alcovy Road near Cornish Creek Lane in Newton County, Georgia, and as result hit the rear of Plaintiffs' vehicle.

22.

As a direct and proximate result of this *Collision*, Plaintiff suffered personal injuries.

23.

At all times material to this action, Defendant Sonya Bridges was acting as an employee of Defendant Crete Carrier Corporation.

24.

At all times material to this action, Defendant Sonya Bridges was driving within the scope and course of her employment for Defendant Crete Carrier Corporation.

25.

At all times material to this action, Defendant Sonya Bridges was acting as an agent of Defendant Crete Carrier Corporation.

26.

At all times material to this action, Defendant Sonya Bridges was driving within the scope and course of her agency for Defendant Crete Carrier Corporation.

27.

At all times material to this action, the *Truck* was owned, controlled, and maintained by Defendant Crete Carrier Corporation.

28.

At all times material to this action, the *Truck* was owned, controlled, and maintained by Defendant Sonya Bridges.

29.

At all times material to this action, the *Trailer* was owned, controlled, and maintained by Defendant Crete Carrier Corporation.

30.

At all times material to this action, the *Trailer* was owned, controlled, and maintained by Defendant Sonya Bridges.

31.

Defendant Crete Carrier Corporation is liable to Plaintiff for its tortious acts and omissions, which include, but are not necessarily limited to those acts and omissions stated in the Complaint.

32.

Defendant Crete Carrier Corporation is liable under the doctrine of Joint Enterprise for the actions of its employees, servants, and agents, including Sonya Bridges.

33.

Defendant Crete Carrier Corporation is liable under the doctrine of Principal and Agency, for the actions of its agents, including Sonya Bridges.

34.

Defendant Crete Carrier Corporation is liable under the doctrine of Respondeat Superior for the actions of its employees, servants, and agents, including Sonya Bridges.

35.

Defendant Crete Carrier Corporation is negligent in its own right under the doctrines of negligent hiring, negligent training, and negligent supervising of its drivers.

36.

Defendant Crete Carrier Corporation has an affirmative duty to discover its drivers' driving records, prior traffic violations, habitual recklessness, and driver's medical history.

37.

Prior to hiring Defendant Sonya Bridges, Defendant Crete Carrier Corporation did not inquire into her driving records or driver's medical history.

38.

Defendant Crete Carrier Corporation was negligent in hiring Defendant Sonya Bridges and entrusting her to drive its *Tractor-Trailer*.

39.

Defendant Crete Carrier Corporation was negligent in failing to properly train Defendant Sonya Bridges.

40.

Defendant Crete Carrier Corporation was negligent in failing to properly supervise Defendant Sonya Bridges.

41.

Defendant Crete Carrier Corporation is liable for the *Collision*.

42.

Plaintiff was not contributorily negligent in causing the *Collision*.

43.

Defendant Crete Carrier Corporation's actions caused Plaintiffs' injuries.

44.

The condition of the *Tractor* was a contributing factor in causing the *Collision*.

45.

The condition of the *Trailer* was a contributing factor in causing the *Collision*.

46.

Defendant Sonya Bridges had physical or mental condition, injury, or disability that impaired her ability to operate the *Tractor-Trailer* at the time of the *Collision*.

47.

On the date of the *Collision*, Defendant Crete Carrier Corporation was self-insured to a limit of $100,000.00 per accident or loss.

48.

On the date of the *Collision*, Defendant Crete Carrier Corporation was self-insured to a limit of $500,000.00 per accident or loss.

49.

On the date of the *Collision*, Defendant Crete Carrier Corporation was self-insured to a limit of $1,000,000.00 per accident or loss.

50.

On the date of the *Collision*, Defendant Crete Carrier Corporation was self-insured to a limit of $2,000,000.00 per accident or loss.

51.

On the date of the *Collision*, Defendant Crete Carrier Corporation was self-insured to a limit of $3,000,000.00 per accident or loss.

52.

On the date of the *Collision*, Defendant Crete Carrier Corporation was self-insured to a limit of more than $3,000,000.00 per accident or loss.

53.

On the date of the *Collision*, Defendant Crete Carrier Corporation had in effect an excess automobile liability insurance policy.

54.

On the date of the *Collision*, Defendant Crete Carrier Corporation had in effect an automobile liability insurance policy with Hartford Fire Insurance Company.

55.

Plaintiff is entitled to recover from Defendants for Plaintiffs' reasonable and necessary medical expenses incurred as a result of the *Collision*.

Respectfully submitted this 1st day of March, 2023.

MONTLICK & ASSOCIATES, P.C.

_____

NATHAN A. KRATZERT
Attorney for Plaintiff
State Bar No. 375150

17 Executive Park Drive, Suite 300
Atlanta, Georgia 30329
(404) 235-5000
nkratzert@montlick.com