IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHONDELL DAYE and DEIDRA LUCAS, | **EXHIBIT "C"** |
| Plaintiff, | |
| v. | CIVIL ACTION |
| CRETE CARRIER CORPORATION, SONYA BRIDGES, JOHN DOE 1-3 and XYZ CORPORATIONS 1-3, | FILE NO.: _____ |
| Defendants. | |

### PLAINTIFFS' FIRST INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS TO DEFENDANT SONYA BRIDGES

COMES NOW Plaintiffs, SHONDELL DAYE and DEIDRA LUCAS (hereinafter "Plaintiffs"), and hereby requests, pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, 9-11-34 and 9-11-36, that Defendant SONYA BRIDGES respond to the following written Interrogatories, Request for Production of Documents, and Request for Admissions within the timeframe and in the manner provided by law. Each of the following discovery requests shall be deemed continuing and must be supplemented by said defendant to the extent required by O.C.G.A. § 9-11-26(e).

DEFINITIONS

(A)   *Document* – As used herein shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control or possession of Defendant(s) or of which Defendant has knowledge, including without limitation, letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graph, statistical compilations, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of

a document which is not identical to the original or which the draft of copy contains any commentary or notation whatsoever that does not appear on the original.

(B)     *Person* – As used herein shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

(C)     *Date* – As used herein shall mean the exact day, month, and year, if known to Defendant, or, if the exact date is not known, the best available approximation.

(D)     *Communication* – As used herein shall include any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

(E)     *Identify* – As used herein in reference to:

    (1)     Individual person shall mean to state: (a) her or her full name; (b) present or last known residence address (designating which); (c) present or last known phone number; and (d) present or last known position or business affiliation (designating which), job title, employment address, and employment telephone number.

    (2)     Entity such as a firm, partnership, corporation, proprietorship, financial institution, or other organization or entity shall mean to state: (a) its full legal name; (b) present or last known address; (c) present or last known telephone number (designating which); (d) the legal form of such entity or organization; and (e) the identity of its chief executive officer.

    (3)     Oral communication – shall mean to state: (a) the date; (b) subject matter; (c) identity of the communicator(s) and communicatee(s); (d) nature of the communication; (e) location(s) where the communication occurred; (f) whether it was recorded or otherwise memorialized; and (g) the identity of any witness(es) to any recording or memorialization.

(4)    <u>Document</u> shall mean to state:  (a) the title, if any; (b) date; (c) identity of the author and/or person(s) signing it; (d) type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (i.e., invoice number); (e) name(s) of the person(s) known to have seen the document or to have received copies; (f) its present location or custodian; and (g) a description of its contents.

*(In lieu of stating the foregoing information, Defendant may attach a legible copy of a document to its responses hereto, specifying the particular interrogatory to which the copy is responsive to and identifying the present custodian of the original).* If any document which you would have identified in response to any interrogatory was but is no longer in your possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "*Identify*" shall also mean to state:  (h) whether any such document is or has been missing, lost, destroyed, transferred to others or otherwise disposed of; and  (i) in any such instance to set forth the surrounding circumstances in any authorization for such disposition; the approximate date of disposition; and the present location and custodian of such documents.

(F)    *State All Facts* – As used herein means to state all facts discoverable under O.C.G.A. §9-11-26 and §9-11-33 known to Defendant or Defendant's attorneys, and to identify all persons having knowledge of such facts, identify all documents concerning or relating to such facts.  When used in reference to an allegation of the pleadings, "*state all facts*" shall include all facts negating, as well as supporting, the allegation.

(G)    *You* and/or *Your* – As used herein shall mean the individual defendant upon whom these requests are propounded or any person or persons acting or purporting to act in any manner for said defendant or on said defendant's behalf.

(H)    *Or* – As used herein shall mean and/or.

(I)    *Truck* or *Tractor* – As used herein, shall be defined as **the semi-tractor motor vehicle that Defendant Sonya Bridges was driving,** and which was involved in the Collision giving rise to this action.

(J)     _Trailer_ – As used herein, shall be defined as **the cargo trailer which was attached to the semi-tractor motor vehicle that Defendant Sonya Bridges was driving,** and which was involved in the Collision giving rise to this action.

(K)     _Tractor-Trailer_ – As used herein, shall be defined as **the combined semi-tractor motor vehicle and cargo trailer that Defendant Sonya Bridges was driving,** and which was involved in the Collision giving rise to this action.

