E-FILED IN OFFICE - A
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**23-C-01361-S**
**3/31/2023 9:25 AM**
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

SHONDELL DAYE and DEIDRA LUCAS, )
)
    Plaintiffs, )
)
v. )  Civil Action No. 23-C-01361-S3
)
CRETE CARRIER CORPORATION, )
SONYA BRIDGES, JOHN DOE 1-3 and )
XYZ CORPORATIONS 1-3, )
)
    Defendants. )
)

**EXHIBIT "F"**

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

**COME NOW**, Crete Carrier Corporation (hereinafter "Crete") and Sonya

Bridges (hereinafter "Bridges"), Defendants in the above-styled action, and file this

Answer to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief can be

granted.

### SECOND DEFENSE

Defendants specifically reserve the right to plead and prove such other

defenses, including but not limited to those allowed by O.C.G.A. §9-11-8 and/or

Fed.R.Civ.P. 8, as may become known during the course of this litigation.

### THIRD DEFENSE

Defendants show that no act or omission by Defendants caused or contributed to the cause of the accident, and therefore, Plaintiffs' Complaint must be dismissed.

### FOURTH DEFENSE

In the exercise of ordinary care, Plaintiffs could have avoided the alleged injury and  damage complained of in the Complaint.

### FIFTH DEFENSE

Plaintiffs were comparatively negligent in their actions and omissions in and around the time of the alleged injury, and thus, are entitled to no recovery.

### SIXTH DEFENSE

If it is shown that Plaintiffs' negligence exceeded any negligence that may be proved against Crete or Bridges, then Plaintiffs are entitled to no recovery.

### SEVENTH DEFENSE

If it is shown that Plaintiffs' negligence was less than any negligence that may be proved against Crete or Bridges, then Plaintiffs' damages should be reduced proportionately.

### EIGHTH DEFENSE

Plaintiffs' Complaint fails to state a claim for punitive damages for which relief can be granted.

## NINTH DEFENSE

In response to the specific paragraphs contained in the Plaintiffs' Complaint, and without waiving the defenses previously raised by these Defendants, as well as those that may be raised in the future, if necessary, Crete and Bridges state the following:

1.

The allegations contained in paragraph 1 of the Plaintiffs' Complaint are admitted.

2.

In response to the allegations contained in paragraph 2 of the Plaintiffs' Complaint, Defendants admit that Crete is a foreign, for-profit corporation organized under and existing under the laws of, and with a principal place of business in, the State of Nebraska. Defendants also admit that Crete has a place of business within the State of Georgia. The remainder of the allegations contained in paragraph 2 of Plaintiffs' Complaint are denied.

3.

The allegations contained in paragraph 3 of the Plaintiffs' Complaint are denied.

4.

Defendants admit that at all times relevant hereto, Defendant Bridges was an employee of Crete.  The remaining allegations contained in paragraph 4 of the Plaintiffs' Complaint are denied.

5.

In response to the allegations contained in paragraph 5 of the Plaintiffs' Complaint, Defendants admit that Crete owned the truck involved in the incident alleged in this action. The remaining allegations contained in paragraph 5 of the Plaintiffs' Complaint are denied.

6.

In response to the allegations contained in paragraph 6 of the Plaintiffs' Complaint, Defendants admit that at the time of the incident alleged in this action, Bridges was employed by Crete and acting within the course and scope of her employment with Crete. The remaining allegations contained in paragraph 6 of the Plaintiffs' Complaint are denied.

7.

The allegations contained in paragraph 7 of the Plaintiffs' Complaint are denied.

8.

In response to the allegations contained in paragraph 8, Defendants hereby reassert and restate their responses to the allegations contained in paragraphs 1 through 7, above, as if those responses are set forth herein verbatim.

9.

The allegations contained in paragraph 9 of the Plaintiffs' Complaint are admitted.

10.

The allegations contained in paragraph 10 of the Plaintiffs' Complaint are admitted.

11.

The allegations contained in paragraph 11 of the Plaintiffs' Complaint are admitted.

12.

The allegations contained in paragraph 12 of the Plaintiffs' Complaint are denied.

13.

The allegations contained in paragraph 13 of the Plaintiffs' Complaint are denied.

14.

In response to the allegations contained in paragraph 14, Defendants hereby reassert and restate their responses to the allegations contained in paragraphs 1 through 13, above, as if those responses are set forth herein verbatim.

15.

The allegations contained in paragraph 15 of the Plaintiffs' Complaint are denied.

16.

The allegations contained in paragraph 16 of the Plaintiffs' Complaint are denied.

17.

The allegations contained in paragraph 17 of the Plaintiffs' Complaint are denied.

18.

In response to the allegations contained in paragraph 18, Defendants hereby reassert and restate their responses to the allegations contained in paragraphs 1 through 17, above, as if those responses are set forth herein verbatim.

19.

The allegations contained in paragraph 19 of the Plaintiffs' Complaint are admitted.

20.

The allegations contained in paragraph 20 of the Plaintiffs' Complaint are denied.

