No. 23A01048

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

Date Summons Issued and Filed  3/8/2023

**SUMMONS**

/s/ Monica Gay

_____
Deputy Clerk

**GENEEQUA JOHNSON**

Deposit Paid $ _____

_____
(Plaintiff's name and address)

[ ]   **ANSWER**

**vs.**

[ ]   **JURY**
XX

**XAVIER CRUZ-SANTIAGO**

**74 Trevitt Drive, Apt. B**

**Stone Mountain, Georgia 30083**
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

**Terance Madden, Esq.**
_____
(Name)

**114 South Main Street**
_____
(Address)

**Jonesboro, Georgia 30236**          **464831**
_____
(Phone Number)                          (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____          _____
Defendant's Attorney                      Third Party Attorney

_____          _____

_____          _____
Address                                   Address

_____          _____
Phone No.          Georgia Bar No.         Phone No.          Georgia Bar No.

**TYPE OF SUIT**

| | | | |
|---|---|---|---|
| ☐ Account | XX Personal Injury | Principal | $ _____ |
| ☐ Contract | ☐ Medical Malpractice | | |
| ☐ Note | ☐ Legal Malpractice | Interest | $ _____ |
| ☐ Trover | ☐ Product Liability | | |
| | ☐ Other | Atty Fees | $ _____ |

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **GENEEQUA JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE** |
| | ) | **NO.:** 23A01048 _____ |
| **XAVIER CRUZ-SANTIAGO,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

### COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff **GENEEQUA JOHNSON** (hereinafter "Plaintiff"), by and through counsel, in the above-styled action, and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

At all times pertinent to the allegations of this Complaint, Plaintiff was and remains a citizen of the state of Georgia and is subject to the jurisdiction of this Court.

2.

At all times pertinent to the allegations of this Complaint, Defendant **XAVIER CRUZ-SANTIAGO** (hereinafter "Defendant"), was and remains a citizen of Georgia; residing at 3245 Flowers Road South, Apt E, Atlanta, GA 30341, in Dekalb County, Georgia; and is subject to the jurisdiction of this Court.

3.

Upon information and belief, Defendant may be served by delivering a copy of the Summons and Complaint to Defendant at 74 Trevitt Drive, Apt. B, Stone Mountain, Georgia 30083, in Dekalb County, Georgia.

STATE COURT
DEKALB COUNTY,
3/8/2023 5:03
E-FI

4.

Venue is proper in this Court and this Court has personal jurisdiction over the Defendant pursuant to Ga. Const. Art. VI § II, ¶¶ IV, VI.

## **FACTS**

5.

Plaintiff re-alleges and incorporates the above stated paragraphs as if fully set forth herein.

6.

On March 24, 2021, Plaintiff was driving her 2014 Jeep Grand Cherokee traveling south on Parklake Drive near LaVista Road, in DeKalb County, Georgia.

7.

At the same time, Defendant was driving a 2019 Ford Fusion Hybrid entering the roadway from the Shell gas station located at 4118 Lavista Rd, to go southbound on Parklake Drive.

8.

Defendant failed to exercise due care while Defendant was driving and failed to yield while entering the roadway causing Plaintiff to maneuver Plaintiff's vehicle to avoid striking Defendant's vehicle.

9.

Plaintiff's maneuver resulted in in a violent collision with lane divider.

10.

Law enforcement determined Defendant was at fault for failing to yield when entering a roadway.

11.

During the collision, Plaintiff's vehicle sustained extensive damage and Plaintiff suffered serious injuries.

12.

Plaintiff was without fault during the subject collision.

## LIABILITY OF THE DEFENDANT

13.

Plaintiff re-alleges and incorporates the above stated paragraphs as if fully set forth herein.

14.

Defendant owed a duty of care to the motoring public in general, and to Plaintiff in particular, to operate a vehicle in a reasonable and prudent manner and to adhere to the pertinent driving and traffic laws of the State of Georgia.

15.

Defendant failed to exercise due care while Defendant was driving and failed to obey the traffic rules by failing to yield when entering a roadway, which caused Plaintiff's vehicle to collide with a lane divider.

16.

Defendant is liable to Plaintiff by virtue of at least one of the following tortious acts and omissions, which include, but are not necessarily limited to the following:

  a. In failing to yield the right of way when entering a roadway in violation of O.C.G.A. § 40-6-73;

  b. In failing to observe or undertake the necessary precautions to keep from colliding with another vehicle in violation of O.C.G.A. § 40-6-390;

c.  In failing to drive without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241; and

d.  In driving in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390;

Defendant is liable by virtue of committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

## COUNT ONE: NEGLIGENCE

17.

Plaintiff re-alleges and incorporates the above stated paragraphs as if fully set forth herein.

18.

Defendant owed a duty to the Plaintiff by making sure to operate Defendant's vehicle in a safe and prudent manner.

19.

Defendant breached that duty when Defendant failed to yield the right of way when entering a roadway causing Plaintiff's vehicle to collide with a lane divider.

20.

As a result of this breach of duty, Defendant's vehicle caused Plaintiff's vehicle to collide with a lane divider.

