SUPERIOR COURT OF NEWTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JAMES WILSON, A MINOR, BY AND THROUGH HIS NEXT FRIEND AND NATURAL GUARDIAN, CENIE TRAMMELL, AND CENIE TRAMMELL, INDIVIDUALLY,<br><br>Plaintiff,<br><br>vs.<br><br>DELL TECHNOLOGIES, INC.,<br><br>Defendant. | CIVIL ACTION FILE NO. SUCV2023000530 |

## ANSWER OF DELL TECHNOLOGIES INC.

**COMES NOW** DELL TECHNOLOGIES, INC., and answers Plaintiffs' Complaint for Damages.

**NOTE:** Dell Technologies Inc. did not sell the subject computer to Newton County School System which provided it to James Wilson, and is not a proper defendant.

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' warranty claims in Count II are barred for lack of privity and due to limitation and exclusion of remedies.

### THIRD DEFENSE

O.C.G.A. § 51–1–11(b)(1) restricts strict liability actions to products that are sold as new to Plaintiffs. In the absence of such proof, the cause of action is barred.

### FOURTH DEFENSE

Plaintiffs suffered no damages as a result of any act or omission by the Defendant.

**FIFTH DEFENSE**

Plaintiffs cannot prove that there was any defect in the product when it was sold by any Dell entity. Further, no defect in the product caused any damages to Plaintiffs.

**SIXTH DEFENSE**

The injuries to Plaintiffs were not caused any defect in the product, but by the supervening negligence and assumption of the risk on the part of James Wilson.

**SEVENTH DEFENSE**

DELL TECHNOLOGIES INC. responds to the individually numbered paragraphs as follows:

1. Defendant admits the allegations of this paragraph on knowledge and belief.

2. Defendant admits the allegations of this paragraph on knowledge and belief.

3. Defendant admits the allegations of this paragraph, except that Defendant denies it sold the product in question and avers it is not a proper defendant.

4. Defendant admits the allegations of this paragraph, except that Defendant denies it sold the product in question and avers it is not a proper defendant.

5. Defendant denies the allegations of this paragraph.

6. Defendant denies the allegations of this paragraph as alleged. For purposes of this case only, Defendant shows that this Court has jurisdiction and waives venue, but also that jurisdiction and venue are proper in the United States District Court for the Northern District of Georgia, to which this case has been removed.

7. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

8. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

9. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

10. Defendant denies the allegations of this paragraph as pleaded.

11. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

12. Defendant denies the allegations of this paragraph for want of sufficient knowledge.

13. Defendant denies the allegations of this paragraph.

14. Defendant denies the allegations of this paragraph.

15. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

16. Defendant denies the allegations of this paragraph.

17. Defendant denies the allegations of this paragraph.

18. Defendant denies the allegations of this paragraph.

19. Defendant denies the allegations of this paragraph.

20. Defendant denies the allegations of this paragraph.

21. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

22. Defendant denies the allegations of this paragraph.

23. Defendant denies the allegations of this paragraph.

24. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

25. Defendant denies the allegations of this paragraph.

26. Defendant incorporates the preceding paragraphs by reference as if restated here verbatim.

27. Defendant denies the allegations of this paragraph.

28. Defendant denies any allegations not specifically responded to.

Defendant denies the un-numbered section beginning "WHEREFORE Plaintiffs pray".

**WHEREFORE**, having fully answered Plaintiff's Complaint, DELL TECHNOLOGIES INC. requests that it be discharged from this action, that all costs be taxed against the Plaintiff and that it be provided any other relief this Court deems just and proper.

This 31st day of March, 2023.

MCLAUGHLIN LAW FIRM

*/s/Charles R. Beans*

| | |
|---|---|
| 11575 Great Oaks Way, Suite 100 | Charles R. Beans |
| Alpharetta, Georgia 30022 | Georgia Bar No. 006720 |
| Telephone: (470) 415-5500 | *Attorneys for Dell Technologies, Inc.* |
| Facsimile: (470) 415-5510 | |
| Charles.Beans@mgmesq.com | |

**<u>Defendant demands trial by jury of twelve for triable claims</u>**

## **CERTIFICATE OF SERVICE**

I certify that I have this day served the following with a copy of the within and foregoing **ANSWER** via electronic email and this Court's mandatory e-filing system addressed to:

> **D. James Jordan, Esq.**
> **Adams, Jordan & Herrington, P.C.**
> **115 East McIntosh Street**
> **Milledgeville, Georgia 31059-1370**

This 31st day of March, 2023.

MCLAUGHLIN LAW FIRM

*/s/Charles R. Beans*

| | |
|---|---|
| 11575 Great Oaks Way, Suite 100 | Charles R. Beans |
| Alpharetta, Georgia 30022 | Georgia Bar No. 006720 |
| Telephone:  (470) 415-5500 | *Attorneys for Dell Technologies, Inc.* |
| Facsimile:  (470) 415-5510 | |
| Charles.Beans@mgmesq.com | |