IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HORACE MILLER and ZAKIYYAH MILLER, | )<br>)<br>) |
| Plaintiffs, | ) Civil Action File No.: |
| | ) |
| v. | ) |
| | ) |
| RUFF LEASING AND MEI LIEN LAI, | )<br>) |
| | ) |
| Defendants. | |

## NOTICE OF REMOVAL

COMES NOW defendants Ruff Leasing, LLC ("Ruff") and Mei Lien Lai ("Lai") and file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully showing this Court the following:

1.

On June 10, 2022, plaintiffs filed suit against Ruff and Lai in the State Court of Cobb County, State of Georgia. A copy of the complaint and summons is attached hereto as Exhibit "A."

2.

In the complaint, plaintiff Horace Miller seeks to recover for personal injuries allegedly sustained as a result of a motor vehicle and train accident that

occurred on or about July 14, 2021, at near Finch Road near its intersection with Powder Springs Dallas Road in Cobb County, Georgia. (Exhibit A, Complaint).

3.

Plaintiffs were married at the time of the accident and plaintiff Zakiyyah Miller is seeking to recover for loss of consortium. (Exhibit A, Complaint ¶ 70).

4.

Plaintiffs' complaint alleges Mr. Miller is entitled to damages for "lost wages, both past and future, medical expenses, both past and future, in an amount to be shown at trial, and general damages in an amount to be determined by a jury" and Mrs. Miller is entitled to damages for "loss of consortium". (Exhibit A, Complaint ¶ 67, 71). Although plaintiffs' complaint does not allege a specific amount of damages, plaintiffs' sent the undersigned counsel a settlement demand for $295,000.00 on March 1, 2023, which illustrates that the amount in controversy in this case now exceeds $75,000.00. A true and correct copy of plaintiff's pre-suit settlement demand is attached hereto as Exhibit "B."

5.

Accordingly, it is fair and reasonable to conclude that the amount in controversy exceeds $75,000 based on "reasonable deductions, reasonable inferences, [and] other reasonable extrapolations." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).

6.

Under 28 U.S.C. § 1446(c), a defendant may file a notice of removal within thirty days of receipt through service or otherwise of an amended, pleading, motion, order, or other paper from which it first may be ascertained that the case is or has become removable. 28 U.S.C. § 1446(b)(3).

7.

"Other paper" is defined as any other document that is part and parcel of the State Court proceedings and has its origin and existence by virtue of the State Court processes. In general, to constitute "other paper," the paper must result from the voluntary act of plaintiff to give the defendant notice of the circumstances that support federal jurisdiction. Items that have been held by courts to constitute "other paper" include correspondence between parties identifying damages and losses suffered by plaintiff, depositions, discovery responses, settlement agreements, and offers of judgment. Cameron v. Teeberry Logistics, LLC, 920 F. Supp. 2d 1309 (N.D. Ga. 2013); Bramlett v. Majric, 2012 U.S.

Dist. LEXIS 133925 (N.D. Ga. 2012); <u>Golden Apple Management Co. v. GEAC Computers, Inc.</u>, 990 F. Supp. 1364, 1368 (M.D. Ala. 1997); <u>Wilson v. GMC</u>, 888 F. 2d 779 (11th Cir. 1989).

8.

A case that is not initially removable but becomes removable as a result of a voluntary act by plaintiffs, like a settlement demand, opens a new thirty (30) day deadline to file a notice of removal with the appropriate court. <u>Pretka v. Kolter City Plaza, II, Inc.</u>, 608 F.3d 744 (11th Cir. 2010).

9.

Defendants received the "other paper" that would make this initially unremovable case removable on March 1, 2023.

10.

Defendants Notice of Removal is timely and the matter and amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

11.

According to plaintiffs' complaint, they are residents and citizens of the State of Georgia. (Exhibit A, Complaint ¶ 6).

12.

According to plaintiffs' complaint, and supported by the respective affidavits of service, Ruff is a Pennsylvania Limited Liability Company and Lai is a resident of Pennsylvania. (Compl. ¶¶ 1, 7).

13.

This Court has diversity jurisdiction over the suit under 28 U.S.C. § 1332 because (1) plaintiff and defendants are citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

14.

Attached hereto as Exhibit "C" and made a part hereof by reference is a true copy of the Notice of Removal filed by defendants in the State Court of Cobb County, Georgia.

15.

Attached hereto as Exhibit "D" are copies of all pleadings served upon defendant in this case.

WHEREFORE, defendants Ruff Leasing, LLC and Mai Lien Lai pray that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 31st day of March, 2023.

                SWIFT, CURRIE, McGHEE & HIERS, LLP

                */s/ Lauren P. Kamensky*
                _____
                Calvin P. Yaeger
                Georgia Bar No. 797952
                Lauren P. Kamensky
                Georgia Bar No. 937929
                *Attorney for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404-874-8800
404-888-6199 (fax)
calvin.yaeger@swiftcurrie.com
lauren.kamensky@swiftcurrie.com

**CERTIFICATE**

Defendant in the case of <u>Horace Miller and Zakiyyah Miller v. Ruff Leasing, LLC and Mei Lien Lai</u>, Civil Action File No. 22-A-1902 in the State Court of Cobb County, Georgia, have given notice of the filing of the foregoing notice of removal to plaintiffs Horace Miller and Zakiyyah Miller, and their attorneys, by mailing a copy of the notice to Trent Shuping, Warshauer Law Group, P.C., 2740 Bert Adams Road, Atlanta, GA 30339, and have filed a copy of the Notice of Removal with the Clerk of the State Court of Cobb County, Georgia, in accordance with the provisions of Title 28, United States Code, § 1446, Judiciary and Judicial Procedure, as amended. The undersigned, Lauren P. Kamensky, attorney for Ruff Leasing, LLC and Mei Lien Lai hereby certifies to the truthfulness and correctness of the above statement.

This 31st day of March, 2023.

                                            SWIFT, CURRIE, McGHEE & HIERS, LLP

                                            */s/ Lauren P. Kamensky*
                                            _____
                                            Calvin P. Yaeger
                                            Georgia Bar No. 797952
                                            Lauren P. Kamensky
                                            Georgia Bar No. 937929
                                            *Attorney for Defendants*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404-874-8800
404-888-6199 (fax)
calvin.yaeger@swiftcurrie.com
lauren.kamensky@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that she has filed the foregoing **Notice of Removal** with the Clerk of Court using the CM/ECF-GA e-file and serve system which will send email notification of said filing to the following attorneys of record:

Trent Shuping
Warshauer Law Group, P.C.
2740 Bert Adams Road
Atlanta, GA 30339
tss@warlawgroup.com
*Attorney for the Plaintiff*

This the 31st day of March, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Lauren P. Kamensky*
_____

Calvin P. Yaeger
Georgia Bar No. 797952
Lauren P. Kamensky
Georgia Bar No. 937929
*Attorneys for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404-874-8800
404-888-6199 (fax)
calvin.yaeger@swiftcurrie.com
lauren.kamensky@swiftcurrie.com