# EXHIBIT "A"

ID# E-YXR3MMPT-GSM
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1902**

JUN 10, 2022 10:15 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| HORACE MILLER and ZAKIYYAH MILLER, <br><br> Plaintiffs, <br><br> v. <br><br> RUFF LEASING LLC and MEI LIEN LAI, <br><br> Defendants. | CIVIL ACTION <br> FILE NO. _____ |

## COMPLAINT FOR DAMAGES

COMES NOW Horace Miller and Zakiyyah Miller, Plaintiffs in this action, and file this Complaint for Damages against Defendants Ruff Leasing LLC and Mei Lien Lai, as follows:

1.

Defendant Ruff Leasing LLC ("Ruff Leasing") is a Pennsylvania limited liability company.

2.

Ruff Leasing may be served with process through Spirit Asset Protection, LLC, 300 Colonial Center Parkway #100, Roswell, GA 30076, the Georgia Process Agent for Ruff Leasing's Blanket Company, SKB Trucking Permits & Logistics, Inc.

3.

Alternatively, Ruff Leasing may be served with legal process at 1941 S 57th Street, Philadelphia, PA 19143 pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-94.

1



Alternatively, service on Ruff Leasing is proper on the Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-1, *et. seq.*

4.

Ruff Leasing is subject to the jurisdiction of this Court.

5.

Ruff Leasing has been duly and appropriately served as allowed by law.

6.

Venue is proper in this Court with respect to Ruff Leasing.

7.

Defendant Mei Lien Lai ("Lai") is a resident and citizen of Pennsylvania.

8.

Lai may be served with legal process by serving her at her residence 2843 Stevens Street, Philadelphia, PA 19149 pursuant to the Georgia Long Arm statute, O.C.G.A. § 9-10-94. Alternatively, service on Lai is proper on the Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-1 *et. seq.*

9.

Lai is subject to the jurisdiction of this Court.

10.

Lai has been duly and appropriately served as allowed by law.

11.

Venue is proper in this Court with respect to Lai.

12.

Plaintiffs Horace Miller ("Miller") and Zakiyyah Miller are residents and citizens of Georgia. They are legally married and were legally married prior to July 14, 2021.

13.

On or about July 14, 2021, just prior to and at the time of the incident which is the subject of this lawsuit, Defendant Lai was operating a Ford F550 truck at, on, or near Finch Road, near the intersection with Powder Springs Dallas Road, in Cobb County, Georgia. The truck Lai was operating was towing a trailer carrying a Ford Edge.

14.

Defendant Ruff Leasing did not have sufficient controls in place to prevent Lai from driving in violation of the law.

15.

Lai chose to drive over railroad tracks without ensuring that she had sufficient ground clearance to get past them. Lai failed to observe a road sign warning of low ground clearance.

16.

The truck Lai was operating was a Ford F550. It was towing a trailer.

17.

The truck Lai was driving was owned by Ruff Leasing.

18.

The truck Lai was driving was leased to Ruff Leasing.

19.

Lai was driving the truck as the agent of Ruff Leasing.

20.

Lai was driving the truck in the course and scope of her employment with Ruff Leasing.

21.

Lai was driving the truck as the statutory employee of Ruff Leasing.

22.

Ruff Leasing is engaged in business as an interstate motor carrier transporting goods for compensation.

23.

Lai was driving the truck in furtherance of Ruff Leasing's business.

24.

On or about July 14, 2022, just prior to and at the time of the incident which is the subject of this lawsuit, Ruff Leasing was fully responsible to the public, including Plaintiff Miller, for the operation of the truck Lai was driving and the trailer Lai was towing.

25.

Lai towed the trailer onto a railroad grade crossing.

26.

There was insufficient undercarriage clearance for the trailer Lai was towing to negotiate the crossing.

27.

The trailer towed by Lai failed to negotiate the crossing.

28.

Lai towed the trailer upon the railroad grade crossing without using due caution to ascertain that the course was clear.

29.

Lai towed the trailer onto the highway-rail grade crossing without having sufficient space to drive completely through without stopping.

30.

Lai failed to vacate the trailer from the crossing so as to yield to oncoming trains.

31.

A train came down the tracks. The trailer was still blocking the railroad grade crossing.

32.

The trailer towed by Lai and the oncoming train collided.

33.

The collision between the train and the trailer towed by Lai occurred as a result of Lai's negligence.

34.

Defendant Ruff Leasing is liable for Lai's negligent actions, which caused the collision between the tractor trailer and the train.

35.

