EXHIBIT "D"

ID# E-YXR3MMPT-GSM
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-1902

JUN 10, 2022 10:15 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

HORACE MILLER and ZAKIYYAH MILLER,

    Plaintiffs,

       v.

RUFF LEASING LLC and MEI LIEN LAI,

    Defendants.

CIVIL ACTION
FILE NO. _____

## COMPLAINT FOR DAMAGES

COMES NOW Horace Miller and Zakiyyah Miller, Plaintiffs in this action, and file this Complaint for Damages against Defendants Ruff Leasing LLC and Mei Lien Lai, as follows:

1.

Defendant Ruff Leasing LLC ("Ruff Leasing") is a Pennsylvania limited liability company.

2.

Ruff Leasing may be served with process through Spirit Asset Protection, LLC, 300 Colonial Center Parkway #100, Roswell, GA 30076, the Georgia Process Agent for Ruff Leasing's Blanket Company, SKB Trucking Permits & Logistics, Inc.

3.

Alternatively, Ruff Leasing may be served with legal process at 1941 S 57th Street, Philadelphia, PA 19143 pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-94.



Alternatively, service on Ruff Leasing is proper on the Secretary of State pursuant to the

Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-1, *et. seq.*

4.

Ruff Leasing is subject to the jurisdiction of this Court.

5.

Ruff Leasing has been duly and appropriately served as allowed by law.

6.

Venue is proper in this Court with respect to Ruff Leasing.

7.

Defendant Mei Lien Lai ("Lai") is a resident and citizen of Pennsylvania.

8.

Lai may be served with legal process by serving her at her residence 2843 Stevens

Street, Philadelphia, PA 19149 pursuant to the Georgia Long Arm statute, O.C.G.A. § 9-

10-94. Alternatively, service on Lai is proper on the Secretary of State pursuant to the

Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-1 *et. seq.*

9.

Lai is subject to the jurisdiction of this Court.

10.

Lai has been duly and appropriately served as allowed by law.

11.

Venue is proper in this Court with respect to Lai.

12.

Plaintiffs Horace Miller ("Miller") and Zakiyyah Miller are residents and citizens of Georgia. They are legally married and were legally married prior to July 14, 2021.

13.

On or about July 14, 2021, just prior to and at the time of the incident which is the subject of this lawsuit, Defendant Lai was operating a Ford F550 truck at, on, or near Finch Road, near the intersection with Powder Springs Dallas Road, in Cobb County, Georgia. The truck Lai was operating was towing a trailer carrying a Ford Edge.

14.

Defendant Ruff Leasing did not have sufficient controls in place to prevent Lai from driving in violation of the law.

15.

Lai chose to drive over railroad tracks without ensuring that she had sufficient ground clearance to get past them. Lai failed to observe a road sign warning of low ground clearance.

16.

The truck Lai was operating was a Ford F550. It was towing a trailer.

17.

The truck Lai was driving was owned by Ruff Leasing.

18.

The truck Lai was driving was leased to Ruff Leasing.

19.

Lai was driving the truck as the agent of Ruff Leasing.

20.

Lai was driving the truck in the course and scope of her employment with Ruff Leasing.

21.

Lai was driving the truck as the statutory employee of Ruff Leasing.

22.

Ruff Leasing is engaged in business as an interstate motor carrier transporting goods for compensation.

23.

Lai was driving the truck in furtherance of Ruff Leasing's business.

24.

On or about July 14, 2022, just prior to and at the time of the incident which is the subject of this lawsuit, Ruff Leasing was fully responsible to the public, including Plaintiff Miller, for the operation of the truck Lai was driving and the trailer Lai was towing.

25.

Lai towed the trailer onto a railroad grade crossing.

26.

There was insufficient undercarriage clearance for the trailer Lai was towing to negotiate the crossing.

27.

The trailer towed by Lai failed to negotiate the crossing.

28.

Lai towed the trailer upon the railroad grade crossing without using due caution to ascertain that the course was clear.

29.

Lai towed the trailer onto the highway-rail grade crossing without having sufficient space to drive completely through without stopping.

30.

Lai failed to vacate the trailer from the crossing so as to yield to oncoming trains.

31.

A train came down the tracks. The trailer was still blocking the railroad grade crossing.

32.

The trailer towed by Lai and the oncoming train collided.

33.

The collision between the train and the trailer towed by Lai occurred as a result of Lai's negligence.

34.

Defendant Ruff Leasing is liable for Lai's negligent actions, which caused the collision between the tractor trailer and the train.

35.

Plaintiff Miller was working as the engineer of the train that collided with the

trailer towed by Lai.

36.

When the train hit the trailer, Miller was injured.

37.

As a result of the collision, Miller suffered physical, mental, and emotional injuries.

38.

The collision and resulting damages were caused by the negligence of Defendants Ruff Leasing and Lai.

39.

The negligence of Lai is a failure to exercise the standard of care imposed by statute and is negligence *per se*, that is, negligence as a matter of law, as well as negligence as a matter of fact.

40.

Lai was issued a citation for improperly stopping on the railroad tracks.

41.

Lai was issued citation #E116413.

42.

Lai has paid the citation.

43.

Lai did not plead not guilty to the citation.

44.

Lai did not plead nolo contendere to the citation.

45.

Lai's payment of the citation was a bond forfeiture.

46.

At the time of the collision, Ruff Leasing was a "carrier" and "motor carrier" as defined at O.C.G.A. § 40-1-100.

47.

In causing the wreck, Lai violated more than one law and failed, in several ways, to act reasonably.

<u>COUNT ONE</u>
<u>Plaintiff Miller's Respondeat Superior, Negligence and Negligence Per Se</u>
<u>Claims Against Ruff Leasing</u>

48.

