## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

MIRIAM QUIROZ MORALES,

            Plaintiff,

v.

INDERJIT SINGH KHANGURA, SPEED
INTERMODEL, and WESCO INSURANCE
COMPANY,

           Defendants.

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION TO SPEED INTERMODEL

COMES NOW Plaintiff in the above-styled action, and requests, pursuant to O.C.G.A. § 9-11-36, that Defendant admit under oath the truth of the facts hereinafter set forth, within forty-five (45) days after service of this discovery request upon said Defendant.

1.

This Defendant has been correctly named as a Defendant in the present action with respect to the legal description of Defendant's name.

2.

The State Court of Cobb County has personal jurisdiction over this Defendant.

3.

The State Court of Cobb County has subject matter jurisdiction over this action.

4.

The State Court of Cobb County is the court of proper venue in this action.

5.

This Defendant received process in this action, and such process and service of said

process is sufficient.

This 9th day of February 2023.

**ALI AWAD LAW, P.C.**

/s/ Jason N. Slate
JASON N. SLATE
Georgia Bar No. 846650
*Attorney for Plaintiff*

200 Peachtree St., NW, Ste. 201
Atlanta, GA 30303
Phone: (833) 254-2923
Direct: (770) 712-8655
Facsimile: (706) 528-5090
Jason@ceolawyer.com

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

MIRIAM QUIROZ MORALES,

                Plaintiff,

v.

INDERJIT SINGH KHANGURA, SPEED
INTERMODEL, and WESCO INSURANCE
COMPANY,

                Defendants.

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT SPEED INTERMODEL

TO:    Speed Intermodel
        c/o Manpreet Singh, registered agent
        3732 Farmington Road
        Stockton, CA 95215

COMES NOW, Plaintiff in the above-styled action, and hereby requires that the above-listed defendant, answer under oath and in writing the following interrogatories within the time provided by O.C.G.A. § 9-11-33, and that a copy of the answers are furnished to Plaintiff's attorney, Jason N. Slate at Ali Awad Law, P.C., 200 Peachtree Street NW, Suite 201, Atlanta, Georgia 30303.

### I.  INTRODUCTION AND DEFINITIONS

(A) Each Interrogatory seeks information available to the Defendant, its attorneys and agents, and all persons acting in their behalf. Accordingly, as used herein, the term "Defendant," "you,", "your," refer without limitation to the Defendant, the Defendant's attorneys or

investigators, insurers, agents and all other persons acting in the Defendant's behalf. Each of the Interrogatories shall be deemed to be continuing in the manner provided by law.

(B) As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term "identify" is used in conjunction with the term "person" or if the answer of any Interrogatory herein refers to a person (as defined herein), you are to state each such person's (1) full legal name, (2) present or last known address and telephone number, business or residential, and (3) occupation, job title, business affiliation and/or nature of business.

(C) When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item: (1) the date of the item, (2) the identity of the person who has custody or control of the item, and (3) the nature and substance of the item; all with sufficient particularity to enable it to be identified in a Request to Produce. Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive.

(D) If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to determine the identity of the document or oral communication and, as well, state the basis for any asserted claim of privilege.

(E) As used herein, "date" should mean the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

(F) If you object to part of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer that part, state your objection and answer the

remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer for that scope of time, state your objection in an answer for that Interrogatory for the scope and time period that you believe is appropriate.

(G) If any of the following Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the Interrogatory.

## II.  INTERROGATORIES

### 1.

Does any insurance agreement exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action? If so, describe in detail the contents and terms of all such policies (including any subordinate, umbrella or excess insuring agreement or agreements), the name(s) of all insurers, the limits of liability and the amount of deductible or retainage, if any.

### 2.

State the following: the date Defendant KHANGURA, was first employed by SPEED INTERMODEL, and the name, address, and job rating of the person who was Defendant KHANGURA's immediate superior on August 25, 2021, and if said supervisor no longer works for you, the date that his or her employment was terminated.

