## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

MIRIAM QUIROZ MORALES,

                 Plaintiff,

v.

INDERJIT SINGH KHANGURA, SPEED
INTERMODEL, and WESCO INSURANCE
COMPANY,

                 Defendants.

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

### PLAINTIFF'S FIRST REQUEST FOR ADMISSION TO
### DEFENDANT INDERJIT SINGH KHANGURA

COMES NOW Plaintiff in the above-styled action, and requests, pursuant to O.C.G.A. §
9-11-36, that Defendant admit under oath the truth of the facts hereinafter set forth, within forty-
five (45) days after service of this discovery request upon said Defendant.

1.

This Defendant has been correctly named as a Defendant in the present action with
respect to the legal description of Defendant's name.

2.

The State Court of Cobb County has personal jurisdiction over this Defendant.

3.

The State Court of Cobb County has subject matter jurisdiction over this action.

4.

The State Court of Cobb County is the court of proper venue in this action.

EXHIBIT C

5.

This Defendant received process in this action, and such process and service of said

process is sufficient.

This  9th day of February 2023.

**ALI AWAD LAW, P.C.**

/s/ Jason N. Slate
JASON N. SLATE
Georgia Bar No. 846650
*Attorney for Plaintiff*

200 Peachtree St., NW, Ste. 201
Atlanta, GA 30303
Phone: (833) 254-2923
Direct: (770) 712-8655
Facsimile: (706) 528-5090
Jason@ceolawyer.com

EXHIBIT C

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

MIRIAM QUIROZ MORALES,

                Plaintiff,

v.

INDERJIT SINGH KHANGURA, SPEED
INTERMODEL, and WESCO INSURANCE
COMPANY,

                Defendants.

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT INDERJIT SINGH KHANGURA

TO: *Inderjit Signh Khangura*

COMES NOW, Plaintiff in the above-styled action, and hereby requires that the above-listed defendant, answer under oath and in writing the following interrogatories within the time provided by O.C.G.A. § 9-11-33, and that a copy of the answers be furnished to Plaintiff's attorney, Jason N. Slate at Ali Awad Law, P.C., 200 Peachtree Street NW, Suite 201, Atlanta, Georgia 30303.

## I. INTRODUCTION AND DEFINITIONS

(A) Each Interrogatory seeks information available to the Defendant, its attorneys and agents, and all persons acting in their behalf. Accordingly, as used herein, the term "Defendant," "you,", "your," refer without limitation to the Defendant, the Defendant's attorneys or investigators, insurers, agents and all other persons acting in the Defendant's behalf. Each of the Interrogatories shall be deemed to be continuing in the manner provided by law.

EXHIBIT C

(B) As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term "identify" is used in conjunction with the term "person" or if the answer of any Interrogatory herein refers to a person (as defined herein), you are to state each such person's (1) full legal name, (2) present or last known address and telephone number, business or residential, and (3) occupation, job title, business affiliation and/or nature of business.

(C) When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item: (1) the date of the item, (2) the identity of the person who has custody or control of the item, and (3) the nature and substance of the item; all with sufficient particularity to enable it to be identified in a Request to Produce. Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive.

(D) If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to determine the identity of the document or oral communication and, as well, state the basis for any asserted claim of privilege.

(E) As used herein, "date" should mean the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

(F) If you object to part of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory

EXHIBIT C

and refuse to answer for that scope of time, state your objection in an answer for that Interrogatory for the scope and time period that you believe is appropriate.

(G) If any of the following Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the Interrogatory.

## II.  INTERROGATORIES

1.

Please identify all individuals who assisted in answering these interrogatories.

2.

State your full name, give your present residence address, date of birth, social security number, the name of your present employer and your job title, the name of your employer on the date of the incident giving rise to this lawsuit, and list all other names by which you have been known throughout your lifetime, including the dates that you were known by these names.

3.

Please list your present residence address and all other addresses at which you have resided in the past five (5) years and the dates of each residency.

4.

Please state whether or not you contend that any other person, including the plaintiff, caused or contributed in any way to the incident which gives rise to this action, and if so, state the following:

(a)  The name and address of the person who you contend contributed to same;

(b)  Please state with particularity each and every contention made in this regard.

5.

Do you claim that the occurrence in question was in any way caused by a mechanical defect or malfunction of your vehicle? If so, state the details of said malfunction, when you first had knowledge of said defect and how you believe it contributed to said incident

6.

