ID# E-YNL3VJST-XDK
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-549

MAR 31, 2023 02:31 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

MIRIAM QUIROZ MORALES,    )
    )
    Plaintiff,    )    CIVIL ACTION
    )
vs.    )    NO: 23-A-549
    )
INDERJIT SINGH KHANGURA, SPEED    )
INTERMODEL AND WESCO    )
INSURANCE COMPANY,    )
    )
    Defendants.    )

### SPECIAL APPEARANCE AND
### ANSWER OF DEFENDANT KHANGURA

COMES NOW INDERJIT SINGH KHANGURA ("Khangura"), a Defendant, subject to and without waiving all defenses as to insufficient or lack of personal service, insufficient process, lack of personal jurisdiction, statute of limitations, *laches*, lack of diligence in effectuating service, improper venue, and all other defenses stated herein, files his Answer and affirmative defenses and shows the Court the following:

### First Defense

There has been an insufficiency of service as Khangura has not been personally served with any summons, pleading or discovery.

### Second Defense

Until such time as he is properly served, Khangura shows there is a lack of personal jurisdiction.

### Third Defense

The has been an insufficiency of process as Khangura has not been personally served with any summons, pleading or discovery.



EXHIBIT F

<u>Fourth Defense</u>

Since plaintiff has failed to effectuate service, this claim is barred by the statute of limitations and the doctrine of *laches*.

<u>Fifth Defense</u>

Until such time as Khangura is properly served and jurisdiction is established, the Complaint fails to state a claim against him for which relief may be granted.

<u>Six Defense</u>

Venue is improper in Cobb County.  Khangura and his former employer, Speed Intermodal, are citizens/residents of the State of California.  They do not reside or have offices or a registered agent in Cobb County.  The only party who has a registered agent in Cobb County is the insurer, Wesco.  But Wesco is not sued as a joint tortfeasor.  It is sued on contract claims only as permitted by Georgia's direct action statute, O.C.G.A. § 40-2-140(d)(4) (this is the applicable statute because Speed Intermodal is an interstate carrier).  Since Khangura is not and is not alleged to be a joint tortfeasor with Wesco, venue is improper and this action must be transferred to Whitfield County, the county where the accident happened and where the alleged injury occurred.

<u>Seventh Defense</u>

Defendant now responds more particularly to the enumerated allegations of the Complaint as follows:

1.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 1.

2.

Defendant denies the allegations of Paragraph 2.

EXHIBIT F

3.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 3.

4.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 4.

5.

Defendant denies the allegations of Paragraph 5.

6.

Defendant admits the allegations of Paragraph 6.

7.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 7.

8.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 8.

9.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 9.

10.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 10.

## COUNT I

11.

Defendant reasserts and incorporates by reference its affirmative defenses as well as his responses above to the allegations of Paragraphs 1 through 10  as though set forth herein in response to the allegations of Count I.

12.

The Complaint contains neither Paragraph 12 nor any allegations labeled as such.

13.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 13.

14.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 14.

15.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 15.

## COUNT II

16.

Defendant reasserts and incorporates by reference its affirmative defenses as well as his responses above to the allegations of Paragraphs 1 through 15  as though set forth herein in response to the allegations of Count II.

EXHIBIT F

17.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 17.

18.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 18.

19.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 19.

## **COUNT III**

20.

Defendant reasserts and incorporates by reference its affirmative defenses as well as his responses above to the allegations of Paragraphs 1 through 19 as though set forth herein in response to the allegations of Count III.

21.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 21.

22.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 22.

23.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 23.

EXHIBIT F

24.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 24.

25.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 25.

## **COUNT IV**

26.

Defendant reasserts and incorporates by reference its affirmative defenses as well as his responses above to the allegations of Paragraphs 1 through 25 as though set forth herein in response to the allegations of Count IV.

27.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 27.

28.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 28.

29.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 29.

30.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 30.

EXHIBIT F

## COUNT V

31.

Defendant reasserts and incorporates by reference its affirmative defenses as well as his responses above to the allegations of Paragraphs 1 through 30 as though set forth herein in response to the allegations of Count V.

32.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 32.

33.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 33.

34.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 34.

35.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 35.

36.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 36.

Eighth Defense

Defendant denies each and every allegation to which it has not expressly responded herein above.

EXHIBIT F

*Wherefore*, Inderjit Singh Khangura, Defendant by special appearance of counsel, having fully and completely responded to the allegations of the Complaint, hereby demands a jury trial as to all issues raised by the pleadings.

*/s/ William Allred*
William Allred, #000320
Elizabeth G. Howard, #100118
*Attorneys for Defendants*

**BARRICKMAN, ALLRED & YOUNG, LLC**
5775 Glenridge Dr NE Ste E100
Atlanta, GA  30328
404-790-0123 – Allred
404-538-1225 - Howard
wsa@bayatl.com
egh@bayatl.com

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have served the foregoing **Special Appearance and Answer of Inderjit Singh Khangura** upon all parties, by depositing true and correct copies of same via electronic file and serve *through PeachCourt* to the following:

Jason N. Slate, Esq.
Ali Awad Law, P.C.
200 Peachtree St NW Ste 201
Atlanta, GA  30303
jason@ceolawyer.com
*Attorneys for Plaintiff*

This 31st day of March, 2023.

<u>/s/ William Allred</u>
William Allred
