ID# EYNL3VJST-WGR
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**23-A-549**
MAR 31, 2023 02:31 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MIRIAM QUIROZ MORALES, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| vs. | ) NO: 23-A-549 |
| | ) |
| INDERJIT SINGH KHANGURA, SPEED INTERMODEL and WESCO INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF WESCO INSURANCE COMPANY

COMES NOW WESCO INSURANCE COMPANY ("Wesco"), a Defendant, and files its Answer and affirmative defenses and shows the Court the following:

### First Defense

Venue is improper in Cobb County with regard to defendants Khangura and Speed Intermodal since neither has residence or a registered agent or office in Cobb County.

### Second Defense

"Speed Intermodel" is improperly named.

### Third Defense

Defendant now responds more particularly to the enumerated allegations of the Complaint as follows:

1.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 1.



EXHIBIT H

2.

For want of sufficient information, Defendant can neither admit nor deny the allegations of Paragraph 2, except for the venue allegation.  Defendant denies that Khangura is a joint tortfeasor with anyone for whom venue is correct in Cobb County.

3.

Defendant admits all allegations of Paragraph 3 except for the venue allegations.  Defendant denies that it is a tortfeasor or a joint tortfeasor.  While venue is proper in Cobb County as to Wesco, it is not proper for the remaining defendants.

4.

Defendant admits all allegations of Paragraph 4 except the allegation regarding jurisdiction. Jurisdiction is not conferred as to Wesco by O.C.G.A. § 9-10-91.

5.

Defendant admits that jurisdiction and venue are proper as to Wesco, but not as to the remaining defendants.

6.

Defendant admits the allegations of Paragraph 6.

7.

Defendant admits the allegations of Paragraph 7.

8.

Defendant admits all allegations of Paragraph 8 except the allegation indicating Khangura was in a lane other than the turn lane.

9.

Defendant admits the allegations of Paragraph 9.

10.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 10.  Defendant admits that Plaintiff suffered injuries as a result of the collision.

## COUNT I

11.

Defendant reasserts and incorporates by reference its affirmative defenses as well as its responses above to the allegations of Paragraphs 1 through 10 as though set forth herein in response to the allegations of Count I.

12.

The Complaint contains neither a Paragraph 12 nor any allegations labeled as such.

13.

Defendant denies the allegations of Paragraph 13.  It admits that Khangura breached the duty of care he owed to the Plaintiff by turning left in violation of O.C.G.A. § 40-6-71 and by failing to maintain a proper lookout.

14.

Defendant admits the allegations of Paragraph 14.

15.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 15.  Defendant admits that Khangura breached the duty of care he owed to the Plaintiff and that this breach proximately caused the collision.

## COUNT II

16.

Defendant reasserts and incorporates by reference its affirmative defenses as well as its responses above to the allegations of Paragraphs 1 through 15 as though set forth herein in response to the allegations of Count II.

17.

Defendant admits the allegations of Paragraph 17.

18.

Defendant admits the allegations of Paragraph 18.

19.

Defendant admits the allegations of Paragraph 19.

## COUNT III

20.

Defendant reasserts and incorporates by reference its affirmative defenses as well as its responses above to the allegations of Paragraphs 1 through 19 as though set forth herein in response to the allegations of Count III.

21.

Defendant denies the allegations of Paragraph 21.

22.

Defendant denies the allegations of Paragraph 22.

23.

Defendant denies the allegations of Paragraph 23.

24.

Defendant denies the allegations of Paragraph 24.

25.

Defendant denies the allegations of Paragraph 25.

## COUNT IV

26.

Defendant reasserts and incorporates by reference its affirmative defenses as well as its responses above to the allegations of Paragraphs 1 through 25 as though set forth herein in response to the allegations of Count IV.

27.

Defendant admits that it is subject to direct action under O.C.G.A. § 40-2-140(d)(4) but denies the remaining allegations of Paragraph 27.

28.

Defendant admits the allegations of Paragraph 28 except that it did not file the motor carrier liability policy and MCS90 bond for Speed Intermodal as an intrastate carrier; it filed for Speed Intermodal as an interstate carrier.

29.

Defendant denies the allegations of Paragraph 29. Defendant admits that Wesco was responsible for complying with the insurance and bond filing requirements of O.C.G.A. § 40-2-140, certain Rules and Regulations of the State of Georgia, and federal law.

30.

Defendant denies the allegations of Paragraph 30.  It admits that it would be responsible for any judgment rendered against the improperly named Defendant Speed Intermodel and Defendant Khangura up to its policy limits on the allegations of the Complaint presently filed with the Court.

**COUNT V**

31.

Defendant reasserts and incorporates by reference its affirmative defenses as well as its responses above to the allegations of Paragraphs 1 through 30 as though set forth herein in response to the allegations of Count V.

32.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 32.  Defendant admits that Plaintiff suffered injuries as a result of the collision.

33.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 33.  Neither Plaintiff nor Plaintiff's attorneys have shared any of Plaintiff's medical records or bills with Wesco.

34.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 34.

35.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 35.

36.

For want of sufficient information, Defendant can neither admit nor deny the allegations in Paragraph 36.

Third Defense

Defendant denies each and every allegation to which it has not expressly responded herein above.

**Wherefore**, Wesco Insurance Company, Defendant, having fully and completely responded to the allegations of the Complaint, hereby demands a jury trial as to all issues raised by the pleadings.

*/s/ William Allred*
William Allred, #000320
Elizabeth G. Howard, #100118
*Attorneys for Defendants*

**BARRICKMAN, ALLRED & YOUNG, LLC**
5775 Glenridge Dr NE Ste E100
Atlanta, GA  30328
404-790-0123 – Allred
404-538-1225 - Howard
wsa@bayatl.com
egh@bayatl.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have served the foregoing *Answer of Wesco Insurance Company* upon all parties, by depositing true and correct copies of same via electronic file and serve *through PeachCourt* to the following:

> Jason N. Slate, Esq.
> Ali Awad Law, P.C.
> 200 Peachtree St NW Ste 201
> Atlanta, GA  30303
> jason@ceolawyer.com
> *Attorneys for Plaintiff*

This 31st day of March, 2023.

> */s/ William Allred*
> William Allred