IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MIRIAM QUIROZ MORALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION |
| INDERJIT SINGH KHANGURA, SPEED ) | NO: 23-A-549 |
| INTERMODEL AND WESCO ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SPEED INTERMODAL'S FIRST
CONTINUING INTERROGATORIES TO PLAINTIFF**

COMES NOW SPEED INTERMODEL, a Defendant, and serves these interrogatories on plaintiff, Miriam Quiroz Morales, pursuant to O.C.G.A. § 9-11-33. Each interrogatory shall be answered separately and fully in writing, under oath. The answers are to be signed by the person making them and the objections, if any, are to be signed by the attorney making them. The party upon whom the interrogatories have been served shall serve a copy of the answers and objections within thirty-three days after service of the interrogatories. Failure to timely respond to these interrogatories may subject the plaintiff to sanctions pursuant to O.C.G.A. § 9-11-37. These interrogatories shall be deemed continuing so as to require plaintiff to reasonably supplement or amend their prior answers pursuant to O.C.G.A. § 9-11-26(e) if plaintiff obtains other information between the time the answers are served and the time of the trial.

1.

Please state your full name (including all names by which you have ever been known), your spouse's name if they are not a party to this lawsuit, your current address, your telephone number, your date of birth and your social security number.

**EXHIBIT K**

2.

For the five years immediately preceding the date of the incident referred to in the Complaint and including said date, and for the period of time since the incident referred to in the Complaint, identify each of your employers, their addresses and telephone numbers, the dates of commencement and termination of each such source of employment, the reason for termination of each such source of employment and give a detailed description of the services or work performed for each source of employment, state your average weekly wage or earnings from each place of employment, and identify your immediate foreman, or other superior to whom you were responsible at each place of employment listed above.

3.

State the name, address, telephone number, place of employment, job title or capacity and present whereabouts of each person who, to your knowledge, information or belief:

(a) Was an eyewitness to any aspect of the subject matter of this case;

(b) Has knowledge of any of the facts or circumstances upon which your claims against Defendants are based, including any aspect of a claim for damages.

4.

State what each person listed in your response to Interrogatory No. 3(a) above saw or claims to have seen.

5.

State what facts or circumstances concerning this case are known or claimed to be known by each person listed by you in response to Interrogatory No. 3(b).

6.

Please provide the names, addresses and years of attendance for any schools, educational or training facilities that you have attended during your lifetime.

7.

If you were ever in the military, please provide the branch of the armed forces in which you were enlisted, the years that you were in the military, the names and addresses of all the places where you were based, the rank that you obtained and whether you received an honorable discharge.

8.

Please identify with specificity each and every physical, emotional and/or mental injury you allegedly received as a result of the incident that is the subject matter of this lawsuit.

9.

Itemize all expenses and special damages which you claim resulted from the incident complained of, including, but not limited to, property damage, medical, psychological and hospital expenses and loss of earnings. If you contend you have lost income as a result of the involved accident, please state the dates of disability and the amount of income lost for each period of disability.

10.

If you have received or are entitled to receive compensation from a third party (including employers and insurance companies) for any of the expenses, lost wages or damages incurred in the incident giving rise to this litigation, please:

(a) Identify the source of such rights or payments;

(b) If the source was an insurance company, state the policy and/or claim number;

EXHIBIT K

 (c) Identify the person(s) with whom you communicated (and/or who communicated with you) concerning payment;

 (d) Itemize the payments which you received, specifying the expenses for which compensation was paid;

 (e) If a workers' compensation claim has been made or you have otherwise suffered a personal injury since the accident, please state the claim number, the date of the injury, and itemize all payments received as a result of that claim.

11.

If you have received any treatment with respect to the injuries allegedly suffered as a result of the incident described in the Complaint, please provide the name and address of each hospital, including the dates of entry into and the dates of discharge from each hospital at which you were treated or admitted, and provide the name and address of each doctor or practitioner of any healing art whatsoever, including chiropractors, who has examined, treated, or conferred with you with respect to the injuries alleged and the dates of such examination, treatment or conference, and include an itemization of the charges rendered by each of the hospitals or practitioners listed.

12.

As to any medical or psychological attention you have received within the five (5) years immediately preceding the incident that is the subject matter of this lawsuit, please state:

 (a) The name and address of each and every physician, surgeon, practitioner of any healing art or hospital who as treated you or where you have received treatment;

 (b) The date of each visit or admission to said physician, surgeon, practitioner or any healing art or hospital or, if each date is unknown, the date of the first visit or admission and the date of the last visit or discharge from the hospital;

(c)     The reason for such examination, treatment or hospitalization.

