**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PAMELA MONASTRA, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION FILE No.** |
| ) | |
| v. ) | |
| ) | |
| SKANSKA USA, INC., ) | |
| ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Pamela Monastra ("Plaintiff") files this Complaint against her former employer, Skanska USA, Inc. ("Skanska" or "Defendant") alleging a violation of the Title VII of the Civil Rights Acts of 1964 42 U.S.C. § 2000(e), *et seq* and the Equal Pay Act, 29 U.S.C. § 206 ("EPA"), as follows:

### FACTUAL ALLEGATIONS

1.

Defendant hired Plaintiff as a Senior Director of Communications on August 7, 2013.

2.

Plaintiff's last position prior to her termination on June 25, 2021, was Senior

Vice President, Head of Communications.

3.

At the time of her termination, Plaintiff had completed 7 years and 10.5 months of full-time employment with Defendant.

4.

Defendant's most recent assessment of Plaintiff's performance prior to her termination rated her as "exceeding expectations."

5.

Plaintiff had consistently exceeded expectations during her employment.

6.

Plaintiff experienced no disciplinary actions prior to her termination.

7.

Plaintiff received no warning that her performance was unacceptable or that she was facing termination prior to the date of her termination.

8.

When Defendant terminated Plaintiff's employment, it refused to pay her severance.

9.

Defendant maintains a written policy promising to pay severance benefits in the event of termination.

10.

However, contrary to its own policy, Defendant refused to pay severance benefits to Plaintiff, who is a woman, while it paid severance to Plaintiff's similarly situated male colleagues.

11.

Defendant claimed, falsely, that it terminated Plaintiff "for cause" due to her poor performance.

12.

Upon information and belief, the following male employees, among others, were paid severance, even in instances where the employee was fired "for cause":

Sal Taddeo, Executive Vice President;

Robert Rose, Vice President of Operations;

Len Vetrone, Regional Executive Officer;

Steven Skinner, Executive Vice President;

John White, Senior Vice President of Special Projects;

John Reyhan, Executive Vice President and General Manager;

Brian Freeman, Executive Vice President and General Manager;

Marty Massey, Senior Vice President of Operations;

Fred Hames, Executive Vice President and General Manager;

Raul Rosales, Executive Vice President and General Manager;

David Skinner, Operations Manager;

MacAdam Glinn, Senior Vice President and Account Manager;

Mark Dumas, Vice President Environmental Health & Safety;

John Krovic, Senior Vice President Human Resources;

Mark Zangrando, Senior H.R. Director, Talent Acquisition & Mobility;

Don Crotty, Senior Vice President, Life Sciences Center of Excellence;

Tom Tingle, Senior Vice President, Sports & Entertainment;

Daniel Moldando, Senior Vice President of Business Development;

Jim O'Shea, Chief Ethics, Compliance & Administrative Officer;

Mark Miller, Senior Vice President;

Randy McNeely, Senior Vice President and Account Manager; and

Michael Iacovella, Vice President for Communications.

13.

Not all details of the severance paid to these similarly situated employees are known because Defendant required some or most of the individuals listed to sign non-disclosure agreements as part of their severance and not all former employees are willing to speak publicly about their terminations and severance payments.

14.

The above-named employees are all similarly situated to Plaintiff in all material respects in relation to Defendant's severance policy. That is, these men were

all members of management and senior management and they all held titles of Vice President, including Senior and Executive Vice Presidents. There is no material difference between Plaintiff and these individuals that would justify the non-payment of severance based on Plaintiff's position or performance.

15.

Plaintiff will seek copies of all relevant pay and severance records in discovery to support her allegations. Such information is in the exclusive possession of Defendant and the individuals who are contractually obligated not to disclose it.

16.

Because the payment of severance constitutes the payment of wages and benefits, as defined under the Equal Pay Act, Defendant's failure to pay severance to Plaintiff while paying severance to her male counterparts constitutes discrimination in violation of the Equal Pay Act.

17.

Severance pay is a term of employment and Defendant's failure to pay severance to Plaintiff as it did to her male management colleagues constitutes discrimination in violation of Title VII.

## PARTIES

18.

Skanska USA is one of the largest construction and development companies in the United States with over 7,000 employees and over $6.4 billion in annual revenue.

19.

Skanska USA is a subsidiary of Skanska Group, headquartered in Stockholm, Sweden.

20.

Skanska USA maintains an office in Atlanta, Georgia located at 245 Peachtree Center Ave NE, Suite 2500.

21.

Skanska may be served with a summons and this complaint through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia, 30092.

## JURISDICTION AND VENUE

22.

This Court has original jurisdiction over Plaintiff's claims pursuant to 28

U.S.C. § 1331 because the claims raise questions under federal law.

23.

This Court has personal jurisdiction over Skanska because it maintains an office and a registered agent in this judicial district.

24.

Venue is appropriate in this Court under 28 U.S.C. § 1391 as the acts and omissions giving rise to Plaintiff's claims occurred within this judicial district.

## **PRIOR ADMINISTRATIVE PROCEEDINGS**

25.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 30, 2021, alleging sex discrimination in violation of Title VII.

26.

The EEOC issued Plaintiff a Notice of Rights Letter on or about March 17, 2023.

27.

This action is commenced within 90 days of Plaintiff's receipt of the EEOC's Notice of Rights letter.

## VIOLATION OF THE EQUAL PAY ACT

28.

Skanska employed Plaintiff as defined under the EPA, 29 U.S.C. § 203(d).

29.

Skanska is subject to this private action pursuant to 29 U.S.C. 216(d).

30.

At all times relevant, Plaintiff performed work equal to that of her male counterparts, including those listed above under paragraph 11, above.

31.

Nonetheless, Skanska paid Plaintiff $0 under its severance policy, while it paid thousands of dollars each to Plaintiff's colleagues and counterparts listed above.

32.

It is a violation of the EPA to pay a woman less in wages and compensation, including severance compensation, than a man who performs the same or a substantially similar job.

33.

As a direct and proximate result of Skanska's decision to deny payment of severance, Plaintiff has been denied equal pay as that given to male employees of equal rank.

34.

Plaintiff is entitled to back pay and liquidated damages for Skanska's willful violation of the EPA, along with her attorneys' fees and costs.

TITLE VII

35.

Under 42 U.S.C. § 2000-e(a)(1) "to discriminate against any individual with respect to … compensation, terms, conditions, or privileges of employment, because of such individual's … sex."

36.

Denying Plaintiff severance pay while paying severance pay to other similarly situated and in some cases worse performing male employees, constitutes discrimination in the compensation, terms, conditions, and privileges of employment.

**PRAYER FOR RELIEF**

Based on the allegations set forth in this Complaint, and the evidence as it is developed, Plaintiff respectfully requests:

(a) That she be granted a jury trial on all issues so triable;

(b) That upon consideration of the evidence and her claim, that the Court enter judgment against Defendant for its violation of the Equal Pay Act;

(c) Monetary relief, including:

      i)      Back pay in an amount proven;

      v)     Liquidated damages in an amount equal to her back pay;

     vi)    Reasonable costs and attorney fees; and

     vii)   Prejudgment interest;

(d)  Such other relief that the Court deems just and proper.

Respectfully submitted: March 31, 2023.

                                            */s/ Andrew Y. Coffman*
                                            Andrew Y. Coffman
                                            Georgia Bar No. 173115
                                            Evan P. Drew
                                            Georgia Bar No. 747996
                                            acoffman@pcwlawfirm.com
                                            edrew@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 14th Street NE, 26th Floor
Atlanta, Georgia 30309
T: (404) 873-8000

*Counsel for Plaintiff*