IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| XGS ACQUISITION, LLC | ) |
| | ) |
| Petitioner, | ) |
| | ) CASE NO: |
| v. | ) |
| | ) |
| ALLIED WORLD SURPLUS | ) |
| LINES INSURANCE CO., | ) |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

## NOTICE OF REMOVAL

Respondent Allied World Surplus Lines Insurance Co. ("Allied World") hereby files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) of the above-captioned action filed in the Superior Court of Fulton County, Georgia, and in support thereof states as follows:

## INTRODUCTION

1. On February 27, 2023, Petitioner XGS Acquisition, LLC ("Acquisition") commenced this action by filing a Petition to Confirm AAA Arbitration Award (the "Petition") in the Superior Court of Fulton County, Georgia. The case was docketed as 2023-CV-376796.

2. The Petition seeks to have an arbitration award rendered by a three-arbitrator panel sitting in New York (the "Panel") confirmed.

1

3. Removal is proper here because this Court has subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and Allied World has satisfied the procedural requirements for removal.

**BASIS FOR REMOVAL**

I. **Removal is Proper Because This Court Has Subject Matter Jurisdiction Under 28 U.S.C. §§ 1332 and 1441(b).**

4. This Notice of Removal is based upon diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

5. Diversity jurisdiction exists where the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Stewart v. Circle K Stores, Inc.*, No. 1:22-CV-4738-TWT, 2023 WL 2507569, at *1 (N.D. Ga. Mar. 14, 2023).

A. **There is Complete Diversity of Citizenship Among the Parties.**

6. Allied World is a corporation. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Allied World is incorporated under the laws of Arkansas with its principal place of business in New York, New York. Allied World is thus a citizen of both Arkansas and New York.

7. Acquisition is a limited liability company organized under the laws of Delaware with its principal place of business in Atlanta, Georgia.

8. A limited liability company takes the citizenship of all of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The Petition does not plead the place(s) of citizenship of the members of Acquisition. The citizenship of the members of Acquisition are as follows:

- Mosaic Investments, Inc. is a corporation incorporated in Georgia with its principal place of business in Georgia.

- Xpress Holdings, Inc. is a corporation incorporated in Nevada with its principal place of business in Nevada.

- XGS Holdings, LLC is a Delaware LLC whose individual members Allied World believes are Murad Karimi and Lawrence Gildersleve, who are both domiciled in Georgia.

- Mosaic-XGS, LLC is a Georgia LLC whose sole member Allied World believes is Murad Karimi, who is domiciled in Georgia.

- PCH Holdings Group, LLC is a Delaware LLC whose sole member Allied World believes is David Panton, who is domiciled in Georgia.

9. Based on the above, there is complete diversity of citizenship between the parties in this action.

### B. The Amount-in-Controversy Requirement Is Satisfied.

10. To determine the amount in controversy, courts look first to the plaintiff's state-court petition. *Farmer v. Ford Motor Co.*, 1:05-CV-1254-GET, 2005 WL 3096067, at *1 (N.D. Ga. Nov. 14, 2005) ("The court must first look to

the face of the complaint to determine whether the amount in controversy exceeds the jurisdictional requirements.").

11. There is a rebuttable presumption that the face of the complaint is a good-faith representation of the actual amount in controversy. *Fastcase, Inc. v. Lawriter, LLC*, 229 F. Supp. 3d 1301, 1305 (N.D. Ga. 2017). To overcome this presumption, the party opposing jurisdiction must show to a "legal certainty" that the amount recoverable does not meet the jurisdictional threshold. *Id.*

12. Here, the Petition alleges that the amount in controversy is $7,426,791, exclusive of interest and costs, which exceeds the jurisdictional, amount-in-controversy threshold of $75,000. *See* Acquisition's Petition at ¶ 37.

## II. Allied World Has Satisfied the Procedural Requirements for Removal.

13. Acquisition filed the Petition in the Superior Court of Fulton County, Georgia on February 27, 2023.

14. 28 U.S.C. § 1446(b)(1) speaks to the timing of a notice of removal: "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based." (Emphasis added).

15. While Acquisition's Affidavit of Service claims that the Petition was served on Allied World on March 2, 2023, Acquisition's attempted service was

defective. Even if Acquisition's service had not been defective, Allied World's instant notice of removal is still being filed within 30 days of that purported service and is thus timely.[1]

16.     Copies of all process, pleadings, and other papers previously served on Allied World are attached hereto as <u>Exhibit A</u> as required by 28 U.S.C. § 1446.

17.     Concurrently with the filing of this Notice, Allied World is also filing a true and correct copy of this Notice with the Clerk of the Superior Court of Fulton County, Georgia pursuant to 28 U.S.C. § 1446(d).

18.     Venue is proper in this Court under 28 U.S.C. §§ 90(a)(2) and 1441(a) because the United States District Court for the Northern District of Georgia, Atlanta Division, is the federal judicial district and division embracing the Superior Court of Fulton County, Georgia. *Id.*

19.     By filing this Notice of Removal, Allied World does not waive any jurisdictional objection or other defenses—including, without limitation, regarding the invalidity of Acquisition's attempted service of process—available to it under the law.

---

[1] Allied World reserves all rights to challenge the validity of Acquisition's attempted service of process of its Petition on Allied World.  Nonetheless, in the event that attempted service of process on March 2, 2023 was, in fact, proper and valid (it was not), Allied World's 30-day deadline to remove under 28 U.S.C. § 1446(b)(1) would be April 3, 2023, and so this notice of removal is filed timely.

**WHEREFORE**, notice is given that this action is removed from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 3rd day of April, 2023.

        **GREENBERG TRAURIG, LLP**

*/s/ Justin K. Victor*
Justin K. Victor
Georgia Bar No.: 105516
Terminus 200, Suite 2500
3333 Piedmont Road NE
Atlanta, Georgia 30305
Tel.: (678) 553-2100
Fax: (678) 553-2212
Email: victorj@gtlaw.com

*Counsel for Respondent Allied World Surplus Lines Insurance Co.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** on April 3, 2023 I electronically filed the foregoing with the Clerk of the Court, using CM/ECF. I also certify that a true and correct copy of the foregoing has been furnished to the individuals listed below via e-mail upon:

Jason J. Carter
carter@bmelaw.com
Fredric J. Bold, Jr.
bold@bmelaw.com
Zoe M. Beiner
beiner@bmelaw.com
**Bondurant Mixson & Elmore LLP**
3900 One Atlantic Center
1201 West Peachtree Street NW
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile (404) 881-4111

*Counsel for Petitioner XGS Acquisition, LLC*

          */s/ Justin K. Victor*
          Justin K. Victor

          *Counsel for Respondent Allied World Surplus Lines Insurance Co.*