IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. ) |
| v. | ) **FILED UNDER SEAL** ) JURY TRIAL DEMANDED ) **UNSEALED 9/29/2022** |
| MAURICIO CHAVEZ, GIORGIO BENVENUTO, and CryptoFX, LLC, | ) ) ) ) |
| Defendants, | ) ) |
| CBT GROUP, LLC, | ) ) |
| Relief Defendant. | ) ) |

## TEMPORARY RESTRAINING ORDER AND ORDERS: (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (3) GRANTING EXPEDITED DISCOVERY; (4) REQUIRING SWORN ACCOUNTINGS; (5) PERMITTING ALTERNATIVE MEANS OF SERVICE; AND (6) SETTING HEARING DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

This matter came before the Court upon the *Ex Parte* Motion of Plaintiff U.S. Securities and Exchange Commission ("SEC") for a Preliminary Injunction, Temporary Restraining Order, Asset Freeze, Appointment of Receiver, and Other Emergency Relief and Brief in Support (the "TRO Application").

The Court, having considered the SEC's Complaint, the TRO Application, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that:

1. This Court has jurisdiction over the parties to, and the subject matter of, this action, and the SEC is a proper party to bring this action seeking the relief sought in its Complaint, and its motion.

2. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(d), by evidence establishing a *prima facie* case and reasonable likelihood that Defendants Mauricio Chavez, Giorgio Benvenuto, and CryptoFX, LLC have engaged in, are engaging in, are about to engage in, and unless restrained and enjoined will continue to engage in transactions, acts, practices, and courses of business that constitute violations of Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a) and (c) and 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1) and (2) of the Advisers Act [15 U.S.C. §§ 80b-6(1)-(2)].

3. Good cause exists to believe that Defendants and Relief Defendant used improper and unlawful means to obtain investor funds and assets and that investor funds have been misappropriated and misapplied, as described in the SEC's Complaint and in the TRO Application. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants and Relief Defendant will dissipate, conceal, or transfer assets that could be the subject to an order directing disgorgement or the payment of civil money penalties in this action.

4. There is good cause to believe that Defendants and Relief Defendant do not have sufficient funds or assets to satisfy the relief that might be ordered in this action.

5. There is good cause to believe that the assets, in whatever form they exist, that are owned, controlled, or possessed by Defendants and Relief Defendant should be frozen to preserve the status quo and to prevent any misappropriation, misapplication, dissipation, or other action taken to the detriment of investors.

6. Good cause exists to believe that requiring notice to the Defendants and Relief Defendant of the SEC's motion for this Order would result in immediate and irreparable injury, loss, or damage to the SEC and to investors. It is appropriate for the Court to issue, *ex parte*, a Temporary Restraining Order, an Asset Freeze, and the other orders, below, so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

7. Good cause exists to believe that an accounting of assets is necessary to determine the disposition of investor funds and to ascertain the total assets that should continue to be frozen.

8. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants and Relief Defendant may alter or destroy documents relevant to this action, and it is necessary to preserve and maintain the business records of the Defendants and Relief Defendant from destruction.

9. The timing restrictions of FED. R. CIV. P. 26(d), 26(f), 30, and 34 should not apply to this proceeding in light of the SEC's requested relief and its demonstration of good cause, and that expedited discovery is appropriate to permit a prompt and fair hearing on the SEC's motion for preliminary injunction.

The Court therefore grants the following relief without prejudice to any of the remaining relief requested by Plaintiff in its Motion for Preliminary Injunction, *Ex Parte*

Temporary Restraining Order, Asset Freeze, Appointment of Receiver, and Other Ancillary Relief.

**IT IS THEREFORE ORDERED:**

I.

**Temporary Restraining Order**

10. Defendants are temporarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

11. As provided in FED. R. CIV. P. 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

12. Defendants are temporarily restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use

of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

13. As provided in FED. R. CIV. P. 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

14. Chavez and CryptoFX are temporarily restrained and enjoined from violating Sections 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a) & (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

15. As provided in FED. R. CIV. P. 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Chavez's and CryptoFX's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Chavez or CryptoFX or with anyone described in (a).

