IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GILBERT P. DOUGET,<br><br>  Plaintiff,<br><br>vs.<br><br>SOUTHEAST LOGISTICS & TRANSPORT, LLC DOING BUSINESS AS SOUTHEAST LOGISTICS, TERRANCE J. DAVIS and CHEROKEE INSURANCE COMPANY,<br><br>  Defendants. | § § § § § § § § § § § § § § § § § § §<br><br>CIVIL ACTION FILE<br><br>NO.: _____ |

**<u>DEFENDANTS' JOINT NOTICE OF REMOVAL</u>**

COME NOW **CHEROKEE INSURANCE COMPANY** and **SOUTHEAST LOGISTICS & TRANSPORT, LLC DOING BUSINESS AS SOUTHEAST LOGISTICS**, Defendants in the above-styled civil action, and **TERRANCE J. DAVIS**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and hereby remove Civil Action File No. 2023CV00459 from the State Court of Clayton County to the United States District Court for the Northern District of Georgia, Atlanta Division,

pursuant to Fed. R. Civ. P. 81(c) and 28 U.S.C. §§ 1332, 1441, and 1446, and, as grounds for their removal, state as follows:

## STATEMENT OF THE CASE

1.

Defendants have been sued in a civil action brought in the State Court of Clayton County, which is located within the Atlanta Division of the United States District Court for the Northern District of Georgia.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, orders and documents from the State Court Action have been attached as Defendants' Exhibit 1 (hereinafter "D-1").

2.

The present matter is an action for damages for bodily injury arising out of a May 10, 2022, motor vehicle accident involving Plaintiff and Defendant Terrance J. Davis.  D-1, Complaint, ¶ 4.  Plaintiff makes claims against Defendant Terrance J. Davis for ordinary negligence.  D-1, Complaint ¶¶ 5-6.  Plaintiff makes claims against Southeast Logistics & Transport, LLC Doing Business as Southeast Logistics for (i) imputed liability and (ii) negligent hiring, training, and supervision of Defendant Terrance J. Davis.  D-1, Complaint, ¶¶ 7-8.  Plaintiff makes claims

against Defendant Cherokee Insurance Company for direct action.  D-1, Complaint, ¶¶ 37-41.

3.

The Complaint was filed on February 23, 2023, in the State Court of Clayton County, Civil Action File No. 2023CV00459.  *See* D-1, Complaint.  Purported Defendant Terrance J. Davis was purportedly served February 25, 2023.  Defendant Cherokee Insurance Company was served on March 1, 2023.  Defendant Southeast Logistics & Transport, LLC Doing Business as Southeast Logistics was served on March 13, 2023.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

4.

Plaintiff is a citizen of the State of Georgia.  D-1, Complaint, ¶ 1.  Defendant Terrance J. Davis is, and was at the time this lawsuit was filed, a citizen of the State of Alabama.  D-1, Complaint, ¶ 4.  Defendant Southeast Logistics & Transport, LLC is, and was at the time this lawsuit was filed, a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Alabama.  Defendant Southeast Logistics & Transport, LLC's sole owner/member is P&S Acquisition, LLC.  P&S Acquisition, LLC is, and was at the time this lawsuit was filed, a limited liability company

organized under the laws of the State of Delaware, with its principal place of business in the State of Delaware.  P&S Acquisition, LLC's sole owner/member is PS Holdco, LLC.  PS Holdco, LLC is, and was at the time this lawsuit was filed, a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Delaware.  PS Holdco, LLC's sole owner/member is PS Parent, LLC.  PS Parent, LLC is, and was at the time this lawsuit was filed, a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Delaware.  PS Parent, LLC's sole owner/member is Carriage Purchaser, Inc.  Carriage Purchaser, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Delaware.  Defendant Cherokee Insurance Company is, and was at the time this lawsuit was filed, a corporation organized under the laws of the State of Michigan, with its principal place of business in the State of Michigan D-1, Complaint, ¶ 3.  Therefore, there is complete diversity of citizenship between the parties.

5.

