e-Filed 2/23/2023 3:44 P

**General Civil and Domestic Relations Case Filing Information Form**

*Tiki Brow[n]*

Tiki Brov
Clerk of State Co[urt]
Clayton County, Geor[gia]
Shalonda Gre[en]

☐ Superior or ☒ State Court of **CLAYTON** _____ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed **2/23/2023** | Case Number | **2023CV00459** |
| MM-DD-YYYY | | |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DOUGET, GILBERT P. | | | | | SOUTHEAST LOGISTICS & TRANSPORT, LLC dba | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | SOUTHEAST LOGISTICS, TERRANCE J. DAVIS and | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | CHEROKEE INSURANCE COMPANY | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Joseph A. Zdrilich _____ **Bar Number** 569248 _____ **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ **Case Number** _____ **Case Number** _____

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

**EXHIBIT**

**D-1**

Version 1.1.18

*Tiki Brown*

**Tiki Bro**
**Clerk of State Co**
Clayton County, Geor
Shalonda Gre

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

GILBERT P. DOUGET

Plaintiff

Vs.

SOUTHEAST LOGISTICS & TRANSPORT, LLC d/b/a
SOUTHEAST LOGISTICS
r/a CT Corporation System
2 NORTH JACKSON ST., Suite 605
MONTGOMERY ALABAMA 36104

Defendant

2023CV00459

_____
Case Number

## **SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Joseph A. Zdrilich
Zdrilich Injury Law LLC
3575 Kroger Blvd, Ste. 125
Duluth, Georgia 30096
404-888-1111

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Shalonda Green

By:_____
Deputy Clerk

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
## 9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
### TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| GILBERT P. DOUGET |
| --- |
|  |
|  |

Plaintiff

2023CV00459

Vs.

Case Number

| TERRANCE J. DAVIS |
| --- |
| 205 Howard Irvin Drive |
| Eutaw, Greene County, Alabama 35462 |

Defendant

## **SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Joseph A. Zdrilich
Zdrilich Injury Law LLC
3575 Kroger Blvd, Ste. 125
Duluth, Georgia 30096
404-888-1111

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Shalonda Green

By:_____

Deputy Clerk

*Tiki Brown*

**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Shalonda Green

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

GILBERT P. DOUGET

Plaintiff

Vs.

CHEROKEE INSURANCE COMPANY

34200 Mound Road

Sterling Heights, Michigan 48310

Defendant

2023CV00459

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Joseph A. Zdrilich
Zdrilich Injury Law LLC
3575 Kroger Blvd, Ste. 125
Duluth, Georgia 30096
404-888-1111

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Shalonda Green

By:_____
Deputy Clerk

*Tiki Brow*
**Tiki Bro**
**Clerk of State Co**
**Clayton County, Geor**
**Shalonda Gre**

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **GILBERT P. DOUGET,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION FILE NO.:** |
| **v.** | § | 2023CV00459 |
| | § | |
| **SOUTHEAST LOGISTICS &** | § | |
| **TRANSPORT, LLC, DOING BUSINESS** | § | |
| **AS SOUTHEAST LOGISTICS,** | § | |
| **TERRANCE J. DAVIS, and** | § | |
| **CHEROKEE INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

---

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, GILBERT PAUL DOUGET ("Plaintiff"), files this *Complaint for Damages and Demand for Jury Trial* in the above-styled action against Defendants, SOUTHEAST LOGISTICS & TRANSPORT, LLC., TERRANCE J. DAVIS, and CHEROKEE INSURANCE COMPANY, and shows the Court as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff GILBERT P. DOUGET (hereinafter, "Plaintiff") is currently a resident of the State of Georgia, residing at 401 Claridge Park Drive, Morrow, Clayton County, Georgia 30260. By bringing this action, Plaintiff subjects himself to the jurisdiction and venue of this Court.

2.

Defendant SOUTHEAST LOGISTICS & TRANSPORT, LLC, doing business as SOUTHEAST LOGISTICS (hereinafter, "Defendant Southeast Logistics"), is an Alabama corporation, with its principal office address at 1810 Avenue C, Birmingham, Alabama 35218. It may be served

through its registered agent, C T Corporation System, at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104, and is subject to the jurisdiction of this court. Defendant Southeast Logistics may be served with both a *Summons* and *Complaint* at that address.

3.

Defendant CHEROKEE INSURANCE COMPANY ("Defendant Cherokee") is a Michigan corporation and may be served at its principal place of business, located at 34200 Mound Road, Sterling Heights, Michigan 48310, and, pursuant to O.C.G.A. § 40-2-140(d)(4) and/or O.C.G.A. §40-1-112(c), is subject to the jurisdiction of this court. Defendant Cherokee may be served with both a *Summons* and *Complaint* at that address.

4.

Defendant TERRANCE J. DAVIS (hereinafter, "Defendant Davis") is a resident of the State of Alabama, last known to reside at 205 Howard Irvin Drive, Eutaw, Greene County, Alabama 35462. Pursuant to Georgia's Nonresident Motorist Act, Defendant Holcomb is subject to the jurisdiction of this court and may be served with both a *Summons* and *Complaint* at that address.

5.

Pursuant to O.C.G.A. § 40-12-3, "all actions brought under this chapter relating to the use of the highway of this state by nonresident motorists shall be brought in the county in which the accident or injury occurred or the cause of action originated, or in the county of the residence of the plaintiff, as the plaintiff in such action may elect, if the plaintiff in such action is a resident of the State of Georgia."

6.

Plaintiff elects to bring this action in his county of residence and county where the cause of action originated, Clayton County, Georgia, pursuant to O.C.G.A. § 40-12-3, and shows that venue in the above-styled civil action is proper in this County and Court.

2

## FACTS

7.

Plaintiff re-alleges and incorporates the allegations set forth in all preceding paragraphs, as if repeated verbatim herein.

8.

On May 10, 2022, at approximately 11:22 a.m., Plaintiff was driving a 2014 Dodge Charger northbound in the right-hand lane on Southlake Parkway approaching its intersection with Mount Zion Road, in Morrow, Clayton County, Georgia.

9.

At the same time, Defendant Davis was also driving his 2018 International truck, owned and/or operated by Defendant Southeast Logistics, northbound in the left-hand lane on Southlake Parkway approaching its intersection with Mount Zion Road, when Defendant Davis attempted to change lanes, shifted to the right, and struck the front driver's side of Plaintiff's vehicle.

10.

Morrow Police Department responded to the scene.

11.

Plaintiff's vehicle sustained disabling front-end damage.

12.

Defendant Davis spoke to an officer from the Morrow Police Department and stated that he "did not see" Plaintiff's vehicle before the collision.

13.

Defendant Davis was cited for improper lane change, pursuant to O.C.G.A. § 40-6-123(A) and later paid this citation on or about June 10, 2022.

3

14.

Plaintiff suffered bodily injuries as a result of the impact with Defendant Davis's vehicle, including but not limited to striking her head, sustaining neck, back, and hip injuries, a wrist fracture, and a rotator cuff injury.

15.

As a result of the subject incident, which was the proximate result of the negligence of the Defendants, Plaintiff suffered, and continues to suffer, physical, mental, and emotional injuries, for which he is entitled to recover under the law.

16.

Defendants are liable to Plaintiff for these injuries.

## COUNT ONE
## NEGLIGENCE

17.

Plaintiff re-alleges and incorporates the allegations set forth in all preceding paragraphs, as if repeated verbatim herein.

18.

As a direct and proximate result of Defendant's carelessness and recklessness, Defendant Davis's vehicle struck Plaintiff's vehicle causing injuries to Plaintiff.

19.

Plaintiff suffered significant physical, mental, and emotional pain as a result of the collision.

20.

Plaintiff was injured in this collision as a direct and proximate result of the negligent actions and omissions of Defendant Davis.

21.

At all relevant times, Defendant Davis owed certain civil duties to Plaintiff, which he violated.

22.

Defendant Davis failed to exercise ordinary diligence and was therefore negligent when he failed to exercise that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances, which is a violation of O.C.G.A. § 51-1-2.

23.

Defendant Davis violated his duties owed to Plaintiff by making an improper lane change, pursuant to O.C.G.A. § 40-6-123(A).

24.

Defendant Davis violated his duties owed to Plaintiff in failing to maintain a proper lookout.

25.

Defendant Davis violated his duties owed to Plaintiff in driving his vehicle without due caution and in a manner so as to endanger others, including Plaintiff, in the vicinity in violation of O.C.G.A. § 40-6-241.

26.

Defendant Davis violated his duties owed to Plaintiff in committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

27.

Defendant Davis is liable for the injuries and damages Plaintiff suffered as a result of Defendant Davis's negligence, which damages will be determined by the enlightened conscience of an impartial jury based upon the evidence at trial.

## COUNT TWO
## IMPUTED LIABILITY

28.

Plaintiff realleges and incorporates herein the allegations set forth in all preceding paragraphs as if fully restated.

29.

At the time of the subject collision, Defendant Davis was under dispatch for Defendant Southeast Logistics.

30.

At the time of the subject collision, Defendant Davis was operating his vehicle on behalf of Defendant Southeast Logistics.

31.

Defendant Southeast Logistics is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Davis with regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT THREE
## NEGLIGENT HIRING, TRAINING & SUPERVISION

32.

Plaintiff realleges and incorporates herein the allegations set forth in all preceding paragraphs as if fully restated.

33.

Defendant Southeast Logistics was negligent in hiring Defendant Davis and entrusting him to drive a 18-wheeler freight truck.

34.

Defendant Southeast Logistics was negligent in failing to properly train Defendant Davis.

6

35.

Defendant Southeast Logistics was negligent in failing to properly supervise Defendant Davis.

36.

Defendant Southeast Logistics' negligence in hiring Defendant Davis, entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the direct and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT FOUR – DIRECT ACTION

37.

Plaintiff realleges and incorporates herein the allegations set forth in all preceding paragraphs as if fully restated.

38.

Defendant Cherokee is subject to a direct action as the insurer for Defendant Cherokee pursuant to O.C.G.A. § 40-2-140(d)(4) and/or O.C.G.A. §40-1-112(c).

39.

Defendant Cherokee was the insurer of Defendant Southeast Logistics at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

40.

Defendants Cherokee and Southeast Logistics are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

41.

