# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER PAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: |
| v. | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer, Alexander Payton, against Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

## PRELIMINARY STATEMENT

2. Plaintiff has a twin sister. They are different people with different social security numbers, different first names, different middle names, different debts, and different lives.

3. Nonetheless, Equifax has treated Plaintiff and his sister as one person. Equifax has merged Plaintiff and his sister's credit file into one file, and has sold a

merged credit file to the siblings' creditors.  In doing so, Equifax has created false impressions amongst Plaintiff's creditors as to his credit worthiness.

4. This lawsuit is based on Equifax's repeated failure to comply with federal law requirements relating to credit reporting.

### JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. Venue is proper in this Court under 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claims occurred in this district and division.

### PARTIES

7. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

8. Defendant Equifax is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f), and it conducts substantial and regular business activities in this judicial district.

### FACTUAL ALLEGATIONS

9. When Congress enacted the FCRA it found that the "banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods

undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1).

10. Congress recognized that CRAs "have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a)(3). Therefore, Congress found that there "is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

11. The FCRA requires that when a CRA prepares a credit report, it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

12. Consumers can submit disputes to CRAs regarding the accuracy or completeness of any information in their credit file. Upon receipt of the dispute, the FCRA requires that the CRA conduct a reasonable reinvestigation of any information that is disputed by a consumer to determine if the information is accurate. The CRA must notify the source of the disputed information about the consumer's dispute. The CRA must provide the source with all relevant information received from the consumer. The CRA must review and consider all relevant

information provided by the consumer in conducting the reinvestigation. If information cannot be verified as accurate, the CRA "shall . . . promptly delete that item of information from the file of the consumer[.]" 15 U.S.C. § 1681i(a)(5)(i). The CRA must complete the reinvestigation within 30 days, or within 45 days if the dispute is based on a free annual credit report. The CRA must send the consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised as a result of the reinvestigation. 15 U.S.C. § 1681i(a).

13. Plaintiff's name is Alexander Lamarr Payton.

14. Plaintiff's twin sister's name is Alexis Marie Payton.

15. Plaintiff's and his sister's social security numbers are different from one another.

16. Despite the clear difference in first names, middle names, sexes, and social security numbers, Defendant has furnished consumer reports to Plaintiff's potential creditors that contain his sister's name, addresses, credit account history, and her inquiries.

17. Defendant has created the impression amongst Plaintiff's potential creditors that his credit worthiness is different, and at times worse, than it is.

18. On January 20, 2023, Plaintiff submitted an online dispute to Equifax.

19. In his dispute, Plaintiff explained to Equifax that the following items of information appearing on his credit report did not belong to him:

- Name Reported: Alexis Payton
- Social Security Number
- Employment information
- Credit account with JPMCB
- Credit account with Navy Federal Credit Union
- Credit account with Capital One
- Credit account with Bank of America
- Credit account with U.S. Dept. of Education
- Credit account with Navy FCU
- Collection account with KLS Financial Services, Inc.
- Hard inquiry with Atlantic Discount Co. (12/27/2022)
- Hard inquiry with JPMCB (06/09/2022)
- Hard inquiry with OneMain (2/28/2022)
- Hard inquiry with OneMain (2/27/2022)
- Hard inquiry with Virginia Credit Union (3/25/2022)

20. Plaintiff provided a copy of his paystub along with his dispute.

21. With respect to each of the disputed accounts, Plaintiff explained that "this account belongs to my twin sister, Alexis Payton, and she has the same birthday and a social security number that is one different from mine."

22. With respect to the disputed hard inquiries, Plaintiff explained that "this is not my inquiry."

23. Each of the disputed inquiries represented an instance in which Equifax furnished Plaintiff's credit report in connection with transactions that did not involve Plaintiff.

24. Each of these inquiries represents an instance in which Equifax furnished Plaintiff's private and confidential information to third parties without his consent.

25. These inquiries misstate Plaintiff's credit history and negatively impact his credit score.

26. Equifax received Plaintiff's dispute.

27. Equifax did not conduct a reasonable reinvestigation into some or all of Plaintiff's disputes.

28. On February 2, 2023, Equifax mailed Plaintiff a copy of its dispute results.

29. Equifax deleted all the disputed accounts.

30. Equifax deleted all the disputed accounts because it determined that they did not belong to Plaintiff.

31. After deleting these seven accounts from Plaintiff's credit file, Equifax was on clear notice that it had mixed his sister's information into his credit file. Nevertheless, Equifax did not remove Plaintiff's sister's name from the file. Despite Plaintiff explicitly disputing that his name is not "Alexis," Equifax's letter was sent to "Dear Alexis Payton."

