# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISON

| | |
|---|---|
| **ANTIOCH BAPTIST CHURCH NORTH,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **Civil Action File No:** |
| **CHURCH MUTUAL INSURANCE COMPANY,** ) ) ) ) | |
| **Defendant.** ) | |

## DEFENDANT CHURCH MUTUAL INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Church Mutual Insurance Company ("Church Mutual"), by and through its counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, showing this Honorable Court the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Church Mutual upon which relief can be granted, and therefore, must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with all conditions precedent to under the Policy.

## THIRD AFFIRMATIVE DEFENSE

Church Mutual shows that Plaintiff's Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the damage to the property as alleged in the Complaint. As such, Plaintiff's Complaint must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's allegations of bad faith failure to pay are without any basis in fact or law and are barred since Church Mutual did not refuse to pay based upon an unreasonable interpretation of the Policy provisions as applied to the circumstances known, which represents a substantial legal basis for its payment and denial of Plaintiff's additional claim for damages. All actions taken by Church Mutual were made in good faith and, as such, any claim for bad faith penalties and attorney's fees cannot stand.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to complete the statutory requirements for a claim of bad faith pursuant to O.C.G.A. § 33-4-6.

## SIXTH AFFIRMATIVE DEFENSE

The penalties set forth in O.C.G.A. § 33-4-6 are Plaintiff's exclusive remedies for alleged bad faith, and therefore, to the extent Plaintiff's Complaint

seeks extra-contractual damages not provided in O.C.G.A. § 33-4-6, Plaintiff's Complaint fails to state a cause of action and should be dismissed.

### SEVENTH AFFIRMATIVE DEFENSE

No alleged act, omission, or breach on the part of Church Mutual caused Plaintiff's alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has failed to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

Church Mutual hereby reserves the defenses of statute of limitations, repose, waiver, lack of jurisdiction, and improper venue.

### TENTH AFFIRMATIVE DEFENSE

Church Mutual hereby reserves all of its rights to amend this Answer and/or supplement its Affirmative Defenses in accordance with any additional information developed during the

### ELEVENTH AFFIRMATIVE DEFENSE

In response to the specific allegations contained in the Plaintiff's Complaint, and while at all times reserving the defenses previously raised by Defendant as well as those which may be added by amendment in the future after further discovery and investigation, Defendant states the following:

## PARTIES

1.

Admitted.

2.

In answer to paragraph 2 of Plaintiff's Complaint, Defendant admits that Church Mutual is an insurance company licensed to do business in Georgia and may be personally through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.  In further response to paragraph 2 of Plaintiff's Complaint, Defendant admits that the United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction over the subject matter alleged in Plaintiff's Complaint and that venue is proper the United States District Court for the Northern District of Georgia, Atlanta Division.

## FACTS COMMON TO ALL COUNTS

3.

Defendant admits that Defendant issued Policy No. 0027024-02-061796 to Antioch Baptist Church North with effective dates of December 8, 2019 to December 8, 2020.

4.

Denied.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and places Plaintiff on strict proof of same.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and places Plaintiff on strict proof of same.

**COUNT ONE**
**BREACH OF CONTRACT**

7.

Defendant incorporates by reference their defenses and responses to the preceding paragraphs as if fully set forth herein.

8.

In answer to paragraph 8 of Plaintiff's Complaint, Church Mutual states that the Policy is the best evidence of what it contains and speaks for itself.

9.

In answer to paragraph 9 of Plaintiff's Complaint, Church Mutual admits that on May 5, 2021, Plaintiff provided notice of a claim for property damage arising from an alleged May 3, 2021 storm event.

10.

Denied.

11.

Denied.

## COUNT TWO
## VIOLATION OF O.C.G.A. § 33-4-6 – BAD FAITH

12.

Defendant incorporates by reference their defenses and responses to the preceding paragraphs as if fully set forth herein.

13.

In answer to paragraph 13 of Plaintiff's Complaint, Church Mutual admits that on May 5, 2021, Plaintiff provided notice of a claim for property damage arising from an alleged May 3, 2021 storm event. Defendant denies the second sentence of Paragraph 13 of Plaintiff's Complaint.

14.

Denied.

15.

Denied.

16.

Defendant denies Plaintiff's "prayer for relief," which is found immediately following paragraph 15 of Plaintiff's Complaint.

17.

Defendant denies any allegations to which it has not otherwise specifically responded.

WHEREFORE having responded to the allegations of Plaintiff's Complaint, Church Mutual respectfully prays that:

(1) Plaintiff's Complaint be dismissed against Church Mutual;

(2) Church Mutual be discharged with all costs cast upon Plaintiff for attorney's fees and costs of litigation; and

(3) Church Mutual be awarded any other further relief as the Court may deem just and proper.

Respectfully submitted this 4th day of April, 2023.

[*SIGNATURES APPEAR ON FOLLOWING PAGE*]

        **BURKE MOORE LAW GROUP, LLP**

        /s/ *Eric R. Mull*
        Eric R. Mull
        Georgia Bar No. 556860
        Reid Elizabeth Evans
        Georgia Bar No. 896865

        *Counsel for Church Mutual*

235 Peachtree Street
Suite 1900
Atlanta, Georgia  30303
Tel:   (877) 219-5222
Fax:   (404) 905-1450
emull@burkemoore.com
revans@burkemoore.com


 Counsel for Defendant certifies that this pleading complies with Local Rule 7.1D.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISON

| | |
|---|---|
| **ANTIOCH BAPTIST CHURCH NORTH,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CHURCH MUTUAL INSURANCE COMPANY,** )<br>)<br>**Defendant.** ) | **Civil Action File No:** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT CHURCH MUTUAL INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES** upon all parties to this matter via U.S. First Class Mail addressed to the following counsel of record:

Alvin Kendall
The Kendall Law Firm
1133 Cleveland Avenue
Atlanta, Georgia  30344
akendall@kendalllawfirm.com

This 4th day of April, 2023.

*/s/ Eric R. Mull*
Eric R. Mull
Georgia Bar No.  556860

*Attorney for Church Mutual*

235 Peachtree Street
Suite 1900
Atlanta, Georgia  30303
Tel:   (877) 219-5222
Fax:   (404) 905-1450
emull@burkemoore.com

 Counsel for Defendant certifies that this pleading complies with Local Rule 7.1D.