IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **IFEANYI F. EZEJI** | ) | |
| **& TIFFANY J. EZEJI** | ) | Civil Action |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | CASE NO.: _____ |
| | ) | |
| **UR MENDOZA JADDOU,** Director | ) | |
| of U.S. Citizenship and Immigration | ) | |
| Services**,** and **SHINEKA MILLER,** | ) | |
| Director of Atlanta Field Office of U.S. | ) | |
| Citizenship and Immigration Services, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**PLAINTIFFS' ORIGINAL COMPLAINT
FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT
UNDER THE ADMINISTRATIVE PROCEDURE ACT**

**To the Honorable Judges of this Court:**

COME NOW **Ifeanyi Ezeji** and **Tiffany Ezeji**, Plaintiffs in the above-styled and numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court the following:

1. This is an action for mandamus, brought against the Defendants to compel action on an immigrant visa petition filed by Plaintiff and her spouse. The

petition was presented to and remains within the jurisdiction of the Defendants, who have improperly withheld action on said petition to Plaintiff's detriment.

2. The claims for mandamus and injunctive relief seek an order from the Court compelling Defendants to perform a duty that Defendants owe to Plaintiff, namely to cause Defendants to adjudicate and process Plaintiff's petition for alien relative. The claim for declaratory relief seeks a judicial declaration that Defendants are required under law to complete the adjudication process for Plaintiff.

## PARTIES

3. Plaintiff Beneficiary Ifeany Ezeji, (Alien Number: A203 085 691) is a native and citizen of Nigeria. His spouse filed Form I-130, Petition for Alien Relative, on his behalf, which, as will be shown, Defendants have unlawfully failed to adjudicate.

4. Plaintiff Petitioner Tiffany Ezeji is a U.S. citizen who filed a Form I-130, Petition for Alien Relative, on behalf of her husband.

5. Defendant Ur Mendoza Jaddou is the Director of the U.S. Citizenship and Immigration Services [hereinafter, USCIS] a branch of the Department of Homeland Security. The USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant is the official of the USCIS

generally charged with administrative and supervisory authority over all operations of the USCIS.

6. Defendant Shineka Miller is the USCIS Atlanta Field Office Director. Defendant Miller is sued in her official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B). Specifically, Defendant is responsible for the adjudication of Petitions for Alien Relative and Applications to Register Permanent Residence or Adjust Status in her service area. As will be shown, Defendant is the official with whom Plaintiff's petition was properly filed.

## JURISDICTION

7. Jurisdiction, in this case, is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 et seq.; and, 28 U.S.C. § 2201 et seq. Relief is requested according to said statutes.

## VENUE

8. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), that this is an action against officers and agencies of the United States in their official capacities brought in the district where the Plaintiff in the action resides, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

9. Plaintiff has exhausted her administrative remedies. No other remedy is adequate in this case because Defendants have not updated nor made a decision on the Plaintiff's four-year-old Petition for Alien Relative. Immediate action, such as that offered by a mandamus action under the Administrative Procedure Act, is the only relief available.

## LEGAL BACKGROUND

10. This Court has jurisdiction to review USCIS's action concerning Plaintiffs' immigration case according to 28 U.S.C. § 1331 and the Administrative Procedures Act. See Kim v. Ashcroft, 340 F. Supp. 2d 384 (S.D.N.Y. 2004) (holding that subject matter jurisdiction exists pursuant to the Defendant's violation of 5 U.S.C. § 555(b) of the Administrative Procedure Act ("APA") in conjunction with the federal question statute); Yu v. Brown, 36 F. Supp.2d 922, 930 (D.N.M. 1999) (noting that "courts have specifically recognized jurisdiction under § 1331 and the APA to hear challenges to INS delays in processing visas, LPR, and citizen applications").

11. The APA, 5 USC §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other appropriate remedy in this situation because USCIS withheld action on Plaintiffs' petition. There not

being any other adequate remedy in this situation, the only option for Plaintiffs is this instant action in this court.

12. Moreover, 5 U.S.C. § 706 states:

> The reviewing court shall—
>
> **(1)** compel agency action unlawfully withheld or unreasonably delayed; and
>
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
>
>> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>>
>> **(B)** contrary to constitutional right, power, privilege, or immunity;
>>
>> **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>>
>> **(D)** without observance of procedure required by law;
>>
>> **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>>
>> **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

13. In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to process the petition filed by Plaintiff and her spouse.

14. A U.S. Citizen spouse or child files a petition on behalf of the non-citizen on Form I-130, otherwise known as a Petition for Alien Relative. Approval of this petition allows an immigrant visa to be immediately available to the Beneficiary of said petition. INA § 201 [8 U.S.C. § 1151(b)(2)(A)(i)].

15. Defendants have willfully and unreasonably withheld action on Plaintiff's I-130 petition, preventing Plaintiff from advancing her pursuit of Lawful Permanent Resident status.

16. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, have unlawfully withheld action on Plaintiff's petition and therefore, have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

17. Accordingly, Plaintiffs have been forced to pursue the instant action.

## CAUSE OF ACTION

18. Plaintiff Beneficiary is a Nigerian native and citizen who entered the United States on a B2 visa on February 10, 2010. He married his United States citizen spouse on November 11, 2018.

19. On April 17, 2019, Plaintiff Petitioner filed a Form I-130, Petition for Alien Relative. **See Exhibit 1**, I-130 Receipt Notice.

20. On March 25, 2021, Plaintiff Beneficiary and his spouse attended an initial interview with USCIS.

21. On April 29, 2021, the Service issued a Notice of Intent to Deny (NOID). **See Exhibit 2**, First NOID.

22. Plaintiffs timely responded to the NOID. **See Exhibit 3**, First NOID Response[1].

23. However, the Service resent the exact same NOID to Plaintiffs on July 14, 2022, with a post-it attached, stating the following: "Please resend the information which is needed. Thanks". **See Exhibit 4**, Second NOID.

24. Therefore, Plaintiffs resent their NOID response with additional documents in a timely manner. **See Exhibit 5**, Second NOID Response[2].

25. Plaintiffs have received no further communication from the Service since filing the petition. No further documentation has been requested, nor has the Service set another interview in the intervening months.

26. Defendants' failure to take the appropriate action required by law to adjudicate Plaintiff's Petition is denying them a privilege to which they are entitled.

---

[1] Please Note: Exhibit 3 is the cover letter responding to the NOID. The entire response is approximately 170 pages and is contained in the administrative record in custody of Defendants.
[2] Please Note: Exhibit 5 is the cover letter responding to the NOID. The entire response is approximately 180 pages and is contained in the administrative record in custody of Defendants.

Accordingly, Plaintiffs are suffering continuing harm due to this unreasonable delay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief:

A. Enjoin Defendants from further delaying the adjudication of Plaintiff's I-130 Petition;

B. To compel the Defendants and their agents to immediately adjudicate Plaintiff's I-130 Petition according to the law and regulations by which they are bound;

C. Award Plaintiffs reasonable attorney's fees; and,

D. Grant such other and further relief at law and in equity as justice may require.

Respectfully submitted,

This 30th day of March, 2023.

**THE FOGLE LAW FIRM, LLC**
/S/David Lunel
by: David Lunel
Georgia Bar No. 874002
Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: david@foglelaw.com