Case 1:23-mi-99999-UNA   Document 1053-3   Filed 04/05/23   Page 1 of 8

H. GLENN FOGLE, JR., ESQ. (ADMITTED IN GA)
DAVID LUNEL, ESQ. (ADMITTED IN GA & PARIS)
URWAH AHMED, ESQ. (ADMITTED IN GA)
OF COUNSEL: PRADEEK SUSHEELAN, ESQ. (ADMITTED IN NY)
OF COUNSEL: MARY M. SHIN, ESQ. (ADMITTED IN HI)

**THE FOGLE LAW FIRM, LLC**

ATLANTA OFFICE 404.522.1852
CHARLESTON OFFICE 843.572.6822
CHARLOTTE OFFICE 704.405.9060
LOS ANGELES OFFICE 213.344.3780

*"Effective Immigration Solutions"*



July 27, 2021

U.S. Department of Homeland Security
USCIS Atlanta Field Office
2150 Parklake Drive
Atlanta, GA 30345

  RE: **RESPONSE TO NOTICE OF INTENT TO DENY**

    **Case Type: I-130, Petition for Alien Relative**
    **Petitioner: Tiffany Javonna Ezeji (USC Spouse)**
    **Beneficiary: Ifeanyi Franklin Ezeji (A#203-085-691)**
    **Receipt No.: YSC1990278401**

Dear Staff:

  The undersigned is counsel of record for the above-listed clients regarding the above captioned matter. Original Forms G-28, pertaining to the firm's representation are enclosed.

  This response is in connection with the Notice of Intent to Deny (hereinafter "NOID") dated April 29, 2021 for Mrs. Tiffany J. Ezeji's Form I-130, Petition for Alien Relative filed on April 17, 2019.

  The Service provided the Petitioner thirty-three (33) days to respond to the NOID. Per the USCIS website, USCIS will consider responses to NOIDS and other Service requests and notices received within 60 calendar days after the response due date set in the request or notice before taking any action. Mrs. Ezeji was instructed by the Service to respond to this NOID no later than June 1, 2021. **This response is timely filed as it was filed within sixty (60) days of June 1, 2021, which was the original response due date for the above referenced NOID.**

  Please be advised that the Petitioner, Mrs. Ezeji has done everything in her power to gather the evidence that clearly substantiates that her I-130 Petition warrants approval by the Service. As such, please find enclosed and accept the submission of the following evidence in support of Mrs. Cameron's petition:

### Exhibits:

 **A.** Copy of Notice of Intent to Deny;
 **B.** Original Forms G-28 pertaining to the Firm's Representation;
 **C.** Copy of signed and notarized affidavit from Petitioner;
 **D.** Copy of signed and notarized affidavit from Beneficiary;
 **E.** Copy of Beneficiary's U.S. Department of Justice Notice of Release and Arrival;
 **F.** Copy of Beneficiary's U.S. DHS ICE Order of Release on Recognizance;

1

55 ALLEN PLAZA, SUITE 830, 55 IVAN ALLEN JR. BOULEVARD, ATLANTA, GEORGIA 30308
www.foglelaw.com

Case 1:23-mi-99999-UNA   Document 1053-3   Filed 04/05/23   Page 2 of 8

Form: I-130, Petition for Alien Relative
Petitioner: Tiffany Javonna Ezeji (USC Spouse)
Beneficiary: Ifeanyi Franklin Ezeji (A#203-085-691)
Receipt No.: YSC1990278401

