July 14, 2022



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345

**U.S. Citizenship and Immigration Services**

TIFFANY JAVONNA EZEJI
c/o H GLENN FOGLE JR
THE FOGLE LAW FIRM LLC ATLANTA
55 IVAN ALLEN JR BLVD STE 830
ATLANTA, GA 30308


YSC1990278401


A203-085-691

RE: IFEANYI FRANKLIN EZEJI
I-130, Petition for Alien Relative

## NOTICE OF INTENT TO DENY

Dear TIFFANY EZEJI:

On April 17, 2019, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of IFEANYI EZEJI (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we intend to deny your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

On March 25, 2021, you and the beneficiary appeared for an interview with an Immigration Services Officer in connection with your Form I-130. At the interview, you and the beneficiary provided testimony under oath.

The evidence in the record and testimony did not establish the claimed relationship.

The beneficiary must be eligible for the benefit sought at the time the petition was filed. See Matter of Drigo, 18 I&N Dec. 223 (BIA 1982). A petitioner must establish eligibility at the time of filing a

petition; a petition cannot be approved at a future date after the petitioner becomes eligible under a new set of facts. See Matter of Katigbak, 14 I&N Dec. 45 (Reg. Com. 1971). A petitioner may not make material changes to a petition that has already been filed in an effort to make an apparently deficient petition conform to USCIS requirements. See Matter of Izumii, 22 I&N Dec. 169 (BIA 1998).

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that the beneficiary is not eligible for the requested benefit sought for the following reason(s).

The petitioner must show, by a preponderance of the evidence, that the marriage was legally valid and bona fide at its inception, and "not entered into for the purpose of evading the immigration laws." Matter of Laureano, 19 I&N Dec. 1, 3 (BIA 1983). Although evidence to establish intent at the time of marriage can take many forms, some of those forms include: "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." Id.

When there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration law. See Matter of Phillis, 15 I&N Dec. 385, 386 (BIA 1975). To demonstrate that the purpose of the marriage was not to evade the immigration laws, a petitioner may submit documentation showing, for instance, joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship. See 8 CFR 204.2(a)(1)(iii)(B).

You submitted the following evidence with the Form I-130:

- Copy of your Marriage Certificate
- Copy of your birth certificate
- Copy of the beneficiary's birth certificate
- Copy of the beneficiary's passport biographic page and entry stamp
- Copy of your dental Insurance from AETNA, from UPS, undated
- Copy of your benefits plan from UPS, dated November 14, 2018
- Copy of a bill from Jackson EMC, only in the beneficiary's name, address 1335 Herrington Rd, Apt 2428 Duluth, GA
- Various photos, appears to have been taken on your wedding day in Folkston, GA

You submitted the following evidence at your interview on March 25, 2021:

- Copy of your Georgia Identification Card, issued on November 26, 2018, address is 1335 Herrington Rd, Apt #2428, Duluth, GA
- Copy of Welcome Notice only in your name, from Parkway Vista, 1133 Parkway Circle North, Doraville, GA 30340, move in date was November 22, 2019
- Copy of a print out from Wells Fargo Bank, only showing the last four numbers of an account, 4551, printed October 26, 2020
- Copy of Form 1095-B, Health Coverage for 2020, shows health coverage for you, your daughter and the beneficiary
- Copy of T-Mobile billing statement, in beneficiary's name only, dated January 22, 2021
- Copy of Wells Fargo Relationship Change application, dated July 27, 2020
- Copies of Wells Fargo Bank statements, dated August 20, 2020, September 21, 2020, and October 21, 2020

Both you and the beneficiary were interviewed separately concerning the bona fides of your marriage.

Your testimony and the beneficiary's testimony were consistent with respect to the following:

- When and where you met and who introduced you
- Who proposed and when
- Where you were married and who attended
- Your current address and how long you have been there
- That you are on disability
- The names of the beneficiary's parents and brothers

However, on issues that go to the heart of your marriage, the sworn testimony was inconsistent on many material points. Specifically:

