## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| FILISIA JACKSON ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO.: 23A00606 |
| vs. ) | |
| ) | |
| PUBLIX SUPERMARKETS, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

**COMES NOW** Plaintiff and hereby requests that Defendant admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

### REQUESTS FOR ADMISSION

1.

Please admit that on September 25, 2022 (the "date of incident"), you owned the property located at 3045 Panola Rd, Lithonia, GA 30038 (the "Premises").

2.

Please admit that on the date of incident you operated or managed a Publix on the Premises.

3.

Please admit that Plaintiff was an invitee on the Premises on the date of incident.

4.

Please admit that Plaintiff was an invitee on the Premises at the time of Plaintiff's fall.

5.

Please admit that Plaintiff fell on the Premises on the date of incident.

6.

Please admit liquid on the floor of the Premises caused Plaintiff to fall on the date of incident.

7.

Please admit you, by and through employees on the Premises, had actual knowledge of the liquid on the floor that caused Plaintiff's fall on the date of incident.

8.

Please admit you, by and through employees on the Premises, had constructive knowledge of the liquid on the floor that caused Plaintiff's fall on the date of incident.

9.

Please admit that Plaintiff fell in an area used by invitees of the Premises.

10.

Please admit that on the date of incident the area where Plaintiff fell is included within a designated area for inspection by your employees.

11.

Please admit you and your employees did not notify Plaintiff of the liquid on the floor of the Premises that caused him to fall on the date of incident.

12.

Please admit that you are not aware of any statements from Plaintiff that he knew about the liquid on the floor of the Premises prior to the fall.

13.

Please admit at least one member of your staff observed Plaintiff's fall on the Premises on the date of incident.

14.

Please admit that at least one member of your staff assisted Plaintiff after the fall.

15.

Please admit that immediately following the fall, Plaintiff complained of having fallen due to the liquid on the floor of the Premises.

16.

Please admit that immediately following the fall, Plaintiff complained of being injured or hurt as a result of her falling due to the liquid on the floor of the Premises.

17.

Please admit that on the date of incident, you had a written policy or guidelines for slip and fall prevention on the Premises.

18.

Please admit that jurisdiction and venue for this action are proper in this Court.

19.

Please admit that service of process on you was proper.

20.

Please admit that on the date of this incident Plaintiff reported his fall to the manager on

duty on the Premises.

21.

Please admit Plaintiff suffered bodily injuries as a result of his fall on the Premises on the date of incident.

22.

Please admit Plaintiff incurred medical expenses for treatment related to injuries he sustained on the Premises on the date of incident due to falling on the Premises.

23.

Please admit Plaintiff's medical expenses were reasonable and necessary for the treatment of injuries caused by his fall on the Premises on the date of incident.

24.

Please admit no inspections of the area where Plaintiff fell were performed within the two hour time period before Plaintiff's fall.

24.

Please admit no inspections of the area where Plaintiff fell were performed within the one hour time period before Plaintiff's fall.

This 8th day of February, 2023.

          By:    _/s/ Shellea D. Crochet_____
                 Shellea Crochet, Esq.
                 Georgia Bar No. 735805
                 Attorney for Plaintiff

**MORGAN & MORGAN ATLANTA, PLLC**
191 Peachtree Street, NE, Suite 4200
Atlanta, Georgia 30303
Tel: (404) 965-1960
Fax: (404) 496-7355
scrochet@forthepeople.com

STATE COURT OF
DEKALB COUNTY, GA.
2/8/2023 1:25 PM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| FILISIA JACKSON ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO.: 23A00606 |
| vs. ) | |
| ) | |
| PUBLIX SUPERMARKETS, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT

**COMES NOW** Plaintiff and serves upon Defendant, Plaintiff's First Continuing Interrogatories to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiffs within thirty (30) days from the receipt of such information, but not later than the time of trial.

### DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(27) "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and

employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2) The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3) "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(©) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of

real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## INTERROGATORIES

1.

Please identify the full and correct legal names of the owner, manager, and the operator of the Publix located at 3045 Panola Rd. Lithonia, GA 30038 (the "Premises") on September 25, 2022 (the "date of incident"), including names and addresses where those parties may be served. If these are different persons or entities, please clarify which one was the owner and which one was the operator.

2.

Identify the names and addresses for the store manager, the manager on duty, and the cleaning staff at the Publix on the Premises on the date of incident.

