IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

FILISIA JACKSON,

                                CASE NO. 23A00606

    Plaintiff

vs.

PUBLIX SUPERMARKETS, INC.,

    Defendant.

_____/

## DEFENDANT PUBLIX SUPER MARKETS, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

Defendant Publix Super Markets, Inc. (hereinafter "Publix"), objects and responds to Plaintiff's First Requests for Admission as follows:

1.

Please admit that on September 25, 2022 ("the date of incident"), you owned the property located at 3045 Panola Rd, Lithonia, GA 30038 (the "Premises").

**RESPONSE: It is admitted that Publix Super Markets, Inc. operated and controlled the Publix located at 3045 Panola Rd, Lithonia, GA 30038 on the date of the alleged incident.**

2.

Please admit that on that date of incident you operated or managed a Publix on the Premises.

**RESPONSE: It is admitted that Publix Super Markets, Inc. operated and controlled the Publix located at 3045 Panola Rd, Lithonia, GA 30038 on the date of the alleged incident.**

3.

Please admit that Plaintiff was an invitee on the Premises on the date of incident.

**RESPONSE**: **It is admitted that Plaintiff was an invitee of Publix Super Markets, Inc. at the time of the subject incident.**

4.

Please admit that Plaintiff was an invitee on the Premises at the time of Plaintiff's fall.

**RESPONSE**: **It is admitted that Plaintiff was an invitee of Publix Super Markets, Inc. at the time of the subject incident**

5.

Please admit that Plaintiff fell on the Premises on the date of incident.

**RESPONSE**: **Admitted.**

6.

Please admit liquid on the floor of the Premises caused Plaintiff to fall on the date of incident.

**RESPONSE**: **Denied.**

7.

Please admit you, by and through employees on the Premises, had actual knowledge of the liquid on the floor that caused Plaintiff's fall on the date of incident.

**RESPONSE**: **Denied.**

8.

Please admit you, by aid through employees on the Premises, had constructive knowledge of the liquid on the floor that caused Plaintiff's fall on the date of incident.

**RESPONSE**: **Denied.**

9.

Please admit that Plaintiff fell in an area used by invitees of the Premises.

**RESPONSE**: **Denied.**

10.

Please admit that on the date of incident the area where Plaintiff fell is included within a designated area for inspection by your employees

**RESPONSE**: **It is admitted that all Publix Super Markets, Inc. Associates are engaged in an ongoing effort to provide customers with a clean, safe, pleasant shopping environment and routinely monitor, sweep, clean, and inspect premises; however, does not generally maintain documentation of these actions.**

11.

Please admit you and our employees did not notify Plaintiff of the liquid on the floor of the Premises that caused him to fall on the date of incident

**RESPONSE**: **Denied.**

12.

Please admit at least one member of your staff observed Plaintiff's fall on the Premises on the date of incident.

**RESPONSE**: **Denied.**

13.

Please admit at least one member of your staff observed Plaintiff's fall on the Premises on the date of incident.

**RESPONSE**: **Denied.**

14.

Please admit that at least one member of your staff assisted Plaintiff after the fall.

**RESPONSE**: **Admitted.**

15.

Please admit that immediately following the fall, Plaintiff complained of having fallen due to the liquid on the floor if the Premises.

**RESPONSE**: **Denied.**

16.

Please admit that immediately following the fall, Plaintiff complained of being injured or hurt as a result of her falling due to the liquid on the floor of the Premises.

**RESPONSE: Publix Super Markets, Inc. is unable to admit or deny this request as discovery is in its infancy and will need to determine whether discovery reveals such.**

17.

Please admit that on the date of incident, you had a written policy or guidelines for slip and fall prevention on the Premises.

**RESPONSE**: **Admitted.**

18.

Please admit that jurisdiction and venue for this action are proper in this Court.

**RESPONSE**: **Denied.**

19.

Please admit that service of process on you was proper.

**RESPONSE**: **Admitted.**

20.

Please admit that on the date of this incident Plaintiff reported his fall to the manager on duty on the Premises.

**RESPONSE**: **Denied.**

21.

Please admit Plaintiff suffered bodily injuries as a result of his fall on the Premises on the date of incident.

