Case 1:23-mi-99999-UNA   Document 1056-3   Filed 04/05/23   Page 1 of 13

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01500-S2**
**4/5/2023 9:24 AM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| LARMONTE WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO. 23-C-01500-S2 |
| CEDRIC SMITH, USA TRUCK, INC., and ) | |
| INDEMNITY INSURANCE COMPANY ) | |
| OF NORTH AMERICA, ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES**

Cedric Smith, USA Truck, Inc. ("USA Truck"), and Indemnity Insurance Company of North America ("IICNA") (collectively "Defendants") respectfully file their Defenses and Answer to Plaintiff's Complaint for Damages, as follows:

### **First Defense**

Pending additional investigation and discovery and to preserve defenses, some or all of Plaintiff's Complaint fails to state a claim against some or all Defendants upon which relief can be granted.

### **Second Defense**

To the extent any Defendant has not been properly served with Plaintiff's Complaint, such Defendant appears by special appearance only, without waiving any rights or defenses, to respond to Plaintiff's claims.

### **Third Defense**

Plaintiff is not entitled to attorneys' fees against Defendants as a matter of law.

### **Fourth Defense**

Pending additional investigation and to preserve defenses, Defendants assert the defenses of lack personal jurisdiction and venue.

### **Fifth Defense**

Pending additional investigation and discovery, Defendants reserve the right to assert any and all affirmative defenses under the Georgia Civil Practice Act.

### **Sixth Defense**

Pending additional investigation and discovery, Defendants affirmatively preserve any and all defenses based on the applicable statute of limitations and/or the doctrine of laches.

### **Seventh Defense**

Pending additional investigation and discovery, Defendants state that Plaintiff's alleged injuries and damages may have been caused, or contributed to, by Plaintiff's actions.

### **Eighth Defense**

Pending additional discovery and to preserve defenses, Defendants submit that Plaintiff's claims may be barred or limited pursuant to the doctrine of comparative negligence.

### **Ninth Defense**

Plaintiff's damages must be reduced to the extent he has failed to properly mitigate his damages.

### **Tenth Defense**

Some or all of Plaintiff's damages may not be the proximate result of any alleged act, or failure to act, of Defendants.

**Eleventh Defense**

Plaintiff's medical expenses must be reduced to the extent they exceed reasonable and customary amounts.

**Twelfth Defense**

Plaintiff is not entitled to any special damages to the extent he has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

**Thirteenth Defense**

Defendants may be entitled to the set off of the amount of all insurance payments and/or workers compensation payments received by Plaintiff for medical expenses, lost wages, insurance benefit/payments for injuries or damages relating to this accident.

**Fourteenth Defense**

Defendants reserve the right to remove the case to Federal Court if applicable.

**Fifteenth Defense**

Defendants reserve any and all other defenses to which they may be entitled and to which they may learn in the course of the investigation and discovery in this action.

**PRELIMINARY STATEMENT**

1.

Denied.

**PARTIES, JURISDICTION, AND VENUE**

2.

Denied as pled.

3.

Denied as pled.

4.

Denied. This entity is not a proper party to this case.

5.

Denied as pled.

6.

Defendants show that Paragraph 6 contains no allegations requiring a response. To the extent Paragraph 6 alleges that Plaintiff is a Georgia resident, Defendants do not have sufficient information at this time to admit or deny this allegation, and place Plaintiff on strict proof of the same.

7.

Denied as pled.

8.

Admitted.

9.

Denied as pled.

10.

Denied as pled.

## **FACTS**

11.

Defendants incorporate by reference their responses to Paragraphs 1 through 10 of Plaintiff's Complaint.

12.

Denied as pled.

13.

Admitted.

14.

Admitted.

15.

Upon information and belief, admitted.

16.

Denied.

17.

Denied as pled.

18.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 18 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

19.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 19 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

20.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 20 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

21.

Admitted.

## **AFTERMATH OF THE PREVENTABLE CRASH**

22.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 22 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

23.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 23 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

24.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 24 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

25.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 25 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

26.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 26 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

27.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 27 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

28.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 28 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

**NEGLIGENCE OF DEFENDANT CEDRIC SMITH**

29.

Defendants incorporate by reference their responses to Paragraphs 1 through 28 of Plaintiff's Complaint.

30.

Admitted.

31.

