# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| LARMONTE WELLS, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )   CIVIL ACTION |
| | )   FILE NO. 23-C-01500-S2 |
| CEDRIC SMITH, USA TRUCK INC., | ) |
| and INDEMNITY INSURANCE | ) |
| COMPANY OF NORTH AMERICA, | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANTS' NOTICE OF FILING OF NOTICE OF REMOVAL

TO:  Clerk, State Court of Gwinnett County, Georgia.

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal in this action to the United States District Court for the Northern District of Georgia, Atlanta Division, a copy of which is attached hereto.

Respectfully submitted, this 5th day of April, 2023.

                                                    **DREW ECKL & FARNHAM, LLP**

                                                  */s/Michael L. Miller*
                                                  Michael L. Miller
                                                  Georgia Bar No. 508011
                                                  Katherine I. Barton
                                                  Georgia Bar No. 882335
                                                  *Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARMONTE WELLS,<br><br>    Plaintiff,<br><br>v.<br><br>CEDRIC SMITH, USA TRUCK, INC., and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. _____<br><br>On Removal from the State Court of Gwinnett County, Georgia<br>23-C-01500-S2 |

**NOTICE OF REMOVAL
BY DEFENDANTS CEDRIC SMITH, USA TRUCK, INC., AND
INDEMITY INSURANCE COMPANY OF NORTH AMERICA**

COME NOW, CEDRIC SMITH ("Smith"), USA TRUCK, INC. ("USA Truck"), and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ("IICNA") (collectively "Defendants"), named Defendants in the above-styled action, and, within the time prescribed by law, file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully showing the Court as follows:

1.

On March 8, 2023, Plaintiff filed a civil action in the State Court of Gwinnett County, Georgia, which is styled as follows: *Larmonte Wells v. Cedric Smith, USA Truck Inc., and Indemnity Insurance Company of North America*; Civil

-1-

Action File No. 23-C-01500-S2. (True and correct copies of all process and pleadings received by counsel for Defendants in such action are attached hereto and incorporated herein as Exhibit "A.")

2.

This action is currently pending in the State Court of Gwinnett County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C. § 1446(a).

3.

Defendants USA Truck and IICNA were served with Plaintiff's Summons and Complaint on March 10, 2023, and Defendant Smith was served on March 18, 2023.  This Notice of Removal is filed within thirty (30) days of the date of service upon all three Defendants, and within one year of the commencement of the action. Thus, Defendants' Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).  (A true and correct copy of Defendants' Answer filed in the State Court of Gwinnett County, Georgia is attached hereto as Exhibit "B.")

4.

Defendant Smith is now, and was at the commencement of this suit, a resident and citizen of Maryland, residing at 313 Tompkins Lane, Waldorf, Maryland 20602.

5.

Defendant USA Truck is now, and was at the commencement of this suit, a corporation formed under the laws of the State of Delaware and which has its principal place of business in Arkansas. Accordingly, USA Truck is a citizen of Delaware and Arkansas. 28 U.S.C § 1332(c)(1).

6.

Defendant IICNA is now, and was at the commencement of this suit, a corporation formed under the laws of the State of Pennsylvania and which has its principal place of business in Pennsylvania. Accordingly, IICNA is a citizen of Pennsylvania. 28 U.S.C § 1332(c)(1).

7.

Upon information and belief, Plaintiff Larmonte Wells is a resident and citizen of Georgia.[1]  (*See* Complaint, ¶ 6.)

---

[1] At the Notice of Removal stage, Defendants are required only to plead diversity via "a short and plan statement of the grounds for removal." 28 U.S.C. § 1446(a). *See Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 87 (2014) ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading" *(*quoting H.R. Rep. No. 100-889, at 71 (1988)). Defendants' citation of Paragraph 6 of Plaintiff's Complaint, which describes him as a resident of Georgia, is sufficient to meet this pleading requirement, and Defendants need not present additional evidence unless Plaintiff

8.

Complete diversity exists between Plaintiff and Defendants, as required by 28 U.S.C. § 1332(a)(1).

9.

Plaintiff's Complaint alleges that on or about March 24, 2021, Plaintiff was driving westbound on I-285 in DeKalb County when his vehicle was struck by a tractor-trailer driven by Defendant Smith. (*See* Complaint, ¶¶ 12-20.) Plaintiff claims that he "suffered serious physical and emotional injuries" as a result of the collision. (*See* Complaint, ¶ 22.)

10.

Plaintiff seeks to recover against Defendants for his physical, mental, and emotional pain and suffering, past and future medical expenses, lost wages, attorney's fees and costs, and "all damages allowed under Georgia law caused by Defendants' negligence." (*See* Complaint, ¶¶ 64-66 and Prayer for Relief.) Although Plaintiff's Complaint does not quantify a specific total amount of

---

challenges the allegation of Georgia citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974) ("The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction, *see Cameron v. Hodges*, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132 (1888); and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Welsh v. American Surety Co. of New York*, 5 Cir., 1951, 186 F.2d 16, 17").

damages, Plaintiff specifically alleges that the collision caused him to incur "medical expenses and lost wages in excess of $239,679.28." (*See* Complaint, ¶ 60.)

