# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LEOLA WHITE, individually as the surviving Parent of CAMERON PIERCE, deceased,<br><br>  Plaintiff,<br><br>v.<br><br>BUDD VAN LINES INC.; DAVID OSBORNE; and VANLINER INSURANCE COMPANY,<br><br>  Defendants. | CIVIL ACTION FILE NO. _____<br><br><br>REMOVEWD FROM STATE COURT OF GWINNETT COUNTY, GEORBGIA, CAFN: 23-C-01433-S3<br><br>*Jury Trial Demanded* |

## DEFENDANT BUDD VAN LINES, INC.'S NOTICE OF REMOVAL WITH BRIEF IN SUPPORT

**COMES NOW**, Defendant **BUDD VAN LINES, INC.**, and files this its Notice of Removal and Brief in Support of Notice of Removal to United States District Court, showing this Honorable Court as follows:

### PROCEDURAL BACKGROUND

1. A civil action was filed on March 3, 2023, in the State Court of Gwinnett County, State of Georgia. That action is designated there as Civil Action File No.: 23-C-01433-S3. Defendant Vanliner Insurance Company was served on March 10, 2023. Defendant David Osborne was served on April 2, 2023. Defendant Budd Van Lines

1

was served on March 24, 2023. This removal is timely filed. The amount in controversy exceeds $75,000.00. Plaintiff's complaint alleges a claim for wrongful death.

2. Defendants file herewith a copy of all process, pleadings, and orders received by Defendants in Civil Action File No.: 23-C-01433-S3, pursuant to 28 USC §1446 (attached hereto as "Exhibit A").

3. Plaintiff Leola White is a resident and citizen of the State of New York. (Pl's Compl. ¶ 3). If a person is domiciled in [Michigan], he was a citizen of that state within the meaning of the Judicial Code. *Gilbert v. David*, 235 U.S. 561, 569 (1915).

4. Defendant David Osborne is an individual and citizen residing in the State of Georgia. (Pl.'s Compl. ¶ 4). If a person is domiciled in [Michigan], he was a citizen of that state within the meaning of the Judicial Code. *Gilbert v. David*, 235 U.S. 561, 569 (1915).

5. Defendant Budd Van Lines, Inc., is currently, and was at the commencement of Civil Action File No.: 23-C-01433-S3, and at all times since has been a corporation organized and existing under the laws of the State of New Jersey. (See Georgia Secretary of State Business Records, attached hereto as "Exhibit B").

5. Defendant Vanliner Insurance Company is currently and was at the commencement of Civil Action File No.: 23-C-01433-S3, and at all times since has been a corporation organized and existing under the laws of the State of Ohio. (See Georgia Secretary of State Business Records, attached hereto as "Exhibit C").

6. The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the Parties, the Parties are not residents of the same State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

   a. All parties to this action are completely diverse. Plaintiff is a citizen of the State of New York. Defendant David Osborne is a citizen of the State of Georgia. Defendant Budd Van Lines, Inc. is a citizen of the State of New Jersey. Defendant Vanliner Insurance Company is a citizen of the State of Ohio. Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced. *Oh v. Ford Motor Co.*, 79 F. Supp. 2d 1375, 1377 (N.D. Ga. 1999)

(citing *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 794 (9th Cir. 1986)).

b. The amount in controversy exceeds $75,000.00, as Plaintiff's complaint seeks compensation the wrongful death and for the full value of life of Cameron Pierce. (Pl.'s Compl. ¶¶ 64, 70).

c. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

8. Defendants attach hereto a copy of Defendants' Notice of Removal which has been sent for filing in the State Court of Gwinnett County, State of Georgia, marked as Exhibit "D".

9. All Defendants agree to this removal.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

**A. This Court has Original Jurisdiction of this Cause of Action Pursuant to 28 U.S.C. § 1332 and this Cause of Action is Removable According to 28 U.S.C. § 1441.**

This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court for the Northern District of Georgia – Atlanta Division has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended,

4

which provides in pertinent part:

> The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between – (1)Citizens of different states.

28 U.S.C. § 1332(a).

### 1. THERE IS COMPLETE DIVERSITY.

All parties to this action are completely diverse. Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced. *Oh v. Ford Motor Co.*, 79 F. Supp. 2d 1375, 1377 (N.D. Ga. 1999) (citing *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 794 (9th Cir. 1986)).

Plaintiff was a citizen and resident of New York at the time of filing of the Complaint. (Pl's Compl. ¶ 3). *See Gilbert v. David*, 235 U.S. 561, 569 (1915)("If a person is domiciled in [a particular state], he is a citizen of that state within the meaning of the Judicial Code."). Therefore, Plaintiff is a citizen of New York.

Defendant David Osborne is an individual and citizen residing in the State of Georgia. (Pl.'s Compl. ¶ 4). If a person is domiciled in [Michigan], he was a citizen of that state within the meaning of the Judicial Code. *Gilbert v. David*, 235 U.S. 561, 569 (1915).

