E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01433-S3**

3/3/2023 1:35 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

LEOLA WHITE, individually as the surviving

Parent of CAMERON PIERCE, deceased

CIVIL ACTION
NUMBER:_____

PLAINTIFF

23-C-01433-S3

VS.

**VANLINER INSURANCE COMPANY**

c/o Reg Agent: United Agent Group

2985 Gordy Pkwy, 1st Floor, Marietta GA 30066

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

J. Martin Futrell, WLG Atlanta, LLC
600 Peachtree St. NE, Suite 4010
Atlanta, GA 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of ___3rd day of March, 2023___, 20____.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01433-S3**
3/3/2023 1:35 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**LEOLA WHITE, individually as the surviving Parent of CAMERON PIERCE, deceased**

CIVIL ACTION NUMBER: 23-C-01433-S3

PLAINTIFF

VS.

**DAVID OSBORNE**
**4526 Bellemeade Drive**
**Douglasville GA 30135**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

J. Martin Futrell, WLG Atlanta, LLC
600 Peachtree St. NE, Suite 4010
Atlanta, GA 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _3rd day of March, 2023_____, 20____.

Tiana P. Garner
Clerk of State Court

By_____[signature: Camelia Barlow]_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01433-S3**
3/3/2023 1:35 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**LEOLA WHITE, individually as the surviving**

**Parent of CAMERON PIERCE, deceased**

23-C-01433-S3

CIVIL ACTION NUMBER:_____

PLAINTIFF

VS.

**BUDD VAN LINES**

**c/o Reg Agent Michael Gallegra**

**75 John B. Brooks Rd., Pendergrass GA 30567**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

J. Martin Futrell, WLG Atlanta, LLC
600 Peachtree St. NE, Suite 4010
Atlanta, GA 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of ___3rd day of March, 2023_____, 20____.

Tiana P. Garner
Clerk of State Court

By _____Camelia Swlon_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01433-S3**
3/3/2023 1:35 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LEOLA WHITE, individually as the surviving Parent of CAMERON PIERCE, deceased,<br><br>Plaintiff,<br><br>v.<br><br>BUDD VAN LINES INC.;<br>DAVID OSBORNE; and<br>VANLINER INSURANCE COMPANY<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. _23-C-01433-S3_<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW Leola White, individually as the surviving parent of Cameron Pierce, deceased ("Plaintiff"), by and through counsel, and files this Complaint for Damages, showing this Honorable Court as follows:

1. This is an action for wrongful death arising out of a motor vehicle collision that occurred on June 17, 2022, in Douglas County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2. Cameron Pierce sustained personal injuries and damages as a result of a motor vehicle collision that occurred at approximately 12:20 am on June 17, 2022, in Douglas County, Georgia.

3. Cameron Pierce was a citizen of Carroll County, Georgia. Plaintiff Leola White, is a citizen and resident of New York and is the sole surviving parent of Cameron Pierce, who died without a spouse or children.

4. Defendant David Osborne ("Osborne") resides at 4526 Bellemeade Drive, Douglasville, Douglas County, Georgia 30135, and may be served with a copy of the Summons and Complaint at this address.

5. Once served with process, Osborne is subject to the jurisdiction and venue of this Court.

6. Osborne was properly served with process in this civil action.

7. Osborne was sufficiently served with process in this civil action.

8. Osborne is subject to the jurisdiction of this Court.

9. Defendant Budd Van Lines Inc. is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. Budd Van Lines Inc. has a U.S. Department of Transportation Number 185771.

10. Budd Van Lines Inc. is a "non-resident" pursuant to O.C.G.A. § 9-10-91 and a "motor carrier" pursuant to the Federal Motor Carrier Safety Regulations. Budd Van Lines Inc. may be served with process by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: National Resident Agent Service, Inc. c/o Thomas O'Brien, Kappler & Nasuti PC/J. Patrick O'Brien, 2 Sun Court, Suite 400, Peachtree Corners GA 30092.

11. Budd Van Lines Inc. may also be served a copy of the Summons and Complaint by delivering a copy to its registered agent for the State of Georgia, Michael Gallegra, 75 John B. Brooks Road, Pendergrass, Jackson County, Georgia 30567.

12. Budd Van Lines Inc. may also be served with process pursuant to O.C.G.A. § 9-10-94 by delivering a copy of the Summons and Complaint upon its registered agent for the State of New Jersey: David Budd, 24 Schoolhouse Road, Somerset, New Jersey 08873.

13. Once served with process, Budd Van Lines Inc. is subject to the jurisdiction and venue of this Court.

14. Budd Van Lines Inc. was properly served with process in this civil action.

15. Budd Van Lines Inc. was sufficiently served with process in this civil action.

16. Budd Van Lines Inc. is subject to the jurisdiction of this Court. Venue is proper in Gwinnett County pursuant to O.C.G.A. § 40-1-117, as Budd Van Lines, Inc. has an agent for service of process in Gwinnett County.

