# Exhibit A

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

KAREN AND MICHAEL JOHNSON,

     Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,
FEDEX GROUND PACKAGE SYSTEM,
INC., and FORREST WALKER,

     Defendants.

Civil Action File No.
22-A-3285

## NOTICE OF FILING NOTICE OF REMOVAL

COME NOW, Federal Express Corporation, FedEx Ground Package System, Inc., and Forrest Walker ("Defendants"), and file this Notice of Filing Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1447, showing the Court as follows:

1.

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a notice of removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division.

2.

Attached hereto as Exhibit A is a copy of the notice of removal that has been filed in the United States District Court of Georgia, Atlanta Division.

Respectfully submitted,

**CALLAHAN & FUSCO, LLC**

*/s/ Cassie D. Preston*
**CASSIE D. PRESTON**
Georgia Bar No. 940960
*Counsel for Defendants*

160 Clairemont Avenue
Suite 340
Decatur, Georgia 30030
(877) 618-9770 (Telephone)
cpreston@callahanfusco.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the foregoing *Notice of Filing Notice of Removal* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the PeachCourt filing system which will automatically send e-mail notification of such filing to counsel of record and others who are PeachCourt participants. Counsel of record is as follows: Robert D. Cheeley and Andre T. Tennille, III, Cheeley Law Group, LLC, 2500 Old Milton Parkway, Suite 200, Alpharetta, Georgia, bob@cheelylawgroup.com, dre@cheelylawgroup.com.

Respectfully submitted, this 5th day of April, 2023.

**CALLAHAN & FUSCO, LLC**

*/s/ Cassie D. Preston*
**CASSIE D. PRESTON**
Georgia Bar No. 940960
*Counsel for Defendants*

160 Clairemont Avenue
Suite 340
Decatur, Georgia 30030
(877) 618-9770 (Telephone)
cpreston@callahanfusco.com

**Second Original**

SUPERIOR COURT SERVICE

Civil Action No. _22H-3285_

Date Filed _10.3.22_

Attorney's Address

Cheeley Law Group

2500 Old Milton Pkwy, Ste 200

Alpharetta, GA 30009

Name and Address of Party to Served

Fedex Ground Package System, Inc.

Reg Agn The Corporation Co., 106 Colony

Park Dr. Ste 800-B, Cumming, GA 30040

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, COBB

ID# E-UXKFQDS4 MLD
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**22-A-3285**
**MAR 06, 2023 02:33 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

Karen Johnson and Michael Johnson
_____
Plaintiff

VS.

Federal Express Corporation, **Fedex Ground**

Package System, Inc. and Forrest Walker
_____
Defendant

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _The Corporation Company_ a corporation
✱ by leaving a copy of the within action and summons with _Dayvon Jackson_
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _12th_ day of _oct_, 20_22_                                    _1803_

DEPUTY

**CLERK'S COPY**

Copy

ID# E-UXKFODS4 LXS
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-3285

MAR 06, 2023 02:33 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

SHERIFF'S ENTRY OF SERVICE

Civil Action No. **22-A-3285**

Date Filed **10.3.22**

Georgia, COBB

Superior Court ☐
State Court ☐
Juvenile Court ☐

Magistrate Court ☐
Probate Court ☐

Attorney's Address

Cheeley Law Group

2500 Old Milton Pkwy, Ste 200

Alpharetta, GA 30009

Name and Address of Party to Served

Federal Express Corporation

Reg Agn The Corporation Co., 106 Colony

Park Dr., St 800-B, Cumming, GA 30040

Karen Johnson and Michael Johnson
_____ Plaintiff

VS.

Federal Express Corporation, Fedex Ground

Package System, Inc. and Forrest Walker
_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant *The Corporation Company* a corporation
by leaving a copy of the within action and summons with *Dayvon Jackson*
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant
not to be found in the jurisdiction of this Court.

This **12th** day of **oct** , 20**22**

DEPUTY

CLERK'S COPY



Print Form

**Second Original** ~~CONTROL NUMBER    OF SERVICE~~

Civil Action No. _22H-3285_

Date Filed _10.3.22_

Attorney's Address

Cheeley Law Group

2500 Old Milton Pkwy, Ste 200

Alpharetta, GA  30009

Name and Address of Party to Served

Fedex Ground Package System, Inc.

Reg Agn The Corporation Co., 106 Colony

Park Dr. Ste 800-B, Cumming, GA  30040

Superior Court ☐          Magistrate Court ☐
State Court ☐            Probate Court ☐
Juvenile Court ☐

Georgia, COBB _____ COUNTY

Karen Johnson and Michael Johnson
_____
Plaintiff

VS.

Federal Express Corporation, **Fedex Ground**

Package System, Inc. and Forrest Walker
_____
Defendant

_____

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
☐ copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _The Corporation Company_____ a corporation
✗ by leaving a copy of the within action and summons with _Daeyvon Jackson_____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _12th_ day of _Oct_____, 20_22_

_____                    _____ _1803_
DEPUTY

**CLERK'S COPY**

ID# E-A3YDUJBH-WFL
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-3285

JAN 05, 2023 05:18 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

KAREN AND MICHAEL JOHNSON,

    Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,
FEDEX GROUND PACKAGE SYSTEM,
INC., and FORREST WALKER,

    Defendants.

Civil Action File No.
22-A-3285

---

**LIMITED SPECIAL APPEARANCE, ANSWER, AND
DEFENSES OF FEDEX GROUND PACKAGE SYSTEM, INC.**

---

COMES NOW, FedEx Ground Package System, Inc. ("FedEx Ground"), and, by and through the undersigned counsel, hereby appears specially and without voluntarily subjecting itself to the jurisdiction and venue of this Court, and without waiving any affirmative or other defenses, and files this Limited Special Appearance, Answer, and Defenses to Plaintiffs' ("Plaintiffs") Complaint, showing this honorable Court as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim against FedEx Ground upon which relief may be granted.

**SECOND DEFENSE**

FedEx Ground denies any negligence and denies that it breached any duty owed to Plaintiffs. Therefore, there can be no recovery against FedEx Ground in this action.

**THIRD DEFENSE**



No act or omission by FedEx Ground either proximately caused or contributed to any injuries or damages allegedly incurred by Plaintiffs; therefore, there can be no recovery against FedEx Ground in this action.

## FOURTH DEFENSE

The sole proximate cause of Plaintiffs' damages, if any, was the negligence, subsequent act(s), or subsequent omission(s) of others, for whose negligence, subsequent act(s), or subsequent omission(s) FedEx Ground is not liable; therefore, there can be no recovery against FedEx Ground in this action.

## FIFTH DEFENSE

Plaintiffs' negligence exceeded the negligence of any other party who may have caused or contributed to the incident that resulted in Plaintiffs' alleged injury, and Plaintiffs are therefore barred from recovery.

## SIXTH DEFENSE

FedEx Ground breached no duty whatsoever to Plaintiffs, whether arising from statute, common law, or otherwise, and Plaintiffs can therefore have no recovery against FedEx Ground.

## SEVENTH DEFENSE

To the extent the evidence shows Plaintiffs failed to exercise ordinary care for their own safety, Plaintiffs are not entitled to recovery from FedEx Ground.

## EIGHTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of FedEx Ground and Plaintiffs' alleged injuries and damages.

## NINTH DEFENSE

Plaintiffs have already been compensated and made whole with respect to any alleged injuries, damages, or losses for which he seeks recovery in this action.

## TENTH DEFENSE

FedEx Ground shows that some of Plaintiffs' claims for damages have not accrued, are purely speculative, uncertain, and contingent; therefore, Plaintiffs are not entitled to recover for said damages.

## ELEVENTH DEFENSE

Plaintiffs' alleged damages are barred to the extent Plaintiffs failed to mitigate their damages.

## TWELFTH DEFENSE

FedEx Ground asserts all affirmative defenses available pursuant to O.C.G.A. §§ 9-11-15 and 9-11-21 not otherwise asserted herein which may be supported by the evidence in this action.

## THIRTEENTH DEFENSE

This Court currently lacks personal jurisdiction over FedEx Ground.

## FOURTEENTH DEFENSE

Venue is improper as to FedEx Ground.

## FIFTEENTH DEFENSE

FedEx Ground pleads lack of service.

## SIXTEENTH DEFENSE

FedEx Ground pleads lack of proper service.

## SEVENTEENTH DEFENSE

FedEx Ground pleads insufficient service of process.

## EIGHTEENTH DEFENSE

FedEx Ground presently lacks sufficient knowledge or information upon which to form a belief as to whether it may have additional Affirmative Defenses.  Accordingly, FedEx Ground reserves the right to assert such additional Affirmative Defenses should discovery indicate their applicability.

## NINETEENTH DEFENSE

Plaintiffs' claims fail or may fail for failure to join a necessary party under O.C.G.A. § 9-11-19.

## TWENTIETH DEFENSE

Defendant asserts misjoinder of parties.

## TWENTY-FIRST DEFENSE

Any recovery by Plaintiffs should be reduced by a pro rata amount attributable to the negligence or fault of Plaintiff, other parties to this action, and any responsible non-parties, pursuant to O.C.G.A. § 51-12-33.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are or may be barred by the doctrines of release, accord and satisfaction and offset, laches, and/or statute of limitations.

## TWENTY-THIRD DEFENSE

Subject to and without waiving the foregoing defenses, FedEx Ground responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

## INTRODUCTION

1.

FedEx Ground denies all allegations in the Complaint against "FedEx" because Federal Express Corporation and FedEx Ground Package System, Inc. are separate and distinct entities for

which separate allegations must be asserted.  FedEx Express further responds by showing it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Karen Johnson's injuries.   FedEx Express further denies all remaining allegations contained in Paragraph 1.

**PARTIES, JURISDICTION & VENUE**

2.

FedEx is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint, and therefore denies the same.

3.

Upon information and belief, FedEx Ground admits that Federal Express Corporation is incorporated in Delaware and does business in the State of Georgia. FedEx Ground denies the remaining allegations contained within Paragraph 3 of Plaintiffs' Complaint.  As to the averments regarding Georgia law, FedEx Ground further responds by stating that Georgia's codified statutes and case law speak for themselves.

4.

FedEx Ground admits that it is incorporated in Delaware and does business in the State of Georgia. FedEx Ground denies the remaining allegations contained within Paragraph 4 of Plaintiffs' Complaint and at this time specifically denies that the Court has personal jurisdiction over FedEx Ground.  As to the averments regarding Georgia law, FedEx Ground further responds by stating that Georgia's codified statutes and case law speak for themselves.

5.

FedEx Ground denies that FedEx Ground employed Defendant Walker in any capacity at any time.   FedEx Ground further responds by denying the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.

FedEx Ground admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint, and therefore denies the same.

**FACTUAL BACKGROUND**

FedEx Ground re-alleges and re-incorporates its responses to Paragraphs 1 through 7 as if fully set forth herein.

8.

FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint, and therefore denies the same.

9.

FedEx is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint, and therefore denies the same.

10.

FedEx Ground denies that it owned the vehicle involved in the collision.   FedEx Ground further responds by stating it is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint, and therefore denies the same.

## 11.

FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint, and therefore denies the same.

## 12.

FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint, and therefore denies the same.

**CAUSES OF ACTION**

**COUNT I – NEGLIGENCE**

## 13.

FedEx Ground re-alleges and re-incorporates its responses to Paragraphs 1 through 12 as if fully set forth herein.

## 14.

FedEx Ground denies that Defendant Walker was its employee. At the time of the accident that is the subject of Plaintiff's Complaint, Defendant Walker was operating as an employee of a service provider under contract with FedEx Ground.  For the purposes of this litigation, FedEx Ground admits that Walker was operating as its agent at the time of the subject incident.  FedEx Ground further responds and states that the cited statute speaks for itself.  Except as expressly admitted, the allegations contained in Paragraph 14 of the Plaintiffs' Complaint are denied.

## 15.

FedEx Ground admits that certain duties were owed but denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint to the extent that they suggest any liability on the part of FedEx Ground.

16.

FedEx Ground denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint, and therefore denies the same.

17.

FedEx Ground responds and states that Georgia and Federal law speaks for itself.

18.

FedEx Ground denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint, and therefore denies the same.

19.

FedEx Ground denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint, and therefore denies the same.

## COUNT II – NEGLIGENT HIRING, TRAINING, AND SUPERVISION

20.

FedEx Ground re-alleges and re-incorporates its responses to Paragraphs 1 through 19 as if fully set forth herein.

21.

FedEx Ground denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint as it did not hire, train, or supervise Walker.

22.

FedEx Ground denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

## COUNT III – LOSS OF CONSORTIUM

23.

FedEx Ground re-alleges and re-incorporates its responses to Paragraphs 1 through 22 as if fully set forth herein.

24.

FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint, and therefore denies the same.

25.

FedEx Ground responds and states that Georgia law speaks for itself. FedEx Ground specifically denies these allegations to the extent that they suggest any liability on the part of this Defendant.

26.

FedEx Ground denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Plaintiffs' Complaint, FedEx Ground respectfully prays this honorable Court:

1.   DENY Plaintiffs' claims and dismiss Plaintiffs' Complaint prejudice;

2.   Cast all costs, attorneys' fees, and expenses of this action against Plaintiff;

3.   Order that this matter be tried before a jury of twelve (12) persons; and

4.   Grant such further relief as it deems just and proper.

*[SIGNATURE ON NEXT PAGE]*

This 5th day of January, 2023.

CALLAHAN & FUSCO, LLC

*/s/ Cassie D. Preston*
**CASSIE D. PRESTON**
Georgia Bar No. 940960
*Counsel for FedEx Ground*

160 Clairemont Avenue
Suite 340
Decatur, Georgia 30030
(877) 618-9770 (Telephone)
cpreston@callahanfusco.com

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

KAREN AND MICHAEL JOHNSON,

      Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,
FEDEX GROUND PACKAGE SYSTEM,
INC., and FORREST WALKER,

      Defendants.

Civil Action File No.
22-A-3285

---

**CERTIFICATE OF SERVICE**

---

I certify that I have this day electronically filed the foregoing **LIMITED SPECIAL APPEARANCE, ANSWER, AND DEFENSES OF FEDEX GROUND GROUND PACKAGE SYSTEMS, INC.,** using the Peachcourt eFile system, which will automatically provide a copy to the following parties and/or counsel of record: Robert D. Cheeley and Andre T. Tennille, III, Cheeley Law Group, LLC, 2500 Old Milton Parkway, Suite 200, Alpharetta, Georgia, bob@cheelylawgroup.com, dre@cheelylawgroup.com; and Preston Haliburton, Haliburton Law Firm, 310 A Newnan Street, Carrollton, Georgia 30117, prestonhaliburton@gmail.com.

This 5th day of January, 2023.

                                    CALLAHAN & FUSCO, LLC

                                    */s/ Cassie D. Preston*
                                    CASSIE PRESTON
                                    Georgia Bar No. 940960

ID# E-STJGXSEV-2X4
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-3285

JAN 05, 2023 05:19 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

KAREN AND MICHAEL JOHNSON,

     Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,
FEDEX GROUND PACKAGE SYSTEM,
INC., and FORREST WALKER,

     Defendants.

Civil Action File No.
22-A-3285

## LIMITED SPECIAL APPEARANCE, ANSWER, AND
## DEFENSES OF FORREST WALKER

COMES NOW, Forrest Walker ("Walker"), and, by and through the undersigned counsel, hereby appears specially and without voluntarily subjecting himself to the jurisdiction and venue of this Court, and without waiving any affirmative or other defenses, and files this Limited Special Appearance, Answer, and Defenses to Plaintiffs' ("Plaintiffs") Complaint, showing this honorable Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Walker upon which relief may be granted.

### SECOND DEFENSE

Walker denies any negligence and denies that it breached any duty owed to Plaintiffs. Therefore, there can be no recovery against Walker in this action.

### THIRD DEFENSE

Page **1** of **10**



No act or omission by Walker either proximately caused or contributed to any injuries or damages allegedly incurred by Plaintiffs; therefore, there can be no recovery against Walker in this action.

