# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAMILLE DAUGHERTY,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD MORTON, WESTERN EXPRESS, INC., and FREEDOM SPECIALTY INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION FILE NO. _____<br><br><br>REMOVEWD FROM STATE COURT OF GWINNETT COUNTY, GEORBGIA, CAFN: 22-A-4138<br><br>*Jury Trial Demanded* |

## DEFENDANT WESTERN EXPRESS, INC.'S NOTICE OF REMOVAL WITH BRIEF IN SUPPORT

**COMES NOW**, Defendant **WESTERN EXPRESS, INC.**, and files this its Notice of Removal and Brief in Support of Notice of Removal to United States District Court, showing this Honorable Court as follows:

### PROCEDURAL BACKGROUND

1. A civil action was filed on December 6, 2023, in the State Court of Cobb County, State of Georgia. That action is designated there as Civil Action File No.: 22-A-4138. All Defendants were properly served, and all Defendants have filed Answers. Plaintiff's complaint sought special damages in the amount of $46,000.00. (Compl., ¶ 19). On March 13, 2023, Plaintiff responded to Defendant Western Express, Inc.'s

1

Request for Admission by admitting that Plaintiff is seeking more than $75,000 in this lawsuit. (Ex. B). On March 13, 2023, this case became removable and therefore, this removal is timely filed. The amount in controversy exceeds $75,000.00.

2.  Defendants file herewith a copy of all process, pleadings, and orders received by Defendants in Civil Action File No.: 23-C-01433-S3, pursuant to 28 USC §1446 (attached hereto as "Exhibit A").

3.  Plaintiff Camille Daugherty is a resident and citizen of the State of Georgia. (Pl's Compl. ¶ 1). If a person is domiciled in [Michigan], he was a citizen of that state within the meaning of the Judicial Code. *Gilbert v. David*, 235 U.S. 561, 569 (1915).

4.  Defendant Richard Morton is an individual and citizen residing in the State of Massachusetts. (Pl.'s Compl. ¶ 2). If a person is domiciled in [Michigan], he was a citizen of that state within the meaning of the Judicial Code. *Gilbert v. David*, 235 U.S. 561, 569 (1915).

5.  Defendant Western Express, Inc., is currently, and was at the commencement of Civil Action File No.: 22-A-4138, and at all times since has been a corporation organized and existing under the laws of the State of Tennessee. (Compl., ¶ 3"). Western Express, Inc. is a citizen of Tennessee.

5. Defendant Freedom Specialty Insurance Company is currently and was at the commencement of Civil Action File No.: 22-A-4138, and at all times since has been a corporation organized and existing under the laws of the State of Ohio. (Compl., ¶ 4). Freedom Specialty Insurance Company is a citizen of Ohio.

6. The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the Parties, the Parties are not residents of the same State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

    a. All parties to this action are completely diverse. Plaintiff is a citizen of the State of Georgia. Defendant Richard Morton is a citizen of the State of Massachusetts. Defendant Western Express, Inc. is a citizen of the State of Tennessee. Defendant Freedom Specialty Insurance Company is a citizen of the State of Ohio. Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced. *Oh v. Ford Motor Co.*, 79 F. Supp. 2d 1375, 1377 (N.D.

Ga. 1999) (citing *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 794 (9th Cir. 1986)).

    b. The amount in controversy exceeds $75,000.00. Although Plaintiff's complaint only seeks $46,000 in special damages, Plaintiff has admitted that she is seeking more than $75,000 in this lawsuit and that her damages are not limited to $75,000 or less.  (Pl.'s Compl. ¶ 13; Ex. C,¶¶ 2, 4, 6, 8, 10).

8. Defendants attach hereto a copy of Defendants' Notice of Removal which has been sent for filing in the State Court of Gwinnett County, State of Georgia, marked as Exhibit "D".

9. All Defendants agree to this removal.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

**A. This Court has Original Jurisdiction of this Cause of Action Pursuant to 28 U.S.C. § 1332 and this Cause of Action is Removable According to 28 U.S.C. § 1441.**

This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court for the Northern District of Georgia – Atlanta Division has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> The District Court shall have original jurisdiction of all civil actions

4

>where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between – (1)Citizens of different states.

28 U.S.C. § 1332(a).

### 1. THERE IS COMPLETE DIVERSITY.

All parties to this action are completely diverse. Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced. *Oh v. Ford Motor Co.*, 79 F. Supp. 2d 1375, 1377 (N.D. Ga. 1999) (citing *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 794 (9th Cir. 1986)).

Plaintiff was a citizen and resident of Georgia at the time of filing of the Complaint. (Pl's Compl. ¶ 1). *See Gilbert v. David*, 235 U.S. 561, 569 (1915)("If a person is domiciled in [a particular state], he is a citizen of that state within the meaning of the Judicial Code."). Therefore, Plaintiff is a citizen of Georgia.

Defendant Richard Morton is an individual and citizen residing in the State of Massachusetts. (Pl.'s Compl. ¶ 2). If a person is domiciled in [Michigan], he was a citizen of that state within the meaning of the Judicial Code. *Gilbert v. David*, 235 U.S. 561, 569 (1915).

