ID# E-U2G5P5XT-YTF
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-4138

DEC 06, 2022 11:12 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CAMILLE DAUGHERTY, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO:** |
| | ) | |
| vs. | ) | |
| | ) | |
| **RICHARD MORTON; WESTERN** | ) | **JURY TRIAL DEMANDED** |
| **EXPRESS, INC.; and FREEDOM** | ) | |
| **SPECIALTY INSURANCE** | ) | |
| **COMPANY;** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Camille Daugherty (hereinafter "Plaintiff"), and states this her Complaint and Demand for Trial by Jury against Defendants Richard Morton (hereinafter "Defendant Morton"), Western Express, Inc. (hereinafter "Defendant WEI"), and Freedom Specialty Insurance Company (hereinafter "Defendant FSIC") as follows:

## PARTIES AND JURISDICTION

### 1.

Plaintiff is a resident of Cobb County, State of Georgia.

### 2.

Defendant Morton is the driver of the tractor trailer involved in the collision giving rise to this personal injury action, and is a resident of the State of Massachusetts and is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may

EXHIBIT A

be served by issuing Summons and a second original of this Complaint to him at his address of 163 Litchfield Avenue, Southbridge, Massachusetts 01550.  Service on Defendant Morton may also be perfected through the Georgia Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-2.

3.

Defendant WEI is a for-profit, foreign corporation with its principal place of business located at 7135 Centennial Place, Nashville, Tennessee 37209.  Defendant WEI is subject to the jurisdiction of this Court, pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to its registered agent, Kevin T. Shires, 6960 Cordery Road, Cumming, Georgia 30040.

4.

Defendant FSIC is a foreign insurance company with its principal place of business located at One West Nationwide Boulevard, Columbus, Ohio 43215. Defendant FSIC is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 41-1-112, and may be served by issuing Summons and Complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5.

Jurisdiction and venue are proper pursuant to O.C.G.A. § 40-12-3.

**OPERATIVE FACTS**

6.

EXHIBIT A

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 5 above as if they were fully restated verbatim.

7.

On or about December 31, 2020, Plaintiff was operating a 2020 Hyundai Sonata at the intersection of Atlanta Road and the on-ramp to southbound Interstate 285, in Cobb County, Georgia, and was attempting to make a left-hand turn onto the interstate.

8.

On or about the same time and place, Defendant Morton was driving a 2019 International tractor trailer and was turning left from Atlanta Road onto southbound Interstate 285, when he negligently, recklessly, carelessly and unlawfully operated said vehicle making an improper lane change, causing extreme damage to the vehicle operated by Plaintiff.

9.

As a result of the collision, Plaintiff suffered multiple injuries and subsequent damages.

**COUNT I – NEGLIGENCE OF DEFENDANT MORTON**

10.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 9 above as if they were fully restated verbatim.

11.

At all relevant times, Defendant Morton owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Morton did violate them in the following particulars:

EXHIBIT A

a.  In failing to make reasonable and proper observations while driving the 2019 International tractor trailer; or, if reasonable and proper observations were made, failing to act thereon;

b.  In driving the 2019 International tractor trailer in the wrong lane in violation of O.C.G.A. § 40-6-52(b);

c.  In driving the 2019 International tractor trailer in reckless disregard for the safety of persons and/or property by failing to properly change lanes in violation of O.C.G.A. § 40-6-123(a); and

d.  In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

12.

Defendant Morton's violations of the aforementioned duties of care constitute negligence *per se*.

13.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Morton, Plaintiff has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess of $46,000.00 in past medical expenses and lost wages.

## COUNT II – NEGLIGENCE OF DEFENDANT WEI

14.

EXHIBIT A

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13 above as if they were fully restated verbatim.

15.

At all relevant times, Defendant Morton was an employee and agent of Defendant WEI and Defendant Morton was driving a 2019 International tractor trailer within the course and scope of his employment with Defendant WEI.

16.

Defendant WEI is liable for the acts and omissions of Defendant Morton as Defendant WEI's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

17.

Defendant WEI negligently hired, retained, and supervised Defendant Morton.

18.

Defendant WEI negligently entrusted the 2019 International tractor trailer to Defendant Morton when it knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

19.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant WEI, Plaintiff has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, lost wages, plus an inability to lead a normal life. As a result

EXHIBIT A

of the subject collision, Plaintiff has incurred in excess $46,000.00 in past medical expenses and lost wages.

## COUNT III – DIRECT ACTION AGAINST DEFENDANT FSIC

20.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19 above as if they were fully restated verbatim.

21.

