ID# E-U2G5P5XT-YTF
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-4138**

DEC 06, 2022 11:12 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CAMILLE DAUGHERTY, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RICHARD MORTON; WESTERN )<br>EXPRESS, INC.; and FREEDOM )<br>SPECIALTY INSURANCE )<br>COMPANY; )<br>)<br>Defendants. )<br>)<br>_____ ) | CIVIL ACTION FILE NO:<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Camille Daugherty (hereinafter "Plaintiff"), and states this her Complaint and Demand for Trial by Jury against Defendants Richard Morton (hereinafter "Defendant Morton"), Western Express, Inc. (hereinafter "Defendant WEI"), and Freedom Specialty Insurance Company (hereinafter "Defendant FSIC") as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a resident of Cobb County, State of Georgia.

2.

Defendant Morton is the driver of the tractor trailer involved in the collision giving rise to this personal injury action, and is a resident of the State of Massachusetts and is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may

1
EXHIBIT C

be served by issuing Summons and a second original of this Complaint to him at his address of 163 Litchfield Avenue, Southbridge, Massachusetts 01550.  Service on Defendant Morton may also be perfected through the Georgia Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-2.

3.

Defendant WEI is a for-profit, foreign corporation with its principal place of business located at 7135 Centennial Place, Nashville, Tennessee 37209.  Defendant WEI is subject to the jurisdiction of this Court, pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to its registered agent, Kevin T. Shires, 6960 Cordery Road, Cumming, Georgia 30040.

4.

Defendant FSIC is a foreign insurance company with its principal place of business located at One West Nationwide Boulevard, Columbus, Ohio 43215. Defendant FSIC is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 41-1-112, and may be served by issuing Summons and Complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5.

Jurisdiction and venue are proper pursuant to O.C.G.A. § 40-12-3.

**OPERATIVE FACTS**

6.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 5 above as if they were fully restated verbatim.

7.

On or about December 31, 2020, Plaintiff was operating a 2020 Hyundai Sonata at the intersection of Atlanta Road and the on-ramp to southbound Interstate 285, in Cobb County, Georgia, and was attempting to make a left-hand turn onto the interstate.

8.

On or about the same time and place, Defendant Morton was driving a 2019 International tractor trailer and was turning left from Atlanta Road onto southbound Interstate 285, when he negligently, recklessly, carelessly and unlawfully operated said vehicle making an improper lane change, causing extreme damage to the vehicle operated by Plaintiff.

9.

As a result of the collision, Plaintiff suffered multiple injuries and subsequent damages.

## COUNT I – NEGLIGENCE OF DEFENDANT MORTON

10.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 9 above as if they were fully restated verbatim.

11.

At all relevant times, Defendant Morton owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Morton did violate them in the following particulars:

a.  In failing to make reasonable and proper observations while driving the 2019 International tractor trailer; or, if reasonable and proper observations were made, failing to act thereon;

b.  In driving the 2019 International tractor trailer in the wrong lane in violation of O.C.G.A. § 40-6-52(b);

c.  In driving the 2019 International tractor trailer in reckless disregard for the safety of persons and/or property by failing to properly change lanes in violation of O.C.G.A. § 40-6-123(a); and

d.  In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

12.

Defendant Morton's violations of the aforementioned duties of care constitute negligence *per se*.

13.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Morton, Plaintiff has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess of $46,000.00 in past medical expenses and lost wages.

**COUNT II – NEGLIGENCE OF DEFENDANT WEI**

14.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13 above as if they were fully restated verbatim.

15.

At all relevant times, Defendant Morton was an employee and agent of Defendant WEI and Defendant Morton was driving a 2019 International tractor trailer within the course and scope of his employment with Defendant WEI.

16.

Defendant WEI is liable for the acts and omissions of Defendant Morton as Defendant WEI's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

17.

Defendant WEI negligently hired, retained, and supervised Defendant Morton.

18.

Defendant WEI negligently entrusted the 2019 International tractor trailer to Defendant Morton when it knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

19.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant WEI, Plaintiff has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, lost wages, plus an inability to lead a normal life. As a result

of the subject collision, Plaintiff has incurred in excess $46,000.00 in past medical expenses and lost wages.

## COUNT III – DIRECT ACTION AGAINST DEFENDANT FSIC

20.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19 above as if they were fully restated verbatim.

21.

At the time of the subject collision, Defendant FSIC had a policy of insurance affording liability coverage to Defendant WEI.

22.

Defendant WEI is a motor carrier.

23.

Pursuant to O.C.G.A. § 41-1-112, Plaintiff brings a direct cause of action against Defendant FSIC for injuries and damages proximately caused by the negligence of its insured.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

a. That Process and Summons be issued, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b. That service be had upon Defendants as provided by law;

c. That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully

and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

  d. That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

  e. That this matter be tried to a jury;

  f. That all costs be cast against the Defendants; and

  g. For such other and further relief as this Court deems just and appropriate.

This 6th day of December 2022.

            Respectfully submitted,

            */s/ Madeleine Simmons*
            MADELEINE N. SIMMONS
            Georgia Bar No. 822807
            NATHANIEL K. HOFMAN
            Georgia Bar No. 997966
            Attorneys for Plaintiff

Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Blvd
Suite 700
Atlanta, GA 30308
Tel:  (404) 529-3476
Fax: (470) 514-3685

EXHIBIT C