IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICKI LETT, ) | |
| ) | |
| PLAINTIFF, ) | CIVIL ACTION FILE NO. |
| ) | |
| V. ) | |
| ) | |
| SEVEN OUT, LLC D/B/A ) | |
| JERSEY MIKE'S ) | |
| ) | JURY TRIAL DEMANDED |
| DEFENDANT. ) | |
| ) | |
| ) | |

## COMPLAINT

Nicki Lett ("Ms. Lett" or "Plaintiff") files this Complaint against Defendant Seven Out, LLC, d/b/a Jersey Mike's ("Defendant"). Plaintiff respectfully shows this Court as follows:

### INTRODUCTION

1. This action is for sexual harassment and retaliation arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII"), and related state-Lett claims. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages and attorney's fees and costs. Plaintiff further invokes pendant jurisdiction of this Court pursuant to 28

U.S.C. § 1367 to hear and decide claims arising under the Letts of the State of Georgia for assault, battery, negligent supervision, and negligent retention.

## JURISDICTION AND VENUE

2. Ms. Lett's Title VII claims present federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

3. This Court has pendant jurisdiction over Ms. Lett's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court is an appropriate venue for all of Ms. Lett's claims under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3) because all the parties reside within the Northern District of Georgia and a substantial majority of events giving rise to Ms. Lett's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

5. Ms. Lett filed a timely charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the Charge is attached hereto as Exhibit "1" and is incorporated herein.

6. Ms. Lett received a notice of right to sue from the EEOC within ninety (90) days of filing this Complaint and has complied with all other conditions precedent to the institution of this suit. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit "2" and is incorporated herein.

## PARTIES

7. Ms. Lett is a citizen of the United States.

8. Ms. Lett is a resident of the State of Georgia.

4. Defendant is a company licensed to do business in Georgia.

5. Defendant transacts business in the Northern District of Georgia.

6. Defendant is subject to this Court's jurisdiction.

7. Defendant may be served with process through its registered agent for service of process.

## STATEMENT OF FACTS

8. Ms. Lett is female.

9. Ms. Lett was an employee of Defendant at all times material to this Complaint.

10. Ms. Lett is a member of a protected class under Title VII.

11. Jersey Mike's is a franchised restaurant.

12. Defendant is a franchisee of Jersey Mike's.

13. Defendant operates three Jersey Mike franchises in the metro Atlanta area.

14. Defendant is subject to the anti-discrimination and anti-retaliation provisions of Title VII.

15. Defendant employed 15+ employees for each working day in each of twenty or more calendar weeks from 2021 throughout 2022.

16. During the relevant time period Plaintiff worked at Defendant's downtown Atlanta store located on Marietta Street.

17. Plaintiff began employment with Defendant on or about February 11, 2022.

18. Around the same time that Plaintiff became employed her sister also became an employee of Defendant.

19. A manager at Defendant's location who worked with the Plaintiff was a man named Michael Thomas.

20. Mr. Thomas and/or Defendant's owner, Mr. Dorfman routinely sent out a schedule on Sunday nights for the following week.

21. Shortly after Plaintiff began, Mr. Thomas began to sexually harass the Plaintiff.

22. Mr. Thomas commonly flirted with several of the female employees including Plaintiff and her sister.

23. Mr. Thomas would talk about his sex life or dating life with Plaintiff and her sister.

24. Mr. Thomas called Plaintiff his "Sweety".

25. Mr. Thomas was also very touchy and he touched Plaintiff in ways that made Plaintiff uncomfortable.

26. For example, on Thursday, March 24, 2022 Mr. Thomas came behind Plaintiff while she was washing dishes. Mr. Thomas thrust his penis into Plaintiff's rear when he was behind her. Mr. Thomas then joked to another co-worker "hey, Walt, it bounced back."

27. This sexual assault upset the Plaintiff.

28. Plaintiff told Mr. Thomas to stop.

29. The next day Plaintiff texted Mr. Thomas and asked him to respect my personal space.

30. Plaintiff's response to Mr. Thomas was a protected complaint of sexual harassment as defined by Title VII.

31. The next time Plaintiff worked with Mr. Thomas, Mr. Thomas retaliated against her.

32. Specifically, Mr. Thomas was aggressive and rude in response to Plaintiff's complaint of sexual harassment.

33. Plaintiff became increasingly uncomfortable around Mr. Thomas, as it appeared to Plaintiff that Mr. Thomas was upset with her for her compliant of sexual harassment.

34. This sexual harassment experienced by Plaintiff had the effect of unreasonably interfering with Plaintiff's work performance by creating an intimidating, hostile, and offensive working environment that affected Plaintiff's psychological well-being.

35. Specifically, Mr. Thomas's comments and touching of Plaintiff were both pervasive and severe such that they were enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

36. In response to Mr. Thomas' continued sexual harassment and retaliation, Plaintiff, contacted Defendant's owner, Gary Dorfman and made another complaint of sexual harassment.

37. During a call with Mr. Dorfman Plaintiff, had Mr. Sylvester Ellis with her.

38. During this call, Mr. Dorfman, minimized Mr. Thomas' behavior, and didn't seem to take Plaintiff's complaint of sexual harassment very seriously.

39. Further, Plaintiff asked for the phone number to corporate HR, and the Mr. Dorfman refused to give her the number.

40. Shortly after Plaintiff's complaint, Mr. Dorfman called Plaintiff's sister and attempted to coerce Plaintiff's sister to claim that Plaintiff 's compliant was untrue.

