# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ABDUR-RAHIM DIB DUDAR, | )( | |
| | )( | |
| Plaintiff, | )( | |
| | )( | |
| v. | )( | CIVIL ACTION |
| | )( | FILE NO. _____ |
| STATE FARM FIRE AND | )( | |
| CASUALTY INSURANCE | )( | On Removal from the |
| COMPANY, | )( | Superior Court Gwinnett County |
| | )( | Civil Action No. 23-A-01753-2 |

## STATE FARM'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

**COMES NOW STATE FARM FIRE AND CASUALTY COMPANY**

(hereinafter "State Farm"), incorrectly identified as State Farm Fire and Casualty

*Insurance* Company, Defendant in the above-styled civil action and, by and

through its undersigned counsel, hereby files its Answer and Affirmative Defenses

to the Plaintiff's Complaint, respectfully showing this Court as follows:

## AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against State Farm upon which

relief can be granted.

**AFFIRMATIVE DEFENSE**

The Plaintiff fails to state a cause of action for breach of contract as State Farm never denied Plaintiff's claims as described in Plaintiff's Complaint.

**AFFIRMATIVE DEFENSE**

To the extent the Plaintiff seeks to assert a breach of contract claim against State Farm for any loss which is the subject of the Plaintiff's Complaint, the Plaintiff's action should be dismissed because State Farm did not breach its contract with the Plaintiff and, at all times relevant to this action, acted in accordance with the terms and conditions of the subject Policy and all applicable Georgia law.

**AFFIRMATIVE DEFENSE**

Plaintiff's claims that are the subject of Plaintiff's Complaint involved multiple events that are subject to separate deductibles, separate defenses and separate policy terms.

**AFFIRMATIVE DEFENSE**

The policy of insurance which is the subject of Plaintiff's Complaint was issued by State Farm Fire and Casualty Company, not State Farm Fire and Casualty *Insurance* Company.  Upon information and belief, State Farm Fire and Casualty *Insurance* Company is not a legal entity, was not a party to the Policy

which is the subject of the Complaint and, therefore, the Plaintiff fails to state a claim upon which relief can be granted and fails to state a cause of action against State Farm Fire and Casualty Company.

## AFFIRMATIVE DEFENSE

State Farm denies that the injuries and damages alleged in the Complaint were proximately caused by any conduct on the part of State Farm.

## AFFIRMATIVE DEFENSE

The losses or damages complained of in Plaintiff's Complaint were caused, produced, and brought about directly and proximately by the conduct of some other person or entity for whom State Farm is not responsible and, therefore, the Plaintiff is not entitled to recover any sum from this Defendant.

## AFFIRMATIVE DEFENSE

The facts and circumstances forming the basis of the Plaintiff's Complaint were brought about by and as a result of Plaintiff's own conduct and Plaintiff, therefore, is estopped and precluded from recovery herein.

## AFFIRMATIVE DEFENSE

Plaintiff waived his right to insist upon State Farm's compliance with the Policy due to his own failure to comply with the Policy conditions.

## **AFFIRMATIVE DEFENSE**

Plaintiff cannot recover against State Farm based upon Plaintiff's spoliation of evidence including the disposal and destruction of property as a result of the events described in Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSE**

The Plaintiff's claim is barred and the Plaintiff cannot recover because he failed to satisfy the conditions under the Policy.  The Policy provides:

### **SECTION I – CONDITIONS**

. . .

