# Exhibit B

**SOCIAL SECURITY ADMINISTRATION**

Refer to: Devon D Patillo

Office of Appellate Operations
5107 Leesburg Pike
Falls Church, VA 22041-3255
Telephone: (877) 670-2722
Date: February 21, 2023

Kathleen Flynn
315 W. Ponce De Leon
Avenue, Suite 940
Decatur, GA 30030

Dear Representative Flynn:

Re: Devon D. Patillo v. Commissioner of Social Security
U.S.D.C. for the Eastern District of Virginia, Richmond Division
Civil Action Number 3:20-CV-00568

We have considered the reasons you disagree with the Administrative Law Judge's decision dated September 13, 2022 and all of the issues in the case. We found no reason under our rules to assume jurisdiction.

**Why We Are Taking This Action**

You alleged that the Administrative Law Judge's reasons for finding the opinions of Dr. Ancuta Matei was not persuasive because it was not supported by objective evidence and/or not consistent with the other evidence in the record is not supported by substantial evidence. In the narrative discussion, the Administrative Law Judge reasonably supported the finding that marked limitations were not supported when considering the claimant's activities of daily living and treatment history based on the record (Decision, page 14). Additionally, the Administrative Law Judge pointed out that the opinions were not consistent with Dr. Matei's own medical notes (Decision, page 14; Exhibit 60F, page 8). Accordingly, this exception is without merit.

You alleged that the Administrative Law Judge's reasons for giving the opinions of Dr. Neena Jamwal partial weight because it was not supported by objective evidence and/or not consistent with the other evidence in the record is not supported by substantial evidence. Furthermore, you went on to alleged that the Administrative Law Judge gave no weight to Dr. Jamwal, which is unfounded because partial weight was assigned (Decision, page 15). Moreover, the weight reasonably assigned to Dr. Jamwal is reflected in the claimant's residual functional capacity, which limited the claimant, in part, to sedentary work with the option to change positions after one hour (Decision, page 7). The limitations accommodate the claimant's reported mobility issue and reported back pain described in your contentions. Therefore, this exception is without merit.



See Next Page

You alleged that the Administrative Law Judge's reasons for giving the opinions of Dr. Elizabeth Bigelow limited weight because it was not supported by objective evidence and/or not consistent with the other evidence in the record is not supported by substantial evidence. Furthermore, you went on to allege that the Administrative Law Judge gave no weight to Dr. Bigelow, which is unfounded because limited weight was assigned (Decision, page 15). Moreover, the Administrative Law Judge noted the inconsistency with the claimant's physical examinations and daily activities during the period at issue (Decision, page 15; Exhibit 30F, page 54). Accordingly, this exception is without merit.

You alleged that the Administrative Law Judge's reasons for giving the opinions of Dr. Saraj Chowdhury limited weight because it was not supported by objective evidence and/or not consistent with the other evidence in the record is not supported by substantial evidence. Based on the narrative discussion, the Administrative Law Judge reasonably found that the severity of the claimant's endorsed pain was not objectively supported in the record especially when considering the claimant's treatment history and activities of daily living (Decision, page 14). This exception is without merit.

You alleged that the Administrative Law Judge erred in formulating a residual functional capacity which failed to comprehensively describe the claimant's impairments. Furthermore, you alleged that the Administrative Law Judge did not include a pain limitation. However, the narrative discussion explicitly restricted the claimant to lifting and/or carrying no more than 10 pounds of weight on an occasional basis and stand and/or walk or two hours in an eight-hour workday along with sit for 6 hours in an 8-hour workday after considering the claimant's pain complaints discussed in the hearing decision (Decision, pages 8, 16). Accordingly, this exception is without merit.

You alleged that the Administrative Law Judge failed to do a function-by-function assessment of the claimant's exertional limitations. This contention is unfounded and generally asserted. Therefore, this exception is without merit.

You alleged that the Administrative Law Judge failed to properly consider the claimant's statements regarding the intensity, persistence and limiting factors of his symptoms. Moreover, you alleged that the Administrative Law Judge did not clearly articulate specific reasoning for the weight given to the claimant's symptoms only stating a single conclusory statement. This contention is unfounded because the narrative discussion showed rationale provided on pages 12-13 of the hearing decision. This exception is without merit.

Consequently, we conclude your exceptions do not warrant a change in the Administrative Law Judge's decision. We further conclude the decision complies with the orders of the District Court and the Appeals Council and is otherwise supported by substantial evidence. Accordingly, we decline to assume jurisdiction in this case.

**What This Action Means**



The Administrative Law Judge's decision is the final decision of the Commissioner of Social Security after remand by the court.

See Next Page

**If You Disagree With the Administrative Law Judge's Decision**

The court order that sent this case back to the Commissioner ended the court's review of the earlier decision. If you want a Federal district court to review the Commissioner's final decision after remand by the court, you must file a new civil action.

If you do not ask for court review, the Commissioner's decision will be a final decision that can be changed only under special rules.

**How To File A Civil Action**

You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.

You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in rule 4(i) of the Federal Rules of Civil Procedure.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Social Security Administration's Office of the General Counsel that is responsible for the processing and handling of litigation in the particular judicial district in which the complaint is filed. The names, addresses, and jurisdictional responsibilities of these offices are published in the Federal Register (70 FR 73320, December 9, 2005), and are available on-line at the Social Security Administration's Internet site, http://policy.ssa.gov/poms.nsf/links/0203106020.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Attorney General of the United States, Washington, DC 20530.

**Time To File A Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

You must mail your request for more time to the Appeals Council at the address shown at the



top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

**About the Law**

The right to court review for claims under Title II (Social Security) is provided for in Section 205(g) of the Social Security Act. This section is also Section 405(g) of Title 42 of the United States Code.

The right to court review for claims under Title XVI (Supplemental Security Income) is provided for in Section 1631(c)(3) of the Social Security Act. This section is also Section 1383(c) of Title 42 of the United States Code.

The rules on filing civil actions are Rules 4(c) and (i) in the Federal Rules of Civil Procedure.

**Need More Help?**

1. Visit www.ssa.gov for fast, simple, and secure online service.
2. Call us at 1-800-772-1213, weekdays from 8:00 am to 7:00 pm. If you are deaf or hard of hearing, call TTY 1-800-325-0778. Please mention this notice when you call.
3. You may also call your local office at (866)964-4690.

>   Social Security
>   Suite 250
>   200 Chastain Ctr Blvd
>   Kennesaw, GA 30144-9801

**How are we doing?** Go to www.ssa.gov/feedback to tell us.

/s/ *Laura D. Ort-Presley*
Laura D. Ort-Presley
Administrative Appeals Judge

cc:
Devon D. Patillo
1000 Barone Avenue
Brookhaven, GA 30329



See Next Page

Devon D. Patillo
Claimant

Wage Earner

## AC EXHIBITS LIST

| EXHIBIT NO. | DESCRIPTION | NO. OF PAGES | COURT TRANSCRIPT PAGE NO. |
|---|---|---|---|
| Exhibit 38B | Exceptions to Final Decisions dated October 6, 2022 | 13 Pages | |





Dcaro CCPRB 3 Section
Room 801
5107 Leesburg Pike
Falls Church, VA 22041



1128 2 MA 0.531 P1 T4 156515 1 4 1 CIPA R230221 0000
Kathleen Flynn
315 W. Ponce De Leon
Avenue, Suite 940
Decatur, GA 30030



