# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANN SCHROEDER and NICHOLAS SCHROEDER, | ) ) ) **JURY TRIAL DEMANDED** ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION FILE NO. ) _____ ) |
| MARCUS COCHRAN, | ) ) |
| Defendant. | ) ) |

## COMPLAINT

**NOW COMES** ANN SCHROEDER and NICHOLAS SCHROEDER("Plaintiffs"), through undersigned counsel, for their Complaint for Damages against MARCUS COCHRAN ("Defendant") and for Trial by Jury, state and allege as follows:

## PARTIES

1.

Ann Schroeder, a citizen and resident of Cobb County, resides in Powder Springs, Georgia, and is the Plaintiff in this matter.

2.

Nicholas Schroeder, a citizen and resident of Cobb County, resides in Powder Springs, Georgia, and is the Plaintiff in this matter.

3.

Marcus Cochran, a citizen and resident of Rapides Parish, resides at 368 Deer Trace, Apartment 215, Pineville, Louisiana 71360, and is the Defendant in this matter. Defendant may be served with process at such address.

## JURISDICTION AND VENUE

4.

Jurisdiction is proper in this Court based on diversity of the parties and the amount of controversy exceeds $75,000.00.

5.

Venue is proper in this Court as the tortious conduct occurred in this venue.

## GENERAL ALLEGATIONS

6.

On April 29, 2021, at approximately 1:55 pm, Plaintiff was driving her 2017 Toyota Corolla eastbound on SR Business 6.

7.

At that same time and place, Defendant was driving his 2015 Jeep Wrangler eastbound on SR Business 6 directly behind Plaintiff.

8.

As Defendant approached the intersection at S.R. 61, he rear-ended Plaintiff while she was stopped for traffic.

9.

The impact from Defendant's vehicle was so great, it caused Plaintiff injuries, damages, and losses.

10.

Police cited Defendant for following too closely, pursuant to O.C.G.A. §40-6-49.

11.

As a direct and proximate result of Defendants' carelessness, negligent actions, and conduct, the Plaintiff suffered and continue to suffer injuries, losses, and damages.

## **FIRST CLAIM FOR RELIEF**
**Negligence**

12.

Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

13.

Defendant owed Plaintiff a duty to exercise reasonable care while operating his vehicle in a manner that did not create an unreasonable risk of harm to other users of the road, and specifically to Plaintiffs, including, but not limited to, keeping a proper lookout, paying attention to surrounding traffic, keeping a safe distance from drivers in front of them, and avoiding hitting other vehicles.

14.

Defendant breached his duties to Plaintiff by operating his vehicle in a negligent, careless and reckless manner by, among other things, failing to keep a proper lookout, failing to pay attention to surrounding traffic, failing to yield, and colliding with Plaintiffs' vehicle.

15.

Defendant's actions, inactions, and conduct constitute negligence.

16.

As a direct and proximate cause of Defendant's negligence, Plaintiff suffered injuries, losses, and damages, including but not limited to, past and future economic damages, past and future pain and suffering, past and future inconvenience, emotional distress, mental anguish, and loss of enjoyment of life in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se*

17.

Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

18.

Defendant owed Plaintiff a duty to exercise reasonable care while operating his vehicle in a manner that did not create an unreasonable risk of harm to other users of the road, and specifically to Plaintiff, including, but not limited to, keeping a proper lookout, paying attention to surrounding traffic, keeping a safe distance from drivers in front of them, and avoiding hitting other vehicles.

19.

In failing to yield to Plaintiff, keep a proper lookout, paying attention to surrounding traffic, and avoiding hitting other vehicles, Defendant violated certain statutes, codes and/or ordinances including, but not limited to, O.C.G.A. § 40-6-49, O.C.G.A. § 40-6-241, and O.C.G.A. § 40-6-390.

20.

Defendant's violation of these statutes, codes and/or ordinances constitutes negligence *per se*.

21.

As a direct and proximate cause of Defendant's negligence *per se*, Plaintiff suffered injuries, losses, and damages, including but not limited to, past and future economic damages, past and future pain and suffering, past and future inconvenience, emotional distress, mental anguish, and loss of enjoyment of life in an amount to be proven at trial.

### **THIRD CLAIM FOR RELIEF**
### Loss of Consortium

22.

Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

23.

Plaintiff Nicholas Schroeder is and has been the husband of Ann Schroeder prior to the incident at issue to present. Plaintiff Nicholas Schroeder brings this claim for loss of consortium in his marriage to Plaintiff Ann Schroeder as a result of the negligence of Defendant and the resulting injury and physical damages to Plaintiff Ann Schroeder.

24.

As a direct and proximate result of Defendants negligence, Plaintiff Ann Schroeder was unable to engage in regular spousal duties, including but not limited to the loss of the ability to perform household chores and/or services.

25.

Defendant is liable to Plaintiff Nicholas Schroeder for the loss of consortium she endured as a result of the harm caused by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment against Defendant and for relief as follows:

a. A trial by jury;

b. That Summons and Process issue and that the named Defendants be served with a copy of this Complaint and that Defendants be required to appear and answer;

c. Economic damages against Defendants, including but not limited to, past and future medical expenses and out of pocket expenses, lost income, and loss of earning capacity, in an amount to be proven at trial;

d. Non-economic damages, including but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, mental anguish, and emotional distress, in an amount to be proven at trial;

e. All other compensatory damages caused by Defendant's actions, to be proven at trial;

f. That Defendants be charged with all Court costs attributable to this action and such other cost reasonably incurred in the prosecution and trial of this case;

g. Pre-judgement and post-judgment interest as provided for by law;

h. For such other and further relief as may be shown by the evidence and the law, and as this Court may deem just and proper.

Respectfully submitted April 6, 2023.

                                                                                                                    **GEIGER LEGAL GROUP, LLC**

                                                                                                                    _____
                                                                                                                    A. Casey Geiger
                                                                                                                    Georgia State Bar Number 324547
                                                                                                                    Christopher P. Brown
                                                                                                                    Georgia State Bar Number 795154
                                                                                                                    Attorneys for Plaintiff

157 Reinhardt College Parkway
Suite 400
Canton, Georgia 30114
Phone:      (770) 720-4600
Facsimile:  (770) 720-4646
Email:       acgeiger@geiger-legal.com
                  cbrown@geiger-legal.com