# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FANNIE MAE,                                    §
1100 15th Street NW                            §
Washington, D.C. 20005                         §
                                               §
        Plaintiff                              §
                                               §
v.                                             §
                                               §
AMELIA AID PROPCO LLC, ASHLEY AID              §
PROPCO LLC, BENTLEY AID PROPCO                 §
LLC, BLANCHARD AID PROPCO LLC,                 §
BLISS AID PROPCO LLC, BOWMAN AID               §
PROPCO LLC, BRADFIELD AID PROPCO               §
LLC, BROOK GARDENS AID PROPCO                  §
LLC, CARLISLE AID PROPCO LLC,                  §
CHISHOLM AID PROPCO LLC,                       §
CHRISTINA AID PROPCO LLC, CONNER               §
AID PROPCO LLC, COTTONWOOD AID                 §
PROPCO LLC, CYPRESS AID PROPCO                 §
LLC, EMERALD AID PROPCO LLC,                   §
GREENE AID PROPCO LLC, GREER AID               §
PROPCO LLC, HAMMOND AID PROPCO                 §
LLC, HELENA AID PROPCO LLC,                    §
HICKORY AID PROPCO LLC, HIGHLAND               §
AID PROPCO LLC, HITCHCOCK AID                  §
PROPCO LLC, INN AT SENECA AID                  §      CIVIL ACTION NO. _____
PROPCO LLC, KINGSBURY AID PROPCO               §
LLC, LAKE VIEW AID PROPCO LLC,                 §
LANGSTON AID PROPCO LLC, LOGAN                 §
AID PROPCO LLC, LOUISA AID PROPCO              §
LLC, LOWRIE AID PROPCO LLC,                    §
MACKENZIE AID PROPCO LLC,                      §
MANNING AID PROPCO LLC, MARQUIS                §
AID PROPCO LLC, MCCULLOUGH AID                 §
PROPCO LLC, MCKINNEY AID PROPCO                §
LLC, MERCER AID PROPCO LLC,                    §
MEREDITH AID PROPCO LLC, MEY AID               §
PROPCO LLC, MILLER AID PROPCO LLC,             §
MONROE AID PROPCO LLC,                         §
MOOREHEAD AID PROPCO LLC,                      §
MORTON AID PROPCO LLC, NORTH                   §
WOODS AID PROPCO LLC, OAKLEY AID               §
PROPCO LLC, PATHFINDER AID PROPCO              §
LLC, PINEWOOD AID PROPCO LLC,                  §
RIVER WOOD AID PROPCO LLC, SANTA               §
FE AID PROPCO LLC, SOJOURNER AID               §
PROPCO LLC, STATEMAN WOODS AID                 §
PROPCO LLC, TERRACE AID PROPCO                 §
LLC, HIGHLANDS AID PROPCO LLC,                 §
WHEELER AID PROPCO LLC, WISSOTA                §
SPRINGS AID PROPCO LLC, YORK AID               §

---

AID PROPCO LLC, AURORA AID PROPCO §
LLC, JASMINE AID PROPCO LLC, §
PEACHTREE ESTATES AID PROPCO LLC, §
SANCTUARY AT NORTH STAR AID §
PROPCO LLC, ROME AID PROPCO LLC, §
FLOYD AID PROPCO LLC, ANAMOSA §
AID PROPCO LLC, ROSEWIND AID §
PROPCO LLC, HERON AID PROPCO LLC, §
CHAPARELLE AID PROPCO LLC, §
HAMILTON AID PROPCO LLC, GARDENS §
AT LAKE AID PROPCO LLC, LYND AID §
PROPCO LLC, SHIELDS AID PROPCO §
LLC, MARIGOLD AID PROPCO LLC, §
LINDSAY AID PROPCO LLC, MILLICAN §
AID PROPCO LLC, KATY AID PROPCO §
LLC, HOYT AID PROPCO LLC, §
LAKEWELL AID PROPCO LLC, ROSE AID §
PROPCO LLC, WINKLER AID PROPCO §
LLC, WREN AID PROPCO LLC, BLOSSOM §
AID PROPCO LLC, MOUNTAIN VIEW §
MEADOWS AID PROPCO LLC, COPPER §
HILLS AID PROPCO LLC, POWELL AID §
PROPCO LLC, EILER AID PROPCO LLC, §
SWAN AID PROPCO LLC, MASONVILLE §
AID PROPCO LLC, GARDENS AT CLYDE §
AID PROPCO LLC, STRAKE AID PROPCO §
LLC, FRANKLIN AID PROPCO LLC, §
WINDRIVER AID PROPCO LLC, CEDAR §
GARDENS AID PROPCO LLC, §
TAMARACK AID PROPCO LLC, HOPKINS §
AID PROPCO LLC, WESTWOOD §
LANDING AID PROPCO LLC, §
BLUEBONNET AID PROPCO LLC, LUCAS §
AID PROPCO LLC, AND WILLOWPARK §
AID PROPCO LLC, §
330 N. Wabash Avenue[1] §
Suite 3700 §
Chicago, IL 60611 §
 §
     Serve: Maples Fiduciary Services §
         (Delaware) Inc., §
         4001 Kennett Pike, Suite 302, §
         Wilmington, Delaware, 19807 §
         *Registered Agent* §
 §
JOLIET 3315 MC BG PROPCO LLC, §
ROCKFORD BG PROPCO LLC, §
INDIANAPOLIS 5011 STATE BG PROPCO §
LLC, MICHIGAN CITY 1400 AL BG §

---

[1] All of the foregoing defendants share a common principle place of business address and registered agent.

---

PROPCO LLC, MICHIGAN CITY 1300 MC     §
BG PROPCO LLC, INDIANAPOLIS 2725      §
LAKE BG PROPCO LLC, GREENSBORO        §
BG PROPCO LLC, YOUNGSTOWN BG          §
PROPCO LLC, FAIRFIELD BG PROPCO       §
LLC, MANSFIELD BG PROPCO LLC,         §
URBANA BG PROPCO LLC, KNOXVILLE       §
BG PROPCO LLC, MORRISTOWN BG          §
PROPCO LLC, TUCSON BG PROPCO LLC,     §
GAINESVILLE 4601 AL BG PROPCO LLC,    §
LEHIGH ACRES BG PROPCO LLC,           §
LONGWOOD BG PROPCO LLC, ABILENE       §
1100 EAST BG PROPCO LLC, ABILENE      §
1102 WEST BG PROPCO LLC, MIDWEST      §
CITY BG PROPCO LLC, OKC 2435 122ND    §
BG PROPCO LLC, OKC 7535 HEFNER BG     §
PROPCO LLC, OKC 2500 89TH BG          §
PROPCO LLC, LAWTON BG PROPCO LLC,     §
DUBLIN BG PROPCO LLC, KENNESAW        §
BG PROPCO LLC, MERRILLVILLE BG        §
PROPCO LLC, NORTH WALES BG            §
PROPCO LLC, ATHENS BG PROPCO LLC,     §
DANVILLE BG PROPCO LLC, AND           §
ROANOKE BG PROPCO LLC,                §
301 Commerce Street[2]                §
Suite 3300                            §
Fort Worth, TX 76102                  §
                                      §
    Serve: Maples Fiduciary Services     §
       (Delaware) Inc.,             §
       4001 Kennett Pike, Suite 302,    §
       Wilmington, Delaware, 19807   §
       *Registered Agent*           §
                                      §
                                      §
Defendants.                           §

## **COMPLAINT**

Plaintiff Fannie Mae ("***Fannie Mae***") brings this diversity action against the above-captioned defendants (each a "***Defendant***" or "***Borrower***", and collectively, the "***Defendants***" or "***Borrowers***") for breach of certain loan agreements to Defendants and seeks the appointment of a receiver and other relief. In support thereof, Fannie Mae states as follows:

---

[2] All of the foregoing defendants share a common principle place of business address and registered agent.

