# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ASHLEY SIMMONS, | ) | |
| | ) | |
| *Plaintiff*, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| DG PREMIUM BRANDS LLC. d/b/a | ) | |
| DELTA GALIL PREMIUM BRANDS | ) | |
| AKA 7 FOR ALL MANKIND | ) | |
| | ) | JURY TRIAL DEMANDED |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiff Ashley Simmons ("Plaintiff") sets forth this Complaint for Damages against corporate defendant DG Premium Brands LLC ("DG") d/b/a Delta Galil Premium Brands aka "7 For All Mankind" ("7 For All Mankind"). Plaintiff shows the Court as follows:

## INTRODUCTION

1. This action is for illegal race-based discrimination and retaliation arising under 42 U.S.C. § 1981 ("Section 1981"). Plaintiff seeks declaratory and injunctive relief, back pay, front pay, liquidated damages, a permanent injunction against future violations, reinstatement or front pay in lieu of reinstatement,

1

compensatory damages, punitive damages, nominal damages, all attorney's fees and costs, and any other damages allowed by law or equity.

## JURISDICTION AND VENUE

2. Plaintiff's claims under Section 1981 present federal questions over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper pursuant to, *inter alia*, 28 U.S.C. § 1391(b)(2) because the unlawful employment practices alleged below were committed within the geographic boundaries of the Northern District of the United States District Court, Atlanta Division, and within the state of Georgia.

4. This Court has personal jurisdiction over Defendant as they are either located within the geographic boundaries of this Court, and/or they conduct business within the geographic boundaries of this Court.

## PARTIES

5. Plaintiff is a citizen of the United States and a resident of the State of Georgia. Plaintiff was an employee of Defendant at all times material to this Complaint, concluding with her unlawful termination.

6. Defendant is registered to conduct business and transacting business in the state of Georgia.

7. Defendant may be served with process through its registered agent if formal service of process is not waived.

## FACTS

8. Defendant employed or jointly employed the Plaintiff.

9. Defendant's operate a retail clothing store with a location at the North Georgia Premium Outlets in Dawsonville GA.

10. Plaintiff's race is African American.

11. On or around September 19, 2021, Plaintiff joined Defendant as an Assistant Store Manager.

12. Plaintiff's pay was $23.00 per hour.

13. Most if not all of Plaintiff's co-workers were white.

14. Plaintiff's manager(s) stereotyped her as an angry black woman.

15. Throughout her employment it became more and more clear that Plaintiff's manager(s) were prejudice against African American employees and African American customers.

16. Specifically, Plaintiff witnessed disparate treatment between the treatment of African Americans and their white colleges both employees and customers.

17. Plaintiff discussed/complained about these disparities in treatment with Defendant, but nothing changed.

18. To Plaintiff's knowledge no investigation was undertaken regarding the race discrimination for which Plaintiff complained to Defendant.

19. On or around December 10, 2021 Plaintiff made a written complaint of race discrimination. (See "Exhibit A").

20. Shortly thereafter on or around January 3, 2022 Plaintiff was terminated. (See "Exhibit B")

21. Plaintiff asked why she was terminated, and all Defendant would say is that they were an "at will employer" and could terminate her at any time and that they didn't require a reason.

22. Plaintiff was terminated due to her race, and due to her complaints of race discrimination.

23. Defendant's decision to terminate Plaintiff was out of step with the way non-African American employees are treated for similar alleged offenses.

## COUNT I DISCRIMINATION IN VIOLATION OF SECTION 1981

24. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

25. Plaintiff is a member of a protected class (African American).

26. Plaintiff was employed or jointly employed by Defendant at all times material to this Complaint, Plaintiff and Defendant were parties to an employment

agreement under which Plaintiff provided services to Defendant and Defendant was required, among other things, compensate her for her services.

27. Plaintiff was qualified for the position she held.

28. Plaintiff was subjected to race discrimination based on the color of her skin and was subjected to disparate treatment by Defendant in the terms and conditions of her employment as described above.

29. This disparate treatment was because of Plaintiff's race and in violation of Section 1981.

30. Defendant's willfully and wantonly disregarded Plaintiff's rights and Defendant's discrimination against Plaintiff was undertaken in bad faith.

31. Defendant failed to take prompt and appropriate remedial measures to stop or cure the aforementioned discrimination.

32. As a direct and proximate result of Defendant's unlawful discriminatory actions, Plaintiff has suffered lost wages and other benefits of employment, significantly diminished employment opportunities, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation.

## COUNTS II RETALIATION IN VIOLATION OF SECTION 1981

33. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

34. Plaintiff engaged in activities protected under Section 1981 by making multiple complaints of race-based discrimination.

35. After Plaintiff's complaints of discrimination, Plaintiff suffered adverse employment actions including, but not limited to, her termination.

36. As a direct and proximate result of Defendant's unlawful discriminatory and retaliatory actions, Plaintiff has suffered lost wages and other benefits of employment, significantly diminished employment opportunities, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation.

**WHEREFORE**, Plaintiff demands a trial by jury and for the following relief:

(a) That Summons issue;

(b) That Defendant be served with the Summons and Complaint;

(c) Full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for the unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d) Reinstatement to Plaintiff's former position with Defendant, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits, and/or pensions;

(e) Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f) Punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for their conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(g) Nominal damages;

(h) Reasonable attorney's fees and costs;

(i) Judgment against Defendant for damages incurred by Plaintiff;

(j) Judgment against Defendant in such an amount as will fully and adequately compensate Plaintiff; and

(k) Other and further relief as the Court deems just and proper.

Respectfully submitted, this 6th day of April 2023.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorney for Plaintiff

THE MIXON LAW FIRM
1691 Phoenix Boulevard, Suite 150
Atlanta, Georgia 30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039