IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TEVIN MURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION FILE** |
| | ) | |
| JEANNE SIMON, MARK SIMON, | ) | **NO.:** |
| SELL YOUR TV CONCEPT NOW, INC., | ) | |
| PARAMOUNT GLOBAL d/b/a | ) | |
| PARAMOUNT and f/k/a VIACOMCBS, | ) | **COMPLAINT FOR COPYRIGHT** |
| NELVANA ENTERPRISES, INC.; | ) | **INFRINGEMENT** |
| PEDRO EBOLI, MARK | ) | |
| SATTERTHWAITE; GRAHAM | ) | **JURY TRIAL REQUESTED** |
| PETERSON and DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

Plaintiff Tevin Murry ("Murry" or "Plaintiff"), alleges the following against Jeanne Simon, Mark Simon, SELL YOUR TV CONCEPT NOW, INC., Paramount Global d/b/a Paramount and f/k/a VIACOMCBS ("Paramount"), Nelvana Enterprises, Inc. ("Nelvana"), Pedro Eboli ("Eboli"), Mark Satterwaithe ("Satterwaithe"), Graham Peterson ("Peterson") and DOES 1-10 (collectively, "Defendants"):

### INTRODUCTION

1. This case involves the wrongful misappropriation and use of Plaintiff's original copyrighted and creative works entitled *The Journey*.

2. Plaintiff first copyrighted the characters in *The Journey* with the U.S. Copyright Office in 2017 (Copyright Registration No. VAu001312124), and then registered the story under that name in 2018 (Copyright Registration No. TXu002075184).

1

3.      In April 2020, Paramount's Nickelodeon channel aired the first episode of a cartoon show produced by Defendant Nelvana entitled *Ollie's Pack* (sometimes the "Infringing Work").

4.      The Infringing Work is strikingly similar to *The Journey,* too much so to be an independent creation. Plaintiff brings this lawsuit seeking damages and/or declaratory relief.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of Georgia and in this judicial district, and acts of infringement complained of herein occurred in the State of Georgia and in this judicial district.

6.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because the infringement occurred in this judicial district, and one of more Defendants either resides in this district or has substantial and continuous ties to this judicial district.  Defendants engaged in the extensive promotion, marketing, distribution, and sales of the goods and services at issue in this judicial district.

## THE PARTIES

7.      Plaintiff is an individual residing in the State of California and is the sole owner of the copyrighted works that are the subject of this litigation.

8.      Plaintiff is informed and believes and thereon alleges that Defendant Jeanne Simon is an individual residing within this judicial district.

9.      Plaintiff is informed and believes and thereon alleges that Defendant Mark Simon is an individual residing within this judicial district.

10. Plaintiff is informed and believes and thereon alleges that Defendant SELL YOUR TV CONCEPT NOW, INC. is a Florida corporation with its principal place of business within this judicial district.

11. Plaintiff is informed and believes and thereon alleges that Paramount is an international media and entertainment company with its principal place of business in New York, New York.

12. Paramount is believed to be the owner/successor in interest of Nickelodeon and Nicktoons, and facilitated the publication and distribution of the Infringing Work and has enjoyed a share of the profits therefrom. Thus, Paramount has a direct financial interest in the infringing activity.

13. Plaintiff is informed and believes and thereon alleges that Defendant Nelvana Enterprises, Inc. is a corporation organized under the laws of Canada, with its principal office within the Province of Ontario located within the City of Toronto.  Nelvana is credited as producer of the Infringing Work and is otherwise believed to be involved in some manner in the creation of the Infringing Work.

14. Plaintiff is informed and believes and thereon alleges that Defendant Pedro Eboli ("Eboli") is an individual residing in the State of California.  Eboli is credited as creator/showrunner of the Infringing Work and is otherwise believed to be involved in some manner in the creation of the Infringing Work.

15. Plaintiff is informed and believes and thereon alleges that Defendant Mark Satterthwaite ("Satterthwaite") is an individual residing in the Province of Ontario, Canada. Satterthwaite is credited as a writer of the Infringing Work and is otherwise believed to be involved in some manner in the creation of the Infringing Work.

