UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRUCK & TAP, LLC                          )
8640 Main Street                          )
Woodstock, Georgia, 30188                 )
                                          )
        PLAINTIFF,                        )
v.                                        )
                                          )
TAP TRUCK LLC                             )
        Serve: Corbin O'Reilly            )
        5041 Orcutt Avenue                )   CIVIL ACTION NO.
        San Diego, CA 92120,              )   _____
                                          )
TAP TRUCK GA LLC                          )   JURY TRIAL DEMANDED
        Serve: Joseph Toole               )
        111 Copperfield Drive North       )
        Savannah, GA 31410,               )
                                          )
TAP TRUCK ATL LLC                         )
        Serve: Legalinc Corporate Services Inc. )
        1870 The Exchange, Suite 200-44   )
        Atlanta, GA 30339,                )
                                          )
TAP TRUCK NORTH GEORGIA LLC               )
        Serve: Makayla de Jong            )
        508 Old Canton Road               )
        Ball Ground, GA 30107,            )
and                                       )
                                          )
VINTAGE TAP TRUCK LLC                     )
        Serve: Craig O Craven             )
        46 Leafview Drive                 )
        Cleveland, GA 30528               )

        DEFENDANTS.

1

## COMPLAINT

Come now Plaintiff, Truck & Tap, LLC (hereinafter referred to as "Truck & Tap" or "Plaintiff") by counsel, and for their cause of action against Defendants, Tap Truck, LLC, Tap Truck GA LLC, Tap Truck ATL LLC, Tap Truck North Georgia LLC, and Vintage Tap Truck LLC (hereinafter collectively referred to as Defendants"), and states as their Complaint, the following:

## INTRODUCTION

1.     Truck & Tap is the owner of valuable and longstanding trademark rights in the uncontestable mark TRUCK & TAP® (Reg. No. 5201251), under which it offers restaurant and bar services.  Truck & Tap also owns rights in the mark TRUCK & TAP® (Reg. No. 5669981) for clothing merchandise products in interstate commerce. The TRUCK & TAP® registrations are collectively referred to herein as the "TRUCK & TAP® Mark."

2.     Despite Defendant Tap Truck LLC's knowledge of Truck & Tap's prior use and ownership of the TRUCK & TAP® Mark, and Truck & Tap's refusals to agree to Defendant Tap Truck LLC's requests for coexistence. Defendant Tap Truck LLC adopted and, including by and through Defendants Tap Truck GA LLC, Tap Truck ATL LLC, Tap Truck North Georgia LLC, and Vintage Tap Truck LLC, expanded use of the "Tap Truck" name for its services and product offerings.

3.     Despite receiving repeated refusals from the United States Patent and Trademark Office ("USPTO") to register the "Tap Truck" name, including denial on grounds that the "Tap Truck" name is confusingly similar to that of Plaintiff's TAP & TRUCK® Mark, Defendant Tap Truck LLC continued to engage in offering services and products to the general public using and to expand, including through Defendants Tap Truck GA LLC, Tap Truck ATL LLC, Tap Truck North Georgia LLC, and Vintage Tap Truck LLC, its use of the confusingly similar "Tap Truck" name.

4.     Consumers encountering the "Tap Truck" name have and will continue to believe that Defendants activities are related to or endorsed by Plaintiff, which they are not.

5.     Defendants' expanded use of the "Tap Truck" name, including related extensive advertising and promotion using the "Tap Truck" name in at least thirty-four states, by Defendants and at least eighty-nine additional licensees and/or franchisees, in addition to six international locations, is commercially overwhelming the market, saturating public conscience, and weakening and diminishing the TRUCK & TAP® Mark and brand, through reverse confusion.

6.     Accordingly, Plaintiff brings this action for federal trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*; unfair trade practices and unfair competition under the Georgia

Deceptive Trade Practices Act, unfair competition under the Georgia Unfair Competition Statute; common law unjust enrichment; common law misappropriation; injunctive relief under O.C.G.A. § 9-5-1 *et seq*., and attorney's fees under O.C.G.A. § 13-6-11.

