E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01532-S4**

**3/9/2023 2:00 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SUKUMAR SARKAR,

     Plaintiff,

v.

NORMAN PAIZ,
1776 TRANSPORTATION LLC and
WICHITA KENWORTH INC .

     Defendants.

CIVIL ACTION FILE NO.:
23-C-01532-S4

_____

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff, Sukumar Sarkar ("Plaintiff"), by and through his undersigned counsel of record, and hereby files this Complaint for Damages.  In so doing, the Plaintiff avers as follows:

*PARTIES AND JURISDICTION*

1.

The Plaintiff is a resident of Fulton County, Georgia, and is subject to the jurisdiction and venue of this Court.

2.

Defendant Norman Paiz ("Defendant Paiz") is a resident of the State of Kamanas and is subject to the jurisdiction of this Court pursuant to OCGA 9-10-91 and OCGA 40-12-3.  Service can be made upon Defendant Paiz at 3201 E Macarthur Lot 88, Wichita Kansas 67216

3.

Defendant 1776 Transportation, LLC, (hereinafter, "Defendant 1776") is a foreign corporation, existing under the laws of the State of Oklahoma and is authorized to transact business

**EXHIBIT "A"**

in the State of Georgia and may be served with process by delivering a copy of the Summons and Complaint on its registered agent Caleb Price at 846 5th Street, Manchester Oklahoma 73758

4.

Defendant Wichita Kenworth, Inc, (hereinafter, "Defendant Kenworth") is a foreign corporation, existing under the laws of the State of Kansas and is authorized to transact business in the State of Georgia and may be served with process by delivering a copy of the Summons and Complaint on its registered agent Mil Unruh at 300 W. Douglas suite 330, Wichita, Kansas 67202.

5.

This Court has personal jurisdiction over the Defendants in this case.

6.

This Court has subject matter jurisdiction over this matter and over the Defendants.

7.

Venue is proper in this Court.

*FACTS*

8.

On April 28, 2022, Plaintiff was travelling in his vehicle on I-85 Northbound in Buford, Georgia.

9.

At the same time, Defendant Paiz was travelling in his work vehicle in the lane adjacent to Plaintiff.

10.

Defendant Paiz attempted to change lanes without ensuring he was clear to do so and collided with Plaintiff's vehicle.

11.

Defendant Paiz was solely at fault for the collision.

12.

Plaintiff suffered injuries as a result of the collision.

13.

Defendant Paiz was issued a citation for causing the collision.

14.

At all times relevant hereto, Plaintiff was acting in a careful and prudent manner, and he was free of any contributory negligence.

15.

Defendant Paiz's acts of negligence were the proximate causes of the subject collision, and he is liable to Plaintiff for his injuries, damages, and/or losses.

16.

At all times relevant hereto, Defendant Paiz was operating his vehicle on behalf of Defendant 1776 and in the furtherance of Defendant 1776's business.

17.

At all relevant times relevant hereto, Defendant Paiz was an agent, servant, and employee of Defendant 1776, and he was operating the vehicle within the course and scope of his employment with Defendant 1776 and under the authority and permission of Defendant 1776. Accordingly, Defendant 1776 is liable for Defendant Paiz's acts pursuant to O.C.G.A. 51-2-2.

18.

Alternatively, at all times relevant hereto, Defendant Paiz was operating his vehicle on behalf of Defendant Wichita and in the furtherance of Defendant Wichita's business.

19.

Alternatively, at all relevant times relevant hereto, Defendant Paiz was an agent, servant, and employee of Defendant Wichita, and he was operating the vehicle within the course and scope of his employment with Defendant Wichita and under the authority and permission of Defendant Wichita.  Accordingly, Defendant Wichita is liable for Defendant Paiz's acts pursuant to O.C.G.A. 51-2-2.

*NEGLIGENCE OF DEFENDANT PAIZ*

20.

The subject collision was caused by the negligent acts of Defendant Paiz, including, but not limited to, creating a collision in the roadway, to maintain proper control of a motor vehicle, failing to keep a proper lookout, failing to use or sound a signal or warning, negligently failing to make timely and proper application of brakes, driving his vehicle while distracted and/or operating a cellphone, failing to maintain his lane, changing lanes without reasonable safety and any other acts of negligence that may be proven at trial.

21.

As a direct and proximate result of the negligence of Defendant Paiz, Plaintiff sustained physical injuries for which he is entitled to compensation.

22.

Defendant Paiz owed a duty to the Plaintiff under O.C.G.A. § 40-6-241 to exercise due care in operating his work vehicle.

23.

Defendant Paiz owed a duty to the Plaintiff under O.C.G.A. § 40-6-123 to ensure it was reasonable safe to change lanes.

24.

Defendant Paiz breached these duties when he negligently collided with Plaintiff's vehicle.

25.

O.C.G.A. § 40-6-241 and O.C.G.A. § 40-6-123 were intended to protect persons such as the Plaintiff from certain risk of injury, and the Plaintiff came under the ambit of these statutes, protecting him from the acts and/or omissions of Defendant Paiz.

26.

As a direct and proximate result of Defendant Paiz's negligence *per se*, the Plaintiff sustained permanent and life altering physical injuries for which he is entitled to compensation.

*IMPUTED LIABILITY/RESPONDEAT SUPERIOR of DEFENDANT 1776*

27.

At the time of the subject collision, Defendant Paiz was under dispatch of Defendant 1776

28.

At the time of the subject collision, Defendant Paiz was an agent and/or employee of Defendant 1776.

29.

At the time of the subject collision, Defendant Paiz was operating the vehicle to further the business of Defendant 1776.

30.

At the time of the subject collision, Defendant Paiz was operating the vehicle in the course

and scope of his employment with Defendant 1776, and in furtherance of the business of Defendant 1776.

31.

Defendant 1776 is liable for all damages suffered by Plaintiff because of Defendant Paiz's negligence, including without limitation, past medical expenses, future medical expenses, lost wages, other monetary losses, past pain and suffering, present pain and suffering, and future pain and suffering.

*NEGLIGENT HIRING, TRAINING & SUPERVISION BY
DEFENDANT 1776*

32.

Defendant 1776 was negligent in hiring Defendant Paiz and entrusting him to drive the vehicle involved in the subject collision.

33.

Defendant 1776 was negligent in failing to properly train Defendant Paiz.

34.

Defendant 1776 was negligent in failing to properly supervise Defendant Paiz

35.

Defendant 1776 is liable for all injuries and damages suffered by Plaintiff as a result of their independent and/or collective acts of negligence, including without limitation, past medical expenses, future medical expenses, lost wages, other monetary losses, past pain and suffering, present pain and suffering, and future pain and suffering.

*IMPUTED LIABILITY/RESPONDEAT SUPERIOR of DEFENDANT WICHITA*

36.

At the time of the subject collision, Defendant Paiz was under dispatch of Defendant

6

Wichita

37.

At the time of the subject collision, Defendant Paiz was an agent and/or employee of Defendant Wichita.

38.

At the time of the subject collision, Defendant Paiz was operating the vehicle to further the business of Defendant Wichita

39.

At the time of the subject collision, Defendant Paiz was operating the vehicle in the course and scope of his employment with Defendant Wichita, and in furtherance of the business of Defendant Wichita.

40.

Defendant Whichita is liable for all damages suffered by Plaintiff because of Defendant Paiz's negligence, including without limitation, past medical expenses, future medical expenses, lost wages, other monetary losses, past pain and suffering, present pain and suffering, and future pain and suffering.

*NEGLIGENT HIRING, TRAINING & SUPERVISION BY*
*DEFENDANT WICHITA*

41.

Defendant Wichita was negligent in hiring Defendant Paiz and entrusting him to drive the vehicle involved in the subject collision.

42.

Defendant Wichita was negligent in failing to properly train Defendant Paiz.

43.

Defendant Wichita was negligent in failing to properly supervise Defendant Paiz.

44.

Defendant Wichita is liable for all injuries and damages suffered by Plaintiff as a result of their independent and/or collective acts of negligence, including without limitation, past medical expenses, future medical expenses, lost wages, other monetary losses, past pain and suffering, present pain and suffering, and future pain and suffering.

*DAMAGES*

45.

As a direct and proximate result of the Defendants' negligence and negligence *per se*, the Plaintiff incurred medical expenses in an amount to be demonstrated to the trier of fact.  Plaintiff continues to treat and incur expenses for her injuries sustained as a result of the subject collision.

46.

As a direct and proximate result of the Defendants' negligence and negligence *per se*, the Plaintiff will continue to incur medical expenses in the future for which he is entitled to compensation.

47.

As a direct and proximate result of the Defendants' negligence and negligence *per se*, the Plaintiff has suffered and will continue to incur lost wages in an amount to be demonstrated to the trier of fact for which he is entitled to compensation.

48.

As a direct and proximate result of the Defendants' negligence and negligence *per se*, the Plaintiff endured pain and suffering for which he is entitled to compensation.

49.

As a direct and proximate result of the Defendants' negligence and negligence *per se*, the Plaintiff will continue to endure future pain and suffering and medical expenses for which he is entitled to compensation.

**WHEREFORE**, the Plaintiff prays for the following relief:

a) That a Summons and a copy of this Complaint for Damages be served on the Defendants as provided by law;

b) That the Plaintiff have a trial by a jury of twelve (12) as to all matters outlined herein;

c) That the Plaintiff have and recover special damages for his past medical costs against the Defendants in an amount to be proven at trial;

d) That the Plaintiff have and recover special damages for his future medical costs against the Defendants in an amount to be proven at trial;

e) That the Plaintiff have and recover special damages for his past lost wages against the Defendants in an amount to be proven at trial;

f) That the Plaintiff have and recover special damages for his future lost wages against the Defendants in an amount to be proven at trial;

g) That the Plaintiff have and recover general damages for his personal injuries against the Defendants (including, but not limited to pain and suffering, past, present, and future); and

h) That the Plaintiff have and recover such other and further relief as this Court may deem just and proper.

Respectfully submitted this 9th day of March, 2023.

KALKA LAW GROUP, LLC

/s/ Matthew C. Broun
Matthew C. Broun
Georgia Bar No. 730731
*Attorneys for Plaintiff*

1447 Peachtree St. NE
Suite 550
Atlanta, GA 30309
P: (404) 835-8072
F: (678) 916-4677
Email: matthew@404lawyer1.com

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01532-S4**
**3/9/2023 2:00 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**SUKUMAR SARKAR**

**c/o Matthew C. Broun**

PLAINTIFF

VS.

**1776 Transportation LLC**

**c/o Caleb Price**

**846 5th Street, Manchester Oklahoma 73758**

DEFENDANT

CIVIL ACTION
NUMBER:_____

23-C-01532-S4

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Matthew C. Broun
Tha Kalka Law Group
1447 Peachtree Street, suite 550
Atlanta, Georgia 30309

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____ **day of** _____9th day of March, 2023_____, **20**____.

**Tiana P. Garner**
**Clerk of State Court**

**By** _____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01532-S4**
**3/9/2023 2:00 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**SUKUMAR SARKAR**

**c/o Matthew C. Broun**

CIVIL ACTION
NUMBER:_____

23-C-01532-S4

PLAINTIFF

VS.

**NORMAN PAIZ**

**3201 E MaCarthur, LOT 88**

**Wichita, Kansas 67216**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Matthew C. Broun

Tha Kalka Law Group

1447 Peachtree Street, suite 550

Atlanta, Georgia 30309

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____ **day of** ____9th day of March, 2023_____ **, 20_____.**

**Tiana P. Garner**
**Clerk of State Court**

By _____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01532-S4**

**3/9/2023 2:00 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**SUKUMAR SARKAR**

**c/o Matthew C. Broun**

PLAINTIFF

CIVIL ACTION
NUMBER:_____

23-C-01532-S4

VS.

**Wichita Kenworth, Inc.**

**c/o Mil Unruh**

300 W. Douglas suite 330, Wichita, Kansas 67202

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Matthew C. Broun
Tha Kalka Law Group
1447 Peachtree Street, suite 550
Atlanta, Georgia 30309

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of ___9th day of March, 2023_____, 20_____.

Tiana P. Garner
**Clerk of State Court**

By _____

**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-01532-S4

3/9/2023 2:00 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** Gwinnett State Court _____ **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _____ | **Case Number** 23-C-01532-S4 |
| **MM-DD-YYYY** | _____ |

**Plaintiff(s)**
Sarkar, Sukumar

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Paiz, Norman

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| 1776 Transportation, LLC | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Wichita Kenworth, Inc. | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Matthew C Broun _____ **State Bar Number** 730731 ___ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                         **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01532-S4**

**3/13/2023 9:00 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**SUKUMAR SARKAR,**

     **Plaintiff,**

                                      **CIVIL ACTION FILE NO.:**
                                        **23-C-01532-S4**

**v.**

**NORMAN PAIZ,**
**1776 TRANSPORTATION, LLC and**
**WICHITA KENWORTH, INC.**

     **Defendants.**

_____/

## AFFIDAVIT OF SERVICE OF PROCESS

STATE OF KANSAS, SEDGWICK COUNTY, SS:

   I, NICK CONNER of lawful age, being first sworn upon oath, state:

That I served this document in **Sedgwick** County on the **10th** day of **March 2023** by delivering a **SUMMONS, COMPLAINT FOR DAMAGES and CIVIL DOMESTIC FILING FORM** to:
NORMAN PAIZ, 1776 Transportation, LLC, in person, at his residence located at 3201 E. MacArthur Rd., Lot 88, Wichita, Kansas 67216 at 7:15 pm.

Date: 3/11/23

                                     SPECIAL PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 11 day of march, 2023.

                                      NOTARY PUBLIC

My appointment expires: 10/27/2026

> DAVID CERECERES
> Notary Public - State of Kansas
> My Appt. Expires 10/27/26

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01532-S4**

**3/13/2023 9:00 AM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**SUKUMAR SARKAR,**

     **Plaintiff,**

**v.**

**NORMAN PAIZ,**
**1776 TRANSPORTATION, LLC and**
**WICHITA KENWORTH, INC.**

     **Defendants.**

_____/

**CIVIL ACTION FILE NO.:**
**23-C-01532-S4**

### AFFIDAVIT OF SERVICE OF PROCESS

STATE OF KANSAS, SEDGWICK COUNTY, SS:

   I, NICK CONNER of lawful age, being first sworn upon oath, state:
That I served this document in **Sedgwick** County on the **10th** day of **March 2023** by delivering a
**SUMMONS, COMPLAINT FOR DAMAGES and CIVIL DOMESTIC FILING FORM** to:
ALICIA SHELTON, Adm. Assistant on behalf of MILO UNRUH,  Reg. Agent for Wichita Kenworth,
Inc. personally, at their place of employment located at 300 W. Douglas, Suite 330, Wichita, Kansas
67202 at 3:35 pm.

Date: 3/11/23

                             SPECIAL PROCESS SERVCER

     SUBSCRIBED AND SWORN to before me this 11 day of march , 2023.

                             NOTARY PUBLIC

My appointment expires: 10/27/2026

DAVID CERECERES
Notary Public - State of Kansas
My Appt. Expires 10/27/26

E-FILED IN OFFICE - AL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-01532-S4
3/24/2023 9:08 AM
TIANA P. GARNER, CLERK

# PROOF OF SERVICE AFFIDAVIT

State of Oklahoma }

County of Woods

     I Gregory Smith, of lawful age, being first duly sworn, deposes and states; I am duly licensed as a private process server under 12O.S. Supp § 158.1; that I received the foregoing __CIVIL DOMESTIC FILING FORM, SUMMONS (1776 TRANSPORTATION, LLC) COMPLAINT FOR DAMAGES__ Case# __23-C-01532-S4__ on the __10th__ day of __March__, 2023.

## Personal Service

That I delivered a true and correct copy of said _____ To each of the following named defendants personally in __WOODS__ County.

| Name of Defendant(s) | Address | Date | Time |
|---|---|---|---|
| _____ | _____ | | |
| _____ | _____ | _____ | _____ |

## USUAL PLACE OF RESIDENCE

... and that on _____, I served _____ by leaving a copy of said _____ at _____ which is the defendants usual Place of residence, and was left with _____ who's relationship to the defendant is _____ and also a member of the household over fifteen (15) years of age.

