IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| **Mountain Express Oil Company, MEX RE Holdings, LLC, and Time and Water, LLC,**<br><br>Plaintiffs,<br><br>vs.<br><br>**The Kase Group and Jeffrey Gates,**<br><br>Defendants. | Case No.: |

### Notice of Removal of Civil Action to the
### United States District Court for the Northern District of Georgia

**PLEASE TAKE NOTICE** that Defendant Jeffrey Gates ("Gates") hereby removes the civil action pending in the Superior Court of Fulton County, Georgia, styled *Mountain Express Oil Company, MEX RE Holdings, and Time and Water, LLC v. The Kase Group and Jeffrey Gates*, Case Number 2023CV376899 ("State Court Action"), to the United States District Court for the Northern District of Georgia. Gates will promptly file a Notice of this Removal with the Clerk of the Superior Court of Fulton County and serve the Notice on all Parties.

### Grounds for Removal Jurisdiction

1.      Pursuant to 28 U.S.C. § 1446, Gates invokes this Court's jurisdiction under 28 U.S.C. § 1441 (providing that a defendant may remove any civil action

civil action filed in state court of which the District Courts of the United States have original jurisdiction) and 28 U.S.C. § 1332 (granting District Courts original jurisdiction of all civil actions between persons of diverse citizenship).

2.     On March 1, 2023, Plaintiffs Mountain Express Oil Company ("Mountain Express"), MEX RE Holdings, LLC ("MEX RE"), and Time and Water, LLC ("Time and Water" and, together with Mountain Express and MEX RE, "Plaintiffs") filed a complaint against Gates and Defendant The Kase Group ("Kase" and, together with Gates, "Defendants") in the Superior Court of Fulton County. A copy of the complaint is attached hereto as **Exhibit 1**.

3.     At the time of filing this action, and as stated in the complaint, (a) Mountain Express is a Georgia corporation and is a citizen of Georgia, (b) MEX RE is a Wyoming limited liability company and is a citizen of Wyoming, (c) Time and Water is a Georgia limited liability company and is a citizen of Georgia. Neither Kase nor Gates is a citizen of Georgia or Wyoming. Kase is incorporated and headquartered in California and is a citizen of California. Gates is a citizen of California.

4.     The Complaint asserts claims for defamation and disgorgement of real estate commissions. Although the Complaint does not quantify the damages sought, based on the allegations, Plaintiffs are seeking damages in excess of $75,000.

4865-9514-7353.v1

5.     Because the parties have complete diversity of citizenship, and because the amount in controversy exceeds the $75,000 statutory minimum for diversity jurisdiction, this court has original jurisdiction under 28 U.S.C. § 1332.

6.     On March 10, 2023, Gates was served with a summons and complaint in the State Court Action. Upon information and belief, Kase was served in the State Court Action on March 30, 2023, but the State Court's online docket does not yet reflect that proof of service has been filed. Removal pursuant to 28 U.S.C. § 1446(b) is timely because this notice of removal is filed within 30 days of service of process of the summons and complaint, "the initial pleading setting for the claim for relief upon which such action or proceeding is based," upon Gates. 28 U.S.C. § 1446(b)(1).

7.     Venue in this district is *initially* proper under 28 U.S.C. § 1441 because this District includes the Superior Court of Fulton County, Georgia, the forum in which the removed State Court Action is pending. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by…the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.     Notwithstanding that removal to this Court is *initially* proper under 28 U.S.C. § 1441(a), Gates reserves the right to petition this Court to transfer this

case to a district in which Defendants are subject to personal jurisdiction and which would be a more convenient forum for the resolution of this dispute, as provided by §§ 1404 and 1406(a). *See Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523, 525 (5th Cir. 1978) (Although the jurisdiction of a federal court after removal is, in a limited sense, derivative, removed actions become subject to federal rather than state rules of procedure. Because the federal rules permit transfer, we hold that removed cases meeting the federal standards of §§ 1406(a) and 1404(a) may also be transferred.") Because neither Defendant is a citizen of Georgia, and because the events giving rise to this civil action did not occur in Georgia, Gates asserts that he is not subject to personal jurisdiction in Georgia and that another district court would be a more suitable location for the resolution of this dispute.

9.     Gates will give Notice of the filing of this Notice of Removal to the Plaintiff and to the Clerk of the Superior Court of Fulton County, Georgia, Case No. 2023CV376899. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit 2**. This Notice of Removal is concurrently being served on the Plaintiffs and Kase, and Gates shall file with this Court a certificate of service of such Notice.

10.   Attached hereto as Exhibit 1 is a copy of the summons, complaint, and affidavit of service on Gates, which constitute all of the process and pleadings that have been served on Gates in this action.

11.   Gates seeks removal of this action without prejudice to any and all defenses available to him, such as objections to service of process, jurisdiction, and improper venue.

### Prayer for Removal

Wherefore, Defendant Jeffrey Gates respectfully prays that this matter, now pending in the Superior Court of Fulton County, Georgia, Case No. 2023CV376899, be removed to the United States District Court for the Northern District of Georgia, subject to a motion to dismiss for lack of personal jurisdiction and/or transfer based on *forum non conveniens*.

April 7, 2023.[1]

ARNALL GOLDEN GREGORY LLP

*/s/ C. Knox Withers*
C. Knox Withers
Georgia Bar No. 142482

Attorneys for Defendant Jeffrey Gates

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031

---

[1]   This document has been prepared in Book Antiqua font (13 point).

5

404-873-8129
knox.withers@agg.com

6

## Certificate of Service

I certify that, on this date, I served Plaintiff with a copy of the foregoing

**Notice of Removal of Civil Action to the United States District Court for the**

**Northern District of Georgia** by U.S. Mail, postage prepaid, which will cause a

copy to be delivered to Plaintiff's attorney of record addressed to:

| | |
|---|---|
| James T. Johnston, Jr. | Farsheed Fozouni |
| JAMES T. JOHNSTON, JR., LLC | LYNN PINKER HURST & SCHWEGMANN LLP |
| 900 Circle 75 Parkway | 2100 Ross Avenue |
| Suite 1735 | Suite 2700 |
| Atlanta, Georgia 30339 | Dallas, Texas 75201 |

April 7, 2023.

ARNALL GOLDEN GREGORY LLP


/s/ C. Knox Withers
C. Knox Withers
Georgia Bar No. 142482

Attorneys for Defendant Jeffrey
Gates

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
404-873-8129
knox.withers@agg.com

4865-9514-7353.v1