

October 11, 2022

**Via Electronic Mail and Federal Express**

Mr. Patrick A. Hart
Hart & Associates, LLC
4001 Carmichael Road, Suite 310
Montgomery, AL  36106

      Re:    **Supplemental Notice of Default and Termination of Spherion Franchise Agreement**

Dear Patrick:

You are hereby notified of certain additional defaults under your November 23, 2015 Franchise Agreement with Spherion Staffing LLC ("Spherion"), as assigned and amended (the "Franchise Agreement"). This Notice serves to supplement any previous notice(s) sent to you, including the July 14, 2022 Notice of Default and Termination, and does not supersede any previous notice(s), nor does it constitute a waiver of any rights of Spherion, or any of its subsidiaries, pursuant to that notice(s).

In signing the Franchise Agreement, you agreed to comply with all terms therein, and that the failure to fulfill or perform any of said obligations would constitute a material breach of the Franchise Agreement (Franchise Agreement §§ 7(b) and 23). Furthermore, you agreed to furnish the services to be provided by you under the Franchise Agreement in conformity with Spherion's procedures and system (Franchise Agreement § 7(i)).

Among the terms of the Franchise Agreement and the conditions for your provision of services thereunder, is the obligation to provide Spherion detailed information relating to the placement of full-time applicants and complete and accurate weekly payroll and billing information for Temporary Employees furnished to Customers[1] (Franchise Agreement § 7(u)). Furthermore, you agreed that Customer accounts are owned by Spherion and any payments made by Customers were to be promptly remitted to Spherion (Franchise Agreement § 7(v)). You also agreed that you would use your best efforts to develop, maintain, and promote your Franchised Business and the public image of the Spherion system and the associated marks (Franchise Agreement § 7(a)).

Under the Franchise Agreement, Spherion has the right to inspect and audit your books and records, as well as all supporting data related to the Franchised Business (Franchise Agreement § 7(m)). Upon inspecting your books and records and supporting data related to your Franchised Business, Spherion has discovered that you have repeatedly breached the above-referenced obligations under the Franchise Agreement.

---

[1] Any capitalized terms not defined herein retain the definition of the term set forth in the Franchise Agreement.

Specifically, Spherion's audit revealed that you (i) redirected to yourself certain payments from REDACTED that were due to Spherion. Copies of the cashed checks reveal that you fraudulently directed REDACTED to change the name of the payee from Spherion to one of your legal entities and then send the payments to you rather than Spherion, whereupon you deposited the funds into your account. This conduct resulted in the misappropriation of $21,029.97 in payments to Spherion, and violates applicable civil and potentially criminal conversion and fraud laws; (ii) disregarded applicable contractual conversion fees based on employee tenure to bill REDACTED at inflated fee percentages, resulting in $92,233.47 in excessive billing to REDACTED; and (iii) improperly billed REDACTED $126,202.51 in direct hire fees for temporary employees that were never actually hired by them. Accordingly, Spherion is in the process reversing these charges to the client.

You agreed that Spherion has the right to immediately terminate your Franchise Agreement if you (i) convert or embezzle funds of Spherion or others; (ii) make a willful misrepresentation, or fail to make a material disclosure, to Spherion or any other person or organization related to your Franchised Business; (iii) in the sole judgment of Spherion allow your reputation for honesty, integrity, fair dealing, or good moral character to become impaired through publicity or notoriety; or (iv) fail to cure any other default under the Franchise Agreement (Franchise Agreement §§ 17(b)(1)(ii), 17(b)(4)).

**Although your Franchise Agreement has been properly terminated for the reasons set forth in our July 14, 2022 Notice of Default and Termination, your conduct discussed above, as revealed by Spherion's audit, has resulted in additional incurable defaults under the Franchise Agreement, and also constitutes good cause for the termination of the Franchise Agreement under the foregoing provisions, without further notice.**

Spherion demands that you immediately take such actions as are necessary to comply with your post-termination obligations as set forth in Sections 5, 17, and 18 of the Franchise Agreement, including but not limited to, ceasing to use the Marks and otherwise deidentifying your business; ceasing to use and returning Spherion's confidential and proprietary information, including but not limited to the Manuals and Customer and Temporary Employee lists; not holding yourself out as being presently or formerly connected with Spherion; complying with the covenant against competition; and paying all sums owing to Spherion. Spherion further demands that you comply with your obligation to fully cooperate with the company in connection with the orderly transition of your formerly franchised business. This includes, among other things, facilitating the assignment to Spherion of the telephone numbers used in the operation of your formerly franchised business.

Any amounts owed by Spherion to you through the date of the termination of your Franchise Agreement shall be paid in due course, less any amounts due to Spherion from you. Spherion has the right to deduct from any aggregate gross commission payable to you any Temporary Employee wages or other monies paid by Spherion which are subsequently determined to have been based on forged, fraudulent, erroneous or improper time slips or other authorizations, as well as any other sums properly due to Spherion or its affiliates from you (Franchise Agreement

§§ 12 (e)(5), (9); 7(o)). The Chart below illustrates how we calculated the total amount you owe to Spherion, which as of the date of this letter, amounts to $124,781.52[2]:

| | |
|---|---|
| Hart Commission Escrow | $106,258.92 |
| Misappropriated Funds due Spherion misdirected to Hart & Associates | ($21,029.97) |
| Hart Commission realized at 88% of the Permanent Placement Fees billed in excess of the applicable contractual Conversion Fees for REDACTED | ($67,149.52) |
| Hart Commission realized at 88% of the Permanent Placement Fees billed for Temporary Employees that were never hired by REDACTED | ($111,924.95) |
| Legal Fees | ($25,421.00) |
| Audit Costs | ($5,515.00) |
| **Balance Owed Spherion** | **$124,781.52[2]** |

Please make immediate arrangement to forward this amount to us within fourteen (14) days of this letter. Should you fail to pay this amount, or work out an alternative arrangement acceptable to us within this timeframe, Spherion intends to seek reimbursement and/or indemnification for the losses and expenses that it has incurred (and may incur), including but not limited to attorneys' fees and costs: arising from your breaches of the Franchise Agreement; related to other losses, damages, and contractual liabilities to third persons arising out of your operation of your Franchised Business; and to enforce any contractual post-termination obligations.

Spherion reserves all rights that it has under the Franchise Agreement. Nothing in this Notice is meant to, and Spherion does not, waive any provision or covenant in the Franchise Agreement which by its terms or by reasonable implication is to be performed, in whole or in part, after the termination thereof. Any such provision or covenant, including but not limited to the indemnification obligations set forth in Section 19 (or similar provisions), shall survive this termination.

Sincerely,

*Ross Goldstein*

Ross A. Goldstein
General Counsel

cc:   R. Rogers Tijerino
      K. George

---

[2] This amount may increase in the event that any of the receivables due to us become uncollectable.

One Overton Park • 3625 Cumberland Blvd., Suite 600 • Atlanta, GA 30339 • P: (770) 937-7120 • www.spherion.com