# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Sylvia Lartey, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| RealManage, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Sylvia Lartey, is a natural person who resides in Gwinnett County, Georgia.

2. Defendant, RealManage, LLC, is a foreign limited liability corporation registered to do business in Georgia. Defendant may be served with process via its

1

registered agent, CT Corporation System at 289 S. Culver St, Lawrenceville, GA, 30046.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Gwinnett County, Georgia.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt in the form of a delinquent homeowners association tied to Plaintiff's residence and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a management company that specializes in representing various homeowners associations (hereinafter referred to as HOA or HOAs).

9. A significant portion of the Defendant's revenue is derived from collecting consumer debt in the form of delinquent HOA dues, fees, and other costs.

10. Defendant touts its skill with respect to debt collection on its website, writing "RealManage puts years of experience and training into developing the most comprehensive collections process that helps your community reduce delinquencies and increase financial stability." See, realmanage.com/services/hoa-condo-collections-and-delinquency-management.

11. Defendant manages, and collects upon, hundreds of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff has fallen behind on dues and fees to her HOA.

14. On December 28, 2022, the Plaintiff filed a Petition of Bankruptcy under Chapter 13 of the United States Bankruptcy Code. This case was filed in the Northern District of Georgia and was given the case number designation 22-60513.

15. The filing of a Chapter 13 bankruptcy petition triggers the imposition of an "automatic stay" pursuant to 11 U.S.C. § 362(a). Once a case is filed, the stay precludes "all entities" from,

(i) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or,

(ii) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(iii) or any act to create, perfect, or enforce any lien against property of the estate; or

(iv) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title.

16. Included in the Plaintiff's bankruptcy schedules was her delinquent HOA fees and charges. Plaintiff anticipated a debt and claim of $4,000.00. Notice of Plaintiff's bankruptcy and the inclusion of her HOA as a creditor was given to the law firm Lazega & Johanson LLC (hereinafter referred to as L&J).

17. In all times relevant hereto, L&J was the legal representative and agent of the Defendant.

18. On January 30, 2023, L&J filed a Proof of Claim on behalf of Plaintiff's HOA. L&J described the claim as HOA assessments and represented under oath that the total owed, including attorney's fees and interest, was $4,547.00.

19. Per the Proof of Claim filed by L&J, all monies owed through December, 2022, were included in the claim.

20. Defendant was aware of both the Plaintiff's bankruptcy case and the filing of the Proof of Claim by its counsel.

21. Despite the filing of its Proof of Claim and its knowledge of the automatic stay, the Defendant caused to be sent to the Plaintiff a statement dated February 5, 2023. This statement sought payment of the annual assessment for the year 2023 in the amount of $280.00.

22. In addition, the statement demanded payment of all alleged past due balances, finance charges that allegedly accrued in the month of December, 2022, legal charges in connection with the collection delinquent assessments in the amount of $50.00, and finance charges for the month of January of 2023 in the amount of $43.07. In all, the Defendant demanded payment of a total of $8,987.81 and cautioned Plaintiff that "past due balances must be paid immediately".

23. The pertinent portion of the statement is reproduced here:

The Oaks at Coldwater Creek Homeowners Association, Inc.
PO Box 803555
Dallas, TX 75380-3555

**STATEMENT**

| | |
|---|---|
| Statement Date | 02/05/2023 |
| Account Number | R0789178L0629711 |
| Check Digit | 1 |
| Community ID | OAKCOLDW |
| Property Address | 1554 Log Cabin Ln, Lawrenceville, GA 30045 |

Sylvia Lartey
1554 LOG CABIN LN
LAWRENCEVILLE, GA 30045

Access your account at www.ciranet.com/residentportal or via CiraMobile, available in the Apple App Store for iOS and Google Play Store for Android. Create a customer service request via email at realservice@ciramail.com or contact us via phone toll-free at 866-473-2573 or 866-4-REALSERVICE.

