# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NATALIE NICHOLS,<br><br>    Plaintiff,<br><br>v.<br><br>SALESLOFT, INC.,<br><br>    Defendant. | Civil Action No.:<br><br>_____<br><br>JURY DEMAND |

## COMPLAINT

Plaintiff Natalie Nichols ("Ms. Nichols") files this Complaint against Salesloft, Inc. ("Salesloft"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for unpaid overtime wages brought in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. Ms. Nichols alleges that Salesloft willfully violated the FLSA by failing to pay her for all hours worked over 40 per week.

## JURISDICTION AND VENUE

3. Under 28 U.S.C. § 1331 this Court has jurisdiction over Ms. Nichols's claims because the claims raise questions of federal law.

4. Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B), venue is proper in

this division because at least one defendant resides in this division or a substantial part of the events or omissions giving rise to the claims occurred in this division.

## PARTIES

5. Salesloft is a Georgia corporation with its principal office address located at 1180 W Peachtree St Nw Ste 600, Atlanta, GA, 30309.

6. Salesloft may be served through its registered agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805.

7. Ms. Nichols is an individual resident of Fulton County, Georgia.

## SALESLOFT IS COVERED BY THE FLSA & EMPLOYED PLAINTIFF

8. Salesloft is a software company in the business of selling customer relations management software to businesses.

9. Salesloft is an enterprise engaged in commerce or the production of goods for commerce.

10. Salesloft employs two or more individuals who engage in commerce, the production of goods for commerce, or handle, sell, or work with goods or materials that have moved in or were produced for commerce.

11. Salesloft employs two or more individuals who regularly communicate across state lines using the interstate mail, internet, and telephone while performing their job duties.

12.     Salesloft employs two or more individuals who regularly communicate across state lines using the internet while performing their job duties.

13.     Salesloft's employees handle and use materials that were manufactured outside the state of Georgia and traveled through interstate commerce, such as computers, computer software, paper supplies, printers, and copiers, while performing their job duties.

14.     For the three years preceding the filing of this Complaint, Salesloft's gross annual sales or business done was $500,000 or more.

15.     At all relevant times, Salesloft employed Ms. Nichols within the meaning of the FLSA.

16.     Salesloft hired Ms. Nichols on or about February 6, 2021.

17.     Salesloft determined the employment practices applicable to Ms. Nichols.

18.     Salesloft had the authority to change the employment practices applicable to Ms. Nichols.

19.     Salesloft determined how Ms. Nichols was paid.

20.     Salesloft set Ms. Nichols's schedule.

21.     Salesloft maintained Ms. Nichols's employment records, such as time and payroll records.

22. Salesloft terminated Ms. Nichols's employment on or about March 15, 2023.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIMS

23. Salesloft's executives and employees often work with or report to colleagues in offices across the United States.

24. During her tenure at Salesloft, Ms. Nichols held the job title of "Executive Assistant."

25. In this role, her primary job duty was to provide clerical support to Salesloft's chief technology officer, chief marketing officer, and chief product officer (collectively the "Salesloft Executives").

26. For example, Ms. Nichols organized and annotated calendars for the Salesloft Executives.

27. Ms. Nichols booked travel for Salesloft Executives.

28. Ms. Nichols completed expense reports for Salesloft Executives.

29. She also scheduled meetings for the Salesloft Executives, which she sometimes attended for the purposes of taking notes.

30. Ms. Nichols also attended meetings with other groups of Salesloft staff on a regular basis.

31. In performing these duties, Ms. Nichols followed policies and

procedures established by her superiors at Salesloft.

32. Ms. Nichols typically worked more than 40 hours per week.

33. Salesloft scheduled Ms. Nichols to work Monday through Friday from 9:00 am to 5:00 pm.

34. Because Ms. Nichols provided support to the Salesloft Executives who were working with other executives in other time zones and provided support for executives in other time zones, she was often required to work outside of her scheduled hours.

35. Salesloft knew that Ms. Nichols worked in excess of 40 hours per week due to time zone differences and the demands of the Salesloft Executives.

36. Additionally, Ms. Nichols sent emails before and after her scheduled shift showing that she was working in excess of her scheduled hours.

37. Salesloft, however, failed to maintain accurate records of the hours Ms. Nichols worked.

38. Salesloft's failure to keep complete and accurate records of Ms. Nichols's hours worked violated the FLSA's recordkeeping requirement.

39. For part of Ms. Nichols' employment, Salesloft paid Ms. Nichols a fixed weekly wage.

40. During the time Ms. Nichols was paid a fixed salary, Salesloft failed to

pay Ms. Nichols any wages for hours worked in excess of 40 per week.

