IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SCOTT BAKER,** | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. |
| **HONEYWELL INTERNATIONAL, INC.,** | * JURY TRIAL DEMANDED |
| Defendant. | * |

# COMPLAINT

COMES NOW, Plaintiff Scott Baker ("Plaintiff" or "Baker") by and through undersigned counsel and respectfully files this timely Complaint against Defendant HONEYWELL INTERNATIONAL, INC., ("Defendant" or "HONEYWELL").

## INTRODUCTION

This is a case of illegal discrimination in the workplace. Baker was a high-performing employee whom Honeywell allowed to be the subject of constant discrimination for being an older than others in his division. Baker was consistently denied feedback for the purpose of sabotaging his employment position with Defendant which lead to the termination of his employment for fabricated reasons. The real reason for Baker's termination was his age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C Sections 621 et seq (the

"ADEA").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Defendant resides and/or conducts business in the Northern District of Georgia, and the unlawful employment practices giving rise to Plaintiff's claims occurred in the judicial district.

3. Baker formerly resided in the Northern District of Georgia and was a citizen of Georgia.

4. Honeywell is a foreign, profit corporation with its principal office located at 855 South Mint Street, Charlotte, NC 28202. Honeywell transacts business in Georgia.

5. At all times relevant to Plaintiff's Complaint, Honeywell was Baker's employer, and Baker was a Honeywell's employee within the meaning of Title VII.

6. At all times material to the Complaint, Honeywell had more than 15 employees within the meaning of the ADEA.

## ADMINISTRATIVE PROCEEDINGS

7. Baker filed an EEOC Charge on or about August 25, 2021, alleging age discrimination and he made allegations before the EEOC which placed Honeywell on fair notice of the claims Baker brings in this lawsuit.

8. Baker filed his EEOC charge within 180 days of the last act of discrimination to which he was subjected, his termination.

9. Baker timely filed his EEOC charge.

10. The EEOC issued a Notice of Right to Sue in January 2023.

11. Baker filed his lawsuit less than 90 days after his Notice of Right to Sue issued.

12. Baker's ADEA claims are timely filed.

13. Baker has exhausted the administrative prerequisites to filing this lawsuit.

## FACTUAL ALLEGATIONS

### General Allegations

14. Based on information and belief, Plaintiff alleges that, at all times mentioned herein, Defendants were acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of such agency, employment, joint venture, and conspiracy.

15. Based on information and belief, Plaintiff alleges that, at all times mentioned herein, there may be unknown Defendants who were the agents, servants, and employees, co-venturers, and co-conspirators of Defendants and were, at all times herein mentioned, acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of such agency, employment, joint venture, and conspiracy.

16. As a direct and proximate result of Defendant's violation of existing law, as herein described, Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs.

**STATEMENT OF FACTS**

17. Honeywell fails to provide sufficient monitoring, training, and oversight and has failed to ensure that employees are treated in a nondiscriminatory manner.

18. Baker was fifty-five (55) years old at the time of the discrimination.

19. Baker began his employment at Honeywell as a Senior Director of Human Resources on or about July 16, 2020.  Baker relocated from Alabama to Atlanta to meet the required condition of employment with Honeywell

20. Baker's employment responsibilities as a Senior Director of Human Resources included providing HR support to approximately 700 global exempt employees and working on special employment-related projects.

21. Baker regularly enjoyed high-praise, compliments, and positive feedback from coworkers, associates and management.

22. During Baker's employment with Defendant, he was recognized multiple times for outstanding performance. There were three (3) occasions where Baker's achievements were publicly recognized by name on the "Employee All-Hands" calls by the Corporate Chief HR Officer and the President of the Honeywell Connected Enterprise (HCE) Division.

23. In December of 2020, Gill Chandrasena ("Chandrasena") became Baker's supervisor upon the retirement of Prehu.

24. Chandrasena was Vice-President of Human Resources.

25. All employees were required to work remotely due to Covid so there was no casual interaction with Chandrasena in the office environment to communicate performance feedback (all employees were in Atlanta).

26. From on or about December 1, 2020 to on or about February 1, 2021, Chandrasena cancelled fourteen (14) scheduled meetings with Baker.

27. During the same time period, Chandrasena regularly met with younger HR personnel and provided performance feedback, coaching, mentoring and support while refusing to meet with Baker.

28. When Chandrasena finally met with Baker via video on or about February 1, 2021, she advised him she believed his performance was below

standard. This was Baker's first one-on-one meeting with Chandrasena.

29. Baker requested a written Performance Improvement Plan (PIP) to demonstrate performance improvement and Chandrasena denied his request.

30. Chandrasena requested that Baker help train his younger replacement; demonstrating that Baker's job performance and knowledge was valuable.

31. From on or about February 1, 2021 to on or about March 1, 2021, Chandrasena cancelled an additional nine (9) meetings with Baker.

