**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

----------------------------------------------------------------X
CERTAIN UNDERWRITERS SUBSCRIBING
TO POLICY NO. FAL-1000524

        Plaintiff,        CASE NO._____

vs.

SAVINO DEL BENE GMBH and TURKISH
AIRLINES INC.

        Defendants.

----------------------------------------------------------------X

## **COMPLAINT**

COMES NOW the Plaintiff Certain Underwriters Subscribing to Policy No. FAL-1000524 (hereinafter "Plaintiff Underwriters" or "Plaintiff"), by and through its undersigned counsel and for its Complaint sues the Defendants, Savino Del Bene and Turkish Airlines, Inc., and as grounds therefor alleges the following:

## **JURISDICTION**

1.    This action arises from loss or damage to a shipment of pharmaceutical products (the "Cargo") transported from Germany to the United States in August 2022.

1

2.     This Honorable Court has jurisdiction pursuant to 28 USC § 1331, in that this claim arises out of the Convention for the Unification of Certain Rules for the International Carriage by Air, dated May 28, 1999.  Alternatively, this Honorable Court has subject matter jurisdiction pursuant to 28 USC § 1332 in that Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) insofar as Defendants operate in this District and are subject to the personal jurisdiction of this Honorable Court.

## PARTIES

4.     At all times relevant hereto, Plaintiff Underwriters were and are a group of insurers incorporated, organized, and having principal places of business in the United Kingdom and Arizona, and who insured Edenbridge Pharmaceuticals, LLC (hereinafter "Edenbridge"), the owner of the Cargo which is the subject matter of this action.  Pursuant to a policy of insurance, Plaintiff Underwriters paid its insured, Edenbridge, for loss of and/or damage to the subject shipment and has become subrogated to the rights of its insured, whatever those rights may be.

5.     At all times relevant hereto, Defendant Savino Del Bene GmbH. (hereinafter "Savino") was and now is a corporation organized and existing by virtue

2

of foreign law with a principal place of business at Langer Kornweg 34/A Europort Kelsterbach 65451 Germany and was and now is engaged in business as a common air carrier of goods for hire and issuing air waybills for the international carriage of goods aboard aircraft.

6.      At all times relevant hereto, Turkish Airlines, Inc. (hereinafter "Turkish Air") was and now is a corporation organized and existing by virtue of foreign law, with an office and principal place of business at Turkish Airlines General Management Building, Ataturk Airport, Yesilkoy 34149 Istanbul Turkey was and now is engaged in business as a common air carrier of goods for hire and issuing air waybills for the international carriage of goods aboard aircraft.

## THE CLAIM

7.      At any material times relevant hereto, the carriage instructions to which Defendants agreed, stated the language "***Keep between +15°C and +25°C during transportation and storage.***"

8.      On or about August 1, 2022, the Cargo was tendered to Defendants in good order and condition, within the temperature range of +15°C and +25°C and suitable in every respect for the intended transportation, which Defendants received, accepted, and agreed to transport by air carriage for certain consideration from Frankfurt Am Main, Germany to the United States using specialized care and

services designed to lessen the risk of harm to the Cargo, as more fully described in the applicable air waybills.

9.    Despite the agreement to maintain a carriage temperature between +15°C and +25°C and not to freeze for the duration of the transit and handling of the Cargo, the Cargo experienced several deviations in temperature and became unacceptably warm during transit while in the care, custody, and control of Defendants prior to arrival and delivery. Therefore, Defendants failed to deliver the Cargo at destination in the same good order and condition as it was received.

10.    As a result, the Cargo was physically damaged and impaired in value by the temperature deviations sustained during air carriage.

11.    By reason of the premises, Defendants breached their statutory, common-law, and contractual duties and obligations as carriers and/or bailees of the Cargo, including but not limited to breaching the contracts of carriage and their warranties with respect to their controlled-temperature services; and were otherwise at fault.

12.    Plaintiff Underwriters and their subrogor have duly performed all duties, obligations, and conditions precedent to be performed on their part.

13.    Plaintiff Underwriters bring this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become

interested in the Cargo, as their respective interests may ultimately appear, and Plaintiff Underwriters are entitled to maintain this action.

14.     Plaintiff Underwriters have sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $111,816.87.

**WHEREFORE**, the Plaintiff prays:

(i)     that process in due form of law according to the practice of this Court may issue against Defendants, citing them to appear and answer the foregoing;

(ii)    that a judgment may be entered in the favor of Plaintiff against Defendants, jointly and severally, in the amount of $111,816.87, together with costs, interest, and reasonable attorney's fees; and

(iii)   for such other and further relief as this Court may deem just and proper under the circumstances.

RESPECTFULLY SUBMITTED, this 10th day of April, 2023.

| | BOUHAN FALLIGANT LLP |
|---|---|
| One West Park Avenue (31401)<br>Post Office Box 2139<br>Savannah, Georgia  31402-2139<br>(912) 232-7000 - telephone<br>(912) 233-0811 - fax<br>tmbaiad@bouhan.com<br>ldbradley@bouhan.com | /s/ Todd M. Baiad<br>TODD M. BAIAD<br>Georgia State Bar No. 031605<br>LUCAS D. BRADLEY<br>Georgia State Bar No. 672136<br>DONAVAN JULEUS<br>Georgia State Bar No. 231837<br>*Attorneys for Plaintiff Certain Underwriters Subscribing to Policy No. FAL-1000524* |

cc:    Joseph B. Staph
        HILL RIVKINS LLP
        45 Broadway – Ste. 2110
        New York, NY 10006
        (212) 669-0600
        Jstaph@hillrivkins.com
        *Pro hac vice forthcoming*