# EXHIBIT A

ID# E-BD2NEADA-NRU
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-397**

JAN 30, 2023 02:09 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHE'ANNA THATCHER,<br><br>　　Plaintiff<br><br>vs.<br><br>PUBLIX SUPER MARKETS, INC., ABC CORP. #1-3, and JOHN DOES #1-3,<br><br>　　Defendants. | CASE ACTION<br><br>FILE NO.:<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

Plaintiff She'Anna Thatcher ("Plaintiff") sues Defendants and alleges:

### Parties, Jurisdiction, & Venue

1. Plaintiff is a Georgia resident.

2. Defendant **Publix Super Markets, Inc.** ("**Defendant Publix**") is a Foreign Profit Corporation, who can be served through their registered agent Corporate Creations Network Inc. at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

3. Venue is proper for all defendants.

4. Defendants, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendants business establishment and may have contributed to the negligence that injured Plaintiff. If and when entity Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.



5. Defendants JOHN DOES #1-3 are unidentified individuals who are potential, third-party, joint tortfeasors. Defendants JOHN DOES #1-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendants business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants JOHN DOES #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

**Facts**

6. At all material times, Defendants owned, managed, operated or otherwise provided services for a Publix grocery store located at 4480 S. Cobb Dr. SE, Smyrna, GA 30080 (the "Premises").

7. On or about May 11, 2022, the Plaintiff was an invitee on the Premises where she slipped and fell on water on the floor, causing the Plaintiff to suffer bodily injury (the "Incident").

8. The water on the floor constituted an unreasonable hazard of which Defendants should have protected Plaintiff against.

9. Defendants negligently caused Plaintiff's injuries.

10. At all relevant times, Plaintiff exercised reasonable care for her own safety.

11. As the direct and proximate result of Defendants' negligence, Plaintiff fell and suffered severe head and bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

12. As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

## Count I: Active Negligence

13. Plaintiff repeats and realleges paragraphs 1 through 12 above, verbatim.

14. At all material times, Defendants controlled the mode, manner, and means by which they operated the Premises. Under Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

15. Defendants' chosen mode and manner of operation of the premises required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

16. Defendants owed its customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating the premises.

17. Defendants have a duty to develop, implement, maintain, comply with and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect invitees from the foreseeable risks of harm, including fall risks arising from the operation of the premises/property.

18. Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.

19. While operating the premises, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

    (i) Defendants failed to maintain a safety protocol to the Plaintiff from the foreseeable risk of injuries caused by hazardous condition;

(ii) Defendants' safety program was inadequate to the Plaintiff protect customers from the foreseeable risk of injuries caused by hazardous condition;

(iii) Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

(iv) Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

(v) Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

(vi) Defendants failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

20. Defendants' negligent operation of the premises directly and proximately caused Plaintiff's injuries.

21. Defendants' vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendants' business. Defendant Publix's employees, contractors, agents and representatives include, but are not limited to, Defendants JOHN DOE #1-3.

**Count II: Premises Liability**

22. Plaintiff repeats and realleges paragraphs 1 through 21 above, verbatim.

23. At all material times, Defendants owned, occupied and was otherwise in possession and control of the Premises.

24. At all material times, Defendants owed a duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

25. Defendants' duty of care included:

    a. Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a fall hazard or risk;

    b. Detecting, removing or otherwise remedying hazardous conditions on the Premises floor that posed a fall hazard or risk; and

    c. Adequately warning invitees about specific hazards on the Premises, including fall hazards in the parking lot, to enable invitees to avoid harm.

26. At all material times, Plaintiff was Defendants' invitee.

27. On the date of the incident, Plaintiff slipped and fell from water on the floor being left on the Premises that was not readily apparent to a reasonably prudent person.

28. The hazardous condition on the Premises that caused Plaintiff to fall existed for sufficient time that Defendants knew, or should've known, about the water on the floor and failed to clean, remove or otherwise remedy the hazardous condition or defect; and/or failed to give adequate warning to invitees of the dangerous condition the hazard created.

29. Defendants knew of the defect on the on the grounds of the Premises and had a duty to remove the water on the floor, remove the defect, or to warn invitees of the water on the floor, because it posed a foreseeable and an unreasonable risk of harm to invitees' safety.

30. Defendants breached their duty to Plaintiff when they negligently failed to adequately remove the water on the floor, and/or to warn invitees of the defect and the foreseeable and unreasonable risk of harm to Plaintiff's safety.

31. As a direct and proximate result of Defendants' negligent failure to remove, remedy or

warn Plaintiff about a known hazard, Plaintiff slipped and fell from water on the floor being left on the ground and was severely injured.

32. As a direct and proximate result of Defendants' negligent failure to keep the Premises safe or warn invitees about the hazardous condition created by the water on the floor on the Premises, Plaintiff slipped and fell from the hazardous condition and was injured.

**WHEREFORE**, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a. That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b. That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

c. That Plaintiff be granted a trial by jury of twelve persons for all issues so triable;

d. That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e. That Plaintiff recover general and special damages in amounts to be proved at trial; and

f. That the Honorable Court order such other and further relief as the Court deems just and proper.

Ther 30th day of January, 2023.

*Signature on following page*

Respectfully Submitted,

**MORGAN & MORGAN ATLANTA PLLC**

*/s/Michael Johnson*
Michael Johnson, Esq.
Georgia Bar No: 679391
*Attorney for Plaintiff*

P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404)757-8572
Email: majohnson@forthepeople.com