# EXHIBIT E

ID# E-RUNU3LD5-DAQ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-397**

FEB 22, 2023 11:43 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

SHE'ANNA THATCHER,

    Plaintiff,

vs.

PUBLIX SUPER MARKETS, INC.,
ABC CORP. #1-3 and JOHN DOES #1-3,

    Defendant.

_____/

CASE NO. 23-A-397

## PUBLIX SUPER MARKETS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant, Publix Super Markets, Inc. (hereinafter "Publix") by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and demand for jury trial, stating as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Publix states that the Plaintiff was guilty of negligence and the Plaintiff's negligence was the sole, proximate cause, or contributing cause of the damages complained of and the recovery, if any, should be barred or reduced proportionately pursuant to the doctrine of comparative negligence.

### THIRD AFFIRMATIVE DEFENSE

No act or omission on the part of Publix caused or contributed to the injuries or damages claimed by the Plaintiff.



## FOURTH AFFIRMATIVE DEFENSE

If there was any negligence that caused or contributed to the Plaintiff's alleged injuries, it was solely the result of negligence on the part of third-parties who were not under the care, custody, control or supervision of Publix, and therefore, the Plaintiff cannot recover against Publix.

## FIFTH AFFIRMATIVE DEFENSE

Publix specifically claims any credit or set-off to which Publix may be entitled for any and all payments paid or payable to the Plaintiff for any damages alleged in the Complaint from any collateral source whatsoever.

## SIXTH AFFIRMATIVE DEFENSE

Publix submits that the Plaintiff has failed to mitigate damages as required under Georgia law and any such recovery should be proportionally reduced because of this failure.

## SEVENTH AFFIRMATIVE DEFENSE

The negligence on the part of the Plaintiff exceeded any negligence on the part of Publix and, therefore, Plaintiff is barred from recovery.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were the result of Plaintiff's failure to appreciate an open and obvious condition.

## NINTH AFFIRMATIVE DEFENSE

To the extent they may be shown through discovery, Publix raises all affirmative defenses in 9-11-8(c) and none of those defenses is waived.

## TENTH AFFIRMATIVE DEFENSE

Publix raises all affirmative defenses in 9-11-12(b) and none of those defenses are waived.

Subject to the forgoing defenses, Publix hereby responds to the Plaintiff's Complaint as follows:

## **PARTIES, JURISDICTION, AND VENUE**

1.

Publix is without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 1. As such, the allegation is denied, and Publix demands strict proof thereof.

2.

Publix admits to the averment in Paragraph 2.

3.

Publix is without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 1. As such, the allegation is denied, and Publix demands strict proof thereof.

4.

Publix is without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 4. As such, the allegation is denied, and Publix demands strict proof thereof.

5.

Publix is without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 5. As such, the allegation is denied, and Publix demands strict proof thereof.

## **FACTS**

6.

Publix admits that on the date stated in the Complaint, that Publix was in possession and control of the store located at the address stated in the Complaint.

7.

Publix denies the averment in Paragraph 7, and demands strict proof thereof.

8.

Publix denies the averment in Paragraph 8, and demands strict proof thereof.

9.

Publix denies the averment in Paragraph 9, and demands strict proof thereof.

10.

Publix denies the averment in Paragraph 10, and demands strict proof thereof.

11.

Publix denies the averment in Paragraph 11, and demands strict proof thereof.

12.

Publix denies the averment in Paragraph 12, and demands strict proof thereof.

## **COUNT I – ACTIVE NEGLIGENCE**

13.

Publix reasserts and reincorporates its response to Paragraphs 1 through 12 above as if set forth fully herein.

14.

Publix denies the averment in Paragraph 14, and demands strict proof thereof.

15.

Publix denies the averment in Paragraph 15, and demands strict proof thereof.

16.

Publix admits it owed a duty under Georgia law, the remaining averments in Paragraph 16 are denied, and Publix demands strict proof thereof.

17.

Publix admits it owed a duty under Georgia law, the remaining averments in Paragraph 17 are denied, and Publix demands strict proof thereof.

18.

Publix denies the averment in Paragraph 18, and demands strict proof thereof.

19.

Publix denies the averment in Paragraph 19, and demands strict proof thereof.

20.

Publix denies the averment in Paragraph 20, and demands strict proof thereof.

21.

Publix denies the averment in Paragraph 21, and demands strict proof thereof.

**COUNT II – PREMISES LIABILITY**

22.

Publix reasserts and reincorporates its response to Paragraphs 1 through 21 above as if set forth fully herein.

23.

Publix admits to the averment in Paragraph 23.

24.

Publix admits it owed a duty under Georgia law, the remaining averments in Paragraph 24 are denied as stated, and Publix demands strict proof thereof.

25.

Publix admits it owed a duty under Georgia law, the remaining averments in Paragraph 25 are denied, and Publix demands strict proof thereof.

26.

Publix denies the averment in Paragraph 26, and demands strict proof thereof.

27.

Publix denies the averment in Paragraph 27, and demands strict proof thereof.

28.

Publix denies the averment in Paragraph 28, and demands strict proof thereof.

29.

Publix denies the averment in Paragraph 29, and demands strict proof thereof.

30.

Publix denies the averment in Paragraph 30, and demands strict proof thereof.

31.

Publix denies the averment in Paragraph 31, and demands strict proof thereof.

32.

Publix denies the averment in Paragraph 32, and demands strict proof thereof.

## DEMAND FOR JURY TRIAL

Publix requests at the appropriate time a trial by a twelve (12) person jury on all matters herein.

Dated this 22nd day of February, 2023.

*/s/ Joseph P. Menello*
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Evelyn L. Graham, Esquire
Georgia Bar No. 905953
*Attorneys for Publix Super Markets, Inc.*

**WICKER SMITH O'HARA MCCOY & FORD, PA**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
Phone: (407) 843-3939
Fax: (404) 467-1771
jmenello@wickersmith.com
egraham@wickersmith.com
djulye@wickersmith.com
tdeloach@wickersmith.com
AtlCrtPleadings@wickersmith.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

SHE'ANNA THATCHER,

    Plaintiff,

vs.

PUBLIX SUPER MARKETS, INC.,
ABC CORP. #1-3 and JOHN DOES #1-3,

    Defendant.
_____/

CASE NO. 23-A-397

## CERTIFICATE OF SERVICE

This is to certify I have served a copy of *Publix Super Markets, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint* upon all counsel of record through the Court's electronic filing system and by Statutory Electronic Service addressed as follows:

                        Michael Johnson
                  Morgan & Morgan Atlanta PLLC
                         PO Box 57007
                       Atlanta, GA 30343
                 majohnson@forthepeople.com

Dated this 22nd day of February, 2023.

                                                 */s/ Joseph P. Menello*
                                                 Joseph P. Menello, Esquire
                                                 Georgia Bar No. 752378
                                                 Evelyn L. Graham, Esquire
                                                 Georgia Bar No. 905953
                                               *Attorneys for Publix Super Markets, Inc.*

**WICKER SMITH O'HARA MCCOY & FORD, PA**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
Phone: (407) 843-3939
Fax: (404) 467-1771
jmenello@wickersmith.com
egraham@wickersmith.com

djulye@wickersmith.com
tdeloach@wickersmith.com
AtlCrtPleadings@wickersmith.com