IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMBER KEWAYGESHIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO: |
| | ) _____ |
| RESIDENT VERIFY, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

PLAINTIFF AMBER KEWAYGESHIK files this Complaint against DEFENDANT RESIDENT VERIFY, LLC and states as follows:

1. Ms. Kewaygeshik brings this action against Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting. To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report background information use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

3.      Defendant violated Section 1681e(b) of the FCRA when it published inaccurate eviction information about Plaintiff in a consumer report.

4.      As a result of Defendant's actions, Ms. Kewaygeshik was denied housing and suffered significant emotional distress.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division and a substantial part of the events giving rise to the claims occurred in this district and division.

7.      Defendant is a Utah limited liability company that regularly contracts to supply services or things in Georgia.  It sells consumer reports in Georgia and produces consumer reports on Georgia residents.  Defendant also gathers and maintains substantial public records data from Georgia.

8.      Defendant can be served with process via its registered agent, Corporation Service Company, located at 15 West South Tempe, Ste. 600, Salt Lake City, UT  84101.

## PARTIES

9. Ms. Kewaygeshik is a natural person and a "consumer" as protected and governed by the FCRA.

10. Defendant is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

11. In December 2022, Ms. Kewaygeshik applied for an apartment in Atlanta at Overton Rise.

12. As part of her application process, the apartment complex procured a consumer report concerning Ms. Kewaygeshik from Defendant.

13. The apartment complex was using the information in the consumer report to evaluate Ms. Kewaygeshik for housing.

14. On December 7th, Ms. Kewaygeshik received an email from Overton Rise informing her that her application had been denied because of Defendant's consumer report.

15. According to the email, Overton Rise's reason for denial was "Evictions, Filings & Public Records."

16. Upon reviewing Defendant's, Ms. Kewaygeshik discovered that Defendant had reported that she had an eviction record with RAM Partners LLC d/b/a Wildwood ("Wildwood") with a "Case Disposition" of "Landlord/Tenant Filing."

17. This information was inaccurate. Ms. Kewaygeshik had not been evicted from Wildwood. Nor was the case disposition "Landlord/Tenant Filing."

18. Instead, the public court docket shows that the case disposition was "Dismissal-case wo prejudice."

19. Defendant failed to report this information and inaccurately led Overton Rise to believe that Ms. Kewaygeshik had been evicted from Wildwood.

20. When Ms. Kewaygeshik reached out to Overton Rise to discuss the consumer report, the Overton Rise representative informed Ms. Kewaygeshik that the Wildwood eviction was the "primary reason" for the denial.

21. Thus, as a result of Defendant's erroneous consumer report, Ms. Kewaygeshik was denied housing and was forced to live in her friend's basement, and she suffered significant emotional distress.

## FIRST CLAIM

### (15 U.S.C. § 1681e(b))

22. Plaintiff realleges Paragraph Nos. 1-21 as if fully set forth herein.

23. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Ms. Kewaygeshik.

24. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

25. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

26. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Ms. Kewaygeshik of her rights under the FCRA.

27. Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Ms. Kewaygeshik to recover under 15 U.S.C. § 1681o.

28. As a result of this conduct by Defendant, Ms. Kewaygeshik suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of housing, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

29. Additionally, Ms. Kewaygeshik is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. That judgment be entered for Plaintiff against Defendant for actual and/or statutory damages punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o

b. That the Court grant such other and further relief against Defendant as may be just and proper, including but not limited to any equitable relief that may be permitted.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: April 10, 2023

                                                   By: /s/ Andrew L. Weiner
                                                      Andrew L. Weiner
                                                      Georgia Bar No. 808278

>Jeffrey B. Sand
>Georgia Bar No. 181568
>WEINER & SAND LLC
>800 Battery Avenue SE
>Suite 100
>Atlanta, GA  30339
>(404) 205-5029 (Tel.)
>(404) 254-0842 (Tel.)
>(866) 800-1482 (Fax)
>aw@wsjustice.com
>js@wsjustice.com
>
>COUNSEL FOR PLAINTIFF