## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Roland Louis, individually and on behalf of Louis Investment Properties, LLC, | FILE NO. |
| Plaintiff, | |
| vs. | Jury Trial Demanded |
| Ludwig Kuttner; Louis Investment Properties, LLC; K Holdings, LLC; ABC Entities 1-5; and John or Jane Doe 1-5; | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW Roland Louis, individually and for the benefit of and on behalf of Defendant Louis Investment Properties, LLC and all other shareholders who may be similarly situated (hereinafter "Plaintiff"), and files this *Complaint for Damages*, showing this Honorable Court as follows:

## PARTIES, JURISDICTION, and VENUE

### 1.

Plaintiff shows that he is a resident of the State of Georgia, residing at 7179 Boulder Pass, Union City, Georgia 30291.

2.

Plaintiff shows that Defendant Ludwig Kuttner (LK) is an individual who, to the best of Plaintiff's knowledge, is currently residing at 201 East Main Street, Charlottesville, VA 22902 and is subject to the jurisdiction of this Court by virtue of (i) his business dealings within the State of Georgia, including, without limitation, the purchase and holding of real property within the state, (ii) the actions he has taken within this Court's geographical area to damage Plaintiff, and (iii) relevant provisions of Georgia and federal law, including, without limitation, O.C.G.A. § 9-10-91, known as Georgia's Long Arm Statute.

2.

Plaintiff shows that Defendant Louis Investment Properties, LLC (hereinafter "LIP") is limited liability company organized under the law of the State of Virginia, with its principal office located at 201 East Main Street, Suite O, Charlottesville, Virginia 22902 and is subject to the jurisdiction of this Court by virtue of (i) its business dealings within the State of Georgia, including, without limitation, the purchase and holding of real property within the state, (ii) the actions it has taken within this Court's geographical area to damage Plaintiff, and (iii) relevant provisions of Georgia and federal law, including, without limitation, O.C.G.A. § 9-10-91, known as Georgia's Long Arm Statute.

3.

Plaintiff shows that Defendant K Holdings, LLC (hereinafter "KH") is limited liability company organized under the law of the State of Virginia owned and controlled by Defendant LK, with its principal office located at 201 East Main Street, Suite O, Charlottesville, Virginia 22902 and is subject to the jurisdiction of this Court by virtue of (i) its business dealings within the State of Georgia, including, without limitation, the purchase and holding of real property within the state, (ii) the actions it has taken within this Court's geographical area to damage Plaintiff, and (iii) relevant provisions of Georgia and federal law, including, without limitation, O.C.G.A. § 9-10-91, known as Georgia's Long Arm Statute.

4.

Defendant LK is a citizen and resident of the State of Virginia who has subjected himself to the jurisdiction of this Court and may be served through the Non-Resident Motorist Act and pursuant to O.C.G.A. § 40-12-2, by delivering via statutory overnight delivery a copy of the summons and complaint to his residential address at 201 East Main Street, Charlottesville, VA 22902 or to his address at 5500 Estouteville Farm, Esmont, VA 22937 in Albemarle County, Virginia.

5.

Plaintiff shows that Defendants ABC Entities 1-5 (hereinafter "Entities") are as-yet-unidentified business or public entities either taking action in connection with

this Case or owned by or associated with the other Defendants, and are therefore subject to the jurisdiction of this Court and venue is proper.

6.

Plaintiff shows that Defendants John or Jane Doe 1-5 (hereinafter "Individuals") are as-yet-unidentified individuals either taking action in connection with this Case or otherwise damaging Plaintiff in connection with the facts of this case, and are therefore subject to the jurisdiction of this Court and venue is proper.

7.

This action involves the purchase and sale, by Defendants, of real property located in the State of Georgia at 1893 Penelope Road NW, Atlanta, Georgia 30314 (the "Property"), including title thereto. Therefore, the laws of the State of Georgia apply to this action.

8.

There being complete diversity of citizenship between Plaintiff and Defendants, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

9.

Additionally, the amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs, thereby fulfilling the amount in controversy requirement for the jurisdiction of this Court as well.

## BACKGROUND

### 10.

Plaintiff first met Defendant LK in New York through Plaintiff's transport business. After extensive conversations, Plaintiff and Defendant LK agreed to partner in investing in real estate. The agreement was for Plaintiff to find suitable investment property in Georgia, then both Plaintiff and Defendant LK would purchase and improve the property through a mutually owned Limited Liability Company that would be formed for this specific purpose.

