IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BENNING CONSTRUCTION COMPANY; AND BARNHILL, INC.<br><br>Defendants. | CIVIL ACTION NO. |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Owners Insurance Company ("Owners") shows this Honorable Court the following:

### I.     Nature of Action

1.     This is a declaratory judgment action under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. Owners seeks a declaration as to the legal rights, and other legal relations, surrounding questions of controversy that presently exist over whether it owes insurance coverage obligations to any of the Defendants in connection with the claims asserted in the lawsuit styled *Benning Construction Company v. Barnhill, Inc.,* Superior Court of Cobb County, Georgia, Civil Action File No. 21103284  ("Underlying Lawsuit").

2. The Underlying Lawsuit arises out of a subcontractor agreement between Benning Construction Company ("BCC") and Barnhill, Inc. ("Barnhill") in which Barnhill agreed to construct two pre-engineered metal buildings, but allegedly performed defective construction work, which resulted in unspecified, but allegedly significant damages.

3. A true and correct copy of the Complaint that BCC filed in the Underlying Lawsuit is attached hereto as <u>Exhibit A</u>.

## II.     Parties, Jurisdiction and Venue

4. Owners is an Ohio corporation, which has its principal place of business in Michigan.

5. BCC is a Georgia corporation with its principal place of business in Georgia. It may be served through its registered agent, Kevin Hudson at 3575 Piedmont Road, Suite 200, Atlanta, GA 30305.

6. Barnhill is a Georgia corporation with its principal place of business in Georgia. It may be served through its registered agent, Harry D. Barnhill, 3470 Princeton Corners Dr., Marietta, Georgia 30062.

7. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because: 1) Plaintiff is neither a citizen of nor domiciled in Georgia; 2)

Defendants are domiciled in Georgia; and 3) the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201, in that Owners is seeking a declaration from this Court regarding the parties' rights and obligations with respect potential coverage under an insurance policy issued by Owners.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because all of the Defendants reside in Georgia and BCC resides in the United States District Court for the Northern District of Georgia.

### III. Facts Relevant To This Declaratory Judgment Action

**A. The Underlying Contract**

10. On or about August 13, 2019 BCC and Ringgold Medical Two, LLC entered into a contract for the construction of a project known as Medical Office Building (the "Project").

11. On or about December 11, 2019, BCC and Barnhill entered into a subcontract wherein Barnhill agreed to design, fabricate, deliver and erect two pre-engineered metal buildings for the Project.

12. On April 8, 2021, BCC sued Barnhill in the Superior Court of Cobb County.

13. In its complaint, BCC alleges that on or about July 7, 2020, Barnhill negligently installed a portion of the roofing system at the Project, which resulted in water intrusion leaks. [Compl. Ex. A ¶ 8-9].

14. In its complaint, BCC alleges that through January of 2021 Barnhill attempted to identify and fix the water intrusion leaks. [*Id.* ¶¶ 11-12].

15. On January 29, 2021, BCC "issued a Contractor's Decision and 48-Hour Notice of Default to" Barnhill in which BCC allegedly informed Barnhill that it was in default of their subcontract agreement and that BCC would employ another subcontractor, unless Barnhill repaired the roof leaks within 48 hours. [*Id.* ¶ 14].

16. Pursuant to the subcontract agreement between Barnhill and BCC, and as set forth in BCC's "Contractor's Decision and 48-Hour Notice Of Default," Barnhill accepted and agreed to be bound by BCC's "Contractor's decision," unless Barnhill filed suit against BCC within 30 days receipt of "Contractor's Decision and 48-Hour Notice Of Default."

17. According to BCC's Complaint, Barnhill, through April 8, 2021, never: (1) responded to "Contractor's Decision and 48-Hour Notice Of Default"; (2) returned to the Project; (3) repaired the leaking roof; and 4) filed suit against BCC. [*Id.* ¶¶ 16-19].

18. In February and March of 2021, BCC employed two separate companies to repair Barnhill's allegedly defective roofing work. [Compl. Ex. A ¶¶ 21-26].

