UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

CASE NO.:

AMERICAN DAKOTA, INC.,

    Plaintiff,

v.

WELL WOVEN, INC.,

    Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff AMERICAN DAKOTA, INC., by and through its undersigned counsel, brings this Complaint against Defendant WELL WOVEN, INC., for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff AMERICAN DAKOTA, INC., ("ADI") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute ADI's original copyrighted work of authorship.

2. ADI is a Georgia textile design studio founded in 2009 by Mark Ford. Mark Ford grew up in a textile town and spent his career learning the industry inside and out. In college, Ford majored in Fine Art and minored in Native

American Studies. It was a natural step for Ford to combine his love for Native American art and the textile industry. His company, ADI, specializes in creating Southwest, Cabin, and modern rug designs. ADI rugs use EnduraStran® nylon for a more durable and long-lasting rug. ADI builds and nurtures relationships with Indigenous artists in collaboration with their products and with an equal profit share.

    3.    Defendant WELL WOVEN, INC., ("WWI") is a New Jersey corporation with offices in New York, NY. WWI manufactures rugs. At all times relevant herein, WWI owned and operated the internet website located at the URL https://shop.wellwoven.com/ (the "Website").

    4.    ADI alleges that WWI copied ADI's copyright protected textile design, reproduced the design on rugs, publicly displayed and advertised the design on its Website and other online shopping websites, and distributed the design through its Website and other online shopping websites, including HomeDepot.com (operated by non-party The Home Depot, Inc. headquartered at 2455 Paces Ferry Rd. Nw, Atlanta, GA, 30339), all in connection with WWI's business activities. WWI committed the violations alleged in connection with WWI's business for purposes of advertising and promoting sales to the public in the course and scope of WWI's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Georgia.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, and Defendant is subject to personal jurisdiction in this district.

9. This Court has personal jurisdiction over Defendants pursuant to Georgia statutes because the conduct alleged against WWI occurred in this judicial district, WWI engaged in infringing acts by making, using and offering sale of the product in this judicial district, and the accused infringing product was distributed and sold to customers in this judicial district, through the use, in part, of a retailer (The Home Depot, Inc.) headquartered in this district.

## DEFENDANT

10. Well Woven, Inc., is a New Jersey corporation, incorporated pursuant to the laws of the State of New Jersey, with its principal place of business at 141 W 36th St. #12A, New York, NY 10018, and may be served with process by serving

its Chief Executive Officer, Adem Ogunc, at 54 Lafayette Ave., Unit B, Cliffside Park, NJ 07010.

## THE COPYRIGHTED WORK AT ISSUE

11. In 2010, Mark Ford created the design entitled "Old Crow-RED", which is shown below and referred to herein as the "Work".



12. ADI registered the Work with the Register of Copyrights on November 4, 2019 and was assigned the registration number VA 2-180-855. The Certificate of Registration is attached hereto as Exhibit 1.

13. ADI's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The Work is entirely creative, detailed, original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

14. At all relevant times ADI was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

15. ADI's business in creating and selling high-quality and unique rugs has resulted in infringement of ADI's Work.

16. WWI is in the business of creating and selling rugs at prices accessible to a wide range of consumers.

17. WWI promotes, advertises, distributes, and offers for sale cheap knockoffs of ADI's high-quality and unique rugs, thereby infringing on ADI's intellectual property rights

18. WWI offers its knockoff products on its website and through third party retailers such as Home Depot, Overstock, Wayfair, Lowes, and Bradley's. True and correct copies of the web pages captured and downloaded showing the infringing goods are attached hereto as Exhibit 2.

19. WWI's product is of a quality substantially different than that of ADI's genuine product. WWI uses low quality polypropylene material, whereas ADI uses high quality EnduraStran® nylon.

20. On a date after the Work at issue in this action was created, but prior to the filing of this action, WWI copied, publicly displayed, and distributed the Work.

21. On a date after the Work at issue in this action was created, but prior to the filing of this action, WWI created unauthorized derivative works of the Work.

22. On or about January 4, 2023, ADI discovered WWI's reproduction, distribution, and display of these unauthorized copies of its Work on the internet, including at the Website: https://shop.wellwoven.com/.

23. WWI copied, publicly displayed and distributed ADI's copyrighted Work without ADI's permission.

24. After WWI copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its rug manufacturing business.

25. WWI copied and distributed ADI's copyrighted Work in connection with WWI's business for purposes of advertising and promoting WWI's business, and in the course and scope of advertising and selling products and services.

