IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT JAMES,<br><br>        Plaintiff,<br>v.<br><br>TOM VILSACK, Secretary<br>U.S. Department of Agriculture<br>(In his official capacity)<br><br><br><br>        Defendant. | Civil Action No.<br><br><br>Jury Trial Demand |

## COMPLAINT

## FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF

Plaintiff, by and through undersigned counsel, Jesse Kelly P.C., files this Compliant against Tom Vilsack, Secretary of the U.S. Department of Agriculture.

## INTRODUCTION

This is a case of employment discrimination, and violations of Section 504 of the Rehabilitation Act of 1973.

## JURISDICTION AND VENUE

1.

1

Plaintiff's claim presents federal questions against a federal sector employer and officials which this Court has jurisdiction pursuant to 28 U.S.C. §1331, and all prerequisites have been met. This suit is properly before this Court.

2.

Plaintiff timely initiated contact with the Equal Employment Opportunity (EEO) on May 11, 2022. Plaintiff received his Notice of Right to File a Formal EEO Complainant on June 9, 2022; but beforehand on June 7, 2022, Plaintiff filed his formal EEO complaint based on disability (visual impairment), harassment (non-sexual), and reprisal.

3.

On January 10, 2023, Plaintiff received the agency's Final Agency Decision (FAD) on the above referenced EEO claim.

4.

Plaintiff brings the above-entitled Complaint within 90 days of his receipt of the agency's Final Agency Decision.

5.

Venue is proper to pursuant to 28 U.S.C. §1391, as the violations of Plaintiff's rights occurred in the Northern District of Georgia. Venue is also proper under 28 U.S.C §1391(b) and (c), as all of the acts of which Plaintiff

complains occurred in the United States District Court for the Northern District of Georgia. Additionally, Defendant resides in this District.

## **PARTIES**

6.

Robert James is a full-time employee with the U.S. Department of Agriculture at all relevant times. During this period Plaintiff served a GS-12, Business Analyst, with Defendant. Plaintiff is a resident of Douglas County, GA and is a citizen of the United States.

7.

Defendant, Tom Vilsack, Secretary of the U.S. Department of Agriculture.

8.

The U.S. Department of Agriculture, is an employer within the meaning of 42 U.S.C. §200e(b) and has an its registered office in Washington, D.C. but holds an USDA Forest Service office in Atlanta, GA.

9.

## **FACTS**

Plaintiff began working at the U.S. Department of Agriculture in 2013 as part of the Client Liaison Group; he became a Business Analyst from 2020 until present.

10.

At all relevant times, Plaintiff's disabilities –visual impairment, post-traumatic stress syndrome (PTSD), carpal tunnel syndrome, and severe nerve damage – are consistent within the meaning of §504 of the Rehabilitation Act.29 U.S.C.S.§701 et seq.

11.

For purposes of the above-entitled claim, Plaintiff's visual impairment was the disability of contention.

12.

In 2021, Defendant approved Plaintiff's request for reasonable accommodations.

13.

After approval, Plaintiff was promised two computer monitors along with assistive software technology aimed at accommodating Plaintiff's vision impairment.

14.

However, during the relevant times in this case, the assistive software technology was never provided to Plaintiff.

15.

Though Plaintiff was originally provided access to two computer monitors to aid his vision when reading documents, on or before March 2022, one of Plaintiff's computer monitors was no longer working.

16.

In April 2022[1], and at various points before, Plaintiff repeatedly informed his supervisor that without the reasonable accommodations that he was approved for, he would need more time to read and complete task.[2]

17.

Despite his pleas for additional time or for Defendant to honor the accommodations that were approved, Plaintiff's supervisor often insisted that Plaintiff abide be the same deadlines placed on employees without Plaintiff's same disability.

18.

---

[1] In February and April of 2022, Plaintiff was required to take training to be the purchase card holder for his group. Some of the training materials were not complaint with Section 508 of the Rehabilitation Act –designed to ensure that information and communication technology (ICT) is assessable to people with disabilities. When Plaintiff requested additional time to complete the training, Erika Davis, his supervisor, insisted that he compete the required six or seven trainings in two or three days.

[2] Some of the acts of opposition listed in the EEOC's Compliance Manual include filing an EEOC charge, threatening to file an EEOC charge, complaining to anyone about alleged discrimination, refusing to obey an order because of a reasonable belief that it is discriminatory, and *requesting reasonable accommodation* or religious accommodation 591 PLI/Lit 729, 738-39 (1998). (Emphasis added) (quoting *Smith v. Wynfield Dev. Co.*, 451 F.Supp. 2d 1327, 1350 (N.D. Ga. 2006).

At all times relevant, Plaintiff's first and second level supervisors were Erika Davis, Business Analysist Supervisor, and Kristen Flemming, Branch Chief of the Business Analyst Group, respectively.

19.

According to their sworn declarations, both Erika Davis and Kristen Flemming were aware of Plaintiff's disability.

20.

On April 21, 2022, despite knowledge that Plaintiff was at work attending a National IM & CIO LT Partners meeting via Microsoft Teams, Erika Davis denied Plaintiff's time and attendance for pay period 8 because he was "unavailable" when she tried to call him on the same day.

