IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| *In re:* <br><br> **Subpoena Issued to Caldwell Cassady & Curry** | Miscellaneous Action No. _____ <br><br> [Underlying Case Pending in Northern District of California, CA No. 3:22-cv-01832-WHO] |

### APPLE INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH DOCUMENT SUBPOENA OR, IN THE ALTERNATIVE, TO TRANSFER

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. ("Apple"), hereby files this Memorandum of Law in Support of Apple's Motion to Quash Plaintiff's Subpoena to Non-Party Caldwell, Cassady, & Curry or in the alternative, to transfer the subpoena to the district of the underlying case pending in the Northern District of California (the "Motion").

1

I.  **INTRODUCTION**

Plaintiff R.N Nehushtan Trust, Ltd. ("the Trust") filed a patent infringement lawsuit against Defendant Apple Inc. ("Apple") in the District Court of the Northern District of California (the "Trust NDCAL case"). *See* Compl., Ex. A. The technology at issue in the Trust NDCAL case is secure operating system updating. *Id.* at ¶¶ 7–13. In the course of discovery, the Trust has repeatedly requested from Apple documents related to cases brought by VirnetX Inc. against Apple's FaceTime (videoconferencing) and VPN-On-Demand functionality (the "VirnetX Cases"). Apple made clear to the Trust that the VirnetX Cases involve *different* facts, *different* accused products, and *different* patents directed to *different* technology that have *no* connection to the Trust NDCAL case.

Nonetheless, the Trust revived its fishing expedition by serving a subpoena (the "Subpoena") on Caldwell, Cassady & Curry ("Caldwell")—one of the law firms that represented VirnetX. *See* Ex. B.  The Subpoena seeks production of documents related to (1) VirnetX's patent licenses with third parties; (2) assessment of whether licenses were technologically comparable to a hypothetical negotiation between VirnetX and Apple; and (3) VirnetX's damages claims against Apple's FaceTime

and VPN-On-Demand functionality for alleged infringement of VirnetX patents.[1] Apple respectfully requests that this Court quash the Subpoena or in the alternative, transfer it to the Northern District of California because the sought documents related to the VirnetX Cases (1) are not relevant to the Trust's NDCAL case and (2) include other third-parties' confidential information that is protected from disclosure under the terms of the court-entered protective orders in the VirnetX Cases.

## II. STATEMENT OF FACTS

### A. The Trust's Suit Against Apple in the Northern District of California

The Trust filed its Complaint accusing Apple of patent infringement on March 23, 2022 in the District Court of the Northern District of California based on two patents: U.S. Patent Nos. 9,642,002 (the '002 patent) and 9,635,544 (the '544 patent). *See* Compl., Ex. A. The '002 patent and the '544 patent purport to offer a way to protect cell phones from hacking. *See, e.g.*, Ex. C, '002 patent at 1:20-24 ("The present invention relates to cellular device security apparatus and methods and, more particularly, but not exclusively to a security system for protection of data and access thereto, including read and write access to configuration data, in a cellular

---

[1] Based on the parties' meet and confer, it is Apple's understanding that the Trust's alleged basis for seeking these documents is that they are purportedly relevant to its damages contentions. *See* Declaration of Dexter Whitley ("Whitley Decl."), at ¶¶ 2–4.

3

telephony device."). The Trust accuses the secure operating system update functionality of certain iPhones, iPads, and Apple Watches made between 2014 and the present of infringing its patents. *See* Compl., Ex. A, at ¶¶ 14–21. Discovery for the Trust NDCAL case opened on June 1, 2022. The parties exchanged several rounds of discovery.

### B. The VirnetX Cases

The Trust identified the following VirnetX cases as the basis of discovery requests to Apple and in the Subpoena to Caldwell: *VirnetX Inc., et al. v. Apple Inc.*, Case No. 6:10-cv-00417 (E.D. Tex.) (the "417 case") and *VirnetX Inc., et al. v. Apple Inc.*, Case No. 6:12-cv-00855 (E.D. Tex.) (the "855 case"). *See* Subpoena, Ex. B, at 3; Ex. D, at 2 (Pl.'s Third Set of Reqs. for Production (Nos. 36–41)); Ex. E, at 2 (Pl.'s Fifth Set of Reqs. for Production (Nos. 43–64)). Both cases were filed in the District Court of the Eastern District of Texas years before Apple began making the iPhones, iPads, and Apple Watches that the Trust now accuses of infringement. *See* Ex. F (417 Case Compl.); Ex. G (855 Case Compl.). The VirnetX patents generally claim improvements for creating virtual private networks that allow for secure and private communications between computers over public networks. *VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 798 (Fed. Cir. 2019). VirnetX accused the VPN-On-

Demand and FaceTime (video telephony) functionalities of certain Apple iPhones, iPods, and iPads of infringing its patents. *Id.* at 800.

