# EXHIBIT E

KORULA T. CHERIAN (SBN 133697)
ROBERT M. HARKINS, JR. (SBN 179525)
CHERIAN LLP
1936 University Ave, Suite 350
Berkeley, CA  94704
Telephone: (510) 944-0190
sunnyc@cherianllp.com
bobh@cherianllp.com

JOHN L. NORTH, ESQ. (GA SBN: 545580) (*pro hac vice*)
jln@hkw-law.com
STEVEN G. HILL, ESQ. (GA SBN: 354658) (*pro hac vice*)
sgh@hkw-law.com
DAVID K. LUDWIG (CT SBN: 435310) (*pro hac vice*)
dludwig@hkw-law.com
HILL, KERTSCHER & WHARTON, LLP
3625 Cumberland Blvd., Suite 1050
Atlanta, GA 30339
Tel: (770) 953-0995
Fax: (770) 953-1358

*Attorneys for Plaintiff R.N Nehushtan Trust Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **R.N NEHUSHTAN TRUST LTD.**,<br><br>                  Plaintiff,<br><br>     v.<br><br>**APPLE INC.**,<br><br>                  Defendant. | Case No. 3:22-CV-01832-WHO<br><br>**PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION (NOS. 43 - 64) DIRECTED TO DEFENDANT APPLE INC.** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff R.N Nehushtan Trust Ltd. ("RNN Trust") hereby propounds the following Request for Production upon Apple Inc. ("Apple").

- 1 -

PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION (NOS. 43 - 64)
DIRECTED TO DEFENDANT APPLE INC.

**DEFINITIONS**

1. The "417 Action" shall mean and refer to *VirnetX v. Cisco Systems, et al.*, United States District Court for the Eastern District of Texas, No. 6:10-cv-00417-RWS, *affirmed*, 748 F. App'x 332 (Fed. Cir. 2019) (*per curiam*), *cert. denied*, 140 S. Ct. 1122 (2020).

2. The "855 Action" shall mean *VirnetX Inc. v. Apple, Inc.*, United States District Court for the Eastern District of Texas, No. 6:12-cv-00855-RWS.

3. "Accused Apple Devices", Plaintiff R.N Nehushtan Trust Ltd.'s Amended Disclosure of Asserted Claims and Infringement Contentions, October 31, 2022.

**DOCUMENT REQUESTS**

**REQUEST NO. 43:** Each expert report of Roy Weinstein in the 417 Action.

**REQUEST NO. 44:** Each deposition transcript of Roy Weinstein, including deposition exhibits, in the 417 Action.

**REQUEST NO. 45:** The portion of each trial transcript showing testimony by Roy Weinstein, including any trial exhibits discussed therein, in the 417 Action.

**REQUEST NO. 46:** Non-privileged documents produced in the 417 Action sufficient to show how/why Roy Weinstein determined a per unit license fee to Apple of $1.20, based on an average of six prior VirnetX license agreements (with each of Mitel, Aastra, Microsoft, NEC, Siemens, and Avaya).

**REQUEST NO. 47:** The six prior VirnetX license agreements (with each of Mitel, Aastra, Microsoft, NEC, Siemens, and Avaya) relied upon by Roy Weinstein in the 417 Action.

**REQUEST NO. 48:** Non-privileged documents produced in the 417 Action sufficient to show Roy Weinstein's rationale and conclusions regarding a reasonable per unit license fee based on each of the six prior VirnetX license agreements (with Mitel, Aastra, Microsoft, NEC, Siemens, and Avaya) before concluding that the average per unit license fee to Apple was $1.20.

**REQUEST NO. 49:** Any expert report served in the 417 Action relating to the technical comparability of any of the patents licensed in the six prior VirnetX license agreements (with Mitel, Aastra, Microsoft, NEC, Siemens, and Avaya) to any of the patents-in-suit, i.e., U.S. Patent Nos. 6,502,135 ("the 135 patent"), 7,490,151 ("the 151 patent"), 7,418,504 ("the 504 patent"), and 7,921,211 ("the 211 patent").

