# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC. and <br> SCIENCE APPLICATIONS <br> INTERNATIONAL CORPORATION <br><br> PLAINTIFFS, <br><br> vs. <br><br> APPLE INC. <br><br> DEFENDANT. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 6:12-cv-855 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF VIRNETX INC.'S AND PLAINTIFF SCIENCE APPLICATIONS INTERNATIONAL CORPORATION'S ORIGINAL COMPLAINT**

Plaintiff VirnetX Inc. ("VirnetX") and Plaintiff Science Applications International Corporation ("SAIC") file this Original Complaint against Defendant Apple Inc. for patent infringement under 35 U.S.C. § 271 and in support thereof would respectfully show the Court the following:

**THE PARTIES**

1.      Plaintiff VirnetX is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 308 Dorla Ct., Zephyr Cove, NV 89448.

2.      Science Applications International Corporation ("SAIC") is a corporation formed under the laws of the state of Delaware with a principal place of business at 1710 SAIC Drive, Mclean, Virginia 22102.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. § 1338.

4. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

5. This Court has personal jurisdiction over Defendant Apple. Apple has conducted and does conduct business within the State of Texas. Apple, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products and/or services in the United States, the State of Texas, and the Eastern District of Texas. Apple, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Eastern District of Texas. These infringing products and/or services have been and continue to be purchased and used by consumers in the Eastern District of Texas. Apple has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

## ASSERTED PATENTS

6. On December 31, 2002, United States Patent No. 6,502,135 ("the '135 patent") entitled "Agile Network Protocol for Secure Communications with Assured System Availability" was duly and legally issued with Edmund Colby Munger, Douglas Charles Schmidt, Robert Dunham Short, III, Victor Larson, Michael Williamson as the named inventors after full and fair

examination. VirnetX, together with SAIC, owns all rights, title, and interest in and to the '135 patent[1] and possesses all rights of recovery under the '135 patent. A copy of the '135 patent is attached as Exhibit A.

7. On August 26, 2008, United States Patent No. 7,418,504 ("the '504 patent") entitled "Agile Network Protocol for Secure Communications Using Secure Domain Names" was duly and legally issued with Victor Larson, Robert Dunham Short, III, Edmund Colby Munger, and Michael Williamson as the named inventors after full and fair examination. VirnetX, together with SAIC, owns all rights, title, and interest in and to the '504 patent[2] and possesses all rights of recovery under the '504 patent. A copy of the '504 patent is attached as Exhibit B.

8. On February 10, 2009, United States Patent No. 7,490,151 ("the '151 patent") entitled "Establishment of a Secure Communication Link Based on a Domain Name Service (DNS) Request" was duly and legally issued with Edmund Colby Munger, Robert Dunham Short, III, Victor Larson, and Michael Williamson as the named inventors after full and fair examination. VirnetX, together with SAIC, owns all rights, title, and interest in and to the '151 patent[3] and possesses all rights of recovery under the '151 patent. A copy of the '151 patent is attached as Exhibit C.

9. On April 5, 2011, United States Patent No. 7,921,211 ("the '211 patent") entitled "Agile Network Protocol for Secure Communications Using Secure Domain Names" was duly and legally issued with Victor Larson, Robert Dunham Short, III, Edmund Colby Munger, and

---

[1] SAIC maintains an equity interest and review rights related to the '135 patent.

[2] SAIC maintains an equity interest and review rights related to the '504 patent.

[3] SAIC maintains an equity interest and review rights related to the '151 patent.

Michael Williamson as the named inventors after full and fair examination. VirnetX, together with SAIC, owns all rights, title, and interest in and to the '211 patent[4] and possesses all rights of recovery under the '211 patent. A copy of the '211 patent is attached as Exhibit D.

## COUNT ONE
## PATENT INFRINGEMENT BY APPLE

10. VirnetX incorporates by reference paragraphs 1-9 as if fully set forth herein. As described below, Apple has infringed and/or continues to infringe the '135, '151, '504, and '211 patents.

