# EXHIBIT H

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| VirnetX Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:10-cv-417 |
| Apple Inc., Cisco Systems, Inc., Aastra | § | |
| USA, Inc., Aastra Technologies Ltd., NEC | § | |
| Corporation, and NEC Corporation of | § | |
| America, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## AGREED PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff VirnetX Inc. ("Plaintiff") and Defendants Apple Inc. ("Apple"), Cisco Systems, Inc. ("Cisco"), Aastra USA, Inc. and Aastra Technologies Ltd. (collectively, "Aastra"), and NEC Corporation and NEC Corporation of America (collectively, "NEC") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

**AGREED PROTECTIVE ORDER**                                                         **PAGE 1**

1. **<u>DEFINITIONS</u>**

(a) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, (ii) partners and associates of such counsel to whom it is reasonably necessary to disclose the information for this litigation, and (iii) outside, independent attorneys contracted to provide legal advice to a Party in connection with this action.

(c) "Patents-in-suit" means U.S. Patent Nos. 6,502,135, 6,839,759, 7,188,180, 7,418,504, 7,490,151, 7,921,211 and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e) "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in this case.

(f) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or

publicly disseminated;  (ii) materials that show on their face they have been disseminated to the public;  (iii) information that the Receiving Party can show was lawfully in the Receiving Party's possession prior to being designated as Protected Material in this litigation and that the Receiving Party is not otherwise obligated to treat as confidential;  (iv) information that the Receiving Party can show was obtained (without any benefit or use of Protected Material) from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;  (v) information that was submitted to a governmental entity without request for confidential treatment.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means computer code, scripts, assembly, object code, source code listings, comments for source code, source code revision histories, and descriptions of source code, object code listings, comments for object code, object code revision histories, and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and other electronic files used in network operations, comments for network operation files, and network operation revision histories.

(i)     "Competitive decision-making" means that a person's activities, association, or relationship with any of its clients involve advice about or participation in the relevant business decisions or the analysis underlying the relevant business decisions of the client in competition with or a business relationship with the Producing Party.

2.      **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6 and the Eastern District of Texas Local Rule CV-6.

3.      **SCOPE**

(a)      The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)      Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose.

(c)      This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

4.      **DURATION**

Unless modified, superseded or terminated pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this litigation.  Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

5.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)      Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without

limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b) <u>Patent Prosecution Bar</u>. Absent the written consent of the Producing Party, anyone who receives, obtains, has access to, or otherwise learns, in whole or in part, technical information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications relating to the subject matter of the Patents-in-suit, including, but not limited to, the functionality, operation, and design of encrypted channels, including Virtual Private Networks ("VPN") (generally or as described in any patent in suit) or DNS services, before any foreign or domestic agency, including the United States Patent and Trademark Office. Notwithstanding the forgoing, these prohibitions are not intended to and shall not preclude counsel from participating in any reexamination proceedings involving the Patents-in-suit except that Plaintiff's counsel shall not draft or assist in the drafting of any claim or amendment to any claim of the Patents-in-suit for a period ending one year after the resolution of this litigation (including any appeals). These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end one (1) year after the final resolution of this action, including all appeals.

(c)     <u>Secure Storage</u>. Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.  The Receiving Party shall exercise at least the same degree of care in handling the Protected Material from the Producing Party that it would with its own Protected Material and to confidential information of a similar nature.

(d)     <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

(f)     <u>Cross-Production of Defendant Confidential Material</u>.  No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production.  Notwithstanding the provisions of this Protective Order, Plaintiff shall not disclose one Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without reasonable notice to the Defendant that

produced the Protected Material. In the case of a deposition or oral argument, the reasonable notice requirement shall be deemed to be satisfied if notice is given prior to the introduction of the exhibit at the deposition or hearing. If disclosure is not possible at a deposition due to a Defendant's absence, such absence shall not be deemed a waiver of the reasonable notice requirement. Further, if a Defendant makes an objection to disclosure at a deposition or otherwise, the Parties shall meet and confer via telephone or in person within three (3) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Defendant objecting to the disclosure will have three (3) days from the date of the meet and confer to seek relief from the Court before the disclosure can be made.

