# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VirnetX Inc., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:10-cv-417 |
| Apple Inc., Cisco Systems, Inc., Aastra USA, Inc., Aastra Technologies Ltd., NEC Corporation, and NEC Corporation of America, | § § § § § § | |
| Defendants. | § § | |

**AGREED AMENDMENT TO AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS (DOCKET NO. 146)**

Plaintiff VirnetX Inc. ("Plaintiff" or "VirnetX") and Defendant Apple Inc. ("Apple") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information that are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case may be relevant to an action brought by VirnetX against Apple in the U.S. International Trade Commission styled *Certain Devices with Secure Communication Capabilities, Components Thereof, and Products Containing the Same*, Inv. No. 337-TA-818, and request that the Court, in the interest of economy, modify its Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Protective Order"), Docket No. 146, setting forth the conditions for treating, obtaining, and using such information with respect to defendant Apple Inc. and Plaintiff VirnetX.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for amending the Protective Order with respect to defendant Apple and Plaintiff VirnetX.

**1. DEFINITIONS**

(a) "Discovery Material" within this Amendment means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45) that are produced, disclosed, or generated by Apple or VirnetX, in connection with discovery or Rule 26(a) disclosures in this case.

(b) "Party" for purposes of this Amendment means either VirnetX or Apple, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(c) "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in this case.

(d) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Amendment. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; (ii) materials that show on their face they have been disseminated to the public; (iii) information that the Receiving Party can show was lawfully in the Receiving Party's possession prior to being designated as Protected Material in this litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (iv) information that the Receiving Party can show was obtained (without any benefit or use of Protected Material) from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of

confidentiality; (v) information that was submitted to a governmental entity without request for confidential treatment.

(e) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(f) "Source Code" means computer code, scripts, assembly, object code, source code listings, comments for source code, source code revision histories, and descriptions of source code, object code listings, comments for object code, object code revision histories, and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and other electronic files used in network operations, comments for network operation files, and network operation revision histories.

2. **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Amendment shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6 and the Eastern District of Texas Local Rule CV-6.

3. **SCOPE**

(a) The protections conferred by this Amendment cover not only Discovery Material governed by this Amendment as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b) Nothing in this Amendment shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose.

(c) This Amendment is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Amendment in any way, including, without limitation, an order that certain matter not be produced at all.

**4. DURATION**

Unless modified, superseded or terminated pursuant to the terms contained in this Amendment, this Amendment shall remain in effect through the conclusion of ITC Investigation No. 337-TA-818. Even after the termination of that case, the confidentiality obligations imposed by this Amendment shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**5. ACCESS TO AND USE OF PROTECTED MATERIAL**

With respect to Apple and VirnetX only, Paragraph 5(a) of the original Protective Order will be replaced with the following paragraph:

<u>Basic Principles</u>. All Protected Material produced by Apple or VirnetX in this case shall be used solely for this case or ITC Investigation 337-TA-818 or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in the Order and this Amendment.

**6. LIMITATIONS ON THE USE OF PROTECTED MATERIAL**

With respect to Apple and VirnetX only, Paragraph 11(a) of the original Protective Order will be replaced with the following paragraph:

Protected Material shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation or ITC Investigation 337-TA-818 or any related appellate proceeding, shall not be used for any business purpose, and shall not be disclosed to any

person who is not entitled to receive such information as herein provided.

7. **FINAL DISPOSITION**

With respect to Apple and VirnetX only, Paragraph 19(a) of the original Protective Order will be replaced with the following paragraph:

(a) Not later than thirty (30) days after the Final Disposition of this action or ITC Investigation Inv. No. 337-TA-818, whichever occurs later, each Party shall return all Discovery Material (except CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE materials) of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material.  Within ten (10) days after the final disposition of this Action or ITC Investigation Inv. No. 337-TA-818, whichever occurs later, all CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE materials produced by any party shall be either destroyed or returned to the producing party along with certification by outside counsel of record and any other individuals who accessed such purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

**So ORDERED and SIGNED this 5th day of March, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| VirnetX Inc., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:10-cv-417 |
| Apple Inc., Cisco Systems, Inc., Aastra USA, Inc., Aastra Technologies Ltd., NEC Corporation, and NEC Corporation of America, | § § § § § § | |
| Defendants. | § | |

I, _____, acknowledge and declare that I have received a copy of the Protective Order Amendment ("Amendment") in VirnetX Inc. v. Cisco Systems, Inc., et al., United States District Court, Eastern District of Texas, Tyler Division, Civil Action No. 6:10-cv-417. Having read and understood the terms of the Amendment, I agree to be bound by the terms of the Amendment and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Amendment.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]