# EXHIBIT K

1 | KORULA T. CHERIAN (SBN 133697)
  | ROBERT M. HARKINS, JR. (SBN 179525)
2 | CHERIAN LLP
  | 1936 University Ave, Suite 350
3 | Berkeley, CA  94704
  | Telephone: (510) 944-0190
4 | bobh@cherianllp.com
  | sunnyc@cherianllp.com

6 | JOHN L. NORTH, ESQ. (GA SBN: 545580) (*pro hac vice*)
  | jln@hkw-law.com
7 | STEVEN G. HILL, ESQ. (GA SBN: 354658) (*pro hac vice*)
  | sgh@hkw-law.com
8 | MARTHA L. DECKER, ESQ. (GA SBN: 420867) (*pro hac vice*)
  | md@hkw-law.com
9 | HILL, KERTSCHER & WHARTON, LLP
  | 3625 Cumberland Blvd., Suite 1050
10 | Atlanta, GA 30339
  | Tel: (770) 953-0995
11 | Fax: (770) 953-1358

12 | *Attorneys for Plaintiff R.N Nehushtan Trust Ltd.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **R.N NEHUSHTAN TRUST LTD.**, <br><br> Plaintiff, <br><br> v. <br><br> **APPLE INC.**, <br><br> Defendant. | Case No. 3:22-CV-01832-WHO <br><br> **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

R.N Nehushtan Trust Ltd. ("Plaintiff" or "RNN Trust"), Plaintiff in the above-styled civil action, through the undersigned counsel hereby submits its Objections and Responses to Defendant's First Interrogatories to Plaintiff, showing as follows:

## I.  GENERAL STATEMENTS

By responding to these Interrogatories, Plaintiff does not waive any objections that may be appropriate to the use, for any purpose, of any of the documents produced or information contained

in response to these Interrogatories, or to the admissibility, relevancy, or materiality of any information as to any issue in this case.

The responses set forth below constitute the best information presently available to Plaintiff; however, discovery has just begun. Plaintiff has not yet completed its discovery and/or investigation of the facts underlying this lawsuit, nor has it completed its preparation of this case for trial. Accordingly, the responses set forth herein are provided without prejudice to Plaintiff's right to amend, supplement or change said responses, or to produce evidence of any subsequently discovered facts or documents or interpretation thereof, if and when additional, different or more accurate information becomes available. Moreover, said responses are subject to correction for inadvertent errors or omissions if any such errors or omissions are later found to exist.

RNN Trust will specify the claims it is asserting in the Infringement Contentions, now due August 5, 2022.

RNN Trust objects to the Definitions and Instructions to the extent that they purport to impose obligations greater than those set forth in the Federal Rules of Civil Procedure and applicable Rules of the Northern District of California. RNN Trust responds in accordance with these Rules. That said, RNN Trust agrees to be defined to include Rafi Nehushtan and Refael Nehushtan for purposes of these interrogatory responses and discovery as a whole.

## II.   RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe all facts and circumstances relating to the conception and reduction to practice of each Asserted Claim, including identification of the earliest alleged date(s) and geographic location(s) of each such conception and reduction to practice; each individual who was present and/or has knowledge of the facts alleged; each individual's participation in, involvement in, and/or

contribution to each conception or reduction to practice; and all documents corroborating each alleged conception and reduction to practice.

**RESPONSE:** Rafi Nehushtan is the sole inventor of the inventions claimed in each Asserted Claim. Although the exact date of conception is not presently known and RNN Trust's investigation continues, RNN Trust believes the date of conception for all inventions claimed in the Asserted Claims was at the end of 2003 or beginning of 2004. With the assistance of counsel, this led to the constructive reduction to practice with the filing of Provisional Application 60/550,305 (March 8, 2004) and then Application No. 10/829,148 (now Patent No. 8,548,429), filed on May 6, 2004.

Mr. Nehushtan is a self-taught expert on cell phones. His formal education stopped in high school, as he was limited by his dyslexia. Throughout his life, he has been fascinated with gadgets, understanding how they work, including taking them apart and putting them back together. Mr. Nehushtan entered the cell phone space through his employment at Pelephone, the one-time leading cell service provider in Israel. His work was in the security field, for computers which hosted the cell phones. Mr. Nehushtan rose very fast within the company, but left in 2003 as he felt underappreciated and bored with the technology. Mr. Nehushtan also thought Pelephone did not appreciate his concerns regarding the cloning of cell phones and other cell phone security issues.

