IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO.: ) ) |
| ALIAKSANDR HOLUB, YULIYA YURKINA, and BARBARA LEE, | ) ) ) |
| Respondents. | ) ) |

**PETITION FOR DECLARATORY JUDGMENT**

COMES NOW Allstate Fire and Casualty Insurance Company ("Petitioner Allstate"), Petitioner in the above-styled case, by and through its undersigned counsel of record, and brings this action against Respondent Aliaksandr Holub ("Respondent Holub"), Respondent Yuliya Yurkina ("Respondent Yurkina"), and Respondent Barbara Lee ("Respondent Lee"), and alleges as follows:

**PARTIES**

1.

Petitioner Allstate is a foreign corporation with its principal place of business in Northbrook, Illinois. It is incorporated under the laws of the State of Illinois and is a citizen of Illinois.

1

2.

Respondent Holub is a resident and citizen of the State of Georgia and may be served with process at his last known address at 2210 Stoney Point Farms Road, Cumming, Georgia 30041-7868 in Forsyth County, Georgia.

3.

Respondent Yurkina is a resident and citizen of the State of Georgia and may be served with process at her last known address at 2210 Stoney Point Farms Road, Cumming, Georgia 30041-7868 in Forsyth County, Georgia.

4.

Respondent Lee is a resident and citizen of the State of Georgia and may be served with process at her last known address at 736 Woodcreek Way, Roswell, Georgia, 30076 in Fulton County, Georgia.

## JURISDICTION

5.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Petitioner Allstate is a citizen of a different state than all Respondents.

6.

The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 because the relief sought by Respondent Lee for injuries and damages

arising from the incident that is the subject matter of this action exceeds $75,000.00.

7.

The Court further has jurisdiction pursuant to 28 U.S.C. § 2201, in that Petitioner Allstate is seeking a declaration from this Court regarding the parties' rights and obligations with respect to a policy of homeowners insurance issued by Petitioner Allstate, Policy Number 945 459 061 (the "Policy"). (A certified copy of the Policy is attached hereto as Exhibit A). The Policy has $300,000 in family liability protection limits, and $1,000 in guest medical protection limits.

8.

Petitioner Allstate anticipates that Respondents will contest Petitioner Allstate's position in regard to the parties' rights and obligations under said Policy and, therefore, a true and actual controversy exists between the parties. Thus, the Court is vested, pursuant to 28 U.S.C. § 2201, with the power to declare the rights and obligations of the parties hereto, and to provide such other relief as may be necessary.

**VENUE**

9.

Furthermore, venue is laid in this District pursuant to 28 U.S.C. § 1391 (b)(1) by virtue of the fact that all Respondents reside in Georgia, and at least one

Respondent resides in the Northern District of Georgia, Atlanta Division.

## **FACTS**

10.

According to Respondent Lee, on February 1, 2022, the washing machine in her rental apartment leaked, and she cleaned up the water.

11.

On or about February 6, 2022, when Respondent Holub, her landlord, used the washing machine, it flooded again.

12.

Respondent Lee alleges that Respondent Holub then blew baking soda all over the basement with a leaf blower as part of a home-done cleanup job of the water from the washing machine/garbage disposal in the kitchen sink in the basement.

13.

Respondent Lee then claims that she was not feeling well, while she was training for a new job, and when a stone fell off the wall, she saw mold.

14.

Respondent Lee claims that she lost her new job because she was sick and forgot things, and her brain was swelling due to mold issues.

15.

Respondent Lee moved out of her apartment in May 2022.

16.

Respondent Lee has made a demand on Petitioner Allstate for approximately $80,000 to settle her claims.

17.

On November 29, 2022, Petitioner Allstate was first notified of the accident on February 6, 2022.

I. **PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT HOLUB, RESPONDENT YURKINA, OR RESPONDENT LEE UNDER FAMILY LIABILITY PROTECTION – COVERAGE X OR GUEST MEDICAL PROTECTION – COVERAGE Y IN THE POLICY BECAUSE THE POLLUTANT EXCLUSION APPLIES.**

18.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 17 of this Petition as if set forth verbatim herein.

19.

The Family Liability Protection – Coverage X and the Guest Medical Protection – Coverage Y in the Policy contain the following pollutant exclusion:

> 8. We do not cover any **bodily injury** which results in any manner from the discharge, dispersal, release or escape of vapors, fumes,

5

acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants, or pollutants.

(Exhibit A, p. 39).

20.

