IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL AERTS, <br><br> Plaintiff, <br><br> v. <br><br> TRYSTAR ENTERPRISES, LLC <br><br> Defendant. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff, Michael Aerts ("Plaintiff" or "Mr. Aerts"), by and through undersigned counsel, and files suit against Defendant Trystar Enterprises, LLC, showing the Court as follows:

## INTRODUCTION

1.

This is an action for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII").

## PARTIES

2.

Plaintiff is a United States citizen and resident of Georgia.

1

3.

Defendant is a Georgia corporation with its principal place of business in Gwinnett County, Georgia.

4.

Defendant may be served through their registered agent, United States Corporation Agents, Inc., at 1420 Southlake Plaza Drive, Morrow, GA, 30260.

5.

At all relevant times, Defendant employed fifteen or more employees for the requisite duration under Title VII.

## JURISDICTION AND VENUE

6.

This Court has federal question jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331.

7.

Venue is appropriate in this Court under 28 U.S.C. § 1391(b).

## FACTS

8.

Plaintiff was hired as a cable splicer in or around the beginning of July 2022.

9.

Plaintiff is African-American/black.

10.

On August 11, 2022, another individual working at the job site named Lee said to Plaintiff You fu(expletive)ing nig(racial slur)."

11.

Lee is Caucasian/white.

12.

On the same day, Lee punched Plaintiff's truck.

13.

After he did so, Lee told Plaintiff that next time, he was "just going to shoot him in the face."

14.

Plaintiff reported this incident to Defendant's owner, Aaron Golaub.

15.

Plaintiff then told Golaub that he was going to contact the police over the incident.

16.

Golaub told Plaintiff that he should leave it alone and not file a police report.

17.

Plaintiff then filed a police report.

18.

Golaub was reluctant to give Plaintiff the information he needed to fill out contact information on the forms he filled out at the police station.

19.

Then, on or about August 16, 2022, Golaub informed Plaintiff that he (Golaub) wanted to transfer Plaintiff to a contract in South Carolina.

20.

Golaub told Plaintiff that he would be able to "work by himself" there.

21.

It is unusual for Defendant's to switch employees in such a way.

22.

That contract paid less than the contract Plaintiff was working.

23.

That contract was also further away from Plaintiff's home.

24.

Plaintiff informed Golaub that he did not want to move contracts, that the pay was less, and that it was much farther away from where he lived.

25.

Plaintiff declined Golaub's offer to move contracts.

26.

On September 1, 2022, Defendant terminated Plaintiff.

## **COUNT I: RETALIATION IN VIOLATION OF TITLE VII**

27.

Plaintiff reasserts paragraphs 8-26 of this Complaint as if set forth fully herein.

28.

Plaintiff engaged in protected activity under Title VII by, *inter alia*, by reporting to Defendant's owner that another person working at the jobsite had called him a "fu(expletive)ing nig(racial slur)" and threatened him.

29.

Defendant then terminated Plaintiff for his protected activity, in violation of Title VII.

30.

Defendant's alleged reason for terminating Plaintiff is pretext for unlawful retaliation.

31.

Causation may be inferred by the close timing between Plaintiff's protected activity and his termination. Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

32.

Plaintiff is therefore entitled to recover lost wages plus interest, reinstatement or front pay, compensatory damages for emotional distress and harm to his reputation, other compensatory damages, punitive damages, attorneys' fees, and costs.

## COUNT II

## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

33.

Plaintiff realleges and incorporates paragraphs 8-26 as if set forth fully herein.

34.

Plaintiff is African American. Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

35.

Plaintiff performed his contractual obligations.

36.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

37.

Plaintiff is a member of a protected class; he is African American.

38.

Plaintiff's complaints and opposition to the racist conduct constitute protected activity under 42 U.S.C. § 1981.

39.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

40.

There was a causal connection between the protected conduct and the adverse action of termination.

41.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

42.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

43.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A) Trial by jury as to all issues;

B) Judgment in his favor;

C) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

D) Lost wages;

E) Injunctive relief of reinstatement and prohibition of Defendant from further unlawful conduct of the type described herein, or in lieu thereof, front pay;

F) Punitive damages;

G) Compensatory damages, including damages for emotional distress;

H) Prejudgment interest at the rate allowed by law;

I) Reasonable attorney's fees and litigation costs; and

J) Any such other and further relief as the Court may deem appropriate.

This 11th day of April, 2023.

                          **BARRETT & FARAHANY**
                          /s/ V. Severin Roberts
                          V. Severin Roberts
                          Georgia Bar No. 940504
                          *Attorney for Plaintiff*

P.O. BOX 530092
Atlanta, GA 30343-0092
T: (404) 214-0120
F: (404) 214-0125
severin@justiceatwork.com