E-FILED IN OFFICE - R
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-04902-S2
8/30/2022 4:31 PM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| **TALYSA JOHNSON,** | |
| Plaintiff, | CIVIL ACTION FILE NUMBER: 22-C-04902-S2 |
| v. | |
| **GARY TALBERT**, and **SCP DISTRIBUTORS, LLC** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff, Talysa Johnson, by and through his counsel, Ugwonali Law Group, LLC, and files this Complaint against Defendants Gary Talbert and SCP Distributors, LLC, respectfully showing:

### JURISDICTIONAL ALLEGATION

**1.**

Ms. Johnson seeks money damages and other relief from Defendants Gary Talbert and SCP Distributors, LLC. Consequently, this Court has subject matter jurisdiction over this case.

**2.**

Defendant Gary Talbert is an individual and resident motorist with the address of 3622 Vicki Lane, Douglasville, GA 30135. Consequently—and after proper service—this Court has personal jurisdiction over this Defendant.

**3.**

Defendant SCP Distributors, LLC is a business entity with the registered agent address of 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. Consequently—and after proper service—

**EXHIBIT 1**

this Court has personal jurisdiction over this Defendant.

4.

Venue is proper in this court pursuant to O.C.G.A. § 40-12-3 because the defendant's residence is in Douglas County.

## BACKGROUND

5.

On August 2, 2021, our client, Talysa Johnson, was the driver of a vehicle traveling east on Union Church Rd near its intersection with Merle Ct. Your insured driver, Gary Talbert, was also traveling east on Union Church Rd. Your insured failed to ensure that he could safely back up and struck the front of our client's vehicle. Your insured was found by the investigating police to be the at fault party in causing a clear liability automobile collision and was issued a traffic ticket; O.C.G.A. § Sec. 40-6-240 (improper backing). (See Exhibit 1, Official Motor Vehicle Police Accident Report documenting insured Negligence).

6.

Defendant driver Gary Talbert drove his white 2017 Freightliner FRHT eastbound on Union Church Road. The vehicle was owned by Defendant SCP Distributors, LLC. At the intersection of Union Church Road and Merle Court, Mr. Talbert missed his left turn onto Merle Court. In an attempt to make the turn, Mr. Talbert began to reverse in the middle of traffic, and crashed into the front of Ms. Johnson's vehicle.

7.

At all relevant times, Ms. Johnson rode in a safe, prudent, and lawful manner.

## COUNT I
## CLAIM FOR NEGLIGENCE

**8.**

At all relevant times, Defendant Gary Talbert owed certain civil duties to others on the roadway, including Ms. Johnson. Notwithstanding those duties, however, Defendant Gary Talbert did violate them in the following particulars:

- a. In failing to make reasonable and proper observations while driving Defendant's vehicle or, if reasonable and proper observations were made, failing to act thereon;

- b. In failing to observe and follow traffic signs/controls;

- c. In failing to make timely and proper application of Defendant's brakes, in violation of O.C.G.A. § 40-6-241;

- d. In failing to observe or undertake the necessary precautions to keep Defendant's vehicle from colliding with the Plaintiff's vehicle, in violation of O.C.G.A § 40-6-390;

- e. In driving Defendant's vehicle without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity, in violation of O.C.G.A. § 40-6-241;

- f. In driving Defendant's vehicle in reckless disregard for the safety of persons and/or property, in violation of O.C.G.A. § 40-6-390; and,

- g. In failing to ensure that the roadway was clear and safe to reverse, in violation of O.C.G.A. § Sec. 40-6-240

**9.**

Despite those duties, however, law enforcement found Defendant Gary Talbert at-fault. Indeed, the responding officer was unable to cite Defendant Gary Talbert for improper backing O.C.G.A. § 40-6-240.

**10.**

Defendant Gary Talbert was negligent when she struck Ms. Johnson because: (1) he owed Ms. Johnson a duty of care; (2) he breached that duty as described above; (3) such breach was the actual and proximate cause of Ms. Johnson's injuries; and (4) Ms. Johnson suffered damages as a result.

## COUNT II
## CLAIM FOR NEGLIGENCE *PER SE*

**11.**

The preceding paragraphs are hereby incorporated by reference as if fully stated here.

**12.**

Defendant Gary Talbert was negligent *per se* when he struck Ms. Johnson because: (1) he violated Georgia's laws regarding the operation of motor vehicles; (2) the laws were designed to prevent the type of collision giving rise to this litigation; (3) Ms. Johnson was a member of the class intended to be protected by said laws; and (4) the violation of said laws proximately caused Ms. Johnson's injuries.

## COUNT III
## NEGLIGENT ENTRUSTMENT AND FAMILY PURPOSE
### Against the Defendant(s) owner

**13.**

The preceding paragraphs are hereby incorporated by reference as if set forth herein.

**14.**

SCP Distributors, LLC (Defendant Owner) knew or should have known that the Defendant Gary Talbert was unfit to drive.

15.

Despite knowing that Defendant Gary Talbert was unfit to drive, Defendant SCP Distributors, LLC gave the car to Defendant driver and Defendant driver ultimately struck Plaintiff's car, injuring Plaintiff.

16.

Defendant owner is vicariously liable for the action of Defendant driver because Defendant owner negligently entrusted the car to Defendant driver. The car was also used for a family purpose, as the Defendants collectively stay in the same household. Defendant owner is accordingly vicariously liable for the negligent actions of Defendant driver under the family purpose doctrine.

17.

Defendant SCP Distributors, LLC jointly and severally liable for the aforementioned negligence of Defendant Gary Talbert.

## DAMAGES

18.

As a result of the collision, Ms. Johnson sustained damages including:

a. physical and mental pain and suffering;

b. past, present, and future medical expenses;

c. emotional distress;

d. lost earnings due to inability to labor;

e. lost enjoyment of life;

f. personal inconvenience; and

g.  any other damages to be determined at trial.

### 19.

Indeed, Ms. Johnson incurred special damages, including medical expenses exceeding $20,000.00.

### 20.

Further, Ms. Johnson is entitled to recover general damages in an amount to be determined at trial.

### 21.

Finally, Ms. Johnson suffered all such damages as a direct and proximate result of Defendant Gary Talbert's negligence, without any want of due care on Ms. Johnson's part contributing thereto.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

a.  That Summons and Process issue and that the named Defendant be served with a copy of this Complaint and that Defendant be required to appear and answer;

b.  That Plaintiff recover general damages;

c.  That Plaintiff recover special damages;

d.  That judgment be made against Defendant exceeding this Court's jurisdictional minimum for pain, suffering, and medical expenses;

e.  That Plaintiff recover court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case;

f.  That Plaintiff recover pre- and post-judgment interest as allowed by law;

g.  That Plaintiff recover such other relief as is just and proper; and

    h.    That all issues be tried before a jury of twelve persons.

Respectfully submitted,

                                    UGWONALI LAW GROUP LLC

Dated: August 30, 2022              /s/ Adanna U. Ugwonali
                                                  Adanna U. Ugwonali, Esq.
                                                  Georgia Bar No. 360541
                                                  (Attorney) for the Plaintiff

750 Hammond Drive
Building 12, Suite 200
Atlanta, Georgia 30328
Tel. (404) 593-2705
Fax. (404) 334-3306