**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **TALYSA JOHNSON** | |
| Plaintiff, | CIVIL ACTION FILE NUMBER: |
| v. | 22-C-04902-S2 |
| **GARY TALBERT, and** **SCP DISTRIBUTORS, LLC** | |
| Defendants. | |

**PLAINTIFF'S FIRST INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SCP DISTRIBUTORS, LLC**

Plaintiff hereby requests that defendant answer in writing and under oath the following Interrogatories within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. §9-11-33. In responding, defendant is requested to furnish such information as is available to defendant. To the extent any information called for is objected to is upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege, including a "privilege log."

Plaintiff further requests that defendant produce the following documents pursuant to O.C.G.A. §9-11-34 within forty-five (45) days from the date of service hereof at the Ugwonali Law Group, LLC, 750 Hammond Drive, Building 12, Suite 200, Sandy Springs, Georgia 30328, or at such other time, date, and location agreed to by counsel for defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

**EXHIBIT 11**

1

**I.     DEFINITION OF TERMS**

When used in these discovery requests, the following terms shall have the following meanings:

"You" and/or "your" shall refer to SCP Distributors, LLC

"Plaintiff" shall refer to Talysa Johnson

"Defendant" shall refer to Gary Talbert, driver, SCP Distributors, LLC

"The accident" shall mean the motor vehicle collision or incident referred in the Complaint which occurred on or about August 2, 2021.

"Date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof (including relationship to other events).

"Documents" are, without being limited to the generality of its meaning, all written materials, drawings, graphs, charts, photographs, sound recordings, videotapes, computer animations, computer discs, computer tapes, correspondence, invoices, letters, memoranda, telegrams, handwritten notes, periodicals, pamphlets, reports, financial records, canceled checks, deposit slips, bank statements, accounts, journals, ledger cards, profit and loss statements, financial statements, audited and unaudited, reports, audits, studies, working papers, corporate minutes, minute books, diaries, deeds, contracts, agreements, understandings, papers, drafts, indexes, data sheets, data processing cards, tapes, any data compilation from which information can be obtained, and any other physical object.  These terms should be construed to mean the originals; however, if the originals are not available, true and correct copies of the originals.

1.

Identify each and every person, including experts, known to you or any of your

agents or representatives having knowledge of any of the facts or circumstances relating to the subject matter of this action, including any matter which is relevant to any claim or defense of any party, or which may lead to the discovery of admissible evidence.  For each person specified, identify the specific facts or circumstances of which they have knowledge.

2.

Has any statement or report been made by any person whom you have named in the response to Interrogatory No. 1?  If so, please describe each statement or report, including the date made, the person making the statement or report, the subject matter of the statement or report, the substance or content of the statement or report, and the present location of the person having custody, control, or possession of the statement or report.

3.

Please give the name, policy number, and limits of liability coverage for any insurance policy or bonding agreement that may be liable to satisfy part of or all of any judgment entered against you in the above-captioned action, or to indemnify or reimburse you for any payments made to satisfy any such judgment.

4.

Please give the name, policy number, and limits of liability coverage for any insurance policy or bonding agreement that may be liable to satisfy part of or all of any judgment entered against Defendant Gary Talbert in the above-captioned action, or to indemnify or reimburse him or you for any payments made to satisfy any such judgment.

5.

Please state the name, title, address, and phone number of the person, corporation,

partnership, or any other entity holding legal title to the vehicle that was being operated by Defendant Gary Talbert at the time of the Collision.

6.

Identify all occupants of your vehicle at the time of the Collision.

7.

State where your vehicle had been just before the Collision, where it was going at the time of the collision, and the purpose of the trip.

8.

Identify any potential party to this lawsuit not already named as a party hereto, and the reason as to why they are a potential party.

9.

Have you made any claims against any person or entity regarding the Collision? If so, for each claim state the name and address of the entity or entities against whom the claim was made and describe the basis of each claim.

10.

Describe how the Collision occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the Collision, including a statement in detail of the facts or information upon which this contention is based; state the speed of your vehicle at all times material to the Collision, including specifically its speed at the time of impact (if the brakes were on at the time of impact, please state the speed before applying brakes); and state in detail what intoxicating beverages, if any, the driver had consumed and what drugs or medications, if any, he had taken during the 24-hour period immediately preceding the Collision.

11.

If you contend that the accident in question was an "unavoidable accident," describe in detail what you contend to be the non-human agency or condition which was the cause of the accident to the exclusion of the conduct of any party to the event.

12.

Do you contend that someone else's conduct or some other condition or event was the "sole proximate cause" or a "contributing cause" of the Collision? If so, please describe in detail the basis of this contention and identify any documents that support this contention.

13.

Have you conducted any test, experiment, or accident recreation/reconstruction from which, or the results of which, you will attempt to introduce into evidence in a trial of this case? If so, please describe it, identify the individual or entity that performed it, and generally describe the results of it.

14.

