**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

**TALYSA JOHNSON**

     Plaintiff,

v.

**GARY TALBERT** and
**SCP DISTRIBUTORS, LLC**
    Defendant.

CIVIL ACTION FILE NUMBER:

22-C-04902-S2

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES,**
**FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS, AND**
**FIRST REQUESTS FOR ADMISSION TO DEFENDANT GARY TALBERT**

COMES NOW Talysa Johnson, Plaintiffs in the above-captioned matter, and serves this First Continuing Interrogatories, First Requests for the Production of Documents, and First Requests for Admission to Defendant Gary Talbert.

**INSTRUCTIONS AND NOTES FOR FIRST CONTINUING INTERROGATORIES**

Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requires this Defendant to respond under oath to the following Interrogatories within the forty-five (45) day time period allowed by law from the date of service hereof, and to serve a copy of said responses on the undersigned counsel for Plaintiff at:

Ugwonali Law Group, LLC
750 Hammond Drive
Building 12, Suite 200
Atlanta, Georgia 30328

EXHIBIT 12

NOTE A: When used in these interrogatories, the term "Defendant" or "you" or any synonym thereof, shall embrace and include, in addition to the named party upon whom these interrogatories are served, all agents, servants, representatives, private investigators, and others who are in a position to obtain information for or on behalf of the named party upon whom these interrogatories are served.

NOTE B: Your responses to these interrogatories shall be supplemented by you if you or your attorneys obtain further information of the type specified by the Georgia Civil Practice Act between the time answers are served and the time of trial.  All such supplemental answers are to be filed and served upon counsel for Plaintiff within fifteen (15) days from the date of receipt of information warranting supplemental responses and, in no event, later than the time of trial in this action.

NOTE C: You must amend any prior response if you learn it was incorrect, is no longer true, or failure to amend would constitute a knowing concealment.

NOTE D: For these interrogatories, to "identify" or supply the "identity" of a person means to state the following: full name, last known address, home telephone number, cellular telephone number, business telephone number, place of employment, job title or capacity, and present whereabouts.

NOTE E: For these interrogatories, the term "incident" specifically refers to the incident which occurred on or about August 2, 2021, which forms the basis of the Complaint.

NOTE F: Should Defendant claim as privileged any document for which identification is requested by any of the following interrogatories, Defendant shall list each such document in such a manner as to allow for its identification in the event of a motion to compel.  Specifically, Defendant shall indicate the grounds of the claimed privilege, the date, author, and title of each

document claimed privileged, the portion of the document to which the claim of privilege extends, and the identity of all persons, corporations, or other entities to whom the document has been disclosed.  By doing so, you allow the Court to determine whether any such document is, in fact, privileged.

NOTE G: If you claim that you cannot answer any of the following interrogatories in full after exercising due diligence to secure the information to do so, answer to the extent possible, specify your inability to answer the remainder, and state what information or knowledge you have concerning the unanswered portions.

## FIRST CONTINUING INTERROGATORIES

**1.**

Please state:

(a)     your full name;

(b)     your date of birth;

(c)     your current address;

(d)     your current employer; and

(e)     the name of your spouse.

**2.**

Please state:

(a)     whether you ever failed a driver's test; and

(b)     whether your driver's license was ever suspended or revoked.

**3.**

Regarding each other motor vehicle collision in which you have been involved, please state:

      (a)      the date of the collision;

      (b)      the location of the collision; and

      (c)      the nature of the collision.

**4.**

If you have ever been arrested, charged with, received a citation for, pled guilty to, or been convicted of a crime or offense (including traffic related offenses and offenses related to this case) please state for each:

      (a)      the date of each incident leading to each charge, citation, plea, or conviction;

      (b)      a brief statement of the factual allegations;

      (c)      the charges brought against you;

      (d)      the court hearing each matter; and

      (e)      the final resolution.

**5.**

Please describe your exact whereabouts and activities during the 12 hours prior to the incident.  This interrogatory is calculated to gauge, *inter alia*, your alertness during the incident.

**6.**

Please identify anything that distracted you from complete focus on driving immediately before or during the incident.

**7.**

Regarding any alcohol, drug (prescription, over-the-counter, legal, or illegal), or any other mind-affecting substance you encountered during the period beginning 24 hours before the incident and ending two hours after the incident, please state:

(a)     the substance;

(b)     the time of your encounter; and

(c)     the amount that entered your body.

**8.**

If you owned, possessed, or used a cellular telephone during the incident, please state:

(a)     the telephone number;

(b)     the service provider; and

(c)     whether you were using it at the time of the incident.

**9.**

Please detail what you believe caused the incident.

**10.**

Please identify each person who:

(a)     witnessed the incident; or

(b)     arrived at the scene of the incident within one hour after it occurred;

**11.**

Regarding each recorded statement regarding the incident, please state:

(a)     the identity of each person making or receiving each statement;

(b)     the date each statement was made; and

(c)      the substance of each statement.

