IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| TALYSA JOHNSON, | * | |
|     Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. 22-C-04902-S2 |
| | * | |
| GARY TALBERT and | * | |
| SCP DISTRIBUTORS, LLC., | * | |
|     Defendants. | * | |

### DEFENDANT GARY TALBERT'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION AND FIRST REQUEST FOR ADMISSIONS

COMES NOW Defendant Gary Talbert, and responds to the discovery pleading entitled, "Plaintiff's First Continuing Interrogatories, First Requests for Production of Documents, and First Requests for Admission to Defendant Gary Talbert," as follows:

### GENERAL OBJECTION

This Defendant objects to this discovery request to the extent that the included definitions and instructions seek to impose greater obligations than those of the Georgia Civil Practice Act.

### INTERROGATORY RESPONSES

1.

This Defendant's full name is Gary Lynn Talbert. His date of birth is March 9, 1961. His current residence address is 84 Cantrell Lane, Saluda, NC 28773. His current employer is Superior Pool Products, a subsidiary or affiliate of Pool Corporation a/k/a PoolCorp. His spouse is Gigi Talbert.

2.

(a)  No.

(b)  This Defendant understands that he had a prior license suspension based on points.

**EXHIBIT 13**

3.

This Defendant objects to Interrogatory No. 3 as seeking information which is neither relevant to any material issues in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving objections, Defendant shows that to the best of his recollection he has been involved in the motor vehicle accidents identified in the records of PoolCorp. Copies of these records will be produced. This Defendant further recalls that approximately seven years ago he was rear ended by a hit and run driver in Douglasville, Georgia. Also, he recalls that in approximately 2003 or 2004 he rearended a vehicle in Kennesaw, Georgia, causing minor damage to a trailer of the other vehicle.

4.

This Defendant objects to Interrogatory No. 4 as seeking information which is neither relevant to any material issues in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving objections, this Defendant has no record of convictions for any crimes that would be considered felonies, crimes of dishonesty or crimes involving moral turpitude.

5.

This Defendant does not recall exactly what he would have done during the twelve-hour period prior to the subject accident. Some of that time would have been while he was engaged in his work as a driver for SCP Distributors. He believes that he would have started work at approximately 8:00 a.m. that morning. He recalls that the subject accident occurred in the early afternoon hours. He would have spent part of that workday loading his vehicle at an SCP Distributors warehouse in Forest Park, Georgia. He is unsure whether he had made other deliveries before the subject accident occurred. Prior to going to work that day he would have been at home. The night and morning before he would have slept, gotten up, ate breakfast and gone to work. He

believes that it would have been a typical night, morning and day leading up to the time of the subject accident.

6.

Not applicable.

7.

None other than daily blood pressure medication.

8.

This Defendant's cell phone number is (404)784-4323. His current cell phone service provider is Verizon. He believes that the provider at the time of the subject accident would have been T- Mobile. He was not using the cell phone at the time of the subject accident.

9.

This Defendant was in route to make a delivery and drove past a road that he needed to turn onto. He believes he would have been approximately 20 feet beyond that roadway when he stopped to back up in order to make the turn. Before backing up he looked in both of his mirrors and did not see any vehicles behind him. He then backed up at low speed and discovered that there was a car close behind him when the impact with the other vehicle occurred.

10.

This Defendant does not know of any witnesses to the subject accident other than the two drivers. A police officer would have come to the scene after the accident. This Defendant recalls that an unidentified friend of the Plaintiff also came to the scene. He believes that the friend was a female.

11.

None known.

12.

The only insurance that would provide coverage to this Defendant for the subject accident is a policy of commercial auto liability insurance issued to Pool Corporation and SCP Distributors by Sentry Insurance a Mutual Company. A copy of the policy will be produced. The policy provides $2,000,000 in combined single limits liability coverage subject to a $750,000 deductible or self-insured retention. There are no known reservations of rights.

13.

This Defendant was driving a 2017 Freightliner at the time of the subject accident. Defendant understands that this vehicle was owned by SCP Distributors. Documentation of such ownership will be produced by SCP Distributors. This Defendant was driving the vehicle with permission of the owner pursuant to his employment at the time with SCP Distributors. This Defendant does not know of anyone who was supervising his driving. This Defendant does not know of any restrictions that were placed on his permission to use this vehicle as part of his work duties.

14.

None to date. Discovery has only just begun and is ongoing.

15.

This Defendant understands that a police officer investigated the accident. That investigation would be reflected by the police accident report in this matter. A copy of this report will be produced. This Defendant does not know if anyone else investigated this accident, but the accident was reported to SCP Distributors, which may have then conducted some investigation of the accident based on this Defendant's report of the accident.

16.

This Defendant has not yet made any decisions concerning the use of experts at the trial of this case. If and when such a decision has been made, this discovery response will be

supplemented to provide the information concerning trial experts provided for in Rule 26 of the Georgia Civil Practice Act. As to non-testifying experts, Defendant objects to this discovery request as seeking information beyond the scope of permissible discovery concerning experts under Rule 26 of the Georgia Civil Practice Act.

## **REQUEST FOR PRODUCTION RESPONSES**

1.

To the extent that this Defendant described discoverable documents in his possession in responding to the Interrogatories, copies of same will be produced. This Defendant did not rely on any documents in responding to Plaintiff's Interrogatories. A copy of the police report and any available photographs of the vehicles will be produced.

2.

A copy of this Defendant's driver's license will be produced.

3.

A copy of the police report will be produced. Available photographs of the vehicles will be produced. A copy of the citation issued to this Defendant will also be produced.

4.

