IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| TALYSA JOHNSON,  *<br>    Plaintiff,  * | |
| vs.  * | Civil Action No. 22-C-04902-S2 |
| GARY TALBERT and  *<br>SCP DISTRIBUTORS, LLC.,  *<br>    Defendants.  * | |

**DEFENDANT SCP DISTRIBUTORS, LLC'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant SCP Distributors, LLC, and responds to the Interrogatories and Request for Production portions of the discovery pleading entitled, "Plaintiff's First Interrogatories, Requests for Admissions and Requests for Production of Documents to Defendant SCP Distributors, LLC," as follows:

**FIRST GENERAL OBJECTION**

Defendant objects to this discovery request to the extent that the included definitions and instructions seek to impose greater obligations than those of the Georgia Civil Practice Act.

**SECOND GENERAL OBJECTION**

Defendant objects to this discovery request to the extent that it purports to require production of documents at the office of Plaintiff's counsel. To the extent that Defendant has agreed to produce documents hereunder, such documents will be produced by mailing of copies of such documents to Plaintiff's counsel.

**INTERROGATORY RESPONSES**

1.

This Defendant believes that the two drivers of the vehicles involved in the subject accident would have knowledge concerning the accident. The investigating police officer would likely

**EXHIBIT 17**

have knowledge concerning the officer's investigation as reflected on the police accident report. Plaintiff's medical care providers would likely have knowledge or information concerning Plaintiff's claimed injuries and damages and medical history. This Defendant objects to Interrogatory No. 1 to the extent that it seeks a description of facts or circumstances of which these persons have knowledge on the basis that this would require disclosure of information prepared or obtained in anticipation of litigation and/or discovery of the mental impressions, opinions, legal theories and/or conclusions of Defendant's counsel.

2.

None known. The police officer, however, prepared a police accident report. It would reflect some information concerning statements made to the officer by the two vehicle drivers.

3.

This Defendant has a commercial auto liability insurance policy issued by Sentry Insurance a Mutual Company. A copy of the policy will be produced. The policy provides $2,000,000 in combined single limits liability coverage subject to a $750,000 deductible or self-insured retention.

4.

See response to Interrogatory No. 3 above.

5.

The vehicle operated by Gary Talbert at the time of the subject collision is owned by SCP Distributors, LLC.

6.

None known other than Gary Talbert.

7.

This Defendant understands that Mr. Talbert was in route to make a delivery for his employer at the time, SCP Distributors, LLC. This Defendant understands that Mr. Talbert had earlier in the day been at an SCP Distributors warehouse facility in Forest Park, Georgia. It is presently unknown whether Mr. Talbert had made any deliveries that day before the subject accident.

8.

None known.

9.

No; not applicable.

10.

This Defendant understands that Mr. Talbert had driven past a road that he needed to turn onto in order to go to his delivery location. Mr. Talbert then stopped a short distance beyond that roadway. This Defendant understands that Mr. Talbert looked in his mirrors and did not see anyone behind him. He then backed up at low speed to get back into position to where he could make the turn. Unbeknownst to Mr. Talbert the Plaintiff's vehicle was positioned close behind the back of his vehicle. Mr. Talbert then backed into the Plaintiff's vehicle because it was not visible to him. It is unknown what Mr. Talbert's speed would have been but given that he was backing up a short distance it would have been low speed. This Defendant has nothing to indicate that Mr. Talbert had consumed any drugs or alcohol. The police report indicates that he was not drinking and a post-accident drug screen was negative.

11.

This Defendant is not presently making such a contention.

12.

The Plaintiff may have been following the vehicle driven by Mr. Talbert too closely since she was not visible in his mirrors.  If the Plaintiff was following too closely that would likely have been a contributing cause for the subject collision.

13.

No; not applicable.

14.

This Defendant does not believe that there was any damage to its vehicle.  There were no repair costs.

15.

This Defendant is unaware of any defect or failure on the part of any vehicle or equipment involved in this collision.

16.

This Defendant understands that Mr. Talbert received a citation for improper backing in connection with the subject accident.  A copy of the citation will be produced.  This Defendant is unaware of Mr. Talbert being involved in any other collisions during the three-year period prior to the subject collision.  This Defendant is also unaware of any other citations having been issued to Mr. Talbert in that three-year period.  Mr. Talbert's last known citation was for driving the wrong way on a one-way street while in a personal vehicle in May of 2018.

17.

This Defendant understands that Mr. Talbert had been involved in a collision in approximately 2003 in which he rear-ended another vehicle.  This Defendant is aware of Mr. Talbert being involved in the subject accident on August 2, 2021.  This Defendant is unaware of any subsequent accidents.  Prior to the subject accident Mr. Talbert had been involved in a few

minor accidents involving damage to property while operating a company vehicle. Documentation concerning such prior property damage accidents will be produced.

18.

There have been no known complaints involving Mr. Talbert. To the extent that Mr. Talbert has been subject to any disciplinary action it would be reflected in personnel file documents concerning Mr. Talbert which will be produced in this matter. These records reflect that in July of 2020 Mr. Talbert was warned and put on probation for six months in connection with a Georgia DOT violation involving how his load was secured. Mr. Talbert was later temporarily suspended from July 2, 2021 through July 6, 2021 due to receiving a second Georgia DOT hazmat violation within the prior year.

19.

This Defendant is unaware of Mr. Talbert having any criminal record.

20.

Copies of photographs of the two vehicles made at the accident scene will be produced.

21.

