## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**TALYSA JOHNSON**

    **Plaintiff,**

**v.**

**GARY TALBERT and.,**
**SCP DISTRIBUTORS, LLC**,

    **Defendants.**

**CIVIL ACTION FILE NO.**

**22-C-04902-S2**

---

### PLAINTIFF TALYSA JOHNSON RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

_____

    **COMES NOW**, Plaintiff, Talysa Johnson (hereinafter "Plaintiff"), in the above-styled action,

and files her responses to Defendants' First Interrogatories to Plaintiff as follows:

### GENERAL OBJECTIONS

(a) Plaintiff objects to each and every Interrogatory and Request for Production to the extent that it

would require Plaintiff to respond by disclosing his attorneys' and other of his representatives' mental

impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories,

other work product, or the like, on the grounds that said Interrogatory or Request for Production

exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

(b) Plaintiff objects to each and every Interrogatory or Request for Production to the extent that it,

whether standing alone or in conjunction with any and all Interrogatory, is calculated or would operate

to annoy, embarrass, oppress, unduly burden, or unduly cause expense to the Plaintiff, or would be

unduly vexatious or unduly burdensome to respond to, or would require Plaintiff to engage in

investigative efforts burdensome to the point of oppression, on the grounds that said Interrogatory or

Request for Production exceeds the permissible scope of discovery under the Georgia Rules of Civil

Procedure.

**EXHIBIT 24**

(c) Plaintiff objects to each and every Interrogatory or Request for Production to the extent that it would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action, and is not reasonably calculated to lead to the discovery of admissible evidence, on the grounds that said exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

(d) Plaintiff objects to each and every Interrogatory or Request for Production to the extent that it would require the Plaintiff to respond by waiving the attorney/client privilege, on the grounds that said Interrogatory or Request for Production exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

(e) Plaintiff objects to the caption or preface to the Interrogatory or Request for Production to the extent that the Plaintiff is required to file responses which exceed the scope of discovery under the Georgia Rules of Civil Procedure or within a period of time which is less than that allowed Plaintiff to respond to Interrogatories and Requests under the Georgia Rules of Civil Procedure. Plaintiff 's responses herein are made in compliance with the Georgia Rules of Civil Procedure, and not pursuant to the conditions sought to be imposed by Defendants in the caption or preface to the Interrogatory or Request for Production.

## **RESPONSE TO REQUEST FOR INTERROGATORIES**

### 1.

State your full name, current address, date of birth and the last four numbers of your social security number.

**Response: Talysa D. Johnson; 919 Carlton Point Terrace, Palmetto, GA 30268; 05/11/1990; xxx-xx-2094**

### 2.

If you are married, please state your spouse's full name, the length of your marriage, and whether you have previously been married.  In the event you have previously been married, please state the full name of your former spouse(s) and the reason for the termination of each previous marriage.  If you have any children, please state their full name(s) and age(s).

**Response: None. Plaintiff has never been married.**

3.

In the event you have ever been convicted of any crime that was a felony, any crime involving moral turpitude and/or any crime involving dishonesty, state the date and place of the arrest, describe the charges made and the plea entered, identify the court involved, and state the date of any conviction.

**Response: Plaintiff has never been convicted of any crime.**

4.

If you were ever a plaintiff or a defendant in a lawsuit of any kind prior to or subsequent to this litigation, identify the names of the parties, the court in which the action was filed, the year the action was filed, and a summary of the allegations made in the lawsuit.

**Response: Plaintiff was involved in a Worker's Compensation lawsuit in 2015.**

5.

If you ever filed bankruptcy prior to or subsequent to the subject incident or occurrence at issue in the present lawsuit, state the type of bankruptcy case filed, the federal district and venue in which the bankruptcy case was filed, the year the bankruptcy case was filed, and whether the case is still open or closed.

**Response: Plaintiff has never filed bankruptcy.**

6.

If you have ever made any other claim for personal or bodily injury, state the following:

      (a)    The nature of each such claim;

      (b)    The year in which the claim was made;

      (c)    The name of the person, firm or corporation against whom the claim was made; and

      (d)    The outcome of such claim.

