# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SHERRY HOLMES,

                       Plaintiff,

     v.

JAY E. JOHNSON; MARK
LEGARDA; MARTIN RUSSO;
MATTHEW EAST; DOUG
BONDAR; MARK BARNES;
NANCY LIVINGSTON; KENDALL
PATIENT RECOVERY U.S., LLC;
CARDINAL HEALTH, INC. and
JOHN DOE NOS. 1–10

                   Defendants.

Case No._____

## <u>NOTICE OF REMOVAL</u>

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................1

II.   BACKGROUND ..........................................................1

III.  REMOVAL TO THIS VENUE IS PROPER ..................................5

IV.   REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION .........5

      A.    The Complete Diversity Requirement Is Satisfied. .............................6

      B.    The Amount in Controversy Requirement Is Satisfied. ......................16

V.    ALL OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN
      MET ........................................................................19

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Baker v. Select Portfolio Servicing, Inc.*,
   No. 12-cv-03493, 2013 WL 4806907 (N.D. Ga. Sept. 9, 2013) ........................11

*Browman v. Kendall Patient Recovery U.S., LLC*,
   No. 21-cv-112 (S.D. Ga. Sept. 23, 2022) ............................................................3

*Cohen v. Off. Depot, Inc.*,
   204 F.3d 1069 (11th Cir. 2000) ...........................................................................9

*Combustion Chems., Inc. v. Spires*,
   433 S.E.2d. 60 (Ga. Ct. App. 1993)....................................................................11

*Crowe v. Coleman*,
   113 F.3d 1536 (11th Cir. 1997) ............................................................................8

*Daniel v. Am. Optical Corp.*,
   304 S.E.2d 383 (Ga. 1983) .................................................................................12

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   135 S. Ct. 547 (2014)..........................................................................................16

*Davidson v. Mortg. Elec. Registration Sys., Inc.*,
   No. 12-cv-47, 2012 WL 6971002 (N.D. Ga. May 7, 2012) ...............................10

*Eckart v. Allstate Northbrook Indem. Co.*,
   No. 22-CV-281, 2012 WL 2143465 (N.D. Ga. Feb. 17, 2023)..........................13

*Epstein v. Gilead Scis., Inc.*,
   441 F. Supp. 3d 1277 (S.D. Fla. 2020)...............................................................12

*Gates v. 84 Lumber Co.*,
   No. 15-0076, 2015 WL 2345427 (S.D. Ala. May 14, 2015)..............................18

*Henderson v. Washington Nat. Ins. Co.*,
   454 F.3d 1278 (11th Cir. 2006) ............................................................................8

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ................................................................................6

*Holley Equip. Co. v. Credit All. Corp.*,
    821 F .2d 1531, 1535 (11th Cir. 1987) ...............................................17

*Jabour v. Life Ins. Co. of N. Am.*,
    362 F. Supp. 2d 736 (S.D. Miss. 2005) ..............................................14

*Lambert ex rel. Lambert v. Kendall Patient Recovery U.S., LLC*,
    No. 21-cv-111 (S.D. Ga. Aug. 5, 2022) ................................................3

*LeBlang Motors Ltd. v. Subaru of Am. Inc.*,
    148 F.3d 680 (7th Cir. 1998) ..............................................................15

*Legg v. Wyeth*,
    428 F.3d 1317 (11th Cir. 2005) ...............................................5, 10, 16

*Lewis v. PNC Bank, N.A.*,
    No. 13-CV-69, 2013 WL 6817090 (N.D. Ga. Dec. 26, 2013) ....................10, 11

*Lincoln Prop. Co. v. Roche*,
    546 U.S. 81 (2005) ................................................................................5

*Manley v. Ford Motor Co.*,
    17 F. Supp. 3d 1375 (N.D. Ga. 2014) .................................................12

*McDaniel v. Fifth Third Bank*,
    568 F. App'x 729 (11th Cir. 2014) ......................................................17

*McLendon v. Becton, Dickinson & Co.*,
    No. 20-cv-04671, 2021 WL 6752200 (N.D. Ga. Feb. 11, 2021) ................16

