## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CARLA LARIBEE and<br>KEVIN LARIBEE, | ) <br> ) <br> ) |
|     Plaintiffs, | ) |
| v. | ) <br> ) |
| GYPSUM EXPRESS LTD.<br>ROLLISON TUCKER HIGGS,<br>FCA US LLC d/b/a CHRYSLER<br>GROUP LLC, and<br>STELLANTIS N.V. f/k/a FIAT<br>CHRYSLER AUTOMOBILES<br>N.V. d/b/a FCA US LLC, | ) <br> ) CASE NO.: 1:23-mi-99999-UNA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
|     Defendants. | ) <br> ) |

## PLAINTIFFS' OMNIBUS MOTION FOR ORDER OF CONTEMPT FOR NONCOMPLIANCE WITH SUBPOENAS, MOTION TO COMPEL, AND MOTION FOR EMERGENCY/EXPEDITED HEARING AND BRIEF IN SUPPORT

Pursuant to Rule 45 of the Federal Rules of Civil Procedure the Plaintiffs,

Carla and Kevin Laribee, by and through their undersigned attorneys, move this

Court[1] for an Order holding non-parties Sean Alexander, Crash Analysis &

---

[1] This action is pending in the United States District Court, Middle District of Florida, Case No.: 3:21-cv-01108-HES-PDB ("Underlying Lawsuit"). However, enforcement of Plaintiffs' subpoenas and the request for sanctions properly rests with this Court because compliance with

Reconstruction, LLC, Frederick Raffa, Susan McKenzie, McKenzie Morris Rehab, LLC, Dr. Matthew Lawson, Lawson Healthcare Group, LLC, Dr. Austin Folley and Biodynamic Research Corporation in contempt for noncompliance with properly and timely served non-party subpoenas. Plaintiffs further move this Court for an Order compelling these non-parties to produce the entirety of the documents and materials listed in the properly served subpoenas, and to deem waived any objections to the subpoenas.

Given the imminent deadlines in the Underlying Lawsuit, Plaintiffs also request an emergency/expedited hearing to have these matters heard, and resolved, promptly in accordance with Local Rule 7.2(B). Pursuant to the Case Management Order in the Underlying Lawsuit, the discovery deadline in this matter is April 22, 2023 and the deadlines for dispositive and *Daubert* motions are set for May 22, 2023.

Plaintiffs require adequate time to obtain and review the missing subpoenaed documents in preparation for this deadline. According to the Court's previous Orders, any delay in these deadlines will require the Court to delay the trial date by several months. In support of their motion, Plaintiffs would show the Court as follows:

---

these subpoenas was set for the undersigned's office, which is within this Court's jurisdiction. Fed. R. Civ. Pro. 45(d).

## I.  Introduction

This catastrophic personal injury action arises from the collision between Defendant Gypsum Express, Ltd.'s ("Gypsum") tractor-trailer, which was operated by Gypsum employee, Rollison Tucker Higgs, while in the course and scope of his employment, and Plaintiffs' Jeep Wrangler on January 18, 2021.  Plaintiff Carla Laribee was in critical condition and in the Intensive Care Unit for weeks after she was ejected from her vehicle onto Interstate 95 as a result of the subject collision. Additionally, Plaintiff Carla Laribee was hospitalized for over a month for treatment of the injuries she sustained in the subject accident, including a stay in a long-term rehabilitation facility.

To date, Plaintiff Carla Laribee has incurred over $716,000 in medical bills, and her life care plan anticipates her future medical care costing over $1.77 million. Plaintiff's expert economist has also calculated her economic losses are, on average, in excess of $4.34 million. Plaintiff Carla Laribee has been permanently disabled since her ejection from her vehicle in the subject collision and unable to return to work.

## II.    Procedural and Factual Background

On February 20, 2023 Defendants Gypsum and Higgs disclosed retained experts Sean Alexander, Crash Analysis & Reconstruction, LLC, Frederick Raffa,

Susan McKenzie, McKenzie Morris Rehab, LLC, Dr. Matthew Lawson, Lawson Healthcare Group, LLC, Dr. Austin Folley and Biodynamic Research Corporation in the Underlying Litigation. On February 23, 2023 Plaintiffs served subpoenas on each of Defendants' disclosed experts pursuant to Fed. R. Civ. P. 45. (Exhibits A through I)[2]. The compliance date for the subpoenas was set for March 10, 2023, with the exception of Dr. Austin Folley and Biodynamic Research Corporation, which was set for March 21, 2023.

