# COOK, LEVERETT & UNDERWOOD, LLP

970 Peachtree Industrial Boulevard
Suite 202
Suwanee, Georgia 30024
(404) 841-8485

---

Edward S. Cook
Attorney

# EXHIBIT C

February 23, 2023

**via UPS Overnight Delivery**
**Tracking Number: 1ZX0967VA498436751**

Frederick A. Raffa, Ph.D.
17 South Osceola Avenue
#200
Orlando, FL 32801

**RE:** *Carla Laribee and Kevin Laribee v. Gypsum Express, Ltd., et al*
*Case No.: 3:21-CV-01108-HES-PDB*
**United States District Court, Middle District of Florida (Jacksonville)**

Dear Dr. Raffa:

    Enclosed please find a properly executed and served subpoena pursuant to Fed. R. Civ. P. 45(c) and (d) seeking production of your entire file regarding the above-refenced case, including but not limited to any and all records and documents of any type and nature in anyway connected with you and your office and Defendants Gypsum Express, Ltd., Rollison Tucker Higgs, Defendants' attorneys, and/or Protective Insurance Company and inclusive of Exhibit A of the subpoena. It is our understanding based on the Rule 26 Expert Witness Disclosures filed by Defendants that you are an independent retained expert witness. Please be advised, it is our position that Defendants' counsel would be subject to conflict if you seek legal counsel from them regarding any failure in production as to this subpoena. It is our position that you must seek independent legal advice not associated with this civil matter if any document(s), items, and/or materials are withheld from production.

    Although the subpoena requires that the requested records are to be produced at our office on March 10, 2023, **this shall confirm that responsive items, documents, and materials in support and in compliance with the subpoena may be mailed, emailed, and/or sent via overnight delivery to our office at 970 Peachtree Industrial Boulevard, Ste. 202, Suwanee, GA 30024 as long as they are received timely in our office and by the close of business on March 10, 2023.** Failure to timely comply with this subpoena and as prescribed by federal law will result in our immediate filing of a Motion to Compel with the Court. If a motion to compel is

required, we will seek attorneys' fees and costs for having to enforce the valid legal subpoena. If you withhold any document(s), items and/or materials for any reason whatsoever including privilege (which I would undoubtedly consider to be an error and/or failure), please provide a privilege log. Please take note that an immediate Motion to Compel will be filed and a determination will be made via court intervention regarding any document(s), materials, and/or items which you claim are protected and/or privileged. Any hearing necessitated by your failure to timely comply with the enclosed subpoena will take place prior to our taking your deposition. Therefore, you can understand that time is of the essence.

Sincerely yours,
**Cook, Leverett & Underwood, LLP**

Edward S. Cook

Enclosures

cc:   John Viggiani, Mark A. Myers, and Douglas Marcello, counsel for Defendants Gypsum Express, Ltd. and Rollison Tucker Higgs, jviggiani@conroysimberg.com mmyers@conroysimberg.com, dmarcello@cdl-law.com (via email only)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| Carla Laribee and Kevin Laribee<br>*Plaintiff*<br>v.<br>Gypsum Express, Ltd., Rollison Tucker Higgs, et al.<br>*Defendant* | Civil Action No.  3:21-CV-01108-HES-PDB |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Frederick A. Raffa, Ph.D.
17 South Osceola Avenue, #200
Orlando, FL 32801
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attached Exhibit A

| Place: Cook, Leverett & Underwood, LLP<br>970 Peachtree Industrial Boulevard<br>Suite 202<br>Suwanee, GA 30024 | Date and Time:<br>03/10/2023  10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  02/23/23

CLERK OF COURT
                                                                                    OR      *[signature]*
_____                                             _____
*Signature of Clerk or Deputy Clerk*                                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Carla Laribee and Kevin Laribee                                                                                    , who issues or requests this subpoena, are:
Edward S. Cook, Cook, Leverett & Underwood, LLP 970 Peachtree Ind. Blvd., Suwanee, GA 30024
ecook@cookpclaw.com 404-841-8485

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:23-mi-99999-UNA Document 1125-3 Filed 04/11/23 Page 4 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:  Via UPS Overnight Delivery

Frederick A. Raffa, Ph. D. 17 South Oceola Avenue, # 200, Orlando, FL 32801

on *(date)* 2/23/23 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 2/23/23

*Server's signature*

Edward S. Cook, Attorney for Plaintiff, GA Bar No. 183741

*Printed name and title*

Cook, Leverett & Underwood, LLP
970 Peachtree Industrial Boulevard, Suite 202
Suwanee, GA 30024

*Server's address*

Additional information regarding attempted service, etc.:

Case 1:23-mi-99999-UNA   Document 1125-3   Filed 04/11/23   Page 5 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A:

1. All documents and other items, which have been provided by the Defendants Gypsum Express, Ltd., Rollins Tucker Higgs, Defendants' attorney(s) and/or Protective Insurance Company, including the date received;

2. A complete copy of your file for this case, including but not limited to any and all materials you reviewed in this matter, any and all reference material you used or relied upon in formulating your opinions and any and all materials you created in this matter;

3. A complete copy of your "expert report" or "expert analysis," including any drafts;

4. A complete copy of any and all documents relied upon or created in reviewing other expert reports or expert analysis performed by another expert witness in this case;

5. All exhibits, summaries and charts you intend to use at trial;

6. All notes or work papers prepared by you in connection with your work in this case;

7. All documents, periodicals, books and reference materials which support your expert opinions in this case or which you consulted in reaching your opinions;

- 2 -

8. A complete list of any and all authoritative texts used by you during this litigation;

9. All articles, books, chapter, or other publications and/or writing authored by you, which relate in any way to the opinions you expect to testify to in this matter;

10. All time sheets, billing documents, invoices, payment receipts and checks or other forms of payment related to the payment to you by Defendants, Defendants' attorney(s), and/or Protective Insurance Company in connection with this case or any other case in which you have been hired by Defendants Gypsum Express, Ltd., Rollins Tucker Higgs, Defendants' attorney(s), and/or Protective Insurance Company;

11. All reports, correspondence, notes, or other documents and things (including e-mails or other electronically submitted items) which have been prepared by you in connection with this matter or which have been provided to you in connection with this matter (including but not limited to any and all correspondence to or from the Defendants Gypsum Express, Ltd. and Rollins Tucker Higgs, Defendants' attorney(s), and/or Protective Insurance Company) including, but not limited to, documents and correspondence that relate to your compensation, facts or data provided to you by Defendants

and/or Defendants' attorney(s) and/or Protective Insurance Company, and any assumptions that were provided to you from Defendants, Defendants' attorneys, and/or Protective Insurance Company that you relied on in forming the opinion you intend to express in the above-referenced matter;

12. Your current Curriculum Vitae; and

13. A list of all cases in which you have provided expert testimony, including the case name, the court where the case was, or is, pending, and the attorney who retained you; and

14. Any and all Orders by any Court limiting your expert testimony in a case for which you were retained or acting as an expert in any capacity.

15. Any and all documents which refer, reflect, or relate to any payments made to you by Defendants' counsel and/or Protective Insurance Company in connection with any work or services you have performed on or involving any other case or claim other than the above referenced for these Defendants, within the past seven years. This includes but is not limited to canceled checks, invoices, bills, etc.

16. Any and all documents which refer, reflect, or relate to any requests made to you by Defendants' counsel and/or Protective Insurance Company in connection with any work or services you have performed on or involving any

- 4 -

other case or claim other than the above referenced for these Defendants, within the past seven years. This includes all such requests, whether made by email, fax, letter or other writing, or by telephone.