RE: Doc. No. 153

Official Form 417A (12/18)

Case Number: 20-67143-PMB

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): Dan Bar Enosha

   *[Filed stamp: FILED IN CLERK'S OFFICE U.S. BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA 2023 APR -7 PM 1:20 M. REGINA THOMAS, CLERK]*

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☒ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: The following three Orders: Doc #148, Doc #149 & Doc #153

2. State the date on which the judgment, order, or decree was entered: March 20, 23, & 28 of 2023.

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: The Trustee Neil C. Gordon    Attorney: Taylor, English Duma LLP, Suite 200, 1600 Parkwood Circle SE, Atlanta, GA 30339

2. Party: Maria Cornelia Bogdan    Attorney: Robert D. Schwartz, P.O. Box 160100, Atlanta, GA 30316-1002

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

- ☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_[signature]_

Date: April 07, 2023

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):
Dan Bar Enasha
3172 Briarcliff Road NE,
Atlanta, Ga, 30329-2603

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

United States Bankruptcy Court
Northern District of Georgia
Atlanta Division

IN RE:

Dan Bar Enasha

(Debtor)

Case No. 20-67143-PMB

Chapter: 7

## NOTICE OF APPEAL

Regarding The Orders:
 Order 1 (Doc#148)
 Order 2 (Doc#149)
 Order 3 (Doc#153)

## NOTICE OF APPEAL

① Regarding, ORDER ON TRUSTEE'S NOTICE OF DEFAULT, REQUEST FOR SHOW CASE HEARING, and RENEWED MOTION FOR TURNOVER OF PROPERTY, and,

② Regarding, ORDER DENYING DEBTOR'S MOTION to Reconvert to Chapter 13 and,

③ Regarding, ORDER OVERRULING OBJECTION TO TRUSTEE'S NOTICE OF PROPOSED ABANDONMENT,

Comes now, Dan Bar Enasha, (THE DEBTOR), and files PRO-SE, this Notice of Appeal, regarding the ① Order on Trustee's Notice of Default, Request for Show Case Hearing, and Renewed Motion

for Turnover of Property (Doc.#148), and regarding The Order Denying Debtor's Motion to Reconvert Case to Chapter 13 (Doc.#149), and, regarding Order Overruling Objections to Trustee's Notice of Proposed Abandonement, and prays that the Ruling on these three Orders will be reviewed in the light of the following material facts revealed below:

I) - <u>ORDER ON TRUSTEE'S NOTICE OF DEFAULT, REQUEST FOR SHOW CASE HEARING, and RENEWED MOTION FOR TURNOVER OF PROPERTY (Doc.#148)</u>

1) This Court has jurisdiction over this matter, and this Notice of Appeal is filed in accordance with Rule 8002(a)(1). If the timely deadline for submission, in accordance with 8002(a)(1) is challenged or contested,--- the Debtor prays that this Notice of Appeal will be considered timely submitted under the provision of Rule 8002(d)(1), or 8002(d)(2).

<u>Debtor's Statement</u>

2) Debtor files this Notice of Appeal because of the following reasons:
  a) Debtor was Not allowed to address the Trustee's Allegations during the Court Hearings, and thus --- any, and/or all such allegations are "converted" into "Facts" days later, when the Honorable Judge will issue the Order, after denying the Debtor the right to properly address those 'allegations' during Court Hearing

b) Debtor was (is constantly discriminated against (unlawful age discrimination), which took place at three different levels:
- against Debtor's Age
- against Debtor's Health
- against Debtor's Legal Right to the Home-Exemption

c) Due to this Order (Doc.#148), the Debtor's Health is in significant danger, and potentially in the situation where the Debtor will occur irreversible Health Damages, if this Order will be Enforced (as it was ruled), given that the Order #148 requires the Debtor to Move by April 16, 2023, into a property ("the leased property"), which has been diagnosed with both, Mold and Asbestos,—both of which need at least two weeks of repairs/remediations, in order to render the space 'Habitable'...

## II ORDER DENYING DEBTOR'S MOTION to RECONVERT CASE to Chapter 13 (Doc #149)

1) This Court has jurisdiction over this matter, and this Notice of Appeal is filed in accordance with the Rule 8002(a)(1)... If the timely deadline for submission is (will be) challenged, or contested, the Debtor prays that this Notice of Appeal will be Considered "Timely Submitted" under the provisions of Rule 8002(d)(1) or (d)(2).

