# EXHIBIT B

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**4/11/2022 12:14 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| JAYMES CALDWELL | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )          CAFN: |
| | ) |
| WESTDALE ASSET MANAGEMENT, LTD. | ) |
| d/b/a THE ALASTAIR AT ARIA VILLAGE, | ) |
| and JACOB MILLER, | ) |
| | ) |
| **Defendants.** | ) |

## <u>COMPLAINT FOR DAMAGES</u>

**JAYMES CALDWELL**, Plaintiff in this case, files this *Complaint for Damages*, and respectfully shows as follows:

1.

Plaintiff is a resident of Georgia and submits to the jurisdiction and venue of this Court.

2.

**WESTDALE ASSET MANAGEMENT, LTD. d/b/a THE ALASTAIR AT ARIA VILLAGE** ("Defendant Westdale") is a foreign limited partnership with its principal place of business located at 2550 Pacific Avenue, Suite 1600, Dallas, Texas 75226.

3.

Defendant Westdale is subject to the jurisdiction and venue of this Court because Defendant Westdale transacts business within the State of Georgia and the tortious acts alleged herein were committed in the State of Georgia.

4.

Defendant Westdale may be served with Summons and Complaint through its registered agent, CT Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046.

5.

**JACOB MILLER** ("Defendant Miller") is a resident of the State of Georgia and may be served with Summons and Complaint at his last known address, 6500 Aria Boulevard, Sandy Springs, Georgia 30328.

6.

On May 5, 2021 Defendant Westdale owned, operated, or managed the apartment complex known as The Alastair at Aria Village, located at 6500 Aria Boulevard, Sandy Springs, Georgia 30328 (hereafter "Subject Premises").

7.

On May 5, 2021 Defendant Westdale employed Defendant Miller as an on-site security officer at the Subject Premises.

8.

On May 5, 2021 Plaintiff was working for a moving company, and was assisting a resident move into the resident's apartment at the Subject Premises.

9.

On May 5, 2021 while Plaintiff was assisting a resident move into the resident's apartment, Defendant Miller approached Plaintiff and demanded Plaintiff move a truck parked on the grounds of the Subject Premises.

10.

At the same time, Defendant Miller identified himself to Plaintiff as the "peace officer for the complex."

11.

Defendant Miller was acting within the scope of his employment with Defendant Westdale at all times described herein.

12.

When Plaintiff refused to move the truck, Defendant Miller, without justification physically assaulted Plaintiff, causing injuries to Plaintiff's person.

13.

As a result of Defendant Miller's violent and unprovoked attack, Plaintiff has incurred special damages in the form of medical bills and loss of income, approximately totaling $20,000.

14.

As a result of Defendant Miller's violent and unprovoked attack, Plaintiff has incurred general damages in the form pain and suffering.

15.

Defendant Miller is liable to Plaintiff for special and general damages under O.C.G.A. §51-1-14 because Defendant Miller did commit or attempted to commit a violent physical injury upon Plaintiff.

16.

Defendant Westdale is liable to Plaintiff for special and general damages under O.C.G.A. §51-1-14 because Defendant Westdale is responsible for the intentional acts of its employees.

17.

Defendant Westdale is liable to Plaintiff for special and general damages under O.C.G.A. §51-3-1 because Defendant Westdale failed to exercise ordinary care in keeping the Subject Premises safe for Plaintiff.

18.

Defendant Westdale is liable to Plaintiff for special and general damages under O.C.G.A. §51-3-2 because Plaintiff was injured due to the willful acts of Defendant Westdale's employee.

19.

Defendants are liable to Plaintiff for punitive damages because Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

WHEREFORE, Plaintiff prays the following:

a.  Summons issue for Defendants to answer the foregoing Complaint;

b.  A trial by a jury of 12 on all issues triable;

c.  An award of special, general, and punitive damages against Defendants and in Plaintiff's favor;

d.  An award of all expenses and costs of litigation;

e.  An award of attorney fees; and

f.  Any other relief the Court and/or Jury find reasonable and just.

Respectfully submitted this 11th day of April, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY, ESQ.**
Georgia Bar No. 957293
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldlawfirm.com
Attorney for Plaintiff

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**4/12/2022 5:09 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____    Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

  Served, this _____ day of _____, 20_____.      _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**4/25/2022 11:29 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Fulton                         State Court

Case Number: 22EV002176

Plaintiff:
**Jaymes Caldwell**

vs.

Defendant:
**Westdale Asset Management LTD d/b/a The Alastair at Aria Village and Jacob Miller**

For:
Timothy Raimey
The Arnold Law Firm LLC

Received by Perma Investigations on the 18th day of April, 2022 at 4:48 pm to be served on **Westdale Asset Management LTD d/b/a The Alastair at Aria Village c/o CT Corporation System, 289 S Culver Street, Lawrenceville, GA 30046.**

I, Marc Perlson, being duly sworn, depose and say that on the **21st day of April, 2022** at **12:30 pm, I:**

served **Westdale Asset Management LTD d/b/a The Alastair at Aria Village c/o CT Corporation System** by delivering a true copy of the **Summons and Complaint for Damages** to: CT Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Jane Richardson as **Authorized to Accept** at the address of: **289 S Culver Street, Lawrenceville, GA 30046.**

**Additional Information pertaining to this Service:**
4/21/2022  12:30 pm  corporate service made at 289 S. Culver St., Lawrenceville, GA 30046, by serving Jane Richardson, process specialist. W female, lt. brown hair, 60-65 YO, 5'7", 190 lbs, wears glasses.

I am an agent of Perma Investigations and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and I have been appointed by this Court to serve process.

_____
**Marc Perlson**
Perma

Subscribed and Sworn to before me on this _____
day of ___April___, 20___ by _____
who is personally known to me.

_____
NOTARY PUBLIC

**Perma Investigations**
2020 Hembree Grove Drive
Roswell, GA 30076
(770) 664-8005

Our Job Serial Number: ANC-2022003806

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2l

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**5/19/2022 11:54 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JAYMES CALDWELL,                          )
                                          )       FILE NO. 22-EV-002176
      Plaintiff,                       )
                                          )
v.                                        )
                                          )
WESTDALE ASSET MANAGEMENT,                )
LTD. d/b/a THE ALASTAIR AT ARIA           )
VILLAGE, and JACOB MILLER,                )
                                          )
      Defendants.                      )
_____       )

### DEFENDANT WESTDALE ASSET MANAGEMENT, LTD's d/b/a THE ALASTAIR AT ARIA VILLAGE ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Westdale Asset Management, Ltd.'s d/b/a The Alastair at Aria Village ("Westdale"), and files its Answer and Defenses to Plaintiff's Complaint for Damages ("Complaint"), respectfully showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Westdale upon which relief can be granted.

### SECOND DEFENSE

Westdale breached no duty owed to Plaintiff.

### THIRD DEFENSE

To the extent as may be shown by the evidence through discovery, Plaintiff was not in the exercise of ordinary care for his safety, and by reason thereof, Plaintiff is not entitled to recover damages from Westdale in any sum.

## FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, while specifically denying any negligence, if Westdale was negligent, the negligence of Plaintiff equaled or exceeded any negligence of Westdale.

## FIFTH DEFENSE

While specifically denying any negligence on its part, if Westdale was negligent, any recovery by Plaintiff should be reduced proportionately in accordance with Plaintiff's negligence.

## SIXTH DEFENSE

To the extent, as may be shown by the evidence through discovery, Plaintiff, through exercise of ordinary care, could have avoided Plaintiff's alleged damages.

## SEVENTH DEFENSE

Plaintiff's alleged injuries and damages were proximately caused in whole or in part by the acts or omissions of persons other than Westdale, over whom Westdale had no control, or by the superseding intervention caused outside of Westdale's control.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, Plaintiff's claims are barred by the doctrine of assumption of the risk.

## NINTH DEFENSE

To the extent as may be shown by the evidence through discovery, Westdale asserts the doctrines of contributory negligence/comparative fault.

**TENTH DEFENSE**

Westdale submits that it committed no act or omission which caused or contributed to Plaintiff's injuries and damages. However, if Westdale is determined to be liable, any recovery by Plaintiff should be reduced by pro-rata amount attributable to the fault of any nonparties pursuant to O.C.G.A. § 51-12-33.

**ELEVENTH DEFENSE**

Westdale states that Plaintiff's alleged damages were not proximately caused by Westdale's alleged negligence.

**TWELFTH DEFENSE**

Westdale states that it was not in a superior position to Plaintiff, that Plaintiff's knowledge of the alleged danger was equal to or greater than that of Westdale, and that Westdale accordingly breached no duty owed to Plaintiff.

**THIRTEENTH DEFENSE**

Westdale states that the alleged incident occurred above and beyond the foresight of reasonably prudent persons and was caused by superseding and intervening acts, actions, and/or omissions of third persons and conditions beyond Westdale's control.  Therefore, the injuries and damages complained of by Plaintiff were not reasonably foreseeable, and Plaintiff is barred from recovery against Westdale.

**FOURTEENTH DEFENSE**

Westdale states that the criminal acts alleged in the Complaint were unforeseeable and unpreventable by Westdale.

## FIFTEENTH DEFENSE

Jacob Miller operated as an independent contractor within his role as Peace Officer for the complex, and thus Westdale is not responsible for his alleged tortious acts.

## SIXTEENTH DEFENSE

Westdale submits that it lacks the exclusivity and control over Jacob Miller to establish an employer-employee relationship. However, if Westdale is determined to be the employer of Jacob Miller, Westdale is still not liable for his alleged tortious acts. To the extent as may be shown by the evidence through discovery, the acts were outside the scope of his employment.

## SEVENTEENTH DEFENSE

Westdale submits that it lacks the exclusivity and control over Jacob Miller to establish an employer-employee relationship. However, if Westdale is determined to be the employer of Jacob Miller, Westdale is still not liable for his alleged tortious acts. To the extent as may be shown by the evidence through discovery, Miller's conduct was within the privilege of a law enforcement officer.

## EIGHTEENTH DEFENSE

Westdale submits that it lacks the exclusivity and control over Jacob Miller to establish an employer-employee relationship. However, if Westdale is determined to be the employer of Jacob Miller, Westdale is still not liable for his alleged tortious acts. To the extent as may be shown by the evidence through discovery, Miller's conduct was an act of self-defense.

## NINETEENTH DEFENSE

Westdale reserves the right to assert any additional affirmative defenses as may be disclosed during additional investigation and discovery.

Without limiting or waiving any defenses previously raised or herewith raised, Westdale answers the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Westdale is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 1 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

2.

Westdale admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Westdale denies that any tortious acts occurred.   Westdale admits the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Westdale admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Westdale is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 5 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

6.

Westdale admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Westdale admits that Jacob Miller was an independent contractor on May 5, 2021. Unless expressly admitted or otherwise stated herein, the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8.

Westdale is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 8 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

9.

Westdale is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 9 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

10.

Westdale is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 10 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

11.

Westdale denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Westdale is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 12 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

13.

Westdale is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 13 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

14.

Westdale is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 14 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

15.

Westdale is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 15 of Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

16.

Westdale denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Westdale denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Westdale denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Westdale denies liability to Plaintiff for punitive damages. Westdale is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint as it pertains to Defendant Jacob Miller and, therefore, can neither admit nor deny the same.

All other allegations in Plaintiff's Complaint not previously responded to are hereby denied, including all allegations contained in the unnumbered paragraph beginning with "WHEREFORE." Westdale denies that Plaintiff is entitled to any relief or recovery from it whatsoever.

WHEREFORE, Westdale prays for relief and judgment against Plaintiff as follows:

(a)     That Plaintiff takes nothing by reason of the Complaint;

(b)     That this action be dismissed with prejudice;

(c)     That Westdale recover its costs and attorneys' fees incurred in the defense of this action;

(d)     That Westdale has a trial by jury on all issues so triable; and

(e)     Such further and other relief as this Court deems just and proper.


Respectfully submitted, this 19th day of May, 2022.

> **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**
>
> By: */s/ Jackson A. Dial*
> Jackson A. Dial
> Georgia Bar No. 155955
> 3344 Peachtree Road NE, Suite 2400
> Atlanta, Georgia 30326
> (404) 876-2700
> (404) 875-9433 [facsimile]
> jdial@wwhgd.com
> *Attorneys for Defendant Westdale Management, Ltd. d/b/a The Alastair at Aria Village*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing document was filed via Odyssey eFileGA, which will automatically send an e-mail notification of such filing to all counsel of record, as follows:

Timothy A. Raimey
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldfirm.com

This 19th day of May, 2022.

By:    /s/ Jackson A. Dial
        Jackson A. Dial
        Georgia Bar No. 155955

9

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**5/23/2022 4:12 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| JAYMES CALDWELL | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **CAFN: 22-EV-002176** |
| | ) |
| WESTDALE ASSET MANAGEMENT, LTD. | ) |
| d/b/a THE ALASTAIR AT ARIA VILLAGE, | ) |
| and JACOB MILLER, | ) |
| | ) |
| **Defendants.** | ) |

## <u>NOTICE OF SERVICE OF DISCOVERY MATERIAL</u>

Pursuant to Uniform State Court Rule 5.2 and O.C.G.A. § 9-11-5(b), this will certify I have this day served true and correct copies of the following upon all persons identified in the attached Certificate of Service:

1. Plaintiff's First Interrogatories to Westdale Asset Management, LTD d/b/a The Alastair at Aria Village; and

2. Plaintiff's First Request for Production of Documents to Westdale Asset Management, LTD d/b/a The Alastair at Aria Village.

Respectfully submitted this 23rd day of May, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

## CERTIFICATE OF SERVICE

I certify that this date I have served an accurate copy of the foregoing upon the following

addressee via STATUTORY ELECTRONIC SERVICE  and United States Mail as follows:

**JACKSON A. DIAL**
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
jdial@wwhgd.com

Respectfully submitted this 23rd day of May, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

State Court of Fulton County
**E-FILED**
22EV002176
5/23/2022 4:41 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| JAYMES CALDWELL | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    **CAFN: 22-EV-002176** |
| | ) |
| WESTDALE ASSET MANAGEMENT, LTD. | ) |
| d/b/a THE ALASTAIR AT ARIA VILLAGE, | ) |
| and JACOB MILLER, | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WESTDALE ASSET MANAGEMENT, LTD d/b/a THE ALASTAIR AT ARIA VILLAGE

**JAYMES CALDWELL**, Plaintiff in the above-captioned case hereby serves upon Defendant, **WESTDALE ASSET MANAGEMENT, LTD d/b/a THE ALASTAIR AT ARIA VILLAGE ("Westdale")**, this First Request for Production of Documents.

You are hereby notified to produce, pursuant to O.C.G.A. § 24-10-26, at the time of any deposition, at any interlocutory hearing or motion hearing, and at the final trial of this case, the documents and records listed below, for use by Plaintiff as evidence.

Plaintiffs in the above-captioned case hereby requests Defendant produce and permit Plaintiff, or someone acting on his behalf, to inspect and copy of the following designated documents (including writings, drawings, graphs, charts, photographs and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably usable form) to inspect and copy, test or sample any of the

following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

You are further hereby notified to produce, pursuant to O.C.G.A. § 9-11-34, the following documents and records for inspection and copying, at the office of The Arnold Law Firm, 6640 Old Hillandale Drive, Stonecrest, Georgia, 30058 on the 30TH day following service of this First Request for Production of Documents to Defendant.

This First Request for Production of Documents is continuing in nature until the final resolution of the above-styled matter.

## <u>DEFINITIONS</u>

For purposes of this document request, the following definitions apply:

(a)     The terms "Westdale", "Defendant", "you" or "your" shall refer to **WESTDALE ASSET MANAGEMENT, LTD d/b/a THE ALASTAIR AT ARIA VILLAGE** and all agents, attorneys, servants, assigns, representatives, accountants, and all other persons acting or purporting to act on behalf of **WESTDALE ASSET MANAGEMENT, LTD d/b/a THE ALASTAIR AT ARIA VILLAGE**.

(b)     The term "Plaintiff" shall refer to **JAYMES CALDWELL**.

(c)     The term "Subject Location" shall include the apartment complex known as "The Alastair at Aria Village" and approaches of same, with a common address of 6500 Aria Boulevard, Sandy Springs, Georgia 30328.

(d)      "Document" or "documents" is used in the broad and liberal sense and means all written, typed, printed, recorded or graphic matter, however produced or reproduced, of any kind and description, and whether an original, master, duplicate or copy, including but not limited to paper, notes, accounts, books, advertisements, catalogs, manuals, publications, correspondence, cablegrams, mailgrams, telegrams, memoranda, letters, documents, communications (including interoffice and intraoffice communications), reports, studies, analyses, pamphlets, calculations, projections, contracts, charts, plans, specifications, drawings, sketches, surveys, plats, agreements, working papers, corporate records, minutes of Board of Directors or committee meetings, books of account, ledger books, note books, vouchers, bank checks, cashier's checks, receipts, invoices, desk calendars, appointment books, diaries, diary entries and notes, minutes, transcriptions of telephone conversations or other negotiations, meetings or conferences or similar to any of the foregoing and all other papers, writings or physical things containing information, including preliminary drafts of or marginal notes appearing on any document, however denominated or described by the party to whom the particular request for production is directed.  The answers to requests for production concerning documents should also include information as to whether the document is an original or a copy thereof.

(e)      If any document(s) requested is not produced but is withheld on a claim of privilege, identify each such document by providing the date of its preparation, the name of the persons preparing and receiving it and the identity to each person to whom disclosure of the document was made; for each document withheld, state the paragraph which calls for its production and the nature of the claim of the privilege.

NOTE A:      Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to

the inspection or other means of producing said documents or things herein requested, this request shall be deemed to be continuing in nature.

NOTE B:       As an alternative to producing the documents or other evidence of writing herein designated at the time, date and place above specified, you may provide true and correct copies of such documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within forty-five (45) days following receipt of this request.

## DOCUMENTS REQUESTED

1.

Please produce any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

2.

Please produce copies of any and all statements made by Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical or other type of recording or any transcription thereof made by Plaintiff and contemporaneously recorded.

3.

Please produce a copy of any contract you have or have had for service, security, management, or operations regarding the Subject Location beginning in the year 2020 through 2021.

4.

