**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| JEREMIAH GOODEN,<br><br>              Plaintiff,<br>        v.<br><br>CAD ACCOUNTS RECEIVABLE MGMT LLC<br><br>              Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jeremiah Gooden ("Plaintiff") alleges Defendant CAD Accounts Receivable Management, LLC ("CAD") has violated his rights as provided by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-390, et seq.

## **JURISDICTION AND VENUE**

1.      The District Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

3.      Venue is also proper in this District because Plaintiff resides within this

1

District and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person obligated or allegedly obligated to pay any debt, and he is therefore a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3). Plaintiff resides in the City of Newnan in Coweta, Georgia.

5. Defendant CAD is a debt collection company that regularly conducts business in Georgia on a routine and systematic basis. CAD's principal place of business is 1606 NW Jordan Court, Blue Springs, MO 64015.

6. CAD can be served through its registered agent Steven Paul McCollum at 1606 NW Jordan Court, Blue Springs, MO 64015. Defendant is in the business contacting consumer attempting to collect consumer debts.

7. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is therefore a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6). Defendant regularly uses telephones to engage in the business of collecting debts and/or alleged debts from consumers in several states, including Georgia.

8. Any violations by Defendant as set forth in this Complaint were knowing and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

9. During all time pertinent to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. On or about October 18, 2021, Plaintiff filed for a voluntary "no asset" bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 21-10956.

11. The debt owed to nonparty Fayette Early Learning Academy ("Fayette") was listed as a dischargeable debt in the schedules attached to Mr. Gooden's bankruptcy petition and the Court promptly mailed a "Notice of Meeting of Creditors" to Fayette on October 19, 2021.

12. Fayette is a daycare center that Plaintiff's child attended.

13. On or about February 15, 2022, Plaintiff's Chapter 7 Bankruptcy was discharged by Order of the Bankruptcy Court.

14. Thereafter, Plaintiff was not personally liable for any of his dischargeable debts.

15. The Bankruptcy Court promptly sent a copy of the Discharge Order to Fayette on February 17, 2022.

16. Defendant is aware that a "no asset" Chapter 7 Bankruptcy discharge

generally discharges all of Plaintiff's pre-petition debts, except those reaffirmed through a formal reaffirmation process.

17. Sometime after Plaintiff's Bankruptcy discharge, Fayette sold its debt to CAD in order to begin collection on the Account ending in 16982 (the "Account").

18. Upon information and belief, Fayette notified CAD of Plaintiff's bankruptcy discharge.

19. Despite having notice of Plaintiff's bankruptcy and the subject debt's discharge, beginning in April 2022 through June 2022, Defendant started a text message debt collection campaign against Plaintiff to collect the discharged debt of $2,338.75.

20. The texts originated from the following numbers: +1 833-676-3941, +1 833-756-2735, and 844-400-0314.

21. The texts from Defendant not only attempted to induce Plaintiff into making a payment on the discharged debt, but they also threatened to report false information to credit reporting agencies and pursue legal action if Plaintiff did not pay.













///

22. On or about November 15, 2022, Plaintiff's attorneys sent a letter to CAD informing Defendant that Plaintiff had filed for Chapter 7 bankruptcy protection, had obtained a Discharge Order, and that the subject debt had been discharged.

23. Accordingly, Plaintiff put Defendant on notice that its debt collection activities violated the FDCPA.

24. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, I*nc., No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

25. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, *quoting Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

26. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, *citing Church*, at 3.

27. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the Debt.

28. Accordingly, through the violation of Plaintiff's statutorily-created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

29. Defendants' collection of an amount not legally owed was deceptive, misleading, unfair, unconscionable, and violated numerous provisions of the FDCPA.

30. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by loss of sleep; loss of time; the expenditure of time and money disputing and trying to stop the illegal debt collection activities; the expenditure of labor and effort disputing and trying to stop the illegal debt collection activities; the expenditure of time and money conferring with Counsel to communicate to Defendant to stop the illegal debt collection activities; embarrassment; fear; humiliation; stress and anxiety; altered mood; irritability; headaches; emotional and mental pain, and anguish.

31. Defendant also injured Plaintiff by diminishing Plaintiff's efforts to obtain a fresh start following his bankruptcy discharge, and placing Plaintiff in fear of further legal proceedings or other avenues Defendants might pursue to collect the

alleged debt.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(10)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The FDCPA is a comprehensive regulatory scheme that Congress enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. §§ 1692(a), (e).

34. When Congress enacted the FDCPA in 1977, Congress had found that abusive debt collection practices harmed consumers by, among other things, increasing personal bankruptcy, marital instability, loss of employment, and invasion of privacy.

35. Defendant's communication to Plaintiff is deliberately coercive and contains statements that the least sophisticated consumer would interpret as consequences in the event of non-payment of the debt. Defendant's primary purpose of the communication to Plaintiff is to unlawfully extract money from Plaintiff.

