**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GLENDORA GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: |
| v. | ) | |
| | ) | |
| SECURIAN LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>COMPLAINT</u>**

COMES NOW Plaintiff, Glendora Grant ("Ms. Grant"), and files this

Complaint against Defendant Securian Life Insurance Company ("Securian"),

showing the Court as follows:

1.

This is an action under the Employee Retirement Income Security Act of 1974

as amended ("ERISA"), 29 U.S.C. § 1001 et seq., to recover Accidental Death &

Dismemberment ("AD&D") benefits under the terms of an employee welfare benefit

plan (hereafter "the AD&D Plan" or "the Plan") maintained by PepsiCo, Inc., and to

clarify and/or enforce Plaintiff's rights under the Plan.

2.

The AD&D Plan is an "Employee Welfare Benefit Plan" as defined by

ERISA, 29 U.S.C. § 1002(1). A copy of the Plan is attached as Exhibit A.

3.

The deceased, Melvin Williams, was an employee of PepsiCo, Inc., and was enrolled as a "Participant" in the Plan, as defined by ERISA, 29 U.S.C. § 1002(7).

4.

The Plaintiff, Ms. Grant, is a "beneficiary" of the Plan, as defined by ERISA, 29 U.S.C. § 1002(8).

5.

Jurisdiction is based on ERISA, 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

6.

Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 29 U.S.C. § 1132(e)(2) because Defendant Securian conducts business in Georgia and the breach of Securian's duties alleged herein occurred in Georgia.

7.

Defendant Securian is a Minnesota corporation authorized to do business in the State of Georgia.

8.

This Court has personal jurisdiction over Defendant Securian.

9.

Defendant Securian may be served through its registered agent for service, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

10.

The AD&D Plan is insured by a group policy of insurance issued by Defendant Securian.

11.

Defendant Securian is responsible for deciding Plaintiff's claim for benefits and has handled all communications concerning Plaintiff's claim.

12.

On information and belief, all benefits under the Plan are paid from the general assets of Defendant Securian.

13.

Under the Plan, Defendant Securian promised to pay AD&D benefits as follows:

**To whom will we pay the accidental death or dismemberment benefit?**

In the case of your accidental death, we will pay the accidental death benefit to the beneficiary or beneficiaries. All other benefits will be payable to you, if living, otherwise to your estate.

A beneficiary is named by you to receive the accidental death benefit to be paid at your accidental death. You may name one or more beneficiaries. You cannot name the policyholder or an associated company as a beneficiary.

You may also choose to name a beneficiary that you cannot change without the beneficiary's consent. This is called an irrevocable beneficiary.

If there is more than one beneficiary, each will receive an equal share, unless you have requested another method in writing. To receive the accidental death benefit, a beneficiary must be living at the time of your accidental death. In the event a beneficiary is not living at the time of your accidental death, that beneficiary's portion of the accidental death benefit shall be equally distributed to the remaining surviving beneficiaries. In the event of the simultaneous deaths of you and a beneficiary, the accidental death benefit will be paid as if you survived the beneficiary.

---

If there is no eligible beneficiary, or if you do not name one, we will pay the accidental death benefit to:

    (1)   your lawful spouse, if living, otherwise;
    (2)   your natural or legally adopted child (children) in equal shares, if living, otherwise;
    (3)   your parents in equal shares, if living, otherwise;
    (4)   your siblings in equal shares, if living, otherwise;
    (5)   the personal representative of your estate.

14.

The Plan defines accidental death as follows:

> **Accidental Death and Dismemberment Benefit**
>
> **What does accidental death or dismemberment by accidental injury mean?**
>
> Accidental death or dismemberment by accidental injury means that an insured's death or dismemberment results, directly and independently of all other causes, from an accidental injury which is unintended, unexpected, and unforeseen.
>
> The injury must occur while the insured's coverage is in force. The insured's death or dismemberment must occur within 365 days after the date of the injury and while his or her coverage is in force.

15.

The Plan states the following regarding the timing of benefits payments and interest payable:

> **When will the accidental death or dismemberment benefit be payable?**
>
> We will pay the accidental death or dismemberment benefit within 60 days of receipt at our home office of written proof satisfactory to us that you died or suffered a covered dismemberment as a result of a covered accidental injury. All payments by us are payable from our home office.
>
> The benefit will be paid in a single sum. We will pay interest on the benefit from the date of your death or dismemberment until the date of payment. Interest will be at an annual rate determined by us, but never less than 3% per year or the minimum required by state law, whichever is greater.

16.

