IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| K UNION COMPANY | : |
| | : |
| Plaintiff, | : |
| vs. | : |
| | : CASE NO. |
| 2070 BEAVER RUIN CTR., LLC | : |
| | : |
| Defendant. | : |

### NOTICE OF REMOVAL

Per 28 U.S.C. §1441 *et seq* and applicable law, Defendant removes this action from the Superior Court of Gwinnett County, Case No. 23-A-02810-9. [State Court action]

### STATEMENT OF FACTS

1. Plaintiff [K Union] is a corporation organized in Georgia, the location of its principal place of business as admitted in the Complaint, Amendment and Summons attached as **Exhibit 1** [Complaint ¶¶ 1-2].

2. Defendant is an LLC, whose sole member is Rita Sharp, an individual domiciled in an and a citizen of Colorado [Complaint ¶¶ 2] [See also Lease pp. 10 stating Ms. Sharp resides in Colorado]

3. A prior company and guarantor obtained a commercial lease for realty known as 2070 Beaver Ruin Road, a convenience store and gasoline station owned

1

by the Defendant which Plaintiff allegedly assumed and expired [Complaint ¶¶ 4-5, Exhibits 1-2]. [See Complaint, Ex 1, Lease, pp. 4, ¶¶ 11, 8.1] The Lease requires Tenant to obtain insurance in a sum of at least $500,000.00 to indemnify any damage to the Property [Lease, pp. 5, ¶¶ 16.3 (b)]. The Tenant is liable for any damage to the Property not covered by insurance [Lease, pp. 5, ¶¶ 17.2].

4. Plaintiff allegedly continued the Lease with Defendant for which an extension was sought by Plaintiff but never effectuated [Complaint ¶¶ 6-12].

5. Defendant demanded possession of the Property on 03/27/23 to occupy and sell it for a sum in excess of $76,000.00 [Complaint ¶¶ 13, Exhibit 5].

6. On 04/04/23, Plaintiff brough the State Court Action against the Defendant, seeking a declaratory judgment of the alleged continuation of the Lease for the Property and its occupation [Comp. ¶¶ 13-17, Ex. 5].

7. A basis for removal is diversity jurisdiction per 28 U.S.C. §1332 which existed since the inception of this action. **Strawbridge v. Curtiss**, 7 U.S. (3 Cranch) 267 (1806) [diversity jurisdiction must exist when an action is brought].

(a) First, the parties are diverse. Plaintiff, a corporation, is a citizen of Georgia where it is incorporated and headquartered. Defendant is an unincorporated entity whose sole member is a citizen of Colorado per 28 U.S.C. § 1332(c). [Complaint ¶¶ 1-3] **Noriega v. Loews Hotel Holding**, LEXIS 90889 * 13-

14, WL 2296095 (S.D. Cal. 2019) [upheld removal by corporation incorporated in Delaware, whose principal place of business was located in New York, as a "corporation is a citizen of the state in which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c). The principal place of business refers to the location "where the corporation's high-level officers direct, control, and coordinate the corporation's activities." __Hertz Corp. v. Friend__, 559 U.S. 77, 80-81, 130 S. Ct. 1181, (2010).  __Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC__, 374 F.3d 1020, 1022 (11th Cir. 2004) citing __Carden v. Arkoma Assocs__., 494 U.S. 185, 195, 110 S. Ct. 1015, 1021 (1990) ["Diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of all the members"]

(b)     Second, per 28 U.S.C. § 1332, jurisdiction also exists as the sum in controversy exceeds $76,000.00 per the value of the relief sought from plaintiff's perspective. __Hunt v. Washington__, 432 U.S. 333, 347-348 (1977).  The sum in controversy may include compensatory damages for general or special damages, punitive damages and attorney's fees. __Anthony v. Sec. Pac. Fin. Servs., Inc.__ 75 F.3d 311, 315. (7th Cir. 1996) 28 U.S.C. § 1332 (b). Per 28 U.S.C. §1446 (a) (3), (c) Defendant was able to ascertain the sum in controversy as Plaintiff seeks declaratory relief to occupy and rent the Property which Defendant values in

excess of $76,000.00 and wishes to occupy and sell for a sum in excess of that amount [Comp. ¶¶ 13, Ex 5] **_Occidental Chem. Corp. v. Bullard_**, 995 F.2d 1046 (11th Cir.1986). The value of the Property may be determined by an instrument governing it, the Lease showing the Property is valued in excess of $76,000.00, the amount for which it is insured as set forth in the Lease, an integral part of its obligations. **_Waller v. Professional Ins. Corp_**., 296 F.2d 545, 547 (5th Cir. 1961) **_Burks v. Texas Co_**., 211 F.2d 443 (5th Cir. 1954) See **_Ebensberger v. Sinclair Refining Co_**., 165 F.2d 803, 805 (5th Cir.), cert. denied, 335 U.S. 816, 69 S. Ct. 35, 93 L. Ed. 371 (1948); cf. **_Stinson v. Dousman_**, 61 U.S. (20 How.) 461, 466-67, 15 L. Ed. 966, 969 (1857) (equating value with contract price and finding jurisdictional amount met). Similarly, "in actions seeking declaratory or injunctive relief, it is established that the amount in controversy is measured by the value of the object of the litigation." **_Hunt v. Washington State Apple Advertising Commission_**, 432 U.S. 333, 347-48, 97 S. Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977).

8. This Notice is timely filed prior to or at the time of service of process per 28 U.S.C. §1441 *et seq,* as service was allegedly effected on or about April 10, 2023. **_Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc_**., 526 U.S. 344, 347-348, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) ["a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the

complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."….as "service of process, under long-standing tradition in our system of justice, is fundamental to any procedural imposition on a named defendant….In the absence of service of process (or waiver by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id*. at 350. The "time for removal commences when service is completed and jurisdiction over the defendant has been obtained." **Ward v. Aetna Life Ins. Co**., 98-CV-542, LEXIS 5133, at *2 (W.D.N.Y. 1999), cited by **Newkirk v. Clinomics Biosciences, Inc**., LEXIS 60107, *6-7 (N.D. N.Y. 2006)

9.  Defendant will file a Notice of Removal with the Gwinnett Superior Court where the action is stayed, who filed all documents received in that action.

## L.R. 5.1 (c) CERTIFICATE OF COMPLIANCE

Under L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times New Roman 14-point typeface.

## CERTIFICATE OF SERVICE

I certify a precise copy of this document was filed ECF on the below date, sending notice to opposing counsel of record.

Respectfully submitted this 12st day of April 2023.

      By:    */s/Paul G. Wersant*
               Paul G. Wersant
               N.D. Ga. Bar No. 748341
               3245 Peachtree Parkway, Suite D-245
               Suwanee, Georgia 30024
               Telephone: (678) 894-5876
               Email: pwersant@gmail.com
               Attorney for Defendant