IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| PATRICIA SCARBRO,<br><br>    Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC. d/b/a SAM'S CLUB, WALMART, INC., ABC CORPORATIONS 1-3, and JOHN DOES 1-3,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. _____<br><br>On Removal from the State Court of Paulding County, Georgia<br>23-SV-000073 |

## NOTICE OF REMOVAL BY
## DEFENDANTS SAM'S EAST, INC., AND WALMART INC.

COME NOW, SAM'S EAST, INC. d/b/a SAM'S CLUB ("Sam's Club) and WALMART INC. ("Walmart") (collectively "Defendants"), named Defendants in the above-styled action, and, within the time prescribed by law, file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully showing the Court as follows:

1.

On March 9, 2023, Plaintiff filed a civil action in the State Court of Paulding County, Georgia, which is styled as follows: *Patricia Scarbro v. Sam's East, Inc. d/b/a Sam's Club, Walmart, Inc., ABC Corporations 1-3, and John Does 1-3*; Civil

-1-

Action File No. 23-SV-000073. (True and correct copies of all process and pleadings received by counsel for Defendants in such action are attached hereto and incorporated herein as Exhibit "A").

2.

This action is currently pending in the State Court of Paulding County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Rome Division. 28 U.S.C. § 1446(a).

3.

Defendants Sam's Club and Walmart were both served with Plaintiff's Summons and Complaint on March 15, 2023. This Notice of Removal is filed within thirty (30) days of the date of service upon both Defendants, and within one year of the commencement of the action. Thus, Defendants' Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). (A true and correct copy of Defendants' Answer filed in the State Court of Paulding County, Georgia is attached hereto as Exhibit "B.")

4.

Defendant Sam's Club is now, and was at the commencement of this suit, a corporation formed under the laws of the State of Arkansas and has its principal

place of business in Arkansas. Accordingly, Sam's Club is a citizen of Arkansas. 28 U.S.C § 1332(c)(1).

5.

Defendant Walmart is now, was at the commencement of this suit, a corporation formed under the laws of the State of Delaware and has its principal place of business in Arkansas. Accordingly, Walmart is a citizen of Delaware and Arkansas. 28 U.S.C § 1332(c)(1).

6.

Upon information and belief, Plaintiff Patricia Scarbro is a citizen of Georgia, residing at 6819 Villa Rica Highway, Dallas, Paulding County, Georgia, 30157.[1]

---

[1] At the Notice of Removal stage, Defendants are required only to plead diversity via "a short and plan statement of the grounds for removal." 28 U.S.C. § 1446(a). *See Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 87 (2014) ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading" *(*quoting H.R. Rep. No. 100-889, at 71 (1988)). *Plaintiff failed to allege her citizenship in her Complaint*. However, the incident report from the subject incident lists Plaintiff's address as 6819 Villa Rica Highway, Dallas, Georgia, 30157. Additionally, Public Property Records from Cobb County list Plaintiff as the owner of a plot of land on Sullivan Road, Powder Springs, Cobb County, Georgia, 30127, with Plaintiff's address listed as 6819 Villa Rica Highway, Dallas, Georgia, 30157. (True and accurate copies of an excerpt of the subject incident report and Cobb County Property Records for Parcel No. 18001400410, Sullivan Road, Powder Springs, Cobb County, Georgia is attached hereto as Exhibit "C"). Exhibit C, which describes Plaintiff as a citizen of Georgia, is sufficient to meet this pleading requirement, and Defendants need not present additional evidence unless Plaintiff challenges the allegation of Georgia citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974) ("The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction,

7.

In the lawsuit, Plaintiff also named "ABC Corporations 1-3" and "John Does 1-3" as defendants. 28 USC § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Accordingly, defendants "ABC Corporations 1-3" and "John Does 1-3" should be ignored for purposes of establishing diversity jurisdiction.

8.

Complete diversity exists between Plaintiff and Defendants, as required by 28 U.S.C. § 1332(a)(1).

9.

