**General Civil and Domestic Relations Case Filing Information Form**

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
PAULDING COUNTY, GEORGIA

**23-SV-000073**

ANGELA O'CONOR

MAR 09, 2023 03:21 PM

☐ Superior or ☑ State Court of __Paulding_____   County

| For Clerk Use Only | |
|---|---|
| Date Filed __03-09-2023_____ <br> **MM-DD-YYYY** | Case Number __23-SV-000073_____ |

*Sheila Butler*
Sheila Butler, Clerk
Paulding County, Georgia

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Scarbro, Patricia | | | | | Sam's East, Inc. d/b/a Sam's Club | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Walmart, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | ABC Corporation 1-3 | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Does 1-3, John | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** __Fry, Randy_____   **Bar Number** __278799_____   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

| General Civil Cases | Domestic Relations Cases |
|---|---|
| ☐ Automobile Tort | ☐ Adoption |
| ☐ Civil Appeal | ☐ Contempt |
| ☐ Contract | ☐ Non-payment of child support, medical support, or alimony |
| ☐ Contempt/Modification/Other Post-Judgment | ☐ Dissolution/Divorce/Separate Maintenance/Alimony |
| ☐ Garnishment | ☐ Family Violence Petition |
| ☑ General Tort | ☐ Modification |
| ☐ Habeas Corpus | ☐ Custody/Parenting Time/Visitation |
| ☐ Injunction/Mandamus/Other Writ | ☐ Paternity/Legitimation |
| ☐ Landlord/Tenant | ☐ Support – IV-D |
| ☐ Medical Malpractice Tort | ☐ Support – Private (non-IV-D) |
| ☐ Product Liability Tort | ☐ Other Domestic Relations |
| ☐ Real Property | |
| ☐ Restraining Petition | |
| ☐ Other General Civil | |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                                 **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

## General Civil and Domestic Relations Case Disposition Information Form

☐ Superior or ☒ State Court of <u>Paulding</u>_____ County

| For Clerk Use Only | |
|---|---|
| Date Disposed _____ <br> **MM-DD-YYYY** | Case Number <u>23-SV-000073</u>_____ <br><br> Case Style <u>Scarbro v Sam's East, Inc. d/b</u>_____ |

**Plaintiff(s)**

<u>Scarbro, Patricia</u>_____

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ |
| Last | First | Middle I. | Suffix | Prefix |
| _____ | _____ | _____ | _____ | _____ |
| Last | First | Middle I. | Suffix | Prefix |
| _____ | _____ | _____ | _____ | _____ |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

<u>Sam's East, Inc. d/b/a Sam's Club</u>

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| <u>Walmart, Inc.</u> | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| <u>ABC Corporation 1-3</u> | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| <u>Does 1-3, John</u> | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Reporting Party** _____

**Plaintiff's Attorney** <u>Fry, Randy</u>_____   State Bar Number <u>278799</u>_____   Self-Represented ☐

**Defendant's Attorney** _____   State Bar Number _____   Self-Represented ☐

| Manner of Disposition <br> Check Only One |
|---|
| ☐ **Jury Trial** <br> ☐ **Bench/Non-Jury Trial** <br> ☐ **Non-Trial Disposition, such as:** <br>    ☐ **Alternative Dispute Resolution** |

☐ Check if any party was self-represented at any point during the life of the case.

☐ Check if the court ordered an interpreter for any party, witness, or other involved individual.

☐ Check if the case was referred/ordered to a court-annexed alternative dispute resolution process.

Version 1.1.20

# STATE COURT OF PAULDING COUNTY
# STATE OF GEORGIA

📧 **EFILED IN OFFICE**
CLERK OF STATE COURT
PAULDING COUNTY, GEORGIA
**23-SV-000073**
**ANGELA O'CONOR**
MAR 09, 2023 03:21 PM

Sheila Butler, Clerk
Paulding County, Georgia

CIVIL ACTION NUMBER   23-SV-000073

Scarbro, Patricia

**PLAINTIFF**

VS.

Sam's East, Inc. d/b/a Sam's Club
Walmart, Inc.
ABC Corporation 1-3
Does 1-3, John

**DEFENDANTS**

**SUMMONS**

TO: SAM'S EAST, INC. D/B/A SAM'S CLUB

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Randy Fry**
> **The Fry Law Firm**
> **1720 Peachtree Street NW**
> **Suite 500**
> **Atlanta, Georgia 30309**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of March, 2023.**

Clerk of State Court

Sheila Butler, Clerk
Paulding County, Georgia

# STATE COURT OF PAULDING COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
PAULDING COUNTY, GEORGIA

**23-SV-000073**

ANGELA O'CONOR
MAR 09, 2023 03:21 PM

Sheila Butler, Clerk
Paulding County, Georgia

CIVIL ACTION NUMBER  23-SV-000073

Scarbro, Patricia

**PLAINTIFF**

**VS.**

Sam's East, Inc. d/b/a Sam's Club
Walmart, Inc.
ABC Corporation 1-3
Does 1-3, John

**DEFENDANTS**

**SUMMONS**

TO: WALMART, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Randy Fry**
> **The Fry Law Firm**
> **1720 Peachtree Street NW**
> **Suite 500**
> **Atlanta, Georgia 30309**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of March, 2023.**

Clerk of State Court

Sheila Butler, Clerk
Paulding County, Georgia

⬥ **EFILED IN OFFICE**
CLERK OF STATE COURT
PAULDING COUNTY, GEORGIA

**23-SV-000073**
**ANGELA O'CONOR**
MAR 09, 2023 03:21 PM

*Sheila Butler*
Sheila Butler, Clerk
Paulding County, Georgia

## IN THE STATE COURT OF PAULDING COUNTY
## STATE OF GEORGIA

PATRICIA SCARBRO

        Plaintiff,

vs.

