# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JASMIN SALGADO,**<br><br>Plaintiff,<br><br>vs.<br><br>**JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.,**<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br><br><br><br><br>REMOVED FROM STATE COURT OF CLAYTON COUNTY, GEORGIA<br>CIVIL ACTION FILE NO. 2023CV00435 |

## **DEFENDANTS' NOTICE OF REMOVAL**

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COME NOW **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.** (hereinafter "Defendants"), and file the following Notice of Removal to United States District Court, showing the Court as follows:

1.  A civil action was filed on February 21, 2023 in the State Court of Clayton County, State of Georgia. That action is designated there as Civil Action File No.: 2023CV00435. Defendant Moeller Trucking, Inc., was the first Defendant served in this case on or about March 15, 2023. Defendant Jason Schweigert has not been served. This removal is timely filed. The amount in controversy exceeds $75,000.00.

Plaintiff's complaint outlines medical expenses in excess of $33,241.18 and makes a claim for future medical expenses as well.

2. Defendants file herewith a copy of all process, pleadings, and orders received by Defendants in Civil Action File No.: 2023CV00435, pursuant to 28 USC §1446 (attached hereto as "Exhibit A").

3. Defendant Jason Schweigert is an individual and citizen residing in the State of Florida and with the intent to remain in the State of Florida. (Pl.'s Compl. ¶ 2).

4. Defendant Moeller Trucking, Inc., is now, was at the commencement of Civil Action File No.: 2023CV00435, and at all times since has been a corporation organized and existing under the laws of the State of Ohio. (Pl.'s Compl. ¶ 5).

5. Defendant Moeller Trucking, Inc.'s Principal Office at the time of filing of Civil Action File No.: 2023CV00435 was, and at all times since has been located in the State of Ohio.

6. Upon information and belief, Plaintiff is an individual residing in the State of Georgia. (Pl.'s Compl. ¶ 1).

7. The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the Parties, the Parties are not residents of the same

State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

    a. The amount in controversy exceeds $75,000.00.

    b. Plaintiff's complaint outlines medical expenses in excess of $33,241.18 and makes a claim for future medical expenses as well.  (Pl.'s Compl. ¶ 42)

    c. "Amount in controversy" means simply the amount sought by Plaintiff that can be legally awarded by the fact-finder. "The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are: In other words, an amount that a plaintiff claims is not 'in controversy' if no fact finder could legally award it." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir., 2002). "[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir., 2010). In a tort case the amount in controversy includes "general, special, and punitive damages." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir., 2001).

d. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint and Plaintiff's Demand Letter that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

e. In a demand letter to Defendant, Plaintiff placed a demand seeking remedies in the amount of $150,000 (attached hereto as "Exhibit B"). Pursuant to 28 U.S.C. §1446 (c)(2)(A), Defendant states the amount in controversy exceeds the sum of $75,000 as Plaintiff has alleged that as a result of the incident, she incurred special damages and has incurred substantial medical expenses and will likely incur expenses in the future (Compl. ¶¶ 42, 43.)

f. The Court should infer from Plaintiff's purported damages, including her alleged past, present and future claims for damages and Plaintiff's demand letter, that she is seeking recovery in an amount in excess of this Court's jurisdictional minimum.[1] Plaintiff's allegations weigh

---

[1] However, if the amount in controversy is not facially apparent from the Complaint, Defendant requests leave to conduct limited discovery with respect to damages so that it may demonstrate the amount in controversy is satisfied. *See, e.g., Shannon v. Albertelli Firm, P.C.*, No. 4:13-CV-0265-HLM, 2014 U.S. Dist. LEXIS 185636, at *14 (N.D. Ga. Jan. 21, 2014) (noting in some cases the defendant may need to provide additional evidence demonstrating removal is proper. (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)).

heavily in favor of finding the Complaint states an amount in controversy in excess of $75,000.00. *See e.g.*, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064-65 (11th Cir. 2010) (concluding that when the value of the plaintiff's claims were analyzed with judicial experience and common sense, the amount in controversy likely exceeded the $75,000); *Carr v. Halloway*, Civil Action No. 5:09-cv-327 (HL), 2010 U.S. Dist. LEXIS 104878, at *8-9 (M.D. Ga. Oct. 1, 2010) (finding that, based on the Court's judicial experience and common sense, the plaintiff's claim likely would result in a pain and suffering award that would bring Plaintiff's case in excess of $75,000.00 even though plaintiff did not assign dollar figures to the amount of his claimed damages for pain and suffering); *Viens v. Wal-Mart Stores,* Civ. No. 3:96cv02602(AHN), 1997 U.S. Dist. LEXIS 24029, at *1 (D. Conn. 1997) (concluding that the combination of the victim's lost wage claim and her lumbar spine injury claim established that there was a reasonable probability that the amount in controversy exceeds the jurisdictional minimum); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F. 3d 880, 882 (5th Cir. 2000) (internal citations omitted) (holding that the amount in controversy was facially apparent from the pleadings where the plaintiff sought damages for medical expenses, physical pain

and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and disfigurement). In sum, Plaintiff's allegations in her Complaint make clear that her claim for damages satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a).

10. Defendants attach hereto a copy of Defendants' Notice of Removal which has been sent for filing in the State Court of Clayton County, State of Georgia, marked as Exhibit "C".

11. All Defendants agree to this removal.

WHEREFORE the Defendants pray that the above action now pending against them in the State Court of Clayton County, State of Georgia, be removed to this Court.

[Signatures on Next Page]

Respectfully submitted this <u>12th</u> day of April, 2023.

                                  **HALL BOOTH SMITH, P.C.**

                                  */s/ James E. Gilson*

                                  _____
                                  JAMES E. GILSON
                                  Georgia State Bar No. 001150
                                  NAVROZ THARANI
                                  Georgia State Bar No. 261635
                                  *Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
T: (404) 954-5000; F:  (404) 954-5020
jgilson@hallboothsmith.com
ntharani@hallboothsmith.com
**DEFENDANT DEMANDS TRIAL BY JURY**

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JASMIN SALGADO,** | **CIVIL ACTION FILE NO.** |
| Plaintiff, | |
| vs. | |
| **JASON SCHWEIGERT** and **MOELLER TRUCKING, INC.,** | **REMOVED FROM STATE COURT OF CLAYTON COUNTY, GEORGIA** |
| Defendants. | **CIVIL ACTION FILE NO. 2023CV00435** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANTS' NOTICE OF REMOVAL** with the Clerk of Court electronically which will automatically send an e-mail notification of such filing to the following:

Anita M. Lamar
Lamar Law Office, LLC
P.O. Box 2558
Tucker, GA  30085
alamar@atlantalegalcare.com

[Signatures on Next Page]

Respectfully submitted this 12th day of April, 2023.

                                         **HALL BOOTH SMITH, P.C.**

                                         */s/ James E. Gilson*

                                         _____
                                         JAMES E. GILSON
                                         Georgia State Bar No. 001150
                                         NAVROZ THARANI
                                         Georgia State Bar No. 261635
                                         *Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
T: (404) 954-5000; F:  (404) 954-5020
jgilson@hallboothsmith.com
**DEFENDANT DEMANDS**
**TRIAL BY JURY**