IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RLI INSURANCE COMPANY and KNIGHTBROOK INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>LARA'S TRUCKS, INC., MARTIMIANO HERNANDEZ, RENE SINGLETON, PORFIRIO MOJICA GUTIERREZ, SUNGLIYING SUJU TORRES, JOAN SAMUEL LEWIS, ALLISON PORTER, RAMON VAZQUEZ NERI, BRENDA GARCIA PINEDA, KATRICE LOTT, LASANJE DIANDA WEEMS, MALCOMB XECHARIAH, JULIE MCCALLUM, ERICK A. ROQUE, and ROY DUNKENTELL,<br><br>    Defendants. | Case No.: |

## COMPLAINT FOR INTERPLEADER

RLI INSURANCE COMPANY and KNIGHTBROOK INSURANCE COMPANY jointly file this Complaint for Interpleader, showing the Court as follows:

## Jurisdiction and Venue

1. RLI Insurance Company is a company organized and incorporated under the laws of the State of Illinois, with its principal place of business in Peoria, Illinois, authorized to do business in the State of Georgia, and issuing surety bonds as part of its business.

2. Knightbrook Insurance Company is a company organized and incorporated under the laws of the State of Delaware, with its principal place of business in Los Angeles, California, authorized to do business in the State of Georgia, and issuing surety bonds as part of its business.

3. Defendant LARA'S TRUCKS, INC. is a corporation organized and incorporated under the laws of the State of Georgia, with its principal place of business in Duluth, Georgia.

4. Defendant MARTIMIANO HERNANDEZ is an individual and a domicile of the State of Georgia, with his residence currently located in Ellijay, Georgia.

5. Defendant RENE SINGLETON is an individual and a domicile of the State of Georgia, with his residence currently located in the State of Georgia.

6. Defendant PORFIRIO MOJICA GUTIERREZ is an individual and a domicile of the State of Georgia, with his residence currently located in Gainesville, Georgia.

7. Defendant SUNGLIYING SUJU TORRES is an individual and a domicile of the State of Georgia, with her residence currently located in Lawrenceville, Georgia.

8. Defendant JOAN SAMUEL LEWIS is an individual and a domicile of the State of Georgia, with her residence currently located in Decatur, Georgia.

9. Defendant ALLISON MCINTOSH PORTER is an individual and a domicile of the State of Georgia, with her residence currently located in Stockbridge, Georgia.

10. Defendant RAMON VAZQUEZ NERI is an individual and a domicile of the State of Georgia, with his residence currently located in Fortson, Georgia.

11. Defendant BRENDA GARCIA PINEDA is an individual and a domicile of the State of Georgia, with her residence currently located in Atlanta, Georgia.

12. Defendant KATRICE LOTT is an individual and a domicile of the State of Georgia, with her residence currently located in Forest Park, Georgia.

13. Defendant LASANJE DIANDA WEEMS is an individual and a domicile of the State of Georgia, with his residence currently located in Atlanta, Georgia.

14. Defendant MALCOMB XECHARIAH is an individual and a domicile of the State of Illinois, with his residence currently located in Gurnee, Illinois.

15. Defendant JULIE MCCALLUM is an individual and a domicile of the State of Alabama, with her residence currently located in Alabaster, Alabama.

16. Defendant ERICK A. ROQUE is an individual and a domicile of the State of Georgia, with his residence currently located in Decatur, Georgia.

17. Defendant ROY DUNKENTELL is an individual and a domicile of the State of Georgia, with his residence currently located in Dacula, Georgia.

18. This Court has jurisdiction of this interpleader action under the provisions of 28 U.S.C. § 1335(a), because a) the value of each of bonds issued by the Plaintiffs is in excess of $500, b) the minimal diversity requirements of 28 U.S.C. § 1335(a)(1) are established as at least one of the claimants to the funds to be interpleaded in the registry of the Court is diverse as to another claimant to the funds, and c) the Plaintiffs have moved for an order authorizing them to deposit the penal sum of each of the bonds and will promptly do so upon entry of such order.

19. This Court is a proper venue for this action under 28 U.S.C § 1397 because at least one of the Defendants resides in this judicial district.

