# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LYNNETTE OSEI-ASIBEY and SHAWON ROBINSON, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>SMARTRENT, INC. ; SMARTRENT.COM, INC. ; and SMARTRENT TECHNOLOGIES, INC.,<br><br>           Defendants. | Case No.<br>_____<br><br><br>**DEMAND FOR JURY TRIAL** |

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE
## <u>FAIR LABOR STANDARDS ACT</u>

Lynnette Osei-Asibey ("Ms. Osei-Asibey") and Shawon Robinson ("Mr. Robinson") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, submit the following Complaint against Defendants SmartRent, Inc.; SmartRent.com, Inc.; and SmartRent Technologies, Inc. (collectively "Defendants" or "SmartRent"), showing the Court as follows:

## INTRODUCTION

1.      This is a collective action brought by Plaintiffs for unlawful acts committed by SmartRent against Plaintiffs and those similarly situated. Plaintiffs bring this action for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), to obtain full and complete relief for Defendants' failure to pay Plaintiffs and all others similarly situated for overtime wages as required by the FLSA.

2.      SmartRent employed Plaintiffs and all those similarly situated during the three (3) years prior to the filing of this Complaint in the position(s) of Field Installation Manager and/or Senior Field Installation Manager (collectively "FIM"). The primary duty of FIM was to engage in the manual task of installing SmartRent smart home hardware products. SmartRent unlawfully classified Plaintiffs and other similarly situated FIMs as exempt employees to avoid its obligations to properly pay for overtime.

3.      SmartRent paid Plaintiffs and other similarly situated FIMs on a salaried basis for all recorded hours worked. SmartRent did not permit Plaintiffs and other similarly situated FIMs to record all time worked and did not maintain records of all time worked for Plaintiffs and other similarly situated FIMs. In order to fully perform their job duties, Plaintiffs and other similarly situated FIMs

regularly work in excess of 40 hours per workweek, but SmartRent does not compensate them at the overtime rate for all hours worked in excess of 40 hours per workweek.

4. Accordingly, Plaintiffs bring this action, pursuant to 29 U.S.C. § 216(b), on behalf of a collective of persons who are or were employed by SmartRent as FIMs, or other similar job titles, during the past three (3) years through the final date of the disposition of this action who were misclassified as exempt employees and not paid the statutorily required rate of one-and-one-half (1½) times their hourly rate for all hours worked in excess of 40 per workweek and are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in each workweek, as required by law, (ii) unpaid overtime, (iii) liquidated damages, (iv) interest, and (v) attorneys' fees and costs, pursuant to the FLSA and such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States.

8. Pursuant to 28 U.S.C. § 1391 and Local Rules 3.1(B)(2) and 3.1(B)(3), venue is proper in this Court because the unlawful pay practices described herein

were committed within the Atlanta Division of the Northern District of Georgia, and Plaintiff Osei-Asibey is a resident of this District.

## PARTIES

9.     Plaintiff Osei-Asibey is a resident of Clayton County, Georgia. Plaintiff Osei-Asibey has worked for SmartRent since February 2021. Plaintiff Osei-Asibey is an "employee" of SmartRent as defined by the FLSA, 29 U.S.C. § 203(e)(1).

10.    Plaintiff Robinson resides in Chicago, Illinois and submits to the personal jurisdiction of this Court. Plaintiff Robinson worked for SmartRent from 2019 until February 2022. Plaintiff Robinson is an "employee" of SmartRent as defined by the FLSA, 29 U.S.C. § 203(e)(1).

11.    SmartRent, Inc., SmartRent.com, Inc., and SmartRent Technologies, Inc. are foreign for-profit corporations. SmartRent.com, Inc. and SmartRent Technologies, Inc. are licensed to conduct business in Georgia. SmartRent transacts business in Georgia, including the sale and installation of smart home building hardware. SmartRent brands itself as a category leader in the United States.

12.    SmartRent.com, Inc. and SmartRent Technologies, Inc. may be served with process by delivering a copy of the Summons and Complaint to their registered agent, Registered Agents, Inc. at 300 Colonial Center Parkway, Ste 100N, Roswell,

Georgia 30076. SmartRent, Inc. may be served with process by delivering a copy of the Summons and Complaint to its registered agent, Resident Agents, Inc., 8 the Green, Ste. R, Dover, Delaware 19901.

