## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**BRIAN BARRIOS, on behalf**
**Of himself and those similarly situated,**          **CASE NO.:**

     **Plaintiff,**

**v.**

**CULTURALINK, LLC, a Foreign Limited**
**Liability Company, and CULTURALINK,**
**INC., a Georgia Corporation,**

     **Defendants.**          **/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN BARRIOS, on behalf of himself and those similarly situated, by and through the undersigned attorney, sues the Defendants, CULTURALINK, LLC, a Foreign Limited Liability Company, and CULTURALINK, INC., a Georgia Corporation (hereinafter "Defendants"), and states:

1.    Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2.    Plaintiff worked for Defendants from April 2021 to November 2022.

3.    Plaintiff worked for Defendants as an hourly paid worker during this time, providing over-the-phone interpreter services to Defendants' clients.

4.    Plaintiff was at all times paid by the hour by Defendants.

5.    At all times material to this cause of action, Defendants were an enterprise subject to the FLSA.

6.    At all times material to this cause of action, Plaintiff was misclassified as an independent contractor, is truly an employee under the FLSA, and is a non-exempt employee entitled to overtime wages for all overtime hours worked.

7.    Defendant, CULTURALINK, LLC, is a Foreign Limited Liability Company that operates and conducts business from its principal place of business in Norcross, Georgia and is therefore, within the jurisdiction of this Court.

8.    Defendant, CULTURALINK, INC., is a Georgia Corporation that operates and conducts business from its principal place of business in Norcross, Georgia and is therefore, within the jurisdiction of this Court.

9.    Defendants "partner[] with healthcare organizations to improve patient-centered care and create an effective, diverse workforce through services focused   on   diversity,   inclusion   and   cultural   competence."   *See*

www.theculturallink.com.

10.    This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.   This collective action is intended to include any and all hourly-paid "independent contractor" interpreters who worked for Defendants within the last three years of the filing of this lawsuit.

11.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA.

12.    During Plaintiff's employment with Defendants earned more than $500,000.00 per year in gross sales.

13.    During Plaintiff's employment, Defendants employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to telephones, office equipment and supplies, and other items which had travelled in interstate commerce.

14.    Therefore, at all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15.     Additionally, Plaintiff performed interpreter services for Defendants on interstate phone calls, and as such, Plaintiff is subject to individual coverage under the FLSA.

## FLSA VIOLATIONS

16.     At all times relevant to this action, Defendants failed to comply with the FLSA by misclassifying Plaintiff and the other workers who "contracted" with Defendants as "independent contractors" (hereinafter the "class") and by failing to pay overtime compensation to Plaintiff and the class.   Additionally, Defendants have failed to pay the last several paychecks owed to Plaintiff and the class.

17.     To service their clients and earn income, Defendants purportedly "contract" with individuals to provide interpreter services for Defendants' clients.

18.     Each member of the putative class was designated an "independent contractor" by Defendants.

19.     However, the economic reality is that Plaintiff and the class are/were economically dependent upon Defendants.

20.     Defendants both controlled Plaintiff and the class's job duties and pay.

21.     Defendants instructed Plaintiff and the class which customers of theirs to service.

22.     Defendants set the hours that Plaintiff and the class were to work.

23.     Defendants dictated what they would pay Plaintiff and the class for their hours worked.

24.     Plaintiff and the class members could not leave their job duties and responsibilities without the express permission of Defendants.

25.     Defendants maintained exclusive control over the compensation received by Plaintiff and the class.

26.     However, Defendants did not pay Plaintiff or the class any additional overtime premium for overtime hours worked.

27.     Plaintiff and the class routinely worked overtime hours and were only paid their regular hourly pay ("straight time") by Defendants.

28.     Plaintiff and the class had no meaningful opportunity to choose the customers or jobs they were assigned, or to bid or negotiate for certain jobs.

29.     Plaintiff and the class could not reject servicing certain customers from Defendants.

30.     Defendants employs other employees whose primary job duties are to perform marketing or advertising on behalf of Defendants and to acquire business for Defendants.

31.     The interpreter jobs performed by Plaintiff and the class did not require advanced training or a special skill.

32.   Plaintiff and the class's work for Defendants is full-time, and not temporary, part-time work.

33.   Plaintiff and the class were an integral part of Defendants' business because without these workers, Defendants' customers would not be served, and Defendants would not generate income off of Plaintiff and the class providing these services.

34.   Defendants does not get paid by its customers unless Plaintiff and the class complete their jobs and perform the work assigned.

35.   As such, Plaintiff and the class were truly the employees of Defendants under the FLSA and are entitled to complete overtime compensation for the overtime hours worked by them.

36.   Upon information and belief, the records, to the extent any exist and are accurate, concerning the hours worked and amounts paid to Plaintiff and the class are in the possession and custody of Defendants.

37.   Defendants' violations of the FLSA was willful and not in good faith.

38.   Plaintiff has suffered damages as a result of Defendants' violations of the FLSA.

39.   Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

40.     All conditions precedent to this action have been performed or waived.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

41.     Paragraphs one (1) through forty (40) above are fully re-alleged and incorporated herein.

42.     Plaintiff and the class are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

43.     During their employment with Defendants, Plaintiff and the class were not paid complete overtime compensation for overtime hours worked in violation of the FLSA.

44.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and the class complete overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and the class have suffered damages plus incurring reasonable attorneys' fees and costs.

45.     Defendants did not have a good faith basis for its failure to pay Plaintiff and the class complete overtime compensation for each hour worked in excess of forty (40) per work week.

46.     As a result of Defendants' willful violation of the FLSA, Plaintiff and the class are entitled to liquidated damages.

47.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRIAN BARRIOS, on behalf of himself and others similarly situated, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – RECOVERY OF MINIMUM WAGES (FLSA)

48.     Paragraphs one (1) through forty (40) above are fully re-alleged and incorporated herein.

49.     In 2022, Defendants failed to pay Plaintiff and all class members their regularly scheduled paychecks in the latter half of the year.

50.     Currently, Defendants have failed to pay Plaintiff for approximately four (4) pay periods of work.

51.     Other members of the class have similarly not received all paychecks owed to them for hours worked.

52.     Defendants have violated the FLSA by failing to pay Plaintiff and

the class the minimum wage for all hours worked.

53.     Defendants did not have a good faith basis for its failure to pay Plaintiff and the class minimum wage compensation for each hour worked in excess of forty (40) per work week.

54.     As a result of Defendants' willful violation of the FLSA, Plaintiff and the class are entitled to liquidated damages.

55.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRIAN BARRIOS, on behalf of himself and others similarly situated, demands judgment against Defendants for the payment of all minimum wages for each hour worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 12th day of April, 2023.

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No.: 711884
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor

Orlando, FL 32801
***MAILING ADDRESS:***
***P.O. Box 530244***
***Atlanta, GA 30353-0244***
T: (407) 420-1414
F: (407) 245-3401
E:  RMorgan@forthepeople.com
***Attorneys for Plaintiff***