# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MORGAN STANLEY PRIVATE BANK, NA, | ) ) ) |
| Petitioner, | ) ) ) |
| v. | ) )   CIVIL ACTION NO.: |
| CHARLES RANDALL, | ) ) ) |
| Respondent. | ) ) |

## PETITION TO VACATE ARBITRATION AWARD

Petitioner Morgan Stanley Private Bank, NA (MSPB) hereby files this Petition to Vacate Arbitration Award, and avers as follows.

1.   On April 13, 2023, Arbitrator Terrence Croft issued a Final Award, attached as Exhibit A, in an arbitration between Charles Randall as Claimant and Morgan Stanley Private Bank, NA as Respondent. The arbitration was conducted pursuant to the Federal Arbitration Act ("FAA").

2.   This Court has diversity jurisdiction to hear this Petition pursuant to 28 U.S.C. § 1332. Specifically, MSPB is a citizen of the state of New York, and Randall is a citizen of the state of North Carolina.[1] The Final Award that Petitioner seeks to

---

[1] MSPB is a National Association, with its main office at 2000 Westchester Avenue, Purchase, New York 10577. See https://banks.data.fdic.gov/bankfind-suite/bankfind/details/34221. Therefore, MSPB is a citizen of New York for purposes of diversity jurisdiction. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) ("we hold that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").

vacate awards Randall $373,180 in backpay and $250,000 in punitive damages. As such, this is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See also* 9 U.S.C. § 10 ("[T]he United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration . . . .").

3.  Venue is proper in this district because it is the "district wherein the award was made . . . ." 9 U.S.C. § 10. Specifically, the parties agreed, and the Arbitrator ordered, that the arbitration would take place at the JAMS Atlanta Resolution Center in Atlanta, Georgia. The Arbitrator retained discretion to conduct the hearing virtually via Zoom. The hearing was, in fact, conducted virtually, with the Arbitrator sitting in Atlanta. The Arbitrator's offices are in Atlanta, Georgia. *See also* 28 U.S.C. § 1391(b).

4.  The Final Award should be vacated because of the evident partiality of the Arbitrator. 9 U.S.C. § 10(a)(2). The evident partiality of the Arbitrator included, but was not limited to, the fact that the Arbitrator did not disclose that he had filed fraud claims against a predecessor of Morgan Stanley Wealth Management (MSWM). In *Lowe, et al. v. R-H Hilton Head, Inc., et al.*, the Arbitrator accused MSWM's predecessor Shearson Lehman Brothers, Inc. (and other entities it allegedly "controlled"), of a "*conspiracy*" and effort to defraud him and "other

members of the investing public" out of millions of dollars. He accused the business of being at the "*center of the [fraudulent] scheme*," which allegedly included knowingly false projections and representations, material omissions, "*fraudulent concealment*," breach of fiduciary duties and other "*willful and wanton conduct*," and sought the return of his $50,000+ investment, consequential damages, punitive damages, and attorney fees. The Arbitrator's claims were dismissed pursuant to the statute of limitations, and he recovered nothing.

5. The Final Award should be vacated based on the misconduct of the Arbitrator, which prejudiced MSPB's rights. 9 U.S.C. § 10(a)(3). The misconduct included, but was not limited to, the Arbitrator having been observed sleeping through critical portions of the hearing, always during Respondent's witnesses. For example, the Arbitrator was observed sleeping at least four times during the testimony of a critical witness for MSPB and then made a finding adverse to MSPB regarding that witness's role in the matter.

6. The Final Award should be vacated because the Arbitrator exceeded the scope of his powers. 9 U.S.C. § 10(a)(4). Among other things, the Arbitrator exceeded his authority by going beyond the dispute submitted to him – an employment dispute between Randall and MSPB, his employer and the only Respondent in the arbitration. The Arbitrator changed the Respondent to the financial holding company "Morgan Stanley," and then imputed the alleged

discrimination of a different entity, Wealth Management, to the Respondent MSPB without any authority to do so.

7. The Final Award should be vacated because the award evidences a manifest disregard of the law, either based on common law (if accepted under applicable Circuit law) or as part of 9 U.S.C. § 10, in the following ways: (1) holding that Sario was a primary decision-maker under the Cat's Paw Doctrine; (2) holding that Randall proved age discrimination despite not proving that age was the "but-for" cause of the challenged employer decision; (3) holding that Diversity Policies of MSWM, a non-party, were "facially discriminatory" and applied to MSPB; (4) disregarding the presumption of non-discrimination under controlling law that arises when a claimant is replaced by someone within the same protected class; and (5) ignoring the applicable rules of evidence.

8. The award of punitive damages under Title VII of the Civil Rights Act of 1964 should be vacated because it was contrary to the carefully-prescribed circumstances for such damages set forth in Title VII, which the Arbitrator was required to follow under the Arbitration Agreement.

9. Finally, the Award contains an evident material miscalculation of figures by double-counting Claimant's 2017 bonus in the backpay calculation, which must be corrected. *See* 9 U.S.C. § 11. The Final Award granted Claimant compensatory damages "in the total sum of $460,937." This calculation is based on

Claimant's proposed annual compensation figure of $221,250. Notably, when calculating this figure, Claimant explicitly stated that the figure includes Claimant's 2017 discretionary bonus (which Claimant calculated as $73,250 based on his 2016 bonus). There is no dispute that Claimant's 2017 salary was $155,000. Thus, the use of the proposed $221,250 figure to calculate Claimant's backpay already includes his 2017 bonus. Nevertheless, the Final Award separately grants Claimant an *additional* $73,250 because he "is also entitled to recover for the bonus he was denied by Respondent." Because Claimant's 2017 bonus was included in his backpay award, the award of an additional payment of $73,250 was a material miscalculation that must be corrected.

WHEREFORE, Petitioner MSPB respectfully requests that:

1. The Final Award attached as Exhibit A be vacated in its entirety;

2. Alternatively, the award of punitive damages in the Final Award be vacated;

3. The Court correct the material miscalculation of figures when the Arbitrator double-counted Claimant's 2017 bonus in the backpay calculation, thereby improperly inflating the backpay award by $73,250; and

4. Such other and further relief that the Court finds to be just and proper.

Date: April 13, 2023				Respectfully submitted,

**Bressler, Amery & Ross, P.C.**

W. Preston Martin
Georgia Bar No.:  950802
2001 Park Place North
Suite 1500
Birmingham, AL 35203
pmartin@bressler.com
T: (205) 820-8213


*/s/ W. Preston Martin*
W. Preston Martin