UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMERICAN DELI INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO._____ |
| v. | ) | |
| | ) | |
| GLOBAL DELI NETWORK, INC., HARESH | ) | |
| PATEL, and PARESHKUMAR M. PATEL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **COMPLAINT**

Plaintiff American Deli International, Inc. ("American Deli") files this Complaint against Defendant Global Deli Network, Inc. ("Global Deli") and Haresh Patel and Pareshkumar M. Patel (together, "Guarantors") pursuant to the terms of the American Deli International, Inc. Franchise Agreement dated October 5, 2019 (the "Franchise Agreement"), between American Deli and Global Deli, and alleges as follows:

1

## NATURE OF THE ACTION

1.

This action arises from Global Deli's and Guarantors' (collectively, "Defendants") numerous ongoing breaches of the terms of the Franchise Agreement, guaranty and related agreements among the parties, as well as Defendants' ongoing federal trademark infringement and unfair competition involving American Deli's trade and service marks.  American Deli asserts claims for breach of contract against Defendants, including because Defendants failed to (1) report their total gross sales to American Deli; (2) pay all royalty or marketing fund amounts due to American Deli; or (3) comply with a multitude of operational standards, including, without limitation, by using an unauthorized POS system from September 1, 2020, through December 31, 2022; and (4) Defendants have failed to fulfill their post-termination obligations under Item 17 of the Franchise Agreement.  Defendants further continue to use several of American Deli's trade and service marks at their restaurant without American Deli's consent or permission, and after American Deli's termination of the Franchise Agreement. American Deli asserts claims against Defendants for breach of contract (Count I), federal trademark infringement (Count II), and federal unfair competition (Count III).

## FACTUAL BACKGROUND

I.  **The Franchise Agreement between American Deli and Global Deli.**

2.

American Deli is a Delaware corporation with its principal place of business located at 2716 Northeast Expressway, Atlanta, Georgia, 30345.

3.

American Deli has developed and owns a unique and distinctive system (the "System") relating to the establishment and operation of quick service restaurants that feature chicken wings, Philly cheese steak and other sandwiches, other freshly prepared, grilled or fried items, beverage items and promotional items.

4.

As part of its business, American Deli offers franchises for its distinctive and proprietary System to franchisees across the United States.

5.

Upon information and belief, Global Deli is an Alabama corporation with its principal place of business located at 6213 Taylor Ridge Road, Montgomery, Alabama 36116.  Global Deli may be served through its registered agent, Defendant Haresh Patel, located at 6213 Taylor Ridge Road, Montgomery, Alabama 36116.

6.

Upon information and belief, Guarantors are Alabama residents.

7.

American Deli and Global Deli entered into the Franchise Agreement, in which American Deli granted Global Deli a franchise in a restaurant located at 405 Highland Avenue, Selma, Alabama 36701 (the "Restaurant").  A true and correct copy of the Franchise Agreement is attached as Exhibit 1.

8.

American Deli and Guarantors entered into a Controlling Principals Guaranty and Covenant related to the Franchise Agreement dated October 5, 2019 (the "Guaranty"), which is included as Attachment A of the Franchise Agreement.

9.

Guarantors entered into the Guaranty in order to induce American Deli to enter into the Franchise Agreement, and as partial consideration to American Deli for the Franchise Agreement.

10.

Pursuant to the terms of the Guaranty, Guarantors agreed to absolutely, unconditionally and irrevocably guaranty Global Deli's payment and performance of its obligations under the terms of the Franchise Agreement.

11.

Pursuant to Section 18.10 of the Franchise Agreement, American Deli and Defendants agreed that with "respect to any claims, controversies or disputes that are not finally resolved through mediation or arbitration, or as otherwise provided above, [American Deli] and [Defendants] hereby irrevocably submit themselves to the jurisdiction of the state courts of DeKalb County, Georgia and the federal district court for the Northern District of Georgia. [American Deli] and [Defendants] hereby waive all questions of personal jurisdiction for the purpose of carrying out this provision.  [American Deli] and [Defendants] hereby agree that service of process may be made upon any of them in any proceeding relating to or arising out of this Agreement or the relationship created by this Agreement by any means allowed by Georgia or federal law.  [American Deli] and [Defendants] further agree that venue for any proceeding relating to or arising out of this Agreement shall be DeKalb County, Georgia; provided, however, with respect to any action (1) for monies owed, (2) for injunctive or other extraordinary relief or (3) involving possession or disposition of, or other relief relating to, real property, [American Deli] may bring such action in any state or federal district court that has jurisdiction. With respect to all claims, controversies, disputes or actions, related to this Agreement or the relationship created thereby, this Agreement and any such

related claims, controversies, disputes or actions shall be governed, enforced and interpreted under Georgia law (except for Georgia choice of law rules)."

