UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAUL BLACK,

    Plaintiff,

-vs-                                        CASE NO.:

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS
UNION LLC, and ATLANTIC
CAPITAL BANK

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, PAUL BLACK (hereinafter "Plaintiff"), sues Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian"), TRANS UNION LLC ("Trans Union") and ATLANTIC CAPITAL BANK ("Atlantic Capital") (collectively hereafter "Defendants") in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**PRELIMINARY STATEMENT**

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Kane County in the State of Illinois. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Atlantic Capital Bank's principal address is in this District, the Defendants transact business within this District, and the violations described in this Complaint occurred in this District.

9. Experian is a corporation incorporated under the State of California, authorized to do business in the State of Georgia, through its registered agent, CT Corporation System located at 289 South Culver Street, Lawrenceville, Georgia 30046.

10. Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11. Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. Trans Union is a corporation incorporated under the State of Illinois, authorized to do business in the State of Georgia, through its registered agent, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

13. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

15. Atlantic Capital Bank is a corporation incorporated under the State of Georgia whose principal address is 3280 Peachtree Road, Northeast, Suite 1600, Atlanta, Georgia 30305.

16. Atlantic Capital Bank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

17. Atlantic Capital Bank furnished Plaintiff's information to the CRAs, which was inaccurate.

## FACTUAL ALLEGATIONS

18. Plaintiff in the past was subject to identity theft and as a result placed a security freeze on his credit reports.

19. In April of 2022, Plaintiff unfroze his credit to apply for a loan and never refroze his credit. In the beginning of February of 2023, a credit line with non-party Capital One Bank was attempted to be opened and a credit line with non-party Corporate America Credit Union was attempted to be opened. Both Furnishers caught that these accounts were fraudulent. In doing so, the accounts were not successfully opened, nor placed on his credit reports.

20. Given the attempted fraudulent account activity, Plaintiff obtained a copy of his Experian credit report on February 9, 2023, and upon his review noticed there was a fraudulent Self/Atlantic Capital B loan beginning in CBA000 on his report. This account had a "past due 30 days" notation for February 2023.

21. On February 9, 2023, Plaintiff added a Consumer Statement with his Experian report:

**Personal Statements**

ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. I CAN BE REACHED AT 630-631-9350. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 02-09-23.

Also, that same day, in fear of being a victim of identity theft, Plaintiff filed a police report with the Kane County Sheriff's Office, Kane County, Illinois.

22. On February 10, 2023, Plaintiff filed a Federal Trade Commission Identity Theft Report concerning the fraudulent account being opened in his name.

23. Subsequently, Plaintiff communicated with Experian and Trans Union to inform them that he was a victim of fraud, and they needed to remove the fraudulent Self/Atlantic Capital B loan beginning in CBA000 from his report.

24. On March 3, 2023, Experian responded to Plaintiff's dispute by stating, "the information is accurate".

25. Upon information and belief, Experian and sent Atlantic Capital Plaintiff's detailed dispute letter. Atlantic Capital failed to conduct a reasonable investigation and merely compared its erroneous date. Atlantic Capital did not attempt to contact Plaintiff during its investigation.

26. After receiving such a response from Experian, Plaintiff filed an updated Federal Trade Commission Identity Theft Report on March 3, 2023. Additionally, he called Experian to dispute their response and responsively updated his fraud report to Experian in hopes of them removing the Self/Atlantic Capital B loan.

27. On March 4, 2023, Trans Union responded to Plaintiff's dispute by stating, "the disputed information was VERIFIED AS ACCURATE".

28. Upon information and belief, Trans Union sent Atlantic Capital Plaintiff's detailed dispute letter. Atlantic Capital failed to conduct a reasonable investigation and merely compared its erroneous date. Atlantic Capital did not attempt to contact Plaintiff during its investigation.

29. On March 8, 2023, Experian responded to Plaintiff's additional revisions of his fraud report disputing the Atlantic Capital account. In the dispute result it stated, "Your dispute results are currently not available online". However, when he continued to review the Experian credit report attached to the dispute result, the Self/Atlantic Capital B loan beginning in CBA000 the reinvestigation information stated, "This item remained unchanged from our processing of your dispute in Mar 2023."

30. Again, upon information and belief, Experian sent Atlantic Capital Plaintiff's updated fraud packet. Atlantic Capital failed to conduct a reasonable investigation and merely compared its erroneous date. Atlantic Capital did not attempt to contact Plaintiff during its investigation.

31. Concerned with the dispute responses from Experian and Trans Union, and being a victim of identity theft, Plaintiff filed a police report with the Kane County Sheriff's Office located in Kane County, Illinois.

32. On March 18, 2023, in lieu of online disputes, Plaintiff mailed a detailed dispute letter to Experian, Equifax, and Trans Union. In the letter Plaintiff sent to each respective CRA, he asserted that he has been a victim of fraud and the Self/Atlantic Capital B loan beginning in CBA000 did not belong to him. In the dispute letter, Plaintiff included an image of his driver's license and utility bill to confirm his identity. Also, Plaintiff included an image of his personal fraud statement on his credit file, the Kane County Sheriff's Office police report, the Federal Trade Commission Identity Theft Report, and images of his credit reports.

