# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

KELVIN MOORE,

    Plaintiff,

-vs-                              CASE NO.:

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS,
INC., TRANS UNION LLC, and
SANTANDER CONSUMER USA INC.
d/b/a CHRYSLER CAPITAL

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KELVIN MOORE (hereinafter "Plaintiff"), sues Defendants, EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC ("Experian"), TRANS UNION LLC ("Trans Union") and SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL ("Chrysler Capital") (collectively hereinafter "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

1

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     The Plaintiff is a natural person and resident of Limestone County in the State of Alabama. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.     Venue is proper in this District as Equifax's principal address is in this District, the Defendants transact business within this District, and the violations described in this Complaint occurred in this District.

9.     Equifax is a corporation incorporated under the State of Georgia, whose principal address is 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

10.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.     Experian is a corporation incorporated under the State of California, authorized to do business in the State of Georgia, through its registered agent, CT Corporation System located at 289 South Culver Street, Lawrenceville, Georgia 30046.

13.     Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

15.     Trans Union is a corporation incorporated under the State of Illinois, authorized to do business in the State of Georgia, through its registered agent,

Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

16.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

17.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

18.     Chrysler Capital is a corporation incorporated under the State of Texas, authorized to do business in the State of Georgia, through its registered agent, CT Corporation System located at 289 South Culver Street, Lawrenceville, Georgia 30046.

19.     Chrysler Capital is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

20.     Chrysler Capital furnished Plaintiff's information to the Equifax, Experian, and Trans Union, which was inaccurate.

## **FACTUAL ALLEGATIONS**

21.     Equifax, Experian, and TransUnion are the "big three" credit reporting agencies in the United States today.

22.     On or about March of 2021, Plaintiff purchased a 2018 Ram 1500 with Cullman Chrysler Dodge Jeep Ram and financed the vehicle with Chrysler Capital.

23.     In October of 2021, Plaintiff refinanced the auto loan with PNC Bank. As a result, a check from PNC Bank issued a check to Chrysler Capital and an Account Cancellation Letter on October 8, 2021, was submitted to Chrysler Capital.

24.     Several months later, Plaintiff began to receive communications from Chrysler Capital warning him about a possible repossession on the 2018 Ram 1500.

25.     On February 22, 2022, Plaintiff received a carbon copy of a letter from PNC Bank to Chrysler Capital acknowledging that they lost the payoff check creating Plaintiff's Chrysler Capital account not being closed in a timely manner triggering late payment notations on his credit reports. In the aforementioned letter, PNC requested for the closure of the Chrysler Capital account to be backdated to November 2, 2021, and to delete the late payments on client's credit report.

26.     On March 19, 2022, Plaintiff was denied a PNC Bank credit card due to derogatory information on his credit report. Plaintiff was left utterly confused and upset about the continued erroneous reporting.

27.     On June 6, 2022, Plaintiff obtained a copy of his Equifax credit report. Upon review he became aware of the Chrysler Capital account ending in 1000 with an account status of "NOT_MORE_THAN_FOUR_PAYMENTS_PAST_DUE".

28.     On June 16, 2022, Plaintiff obtained a copy of his Trans Union credit report. Upon review, he became aware that they were also notating on his credit report that the Chrysler Capital account ending in 1000 with a pay status of "Paid, Closed; was 90 days past due date".

29.     In response to the inaccurate reporting on his credit reports, in July of 2022, Plaintiff mailed written disputes to all three CRAs. In the dispute letter mailed, Plaintiff explained that he was never late making his payments to Chrysler Capital and he refinanced his auto loan with PNC Bank. In the letter Plaintiff included an image of his driver's license to confirm his identity. Also, included were images of the Account Cancellation Letter from PNC Bank to Chrysler Capital and images of his credit report with the inaccurate reporting.

30.     On July 20, 2022, Experian responded to Plaintiff's dispute by stating, "Outcome: Updated" and in further reviewing the credit report attached to the dispute results saw that Experian continued to report the payment history as 60 days late in February of 2022.

31.     On July 26, 2022, Equifax responded to Plaintiff's dispute by stating, "THE CURRENT STATUS IS BEING REPORTED CORRECTLY".

32.     Trans Union never responded to Plaintiff's dispute.

33.     Upon information and belief, the CRAs sent Chrysler Capital Plaintiff's dispute letter. Chrysler Capital failed to conduct a reasonable investigation and merely compared its erroneous data. Chrysler Capital did not attempt to contact Plaintiff during its investigation.