(L)     _Collision_ or _Subject Collision_ – As used herein shall be defined as the **March 25, 2021 collision between Defendant Sonya Bridges' Tractor-Trailer and Plaintiffs' vehicle**, as described in Plaintiffs' Complaint.

(M)     The singular shall include the plural; the plural shall include the singular, the masculine shall include the feminine; the feminine shall include the masculine.

## INSTRUCTIONS

(A)     Each interrogatory should be answered separately upon the knowledge or the information and belief of Defendant and any answer based upon information and belief should state that it is given upon such basis.

(B)     Continuing Interrogatories: The following interrogatories shall be continuing to the full extent permitted under the applicable provisions of the Georgia Civil Practice Act. Each interrogatory shall be construed to include information and documents within Defendant's knowledge, possession, or control as of the date of her answer to these interrogatories and any supplemental information, knowledge, data, documents or communications responsive to these interrogatories which is subsequently generated, obtained or discovered.

(C)     Unknown information:   To the extent any information called for by these interrogatories is unknown to you so state and set forth such remaining information as is known.  If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information and describe the basis upon which the estimate is made.

(D)     Objections based on burdensomeness:  If the response to any interrogatory consists in whole or in part of any objection relating to or including burdensomeness, then with respect to such response:

(4)     Provide such information as can be ascertained without undue burden;

(5)     State with particularity the basis for such objection, including: (a) description of the process or method required to obtain any fact or document responsive to the interrogatory; and (b) estimated cost and time required to obtain any fact responsive to the interrogatory.

(6)     Describe the nature and extent of the documents or other sources, if any, from which any fact responsive to the interrogatory can be obtained.

(E)     Objections based on privilege:  In the event that any information requested herein is withheld under a claim of privilege, please provide the following regarding the information:

(2)     Description of the general subject matter of the information and the approximate date when it was prepared, created, or became known;

(3)     *Identify* each person having knowledge of the information and every other person who may have received such information;

(4)     Statement of the circumstances which bear on whether the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the information; and

(5)     The numbers of each interrogatory to which the information would otherwise be responsive.

(F)     All definitions set forth hereinabove shall be carefully regarded and shall apply equally to the following Interrogatories, Request for Production of Documents, and Request for Admissions.

## INTERROGATORIES

1.

Please state your full name and any other name(s), nickname(s), or aliases, if any, that you have ever used or by which you have ever been known; the date and place of your birth; and last four digits of your social security number.

2.

List all your employment for the past ten (10) years, including (a) the name and address of each employer; (b) the period of each employment; (c) indicate your various responsibilities and duties; (d) the dates of employment; and (e) the reason for leaving each employer.

3.

With respect to your employment or agency with Crete Carrier Corporation, please provide:

(a)     the nature of your relationship (i.e., employee, agent, etc.);

(b)     the date you were hired or contracted;

(c)     the *Identity* each person who was involved in the hiring or contracting process and state her/her respective role in the process; and

(d)     a description of all training you received after being hired or contracted Defendant Crete Carrier Corporation, including but not limited to safety training, defense driving courses, and hours of service/training.

4.

Were any tests (blood, urine, or other) performed on you at any time during the six (6) months prior to *Collision* or the forty-five (45) days following the *Collision*? If so, for each instance of testing, please:

(g)     *Identify* the person and/or entity that requested the testing be performed;

(h)     *Identify* the entity that administered the test;

(i)     State the reason the testing was requested/performed; and

(j)     State the results of the testing.

5.

Please *Identify* all persons known to you who:

(a)     may have seen any part of the *Collision*;

(b)     may have arrived at the scene immediately or shortly after the *Collision*;

(c)     may have some knowledge regarding the facts or circumstances surrounding the *Collision*.

If any of the people listed above are friends or relatives of any defendant hereto, please list those relationships.

6.

After the *Collision*, did you have any conversation(s) with any person who arrived at the scene of the *Collision* or the location where you brought your vehicle to rest thereafter? If so, please state:

(a) Your recollection of the entire conversation;

(b) The *Identity* of the person to whom you spoke; and

(c) A physical description of the person.

7.

Do you have or know of any statements that were taken or made about the *Collision*, including but not limited to statements made by Plaintiff? If so, for each statement please:

(a)     State the date and location where it was taken or made;

(b)     *Identify* the person(s) who took the statement and the person who made it;

(c)     Describe the substance of the statement;

(d)     *Identify* each person or entity having possession, custody, or control of the statement.