21.

The allegations contained in paragraph 21 of the Plaintiffs' Complaint are denied.

22.

The allegations contained in paragraph 22 of the Plaintiffs' Complaint are denied.

23.

The allegations contained in paragraph 23 of the Plaintiffs' Complaint are denied.

24.

The allegations contained in paragraph 24 of the Plaintiffs' Complaint are denied.

25.

In response to the allegations contained in paragraph 25, Defendants hereby reassert and restate their responses to the allegations contained in paragraphs 1 through 24, above, as if those responses are set forth herein verbatim.

26.

In response to the allegations contained in paragraph 26 of the Plaintiffs' Complaint, Defendants admit that at the time of the incident alleged in this action, Bridges was engaged in the course and scope of her employment with Crete. The remainder of the allegations contained in paragraph 26 of the Plaintiffs' Complaint are denied.

27.

In response to the allegations contained in paragraph 27 of the Plaintiffs' Complaint, Defendants admit that at the time of the incident alleged in this action, Bridges was entrusted with a truck owned by Crete. The remainder of the allegations contained in paragraph 27 of the Plaintiffs' Complaint are denied.

28.

Defendants admit that at the time of the subject collision, Defendant Bridges was completing a task for the benefit of Crete.  The remaining allegations contained in paragraph 28 of the Plaintiffs' Complaint are denied.

29.

The allegations contained in paragraph 29 of the Plaintiffs' Complaint are denied.

30.

In response to the allegations contained in paragraph 30, Defendants hereby reassert and restate their responses to the allegations contained in paragraphs 1 through 29, above, as if those responses are set forth herein verbatim.

31.

In response to the allegations contained in paragraph 31 of the Plaintiffs' Complaint, Defendants admit that Crete was the owner of the truck involved in the incident alleged in this action. The remainder of the allegations contained in paragraph 31 of Plaintiffs' Complaint are denied.

32.

The allegations contained in paragraph 32 of the Plaintiffs' Complaint are admitted.

33.

The allegations contained in paragraph 33 of the Plaintiffs' Complaint are admitted.

34.

The allegations contained in paragraph 34 of the Plaintiffs' Complaint are denied.

35.

The allegations contained in paragraph 35 of the Plaintiffs'  Complaint are denied.

36.

The allegations contained in paragraph 36 of the Plaintiffs' Complaint are denied.

37.

In response to the allegations contained in paragraph 37, Defendants hereby reassert and restate their responses to the allegations contained in paragraphs 1 through 36, above, as if those responses are set forth herein verbatim.

38.

The allegations contained in paragraph 38 of the Plaintiffs' Complaint are denied.

39.

The allegations contained in paragraph 39 of the Plaintiffs' Complaint are denied.

40.

The allegations contained in paragraph 40 of the Plaintiffs' Complaint are denied.

41.

The allegations contained in paragraph 41 of the Plaintiffs' Complaint are denied.

42.

The allegations contained in paragraph 42 of the Plaintiffs' Complaint are denied.

43.

In response to the allegations contained in paragraph 43, Defendants hereby reassert and restate their responses to the allegations contained in paragraphs 1 through 42, above, as if those responses are set forth herein verbatim.

44.

The allegations contained in paragraph 44 of the Plaintiffs' Complaint are denied.

45.

All allegations not specifically admitted herein, including those contained in the un-numbered "WHEREFORE" paragraph immediately following paragraph 44 of the Plaintiffs' Complaint, are hereby denied.

**WHEREFORE**, having fully answered the Plaintiffs' Complaint, Defendants Crete and Bridges hereby respectfully demand judgment in their favor, that all costs

be cast against Plaintiffs, a trial by a jury as to all issues so triable by law, and such other and further relief that this Honorable Court deems just and proper.

Respectfully submitted this 31st day of March, 2023.

WEBB, ZSCHUNKE, NEARY
& DIKEMAN, LLP

*/s/ Marvin D. Dikeman*
MARVIN D. DIKEMAN
Georgia State Bar No. 221760
BRIAN J. MILLER
Georgia State Bar No. 211035

**Attorneys for Defendants**

One Ameris Center, Suite 1210
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Tel. 404-264-1080
Fax 404-264-4520
mdikeman@wznd.net
bmiller@wznd.net

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing pleading with the Clerk of Court using Odyssey File & Serve which will automatically send e-mail notification of such filing to the following attorneys of record:

Nathan A. Kratzert, Esq.
Mark A. Molina, Esq.
Montlick & Associates, P.C.
17 Executive Park Drive, Suite 300
Atlanta, GA 30329
nkratzert@montlick.com
mmolina@montlick.com

This 31st day of March, 2023.

/s/ Marvin D. Dikeman
MARVIN D. DIKEMAN
Georgia State Bar No. 221760

***Attorney for Defendants***

WEBB, ZSCHUNKE, NEARY & DIKEMAN, LLP
One Ameris Center, Suite 1210
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Tel. 404-264-1080
Fax 404-264-4520
mdikeman@wznd.net