21.

Defendant was negligent in failing to yield the right of way when entering a roadway.

22.

Defendant was negligent in failing to observe or undertake the necessary precautions to

keep from colliding with the Plaintiff's vehicle.

23.

Defendant was negligent in failing to drive with due caution and circumspection and in a manner so as not to endanger the person and/or property of others in the immediate vicinity.

24.

Defendant was negligent in failing to drive without reckless disregard for the safety of persons and/or property.

25.

Defendant was the direct and proximate cause of Plaintiff's injuries sustained in the vehicle collision upon the roadway.

26.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered and/or has suffered from at least one of the following: physical injuries, mental anguish, past pain and suffering, present pain and suffering, future pain and suffering, and/or general damages, and/or pecuniary damages, lost wages and/or special damages, and/or other damages.

27.

Plaintiff is entitled to recover all damages allowed under Georgia law.

## COUNT TWO: NEGLIGENCE *PER SE*

28.

Plaintiff re-alleges and incorporates the above stated paragraphs as if fully set forth herein.

29.

Defendant's negligence in the operation of Defendant's vehicle violated at least one of the following: (a) O.C.G.A. § 40-6-73; (b) O.C.G.A. § 40-6-241; and/or (c) O.C.G.A. § 40-6-390;

which constitutes negligence *per se* or negligence as a matter of law.

30.

As a direct and proximate result of Defendant's negligence *per se*, Plaintiff suffered and/or has suffered from at least one of the following: physical injuries, mental anguish, past pain and suffering, present pain and suffering, future pain and suffering, and/or general damages, and/or pecuniary damages, lost wages and/or special damages, and/or other damages.

31.

Plaintiff is entitled to recover all damages allowed under Georgia law as a result of Defendant's negligence *per se*.

## DAMAGES

32.

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

33.

As a direct and proximate result of Defendant's negligence and/or negligence *per se*, Plaintiff sustained serious injuries, pain and suffering, mental anguish, loss of the enjoyment of life, and/or general damages, and/or pecuniary damages, and/or special damages, and/or other damages, including, but not limited to, medical expenses as will be proven at trial and permitted under Georgia law.

34.

As the direct and proximate result of Defendant's negligent conduct, Plaintiff was required to undergo medical care from treatment providers and incurred special damages which include medical expenses in excess of **$11,434.00**, a specific amount to be proven at trial. Plaintiff will supplement her responses as additional information becomes available in accordance with Bryant

v. Haynie, 216 Ga. App. 430 (1995).

35.

To date, Plaintiff's medical specials as related to the collision on March 24, 2021, are as follows:

| Medical Provider | Amount |
|---|---|
| Team Rehab | $2,200.00 |
| Injury 2 Wellness | $5,021.00 |
| Onyx Health Imaging | $4,213.00 |
| | |
| **Total Medical Specials** | **$11,906.94** |

36.

By reason of the foregoing, Plaintiff is entitled to recover the damages described herein, including medical specials, past, present and future pain and suffering, general damages, special damages and pecuniary, and all other damages allowed under Georgia law as a result of Defendant's negligence.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays:

That Plaintiff's Complaint be filed, summons issued, and service be made in accordance with the law;

For entry of judgment in Plaintiff's favor and against Defendant, as determined by a fair and impartial jury for the following claims: past, present and future medical expenses; past, present, and future pain and suffering; lost wages and any other damages recoverable at law;

That all claims be tried before twelve (12) impartial jurors;

That Plaintiff be awarded costs and attorney's fees;

That Plaintiff be awarded interest pursuant to O.C.G.A. §51-12-14; and

That Plaintiff be granted such other relief as the Court deems just and proper.

Respectfully submitted, this the 8th day of March, 2023.

**T. MADDEN & ASSOCIATES, P.C.**

*/s/ Terance Madden*
Terance Madden
Georgia Bar No.: 464831
Kimberly Mowbray
Georgia Bar No.: 567798
***Attorneys for the Plaintiff***

114 South Main Street
Jonesboro, Georgia 30236
Telephone: (770) 978-6711
Facsimile: (770) 756-9596
tmadden@tmaddenlaw.com; kmowbray@tmaddenlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
3/8/2023 5:03 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

**GENEEQUA JOHNSON**

Plaintiff/Petitioner

vs.

**XAVIER CRUZ-SANTIAGO**

Defendant/Respondent

Case No.:          **23A01048**

AFFIDAVIT OF SERVICE OF
**SUMMONS; COMPLAINT AND JURY DEMAND;
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
DEFENDANT XAVIER CRUZ-SANTIAGO; PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
XAVIER CRUZ-SANTIAGO; PLAINTIFF'S FIRST NOTICE
OF DISCOVERY DEPOSITION DEFENDANT XAVIER
CRUZ-SANTIAGO**

Received by Marc A. Starks, on the **9th day of March, 2023 at 4:06 PM** to be served upon **XAVIER CRUZ-SANTIAGO** at 74 Trevitt Drive Apt B, Stone Mountain, DeKalb County, GA 30083.
On the **13th day of March, 2023 at 8:10 AM**, I, Marc A. Starks, SERVED XAVIER CRUZ-SANTIAGO at 74 Trevitt Drive Apt B, Stone Mountain, DeKalb County, GA 30083 in the manner indicated below:

**INDIVIDUAL SERVICE**, by personally delivering **1** copy(ies) of the above-listed documents to **XAVIER CRUZ-SANTIAGO.**

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to XAVIER CRUZ-SANTIAGO with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired Hispanic male contact 25-35 years of age, 5'8"-5'10" tall and weighing 200-240 lbs with a beard and an accent.**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Marc A. Starks_          22MPR1548     _3-13-2023_

Marc A. Starks                            Server ID #                    Date

Notary Public:  Subscribed and sworn before me on this _13_ day of _MARCH_ in the year of 20 _23_
Personally known to me ___✓___ or _____ identified by the following document:

_____
Notary Public (Legal Signature)

OFFICIAL SEAL
CLYDE A LOUIS
NOTARY PUBLIC – GEORGIA
GWINNETT COUNTY
My Commission Expires June 9, 2023

REF: **G. Johnson**

Scanned with CamScanner

STATE COURT OF
DEKALB COUNTY, GA.
3/14/2023 11:09 AM
E-FILED
BY: Patricia Harris

FILED 12/27/2022 6:27 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

**IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA**

IN RE:  Application for Appointment as     :     Civil Action File
Permanent Process Server pursuant to     :     No. 22MPR1548
O.C.G.A. § 9-11-4 (c) (1993).     :

AFFIDAVIT OF COMPLIANCE OF APPLICANT FOR APPOINTMENT
AS A PERMANENT PROCESS SERVER

Personally appeared before me, the undersigned officer duly appointed to administer oaths,
_MARC ANTONY STARKS_, [insert full legal name of applicant - please print legibly] who, being
duly sworn, states and avers as follows:

1.

My full legal name is _MARC ANTONY STARKS_ .[insert full legal name of applicant -
please print legibly]

2.

I am not suffering under any legal or mental disability and this affidavit is based upon my personal
knowledge.

3.

I am a citizen of the United States of America and am of the age of majority (eighteen years of
age or older).

4.

I have satisfied the requirements of O.C.G.A. § 9-11-4(c).

5.

I submit this affidavit in support of my application to be appointed as a "permanent" process server for the
Stone Mountain Judicial Circuit and swear that the above statements are true under oath and penalty of perjury.

6.

If my application for appointment is granted, I acknowledge that I **CANNOT** serve process in any case in
which I am a party and understand that my appointment expires on December 31, 20_23_.

This the _29_ day of _November_, 20_22_.

_MARC A. STARKS_
[Signature of applicant]

_MARC ANTONY STARKS_
[Print full legal name of applicant]

Applicant's address and daytime telephone number:
_2875 NORFAIR LOOP_
_LITHONIA, GA   30038_

Sworn and Subscribed before me
this _29_ day of _Nov_, 20 _22_

_Clyde A. Louis_
NOTARY PUBLIC

My Commission Expires: _6 | 9 | 2023_

OFFICIAL SEAL
CLYDE A LOUIS
NOTARY PUBLIC – GEORGIA
GWINNETT COUNTY
My Commission Expires June 9, 2023

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| GENEEQUA JOHNSON, | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE** |
| | ) 23A01048 | **NO.:** _____ |
| XAVIER CRUZ-SANTIAGO, | ) | |
| | ) | |
|     **Defendant.** | ) | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT XAVIER CRUZ-SANTIAGO

**COMES NOW** Plaintiff **GENEEQUA JOHNSON** (hereinafter "Plaintiff") in the above-styled action and, by and through Plaintiff's undersigned attorneys, propounds these interrogatories and requests for production to Defendant **XAVIER CRUZ-SANTIAGO** (hereinafter "Defendant") pursuant to the Georgia Civil Practice Act, specifically O.C.G.A. §§ 9-11-33 and 9-11-34.  Defendant is required to answer these interrogatories and requests for production separately and fully in writing under oath and to serve a copy of its answers upon counsel for the Plaintiff within thirty-three (33) days after service of these interrogatories and requests for production by mail or after forty-five (45) days after personal service.

## INSTRUCTIONS

These interrogatories and requests for production shall be deemed continuing and shall require supplemental answers. If you produce business records, pursuant to or in lieu of answering any interrogatory, you must specify the business records from which the answer to the interrogatory may be derived or ascertained and afford Plaintiff(s) reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries.

In answering the following interrogatories and requests for production, you are requested to give full and complete answers based upon your personal knowledge as well as that of any

STATE COURT OF
DEKALB COUNTY, GA.
3/8/2023 5:03 PM
E-FILED
BY: Monica Gay

agent, employee, investigator or attorney who has obtained information on your behalf.

(A) Each interrogatory shall be answered separately and under oath. If any answer is based upon information and belief rather than personal knowledge, it should state that it is made on that basis.

(B) If the complete answer to an interrogatory is not known, state and answer as fully as possible each part of the interrogatory to which an answer is known.