Plaintiff Miller was working as the engineer of the train that collided with the

trailer towed by Lai.

36.

When the train hit the trailer, Miller was injured.

37.

As a result of the collision, Miller suffered physical, mental, and emotional injuries.

38.

The collision and resulting damages were caused by the negligence of Defendants Ruff Leasing and Lai.

39.

The negligence of Lai is a failure to exercise the standard of care imposed by statute and is negligence *per se*, that is, negligence as a matter of law, as well as negligence as a matter of fact.

40.

Lai was issued a citation for improperly stopping on the railroad tracks.

41.

Lai was issued citation #E116413.

42.

Lai has paid the citation.

43.

Lai did not plead not guilty to the citation.

44.

Lai did not plead nolo contendere to the citation.

45.

Lai's payment of the citation was a bond forfeiture.

46.

At the time of the collision, Ruff Leasing was a "carrier" and "motor carrier" as defined at O.C.G.A. § 40-1-100.

47.

In causing the wreck, Lai violated more than one law and failed, in several ways, to act reasonably.

## COUNT ONE
### Plaintiff Miller's Respondeat Superior, Negligence and Negligence Per Se Claims Against Ruff Leasing

48.

Plaintiffs repeat, reallege, and incorporate by reference, the allegations of the preceding paragraphs of this Complaint as if repeated herein.

49.

Defendant Ruff Leasing is liable under the doctrine of *respondeat superior* for the tortious acts and omissions of Lai in causing the collision described above.

50.

In addition, Defendant Ruff Leasing negligently selected, hired, trained, supervised, retained, qualified, and/or entrusted Defendant Lai as a driver of a commercial vehicle.

51.

Defendant Ruff Leasing failed to ensure that its tractor-trailer and driver complied with federal and state laws and regulations.

52.

Defendant Ruff Leasing failed to properly inspect, maintain, service, and/or repair the truck and trailer Lai was driving.

53.

The collision described above was caused by the negligence of Defendant Ruff Leasing.

54.

The damages resulting from the collision described above were cause by the negligence of Defendant Ruff Leasing and Defendant Lai.

55.

As a direct and proximate result, in whole or in part, of the negligence and wrongful conduct of Defendant Ruff Leasing, Plaintiff Miller was caused to suffer and will in the future suffer personal injury, pain, suffering, and discomfort as well as lost wages, both past and future, and incurred medical expenses, both past and future.

56.

In the future, Plaintiff Miller will suffer pain, suffering, and discomfort, along with additional and significant medical expenses, and further lost wages, all of which are the direct and proximate result of the negligence and wrongful conduct of Defendant Ruff Leasing.

57.

The negligence of Defendant Ruff Leasing and its agent is a failure to exercise the standard of care imposed by statute and is negligence *per se*, that is, negligence as a matter of law, as well as negligence as a matter of fact.

58.

As a direct and proximate result of the negligence and wrongful conduct of Defendant Ruff Leasing and/or as a result of Ruff Leasing's liability for the acts and omissions of Defendant Lai, Plaintiff Miller is entitled to an award of special damages for lost wages, both past and future, medical expenses, both past and future, in an amount to be shown at trial; general damages in an amount to be determined by a jury of Plaintiffs' peers, all against Defendant Ruff Leasing.

### COUNT TWO
### Plaintiff Miller's Negligence and Negligence Per Claims Against Lai

59.

Plaintiffs repeat, reallege, and incorporate by reference, the allegations of the preceding paragraphs of this Complaint as if repeated herein.

60.

Defendant Lai is liable for her tortious acts and omissions in causing the collision described above.

61.

The collision described above was caused by the negligence of Lai.

62.

The damages resulting from the collision described above were cause by the

negligence of Lai.

63.

As a direct and proximate result, in whole or in part, of the negligence and wrongful conduct of Lai, Plaintiff Miller was caused to suffer, and will in the future suffer, personal injury, pain, suffering, and discomfort as well as lost wages, both past and future, and incurred medical expenses, both past and future.

64.

In the future, Plaintiff Miller will suffer pain, suffering, and discomfort, along with additional and significant medical expenses, and further lost wages, all of which are the direct and proximate result of the negligence and wrongful conduct of Lai.

65.

The negligence of Lai is a failure to exercise the standard of care imposed by statute and is negligence *per se*, that is, negligence as a matter of law, as well as negligence as a matter of fact.

66.