Plaintiffs repeat, reallege, and incorporate by reference, the allegations of the preceding paragraphs of this Complaint as if repeated herein.

49.

Defendant Ruff Leasing is liable under the doctrine of *respondeat superior* for the tortious acts and omissions of Lai in causing the collision described above.

50.

In addition, Defendant Ruff Leasing negligently selected, hired, trained, supervised, retained, qualified, and/or entrusted Defendant Lai as a driver of a commercial vehicle.

51.

Defendant Ruff Leasing failed to ensure that its tractor-trailer and driver complied with federal and state laws and regulations.

52.

Defendant Ruff Leasing failed to properly inspect, maintain, service, and/or repair the truck and trailer Lai was driving.

53.

The collision described above was caused by the negligence of Defendant Ruff Leasing.

54.

The damages resulting from the collision described above were cause by the negligence of Defendant Ruff Leasing and Defendant Lai.

55.

As a direct and proximate result, in whole or in part, of the negligence and wrongful conduct of Defendant Ruff Leasing, Plaintiff Miller was caused to suffer and will in the future suffer personal injury, pain, suffering, and discomfort as well as lost wages, both past and future, and incurred medical expenses, both past and future.

56.

In the future, Plaintiff Miller will suffer pain, suffering, and discomfort, along with additional and significant medical expenses, and further lost wages, all of which are the direct and proximate result of the negligence and wrongful conduct of Defendant Ruff Leasing.

57.

The negligence of Defendant Ruff Leasing and its agent is a failure to exercise the standard of care imposed by statute and is negligence *per se*, that is, negligence as a matter of law, as well as negligence as a matter of fact.

58.

As a direct and proximate result of the negligence and wrongful conduct of Defendant Ruff Leasing and/or as a result of Ruff Leasing's liability for the acts and omissions of Defendant Lai, Plaintiff Miller is entitled to an award of special damages for lost wages, both past and future, medical expenses, both past and future, in an amount to be shown at trial; general damages in an amount to be determined by a jury of Plaintiffs' peers, all against Defendant Ruff Leasing.

## COUNT TWO
### Plaintiff Miller's Negligence and Negligence Per Claims Against Lai

59.

Plaintiffs repeat, reallege, and incorporate by reference, the allegations of the preceding paragraphs of this Complaint as if repeated herein.

60.

Defendant Lai is liable for her tortious acts and omissions in causing the collision described above.

61.

The collision described above was caused by the negligence of Lai.

62.

The damages resulting from the collision described above were cause by the

negligence of Lai.

63.

As a direct and proximate result, in whole or in part, of the negligence and wrongful conduct of Lai, Plaintiff Miller was caused to suffer, and will in the future suffer, personal injury, pain, suffering, and discomfort as well as lost wages, both past and future, and incurred medical expenses, both past and future.

64.

In the future, Plaintiff Miller will suffer pain, suffering, and discomfort, along with additional and significant medical expenses, and further lost wages, all of which are the direct and proximate result of the negligence and wrongful conduct of Lai.

65.

The negligence of Lai is a failure to exercise the standard of care imposed by statute and is negligence *per se*, that is, negligence as a matter of law, as well as negligence as a matter of fact.

66.

Lai's conduct was negligent per se by violating, without limitation, the following laws:

a.  O.C.G.A. § 40-6-140;

b.  O.C.G.A. § 40-6-140(g);

c.  O.C.G.A. § 40-6-72;

d.  O.C.G.A. § 40-6-140;

e.  O.C.G.A. § 40-6-141;

f.   49 C.F.R. § 392.11;

g.   49 C.F.R. § 392.12;

h.   49 C.F.R. § 392.2;

i.   49 C.F.R. § 392.11 and 49 C.F.R. § 392.2 as incorporated at Rule 4-1-392, Part 392 (1-392) of the Georgia Department of Public Safety Rulebook.

67.

As a direct and proximate result of the negligence and wrongful conduct of Lai, Plaintiff Miller is entitled to an award of special damages for lost wages, both past and future, medical expenses, both past and future, in an amount to be shown at trial; general damages in an amount to be determined by a jury of Plaintiff Miller's peers, all against Defendant Lai.

## COUNT THREE
## Plaintiff Zakiyyah Miller's Claims Against Defendants Ruff Leasing and Lai

68.

Plaintiff Miller and Plaintiff Zakiyyah Miller repeat, reallege, and incorporate by reference, the allegations of the preceding paragraphs of this Complaint as if repeated herein.

69.

At all relevant times, including the date of the collision and all times since, Plaintiff Zakiyyah Miller was and is the lawfully wedded wife of Plaintiff Miller.

70.

As a direct and proximate result of the Defendants' negligence, Plaintiff Miller suffered severe bodily injury, emotional distress, loss of wages and medical expenses,

both past and future. As a direct and proximate result of the Defendants' negligence, Plaintiff Zakiyyah Miller has suffered, and will continue to suffer, a compensable loss of the consortium, domestic and conjugal services, society and companionship of her husband. Plaintiff Zakiyyah Miller has been deprived of her right to consortium and the services and affections previously provided by her husband.

71.

As a direct and proximate result of Defendants Ruff Leasing and Lai, and by nature of the liability and obligations of Defendant Ruff Leasing, Plaintiff Zakiyyah Miller is entitled to an award of general damages for loss of consortium in an amount to be determined by a jury of Plaintiffs' peers.