### 3.

State the following: whether Defendant KHANGURA had operated a Freightliner FRT Commercial Vehicle at any time prior to the time he was hired by Defendant SPEED INTERMODEL, and if so, how long, the name and address of each prior employer, the dates he

worked for each, the type of work he performed for each, the reason for the termination of his employment with each prior employer; the qualifications of Defendant KHANGURA to perform his work; whether Defendant SPEED INTERMODEL. requested and/or received a report, memorandum, or a letter from any prior employer of Defendant KHANGURA regarding his qualifications; if so, for each letter, report, or memorandum, state the name and address of the prior employer, the date of the instrument, the name, address and job rating of the person issuing such letter, report, or memorandum, the name, address and job rating of the person to whom the letter, report, or memorandum was sent; and the name, address and job title of the person who is the present custodian thereof.

4.

State the following: describe the specific duties that Defendant KHANGURA was to perform on August 25, 2021; what his normal working hours were for one month immediately preceding this above date; the name, address, and job title of the person who assigned the duties for him for the date; the specific work he was performing at the time of the collision, including where he was coming from, his load, and his destination.

5.

Did Defendant KHANGURA attend a training program at the request or direction of Defendant SPEED INTERMODEL or any other person or firm which prepared him as an operator of a Freightliner FRT Commercial Vehicle or other similar vehicles? If so, describe fully, including but not limited to, the name, address, and job title of the person in charge of the training program, and the dates during which Defendant KHANGURA participated in the training program.

6.

State the following: whether Defendant KHANGURA has been absent from his job at any time as a result of any mental, emotional, or drug-related disorder, and, if so, state the date of each such absence, the name of, or a description of, the disorder; whether Defendant KHANGURA had ever been reprimanded, suspended or dismissed from his job as a result of any infraction of rules or regulations at his place of employment, and if so, state the date, describe the rule or regulation violated, and the punishment imposed; whether Defendant KHANGURA has ever been involved in any vehicular incident before, either previous to or during his present employment, and if so, as to each incident, state the date and location of each, whether legal proceedings were commenced, the outcome of any such proceedings, the result of any settlement in the absence of legal proceedings, whether any traffic citations were issued against Defendant KHANGURA; whether Defendant KHANGURA has ever received a traffic citation, if so, state the date, location, and charge, along with the disposition of each charge either before a court of law or otherwise.

7.

Describe the tractor-trailer combination unit which was involved in the subject incident of August 25, 2021, giving its make, year of manufacture, date of purchase or lease, weight, length, and width, as to both tractor and trailer separately.

8.

Describe the markings on the truck or tractor-trailer unit consisting of legends or markings painted or otherwise inscribed thereon concerning ownership, operation, weight, and license or registrations, describing the location of each marking or legend upon the tractor-trailer unit.

9.

Do you know the identity of any person who was a witness to the occurrence? If any, state as to each and every witness, including parties, known to you or your agents or employees to have seen, heard, or known about the occurrence: the name and address of each, the location where each witness was at the time he heard or learned about the occurrence, the substance, as best you can give it, of all information or knowledge about the occurrence, the substance, as best you can give it, of all information or knowledge about the occurrence known, whether or not any such witness gave any statement or account, either oral or in writing, of his or her knowledge of the occurrence, and, if so, give the substance of the same.

10.

Describe in detail any and all conversations, sounds, utterances, speech or noises made by Plaintiff after the incident that is the subject of Plaintiff's complaint which were heard by any agent or employee of Defendant SPEED INTERMODEL or by any other person known to this Defendant.

11.

Describe in full detail how the incident which is the subject of this complaint happened, giving all the events in detail in the order in which they took place, before, at the time of, and after the incident, which had any bearing on the cause and manner of the happening of the same.

12.

Did any person other than Defendant KHANGURA or any agent or employee of Defendant SPEED INTERMODEL in any way cause or contribute to cause the happening of the incident which is the subject of Plaintiff's complaint? If your answer to the preceding interrogatory is in the

EXHIBIT B

affirmative, state: the full identity, including name, address and physical description of any such person, how and in what manner such person in any way caused or contributed to cause the same.

13.