During the thirteen (13) hour period immediately preceding this wreck, please state:

(a) The exact number of hours and fractions thereof you were driving the tractor trailer;

(b) The exact number of hours and fractions thereof you recorded on your logbook as driving hours; and

(c) If you drove more hours than reflected in your logbook as driving hours, please explain the reasons for doing so.

7.

Did you receive a traffic citation as a result of this occurrence? If so, give the date, place and manner of disposition of the citation.

8.

Describe in narrative detail the events surrounding the occurrence, including but not limited to a description of how, when and where this incident occurred.

9.

Please state where you were driving your vehicle from and what your destination was at the time of the collision.

EXHIBIT C

10.

Please state whether or not you, the Defendant driver consumed any alcoholic beverages of any type or any sedative, tranquilizer or other drug, medicine or pill during the seventy-two (72) hours immediately preceding the incident giving rise to this action.

11.

Please state whether, at the time of the incident, which is the subject matter of this litigation, you had any physical disabilities whatsoever and, if so, please describe same.

12.

State whether you have ever been arrested or convicted of a crime (other than a traffic offense)? If so, please identify each incident, date of arrest, the court in which any criminal proceeding against you was held, and the disposition of each charge if applicable. See *Lewis v. State*, 243 Ga. 443 (1979); *Hightower v. General Motors Corp.*, 175 Ga. App. 112 (1985).

13.

Please list all violations of motor vehicle or traffic laws or ordinances to which you have ever pled guilty or nolo contendere or to which you have been found guilty, the date of such offense, the court in which each case was heard and the nature of the violation charged.

14.

State whether you have ever been issued an "out of service" sticker in accordance with 49 C.F.R. §396.9. If you have been issued such a form state:

(a) the times and places that all such stickers were issued;

(b) what repairs were indicated on the "out of service" sticker; and

[5]
EXHIBIT C

(c) the name, occupation and address of the person or persons currently in possession, control or custody of the original or copies of the "out of service" sticker issued to you.

15.

State whether you have ever been declared "out of service" in accordance with 49 C.F.R. § 395.13. If so state:

(a)    the date and place of each occasion you were declared "out of service";

(b)    the reason you were declared "out of service"; and

(c)    the company that you were hauling for at the time you were declared out of service.

16.

Have you ever been cited by the Department of Transportation, Public Service Commission or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

(a)    The date of the violation;

(b)    A description of the violation;

(c)    The location where the violation occurred;

(d)    The agency issuing the citation; and

(e)    The ultimate disposition of the charges.

17.

Have you ever been disqualified pursuant to 49 C.F.R. §§ 383.51 or 391.15?  If so, please state for each instance.

(a)    The dates of disqualification;

(b)    The reason for the disqualification.

EXHIBIT C

18.

State whether you were ever required to complete a "driver vehicle inspection report" for the seventy-two hour prior to this incident and forty-eight hours after this incident and, if so, state:

(a)  any deficiencies noted on the vehicle;

(b)  what action was taken to correct any deficiencies; and

(c)  the identity of the person(s) with a copy of said reports.

19.

State the identity of all persons that to you or your representative's knowledge, information or belief:

(a)  were eyewitnesses to the incident giving rise to this lawsuit; and

(b)  have relevant knowledge concerning any issues involved in this lawsuit who were not identified in subpart (a), including every person interviewed by you, or on your behalf, in regard to the above entitled action.

20.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11- 7 26(b)(4)(A)(I) / Fed. R. Civ. P. 26(b)(4)(A)(I). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts. The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in your answer to this interrogatory.

EXHIBIT C

21.

State the names, last-known addresses, places of employment, job classification, and present whereabouts of all agents, servants, employees, representatives, private investigators, or others who investigated this incident on behalf of the defendant.

22.

Describe with particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

23.

State whether on the date and at the time of the incident which forms the basis of this litigation, Defendant INDERJIT SINGH KHANGURA was an employee of Defendant SPEED INTERMODEL. If Defendant INDERJIT SINGH KHANGURA was an employee of Defendant SPEED INTERMODEL at the time of this collision state whether Defendant INDERJIT SINGH KHANGURA was acting within the scope of his employment for Defendant SPEED INTERMODEL at the time and place of the incident which forms the basis for this litigation.

24.

If the answer to the preceding interrogatory is negative, state what relationship did exist between Defendant INDERJIT SINGH KHANGURA and Defendant SPEED INTERMODEL at the time and on the date of the incident which forms the basis of this litigation.