13.

If you have ever received any psychological, emotional or brain injury related treatment, including counseling, prior to the incident that is the subject matter of this lawsuit, please provide the dates of the treatment and the names and addresses of the persons or health care facilities that provided the treatment.

14.

State the names and addresses of any and all experts whom you expect to testify on your behalf at the trial of this case, and as to each, please state the following:

(a)     The expert's name, residential and business address;

(b)     The subject matter on which the expert is expected to testify;

(c)     The substance of the facts and opinions to which the expert is expected to testify;

(d)     A summary of the ground for each opinion;

(e)     Whether such expert has furnished to you or your attorney a written report, and, if so, the date of such report and the person having possession and control of such report;

(f)     The date on which the expert was first retained.

15.

If you have ever been involved in any other accident or incident causing an injury of any kind either before or after the incident referred to in the Complaint, please state the date and place of such accident or incident, and a detailed description of all the injuries that you received, the names and addresses of any hospital or practitioners of the healing arts rendering treatment, and if

you were compensated in any manner for any such injury, state the names and addresses of each and every person or organization paying such compensation and the amount thereof.

16.

If you have ever before had the same or similar symptoms as those alleged to have been caused by the incident referred to in the Complaint, please describe the symptoms previously suffered and state the dates the symptoms were present together with the names and addresses of all practitioners of the healing arts or institutions rendering treatment for these symptoms.

17.

If you have ever had any serious illness, sickness, disease or operation, or if you have ever been hospitalized, either before or after the incident referred to in the Complaint, please state the date and place, a detailed description of your symptoms, the names and addresses of any hospitals or practitioners of the healing arts rendering treatment.

18.

Specifically identify all acts and omissions of every person, firm, corporation or other entity which you contend caused or contributed to the alleged damages sustained by you as a result of the occurrence in question.

19.

Please fully describe each and every documentary or other tangible evidence which you contend supports your allegations of negligence, causation or damage and/or any fact or circumstance related to your claim against Defendants, stating as to each item, the nature, form and subject matter or contents.

20.

If, at any time, you have made a claim for bodily injuries of any nature against a person, firm, corporation or insurance company, please state the following:

(a) The nature and date of such claim;

(b) The name of the person, firm, corporation or insurance company against whom your claim was made;

(c) The name of the claims representative, adjuster or other personnel with whom you talked or corresponded;

(d) The outcome of your claim, including any amounts paid to you.

21.

If you have ever been involved in any legal action, either as a defendant or a plaintiff, including any Worker's Compensation claim, please state the date and place such action was filed, the name of the court, the name of the other party or parties involved, the number of such actions and a description of each, the identity of the attorneys representing each party, and the result of each such action.

22.

Identify each person from whom any statement has been taken regarding any issue made by the pleadings in this case, being sure to include in your answer any statement or testimony given at traffic court with regard to any citations issued to any driver involved in the subject collision. For each statement, give the date thereof and identify the person taking the statement, and identify such person's employer. With regard to each such statement, identify the person having custody of the statement, and for each such statement indicate whether it is written, recorded, or taken down by stenographer or court reporter.

23.

If there are any photographs, drawings or other graphic representations of the scene of the incident complained of in this action or the damaged parts of any vehicle, please fully describe each such photograph, drawing, or graphic representation, giving as to each the date and by whom it was made, the subject matter represented and the form, whether photographic print, transparency, diagram, plat, et cetera.

24.

Please state the names, addresses, telephone numbers, places of employment, job titles or capacities and present whereabouts of all agents, servants, employees, representatives, private investigators or others who made any investigation of the occurrence complained of in this case on your behalf.

25.

Please provide the name and address of the insurance company (or companies) from whom you did or could have received PIP or medical payments benefits as a result of the incident that is the subject matter of your Complaint and the amount of benefits that were available.

26.

Please provide the name and address of any health insurance carriers with whom you were an insured at the time of the incident that is the subject matter of your Complaint.

27.

Please provide the phone number for your cell phone on the date of the subject collision, the name of your phone service provider for that phone, and the name on the said provider account.

/s/ *William Allred*
William Allred, #000320
Elizabeth G. Howard, #100118
*Attorneys for Defendants*

**BARRICKMAN, ALLRED & YOUNG, LLC**
5775 Glenridge Dr NE Ste E100
Atlanta, GA  30328
404-790-0123 – Allred
404-538-1225 - Howard
wsa@bayatl.com
egh@bayatl.com

**EXHIBIT K**

**CERTIFICATE OF SERVICE**

This is to certify that I have served the foregoing ***Defendant Speed Intermodal's First Continuing Interrogatories to Plaintiff*** upon all parties, by depositing true and correct copies of same via electronic file and serve *through PeachCourt* to the following:

> Jason N. Slate, Esq.
> Ali Awad Law, P.C.
> 200 Peachtree St NW Ste 201
> Atlanta, GA  30303
> [jason@ceolawyer.com](mailto:jason@ceolawyer.com)
> *Attorney for Plaintiff*

This 31st day of March, 2023.