16. Chavez is temporarily restrained and enjoined from violating Sections 206(1) and (2) of the Advisers Act [15 U.S.C. §§ 80b-6(1)-(2)], directly or indirectly, through the use of the mails or any means or instrumentality of interstate commerce, while acting as an investment adviser within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)], by: (a) employing a device, scheme, or artifice to defraud a client or prospective client; and/or (b) engaging in a transaction, practice, or course of business which operated as a fraud or deceit upon a client or prospective client.

17. As provided in FED. R. CIV. P. 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Chavez's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Chavez or with anyone described in (a).

## II.

## Asset Freeze Order

18. This Order shall not limit the powers or obligations bestowed upon a receiver if one is appointed by this Court.

19. Defendants and Relief Defendant and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds, incurring any additional liability (including, specifically, by advances on any line of credit and any charges on any credit card), or effecting any sale, gift, hypothecation or other disposition of any assets, securities, investments, digital currencies, virtual currencies, cryptocurrencies, or any other tangible or intangible assets pending provision of sufficient proof to the Court of sufficient funds or assets to satisfy all claims alleged in the SEC's Complaint, or the posting of a bond or surety sufficient to assure payment of any such claim.

20. Any bank, trust company, broker-dealer, depository institution, third-party payment processor, coin exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, cryptocurrencies, or other depository institution holding accounts for or on behalf of any of the Defendants and Relief Defendant shall make no transactions in funds, assets, securities, investments, digital currencies, virtual currencies,

cryptocurrencies, or any other tangible or intangible assets (except liquidating transactions necessary to comply with a court order or to avoid wasting assets) and shall make no disbursements of assets, securities, investments, funds, digital currencies, virtual currencies, cryptocurrencies, or any other tangible or intangible assets (including extensions of credit or advances on existing lines of credit), including the honor of any negotiable instrument (including specifically, any check, draft, or cashier's check) purchased by or for Defendants or Relief Defendant pending further order of this Court.

21. The SEC may cause a copy of this Order to be served on any bank, trust company, broker-dealer, depository institution, third-party payment processor, coin exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, cryptocurrencies, or on any entity or individual either by United States mail, email, or facsimile as if such service were personal service, to restrain and enjoin any such institution, entity, or individual from disbursing assets, directly or indirectly, to or on behalf of Defendants or Relief Defendant, or any companies or persons or entities under their control.

22. All other individuals, corporations, partnerships, limited liability companies and other entities are hereby restrained and enjoined from disbursing any funds, securities, or other assets or property obtained from Defendants or Relief Defendant without adequate consideration.

23. All banks, savings and loan associations, savings banks, trust companies, broker dealers, commodities dealers, investment companies, other financial or depository institutions and investment companies, third-party payment processors, coin exchanges, any other holder or custodian of any digital assets, digital currencies, virtual currencies, cryptocurrencies, individuals, corporations, partnerships, limited liability companies, or other

artificial entities that holds or has held, controls or has controlled, or maintains or has maintained custody of any of Defendants' or Relief Defendant's funds, securities, or other property at any time since January 1, 2020 shall:

    A.    Prohibit Defendants or Relief Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendants' and Relief Defendant's assets, except as directed by further Order of the Court;

    B.    Deny Defendants or Relief Defendant and all other persons access to any safe deposit box that is: (i) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendant, either individually or jointly; or (ii) otherwise subject to access by Defendants or Relief Defendant;

    C.    Provide counsel for the Commission, or any Receiver appointed in this matter, within five (5) business days of receiving a copy of this Order, a statement setting forth: (i) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendant, either individually or jointly; (ii) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (iii) the identification of any safe deposit box that is owned controlled, managed, or

9

held by, on behalf of, or for the benefit of Defendants or Relief Defendant, either individually or jointly, or is otherwise subject to access by Defendants or Relief Defendant; and

D. Upon request by the Commission, or any Receiver appointed in this matter, promptly provide the Commission and the Receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe deposit box logs.