Plaintiff's Complaint alleges that "[a]s a direct and sole proximate result of the breaches of duty and negligence of Defendants, Plaintiff suffered injuries and damages, including past and future medical expenses and other necessary

expenses, loss of enjoyment of life, mental and physical pain and suffering and emotional distress, including pre-impact fright." D-1, Complaint, ¶ 43.  Plaintiff further contends that he is entitled to recover for damages for severe and permanent injuries, pain, mental anguish and suffering, both past and future, medical expenses, both past and future in an amount to be proven at trial, permanent medical impairment and loss of enjoyment of life." D-1, Complaint, ¶ 46.

6.

On March 29, 2023, after defense counsel inquired about Plaintiff's claimed medical expenses and whether Plaintiff would agree to a $75,000.00 cap on damages, Plaintiff's counsel refused to consent to a damages cap of $75,000.00 and stated that the "case is worth far more than that."  *See* March 29, 2023 email communication attached as Defendant's Exhibit 2.

7.

In determining whether the requisite $75,000.00 amount in controversy has been established, jurisdiction "is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.,* 269 F.3d 1319 (11th Cir. 2001).  "If the jurisdictional amount is not facially apparent from the complaint, the court … may require evidence

relevant to the amount in controversy." *Id.* In the present case, given the damages claimed by Plaintiff, Defendants assert that it is facially apparent from Plaintiff's Complaint that the requisite $75,000.00 amount in controversy requirement has been met. Should the Court not, however, find that it is facially apparent from the Complaint that the amount in controversy requirement is met, the Court should also consider Plaintiff's counsel March 29, 2023 email communication wherein Plaintiff refused to agree to a damages cap of $75,000.00 and stated that the case is "worth far more than that." *See* D-2.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

8.

Defendants' Joint Notice of Removal is filed within 30 days from the date that Plaintiff served Defendant Southeast Logistics & Transport, LLC. Therefore, removal is timely in accordance with 28 U.S.C. § 1446(b).

9.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." As Defendants Terrance J. Davis, Southeast Logistics & Transport, LLC Doing Business as Southeast Logistics and Cherokee Insurance Company expressly

consent to the removal of this action, the requirements of 28 U.S.C. § 1446(b)(2)(A) have been met.

## CONCLUSION

By this Notice of Removal, Defendants do not waive any objections they may have to this action. Defendants intend no admission of fact, law or liability by this Notice and expressly reserve all defenses, motions and/or pleas.

WHEREFORE, purported Defendant Terrance J. Davis and Defendants Southeast Logistics & Transport, LLC Doing Business as Southeast Logistics and Cherokee Insurance Company pray that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 4th day of April, 2023.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

/s/ Jason G. Wyrick
**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Defendants Cherokee Insurance Company and Southeast Logistics & Transport, LLC, and Purported Defendant Terrance J. Davis*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ebrown@cmlawfirm.com

- 8 -

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned has this day electronically filed the within and foregoing **DEFENDANTS' JOINT NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Joseph Anthony Zdrilich. Esq. | Peter A. Law. Esq. |
| The Zdrilich Law Group, LLC | E. Michael Moran, Esq. |
| 3575 Koger Blvd., Suite 125 | Elizabeth A. Rose, Esq. |
| Duluth, GA  30096 | Law & Moran |
| joe@zinjurylaw.com | 563 Spring Street, N.W. |
| *Counsel for Plaintiff* | Atlanta, GA  30308 |
| | pete@lawmoran.com |
| | mike@lawmoran.com |
| | elizabeth@lawmoran.com |
| | *Counsel for Plaintiff* |

This 4th day of April, 2023.

        **CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

        /s/ Jason G. Wyrick
        **JASON G. WYRICK**
        Georgia Bar No. 143112
        **ELIZABETH W. BROWN**

Meridian II, Suite 2000        Georgia Bar No. 900146
275 Scientific Drive        *Attorneys for Defendants Cherokee*
Peachtree Corners, GA  30092        *Insurance Company and Southeast Logistics*
(404) 881-2622        *& Transport, LLC, and Purported*
(404) 881-2630 (Fax)        *Defendant Terrance J. Davis*
jwyrick@cmlawfirm.com
ebrown@cmlawfirm.com