Defendant Cherokee is responsible for any judgment rendered against Defendant Southeast Logistics.

7

## COMPENSATORY DAMAGES

42.

Plaintiff re-alleges and incorporates the allegations set forth in all preceding paragraphs, as if repeated verbatim herein.

43.

As a direct and sole proximate result of the breaches of duty and negligence by Defendants, Plaintiff suffered injuries and damages, including past and future medical expenses and other necessary expenses, loss of enjoyment of life, mental and physical pain and suffering, and emotional distress, including pre-impact fright.

44.

Plaintiff has incurred reasonable and necessary medical expenses to date due to injuries received in this Motor Vehicle Collision, in an exact amount to be proven at trial.

45.

Said medical expenses continue to accrue for Plaintiff's care, in an exact amount to be proven at trial.

46.

Plaintiff avers that as a direct and proximate result of the aforementioned acts of negligence on the part of the defendant, through their agents, servants, or employees, the Plaintiff was caused to suffer and incur the following injuries and damages:

(1) Severe and permanent injuries caused by the Defendant's negligence,

(2) Pain, mental anguish and suffering, both past and future;

(3) Medical expenses, past and future in an amount to be proven at trial;

(4) Permanent medical impairment;

(5) Loss of enjoyment of life.

WHEREFORE, Plaintiff prays this Court will issue an Order as follows:

(a)     that process issue and that Defendants be served with process as provided by law;

(b)     that Plaintiff have a TRIAL BY JURY on all matters pleaded herein;

(c)     that Plaintiff recover against Defendants compensatory damages in an amount to be proven at trial; and

(e)     that Plaintiff have any other further relief as this Court deems just and proper.

Respectfully submitted this 23rd day of February, 2023.

JOSEPH A. ZDRILICH
Attorney for Plaintiff
State Bar of Georgia No.: 569248

ZDRILICH INJURY LAW, LLC
3575 Koger Boulevard, Suite 125
Duluth, Georgia 30096
Phone: 770-931-9604
Facsimile: 770-931-9610
E-mail: joe@zinjurylaw.com

Filed 2/23/2023 4:34 P

*Tiki Brow*
Tiki Brow
Clerk of State Cou
Clayton County, Georg
Shalonda Gre

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| GILBERT P. DOUGET, | § | **CIVIL ACTION FILE NO.:** |
| | § | **2023CV00459** |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHEAST LOGISTICS & | § | |
| TRANSPORT, LLC DOING BUSINESS | § | |
| AS SOUTHEAST LOGISTICS, | § | |
| TERRANCE J. DAVIS, and | § | |
| CHEROKEE INSURANCE COMPANY | § | |
| | § | |
| Defendants. | § | |

TO:      **ALL JUDGES, CLERK OF THE COURT AND COUNSEL OF RECORD.**

FROM:   **JOSEPH A. ZDRILICH**

RE:      **NOTICE OF LEAVE OF ABSENCE (COUNSEL FOR PLAINTIFF)**

DATE:    **FEBRUARY 23, 2023.**

COMES NOW Joseph A. Zdrilich and respectfully notifies all Judges before whom he has cases pending, all affected clerks of court, and all parties, that he will be on leave pursuant Georgia Uniform Court Rule 16.

The periods of leave during which time Applicant will be away from the practice of law are as follows:

➢ **February 13, 2023;**
➢ **March 20, 2023 through March 24, 2023;**
➢ **April 6, 2023 through April 10, 2023;**
➢ **May 26, 2023 through June 5, 2023;**
➢ **June 30, 2023 through July 5, 2023;**
➢ **July 17, 2023 through July 24, 2023.**

All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

ZDRILICH INJURY LAW, LLC

*/s/Joseph Zdrilich*
JOSEPH A. ZDRILICH
Attorney for Plaintiff
State Bar of Georgia No.: 569248

3575 Koger Blvd., Suite 125
Duluth, Georgia 30096
Phone: (404) 888-1111
joe@zinjurylaw.com

*Tiki Brown*
**Tiki Bro**
**Clerk of State Co**
**Clayton County, Geor**
**Shalonda Gre**

# IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

GILBERT P. DOUGET,                              §
                                                §
    **Plaintiff,**                               §          **CIVIL ACTION FILE NO.:**
                                                §                    2023CV00459
v.                                              §
                                                §
SOUTHEAST LOGISTICS &                           §
TRANSPORT, LLC, DOING BUSINESS                  §
AS SOUTHEAST LOGISTICS,                         §
TERRANCE J. DAVIS, and                          §
CHEROKEE INSURANCE COMPANY,                     §
                                                §
    **Defendants.**                             §

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SOUTHEAST LOGISTICS

---

COMES NOW, GILBERT PAUL DOUGET, Plaintiff in the above-captioned case, and by and through counsel requires the Defendant, SOUTHEAST LOGISTICS, pursuant to O.C.G.A. § 9-11-33 and 9-11-34, to respond within forty-five (45) days after service hereof, in the form provided by law, the following request for admissions, interrogatories, request for production of documents.

The within request for admissions, interrogatories, requests for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto. In answering the following request for admissions, interrogatories, requests for production of documents, Defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys, and insurers of said Defendant.

## ADMISSIONS, INTERROGATORIES, REQUESTS TO PRODUCE

### ADMISSIONS

1.

Defendant Southeast Logistics admits that it was properly served with copies of the *Summons, Complaint and Discovery Requests.*

2.

Defendant Southeast Logistics admits that jurisdiction and venue are proper in the above-referenced lawsuit.

3.

Defendant Southeast Logistics admits that all parties involved in the above-referenced lawsuit have been properly served with copies of the *Summons, Complaint and Discovery Requests.*

### INTERROGATORIES

1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Davis on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by this Defendant from the thirty-days prior to the subject collision to thirty-days subsequent to the collision.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 2 ~

3.

State the point of origin, destination and reason for the trip being made by Defendant Davis at the time of the incident referred to in the Complaint.

4.

With regards to the load being transported at the time of the collision by Defendant Davis, please identify:

a) Where the loan originated;

b) The contents thereof;

c) The weight of said load;

d) The final destination of the load; and

e) Any contract bills of lading, shipping documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

5.

Was the Defendant's vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

6.

Has any insurer referred to above been denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

7.

Do you contend that Plaintiff caused or contributed to collision in question? If so, state with particularity each and every contention made in this regard.

8.

Did Southeast Logistics conduct a post-accident alcohol and controlled substance test on Defendant Davis? If so, please state:

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 3 ~

a) The date of testing;

b) Who administered the test;

c) Who performed the test; and

d) The results of the test.

9.

If post-accident testing was not performed on Defendant Davis, please state the reasons such testing did not occur.

10.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If no, please state the reasons that a post-accident report was not completed.

11.

State in detail the factual basis for each defense Southeast Logistics has raised in your answer to the complaint.

12.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Davis.

13.

State whether the tractor involved in the collision contained or utilized an on-board recording device, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 4 ~

14.

Describe the tractor and trailer operated by Defendant Davis at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all-features, specifications, special equipment, governors, on-board recording devices, radar detector, CB radios, or other descriptive information regarding the tractor and trailer unit.

15.

Has Defendant Davis ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulation? If so, please state for each instance:

    a)   The date of the violation;

    b)   A description of the violation;

    c)   The location where the violation occurred;

    d)   The agency issuing the citation; and

    e)   The ultimate disposition of the charges.

16.

Has Defendant Davis ever been disqualified or placed out-of-service? If so, please stated for each instance.

    a)   The dates of disqualification; and

    b)   The reason for the disqualification.

17.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Davis on the date of the incident referred to in the complaint for the one-year period preceding the incident and the six-month period after the incident.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 5 ~

18.

Please explain the nature of the employment relationship between Defendant Southeast Logistics and Defendant Davis (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such diver.

19.

With respect to Defendant Davis, please state the driver's mode of compensation.

20.

Does Defendant Southeast Logistics, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of the drivers it employs? If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

21.

Please identify all automobile accidents and moving violations for Defendant Davis prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

22.

Please state Defendant Davis's date of birth, social security number and driver's license number.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 6 ~

23.

Please identify the cellphone number and service provider for all cellphones owned, used, or operated by Defendant Davis on the date of the incident.

24.

State the name and address of any person, including any party, who, to your knowledge, information, or belief:

(a) Was an eyewitness to the incident complained of in this action;

(b) Has some knowledge of any fact or circumstance upon which your defense is based; and

(c) Has conducted any investigation relating to the incident complained of or the background, employment, medical history, or activities of the plaintiff.

25.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he or she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

26.

State the extent of any training provided to Defendant Davis by Defendant Southeast Logistics or any outside agency since the date of Defendant Davis's application for employment or the date he began driving for Defendant Southeast Logistics whichever came first.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Davis on the day of the incident referred to

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 7 ~

in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

2.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by Defendant Davis on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

3.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Davis. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, a copy of the bill of loading for any loads carried by Defendant Davis for the eight- day period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth,

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 8 ~

Georgia 30096, the policy of insurance identified in response to Interrogatory No. 5. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any trip reports, or dispatch records in regards to Defendant Davis for the two-week period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

7.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, a copy of all driver's logs or timecards for Defendant Davis for the six-month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Davis, for the six-month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

9.

Forty-five (45) days after service hereof, you are requested to produce for inspection and

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 9 ~

copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of all daily, monthly,  and annual inspection reports,  and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Davis on the day of the incident referred to in the complaint for the one-year period preceding this incident and the six-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

10.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Davis on the day of the incident referred to in the complaint for the one year period preceding this incident and the six-month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

11.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, a copy of Defendant Davis's driver's qualification file, including but not limited to:

a)   Application for employment;

b)   Copy of his CDL license;

c)   Driver's certification of prior motor vehicle accidents;

d)   Driver's certification of prior violations of motor vehicle laws;

e)   Driver's prior employment history;

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 10 ~

f)  Carrier's inquiry into his d1iving record;

g)  Carrier's inquiry into his employment record;

h)  Documents regarding carrier's annual review of his driving record;

i)  Response of each state agency to carrier's annual inquiry concerning his driving record;

j)  Certification of driver's road test;

k)  Medical examiners certificate;

l)  Statement setting forth in detail any denial. revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

m)  Training certificates and training documents;

n)  Drug testing records; and

o)  Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

12.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Davis. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

13.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, a copy of any post-accident report. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 11 ~

14.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, the accident registered for Defendant Davis for the one-year period preceding the subject accident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any driver manuals, guidelines, rules, or regulations issued to drivers by Defendant Southeast Logistics or kept by Defendant Southeast Logistics. In lieu of this, you may attach copies thereof to your answers *to* these interrogatories.