32. Equifax did not reinvestigate any of the disputed inquiries.

33. Equifax has long been on notice that the FCRA requires it to reinvestigate disputed inquiries.

34. The plain language of the statute requires a reasonable reinvestigation of "the completeness or accuracy of *any item* of information contained in a consumer's file" that is disputed by the consumer. 15 U.S.C. § 1681i(a)(1)(A) (emphasis added).

35. Regulatory guidance from the Federal Trade Commission further reinforced the obligations for CRAs to reinvestigate disputed inquiries:

> When a CRA receives a dispute from a consumer alleging that an inquiry that appears in his/her file was not made by a person who had a permissible purpose for obtaining the consumer report, and those allegations are supported by the CRA investigation, the CRA has two options. It may either delete the inquiry as inaccurate, or amend the file to make the item

> 'complete' by reflecting clearly that the inquiry was generated by a party who did not have a permissible purpose to obtain a consumer report on the consumer.

*40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations*, Federal Trade Commission, 2011 WL 3020575, at *69 (2011).

36. This Court has also ruled that Equifax must reinvestigate disputed inquiries:

> More than simply comporting with the plain language of the statute, [requiring reinvestigation of inquiry disputes] best serves to advance the purpose of FCRA's reinvestigation requirements—ensuring the accuracy of the information used by creditors to determine a consumer's creditworthiness. As the Eleventh Circuit has noted, the standard of accuracy imposed by the FCRA 'should be interpreted in an evenhanded manner toward the interests of both consumers and potential creditors in fair and accurate credit reporting.' The interests of consumers and potential creditors are best served by deletion of hard inquiries that Equifax itself admits 'misstate[ ]' the consumer's credit history. Consumer's credit scores are negatively impacted by fraudulent or inaccurate credit inquiries, and creditors are provided with an inaccurate portrait of the consumer's credit history. The only entity that benefits is Equifax, which does not have to expend resources reinvestigating disputed credit inquiries.

*Steed v. Equifax*, 2016 WL 7888039, at *4 (N.D. Ga. Aug. 31, 2016) (*citing Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1158 (11th Cir. 1991)).

8

37. Despite all this notice, Equifax has made a calculated business decision not to reinvestigate consumer disputes of inquiries.

38. As a result of this calculated business decision, Equifax did not reinvestigate or delete Plaintiff's disputed inquiries.

39. Because of Defendant's erroneous mixing of Plaintiff's credit file with his sister's credit file, Plaintiff has lost the opportunity to receive credit, and has suffered economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with his normal and usual activities.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(b))

40. Plaintiff re-alleges and incorporates all factual allegations set forth in this Complaint.

41. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports furnished regarding Plaintiff.

42. Defendant reported information to third parties that it had reason to know was inaccurate.

43. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA,

in the promulgations of the Federal Trade Commission, and in well-established case law.

44. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

45. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

46. As a result of these violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered, and continue to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

47. The violations by Defendant were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## SECOND CLAIM FOR RELIEF

## (15 U.S.C. § 1681i(a))

49. Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

50. Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file.

51. After Plaintiff his dispute, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

52. After Plaintiff sent his dispute, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or modify the items of information upon a lawful reinvestigation.

53. As a result of these violations of 15 U.S.C. § 1681i(a)), Plaintiff has suffered, and continues to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

54. The violations by Equifax were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Equifax was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury, or statutory damages of $100 to $1,000 to be determined by the jury;
2. Punitive damages to be determined by the jury;
3. Attorneys' fees; and
4. Costs of the action.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury, or statutory damages of $100 to $1,000 to be determined by the jury;
2. Punitive damages to be determined by the jury;
3. Attorneys' fees; and

4. Costs of the action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

DATED: April 4, 2023

**WEINER & SAND LLC**

By: /s/ Jeffrey B. Sand
Jeffrey B. Sand
GA Bar No. 181568
Andrew L. Weiner
GA Bar No. 808278
800 Battery Avenue SE
Suite 100
Atlanta, GA 30339
T: 404.205.5029
T: 404.254.0842
F: 866.800.1482
E: js@wsjustice.com
E: aw@wsjustice.com

*Attorneys for Plaintiff*