G. Copy of Beneficiary's U.S. DHS Notice of Custody Redetermination;
H. Copy of mail received by the Petitioner and Beneficiary at their address of 1133 Parkway Circle from T-Mobile;
I. Copy of letter from Macy's denying Beneficiary's application for a credit card addressed to him at his address of 1133 Parkway Circle;
J. Copy of mail received by the Petitioner and the Beneficiary at their address of 1919 Paxton Ridge Court from Regions Bank;
K. Copy of bill from Southwest Credit received by the Beneficiary at his address of 1919 Paxton Ridge Court;
L. Copy of letter from EarthLink addressed to the Petitioner at 1919 Paxton Ridge Court for internet service;
M. Copy of letter from Wells Fargo addressed to the Petitioner and Beneficiary addressed to them at their address of 1133 Parkway Circle informing them their joint account will be closed by October 1, 2020;
N. Copy of Petitioner's Chase Bank Account Statements showing monthly rent payments;
O. Copy of Beneficiary's Regions Bank Account Statements;
P. Copy of Petitioner and Beneficiary's 2018, 2019, and 2020 joint IRS 1040 forms;
Q. Copy of Identity Confirmation for the Petitioner and the Beneficiary from the IRS;
R. Copy of Letter received from the Georgia Department of Revenue addressed to both the Petitioner and Beneficiary;
S. Copy of Petitioner's UPS 2020 Benefits Confirmation Statement listing the Beneficiary as her spouse and dependent;
T. Copy of Petitioner's ultrasound pictures from her recent pregnancy;
U. Copy of medical records for Petitioner's miscarriage she suffered this year;
V. Copy of address change confirmation for Petitioner;
W. Copy of Petitioner's Daughter's school portal printout listing the Beneficiary as her emergency contact;
X. Copy of Petitioner's T-Mobile Customer Portal print out evidencing that both the Petitioner and the Beneficiary are on the same plan;
Y. Copy of Gwinnett county customer portal printout evidencing Petitioner and Beneficiary's water bill is in the Petitioner's name;
Z. Copy of signed and notarized Affidavit from Christina Alexander;
AA. Copy of signed and notarized affidavit from Ashley Z.;
BB. Copy of signed and notarized affidavit from Aunt Nancy;

The NOID questions the validity and credibility of Mrs. Ezeji's marriage to her husband, Mr. Ezeji, based on an incorrect assumption that their marriage is not bona fide. **However, the Service failed to take into consideration the amount of time that the Beneficiary spent in Federal Prison and in ICE Detention.** It is important to note that the Petitioner and the Beneficiary were married on November 14, 2018 while the Beneficiary was in prison in Folkston, GA.

The key and primary issue which needs to be considered by USCIS is whether the marriage was entered into in good faith. 8 CFR § 204.2. This only needs to be demonstrated by a **preponderance of the evidence – or more than 50% chance that the marriage is *bona fide*.** Even if an adjudicator has some doubt as to the truth,

2

if the petitioner or applicant submits relevant, probative, and credible evidence that leads to the conclusion that the claim is "more likely than not" or "probably true", the petitioner or applicant has satisfied the standard of proof, as in this case. See United States v. Cardozo Fonseca, 480 U.S. 421 (1987) (defining "more likely than not" as a greater than 50 percent probability of something occurring."). However, because the Petitioner filed this I-130 Petition after the Beneficiary was placed in removal proceedings, the Petitioner has the burden of proving her marriage to the Beneficiary is bona fide by clear and convincing evidence. As such, Mr. and Mrs. Ezeji have provided additional evidence and explanations in support of their marriage enclosed in this response.

### I.     Joint Residence

The Service alleges that the Petitioner and Beneficiary have not provided enough evidence to establish that they are in a bona fide marital relationship. Furthermore, the Service claims that when asked about their address history, the Petitioner and Beneficiary's responses were inconsistent. **It is important to note that the Beneficiary was incarcerated from July 2017 to July 2020.** Upon his release from prison, the Beneficiary was set to be transferred to ICE custody due to ICE placing an immigration hold on him. **However, after his release from prison in July of 2020, he was released from ICE on his own recognizance.** (*See* **Exhibits E-G**). Respondent was instructed by ICE to report to the Atlanta Field Office for an ICE check in on October 14, 2020 at 11:00 A.M. However, on October 7, 2020 at 2:36 P.M., **the Beneficiary was apprehended at his home and detained by ICE at the Irwin County Detention Center. The Beneficiary remained detained by ICE for 6 months. He was released in March of 2021.**

At the interview on March 25, 2021, the Petitioner and Beneficiary were questioned separately. The officer asked both of them about their address history. **It is important to note that at the time of the interview, the Beneficiary had only been home for a couple of weeks since his release from ICE detention.** The Service alleges that there were inconsistencies in the responses given by the Petitioner and the Beneficiary when asked about their address history. However, the Service failed to take into consideration that at the time the Petitioner and Beneficiary were married, the Beneficiary was incarcerated **as indicated on the Petitioner's Form I-130**. At the interview, the Petitioner and Beneficiary did not specify or highlight the fact that the Beneficiary had been incarcerated for the majority of their marriage because they rightly assumed that the Service would be aware as the information was provided on their Form I-130. The Petitioner and Beneficiary simply answered the Officer's questions as they were asked. The Petitioner and Beneficiary have provided clarifications for the information provided at their interview in their enclosed signed and notarized affidavits. (*See* **Exhibits C and D**).