- The beneficiary misspelled your middle name, spelling it "Javana".
- You stated you were married on November 14, 2018, the beneficiary stated you were married on November 18, 2018.
- You both claimed you lived at 1133 Parkway Circle North, Atlanta prior to moving to your current address. The beneficiary claimed that you and he only resided together, before your marriage, at the Monroe Apts, for a couple of weeks before he was picked up. He also stated that you and he have never resided anywhere else together before marriage. However, you claimed that you and the beneficiary resided at Cove Creek Circle, off Indian Trail together for about a year from the last week of July 2017 to July 2018. You also stated that you resided at 1335 Herrington Rd, Apt #2428, Duluth after that (which would have been July or August 2018). Your Form I-130 shows that you resided at 1335 Herrington Rd, Apt 2428 from September 2019 to present ( April 17, 2019, date application filed).
- The beneficiary stated that you have not lived anywhere else after you were married. The beneficiary failed to mention that you and he resided together at 1335 Herrington Rd, Apt 2428 or Cove Creek Circle, off Indian Trail.
- You claimed that you met, Chris, the beneficiary's brother in 2016 and that the last time you saw him was in 2019. The beneficiary claimed that you met Chris in February 2018.
- You claimed that the last time the beneficiary saw your mother was in 2016 and 2017. The beneficiary claimed he last saw your mother in September 2020.
- You both claim that you are renting a townhome from your sister Kiana Evans, however, you failed to submit evidence of a rental agreement. You also did not submit any household bills for your current address.

The following discrepancies were noted from the documentary evidence you submitted:

- You submitted a benefits plan from UPS that lists the beneficiary as a dependent. However, the benefits plan was dated November 14, 2018 and you failed to submit updated evidence to show that this plan is valid and that the insurance is current.
- You submitted evidence of AETNA dental insurance that lists your name and the beneficiary's name. However, it was not dated and there is no evidence to show whether it is still valid and current.
- The beneficiary's date of birth on the UPS benefits plan is October 31, 1983. However, the beneficiary's birth certificate, that you submitted, shows his date of birth is October 29, 1981.
- You submitted three copies of the same joint Wells Fargo Bank statements for August, September and October 2020. However, you failed to submit any bank statements for other time periods.
- You submitted only one household bill, Jackson EMC, that was only in the beneficiary's name, at 1335 Herrington Rd, Apt #2428. You failed to submit other joint bills, or household bills for your current or previous addresses where you resided together.
- You both claimed to have resided at 1133 Parkway Circle North, Atlanta, GA 30340. You also

submitted a copy of a Welcome notice from Parkway Vista, but you failed to submit a joint rental agreement for this address. This is not credible evidence that you have continuously resided with the beneficiary.
- The Wells Fargo printout stated the following "You do not currently have any statements to view for this account". In addition, the October 2020 statement you submitted shows a zero balance for the joint account.
- You only submitted three Wells Fargo Bank statements and the majority of the transactions appear to have been made to or by you. In addition, there were only three transactions made by the beneficiary.
- You failed to submit additional and/or updated bank statements.
- You failed to provide evidence that you and the beneficiary filed joint income taxes.
- Based on the information listed above, you have not established sufficient evidence of commingling of finances with the beneficiary.
- The T-Mobile billing statement, for the beneficiary shows that service was suspended due to non payment. This is not credible evidence to prove a bona fide marriage.

In addition, the beneficiary was placed in removal proceedings in January 2017. You married the beneficiary in November 2018, after the beneficiary was placed in removal and while the proceedings were still ongoing, If a marriage is entered into after the commencement of removal proceedings, the petitioner has the burden to prove by clear and convincing evidence that the marriage was entered into in good faith and not for immigration purposes. Therefore the Form I-130 petition is subject to the elevated "clear and convincing" standard of proof in establishing that your marriage was entered into in good faith and in accordance with the laws where the marriage took place. See 8 CFR 245.1(c)) and INA Section 204(g).

The evidence you submitted does not establish that you and the beneficiary are in a bona fide marital relationship nor that the beneficiary is eligible for the benefit sought.

You have thirty (30) days (33 days if this notice was received by mail) from the date of this notice to submit additional information, evidence or arguments to support the petition. Failure to respond to this request within the time allotted will result in the denial of the petition.

You must either mail the requested information to the address shown below or scan and upload your response using your USCIS online account (if applicable). Please note, if the request is for original documents, you must submit that information by mail.

**Please include a copy of this letter with your response by mail to this address:**

**U.S. Citizenship and Immigration Services**
**Atlanta Field Office**
**2150 Parklake Drive**
**Atlanta, GA 30345**

Sincerely,

*Shineka C. Miller*

Shineka C. Miller
Field Office Director

cc: H FOGLE JR

YSC1990278401

A203-085-691

Please Re-Send the information that is needed

Thanks.

7/14/2022



RECEIVED JUL 20 REC'D By_____