3.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer or otherwise, please state the complete name of the correct defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or

against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

   (a)   Were eyewitnesses to the incident that gives rise to this lawsuit;

   (b)   Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part (a);

   (c)   Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence;

   (d)   Assisted Plaintiff after his fall on the Premises;

   (e)   Were on duty at the time of the fall and/ or filled out an incident report.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any video, film, photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint on the Premises.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location of the Premises.

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

10.

Identify the person or entity responsible for cleaning, mopping, sweeping and/or tidying up the Publix in which Plaintiff visited on the date of incident. Were these person(s) employees or agents of Defendant? If not, please identify what entity employed them.

11.

In reference to the individual(s) identified in Interrogatory #10, state the following:

(a) The time that the inspections, cleaning, mopping, or tidying up was performed;

(b) Whether there was any documentation or recording of the work performed and who performed said work on floor of the Publix in which Plaintiff visited on the date of incident; and

(c) The name, addresses, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons who have knowledge of the inspection, cleaning, or housekeeping services that were performed on floor of the Publix in which Plaintiff visited on the date of incident.

12.

Do you contend that the injuries complained of in this case were caused by the negligence

of any party other than Defendants or Defendants' agents, employees and servants? If your answer is yes, please identify:

    (a)    The party who you believe is negligence;

    (b)    Every act of negligence which you claim such party committed by or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

    ©    Each and every fact and reason upon which you base your contentions; and

    (d)    Each and every person who has knowledge or information concerning each fact.

13.

To your information or belief, has there been any surveillance, photographs or videos of *any* party? If so, identify what party was photographed or videoed, and all persons who now have had custody and control of any records, tapes, films or other recording of such surveillance.

14.

Please identify each individual who cleaned or otherwise was responsible for cleanup duties on the date of this incident at the subject Premises. Were these person(s) your employees or agents? If not, please identify what entity employed them at the time of Plaintiff's fall.

15.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

16.

Identify all employees, contractors, and guests known to be on the Premises on the date of incident.

17.

Describe in detail your process or system for documenting, reporting, and investigating

incidents involving injuries to guests on the Premises which were effect on the date of incident, including those procedures related to taking incident reports.

18.

Please state whether there existed, on the date of incident, any procedure or program for the regular inspection of the floors on the Premises by you or someone acting in your behalf, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof. If so:

(a) Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b) State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c) State whether the procedure or program had been carried out prior to the date of the subject incident; and

(d) Identify all documents relating to each procedure or program and their findings.

19.

Please identify any and all procedures or programs for inspection of the subject property, existing on the date of this incident as alleged in the Complaint, including the following:

(a) Provide a general description of each such procedure or program, including all timing requirements for performing the inspection(s);

(b) Identify each person charged with said inspection(s);

(c) Identify each person charged with implementing and conducting each such procedure or program; and

(d) Identify all documents relating to such procedure or program and their findings.

20.

Please identify any and all changes that have been made to your policies and/or procedures concerning inspections at the subject property since the date of this incident as alleged in the Complaint.

21.

If you acknowledge that Plaintiff fell on the Premises on the date of incident, please describe in detail how and why he fell. With your response, identify the source for the facts and evidence supporting your response.

22.

Describe in detail the process and procedure that all housekeeping/ maintenance/ janitorial staff on the Premises are expected to follow when cleaning the floors of the Premises on the date of incident.

23.

Please identify any and all other similar incidents or allegations for which a visitor or employee has complained (either by letter, email, or verbally) of a slip, trip, and/or fall at the Premises, occurring during the last three (3) years.

24.

Identify any and all incident reports and/or documentary writings made by you concerning the incident at issue.

25.

Identify any and all safety manuals and written procedures effective on the date of this incident as alleged in the Complaint, concerning slip, trip and/or fall prevention on the Premises.

20.

Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

***Plaintiff's First Continuing Interrogatories are served upon you together with Plaintiff's Complaint.***

This 8th day of February, 2023.