**RESPONSE**: **Publix Super Markets, Inc. is unable to admit or deny this request as discovery is in its infancy and will need to determine whether discovery reveals such.**

22.

Please admit Plaintiff incurred medical expenses for treatment related to injuries he sustained on the Premises on the date of incident due to falling on the Premises.

**RESPONSE**: **Publix Super Markets, Inc. is unable to admit or deny this request as discovery is in its infancy and will need to determine whether discovery reveals such.**

23.

Please admit no inspections of the area where Plaintiff fell were performed within the two hour time period before Plaintiff's fall.

**RESPONSE**: **Denied.**

24.

Please admit Plaintiffs medical expenses were reasonable and necessary for the treatment of injuries caused by his fall on the Premises on the date of incident.

**RESPONSE**: **Publix Super Markets, Inc. is unable to admit or deny this request as discovery is in its infancy and will need to determine whether discovery reveals such.**

Dated this 27th day of March, 2023.

*/s/ Joseph P. Menello*
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Asher W. Lipsett, Esquire

Georgia Bar No. 951994
*Attorneys for Publix Super Markets, Inc.*

**WICKER SMITH O'HARA MCCOY & FORD, PA**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
Phone: (407) 843-3939
Fax: (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

FILISIA JACKSON,

       CASE NO. 23A00606

    Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,

    Defendant.

_____/

### DEFENDANT PUBLIX SUPER MARKETS, INC.'S RESPONSES TO PLAINTIFF'S FIRST CONTINUING INTERROGATORIES

Defendant PUBLIX SUPER MARKETS, INC. objects and responds to Plaintiff's First Interrogatories as follows:

### INTERROGATORIES

1.

Please identify the full and correct legal names of the owner, manager, and the operator of the Publix located at 3045 Panola Rd., Lithonia, GA 30038 (the "Premises") on September 25, 2022 (the "date of incident"), including names and addresses where those parties may be served. If these are different persons x entities, please clarify which one was the owner and which one was the operator.

**REPONSE: Publix Super Markets, Inc. maintained and controlled the subject store interior on the premises located at 3045 Panola Rd., Lithonia, GA 30038 on September 25, 2022.**

2.

Identify the names and addresses for the store manager, the manager on duty, and the cleaning staff at the Publix on the Premises on the date of incident..

**REPONSE: Publix Super Markets, Inc., objects to this Interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Store Manager Robert McNally and Associate Cornelius Smith may have knowledge of the subject incident. Any attempts to contact Publix Super Markets, Inc.'s current or former employees should be coordinated through defense counsel. Discovery is ongoing regarding identity of any additional associates who may have knowledge of the incident, and Publix Super Markets, Inc. reserves the right to supplement this Response at a later date.**

3.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer or otherwise, please state the complete name of the correct defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory

**REPONSE. Publix Super Markets, Inc. is not making any such contention.**

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, fin n or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint

**REPONSE: Publix Super Markets, Inc. is self-insured up to $2,000,000 followed by excess liability coverage of $3,000,000 combined single limit provided by The Hartford. See**

**attached applicable declarations page. The remaining portion of this request is objected to as it is overly broad and not reasonably calculated to lead admissible evidence.**

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a)     Were eyewitness to the incident that gives rise to this lawsuit;

(b)     Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part (a)

(c)     Arrived at the scene of the occurrence complained of in this action immediately or shortly after is occurrence;

(d)     Assisted Plaintiff after his fall on the Premises;

(e)     Were on duty at the time of the fall and/ or filled out an incident report.

**REPONSE: Publix Super Markets, Inc. objects to this Interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Further, Publix Super Market, Inc. objects to this Interrogatory, as it seeks information that is protected by way of the work-product doctrine and/or attorney-client privilege. Subject to and without waiving said objections, Store Manager Robert McNally and Associate Cornelius Smith may have knowledge of the subject incident. Any attempts to contact Publix Super Markets, Inc.'s current or former employees should be coordinated through defense counsel.  Discovery is ongoing regarding identity of any additional associates who may have knowledge of the incident, and Publix Super Markets, Inc. reserves the right to supplement this Response at a later date.**

6.