Defendants admit that Defendant Smith had a commercial driver's license was employed as a truck driver.  The phrase "professional truck driver" is not defined; therefore, Defendants cannot form a full, meaningful response to this allegation.

32.

Defendants admit that Defendant Smith had a commercial driver's license was employed as a truck driver.

33.

Defendants admit that Defendant Smith was expected to follow all applicable federal and state laws in the operation of his vehicle. This paragraph is vague and undefined; therefore, Defendants cannot form a full, meaningful response to this allegation.

34.

Admitted.

35.

Denied as pled. This paragraph is vague and undefined; therefore, Defendants cannot form a full, meaningful response to this allegation.

36.

Denied as pled.

37.

Denied as pled.

38.

Denied.

39.

Denied.

40.

Denied.

41.

Admitted generally. This paragraph is vague and undefined; therefore, Defendants cannot form a full, meaningful response to this allegation.

42.

Upon information and belief, admitted.

43.

Denied as pled. This paragraph is vague and undefined; therefore, Defendants cannot form a full, meaningful response to this allegation.

44.

Denied.

45.

Denied.

46.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 46 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same. Defendants admit that Defendant Smith contributed to the cause of the accident at issue.

47.

Denied as pled.

### DEFENDANT USA TRUCK, INC.'S VICARIOUS LIABILITY FOR THE COLLISION AND FOR MR. WELLS' INJURIES AND DAMAGES

48.

Defendants incorporate by reference their responses to Paragraphs 1 through 47 of Plaintiff's Complaint.

49.

Denied as pled.

50.

Defendants admit that at the time of the subject collision, Defendant Smith was employed by USA Truck. Any remaining allegations contained in Paragraph 50 are denied as pled.

51.

Defendants admit that at the time of the subject collision, Defendant Smith was employed by USA Truck. Any remaining allegations contained in Paragraph 51 are denied.

### DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S CONTRACTUAL LIABILITY

52.

Defendants incorporate by reference their responses to Paragraphs 1 through 51 of Plaintiff's Complaint.

53.

Admitted as pled. Defendants deny that the policy issued by IICNA to USA Truck is applicable to the collision that is the subject of this lawsuit.

54.

Denied as pled.

55.

Denied.

56.

Denied.

### DAMAGES TO MR. LARMONTE WELLS FOR WHICH DEFENDANTS ARE ACCOUNTABLE

57.

Defendants incorporate by reference their responses to Paragraphs 1 through 56 of Plaintiff's Complaint.

58.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 58 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

59.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 59 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

60.

Denied.

61.

Denied.

62.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 62 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

63.

Defendants do not have sufficient information at this time to admit or deny the allegations contained within Paragraph 63 of Plaintiff's Complaint, and place Plaintiff on strict proof of the same.

64.

Denied as pled.

## COUNT V
## O.C.G.A. § 13-6-11 DAMAGES

65.

Denied as pled.

66.

Denied.

67.

Defendants deny all allegations and inferences of liability contained in Plaintiff's prayer for relief which appears immediately after Paragraph 66, with the exception of subparagraph (2).

68.

Any allegations contained in Plaintiff's Complaint not admitted, denied, or otherwise responded to above, are hereby denied.

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY OF TWELVE.**

Respectfully submitted, this 5th day of April, 2023.

**DREW ECKL & FARNHAM, LLP**

*/s/Michael L. Miller*
Michael L. Miller
Georgia Bar No. 508011
Katherine I. Barton
Georgia Bar No. 882335
*Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

13387003v1
27096-251233

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| LARMONTE WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | 23-C-01500-S2 |
| CEDRIC SMITH, USA TRUCK INC., and ) | |
| INDEMNITY INSURANCE COMPANY ) | |
| OF NORTH AMERICA, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

Today I served a copy of *Defendants' Answer to Complaint for Damages* upon counsel of record via Statutory Electronic Service and through Odyssey eFileGA, which will electronically serve the following:

Robert O. Bozeman
Roodgine D. Bray
Mawuli M. Davis
The Davis Bozeman Law Firm, P.C.
4153-C Flat Shoals Parkway, Suite 332
Decatur, Georgia 30034
rbozeman@davisbozemanlaw.com
rbray@davisbozemanlaw.com
mdavis@davisbozemanlaw.com

This 5th day of April, 2023.

**DREW ECKL & FARNHAM, LLP**

*/s/Michael L. Miller*
Michael L. Miller
Georgia Bar No. 508011
*Attorney for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com

- 13 -