11.

Plaintiff's Complaint alleges an amount in controversy which exceeds the sum of $75,000.00, exclusive of interest and costs, thereby satisfying the jurisdictional threshold requirements of 28 U.S.C. § 1332(a). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). A Defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional amount. *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256 (N.D. Ga. 1996). When deciding whether the amount in controversy has been satisfied, the District Court can use its judicial experience and common sense. *Roe v. Michelin North America, Inc.*, 613 F. 3d. 1058, 1064 (11th Cir. 2010).

12.

Here, Plaintiff's Complaint reveals that he is seeking at least $239,679.28 in lost wages and past medical expenses. Additionally, Plaintiff is seeking to recover all damages allowed under Georgia law, including attorney's fees[2] and costs, future medical expenses, and damages for his alleged physical, mental, and emotional pain and suffering. This Court may therefore draw upon Plaintiff's Complaint, as well as its own judicial experience and common sense, to conclude that Plaintiff's claims exceed $75,000.00.

13.

This matter is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and complete diversity exists between Plaintiff and Defendants, as required by 28 U.S.C. §§ 1332(a)(1) and 1441(b). Further, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Accordingly, this action may be removed to this Court under the provisions of 28 U.S.C. § 1441.

---

[2] "Where, as here, attorney's fees are allowable by applicable law, they may be included in assessing the jurisdictional amount in controversy." *Hall v. Travelers Ins. Co.*, 691 F. Supp. 1406, 1409 (N.D. Ga. 1988).

14.

In accordance with 28 U.S.C. § 1446, by service of a copy of this Notice of Removal, as evidenced by the Certificate of Service attached hereto, Defendants hereby give notice of such removal to Plaintiff. (A true and correct copy of Defendants' Notice of Removal that will be filed in the State Court of Gwinnett County, Georgia is attached hereto as Exhibit "C.")

WHEREFORE, Defendants pray that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, that this Court take cognizance and jurisdiction over this claim from the State Court of Gwinnett County, Georgia, and that this action proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

The undersigned have read this Notice of Removal and, to the best of their knowledge, information, and belief, formed after reasonable inquiry, have determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted, this 5th day of April, 2023.

*(Signatures on following page)*

-8-

        **DREW ECKL & FARNHAM, LLP**

        */s/Michael L. Miller*
        Michael L. Miller
        Georgia Bar No. 508011
        Katherine I. Barton
        Georgia Bar No. 882335
        *Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARMONTE WELLS,<br><br>    Plaintiff,<br><br>v.<br><br>CEDRIC SMITH, USA TRUCK, INC., and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. _____ |

**CERTIFICATE OF SERVICE AND COMPLIANCE
WITH LOCAL RULE 5.1(C)**

I HEREBY CERTIFY that I have this day filed the **NOTICE OF REMOVAL** with the Clerk of Court, using the CM/ECF system and served a copy of the foregoing upon Plaintiff via U.S. Mail, adequate postage prepaid, addressed as follows:

Robert O. Bozeman
Roodgine D. Bray
Mawuli M. Davis
The Davis Bozeman Law Firm, P.C.
4153-C Flat Shoals Parkway, Suite 332
Decatur, Georgia 30034
rbozeman@davisbozemanlaw.com
rbray@davisbozemanlaw.com
mdavis@davisbozemanlaw.com

I further certify that the foregoing has been prepared with Times New Roman, 14-point font, in compliance with L.R. 5.1(C).

Respectfully submitted, this 5th day of April, 2023.

                              **DREW ECKL & FARNHAM, LLP**

                              */s/Michael L. Miller*
                              Michael L. Miller
                              Georgia Bar No. 508011
                              Katherine I. Barton
                              Georgia Bar No. 882335
                              *Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

13383369v1
27096-251233

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| LARMONTE WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO. 23-C-01500-S2 |
| CEDRIC SMITH, USA TRUCK INC., and ) | |
| INDEMNITY INSURANCE COMPANY ) | |
| OF NORTH AMERICA, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

Today I served a copy of *Defendants' Notice of Filing of Notice of Removal* upon counsel of record via Statutory Electronic Service and through Odyssey eFileGA, which will electronically serve the following:

Robert O. Bozeman
Roodgine D. Bray
Mawuli M. Davis
The Davis Bozeman Law Firm, P.C.
4153-C Flat Shoals Parkway, Suite 332
Decatur, Georgia 30034
rbozeman@davisbozemanlaw.com
rbray@davisbozemanlaw.com
mdavis@davisbozemanlaw.com

This 5th day of April, 2023.

                                            **DREW ECKL & FARNHAM, LLP**

                                            */s/Michael L. Miller*
                                            Michael L. Miller
                                            Georgia Bar No. 508011
                                            *Attorney for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com

13398056/27096-252108

- 2 -