Defendant Budd Van Lines, Inc., is currently, and was at the commencement of Civil Action File No.: 23-C-01433-S3, and at all times since has been a corporation organized and existing under the laws of the State of New Jersey. (See Georgia Secretary of State Business Records, attached hereto as "Exhibit B").  Defendant Vanliner Insurance Company is currently and was at the commencement of Civil Action File No.: 23-C-01433-S3, and at all times since has been a corporation organized and existing under the laws of the State of Ohio. (See Georgia Secretary of State Business Records, attached hereto as "Exhibit C").

Accordingly, complete diversity exists in this cause of action between Plaintiff and all Defendants, and therefore, this case is removable under 28 U.S.C. § 1332.

2.     **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

There is evidence to establish that Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars ($75,000.00). Plaintiff's complaint seeks compensation the wrongful death and for the full value of life of Cameron Pierce. (Pl.'s Compl. ¶¶ 64, 70). Where a plaintiff has made an unspecified demand for damages, as in this case, a removing defendant must prove only by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Evidence offered in support of removal can consist of factual allegations, "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."). Furthermore, courts may use their "judicial experience and common sense" in determining whether the case meets federal jurisdictional requirements. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

When determining if the defendant has satisfied its burden, the presiding court will first consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010) (citing 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010)). "If not, the court may consider facts alleged in the notice of removal, judicial admissions made by plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Id*. (quoting 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010).

Prior to filing of the lawsuit, Plaintiff sent a demand for $6,000,000.00. (See Ex. E). Plaintiff is clearly seeking damages in excess of $75,000. Therefore, there are facts to a legal certainty to support that the amount in controversy exceeds the jurisdictional requirement. Plaintiff's own factual allegations, combined with reasonable deductions, inferences, and extrapolations, prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. Accordingly, because the parties are completely diverse and the amount in controversy exceeds the statutory requirement, this case may be removed to the United States District Court for the Northern District of Georgia – Atlanta Division.

## CONCLUSION

There is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. § 1446, the Defendant Budd Van Lines, Inc. has sought removal within thirty (30) days from the moment the action became removable and, therefore, this Court has the authority to accept jurisdiction of this case pursuant to 28 U.S.C. §§ 1332 and 1446.

Respectfully submitted this 5th day of April, 2023.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

/S/ *SANDRO STOJANOVIC*
SCOTT H. MOULTON
GEORGIA STATE BAR NO. 974237

                                             SANDRO STOJANOVIC
                                             GEORGIA STATE BAR NO. 473114
                                             COUNSEL FOR DEFENDANTS

365 Northridge Road, Suite 230
Atlanta, GA  30350
T:  770.650.8737
F:  770.650.8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LEOLA WHITE, individually as the surviving Parent of CAMERON PIERCE, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>BUDD VAN LINES INC.; DAVID OSBORNE; and VANLINER INSURANCE COMPANY,<br><br>    Defendants. | CIVIL ACTION FILE NO. _____<br><br><br>REMOVEWD FROM STATE COURT OF GWINNETT COUNTY, GEORBGIA, CAFN: 23-C-01433-S3<br><br>    Jury Trial Demanded |

**CERTIFICATE OF COMPLIANCE**

The foregoing **DEFENDANTS BUDD VAN LINES, INC.'S NOTICE OF REMOVAL WITH BRIEF IN SUPPORT** is double spaced in 14-point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

This 5th day of April, 2023.

 

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

/s/ *Sandro Stojanovic*
SCOTT H. MOULTON
GEORGIA STATE BAR NO. 974237
SANDRO STOJANOVIC
GEORGIA STATE BAR NO. 473114
COUNSEL FOR DEFENDANTS

365 Northridge Road, Suite 230
Atlanta, GA  30350
T:  770.650.8737
F:  770.650.8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LEOLA WHITE, individually as the surviving Parent of CAMERON PIERCE, deceased,<br><br>  Plaintiff,<br><br>v.<br><br>BUDD VAN LINES INC.; DAVID OSBORNE; and VANLINER INSURANCE COMPANY,<br><br>  Defendants. | CIVIL ACTION FILE NO. _____<br><br><br>REMOVEWD FROM STATE COURT OF GWINNETT COUNTY, GEORBGIA, CAFN: 23-C-01433-S3<br><br>Jury Trial Demanded |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANTS BUDD VAN LINES, INC.'S NOTICE OF REMOVAL WITH BRIEF IN SUPPORT** upon all parties to this matter by depositing same in the U.S. Mail and/or via e-file and serve as required by law:

**J. Martin Futrell, Esq.**
WITHERITE LAW GROUP
600 Peachtree St NE
Suite 4010
Atlanta, GA 30308
Tel: (470) 881-8806
Fax: (470) 881-8820

12

martin.futrell@witheritelaw.com
*Counsel for Plaintiff*

This 5th day of April, 2023.

                **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

                /S/ *SANDRO STOJANOVIC*
                SCOTT H. MOULTON
                GEORGIA STATE BAR NO. 974237
                SANDRO STOJANOVIC
                GEORGIA STATE BAR NO. 473114
                COUNSEL FOR DEFENDANTS

365 Northridge Road, Suite 230
Atlanta, GA  30350
T:  770.650.8737
F:  770.650.8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com