17. Defendant Vanliner Insurance Company ("Vanliner Insurance Company") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

18. At the time of the Subject Complaint, Budd Van Lines Inc. had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Osborne was operating at the time of the Subject Collision.

19. The liability coverage for the collision described in this Complaint is being provided to Budd Van Lines Inc. through a policy of insurance issued by Vanliner Insurance Company and further identified as Policy Number CIL0005118367-9, which provides coverage to Budd Van Lines Inc. for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Osborne was operating at the time of the Subject Collision.

20. Vanliner Insurance Company is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40-2-140, because Vanliner Insurance Company was the insurer providing liability coverage for the defendant motor carrier Budd Van Lines Inc. at the time of the collision described in this Complaint.

21. Vanliner Insurance Company may be served with the Summons and Complaint upon its registered agent: United Agent Group Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia 30066.

22. Once served with process as described in this paragraph, Vanliner Insurance Company is subject to the jurisdiction and venue of this Court.

23. Vanliner Insurance Company may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

24. Vanliner Insurance Company was properly served with process in this civil action.

25. Vanliner Insurance Company was sufficiently served with process in this civil action.

26. Vanliner Insurance Company is subject to the jurisdiction of this Court.

27. Venue in the above-styled civil action is proper in this County and Court pursuant to O.C.G.A. § 40-1-117(b).

## FACTS

28. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

29. On or about June 17, 2022, at approximately 12:20 am, Cameron Pierce was operating a white 2007 Cadillac CTS traveling westbound in the far right lane on Interstate 20 in Douglas County, Georgia.

30. On or about June 17, 2022, at approximately 12:20 am, Osborne was operating a blue 2019 Kenworth tractor-trailer in the course and scope of his employment with Defendant Budd Van Lines Inc. and was parked facing west on the right shoulder of Interstate 20 in Douglas County, Georgia.

31. Osborne stopped his 2017 Freightliner tractor-trailer in the emergency lane of the road without hazard lights in the rear and without placing reflective triangles or other warning devices behind his stopped tractor-trailer as required by Federal Motor Carrier Safety Regulation § 392.22. Osborne parked the tractor-trailer on the shoulder of the Interstate in violation of O.C.G.A. § 40-6-203. Osborne stopped and parked the 2017 Freightliner tractor trailer in the emergency lane in the absence of an emergency.

32. Cameron Pierce collided into the rear of the Budd Van Lines Inc. tractor-trailer parked by Osborne on the right shoulder of Interstate 20.

33. Cameron Pierce suffered serious, life-threatening injuries and damages as a result of the collision.

34. At all times related to the Subject Collision, Plaintiff was acting in a reasonable and prudent manner.

35. Defendants do not blame Cameron Pierce for causing or contributing to the cause of the Subject Collision.

36. Defendants are 100% at fault for causing the Subject Collision.

COMPLAINT FOR DAMAGES – Page 4

EXHIBIT A

37. No act or failure to act on the part of Cameron Pierce caused or contributed to the cause of the Subject Collision.

38. No act or failure to act on the part of any third party caused or contributed to the cause of the Subject Collision.

39. No act or failure to act on the part of Cameron Pierce caused or contributed to the cause of Cameron Pierce's claimed injuries and/or damages.

40. No act or failure to act on the part of any third party caused or contributed to the cause of Cameron Pierce's claimed injuries and/or damages.

41. Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the Subject Collision.

42. Cameron Pierce suffered serious and permanent injuries and damages as a result of the Subject Collision.

## COUNT I: DIRECT ACTION AGAINST VANLINER INSURANCE COMPANY

43. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

44. Vanliner Insurance Company provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

45. Vanliner Insurance Company agreed to provide insurance coverage to Budd Van Lines Inc. in consideration for the payment of insurance premiums.

46. Vanliner Insurance Company was transacting business in the State of Georgia and in Fulton County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

47. Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

48. Pursuant to O.C.G.A. §§ 40-1-112 and/or 40-2-140, Vanliner Insurance Company is subject to this Direct Action.

## COUNT II: NEGLIGENCE OF BUDD VAN LINES INC. TRANSPORT INC

49. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

50. At all times material hereto, Osborne was an employee of Budd Van Lines Inc.

51. At all times material hereto, Osborne was acting within the scope and course of his employment with Budd Van Lines Inc.