### FOURTH DEFENSE

The sole proximate cause of Plaintiffs' damages, if any, was the negligence, subsequent act(s), or subsequent omission(s) of others, for whose negligence, subsequent act(s), or subsequent omission(s) Walker is not liable; therefore, there can be no recovery against Walker in this action.

### FIFTH DEFENSE

Plaintiffs' negligence exceeded the negligence of any other party who may have caused or contributed to the incident that resulted in Plaintiffs' alleged injury, and Plaintiffs are therefore barred from recovery.

### SIXTH DEFENSE

Walker breached no duty whatsoever to Plaintiffs, whether arising from statute, common law, or otherwise, and Plaintiffs can therefore have no recovery against Walker.

### SEVENTH DEFENSE

To the extent the evidence shows Plaintiffs failed to exercise ordinary care for their own safety, Plaintiffs are not entitled to recovery from Walker.

### EIGHTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of Walker and Plaintiffs' alleged injuries and damages.

### NINTH DEFENSE

Plaintiffs have already been compensated and made whole with respect to any alleged injuries, damages, or losses for which he seeks recovery in this action.

**TENTH DEFENSE**

Walker shows that some of Plaintiffs' claims for damages have not accrued, are purely speculative, uncertain, and contingent; therefore, Plaintiffs are not entitled to recover for said damages.

**ELEVENTH DEFENSE**

Plaintiffs' alleged damages are barred to the extent Plaintiffs failed to mitigate their damages.

**TWELFTH DEFENSE**

Walker asserts all affirmative defenses available pursuant to O.C.G.A. §§ 9-11-15 and 9-11-21 not otherwise asserted herein which may be supported by the evidence in this action.

**THIRTEENTH DEFENSE**

This Court currently lacks personal jurisdiction over Walker.

**FOURTEENTH DEFENSE**

Venue is improper as to Walker.

**FIFTEENTH DEFENSE**

Walker pleads lack of service.

**SIXTEENTH DEFENSE**

Walker pleads lack of proper service.

**SEVENTEENTH DEFENSE**

Walker pleads insufficient service of process.

**EIGHTEENTH DEFENSE**

Walker presently lacks sufficient knowledge or information upon which to form a belief as to whether it may have additional Affirmative Defenses.  Accordingly, Walker reserves the right to assert such additional Affirmative Defenses should discovery indicate their applicability.

## NINETEENTH DEFENSE

Plaintiffs' claims fail or may fail for failure to join a necessary party under O.C.G.A. § 9-11-19.

## TWENTIETH DEFENSE

Any recovery by Plaintiffs should be reduced by a pro rata amount attributable to the negligence or fault of Plaintiffs, other parties to this action, and any responsible non-parties, pursuant to O.C.G.A. § 51-12-33.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are or may be barred by the doctrines of release, accord and satisfaction and offset, laches, and/or statute of limitations.

## TWENTY-FOURTH DEFENSE

Subject to and without waiving the foregoing defenses, Walker responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

## INTRODUCTION

1.

Walker denies that he was "driving for FedEx" when the incident giving rise to this lawsuit occurred.  Rather, at the time of the subject incident Walker was employed by a service provider to FedEx Ground pursuant to a service provider agreement.  Walker further denies the remaining allegations contained in Paragraph 1 to the extent those allegations imply liability.  Walker further responds by showing he is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Karen Johnson's injuries.

## PARTIES, JURISDICTION & VENUE

2.

Walker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint, and therefore denies the same.

3.

Walker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint, and therefore denies the same.

4.

Walker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint, and therefore denies the same.

5.

Walker denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.

Walker admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

Walker denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

## FACTUAL BACKGROUND

Walker re-alleges and re-incorporates its responses to Paragraphs 1 through 7 as if fully set forth herein.

8.

Upon information and belief, Walker admits the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.

Walker admits that Langford Loop is a single lane road that stems off East Buckhorn Road with a loop at the end and no sidewalks.  Walker denies the remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.

Walker specifically denies that FedEx Ground owned the involved vehicle.  Responding further, Walker denies the remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint as stated.

11.

Walker denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Walker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint, and therefore denies the same.

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE

13.

Walker re-alleges and re-incorporates its responses to Paragraphs 1 through 12 as if fully set forth herein.

14.

Walker denies he was employed by any FedEx entity. At the time of the accident that is the subject of Plaintiff's Complaint, Defendant Walker was operating as an employee of a service provider under contract with FedEx Ground.  For the purposes of this litigation, Walker admits that Walker was operating as its agent at the time of the subject incident.  Walker further responds

and states that the cited statute speaks for itself.  Except as expressly admitted, the allegations contained in Paragraph 14 of the Plaintiffs' Complaint are denied.

15.

Walker admits that certain duties were owed but denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint to the extent that they suggest any liability on the part of Walker.

16.

Walker denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Walker responds and states that Georgia and Federal law speaks for itself.

18.

Walker denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Walker denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

## COUNT II – NEGLIGENT HIRING, TRAINING, AND SUPERVISION

20.

Walker re-alleges and re-incorporates its responses to Paragraphs 1 through 19 as if fully set forth herein.

21.

Walker denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint as "FedEx" did not hire, train, or supervise him.

22.

Walker denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

## COUNT III – LOSS OF CONSORTIUM

23.

Walker re-alleges and re-incorporates its responses to Paragraphs 1 through 22 as if fully set forth herein.

24.

Walker is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint, and therefore denies the same.

25.

Walker responds and states that Georgia law speaks for itself.

26.

Walker denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Plaintiffs' Complaint, Walker respectfully prays this honorable Court:

1.      DENY Plaintiffs' claims and dismiss Plaintiffs' Complaint prejudice;

2.      Cast all costs, attorneys' fees, and expenses of this action against Plaintiffs;

3.      Order that this matter be tried before a jury of twelve (12) persons; and

4.      Grant such further relief as it deems just and proper.

*[SIGNATURE ON NEXT PAGE]*

This 5th day of January, 2023.

CALLAHAN & FUSCO, LLC

*/s/ Cassie D. Preston*
**CASSIE D. PRESTON**
Georgia Bar No. 940960
*Counsel for Defendants*

160 Clairemont Avenue, Suite 340
Decatur, Georgia 30030
(877) 618-9770 (Telephone)
cpreston@callahanfusco.com

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

KAREN AND MICHAEL JOHNSON,

     Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,
FEDEX GROUND PACKAGE SYSTEM,
INC., and FORREST WALKER,

     Defendants.

Civil Action File No.
22-A-3285

---

**CERTIFICATE OF SERVICE**

---

I certify that I have this day electronically filed the foregoing **LIMITED SPECIAL APPEARANCE, ANSWER, AND DEFENSES OF FORREST WALKER** using the Peachcourt eFile system, which will automatically provide a copy to the following parties and/or counsel of record: Robert D. Cheeley and Andre T. Tennille, III, Cheeley Law Group, LLC, 2500 Old Milton Parkway, Suite 200, Alpharetta, Georgia, bob@cheeleylawgroup.com, dre@cheeleylawgroup.com; and Preston Haliburton, Haliburton Law Firm, 310 A Newnan Street, Carrollton, Georgia 30117, prestonhaliburton@gmail.com.

This 5th day of January, 2023.

     CALLAHAN & FUSCO, LLC

     */s/ Cassie D. Preston*
     **CASSIE D. PRESTON**
     Georgia Bar No. 940960

ID# E-CHEKKZFS-X4Y
🌐 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-3285**

**JAN 05, 2023 05:14 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

KAREN AND MICHAEL JOHNSON,

     Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,
FEDEX GROUND PACKAGE SYSTEM,
INC., and FORREST WALKER,

     Defendants.

Civil Action File No.
22-A-3285

---

**LIMITED SPECIAL APPEARANCE, ANSWER, AND**
**DEFENSES OF FEDERAL EXPRESS CORPORATION**

---

COMES NOW, Federal Express Corporation ("FedEx Express"), and, by and through the undersigned counsel, hereby appears specially and without voluntarily subjecting itself to the jurisdiction and venue of this Court, and without waiving any affirmative or other defenses, and files this Limited Special Appearance, Answer, and Defenses to Plaintiffs' ("Plaintiffs") Complaint, showing this honorable Court as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim against FedEx Express upon which relief may be granted.

**SECOND DEFENSE**

FedEx Express denies any negligence and denies that it had any duty owed to Plaintiff and denies that it breached any duty owed to Plaintiffs. Therefore, there can be no recovery against FedEx Express in this action.



**THIRD DEFENSE**

No act or omission by FedEx Express either proximately caused or contributed to any injuries or damages allegedly incurred by Plaintiffs; therefore, there can be no recovery against FedEx Express in this action.

**FOURTH DEFENSE**

The sole proximate cause of Plaintiffs' damages, if any, was the negligence, subsequent act(s), or subsequent omission(s) of others, for whose negligence, subsequent act(s), or subsequent omission(s) FedEx Express is not liable; therefore, there can be no recovery against FedEx Express in this action.

**FIFTH DEFENSE**

Plaintiffs' negligence exceeded the negligence of any other party who may have caused or contributed to the incident that resulted in Plaintiffs' alleged injury, and Plaintiffs are therefore barred from recovery.

**SIXTH DEFENSE**

FedEx Express breached no duty whatsoever to Plaintiffs, whether arising from statute, common law, or otherwise, and Plaintiff can therefore have no recovery against FedEx Express.

**SEVENTH DEFENSE**

To the extent the evidence shows Plaintiffs failed to exercise ordinary care for their own safety, Plaintiffs are not entitled to recovery from FedEx Express.

**EIGHTH DEFENSE**

There is no causal relationship between any alleged acts and/or omissions on the part of FedEx Express and Plaintiffs' alleged injuries and damages.

**NINTH DEFENSE**

Plaintiffs have already been compensated and made whole with respect to any alleged injuries, damages, or losses for which he seeks recovery in this action.

**TENTH DEFENSE**

FedEx Express shows that some of Plaintiffs' claims for damages have not accrued, are purely speculative, uncertain, and contingent; therefore, Plaintiffs are not entitled to recover for said damages.

**ELEVENTH DEFENSE**

Plaintiffs' alleged damages are barred to the extent Plaintiffs failed to mitigate his damages.

**TWELFTH DEFENSE**

FedEx Express asserts all affirmative defenses available pursuant to O.C.G.A. §§ 9-11-15 and 9-11-21 not otherwise asserted herein which may be supported by the evidence in this action.

**THIRTEENTH DEFENSE**

This Court currently lacks personal jurisdiction over FedEx Express

**FOURTEENTH DEFENSE**

Venue is improper as to FedEx Express

**FIFTEENTH DEFENSE**

FedEx Express pleads lack of service.

**SIXTEENTH DEFENSE**

FedEx Express pleads lack of proper service.

**SEVENTEENTH DEFENSE**

FedEx Express pleads insufficient service of process.

**EIGHTEENTH DEFENSE**

FedEx Express presently lacks sufficient knowledge or information upon which to form a belief as to whether it may have additional Affirmative Defenses.  Accordingly, FedEx Express reserves the right to assert such additional Affirmative Defenses should discovery indicate their applicability.

### NINETEENTH DEFENSE

Plaintiffs' claims fail or may fail for failure to join a necessary party under O.C.G.A. § 9-11-19.

### TWENTIETH DEFENSE

Defendant asserts the defense of misjoinder of parties.

### TWENTY-FIRST DEFENSE

Any recovery by Plaintiffs should be reduced by a pro rata amount attributable to the negligence or fault of Plaintiff, other parties to this action, and any responsible non-parties, pursuant to O.C.G.A. § 51-12-33.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are or may be barred by the doctrines of release, accord and satisfaction and offset, laches, and/or statute of limitations.

### TWENTY-THIRD DEFENSE

Subject to and without waiving the foregoing defenses, FedEx Express responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

### INTRODUCTION

1.

FedEx Express denies all allegations in the Complaint against "FedEx" because Federal Express Corporation and FedEx Ground Package System, Inc. are separate and distinct entities for which separate allegations must be asserted.  FedEx Express further responds by showing it is

without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Karen Johnson's injuries.   FedEx Express further denies all remaining allegations contained in Paragraph 1.

**PARTIES, JURISDICTION & VENUE**

2.

FedEx Express is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint, and therefore denies the same.

3.

FedEx Express admits that it is incorporated in Delaware and does business in the State of Georgia. FedEx Express denies the remaining allegations contained within Paragraph 3 of Plaintiffs' Complaint and further states that this Court does not have personal jurisdiction over FedEx Express for this lawsuit.  As to the averments regarding Georgia law, FedEx Express further responds by stating that Georgia's codified statutes and case law speak for themselves.

4.

Upon information and belief, FedEx Express admits that FedEx Ground is incorporated in Delaware and does business in the State of Georgia. FedEx Express denies the remaining allegations contained within Paragraph 4 of Plaintiffs' Complaint.  As to the averments regarding Georgia law, FedEx Express further responds by stating that Georgia's codified statutes and case law speak for themselves.

5.

FedEx Express is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

6.

FedEx Express admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

FedEx Express is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint, and therefore denies the same.

**FACTUAL BACKGROUND**

FedEx Express re-alleges and re-incorporates its responses to Paragraphs 1 through 7 as if fully set forth herein.

8.

FedEx Express is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint, and therefore denies the same.

9.

FedEx Express is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint, and therefore denies the same.

10.

FedEx Express denies that any of its vehicles or employees were involved in the facts alleged in Paragraph 10 of Plaintiffs' Complaint.  As to the remaining allegations, FedEx Express

is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint and therefore denies the same.

11.

FedEx Express denies that any of its vehicles or employees were involved in the facts alleged in Paragraph 11 of Plaintiffs' Complaint.  As to the remaining allegations, FedEx Express is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint, and therefore denies the same.

12.

FedEx Express denies that any of its vehicles or employees were involved in the facts alleged in Paragraph 12 of Plaintiffs' Complaint.  As to the remaining allegations, FedEx Express is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint, and therefore denies the same.

**CAUSES OF ACTION**

**COUNT I – NEGLIGENCE**

13.

FedEx Express re-alleges and re-incorporates its responses to Paragraphs 1 through 12 as if fully set forth herein.

14.

Upon information and belief and as stated in the Answer of co-defendant FedEx Ground, at the time of the accident that is the subject of Plaintiffs' Complaint, Defendant Walker was operating as an employee of a service provider under contract with FedEx Ground and was operating within the course and scope of that agency.  FedEx Express denies that Defendant Walker was an employee or agent of FedEx Express and denies that Defendant Walker was

furthering FedEx Express's business. FedEx Express further responds and states that the cited statute speaks for itself.  Except as expressly admitted, the allegations contained in Paragraph 14 of the Plaintiffs' Complaint are denied.

15.

FedEx Express denies that it had any duty to Plaintiff and denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.

FedEx Express denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint, and therefore denies the same.

17.

FedEx Express responds and states that Georgia and Federal law speaks for itself.

18.

FedEx Express denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint, and therefore denies the same.

19.

FedEx Express denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint, and therefore denies the same.

## COUNT II – NEGLIGENT HIRING, TRAINING, AND SUPERVISION

20.

FedEx Express re-alleges and re-incorporates its responses to Paragraphs 1 through 19 as if fully set forth herein.

21.

FedEx Express denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint

as it did not hire, train, or supervise Walker.  Co-defendant Walker was not an agent or employee of FedEx Express.

### 22.

FedEx Express denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

## COUNT III – LOSS OF CONSORTIUM

### 23.

FedEx Express re-alleges and re-incorporates its responses to Paragraphs 1 through 22 as if fully set forth herein.

### 24.

FedEx Express is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint, and therefore denies the same.

### 25.

FedEx Express responds and states that Georgia law speaks for itself.

### 26.

FedEx Express denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Plaintiffs' Complaint, FedEx Express respectfully prays this honorable Court:

1.	DENY Plaintiffs' claims and dismiss Plaintiffs' Complaint prejudice;

2.	Cast all costs, attorneys' fees, and expenses of this action against Plaintiffs;

3.	Order that this matter be tried before a jury of twelve (12) persons; and

4.	Grant such further relief as it deems just and proper.

***[SIGNATURE ON NEXT PAGE]***

This 5th day of January, 2023.