Defendant Western Express, Inc. is currently, and was at the commencement of Civil Action File No.: 22-A-4138, and at all times since has been a corporation

organized and existing under the laws of the State of Tennessee. (Pl.'s Compl. ¶ 3). Defendant Freedom Specialty Insurance Company is currently and was at the commencement of Civil Action File No.: 22-A-4138, and at all times since has been a corporation organized and existing under the laws of the State of Ohio. (Pl.'s Compl. ¶ 4).

Accordingly, complete diversity exists in this cause of action between Plaintiff and all Defendants, and therefore, this case is removable under 28 U.S.C. § 1332.

2. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

There is evidence to establish that Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars ($75,000.00). Plaintiff's complaint seeks compensation in the amount of $46,000.   (Pl.'s Compl. ¶ 13). However, Plaintiff has admitted that she seeks more than $75,000 in this lawsuit and that her damages are not limited to $75,000 or less. (Ex. B, ¶¶ 2, 4, 6, 8, 10). Evidence offered in support of removal can consist of factual allegations, "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."). Furthermore, courts may use their "judicial experience and

common sense" in determining whether the case meets federal jurisdictional requirements. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

When determining if the defendant has satisfied its burden, the presiding court will first consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010) (citing 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010)). "If not, the court may consider facts alleged in the notice of removal, judicial admissions made by plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Id*. (quoting 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010).

Plaintiff is clearly seeking damages in excess of $75,000. (Ex. B, ¶¶ 2, 4, 6, 8, 10). Therefore, there are facts to a legal certainty to support that the amount in controversy exceeds the jurisdictional requirement. Plaintiff's own factual allegations, combined with reasonable deductions, inferences, and extrapolations, prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. Accordingly, because the parties are completely

diverse and the amount in controversy exceeds the statutory requirement, this case may be removed to the United States District Court for the Northern District of Georgia – Atlanta Division.

## **CONCLUSION**

There is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. § 1446, the Defendant Western Express, Inc. has sought removal within thirty (30) days from the moment the action became removable and, therefore, this Court has the authority to accept jurisdiction of this case pursuant to 28 U.S.C. §§ 1332 and 1446.

Respectfully submitted this 5th day of April, 2023.

                                                  **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

                                                  /S/ *SANDRO STOJANOVIC*
                                                  SCOTT H. MOULTON
                                                  GEORGIA STATE BAR NO. 974237
                                                  SANDRO STOJANOVIC
                                                  GEORGIA STATE BAR NO. 473114
                                                  COUNSEL FOR DEFENDANTS

365 Northridge Road, Suite 230
Atlanta, GA  30350
T:  770.650.8737
F:  770.650.8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CAMILLE DAUGHERTY,<br><br>    Plaintiff,<br>v.<br><br>RICHARD MORTON, WESTERN EXPRESS, INC., and FREEDOM SPECIALTY INSURANCE COMPANY,<br><br>    Defendants. | CIVIL ACTION FILE NO. _____<br><br>REMOVEWD FROM STATE COURT OF COBB COUNTY, GEORBGIA, CAFN: 22-A-4138<br><br>Jury Trial Demanded |

**<u>CERTIFICATE OF COMPLIANCE</u>**

The foregoing **DEFENDANT WESTERN EXPRESS, INC.'S NOTICE OF REMOVAL WITH BRIEF IN SUPPORT** is double spaced in 14-point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

This 5th day of April, 2023.

<table>
<tr><td></td><td>**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**<br><br>/s/ *Sandro Stojanovic*<br>SCOTT H. MOULTON<br>GEORGIA STATE BAR NO. 974237<br>SANDRO STOJANOVIC<br>GEORGIA STATE BAR NO. 473114<br>COUNSEL FOR DEFENDANTS</td></tr>
<tr><td>365 Northridge Road, Suite 230<br>Atlanta, GA  30350<br>T:  770.650.8737<br>F:  770.650.8797<br>scott.moulton@qpwblaw.com<br>sandro.stojanovic@qpwblaw.com</td><td></td></tr>
</table>

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAMILLE DAUGHERTY,<br><br>    Plaintiff,<br>v.<br><br>RICHARD MORTON, WESTERN EXPRESS, INC., and FREEDOM SPECIALTY INSURANCE COMPANY,<br><br>    Defendants. | CIVIL ACTION FILE NO. _____<br><br>REMOVEWD FROM STATE COURT OF COBB COUNTY, GEORBGIA, CAFN: 22-A-4138<br><br>Jury Trial Demanded |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANTS WESTERN EXPRESS, INC.'S NOTICE OF REMOVAL WITH BRIEF IN SUPPORT** upon all parties to this matter by depositing same in the U.S. Mail and/or via e-file and serve as required by law:

Madeleine Simmons
Nathaniel K. Hofman
Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Blvd, NW
Suite 700
Atlanta, GA 30308
msimmons@smstrial.com
nhofman@smstrial.com

This 5th day of April, 2023.

        **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

        /s/ *Sandro Stojanovic*
        SCOTT H. MOULTON
        GEORGIA STATE BAR NO. 974237
        SANDRO STOJANOVIC
        GEORGIA STATE BAR NO. 473114
        COUNSEL FOR DEFENDANTS

365 Northridge Road, Suite 230
Atlanta, GA  30350
T:  770.650.8737
F:  770.650.8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com