At the time of the subject collision, Defendant FSIC had a policy of insurance affording liability coverage to Defendant WEI.

22.

Defendant WEI is a motor carrier.

23.

Pursuant to O.C.G.A. § 41-1-112, Plaintiff brings a direct cause of action against Defendant FSIC for injuries and damages proximately caused by the negligence of its insured.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

a.     That Process and Summons be issued, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b.     That service be had upon Defendants as provided by law;

c.     That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully

EXHIBIT A

and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

      d.     That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

      e.     That this matter be tried to a jury;

      f.     That all costs be cast against the Defendants; and

      g.     For such other and further relief as this Court deems just and appropriate.

This 6th day of December 2022.

                         Respectfully submitted,

                         */s/ Madeleine Simmons*
                         MADELEINE N. SIMMONS
                         Georgia Bar No. 822807
                         NATHANIEL K. HOFMAN
                         Georgia Bar No. 997966
                         Attorneys for Plaintiff

Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Blvd
Suite 700
Atlanta, GA 30308
Tel:  (404) 529-3476
Fax: (470) 514-3685

EXHIBIT A

ID# E-K2CFT5EJ-DRB
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-4138**

**JAN 20, 2023 09:24 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

CAMILLE DAUGHERTY,

      **Plaintiff,**

v.

**RICHARD MORTON, WESTERN EXPRESS, INC., and FREEDOM SPECIALTY INSURANCE COMPANY,**

      **Defendants.**

CIVIL ACTION FILE NO.

22-A-4138

---

## DEFENDANT FREEDOM SPECIALTY INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, **FREEDOM SPECIALTY INSURANCE COMPANY**, Defendant in the above-styled action, and files this, its Answer to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that this Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

### THIRD DEFENSE

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care, as such, Plaintiff is not entitled to recover from this Defendant.

77411725.1

1

<u>EXHIBIT A</u>



## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant. Therefore, Plaintiff is barred from any recovery against this Defendant.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of statutory immunity, waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon this Defendant would violate their rights under the Constitution of the State of Georgia and the United States Constitution. Further in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

The injuries, damages, and losses alleged in Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over

2

whom this Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom this Defendant had no legal relationship by which liability could be attributed to it.

## NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and any alleged injuries to the Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate his damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

## TWELFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## THIRTEENTH DEFENSE

Plaintiff's claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or a circumstance beyond the control of this Defendant.

## FOURTEENTH DEFENSE

To the extent any other party or non-party is deemed responsible for Plaintiff's injuries, in whole or in part, this Defendant seeks apportionment of damages pursuant to O.C.G.A. § 51-12-33.

EXHIBIT A

## FIFTEENTH DEFENSE

Plaintiff's recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

## SIXTEENTH DEFENSE

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## SEVENTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiff's Amended Complaint as follows:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, which are therefore denied.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, which are therefore denied.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, which are therefore denied.

4.

This Defendant admits it is a company established under the laws of the State of Texas and may be served with process via its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. This Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

4

EXHIBIT A

5.

This Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.

This Defendant re-raises and incorporates the responses in previous paragraphs.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, which are therefore denied.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

This Defendant re-raises and incorporates the responses in previous paragraphs.

11.

This Defendant admits that he owed certain duties established by state and federal law. This Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

This Defendant re-raises and incorporates the responses in previous paragraphs.

5

15.

The allegations contained in Paragraph 15 are legal conclusions and do not require a response. If a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, which are therefore denied.

16.

The allegations contained in Paragraph 16 are legal conclusions and do not require a response. If a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, which are therefore denied.

17.

This Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

This Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.

This Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

This Defendant re-raises and incorporates the responses in previous paragraphs.

21.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, which are therefore denied.

6

EXHIBIT A

22.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, which are therefore denied.

23.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, which are therefore denied.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a)      that it be discharged without cost or liability;

b)      that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c)      that a Pre-Trial Conference be held;

d)      that all costs and attorneys' fees be assessed against Plaintiff; and

e)      that it have such other relief as the Court deems just and proper.