41. Shortly thereafter, Plaintiff's sister resigned.

42. On Thursday, April 7, 2022 after Plaintiff's complaint to Mr. Dorfman was unsuccessful, Plaintiff filed an EEOC charge. (Exhibit A).

43. On Friday, April 8, 2022 Plaintiff gave a copy of the charge to Mr. Thomas, and shortly thereafter Plaintiff gave a copy of the EEOC charge to Mr. Dorfman.

44. On Sunday, April 10, Plaintiff did not receive a schedule for the week starting April 18.

45. Plaintiff attempted to obtain a schedule, but she was not provided with a schedule.

46. Shortly thereafter, on or about April 18, 2022 Plaintiff was informed that she was terminated.

47. No reason was given to Plaintiff for her termination.

48. Plaintiff was terminated because she filed an EEOC charge and/or made a complaint of sexual harassment.

## COUNT I
### Sexual Harassment in Violation of Title VII

49. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

50. As a woman, Plaintiff is a member of a protected group.

51. As detailed above, throughout her employment with Defendant, Plaintiff was subjected to sexual harassment and a hostile work environment by Defendant's employees and management.

52. All the above conduct by Defendant's employees and management was unwelcome, offensive, and intimidating to Plaintiff, and open and obvious in the workplace.

53. Mr. Thomas implicitly conditioned Plaintiff's continued employment on allowing certain sexual comments and touching, etc.

54. When Plaintiff rejected Mr. Thomas's sexual advances she was punished as detailed above.

55. Plaintiff complained that the sexually harassing conduct was unwelcome.

56. At all times relevant to this action, Defendant knew or should have known of the sexual harassment endured by Plaintiff as well as the existence of a

sexually harassing work environment, and they failed to meaningfully remedy the workplace environment to protect Plaintiff.

57. Defendant willfully and wantonly disregarded Plaintiff's rights. Additionally, Defendant's discrimination and retaliation against Plaintiff was undertaken in bad faith and constitute unlawful, intentional gender discrimination in violation of Title VII.

58. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits (past and future), humiliation, and other indignities. Plaintiff seeks all damages available.

59. Plaintiff seeks all remedies available by law or equity.

## COUNT II
## Retaliation in Violation of Title VII

60. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

61. Plaintiff engaged in protected activities protected under Title VII by making complaints of sexual harassment.

62. As a result of her complaints of sexual harassment, Plaintiff suffered adverse employment actions including but not limited to unfounded writeups, changing her schedule, assigning her fewer desirable tables, yelling at her, and

attempting to humiliate Plaintiff in front of her coworkers, and ultimately terminating her employment.

63. As a direct and proximate result of Defendant's unlawful discriminatory and retaliatory actions, Plaintiff has suffered lost wages and other benefits of employment, significantly diminished employment opportunities, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation because she exercised her rights under Title VII.

64. Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination and retaliation against Plaintiff was undertaken in bad faith.

65. As a result, Plaintiff is entitled to both equitable and monetary relief in all forms provided by Lett.

66. Plaintiff seeks all remedies available to her by Lett or equity.

## COUNT III
## Sexual Assault and Battery

37. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

38. Plaintiff's co-worker's behavior constitutes a civil assault and battery.

39. Defendant knew that Plaintiff was likely to be subjected to sexually harassing comments and/or fear of touching due to the open and obvious nature of Defendant's employees conduct in the workplace.

40. Defendant failed to take prompt and appropriate remedial steps to protect Plaintiff from sexual harassment and assault and battery.

41. Because of Defendant's negligent supervision and retention, Defendant ratified the co-worker's behavior.

42. Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

## COUNTS IV AND V
### Negligent Retention and Negligent Supervision

43. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

44. At all times material to this Complaint, Defendant owed a legal duty of care toward their employees to exercise reasonable care and prudence in the hiring, supervision, and retention of its employees.

45. By and through the conduct, actions, and malfeasance cited above, Defendant breached the above-described legal duties of care that it owed to Plaintiff.

46. Defendant knew that Plaintiff was being subjected to sexually harassing comments and conduct because of Plaintiff's repeated complaints of sexual harassment and the open and obvious nature of Defendant's employees' conduct in the workplace.

47. Defendant failed to take prompt and appropriate remedial steps to protect Plaintiff from sexual harassment.

48. Because of Defendant's negligent supervision and retention, Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

**WHEREFORE**, Plaintiff demands an arbitration and the following relief:

(a) cause process to issue;

(b) issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated Plaintiff's rights under Title VII and state law;

(c) grant Plaintiff a permanent injunction enjoining Defendants, their officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under Title VII or because of their participation in this lawsuit;

(d) grant Plaintiff judgment in her favor and against Defendants under all Counts of this Complaint;

(e) order Defendants to make the Plaintiff whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendants' unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(f) grant to Plaintiff compensatory and punitive damages for Defendants' willful violations of Title VII;

(g) grant to Plaintiff reasonable attorney's fees together with any and all other costs associated with this action as provided by Title VII and state Lett violations; and

(h) grant plaintiff all other damages including nominal damages, available by law.

(i) grant such additional relief as this court deems proper and just.

Respectfully submitted on this 5th day of April 2023.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050

THE MIXON LETT FIRM
3344 Peachtree Rd., Suite 800
Atlanta, GA 30326
Phone: 770-955-0100
steve@mixon-Lett.com