2. **Your Duties After Loss.** In case of a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed:

   a. give prompt notice to us or our agent, and also notify the police if the loss is caused by theft, vandalism, or any other criminal act;

   b. protect the property from further damage or loss and also:

      (1) make reasonable and necessary temporary repairs required to protect the property; and

      (2) keep an accurate record of repair expenses;

   c. prepare an inventory of damaged or stolen personal property:

      (1) showing in detail the quantity, description, age, actual cash value, and amount of loss; and

      (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

   d. as often as we reasonably require:

      (1) exhibit the damaged property;

      (2) provide us with any requested records and documents and allow us to make copies;

      (3) while not in the presence of any other insured:

         (a)  give statements; and

   (b) submit to examinations under oath; and

 e. submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief;

  (1) the time and cause of loss;

  (2) interest of the insured and all others in the property involved and all encumbrances on the property;

  (3) other insurance which may cover the loss;

  (4) changes in title or occupancy of the property during the term of this policy;

  (5) specifications of any damaged building and detailed estimates for repair of the damage;

  (6) an inventory of damaged personal property described in 2.c.;

  (7) records supporting the fair rental value loss.

. . .

The Plaintiff failed to protect the property from further loss or damage, failed to exhibit the damaged property, failed to provide records and documents when requested, and failed to submit signed sworn proofs of loss in connection with the claims that are the subject of Plaintiff's lawsuit.

## AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering for this claim because Plaintiff failed to mitigate his damages pursuant to O.C.G.A. § 13-6-5 and/or failed to take steps to mitigate the costs incurred in repairing any damages related to the loss described in Plaintiff's Complaint.

# **AFFIRMATIVE DEFENSE**

Plaintiff's lawsuit is barred and Plaintiff may not recover because the

Plaintiff failed to comply with all policy provisions before initiating this lawsuit.

The policy provides:

### **SECTION I – CONDITIONS**

...

8. **Suit Against Us.** No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.

   However, if the action results from a loss caused by fire or lightning, the action must be started within two years after the date of loss or damage.

# **AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover from State Farm to the extent that

Plaintiff's alleged damages were not proximately caused by an act or occurrence

which is a covered loss under the terms of the insurance contract.

# **AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred and Plaintiff cannot recover because the incidents

described in Plaintiff's Complaint did not involve accidental direct physical loss to

property within the meaning of the State Farm Policy.

## AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm because the losses and the damages for which Plaintiff seeks to recover are not covered under the terms, conditions and provisions of the subject policy, do not qualify as losses insured, or are otherwise excluded by the Policy terms.  The Policy provides:

### SECTION I – LOSSES INSURED

**COVERAGE A - DWELLING AND COVERAGE B - PERSONAL PROPERTY**

We insure for accidental direct physical loss to the property described in Coverage A and Coverage B, except as provided in **Section I – Losses Not Insured**. However, loss does not include and we will not pay for, any diminution in value.

### SECTION I - LOSSES NOT INSURED

1.  We do not insure for loss to the property described in Coverage A and Coverage B either consisting of, or directly and immediately caused by, one or more of the following:

    a.  collapse, except as specifically provided in **SECTION I, ADDITIONAL COVERAGES** for Collapse;

        . . .

    i.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect and mechanical breakdown;

    j.  rust, mold, or wet or dry rot;

    …

    m.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

    n.  birds, vermin, rodents, insects or domestic animals. We do cover the breakage of glass or safety glazing material which is a part of a building, when caused by birds, vermin, rodents, insects or domestic animals.

    However, we do insure for any ensuing loss from items a. through n. unless the loss is itself a Loss Not Insured by this Section.

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss.

a. **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.

. . .

c. **Water Damage**, meaning:

(1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

(2) water which backs up through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

(3) natural water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

However, we do insure for direct loss by fire, explosion, or theft resulting from water damage.

d. **Neglect**, meaning neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered by a Loss Insured.

. . .

g. **Fungus**, including the growth, proliferation, spread or presence of fungus, and including:

(1) any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the described premises or location of the rebuilding, repair or replacement of that property, by fungus;

(2) any remediation of **fungus**, including the cost or expense to:

(a) remove or clean the **fungus** from covered property or to repair, restore or replace that property;

    (b)  tear out and replace any part of the building or other property as needed to gain access to the **fungus**;

    (c)  contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the **fungus**; or

    (d)  remove any property to protect it from the presence of or exposure to **fungus**:

  (3)  the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of **fungus**, whether performed prior to, during or after removal, repair, restoration or replacement of covered property.