## I.    SUMMARY

1.    Fannie Mae is a government-sponsored private corporation which was established by Congress to carry out vital public policies enumerated by statute:  to create a secondary market for residential mortgage loans, to stimulate the flow of private capital into housing, and to improve the affordability of home ownership, thereby bringing stability to the U.S. housing market.  *See* 12 U.S.C. § 1716.  Fannie Mae fulfills its statutory mission, in part, by purchasing mortgage loans from a network of lenders that make loans directly to consumers in what is known as the primary market.  Fannie Mae's purchase of mortgage loans from lenders such as mortgage lenders, banks, thrifts, housing finance agencies, and credit unions allows those primary market lenders to replenish the funds available for mortgage lending.

2.    Fannie Mae's borrowers include numerous affiliates of AID Holdings, LLC ("*AID*"), one of the largest owners of senior living facilities in the United States.  Fannie Mae's borrowers also include numerous affiliates of Bluegrass RE Holdings, LLC ("*Bluegrass*"), another large owner of senior living facilities in the United States.  Either AID or Bluegrass is the equity owner of each of the Defendants herein, and each Defendant owns a property that serves as collateral for indebtedness owed by each Defendant to Fannie Mae.  Since the COVID-19 pandemic, AID's and Bluegrass' financial condition (and the underlying financial condition of each of the underlying properties and its accompanying operations) has been declining.  In total, AID and Bluegrass, and their respective affiliates, owe Fannie Mae approximately *$700 million*. With some exceptions,[3] the loans to Fannie Mae are "non-recourse", meaning that if indebtedness remains even after Fannie Mae has taken possession of and sold its collateral, Fannie Mae

---

[3] The exceptions include, without limitation, certain fraud-related conduct or waste of the Property.

generally cannot seek recovery from other assets of its borrower.  For this reason, it is critical for Fannie Mae to preserve the value of its collateral.

3. Each Defendant has admitted that it is in default, and each Defendant has consented to the appointment of a receiver. More specifically, Section 3(e) of each Deed of Trust described herein provides that, upon the occurrence of, and during the continuance of any Event of Default, should Fannie Mae apply for the appointment of a receiver, each Defendant expressly consents to the appointment of a receiver, including an appointment *ex parte*.

4. Due to the nature of the Properties, and the requirement to provide advance notice to State regulators of a change in control, it will take months to effectuate foreclosure of the Properties.  During that time period, the Defendants will continue to collect and spend rents from the Properties (which are part of Fannie Mae's collateral) for the continued operation and maintenance of the Properties, but not for paying debt service, in direct violation of the Loan Documents.  Because those rents cannot be recovered after they are spent, foreclosure (months from now) is an insufficient remedy.  A receiver is therefore needed to take control of the Properties and preserve the rents (and the underlying values of the Properties) pending foreclosure or, potentially, a Court-approved receivership sale.

5. Fannie Mae is filing its Agreed Application for Appointment of a Receiver contemporaneously with the filing of this Complaint.  Fannie Mae also seeks such other relief as the Court deems appropriate and just.

## II.    THE PARTIES

6. Plaintiff Fannie Mae is a corporation organized and existing under the laws of the United States.  Fannie Mae maintains its principal office in Washington, D.C., and is a citizen of the District of Columbia for purposes of jurisdiction and venue. 12 U.S.C. § 1717(a)(2)(B).

7.     Each of the respective MCFA 54 Defendants[4] is a Delaware limited liability company with its principal place of business at 330 N. Wabash Avenue, Suite 3700, Chicago, IL 60611.  Each of the respective MCFA 54 Defendants may be served through their respective registered agent for service of process:  Maples Fiduciary Services (Delaware) Inc., 4001 Kennett Pike, Suite 302, Wilmington, Delaware.

8.     Each of the respective MCFA 25 Defendants[5] is a Delaware limited liability company with its principal place of business at 330 N. Wabash Avenue, Suite 3700, Chicago, IL 60611.  Each of the respective MCFA 25 Defendants may be served through their respective registered agent for service of process:  Maples Fiduciary Services (Delaware) Inc., 4001 Kennett Pike, Suite 302, Wilmington, Delaware.

---

[4] The MCFA 54 Defendants are the following: Amelia AID Propco LLC, Ashley AID Propco LLC, Bentley AID Propco LLC, Blanchard AID Propco LLC, Bliss AID Propco LLC, Bowman AID Propco LLC, Bradfield AID Propco LLC, Brook Gardens AID Propco LLC, Carlisle AID Propco LLC, Chisholm AID Propco LLC, Christina AID Propco LLC, Conner AID Propco LLC, Cottonwood AID Propco LLC, Cypress AID Propco LLC, Emerald AID Propco LLC, Greene AID Propco LLC, Greer AID Propco LLC, Hammond AID Propco LLC, Helena AID Propco LLC, Hickory AID Propco LLC, Highland AID Propco LLC, Hitchcock AID Propco LLC, Inn at Seneca AID Propco LLC, Kingsbury AID Propco LLC, Lake View AID Propco LLC, Langston AID Propco LLC, Logan AID Propco LLC, Louisa AID Propco LLC, Lowrie AID Propco LLC, Mackenzie AID Propco LLC, Manning AID Propco LLC, Marquis AID Propco LLC, McCullough AID Propco LLC, McKinney AID Propco LLC, Mercer AID Propco LLC, Meredith AID Propco LLC, Mey AID Propco LLC, Miller AID Propco LLC, Monroe AID Propco LLC, Moorehead AID Propco LLC, Morton AID Propco LLC, North Woods AID Propco LLC, Oakley AID Propco LLC, Pathfinder AID Propco LLC, Pinewood AID Propco LLC, River Wood AID Propco LLC, Santa Fe AID Propco LLC, Sojourner AID Propco LLC, Stateman Woods AID Propco LLC, Terrace AID Propco LLC, Highlands AID Propco LLC, Wheeler AID Propco LLC, Wissota AID Propco LLC, and York AID Propco LLC.

[5] The MCFA 25 Defendants are the following: Aurora AID Propco LLC, Jasmine AID Propco LLC, Peachtree Estates AID Propco LLC, Sanctuary at North Star AID Propco LLC, Rome AID Propco LLC, Floyd AID Propco LLC, Anamosa AID Propco LLC, Rosewind AID Propco LLC, Heron AID Propco LLC, Chaparelle AID Propco LLC, Hamilton AID Propco LLC, Gardens at Lake AID Propco LLC, Lynd AID Propco LLC, Shields AID Propco LLC, Marigold AID Propco LLC, Lindsay AID Propco LLC, Millican AID Propco LLC, Katy AID Propco LLC, Hoyt AID Propco LLC, Lakewell AID Propco LLC, Rose AID Propco LLC, Winkler AID Propco LLC, Wren AID Propco LLC, Blossom AID Propco LLC, Mountain View Meadows AID Propco LLC.