16.     Plaintiff is informed and believes and thereon alleges that Defendant Graham Peterson ("Peterson") is an individual residing in the Province of British Columbia, Canada. Peterson is credited as creator/showrunner of the Infringing Work and is otherwise believed to be involved in some manner in the creation of the Infringing Work.

17.     The true names and capacities of the defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOE is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Plaintiff as alleged herein. Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE Defendants have been ascertained.

18.     Plaintiff is informed and believes, and on that basis alleges, that at all relevant times mentioned in this Complaint, Defendants and each of them, were and are acting in concert and active participation with each other in committing the wrongful acts alleged herein and were and are the agents of each other and were acting within the scope and authority of that agency and with the knowledge, consent, and approval of one another.

## STANDING

19.     Plaintiff has standing to bring this claim because:

    A.     At all times mentioned herein, Plaintiff is and was the sole owner of the copyrighted works that are being infringed upon by Defendants;

    B.     As the owner of the copyrighted works, Plaintiff is within the class of persons or entities entitled to enforce their rights under the United States Copyright Law;

  C. Plaintiff has been, and is continuing to be, directly affected and harmed by the impact of the Defendants' wrongful appropriation and infringement of his original copyrighted works as alleged in this Complaint;

  D. Plaintiff has suffered an injury in fact because Defendants have profited from their infringement of Plaintiff's original copyrighted works, while denying Plaintiff his right to the profits from his original copyrighted works and any works and merchandise derived therefrom;

  E. Plaintiff's damages are directly traceable to the actions of the Defendants in infringing on Plaintiff's original copyrighted works by (i) developing, publishing, and distributing a cartoon series based on Plaintiff's original copyrighted works, (ii) developing and distributing books, toys and other merchandise including artwork, characters, designs, stories, and other unique elements of expression, copied or derived from Plaintiff's original copyrighted works.

## BACKGROUND FACTS

20. Plaintiff and his mother began developing *The Journey* in or about 2011. At that time Plaintiff was enduring bullying at his local public school.

21. Plaintiff's mother suggested that he create a cartoon as a way of coping with the bullying. Plaintiff brought in his cousin to assist in the character artwork for *The Journey*.

22. After working on *The Journey* for several years, Plaintiff eventually decided to seek professional help in developing *The Journey* and preparing it for shopping to networks.

23. In early 2017, Plaintiff engaged the services of Mark and Jeanne Simon to analyze *The Journey* to assess its commercial viability. In 2017 and at all times relevant hereto, the Simons operated a website at www.sellyourtvconceptnow.com.

24. Both Mark and Jeanne Simon promote their professional relationships with Nickelodeon on their website. A partial screenshot from the "About Us" page on www.sellyourtvconceptnow.com touting Jeanne Simon's connections to Nickelodeon is shown below:



A partial screenshot from the "About Us" page on www.sellyourtvconceptnow.com touting Mark Simon's connections to Nickelodeon is shown below:



25.     Beginning in March 2017, Plaintiff engaged in numerous critique sessions with Jeanne Simon.  During those sessions Jeanne Simon expressed that *The Journey* was getting closer to being ready to pitch.  Mark Simon also participated in the sessions from time to time.

26.     During the time that Plaintiff worked with the Simons, Jeanne Simon actively discouraged Plaintiff from registering his copyright in *The Journey*.

27.     In early 2020, Jeanne Simon suggested that Plaintiff needed to take the project in a different direction.  She abruptly put their critique sessions on hold, allegedly due to the coronavirus pandemic.

28.     Shortly thereafter, on April 6, 2020, the Infringing Work premiered on Nickelodeon.

29.     In addition to having ties to Nickelodeon, Plaintiff is informed and believes that the Simons have a relationship with at least one of the purported creators/writers of the Infringing Work.

7

30. Plaintiff is informed and believes and thereon alleges that the Simons have business relationships with the other Defendants and provided access of *The Journey* to these Defendants which resulted in the Defendants infringing on Plaintiff's work, *The Journey*.

31. The final few episodes of the Infringing Work aired on Nicktoons from May 3 to 6, 2021.

## Similarities Between the Works

32. There are numerous and substantial similarities between *The Journey* and the Infringing Work. The most obvious similarity resolves around the main characters Garrett and Ollie.