## PARTIES

7.    Plaintiff is a Georgia limited liability company with a principal place of business located at 30 Milton Avenue, Alpharetta, GA 30009. Plaintiff offers restaurant and bar services and clothing merchandise under its registered trademark TRUCK & TAP®.

8.    Defendant Tap Truck, LLC is a California limited liability company, doing business in Georgia (including committing the infringing acts described herein), as "Tap Truck," and having its principal place of business at 5041 Orcutt Avenue, San Diego, California 92120.

9.    Upon information and belief, Defendant Tap Truck GA LLC is a Georgia limited liability company acting in concert and privity with Defendant Tap Truck, LLC.

10.    Upon information and belief, Defendant Tap Truck GA LLC is a franchisee of Defendant Tap Truck, LLC, doing business in Georgia (including committing the infringing acts described herein), as "Tap Truck," and having its

principal place of business at 111 Copperfield Drive North, Savannah, Georgia 31410.

11.     Upon information and belief, Defendant Tap Truck ATL LLC is a Georgia limited liability company acting in concert and privity with Defendant Tap Truck.

12.     Upon information and belief, Defendant Tap Truck ATL LLC is a franchisee of Defendant Tap Truck, LLC, doing business in Georgia (including committing the infringing acts described herein), as "Tap Truck," and having its principal place of business at 1965 Roscoe Road, Newnan, GA 30263.

13.     Upon information and belief, Defendant Tap Truck North Georgia LLC is a Georgia limited liability company acting in concert and privity with Defendant Tap Truck, LLC.

14.     Upon information and belief, Defendant Tap Truck North Georgia LLC is a franchisee of Defendant Tap Truck, LLC, doing business in Georgia (including committing the infringing acts described herein), as "Tap Truck," and having its principal place of business at 508 Old Canton Road, Ball Ground, Georgia 30107.

15.     Upon information and belief, Defendant Vintage Tap Truck LLC is a Georgia limited liability company acting in concert and privity with Defendant Tap Truck, LLC.

16.    Upon information and belief, Defendant Vintage Tap Truck LLC is a franchisee of Defendant Tap Truck, LLC, doing business in Georgia (including committing the infringing acts described herein), as "Tap Truck," and having its principal place of business at 46 Leafview Drive, Cleveland, Georgia 30528.

17.    At all times relevant herein, Defendants have variously engaged in the business of marketing, promoting, and providing bartending services and selling beer and clothing, namely t-shirts, hats, and hooded sweatshirts, among other things, in connection with confusingly similar names and trademarks, constituting, embodying, and otherwise incorporating the name, trademarks, and intellectual property of Plaintiff that comprise the subject of this lawsuit.

18.    Upon information and belief, Defendants have offered and continue to offer their services and commit the infringing and violative acts in the course of their business that are the subject of this dispute in interstate commerce, including to individuals in the Northern District of Georgia, as well as to individuals in other states.

## JURISDICTION AND VENUE

19.    This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338 as the Complaint alleges violations of the Lanham Act.  This Court also has jurisdiction over all additional claims herein pursuant to 28 U.S.C. §1338(b) and 1367, and under the doctrines of pendent and supplemental jurisdiction, since

these claims are joined with substantial and related claims under the Lanham Act Laws of the United States.

20.     Venue in the Northern District of Georgia is proper under 28 U.S.C. §§1391(b) and 1400(a) because a substantial part of the events giving rise to these claims arose within the Northern District of Georgia, which is sufficient for jurisdiction under Georgia's Long-Arm Statute, and Defendants have transacted business and committed their infringing and tortious acts within the Northern District of Georgia.  In this regard, upon information and belief, Defendants are and at all relevant times have been marketing and providing services, including, upon information and belief, the infringing services that are the subject of this lawsuit within the Northern District of Georgia directly and indirectly to individuals residing and transacting business in the Northern District of Georgia.

## FACTUAL BACKGROUND

21.     Truck & Tap offers restaurant and bar services to its customers with a rotating selection of craft beer and mobile food trucks. In addition, Truck & Tap also sells merchandise, including, but not limited to clothing, namely t-shirts, hats, and hooded sweatshirts, bearing the TRUCK & TAP® Mark. Truck & Tap offers its merchandise for sale at its three physical bar and restaurant locations in Georgia and through its e-commerce website TruckandTap.com.