## CORPORATE RETURN

... and commanded therein, I summoned the within named defendant, as follows, to wit: _____ a corporation, on the ___ day of_____, 20___ by delivering a true and correct copy of the within _____ hereof with endorsement thereon to _____, who is the _____ of the corporation,

## NOT FOUND

    After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

_ Unknown at Address _X_ Moved, Left no Forwarding _ Service Cancelled by Litigant _X_ Unable to Serve in Timely Fashion

Caleb Price does not exist, Caleb Pence the registered agent had closed this business and no longer comes to this site regularly, He currently lives in Anthony Kansas. Address is unknown by the people here. They said he randomly shows up about 1 or 2 times a month for a visit but they don't know when he will be around there.

OFFICIAL SEAL
**JAMES DYER-SMITH**
NOTARY PUBLIC OKLAHOMA
WOODS COUNTY
COMM. NO. 15005664

SIGNED AND SWORN to (or affirmed) before me

on this 21st day of March, 2023 by and known to me

*Gregory Smith* _____. PSS-21-1
Gregory Smith

*James L Dyer-Smith*
_____
Notary Public
My commission expires: __June 22nd__, 2023.
My commission number is: __15005664__

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01532-S4**
**3/29/2023 4:05 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**SUKUMAR SARKAR,**

    **Plaintiff,**

v.

**NORMAN PAIZ, 1776
TRANSPORTATION LLC and
WICHITA KENWORTH INC.,**

    **Defendants.**

**Civil Action No.: 23-C-01532-S4**

---

## ANSWER AND CROSS-CLAIM OF GEORGIA FARM BUREAU
## MUTUAL INSURANCE COMPANY

---

**COMES NOW**, Georgia Farm Bureau Mutual Insurance Company ("GFBMIC"), having been served with a copy of Plaintiff's Complaint pursuant to O.C.G.A. § 33-7-11, and without waiving any of its rights, but expressly reserving such rights, including, but not limited to, its right to answer and/or defend this case in the name of the individual Defendant, files this Answer and shows the Court the following:

### FIRST DEFENSE

GFBMIC has been served with a copy of the Complaint in this case, apparently upon the theory that the Defendant was either an uninsured motorist or an underinsured motorist at the time of the collision in question. GFBMIC shows that it is without knowledge or information sufficient to form a belief as to whether the Defendant was an uninsured motorist or underinsured motorist under the purview of the Georgia statute referred to above. Accordingly, GFBMIC can neither admit nor deny whether the incident giving rise to this litigation involved uninsured or underinsured motorists. GFBMIC does not admit the applicability of any of its coverage and does not waive its right to contest coverage or contest the insured status of Defendant.

## SECOND DEFENSE

The Plaintiff's Complaint should be dismissed for insufficiency of process pursuant to O.C.G.A. §§ 9-11-4, 9-11-12(b) and 33-7-11.

## THIRD DEFENSE

The Plaintiff's Complaint should be dismissed for insufficient service of process upon uninsured motorist carrier pursuant to O.C.G.A. §§ 9-11-4, 9-11-12(b) and 33-7-11.

## FOURTH DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

GFBMIC states and re-pleads by reference any and all defenses which could be raised by the Defendant, including, but not limited to, the defense of lack of personal jurisdiction, improper venue, laches, insufficiency of service of process, insufficiency of process, comparative fault, contributory negligence, statute of limitations, and all defenses contained in O.C.G.A. § 9-11-12 (b), § 9-11-8 (c) including failure of consideration, and Title 51 of the Georgia Code.

## SIXTH DEFENSE

GFBMIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs one (1) through forty-nine (49) of Plaintiff's Complaint, and the prayers of Plaintiff's Complaint, and accordingly, said paragraphs and the prayers are deemed denied.

## SEVENTH DEFENSE

To the extent that other uninsured motorist coverage exists that will require insurer to pay benefits to the Plaintiff, the Plaintiff may be precluded from recovering uninsured motorist coverage from GFBMIC in this action if such other uninsured motorist coverage is primary.

### EIGHTH DEFENSE

GFBMIC is entitled to an offset against any verdict that may be returned in favor of the Plaintiff for all other monies paid or payable by GFBMIC to the Plaintiff arising out of this accident.

### NINTH DEFENSE

GFBMIC is entitled to an offset against any verdict that may be returned in favor of the Plaintiff for all other monies paid or payable by any provider of liability insurance coverage to the Defendant.

### TENTH DEFENSE

GFBMIC asserts all applicable defenses, affirmative or otherwise, provided for in O.C.G.A. § 9-11-8, O.C.G.A. § 9-11-12, and Title 51 of the Georgia Code including, but not limited to, lack of subject matter jurisdiction, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief may be granted, failure to join a party, accord and satisfaction, laches, payment, release, res judicata, statute of limitations, and waiver.

### ELEVENTH DEFENSE

Pursuant to O.C.G.A. § 9-11-9(g), Plaintiffs are barred from recovering any special damages not specifically sought in the Complaint.

Furthermore, any allegations of the Plaintiff's Complaint heretofore not answered are denied.

## CROSS-CLAIM

COMES NOW, Georgia Farm Bureau Mutual Insurance Company ("GFBMIC") and states this Cross-Claim as follows:

1.

Upon information and belief, jurisdiction and venue are proper in this Court because Gwinnett County is the County where the subject collision occurred.

2.

Plaintiff's Complaint alleges that Defendants' negligence in the operation of a motor vehicle in the collision at issue in this action injured Plaintiff. If said allegations are proven, Defendants may be liable to Plaintiff for any damages to Plaintiff's persons and property proximately caused by said negligence.

3.

Plaintiff's Complaint alleges that Plaintiff suffered injuries and damages as a result of Defendants' negligence. If said allegations are proven, Defendants may be held liable for the amount of damages proven to have been sustained by Plaintiff including all medical expenses, lost wages and property damages as may be proven at trial, as well as compensation for past, present and future pain and suffering in whatever amount may be deemed reasonable and appropriate by the enlightened conscience of the jury.

4.

GFBMIC shows that if any judgment is rendered in favor of Plaintiff against Defendants, and if the judgment debtor is found by this Court to be in fact the owner and/or operator of an uninsured/underinsured motor vehicle, and the Court further finds that GFBMIC provided uninsured/underinsured motorist coverage to the Plaintiff and should be required to make any

payment as a result thereof, GFBMIC, as a matter of law, is entitled to a judgment in its favor against the Defendants in the same amount, pursuant to O.C.G.A. § 33-7-11(f) and O.C.G.A. § 9-11-13(g).

**WHEREFORE**, having answered Plaintiff's Complaint, GFBMIC prays:

(a) that the prayers of Plaintiff's Complaint be denied;

(b) that Plaintiff's Complaint be dismissed with all costs taxed against Plaintiff;

(c) that GFBMIC be awarded cost of litigation, including attorney's fees for the defense of this action;

(d) that in the event judgment is granted against Defendants in favor of Plaintiff, GFBMIC have judgment against Defendants on its Cross-Claim;

(e) that GFBMIC have a trial by a jury of twelve; and,

(f) that GFBMIC have other and further relief as may be equitable and just.

Respectfully submitted, this 29 day of March, 2023

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served copies of *Answer and Cross-Claim of Georgia Farm Bureau Mutual Insurance Company* upon all parties through electronic filing, which will send e-mail notification of such filing to the attorneys of record, and/or by depositing true and correct copies of same into the United States Mail, with sufficient postage affixed, addressed to the following:

>Matthew C. Broun
>Kalka Law Group, LLC
>1447 Peachtree St. NE, Suite 550
>Atlanta, GA 30309
>*Attorney for Plaintiff*
>
>Norman Paiz
>3201 E. Macarthur Lot 88
>Witchita, KS 67216
>*Defendant (at last known address)*
>
>1776 Transportation LLC
>c/o Caleb Price
>846 5th Street
>Manchester, Oklahoma 73758
>*Defendant (at last known address)*
>
>Wichita Kenworth, Inc.
>c/o Mil Unruh
>300 W. Douglas Suite 330
>Wichita, Kansas 67202
>*Defendant (at last known address)*

*(Signature on following page)*

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual*
*Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01532-S4**

**3/29/2023 4:05 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**SUKUMAR SARKAR,**

     **Plaintiff,**

**v.**

**NORMAN PAIZ, 1776
TRANSPORTATION LLC and
WICHITA KENWORTH INC.,**

     **Defendants.**

**Civil Action No.: 23-C-01532-S4**

---

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

COMES NOW, Georgia Farm Bureau Mutual Insurance Company, by and through counsel, and pursuant to Rule 5.2 of the Uniform Court Rules, hereby certifies that the following documents have been served:

1. *Georgia Farm Bureau Mutual Insurance Company's First Interrogatories to Plaintiff;*

2. *Georgia Farm Bureau Mutual Insurance Company's First Request for Production of Documents to Plaintiff;*

3. *Georgia Farm Bureau Mutual Insurance Company's First Interrogatories to Defendant, Norman Paiz;*

4. *Georgia Farm Bureau Mutual Insurance Company's First Request for Production of Documents to Defendant, Norman Paiz;*

5. *Georgia Farm Bureau Mutual Insurance Company's First Interrogatories to Defendant, 1776 Transportation, LLC;*

6. *Georgia Farm Bureau Mutual Insurance Company's First Request for Production of Documents to Defendant, 1776 Transportation, LLC;*

7. *Georgia Farm Bureau Mutual Insurance Company's First Interrogatories to Defendant, Wichita Kenworth, Inc.; and,*

8.    *Georgia Farm Bureau Mutual Insurance Company's First Request for Production of Documents to Defendant, Wichita Kenworth, Inc.;*

by depositing same in the United States Mail, in envelopes with adequate postage affixed thereon to ensure delivery upon the following:

> Matthew C. Broun
> Kalka Law Group, LLC
> 1447 Peachtree St. NE, Suite 550
> Atlanta, GA 30309
> *Attorney for Plaintiff*
>
> Norman Paiz
> 3201 E. MaCarthur, Lot 88
> Wichita, Kansas 67216
> *Defendant (at last known address)*
>
> 1776 Transportation LLC
> c/o Caleb Price
> 846 5th Street
> Manchester, Oklahoma 73758
> *Defendant (at last known address)*
>
> Wichita Kenworth, Inc.
> c/o Mil Unruh
> 300 W. Douglas Suite 330
> Wichita, Kansas 67202
> *Defendant (at last known address)*

The originals of said discovery have not been filed with the Clerk's office, in accordance with Rule 5.2 of the Uniform Court Rules.

*(Signature on following page)*

Respectfully submitted this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual*
*Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served true and correct copies of the foregoing *Rule 5.2 Certificate of Service of Discovery* upon all parties through electronic filing, which will send e-mail notification of such filing to the attorneys of record, and by depositing a copy of same into the United States Mail, with sufficient postage affixed thereto, addressed as follows:

Matthew C. Broun
Kalka Law Group, LLC
1447 Peachtree St. NE, Suite 550
Atlanta, GA 30309
*Attorney for Plaintiff*

Norman Paiz
3201 E. MaCarthur, Lot 88
Wichita, Kansas 67216
*Defendant (at last known address)*

1776 Transportation LLC
c/o Caleb Price
846 5th Street
Manchester, Oklahoma 73758
*Defendant (at last known address)*

Wichita Kenworth, Inc.
c/o Mil Unruh
300 W. Douglas Suite 330
Wichita, Kansas 67202
*Defendant (at last known address)*

This 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

SHERIFF'S ENTRY OF SERVICE Gwinnett-Semi-99999-UNA Document: 1083-1 Filed 04/07/23 Page 29 of 132 CLERK OF STATE COURT

E-FILED IN OFFICE - JM
23-C-01532-S4
GWINNETT COUNTY, GEORGIA
23-C-01532-S4
4/3/2023 12:08 PM
TIANA P. GARNER, CLERK

Civil Action No. 23-C-01532-S-4

Date Filed 3/9/2023

Superior Court ☐
State Court ☒
Juvenile Court ☐
Probate Court ☐

Magistrate Court ☐

Georgia, Gwinnett COUNTY

RECEIVED

Attorney's Address

MAR 15 2023
87321
CIVIL PROCESS-BCSC

Sukumar Sarkar

Plaintiff

VS.

Norman Paiz, 1776
Transportation, LLC and
Wichita Kenworth, Inc.

Name and Address of Party to be Served.

Georgia Farm Bureau Mutual. Ins.Co.
c/o George B. Monk, Registered Agent
1620 BASS Road
Macon, GA 31209-7008

Defendant

Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:

age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑

Served the defendant _____ Ga Farm Bureau _____ a corporation

by leaving a copy of the within action and summons with _____ Dawn Deese

in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 16th day of Mar. , 20 23 .

Jeff Monroe #1193
Bibb Co. S.O.
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SUKUMAR SARKAR,

     **Plaintiff,**

**v.**

                    Civil Action No.: 23-C-01532-S4

NORMAN PAIZ, 1776
TRANSPORTATION LLC and
WICHITA KENWORTH INC.,

     **Defendants.**

---

## GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY'S
## FIRST INTERROGATORIES TO DEFENDANT 1776 TRANSPORTATION LLC

---

TO:   **1776 Transportation LLC**
      c/o Caleb Price
      846 5th Street
      Manchester, Oklahoma 73758
      *Defendant (at last known address)*

**COMES NOW**, GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY (hereinafter "GFBMIC"), the underinsured/uninsured motorist carrier for Plaintiff, by and through counsel, and hereby requires that the Defendant  to whom these Interrogatories are directed is required to answer under oath and in writing the following Interrogatories within thirty (30) days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to GFBMIC's attorney at the law firm of James-Bates-Brannan-Groover-LLP, 231 Riverside Drive, Suite 100, Macon, Georgia 31201.

## INSTRUCTIONS AND DEFINITIONS

**NOTE A:**   When used in these Interrogatories, the term "GFBMIC" or any synonym thereof is intended to and shall embrace and include, in addition to the said GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY, all agents, representatives, attorneys, experts,

investigators, and others who are in a position for or may have obtained information for or on behalf of GFBMIC.

**NOTE B:**    You are required to answer each Interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reason for the objection must be stated instead of the answer.

**NOTE C:**    These Interrogatories shall be deemed continuing in order to require supplemental answers so that your answers remain accurate and complete.  You are requested to:

(a)    Seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he or she is expected to testify and the substance of his or her testimony; and

(b)    Amend any prior response if you subsequently learn that the original response was incorrect or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

**NOTE D:**    "You" or "your" means Defendant to whom these Interrogatories are directed, your agents, representatives, attorneys, experts, investigators, and any other persons who are in a position for or may have obtained information for or on Defendant's behalf.

**NOTE E:**    A "firm, partnership, corporation, proprietorship, association, or other organization or entity" shall mean to state its full name and present or last known address (designating which) and the legal form of the entity or organization.

**NOTE F:**    The term "document" shall mean all of those documents on which you depend in support of your legal claims, as well as all of those documents to which you refer to ascertain or support any facts on which you depend in support of or in contradiction to your legal

claims. "Document" is further used herein in its broadest sense to mean all writings (whether printed, typed, recorded, filmed, reproduced by any process, or produced by hand) and recordings, including originals and all non-identical copies, e-mail and attachments, correspondence, memoranda, notes, minutes, statistics, letters, telegrams, contracts, reports, facsimiles, studies, checks, statements, tags, labels, invoices, brochures, periodicals, agreements, communications (whether inter-office, intra-office, or otherwise), papers, cablegrams, mailgrams, summaries, records, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions and things similar to the foregoing; books, manuals, publications, and diaries; sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, desk calendars, appointment books, diaries, diary entries and notes, and any other information-containing paper, writing or physical thing.

Please note that the term "document" includes e-mails and attachments (or other electronic communications) and files, data, and information electronically recorded, filed, or stored on disks, CD-ROMs, tapes and computers. A "document" shall further mean to state the title (if any), date, author, sender, recipient, identity of persons signing it, type of document (i.e., a letter, memorandum, notation, book, etc.) or some other means of identifying it, and its present location and custodian. In the case of a document that was, but is no longer, in your possession, custody, or control, state what disposition was made of it, why, when, and by whom.