| Date | Document No | Description | Charges | Payments | Balance |
|---|---|---|---|---|---|
| | | Balance Forward: Jan 01, 2023 | | | $8,574.47 |
| 01/01/2023 | RAS-2023A-4393812-61 | Annual Assessment for 2023 | $280.00 | | $8,854.47 |
| 01/01/2023 | FCC-2022M12-4462791 | Finance Charges for December 2022 | $40.27 | | $8,894.74 |
| 01/05/2023 | LEGL-4471737-1 | Legal Charges in Connection with the Collection of Delinquent Assessments-Inv #770041 | $50.00 | | $8,944.74 |
| 02/01/2023 | FCC-2023M1-4544682 | Finance Charges for January 2023 | $43.07 | | $8,987.81 |

**Delinquent Account - Post Referral Notice**

**THE COMMUNITY IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Your account is delinquent and is currently being handled by **Lazega & Johanson LLC** in order to pursue further collection action. There are likely additional fees or costs of collection due which are not reflected on this statement. If you have not already made arrangements to resolve this delinquency, you should contact **Lazega & Johanson LLC** at **(404) 350-1192** if you have any questions regarding your account. You do not have online payment access at this time.

Thank you for your cooperation in this matter.

---

THANK YOU FOR YOUR BUSINESS!



have already made your payment, please disregard this notice.

A convenience fee may be charged by the community's banking partner to process your electronic payment.

▼ Please tear off and return with your payment. ▼

Account No. R0789178L0629711

**Sylvia Lartey**
1554 LOG CABIN LN
LAWRENCEVILLE, GA 30045

Make check payable to:

**The Oaks at Coldwater Creek Homeowners Association, Inc.**
C/O RealManage
PO Box 30424
Tampa, FL 33630

Amount Due: **$8,987.81**

Past due balances must be paid immediately and will continue to incur finance charges at 12.00% per annum (accrued on last day of the month) until paid.

24. The assessments that came due prior to January 1, 2023, along with the finance charges for December, 2022, are both included in the Plaintiff's bankruptcy as are the legal charges described in the statement. Seeking payment of these charges is a violation of 11 U.S.C. § 362(a).

25. The Defendant's warning that Plaintiff's account is being handled by Lazega & Johanson "…in order to pursue further collection action" caused Plaintiff to believe that neither Defendant nor its counsel would heed her bankruptcy and allow her to pay her arrearages through her chapter 13 plan.

26. The statement itself demanding immediate payment was a communication by the Defendant with a consumer that it knows to be represented by counsel.

27. The covenants, conditions, and restrictions in place governing the both her HOA and the Plaintiff provides that interest accrues only as to the actual assessments and that the annual rate is 12%.

28. Defendant's statement of February 5, 2023, seeks a payment of improper charges in the form of finance charges that far exceed that which is permitted by the governing documents.

29. On or about March 5, 2023 Defendant sent a second statement to the Plaintiff, again demanding payment of sums included in her bankruptcy case.

30.     Like the statement of February 5th described above, the March statement advised Plaintiff that L&J had been retained to pursue collection actions against the Plaintiff and encouraged Plaintiff to contact that firm.

31.     The March 5th statement also indicated that on February 8th, 2023 the sum of $525.00 was added to the Plaintiff's outstanding debt as "legal charges". A reproduction of the relevant portion of the March 5th statement is set out below:

The Oaks at Coldwater Creek Homeowners Association, Inc.
PO Box 803555
Dallas, TX 75380-3555

## STATEMENT

| Statement Date | 03/05/2023 |
|---|---|
| Account Number | R0789178L0629711 |
| Check Digit | 1 |
| Community ID | OAKCOLDW |
| Property Address | 1554 Log Cabin Ln, Lawrenceville, GA 30045 |



Sylvia Lartey
1554 LOG CABIN LN
LAWRENCEVILLE, GA 30045

Access your account at **www.ciranet.com/residentportal** or via **CiraMobile**, available in the Apple App Store for iOS and Google Play Store for Android. Create a customer service request via email at realservice@ciramail.com or contact us via phone toll-free at 866-473-2573 or 866-4-REALSERVICE.