41. Salesloft did not pay Ms. Nichols 1.5 times her regular hourly rate for all hours worked over 40 per workweek.

42. Salesloft knew or should have known that Ms. Nichols worked uncompensated overtime hours during the time she was paid a fixed salary.

43. On or about May 1, 2022, Salesloft reclassified Ms. Nichols, changing her status from "exempt" to "non-exempt" for purposes of overtime pay eligibility.

44. Following this reclassification, Ms. Nichols was paid an hourly rate.

45. Once Salesloft switched Ms. Nichols to an hourly compensation plan, she was discouraged from recording hours worked beyond her regular 40-hour per week schedule.

46. Consequently, Ms. Nichols was not paid for all hours worked, including those in excess of 40 per week after she was reclassified as non-exempt.

## COLLECTIVE ACTION ALLEGATIONS

47. During Ms. Nichols' employment, she and other Salesloft employees were misclassified as "exempt" from the FLSA's overtime requirement and paid a fixed salary ("Misclassified Employees").

48. During the time Ms. Nichols and other Misclassified Employees received a fixed salary, Salesfoft failed to paid them 1.5 times their regular hourly

rate for all hours worked over 40 per workweek.

49. On or about May 1, 2022, Salesloft reclassified the Misclassified Employees, including Ms. Nichols, changing their status from "exempt" to "non-exempt" for purposes of overtime pay eligibility.

50. Following this reclassification, the Misclassified Employees were paid an hourly rate.

51. Once the Misclassified Employees were switched to an hourly compensation plan, they were discouraged from recording hours worked beyond their regular 40-hour per week schedule.

52. Consequently, the Misclassified Employees, including Ms. Nichols, were not paid for all hours worked, including those in excess of 40 per week.

53. Despite knowing that the Misclassified Employees had been denied overtime wages to which they were entitled, Salesloft made no back wage payments.

54. Throughout the relevant time period, Salesloft failed to keep accurate records of the hours the Misclassified Employees worked in violation of the FLSA's recordkeeping requirement.

**COUNT 1: WILLFUL FAILURE TO PAY OVERTIME WAGES**

55. For the duration of her employment, Ms. Nichols and other similarly situated Misclassified Employees were entitled to 1.5 times her regular rate of pay

- 8 -

for all hours worked over 40 per week.

56. Ms. Nichols and other similarly situated Misclassified Employees regularly worked more than 40 hours per week.

57. While Salesloft failed to keep accurate records of the hours that Ms. Nichols and other similarly situated Misclassified Employees worked, Salesloft knew they regularly worked more than 40 hours per week.

58. Salesloft failed to pay Ms. Nichols and other similarly situated Misclassified Employees 1.5 times their regular rate of pay for all hours worked over 40 per week in violation of the FLSA.

59. Salesloft's failure to pay Ms. Nichols and other similarly situated Misclassified Employees 1.5 times their regular rate of pay for all hours worked over 40 per week was a willful violation of the FLSA.

60. Because Salesloft willfully violated Ms. Nichols's rights and the rights of other similarly situated Misclassified Employees under the FLSA, Ms. Nichols and other similarly situated Misclassified Employees are entitled to all unpaid overtime wages dating back three years prior to the filing of this action, an equal amount in liquidated damages, and attorney's fees and costs of litigation.

## DEMAND FOR JUDGMENT

Ms. Nichols respectfully requests that the Court enter judgment in her favor:

(1) That Salesloft violated Ms. Nichols's and other similarly situated Misclassified Employees' rights under the FLSA;

(2) That Salesloft's violations of Ms. Nichols's and other similarly situated Misclassified Employees' rights under the FLSA were willful;

(3) Award Ms. Nichols and other similarly situated Misclassified Employees all unpaid overtime wages for a period of three years;

(4) Award Ms. Nichols and other similarly situated Misclassified Employees liquidated damages in an amount equal to her unpaid wages;

(5) Award Ms. Nichols and other similarly situated Misclassified Employees their reasonable attorney's fees, costs, and expenses; and

(6) Award all other relief to which Ms. Nichols and other similarly situated Misclassified Employees may be entitled.

## DEMAND FOR TRIAL BY JURY

Ms. Nichols requests a trial by jury under Fed. R. Civ. P. 38.

- 10 -

Respectfully submitted, Friday, April 7, 2023.

|  | *s/John L. Mays* |
|---|---|
| **PARKS, CHESIN & WALBERT, P.C.** | John L. Mays |
| 75 14th Street NE, Suite 2600 | Georgia Bar No. 986574 |
| Atlanta, GA 30309 | A. Lee Parks, Jr. |
| (404) 873-8000 | Georgia Bar No. 563750 |
| jmays@pcwlawfirm.com |  |
| lparks@pcwlawfirm.com | *Counsel for Plaintiff* |