32. On March 1, 2021, Baker was terminated from his employment with Defendant.

33. Baker was treated unfairly and discriminated against by Defendant, its agents and employees.

34. Baker was treated differently than younger employees in similar positions of employment with Defendant.

35. Baker met all the goals assigned to him upon his hiring. Baker was the oldest employee on the Human Resources team and held the position of Senior HR Director. Baker initially reported to Vice President Prehu who had nothing but praise and positive feedback for his performance. Prehu met with Baker on a weekly basis.

36. Vice President Prehu was replaced by Chandrasena on or about December 2020. Although Chandrasena met frequently with other team members,

she refused to meet with Baker.

37. On information and belief, Chandrasena ignored the positive feedback from Prehu despite Prehu having previously supervised Baker. If Chandrasena would have communicated with Prehu regarding Baker's job performance, Chandrasena would have learned that Baker had many recognitions for his achievements and contributions to the success of Honeywell, including leading critical business initiatives for the CEO, head of corporate HR and the President of Honeywell Connected Enterprise (HCE). Based on these high visibility projects, Prehu provided extremely positive feedback in a draft written evaluation shared by Prehu for Baker's performance evaluation.

38. Despite all of the positive feedback from Prehu and the senior-management team within Honeywell, Chandrasena rated Plaintiff's performance in March of 2021 as a nine (9) on a one to nine point scale. Plaintiff was one of three out of three-thousand global employees to receive the lowest performance rating of a nine. This performance rating of a nine rather than five cost Plaintiff a performance bonus of $26,000.00. Not only did Plaintiff's job performance exceed a nine-rating based on his achievements and recommendations, it was widely accepted by senior leadership during high level "Talent Review" meetings that new employees at Honeywell received a five rating, whether they were low or high performers (Baker also attended these meetings).

39. Baker was shocked by the rating in his first face-to-face meeting with Chandrasena. He asked to be put a performance improvement plan (PIP) and Chandrasena rejected his request. Nor did Baker understand how he did not meet the performance objectives that had been previously set by Prehu. Chandrasena clearly ignored the performance objectives which Honeywell policy required to be followed as guide posts for evaluating employee performance.

40. Honeywell policy also requires that all of its managers have a written plan to meet with their direct reports at least once per week as part of a process known as "Modern Operating System (MOS)". Chandrasena ignored the MOS in the case of Baker even though it was the Honeywell HR Department that implemented and enforced the MOS.

41. Baker asked for a Performance Improvement Plan (PIP) which Chandrasena ignored and summarily terminated Baker.

42. Chandrasena hired an internal/external candidate who was younger than Plaintiff named Andy Mayer. Mayer was an external hire who did not have the required qualifications for the position as he had no background in the technology industry, as required on the written Job Posting. Chandrasena also violated stated Honeywell policy by not posting the position for internal/external candidates and by not considering diverse candidates. Chandrasena was able to avoid the internal and external posting requirements by categorizing the hire of Mayer through a

"confidential requisition" process.

43. Baker was terminated unlawfully based on his age.

## COUNT 1

### Intentional Discrimination In Violation of the ADEA

44. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

45. At all times material to Plaintiff's Complaint, Baker and Defendant were parties to an oral contract of employment under which, *inter alia*, Baker worked for Defendant and Defendant compensated Baker for his work.

46. Baker performed his job duties in a satisfactory matter at all times by, *inter alia*, working diligently for Defendant.

47. The ADEA's prohibition on age discrimination in addressing employment matters, including employee discipline applies to Baker's employment contract with Defendant. because Defendant discriminated against Baker by discharging him.

48. Defendant intentionally favored the interests of younger employees.

49. Defendant's intentional discriminatory actions caused Baker to suffer lost compensation and other benefits of employment, emotional distress, inconvenience, humiliation, and other indignities.

50. Baker is entitled to damages, lost benefits, front pay and/or reinstatement, compensatory damages, liquidated damages, attorneys' fees, and costs of litigation pursuant to the ADEA, and all other relief recoverable under the applicable laws.

51. Defendant acted unlawfully and intentionally toward Baker, authorizing an award of liquidated damages.

[page break – prayer for relief follows]

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that Defendant violated Plaintiff's rights under the federal statutes listed above;

(b) A permanent injunction against Defendant enjoining Defendant from further violations of the federal statutes listed above;

(c)  Full back pay from the date of Plaintiff's termination, including all raises to which Plaintiff would have been entitled but for his wrongful termination, and all fringe and pension benefits of employment, with prejudgment interest theron;

(d) Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's applicable injuries;

(e) Liquidated Damages in an amount to be determined by the enlightened conscious of the jury and as allowable under the ADEA;

(f) Reasonable attorneys' fees and costs; and

(g) Other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 8th day of April, 2023.


                                                           <u>/s/ John F. Meyers</u>
                                                           JMeyers Group LLC
                                                           Georgia Bar No. 503692

JMeyers Group LLC
1755 The Exchange SE, # 339
Atlanta, Georgia 30339
Phone: (404) 597-1275