### 11.

In furtherance of this plan, Plaintiff invested $10,000.00 with Defendant LK, who then formed Defendant Louis Investment Properties, LLC. Defendant LIP was funded with an initial capital contribution from Defendant KH, the majority Member ($10,734.00, or 51%) and from Plaintiff, the minority Member ($10,313.00, or 49%). (See Articles of Organization attached hereto as Exhibit "A" and Operating Agreement attached hereto as Exhibit "B"). Plaintiff and Defendant LK, together with Steve Rakes, were designated as Managers in the Operating Agreement. Plaintiff identified a parcel of real property at 1893 Penelope Road NW, Atlanta, GA 30314 (the "Property") that he believed would be a profitable investment and presented it to Defendant LK, who agreed. The parties then purchased the Property in the name of Defendant LIP on October 18, 2016 for

$22,000.00 using money from both parties, specifically the $10,313.00 that Plaintiff had already invested with Defendant LK and the remainder of the purchase money coming from Defendant LK. (See Settlement Statement of Purchase of Property attached hereto at Exhibit "C" and Warranty Deed into Defendant LIP attached hereto as Exhibit "D").

12.

Plaintiff took responsibility for renovating, renting, and managing the Property until such time as a suitable purchaser could be identified and the sale of the Property closed. Plaintiff performed these responsibilities competently and professionally, and was even able to find a bona fide purchaser who offered $300,000.00 for the Property.

13.

Despite Plaintiff's efforts, and over his protests, Defendant LIP, under the control of Defendant LK, sold the Property to Imperium Team LLC on August 11, 2021 for only $208,000.00, with Defendant LK signing the Warranty Deed as a Member of Defendant LIP. (See Warranty Deed from LIP to Imperium attached hereto as Exhibit "E" and PT-61 of sale from LIP to Imperium Team attached hereto as Exhibit "F"). Plaintiff, as 49% owner of Defendant LIP, is entitled to at least that percentage of the proceeds from the sale of the Property. However, despite months of communications with Defendant LK demanding distribution of

his share of the proceeds, Plaintiff has never received any funds whatsoever from this sale, not even his original capital contribution.

## CAUSES OF ACTION

## COUNT I: FRAUD AND DECEIT

### 14.

Plaintiff incorporates herein by reference each of the allegations contained in the preceding paragraphs as fully as though set forth verbatim herein.

### 15.

Plaintiff reasonably relied on Defendant LK's representations that he would receive 49% of the proceeds from the sale of the Property, after all expenses were accounted for. Plaintiff also reasonably relied on Defendant LK's representations that he would sell the Property to the highest bidder. Plaintiff was induced to act in furtherance of the "business" of Defendant LIP in reasonable reliance on Defendant LK's representations. However, both of these representations turned out to be false. Defendant LK neither sold the Property to the highest bidder, nor did he remit 49% of the proceeds from the sale of the Property to Plaintiff. Defendant's fraudulent misrepresentations, combined with damages to Plaintiff, support Plaintiff's claim for fraud and deceit under O.C.G.A. § 51-6-1.

## COUNT II: BREACH OF CONTRACT

16.

Plaintiff incorporates herein by reference each of the allegations contained in the preceding paragraphs as fully as though set forth verbatim herein.

17.

Defendant LK, as manager of Defendant LIP and controlling member and manager of Defendant KH, the majority member of Defendant LIP, has breached his agreement with Plaintiff to remit 49% of the proceeds of the sale of the Property to Plaintiff. Defendant LIP was a single-asset LLC, with the Property as its sole asset. The only purpose of Defendant LIP was to purchase, renovate, and then sell the Property at a profit. Having fulfilled that purpose, the profits of the sale should have been distributed to Plaintiff in accordance with his ownership interest in Defendant LIP. Indeed, Plaintiff has made several demands to Defendant LK for this distribution. The failure of Defendant LIP, through its majority owner, Defendant KH, which is controlled by Defendant LK, to pay these profits to Plaintiff constitutes breach of contract.

## COUNT III: BREACH OF FIDUCIARY DUTY

18.

Plaintiff incorporates herein by reference each of the allegations contained in the preceding paragraphs as fully as though set forth verbatim herein.

19.