19. Through April of 2021, BCC alleges that it "continues to incur additional charges and costs to supplement Barnhill's workforce and complete the repairs to the Project." [*Id.* ¶ 27].

20. BCC alleges that the Project sustained mold as a result of Barnhill's allegedly defective work. [*Id.* ¶¶ 28-34]

21. BCC alleges that as a result of Barnhill's allegedly defective work, BCC was forced to incur remediation costs to address the mold.

22. In the Underlying Lawsuit, BCC seeks a declaratory judgment that Barnhill defaulted on its subcontract agreement—with the result that Barnhill is liable to BCC for (1) investigative costs; (2) costs to repair the roof; (3) costs to remediate water intrusion resulting from Barnhill's allegedly defective design and construction work; and 4) legal fees and costs as well as "any other such damages which have or will continue to accrue." [Compl. Ex. A. ¶ 39].

23. In the Underlying Lawsuit, BCC also asserts a breach of contract claim against Barnhill in which BCC seeks to recover damages "including the excess costs to complete and repair the Project, the costs to investigate the

5

defective nature of Defendant's work, the cost to analyze the defective plans provided by Defendant, the cost to remediate the mold which infiltrated the Project as a direct and proximate result of Defendant's failure to provide a water tight structure, and the attorney's fees and costs associated with bringing this action." [Compl. Ex. A. ¶ 42]

24. In the Underlying Lawsuit, BCC also asserts that it is entitled to recover attorney's fees from Barnhill as a consequence of Barnhill's contractual breaches and also because Barnhill "has acted in bad faith, been stubbornly litigious and has caused BCC unnecessary trouble and expense." [*Id.* ¶ 49].

25. On December 8, 2022, Owners timely sent Barnhill a reservation of rights letter after receiving notice of the Underlying Lawsuit.

26. A true and accurate copy of the reservation of rights letter is attached hereto as <u>Exhibit B</u>.

## The Owners Policy

27. Barnhill is a named insured on a Commercial General Liability Policy issued by Owners, Policy No. 144618-80250037-20 with a policy period from June 22, 2020 to June 22, 2021 (the "Policy").

28. A true and correct copy of the Policy is attached as <u>Exhibit C</u>.

29. The Policy provides the following relevant terms, provisions,

exclusions and conditions:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured. Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

**SECTION I – COVERAGES COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   **1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result. But:

      **1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      **2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

>    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

> **b.** This insurance applies to 'bodily injury' and 'property damage' only if:
>
>    **1)** The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory.'
>
>    **2)** The 'bodily injury' or 'property damage' occurs during the 'policy period' and;
>
>    **3)** Prior to the policy period no insured listed under Paragraph I. of Section II - Who Is An Insured and no 'employee' authorized by you to give or receive notice of an 'occurrence' or claim, knew that the 'bodily injury' or 'property damage' had occurred, in whole or in part. If. such a listed insured or authorized 'employee' knew prior to the policy period, that the 'bodily injury' or 'property damage' occurred, then any continuation, change or resumption of such 'bodily injury' or 'property damage' during or after the policy period will be deemed to have been known prior to the policy period.
>
> **c.** 'Bodily injury' or 'property damage' which occurs during the policy period and was not prior to the policy period known to have occurred by any insured listed under Paragraph 1 of Section II – Who Is An Insured or any 'employee' authorized by you to give or receive notice of an 'occurrence' or claim, includes any continuation, change or resumption of that 'bodily injury' or 'property damage' after the end of the policy period.
>
> **d.** 'Bodily injury' or 'property damage' will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. Of Section II – Who Is An Insured or any 'employee' authorized by you to give or receive notice of an 'occurrence' or claim:

  1) Reports all, or any part, of the 'bodily injury' or 'property damage' to us or any other insurer;

  2) Receives a written or verbal demand or claim for damages because of the 'bodily injury' or 'property damage'; or

  3) Becomes aware by another means that 'bodily injury' or 'property damage' has occurred or has begun to occur.