26. WWI committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

27. ADI never gave WWI authority to copy, reproduce, distribute or display the Work at issue in this case.

28. ADI never gave WWI authority to make derivative works of the Work at any time.

29. When displaying the Work on its own website and when distributing the Work to third-party retailers to sell the Work, WWI claimed to be the owner of the Work despite knowing that it was not the original author or copyright owner of the Work.

30. ADI never authorized WWI to assert copyright ownership over the Work at any time.

31. WWI is actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their infringing good with the knowledge and intent that such good will be mistaken for the genuine high-quality rugs offered for sale by Plaintiff.

32. WWI is engaging in the above-described infringing activity knowingly and intentionally for the purpose of trading on Plaintiff's goodwill and reputation.

33. ADI notified WWI of the allegations set forth herein on January 27, 2023. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

34. ADI incorporates the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. ADI owns a valid copyright in the Work at issue in this case.

36. ADI registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

37. WWI copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without ADI's authorization in violation of 17 U.S.C. § 501.

38. WWI performed the acts alleged in the course and scope of its business activities.

39. WWI's acts were willful.

40. ADI has been damaged.

41. The harm caused to ADI has been irreparable.

## COUNT II
## DECEPTIVE OR UNFAIR TRADE

42. Plaintiff incorporates the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

43. This is an action against Defendant based on its promotion, advertisement, distribution, sale and/or offering for the sale of rugs that are virtually identical to ADI's Work in violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A §§ 10-1-372, et seq.

44. Defendant's activities complained of herein constitute unfair methods of competition.

45. Specifically, Defendant is actively promoting and otherwise advertising, selling, offering for sale and distributing a good using infringement of ADI's Work, and passing it off as its own.

46. Defendant's infringing activities are likely to cause and are causing confusion, mistake and deception of the general consuming public as to the origin and quality of Defendant's consumer product.

47. Defendant's infringing activities are likely to cause and are causing misunderstanding as to the source, sponsorship, approval, and certification of the goods or services it is selling through its own Website and those of third-party retailers.

SRIPLAW
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

48. Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendant's actions.

# COUNT III
## ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

49. ADI incorporates the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

50. Upon distributing the Work to the third-party retailers, WWI represented that it was the owner of the copyrighted Work in question, despite knowing that it was not.

51. WWI's name, as provided on its own website as the owner of the Work, constitutes copyright management information ("CMI") pursuant to 17 U.S.C. §§ 1202(c).

52. WWI's name, as provided to the public and third-party retailers as the owner of the Work, and as included with the third-party sales of the Work, constitutes copyright management information ("CMI") pursuant to 17 U.S.C. §§ 1202(c).

53. WWI conveyed the false CMI in connection with its distribution of the Work.

54. WWI knowingly and with the intent to induce, enable, facilitate, or conceal its infringement, provided false copyright management information to the public through its Website and to the third-party retailers selling its goods.

55. WWI distributed the Work to third-party retailers and the public knowing that the CMI conveyed with the Work was false.

56. WWI knowingly and with the intent to induce, enable, facilitate, or conceal infringement, distributed false CMI to the third-party retailers.

57. Upon information and belief, WWI was on notice that the Work is protected.

58. Upon information and belief, WWI was on notice that the Work belongs to ADI.

59. WWI nonetheless represented that it is the current owner of the copyrighted Work and knowingly, with the intent to induce, enable, facilitate, or conceal infringement, provided the Work to the public and third-party retailers for further distribution.

WHEREFORE, Plaintiff American Dakota, Inc. prays for judgment against Defendant Well Woven, Inc. that:

    a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be

preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202; and O.C.G.A. § 10-1-373.

    b.    Defendant be required to pay Plaintiff its actual damages and WWI's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

    c.    Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

    d.    Plaintiff be awarded pre- and post-judgment interest; and

    e.    Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: April 10, 2023        Respectfully submitted,

*/s/Evan A. Andersen*
EVAN A. ANDERSEN
Georgia Bar Number: 377422
Evan.andersen@sriplaw.com

**SRIPLAW, P.A.**
21310 Powerline Road
Suite 100
Boca Raton, FL  33433
404.496.6606 – Telephone
561.404.4353 – Facsimile

and

JOEL B. ROTHMAN
Georgia Bar Number: 979716
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff American ADI, Inc.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.C

Counsel for Oppenheimer hereby certifies that this document was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1.C.

This 10th day of April, 2023.

/s/Evan A. Andersen
EVAN A. ANDERSEN