21.

On May 11, 2022, while Plaintiff was on leave, Erika Davis also denied his Time and Attendance for pay period 9.

22.

On May 11, 2022, Erika Davis explained that she was denying Plaintiff's Time and Attendance for pay period 9 because he failed to code

April 27, 2022, as AWOL (Absent Without Leave) despite Davis's receipt of Plaintiff's April 27th email that he would be requesting FMLA.[3]

23.

On May 23, 2022, while Plaintiff was still on leave, Erika Davis again denied Plaintiff's Time and Attendance request for pay period 10 over a minor coding issue with FMLA.

24.

As result of Erika Davis's denial of Plaintiff's Time and Attendance request for pay periods 8-10 from April through May 2022, Plaintiff's paychecks were delayed which caused undue stress in meeting his bills and fiduciary obligations to his family and children. Plaintiff also need to reschedule a necessary eye surgery because he could not meet his required co-payments.[4]

25.

---

[3] *See* 29 CFR §825.313(b) "In the case of unforeseeable leave, an employer may deny FMLA coverage for the requested leave if the employee fails to provide a certification within 15 calendar days from receipt of the request unless not practical due to extenuating circumstances." Erika Davis's May 11th insistence that April 27th be coded as AWOL was only 14 calendar days after Plaintiff's FMLA request.

[4] "A diminution in pay or benefits can suffice even when the employer later provides back pay." *Greer v. Paulson*, 505 F. 3d. 1306, 1317, 378 U.S. App. D.C., 275 (D.C. Cir. 2007) (holding an AWOL designation was an adverse employment action).

On May 23, 2022, Erika Davis again denied Plaintiff's Time and Attendance request over a minor coding issue with FMLA.

COUNT I
DISABILITY DISCRIMINATION
IN VIOLATION OF THE REHABILITATION ACT OF 1973

26.

As set forth above, Plaintiff has a vision impairment, consistent with disabilities defined by the Rehabilitation Act. 29 U.S.C.S §791 et. seq.

27.

Though Plaintiff can perform the essential functions of his job without reasonable accommodation, he cannot perform them satisfactorily without accommodations.

28.

As one's ability to see affects their major life activities,[5] it took Plaintiff longer to complete task because his vision gets blurry, and it delays his speed in reading ordinary size text.

29.

During the relevant time, Plaintiff had worked at the USDA for more than nine years; and when he filed his EEO complaint, he had worked as a

---

[5] Seeing is recognized as a major life activity. *See* 29 U.S.C.S. §1630.2(i).

Business Analyst within the USDA for two years, as such Plaintiff was more than qualified.[6]

30.

In 2021, Plaintiff requested and was approved for reasonable accommodations that provided him with two computer monitors and assistive software technology to magnify screen images and read text for him.

31.

Though Plaintiff was approved for reasonable accommodations in 2021, the assistive technology portion of Plaintiff's reasonable accommodation did not arrive even well after Plaintiff filed an EEO complaint.

32.

On or prior to March 2022, one of Plaintiff's two computer monitors, that he relied upon to assist his reasonable accommodations, was no longer functioning.

33.

---

[6] "If a plaintiff has enjoyed a long tenure at a certain position, we can infer that he or she is qualified to hold that particular position." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1360 (11th Cir. 1999).

Despite Plaintiff's repeated request on and before April 2022 for either more time to complete assigned task or help securing all the repairs one of his two computer monitors, or the assistive software technology promised to him in his 2021 reasonable accommodation, Erika Davis held him to the same strict deadlines as employees that did not have Plaintiff's same disability limitations.

34.

Worst, Erika Davis often chided Plaintiff with comments denying he needed more time to complete tasks.

35.

Without additional time to complete the task or the resources promised in his 2021 reasonable accommodation request, Plaintiff was discriminated against based on his disability. This fact is exemplified by Erika Davis's April 2022 refusal to allow Plaintiff extra time to complete his training to be a card holder after learning that some of the training material was not compliant with Section 508 of the Rehabilitation Act.

COUNT II
FAILURE TO PROVIDE RESONABLE ACCOMMODATIONS
DUE TO UNREASONABLE DELAY
IN VIOLATION OF THE REHABILITATION ACT OF 1973

36.

As set forth above, Plaintiff has a vision impairment, consistent with disabilities defined by the Rehabilitation Act. 29 U.S.C.S §791 et. seq.

37.

Likewise, though Defendant promised Plaintiff double computer monitors and assistive software technology –to help magnify text on-screen and read documents for him, the resources promised in Plaintiff's 2021 reasonable accommodation were not all delivered.

38.

As late as August 2022, Plaintiff had yet to receive the software assistive technology aimed at magnifying text on screen and reading documents.

39.

On or prior to March 2022, one of the two computer monitors that Plaintiff relied on in absence of the assistive technology software, was no longer working.

40.

On or prior to March 2022, until at least August 2022, and possibly after, Plaintiff was forced to work without the double monitors and the assistive software technology that he was promised in his 2021 reasonable accommodation.