In the 417 case, a jury awarded VirnetX a damages award after finding Apple infringed two of VirnetX's patents. *VirnetX Inc. v. Apple Inc.*, No. 6:10-CV-417, 2020 WL 10223391, at *1 (E.D. Tex. Sept. 1, 2020). The total award amounted to $439 million after enhancement, certain attorneys' fees, costs, and prejudgment interests. *Id.* Ultimately, the Federal Circuit affirmed the Patent and Trial Appeal Board finding that the underlying patent claims were invalid. *Id.* at *1-2. The district court, however, denied Apple's Rule 60(b)(6) motion seeking to set aside the final judgment finding Apple's motion was untimely. *Id.* at *3-5.

In the 855 case, a jury found Apple infringed two other VirnetX patents and awarded over $500 million in damages. *VirnetX*, 792 F. App'x at 798. On March 31, 2023, the Federal Circuit vacated the district court's judgment and remanded with instructions to dismiss the case as moot in view of the Federal Circuit affirming the Patent and Trial Appeal Board finding that the patents underlying that verdict were invalid. *VirnetX Inc. v. Apple Inc.,* No. 2021-1672, slip op. at 2 (Fed. Cir. Mar. 31, 2023).

### C. The Trust's Discovery Requests

Over the course of discovery, the Trust made several attempts to obtain documents related to the VirnetX Cases. On September 21, 2022, Plaintiff served Apple with Plaintiff's Third Set of Requests for Production (Nos. 36-41). *See* Ex. D. Those requests concerned license agreements, expert reports, and deposition transcripts supporting the calculation of damages in the VirnetX Cases. Apple objected to them on several grounds, including the lack of relevance and Apple's confidentiality obligations to VirnetX and third parties, and did not produce responsive documents. On March 28, 2023, the Trust expanded its requests to Apple, serving a Fifth Set of Requests for Production, again, seeking license agreements, expert reports, and deposition transcripts supporting the calculation of damages in the VirnetX Cases. Ex. E. Apple will be objecting to these requests on the same grounds as it did to the Third Set of Requests for Production.

On March 27, 2023, the Trust issued a Subpoena to Caldwell. *See* Subpoena, Ex. B. Apple met and conferred with the Trust on April 6, 2023 to explain Apple's objections to the Subpoena. Whitley Decl. at ¶ 3. The parties agreed on the meet and confer that they had reached an impasse. *Id.* at ¶ 4. Apple now moves the Court to quash the Subpoena or transfer it to the Northern District of California.

### III. <u>LEGAL STANDARDS</u>

Rule 45 of the Federal Rules of Civil Procedure permits a party to seek discovery from a non-party to the litigation by serving a subpoena. *See* Fed. R. Civ. P. 45(a). When a party opposes the subpoena, "[a] motion to quash under Rule 45(d)(3)(A) is the proper vehicle. . .to challenge the subpoena served on a non-party." *Lake Eola Builders, LLC v. Metro. At Lake, Eola, LLC*, No. 1:05-CV-1931-MHS, 2005 WL 8155666, at *2 (N.D. Ga. Sept. 7, 2005) (citations omitted).

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery and allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Courts must "balance the needs for discovery against the burdens imposed when parties are ordered to produce information or materials, and the status of a person or entity as a non-party is a factor which weighs against disclosure." *Echostar Commc'ns Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998). Although the scope of discovery is generally broad, a subpoena "may be quashed if it calls for 'clearly irrelevant' matter." *Shajanand 1, LLC v. Owners Ins. Co.*, No. 1:13-CV-47-WLS, 2013 WL 4735594, at *2 (M.D. Ga. Sept. 3, 2013) (citations omitted). Like discovery served on parties, both time period and subject matter must be sufficiently narrow in scope for the information requested in a non-party

subpoena to be relevant. *See Smith v. Ga. Energy USA*, *LLC*, No. CV208-020, 2013 WL 12239549, at *1-2 (S.D. Ga. Oct. 30, 2013); *Shajanand*, 2013 WL 4735594, at *2.