**REQUEST NO. 50:** Any deposition transcript or portion of a trial transcript of any witness who testified in the 417 Action to the technical comparability of any of the patents licensed in the six prior VirnetX license agreements (with Mitel, Aastra, Microsoft, NEC, Siemens, and Avaya) to any of the patents-in-suit, i.e., U.S. Patent Nos. 6,502,135 ("the 135 patent"), 7,490,151 ("the 151 patent"), 7,418,504 ("the 504 patent"), and 7,921,211 ("the 211 patent").

**REQUEST NO. 51:** Each expert report of Roy Weinstein in the 855 Action.

**REQUEST NO. 52:** Each deposition transcript of Roy Weinstein, including deposition exhibits, in the 855 Action.

**REQUEST NO. 53:** The portion of each trial transcript showing testimony by Roy Weinstein, including any trial exhibits discussed during said testimony, in the 855 Action.

**REQUEST NO. 54**: Non-privileged documents produced in the 855 Action sufficient to show how/why Roy Weinstein determined a per unit license fee to Apple of $1.20, based on an average of six prior VirnetX license agreements (with each of Mitel, Aastra, Microsoft, NEC, Siemens, and Avaya).

**REQUEST NO. 55:** Non-privileged documents produced in the 855 Action sufficient to show Roy Weinstein's rationale and conclusions regarding a reasonable per unit license fee based on each of the six prior VirnetX license agreements (with Mitel, Aastra, Microsoft, NEC, Siemens, and Avaya) before concluding that the average per unit license fee to Apple was $1.20.

**REQUEST NO. 56:** Any expert report served in the 855 Action relating to the technical comparability of any of the patents licensed in the six prior VirnetX license agreements (with Mitel, Aastra, Microsoft, NEC, Siemens, and Avaya) to any of the patents-in-suit, i.e., U.S. Patent Nos. 6,502,135 ("the 135 patent"), and 7,490,151 ("the 151 patent").

**REQUEST NO. 57:** Any deposition transcript or portion of a trial transcript of any witness in the 855 Action who testified to the technical comparability of any of the patents licensed in the six prior VirnetX license agreements (with Mitel, Aastra, Microsoft, NEC, Siemens, and Avaya) to any of the patents-in-suit, i.e., U.S. Patent Nos. 6,502,135 ("the 135 patent"), and 7,490,151 ("the 151 patent").

**REQUEST NO. 58:** Any deposition or trial testimony of VirnetX then-CEO Mr. Kendall Larsen in the 855 Action about the circumstances associated with VernetX entry into any of the six prior VirnetX license agreements (with Mitel, Aastra, Microsoft, NEC, Siemens, and Avaya).

**REQUEST NO. 59:** To the extent not already provided, the number of unit sales, revenues and profits Apple has derived from each of the Accused Apple Devices for at least the years 2007 through the present date.

**REQUEST NO. 60:** Documents reflecting the popularity of the Accused Apple Devices from 2007 through 2017.

**REQUEST NO. 61:** For each of the patent license agreements produced by Apple in this case, documents referring or relating to the negotiations predating the execution of the license agreement.

**REQUEST NO. 62:** Documents sufficient to show Apple's internal rate of return and internal cost of capital for each of 2009 and 2017.

**REQUEST NO. 63:** Apple's internal business case documents and Apple's sales projections for each release of the iPhone, iPad and Apple Watch, up through April 25, 2017.

- 5 -

PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION (NOS. 43 - 64)
DIRECTED TO DEFENDANT APPLE INC.

1 **REQUEST NO. 64**: To the extent Apple claims the ability to design around any of the patents-in-suit, all documents describing said design around and all documents estimating the cost of any potential design around.

DATED: March 28, 2023

/s/John L. North
John L. North (GA SBN: 545580) (pro hac vice)
jln@hkw-law.com

*Attorney for Plaintiff R.N Nehushtan Trust Ltd.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2023, I caused a copy of the foregoing to be served via electronic mail to the all counsel of record.

| |
|---|
| */s/ John L. North* <br> John L. North <br> Georgia Bar No. 545580 <br> *Attorney for Plaintiff* |

PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION (NOS. 43 - 64)
DIRECTED TO DEFENDANT APPLE INC.