11. At least Apple's servers and other Apple computers that support the VPN On Demand functionality, when configured and operating in a system as specified by Apple, and Apple's iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad mini, and all Apple computers/hardware associated with the operation of the Mountain Lion operating system, when configured and operating in a system as specified by Apple, infringe at least system claims 10 and 12 of the '135 patent. Apple makes and/or uses these systems and thus directly infringes at least claims 10 and 12 of the '135 patent.

12. The use of at least Apple's servers and other Apple computers that support the VPN On Demand functionality, when configured and operating in a system as specified by Apple, and Apple's iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad mini, and all Apple computers/hardware associated with the operation of the Mountain Lion operating system as intended by Apple infringes at least method claims 1, 3, 7, 8, and 9 of the '135 patent. Apple uses these products and thus directly infringes at least claims 1, 3, 7, 8, and 9 of the '135 patent.

---

[4] SAIC maintains an equity interest and review rights related to the '211 patent.

13. In addition, Apple provides at least its iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad mini, and all Apple computers/hardware associated with the operation of the Mountain Lion operating system to others, such as resellers and end-user customers, in the United States who, in turn, use these products to infringe at least claims 1, 3, 7, 8, 9, 10, and 12 of the '135 patent.

14. Apple indirectly infringes by inducing infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. § 271(b), because Apple actively induces infringement of the '135 patent by others, such as resellers and end-user customers.

15. Apple indirectly infringes the '135 patent by contributing to infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. § 271(c), because Apple offers to sell or sells within the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

16. At least Apple's servers and other Apple computers that support the VPN On Demand functionality, when configured and operating in a system as specified by Apple, and Apple's iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad mini, and all Apple computers/hardware associated with the operation of the Mountain Lion operating system infringe at least apparatus claims 1 and 6 of the '151 patent. Apple makes, uses, sells, offers for sale, imports, exports, imports, supplies, and/or distributes within and from the United States these products and thus directly infringes at least claims 1 and 6 of the '151 patent.

17. At least Apple's servers and other Apple computers that support the VPN On Demand functionality, and iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad mini, and all Apple computers/hardware associated with the operation of the Mountain Lion operating system, as well as Apple's servers, master discs, and other media that store, cache, or distribute iPhone OS, infringe at least computer readable media claims 7, 12, and 13 of the '151 patent. Apple makes, uses, sells, offers for sale, imports, exports, imports, supplies, and/or distributes within and from the United States these products and media and thus directly infringes at least claims 7, 12 and 13 of the '151 patent.

18. In addition, Apple provides at least its iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad mini, and all Apple computers/hardware associated with the operation of the Mountain Lion operating system to others, and media that store, cache, or distribute iPhone OS to others, such as resellers and end-user customers, in the United States who, in turn, use these products to infringe at least claims 1, 6, 7, 12, and 13 of the '151 patent.

19. Apple indirectly infringes the '151 patent by inducing infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. § 271(b), because Apple actively induces infringement of the '151 patent by others, such as resellers and end-user customers.

20. Apple indirectly infringes the '151 patent by contributing to infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. § 271(c), because Apple offers to sell or sells within the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially

made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

21. At least Apple's servers and other Apple computers that support the FaceTime functionality and/or the iMessage functionality, when configured and operating in a system as specified by Apple, and Apple's iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad mini, and all Apple computers/hardware associated with the operation of the Mountain Lion operating system, infringe at least system claims 1, 2, 5, 6, 14-23, 26-28, and 33-35 of the '504 patent. Apple makes and/or uses these systems and thus directly infringes at least claims 1, 2, 5, 6, 14-23, 26-28, and 33-35 of the '504 patent.

22. At least Apple's servers and other Apple computers that support the FaceTime functionality and/or the iMessage functionality, as well as Apple's servers, master discs, and other media that store, cache, or distribute iPhone OS, when configured and operating in a system as specified by Apple, and Apple's iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad mini, and all Apple computers/hardware associated with the operation of the Mountain Lion operating system, and Apple computers running Apple's FaceTime for Mac application and/or iMessage, infringe at least machine readable medium claims 36-47, 49-52, and 57-59 of the '504 patent. Apple makes, uses, sells, offers for sale, exports, imports, supplies, and/or distributes within and from the United States these products and media and thus directly infringes at least claims 36-47, 50-52, and 57-59 of the '504 patent.