6.  **DESIGNATING PROTECTED MATERIAL**

(a)  <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)  <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 6(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be

presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)    <u>Depositions and Testimony</u>.    Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given.   Alternatively, the producing party may designate testimony or information disclosed at the deposition by notifying all parties in writing within fourteen (14) days after the producing party's receipt of the transcript, of the specific pages and lines of the transcript that contain Protected Material.   If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.   Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.   Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.   In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.   In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of

the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

7.  **<u>DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"</u>**

(a)  A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)  Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)  The Receiving Party's Outside Counsel;

(ii)  Outside Counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)  Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party and who are not involved in competitive decision-making, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)  Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the

Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.  Without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by one Defendant in this matter shall have access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material produced by another Defendant in this matter;

(v)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(vi)    The Court, jury, and court personnel;

(vii)   Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)  Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(ix)    At a deposition or at trial, any person who falls within the scope of Paragraph 11, below.

(x)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(xi)    Any other person with the prior written consent of the Producing Party.

8.  **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY"[1] if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)    The Receiving Party's Outside Counsel;

(ii)    Outside Counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)    Regarding documents produced by Plaintiff, not more than three (3) in-house counsel who are responsible for supervising this action and who are not involved in competitive decision-making, as well as their immediate paralegals and staff to whom disclosure is

---

[1]    The terms "CONFIDENTIAL - ATTORNEY'S EYES ONLY" and "HIGHLY CONFIDENTIAL" shall have the same meaning under this Protective Order.

reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making on behalf of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below. Without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by one Defendant in this matter shall have access to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Discovery Material produced by another Defendant in this matter;

(v)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(vi)    The Court, jury, and court personnel;

(vii)   Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)   At a deposition or at trial, any person who falls within the scope of paragraph 11, below;

(ix)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(x)   Any other person with the prior written consent of the Producing Party.

9.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)   To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)   Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 10 below, and may be disclosed, subject to Paragraph 10 below, solely to:

(i)   The Receiving Party's Outside Counsel;

(ii)   Outside Counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party; (c) such expert or consultant is not involved in competitive decision-making on behalf of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.  Without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Discovery Material produced by another Defendant in this matter;

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)     Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)     At a deposition or at trial, any person who falls within the scope of paragraph 11, below;

(viii)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

10.    **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)    Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Dallas office of its outside counsel, McKool Smith P.C., or any other location mutually agreed by the Parties.  Any Source Code that is produced by Apple Inc. will be made available for inspection at the Houston office of its outside counsel, Williams, Morgan, & Amerson, PC, or any other location mutually agreed by the Plaintiff and Apple.  Any Source Code that is produced by Cisco will be made available for inspection at the New York office of its outside counsel, Desmarais LLP, or any other location mutually agreed by the Plaintiff and Cisco.  Any Source Code that is produced by NEC will be made available for inspection at the Washington, D.C. office of its outside counsel, Paul Hastings, or any other location mutually agreed by the Plaintiff and NEC.  Any Source Code that is produced by Aastra will be made available for inspection at the Dallas office of its outside counsel, Patton Roberts PLLC, or any other location mutually agreed by the Plaintiff and Aastra.  Source Code will be made available for inspection between the hours of 8 a.m. and 8 p.m.  Monday through Friday (excluding holidays) and from 9 a.m. to 6 p.m. on Saturday and Sunday (excluding holidays).  The requesting party shall make its best efforts to restrict its access to normal business hours.[2]   As an alternative, Plaintiff may opt to produce its source code on CD, DVD or other storage media as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."   Defendants may copy such produced source code of Plaintiff from the medium to two secured computers without Internet

---

[2]   After a Producing Party has received three (3) requests by a requesting Party to inspect Source Code outside of normal business hours, the Producing Party may refuse further inspections, except for during normal business hours. However, the Producing Party and requesting party will work in good faith to provide reasonable hours of access to Source Code.

access or network access to other computers which must be kept in a secure location at the offices of the receiving parties' Outside Counsel. One week prior to the beginning of trial and continuing through the end of trial, each Producing Party shall make its source code available for inspection at a location in Tyler, Texas. The Producing Party shall make the source code available in its native format and with the same tools and file structure which the source code had when originally produced in this matter.

(b)    Prior to the first inspection of any requested Source Code, the Receiving Party shall provide twenty (20) days notice of the Source Code that it wishes to inspect. The Receiving Party shall provide twenty four (24) hours notice prior to any additional inspections. One week prior to the beginning of trial and continuing through the end of trial, the Receiving Party only need provide three (3) hours notice for the inspection of source code.

(c)    Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)    All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on two secured computers without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. If requested by the Receiving Party, the producing party shall install

tools reasonably necessary to review the source code on the Source Code Computers including, but not limited to: Grep, Understand C, Visual Slick Edit, Source-Navigator, PowerGrep and/or ExamDiff Pro.  If the Producing Party does not possess an appropriate license to any such software tools, the Requesting Party may provide the Producing Party with a licensed copy of such software tools, and the Producing Party shall install such software tools on the source code computers.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computers.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.  The Producing Party will provide the Receiving Party with a secure location near the source code room to store their cellular telephones etc. and to make phone calls.