Mr. Nehushtan's father asked Refael Nehushtan (an established Israeli businessman and cousin of Rafi Nehushtan) to work with Mr. Nehushtan regarding the development of Mr. Nehushtan's ideas concerning potential solutions for the cloning problem and other cell phone security issues. They formed a company called Lan-Ver Technologies Solution Ltd. for purposes of this work

Towards the end of 2003, Mr. Nehushtan consulted with Dr. Gal Ehrlich, a member of a reputable Tel Aviv IP law firm (currently EHRLICH & FENSTER of THE EHRLICH GROUP (EG)), to begin the patent application process. Initially, Dr. Ehrlich was skeptical of Mr. Nehushtan's ideas, and told Mr. Nehushtan that they needed further work. Mr. Nehushtan presented

1  Dr. Ehrlich a document in Hebrew at this first meeting, which document has not been found at this
2  point though the search continues. Mr. Nehushtan met a second time with Dr. Ehrlich at the
3  beginning of 2004.  Dr. Ehrlich then expressed that he thought Mr. Nehushtan's ideas had great
4  value.  Mr. Nehushtan presented Dr. Ehrlich with a document in English at this second meeting
5  describing the ideas he had at this time, which document has not been found at this point though the
6  search continues.
7         Dr. Ehrlich then asked Geoff Melnick, a patent lawyer at Dr. Ehrlich's firm, to work with
8  Mr. Nehushtan regarding Mr. Nehushtan's ideas. Mr. Melnick and Mr. Nehushtan had several in-
9  person meetings during which Mr. Nehushtan further developed his ideas, and Mr. Melnick helped
10 reduce them to legal/patent form in English. This led to the constructive reduction to practice with
11 the filing of Provisional Application 60/550,305 (March 8, 2004) and then Application No.
12 10/829,148 (now Patent No. 8,548,429), filed on May 6, 2004.
13        Documents and things that Plaintiff is aware of which corroborate each alleged conception
14 and reduction to practice are the 544 and 002 Patents, and the related applications reflected on the
15 face of those patents, and the file histories related to these applications
16
17 **INTERROGATORY NO. 2:**
18        Separately for each Asserted Claim, state the earliest effective filing date(s) to which
19 Nehushtan contends each such claim is entitled, and state the complete factual and legal basis for
20 such contention(s), including a description of where support exists for each element of the claim in
21 the application relied upon for an earlier effective filing date.
22        **RESPONSE:** Each of the Asserted Claims, as reflected on the faces of the 002 and 544
23 Patents, are part of continuation applications leading back to provisional patent application
24 60/550,305 (filed March 8, 2004). This is the effective filing date for the Asserted Claims. RNN
25 Trust objects to providing the analysis of "where support exists for each element of the claim in
26
27
28

the application relied upon for an earlier effective filing date" because Apple has the burden on invalidity issues. After Apple serves its invalidity contentions, RNN Trust will supplement this response as appropriate.

**INTERROGATORY NO. 3:**

Describe the first use, sale, offer for sale, or importation of the alleged invention claimed in each claim of the Asserted Patents. Your response should include the date(s) on which such use, sale, offer for sale, or importation was made, the person(s) who were involved in such use, sale, offer for sale, or importation, the person(s) who made such sale or offer, the circumstances surrounding such use, sale, offer for sale, or importation, identification of all such documents relating thereto, and the three persons most knowledgeable about such facts.

**RESPONSE:** Responding to Interrogatory No. 3, RNN Trust states that there was "no first use, sale, offer for sale, or importation of the alleged invention claimed in each claim of the Asserted Patents." RNN Trust never has made or sold a commercial embodiment of a cellular communication device falling within the scope of the Asserted Claims. See Response to Interrogatory No. 1, which is incorporated herein by reference.

**INTERROGATORY NO. 4:**

Describe all secondary considerations of non-obviousness that you contend demonstrate the validity of any Asserted Claim, including but not limited to identifying all documents that support your answer, and the three people most knowledgeable about such secondary considerations.

**RESPONSE:** Secondary or objective considerations of non-obviousness include the commercial success of those, including but not limited to Apple, who have incorporated the claimed invention into their commercial products. The documents RNN Trust has requested of Apple will show such commercial success. Apple witnesses will be able to address such commercial success.

**INTERROGATORY NO. 5:**

Identify all persons with a financial interest, direct, or indirect, including ownership, in Nehushtan, the Asserted Patents, or litigation against Apple and describe (a) the relationship between the Named Inventor or Nehushtan and any of the aforementioned persons; (b) a description of the financial and/or ownership interest of each such person; (c) a description of any financial benefits or payments made, or to be made to such person; (d) an identification of any agreements or documents setting forth the financial or ownership interest; (e) any agreements or communications regarding actual or potential licenses or licensing strategy among the aforementioned persons; and (f) the three persons most knowledgeable about such actual or potential financial or ownership interest.

**RESPONSE:** Plaintiff is the owner of all rights to enforce and recover damages (including past, present and future damages) relating to Apple's infringement of the Asserted Patents. Plaintiff is fully owned by the Nehushtan Trust.

Rafi Nehushtan is the inventor of the Asserted Patents, a settlor of the Nehushtan Trust, and has donated and assigned his interest in the Asserted Patents to the Plaintiff.