Respondent Lee claims that her bodily injury arises out of the mold in her basement apartment.

21.

Mold meets the definition of "vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants" under the Policy.

22.

Because the injuries sustained by Respondent Lee were allegedly caused by mold, which is a pollutant, Petitioner Allstate has no duty to provide coverage, indemnity, or a defense to Respondent Holub, Respondent Yurkina, or Respondent Lee under Family Liability Protection – Coverage X and the Guest Medical Protection – Coverage Y in the Policy.

**II. PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE TO RESPONDENT LEE UNDER GUEST MEDICAL PROTECTION – COVERAGE Y IN THE POLICY BECAUSE THE REGULAR RESIDENT EXCLUSION APPLIES.**

23.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 22 of this Petition as if set forth verbatim herein.

24.

The Guest Medical Protection – Coverage Y in the Policy contains the following contract exclusion:

1. **We** do not cover **bodily injury** to any **insured person** or regular resident of the **insured premises**. However, this exclusion does not apply to a residence employee.

(Exhibit A, p. 37).

25.

The Policy defines an **insured premises** as the **residence premises**. (Exhibit A, p. 16).

26.

The Policy defines the **residence premises** as "the **dwelling**, other structures and land located at the address stated on the Policy Declarations." (Exhibit A, p. 17).

27.

The declarations page lists 2210 Stoney Point Farms Road, Cumming, Georgia 30041-7868. (Exhibit A, p. 3).

28.

Respondent Lee was a regular resident of the **insured premises**.

29.

Because Respondent Lee was a regular resident of the **insured premises**, Petitioner Allstate has no duty to provide coverage to Respondent Lee under the Guest Medical Protection – Coverage Y.

III. <u>**Petitioner Allstate Has No Duty to Provide Coverage, Indemnity, or a Defense to Respondent Holub, Respondent Yurkina, or Respondent Lee under Family Liability Protection – Coverage X or Guest Medical Protection – Coverage Y in the Policy as They Failed to Provide Prompt Notice of the Accident, which is a Condition Precedent to Coverage.**</u>

30.

Petitioner Allstate reincorporate the allegations contained in Paragraphs 1 through 29 of this Petition as if set forth verbatim herein.

31.

The Section II of the Policy, which includes the Family Liability Protection – Coverage X and the Guest Medical Protection – Coverage Y, contains the following notice requirement as a condition precedent to coverage:

**Section II Conditions**

1. **What You Must Do After An Accidental Loss**

> In the event of **bodily injury** or **property damage**, **you** must do the following:
> a) Promptly notify **us** or **our** agent stating:
>    1) **your** name and policy number;
>    2) the date, the place and the circumstances of the loss;
>    3) the name and address of anyone who might have a claim against an **insured person**;
>    4) the names and addresses of any witnesses.

(Exhibit A, pp. 39-40).

32.

Petitioner Allstate was notified of the accident on November 29, 2022, which was approximately nine months after the accident.

33.

Because Petitioner Allstate was not promptly notified of the subject accident, which is a condition precedent to coverage, Petitioner Allstate has no duty to provide coverage, indemnity, or a defense to Respondent Holub, Respondent Yurkina, or Respondent Lee under the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Allstate prays:

1. That process be issued as required by law and that Respondents be served with a copy of the Summons and Petition for Declaratory Judgment;

2. That the Court issue a declaration that Petitioner Allstate is not obligated

to provide coverage, indemnity, or a defense to Respondent Holub and Respondent Yurkina under the Family Liability Protection - Coverage X of the Policy for the claims arising out of the February 6, 2022 accident described herein;

3. That the Court issue a declaration that Petitioner Allstate is not obligated to provide coverage to Respondent Lee under the Guest Medical Protection – Coverage Y of the Policy for the claims arising out of the February 6, 2022, accident described herein;

4. For a trial by jury on all issues; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 11th day of April 2023.

                               COPELAND, STAIR, VALZ & LOVELL, LLP

| | |
|---|---|
| 191 Peachtree Street NE, Suite 3600<br>P.O. Box 56887 (30343-0887)<br>Atlanta, Georgia 30303-1740<br>Phone: 404-522-8220<br>Fax: 404-523-2345<br>rdixon@csvl.law<br>jemory@csvl.law | By: */s/ Jena G. Emory*<br>RYAN D. DIXON<br>State Bar No.: 859300<br>JENA G. EMORY<br>State Bar No.: 178454<br><br>*Attorneys for Petitioner Allstate Insurance Company* |