Describe in detail what damage, if any, was done to your vehicle in the Collision, and give the cost of repair to it.

15.

Describe any information you have indicating, or any reason you have to believe, that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

16.

Describe any traffic citation the driver of your vehicle received as a result of this Collision and any other citation for the three (3) years prior to the date of the Collision including but not limited to DUI, speeding, improper lane change, following too closely or reckless driving by stating the name and location of the court involved, the violations of the law charged in that citation, and the date, place, and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

17.

Has Defendant Gary Talbert ever been involved in any other collisions prior to the collision at issue in this lawsuit? If so, please provide the date, state, and county in which said collisions occurred and how each collision occurred.

18.

Please state whether any complaint has ever been received by you regarding the driving of Gary Talbert or whether you have ever taken any disciplinary action against him, and, if so, please describe the complaint or disciplinary action, the dates thereof, and any reports, records, or memoranda relating thereto.

19.

Describe any criminal record Defendant Gary Talbert may have, including the nature of the charge, date, and place of arrest, and conviction, if any.

20.

Do you have any photographs, video recording, or audio recording of anything concerning the Collision, including the involved vehicles, persons involved in the Collision, or the site of the Collision? If yes, please identify each photograph or video or

audio recording by the date made, the name of the person making them, and the name and address of the persons having possession of them.

21.

Did your vehicle have an on-board recording device, computer, tachograph, trip monitor, global positioning device, trip master, or any other device that recorded any information about the movement or operation of the vehicle? If so, please:

(a) Identify all such devices and their present location; and

(b) Describe the information recorded and the name and address of the person who possesses the information.

22.

Please give the name and business address of the person who was employed by you (both at the time of the Collision and at the time these interrogatories are being answered) who was responsible for:

(a) Your safety policies, safety procedures, and company operations;

(b) The investigation of the Collision;

(c) Maintenance, repairs, alterations to your vehicle;

(d) Your policies regarding drug and alcohol testing;

(e) Dispatchers responsible for dispatching.

24.

Do you contend that you operate solely as an interstate motor carrier and are not therefore subject to O.C.G.A. § 40-1-100 *et seq.*? If so, please state all facts and identify all documents that support this contention.

25.

Identify all documents, data compilations or other tangible things (other than those identified in your responses to the preceding interrogatories) that either support your contentions or support facts claimed in your answer to the Plaintiffs' Complaint.

## INSTRUCTIONS AND NOTES FOR
## FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requires Defendant to produce and permit him or someone acting on his behalf to inspect and copy the following documents within the thirty-three (33) day time period allowed by law from the date of service hereof at the offices of counsel for Plaintiff at:

Ugwonali Law Group, LLC
750 Hammond Drive
Building 12, Suite 200
Atlanta, Georgia 30328

Alternatively, you may attach copies of the requested documents to his answers to this request and serve the same upon the undersigned counsel for Plaintiff at the same address. Failure to timely respond to this Request for the Production of Documents may subject Defendant to sanctions pursuant to O.C.G.A. § 9-11-37.

NOTE A: When used in this request, the terms "Defendant," "you," or any synonyms thereof, shall embrace and include, in addition to the named party upon whom these requests are served, all agents, servants, representatives, private investigators, and others who are in a position to obtain documents for or on behalf of the named party upon whom these requests are served.

NOTE B: Your responses to these requests shall be supplemented by you if you or your attorneys obtain further information of the type specified by the Georgia Civil Practice

8

Act between the time responses are served and the time of trial. All such supplemental responses are to be filed and served upon counsel for Plaintiff within fifteen (15) days from the date of receipt of information warranting supplemental responses and, in no event, later than the time of trial in this action.

NOTE C: You must amend any prior response if you learn it was incorrect, is no longer true, or failure to amend would constitute a knowing concealment.

NOTE D: For these requests, the term "incident" (unless negated by context) specifically refers to the incident which occurred on or about August 2, 2021 and which forms the basis of the Complaint filed by the Plaintiff in this action.

NOTE E: Should Defendant claim as privileged any document responsive to the following requests, Defendant shall list each such document in such a manner as to allow for its identification in the event of a motion to compel. Additionally, Defendant shall indicate the grounds of the claimed privilege, the date, author and title of each document claimed privileged, the portion of the document to which the claim of privilege extends, and the identity of all persons, corporations, or other entities to whom the document has been disclosed. By doing so, you allow the Court to determine whether any such document is, in fact, privileged.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**Request No. 1**

Please produce all documents identified or referred to in your responses to the Plaintiffs' Interrogatories.

**Request No. 2**

Please produce a copy of the front and back of Gary Talbert's driver's license.

**Request No. 3**

Please produce a copy of the title and registration for your vehicle, including both the tractor and trailer.

**Request No. 4**

Please produce any and all photographs Defendant has of the vehicle, parties, or scene in question following the Collision.

**Request No. 5**

Please produce any and all names, addresses and telephone numbers of any and all experts, together with any and all reports that have been obtained from any expert. If a report has not been prepared, the preparation of a report is requested.