## 12.

Please identify each insurance or bond agreement under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered against you in this action.  Include:

(a)      the policy numbers;

(b)      the applicable limits of coverage;

(c)      the type of insurance coverage;

(d)      the names of each party to each agreement;

(e)      the amount of any deductible or self-insured retention; and

(f)      any reservation of rights.

## 13.

If you drove 2017 Freightliner FRHT with permission from the vehicle's owner, lessor, or authorized custodian on August 2, 2021, please identify:

(a)      The owner of the vehicle;

(b)      the person who gave you that permission;

(b)      your relationship to that person;

(c)      each step that person took to supervise your driving; and

(d)      each restriction placed on your permission.

## 14.

Identify all third parties and nonparties from whom you have obtained information or documents related to the incident or Plaintiff.

**15.**

Please identify each person who investigated or who has been requested to investigate or opine on the incident or any other matter relating to your defense.

**16.**

Regarding each person whom you expect to call as an expert witness at trial, please state:

(a)      the person's name;

(b)      the substance of the opinions to which the person may testify;

(c)      a summary of the grounds for each opinion you expect the person to give; and

(d)      whether the person has made any reports or other materials for this case.


## INSTRUCTIONS FOR
## FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requires Defendant to produce and permit her or someone acting on her behalf to inspect and copy the following documents within the forty-five (45) day time period allowed by law from the date of service hereof at the offices of counsel for Plaintiff at:

Ugwonali Law Group, LLC
750 Hammond Drive
Building 12, Suite 200
Atlanta, Georgia 30328

Alternatively, Defendant may attach copies of the requested documents to answers to this request and serve the same upon the undersigned counsel for Plaintiff at the same address.  Failure to timely respond to this Request for the Production of Documents may subject the Defendant to sanctions pursuant to O.C.G.A. § 9-11-37.

NOTE A: When used in this request, the term "Defendant" or "you," or any synonym thereof, shall embrace and include, in addition to the named party upon whom these requests are served, all agents, servants, representatives, private investigators, and others who are in a position to obtain documents for or on behalf of the named party upon whom these requests are served.

NOTE B: Your responses to these requests shall be supplemented by you if you or your attorneys obtain further information of the type specified by the Georgia Civil Practice Act between the time responses are served and the time of trial.  All such supplemental responses are to be filed and served upon counsel for Plaintiff within fifteen (15) days from the date of receipt of information warranting supplemental responses and, in no event, later than the time of trial in this action.

NOTE C: You must amend any prior response if you learn it was incorrect, no longer true, or failure to amend would constitute a knowing concealment.

NOTE D: For these requests, the term "incident" specifically refers to the incident which occurred on or about August 2, 2021 and forms the basis of the Complaint.

NOTE E: Should Defendant claim as privileged any document responsive to the following requests, Defendant shall list each such document in such a manner as to allow for its identification in the event of a motion to compel.  Additionally, Defendant shall indicate the grounds of the claimed privilege, the date, author, and title of each document claimed privileged, the portion of the document to which the claim of privilege extends, and the identity of all persons, corporations, or other entities to whom the document has been disclosed.  By doing so, you allow the Court to determine whether any such document is, in fact, privileged.

## **FIRST REQUEST FOR**
## **THE PRODUCTION OF DOCUMENTS**

**1.**

Please produce each document you described, relied on, used, or identified in your responses to Plaintiff's First Interrogatories to Defendant.

**2.**

Please produce a full-color copy of each driver's license and/or permit issued to you that was in effect during the incident.

**3.**

Please produce each other document related to:

(a)     the incident;

(b)     the vehicles involved;

(c)     the Complaint allegations; or

(d)     your defenses, including any contention that the incident was the fault of any person or entity other than Defendants.

**4.**

Please produce the Complaint and Answer for each civil action to which you were a party within the previous 12 years.  Please include without limitation documents related to actions for damages, civil divorces, custody proceedings, and petitions for bankruptcy.

**5.**

Please produce each indictment, charge, information form, sentence, and plea in each criminal action brought against you.

**6.**

Please produce all Motor Vehicle Records reflecting your driving history for the previous ten (10) years.  This request seeks evidence regarding the prudence of permitting you to drive a borrowed vehicle.

**7.**

Please produce a copy of any photograph, video, or other physical or digital recording depicting you under the influence of alcohol, drugs (prescription or otherwise), or any other mind-altering substance.

**8.**

Please produce August 2, 2021, cellular phone logs for each cellular phone located within the 2017 Freightliner FRHT you drove during the incident.