This Defendant objects to Request for Production No. 4 as seeking documentation which is neither relevant to any material issues in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving objections, this Defendant has no such documents.

5.

This Defendant objects to Request for Production No. 5 as seeking documentation which is neither relevant to any material issues in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving objections, this Defendant has

no such documents. This Defendant has no record of convictions for any crimes that would be considered felonies, crimes of dishonesty or crimes involving moral turpitude.

6.

This Defendant does not have documents reflecting his driving history but understands that MVR records will be produced by SCP Distributors in this matter.

7.

This Defendant has no such documents.

8.

This Defendant does not have the requested documents.

9.

This Defendant does not have such documents but understands that documentation of the company vehicle's ownership will be produced by SCP Distributors in this matter. Photographs of the vehicles made at the accident scene will be produced. This Defendant has no damage appraisals or repair estimates involving the vehicle that he was driving.

10.

This Defendant has no such documents.

11.

A copy of the Sentry Insurance commercial auto liability policy for SCP Distributors will be produced.

12.

This Defendant has no such documents.

13.

This Defendant has no such documents other than the police accident report, a copy of which will be produced.

14.

This Defendant objects to Request for Production No. 14 as seeking documents prepared or obtained in anticipation of litigation and/or otherwise seeking discovery of attorney work product. This Defendant further objects to this Request as premature until after the Plaintiff has given a deposition in this matter. Subject to and without waiving objections, this Defendant presently has no such documents.

15.

This Defendant presently has no such documents.

16.

This Defendant presently has no such documents.

17.

This Defendant presently has no such documents.

18.

This Defendant has no such documents.

19.

This Defendant has no such documents.

20.

This Defendant presently has no such documents. If such documents are later obtained in this matter and Plaintiff pays the reasonable costs of reproducing same, copies will be produced.

**RESPONSES TO REQUEST FOR ADMISSIONS**

1.

Request for Admissions No. 1 is admitted.

2.

Request for Admissions No. 2 is denied.

3.

Request for Admissions No. 3 is admitted.

4.

Request for Admissions No. 4 is admitted as to personal jurisdiction and denied as to venue.

5.

Request for Admissions No. 5 is admitted, but this Defendant denies that the 2017 Freightliner he drove is called a Freightliner FRHT. This Defendant believes that "FRHT" is an abbreviation for Freightliner.

6.

In response to Request for Admissions No. 6, this Defendant admits that he drove his vehicle in reverse into the Plaintiff's vehicle. He does not believe, however, that he drove "onto" the Plaintiff's vehicle. To the extent that Request for Admissions No. 6 uses the term onto instead of into it is denied.

7.

Request for Admissions No. 7 is denied.

8.

Upon reasonable inquiry and based upon the information known or readily obtainable by this Defendant this Defendant is not able to admit or deny Request for Admissions No. 8.

9.

Request for Admissions No. 9 is denied.

10.

In response to Request for Admissions No. 10, this Defendant admits that he was not distracted and admits that his vehicle backed into the front of the Plaintiff's vehicle. Request for Admissions No. 10 is otherwise denied as stated.

11.

Request for Admissions No. 11 is denied.

12.

Request for Admissions No. 12 is denied.

13.

Upon reasonable inquiry and based upon the information known or readily obtainable by this Defendant this Defendant is not able to admit or deny Request for Admissions No. 13.

14.

Request for Admissions No. 14 is denied.

15.

Request for Admissions No. 15 is admitted.

16.

There was no Request for Admissions No. 16 to respond to.

17.

Upon reasonable inquiry and based upon the information known or readily obtainable by this Defendant this Defendant is not able to admit or deny Request for Admissions No.17.

18.

Upon reasonable inquiry and based upon the information known or readily obtainable by this Defendant this Defendant is not able to admit or deny Request for Admissions No. 18.

19.

Upon reasonable inquiry and based upon the information known or readily obtainable by this Defendant this Defendant is not able to admit or deny Request for Admissions No. 19.

This 29th day of December, 2022.

**FAIN MAJOR & BRENNAN, P.C.**

One Premier Plaza
5605 Glenridge Drive, NE, Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
*jhardee@fainmajor.com*
*dray@fainmajor.com*

*/s/ Dale C. Ray, Jr.*
JAMES W. HARDEE
Georgia Bar No. 324399
DALE C. RAY, JR.
Georgia Bar No. 596095
*Counsel for Defendants*

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **TALYSA JOHNSON,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil Action No. 22-C-04902-S2** |
| | * | |
| **GARY TALBERT and** | * | |
| **SCP DISTRIBUTORS, LLC.,** | * | |
| **Defendants.** | * | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of **DEFENDANT GARY TALBERT'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION AND FIRST REQUEST FOR ADMISSIONS** by email to Plaintiff's counsel to be followed by service electronically via Odyssey eFileGA, via statutory electronic service, or by placing same in the United States Mail, postage prepaid, addressed as follows:

Adanna U. Ugwonali
UGWONALI LAW GROUP, LLC
750 Hammond Dr.
Building 12, Suite 200
Atlanta, GA 3028
adanna@auulaw.com

This 29th day of December, 2022.

**FAIN MAJOR & BRENNAN, P.C.**

*/s/ Dale C. Ray, Jr.*

One Premier Plaza          JAMES W. HARDEE
5605 Glenridge Drive, NE   Georgia Bar No. 324399
Suite 900                  DALE C. RAY, JR.
Atlanta, GA 30342-1445     Georgia Bar No. 596095
(404) 688-6633             *Counsel for Defendants*
jhardee@fainmajor.com
dray@fainmajor.com