The vehicle may have been equipped with an Engine Control Module (ECM) installed by the manufacturer. Whether that device, if it exists, stored any vehicle operation data for the time frame of the subject accident is unknown, but this Defendant does not have any such data.

This Defendant utilized fleet tracking software called Geotab. Geotab discards such data after six months. This Defendant thus does not have any such data for the time period surrounding the subject accident.

22.

This Defendant objects to Interrogatory No. 22 as overly broad and seeking information which is neither relevant to any material issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving objections, relevant documents

concerning this Defendant's procedures, the investigation of this accident, its vehicle, drug testing and its driver will be produced.

23.

There was no Interrogatory No. 23 in the discovery request.

24.

This Defendant is not making such a contention. This Defendant denies, however, that it is a motor common carrier.

25.

The vehicle photographs suggest that the subject accident was a low-speed accident. The police report also indicates that the Plaintiff did not report any injuries. Discovery has only just begun and is ongoing.

**REQUEST FOR PRODUCTION RESPONSES**

1.

This Defendant objects to Request for Production No. 1 as vague and lacking any specificity. Subject to and without waiving objections, to the extent that this Defendant has identified or referred to discoverable documents in its possession such documents will be produced.

2.

Copies of Mr. Talbert's driver's licenses from Georgia and North Carolina will be produced.

3.

A copy of the title for the SCP truck and other documents concerning its purchase and ownership will be produced.

4.

Such photographs as this Defendant has of the vehicles made at the accident scene will be produced. This Defendant has no photographs of the Plaintiff. Mr. Talbert's driver's licenses include photos of Mr. Talbert and will be produced.

5.

This Defendant objects to Request for Production No. 5 as it is not a request for production and instead appears to be an interrogatory. Subject to, and without waiving objections, this Defendant presently has not retained any experts. Should that change information required to be disclosed under the Georgia Civil Practice Act concerning experts who are expected to testify at the trial of this case will be provided by supplemental response.

6.

This Defendant presently has no such documents.

7.

This Defendant presently has no such documents.

8.

This Defendant presently has no such documents.

9.

This Defendant presently has no such documents.

10.

A copy of the subject police report will be produced. A copy of this Defendant's internal accident report will be produced. This Defendant has no other such documents.

11.

This Defendant has no such documents.

12.

A copy of this Defendant's commercial auto liability insurance policy with Sentry Insurance a Mutual Company will be produced.

13.

This Defendant presently has no such documents. To the extent that the police accident report references any statements made by the Plaintiff to the police officer, a copy of the police report will be produced.

14.

This Defendant has no such documents.

15.

This Defendant presently has no such documents other than the accident scene diagram contained on the police accident report. A copy of the police report will be produced.

16.

Such documents as this Defendant has will be produced.

17.

Such documents as this Defendant has will be produced.

18.

MVR records concerning Mr. Talbert will be produced as part of his driver qualifications file materials.

19.

This defendant does not have data that may have been stored on the vehicle's ECM or tracked by the Geotab fleet tracking software for the time frame of the subject accident.

20.

This Defendant objects to Request for Production No. 20 as seeking documentation which are neither relevant to any material issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. The subject accident was not the result of any mechanical issue involving either vehicle. Subject to and without waiving objections, Defendant further responds that driver vehicle inspection data would have been stored in the Geotab fleet tracking software, but that data is no longer available as Geotab discards it after six months.

21.

MVR records concerning Mr. Talbert will be produced as part of this driver qualifications file materials.

22.

A copy of the results of the post-accident drug screen following the subject accident will be produced.

23.

This Defendant objects to Request for Production No. 23 as overly broad and unduly burdensome. This Defendant further object to this request as seeking documents which are neither relevant to any material issues in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving objections, timecard records for Mr. Talbert will be produced.

24.

Copies of this Defendant's Employee Handbook and Driver Handbook will be produced.

25.

See response for Request for Production No. 24 above. Additionally, various drug screen reports concerning Mr. Talbert will be produced. Documentation concerning his receipt of company policies will also be produced as part of his personnel and driver qualifications file materials.

This 20th day of January, 2023.

**FAIN MAJOR & BRENNAN, P.C.**

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
jhardee@fainmajor.com
dray@fainmajor.com

*/s/ Dale C. Ray, Jr.*
JAMES W. HARDEE
Georgia Bar No. 324399
DALE C. RAY, JR.
Georgia Bar No. 596095
*Counsel for Defendants*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **TALYSA JOHNSON,** | * | |
| **Plaintiff,** | * | |
| | * | |
| vs. | * | Civil Action No. 22-C-04902-S2 |
| | * | |
| **GARY TALBERT and** | * | |
| **SCP DISTRIBUTORS, LLC.,** | * | |
| **Defendants.** | * | |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the *Defendant SCP Distributors, LLC's response to Plaintiff's First Interrogatories and Request for Production*, by placing same in the United States Mail, postage prepaid, addressed as follows:

Adanna U. Ugwonali
UGWONALI LAW GROUP, LLC
750 Hammond Dr.
Building 12, Suite 200
Atlanta, GA 3028
adanna@auulaw.com

This 20th day of January, 2023.

**FAIN MAJOR & BRENNAN, P.C.**

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
*jhardee@fainmajor.com*
*dray@fainmajor.com*

*/s/ Dale C. Ray, Jr.*
JAMES W. HARDEE
Georgia Bar No. 324399
DALE C. RAY, JR.
Georgia Bar No. 596095
*Counsel for Defendants*