**Response: Plaintiff made a bodily injury claim against Travelers Insurance in 2021. Case settled. Plaintiff was involved in a Workers Comp claim in 2015 against UPS. Claim was resolved in litigation.**

7.

In connection with your claims in the present lawsuit against Defendant, state each thing that you contend that Defendant did or did not do that was a breach of duty to you or otherwise wrongful and/or which you contend caused, contributed to or brought about the injuries, harm or damage for

which you are seeking compensation in the present lawsuit.

**Response: Defendant began to reverse in the middle of the roadway and struck Plaintiff's vehicle.**

8.

Had you consumed any alcohol or prescription or non-prescription drugs in the 24-hour period preceding the subject incident(s)?  If so, state the type and quantity, approximate time(s) and location(s) of any such consumption.

**Response: Plaintiff had not consumed any alcohol or any drugs 24-hours prior to the incident.**

9.

In connection with your claims in the present lawsuit against the Defendant, identify any persons who witnessed or otherwise have personal knowledge of any alleged wrongful acts or omissions, or breach of duty by the Defendant.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

10.

In connection with your claims in the present lawsuit against the Defendant, identify any documents, things or physical evidence which in any way evidences or supports your contentions of any wrongful acts or omissions, or breach of duty by the Defendant.

**Response: Police report. Plaintiff reserves the right to amend or supplement this response prior to trial.**

11.

State whether you are aware of any photographs, audio recordings, videos or other recordings or depictions that evidence or reflect any of the matters at issue in the present lawsuit, and if so, state what they depict, record or reflect, and identify who has possession or custody of such photographs, recordings, videos or other depictions.

**Response: Plaintiff has photographs from the scene of the incident. Plaintiff reserves the right to amend or supplement this response prior to trial.**

12.

List and describe every item of damage, loss or harm which you are claiming that the Defendant is liable to you for in connection with your claims in this lawsuit.

**Response: Plaintiff sustained damages to her vehicle. Plaintiff reserves the right to amend or supplement this response prior to trial.**

13.

List and itemize all expenses and special damages which you are seeking to recover from the Defendant in this lawsuit.

**Response:**

| | |
|---|---|
| **Piedmont Henry Hospital** | **$1,402.20** |
| **Peachtree Spine Physicians** | **$20,783.00** |
| **Car Repairs** | **$6,038.71** |
| **Future Treatment** | **$10,000.00** |
| **Total:** | **$38,223.91** |

**Plaintiff reserves the right to amend or supplement this response prior to trial.**

14.

As to any injuries or medical conditions that you claim resulted from the subject incident or occurrence at issue in the present lawsuit, list and describe each injury and condition, including a description of the part(s) of the body involved, and state when you first became aware of each such injury or condition.

**Response: 1)M54.2: Cervicalgia**
**2)M54.6: Pain in thoracic spine**
**3)M54.5: Low back pain**
**4)R20.0: Numbness and tingling in right arm**
**5)R20.2: Paresthesia of skin**

15.

If, prior to or subsequent to the incident complained of in the present lawsuit, you have ever sustained or experienced an injury or medical condition the same as or <u>similar</u> to the injury(ies) and/or medical condition(s) which you are claiming in the present lawsuit, identify and describe such injury(ies)   and/or medical condition(s),   stating when, where and how such injury(ies)  and/or medical condition(s)  was/were sustained or experienced, describe any medical care or treatment that resulted and identify the provider(s) of such care or treatment.

**Response: Plaintiff has not sustained any injuries similar to the injuries arising from the incident that is the subject of this lawsuit.**

16.

In the event you have ever made a claim for bodily injury of any kind (including insurance claims, tort claims and claims for workers compensation) against any person, firm, corporation or any insurance company, describe the type of claim made, describe the nature of the injury claimed, state when such claim was made and identify the person or company against whom/which the claim was made.

**Response: Response: Plaintiff made a bodily injury claim against Travelers Insurance in 2021. Case settled. Plaintiff was involved in a Workers Comp claim in 2015 against UPS. Claim was resolved in litigation.**

17.

As to any healthcare, including diagnosis and/or treatment, that you have received for any injuries or medical conditions for which recovery is sought in the present lawsuit, state the following:

(a)     The name and address of each hospital, physician, surgeon or other practitioner of any healing art who has provided the healthcare; and

(b)         The dates of the first visit and last visits and the approximate total number of visits with each healthcare provider.