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
    526 U.S. 344 (1999) ............................................................................19

*Pacheco de Perez v. AT&T Co.*,
    139 F.3d 1368 (11th Cir. 1998) ..........................................................10

*Presnell v. Kendall Patient Recovery U.S., LLC*,
    No. 22-cv-71 (S.D. Ga. Feb. 13, 2023) .................................................3

*Ray v. Spirit Airlines, Inc.*,
   836 F.3d 1340 (11th Cir. 2016) ..........................................................................13

*Ritchey v. Upjohn Drug Co.*,
   139 F.3d 1313 (9th Cir. 1998) ............................................................................13

*Roe v. Michelin N. Am., Inc.*,
   613 F.3d 1058 (11th Cir. 2010) ...................................................................16, 17

*Russell Petroleum Corp. v. Environ Prods, Inc.*,
   333 F. Supp.2d 1228 (M.D. Ala. 2004) ..............................................................14

*Shaffer v. Nw. Mut. Life Ins. Co.*,
   394 F. Supp. 2d 814 (N.D. W. Va. 2005) ............................................................14

*Tapscott v. MS Dealer Serv. Corp.*,
   77 F.3d 1353 (11th Cir.1996) ................................................................................9

*Tillman v. R.J. Reynolds Tobacco*,
   253 F.3d 1302 (11th Cir. 2001) .............................................................................7

*Travelers Prop. Cas. Co. of Am. v. Eastman Kodak Co.*,
   No. 16CV00465, 2016 WL 11491579 (M.D. Fla. Aug. 1, 2016) ......................18

*Wecker v. Nat'l Enameling & Stamping Co.*,
   204 U.S. 176 (1907) ...............................................................................................6

*Wilssens v. Medtronic, Inc.*,
   No. 09-60792-CIV, 2009 WL 9151079 (S.D. Fla. July 23, 2009) .....................11

*Yates v. Medtronic, Inc.*,
   No. 08-0337, 2008 WL 4016599 (S.D. Ala. Aug. 26, 2008) ...............................6

**Statutes**

28 U.S.C. § 1332 ................................................................................................5, 6

28 U.S.C. § 1441 ................................................................................................5, 7

28 U.S.C. § 1446 ..........................................................................................4, 5, 19

O.C.G.A. § 9-3-33 ...............................................................................................13

## I.    INTRODUCTION

Defendants Kendall Patient Recovery U.S., LLC ("KPR"), Cardinal Health, Inc. ("Cardinal Health"), Mark Legarda, Martin Russo, Mark Barnes, and Nancy Livingston[1] ("Moving Defendants") file this Notice of Removal, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446 to remove this action filed by Plaintiff Sherry Holmes from the Gwinnett County State Court, C.A. No. 23-C-01898-S3, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of removal, Moving Defendants state as follows:

## II.    BACKGROUND

1.    On March 22, 2023, Plaintiff filed a Renewal Complaint for Damages ("Complaint") in the Gwinnett County State Court, Georgia, Case No. 23-C-01898-S3, against defendants (the "State Court Action").  A true and correct copy of the Complaint is appended hereto as **Exhibit A**.

2.    Plaintiff alleges that Sherry Holmes "lived and/or worked in close proximity to" KPR's medical sterilization facility in Richmond County, Georgia, which uses ethylene oxide ("EtO") to sterilize medical equipment.  (Ex. A ¶¶ 26–

---

[1] Defendants Jay E. Johnson, Matthew East, and Doug Bondar also consent to this Notice of Removal.

28.)  Plaintiff alleges that she was diagnosed with breast cancer and required a hysterectomy as a result of her exposure to EtO.  (*Id.* ¶ 27.)