As the Court will note, the materials sought in Exhibit A of Plaintiffs' subpoenas pertain to basic discovery allowed pursuant to Rule 26, and include the expert's file, notes, materials relied upon, and correspondence. It also includes requests for relevant information regarding whether the expert's opinions have ever been limited by any Court, information regarding payments between Defendants and the expert, a list of publications authored by the expert which relate in any way to their opinions provided in this case, and a comprehensive case list for all years the expert has provided testimony.

---

[2] Accompanying the subpoenas was a cover letter notifying the expert that it would be improper for the expert to consult with defense counsel regarding the response to the subpoena because it would create a conflict. (See Exhibits A through I). These letters were also copied to defense counsel. Further, the undersigned again explained this to defense retained expert, Susan McKenzie, and defense counsel on March 10, 2023. (Exhibits J and K).

On March 9, 2023 Defendants, **not** the subpoenaed defense experts, served an objection as to all subpoenas, as opposed to a Motion to Quash or Motion for Protective Order.  (Exhibit L).  This was improper. Defendants objected solely on privilege grounds. The Objection contained no support for the argument, and no privilege log was provided despite Defendants claiming one would be served within seven days.

Indeed, to date, Defendants have never filed a Motion to Quash or Motion for Protective Order, only the improper March 9, 2023 Objection. **Likewise, none of the subpoenaed expert witnesses served objections to Plaintiffs' subpoenas, and none of Defendants' retained experts have properly or timely complied with Plaintiffs' subpoenas.**

### III.    Argument and Citation to Authority

When a party seeks documents, materials, ESI or other tangible things from a non-party the proper vehicle is a Rule 45 subpoena. See *Southeastern Mechanical Services., Inc., v. Brody*, Case No. 1:09-cv-86, 2009 WL 3095642 at *2 (N.D. Ga. June 22, 2009).  Rule 45 subpoenas provide for the same discovery from a non-party as Rule 26 provides from a party.  *Digital Assur. Cert., LLC v. Pendolino*, Case No. 6:17-cv-72, 2017 WL 4342316 (M.D. Fla. Sept. 29, 2017).  Defendants' retained

experts are not parties to the Underlying Lawsuit thus, Plaintiffs' subpoenas are the proper vehicle for obtaining discovery from these witnesses.

Defendants' retained experts cannot rely upon Defendants or Defendants' counsel to object for them. *Fit Tea, LLC, v. Alani Nutrition, LLC,* Case No. 6:23-mc-1-WWB-LHP, 2023 WL 2351657 (M.D. Fla. March 3, 2023). See also *Carroll v. TheStreet.com, Inc.*, Case No. 11-81173-civ, 2013 WL 12383301 (S.D. Fla. April 15, 2013); 9A Wright & Miller, *Federal Practice and Procedure*: Civil 3d § 2452 (3d ed. 2008).

In the present matter, instead of responding, each defense expert chose to abdicate their duty to comply with a Court Order, the subpoena.[3] The experts did

---

[3] As the Court noted in *Iron Workers' Local 25 Pension Fund v. Watson Wyatt*, No. 04-cv-40243, (consolidated with No. 07-cv-12368), *8 (E.D. Mich. Mar. 10, 2009):

> Federal Rule of Civil Procedure 45(e) provides that '[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey [a] subpoena.' Although Rule 45 subpoenas for the production of documents, like all Rule 45 subpoenas, are drawn up by the attorneys for the subpoenaing party, **as a matter of law they are issued from the court** in which the production is to take place. Fed.R.Civ.P. 45(2)(c). Thus, disobedience is also punishable under 18 U.S.C. § 401, which provides that '[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as — . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.' The Court thus need not rely on its inherent power to sanction those who engage in misconduct relating to proceedings before it. *See generally Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991).

not file an objection, did not fully respond to the subpoenas, and did not provide a privilege log for any production that may have been withheld on privilege grounds. Instead, every single defense expert appears to have improperly relied upon Defendants to file an objection to the subpoenas on their behalf.