### Debtor's Statement

2) Debtor files this Notice of Appeal because of the following reasons:
  a) Trustee's Abuse of Judicial Process, while changing back

--- and forth (unecessarily!) between various Law Companies, which resulted in the accrual of about $50,000.00 Additional Debt ...

b) Trustee made multiple statements/allegations, which are inacurate, defamadory (as to the character of Debtor), and on occasions "blatant lies", --- which are nonetheless "converted" into "factual evidence" --- after the Judge will issue The Order, --- without allowing the Debtor to Refute those Allegations, during Court Hearing

c) Debtor provided a $25,000.00 Cashier's Check, which would have allowed the Debtor to Become Current on the Past-Due Forbearance Amount, and START paying the Creditors immediately. A Plan of Feasability was proposed (by the Debtor to the Debtor's Counsel), but the Debtor's Counsel stated that the need for such a "Feasability Plan" will come into discussion only if (or only after) the Conversion to Chapter 13 was granted by the Judge ... Yet, during the Court Hearing, The Main Objection raised by The Trustee, --- was that, "if the Debtor would have been serious about this Reconversion, would have 'At Least' presented A Plan to help us understand how will this happen. --- Currently, given that I am working multiple jobs, I am able to Make the Payments on the New Chapter 13 ...

d) Since November 2022, the Trustee made the claim that I am (the Debtor) just trying to continue to Stay in the house "For Free" --- and thus, --- demanded that "A Fair Monthly Rent" of $1,500.00 will have to be paid every single month, which the

Debtor Complied with, ever since this "Fair Monthly Rent" amount was requested, back at the end of 2022. Currently, --- the Debtor paid $6,000.⁰⁰ to the Trustee, which the Trustee did Not offer any explanation as of --- where the $6,000.⁰⁰ will go ---

e) Given that The Debtor obtained a Loan Modification, back on 2008, which capped the Mortgage Payment at about half of what today's Rental Price would be (for similar space) Debtor has made the case that with the $25,000. check that will enable the Debtor to catch-up on the past-due Forbearance Amount (with Gregory Funding LLC), and with a significantly higher income amount comin in monthly, every creditor would be better OFF while the Debtor will immediately Start paying The Creditors on A New Chapter 13 Settlement Agreement, than to Continue to Litigate to the Extent that The Trustee will Add potentially $100,000.⁰⁰ in Additional Legal Fees, while causing the Debtor (and his wife) to lose their accumulations of A Lifetime, and --- while significantly Diminishing the Amount Left over for the Creditors.

## III  Order OVERRULING OBJECTION TO TRUSTEE'S NOTICE OF PROPOSED ABANDONMENT (Doc. # 153)

1) This Court has Jurisdiction over this matter, and this Notice of Appeal is Filed in accordance with the Rule 8002(a)(1)... If the timely deadline for submission of this Notice of Appeal is (will be) challenge

--- or, contested, the Debtor prays that this Notice of Appeal will be considered as "Timely Submitted" under the provisions of Rule 8002(d)(1) or, Rule 8002(d)(2).

2) <u>Debtor's Statement</u>

Debtor filed this Notice of Appeal, as related to the ORDER OVERRULING OBJECTION TO TRUSTEE'S NOTICE OF PROPOSED CAR ABANDONMENT (which is worth about $8,000.00 to $10,000.00) for the following reasons mentioned below:

a) From the very first Court Hearing that the Debtor has attended (back in November/October 2022), the Debtor clearly stated that Debtor wants <u>to Ensure</u> that each Creditor is being paid what is owed to them... Consequently, the Debtor Objected to the Trustee's Abandonment of the Hyundai 2013 Car (which is worth at least $8,000.00), especially since the Debtor clearly stated that Debtor will WAIVE his Car Exemption, in order to Have the Car Sold, and Creditors Paid.. Istead,--- The Trustee used that car (the value of it), as a "bargaining token" to convince my wife to surrender her equity interest into the 3172 Briarcliff Road NE House (in which I am currently living), so that the Trustee can push for the Sale of the House with "<u>The Least</u>" amount of Equity in it, in order to pay the Creditors, ---while Not Actively Pursuing

...the other properties already mentioned by the Debtor, all of which were 100% paid off, and thus had 100% Equity in them...

b) At the time when my wife Maria Cornelia Bogdan filed as an "Adverse Party" to the Debtor's Bankruptcy Estate, the car has been used by the Trustee, as "A Bargaining Token" which not only deprived the creditors from what they could have been paid; (given that the car was financed under the Debtor's name), but also rewarded "An Adverse Party" to the Debtor's Bankruptcy Estate while precluding The Debtor to surrender/waive his car exemption to the Benefit of the Creditors, as the Debtor committed to do...

c) The Honorable Judge Paul Baisier, during his ruling on this matter, stated that..."in fact,... it does not matter who has possession of the car", and... Since The Trustee Claimed that it is NOT WORTH using the $8,000.00 (resulting from the sale of the car) to pay the Creditors,... The Honorable Judge ruled in Favor of the Trustee's Abandonment of the car, while Rewarding (knowingly), an "Adverse Party" to the Debtor's Bankruptcy Estate, and while precluding the Creditors to be paid what they are owed to...

(*) Wherefore, The Debtor prays that the Court will Review The Rulings contained within the Three Orders mentioned within this Notice of Appeal, and that the Court will grant the Debtor such further relief as the Court deems just and proper.

Dan Bar Enosha:
Signature: [signature]

Date:
04/07/2023

Address:
3192 Briarcliff Rd. NE,
Atlanta, Ga, 30329-2603