Please produce a copy of any incident reports, investigation reports, action reports, police reports, or documents relating in any way to violent incidents at the Subject Location from the date Defendant acquired an interest in the Subject Location until the present. "Violent incidents" shall include, but not be limited to, incidents of any crime against persons, including but not limited to, assault, aggravated assault, rape, sexual assault, robbery, armed robbery, murder.

5.

Please produce a copy of each photograph, video, plat, chart, sketch, transparency and/or drawing which depict the Subject Location on or around May 5, 2021, specifically include the location where the incident giving rise to the Plaintiff's Complaint occurred, the persons involved in the incident giving rise to the Plaintiff's Complaint, whether or not a party to this action, or any other object or thing relative to the incident referred to in the Complaint in this action.

6.

Please produce copies of any complaints received by Defendant regarding Jacob Miller.

7.

Please produce a copy of Jacob Miller's employee or independent contractor personnel file.

8.

Please produce a copy of any surveillance videos or photographs which have been made of Plaintiff's following the incident described in Plaintiffs' Complaint.

9.

Please produce a copy of all of Plaintiff's medical records and medical bills in your possession, including those which you intend to use as evidence or for impeachment purposes.

10.

Please produce a copy of each report, whether written or otherwise recorded, made by any expert who has been retained or otherwise employed by you in anticipation of litigation or preparation for trial in this action.

11.

Please produce a copy of any and all documents received by you in response to non-party requests for documents sent for this lawsuit.

12.

Please produce a copy of each insurance policy or agreement which would cover your liability in this case, along with a copy of the Declarations Page for each policy showing the nature and extent of the coverage with regard to each policy, including commercial liability, umbrella policies or any other policies.

13.

Please produce any and all documentary or tangible evidence which you either expect to use or may use as evidence at the trial of this case.

14.

Please produce any and all documents you have to support the defenses raised and asserted in your answer to Plaintiff's Complaint.

15.

Please produce each and every document not previously requested which is referenced in or supports your answer to Plaintiff's Complaint or is responsive to Plaintiff's First Continuing Interrogatories.

16.

Please produce any document showing communication between Jacob Miller and Westdale.

17.

Please produce any contract for services between Jacob Miller and Westdale.

18.

Please produce a privilege log for any documents responsive to these Requests that are withheld because of claim of privilege under the Georgia Civil Practice Act, include in the log a brief statement of the contents of the document, your claim for privilege, and the location and custodian of the document(s).

Respectfully submitted this 23rd day of May, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

## CERTIFICATE OF SERVICE

I certify that this date I have served an accurate copy of the foregoing upon the following

addressee via STATUTORY ELECTRONIC SERVICE  and United States Mail as follows:

**JACKSON A. DIAL**
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
jdial@wwhgd.com

Respectfully submitted this 23rd day of May, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**5/24/2022 9:38 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| **JAYMES CALDWELL** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CAFN: 22-EV-002176** |
| | ) |
| **WESTDALE ASSET MANAGEMENT, LTD.** | ) |
| **d/b/a THE ALASTAIR AT ARIA VILLAGE,** | ) |
| **and JACOB MILLER,** | ) |
| | ) |
|     **Defendants.** | ) |

### PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO WESTDALE ASSET MANAGEMENT, LTD d/b/a THE ALASTAIR AT ARIA VILLAGE

**JAYMES CALDWELL**, Plaintiff, pursuant to O.C.G.A. § 9-11-26 and O.C.G.A. § 9-11-33, requests that **WESTDALE ASSET MANAGEMENT, LTD d/b/a THE ALASTAIR AT ARIA VILLAGE ("WESTDALE"),** answer under oath the following Interrogatories within the time provided by law, and that a copy of the answers be furnished to attorneys for Plaintiff at the offices of The Arnold Law Firm, 6640 Old Hillandale Drive, Stonecrest, Georgia, 30058.

### INSTRUCTIONS

These Interrogatories shall be deemed continuing pursuant to O.C.G.A. § 9-11-26(e) so as to require supplemental answers if Defendant or Defendant's attorneys or agents, directly or indirectly, obtain further information sought herein between the time the answers are served and the time of trial.

## **DEFINITIONS**

**Documents**: The word "documents" includes, without limitation, correspondence, memoranda, letters, minutes, reports, notes, computer generated data, written messages, telegrams, telephone messages, e-mails, text messages, written summaries of telephone calls, calendar and diary entries and any other written record or paper writing in any manner related to the subject of the Interrogatory.

**Defendant**: The word "Defendant" or "Westdale" is deemed to include **WESTDALE ASSET MANAGEMENT, LTD d/b/a THE ALASTAIR AT ARIA VILLAGE** and any and all other nicknames, designations or aliases for or referable thereto and all agents, servants, representatives, investigators, or others who may have obtained information for or on behalf of **WESTDALE ASSET MANAGEMENT, LTD d/b/a THE ALASTAIR AT ARIA VILLAGE**.

**Subject Location**: The word "Subject Location" shall include the apartment complex known as "The Alastair at Aria Village" and approaches of same, with a common address of 6500 Aria Boulevard, Sandy Springs, Georgia 30328.

**Location**: A request for the location of documents is deemed to constitute a request for the present address where the documents are kept if known, and if not known, the last address known to Defendant and all information available to Defendant as to the disposition of the requested documents.

**Person:** A request that a person be identified constitutes a request for the person's name, present home and business addresses and telephone numbers, if known, and if not known, the person's last known business and residence address and telephone numbers. "Person" means any natural person, firm or corporation, partnership, joint venture, or other form of business entity.

**You**: The term "you" or "your" or any synonyms thereof are intended to and shall embrace and include Defendant and any and all other nicknames, designations or aliases for or referable thereto and all agents, servants, representatives, investigators, or others who may have obtained information for or on behalf of the Defendant.

## **INTERROGATORIES**

1.

Please state the full name of the person answering these Interrogatories (including all names by which you have ever been known), you position within Defendant corporation, your current address, and your telephone number.

2.

Please state what property or business interest(s) Defendant has in any regard to the Subject Location and the date Defendant acquired such interest(s).

3.

Please state the full name, address, telephone number, occupation or job title, employer, and present whereabouts of each person who may have some knowledge of any fact or circumstance upon which you base any of your defenses as to liability or damages in this case.

4.

Please specifically state how you believe the incident giving rise to Plaintiff's Complaint occurred, and identify all acts and omissions of Plaintiff which you contend caused or contributed to Plaintiff's injuries and damages.

5.

Please fully describe each and every document or any other tangible evidence which you contend supports your defenses or allegations against Plaintiff stating as to each item, the nature, form, and subject matter or contents.

6.

If Defendant has ever been a party to a lawsuit other than in the present civil action, please state the parties to the lawsuit(s) or claim(s), the case number and court or agency, and the nature of the claim(s).

7.

Please identify any videos, photographs, maps, models, drawings or other diagrams depicting the incident complained of in this action, the scene, Plaintiff, witnesses, and/or any injuries sustained by Plaintiff as a result of this incident. Please state the subject matter of which it purports to contain or depict, the name and address of the photographer or maker, the date it was taken or made and the name and address of the person who has possession of each such item.

8.

If you or any agent of yours had any conversations with Plaintiff or any representative of Plaintiff after the incident giving rise to this suit, please state the contents of such conversations and the location and date of all such conversations.

9.

Please identify any and all statements taken in connection with this subject incident. Please provide the name of the person whose statement was taken, the date the statement was taken,

address and telephone number of the person whose statement was taken, name of the person taking the statement and location where the statement was taken.

## 10.

Please state the name, address, business, telephone number, job title, occupation or profession, qualifications, area of expertise, and present whereabouts of each person whom you expect to testify at trial as an expert witness and as to each such person listed, state the field in which he or she is an expert, the subject matter in which the expert is expected to testify and the substance of facts and opinions which the expert is expected to give with the summary of the grounds of each such opinion.

## 11.

Please identify any and all witnesses indicating for each such witness, his or her full name, complete address, and telephone number, and information as to the subject matter about which this witness is expected to testify.

## 12.

Please state the names, addresses, telephone numbers, places of employment, job titles or capacities and present whereabouts of all agents, servants, employees, representatives, private investigators or others who made any investigation of the occurrence complained of in this case on Defendant's behalf.

## 13.

Please identify any documents referenced in preparing your responses to these Interrogatories.

14.

Please identify all documents not listed in response to any other interrogatory which were referenced, identified, or relied upon in filing your Answer or that supports any of your defenses.

15.

Please state the date, time, and if applicable, the police report number for any violent incident known to Defendant that occurred at the Subject Location during the entire time Defendant has owned, managed, leased, or has any property interest identified in response to these Interrogatories. Violent incidents shall include any crime against persons, including but not limited to, assault, aggravated assault, rape, sexual assault, robbery, armed robbery, murder.

16.

State whether there are written internal incident reports prepared by Defendant or Defendant's contractors when Defendant is made aware of any violent incidents as identified in Defendant's response to these Interrogatories.  If so, state the name of the document and the employee or person responsible for maintaining the reports, and state the date each such incident report was created and the author of the incident report.

17.

State the name of each person or entity Defendant has had, or currently has a contract with for services of management, security, maintenance of security measures (video cameras, recording devices, outdoor lighting, fencing and entry or exit control), or operations of the Subject Premises.

18.

Do you allege there are any persons or entities not named in this action that are needed for just adjudication as described in O.C.G.A. §9-11-19? If so, please state the name of the necessary party and reason they should be joined in this action.

19.

State the name, address and telephone number of the security officer, security company or employee providing security for the Subject Location for the year 2021.

20.

State Westdale's business relationship with Defendant Jacob Miller, including whether Jacob Miller was an employee or independent contractor, the date the business relationship with Jacob Miller began and ended, and Jacob Miller's duties at the Subject Location.

Respectfully submitted this 23rd day of May, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

## CERTIFICATE OF SERVICE

I certify that this date I have served an accurate copy of the foregoing upon the following addressee via STATUTORY ELECTRONIC SERVICE  and United States Mail as follows:

**JACKSON A. DIAL**
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
jdial@wwhgd.com

Respectfully submitted this 23rd day of May, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**5/26/2022 10:59 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAYMES CALDWELL, | ) | |
| | ) | FILE NO. 22-EV-002176 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTDALE ASSET MANAGEMENT, | ) | |
| LTD. d/b/a THE ALASTAIR AT ARIA | ) | |
| VILLAGE, and JACOB MILLER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify that counsel for Defendant Westdale Asset Management, Ltd. d/b/a The Alastair at Aria Village has this date served the following documents upon opposing counsel of record via electronic mail to the parties on the attached Certificate of Service:

1) *Defendant's First Interrogatories to Plaintiff Jaymes Caldwell*; and

2) *Defendant's First Request for Production of Documents to Plaintiff Jaymes Caldwell*.

Respectfully submitted, this 26th day of May, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

By: */s/ Jackson A. Dial*
Jackson A. Dial
Georgia Bar No. 155955
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
(404) 875-9433 [facsimile]
jdial@wwhgd.com
*Attorneys for Defendant Westdale*
*Management, Ltd. d/b/a The Alastair at*
*Aria Village*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that the foregoing document was filed via Odyssey eFileGA, which will automatically send an e-mail notification of such filing to all counsel of record, as follows:

Timothy A. Raimey
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldfirm.com

This 26th day of May, 2022.


By:     _/s/  Jackson A. Dial_____
Jackson A. Dial
Georgia Bar No. 155955

2

State Court of Fulton County
**E-FILED**
22EV002176
6/2/2022 12:15 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

_____,  )
                                      )
        Plaintiff(s),        )
                                       )   CIVIL ACTION FILE
v.                              )   NO. ____EV_____D
                                       )
_____,  )
                                       )
        Defendant(s).    )

## CASE MANAGEMENT ORDER

       Pursuant to Judge Edlein's Standing Order in E-File Cases, the parties conducted an early planning conference on _____, with the following counsel (and/or pro se parties) in attendance:[1]

| **Party** | **Counsel (name and email address)** |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Parties not in attendance: _____

       The parties having conferred in an effort to settle the case, discuss discovery, limit issues, and discuss other matters addressed by this Case Management Order ("CMO") and pursuant to the Supreme Court of Georgia's Orders Declaring and Extending Statewide Judicial Emergency[2],

---

[1] Please also provide those parties (with answers on file) who failed to attend the early planning conference.

**IT IS HEREBY ORDERED** that:

- **DISCOVERY** (including, but not limited to, written discovery, depositions, and any expert discovery) commenced on _____ pursuant to USCR 5.1 and shall close on _____ (**on or after the below** date rebuttal experts' depositions must be completed).

  **The parties are directed to work together to schedule depositions virtually, if appropriate, and any in-person discovery, such as depositions and inspections.**

  **Guideline**: Personal Injury – 6 months; Complex Personal Injury (including Wrongful Death) – 12 months; Medical Malpractice – 12 months; Complex Medical Malpractice (including Wrongful Death) – 18 months; Contract – 6 months; Complex Contract – 12 months; Other – 6 months (12 months if Complex)

  Basis for any departure from the guideline or for "complex" designation:[3]
  _____
  _____
  _____
  _____.

- **EXPERT DISCOVERY** (if applicable): **All expert discovery must be completed by the above discovery deadline.** The plaintiff(s) shall identify experts that are expected to testify at trial no later than _____. Discovery depositions of all experts identified by the plaintiff(s) shall be completed no later than _____. The defendant(s) shall identify experts that are expected to testify at trial no later than _____. Discovery depositions of all experts identified by the defendant(s) shall be completed no later than _____. The parties shall disclose any rebuttal experts within 45 days of the conclusion of the deposition of the expert to be rebutted, but no later than _____, and shall make any rebuttal experts available for deposition no later than _____.

- **MEDIATION** shall be completed no later than _____ (15 days after the close of discovery). Mediation may be conducted: (1) virtually; (2) in-person, ensuring compliance with social distancing guidelines; or (3) a combination of in-person and virtual presence.

---

[2] Supreme Court of Georgia, Court Information Regarding the Coronavirus, https://www.gasupreme.us/ (accessed November 30, 2020).

[3] Complex cases involve large number of parties, large number of claims and defenses, highly technical and exceptionally complex issues and proof, multiple experts, greater than normal amount of documents and evidence (including electronically-stored information), problems locating and preserving documents and evidence (including electronically-stored information), and extensive discovery outside the State of Georgia.

2

In all cases, all parties shall appear in such a way that everyone can be heard and seen to participate in this mediation to make a good faith effort to resolve the issues involved in this case.  In the event that the named parties and counsel do not have full settlement authority, those entities who do have authority shall attend the mediation along with parties and counsel.

The parties shall contact the Office of Alternative Dispute Resolution (ADR) of the Fulton County Courts at (404) 612-4549, or select a mutually agreed upon private mediator, and arrange for mediation to take place prior to the deadline set forth above. Alternatively, the parties may request a referral to a Judicially-Hosted Settlement Conference.  Such request shall be directed to the Court's Staff Attorney no later than ninety (90) days prior to the mediation deadline set by the CMO and shall set forth the reasons for the request.

- **DISPOSITIVE** and/or **RULE 702 MOTIONS** shall be filed no later than thirty (30) days after the close of discovery.  Prior to filing any Rule 702 motion, the parties shall meet and confer in a good faith effort to resolve the evidentiary issue(s).

- **TRIAL BY JURY** shall be set by placement on the Court's Civil Jury Trial calendar approximately sixty (60) days after the close of discovery (if no motions pending) or on the next civil trial calendar after the Court's order on any dispositive and/or Rule 702 motions.  To request a special setting, the parties **shall** contact the Court's Staff Attorney, Lisa Liang, via email lisa.liang@fultoncountyga.gov and state the basis for the request no later than the close of discovery.

   **The Supreme Court of Georgia's Twelfth Order Extending Declaration of Statewide Judicial Emergency ended the blanket suspension of grand jury and jury trials. It is unknown when jury trials in Fulton County will regularly resume, particularly in civil cases such as this.  The Court encourages the parties to try to resolve this matter without the need for a trial.  If the parties agree, the Court is available to try this case as a bench trial.**

   **IT IS FURTHER ORDERED** that the following **PRACTICES** and **PROCEDURES**

govern this litigation:

- **DISCOVERY DISPUTES** – in addition to the obligations set forth by USCR 6.4(B), the parties shall meet and confer – (1) virtually or telephonically; (2) in-person, ensuring compliance with social distancing guidelines; or (3) a combination of in-person and virtual or telephonic presence -- in a good faith effort to resolve any discovery disputes and, in the event the parties are unable to resolve the disputes, contact Ms. Liang to request a telephonic hearing with the Court, prior to filing any discovery motion.  The Court will schedule a telephonic or virtual hearing, if appropriate, or instruct the parties to brief the matter.

- **WITNESSES** – the parties shall supplement the identification of witnesses (except for purposes of impeachment), in response to any applicable discovery request, no later than

fifteen (15) days after the close of discovery.  Failure to do so, absent extraordinary circumstances, will result in the exclusion of the unidentified or late-identified witness.

- **COMMUNICATION WITH THE COURT** – the parties may contact Ms. Liang to inquire regarding any procedural issue (scheduling, case status, Court requirements, etc.) and/or to arrange a status conference or hearing.  Email correspondence, ensuring all parties are copied to the email, is highly preferred.  Unless instructed by the Court, the parties shall not submit letter briefs (including substantive emails addressing the merits) or "carbon copy" the Court on correspondence between the parties and addressing the merits.

- **MOTIONS AND RESPONSES** – pursuant to Uniform Superior Court Rule 6.1, when an attorney or party e-files a motion or any response, the attorney or party shall notify the opposing parties and Ms. Liang (lisa.liang@fultoncountyga.gov) by e-mail of the motion or response contemporaneously but no later than 24 hours after e-filing.

- **PROPOSED ORDERS and COURTESY COPIES** – the parties shall e-file proposed orders and any courtesy copies of proposed orders (if requested) shall be emailed to Ms. Liang in Word format.  The parties are discouraged from submitting courtesy copies of briefs to the Court, unless specifically requested.  The parties, however, may contact Ms. Liang regarding any consent/joint filings or other filings necessitating prompt action by the Court.