36. Defendant used text messages to pursue an uncollectible debt against Plaintiff.

37. Defendant violated § 1692e(2)(A) of the FDCPA by misrepresenting the legal status of the alleged debt that Defendant attempted to collect from Plaintiff.

38. Defendant further violated the FDCPA by making false, deceptive, and misleading representations that Plaintiff still owed Defendant for the judgment and debt, when the debt had been discharged in Plaintiff's "no asset" Chapter 7 bankruptcy.

39. In this case, Plaintiff did not owe the debt Defendant attempted to collect because that debt was discharged in bankruptcy.

40. Defendant's representations were made knowingly and with intent to deceive and mislead Plaintiff and to collect an amount greater than that Plaintiff owed.

41. Defendant's representations were made knowingly and with intent to deceive and mislead Plaintiff and to collect an amount greater than that Plaintiff owed.

42. Defendant does not maintain procedures reasonably adapted to avoid such conduct.

43. Defendant's debt collection actions, including sending at least one collection letter and several text messages, which were false, deceptive, or a misleading representation or means used by Defendant in connection with the

collection of a debt.

44. Defendant made false, deceptive, and misleading representations—that Defendant is legally entitled to collect the Debt—in connection with Defendant's attempts to collect the debt, in violation of 15 U.S.C. §§ 1692e, and e(10).

45. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees. Plaintiff has suffered injuries in fact, including, denials of credit, invasion of privacy, emotional distress, embarrassment, frustration, and interference with usual activities.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
**15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(10)**

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Defendant's actions constitute unfair or unconscionable means to collect or attempt to collect a consumer debt in violation of 15 U.S.C. § 1692f.

48. Defendant's debt collection actions were false, deceptive, and misleading representations or means used by Defendant in connection with the collection of Plaintiff's alleged debt.

49. Defendant's unfair and unconscionable means include, without

limitation:

    a. Attempting to collect a debt from Plaintiff that was discharged in bankruptcy, and was therefore not due and owing or legally collectible;

    b. Misleading Plaintiff as to the validity of the debt;

    c. Misleading Plaintiff as to the consequence of failing to pay the debt;

    d. Attempting to coerce, pressure and/or deceive Plaintiff into paying money that Plaintiff did not in fact owe.

50. Defendant's debt collection actions were false, deceptive, or a misleading representation or means used by Defendants in connection with the collection of a debt.

51. As a result of the foregoing violations of the FDCPA, Plaintiff suffered injuries in fact, including but not limited to emotional distress, embarrassment, frustration, lost sleep, and interference with usual activities. Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees.

52. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT III
## VIOLATION OF THEGEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, *et seq*.

53. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

54. The purpose of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1- 390, et seq. (the "GFBPA"), is to protect consumers from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

55. The GFBPA is to be liberally construed and applied to promote its underlying purposes and policies and is to be interpreted and construed consistently with interpretations given by the Federal Trade Commission in the federal courts pursuant to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. Section 45(a)(1)), which implements the FDCPA. *Id.*

56. The GFBPA broadly prohibits unfair business practices. O.C.G.A. § 10- 1-393(a).

57. Defendant's attempt to collect an alleged deficiency, which Defendant is legally precluded from collecting, amounts to an unfair business practice, and violates O.C.G.A. § 10-1-393(a).

58. Defendant intentionally engaged in unfair and deceptive practices in an

effort to collect a consumer debt.

59.     Plaintiff was harmed by Defendant's unfair conduct.

60.     Upon information and belief, the filing of obviously improper proofs of claim is Defendant's modus operandi for debt collection and is done on a wide scale.

61.     Defendant's conduct has implications for the consuming public in general.

62.     Defendant's conduct negatively impacts the consumer marketplace.

63.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiff of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

64.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

65.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

66.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

67.     Plaintiff is entitled to recover reasonable attorney's fees and expenses

of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C. Injunctive relief prohibiting the Defendant's continued abusive debt-collection conduct in violation of the FDCPA;

D. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

F. Any pre-judgment and post-judgment interest as may be allowed under the law;

G. General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1- 399(a) and (c);

H. Reasonable attorney's fees and costs pursuant to O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

I. Should this action be deemed properly one for violations of the discharge injunction, a determination that Plaintiff is entitled to recover

actual and punitive damages, attorney's fees and costs, and such other or further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 11th day of April 2023,

> Jenna Dakroub, GA #385021
> **CONSUMER ATTORNEYS**
> 8245 N. 85th Way
> Scottsdale, AZ 85258
> T: (602) 807-1525
> F: (718) 715-1750
> E: jdakroub@consumerattorneys.com
> *Attorneys for Plaintiff,*
> *Jeremiah Gooden*