In the event of accidental death, the Plan provides that Securian will pay 100% of the amount of insurance:

**What is the amount of the accidental death and dismemberment benefit?**

The amount of the benefit shall be a percentage of the amount of insurance shown on the specifications page attached to this certificate. The percentage is determined by the type of loss as shown in the following table:

| TYPE OF LOSS | PERCENT OF AMOUNT OF INSURANCE |
|---|---|
| Life | 100% |
| Both Hands or Both Feet | 100% |
| Sight of Both Eyes | 100% |
| Speech and Hearing | 100% |
| One Hand and One Foot | 100% |
| One Foot and Sight of One Eye | 100% |
| One Hand and Sight of One Eye | 100% |
| Quadriplegia | 100% |
| Paraplegia | 75% |
| Sight of One Eye | 50% |
| Speech or Hearing | 50% |
| One Hand or One Foot | 50% |
| Hemiplegia | 50% |
| Thumb and Index Finger of One Hand | 25% |

17.

The AD&D Plan allowed the insured to elect varying levels of voluntary AD&D coverage, expressed as multiples of the insured's annual earnings, up to a maximum of 15 times earnings and $1,000,000 of coverage.

18.

On information and belief, the deceased, Mr. Williams, was insured in the amount of 15 times his annual earnings of $47,263.34, for a total of $708,950.10.

15.

On September 8, 2022, Mr. Williams suffered a fall while inpatient at Atrium

Health Navicent Medical Center in Macon, Georgia.

16.

As a direct and proximate result of injuries suffered in the fall, Mr. Williams

died on September 13, 2022.

17.

Mr. Williams' death constitutes a covered loss under the terms of the AD&D

Plan.

18.

On or about October 27, 2022, Ms. Grant filed a claim for benefits with

Defendant Securian.

19.

Upon receipt of Ms. Grant's claim, Securian had 90 days to decide the claim

or to provide written notice to Ms. Grant that it was extending its deadline pursuant

to specific procedures set forth in ERISA's claims procedure regulation, 29 C.F.R.

§ 2560.503-1(f)(1).

20.

The 90-day deadline for Securian to decide the claim or provide written notice

of extension expired on or about January 25, 2023.

21.

Securian failed to provide a legally valid written notice of extension prior to January 25, 2023.

22.

Securian has not followed the procedures necessary to "toll" its decision deadline under § 2560.503-1(f)(4), nor do conditions exist that would allow for tolling.

23.

As of the date of this pleading, Securian has not rendered a decision on Ms. Grant's claim.

24.

Securian's failure to render a timely claim decision or to request a timely extension is a significant and substantial violation of ERISA's claims procedures.

25.

Due to Securian's failure to strictly comply with its regulatory obligations, including, but not limited to rendering a timely decision on claim, as a matter of law Ms. Grant has exhausted her administrative remedies available under the Plan

pursuant to 29 C.F.R. § 2560.503-1(l)(1).

26.

Under 29 C.F.R. § 2560.503-1(l)(1), Ms. Grant is authorized to file this lawsuit and is not required to continue to pursue administrative remedies with Securian that have failed to yield a decision on the merits of her claim.

27.

Due to Securian's regulatory violations, the Court should review this matter *de novo*, without deference to any claim decision that Securian may make.

## COUNT I: BENEFITS DUE UNDER 29 U.S.C. § 1132(a)(1)(B)

28.

Plaintiff hereby repeats and realleges the allegations of Paragraphs 1 through 27 above, as if set forth verbatim herein.

29.

Ms. Grant has satisfied all her duties under the AD&D Plan, has provided sufficient evidence that Mr. Williams' death was a covered accident, and has otherwise met all conditions and prerequisites for the payment of AD&D benefits.

30.

Ms. Grant is thus entitled to the payment of full AD&D benefits available under the Plan.

31.

Ms. Grant is further entitled to interest on all past due amounts pursuant to

ERISA 29 U.S.C. § 1132(a)(1)(B).

32.

Ms. Grant has retained counsel to represent her in this matter, and is entitled

to an award of costs, including a reasonable attorney's fee, pursuant to ERISA 29

U.S.C. § 1132(g)(1).

33.

WHEREFORE, Ms. Grant prays for relief in the following forms:

a) An order finding Defendant's failure to timely decide the claim and
failure to timely notice an extension was a substantial violation of
ERISA's claims procedure regulation, rendering this matter subject to
the Court's *de novo* review;

b) An order finding the insured's death was a covered loss and
determining that Plaintiff is entitled to AD&D benefits under the terms
of the Plan;

c) An award of AD&D benefits in the amount of coverage maintained by
the insured on the date of his death, plus prejudgment interest and
Plaintiff's reasonable expenses of litigation, including a reasonable

attorney's fee; and

d) Such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 12<u>th</u> day of April, 2023.

**EVANS WARNCKE ROBINSON, LLC**

By: <u>*/s Jeffrey S. Warncke*</u>
Jeffrey S. Warncke
Georgia Bar No. 737850
<u>*/s Steven J. Mitchell*</u>
Steven J. Mitchell
Georgia Bar No. 669018

Attorneys for Plaintiff
191 Peachtree Street NE
Suite 3980
Atlanta, Georgia 30303
P:  404.841.9400
F:  888.738.5949
E:  j.warncke@ewrlawfirm.com
E:  s.mitchell@ewrlawfirm.com