Plaintiff's Complaint alleges that on or about March 28, 2021, Plaintiff was inside the Sam's Club store located at 4798 Jimmy Lee Smith Parkway, Hiram, Georgia when she was struck by a row of shopping carts released from a cart machine by Defendants' employee. (*See* Complaint, ¶ 7). Plaintiff claims that she sustained "serious injuries" as a result of the collision. (*See* Complaint, ¶ 8).

---

*see Cameron v. Hodges*, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132 (1888); and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Welsh v. American Surety Co. of New York*, 5 Cir., 1951, 186 F.2d 16, 17").

10.

Plaintiff claims that she "incurred no less than $106,900.93 in medical expenses to date." (*See* Complaint, ¶ 20). Additionally, Plaintiff seeks to recover against Defendants for her "past, present and future general and special damages", including "medical expenses, mileage, lost wages, and other miscellaneous expenses." (*See* Complaint, ¶¶ 20-21).

11.

The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Parties are not residents of the same state and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

Plaintiff claims that she has "incurred no less than $106,900.93 in medical expenses to date." (*See* Complaint, ¶ 20). Thus, it is apparent from the face of the Complaint that the amount in controversy exceeds the jurisdictional amount.

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." Instead, courts

may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

(Internal citations omitted.) *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010)

12.

Because Plaintiff alleges (1) she sustained serious injuries (2) she incurred "no less than $106,900.93 in medical expenses to date," (3) that she is entitled to additional "past, present and future general and special damages", including "medical expenses, mileage, lost wages, and other miscellaneous expenses," this Court may draw upon judicial experience and common sense to conclude that Plaintiff's claims exceed $75,000.00.

13.

By service of a copy of this Notice of Removal, as evidenced by the Certificate of Service attached hereto, Defendants hereby gives notice of such removal to Plaintiff as required by 28 U.S.

In accordance with 28 U.S.C. § 1446, by service of a copy of this Notice of Removal, as evidenced by the Certificate of Service attached hereto, Defendants hereby give notice of such removal to Plaintiff.  (A true and correct copy of

Defendants' Notice of Removal that will be filed in the State Court of Paulding County, Georgia is attached hereto as Exhibit "D.")

WHEREFORE, Defendants pray that this lawsuit be removed to the United States District Court for the Northern District of Georgia, Rome Division, that this Court take cognizance and jurisdiction over this claim from the State Court of Paulding County, Georgia, and that this action proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. § 1332. The undersigned have read this Notice of Removal and, to the best of their knowledge, information, and belief, after reasonable inquiry, have determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted, this 12th day of April, 2023.

                              **DREW ECKL & FARNHAM, LLP**

                              */s/Michael L. Miller*
                              Michael L. Miller
                              Georgia Bar No. 508011
                              Katherine I. Barton
                              Georgia Bar No. 882335
                              *Attorneys for Defendants*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| PATRICIA SCARBRO,<br><br>    Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC. d/b/a SAM'S CLUB, WALMART, INC., ABC CORPORATIONS 1-3, and JOHN DOES 1-3,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. _____ |

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE 5.1(B)

I HEREBY CERTIFY that I have this day filed the **NOTICE OF REMOVAL** with the Clerk of Court, using the CM/ECF system and served a copy of the foregoing upon Plaintiff via electronic mail, addressed as follows:

Stephen G. Carlson
Gulliana Goehring
Randal E. Fry
The Fry Law Firm
stephen@thefrylawfirm.com
randy@thefrylawfirm.com
gulliana@thefrylawfim.com

I further certify that the foregoing has been prepared with Times New Roman, 14-point font, in compliance with L.R. 5.1(b).

-8-

-9-

Respectfully submitted, this 12th day of April, 2023.

          **DREW ECKL & FARNHAM, LLP**

          */s/Michael L. Miller*
          Michael L. Miller
          Georgia Bar No. 508011
          Katherine I. Barton
          Georgia Bar No. 882335
          *Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

13411265/1
05695-255192