SAM'S EAST, INC. d/b/a SAM'S CLUB,
WALMART, INC.,
ABC CORPORATIONS 1-3 and
JOHN DOES 1-3,

        Defendants.

CIVIL ACTION FILE

NO. _____

(SERVED WITH DISCOVERY)

(JURY TRIAL DEMANDED)

### COMPLAINT

COMES NOW, Plaintiff Patricia Scarbro, by and through undersigned counsel, and files this Complaint against Defendants Sam's East, Inc. d/b/a Sam's Club, Walmart, Inc., ABC Corporations 1-3, and John Does 1-3, showing this Honorable Court as follows:

1.

The subject incident described herein occurred at the Sam's Club (store #4802) located at 4798 Jimmy Lee Smith Parkway, Paulding County, Georgia 30141 (hereinafter "the subject Sam's Club" or "the Premises").

2.

Defendant Sam's East, Inc. d/b/a Sam's Club ("Defendant Sam's Club") is a foreign profit corporation authorized to conduct business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant Sam's Club may be served through its registered agent The Corporation Company at 106 Colony Park Drive, Suite 800-B in Cumming, Georgia 30040-2794. Jurisdiction and venue are proper in this Court as to Defendant Sam's Club.

3.

Defendant Walmart, Inc. ("Defendant Walmart") is a foreign profit corporation authorized to conduct business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant Walmart may be served through its registered agent The Corporation Company at 106 Colony Park Drive, Suite 800-B in Cumming, Georgia 30040-2794. Jurisdiction and venue are proper in this Court as to Defendant Walmart.

4.

Should it be determined that another corporation, entity, or individual owned or was responsible for the Premises at the time of the subject incident and/or owned, occupied, or otherwise had responsibility for the property where the March 28, 2021 incident occurred resulting in injuries to Plaintiff, Plaintiff hereby names Defendants ABC Corporations 1-3 and Defendants John Does 1-3.

5.

On or about March 28, 2021, Plaintiff was an invitee at the subject Sam's Club store.

6.

Upon information and belief, the Premises was and is owned, managed and operated by Defendants Sam's Club and/or Walmart (hereinafter referred to collectively as "Defendants").

7.

On or about March 28, 2021, Plaintiff was inside the subject Sam's Club when she was suddenly and without warning struck by a row of carts released from a cart machine by Defendants' employee, which caused her body to collide into another row of carts as she was slammed to the concrete floor.

8.

Plaintiff sustained serious injuries as a result of the subject incident and due to the negligence of Defendants.

9.

Plaintiff was a business invitee on the Premises at the time of the subject incident.

10.

At all times relevant, Defendants owed Plaintiff a duty to exercise ordinary care in keeping the Premises safe from dangerous conditions.

11.

At the time of the subject incident, Defendants had actual or constructive knowledge of a dangerous condition on the Premises, specifically a faulty cart machine, and were negligent in failing to take remedial measures to remove the hazard.

12.

At the time of the subject incident, Defendants were negligent in failing to secure and/or warn invitees on the Premises of the dangerous condition created thereon.

13.

At all times relevant, Plaintiff exercised due care for her own safety.

14.

Defendants were negligent in the following ways, each of which was the proximate cause of the Plaintiff's injuries:

(a)     In failing to exercise ordinary care in keeping the premises and approaches safe, in violation of OCGA 51-3-1;

(b)     In failing to maintain safe conditions on the Premises;

(c)    In failing to exercise appropriate judgment regarding the implementation of measures to keep the Premises safe;

(d)    In failing to properly train their employees to safely operate cart machines.

(e)    In failing to fix a defect known or should have known by Defendants with the subject cart machine that struck Plaintiff.

15.

At all times relevant to this action, the individuals responsible for inspecting, corralling and controlling the cart machines and carts in the area where Plaintiff was struck were employed by Defendants and were acting, or failing to act, within the scope of their employment.

16.

Defendants are responsible for the conduct of said individuals under the doctrine of respondeat superior, agency or apparent agency.

17.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, maintenance, and usage of cart machines and cart corralling were performed at the subject Sam's Club and in failing to train its employees concerning safety procedures for inspecting, operating and maintaining same.

18.

Defendants were negligent in training and supervising its staff.

19.

Plaintiff is entitled to recover damages for her medical expenses incurred, past and future; for her lost wages, past and future; for her mental and physical pain and suffering, past and future; and for all other damages this Honorable Court deems appropriate.

20.

As a direct and proximate result of Defendant's negligence, Plaintiff has incurred special damages which include but may not be limited to medical expenses, mileage, lost wages, and other miscellaneous expenses.  Specifically, Plaintiff has incurred no less than $106,900.93 in medical expenses to date and will supplement her damages as necessary.

21.