**Factual Background**

*A. The Bonds Issued by the Plaintiffs for Lara's Trucks, Inc.*

20. Defendant Lara's Trucks, Inc. is, or was, a used motor vehicle dealer that, at all times relevant to this action, was licensed by the State of Georgia pursuant to the Used Motor Vehicle Dealers' and Used Motor Vehicle Parts Dealers' Registration Act, O.C.G.A. § 43-47-1 *et seq*.

21. As a licensed used motor vehicle dealer in the State of Georgia, Lara's Trucks, Inc. was required to file with the state a statutory surety bond in the amount of $35,000.00.

22. On or about January 10, 2020, RLI Insurance Company executed bond number LSM1316583 on behalf of Lara's Trucks, Inc. in the sum of $35,000.00 in compliance with the requirements of O.C.G.A. § 43-47-8(g) (the "RLI Bond"), a copy of which is attached as Exhibit A.

23. The RLI Bond was effective for an initial period from March 31, 2020 until March 31, 2022 and then was extended by RLI Insurance Company from March 31, 2022 until March 31, 2024, although the bond has been cancelled by RLI Insurance Company effective April 3, 2023.

24. On or about February 21, 2022, Knightbrook Insurance Company executed bond number KBAAGA10085-00 on behalf of Lara's Trucks, Inc. in the sum of $35,000.00 in compliance with the requirements of O.C.G.A. § 43-47-8(g) (the "Knightbrook Bond"), a copy of which is attached as Exhibit B.

25. The Knightbrook Bond was effective for a period beginning April 1, 2022, and was cancelled by Knightbrook Insurance Company effective December 28, 2022.

26. The bonds executed by the Plaintiffs provided overlapping coverage for transactions occurring during the period beginning April 1, 2022 through December 28, 2022 (the "Overlapping Period").

27. Because they were issued to comply with O.C.G.A. § 43-47-8(g), both of the bonds are conditioned for the benefit of any purchaser or successor in title to pay "all loss, damages, and expenses . . . occasioned by reason of any misrepresentation, deceptive practice, or unfair practice or by reason of any breach of warranty as to such used vehicle."

### *B. The Adverse Claims Made on the Bonds.*

28. RLI Insurance Company knows of claims against Lara's Trucks, Inc. totaling $252,805.74, not including one claim in an unstated amount and not including claims for legal expenses. All this total represents current or potential

claims against RLI's Bond. Of the total, claims in the amount of $85,452.00 have been asserted based on transactions during the Overlapping Period.

29. Knightbrook Insurance Company has knowledge of claims against Lara's Trucks, Inc. totaling $85,452.00, all of which are during the Overlapping Period and therefore may be recoverable under the Knightbrook Bond.

30. Defendant Martimiano Hernandez has filed a lawsuit in the Superior Court of DeKalb County, Georgia against Lara's Trucks, Inc. (Case No. 21CV6581) and alleges that, on January 26, 2021, he purchased a used motor vehicle from Lara's Trucks, Inc., which allegedly misrepresented the condition of the vehicle and refused to return it after repair attempts. Counsel for Mr. Hernandez sent a demand letter to RLI Insurance Company making a claim on the RLI Bond. The facts alleged by Mr. Hernandez occurred during the term of the RLI Bond and may result in liability under that Bond. Upon information and belief, the amount Mr. Hernandez seeks to recover on the RLI Bond is at least $8,000.00.

31. Defendant Rene Singleton has submitted a claim to RLI Insurance Company alleging that he purchased a 2016 RAM 1500 from Lara's Trucks, Inc. and that on or about May 11, 2021, the vehicle was improperly repossessed by Lara's Trucks, Inc. and that the condition of the vehicle was not properly disclosed before purchase. All of the facts alleged by Mr. Singleton occurred during the term

of the RLI Bond and may result in liability under that Bond. Upon information and belief, the amount Mr. Singleton seeks to recover on the RLI Bond is at least $13,000.00.

32. Defendant Porfirio Mojica Gutierrez submitted a claim to RLI Insurance Company alleging that, on July 18, 2021, he purchased a used motor vehicle from Lara's Trucks, Inc., which allegedly misrepresented the odometer reading in violation of the Federal Odometer Act. The facts alleged by Mr. Mojica occurred during the term of the RLI Bond and may result in liability under that Bond. Upon information and belief, the amount Mr. Mojica seeks to recover on the RLI Bond is at least $10,000.00.