13. During the relevant time period, SmartRent was an "employer" and/or "joint employer" of Plaintiffs and all others similarly situated as those terms are defined by 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2, respectively. Defendants were "joint employers" and/or an integrated enterprise that operated as a single employer.

14. At all relevant times, Plaintiffs and all others similarly situated were "employees" of SmartRent as that term is defined by 29 U.S.C. § 203(e).

15. Plaintiffs and all others similarly situated worked for SmartRent within the three (3) years preceding the filing of this action.

16. Plaintiffs and all other similarly situated are individuals have been employed by SmartRent as FIMs, or with other similar job titles, worked more than 40 hours in a workweek, were paid on an salaried basis during the three (3) years preceding the filing of this action and continuing through the duration of this action, and were not paid overtime compensation for all hours worked over 40 in a week.

17. Plaintiffs have consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b) per the Consent to Join forms attached as Exhibit 1.

18. SmartRent is, and has been at all relevant times, been an "enterprise"

having two or more employees directly engaged in commerce, and/or engaged in the production of goods for commerce, and/or handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, as those terms are defined under the FLSA.

19. The amount of qualifying annual volume of business for SmartRent exceeds $500,000.00 and thus, SmartRent is subject to the FLSA's overtime requirements.

20. SmartRent is engaged in interstate commerce, including the sale and installation of smart home hardware in Georgia and other states. This independently subjects SmartRent to the overtime requirements of the FLSA.

## STATEMENT OF FACTS

21. Plaintiff Osei-Asibey resides within this judicial district and has been an employee of SmartRent since February 2021. Ms. Osei-Asibey worked as a Field Installation Manager from February 2021 through September 2021 and since September 2021 has worked as a Senior Field Installation Manager.

22. Plaintiff Robinson became an employee of SmartRent in 2019 and worked as a Field Installation Manager until February 2022.

23. At all times during employment with SmartRent as FIMs, Plaintiffs were paid on a salaried basis and treated as exempt from the overtime requirements of the FLSA.

24. As FIMs, Plaintiffs' primary job duty is to engage in the manual task of installing SmartRent's smart home hardware products. As such, Plaintiffs are not exempt from the overtime pay mandates of the FLSA.

25. As FIMs, Plaintiffs do not exercise discretion and independent judgment with respect to matters of significance.

26. As FIMs, Plaintiffs do not customarily or regularly direct the work of two of more other employees, do not have the authority to hire or fire other employees, and their respective suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion, or any other change of status of other employees are not given particular weight.

27. Throughout the relevant time period, on average, Plaintiffs estimate they worked approximately fifty-five (55) hours per workweek in most workweeks.

28. Plaintiffs were not compensated the overtime premium of one-and-a-half (1½) times their hourly pay rates for all hours worked in excess of 40 hours per workweek.

29. SmartRent violated the FLSA by failing to pay Plaintiffs the overtime

premium of one-and-a-half (1½) times their hourly rates for all hours worked in excess of 40 hours per workweek.

## FLSA COLLECTIVE ACTION FACTUAL ALLEGATIONS

30. Plaintiffs bring this collective action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b).

31. Plaintiffs seek to represent the following group of similarly situated persons pursuant to 29 U.S.C. § 216(b):

> All persons who were or are employed by SmartRent as Field Installation Managers, Senior Field Installation Managers, or others performing material similar work, at any time within three (3) years prior to the filing of this Complaint and who were classified as exempt employees and were not paid the overtime premium of one-and-a-half (1½) times their hourly rates for all hours worked in excess of 40 hours per workweek (the "FLSA Collective").

33. Plaintiffs and the FLSA Collective were classified as exempt employees and were paid on a salaried basis.

34. At all relevant times, Plaintiffs and the FLSA Collective have had substantially similar job duties, and have been subject to SmartRent's decision, policy, plan, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay them overtime (i.e., time and one-half their regular hourly rates of pay) for all hours worked over 40 in a week.

35. At all relevant times, Plaintiffs and the FLSA Collective consistently

worked more than 40 hours in a week. For example, Plaintiffs and the FLSA Collective were required to travel to SmartRent work assignments on Sundays and work upon arrival, were only permitted to "clock in" on weekdays upon arrival at the job site(s) and were required to "clock out" at the job site(s) prior to completion of all work, and were required to work off the clock before and after recorded work times to complete assigned work.