12.

This Court has subject matter jurisdiction in this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332(a)(1) and 1338(a) and (b).  This Court has supplemental jurisdiction over American Deli's state statutory and common law claims under 28 U.S.C. § 1367(a).

13.

Venue is proper in this Court under 28 U.S.C. § 1391.

II.      **American Deli and Its AMERICAN DELI Marks.**

14.

American Deli was formed in 2008, and American Deli has operated continuously since then.

15.

During the course of its business, American Deli has licensed certain intellectual property rights, including various trade and service marks, from its affiliate, American Deli Plus, Inc. ("American Deli Plus").

16.

American Deli has licensed trademarks using the "American Deli" names and logos to identify its restaurant and related services, including those with U.S. Registration Nos. 5520196, 5320644, 3741212, 3759938 and 3759934 (collectively, the "AMERICAN DELI Marks"), which were owned by American Deli Plus. True and correct copies of federal trademark registrations for the AMERICAN DELI Marks are attached as Exhibit 2.

17.

American Deli Plus transferred and assigned all of its right, title and interest in the AMERICAN DELI Marks to American Deli through an assignment dated April 28, 2021.  A true and correct copy of the United States Patent and Trademark Office Notice of Recordation of Assignment Document recorded with the USPTO on April 29, 2021, by American Deli related to the AMERICAN DELI Marks is attached as Exhibit 3.

18.

The AMERICAN DELI Marks are well-known in the industry through their widespread, continuous and prominent use by American Deli in interstate commerce.

19.

The federal registrations of the AMERICAN DELI Marks remain valid and are in full force and effect.  Such registrations constitute evidence of American Deli's exclusive right to use and control the AMERICAN DELI Marks in connection with restaurant and related services.

20.

American Deli also owns common law rights to its AMERICAN DELI Marks by virtue of its widespread, continuous and prominent use of the AMERICAN DELI Marks to market, advertise, distribute, offer for sale and sell the restaurant and related services offered by American Deli, including through American Deli's franchisees.

21.

American Deli is the owner of all right, title and interest in and to the AMERICAN DELI Marks, which serve to uniquely identify American Deli's restaurant and related services.  The AMERICAN DELI Marks are inherently distinctive and serve to identify and indicate American Deli as the source of restaurant and related services to the relevant consuming public throughout the United States.

22.

As between American Deli and Defendants, American Deli is the owner of all right, title and interest in and to the AMERICAN DELI Marks and the goodwill associated with and symbolized by them, including as expressly acknowledged by Global Deli in Section 9.2(a) of the Franchise Agreement.

23.

In Section 9.2(e) of the Franchise Agreement, Global Deli acknowledged "that any unauthorized use of the Marks shall constitute an infringement of [American Deli's] rights in the Marks and a material event of default hereunder."

24.

In Section 9.2(b) of the Franchise Agreement, Global Deli agreed that neither Defendant "shall take any action that would prejudice or interfere with the validity of [American Deli's] rights with respect to the Marks. Nothing in this Agreement shall give [Global Deli] any right, title, or interest in or to any of the Marks or any of [American Deli's] service marks, trademarks, trade names, trade dress, logos, copyrights or proprietary materials, except the right to use the Marks and the System in accordance with the terms and conditions of this Agreement for the operation of the Restaurant and only at or from its Location or in approved advertising related to the Restaurant."

III.     **Defendants' Breaches of the Terms of The Franchise Agreement and Guaranty and Their Infringement of the AMERICAN DELI Marks.**

25.

American Deli has learned that Defendants have breached the material terms of the Franchise Agreement and Guaranty, respectively.

26.