33. Plaintiff mailed out his Experian dispute letter via USPS Certified Mail 7022 3330 00006799 9705, his Equifax dispute letter via USPS Certified Mail 7022

3330 0000 6799 9712, and his Trans Union dispute letter via USPS Certified Mail 7022 3330 0000 6799 9699.

34. Upon information and belief, the CRAs sent Atlantic Capital Plaintiff's detailed dispute letter. Atlantic Capital again did not attempt to contact Plaintiff during its investigation.

35. On March 24, 2023, Experian responded to Plaintiff's dispute by removing the Self/Atlantic Capital B loan beginning in CBA000 from his credit report.

36. That same day on March 24, 2023, Plaintiff obtained and reviewed his Experian credit report and to his relief, Experian was no longer reporting the disputed account.

37. On March 24, 2023, Trans Union responded to Plaintiff's dispute by stating, "the information you disputed does not currently appear on your TransUnion credit report".

38. To date, Plaintiff has not received a dispute response from Equifax concerning the Self/Atlantic Capital B loan beginning in CBA000.

39. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix his credit;

   ii. Loss of time attempting to cure the errors;

   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

   iv. Reduction in credit score;

   v. Apprehensiveness to apply for credit due to the fear of rejection.

## COUNT I
### Violation of 15 U.S.C § 1681e(b)- As to Defendant, Experian Information Services, LLC

40. Plaintiffs re-allege and reincorporate paragraphs one through thirty-nine above.

41. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs. Experian allowed for Self/Atlantic Capital B loan to report inaccurate information on an account. Experian prevents its agents from calling consumers (like

Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

42. Experian does not consider such "Consumer Statement" when reviewing a consumer's dispute. Experian fails to inform consumers that the Consumer Statement does not trigger an investigation.

43. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

44. Experian's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o. Experian is violating its own policies and procedures by not deleting an account when Plaintiff has provided sworn testimony to the Federal Trade Commission of the fraud and the Kane County Sheriff's Office police report.

45. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Experian, to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C § 1681i- As to Defendant, Experian Information Services, LLC

46. Plaintiffs re-allege and reincorporate paragraphs one through thirty-nine above.

47. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Despite the large amount of documentation produced by Plaintiff demonstrating the fraud, Experian refused to do any independent investigation.

48. Experian's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Experian was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

49. Experian initially took no independent action to investigate the dispute. Experian received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Self/Atlantic Capital B loan.

50. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Experian, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

### COUNT III
**Violation of 15 U.S.C § 1681e(b)- As to Defendant, Trans Union, LLC**

51. Plaintiffs re-allege and reincorporate paragraphs one through thirty-nine above.

52. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs. Trans Union allowed for Self/Atlantic Capital B loan to report inaccurate information on an account. Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

53. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

54. Trans Union's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o. Experian is violating its own policies and procedures by not deleting an account when Plaintiff has provided sworn testimony to the Federal Trade Commission of the fraud and the Kane County Sheriff's Office police report.

55. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Trans Union, to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C § 1681i- As to Defendant, Trans Union LLC

56. Plaintiffs re-allege and reincorporate paragraphs one through thirty-nine above.

57. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Despite the large amount of documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to do any independent investigation.

58. Trans Union's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Trans Union was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

59. Trans Union initially took no independent action to investigate the dispute. Trans Union received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Self/Atlantic Capital B loan.

60. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Trans Union, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

### COUNT V
### Violation of 15 U.S.C § 1681s2(b)- As to
### Defendant, Atlantic Capital Bank

61. Plaintiffs re-allege and reincorporate paragraphs one through thirty-nine above.

62. Atlantic Capital published the inaccurate Atlantic Capital account to Experian, Equifax, and Trans Union to all of Plaintiff's potential lenders on multiple occasions.

63. Atlantic Capital violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the H Atlantic Capital's account; by failing to review all relevant information regarding same; by failing to accurately respond to Experian and Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Atlantic Capital representations to the consumer reporting agencies. Plaintiff provided all the information necessary for Atlantic Capital to have identified that the account did not belong to Plaintiff.

64. Atlantic Capital violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union. Atlantic Capital has been aware of Plaintiff's disputes but continued to erroneously report the fraudulent account.

65. Atlantic Capital violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to the CRAs that Atlantic Capital knew was inaccurate.

66. Atlantic Capital did not have any reasonable basis to believe that the Plaintiff was responsible for the account as reported to the CRAs. Atlantic Capital knowingly chose to follow procedures which did not review, confirm, or verify whether the debt truly belonged to Plaintiff.

67. As a result of this conduct, action, and inaction, by Atlantic Capital, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information and the mental and emotional pain, anguish, humiliation, and embarrassment applying for credit.

68. Atlantic Capital's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Atlantic Capital Bank, jointly and severally; for his

attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendant; for his attorney's fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

DATED this 13th day of April 2023.

                Respectfully submitted,

                **/s/Octavio Gomez**
                Octavio "Tav" Gomez
                Florida Bar #:0338620
                Georgia Bar #: 617963
                Pennsylvania #: 325066
                The Consumer Lawyers PLLC
                412 E. Madison St, Ste 916
                Tampa, FL 33602
                Cell: (813)299-8537
                Facsimile: (844)951-3933

             Primary Email:
             Tav@theconsumerlawyers.com
             Secondary Email:
             Lisa@theconsumerlawyers.com
             *Attorney for Plaintiff*