34.     As the CRAs were reluctant to remove the erroneous information and accounts, Plaintiff felt quite defeated.

35.     On February 20, 2023, Plaintiff obtained copies of all three of his credit reports from the CRAs. Upon review, Equifax, Experian, and Trans Union continued to report the Chrysler Capital account at past due 60 days remark in the Plaintiff's payment history.

36.    As the CRAs continued to report the negative payment history on his Chrysler Capital account, on March 21, 2023, Plaintiff mailed another dispute letter. In the dispute letter mailed, Plaintiff explained that he was never late making his payments to Chrysler Capital and refinanced his auto loan with PNC Bank. In the letter Plaintiff included an image of his driver's license to confirm his identity. Also, included were images of the Account Cancellation Letter from PNC Bank to Chrysler Capital and images of his credit report with the inaccurate reporting. Additionally, in this dispute letter, Plaintiff included the check submitted to Chrysler Capital and the letter PNC Bank sent notifying Chrysler Capital to remove the late payment notations.

37.    Plaintiff mailed out the dispute letters via USPS Certified Mail Equifax (7022 3330 0000 9414 3218), Experian (7022 3330 0000 9414 3201) and Trans Union (7022 3330 0000 9414 3195).

38.    To date Plaintiff has not received dispute responses from the CRAs.

39.    The CRAs never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of this Complaint with the CRAs' reluctance to conduct a thorough investigation.

40.     The CRAs simply continue to parrot off the back of the Chrysler Capital and have not conducted an actual investigation despite Plaintiff's many pleas.

41.     Due to the actions and/or inactions of the Defendants, Plaintiff has suffered from unnecessary and unwanted stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation.

## CAUSES OF ACTION

### COUNT I
**Violations of the Fair Credit Reporting Act as to Equifax**

42.     Plaintiff re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein.

43.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

44.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

45.     Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

46.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### Violations of the Fair Credit Reporting Act as to Equifax

47.     Plaintiff re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein.

48.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by

failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

49.    Plaintiff repeatedly provided Equifax with the information it needed to confirm that the payment status should be shown as "current", including but not limited to his personal statements and relevant supporting documents, such as the letter from PNC Bank. Equifax ignored this information and instead chose to simply verify the information furnished by Chrysler Capital without conducting any meaningful reinvestigation into any of Plaintiff's numerous disputes.

50.    As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

51.    Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

52.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### Violations of the Fair Credit Reporting Act as to Experian

53.     Plaintiff re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein.

54.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

55.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

56.     Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

57.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT IV
**Violations of the Fair Credit Reporting Act as to Experian**

58.     Plaintiff re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein.

59.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by

failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

60.     Plaintiff repeatedly provided Equifax with the information it needed to confirm that the payment status should be shown as "current", including but not limited to his personal statements and relevant supporting documents, such as the letter from PNC Bank. Experian ignored this information and instead chose to simply verify the information furnished by Chrysler Capital without conducting any meaningful reinvestigation into any of Plaintiff's numerous disputes.

61.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

62.     Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

63.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
### Violations of the Fair Credit Reporting Act as to Trans Union

64.     Plaintiff re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein.

65.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

66.     As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

67.     Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

68.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Trans Union, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## <u>COUNT VI</u>
### Violations of the Fair Credit Reporting Act as to Trans Union

69.    Plaintiff re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein.

70.    Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

71.    Plaintiff repeatedly provided Trans Union with the information it needed to confirm that the payment status should be shown as "current", including but not limited to his personal statements and relevant supporting documents, such as the letter from PNC Bank. Trans Union ignored this information and instead chose to simply verify the information furnished by Chrysler Capital without conducting any meaningful reinvestigation into any of Plaintiff's numerous disputes.

72.    As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

73.    Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be

determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

74.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Trans Union, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT VII
**Violations of the Fair Credit Reporting Act as to Chrysler Capital**

75.    Plaintiff re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein.

76.    Chrysler Capital furnished inaccurate representations Experian, Equifax, and Trans Union and through those companies to all of Plaintiff's potential lenders.

77.     Chrysler Capital violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

78.     Chrysler Capital violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

79.     Chrysler Capital did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Chrysler Capital by the Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the correct pay status. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was never late in making his payments and was current prior to the account closing.

80.     As a result of the conduct, action, and inaction of Chrysler Capital, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein, including but not limited to denials of credit.

81.     Chrysler Capital's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

82.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Fifth Third in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Chrysler Capital to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

## <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendant; for his attorney's fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

Dated this 13th day of April 2023.

Respectfully Submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*