8.

Regarding the trip you were making at the time of the *Collision* please state:

(a)     The purpose of your trip;

(b)     Your original starting point;

(c)     Your intended destination when the *Collision* occurred;

(d)     the time at which you intended to reach your destination;

(e)     The route you took from your last stop to the location of the *Collision*; and

(f)     The route you took from the scene of the *Collision* to the location where you brought
your vehicle to rest thereafter.

Please include in your response any and all applicable addresses.

9.

Did you consume any alcohol or drugs of any kind (whether prescription, over the counter,
or illegal drugs or medication) within 48 hours prior to being involved in the *Collision*? If so, please
state (a) what was taken; (b) the amount that was taken; (c) how often it was taken; and (d) *Identify*
any person(s) who witnessed said consumption.

10.

Please *State all Facts* upon which each affirmative defense raised in Defendants' Answer is
based. *(NOTE: This request does not seek any legal opinions, theories, or other privileged
information from Defendant nor her attorneys. It merely seeks discovery of the facts upon which
Defendant's defenses are based.)*

11.

As to each Request for Admission that you have denied, please

(a)     *State all Facts* upon which your denial is based. (Where the denial is the result of
a misstatement of fact, please provide the fact(s) that you contend to be correct);

(b)     *Identify* all witnesses who substantiate your denial and state the substance of their
knowledge; and

(c)     *Identify* all documents that substantiate your denial.
*(NOTE: This request does not seek any legal opinions, theories, or other privileged
information from Defendant nor her attorneys. It merely seeks discovery of the facts upon which*

*Defendant's denial of each Request for Admission is based.)*

12.

If you know of any photographs, motion pictures, video tapes, CDs, DVDs, drawings, diagrams, measurements, surveys, or other descriptions concerning the events and happenings alleged in the Complaint, scene of the *Collision* or surrounding area(s), or persons or vehicles involved, please state as to <u>each</u> such item:

    (a)    what it purports to show, illustrate, or represent;

    (b)    the *Identity* of the person who took the photograph or prepared the depiction;

    (c)    the date it was made or taken; and

    (d)    the *Identity* of the person having custody of such item.

13.

Does any <u>primary</u> or <u>excess</u> insurance agreement or indemnity agreement exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment against you which may be entered in favor of the Plaintiff in this action?  If so, please state:

    (a)    the type of policy; policy number; policy limits; and the effective dates of coverage;

    (b)    the legal names of each and every party to the agreement itself and to any further or subordinate agreement(s);

    (c)    whether the insurer has been notified of the Collision; and if the answer is in the negative, state the reason the insurer has not been notified and when You intend to notify them; and

    (d)    whether any <u>reservation of rights</u> has been asserted by any insurer or whether there has been any denial of coverage in regard to Plaintiffs' claim.

14.

Have you ever been involved in any other civil action, either as a Defendant or Plaintiff? If so, please state for each such civil action:

    (a)    the date and nature of the action;

(b)    the names of the parties involved;

(c)    the name of the court where it was filed;

(d)    the civil action file number; and

(e)    the outcome of the action and whether it was appealed.

15.

Have you ever been involved in any vehicular collision or received a traffic citation at any

time during the ten (10) years preceding the subject *Collision* through the date of trial in this action?

If so, for each incident:

(a)    State the date and location of its occurrence;

(b)    Briefly describe the incident;

(c)    *Identify* all parties involved; and

(d)    Describe the injuries received by the parties involved, if any;

(e)    State whether a claim was filed and, if so, state the outcome of the claim; and

(f)    State whether a lawsuit was filed and, if so, state the outcome of the lawsuit.

16.

Have you ever been charged with a crime?  If so, for each criminal charge please state:

(a)    the date and nature of the charge;

(b)    whether it was a felony or misdemeanor;

(c)    the state and county where the charge was brought; and

(d)    the disposition of the charge.

17.

With regard to each driver's license you held at the time of the *Collision*, please state:

(a)    The license number, class, and issuing state;

(b)    The date you first received the license;

(c)    All driving restrictions thereupon;

(d)    Whether it was valid at the time of the *Collision*;

(e)     Whether it has ever been suspended or revoked and, if so, the reason(s) for such

suspension or revocation.

18.