(C) If any information is withheld under any claim of privilege:

    (i)   State the basis upon which privilege is claimed;

    (ii)  Identify, as defined below, the source of the information;

    (iii)  Identify, as defined below, each person from whom the information was obtained;

    (iv) Identify, as defined below, every document which evidences or relates to       such information; and

    (v) State the subject matter of the information sufficient for purposes of     identification.

## **DEFINITIONS**

(A) As used herein, "Defendant", "you" and "your" refers to the Defendants, individually, and any attorneys, agents, or representatives of any kind acting on his or her behalf.

(B) As used herein, the word "document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, interoffice or intra-office communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, discs, data sheets, data processing cards, computer printouts, software and other computer related materials, and every other written, typed, recorded, transcribed, filed, or graphic matter of any type or nature.

(C) As used herein, the word "person" shall mean any and all individuals, firms, partnerships,

corporations, proprietorships, joint ventures, associations, governmental units, trusts, estates and every other type of organization or entity.

(D) As used herein, the word "date" shall mean the exact day, month, and year, if ascertainable; otherwise, the word "date" shall mean the best available approximation (including the relationship to other events).

(E) As used herein, the word "identify," when used in reference to:

(1)     An <u>individual</u>, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known business affiliation (designating which), job title and employment address, and present or last known telephone numbers for such residence and employers.

(2)      A <u>firm, partnership, corporation, proprietorship, association, or other organization or entity</u>, shall mean to state its full name and present or last known (designating which) address(es) and telephone number(s).

(3)     A <u>document</u>, shall mean to state the title (if any) and date; to identify, as    defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state    the type of document (i.e., a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If any document so identified was, but is no longer, in your possession, custody, or control, state what disposition was made of it, when, why, by whom, and if applicable, identify to whom it was transmitted and identify the last known person having possession of it and state its last known location. In the case of a document within your (as defined above) possession, custody, or control,

state whether you will make it available to the undersigned attorneys for inspection and/or copying.

(F) As used herein, "Occurrence" refers to the incident(s), collision(s) or event(s) that give rise to this lawsuit; specifically, the collision alleged in *Plaintiff's Complaint.*

(G) In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; the feminine includes the masculine.

## **INTERROGATORIES**

1.

Identify by name, address (current, as well as on the date of the filing of the complaint in this matter), date of birth, telephone number, and Social Security Number:

(a) Yourself;

(b) any other person in the vehicle at time of collision; and

(c) any person other than your attorney assisting you in responding to this discovery.

2.

Please state how you resolved any citation/ticket issued to you as a result of the **March 24, 2021**, collision.

3.

If you have ever been convicted of or pled guilty to any felony or misdemeanor, (other than routine traffic violations), please state the nature of the offense, the date, and jurisdiction of the conviction. Included in this interrogatory, please state each time you have been convicted of DUI, DWI, or the equivalent violation in **any** state or territory.

4.

Please provide a list of each and every job you have had for the past ten (10) years, listing

the name of your employer, the address, telephone number, the name of your immediate supervisor, the place where you were employed, the type of worked performed, any disciplinary actions, the reason for such discipline or suspension and what length of time, the reasons for termination of each employment, the dates of employment with each employer, and the salary, wages, or commissions received in each employment.

5.

Did you strike Plaintiff's vehicle on **March 24, 2021**? If your answer is anything other than an unqualified "No," please provide the following information:

(a)    Did the impact of your collision cause the Plaintiff's automobile to strike a third vehicle? If so, please describe the damage to the third vehicle. Also, please describe any injuries that you observed with respect to the occupants of the third vehicle.

6.

Please provide details of any diversion or distraction, including any act that caused you to take your hands off the steering wheel, within 30 seconds leading up to the collision.

7.

Describe in detail how the collision referenced in the Complaint occurred, detailing your acts and omissions and specifying each and every act or omission of the Plaintiff(s) that you contend caused or contributed to the collision.  Please begin with all actions from 30 minutes prior to the collision and include those at least 30 minutes after the collision.

8.

Please state any and all medication, legal or illegal drugs or alcohol that you consumed or took within five (5) days prior to and including **March 24, 2021**.

9.

Please detail the intended trip, from beginning to destination, and purpose for the trip being made by the Defendant at the time of the collision that is the subject of the Complaint, including any and all stops/layovers; stating your actual path of travel and indicating each stop inclusive of, rest stops and refueling.

10.

After the collision on **March 24, 2021**, were any alcohol or drug tests performed on Defendant? If so, please provide the following:

(a) What tests were performed?

(b) How soon after the collision were they performed?

(c) What were the results?

(d) Who performed the tests?

(e) Are any other tests expected to be performed, if so, when?

If none were performed, please explain why not.

11.

Please state all damage done to your vehicle on **March 24, 2021**, due to the collision including the cost to repair, the entity that performed the repairs and provide all documentation of the above.

12.