Lai's conduct was negligent per se by violating, without limitation, the following laws:

   a. O.C.G.A. § 40-6-140;
   b. O.C.G.A. § 40-6-140(g);
   c. O.C.G.A. § 40-6-72;
   d. O.C.G.A. § 40-6-140;
   e. O.C.G.A. § 40-6-141;

  f. 49 C.F.R. § 392.11;

  g. 49 C.F.R. § 392.12;

  h. 49 C.F.R. § 392.2;

  i. 49 C.F.R. § 392.11 and 49 C.F.R. § 392.2 as incorporated at Rule 4-1-392, Part 392 (1-392) of the Georgia Department of Public Safety Rulebook.

67.

As a direct and proximate result of the negligence and wrongful conduct of Lai, Plaintiff Miller is entitled to an award of special damages for lost wages, both past and future, medical expenses, both past and future, in an amount to be shown at trial; general damages in an amount to be determined by a jury of Plaintiff Miller's peers, all against Defendant Lai.

## COUNT THREE
## Plaintiff Zakiyyah Miller's Claims Against Defendants Ruff Leasing and Lai

68.

Plaintiff Miller and Plaintiff Zakiyyah Miller repeat, reallege, and incorporate by reference, the allegations of the preceding paragraphs of this Complaint as if repeated herein.

69.

At all relevant times, including the date of the collision and all times since, Plaintiff Zakiyyah Miller was and is the lawfully wedded wife of Plaintiff Miller.

70.

As a direct and proximate result of the Defendants' negligence, Plaintiff Miller suffered severe bodily injury, emotional distress, loss of wages and medical expenses,

both past and future. As a direct and proximate result of the Defendants' negligence, Plaintiff Zakiyyah Miller has suffered, and will continue to suffer, a compensable loss of the consortium, domestic and conjugal services, society and companionship of her husband. Plaintiff Zakiyyah Miller has been deprived of her right to consortium and the services and affections previously provided by her husband.

71.

As a direct and proximate result of Defendants Ruff Leasing and Lai, and by nature of the liability and obligations of Defendant Ruff Leasing, Plaintiff Zakiyyah Miller is entitled to an award of general damages for loss of consortium in an amount to be determined by a jury of Plaintiffs' peers.

WHEREFORE, Plaintiffs pray FOR A TRIAL BY JURY, that summons issue, that judgment be entered in favor of them and against the Defendants, and each of them, jointly and severally, and that the following relief be granted:

a. Under Count One, that Plaintiff Miller be awarded special damages in the amount proved at trial, and that he be awarded general damages, all in an amount to be determined by a jury of Plaintiffs' peers;

b. Under Count Two, that Plaintiff Miller be awarded special damages in the amount proved at trial, and that he be awarded general damages, all in an amount to be determined by a jury of Plaintiffs' peers;

c. Under Count Three, that Plaintiff Zakiyyah Miller be awarded general damages in an amount to be determined by a jury of Plaintiffs' peers;

d. That the cost of this action be cast upon Defendants; and

e. That Plaintiffs be awarded such other and further relief as the Court deems just and proper.

This 10th day of June, 2022.

                Respectfully submitted,

                WARSHAUER LAW GROUP, P.C.

                By: */s/Trent Shuping*
                Michael J. Warshauer
                Georgia Bar No. 018720
                Trent Shuping
                Georgia Bar No. 159083

2740 Bert Adams Road
Atlanta, GA 30339
Phone: 404-892-4900
Facsimile: 404-892-1020
mjw@warlawgroup.com
tss@warlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served a copy of the *Complaint for Damages* to all Defendants by a person authorized to make service by the laws of the state in which service is made, as follows:

Defendant Ruff Leasing LLC
c/o Spirit Asset Protection, LLC
*(The Georgia Process Agent for Ruff Leasing's Blanket Company, SKB Trucking Permits & Logistics, Inc.)*
300 Colonial Center Parkway #100
Roswell, GA 30076

or

Defendant Ruff Leasing LLC
1941 S 57th Street
Philadelphia, PA 19143

or

Defendant Ruff Leasing LLC
c/o Georgia Secretary of State
Attn: Corporations Division
2 Martin Luther King Jr. Dr.
Suite 313, West Tower
Atlanta, GA 30334-1530

Defendant Mei Lien Lai
2843 Stevens Street
Philadelphia, PA 19149

or

Defendant Mei Lien Lai
c/o Georgia Secretary of State
Attn: Corporations Division
2 Martin Luther King Jr. Dr.
Suite 313, West Tower
Atlanta, GA 30334-1530

This 10th day of June, 2022.

By: */s/Trent Shuping*
Trent Shuping
Georgia Bar No. 159083