WHEREFORE, Plaintiffs pray FOR A TRIAL BY JURY, that summons issue, that judgment be entered in favor of them and against the Defendants, and each of them, jointly and severally, and that the following relief be granted:

a. Under Count One, that Plaintiff Miller be awarded special damages in the amount proved at trial, and that he be awarded general damages, all in an amount to be determined by a jury of Plaintiffs' peers;

b. Under Count Two, that Plaintiff Miller be awarded special damages in the amount proved at trial, and that he be awarded general damages, all in an amount to be determined by a jury of Plaintiffs' peers;

c. Under Count Three, that Plaintiff Zakiyyah Miller be awarded general damages in an amount to be determined by a jury of Plaintiffs' peers;

d. That the cost of this action be cast upon Defendants; and

e.  That Plaintiffs be awarded such other and further relief as the Court deems just

and proper.

This 10th day of June, 2022.

Respectfully submitted,

WARSHAUER LAW GROUP, P.C.


By:  _/s/Trent Shuping_____
Michael J. Warshauer
Georgia Bar No. 018720
Trent Shuping
Georgia Bar No. 159083

2740 Bert Adams Road
Atlanta, GA 30339
Phone: 404-892-4900
Facsimile: 404-892-1020
mjw@warlawgroup.com
tss@warlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served a copy of the *Complaint for Damages*

to all Defendants by a person authorized to make service by the laws of the state in which

service is made, as follows:

Defendant Ruff Leasing LLC
c/o Spirit Asset Protection, LLC
*(The Georgia Process Agent for Ruff Leasing's Blanket Company, SKB Trucking Permits & Logistics, Inc.)*
300 Colonial Center Parkway #100
Roswell, GA 30076

or

Defendant Ruff Leasing LLC
1941 S 57th Street
Philadelphia, PA 19143

or

Defendant Ruff Leasing LLC
c/o Georgia Secretary of State
Attn: Corporations Division
2 Martin Luther King Jr. Dr.
Suite 313, West Tower
Atlanta, GA 30334-1530

Defendant Mei Lien Lai
2843 Stevens Street
Philadelphia, PA 19149

or

Defendant Mei Lien Lai
c/o Georgia Secretary of State
Attn: Corporations Division
2 Martin Luther King Jr. Dr.
Suite 313, West Tower
Atlanta, GA 30334-1530

This 10th day of June, 2022.

By: _/s/Trent Shuping_____
Trent Shuping
Georgia Bar No. 159083

Trent Shuping, Esquire (Atty ID#: 159083)
2740 Bert Adams Road
Atlanta, GA 30339
(404) 892-4900

**ID# E-BY3RDWDE-VYS**
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1902**

**JUL 13, 2022 12:18 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**State of Gerogia**
**In the In the State Court**
**Cobb County**

**Horace Miller and Zakiyyah Miller**

v.

**Ruff Leasing, LLC, et al**

Case No.:**22-A-1902**

_____ /

## AFFIDAVIT OF PERSONAL SERVICE

I, **Thomas J. Crean, Jr.,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

PARTY SERVED:  **Mei Lien Lai**

DOCUMENTS SERVED:  **Summons; Complaint; Case Information Sheet; First Interrogatories; First Request for Production; Certificate of Service**

DATE & TIME OF SERVICE:  **6/21/2022  7:14 PM**

PHYSICAL DESCRIPTION:  **Age: 43**  **Weight: 135**  **Hair: Brown**
**Sex: Female**  **Height: 5'5"**  **Race: Asian**

SERVED ADDRESS:  **2843 Stevens Street**
**Philadelphia, PA 19149**

By delivering a true copy to Mei Lien Lai and informing him/her of the contents.

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

Subscribed and sworn before me, a Notary
Public, this 22nd day of June, 2022

*Regina A. Richman*

_____
Regina A. Richman, Notary Public
Falls Twp., Bucks County
My Commission expires on: 12/12/2025



GPS: 40.0288589

*Thomas J. Crean*

_____
Thomas J. Crean, Jr.
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393

Order #:P198726

SECOND

ID# E-2TNPGSEM-C2J
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-1902

AUG 18, 2022 10:24 AM

*Robin C Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

SHERIFF'S ENTRY OF SERVICE                    SC-85-2

Civil Action No.  22A1902    *22MR00776*

Date Filed  06-10-2022

Georgia,  Fulton  COUNTY

Superior Court ☐   Magistrate Court ☐
State Court ☒   Probate Court ☐
Juvenile Court ☐

Horace Miller and Zakiyyah Miller

Attorney's Address

2740 Bert Adams Road
Atlanta, GA 30339

COST PAID

JUL 25 2022

Fulton County Marshal's Dept.
Receipt # FMD-0855
$30.00   By:

Name and Address of Party to be Served:

Ruff Leasing LLC

c/o Spirit Asset Protection, LLC, Registered Agent

300 Colonial Center Pkwy, #100, Roswell, GA 30076

Plaintiff

VS.

Ruff Leasing LLC and Mei L. Lai

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about_____years; weight_____pounds; height, about_____feet and_____inches, domiciled at the residence of
defendant.

**CORPORATION**

✗ Served the defendant  RUFF  LEASING  LLC  _____a corporation
by leaving a copy of the within action and summons with  Ashley  NAVORRO  _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) b  posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this Court.

This  28  day of  Jul  , 20  22

*PBn*  416

DEPUTY

SHERIFF DOCKET_____ PAGE_____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT



ID# EFPXG2QL3G-5MD
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-1902

AUG 25, 2022 02:05 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

HORACE MILLER and ZAKIYYAH MILLER,           )
                                             )
                                             )
    Plaintiffs,                  )       Civil Action File No.: 22-A-1902
                                             )
v.                                           )
                                             )
RUFF LEASING LLC AND MEI LIEN LAI,           )
                                             )
                                             )
    Defendants.                  )

### <u>ANSWER OF DEFENDANT MEI LIEN LAI</u>

COMES NOW defendant Mei Lien Lai ("Lai"), after having paid costs pursuant to

O.C.G.A. § 9-11-55(a), and answers plaintiffs' complaint, respectfully showing the Court as

follows.