State all facts on which you rely as tending to show any negligence or lack of care of any kind on the part of the Plaintiff.

14.

In regard to the load being transported at the time of the collision by Defendant KHANGURA, identify:

(a)     Where the load originated;

(b)     The contents thereof;

(c)     The weight of said load;

(d)     The final destination of the load;

(e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence or other writings pertaining to the transportation of said load.

15.

On or about the date of the alleged incident of Plaintiff, did Defendant SPEED INTERMODEL have any established procedure for the inspection of the vehicle or the type of vehicle that was involved in the collision? If your answer is in the affirmative, give: a description of the procedure, the date and time of day when the most recent inspection was made just prior to the date and time of the alleged collision, the identification, including the name, job title and address, of each person who participated in such inspection, in complete detail, what such inspection revealed or disclosed.

16.

Describe any repairs made to the subject vehicle, which Defendant KHANGURA was driving as described in Plaintiff's complaint, for the ninety (90) day period prior to August 25, 2021.

17.

Identify and describe any written rules, procedures, standards, guidelines, policies or the like of Defendant SPEED INTERMODEL pertaining to the safe driving and operation of its motor vehicles.

18.

Identify and describe any training materials, books, pamphlets, notices, letters, handouts, or the like, which Defendant SPEED INTERMODEL has in its possession, custody or control pertaining to the safe driving and operation of its commercial motor vehicles.

19.

Do you, or does any agent or employee of Defendant SPEED INTERMODEL have possession or control of, or know of the existence of any maps, pictures, videotapes, films, photographs, plates, drawings, diagrams, measurements, or other written descriptions of the occurrence, or the areas, or persons involved? If your answer is in the affirmative, state for each such item: its nature, its specific subject matter, the date and time it was made or taken, the identification, including name, address, and present whereabouts of the person making or taking it, and the identification, including name and address of the person at whose request it was made or taken.

EXHIBIT B

20.

If it is your contention that Defendant SPEED INTERMODEL is not the employer of Defendant KHANGURA, or if it is your contention that Defendant SPEED INTERMODEL is not a proper party to this action, state in full detail the factual basis for any such contentions and cite any statutory or case law upon which you rely to support same, as well as the name of the entity who you contend is the employer of Defendant KHANGURA.

21.

If it is your contention that Defendant SPEED INTERMODEL has not been properly served, state in detail the factual basis for the alleged defects in service or process and cite the statutory or case law upon which you rely to support said contention.

22.

Please identify the manner or method by which Defendant SPEED INTERMODEL ensures that its drivers are in compliance with the driving hours as put forth by the FMCSA and that the driver's logbooks are accurate, and:

(a) Identify all persons who review the drivers' logbooks for compliance with the maximum allowable driving hours as put forth by the FMCSA; and

(b) How often the logbooks are reviewed.

23.

State whether Defendant KHANGURA was an employee of Defendant SPEED INTERMODEL on the date and at the time of the incident which forms the basis of this litigation. If Defendant KHANGURA was an employee of Defendant SPEED INTERMODEL at the time of this collision, state whether Defendant KHANGURA was acting within the scope of his

employment for Defendant SPEED INTERMODEL. at the time and place of the incident which forms the basis for this litigation.

24.

If the answer to the preceding interrogatory is negative, state what relationship did exist between Defendant SPEED INTERMODEL and Defendant KHANGURA at the time and on the date on the incident which forms the basis of this litigation.

25.

Please state whether or not you contend that any other person contributed in any way to the incident which gives rise to this action, and if so, state the following;

(a) The name and address of the person who you contend contributed to same; and

(b) Please state in detail the allegations of negligence, common law or negligence per se allegations, which you contend were committed by said persons.

26.

Do you claim that the occurrence in question was in any way caused by a mechanical defect or malfunction of your vehicle? If so, state the details of said malfunction, when you first had knowledge of said defect and how you believe it contributed to said incident.

27.