25.

Please state whether, at the time of the incident which is the subject matter of this litigation, you had a valid driver's license from any state, and if your answer is in the affirmative, state the following:

EXHIBIT C

(a) the state of issue;

(b) whether there are any restrictions on said license; and if so

(c) the nature of any such restrictions.

26.

If you have ever been a party to a lawsuit, including a claim for workers' compensation or a bankruptcy proceeding, identify the person involved, give the style and number of the case, the nature of the litigation, the role you or your family member had in the matter (plaintiff, defendant, etc.) and the court or administrative body before which the suit was filed.

27.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

28.

Please identify all of your internet social media and networking websites and/or applications for which you have used and/or obtained an account in the last five (5) years.  Internet social media websites and/or applications include, but are not limited to, Facebook, Instagram, Snapchat, TikTok, Twitter, Linkedin, Foursquare, Youtube, Pinterest, WhatsApp, Google+, Tumblr, Flicker, Skype, FaceTime, etc, including the URL for each specific service as well as your username/ID on the service.

EXHIBIT C

29.

For each internet social media website and/or applications account you identified in response to the preceding interrogatory, please describe in detail any and all content, including, but not limited to postings, comments, replies, photographs and video, that:

(a)  mentions or describes, in any way, the incident that is the subject of this action;

(b)  describes any fact or identifies any witness concerning the incident that is the subject of this action, including any subsequent court hearings or dispositions of citations you may have received in connection with this incident;

(c)  relates in any way to any communications with, opinions about, treatment rendered to, or subsequent behavior of the Plaintiff(s) in the present action;

(d)  relates in any way to your history of prior arrests and convictions, if any;

(e)  relates in any way to your driving history or any violation of the Federal Motor Carrier Safety Regulations; and

(f)  you have deleted from this account since the date of the subject incident.

This 9th day of February 2023.

**ALI AWAD LAW, P.C.**

/s/ Jason N. Slate
JASON N. SLATE
Georgia Bar No. 846650
*Attorney for Plaintiff*

200 Peachtree St., NW, Ste. 201
Atlanta, GA 30303
Phone: (833) 254-2923
Direct: (770) 712-8655
Facsimile: (706) 528-5090
Jason@ceolawyer.com

[10]
EXHIBIT C

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

MIRIAM QUIROZ MORALES,

               Plaintiff,

v.

INDERJIT SINGH KHANGURA, SPEED
INTERMODEL, and WESCO INSURANCE
COMPANY,

              Defendants.

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT INDERJIT SINGH KHANGURA

TO:   INDERJIT SINGH KHANGURA

COMES NOW, Plaintiff in the above-styled civil action, and files this Request for Production of Documents pursuant to O.C.G.A. Section 9-11-34. Defendant is required to comply with said Code section and produce a true and correct copy of each of the following documents to Plaintiff's attorney, Jason N. Slate of ALI AWAD LAW, P.C. forty-five (45) days from the date of service.

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which the defendant objects to producing.

**(A)**    This request for production of documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require defendant to serve upon plaintiff supplemental answers if defendant or its attorneys obtain further information between the time the answers are served and the time of trial.

[1]
EXHIBIT C

(B) The following definitions shall apply to this request.

1. **"Document"**, whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either defendant or their agents, attorneys, or employees.

2. **"Person"** means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

(C) Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identity the document by name, number, form or description, and by date made, and the date which the document was most recently in your possession, custody and control, the disposition made of the document, and the identity of the

person or person now in possession, custody or control of such document. If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document to be destroyed.

(D) If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request. If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate. If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any particular, please set forth the details of such qualifications.

(E) In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide plaintiffs with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

(F) The following Request for Production of Documents and Notice to Produce is made under the provisions of O.C.G.A. §9-11-34, §9-11-30(b)(5), and §24-10-26. (G) You are hereby notified to produce for inspection and copying at the offices of Ali Awad, P.C., 200 Peachtree

Street NW, Suite 201, Atlanta, Georgia 30303, within 45 days after the date of service of this Request for Production of Documents and Notice to Produce; and pursuant to O.C.G.A. § 9-11-30(b)(5), at the time of the taking of Defendant's deposition, and pursuant to O.C.G.A. § 24-10-26, upon any hearing and upon the trial of the above-styled case, the following documents and records which are in your possession, custody or control, the same to be used as evidence by the Plaintiff, to wit:

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Any statement in your control from the Plaintiff, whether written or recorded.