>> */s/ William Allred*
>> William Allred

**EXHIBIT K**

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MIRIAM QUIROZ MORALES, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| vs. ) | NO: 23-A-549 |
| ) | |
| INDERJIT SINGH KHANGURA, SPEED ) | |
| INTERMODEL AND WESCO ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SPEED INTERMODAL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

COMES NOW SPEED INTERMODEL, Defendants, and without waiving its affirmative defenses, serves this Request for Production of Documents on Plaintiff, Miriam Quiroz Morales pursuant to O.C.G.A. § 9-11-34. Plaintiff is requested to produce to the undersigned counsel, within thirty-three days of service of this Request for Production of Documents, the documents and items requested herein. Said documents and items are alleged to be in Plaintiff's possession, custody or control and are pertinent to the issues in this case.

1.

All written statements or reports of any kind prepared by all persons, firms or corporations who, to your knowledge, have investigated any aspect of or physical object involved in this case.

2.

All statements, whether written or recorded, which have been obtained by you or someone acting on your behalf, from any person listed in any answer to Defendant Speed Intermodal's First Continuing Interrogatories to Plaintiff.

EXHIBIT K

3.

Please produce all charts, reports, medical records, psychological records, statements, bills or other documents concerning any medical or psychological examination, treatment or counseling received by you as a result of the occurrence in question.

4.

If you contend that you have lost any wages as a result of the incident, which is the subject matter of the instant action, please produce any and all documentation evidencing that time you claim to have lost from your work and any wages you might have lost as a result thereof.

5.

Please produce any and all estimates of repair, repair bills or expenses incurred by you or on your behalf for damages done to your motor vehicle or the vehicle in which you were riding and all salvage bids which were submitted on that vehicle after the occurrence in question.

6.

Please produce each and every photograph, drawing or graphic representation of any person, place or thing relating to the occurrence in question.

7.

All proofs of loss, Med-Pay applications or claim forms, subrogation agreement, assignments or any other related insurance documents which you have executed in connection with any payment made to you by an insurer or other person in connection with the occurrence which forms the basis of the pending action.

8.

Please produce all documents reflecting payment to you or on your behalf by any person, insurance company or other entity, other than Defendants, for expenses, lost wages or damages arising from the incident referenced in your Complaint.

9.

Please produce each and every document, letter or other tangible item which you contend evidences any fact or circumstance relating to your claim against Defendants, including, but not limited to, those documents you plan to produce at trial and specifically identify such documents.

10.

Please produce each and every document not previously requested which is referenced in response to Defendant Speed Intermodal's First Continuing Interrogatories to Plaintiff.

11.

Please produce all reports, letters, opinions, measurements, videos, photographs, calculations, models, authoritative texts prepared by or provided to you by each and every expert whom you expect to testify on your behalf at trial.

12.

Please produce all diaries, memoranda, notes or other documents, which were kept or prepared by you concerning your physical and/or mental condition after the incident that is the subject matter of your Complaint.

13.

Statement or record from your cell phone service provider for the cell phone you were using the day of the accident in question for the block of time beginning twelve hours before the subject accident and extending twelve hours after the subject collision.

*/s/ William Allred*
William Allred, #000320
Elizabeth G. Howard, #100118
*Attorneys for Defendants*

**[signatures continue on next page]**

Page **3** of **5**

# EXHIBIT K

**BARRICKMAN, ALLRED & YOUNG, LLC**
5775 Glenridge Dr NE Ste E100
Atlanta, GA  30328
404-790-0123 – Allred
404-538-1225 - Howard
wsa@bayatl.com
egh@bayatl.com

Page **4** of **5**

EXHIBIT K

## **CERTIFICATE OF SERVICE**

This is to certify that I have served the foregoing ***Defendant Speed Intermodal's First Request for Production of Documents to Plaintiff*** upon all parties, by depositing true and correct copies of same via electronic file and serve *through PeachCourt* to the following:

Jason N. Slate, Esq.
Ali Awad Law, P.C.
200 Peachtree St NW Ste 201
Atlanta, GA  30303
jason@ceolawyer.com
*Attorney for Plaintiff*

This 31st day of March, 2023.

*/s/ William Allred*
William Allred

**EXHIBIT K**