E. For purposes of explanation, but not limitation, the Court specifically provides that Paragraph 23 applies to all companies, entities, or individuals who hold any assets of the Defendants or Relief Defendant, including, but not limited to, the following accounts and institutions:

| Bank Name | Account Name | Account No. (Last 4 Digits) |
|---|---|---|
| Cadence Bank, N.A. | Mauricio A. Chavez | -9455 |
| Cadence Bank, N.A. | Mauricio A. Chavez (savings) | -5647 |
| Cadence Bank, N.A. | Maurizzio Group LLC | -7137 |
| Cadence Bank, N.A. | CryptoFX LLC | -7103 |
| Cadence Bank, N.A. | CryptoFX LLC | -7129 |
| First Citizens Bank | Maurizzio Group LLC | -6456 |
| J.P. Morgan Chase Bank, N.A. | Mauricio Antonio Chavez DBA Maurizzio Group | -0950 |
| J.P. Morgan Chase Bank, N.A. | Mauricio A. Chavez | -6989 |
| Lone Star Bank | Maurizzio Group LLC | -0419 |
| People's Trust Credit Union | Mauricio Antonio Chavez | -2018 |
| People's Trust Credit Union | Maurizzio Group LLC | -4909 |
| PNC Bank | Mauricio Chavez | -1156 |
| Cadence Bank, N.A. | CBT Group LLC | -7654 |

| Lone Star Bank | CBT Group LLC | -0427 |
| Simmons Bank | CBT Group LLC | -9557 |

and further to any and all accounts held by any online platform including but not limited to Coinbase, Inc.

## III.

## Document Preservation Order

24. Except as otherwise ordered by this Court, each of the Defendants and Relief Defendant be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), and any accounts, account passwords, computer passwords, device PINs and passwords, cryptographic keys, or digital wallets, pertaining in any manner to Defendants and Relief Defendant.

25. As provided in FED. R. CIV. P. 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) officers, agents, servants, employees, and attorneys of either of the Defendants and Relief Defendant; and (b) other persons in active concert or participation with either of the Defendants or Relief Defendant or with anyone described in (a).

11

## IV.

## Sworn Accounting

26. Defendants and Relief Defendant shall provide a sworn accounting, under oath, within ten (10) days of the issuance of this Order or three (3) days prior to any hearing on the Commission's Motion for Preliminary Injunction and other relief, whichever is sooner. The accounting shall detail by amount, date, method and location of transfer, payee and payor, purpose of payment or transfer: (a) all investor monies and other benefits received, directly and indirectly, from or as a result of the activities alleged in the Complaint or thereafter transferred; (b) all monies and other assets received, directly or indirectly, from investors; (c) all of their current assets wherever they may be located and by whomever they are being held, and their current liabilities; and (d) all accounts with any bank, credit union, trust company, financial or brokerage institution maintained for the Defendants or Relief Defendant at any point during the period from January 1, 2020 to the present. The accounting shall be sufficient to permit a full understanding of the flow of investor funds from the investor to its present location to the extent known by the Defendants or Relief Defendant or within their power to learn. The accounting and all documents reviewed in the course of the preparation thereof or otherwise pertaining thereto shall be filed with the Court and delivered by email or overnight courier to:

Matthew J. Gulde
U.S. Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, Texas 76102

12

by the deadline set forth above. After completion of the accounting, each of the Defendants and Relief Defendant shall produce to the SEC, at a time agreeable to the SEC, all books, records, and other documents supporting or underlying their accounting.