16.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any reports, memoranda, notes, logs, or other documents evidencing any complaints about Defendant Davis. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant Southeast Logistics or kept by Defendant Southeast Logistics. In lieu of this, you may attach copies thereof to your answers to these

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics*
*& Transport, LLC*
~ 12 ~

interrogatories.

18.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six-month period prior to the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any document concerning any violation identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

20.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any documents regarding any training received by Defendant Davis. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 13 ~

22.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any permits or licenses regarding the tractor and trailer driven by Defendant Davis ruled the load transported by Defendant Davis at the time of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

23.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, the payroll information concerning said driver for the six (6) months prior to and the two (2) months subsequent to said collision and his paycheck for the time period covering the date of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.). In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

Forty-five (45) days  after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Davis since the commencement of said driver's employment with Defendant Southeast Logistics up and through the date of trial. In lieu of this, you may attach copies

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 14 ~

thereof to your answers to these interrogatories.

25.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all certificates of authority, filings, registrations, license, permits, or other-related documents issued by or sent to any governmental entity in regard to Defendant Southeast Logistics or Defendant Southeast Logistics' operations. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

To your knowledge, information, or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

28.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all such statements or reports. In lieu thereof, you may attach copies to your answers to

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 15 ~

these interrogatories.

29.

To your knowledge, information or belief are there any videotapes, photographs, plats, or drawings of the scene of the incident referred to in the *Complaint*, the vehicles or plaintiff? If so, please describe such videotapes, photographs, plats, or drawings and give the name and address of the person having custody and control thereof.

30.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all such videotapes, photographs, plats, or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

31.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

33.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 16 ~

In regard to any document which has not been produced on grounds of privilege, please state the following:

a) The date each document was generated;

b) The person generating each document;

c) The present custodian of each document; and

d) A description of each document.

34.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting the plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any PSP report, or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 17 ~

Respectfully submitted this 23rd day of February, 2023.

ZDRILICH INJURY LAW, LLC


JOSEPH A. ZDRILICH
State Bar of Georgia No.: 569248
Attorney for Plaintiff

3575 Koger Blvd., Suite 125
Duluth, Georgia 30096
Phone: (770) 931-9604
Fax: (770) 931-9610
E-mail: joe@zinjurylaw.com

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Southeast Logistics & Transport, LLC*
~ 18 ~

*Tiki Brou*
**Tiki Bro**
**Clerk of State Co**
**Clayton County, Geor**
**Shalonda Gre**

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| GILBERT P. DOUGET, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION FILE NO.: 2023CV00459 |
| | § | |
| v. | § | |
| | § | |
| SOUTHEAST LOGISTICS & | § | |
| TRANSPORT, LLC, DOING BUSINESS | § | |
| AS SOUTHEAST LOGISTICS, | § | |
| TERRANCE J. DAVIS, and | § | |
| CHEROKEE INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TERRANCE J. DAVIS

---

**TO:   TERRANCE J. DAVIS and/or his Attorney(s) of Record**

COMES NOW, GILBERT P. DOUGET, Plaintiff in the above-captioned case, and by and through counsel requires the Defendant, TERRANCE J. DAVIS, pursuant to O.C.G.A. § 9-11-33 and 9-11-34, to respond within forty-five (45) days after service hereof, in the form provided by law, the following request for admissions, interrogatories, request for production of documents.

The within requests for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto. In answering the following request for admissions, interrogatories, requests for production of documents, Defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys, and insurers of said Defendant.

## ADMISSIONS, INTERROGATORIES, REQUESTS TO PRODUCE

### <u>ADMISSIONS</u>

1.

Defendant Davis admits that he was properly served with copies of the *Summons, Complaint* and *Discovery Requests.*

2.

Defendant Davis admits that jurisdiction and venue are proper in the above-referenced lawsuit.

3.

Defendant Davis admits that all parties involved in the above-referenced lawsuit have been properly served with copies of the *Summons, Complaint* and *Discovery Requests.*

### <u>INTERROGATORIES</u>

1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Davis on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Southeast Logistics from the thirty-days prior to the subject collision to thirty-days subsequent to the collision.

3.

State the point of origin, destination and reason for the trip being made by Defendant Davis

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 2 ~

at the time of the incident referred to in the Complaint.

4.

With regards to the load being transported at the time of the collision by Defendant Davis, please identify:

   a) Where the load originated;

   b) The contents thereof;

   c) The weight of said load;

   d) The final destination of the load; and

   e) Any contracts, bills of lading, shipping documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

5.

Was the Defendants' vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

6.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

7.

Do you contend that Plaintiff caused or contributed to collision in question? If so, state with particularity each and every contention made in this regard.

8.

Did Southeast Logistics conduct a post-accident alcohol and controlled substance test on Defendant Davis? If so, please state:

   a) The date of testing;

   b) Who administered the test;

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 3 ~

c)  Who performed the test; and

d)  The results of the test.

9.

If post-accident testing was not performed on Defendant Davis, please state the reasons such testing did not occur.

10.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If no, please state the reasons that a post-accident report was not completed.

11.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

12.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Davis.

13.

State whether the tractor involved in the collision contained or utilized an on-board recording device, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

14.

Describe the tractor and trailer operated by Defendant Davis at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all-features, specifications, special equipment, governors, on-board recording devices, radar detector, CB radios,

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 4 ~

or other descriptive information regarding the tractor and trailer unit.

15.

Has Defendant Davis ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulation? If so, please state for each instance:

a) The date of the violation;

b) A description of the violation;

c) The location where the violation occurred;

d) The agency issuing the citation; and

e) The ultimate disposition of the charges.

16.

Has Defendant Davis ever been disqualified or placed out-of-service? If so, please stated for each instance.

a) The dates of disqualification; and

b) The reason for the disqualification.

17.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Davis on the date of the incident referred to in the complaint for the one-year period preceding the incident and the six-month period after the incident.

18.

Please explain the nature of the employment relationship between Defendant Sadat Trucking and Defendant Davis (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.

State Court of Clayton County, Georgia

*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*

~ 5 ~

terminated, the date of such termination, and the identity of the person who terminated such diver.

19.

With respect to Defendant Davis, please state the driver's mode of compensation.

20.

Does Defendant Southeast Logistics, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of the drivers it employs? If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

21.

Please identify all automobile accidents and moving violations for Defendant Davis prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

22.

Please state Defendant Davis's date of birth, social security number and driver's license number.

23.

Please identify the cellphone number and service provider for all cellphones owned, used, or operated by Defendant Davis on the date of the incident.

24.

State the name and address of any person, including any party, who, to your knowledge,

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 6 ~

information or belief:

    a)  Was an eyewitness to the incident complained of in this action;

    b)  Has some knowledge of any fact or circumstance upon which your defense is based; and

    c)  Has conducted any investigation relating to the incident complained of or the background, employment, medical history, or activities of the plaintiff.

25.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he or she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

26.

State the extent of any training provided to Defendant Davis by Defendant Southeast Logistics or any outside agency since the date of Defendant Davis's application for employment or the date he began driving for Defendant Southeast Logistics, whichever came first.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Davis on the day of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

2.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125,

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 7 ~

Duluth, Georgia 30096, copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by Defendant Davis on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

3.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Davis. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, a copy of the bill of loading for any loads carried by Defendant Davis for the eight- day period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, the policy of insurance identified in response to Interrogatory No. 5. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125,

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 8 ~

Duluth, Georgia 30096, any trip reports, or dispatch records in regards to Defendant Davis for the two-week period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

7.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, a copy of all driver's logs or timecards for Defendant Davis for the six-month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Davis for the six-month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

9.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Davis on the day of the incident referred to in the complaint for the one year period preceding this incident and the six-month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 9 ~

10.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of all maintenance records, repair  invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Davis on the day of the incident referred to in the complaint for the one year period preceding this incident and the six-month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

11.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, a copy of Defendant Davis' driver's qualification file, including but not limited to:

a)  Application for employment;

b)  Copy of his CDL license;

c)  Driver's certification of prior motor vehicle accidents;

d)  Driver's certification of prior violations of motor vehicle laws;

e)  Driver's prior employment history;

f)  Carrier's inquiry into his d1iving record;

g)  Carrier's inquiry into his employment record;

h)  Documents regarding carrier's annual review of his driving record;

i)  Response of each state agency to carrier's annual inquiry concerning his driving record;

j)  Certification of driver's road test;

k)  Medical examiners certificate;

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 10 ~

l)  Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

m)  Training certificates and training documents;

n)  Drug testing records; and

o)  Any other documents.

In lieu of this, you may attach copies thereof to your answers to these Interrogatories.

12.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Davis. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

13.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, a copy of any post-accident report. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, the accident registered for Defendant Davis for the one-year period preceding the subject accident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 11 ~

15.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any driver manuals, guidelines, rules, or regulations issued to drivers by Defendant Southeast Logistics, or kept by Defendant Southeast Logistics. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any reports, memoranda, notes, logs, or other documents evidencing any complaints about Defendant Davis. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant Southeast Logistics or kept by Defendant Southeast Logistics. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six-month period prior to the incident

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 12 ~

referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any document concerning any violation identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

20.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, copies of any documents regarding any training received by Defendant Davis. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any permits or licenses regarding the tractor and trailer driven by Defendant Davis ruled the load transported by Defendant Davis at the time of the incident referred to in the

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 13 ~

complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

23.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, the payroll information concerning said driver for the six (6) months prior to and the two (2) months subsequent to said collision and his paycheck for the time period covering the date of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.). In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

Forty-five (45) days  after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Davis since the commencement of said driver's employment with Defendant Southeast Logistics up and through the date of trial. In lieu of this, you may attach copies thereof to your answers to tl1ese interrogatories.

25.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 14 ~

of this lawsuit. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all certificates of authority, filings, registrations, license, permits, or other-related documents issued by or sent to any governmental entity in regard to Defendant Southeast Logistics or Defendant Southeast Logistics' operations. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

To your knowledge, information, or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

28.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

29.