Before the Petitioner and Beneficiary got married, the Petitioner moved in with the Beneficiary at the Monroe apartments in July 2017. After only two weeks of residing together, the Beneficiary was arrested. The Petitioner then moved to Cove Creek Circle in July of 2017. (this was where the Petitioner and Beneficiary planned to move together before he was arrested.) The Petitioner then moved to her home at 1335 Herrington Road

**Form: I-130, Petition for Alien Relative**
**Petitioner:** Tiffany Javonna Ezeji (USC Spouse)
**Beneficiary:** Ifeanyi Franklin Ezeji (A#203-085-691)
**Receipt No.:** YSC1990278401

in July of 2018. This is where the Petitioner was living when she filed the above-mentioned Form I-130. In July of 2019, the Petitioner then moved to her home at 1133 Parkway Circle. Finally in March of 2021, the Petitioner moved to her current address of 1919 Paxton Court, where she is currently residing with the Beneficiary and their daughter. **Again, it is important to note that the Beneficiary was incarcerated from July of 2017 to July 2020.** This means that when the Petitioner was living at Cove Creek Circle and 1335 Herrington Road, the Beneficiary was not physically living with her. This was not by choice but because he was incarcerated. When the Beneficiary was released from prison in July 2020, he returned home to the Petitioner at their address of 1133 Parkway Circle. The Petitioner had been living at this address for a year before the Beneficiary returned home. The Beneficiary resided at 1133 Parkway Circle for three months from July 2020 to October 2020, because in October 2020 he was detained by ICE. The Petitioner moved to her current address of 1919 Paxton Court in the early part of March 2021 **before** the Beneficiary was released from ICE detention. Upon his release, he returned home to the Petitioner once again.

The Petitioner and Beneficiary are unable to provide any joint lease agreements because each lease signed by the Petitioner did not have the Beneficiary listed because he was either incarcerated or detained by ICE. Furthermore, the Beneficiary was detained by ICE while the Petitioner was in the process of securing their home at 1919 Paxton Court. Given these facts, it is **clear** to see that there were no inconsistencies in the Petitioner and Beneficiary's responses in regard to their address history. To further support their responses and proof of their joint residency the Petitioner and Beneficiary have included copies of mail that they received at their various addresses. (*See* **Exhibits H-L**).

## II.   Comingled Finances

The Service alleges that based on the documents submitted by the Petitioner, the Petitioner and Beneficiary have not provided evidence that they have comingled their finances. **It is important to note, again, that the Petitioner and Beneficiary have only had the opportunity to reside together from July 2020 to October 2020 and from March 2021 to the present time.** Given these facts, it is **not reasonable** to expect the Petitioner and Beneficiary to have established joint accounts and bills and other financials as they have not lived together consistently and uninterrupted since March of 2021. Furthermore, the Beneficiary would need to be present to open any account and because of his incarceration and ICE detention, it was impossible for him to open accounts or add his name to bills. Although the Petitioner and Beneficiary have been married for more than two years, they have only had about 3 months of uninterrupted time to build their lives together.

Upon his release from prison, the Petitioner and Beneficiary opened a joint Wells Fargo Bank account. However, for unspecified reasons from the bank, the account was closed in October of 2020. (*See* **Exhibit M**). The Beneficiary was then detained by ICE in October 2020 and released in March of 2021, 6 months later. While the Beneficiary was incarcerated and detained by ICE, the Petitioner assumed the financial responsibility for their family. All their expenses and monthly bills were and are currently being paid by the Petitioner through her personal bank accounts. The Petitioner has been handling her

Form: I-130, Petition for Alien Relative
Petitioner: Tiffany Javonna Ezeji (USC Spouse)
Beneficiary: Ifeanyi Franklin Ezeji (A#203-085-691)
Receipt No.: YSC1990278401

and the Beneficiary's finances for the last two and a half years. It will take time for the Petitioner and Beneficiary to fully share their financial responsibilities as the Beneficiary returned home, full time, just a few short months ago. In support of their comingled finances, the Petitioner and Beneficiary have included copies of their bank statements from March 2021 to now. (*See* **Exhibits N-O**). Furthermore, the Petitioner and Beneficiary have filed their taxes jointly since 2018. (*See* **Exhibits P-R**).