By:    */s/ Shellea D. Crochet*
        Shellea Crochet, Esq.
        Georgia Bar No. 735805
        Attorney for Plaintiff

**MORGAN & MORGAN ATLANTA, PLLC**
191 Peachtree Street, NE, Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343
Tel: (404) 965-1960
Fax: (404) 965-8812
scrochet@forthepeople.com

STATE COURT OF
DEKALB COUNTY, GA.
2/8/2023 1:25 PM
E-FILED
BY: Monica Gay

### IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| FILISIA JACKSON | ) |
| Plaintiff | ) CIVIL ACTION |
| | ) FILE NO.: 23A00606 |
| vs. | ) |
| PUBLIX SUPERMARKETS, INC. | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

### PLAINTIFF'S FIRST REQUESTS FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANTS

**COMES NOW** Plaintiff and hereby requests that Defendants produce for inspection and copying the following documents in the possession, custody, or control of Defendant and its representative pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at the Law Firm of Morgan & Morgan Atlanta, PLLC., 191 Peachtree Street, Suite 4200, Post Office Box 57007, Atlanta, Georgia 30343-1007, or at such other time, date, and location agreed to by counsel for defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

### DEFINITIONS

If a privilege is claimed as to any documents covered by this request for production, plaintiffs ask that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status.

As used herein, the terms listed below mean the following:

1. "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession,

control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2. "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3. If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

4. The headers applied to these requests are for organizational purposes and for use as shorthand in meet and confer conferences. The words in the headings are not a substitute for a full reading of the words in the actual request.

## SPECIFIC REQUESTS

1.

Please produce all documents evidencing the ownership of the property and any businesses located at 3045 Panola Rd, Lithonia, GA 30038 (the "Premises") on September 25, 2022 (the "date of incident").

2.

Please produce each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each

defense asserted by you in Answer to Plaintiff's Complaint.

3.

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident, for the two hour period before the incident through one hour following the incident.

4.

Any surveillance photographs, movies, or videotapes made of Plaintiff.

5.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

6.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

7.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

8.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

9.

Each and every document relating to any facts about the subject matter of this action

furnished by you to any expert you expect to call as an expert witness on the trial of this case.

10.

Each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories propounded to you.

11.

All statements previously made by Plaintiff concerning the subject matter of this action.

12.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective on the date of this incident as alleged in the Complaint.

13.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective after the date of this incident as alleged in the Complaint.

14.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of this incident as alleged in the Complaint for the subject property, including but not limited to any references to procedures for inspection of the premises, or any reference to prevention of slips, trips, and falls.

15.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective after the date of this incident as alleged in the Complaint for the Premises.

16.

A blank copy of the incident report used by Defendants for documenting, and reporting Plaintiff's fall on the Premises on the date of incident alleged in the Complaint.

17.

A fully legible copy of the incident report completed by you and regarding Plaintiff's fall at the subject property on the date of this incident as alleged in the Complaint.

18.

All written notes, schedules, memos, computer documentation, emails, letters, reports, etc., which evidence any non-privileged communication relating to this incident in anyway.

19.

Copies of documents you obtain through any responses to requests to non-parties in this action.

20.

All surveillance or security video from every video camera on the premises from two hours before Plaintiff's fall on the date of incident through two hours after Plaintiff's fall on the Premises.

21.

Copies of all letters, documents, reports, invoices, service records and emails concerning incidents of trips, slips, and/or falls on the Premises for the last three (3) years.

22.

Please produce all technical bulletins or directives sent by you or posted at the subject property concerning slip, trip, and fall safety issues in the last 5 years.

23.

Any and all warnings you contend you provided, either verbally or by signage, with respect to the area at the subject property prior to Plaintiff's incident on the date of the incident as alleged in the Complaint.

24.

Copies of any and all of your employee timesheets, reports, employee personnel files, and emails concerning housekeeping or janitorial work on the Premises on the date of the incident

25.

A copy of all incident reports, witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiff's fall at the subject property on the date of the incident as alleged in the Complaint.

26.

A copy of all correspondences between any Defendant, Defendant's insurance company, and Plaintiff since the date of incident.

27.

Inspection reports for the area where Plaintiff fell for the one month preceding the incident through date of incident.

This 8th day of February, 2023.

By: _/s/ Shellea D. Crochet_____
Shellea Crochet, Esq.
Georgia Bar No. 735805
Attorney for Plaintiff

**MORGAN & MORGAN ATLANTA, PLLC**
191 Peachtree Street, NE, Suite 4200
Atlanta, Georgia 30303
Tel: (404) 965-1960
Fax: (404) 496-7355
scrochet@forthepeople.com

STATE COURT OF
DEKALB COUNTY, GA.
2/8/2023 1:25 PM
E-FILED
BY: Monica Gay