Please identify all Persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

**REPONSE: Publix Super Markets, Inc. objects to this Interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Further, Publix Super Market, Inc. objects to this Interrogatory, as it seeks information that is protected by way of the work-product doctrine and/or attorney-client privilege. Subject to and without waiving said objections, Plaintiff completed the Customer Incident Report on September 25, 2022.**

7.

Please identify any video, film, photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint on the Premises.

**REPONSE: Defense counsel is in possession of the store camera video preserved for the subject incident, which was preserved in anticipation of litigation after Publix Super Markets, Inc. received a letter from Plaintiff's counsel, and requests that this Court exercise its discretion to control the time of discovery and require production of the store camera video until after the Plaintiff's deposition is completed.**

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has in made an investigation or study of the subject incident or location of the Premises.

**REPONSE: Publix Super Markets, Inc., objects to this Interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Further, Publix Super Markets, Inc. objects to this Interrogatory, as it seeks information that is protected by way of the work product doctrine and/or attorney client privilege.**

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

**REPONSE: Publix Super Markets, Inc. objects to this Interrogatory in that it requests information that will not be known until after additional discovery is completed. The interrogatory also seeks attorney work-product in violation of the Georgia Civil Practice Act. Publix Super Markets, Inc. has not decided on which, if any, expert witnesses may be called at trial; insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. Publix Super Markets, Inc. reserves the right to supplement this response.**

10.

Identify the person or entity responsible for cleaning, mopping, sweeping and/or tidying up the Publix in which Plaintiff visited on the date of incident. Were these person(s) employees or agents of Defendant? If not, please identify what entity employed them.

**REPONSE: All Publix Super Markets, Inc. Associates are engaged in an ongoing effort to provide customers with a clean, safe, pleasant shopping environment and routinely monitor, sweep, clean, and inspect premises; however, does not generally maintain documentation of**

**these actions. Otherwise, this Interrogatory is objectionable as vague, overbroad, harassing, unduly burdensome, not reasonably limited in time or scope, and not reasonably calculated to lead to discovery of admissible evidence.**

11.

In reference to the individual(s) identified in Interrogatory #10, state the following:

(a)      The time if at the inspections, cleaning, mopping, or tidying up was performed;

(b)      Whether there was any documentation or recording of the work performed and who performed said work on floor of the Publix in which Plaintiff visited on the date of incident; and

(c)      The name, addresses, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons who have knowledge of the inspection. cleaning, or housekeeping services that were performed on floor of the Publix in which Plaintiff visited on the date of incident.

**REPONSE: Please see Response to Interrogatory No. 10.**

12.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendants or Defendants' agents, employees and servants? If your answer is yes, please identify:

(a)      The party who you believe is negligence:.

(b)      Every act of negligence which you claim such party committed by or his agents and servants ant which you contend proximately caused or contributed to the injuries complained of in this case;

(c)      Each and every fact and reason upon which you base your contentions; and

- 6 -

(d)      Each and every person who has knowledge or information concerning each fact.

**REPONSE: Publix Super Markets, Inc. contends that Plaintiff may have failed to take reasonable steps for her own safety causing her to fall.  Otherwise, discovery is still ongoing, and Publix Super Markets, Inc. reserves the right to supplement this Response at a later date.**

13.

To your information or belief, has there been any surveillance, photographs or videos of any party? If so, identify what party was photographed or videoed, and all persons who now have had custody and control of any records, tapes, films or other recording of such surveillance.

**REPONSE: No photographs for the subject incident are known to exist. Defense counsel is in possession of the store camera video preserved for the subject incident and requests the Court exercise its discretion to control the time of discovery and require the production of the store camera video after Plaintiff's deposition. Discovery is ongoing. The remaining portion of this Interrogatory is objected to as it is vague, overly broad, unduly burdensome, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Further, it seeks information that is privileged and protected by way of the work-product doctrine and attorney-client privilege**

14.

Please identify each it individual who cleaned or otherwise was responsible for cleanup duties on the date of this incident at the subject Premises. Were these person(s) your employees or agents? If not, please identify what entity employed them at the time of Plaintiff's fall.