52. At all times material hereto, Osborne was an agent of Budd Van Lines Inc.

53. At all times material hereto, Osborne was acting within the scope and course of his agency with Budd Van Lines Inc.

54. At all times material hereto, Osborne was operating the tractor-trailer under the federal motor carrier authority of Defendant Budd Van Lines Inc. and was a statutory employee of Defendant Budd Van Lines Inc. under the Federal Motor Carrier Safety Regulations and was authorized by Budd Van Lines Inc. to operate the tractor-trailer that was involved in the collision described in this Complaint.

55. Budd Van Lines Inc. is liable for the negligent actions and omissions of Osborne pursuant to the doctrine of respondeat superior.

56. Budd Van Lines Inc. was the owner of the vehicle operated by Osborne and is therefore liable for damages caused in this case.

57. Budd Van Lines Inc. was also itself negligent in the following ways:

   a. Negligently hiring or contracting with Defendant Osborne to drive the vehicle at issue;

   b. Negligently training Defendant Osborne, including failing to train Osborne to not park his tractor-trailer on the shoulder of the road in non-emergency stop;

   c. Negligently entrusting Defendant Osborne to drive the vehicle professionally;

   d. Negligently retaining Defendant Osborne to drive the vehicle at issue;

   e. Negligently qualifying Defendant Osborne;

   f. Failing to supervise Defendant Osborne; and

    g.    Otherwise failing to act as a reasonably prudent company under the circumstances.

58. As a direct and proximate result of the negligence of Defendants Osborne and Budd Van Lines Inc. in the ensuing collision, Cameron Pierce sustained severe and permanent injuries and damages resulting in his death.

59. Budd Van Lines Inc. is liable to Plaintiff for all damages allowed by law for the injuries, damages, and wrongful death of Cameron Pierce.

### COUNT III: NEGLIGENCE OF DEFENDANT DAVID OSBORNE

60. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

61. At all relevant times, Osborne owed the following civil duties to Plaintiff but violated those duties in the following ways:

    a.    Failing to exercise ordinary care under the circumstances;

    b.    Failed to activate the hazard lights on his vehicle that was stopped in the shoulder of a roadway;

    c.    Failing to follow proper protocol when his truck was stopped;

    d.    Failing to obey federal commercial vehicle regulations as established by the Federal Motor Carrier Safety Administration, specifically 49 C.F.R. § 392.22 and is therefore liable *per se*.

    e.    Failing to abide by and follow the Federal Motor Carrier Safety Regulations and Georgia Public Service Commission rules, regulations, and standards; and

    f.    Parking the tractor-trailer he operated on the shoulder of the road for a non-emergency stop and without mechanical breakdown; and

    g.    Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

62. Osborne was also negligent per se in that he violated a number of laws and regulations governing his operation of a vehicle, including:

    a.    Violating O.C.G.A. § 40-6-203 by parking his tractor-trailer on the right shoulder of the road;

    b.    Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

    c.    Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

    d.    Failing to place warning devices behind his truck as required by 49 C.F.R. § 392.22(b).

63. As a result of Osborne's negligence, Cameron Pierce suffered severe and permanent injuries and damages, resulting in his death.

64. As a direct and proximate result of the negligence and negligence *per se* of Osborne, Plaintiff is entitled to recover damages as a result of the wrongful death of Cameron Pierce.

### COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

65. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

66. Each of the defendants Budd Van Lines Inc. and Osborne acted in a manner which either alone, and/or combined and concurring with the actions of the other defendants' acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries and damages.

67. As a direct and proximate result of the negligence of the defendants Budd Van Lines Inc. and Osborne, Plaintiff was physically injured, and such injuries ultimately resulted in his death.

68. As a direct and proximate result of the breaches of duty by defendants Budd Van Lines Inc. and Osborne, Plaintiff is entitled to recover the full value of Cameron Pierce's life and other categories of damages provided for under the law pursuant to O.C.G.A. § 19-7-1(c)(2)(B) and O.C.G.A. § 51-4-4.

### COUNT V: DAMAGES

69. Leola White is the surviving parent of Cameron Pierce and is the proper party to bring a claim for the wrongful death of Cameron Pierce.

70. Defendants Budd Van Lines Inc. and Osborne are liable to the Plaintiff for the full value of the life of Cameron Pierce.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a. A trial by jury;

b. For judgment against each Defendant to compensate Plaintiff for the full value of the life of Cameron Pierce;

c. Court costs, discretionary costs, and prejudgment interest; and

d. For all such further and general relief which this Court deems just and proper.

Dated this 3rd day of March, 2023.

        WLG ATLANTA, LLC

        */s/ J. Martin Futrell*
        J. MARTIN FUTRELL
        GEORGIA STATE BAR NUMBER 450872
        ATTORNEY FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:  470-881-8806
FACSIMILE:  470-881-8820
E-MAIL:  MARTIN.FUTRELL@WITHERITELAW.COM

EXHIBIT A