CALLAHAN & FUSCO, LLC

/s/ Cassie D. Preston
**CASSIE D. PRESTON**
Georgia Bar No. 940960
*Counsel for Corp.*

160 Clairemont Avenue, Suite 340
Decatur, Georgia 30030
(877) 618-9770 (Telephone)
cpreston@callahanfusco.com

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| KAREN AND MICHAEL JOHNSON, | |
| Plaintiffs, | |
| v. | Civil Action File No. |
| | 22-A-3285 |
| FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., and FORREST WALKER, | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing **LIMITED SPECIAL APPEARANCE, ANSWER, AND DEFENSES OF FEDERAL EXPRESS CORPORATION** using the Peachcourt eFile system, which will automatically provide a copy to the following parties and/or counsel of record: Robert D. Cheeley and Andre T. Tennille, III, Cheeley Law Group, LLC, 2500 Old Milton Parkway, Suite 200, Alpharetta, Georgia, bob@cheelylawgroup.com, dre@cheelylawgroup.com; and Preston Haliburton, Haliburton Law Firm, 310 A Newnan Street, Carrollton, Georgia 30117, prestonhaliburton@gmail.com.

This 5th day of January, 2023.

CALLAHAN & FUSCO, LLC

*/s/ Cassie D. Preston*
CASSIE PRESTON
Georgia Bar No. 940960

ID# E-3VKRN2RZ-XXH
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-3285**

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of _Cobb_____ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed _10-03-2022_____ | Case Number _22-A-3285_____ | OCT 03, 2022 12:46 PM |
| **MM-DD-YYYY** | | *Robin C. Bishop* |
| | | Robin C. Bishop, Clerk of State Court |
| | | Cobb County, Georgia |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Johnson, Karen | | | | | Walker, Forrest | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Johnson, Michael | | | | | Federal Express Corporation | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | FedEx Ground Package System, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _Cheeley, Robert Law_        **Bar Number** _122727_        **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

| **General Civil Cases** | **Domestic Relations Cases** |
|---|---|
| ☑ **Automobile Tort** | ☐ **Adoption** |
| ☐ **Civil Appeal** | ☐ **Contempt** |
| ☐ **Contract** |    ☐ **Non-payment of child support, medical support, or alimony** |
| ☐ **Contempt/Modification/Other Post-Judgment** | ☐ **Dissolution/Divorce/Separate Maintenance/Alimony** |
| ☐ **Garnishment** | ☐ **Family Violence Petition** |
| ☐ **General Tort** | ☐ **Modification** |
| ☐ **Habeas Corpus** |    ☐ **Custody/Parenting Time/Visitation** |
| ☐ **Injunction/Mandamus/Other Writ** | ☐ **Paternity/Legitimation** |
| ☐ **Landlord/Tenant** | ☐ **Support – IV-D** |
| ☐ **Medical Malpractice Tort** | ☐ **Support – Private (non-IV-D)** |
| ☐ **Product Liability Tort** | ☐ **Other Domestic Relations** |
| ☐ **Real Property** | |
| ☐ **Restraining Petition** | |
| ☐ **Other General Civil** | |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
    **Case Number**                          **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

ID# E-3VKRN2RZ-LWP
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-3285**

**OCT 03, 2022 12:46 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

KAREN JOHNSON and MICHAEL
JOHNSON,

*Plaintiffs*,

v.

FEDERAL EXPRESS CORPORA-
TION, FEDEX GROUND PACKAGE
SYSTEM, INC., and FORREST
WALKER,

*Defendants*.

Civil Action No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs Karen and Michael Johnson sue Federal Express Corporation,

FedEx Ground Package System, Inc. (collectively, "FedEx"), and Forrest Walk-

er for negligence and loss of consortium.

### Introduction

1.      Walker was driving for FedEx when he hit Mrs. Johnson with the

FedEx truck and ran over her, leaving her with a shattered arm and a trau-

matic brain injury. The Johnsons sue to recover for their damages.

### Parties, Jurisdiction & Venue

2.      Plaintiffs Karen and Michael Johnson are adult citizens and resi-

dents of the State of Georgia. The Johnsons are married and were married at

all relevant times. By filing this complaint, they avail themselves of this

Court's jurisdiction and venue.



3.      Defendant Federal Express Corporation is a Delaware corporation that does business in Georgia. FedEx has dozens of stores in Georgia, and it has been registered to do business here for over 30 years. The Court has personal jurisdiction over FedEx under Georgia's long-arm statute because it does business here and committed torts here. OCGA § 9-10-91(1)–(2). Exercising personal jurisdiction over FedEx comports with due process. Under OCGA § 9-11-4(d)(2), FedEx may waive service of process and, in fact, has "a duty to avoid unnecessary costs" of service. If it refuses to waive service, FedEx may be served through its registered agent, The Corporation Company (FL), at 106 Colony Park Drive, Suite 800-B, in Cumming, Georgia 30040.

4.      Defendant FedEx Ground Package System, Inc. is a Delaware corporation that does business in Georgia. FedEx has dozens of stores in Georgia, and it has been registered to do business here for over 30 years. The Court has personal jurisdiction over FedEx under Georgia's long-arm statute because it does business here and committed torts here. OCGA § 9-10-91(1)–(2). Exercising personal jurisdiction over FedEx comports with due process. Under OCGA § 9-11-4(d)(2), FedEx may waive service of process and, in fact, has "a duty to avoid unnecessary costs" of service. If it refuses to waive service, FedEx may be served through its registered agent, The Corporation Company (FL), at 106 Colony Park Drive, Suite 800-B, in Cumming, Georgia 30040.

5.      Defendant Forrest Walker is an adult citizen and resident of Cobb County, Georgia. The Court has personal jurisdiction over him. At all relevant

times, he was FedEx's agent, employee, or both. He may be served with process at his Cobb County residence—1095 Frog Leap Trail, Kennesaw, Georgia 30152—or wherever else he may be found and served.

6.      The Court has subject-matter jurisdiction under OCGA § 15-7-4.

7.      Venue is proper in Cobb County under Georgia Constitution article VI, § II, ¶ VI and OCGA § 9-10-31 because Walker resides here.

## Factual Background

8.      On November 27, 2020, at about 4:00 p.m., Mrs. Johnson was walking on Langford Loop, the street she lives on in Carroll County, Georgia. Mrs. Johnson is 67 years old.

9.      Langford Loop is a single-lane road that stems off East Buckhorn Road, and, as the name suggests, it has a loop at the end. Langford Loop has no sidewalks. All traffic on Langford Loop goes to the end of the loop, uses the designated turn around, and exits by driving forward—never in reverse.

10.      While Mrs. Johnson was walking, the FedEx truck was parked on Langford Loop facing towards the turnaround loop. Walker hurried back to the truck and—without any warning, no horn, no backing signal—threw the truck in reverse and ran over Mrs. Johnson, violating Georgia law and FedEx policy.

11.      Mrs. Johnson yelled, "STOP," and instinctively raised her left arm. But the truck hit her, crushing her arm and wrist, and punching a shattered bone through her skin. The truck didn't stop until one of the rear wheels was inches from Mrs. Johnson's head.

12. Mrs. Johnson sustained serious physical and psychological injuries because of Walker and FedEx's negligence:



So far, she has incurred over $120,000 in medical expenses. Her left wrist and arm will never be the same again. She also has a traumatic brain injury.

### Causes of Action
### Count I—Negligence

13. The Johnsons incorporate the allegations from paragraph 1–12 here.

14. At all relevant times, Walker was FedEx's agent, employee, or both, acting within the course and scope of his agency or employment with FedEx, and furthering FedEx's business. FedEx is thus liable for Walker's negligence under OCGA § 51-2-2. So FedEx is liable for its own negligence, and it is vicariously liable for Walker's negligence.

15. FedEx and Walker have a duty to operate commercial motor vehicles safely. At a minimum, they must exercise ordinary care. FedEx and Walk-

er are also dutybound to follow federal safety regulations and Georgia laws. Those duties include having the knowledge and skills that 49 CFR § 383.11 and 383.113 require and complying with §§ 390–395.

16.    FedEx and Walker breached their duties by, among other things—

- failing to keep a proper lookout (OCGA § 40-6-241),

- starting a parked vehicle without reasonable safety (OCGA § 40-6-122),

- backing unsafely (OCGA § 40-6-240),

- failing to exercise due care for pedestrians (OCGA § 40-6-93),

- driving on the wrong side of the road (OCGA § 40-6-40),

- causing a serious injury to a pedestrian (OCGA § 40-6-77), and

- driving with reckless disregard for others' safety (OCGA § 40-6-390).

17.    Those statutes and regulations are intended to protect people such as the Johnsons from the kind of harm they suffered.

18.    By violating those statutes, FedEx and Walker have shown an entire want of care under OCGA § 51-12-5.1 that raises the presumption of conscious indifference to the consequences, entitling the Johnsons to punitive damages. The same conduct also justifies awarding them attorney's fees under OCGA § 13-6-11 for FedEx and Walker's bad faith.

19.    As a direct and proximate result of FedEx and Walker's wrongs, the Johnsons suffered damages in an amount to be proven at trial and determined by the jury's enlightened conscience.

### Count II—Negligent Hiring, Training, and Supervision

20.    The Johnsons incorporate the allegations from paragraph 1–19 here.

21.    FedEx must exercise ordinary care in hiring, training, and supervising its agents and employees, including Walker. FedEx breached that duty by failing to exercise ordinary care in hiring, training, and supervising Walker.

22.    As a direct and proximate result of FedEx's wrongs, the Johnsons suffered damages in an amount to be proven at trial and determined by the jury's enlightened conscience.

### Count III—Loss of Consortium

23.    Mr. Johnson incorporates the allegations from paragraph 1–22 here.

24.    At all relevant times, Mr. Johnson and Mrs. Johnson were married. They are still married.

25.    Under OCGA § 51-1-9, Mr. Johnson may recover for torts committed against Mrs. Johnson. To that end, Mr. Johnson may recover for the loss of love, society, companionship, and comfort that FedEx and Walker's negligence wrought.

26.    As a direct and proximate result of FedEx and Walker's wrongs, Mr. Johnson suffered damages in an amount to be determined by the jury's enlightened conscience.

### Count III—Litigation Expenses

27.     The Johnsons incorporate the allegations from paragraph 1–26 here.

28.     Under OCGA § 13-6-11, the Johnsons are entitled to attorney's fees and litigation expenses. FedEx and Walker have acted in bad faith and have caused the Johnsons unnecessary trouble and expense.

### Prayer for Relief

WHEREFORE, the Johnsons demand judgment and pray for the following relief:

(a)     That the Court issue summonses, and that service of process be had on FedEx and Walker;

(b)     That the Court enter judgment awarding the Johnsons all compensatory and punitive damages that law allows, including those under OCGA § 51-12-5.1 and other applicable law;

(c)     That the Court enter judgment awarding the Johnsons reasonable attorney's fees and litigation expenses, including those under OCGA § 13-6-11 and other applicable law;

(d)     That all costs be taxed against FedEx and Walker; and

(e)     For any other relief needed to do justice.

### Jury Demand

The Johnsons demand a jury trial.

COMPLAINT                                                                    Page—7

Dated:  October 3, 2022    Respectfully submitted,

/s/ *Robert D. Cheeley*
Robert D. Cheeley
Georgia Bar No. 122727
Andre T. Tennille III
Georgia Bar No. 940510
CHEELEY LAW GROUP, LLC
2500 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009
(770) 814-7001
bob@cheeleylawgroup.com
dre@cheeleylawgroup.com

Preston Haliburton
Georgia Bar No. 142222
HALIBURTON LAW FIRM
310 A Newnan Street
Carrollton, Georgia 30117
(404) 237-8246
prestonhaliburton@gmail.com

*Counsel for Plaintiffs*

DISCOVERY SERVED
WITH COMPLAINT

ID# E-3VKRN2RZ-MPW
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-3285

OCT 03, 2022 12:46 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

KAREN JOHNSON and MICHAEL
JOHNSON,

    *Plaintiffs*,

v.

FEDERAL EXPRESS CORPORA-
TION, FEDEX GROUND PACKAGE
SYSTEM, INC., and FORREST
WALKER,

    *Defendants*.

Civil Action No. _____

DISCOVERY SERVED WITH
COMPLAINT

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

Under OCGA § 9-11-34, please produce the following documents and things.

### Instructions

These requests are directed to each defendant, so please answer separately for each defendant. Please include the text of the request with your response. But please do not incorporate your responses to other requests by reference; doing so makes it difficult to discern what the response is and whether it is complete. If you have no information responsive to a request or cannot respond to a request fully, please say so in your response and respond as fully as you can. If you object to a request in whole or in part, please state in your response whether you are withholding information based on the objection. Finally, please bates number your document production, and include responsive bates numbers in your responses.



**Definitions**

1.    "<u>Defendants</u>," "<u>you</u>," and "<u>your</u>" mean Defendants Federal Express Corporation, FedEx Ground Package System, Inc., Forrest Walker, and any combination of any number thereof, including their agents, attorneys, representatives, and all others who have or have had possession, custody, or control over information for or on behalf of those individuals or entities. "Walker" means Defendant Forrest Walker.

2.    "<u>Plaintiffs</u>" mean Plaintiff Karen and Michael Johnson.

3.    The "<u>subject incident</u>" means the November 27, 2020 incident described in the Complaint.

4.    "<u>Document</u>" means writings, drawings, graphs, charts, photos, phonorecords, videos, and other data compilations from which information may be obtained, including all tangible things and electronically stored information. The term "documents" shall be construed to reach the maximum scope of discovery permitted under the Georgia Civil Practice Act.

5.    "<u>Person</u>" means any natural person or entity, including associations, companies, corporations, groups, organizations, proprietorships, syndicates, ventures, and so on.

6.    "<u>Refer to</u>," "<u>reflect</u>," "<u>relate to</u>," "<u>about</u>," and any conjugation of those terms or phrases must be construed in their broadest sense consistent with the Georgia Civil Practice Act, meaning describing, setting forth,

discussing, mentioning, commenting upon, supporting, contradicting, negating, or having anything to do with the topic in question, in whole or in part.

7.      The terms "_and_" as well as "_or_" must be construed conjunctively and disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

8.      Whenever necessary to bring within the scope of a request any information that would otherwise be construed as outside its scope, one verb tense must be construed as including all other tenses; the singular must be construed as including the plural and vice versa; "any" includes "all," and "all" includes "any"; and any variation of a word will be defined as set out in these Definitions.

9.      These Definitions are intended to reach the maximum scope of discovery permitted under the Georgia Civil Practice Act—nothing more. They may not be used to construe any request so that otherwise discoverable information is not within its scope. And they may not be used to construe any request as ambiguous, overly broad, vague, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

## Requests

Please produce true, accurate, and complete copies of the following:

### *The Subject Incident*

1.      All incident reports (whatever the name) about the subject incident, including any documents related to accident preventability.

2.      All photos, videos, drawings, and any other documents related to the subject incident, including demonstrative evidence.

3.      Walker's driver's logs (whatever the name) for October 27, 2020 through November 27, 2020.

4.      All GPS data on the truck Walker was driving for October 27, 2020 through November 27, 2020.

5.      Walker's cellphone call records and text records for November 27, 2020.

6.      Documents sufficient to show every application that Walker had open, running, or both on his cellphone when the subject incident occurred.

### Handbooks & Training Materials

7.      For the last five years, all driver handbooks and training materials, including videos, slide presentations, electronic documents, and computer simulations.

### Policies & Procedures

8.      For the last five years, all policies and procedures about pedestrian safety and any documents that mention pedestrian safety.

9.      For the last five years, all policies and procedures about backing or reversing safety and any documents that mention backing or reversing safety.

10.     For the last five years, all policies and procedures about situational awareness and any documents that mention situational awareness.

11.     For the last five years, all documents that contain industry standards for pedestrian safety, backing safety, or both.