This 20th day of January, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC

7

EXHIBIT A

Georgia Bar No. 473114
*Counsel for Defendant*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1775
(404) 954-5000
(404) 954-5020 Fax
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com
**DEFENDANT DEMANDS
TRIAL BY JURY**

8

EXHIBIT A

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **CAMILLE DAUGHERTY,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **22-A-4138** |
| **RICHARD MORTON, WESTERN EXPRESS, INC., and FREEDOM SPECIALTY INSURANCE COMPANY,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT FREEDOM SPECIALTY INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Peach Court which will automatically send electronic notification to the following:

Madeleine Simmons
Nathaniel K. Hofman
Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Blvd, NW
Suite 700
Atlanta, GA 30308
msimmons@smstrial.com
nhofman@smstrial.com

This 20th day of January, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON

9

EXHIBIT A

Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
*Counsel for Defendant*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1775
(404) 954-5000
(404) 954-5020 Fax
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com
**DEFENDANT DEMANDS
TRIAL BY JURY**

EXHIBIT A

ID# B-K2CFT5EJ-VMZ
🏛 **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-4138**

**JAN 20, 2023 09:24 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

**CAMILLE DAUGHERTY,**

      **Plaintiff,**

**v.**

**RICHARD MORTON, WESTERN
EXPRESS, INC., and FREEDOM
SPECIALTY INSURANCE COMPANY,**

      **Defendants.**

**CIVIL ACTION FILE NO.**

**22-A-4138**

## DEFENDANT RICHARD MORTON'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, **RICHARD MORTON**, Defendant in the above-styled action, and files this, his Answer to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that this Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

### THIRD DEFENSE

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care, as such, Plaintiff is not entitled to recover from this Defendant.

<u>EXHIBIT A</u>



## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant. Therefore, Plaintiff is barred from any recovery against this Defendant.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of statutory immunity, waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon this Defendant would violate their rights under the Constitution of the State of Georgia and the United States Constitution. Further in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

The injuries, damages, and losses alleged in Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over

EXHIBIT A

whom this Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom this Defendant had no legal relationship by which liability could be attributed to it.

### NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and any alleged injuries to the Plaintiff.

### TENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate his damages.

### ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

### TWELFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

### THIRTEENTH DEFENSE

Plaintiff's claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or a circumstance beyond the control of this Defendant.

### FOURTEENTH DEFENSE

To the extent any other party or non-party is deemed responsible for Plaintiff's injuries, in whole or in part, this Defendant seeks apportionment of damages pursuant to O.C.G.A. § 51-12-33.

EXHIBIT A

**FIFTEENTH DEFENSE**

This Defendant rises the defenses of lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, failure to state a claim, and failure to join a proper party.

**SIXTEENTH DEFENSE**

Plaintiff's recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

**SEVENTEENTH DEFENSE**

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

**EIGHTEENTH DEFENSE**

This Defendant responds to the individually numbered paragraphs of Plaintiff's Amended Complaint as follows:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, which are therefore denied.

2.

This Defendant admits he is a resident of the State of Massachusetts and can be served via process at 163 Litchfield Ave, Southbridge, MA 01550. This Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, which are therefore denied.

EXHIBIT A

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, which are therefore denied.

5.

This Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.

This Defendant re-raises and incorporates the responses in previous paragraphs.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, which are therefore denied.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

This Defendant re-raises and incorporates the responses in previous paragraphs.

11.

This Defendant admits that he owed certain duties established by state and federal law. This Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant denies the allegations contained in Paragraph 13 of the Complaint.

EXHIBIT A

14.

This Defendant re-raises and incorporates the responses in previous paragraphs.

15.

The allegations contained in Paragraph 15 are legal conclusions and do not require a response. If a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, which are therefore denied.

16.

The allegations contained in Paragraph 16 are legal conclusions and do not require a response. If a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, which are therefore denied.

17.

This Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

This Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.

This Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

This Defendant re-raises and incorporates the responses in previous paragraphs.

21.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, which are therefore denied.

EXHIBIT A

22.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, which are therefore denied.

23.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, which are therefore denied.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a)       that he be discharged without cost or liability;

b)       that he have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c)       that a Pre-Trial Conference be held;

d)       that all costs and attorneys' fees be assessed against Plaintiff; and

e)       that he have such other relief as the Court deems just and proper.

This 20th day of January, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC

EXHIBIT A

Georgia Bar No. 473114
*Counsel for Defendant*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1775
(404) 954-5000
(404) 954-5020 Fax
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com
**DEFENDANT DEMANDS**
**TRIAL BY JURY**

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **CAMILLE DAUGHERTY,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **22-A-4138** |
| **RICHARD MORTON, WESTERN EXPRESS, INC., and FREEDOM SPECIALTY INSURANCE COMPANY,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on  this day I have served a copy of the within and foregoing

**DEFENDANT RICHARD MORTON'S ANSWER AND DEFENSES TO PLAINTIFF'S**

**COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail, proper postage

prepaid, addressed to counsel of record as follows and/or filing said document with Peach Court

which will automatically send electronic notification to the following:

Madeleine Simmons
Nathaniel K. Hofman
Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Blvd, NW
Suite 700
Atlanta, GA 30308
msimmons@smstrial.com
nhofman@smstrial.com

This 20th day of January, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC

EXHIBIT A

Georgia Bar No. 473114
*Counsel for Defendant*


191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1775
(404) 954-5000
(404) 954-5020 Fax
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com
**DEFENDANT DEMANDS
TRIAL BY JURY**

EXHIBIT A

ID# E-K2CFT5EJ-UCB
⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-4138

JAN 20, 2023 09:24 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

**CAMILLE DAUGHERTY,**

    **Plaintiff,**

**v.**

**RICHARD MORTON, WESTERN EXPRESS, INC., and FREEDOM SPECIALTY INSURANCE COMPANY,**

    **Defendants.**

**CIVIL ACTION FILE NO.**

**22-A-4138**

---

## DEFENDANT WESTERN EXPRESS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, **WESTERN EXPRESS, INC.**, Defendant in the above-styled action, and files this, its Answer to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that this Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

### THIRD DEFENSE

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care, as such, Plaintiff is not entitled to recover from this Defendant.

77411674.1

1

<u>EXHIBIT A</u>



## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant. Therefore, Plaintiff is barred from any recovery against this Defendant.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of statutory immunity, waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon this Defendant would violate their rights under the Constitution of the State of Georgia and the United States Constitution. Further in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

The injuries, damages, and losses alleged in Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over

2

EXHIBIT A

whom this Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom this Defendant had no legal relationship by which liability could be attributed to it.

### NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and any alleged injuries to the Plaintiff.

### TENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate his damages.

### ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

### TWELFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

### THIRTEENTH DEFENSE

Plaintiff's claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or a circumstance beyond the control of this Defendant.

### FOURTEENTH DEFENSE

To the extent any other party or non-party is deemed responsible for Plaintiff's injuries, in whole or in part, this Defendant seeks apportionment of damages pursuant to O.C.G.A. § 51-12-33.

3

EXHIBIT A

## FIFTEENTH DEFENSE

Plaintiff's recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

## SIXTEENTH DEFENSE

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## SEVENTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiff's Amended Complaint as follows:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, which are therefore denied.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, which are therefore denied.

3.

This Defendant admits it is a corporation established under the laws of the state Tennessee and may be served with process via its registered agent Kevin T. Shires at 6960 Cordery Road, Cumming, GA, 30040. This Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, which are therefore denied.

4

EXHIBIT A

5.

This Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.

This Defendant re-raises and incorporates the responses in previous paragraphs.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, which are therefore denied.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

This Defendant re-raises and incorporates the responses in previous paragraphs.

11.

This Defendant admits that he owed certain duties established by state and federal law. This Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

This Defendant re-raises and incorporates the responses in previous paragraphs.

5

EXHIBIT A

15.

The allegations contained in Paragraph 15 are legal conclusions and do not require a response. If a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, which are therefore denied.

16.

The allegations contained in Paragraph 16 are legal conclusions and do not require a response. If a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, which are therefore denied.

17.

This Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

This Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.

This Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

This Defendant re-raises and incorporates the responses in previous paragraphs.

21.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, which are therefore denied.

6

EXHIBIT A

22.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, which are therefore denied.

23.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, which are therefore denied.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a)     that it be discharged without cost or liability;

b)     that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c)     that a Pre-Trial Conference be held;

d)     that all costs and attorneys' fees be assessed against Plaintiff; and

e)     that it have such other relief as the Court deems just and proper.

This 20th day of January, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC

7

EXHIBIT A

Georgia Bar No. 473114
*Counsel for Defendant*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1775
(404) 954-5000
(404) 954-5020 Fax
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com
**DEFENDANT DEMANDS
TRIAL BY JURY**

8

EXHIBIT A

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **CAMILLE DAUGHERTY,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **22-A-4138** |
| **RICHARD MORTON, WESTERN EXPRESS, INC., and FREEDOM SPECIALTY INSURANCE COMPANY,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT WESTERN EXPRESS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Peach Court which will automatically send electronic notification to the following:

Madeleine Simmons
Nathaniel K. Hofman
Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Blvd, NW
Suite 700
Atlanta, GA 30308
msimmons@smstrial.com
nhofman@smstrial.com

This 20th day of January, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC

9

EXHIBIT A

Georgia Bar No. 473114
*Counsel for Defendant*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1775
(404) 954-5000
(404) 954-5020 Fax
smoulton@hallboothsmith.com
sstojanovic@hallboothsmith.com
**DEFENDANT DEMANDS
TRIAL BY JURY**

10

EXHIBIT A