However, the presence of **fungus** on covered property does not negate coverage for that part of the covered property otherwise damaged by a Loss Insured.

This exclusion does not apply if fungus results from an accidental direct physical loss caused by fire or lightning.

3.  We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

  a.  conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

  b.  defect, weakness, inadequacy, fault or unsoundness in:

    (1)  planning, zoning, development, surveying, siting;

    (2)  design, specifications, workmanship, construction, grading, compaction;

    (3)  materials used in construction or repair; or

    (4)  maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**.

However, we do insure for any ensuing loss from items a. and b. unless the ensuing loss is itself a Loss Not Insured by this Section.

## SECTION I – COVERAGES

11. **Collapse**. We insure for direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:

    a.   fire, lightning, explosion, windstorm or hail, smoke, aircraft or vehicles, riot or civil commotion, vandalism, leakage from fire extinguishing equipment, volcanic action, falling objects, weight of ice, snow or sleet, water damage, breakage of building glass, all only as insured against in this policy;

        (1)  falling objects does not include loss of or damage to:

            (a)  personal property in the open; or

            (b)  the interior of a building or structure, or property inside a building or structure, unless the roof or an outside wall of the building or structure is first damaged by a falling object;

        (2)  water damage means accidental discharge or leakage of water or steam as the direct result of the breaking or cracking of any part of a system or appliance containing water or steam;

    b.   hidden decay;

    c.   hidden insect or vermin damage;

    d.   weight of contents, equipment, animals or people;

    e.   weight of ice, snow, sleet or rain which collects on a roof; or

    f.   use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of construction, remodeling or renovation.

Loss to an awning, fence, patio, pavement, swimming pool, underground pipe, flue, drain, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf or dock is not included under items b., c., d., e., and f. unless the loss is a direct result of the collapse of a building.

Collapse does not include settling, cracking, shrinking, bulging or expansion.

This coverage does not increase the limit applying to the damaged property.

## <u>AFFIRMATIVE DEFENSE</u>

Plaintiff is not entitled to recover any replacement cost benefits because Plaintiff did not comply with the provisions of the Policy regarding such benefits, if any.

## **AFFIRMATIVE DEFENSE**

Plaintiff cannot recover the damages set forth in Plaintiff's Complaint because the amount of said damages do not reflect the reasonable cost to replace and/or repair the damaged and covered property with equivalent construction for equivalent use and to return the Plaintiff's Property to its pre-loss condition.  The damages sought in Plaintiff's Complaint are for repairs that were not in accordance with the terms of the policy or the standard and custom of the industry.

## **AFFIRMATIVE DEFENSE**

Although State Farm denies any liability to Plaintiff for the events described in Plaintiff's Complaint, against the possibility of verdict to the contrary, Plaintiff may only recover for the actual cash value of any loss and in no event for more than the Policy limits. The Policy contains the following provisions:

### DEFINITIONS

1. "**actual cash value**" means the value of the damaged part of the property at the time of loss, calculated as the estimated cost to repair or replace such property, less a deduction to account for pre-loss depreciation. For this calculation, all components of this estimated cost including, but not limited to:

   1. materials, including any tax;

   2. labor, including any tax; and

   3. overhead and profit;

   are subject to depreciation.

   The depreciation deduction may include such considerations as:

   1. age;

   2. condition;

   3.   reduction in useful life;

   4.   obsolescence; and

   5.   any pre-loss damage including wear, tear, or deterioration;

of the damaged part of the property.

**SECTION I – CONDITIONS**

. . .