---

9.      Each of the respective MCFA 11 Defendants[6] is a Delaware limited liability company with its principal place of business at 330 N. Wabash Avenue, Suite 3700, Chicago, IL 60611.  Each of the respective MCFA 11 Defendants may be served through their respective registered agent for service of process:  Maples Fiduciary Services (Delaware) Inc., 4001 Kennett Pike, Suite 302, Wilmington, Delaware.

10.      Defendant Hopkins AID Propco LLC ("*Hopkins*") is a Delaware limited liability company with its principal place of business at 330 N. Wabash Avenue, Suite 3700, Chicago, IL 60611.  Hopkins may be served through its registered agent for service of process:  Maples Fiduciary Services (Delaware) Inc., 4001 Kennett Pike, Suite 302, Wilmington, Delaware.

11.      Defendant Westwood Landing AID Propco LLC ("*Westwood*") is a Delaware limited liability company with its principal place of business at 330 N. Wabash Avenue, Suite 3700, Chicago, IL 60611.  Westwood may be served through its registered agent for service of process:  Maples Fiduciary Services (Delaware) Inc., 4001 Kennett Pike, Suite 302, Wilmington, Delaware.

12.      Defendant Bluebonnet AID Propco LLC ("*Bluebonnet*") is a Delaware limited liability company with its principal place of business at 330 N. Wabash Avenue, Suite 3700, Chicago, IL 60611.  Bluebonnet may be served through its registered agent for service of process:  Maples Fiduciary Services (Delaware) Inc., 4001 Kennett Pike, Suite 302, Wilmington, Delaware.

13.      Defendant Lucas AID Propco LLC ("*Lucas*") is a Delaware limited liability company with its principal place of business at at 330 N. Wabash Avenue, Suite 3700, Chicago,

---

[6] The MCFA 11 Defendants are the following: Copper Hills AID Propco LLC, Powell AID Propco LLC, Eiler AID Propco LLC, Swan AID Propco LLC, Masonville AID Propco LLC, Gardens at Clyde AID Propco LLC, Strake AID Propco LLC, Franklin AID Propco LLC, Windriver AID Propco LLC, Cedar Gardens AID Propco LLC, Tamarack AID Propco LLC.

IL 60611.  Lucas may be served through its registered agent for service of process:  Maples Fiduciary Services (Delaware) Inc., 4001 Kennett Pike, Suite 302, Wilmington, Delaware.

14.     Defendant Willowpark AID Propco LLC ("***Willowpark***") is a Delaware limited liability company with its principal place of business at at 330 N. Wabash Avenue, Suite 3700, Chicago, IL 60611.  Willowpark may be served through its registered agent for service of process: Maples Fiduciary Services (Delaware) Inc., 4001 Kennett Pike, Suite 302, Wilmington, Delaware.

15.     Each of the respective Bluegrass Defendants [7] is a Delaware limited liability company with its principal place of business at 301 Commerce Street, Suite 3300, Fort Worth, Texas 76102.  Each of the respective Bluegrass Defendants may be served through their respective registered agent for service of process: Maples Fiduciary Services (Delaware) Inc., 4001 Kennett Pike, Suite 302, Wilmington, Delaware 19807.

### III.     DIVERSITY JURISDICTION

16.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the minimum jurisdictional limits of this Court and Plaintiff and Defendants are citizens of different states.

17.     Plaintiff is deemed to be a citizen of the District of Columbia for purposes of jurisdiction and venue.  12 U.S.C. § 1717(a)(2)(B).

---

[7] The Bluegrass Defendants are the following: Joliet 3315 MC BG Propco LLC, Rockford BG Propco LLC, Indianapolis 5011 State BG Propco LLC, Michigan City 1400 AL BG Propco LLC, Michigan City 1300 MC BG Propco LLC, Indianapolis 2725 Lake BG Propco LLC, Greensboro BG Propco LLC, Youngstown BG Propco LLC, Fairfield BG Propco LLC, Mansfield BG Propco LLC, Urbana BG Propco LLC, Knoxville BG Propco LLC, Morristown BG Propco LLC, Tucson BG Propco LLC, Gainesville 4601 AL BG Propco LLC, Lehigh Acres BG Propco LLC, Longwood BG Propco LLC, Abilene 1100 East BG Propco LLC, Abilene 1102 West BG Propco LLC, Midwest City BG Propco LLC, OKC 2435 122nd BG Propco LLC, OKC 7535 Hefner BG Propco LLC, OKC 2500 89th BG Propco LLC, Lawton BG Propco LLC, Dublin BG Propco LLC, Kennesaw BG Propco LLC, Merrillville BG Propco LLC, North Wales BG Propco LLC, Athens BG Propco LLC, Danville BG Propco LLC, and Roanoke BG Propco LLC.

---

18.     Each respective Defendant is a Delaware limited liability company with a single member—AID Holdings, LLC, TPG Real Estate Partners II, L.P., or an affiliate thereof, respectively.  Based upon reasonable knowledge, information, and belief formed after a review of organization information supplied to Fannie Mae by Defendants, Defendants are citizens of Delaware, Texas, Maryland, Nevada, Wisconsin, and Illinois for purposes of jurisdiction. Accordingly, Plaintiff and Defendants are citizens of different states.

## IV.     PERSONAL JURISDICTION AND VENUE

19.     This Court has personal jurisdiction over the MCFA 54 Defendants because the MCFA 54 Loan Agreement contains a choice of law and consent to jurisdiction provision that expressly provides for jurisdiction and venue in Washington, D.C.  *See* MCFA 54 Loan Agreement at § 15.01.  ("Borrower irrevocably consents to service, jurisdiction, and venue of such courts for any litigation arising from the Notes, the Security Documents, or any of the other Loan Documents, and waives any other venue to which it might be entitled by virtue of domicile, habitual residence, or otherwise.")  Although certain security agreements executed in connection with underlying properties securing the underlying indebtedness provide for jurisdiction/venue where the forum where the property is located, Section 15.12 of the MCFA 54 Loan Agreement states that, "[i]f any provision of this Master Agreement is in conflict with any provision of any other Loan Document, **the provision contained in this Master Agreement shall control**." *Id*. at § 15.12 (emphasis added).  Accordingly, the MCFA 54 Defendants are subject to the jurisdiction of this Court, and venue properly lies in this District.

20.     This Court has personal jurisdiction over the MCFA 25 Defendants because the MCFA 25 Loan Agreement contains a choice of law and consent to jurisdiction provision substantially similar to that contained in the MCFA 54 Loan Agreement. *See* MCFA 25 Loan

Agreement at § 15.01. ("Borrower irrevocably consents to service, jurisdiction, and venue of such courts for any litigation arising from the Notes, the Security Documents, or any of the other Loan Documents, and waives any other venue to which it might be entitled by virtue of domicile, habitual residence, or otherwise.") Although certain security agreements executed in connection with underlying properties securing the underlying indebtedness provide for jurisdiction/venue where the forum where the property is located,, Section 15.12 of the MCFA 25 Loan Agreement expressly states that, "[i]f any provision of this Master Agreement is in conflict with any provision of any other Loan Document, *the provision contained in this Master Agreement shall control*." *Id*. at § 15.12 (emphasis added). Accordingly, the MCFA 25 Defendants are subject to the jurisdiction of this Court, and venue properly lies in this District.