    A. Both Garrett and Ollie are known as "the chosen one."

    B. Both Garrett and Ollie are nerdy and unpopular thirteen-year-old boys.

    C. Both Garrett and Ollie have orange hair (Ollie looks more like an earlier version of Garrett in the Original Work).

    D. Both Garrett and Ollie are tasked with having to save the Earth while navigating through normal life as a teenager.

    E. Garrett is the bridge between the aliens and the human while Ollie is the bridge between the monsters and humans.

    F. Garrett has his two best pals and his mentor, Plug. Ollie has his two best pals and his mentor, CW. Garrett and Ollie both introduce their otherworldly friends to school.

    G. Both Garrett and Ollie invite their bullies over to impress them.

    H. Both Garrett and Ollie are both described as "ordinary."

    I. Both Garrett and Ollie have access to another world.

33. The similarities between the two programs do not end with Garrett and Ollie. Several of those similarities are outlined below:

    A. Cleo (*Ollie's Pack*) and Interference (*The Journey*) are both Black girls with blue hair and are best friends to their respective protagonists;

    B. The mothers of Garrett and Ollie look almost identical (hair, earrings, color of clothing) and neither has a father;

    C. Dahlia from *Ollie's Pack* looks like Static from *The Journey* (same red skin, sunglasses);

    D. The aliens in *The Journey* have disguises and the *Ollie's Pack* monster characters use disguises as well;

    E. The design of the city that Ollie lives in is similar to that in *The Journey*;

    F. There is a scene in an *Ollie's Pack* episode, "Sorry to Father You", where Ollie looks through a box in the attic and finds pictures of his father. There is a scene from an episode in *The Journey* where Garrett looks through a box in his attic and finds a picture of his mother;

    G. Both "The Journey" and Ollie's Pack are serialized (In order);

    H. Both Plug and CW get kidnapped;

    I. There is a picture of a flower on the wall in the bathroom in *The Journey* and in Ollie's Pack.

The two works are so similar that is beyond comprehension to think that the Infringing Work could have been independently created.

34. Defendants have infringed and are infringing the copyright in *The Journey* by unlawfully reproducing and distributing the Infringing Work, in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

35. The natural and probable foreseeable result of Defendants' wrongful conduct has been to deprive Plaintiff of the benefits of selling products embodying *The Journey* and licensing others to sell products embodying The Journey, and to injure Plaintiff's relationship with prospective customers.

36. At no time has Plaintiff authorized Defendants to reproduce, distribute, prepare derivative works, or publicly display *The Journey* or any portion thereof. Defendants' infringements were and are willful, in bad faith, and executed with full knowledge of Plaintiff's copyright, and in conscious disregard for Plaintiff's exclusive rights in *The Journey*.

**FIRST CAUSE OF ACTION**
**(Copyright Infringement)**
**[17 U.S.C. Sections 101, et seq.]**
**(Against All Defendants)**

37. Plaintiff re-alleges all the allegations above as though set forth in full in this Cause of Action.

38. Plaintiff owns the copyright to *The Journey*. He first copyrighted the characters with the United States Copyright Office on or about October 23, 2017 (Copyright Reg. No. VAu001312124). Plaintiff also owns Copyright Reg. No. TXu002075184 for *The Journey*, registered on March 22, 2018.

39. Plaintiff has complied in all respects with 17 U.S.C. §§ 101, et seq., and secured the exclusive rights and privileges in and to the copyright of *The Journey*. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

40. Defendants' conduct violates the exclusive rights belonging to Plaintiff as owner of the copyright in his original artwork, characters, designs, stories, and other unique elements of expression, including without limitation Plaintiff's rights under 17 U.S.C. Section 106.

41. Plaintiff is informed and believes and based thereon alleges that, as a direct and proximate result of their wrongful conduct, Defendants have realized, and continue to realize, profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

42. U.S. Copyright law, 17 U.S.C. § 504(b), makes clear that Plaintiff is entitled to recover as his actual damages all profits of Defendants attributable to their infringement of his original copyrighted works:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted works.

43. As a direct and proximate result of Defendants' aforementioned conduct, Plaintiff has suffered injury and damages, and is continuing to suffer injury and damages, including but not

limited to infringement on his rights to his original copyrighted artwork, characters, designs, stories, and other unique elements of expression, as well as his right to develop other works derived from his copyrighted works. The total amount of such damages is currently unknown and will be proven at the time of trial.