22.     Truck & Tap owns the incontestable U.S. Federal Trademark Registration No. 5201251 for the mark TRUCK & TAP® in connection with restaurant and bar services in International Class 43, which registration was issued by the United States Patent and Trademark Office ("USPTO") on May 9, 2017. Truck & Tap also owns the U.S. Federal Trademark Registration No. 5669981 for the mark TRUCK & TAP® in connection with hats, shirts, and hooded sweatshirts in International Class 25, which registration was issued by the USPTO on February 5, 2019.

23.     Truck & Tap has used the TRUCK & TAP® Mark since as early as March of 2015.

24.     Through extensive use, marketing, branding, and promotion, the TRUCK & TAP® Mark has gained substantial recognition, goodwill and association with Truck & Tap, particularly in Georgia.

25.     Defendants provide mobile bartending services via mobile trucks and sell beer and merchandise, including, but not limited to clothing, namely, t-shirts, hats, and hooded sweatshirts. Defendant Tap Truck LLC uses the name "Tap Truck" in connection with its services and merchandise and at multiple affiliate and franchise locations, including but not limited to, in and across Georgia, and on its companion e-commerce website taptruckusa.com and numerous affiliate and

franchisee websites which are accessible throughout the United States and internationally.

26.     Upon information and belief, Defendant Tap Truck LLC was founded on or around August of 2016. Since its founding, Defendant Tap Truck LLC has established multiple franchises in thirty-eight states and across Georgia, with approximately ninety trucks in operation, all using the "Tap Truck" name, including Defendants Tap Truck GA LLC, Tap Truck ATL LLC, Tap Truck North Georgia LLC, and Vintage Tap Truck LLC, to advertise, market, and promote their services and merchandise, including without limitation, on websites and social media, reaching recipients across the United States, including in Georgia.

27.     Beginning in October of 2016, Defendant Tap Truck LLC attempted to register the "Tap Truck" name as a trademark with the USPTO on seven occasions. In response to each and every attempt, the USPTO denied Defendant Tap Truck LLC registration. Nonetheless, Defendant Tap Truck LLC has continued to use the "Tap Truck" name and knowingly infringe upon the TRUCK & TAP® Mark and the rights of Truck & Tap.

28.     On October 21, 2016, Defendant Tap Truck LLC applied to register the "Tap Truck" name through two applications (Serial Nos. 87211922 and 87976225) for bartending services; providing drinks via mobile trucks; hats, t-shirts, hooded sweatshirts; and, beer (International Classes 25, 32, and 43). On June 12, 2018, the

applications were refused by the USPTO because, among other things, the registration was confusingly similar to the TRUCK & TAP® Mark.

29.    Defendant Tap Truck, LLC was aware of Truck & Tap's use of its TRUCK & TAP® Mark at least as early as February, 2017, and knew of the TRUCK & TAP® Mark registration at least as early as June, 2018.

30.    In or about May 2017, Defendant Tap Truck, LLC first attempted to obtain a co-existence agreement with Truck & Tap. Truck & Tap refused Defendant Tap Truck, LLC's request.

31.    Defendant Tap Truck, LLC continued to use the "Tap Truck" name and expand its use of the "Tap Truck" name, by and through its franchisees and affiliates, including but not limited to Defendants Tap Truck GA LLC, Tap Truck ATL LLC, Tap Truck North Georgia LLC, and Vintage Tap Truck LLC. Defendant Truck Tap LLC, and did so with knowledge of Truck & Tap's prior use and registrations of the TRUCK & TAP® Mark, and with the intent to saturate the market with its confusingly similar "Tap Truck" name. Defendant Tap Truck LLC took these actions deliberately, intentionally, and with disregard to the resulting damage to the TRUCK & TAP® Mark, including and without limitation the risk of reverse confusion.

32.    On April 14, 2021, Defendant Tap Truck LLC filed additional applications with the USPTO to register the "Tap Truck" name through three

applications for bartending services; providing drinks via mobile trucks; hats, t-shirts, hooded sweatshirts; and beer (Serial Nos. 90644388, 90644384 and 90644382 in International Classes 25, 32, and 43). On July 27, 2022, all applications were refused registration on the grounds that the "Tap Truck" name is confusingly similar to the TRUCK & TAP® Mark.