**NOTE G:**     Whenever requested to "identify" a document by these Interrogatories, this means either to:

(a)     Produce, pursuant to the Request for Production of Documents, the original and every nonconforming copy of each document, and to designate as to each such document every Interrogatory to which it is deemed responsive; or

(b)  Provide the following information, irrespective of whether you consider the document privileged or subject to any claim of privilege:

    (1)  The title or other means of identification of each such document;

    (2)  The date of the document if undated;

    (3)  A general description of the length and subject matter of the document;

    (4)  The name, address, telephone number, and employer of the author or person who created, prepared, compiled or otherwise authored the documents;

    (5)  The name, address and telephone number of the person or persons who have custody or control of the original of each such document;

    (6)  The name, address and telephone number of the person or persons who have custody or control of any copy of each such document; and

    (7)  Any privilege claimed with respect to such document or copy thereof, the nature of the privilege claimed and the facts or grounds supporting the purported claim of privilege.

**NOTE H:**  To "describe" means to state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and

(a)  The identity of each person or entity involved or having any knowledge of each fact or opinion relating to what is described;

(b)  The identity of each document evidencing the answer given or relating, referring or pertaining in any way to what is disclosed in the answer; and

(c)  All relevant or material dates or time periods.

**NOTE I:**  A "fact" shall mean to state the circumstances surrounding the fact, the person or persons involved in the fact or circumstance, the date and location of the fact, and an account of the fact itself. As used herein, "fact" shall further mean, without limitation, every thing,

occurrence, event, or state of affairs contended by GFBMIC to relate to the subject referenced by the discovery requests.

**NOTE J:**     As used herein, "person" shall mean an individual, firm, partnership, corporation, proprietorship, association, governmental agency, or any other organization or entity. When asked to identify a "person" who is an "individual" in an official position with a "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency" you should identify both the "individual" and that person's relationship with the "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency."

**NOTE K:**     As used herein, "rely," when used in reference to:

(a)     A "fact" shall mean all of those facts on which any party relies in support of their legal claims as well as all of those facts to which GFBMIC refers in these requests to ascertain or support those facts, and

(b)     A "document" shall mean all of those documents on which you depend in support of your legal claims or defenses.

**NOTE L:**     As used herein, words importing the singular number may extend and be applied to several persons or things, and vice versa. Words importing the masculine gender may be applied to females or organizations.

**NOTE M:**     You may limit your responses to those specific alleged acts, omissions, occurrences, circumstances, practices or procedures on which you rely in this action and with respect to which you will or may introduce evidence at trial or any hearing of this action. If an entire question cannot be answered because the complete answer is not known, please so state and answer the part known.

## **INTERROGATORIES**

1.

Please state the telephone number, address, correct legal name of Defendant 1776 Transportation LLC.

2.

Please state whether Defendant 1776 Transportation LLC is incorporated under the laws of the State of Georgia and state the name, title, and contact information for any and all officers of Defendant 1776 Transportation LLC.

3.

Give the name, address and place of employment of all persons who supplied information for the answering of these interrogatories.

4.

If Defendant 1776 Transportation LLC has ever been a party to any lawsuit, including a claim for workers' compensation or a bankruptcy proceeding (other than this suit), please describe each such suit, giving the date of each such suit, the court in which it was brought, and the names of other parties to each such suit.

5.

State the name and address for all persons who interviewed and were involved with the hiring or associating of Defendant Norman Paiz.

6.

On the date of the incident complained of in the Complaint, please describe the occupational or and/or employment status of Defendant Norman Paiz, including, but not limited to, the nature of his/her duties and responsibilities, his/her earnings, and the respective dates that he/she was so employed by you with such duties and such earnings.

7.

Please state whether Defendant Norman Paiz was acting within the course and scope of his/her employment with Defendant 1776 Transportation LLC at the time of the incident at issue.

8.

If there has been any change in Defendant Norman Paiz's occupation(s), employer(s), duties or earnings from the time referred to in the preceding interrogatory to the time of answering these interrogatories, please describe with specificity each such change.

9.

To your knowledge, please provide a list of each and every employment Defendant Norman Paiz has had for the past ten (10) years, listing the name of Defendant Norman Paiz's employer, the address, telephone number, the name of Defendant Norman Paiz's immediate supervisor, the place where Defendant Norman Paiz was employed, the type of work performed, the reasons for termination of each employment, the dates of employment with each employer, and the salary, wages, or commissions received in each employment.

10.

Please state your knowledge of whether Defendant Norman Paiz has ever been arrested. Please state the date, place and charge made in each such arrest and, if convicted, the date thereof and the court in which such charges were brought.

11.

State your knowledge of Defendant Norman Paiz's driving history, including but not limited to your knowledge of any citations received or any motor vehicle collisions before or after the date of the occurrence made the basis of this suit, and, if so, give details as to where, when,

how, with whom, whether a lawsuit resulted therefrom, and the style and number of the case and the court in which it was filed.

12.

Please state whether or not Defendant 1776 Transportation LLC owned the vehicle driven at the time of the incident complained of in the complaint, and if you are the owner, please explain why and how Defendant Norman Paiz came to be in possession of the vehicle.

13.

State whether or not the vehicle involved in the incident giving rise to this lawsuit was repaired and, if it was repaired, identify the person or company making such repairs, the nature of such repairs, and the cost of such repairs.

14.

Identify each person who you contend caused or contributed to this occurrence, cite all:

(a)     acts or omissions that you contend was a breach of duty on the part of each person who you contend caused or contributed to this occurrence;

(b)     United States statutes; state statutes; city ordinances; county ordinances; all other governmental laws, rules or regulations; and all non-governmental standards, customs, and procedures which you contend that person violated with respect to this occurrence; and

(c)     describe fully how each was violated.

15.

To your knowledge, state where Defendant Norman Paiz had been just prior to the collision, where Defendant Norman Paiz was going at the time of the collision, and the purpose of the trip.

16.

Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

17.

To your knowledge, state the speed of Defendant Norman Paiz's vehicle at all times material to the collision in question, including specifically the speed at the time of impact; if the brakes were on at the time of impact, please state the speed before applying the brakes.

18.

Describe any traffic citation Defendant Norman Paiz received as a result of this collision by stating the name and location of the Court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

19.

To your knowledge, information, or belief, if there has been any judicial hearing (whether the trial of traffic charges, a commitment hearing, inquest, previous trial, or otherwise) concerning the incident complained of, please describe each such hearing with specificity, including, but not limited to, the date, the place, the persons present, the nature of the hearing, the statement for testimony of each person making any statement or testifying, a description of any documentary evidence offered or received, the name and address of any person reporting and/or transcribing the hearing, the present location of such transcript or copies thereof, and the name of the person or persons having possession, custody, or control of such transcript or copies thereof.

20.

Did Defendant 1776 Transportation LLC conduct a post-accident alcohol and controlled substance test on Defendant Norman Paiz? If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed; and

(d)     The results of the test.

21.

If post-accident testing was not performed on Defendant Norman Paiz, please state the reasons such testing did not occur.

22.

On the date of the motor vehicle accident, did Defendant Norman Paiz have a company cellular phone available for his/her use in the vehicle Defendant Norman Paiz was driving at the time of the motor vehicle accident? If so, please state the carrier providing coverage, the cell number and the name the contract is under, if any.

23.

To your knowledge, information, or belief, are there any photographs or drawings of the scene of the incident complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident?

24.

If so, please describe each individual photograph or drawing with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic prints, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody, or control.

25.

State the names, addresses, telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons known to you or your attorney, who have knowledge or information concerning the facts at issue in this civil action.

26.

Please list the names and telephone numbers of all persons who have given a statement about this incident, whether written, mechanically recorded or oral, and please list such statement, date of the statement, and to whom the statement was given.

27.

State the names, addresses, telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who saw or claim they saw any part of the accident relative to the allegations in the Complaint.

28.

State the names, addresses, home telephone numbers, places of employment, and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence.

29.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(I), Defendant 1776 Transportation LLC is requested to identify each person whom Defendant 1776 Transportation LLC expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify, and the summary of the grounds of each opinion.

30.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

31.

Was the vehicle driven by Defendant Norman Paiz at the time of the subject incident covered by liability insurance or any other policies of insurance (including self-insured retention and excess coverage) providing coverage benefits of any type with regard to any claims asserted in this lawsuit? As to each such policy, provide the following information:

a.   The name and address of the company issuing the policy;

b.   The policy number;

c.   The types of coverage and limits of coverage provided thereby;

d.   The name of all insureds;

e.   The amount of any claim or demand made by you for payment of coverage benefits and the type of coverage benefit demanded; and

f.   Whether a denial or reservation of rights has been issued.

32.

Please list all laws, acts having the force and effect of law, codes, regulations, and legal principles, standards, and customs or usages which you contend are applicable to this civil action.

*(Signature on following page)*

Respectfully submitted, this _29_ day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual*
*Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served copies of *Georgia Farm Bureau Mutual Insurance Company's First Interrogatories to Defendant 1776 Transportation LLC* by mailing true and correct copies thereof to all parties, in envelopes properly addressed and adequate postage affixed, upon the following:

Matthew C. Broun
Kalka Law Group, LLC
1447 Peachtree St. NE, Suite 550
Atlanta, GA 30309
*Attorney for Plaintiff*

Norman Paiz
3201 E. Macarthur Lot 88
Witchita, KS 67216
*Defendant (at last known address)*

1776 Transportation LLC
c/o Caleb Price
846 5th Street
Manchester, Oklahoma 73758
*Defendant (at last known address)*

Wichita Kenworth, Inc.
c/o Mil Unruh
300 W. Douglas Suite 330
Wichita, Kansas 67202
*Defendant (at last known address)*

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual*
*Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SUKUMAR SARKAR,

    **Plaintiff,**

**v.**

                     **Civil Action No.: 23-C-01532-S4**

**NORMAN PAIZ, 1776 TRANSPORTATION LLC and WICHITA KENWORTH INC.,**

    **Defendants.**

---

## GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY'S FIRST INTERROGATORIES TO DEFENDANT NORMAN PAIZ

---

TO:   **Norman Paiz**
      3201 E. Macarthur Lot 88
      Witchita, KS 67216
      *Defendant (at last known address)*

**COMES NOW,** GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY (hereinafter "GFBMIC"), the underinsured/uninsured motorist carrier for Plaintiff, by and through counsel, and hereby requires that the Defendant to whom these Interrogatories are directed is required to answer under oath and in writing the following Interrogatories within thirty (30) days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to GFBMIC's attorney at the law firm of James-Bates-Brannan-Groover-LLP, 231 Riverside Drive, Suite 100, Macon, Georgia 31201.

## INSTRUCTIONS AND DEFINITIONS

**NOTE A:**    When used in these Interrogatories, the term "GFBMIC" or any synonym thereof is intended to and shall embrace and include, in addition to the said GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY, all agents, representatives, attorneys, experts,

investigators, and others who are in a position for or may have obtained information for or on behalf of GFBMIC.

**NOTE B:**   You are required to answer each Interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reason for the objection must be stated instead of the answer.

**NOTE C:**   These Interrogatories shall be deemed continuing in order to require supplemental answers so that your answers remain accurate and complete.  You are requested to:

(a)   Seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he or she is expected to testify and the substance of his or her testimony; and

(b)   Amend any prior response if you subsequently learn that the original response was incorrect or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

**NOTE D:**   "You" or "your" means Defendant to whom these Interrogatories are directed, your agents, representatives, attorneys, experts, investigators, and any other persons who are in a position for or may have obtained information for or on Defendant's behalf.

**NOTE E:**   A "firm, partnership, corporation, proprietorship, association, or other organization or entity" shall mean to state its full name and present or last known address (designating which) and the legal form of the entity or organization.

**NOTE F:**   The term "document" shall mean all of those documents on which you depend in support of your legal claims, as well as all of those documents to which you refer to

ascertain or support any facts on which you depend in support of or in contradiction to your legal claims. "Document" is further used herein in its broadest sense to mean all writings (whether printed, typed, recorded, filmed, reproduced by any process, or produced by hand) and recordings, including originals and all non-identical copies, e-mail and attachments, correspondence, memoranda, notes, minutes, statistics, letters, telegrams, contracts, reports, facsimiles, studies, checks, statements, tags, labels, invoices, brochures, periodicals, agreements, communications (whether inter-office, intra-office, or otherwise), papers, cablegrams, mailgrams, summaries, records, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions and things similar to the foregoing; books, manuals, publications, and diaries; sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, desk calendars, appointment books, diaries, diary entries and notes, and any other information-containing paper, writing or physical thing.

Please note that the term "document" includes e-mails and attachments (or other electronic communications) and files, data, and information electronically recorded, filed, or stored on disks, CD-ROMs, tapes and computers. A "document" shall further mean to state the title (if any), date, author, sender, recipient, identity of persons signing it, type of document (i.e., a letter, memorandum, notation, book, etc.) or some other means of identifying it, and its present location and custodian. In the case of a document that was, but is no longer, in your possession, custody, or control, state what disposition was made of it, why, when, and by whom.

**NOTE G:**    Whenever requested to "identify" a document by these Interrogatories, this means either to:

(a)    Produce, pursuant to the Request for Production of Documents, the original and every nonconforming copy of each document, and to designate as to each such document every Interrogatory to which it is deemed responsive; or

(b)    Provide the following information, irrespective of whether you consider the document privileged or subject to any claim of privilege:

    (1)    The title or other means of identification of each such document;

    (2)    The date of the document if undated;

    (3)    A general description of the length and subject matter of the document;

    (4)    The name, address, telephone number, and employer of the author or person who created, prepared, compiled or otherwise authored the documents;

    (5)    The name, address and telephone number of the person or persons who have custody or control of the original of each such document;

    (6)    The name, address and telephone number of the person or persons who have custody or control of any copy of each such document; and

    (7)    Any privilege claimed with respect to such document or copy thereof, the nature of the privilege claimed and the facts or grounds supporting the purported claim of privilege.

**NOTE H:**    To "describe" means to state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and

(a)    The identity of each person or entity involved or having any knowledge of each fact or opinion relating to what is described;

(b)    The identity of each document evidencing the answer given or relating, referring or pertaining in any way to what is disclosed in the answer; and

(c)      All relevant or material dates or time periods.

**NOTE I:**      A "fact" shall mean to state the circumstances surrounding the fact, the person or persons involved in the fact or circumstance, the date and location of the fact, and an account of the fact itself.  As used herein, "fact" shall further mean, without limitation, every thing, occurrence, event, or state of affairs contended by GFBMIC to relate to the subject referenced by the discovery requests.

**NOTE J:**      As used herein, "person" shall mean an individual, firm, partnership, corporation, proprietorship, association, governmental agency, or any other organization or entity. When asked to identify a "person" who is an "individual" in an official position with a "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency" you should identify both the "individual" and that person's relationship with the "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency."

**NOTE K:**      As used herein, "rely," when used in reference to:

(a)      A "fact" shall mean all of those facts on which any party relies in support of their legal claims as well as all of those facts to which GFBMIC refers in these requests to ascertain or support those facts, and

(b)      A "document" shall mean all of those documents on which you depend in support of your legal claims or defenses.

**NOTE L:**      As used herein, words importing the singular number may extend and be applied to several persons or things, and vice versa. Words importing the masculine gender may be applied to females or organizations.

**NOTE M:**      You may limit your responses to those specific alleged acts, omissions, occurrences, circumstances, practices or procedures on which you rely in this action and with

respect to which you will or may introduce evidence at trial or any hearing of this action. If an entire question cannot be answered because the complete answer is not known, please so state and answer the part known.

## INTERROGATORIES

### 1.

State your full name, addresses for the past five (5) years, social security number, and date of birth; state your spouse's full name, date of birth, and occupation.

### 2.

Please provide a list of each and every employment you have had for the past ten (10) years, listing the name of your employer, the address, telephone number, the name of your immediate supervisor, the place where you were employed, the type of work performed, the reasons for termination of each employment, the dates of employment with each employer, and the salary, wages, or commissions received in each employment.

### 3.

Please state the educational background, including all schools, institutions, trade or professional schools you attended, the dates of attendance of each, and the degrees, certificates, or licenses obtained at each.

### 4.

Please state the name, address, and telephone number of any relatives you have who live in the county where this action is pending.

### 5.

Please list the names of all churches, social organizations, and professional organizations of which you are a member in and around the county where this action is pending.

6.

If you have ever been arrested, state the date, place and charge made in each such arrest and, if convicted, the date thereof and the court in which such charges were brought.

7.

If you have been a party to any lawsuit, including a claim for workers' compensation or a bankruptcy proceeding (other than this suit), please describe each such suit, giving the date of each such suit, the court in which it was brought, and the names of other parties to each such suit.

8.