| Date | Document No | Description | Charges | Payments | Balance |
|---|---|---|---|---|---|
| | | **Balance Forward:** Jan 01, 2023 | | | $8,574.47 |
| 01/01/2023 | RAS-2023A-4393812-61 | Annual Assessment for 2023 | $280.00 | | $8,854.47 |
| 01/01/2023 | FCC-2022M12-4462791 | Finance Charges for December 2022 | $40.27 | | $8,894.74 |
| 01/05/2023 | LEGL-4471737-1 | Legal Charges in Connection with the Collection of Delinquent Assessments-Inv #770041 | $50.00 | | $8,944.74 |
| 02/01/2023 | FCC-2023M1-4544682 | Finance Charges for January 2023 | $43.07 | | $8,987.81 |
| 02/08/2023 | LEGL-4568700-1 | Legal Charges in Connection with the Collection of Delinquent Assessments-Inv #773064 | $525.00 | | $9,512.81 |
| 03/01/2023 | FCC-2023M2-4630199 | Finance Charges for February 2023 | $43.07 | | $9,555.88 |

**Delinquent Account - Post Referral Notice**

**THE COMMUNITY IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Your account is delinquent and is currently being handled by **Lazega & Johanson LLC** in order to pursue further collection action. There are likely additional fees or costs of collection due which are not reflected on this statement. If you have not already made arrangements to resolve this delinquency, you should contact **Lazega & Johanson LLC** at **(404) 350-1192** if you have any questions regarding your account. You do not have online payment access at this time.

Thank you for your cooperation in this matter.

---

**THANK YOU FOR YOUR BUSINESS!**
If you have already made your payment, please disregard this notice.

▼ Please tear off and return with your payment. ▼



A convenience fee may be charged by the community's banking partner to process your electronic payment.

**Account No.** R0789178L0629711

**Sylvia Lartey**
1554 LOG CABIN LN
LAWRENCEVILLE, GA 30045

Make check payable to:
**The Oaks at Coldwater Creek Homeowners Association, Inc.**
C/O RealManage
PO Box 30424
Tampa, FL 33630

**Amount Due: $9,555.88**

Past due balances must be paid immediately and will continue to incur finance charges at 12.00% per annum (accrued on last day of the month) until paid.

**INJURIES-IN-FACT AND DAMAGES**

32. The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

33. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

34. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

35. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a.) Being subjected to false, deceptive, and unfair debt collection practices;

   b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.) Disturbance of the Plaintiff's peace and her right to be free of communications from the Defendant where it has knowledge she is represented by counsel and in disregard of the automatic stay;

d.) The Plaintiff suffered a violation of her right to privacy.

e.) Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim; was refusing to heed her bankruptcy protections; and ignored the fact that she had representative counsel. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et. seq.**

*Violations of 15 U.SC. § 1692c and subparts*

36. Defendant's communication with the Plaintiff, who it knew to be represented by counsel, seeking to collect a debt included in bankruptcy was a violation of 15 U.S.C. § 1692c(a)(2).

*Violations of 15 U.SC. § 1692e and its subparts*

37. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

38. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

39. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

40. "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a

minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

41. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

42. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

43. Defendant's actions in seeking to collect a debt that is subject to the automatic stay provided by 11 U.S.C. 362(a) is a violation of 15 U.S.C. § 1692e(5).

44. Defendant's assessment of improper finance charges is a violation of 15 U.S.C. §§ 1692e and 1692e(10).

45. Defendant's demand of payment of a total balance nearly twice that filed by its agent in bankruptcy court under oath is false and misleading, and a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

46. Defendant's representation to the Plaintiff that she is subject to "further collection action" through its lawyers, L&J, is false and materially misleading in that it suggests to the Plaintiff and the objective reasonable reader that the Plaintiff will be subjected to collection activity outside of and with disregard of her pending bankruptcy case. This representation to the Plaintiff is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(5).

*Violations of 15 U.SC. § 1692f and its subparts*

47. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication of the Plaintiff.

48. It violated other provisions of the Act and bankruptcy law to facilitate collection.

49. Defendant's conduct violated 15 U.S.C. §§ 1692f.

50. Defendant's addition of finance charges beyond that provided for in the covenants was a violation of 15 U.S.C. § 1692f(1)

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

51. Plaintiff incorporates by reference paragraphs 1 through 50 as though fully stated herein.

52. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

53. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

54. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

55. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

56. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

57. Defendant's conduct has implications for the consuming public in general.

58. Defendant's conduct negatively impacts the consumer marketplace.

59. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

60. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

61. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

62. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

63. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

64. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. § 10-1-399(d); and

e) Such other and further relief as may be just and proper.

Respectfully submitted this 6th day of April, 2023.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*