With regard to this cause of action, this is a derivative action. Plaintiff has made demands to Defendant LIP, orally and in writing, through its Managers and its majority Member, to account for and distribute its profits from the sale of the Property. Said Managers and Members refused to do so, and Plaintiff was powerless to force the accounting and distribution as he is a minority Member and has been denied access to the company's records and bank accounts. Plaintiff will fairly and adequately represent the interests of any shareholders similarly situated in enforcing the rights of Defendant LIP. The business and reputation of Defendant LIP has been damaged by reason of the transactions described herein. This action complies with Rule 23.1 of the Federal Rules of Civil Procedure and is not a collusive action to confer jurisdiction that the Court would otherwise lack.

20.

Similarly to the breach of contract cause of action, Defendant LK, as manager of Defendant LIP who unilaterally and without Plaintiff's consent conveyed the Property to an low-bidding buyer, has breached his fiduciary duty to

Plaintiff as an investor and minority owner in Defendant LIP, to protect and preserve Plaintiff's interest in the company and its profits. Furthermore, Defendants LK and KH had a fiduciary duty to Plaintiff, as an investor and minority owner, to maximize the profits of Defendant LIP in its sale of the Property. Defendants LK and KH breached that fiduciary duty by failing to accept the highest bidding buyer for the Property, thereby preventing Plaintiff from maximizing the amount of profit from the sale of the Property, and is liable to Plaintiff for this breach in an amount equal to the difference between the amount the highest-bidding buyer offered ($300,000.00) and the amount the Property was actually sold for ($208,000.00).

21.

The misconduct of Defendant LK in selling the Property to a low bidder without Plaintiff's consent, against Plaintiff's express wishes, losing the opportunity to sell to a higher bidder, and signing the Warranty Deed inaccurately as Member of Defendant LIP was entirely willful and deliberate, thereby subjecting Defendant LK to personal liability under the Operating Agreement of Defendant LIP.

WHEREFORE, Plaintiff respectfully asks this Honorable Court for the following relief:

(a) That Summons and Process issue as required by law and Defendants be served with same;

(b) That Defendants be required to account for and distribute all profits made by them in connection with the transaction described herein;

(c) That judgment be entered for LIP against Defendants LK and KH separately, jointly, and severally for all profits made by Defendants LK and KH;

(d) That judgement be entered for LIP against Defendants LK and KH separately, jointly, and severally for all damage sustained by LIP as a result of the transaction described herein;

(e) That Plaintiff be awarded judgment against the Defendants in an amount to be determined at trial, but not less than One Hundred Forty-Seven Thousand and No/100 U.S. Dollars ($147,000.00), together with interest, court costs, and expenses, due to their fraud, deceit, breach of contract, breach of fiduciary duty, and such other causes of action as may be revealed through discovery and added to this Complaint through amendment;

(f) That the Court permit Plaintiff to conduct discovery immediately in order to determine whether additional Defendants or causes of action exist;

(g) That Plaintiff be awarded reasonable attorney's fees pursuant to

O.C.G.A. § 9-15-14 and other applicable law;

(h) That Plaintiff be awarded such other and further relief as this Court

deems just and equitable.

Respectfully submitted this 10th day of April, 2023.


_/s/ Matthew Michaud_____
Matthew H. Michaud
Attorney for Plaintiff
Georgia Bar No. 504098

**CHAIN BREAKER LAW FIRM**
P.O. Box 965062
Marietta, Georgia 30066
(T): 470.309.1441
mmichaud@chainbreakerlaw.com

STATE OF GEORGIA
COUNTY OF Cobb_____

### VERIFICATION

**PERSONALLY APPEARED** before the undersigned attesting officer authorized by law to administer oaths, Roland Louis, who, after first being duly sworn, on oath deposes and says that the facts alleged in the above and foregoing *Complaint for Damages* are true and correct, to the best of his knowledge and belief.

_____
ROLAND LOUIS
PLAINTIFF

Sworn to and subscribed before me

This the   2nd   day of        February         , 20 23 .

_____
Notary Public



**COMMONWEALTH OF VIRGINIA**
**STATE CORPORATION COMMISSION**

**Office of the Clerk**

October 19, 2016

LUDWIG  KUTTNER
5500 ESTOUTEVILLE FARM
ESMONT, VA 22937

Exhibit "A"

**RECEIPT**

RE: Louis Investment Properties LLC

ID: S6438420

DCN: 16-10-19-5568

Dear Customer:

This is your receipt for $100.00 to cover the fee(s) for filing articles of organization for a limited liability company with this office.

The effective date of the filing is October 19, 2016.

If you have any questions, please call (804) 371-9733 or toll-free in Virginia, (866) 722-2551.