 **e.** Damages because of 'bodily injury' includes damages claim by ant person or organization for care, loss of services, or death resulting at any time from the 'bodily injury.'

**2. EXCLUSIONS**

***

**b. Contractual Liability**

'Bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**1)** That the insured would have in the absence of the contract or agreement;

**2)** Assumed in a contract or agreement that is an 'insured contract', provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contractor or agreement. Solely for the purposes of liability assumed in an 'insured contract' reasonable attorney's fees and necessary litigation expenses incurred or for a party other than an insured are deemed to be damages because of 'bodily injury' or 'property damage', provided:

 **a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same 'insured contract'; and;

    b) Such attorney's fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

***

**j. Damage to Property**

'Property damage' to:

***

**6)** That particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it.

Paragraphs (3), (4), and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement. Paragraph (6) of this exclusion does not apply to 'property damage' included in the 'products-completed operations hazard.'

**k. Damage to Your Product**

'Property damage' to 'your product' arising out of it or any part of it.

***

**m. Damage to Impaired Property Not Physically Injured**

'Property damage' to 'impaired property' or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or

(2) A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or 'your work' after it has been put to its intended use.

### EXCLUSION – DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion **I.** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

**2.    Exclusions**

This insurance does not apply to:

**l.    Damage to Your Work**

'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'

### GEORGIA LIMITED FUNGI OR BACTERIA COVERAGE – SMALL BUSINESS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.  The following exclusion is added to Paragraph **2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:**

\*\*\*

**2. Exclusions**

This insurance does not apply to:

11

a. 'Bodily injury' arising out of a 'fungi or bacteria incident.'
b. Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, 'fungi' or bacteria by any insured or by any other person or entity.

This exclusion does not apply to any 'fungi' or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

***

C. Coverage provided by this insurance for 'property damage' arising out of a 'fungi or bacteria incident', is subject to the Fungi and Property Damage Aggregate Limit as described in Paragraph D. of this endorsement.

D. The following are added to **Section III – Limits Of Insurance:**

1. Subject to Paragraphs **2.** and **3.** Of Section III – Limits of Insurance, as applicable, the Fungi and Bacteria Property Damage Aggregate Limit shown in the Schedule of this endorsement is the most we will pay under Coverage **A** for all 'property damage' arising out of one or more 'fungi or bacteria incident'.

2. Paragraph **5.**, the Each Occurrence Limit and Paragraph **6.**, the Damage to Premises Rented To You Limit, of Section **III – **Limits Of Insurance continue to apply to 'property damage' arising out of a 'fungi or bacteria incident' but only if, and to the extent that, limits are available under the Fungi and Bacteria Property Damage Aggregate Limit.

E. The following definitions are added to the **Definitions** Section:

1. 'Fungi' means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

2. *'Fungi or bacteria incident' means an incident which would not have occurred in whole or in part, but for the actual, alleged, or threatened inhalation of ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi' or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such damage.*

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\*\*\*

**2.     Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   (1) How, when and where the "occurrence" or offense took place;
   (2) The names and addresses of any injured persons and witnesses; and
   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   **b.** If a claim is made or "suit" is brought against any insured, you must:

   (1) Immediately record the specifics of the claim or "suit" and the date received; and
   (2) Notify us as soon as practicable.
   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   **c.** You and any other involved insured must

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
      (2) Authorize us to obtain records and other information;
      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

## IV.    Declaratory Judgment

*Count I – Lack of Coverage For Breach Of Contract*

30.    Owners repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

31.    The Policy provides, in pertinent part, that Barnhill has no coverage under the Policy for claims arising out of assumption of liability in a contract.

32.    The Underlying Lawsuit involves allegations of damages assumed in a contract by Barnhill.

33.    Owners is entitled to a declaration that it has no obligation under the Policy to defend or indemnify Barnhill or any other person or entity in connection with the Underlying Lawsuit.

34.    Owners seeks a declaration of rights that there is no coverage under its Policy for the claims for damage to the work performed by Barnhill or for breach of contract damage, which are asserted in the Underlying Lawsuit.