41.

During this time, even modest attempts to accommodate Plaintiff by allowing him extra time to work on task or trainings were routinely denied by his supervisor Erika Davis.

42.

Worst, Erika Davis often chided Plaintiff's pleas for extra time by arguing that he did not need it.

43.

Absent assistive software technology and or double monitors to aid Plaintiff's vision impairment, Plaintiff was working without a reasonable accommodation.

44.

As set forth above, Plaintiff was unable to satisfactorily perform his essential duties without a reasonable accommodation.

45.

Instead of offering alternative means to accommodate Plaintiff's disability, Defendant subjected him to an adverse employment action when he was ordered to change his Time and Attendance designation to reflect AWOL for April 27, 2022, rather than FMLA, after Plaintiff requested the same on the same day.

46.

## COUNT III
## RETALIATION
## IN VIOLATION OF THE REHABILITATION ACT OF 1973

47.

As set forth above, in April 2022, Plaintiff engaged in protected activity when – in absence of the two computer monitors and the assistive software technology approved in his reasonable accommodation request—he requested from Erika Davis additional time to complete training because of his visual impairment disability.

48.

On May 11, 2022, Plaintiff was subjected to an adverse employment action when his pay was delayed due to Erika Davis's insistence that April 27, 2022 –the date that Plaintiff requested FMLA—be instead changed by Plaintiff – while he was on leave—to reflect AWOL.

49.

On May 11, 2022, when Erika Davis denied Plaintiff's Time and Attendance because April 27, 2022, was not coded as AWOL, Plaintiff was still within the 15-day time limit to produce his medical certifications documents.

50.

As evident in Plaintiff's Certification of Health Care Provide for Employee's Serious Health Condition under FMLA dated May 13, 2022, Plaintiff's request for FMLA was due to "surgery, eye care."

51.

The close proximity of between Plaintiff's April 2022 protected activity and his May 11, 2022, adverse action employment action creates a reasonable presumption of causation.

52.

Additionally, Erika Davis's role as the common denominator in both Plaintiff's protected activity and his adverse employment action further solidifies the causal nexus between the two events.

## COUNT IV
## HARASSMENT
## IN VIOLATION OF THE REHABILITATION ACT OF 1973

53.

As set forth above, Plaintiff has a vision impairment, consistent with disabilities defined by the Rehabilitation Act. 29 U.S.C.S §791 et. seq.

54.

In April 2022, at and at various points prior to but after his 2021 reasonable accommodation approval, Plaintiff requested from Erika Davis (i) more time to complete his task, (ii) the assistive software technology he

was promised to assist with vision impairment, (iii) and or repairs to one of his two computer monitors.

55.

Despite his pleas, in April 2022 and at various points prior, Plaintiff was denied the accommodations he requested.

56.

Evident in the fact that the Defendant's denials of Plaintiff's request for reasonable accommodations resulted in additional stress, such denials were unwelcomed.

57.

As set forth above, while Plaintiff was on leave (later classified as FMLA), Erika Davis denied him Time and Attendance for pay period 8 on or about April 28, 2022.

58.

While still on leave, Erika Davis denied Plaintiff's Time and Attendance for pay period 9, because April 27, 2022, was not entered by the Plaintiff as AWOL.

59.

Again, on or about May 23, 2022, Erika Davis denied Plaintiff's Time and Attendance over a minor coding error.

60.

All the while, Erika Davis, and upper management Kristen Flemming and knew that Plaintiff was on leave.[7] Even after, he provided the USDA with proof that his leave was for "sugery, eye care," on May 13, 2022, Kristen Flemming little action to reign in Erika Davis's actions in denying Plaintiff's Time and Attendance between April 28, 2022, and May 23, 2022.

61.

The terms and conditions of Plaintiff's employment were affected when his paychecks were denied.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

A. That this Court take jurisdiction of this matter

B. That the Court award lost compensation and economic benefits of employment to the Plaintiff in the amount to be determined by the trier of fact;

C. That the Court award Plaintiff her cost of litigation in this action and her reasonable attorney's fees.

---

[7] Krista Flemming knew that Plaintiff was on sick leave as evidence by her email on or about April 26, 2022, agreeing to discuss issues with him after he returned from "SL."

D. That the Court grant Plaintiff the right to have a trial by the jury on all the issues triable to a jury; and

E. That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 10th day of April 2023.

 

**JESSE KELLY PC**
By:   /s/ Jesse L. Kelly
Jesse L. Kelly, Esq.
Georgia Bar No. 935869
355 Lenox Road Suite 1000
jesse@jkellypc.com

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1, the undersigned certifies that the foregoing document complies with the font and point selections permitted by L.R. 5.1(B). This documentwas prepared on a computer using Times New Roman font (14 point).

This 10th day of April 2023.

**JESSE KELLY PC**

*/s/ Jesse Kelly*
**Jesse L. Kelly**
Ga Bar No. 935869
3355 Lenox Rd. Suite 1000,
Atlanta, GA 30326
Phone: (678) 460-6801
Fax: (678) 730-3443
jesse@jkellypc.com