## IV. ARGUMENT

### A. Apple has Standing to Move to Quash the Trust's Subpoena

Apple has a personal right with respect to the materials sought by the Subpoena because the documents requested contain Apple's confidential information about the functionality accused in that case. *See Cellairis Franchise, Inc. v. Duarte*, 193 F. Supp. 3d 1379, 1381 (N.D. Ga. 2016) (explaining that a party has standing to quash a subpoena served on a non-party if that party "alleges a 'personal right or privilege with respect to the materials subpoenaed'")(quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). Apple also has an interest in protecting the material sought because it encompasses third party confidential information which Apple only had permission to produce in the VirnetX Cases, as well as other third party and VirnetX confidential information produced in the VirnetX Cases subject to the protective orders entered in the VirnetX Cases (collectively, the "Protective Orders"). *See* Ex. H (417 Case Protective Order); Ex. I (855 Case Protective Order); Ex. J (417 Case Amended Protective Order).

Because the documents requested by the Subpoena implicate Apple, VirnetX, and third party confidential information, and Apple owes obligations under applicable confidentiality agreements and Protective Orders, Apple has standing to file this motion and as discussed below, requests that this Court quash the subpoena.

### B. Under Rule 45, the Court Must Quash the Subpoena Because it Imposes an Undue Burden

Upon timely motion, courts must quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). In assessing whether a subpoena imposes undue burden, courts look to (1) the relevance, (2) the need, (3) and the confidentiality of the requested materials, plus (4) the harm that compliance would cause the subpoenaed party. *U.S. Willis v. SouthernCare, Inc.*, No. CV410-124, 2015 WL 5604367, at n.5 (S.D. Ga. Sept. 23, 2015) (internal citations omitted). Here, (1) the sought materials are irrelevant to the patent dispute between the Trust and Apple; and (2) the sought materials are highly confidential and include third party confidential material that was only produced in the VirnetX Cases subject to Protective Orders limiting its use to the VirnetX Cases. Accordingly, the Subpoena imposes an undue burden and Apple moves this Court to quash it.

#### 1. The Sought Material Is Not Relevant

In the NDCAL case, the Trust will seek to establish a reasonable royalty for Apple's secure operating systems updates' alleged infringement of the Trust's '002

9

and '544 patents. The reasonable royalty analysis requires a thought exercise where the parties imagine a hypothetical negotiation between a willing licensor [Trust] and a willing licensee [Apple] taking place when the infringement first began [asserted by the Trust to be April 25, 2017]. *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 868 (Fed. Cir. 2010). *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970) provides a list of factors that may be considered in determining the reasonable royalty the parties in a hypothetical negotiation would agree to, including the rates paid by the licensee for the use of other patents comparable to the patents-in-suit, the royalties received by the patentee for licensing of the patent-in-suit, and the commercial relationship between the licensor and licensee.

 Despite the fact that none of the *Georgia-Pacific* factors consider a hypothetical negotiation from an unrelated lawsuit involving different patents, different technology, and a non-party licensor, the Subpoena seeks production of documents related to VirnetX's damages claims for alleged infringement of VirnetX's patents[2] by Apple's FaceTime and VPN-On-Demand. Specifically, it seeks documents relating to (1) VirnetX's patent licenses with third parties

---

[2] The PTAB subsequently found (and the Federal Circuit affirmed) the asserted VirnetX patents to be invalid. *See supra*, Section II.B.

(Requests Nos. 5, 9-10); (2) assessment of whether VirnetX's licenses of its patents were technologically comparable to a hypothetical negotiation between VirnetX and Apple (Requests Nos. 6-8); and (3) VirnetX's damages claims against Apple's FaceTime and VPN-On-Demand for alleged infringement of VirnetX patents (Requests Nos. 1-4).  Apple shows the utter lack of relevancy for each category below.