23. The use of at least Apple's servers and other Apple computers that support the FaceTime functionality and/or iMessage functionality, when configured and operating in a system as specified by Apple, and Apple's iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad mini, and all Apple computers/hardware associated with the operation of the

Mountain Lion operating system, as intended by Apple infringes at least method claim 60 of the '504 patent. Apple uses these products and thus directly infringes at least claim 60 of the '504 patent.

24. In addition, Apple provides at least its iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad mini, and all Apple computers/hardware associated with the operation of the Mountain Lion operating system to others, and media that store, cache, or distribute iPhone OS to others, such as resellers and end-user customers, in the United States who, in turn, use these products to infringe at least claims 1, 2, 5, 6, 14-23, 26-28, 33-47, 50-52, and 57-60 of the '504 patent.

25. Apple indirectly infringes the '504 patent by inducing infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. § 271(b), because Apple actively induces infringement of the '504 patent by others, such as resellers and end-user customers.

26. Apple indirectly infringes the '504 patent by contributing to infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. § 271(c), because Apple offers to sell or sells within the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

27. At least Apple's servers and other Apple computers that support the FaceTime functionality and/or iMessage functionality, when configured and operating in a system as specified by Apple, and Apple's iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad

mini, and all Apple computers/hardware associated with the operation of the Mountain Lion operating system, infringe at least system claims 1, 2, 5, 6, 14-23, 26-28, and 33-35 of the '211 patent. Apple makes and/or uses these systems and thus directly infringes at least claims 1, 2, 5, 6, 14-23, 26-28, and 33-35 of the '211 patent.

28.  At least Apple's servers and other Apple computers that support the FaceTime functionality and/or iMessage functionality, as well as Apple's servers, master discs, and other media that store, cache, or distribute iPhone OS, when configured and operating in a system as specified by Apple, and Apple's iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad mini, and all Apple computers/hardware associated with the operation of the Mountain Lion operating system, infringe at least non-transitory machine readable medium claims 36-47, 49-52, and 57-59 of the '211 patent. Apple makes, uses, sells, offers for sale, exports, imports, supplies, and/or distributes within and from the United States these products and media and thus directly infringes at least claims 36-47, 50-52, and 57-59 of the '211 patent.

29.  The use of at least Apple's servers and other Apple computers that support the FaceTime functionality and/or iMessage functionality, when configured and operating in a system as specified by Apple, and Apple's iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad mini, and all Apple computers/hardware associated with the operation of the Mountain Lion operating system, as intended by Apple infringes at least method claim 60 of the '211 patent. Apple uses these products and thus directly infringes at least claim 60 of the '211 patent.

30.  In addition, Apple provides at least its iPhone 5, iPod Touch 5th Generation, iPad 4th Generation, iPad mini, and all Apple computers/hardware associated with the operation of the Mountain Lion operating system to others, and media that store, cache, or distribute iPhone

OS to others, such as resellers and end-user customers, in the United States who, in turn, use these products to infringe at least claims 1, 2, 5, 6, 14-23, 26-28, 33-47, 50-52, and 57-60 of the '211 patent.

31. Apple indirectly infringes the '211 patent by inducing infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. § 271(b), because Apple actively induces infringement of the '211 patent by others, such as resellers and end-user customers.

32. Apple indirectly infringes the '211 patent by contributing to infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. § 271(c), because Apple offers to sell or sells within the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

33. Apple has infringed and/or continues to infringe one or more claims of the '135, '151, '504, and '211 patents as set forth above. Apple is liable for direct infringement, as well as indirect infringement by way of inducement and/or contributory infringement, for the '135, '151, '504, and '211 patents pursuant to 35 U.S.C. § 271 (a), (b), (c), and/or (f) as set forth above. For VirnetX's claims of indirect infringement, Apple's resellers, consultants, and end-user customers are direct infringers of the '135, '151, '504, and '211 patents.