(iii)    The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computers.

(iv)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code are being created or transmitted in any way. The Producing Party may not videotape the activities of the Receiving Party's representatives during any Source Code review.

(v)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no

**AGREED PROTECTIVE ORDER**                                                                 **PAGE 17**

other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party shall make available a laser printer with commercially reasonable printing speeds and blank paper for on-site printing during inspection of the Source Code. The Receiving Party may print limited portions of the Source Code when reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party. Within three (3) business days, the Producing Party shall either (i) send one copy set of such pages to the Receiving Party, for next business day delivery or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question was printed for a permitted purpose.

(vi)    All persons who will review a Producing Party's Source Code Computers on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing the Source Code Computers shall sign on each day they view the Source Code Computers a log that will include the names of persons who enter the locked room to view the Source Code Computers and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon one (1) day's advance

notice to the Receiving Party, but the Producing Party may only request such a log one time per month.

(vii)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

(viii)    Other than as provided herein, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computers including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  Except as is allowed by this Protective Order, the Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.  Copies of Source Code shall not be mailed except with permission by the Producing Party.  Any copies of Source Code mailed pursuant to the foregoing shall be mailed with a tracking number and require a signature by the recipient.

(ix)    The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 10(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party, but the Producing Party may only request such a log one time per month.

(x)     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(xi)    Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(xii)   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code) except in preparation for or in connection with: (i) filing (under seal) and service of papers, motions, and pleadings; (ii) expert reports; and (iii) a hearing or trial in this matter. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall

at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations where the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

11. **LIMITATIONS ON THE USE OF PROTECTED MATERIAL**

(a) Protected Material shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.

(b) Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and trial and may testify concerning all Protected Material of which such person has prior knowledge as set forth below:

(i) A present director, officer, and/or employee of a producing party may be examined at deposition and may testify concerning all Protected Material which has been produced by that party;

(ii) A former director, officer, and/or employee of a producing party may be examined at deposition and may testify concerning all Protected Material of the producing party that appears on its face or is established from other documents or testimony to have been

previously received from or communicated to that person and of which he or she has prior knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, has been produced by that party, and pertains to the period or periods of his or her employment;

(iii) Non-parties may be examined during deposition or testify concerning any Protected Material of a producing party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party, or a representative of such producing party.

(iv) Any person other than the witness, his or her attorney(s), and any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination

(c) If the Outside Counsel for a Defendant attending a deposition is not qualified under this Order to receive Protected Material, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of the Protected Material disclosed during the course of the examination.

(d) If a witness under sections (ii) and (iii) above is represented by an attorney who is not qualified under this Order to receive Protected Material, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of the Protected Material disclosed during the course of the examination. In the event that such attorney declines to sign such a Confidentiality Agreement, prior to the examination, the parties, by

their attorneys, shall jointly seek a Protective Order from the Court prohibiting such attorney from disclosing such Protected Material.

12.     **NOTICE OF DISCLOSURE**

(a)     Prior to disclosing any Protected Material to any person described in Paragraphs 7(b)(iii), 7(b)(iv), 8(b)(iii), 8(b)(iv), or 9(c)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past or current employment or consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.  Said written notice shall include an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of encrypted channels, including VPN, or DNS services, or relating to the subject matter of the Patents-in-suit, including, but not limited to, the acquisition of intellectual property assets relating to encrypted channels, including VPN, or DNS services.  The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of and for a period of one (1) year after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any known change with respect to the Person's involvement in the design, development, operation or patenting of encrypted channels, including VPN, or DNS services, or the acquisition of intellectual property

assets relating to the subject matter of the Patents-in-suit, including, but not limited to, encrypted channels, including VPN, or DNS services.

(b)     Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period.  If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 11 shall not preclude the non-objecting Party from later objecting to continued access by that Person for actual violations of this Protective Order.  If an objection is made, the Parties shall meet and confer via

telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i) The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.     **SUBPOENAS OR COURT ORDERS**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

15.     **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.  Any briefs, transcripts, exhibits, depositions, or documents which are filed with the Court which comprise, embody, summarize, discuss, or quote from Protected Material

shall be sealed, unless the parties otherwise agree in writing or the Court otherwise orders. Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal.