Refael Nehushtan is a settlor of the Nehushtan Trust and has donated and assigned his interest in the Asserted Patents to the Plaintiff.

RNN Trust will produce the trust and assignment documents that confirm the foregoing.

The three persons most knowledgeable about the foregoing ownership interests are: (1) Doron Afik (trustee); (2) Refael Nehushtan; and (3) Rafi Nehushtan.

**INTERROGATORY NO. 6:**

For each attempt by Nehushtan to license, sell, or enforce the Asserted Patents, describe the target and outcome of such attempt, including the consideration or value offered or paid or agreed to

be paid for any proposed or realized transaction related to the Asserted Patents, the consideration or value offered or paid or agreed to be paid for any change in assignment of or rights (including partial rights) to the Asserted Patents, for any proposed or actual sale or licensing of the Asserted Patents or Nehushtan, for any proposed or actual investment in the Asserted Patents or Nehushtan, including identifying all documents relating thereto, and the three people most knowledgeable about your answer.

**RESPONSE:** RNN Trust has not attempted to license, sell or enforce the Asserted Patents (prior to filing the Complaint against Apple).

**INTERROGATORY NO. 7:**

Detail any investigation and/or evaluation regarding the monetary valuation of the Asserted Patents or any Related Patents, including the dates such activities took place, the persons or entities involved in such activities, the nature of such activities, and identify all documents relating thereto and the three persons most knowledgeable about such investigation(s) or evaluation(s).

**RESPONSE:** Plaintiff objects to the extent the Interrogatory seeks production of matters protected from disclosure by the attorney-client privilege or work product doctrine. Subject to and without waiving this objection, RNN Trust states that there has been no monetary valuation of the Asserted Patents or Related Patents.

**INTERROGATORY NO. 8:**

Describe in complete detail all actions and efforts you or your licensee(s) made to comply with 35 U.S.C. § 287(a) to give notice to the public that any product or article made, sold, or offered for sale by you or your licensee(s) is patented under the Asserted Patents, including any manner of marking, the date when such marking first began, the duration of such marking, any periods when

such marking ceased, any products that were not marked, the use of any of your websites or products in your marking efforts, and any efforts to enforce marking by licensees. Identify all responsive documents and the three people most knowledgeable about your response to this interrogatory.

**RESPONSE:** The Section 287 marking requirements do not apply because RNN Trust has not made, offered for sale, sold or licensed a product covered by the Asserted Claims. The person most knowledgeable about Plaintiff's response to this Interrogatory is Refael Nehushtan.

**INTERROGATORY NO. 9:**

Identify all damages that Nehushtan incurred (or will incur) from Apple's alleged infringement of the Asserted Patents, including the amount of damages, Nehushtan's method of computation, and all facts allegedly supporting such damages, including without limitation an identification of the facts you assert are relevant to the damages calculation and theory (or theories), the basis and support for your reasonable royalty claim, the assumed date of any hypothetical negotiation, the terms of a hypothetical license between a willing licensor and a willing licensee as of the relevant date, the product(s) included in the royalty base, the royalty rate, your calculation of the royalty, and an identification of all documents that relate thereto and the three people most knowledgeable about such alleged damages.

**RESPONSE:** RNN Trust seeks damages measured by a reasonable royalty and interest thereon. RNN Trust anticipates that the factual basis for the recovery of RNN Trust's damages will be based, in large part, on documents produced by Apple in this action. RNN Trust has not had the benefit of discovery from Apple relating to the issue of damages and, as a result, cannot currently compute damages. Further, RNN Trust anticipates retaining an expert to opine on damages in this action. RNN Trust will supplement its response to this Interrogatory in due course, once

information necessary for the calculation of damages has been obtained from Apple, consistent with the Federal Rules of Civil Procedure, the Local Rules, the Local Patent Rules, and the schedule set by the Court.

DATE: July 11, 2022

/s/John L. North
John L. North (GA SBN: 545580) (pro hac vice)
jln@hkw-law.com
Steven G. Hill (GA SBN: 354658) (pro hac vice)
sgh@hkw-law.com
Martha L. Decker (GA SBN: 420867) (pro hac vice)
md@hkw-law.com
HILL, KERTSCHER & WHARTON, LLP
3625 Cumberland Blvd., Suite 1050
Atlanta, GA 30339

Korula T. Cherian, Cal. Bar No. 133697
Robert Harkins, Cal. Bar No. 179525
CHERIAN LLP
1936 University Ave, Suite 350
Berkeley, CA  94704
Telephone: (510) 944-0190
bobh@cherianllp.com
sunnyc@cherianllp.com

*Attorneys for Plaintiff R.N Nehushtan Trust Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2022, I caused a copy of the foregoing to be served via electronic mail to the all counsel of record.

/s/ John L. North
John L. North
Georgia Bar No. 545580

*Attorney for Plaintiff*