**Request No. 6**

Please produce any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

**Request No. 7**

Please produce any and all expert reports or things that were or will be reviewed by a testifying expert in this case.

**Request No. 8**

Please produce any and all work papers, notes and documents in the file of any expert witness who may testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

**Request No. 9**

Please produce a curriculum vitae or resume for each individual whom you may call as an expert witness at the trial of this case.

**Request No. 10**

Please produce any police report or other report of investigation of any governmental agency or private organization relating to the Collision.

**Request No. 11**

Please produce a copy of any damage appraisal made of your vehicle.

**Request No. 12**

Please produce any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering your vehicle at the time of the Collision.

**Request No. 13**

Please produce copies of any and all statements previously made by the Plaintiffs concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by her or her agents and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by her about this lawsuit and contemporaneously recorded.

**Request No. 14**

Please produce any and all settlement agreements, wherein you have arrived at a settlement or agreement between itself and any other person, whether or not a party to this lawsuit, regarding or pertaining to the Collision or any damages resulting therefrom.

**Request No. 15**

Please produce any and all drawings, maps, or sketches of the scene of the Collision.

**Request No. 16**

Please produce the personnel file of Gary Talbert and all documents relating to his application for employment, his qualifications, his driving record, motor vehicle accident reports for collisions in which he has been involved, and any contracts under which he performs services for you.

**Request No. 17**

Please produce the file for any investigation performed by you or at your request for all motor vehicle collisions in which Gary Talbert has been involved, including, but not limited to, the investigation of the Collision.

**Request No. 18**

Please produce a copy of the driving record of Gary Talbert for the three years prior to the date of the Collision.

**Request No. 19**

Please produce any data or documents (please see the definitions, above) stored on or taken from any on-board recording device present on your vehicle at the time of the Collision.

**Request No. 20**

Please produce all documents that relate to any inspections of the vehicle involved in the Collision, including, but not limited to, periodic inspections as described in 49 C.F.R. § 390 and 49 C.F.R. § 396.23, for a period of two years prior to the collision.

**Request No. 21**

Please produce all documents that relate to any responses of any government agency regarding an annual driver record inquiry made pursuant to 49 C.F.R. § 391.25(a).

**Request No. 22**

Please produce all documents relating to any post-accident drug or alcohol tests administered to Gary Talbert following the Collision.

**Request No. 23**

Please produce all documents relating to the activities of Gary Talbert for the 72 hours prior to the Collision including, but not limited to, driver's logs, time cards and records, bills of lading, fuel records and receipts, dispatch records, telephone records, toll tickets, trip records or summaries, delivery records, weigh station reports and tickets, permits, state entry or departure records, credit card records, expense records, trailer interchange records, manifests, waybills, on-board computer records, electronic data, administrative log records, driver's settlement sheets.

**Request No. 24**

Please produce all books, pamphlets, manuals, or other documents that are given to drivers of your vehicles, or other persons in a similar relationship with you as Gary Talbert, that concern or relate to training, instructions, advice, corporate policies, or recommendations.

**Request No. 25**

Please produce all documents that relate to your policy on drug and alcohol use; training provided to your drivers regarding drug and alcohol use; documentation or training provided to supervisors for the purpose of qualifying a supervisor to make a determination concerning the need for alcohol or drug testing based on reasonable suspicion; documentation of compliance with the requirements of 49 C.F.R. 382.601, including Gary Talbert's signed receipts for education materials.

## REQUESTS FOR ADMISSION

### Request No. 1

Please admit that the name, as set forth in the Complaint, is the correct name of you.

### Request No. 2

Please admit that Plaintiff did nothing whatsoever to contribute to the Collision.

### Request No. 3

Please admit that at the time and on the occasion of the Collision in question your employee Gary Talbert was negligent.

### Request No. 4

Please admit that as a direct and proximate result of Defendant Gary Talbert's actions, the Plaintiff was injured.

### Request No. 5

Please admit that you have been properly served with the summons and complaint regarding this lawsuit.

### Request No. 6

Please admit that you qualify as a motor common carrier under Georgia law.

### Request No. 7

Please admit that Defendant Gary Talbert was an employee of SCP Distributors, LLC on the date of the accident in question.

**Request No. 8**

Please admit that Defendant was acting within the course and scope of her employment with Defendant SCP Distributors, LLC at the time of the accident in question.

Date: November 30th , 2022

                                              Respectfully submitted,
                                              **UGWONALI LAW GROUP LLC**

                                              /s/ Adanna U. Ugwonali

750 Hammond Drive                Adanna U. Ugwonali
Building 12, Suite 200             Georgia Bar No.: 360541
Sandy Springs, Georgia 30328    Diana Emiradzhyieva, Esq
(404) 593-2705                    Georgia Bar No. 428613
(404) 334-3306 [Fax]             (Attorney) for the Plaintiff
adanna@auulaw.com
Attorney for Plaintiff
Fax.  (404) 334-3306