**9.**

Regarding the vehicle, please produce:

(a)     a copy of the vehicle's title if owned by you, otherwise a copy of the financing or lease papers;

(b)     all photographs, pictures, and video recordings of the vehicle made between 15 days before and 15 days after the incident; and

(c)     any damage appraisals, repair estimates, or repair invoices regarding property damage to the vehicle as a result of the incident.

**10.**

Please produce any and all written or otherwise recorded statements made by any witness, party, or other person having information or knowledge of any fact or circumstance in this action.

**11.**

Please produce each insurance or bond agreement under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered against you in this action.

**12.**

Regarding correspondence made between you and any party insuring the vehicle you drove during the incident, please produce copies of each dated on or after the incident date.

**13.**

Please produce all investigatory materials, reports, notes, and documents related to the incident which were generated by any insurance agent, adjuster, or investigator during the claims process before the institution of this lawsuit.

**14.**

Please produce all surveillance, movies, videos, and/or photographs of Talysa Johnson made or obtained by or for you.

**15.**

Please produce the *curriculum vitae* of each expert consulted or hired by or for you for this case.

**16.**

Please produce each report related to this action made by each expert retained or otherwise employed by or for you.

**17.**

Please produce all materials any expert witness you have retained in this matter relied upon in forming his or her opinions.

**18.**

Please produce all agreements between you and any other person, whether or not a party to this action, regarding or pertaining to the subject incident or any damages resulting therefrom.

**19.**

Please produce any documents reflecting any offers of settlement you made prior to the filing of this lawsuit.

**20.**

Please produce a copy of all responses, documents, and things obtained by the Defendant from nonparties and third parties in response to Defendant's various requests relating to this lawsuit.

## INSTRUCTIONS FOR
## FIRST REQUESTS FOR ADMISSION

Pursuant to O.C.G.A. § 9-11-36, Plaintiff hereby serves these First Requests for Admission to Defendant Gary Talbert.

<u>NOTE A</u>:  Please respond separately in writing to the following requests within the time period allowed by Georgia law, and serve a copy of your responses upon counsel of record for the Plaintiff at:

Ugwonali Law Group, LLC
750 Hammond Drive
Building 12, Suite 200
Atlanta, Georgia 30328

NOTE B: For these requests, the term "incident" specifically refers to the incident which occurred on or about August 2, 2021 and forms the basis of the Complaint.

NOTE C: Answers should admit, deny, or set forth in detail the reasons why Defendant cannot truthfully admit or deny each request. When good faith requires that Defendant qualify an answer or deny only part of a request, Defendant shall specify so much as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant also states that Defendant has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Defendant to admit or deny.

NOTE D: If Defendant fails to admit any request, and if Plaintiff thereafter prove the truth of the matter, Plaintiff will ask the Court for an order requiring Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

## FIRST REQUESTS FOR ADMISSION

### 1.

Please admit that you have been properly named in this action.

### 2.

Please admit that you are currently a resident of Gwinnett County, Georgia.

### 3.

Please admit that you were sufficiently and timely served with the Summons and Complaint.

**4.**

Please admit that you are properly subject to the jurisdiction and venue of this Court.

**5.**

Please admit that on August 2, 2021., you drove a 2017 Freightliner FRHT.

**6.**

Please admit that at the above-mentioned time and place, you drove a 2017 Freightliner FRHT on Union Church Rd onto Talysa Johnson's vehicle.

**7.**

Please admit that you drove into the rear end of Talysa Johnson's vehicle at speed and with force.

**8.**

Please admit that Talysa Johnson's neither caused nor contributed to the incident.

**9.**

Please admit that you were distracted at the time of the incident.

**10.**

Please admit that you were not distracted at the time of the incident but crashed into Plaintiffs anyway.

**11.**

Please admit that you failed to make reasonable and proper observations while driving or, if reasonable and proper observations were made, failing to act thereon, contributing to the incident.

**12.**

Please admit that you failed to yield, contributing to the incident.

**13.**

Please admit that you drove without due care, contributing to the incident.

**14.**

Please admit that you drove with reckless disregard for the safety of persons and property, contributing to the incident.

**15.**

Please admit that Talysa Johnson suffered property damage as a result of the incident.

**17.**

Please admit that Talysa Johnson, suffered bodily injury as a result of the incident.

**18.**

Please admit that Talysa Johnson incurred medical expenses for treatment of injuries resulting from the incident.

**19.**

Please admit that Talysa Johnson's medical expenses were reasonable and necessary for the care and treatment of injuries resulting from the incident.

Respectfully submitted,

This 30th day of November, 2022.

**UGWONALI LAW GROUP, LLC**
**/s/**Adanna U. Ugwonali
Adanna U. Ugwonali, Esq
Georgia Bar No. 360541
750 Hammond Drive                    (Attorney) for the Plaintiff
Building 12, Suite 200
Atlanta, Georgia 30328
Tel.      (404) 593-2705
Fax.      (404) 334-3306