**Response: Piedmont Henry Hospital: 1133 Eagles Landing Pkwy, Stockbridge, GA 30281 (08/04/2021); Peachtree Spine Physicians: 8225 Mall Pkwy, Ste 250, Lithonia, GA 30038 (8/13/2021 – 10/22/2021. Plaintiff reserves the right to amend or supplement this response prior to trial.**

18.

Identify each of your employers for the ten-year period up to the present time, and as to each such employment position, state the approximate dates of employment and your job title or job description.

**Response: AIDS Healthcare Foundation- 2018- present. Benefits Counselor: provide patients with information and resources. |Grace Medical- 2016-2017: Patient Care Specialist: assist patients with movement throughout facility | UPS- 2012-2017: Warehouse Worker: assist in loading trucks**

19.

If you have missed any work or lost any wages or other compensation as a result of the subject incident or occurrence at issue in the present lawsuit, state the date(s) you were absent from work, the total number of hours or days missed or lost, and the amount(s) of any wage or other compensation loss for which you are seeking a recovery from the Defendant in the present lawsuit.

**Response: Plaintiff is not making a claim for lost wages.**

20.

If there is any activity which you could engage in before the subject incident or occurrence at issue in the present lawsuit, but which as a result of the injuries received in the subject incident or occurrence at issue in the present lawsuit, you cannot engage in now, please give a description of each such activity and in what way(s) you are now prevented or restricted from participating in or doing such activity.

**Response: Plaintiff is unable to coach dance in the same manner as before the incident. Plaintiff was also demoted at her job for AIDS Healthcare Foundation. Prior to the incident, plaintiff was a Patient Care Specialists. She physically assisted the patients with various movement and transportation throughout the facility. She was also responsible for moving office equipment. Due to her injuries from this incident, she has been unable to perform those duties. She now works a desk job as a Benefits Counselor.**

21.

As to any healthcare, including diagnosis and/or treatment, you have received within the five (5) year period preceding the subject incident or occurrence at issue in the present lawsuit, state:

    (a)    The name and address of each and every hospital, physician, surgeon or other practitioner of any healing art which/who provided the healthcare; and

    (b)    As to each provider, the date or time frame in which such healthcare occurred;

    (c)    The reason(s) for such healthcare.

**Response: Grady Memorial Hospital: 80 Jesse Hill Jr, Drive SE, Atlanta, GA 30303; 1/17/2021; Emergency room visit. Plaintiff reserves the right to amend or supplement this response prior to trial.**

22.

Do you contend that the Defendant and/or any of their/its, employees or contractors made any verbal, written or recorded statement at any time which supports or tends to support any of your claims in this lawsuit?  If so, identify who made the statement; state when and where it was made; identify who was present when it was made; state the form of the statement (i.e., oral, written or recorded), and state the substance of the statement.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

23.

State whether you are aware of any statements, either oral, written or recorded, of any person(s) which concern any of the matters at issue in this lawsuit or any matter of resulting damages or causation, giving as to each statement the name of the person making the statement, the date of such statement, the form of the statement (i.e., oral, written or recorded), and the name and address of any person having copies, transcripts or summaries of such statements.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

24.

Identify all persons with knowledge of facts which prove or tend to prove the nature, extent and/or amount of any damages you are claiming in the present lawsuit.

**Response: Physicians from the medical facilities. Plaintiff reserves the right to amend or supplement this response prior to trial.**

25.

State the name and address of each person you expect to call as an expert witness at the trial in this case and as to each such witness, state the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for the opinions of such expert.

**Response: Plaintiff has not identified an expert witness at this time. Plaintiff anticipates calling one or more of his medical providers and the Police Officer. Plaintiff will supplement this response as provided by the Georgia Civil Practice Act.**

26.

If you allege that you are entitled to recover punitive damages, any penalties, expenses of litigation and/or attorney fees from the Defendant, state the following:

(a)     The facts upon which you base such allegations;

(b)      The name, address, telephone number and employer of each person who is or was a witness to any fact, incident, occurrence, act or omission which is a basis of such allegations; and

(c)     An  identification and description of each document, record or writing which evidences or supports the factual basis for such allegations.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

27.