3.     This action is the fifth-filed of sixteen renewed suits pending against defendants by individual plaintiffs each alleging that exposure to EtO from KPR's facility caused them harm.  The sixteen cases, all filed on March 22, 2023, are, by filing order: (1) *Lambert v. Johnson*, C.A. No. 23-C-01893-S5; (2) *Betts v. Johnson*, C.A. No. 23-C-01894-S6; (3) *Bell v. Johnson*, C.A. No. 23-C-01896-S1; (4) *Browman v. Johnson*, C.A. No. 23-C-01897-S2; (5) *Holmes v. Johnson*, C.A. No. 23-C-01898-S3; (6) *Coleman v. Johnson*, C.A. No. 23-C-01899-S4; (7) *Jones v. Johnson*, C.A. No. 23-C-01900-S5; (8) *Snow v. Johnson*, C.A. No. 23-C-01901-S6; (9) *Dunn v. Johnson*, C.A. No. 23-C-01910-S5; (10) *Pugh v. Johnson*, C.A. No. 23-C-01911-S6; (11) *Williams v. Johnson*, C.A. No. 23-C-01912-S7; (12) *Washington v. Johnson*, C.A. No. 23-C-01913-S1; (13) *Taylor v. Johnson*, C.A. No. 23-C-01914-S2; (14) *Presnell v. Johnson*, C.A. No. 23-C-01916-S4; (15) *Smith v. Johnson*, C.A. No. 23-C-01917-S5; and (16) *Knight v. Johnson*, C.A. No. 23-C-01918-S6.

4.     Plaintiff alleges that, as a result of defendants' acts or omissions, she suffered harm and damages, including "medical expenses, physical disability, mental and physical pain and suffering, extreme emotional distress, and other

damages to be proven at trial." (*See id.* ¶¶ 113, 130, 145, 156, 165, 170, 196; *see also id.* ¶¶ 124, 129, 139, 144, 155.)

5.      Between late 2021 and mid-2022, multiple plaintiffs filed three EtO cases against KPR in the U.S. District Court for the Southern District of Georgia. (**Exhibit F**).   Plaintiff Holmes' case was dismissed without prejudice by the Honorable J. Randal Hall on the basis that Holmes failed to allege facts sufficient to establish Article III standing.   Order Granting Motion to Dismiss, *Browman v. Kendall Patient Recovery U.S., LLC*, No. 21-cv-112, at *12-13 (S.D. Ga. Sept. 23, 2022) ECF No. 37 (**Exhibit C**).   Judge Hall also dismissed plaintiffs in the two other cases on similar grounds.   Order Granting Motion to Dismiss, *Lambert ex rel. Lambert v. Kendall Patient Recovery U.S., LLC*, No. 21-cv-111 (S.D. Ga. Aug. 5, 2022) ECF No. 39 at 13 (**Exhibit B**); Order Granting Motion to Dismiss, *Presnell v. Kendall Patient Recovery U.S., LLC*, No. 22-cv-71 (S.D. Ga. Feb. 13, 2023) ECF No. 30 (**Exhibit D**).

6.      In the renewed Complaint, Plaintiff modifies her prior claims and now alleges that she "lived and/or worked in close proximity" to the KPR facility.  (Ex. A ¶ 26.)  Notably, Judge Hall determined there was standing and reached the merits of the EtO claims of three plaintiffs, where those plaintiffs alleged that they had worked at or around the KPR facility.  (Ex. C, ¶¶ 13–14) ("These Plaintiffs *have*

claimed they worked within the designated census tract where Defendant's facility sits – specifically, they claim they spent years inside or around the facility itself.") He dismissed those cases with prejudice.  For the same reasons the Southern District of Georgia had federal subject matter jurisdiction over those cases dismissed with prejudice, this Court has federal subject matter jurisdiction in this case because Plaintiff now alleges that she "lived and/or worked in *close proximity*" to the KPR facility (emphasis added).

7.      Prior to bringing this suit, Plaintiff's original federal lawsuit was only brought against KPR, though as pled, the renewed Complaint indicates that the newly named defendants were also known to Plaintiff, or should have been known to Plaintiff, at the time she filed her complaint against KPR in 2021.  (Ex. F.)  As pleaded, the identity and alleged conduct of the newly added defendants was publicly available through filings and other public documents well before the initiation of Plaintiff's litigation in federal court.  (*See* Ex. A ¶¶ 8–19; 95–100; 180–191.)