Their reliance was built, in part, on the fact that defense counsel remarkably saw fit to contact each defense expert and advise them that Defendants already objected to specific items in the subpoenas. (Exhibit N).  Defendants also instructed the experts to omit privileged documents. (Id.).  Defendants interference in this matter is intentional and indefensible. Defendants, through the actions of defense counsel, have sought to improperly influence these witnesses and the tamper with, or at the very least, restrict, evidence. Defense counsel has attempted to act as the gatekeeper for the materials and documents subpoenaed by Plaintiffs. Nowhere in the Federal Rules is such interference permitted, and these actions are tantamount to evidence tampering and potentially spoliation.

If Defendants had objections, especially related to privilege, the one and only avenue for them to object to a subpoena served on a non-party pursuant is through a Motion to Quash or a Motion for Protective Order.[5] Defendants' retained experts,

---

[5] A party cannot object to a subpoena duces tecum served on a nonparty, but must instead file a motion to quash or seek a protective order. Fed.R.Civ. P. 45(c)(3). See *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 636 (C.D.Cal. 2005).

not Defendants,[6] have a duty to respond or object to Plaintiffs' subpoenas "before the earlier of the time specified for compliance or fourteen days" after the subpoena is served.   Fed. R. Civ. P. 45(d)(2)(B).   **The evidence shows that none of Defendants' retained experts have fully responded, nor have they ever objected to Plaintiffs' subpoenas or provided privilege logs.**

Accordingly, pursuant to the Federal Rules, Defendants' retained experts should be held in contempt for their failure to follow a Court's Order, the subpoena, and each subpoenaed entity and person should be compelled to produce any and all documents encompassed within Plaintiffs' subpoenas.

A. **None of Defendants' retained experts served an objection to Plaintiffs' subpoenas therefore each defense expert has waived any objection(s) to pursuant to Rule 45.**

It is well settled that a nonparty must respond or object to a subpoena within fourteen days.   Fed. R. Civ. P. 45(a).   Plaintiffs served subpoenas on Defendants' expert witnesses on February 23, 2023. The date of compliance for all experts was March 10, 2023, with the exception of Dr. Austin Folley and Biodynamic Research

---

[6] The proper procedure for a **party** to contest a subpoena is by filing a motion to quash the subpoena within the time allotted by Rule 45, which Defendants did not do in the present matter. See Fed. R. Civ. P. 45(c)(3); *Middle District Discovery*, V., A., para. 4.  See also, *SEC v. Levine*, Case No. 09-80135-mc-Hurley, 2009 WL 10712514 (S.D. Fla. May 5, 2009). Given Defendants' failures, any of Defendants' objections must similarly be deemed waived and will be dealt with simultaneously in the Underlying Litigation.

Corporation, which was set for March 21, 2023. In each instance, the 14-day window for objections expired the day before subpoena compliance was due.

**No objections were filed by any subpoenaed entity or individual, including objections with respect to service and/or privilege**. Further, no privilege log was provided for any documents the experts withheld on privilege grounds. As such, any and all objections have been waived pursuant to Rule 45.

Additionally, Defendants' retained experts cannot rely upon Defendants or Defendants' counsel to object for them. Despite any anticipated protestations, these retained experts have waived any objections, including any privilege objections to Plaintiffs' subpoenas. *Fit Tea, LLC, v. Alani Nutrition, LLC,* Case No. 6:23-mc-1-WWB-LHP, 2023 WL 2351657 (M.D. Fla. March 3, 2023). See also *Carroll v. TheStreet.com, Inc.*, Case No. 11-81173-civ, 2013 WL 12383301 (S.D. Fla. April 15, 2013); 9A Wright & Miller, *Federal Practice and Procedure*: Civil 3d § 2452 (3d ed. 2008).

Since none of Defendants' retained experts have shown good cause as to why they have not fully complied with the properly served and executed subpoenas. The defense retained experts have defied the Federal Rules and flouted a Court Order. Plaintiffs respectfully request this Court order their compliance and compel their

production of any and all documents and materials encompassed by Plaintiffs' subpoenas.

> **B.** **Defendants did not file a Motion to Quash or a Motion for Protective Order therefore Defendants have waived any and all objections to Plaintiffs' subpoenas pursuant to Rule 45.**

In further support of this motion, Plaintiffs point out that Defendants have likewise failed to file the proper motion to register any objections to the subpoenas (e.g. Motion to Quash or a Motion for Protective Order). Defendants only filed an Objection, which is the avenue reserved solely for *nonparties*.