- **ORIGINAL DEPOSITION TRANSCRIPTS** – the parties shall e-file scanned copies in lieu of original deposition transcripts and retain original deposition transcripts until specifically requested by the Court or trial.

- **JUDICIAL EMERGENCY/COVID:** In the event the Statewide Judicial Emergency and/or the Atlanta Judicial Circuit's Judicial Emergency are extended and/or COVID-19 related issues arise – including any public health concerns and known individual health, economic, or other concerns regarding the litigants, lawyers, witnesses, or other persons who may be involved in the case – that prevent the parties from complying with this Case Management Order, the parties shall contact Ms. Liang, by email, to raise any scheduling issues or request a status conference.  The parties shall be prepared to submit a proposed Amended Case Management Order after consideration of all related issues.

**Failure to comply with this Order or to contact Ms. Liang concerning the deadlines imposed in this Order <u>prior</u> to the expiration of the deadlines, may result in sanctions, including striking of pleadings, imposition of attorneys' fees, and exclusion of witnesses and evidence.  Except for <u>good</u> cause shown and by Order of this Court, the deadlines set forth herein shall not be amended.**

Lawyers are reminded of their obligations of professionalism.  The Court is sensitive to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others. We shall all offer our colleagues in the practice of law concern for one another's welfare and keep our business a profession and a calling in the spirit of public service.

This _____ day of _____, 2021.


_____
Susan E. Edlein
Chief Judge, State Court of Fulton County

Submitted by:

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**6/2/2022 12:15 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

## JUDGE EDLEIN'S STANDING ORDER IN E-FILE CASES

Having found that the interests of the parties and the orderly management of the Court's business would be served by setting a schedule for this litigation and by stating the practices and procedures of this Court,

**IT IS HEREBY ORDERED** that, unless specifically exempted, counsel for all parties confer, in person or by telephone, in an effort to settle the case, discuss discovery, limit issues, and discuss other matters addressed by the Case Management Order ("CMO"). This early planning conference shall be held ***no later than thirty (30) days after the appearance of a defendant by answer***. Counsel for the plaintiff(s) shall ensure that this early planning conference is timely scheduled and completed.

**IT IS FURTHER ORDERED** that, unless specifically exempted or unless the case is successfully resolved during the early planning conference, the parties are required to complete and e-file a proposed CMO for the Court's review ***no later than forty-five (45) days after the appearance of a defendant by answer***. The proposed CMO shall be consolidated and e-filed by counsel for the plaintiff(s); a Microsoft Word version of the CMO may be requested from the Court's Judicial Assistant, Kimberley Davis, via email to Kimberley.Davis@fultoncountyga.gov. The consolidated CMO must be e-filed with the Court. Information about efiling and the State Court E-File Standing Order can be found at http://fultonstate.org/

If a party fails or refuses to participate in the early planning conference and/or completion of the proposed CMO, counsel for the plaintiff(s) shall so indicate when e-filing the proposed CMO. If the parties fail to reach agreement on portions of the proposed CMO, each party's proposal shall be included in the proposed CMO with a notation in **bold** that the parties failed to reach agreement on that particular portion.

A party's failure to comply with the terms of this Standing Order may result in sanctions, including but not limited to dismissal of the complaint or striking of the answer, as appropriate.

**SO ORDERED** this 1st day of December, 2020.

_Susan E. Edlein_
_____
Susan E. Edlein
Judge, State Court of Fulton County

State Court of Fulton County
**E-FILED**
22EV002176
6/13/2022 2:15 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

Jaymes Caldwell                      )
                                     )
         Plaintiff(s),               )
                                     )   CIVIL ACTION FILE
v.                                   )   NO. 22 EV 002176   D
Westdale Asset Mgmt. Ltd             )
and Jacob miller                ,    )
                                     )
         Defendant(s).               )

## CASE MANAGEMENT ORDER

Pursuant to Judge Edlein's Standing Order in E-File Cases, the parties conducted an early

planning conference on _June 6, 2022_ , with the following counsel (and/or pro se

parties) in attendance:[1]

| **Party** | **Counsel (name and email address)** |
| --- | --- |
| Jaymes Caldwell | TJ Raimey  tj@thearnoldlawfirm.com |
| Westdale Asset Mgmt. Ltd | Jackson Dial  jdial@wwngd.com |
|  |  |
|  |  |
|  |  |

Parties not in attendance: ___Jacob Miller_____

The parties having conferred in an effort to settle the case, discuss discovery, limit issues,

and discuss other matters addressed by this Case Management Order ("CMO") and pursuant to

the Supreme Court of Georgia's Orders Declaring and Extending Statewide Judicial Emergency[2],

---

[1] Please also provide those parties (with answers on file) who failed to attend the early planning
conference.

1

**IT IS HEREBY ORDERED** that:

- **DISCOVERY** (including, but not limited to, written discovery, depositions, and any expert discovery) commenced on May 26, 2022 pursuant to USCR 5.1 and shall close on Jan. 13, 2023 (**on or after the below** date rebuttal experts' depositions must be completed).

  **The parties are directed to work together to schedule depositions virtually, if appropriate, and any in-person discovery, such as depositions and inspections.**

  **Guideline**: Personal Injury – 6 months; Complex Personal Injury (including Wrongful Death) – 12 months; Medical Malpractice – 12 months; Complex Medical Malpractice (including Wrongful Death) – 18 months; Contract – 6 months; Complex Contract – 12 months; Other – 6 months (12 months if Complex)

  Basis for any departure from the guideline or for "complex" designation:[3]
  Two week extension for Holiday Season

- **EXPERT DISCOVERY** (if applicable):  **All expert discovery must be completed by the above discovery deadline.** The plaintiff(s) shall identify experts that are expected to testify at trial no later than Aug. 6, 2022. Discovery depositions of all experts identified by the plaintiff(s) shall be completed no later than Sep. 6, 2022. The defendant(s) shall identify experts that are expected to testify at trial no later than Oct. 6, 2022. Discovery depositions of all experts identified by the defendant(s) shall be completed no later than Nov. 6, 2022. The parties shall disclose any rebuttal experts within 45 days of the conclusion of the deposition of the expert to be rebutted, but no later than Dec. 6, 2022, and shall make any rebuttal experts available for deposition no later than Jan 6, 2022.

- **MEDIATION** shall be completed no later than Feb. 15, 2023 (15 days after the close of discovery). Mediation may be conducted: (1) virtually; (2) in-person, ensuring compliance with social distancing guidelines; or (3) a combination of in-person and virtual presence.

---

[2] Supreme Court of Georgia, Court Information Regarding the Coronavirus, https://www.gasupreme.us/ (accessed November 30, 2020).

[3] Complex cases involve large number of parties, large number of claims and defenses, highly technical and exceptionally complex issues and proof, multiple experts, greater than normal amount of documents and evidence (including electronically-stored information), problems locating and preserving documents and evidence (including electronically-stored information), and extensive discovery outside the State of Georgia.

In all cases, all parties shall appear in such a way that everyone can be heard and seen to participate in this mediation to make a good faith effort to resolve the issues involved in this case. In the event that the named parties and counsel do not have full settlement authority, those entities who do have authority shall attend the mediation along with parties and counsel.

The parties shall contact the Office of Alternative Dispute Resolution (ADR) of the Fulton County Courts at (404) 612-4549, or select a mutually agreed upon private mediator, and arrange for mediation to take place prior to the deadline set forth above. Alternatively, the parties may request a referral to a Judicially-Hosted Settlement Conference. Such request shall be directed to the Court's Staff Attorney no later than ninety (90) days prior to the mediation deadline set by the CMO and shall set forth the reasons for the request.

- **DISPOSITIVE** and/or **RULE 702 MOTIONS** shall be filed no later than thirty (30) days after the close of discovery. Prior to filing any Rule 702 motion, the parties shall meet and confer in a good faith effort to resolve the evidentiary issue(s).

- **TRIAL BY JURY** shall be set by placement on the Court's Civil Jury Trial calendar approximately sixty (60) days after the close of discovery (if no motions pending) or on the next civil trial calendar after the Court's order on any dispositive and/or Rule 702 motions. To request a special setting, the parties **shall** contact the Court's Staff Attorney, Lisa Liang, via email lisa.liang@fultoncountyga.gov and state the basis for the request no later than the close of discovery.

   **The Supreme Court of Georgia's Twelfth Order Extending Declaration of Statewide Judicial Emergency ended the blanket suspension of grand jury and jury trials. It is unknown when jury trials in Fulton County will regularly resume, particularly in civil cases such as this. The Court encourages the parties to try to resolve this matter without the need for a trial. If the parties agree, the Court is available to try this case as a bench trial.**

   **IT IS FURTHER ORDERED** that the following **PRACTICES** and **PROCEDURES**

govern this litigation:

- **DISCOVERY DISPUTES** – in addition to the obligations set forth by USCR 6.4(B), the parties shall meet and confer – (1) virtually or telephonically; (2) in-person, ensuring compliance with social distancing guidelines; or (3) a combination of in-person and virtual or telephonic presence -- in a good faith effort to resolve any discovery disputes and, in the event the parties are unable to resolve the disputes, contact Ms. Liang to request a telephonic hearing with the Court, prior to filing any discovery motion. The Court will schedule a telephonic or virtual hearing, if appropriate, or instruct the parties to brief the matter.

- **WITNESSES** – the parties shall supplement the identification of witnesses (except for purposes of impeachment), in response to any applicable discovery request, no later than

fifteen (15) days after the close of discovery. Failure to do so, absent extraordinary circumstances, will result in the exclusion of the unidentified or late-identified witness.

- **COMMUNICATION WITH THE COURT** – the parties may contact Ms. Liang to inquire regarding any procedural issue (scheduling, case status, Court requirements, etc.) and/or to arrange a status conference or hearing. Email correspondence, ensuring all parties are copied to the email, is highly preferred. Unless instructed by the Court, the parties shall not submit letter briefs (including substantive emails addressing the merits) or "carbon copy" the Court on correspondence between the parties and addressing the merits.

- **MOTIONS AND RESPONSES** – pursuant to Uniform Superior Court Rule 6.1, when an attorney or party e-files a motion or any response, the attorney or party shall notify the opposing parties and Ms. Liang (lisa.liang@fultoncountyga.gov) by e-mail of the motion or response contemporaneously but no later than 24 hours after e-filing.

- **PROPOSED ORDERS and COURTESY COPIES** – the parties shall e-file proposed orders and any courtesy copies of proposed orders (if requested) shall be emailed to Ms. Liang in Word format. The parties are discouraged from submitting courtesy copies of briefs to the Court, unless specifically requested. The parties, however, may contact Ms. Liang regarding any consent/joint filings or other filings necessitating prompt action by the Court.

- **ORIGINAL DEPOSITION TRANSCRIPTS** – the parties shall e-file scanned copies in lieu of original deposition transcripts and retain original deposition transcripts until specifically requested by the Court or trial.

- **JUDICIAL EMERGENCY/COVID:** In the event the Statewide Judicial Emergency and/or the Atlanta Judicial Circuit's Judicial Emergency are extended and/or COVID-19 related issues arise – including any public health concerns and known individual health, economic, or other concerns regarding the litigants, lawyers, witnesses, or other persons who may be involved in the case – that prevent the parties from complying with this Case Management Order, the parties shall contact Ms. Liang, by email, to raise any scheduling issues or request a status conference. The parties shall be prepared to submit a proposed Amended Case Management Order after consideration of all related issues.

**Failure to comply with this Order or to contact Ms. Liang concerning the deadlines imposed in this Order _prior_ to the expiration of the deadlines, may result in sanctions, including striking of pleadings, imposition of attorneys' fees, and exclusion of witnesses and evidence. Except for _good_ cause shown and by Order of this Court, the deadlines set forth herein shall not be amended.**

Lawyers are reminded of their obligations of professionalism. The Court is sensitive to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others. We shall all offer our colleagues in the practice of law concern for one another's welfare and keep our business a profession and a calling in the spirit of public service.

This _____ day of _____, 2021.

_____
Susan E. Edlein
Chief Judge, State Court of Fulton County

Submitted by:

Timothy A. Raimey
Attorney for Plaintiff

Jackson Dial
Attorney for Westdale Asset Mgmt., LTd.

5

**GRANTED**

State Court of Fulton County
**E-FILED**
22EV001716
6/15/2022 12:17 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

Jaymes Caldwell,                )
                                )
            Plaintiff(s),        )
                                )   CIVIL ACTION FILE
v.                              )   NO. 22 EV 001716   D
Westdale Asset Mgmt. Ltd        )
and Jacob miller,               )
                                )
            Defendant(s).        )

### CASE MANAGEMENT ORDER

Pursuant to Judge Edlein's Standing Order in E-File Cases, the parties conducted an early

planning conference on June 6, 2022, with the following counsel (and/or pro se

parties) in attendance:[1]

| Party | Counsel (name and email address) |
|---|---|
| Jaymes Caldwell | TJ Raimey  tj@thearnoldlawfirm.com |
| Westdale Asset Mgmt. Ltd | Jackson Dial  jdial@wwngd.com |
|  |  |
|  |  |
|  |  |

Parties not in attendance:  Jacob Miller

The parties having conferred in an effort to settle the case, discuss discovery, limit issues,

and discuss other matters addressed by this Case Management Order ("CMO") and pursuant to

the Supreme Court of Georgia's Orders Declaring and Extending Statewide Judicial Emergency[2],

---

[1] Please also provide those parties (with answers on file) who failed to attend the early planning
conference.

1

# GRANTED

**IT IS HEREBY ORDERED** that:

- **DISCOVERY** (including, but not limited to, written discovery, depositions, and any expert discovery) commenced on _May 26, 2022_ pursuant to USCR 5.1 and shall close on _Jan. 13, 2023_ (**on or after the below** date rebuttal experts' depositions must be completed).

  **The parties are directed to work together to schedule depositions virtually, if appropriate, and any in-person discovery, such as depositions and inspections.**

  **Guideline**: Personal Injury – 6 months; Complex Personal Injury (including Wrongful Death) – 12 months; Medical Malpractice – 12 months; Complex Medical Malpractice (including Wrongful Death) – 18 months; Contract – 6 months; Complex Contract – 12 months; Other – 6 months (12 months if Complex)

  Basis for any departure from the guideline or for "complex" designation:[3]
  _Two week extension for Holiday Season_
  _____
  _____
  _____.

- **EXPERT DISCOVERY** (if applicable): **All expert discovery must be completed by the above discovery deadline.** The plaintiff(s) shall identify experts that are expected to testify at trial no later than _Aug. 6, 2022_. Discovery depositions of all experts identified by the plaintiff(s) shall be completed no later than _Sep. 6, 2022_. The defendant(s) shall identify experts that are expected to testify at trial no later than _Oct. 6, 2022_. Discovery depositions of all experts identified by the defendant(s) shall be completed no later than _Nov. 6, 2022_. The parties shall disclose any rebuttal experts within 45 days of the conclusion of the deposition of the expert to be rebutted, but no later than _Dec. 6, 2022_, and shall make any rebuttal experts available for deposition no later than _Jan 6, 2022_.

- **MEDIATION** shall be completed no later than _Feb. 15, 2023_ (15 days after the close of discovery). Mediation may be conducted: (1) virtually; (2) in-person, ensuring compliance with social distancing guidelines; or (3) a combination of in-person and virtual presence.

---

[2] Supreme Court of Georgia, Court Information Regarding the Coronavirus, https://www.gasupreme.us/ (accessed November 30, 2020).

[3] Complex cases involve large number of parties, large number of claims and defenses, highly technical and exceptionally complex issues and proof, multiple experts, greater than normal amount of documents and evidence (including electronically-stored information), problems locating and preserving documents and evidence (including electronically-stored information), and extensive discovery outside the State of Georgia.

# GRANTED

In all cases, all parties shall appear in such a way that everyone can be heard and seen to participate in this mediation to make a good faith effort to resolve the issues involved in this case.  In the event that the named parties and counsel do not have full settlement authority, those entities who do have authority shall attend the mediation along with parties and counsel.

The parties shall contact the Office of Alternative Dispute Resolution (ADR) of the Fulton County Courts at (404) 612-4549, or select a mutually agreed upon private mediator, and arrange for mediation to take place prior to the deadline set forth above. Alternatively, the parties may request a referral to a Judicially-Hosted Settlement Conference.  Such request shall be directed to the Court's Staff Attorney no later than ninety (90) days prior to the mediation deadline set by the CMO and shall set forth the reasons for the request.

- **DISPOSITIVE** and/or **RULE 702 MOTIONS** shall be filed no later than thirty (30) days after the close of discovery.  Prior to filing any Rule 702 motion, the parties shall meet and confer in a good faith effort to resolve the evidentiary issue(s).

- **TRIAL BY JURY** shall be set by placement on the Court's Civil Jury Trial calendar approximately sixty (60) days after the close of discovery (if no motions pending) or on the next civil trial calendar after the Court's order on any dispositive and/or Rule 702 motions.  To request a special setting, the parties **shall** contact the Court's Staff Attorney, Lisa Liang, via email lisa.liang@fultoncountyga.gov and state the basis for the request no later than the close of discovery.

  **The Supreme Court of Georgia's Twelfth Order Extending Declaration of Statewide Judicial Emergency ended the blanket suspension of grand jury and jury trials. It is unknown when jury trials in Fulton County will regularly resume, particularly in civil cases such as this. The Court encourages the parties to try to resolve this matter without the need for a trial.  If the parties agree, the Court is available to try this case as a bench trial.**

  **IT IS FURTHER ORDERED** that the following **PRACTICES** and **PROCEDURES**

govern this litigation:

- **DISCOVERY DISPUTES** – in addition to the obligations set forth by USCR 6.4(B), the parties shall meet and confer – (1) virtually or telephonically; (2) in-person, ensuring compliance with social distancing guidelines; or (3) a combination of in-person and virtual or telephonic presence -- in a good faith effort to resolve any discovery disputes and, in the event the parties are unable to resolve the disputes, contact Ms. Liang to request a telephonic hearing with the Court, prior to filing any discovery motion.  The Court will schedule a telephonic or virtual hearing, if appropriate, or instruct the parties to brief the matter.

- **WITNESSES** – the parties shall supplement the identification of witnesses (except for purposes of impeachment), in response to any applicable discovery request, no later than

3

# GRANTED

fifteen (15) days after the close of discovery.  Failure to do so, absent extraordinary circumstances, will result in the exclusion of the unidentified or late-identified witness.