WHEREFORE, Plaintiff prays this Court award the following relief against Defendants:

(A)     That process be issued;

(B)     That reasonable damages be granted to Plaintiff and against Defendants for past, present and future general and special damages;

(C)     That all costs of this action be cast against Defendants;

(D)     For trial by a jury of twelve (12) on all issues so triable; and

(E)     Such further relief as the Court deems just and proper.

Respectfully submitted this 9th day of March, 2023.

**THE FRY LAW FIRM**

*/s/ Stephen G. Carlson*
STEPHEN G. CARLSON
State Bar of Georgia No.: 60714
GULLIANA GOEHRING
State Bar of Georgia No.: 384447
RANDAL E. FRY
State Bar of Georgia No.: 278799
*Attorneys for Plaintiff*

The Fry Law Firm
1718 Peachtree Street, NW
Suite 990
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
stephen@thefrylawfirm.com
randy@thefrylawfirm.com
gulliana@thefrylawfirm.com

**IN THE STATE COURT OF PAULDING COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| PATRICIA SCARBRO | |
| | CIVIL ACTION FILE |
| Plaintiff, | |
| | NO. _____ |
| vs. | |
| | (SERVED WITH COMPLAINT) |
| SAM'S EAST, INC. d/b/a SAM'S CLUB, WALMART, INC., ABC CORPORATIONS 1-3 and JOHN DOES 1-3, | |
| Defendants. | |

**PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT WALMART, INC.**

**I. INTRODUCTION**

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Request for Admissions, Interrogatories, and Request for Production of Documents separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, Stephen G. Carlson, Esq., Randal E. Fry, Esq., and Gulliana Goehring, Esq., The Fry Law Firm, 1720 Peachtree Street, NW, Suite 500, Atlanta, GA 30309, (404) 969-1284, within forty-five (45) days after service pursuant to O.C.G.A. § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the

substance of his testimony.  Furthermore, you are under a continuing duty seasonably to amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses.  O.C.G.A. § 9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply.  If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided.  If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II.  **INSTRUCTIONS**

Objections Based on Privilege.  In the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a)     The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

(b)     The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)     The type of privilege claimed;

(d)     A statement of the circumstances which bear on whether or not the claim or

privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

(e)     The number of each specific document request to which the withheld document is responsive; and

(f)     If privilege is claimed as to any document otherwise covered by`this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Documents No Longer in Possession.  If any document within the scope of a document request was at one time in existence and under Defendant's possession, custody, or control, but has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document:

(a)     Identify and describe such document by date, title, and type of document;

(b)     State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

(c)     State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed; and

(d)     Identify all persons having knowledge of the contents thereof.

Organization of Documents.  All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive.

## II. **DEFINITIONS**

1.      When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known.  "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now.  If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group.  If the documents have been previously identified fully, it may be identified by name in subsequent responses.

2.      When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant or Defendants in this action.

3.      When used herein, "Plaintiff" refers to the Plaintiff(s) in this action.

4.      As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant(s) or of which Defendant(s) has knowledge, including, without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant(s), and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

5.      As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6.      As used herein, "date" shall mean the exact date, month, and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

Page **4** of **19**

7.      As used herein, "identify" or "specify," when used in reference to:

(a)      a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

(b)      in the case of a <u>document</u>, the title (if any), the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c)     in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control, or access of Defendant(s), whether Defendant(s) will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant(s), what disposition was made of it, and why.

8.     <u>Time</u> -- unless otherwise indicated, each Interrogatory is limited to the period from the date of the incident, through and including the date of your answer hereto.

9.     When the identification of documents is requested by these Interrogatories, Defendant(s) may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive.

## III. <u>REQUESTS FOR ADMISSIONS</u>

1.

You have been correctly named in the present cause insofar as the legal designation of your name is concerned.

2.

You have been properly served as a party Defendant.

3.

Service of process is sufficient with regard to you in this case.

4.

The State Court of Paulding County has jurisdiction over the subject matter of this case.

5.

The State Court of Paulding County has personal jurisdiction over you as a party Defendant in this case.

6.

Venue is proper in the State Court of Paulding County.

7.

The Complaint states a claim upon which relief can be granted.

8.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

9.

On March 28, 2021, Defendant(s) owned the premises located at 4798 Jimmy Lee Smith Parkway, Georgia 30141  (the "Property").

10.

On March 28, 2021, Defendant(s) operated the Property.

11.

On March 28, 2021, Defendant(s) managed the Property.

12.

On March 28, 2021, Defendant(s) collected rent payments from tenants at the Property.

13.

On March 28, 2021, Defendant(s) were responsible for inspecting and/or maintaining the conditions at the Property.

14.

Admit that Defendant(s) hired no other company, person or business to assist with the training of its employees located at the Property.

15.

Admit that Defendant(s) had a duty to properly train its/their employees at all applicable times.

16.

Admit that Defendant(s) had a duty to properly supervise their employees at all applicable times.

17.

Admit that pursuant to the doctrine of Respondent Superior, Defendant(s) are responsible for the negligent acts of their employees at all applicable times.

18.

On March 28, 2021, Plaintiff was an invitee at the Property.

19.

On March 28, 2021, Defendant(s) had a duty to ensure the Property was safe from hazards.

20.