33. Defendant Sungliying Suju Torres has filed a lawsuit in the State Court of DeKalb County, Georgia against Lara's Trucks, Inc. (Case No. 22A03003) and alleges that, on July 23, 2021, she purchased a used motor vehicle from Lara's Trucks, Inc., which allegedly failed to purchase agreed gap insurance on the vehicle, which was damaged in an accident. The facts alleged by Ms. Torres occurred during the term of the RLI Bond and may result in liability under that Bond. Upon information and belief, the amount Ms. Torres seeks to recover on the RLI Bond is at least $15,789.07.

34. Defendant Joan Samuel Lewis, through an attorney, notified RLI Insurance Company that, prior to September 22, 2021, she purchased a used motor vehicle from Lara's Trucks, Inc., which allegedly sold the vehicle without a currently valid emissions inspection report as required by Georgia law. The facts alleged by Ms. Lewis may have occurred during the term of the RLI Bond and may result in liability under that Bond. The amount Ms. Lewis seeks to recover on the RLI Bond is $15,000.00.

35. Defendant Allison Porter submitted a claim to RLI Insurance Company alleging that, on October 25, 2021, she purchased a used motor vehicle from Lara's Trucks, Inc., which allegedly failed to pay off the loan balance on her trade-in vehicle as agreed, thereby requiring her to pay that balance and also damaging her credit. The facts alleged by Ms. Porter occurred during the term of the RLI Bond and may result in liability under that Bond. The amount Ms. Porter seeks to recover on the RLI Bond is unknown.

36. Defendant Ramon Vazquez Neri has filed a lawsuit in the Superior Court of DeKalb County, Georgia against Lara's Trucks, Inc. (Case No. 22CV2144) and alleges that, on November 4, 2021, he purchased a used motor vehicle from Lara's Trucks, Inc., which allegedly breached its warranty to Mr. Neri and committed conversion regarding the vehicle transaction. The facts alleged

by Mr. Neri occurred during the term of the RLI Bond and may result in liability under that Bond. Upon information and belief, the amount Mr. Neri seeks to recover on the RLI Bond is at least $38,321.67.

37. Defendant Brenda Garcia Pineda has filed a lawsuit in the State Court of Gwinnett County, Georgia against Lara's Trucks, Inc. (Case No. 22-C-03240-S5) and alleges that, on January 9, 2022, she purchased a used motor vehicle from Lara's Trucks, Inc., which allegedly failed to transfer title within the time required by Georgia law. The facts alleged by Ms. Pineda occurred during the term of the RLI Bond and may result in liability under that Bond. Upon information and belief, the amount Ms. Pineda seeks to recover on the RLI Bond is at least $30,885.00.

38. Defendant Katrice Lott has filed a lawsuit in the Superior Court of DeKalb County, Georgia against Lara's Trucks, Inc. (Case No. 22CV6036) and alleges that, on February 24, 2022, she purchased a used motor vehicle from Lara's Trucks, Inc., which allegedly sold the vehicle without a currently valid emissions inspection report as required by Georgia law. Counsel for Ms. Lott sent a demand letter to RLI Insurance Company making a claim on the RLI Bond. The facts alleged by Ms. Lott occurred during the term of the RLI Bond and may result in liability under that Bond. Upon information and belief, the amount Ms. Lott seeks to recover on the RLI Bond is at least $10,000.00.

39. Defendant Lasanje Dianda Weems has filed a lawsuit in the Superior Court of Gwinnett County, Georgia against Lara's Trucks, Inc. (Case No. 23-A-01489-9) and alleges that, on March 25, 2022, he purchased a used motor vehicle from Lara's Trucks, Inc., which allegedly failed to transfer title within the time required by Georgia law. The facts alleged by Mr. Weems occurred during the term of the RLI Bond and may result in liability under that Bond. Upon information and belief, the amount Mr. Weems seeks to recover on the RLI Bond is at least $25,858.00.