36. At all relevant times, Plaintiffs and the FLSA Collective were not paid overtime for all hours worked over 40 in a week.

37. SmartRent was aware that Plaintiffs and the FLSA Collective worked more than 40 hours in a week. SmartRent was aware that Plaintiffs and the FLSA Collective were not permitted to record all compensable work time.

38. At all relevant times, SmartRent failed to maintain accurate time records of all hours worked by Plaintiffs and the FLSA Collective.

39. The FLSA Collective is so numerous that joinder of all members is impracticable. During the relevant time period SmartRent regularly employed more than fifty (50) employees in FIM positions.

40. There are questions of law or fact common to the FLSA Collective, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Without judicial resolution of the claims asserted

on behalf of the proposed collective, SmartRent's continued violations of the FLSA will undoubtedly continue.

41. Questions of law and fact common to the members of the FLSA Collective predominate over questions that may affect only individual members because SmartRent has acted on grounds generally applicable to all members of the FLSA Collective.

42. The claims of the Plaintiffs and defenses thereto are typical of the claims or defenses of the FLSA Collective.

43. Plaintiffs will fairly and adequately protect the interests of the FLSA Collective.

## COUNT ONE
### Violations of the Fair Labor Standards Act
### (Failure to Pay Overtime Compensation)

44. At all times relevant, SmartRent has been an employer engaged in interstate commerce and/or the production of goods for commerce.

45. During the relevant time period, SmartRent employed Plaintiffs and the FLSA Collective within the meaning of the FLSA.

46. At all relevant times, SmartRent has had annual gross revenues in excess of $500,000.00.

47. During the three (3) years preceding the filing of this action, SmartRent

violated the FLSA by misclassifying Plaintiffs and the FLSA Collective as exempt and failing to pay Plaintiffs and the FLSA Collective overtime (i.e., time and one-half their regular hourly rates of pay) for all hours worked over 40 in a week.

48. During the three (3) years preceding the filing of this action, SmartRent operated under a decision, policy and plan, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay Plaintiffs and the FLSA Collective overtime for all hours worked over 40 in a week.

49. Plaintiffs and the FLSA Collective were classified as exempt employees, were paid on a salaried basis, and were paid an annual nondiscretionary bonus.

50. SmartRent suffered and permitted Plaintiffs and the FLSA Collective to work in excess of 40 hours each week.

51. SmartRent were aware that Plaintiffs and the FLSA Collective worked in excess of 40 hours each week.

52. SmartRent willfully disregarded their obligations under the FLSA.

53. At all relevant times, SmartRent were required to keep and maintain accurate records of the hours worked by Plaintiffs and the FLSA Collective.

53. At all relevant times, SmartRent failed to maintain accurate time records of all hours worked by Plaintiffs and the FLSA Collective in violation of the

11

FLSA's recordkeeping requirements.

54. As the direct and proximate result of SmartRent's unlawful conduct, Plaintiffs and the FLSA Collective have suffered a loss of income and other damages.

55. Plaintiffs and the FLSA Collective are entitled to back wages, liquidated damages in an equal amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

56. Members of the FLSA Collective are readily ascertainable. For purposes of notice, and other purposes related to this action, their names, emails and addresses are readily available from SmartRent. Notice can be provided to the FLSA Collective via electronic and/or first-class mail to the last addresses known to SmartRent.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and the FLSA Collective employed by SmartRent, demand trial by jury and judgment against SmartRent as follows:

A. Certification of this action as a collective action under the FLSA, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA

claims by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as the Representatives of the FLSA Collective;

C. A judgment in favor of the Plaintiffs and all others similarly situated for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs;

D. Judgment against Defendants that Defendants' violations were willful; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted, this 12th day of April 2023.

*s/ Tracey T. Barbaree*
Tracey T. Barbaree
GA Bar No. 036792
Beth A. Moeller
GA Bar No. 100158
MOELLER BARBAREE LLP
1175 Peachtree Street N.E., Suite 1850
Atlanta, GA 30361
Tel.: (404) 748-9122
Email: tbarbaree@moellerbarbaree.com
Email: bmoeller@moellerbarbaree.com

Attorneys for Plaintiffs and the FLSA Collective