Defendants failed to (1) report their total gross sales to American Deli; (2) pay all royalty or marketing fund amounts due to American Deli; or (3) comply with a multitude of operational standards, including, without limitation, by using an unauthorized POS system from September 1, 2020, through December 31, 2022, each of which constitute Events of Default pursuant to the terms of the Franchise Agreement.

27.

In the Notice of Default dated March 22, 2023 (the "Notice of Default"), American Deli informed Defendants of their defaults under the terms of the Franchise Agreement.  A true and correct copy of the Notice of Default is attached as Exhibit 4.

28.

Defendants have failed to cure any of the specified defaults identified in the Notice of Default.

29.

Defendants breached the material terms of the Franchise Agreement and Guaranty, respectively, including as set forth in the Notice of Default.

30.

Defendants remain in breach of the material terms of the Franchise Agreement and Guaranty, respectively.

## IV.   <u>American Deli's Termination of the Franchise Agreement.</u>

31.

American Deli sent Defendants a letter dated April 12, 2023 (the "Termination Letter"), in accordance with Section 16.2 of the Franchise Agreement, wherein American Deli terminated the Franchise Agreement.  A true and correct copy of the Termination Letter is attached as Exhibit 5.

32.

Upon the termination of the Franchise Agreement by American Deli, Global Deli retained certain post-termination obligations pursuant to Item 17 of the Franchise Agreement, including to cease operations at the Restaurant, cease use of the AMERICAN DELI Marks and make payment of American Deli's damages, including its reasonable attorneys' fees and costs, pursuant to Sections 17.1, 17.2 and 17.6 of the Franchise Agreement.

33.

Defendants have failed to fulfill their post-termination obligations under Item 17 of the Franchise Agreement.

34.

Upon information and belief, Defendants continue to operate the Restaurant and continue to use the AMERICAN DELI Marks without American Deli's consent or permission, even after American Deli's termination of the Franchise Agreement.

35.

Defendants have failed to make any payments to American Deli under the terms of the Franchise Agreement, despite American Deli's demand in the Termination Letter.

36.

In the Termination Letter, American Deli notified Defendants of the following:

> Pursuant to O.C.G.A. § 13-1-11, the Franchisor notifies Global Deli that the provisions in the Franchise Agreement relative to the payment of reasonable attorney's fees and costs in addition to the principal and interest shall be enforced and that Global Deli has ten (10) days from the receipt of this letter to pay the principal and interest owed without the attorney's fees or costs. If Global Deli shall pay the principal and interest in full before the expiration of such time, then the obligation to pay the attorney's fees shall be void. Please contact us for a calculation

of the principal and interest owed to the Franchisor under the Franchise Agreement.

37.

Defendants failed and refused to respond to the Termination Letter.

38.

As a result of their ongoing breaches of the terms of the Franchise Agreement and Guaranty, respectively, Defendants owe American Deli, jointly and severally, principal, interest and fees in an amount to be proven at trial but in excess of $75,000, as well as attorneys' fees and costs pursuant to O.C.G.A. § 13-1-11.

39.

American Deli has fulfilled all of its obligations to Defendants under the terms of the Franchise Agreement and Guaranty, respectively.

40.

Defendants had actual and constructive knowledge of American Deli's widespread, continuous and prominent use of the AMERICAN DELI Marks prior to Defendants' use of the AMERICAN DELI Marks after the termination of the Franchise Agreement.

41.

Defendants knowingly and willingly sought to benefit from the substantial goodwill and fame in the AMERICAN DELI Marks by using such trademarks to identify, market, advertise, distribute, offer for sale and sell Defendants' own various goods and services, including restaurant and related services.

42.

American Deli has never authorized, permitted or licensed Defendants to use any variation of any of the AMERICAN DELI Marks after the termination of the Franchise Agreement.

43.

Defendants' use of the AMERICAN DELI Marks after the termination of the Franchise Agreement on its goods and services, including restaurant and related services, is likely to confuse, mislead and deceive the relevant consuming public by falsely suggesting that Defendants' goods or services are endorsed, sponsored, manufactured, distributed, marketed or sold by American Deli, which they are not.

44.

Defendants' unlawful conduct has resulted, and unless preliminarily and permanently restrained by the Court, will continue to result in unjust enrichment for Defendants and irreparable harm to American Deli, for which American Deli lacks an adequate remedy at law.