Do you deny that you were negligent in causing the *Collision*? If so, state the factual basis for your denial. If your denial is based in whole or in part on a contention that someone other than yourself acted or failed to act in a way that caused the *Collision*, please state (a) each specific act or failure to act (specifying which); (b) *Identify* the person(s) you contend is responsible; and (c) *Identify* each person that you claim supports your contention.

19.

If you allege the *Tractor-Trailer* had a defect or damage which contributed in any way to the *Collision*, please describe with specificity each such defect and/or damage and state:

(a)     the date any such defect and/or damage was first identified;

(b)     the *Identity* of each individual who was aware of the defect and/or damage;

(c)     a description of each attempt to remedy the defect and/or damage prior to the date of the *Collision*; and

(d)     how you believe such defect and/or damage contributed to the *Collision*.

20.

Please state your cellular telephone number and account number on the date of the *Collision* and *Identify* your cellular service provider at said time. If you do not recall your phone number or account number, please provide your Social Security Number and the name of your cellular service provider. (NOTE: This request includes any and all cellular phones that were used in the course of any employment or business purposes at the time of the *Collision*.)

21.

At or within five (5) minutes prior to the *Collision*, were you using a cellular telephone, walkie talkie, C.B. radio, or other hand-held communication device for any purpose, including but not limited to oral conversation, texting, emailing, and browsing the internet? If so, please (a) describe the purpose for which you were using the device; (b) *Identify* the person to whom you were

communicating, if applicable; and (c) state when the communication and/or device usage concluded.

22.

Regarding the *Tractor-Trailer*, please state the following:

(a)     The date you acquired it;

(b)     the circumstances under which you acquired it;

(c)     from whom you acquired it;

(d)     its condition at the time of acquisition;

(e)     whether your permission to use it was expressly limited to any specific purpose(s) and, if so, what purpose(s); and

(f)     the *Identity* of each individual or entity under which you were performing services with the *Tractor-Trailer* on the date of the *Collision*.

23.

Detail each and every inspection of the *Tractor-Trailer* that you personally performed during the six (6) months prior to the *Collision* and the date of the *Collision*. Please state for <u>each</u> inspection:

(a)     the date and time of the inspection;

(b)     the location where the inspection was performed;

(c)     how the inspection was performed and what areas were inspected;

(d)     the *Identity* of each person who was present for the inspection and its results.

24.

Please *Identify* each person you expect to call as an expert witness at the trial of this case and, as to each, describe her/her qualifications as an expert; state the subject matter upon which he/she is expected to testify; state her/her opinions and include a summary of the grounds for each opinion; identify all documents which have been exchanged with each expert, including reports of any kind and billing statements and payments; state the compensation structure between you and

the expert; identify all lawsuits in which the expert has provided testimony in the past five years; and identify all reports, correspondence, data, and other documents, whether in hard copy or electronic/digital format, prepared by each expert which relate to the subject matter of this lawsuit.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiff requests that Defendant respond in writing to the following request for production of documents within the timeframe and in the manner provided by law.

## INSTRUCTIONS

(A)    This request for production of documents shall be deemed continuing, to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendant to serve upon Plaintiff supplemental answers if Defendant or its attorneys obtain further information between the time the answers are served and the time of trial.

(B)    If Defendant objects to part of a request and refuse to answer that part, state its objections and answer the remaining portion of that request.  If Defendant objects to the scope or time period of the request and refuses to answer for that scope or time period, state its objection and answer the request for the scope or time period Defendant believes is appropriate.

(C)    If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying whatever information Defendant has concerning the unanswered portions.  **If Defendant's response is qualified in any particular, please set forth the details of such qualifications**.

(D)    In the event Defendants wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, Defendants are requested to provide Plaintiff with a **Privilege Log** identifying such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date the name of each person to whom the original of any copy was circulated, the names appearing on any circulation

list of the department associated with such document, a summary statement of the subject matter in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

(E)     All definitions set forth in Plaintiffs' Interrogatories hereinabove shall apply equally to the following Requests for Production of Documents and Request for Admissions.

1.

All statements from any person with relevant knowledge of the *Collision*, whether written or recorded, including but not limited to statements made by Plaintiff

2.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing relevant to this lawsuit.

3.

All documents evidencing, reflecting, relating to or constituting any communication between you and Plaintiff or Plaintiff or any friend, acquaintance, relative, representative of thereof.

4.