Identify (by stating name, address, and telephone number) of each person who:

(a)  was an eyewitness to the collision;

(b)  who arrived at the scene of the occurrence complained of in this action immediately or within an hour after its occurrence;

    (c) has knowledge of facts or circumstances concerning the collision, your alleged injuries, and/or your alleged damages;

    (d) you expect to call as an expert witness at trial; and for each such expert witness state: the subject matter to which he or she is expected to testify; the substance of the facts and opinions to which he or she is expected to testify; and a summary of the grounds for each such opinion.

### 13.

State anyone who investigated this matter for you, state their name(s) and address(es), and state whether such investigation was documented. If said investigator obtained any signed statements or recorded statements, identify the person who gave the statement.

### 14.

Provide the cell phone carrier for each and every cell phone you owned or had access to on or about **March 24, 2021**, the telephone number for each of those devices, and state whether you were using any of these devices within thirty (30) minutes (before or after) of the collision.

### 15.

To the extent that you have not already done so, please explain why you did not see the Plaintiff's vehicle before pulling out in front of it in the roadway.

### 16.

If you contend that the Plaintiff in this action was negligent by causing the collision, state the reason(s) you make this contention. Include in your answer where and from whom you obtained the information to make this contention.

### 17.

Please identify all the lawsuits by listing a complete case-style or name of each lawsuit

(including the names of parties, jurisdiction/venue and date filed), and state the outcome of any such lawsuit, (i.e., the amount of any verdict or settlement) in which you were either a defendant or a plaintiff.

18.

Identify each and every drawing, photograph, videotape, and computer animation of the collision scene, the involved vehicles, or the persons involved in the collision, indicating the date made, its subject, its photographer or drawer, and its current custodian.

19.

Identify all government statutes, ordinances, standards or other laws that you contend support your defenses in this lawsuit. Although your response may require supplements, please answer this interrogatory fully to this point.

20.

Identify all persons who now have or have had custody and/or control of any records, tapes, films or other recordings of surveillance or photographs of either vehicle. Identify each record, tape, film, or other recording of such surveillance with sufficient particularity to satisfy a Request for Production of Documents.

21.

If you contend that Plaintiff has brought action against the wrong person due to a misnomer, please state the complete name and address and insurance information of the correct defendant in this action.

22.

If you contend another party was wholly or partially responsible for damages sustained by the Plaintiff, please identify name, address, telephone number, and insurance information of said

party.

23.

Please identify each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit and state the name of each person, the name and address of the person(s) or entity(s) taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement. (Please see: Atlantic Coast Line R. Co. v. Gause 116 Ga.App. 216, 156 S.E.2d 476 Ga.App. 1967. Bryant v. State, 282 Ga. 631, 636(4), 651 S.E.2d 718 (2007)).

24.

Provide each and every document, tangible object, or other item of real, demonstrative or documentary evidence which contains, may contain, material or information which is, or may be, relevant to any of the issues involved in this action, and identify the person presently having possession, custody or control of each item listed.

25.

Please identify each document from which you withheld from production in response to Plaintiff's First Request for Production of Documents, under any claim of privilege or qualified immunity, including in your response the basis on which each document was withheld.

26.

Identify the vehicle on-board recording device, video camera, on-board computer or any other device which records information concerning the operation of the vehicle, (regardless whether such device was an accessory purchased with the vehicle or added at a later time) that was operating and in use at the time of the collision.

27.

State the name of <u>any</u> insurance company that might be liable to satisfy <u>all or part</u> of any judgment that might be entered against the driver or owner of the vehicle involved in the collision with the Plaintiff in this case, and for each company named, state the limits of coverage.

28.

Identify (by name, insurance carrier, policy number, and limits of coverage) any umbrella insurance policy that provided you with insurance coverage at the time of the collision that is the subject of this litigation.

29.

State the name and address of any individual or entity with any ownership or lease interest in the vehicle driven by Defendant on **March 24, 2021**.

30.

State whether you or your attorneys have transcripts, reports, or records of any hearings relating to any charges/allegations filed against you in relation to the incident giving rise to this lawsuit and any other litigation to which you were involved in the past five (5) years.

31.

Describe the vehicle operated by Defendant at the time of the collision, including the year, make, and model, mileage, governors, on-board recording devices, radios, maintenance history, specifications, or other information regarding the specifications and functions of the vehicle.

32.

Identify anyone who has provided any statements, documents, or other recorded conversation in relation to this matter, including any agent/adjuster of any insurance company. (Please see: <u>Atlantic Coast Line R. Co. v. Gause</u> 116 Ga.App. 216, 156 S.E.2d 476 (1967). <u>Bryant</u>

v. State, 282 Ga. 631, 636(4), 651 S.E.2d 718 (2007)).

33.

Describe in detail (full name and telephone number) each adult who resided with you on **March 24, 2021**, and the automobile or household insurance carrier which covered each named adult.

34.

State whether you were acting in the course and scope of your employment for, or furthering the business interests of, any other person or entity at the time of the collision and, if so, fully identify said person or entity.

## **REQUESTS FOR PRODUCTION**

That Defendant is requested to produce <u>and</u> permit Plaintiff to inspect and copy, test, or sample each of the following documents and things:

1.