### <u>First Defense</u>

Plaintiffs' complaint fails to state a claim against Lai on which relief can be granted.

### <u>Second Defense</u>

Lai responds to the individually numbered paragraphs of plaintiffs' complaint as follows:

1.

Lai denies the allegations contained in paragraph 1 of plaintiffs' complaint.

2.

Lai denies the allegations contained in paragraph 2 of plaintiffs' complaint.

3.

Lai denies the allegations contained in paragraph 3 of plaintiffs' complaint.

4.



Lai denies the allegations contained in paragraph 4 of plaintiffs' complaint.

5.

Lai denies the allegations contained in paragraph 5 of plaintiffs' complaint.

6.

Answering paragraph 6 of plaintiffs' complaint, Lai admits that venue may be proper in this Court as to Ruff Leasing but denies that Ruff Leasing has been properly served with process.

7.

Lai admits the allegations contained in paragraph 7 of plaintiffs' complaint.

8.

Lai admits the allegations contained in paragraph 8 of plaintiffs' complaint.

9.

Lai admits the allegations contained in paragraph 9 of plaintiffs' complaint.

10.

Lai admits the allegations contained in paragraph 10 of plaintiffs' complaint.

11.

Lai admits the allegations contained in paragraph 11 of plaintiffs' complaint.

12.

The allegations of paragraph 12 of plaintiffs' complaint are neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments therein contained

13.

Lai admits the allegations contained in paragraph 13 of plaintiffs' complaint.

14.

- 2 -

Lai denies the allegations contained in paragraph 14 of plaintiffs' complaint.

15.

Lai denies the allegations contained in paragraph 15 of plaintiffs' complaint.

16.

Lai admits the allegations contained in paragraph 16 of plaintiffs' complaint.

17.

Lai admits the allegations contained in paragraph 17 of plaintiffs' complaint.

18.

Lai denies the allegations contained in paragraph 18 of plaintiffs' complaint.

19.

Lai denies the allegations contained in paragraph 19 of plaintiffs' complaint.

20.

Lai denies the allegations contained in paragraph 20 of plaintiffs' complaint.

21.

Lai denies the allegations contained in paragraph 21 of plaintiffs' complaint.

22.

Lai denies the allegations contained in paragraph 22 of plaintiffs' complaint.

23.

Lai admits the allegations contained in paragraph 23 of plaintiffs' complaint.

24.

Lai denies the allegations contained in paragraph 24 of plaintiffs' complaint.

25.

Lai admits the allegations contained in paragraph 25 of plaintiffs' complaint.

26.

Lai denies the allegations contained in paragraph 26 of plaintiffs' complaint.

27.

Lai admits the allegations contained in paragraph 27 of plaintiffs' complaint.

28.

Lai denies the allegations contained in paragraph 28 of plaintiffs' complaint.

29.

Answering paragraph 29 of plaintiffs' complaint, Lai admits that the trailer she was towing became stuck at the railroad crossing, but specifically denies that she was negligent.

30.

Answering paragraph 30 of plaintiffs' complaint, Lai admits that the trailer she was towing became stuck at the railroad crossing, but specifically denies that she was negligent.

31.

Answering paragraph 31 of plaintiffs' complaint, Lai admits that the trailer she was towing became stuck at the railroad crossing, but specifically denies that she was negligent.

32.

Lai admits the allegations contained in paragraph 32 of plaintiffs' complaint.

33.

Lai denies the allegations contained in paragraph 33.

34.

Lai denies the allegations contained in paragraph 34 of plaintiffs' complaint.

35.

Upon information and belief, Lai admits the allegations contained in paragraph 35 of

plaintiffs' complaint.

36.

The allegations of paragraph 36 of plaintiffs' complaint are neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments therein contained

37.

The allegations of paragraph 37 of plaintiffs' complaint are neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments therein contained.

38.

Lai denies the allegations contained in paragraph 38 of plaintiffs' complaint.

39.

Lai denies the allegations contained in paragraph 39 of plaintiffs' complaint.

40.

Lai admits the allegations contained in paragraph 40 of plaintiffs' complaint.

41.

Lai admits the allegations contained in paragraph 41 of plaintiffs' complaint.

42.

Lai denies the allegations contained in paragraph 42 of plaintiffs' complaint.

43.

Lai denies the allegations contained in paragraph 43 of plaintiffs' complaint.

44.

Lai denies the allegations contained in paragraph 44 of plaintiffs' complaint.

45.

Lai denies the allegations contained in paragraph 45 of plaintiffs' complaint.

46.

Lai denies the allegations contained in paragraph 46 of plaintiffs' complaint.

47.

Lai denies the allegations contained in paragraph 47 of plaintiffs' complaint.

## COUNT ONE

### Plaintiff Miller's Respondeat Superior, Negligence and Negligence Per Se Claims against Ruff Leasing

48.

Lai adopts and incorporates her answers to paragraphs 1-47 of plaintiffs' complaint as if fully set forth herein.

49.

Lai denies the allegations contained in paragraph 49 of plaintiffs' complaint.

50.

Lai denies the allegations contained in paragraph 50 of plaintiffs' complaint.

51.

Lai denies the allegations contained in paragraph 51 of plaintiffs' complaint.

52.

Lai denies the allegations contained in paragraph 52 of plaintiffs' complaint.

53.

Lai denies the allegations contained in paragraph 53 of plaintiffs' complaint.

54.

Lai denies the allegations contained in paragraph 54 of plaintiffs' complaint.

55.

Lai denies the allegations contained in paragraph 55 of plaintiffs' complaint.

56.

Lai denies the allegations contained in paragraph 56 of plaintiffs' complaint.

57.

Lai denies the allegations contained in paragraph 57 of plaintiffs' complaint.