During the thirteen-hour period immediately preceding this wreck, please state:

(a) The exact number of hours, including fractions thereof, the Defendant driver was driving according to the onboard recording device report;

(b) The exact number of hours, including fractions thereof, the Defendant driver was driving according to his log book; and

(c) If there is a discrepancy between the hours in subparts (a) and (b), please explain why such a discrepancy exists.

### 28.

How long on average does it take to download the onboard recording device data from the tractor unit in question and state the frequency that SPEED INTERMODEL performs such download. If SPEED INTERMODEL does not download the onboard recording device data on a routine basis, please explain why it does not.

### 29.

Regarding the tractor (power unit) that was involved in this collision state:

(a) any changes from its original configuration;

(b) the contents and weight of the load being transported at the time of the incident; and

(c) whether the tractor-trailer or truck involved in the incident had an on-board recording device, computer, tachograph, trip monitor, trip recorder, or trip master, Qualcomm, Vorad, ECM or device known by any other name that records information concerning the operation of the tractor.

### 30.

State whether Defendant SPEED INTERMODEL conducted a post-accident test in accordance with 49 C.F.R. §382.303 concerning the incident which forms the basis of this litigation. If Defendant SPEED INTERMODEL did not conduct a test, please state in detail why no test was performed. If Defendant SPEED INTERMODEL did conduct a post-accident test, please state:

(a) the name, occupation, and address of the individual who conducted the test;

(b) the date and time when the test was conducted;

(c)  where the test was conducted

(d)  the results of the test; and

(c) the name and address of the person who has custody of said test results.

31.

Identify the person, organization or agency which has possession of, custody of or control over the records regarding systematic inspection and maintenance of the tractor involved in this incident as provided for by 49 C.F.R. § 396.3 for the six-month period preceding this incident.

32.

State whether Defendant SPEED INTERMODEL requires the completion by every driver of a "driver's vehicle inspection report" as contemplated by 49 C.F.R. § 396.11. If Defendant SPEED INTERMODEL did require such a report please state:

(a)  whether such "driver's vehicle inspection report" was maintained by Defendant KHANGURA on the date of the incident which forms the basis of this litigation and for the preceding two weeks; and

(b)  the persons, organizations or agencies which have custody of, possession of, or control over the "driver vehicle condition reports" of Defendant SPEED INTERMODEL's drivers.

33.

State whether Defendant SPEED INTERMODEL requires its drivers to maintain a "driver's daily log" as provided by 49 C.F.R. § 395.8. If Defendant SPEED INTERMODEL does require its driver's to maintain a log state:

(a) whether Defendant SPEED INTERMODEL has in its possession, custody or control daily logs of Defendant KHANGURA; and

(b) the dates of the daily logs of Defendant KHANGURA currently in possession, custody of control of Defendant SPEED INTERMODEL.

34.

State whether Defendant SPEED INTERMODEL maintained systematic inspection and maintenance records as provided for by 49 C.F.R. § 396.3. If Defendant SPEED INTERMODEL did maintain such a record state whether such records of inspection and maintenance are maintained for the vehicle which was driven by Defendant driver on the date and at the time of the incident which forms the basis of this litigation, and if so, state the person, organization or agency which has possession of, custody of, or control over said records for a period commencing one year before the incident which forms the basis of this litigation and continuing to date.

35.

Identify each insurance carrier that may provide coverage for damages resulting from this collision and as to each state the effective dates of coverage with policy limits and:

(a) whether said insurance company is defending you under a reservation of rights;

(b) whether the policy was on file with the Georgia Public Service Commission ("GPSC") on the date of the incident; and

(c) whether the policy had been accepted and approved by the GPSC pursuant to O.C.G.A. § 46-7-12(c).

36.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis, if applicable) driven by Defendant KHANGURA on the date of the incident referred to in the complaint and describe the nature of the interest.

EXHIBIT B

37.

Did the Defendant SPEED INTERMODEL make an inquiry into the Defendant KHANGURA's motor record for a period covering the preceding three (3) years from the date of hire at the time of hiring or at any time thereafter? If so, state any violations contained therein.

38.

State the manner and method by which you administered tests for controlled substances on your drivers and how often these tests were conducted.

39.