2.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Plaintiff and Defendant INDERJIT SINGH KHANGURA including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this litigation.

4.

The original or a true and accurate copy of the declaration sheet or coverage page of all insurance policies which provide coverage for this incident.

5.

All documents evidencing, reflecting, relating to any traffic citation(s) that you received as a result of this collision.

6.

All documents evidencing, reflecting, relating to or constituting an incident report regarding this collision.

7.

A true and accurate copy of your driver's license.

8.

A copy of the defendant driver's daily logs as required by 49 C.F.R. §395.8 for the six (6) month period preceding the date of this incident and for the thirty (30) day period subsequent to this incident and all administrative driver's log or driving time or work time audits created by you, during that time period.

9.

A copy of the pre-trip inspection report for the date of the incident referred to in the complaint.

10.

A copy of the Defendant driver's medical certificate in accordance with 49 C.F.R. §391 et. seq

11.

Any photographs of the scene of this incident or vehicles involved therein.

12.

A copy of the Post Accident Report as required by 49 C.F.R. § 382.303 as filed by Defendant INDERJIT SINGH KHANGURA following the incident which forms the basis for this litigation.

[5]

EXHIBIT C

13.

A copy of the bill of sale, title and any other documents relating to the ownership of the tractor and trailer (including container or chassis, if applicable) driven by you on the date of the incident referred to in the complaint.

14.

A copy of any lease, employment contract or any other documents regarding your employment status on the date of the incident referred to in the complaint.

15.

A copy of the bill of lading for any loads carried by you for the eight-day period preceding the incident referred to in the complaint.

16.

Copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by you while on dispatch for the six-month period preceding the incident referred to in the complaint.

17.

Copies of all daily, monthly and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by you on the day of the incident referred to in the complaint for the one-year period preceding this incident and the six-month period following this incident as required by 49 C.F.R. §396.21.

18.

Copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by you on the day of the

incident referred to in the complaint for the one-year period preceding this incident and the six-month period following this incident.

19.

A copy of your driver qualification file, including but not limited to:

(a)     Application for employment;

(b)     Copy of his/her CDL license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his/her driving record;

(g)     Carrier's inquiry into his/her employment record;

(h)     Documents regarding carrier's annual review of his/her driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his/her driving record;

(j)     Certification of driver's road test;

(k)     Medical examiner's certificate;

(l)     Statement setting forth in detail any denial, revocation or suspension of any license, permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

(n)     Drug testing records;

(o)     Any other documents.

20.

Copies of any printouts, records, correspondence, memoranda or other documents concerning post-accident alcohol and controlled substance testing your received following the incident referred to in the complaint.

21.

Your accident register for the one-year period preceding the subject accident.

EXHIBIT C

22.

Copies of any driver manuals, guidelines, rules or regulations issued to you by SPEED INTERMODEL.

23.

Copies of all safety manuals, brochures, handouts, literature or other written documents pertaining to safety you received from SPEED INTERMODEL.

24.

Any document concerning any violation of the Federal Motor Carrier Safety Regulations you may have received from the Department of Transportation, Public Service Commission and/or Federal Highway Administration.

25.

Any document concerning any periods of disqualification or out-of-service determinations relating to you.

26.

Copies of any documents regarding any training you received from SPEED INTERMODEL.

27.

Copies of your payroll information with SPEED INTERMODEL for the six months prior to and the two months subsequent to said collision and a copy of your paycheck for the time period covering the date of the collision.

28.

Copies of your cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident.

29.

Any documents obtained through a request for production of documents or subpoena.

30.

Any documents, evidence of writing, or any other tangible thing, which you or anyone on your behalf referred to in any form or fashion in answering or attempting to answer Plaintiffs' First Interrogatories to Defendant.

EXHIBIT C

31.

Copies of any social media posting concerning any matter contemplated by Interrogatory

No. 29.  Alternatively you can provide a compressed zip file download of your account.

This  9TH day of February 2023.

**ALI AWAD LAW, P.C.**

/s/ Jason N. Slate
JASON N. SLATE
Georgia Bar No. 846650
*Attorney for Plaintiff*

200 Peachtree St., NW, Ste. 201
Atlanta, GA 30303
Phone: (833) 254-2923
Direct: (770) 712-8655
Facsimile: (706) 528-5090
Jason@ceolawyer.com

EXHIBIT C

[10]
EXHIBIT C