## V.

## Expedited Discovery

27. Commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, discovery shall proceed as follows:

    A.    All parties shall comply with the provisions of Rule 45 of the Federal Rules of Civil Procedure regarding issuance and service of subpoenas unless the person designated to provide testimony or to produce documents or things agrees to provide the testimony or to produce the documents or things without the issuance of a subpoena and/or to do so at a place other than one at which testimony or production can be compelled.

    B.    Any party may notice and conduct depositions upon oral examination subject to minimum notice of 72 hours.

    C.    All parties shall produce for inspection and copying all documents and things that are requested within 72 hours of service of a written request for those documents and things.

    D.    All parties shall serve written responses to any other party's request for discovery within 72 hours. The documents, responses, and other things being

13

produced in response to requests described above shall be sent to the SEC addressed as follows:

> Securities and Exchange Commission
> Fort Worth Regional Office
> Attention: Matthew J. Gulde
> Burnett Plaza, Suite 1900
> 801 Cherry Street, Unit #18
> Fort Worth, TX 76102-6882
> Email: GuldeM@SEC.gov

The SEC's responses shall be sent to the other parties at such address(es) as may be designated by them in writing.

E. All discovery requests and responses may be served by the most expeditious means available, including by email and facsimile.

F. Written discovery propounded and depositions taken pursuant to this section of this Order shall not count against the limitations on the number or duration of written discovery and depositions set forth in the Federal Rules of Civil Procedure.

## VI.

### Alternative Means of Service

28. The United States Marshal in any District in which the Defendants and Relief Defendant reside, transact business, or may be found, is hereby authorized and directed to make service of process at the request of the SEC or any duly appointed agent of the Court in this case. Alternatively, if the U.S. Marshal is unavailable, any federal, state, county, or city law enforcement officer(s) is hereby authorized and directed to make service of process at the request of the SEC or any duly appointed agent of the Court in this case. Furthermore, the SEC is permitted to effect service upon the Defendants and Relief Defendant, their agents, or

their attorneys of all pleadings and other papers, including the Summons, the Complaint, the emergency motion, supporting brief and appendix, and court orders, personally, by facsimile, by electronic mail, by overnight courier, by mail, or by any other alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

## VII.

### Expiration of Temporary Restraining Order Only

29. The portion of this Order that constitutes a temporary restraining order shall expire at 12:00 noon on October 1, 2022, unless for good cause shown it is extended or the parties against whom it is directed consent that it may be extended for a longer period. All other provisions of this Order, including the asset freeze, shall remain in full force and effect until specifically modified by further order of this Court.

## VIII.

### Preliminary Injunction Hearing

30. At 10:00 a.m. on September 27, 2022, or as soon thereafter as the parties may be heard, the Defendants and Relief Defendant, and each of them, shall appear before the Honorable Andrew S. Hanen, Judge of the United States District Court for the Southern District of Texas, to show cause, if there be any, why this Court should not enter a preliminary injunction extending the asset freeze and other relief granted in this Order until a final adjudication on the merits may be had and to show cause why a receiver should not be appointed for all of the assets of Defendants and Reliant Defendant. Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and delivered to Matthew J. Gulde;

U.S. Securities and Exchange Commission; Burnett Plaza, Suite 1900; 801 Cherry Street, Unit 18; Fort Worth, Texas 76102 and served via email, facsimile, or by hand to the offices of the Defendants or their attorneys no later than four (4) full business days before the hearing. Any reply papers shall be filed with the Court and served via email, facsimile, or by hand to opposing counsel no later than 24 hours before the hearing.

## IX.

### Retention of Jurisdiction

31. This Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## X.

### Service

32. This order and all filings preceding this order shall be immediately served, by hand delivery, email, or fax, on the attorney representing Defendants and Relief Defendant. If not represented by counsel or if the identity of counsel is unknown to the SEC, then these documents shall immediately be served on that Defendant or one of its officers.

IT IS SO ORDERED.

Signed at 4:15 p.m. on this 19th day of September, 2022.

UNITED STATES DISTRICT JUDGE