To your knowledge, information or belief are there any videotapes, photographs, plats, or drawings of the scene of the incident referred to in the Complaint, the vehicles or plaintiff? If so, please describe such videotapes, photographs, plats, or drawings and give the name and address of the person having custody and control thereof.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 15 ~

30.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, all such videotapes, photographs, plats, or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

31.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to 1hese interrogatories.

32.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

33.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)  The date each document was generated;

(b)  The person generating each document;

(c)  The present custodian of each document; and

(d)  A description of each document.

34.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 16 ~

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting the plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Zdrilich Injury Law, LLC, 3575 Koger Boulevard, Suite 125, Duluth, Georgia 30096, any PSP report, or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

Respectfully submitted this 23rd day of February, 2023.

ZDRILICH INJURY LAW, LLC

JOSEPH A. ZDRILICH
State Bar of Georgia No.: 569248
Attorney for Plaintiff

3575 Koger Blvd., Suite 125
Duluth, Georgia 30096
Phone: (770) 931-9604
Fax: (770) 931-9610
E-mail: joe@zinjurylaw.com

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Terrance J. Davis*
~ 17 ~

*Tiki Brow*
**Tiki Bro**
**Clerk of State Co**
**Clayton County, Geor**
Shalonda Gre

# IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **GILBERT P. DOUGET,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION FILE NO.:** 2023CV00459 |
| | § | |
| **v.** | § | |
| | § | |
| **SOUTHEAST LOGISTICS &** | § | |
| **TRANSPORT, LLC, DOING BUSINESS** | § | |
| **AS SOUTHEAST LOGISTICS,** | § | |
| **TERRANCE J. DAVIS, and** | § | |
| **CHEROKEE INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO CHEROKEE INSURANCE COMPANY

**TO: Defendant CHEROKEE INSURANCE COMPANY and/or its   Attorney(s) of record:**

COMES NOW, the Plaintiff in the above-styled action, and pursuant to O.C.G.A. § 9-11-26 and § 9-11-30, propounds the following *Interrogatories* and *Request for Production of Documents* to Cherokee Insurance Company.  You are required to answer the Interrogatories separately and fully in writing, under oath, in the time allowed by law.

## INSTRUCTIONS

1.

The term "Cherokee Insurance Company", or any synonym thereof, is intended to and shall embrace and include, in addition to said Cherokee Insurance Company, all agents, servants, representatives, private investigators and others who are in a position of or may have obtained information for or on behalf of Cherokee Insurance Company.

2.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Cherokee Insurance Company*
~ 1 ~

These Interrogatories shall be deemed continuing, and supplemental responses shall be required as set forth in O.C.G.A. § 9-11-26(e).

## INTERROGATORIES

### 1.

State in detail and with particularity how you contend the incident occurred forming the subject matter of this lawsuit.

### 2.

Furnish a detailed factual basis for each defense you assert in your answer.

### 3.

State the name, address, home and work telephone numbers and employer of any person who, to your knowledge, information or belief:

a) Was an eyewitness to the incident complained of in this action;

b) Arrived at the scene of the incident complained of immediately or shortly after it occurred;

c) Has some knowledge of any fact or circumstance upon which your defense to this incident is based.

### 4.

Identify by full name, address and telephone number each person whom you expect to call as an expert witness at the trial of this case and, as to each expert so identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each such opinion.

### 5.

If you contend that some other person or legal entity is, in whole or in part, liable to the plaintiffs or defendant in this matter, state that person's or entity's full name, address and telephone number and please state with particularity each and every fact upon which you base your contention

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to
Defendant Cherokee Insurance Company
~ 2 ~

that some other person or legal entity is, in whole or in part, liable to the plaintiffs or defendant in this matter.

6.

Describe in detail all laws, acts having the force and effect of law, codes, regulations and legal principles, standards, customs and usages which you contend are applicable to this action.

7.

State whether Cherokee or anyone acting on behalf of Cherokee ever had any conversation with Plaintiff or any other party or witness to this lawsuit.  If your answer is in the affirmative, state the date of each such conversation and your understanding of what was said by Plaintiff or any other party or witness at said time.

8.

With regard to each statement (oral, written, recorded, court or deposition transcription, etc.) from any person with knowledge relevant to this lawsuit, please state the name of such statement, the date each statement was made, and the name and address of each person having possession, custody or control of each statement.

9.

Please state the name, address and employer of all persons who, to your knowledge, information or belief, has investigated any aspect of the occurrence which is the subject matter of the Plaintiff's lawsuit.

10.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made, by whom it was made, and the name and address of each person having possession, custody or control

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Cherokee Insurance Company*
~ 3 ~

of each item.

### 11.

Describe with reasonable particularity all books, documents and other tangible things relevant to the issues in this lawsuit which support your defense that have not already been identified by the preceding interrogatories, giving the name and address of each person having possession, custody or control of each thing.

### 12.

If you contend that the Defendant, Terrance J. Davis, was not negligent in the operation of the motor vehicle he was operating at the time of the subject incident, please state with particularity each and every fact upon which you base your contention that Defendant, Terrance J. Davis, was not negligent.

### 13.

If you contend that Plaintiff was negligent in any manner whatsoever in connection with the subject incident, please state with particularity each and every manner or way in which you contend Plaintiff was negligent, and please state with particularity each and every fact upon which you base your contention that Plaintiff was negligent.

### 14.

Please identify all persons not previously mentioned herein known, whom Cherokee believes to have personal knowledge of any fact relevant to the claims asserted in the Plaintiff's *Complaint*.

### 15.

Please identify each insurance company which may have an interest in the outcome of this litigation, or which may be liable to satisfy all or part of any judgment entered against Cherokee together with the type of policy, the policy number, the name and address of the insured, and the

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Cherokee Insurance Company*
~ 4 ~

limits of liability/uninsured motorist coverage for each such policy.

16.

Please identify the Cherokee policy/policies that were in effect at the time of the underlying collision that forms the basis of the Plaintiff's complaint. Identify specifically the named insured(s), policy number(s), and the amount and nature of (traditional or stackable) UM/UIM bodily injury coverage available at the time of the collision.

17.

Please identify every facility or location you have sent Non-Party Requests To Produce (aka Third Party Requests To Produce), including the name of the facility (or company), the date it was sent and the address it was sent.

18.

When did you first contemplate litigation?

19.

Will you be defending in the name of Terrance J. Davis or Cherokee Insurance Company?

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## AND NOTICE TO PRODUCE

COMES NOW the Plaintiff in the above-styled case, and pursuant to O.C.G.A. § 9-11-26, et seq., including O.C.G.A. § 9-11-34, and O.C.G.A. § 24-10-26, et seq., serves this Request for Production of Documents upon Cherokee Insurance Company. Said documents are to be produced for inspection and coping by Plaintiff's counsel at the offices of ZDRILICH INJURY LAW, LLC, 3575 Koger Blvd., Suite 125, Duluth, Georgia 30096. In lieu of this, Cherokee Insurance Company may attach copies thereof and mail to the above address of Plaintiff's counsel. **This Request to Produce includes a Notice to Produce at any deposition, hearing or trial.**

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Cherokee Insurance Company*
~ 5 ~

If a privilege is claimed as to any requested document, please identify that in your responses to each such request, the privilege which is asserted, the nature of the document, the date of the document, the author or the originator of the document, and a brief description of the contents of the document sufficient for the Court to rule on the claimed privilege request.

## REQUESTS FOR PRODUCTION

### 1.

Copies or duplicate originals of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness, identified by you in response to Plaintiff's Interrogatory No. 4.

### 2.

A complete copy or duplicate original of each and every report provided to you, your agent, or attorney, from those individuals or entities identified in response to Plaintiff's Interrogatory No. 7.

### 3.

A complete copy or duplicate original of each and every statement provided to you, your agent, or attorney, from those individuals or entities identified in response to Plaintiff's Interrogatory No. 8.

### 4.

A complete copy or duplicate original of each and every report provided to you, your agent, or attorney, from those individuals or entities identified in response to Plaintiff's Interrogatory No. 9.

### 5.

Copies or duplicate originals of any and all photographs, charts, diagrams, videotapes, and other illustrations and other tangible items identified by you in response to Plaintiff's Interrogatory No. 10.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Cherokee Insurance Company*
~ 6 ~

6.

Copies or duplicate originals of all books, documents, and other tangible things identified by you in response to Plaintiff's Interrogatory No. 11.

7.

A complete certified copy of every insurance policy, including all attachments, riders and addenda, and declarations page issued by you which is or may be applicable to Plaintiff's claims.

8.

If you contend that Defendant, Terrance J. Davis, was not negligent in the operation of the motor vehicle he was operating at the time of the subject incident, please produce copies or duplicate originals of any and all documents or tangible things identified by you which support your contention in any way.

9.

If you contend that Plaintiff was negligent in any manner whatsoever in connection with the subject incident, please produce copies or duplicate originals of any and all documents or tangible things identified by you which support your contention in any way.

10.

If you contend that some other person or legal entity is, in whole or in part, liable to the plaintiffs or defendant in this matter, please produce copies or duplicate originals of any and all documents or tangible things identified by you which support your contention in any way.

11.

Please produce a copy of any damage appraisal and/or repair invoice regarding the vehicle(s) involved in the subject motor vehicle collision that forms the basis of this lawsuit.

12.

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Cherokee Insurance Company*
~ 7 ~

Copies or duplicate originals of all documents received in response to your Non-Party Requests To Produce (aka Third Party Requests To Produce) identified by you in response to Plaintiff's Interrogatory No. 17.

This 23rd day of February, 2023.