### III. Alleged Discrepancies from Interview on March 25, 2021

The Service alleges that there were a few discrepancies that arose at the Petitioner and Beneficiaries interview. The explanations provided in the Petitioner and Beneficiary's signed and notarized statements and the documents enclosed clearly establish that there were no discrepancies at their interview.

#### a. Petitioner's Benefits

The Service states that the Petitioner did not provide any updated documents to prove that her UPS and Aetna benefits plans are still active. The Petitioner explained that she is unemployed and currently on disability, therefore, the Petitioner's benefits plans are no longer active. The Petitioner's benefits were provided through her job at UPS and because she is no longer employed by UPS, she is unable to provide proof that her plans remain active. However, when her plans were active, she consistently listed the beneficiary as her dependent and spouse. The Petitioner has provided her updated UPS benefits plan from 2020 that lists the Beneficiary as the Petitioner's dependent and has his birth date corrected. (*See* **Exhibit S**).

#### b. Wells Fargo Joint Account

The Service states that the Petitioner only provided copies of their Wells Fargo joint bank account for August, September, and October 2020. The Wells Fargo account was opened after the Beneficiary was released from prison in July of 2020. Wells Fargo closed the account in October of 2020 shortly after the account was opened. (*See* **Exhibit M**). Furthermore, as previously explained, the Petitioner is the one who handles the finances for her family. She had to take on the financial responsibility due to the Beneficiary being incarcerated. This means that all leases, utility bills, and bill payments were and are handled by the Petitioner. Since his release, the Petitioner has remained the primary caretaker of her and the Beneficiary's finances.

#### c. Misspelled middle name for Petitioner

The Beneficiary explained in his enclosed affidavit that he sometimes struggles with his spelling. He further explained that as a Nigerian native, the Nigerian spelling of the Petitioner's middle name is different from that of the American spelling. The Beneficiary is more familiar with the Nigerian spelling of the name and for that reason he consistently misspells the Petitioner's middle name. He can pronounce and knows the Petitioner's middle name but often misspells it. Furthermore, the Beneficiary does not normally refer to the Petitioner by her middle name. The fact that the Beneficiary knows

Case 1:23-mi-99999-UNA   Document 1053-3   Filed 04/05/23   Page 6 of 8

Form: I-130, Petition for Alien Relative
**Petitioner:** Tiffany Javonna Ezeji (USC Spouse)
**Beneficiary:** Ifeanyi Franklin Ezeji (A#203-085-691)
**Receipt No.:** YSC1990278401

the Petitioner, his wife's, first and last name is what is important. The mistake made by the Beneficiary in spelling the Petitioner's name does not detract from the fact that they are in a bona fide marital union. It is normal for people to make spelling errors especially under a high stress situation like a USCIS interview.

### d. Date of Marriage

The Beneficiary explained in his enclosed affidavit that at the interview he was extremely nervous. He mistakenly mixed up his date of marriage. It is noteworthy that the Beneficiary had his month and year of marriage correct. It was simply a mistake.

### e. Beneficiary's Brother, Chris

The Petitioner explained in her enclosed affidavit that she had forgotten about some of the times she had seen the Beneficiary's brother. She clarifies in her statement that she met Chris in 2016 and last saw him in April of 2018 in New York.

### f. Petitioner's Mother

The Beneficiary explained in his affidavit that the last time he saw his mother in-law was indeed in September of 2020 when she was visiting the Petitioner and him here in Georgia. The Petitioner forgot about this time and did not mention it at the interview.

It is clear that the claimed discrepancies are not actual discrepancies. The Petitioner and Beneficiary have been through a lot in their marriage. On top of their many challenges, they are dealing with the daunting immigration process. It is understandable that some details were forgotten as they were both very nervous at their interview. It is clear that the Petitioner and Beneficiary are in bona fide marital relationship when taking all the facts into consideration.