**REPONSE: All Publix Super Markets, Inc. Associates are engaged in an ongoing effort to provide customers with a clean, safe, pleasant shopping environment and routinely monitor,**

- 7 -

**sweep, clean, and inspect premises; however, does not generally maintain documentation of these actions. Otherwise, this request is objectionable as vague, overbroad, harassing, unduly burdensome, not reasonably limited in time or scope, and not reasonably calculated to lead to discovery of admissible evidence.**

15.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

**REPONSE: Publix Super Markets, Inc. objects to this Interrogatory, as it seeks information that is protected by way of the work-product doctrine and/or attorney-client privilege. Subject to and without waiving said objections, the affirmative defenses asserted by Publix Super Markets, Inc. are purely legal in nature, and Publix Super Markets, Inc. relies on counsel to assert those defenses that are applicable. Discovery is still ongoing, and Publix Super Markets, Inc. reserves the right to supplement this Response at a later date.**

16.

Identify all employees, contractors, and guests known to be on the Premises on the date of incident.

**REPONSE: Publix Super Markets, Inc. objects to this Interrogatory as it is vague, overly broad, not limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

17.

Describe in detail your process or system for documenting, reporting, and investigating incidents involving injuries to guests on the Premises which were effect on the date of incident, including those procedures related to taking incident reports.

**REPONSE: Publix Super Markets, Inc. objects to this Interrogatory as overbroad, not limited in time or scope, vague, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected by the work-product doctrine and attorney-client privilege. Further, Publix Super Markets, Inc. considers its written materials, manuals, and policies privileged under O.C.G.A. § 10-1-761.**

18.

Please state whether there existed, on the date of incident, any procedure or program for the regular inspection of the floors on the Premises by you or someone acting in your behalf, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof. If so:

(a)     Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b)     State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c)     State whether the procedure or program had been carried out prior to the date of the subject incident; and

(d)     Identify all documents relating to each procedure or program and their findings.

**REPONSE: Publix Super Markets, Inc. objects to this Interrogatory as overbroad, not limited in time or scope, irrelevant, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Publix Super Markets, Inc. Associates are engaged in an ongoing effort to provide customers with a clean, safe, pleasant shopping environment and routinely monitor, sweep, clean, and inspect premises; however, does not generally maintain**

**documentation of these actions. Further, Publix Super Markets, Inc. considers its written materials, manuals, and policies privileged under O.C.G.A. § 10-1-761.**

19.

Please identify any and all procedures or programs for inspection of the subject property, existing on the date of this incident as alleged in the Complaint, including the following:

(a)     Provide a general description of each such procedure or program, including all timing requirements for performing the inspection(s);

(b)     Identify each person charged with said inspection(s);

(c)     Identify each person charged with implementing and conducting each such procedure Jr program; and

(d)     Identify all documents relating to such procedure or program and their findings.

**REPONSE: See Response to Interrogatory No. 18.**

20.

Please identify any and all changes that have been made to your policies and/or procedures concerning inspections at the subject property since the date of this incident as alleged in the Complaint.

**REPONSE: Publix Super Markets, Inc. objects to this Interrogatory as overbroad, not limited in time or scope, irrelevant, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Publix Super Markets, Inc. further objects to on the grounds that this Interrogatory is violative of O.C.G.A. § 24-4-407 regarding evidence of subsequent remedial measures. Further, Publix Super Markets, Inc. considers its written materials, manuals, and policies privileged under O.C.G.A. § 10-1-761. Subject to and without waiving said objections, Publix Super Markets, Inc. Associates continue to engage**

**in an ongoing effort to provide customers with a clean, safe, pleasant shopping environment and routinely monitor, sweep, clean, and inspect premises.**

21.

If you acknowledge that Plaintiff fell on the Premises on the date of incident, please describe in detail how and why he fell. With your response, identify the source for the facts and evidence supporting your response.

**REPONSE: Public Super Markets, Inc. objects to this Interrogatory as it is vague, overly broad, and seeks information protected by the work-product doctrine and attorney-client privilege.**

22.

Describe in detail the process and procedure that all housekeeping/maintenance/janitorial staff on the Premises are expected to follow when cleaning the floors of the Premises on the date of incident.