12.     The 2019 and 2020 Facts for Drivers books and written exams for TDC competitions.

13.     For the last five years, all policies and procedures related to driver hiring, retention, and supervision.

14.     For the last five years, all policies and procedures related to accident preventability, including documents created by nonparties such as J.J. Keller & Associates, Inc. and trucking associations.

15.     For the last five years, all policies and procedures related to the National Transportation Safety Board, Federal Motor Carrier Safety Administration, or both.

*Background*

16.      Walker's entire personnel file, including all driver-qualification documents, drug- and alcohol-test results, and driving history.

17.     Walker's commercial driver's license.

18.     All documents related to hiring, training, and supervising Walker.

*Witnesses*

19.     All written or otherwise recorded statements by any witnesses in this case.

20.     All communications with any person (other than your lawyers) about this case.

21.     All communications with witnesses in this case.

22.     All documents related to statements, communications, or both by or with any witnesses in this case.

23.     All documents related to any experts who have investigated any issue related to the subject incident, Plaintiffs' claims or damages, your defenses, or any other issue in this case.

24.     All documents submitted to or received from any expert in this case.

25.     For each testifying expert, please provide his or her entire file, fee contract, resume, publication list, all written communications with the expert, a list of all matters in which the expert has provided testimony in the last five years, and any documents related to the subject matter, opinions, or both about which the expert is expected to testify.

*Contentions & Defenses*

26.     Documents sufficient to show that Walker meets the IRS's independent-contractor test, if you contend that he is an independent contractor.

27.     All documents corroborating or undermining the factual statements in your answer.

28.     All documents corroborating or undermining the affirmative defenses in your answer.

*Miscellaneous*

29.    All documents you send to or receive from nonparties in this matter, including formal discovery requests and informal communications.

30.    All documents related to Plaintiffs' activities, disabilities, or health after the subject incident, including surveillance photos and videos.

31.    All documents you relied on in responding to Plaintiffs' interrogatories, requests for production, or both.

32.    Every document you intend to use at trial, in any hearing, or for motion practice in this matter.

Dated: October 3, 2022          Respectfully submitted,

/s/ *Robert D. Cheeley*
Robert D. Cheeley
Georgia Bar No. 122727
Andre T. Tennille III
Georgia Bar No. 940510
CHEELEY LAW GROUP, LLC
2500 Old Milton Parkway
Suite 200
Alpharetta, Georgia 30009
(770) 814-7001
bob@cheeleylawgroup.com
dre@cheeleylawgroup.com

Preston Haliburton
Georgia Bar No. 142222
HALIBURTON LAW FIRM
310 A Newnan Street
Carrollton, Georgia 30117
(404) 237-8246
prestonhaliburton@gmail.com

*Counsel for Plaintiffs*

ID# E-3VKRN2RZ-5VW
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-3285**

OCT 03, 2022 12:46 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

KAREN JOHNSON and MICHAEL
JOHNSON,

    *Plaintiffs*,

v.

FEDERAL EXPRESS CORPORA-
TION, FEDEX GROUND PACKAGE
SYSTEM, INC., and FORREST
WALKER,

    *Defendants*.

Civil Action No. _____

DISCOVERY SERVED WITH
COMPLAINT

## PLAINTIFFS' FIRST INTERROGATORIES
## TO DEFENDANTS

Under OCGA § 9-11-33, please answer the following interrogatories un-

der oath.

### Instructions

These interrogatories are directed to each defendant, so please answer

separately for each defendant. Please include the text of the interrogatory with

your response. But please do not incorporate your responses to other interroga-

tories by reference; doing so makes it difficult to discern what the response is

and whether it is complete. If you have no information responsive to an inter-

rogatory or cannot respond fully, please say so in your response and respond as

fully as you can. If you object to an interrogatory in whole or in part, please state

in your response whether you are withholding information based on the objec-

tion. If you opt to produce documents under OCGA § 9-11-33(c), please include

bates numbers of responsive documents.



**Definitions**

1.    "<u>Defendants</u>," "<u>you</u>," and "<u>your</u>" mean Defendants Federal Express Corporation, FedEx Ground Package System, Inc., Forrest Walker, and any combination of any number thereof, including their agents, attorneys, representatives, and all others who have or have had possession, custody, or control over information for or on behalf of those individuals or entities. "FedEx" means Defendants Federal Express Corporation and FedEx Ground Package System, Inc., including their parents, siblings, and subsidiaries. "Walker" means Defendant Forrest Walker.

2.    "<u>Plaintiffs</u>" mean Plaintiff Karen and Michael Johnson.

3.    The "<u>subject incident</u>" means the November 27, 2020 incident described in the Complaint.

4.    "<u>Document</u>" means writings, drawings, graphs, charts, photos, phonorecords, videos, and other data compilations from which information may be obtained, including all tangible things and electronically stored information. The term "documents" shall be construed to reach the maximum scope of discovery permitted under the Georgia Civil Practice Act.

5.    To "<u>identify</u>" a person means to provide the person's full legal name, current address, email or web address, telephone number, and employer. To "identify" a communication means to identify who made the communication and to whom it was made (including the identity those who may have heard or read it), when it was made, where it was made, and how it was made. To

"identify" a document means to describe its subject matter, to identify who created it and to whom it was directed (including the identity of all addressees and recipients), when it was made, and where it was made.

6.    "Person" means any natural person or entity, including associations, companies, corporations, groups, organizations, proprietorships, syndicates, ventures, and so on.

7.    "Refer to," "reflect," "relate to," "about," and any conjugation of those terms or phrases must be construed in their broadest sense consistent with the Georgia Civil Practice Act, meaning describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, negating, or having anything to do with the topic in question, in whole or in part.

8.    The terms "and" as well as "or" must be construed conjunctively and disjunctively as necessary to bring within the scope of the interrogatory all information that might otherwise be construed to be outside its scope.

9.    Whenever necessary to bring within the scope of an interrogatory any information that would otherwise be construed as outside its scope, one verb tense must be construed as including all other tenses; the singular must be construed as including the plural and vice versa; "any" includes "all," and "all" includes "any"; and any variation of a word will be defined as set out in these Definitions.

10.    These Definitions are intended to reach the maximum scope of discovery permitted under the Georgia Civil Practice Act—nothing more. They may

not be used to construe any interrogatory so that otherwise discoverable information is not within its scope. And they may not be used to construe any interrogatory as ambiguous, overly broad, vague, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

## Interrogatories

### The Subject Incident

1.    Please describe the subject incident in detail—including who, what, when, where, why, and how.

2.    Did Walker have a cellphone in the truck or on his person on November 27, 2020? If so, please identify every application that was open, running, or both on the cellphone from 3:00–5:00 p.m. that day.

3.    Did Walker have headphones in the truck or on his person on November 27, 2020? Please state "Yes" or "No" and, if you answered "Yes," please explain where they were and whether he was using them between 3:00 and 5:00 p.m. that day.

### Handbooks & Training Materials

4.    For the last five years, please identify all driver handbooks and training materials, including videos, slide presentations, electronic documents, and computer simulations.

*Policies & Procedures*

5.     For the last five years, please identify all policies and procedures related to pedestrian safety, backing safety, situational awareness, or any combination of any number of those topics.

6.     For the last five years, please identify all policies and procedures related to accident preventability, including post-incident preventability analyses.

*Industry Standards*

7.     For the last five years, please identify all industry standards related to pedestrian safety, backing safety, situational awareness, or any combination of an number of those topics.

*Hiring, Training & Supervision*

8.      Please identify the people who hired, trained, and supervised Walker, including on November 27, 2020.

*Witnesses*

9.     Please identify the person at FedEx with the most knowledge of driving safety, pedestrian safety, and route planning for delivery drivers.

10.     Please identify the person at FedEx who drover Walker's route before he did.

11.     Please identify all witnesses who have or may have information about the subject incident, Plaintiffs' claims, damages, or both, your defenses, or any other issue in this case. For each person identified, please—

(a)     provide the basis of the person's knowledge (e.g., party, eyewitness, etc.);

(b)     state whether he or she has made a statement about any issue in this case;

(c)     state whether the statement was oral, written, or recorded; and

(d)     identify the statement's custodian.

12.     Please state whether you have any witness statements, notes containing witness statements, or both, including any statements Plaintiffs may have made. If you do have witness statements or notes containing witness statements, please identify them.

13.     Please identify your expert witnesses who will or may testify at trial or in any hearing, and provide this information about each expert:

(a)     a description of the subject matter about which the expert will testify;

(b)     a summary of the expert's opinions and the grounds for each opinion;

(c)     a list of all documents that the expert prepared;

(d)     a list of all documents exchanged with the expert, including reports and billing statements;

(e)     an itemized summary of how much the expert has been or will be paid;

(f)     a list of cases in which the expert has prepared an expert report, has been deposed, or has testified in a hearing or at trial;

(g)     a list of cases in which the expert's opinion has been challenged under OCGA § 24-7-702, Federal Rule of Evidence 702, or other law.

## *Other Incidents*

14.     For the last 10 years, please list every incident (date, name, location, injury) in which Walker or any of your other drivers backed into a pedestrian or bicyclist.

15.     For the last 10 years, please list every legal proceeding that involved Walker or any of your drivers colliding with a pedestrian or bicyclist, including the styles of the case, the case number, and the case disposition.

## *Contentions & Defenses*

16.     Do you contend that the Court lacks personal jurisdiction over you? If so, please identify every document in your possession, custody, or control that mentions *Cooper Tire & Rubber Co. v. McCall*, 312 Ga. 422 (2021), *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021), or both.

17.     Do you contend that you were improperly or untimely served with process? If so, please state the facts that corroborate or undermine those contentions.

18.     Do you contend that venue is improper here? If so, please state the facts that corroborate or undermine that contention.

19.     Do you contend that you have been improperly named as a party here? If so, please identify the correct corporate party or parties here.

20.     Do you contend that Plaintiffs violated any statutes making them comparatively negligent per se? If so, please identify those statutes, and list the facts corroborating or undermining your contentions.

21.     Do you seek to apportion damages to any nonparties? If so, please identify those nonparties and describe in detail how and to what extent those nonparties contributed to Plaintiffs' damages.

Dated: October 3, 2022          Respectfully submitted,

/s/ *Robert D. Cheeley*
Robert D. Cheeley
Georgia Bar No. 122727
Andre T. Tennille III
Georgia Bar No. 940510
CHEELEY LAW GROUP, LLC
2500 Old Milton Parkway
Suite 200
Alpharetta, Georgia 30009
(770) 814-7001
bob@cheeleylawgroup.com
dre@cheeleylawgroup.com

Preston Haliburton
Georgia Bar No. 142222
HALIBURTON LAW FIRM
310 A Newnan Street
Carrollton, Georgia 30117
(404) 237-8246
prestonhaliburton@gmail.com

*Counsel for Plaintiffs*

# CHEELEY LAW GROUP, LLC

### Trial Lawyers
www.cheeleylawgroup.com

2500 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009

**ID# E-ALA5V4GW-EUN**
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-3285**

**NOV 09, 2022 01:51 PM**

Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

ROBERT D. CHEELEY
*bob@cheeleylawgroup.com*

Phone: 770.814.7001
Fax:    678.559.0273

## NOTICE OF LEAVE OF ABSENCE

To:        All Judges, Clerks of Court, and Counsel of Record

From:      Robert D. Cheeley Esq.

Subject:   Notice of Leave of Absence

Date:      November 9, 2022

  Comes now Robert D. Cheeley and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

  1. The period of leave during which time Applicant will be away from the practice of law is from January 28 to February 2, 2023. The purpose of the leave is family vacation.

  2. All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

     */s/ Robert D. Cheeley*
     Robert D. Cheeley
     Georgia Bar No. 122727

     **CHEELEY LAW GROUP, LLC**
     2500 Old Milton Pkwy, Suite 200
     Alpharetta, Georgia 30009
     (770)814-7001
     bob@cheeleylawgroup.com



**CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the foregoing Notice of Leave of Absence upon all judges, clerks and opposing counsel listed on the attached Exhibit A, by electronic filing and/or by depositing the same in the U.S. Mail with adequate postage affixed thereto.

Respectfully submitted, this 9th day of November, 2022.

*/s/ Robert D. Cheeley*
Robert D. Cheeley
Georgia Bar No. 122727

**CHEELEY LAW GROUP, LLC**
2500 Old Milton Pkwy, Suite 200
Alpharetta, Georgia 30009
(770)814-7001
bob@cheeleylawgroup.com

**EXHIBIT A**

| Case Name<br>Case Number | Judge, Court,<br>County | Counsel of Record |
|---|---|---|
| *Bryant v. Wal-Mart Stores East, LP, et al.*<br><br>No. 2021V-0274 | Rhonda B. Kreuziger, Judge<br><br>Fayette County Superior Court | Leslie P. Becknell<br>Georgia Bar No: 046320<br>777 Gloucester Street, Suite 305<br>Brunswick, GA 31520<br>Ph: (912) 431-3036<br>Email: Lbecknell@deflaw.com<br>Hall F. McKinley<br>Georgia Bar No. 495512<br>Michael L. Miller<br>Georgia Bar No. 50801<br>Kendra Talley<br>Georgia Bar No. 113334<br>303 Peachtree Street, NE<br>Suite 3500 Atlanta, GA 30308<br>Ph: (404) 885-1400<br>mckinleyh@deflaw.com<br>millerm@deflaw.com<br>talleyk@deflaw.com |
| *Butler v. Nationwide Mutual et al.*<br><br>No. 1:21-cv-02138-MLB | Michael L. Brown, Judge<br><br>United States District Court for the Northern District of Georgia | Philip W. Savrin<br>Jessica C. Samford<br>Freeman Mathis & Gary, LLP<br>100 Galleria Parkway, Suite 1600<br>Atlanta, GA 30339-5948<br>D: 770-818-1405 C: 678-525-6175<br>psavrin@fmglaw.com<br>jsamford@fmglaw.com |
| *Dunn v. Sierra Hard Surfaces Samples, Inc., et al.*<br><br>No. 21-CI-0457 | Cindy Morris, Judge<br><br>Murray Superior Ct. | Chares M. Medlin<br>GA Bar No. 500688<br>Bovis, Kyle, Burch & Medlin, LLC<br>200 Ashford Center North, Suite 500<br>Atlanta, GA 30338-2680<br>T: 770-391-9100 F: 770-668-0878<br>cmm@boviskyle.com |
| *eCBI Warner, LLC v. Patrick, et al.*<br><br>No. 2020V123145A | Katherine K. Lumsden, Judge<br><br>Houston Superior Ct. | Matthew H. Bennett<br>Georgia Bar No. 123408<br>1012 Memorial Drive, Suite 13<br>Griffin, Georgia 30224<br>T: (678) 688-3554 F: (678) 688-3555<br>Email: mhb@bennettlawofficellc.com |

| | | |
|---|---|---|
| *Favorito v. Fulton County*<br><br>No. 2020CV343938 | Brian Amero, Chief Judge<br><br>Fulton Superior Ct. | Cheryl Ringer, Esq.<br>Cheryl.Ringer@fultoncountyga.gov<br>David R. Lowman, Esq.<br>David.Lowman@fultoncountyga.us<br>Steve Rosenberg, Esq.<br>Steven.Rosenberg@fultoncountyga.gov<br>141 Pryor Street, Suite 4038<br>Atlanta, Georgia 30303<br><br>Gagan Vaideeswaran, Esq.<br>Gagan.Vaideeswaran@fultoncountyga.gov<br>Dominique Martinez, Esq.<br>Dominique.Martinez@fultoncountyga.gov<br>141 Pryor Street, Suite 4038<br>Atlanta, Georgia 30303<br><br>C. David Joyner, Esq.<br>djoyner@cdavidjoynerpc.com<br>C. DAVID JOYNER, P.C.<br>1305 Mall of Georgia, Suite 130<br>Buford, Georgia 30519<br><br>Donald F. Samuel, Esq.<br>dfs@gsllaw.com<br>Amanda Clark Palmer, Esq.<br>aclark@gsllaw.com<br>GARLAND, SAMUEL LOEB, P.C.<br>31151 Maple Drive, N.E.<br>Atlanta, Georgia 30305<br><br>Paul C. Kunst, Esq.<br>341quicklube@bellsouth.net<br>941 Thomaston Street<br>Barnesville, GA 30204<br><br>Todd A. Harding, Esq.<br>kamikazehitman@comcast.net<br>Maddox & Harding, LLC<br>113 E. Solomon Street<br>Griffin, Georgia 30223 |
| *Griffin v. Williams Forestry Products, Inc., et al.*<br><br>No. 2022CV094 | Richard Perryman III, Judge<br><br>Cook County Superior Court | Dennis B. Keene<br>John D. Harvey<br>Gregory L. Finch<br>BOUHAN FALLIGANT LLP<br>P.O. Box 2139 |