**3.** **Loss Settlement**. Covered property losses are settled as follows. However, the valuation of any covered property losses does not include, and we will not pay, any amount for **diminution in value**:

  a.  Personal property and structures that are not buildings at **actual cash value**, up to the applicable limit of liability, at the time of loss. There may be deduction for depreciation. We will not pay an amount exceeding that necessary to repair or replace;

  b.  Carpeting, domestic appliances, awnings and outdoor antennas, whether or not attached to buildings, at **actual cash value**, up to the applicable limit of liability, at the time of loss. We will not pay an amount exceeding that necessary to repair or replace;

  c.  Buildings under Coverage A at replacement cost without deduction for depreciation, subject to the following:

    (1)  We will not pay more than the $10,000 limit on Land as provided in **SECTION I, ADDITIONAL COVERAGES**.

    (2)  We will pay the cost of repair or replacement, without deduction for depreciation, but not exceeding the smallest of the following amounts:

      (a)  the limit of liability under this policy applying to the building;

      (b)  the replacement cost of that part of the building damaged for equivalent construction and use on the same premises; or

      (c)  the amount actually and necessarily spent to repair or replace the damaged building.

    (3)  Until actual repair or replacement is completed, we will pay only the **actual cash value** at the time of the loss of the damaged part of the building, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the building;

    (4)  When the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the

- 12 -

building, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less; and

(5) To receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the building within two years after the date of loss, and notify us within 30 days after the work has been completed.

## **AFFIRMATIVE DEFENSE**

To the extent that Plaintiff's Complaint seeks claims against State Farm pursuant to any statute or law other than O.C.G.A. § 33-4-6, Plaintiff cannot recover because O.C.G.A. § 33-4-6 is the exclusive remedy for any alleged wrongful failure to pay an insurance claim and Plaintiff failed to strictly comply with the statute and applicable law relating to O.C.G.A. § 33-4-6.

## **AFFIRMATIVE DEFENSE**

The Plaintiff is not entitled to recover pursuant to O.C.G.A. § 33-4-6.  State Farm never failed or refused to pay the Plaintiff's claim for the Loss.  Therefore, the Plaintiff fails to state a claim under O.C.G.A. § 33-4-6.

## **AFFIRMATIVE DEFENSE**

To the extent Plaintiff's Complaint seeks damages under O.C.G.A. § 33-4-6, such damages are not available inasmuch as Plaintiff failed to strictly comply with the statute and applicable law.  The Policy states:

**SECTION I – CONDITIONS**

...

10. **Loss Payment**.  We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and

    a.   reach agreement with you;

    b.   there is an entry of a final judgment; or

    c.   there is a filing of an appraisal award with us.

Although State Farm denies that Plaintiff made a demand for payment as required by law Plaintiff's demand, if any, was made at a time when payment was not due and thus was improper and untimely under O.C.G.A. § 33-4-6.

## AFFIRMATIVE DEFENSE

Because the Plaintiff failed to allege a duty independent of the insurance contract or harm independent of the failure to pay the Plaintiff's insurance claim, O.C.G.A. § 33-4-6 is the Plaintiff's exclusive remedy for any alleged failure to pay the insurance claims that are the subject of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to recover pursuant to O.C.G.A. § 33-4-6 because, at all times relevant to this action, State Farm acted in good faith and with reasonable and probable cause with respect to the claims asserted by Plaintiff.

## **AFFIRMATIVE DEFENSE**

To the extent the Plaintiff seeks to recovery for bad faith under O.C.G.A. §

33-4-6, Plaintiff cannot recover because Plaintiff failed to strictly comply with the

requirements of O.C.G.A. § 33-4-6.  The Plaintiff failed to wait sixty days from the

time of any demand, even if made, before filing suit alleging bad faith.

## **AFFIRMATIVE DEFENSE**

State Farm expressly reserves the right to assert any and all affirmative

defense(s) and matter(s) in avoidance as may be disclosed during the course of

additional investigation and discovery.