21. This Court has personal jurisdiction over the MCFA 11 Defendants because the MCFA 11 Loan Agreement also contains a choice of law and consent to jurisdiction provision that provides for jurisdiction/venue in Washington, D.C. *See* MCFA 11 Loan Agreement at § 15.01. ("Borrower irrevocably consents to service, jurisdiction, and venue of such courts for any litigation arising from the Notes, the Security Documents, or any of the other Loan Documents, and waives any other venue to which it might be entitled by virtue of domicile, habitual residence, or otherwise.") Although certain security agreements executed in connection with underlying properties securing the underlying indebtedness provide for jurisdiction/venue where the forum where the property is located, Section 15.12 of the MCFA 11 Loan Agreement expressly states that, "[i]f any provision of this Master Agreement is in conflict with any provision of any other Loan Document, *the provision contained in this Master Agreement shall control*." *Id*. at § 15.12 (emphasis added). Accordingly, the MCFA 11 Defendants are subject to the jurisdiction of this Court, and venue properly lies in this District.

22.     This Court has personal jurisdiction over the Bluegrass Defendants because the Bluegrass Loan Agreement also contains a choice of law and consent to jurisdiction provision that provides for jurisdiction/venue in Washington, D.C. *See* Bluegrass Loan Agreement at § 15.01. ("Borrower irrevocably consents to service, jurisdiction, and venue of such courts for any litigation arising from the Notes, the Security Documents, or any of the other Loan Documents, and waives any other venue to which it might be entitled by virtue of domicile, habitual residence, or otherwise.")  Although certain security agreements executed in connection with underlying properties securing the underlying indebtedness provide for jurisdiction/venue in the forum where the property is located, Section 15.12 of the Bluegrass Loan Agreement expressly states that, "[i]f any provision of this Master Agreement is in conflict with any provision of any other Loan Document, ***the provision contained in this Master Agreement shall control***." *Id.* at § 15.12 (emphasis added).  Accordingly, the Bluegrass Defendants are subject to the jurisdiction of this Court, and venue properly lies in this District.

23.     Further, venue is proper in Washington, D.C. in connection with claims against Hopkins, Westwood, Bluebonnett, Lucas, and Willowpark pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District.  In addition, this Court has pendent venue (in its discretion) given that all the Defendants are controlled, or affiliated, with each other, and the MCFA 54 Loan Agreement, MCFA 25 Loan Agreement, MCFA 11 Loan Agreement, and Bluegrass Loan Agreement provide for exclusive jurisdiction in this District for the vast majority of the Defendants.

# V.     FACTUAL BACKGROUND

**A.**     **MCFA 54 Loan Documents**

24.     On or about December 19, 2014, the MCFA 54 Defendants executed that certain Multifamily Note (the "***First MCFA 54 Note***"), payable to the order of Keybank National Association, a national banking association ("***Keybank***"), in the original stated principal amount of $334,394,000.00 (the "***First MCFA 54 Loan***"). On or about October 31, 2016, the MCFA 54 Defendants executed that certain additional Multifamily Note (the "***Second MCFA 54 Note***"), payable to the order of Keybank, in the original stated principal amount of $80,236,000.00 (the "***Second MCFA 54 Loan***"). The First MCFA 54 Note and Second MCFA 54 Note are referred to collectively herein as the "***MCFA 54 Notes***." Under the entire MCFA 54 Credit Facility, the original stated principal amount is $414,630,000.00 (the "***MCFA 54 Loans***"). The MCFA 54 Loans are further evidenced by that certain Master Credit Facility Agreement between the MCFA 54 Defendants and Keybank dated as of December 19, 2014, along with all schedules, exhibits, and amendments thereto (the "***MCFA 54 Loan Agreement***").

25.     The MCFA 54 Notes are secured by, among other instruments, no fewer than fifty-four (54) individual Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filings, corresponding to each of the MCFA 54 Defendants and MCFA 54 Properties (the "***MCFA 54 Deeds of Trust***"), dated accordingly, executed by each of the MCFA 54 Defendants for the benefit of Keybank.

26.     The MCFA 54 Deeds of Trust cover the real and personal property more particularly described therein and commonly known as per the Property Table located under Section 1 above. Non-defendant operating companies own applicable licenses and operate senior care and/or senior living facilities on each of the MCFA 54 Properties (the "***MCFA 54 Facilities***").

27.     The MCFA 54 Notes, MCFA 54 Deeds of Trust, and all other documents and instruments securing or evidencing the MCFA 54 Loans are hereinafter collectively referred to as the "**MCFA 54 Loan Documents**."  Fannie Mae is the assignee of the MCFA 54 Loan Documents by way of, without limitation, those certain Assignment of Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filings.

**B.     MCFA 25 Loan Documents**

28.     On or about June 28, 2017, the MCFA 25 Defendants executed that certain Multifamily Note (the "**MCFA 25 Note**"), payable to the order of Keybank, in the original stated principal amount of $84,570,000.00 (the "**MCFA 25 Loan**").  The MCFA 25 Loan is further evidenced by that certain Master Credit Facility Agreement between the MCFA 25 Defendants and Keybank dated as of June 28, 2017, along with all schedules, exhibits, and amendments thereto (the "**MCFA 25 Loan Agreement**").

29.     The MCFA 25 Note is secured by, among other instruments, no fewer than twenty-five (25) individual Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filings, corresponding to each of the MCFA 25 Defendants and MCFA 25 Properties (the "**MCFA 25 Deeds of Trust**"), dated accordingly, executed by each of the MCFA 25 Defendants for the benefit of Keybank.

30.     The MCFA 25 Deeds of Trust cover the real and personal property more particularly described therein and commonly known as per the Property Table located under Section 1 above.  Non-defendant operating companies own applicable licenses and operate senior care and/or senior living facilities on each of the MCFA 25 Properties (the "**MCFA 25 Facilities**").

31.     The MCFA 25 Note, MCFA 25 Deeds of Trust, and all other documents and instruments securing or evidencing the MCFA 25 Loan are hereinafter collectively referred to as

the "**MCFA 25 Loan Documents**." Fannie Mae is the assignee of the MCFA 25 Loan Documents by way of, without limitation, those certain Assignment of Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filings.

**C.     MCFA 11 Loan Documents**

32.     On or about December 22, 2016, the MCFA 11 Defendants executed that certain Multifamily Note (the "**MCFA 11 Note**"), payable to the order of Keybank, in the original stated principal amount of $70,564,000.00 (the "**MCFA 11 Loan**").   The MCFA 11 Loan is further evidenced by that certain Master Credit Facility Agreement between the MCFA 11 Defendants and Keybank dated as of December 22, 2016, along with all schedules, exhibits, and amendments thereto (the "**MCFA 11 Loan Agreement**").

33.     The MCFA 11 Note is secured by, among other instruments, no fewer than eleven (11) individual Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filings, corresponding to each of the MCFA 11 Defendants and MCFA 11 Properties (the "**MCFA 11 Deeds of Trust**"), dated accordingly, executed by each of the MCFA 11 Defendants for the benefit of Keybank.

34.     The MCFA 11 Deeds of Trust cover the real and personal property more particularly described therein and commonly known as per the Property Table located under Section 1 above.  Non-defendant operating companies own applicable licenses and operate senior care and/or senior living facilities on each of the MCFA 11 Properties (the "**MCFA 11 Facilities**").