44. Plaintiff is informed and believes and based thereon alleges that, as a direct and proximate result of their wrongful conduct, Defendants have realized, and continue to realize, profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504(b).

45. Plaintiff is also entitled to recovery of his reasonable attorneys' fees and costs, as provided under 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
### (Contributory Copyright Infringement)
### (Against All Defendants)

46. Plaintiff re-alleges all the allegations above as though set forth in full in this Cause of Action.

47. Defendants, and each of them, have engaged and continue to engage in the business of knowingly and willfully publishing, distributing, and broadcasting the infringing *Ollie's Pack* animated cartoon episodes, as well as importing, manufacturing, marketing, and selling infringing products by each of the other Defendants as well as by the wholesale purchasers of the infringing products from Defendants, who thereafter themselves distributed the infringing goods in commerce by, among other things, sales to ultimate consumers. Each of the Defendants has acted in concert with those who have directly infringed Plaintiff's copyrights.

48. Defendants each have known that this infringing conduct occurs because they know that the *Ollie's Pack* animated cartoons and products derived from those cartoons infringe upon

Plaintiff's copyright in *The Journey* artwork, characters, designs, stories, and other unique elements of expression which are properly identified as copyrighted and which are registered with the U.S. Copyright Office.

49. The foregoing acts of contributory infringement by Defendants have been willful, intentional and purposeful, in disregard of and indifference to the rights of Plaintiff.

50. As a direct and proximate result of Defendants' acts of contributory infringement, Plaintiff is entitled to damages and Defendants' and others' profits pursuant to 17 U.S.C. § 504(b).

51. Plaintiff is additionally entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## THIRD CAUSE OF ACTION
### (Accounting)
### (Against All Defendants)

52. Plaintiff re-alleges all the allegations above as though set forth in full in this Cause of Action.

53. Plaintiff alleges that Defendants' improper use of Plaintiff's intellectual property rights as alleged above has resulted in Defendants being unjustly enriched at Plaintiff's expense and at no cost to Defendants.

54. Defendants have retained an unknown amount of monies that rightfully belongs to Plaintiff.

55. Plaintiff is therefore entitled to an accounting of all profits gained by Defendants' illegal use of Plaintiff's intellectual property.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief)
### (Against All Defendants)

56. Plaintiff re-alleges all the allegations above as though set forth in full in this Cause of Action.

57. An actual dispute and controversy now exist between Plaintiff and Defendants as to the ownership/authorship of *Ollie's Pack*. Plaintiff contends that he should be credited and paid as a creator of *Ollie's Pack*.

58. Plaintiff is informed and believes that Defendants dispute Plaintiff's contention. Plaintiff therefore desires and requests a judicial determination and declaration of the respective rights and obligations of the parties regarding *Ollie's Pack*. Plaintiff seeks to be credited and paid as a creator and co-producer on all future broadcasts, digital releases, licenses, etc. of *Ollie's Pack*.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Tevin Murry, prays for judgment against Defendants as follows:

1. As to Plaintiff's First and Second Causes of Action for Copyright Infringement and Contributory Copyright Infringement, Plaintiff is entitled to:

   a. For damages in an amount as shall be proven at the time of trial, including but not limited to any profits of Defendants that are attributable to the infringement; or, in the alternative, at Plaintiff's election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. § 504;

   b. For prejudgment interest thereon; and

   c. For attorneys' fees as provided under 17 U.S.C. Section 505.

2. As to Plaintiff's Third Cause of Action for Accounting, for an accounting of all profits gained by Defendants' illegal use of Plaintiff's intellectual property.

3.      As to Plaintiff's Fourth Cause of Action for Declaratory Relief, an order declaring that Plaintiff be credited and paid as a creator and co-producer on all future broadcasts, digital releases, licenses, etc. of *Ollie's Pack*.

4.      As to all Causes of Action:

    a.      For costs of suit incurred herein; and

    b.      For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Submitted this 6th day of April, 2023.

/s/*Robert Kenner, Jr.*
Robert Kenner, Jr., Esq.
Georgia Bar No. 415028
3992 Redan Road
Stone Mountain, GA 30083
(T) (404) 292-9997
robert@robertkennerjrlaw.com
Attorney for Plaintiff