33.     After receiving refusals to register in connection with its applications Serial Nos. 90644288, 90644284 and 90644282, on or about August 8, 2022, Defendant Tap Truck LLC, by counsel, contacted Truck & Tap, to request a co-existence agreement.

34.     In response to Defendant Tap Truck LLC's request, on or about November 3, 2022, Truck & Tap, by counsel, refused to agree to coexistence.

35.     Defendant Tap Truck LLC applied with the USPTO to register "Tap Truck New Orleans" and the "Tap Truck" names (Serial Nos. 97616551 and 97616551) for bartending services providing drinks via mobile trucks. These applications are still pending. No office actions have been issued in connection with these applications.

36.     Truck & Tap, by counsel, sent a cease-and-desist letter to Defendant Tap Truck LLC on or about November 3, 2022, demanding it stop use of the "Tap Truck" name on the grounds that the name has caused and will continue to cause

marketplace confusion, is confusingly similar to that of the TRUCK & TAP® Mark, and its use of the "Tap Truck" name constitutes trademark infringement.

37.     Tap Truck LLC did not respond to Truck & Tap's November 3, 2022, cease-and-desist letter, and to the contrary, continues to infringe the TRUCK & TAP® Mark and engage in the unlawful, willful, and intentional conduct set forth herein.

38.     At least one potential consumer has been actually confused by the Defendants' actions. On or around October 2021, a potential or existing customer of one or more of the Defendants contacted Truck & Tap because the consumer believed it to be affiliated with one or more of the Defendants.

## COUNT I

### TRADEMARK INFRINGEMENT
### PURSUANT TO THE LANHAM ACT (15 U.S.C. § 1114)-
### DIRECT CONFUSION

39.     Plaintiff repeats, realleges, and incorporates by reference the allegations contained in Paragraphs 1 through 38 herein as though fully set forth herein.

40.     At all times, Plaintiff's services under its TRUCK & TAP® Mark have included restaurant and bar services, and Plaintiff has sold TRUCK & TAP® marked products, which include t-shirts, hats, and hooded sweatshirts. Plaintiff provides

bartending services and sells beer at its TRUCK & TAP® marked restaurants and bars.

41.    Defendants are using the infringing "Tap Truck" name in connection with their bartending services, and products, including but not limited to beer, t-shirts, hats, and hooded sweatshirts, and in advertising such services and products to the general public.

42.    Defendants' "Tap Truck" mark is confusingly similar to Plaintiff's TRUCK & TAP® Mark.

43.    Defendants have offered and are offering their services and products under the infringing "Tap Truck" name in interstate commerce.

44.    Defendants' services and products offered under the "Tap Truck" name are similar or otherwise related to Plaintiff's services and goods offered under its TRUCK & TAP® Mark.

45.    As a direct consequence of Defendants' infringement, consumers of the services and products offered by Plaintiff and Defendants are likely to mistakenly believe the services and products originate from the same source.

46.    As a direct consequence of Defendants' infringement, Plaintiff's customers and the public are likely to be, and have been, deceived and confused as to the source, origin, sponsorship, and endorsement of Defendants' services and its relationship to Plaintiff.

47.     On at least two occasions, including in or about May 2017 and November 2022, Plaintiff expressly communicated with Defendants requesting co-existence. Plaintiff refused on each occasion to agree to co-existence.

48.     In or about November, 2022, Plaintiff demanded Defendants cease-and-desist use of the infringing "Tap Truck" name.

49.     Despite Plaintiff's refusal to agree to coexistence and its demands that Defendants cease use of the infringing "Tap Truck" name, Defendants persist in intentionally infringing Plaintiff's TRUCK & TAP® Mark despite the confusion that Defendants' use is causing and likely to cause in the future.

50.     Defendants'   conduct   is   unlawful   and   constitutes   trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II

## TRADEMARK INFRINGEMENT
## PURSUANT TO THE LANHAM ACT (15 U.S.C. § 1114)-
## REVERSE CONFUSION

51.     Plaintiff repeats, realleges, and incorporates by reference the allegations contained in Paragraphs 1 through 50 herein as though fully set forth below.