State the names, addresses, telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons known to you or your attorney, who have knowledge or information concerning the facts at issue in this civil action.

9.

Please list the names and telephone numbers of all persons who have given a statement about this incident, whether written, mechanically recorded or oral, and please list such statement, date of the statement, and to whom the statement was given.

10.

State the names, addresses, telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who saw or claim they saw any part of the accident relative to the allegations in the Complaint.

11.

State the names, addresses, home telephone numbers, places of employment, and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence.

12.

Please identify all policies of insurance providing coverage benefits of any type with regard to any claims asserted in this lawsuit.  As to each such policy, provide the following information:

      a.      The name and address of the company issuing the policy;

      b.      The policy number;

      c.      The types of coverage and limits of coverage provided thereby;

      d.      The name of all insureds;

      e.      The amount of any claim or demand made by you for payment of coverage benefits and the type of coverage benefit demanded; and

      f.      Whether a denial or reservation of rights has been issued.

13.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(I), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify, and the summary of the grounds of each opinion.

14.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

15.

Please list all laws, acts having the force and effect of law, codes, regulations, and legal principles, standards, and customs or usages which you contend are applicable to this civil action.

16.

On the date of the incident complained of in Plaintiffs' Complaint, please describe your occupational and/or employment status, including, but not limited to, the nature of your occupation(s), your employer(s), and the respective dates that you had such occupation(s) and such employer(s) with such duties and such earnings.

17.

If there has been any change in your occupation(s), employer(s), duties or earnings from the time referred to in the preceding interrogatory to the time of answering these interrogatories, please describe with specificity each such change.

18.

Have you been involved in any motor vehicle collision before the date of the occurrence made the basis of this suit, and, if so, give details as to where, when, how, with whom, whether a lawsuit resulted therefrom, and the style and number of the case and the court in which it was filed.

19.

To your knowledge, information, or belief, are there any photographs or drawings of the scene of the incident complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident?

20.

If so, please describe each individual photograph or drawing with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic prints, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody, or control.

21.

To your knowledge, information, or belief, if there has been any judicial hearing (whether the trial of traffic charges, a commitment hearing, inquest, previous trial, or otherwise) concerning the incident complained of, please describe each such hearing with specificity, including, but not limited to, the date, the place, the persons present, the nature of the hearing, the statement for testimony of each person making any statement or testifying, a description of any documentary evidence offered or received, the name and address of any person reporting and/or transcribing the hearing, the present location of such transcript or copies thereof, and the name of the person or persons having possession, custody, or control of such transcript or copies thereof.

22.

Identify each person who you contend caused or contributed to this occurrence, cite all (a) acts or omissions that you contend was a breach of duty on the part of each person who you contend caused or contributed to this occurrence; (b) United States statutes; state statutes; city ordinances; county ordinances; all other governmental laws, rules or regulations; and all non-governmental standards, customs, and procedures which you contend that person violated with respect to this occurrence; (c) describe fully how each was violated.

23.

Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

24.

State in detail what intoxicating beverages, if any, you had consumed and what drugs or medications, legal or illegal, if any, you had taken during the 24-hour period immediately preceding the collision.

25.

On the date of the motor vehicle accident, did you have a cellular phone available for your use in the vehicle you were driving at the time of the motor vehicle accident? If so, please state the carrier providing coverage, the cell number and the name the contract is under, if any.

26.

Please state whether or not you owned the vehicle driven at the time of the incident complained of in the complaint, and if you are not the owner, please identify the owner and explain why and how you were in possession of the vehicle.

27.

State where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

28.

State the speed of your vehicle at all times material to the collision in question, including specifically your speed at the time of impact; if your brakes were on at the time of impact, please state your speed before applying your brakes.

29.

Describe any traffic citation you received as a result of this collision by stating the name and location of the Court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280 (telephone)
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served copies of *Georgia Farm Bureau Mutual Insurance Company's First Interrogatories to Defendant* by mailing true and correct copies thereof to all parties, in envelopes properly addressed and adequate postage affixed, upon the following:

Matthew C. Broun
Kalka Law Group, LLC
1447 Peachtree St. NE, Suite 550
Atlanta, GA 30309
*Attorney for Plaintiff*

Norman Paiz
3201 E. MaCarthur, Lot 88
Wichita, Kansas 67216
*Defendant (at last known address)*

1776 Transportation LLC
c/o Caleb Price
846 5th Street
Manchester, Oklahoma 73758
*Defendant (at last known address)*

Wichita Kenworth, Inc.
c/o Mil Unruh
300 W. Douglas Suite 330
Wichita, Kansas 67202
*Defendant (at last known address)*

*(Signature on following page)*

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual*
*Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280 (telephone)
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

**SUKUMAR SARKAR,**

     **Plaintiff,**

v.

**NORMAN PAIZ, 1776**
**TRANSPORTATION LLC and**
**WICHITA KENWORTH INC.,**

     **Defendants.**

**Civil Action No.: 23-C-01532-S4**

---

**GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY'S**
**INTERROGATORIES TO PLAINTIFF**

---

TO:    **Sukumar Sarkar**
       c/o Matthew C. Broun, Esq.
       Kalka Law Group, LLC
       1447 Peachtree St. NE, Suite 550
       Atlanta, GA 30309

**COMES NOW**, Georgia Farm Bureau Mutual Insurance Company (hereinafter "GFBMIC"), the underinsured/uninsured motorist carrier for Plaintiff(s), by and through counsel, and hereby requires that the Plaintiff(s) to whom these Interrogatories are directed is required to answer under oath and in writing the following Interrogatories within thirty (30) days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to GFBMIC's attorney at the law firm of James-Bates-Brannan-Groover-LLP, P.O. Box 4283, Macon, Georgia 31208.

<u>**INSTRUCTIONS AND DEFINITIONS**</u>

**NOTE A:**    When used in these Interrogatories, the term "GFBMIC" or any synonym thereof is intended to and shall embrace and include, in addition to the said Georgia Farm Bureau

Mutual Insurance Company, all agents, representatives, attorneys, experts, investigators, and others who are in a position for or may have obtained information for or on behalf of GFBMIC.

**NOTE B:**   You are required to answer each Interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reason for the objection must be stated instead of the answer.

**NOTE C:**   These Interrogatories shall be deemed continuing in order to require supplemental answers so that your answers remain accurate and complete.  You are requested to:

(a)   Seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he or she is expected to testify and the substance of his or her testimony; and

(b)   Amend any prior response if you subsequently learn that the original response was incorrect or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

**NOTE D:**   "You" or "your" means Plaintiff to whom these Interrogatories are directed, your agents, representatives, attorneys, experts, investigators, and any other persons who are in a position for or may have obtained information for or on Plaintiff's behalf.

**NOTE E:**   A "firm, partnership, corporation, proprietorship, association, or other organization or entity" shall mean to state its full name and present or last known address (designating which) and the legal form of the entity or organization.

**NOTE F:**   The term "document" shall mean all of those documents on which you depend in support of your legal claims, as well as all of those documents to which you refer to

ascertain or support any facts on which you depend in support of or in contradiction to your legal claims. "Document" is further used herein in its broadest sense to mean all writings (whether printed, typed, recorded, filmed, reproduced by any process, or produced by hand) and recordings, including originals and all non-identical copies, e-mail and attachments, correspondence, memoranda, notes, minutes, statistics, letters, contracts, reports, facsimiles, studies, checks, statements, tags, labels, invoices, brochures, periodicals, agreements, communications (whether inter-office, intra-office, or otherwise), papers, summaries, records, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions and things similar to the foregoing; books, manuals, publications, and diaries; sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, desk calendars, appointment books, diaries, diary entries and notes, and any other information-containing paper, writing or physical thing.

Please note that the term "document" includes e-mails and attachments (or other electronic communications) and files, data, and information electronically recorded, filed, or stored on disks, CD-ROMs, tapes, computers, thumb drives, external hard drives, cellular phones, and cloud based storage. A "document" shall further mean to state the title (if any), date, author, sender, recipient, identity of persons signing it, type of document (i.e., a letter, memorandum, notation, book, etc.) or some other means of identifying it, and its present location and custodian. In the case of a document that was, but is no longer, in your possession, custody, or control, state what disposition was made of it, why, when, and by whom.

**NOTE G:**   Whenever requested to "identify" a document by these Interrogatories, this means either to:

Case 1:23-mi-99999-UNA   Document 1083-1   Filed 04/07/23   Page 61 of 132

(a)     Produce, pursuant to the Request for Production of Documents, the original and every nonconforming copy of each document, and to designate as to each such document every Interrogatory to which it is deemed responsive; or

(b)     Provide the following information, irrespective of whether you consider the document privileged or subject to any claim of privilege:

    (1)     The title or other means of identification of each such document;

    (2)     The date of the document if undated;

    (3)     A general description of the length and subject matter of the document;

    (4)     The name, address, telephone number, and employer of the author or person who created, prepared, compiled or otherwise authored the documents;

    (5)     The name, address and telephone number of the person or persons who have custody or control of the original of each such document;

    (6)     The name, address and telephone number of the person or persons who have custody or control of any copy of each such document; and

    (7)     Any privilege claimed with respect to such document or copy thereof, the nature of the privilege claimed and the facts or grounds supporting the purported claim of privilege.

**NOTE H:**     To "describe" means to state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and

(a)     The identity of each person or entity involved or having any knowledge of each fact or opinion relating to what is described;

(b)     The identity of each document evidencing the answer given or relating, referring or pertaining in any way to what is disclosed in the answer; and

(c)    All relevant or material dates or time periods.

**NOTE I:**    A "fact" shall mean to state the circumstances surrounding the fact, the person or persons involved in the fact or circumstance, the date and location of the fact, and an account of the fact itself.  As used herein, "fact" shall further mean, without limitation, every thing, occurrence, event, or state of affairs contended by GFBMIC to relate to the subject referenced by the discovery requests.

**NOTE J:**    As used herein, "person" shall mean an individual, firm, partnership, corporation, proprietorship, association, governmental agency, or any other organization or entity. When asked to identify a "person" who is an "individual" in an official position with a "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency" you should identify both the "individual" and that person's relationship with the "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency."

**NOTE K:**    As used herein, "rely," when used in reference to:

(a)    A "fact" shall mean all of those facts on which any party relies in support of their legal claims as well as all of those facts to which GFBMIC refers in these requests to ascertain or support those facts, and

(b)    A "document" shall mean all of those documents on which you depend in support of your legal claims or defenses.

**NOTE L:**    As used herein, words importing the singular number may extend and be applied to several persons or things, and vice versa. Words importing the masculine gender may be applied to females or organizations.

**NOTE M:**    You may limit your responses to those specific alleged acts, omissions, occurrences, circumstances, practices or procedures on which you rely in this action and with respect to which you will or may introduce evidence at trial or any hearing of this action. If an entire question cannot be answered because the complete answer is not known, please so state and answer the part known.

## INTERROGATORIES

1.

State your full name, addresses for the past five (5) years, telephone numbers, social security number, and date of birth; state your spouse's full name; date of birth, and occupation.

2.

Please provide a list of each and every employment you have had for the past ten (10) years, listing the name of your employer, the address, telephone number, the name of your immediate supervisor, the place where you were employed, the type of worked performed, the reasons for termination of each employment, the dates of employment with each employer, and the salary, wages, or commissions received in each employment.

3.

Please list anyone who resided in your household or at the same address at the time of the incident in question, including yourself, and for each person identified please state the manner in which the identified person is related to you, if related; and if over 16, type of vehicle driven; name of insurer; the policy number; the form of insurance (including but not limited to liability and uninsured motorist coverage); the effective date of coverage; and the amount of coverage.

4.

Please state your educational background, including all schools, institutions, trade or professional schools you attended, the dates of attendance of each, and the degrees, certificates, or licenses obtained at each.

5.

Please state the name, address and telephone number of any relatives you have who live in the county where this action is pending.

6.

Please list the names of all churches, social organizations, and professional organizations of which you are a member in and around the county where this action is pending.

7.

If you have ever been arrested, state the date, place and charge made in each such arrest, and if convicted, the date thereof and the court in which such charges were brought.

8.

If you have been a party to any lawsuit, including a claim for workers' compensation, or a bankruptcy proceeding, (other than this suit), please describe each such suit, giving the date of each such suit, the court in which it was brought, and the names of other parties to each such suit.

9.

State the names, present whereabouts, home and/or cellular telephone numbers, home addresses, places of employment, job titles or capacities, work telephone numbers, and work addresses of all persons known to you or your attorney, who have knowledge or information concerning the facts at issue in this civil action, including witnesses who saw or claim they saw any part of the accident that is relative to the allegations in your Complaint or who arrived at the

scene of the accident immediately or shortly after its occurrence.

10.

State the names, present whereabouts, home and/or cellular telephone numbers, home addresses, places of employment, job titles or capacities, work telephone numbers, and work addresses of all persons who have given a statement about this incident, whether written, mechanically recorded or oral; please list such statement, date of the statement and to whom the statement was given. Further, have you given any statements about this incident; and if so, identify by name, address and telephone number, the individual and/or company to whom this statement was given.

11.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(I), Plaintiff is requested to identify each person whom Plaintiff expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

12.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

13.

As to Plaintiff's allegations in paragraphs 11 - 44 of the Complaint, please state a detailed factual basis for this allegation, the identity of any and all individuals having knowledge of relevant facts regarding this allegation (including a description of the relevant facts known by each such individual) and the identity of any and all documents as to which Plaintiff relies to demonstrate

and support facts relevant to this allegation.

14.

Please list all laws, acts having the force and effect of law, codes, regulations, and legal principles, standards, and customs or usages which you contend are applicable to this civil action.

15.

Please state whether you have received medical treatment, including hospitalization, for the alleged injuries you claim you sustained in your Complaint. If so, state the following:

(a)     The name and address of all hospitals and dates on which you were treated therein;

(b)     The name and address of each physician or other practitioner of the healing arts who has treated or examined you and the dates thereof;

(c)     The date or dates of such hospitalization;

(d)     The nature of the treatment rendered by each physician, other practitioner of the healing arts or hospital;

(e)     The diagnosis made by each physician or other practitioner of the healing arts; and

(f)     If any hospital liens have been filed, please identify each specific lien, including each lien's dollar value, and state whether or not each lien has been satisfied.

16.

For all entries listed in the preceding Interrogatory, please create an itemized list of medical expenses incurred for the injuries or conditions you allege were caused by this accident. Note: O.C.G.A. § 9-11-9 requires that when items of special damages are claimed, they shall be specifically stated. Inasmuch as Plaintiff did not specifically state the items of special damages sought in the complaint filed against Defendant in this case, Defendant now asks that they be specifically stated in response to this interrogatory, and a reference to medical bills or documents

furnished previously to Defendant or Defendant's insurer or medical bills and documents furnished in connection with Defendant's contemporaneous request for production of documents will not be deemed a sufficient response to this interrogatory. **REFERENCE TO ANY ATTACHED DOCUMENTS WILL NOT SATISFY THE REQUIREMENTS OF O.C.G.A. § 9-11-9(g).**

17.

Were you disabled as a result of the motor vehicle accident relative to the allegations in your Complaint? If so, what period of time do you claim you were disabled as a result of the injuries you allege that you sustained on the date of the occurrence complained of in this action? What permanent disability, if any, do you claim as a result of the injuries you allege you sustained on the date of the occurrence complained of in this action?

18.

Please describe any support, case, brace, prosthesis or other device or garment you were required to wear as a result of injuries, illnesses or disabilities you suffered or sustained by reason of this incident referred to in your Complaint.

19.

If you have ever, prior to this incident, or subsequent thereto, sustained any injury and/or experienced pain to any part of your body that you allege you suffered in subject accident, please list and describe said injury and/or pain and provide the date when injury and/or pain occurred and facts giving rise to said injury.

20.

If you claim an aggravation of a pre-existing condition as a result of the accident mentioned in your Complaint, please state:

(a)     a description of the condition;

(b)     the manner in which the condition arose or was caused;

(c)     the date you first became aware that the accident had caused an aggravation of the condition; and

(d)     the manner and extent the condition was aggravated by the accident.

21.

If you have suffered any injury to your body (other than the injuries that you claim to have suffered in this action), describe each such injury, giving the nature, extent, cause, date thereof, and the physician and/or surgeon or other practitioner of the healing arts rendering such care or treatment necessary for each such injury.

22.