Sincerely,

*Joel H. Peck*

Joel H. Peck
Clerk of the Commission

RECEIPTLC
LLNCD
CISECOM

1610530595

**COMMONWEALTH OF VIRGINIA**
**STATE CORPORATION COMMISSION**

AT RICHMOND, OCTOBER 19, 2016

The State Corporation Commission has found the accompanying articles submitted on behalf of

Louis Investment Properties LLC

to comply with the requirements of law, and confirms payment of all required fees.  Therefore, it is ORDERED that this

## CERTIFICATE OF ORGANIZATION

be issued and admitted to record with the articles of organization in the Office of the Clerk of the Commission, effective October 19, 2016.

STATE CORPORATION COMMISSION

By

James C. Dimitri
Commissioner

DLLCACPT
CISECOM
16-10-19-5568

1610530595

**ARTICLES OF ORGANIZATION**
**OF**
**LOUIS INVESTMENT PROPERTIES LLC**

Exhibit "B"

The undersigned, pursuant to Chapter 12 of Title 13.1 of the Code of Virginia, states as follows:

1.  The name of the limited liability company is Louis Investment Properties LLC.

2.  The purpose for which the limited liability company is formed is to engage in any lawful business, purpose or activity for which a limited liability company may be formed under the Virginia Limited Liability Company Act.

3.  The name of the limited liability company's initial registered agent is Ludwig  Kuttner.  The initial registered agent is an individual who is a resident of Virginia and a member or manager of the limited liability company.

4.  The address of the limited liability company's initial registered office, which is identical to the business office of the initial registered agent, is 5500 Estouteville Farm, Esmont, VA 22937.  The initial registered office is located in Albemarle County, Virginia.

5.  The address of the limited liability company's principal office where the records of the limited liability company are to be kept is 5500 Estouteville Farm, Esmont, VA 22937.

ORGANIZER:

/s/      Ludwig Kuttner    Date: October 19, 2016
          Ludwig Kuttner

OPERATING AGREEMENT

OF

LOUIS INVESTMENT PROPERTIES, L.L.C.

THIS OPERATING AGREEMENT is made this 19th day of October, 2016, by the undersigned Members of Louis Investment Properties, L.L.C.

1.   Formation

1.1_   This limited liability company (the "LLC) was formed upon the issuance by the Virginia State Corporation Commission of a Certificate of Organization on October 19, 2004.

1.2_   Effective as of the date of formation of the LLC, the Members will transfer the amounts of cash or other property set opposite their respective names on attached Exhibit A to the LLC.

1.3_   All of the Members of the LLC enter into this Operating Agreement to regulate or establish the affairs of the LLC, the conduct of its business and the relations of its Members.

1.4_   The Members agree that each Member's ownership interest in this LLC ("Membership Interest") shall be as set forth on Exhibit A as amended from time to time.

2.   Management of the LLC by a Manager.

2.1   The Members agree that the responsibility for managing the LLC shall be delegated to the Managers.

2.2   The Managers shall be a natural person eighteen years of age or older and need not be a resident of the Commonwealth of Virginia, or a corporation qualified to do business in Virginia.

2.3   Managers need not be Members of the LLC.

2.4   Until he or she is removed a provided in Section 2.6 hereof, or until he or she dies or resigns, the Managers shall be Roland Louis, Steve Rakes and Ludwig Kuttner.

2.5   Any vacancy occurring in the office of Manager shall be filled by a vote of the Members holding greater than fifty percent (50%) of the Membership Interests in the LLC.

2.6   Any Manager may be removed with or without cause by a vote of the Members holding greater than fifty percent (50%) of the Membership Interests in the LLC.

2.7   The Managers shall discharge their duties as a Manager in accordance with its good faith business judgment of the best interests of the LLC.

2.8     Unless the Manager has knowledge or information concerning the matter in question that makes reliance unwarranted, the Manager is entitled to rely on information, opinions, reports or statements, including financial statements and other financial data, if prepared or presented by:

(a) One or more managers or employees of the LLC whom the Manager believes in good faith, to be reliable and competent in the matters presented; or

(b) Legal counsel, public accountants, or other persons as to matters the Manager believes, in good faith, are within the person's professional or expert competence.

3.     <u>Limitation of Liability of Members and Managers</u>

3.1     In any proceeding brought by or in the right of the LLC or brought by or on behalf of any Member, no Manager or Member shall have any liability unless the Manager or Member engaged in willful misconduct or a knowing violation of the criminal law.