*Count II – No "Occurrence"*

35.     Owners repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

36.     The Policy subject to its terms, conditions, and exclusions, provides coverage only for an "occurrence."

37.     The Underlying Complaint alleges that Barnhill acted in bad faith and with conscious indifference.

38.     Owners is entitled to a declaration that it has no obligation under the Policy to defendant or indemnify Barnhill or any other person or entity as the alleged damages were not caused by an "occurrence."

*Count III – Business Risk Exclusions*

39.     Owners repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

40.     The Policy excludes coverage for damage to Barnhill's work as well as the work of its subcontractors.

41.     Further, the Policy excludes coverage for 'property damage' arising out of Barnhill's '"work' or any part of it.

42.     Owners is entitled to a declaration that such exclusions preclude or limit coverage in connection with the Underlying Lawsuit.

*Count IV – Mold*

43. Owners repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

44. The Policy's contains an endorsement entitled Georgia Limited Fungi Or Bacteria Coverage – Small Business, which limits coverage provided by the Policy for 'property damage' arising out of a 'fungi or bacteria incident', to the Fungi and Property Damage Aggregate Limit.

45. In the Underlying Complaint, BCC alleges damages arising out of mold.

46. Owners is entitled to a declaration that the Policy's endorsement, Georgia Limited Fungi Or Bacteria Coverage – Small Business, limits the amount of coverage available for property damage arising out of BCC's mold claims.

*Count V – Late Notice*

47. Owners repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

48. Owners seeks a declaration of rights that there is no coverage under its Policy for the claims asserted in the Underlying Lawsuit.

49. The Policy does not cover any of the claims made in the Underlying

Lawsuit and will not cover any damages awarded therein, due to the failures of Barnhill to comply with the Policy's terms and conditions with respect to the construction defect damages giving rise to the Underlying Lawsuit.

50. Owners was not notified promptly or as soon as practicable of the construction defect damage, which may have resulted in a claim.

51. Owners is entitled to a declaratory judgment that there is no coverage for the Underlying Lawsuit, because conditions precedent for the insured to be covered under the Policy were breached, including the duties to provide timely notice.

52. Consequently, Owners owes no duty to defend or indemnify under its Policy.

53. Owners reserves, and explicitly does not waive, the right to raise any other coverage defenses that it may become aware of and assert them within this declaratory judgment action.

WHEREFORE, Plaintiff prays:

(a) That each Defendant be required to respond to the allegations set forth in this *Complaint for Declaratory Judgment*;

(b) That this Court declare that Owners has no duty to cover or indemnify any of the Defendants for the events giving rise to the Underlying Lawsuit, or any judgments or awards in that lawsuit;

(c) For such other relief as this Court deems just and proper.

This 10th day of April, 2023.

Respectfully submitted,

**Bovis, Kyle, Burch & Medlin, LLC**

| | |
|---|---|
| 200 Ashford Center North | /s/ Kim M. Jackson |
| Suite 500 | Ga. State Bar No. 387420 |
| Atlanta, Georgia  30338-2668 | /s/ Zachary S. Lewis |
| Tel:  (770) 391-9100 | Ga. State Bar No. 689146 |
| Fax: (770) 668-0878 | |
| kjackson@boviskyle.com | *Counsel for Plaintiff* |
| zlewis@boviskyle.com | |

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing **Complaint for Declaratory Judgment** has been prepared in 14-point size Times New Roman font, in accordance with L.R. 5.1

                                        Respectfully submitted,

                                        **Bovis, Kyle, Burch & Medlin, LLC**

| | |
|---|---|
| 200 Ashford Center North | /s/ Kim M. Jackson |
| Suite 500 | Ga. State Bar No. 387420 |
| Atlanta, Georgia  30338-2668 | /s/ Zachary S. Lewis |
| Tel:  (770) 391-9100 | Ga. State Bar No. 689146 |
| Fax: (770) 668-0878 | |
| kjackson@boviskyle.com | *Counsel for Plaintiff* |
| zlewis@boviskyle.com | |