(1) VirnetX's patent licenses with third parties (Requests Nos. 5, 9-10).  While VirnetX's patent licenses with third parties may be *relevant to establishing the value of the VirnetX patent portfolio*; they are not relevant to the value of the patents asserted by the Trust.  *See ResQNet.com*, 594 F.3d at 869 (explaining that courts should not rely upon license agreements that are "radically different from the hypothetical agreement under consideration").

(2) Assessment of whether VirnetX's licenses of its patents were technologically comparable to a hypothetical negotiation between VirnetX and Apple (Requests Nos. 6-8).  The requests relating to assessments of whether VirnetX's licenses with third parties were technologically comparable to a hypothetical negotiation *between VirnetX and Apple* does not have any bearing here in the Trust's case against Apple where the issue is the Trust's hypothetical negotiation with Apple.  The Trust has not licensed its patents to anyone. Ex. K, at

11

7 (Nehuhstan's Resps. to Apple's Interrogs. 1-9). The Trust therefore cannot argue that any of its licenses with third parties (because no licenses exist) are technologically comparable to a hypothetical negotiation with Apple.

(3) VirnetX's damages claims against Apple's FaceTime and VPN-On-Demand for alleged infringement of VirnetX patents (Requests Nos. 1-4). The requests for documents concerning VirnetX's damages claims for the technology-at-issue in the VirnetX Cases, Apple's FaceTime video calling functionality and VPN-On-Demand, relate to entirely different technology than the software updating technology at issue in the Trust's NDCAL Case. VirnetX's damages claims are thus irrelevant to the Trust's damages claims. *See Wi-Lan Inc. v. Research in Motion Corp.*, 2010 WL 2998850, at *6 (S.D. Cal. July 28, 2010) (granting motion to quash where the non-practicing entity suing for patent infringement could not demonstrate how non-party portfolio licenses "involving different standards for a different technology" were relevant to the damages analysis in the instant case). Moreover, any apportionment done in the VirnetX matters reflects the contribution of VirnetX's patents to the technology at issue in those matters, not any purported contribution of the Trust's patents to the technology at issue in the NDCAL Case. Also, the commercial relationship between Apple and VirnetX differed from that between Apple and the Trust. The Trust has never developed, made, or sold a product

12

embodying the Trust patents.  Ex. K at 8 (Nehushtan's Resps. to Apple's Interrogs. 1-9).  In contrast, VirnetX contended that it had its own technology, the Gabriel technology, which practiced the claimed inventions and could be implemented by Apple to replace Apple's allegedly infringing software and servers.  *VirnetX Inc. v. Apple Inc.*, Case 6:10-cv-00417-RWS, Feb. 26, 2013 Memorandum and Order at 38.

### 2. The Subpoena Requires the Disclosure of Highly Confidential Information of Third Parties Subject to Protective Orders in the VirnetX Cases

The Protective Orders entered by the Courts in the VirnetX cases prohibit use of any confidential information produced in discovery for any purpose other than the VirnetX Cases, and include a prohibition against the use of information in other litigations.  *See* Ex. H, at 4–5 (417 Case Protective Order); Ex. J, at 2 (417 Case Amended Protective Order); Ex. I, at 4–5 (855 Case Protective Order).  For example, the Protective Order provides in relevant part below:

> All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

*See* Ex. H, at 4–5 (417 Case Protective Order).  The confidentiality obligations associated with each of the Protective Orders remain in effect until the producing

13

party agrees otherwise in writing or a court order otherwise directs. *Id.* at 4; Ex. J, at 4 (417 Case Amended Protective Order); Ex. I, at 4 (855 Case Protective Order).

The Subpoena requests documents and deposition transcripts that VirnetX and Apple, as well as third parties, designated confidential in the VirnetX Cases. For example, the requested materials include confidential patent licenses with third parties. Subpoena, Ex. B, at 5. These materials are protected by the Protective Orders. *See* Ex. H, at 4–5 (417 Case Protective Order); Ex. J, at 2 (417 Case Amended Protective Order); Ex. I, 4–5 (855 Case Protective Order). Both Apple and VirnetX have an obligation to keep them confidential. Moreover, the Protective Orders require that they cannot be used or disclosed beyond the VirnetX Cases in which they were produced, and the parties are required to destroy the materials once the VirentX Cases resolve. Ex. H, at 30 (417 Case Protective Order); Ex. J, at 5 (417 Case Amended Protective Order); Ex. I, at 30 (855 Case Protective Order).