34. Apple's acts of infringement have caused damage to VirnetX. VirnetX is entitled to recover from Apple the damages sustained by VirnetX as a result of Apple's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of Apple have

caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to VirnetX for which there is no adequate remedy at law, and for which VirnetX is entitled to injunctive relief under 35 U.S.C. § 283.

35. Apple has received actual notice of infringement prior to this lawsuit, including at least through a previous case against Apple. (*VirnetX Inc. v. Cisco Inc.*, 6:10-cv-417 (E.D. Tex.). Apple has also received constructive notice as VirnetX marks its products in compliance with 35 U.S.C. § 287.

36. Apple has willfully infringed and/or does willfully infringe the '135, '151, '504, and '211 patents.

## DEMAND FOR JURY TRIAL

VirnetX hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, VirnetX prays for the following relief:

1. A judgment that Apple has directly infringed the '135 patent, contributorily infringed the '135 patent, and/or induced the infringement of the '135 patent;

2. A judgment that Apple has directly infringed the '504 patent, contributorily infringed the '504 patent, and/or induced the infringement of the '504 patent;

3. A judgment that Apple has directly infringed the '211 patent, contributorily infringed the '211 patent, and/or induced the infringement of the '211 patent;

4. A judgment that Apple has directly infringed the '151 patent, contributorily infringed the '151 patent, and/or induced the infringement of the '151 patent;

5. A preliminary and permanent injunction preventing Apple and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and

those in active concert or participation with any of them, from directly infringing, contributorily infringing, and/or inducing the infringement of the '135 patent;

      6.      A preliminary and permanent injunction preventing Apple and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and/or inducing the infringement of the '504 patent;

      7.      A preliminary and permanent injunction preventing Apple and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and/or inducing the infringement of the '211 patent;

      8.      A preliminary and permanent injunction preventing Apple and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and/or inducing the infringement of the '151 patent;

      9.      A judgment that Apple's infringement of the '135, '504, '211, and '151 patents has been willful;

      10.      A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a judgment awarding VirnetX to its attorneys' fees incurred in prosecuting this action;

      11.      A judgment and order requiring Apple to pay VirnetX damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. § 284;

12. A judgment and order requiring Apple to pay VirnetX the costs of this action (including all disbursements);

13. A judgment and order requiring Apple to pay VirnetX pre-judgment and post-judgment interest on the damages awarded;

14. A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that VirnetX be awarded a compulsory ongoing licensing fee; and

15. Such other and further relief as the Court may deem just and proper.

DATED:  November 6, 2012                    Respectfully submitted,

**McKOOL SMITH, P.C.**

/s/ *Douglas A. Cawley*
Douglas A. Cawley, ***Lead Attorney***
Texas State Bar No. 04035500
E-mail: dcawley@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
E-mail: bcaldwell@mckoolsmith.com
Jason D. Cassady
Texas State Bar No. 24045625
E-mail: jcassady@mckoolsmith.com
John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@mckoolsmith.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@mckoolsmith.com
Stacie L. Greskowiak
Texas State Bar No. 24074311
E-mail: sgreskowiak@mckoolsmith.com
Mitchell R. Sibley
Texas State Bar No. 24073097
Email:  msibley@mckoolsmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201

Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
E-mail: sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
Andrew T. Gorham
Texas Bar No. 24012715
Email: tgorham@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF VIRNETX INC.**

        */s/ Andy Tindel*
Andy Tindel
State Bar No. 20054500
E-mail: atindel@andytindel.com
**PROVOST UMPHREY**
112 E Line, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Donald Urrabazo
Email: donaldu@ulawgroup.com
**URRABAZO LAW, P.C.**
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
Telephone: (310) 388-9099
Facsilimle: (310) 388-9088

**ATTORNEYS FOR PLAINTIFF SCIENCE APPLICATIONS INTERNATIONAL CORPORATION**