(b)     Filing or lodging Protected Material under seal shall be made in compliance with Local Rule CV 5(a)(7), or if electronic submission is impossible, in sealed envelopes or other appropriate sealed containers. Each sealed envelope or container shall be endorsed with the title and case number of this action, and a statement in substantially the following form:

> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. THE MATERIALS CONTAINED HEREIN HAVE BEEN DESIGNATED AS "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," PURSUANT TO PROTECTIVE ORDER AND MAY NOT BE EXAMINED OR COPIED EXCEPT BY THE COURT OR PURSUANT TO COURT ORDER.

(c)     Nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

### 16.     <u>**INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**</u>

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies, including those

that have been shared with experts, consultants, and vendors, to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party. Each Receiving Party shall confirm in writing that all such documents or information have been returned or destroyed within five (5) business days of the request.

(c)    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material. Any motion to compel production of the inadvertently produced Discovery Material shall be filed under seal and shall not assert as a ground for production the fact of the inadvertent or unintentional production, nor shall the motion disclose or otherwise use the content of the inadvertently or unintentionally produced document or information in any way beyond that which is reasonably necessary to identify the Discovery Material and describe its nature to the Court.

## 17.    __INADVERTENT FAILURE TO DESIGNATE PROPERLY__

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the

correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the Protected Material with the correct confidentiality designation, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Protected Material produced without the designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error.  If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" designation. Notwithstanding the above, such subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the

materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 5(b).

18.  **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)  In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)  Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.  **FINAL DISPOSITION**

(a)  Not later than thirty (30) days after the Final Disposition of this case, each Party shall return all Discovery Material (except CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE materials) of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material. Within ten (10) days after the final conclusion of this Action, including any appeals, all CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE materials produced by any party shall be either destroyed or returned to the producing party along with certification by outside counsel of record and any other individuals who accessed such materials that all such materials have been either returned or destroyed.  For purposes of this Order,

"Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.   Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

### 20.   DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)     Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable, including information protected by Federal Rule of Civil Procedure 26.

(b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

(c)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.   Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d)     Discovery of materials provided to testifying experts shall be governed by the provisions of Federal Rule of Civil Procedure 26.

(e)     No conversations or e-mail communications between counsel and any testifying expert will be subject to discovery unless the conversations or e-mail communications are relied upon (or pertain to the same subject matter as other conversations or e-mail communications

relied upon) by such experts in formulating opinions or asserting facts that are presented in reports or trial or deposition testimony in this case.

(f)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(e) shall be treated as attorney-work product for the purposes of this litigation and Order.

(g)     Nothing in Paragraphs 20(a)–(e) shall alter or change in any way the requirements in Paragraph 10 regarding printing of Source Code, and Paragraph 10 shall control in the event of any conflict.

21.     **EXPORT CONTROL REQUIREMENTS**

(a)     The Receiving Party acknowledges that the Protected Materials received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws.  The Receiving Party shall comply with such laws and agrees not to knowingly export, re-export or transfer Protected Materials of the Producing Party without first obtaining all required United States or any other applicable authorizations or licenses.  The Receiving Party acknowledges that Protected Materials disclosed by the producing party may be subject to, including but not limited to, the U.S. Export Administration Regulations (EAR), Export Control Classification Number (ECCN) 5E001 pertaining to Dynamic Adaptive Routing, Optical Switching, SS7, non-aggregated port speed data transfer rates exceeding 15Gbps; and ECCN 5E002 cryptography.

(b)     The Receiving Party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E  from accessing the Producing Party's Protected Materials, subject to ECCN 5E001; or nationals outside the U.S. and Canada from accessing such Protected Materials, subject to ECCN 5E002 -- without

U.S. Government authorization. The Receiving Party furthermore, agrees to notify the Producing Party prior to granting a foreign national, of countries listed in the groups D:1 or E, access to the Standalone Computer, access to hard copes of Protected Materials, or placement on a project requiring receipt or review of the Producing Party's Protected Materials. The term "national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylee or refugee status, or temporary resident granted amnesty.

22.     **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors</u>. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not

constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)    <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)    <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for Eastern District of Texas is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas.

(g)    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Texas, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Texas, or the Court's own orders;

(h)     Until such time as this Protective Order has been entered by the Court, the parties agree that upon the execution by the Parties, the Protective Order will be treated as though it has been "So Ordered."

(i)     Attorneys and witnesses are prohibited from arguing or implying at trial that a witness for a Party should have or could have  received or reviewed information protected by this Order if this Order prohibits that witness from receiving or reviewing such information.

**So ORDERED and SIGNED this 2nd day of August, 2011.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in VirnetX Inc. v. Cisco Systems, et al., United States District Court, Eastern District of Texas, Tyler Division, Civil Action No. 6:10-cv-417.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]