State whether you are eligible to receive or have received any benefits or payments from any source compensating or reimbursing you in full or in part for any damage, harm or loss for which you are seeking damages from the Defendant in the present lawsuit, giving a description of such benefits or payments and an identification of the provider or payer of such benefits or payments.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

28.

Are you required to repay any of the benefits or payments referred in the foregoing interrogatory or do any of the providers or payers of such benefits or payments claim a right of reimbursement or subrogation?  If so, describe the nature of the claim or right and identify any documents concerning or reflecting same.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

29.

Did the incident or occurrence at issue in this lawsuit arise out of and in the course of your employment, while you were performing any duties for or on behalf of your employer or has any claim or notice of injury been filed or made with or to your employer, your employer's insurer, or the State Board of Workers Compensation as a result of the subject incident or occurrence?  If so, identify the employer, and the employer's insurer, if any, and provide the case number and claim number relating to any such claim.

**Response: The incident did not occur during the course of Plaintiff's employment.**

30.

Identify and describe any agreements entered into by you or on your behalf with any of your medical care providers concerning payment of any medical expenses incurred by you or on your behalf in connection with any injuries or treatment at issue in this lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

31.

Identify and describe any agreements entered into by you or on your behalf with any person or entity providing funding for any medical expenses incurred by you or on your behalf in connection with any injuries or treatment at issue in this lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

32.

Have you ever applied for Social Security or any other disability benefits?  If so, state:

   (1)    The nature of the claimed disability;

   (2)    Approximately when the application was made;

   (3)    Whether benefits were granted; and

   (4)    If benefits were denied, whether you appealed or are you appealing the decision.

**Response: Plaintiff has never filed for any disability benefits.**

33.

At the time of the incident or occurrence at issue in this lawsuit or at any point subsequent to such incident or occurrence, were you eligible to receive Medicare or Medicaid benefits?  If so, state:

   (1)    Whether Medicare or Medicaid has paid any such benefits to you or on your behalf;

   (2)    Whether Medicare or Medicaid has informed you that they are seeking subrogation or any other type of reimbursement for benefits paid to you or on your behalf;

   (3)    Whether you have made any agreements with Medicare or Medicaid to repay any amounts sought by Medicare or Medicaid; and

   (4)    Your Medicare number or Medicaid health insurance number.

**Response: Plaintiff was not a Medicare or Medicaid recipient at the time of the incident.**

34.

Identify the State issuing and the license number for any motor vehicle driver's or operator's license(s) which you hold, and describe any restrictions on such license(s).

**Response: South Carolina: 104893126, Class D**

35.

If you had a cell phone in your possession at the time of the subject incident or occurrence at issue in the present lawsuit, state whether it was in use at the time of the incident or occurrence, state the phone number, identify the service provider and identify the person listed with the provider as the account holder.

**Response: 470-652-0420; T-Mobile; Account Holder: Talysa Johnson**

36.

To the extent not already described in response to the foregoing interrogatories, state the name, address, telephone number, employer and relationship to you, if any, of any person, who to your knowledge, information or belief has knowledge or information as to any of the factual bases for your liability claims against the Defendant in this lawsuit.

**Response: Officer Servenot Servius, Rockdale County Sheriff's Office.  Plaintiff reserves the right to amend or supplement this response prior to trial.**

37.

To the extent not already described in response to the foregoing interrogatories, identify and describe all documents, things or other physical evidence which supports, proves or tends to prove your liability claims against the Defendant in this lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

38.

Identify and describe any other documentary or physical evidence, not identified in response to the foregoing interrogatories, which is relevant to any material issue in this case or which might lead to the discovery of other admissible evidence.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

Respectfully submitted,

**UGWONALI LAW GROUP, LLC**

Dated 16th day of December, 2022

/s/ Adanna U. Ugwonali
Adanna U. Ugwonali
Georgia Bar No.: 360541

750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328
(404) 593-2705
(404) 334-3306 [Fax]
adanna@auulaw.com
Attorney for Plaintiff

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TALYSA JOHNSON

    **Plaintiff,**

**v.**

**GARY TALBERT and.,**
**SCP DISTRIBUTORS, LLC**,

    **Defendants.**

CIVIL ACTION FILE NO.