8.      Plaintiff, like the other plaintiffs bringing suit against defendants, asserts claims for negligence, public nuisance, private nuisance, ultrahazardous activity, strict liability, Georgia RICO Act violations, punitive damages, and

attorneys' fees and expenses, and against KPR and Cardinal for respondeat superior and/or vicarious liability.  (*Id.* ¶¶ 105–202.)

9.      In accordance with 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached to this Notice as Exhibit A.

## III.   REMOVAL TO THIS VENUE IS PROPER

10.     This Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending.  Therefore, this Court is the proper district court to which this case should be removed.  *See* 28 U.S.C. §§ 1441(a), 1446(a).

## IV.   REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

11.     This is a civil action over which the Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) based on diversity-of-citizenship. Diversity jurisdiction provides courts with "original jurisdiction of all civil actions 'between…citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)).  Here, there is complete diversity between the properly joined parties and the amount in controversy exceeds $75,000.  Removal is therefore proper.

### A.   The Complete Diversity Requirement Is Satisfied.

12.    For complete diversity to exist, "the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1321 n.2 (11th Cir. 2005).  But this rule only requires courts to determine whether "complete diversity of citizenship exists between [] *properly joined* parties." *Id.* at 1322 (emphasis added).   Where a non-diverse party has been added to defeat removal, that defendant's "non-diverse status is irrelevant for the purposes of removal analysis." *Yates v. Medtronic, Inc.*, No. 08-0337, 2008 WL 4016599, at *2 (S.D. Ala. Aug. 26, 2008).  "Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court . . . ." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907).  Because there is complete diversity between the properly joined parties in this case, the requirement of complete diversity is satisfied.

13.    **Plaintiff's Citizenship.** Plaintiff alleges that she is a citizen of Georgia. (Ex. A ¶ 7.)

14.    **Corporate Defendants' Citizenship.** Corporate defendants, KPR and Cardinal Health, are completely diverse from Plaintiff.  A corporation is a citizen of the state where it is "incorporated" and the state where its "principal place of

6

business" is located.  28 U.S.C. § 1332(c)(l).  A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

15.     KPR is a Delaware limited liability company.  All of KPR's members are citizens of Ohio.  Therefore, KPR is a citizen of Ohio.

16.     Cardinal Health is an Ohio corporation with its principal place of business in Dublin, Ohio.  (Ex. A ¶ 9.)  Therefore, Cardinal Health is a citizen of Ohio.

17.     Because KPR is a citizen of Ohio and Plaintiff is a citizen of Georgia, complete diversity exists because no properly joined defendant is a citizen of the same state as Plaintiff.  Moreover, KPR is not a citizen of Georgia, where the action was filed, so the requirement that "no defendant can be a citizen of the state in which the action was brought" is also satisfied.  *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (citing 28 U.S.C. § 1441(b)).  Although Cardinal Health has not been properly named as a defendant in this case, because it is a citizen of Ohio and not a citizen of Georgia, it also satisfies the requirements for diversity of citizenship.  Likewise, individual defendant Martin Russo is a citizen of Florida

and therefore satisfies the requirement for diversity of citizenship. As explained further below, the Georgia citizenship of the remaining individual defendants should not be considered by the Court in determining whether the diversity requirements have been met for removal because they also are not proper defendants.

18.      **Individual Defendants' Citizenship.** The Court should not consider the citizenship of individual defendants for purposes of evaluating diversity jurisdiction because they have not been properly joined. "When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a 'fraudulent joinder,' and a federal court may appropriately assert its removal diversity jurisdiction over the case." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).

19.      Mark Legarda is a citizen of Columbia County, Georgia. (Ex. A ¶ 10.) As pled in the Complaint, Legarda is a Sterilization Manager for KPR since 2015. (*Id.*)

20.     Jay Johnson is a citizen of Columbia County, Georgia.  (*Id.* ¶ 11.)  As pled in the Complaint, Johnson was the Environmental Health, Safety Manager for KPR at the Augusta Facility from 2018 to 2021.  (*Id.*)

21.     Martin Russo is a citizen of Jupiter, Florida.  (*Id.* ¶ 12.)  As pled in the Complaint, Russo was the Director of Operations for KPR from 2014–2018.  (*Id.*)