Rule 45(d) sets the procedure for a "person" (non-party) to object to a subpoena. A party cannot object to a non-party subpoena because Rule 45 does not apply to parties. See *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005). The proper procedure for a party to contest a subpoena is by filing a motion to quash the subpoena within the time allotted by Rule 45. See Fed. R. Civ. P. 45(c)(3); *Middle District Discovery*, V., A., para. 4. See also, *SEC v. Levine*, Case No. 09-80135-mc-Hurley, 2009 WL 10712514 (S.D. Fla. May 5, 2009).

Plaintiffs therefore request that this Court enter an Order finding that Defendants' expert witnesses have waived any and all objections to Plaintiffs' subpoenas. *Madeline, L.L.C., v. Street*, Case No.: 09-80705-MC, 2009 WL 1563526 (S.D. Fla. June 3, 2009). Defendants have also waived their right to move the Court

for an order quashing Plaintiffs' subpoenas to Defendants retained experts.  See, *Am. Fed'n of Musicians of the United States and Canada v. Skodan Films, LLC*, 313 F.R.D. 39, 43 (N.D. Tex. 2015).

> ### C.   Defendants' retained experts are noncompliant in their responses to Plaintiffs' subpoenas.

In the instance of an expert witness, without an objection or other mechanism, the expert cannot limit their response and only partially comply with a subpoena. In other words, the non-party retained expert cannot unilaterally limit their production to just the expert's file or report when the subpoena calls for additional documents above and beyond what may be contained in the expert's file. The party issuing the subpoena is entitled to the full scope of discovery under Rule 26, which requires the expert witness to produce more than just their report or file if subpoenaed.

Even more critical, defense counsel is prohibited from dictating to the expert what materials should be produced in response to the subpoena. "Once a nonparty is served with a subpoena, the obligation to respond cannot be delegated to an attorney, especially where the subpoenaed party has control over the documents requested in the subpoena." *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nevada 2012) (finding that objections served by a party's attorney on behalf of a witness were without merit).

Once subpoenaed, Rule 45 requires a nonparty to comply fully and without interference or advice from defense counsel. Plaintiffs' counsel reminded the subpoenaed parties of this fact in the cover letter that accompanied the subpoenas (Exhibits A-I). Plaintiffs also reminded defense counsel of this fact. (Exhibit K). A copy of the same cover letters and subpoenas were also served on defense counsel. There can be no doubt that all witnesses and counsel were on notice of the conflict and prohibition against defense counsel's interference.

Despite this notice, on March 10, 2023, defense counsel emailed each of Defendants' retained experts and advised their experts that they did not have to fully comply with Plaintiffs' subpoenas. (Exhibit N). Based upon this legal advice, which is a conflict that Plaintiffs shall address in a separate motion in the proper Court, Defendants' retained experts did not fully comply with the subpoena. Plaintiffs have now been prejudiced by the delay this interference has caused, and the expense and time of bringing this motion. Additionally, Plaintiffs have no idea what documents are being withheld, if any, on privilege grounds, and have no idea if any document destruction or other improper acts have been committed.

### 1.   Defendants' Retained Expert Susan McKenzie and McKenzie Morris, LLC

Defense expert, Susan McKenzie, and her company, McKenzie Morris, LLC, have failed to fully respond to Plaintiffs' subpoena.  (Exhibits D and E). On March

10, 2023, Susan McKenzie responded to both the subpoena directed to her individually, as well as the subpoena directed to her company, by providing a copy of her "working file," which included the following: (1) Rule 26 expert report; (2) Curriculum Vitae; (3) retainer agreement; (4) case list from 2018 to present; (5) an email from Defendants transmitting documents; and (6) four pages of handwritten notes that apparently memorializing a discussion between Ms. McKenzie and Dr. Lawson, another defense expert.

Shockingly, when Plaintiffs' counsel pressed Ms. McKenzie on her lack of production of most item requested in the subpoena, most notably her correspondence, **Ms. McKenzie admitted that she has destroyed documents** in the course of her work for Defendants.  (Exhibit M). In her email to Plaintiffs' counsel, Ms. McKenzie indicated that she "do[es] not print or keep emails . . ." (Id.). She further explained that, "the records are downloaded and the emails are deleted, as I am sure you can imagine and understand that I would blow up email accounts if I kept all of my daily emails. I am sorry to not be able to provide something that does not exist." (Id.). She only kept the one email she produced to Plaintiffs because it contained a long list of documents, and she wished to "use it for reference." (Id.).