- **COMMUNICATION WITH THE COURT** – the parties may contact Ms. Liang to inquire regarding any procedural issue (scheduling, case status, Court requirements, etc.) and/or to arrange a status conference or hearing.  Email correspondence, ensuring all parties are copied to the email, is highly preferred.  Unless instructed by the Court, the parties shall not submit letter briefs (including substantive emails addressing the merits) or "carbon copy" the Court on correspondence between the parties and addressing the merits.

- **MOTIONS AND RESPONSES** – pursuant to Uniform Superior Court Rule 6.1, when an attorney or party e-files a motion or any response, the attorney or party shall notify the opposing parties and Ms. Liang (lisa.liang@fultoncountyga.gov) by e-mail of the motion or response contemporaneously but no later than 24 hours after e-filing.

- **PROPOSED ORDERS and COURTESY COPIES** – the parties shall e-file proposed orders and any courtesy copies of proposed orders (if requested) shall be emailed to Ms. Liang in Word format.  The parties are discouraged from submitting courtesy copies of briefs to the Court, unless specifically requested.  The parties, however, may contact Ms. Liang regarding any consent/joint filings or other filings necessitating prompt action by the Court.

- **ORIGINAL DEPOSITION TRANSCRIPTS** – the parties shall e-file scanned copies in lieu of original deposition transcripts and retain original deposition transcripts until specifically requested by the Court or trial.

- **JUDICIAL EMERGENCY/COVID:** In the event the Statewide Judicial Emergency and/or the Atlanta Judicial Circuit's Judicial Emergency are extended and/or COVID-19 related issues arise – including any public health concerns and known individual health, economic, or other concerns regarding the litigants, lawyers, witnesses, or other persons who may be involved in the case – that prevent the parties from complying with this Case Management Order, the parties shall contact Ms. Liang, by email, to raise any scheduling issues or request a status conference.  The parties shall be prepared to submit a proposed Amended Case Management Order after consideration of all related issues.

**Failure to comply with this Order or to contact Ms. Liang concerning the deadlines imposed in this Order _prior_ to the expiration of the deadlines, may result in sanctions, including striking of pleadings, imposition of attorneys' fees, and exclusion of witnesses and evidence.  Except for _good_ cause shown and by Order of this Court, the deadlines set forth herein shall not be amended.**

Lawyers are reminded of their obligations of professionalism. The Court is sensitive to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others. We shall all offer our colleagues in the practice of law concern for one another's welfare and keep our business a profession and a calling in the spirit of public service.

This 15th day of June , 2021.

Susan E. Edlein

Susan E. Edlein
Chief Judge, State Court of Fulton County

Submitted by:

Timothy A. Raimey
Attorney for Plaintiff

Jackson Dial
Attorney For Westdale Asset Mgmt., LTd.

5

State Court of Fulton County
**E-FILED**
22EV002176
6/20/2022 3:36 PM
Christopher G. Scott, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| JAYMES CALDWELL | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **CAFN: 22-EV-002176** |
| | ) |
| WESTDALE ASSET MANAGEMENT, LTD. | ) |
| d/b/a THE ALASTAIR AT ARIA VILLAGE, | ) |
| and JACOB MILLER, | ) |
| | ) |
| **Defendants.** | ) |

## <u>NOTICE OF SERVICE OF DISCOVERY MATERIAL</u>

Pursuant to Uniform State Court Rule 5.2 and O.C.G.A. § 9-11-5(b), this will certify I have this day served true and correct copies of the following upon all persons identified in the attached Certificate of Service:

1. Plaintiff's First Interrogatories to Westdale Asset Management, LTD d/b/a The Alastair at Aria Village; and

2. Plaintiff's First Request for Production of Documents to Westdale Asset Management, LTD d/b/a The Alastair at Aria Village.

Respectfully submitted this 23rd day of May, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

## CERTIFICATE OF SERVICE

I certify that this date I have served an accurate copy of the foregoing upon the following

addressee via STATUTORY ELECTRONIC SERVICE  and United States Mail as follows:

**JACKSON A. DIAL**
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
jdial@wwhgd.com

Respectfully submitted this 23rd day of May, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

State Court of Fulton County
**E-FILED**
22EV002176
6/20/2022 4:30 PM
Christopher G. Scott, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| JAYMES CALDWELL | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **CAFN: 22-EV-002176** |
| | ) |
| **WESTDALE ASSET MANAGEMENT, LTD.** | ) |
| **d/b/a THE ALASTAIR AT ARIA VILLAGE,** | ) |
| **and JACOB MILLER,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>NOTICE OF SERVICE OF DISCOVERY MATERIAL</u>

Pursuant to Uniform State Court Rule 5.2 and O.C.G.A. § 9-11-5(b), this will certify I have this day served true and correct copies of the following upon all persons identified in the attached Certificate of Service:

1.  Plaintiff's Responses to Westdale Asset Management, LTD.'s First Interrogatories to Plaintiff and First Request for Production of Documents to Plaintiff.

Respectfully submitted this 20th day of June, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

## CERTIFICATE OF SERVICE

I certify that this date I have served an accurate copy of the foregoing upon the following addressee via STATUTORY ELECTRONIC SERVICE  and United States Mail as follows:

**JACKSON A. DIAL**
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
jdial@wwhgd.com

Respectfully submitted this 20th day of June, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

State Court of Fulton County
**E-FILED**
22EV002176
6/23/2022 5:05 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAYMES CALDWELL, | ) | |
| | ) | FILE NO. 22-EV-002176 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTDALE ASSET MANAGEMENT, | ) | |
| LTD. d/b/a THE ALASTAIR AT ARIA | ) | |
| VILLAGE, and JACOB MILLER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify that I have this date served a truse and accurate copy of the following documents upon all counsel of record via elevtronic mail to the parties on the attached Certificate of Service:

1. *Defendant Westdale Management, Ltd. d/b/a The Alastair at Aria Village's Responses to Plaintiff's First Continuing Interrogatories;*

2. *Defendant Westdale Management, Ltd. d/b/a The Alastair at Aria Village's Responses to Plaintiff's First Request for Production of Documents; and,*

3.. *Certificate of Serviceof Discovery.*

Respectfully submitted this 23rd day of June, 2022.

*(Signature of following page.)*

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**


*/s/ Jackson A. Dial*
Jackson A. Dial
Georgia Bar No. 155955
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
jdial@wwhgd.com
*Attorneys Defendant Westdale Management,
Ltd. d/b/a The Alastair at Aria Village*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been

served by serving via Statutory Electronic Service addressed as follows:

Timothy A. Raimey
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldfirm.com

*Attorneys for Plaintiff*

This 23rd day of June, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC


*/s/ Jackson A. Dial*
Jackson A. Dial
Georgia Bar No. 155955
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
jdial@wwhgd.com
*Attorneys Defendant Westdale Management,*
*Ltd. d/b/a The Alastair at Aria Village*

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**6/29/2022 1:54 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **JAYMES CALDWELL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAFN: 22-EV-002176** |
| | ) | |
| **WESTDALE ASSET MANAGEMENT, LTD.** | ) | |
| **d/b/a THE ALASTAIR AT ARIA VILLAGE,** | ) | |
| **and JACOB MILLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>NOTICE OF SERVICE OF DISCOVERY MATERIAL</u>

Pursuant to Uniform State Court Rule 5.2 and O.C.G.A. § 9-11-5(b), this will certify I have this day served true and correct copies of the following upon all persons identified in the attached Certificate of Service:

1. Plaintiff's Non-Party Request for Production of Documents to Sandy Springs Police Department.

Respectfully submitted this 29th day of June, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

## CERTIFICATE OF SERVICE

I certify that this date I have served an accurate copy of the foregoing upon the following

addressee via STATUTORY ELECTRONIC SERVICE  and United States Mail as follows:

**JACKSON A. DIAL**
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
jdial@wwhgd.com

Respectfully submitted this 29th day of June, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

State Court of Fulton County
**E-FILED**
22EV002176
7/6/2022 5:06 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAYMES CALDWELL, | ) | |
| | ) | FILE NO. 22-EV-002176 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTDALE ASSET MANAGEMENT, | ) | |
| LTD. d/b/a THE ALASTAIR AT ARIA | ) | |
| VILLAGE, and JACOB MILLER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify that I have this date served a true and accurate copy of the following documents upon all counsel of record via electronic mail to the parties on the attached Certificate of Service:

1. ***Defendant Westdale Management, Ltd. d/b/a The Alastair at Aria Village's Non-Party Request for Production of Documents to Two Men and A truck/ N. Fulton; and,***

2. ***Certificate of Service of Discovery.***

Respectfully submitted this 7th day of July, 2022.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

/s/ Jackson A. Dial
Jackson A. Dial
Georgia Bar No. 155955
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
jdial@wwhgd.com
*Attorneys Defendant Westdale Management, Ltd. d/b/a The Alastair at Aria Village*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been

served by serving via Statutory Electronic Service addressed as follows:

Timothy A. Raimey
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldfirm.com

*Attorneys for Plaintiff*

This 7th day of July, 2022.

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**

*/s/ Jackson A. Dial*
Jackson A. Dial
Georgia Bar No. 155955
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
jdial@wwhgd.com
*Attorneys Defendant Westdale Management,
Ltd. d/b/a The Alastair at Aria Village*

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**7/11/2022 4:45 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| JAYMES CALDWELL | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CAFN: 22-EV-002176** |
| | ) |
| WESTDALE ASSET MANAGEMENT, LTD. | ) |
| d/b/a THE ALASTAIR AT ARIA VILLAGE, | ) |
| and JACOB MILLER, | ) |
| | ) |
|     **Defendants.** | ) |

## <u>NOTICE OF DEPOSITION</u>

**TO:**   **MS. BRANDI GRESHAM**
     By and through her attorney of record

     YOU ARE NOTIFIED that on July 27, 2022 beginning at 10:00 a.m. via zoom or some other virtual platform, and pursuant to O.C.G.A. §9-11-30 the attorneys for Plaintiff will take the deposition of Brandi Gresham upon oral examination and for all purposes allowed under Georgia law. The deposition will be taken before a notary public or some other officer duly authorized by law to take depositions and may be videotaped, and will continue from day to day until its completion.

     Respectfully submitted this 11th day of July, 2022.

                 /s/ Timothy A. Raimey
                 **TIMOTHY A. RAIMEY**
                 Georgia Bar No. 957293
                 Attorney for Plaintiff
                 THE ARNOLD LAW FIRM, LLC
                 6440 Old Hillandale Drive
                 Stonecrest, GA 30058
                 404.729.7586
                 tj@thearnoldlawfirm.com

## CERTIFICATE OF SERVICE

I certify that this date I have served an accurate copy of the foregoing upon the following

addressee via STATUTORY ELECTRONIC SERVICE  and United States Mail as follows:

**JACKSON A. DIAL**
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
jdial@wwhgd.com

Respectfully submitted this 11th day of May, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

State Court of Fulton County
**E-FILED**
22EV002176
7/20/2022 11:15 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JAYMES CALDWELL,                              )
                                             )     FILE NO. 22-EV-002176
       Plaintiff,                             )
                                             )
v.                                                      )
                                             )
WESTDALE ASSET MANAGEMENT,     )
LTD. d/b/a THE ALASTAIR AT ARIA        )
VILLAGE, and JACOB MILLER,               )
                                             )
       Defendants.                          )
_____)

## CERTIFICATE OF SERVICE OF DISCOVERY

       This is to certify that I have this date served a true and accurate copy of the following

documents upon all counsel of record via electronic mail to the parties on the attached Certificate

of Service:

       *1.*     *Defendant Westdale Management, Ltd. d/b/a The Alastair at Aria Village's*
               *Non-Party Request for Production of Documents to AICA Orthopedics; and*

       *2.*     *Defendant Westdale Management, Ltd. d/b/a The Alastair at Aria Village's*
               *Non-Party Request for Production of Documents to Lawn South.*

       Respectfully submitted this 20th day of July, 2022.

                                   **WEINBERG, WHEELER, HUDGINS,
                                   GUNN & DIAL, LLC**

                                    */s/ Jackson A. Dial*
                                    Jackson A. Dial
                                    Georgia Bar No. 155955
                                    3344 Peachtree Road NE, Suite 2400
                                    Atlanta, Georgia 30326
                                    Telephone: (404) 876-2700
                                    Facsimile: (404) 875-9433
                                    jdial@wwhgd.com
                                    *Attorneys Defendant Westdale Management,*
                                    *Ltd. d/b/a The Alastair at Aria Village*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been

served by serving via Statutory Electronic Service addressed as follows:

Timothy A. Raimey
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldlawfirm.com

*Attorneys for Plaintiff*

This 20th day of July, 2022.

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**


*/s/ Jackson A. Dial*
Jackson A. Dial
Georgia Bar No. 155955
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
jdial@wwhgd.com
*Attorneys Defendant Westdale Management,
Ltd. d/b/a The Alastair at Aria Village*

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**8/2/2022 4:51 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAYMES CALDWELL, | ) | |
| | ) | FILE NO. 22-EV-002176 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTDALE ASSET MANAGEMENT, | ) | |
| LTD. d/b/a THE ALASTAIR AT ARIA | ) | |
| VILLAGE, and JACOB MILLER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify that I have this date served a truse and accurate copy of the following documents upon all counsel of record via elevtronic mail to the parties on the attached Certificate of Service:

> *Defendant Westdale Management, Ltd. d/b/a The Alastair at Aria Village's First Supplemental Responses to Plaintiff's First Continuing Interrogatories; and,*

Respectfully submitted this 2nd day of August, 2022.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

/s/ Jackson A. Dial
Jackson A. Dial
Georgia Bar No. 155955
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
jdial@wwhgd.com
*Attorneys Defendant Westdale Management, Ltd. d/b/a The Alastair at Aria Village*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been

served by serving via Statutory Electronic Service addressed as follows:

Timothy A. Raimey
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldfirm.com

*Attorneys for Plaintiff*

This 2nd day of August, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC


*/s/ Jackson A. Dial*
Jackson A. Dial
Georgia Bar No. 155955
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
jdial@wwhgd.com
*Attorneys Defendant Westdale Management,*
*Ltd. d/b/a The Alastair at Aria Village*

State Court of Fulton County
**E-FILED**
22EV002176
8/10/2022 12:18 PM
Christopher G. Scott, Clerk
Civil Division



The Arnold Law
Firm, LLC 6440 Old
Hillandale Dr
Stonecrest, GA 30058
Office: 404-692-5251
Fax: 404-573-4899
www.attorneywillarnold.com

To: All Judges, Clerks of Court, and Counsel of Record
From: Timothy Raimey

Re: Notice of Leave of Absence

Comes now Timothy Raimey, and respectfully notifies all judges before whom he has cases, all affected clerks of court, all opposing counsel that he will be on leave of absence pursuant to Georgia Uniform Court Rule 16.

1. The periods of leave during which Timothy Raimey will be away from the practice of law for Personal reasons are as follows:

   September 22-29, 2022 (Personal)
   October 20-25, 2022 (Personal)
   November 23-28, 2022 (Personal)
   December 19-30, 2022 (Personal)
   January 1-4, 2023, 2022 (Personal)

2. All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

3. A list of actions to be protected with the case numbers is attached as Exhibit "A."

Respectfully submitted this 10th day of August, 2022.

/s/ Timothy Raimey
Timothy Raimey
Georgia Bar No. 957293
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest Ga 30058
Office: 404-692-5251
Fax: 404-573-4899
tj@thearnoldlawfirm.com



The Arnold Law
Firm, LLC 6440 Old
Hillandale Dr.
Stonecrest, GA 30058
Office: 404-692-5251
Fax: 404-573-4899
www.attorneywillarnold.com

## CERTIFICATE OF SERVICE

This is to hereby certify that I have on this date served a copy of the foregoing Notice of Leave of Absence upon all judges, clerks, co-counsel, opposing counsel and pro se defendants listed on attached Exhibit "A," by e-filing service.

Respectfully submitted this 10th day of August, 2022.