On March 28, 2021, Defendant(s) breached their duty to Plaintiff to ensure the Property was safe from hazards.

22.

On March 28, 2021, Defendant(s) had a duty to warn of any hazards on the Property.

23.

On March 28, 2021, Defendant(s) breached their duty to warn Plaintiff of any hazards on the Property.

24.

On March 28, 2021, Defendant(s) breached their duty to warn Plaintiff of any hazard relating to the carts and cart machine at issue.

25.

On March 28, 2021, Plaintiff was injured at the Property.

26.

On March 28, 2021, Plaintiff was injured as a result of the defective cart machine on the Property.

27.

On March 28, 2021, Plaintiff was injured as a result of the negligence of an employee of Defendant(s).

28.

On March 28, 2021, invitees of the Property, including but not limited to Plaintiff, were not given any warning that a hazardous condition existed with respect to the carts and/or cart machine at issue.

29.

At all applicable times, Plaintiff exercised due care for her own safety.

30.

You are aware of no evidence indicating that Plaintiff did not exercise due care for her own safety at all applicable times.

31.

You have no knowledge of the extent of injuries sustained by Plaintiff in this case.

32.

You have no knowledge of the treatment received by Plaintiff for injuries sustained in this

case.

33.

You have no knowledge of the reasonable charges for treatment received by Plaintiff for injuries sustained in this incident.

34.

Defendant(s) knew that the cart machine involved in the subject incident had been reported as defective before the subject incident.

## IV. **INTERROGATORIES**

1.

Identify each and every person including job title and present employer, with the exception of counsel, who provided any information, or assisted in providing any information, in response to Plaintiff's First Interrogatories to Defendant.

2.

Identify any and all persons or companies acting or working in any management capacity at the Property on or about March 28, 2021.

3.

Identify in detail any contracts in which you had entered that were in effect on March 28, 2021, with any person or entity to provide property management, general management, maintenance, repair, and/or security services.

4.

Identify all other employees or agents working on the Property on or about March 28, 2021.

5.

Identify the individual(s) or entity(ies) responsible for maintaining the carts and cart

machines at the Property on or about March 28, 2021.

6.

Identify the individual(s) or entity(ies) responsible for inspecting, maintaining and/or repairing the defective cart machine at the Property on or about March 28, 2021, and for the 12-month period prior to that date.

7.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who either saw or claim they saw all or any part of the occurrence complained of in this action, as well as those witnesses who arrived at the scene immediately or shortly after said occurrence.

8.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given.

9.

Identify the individual or individuals known to Defendant(s) who possess or purport to possess knowledge regarding Plaintiff's claim(s) including, specifying the individual(s) who spoke to or heard from Plaintiff at any time, and/or investigated the subject incident in any way.

10.

Identify all persons Defendant(s) expects to call as an expert witness at the trial of this case, and for each such individual so identified provide that information required pursuant to O.C.G.A.

§ 9-11-26(b)(4)(A)(i).

11.

State in detail how Defendant(s) contend the incident which forms the basis for Plaintiff's claims occurred, including but not limited to a listing of each person and circumstance Defendant(s) believe to have caused, or contributed to causing, the subject occurrence.

12.

List each act of negligence, contributory, comparative or otherwise, you contend Plaintiff, or any other person or entity did or failed to do which contributed in any way to the incident upon which Plaintiff's claims are based and/or Plaintiff's resulting injuries.

13.

Identify all training that a Defendant(s)'s employees or agents received with respect to inspecting, corralling, maintaining, operating and monitoring the carts and/or the cart machines, generally and specifically,, at the Property on or before March 28, 2021.

14.

Identify any changes in procedures, policies, practices, rules or regulations regarding, or aspects of, the Property, that were implemented regarding or made at the Property as a result of the March 28, 2021,incident which caused Plaintiff's injuries.

15.

Pursuant to O.C.G.A. § 9-11-26(b)(2), identify all insurance agreements, including any umbrella and/or excess coverage, upon which Defendant(s) may rely to satisfy part or all of any judgment which may be entered against Defendant(s) or which may be used to indemnify or reimburse Defendant(s) for any payment(s) to satisfy any such judgment(s).

16.

Identify all security or surveillance cameras located at the Property, the location of such cameras, whether such cameras were operative on March 28, 2021, and whether any camera videotaped the incident described in the Complaint.

17.

Do Defendant(s) contend any person or entity other than Defendant(s) or their employees or agents is, or may be, liable in whole or in part for the claims asserted against Defendant(s) in this lawsuit? If your answer is anything other than an unqualified "no", state the full name and address of each such person or entity, the legal basis for Defendant(s)'s contention, the facts or evidence upon which said contention is based, and whether Defendant(s) has/have notified each such person or entity of said contention.

18.

Describe what steps or procedures Defendant(s) used to train employees on the control of carts and cart machines on the Property, or any aspect of interaction with same.

19.

Furnish a detailed factual basis for each defense and/or counterclaim asserted in Defendant(s)'s Answer to the Complaint.

20.

For each paragraph of the Complaint or portion thereof denied by Defendant(s), state in detail all facts upon which Defendant(s) relied in making said denial.

21.

Identify all members of, and documents generated by, Defendant(s)'s Safety Team, Safety Loss Prevention Committee, Risk Control and Safety Committee and/or Accident Review Board, or Defendant(s)'s equivalents thereto, with respect to the subject incident.