40. Defendant Malcomb Xechariah has filed a lawsuit in the Superior Court of DeKalb County, Georgia against Lara's Trucks, Inc. (Case No. 22CV9494) and alleges that, on April 9, 2022, he purchased a used motor vehicle from Lara's Trucks, Inc., which allegedly violated the Federal Odometer Act. Counsel for Mr. Xechariah sent a demand letter to Knightbrook Insurance Company making a claim on the Knightbrook Bond. All of the facts alleged by Mr. Xechariah occurred during the Overlapping Period which may result in liability under both the RLI Bond and the Knightbrook Bond. Upon information and belief, the amount Mr. Xechariah seeks to recover on the RLI and/or Knightbrook Bonds is $13,000.00.

41. Defendant Julie McCallum has filed a lawsuit in the Superior Court of DeKalb County, Georgia against Lara's Trucks, Inc. (Case No. 22CV10318) and alleges that, on May 14, 2022, she purchased a used motor vehicle from Lara's Trucks, Inc., which allegedly did not deliver the title, tag, and registration to the vehicle within the statutory time period. Counsel for Ms. McCallum sent demand letters to both RLI Insurance Company and Knightbrook Insurance Company making a claim on both the RLI Bond and the Knightbrook Bond. All of the facts alleged by Ms. McCallum occurred during the Overlapping Period which may result in liability under both the RLI Bond and the Knightbrook Bond. Upon information and belief, the amount Ms. McCallum seeks to recover on the RLI and/or Knightbrook Bonds is at least $15,637.00.

42. Defendant Erick A. Roque submitted a claim to Knightbrook Insurance Company alleging that, on June 28, 2022, he traded in his 2017 Lexus IS200T to Lara's Trucks, Inc., which allegedly promised to pay off the loan on the vehicle. Mr. Roque alleges that Lara's Trucks, Inc. subsequently sold the vehicle to Defendant Roy Dunkentell without paying off the loan balance. All of the facts alleged by Mr. Roque occurred during the Overlapping Period which may result in liability under both the RLI Bond and the Knightbrook Bond. Upon information

and belief, the amount Mr. Roque seeks to recover on the RLI and/or Knightbrook Bonds is $21,815.00.

43. Defendant Roy Dunkentell has filed a lawsuit in the Superior Court of DeKalb County, Georgia against Lara's Trucks, Inc. (Case No. 22CV9863) and alleges that, on July 13, 2022, he purchased a used motor vehicle from Lara's Trucks, Inc., which allegedly did not deliver the title, tag, and registration to the vehicle within the statutory time period. Counsel for Mr. Dunkentell sent demand letters to both RLI Insurance Company and Knightbrook Insurance Company making a claim on both the RLI Bond and the Knightbrook Bond. All of the facts alleged by Mr. Dunkentell occurred during the Overlapping Period which may result in liability under both the RLI Bond and the Knightbrook Bond. Upon information and belief, the amount Mr. Dunkentell seeks to recover on the RLI and/or Knightbrook Bonds is $35,000.00.

44. Lara's Trucks, Inc. as principal on the RLI and Knightbrook Bonds is primarily liable for any loss recoverable on those bonds. As such, to the extent that Lara's Trucks, Inc. has a defense to one or more of the claims asserted above, Lara's Trucks, Inc. has an interest in the funds deposited into the registry of the Court by the Plaintiffs.

45. The following represents all claims known by the Plaintiffs at this time which have been asserted against Lara's Trucks, Inc. and may result in liability to be assessed against one or both of the bonds:

| Defendant | Date of Transaction | Bond(s) at Issue | Claimed on RLI | Claimed on Knightbrook |
|---|---|---|---|---|
| Hernandez | 1/26/2021 | RLI | $ 8,000.00 | $ 0 |
| Singleton | 5/11/2021 | RLI | $ 13,500.00 | $ 0 |
| Gutierrez | 7/18/2021 | RLI | $ 10,000.00 | $ 0 |
| Torres | 7/23/2021 | RLI | $ 15,789.07 | $ 0 |
| Lewis | 9/22/2021 | RLI | $ 15,000.00 | $ 0 |
| Porter | 10/25/2021 | RLI | UNKNOWN | $ 0 |
| Neri | 11/4/2021 | RLI | $ 38,321.67 | $ 0 |
| Pineda | 1/9/2022 | RLI | $ 30,885.00 | $ 0 |
| Lott | 2/24/2022 | RLI | $ 10,000.00 | $ 0 |
| Weems | 3/25/2022 | RLI | $ 25,858.00 | $ 0 |
| Xechariah | 4/9/2022 | Both | $ 13,000.00 | $ 13,000.00 |
| McCallum | 5/14/2022 | Both | $ 15,637.00 | $ 15,637.00 |
| Roque | 6/28/2022 | Both | $ 21,815.00 | $ 21,815.00 |
| Dunkentell | 7/13/2022 | Both | $ 35,000.00 | $ 35,000.00 |