45.

As a result of Defendants' misconduct and their breaches of the terms of the Franchise Agreement and Guaranty, respectively, American Deli has suffered actual damages in an amount to be proven at trial, but in excess of $75,000 exclusive of interest and costs.

46.

Through their misconduct, Defendants have acted in bad faith, been stubbornly litigious and caused American Deli unnecessary trouble and expense.

47.

As a result of Defendants' misconduct, American Deli is entitled to an award of its reasonable attorneys' fees and costs incurred in this matter pursuant to O.C.G.A. § 13-6-11.

## COUNT I – BREACH OF CONTRACT

48.

American Deli incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 47 above.

49.

Defendants breached the material terms of the Franchise Agreement and Guaranty, respectively, including Sections 4.2(a), 7.5(f), 7.6, 8.4(b), and 11.2 of the Franchise Agreement, as well as Item 17 of the Franchise Agreement by failing to fulfill their post-termination obligations under the terms of the Franchise Agreement.

50.

Through their misconduct, Defendants have breached the implied covenant of good faith and fair dealing found in the terms of the Franchise Agreement and Guaranty, respectively.

51.

As a result of Defendants' breaches of the material terms of the Franchise Agreement and Guaranty, and of the implied covenant of good faith and fair dealing found in the terms of those agreements, American Deli has suffered

compensatory and actual damages in an amount to be proven at trial, but in excess

of $75,000 exclusive of interest and costs.

52.

American Deli is entitled to an award of the reasonable attorneys' fees and

costs incurred by American Deli in this matter pursuant to the terms of the

Franchise Agreement and Guaranty.

53.

As a result of Defendants' breaches of the material terms of the Franchise

Agreement and Guaranty, respectively, and of the implied covenant of good faith

and fair dealing found in the terms of those agreements, American Deli is entitled

to preliminary and permanent injunctive relief, including without limitation an

order by the Court holding as follows: (1) that Defendants and their affiliates,

subsidiaries, parents, employees, officers, directors, agents, representatives and all

others working in concert with them be enjoined from: (a) using the AMERICAN

DELI Marks and any marks or names that are so similar to the AMERICAN DELI

Marks to create a likelihood of confusion, mistake or deception; or (b) doing any

other act likely to induce the mistaken belief that Defendants or their goods or

services are in any way affiliated with, connected with, endorsed by, certified by or

associated with American Deli; and (2) that the Court order Defendants to file with

the Court and serve on American Deli, within thirty (30) days of the issuance of such order, a report in writing and under oath setting forth in detail the manner and form of Defendants' compliance with all Court-ordered injunctive relief.

54.

As a result of Defendants' breaches of the material terms of the Franchise Agreement and Guaranty, respectively, and of the implied covenant of good faith and fair dealing found in the terms of those agreements, American Deli is entitled to preliminary and permanent injunctive relief, including without limitation an order by the Court enjoining Defendants from any violations of the Franchise Agreement or Guaranty, respectively, including their post-termination obligations under Item 17 of the Franchise Agreement.

55.

As a result of Defendants' breaches of the material terms of the Franchise Agreement and Guaranty, respectively, and of the implied covenant of good faith and fair dealing found in the terms of those agreements, American Deli is entitled to an order by the Court entitling American Deli to a full accounting of Defendants' gross revenues from September 1, 2020, to the present, and access to Defendants' books and records, including pursuant to the terms of the Franchise Agreement.

18

56.

American Deli is entitled to an award of the reasonable attorneys' fees and costs incurred by American Deli in this matter pursuant to the terms of the Franchise Agreement and Guaranty, respectively.

## COUNT II – FEDERAL TRADEMARK INFRINGEMENT

57.

American Deli incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 56 above.

58.

Defendants' use of the AMERICAN DELI Marks after the termination of the Franchise Agreement has caused, and is likely to cause, confusion, mistake or deception, and constitutes infringement of the AMERICAN DELI Marks in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

59.

Defendants' conduct has caused damage to American Deli and its business.

60.

Unless preliminarily and permanently enjoined, Defendants' conduct will cause American Deli irreparable injury for which American Deli lacks an adequate remedy at law.