The entire driver's qualification file, cover-to-cover, of Defendant Sonya Bridges, and all documents related to her qualifications for employment or agency with Defendant Crete Carrier Corporation, including but not limited to the following:

(a)     Pre-employment controlled substance screening and the results thereof;

(b)     Pre-employment Background Check and the results thereof;

(c)     Pre-employment Driving Record Checks and the results thereof;

(d)     Copy of Defendant Sonya Bridges' Driver's License(s);

(e)     Record of Road Test completed by the person(s) who tested Defendant Sonya Bridges;

(f)     Certificate of Driver's Road Test completed by the person(s) who tested Defendant Sonya Bridges;

(g)     Written Examination that was administered to Defendant Sonya Bridges and her answers thereto;

(h)     Certificate of Written Examination completed by the person(s) who administered or supervised the administration of the written examination given to Defendant Sonya Bridges; and

(i)     Certificate of Physical Examination completed by any physician who has examined Defendant Sonya Bridges.

5.

The entire personnel file, cover to cover, of Defendant Sonya Bridges, and all documents related to her employment or agency for Crete Carrier Corporation, including but not limited to the following:

(a)     Application for Employment and related documents;

(b)     Hiring documents;

(c)     Background Checks and the results thereof;

(d)     Driving Record Checks and the results thereof;

(e)     Disciplinary documents;

(f)     Periodic, random, or post-accident controlled substance or alcohol testing and the results thereof; and

(g)     Traffic citation(s) and warning(s) received by Defendant Sonya Bridges.

6.

All documents completed or prepared by or on behalf of Defendant Crete Carrier Corporation during the entire length of Defendant Sonya Bridges' employment or agency demonstrating that an annual review of her driving record was performed.

7.

All documents evidencing, reflecting, relating to, or constituting an investigation report, accident report, or incident report generated by Defendant(s) or anyone on Defendant(s)' behalf regarding the *Collision*.

8.

All documents that Defendant Sonya Bridges receives in response to Requests for Production of Documents to nonparties.

9.

All policies of insurance in their entirety, including but not limited to the declarations pages, which do or may afford liability insurance coverage to Defendant Sonya Bridges with regard to Plaintiffs' claims against said Defendant.

10.

All claims forms, accident reports, disciplinary actions, or other documentation maintained by Defendant Crete Carrier Corporation relating to Defendant Sonya Bridges.

11.

The Driver's Duty Status Records of Defendant Sonya Bridges that she completed in relation to her operation of any vehicles owned, leased or controlled by Defendant Crete Carrier Corporation during the six (6) month period preceding the *Collision* and at any time since its occurrence.

12.

The Driver's time sheets and Daily- or Multi-Daily Log Book(s) that Defendant Sonya Bridges completed in relation to her operation of any vehicles owned, leased or controlled by Defendant Crete Carrier Corporation during the six (6) month period preceding the *Collision* and at any time since its occurrence.

13.

All bills of lading, shipping invoices, manifests, waybills, routing slips, or delivery schedules relating to the materials or goods hauled by Defendant Sonya Bridges during the six (6) month period preceding the *Collision* and at any time since its occurrence.

14.

All toll, fuel, and/or fleet cards for fuel, or other expense receipts obtained by Defendant Sonya Bridges while operating any vehicles owned, leased or controlled by Defendant Crete Carrier

Corporation during the six (6) month period preceding the *Collision* and at any time since its occurrence.

15.

All trip envelopes, trip reports, or expense sheets relating to any trips made by Defendant Sonya Bridges during the six (6) month period preceding the *Collision* and at any time since its occurrence.

16.

All mobile, cellular phone, pager, and other wireless telecommunication device records for all such devices Defendant Sonya Bridges used while operating any vehicles owned, leased or controlled by Defendant Crete Carrier Corporation during the six (6) month period preceding the *Collision* and at any time since its occurrence.

17.

All documents pertaining to audits or reviews of Defendant Sonya Bridges' wireless telecommunication device usage, Daily- or Multi-Daily Log Books, expenses, and Bills of Lading that were performed by Defendant Crete Carrier Corporation during the six (6) month period preceding the *Collision* and at any time since its occurrence.

18.

Defendant Crete Carrier Corporation's manual covering truck safety, maintenance, fleet safety, cell phone usage, and pager usage programs and/or driver standards.

19.

Copies of any and all of Defendant Crete Carrier Corporation driver handbooks, employee handbooks, company manuals, policies and procedures, rules, regulations, guidelines, intra-office memos, safety manuals, safety bulletins, training manuals, and other tangible materials by whatever name, in effect on the date of the subject collision, including but not limited to policies and procedures relating to alcohol and drug testing, cell phone usage and/or pager usage.