All documents concerning any expert witnesses who you expect to testify at trial.  The response to this Request For Production should at least include the following

(a)  The expert's most recent curriculum vitae and publications lists.

(b)  All correspondence, memoranda, articles, notes reports, computer simulations, reports, computer generated data and reports, studies, tests, test results, charts, graphs, or other documents or written material that the expert has received from or sent to any person, including attorneys, relating to this case and to any opinions rendered to the Plaintiff, their counsel or other representatives in this case.

(c)  Notes, memoranda, or other written documents of telephone conversations which the expert has had with counsel for Plaintiff, other experts, or other individuals with whom you have consulted relating to your opinions concerning this case.

(d) Notes made by the expert in reviewing or analyzing material and preparing your evaluation or opinions for this case. This would include any written research or memoranda of written or oral reports reviewed.

(e) All draft or final reports which contain the expert's opinions in this matter.

(f) Copies of all written materials, notes memoranda, video tapes, photographs, tests, test results, examinations, or other material reviewed by the expert in preparation of each of his opinions.

(g) Any and all documents which support the expert's findings, conclusions, opinions, or testimony or that the expert relies on as a basis for his findings, conclusions, opinions, or testimony.

(h) The expert's entire file with respect to the subject matter of this litigation, including items not specifically listed above.

(i) All literature that the expert has reviewed which provided the expert with information and upon which the expert relies for each of his opinions in this case.

(j) Any and all documents which refer to, relate to or evidence the expert's billings or the time the expert or others acting under his direction have spent on this case.

(k) Any and all documentation relating to analysis done for this case or materials relied on in this case have not been requested above.

(l) Copies of all billings for services rendered.

(m) Copies of the expert's most recent F.R.C.P. 26 expert disclosures or comparable state disclosures.

(n) Copies of the last 5 depositions that the expert has given in which the issues raised in this case or similar issues were addressed.

2.

Please produce all photographs, maps, sketches, videotapes, computer animations, models, diagrams, and/or drawings of (a) the scene of the collision; (b) any object or vehicle involved in the collision and/or (c) any person involved in the collision.

3.

Please produce any traffic citations, accident reports, certified dispositions, and/or transcripts of any judicial hearing for this collision.

4.

All statements (written, auto recorded, videotaped, etc.) from the insured or other persons concerning the collision, or relevant to the subject matter involved in this lawsuit; particularly a true-copy of the recording from the interview with Defendant and Plaintiff taken by your adjuster/agent prior to this lawsuit being filed; along with a transcript of the recorded statements (these are not protected under any privilege).  This request would include all internal emails, letters, and other documents.  (Please see: Atlantic Coast Line R. Co. v. Gause, 116 Ga.App. 216, 156 S.E.2d 476 (1967). Bryant v. State, 282 Ga. 631, 636(4), 651 S.E.2d 718 (2007).

5.

All documents and transcripts concerning judicial, quasi-judicial or administrative charges and hearings concerning the occurrences alleged in the Complaint or similar occurrences to those alleged in the Complaint (including proceedings concerning traffic tickets) for the past ten (10) years.

6.

All documents produced in any other lawsuit, hearing or proceeding, which are relevant or similar to any issue in this lawsuit, any lawsuit in which the defendant was a party, regardless of

the nature of the lawsuit but including any other auto collision or traffic violation prior to or after **March 24, 2021**.

7.

All traffic citations, court documents or evidence of any traffic violation or collision you received or were involved in at any time in the last 5 years.

8.

All documents identified or corresponding to any of your answers to Interrogatories.

9.

Any document which reflects liability insurance or umbrella coverage for the collision which is the subject matter of the Plaintiff's Complaint.

10.

Each and every insurance agreement (copy of declaration page and full policy) and/or any person carrying an insurance policy or otherwise may be liable to satisfy all or any part of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment. Please also submit the declaration page and copy of your home owner's insurance policy.

11.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

12.

Any documents relating to any communication between you, or anyone acting on your behalf, with any of Plaintiff's doctors, hospitals, or other healthcare providers concerning the

Plaintiff's condition or treatment after the happening of the collision.

13.

All documents containing information which has been received by you from any doctors, hospitals, or other healthcare providers concerning the Plaintiff's condition or treatment after the happening of the subject collision.

14.

All maintenance records concerning the vehicle being driven by the Defendant on the date of the collision for the two years prior and six months after the **March 24, 2021,** motor vehicle collision. This includes all receipts, records, invoices, and any other documents, INCLUDING ANY PHOTOGRAPHS (copy needs to be high resolution & color) that present the working order of the vehicle prior to the subject collision.

15.

Please produce any document that supports your denial of any of Plaintiff's Requests for Admissions.

16.

Please produce a copy of any sworn statement, general statement, and statement to any insurance adjuster or deposition given by you with regard to the subject matter of the Plaintiff's Complaint. (Please see: <u>Atlantic Coast Line R. Co. v. Gause</u>, 116 Ga.App. 216, 156 S.E.2d 476 (1967); <u>Bryant v. State</u>, 282 Ga. 631, 636(4), 651 S.E.2d 718 (2007).

17.