58.

Lai denies the allegations contained in paragraph 58 of plaintiffs' complaint.

## COUNT TWO

### Plaintiff Miller's Negligence and Negligence Per Se Claims against Lai

59.

Lai adopts and incorporates her answers to paragraphs 1-58 of plaintiffs' complaint as if fully set forth herein.

60.

Lai denies the allegations contained in paragraph 60 of plaintiffs' complaint.

61.

Lai denies the allegations contained in paragraph 61 of plaintiffs' complaint.

62.

Lai denies the allegations contained in paragraph 62 of plaintiffs' complaint.

63.

Lai denies the allegations contained in paragraph 63 of plaintiffs' complaint.

64.

Lai denies the allegations contained in paragraph 64 of plaintiffs' complaint.

65.

Lai denies the allegations contained in paragraph 65 of plaintiffs' complaint.

66.

Lai denies the allegations contained in paragraph 66 of plaintiffs' complaint.

67.

Lai denies the allegations contained in paragraph 67 of plaintiffs' complaint.

## **COUNT THREE**

### **Plaintiff Zakiyyah Miller's Claims against Defendants Ruff Leasing and Lai**

68.

Lai adopts and incorporates her answers to paragraphs 1-67 of plaintiffs' complaint as if fully set forth herein.

69.

Lai neither admits nor denies the allegations contained in paragraph 69 of plaintiffs' complaint for lack of information sufficient to evaluate the averments contained therein.

70.

Lai denies the allegations contained in paragraph 70 of plaintiffs' complaint.

71.

Lai denies the allegations contained in paragraph 71 of plaintiffs' complaint.

72.

Lai denies that plaintiffs are entitled to any of the relief set forth in their prayer for relief.

All other allegations, contentions, claims, and prayers for relief set forth in plaintiffs' complaint not heretofore expressly admitted are specifically denied.

WHEREFORE having fully responded to plaintiffs' complaint, defendant Mai Lien Lei prays that she be dismissed with all costs cast upon plaintiffs.

This the 25th day of August, 2022.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Lauren P. Kamensky*

_____

Calvin P. Yaeger
Georgia Bar No. 797952
Lauren P. Kamensky
Georgia Bar No. 937929
*Attorney for Defendant*

1355 Peachtree Street, NE.
The Peachtree, Suite 300
Atlanta, GA  30309-3231
Calvin.yaeger@swiftcurrie.com
Lauren.kamensky@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that she has filed the foregoing Answer with the

Clerk of Court using the PeachCourt e-file and serve system which will send email notification

of said filing to the following attorneys of record:

Trent Shuping
Warshauer Law Group, P.C.
2740 Bert Adams Road
Atlanta, GA 30339
tss@warlawgroup.com
*Attorney for the Plaintiff*

This the 25th  Day of August, 2022.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Lauren P. Kamensky*

_____
Calvin P. Yaeger
Georgia Bar No. 797952
Lauren P. Kamensky
Georgia Bar No. 937929
*Attorneys for Defendant*

1355 Peachtree Street, NE, Suite 300
Atlanta, GA  30309
404-874-8800
404-888-6199 (fax)
Calvin.yaeger@swiftcurrie.com
Lauren.kamensky@swiftcurrie.com

4866-2634-2191, v. 1

ID# EFB2Z5RRQU-VEU
⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1902**

SEP 16, 2022 02:13 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| HORACE MILLER and ZAKIYYAH MILLER, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action File No.: 22-A-1902 |
| v. | ) ) | |
| RUFF LEASING LLC AND MEI LIEN LAI, | ) ) ) | |
| Defendants. | ) | |

## <u>ANSWER OF DEFENDANT RUFF LEASING, LLC</u>

COMES NOW defendant Ruff Leasing, LLC ("Ruff"), and answers plaintiffs' complaint, respectfully showing the Court as follows.

### <u>First Defense</u>

Plaintiffs' complaint fails to state a claim against Ruff on which relief can be granted.

### <u>Second Defense</u>

Ruff responds to the individually numbered paragraphs of plaintiffs' complaint as follows:

1.

Ruff admits the allegations contained in paragraph 1 of plaintiffs' complaint.

2.

Ruff admits the allegations contained in paragraph 2 of plaintiffs' complaint.

3.

Ruff admits the allegations contained in paragraph 3 of plaintiffs' complaint.

4.



Ruff admits the allegations contained in paragraph 4 of plaintiffs' complaint.

5.

Ruff admits the allegations contained in paragraph 5 of plaintiffs' complaint.

6.

Ruff admits the allegations contained in paragraph 6 of plaintiffs' complaint.

7.

Ruff admits the allegations contained in paragraph 7 of plaintiffs' complaint.

8.

Ruff admits the allegations contained in paragraph 8 of plaintiffs' complaint.

9.

Ruff admits the allegations contained in paragraph 9 of plaintiffs' complaint.

10.

Ruff admits the allegations contained in paragraph 10 of plaintiffs' complaint.

11.

Ruff admits the allegations contained in paragraph 11 of plaintiffs' complaint.

12.

The allegations of paragraph 12 of plaintiffs' complaint are neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments therein contained

13.

Ruff admits the allegations contained in paragraph 13 of plaintiffs' complaint.

14.

Ruff denies the allegations contained in paragraph 14 of plaintiffs' complaint.

15.

Ruff denies the allegations contained in paragraph 15 of plaintiffs' complaint.

16.

Ruff admits the allegations contained in paragraph 16 of plaintiffs' complaint.

17.

Ruff admits the allegations contained in paragraph 17 of plaintiffs' complaint.

18.

Ruff denies the allegations contained in paragraph 18 of plaintiffs' complaint.

19.

Ruff admits the allegations contained in paragraph 19 of plaintiffs' complaint.