Identify the person(s) who have knowledge of the following:

(a) company safety policies and operations;

(b) maintenance and repairs of the truck involved in the incident giving rise to this litigation for the 1-year period preceding the incident;

(c) responsibility for maintaining company records, including the president; safety director; federal safety regulation compliance officer; medical review officer; director of employee assistance program; medical technologist (for blood, urine and breath tests); dispatcher for the trip that ultimately resulted in the subject collision; mechanics who worked on the truck; supervisors of the mechanics; person(s) who administer both the driving test and the written test to the Defendant *DRIVER*; officer of official in charge of operational safety; supervisor of records.

40.

Identify when Defendant KHANGURA left for the trip at issue, what he was carrying, from where Defendant KHANGURA left to begin his trip, Defendant KHANGURA's destination and intended route, the time allotted by SPEED INTERMODEL for the trip, and when Defendant KHANGURA was scheduled to return to Defendant SPEED INTERMODEL's facilities.

[14]

41.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief:

(a) were eyewitnesses to the incident giving rise to this lawsuit;

(b) have relevant knowledge concerning any issues involved in this lawsuit who were not identified in subpart (a), including every person interviewed by you, or on your behalf, in regard to the above entitled action.

42.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(I) / Fed. R. Civ. P. 26(b)(4)(A)(I). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts. The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in your answer to this interrogatory.

43.

Describe with particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

44.

Within thirty-two (32) hours after the incident did the Defendant driver provide a urine sample to be tested for the use of controlled substances. If so, identify the person who performed the test.

45.

Describe in narrative detail the events surrounding the occurrence, including but not limited to a description of how, when and where this incident occurred.

46.

State the name, age, address, occupation, and place of employment of every person interviewed by you, or on your behalf, in regard to the above entitled action, and the date and place of such interviews.

47.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

This 9th the day of February 2023.

ALI AWAD LAW, P.C.

/s/ Jason N. Slate
JASON N. SLATE
Georgia State Bar No. 846650
*Attorney for Plaintiff*

200 Peachtree St. NW, Ste. 201
Atlanta, GA 30303
Phone: (833) 254-2923
Direct: (833) 254-2923 x. 710
Facsimile: (706) 528-5090
Jason@ceolawyer.com

[16]

EXHIBIT B

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| MIRIAM QUIROZ MORALES,<br><br>        Plaintiff,<br><br>v.<br><br>INDERJIT SINGH KHANGURA, SPEED INTERMODEL, and WESCO INSURANCE COMPANY,<br><br>        Defendants. | CIVIL ACTION<br><br>FILE NO.: _____<br><br><br>**JURY TRIAL DEMANDED** |

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT SPEED INTERMODEL</u>

TO:    Speed Intermodel
        c/o Manpreet Singh, registered agent
        3732 Farmington Road
        Stockton, CA 95215

COMES NOW, Plaintiff in the above-styled civil action, and files this Request for Production of Documents pursuant to O.C.G.A. § 9-11-34.  Defendant is required to comply with said Code section and produce a true and correct copy of each of the following documents to Plaintiff's attorney, Jason N. Slate of ALI AWAD LAW, P.C., at 200 Peachtree Street NW, Suite 201, Atlanta, Georgia 30303, within forty-five (45) days from the date of service.

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which the defendant objects to producing.

[1]
EXHIBIT B

## I.  DEFINITIONS AND INSTRUCTIONS

**(A)**    This request for production of documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require defendant to serve upon plaintiff supplemental answers if defendant or its attorneys obtain further information between the time the answers are served and the time of trial.

(B) The following definitions shall apply to this request.

1. **"Document"**, whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either defendant or their agents, attorneys, or employees.

2. **"Person"** means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

(C) Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identity the document by name, number, form or description, and by date made, and the date which the document was most recently in your possession, custody and control, the disposition made of the document, and the identity of the person or person now in possession, custody or control of such document. If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document to be destroyed.

(D) If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request. If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate. If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any particular, please set forth the details of such qualifications.