ZDRILICH INJURY LAW, LLC

JOSEPH A. ZDRILICH
State Bar of Georgia No.: 569248
Attorney for Plaintiff

3575 Koger Boulevard, Suite 125
Duluth, Georgia 30096
Phone: 770-931-9604
Facsimile: 770-931-9610
E-mail: joe@zinjurylaw.com

Gilbert P. Douget v. Southeast Logistics & Transport, LLC, et al.
State Court of Clayton County, Georgia
*Plaintiff's First Request for Admissions, First Continuing Interrogatories and First Request for Production to Defendant Cherokee Insurance Company*
~ 8 ~

*Tiki Brown*
**Tiki Bro**
**Clerk of State Co**
**Clayton County, Geor**
**Shalonda Gre**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Gilbert P. Douget, | ) | CIVIL ACTION FILE |
| | ) | |
| Plaintiff, | ) | NO.: <u>2023CV00459</u> |
| | ) | |
| v. | ) | |
| | ) | |
| Southeast Logistics & Transport, LLC, | ) | |
| doing business as Southeast Logistics, | ) | |
| Terrance J. Davis, and | ) | |
| Cherokee Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |

<u>AFFIDAVIT OF SERVICE</u>
(Re: Terrance J. Davis)

Came and appeared before me, a Notary Public authorized to take oaths, Craig Brazeman, who, having been duly sworn stated and deposed to me as follows:

1.

That I have the intellectual capacity to make an oath and have knowledge of the facts that make this affidavit.

2.

That I am sui juris, over the age of twenty one (21), and have a residence in the State of Georgia.

3.

That I am employed as a Licensed Private Detective and Certified Process Server (Georgia).

4.

That I am in no way a party to the above-styled action.

5.

That I am authorized by Order of this Court to serve process of related documents/pleadings.

6.

That I was hired to serve process of the following documents/pleadings:

a) Summons;
b) Complaint for Damages and Demand for Jury Trial;

   c) Plaintiff's First Request for Admissions, First Interrogatories and First Request for
      Production of Documents to Defendant Terrance J. Davis; and

   d) General Civil and Domestic Relations Case Filing Information Form.

7.

That on February 25th, 2023 at 5:15 p.m., I served Terrance J. Davis, an above-named Defendant, with the above documents/pleadings by placing said documents/pleadings in the hands of Terrance J. Davis' mother while located at 227 Old Patton Road, Knoxville, Alabama 35469.

8.

Terrance J. Davis (age 33) and his mother both reside at 227 Old Patton Road, Knoxville, Alabama 35469.

9.

When so served, I was on the (cell) phone with Defendant Davis who was made aware of the purpose of my visit and the related documents/pleadings.

This 26th day of February, 2023

Craig Brazeman

Sworn to and subscribed before me
this 26th day of February, 2023.

NOTARY PUBLIC
My commission expires: 11/12/2027

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

### ORDER FOR APPOINTMENT FOR PROCESS SERVICE

Having read and considered the petitions and criminal records, and it appearing to the Court that sufficient grounds exist that each petitioner meets the requirements for appointment by the Court it is hereby

**ORDERED** and **ADJUDGED** that the following:

| | | | | |
|---|---|---|---|---|
| Abraham, Robyn | Childress, Clifton | Gayle, Earl | Mallas, Nicholas | Singleton, Wesley |
| Adonni Huguley, CK | Clemmons, Joyce | Gibbs, III, Thomas | McClellan, Rodney | Sistrunk, Alesha |
| Allen, Lakeita | Cline, Travis | Giles, Herbert | McGahee, Larry | Smith, Jr., Bruce |
| Andrews, II, Gene | Cochrane. Babette | Greenway, Kimberly | McMillon, Bricka | Smith, Ronald |
| Armstrong, C. | Cunningham, Sally | Harbuck, Michael | Mitchell, Kevin | Smith, Virginia |
| Armstrong, Cynara | Dambach-Cirko, P. | Harris, Parks | Morgan, Todd | Snellings, Sharon |
| Armstrong, Michelle | Davidson, Danny | Hassan, Muhsin | Muhammad, Azizah | Spears, Joye |
| Bailey, Anna | Davidson, Mitchell | Hightower, Anthonio | Murphy, Jr. Gregory | Starks, Marc |
| Barnes, Kristopher | Day, Duane | Hill, Hollis | Murrah, Juanqualo | Stephens, Geri |
| Barney, Steven | Dolbier, Jeffrey | Hines, James | Nichols, Jean | Stover, Cierra |
| Barron, Shane | Earthrise, Rochelle | Horton, Christopher | Nolen, Milton | Swindle, Frank |
| Basham, James | Echols, Eric | Hudson, Kyle | Parker, Emesqueshia | Swinger, Ina |
| Benito, Richard | Echols, Patricia | Humphrey, Jr., Ronald | Perison, Marc | Tassaw, Berhane |
| Beyene, Enael | Farkas, Bela | Irvine, Xavier | Rashid, Hassan | Thomas, Jeffrey |
| Blessman, Sharon | Fazzio, Dedrea | Jackson, II, Anthony | Rhodes, Kathryn | Thompson, Vanessa |
| Brazeman, Craig | Ferguson, Reginald | Jackson, Chiquita | Richardson, Leroy | Thrash, Nancy |
| Bridges, Kayla | Fisher, Dawn | James, Frank | Rowe, Lynn | Washington, Sabrina |
| Briley, Donnie | Folds, Catherina | Jenkins, Stephanie | Ruddock, Margaret | West, Eric |
| Bryant, Shemika | Folds, George | Kirkland, Shirley | Saxon, Robin | Williams, Lavern |
| Bunch, Kim | Ford, Ronnie | Kotlar, Michael | Saxon-Ford, Virginia | Winkelman, Nan |
| Byer, Edmond | Fuller, Thomas | Lawson, Zuri | Seklecki, Christian | Wright, Christopher |
| Chastain, Michael | Garmon, Jason | Lewis, Kevin | Singleton, Wanda | |

be appointed and authorized to serve as a Permanent Process Server in the Clayton County State Court for calendar year 2023, without the necessity of an order for appoint in each individual case.

SO ORDERED this __28__ day of __December__, 20 22 .

RECEIVED & FILED

JAN 0 9 2023

*Linda S. Cowen*
_____
Chief Judge Linda S. Cowen

CIVIL ACTION NO. 2023CV00459

DATE FILED   02/23/2023

**ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER**

Joseph A. Zdrilich

Zdrilich Injury Law, LLC

3575 Koger Blvd, Suite 125

Duluth GA 30096

**NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED**

Cherokee Insurance Company

34200 Mound Road

Sterling Heights, MI 48310

Macomb County

[ ] MAGISTRATE [X] STATE [ ] SUPERIOR - COURT
GWINNETT COUNTY, GEORGIA
Clayton

Tiki Bro
Clerk of State Co
Clayton County, Geor
Shalonda Gre

Gilbert P. Douget

**PLAINTIFF(S)**

vs

Southeast Logistics & Transport, LLC d/b/a
Southeast Logistics, Terrance J. Davis

**DEFENDANT(S)** and Cherokee Insurance Co.

**GARNISHEE**

Other attached documents to be served: Summons,
Complaint, 1st Interrogatories & Request
for Production of Documents to Cherokee
Insurance Company, Leave of Absence

## SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

**[ ] PERSONAL** Upon the following named defendant: _____

**[ ] NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age

yrs; approximate weight_____ pounds; approximate height____ feet and____ inches, domiciled at residence of the defendant.

**[X] CORPORATION** Upon corporation_____

By serving _____, in charge of the office and
place of business of the corporation in this county.

By serving _Mark Daulabbo - R.A._ , its registered agent.

**[ ] TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

**[ ] NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

_____
_____
_____

This _1_ day of _March_ , 20_23_ @ 10:43 Am

Greg Wandel

SHERIFF DOCKET_____ PAGE_____

_____
DEPUTY

TIME: _10:43 A_. M.

CIVIL ACTION NO. _2023 CV 00459_

DATE FILED _02/23/2023_

CLAYTON COUNTY
[ ] MAGISTRATE [X] STATE [ ] SUPERIOR · COURT
GWINNETT COUNTY, GEORGIA

Tiki Bro
Clerk of State Co
Clayton County, Geor
Waukecia Lawren

**ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER**

_Joseph A. Zdrilich/Zdrilich Injury Law_
_3575 Koger Blvd, Ste. 125_
_Duluth GA 30096_
_(404) 888-1111_

PLAINTIFF(S) _Gilbert P. Douget_

vs. _Southeast Logistics & Transport, LLC d/b/a_
_Southeast Logistics/Terrance J. Davis_
DEFENDANT(S) _and Cherokee Insurance Co._

**NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED**

_Southeast Logistics & Transport, LLC_
_d/b/a Southeast Logistics_
_r/a: CT Corporation System_
_2 North Jackson St, Suite 605_
_Montgomery, AL 36104_

2023CV00459

ST LOGISTICS & TRANSI          Def

Other attached documents to be served: _____

### SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

**[ ] PERSONAL** Upon the following named defendant: _____

**[ ] NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age

yrs; approximate weight_____ pounds; approximate height_____ feet and _____ inches, domiciled at residence of the defendant.

**[ ] CORPORATION** Upon corporation _CT Corporation System_

By serving _Tiffany Ford_, in charge of the office and
place of business of the corporation in this county.

By serving _Tiffany Ford_, its registered agent.

**[ ] TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

**[ ] NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

_____
_____
_____

This _13_ day of _March_, 20_23_.

SHERIFF DOCKET_____ PAGE_____

TIME: _922 A_. M.

_Cpl R Bray_/DEPUTY

O:\Macforms\Forms\MAG 10 10 Sheriff's Entry of Service

2023CV00459

e-Filed 3/27/2023 5:10 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **GILBERT P. DOUGET,** § | |
| § | |
| **Plaintiff,** § | |
| § | **CIVIL ACTION** |
| **vs.** § | |
| § | **FILE NO.: 2023CV00459** |
| **SOUTHEAST LOGISTICS &** § | |
| **TRANSPORT, LLC DOING BUSINESS** § | |
| **AS SOUTHEAST LOGISTICS,** § | |
| **TERRANCE J. DAVIS and CHEROKEE** § | |
| **INSURANCE COMPANY,** § | |
| § | |
| **Defendants.** § | |
| § | |

### DEFENDANT SOUTHEAST LOGISTICS AND TRANSPORT LLC DOING BUSINESS AS SOUTHEAST LOGISTICS' ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW **SOUTHEAST LOGISTICS AND TRANSPORT LLC DOING BUSINESS AS SOUTHEAST LOGISTICS,** a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint for Damages and Demand for Jury Trial ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia law.

{SECURE Firm/297/00130/DRAFTS/03941964.DOCX }

2023CV00459

## SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. § 9-11-12(b)(2) and applicable Georgia law.

## THIRD DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process pursuant to O.C.G.A. § 9-11-12(b)(4) and applicable Georgia law.

## FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process pursuant to O.C.G.A. § 9-11-12(b)(5) and applicable Georgia law.

## FIFTH DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6, § 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

## SIXTH DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the Summons and Complaint upon this Defendant.  Absent personal service within the application statute of limitations, Plaintiff's claims are time barred.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## EIGHTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

2023CV00459

## NINTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## TENTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## ELEVENTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of this Defendant in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## TWELFTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia Law.

## THIRTEENTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## FOURTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## FIFTEENTH DEFENSE

This Defendant raises the affirmative defenses of real party and misnomer pursuant to O.C.G.A. § 9-11-17 and applicable Georgia law.

2023CV00459

## SIXTEENTH DEFENSE

As a Sixteenth Defense, this Defendant answers the Plaintiff's Complaint as follows:

## PARTIES, JURISDICTON AND VENUE

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant denies the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant admits only that Defendant Cherokee Insurance Company is a Michigan corporation with its principal place of business located at 34200 Mound Rd., Sterling Heights, MI 48310, and that it may be served pursuant to applicable Georgia law.  This Defendant denies the remaining allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

Paragraph 5 of Plaintiff's Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of

2023CV00459

knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant denies the allegations contained within Paragraph 6 of Plaintiff's Complaint.

## FACTS

7.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-6 of Plaintiff's Complaint as if those responses were set forth herein by reference.

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant denies the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant admits upon information and belief the allegations contained within Paragraph 10 of Plaintiff's Complaint.

2023CV00459

11.

This Defendant can neither admit nor deny the allegations contained within Paragraph 11 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

This Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

This Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

2023CV00459

## COUNT ONE
## NEGLIGENCE

17.

This Defendant hereby reasserts and incorporates by reference the responses made

previously in Paragraphs 1-16 of Plaintiff's Complaint as if those responses were set forth herein

by reference.

18.

This Defendant denies the allegations contained within Paragraph 18 of Plaintiff's

Complaint.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's

Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's

Complaint.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiff's

Complaint.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's

Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's

Complaint.

2023CV00459

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

## COUNT TWO
## IMPUTED LIABILITY

28.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-27 of Plaintiff's Complaint as if those responses were set forth herein by reference.

29.

This Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

{SECURE Firm/297/00130/DRAFTS/03941964.DOCX }

2023CV00459

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's

Complaint.

## COUNT THREE
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

32.

This Defendant hereby reasserts and incorporates by reference the responses made

previously in Paragraphs 1-31 of Plaintiff's Complaint as if those responses were set forth herein

by reference.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's

Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's

Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's

Complaint.

36.

This Defendant denies the allegations contained within Paragraph 36 of Plaintiff's

Complaint.

2023CV00459

## COUNT FOUR
## DIRECT ACTION

### 37.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-36 of Plaintiff's Complaint as if those responses were set forth herein by reference.

### 38.

This Defendant can neither admit nor deny the allegations contained within Paragraph 38 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

### 39.

This Defendant denies as pled the allegations contained within Paragraph 39 of Plaintiff's Complaint.

### 40.

This Defendant denies as pled the allegations contained within Paragraph 40 of Plaintiff's Complaint.

### 41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

## COMPENSATORY DAMAGES

### 42.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-41 of Plaintiff's Complaint as if those responses were set forth herein by reference.

2023CV00459

43.

This Defendant denies the allegations contained within Paragraph 43 of Plaintiff's Complaint.

44.

This Defendant denies the allegations contained within Paragraph 44of Plaintiff's Complaint

45.

This Defendant denies the allegations contained within Paragraph 45of Plaintiff's Complaint.

46.

This Defendant denies the allegations contained within Paragraph 46 of Plaintiff's Complaint and all of its subparts.

47.

This Defendant denies that Plaintiff is entitled to the relief sought within the "WHEREFORE" Paragraph of Plaintiff's Complaint.

**SEVENTEENTH DEFENSE**

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, purported Defendant **SOUTHEAST LOGISTICS AND TRANSPORT LLC DOING BUSINESS AS SOUTHEAST LOGISTICS** prays that it be discharged from this action without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

2023CV00459

This 27th day of March, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Defendant Cherokee Insurance
Company and Purported Defendants
Southeast Logistics & Transport, LLC and
Terrance J. Davis*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ebrown@cmlawfirm.com

{SECURE Firm/297/00130/DRAFTS/03941964.DOCX }

2023CV00459

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **GILBERT P. DOUGET,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2023CV00459** |
| **SOUTHEAST LOGISTICS &** | § | |
| **TRANSPORT, LLC DOING BUSINESS** | § | |
| **AS SOUTHEAST LOGISTICS,** | § | |
| **TERRANCE J. DAVIS and** | § | |
| **CHEROKEE INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT SOUTHEAST LOGISTICS AND TRANSPORT LLC DOING BUSINESS AS SOUTHEAST LOGISTICS' ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Joseph Anthony Zdrilich. Esq.
The Zdrilich Law Group, LLC
3575 Koger Blvd., Suite 125
Duluth, GA 30096
joe@zinjurylaw.com
*Counsel for Plaintiff*

This 27th day of March, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Defendant Cherokee Insurance Company and Purported Defendants Southeast Logistics & Transport, LLC and Terrance J. Davis*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00130/DRAFTS/03941964.DOCX }

2023CV00459

e-Filed 3/27/2023 5:10 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **GILBERT P. DOUGET,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2023CV00459** |
| **SOUTHEAST LOGISTICS &** | § | |
| **TRANSPORT, LLC DOING BUSINESS** | § | |
| **AS SOUTHEAST LOGISTICS,** | § | |
| **TERRANCE J. DAVIS and CHEROKEE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANT TERRANCE J. DAVIS' ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW **TERRANCE J. DAVIS** a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint for Damages and Demand for Jury Trial ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia law.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction pursuant to O.C.G.A. § 9-11-12(b)(2) and applicable Georgia law.

2023CV00459

## THIRD DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process pursuant to O.C.G.A. § 9-11-12(b)(4) and applicable Georgia law.

## FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process pursuant to O.C.G.A. § 9-11-12(b)(5) and applicable Georgia law.

## FIFTH DEFENSE

This Defendant asserts the venue is improper in this Court pursuant to Ga. Const. Art. 6, § 2, ¶ VI, O.C.G.A. § 9-11-12(b)(3) and applicable Georgia law.

## SIXTH DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the Summons and Complaint upon this Defendant.  Absent personal service within the application statute of limitations, Plaintiff's claims are time barred.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## EIGHTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

2023CV00459

## TENTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## ELEVENTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of this Defendant in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## TWELFTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia Law.

## THIRTEENTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## FOURTEENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## FIFTEENTH DEFENSE

As a Fifteenth Defense, this Defendant answers the Plaintiff's Complaint as follows:

## PARTIES, JURISDICTON AND VENUE

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant denies the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant admits only that Defendant Cherokee Insurance Company is a Michigan corporation with its principal place of business located at 34200 Mound Rd., Sterling Heights, MI 48310, and that it may be served pursuant to applicable Georgia law.  This Defendant denies the remaining allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

Paragraph 5 of Plaintiff's Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant denies the allegations contained within Paragraph 6 of Plaintiff's Complaint.

2023CV00459

## FACTS

### 7.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-6 of Plaintiff's Complaint as if those responses were set forth herein by reference.

### 8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

### 9.

This Defendant denies the allegations contained within Paragraph 9 of Plaintiff's Complaint.

### 10.

This Defendant admits upon information and belief the allegations contained within Paragraph 10 of Plaintiff's Complaint.

### 11.

This Defendant can neither admit nor deny the allegations contained within Paragraph 11 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

### 12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2023CV00459

13.

This Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

This Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

## COUNT ONE
## NEGLIGENCE

17.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-16 of Plaintiff's Complaint as if those responses were set forth herein by reference.

18.

This Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

2023CV00459

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

2023CV00459

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

## COUNT TWO
## IMPUTED LIABILITY

28.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-27 of Plaintiff's Complaint as if those responses were set forth herein by reference.

29.

This Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

2023CV00459

## COUNT THREE
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

32.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-31 of Plaintiff's Complaint as if those responses were set forth herein by reference.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

36.

This Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint.

## COUNT FOUR
## DIRECT ACTION

37.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-36 of Plaintiff's Complaint as if those responses were set forth herein by reference.

2023CV00459

### 38.

This Defendant can neither admit nor deny the allegations contained within Paragraph 38 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

### 39.

This Defendant denies as pled the allegations contained within Paragraph 39 of Plaintiff's Complaint.

### 40.

This Defendant denies as pled the allegations contained within Paragraph 40 of Plaintiff's Complaint.

### 41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

## **COMPENSATORY DAMAGES**

### 42.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-41 of Plaintiff's Complaint as if those responses were set forth herein by reference.

### 43.

This Defendant denies the allegations contained within Paragraph 43 of Plaintiff's Complaint.

44.

This Defendant denies the allegations contained within Paragraph 44 of Plaintiff's

Complaint

45.

This Defendant denies the allegations contained within Paragraph 45 of Plaintiff's

Complaint.

46.

This Defendant denies the allegations contained within Paragraph 46 of Plaintiff's

Complaint and all of its subparts.

47.

This Defendant denies that Plaintiff is entitled to the relief sought within the

"WHEREFORE" Paragraph of Plaintiff's Complaint.

### SIXTEENTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not

previously responded to.