## IV. Additional Supporting Evidence

The Petitioner and Beneficiary have provided additional supporting evidence in support of their petition. (*See* **Exhibits T-BB**). Most noteworthy, shortly after the Petitioner and Beneficiary's interview, the Petitioner suffered a miscarriage. This was a very difficult and emotionally taxing time for the Petitioner and Beneficiary. It is extremely devastating to lose a child. The Petitioner and Beneficiary were excited at the chance to bring new life into the world as fruit of their love and commitment to each other. Unfortunately, it ended in loss. The Petitioner and Beneficiary are an extremely resilient couple. They endured while the Beneficiary was incarcerated, they endured while the Beneficiary was detained by ICE, and they have endured through their untimely miscarriage. The Petitioner and Beneficiary will continue to endure together because they are committed to building a life together.

The Petitioner and Beneficiary have not had the chance to properly build their foundation and build their life. Now that the Beneficiary is no longer detained, they can start to build their life as husband and wife. It will take them time, but they are working

Case 1:23-mi-99999-UNA   Document 1053-3   Filed 04/05/23   Page 7 of 8

**Form: I-130, Petition for Alien Relative**
**Petitioner: Tiffany Javonna Ezeji (USC Spouse)**
**Beneficiary: Ifeanyi Franklin Ezeji (A#203-085-691)**
**Receipt No.: YSC1990278401**

together. They should not be penalized for the unfortunate situations that life has thrown at them.

## Conclusion

It is important to reiterate that a petitioner has the burden of proving the bona fides of the marriage by a preponderance of evidence. In other words, the petitioner must establish that it is more likely than not (**more than 50% chance that the marriage is bona fide**) that the parties intended to establish a life together at the time of their marriage. Even if an adjudicator has some doubt as to the truth, if the petitioner or applicant submits relevant, probative, and credible evidence leading to the conclusion that the claim is "more likely than not" or "probably true", the petitioner or applicant has satisfied the standard of proof. The Petitioner filed this Form I-130, after the Beneficiary was placed in Removal Proceedings, therefore, the Petitioner has the burden of proving that the marriage is bona fide by 'clear and convincing' evidence.

Mrs. Ezeji has addressed every concern raised in the NOID and provided all the supporting documents she was able to gather with her husband, Mr. Ezeji. Although Mr. and Mrs. Ezeji have been married for more than 2 years, they have only had about 3 months of uninterrupted time together as husband and wife. It is simply unreasonable of the Service to expect Mr. and Mrs. Ezeji's life to look like that of the average couple's life after almost 3 years of marriage. It is **impossible** for Mr. and Mrs. Ezeji to have almost 3 years' worth of documents establishing that they live together, have comingled their finances, and held themselves out to be married to others when Mr. and Mrs. Ezeji have only had 3 uninterrupted months together. Essentially, they are operating as newlyweds.

It is unfair of the Service to neglect the fact that Mr. Ezeji was incarcerated for 3 years and then detained by ICE for another 6 months. It is clear that the Service has deliberately ignored these facts as the assumptions and conclusions made by the Service are not based on all the facts, testimony, and documents provided by the Petitioner and Beneficiary. It is the responsibility of the Service to take all of the information provided to them by Petitioners, including the information provided on submitted forms, to make a decision on cases. Not only has Mr. and Mrs. Ezeji established that they are in a bona fide, good faith marriage by a more than 50% chance, they have also established this by clear and convincing evidence. Mr. and Mrs. Ezeji have clearly established by the enclosed supporting documents and explanations, the documents previously submitted to the Service, and with the testimony previously submitted to the Service that they are in a bona fide marital union.

For the foregoing reasons, Mrs. Ezeji respectfully requests that the Service review the submitted evidence in relation to the Form I-130, Petition for Alien Relative. The Petitioner, Mrs. Ezeji, has fully provided the government with adequate responses and supporting evidence regarding the issues raised in the NOID demonstrating to the Service that her I-130 Petition warrants approval. We kindly request that the above-mentioned I-130, Petition for Alien Relative be processed as soon as possible so that Mr. and Mrs. Ezeji can remain as a family here in the United States. Should you need further information please contact me at (404) 522-1852 or via email at David@foglelaw.com.

**Form: I-130, Petition for Alien Relative**
**Petitioner:** Tiffany Javonna Ezeji (USC Spouse)
**Beneficiary:** Ifeanyi Franklin Ezeji (A#203-085-691)
**Receipt No.:** YSC1990278401

Thank you in advance for your prompt attention to this matter.

    Very truly yours,
    **THE FOGLE LAW FIRM, LLC**

    By: David L. Lunel, Esq.

DL/tc
Enclosures: As indicated