**REPONSE: Publix Super Markets, Inc. objects to this Interrogatory as overbroad, not limited in time or scope, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Publix Super Markets, Inc. Associates are engaged in an ongoing effort to provide customers with a clean, safe, pleasant shopping environment and routinely monitor, sweep, clean, and inspect premises; however, does not generally maintain documentation of these actions. Further, Publix Super Markets, Inc. considers its written materials, manuals, and policies privileged under O.C.G.A. § 10-1-761.**

23.

Please identify any and all other similar incidents or allegations for which a visitor or employee has complained (either by letter, email, or verbally) of a slip, trip, and/or fall at the Premises, occurring during the last three (3) years.

**RESPONSE: Publix Super Markets, Inc. objects to this Interrogatory as vague, overly broad, not reasonably limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Publix Super Markets, Inc. identifies one substantially similar incident occurring in the area of the subject fall within the 3 years prior to the subject incident where a customer claimed to have slipped and fallen on water near the seafood counter on May 2, 2020.**

24.

Identify any and all incident reports and/or documentary writings made by you concerning the incident at issue.

**REPONSE: Publix Super Markets, Inc. objects to this Interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Further, Publix Super Markets, Inc. objects to this Interrogatory, as it seeks information that is protected by way of the work-product doctrine and/or attorney-client privilege. Subject to and without waiving said objections, Publix Super Markets, Inc. provides the following privilege log:**

| Date | Description | Privilege |
|---|---|---|
| **September 26, 2022** | **Internal Customer Incident Report prepared by Robert McNally, Store Manager** | **Work product; prepared in anticipation of litigation** |

25.

Identify any and all safety manuals and written procedures effective on the date of this incident as alleged in the Complaint, concerning slip, trip and/or fall prevention on the Premises.

**RESPONSE: Publix Super Markets, Inc. objects to this Interrogatory as overbroad, not limited in time or scope, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Publix Super Markets, Inc. considers its written materials, manuals, and policies privileged under O.C.G.A. § 10-1-761.**

27.

Please state whether in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

**RESPONSE: Publix Super Markets, Inc. objects to this Interrogatory on the grounds it is vague, overly broad, and seeks information protected by the attorney-client and/or work-product doctrine.**

Dated this 27th day of March, 2023.

/s/ Joseph P. Menello
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Asher W. Lipsett, Esquire
Georgia Bar No. 951994
*Attorneys for Defendant*

**WICKER SMITH O'HARA MCCOY & FORD, PA**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
Phone: (407) 843-3939
Fax: (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
atlcrtpleadings@wickersmith.com

**VERIFICATION TO DEFENDANTS, PUBLIX SUPER MARKETS, INC.'S RESPONSE TO PLAINTIFF'S FIRST CONTINUING INTERROGATORIES**

As a representative of Publix Super Markets, Inc., I declare that I have read Publix Super Markets, Inc.'s Response to Plaintiff's First Continuing Interrogatories, and that they are true and accurate.

Brittany Corless
General Liability Legal Coordinator
Publix Super Markets, Inc.

STATE OF FLORIDA, COUNTY OF POLK, ss:

Signed or attested before me on March 30, 2023 by BRITTANY CORLESS (printed name of individual signing document), who proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_X_ Personally Known
   or
_____ Produced Identification

Type of ID _____

_____
Signature of Notary Public

Christy A. Wilson
(Name of notary, typed, stamped, or printed)
Notary Public State of Florida
My commission expires: ___8/29/2023___



CHRISTY A. WILSON
Commission # GG 907210
Expires August 29, 2023
Bonded Thru Budget Notary Services

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

FILISIA JACKSON,

     Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.

     Defendant.

_____/

CASE NO. 23A00606

## **DEFENDANT PUBLIX SUPER MARKETS, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

COMES NOW the Defendant, Publix Super Markets, Inc., a named defendant in the above-styled civil action and responds to Plaintiff's First Request for Production as follows:

## **REQUEST FOR PRODUCTION**

1.

Please produce all documents evidencing the ownership of the property and any businesses located at 3045 Panola Rd, Lithonia, GA 30038 (the "Premises") on September 25, 2022 (the "date of incident").

**RESPONSE: Objection. Overly broad, vague, not limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Publix Super Markets, Inc. operated and controlled the Publix located at 3045 Panola Rd, Lithonia, GA 30038 on the date of the alleged incident.**

2.