| | | |
|---|---|---|
| | | Savannah, Georgia 31402<br>dkeene@bouhan.com<br>jdharvey@bouhan.com<br>glfinch@bouhan.com |
| *Hendrix v. Alegre, et al.*<br><br>No. 2:21-cv-00114-RWS | Judge Richard W. Story<br><br>United States District Court<br><br>Northern District of Georgia | Alain P. Fernandez, Esq.<br>Georgia Bar No. 684293<br>Michael D. Hostetter, Esq.<br>Georgia Bar No. 368420<br>MHostetter@nallmiller.com<br>235 W. Peachtree St., NW, Suite 1500<br>Atlanta, Georgia 30303<br>T: 404-522-2200 F: 404-522-2208 |
| *Huff v. Teo Sr.*<br><br>No. 18-007708, Division 07 | Jack Tuter, Judge<br><br>Circuit Court of the 17th Judicial Circuit, Broward County, FL<br><br>District Court of Appeal of the State of Florida, Fourth District | Craig S. Barnett, Esq.,<br>Chelsea E. Koff, Esq.,<br>Eugene E. Stearns, Esq.,<br>David T. Coulter, Esq.<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.<br>150 West Flagler Street, Suite 220<br>Miami, FL 33130<br>cbarnett@stearnsweaver.com<br>ckoff@stearnsweaver.com<br>estearns@stearnsweaver.com<br>dcoulter@stearnsweaver.com<br><br>Kara Rockenbach Link<br>Link & Rockenbach, PA<br>1555 Palm Beach Lakes Blvd.,<br>Ste 930<br>West Palm Beach, FL 33401<br>kara@linkrocklaw.com |
| *Johnson v. Walker, Federal Express, et al.*<br><br>No. 22-A-3285 | Allison B. Salter, Judge<br><br>Cobb State Court | 2 Defendants have been served, but not yet filed their answers; 3rd defendant not yet served |
| *Jones v. Board of Regents of the University System of Georgia*<br><br>No. STCV2019006003 | Alan W. Thrower, Judge<br><br>Baldwin County State Court | Kathleen S. Turnipseed<br>Asst. Atty. General, State of Georgia Department of Law<br>40 Capitol Square, SW<br>Atlanta, GA 30334-1300 Telephone: 404-656-3370 kturnipseed@law.ga.gov |

| | | |
|---|---|---|
| *Miles v. Sentry Select, et al.*<br><br>No. 22-C-05368-S4 | Ronda Colvin Leary, Judge<br><br>Gwinnett County State County | Paschal Glavinos, Esq.<br>Scott W. McMickle, Esq.<br>McMickle, Kurey & Branch, LLP217<br>Roswell St., Ste 200<br>Alpharetta, GA  30009<br>pglavinos@mkblaw.com<br>swm@mkblaw.com<br>678.824.7800 |
| *Naramore v. Builders Firstsource, Inc., et al.*<br><br>No. 21-C-06578-S2 | Judge Shawn F. Bratton<br><br>Gwinnett County State Court | Richard H. Hill, II<br>J. Alex Prescott<br>Weinberg Wheeler Hudgins Gunn & Dial<br>3344 Peachtree Road NE, Suite 2400<br>Atlanta, GA 30326<br>D: 404.832.9534 \| F: 404.875.9433<br>rhill@wwhgd.com<br>aprescott@wwhgd.com |
| *Perdue v. Barron, et al.*<br><br>No. 21CV357748 | Judge Robert C.I. McBurney<br><br>Fulton County Superior Court | David Joyner, Esq.<br>C. DAVID JOYNER, PC<br>1305 Mall of Georgia Blvd., Suite 130<br>Buford, GA 30519<br>djoyner@cdavidjoynerpc.com<br><br>Donald F. Samuel, Esq.<br>GARLAND, SAMUEL & LOEB<br>3151 Maple Drive, NE<br>Atlanta, GA 30305<br>dfs@gsllaw.com<br><br>Cheryl Ringer, Esq,<br>OFFICE OF THE FULTON CO ATTORNEY<br>141 Pryor Street, Suite 4038<br>Atlanta, GA 30303<br>Cheryl.Ringer@fultoncountyga.gov |
| *Randolph v. Perez*<br><br>No. 22-A-03286 | Kimberly A. Alexander, Judge<br><br>Dekalb County State County | Kristen J. Medwick<br>Worsham, Corsi, Dobur & Berss<br>P.O. Box 674027<br>Marietta, GA 30006<br>(770) 240-9388<br>kristen_medwick@progressive.com |
| *Phillips v. Atlanta Orthopedic Specialists, et al.* | Judge Patsy Porter | Jonathan C. Peters, Esq.<br>Jeffrey A. Peters, Esq.<br>PETERS & MONYAK, LLP |

| | | |
|---|---|---|
| No. 15EV002411 | Fulton County State Court | Blackstone Center<br>1777 Northeast Expressway NE, Suite 100<br>Atlanta, GA 30329<br>Email: jpeters@petersmonyak.com |
| *Smith v. Giraldo*<br><br>No. 22SCE0529 | A Dee Morris, Judge<br><br>Cherokee County State Court | Lori Brennan<br>Lynn Leonard & Associates<br>2400 Century Parkway, Ste 200<br>Atlanta, GA 30345 |
| *Jarrard v. Suddeth Family Limited Partnership (Taylor II)*<br><br>No. 21SC-0977-B | T. Russell McClelland, Judge<br><br>Forsyth County State Court | The Schermerhorn Firm, LLC<br>J. Tyler Schermerhorn<br>Georgia Bar No. 264709<br>2860 Piedmont Rd, N.E. Suite 110<br>Atlanta, GA 30305<br>(404)596-4462 (phone)<br>(404)596-4463 (facsimile)<br>tyler@tsjustice.com |
| *Turner v. Walmart, Inc.*<br><br>No. ST21CV0690 | Judge Charles E. Auslander, III<br><br>Clarke County State Court | Drew, Eckl & Farnham, LLP<br>Garret W. Meader<br>777 Gloucester Street, Suite 305<br>Brunswick, Georgia 31520<br>(912) 280-9662<br>meaderg@deflaw.com |
| *Williams v. Wal-mart, et al.*<br><br>No. 18-C-09800-S1 | Judge Emily J. Brantley<br><br>Gwinnett County State Court | Robert Hill<br>Mclain & Merritt<br>3445 Peachtree Road, NE Suite 500<br>Atlanta, GA 30326<br>(404) 266-9171<br>bhill@mmatllaw.com |
| *Wooten v. Ford Motor Company*<br><br>No. 5:22-ev-00209-MTT | Marc T. Treadwell, Chief U.S. District Judge<br><br>United States District Court Middle District of Georgia Macon Div. | Frederick N. Sager, Jr., Esq.<br>Lindsay G. Ferguson, Esq.<br>Michael N. Weathington. Esq.<br>WEINBERG, WHEELER, HUDGINS, GUNN, & DIAL, LLC<br>344 Peachtree Road, NE, Suite 2400<br>Atlanta, GA 30326<br>rsager@wwhgd.com<br>lferguson@wwhgd.com<br>mweathington@wwhgd.com<br><br>Michael R. Boorman, Esq.<br>Paul E. Petersen, III, Esq.<br>WATSON, SPENCE, LLP |

|  |  | 999 Peachtree Street, N.E., Suite 1130<br>Atlanta, GA 30309<br>mboorman@watsonspence.com<br>ppetersen@watsonspence.com<br><br>Cale Conley, Esq.<br>Davis Popper, Esq.<br>L'Zandra Jones, Esq.<br>Conley Griggs Partin, LLP<br>4300 Northside Parkway, NW<br>Bldg One, Ste 300<br>Atlanta, GA  30327 |

# CHEELEY LAW GROUP, LLC

### Trial Lawyers
www.cheeleylawgroup.com

2500 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009

ROBERT D. CHEELEY
*bob@cheeleylawgroup.com*

ID# E-JBKRJZT4-PB5
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-3285**

**MAR 14, 2023 01:14 PM**

Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

Ph: 770.814.7001
Fx: 678.559.0273

## NOTICE OF LEAVE OF ABSENCE

To:        All Judges, Clerks of Court, and Counsel of Record

From:      Robert D. Cheeley Esq.

Subject:   Notice of Leave of Absence

Date:      March 14, 2023

Comes now Robert D. Cheeley and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.      The period of leave during which time Applicant will be away from the practice of law is from June 14 through June 16, 2023; and, August 18 through August 28, 2023. The purpose of the leave is a conference and a family vacation.

2.      All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

*/s/ Robert D. Cheeley*
Robert D. Cheeley
Georgia Bar No. 122727

**CHEELEY LAW GROUP, LLC**
2500 Old Milton Pkwy, Suite 200
Alpharetta, Georgia 30009
(770) 814-7001
bob@cheeleylawgroup.com



**CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the foregoing Notice of Leave of Absence upon all judges, clerks and opposing counsel listed on the attached Exhibit A, by electronic filing and/or by depositing the same in the U.S. Mail with adequate postage affixed thereto.

Respectfully submitted, this 14th day of March, 2023.

*/s/ Robert D. Cheeley*
Robert D. Cheeley
Georgia Bar No. 122727

**CHEELEY LAW GROUP, LLC**
2500 Old Milton Pkwy, Suite 200
Alpharetta, Georgia 30009
(770) 814-7001
bob@cheeleylawgroup.com

**EXHIBIT A**

| Case Name<br>Case Number | Judge, Court,<br>County | Counsel of Record |
|---|---|---|
| *Bryant v. Wal-Mart Stores East, LP, et al.*<br><br>No. 2021V-0274 | Rhonda B. Kreuziger, Judge<br><br>Fayette County Superior Court | Leslie P. Becknell, Esq.<br>Drew, Eckl & Farnham, LLP<br>777 Gloucester Street, Suite 305<br>Brunswick, GA 31520<br>Lbecknell@deflaw.com<br><br>Hall F. McKinley, Esq.<br>Michael L. Miller, Esq.<br>Kendra Talley, Esq.<br>303 Peachtree Street, NE<br>Suite 3500 Atlanta, GA 30308<br>mckinleyh@deflaw.com<br>millerm@deflaw.com<br>talleyk@deflaw.com |
| *Butler v. Nationwide Mutual et al.*<br><br>No. 1:21-cv-02138-MLB | Michael L. Brown, Judge<br><br>United States District Court for the Northern District of Georgia | Philip W. Savrin, Esq.<br>Jessica C. Samford, Esq.<br>Freeman Mathis & Gary, LLP<br>100 Galleria Parkway, Suite 1600<br>Atlanta, GA 30339-5948<br>psavrin@fmglaw.com<br>jsamford@fmglaw.com |
| *Dunn v. Sierra Hard Surfaces, et al.*<br><br>No. 21-CI-0457 | M. Cindy Morris, Judge<br><br>Murray County Superior Court | Chares M. Medlin, Esq.<br>Bovis, Kyle, Burch & Medlin, LLC<br>200 Ashford Center North, Suite 500<br>Atlanta, GA 30338-2680<br>cmm@boviskyle.com |
| *eCBI Warner, LLC v. Patrick, et al.*<br><br>No. 2020V123145A | Katherine K. Lumsden, Judge<br><br>Houston County Superior Court | Matthew H. Bennett, Esq.<br>1012 Memorial Drive, Suite 13<br>Griffin, GA 30224<br>mhb@bennettlawofficellc.com |
| *Favorito v. Fulton County, et al.*<br><br>No. 2020CV343938 | Brian Amero, Chief Judge<br><br>Fulton County Superior Court | Cheryl Ringer, Esq.<br>Cheryl.Ringer@fultoncountyga.gov<br>David R. Lowman, Esq.<br>David.Lowman@fultoncountyga.us<br>Steve Rosenberg, Esq.<br>Steven.Rosenberg@fultoncountyga.gov |

| | | |
|---|---|---|
| | | Gagan Vaideeswaran, Esq.<br>Gagan.Vaideeswaran@fultoncountyga.gov<br>Dominique Martinez, Esq.<br>Dominique.Martinez@fultoncountyga.gov<br>141 Pryor Street, Suite 4038<br>Atlanta, GA 30303<br><br>C. David Joyner, Esq.<br>djoyner@cdavidjoynerpc.com<br>C. DAVID JOYNER, P.C.<br>1305 Mall of Georgia, Suite 130<br>Buford, GA 30519<br><br>Donald F. Samuel, Esq.<br>dfs@gsllaw.com<br>Amanda Clark Palmer, Esq.<br>aclark@gsllaw.com<br>GARLAND, SAMUEL LOEB, P.C.<br>31151 Maple Drive, N.E.<br>Atlanta, GA 30305<br><br>Paul C. Kunst, Esq.<br>341quicklube@bellsouth.net<br>941 Thomaston Street<br>Barnesville, GA 30204<br><br>Todd A. Harding, Esq.<br>kamikazehitman@comcast.net<br>Maddox & Harding, LLC<br>113 E. Solomon Street<br>Griffin, GA 30223 |
| *Griffin v. Williams Forestry Products, et al.*<br><br>No. 2022CV094 | Richard Perryman III, Judge<br><br>Cook County Superior Court | Dennis B. Keene, Esq.<br>John D. Harvey, Esq.<br>Gregory L. Finch, Esq.<br>BOUHAN FALLIGANT LLP<br>P.O. Box 2139<br>Savannah, GA 31402<br>dkeene@bouhan.com<br>jdharvey@bouhan.com<br>glfinch@bouhan.com |
| *Hendrix v. Alegre, et al.* | Judge Richard W. Story | Alain P. Fernandez, Esq.<br>Michael D. Hostetter, Esq. |

| No. 2:21-cv-00114-RWS | | 235 W. Peachtree St., NW, Suite 1500 |
|---|---|---|
| | United States District Court Northern District of Georgia<br><br>Gainesville Div. | Atlanta, GA 30303<br>MHostetter@nallmiller.com |
| *Huff v. Teo Sr.*<br><br>No. 18-007708, Division 07 | Jack Tuter, Judge<br><br>Circuit Court of the 17th Judicial Circuit, Broward County, FL<br><br>District Court of Appeal of the State of Florida, Fourth District | Craig S. Barnett, Esq.,<br>Chelsea E. Koff, Esq.,<br>Eugene E. Stearns, Esq.,<br>David T. Coulter, Esq.<br>Stearns Weaver Miller<br>150 West Flagler Street, Suite 220<br>Miami, FL 33130<br>cbarnett@stearnsweaver.com<br>ckoff@stearnsweaver.com<br>estearns@stearnsweaver.com<br>dcoulter@stearnsweaver.com<br><br>Kara Rockenbach Link, Esq.<br>Link & Rockenbach, PA<br>1555 Palm Beach Lakes Blvd., Ste 930<br>West Palm Beach, FL  33401<br>kara@linkrocklaw.com |
| *Johnson v. Walker, Federal Express, et al.*<br><br>No. 22-A-3285 | Allison B. Salter, Judge<br><br>Cobb County State Court | Cassie D. Preston, Esq.<br>Callahan Fusco<br>160 Clairemont Ave., Ste 340<br>Decatur, GA  30030<br>cpreston@callahanfusco.com |
| *Jones v. Board of Regents of the University System of Georgia*<br><br>No. STCV2019006003 | Alan W. Thrower, Judge<br><br>Baldwin County State Court | Kathleen S. Turnipseed, Esq.<br>Asst. Atty. General, State of Georgia<br>Department of Law<br>40 Capitol Square, SW<br>Atlanta, GA 30334-1300<br>kturnipseed@law.ga.gov |
| *Tomas Miko v. Representative Vernon Jones* | Steven D. Grimberg, Judge<br><br>United States | Amith Cupta, Esq.<br>American Trial Law Litigators LLC<br>925B Peachtree St. NE Ste # 2151<br>Atlanta, GA 30309 |