Subject to and without waiving any of its other respective rights, jurisdictional

or legal defenses, or objections, Defendant State Farm responds the narrative

allegations of Plaintiff's Complaint as follows:

## **Page 1 Narrative Allegations**

In response to the allegations contained on Page 1 of the Plaintiff's

Complaint, State Farm admits that it is an insurance corporation organized under

the laws of the State of Illinois with its principal place of business in the State of

Illinois and is a citizen of the State of Illinois.  In further response to the allegations

contained on Page 1 of the Plaintiff's Complaint, State Farm admits that it may be

served through its registered agent, Corporation Service Company, at 2 Sun Court,

Suite 400, Peachtree Corners, Georgia 30092.  State Farm further admits that it

issued policy number 91-BA-V758-6 (the "Policy") to the Plaintiff for the property

located at 157 Pindar Court in Stockbridge, GA which Policy was issued on

November 3, 2021, subject, however, to all terms and conditions of the Policy and

all applicable law.  State Farm states that the terms and conditions of the Policy

speak for themselves and that any interpretation or characterization of the Policy

terms and conditions to the contrary is expressly denied. The remaining allegations

contained on Page 1 of the Plaintiff's Complaint are legal conclusions or argument

to which no response is required. To the extent a response is required, these

allegations are denied.  All remaining allegations contained on Page 1 of the

Plaintiff's Complaint not expressly admitted herein are denied.

## Page 2 Narrative Allegations

In response to the allegations contained on Page 2 of the Plaintiff's

Complaint, State Farm admits that, on March 10, 2022, Plaintiff reported damage

to the roof of the Property resulting from a loss that Plaintiff alleged occurred

before March 10, 2022.  In response to Plaintiff's notice, State Farm assigned

Plaintiff's claim a reference number, the same being claim number 11-31K7-72J

(the Roof Claim).  To the extent that other allegations on Page 2 of the Plaintiff's

Complaint assert facts unknown to State Farm, State Farm responds that it is

without knowledge sufficient to admit or deny said allegations and therefore those

allegations are denied. The remaining allegations contained on Page 2 of the

Plaintiff's Complaint include legal conclusions or argument to which no response

is required. To the extent a response is required, those allegations are denied.  All

other allegations contained on Page 2 of the Plaintiff's Complaint not expressly

admitted herein are denied.

### Page 3 Narrative Allegations

In response to the allegations contained on Page 3 of the Plaintiff's

Complaint, State Farm admits that, on March 10, 2022, Plaintiff reported damage

to the Property resulting from a loss that Plaintiff alleged occurred prior to March

10, 2022.  In further response the allegations contained on Page 3 of the Plaintiff's

Complaint, State Farm admits that it assigned an adjuster to inspect the Plaintiff's

Property which inspection occurred on April 12, 2022.  During that inspection, the

deck on Plaintiff's Property fell when the Plaintiff and State Farm's adjuster

attempted to use the deck to access the roof.  In further response to the incident on

April 12, State Farm assigned the incident and Plaintiff's claim therefor a reference

number, the same being claim number 11-34B9-95J (the Roof Claim).  To the

extent that other allegations on Page 3 of the Plaintiff's Complaint assert facts

unknown to State Farm, State Farm responds that it is without knowledge

sufficient to admit or deny said allegations and therefore those allegations are denied. The remaining allegations contained on Page 3 of the Plaintiff's Complaint include legal conclusions or argument to which no response is required. To the extent a response is required, those allegations are denied.  All other allegations contained on Page 3 of the Plaintiff's Complaint not expressly admitted herein are denied.

## Page 4 Narrative Allegations

In response to the allegations contained on Page 4 of the Plaintiff's Complaint, State Farm admits that State Farm's inspection of the deck and the roof of the Property revealed damage from long-term exposure to water, rot and other excluded causes. To the extent that other allegations on Page 4 of the Plaintiff's Complaint assert facts unknown to State Farm, State Farm responds that it is without knowledge sufficient to admit or deny said allegations and therefore those allegations are denied. The remaining allegations contained on Page 4 of the Plaintiff's Complaint include legal conclusions or argument to which no response is required. To the extent a response is required, those allegations are denied.  All other allegations contained on Page 4 of the Plaintiff's Complaint not expressly admitted herein are denied.