35.     The MCFA 11 Note, MCFA 11 Deeds of Trust, and all other documents and instruments securing or evidencing the MCFA 11 Loan are hereinafter collectively referred to as the "**MCFA 11 Loan Documents**." Fannie Mae is the assignee of the MCFA 11 Loan Documents

by way of, without limitation, those certain Assignment of Multifamily Mortgage, Assignment of Rents and Security Agreement.

**D. Hopkins Loan Documents**

36. On or about December 18, 2020, Defendant Hopkins executed that certain Multifamily Note (the "***Hopkins Note***"), payable to the order of Keybank, in the original stated principal amount of $2,784,000.00 (the "***Hopkins Loan***"). The Hopkins Loan is further evidenced by that certain Multifamily Loan and Security Agreement between Hopkins and Keybank dated as of December 18, 2020 (the "***Hopkins Loan Agreement***").

37. The Hopkins Note is secured by, among other instruments, a Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "***Hopkins Deed of Trust***"), dated as of December 18, 2020, executed by Hopkins for the benefit of Keybank.

38. The Hopkins Deed of Trust covers the real and personal property more particularly described therein and commonly known as Hopkins Place and located at 890 Camp Street, Sulphur Springs, Texas 75482 (as fully defined in the Hopkins Deed of Trust, the "***Hopkins Property***"). A non-defendant operating company owns applicable licenses and operates a senior care and/or senior living facility on the Hopkins Property (the "***Hopkins Facility***").

39. The Hopkins Note, Hopkins Deed of Trust, and all other documents and instruments securing or evidencing the Hopkins Loan are hereinafter collectively referred to as the "***Hopkins Loan Documents***." Fannie Mae is the assignee of the Hopkins Loan Documents by way of, without limitation, that certain Assignment of Mortgage.

**E. Westwood Loan Documents**

40. On or about December 18, 2020, Defendant Westwood executed that certain Multifamily Note (the "***Westwood Note***"), payable to the order of Keybank, in the original stated

principal amount of $2,948,000.00 (the "***Westwood Loan***").  The Westwood Loan is further evidenced by that certain Multifamily Loan and Security Agreement between Westwood and Keybank dated as of December 18, 2020 (the "***Westwood Loan Agreement***").

41.     The Westwood Note is secured by, among other instruments, a Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "***Westwood Deed of Trust***"), dated as of December 18, 2020, executed by Westwood for the benefit of Keybank.

42.     The Westwood Deed of Trust covers the real and personal property more particularly described therein and commonly known as Westwood Place and located at 37950 Airport Road, Woodsfield, Ohio 43793 (as fully defined in the Westwood Deed of Trust, the "***Westwood Property***").  A non-defendant operating company owns applicable licenses and operates a senior care and/or senior living facility on the Westwood Property (the "***Westwood Facility***").

43.     The Westwood Note, Westwood Deed of Trust, and all other documents and instruments securing or evidencing the Westwood Loan are hereinafter collectively referred to as the "***Westwood Loan Documents***."  Fannie Mae is the assignee of the Westwood Loan Documents by way of, without limitation, that certain (i) Assignment of Mortgage; and (ii) an Assignment of Collateral Agreements and Other Loan Documents.

**F.     Bluebonnet Loan Documents**

44.     On or about December 18, 2020, Defendant Bluebonnet executed that certain Multifamily Note (the "***Bluebonnet Note***"), payable to the order of Keybank, in the original stated principal amount of $2,238,000.00 (the "***Bluebonnet Loan***").  The Bluebonnet Loan is further

evidenced by that certain Multifamily Loan and Security Agreement between Bluebonnet and Keybank dated as of December 18, 2020 (the "***Bluebonnet Loan Agreement***").

45.     The Bluebonnet Note is secured by, among other instruments, a Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "***Bluebonnet Deed of Trust***"), dated as of December 18, 2020, executed by Bluebonnet for the benefit of Keybank.

46.     The Bluebonnet Deed of Trust covers the real and personal property more particularly described therein and commonly known as Bluebonnet Place and located at 3601 Victoria Avenue, College Station, Texas 77845 (as fully defined in the Bluebonnet Deed of Trust, the "***Bluebonnet Property***").  A non-defendant operating company owns applicable licenses and operates a senior care and/or senior living facility on the Bluebonnet Property (the "***Bluebonnet Facility***").

47.     The Bluebonnet Note, Bluebonnet Deed of Trust, and all other documents and instruments securing or evidencing the Bluebonnet Loan are hereinafter collectively referred to as the "***Bluebonnet Loan Documents***."  Fannie Mae is the assignee of the Bluebonnet Loan Documents by way of, without limitation, that certain (i) Assignment of Mortgage; and (ii) an Assignment of Collateral Agreements and Other Loan Documents.

## G.     Lucas Loan Documents

48.     On or about December 18, 2020, Defendant Lucas executed that certain Multifamily Note (the "***Lucas Note***"), payable to the order of Keybank, in the original stated principal amount of $4,372,000.00 (the "***Lucas Loan***").  The Lucas Loan is further evidenced by that certain Multifamily Loan and Security Agreement between Lucas and Keybank dated as of December 18, 2020 (the "***Lucas Loan Agreement***").

49.     The Lucas Note is secured by, among other instruments, a Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "**Lucas Deed of Trust**"), dated as of December 18, 2020, executed by Lucas for the benefit of Keybank.

50.     The Lucas Deed of Trust covers the real and personal property more particularly described therein and commonly known as Lucas Place and located at 2910 Toccoa Road, Beaumont, Texas 77703 (as fully defined in the Lucas Deed of Trust, the "**Lucas Property**").  A non-defendant operating company owns applicable licenses and operates a senior care and/or senior living facility on the Lucas Property (the "**Lucas Facility**").

51.     The Lucas Note, Lucas Deed of Trust, and all other documents and instruments securing or evidencing the Lucas Loan are hereinafter collectively referred to as the "**Lucas Loan Documents**."  Fannie Mae is the assignee of the Lucas Loan Documents by way of, without limitation, that certain (i) Assignment of Mortgage; and (ii) an Assignment of Collateral Agreements and Other Loan Documents.

## H.     Willowpark Loan Documents

52.     On or about December 18, 2020, Defendant Willowpark executed that certain Multifamily Note (the "**Willowpark Note**"), payable to the order of Keybank, in the original stated principal amount of $2,126,000.00 (the "**Willowpark Loan**").  The Willowpark Loan is further evidenced by that certain Multiple Loan and Security Agreement between Willowpark and Keybank dated as of December 18, 2020 (the "**Willowpark Loan Agreement**").

53.     The Willowpark Note is secured by, among other instruments, a Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "**Willowpark Deed of Trust**"), dated as of December 18, 2020, executed by Willowpark for the benefit of Keybank.

54.     The Willowpark Deed of Trust covers the real and personal property more particularly described therein and commonly known as Willowpark Place and located at 1706 Hoover Street, New Holstein, Wisconsin 53061 (as fully defined in the Willowpark Deed of Trust, the "***Willowpark Property***").  A non-defendant operating company owns applicable licenses and operates a senior care and/or senior living facility on the Willowpark Property (the "***Willowpark Facility***").