52.     At all times, Plaintiff's business under its TRUCK & TAP® Mark have included offering bar and restaurant services, and products, including t-shirts, hats,

and hooded sweatshirts. Plaintiff also sells beer, among other things, at its TRUCK & TAP® marked restaurant and bar locations.

53.    Defendants are using the infringing "Tap Truck" name in connection with their bartending services, product sales, namely, beer, t-shirts, hats, and hooded sweatshirts. Defendants market, advertise, and promote such services and products to the general public through at least, and among other media and platforms, Defendants' websites and social media, and the websites and social media sites of Defendant Tap Truck LLC's other affiliates and franchisees. Defendants' "Tap Truck" name is confusingly similar to Plaintiff's TRUCK & TAP® Mark.

54.    As a direct consequence of Defendants' infringement, Plaintiff's customers and the public are likely to be, and have been, deceived and confused as to the source, origin, sponsorship, and endorsement of Defendants' services and its relationship to Plaintiff.

55.    Defendants' infringing use of the "Tap Truck" name has and will continue to overwhelm and saturate the market's awareness of the TRUCK & TAP® Mark and will continue to overwhelm and saturate the public conscience with its "Tap Truck" name.

56.    Defendants' infringing use has caused and will continue to cause reverse confusion among the general public and Plaintiff's customers and potential customers.

15

57.    The general public and Plaintiff's customers and potential customers have been and will be confused as to the identity of the lawful and infringing users of the marks and names at issue, thereby weakening and diminishing the value of Plaintiff's TRUCK & TAP® Mark and damaging Plaintiff's reputation and goodwill.

58.    Because the "Tap Truck" name is being used by Defendant Tap Truck LLC and its franchisees and affiliates across Georgia and the United States to promote their bartending services, and beer and clothing products, the general public and consumers, including Plaintiff's customers and potential customers, have been and will be confused into believing that Defendants are the senior users, and that Plaintiff is actually infringing upon Defendants, and that Defendants' service and products are the legitimate or superior product given its ability to out-promote Plaintiff using its infringing mark.

59.    Defendants' conduct, which has caused and will continue to cause reverse confusion, will make it impossible for Plaintiff to control its own reputation and goodwill in association with its TRUCK & TAP® Mark and related bar and restaurant services and clothing products.

60.    By reason of Defendants' unlawful conduct and infringement in violation of the Lanham Act, Plaintiff has suffered, and will continue to suffer, damage to its business, reputation, and goodwill, for which Plaintiff is entitled to

injunctive relief and monetary damages. Plaintiff will continue to suffer irreparable harm which cannot be fully compensated by money damages and thus Plaintiff is entitled to injunctive relief.

### COUNT III

### UNFAIR COMPETITION
### PURSUANT TO THE LANHAM ACT (15 U.S.C. § 1125(a))

61.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in Paragraphs 1 through 60 herein as though fully set forth below.

62.    Plaintiff's use of its TRUCK & TAP® Mark in connection with its service and product offerings since as early as 2015 has established in the minds of consumers an association between Plaintiff's TRUCK & TAP® Mark and Plaintiff as the source of its bartending services and various beer and merchandise offerings.

63.    Without Plaintiff's authorization, Defendants have adopted and are using the infringing "Tap Truck" name in connection with its competing bar services and beer and clothing offerings, and is promoting to the general public its services and products in connection with the "Tap Truck" name, which is confusingly similar to Plaintiff's TRUCK & TAP® Mark.

64.    Upon information and belief, Defendant has advertised, offered, and provided its services and products in connection with the "Tap Truck" name in interstate commerce. As a direct consequence of Defendants' unlawful conduct,

Plaintiff's customers and potential customers are likely to be, and have been, deceived or confused into believing that Defendants' services are authorized by, sponsored by, licensed by, or otherwise associated with Plaintiff.

65.    Defendants continue to intentionally infringe Plaintiff's TRUCK & TAP® Mark despite notice of Plaintiff's TRUCK & TAP® Mark and to intentionally and unfairly compete with Plaintiff using the public's confusion to its advantage.

66.    Defendants' use of the "Tap Truck" name constitutes unfair competition and false representation as to the source in violation of the Lanham Act, 15 U.S.C. § 1125(a).