With respect to the last date of treatment you received by a physician or other practitioner of the healing arts, including but not limited to chiropractors, and osteopaths, as a result of the injuries alleged in the Complaint, please state the date and name and address of said physician and the nature of such treatment.

23.

Please itemize all payments for medical expenses, together with the source of each such payment, from any insurance carrier, health carrier, health provider or other private source other than payments you made.

24.

Please itemize all special damages which you have suffered to date as a result of the conduct and injuries alleged in your Complaint.

25.

On the date of the incident complained of in the Complaint, please describe your

occupational and/or employment status, including, but not limited to, the nature of your occupation(s), your employer(s), and the respective dates that you had such occupation(s) and such employer(s) with such duties and such earnings.

26.

If there has been any change in your occupation(s), employer(s), duties or earnings, or if you have been prevented from working from the time referred to in the preceding interrogatory to the time of answering these interrogatories, please describe with specificity each such change.  If your alleged injuries have prevented you from working at any time since the date of the incident complained of:

(a)     State the date or dates that you were unable to work because of your injuries;

(b)     State what earnings, if any, you lost by reason of each such date of not working;

(c)     State whether you have received any payment (workers compensation, sick leave pay, disability insurance, income protection insurance, or other) on account of any such loss of time from work or loss of earnings; and

(d)     If your answer to subparagraph (c) is affirmative, please state the amount and source of each such payment and explain each such payment.

27.

If you have ever been in a *prior or subsequent* accident of any type where property damage or personal injury was sustained, please describe each such occurrence, including, but not limited to, the type of accident, the date, the people involved and location thereof, and the type of damage or injury.

28.

If you have made any claim for personal injury, uninsured motorist protection, property

damage, hospitalization, medical expense, or disability (other than the claims made in this action), please describe each such claim, giving the basis for each claim, the date of each such claim, the amount so claimed.

### 29.

Give the names and addresses of all hospitals, infirmaries, clinics, treatment facilities, physicians (including primary care physicians), chiropractors, therapists or any other practitioner of the healing arts, including the dates of such treatment and the nature of the treatment if not previously disclosed, for any treatment or examination you received prior to or subsequent to the incident giving rise to this lawsuit.

### 30.

Prior to or since the date of the incident complained of in your Complaint, if you have been given any physical examination (whether in connection with employment or application for insurance or entrance to any school or the armed forces or otherwise) which you have not referred to in your answers to these interrogatories, please describe each such examination with specificity, including, but not limited to, the date, the place, the person making the examination, and the purpose of the examination.

### 31.

Please state the name and address of each and every pharmacy at which Plaintiff had drug prescriptions filled within the ten (10) years preceding the date of these interrogatories.

### 32.

Identify all sources of compensation, indemnity, insurance (other than life insurance), wage loss replacement, income replacement, or disability benefits or payments available to you from any and all governmental or private sources which have been received by you or which have been

paid or will be payable to you or on your behalf for the damages or injuries sustained in the incident which forms the subject of your Complaint. As to each such source, state the amount of payment received by you, or to be received by you, or which has been paid on your behalf or which is payable on your behalf.

33.

Please identify all persons and/or entities that have filed a lien, including but not limited to hospital liens, and for each such person or entity, state the dollar value of that lien and whether or not said liens have been satisfied.

34.

Did you overhear any Defendant or any agent or employee of any Defendant make any statement concerning the incident complained of in your Complaint, or have you been told by anyone that any Defendant or any agent or employee of any defendant has subsequently made such a statement? If so, please state to whom the statement was allegedly made and describe the content of said statement with as much specificity as possible.

35.

Identify your primary care physician for the last 10 years.

36.

Please identify each form of social media or social networking service (see "Instructions and Definitions") that you have used during the past five years by including the name and address of the service provider, name and address of the account holder, your username/member profile, the URL where the account was/is available, and the dates during which you used the account.

*(Signature on following page)*

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual*
*Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280 (telephone)
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served copies of *Georgia Farm Bureau Mutual Insurance Company's First Interrogatories to Plaintiff* upon all parties through electronic filing, which will send e-mail notification of such filing to the attorneys of record and/or by mailing true and correct copies thereof to all parties, in envelopes properly addressed and adequate postage affixed, upon the following:

> Matthew C. Broun
> Kalka Law Group, LLC
> 1447 Peachtree St. NE, Suite 550
> Atlanta, GA 30309
> *Attorney for Plaintiff*

> Norman Paiz
> 3201 E. MaCarthur, Lot 88
> Wichita, Kansas 67216
> *Defendant (at last known address)*

> 1776 Transportation LLC
> c/o Caleb Price
> 846 5th Street
> Manchester, Oklahoma 73758
> *Defendant (at last known address)*

> Wichita Kenworth, Inc.
> c/o Mil Unruh
> 300 W. Douglas Suite 330
> Wichita, Kansas 67202
> *Defendant (at last known address)*

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280 (telephone)
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **SUKUMAR SARKAR,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.: 23-C-01532-S4** |
| **NORMAN PAIZ, Wichita Kenworth Inc. and WICHITA KENWORTH INC.,** | |
| **Defendants.** | |

---

### GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY'S FIRST INTERROGATORIES TO DEFENDANT WICHITA KENWORTH INC.

---

TO:   Wichita Kenworth, Inc.
      c/o Mil Unruh
      300 W. Douglas Suite 330
      Wichita, Kansas 67202
      *Defendant (at last known address)*

**COMES NOW**, GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY (hereinafter "GFBMIC"), the underinsured/uninsured motorist carrier for Plaintiff, by and through counsel, and hereby requires that the Defendant  to whom these Interrogatories are directed is required to answer under oath and in writing the following Interrogatories within thirty (30) days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to GFBMIC's attorney at the law firm of James-Bates-Brannan-Groover-LLP, 231 Riverside Drive, Suite 100, Macon, Georgia 31201.

### <u>INSTRUCTIONS AND DEFINITIONS</u>

**NOTE A:**   When used in these Interrogatories, the term "GFBMIC" or any synonym thereof is intended to and shall embrace and include, in addition to the said GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY, all agents, representatives, attorneys, experts,

investigators, and others who are in a position for or may have obtained information for or on behalf of GFBMIC.

**NOTE B:**     You are required to answer each Interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reason for the objection must be stated instead of the answer.

**NOTE C:**     These Interrogatories shall be deemed continuing in order to require supplemental answers so that your answers remain accurate and complete.  You are requested to:

(a)     Seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he or she is expected to testify and the substance of his or her testimony; and

(b)     Amend any prior response if you subsequently learn that the original response was incorrect or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

**NOTE D:**     "You" or "your" means Defendant to whom these Interrogatories are directed, your agents, representatives, attorneys, experts, investigators, and any other persons who are in a position for or may have obtained information for or on Defendant's behalf.

**NOTE E:**     A "firm, partnership, corporation, proprietorship, association, or other organization or entity" shall mean to state its full name and present or last known address (designating which) and the legal form of the entity or organization.

**NOTE F:**     The term "document" shall mean all of those documents on which you depend in support of your legal claims, as well as all of those documents to which you refer to ascertain or support any facts on which you depend in support of or in contradiction to your legal

claims. "Document" is further used herein in its broadest sense to mean all writings (whether printed, typed, recorded, filmed, reproduced by any process, or produced by hand) and recordings, including originals and all non-identical copies, e-mail and attachments, correspondence, memoranda, notes, minutes, statistics, letters, telegrams, contracts, reports, facsimiles, studies, checks, statements, tags, labels, invoices, brochures, periodicals, agreements, communications (whether inter-office, intra-office, or otherwise), papers, cablegrams, mailgrams, summaries, records, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions and things similar to the foregoing; books, manuals, publications, and diaries; sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, desk calendars, appointment books, diaries, diary entries and notes, and any other information-containing paper, writing or physical thing.

Please note that the term "document" includes e-mails and attachments (or other electronic communications) and files, data, and information electronically recorded, filed, or stored on disks, CD-ROMs, tapes and computers. A "document" shall further mean to state the title (if any), date, author, sender, recipient, identity of persons signing it, type of document (i.e., a letter, memorandum, notation, book, etc.) or some other means of identifying it, and its present location and custodian. In the case of a document that was, but is no longer, in your possession, custody, or control, state what disposition was made of it, why, when, and by whom.

**NOTE G:**     Whenever requested to "identify" a document by these Interrogatories, this means either to:

(a)     Produce, pursuant to the Request for Production of Documents, the original and every nonconforming copy of each document, and to designate as to each such document every Interrogatory to which it is deemed responsive; or

(b)     Provide the following information, irrespective of whether you consider the document privileged or subject to any claim of privilege:

    (1)     The title or other means of identification of each such document;

    (2)     The date of the document if undated;

    (3)     A general description of the length and subject matter of the document;

    (4)     The name, address, telephone number, and employer of the author or person who created, prepared, compiled or otherwise authored the documents;

    (5)     The name, address and telephone number of the person or persons who have custody or control of the original of each such document;

    (6)     The name, address and telephone number of the person or persons who have custody or control of any copy of each such document; and

    (7)     Any privilege claimed with respect to such document or copy thereof, the nature of the privilege claimed and the facts or grounds supporting the purported claim of privilege.

**NOTE H:**     To "describe" means to state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and

(a)     The identity of each person or entity involved or having any knowledge of each fact or opinion relating to what is described;

(b)     The identity of each document evidencing the answer given or relating, referring or pertaining in any way to what is disclosed in the answer; and

(c)     All relevant or material dates or time periods.

**NOTE I:**     A "fact" shall mean to state the circumstances surrounding the fact, the person or persons involved in the fact or circumstance, the date and location of the fact, and an account of the fact itself. As used herein, "fact" shall further mean, without limitation, every thing,

occurrence, event, or state of affairs contended by GFBMIC to relate to the subject referenced by the discovery requests.

**NOTE J:**    As used herein, "person" shall mean an individual, firm, partnership, corporation, proprietorship, association, governmental agency, or any other organization or entity. When asked to identify a "person" who is an "individual" in an official position with a "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency" you should identify both the "individual" and that person's relationship with the "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency."

**NOTE K:**    As used herein, "rely," when used in reference to:

(a)    A "fact" shall mean all of those facts on which any party relies in support of their legal claims as well as all of those facts to which GFBMIC refers in these requests to ascertain or support those facts, and

(b)    A "document" shall mean all of those documents on which you depend in support of your legal claims or defenses.

**NOTE L:**    As used herein, words importing the singular number may extend and be applied to several persons or things, and vice versa. Words importing the masculine gender may be applied to females or organizations.

**NOTE M:**    You may limit your responses to those specific alleged acts, omissions, occurrences, circumstances, practices or procedures on which you rely in this action and with respect to which you will or may introduce evidence at trial or any hearing of this action. If an entire question cannot be answered because the complete answer is not known, please so state and answer the part known.

## INTERROGATORIES

1.

Please state the telephone number, address, correct legal name of Defendant Wichita Kenworth Inc.

2.

Please state whether Defendant Wichita Kenworth Inc. is incorporated under the laws of the State of Georgia and state the name, title, and contact information for any and all officers of Defendant Wichita Kenworth Inc.

3.

Give the name, address and place of employment of all persons who supplied information for the answering of these interrogatories.

4.

If Defendant Wichita Kenworth Inc. has ever been a party to any lawsuit, including a claim for workers' compensation or a bankruptcy proceeding (other than this suit), please describe each such suit, giving the date of each such suit, the court in which it was brought, and the names of other parties to each such suit.

5.

State the name and address for all persons who interviewed and were involved with the hiring or associating of Defendant Norman Paiz.

6.

On the date of the incident complained of in the Complaint, please describe the occupational or and/or employment status of Defendant Norman Paiz, including, but not limited to, the nature of his/her duties and responsibilities, his/her earnings, and the respective dates that he/she was so employed by you with such duties and such earnings.

7.

Please state whether Defendant Norman Paiz was acting within the course and scope of his/her employment with Defendant Wichita Kenworth Inc. at the time of the incident at issue.

8.

If there has been any change in Defendant Norman Paiz's occupation(s), employer(s), duties or earnings from the time referred to in the preceding interrogatory to the time of answering these interrogatories, please describe with specificity each such change.

9.

To your knowledge, please provide a list of each and every employment Defendant Norman Paiz has had for the past ten (10) years, listing the name of Defendant Norman Paiz's employer, the address, telephone number, the name of Defendant Norman Paiz's immediate supervisor, the place where Defendant Norman Paiz was employed, the type of work performed, the reasons for termination of each employment, the dates of employment with each employer, and the salary, wages, or commissions received in each employment.

10.

Please state your knowledge of whether Defendant Norman Paiz has ever been arrested. Please state the date, place and charge made in each such arrest and, if convicted, the date thereof and the court in which such charges were brought.

11.

State your knowledge of Defendant Norman Paiz's driving history, including but not limited to your knowledge of any citations received or any motor vehicle collisions before or after the date of the occurrence made the basis of this suit, and, if so, give details as to where, when,

how, with whom, whether a lawsuit resulted therefrom, and the style and number of the case and the court in which it was filed.

12.

Please state whether or not Defendant Wichita Kenworth Inc. owned the vehicle driven at the time of the incident complained of in the complaint, and if you are the owner, please explain why and how Defendant Norman Paiz came to be in possession of the vehicle.

13.

State whether or not the vehicle involved in the incident giving rise to this lawsuit was repaired and, if it was repaired, identify the person or company making such repairs, the nature of such repairs, and the cost of such repairs.

14.

Identify each person who you contend caused or contributed to this occurrence, cite all:

(a)     acts or omissions that you contend was a breach of duty on the part of each person who you contend caused or contributed to this occurrence;

(b)     United States statutes; state statutes; city ordinances; county ordinances; all other governmental laws, rules or regulations; and all non-governmental standards, customs, and procedures which you contend that person violated with respect to this occurrence; and

(c)     describe fully how each was violated.

15.

To your knowledge, state where Defendant Norman Paiz had been just prior to the collision, where Defendant Norman Paiz was going at the time of the collision, and the purpose of the trip.

16.

Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

17.

To your knowledge, state the speed of Defendant Norman Paiz's vehicle at all times material to the collision in question, including specifically the speed at the time of impact; if the brakes were on at the time of impact, please state the speed before applying the brakes.

18.

Describe any traffic citation Defendant Norman Paiz received as a result of this collision by stating the name and location of the Court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

19.

To your knowledge, information, or belief, if there has been any judicial hearing (whether the trial of traffic charges, a commitment hearing, inquest, previous trial, or otherwise) concerning the incident complained of, please describe each such hearing with specificity, including, but not limited to, the date, the place, the persons present, the nature of the hearing, the statement for testimony of each person making any statement or testifying, a description of any documentary evidence offered or received, the name and address of any person reporting and/or transcribing the hearing, the present location of such transcript or copies thereof, and the name of the person or persons having possession, custody, or control of such transcript or copies thereof.

20.

Did Defendant Wichita Kenworth Inc. conduct a post-accident alcohol and controlled substance test on Defendant Norman Paiz? If so, please state:

(a)    The date of testing;

(b)    Who performed the test;

(c)    Where the test was performed; and

(d)    The results of the test.

21.

If post-accident testing was not performed on Defendant Norman Paiz, please state the reasons such testing did not occur.

22.

On the date of the motor vehicle accident, did Defendant Norman Paiz have a company cellular phone available for his/her use in the vehicle Defendant Norman Paiz was driving at the time of the motor vehicle accident? If so, please state the carrier providing coverage, the cell number and the name the contract is under, if any.

23.

To your knowledge, information, or belief, are there any photographs or drawings of the scene of the incident complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident?

24.

If so, please describe each individual photograph or drawing with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic prints, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody, or control.

25.

State the names, addresses, telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons known to you or your attorney, who have knowledge or information concerning the facts at issue in this civil action.

26.

Please list the names and telephone numbers of all persons who have given a statement about this incident, whether written, mechanically recorded or oral, and please list such statement, date of the statement, and to whom the statement was given.

27.

State the names, addresses, telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who saw or claim they saw any part of the accident relative to the allegations in the Complaint.

28.

State the names, addresses, home telephone numbers, places of employment, and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence.

29.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(I), Defendant Wichita Kenworth Inc. is requested to identify each person whom Defendant Wichita Kenworth Inc. expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify, and the summary of the grounds of each opinion.

30.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

31.