4.     <u>Business Transactions of Members or Managers</u>

4.1     A Member or Manager, or an affiliate of one or more of them, may lend money to and transact other business with the LLC, including the leasing of real property for use as the LLC's premises, and, subject to other applicable law, has the same rights and obligations with respect thereto as a person who is not a Member or Manager.

5.     <u>Contributions</u>

5.1     The contributions of a Member to the LLC shall be in cash.

5.2     The amount of cash contributed by each Member and which each Member has agreed to contribute is set forth in Exhibit A, attached hereto. Exhibit A shall be amended from time to time as appropriate.

5.3     Additional contributions shall be made from time to time within sixty days following one or more written calls for additional contributions made by the Managers. A vote of the Members holding greater than fifty percent (50%) of the Membership Interests in the LLC is required to approve any such written calls for additional contributions. Such additional contributions shall be made in proportion to the Membership Interests in the LLC. If a Member shall fail to make such additional contributions following such written calls, the remaining Members shall be given a reasonable opportunity to make the contribution of the Member who fails to make such additional contribution; and the Membership Interest in the LLC of the Member who fails to make such additional contribution shall be proportionately reduced. There shall be no additional penalty for the failure to make such additional contribution.

6.     <u>Information and Records</u>

6.1     The Managers shall keep at the principal office of the LLC the following:

(a) A current list of the full name and last known business address of each member, in alphabetical order;

(b) A copy of the Articles of Organization and the Certificate of Organization and all Articles of Amendment and Certificates of Amendment thereto;

(c) Copies of the LLC's federal, state and local income tax returns and reports, if any, for the three most recent years;

(d) Copies of any then-effective written Operating Agreement and of any financial statements of the LLC for the most recent three years; and

(e) A writing setting out:

 (i) The amount of cash contributed by each Member and which each Member has agreed to contribute;

 (ii) The times at which or events on the happening of which any additional contributions agreed to be made by each Member are to be made;

 (iii) Any right of a Member to receive, or of the LLC to make, distributions to a Member which include a return of all or any part of the Member's contribution; and,

 (iv) Any events upon the happening of which the LLC is to be dissolved and its affairs wound up.

6.2 Each Member has the right, upon reasonable request, to inspect and copy any of the LLC's records referred to in §6.1 hereof, and to obtain from the Managers from time to time upon reasonable demand true and full information regarding the state of the business and financial condition of the LLC, and promptly after becoming available a copy of the LLC's federal, state and local tax returns for each year and other information regarding the affairs of the LLC as is just and reasonable.

6.3 The Manager shall give written notice of a meeting of the Members each year to be held on or about March 15 in each year for the purpose of reviewing the previous year's results of operations and the projected operations for the current year.

7. <u>Sharing of Profits and Losses: Distributions</u>

7.1 The Net Cash Flow of the LLC shall be allocated among the Members in proportion to their Membership Interests in the LLC as shown on Exhibit A, as adjusted from time to time.

7.2 Upon approval of a majority of the Members, distributions of cash or other property shall be allocated among the Members in proportion to their respective Membership Interests, as adjusted from time to time.

7.3 Upon the death of a Member, such Member's Estate shall be entitled to receive within on year after such death or resignation the fair market value of his Membership Interest as of the date of such death, resignation or expulsion. Such payment shall be deemed to be a "distribution" and subject to the provisions of Section 7.5 hereof. In the event, at the sole discretion of the Manager, that the LLC

is unable to purchase a Member's interest within said one year period, the LLC shall be entitled to purchase said interest over a period not to exceed ten (10) years, with interest at the prevailing prime rate, and with periodic payments to be made at least monthly on the unpaid portion of the purchase price. For purposes hereof, "fair market value" shall be determined by agreement between the LLC and such Member (or his Estate) or, in the absence of such agreement, by an appraiser selected by the parties who is experienced in the valuation of similar businesses and/or real estate, i.e. a certified real estate broker (AMA).

7.4    A Member may not be compelled to accept a distribution of any asset in kind from the LLC.

7.5    No distributions may be made by the LLC if, after giving effect to the distribution:
(a) The LLC would not be able to pay its debts as they become due in the usual course of business; or
(b) The LLC's total assets would be less than the sum of its total liabilities plus the amount that would be needed if the LLC were to be dissolved at the time of the distribution.

8.    <u>Members</u>

8.1    A Membership Interest in the LLC is personal property.

8.2    A Membership Interest is assignable in whole or in part. An assignment of a Membership Interest does not of itself dissolve the LLC. An assignment does not entitle the assignee to participate in the management and affairs of the LLC or to become or exercise any rights of a Member. Such assignment entitles the assignee to receive, to the extent assigned, only any distributions to which the assignor would be entitled.