The Trust is not entitled to the sought after highly confidential documents from the VirnetX Cases, especially as those documents are irrelevant to the claims at issue in the Trust's NDCAL Case. Therefore, this Motion to quash should be granted.

    **C.**    **Alternatively, Apple Requests the Court Transfer the Motion to Quash to the Forum Court**

"Whether to transfer a subpoena-related motion to the issuing court is committed to the discretion of the court where compliance is required." *Williams v. Big Picture Loans LLC*, No. 17-MC-80166-SVK, 2018 WL 707605, at *2 (N.D. Cal. Feb. 5, 2018). Courts transfer motions to quash to the jurisdiction where the suit was filed in special circumstances, including when the non-party consents to the transfer and when the court determines that the complexity of the underlying litigation make it appropriate for the forum court to handle. *Melder v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 1899569, *4 (N.D. Ga., Apr. 25, 2008).

Here, the Northern District of California is familiar with the technology in the case making it well-suited to resolve the question of relevancy of the sought documents. As part of the claim construction process, the parties submitted technology tutorials to the forum court, it held a Markman hearing, and it issued an opinion construing the meaning of disputed patent terms. *See* Ex. L (*Markman* Order). Thus, the Northern District of California is in the best position to decide the underlying discovery dispute: whether the Subpoena requests are relevant to the damages issues in the case. *See Williams*, 2018 WL 707605, at *2 ("The Virginia district court is far better situated than this Court to determine whether the subpoena to Aranca falls within current scope of discovery in the Virginia action."). Moreover, rather than burdening Caldwell and this Court with this Subpoena, the

15

underlying dispute over materials relating to the VirnetX Cases could have, at least in part, been resolved through a motion to compel against Apple brought in the NDCAL Case.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant the motion and quash the Subpoena. Alternatively, Apple requests the Court transfer the motion to quash the Subpoena to the Northern District of California.

Dated: April 10, 2023          FISH & RICHARDSON P.C.

By: */s/ Dexter J. S. Whitley*
Dexter J. S. Whitley (577066)
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor,
Atlanta, GA 30309
Phone: 404-724-2808
Fax: 404-892-5002
Email: whitley@fr.com

Katherine D. Prescott (SBN 215496)
Jeanel N. Sunga (SBN 333815)
Fish & Richardson P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Phone: 650-893-5070
Fax: 650-839-5071
Email: prescott@fr.com
Email: sunga@fr.com

Kathryn Quisenberry
Karrie Wheatley, Ph.D.
Fish & Richardson P.C.
909 Fannin Street, Suite 2100
Houston, Texas 77010
Phone: 713-654-5300
Fax: 713-652-0109
Email: quisenberry@fr.com
Email: wheatley@fr.com

Joy Kete
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02110
Phone: 617-542-5070
Fax: 617-542-8906
Email: kete@fr.com

**COUNSEL FOR DEFENDANT APPLE INC.**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1(B). This document was prepared on a computer using Times New Roman font (14 point).

This 10th day of April 2023.

*/s/ Dexter J. S. Whitley*
Dexter J. S. Whitley

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2023, I filed the MEMORANDUM OF LAW IN SUPPORT with the Clerk of Court using the CM/ECF system and served true copies of same via email on the following counsel of record in *R. N Trust v. Apple Inc.*, Case No. 3:22-cv-01832-WHO, (N.D.C.A.).

| | |
|---|---|
| Korula T. Cherian (SBN 133967)<br>Robert M. Harkins, Jr. (SBN 179525)<br>Cherian LLP<br>1936 University Avenue, Suite 350<br>Berkeley, CA 94704<br>(510) 944-0185<br>Email: sunnyc@ruyakcherian.com<br>Email: bobh@ruyakcherian.com | John L. North<br>Steven G. Hill<br>David K. Ludwig<br>Hill, Kertscher & Wharton<br>3625 Cumberland Blvd.<br>Suite 1050<br>Atlanta, GA 30339<br>770-953-0995<br>Fax: 770-953-1358<br>Email: servicernnapple@hkw-law.com<br>Email: jln@hkw-law.com<br>Email: sgh@hkw-law.com<br>Email: dludwig@hkw-law.com |

*/s/ Dexter J. S. Whitley*
Dexter J. S. Whitley