22-C-04902-S2

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing **PLAINITIFF TALYSA JOHNSON'S RESPONSE TO DEFENDANTS' REQUEST FOR INTERROGATORIES**, with the Clerk of Court using the electronic filing system, which will automatically send email notification of such filing to the following attorney of record:

James W. Hardee.
Fain Major & Brennan, P.C.
5605 Glenridge Drive, NE Suite 900
Atlanta, GA 30342-1445
jhardee@fainmajor.com; dray@fainmajor.com

This Monday, December 19, 2022.

Respectfully submitted,

/s/ Adanna Ugwonali
Adanna Ugwonali
Georgia Bar No.:  360541
Attorney for Plaintiff

Ugwonali Law Group
750 Hammond Dr.
Building 12, Suite 200
Atlanta GA  30328
(404) 593-2705
adanna@auulaw.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| **TALYSA JOHNSON**<br><br>   **Plaintiff,**<br><br>**v.**<br><br>**GARY TALBERT and.,**<br>**SCP DISTRIBUTORS, LLC**,<br><br>   **Defendants.** | **CIVIL ACTION FILE NO.**<br><br>**22-C-04902-S2** |

## <u>RESPONSES TO REQUEST FOR ADMISSIONS</u>

1.

The amount in controversy, exclusive of interest and costs, in this matter exceeds $75,000.00.

**Response: Admit. Plaintiff reserves the right to amend or supplement this response prior to trial.**

2.

Plaintiff seeks to recover special damages in this case in an amount greater than or equal to $75,000.00.

**Response: Deny. Plaintiff reserves the right to amend or supplement this response prior to trial.**

3.

Plaintiff seeks to recover general damages in this case in an amount greater than or equal to $75,000.00.

**Response: Admit. Plaintiff reserves the right to amend or supplement this response prior to trial.**

4.

The damages and recovery sought by the Plaintiff in the within action, exclusive of interest and cost, exceeds $75,000.00.

**Response: Admit. Plaintiff reserves the right to amend or supplement this response prior to trial.**

5.

The damages and recovery sought by the Plaintiff in the within action, exclusive of interest and cost, does not exceed $75,000.00.

**Response: Deny. Plaintiff reserves the right to amend or supplement this response prior to trial.**

6.

The total damages of the Plaintiff proximately caused by the incident complained of in the within action does not exceed $75,000.00.

**Response: Admit. Plaintiff reserves the right to amend or supplement this response prior to trial.**

Respectfully submitted,

                                    **UGWONALI LAW GROUP, LLC**

Dated 16th day of December, 2022

                                    /s/ Adanna U. Ugwonali
                                    Adanna U. Ugwonali
750 Hammond Drive                   Georgia Bar No.: 360541
Building 12, Suite 200
Sandy Springs, Georgia 30328
(404) 593-2705
(404) 334-3306 [Fax]
adanna@auulaw.com
Attorney for Plaintiff

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**TALYSA JOHNSON**

   **Plaintiff,**

**v.**

**GARY TALBERT and.,**
**SCP DISTRIBUTORS, LLC**,

   **Defendants.**

**CIVIL ACTION FILE NO.**

**22-C-04902-S2**

### CERTIFICATE OF SERVICE

     This is to certify that I have on this date served a copy of the within and foregoing **PLAINITIFF TALYSA JOHNSON'S RESPONSE TO DEFENDANTS' REQUEST FOR ADMISSIONS**, with the Clerk of Court using the electronic filing system, which will automatically send email notification of such filing to the following attorney of record:

James W. Hardee.
Fain Major & Brennan, P.C.
5605 Glenridge Drive, NE Suite 900
Atlanta, GA 30342-1445
jhardee@fainmajor.com; dray@fainmajor.com

This Monday, December 19, 2022.

Respectfully submitted,

/s/ Adanna Ugwonali
Adanna Ugwonali
Georgia Bar No.:  360541
Attorney for Plaintiff

Ugwonali Law Group
750 Hammond Dr.
Building 12, Suite 200
Atlanta GA  30328
(404) 593-2705
adanna@auulaw.com

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **TALYSA JOHNSON**<br><br>  **Plaintiff,**<br><br>**v.**<br><br>**GARY TALBERT and.,**<br>**SCP DISTRIBUTORS, LLC**,<br><br>  **Defendants.** | **CIVIL ACTION FILE NO.**<br><br>**22-C-04902-S2** |

## <u>RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS</u>

1.