22.     Matthew East is a citizen of Columbia County, Georgia.  (*Id.* ¶ 13.)  As pled in the Complaint, East was the Environmental Health, Safety Manager for KPR at the Augusta Facility from 2005 to 2018.  (*Id.*)

23.     Doug Bondar is a citizen of Columbia County, Georgia.  (*Id.* ¶ 14.)  As pled in the Complaint, East was the Senior Sterilization Manager for KPR at the Augusta Facility from 1991 through 2013.  (*Id.*)

24.     Mark Barnes is a citizen of McDuffie County, Georgia.  (*Id.* ¶ 15.)  As pled in the Complaint, Barnes is the Process Specialist in the Sterilization Department for KPR since 2009.  (*Id.*)

25.     Nancy Livingston is a citizen of Richmond County, Georgia.  (*Id.* ¶ 16.)  As pled in the Complaint, Livingston is the Sterility Release Technician in the Sterilization Department for KPR since 2012.  (*Id.*)

26.     **Fraudulent Joinder.**  Where non-diverse defendants are fraudulently joined to a complaint to prevent satisfaction of the federal jurisdictional requirement

9

of complete diversity, the citizenship of those non-diverse parties should be ignored. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir.1996), *overruled on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In the Eleventh Circuit, courts find fraudulent joinder when: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). In this case, fraudulent joinder has occurred on both counts.

27.     **No Possible Cause of Action Against Individual Defendants.** First, courts find fraudulent joinder where "there is no possibility that the plaintiff can establish a cause of action against" the non-diverse defendant. *Lewis v. PNC Bank, N.A.*, No. 13-CV-69, 2013 WL 6817090, at *2 (N.D. Ga. Dec. 26, 2013). In determining whether a plaintiff's claim against non-diverse defendants is viable, "possible" means "more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Legg*, 428 F.3d at 1325 n.5. The Court looks to "whether the plaintiff has stated an arguable claim" under state law. *Davidson v. Mortg. Elec. Registration Sys., Inc.*, No. 12-cv-47, 2012 WL 6971002, at *2 (N.D.

10

Ga. May 7, 2012).  Here, Plaintiff cannot maintain a cause of action against the individual defendants, who were added solely to defeat diversity.  Thus, the Court should find there has been fraudulent joinder and assert removal diversity jurisdiction over the case.

28.    **No Factual Basis for Allegations.** Plaintiff's allegations related to the non-diverse individual defendants are devoid of any factual basis supporting claims against these individuals, which demonstrates fraudulent joinder.  *See, e.g.*, *Lewis*, 2013 WL 6817090, at *2 (finding fraudulent joinder where "[p]laintiff does not allege how [the non-diverse party] specifically committed any wrongdoing"); *Baker v. Select Portfolio Servicing, Inc.*, No. 12-cv-03493, 2013 WL 4806907, at *6 (N.D. Ga. Sept. 9, 2013) (finding fraudulent joinder where "plaintiff has not provided any specific factual basis for the claims" against the non-diverse defendants); *Wilssens v. Medtronic, Inc*., No. 09-60792-CIV, 2009 WL 9151079, at *6 (S.D. Fla. July 23, 2009) (finding fraudulent joinder where plaintiff failed to demonstrate pharmaceutical product representative should have known a product was defective, when employee had no role in testing or research, no medical training, and the product was approved by the FDA).

29.    For example, Plaintiff's ultrahazardous activity/strict liability claim requires Plaintiff to show defendants are liable for damages flowing from an

inherently dangerous activity, despite the exercise of due care, and they have violated a statute that establishes strict liability.  (Ex. A ¶¶ 157–165); *see, e.g.*, *Combustion Chems., Inc. v. Spires*, 433 S.E.2d. 60, 62–63 (Ga. Ct. App. 1993); *Daniel v. Am. Optical Corp.*, 304 S.E.2d 383, 385 (Ga. 1983).[2] But no Georgia court has imposed strict liability on an employee based on its employer's allegedly dangerous activities, especially when the employer has a government permit to conduct the allegedly dangerous activity.  *See, e.g.*, *Epstein v. Gilead Scis., Inc.*, 441 F. Supp. 3d 1277, 1282 (S.D. Fla. 2020) (finding no possible claim against employees on strict liability claim because the "doctrine of strict liability does not apply to the individual defendants"); *Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1385 (N.D. Ga. 2014) (finding fraudulent joinder where no reasonable jury could find non-diverse defendant was liable for conduct alleged).