Ms. McKenzie's Rule 26 materials prove that she has participated in over 90 cases. As a seasoned retained expert with nearly 100 cases under her belt, it is deeply

troubling that she would see fit to destroy her communications with defense counsel, and that she fails to see any issue with such evidence destruction. It certainly raises the issue of whether or not other documents that were not favorable to Defendants' case/position were also destroyed by Ms. McKenzie if this is her irresponsible approach to document retention.

Regardless of this speculation, the fact remains that Plaintiffs are now prejudiced by her failure to preserve her communications and her failure to provide all documents requested in the subpoena. Ms. Kenzie, in her individual capacity, has **totally failed to provide any production** with respect to Plaintiffs' requests for: [8] (4) any and all documents relied upon or created in reviewing other expert reports; (5) all exhibits, summaries and charts you intend to use at trial; (7) reference materials which support and/ or were referenced in the formation of Ms. McKenzie's expert opinions in this case; (8) a list of authoritative texts used by Ms. Kenzie during this litigation; (9) publications authored by Ms. McKenzie which relate in any way to her opinions in this matter; (10) time sheet and payments[9]; (11) all reports and correspondence which was prepared by Ms. McKenzie, or provided to Ms.

---

[8] For ease of reference, Plaintiffs have numbered these items to align with the number of the corresponding request in Exhibit A of Plaintiffs' subpoenas.
[9] In her March 10, 2023 email to Plaintiffs' counsel, Ms. McKenzie stated that the billing documents would be provided, but to date Plaintiffs have not received any such production.

McKenzie, in connection with this matter; (14) any and all Orders by any Court limiting Ms. McKenzie's expert testimony; (15) documentation of payments received; (16) documents related to any requests made to Ms. McKenzie by Defendants' counsel and/or Protective Insurance Company in connection with any work or services Ms. McKenzie has performed for Defendants that involves other cases or claims, other than the present case, within the past seven years; (17) all medical records or other documents Ms. McKenzie reviewed, evaluated or interpreted to form any opinion in this case.

Ms. McKenzie only partially responded to the following requests: (1) documents provided by Defendants;[10] (6) notes or work papers prepared in connection with this case;[11] and (13) a list of all cases in which Ms. McKenzie has provided expert testimony.[12]

---

[10] Indeed, Plaintiffs' request was for "all documents and other items, which have been provided by the Defendants . . . Defendants' attorney(s) and/or Protective Insurance Company, including the date received." (Exhibit D at Request No. 1). The request is not limited to Ms. Kenzie's "working file," it is asking for all documents. Ms. Kenzie only indicated that her "working file" was produced. Without an objection or any other correspondence, Plaintiffs cannot assume this qualified answer is a complete response to Plaintiffs' request.

[11] Ms. McKenzie produced four written pages of notes that apparently memorializes a conversation or meeting between her and another defense expert, Dr. Lawson. Ms. McKenzie has only indicated that she has produced her "working file," and has never indicated if additional notes exist, or existed at some point and were destroyed.

[12] This request was for all dates. Ms. Kenzie only provided 2018 to present.

Given Ms. McKenzie and McKenzie Morris, LLC's noncompliance and total failures in complying with Plaintiffs' subpoenas, not to mention their intentional destruction of evidence, Plaintiffs respectfully request an Order holding her and her company in contempt, and compelling her and her company to provide any and all responsive materials to the subpoena, regardless of any privilege or objection, which has now been waived.

### 2.     Defense expert Frederick Raffa

Defense expert Frederick Raffa has failed to fully respond to Plaintiffs' subpoena. (Exhibit C). To date, Mr. Raffa, nor anyone acting on his behalf, has ever served any objection(s) to Plaintiffs' subpoena.

On March 13, 2023, three days after the date of compliance, a records custodian for Frederick Raffa responded to Plaintiffs' subpoena by providing only a fraction of materials responsive to Plaintiffs' subpoenas. (Exhibit O). Mr. Raffa's production consisted of a large volume of pages however, the substance can be reduced to the following: his expert report; an expert report from Susan McKenzie, another defense expert; the reports of Plaintiffs' economist and life care plan experts; some of Plaintiffs' medical records; and Plaintiffs' tax returns. It is worth noting that throughout Mr. Raffa's file, there are pages noticeably missing in several files. Yet

Mr. Raffa has yet to provide any objections to this subpoena, nor has he provided a privilege log for any documents he is withholding.