/s/ Timothy Raimey
Timothy Raimey
Georgia Bar No. 957293
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest Ga 30058
Office: 404-692-5251
Fax: 404-573-4899
tj@thearnoldlawfirm.com



The Arnold Law
Firm, LLC 6440 Old
Hillandale Dr.
Stonecrest, GA 30058
Office: 404-692-5251
Fax: 404-573-4899
www.attorneywillarnold.com

| EXHIBIT A | | |
|---|---|---|
| **Name of Case/ Case Number** | **Name of Court** | **Opposing Counsel(s)/ Co-Counsel** |
| 1. CHLOE FLOYD VS. LOS LIQUIDATION OUTLET STORE **CAFN: 21EV007463** | STATE COURT OF FULTON COUNTY | |
| 2. DOMINIQUE WASHINGTON VS. RACHEL & SHAUN GREGORY **CAFN: 2022SV-0162** | STATE COURT OF FAYETTE COUNTY | JASON D. DARNEILLE, Esq. 4200 Northside Parkway, NW Building 12 Atlanta, GA 30327 |
| 3. DOMINIQUE WILLOCK VS. JESURUN MURRAY, SHONICA THOMPSON **CAFN: 21A05716** | STATE COURT OF DEKALB COUNTY | |
| 4. RICHARD HOLLOWAY VS. KIMBERLY LOVE **CAFN: 22A01272** | STATE COURT OF DEKALB COUNTY | Alexandra M. Svoboda, Esq. Kyle T. Joyce, Esq. 900 Circle 75 Pkwy SE Ste 1040, Atlanta, GA 30339 |
| 5. MIA BALLARD HUNT VS. MICHAEL THOMPSON, OLDCASTLE APG SOUTH, INC. d/b/a GEORGIA MASONRY SUPPLY **CAFN: 21A04035** | STATE COURT OF DEKALB COUNTY | William P. Jones, Esq. David Toolan, Esq. 900 Ashwood Parkway Suite 600 Atlanta, Georgia 30338 |
| 6. LAQUAN WILSON VS. DIG ENTERPRISES, LLC, RONI CHAVARRIA-OCHOA **CAFN: 21EV004880** | STATE COURT OF FULTON COUNTY | John David Blair, Esq. Austin M. Hammock, Esq. 900 Brookstone Center Pkwy Suite 201 Columbus, Georgia 31904 |
| 7. IKEMBA KALU, & TIESE CALDWELL, AS NATURAL PARENT & GUARDIAN OF JOSHUA KALU, A MINOR, VS. COOKOUT -LITHONIA, INC **CAFN: 21A05552** | STATE COURT OF DEKALB COUNTY | ERIC R. MULL, ESQ. emull@burkemoore.con REID EVANS, ESQ. revans@burkemoore.com |
| 8. JAYMES CALDWELL VS. WESTDALE ASSET MANAGEMENT, LTD. d/b/a THE ALASTAIR AT ARIA VILLAGE, & JACOB MILLER **CAFN: 22-EV-002176** | STATE COURT OF FULTON COUNTY | Jackson A. Dial 3344 Peachtree Road NE, Suite 2400 Atlanta, Georgia 30326 |



The Arnold Law
Firm, LLC 6440 Old
Hillandale Dr.
Stonecrest, GA 30058
Office: 404-692-5251
Fax: 404-573-4899
www.attorneywillarnold.com

| 9. KIMARI HILLI<br>VS. BHAKTA HOSPITALITY, LLC<br>**CAFN: 21A01712** | STATE COURT OF<br>DEKALB COUNTY | Robert A. Luskin, Esq.<br>Robert E. Noble, III, Esq. 3340 Peachtree Road NE, Suite 2100<br>Atlanta, GA 30326-1084 |
| --- | --- | --- |
| 10. ERIC SHEETS<br>VS. SAMUEL GAS &<br>GROCERY<br>**CAFN: 201A00151** | STATE COURT OF<br>DEKALB COUNTY | Robert A. Luskin, Esq.<br>Robert E. Noble, III, Esq. 3340 Peachtree Road NE, Suite 2100<br>Atlanta, GA 30326-1084 |
| 11. IN RE: ESTATE OF ERIQ<br>RASHAWN HARRIS,<br>DECEASED<br>**ESTATE NO. 2022-0503E** | PROBATE COURT OF<br>CLAYTON COUNTY | |
| 12. TRAVIS LOVE VS.<br>ROBERT JACKSON IV, AS<br>ADMINISTRATOR OF THE<br>ESTATE OF ROBERT<br>JACKSON V<br>**CAFN: 2020-SV-2539** | STATE COURT OF<br>ROCKDALE COUNTY | Rebecca Sample, Esq.<br>P.O. Box 674027<br>Marietta, GA 30006 |
| 13. MONICA JENKINS<br>VS. JOHN JACKSON<br>**CAFN: 21EV002660** | STATE COURT OF<br>FULTON COUNTY | William Cowsert, Esq.<br>PO Box 627<br>Athens, GA 30603 |
| 14. STATE OF GEORGIA<br>VS. KISHORE MEHROTRA<br>**CASE NO: 21CR004926G** | STATE COURT OF<br>FULTON COUNTY | Latara Sauri Assistant Solicitor General<br>Latara.Sauri@FultonCountyGa.gov |
| 15. STATE OF GEORGIA<br>VS. LAMONT AKPAN<br>**CASE NO: 22-W-26** | MAGISTRATE COURT<br>OF<br>COBB COUNTY | Cobb County District Attorney<br>70 Haynes Street<br>Marietta, GA 30090 |
| 16. STATE OF GEORGIA<br>VS. PEDRO RAMIREZ LOPEZ<br>**CASE NO: 22FL413** | STATE COURT OF<br>HENRY COUNTY | Henry County Solicitor General<br>44 John Frank Ward Blvd Ste 350,<br>Mcdonough, GA 30253 |
| 17. STATE OF GEORGIA<br>VS. DOMINIQUE SINGH<br>**CASE NO: 22-PAF-0828** | STATE COURT OF<br>FORSYTH COUNTY | THE SOLICITOR GENERAL<br>101 E. Courthouse Square Suite 2084<br>Cumming, GA 30040 |
| 18. STATE OF GEORGIA<br>VS. NKENGEN HAMBRICK<br>**WARRANT NOs. 22WA02055,<br>202WA02056, 22WA02057,<br>18SC164105** | MAGISTRATE COURT<br>OF<br>CLAYTON COUNTY<br><br>SUPERIOR COURT OF<br>FULTON COUNTY | Clayton County District Attorney<br>9151 Tara Boulevard 4th Floor<br>Jonesboro, GA 30236<br><br>Fulton County District Attorney<br>136 Pryor St SW<br>Atlanta, GA 30303 |



The Arnold Law
Firm, LLC 6440 Old
Hillandale Dr.
Stonecrest, GA 30058
Office: 404-692-5251
Fax: 404-573-4899
www.attorneywillarnold.com

| 19. STATE OF GEORGIA VS. RASHAD JOHNS **CASE NO. 22TR002098, 21TR066857, 21TR065034, 21TR04873, 21TR024275, 21TR020802, 21TR007668, 21C03328** | ATLANTA MUNICIPAL COURT<br><br>STATE COURT OF DEKALB COUNTY | THE SOLICITOR GENERAL 150 GARNETT ST. SW ATLANTA, GA 30303<br><br>DEKALB COUNTY SOLICITOR 556 N MCDONOUGH ST. #500 DECATUR, GA 30060 |
|---|---|---|
| 20. IN RE: ESTATE OF ERIN RASHAWD HARRIS, DECEASED **ESTATE NO. 2022-0502E** | PROBATE COURT OF CLAYTON COUNTY | |
| 21. KIARA PONDER and ANIQUA HARRIS VS. JOSIAS REYES in his individual capacity and official capacity and the CITY OF DOUGLASVILLE CAFN: | SUPERIOR COURT OF DOUGLAS COUNTY | |
| 22. BARRINGTON FRANCIS VS. IRIS MENDEZ **CAFN: 2022CM15725** | MAGISTRATE COURT OF CLAYTON COUNTY | |
| 23. BRENT JOHNSON VS. WSD PROPERTIES, LLC ,DMC Hookah Lounge, LLC **CAFN: 22-EV-003232** | STATE COURT OF FULTON COUNTY | LINDA KLEIN MONARCH PLAZA SUITE 1600 3414 PEACHTREE RD. NE ATLANTA, GA 30326 lklein@bakerdonelson.com<br><br>TRAVIS J. MEYER BROOKE RAY 900 CIRCLE 75 PARKWAY SUITE 1040 ATLANTA, GA 30339 tmeyer@wachp.com bray@wachp.com |

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**8/23/2022 3:10 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JAYMES CALDWELL, | ) |
| | )    FILE NO. 22-EV-002176 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WESTDALE ASSET MANAGEMENT, | ) |
| LTD. d/b/a THE ALASTAIR AT ARIA | ) |
| VILLAGE, and JACOB MILLER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>NOTICE OF ENTRY OF APPEARANCE</u>

COMES NOW, Shanndor A. McClain of the law firm Weinberg Wheeler Hudgins Gunn & Dial, LLC, 3344 Peachtree Road NE, Suite 2400, Atlanta, Georgia 30326, and hereby notice this Court and counsel of record of her entry of appearance as additional counsel for Defendants Westdale Management, Ltd. d/b/a The Alastair at Aria Village.

All further pleadings, orders, notices, correspondence, and all other matters required to be served on these Defendants shall also be served on counsel as set forth herein.

Respectfully submitted this 23rd day of August, 2022.

*(Signatures on following page.)*

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Shanndor A. McClain*
Jackson A. Dial
Georgia Bar No. 155955
Shanndor A. McClain
Georgia Bar No. 235956
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
Telephone:  404-876-2700
Facsimile:  404-875-9433
jdial@wwhgd.com
smcclain@wwhgd.com

*Attorneys Defendant Westdale Management, Ltd.*
*d/b/a The Alastair at Aria Village*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been

served by serving via Statutory Electronic Service addressed as follows:

Timothy A. Raimey
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldfirm.com

*Attorneys for Plaintiff*

This 23rd day of August, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC


*/s/ Shanndor A. McClain*
Jackson A. Dial
Georgia Bar No. 155955
Shanndor A. McClain
Georgia Bar No. 235956
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
Telephone:  404-876-2700
Facsimile:  404-875-9433
jdial@wwhgd.com
smcclain@wwhgd.com

*Attorneys Defendant Westdale Management, Ltd.*
*d/b/a The Alastair at Aria Village*

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**8/23/2022 3:14 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JAYMES CALDWELL,                                )
                                               )       FILE NO. 22-EV-002176
      Plaintiff,                            )
                                               )
v.                                              )
                                               )
WESTDALE ASSET MANAGEMENT,                      )
LTD. d/b/a THE ALASTAIR AT ARIA                 )
VILLAGE, and JACOB MILLER,                      )
                                               )
      Defendants.                           )
_____)

## CERTIFICATE OF SERVICE OF DISCOVERY

      This is to certify that I have this date served a true and accurate copy of the following documents upon all counsel of record via electronic mail to the parties on the attached Certificate of Service: ***Defendant Westdale Management, Ltd. d/b/a The Alastair at Aria Village's Second Non-Party Request for Production of Documents to Two Men and A Truck/ N. Fulton.***

      Respectfully submitted this 23rd day of August, 2022.

          **WEINBERG, WHEELER, HUDGINS,**
          **GUNN & DIAL, LLC**

          */s/ Shanndor A. McClain*
          Jackson A. Dial
          Georgia Bar No. 155955
          Shanndor A. McClain
          Georgia Bar No. 235956
          3344 Peachtree Road NE
          Suite 2400
          Atlanta, GA 30326
          Telephone:  404-876-2700
          Facsimile:  404-875-9433
          jdial@wwhgd.com
          smcclain@wwhgd.com
          *Attorneys Defendant Westdale Management, Ltd.*
          *d/b/a The Alastair at Aria Village*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been

served by serving via Statutory Electronic Service addressed as follows:

Timothy A. Raimey
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldlawfirm.com

*Attorneys for Plaintiff*

This 23rd day of August, 2022.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

/s/ *Shanndor A. McClain*
Jackson A. Dial
Georgia Bar No. 155955
Shanndor A. McClain
Georgia Bar No. 235956
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
Telephone:  404-876-2700
Facsimile:  404-875-9433
jdial@wwhgd.com
smcclain@wwhgd.com

*Attorneys Defendant Westdale Management, Ltd.*
*d/b/a The Alastair at Aria Village*

State Court of Fulton County
**E-FILED**
22EV002176
9/21/2022 1:15 PM
Donald Talley, Clerk
Civil Division

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Fulton**                    **State Court**

Case Number: 22EV002176

Plaintiff:
**JAYMES CALDWELL**

vs.

Defendant:
**WESTDALE ASSET MANAGEMENT, LTD d/b/a THE ALASTAIR AT ARIA VILLAGE and
JACOB MILLER**

For:
Timothy A. Raimey, Esq.
The Arnold Law Firm, LLC

Received by Perma Investigations and Polygraph on the 14th day of September, 2022 at 3:04 pm to be served on **Jacob Miller, 1400 Westinghouse Rd., Apt. 5816, Georgetown, TX 78626**.

I, John Donohoe, being duly sworn, depose and say that on the **15th day of September, 2022** at **8:17 am, I:**

**INDIVIDUALLY/PERSONALLY** executed by delivering a true copy of the **Summons and Complaint for Damages** with the date of service endorsed thereon by me, to: **Jacob Miller** at the address of: **1400 Westinghouse Rd., Apt. 5816, Georgetown, TX 78626**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 43, Sex: M, Race/Skin Color: White, Height: 6'4", Weight: 250, Hair: Very Short, Glasses: N

I am of sound mind, capable of making this Affidavit. I am over the age of 18 years and I am not a party to this suit and have no interest in the outcome of the suit.

Subscribed and Sworn to before me on the ___ day
of _____ ___ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

RACHEL STREIT
Notary Public, State of Texas
Comm. Expires 03-22-2025
Notary ID 129361983

_____
John Donohoe
PSC-8998, EXP 9/30/2023

**Perma Investigations and Polygraph**
P.O. Box 1742
Roswell, GA 30077
**(770) 664-8005**

Our Job Serial Number: PTC-2022004052

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1u

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**9/22/2022 10:47 AM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAYMES CALDWELL, | ) | |
| | ) | FILE NO. 22-EV-002176 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTDALE ASSET MANAGEMENT, | ) | |
| LTD. d/b/a THE ALASTAIR AT ARIA | ) | |
| VILLAGE, and JACOB MILLER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### NOTICE OF TAKING VIDEOTAPED DEPOSITION OF JAYMES CALDWELL

PLEASE TAKE NOTICE that the undersigned will take the deposition of the following:

| Name and Address | Date and Time | Location |
|---|---|---|
| Jaymes Caldwell | November 18, 2022 at | The Arnold Law Firm, LLC |
| c/o Timothy A. Raimey | 10:00 a.m. until complete | 6440 Hillandale Drive, |
| THE ARNOLD LAW FIRM, LLC | | Stonecrest, GA 30058 |
| 6440 Old Hillandale Drive, | | |
| Stonecrest, GA 30058 | | |

The deposition shall be taken by oral examination before a certified court reporter, by video, or both, and for any and all purposes authorized by law. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Georgia Civil Practice Act and other applicable and governing rules. The deposition will be recorded on videotape.

Respectfully submitted this 22nd day of September, 2022.

[Signature of counsel on following page]

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**


/s/ Shanndor A. McClain
Jackson A. Dial
Georgia Bar No. 155955
Shanndor A. McClain
Georgia Bar No. 235956
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
Telephone:  404-876-2700
Facsimile:  404-875-9433
jdial@wwhgd.com
smcclain@wwhgd.com

*Attorneys Defendant Westdale Management, Ltd.
d/b/a The Alastair at Aria Village*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been

served by serving via Statutory Electronic Service addressed as follows:

Timothy A. Raimey
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldlawfirm.com

*Attorneys for Plaintiff*

Respectfully submitted this 22nd day of September, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Shanndor A. McClain*
Jackson A. Dial
Georgia Bar No. 155955
Shanndor A. McClain
Georgia Bar No. 235956
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
Telephone: 404-876-2700
Facsimile: 404-875-9433
jdial@wwhgd.com
smcclain@wwhgd.com

*Attorneys for Defendant Westdale Management,*
*Ltd. d/b/a The Alastair at Aria Village*

State Court of Fulton County
**E-FILED**
22EV002176
10/3/2022 12:26 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JAYMES CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | FILE NO. 22-EV-002176 |
| | ) | |
| WESTDALE ASSET MANAGEMENT, | ) | |
| LTD, d/b/a THE ALASTAIR AT ARIA | ) | |
| VILLAGE and JACOB MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## DISCOVERY CERTIFICATE OF SERVICE

Pursuant to Rule 5.2 of the Uniform Superior Court Rules, the undersigned counsel for Non-Party Georgia Department of Labor, Katherine P. Stoff, Senior Assistant Attorney General, hereby certifies that on October 3, 2022 she served upon Plaintiff and Defendants, NON-PARTY GEORGIA DEPARTMENT OF LABOR'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS TO A NON-PARTY by sending a copy via email to the following attorneys of record:

Weinberg, Wheeler Hudgins, Gunn & Dial, LLC
Jackson A. Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
jdial@wwhgd.com

This 3rd day of October, 2022.

/s/Katherine P. Stoff
Katherine P. Stoff
Georgia Bar No.  536807
Attorney for Non-Party

Department of Law, State of Georgia
 40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3491
FAX:    (404) 657-9932
Email:    kstoff@law.ga.gov

2

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**10/11/2022 1:47 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAYMES CALDWELL, | ) | |
| | ) | FILE NO. 22-EV-002176 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTDALE ASSET MANAGEMENT, | ) | |
| LTD. d/b/a THE ALASTAIR AT ARIA | ) | |
| VILLAGE, and JACOB MILLER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### <u>CERTIFICATE OF SERVICE OF DISCOVERY</u>

This is to certify that I have this date served a true and accurate copy of **_"Notice of Deposition of Gary Kornegay,"_** upon all counsel of record via electronic mail to the parties on the attached Certificate of Service.

Respectfully submitted this 11th day of October, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

_/s/ Shanndor A. McClain_
Jackson A. Dial
Georgia Bar No. 155955
Shanndor A. McClain
Georgia Bar No. 235956
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
Telephone:  404-876-2700
Facsimile:  404-875-9433
jdial@wwhgd.com
smcclain@wwhgd.com
_Attorneys for Defendant Westdale
Management, Ltd. d/b/a The Alastair at Aria
Village_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been

served by serving via Statutory Electronic Service addressed as follows:

Timothy A. Raimey
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldfirm.com

*Attorneys for Plaintiff*

This 6th day of October, 2022.

        **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

        */s/ Shanndor A. McClain*

        Jackson A. Dial
        Georgia Bar No. 155955
        Shanndor A. McClain
        Georgia Bar No. 235956
        3344 Peachtree Road NE
        Suite 2400
        Atlanta, GA 30326
        Telephone:  404-876-2700
        Facsimile:  404-875-9433
        jdial@wwhgd.com
        smcclain@wwhgd.com
        *Attorneys for Defendant Westdale Management, Ltd. d/b/a The Alastair at Aria Village*

State Court of Fulton County
**E-FILED**
22EV002176
10/13/2022 1:57 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAYMES CALDWELL, | ) | |
| | ) | FILE NO. 22-EV-002176 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTDALE ASSET | ) | |
| MANAGEMENT, LTD. d/b/a THE | ) | |
| ALASTAIR AT ARIA VILLAGE, | ) | |
| And JACOB MILLER, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

## ENTRY OF APPEARANCE

COMES NOW Ken Davis and hereby files this Entry of Appearance on behalf of Defendant, Jacob Miller.


Respectfully submitted, this the 13th day of October, 2022.


LORUSSO LAW FIRM, P.C.