22.

Identify all claims or lawsuits that have previously been brought against Defendant(s) as a result of injuries or damages alleged to have been sustained as a result of residents or invitees allegedly injuring themselves at the Property from March 28, 2021, or that date the Property was opened if after March 28, 2021, to the present.

23.

Identify all documents or other evidence relating to any complaint regarding alleged hazards and/or personal injuries sustained at the Property prior to March 28, 2021.

24.

Did Defendant(s), their agents, representatives, employees or anyone acting on Defendant(s)'s behalf conduct an investigation of the subject incident? If the answer is anything other than an unqualified "no", identify all agents, representatives, employees or anyone acting on Defendant(s)' behalf who conducted or participated in any portion of the inspection and state whether any written report or summary was generated.

25.

Identify all procedures, policies, practices, requirements, rules or regulations with respect to inspection, maintenance and/or repair of any aspect on the Property which were in effect on March 28, 2021.

26.

With respect to any procedure, policy, practice, requirement, rule or regulation identified in Defendant(s)'s answer to the preceding interrogatory, state whether any such procedure, policy, practice, requirement, rule or regulation was based upon, or otherwise took into account, any federal, state, county, city or local statute, regulation or law.

27.

State when Defendant first anticipated the possibility of a claim or lawsuit being asserted or filed by Plaintiff, or otherwise on behalf of Plaintiff, arising out of the subject incident.

28.

Describe in detail how the incident, which is the subject of this Complaint, took place.

29.

Do you contend that you were not at fault for causing or failing to prevent the subject incident?

30.

If your response to the preceding interrogatory was in the affirmative, identify all facts in support of your contention.

31.

If you claim that you have not been properly served in this action, please state in detail the facts in support of said claim.

32.

Identify all facts and records that would support any contention that Plaintiff's injuries preexisted the subject incident or were not caused by the subject incident or that symptoms had been exaggerated or that treatment was unnecessary or charges improper.

33.

Please identify the employee known as "Jason" who was operating the subject cart machine at the time of the subject incident, and all of Jason's supervisors.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please provide any document or thing that was used or referenced in responding to the Interrogatories listed above.

2.

Please provide copies of any reports that were done in connection with this incident, including the incident report done at the Property.

3.

Please provide originals or color copies of all photographs of the Property where the incident occurred on March 28, 2021, including, but not limited to, all photographs taken of any person, place or thing involved in the incident, and any photographs of any carts, cart machines and/or the surrounding area.

4.

Please provide copies of any statements obtained from Plaintiff.

5.

Please provide copies of any statements obtained from any witnesses to the incident, including, but not limited to, statements from any of your employees or agents regarding the incident.

6.

Please provide copies of any video surveillance that was recorded one hour prior to the incident through one hour after the incident.

7.

Please produce copies of all training or safety manuals regarding carts and/or cart machines, as well in general, that were in effect at the Property at the time of the subject

incident, or in effect at any time during the five (5) years prior to the incident and through the present.

8.

Please produce copies of all documents reflecting inspection, maintenance or of any areas or objects of the Property involved in the subject incident (including, but not limited to, the subject cart machine) from January 1, 2016 through and including December 31, 2021, and reflecting any inspection, maintenance or repair of any defective cart machines at any time in 2020 and 2021.

9.

Please produce copies of all documents in your possession (including, but not limited to, pleadings and discovery responses) relating to or otherwise referencing any claim or lawsuit brought against you for personal injuries allegedly sustained at the Property.

10.

Please produce copies of all documents or other evidence relating to any complaint regarding alleged hazards and/or personal injuries sustained at the Property prior to March 28, 2021.

11.

Please produce copies of any and all documents reflecting the employees or agents working at the Property at any time on the date of the subject incident (including, but not limited to, work schedules and time sheets).

12.

Please provide copies of any and all communications between Defendant(s) or their agents or representatives, and the Plaintiff or anyone purporting to act on her behalf.

13.

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant(s) produce all information and documents produced in the above-styled action in response to any and all of Defendant(s)'s Non-Party Request for Production of Documents.

14.

For all experts Defendant(s) may or will call to testify at any trial in this matter, please produce the following:

1) Any and all reports, summaries, notes, calculations and written opinions prepared by the expert, including all drafts thereof;
2) The expert's curriculum vitae;
3) All correspondence between Defendant(s)'s attorney(s) and the expert, whether by mail, fax, email, or any other means;
4) All correspondence between the expert and any other person/agency relating to the subject matter of this lawsuit and/or the expert's work regarding the same;
5) Any and all materials provided to and/or received from the expert regarding the subject matter of this lawsuit and/or the expert's work regarding the same;
6) All timesheets, invoices, billing statements and other documentation by whatever means of the expert's charges and/or compensation for his/her work on this case;
7) Any and all retainer agreements, scope(s) of work, or similar documents relating to the expert's work regarding this case;
8) Any other documents or materials prepared by, used by, or relied upon by the expert relating to the subject matter of this lawsuit and/or the expert's work regarding the same.

15.

Please produce copies of any and all insurance policies identified by you in your responses to Plaintiff's Interrogatories.

*[signature page follows]*

Page **18** of **19**

Respectfully submitted, this day 9th of March, 2023.