46. The claims asserted by the Defendants are all adverse to one or both of the Plaintiffs.

47. The claim asserted by each Defendant is adverse to all of the other Defendants because the total of the amounts asserted exceed the penal sum of each bond and of the two bonds combined.

48. The penal sum limit of the RLI Bond is $35,000.00.

49. The penal sum limit of the Knightbrook Bond is $35,000.00.

50. The Plaintiffs are innocent stakeholders and cannot determine the respective rights of all of the Defendants without substantial risk of multiple or inconsistent liability, liability in excess of their penal sums, and disproportionate legal costs and expenses.

51. The Plaintiffs' obligations are uncertain, unclear, and in need of judicial determination.

52. The Plaintiffs have incurred and continue to incur considerable attorneys' fees and costs attempting to resolve the various claims.

## Interpleader

53. The allegations contained in Paragraphs 1 through 52 above are incorporated by reference as if fully set forth herein.

54. It is necessary for the Court to restrain a race to the courthouse and prevent multiple or inconsistent liabilities on the RLI and Knightbrook Bonds, or unfair depletion of bond proceeds by only one or a few of the many Defendants.

55. Each of the individual Defendants should be required to prove his or her entitlement to recover proceeds on one or both of the bonds, and Lara's Trucks, Inc. should be required to defend any invalid claims and establish its right, if any, to recover some or all of the amounts paid into this Court.

56. Each of the Plaintiffs is entitled to interplead the penal sum of its statutory bond into the registry of this Court, to receive a complete discharge from any further duty or liability relating to its bond, and to recover its reasonable attorney's fees and costs of filing this interpleader action.

57. Subject to contrary proof by Lara's Trucks, Inc., there could be other persons in a position to make claims against the RLI Bond or the Knightbrook Bond – although the Plaintiffs are not presently aware of any such potential claimants.

**WHEREFORE**, the Plaintiffs pray:

    A.    That the Court enter an order authorizing each of the Plaintiffs to pay into the registry of the Court the penal sum of its statutory bond, $35,000.00;

    B.    That the Court enter an order of interpleader determining that the Defendants are adverse claimants to the funds deposited in Court and to each other;

    C.    That the Court order any Defendants who claim injury or damage to plead and establish their respective claims in this action;

D.  That each of the Plaintiffs be discharged from any other or further liability to the Defendants, or to any other person or entity with a claim against either of the bonds, by virtue of the facts set out in this complaint and the exhaustion of the bond amounts;

E.  That the Court issue a permanent injunction against all persons or entities from instituting or pursuing any proceeding in any Court, federal or state, against RLI Insurance Company for recovery on the RLI Bond;

F.  That the Court issue a permanent injunction against all persons or entities from instituting or pursuing any proceeding in any Court, federal or state, against Knightbrook Insurance Company for recovery on the Knightbrook Bond;

G.  That the Plaintiffs recover their reasonable attorneys' fees and their costs in this action; and

H.  That the Plaintiffs have whatever other and further relief that may be just and proper.

This 12th day of April, 2023.

                Respectfully Submitted:

                s/ *David A. Harris*
                Georgia Bar Number 668708
                **Bovis, Kyle, Burch & Medlin, LLC**
                200 Ashford Center North, Suite 500
                Atlanta, Georgia 30338-2668
                (770) 391-9100
                dah@boviskyle.com
                Attorney for Knightbrook Insurance Co.

                s/ *Gregory R. Veal*
                Georgia Bar Number 726615
                **Bovis, Kyle, Burch & Medlin, LLC**
                200 Ashford Center North, Suite 500
                Atlanta, Georgia 30338-2668
                (770) 391-9100
                grv@boviskyle.com
                Attorney for RLI Insurance Company