61.

American Deli is entitled to recover from Defendants all damages it has sustained from Defendants' unlawful and infringing conduct, as well as the profits Defendants have obtained from such conduct, in an amount to be proved at trial and to be trebled pursuant to 15 U.S.C. § 1117.

62.

Defendants' conduct has been willful and deliberate, and amounts to exceptional circumstances, justifying an award of reasonable attorneys' fees and costs to American Deli pursuant to 15 U.S.C. § 1117.

## COUNT III – FEDERAL UNFAIR COMPETITION

63.

American Deli incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 62 above.

64.

Defendants' use of the AMERICAN DELI Marks after the termination of the Franchise Agreement has caused, and is causing, a likelihood of confusion, mistake or deception as to the source, origin, sponsorship or approval of Defendants' goods and services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

65.

Defendants' use of the AMERICAN DELI Marks after the termination of the Franchise Agreement falsely suggests that Defendants or their goods or services are affiliated with, connected with, endorsed by, sponsored by or approved by American Deli, which they are not, in violation of 15 U.S.C. § 1125(a)(1)(A).

66.

Defendants' conduct has caused damage to American Deli and its business.

67.

Unless preliminarily and permanently enjoined, Defendants' conduct will cause American Deli irreparable injury for which American Deli lacks an adequate remedy at law.

68.

American Deli is entitled to recover from Defendants all damages it has sustained from Defendants' unlawful and infringing conduct, as well as the profits Defendants have obtained from such conduct, in an amount to be proved at trial and to be trebled pursuant to 15 U.S.C. § 1117.

69.

Defendants' conduct has been willful and deliberate, and amounts to exceptional circumstances, justifying an award of reasonable attorneys' fees and costs to American Deli pursuant to 15 U.S.C. § 1117.

## **PRAYER FOR RELIEF**

WHEREFORE, American Deli prays for the following relief:

a.  Judgment in American Deli's favor on all claims asserted against Defendants;

b.  Compensatory and actual damages arising from Defendants' breaches of contract and breaches of the implied covenant of good faith and fair dealing related to the Franchise Agreement and Guaranty, respectively;

c.  An order from the Court preliminarily and permanently enjoining Defendants and their affiliates, subsidiaries, parents, employees, officers, directors, agents, representatives and all others working in concert with them from any violations of Item 17 of the Franchise Agreement and the terms of the Guaranty, respectively;

d.  An order from the Court entitling American Deli to a full accounting of Defendants' gross revenues from September 1, 2020, to the present, and access to Defendants' books and records, including pursuant to the terms of the Franchise Agreement;

e.  An order from the Court preliminarily and permanently enjoining Defendants and their affiliates, subsidiaries, parents, employees, officers, directors, agents, representatives and all others working in concert with them from:

1)  Using the AMERICAN DELI Marks and any marks or names that are so similar to the AMERICAN DELI Marks to create a likelihood of confusion, mistake or deception; and

2)  Doing any other act likely to induce the mistaken belief that Defendants or their goods or services are in any way affiliated with, connected with, endorsed by, certified by or associated with American Deli; and

3) That the Court order Defendants to file with the Court and serve on American Deli, within thirty (30) days of the issuance of such order, a report in writing and under oath setting forth in detail the manner and form of Defendants' compliance with all Court-ordered injunctive relief;

f.  An award to American Deli of the actual and compensatory damages caused to American Deli by Defendants' unlawful and infringing conduct, and a disgorgement of all profits made by Defendants from their unlawful and infringing conduct, in an amount to be proven at trial and trebled pursuant to 15 U.S.C. § 1117;

g.  An award to American Deli of the reasonable attorneys' fees and costs incurred by American Deli in this matter;

h.  An award of pre-judgment interest against Defendants; and

i.  Such other relief to American Deli as the Court deems just and proper.

Respectfully submitted this 13th day of April, 2023.

FISHERBROYLES, LLP

_/s/ Vincent Bushnell_____
VINCENT BUSHNELL
Georgia Bar No. 098999
vincent.bushnell@fisherbroyles.com
945 East Paces Ferry Road NE
Suite 2000
Atlanta, Georgia 30326
(678) 902-7190

*Attorneys for Plaintiff American Deli
International, Inc.*