20.

All repair estimates for the *Tractor-Trailer* relating to damage caused by the *Collision*.

21.

All documents pertaining to the reporting of the *Collision* to Defendant Crete Carrier Corporation by any person or entity, including but not limited to call-in report(s) and incident report(s) that were made by any defendant hereto.

22.

All documents, correspondence, and reports sent to or received from any federal, state, or local regulatory agency pertaining to the *Collision*.

23.

Electronic copies of any and all documents received from non-parties in this matter in response to a request for production of documents or subpoena.  If possible, please provide the requested documents via an emailed link to a shared folder.  Plaintiffs remind Defendant of her ongoing duty to supplement her response as discovery progresses and additional documents are obtained from non-parties.

24.

Electronic copies of any and all documents received in response to open records requests pertaining to the *Collision*.  If possible, please provide the requested documents via an emailed link to a shared folder.  Plaintiff reminds Defendant of her ongoing duty to supplement her response as discovery progresses and additional documents are obtained from non-parties.

25.

All expert reports, correspondence, data, and other documents, whether in hard copy or electronic/digital format, which have been obtained from each expert(s) you expect to call to testify at trial.

26.

All documents exchanged between you and each expert you expect to call to testify at trial.

27.

A current curriculum vitae for each expert identified in your responses to Plaintiffs' interrogatories.

28.

All transcripts of depositions given by each expert you expect to call to testify at trial.

## REQUEST FOR ADMISSIONS

Pursuant to O.C.G.A. § 9-11-26 and § 9-11-36, Plaintiff requests that Defendant admit under oath the truth of the facts and the genuineness of the documents hereinafter set forth within the timeframe provided by law.

NOTE: All definitions set forth in Plaintiffs' First Interrogatories to Defendant hereinabove shall apply equally to the following Requests for Admissions.

1.

Defendant Sonya Bridges has been correctly named as a defendant in the present cause insofar as the legal designation of name is concerned.

2.

Defendant Sonya Bridges is subject to the jurisdiction and venue of this Court.

3.

Defendant Sonya Bridges has been properly served with process in this action.

4.

The process served upon Defendant Sonya Bridges in this action was sufficient.

5.

Defendant Sonya Bridges has no evidence to support the defense that service of said defendant was improper.

6.

Defendant Sonya Bridges has no evidence to support the defense that the process served upon her was insufficient.

7.

Defendant Sonya Bridges has no evidence to support the affirmative defense that Plaintiff assumed the risk of her injuries.

8.

Defendant Sonya Bridges has no evidence to support the affirmative defense that Plaintiff was contributorily negligent.

9.

Defendant Sonya Bridges has no evidence to support the affirmative defense that Plaintiffs' case fails to state a claim upon which relief can be granted.

10.

The *Collision* occurred on March 25, 2021 at the location described in the Complaint.

11.

The *Collision* occurred in the manner described in the Complaint.

12.

Defendant Sonya Bridges has an insurance policy, policies or coverage which may be applicable to this *Collision*.

13.

Defendant Sonya Bridges was operating the *Tractor-Trailer* in a negligent manner at the time of the *Collision*.

14.

At all times material to this action, Defendant Sonya Bridges was acting as an employee of Defendant Crete Carrier Corporation.

15.

At all times material to this action, Defendant Sonya Bridges was acting as an agent of Defendant Crete Carrier Corporation.

16.

On the date of the *Collision*, Defendant Sonya Bridges was driving within the scope and course of her employment for Defendant Crete Carrier Corporation.

17.

On the date of the *Collision*, Defendant Sonya Bridges was driving within the scope and course of her agency for Defendant Crete Carrier Corporation.

18.

Defendants Crete Carrier Corporation did not provide any training to Defendant Sonya Bridges.

19.

Defendants Crete Carrier Corporation did not administer any written testing to Defendant Sonya Bridges.

20.

Defendant Crete Carrier Corporation was negligent in failing to properly supervise Defendant Sonya Bridges.

21.

At all times material to this action, Defendant Sonya Bridges was acting as an employee of Defendant Crete Carrier Corporation.

22.

At all times material to this action, Defendant Sonya Bridges was acting as an agent of Defendant Crete Carrier Corporation.

23.