Please provide high resolution color pictures of your vehicle taken prior to the repair of any damage following the **March 24, 2021,** collision and the invoice and any other proof of repair costs.

18.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which contains or may contain material information which is, or may be, relevant to any of the issues involved in this action; including certified copies of any guilty plea to any traffic ticket obtained on or about **March 24, 2021**.

19.

Please provide or obtain and deliver the cell phone bill from each carrier for each and every cell phone you owned or had access to on or about **March 24, 2021,** whether or not you were using any of these devices at the time of the collision.  This must be an itemized bill which details every call and text message made or received in the month of **March 24, 2021**.

Respectfully submitted, this the 3rd day of March, 2023.

**T. MADDEN & ASSOCIATES, P.C.**

*/s/ Terance Madden*
Terance Madden
Georgia Bar No.: 464831
***Attorney for the Plaintiff***

114 South Main Street
Jonesboro, Georgia 30236
Telephone: (770) 978-6711
Facsimile: (770) 756-9596
tmadden@tmaddenlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
3/8/2023 5:03 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| **GENEEQUA JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE** |
| | ) | **NO.: 23A01048** _____ |
| **XAVIER CRUZ-SANTIAGO,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST NOTICE OF DISCOVERY DEPOSITION
## DEFENDANT XAVIER CRUZ-SANTIAGO

To:    XAVIER CRUZ-SANTIAGO
       74 Trevitt Drive, Apt. B
       Stone Mountain, Georgia 30083

YOU ARE HEREBY NOTIFIED that on **July 11, 2023,** beginning at **10:00 a.m.**, Plaintiff will proceed to take the deposition of XAVIER CRUZ-SANTIAGO via video conferencing (WebEx or other similar video conferencing platform), pursuant to O.C.G.A. 9-11-26, before an authorized court reporter.

**The location may be changed with written Notice from you or your attorney and agreement with T. Madden Associates, P.C.**

The deposition upon oral examination will be taken pursuant to Georgia Civil Practice Act. The deposition will be recorded by stenographic means before an officer duly authorized by law to administer oaths and will be taken for purposes of discovery and for all other permissible purposes.  The deposition shall continue from day to day until its completion.

### [SIGNATURE PAGE FOLLOWS]

Respectfully submitted, this the 8th day of March, 2023.

**T. MADDEN & ASSOCIATES, P.C.**

*/s/ Terance Madden*
Terance Madden
Georgia Bar No.: 464831
Kimberly Mowbray
Georgia Bar No.: 567798
***Attorneys for the Plaintiff***

114 South Main Street
Jonesboro, Georgia 30236
Telephone: (770) 978-6711
Facsimile: (770) 756-9596
tmadden@tmaddenlaw.com; kmowbray@tmaddenlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
3/8/2023 5:03 PM
E-FILED
BY: Monica Gay

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served opposing counsel to this action with a copy of the foregoing **Plaintiff's First Notice of Deposition-XAVIER CRUZ-SANTIAGO** via: PeachCourt Efile System, Odyssey E-Filing Portal, Electronic Mail, and/or by depositing a copy of the same in the United States mail in an envelope with adequate postage affixed thereon, properly addressed as follows:

XAVIER CRUZ-SANTIAGO
74 Trevitt Drive, Apt. B
Stone Mountain, Georgia 30083

Respectfully submitted, this the 8th day of March, 2023.

**T. MADDEN & ASSOCIATES, P.C.**

*/s/ Terance Madden*
Terance Madden
Georgia Bar No.: 464831
Kimberly Mowbray
Georgia Bar No.: 567798
***Attorneys for the Plaintiff***

114 South Main Street
Jonesboro, Georgia 30236
Telephone: (770) 978-6711
Facsimile: (770) 756-9596
tmadden@tmaddenlaw.com; kmowbray@tmaddenlaw.com

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| GENEEQUA JOHNSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION FILE** |
| | ) | **NO.:** 23A01048 _____ |
| XAVIER CRUZ-SANTIAGO, | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

<u>**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**</u>
<u>**TO DEFENDANT XAVIER CRUZ-SANTIAGO**</u>

**COMES NOW,** Plaintiff **GENEEQUA JOHNSON** (hereinafter "Plaintiff) in the above-styled action and, by and through their undersigned attorneys, pursuant to O.C.G.A. §9-11-36, and serves upon the Defendant this Plaintiff's First Request for Admissions to Defendant **XAVIER CRUZ-SANTIAGO** (hereinafter "Defendant").

Answers should specifically admit or deny the matter, or set forth in detail the reasons why the Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that he has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant is advised that if she fails to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order

STATE COURT OF
DEKALB COUNTY, GA.
3/8/2023 5:03 PM
E-FILED
BY: Monica Gay

requiring Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

## ADMISSIONS

1.

Admit that Defendant was a Georgia resident on the day of the subject collision, **March 24, 2021**.

2.

Admit that all times pertinent to the allegations of the Complaint, Defendant's residence was 3245 Flowers Road South, Apt E, Atlanta, GA 30341, in Dekalb County, Georgia.

3.