20.

Ruff denies the allegations contained in paragraph 20 of plaintiffs' complaint.

21.

Ruff denies the allegations contained in paragraph 21 of plaintiffs' complaint.

22.

Answering paragraph 22 of plaintiffs' complaint, Ruff admits that at the time of the
accident that forms the basis of plaintiffs' complaint, it was registered with the Department of
Transportation as an interstate motor carrier and was transporting goods for compensation.

23.

Ruff admits the allegations contained in paragraph 23 of plaintiffs' complaint.

24.

Answering paragraph 24 of plaintiffs' complaint, Ruff admits that it owed a general duty
to the public for the safe operation of motor vehicles but denied that it breached any such duty to

plaintiff.

25.

Ruff admits the allegations contained in paragraph 25 of plaintiffs' complaint.

26.

Ruff denies the allegations contained in paragraph 26 of plaintiffs' complaint.

27.

Ruff admits the allegations contained in paragraph 27 of plaintiffs' complaint.

28.

Ruff denies the allegations contained in paragraph 28 of plaintiffs' complaint.

29.

Answering paragraph 29 of plaintiffs' complaint, Ruff admits that the trailer Lai was towing became stuck at the railroad crossing, but specifically denies that Lai or Ruff were negligent.

30.

Answering paragraph 30 of plaintiffs' complaint, Ruff admits that the trailer Lai was towing became stuck at the railroad crossing, but specifically denies that Lai or Ruff were negligent.

31.

Answering paragraph 31 of plaintiffs' complaint, Ruff admits that the trailer she was towing became stuck at the railroad crossing, but specifically denies that Lai or Ruff were negligent.

32.

Ruff admits the allegations contained in paragraph 32 of plaintiffs' complaint.

- 4 -

33.

Ruff admits the allegations contained in paragraph 33.

34.

Ruff denies the allegations contained in paragraph 34 of plaintiffs' complaint.

35.

Upon information and belief, Ruff admits the allegations contained in paragraph 35 of plaintiffs' complaint.

36.

The allegations of paragraph 36 of plaintiffs' complaint are neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments therein contained

37.

The allegations of paragraph 37 of plaintiffs' complaint are neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments therein contained.

38.

Ruff denies the allegations contained in paragraph 38 of plaintiffs' complaint.

39.

Ruff denies the allegations contained in paragraph 39 of plaintiffs' complaint.

40.

Ruff admits the allegations contained in paragraph 40 of plaintiffs' complaint.

41.

Ruff admits the allegations contained in paragraph 41 of plaintiffs' complaint.

42.

Ruff denies the allegations contained in paragraph 42 of plaintiffs' complaint.

43.

Ruff denies the allegations contained in paragraph 43 of plaintiffs' complaint.

44.

Ruff denies the allegations contained in paragraph 44 of plaintiffs' complaint.

45.

Ruff denies the allegations contained in paragraph 45 of plaintiffs' complaint.

46.

Ruff denies the allegations contained in paragraph 46 of plaintiffs' complaint.

47.

Ruff denies the allegations contained in paragraph 47 of plaintiffs' complaint.

## **COUNT ONE**

### **Plaintiff Miller's Respondeat Superior, Negligence and Negligence Per Se Claims against Ruff Leasing**

48.

Ruff adopts and incorporates its answers to paragraphs 1-47 of plaintiffs' complaint as if fully set forth herein.

49.

Ruff denies the allegations contained in paragraph 49 of plaintiffs' complaint.

50.

Ruff denies the allegations contained in paragraph 50 of plaintiffs' complaint.

51.

Ruff denies the allegations contained in paragraph 51 of plaintiffs' complaint.

52.

Ruff denies the allegations contained in paragraph 52 of plaintiffs' complaint.

53.

Ruff denies the allegations contained in paragraph 53 of plaintiffs' complaint.

54.

Ruff denies the allegations contained in paragraph 54 of plaintiffs' complaint.

55.

Ruff denies the allegations contained in paragraph 55 of plaintiffs' complaint.

56.

Ruff denies the allegations contained in paragraph 56 of plaintiffs' complaint.

57.

Ruff denies the allegations contained in paragraph 57 of plaintiffs' complaint.

58.

Ruff denies the allegations contained in paragraph 58 of plaintiffs' complaint.

## **COUNT TWO**

### **Plaintiff Miller's Negligence and Negligence Per Se Claims against Lai**

59.

Ruff adopts and incorporates its answers to paragraphs 1-58 of plaintiffs' complaint as if fully set forth herein.

60.

Ruff denies the allegations contained in paragraph 60 of plaintiffs' complaint.

61.

Ruff denies the allegations contained in paragraph 61 of plaintiffs' complaint.

62.

Ruff denies the allegations contained in paragraph 62 of plaintiffs' complaint.

63.

Ruff denies the allegations contained in paragraph 63 of plaintiffs' complaint.

64.

Ruff denies the allegations contained in paragraph 64 of plaintiffs' complaint.

65.

Ruff denies the allegations contained in paragraph 65 of plaintiffs' complaint.

66.

Ruff denies the allegations contained in paragraph 66 of plaintiffs' complaint.

67.

Ruff denies the allegations contained in paragraph 67 of plaintiffs' complaint.

## **COUNT THREE**

### **Plaintiff Zakiyyah Miller's Claims against Defendants Ruff Leasing and Lai**

68.

Ruff adopts and incorporates its answers to paragraphs 1-67 of plaintiffs' complaint as if fully set forth herein.

69.

Ruff neither admits nor denies the allegations contained in paragraph 69 of plaintiffs' complaint for lack of information sufficient to evaluate the averments contained therein.

70.

Ruff denies the allegations contained in paragraph 70 of plaintiffs' complaint.

71.