(E) In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide plaintiffs with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department

EXHIBIT B

associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

(F) The following Request for Production of Documents and Notice to Produce is made under the provisions of O.C.G.A. §9-11-34, §9-11-30(b)(5), and §24-10-26. (G) You are hereby notified to produce for inspection and copying at the offices of Ali Awad, P.C., 200 Peachtree Street NW, Suite 201, Atlanta, Georgia 30303, within 45 days after the date of service of this Request for Production of Documents and Notice to Produce; and pursuant to O.C.G.A. § 9-11-30(b)(5), at the time of the taking of Defendant's deposition, and pursuant to O.C.G.A. § 24-10-26, upon any hearing and upon the trial of the above-styled case, the following documents and records which are in your possession, custody or control, the same to be used as evidence by the Plaintiff, to wit:

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

A complete copy of any insurance agreement (including all excess and umbrella policies) under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

2.

All photographs, videotapes, accident reports, drawings, or diagrams of the scene of the collision or the vehicles involved in the subject collision described in the complaint.

3.

All other documents and materials referred to in your answers to Plaintiff's Interrogatories.

4.

A copy of any time or travel log records showing deliveries made or pick-ups received by Defendant KHANGURA on behalf of Defendant SPEED INTERMODEL for the 90-day period preceding the subject collision described in the complaint.

5.

A copy of all trip reports showing deliveries made or pick-ups received by Defendant KHANGURA on behalf of Defendant SPEED INTERMODEL for the 90-day period preceding the date of the subject collision described in the complaint.

6.

A copy of the work schedule of Defendant KHANGURA showing his hours worked and routes followed for the 90-day period preceding the date of the subject collision described in the complaint.

7.

A copy of the Articles of Incorporation of Defendant SPEED INTERMODEL.

8.

A copy of the Certificate of Public Convenience and Necessity issued by the Georgia Public Service Commission to Defendant SPEED INTERMODEL, which was in effect on the day of the subject collision described in the compliant, in regard to the vehicle driven by Defendant KHANGURA and identified in Plaintiff's Complaint.

9.

Any documents relating to the Georgia Public Service Commission or ICC registration regarding the tractor-trailer vehicle driven by Defendant KHANGURA in effect on the day of the subject collision described in the complaint.

[5]
EXHIBIT B

10.

Copies of the documents of title stating ownership of the tractor, trailer and component parts thereof which was driven by Defendant KHANGURA on behalf of Defendant SPEED INTERMODEL which was involved in the subject collision described in the complaint.

11.

All employment records and personnel and qualification files regarding Defendant KHANGURA, including but not limited to:

(a)     Application for employment;

(b)     Copy of his/her CDL license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)      Carrier's inquiry into his/her driving record;

(g)     Carrier's inquiry into his/her employment record;

(h)     Documents regarding carrier's annual review of his/her driving record;

(i)      Response of each state agency to carrier's annual inquiry concerning his/her driving record;

(j)      Certification of driver's road test;

(k)     Medical examiner's certificate;

(l)      Statement setting forth in detail any denial, revocation or suspension of any license, permit or privilege to operate a motor vehicle;

(m)    Training certificates and training documents;

(n)     Drug testing records;

[6]

(o)      Any other documents.

12.

Complete maintenance and repair records for the tractor-trailer vehicle driven by Defendant KHANGURA and which was involved in the subject collision described in the complaint and the complete records of any inspection made by Defendant SPEED INTERMODEL or others of said vehicle.

13.

All manifests, bills of lading, trip leases or other documents relating to the tractor-trailer vehicle named in Plaintiffs' complaint for the one-month period prior to and including Defendant KHANGURA.

14.

All written rules, procedures, standards, guidelines, policies or the like of Defendant SPEED INTERMODEL pertaining to the safe driving and operation of its motor vehicles.

15.

All training materials, books, pamphlets, letters, notices, videotapes, movies, or the like, which Defendant SPEED INTERMODEL has in its possession, custody or control, pertaining to the safe driving and operation of its motor vehicles.

16.