WHEREFORE, having fully answered, purported Defendant **TERRANCE J. DAVIS**

prays that he be discharged from this action without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

*[Signature contained on next page.]*

2023CV00459

This 27th day of March, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

JASON G. WYRICK
Georgia Bar No. 143112
ELIZABETH W. BROWN
Georgia Bar No. 900146
*Attorneys for Defendant Cherokee Insurance
Company and Purported Defendants
Southeast Logistics & Transport, LLC and
Terrance J. Davis*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ebrown@cmlawfirm.com

{SECURE Firm/297/00130/DRAFTS/03941963.DOCX }

2023CV00459

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **GILBERT P. DOUGET,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2023CV00459** |
| **SOUTHEAST LOGISTICS &** | § | |
| **TRANSPORT, LLC DOING BUSINESS** | § | |
| **AS SOUTHEAST LOGISTICS,** | § | |
| **TERRANCE J. DAVIS and** | § | |
| **CHEROKEE INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT TERRANCE J. DAVIS' ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Joseph Anthony Zdrilich. Esq.
The Zdrilich Law Group, LLC
3575 Koger Blvd., Suite 125
Duluth, GA 30096
joe@zinjurylaw.com
*Counsel for Plaintiff*

This 27th day of March, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Defendant Cherokee Insurance
Company and Purported Defendants
Southeast Logistics & Transport, LLC and
Terrance J. Davis*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00130/DRAFTS/03941963.DOCX }

2023CV00459

e-Filed 3/27/2023 5:10 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **GILBERT P. DOUGET,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2023CV00459** |
| **SOUTHEAST LOGISTICS &** | § | |
| **TRANSPORT, LLC DOING BUSINESS** | § | |
| **AS SOUTHEAST LOGISTICS,** | § | |
| **TERRANCE J. DAVIS and CHEROKEE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANT CHEROKEE INSURANCE COMPANY'S ANSWER
### AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
### FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW **CHEROKEE INSURANCE COMPANY**, a Defendant in the above-styled civil action, and files this Answer and Affirmative Defenses to Plaintiff's Complaint for Damages and Demand for Jury Trial ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia law.

### SECOND DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### THIRD DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### FOURTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

### FIFTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of this Defendant in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

### SIXTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia Law.

### SEVENTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

### EIGHTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

### NINTH DEFENSE

As a Ninth Defense, this Defendant answers the Plaintiff's Complaint as follows:

2023CV00459

## PARTIES, JURISDICTON AND VENUE

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant denies the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant admits only that it is a Michigan corporation with its principal place of business located at 34200 Mound Rd., Sterling Heights, MI 48310, and that it may be served pursuant to applicable Georgia law.  This Defendant denies the remaining allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

Paragraph 5 of Plaintiff's Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2023CV00459

6.

This Defendant denies the allegations contained within Paragraph 6 of Plaintiff's Complaint.

## FACTS

7.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-6 of Plaintiff's Complaint as if those responses were set forth herein by reference.

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant denies the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant admits upon information and belief the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant can neither admit nor deny the allegations contained within Paragraph 11 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2023CV00459

12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

This Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

This Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

## **COUNT ONE**
## **NEGLIGENCE**

17.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-16 of Plaintiff's Complaint as if those responses were set forth herein by reference.

2023CV00459

18.

This Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

2023CV00459

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

## COUNT TWO
## IMPUTED LIABILITY

28.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-27 of Plaintiff's Complaint as if those responses were set forth herein by reference.

29.

This Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

2023CV00459

## COUNT THREE
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

32.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-31 of Plaintiff's Complaint as if those responses were set forth herein by reference.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

36.

This Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint.

## COUNT FOUR
## DIRECT ACTION

37.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-36 of Plaintiff's Complaint as if those responses were set forth herein by reference.

2023CV00459

38.

This Defendant can neither admit nor deny the allegations contained within Paragraph 38 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

39.

This Defendant denies as pled the allegations contained within Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant denies as pled the allegations contained within Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

## **COMPENSATORY DAMAGES**

42.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-41 of Plaintiff's Complaint as if those responses were set forth herein by reference.

43.

This Defendant denies the allegations contained within Paragraph 43 of Plaintiff's Complaint.

2023CV00459

44.

This Defendant denies the allegations contained within Paragraph 44 of Plaintiff's Complaint

45.

This Defendant denies the allegations contained within Paragraph 45 of Plaintiff's Complaint.

46.

This Defendant denies the allegations contained within Paragraph 46 of Plaintiff's Complaint and all of its subparts.

47.

This Defendant denies that Plaintiff is entitled to the relief sought within the "WHEREFORE" Paragraph of Plaintiff's Complaint.

**TENTH DEFENSE**

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant **CHEROKEE INSURANCE COMPANY** prays that it be discharged from this action without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

*[Signature contained on next page.]*

2023CV00459

This 27th day of March, 2023.

                                **CRUSER, MITCHELL, NOVITZ,**
                                **SANCHEZ, GASTON & ZIMET, LLP**

                                **JASON G. WYRICK**
                                Georgia Bar No. 143112
                                **ELIZABETH W. BROWN**
                                Georgia Bar No. 900146
Meridian II, Suite 2000                 *Attorneys for Defendant Cherokee Insurance*
275 Scientific Drive                    *Company and Purported Defendants*
Peachtree Corners, GA  30092        *Southeast Logistics & Transport, LLC and*
(404) 881-2622                       *Terrance J. Davis*
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ebrown@cmlawfirm.com

2023CV00459

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **GILBERT P. DOUGET,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2023CV00459** |
| **SOUTHEAST LOGISTICS &** | § | |
| **TRANSPORT, LLC DOING BUSINESS** | § | |
| **AS SOUTHEAST LOGISTICS,** | § | |
| **TERRANCE J. DAVIS and** | § | |
| **CHEROKEE INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT CHEROKEE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Joseph Anthony Zdrilich. Esq.
The Zdrilich Law Group, LLC
3575 Koger Blvd., Suite 125
Duluth, GA 30096
joe@zinjurylaw.com
*Counsel for Plaintiff*

This 27th day of March, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Defendant Cherokee Insurance
Company and Purported Defendants
Southeast Logistics & Transport, LLC and*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622

{SECURE Firm/297/00130/DRAFTS/03941965.DOCX }

2023CV00459

(404) 881-2630 (Fax)                    *Terrance J. Davis*

2023CV00459

e-Filed 3/27/2023 5:10 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **GILBERT P. DOUGET,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2023CV00459** |
| **SOUTHEAST LOGISTICS &** | § | |
| **TRANSPORT, LLC DOING BUSINESS** | § | |
| **AS SOUTHEAST LOGISTICS,** | § | |
| **TERRANCE J. DAVIS and CHEROKEE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANT CHEROKEE INSURANCE COMPANY AND PURPORTED DEFENDANTS SOUTHEAST LOGISTICS & TRANSPORT, LLC DOING BUSINESS AS SOUTHEAST LOGISTICS AND TERRANCE J. DAVIS' DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **CHEROKEE INSURANCE COMPANY**, a Defendant in the above-styled civil action, and **SOUTHEAST LOGISTICS AND TRANSPORT LLC DOING BUSINESS AS SOUTHEAST LOGISTICS** and **TERRANCE J. DAVIS**, purported Defendants in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and file this Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. § 15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12. If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

*See also* O.C.G.A. § 15-12-123(a)(2) which reads as follows:

**2023CV00459**

In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

This 27th day of March, 2023.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Defendant Cherokee Insurance Company and Purported Defendants Southeast Logistics & Transport, LLC and Terrance J. Davis*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ebrown@cmlawfirm.com

2023CV00459

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

GILBERT P. DOUGET,      §
     §
       Plaintiff,      §
     §
     §    **CIVIL ACTION**

vs.      §
     §    **FILE NO.: 2023CV00459**

**SOUTHEAST LOGISTICS &**      §
**TRANSPORT, LLC DOING BUSINESS**      §
**AS SOUTHEAST LOGISTICS,**      §
**TERRANCE J. DAVIS and**      §
**CHEROKEE INSURANCE COMPANY,**      §
     §
       **Defendants.**      §

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT CHEROKEE INSURANCE COMPANY AND PURPORTED DEFENDANTS SOUTHEAST LOGISTICS & TRANSPORT, LLC DOING BUSINESS AS SOUTHEAST LOGISTICS AND TERRANCE J. DAVIS' DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Joseph Anthony Zdrilich. Esq.
The Zdrilich Law Group, LLC
3575 Koger Blvd., Suite 125
Duluth, GA 30096
joe@zinjurylaw.com
*Counsel for Plaintiff*

This 27th day of March, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Defendant Cherokee Insurance Company and Purported Defendants Southeast Logistics & Transport, LLC and Terrance J. Davis*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00130/DRAFTS/03960629.DOCX }

2023CV00459

e-Filed 3/27/2023 5:10 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **GILBERT P. DOUGET,** | § § | |
| **Plaintiff,** | § § | **CIVIL ACTION** |
| **vs.** | § § | **FILE NO.: 2023CV00459** |
| **SOUTHEAST LOGISTICS & TRANSPORT, LLC DOING BUSINESS AS SOUTHEAST LOGISTICS, TERRANCE J. DAVIS and CHEROKEE INSURANCE COMPANY,** | § § § § § § | |
| **Defendants.** | § § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **PURPORTED DEFENDANT TERRANCE J. DAVIS' FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS UNDER O.C.G.A. § 9-11-34 AND NOTICE TO PRODUCE AT TRIAL UNDER O.C.G.A. § 24-13-27 TO PLAINTIFF** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Joseph Anthony Zdrilich. Esq.
The Zdrilich Law Group, LLC
3575 Koger Blvd., Suite 125
Duluth, GA 30096
joe@zinjurylaw.com
*Counsel for Plaintiff*

This 27ᵗʰ day of March, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Defendant Cherokee Insurance Company and Purported Defendants Southeast Logistics & Transport, LLC and Terrance J. Davis*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00130/DRAFTS/03946910.DOCX }

2023CV00459

e-Filed 3/28/2023 10:39 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| GILBERT P. DOUGET, | |
| **PLAINTIFF,** | |
| vs. | **CIVIL ACTION NO.** |
| | **2023CV00459** |
| SOUTHEAST LOGISTICS & TRANSPORT, LLC, doing business as SOUTHEAST LOGISTICS, TERRANCE J. DAVIS, and CHEROKEE INSURANCE COMPANY | |
| **DEFENDANTS.** | |

### ENTRY OF APPEARANCE

COME NOW Peter A. Law, E. Michael Moran, and Elizabeth A. Rose, and the law firm of Law & Moran, and enter an appearance on behalf of Plaintiff as additional counsel in the above case, as follows:

Peter A. Law, Esq.
E. Michael Moran, Esq.
Elizabeth A. Rose, Esq.
Law & Moran
563 Spring Street, N.W.
Atlanta, Georgia 30308
Telephone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@LawMoran.com
Mike@LawMoran.com
Elizabeth@LawMoran.com

[Signature on following page].

2023CV00459

This 28th day of March, 2023.