Please produce each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in Answer to Plaintiffs Complaint.

**RESPONSE: Objection.  Overly broad, vague, and seeks information protected by the work-product doctrine and attorney-client privilege. Discovery is ongoing, and Publix Super Markets, Inc. reserves the right to supplement this response.**

3.

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident, for the two hour period before the incident through one hour following the incident

**RESPONSE: Defense Counsel is in possession of the store camera video preserved for the subject incident, which was preserved in anticipation of litigation after Publix Super Markets, Inc. received a letter from Plaintiff's counsel, and requests that this Court exercise its discretion to control the time of discovery and require production of the store camera video until after the Plaintiff's deposition is completed.  The remaining portion of this request is objected to as it is overly broad, irrelevant, not reasonably calculated to lead admissible evidence, and seeks information protected by the work-product doctrine and attorney-client privilege.**

4.

Any surveillance photographs, movies, or videotapes made of Plaintiff.

**RESPONSE: Defense Counsel is in possession of the store camera video preserved for the subject incident, which was preserved in anticipation of litigation after Publix Super Markets, Inc. received a letter from Plaintiff's counsel, and requests that this Court exercise its discretion to control the time of discovery and require production of the store camera video until after the Plaintiff's deposition is completed.**

5.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

**RESPONSE: Publix Super Markets, Inc. is self-insured up to $2,000,000 followed by excess liability coverage of $3,000,000 combined single limit provided by The Hartford. See attached applicable declarations page. The remaining portion of this request is objected to as it is overly broad, irrelevant, and not reasonably calculated to lead admissible evidence.**

6.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

**RESPONSE: None.**

7.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance MCC adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

**RESPONSE: Objection. Vague, overly broad and seeks information protected by the work product doctrine.  Publix Super Markets, Inc. provides the following privilege log:**

| Date | Description | Privilege |
|---|---|---|
| **September 26, 2022** | **Internal Customer Incident Report prepared by Robert McNally, Store Manager** | **Work product; prepared in anticipation of litigation** |

- 3 -

**Publix Super Markets, Inc. further identifies the Customer Incident Report completed and
signed by Plaintiff on September 25, 2022.**

8.

Each and every document comprising a report made by any person you expect to call as an
expert witness on the trial of this case.

**RESPONSE: Undetermined at this time.**

9.

Each and every document relating to any facts about the subject matter of this action
furnished by you to any expert you expect to call as an expert witness on the trial of this case.

**RESPONSE: Undetermined at this time.**

10.

Each and every document relating to any written or recorded statement inquired about in
Interrogatory No. 6 of Plaintiff's First Interrogatories propounded to you.

**RESPONSE: Objection. Vague, overly broad and seeks information protected by the work
product doctrine. Notwithstanding and without waiving said objections, Publix Super
Markets, Inc. identifies the Customer Incident Report completed and signed by Plaintiff on
September 25, 2022.**

11.

All statements previously made by Plaintiff concerning the subject matter of this action.

**RESPONSE: Publix Super Markets, Inc.  identifies the Customer Incident Report completed
and signed by Plaintiff on September 25, 2022.**

12.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective on</u> the date of this incident as alleged in the Complaint.

**RESPONSE: Objection.  This request is vague, overly broad, not limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Publix Super Markets, Inc. considers its written materials, manuals, policies and training materials to be proprietary and trade secrets.  Furthermore, this request seeks information that is protected by the work-product doctrine and attorney-client privilege.**

13.

All documents than discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, asking and/or filing incident reports <u>effective after</u> the date of this incident as alleged in the Complaint..

**RESPONSE: Objection. This request is vague, overly broad, not limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Publix Super Markets, Inc. considers its written materials, manuals, policies and training materials to be proprietary and trade secrets.  Furthermore, this request seeks information that is protected by the work-product doctrine and attorney-client privilege.**

14.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of this incident as alleged in the Complaint for the subject property, including but not limited to any references to procedures for inspection of the premises, or any reference to prevention of slips, trips, and falls

**RESPONSE: Objection. This request is vague, overly broad, not limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing objections, all Publix Super Markets, Inc. Associates are engaged in an ongoing effort to provide customers with a clean, safe, pleasant shopping environment and routinely monitor, sweep, clean, and inspect the premises. Publix Super Markets, Inc. considers its written materials, manuals, policies and training materials to be proprietary and trade secrets. Relevant materials will be provided upon receipt of a signed Confidentiality Agreement.**

15.