| | | |
|---|---|---|
| 1:20-cv-02147-SDG | District Court<br><br>Northern District of Georgia<br><br>Atlanta Div. | amithrgupta@gmail.com<br><br>Craig Lewis Goodmark<br>Goodmark Law Firm<br>1425 A Dutch Valley Place<br>Atlanta, GA 30324<br>cgoodmark@gmail.com<br><br>Gerald R. Weber<br>PO BOX 5391<br>Atlanta, GA 31107<br>gweber@schr.org |
| *McConnell v. Collins, et al*<br><br>21-A-08397-10 | Warren P. Davis, Judge<br><br>Gwinnett County Superior Court | William H. Kitchens, Jr., Esq.<br>Wm. H. Kitchens, Jr. & Associates, LLC<br>5855 Jimmy Carter Boulevard, Suite 155<br>Norcross, GA 30071<br><br>Matthew P. Collins<br>The Collins Firm LLC<br>Five Concourse Pkwy., Suite 3000<br>Atlanta, GA 30328<br>matt@mpcollins.com |
| *Miles v. Sentry Select, et al.*<br><br>No. 22-C-05368-S4 | Ronda Colvin Leary, Judge<br><br>Gwinnett County State County | Paschal Glavinos, Esq.<br>Scott W. McMickle, Esq.<br>McMickle, Kurey & Branch, LLP 217<br>Roswell St., Ste 200<br>Alpharetta, GA  30009<br>pglavinos@mkblaw.com<br>swm@mkblaw.com |
| *Naramore v. Builders Firstsource, Inc., et al.*<br><br>No. 21-C-06578-S2 | Jaletta Long Smith, Judge<br><br>Gwinnett County State Court | Richard H. Hill, II, Esq.<br>J. Alex Prescott, Esq.<br>Weinberg Wheeler Hudgins Gunn & Dial<br>3344 Peachtree Road NE, Suite 2400<br>Atlanta, GA 30326<br>rhill@wwhgd.com<br>aprescott@wwhgd.com |
| *Perdue v. Barron, et al.*<br><br>No. 2021CV357748 | Robert C.I. McBurney, Chief Judge | David Joyner, Esq.<br>C. DAVID JOYNER, PC<br>1305 Mall of Georgia Blvd., Suite 130<br>Buford, GA 30519 |

| | Fulton County Superior Court | djoyner@cdavidjoynerpc.com<br><br>Donald F. Samuel, Esq.<br>GARLAND, SAMUEL & LOEB<br>3151 Maple Drive, NE<br>Atlanta, GA 30305<br>dfs@gsllaw.com<br><br>Cheryl Ringer, Esq,<br>OFFICE OF THE FULTON CO ATTORNEY<br>141 Pryor Street, Suite 4038<br>Atlanta, GA 30303<br>Cheryl.Ringer@fultoncountyga.gov |
|---|---|---|
| *Phillips v. Atlanta Orthopedic, et al.*<br><br>No. 15EV002411 | Patsy Y. Porter, Judge<br><br>Fulton County State Court | Jonathan C. Peters, Esq.<br>Jeffrey A. Peters, Esq.<br>PETERS & MONYAK, LLP<br>Blackstone Center<br>1777 Northeast Expressway NE, Suite 100<br>Atlanta, GA 30329<br>Email: jpeters@petersmonyak.com |
| *Randolph v. Perez*<br><br>No. 22-A-03286 | Kimberly A. Alexander, Judge<br><br>Dekalb County State County | Kristen J. Medwick, Esq.<br>Worsham, Corsi, Dobur & Berss<br>P.O. Box 674027<br>Marietta, GA 30006<br>kristen_medwick@progressive.com |
| *Rodriguez v. Gill, et al.*<br><br>No. STCV22-01514 | Elizabeth E. Coolidge, Judge<br><br>Chatham County State Court | I. Gregory Hodges, Esq.<br>Victoria Rene Nease, Esq.<br>William J. Hunter, Esq.<br>Oliver Maner LLP<br>218 West State St.<br>Savannah, GA 31412<br>ghodges@olivermaner.com<br>bhunter@olivermaner.com<br>vnease@olivermaner.com<br><br>Carlton E. Joyce, Esq.<br>Gary J. McGinty, Rsq.<br>Bouhan Falligant LLP<br>P.O. Box 2139<br>Savannah, GA 31402<br>cejoyce@bouhan.com |

| | | gmcginty@bouhan.com |
|---|---|---|
| *Smith v. Giraldo*<br><br>No. 22SCE0529 | A. Dee Morris, Judge<br><br>Cherokee County State Court | Lori Brennan, Esq.<br>Lynn Leonard & Associates<br>2400 Century Parkway, Ste 200<br>Atlanta, GA  30345 |
| *Jarrard v. Suddeth Family Limited Partnership (Taylor II)*<br><br>No. 21SC-0977-B | T. Russell McClelland, Judge<br><br>Forsyth County State Court | J. Tyler Schermerhorn, Esq.<br>The Schermerhorn Firm, LLC<br>2860 Piedmont Rd, N.E. Suite 110<br>Atlanta, GA 30305<br>tyler@tsjustice.com |
| *Turner v. Walmart, Inc.*<br><br>No. ST21CV0690 | Charles E. Auslander, III, Judge<br><br>Clarke County State Court | Garret W. Meader, Esq.<br>Drew, Eckl & Farnham, LLP<br>777 Gloucester Street, Suite 305<br>Brunswick, GA 31520<br>meaderg@deflaw.com |
| *D. Williams v. Wal-mart, et al.*<br><br>No. 18-C-09800-S1 | Shawn F. Bratton, Judge<br><br>Gwinnett County State Court | Robert Hill, Esq.<br>Mclain & Merritt<br>3445 Peachtree Road, NE Suite 500<br>Atlanta, GA 30326<br>bhill@mmatllaw.com |
| *J. Williams v. Wood Craig Miller et al*<br><br>No. 22EV006625 | Diane E. Bessen, Judge<br><br>Fulton County State Court | Paris K. Stone, Esq.<br>Darshan Patel, Esq.<br>Alex Resnak, Esq.<br>Wilson, Elser, Moskowitz, Edelman, Dicker<br>3348 Peachtree Rd., Ste 1400<br>Atlanta, GA  30326<br>Parks.stone@wilsonelser.com<br>Darshan.patel@wilsonelser.com<br>Alex.resnak@wilsonelser.com |
| *Wooten v. Ford Motor Company*<br><br>No. 5:22-ev-00209-MTT | Marc T. Treadwell, Chief U.S. District Judge<br><br>United States District Court<br><br>Middle District of Georgia | Frederick N. Sager, Jr., Esq.<br>Lindsay G. Ferguson. Esq.<br>Michael N. Weathington. Esq.<br>WEINBERG WHEELER HUDGINS GUNN DIAL<br>344 Peachtree Road, NE, Suite 2400<br>Atlanta, GA 30326<br>rsager@wwhgd.com<br>lferguson@wwhgd.com<br>mweathington@wwhgd.com |

| | Macon Div. | Michael R. Boorman, Esq.<br>Paul E. Petersen, III, Esq.<br>WATSON, SPENCE, LLP<br>999 Peachtree Street, N.E., Suite 1130<br>Atlanta, GA 30309<br>mboorman@watsonspence.com<br>ppetersen@watsonspence.com<br><br>Cale Conley, Esq.<br>Davis Popper, Esq.<br>L'Zandra Jones, Esq.<br>Conley Griggs Partin, LLP<br>4300 Northside Parkway, NW<br>Bldg One, Ste 300<br>Atlanta, GA  30327 |
|---|---|---|

# CHEELEY LAW GROUP, LLC

### Trial Lawyers
www.cheeleylawgroup.com

2500 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009

ANDRE T. TENNILLE
*dre@cheeleylawgroup.com*

Phone: 770.814.7001
Fax:     678.559.0273

ID# E-4PW2BQV4-4G4
✲ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-3285**

**OCT 31, 2022 12:50 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## NOTICE OF LEAVE OF ABSENCE

To:            All Judges, Clerks of Court, and Counsel of Record

From:        Andre T. Tennille, Esq.

Subject:     Notice of Leave of Absence

Date:         October 31, 2022

      Comes now Andre T. Tennille and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

      The period of leave during which time Applicant will be away from the practice of law is from February 11, 2023 through February 18, 2023.  The purpose of the leave is family vacation.

      All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

                */s/ Andre T. Tennille, III*
                Andre T. Tennille, III
                Georgia Bar No. 940510

                **CHEELEY LAW GROUP, LLC**
                2500 Old Milton Pkwy, Suite 200
                Alpharetta, Georgia 30009
                (770) 814-7001
                dre@cheeleylawgroup.com



**CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the foregoing Notice of Leave of Absence upon all judges, clerks and opposing counsel listed on the attached Exhibit A, by electronic filing and/or by depositing the same in the U.S. Mail with adequate postage affixed thereto.

Respectfully submitted, this 31st day of October, 2022.

*/s/ Andre T. Tennille, III*
Andre T. Tennille, III
Georgia Bar No. 940510

**CHEELEY LAW GROUP, LLC**
2500 Old Milton Pkwy, Suite 200
Alpharetta, Georgia 30009
(770) 814-7001
dre@cheeleylawgroup.com

**EXHIBIT A**

| Case Name & Number | Judge, Court, & County | Counsel |
|---|---|---|
| *eCBI Warner, LLC v. Patrick, et al.*<br><br>No. 2020V123145K | Katherine K. Lumsden, Judge<br><br>Houston County Superior Court<br><br>Georgia Court of Appeals (Not Docketed) | I. Stewart Duggan<br>Sarah C. Martin<br>John M. Hawkins<br>BRINSON, ASKEW, BERRY SEIGLER, RICHARDSON & DAVIS, LLP<br>P.O. Box 5007<br>Rome, GA 30162<br>isduggan@brinson-askew.com<br>smartin@brinson-askew.com<br>jhawkins@brinson-askew.com<br><br>Matthew H. Bennett<br>BENNETT LAW OFFICE, LLC<br>1012 Memorial Drive, Suite 13<br>Griffin, GA 30224<br>mhb@bennettlawofficellc.com<br><br>Theodore P. Meeker<br>SUMNER MEEKER, LLC<br>14 East Broad Street<br>Newnan, GA 30263<br>tmeeker@numail.com |
| *Bryant v. Wal-Mart Stores East, LP, et al.*<br><br>No. 2021V-0274 | Rhonda B. Kreuziger, Judge<br><br>Fayette County Superior Court | Leslie P. Becknell<br>Georgia Bar No: 046320<br>777 Gloucester Street, Suite 305<br>Brunswick, GA 31520<br>Ph: (912) 431-3036<br>Email: Lbecknell@deflaw.com<br>Hall F. McKinley<br>Georgia Bar No. 495512<br>Michael L. Miller<br>Georgia Bar No. 50801<br>Kendra Talley<br>Georgia Bar No. 113334<br>303 Peachtree Street, NE<br>Suite 3500 Atlanta, GA 30308<br>Ph: (404) 885-1400<br>mckinleyh@deflaw.com<br>millerm@deflaw.com<br>talleyk@deflaw.com |
| *Butler v. Nationwide Mutual et al.* | Michael L. Brown, Judge | Philip W. Savrin<br>Jessica C. Samford |

| | | |
|---|---|---|
| No. 1:21-cv-02138-MLB | United States District Court for the Northern District of Georgia | Freeman Mathis & Gary, LLP 100 Galleria Parkway, Suite 1600, Atlanta, GA 30339-5948 D: 770-818-1405 C: 678-525-6175 psavrin@fmglaw.com jsamford@fmglaw.com |
| *Griffin v. Williams Forestry Products, Inc., et al.* No. 2022CV094 | Richard Perryman III, Judge Cook County Superior Court | Dennis B. Keene John D. Harvey Gregory L. Finch BOUHAN FALLIGANT LLP P.O. Box 2139 Savannah, Georgia 31402 dkeene@bouhan.com jdharvey@bouhan.com glfinch@bouhan.com |
| *Huff v. Teo Sr.* No. 18-007708, Division 07 | Jack Tuter, Judge Circuit Court of the 17th Judicial Circuit, Broward County, FL District Court of Appeal of the State of Florida, Fourth District | Craig S. Barnett, Esq., Chelsea E. Koff, Esq., Eugene E. Stearns, Esq., David T. Coulter, Esq. Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. 150 West Flagler Street, Suite 220 Miami, FL 33130 cbarnett@stearnsweaver.com ckoff@stearnsweaver.com estearns@stearnsweaver.com dcoulter@stearnsweaver.com Kara Rockenbach Link Link & Rockenbach, PA 1555 Palm Beach Lakes Blvd., Ste 930 West Palm Beach, FL 33401 kara@linkrocklaw.com |
| *Johnson v. Walker, Federal Express, et al.* No. 22-A-3285 | Allison B. Salter, Judge Cobb State Court | 2 Defendants have been served, but not yet filed their answers; 3rd defendant not yet served |
| *Jones v. Board of Regents of the University System of Georgia* | Alan W. Thrower, Judge | Kathleen S. Turnipseed Asst. Atty. General, State of Georgia Department of Law 40 Capitol Square, SW |

| No. STCV2019006003 | Baldwin County State Court | Atlanta, GA 30334-1300 Telephone: 404-656-3370 kturnipseed@law.ga.gov |
|---|---|---|
| *Miles v. Sentry Select, et al.*<br><br>No. 22-C-05368-S4 | Ronda Colvin Leary, Judge<br><br>Gwinnett County State County | Paschal Glavinos, Esq.<br>Scott W. McMickle, Esq.<br>McMickle, Kurey & Branch, LLP217<br>Roswell St., Ste 200<br>Alpharetta, GA  30009<br>pglavinos@mkblaw.com<br>swm@mkblaw.com<br>678.824.7800 |
| *Naramore v. Builders Firstsource, Inc.*<br><br>No. 21-C-06578-S2 | Shawn F. Bratton, Judge<br><br>Gwinnett County State Court | Richard H. Hill, II<br>J. Alex Prescott<br>Weinberg Wheeler Hudgins Gunn Dial<br>3344 Peachtree Road NE, Suite 2400<br>Atlanta, GA 30326<br>D: 404.832.9534 | F: 404.875.9433<br>rhill@wwhgd.com<br>aprescott@wwhgd.com |
| *Randolph v. Perez*<br><br>No. 22-A-03286 | Kimberly A. Alexander, Judge<br><br>Dekalb County State County | Jennifer A. Mills, Esq.<br>Law Office of J. Andrew Williams<br>2970 Clairmont Rd, NE, Ste 600<br>Brookhaven, GA  30329<br>milj513@nationwide.com |
| *Smith v. Giraldo*<br><br>No. 22SCE0529 | A Dee Morris, Judge<br><br>Cherokee County State Court | Lori Brennan<br>Lynn Leonard & Associates<br>2400 Century Parkway, Ste 200<br>Atlanta, GA  30345 |
| *Jarrard v. Suddeth Family Limited Partnership (Taylor II)*<br><br>No. 21SC-0977-B | T. Russell McClelland, Judge<br><br>Forsyth County State Court | The Schermerhorn Firm, LLC<br>J. Tyler Schermerhorn<br>Georgia Bar No. 264709<br>2860 Piedmont Rd, N.E. Suite 110<br>Atlanta, GA 30305<br>(404)596-4462 (phone)<br>(404)596-4463 (facsimile)<br>tyler@tsjustice.com |

ID# EZ-CSYTEDT-BCH
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-3285

NOV 07, 2022 01:45 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

KAREN JOHNSON and MICHAEL
JOHNSON,
     *Plaintiffs,*

v.