## **Page 5 Narrative Allegations**

In response to the allegations contained on Page 5 of the Plaintiff's Complaint, State Farm admits that State Farm's inspection of the deck and the roof of the Plaintiff's Property revealed damage from long-term exposure to water, rot and other excluded causes before the weather events described on Page 5.  In further response to the allegations contained on Page 5 of the Plaintiff's Complaint, State Farm admits that the Policy provided certain coverage limits subject, however, to all terms and conditions of the Policy and all applicable law.  State Farm further states that the terms and conditions of the Policy speak for themselves and that any interpretation or characterization of the Policy terms and conditions to the contrary is expressly denied.  To the extent that other allegations on Page 5 of the Plaintiff's Complaint assert facts unknown to State Farm, State Farm responds that it is without knowledge sufficient to admit or deny said allegations and therefore those allegations are denied. The remaining allegations contained on Page 5 of the Plaintiff's Complaint include legal conclusions or argument to which no response is required. To the extent a response is required, those allegations are denied.  All other allegations contained on Page 5 of the Plaintiff's Complaint not expressly admitted herein are denied.

## **Page 6 Narrative Allegations**

In response to the allegations contained on Page 6 of the Plaintiff's Complaint, State Farm denies that that Plaintiff's Complaint included an estimate submitted by Genius Creative Floor Installations for $231,500.  All other allegations contained on Page 6 of the Plaintiff's Complaint not expressly admitted herein are denied.

State Farm denies each and every remaining allegation on Page 6 of the Plaintiff's Complaint not specifically and expressly admitted herein.  State Farm specifically denies all relief sought by Plaintiff in the Plaintiff's "CONCLUSION" Prayer for Relief and all subparts appearing after the "Wherefore" portion of the Complaint.

Regarding the two-page document included with Plaintiff's Complaint summarizing certain "ATTACHMENTS" to the Plaintiff's Complaint, State Farm responds as follows:

Regarding Item 1 of the ATTACHMENTS summary (labeled "**WAIVER**"), State Farm responds that the remarks contained in Item 1 consist of legal conclusions or argument to which no response is required. To the extent a response is required, those allegations are denied.  All other statements and allegations

contained in Item 1 of the summary of the <u>ATTACHMENTS</u> to Plaintiff's Complaint are herein denied.

Regarding Item 2 of the <u>ATTACHMENTS</u> summary (labeled "**<u>ESTOPPEL</u>**") State Farm responds that the remarks contained in Item 2 consist of legal conclusions or argument to which no response is required. To the extent a response is required, those allegations are denied.  All other statements and allegations contained in Item 2 of the summary of the <u>ATTACHMENTS</u> to Plaintiff's Complaint are herein denied.

Regarding Item 3 of the <u>ATTACHMENTS</u> summary (also labeled "**<u>Estoppel</u>**"), State Farm responds that the remarks contained in Item 3 consist of legal conclusions or argument to which no response is required. To the extent a response is required, those allegations are denied.  All other statements and allegations contained in Item 3 of the summary of the <u>ATTACHMENTS</u> to Plaintiff's Complaint are herein denied.

Regarding Item 4 of the <u>ATTACHMENTS</u> summary, State Farm contends that the content of the Plaintiff's February 2, 2023, letter (described by Plaintiff as "ATMT 1") speaks for itself and that any interpretation or characterization of the content of the February 2, 2023, letter in Plaintiff's summary is expressly denied.

State Farm further denies the remarks, arguments and content of Plaintiff's February 2, 2023, letter.

Regarding Item 5 of the ATTACHMENTS summary, State Farm contends that the content of its September 10, 2021, Renewal Certificate (described by Plaintiff as "ATMT 2") speaks for itself and that any interpretation or characterization of the content of the September 10, 2021, Renewal Certificate in Plaintiff's summary is expressly denied.  Further, State Farm denies that the September 10, 2021, Renewal Certificate is a "Copy of the Coverage of the Policy," insofar as the September 10, 2021, Renewal Certificate is not a complete, true or accurate copy of the State Farm Policy.