55.     The Willowpark Note, the Willowpark Deed of Trust, and all other documents and instruments securing or evidencing the Willowpark Loan are hereinafter collectively referred to as the "***Willowpark Loan Documents***."  Fannie Mae is the assignee of the Willowpark Loan Documents by way of, without limitation, that certain (i) Assignment of Mortgage; and (ii) an Assignment of Collateral Agreements and Other Loan Documents.

**I.      Bluegrass Loan Documents**

56.     On or about August 31, 2016, the Bluegrass Defendants executed that certain Multifamily Note (the "***First Bluegrass Note***"), payable to the order of Wells Fargo Bank, National Association, a national banking association ("***Wells Fargo***"), in the original stated principal amount of $56,604,000.00 (the "***First Bluegrass Loan***").  On or about September 29, 2016, the Bluegrass Defendants executed that certain additional Multifamily Note (the "***Second Bluegrass Note***"), payable to the order of Wells Fargo, in the original stated principal amount of $42,622,000.00 (the "***Second Bluegrass Loan***").  On or about November 1, 2016, the Bluegrass Defendants executed that certain additional Multifamily Note (the "***Third Bluegrass Note***"), payable to the order of Wells Fargo, in the original stated principal amount of $40,333,000.00 (the "***Third Bluegrass Loan***").  The First Bluegrass Note, Second Bluegrass Note, and Third Bluegrass Note are referred to collectively herein as the "***Bluegrass Notes***."  Thus, the original, principal

amount under the Bluegrass Credit Facility totals $139,559,000.00 (the "***Bluegrass Loans***").  The Bluegrass Loans are further evidenced by that certain Master Credit Facility Agreement between the Bluegrass Defendants and Wells Fargo dated as of August 31, 2016, along with all schedules, exhibits, and amendments thereto (the "***Bluegrass Loan Agreement***").

57.     The Bluegrass Notes are secured by, among other instruments, no fewer than thirty (30)[8] individual Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filings, corresponding to each[9] of the Bluegrass Defendants and Bluegrass Properties (the "***Bluegrass Deeds of Trust***"), dated accordingly, executed by each of the Bluegrass Defendants for the benefit of Wells Fargo.

58.     The Bluegrass Deeds of Trust encumber the real and personal property more particularly described therein and commonly known as per the Property Table located under Section 1 above.  Non-defendant operating companies own applicable licenses and operate senior care and/or senior living facilities on each of the Bluegrass Properties (the "***Bluegrass Facilities***").

59.     The Bluegrass Notes, Bluegrass Deeds of Trust, and all other documents and instruments securing or evidencing the Bluegrass Loans are hereinafter collectively referred to as the "***Bluegrass Loan Documents***."  Fannie Mae is the assignee of the Bluegrass Loan Documents by way of, without limitation, those certain Assignment of Multifamily Mortgage, Assignment of

---

[8] While there are thirty-one Bluegrass Defendants and only thirty security instruments, two of the Defendants—Abilene 1100 East BG Propco LLC and Abilene 1102 West BG Propco LLC—are borrowers on the same Property.

[9] One security instrument covers the Abilene Place North and Abilene Place South Properties (located at 1100 N. Vine Street, Abilene, Kansas 67410).

Leases and Rents, Security Agreement and Fixture Filings.  Thus, Fannie Mae is the owner and holder under the Bluegrass Loan Documents and the party entitled to enforce same.

**J.      Facts Relevant to All Loan Documents**

60.      The MCFA 54 Notes, MCFA 25 Note, MCFA 11 Note, Hopkins Note, Westwood Note, Bluebonnet Note, Lucas Note, Willowpark Note, and Bluegrass Notes shall each be referred to herein individually as a "***Note***," and collectively as the "***Notes***."

61.      The MCFA 54 Loan, MCFA 25 Loan, MCFA 11 Loan, Hopkins Loan, Westwood Loan, Bluebonnet Loan, Lucas Loan, Willowpark Loan, and Bluegrass Loan shall each be referred to herein individually as a "***Loan***," and collectively as the "***Loans***."

62.      The MCFA 54 Loan Agreement, MCFA 25 Loan Agreement, MCFA 11 Loan Agreement, Hopkins Loan Agreement, Westwood Loan Agreement, Bluebonnet Loan Agreement, Lucas Loan Agreement, Willowpark Loan Agreement, and Bluegrass Loan Agreement shall each be referred to herein individually as a "***Loan Agreement***," and collectively as the "***Loan Agreements***."

63.      The MCFA Deeds of Trust, MCFA 25 Deeds of Trust, MCFA 11 Deeds of Trust, Hopkins Deed of Trust, Westwood Deed of Trust, Bluebonnet Deed of Trust, Lucas Deed of Trust, Willowpark Deed of Trust, and Bluegrass Deeds of Trust shall each be referred to herein individually as a "***Deed of Trust***," and collectively as the "***Deeds of Trust***."

64.      The MCFA 54 Loan Documents, MCFA 25 Loan Documents, MCFA 11 Loan Documents, Hopkins Loan Documents, Westwood Loan Documents, Bluebonnet Loan Documents, Lucas Loan Documents, Willowpark Loan Documents, and Bluegrass Loan Documents shall each be referred to herein individually as a "***Loan Document***," and collectively as the "***Loan Documents***."

65.     The MCFA 54 Properties, MCFA 25 Properties, MCFA 11 Properties, Hopkins Property, Westwoof Property, Bluebonnet Property, Lucas Property, Willowpark Property, and Bluegrass Properties shall be collectively referred to herein as the "***Properties***."

66.     The MCFA 54 Facilities, MCFA 25 Facilities, MCFA 11 Facilities, Hopkins Facility, Westwood Facility, Bluebonnet Facility, Lucas Facility, Willowpark Facility, and Bluegrass Facilities are collectively referred to herein as the "***Facilities***."  Each Facility is operated by a nondefendant operating company (each, an "***Existing Operator***") that holds the license for such Facility except for (i) those Properties commonly known as Garnet Place (Garden City, ID), Heron Place (Nampa, ID) and Syringa Place (Twin Falls, ID), where the existing manager is the license holder, and (ii) Abilene Place North (Abilene, KS) and Abilene Place South (Abilene, KS), where the applicable Defendants, non-defendant operating companies and Existing Manager (as hereafter defined) are collectively the license holders and is managed by a nondefendant management company (each, an "***Existing Manager***") under a management agreement between such management company and the corresponding nondefendant operating company.

67.     KeyBank and Wells Fargo assigned, negotiated and transferred to Fannie Mae the Loan Documents regarding the Properties that secure the Notes, such that Fannie Mae is the current owner and holder of the Notes and entitled to enforce the Notes and liens and security interests against Defendants as to the Properties.  KeyBank is now the servicer of the MCFA 54 Loans, MCFA 25 Loan, MCFA 11 Loan, Hopkins Loan, Westwood Loan, Bluebonnet Loan, Lucas Loan, and Willowpark Loan.  Wells Fargo is now the servicer of the Bluegrass Loans.

## K.     Background and Defendants' Weakened Financial Condition

68.     Defendants were not immune to declining net cash flows as a result of the COVID-19 pandemic and its negative effects on senior living facilities as a whole.  In February 2023,

Defendants under the MCFA 54 Loans, MCFA 25 Loan, MCFA 11 Loan, Hopkins Loan, Westwood Loan, Bluebonnet Loan, Lucas Loan, and Willowpark Loan failed to pay the monthly debt service payments required under the applicable Loan Documents. In March 2023, the Bluegrass Defendants failed to pay the monthly debt service payments required under the Bluegrass Loan Documents.