67.    By reason of Defendants' unlawful conduct in violation of the Lanham Act, Plaintiff has suffered and will continue to suffer damage to its business, reputation and goodwill. Plaintiff will continue to suffer irreparable harm which cannot be fully compensated by money damage and thus Plaintiff is entitled to injunctive relief.

## COUNT IV

## GEORGIA DECEPTIVE TRADE PRACTICES ACT VIOLATION

68.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in Paragraphs 1 through 67 herein as though fully set forth below.

18

69.     The conduct described above was and is in the course of Defendants'
business affects commerce.  Such conduct, including but not limited to Defendants'
passing off its infringing services as originating or being sponsored by and/or
affiliated with Plaintiff, and otherwise causing likelihood of confusion or
misunderstanding as to the source, sponsorship, approval, certification, affiliation,
connection, or association of Defendants' infringing services constitutes unfair and
deceptive trade practices in violation of O.C.G.A. §10-1-372, or such other
applicable law.

70.     As a result of the deceptive trade practices described above, Plaintiff
has suffered damages.

71.     Defendants' deceptive trade practices will continue unless enjoined by
this Court.

## COUNT V

## GEORGIA UNFAIR COMPETITION STATUTE VIOLATION

72.     Plaintiff repeats, realleges, and incorporates by reference the
allegations contained in Paragraphs 1 through 71 herein as though fully set forth
below.

73.     The above-described conduct, including without limitation to
Defendants' infringing use of Plaintiff's TRUCK & TAP® Mark, reputation, and
goodwill constitute an attempt to encroach upon the business of Plaintiff by the use

of a similar mark, with the intention of deceiving and misleading the public, and therefore violate the Georgia Unfair Competition Statute, O.C.G.A. § 23-2-55.

74.   Through the above-described conduct and their use of Plaintiff's TRUCK & TAP® Mark, reputation, and goodwill, Defendants have damaged Plaintiff, and its goodwill and reputation.

## COUNT VI

## **UNJUST ENRICHMENT**

75.   Plaintiff repeats, realleges, and incorporates by reference the allegations contained in Paragraphs 1 through 74 herein as though fully set forth below.

76.   Through the conduct described above, Defendants have used, accepted, and benefited from Plaintiff's TRUCK & TAP® Mark, reputation, and goodwill.

77.   The above-described conduct was unauthorized by Plaintiff and Defendants in no way entered into any agreement under which Defendants were authorized to engage in the above-described conduct and would compensate Plaintiff therefor.

78.   Defendants knew of and intentionally sought the benefit being bestowed upon them by the above-described conduct and their use of Plaintiff's TRUCK & TAP® Mark, reputation, and goodwill.

79.    Through the above-described conduct and their use of Plaintiff's TRUCK & TAP® Mark, reputation, and goodwill, Defendants have been unjustly enriched to Plaintiff's detriment.

80.    Plaintiff has suffered, and will continue to suffer, damage to its business, reputation, and goodwill. Plaintiff will continue to suffer irreparable harm which cannot be fully compensated by money damage and thus Plaintiff is entitled to injunctive relief.

## COUNT VII

## <u>MISAPPROPRIATION</u>

81.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in Paragraphs 1 through 80 herein as though fully set forth below.

82.    The above-described conduct, including without limitation Defendants use of Plaintiff's TRUCK & TAP® Mark, reputation, and goodwill constitutes misappropriation by Defendants to their own use and benefit of Plaintiff's valuable goodwill, reputation, and business property in violation of the laws of Georgia.

83.    Plaintiff has suffered, and will continue to suffer, damage to its business, reputation, and goodwill. Plaintiff will continue to suffer irreparable harm which cannot be fully compensated by money damage and thus Plaintiff is entitled to injunctive relief.

## COUNT VIII

## <u>INJUNCTIVE RELIEF</u>

84.     Plaintiff repeats, realleges, and incorporates by reference the allegations contained in Paragraphs 1 through 83 herein as though fully set forth below.

85.     The above-described conduct, including without limitation Defendants' use of Plaintiff's TRUCK & TAP® Mark, reputation, and goodwill has caused and will continue to cause to Plaintiff imminent and irreparable harm, for which Plaintiff has no adequate remedy at law. Plaintiff is suffering and will suffer should Defendants continue infringe upon Plaintiff's TRUCK & TAP® Mark without authorization.