Was the vehicle driven by Defendant Norman Paiz at the time of the subject incident covered by liability insurance or any other policies of insurance (including self-insured retention and excess coverage) providing coverage benefits of any type with regard to any claims asserted in this lawsuit? As to each such policy, provide the following information:

a.   The name and address of the company issuing the policy;

b.   The policy number;

c.   The types of coverage and limits of coverage provided thereby;

d.   The name of all insureds;

e.   The amount of any claim or demand made by you for payment of coverage benefits and the type of coverage benefit demanded; and

f.   Whether a denial or reservation of rights has been issued.

32.

Please list all laws, acts having the force and effect of law, codes, regulations, and legal principles, standards, and customs or usages which you contend are applicable to this civil action.

*(Signature on following page)*

Respectfully submitted, this 29 day of March, 2023.

_____
L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual*
*Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served copies of *Georgia Farm Bureau Mutual Insurance Company's First Interrogatories to Defendant Wichita Kenworth Inc.* by mailing true and correct copies thereof to all parties, in envelopes properly addressed and adequate postage affixed, upon the following:

Matthew C. Broun
Kalka Law Group, LLC
1447 Peachtree St. NE, Suite 550
Atlanta, GA 30309
*Attorney for Plaintiff*

Norman Paiz
3201 E. Macarthur Lot 88
Witchita, KS 67216
*Defendant (at last known address)*

Wichita Kenworth Inc.
c/o Caleb Price
846 5th Street
Manchester, Oklahoma 73758
*Defendant (at last known address)*

Wichita Kenworth, Inc.
c/o Mil Unruh
300 W. Douglas Suite 330
Wichita, Kansas 67202
*Defendant (at last known address)*

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SUKUMAR SARKAR,

     **Plaintiff,**

v.

**NORMAN PAIZ, 1776 TRANSPORTATION LLC and WICHITA KENWORTH INC.,**

     **Defendants.**

Civil Action No.: 23-C-01532-S4

---

### GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT 1776 TRANSPORTATION LLC

---

TO: **1776 Transportation LLC**
    c/o Caleb Price
    846 5th Street
    Manchester, Oklahoma 73758

       **COMES NOW,** Georgia Farm Bureau Mutual Insurance Company (hereinafter "GFBMIC"), the underinsured/uninsured motorist insurance carrier for Plaintiff(s), by and through counsel, and pursuant to Rule 34 of the Georgia Civil Practice Act, O.C.G.A. § 9-11-34, hereby requests the Defendant 1776 Transportation LLC to whom these Requests are directed to produce and permit GFBMIC, or someone acting on GFBMIC's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained or translated, if necessary, by Defendant 1776 Transportation LLC through detection devices into reasonably usable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26(b) of the Georgia Civil Practice Act, O.C.G.A. §9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

The production of documents and things herein below designated shall be made at 10 o'clock a.m. on the 30th day following service of these requests in the law offices of James-Bates-Brannan-Groover-LLP, P.O. Box 4283, Macon, Georgia 31201.

As an alternative to producing the documents or other evidence of writing, herein below designated, at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Requests for Production and serve same upon the undersigned counsel within thirty (30) days from the date of service of these requests.

## INSTRUCTIONS AND DEFINITIONS

**NOTE A:**   When used in these Requests for Production, the term "GFBMIC" or any synonym thereof is intended to and shall embrace and include, in addition to the said GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY, all agents, representatives, attorneys, experts, investigators, and others who are in a position for or may have obtained information for or on behalf of GFBMIC.

**NOTE B:**   You are required to answer each Request for Production separately and fully in writing under oath, unless it is objected to, in which event the reason for the objection must be stated instead of the answer.

**NOTE C:**   These Requests for Production shall be deemed continuing in order to require supplemental answers so that your answers remain accurate and complete.  You are requested to:

(a)   Seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he or she is expected to testify and the substance of his or her testimony; and

(b)    Amend any prior response if you subsequently learn that the original response was incorrect or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

**NOTE D:**    "You" or "your" means Defendant 1776 Transportation LLC to whom these Requests are directed, your agents, representatives, attorneys, experts, investigators, and any other persons who are in a position for or may have obtained information for or on Defendant's behalf.

**NOTE E:**    A "firm, partnership, corporation, proprietorship, association, or other organization or entity" shall mean to state its full name and present or last known address (designating which) and the legal form of the entity or organization.

**NOTE F:**    The term "document" shall mean all of those documents on which you depend in support of your legal claims as well as all of those documents to which you refer to ascertain or support any facts on which you depend in support of or in contradiction to your legal claims. "Document" is further used herein in its broadest sense to mean all writings (whether printed, typed, recorded, filmed, reproduced by any process, or produced by hand) and recordings, including originals and all non-identical copies, e-mail and attachments, correspondence, memoranda, notes, minutes, statistics, letters, contracts, reports, facsimiles, studies, checks, statements, tags, labels, invoices, brochures, periodicals, agreements, communications (whether inter-office, intra-office, or otherwise), papers, mailgrams, summaries, records, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions and things similar to the foregoing; books, manuals, publications, and diaries; sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, desk calendars, appointment books, diaries, diary entries and notes, and any other information-containing paper, writing or physical thing.

Please note that the term "document" includes e-mails and attachments (or other electronic communications) and files, data, and information electronically recorded, filed, or stored on disks, CD-ROMs, tapes, thumb drives, external hard drives, and computers. A "document" shall further mean to state the title (if any), date, author, sender, recipient, identity of persons signing it, type of document (i.e., a letter, memorandum, notation, book, etc.) or some other means of identifying it, and its present location and custodian. In the case of a document that was, but is no longer, in your possession, custody, or control, state what disposition was made of it, why, when, and by whom.

**NOTE G:**      "Regarding," "relating to," or "pertaining to," when used with respect to a document, agreement, subject or fact, means embodying, containing, evidencing, reflecting, reciting, recording, supporting, refuting, or referring to.

**NOTE H:**      A "fact" shall mean to state the circumstances surrounding the fact, the person or persons involved in the fact or circumstance, the date and location of the fact, and an account of the fact itself. As used herein, "fact" shall further mean, without limitation, every thing, occurrence, event, or state of affairs contended by GFBMIC to relate to the subject referenced by the discovery requests.

**NOTE I:**      As used herein, "person" shall mean an individual, firm, partnership, corporation, proprietorship, association, governmental agency, or any other organization or entity. When asked to identify a "person" who is an "individual" in an official position with a "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency" you should identify both the "individual" and that person's relationship with the "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency."

**NOTE J:**      As used herein, "rely," when used in reference to:

(a)      A "fact" shall mean all of those facts on which any party relies in support of their legal claims as well as all of those facts to which GFBMIC refers in these requests to ascertain or support those facts.

(b)     A "document" shall mean all of those documents on which you depend in support of your legal claims or defenses.

**NOTE K:**    As used herein, words importing the singular number may extend and be applied to several persons or things, and vice versa. Words importing the masculine gender may be applied to females or organizations.

**NOTE L:**    You may limit your responses to those specific alleged acts, omissions, occurrences, circumstances, practices or procedures on which you rely in this action and with respect to which you will or may introduce evidence at trial or any hearing of this action.

**NOTE M:**    If any information regarding a document is not completely known or available to you, please answer to the extent possible predicated upon the information currently available, and describe, in full detail the effort to obtain the information, giving any reasons for you inability to answer fully.

**NOTE N:**    Whenever your answers refer to other sources of information, please identity with sufficient detail to enable GFBMIC to subpoena any persons who are the source of such information and to obtain by a subpoena duces tecum any document which serves as a source of information.

**NOTE O:**    Capitalized terms not otherwise defined in the requests shall have the meaning given to them in Plaintiff's Complaint.

**NOTE P:**    If you assert any privilege regarding any document or information, with respect to such document: (1) identify it; (2) state the basis for the claim of privilege; (3) describe fully the circumstance of the document's origin; (4) describe fully the circumstances of the document's disposition, including identifying all persons whom you believe have or may have seen it or become acquainted with its contents; and (5) prepare a privilege log which appropriately preserves the physical and electronic documents requested and adequately guards against its spoliation.

**NOTE Q:**     As used herein, the term "social media" means any internet, cellular data, or cloud-based platform, application, or website that allows users to share, create, modify, or distribute pictures, videos, messages, or other information with other users, or in any way socially interact with other individuals, such as, but not limited to, Facebook, Instagram, Twitter, YouTube, or Snapchat.

## REQUESTS FOR PRODUCTION

### 1.

Any and all copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Norman Paiz.

### 2.

Any and all copies of any lease, contract, or other agreement regarding the vehicle driven by Defendant Norman Paiz on the day of the incident referred to in the complaint.

### 3.

Any and all copies of the bill of sale, title, and any other documents relating to the ownership of the vehicle driven by Defendant Norman Paiz on the date of the incident referred to in the complaint.

### 4.

Please produce any and all documents, messages, letters, memoranda, or other documents detailing any complaints you have received or prepared regarding Defendant Norman Paiz.

### 5.

All copies of any company policies, regulations, guidelines, rules, and/or driver manuals issued to employees by Defendant 1776 Transportation LLC  or kept by Defendant 1776 Transportation LLC.

6.

All copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to employees by Defendant 1776 Transportation LLC or kept by Defendant 1776 Transportation LLC.

7.

All copies of any documents regarding any training received by Defendant Norman Paiz from Defendant 1776 Transportation LLC.

8.

Please produce any and all incident reports concerning the subject incident, including but not limited to any that were prepared by you or on your behalf.

9.

Please produce any and all photographs, sketches, videotapes, audiotapes, electronic files, or recordings of any witness, party, or other person, vehicle, roadway, scene or any other object or thing relative to the allegations set forth in Plaintiff's Complaint including but not limited to any surveillance video footage of you or the subject incident.

10.

Please produce any and all traffic citations or tickets, if any, Defendant Norman Paiz received as a result of this collision.

11.

Please produce any and all dispositions of traffic citations Defendant Norman Paiz received as a result of this collision.

12.

Please produce any and all company cell phone records for the Defendant Norman Paiz for the day of the subject accident and the day after to include the twenty-four (24) hours prior to the subject accident

and the twenty-four (24) hours after the subject accident. This shall include, but not be limited to any records evidencing incoming and outgoing calls, incoming or outgoing messaging, or data/internet usage.

13.

Please produce all estimates of repair costs, drafts reflecting payments and/or documents relating to property damage incurred by any vehicle involved in the incident referenced in the Complaint.

14.

Copies of all post-collision alcohol and controlled substance test results and any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing on Defendant Norman Paiz.

15.

Any and all claims filed related to the subject collision.

16.

Please produce any and all written or recorded statements made by any witness, party, or other person having relevant information or knowledge of any fact or circumstance in this action which are not protected by the attorney-client privilege or work product doctrine.

17.

Please produce any and all written or recorded statements made by Defendant Norman Paiz, regarding the incident complained of in this action including, but not limited to, any statements to the investigating officer, Defendant 1776 Transportation LLC, and/or Defendant Norman Paiz's supervisor.

18.

Please produce any and all reports, notes, documentation, factual observations, opinions, conclusions, photographs, field notes, models, exhibits, calculations, correspondence drafted, issued,

prepared, or otherwise submitted by any expert retained by you in anticipation of litigation or to provide

testimony at any trial of this case.  Please also produce a copy of any such expert's curriculum vitae.

19.

Please produce any and all reports, notes, documentation, calculations, treatises or authoritative

literature, or other such documents reviewed by or relied upon by any expert who has been retained or

otherwise employed by you in anticipation of litigation or in this action, which were used in preparing

any report.

20.

Please produce any and all documents or other materials to which you referred in responding to

*Georgia Farm Bureau Mutual Insurance Company's First Interrogatories to Defendant 1776*

*Transportation LLC.*

21.

Please produce any and all documents, statements, correspondence or other materials, whether

in the form of a document, electronic file, or other recording, in your possession or control, not protected

by the attorney-client privilege or work product doctrine, which mention or discuss GFBMIC.

22.

Copies of any and all documents produced in response to subpoenas or non-party request for

production of documents.

23.

Please produce any insurance policies, agreements, declaration pages, or representations or

denials of coverage which relate to or potentially provide coverage for the allegations in Plaintiff's

Complaint.

24.

Please produce any and all documents referring or relating to any settlements of claims in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the subject incident or any damages resulting therefore, including but not limited to decrees authorizing settlements, agreements, contracts, releases, covenants not to sue, correspondence, copies of the checks, any other similar documents, and documentation related to a workers' compensation claim.

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served copies of *Georgia Farm Bureau Mutual Insurance Company's First Request for Production of Documents to Defendant 1776 Transportation LLC* by mailing true and correct copies thereof to all parties, in envelopes properly addressed and adequate postage affixed, upon the following:

Matthew C. Broun
Kalka Law Group, LLC
1447 Peachtree St. NE, Suite 550
Atlanta, GA 30309
*Attorney for Plaintiff*

Norman Paiz
3201 E. MaCarthur, Lot 88
Wichita, Kansas 67216
*Defendant (at last known address)*

1776 Transportation LLC
c/o Caleb Price
846 5th Street
Manchester, Oklahoma 73758
*Defendant (at last known address)*

Wichita Kenworth, Inc.
c/o Mil Unruh
300 W. Douglas Suite 330
Wichita, Kansas 67202
*Defendant (at last known address)*

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual*
*Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **SUKUMAR SARKAR,** | |
| **Plaintiff,** | |
| v. | **Civil Action No.: 23-C-01532-S4** |
| **NORMAN PAIZ, 1776 TRANSPORTATION LLC and WICHITA KENWORTH INC.,** | |
| **Defendants.** | |

## GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NORMAN PAIZ

TO:  **Norman Paiz**
3201 E. Macarthur Lot 88
Witchita, KS 67216
*Defendant (at last known address)*

      **COMES NOW,** Georgia Farm Bureau Mutual Insurance Company (hereinafter "GFBMIC"), the underinsured/uninsured motorist insurance carrier for Plaintiff(s), by and through counsel, and pursuant to Rule 34 of the Georgia Civil Practice Act, O.C.G.A. § 9-11-34, hereby requests the Defendant to whom these Requests are directed to produce and permit GFBMIC, or someone acting on GFBMIC's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained or translated, if necessary, by Defendant through detection devices into reasonably usable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26(b) of the Georgia Civil Practice Act, O.C.G.A. §9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

The production of documents and things herein below designated shall be made at 10 o'clock a.m. on the 30th day following service of these requests in the law offices of James-Bates-Brannan-Groover-LLP, P.O. Box 4283, Macon, Georgia 31201.

As an alternative to producing the documents or other evidence of writing, herein below designated, at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Requests for Production and serve same upon the undersigned counsel within thirty (30) days from the date of service of these requests.

## INSTRUCTIONS AND DEFINITIONS

**NOTE A:**   When used in these Requests for Production, the term "GFBMIC" or any synonym thereof is intended to and shall embrace and include, in addition to the said GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY, all agents, representatives, attorneys, experts, investigators, and others who are in a position for or may have obtained information for or on behalf of GFBMIC.

**NOTE B:**   You are required to answer each Request for Production separately and fully in writing under oath, unless it is objected to, in which event the reason for the objection must be stated instead of the answer.

**NOTE C:**   These Requests for Production shall be deemed continuing in order to require supplemental answers so that your answers remain accurate and complete.   You are requested to:

(a)   Seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he or she is expected to testify and the substance of his or her testimony; and

(b)     Amend any prior response if you subsequently learn that the original response was incorrect or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

**NOTE D:**     "You" or "your" means Defendant to whom these Requests are directed, your agents, representatives, attorneys, experts, investigators, and any other persons who are in a position for or may have obtained information for or on Defendant's behalf.

**NOTE E:**     A "firm, partnership, corporation, proprietorship, association, or other organization or entity" shall mean to state its full name and present or last known address (designating which) and the legal form of the entity or organization.

**NOTE F:**     The term "document" shall mean all of those documents on which you depend in support of your legal claims as well as all of those documents to which you refer to ascertain or support any facts on which you depend in support of or in contradiction to your legal claims. "Document" is further used herein in its broadest sense to mean all writings (whether printed, typed, recorded, filmed, reproduced by any process, or produced by hand) and recordings, including originals and all non-identical copies, e-mail and attachments, correspondence, memoranda, notes, minutes, statistics, letters, contracts, reports, facsimiles, studies, checks, statements, tags, labels, invoices, brochures, periodicals, agreements, communications (whether inter-office, intra-office, or otherwise), papers, mailgrams, summaries, records, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions and things similar to the foregoing; books, manuals, publications, and diaries; sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, desk calendars, appointment books, diaries, diary entries and notes, and any other information-containing paper, writing or physical thing.