8.3    Upon assignment of his entire Membership Interest, except for collateral security for an obligation or undertaking, a Member ceases to be a Member of the LLC. In the case of an assignment as collateral security, when the creditor asserts the right to receive distributions from the LLC, the Member ceases being a Member of the LLC. If an assignee of a Membership Interests becomes a Member, the assignor is not released from his liability under §§13.1-1027 and 13.1-1036 of the Code to the LLC.

8.4    An assignee who has become a Member has, to the extent assigned, the rights and powers, and is subject to the restrictions and liabilities, of a Member under the Articles of Organization and this Operating Agreement. An assignee who becomes a Member also is liable for any obligations of his assignor to make and return contributions as provided in Articles 5 and 6 of the Virginia Limited Liability Company Act.

8.5    An assignee of a Membership Interest may become a Member only if the other

Members unanimously consent.

8.6     As provided by §13.1-1022(B) of the Code of Virginia (1950) (as amended), the Members shall vote on all matters in proportion to their Membership Interests in the LLC.

8.7     No Member shall sell or otherwise transfer all or any portion of a Membership Interest without first offering it to the other Members upon the same terms and conditions as the selling or transferring Member would sell or transfer such Membership Interest to a third person. The offeree Member shall have sixty (60) days from receipt of written notice of such offer during which to decide whether to exercise such option. In the event the offeree Member elects to acquire the interest of the offeror Member, the offeree shall give written notice to the offeror of such election prior to the expiration of such sixty day period.  The foregoing notwithstanding however, transfers to spouses or children of a Member shall be exempt from the provisions of this section.

9.     Dissolution

9.1     The LLC is dissolved and its affairs shall be wound up upon the happening of the first to occur of the following events:

(a) Upon the unanimous written consent of the Members;

(b) Upon the death, resignation, expulsion, bankruptcy or dissolution of a Member or occurrence of any other event that terminates the continued membership of a Member in the LLC, unless the business of the LLC is continued by the unanimous consent of the remaining Members, notwithstanding, no dissolution before December 2014; or.

(c) The entry of a decree of judicial dissolution.

9.2     The Members who have not wrongfully dissolved the LLC may wind up the LLC's affairs; but the circuit court of the locality in which the registered agent of the LLC is located, on cause shown, may wind up the LLC's affairs on application of any Member, his legal representative, or assignee.

9.3     Upon the winding up of the LLC, the assets of the LLC shall be distributed as follows:

(a) To creditors, including Members who are creditors, to the extent permitted by law, in satisfaction of liabilities of the LLC other than for distributions to Members under §§13.1-1031 or 13.1-1033 of the Code;

(b) To Members and former Members in satisfaction of liabilities under §§13.1-1031 or 13.1-1033 of the Code; and

(c) To Members in proportion to their respective Membership Interests.

10.  <u>Miscellaneous</u>

    10.1   This Agreement may be executed in counterparts.

    10.2   Any notice required or permitted to be given hereunder shall be deemed to have been given when mailed via certified mail return receipt requested with prepaid postage to a Member at his or her last mailing address shown on the records of the LLC and to the LLC at PO Box 359, Keene, Virginia 22946.

    IN WITNESS WHEREOF, the Members have hereunto set their hands and seals the date first above written:

_____         _____

Ludwig Kuttner for K Holdings, LLC         Roland Louis

<u>EXHIBIT A</u>

|  | <u>Capital Contribution</u> | <u>Membership Interest</u> |
|---|---|---|
| K Holdings, LLC | $ 10,734 | 51% |
| Roland Louis | $ 10,313 | 49% |

OMB NO. 2502-0265

| A. | | B. TYPE OF LOAN: |
|---|---|---|

**U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT**

**SETTLEMENT STATEMENT**

1. ☐ FHA   2. ☐ FmHA   3. ☐ CONV. UNINS.   4. ☐ VA

6. FILE NUMBER: 1893PENELOPE   7. LOAN NUMBER:

8. MORTGAGE INS CASE NUMBER:

Exhibit "C"