Any documentation of communications from you or from someone acting on your behalf to the Defendant or any of the Defendant's employees or agents concerning any of the matters at issue in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

2.

Any documentation of communications received by you or on your behalf from the Defendant or any of the Defendant's employees or agents concerning any of the matters at issue in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

3.

If you claim any loss of wages, compensation or income in the present lawsuit, your federal income tax returns for the five (5) years immediately preceding the date of your response to this Request.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

4.

Any written reports rendered by or correspondence received from any persons who are expected to testify in any respect at any trial of the present lawsuit concerning your allegations of any liability of the Defendant in the present lawsuit.

**Response: Police report attached. Plaintiff reserves the right to amend or supplement this response prior to trial.**

5.

Any written reports rendered by or correspondence received from any persons who are expected to testify in any respect at any trial of the present lawsuit concerning your allegations damages and/or causation in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

6.

Any written reports of or correspondence from any experts consulted by you or on your behalf with respect to any of your allegations of liability, causation and/or damages in the present lawsuit.

**Response: Plaintiff reserves the right to amend or supplement this response prior to trial.**

7.

Any and all documents, things or other physical evidence evidencing or relating to harm, loss or damage which you allege you have sustained as a result of any alleged wrongful conduct or breach of duty by the Defendant or any of the Defendant's agents, employees or contractors, which is at issue in the present lawsuit.

**Response: Attached. Plaintiff reserves the right to amend or supplement this response prior to trial.**

8.

To the extent not otherwise produced in response to the foregoing requests, any

documentation of the expenses and special damages which you are seeking to recover in the

present lawsuit.

**Response: Attached. Plaintiff reserves the right to amend or supplement this response
prior to trial.**

9.

Any documents evidencing or reflecting any verbal, written or recorded statements made

by the Defendant or any of the Defendant's agents, employees or contractors, which supports,

proves or tends to prove any of your claims in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to
trial.**

10.

Any documents evidencing or reflecting any other statement, whether recorded,

transcribed or otherwise, of the Defendant or any of the Defendant's agents, employees or

contractors.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to
trial.**

11.

Any documents evidencing or reflecting any written, recorded or other statement or

report of or from any witness to or participant in any aspect of the subject incident or occurrence

at issue in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to
trial.**

12.

Any statement, report or writing of any kind prepared by any person who has some

knowledge of any fact or circumstance upon which your claims in the present lawsuit of any

breach of duty, any other misconduct, causation and/or damages are based.

**Response: Attached. Plaintiff reserves the right to amend or supplement this response prior to trial.**

13.

Any transcript or other record of any judicial or quasi-judicial hearing conducted in

connection with or related to any of the matters at issue in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

14.

Any police report, incident report, inspection report, citation, or warning issued by any

governmental officer, official or agency in connection with or related to any of the matters at

issue in the present lawsuit.

**Response: Attached Plaintiff reserves the right to amend or supplement this response prior to trial.**

15.

Any statement, report or writing of any kind prepared by or received from any expert

witness who has any knowledge, information or opinions relating to any alleged breach of duty

or wrongful conduct at issue in the present lawsuit or any resulting damages.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

16.

Any correspondence from or other documentation of communications from any person(s)

you expect to call to testify as an expert witness in this case.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

17.

Any written reports prepared by or received from any expert who is expected to testify at trial in this case concerning any aspect of the issues of liability, causation and/or damages in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

18.

Each document, thing or other item of tangible evidence which supports, proves or tends to prove your allegations of any breach of duty or any other misconduct of the Defendant or any of the Defendant's employees, agents or contractors at issue in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

19.

To the extent not otherwise produced in response to the foregoing requests, each document, thing or other item of tangible evidence which supports, proves or tends to prove your allegations in this lawsuit concerning any alleged liability of the Defendant.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

20.

To the extent not otherwise produced in response to the foregoing requests, each document, thing or other item of tangible evidence which supports, proves or tends to prove your allegations in this lawsuit concerning your damages and/or the causation of such damages.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

21.