30.    The newly added RICO claims against individual defendants also do not add any specific allegations of racketeering, conspiracy, or criminal activity

---

[2] Likewise, no non-diverse individual defendant could be liable for negligence based on Plaintiff's theory that they breached their duty by "[u]sing EtO as part of [KPR's] sterilization process when safer alternatives could accomplish the same or similar business purposes without presenting the same level of risk to human health and well-being."  (Ex. A ¶ 111.)  Plaintiff has not alleged that any of the non-diverse individual defendants had the authority to determine what chemicals or process was used to sterilize medical equipment at the KPR facility.

against individual defendants.  (Ex. A ¶¶ 171–196).  The RICO allegations are devoid of any factual allegations specific to each defendant.  Instead, the RICO allegations repeat the basic elements of a RICO action and attempt to tie the elements of the RICO action to vague claims of wrongdoing and the generic, unrelated conduct of defendants that plaintiffs' counsel has been able to identify from the public record (i.e., employees reported emissions data on behalf of KPR).  At most, Plaintiff pleads that defendants did their jobs, but such allegations are not nearly enough to plead the individual defendants misled anyone or engaged in a RICO conspiracy.  Particularly relevant here, a plaintiff "may not plead the existence of a RICO enterprise between a corporate defendant and its agents or employees acting within the scope of their roles for the corporation because a corporation necessarily acts through its agents and employees." *Eckart v. Allstate Northbrook Indem. Co*., No. 22-CV-281, 2012 WL 2143465 at *5 (N.D. Ga. Feb. 17, 2023), quoting *Ray v. Spirit Airlines, Inc*., 836 F.3d 1340, 1357 (11th Cir. 2016) (internal quotations omitted).  Plaintiff fails to plead a plausible RICO claim against individual defendants.

31.    **Plaintiff's Claims against Individual Defendants Are Time-Barred.** Plaintiff's claims against the individual defendants also cannot succeed because they are barred by the two-year statute of limitations that applies to personal injury actions

under O.C.G.A. § 9-3-33.  Where, as here, the case against individual defendants is barred by the applicable statute of limitations, courts ignore the citizenship of those fraudulently joined defendants.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998) (finding that plaintiff's failure to identify claims within statute of limitations against non-diverse defendants "demonstrates beyond peradventure that they were sham defendants for purposes of removal"); *Russell Petroleum Corp. v. Environ Prods., Inc.*, 333 F. Supp.2d 1228, 1233 (M.D. Ala. 2004) ("When the plaintiff's claims against a resident defendant are barred by the statute of limitations, there is no possibility the plaintiff can establish a cause of action against the resident defendant, and thus the resident was fraudulently joined.") (internal citations omitted).[3]

32.      Here, Plaintiff alleges that notwithstanding the prior dismissal of the prior complaints in the Southern District of Georgia, "Plaintiff's claims in the present action are the same claims based on the same facts and circumstances as the original action."  (Ex. A. ¶ 3.)  In a "Statute of Limitations" section added to the

---

[3] *See also Shaffer v. Nw. Mut. Life Ins. Co.*, 394 F. Supp. 2d 814 (N.D. W. Va. 2005) (holding that because one-year statute of limitations had run on cause of action against non-diverse defendant, defendant was fraudulently joined); *Jabour v. Life Ins. Co. of N. Am.*, 362 F. Supp. 2d 736, 744 (S.D. Miss. 2005) (holding there was "no reasonable basis" for adding non-diverse defendants where claims were time-barred).

refiled Complaint, Plaintiff vaguely alleges defendants engaged in "misrepresentation and concealment" and claims that '[t]hese facts were not discovered until recently." (Ex. A. ¶ 23.) But Plaintiff has not specifically identified any of the defendants' alleged conduct that occurred "recently" or has "recently" been discovered by Plaintiff within the two-year limitations period. (Ex. A. ¶¶ 77–100; 180–193.) The new allegations against individual defendants appear to be based on publicly available information, all of which was readily available to Plaintiff (and Plaintiffs' counsel) for years prior to filing in federal court in 2021. *Id*. Plaintiff's claims against the individual defendants are therefore barred by the two-year statute of limitations for personal injury claims.