Mr. Raffa totally failed to provide: a complete copy of any documents he consulted in reaching his opinions, like the September 10, 2022 Continuation of Care Report of Dr. Lichtblau;[13] all exhibits he intends to use at trial; his notes and work papers related to this matter; the books and periodicals used to support his opinions; documents created upon reviewing other expert's reports; a list of authoritative texts used, any publications authored by Mr. Raffa which relate to the his opinions in this case; all emails between Mr. Raffa and Defendants' counsel; a complete testimony list; not just the Rule 26 required dates; and a listing of prior work for Defendants' attorneys.

Perhaps most troubling is that fact that prior to providing Plaintiffs' with his incomplete and late production, Mr. Raffa's records custodian sent the link of his production file to defense counsel for review. When Plaintiffs' observed that the few documents that were actually produced were missing pages and contained pages that

---

[13] Dr. Lichtblau was never disclosed as a retained expert for Defendants. Instead, Defendants named Susan McKenzie as their expert life care planner. If Dr. Lichtblau's Continuation of Care Report was provided to Mr. Raffa by Defendants, and he is claiming he relied on it in the formulation of his opinions in this matter, the report is discoverable and should have been produced regardless of Dr. Lichtblau's status as an expert in this case pursuant to Rule 26.

were out of sequence, Plaintiffs asked Mr. Raffa if any documents were removed upon his consultation with defense counsel prior to his production.

Despite Plaintiffs' inquiry, Mr. Raffa has failed to respond or identify any documents that were removed after defense counsel was consulted.  This behavior is stunning. Not only is it highly improper for the witness to engage in hiding evidence, it is indefensible for counsel to participate in this wrongful act and to interfere with the subpoena production of a non-party.

Mr. Raffa is in noncompliance with Plaintiffs' subpoena, and Plaintiffs respectfully request an Order holding him in contempt and compelling him to provide any and all responsive materials to the subpoena, regardless of any privilege or objection, which has now been waived.

### 3. Defense expert Dr. Matthew Lawson

Dr. Matthew Lawson and his company, Lawson Healthcare Group, LLC, are also in noncompliance with Plaintiffs' subpoenas. (Exhibits F and G). On March 29, 2023, 19 days after the date of compliance, Dr. Lawson emailed Plaintiffs' counsel claiming that his failure to respond was the result of the fact that his address is a UPS Store mailbox, and he had not picked up his mail. Dr. Lawson also claimed that

Plaintiffs sent a follow up letter to the wrong email address.  (Exhibit Q). Both of these claims are demonstrably false.[14]

First, the subpoena served on Dr. Lawson was sent to the address identified in Defendants' expert disclosure, and it is the same address that is listed on Dr. Lawson's CV, and it was the same address listed in his email signature block.  The subpoena was sent to the proper address. Dr. Lawson's correspondence never specified what day he received the subpoena from his mailbox, but it is remarkable to think that a professional expert and physician would only check his official mailbox once a month.[15]

Second, Plaintiff counsel's follow-up email, checking on compliance, also went to the correct email address. The incorrect email displayed on the cover letter was merely a typo, and was limited to that letter only. The email itself was addressed correctly, and the email never bounced back as being invalid or undeliverable. At a minimum, Dr. Lawson was aware of the subpoena on March 15, 2023, the date of

---

[14] More important, Dr. Lawson elected to respond just before a *sua sponte* hearing before Magistrate Judge Patricia Barksdale in the Underlying Litigation. Dr. Lawson's response was not a coincidence given that the parties were noticed for this hearing in less than 24 hours.

[15] The subpoena was sent on February 23, 2023. It arrived at the mailbox on February 24, 2023 at 9:45am. Plaintiffs' counsel followed up via email and U.S. Mail on March 15, 2023, five days after the date of compliance. Dr. Lawson's email to Plaintiffs' counsel was not sent until March 29, 2023, well over a month after it was delivered.

Plaintiffs' follow-up email although, all evidence indicates he was aware of it well before that date.