_/s/ Ken Davis_____
Ken Davis
Georgia Bar No. 705045
1827 Powers Ferry Road
Bldg. 8, Ste. 200
Atlanta, Georgia 30339
770-644-2378
ken@lorussolawfirm.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

JAYMES CALDWELL,           )
                                    )     FILE NO. 22-EV-002176
           Plaintiff,        )
                                      )
v.                                     )
                                      )
WESTDALE ASSET            )
MANAGEMENT, LTD. d/b/a THE   )
ALASTAIR AT ARIA VILLAGE,   )
And JACOB MILLER,         )
                                      )
           Defendants,    )
_____ )

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a copy of the foregoing was filed with the Court's electronic filing

system. Therefore, all parties involved should be served with a copy via email and/or U.S. Mail:

Timothy A. Raimey, Esq.
The Arnold Law Firm, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldlawfirm.com


Jackson A. Dial
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
jdial@wwhgd.com

This the 13th day of October, 2022.

                                   LORUSSO LAW FIRM, P.C.

                                   */s/ Ken Davis*_____
                                   Ken Davis
                                   Georgia Bar No. 705045
                                   1827 Powers Ferry Road

Bldg. 8, Ste. 200
Atlanta, Georgia 30339
770-644-2378
ken@lorussolawfirm.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**10/14/2022 3:45 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JAYMES CALDWELL, | ) |
| | )    FILE NO. 22-EV-002176 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WESTDALE ASSET | ) |
| MANAGEMENT, LTD. d/b/a THE | ) |
| ALASTAIR AT ARIA VILLAGE, | ) |
| And JACOB MILLER, | ) |
| | ) |
| Defendants, | ) |
| _____ | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JACOB MILLER

COMES NOW Defendant Jacob Miller by and through counsel and timely files this Answer and Affirmative Defenses to Plaintiff's Complaint for Damages ("Complaint"), respectfully showing this honorable court as follows:

### FIRST DEFENSE

Defendant Miller hereby raises the defense of lack of personal jurisdiction.

### SECOND DEFENSE

Defendant Miller hereby raises the defense of insufficiency of process.

### THIRD DEFENSE

Defendant Miller hereby raises the defense of insufficiency of service of process.

## **FOURTH DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant Miller upon which relief can be granted.

## **FIFTH DEFENSE**

Defendant was acting in his official capacity as a City of Sandy Springs Police Officer and is therefore entitled to official immunity.

## **SIXTH DEFENSE**

While specifically denying any use of force against the Plaintiff, any actions that could be construed as a use of force were justified by the Plaintiff's unlawful resistance to the lawful orders of the Defendant under Georgia law.

## **SEVENTH DEFENSE**

To the extent as may be shown by the evidence through discovery, Plaintiff was not in the exercise of ordinary care for his safety, and by reason thereof, Plaintiff is not entitled to recover damages from Defendant Miller in any sum.

## **EIGHTH DEFENSE**

To the extent, as may be shown by the evidence through discovery, Plaintiff, through exercise of ordinary care, could have avoided Plaintiff's alleged damages.

## **NINTH DEFENSE**

To the extent as may be shown by the evidence through discovery, Plaintiff's claims are barred by the doctrine of assumption of the risk.

**TENTH DEFENSE**

To the extent as may be shown by the evidence through discovery, Defendant Miller asserts the doctrines of contributory negligence/comparative fault.

**ELEVENTH DEFENSE**

Defendant Miller states that Plaintiff's alleged damages were not proximately caused by Defendant Miller.

**TWELFTH DEFENSE**

Defendant Miller states that the alleged incident occurred above and beyond the foresight of reasonably prudent persons and was caused by superseding and intervening acts, actions, and/or omissions of the Plaintiff and were beyond Defendant Miller's control.  Therefore, the injuries and damages complained of by Plaintiff were not reasonably foreseeable, and Plaintiff is barred from recovery against Defendant Miller.

**THIRTEENTH DEFENSE**

Some or all of Plaintiffs claims are barred by the applicable statutes of limitations, the statutes of repose, the doctrine of laches, and of the failure to comply with O.C.G.A. §36-33-5.

**FOURTEENTH DEFENSE**

Defendant Miller raises an objection to venue in Fulton County, Georgia.

**FIFTEENTH DEFENSE**

Defendant Miller reserves the right to assert any additional affirmative defenses as may be disclosed during additional investigation and discovery.

Without limiting or waiving any defenses previously raised or herewith raised, Defendant Miller answers the individually numbered paragraphs of Plaintiff's complaint as follows:

1.

Defendant Miller is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the complaint.

2.

Defendant Miller is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the complaint.

3.

Defendant Miller denies that any tortious acts occurred.  As to the remaining allegations contained in paragraph 3, Defendant Miller is without sufficient knowledge or information to form a belief as to their truth.

4.

Defendant Miller is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.

Denied.

6.

Defendant Miller is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the complaint.

7.

Defendant Miller admits that on May 5, 2021 he was  employed as an independent contractor for Defendant Westdale, pursuant to his employment as a police officer by the Sandy Springs Police Department and was acting in his official capacity as a Sandy Springs Police Officer at all times relevant to the allegations contained in the Complaint.

8.

Defendant Miller is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9.

Defendant Miller admits that he approached the Plaintiff and directed that he move his vehicle, which was parked unlawfully in a clearly marked no parking zone on the grounds of the Subject Premises, creating a hazard to public safety. Defendant Miller is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint.

10.

Defendant Miller admits he identified himself to the Plaintiff as the courtesy officer for the complex and a Sandy Springs Police Officer. The remaining allegations contained in Paragraph 10 of the Complaint are denied.

11.

Defendant Miller admits he was acting within his authority as an agent of Defendant Westdale and within the scope of his employment and authority as a Police Officer with the Sandy Springs Police Department.

12.

Defendant Miller admits that Plaintiff refused to move the truck and denies the remaining allegations contained in paragraph 12 of the Complaint.

13.

Denied.

14.

Denied.

15.

Denied.

16.

Defendant Miller is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.

Defendant Miller is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.

Defendant Miller denies Plaintiff was injured at any time and through any connection with the facts alleged in the Complaint and denies any action on his part resulted in any injury to Plaintiff.

19.

Denied.

All other allegations in Plaintiff's Complaint not previously responded to are hereby denied, including all allegations contained in the unnumbered paragraph beginning with "WHEREFORE" and others contained in the ad damnum clause of the Complaint. Defendant Miller denies that Plaintiff is entitled to any relief or recovery from it whatsoever.

WHEREFORE, Defendant Miller prays for relief and judgment against Plaintiff as follows:

(a)  That Plaintiff takes nothing by reason of the Complaint;

(b) That this action be dismissed with prejudice;

(c) That Defendant Miller recover its costs and attorneys' fees incurred in the defense of this action;

(d) That Defendant Miller has a trial by a jury of 12 on all issues so triable;

(e) That this Court enter a pre-trial order; and

(f) Such further and other relief as this Court deems just and proper.


Respectfully submitted this 14th day of October, 2022.


*/s/ Ken Davis*
**KEN DAVIS**
Georgia Bar No. 705045
LoRusso Law Firm, LLC
1827 Powers Ferry Road SW
Building 8, Suite 200
Atlanta, GA 30339
ken@lorussolawfirm.com
Attorney for Defendant Jacob Miller

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this day, the foregoing "Rule 5.2 Certificate" was electronically filed with the Clayton County Clerk of State Court via Odyssey eFileGa, which will serve a true and correct copy of same on Defendant's counsel of record as follows:

Timothy A. Raimey
**The Arnold Law Firm, LLC**
6440 Old Hillandale Drive
Stonecrest, GA  30058
tj@thearnoldfirm.com

This 14th day of October, 2022.

LORUSSO LAW FIRM, P.C.

*/s/ Ken Davis*
By: _____
    Ken Davis
    Georgia Bar No. 705045
    Attorney for Defendant Miller

1827 Powers Ferry Road, SE
Building 8, Suite 200
Atlanta, GA  30339
770-644-2378 (P)
770-644-2379 (F)

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**10/14/2022 3:45 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JAYMES CALDWELL,                              )
                                       )        FILE NO. 22-EV-002176
          Plaintiff,                        )
                                         )
v.                                            )
                                         )
WESTDALE ASSET                                )
MANAGEMENT, LTD. d/b/a THE                    )
ALASTAIR AT ARIA VILLAGE,                     )
And JACOB MILLER,                             )
                                         )
         Defendants,                       )
_____)

## DEFENDANT JACOB MILLER'S RULE 5.2 CERTIFICATE

COMES NOW, JACOB MILLER, Defendant in the above-styled action, and

pursuant to Uniform State Court Rule 5.2, certifies that the following has this date

been served upon Plaintiff:

1.    Defendant Miller's Answer and Affirmative Defenses.

This 14th day of October, 2022.

[ Signature on the following page]

LORUSSO LAW FIRM, P.C.

*/s/ Ken Davis*

By: _____
Ken Davis
Georgia Bar No. 705045
Attorney for Defendant Miller

1827 Powers Ferry Road, SE
Building 8, Suite 200
Atlanta, GA  30339
770-644-2378 (P)
770-644-2379 (F)

## **CERTIFICATE OF SERVICE**

This is to certify that on this day, the foregoing "Rule 5.2 Certificate" was electronically filed with the Clayton County Clerk of State Court via Odyssey eFileGa, which will serve a true and correct copy of same on Defendant's counsel of record as follows:

Timothy A. Raimey
**The Arnold Law Firm, LLC**
6440 Old Hillandale Drive
Stonecrest, GA  30058
tj@thearnoldfirm.com

This 14th day of October, 2022.

LORUSSO LAW FIRM, P.C.

*/s/ Ken Davis*
By: _____
Ken Davis
Georgia Bar No. 705045
Attorney for Defendant Miller

1827 Powers Ferry Road, SE
Building 8, Suite 200
Atlanta, GA  30339
770-644-2378 (P)
770-644-2379 (F)

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**12/2/2022 10:01 AM**
**Donald Talley, Clerk**
**Civil Division**

## <u>LEAVE OF ABSENCE</u>

To:        Fulton County State Court, All Judges, Clerks of Court and Counsel of Record

From:     Ken Davis, Attorney at Law

RE:       Notice of Leave of Absence

     *COMES NOW*, Ken Davis Esq., and respectfully notifies all Judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

     The period of leave during which time Applicant will be away from the practice of law is December 21, 2022 through January 4, 2023. The purpose of the leave is for vacation.

     All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

                         Respectfully Submitted,

BY:      */s/ Ken Davis*
                        Ken Davis, Esq.
                        Georgia Bar #705045

## <u>CERTIFICATE OF SERVICE</u>

   This is to certify that I have this date served a copy of the foregoing Notice of Leave of Absence upon all judges, clerks and opposing counsel listed on the attached Exhibit "A", through the Court's e-file system. This 2nd day of December, 2022.

1827 Powers Ferry Rd SE
Building 8, Suite 200       BY:   */s/ Ken Davis*
Atlanta, Georgia 30339         Ken Davis, Esq.
                 Georgia Bar #705045

**EXHIBIT "A"**

| Name of Case/Case Number | Name of Judge/Court/County | Opposing Counsel/Co-Counsel |
|---|---|---|
| *Jaymes Caldwell v. Westdale Asset Management, LTD. d/b/a The Alastair at Aria Village and Jacob Miller*<br><br>Case Number: 22-EV-002176 | Hon. Susan E. Edlein<br><br>Fulton County State Court | Timothy A. Raimey, Esq.<br>The Arnold Law Firm, LLC<br>6440 Old Hillandale Drive<br>Stonecrest, Georgia 30058<br>tj@thearnoldlawfirm.com<br><br>Jackson A. Dial<br>Weinberg, Wheeler, Hudgins, Gunn, & Dial, LLC<br>3344 Peachtree Road, NE, Suite 2400<br>Atlanta, Georgia 30326<br>jdial@wwhgd.com |

State Court of Fulton County
**E-FILED**
22EV002176
12/9/2022 3:16 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JAYMES CALDWELL,                        )
                                        )        FILE NO. 22-EV-002176
     Plaintiff,                         )
                                        )
v.                                      )
                                        )
WESTDALE ASSET MANAGEMENT,              )
LTD. d/b/a THE ALASTAIR AT ARIA         )
VILLAGE, and JACOB MILLER,              )
                                        )
     Defendants.                        )
_____     )

## CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify that I have this date served a true and accurate copy of *"Notice of Deposition of Jaymes Caldwell,"* and *"Subpoena for Videotaped Deposition of Gary Kornegay,"* was served upon all counsel of record via electronic mail to the parties on the attached Certificate of Service.

Respectfully submitted this 9th day of December, 2022.

                                   WEINBERG WHEELER HUDGINS
                                   GUNN & DIAL, LLC

                                   */s/ Shanndor A. McClain*
3344 Peachtree Road, NE, Suite 2400      Jackson A. Dial
Atlanta, Georgia 30326                Georgia Bar No. 155955
Telephone: (404) 876-2700         Shanndor A. McClain
Facsimile: (404) 875-9433          Georgia Bar No. 235956
jdial@wwhgd.com                    *Counsel for Defendant Westdale Management*
smcclain@wwhgd.com            *Ltd. d/b/a The Alastair at Aria Village*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been

served by serving via Statutory Electronic Service addressed as follows:

Timothy A. Raimey
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldfirm.com
*Attorneys for Plaintiff*

Ken Davis
LoRusso Law Firm, LLC
1827 Powers Ferry Road SW
Building 8, Suite 200
Atlanta, GA 30339
ken@lorussolawfirm.com
*Counsel for Defendant Miller*

This 9th day of December, 2022.

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

/s/ *Shanndor A. McClain*
Jackson A. Dial
Georgia Bar No. 155955
Shanndor A. McClain
Georgia Bar No. 235956
*Counsel for Defendant Westdale Management*
*Ltd. d/b/a The Alastair at Aria Village*

3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
jdial@wwhgd.com
smcclain@wwhgd.com

State Court of Fulton County
**E-FILED**
22EV002176
12/12/2022 4:44 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAYMES CALDWELL, | ) | |
| | ) | FILE NO. 22-EV-002176 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTDALE ASSET MANAGEMENT, | ) | |
| LTD. d/b/a THE ALASTAIR AT ARIA | ) | |
| VILLAGE, and JACOB MILLER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify that I have this date served a true and accurate copy of "*Amended Subpoena for Videotaped Deposition of Gary Kornegay,*" was served upon all counsel of record via electronic mail to the parties on the attached Certificate of Service.

Respectfully submitted this 12th day of December, 2022.

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

*/s/ Shanndor A. McClain*
Jackson A. Dial
Georgia Bar No. 155955
Shanndor A. McClain
Georgia Bar No. 235956
*Counsel for Defendant Westdale Management Ltd. d/b/a The Alastair at Aria Village*

3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
jdial@wwhgd.com
smcclain@wwhgd.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been

served by serving via Statutory Electronic Service addressed as follows:

Timothy A. Raimey
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldfirm.com
*Attorneys for Plaintiff*

Ken Davis
LoRusso Law Firm, LLC
1827 Powers Ferry Road SW
Building 8, Suite 200
Atlanta, GA 30339
ken@lorussolawfirm.com
*Counsel for Defendant Miller*

This 12th day of December, 2022.

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

*/s/ Shanndor A. McClain*
Jackson A. Dial
Georgia Bar No. 155955
Shanndor A. McClain
Georgia Bar No. 235956
*Counsel for Defendant Westdale Management
Ltd. d/b/a The Alastair at Aria Village*

3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
jdial@wwhgd.com
smcclain@wwhgd.com

State Court of Fulton County
**E-FILED**
22EV002176
12/15/2022 3:16 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| JAYMES CALDWELL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **CAFN: 22-EV-002176** |
| | ) |
| WESTDALE ASSET MANAGEMENT, LTD. | ) |
| d/b/a THE ALASTAIR AT ARIA VILLAGE, | ) |
| and JACOB MILLER, | ) |
| | ) |
| Defendants. | ) |

## <u>NOTICE OF SERVICE OF DISCOVERY MATERIAL</u>

Pursuant to Uniform State Court Rule 5.2 and O.C.G.A. § 9-11-5(b), this will certify I have this day served true and correct copies of the following upon all persons identified in the attached Certificate of Service:

1. Plaintiff's First Interrogatories to Jacob Miller; and

2. Plaintiff's First Request for Production of Documents to Jacob Miller.

Respectfully submitted this 15th day of December, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

## CERTIFICATE OF SERVICE

I certify that this date I have served an accurate copy of the foregoing upon the following

addressees via STATUTORY ELECTRONIC SERVICE  and United States Mail as follows:

**KEN DAVIS**
LoRusso Law Firm, LLC
1827 Powers Ferry Road SW
Bldg. 8, Suite 200
Atlanta, GA 30339
ken@lorussolawfirm.com
Attorney for Jacob Miller

**JACKSON A. DIAL**
**SHANNDOR A. MCCLAIN**
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
jdial@wwhgd.com
smcclain@wwhgd.com

Respectfully submitted this 15th day of December, 2022.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
Attorney for Plaintiff
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**1/5/2023 5:34 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAYMES CALDWELL, | ) | |
| | ) | FILE NO. 22-EV-002176 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTDALE ASSET MANAGEMENT, | ) | |
| LTD. d/b/a THE ALASTAIR AT ARIA | ) | |
| VILLAGE, and JACOB MILLER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>NOTICE OF LEAVE OF ABSENCE</u>

COMES NOW Jackson A. Dial and respectfully notifies the Judge before whom this case is pending, the affected Clerk of Court, and all opposing counsel, pursuant to Georgia Uniform Court Rule 16, that he will be on leave during the time periods indicated below.

The periods of leave during which time the undersigned will be away from the practice of law for family vacations or professional obligations are as follows:

March 9, 2023 through March 10, 2023;
April 3, 2023 through April 7, 2023;
July 3, 2023 through July 10, 2023;
August 18, 2023; and
September 25, 2023 through September 29, 2023.

Unless opposing counsel files a written objection within ten (10) days with the Clerk of Court, with a copy to the Court and all counsel of record, or the Court denies the leave, such leave will stand granted without entry of an Order.

This 5th day of January, 2023.