**THE FRY LAW FIRM**

*/s/ Stephen G. Carlson*

STEPHEN G. CARLSON

The Fry Law Firm
1718 Peachtree Street, NW
Suite 990
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
stephen@thefrylawfirm.com
randy@thefrylawfirm.com
gulliana@thefrylawfirm.com

State Bar of Georgia No.: 60714
GULLIANA GOEHRING
State Bar of Georgia No.: 384447
RANDAL E. FRY
State Bar of Georgia No.: 278799
*Attorneys for Plaintiff*

IN THE STATE COURT OF PAULDING COUNTY
STATE OF GEORGIA

PATRICIA SCARBRO

                    Plaintiff,

vs.

SAM'S EAST, INC. d/b/a SAM'S CLUB,
WALMART, INC.,
ABC CORPORATIONS 1-3 and
JOHN DOES 1-3,

                    Defendants.

CIVIL ACTION FILE

NO. _____

(SERVED WITH COMPLAINT)

## PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SAM'S EAST, INC. d/b/a SAM'S CLUB

### I. INTRODUCTION

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Request for Admissions, Interrogatories, and Request for Production of Documents separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, Stephen G. Carlson, Esq., Randal E. Fry, Esq., and Gulliana Goehring, Esq., The Fry Law Firm, 1720 Peachtree Street, NW, Suite 500, Atlanta, GA 30309, (404) 969-1284, within forty-five (45) days after service pursuant to O.C.G.A. § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the

substance of his testimony. Furthermore, you are under a continuing duty seasonably to amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. § 9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply. If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided. If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II. **INSTRUCTIONS**

Objections Based on Privilege. In the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a)     The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

(b)     The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)     The type of privilege claimed;

(d)     A statement of the circumstances which bear on whether or not the claim or

privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

(e)     The number of each specific document request to which the withheld document is responsive; and

(f)     If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Documents No Longer in Possession.  If any document within the scope of a document request was at one time in existence and under Defendant's possession, custody, or control, but has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document:

(a)     Identify and describe such document by date, title, and type of document;

(b)     State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

(c)     State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed; and

(d)     Identify all persons having knowledge of the contents thereof.

Organization of Documents.  All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive.

## II. **DEFINITIONS**

1.      When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known. "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now. If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group. If the documents have been previously identified fully, it may be identified by name in subsequent responses.

2.      When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant or Defendants in this action.

3.      When used herein, "Plaintiff" refers to the Plaintiff(s) in this action.

4.      As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant(s) or of which Defendant(s) has knowledge, including, without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant(s), and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

5.      As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6.      As used herein, "date" shall mean the exact date, month, and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

7.    As used herein, "identify" or "specify," when used in reference to:

(a)    a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

(b)    in the case of a <u>document</u>, the title (if any), the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c)   in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control, or access of Defendant(s), whether Defendant(s) will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant(s), what disposition was made of it, and why.

8.   <u>Time</u> -- unless otherwise indicated, each Interrogatory is limited to the period from the date of the incident, through and including the date of your answer hereto.

9.   When the identification of documents is requested by these Interrogatories, Defendant(s) may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive.

## III. <u>REQUESTS FOR ADMISSIONS</u>

1.

You have been correctly named in the present cause insofar as the legal designation of your name is concerned.

2.

You have been properly served as a party Defendant.

3.

Service of process is sufficient with regard to you in this case.

4.

The State Court of Paulding County has jurisdiction over the subject matter of this case.

5.

The State Court of Paulding County has personal jurisdiction over you as a party Defendant in this case.

6.

Venue is proper in the State Court of Paulding County.

7.

The Complaint states a claim upon which relief can be granted.

8.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

9.

On March 28, 2021, Defendant(s) owned the premises located at 4798 Jimmy Lee Smith Parkway, Georgia 30141 (the "Property").

10.

On March 28, 2021, Defendant(s) operated the Property.

11.

On March 28, 2021, Defendant(s) managed the Property.

12.

On March 28, 2021, Defendant(s) collected rent payments from tenants at the Property.

13.

On March 28, 2021, Defendant(s) were responsible for inspecting and/or maintaining the conditions at the Property.

14.

Admit that Defendant(s) hired no other company, person or business to assist with the training of its employees located at the Property.

15.

Admit that Defendant(s) had a duty to properly train its/their employees at all applicable times.

16.

Admit that Defendant(s) had a duty to properly supervise their employees at all applicable times.

17.

Admit that pursuant to the doctrine of Respondent Superior, Defendant(s) are responsible for the negligent acts of their employees at all applicable times.

18.

On March 28, 2021, Plaintiff was an invitee at the Property.

19.

On March 28, 2021, Defendant(s) had a duty to ensure the Property was safe from hazards.

20.

On March 28, 2021, Defendant(s) breached their duty to Plaintiff to ensure the Property was safe from hazards.

22.

On March 28, 2021, Defendant(s) had a duty to warn of any hazards on the Property.

23.

On March 28, 2021, Defendant(s) breached their duty to warn Plaintiff of any hazards on the Property.

24.

On March 28, 2021, Defendant(s) breached their duty to warn Plaintiff of any hazard relating to the carts and cart machine at issue.

25.

On March 28, 2021, Plaintiff was injured at the Property.

26.