On the date of the *Collision*, Defendant Sonya Bridges was driving within the scope and course of her employment for Defendant Crete Carrier Corporation.

24.

On the date of the *Collision*, Defendant Sonya Bridges was driving within the scope and course of her agency for Defendant Crete Carrier Corporation.

25.

Defendants Crete Carrier Corporation did not provide any training to Defendant Sonya Bridges.

26.

Defendants Crete Carrier Corporation did not administer any written testing to Defendant Sonya Bridges.

27.

Defendant Crete Carrier Corporation was negligent in failing to properly supervise Defendant Sonya Bridges.

28.

Defendant Sonya Bridges was negligent in causing and/or contributing to the cause of the *Collision*.

29.

Defendant Sonya Bridges' negligence caused and/or contributed to the cause of the injuries sustained by Plaintiff.

30.

Defendant Sonya Bridges' negligence caused and/or contributed to the cause of the injuries sustained by Plaintiff.

31.

Plaintiff was not at fault whatsoever in the causation of the *Collision*.

32.

Plaintiff was not contributorily negligent in causing the *Collision*.

33.

Defendant Sonya Bridges is responsible for causing the *Collision* between her *Tractor-Trailer* and Plaintiffs' vehicle.

34.

As a result of Defendant Sonya Bridges' actions, Plaintiff suffered physical and mental pain and suffering.

35.

The *Collision* was a substantial factor in bringing about harm to Plaintiff.

36.

The *Collision* was a substantial factor in causing the injuries of Plaintiff.

37.

On March 25, 2021, Defendant Sonya Bridges was following too closely behind Plaintiffs' vehicle on Alcovy Road near Cornish Creek Lane in Newton County, Georgia, and as result hit the rear of Plaintiffs' vehicle.

38.

Defendant Sonya Bridges' actions caused or contributed to the injuries sustained by Plaintiff.

39.

Defendant Sonya Bridges breached duties owed to Plaintiff in the operation of the *Tractor-Trailer* on March 25, 2021.

40.

Defendant Sonya Bridges' breach of duties owed to Plaintiff in the operation of the *Tractor-Trailer* was the proximate cause of the *Collision*.

41.

Defendant Sonya Bridges' actions directly and proximately caused injury to Plaintiff.

42.

Immediately prior to the *Collision*, Plaintiffs were operating their motor vehicle in a safe manner.

43.

Plaintiffs are entitled to recover from Defendants for their expenses of litigation, including attorney's fees and expenses required by this action.

44.

Plaintiffs are entitled to receive reasonable and necessary medical treatment for their injuries sustained in the *Collision*.

45.

Plaintiffs' medical treatment received as a result of the *Collision* was reasonable.

46.

Plaintiffs' medical treatment received as a result of the *Collision* was necessary.

47.

Plaintiffs are entitled to recover from Defendant for their reasonable and necessary medical expenses incurred as a result of the *Collision*.

48.

Plaintiffs' medical expenses incurred as a result of the *Collision* were reasonable.

49.

Plaintiffs' medical expenses as a result of the *Collision* were necessarily incurred.


Respectfully submitted this 1st day of March, 2023.

MONTLICK & ASSOCIATES, P.C.


_____
NATHAN A. KRATZERT
Attorney for Plaintiff
State Bar No. 375150

17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000
nkratzert@montlick.com

CLERK OF STATE COUF
GWINNETT COUNTY, GEORG
**23-C-01361-S**
**3/1/2023 4:16 PI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SHONDELL DAYE and DEIDRA LUCAS,

     Plaintiff,

v.

CRETE CARRIER CORPORATION,
SONYA BRIDGES, JOHN DOE 1-3 and
XYZ CORPORATIONS 1-3,

     Defendants.

23-C-01361-S3

CIVIL ACTION
FILE NO.: _____

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify that, pursuant to Uniform Superior Court Rule 5.2, I have this day served upon all parties in this action true and correct copies of

(1) *Plaintiffs' First Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Crete Carrier Corporation*; and

(2) *Plaintiffs' First Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Sonya Bridges*;

by causing same to be delivered to the Sheriff or other proper private process server for service upon the Defendants contemporaneously with the Summons and Complaint.

*Signature on following page*

Respectfully submitted this 1st day of March, 2023.

MONTLICK & ASSOCIATES, P.C.

*/s/ Nathan A. Kratzert*
NATHAN A. KRATZERT
Attorney for Plaintiff
State Bar No. 375150

17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000
nkratzert@montlick.com