Admit that on the date of the filing of Plaintiff's Complaint, Defendant's residence was 74 Trevitt Drive, Apt. B, Stone Mountain, Georgia 30083, in Dekalb County, Georgia.

4.

Admit that on or about **March 24, 2021**, Plaintiff was driving her 2014 Jeep Grand Cherokee travelling south on Parklake Drive near LaVista Road, in DeKalb County, Georgia.

5.

Admit that on or about **March 24, 2021**, Defendant was driving a 2019 Ford Fusion Hybrid.

6.

Admit that on or about **March 24, 2021**, Defendant was entering the roadway from the Shell gas station located at 4118 Lavista Rd.

7.

Admit that on or about **March 24, 2021**, Defendant failed to yield while entering the roadway.

8.

Admit that on or about **March 24, 2021**, Plaintiff's vehicle maneuvered to avoid striking Defendant's vehicle as Defendant exited the Shell gas stations.

9.

Admit that on or about **March 24, 2021**, Plaintiff's vehicle collided with a lane divider.

10.

Admit that on or about **March 24, 2021**, Defendant failed to obey the traffic rules by failing to yield while entering the roadway.

11.

Admit that on or about **March 24, 2021**, Defendant received a traffic citation, Citation No. 22106750ET, from an officer with the Dekalb County Police Department.

12.

Admit that on or about **March 24, 2021**, Defendant received a traffic citation, Citation No. 22106750ET, for failing to yield while entering the roadway in violation of O.C.G.A. § 40-6-73.

13.

Admit that on or about **March 24, 2021**, Defendant was driving at an unreasonable speed.

14.

Admit that Defendant caused Plaintiff's collision on or about **March 24, 2021**.

15.

Admit that at the time and location, Defendant was operating a motor vehicle in a negligent manner.

16.

Admit that on **March 24, 2021**, Plaintiff was without fault in the aforementioned collision.

17.

Admit that Defendant was personally served with the Summons and Complaint in the above styled case.

18.

Admit that Defendant was personally served with Requests for Admissions, Requests for Production of Documents, and Interrogatories in the above styled case.

19.

Admit that Defendant was negligent by failing to yield while entering the roadway in violation of O.C.G.A. § 40-6-73 on or about **March 24, 2021**.

20.

Admit that Defendant failed to make a reasonable and proper observation while operating Defendant's vehicle on or about **March 24, 2021**.

21.

Admit that Defendant failed to drive at a reasonable speed immediately before colliding with Plaintiff on or about **March 24, 2021**.

22.

Admit that Defendant failed to use due care and keep a proper lookout in the operation of a motor vehicle on or about **March 24, 2021**.

23.

Admit that Defendant committed negligence *per se* in violation of the laws of the state of Georgia; particularly O.C.G.A. § 40-6-73 on or about **March 24, 2021**.

24.

Admit that the personal injuries suffered by Plaintiff are the result of Defendant's negligence.

25.

Admit that Defendant maintained and/or was covered by insurance for the alleged liability on or about **March 24, 2021**.

26.

Admit that Defendant consumed alcohol within twenty-four hours prior to the collision on **March 24, 2021**.

27.

Admit that Defendant consumed drugs within twenty-four hours prior to the collision on **March 24, 2021**.

28.

Admit that Defendant failed to properly inspect his vehicle at the proper times prior to the collision on **March 24, 2021**.

29.

Admit that the Defendant negligently failed to properly judge the distance of the vehicles around his, thereby causing the subject collision.

30.

Admit that the property damage to the vehicle that you were driving on the date of the subject collision exceeded $4,000.

31.

Admit that the property damage to the vehicle that you were driving on the date of the subject collision exceeded $6,000.

32.

Admit that the property damage to the vehicle that you were driving on the date of the subject collision exceeded $8,000.

33.

Admit that the property damage to the vehicle that you were driving on the date of the subject collision caused the vehicle to be a total loss.

34.

Admit that Defendant failed to comply with one or more of the Georgia Highway Safety laws on **March 24, 2021**.

35.

Admit that Defendant owned or had access to a cell phone or mobile device within thirty (30) minutes (before or after) the time of the collision on **March 24, 2021**.

36.

Admit that Defendant had a cell phone or mobile device with Defendant on **March 24, 2021**, when the collision occurred.

37.

Admit that Defendant was using a cell phone within thirty (30) minutes (before or after) of the time of the collision on **March 24, 2021**.

38.

Admit that Defendant was using a mobile device on **March 24, 2021**, immediately before the collision occurred.

Respectfully submitted, this the 8th day of March, 2023.

**T. MADDEN & ASSOCIATES, P.C.**

*/s/ Terance Madden*
Terance Madden
Georgia Bar No.: 464831
Kimberly Mowbray
Georgia Bar No.: 567798
***Attorneys for the Plaintiff***

114 South Main Street
Jonesboro, Georgia 30236
Telephone: (770) 978-6711
Facsimile: (770) 756-9596
tmadden@tmaddenlaw.com; kmowbray@tmaddenlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
3/8/2023 5:03 PM
E-FILED
BY: Monica Gay