Ruff denies the allegations contained in paragraph 71 of plaintiffs' complaint.

72.

Ruff denies that plaintiffs are entitled to any of the relief set forth in their prayer for relief.

All other allegations, contentions, claims, and prayers for relief set forth in plaintiffs' complaint not heretofore expressly admitted are specifically denied.

WHEREFORE having fully responded to plaintiffs' complaint, defendant Ruff Leasing, LLC prays that it be dismissed with all costs cast upon plaintiffs.

This the 16th day of September, 2022.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Lauren P. Kamensky*

_____
Calvin P. Yaeger
Georgia Bar No. 797952
Lauren P. Kamensky
Georgia Bar No. 937929
*Attorney for Defendant*

1355 Peachtree Street, NE.
The Peachtree, Suite 300
Atlanta, GA  30309-3231
Calvin.yaeger@swiftcurrie.com
Lauren.kamensky@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that she has filed the foregoing Answer with the

Clerk of Court using the PeachCourt e-file and serve system which will send email notification

of said filing to the following attorneys of record:

Trent Shuping
Warshauer Law Group, P.C.
2740 Bert Adams Road
Atlanta, GA 30339
tss@warlawgroup.com
*Attorney for the Plaintiff*

This the 16th  Day of September, 2022.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Lauren P. Kamensky*

_____
Calvin P. Yaeger
Georgia Bar No. 797952
Lauren P. Kamensky
Georgia Bar No. 937929
*Attorneys for Defendant*

1355 Peachtree Street, NE, Suite 300
Atlanta, GA  30309
404-874-8800
404-888-6199 (fax)
Calvin.yaeger@swiftcurrie.com
Lauren.kamensky@swiftcurrie.com

4895-2190-4947, v. 1

ID# EFB2Z5RRQU-GAA
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1902**

**SEP 16, 2022 02:13 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| HORACE MILLER and ZAKIYYAH MILLER, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action File No.: 22-A-1902 |
| v. | ) ) | |
| RUFF LEASING LLC AND MEI LIEN LAI, | ) ) ) | |
| Defendants. | ) | |

### FIRST AMENDED ANSWER OF DEFENDANT MEI LIEN LAI

COMES NOW defendant Mei Lien Lai ("Lai"), and files her first amended answer to

plaintiffs' complaint, respectfully showing the Court as follows.

### First Defense

Plaintiffs' complaint fails to state a claim against Lai on which relief can be granted.

### Second Defense

Lai responds to the individually numbered paragraphs of plaintiffs' complaint as follows:

#### 1.

Lai admits the allegations contained in paragraph 1 of plaintiffs' complaint.

#### 2.

Lai admits the allegations contained in paragraph 2 of plaintiffs' complaint.

#### 3.

Lai admits the allegations contained in paragraph 3 of plaintiffs' complaint.

#### 4.

Lai admits the allegations contained in paragraph 4 of plaintiffs' complaint.



5.

Lai admits the allegations contained in paragraph 5 of plaintiffs' complaint.

6.

Lai admits the allegations contained in paragraph 6 of plaintiffs' complaint.

7.

Lai admits the allegations contained in paragraph 7 of plaintiffs' complaint.

8.

Lai admits the allegations contained in paragraph 8 of plaintiffs' complaint.

9.

Lai admits the allegations contained in paragraph 9 of plaintiffs' complaint.

10.

Lai admits the allegations contained in paragraph 10 of plaintiffs' complaint.

11.

Lai admits the allegations contained in paragraph 11 of plaintiffs' complaint.

12.

The allegations of paragraph 12 of plaintiffs' complaint are neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments therein contained

13.

Lai admits the allegations contained in paragraph 13 of plaintiffs' complaint.

14.

Lai denies the allegations contained in paragraph 14 of plaintiffs' complaint.

15.

Lai denies the allegations contained in paragraph 15 of plaintiffs' complaint.

16.

Lai admits the allegations contained in paragraph 16 of plaintiffs' complaint.

17.

Lai admits the allegations contained in paragraph 17 of plaintiffs' complaint.

18.

Lai denies the allegations contained in paragraph 18 of plaintiffs' complaint.

19.

Lai admits the allegations contained in paragraph 19 of plaintiffs' complaint.

20.

Lai denies the allegations contained in paragraph 20 of plaintiffs' complaint.

21.

Lai denies the allegations contained in paragraph 21 of plaintiffs' complaint.

22.

Answering paragraph 22 of plaintiffs' complaint, Lai admits that at the time of the accident that forms the basis of plaintiffs' complaint, Ruff Leasing, LLC was registered with the Department of Transportation as an interstate motor carrier and was transporting goods for compensation.

23.

Lai admits the allegations contained in paragraph 23 of plaintiffs' complaint.

24.

Answering paragraph 24 of plaintiffs' complaint, Lai admits that Ruff Leasing, LLC owed a general duty to the public for the safe operation of motor vehicles but denied that it

breached any such duty to plaintiff.

25.

Lai admits the allegations contained in paragraph 25 of plaintiffs' complaint.

26.

Lai denies the allegations contained in paragraph 26 of plaintiffs' complaint.

27.

Lai admits the allegations contained in paragraph 27 of plaintiffs' complaint.

28.

Lai denies the allegations contained in paragraph 28 of plaintiffs' complaint.

29.

Answering paragraph 29 of plaintiffs' complaint, Lai admits that the trailer she was towing became stuck at the railroad crossing, but specifically denies that she was negligent.

30.

Answering paragraph 30 of plaintiffs' complaint, Lai admits that the trailer she was towing became stuck at the railroad crossing, but specifically denies that she was negligent.

31.

Answering paragraph 31 of plaintiffs' complaint, Lai admits that the trailer she was towing became stuck at the railroad crossing, but specifically denies that she was negligent.