All form MC-50 accident report forms or any other forms or reports prepared by Defendant SPEED INTERMODEL, and submitted to the Motor Carrier Safety Office of the Federal Highway Administration, with respect to Defendant KHANGURA concerning the subject collision.

EXHIBIT B

17.

Any and all supplemental reports (accident and otherwise) completed by Defendant SPEED INTERMODEL, its employees, agents or representatives and submitted to the Motor Carrier Safety Office or any other State or Federal agency or third party or other entity with respect to the subject collision described in the complaint.

18.

Any statement in your control from the Plaintiff, whether written or recorded.

19.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in the subject collision or the present lawsuit.

20.

All documents evidencing, reflecting, relating to or constituting any communication between Plaintiff and Defendants including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to the subject collision or the present litigation.

21.

The original or a true and accurate copy of the declaration sheet or coverage page of all insurance policies which provide coverage for this incident.

22.

All documents evidencing, reflecting, relating to or constituting an incident report regarding this collision.

EXHIBIT B

23.

A copy of the defendant driver's daily logs as required by 49 C.F.R. §395.8 for the thirty (30) day period preceding the date of this incident and for the thirty (30) day period subsequent to this incident and all administrative driver's log or driving time or work time audits created by the Defendant SPEED INTERMODEL during that time period.

24.

A copy of the pre-trip inspection report for the tractor-trailer driven by Defendant KHANGURA which was involved in the subject collision described in the complaint for the date of the subject collision.

25.

A copy of the Defendant KHANGURA's medical certificate in accordance with 49 C.F.R. §391 et. seq.

26.

Any photographs of the scene of this incident.

27.

A copy of the Post Accident Report as required by 49 C.F.R. § 382.303 as filed by Defendant KHANGURA following the incident which forms the basis for this litigation.

28.

A copy of the periodic inspection report as required by 49 C.F.R. §396.21.

29.

A copy of the Defendant KHANGURA's employment file including but not limited to:

(a) applications for employment containing the nature and extent of applicant's experience in motor vehicles;

EXHIBIT B

(b) a list of all violations of commercial motor vehicle laws or ordinances other than parking of which applicant was convicted or forfeited bond or collateral during the three (3) years preceding the date of application;

(c) statement setting forth in detail the facts and circumstances surrounding any denial, revocation, or suspension of any license, permit, or privilege to operate a commercial motor vehicle; and

(d) a list of employers during the three (3) years preceding the date the application is submitted.

30.

A copy of the Defendant's "drivers manual" issued to the Defendant KHANGURA by Defendant SPEED INTERMODEL.

31.

A copy of the certificate of Defendant KHANGURA's road test in accordance with §391.31.

32.

Produce a copy of every complaint and/or recommendation by any person or entity about defects, needed repair and/or maintenance of the tractor trailer involved in the collision described in the complaint for the six month period prior to the incident.

33.

Produce a copy of the repair/maintenance record or inspection record for the tractor-trailer involved in the collision described in the complaint for the six month period prior to the incident.

EXHIBIT B

34.

The complete maintenance file maintained by the Defendant SPEED INTERMODEL in accordance with 49 C.F.R. § 396 et. seq., on the tractor-trailer involved in the collision described in the complaint inclusive of any inspections, repairs or maintenance done to the vehicle, and daily condition reports submitted by drivers for one year prior to the incident

35.

All results of any pre-employment, random or post-accident drug testing on Defendant KHANGURA.

36.

All documents of any on-board recording monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the tractor trailer for the 30 days before the incident through the date of the incident.

37.

All documents generated by the Defendant SPEED INTERMODEL's incident review board and/or internal organization that reviews incidents of its drivers concerning the chargeability of the incident.

This  9th day of February 2023.

**ALI AWAD LAW, P.C.**

/s/ Jason N. Slate
JASON N. SLATE
Georgia Bar No. 846650
*Attorney for Plaintiff*

200 Peachtree St., NW, Ste. 201
Atlanta, GA 30303
Phone: (833) 254-2923

[11]
EXHIBIT B

Direct: (770) 712-8655
Jason@ceolawyer.com

EXHIBIT B