Respectfully submitted,

**LAW & MORAN**

*/s/ Elizabeth A. Rose*
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Elizabeth A. Rose
Georgia Bar No. 940275
*Attorneys for Plaintiff*

**LAW & MORAN**
563 Spring Street NW
Atlanta, Georgia 30308
(404) 814-3700

2023CV00459

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**GILBERT P. DOUGET,**

    **PLAINTIFF,**

    **vs.**

**SOUTHEAST LOGISTICS & TRANSPORT, LLC, doing business as SOUTHEAST LOGISTICS, TERRANCE J. DAVIS, and CHEROKEE INSURANCE COMPANY**

    **DEFENDANTS.**

**CIVIL ACTION NO. 2023CV00459**

---

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned has this day electronically filed the foregoing

Entry of Appearance via Odyssey e-file, which will notify all counsel of record, including:

Jason G. Wyrick
Elizabeth W. Brown
Cruser Mitchell Novitz
Sanchez Gaston & Zimet LLP
Meridian II
275 Scientific Drive Suite 2000
Norcross, GA 30092

This 28th day of March, 2023.

Respectfully submitted,

**LAW & MORAN**

*/s/ Elizabeth A. Rose*
Elizabeth A. Rose
Georgia Bar No. 940275
*Attorneys for Plaintiffs*

**LAW & MORAN**
563 Spring Street NW
Atlanta, Georgia 30308
(404) 814-3700

3

2023CV00459



*23-000124317*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

GILBERT P. DOUGET

PLAINTIFF(S)

VS.

CHEROKEE INSURANCE COMPANY;
SOUTHEAST LOGISTICS & TRANSPORT, LLC
D/B/A SOUTHEAST LOGISTICS, TERRANCE J.
DAVIS

DEFENDANT(S)

_____ /

SUMMONS

| | |
|---|---|
| **CASE #:** | **2023CV00459** |
| **COURT:** | **STATE OF GEORGIA** |
| **COUNTY:** | **CLAYTON** |
| **DFS-SOP #:** | **23-000124317** |

e-Filed 3/29/2023 9:05 AM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Ashley Murphy

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said  process was received in my office by ELECTRONIC DELIVERY on Tuesday, March 28, 2023 and a copy was forwarded by ELECTRONIC DELIVERY on Wednesday, March 29, 2023 to the designated agent for the named entity as shown below.

CHEROKEE INSURANCE COMPANY
DONNA MOCH
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

MICHELLE L HINDY
PARALEGAL
ZDRILICH INJURY LAW, LLC
3575 KOGER BLVD., SUITE 125
3575 KOGER BLVD., SUITE 125
DULUTH, GA 30096

TG1

*Tiki Brow*
Tiki Brow
Clerk of State Co
Clayton County, Georg
Cornelia Ram

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **GILBERT P. DOUGET,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2023CV00459** |
| **SOUTHEAST LOGISTICS &** | § | |
| **TRANSPORT, LLC DOING BUSINESS** | § | |
| **AS SOUTHEAST LOGISTICS,** | § | |
| **TERRANCE J. DAVIS and CHEROKEE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANT SOUTHEAST LOGISTICS AND TRANSPORT LLC DOING BUSINESS AS SOUTHEAST LOGISTICS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW **SOUTHEAST LOGISTICS AND TRANSPORT LLC DOING BUSINESS AS SOUTHEAST LOGISTICS,** a Defendant in the above-styled civil action, and files this First Amended Answer and Affirmative Defenses to Plaintiff's Complaint for Damages and Demand for Jury Trial ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to O.C.G.A. § 9-11-12(b)(6) and applicable Georgia law.

### SECOND DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### THIRD DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### FOURTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

### FIFTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of this Defendant in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

### SIXTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia Law.

### SEVENTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

### EIGHTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

### NINTH DEFENSE

This Defendant raises the affirmative defenses of real party and misnomer pursuant to O.C.G.A. § 9-11-17 and applicable Georgia law.

## **TENTH DEFENSE**

As a Tenth Defense, this Defendant answers the Plaintiff's Complaint as follows:

## **PARTIES, JURISDICTON AND VENUE**

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits only that Southeast Logistics & Transport, LLC is a limited liability company with its principal office located at 1810 Ave. C., Birmingham, AL 35218 that may be served via its registered agent, C T Corporation System, 2 N. Jackson St., Suite 605, Montgomery, AL, and that this Defendant is subject to the jurisdiction of this Court. This Defendant denies the remaining allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant admits only that Defendant Cherokee Insurance Company is a Michigan corporation with its principal place of business located at 34200 Mound Rd., Sterling Heights, MI 48310, and that it may be served pursuant to applicable Georgia law. This Defendant denies the remaining allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

Paragraph 5 of Plaintiff's Complaint sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, this Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant admits only that venue is proper in this Court pursuant to O.C.G.A. § 40-1-117(b).  This Defendant can neither admit nor deny the remaining allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## **FACTS**

7.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-6 of Plaintiff's Complaint as if those responses were set forth herein by reference.

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant denies the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant admits upon information and belief the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant can neither admit nor deny the allegations contained within Paragraph 11 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

This Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

This Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

## <u>COUNT ONE</u><br><u>NEGLIGENCE</u>

17.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-16 of Plaintiff's Complaint as if those responses were set forth herein by reference.

18.

This Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

## COUNT TWO
## IMPUTED LIABILITY

28.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-27 of Plaintiff's Complaint as if those responses were set forth herein by reference.

29.

This Defendant can neither admit nor deny the allegations contained within Paragraph 29 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

30.

This Defendant can neither admit nor deny the allegations contained within Paragraph 30 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

31.

This Defendant denies as pled the allegations contained within Paragraph 31 of Plaintiff's Complaint.

## <u>COUNT THREE</u>
## <u>NEGLIGENT HIRING, TRAINING AND SUPERVISION</u>

32.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-31 of Plaintiff's Complaint as if those responses were set forth herein by reference.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

36.

This Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint.

## COUNT FOUR
## DIRECT ACTION

37.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-36 of Plaintiff's Complaint as if those responses were set forth herein by reference.

38.

This Defendant can neither admit nor deny the allegations contained within Paragraph 38 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

39.

This Defendant denies as pled the allegations contained within Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant denies as pled the allegations contained within Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

## COMPENSATORY DAMAGES

42.

This Defendant hereby reasserts and incorporates by reference the responses made previously in Paragraphs 1-41 of Plaintiff's Complaint as if those responses were set forth herein by reference.

43.

This Defendant denies the allegations contained within Paragraph 43 of Plaintiff's Complaint.

44.

This Defendant denies the allegations contained within Paragraph 44of Plaintiff's Complaint

45.

This Defendant denies the allegations contained within Paragraph 45of Plaintiff's Complaint.

46.

This Defendant denies the allegations contained within Paragraph 46 of Plaintiff's Complaint and all of its subparts.

47.

This Defendant denies that Plaintiff is entitled to the relief sought within the "WHEREFORE" Paragraph of Plaintiff's Complaint.

## ELEVENTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant **SOUTHEAST LOGISTICS AND TRANSPORT LLC DOING BUSINESS AS SOUTHEAST LOGISTICS** prays that it be discharged from this action without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

This 4th day of April, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP


**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Defendants Cherokee*
*Insurance Company and Southeast Logistics*
*& Transport, LLC, and Purported*
*Defendant Terrance J. Davis*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ebrown@cmlawfirm.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **GILBERT P. DOUGET,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2023CV00459** |
| **SOUTHEAST LOGISTICS &** | § | |
| **TRANSPORT, LLC DOING BUSINESS** | § | |
| **AS SOUTHEAST LOGISTICS,** | § | |
| **TERRANCE J. DAVIS and** | § | |
| **CHEROKEE INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT SOUTHEAST LOGISTICS AND TRANSPORT LLC DOING BUSINESS AS SOUTHEAST LOGISTICS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Joseph Anthony Zdrilich. Esq.
The Zdrilich Law Group, LLC
3575 Koger Blvd., Suite 125
Duluth, GA 30096
joe@zinjurylaw.com
*Counsel for Plaintiff*

Peter A. Law. Esq.
E. Michael Moran, Esq.
Elizabeth A. Rose, Esq.
Law & Moran
563 Spring Street, N.W.
Atlanta, GA 30308
pete@lawmoran.com
mike@lawmoran.com
elizabeth@lawmoran.com
*Counsel for Plaintiff*

This 4th day of April, 2023.

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146

Meridian II, Suite 2000

275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

*Attorneys for Defendants Cherokee*
*Insurance Company and Southeast Logistics*
*& Transport, LLC, and Purported*
*Defendant Terrance J. Davis*

Tiki Brow
Clerk of State Co
Clayton County, Georg
Cornelia Ran

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **GILBERT P. DOUGET,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 2023CV00459** |
| **SOUTHEAST LOGISTICS &** | § | |
| **TRANSPORT, LLC DOING BUSINESS** | § | |
| **AS SOUTHEAST LOGISTICS,** | § | |
| **TERRANCE J. DAVIS and CHEROKEE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I hereby certify that I have this day served all counsel of record in this action with a copy

of the following:

1.  DEFENDANT SOUTHEAST LOGISTICS & TRANSPORT, LLC DOING
    BUSINESS AS SOUTHEAST LOGISTICS' RESPONSES AND OBJECTIONS
    TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS; and
2.  PUPORTED DEFENDANT TERRANCE J. DAVIS' RESPONSES AND
    OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

by STATUTORY ELECTRONIC SERVICE via the email addresses below:

Joseph Anthony Zdrilich. Esq.
The Zdrilich Law Group, LLC
3575 Koger Blvd., Suite 125
Duluth, GA  30096
joe@zinjurylaw.com
*Counsel for Plaintiff*

Peter A. Law. Esq.
E. Michael Moran, Esq.
Elizabeth A. Rose, Esq.
Law & Moran
563 Spring Street, N.W.
Atlanta, GA  30308
pete@lawmoran.com
mike@lawmoran.com
elizabeth@lawmoran.com
*Counsel for Plaintiff*

*[Signature contained on next page.]*

This 4th day of April, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**ELIZABETH W. BROWN**
Georgia Bar No. 900146
*Attorneys for Defendants Cherokee
Insurance Company and Southeast Logistics
& Transport, LLC, and Purported
Defendant Terrance J. Davis*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ebrown@cmlawfirm.com