The safety policies, manuals, standards, guidelines, handbooks, memos, and procedures effective after the date of this incident as alleged in the Complaint for the Premises.

**RESPONSE: Objection. This request is vague, overly broad, not limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing objections, all Publix Super Markets, Inc. Associates are engaged in an ongoing effort to provide customers with a clean, safe, pleasant shopping environment and routinely monitor, sweep, clean, and inspect the premises. Publix Super Markets, Inc. considers its written materials, manuals, policies and training materials to be proprietary and trade secrets. Relevant materials will be provided upon receipt of a signed Confidentiality Agreement.**

16.

A blank copy of the incident report used by Defendants for documenting, and reporting Plaintiffs fall on the Premixes on the date of incident alleged in the Complaint.

**RESPONSE: Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing objections, all Publix Super Markets, Inc. Associates are engaged in an ongoing effort to provide customers with a clean, safe, pleasant shopping environment and routinely monitor, sweep, clean, and inspect the premises. Publix Super Markets, Inc. considers its written materials, manuals, policies and training materials to be proprietary and trade secrets. Relevant materials will be provided upon receipt of a signed Confidentiality Agreement.**

17.

A fully legible copy of the incident report completed by you and regarding Plaintiff's fall at the subject property on the date of this incident as alleged in the Complaint.

**RESPONSE: Publix Super Markets, Inc. provides the following privilege log:**

| Date | Description | Privilege |
|---|---|---|
| **September 26, 2022** | **Internal Customer Incident Report prepared by Robert McNally, Store Manager** | **Work product; prepared in anticipation of litigation** |

**Publix Super Markets, Inc. further identifies the Customer Incident Report completed and signed by Plaintiff on September 25, 2022.**

18.

All written notes, schedules, memos, computer documentation, emails, letters, reports, etc., which evidence any non-privileged communication relating to this incident in anyway.

**RESPONSE: Objection. Vague, overly broad, not reasonably limited in time or scope, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request seeks information that is protected by the work-product doctrine and attorney-client privilege.**

19.

Copies of documents you obtain through any responses to requests to non-parties in this action.

**RESPONSE: None to date.**

20.

All surveillance or security video from every video camera on the premises from two hours before Plaintiffs fall on the date of incident through two hours after Plaintiff's fall on the Premises..

**RESPONSE: Defense Counsel is in possession of the store camera video preserved for the subject incident, which was preserved in anticipation of litigation after Publix Super Markets, Inc. received a letter from Plaintiff's counsel, and requests that this Court exercise its discretion to control the time of discovery and require production of the store camera video until after the Plaintiff's deposition is completed.**

21.

Copies of all letters, documents, reports, invoices, service records and emails concerning incidents of trips, slips, and/or falls on the Premises for the last three (3) years.

**RESPONSE: Objection. This request is vague, overly broad, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Any similar incidents would be documented with a Customer Incident Report. A customer incident will take the form of an incident report, which is prepared in anticipation of litigation and protected under the work product doctrine. Notwithstanding and without waiving said objections, Publix provides the following privilege log for one substantially similar incident that occurred in the location of the subject incident within 3 years of the subject incident:**

| Date | Description | Privilege |
|------|-------------|-----------|
| May 2, 2020 | Customer Incident Report | Work product; prepared in anticipation of litigation |

22.

Please produce all technical bulletins or directives sent by you or posted at the subject property concerning slip, trip, and fall safety issues in the last 5 years.

**RESPONSE: Objection. This request is vague, overly broad, not limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing objections, all Publix Super Markets, Inc. Associates are engaged in an ongoing effort to provide customers with a clean, safe, pleasant shopping environment and routinely monitor, sweep, clean, and inspect the premises. Publix Super Markets, Inc. considers its written materials, manuals, policies and training materials to be proprietary and trade secrets. Relevant materials will be provided upon receipt of a signed Confidentiality Agreement.**

23.