FEDERAL EXPRESS CORPORA-
TION, FEDEX GROUND PACKAGE
SYSTEM, INC., and FORREST
WALKER,
     *Defendants.*

Civil Action No. 22-A-3285

## PLAINTIFFS' MOTION FOR AN ORDER
## ALLOWING SERVICE BY PUBLICATION

Under OCGA § 9-11-4(f)(1)(A), Plaintiffs Karen and Michael Johnson move the Court for an order allowing them to serve Defendant Forrest Walker by publication.

Service by publication is proper under OCGA § 9-11-4(f)(1)(A) because Walker "resides outside the state," "has departed from the state," or, "after due diligence," "cannot . . . be found within the state." Three affidavits supporting this motion are attached. Exhibit A, Wiley D. Hadley's affidavit, shows that the Johnsons have been diligent in trying to find Walker in Georgia. That affidavit satisfies OCGA § 9-11-4(f)(1)(A)'s diligence standard. Exhibit B, Andre T. Tennille III's affidavit, shows that the Johnsons have claims against Walker and that he is a necessary or proper party here. Exhibit C, the Sheriff's Non Est of Service, shows that Walker has left his Cobb County residence.



Because service by publication is proper here, the Court should order that Walker be served by publication. To that end, a proposed order is attached granting the motion and ordering service by publication.

Dated: November 7, 2022          Respectfully submitted,

/s/ *Andre T. Tennille III*
Robert D. Cheeley
Georgia Bar No. 122727
Andre T. Tennille III
Georgia Bar No. 940510
CHEELEY LAW GROUP, LLC
2500 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009
(770) 814-7001
bob@cheeleylawgroup.com
dre@cheeleylawgroup.com

Preston Haliburton
Georgia Bar No. 142222
HALIBURTON LAW FIRM
310 A Newnan Street
Carrollton, Georgia 30117
(404) 237-8246
prestonhaliburton@gmail.com

*Counsel for Plaintiffs*

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

KAREN JOHNSON and MICHAEL
JOHNSON,

     Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,
FEDEX GROUND PACKAGE SYSTEM,
INC., and FORREST WALKER,

     Defendants

Civil Action No. 22-A-3285

### AFFIDAVIT OF WILEY D. HANDLEY

STATE OF GEORGIA     )

COUNTY OF COBB     )

Under penalty of perjury, I, Wiley D. Handley, declare that the facts in this affidavit are true and correct:

1. My name is Wiley D. Handley. I am an adult competent to give this affidavit, which is based on my personal knowledge along with my experience as a process server.

2. The Johnsons hired the Cobb County Sheriff to serve Forrest Walker at his last known address: 1095 Frog Leap Trail, Kennesaw, Georgia 30152—but the Sheriff has been unable to serve Walker.

3. The Johnsons hired me to find Walker. To that end, I have personally visited Walker's last known address and have analyzed a public-records search to determine his whereabouts.

4. Despite my diligent search, Walker's current address is unknown, but he likely resides in Plainfield, New Jersey, which is where his father lives.

5. Walker has resided in New Jersey before. For example, as of March 1, 2021, he resided at 1425 Music! Place, Plainfield, New Jersey 07062. That is the last place outside of Cobb County, Georgia, that he resided.

6. The last place that Walker resided in Georgia is in Kennesaw on Frog Leap Trail. He no longer resides there, and I do not know Walker's current address or whereabouts but suspect him to be in New Jersey.

7. I do not know Walker to be a current Georgia resident, nor have I been informed that he currently lives in Georgia. I have no reason to believe that Walker currently resides in Georgia.

8. The foregoing facts show that, under OCGA § 9-11-4(f)(1)(A), Walker "resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state."

Wiley D. Handley

Sworn to and subscribed
before me this 3rd day
of November 2022.

Notary Public

HANLEY AFFIDAVIT     Page—2



IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

KAREN JOHNSON and MICHAEL
JOHNSON,
     *Plaintiffs,*

v.

FEDERAL EXPRESS CORPORA-
TION, FEDEX GROUND PACKAGE
SYSTEM, INC., and FORREST
WALKER,
     *Defendants.*

Civil Action No. 22-A-3285

**AFFIDAVIT OF ANDRE T. TENNILLE III**

STATE OF GEORGIA   )
COUNTY OF FULTON   )

     Under penalty of perjury, I, Andre T. Tennille III, declare that the facts in this affidavit are true and correct:

     1.     My name is Andre T. Tennille III. I am an adult competent to give this affidavit, which is based on my personal knowledge along with my education and experience.

     2.     I am counsel for Plaintiffs Karen and Michael Johnson. The Johnsons have claims against Defendant Forrest Walker, including a claim for negligence and a claim for litigation expenses.

     3.     Walker is a necessary or proper party to this action because he was driving the FedEx truck that hit Mrs. Johnson, prompting this lawsuit. A copy of the Johnsons' complaint and initial discovery is attached as Exhibit 1.



PLAINTIFF'S
EXHIBIT
*B*

Andre T. Tennille III

Sworn to and subscribed
before me this _7th_ day
of November 2022.

Notary Public

**SHERIFF'S ENTRY OF SERVICE**

ID# F-9VXRN2RZ-WKL
ID# J-YUMZAHBO-DDR
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

Civil Action No. ___22-A-3285___

22-A-3285

| | | | |
|---|---|---|---|
| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

NOV 07, 2022 11:35 AM

Date Filed _____

Georgia, ___COBB___ COUNTY

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

Attorney's Address   **Cheeley, Robert Law**
**Cheeley Law Group, LLC**
**2500 Old Milton Parkway**
**Suite 200**
**Alpharetta, GEORGIA 30009-**

Johnson, Karen; Johnson, Michael _____

_____

_____
Plaintiff

Name and Address of Party to be Served.
Walker, Forrest

VS.

Walker, Forrest; Federal Express Corporation; FedEx

1095 Frog Leap Trail

Ground Package System, Inc.

_____
Defendant

Kennesaw, GEORGIA 30152

_____
Garnishee

_____

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐ Served the defendant_____a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST** ☑ Diligent search made and defendant _Walker, Forrest - Per Homeowner, Def._
not to be found in the jurisdiction of this court. _Doesn't live There_

This _3_ day of _Nov_, 20_22_   _J. Wyland-06028_
Deputy

COURT COPY



PLAINTIFF'S
EXHIBIT
C

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

KAREN JOHNSON and MICHAEL
JOHNSON,
     *Plaintiffs*,

v.

FEDERAL EXPRESS CORPORA-
TION, FEDEX GROUND PACKAGE
SYSTEM, INC., and FORREST
WALKER,
     *Defendants*.

Civil Action No. 22-A-3285

Service by Publication Dates:

_____

_____

_____

## ORDER OF PUBLICATION

It appearing by affidavit that Defendant Forrest Walker on whom service is to be made in this case resides out of the State, or has departed from the State, or cannot after due diligence be found within the State, and it further appearing, by affidavit that a claim exists against Walker, and that he is a necessary or proper party to the action.

IT IS HEREBY CONSIDERED, ORDERED AND DECREED THAT: Service be made by publication as provided by law.

SO ORDERED this _____ day of November 2022.

_____
Judge Allison B. Salter
Cobb County State Court

## RETURN OF SERVICE

I hereby certify that notice in the manner and form prescribed by the foregoing order was published, and that I have enclosed, directed, stamped, and mailed a copy of the notice together with a copy of the order and complaint to Defendant Forrest Walker.

This _____ day of November 2022.

_____
Deputy Clerk
Cobb County State Court

## ORDER PERFECTING SERVICE

It appearing to the Court that service upon Defendant Forrest Walker has been perfected by publication of notice on the above-stated dates in the legal organ of this County, and by enclosing, directing, stamping, and mailing a copy of the notice together with a copy of the order of publication and the complaint to Walker at his last known address,

IT IS HEREBY ORDERED that said service by publication be and is approved.

_____
Judge Allison B. Salter
Cobb County State Court

Prepared by:
Andre T. Tennille III
Georgia Bar No. 940510
CHEELEY LAW GROUP LLC
2500 Old Milton Parkway
Suite 200
Alpharetta, Georgia 30009
(770) 814-7001
dre@cheeleylawgroup.com
*Counsel for Plaintiffs*

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ID# E-ET2QYE5P-RUA
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-3285

NOV 10, 2022 03:10 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

KAREN JOHNSON AND MICHAEL
JOHNSON,

     Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM,
INC., FEDERAL EXPRESS CORP.,
FORREST WALKER, and CUSTARD
INSURANCE COMPANY,

     Defendants.

Civil Action No. 22-A-3285

JURY TRIAL DEMANDED

## NOTICE OF APPEARANCE OF COUNSEL

COME NOWS Gabrielle D. Gravel, of Cheeley Law Group, and enters her

appearance as counsel for the plaintiff in the above-styled action.

This 10th day of November 2022.

        Respectfully submitted,

        **CHEELEY LAW GROUP, LLC**
        /s/ Gabrielle D. Gravel
        Gabrielle D. Gravel
        Georgia Bar No. 449376
        Andre T. Tennille III
        Georgia Bar No. 94051
        2500 Old Milton Pkwy, Suite 200
        Alpharetta, Georgia 30009
        T: (770) 814-700
        gabby@cheeleylawgroup.com
        dre@cheeleylawgroup.com

        ***Counsel for Plaintiff***



## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing *Notice of Appearance of Counsel* with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following counsel of record:

Cassie Preston
CALLAHAN & FUSCO, LLC
160 Clairemont Avenue, Suite 340
Decatur, Georgia 30030
(877) 618-9770
cpreston@callahanfusco.com
**Counsel for Defendants**

This 10th day of November 2022.

**CHEELEY LAW GROUP, LLC**

/s/ Gabrielle D. Gravel
Gabrielle D. Gravel
Georgia Bar No. 449376
Andre T. Tennille III
Georgia Bar No. 94051
2500 Old Milton Pkwy, Suite 200
Alpharetta, Georgia 30009
T: (770) 814-700
gabby@cheeleylawgroup.com
dre@cheeleylawgroup.com

**Counsel for Plaintiff**

ID# J-JY2YACZN-CHD
🔥 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-3285**

NOV 09, 2022 11:06 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

KAREN JOHNSON and MICHAEL JOHNSON, )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　　　　)　　Civil Action File Number:
　　　　　　　　　　　　　　　　　　　　　　　)　　22-A-3285-1
　v.　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
FEDERAL EXPRESS CORPORATION,　　　　　　)
FEDEX GROUND PACKAGE SYSTEM, INC., )
And FORREST WALKER,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　　　　　)

## <u>ORDER</u>

This case comes before the Court on Plaintiff's Motion for Service by Publication. Having

received no request for an oral hearing and having reviewed the Motion, the relevant legal authority,

and the contents of the entire file, the Court hereby finds and decides as follows:

Generally, "[p]ersonal service or valid substituted service is required before a court may

obtain personal jurisdiction" over a defendant. <u>Guerrero v. Tellez,</u> 242 Ga. App. 354, 356-7

(2000). One form of substituted service is service by publication, which Plaintiff seeks in the instant

action. While O.C.G.A. § 9-11-4(f) references service by publication, it does not, in itself,

authorize service by publication as a form of substituted service giving rise to personal jurisdiction

over a defendant in a tort action. *See* <u>National Sur. Corp. v. Hernandez,</u> 120 Ga. App. 307.

Service by publication is a notoriously unreliable method of informing interested parties of

pending lawsuits and, consequently, Georgia courts have held that in order to satisfy the constitutional

prerequisite for service by publication, a plaintiff must show "reasonable diligence" in first attempting

to ascertain the defendant's whereabouts. <u>Abba Gana v. Abba Gana,</u> 251 Ga. 340, 343 (1983).

Here, Plaintiff presents an affidavit wherein counsel states that service has not been able to be

perfected on Defendant.



However, even if Plaintiff has presented sufficient evidence of reasonable diligence, so as to meet the constitutional requirement, service by publication will not authorize the Court to exercise *in personam* jurisdiction over Defendant. On the contrary, the general rule is that service by publication does not confer a court with personal jurisdiction over a defendant.  Baxley v. Baldwin, 279 Ga. App. 480, 482 (2006).  In fact, there is no indication in any of Georgia's tort statutes that service by publication is sufficient to create personal jurisdiction over a defendant. Wyatt v. House, 287 Ga. App. 739, 740 (2007), *Hawkins v. Wilbanks*, 248 Ga. App. 264, 265 (2001).  There are, however, two familiar exceptions to these general rules.

First, a court may exercise personal jurisdiction over a defendant if the plaintiff proves she has ascertained the defendant's proper address and proves that defendant is engaged in "willful concealment." Wyatt, 287 Ga. App. at 740, Hawkins, 248 Ga. App. at 265, Melton v. Johnson, 242 Ga. 400, 402-3 (1978).  To establish "willful concealment," a plaintiff must demonstrate that the defendant: (1) has actual knowledge of the action against him and (2) is willfully concealing himself in an effort to "frustrate all reasonable efforts to effect personal service." Wyatt, 287 Ga. App. at 740.

Second, a plaintiff may proceed under O.C.G.A. § 33-7-11(e), which describes the requirements for service by publication in an uninsured motorist action.  If the plaintiff meets the constitutional prerequisite and properly serves by publication under O.C.G.A. § 33-7-11(e), the court is empowered with personal jurisdiction to enter a nominal judgment against the defendant, as required by O.C.G.A. § 33-7-11(d), so that the plaintiff can pursue an action against the uninsured motorist insurance carrier.  *See* Luca v. State Farm Mut. Auto. Ins. *Co.*, 281 Ga. App. 658, 659-60 (2006).

Pretermitting the issue of whether Plaintiff has exercised reasonable diligence in ascertaining

a proper service address and based on the evidence presented by Plaintiff in support of their Motion, the Court finds that Plaintiff has not personally served Defendant and has not proven the applicability of either of the exceptions that would authorize service by publication. While Plaintiff has provided evidence that it is unable to locate Defendant, this evidence, in itself, is not sufficient to show willful concealment.  Additionally, the motion does not reference O.C.G.A. § 33-7-11(d).

Therefore, the Court hereby **DENIES** Plaintiff's Motion for Service by Publication.

SO ORDERED, this __*9th*__ day of __*Nov.*___, 2022.

Allison B. Salter, Judge
State Court of Cobb County

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day served true and exact copies of the foregoing

**ORDER**

(through the PeachCourt Electronic Filing system), to the following:


Andre T. Tennille, III, Esq.
dre@cheeleylawgroup.com

Preston Haliburton, Esq.
prestonhailburton@gmail.com

This _____9th_____ day of November, 2022.


/s/ Ericka Kemp
Ericka Kemp, Judicial Administrative Specialist to
Allison B. Salter, Judge, State Court of Cobb County,
Cobb Judicial Circuit

ID# E-EZNW5WZV-JHS
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-3285**

**DEC 12, 2022 04:48 PM**

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

KAREN and MICHAEL JOHNSON,       )
                                 )
        Plaintiff,               )
                                 )
v.                               )   CIVIL ACTION
                                 )   No.: 22-A-3285
FEDERAL EXPRESS CORPORATION,     )
FEDEX GROUND PACKAGE SYSTEM,     )
INC., and FORREST WALKER,        )
                                 )
        Defendants.              )

**STIPULATION OF EXTENSION OF TIME TO SERVE**
**RESPONSIVE PLEADINGS AND RESPONSES TO WRITTEN DISCOVERY**

COME NOW, Plaintiffs and Defendants, and pursuant to O.C.G.A. § 9-11-6(b)(1), stipulate that said Defendants shall have through January 5, 2023 to file responsive pleadings to the Complaint filed in this matter and through January 20, 2023 to respond to Plaintiffs' written discovery requests served contemporaneously with the Complaint.

This 12th day of December, 2022.