Regarding Item 6 of the Plaintiff's ATTACHMENTS summary, State Farm contends that the content of its April 9, 2022, letter (described by Plaintiff as "ATMT 3") speaks for itself and that any interpretation or characterization of the content of the April 9, 2022, letter in the Plaintiff's summary is expressly denied.

Regarding Item 7 of the Plaintiff's ATTACHMENTS summary, State Farm contends that the content of its May 16, 2022, letter (described by Plaintiff as "ATMT 4") speaks for itself and that any interpretation or characterization of the content of the May 16, 2022, letter in the Plaintiff's summary is expressly denied.

Regarding Item 8 of the Plaintiff's <u>ATTACHMENTS</u> summary, State Farm contends that the content of its July 8, 2022, letter (described by Plaintiff as "ATMT 5") speaks for itself and that any interpretation or characterization of the content of the July 8, 2022, letter in the Plaintiff's summary is expressly denied.

Regarding Item 9 of the Plaintiff's <u>ATTACHMENTS</u> summary, State Farm contends that the content of Plaintiff's July 18, 2022, letter (described by Plaintiff as "ATMT 6") speaks for itself and that any interpretation or characterization of the content of the July 18, 2022, letter in the Plaintiff's summary is expressly denied.  Further, State Farm denies the remarks, arguments and content of the July 18, 2022, letter and further denies that the July 18, 2022, letter is a sworn proof of loss within the meaning of the applicable Policy.

Regarding Item 10 of the Plaintiff's <u>ATTACHMENTS</u> summary, State Farm contends that the content of its August 16, 2022, letter (described by Plaintiff as "ATMT 7") speaks for itself and that any interpretation or characterization of the content of the August 16, 2022, letter in Plaintiff's summary is expressly denied.

Regarding Item 11 of Plaintiff's <u>ATTACHMENTS</u> summary, State Farm contends that the contents of the documents described by Plaintiff as "ATMT 8 - ATMT 13" speak for themselves and State Farm denies Plaintiff's interpretation or characterization of the contents of these six (6) documents in Plaintiff's summary.

State Farm denies all remaining allegations contained in Plaintiff's Complaint and in Plaintiff's <u>ATTACHMENT</u> summary, including all remedies and relief sought by the Plaintiff in his prayer for relief.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant State Farm hereby respectfully requests:

(a) That Plaintiff's Complaint be dismissed;

(b) That judgment be entered in favor of Defendant State Farm;

(c) That costs be assessed against Plaintiff; and

(d) That the Court enter such other relief as is just and proper.

This 6th day of April, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Thomas D. Martin*
Thomas D. Martin
Georgia State Bar No. 475535
Kayla M. McCallum
Georgia Bar No. 2409461
***Counsel for State Farm***

1420 Peachtree Street NE
Suite 800
Atlanta, GA  30309
TEL: 404.874.8800
FAX:404.888.6199
tom.martin@swiftcurrie.com
kayla.mccallum@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that we have electronically filed **STATE FARM'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF System and that we served a true and correct copy of same by U.S. Mail, with proper postage affixed thereto addressed to *pro se* Plaintiff as follows:

Abdur-Rahim Dib Dudar
2498 Warwick Circle, NE
Atlanta, Georgia  30345
***Pro Se Plaintiff***

This 6th  day of April, 2023.

*/s/ Thomas D. Martin*
Thomas D. Martin
Georgia State Bar No. 475535
Kayla M. McCallum
Georgia Bar No. 2409461
***Counsel for State Farm***

1420 Peachtree Street NE
Suite 800
Atlanta, GA  30309
TEL: 404.874.8800
FAX:404.888.6199
tom.martin@swiftcurrie.com
kayla.mccallum@swiftcurrie.com

4854-0980-7705, v. 1