69. Defendants' failure to timely pay all amounts due under the Loan Documents constitutes an Event of Default by each of the Defendants under Section 2.03 of their respective Loan Agreements.

70. Upon information and belief, the value of the Properties is now substantially less than the amount of total indebtedness they secure. In addition, Defendants have advised Fannie Mae that the Facilities and the management companies responsible for their day-to-day operations operate at a loss. Given these continuing operational losses, combined with current market conditions in the senior living industry and the broader economy, the Propeties are at imminent risk of a significant further decline in value.

71. On March 3, 2023, Fannie Mae delivered written notices of acceleration regarding the MCFA 54 Loan, MCFA 25 Loan, MCFA 11 Loan, Hopkins Loan, Westwood Loan, Bluebonnet Loan, Lucas Loan, and Willowpark Loan. On March 16, 2023, Fannie Mae delivered written notice of acceleration regarding the Bluegrass Loan.

**L.    Events of Default**

72. The Defendants have failed to timely pay all amounts required by the Loan Documents. Each such failure constitutes an Event of Default as defined in the Loan Documents. *See* Loan Agreements at § 14.01(a)(1).

73.     As a result of the Event of Default, each Defendant's license to collect rents from each Property has automatically terminated pursuant to Section 3(c) of each Deed of Trust.

74.     Each of the Defendants has advised Fannie Mae that, due to the unavailability of cash flow from the Properties, they cannot make any further payments under the Notes and that they consent to transition the Properties to Fannie Mae through receivershop as soon as possible.

## M.   Remedies for Default

75.     Each of the Loan Agreements provides that upon an Event of Default Defendants shall fully cooperate with the Fannie Mae and any receiver appointed by a court. *See e.g.*, Loan Agreements at § 14.02(d)(1)(A).  Indeed, section 3 of each Deed of Trust provides that upon the occurrence of, and during the continuance of any Event of Default, (i) Fannie Mae may enter into or upon each Property or any part thereof to take possession of each Property, either personally or through its agents; (ii) the applicable Defendant's right to collect rents shall automatically terminate and Fannie Mae shall without notice be entitled to all rents as they become due and payable, including rents then due and unpaid; and (iii) Fannie Mae may apply for the appointment of a receiver for each Property.  Section 3(e) of the Deed of Trust further provides that upon the occurrence of, and during the continuance of any Event of Default, should Fannie Mae apply for the appointment of a receiver, each Defendant expressly consents to the appointment of a receiver, including an appointment *ex parte*.

76.     Section 5 of each Deed of Trust provides that upon the occurrence of, and during the continuance of, any Event of Default, Fannie Mae may (i) declare the unpaid debt to be immediately due and payable; and (ii) institute proceedings for the complete foreclosure of the Deed of Trust.

77.     Section 5 of each Deed of Trust further provides that each Defendant agrees to pay all costs and expenses incurred by Fannie Mae in pursuing remedies.

78.     Without limitation, through section 10(j) of each applicable Subordination, Assignment, and Security Agreement, through section 7(f) of that certain Omnibus Assignment of Management Agreements and Licenses, and through section 18.4 of the Existing Management Agreements, the Existing Operators and Existing Managers agreed to continue to perform their operation or management duties during a receivership and pending transition to new operators and new managers. Defendants, the Existing Operators, and the Existing Managers agree to the appointment of a receiver, subject to the terms and conditions set forth in the proposed order submitted herewith.

## VI.     CAUSES OF ACTION

### A.     Breach of Contract

79.     Fannie Mae incorporates by reference the allegations set forth in the proceeding paragraphs as though they were set forth herein.

80.     The Loan Documents constitute a binding contractual relationship between the parties. Fannie Mae has performed all of its obligations under the Loan Documents.

81.     Each of the Defendants' acts and omissions constitute breaches of their respective Loan Documents.

82.     As a direct and proximate result of the Defendants' defaults, Fannie Mae has incurred and will incur actual damages in excess of the minimum jurisdictional limits of this Court for which Fannie Mae seeks recovery from the Defendants. Fannie Mae additionally seeks the appointment of a receiver, as requested in Fannie Mae's contemporaneously filed Agreed Application for Appointment of Receiver;

**B.      Attorneys' Fees**

83.      Fannie Mae incorporates by reference the allegations set forth in the proceeding paragraphs as though they were set forth herein.

84.      Pursuant to the Loan Documents, including without limitation Sections 4 and 5 of the Deeds of Trust, Fannie Mae seeks recover of its attorneys' fees and expenses expended to enforce its rights under the Loan Documents.

### VII.      CONDITIONS PRECEDENT

85.      All conditions precedent to Fannie Mae's right to recovery have been performed, have occurred, or have otherwise been waived.

### VIII.      PRAYER

Wherefore, Fannie Mae prays that Defendants be cited to appear and make answer herein and that Fannie Mae have a judgment against Defendants as follows:

a)      That a receiver be appointed, as requested in Fannie Mae's contemporaneously filed Agreed Application for Appointment of Receiver; and

b)      That upon final trial, Fannie Mae be awarded the actual damages incurred by Fannie Mae as a result of Defendants' defaults, prejudgment and postjudgment interest at the maximum lawful amount, expenses, including attorneys' fees incurred in enforcing Fannie Mae's contractual rights, costs of court and any such other and further relief, at law or in equity, to which Fannie Mae may show itself to be justly entitled.

Dated: March 29, 2023

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Daniel Z. Herbst*
Daniel Z. Herbst
D.D.C. Bar No. 501161
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005-3317
T: 202-414-9232
dherbst@reedsmith.com

*and*

Keith M. Aurzada (*pro hac to be filed*)
Texas Bar No. 24009880
Michael P. Cooley (*pro hac to be filed*)
Texas Bar No. 24034388
Jay L. Krystinik (*pro hac to be filed*)
Texas Bar No. 24041279
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
T: 469-680-4200
F: 469-680-4299
kaurzada@reedsmith.com
mpcooley@reedsmith.com
jkrystinik@reedsmith.com

*Attorneys for Fannie Mae*

**CIVIL COVER SHEET**

JS-44 (Rev. 11/2020 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| FANNIE MAE | AMELIA AID PROPCO LLC, et al. (see complaint for remaining defendants) |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001 | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 88888 |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Daniel Z. Herbst, Esq. (DC Bar No. 501161) Reed Smith LLP, 1301 K Street, N.W., Suite 1000 - East Tower, Washington, DC 20005 Phone: 202-414-9232 | Mary Elizabeth Miller, Esq. (DC Bar No. 252694) Kirkland & Ellis LLP, 1301 Pennsylvania Avenue, N.W. Washington, DC 20004 Phone: 202-389-3277 |

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ◉ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

- ☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

◉ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

Request for appointment of receiver.