86.     Defendants' unlawful conduct has caused and will cause irreparable harm to Plaintiff's reputation and goodwill embodied in its TRUCK & TAP® Mark unless enjoined by this Court.

87.     Plaintiff is entitled to interlocutory and permanent injunctive relief pursuant to O.C.G.A. § 9-5-1 *et seq*.

## COUNT IX

## <u>ATTORNEY'S FEES AND COSTS</u>

88.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in Paragraphs 1 through 86 herein as though fully set forth below.

89.    Defendants have failed to respond to Plaintiff's demands that they cease its unauthorized use of the "Tap Truck" name, which they are aware constitutes infringement. Instead, Defendants have continued to market its competing services and products using the "Tap Truck" name and have further, upon information and belief, established additional franchises which bear the "Tap Truck" name.

90.    At all times and in all manners mentioned above and as aforesaid, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to an award of the expenses of litigation, including reasonable attorney's fees and court costs, pursuant to O.C.G.A. § 13-6-11, in addition to other relief.

WHEREFORE, Plaintiff demands as follows:

1.      That an interlocutory and thereafter a permanent injunction be issued restraining Defendants, their agents, servants, employees, successors, assigns, and all others in concert or privity with them from using the "Tap Truck" name and infringing Plaintiff's name or the TRUCK & TAP® Mark, whether in connection with the Defendants' services, products, or otherwise, without authorization;

2.      That an interlocutory and thereafter a permanent injunction be issued restraining Defendants, their agents, servants, employees, successors, assigns, and all others in concert or privity with them from engaging in the unfair competition and deceptive trade practices described above;

3.      That Defendants, their agents, servants, employees, successors, assigns, and all others in concert or privity with them be ordered to take affirmative steps to dispel and correct the confusion and false impressions, including but not limited to corrective advertising, that have been created by Defendants' use of the "Tap Truck" name.

4.      That Defendants be required to account to Plaintiff for Defendants' profits and the actual damages suffered by Plaintiff as a result of Defendants' infringement;

5.      That Defendants be ordered to surrender to Plaintiff all property, tangible and intangible including, but not limited to all materials which infringe upon

Plaintiff's TRUCK & TAP® Mark, and all other means and media used by Defendants to reproduce, publish, display, distribute, transmit, market, promote, or use the "Tap Truck" name;

6.     That Defendants be ordered to file with this Court and serve on Plaintiff, within thirty days of the entry of the judgment herein, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the foregoing injunctions;

7.     That Plaintiff be awarded actual damages and profits against Defendants, in an amount to be determined at trial;

8.     That Defendants be required to pay treble damages for their violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, Georgia statutory and common law, or such other applicable law.

9.     That Defendants be compelled to pay Plaintiff's costs and attorney fees incurred in connection with this action;

10.     That Plaintiff be awarded punitive damages pursuant to the laws of the State of Georgia in view of Defendants' intentional and willful trademark infringement;

11.     That Plaintiff be awarded prejudgment interest pursuant to the Lanham Act, 15 U.S.C. § 1117(b).

12.     Trial by jury of all issues so triable; and

25

13.     All other and further relief to which Plaintiff may otherwise be entitled.

Respectfully submitted,

*/s/ Dean R. Fuchs*
DEAN R. FUCHS (Georgia Bar No. 279170)
SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W., Suite 2700
Atlanta, Georgia 30303
Telephone:  404-688-6800
Email: d.fuchs@swtlaw.com

KYLE A. CITRYNELL *(to be admitted pro hac vice)*
CHRISTOPHER A. BATES *(to be admitted pro hac vice)*
ALLISON P. DEMPSEY *(to be admitted pro hac vice)*
SEILLER WATERMAN LLC
462 South Fourth Street, 22nd Floor
Louisville, KY 40202
Telephone: (502) 584-7400
Email: citrynell@derbycitylaw.com
Email: bates@derbycitylaw.com
Email: dempsey@derbycitylaw.com

*Counsel for Plaintiff, Truck & Tap, LLC*

26