Please note that the term "document" includes e-mails and attachments (or other electronic communications) and files, data, and information electronically recorded, filed, or stored on disks, CD-ROMs, tapes, thumb drives, external hard drives, and computers. A "document" shall further mean to state the title (if any), date, author, sender, recipient, identity of persons signing it, type of document (i.e., a letter, memorandum, notation, book, etc.) or some other means of identifying it, and its present location and custodian. In the case of a document that was, but is no longer, in your possession, custody, or control, state what disposition was made of it, why, when, and by whom.

NOTE G:    "Regarding," "relating to," or "pertaining to," when used with respect to a document, agreement, subject or fact, means embodying, containing, evidencing, reflecting, reciting, recording, supporting, refuting, or referring to.

NOTE H:    A "fact" shall mean to state the circumstances surrounding the fact, the person or persons involved in the fact or circumstance, the date and location of the fact, and an account of the fact itself. As used herein, "fact" shall further mean, without limitation, every thing, occurrence, event, or state of affairs contended by GFBMIC to relate to the subject referenced by the discovery requests.

NOTE I:    As used herein, "person" shall mean an individual, firm, partnership, corporation, proprietorship, association, governmental agency, or any other organization or entity. When asked to identify a "person" who is an "individual" in an official position with a "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency" you should identify both the "individual" and that person's relationship with the "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency."

NOTE J:    As used herein, "rely," when used in reference to:

(a)    A "fact" shall mean all of those facts on which any party relies in support of their legal claims as well as all of those facts to which GFBMIC refers in these requests to ascertain or support those facts.

(b)     A "document" shall mean all of those documents on which you depend in support of your legal claims or defenses.

**NOTE K:**     As used herein, words importing the singular number may extend and be applied to several persons or things, and vice versa. Words importing the masculine gender may be applied to females or organizations.

**NOTE L:**     You may limit your responses to those specific alleged acts, omissions, occurrences, circumstances, practices or procedures on which you rely in this action and with respect to which you will or may introduce evidence at trial or any hearing of this action.

**NOTE M:**     If any information regarding a document is not completely known or available to you, please answer to the extent possible predicated upon the information currently available, and describe, in full detail the effort to obtain the information, giving any reasons for you inability to answer fully.

**NOTE N:**     Whenever your answers refer to other sources of information, please identity with sufficient detail to enable GFBMIC to subpoena any persons who are the source of such information and to obtain by a subpoena duces tecum any document which serves as a source of information.

**NOTE O:**     Capitalized terms not otherwise defined in the requests shall have the meaning given to them in Plaintiff's Complaint.

**NOTE P:**     If you assert any privilege regarding any document or information, with respect to such document: (1) identify it; (2) state the basis for the claim of privilege; (3) describe fully the circumstance of the document's origin; (4) describe fully the circumstances of the document's disposition, including identifying all persons whom you believe have or may have seen it or become acquainted with its contents; and (5) prepare a privilege log which appropriately preserves the physical and electronic documents requested and adequately guards against its spoliation.

**NOTE Q:**   As used herein, the term "social media" means any internet, cellular data, or cloud-based platform, application, or website that allows users to share, create, modify, or distribute pictures, videos, messages, or other information with other users, or in any way socially interact with other individuals, such as, but not limited to, Facebook, Instagram, Twitter, YouTube, or Snapchat.

## REQUESTS FOR PRODUCTION

### 1.

Please produce any and all incident reports concerning the subject incident, including any that were prepared by you or on your behalf.

### 2.

Please produce any motor vehicle accident reports written by the Georgia State Patrol, or any other law enforcement agency, in regards to the motor vehicle collision that is the subject of this lawsuit, as well as any and all other motor vehicle accident reports that were written by any other law enforcement or government agency in regards to the motor vehicle collision that is the subject of this lawsuit.

### 3.

Please produce any and all written or recorded statements made by any witness, party, or other person having relevant information or knowledge of any fact or circumstance in this action which are not protected by the attorney-client privilege or work product doctrine.

### 4.

Please produce any and all written or recorded statements made by you, regarding the incident complained of in this action including, but not limited to, any statements to the investigating officer, your employer, or your supervisor.

5.

Please produce any and all photographs, sketches, videotapes, audiotapes, electronic files, or recordings of any witness, party, or other person, vehicle, roadway, scene or any other object or thing relative to the allegations set forth in Plaintiff's Complaint including but not limited to any surveillance video footage of you or the subject incident.

6.

Please produce any and all traffic citations or tickets, if any, you received as a result of this collision.

7.

Please produce any and all dispositions of traffic citations you received as a result of this collision.

8.

Please produce any and all documents or other materials to which you referred in responding to *Georgia Farm Bureau Mutual Insurance Company's First Interrogatories to Defendant.*

9.

Please produce any and all documents, statements, correspondence or other materials, whether in the form of a document, electronic file, or other recording, in your possession or control, not protected by the attorney-client privilege or work product doctrine, which mention or discuss GFBMIC.

10.

Please produce any and all documents referring or relating to any settlements of claims in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the subject incident or any damages resulting therefore, including but not limited to decrees authorizing settlements, agreements, contracts, releases, covenants not to sue, correspondence, copies of the checks, any other similar documents, and documentation related to a workers' compensation claim.

11.

Please produce any insurance policies, agreements, declaration pages, or representations or denials of coverage which relate to or potentially provide coverage for the allegations in Plaintiff's Complaint.

12.

Please produce any and all reports, notes, documentation, factual observations, opinions, conclusions, photographs, field notes, models, exhibits, calculations, correspondence drafted, issued, prepared, or otherwise submitted by any expert retained by you in anticipation of litigation or to provide testimony at any trial of this case.  Please also produce a copy of any such expert's curriculum vitae.

13.

Please produce any and all reports, notes, documentation, calculations, treatises or authoritative literature, or other such documents reviewed by or relied upon by any expert who has been retained or otherwise employed by you in anticipation of litigation or in this action, which were used in preparing any report.

14.

Please produce the content of any "social media" page, account, or profile, including but not limited to any and all photographs, photo albums, videos, comments, postings, and "tagged" photographs or videos.

15.

Please produce any and all photographs and videos of yourself which you have posted or been "tagged" in on any photograph/video sharing website, cloud-based platform, or application which allows users to share, create, modify, or distribute photographs and videos during the period of time

encompassing one year prior to the date of the incident complained of in Plaintiff's Complaint to the present.

16.

Please produce your federal and state income tax returns, whether filed jointly or separately, for the last five (5) years.

17.

Please produce any and all cell phone records for the Defendant for the day of the subject accident and the day after to include the twenty-four (24) hours prior to the subject accident and the twenty-four (24) hours after the subject accident. This shall include, but not be limited to any records evidencing incoming and outgoing calls, incoming or outgoing messaging, or data/internet usage.

Respectfully submitted, this ____ day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280 (telephone)
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served copies of *Georgia Farm Bureau Mutual Insurance Company's First Request for Production of Documents to Defendant, Norman Paiz* by mailing true and correct copies thereof to all parties, in envelopes properly addressed and adequate postage affixed, upon the following:

Matthew C. Broun
Kalka Law Group, LLC
1447 Peachtree St. NE, Suite 550
Atlanta, GA 30309
*Attorney for Plaintiff*

Norman Paiz
3201 E. MaCarthur, Lot 88
Wichita, Kansas 67216
*Defendant (at last known address)*

1776 Transportation LLC
c/o Caleb Price
846 5th Street
Manchester, Oklahoma 73758
*Defendant (at last known address)*

Wichita Kenworth, Inc.
c/o Mil Unruh
300 W. Douglas Suite 330
Wichita, Kansas 67202
*Defendant (at last known address)*

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual
Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280 (telephone)
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

SUKUMAR SARKAR,

      **Plaintiff,**

v.

NORMAN PAIZ, 1776
TRANSPORTATION LLC and
WICHITA KENWORTH INC.,

      **Defendants.**

Civil Action No.: 23-C-01532-S4

---

## GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

---

TO:    **Sukumar Sarkar**
c/o Matthew C. Broun, Esq.
Kalka Law Group, LLC
1447 Peachtree St. NE, Suite 550
Atlanta, GA 30309

**COMES NOW**, Georgia Farm Bureau Mutual Insurance Company (hereinafter "GFBMIC"), the underinsured/uninsured motorist insurance carrier for Plaintiff(s), by and through counsel, and pursuant to Rule 34 of the Georgia Civil Practice Act, O.C.G.A. § 9-11-34, hereby requests the Plaintiff to whom these Requests are directed to produce and permit GFBMIC, or someone acting on GFBMIC's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained or translated, if necessary, by Plaintiff through detection devices into reasonably usable form) or to inspect and copy, test or sample any of the following designated tangible

things, which constitute or contain matters within the scope of Rule 26(b) of the Georgia Civil Practice Act, O.C.G.A. §9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

The production of documents and things herein below designated shall be made at 10 o'clock a.m. on the 30th day following service of these requests in the law offices of James-Bates-Brannan-Groover-LLP, P.O. Box 4283, Macon, Georgia 31201.

As an alternative to producing the documents or other evidence of writing, herein below designated, at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Requests for Production and serve same upon the undersigned counsel within thirty (30) days from the date of service of these requests.

## **INSTRUCTIONS AND DEFINITIONS**

**NOTE A:**   When used in these Requests for Production, the term "GFBMIC" or any synonym thereof is intended to and shall embrace and include, in addition to the said GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY, all agents, representatives, attorneys, experts, investigators, and others who are in a position for or may have obtained information for or on behalf of GFBMIC.

**NOTE B:**   You are required to answer each Request for Production separately and fully in writing under oath, unless it is objected to, in which event the reason for the objection must be stated instead of the answer.

**NOTE C:** These Requests for Production shall be deemed continuing in order to require supplemental answers so that your answers remain accurate and complete. You are requested to:

(a) Seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he or she is expected to testify and the substance of his or her testimony; and

(b) Amend any prior response if you subsequently learn that the original response was incorrect or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

**NOTE D:** "You" or "your" means Plaintiff to whom these Requests are directed, your agents, representatives, attorneys, experts, investigators, and any other persons who are in a position for or may have obtained information for or on Plaintiff's behalf.

**NOTE E:** A "firm, partnership, corporation, proprietorship, association, or other organization or entity" shall mean to state its full name and present or last known address (designating which) and the legal form of the entity or organization.

**NOTE F:** The term "document" shall mean all of those documents on which you depend in support of your legal claims as well as all of those documents to which you refer to ascertain or support any facts on which you depend in support of or in contradiction to your legal claims. "Document" is further used herein in its broadest sense to mean all

writings (whether printed, typed, recorded, filmed, reproduced by any process, or produced by hand) and recordings, including originals and all non-identical copies, e-mail and attachments, correspondence, memoranda, notes, minutes, statistics, letters, contracts, reports, facsimiles, studies, checks, statements, tags, labels, invoices, brochures, periodicals, agreements, communications (whether inter-office, intra-office, or otherwise), papers, mailgrams, summaries, records, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions and things similar to the foregoing; books, manuals, publications, and diaries; sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, desk calendars, appointment books, diaries, diary entries and notes, and any other information-containing paper, writing or physical thing.

Please note that the term "document" includes e-mails and attachments (or other electronic communications) and files, data, and information electronically recorded, filed, or stored on disks, CD-ROMs, tapes, thumb drives, external hard drives, and computers. A "document" shall further mean to state the title (if any), date, author, sender, recipient, identity of persons signing it, type of document (i.e., a letter, memorandum, notation, book, etc.) or some other means of identifying it, and its present location and custodian. In the case of a document that was, but is no longer, in your possession, custody, or control, state what disposition was made of it, why, when, and by whom.

**NOTE G:**    "Regarding," "relating to," or "pertaining to," when used with respect to a document, agreement, subject or fact, means embodying, containing, evidencing, reflecting, reciting, recording, supporting, refuting, or referring to.

**NOTE H:**     A "fact" shall mean to state the circumstances surrounding the fact, the person or persons involved in the fact or circumstance, the date and location of the fact, and an account of the fact itself.  As used herein, "fact" shall further mean, without limitation, every thing, occurrence, event, or state of affairs contended by GFBMIC to relate to the subject referenced by the discovery requests.

**NOTE I:**     As used herein, "person" shall mean an individual, firm, partnership, corporation, proprietorship, association, governmental agency, or any other organization or entity. When asked to identify a "person" who is an "individual" in an official position with a "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency" you should identify both the "individual" and that person's relationship with the "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency."

**NOTE J:**     As used herein, "rely," when used in reference to:

(a)     A "fact" shall mean all of those facts on which any party relies in support of their legal claims as well as all of those facts to which GFBMIC refers in these requests to ascertain or support those facts.

(b)     A "document" shall mean all of those documents on which you depend in support of your legal claims or defenses.

**NOTE K:**     As used herein, words importing the singular number may extend and be applied to several persons or things, and vice versa. Words importing the masculine gender may be applied to females or organizations.

**NOTE L:**     You may limit your responses to those specific alleged acts, omissions, occurrences, circumstances, practices or procedures on which you rely in this

action and with respect to which you will or may introduce evidence at trial or any hearing of this action.

**NOTE M:** If any information regarding a document is not completely known or available to you, please answer to the extent possible predicated upon the information currently available, and describe, in full detail the effort to obtain the information, giving any reasons for you inability to answer fully.

**NOTE N:** Whenever your answers refer to other sources of information, please identity with sufficient detail to enable GFBMIC to subpoena any persons who are the source of such information and to obtain by a subpoena duces tecum any document which serves as a source of information.

**NOTE O:** Capitalized terms not otherwise defined in the requests shall have the meaning given to them in Plaintiff's Complaint.

**NOTE P:** If you assert any privilege regarding any document or information, with respect to such document: (1) identify it; (2) state the basis for the claim of privilege; (3) describe fully the circumstance of the document's origin; (4) describe fully the circumstances of the document's disposition, including identifying all persons whom you believe have or may have seen it or become acquainted with its contents; and (5) prepare a privilege log which appropriately preserves the physical and electronic documents requested and adequately guards against its spoliation.

## REQUESTS FOR PRODUCTION

1.

Please produce your driver's license along with any and all incident reports concerning the subject incident, including any that were prepared by you or on your behalf.

2.

Please produce any motor vehicle accident reports written by the Georgia State Patrol, or any other law enforcement agency, in regards to the motor vehicle collision that is the subject of this lawsuit, as well as any and all other motor vehicle accident reports that were written by any other law enforcement or government agency in regards to the motor vehicle collision that is the subject of this lawsuit.

3.

Please produce any and all written or recorded statements made by any witness, party, or other person having relevant information or knowledge of any fact or circumstance in this action which are not protected by the attorney-client privilege or work product doctrine.

4.

Please produce any and all written or recorded statements made by you, regarding the incident complained of in this action including, but not limited to, any statements to the investigating officer, your employer, or your supervisor.

5.

Please produce any and all photographs, sketches, videotapes, audiotapes, electronic files, or recordings of any witness, party, or other person, vehicle, roadway,

scene or any other object or thing relative to the allegations set forth in Plaintiff's Complaint including but not limited to any surveillance video footage of you or the subject incident.

6.

Please produce any and all traffic citations or tickets, if any, you received as a result of this collision.

7.

Please produce any and all dispositions of traffic citations you received as a result of this collision.

8.

Please produce any and all documents or other materials, including, but not limited to, recordings, photographs, and electronic files, upon which you rely to support the allegations set forth in paragraphs 11 – 44 of your Complaint.

9.

Please produce any and all documents or other materials to which you referred in responding to *Georgia Farm Bureau Mutual Insurance Company's First Interrogatories to Plaintiff.*

10.

If you responded to yes to Interrogatory No. 15 (f) or 33, please produce any and all documentation relating to said lien or liens.

11.

Please produce any and all documents, statements, correspondence or other materials, whether in the form of a document, electronic file, or other recording, in your

possession or control, not protected by the attorney-client privilege or work product doctrine, which mention or discuss GFBMIC.

12.

Please produce all demand letters, claims, notice letters, and other writings reflecting requests made by Plaintiff upon any person, insurance company, corporation, organization, or governmental entity for claims, payments, or benefits, of any kind or character sought in connection with or as a result of the subject incident, and Plaintiff's alleged injuries and damages.