C. NOTE:   *This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are* [...]
*Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included i[...]*

| D. NAME AND ADDRESS OF BORROWER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| ROLAND LOUIS<br>1893 PENELOPE ROAD NW<br>ATLANTA, GA 30314 | Geneis Lighthouse Ministries | |

| G. PROPERTY LOCATION:<br>1893 PENELOPE ROAD NW<br>ATLANTA, GA 30314<br>FULTON County, Georgia | H. SETTLEMENT AGENT:        31-1828357<br>Worden & Asociados, LLC<br><br>PLACE OF SETTLEMENT<br><br>2675 Paces Ferry Road, SE Suite 270<br>Atlanta, GA 30339 | I. SETTLEMENT DATE:<br><br>October 18, 2016 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | 22,000.00 | 401. Contract Sales Price | 22,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | 929.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/Town Taxes    10/19/16  to  01/01/17 | 65.65 | 406. City/Town Taxes    10/19/16  to  01/01/17 | 65.65 |
| 107. County Taxes    10/19/16  to  01/01/17 | 21.55 | 407. County Taxes    10/19/16  to  01/01/17 | 21.55 |
| 108. Assessments    to | | 408. Assessments    to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120.** *GROSS AMOUNT DUE FROM BORROWER* | 23,016.20 | **420.** *GROSS AMOUNT DUE TO SELLER* | 22,087.20 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | 2,000.00 | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | | 502. Settlement Charges to Seller (Line 1400) | 9,544.69 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first Mortgage | |
| 205. | | 505. Payoff of second Mortgage | |
| 206. | | 506. Deposit retained by seller | 2,000.00 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/Town Taxes    to | | 510. City/Town Taxes    to | |
| 211. County Taxes    to | | 511. County Taxes    to | |
| 212. Assessments    to | | 512. Assessments    to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220.** *TOTAL PAID BY/FOR BORROWER* | 2,000.00 | **520.** *TOTAL REDUCTION AMOUNT DUE SELLER* | 11,544.69 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | 23,016.20 | 601. Gross Amount Due To Seller (Line 420) | 22,087.20 |
| 302. Less Amount Paid By/For Borrower (Line 220) | (2,000.00) | 602. Less Reductions Due Seller (Line 520) | ( 11,544.69) |
| **303.** *CASH ( X FROM ) (   TO ) BORROWER* | 21,016.20 | **603.** *CASH ( X TO ) (   FROM ) SELLER* | 10,542.51 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.

Borrower _____
ROLAND LOUIS

Seller   Geneis Lighthouse Ministries

BY:_____

HUD-1 (3-86) RESPA, HB4305.2

## L. SETTLEMENT CHARGES

| 700. TOTAL COMMISSION Based on Price | $ 22,000.00 @ 6.0000 % | 1,320.00 | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|
| *Division of Commission (line 700) as Follows:* | | | | |
| 701. $ 1,320.00 to Associated Ventures Limited | | | | |
| 702. $ to | | | | |
| 703. Commission Paid at Settlement | | | | 1,320.00 |
| 704. to | | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | | |
| 801. Loan Origination Fee % to | | | | |
| 802. Loan Discount % to | | | | |
| 803. Appraisal Fee to | | | | |
| 804. Credit Report to | | | | |
| 805. Lender's Inspection Fee to | | | | |
| 806. Mortgage Ins. App. Fee to | | | | |
| 807. Assumption Fee to | | | | |
| 808. | | | | |
| 809. | | | | |
| 810. | | | | |
| 811. | | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | |
| 901. Interest From to @ $ /day ( days %) | | | | |
| 902. MIP TotIns. for LifeOfLoan for months to | | | | |
| 903. Hazard Insurance Premium for 1.0 years to | | | | |
| 904. | | | | |
| 905. | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | | |
| 1001. Hazard Insurance months @ $ per month | | | | |
| 1002. Mortgage Insurance months @ $ per month | | | | |
| 1003. City/Town Taxes months @ $ per month | | | | |
| 1004. County Taxes months @ $ per month | | | | |
| 1005. Assessments months @ $ per month | | | | |
| 1006. months @ $ per month | | | | |
| 1007. months @ $ per month | | | | |
| 1008. months @ $ per month | | | | |
| **1100. TITLE CHARGES** | | | | |
| 1101. Settlement or Closing Fee to Worden & Asociados, LLC | | | 425.00 | |
| 1102. Tax Search to INVESTA/RIAH | | | | 60.00 |
| 1103. Title Examination to Traditional Title | | | 200.00 | |
| 1104. Title Insurance Binder to | | | | |
| 1105. Title Clearance to Worden & Asociados, LLC | | | | 150.00 |
| 1106. Post Closing Fees to | | | | |
| 1107. Courier Fees to | | | | |
| *(includes above item numbers: )* | | | | |
| 1108. Title Insurance to Stewart Title Guaranty Company | | | 240.00 | |
| *(includes above item numbers: )* | | | | |
| 1109. Lender's Coverage $ | | | | |
| 1110. Owner's Coverage $ 22,000.00 240.00 | | | | |
| 1111. | | | | |
| 1112. | | | | |
| 1113. | | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | |
| 1201. Recording Fees: Deed $ 42.00 ; Mortgage $ ; Releases $ | | | 42.00 | |
| 1202. City/County Tax/Stamps: Deed 22.00; Mortgage | | | 22.00 | |
| 1203. State Tax/Stamps: ; Mortgage | | | | |
| 1204. County Clerk ofSuperior Court | | | | |
| 1205. | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | |
| 1301. Survey to | | | | |
| 1302. Pest Inspection to | | | | |
| 1303. Solid Waste/City/County Taxes to Fulton County Tax Commissioner | | | | 8,014.69 |
| 1304. | | | | |
| 1305. | | | | |
| **1400. TOTAL SETTLEMENT CHARGES  (Enter on Lines 103, Section J and 502, Section K)** | | | 929.00 | 9,544.69 |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two page statement.