Any photograph, drawing, diagram, or graphic representation depicting or evidencing any

of the events, incidents or conduct at issue in this lawsuit or any resulting harm or damages.

**Response: Attached. Plaintiff reserves the right to amend or supplement this response prior to trial.**

22.

Any photograph, drawing, diagram, or graphic representation depicting or evidencing the

Defendant, the Plaintiff's claimed injuries, or any place or thing at issue in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

23.

Any video or audio recording depicting or evidencing any of the events, incidents or

conduct at issue in this lawsuit or any resulting harm or damages.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

24.

Any video or audio recording of or depicting the Defendant, the Plaintiff's claimed

injuries,or any place or thing at issue in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

25.

Any records and/or reports, including medical records, billing statements, images and

radiological imaging, from any hospital, physician, surgeon or other practitioner of the healing

arts, generated or prepared in connection with any healthcare, medical treatment and/or any

diagnostic procedure rendered to you or received by you as a claimed result of the subject

incident or occurrence at issue in this lawsuit.

**Response: Attached. Plaintiff reserves the right to amend or supplement this response prior to trial.**

26.

Any records and/or reports in your possession from or related to any of your hospitalizations or hospital visits occurring at any time prior to the subject incident or occurrence at issue in this lawsuit.

**Response: Attached. Plaintiff reserves the right to amend or supplement this response prior to trial.**

27.

Any records and/or reports in your possession related to any of your healthcare occurring within the ten year period prior to the subject incident or occurrence at issue in this lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

28.

Any records and/or reports in your possession from or related to any of your hospitalizations or hospital visits occurring at any time subsequent to the subject incident or occurrence at issue in this lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

29.

Any records and/or reports in your possession related to any of your healthcare occurring subsequent to the subject incident or occurrence at issue in this lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

30.

Any written reports rendered by any physicians or other practitioners of the healing arts, who are expected to testify in any respect at the trial of this lawsuit concerning any issues of damages and/or causation in this matter.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

31.

Any documents, including but not limited to, correspondence to and from Medicare and/or Centers for Medicare and Medicaid Services (CMS) and/or Medicare Secondary Payer Recovery Contractor (MSPRC) which in any way reference your request for benefits, your receipt of benefits, and/or your denial of benefits at any time, including benefits related to the injuries you allegedly sustained as a result of the subject incident or occurrence at issue in this lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

32.

Any documentation reflecting conditional payments made on your behalf by Medicare or Medicaid at any time, including benefits provided in relation to any treatment for or diagnosis of any injuries or other health conditions allegedly sustained or experienced by you as a result of the subject incident or occurrence at issue in this lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

33.

Any claim forms which your healthcare providers used to bill Medicare or Medicaid for services rendered to you for injuries or other medical conditions claimed to have resulted from the subject incident or occurrence at issue in this lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

34.

Any claim forms which your healthcare providers used to bill any health insurance company or medical benefits provider for services rendered to you for injuries or other medical conditions claimed to have resulted from the subject incident or occurrence at issue in this lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

35.

Any documents, including but not limited to, correspondence to and from the Social Security Administration or any other disability benefits provider which in any way reference your request for Social Security Disability benefits or any other disability benefits, your receipt of any such benefits, and/or any denial of any such benefits at any time, including without limitation, Social Security or other disability benefits sought by or provided to you as a result of any injuries or other medical conditions claimed to have resulted from the subject incident or occurrence at issue in this lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

36.

Any documentation of any agreements entered into by you or on your behalf with any of

your medical care providers concerning payment of any medical expenses incurred by you or on

your behalf in connection with any injuries or treatment at issue in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

37.

Any documentation of any agreements entered into by you or on your behalf with any

person or entity providing funding for any medical expenses incurred by you or on your behalf in

connection with any injuries or treatment at issue in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

38.

Any agreements or documentation of agreements with any third parties in connection

with your obtaining medical diagnosis or treatment in exchange for any obligation to pay such

third party from any proceeds, settlement, or judgment to be obtained in the present lawsuit. This

request specifically seeks, without limitation, any such documents involving any third-party

medical treatment funding providers such as ML Healthcare, Key Health Medical Solutions,

Atlanta Medical Management, etc.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

39.