33.     **Plaintiff Provides no Basis for the Late Addition of Individual Defendants.** The prior Southern District of Georgia actions were brought solely against KPR. (Ex. F.) If they were legitimate parties, the individual defendants could have and would have been identified through publicly available information prior to filing suit against KPR, and would have been named in Plaintiff's original federal complaint. *See LeBlang Motors Ltd. v. Subaru of Am. Inc.*, 148 F.3d 680, 692 (7th Cir. 1998) (upholding district court's determination that individual defendants were fraudulently joined where plaintiff had a duty to identify claims against these defendants at the same time as the original claims were brought against corporate

defendants).  But here, as in *LeBlang*, the individual defendants in this case were not identified at the time of filing.  Instead, they were fraudulently joined years later in an attempt to defeat diversity jurisdiction and avoid litigation of these cases in federal court, where the previously filed cases have already been dismissed by the Southern District of Georgia.[4]  "The removal process was created by Congress to protect defendants.  Congress 'did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'"  *Legg*, 428 F.3d at 1325.

**B.    The Amount in Controversy Requirement Is Satisfied.[5]**

34.    For this requirement for diversity jurisdiction to be satisfied, a defendant need only make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and that allegation "should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014).  In evaluating the

---

[4] Indeed, the specific claims pleaded against defendants by plaintiffs appear to have been modeled after the claims successfully kept in state court against Becton, Dickinson & Company in Gwinnett County.  *See McLendon v. Becton, Dickinson & Co.*, No. 20-cv-04671, 2021 WL 6752200 (N.D. Ga. Feb. 11, 2021).

[5] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $75,000 amount-in-controversy threshold and are not intended and cannot be construed as an admission that Plaintiff can state or has stated a claim that she is entitled to damages in any amount.  Defendants deny liability and do not concede that Plaintiff is entitled to recover any amount.

allegation for plausibility, courts should "use their judicial experience and common sense" in determining whether the amount-in-controversy is satisfied. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). Courts may consider compensatory, statutory, and punitive damages. *See Holley Equip. Co. v. Credit All. Corp.*, 821 F .2d 1531, 1535 (11th Cir. 1987). "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014) (citation omitted). Even when the plaintiff, as here, makes no allegation about the amount in controversy, "it may be facially apparent from the pleading itself" that the requirement is satisfied. *Roe*, 613 F.3d at 1061 (internal quotations omitted).

35.     Despite the absence of specific allegations regarding the amount in controversy, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000. Plaintiff alleges that she "was diagnosed with breast cancer as a result of substantial chronic exposure to carcinogens [allegedly] emitted from Defendants' facility." (Ex. A ¶ 27.)  Under seven different legal theories,[6] Plaintiff alleges that she suffered damages in the form of "medical expenses, physical disability, mental and physical pain and suffering, extreme emotional

---

[6] There appears to be no Count VI in the Complaint. (*See* Ex. A.)

distress, and other damages as can be proven at a trial." (*Id.* ¶¶ 113, 130, 145, 156, 165, 170, 196.)  She further alleges that she is entitled to punitive damages, along with attorneys' fees and costs.  (*Id.* ¶¶ 197–199, 202.)  And she requests treble damages based on Georgia RICO law.  (*Id.* at 41.)

36.     When Plaintiff originally sought relief in federal court for these injuries, she alleged that "the amount in controversy exceeds $75,000." (Ex. F ¶ 9.)  Plaintiff does not and cannot plausibly allege that the amount in controversy in this renewal action has fallen below $75,000 since her action in federal court was dismissed for failure to plead a plausible controversy and her renewal of the same action in state court.