Regardless of the highly suspicious protestations of Dr. Lawson, his production in response to the subpoena does not contain: any correspondence; any emails; any payments; any prior work for defense counsel; any copies of documents and materials he referenced or he relied upon including other expert reports or analyses performed by other experts as requested; any authoritative texts supporting his opinions; or any notes made while forming his opinions or documents, including studies, books, periodicals and reference materials that support his opinions. Accordingly, he is in noncompliance with the subpoenas.

Plaintiffs seek an Order from this Court holding Dr. Lawson and his company in contempt, and an order compelling both Dr. Lawson and Lawson Healthcare Group, LLC to fully comply with the materials requested in the subpoena. Plaintiffs respectfully request that the Order also acknowledge that all privileges and objections have been waived given Dr. Lawson's complete failures and noncompliance.

### 4.    Defense Expert Sean Alexander

On March 15, 2023, Plaintiffs' counsel contacted defense expert, Sean Alexander, in an attempt to obtain compliance with Plaintiffs' February 23, 2023

subpoena. (Exhibits A, B, and R). Mr. Alexander responded after this follow-up correspondence, which was already after the date of compliance, claiming to have provided a file link to the materials responsive to the subpoena. However, Mr. Alexander's link was never received by Plaintiffs' counsel. (Exhibit R).

It was not until March 15, 2023, after Plaintiffs' letter, that the link was sent to Plaintiffs' counsel. (Exhibit R). Even then, the link did not work. Plaintiffs' counsel attempted to access the files multiple times, on multiple computers, and each time the link simply did not connect to any file. In addition, Mr. Alexander did not provide a privilege log for any material(s) he intends to withhold.

Accordingly, Mr. Alexander and his company are in noncompliance with Plaintiffs' subpoenas, and Plaintiffs respectfully request an Order holding them in contempt and compelling him to provide any and all responsive materials to the subpoena, regardless of any privilege or objection, which has now been waived.

### 5.    Defense Expert Austin Folley

Dr. Austin Folley and Biodynamic Research Corporation[16] have also failed to fully respond to Plaintiffs' subpoenas. (Exhibits H and I). Dr. Folley failed to provide: the exhibits he intends to rely on at trial; his entire testimony list, not just

---

[16] Biodynamic's response is the same as Mr. Folley's response, so for the purpose of brevity, Plaintiffs will only address the collective deficiencies once.

the date range required by Rule 26; any orders by any Court limiting his testimony; billing documents for any case in which Mr. Folley worked with Defendants' counsel in the last seven years; any document which relates to any request made to Mr. Folley by Defendants' counsel and/or Protective Insurance Company in connection with any work or services he performed for Defendants' and/or defense counsel in the last seven years.

Plaintiffs further believe that there are multiple documents, including correspondence and notes, that have not been produced.  Accordingly, Dr. Folley and Biodynamics Research Corporation's noncompliance with the properly served subpoenas properly justifies an Order holding both in contempt, and compelling both to fully to comply with Plaintiffs' subpoena without withholding any documents for any reason as any privilege has been waived.

**V.    Defense counsel has interfered with the subpoena process and has attempted to obstruct the experts' production.**

Perhaps most troubling is the fact that defense counsel have no authority to prevent discovery through Rule 45 subpoenas, and are not the gatekeeper of nonparty witness subpoenas, yet they have interfered in the subpoena responses of each and every defense witness. Plaintiffs' counsel made the inherent conflict in any involvement of defense counsel in the subpoena responses crystal clear to defense counsel on multiple occasions, including in the cover letter to the subject subpoenas

which were copied to defense counsel. (Exhibits A and I).  Remarkably, defense counsel *still* intentionally interfered with the normal flow of discovery by serving a meritless objection and by directly instructing retained expert witnesses to withhold materials responsive to Plaintiffs' subpoenas.[17]  (See Exhibits L and N).

Not only is this conduct intentional, it runs afoul of the purpose and intent of the Federal Rules with respect to discovery.  Moreover, this indefensible conduct has succeeded in prejudicing Plaintiffs by keeping discoverable evidence from production. Given the direct evidence that Defendants' interfered with the experts, and gave them instructions to withhold evidence, it raises questions regarding document destruction and whether or not evidence is not being fully disclosed. Plaintiffs have no way of knowing the inventory of evidence given that no expert has provided a privilege log to date.