[SIGNATURE ON NEXT PAGE]

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

3344 Peachtree Road, NE, Suite 2400          /s/ Jackson A. Dial
Atlanta, Georgia 30326                       Jackson A. Dial
Telephone: (404) 876-2700                    Georgia Bar No. 155955
Facsimile: (404) 875-9433                    *Counsel for Defendant Westdale Management*
jdial@wwhgd.com                              *Ltd. d/b/a The Alastair at Aria Village*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was filed via Odyssey eFileGA which

will automatically send e-mail notification of such filing to all counsel of record, as follows:

Timothy A. Raimey
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldfirm.com
*Attorneys for Plaintiff*

Ken Davis
LORUSSO LAW FIRM, LLC
1827 Powers Ferry Road SW
Building 8, Suite 200
Atlanta, GA 30339
ken@lorussolawfirm.com
*Counsel for Defendant Miller*

This 5th day of January, 2023.

*/s/ Jackson A. Dial*
Jackson A. Dial
Georgia Bar No. 155955

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**1/13/2023 10:04 AM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| ___JAYMES CALDWELL___, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 22EV002176D |
| | ) | |
| WESTDALE ASSET MGMT. LTD | ) | |
| AND JACOB MILLER _____, | ) | |
| | ) | |
| Defendant(s). | | |

### PROPOSED CASE MANAGEMENT ORDER

Pursuant to Judge Edlein's Standing Order in E-File Cases, the parties conducted an early planning conference on ___January 11, 2023___, with the following counsel (and/or pro se parties) in attendance:[1]

| **Party** | **Counsel (name and email address)** |
|---|---|
| Jaymes Caldwell | TJ Raimey, tj@thearnoldlawfirm.com |
| Westdale Asset Mgmt. Ltd | Shanndor A. McClain, SMcClain@wwhgd.com |
| Jacob Miller | Ken Davis, ken@lorussolawfirm.com |
| | |
| | |

Parties not in attendance: _____

The parties having conferred in an effort to settle the case, discuss discovery, limit issues, and discuss other matters addressed by this Case Management Order ("CMO"),

---

[1] Please also provide those parties (with answers on file) who failed to attend the early planning conference.

1

**IT IS HEREBY ORDERED** that:

- **DISCOVERY** (including, but not limited to, written discovery, depositions, and any expert discovery) commenced on _____May 26, 2022_____ pursuant to USCR 5.1 and shall close on _Friday, April 14, 2023_ (**on or after the below** date rebuttal experts' depositions must be completed).

   **The parties are directed to work together to schedule depositions virtually, if appropriate, and any in-person discovery, such as depositions and inspections.**

   **Guideline**:  Personal Injury – 6 months; Complex Personal Injury (including Wrongful Death) – 12 months; Medical Malpractice – 12 months; Complex Medical Malpractice (including Wrongful Death) – 18 months; Contract – 6 months; Complex Contract – 12 months; Other – 6 months (12 months if Complex)

   Basis for any departure from the guideline or for "complex" designation:[2]

   Discovery dates are to be extended as Defendant Miller was not served until September 15, 2022 and filed a timely answer on October 14, 2022.

- **EXPERT DISCOVERY** (if applicable):  **All expert discovery must be completed by the above discovery deadline.** The plaintiff(s) shall identify experts that are expected to testify at trial no later than __March 11, 2023.  Discovery depositions of all experts identified by the plaintiff(s) shall be completed no later than __April 11, 2023.  The defendant(s) shall identify experts that are expected to testify at trial no later than __May 11, 2023.  Discovery depositions of all experts identified by the defendant(s) shall be completed no later than __June 11, 2023.  The parties shall disclose any rebuttal experts within 45 days of the conclusion of the deposition of the expert to be rebutted, but no later than _July 11, 2023, and shall make any rebuttal experts available for deposition no later than _August 11, 2023.

- **MEDIATION** shall be completed no later than ___May 1, 2023___ (**15** days after the close of discovery).  Mediation may be conducted: (1) virtually; (2) in-person, ensuring compliance with social distancing guidelines; or (3) a combination of in-person and virtual presence.

   In all cases, all parties shall appear in such a way that everyone can be heard and seen to participate in this mediation to make a good faith effort to resolve the issues involved in this case.  In the event the named parties and counsel do not have full settlement

---

[2] Complex cases involve large number of parties, large number of claims and defenses, highly technical and exceptionally complex issues and proof, multiple experts, greater than normal amount of documents and evidence (including electronically-stored information), problems locating and preserving documents and evidence (including electronically-stored information), and extensive discovery outside the State of Georgia.

authority, those entities who do have authority shall attend the mediation along with parties and counsel.

The parties shall contact the Office of Alternative Dispute Resolution (ADR) of the Fulton County Courts at (404) 612-4549, or select a mutually agreed upon private mediator, and arrange for mediation to take place prior to the deadline set forth above. Alternatively, the parties may request a referral to a Judicially-Hosted Settlement Conference. Such request shall be directed to the Court's Staff Attorney no later than ninety (90) days prior to the mediation deadline set by the CMO and shall set forth the reasons for the request.

- **DISPOSITIVE** and/or **RULE 702 MOTIONS** shall be filed no later than thirty (30) days after the close of discovery. Prior to filing any Rule 702 motion, the parties shall meet and confer in a good faith effort to resolve the evidentiary issue(s).

- **TRIAL BY JURY** shall be set by placement on the Court's Civil Jury Trial calendar approximately sixty (60) days after the close of discovery (if no motions pending) or on the next civil trial calendar after the Court's order on any dispositive and/or Rule 702 motions. To request a special setting, the parties **shall** contact the Court's Staff Attorney, Lisa Liang, via email lisa.liang@fultoncountyga.gov and state the basis for the request no later than the close of discovery.

  **The Supreme Court of Georgia's Twelfth Order Extending Declaration of Statewide Judicial Emergency ended the blanket suspension of grand jury and jury trials. It is unknown when jury trials in Fulton County will regularly resume, particularly in civil cases such as this. The Court encourages the parties to try to resolve this matter without the need for a trial. If the parties agree, the Court is available to try this case as a bench trial.**

  **IT IS FURTHER ORDERED** that the following **PRACTICES** and **PROCEDURES**

govern this litigation:

- **DISCOVERY DISPUTES** – in addition to the obligations set forth by USCR 6.4(B), the parties shall meet and confer – (1) virtually or telephonically; (2) in-person, ensuring compliance with social distancing guidelines; or (3) a combination of in-person and virtual or telephonic presence -- in a good faith effort to resolve any discovery disputes and, in the event the parties are unable to resolve the disputes, contact Ms. Liang to request a telephonic hearing with the Court, prior to filing any discovery motion. The Court will schedule a telephonic or virtual hearing, if appropriate, or instruct the parties to brief the matter.

- **WITNESSES** – the parties shall supplement the identification of witnesses (except for purposes of impeachment), in response to any applicable discovery request, no later than fifteen (15) days after the close of discovery. Failure to do so, absent extraordinary circumstances, will result in the exclusion of the unidentified or late-identified witness.

3

- **COMMUNICATION WITH THE COURT** – the parties may contact Ms. Liang to inquire regarding any procedural issue (scheduling, case status, Court requirements, etc.) and/or to arrange a status conference or hearing.  Email correspondence, ensuring all parties are copied to the email, is highly preferred.  Unless instructed by the Court, the parties shall not submit letter briefs (including substantive emails addressing the merits) or "carbon copy" the Court on correspondence between the parties and addressing the merits.

- **MOTIONS AND RESPONSES** – pursuant to Uniform Superior Court Rule 6.1, when an attorney or party e-files a motion or any response, the attorney or party shall notify the opposing parties and Ms. Liang (lisa.liang@fultoncountyga.gov) by e-mail of the motion or response contemporaneously but no later than 24 hours after e-filing.

- **PROPOSED ORDERS and COURTESY COPIES** – the parties shall e-file proposed orders and any courtesy copies of proposed orders (if requested) shall be emailed to Ms. Liang in Word format.  The parties are discouraged from submitting courtesy copies of briefs to the Court, unless specifically requested.  The parties, however, may contact Ms. Liang regarding any consent/joint filings or other filings necessitating prompt action by the Court.

- **ORIGINAL DEPOSITION TRANSCRIPTS** – the parties shall e-file scanned copies in lieu of original deposition transcripts and retain original deposition transcripts until specifically requested by the Court or trial.

- **JUDICIAL EMERGENCY/COVID:** In the event the Statewide Judicial Emergency and/or the Atlanta Judicial Circuit's Judicial Emergency are extended and/or COVID-19 related issues arise – including any public health concerns and known individual health, economic, or other concerns regarding the litigants, lawyers, witnesses, or other persons who may be involved in the case – that prevent the parties from complying with this Case Management Order, the parties shall contact Ms. Liang, by email, to raise any scheduling issues or request a status conference.  The parties shall be prepared to submit a proposed Amended Case Management Order after consideration of all related issues.

**Failure to comply with this Order or to contact Ms. Liang concerning the deadlines imposed in this Order _prior_ to the expiration of the deadlines, may result in sanctions, including striking of pleadings, imposition of attorneys' fees, and exclusion of witnesses and evidence.  Except for _good_ cause shown and by Order of this Court, the deadlines set forth herein shall not be amended.**

Lawyers are reminded of their obligations of professionalism.  The Court is sensitive to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and

others. We shall all offer our colleagues in the practice of law concern for one another's welfare

and keep our business a profession and a calling in the spirit of public service.

This _____ day of _____, 2023.


_____
Susan E. Edlein
Judge, State Court of Fulton County

Submitted by:

Ken Davis, Esq. (Counsel for Defendant Jacob Miller)
Shanndor McClain (Counsel for Defendant Westdale Assett Mgmt. Ltd.)
Timothy Raimey (Counsel for Plaintiff Jaymes Caldwell)

State Court of Fulton County
**E-FILED**
22EV002176
1/16/2023 5:12 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAYMES CALDWELL, | ) | |
| | ) | FILE NO. 22-EV-002176 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTDALE ASSET | ) | |
| MANAGEMENT, LTD. d/b/a THE | ) | |
| ALASTAIR AT ARIA VILLAGE, | ) | |
| And JACOB MILLER, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

## 5.2 CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 16, 2023, I have served a copy of the Plaintiff's First Continuing Interrogatories to Jacob Miller upon all parties to this matter electronically via Odyssey eFileGA and/or by electronic mail addressed to the counsel of record as follows:

This 16th day of January, 2023.

**TIMOTHY A. RAIMEY**
The Arnold Law Firm, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
tj@thearnoldlawfirm.com

(Continued on Next Page)

**JACKSON A. DIAL**
**SHANNADOR A. MCCLAIN**
Weinberg, Wheeler, Hudgins, Gunn, & Dial, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
jdial@wwhgd.com
smcclain@wwhgn.com

Respectfully submitted this 16th day of January, 2023.

                              **LORUSSO LAW FIRM, P.C.**

                              By: */s/ Ken Davis*
                              Ken Davis
                              Georgia Bar No. 705045
                              Attorney for Defendant Miller

1827 Powers Ferry Road, SE
Building 8, Suite 200
Atlanta, GA 30339
770-644-2378 (P)
770-644-2379 (F)

State Court of Fulton County
**E-FILED**
22EV002176
1/16/2023 5:12 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JAYMES CALDWELL, | ) |
| | )    FILE NO. 22-EV-002176 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WESTDALE ASSET | ) |
| MANAGEMENT, LTD. d/b/a THE | ) |
| ALASTAIR AT ARIA VILLAGE, | ) |
| And JACOB MILLER, | ) |
| | ) |
| Defendants, | ) |
| _____ | ) |

## 5.2 CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 16, 2023, I have served a copy of the Plaintiff's First Continuing Interrogatories to Jacob Miller upon all parties to this matter electronically via Odyssey eFileGA and/or by electronic mail addressed to the counsel of record as follows:

This 16th day of January, 2023.

**TIMOTHY A. RAIMEY**
The Arnold Law Firm, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
tj@thearnoldlawfirm.com

(Continued on Next Page)

**JACKSON A. DIAL**
**SHANNADOR A. MCCLAIN**
Weinberg, Wheeler, Hudgins, Gunn, & Dial, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
jdial@wwhgd.com
smcclain@wwhgn.com

Respectfully submitted this 16th day of January, 2023.

**LORUSSO LAW FIRM, P.C.**

By: */s/ Ken Davis*
Ken Davis
Georgia Bar No. 705045
Attorney for Defendant Miller

1827 Powers Ferry Road, SE
Building 8, Suite 200
Atlanta, GA 30339
770-644-2378 (P)
770-644-2379 (F)

State Court of Fulton County
**E-FILED**
22EV002176
1/19/2023 1:56 AM
Donald Talley, Clerk
Civil Division

**GRANTED**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| JAYMES CALDWELL , | ) |
|  | ) |
| Plaintiff(s), | ) |
|  | )   CIVIL ACTION FILE |
| v. | )   NO. 22EV002176D |
|  | ) |
| WESTDALE ASSET MGMT. LTD | ) |
| AND JACOB MILLER , | ) |
|  | ) |
| Defendant(s). | |

### PROPOSED CASE MANAGEMENT ORDER

Pursuant to Judge Edlein's Standing Order in E-File Cases, the parties conducted an early planning conference on ___January 11, 2023___, with the following counsel (and/or pro se parties) in attendance:[1]

| **Party** | **Counsel (name and email address)** |
|---|---|
| Jaymes Caldwell | TJ Raimey, tj@thearnoldlawfirm.com |
| Westdale Asset Mgmt. Ltd | Shanndor A. McClain, SMcClain@wwhgd.com |
| Jacob Miller | Ken Davis, ken@lorussolawfirm.com |
|  |  |
|  |  |

Parties not in attendance: _____

The parties having conferred in an effort to settle the case, discuss discovery, limit issues, and discuss other matters addressed by this Case Management Order ("CMO"),

---

[1] Please also provide those parties (with answers on file) who failed to attend the early planning conference.

1

**IT IS HEREBY ORDERED** that:

- **DISCOVERY** (including, but not limited to, written discovery, depositions, and any expert discovery) commenced on _____May 26, 2022_____ pursuant to USCR 5.1 and shall close on ~~Friday, April 14, 2023~~ (**on or after the below** date rebuttal experts' depositions must be completed). AUGUST 11, 2023

  **The parties are directed to work together to schedule depositions virtually, if appropriate, and any in-person discovery, such as depositions and inspections.**

  **Guideline**: Personal Injury – 6 months; Complex Personal Injury (including Wrongful Death) – 12 months; Medical Malpractice – 12 months; Complex Medical Malpractice (including Wrongful Death) – 18 months; Contract – 6 months; Complex Contract – 12 months; Other – 6 months (12 months if Complex)

  Basis for any departure from the guideline or for "complex" designation:[2]

  Discovery dates are to be extended as Defendant Miller was not served until September 15, 2022 and filed a timely answer on October 14, 2022.

- **EXPERT DISCOVERY** (if applicable): ==**All expert discovery must be completed by the above discovery deadline.**== The plaintiff(s) shall identify experts that are expected to testify at trial no later than __March 11, 2023__. Discovery depositions of all experts identified by the plaintiff(s) shall be completed no later than __April 11, 2023__. The defendant(s) shall identify experts that are expected to testify at trial no later than __May 11, 2023__. Discovery depositions of all experts identified by the defendant(s) shall be completed no later than __June 11, 2023__. The parties shall disclose any rebuttal experts within 45 days of the conclusion of the deposition of the expert to be rebutted, but no later than __July 11, 2023__, and shall make any rebuttal experts available for deposition no later than __August 11, 2023__.

  August 28, 2023

- **MEDIATION** shall be completed no later than ___~~May 1, 2023~~___ (**15 days after the close of discovery**). Mediation may be conducted: (1) virtually; (2) in-person, ensuring compliance with social distancing guidelines; or (3) a combination of in-person and virtual presence.

  In all cases, all parties shall appear in such a way that everyone can be heard and seen to participate in this mediation to make a good faith effort to resolve the issues involved in this case. In the event the named parties and counsel do not have full settlement

---

[2] Complex cases involve large number of parties, large number of claims and defenses, highly technical and exceptionally complex issues and proof, multiple experts, greater than normal amount of documents and evidence (including electronically-stored information), problems locating and preserving documents and evidence (including electronically-stored information), and extensive discovery outside the State of Georgia.

authority, those entities who do have authority shall attend the mediation along with parties and counsel.

The parties shall contact the Office of Alternative Dispute Resolution (ADR) of the Fulton County Courts at (404) 612-4549, or select a mutually agreed upon private mediator, and arrange for mediation to take place prior to the deadline set forth above. Alternatively, the parties may request a referral to a Judicially-Hosted Settlement Conference.  Such request shall be directed to the Court's Staff Attorney no later than ninety (90) days prior to the mediation deadline set by the CMO and shall set forth the reasons for the request.

- **DISPOSITIVE** and/or **RULE 702 MOTIONS** shall be filed no later than thirty (30) days after the close of discovery.  Prior to filing any Rule 702 motion, the parties shall meet and confer in a good faith effort to resolve the evidentiary issue(s).

<span style="color:red">OCTOBER 2023</span>

- **TRIAL BY JURY** shall be set by placement on the Court's Civil Jury Trial calendar approximately sixty (60) days after the close of discovery (if no motions pending) or on the next civil trial calendar after the Court's order on any dispositive and/or Rule 702 motions.  To request a special setting, the parties **shall** contact the Court's Staff Attorney, Lisa Liang, via email lisa.liang@fultoncountyga.gov and state the basis for the request no later than the close of discovery.

    **The Supreme Court of Georgia's Twelfth Order Extending Declaration of Statewide Judicial Emergency ended the blanket suspension of grand jury and jury trials. It is unknown when jury trials in Fulton County will regularly resume, particularly in civil cases such as this.  The Court encourages the parties to try to resolve this matter without the need for a trial.  If the parties agree, the Court is available to try this case as a bench trial.**

    **IT IS FURTHER ORDERED** that the following **PRACTICES** and **PROCEDURES**

govern this litigation:

- **DISCOVERY DISPUTES** – in addition to the obligations set forth by USCR 6.4(B), the parties shall meet and confer – (1) virtually or telephonically; (2) in-person, ensuring compliance with social distancing guidelines; or (3) a combination of in-person and virtual or telephonic presence -- in a good faith effort to resolve any discovery disputes and, in the event the parties are unable to resolve the disputes, contact Ms. Liang to request a telephonic hearing with the Court, prior to filing any discovery motion.  The Court will schedule a telephonic or virtual hearing, if appropriate, or instruct the parties to brief the matter.