On March 28, 2021, Plaintiff was injured as a result of the defective cart machine on the Property.

27.

On March 28, 2021, Plaintiff was injured as a result of the negligence of an employee of Defendant(s).

28.

On March 28, 2021, invitees of the Property, including but not limited to Plaintiff, were not given any warning that a hazardous condition existed with respect to the carts and/or cart machine at issue.

29.

At all applicable times, Plaintiff exercised due care for her own safety.

30.

You are aware of no evidence indicating that Plaintiff did not exercise due care for her own safety at all applicable times.

31.

You have no knowledge of the extent of injuries sustained by Plaintiff in this case.

32.

You have no knowledge of the treatment received by Plaintiff for injuries sustained in this

case.

33.

You have no knowledge of the reasonable charges for treatment received by Plaintiff for injuries sustained in this incident.

34.

Defendant(s) knew that the cart machine involved in the subject incident had been reported as defective before the subject incident.

## IV.  INTERROGATORIES

1.

Identify each and every person including job title and present employer, with the exception of counsel, who provided any information, or assisted in providing any information, in response to Plaintiff's First Interrogatories to Defendant.

2.

Identify any and all persons or companies acting or working in any management capacity at the Property on or about March 28, 2021.

3.

Identify in detail any contracts in which you had entered that were in effect on March 28, 2021, with any person or entity to provide property management, general management, maintenance, repair, and/or security services.

4.

Identify all other employees or agents working on the Property on or about March 28, 2021.

5.

Identify the individual(s) or entity(ies) responsible for maintaining the carts and cart

machines at the Property on or about March 28, 2021.

6.

Identify the individual(s) or entity(ies) responsible for inspecting, maintaining and/or repairing the defective cart machine at the Property on or about March 28, 2021, and for the 12-month period prior to that date.

7.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who either saw or claim they saw all or any part of the occurrence complained of in this action, as well as those witnesses who arrived at the scene immediately or shortly after said occurrence.

8.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given.

9.

Identify the individual or individuals known to Defendant(s) who possess or purport to possess knowledge regarding Plaintiff's claim(s) including, specifying the individual(s) who spoke to or heard from Plaintiff at any time, and/or investigated the subject incident in any way.

10.

Identify all persons Defendant(s) expects to call as an expert witness at the trial of this case, and for each such individual so identified provide that information required pursuant to O.C.G.A.

§ 9-11-26(b)(4)(A)(i).

11.

State in detail how Defendant(s) contend the incident which forms the basis for Plaintiff's claims occurred, including but not limited to a listing of each person and circumstance Defendant(s) believe to have caused, or contributed to causing, the subject occurrence.

12.

List each act of negligence, contributory, comparative or otherwise, you contend Plaintiff, or any other person or entity did or failed to do which contributed in any way to the incident upon which Plaintiff's claims are based and/or Plaintiff's resulting injuries.

13.

Identify all training that a Defendant(s)'s employees or agents received with respect to inspecting, corralling, maintaining, operating and monitoring the carts and/or the cart machines, generally and specifically,, at the Property on or before March 28, 2021.

14.

Identify any changes in procedures, policies, practices, rules or regulations regarding, or aspects of, the Property, that were implemented regarding or made at the Property as a result of the March 28, 2021,incident which caused Plaintiff's injuries.

15.

Pursuant to O.C.G.A. § 9-11-26(b)(2), identify all insurance agreements, including any umbrella and/or excess coverage, upon which Defendant(s) may rely to satisfy part or all of any judgment which may be entered against Defendant(s) or which may be used to indemnify or reimburse Defendant(s) for any payment(s) to satisfy any such judgment(s).

16.

Identify all security or surveillance cameras located at the Property, the location of such cameras, whether such cameras were operative on March 28, 2021, and whether any camera videotaped the incident described in the Complaint.

17.

Do Defendant(s) contend any person or entity other than Defendant(s) or their employees or agents is, or may be, liable in whole or in part for the claims asserted against Defendant(s) in this lawsuit? If your answer is anything other than an unqualified "no", state the full name and address of each such person or entity, the legal basis for Defendant(s)'s contention, the facts or evidence upon which said contention is based, and whether Defendant(s) has/have notified each such person or entity of said contention.

18.

Describe what steps or procedures Defendant(s) used to train employees on the control of carts and cart machines on the Property, or any aspect of interaction with same.

19.

Furnish a detailed factual basis for each defense and/or counterclaim asserted in Defendant(s)'s Answer to the Complaint.

20.

For each paragraph of the Complaint or portion thereof denied by Defendant(s), state in detail all facts upon which Defendant(s) relied in making said denial.

21.

Identify all members of, and documents generated by, Defendant(s)'s Safety Team, Safety Loss Prevention Committee, Risk Control and Safety Committee and/or Accident Review Board, or Defendant(s)'s equivalents thereto, with respect to the subject incident.

22.

Identify all claims or lawsuits that have previously been brought against Defendant(s) as a result of injuries or damages alleged to have been sustained as a result of residents or invitees allegedly injuring themselves at the Property from March 28, 2021, or that date the Property was opened if after March 28, 2021, to the present.

23.

Identify all documents or other evidence relating to any complaint regarding alleged hazards and/or personal injuries sustained at the Property prior to March 28, 2021.

24.