32.

Lai admits the allegations contained in paragraph 32 of plaintiffs' complaint.

33.

Lai denies the allegations contained in paragraph 33.

34.

Lai denies the allegations contained in paragraph 34 of plaintiffs' complaint.

35.

Upon information and belief, Lai admits the allegations contained in paragraph 35 of plaintiffs' complaint.

36.

The allegations of paragraph 36 of plaintiffs' complaint are neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments therein contained

37.

The allegations of paragraph 37 of plaintiffs' complaint are neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the averments therein contained.

38.

Lai denies the allegations contained in paragraph 38 of plaintiffs' complaint.

39.

Lai denies the allegations contained in paragraph 39 of plaintiffs' complaint.

40.

Lai admits the allegations contained in paragraph 40 of plaintiffs' complaint.

41.

Lai admits the allegations contained in paragraph 41 of plaintiffs' complaint.

42.

Lai denies the allegations contained in paragraph 42 of plaintiffs' complaint.

43.

Lai denies the allegations contained in paragraph 43 of plaintiffs' complaint.

44.

Lai denies the allegations contained in paragraph 44 of plaintiffs' complaint.

45.

Lai denies the allegations contained in paragraph 45 of plaintiffs' complaint.

46.

Lai denies the allegations contained in paragraph 46 of plaintiffs' complaint.

47.

Lai denies the allegations contained in paragraph 47 of plaintiffs' complaint.

## **COUNT ONE**

## **Plaintiff Miller's Respondeat Superior, Negligence and Negligence Per Se Claims against Ruff Leasing**

48.

Lai adopts and incorporates her answers to paragraphs 1-47 of plaintiffs' complaint as if fully set forth herein.

49.

Lai denies the allegations contained in paragraph 49 of plaintiffs' complaint.

50.

Lai denies the allegations contained in paragraph 50 of plaintiffs' complaint.

51.

Lai denies the allegations contained in paragraph 51 of plaintiffs' complaint.

52.

Lai denies the allegations contained in paragraph 52 of plaintiffs' complaint.

53.

Lai denies the allegations contained in paragraph 53 of plaintiffs' complaint.

54.

Lai denies the allegations contained in paragraph 54 of plaintiffs' complaint.

55.

Lai denies the allegations contained in paragraph 55 of plaintiffs' complaint.

56.

Lai denies the allegations contained in paragraph 56 of plaintiffs' complaint.

57.

Lai denies the allegations contained in paragraph 57 of plaintiffs' complaint.

58.

Lai denies the allegations contained in paragraph 58 of plaintiffs' complaint.

## **COUNT TWO**

### **Plaintiff Miller's Negligence and Negligence Per Se Claims against Lai**

59.

Lai adopts and incorporates her answers to paragraphs 1-58 of plaintiffs' complaint as if fully set forth herein.

60.

Lai denies the allegations contained in paragraph 60 of plaintiffs' complaint.

61.

Lai denies the allegations contained in paragraph 61 of plaintiffs' complaint.

62.

Lai denies the allegations contained in paragraph 62 of plaintiffs' complaint.

63.

Lai denies the allegations contained in paragraph 63 of plaintiffs' complaint.

64.

Lai denies the allegations contained in paragraph 64 of plaintiffs' complaint.

65.

Lai denies the allegations contained in paragraph 65 of plaintiffs' complaint.

66.

Lai denies the allegations contained in paragraph 66 of plaintiffs' complaint.

67.

Lai denies the allegations contained in paragraph 67 of plaintiffs' complaint.

## **COUNT THREE**

### **Plaintiff Zakiyyah Miller's Claims against Defendants Ruff Leasing and Lai**

68.

Lai adopts and incorporates her answers to paragraphs 1-67 of plaintiffs' complaint as if fully set forth herein.

69.

Lai neither admits nor denies the allegations contained in paragraph 69 of plaintiffs' complaint for lack of information sufficient to evaluate the averments contained therein.

70.

Lai denies the allegations contained in paragraph 70 of plaintiffs' complaint.

71.

Lai denies the allegations contained in paragraph 71 of plaintiffs' complaint.

72.

Lai denies that plaintiffs are entitled to any of the relief set forth in their prayer for relief.

All other allegations, contentions, claims, and prayers for relief set forth in plaintiffs' complaint not heretofore expressly admitted are specifically denied.

WHEREFORE having fully responded to plaintiffs' complaint, defendant Mai Lien Lei prays that she be dismissed with all costs cast upon plaintiffs.

This the 16th day of September, 2022.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

***/s/ Lauren P. Kamensky***

_____

Calvin P. Yaeger
Georgia Bar No. 797952
Lauren P. Kamensky
Georgia Bar No. 937929
*Attorney for Defendant*

1355 Peachtree Street, NE.
The Peachtree, Suite 300
Atlanta, GA  30309-3231
Calvin.yaeger@swiftcurrie.com
Lauren.kamensky@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that she has filed the foregoing Answer with the

Clerk of Court using the PeachCourt e-file and serve system which will send email notification

of said filing to the following attorneys of record:

Trent Shuping
Warshauer Law Group, P.C.
2740 Bert Adams Road
Atlanta, GA 30339
tss@warlawgroup.com
*Attorney for the Plaintiff*

This the 16th Day of September, 2022.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Lauren P. Kamensky*

_____
Calvin P. Yaeger
Georgia Bar No. 797952
Lauren P. Kamensky
Georgia Bar No. 937929
*Attorneys for Defendant*

1355 Peachtree Street, NE, Suite 300
Atlanta, GA  30309
404-874-8800
404-888-6199 (fax)
Calvin.yaeger@swiftcurrie.com
Lauren.kamensky@swiftcurrie.com

4883-1709-1635, v. 1