Any and all warning you contend you provided, either verbally or by signage, with respect to the area at the subject property prior to Plaintiff's incident on the date of the incident as alleged in the Complaint.

**RESPONSE: Objection. This request is vague, overly broad, not limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing objections, all Publix Super Markets, Inc. Associates are engaged in an ongoing effort to provide customers with a clean, safe, pleasant shopping environment and routinely monitor, sweep, clean, and inspect the**

**premises.  Publix Super Markets, Inc. considers its written materials, manuals, policies and training materials to be proprietary and trade secrets.  Relevant materials will be provided upon receipt of a signed Confidentiality Agreement.**

24.

Copies of any and all of your employee timesheets, reports, employee personnel files, and emails concerning housekeeping or janitorial work on the Premises on the date of the incident.

**RESPONSE: Objection. This request is vague, overly broad, not limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing objections, all Publix Super Markets, Inc. Associates are engaged in an ongoing effort to provide customers with a clean, safe, pleasant shopping environment and routinely monitor, sweep, clean, and inspect the premises.  Publix Super Markets, Inc. considers its written materials, manuals, policies and training materials to be proprietary and trade secrets.  Relevant materials will be provided upon receipt of a signed Confidentiality Agreement.**

25.

A copy of all incident reports, witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiffs fall at the subject property on the date of the incident as all aged in the Complaint.

**RESPONSE: Objection. Vague, overly broad and seeks information protected by the work product doctrine.  Publix Super Markets, Inc. provides the following privilege log:**

| Date | Description | Privilege |
|------|-------------|-----------|
| **September 26, 2022** | **Internal Customer Incident Report prepared by Robert McNally, Store Manager** | **Work product; prepared in anticipation of litigation** |

**Publix Super Markets, Inc. further identifies the Customer Incident Report completed and signed by Plaintiff on September 25, 2022.**

26.

A copy of all correspondences between any Defendant, Defendant's insurance company, and Plaintiff since the date of incident.

**RESPONSE: Objection. Vague, overly broad, not reasonably limited in time or scope, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request seeks information that is protected by the work-product doctrine and attorney-client privilege.**

27.

Inspection reports for the area where Plaintiff fell for the one month preceding the incident through date of incident.

**RESPONSE: Objection. This request is vague, overly broad, not limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing objections, all Publix Super Markets, Inc. Associates are engaged in an ongoing effort to provide customers with a clean, safe, pleasant shopping environment and routinely monitor, sweep, clean, and inspect the premises however, does not maintain documentation of these actions. Publix Super Markets, Inc. considers its written materials, manuals, policies and training materials to be proprietary and trade secrets. Relevant materials will be provided upon receipt of a signed Confidentiality Agreement.**

Dated this 27th day of March, 2023.

*/s/ Joseph P. Menello*
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Asher W. Lipsett, Esquire
Georgia Bar No. 951994
*Attorneys for Defendant*

**WICKER SMITH O'HARA MCCOY & FORD, PA**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
Phone: (407) 843-3939
Fax: (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

FILISIA JACKSON,

                                     CASE NO. 23A00606

    Plaintiff,

v.

PUBLIX SUPERMARKETS INC.,

    Defendant.

_____/

## <u>RULE 5.2 CERTIFICATE OF SERVING DISCOVERY</u>

This is to certify that, pursuant to Uniform Court Rule 5.2, the undersigned has served upon all parties in the foregoing matter with a copy of the following discovery:

1. Defendant, Publix Super Markets, Inc.'s Responses to Plaintiff's First Interrogatories

2. Defendant, Publix Super Markets, Inc.'s Responses to Plaintiff's Request for Admissions

3. Defendant, Publix Super Markets, Inc.'s Responses to Plaintiff's First Request for Production

Dated this 27th day of March, 2023

                                    */s/ Joseph P. Menello*
                                    Joseph P. Menello, Esquire
                                    Georgia Bar No. 752378
                                    Asher W. Lipsett, Esquire
                                    Georgia Bar No. 951994
                                    Attorneys for Defendants

**WICKER SMITH O'HARA MCCOY & FORD, PA**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
Phone: (407) 843-3939
Fax: (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com