**CALLAHAN & FUSCO, LLC**

/s/ Cassie D. Preston
Cassie D. Preston
Georgia Bar No. 940960
160 Clairemont Ave., Suite 340
Decatur, GA 30030
Counsel for Defendants
877-618-9770
cpreston@callahanfusco.com
Counsel for Defendants

**CHEELEY LAW GROUP, LLC**

/s/ Andre T. Tennille, III
Robert D. Cheeley
Georgia Bar No. 122727
Andre T. Tennille, III
Georgia Bar No. 940510
*signed w/express permission by CDP
2500 Old Milton Parkway, Suite 200
Alpharetta, GA 30009
770-814-7001
bob@cheeleylawgroup.com
dre@cheeleylawgroup.com
Counsel for Plaintiff



ID# E-SCMYSJBC-VMM
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-3285**

**JAN 13, 2023 12:34 PM**

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

KAREN JOHNSON and MICHAEL
JOHNSON,
   *Plaintiffs*,

v.                                                    Civil Action No. 22-A-3285

FEDERAL EXPRESS CORPORA-
TION, FEDEX GROUND PACKAGE
SYSTEM, INC., and FORREST
WALKER,
   *Defendants*.

## RULE 5.2 CERTIFICATE OF SERVICE

Under Uniform State Court Rule 5.2, I certify that today I served Plain-

tiffs' Second Interrogatories & Request for Production to Defendant Forrest

Walker by U.S. Mail and email:

> Cassie D. Preston
> CALLAHAN & FUSCO, LLC
> 160 Clairemont Avenue, Suite 340
> Decatur, Georgia 30030
> cpreston@callahanfusco.com
> *Counsel for Defendant Forrest Walker*

Dated: January 13, 2023          /s/ *Andre T. Tennille III*
                                 Andre T. Tennille III
                                 Georgia Bar No. 940510
                                 CHEELEY LAW GROUP, LLC
                                 2500 Old Milton Parkway
                                 Suite 200
                                 Alpharetta, Georgia 30009
                                 (770) 814-7001
                                 dre@cheeleylawgroup.com

                                 *Counsel for Plaintiffs*



ID# E-HKFWHWLP-L4V
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-3285**

**JAN 10, 2023 05:05 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

KAREN JOHNSON and MICHAEL
JOHNSON,
 *Plaintiffs*,

v.

FEDERAL EXPRESS CORPORA-
TION, FEDEX GROUND PACKAGE
SYSTEM, INC., and FORREST
WALKER,
 *Defendants*.

Civil Action No. 22-A-3285

## RULE 5.2 CERTIFICATE OF SERVICE

Under Uniform State Court Rule 5.2, I certify that today I served Plain-

tiffs' Request for Admissions to Defendant Forrest Walker Regarding Service of

Process by U.S. Mail and email:

> Cassie D. Preston
> CALLAHAN & FUSCO, LLC
> 160 Clairemont Avenue, Suite 340
> Decatur, Georgia 30030
> cpreston@callahanfusco.com
> *Counsel for Defendant Forrest Walker*

Dated: January 10, 2023

/s/ *Andre T. Tennille III*
Andre T. Tennille III
Georgia Bar No. 940510
CHEELEY LAW GROUP, LLC
2500 Old Milton Parkway
Suite 200
Alpharetta, Georgia 30009
(770) 814-7001
dre@cheeleylawgroup.com

*Counsel for Plaintiffs*



ID# E-M3YKCGFV-JJV
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**\*\*\*\*\* AFFIDAVIT OF SERVICE - SUMMONS AND COMPLAINT \*\*\*\*\***

10/31/2022

**22-A-3285**

| SHERIFF #SNC22001879 | DEFENDANT SEQUENCE 1 OF 1 | OFFICER: JEFF THOMAS |
|---|---|---|

I, Peter Corvelli, SHERIFF OF UNION COUNTY, DO HEREBY DEPUTIZE JEFF THOMAS AND
APPOINT TO BE MY DEPUTY TO EXECUTE AND RETURN THE WRIT ACCORDING TO LAW

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**ATTORNEY:**
CHEELY LAW GROUP
2500 OLD MILTON PARKWAY
SUITE 200
APLHARETTA GA 30009

Receipt    Check #        Receipt Amt

**———— COURT INFORMATION ————**

**COURT OF ISSUANCE:** IN THE STATE COURT OF CC  **BRANCH:** STATE OF GEORGIA
**DOCKET #:** 22-A3285        **STATE:** GA    **COUNTY OF VENUE:**

SFRANKLIN

**———— CAPTION OF CASE ————**

**NAME:** KAREN JOHNSON AND MICHAEL JOHNSON
**VS.** FEDERAL EXPRESS COPORATION, FEDEX GROUND PACKAGE SYSTEM, INC. AND
FORREST WALKER

**———— DEFENDANT OR NAMED WITHIN TO BE SERVED ————**

**NAME:** FOREST L. WALKER JR.
**ADDRESS** 1425 MURIEL PLACE
PLAINFIELD NJ 07062

**PAPERS SERVED:** SUMMONS & COMPLAINT

**———— SERVICE DATA RECORDED ————**                    **DATE/TIME**

☑ SERVED SUCCESSFULLY  ☐ UNABLE TO SERVE  NUMBER OF ATTEMPTS ____   11/9/22 / 1200

REMARKS:

**———— COPY SERVED UPON ————**

☐ Personally Delivered        ☐ Officer
☑ Copy Left With Competent     ☐ Registered Agent
Household Member              ☐ Agent Authorized to Accept
☐ Managing Agent             ☐ Person in charge at registered office of

Person Served: _Forest Walker Sr (father)_ (Title/Relationship)

☐ IS IN THE MILITARY        ☐ IS NOT IN THE MILITARY

**SEX:** ☑ MALE    ☐ FEMALE
**SKIN:** ☐ WHITE    ☑ BLACK    ☐ YELLOW    ☐ BROWN    ☐ RED
**HEIGHT:** ☐ UNDER 5 FT    ☐ 5.0-5.6 FT    ☑ 5.7-6.0 FT    ☐ OVER 6'
**WEIGHT:** ☐ UNDER 100 LBS.  ☑ 100-150 LBS.  ☐ 151-200 LBS.  ☐ OVER 200 LBS.
**HAIR:** ☑ BLACK    ☐ BROWN    ☐ BLONDE    ☐ GRAY    ☐ RED    ☐ WHITE    ☐ BALDING
**AGE:** ☐ 14-20    ☐ 21-35    ☐ 36-50    ☑ 51-65    ☐ OVER 65

FRANCES DIDONATO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires: 12/3/24

_SWORN TO AND SUBSCRIBED_        SIGNATURE
_BEFORE ME ON:_ 11/4/2022         **SHERIFF'S OFFICER OF UNION COUNTY**
                                 **STATE OF NEW JERSEY**

11-4 (CN)  11/6

***** AFFIDAVIT OF SERVICE – SUMMONS AND COMPLAINT *****   10/31/2022

SHERIFF #SWC22001879   DEFENDANT SEQUENCE 1 OF 1   OFFICER: JEFF THOMAS

I, Peter Corvelli, SHERIFF OF UNION COUNTY, DO HEREBY DEPUTIZE JEFF THOMAS AND APPOINT TO BE MY DEPUTY TO EXECUTE AND RETURN THE WRIT ACCORDING TO LAW.

ATTORNEY:
SHPERZ LAW GROUP
7000 OLD MILTON PARKWAY
SUITE 100
ALPHARETTA GA 30009

Receipt Check #      Receipt Amt

——————————— COURT INFORMATION ———————————
COURT OF ISSUANCE: IN THE STATE COURT OF G.   BRANCH: STATE OF GEORGIA
DOCKET #: 21-A3265            STATE: G.   COUNTY OF VENUE:
                                                        STRANGED

——————————— CAPTION OF CASE ———————————
NAME:   KARIN JOHNSON AND MICHAEL JOHNSON
VS.     FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC. AND
        FORREST WALKER

——————————— DEFENDANT OR NAMED WITHIN TO BE SERVED ———————————
NAME:    FOREST L. WALTER JR.
ADDRESS  1975 MURIEL PLACE
         PLAINFIELD NJ 07062

PAPERS SERVED: SUMMONS & COMPLAINT

——————————— SERVICE DATA RECORDED ———————————      DATE/TIME
[ ] SERVED SUCCESSFULLY [ ] UNABLE TO SERVE   NUMBER OF ATTEMPTS ___   11/9/22   1200

REMARKS:

——————————— COPY SERVED UPON ———————————
[ ] Personally Delivered          [ ] Officer
[X] Copy Left With Competent      [ ] Registered Agent
    Household Member              [ ] Agent Authorized to Accept
[ ] Managing Agent               [ ] Person in charge at registered office of

Person Served: Forest Walker Sr. (Father)   (Title/Relationship)
[ ] IS IN THE MILITARY        [ ] IS NOT IN THE MILITARY

SEX:     [X] MALE    [ ] FEMALE
SKIN:    [ ] WHITE   [X] BLACK    [ ] YELLOW    [ ] BROWN    [ ] RED
HEIGHT:  [ ] UNDER 5 FT    [ ] 5.0-5.6 FT    [X] 5.7-6.0 FT    [ ] OVER 6'
WEIGHT:  [ ] UNDER 100 LBS.  [X] 100-150 LBS.  [ ] 151-200 LBS.  [ ] OVER 200 LBS.
HAIR:    [X] BLACK  [ ] BROWN  [ ] BLONDE  [ ] GRAY  [ ] RED  [ ] WHITE  [ ] BALDING
AGE:     [ ] 14-20  [ ] 21-35  [ ] 36-50  [X] 51-65  [ ] OVER 65

FRANCES DIDONATO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires:  12/3/84

SWORN TO AND SUBSCRIBED
BEFORE ME ON:  11/4/2022

11-4(a)  #/6
#152       #10         Frances DiDonato

SIGNATURE
SHERIFF'S OFFICER OF UNION COUNTY
STATE OF NEW JERSEY

SUMMONS

Attorney(s) *Cheely Robert Law*

Office Address *2500 Old Milton parkway*

Town, State, Zip Code *Suite 200*
*Alpharetta GA 30009*

Telephone Number *678-559-0273*

Attorney(s) for Plaintiff

*Karen Johnson and Michael*
*Johnson*
Plaintiff(s)

vs.

*Federal Express Corp, FedEx*
*Ground, forest Walker*
Defendant(s)

Superior Court of

*Cobb* County

*Civil* Division

Docket No: *22-19-3285*

CIVIL ACTION
SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the address of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Michelle M Smith, Esq
Clerk of the Superior Court

DATED: *10/31/2022*

Name of Defendant to Be Served: *Forest L. Walker, Jr.*

Address of Defendant to Be Served: *1425 Muriel Place, Plainfield NJ 07062*

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

ID# E-3VKRN2RZ-WKL

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____22-A-3285_____

Date Filed _____

| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, _____COBB_____ COUNTY

Attorney's Address **Cheeley, Robert Law**
**Cheeley Law Group, LLC**
**2500 Old Milton Parkway**
**Suite 200**
**Alpharetta, GEORGIA 30009-**

Johnson, Karen; Johnson, Michael

_____
_____
Plaintiff

VS.

Walker, Forrest; Federal Express Corporation; FedEx

Name and Address of Party to be Served.
Walker, Forrest

1095 Frog Leap Trail

Kennesaw, GEORGIA 30152

Ground Package System, Inc.

_____
Defendant

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant Forest Walker JV _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of dbf's father Forest Walker Sr _____ described as follows:
age, about 55 years; weight 150 pounds; height, about 5 feet and 7 inches, domiciled at the residence of
defendant.

**CORPORATION**

☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this court.

This 9th day of November, 20 22 _____

s/o Jeff Jh _____
Deputy

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____

Superior Court ☐      Magistrate Court ☐
State Court ☐          Probate Court ☐
Juvenile Court ☐

Date Filed _____

Georgia, COBB _____ COUNTY

Attorney's Address

Cheeley Law Group

2500 Old Milton Pkwy, Ste 200

Alpharetta, GA  30009

Karen Johnson and Michael Johnson
_____
Plaintiff

VS.

Name and Address of Party to Served

Forrest Walker

1095 Frog Leap Trail

Kennesaw, GA  30152

Federal Express Corporation, Fedex Ground

Package System, Inc. and Forrest Walker
_____
Defendant

_____
_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant *Forest Walker Jr* by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of *def's Father Forest Walker Sr* described as follows:
age, about *55* years; weight *150* pounds; height *5* feet and *7* inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation
☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
☐ designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This *9th* day of *November*, 20*22*

DEPUTY                    s/p _____

CLERK'S COPY

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____

Date Filed _____

Attorney's Address

_____

_____

_____

Name and Address of Party to Served

_____

_____

_____

Superior Court ☐

State Court ☐

Juvenile Court ☐

Magistrate Court ☐

Probate Court ☐

Georgia, _____ COUNTY

_____

_____

Plaintiff

VS.

_____

_____

Defendant

_____

_____

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

☒ I have this day served the defendant _Forest Walker Jr_ by leaving a copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _def's father Forest Walker Sr_ described as follows: age, about _65_ years; weight _150_ pounds; height _5_ feet and _7_ inches, domiciled at the residence of defendant.

**CORPORATION**

☐ Served the defendant _____ a corporation

by leaving a copy of the within action and summons with _____ In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant not to be found in the jurisdiction of this Court.

This _9th_ day of _November_, 20_22_

DEPUTY

==PLAINTIFF'S COPY==

**SHERIFF'S ENTRY OF SERVICE**

ID# F-3YKRN2RZ-WKL
ID# J-YUMZAHBU-DDR
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-3285

NOV 07, 2022 11:35 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

|  |  |
|---|---|
| Civil Action No. **22-A-3285** | Superior Court ☐   Magistrate Court ☐ |
|  | State Court ☒   Probate Court ☐ |
| Date Filed _____ | Juvenile Court ☐ |
|  | Georgia, **COBB** COUNTY |

Attorney's Address   **Cheeley, Robert Law**
**Cheeley Law Group, LLC**
**2500 Old Milton Parkway**
**Suite 200**
**Alpharetta, GEORGIA 30009-**

Johnson, Karen; Johnson, Michael

_____
Plaintiff

VS.

Walker, Forrest; Federal Express Corporation; FedEx

Name and Address of Party to be Served.
**Walker, Forrest**

Ground Package System, Inc.
_____
Defendant

**1095 Frog Leap Trail**

**Kennesaw, GEORGIA 30152**

_____
Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant_____ personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☒ Diligent search made and defendant WAHKER, FORREST - PER HOMEOWNER, DEF.
not to be found in the jurisdiction of this court.   DOESN'T LIVE THERE

This __3__ day of _NOV_____, 20_22_____

J.WYLAND-06028
Deputy

COURT COPY

# STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-3285**

**OCT 03, 2022 12:46 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER  22-A-3285

$248.00 COST PAID

Johnson, Karen
Johnson, Michael

---
**PLAINTIFF**

**VS.**

Walker, Forrest
Federal Express Corporation
FedEx Ground Package System, Inc.

---
**DEFENDANTS**

## SUMMONS

TO: FEDERAL EXPRESS CORPORATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Robert Law Cheeley**
> **Cheeley Law Group, LLC**
> **2500 Old Milton Parkway**
> **Suite 200**
> **Alpharetta, Georgia 30009**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of October, 2022.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division



# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-3285**

**OCT 03, 2022 12:46 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER    22-A-3285

$248.00 COST PAID

Johnson, Karen
Johnson, Michael

_____
**PLAINTIFF**

**VS.**

Walker, Forrest
Federal Express Corporation
FedEx Ground Package System, Inc.

_____
**DEFENDANTS**

## SUMMONS

TO: FEDEX GROUND PACKAGE SYSTEM, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Robert Law Cheeley**
> **Cheeley Law Group, LLC**
> **2500 Old Milton Parkway**
> **Suite 200**
> **Alpharetta, Georgia 30009**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of October, 2022.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia



# STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-3285

OCT 03, 2022 12:46 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER  22-A-3285

$248.00 COST PAID

Johnson, Karen
Johnson, Michael

---

**PLAINTIFF**

**VS.**

Walker, Forrest
Federal Express Corporation
FedEx Ground Package System, Inc.

---

**DEFENDANTS**

## SUMMONS

TO: WALKER, FORREST

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Robert Law Cheeley**
> **Cheeley Law Group, LLC**
> **2500 Old Milton Parkway**
> **Suite 200**
> **Alpharetta, Georgia 30009**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of October, 2022.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