○ **E. General Civil (Other)**      **OR**      ○ **F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 27 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions
- ☐ 560 Civil Detainee – Conditions of Confinement

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016 (DTSA)

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

Other Statutes
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 462 Naturalization Application

- ☐ 465 Other Immigration Actions
- ☐ 470 Racketeer Influenced & Corrupt Organization
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act (TCPA)
- ☐ 490 Cable/Satellite TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/Privacy Act* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi-district Litigation  ○ 7 Appeal to District Judge from Mag. Judge  ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Breach of Contract, with Application (Motion) for Appointment of Receiver

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 697,089,268<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form |

| DATE: 03/29/2023 | SIGNATURE OF ATTORNEY OF RECORD    /s/ Daniel Z. Herbst |
|---|---|

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

**VI.** CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

| | |
|---|---|
| FANNIE MAE, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| AMELIA AID PROPCO LLC, et al., | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   DANIEL Z. HERBST
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from        [Date TBD]    , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

See attached Schedule 1 (List of All Defendants)
*Printed name of party waiving service of summons*

 

_____
*Signature of the attorney or unrepresented party*

Mary Elizabeth Miller, Esq. (DC Bar No. 252694)
*Printed name*

Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
*Address*

mary.miller@kirkland.com
*E-mail address*

(202) 389-3277
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# **SCHEDULE 1**

ALL DEFENDANTS IN THIS CIVIL ACTION:

1.      AMELIA AID PROPCO LLC

2.      ASHLEY AID PROPCO LLC

3.      BENTLEY AID PROPCO LLC

4.      BLANCHARD AID PROPCO LLC

5.      BLISS AID PROPCO LLC

6.      BOWMAN AID PROPCO LLC

7.      BRADFIELD AID PROPCO LLC

8.      BROOK GARDENS AID PROPCO LLC

9.      CARLISLE AID PROPCO LLC

10.     CHISHOLM AID PROPCO LLC

11.     CHRISTINA AID PROPCO LLC

12.     CONNER AID PROPCO LLC

13.     COTTONWOOD AID PROPCO LLC

14.     CYPRESS AID PROPCO LLC

15.     EMERALD AID PROPCO LLC

16.     GREENE AID PROPCO LLC

17.     GREER AID PROPCO LLC

18.     HAMMOND AID PROPCO LLC

19.     HELENA AID PROPCO LLC

20.     HICKORY AID PROPCO LLC

21.     HIGHLAND AID PROPCO LLC

22.     HITCHCOCK AID PROPCO LLC

23.     INN AT SENECA AID PROPCO LLC

24.  KINGSBURY AID PROPCO LLC

25.  LAKE VIEW AID PROPCO LLC

26.  LANGSTON AID PROPCO LLC

27.  LOGAN AID PROPCO LLC

28.  LOUISA AID PROPCO LLC

29.  LOWRIE AID PROPCO LLC

30.  MACKENZIE AID PROPCO LLC

31.  MANNING AID PROPCO LLC

32.  MARQUIS AID PROPCO LLC

33.  MCCULLOUGH AID PROPCO LLC

34.  MCKINNEY AID PROPCO LLC

35.  MERCER AID PROPCO LLC

36.  MEREDITH AID PROPCO LLC

37.  MEY AID PROPCO LLC

38.  MILLER AID PROPCO LLC

39.  MONROE AID PROPCO LLC

40.  MOOREHEAD AID PROPCO LLC

41.  MORTON AID PROPCO LLC

42.  NORTH WOODS AID PROPCO LLC

43.  OAKLEY AID PROPCO LLC

44.  PATHFINDER AID PROPCO LLC

45.  PINEWOOD AID PROPCO LLC

46.  RIVER WOOD AID PROPCO LLC

47.  SANTA FE AID PROPCO LLC

48.  SOJOURNER AID PROPCO LLC

49. STATEMAN WOODS AID PROPCO LLC

50. TERRACE AID PROPCO LLC

51. HIGHLANDS AID PROPCO LLC

52. WHEELER AID PROPCO LLC

53. WISSOTA SPRINGS AID PROPCO LLC

54. YORK AID AID PROPCO LLC

55. AURORA AID PROPCO LLC

56. JASMINE AID PROPCO LLC

57. PEACHTREE ESTATES AID PROPCO LLC

58. SANCTUARY AT NORTH STAR AID PROPCO LLC

59. ROME AID PROPCO LLC

60. FLOYD AID PROPCO LLC

61. ANAMOSA AID PROPCO LLC

62. ROSEWIND AID PROPCO LLC

63. HERON AID PROPCO LLC

64. CHAPARELLE AID PROPCO LLC

65. HAMILTON AID PROPCO LLC

66. GARDENS AT LAKE AID PROPCO LLC

67. LYND AID PROPCO LLC

68. SHIELDS AID PROPCO LLC

69. MARIGOLD AID PROPCO LLC

70. LINDSAY AID PROPCO LLC

71. MILLICAN AID PROPCO LLC

72. KATY AID PROPCO LLC

73. HOYT AID PROPCO LLC

74. LAKEWELL AID PROPCO LLC

75. ROSE AID PROPCO LLC

76. WINKLER AID PROPCO LLC

77. WREN AID PROPCO LLC

78. BLOSSOM AID PROPCO LLC

79. MOUNTAIN VIEW MEADOWS AID PROPCO LLC

80. COPPER HILLS AID PROPCO LLC

81. POWELL AID PROPCO LLC

82. EILER AID PROPCO LLC

83. SWAN AID PROPCO LLC

84. MASONVILLE AID PROPCO LLC

85. GARDENS AT CLYDE AID PROPCO LLC

86. STRAKE AID PROPCO LLC

87. FRANKLIN AID PROPCO LLC

88. WINDRIVER AID PROPCO LLC

89. CEDAR GARDENS AID PROPCO LLC

90. TAMARACK AID PROPCO LLC

91. HOPKINS AID PROPCO LLC

92. WESTWOOD LANDING AID PROPCO LLC

93. BLUEBONNET AID PROPCO LLC

94. LUCAS AID PROPCO LLC

95. WILLOWPARK AID PROPCO LLC

96. JOLIET 3315 MC BG PROPCO LLC

97. ROCKFORD BG PROPCO LLC

98. INDIANAPOLIS 5011 STATE BG PROPCO LLC

99.     MICHIGAN CITY 1400 AL BG PROPCO LLC

100.    MICHIGAN CITY 1300 MC BG PROPCO LLC

101.    INDIANAPOLIS 2725 LAKE BG PROPCO LLC

102.    GREENSBORO BG PROPCO LLC

103.    YOUNGSTOWN BG PROPCO LLC

104.    FAIRFIELD BG PROPCO LLC

105.    MANSFIELD BG PROPCO LLC

106.    URBANA BG PROPCO LLC

107.    KNOXVILLE BG PROPCO LLC

108.    MORRISTOWN BG PROPCO LLC

109.    TUCSON BG PROPCO LLC

110.    GAINESVILLE 4601 AL BG PROPCO LLC

111.    LEHIGH ACRES BG PROPCO LLC

112.    LONGWOOD BG PROPCO LLC

113.    ABILENE 1100 EAST BG PROPCO LLC

114.    ABILENE 1102 WEST BG PROPCO LLC

115.    MIDWEST CITY BG PROPCO LLC

116.    OKC 2435 122ND BG PROPCO LLC

117.    OKC 7535 HEFNER BG PROPCO LLC

118.    OKC 2500 89TH BG PROPCO LLC

119.    LAWTON BG PROPCO LLC

120.    DUBLIN BG PROPCO LLC

121.    KENNESAW BG PROPCO LLC

122.    MERRILLVILLE BG PROPCO LLC

123.    NORTH WALES BG PROPCO LLC

124. ATHENS BG PROPCO LLC

125. DANVILLE BG PROPCO LLC

126. ROANOKE BG PROPCO LLC