13.

Please produce any and all documents referring or relating to any settlements of claims in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the subject incident or any damages resulting therefore, including but not limited to decrees authorizing settlements, agreements, contracts, releases, covenants not to sue, correspondence, copies of the checks, any other similar documents, and documentation related to a workers' compensation claim.

14.

Please produce any insurance policies, agreements, declaration pages, or representations or denials of coverage which relate to or potentially provide coverage for the allegations in Plaintiff's Complaint.

15.

Please produce any and all reports, notes, documentation, factual observations, opinions, conclusions, photographs, field notes, models, exhibits, calculations,

correspondence drafted, issued, prepared, or otherwise submitted by any expert retained by you in anticipation of litigation or to provide testimony at any trial of this case.  Please also produce a copy of any such expert's curriculum vitae.

16.

Please produce any and all reports, notes, documentation, calculations, treatises or authoritative literature, or other such documents reviewed by or relied upon by any expert who has been retained or otherwise employed by you in anticipation of litigation or in this action, which were used in preparing any report.

17.

Please produce any and all medical reports and/or statements, including, but not limited to, doctors' reports and/or statements, hospital reports and/or statements, and any other reports and/or statements which were made or otherwise compiled by any hospital, medical college, medical institution, clinic, physician, surgeon, chiropractor, or any other practitioner of a healing art concerning or in any way related to the examination, treatment, evaluation, diagnosis and/or prognosis of you, relative to the conduct and injuries alleged in your Complaint.

18.

Please produce any and all medical bills, including, but not limited to, hospital bills, doctor's bills, ambulance bills, pharmacy bills, and any other bills, fees, charges, or other evidence of medical expenses which you have incurred as a result of the conduct or injuries alleged in your Complaint.

19.

Please produce any and all documents of any kind related to any prescription or

physician's order for medication prescribed to you.

20.

A signed authorization, attached hereto, to release any medical records, including hospital records, concerning treatment given to you. This release will apply only to hospitals or medical doctors, facilities, or clinics from whom you received treatment, but does not include psychiatric or psychological facilities or treatment.

21.

Please produce your federal and state income tax returns, whether filed jointly or separately, for the last five (5) years.

22.

Please produce all diaries, memoranda, notes or other documents that were kept by you concerning your physical and/or mental condition from the date of the incident to the time of trial.

23.

Please produce all documents concerning any accident or incident in which you were involved and sustained personal injuries other than those alleged to have arisen from the incident referenced in Plaintiff's Complaint.

24.

Please produce a copy of any deposition or sworn statement ever given by you in connection with any claim for personal injuries asserted by you.

25.

Please produce any and all cell phone records for the Plaintiff for the day of the subject accident and the day after to include the twenty-four (24) hours prior to the subject

accident and the twenty-four (24) hours after the subject accident. This shall include, but not be limited to any records evidencing incoming and outgoing calls, incoming or outgoing messaging, or data/internet usage.

26.

Please produce any and all photographs and videos of yourself which you have posted or been "tagged" in on any photograph/video sharing website, cloud-based platform, or application which allows users to share, create, modify, or distribute photographs and videos during the period of time encompassing one year prior to the date of the incident complained of in Plaintiff's Complaint to the present.

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau*
*Mutual Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280 (telephone)
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served copies of *Georgia Farm Bureau Mutual Insurance Company's First Request for Production of Documents to Plaintiff* by mailing true and correct copies thereof to all parties, in envelopes properly addressed and adequate postage affixed, upon the following:

> Matthew C. Broun, Esq.
> Kalka Law Group, LLC
> 1447 Peachtree St. NE, Suite 550
> Atlanta, GA 30309
> *Attorney for Plaintiff*
>
> Norman Paiz
> 3201 E. MaCarthur, Lot 88
> Wichita, Kansas 67216
> *Defendant (at last known address)*
>
> 1776 Transportation LLC
> c/o Caleb Price
> 846 5th Street
> Manchester, Oklahoma 73758
> *Defendant (at last known address)*
>
> Wichita Kenworth, Inc.
> c/o Mil Unruh
> 300 W. Douglas Suite 330
> Wichita, Kansas 67202
> *Defendant (at last known address)*

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau*
*Mutual Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280 (telephone)
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**SUKUMAR SARKAR,**

      **Plaintiff,**

v.

**NORMAN PAIZ, Wichita Kenworth
Inc. and WICHITA KENWORTH INC.,**

      **Defendants.**

**Civil Action No.: 23-C-01532-S4**

---

### GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY'S
### FIRST REQUEST FOR PRODUCTION OF
### DOCUMENTS TO DEFENDANT WICHITA KENWORTH INC.

---

TO:    Wichita Kenworth, Inc.
        c/o Mil Unruh
        300 W. Douglas Suite 330
        Wichita, Kansas 67202
        *Defendant (at last known address)*

**COMES NOW**, Georgia Farm Bureau Mutual Insurance Company (hereinafter "GFBMIC"), the underinsured/uninsured motorist insurance carrier for Plaintiff(s), by and through counsel, and pursuant to Rule 34 of the Georgia Civil Practice Act, O.C.G.A. § 9-11-34, hereby requests the Defendant Wichita Kenworth Inc. to whom these Requests are directed to produce and permit GFBMIC, or someone acting on GFBMIC's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained or translated, if necessary, by Defendant Wichita Kenworth Inc. through detection devices into reasonably usable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26(b) of the Georgia Civil Practice Act, O.C.G.A. §9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

The production of documents and things herein below designated shall be made at 10 o'clock a.m. on the 30th day following service of these requests in the law offices of James-Bates-Brannan-Groover-LLP, P.O. Box 4283, Macon, Georgia 31201.

As an alternative to producing the documents or other evidence of writing, herein below designated, at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Requests for Production and serve same upon the undersigned counsel within thirty (30) days from the date of service of these requests.

## INSTRUCTIONS AND DEFINITIONS

**NOTE A:**    When used in these Requests for Production, the term "GFBMIC" or any synonym thereof is intended to and shall embrace and include, in addition to the said GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY, all agents, representatives, attorneys, experts, investigators, and others who are in a position for or may have obtained information for or on behalf of GFBMIC.

**NOTE B:**    You are required to answer each Request for Production separately and fully in writing under oath, unless it is objected to, in which event the reason for the objection must be stated instead of the answer.

**NOTE C:**    These Requests for Production shall be deemed continuing in order to require supplemental answers so that your answers remain accurate and complete.  You are requested to:

    (a)    Seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he or she is expected to testify and the substance of his or her testimony; and

(b)    Amend any prior response if you subsequently learn that the original response was incorrect or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

**NOTE D:**    "You" or "your" means Defendant Wichita Kenworth Inc. to whom these Requests are directed, your agents, representatives, attorneys, experts, investigators, and any other persons who are in a position for or may have obtained information for or on Defendant's behalf.

**NOTE E:**    A "firm, partnership, corporation, proprietorship, association, or other organization or entity" shall mean to state its full name and present or last known address (designating which) and the legal form of the entity or organization.

**NOTE F:**    The term "document" shall mean all of those documents on which you depend in support of your legal claims as well as all of those documents to which you refer to ascertain or support any facts on which you depend in support of or in contradiction to your legal claims. "Document" is further used herein in its broadest sense to mean all writings (whether printed, typed, recorded, filmed, reproduced by any process, or produced by hand) and recordings, including originals and all non-identical copies, e-mail and attachments, correspondence, memoranda, notes, minutes, statistics, letters, contracts, reports, facsimiles, studies, checks, statements, tags, labels, invoices, brochures, periodicals, agreements, communications (whether inter-office, intra-office, or otherwise), papers, mailgrams, summaries, records, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions and things similar to the foregoing; books, manuals, publications, and diaries; sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, desk calendars, appointment books, diaries, diary entries and notes, and any other information-containing paper, writing or physical thing.

Please note that the term "document" includes e-mails and attachments (or other electronic communications) and files, data, and information electronically recorded, filed, or stored on disks, CD-ROMs, tapes, thumb drives, external hard drives, and computers. A "document" shall further mean to state the title (if any), date, author, sender, recipient, identity of persons signing it, type of document (i.e., a letter, memorandum, notation, book, etc.) or some other means of identifying it, and its present location and custodian. In the case of a document that was, but is no longer, in your possession, custody, or control, state what disposition was made of it, why, when, and by whom.

**NOTE G:**   "Regarding," "relating to," or "pertaining to," when used with respect to a document, agreement, subject or fact, means embodying, containing, evidencing, reflecting, reciting, recording, supporting, refuting, or referring to.

**NOTE H:**   A "fact" shall mean to state the circumstances surrounding the fact, the person or persons involved in the fact or circumstance, the date and location of the fact, and an account of the fact itself. As used herein, "fact" shall further mean, without limitation, every thing, occurrence, event, or state of affairs contended by GFBMIC to relate to the subject referenced by the discovery requests.

**NOTE I:**   As used herein, "person" shall mean an individual, firm, partnership, corporation, proprietorship, association, governmental agency, or any other organization or entity. When asked to identify a "person" who is an "individual" in an official position with a "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency" you should identify both the "individual" and that person's relationship with the "firm, partnership, corporation, proprietorship, association, or other organization or entity" or "governmental agency."

**NOTE J:**   As used herein, "rely," when used in reference to:

(a)   A "fact" shall mean all of those facts on which any party relies in support of their legal claims as well as all of those facts to which GFBMIC refers in these requests to ascertain or support those facts.

(b)    A "document" shall mean all of those documents on which you depend in support of your legal claims or defenses.

**NOTE K:**    As used herein, words importing the singular number may extend and be applied to several persons or things, and vice versa. Words importing the masculine gender may be applied to females or organizations.

**NOTE L:**    You may limit your responses to those specific alleged acts, omissions, occurrences, circumstances, practices or procedures on which you rely in this action and with respect to which you will or may introduce evidence at trial or any hearing of this action.

**NOTE M:**    If any information regarding a document is not completely known or available to you, please answer to the extent possible predicated upon the information currently available, and describe, in full detail the effort to obtain the information, giving any reasons for you inability to answer fully.

**NOTE N:**    Whenever your answers refer to other sources of information, please identity with sufficient detail to enable GFBMIC to subpoena any persons who are the source of such information and to obtain by a subpoena duces tecum any document which serves as a source of information.

**NOTE O:**    Capitalized terms not otherwise defined in the requests shall have the meaning given to them in Plaintiff's Complaint.

**NOTE P:**    If you assert any privilege regarding any document or information, with respect to such document: (1) identify it; (2) state the basis for the claim of privilege; (3) describe fully the circumstance of the document's origin; (4) describe fully the circumstances of the document's disposition, including identifying all persons whom you believe have or may have seen it or become acquainted with its contents; and (5) prepare a privilege log which appropriately preserves the physical and electronic documents requested and adequately guards against its spoliation.

**NOTE Q:**    As used herein, the term "social media" means any internet, cellular data, or cloud-based platform, application, or website that allows users to share, create, modify, or distribute pictures, videos, messages, or other information with other users, or in any way socially interact with other individuals, such as, but not limited to, Facebook, Instagram, Twitter, YouTube, or Snapchat.

## **REQUESTS FOR PRODUCTION**

1.

Any and all copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Norman Paiz.

2.

Any and all copies of any lease, contract, or other agreement regarding the vehicle driven by Defendant Norman Paiz on the day of the incident referred to in the complaint.

3.

Any and all copies of the bill of sale, title, and any other documents relating to the ownership of the vehicle driven by Defendant Norman Paiz on the date of the incident referred to in the complaint.

4.

Please produce any and all documents, messages, letters, memoranda, or other documents detailing any complaints you have received or prepared regarding Defendant Norman Paiz.

5.

All copies of any company policies, regulations, guidelines, rules, and/or driver manuals issued to employees by Defendant Wichita Kenworth Inc. or kept by Defendant Wichita Kenworth Inc.

6.

All copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to employees by Defendant Wichita Kenworth Inc. or kept by Defendant Wichita Kenworth Inc.

7.

All copies of any documents regarding any training received by Defendant Norman Paiz from Defendant Wichita Kenworth Inc.

8.

Please produce any and all incident reports concerning the subject incident, including but not limited to any that were prepared by you or on your behalf.

9.

Please produce any and all photographs, sketches, videotapes, audiotapes, electronic files, or recordings of any witness, party, or other person, vehicle, roadway, scene or any other object or thing relative to the allegations set forth in Plaintiff's Complaint including but not limited to any surveillance video footage of you or the subject incident.

10.

Please produce any and all traffic citations or tickets, if any, Defendant Norman Paiz received as a result of this collision.

11.

Please produce any and all dispositions of traffic citations Defendant Norman Paiz received as a result of this collision.

12.

Please produce any and all company cell phone records for the Defendant Norman Paiz for the day of the subject accident and the day after to include the twenty-four (24) hours prior to the subject accident

and the twenty-four (24) hours after the subject accident. This shall include, but not be limited to any records evidencing incoming and outgoing calls, incoming or outgoing messaging, or data/internet usage.

13.

Please produce all estimates of repair costs, drafts reflecting payments and/or documents relating to property damage incurred by any vehicle involved in the incident referenced in the Complaint.

14.

Copies of all post-collision alcohol and controlled substance test results and any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing on Defendant Norman Paiz.

15.

Any and all claims filed related to the subject collision.

16.

Please produce any and all written or recorded statements made by any witness, party, or other person having relevant information or knowledge of any fact or circumstance in this action which are not protected by the attorney-client privilege or work product doctrine.

17.

Please produce any and all written or recorded statements made by Defendant Norman Paiz, regarding the incident complained of in this action including, but not limited to, any statements to the investigating officer, Defendant Wichita Kenworth Inc., and/or Defendant Norman Paiz's supervisor.

18.

Please produce any and all reports, notes, documentation, factual observations, opinions, conclusions, photographs, field notes, models, exhibits, calculations, correspondence drafted, issued,

prepared, or otherwise submitted by any expert retained by you in anticipation of litigation or to provide testimony at any trial of this case. Please also produce a copy of any such expert's curriculum vitae.

### 19.

Please produce any and all reports, notes, documentation, calculations, treatises or authoritative literature, or other such documents reviewed by or relied upon by any expert who has been retained or otherwise employed by you in anticipation of litigation or in this action, which were used in preparing any report.

### 20.

Please produce any and all documents or other materials to which you referred in responding to *Georgia Farm Bureau Mutual Insurance Company's First Interrogatories to Defendant Wichita Kenworth Inc.*

### 21.

Please produce any and all documents, statements, correspondence or other materials, whether in the form of a document, electronic file, or other recording, in your possession or control, not protected by the attorney-client privilege or work product doctrine, which mention or discuss GFBMIC.

### 22.

Copies of any and all documents produced in response to subpoenas or non-party request for production of documents.

### 23.

Please produce any insurance policies, agreements, declaration pages, or representations or denials of coverage which relate to or potentially provide coverage for the allegations in Plaintiff's Complaint.

24.

Please produce any and all documents referring or relating to any settlements of claims in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the subject incident or any damages resulting therefore, including but not limited to decrees authorizing settlements, agreements, contracts, releases, covenants not to sue, correspondence, copies of the checks, any other similar documents, and documentation related to a workers' compensation claim.

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served copies of *Georgia Farm Bureau Mutual Insurance Company's First Request for Production of Documents to Defendant Wichita Kenworth Inc.* by mailing true and correct copies thereof to all parties, in envelopes properly addressed and adequate postage affixed, upon the following:

Matthew C. Broun
Kalka Law Group, LLC
1447 Peachtree St. NE, Suite 550
Atlanta, GA 30309
*Attorney for Plaintiff*

Norman Paiz
3201 E. MaCarthur, Lot 88
Wichita, Kansas 67216
*Defendant (at last known address)*

Wichita Kenworth Inc.
c/o Caleb Price
846 5th Street
Manchester, Oklahoma 73758
*Defendant (at last known address)*

Wichita Kenworth, Inc.
c/o Mil Unruh
300 W. Douglas Suite 330
Wichita, Kansas 67202
*Defendant (at last known address)*

Respectfully submitted, this 29 day of March, 2023.

L. CARRINGTON WELDON
Georgia Bar No. 284821
*Attorney for Georgia Farm Bureau Mutual*
*Insurance Company*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA 31208
(478) 742-4280
(478) 742-8720 (facsimile)
cweldon@jamesbatesllp.com