_____

Worden & Asociados, LLC, Settlement Agent

Certified to be a true copy.

## BUYER / SELLER CERTIFICATION

|  |  |
|---|---|
| **Borrower:** | ROLAND LOUIS |
| **Seller:** | Geneis Lighthouse Ministries |
| **Settlement Agent:** | Worden & Asociados, LLC |
|  | (678)369-0760 |
| **Place of Settlement:** | 2675 Paces Ferry Road, SE Suite 270 |
|  | Atlanta, GA 30339 |
| **Settlement Date:** | October 18, 2016 |
| **Property Location:** | 1893 PENELOPE ROAD NW |
|  | ATLANTA, GA 30314 |
|  | FULTON County, Georgia |

The Buyer and Seller this date have checked, reviewed and approved the figures appearing on the Disclosure/Settlement Statement (Statement of Actual Costs), consisting of two (2) pages.  Buyer acknowledges receipt of the payment of the loan proceeds in full, and Seller acknowledges payment in full of the proceeds due Seller from the settlement.

As part of the consideration of this sale, the contract between the parties is by reference incorporated herein and made a part hereof; the terms and conditions contained therein shall survive the closing and shall not merge upon the delivery of the warranty deed.

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction.  I further certify that I have received a copy of the HUD-1 Settlement Statement.

_____
ROLAND LOUIS

Geneis Lighthouse Ministries

BY:_____

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

_____
Worden & Asociados, LLC
Settlement Agent

**WARNING:  It is a crime to knowingly make false statements to the United States on this or any similar form.  Penalties upon conviction can include a fine and imprisonment.  For details see:  Title 18 U. S.  Code Section 1001 & Section 1010.**

Deed Book 56906 Pg 173
Filed and Recorded Nov-23-2016 05:00pm
2016-0334369
Real Estate Transfer Tax $22.00
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

Exhibit "D"

Return recorded documents to:
Worden & Asociados, LLC
2675 Paces Ferry Road, SE
Suite 270
Atlanta, Georgia 30339

## WARRANTY DEED

STATE OF GEORGIA

COUNTY OF FULTON

**THIS INDENTURE,** Made this 21st day of **October** in the year **2016** between **Genesis Lighthouse Ministries AKA Genesis Lighthouse Ministries, Inc.**, as party or parties of the first part, hereinafter called Grantor, and **Louis Investment Properties LLC** as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

**WITNESSETH** that: Grantor, for and in consideration of the sum of **Ten and 00/100's Dollars ($10.00)** and other good and valuable consideration in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee, the following described property:

**SEE EXHIBIT "A" ATTACHED**

**This CONVEYANCE is made subject to all zoning ordinances, easements and restrictions of record affecting said bargained premises.**

**TO HAVE AND TO HOLD** the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE.

**AND THE SAID** Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever.

**IN WITNESS WHEREOF,** Grantor has hereunto set grantor's hand and seal this first day and year first above written.

Signed, sealed and delivered in the presence of:

**Genesis Lighthouse Ministries aka**

**Genesis Lighthouse Ministries, Inc.**

_____                    _Marcellous Jackson_(Seal)
Witness                                     By: Marcellous Jackson
                                            Its: CEO

_____
Notary                                      [NOTARIAL SEAL]