Any documents, writings, memoranda, emails, correspondence, photographs, videos,

other written or graphic materials or depictions and/or other items of tangible evidence that

support, reflect, memorialize or otherwise relate to any of your allegations, if any, that the

Defendant should be required to pay expenses of litigation and/or attorney fees in this lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

40.

Any documents, writings, memoranda, emails, correspondence, photographs, videos, other

written or graphic materials or depictions and/or other items of tangible evidence that support,

reflect, memorialize or otherwise relate to your allegations, if any, that the Defendant should be

required to pay punitive damages or any other penalties in this lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

41.

Any correspondence, notifications, agreements or other documentation concerning any

claim for or right of subrogation or reimbursement of any insurance company or private or

governmental benefits provider in connection with any payment for any medical expense or wage

loss alleged to have resulted from the subject incident or occurrence at issue in the present lawsuit,

including without limitation, workers compensation, Medicare, Medicaid, health insurance or

other such benefits providers' subrogation or reimbursement rights or claims.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

42.

In the event you have ever been convicted of any crime that was a felony, any crime

involving moral turpitude and/or any crime involving dishonesty, produce any documents you

possess evidencing or reflecting such convictions.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

43.

To the extent that there have been any other lawsuits, legal actions or legal proceedings (to which the Defendant was not a party) related to any of the matters at issue in the present lawsuit, any pleadings or other records in your possession concerning such other lawsuits, legal actions or legal proceedings.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

44.

To the extent that there have been any settlements or compromises (to which the Defendant was not a party) related to any of the matters at issue in the present lawsuit, any agreements, releases or other documentation of any such settlements or compromises.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

45.

Any documentation, including without limitation, photographs, damage estimates and/or repair bills related to or concerning any damage to any motor vehicle, property or thing involved in the subject incident or occurrence at issue in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

46.

Your cell phone billing statement for the billing period which includes the date of the subject incident or occurrence at issue in the present lawsuit

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

47.

Any proofs of loss, loan receipts, subrogation agreements or other such documents issued in connection with any payment made for or on account of any of any injuries, medical care or any other damage to person or property as a result of the subject incident or occurrence at issue in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

48.

Any documents evidencing service of process on the defendant(s) in the present lawsuit.

**Response: Attached. Plaintiff reserves the right to amend or supplement this response prior to trial.**

49.

Any documents and things not otherwise produced in response to the foregoing requests which were referenced in your responses to the Defendant's First Interrogatories to Plaintiff in the present lawsuit.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

50.

Any documentary or physical evidence not otherwise produced in response to the foregoing requests which is relevant to any material issue in this case or reasonably calculated to lead to the discovery of other admissible evidence.

**Response: None. Plaintiff reserves the right to amend or supplement this response prior to trial.**

Respectfully submitted,

                                          **UGWONALI LAW GROUP, LLC**

Dated 16th day of December, 2022

                                          /s/ Adanna U. Ugwonali

750 Hammond Drive                         Adanna U. Ugwonali

Building 12, Suite 200                    Georgia Bar No.: 360541

Sandy Springs, Georgia 30328

(404) 593-2705

(404) 334-3306 [Fax]

adanna@auulaw.com

Attorney for Plaintiff

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

TALYSA JOHNSON                                    CIVIL ACTION FILE NO.

    **Plaintiff,**                                         **22-C-04902-S2**

**v.**

**GARY TALBERT and.,**
**SCP DISTRIBUTORS, LLC**,

    **Defendants.**

<u>**CERTIFICATE OF SERVICE**</u>

       This is to certify that I have on this date served a copy of the within and foregoing **PLAINITIFF TALYSA JOHNSON'S RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS**, with the Clerk of Court using the electronic filing system, which will automatically send email notification of such filing to the following attorney of record:

James W. Hardee.
Fain Major & Brennan, P.C.
5605 Glenridge Drive, NE Suite 900
Atlanta, GA 30342-1445
jhardee@fainmajor.com; dray@fainmajor.com

This Monday, December 19, 2022.

Respectfully submitted,

<u>/s/ Adanna Ugwonali</u>
Adanna Ugwonali
Georgia Bar No.:  360541
Attorney for Plaintiff

Ugwonali Law Group
750 Hammond Dr.
Building 12, Suite 200
Atlanta GA  30328
(404) 593-2705
adanna@auulaw.com