37.     In other cases where a plaintiff has alleged claims for serious personal injury or death, courts in the Eleventh Circuit routinely find that the amount in controversy requirement is satisfied.  *See, e.g.*, *Travelers Prop. Cas. Co. of Am. v. Eastman Kodak Co.*, No. 16CV00465, 2016 WL 11491579, at *3 (M.D. Fla. Aug. 1, 2016) ("Given that these claims are based on [plaintiff's] severe personal injuries and death, the Court is 'hard-pressed to conclude that if liability was established…there is any possibility the damages would be less than $ 75,000.'"); *Gates v. 84 Lumber Co.*, No. 15-0076, 2015 WL 2345427, at *1 (S.D. Ala. May 14, 2015) ("While it may be theoretically possible that a demand for damages for

disability, disfigurement, lung cancer, great physical pain, great mental anguish, large medical bills and large amounts of lost income places less than $75,000 in controversy, the plaintiff's allegations and interrogatory response, combined with the reasonable deductions, inferences and extrapolations therefrom and viewed through the lens of judicial experience and common sense, make it abundantly clear that Pneumo Abex has demonstrated by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.").

38.     Accordingly, Defendants have sufficiently demonstrated that the amount in controversy exceeds $75,000.

## V.     ALL OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN MET

39.     **This Notice is Timely**.   This removal is timely because Moving Defendants filed this removal within 30 days of Plaintiff's service of the Complaint on any defendant.   *See* 28 U.S.C. § 1446(b) (notice of removal shall be filed within 30 days of service of complaint); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348–349 (1999) (time period for removal begins when defendant is served).

40.     **Consent to Removal**. All Defendants have consented to removal as required based on diversity jurisdiction.   28 U.S.C. § 1446(b); 28 U.S.C. § 1332(a), attached hereto as **Exhibit E**.

41.     **Notice of Removal.** As required by 28 U.S.C. § 1446(d), Moving Defendants are providing written notice of the filing of this Notice of Removal to Plaintiff and are filing a copy of this Notice of Removal with the Clerk of the Gwinnett County State Court, Georgia.

42.     **State Court File.** As required by 28 U.S.C. § 1446(a), a copy of all documents filed in the state court action are attached hereto as **Exhibit A**.

WHEREFORE, Defendants remove the State Court Action from the Gwinnett County State Court, to the United States District Court for the Northern District of Georgia.

*Signatures on following page*

Respectfully submitted, this 11th day of April, 2023.

**BAKER & HOSTETLER LLP**

*/s/ William Ezzell*

S. Derek Bauer
Georgia Bar No. 042537
dbauer@bakerlaw.com
William Ezzell
Georgia Bar No. 297641
wezzell@bakerlaw.com
Georgia L. Bennett
Georgia Bar No. 495910
gbennett@bakerlaw.com
1170 Peachtree Street, Suite 2400
Atlanta, Georgia 30309
Telephone:  404-256-8425

Matthew D. Thurlow
*(Pro Hac Vice Forthcoming)*
mthurlow@bakerlaw.com
1050 Connecticut Avenue NW, Suite 1100
Washington, DC 20036
Telephone:  202-861-1681

*Counsel for Defendants*
*Kendall Patient Recovery U.S., LLC,*
*Cardinal Health, Inc., Mark Legarda,*
*Martin Russo, Mark Barnes and Nancy*
*Livingston*

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with

Times New Roman 14-point font in accordance with Local Rule 5.1.C.

This 11th day of April, 2023.

*/s/ William Ezzell*
Georgia Bar No. 297641

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused a true and correct copy of the foregoing **Notice of Removal** to be electronically filed with the Court using CM/ECF and electronic mail, addressed as follows:

Darren W. Penn
William L. Ballard
John D. Hadden
Alexandra "Sachi" Cole
Kevin M. Ketner
**Penn Law LLC**
4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
darren@pennlawgroup.com
bill@pennlawgroup.com
john@pennlawgroup.com
sachi@pennlawgroup.com
kevin@pennlawgroup.com

This 11th day of April, 2023.

/s/ William Ezzell
Georgia Bar No. 297641