Plaintiffs are now forced to resort to the additional expense of time and costs for motion practice to obtain the discovery to which they are entitled.  Defendants' interference with Plaintiffs' subpoenas further adds to the support of Plaintiffs' position that resolution of this matter can only come from a Court order.

**VI.    Defense experts and Defendants' conduct has prejudiced Plaintiffs, and given the tight deadlines set in this matter, Plaintiffs respectfully request an emergency hearing on the issues raised in this motion.**

---

[17] Plaintiffs will also be filing a separate motion for sanctions seeking sanctions in the Underlying Litigation.

Expert testimony and/or evidence in a catastrophic injury case is central to Plaintiffs' ability to present their case to the jury. Without the expert materials at issue, Plaintiffs are prejudiced in that they do not have the benefit of complete answers to discovery, and critical discoverable materials from defense experts to inform Plaintiffs' decision regarding ever-important depositions of said experts.

Defendants' retained experts' failures to comply with Plaintiffs' subpoenas also greatly prejudices Plaintiffs' ability to prepare for trial and comply with the Court's discovery deadlines, as well as the imminent *Daubert* and dispositive motions deadline set for April 22, 2023 and May 22, 2023, respectively. The March 9, 2023 Objection filed by Defendants, and defense counsel's improper legal advice to their experts, is a concerted effort to obstruct Plaintiffs from obtaining necessary discovery and litigating their case fully.

The materials sought by the subpoenas are necessary to properly prepare for these impending deadlines. Given these quickly approaching depositions, Plaintiffs have good cause for requesting an emergency hearing before this Court in order to obtain a timely ruling on this motion. *In re Alexander Grant and Co. Litigation*, *20 F. 2d 352, 356 (11th Cir. 1987) (good cause "generally signifies a sound basis or legitimate need to take judicial action").

**WHEREFORE**, having considered the evidence presented, Plaintiffs respectfully request that this Court **GRANT** this omnibus motion on the aforesaid grounds, and issue an Order holding defense experts in contempt and compelling defense experts to fully comply with the subpoenas at issue in this motion without any allowance for any objection(s) and/or claims of privilege. Plaintiffs further request that the Court grant their request for an emergency/expedited hearing given the imminent deadlines in this matter.

Respectfully submitted this 11th day of April, 2023.

**Cook, Leverett & Underwood, LLP**

/s/Edward S. Cook_____
**EDWARD S. COOK, ESQ.**
GA Bar No. 183741
**LINDSEY A. RODGERS, ESQ.**
GA Bar No. 278885
970 Peachtree Industrial Blvd., Suite 202
Suwanee, Georgia 30024
Telephone: (404) 841-8485

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that on April 11, 2023 we caused the **Plaintiffs' Omnibus Motion for an Oder of Contempt for Failing to Respond to Subpoenas, Motion to Compel Compliance with Subpoena and for Emergency/Expedited Hearing**, to be presented to the Clerk of Court for filing and uploading to the CM/ECF system.  We further certify that we caused the foregoing document to be delivered via U.S. Mail and Electronic Mail to the following nonparties and attorneys of record:

John Viggiani, Esquire
Mark Myers, Esquire
Conroy Simberg
4190 Belfort Road
Suite 222
Jacksonville, FL 32216

Douglas Marcello, Esquire,
Saxton & Stump
4250 Crums Mill Road
Suite 201
Harrisburg, PA 17112

Sean Alexander
Crash Analysis & Reconstruction, LLC
524 Houston Lake Road
Suite L
Warner Robbins, Georgia 31088

Frederick Raffa
Raffa Consulting
17 South Osceola Avenue
#200
Orlando, Florida 32801

Susan McKenzie
McKenzie Morris, LLC
1819 Arabian Road West
West Palm Beach, Florida 33406

Dr. Matthew Lawson
Lawson Healthcare, LLC
1400 Village Square Boulevard
Tallahassee, Florida 32312

Dr. Austin Folley
Biodynamic Research Corporation
1210 West Golden Lane
San Antonio, Texas 78249

**Cook, Leverett & Underwood, LLP**

/s/Edward S. Cook_____
**EDWARD S. COOK, ESQ.**
GA Bar No. 183741
**LINDSEY A. RODGERS, ESQ.**
GA Bar No. 278885
970 Peachtree Industrial Blvd., Suite 202
Suwanee, Georgia 30024
Telephone: (404) 841-8485
*Attorneys for Plaintiffs*