- **WITNESSES** – the parties shall supplement the identification of witnesses (except for purposes of impeachment), in response to any applicable discovery request, no later than fifteen (15) days after the close of discovery.  Failure to do so, absent extraordinary circumstances, will result in the exclusion of the unidentified or late-identified witness.

- **COMMUNICATION WITH THE COURT** – the parties may contact Ms. Liang to inquire regarding any procedural issue (scheduling, case status, Court requirements, etc.) and/or to arrange a status conference or hearing.  Email correspondence, ensuring all parties are copied to the email, is highly preferred.  Unless instructed by the Court, the parties shall not submit letter briefs (including substantive emails addressing the merits) or "carbon copy" the Court on correspondence between the parties and addressing the merits.

- **MOTIONS AND RESPONSES** – pursuant to Uniform Superior Court Rule 6.1, when an attorney or party e-files a motion or any response, the attorney or party shall notify the opposing parties and Ms. Liang (lisa.liang@fultoncountyga.gov) by e-mail of the motion or response contemporaneously but no later than 24 hours after e-filing.

- **PROPOSED ORDERS and COURTESY COPIES** – the parties shall e-file proposed orders and any courtesy copies of proposed orders (if requested) shall be emailed to Ms. Liang in Word format.  The parties are discouraged from submitting courtesy copies of briefs to the Court, unless specifically requested.  The parties, however, may contact Ms. Liang regarding any consent/joint filings or other filings necessitating prompt action by the Court.

- **ORIGINAL DEPOSITION TRANSCRIPTS** – the parties shall e-file scanned copies in lieu of original deposition transcripts and retain original deposition transcripts until specifically requested by the Court or trial.

- **JUDICIAL EMERGENCY/COVID:** In the event the Statewide Judicial Emergency and/or the Atlanta Judicial Circuit's Judicial Emergency are extended and/or COVID-19 related issues arise – including any public health concerns and known individual health, economic, or other concerns regarding the litigants, lawyers, witnesses, or other persons who may be involved in the case – that prevent the parties from complying with this Case Management Order, the parties shall contact Ms. Liang, by email, to raise any scheduling issues or request a status conference.  The parties shall be prepared to submit a proposed Amended Case Management Order after consideration of all related issues.

**Failure to comply with this Order or to contact Ms. Liang concerning the deadlines imposed in this Order _prior_ to the expiration of the deadlines, may result in sanctions, including striking of pleadings, imposition of attorneys' fees, and exclusion of witnesses and evidence.  Except for _good_ cause shown and by Order of this Court, the deadlines set forth herein shall not be amended.**

Lawyers are reminded of their obligations of professionalism.  The Court is sensitive to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and

others. We shall all offer our colleagues in the practice of law concern for one another's welfare

and keep our business a profession and a calling in the spirit of public service.

This 19th day of January , 2023.

_____
Susan E. Edlein
Judge, State Court of Fulton County

Submitted by:

Ken Davis, Esq. (Counsel for Defendant Jacob Miller)
Shanndor McClain (Counsel for Defendant Westdale Assett Mgmt. Ltd.)
Timothy Raimey (Counsel for Plaintiff Jaymes Caldwell)

5

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**1/24/2023 4:14 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| JAYMES CALDWELL, | ) | |
| | ) | FILE NO. 22-EV-002176 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTDALE ASSET | ) | |
| MANAGEMENT, LTD. d/b/a THE | ) | |
| ALASTAIR AT ARIA VILLAGE, | ) | |
| And JACOB MILLER, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

## **5.2 CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 24, 2023, I have served a copy of the

Plaintiff's First Supplemental Responses to Plaintiff's Interrogatories to Defendant

Jacob Miller upon all parties to this matter electronically via Odyssey eFileGA

and/or by electronic mail addressed to the counsel of record as follows:

**TIMOTHY A. RAIMEY**
The Arnold Law Firm, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
tj@thearnoldlawfirm.com

(Continued on Next Page)

**JACKSON A. DIAL**
**SHANNADOR A. MCCLAIN**
Weinberg, Wheeler, Hudgins, Gunn, & Dial, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
jdial@wwhgd.com
smcclain@wwhgn.com

Respectfully submitted this 24th day of January, 2023.

**LORUSSO LAW FIRM, P.C.**

By: */s/ Ken Davis*
Ken Davis
Georgia Bar No. 705045
Attorney for Defendant Miller

1827 Powers Ferry Road, SE
Building 8, Suite 200
Atlanta, GA 30339
770-644-2378 (P)
770-644-2379 (F)

State Court of Fulton County
**E-FILED**
22EV002176
1/25/2023 9:19 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| JAYMES CALDWELL | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CAFN: 22-EV-002176** |
| | ) |
| WESTDALE ASSET MANAGEMENT, LTD. | ) |
| d/b/a THE ALASTAIR AT ARIA VILLAGE, | ) |
| and JACOB MILLER, | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF DEPOSITION

**TO:**   **JACOB MILLER**

By and through his attorney of record

YOU ARE NOTIFIED that on February 27, 2023 beginning at 10:00 a.m. via zoom or some other virtual platform, and pursuant to O.C.G.A. §9-11-30 the attorney for Plaintiff will take the deposition of Jacob Miller upon oral examination and for all purposes allowed under Georgia law. The deposition will be taken before a notary public or some other officer duly authorized by law to take depositions and may be videotaped, and will continue from day to day until its completion.

Respectfully submitted this 25th day of January, 2023.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that this date I have served an accurate copy of the foregoing upon the following addressees via STATUTORY ELECTRONIC SERVICE, addressed as follows:

**JACKSON A. DIAL**
jdial@wwhgd.com
**SHANNDOR MCCLAIN**
smcclain@wwhgn.com
Attorneys for Westdale Asset Management, LTD

**KEN DAVIS**
ken@lorussolawfirm.com
Attorney for Jacob Miller

Respectfully submitted this 25th day of January, 2023.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com
Attorney for Plaintiff

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002176**
**1/25/2023 9:36 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| JAYMES CALDWELL | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **CAFN: 22-EV-002176** |
| | ) |
| **WESTDALE ASSET MANAGEMENT, LTD.** | ) |
| **d/b/a THE ALASTAIR AT ARIA VILLAGE,** | ) |
| **and JACOB MILLER,** | ) |
| | ) |
|     **Defendants.** | ) |

### AMENDED NOTICE OF DEPOSITION

**TO:   JACOB MILLER**

By and through his attorney of record

YOU ARE NOTIFIED that on February 27, 2023 beginning at 2:00 p.m. via zoom or some other virtual platform, and pursuant to O.C.G.A. §9-11-30 the attorney for Plaintiff will take the deposition of Jacob Miller upon oral examination and for all purposes allowed under Georgia law. The deposition will be taken before a notary public or some other officer duly authorized by law to take depositions and may be videotaped, and will continue from day to day until its completion.

Respectfully submitted this 25th day of January, 2023.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      I certify that this date I have served an accurate copy of the foregoing upon the following

addressees via STATUTORY ELECTRONIC SERVICE, addressed as follows:

**JACKSON A. DIAL**
jdial@wwhgd.com
**SHANNDOR MCCLAIN**
smcclain@wwhgn.com
Attorneys for Westdale Asset Management, LTD

**KEN DAVIS**
ken@lorussolawfirm.com
Attorney for Jacob Miller

Respectfully submitted this 25th day of January, 2023.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com
Attorney for Plaintiff

State Court of Fulton County
**E-FILED**
22EV002176
1/31/2023 4:43 PM
Donald Talley, Clerk
Civil Division

## <u>LEAVE OF ABSENCE</u>

To:            Fulton County State Court, All Judges, Clerks of Court and Counsel of Record

From:        Ken Davis, Attorney at Law

RE:           Notice of Leave of Absence

Date:        January 31, 2023

Please note that I will be away from the practice of law on the dates listed below for vacation and family leave. Pursuant to uniform Superior Court Rule 16.1, I am providing notice to all affected court clerks, judges and counsel listed on Exhibit "A".

1. **April 1, 2023 through April 7, 2023 (Vacation)**
2. **April 17, 2023 through May 5, 2023 (Family Leave)**

All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

Respectfully Submitted,

BY:        _/s/ Ken Davis_
Ken Davis, Esq.
Georgia Bar #705045

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that I have this date served a copy of the foregoing Notice of Leave of Absence upon all judges, clerks and opposing counsel listed on the attached Exhibit "A", through the Court's e-file system. This 31st day of January, 2023.

1827 Powers Ferry Rd SE
Building 8, Suite 200               BY:        */s/ Ken Davis*
Atlanta, Georgia 30339                    Ken Davis, Esq.
                                            Georgia Bar #705045

**EXHIBIT "A"**

| Name of Case/Case Number | Name of Judge/Court/County | Opposing Counsel/Co-Counsel |
|---|---|---|
| *Jaymes Caldwell v. Westdale Asset Management, LTD. d/b/a The Alastair at Aria Village and Jacob Miller*<br><br>Case Number: 22-EV-002176 | Hon. Susan E. Edlein<br><br>Fulton County State Court | Timothy A. Raimey, Esq. The Arnold Law Firm, LLC 6440 Old Hillandale Drive Stonecrest, Georgia 30058 tj@thearnoldlawfirm.com<br><br>Jackson A. Dial Weinberg, Wheeler, Hudgins, Gunn, & Dial, LLC 3344 Peachtree Road, NE, Suite 2400 Atlanta, Georgia 30326 jdial@wwhgd.com |

State Court of Fulton County
**E-FILED**
22EV002176
3/7/2023 1:57 PM
Donald Talley, Clerk
Civil Division

**THE ARNOLD**
LAW / FIRM

6440 Old Hillandale Drive, Stonecrest, GA 30058 | O: 404.692.5251 | C: 404.729.7586 |
tj@thearnoldlawfirm.com

March 7, 2023

## NOTICE OF LEAVE OF ABSENCE

Pursuant to Uniform Court Rule 16, Timothy A. Raimey respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all opposing counsel or pro se litigants that he will be on leave from the practice of law.

The periods of leave during which time Timothy A. Raimey will be away from the practice of law and the purpose of said leave are as follows:

1. May 25-30, 2023 (personal vacation)
2. June 15-20, 2023 (personal vacation)
3. July 3-16, 2023 (personal vacation)
4. September 22-26, 2023 (personal vacation)
5. October 19-24, 2023 (personal vacation)
6. November 21-26, 2023 (personal vacation)
7. December 18, 2023 through January 2, 2024 (personal vacation)

All affected Judges and opposing counsel or pro se litigants have ten days from the date of this Notice to object to it; if no objections are filed, the leave shall be granted.

Respectfully Submitted,


/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY, ESQ.**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing Notice of Leave of Absence upon all judges, clerks and opposing counsel listed on the attached Exhibit "A," through STATUTORY ELECTRONIC SERVICE or U.S. Mail with adequate postage affixed thereto as appropriate.


Respectfully Submitted,


/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY, ESQ.**

**EXHIBIT A**

| CASE STYLE | JUDGE | OPPOSING COUNSEL |
|---|---|---|
| Jaymes Caldwell v. Westdale Asset Mgmt., LTD and Jacob Miller CAFN: 22EV002176 | Hon. Susan E. Edlein State Court of Fulton County | Jackson Dial jdial@wwhgd.com Shanndor McClaim smcclain@wwhgd.com Ken Davis ken@lorussolawfirm.com |

State Court of Fulton County
**E-FILED**
22EV002176
3/16/2023 11:47 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| JAYMES CALDWELL | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAFN:**    **22EV002176** |
| | ) | |
| WESTDALE ASSET MANAGEMENT, LTD. | ) | |
| d/b/a THE ALASTAIR AT ARIA VILLAGE, | ) | |
| and JACOB MILLER, | ) | |
| | ) | |
| **Defendants.** | ) | |

## AMENDED COMPLAINT FOR DAMAGES

**JAYMES CALDWELL**, Plaintiff in this case, files this *Amended Complaint for Damages*, and respectfully shows as follows:

### PARTIES

1.

Plaintiff is a resident of Georgia and submits to the jurisdiction and venue of this Court.

2.

**WESTDALE ASSET MANAGEMENT, LTD. d/b/a THE ALASTAIR AT ARIA VILLAGE** ("Defendant Westdale") is a foreign limited partnership with its principal place of business located at 2550 Pacific Avenue, Suite 1600, Dallas, Texas 75226.

3.

Defendant Westdale is subject to the jurisdiction and venue of this Court because Defendant Westdale transacts business within the State of Georgia and the tortious acts alleged herein were committed in the State of Georgia.

4.

Defendant Westdale may be served with Amended Complaint through its attorneys of record.

5.

**JACOB MILLER** ("Defendant Miller") is a resident of the State of Texas and may be served with Amended Complaint through his attorneys of record.

<u>FACTS</u>

6.

On May 5, 2021 Defendant Westdale owned, operated, or managed the apartment complex known as The Alastair at Aria Village, located at 6500 Aria Boulevard, Sandy Springs, Georgia 30328 (hereafter "Subject Premises").

7.

On May 5, 2021 Defendant Westdale employed Defendant Miller as an on-site security officer at the Subject Premises.

8.

On May 5, 2021 Defendant Miller was also employed as a police officer for the City of Sandy Springs, Georgia.

9.

On May 5, 2021 Plaintiff was working for a moving company, and was assisting a resident move into the resident's apartment at the Subject Premises.

10.

On May 5, 2021 Defendant Miller attended a "Cinco De Mayo" social gathering at the Subject Premises and consumed an alcoholic beverage during the gathering.

11.

On May 5, 2021 Defendant Miller went to dinner with his wife and consumed an alcoholic beverage at the restaurant.

12.

On May 5, 2021 after consuming the alcoholic beverages and returning to the Subject Premises, Defendant Miller approached Plaintiff and demanded Plaintiff move the moving truck parked on the grounds of the Subject Premises.

13.

At the same time, Defendant Miller identified himself to Plaintiff as the peace officer for the complex or courtesy officer, and as a Sandy Springs Police officer.

14.

At some point during the interaction between Defendant Miller and Plaintiff, Defendant Miller got into his Sandy Springs Police Department issued vehicle and activated the emergency lights on the vehicle. Defendant Miller also produced and showed his Sandy Springs Police Department badge and body camera to Plaintiff.

15.

When Plaintiff refused to move the truck, Defendant Miller, without justification used unnecessary and excessive force to physically assault Plaintiff, causing injuries to Plaintiff's person.

16.

At all relevant times herein Defendant Miller was acting within the scope of his employment with Defendant Westdale.

17.

At all relevant times herein Defendant Miller was acting under the color of law and in his capacity as a police officer.

18.

As a result of Defendant Miller's violent and unprovoked attack, Plaintiff has incurred special damages in the form of medical bills and loss of income, approximately totaling $20,000.

19.

As a result of Defendant Miller's violent and unprovoked attack, Plaintiff has incurred general damages in the form pain and suffering.

Violation of Plaintiff's Civil Rights; 42 USC §1983

20.

Plaintiff brings this 42 USC §1983 claim against Defendant Miller in his individual capacity.

21.

42 U.S.C. §1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

22.

Defendant Miller was acting under the color of all at all relevant times herein.

23.

Plaintiff had the clearly established right to be secure in his person from unreasonable searches and seizures without due process, under the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

24.

Defendant Miller knew or should have known of these clearly established constitutional rights at the time of the complained of conduct.

25.

The acts of Defendant Miller, to wit: attempting to give a lawful order to Plaintiff after consuming alcoholic beverages and using unjustified, unreasonable, unnecessary, and excessive force upon Plaintiff during the interaction as described herein deprived Plaintiff of his constitutional rights and caused Plaintiff's damages.

26.

Defendant Miller is not entitled to qualified/official immunity for the complained of conduct.

27.

As a direct result of Defendant Miller's unlawful conduct, Plaintiff has suffered and incurred significant injuries, medical bills, and emotional injuries entitling him to special damages, general damages, and punitive damages, in amounts to be determined at trial.

28.

Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgement interest and costs as allowable by Georgia and federal law.

<u>State Law Claims</u>

29.

Defendant Miller is liable to Plaintiff for special and general damages under O.C.G.A. §51-1-14 because Defendant Miller did commit or attempted to commit a violent physical injury upon Plaintiff.

30.

Defendant Miller is liable to Plaintiff for special and general damages under O.C.G.A. §51-7-1 for false arrest.

31.

Defendant Miller is liable to Plaintiff for special and general damages under O.C.G.A. §51-7-20 for false imprisonment.

32.

Defendant Westdale is liable to Plaintiff for special and general damages because Defendant Westdale is responsible for the intentional acts of its employees.

33.

Defendant Westdale is liable to Plaintiff for special and general damages under O.C.G.A. §51-3-1 because Defendant Westdale failed to exercise ordinary care in keeping the Subject Premises safe for Plaintiff.

34.

Defendant Westdale is liable to Plaintiff for special and general damages under O.C.G.A. §51-2-2 because Plaintiff was injured due to the willful acts of Defendant Westdale's employee.

35.

Defendants are liable to Plaintiff for punitive damages because Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

WHEREFORE, Plaintiff prays the following:

a.   A trial by a jury of 12 on all issues triable;

b.   An award of special, general, and punitive damages against Defendants and in Plaintiff's favor;

c.   An award of all expenses and costs of litigation;

d.   An award of attorney fees; and

e.   Any other relief the Court and/or Jury find reasonable and just.

Respectfully submitted this 16th day of March, 2023.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY, ESQ.**
Georgia Bar No. 957293
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, Georgia 30058
tj@thearnoldlawfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that this date I have served an accurate copy of the foregoing upon the following addressees via STATUTORY ELECTRONIC SERVICE, addressed as follows:

**JACKSON A. DIAL**
jdial@wwhgd.com
**SHANNDOR MCCLAIN**
smcclain@wwhgn.com
Attorneys for Westdale Asset Management, LTD

**KEN DAVIS**
ken@lorussolawfirm.com
Attorney for Jacob Miller

Respectfully submitted this 16th day of March, 2023.

/s/ Timothy A. Raimey
**TIMOTHY A. RAIMEY**
Georgia Bar No. 957293
THE ARNOLD LAW FIRM, LLC
6440 Old Hillandale Drive
Stonecrest, GA 30058
404.729.7586
tj@thearnoldlawfirm.com
Attorney for Plaintiff