Did Defendant(s), their agents, representatives, employees or anyone acting on Defendant(s)'s behalf conduct an investigation of the subject incident? If the answer is anything other than an unqualified "no", identify all agents, representatives, employees or anyone acting on Defendant(s)' behalf who conducted or participated in any portion of the inspection and state whether any written report or summary was generated.

25.

Identify all procedures, policies, practices, requirements, rules or regulations with respect to inspection, maintenance and/or repair of any aspect on the Property which were in effect on March 28, 2021.

26.

With respect to any procedure, policy, practice, requirement, rule or regulation identified in Defendant(s)'s answer to the preceding interrogatory, state whether any such procedure, policy, practice, requirement, rule or regulation was based upon, or otherwise took into account, any federal, state, county, city or local statute, regulation or law.

27.

State when Defendant first anticipated the possibility of a claim or lawsuit being asserted or filed by Plaintiff, or otherwise on behalf of Plaintiff, arising out of the subject incident.

28.

Describe in detail how the incident, which is the subject of this Complaint, took place.

29.

Do you contend that you were not at fault for causing or failing to prevent the subject incident?

30.

If your response to the preceding interrogatory was in the affirmative, identify all facts in support of your contention.

31.

If you claim that you have not been properly served in this action, please state in detail the facts in support of said claim.

32.

Identify all facts and records that would support any contention that Plaintiff's injuries preexisted the subject incident or were not caused by the subject incident or that symptoms had been exaggerated or that treatment was unnecessary or charges improper.

33.

Please identify the employee known as "Jason" who was operating the subject cart machine at the time of the subject incident, and all of Jason's supervisors.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please provide any document or thing that was used or referenced in responding to the Interrogatories listed above.

2.

Please provide copies of any reports that were done in connection with this incident, including the incident report done at the Property.

3.

Please provide originals or color copies of all photographs of the Property where the incident occurred on March 28, 2021, including, but not limited to, all photographs taken of any person, place or thing involved in the incident, and any photographs of any carts, cart machines and/or the surrounding area.

4.

Please provide copies of any statements obtained from Plaintiff.

5.

Please provide copies of any statements obtained from any witnesses to the incident, including, but not limited to, statements from any of your employees or agents regarding the incident.

6.

Please provide copies of any video surveillance that was recorded one hour prior to the incident through one hour after the incident.

7.

Please produce copies of all training or safety manuals regarding carts and/or cart machines, as well in general, that were in effect at the Property at the time of the subject

incident, or in effect at any time during the five (5) years prior to the incident and through the present.

8.

Please produce copies of all documents reflecting inspection, maintenance or of any areas or objects of the Property involved in the subject incident (including, but not limited to, the subject cart machine) from January 1, 2016 through and including December 31, 2021, and reflecting any inspection, maintenance or repair of any defective cart machines at any time in 2020 and 2021.

9.

Please produce copies of all documents in your possession (including, but not limited to, pleadings and discovery responses) relating to or otherwise referencing any claim or lawsuit brought against you for personal injuries allegedly sustained at the Property.

10.

Please produce copies of all documents or other evidence relating to any complaint regarding alleged hazards and/or personal injuries sustained at the Property prior to March 28, 2021.

11.

Please produce copies of any and all documents reflecting the employees or agents working at the Property at any time on the date of the subject incident (including, but not limited to, work schedules and time sheets).

12.

Please provide copies of any and all communications between Defendant(s) or their agents or representatives, and the Plaintiff or anyone purporting to act on her behalf.

13.

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant(s) produce all information and documents produced in the above-styled action in response to any and all of Defendant(s)'s Non-Party Request for Production of Documents.

14.

For all experts Defendant(s) may or will call to testify at any trial in this matter, please produce the following:

1) Any and all reports, summaries, notes, calculations and written opinions prepared by the expert, including all drafts thereof;
2) The expert's curriculum vitae;
3) All correspondence between Defendant(s)'s attorney(s) and the expert, whether by mail, fax, email, or any other means;
4) All correspondence between the expert and any other person/agency relating to the subject matter of this lawsuit and/or the expert's work regarding the same;
5) Any and all materials provided to and/or received from the expert regarding the subject matter of this lawsuit and/or the expert's work regarding the same;
6) All timesheets, invoices, billing statements and other documentation by whatever means of the expert's charges and/or compensation for his/her work on this case;
7) Any and all retainer agreements, scope(s) of work, or similar documents relating to the expert's work regarding this case;
8) Any other documents or materials prepared by, used by, or relied upon by the expert relating to the subject matter of this lawsuit and/or the expert's work regarding the same.

15.

Please produce copies of any and all insurance policies identified by you in your responses to Plaintiff's Interrogatories.

*[signature page follows]*

Page **18** of **19**

Respectfully submitted, this day <u>9th</u> of March, 2023.

**THE FRY LAW FIRM**

*/s/  Stephen G. Carlson*
STEPHEN G. CARLSON
State Bar of Georgia No.: 60714
GULLIANA GOEHRING
State Bar of Georgia No.: 384447
RANDAL E. FRY
State Bar of Georgia No.: 278799
*Attorneys for Plaintiff*

The Fry Law Firm
1718 Peachtree Street, NW
Suite 990
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
stephen@thefrylawfirm.com
randy@thefrylawfirm.com
gulliana@thefrylawfirm.com