<strong>Exhibit E</strong>

<strong>IN THE STATE COURT OF COBB COUNTY<br>STATE OF GEORGIA</strong>

| | |
|---|---|
| **BA'AISHA BLOUNT,** | |
|         **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE NO.** |
| **MICHAEL FREDERICK SEDLEMEYER AND SCHNEIDER NATIONAL CARRIERS, INC.,** | **23-A-10** |
|         **Defendants** | |

<strong><u>PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SCHNEIDER NATIONAL CARRIERS, INC.'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS</u></strong>

<strong><u>GENERAL OBJECTIONS AND QUALIFICATIONS</u></strong>

1.

Plaintiff objects to each and every Interrogatory and Request to the extent that answering it at the present time calls for opinions or contentions that relate to facts or the application of law to fact. Plaintiff shows that she has not been able to take depositions in this action or otherwise complete her investigation of the same, and, therefore, any response to Defendant's Schneider National Carriers, Inc.'s First Interrogatories and Request for Production of Documents for opinions or contentions that relate to facts or the application of law to fact at the present time would be premature. Accordingly, Plaintiff hereby moves the Court for an Order that any such "contention" Admission need not be answered until after the completion of discovery or some later time.

1

2.

Plaintiff objects to each and every Interrogatory and Request to the extent that it would require the Plaintiff to respond by disclosing her attorney's or any other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product or the like, on the ground that said Admission exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

3.

Plaintiff objects to each and every Interrogatory and Request to the extent that it, whether standing alone, or taken in conjunction with any and all other Request, is calculated, or would operate, to annoy, embarrass, oppress, unduly burden, or unduly cause expense to the Plaintiff or would be unduly vexatious or unduly burdensome to respond to, on the grounds that said Interrogatory and Request exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the grounds of "undue burden").

4.

Plaintiff objects to each and every Interrogatory and Request to the extent that it requires the Plaintiff to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence, on the grounds that said Interrogatory and Request exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the grounds of "irrelevancy").

5.

Plaintiff objects to each and every Interrogatory and Request to the extent that it would require Plaintiff to respond by waiving her attorney client privilege, on the grounds that said

Interrogatory and Request exceeds the permissible scope of discovery under the Georgia Civil Practice Act (objection on the grounds of "privilege").

6.

Plaintiff objects to the preface to the Interrogatories and Requests propounded by Defendant Schneider National Carriers, Inc. and the definitions and instructions included therein to the extent that such preface or definitions impose or seek to impose requirements which are in excess of or inconsistent with the requirements of the Georgia Civil Practice Act.

7.

Without waiving or prejudicing her right to assert these general objections or any other objections which may be set forth herein, and in a good faith effort to provide the information available to the Plaintiff at this stage of the discovery and the investigative process in this litigation, the Plaintiff will provide responsive and non-objectionable information now available to her with regards to certain Interrogatories and Requests.

8.

Insofar as any of Defendant Schneider National Carriers, Inc.'s seeks information to which the foregoing General Objections apply, specification of or failure to note particular general objections is not a waiver of those or other general objections with respect to any Interrogatory and Request.

9.

Plaintiff specifically reserves the right to supplement, amend, add to, or delete any portion of these Responses based on information that may be developed during the course of discovery proceedings in this case.

## INTERROGATORIES RESPONSES

1.

State your home address, dates of birth, Social Security number, education history, occupation and the names and addresses of your employers and supervisors for the past ten years.

**RESPONSE: Plaintiff's home address is 317 Juniper Lane, Macon, GA 31220. Her date of birth is April 3, 1978. Plaintiff objects to providing her social security number on the grounds that it is irrelevant and not designed to lead to the discovery of admissible evidence and constitutes an invasion of privacy. She will provide this information "off the record" where a legitimate reason for said information exists.**

**Since July of 2018, Plaintiff has been working as a part-time Clinic Staff Support at Hughston Clinic, 100 N. Macon Street, Macon, GA. Her supervisor's name is Chesley Brown. Her hourly pay rate is $12.32.**

2.

State in complete detail each injury you contend you or anyone on your behalf sustained as a result of the Defendants accident referenced in the Complaint.

**RESPONSE: Plaintiff objects to this Interrogatory to the extent that it is vague, overly, and unduly burdensome. Further, Plaintiff objects to this Interrogatory on the grounds that it requires her to render a medical opinion. Plaintiff instructs Defendant to review her medical records provided in response to Defendant's Request for Production of Documents to Plaintiff. Subject to but notwithstanding the foregoing objections, Plaintiff suffered the following injuries: cervical facet syndrome, cervicalgia, lumbar facet joint pain, low back pain, and right shoulder pain.**

3.

Itemize all expenses and special damages you contend resulted from the Defendants accident referenced in the Complaint, including but not limited to, property damage, medical and hospital expenses, loss of earnings, and loss of earning capacity.

**RESPONSE: Plaintiff states the following:**

**Atrium Health Navicent Urgent Care Northwest   *to be supplemented**

**Ortho Sport & Spine Physicians              $46,685.01**

**TOTAL AMOUNT:                         $46,685.01**

**Plaintiff reserves the right to supplement her response to this Interrogatory.**

4.

Do you contend you missed any time from any employment because of the Defendants accident referenced in the Complaint?  If so, please state the following:

(a)     the name and address of your employer, your job description, the physical requirements for your job, and the name of your supervisor;

(b)     list each date you were absent from work and the loss of income you contend resulted there from; and

(c)     whether you were paid by your employer during your absence from work.

(d)     the amount of lost income and earning capacity you claim and your gross and net income for the five years immediately preceding these interrogatories.

(e)     identify all documents referencing or proving your income for the past five years.

**RESPONSE: Plaintiff states the following:**

**(a)     Hughston Clinic, 100 N. Macon Street, Macon, GA. Job description:**

**helping patients;**

**(b)      Plaintiff will supplement her response to Interrogatory No. 4(b)**

**(c)      Plaintiff states no;**

**(d)      Plaintiff will supplement her response to Interrogatory No. 4(d); and**

**(e)      Plaintiff will produce copies of her W2s and/or tax returns.**

5.

Thirty-three days after service hereof, please produce for inspection and copying by this defendant at the office of Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, any and all 1099s, W-2s, state and federal tax returns, pay stubs, printouts or documentation of your lost income, loss of earning capacity, and gross and net pay for the past five years.  In lieu of this, you may attach copies thereof to your answer to these interrogatories.

**RESPONSE: Plaintiff reserves the right to supplement her response to this Request.**

6.

Have you ever been married?  If so, state the following:

(a)      the name and address of each of your spouses;

(b)      the names, ages and addresses of each of your natural, adopted and foster children stating the status of each and the names and addresses of the mother of each of your children;

(c)      the date and location, including county and state of each of your divorces, listing who filed for divorce, the ground for divorce and the date the divorce was final.

**RESPONSE: Plaintiff states the following:**

**(a).     Alonzo Thomas, III, in Macon, GA.**

6

**(b).** **Daughters: Maya Thomas, 25 years old; Shania Finey, 21 years old; McKayla Wimberly, 17 years old; and**

**(c).** **Plaintiff is currently separated from Mr. Thomas.**

7.

During the ten years immediately preceding the accident referenced in the Complaint, did any physician, surgeon or practitioner of any healing art examine you or did you take any prescription medicines? If so, state the following:

(a)    the approximate date of each such examination or treatment or prescription;

(b)    the name and address of each such physician, surgeon or practitioner of any healing art or pharmacy;

(c)    the reason for each examination or treatment or prescription.

**RESPONSE: Plaintiff states following:**

1. **Patty Hill, NP**
   **North macon Healthcare**
   **Reason: medical care**
   **Dates of Service: since 2010**

2. **Atrium Health Navicent Gaastroenterology & Hepatology**
   **240 Sheraton Boulevard**
   **Macon, GA 31210**
   **Reason: medical care**
   **Dates of Services: since 2015**

3. **The Jones Center**
   **265 Sheraton Boulevard**
   **Macon, GA 31210**
   **Reason: medical care**
   **Dates of Services: 2010 to 2018/2019**

4. **Middle Georgia Heart**
   **6070 Lakeside Commons Drive**
   **Macon, GA 31210**

7

**Reason: medical care**
**Dates of services: 2012 – 2021**

5. **Piedmont Macon f/k/a Coliseum Hospital of Macon**
   **350 Hospital Drive**
   **Macon, GA 31217**
   **Reason: medical care**
   **Dates of Services: since 2019**

6. **My Eye Doctor**
   **3801 Northside Drive**
   **Macon, GA 31210**
   **Dates of Services: 2009 – present**

**Plaintiff reserves the right to supplement her response to this Interrogatory, if necessary.**

**8.**

State the name and address of any person, including any party who, to your knowledge, information or belief:

(a)   was an eyewitness to the accident referenced in the Complaint;

(b)   has some knowledge of any fact or circumstance upon which your allegations of negligence or causation are based;

(c)   has some knowledge of any fact or circumstance upon which your allegations of damages are based;

(d)   has some knowledge of any fact or circumstance upon which your allegations of punitive damages or stubborn litigiousness are based.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks information that has been gathered in anticipation of litigation and is therefore protected by the attorney/client privilege and/or work-product doctrine. Subject to and without waiving said objections, Plaintiff states the following:**

8

    (a).    **Plaintiff, Shanie Finey and Defendant;**

    (b).    **Plaintiff's attorney and staff, Plaintiff's insurance provider, Officer L. Rampy with Georgia State Patrol, and Plaintiff's friends and family members;**

    (c).    **See response to Interrogatory 8(b); and**

    (d).    **See response to Interrogatory 8(b).**

**Plaintiff reserves the right to supplement her response to this Interrogatory, if necessary.**

9.

To your knowledge, information or belief, are there any photographs, drawings, recordings, audio, video or computer files of any scene, device, instrumentality or person that you contend supports your allegations of negligence, damages, punitive damages, or stubborn litigiousness? If so, describe these in detail.

**RESPONSE: See attached color photographs and the Georgia Motor Vehicle Crash Report No. C000859747-01 provided in response to Defendant's Request for Production of Documents to Plaintiff.**

10.

Thirty-three days after service hereof, please produce for inspection and copying by this Defendant at the offices of Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, all photographs, drawings, audio, video or computer files referred to in the preceding Interrogatory. In lieu of this, you may attach copies thereof to your answers to these requests.

**RESPONSE: See response to Interrogatory No. 9.**

11.

To your knowledge, information or belief, is there any documentary or other tangible evidence that you contend supports your allegations of negligence, causation, damages, and punitive damages? If so, please describe such tangible evidence in detail.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it calls for metal impressions, trial strategy, conclusions and legal theories of this Plaintiff, its representatives and legal counsel and is therefore protected by the work-product doctrine. Subject to and without waiving said objections, Plaintiff responds that discovery is just beginning. Plaintiff reserves the right to supplement her response to this Interrogatory upon completion of further investigation and discovery.**

12.

Thirty-three days after service hereof, please produce for inspection and copying by this Defendant at the offices of Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, all documentary or other tangible evidence referred to in the preceding Interrogatory. In lieu of this, you may attach copies thereof to your answers to these requests.

**RESPONSE: See response to Interrogatory 11.**

13.

State in detail all medical, hospital or pharmaceutical care you have received since the accident referenced in the Complaint, setting forth the names and addresses of the providers of such care.

**RESPONSE: Plaintiff states the following:**

        **a).**      **Atrium Health Navicent Urgent Care Northwest
5925 Zebulon Road**

**Macon, GA 31210**
**Reason: medical care**
**Date of Service: October 28, 2022**

b).    **Ortho Sport & Spine Physicians**
**5775 Glenridge Drive, NE**
**Building B, Suite B525**
**Atlanta, GA 30328-5380**
**Reason: medical care**
**Dates of Services: since November 4, 2022**

**Plaintiff reserves the right to supplement her response to this Interrogatory, if necessary.**

14.

State each and every fact upon which you base your claims of negligence and list all laws, rules or ordinances that you allege were violated.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, vague and requesting a narrative recitation. Subject to and without waiving said objections, Defendant failed to make reasonable and proper observations while driving or, if reasonable and proper observations were made, failing to act thereon. Defendant failed to signal when changing lanes in violation of O.C.G.A. § 40-6-123. Defendant failed to maintain his lane in violation of O.C.G.A. § 40-6-48. Defendant failed to observe or undertake the necessary precautions to keep the vehicle from colliding with the Plaintiff's vehicle in violation of O.C.G.A. § 40-6-390. In driving the vehicle without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241 and committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial. Further, Plaintiff refers Defendant to copies of the Georgia Motor Vehicle Crash Report No.**

11

**C000859747-01, and her medical records and medical bills that are related to this subject collision.**

15.

Thirty-three days after service hereof, please produce for inspection and copying by this Defendant at the offices of Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, all records or tangible things that reference or support your response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these requests.

**RESPONSE: See attached copies of the Georgia Motor Vehicle Crash Report No. C00059747-01 and the Plaintiff's medical records and medical bills provide in response to Defendant's Request for Production of Documents to Plaintiff.**

16.

Prior or subsequent to the accident referenced in the Complaint, have you ever suffered from a similar injury or medical condition to the ones you are claiming in this lawsuit? If so, please state the following:

(a)  describe each similar injury or medical condition;

(b)  when and where the injury or medical condition was sustained;

(c)  whether you made a claim for personal injury and, if so, list the name and address of each person or entity against whom you made a claim and list the name and address of the court in which you brought each claim;

(d)  the names and addresses of each health care provider that treated you for such injuries or medical conditions.

**RESPONSE: Plaintiff states the following:**

**Approximately 2019, Plaintiff injured her right shoulder in a collision. She received medical care from the following:**

> 1.      **Orthopedic Surgeon at Thrive Orthopaedics**
> **1200 Altmore Drive, Suite 150**
> **Atlanta, GA 30342**
> **Reason: medical care**
> **Dates of Services: approximately three months**
>
> 2.      **The Hammonds Center**
> **4523 Forsyth Road**
> **Macon, GA 31210**
> **Reason: physical therapy**
> **Dates of Services: 2019**
>
> 3.      **Macon Spine & Injury**
> **155 Franklin Street**
> **Macon, GA 31201**
> **Reason: medical care**
> **Dates of Services: approximately two months**

**Plaintiff reserves the right to supplement her response to this Interrogatory, if necessary.**

17.

State in detail each and every communication you, your agents or attorneys have had with the Defendant, its employees or agents and state whether each communication was verbal or in writing.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks information that has been gathered in anticipation of litigation and is therefore protected by the attorney/client privilege and/or work-product doctrine. Subject to and without waiving said objections, on the day of the collision, Plaintiff recalls exchanged driver's license and insurance card.**

18.

Thirty-three days after service hereof, please produce for inspection and copying by this Defendant at the offices of Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, all communications referred to in the preceding Interrogatory. In lieu of this, you may attach copies thereof to your answers to these requests.

**RESPONSE: See response to Interrogatory No. 17.**

19.

Have you ever visited a hospital emergency room, spent the night in a hospital or had an X-ray, CT scan or MRI for any reason before or after the accident referenced in the Complaint?  If so, state:

(a)     the name and address of each hospital or facility;

(b)     the date or dates of any treatment received in a hospital or diagnostic studies; and

(c)     the reason for each such hospitalization or diagnostic study.

**RESPONSE: See response to Interrogatory No. 16.**

20.

With respect to all compensation, indemnity, health or other insurance, wage loss replacement, income replacement or disability benefits or payments available to you from any and all governmental or private sources in connection with any medical expenses, loss of income or any other special damages that you claim as a result of the accident referenced in the Complaint, please state the following:

(a)     the name and address of each person, firm or corporation (including any governmental body or insurance company) through which such benefits are

available;

(b)    the total amount of such benefits available to you from each source referred to above;

(c)    the total amount of such benefits actually received by you from each such source;

(d)    the cost of providing such benefits;

(e)    the extent to which such benefits will apply to any future special damages (e.g., the limits of any applicable insurance policies, the availability of workers' compensation benefits in the future, any applicable wage continuation plans, etc.);

(f)    Whether the plan is a self-funded ERISA plan.

(g)    Whether Medicare or Medicaid paid any benefits to you arising out of the accident referenced in the Complaint.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is irrelevant, overly broad, and unduly burdensome and seeks only to harass the Plaintiff. Subject to and without waiving said objections, Plaintiff states the following:**

        **1.  Peach State Health Plan**
            **coverage: health insurance**

        **2.  State Farm Insurance Company**
            **coverage: auto insurance**

**Plaintiff reserves the right to supplement her response to this Interrogatory, if necessary.**

21.

Thirty-three days after service hereof, please produce for inspection and copying by this Defendant at the offices of Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, a copy of all policies providing benefits referred to in the preceding

interrogatory and all summary plan descriptions of the benefit plans referred to in the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these requests.

**RESPONSE: See response to Interrogatory No. 20.**

22.

Was any of your medical treatment provided on a lien basis, i.e. the medical provider agreed to be compensated out of the proceeds of any settlement or judgment?

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks to discover information, which is neither admissible at the trial, or reasonably calculated to lead to the discovery of admissible evidence. See *Denton vs. Con-way Express, Inc., 261 Ga. 41, 402 S.E.2d 269 (1991)*. Subject to the foregoing objections and without waiving the same, Plaintiff states the following: The Rawlings Group.**

23.

Thirty-three days after service hereof, please produce for inspection and copying by this Defendant at the offices of Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, all letters of protection, lien or any other documents arising out of any medical providers agreement to provide treatment and receive compensation for such treatment out of the proceeds of any settlement or judgment of the above styled civil action.  In lieu of this, you may attach copies thereof to your answers to these requests.

**RESPONSE: See response to Interrogatory No. 22.**

24.

Have you ever made any claim for bodily injuries of any kind against any person, firm or corporation (including any insurance company)?  If so, please state the following:

(a)      the name of the person, firm or corporation against whom such claim was made;

(b)    the nature of the injury claimed; and

(c)    the outcome of such claim.

**RESPONSE: Plaintiff states the following:**

**In November 2019, Plaintiff's vehicle another vehicle was hit by another vehicle. Plaintiff suffered injury to her right shoulder. Plaintiff was represented by Michael Hostilo. Her case settled for approximately $1,000.00. Plaintiff reserves the right to supplement her response to this Interrogatory, if necessary.**

25.

Have you employed any experts or technicians to test, examine or analyze any product, object, device or condition whatsoever in connection with the occurrence in question?  If so, as to each such expert or technician, please state the following:

(a)    his/her name, address and telephone number;

(b)    his/her profession or occupation and the field in which he/she is claimed to be an expert;

(c)    a description of the product, object, device or condition examined or analyzed; and

(d)    whether you intend to call him/her as a witness at the trial of this action.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks information that has been gathered in anticipation of litigation and is therefore protected by the attorney/client privilege and/or work-product doctrine. Plaintiff further objects to this Interrogatory on the grounds that it calls for the identity of an expert witness who may have been specially retained or consulted who expected to testify at trial pursuant to O.C.G.A. § 9-11-26(b)(4)(B). Subject to and without waiving said objections, Plaintiff may retain LCP Pro, LLC to prepare a Life Care Plan on her behalf. Also, Plaintiff may call on her treating**

17

**physicians for expert opinions and/or testimony. All relevant information can be found in the attached in the Georgia Motor Vehicle Crash Report No. C000859747-01, and her medical records and medical bills. Plaintiff reserves the right to supplement her response to this interrogatory, if necessary.**

26.

As to each expert or technician you intend to call as a witness at the trial of this action, state the subject matter on which he/she is expected to testify, state in detail the substance of the facts and opinions to which he/she is expected to testify and give a complete summary of the grounds for each opinion held as provided in O.C.G.A. § 9-11-26.

**RESPONSE: See response to Interrogatory no. 25.**

27.

Has any expert or technician referred to in the preceding Interrogatory prepared any reports, statements, drawings, photographs, videos, computer files or other documents in connection with his/her testing, examination or analysis?  If so, please describe each such document, giving as to each the following:

      (a)     the name and address of the person who prepared such; and

      (b)     the present location and the name of the person having custody and control thereof.

**RESPONSE: See response to Interrogatory no. 25.**

28.

Thirty-three days after service hereof, please produce for inspection and copying by this Defendant at the offices of Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, all reports, statements, drawings, photographs, videos, computer files or other documents referred to in the preceding Interrogatories.  In lieu of this, you may attach

18

copies thereof to your answers to these requests.

**RESPONSE: See attached copies of the Plaintiff's medical records and medical bills provided in response to Defendant's Request for Production of Documents to Plaintiff.**

29.

Have you made a claim for Social Security, Medicaid, or Medicare benefits?  If so, state the number of times you made such claims, the dates of such claims and whether the claims were granted.

**RESPONSE: Plaintiff states no.**

30.

Thirty-three days after service hereof, please produce for inspection and copying by this Defendant at the offices of Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, all documents or tangible things referencing or supporting the claims in the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these requests.

**RESPONSE: See response to Interrogatory No. 29.**

31.

Thirty-three days after service hereof, please produce for inspection and copying by this Defendant at the offices of Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, all background checks, motor vehicle records reports, court records for any domestic, civil or criminal matters, and records obtained from any local, state, or federal governmental agency or entity (including the Federal Motor Carrier Safety Administration) related to this Defendant or Carroll Fulmer Logistics Corporation. In lieu of this, you may attach copies thereof to your answers to these requests.

**RESPONSE: See attached copies of the Georgia Motor Vehicle Crash Report No. C000859747-01 and Plaintiff's medical records and medical bills provided in response to Defendant's Request for Production of Documents to Plaintiff.**

32.

Thirty-three days after service hereof, please produce for inspection and copying by this Defendant at the offices of Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, records obtained from any local, state, or federal governmental agency or entity (including the Federal Motor Carrier Safety Administration) related to Carroll Fulmer Logistics Corporation. In lieu of this, you may attach copies thereof to your answers to these requests.

**RESPONSE: See response to Interrogatory No. 31.**

33.

Thirty-three days after service hereof, please produce for inspection and copying by this Defendant at the offices of, Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, copies of any financing arrangements, agreements, contracts, or other writings between Plaintiff or Plaintiff's counsel and any finance company, bank, or any other third-party individuals or entities (i.e., meaning any person or entity other than Morgan & Morgan Atlanta, PLLC or attorneys associated with that firm) to fund, in whole or in part, Plaintiff's lawsuit against Defendant or to fund, in whole or in part, Plaintiff's medical treatment for injuries allegedly related to this lawsuit. In lieu of this, you may attach copies thereof to your answers to these requests.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks to discover information, which is neither admissible at the trial, or reasonably calculated to**

lead to the discovery of admissible evidence. See *Denton vs. Con-way Express, Inc., 261 Ga. 41, 402 S.E.2d 269 (1991).* **Subject to the foregoing objections and without waiving the same, Plaintiff states none and reserves the right to supplement her response to this Interrogatory, if necessary.**

34.

Thirty-three days after service hereof, please produce for inspection and copying by this Defendant at the offices of Dennis, Corry, Smith & Dixon, LLP; 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, all correspondence, documents and tangible things disclosing the terms of and parties to all third-party financing arrangements, agreements, contracts, or arrangements referred to in the preceding interrogatory.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks to discover information, which is neither admissible at the trial, or reasonably calculated to lead to the discovery of admissible evidence. See *Denton vs. Con-way Express, Inc., 261 Ga. 41, 402 S.E.2d 269 (1991).* Subject to the foregoing objections and without waiving the same, Plaintiff has no such documents in her possession.**

35.

State your cell phone number and the name and address of your cell phone provider on the date of the accident referenced in the Complaint.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Subject to and without waiving said objections, Plaintiff states as follows: T-Mobile; (478) 46102601; Plaintiff is the account holder.**

36.

Thirty-three days after service hereof, please produce for inspection and copying by this Defendant at the offices of Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339, the billing statement for your cell phone for the month of the accident. In lieu of this, you may attach copies thereof to your answers to these requests.

**RESPONSE: Plaintiff has no such documents in her possession.**

This 12th day of April, 2023

       **MORGAN & MORGAN ATLANTA PLLC**


     By: */s/ Corey A. Aitken*
      COREY A. AITKEN
      Georgia Bar No.: 404416
      *Attorney for Plaintiff*


178 South Main Street, Unit 300
Alpharetta, Georgia 30009
P: 770-576-7617
F: 770-576-7667
E: caitken@forthepeople.com

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **BA'AISHA BLOUNT,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **21-A-10** |
| **MICHAEL FREDERICK SEDLEMEYER AND SCHNEIDER NATIONAL CARRIERS, INC.,** | |
| **Defendants.** | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the foregoing *Plaintiff's Responses to Defendant Schneider National Carrier's First Interrogatories and Request for Production of Documents* with the Clerk of Court using *PeachCourt eFileGA* which will automatically send e-mail notification of such filing to all parties of record and/or by depositing a copy of same with the United States Postal Service, with first class postage prepaid, as follows:

John D. Dixon
William B. Pate
DENNIS, CORRY, SMITH & DIXON, LLP
900 Circle 75 Parkway, Suite 1400
Atlanta, GA 30339
Jdixon@dcplaw.com
Wpate@dcplaw.com
*Attorneys for Defendants*

This 12th day of April, 2023

(Signature Following on Next Page)

MORGAN & MORGAN ATLANTA PLLC


By: */s/ Corey A. Aitken*
    COREY A. AITKEN
    Georgia Bar No.: 404416
    *Attorney for Plaintiff*

178 South Main Street, Unit 300
Alpharetta, Georgia 30009
P: 770-576-7617
F: 770-576-7667
E: caitken@forthepeople.com

| Agency Case Number | Agency NCIC Number | GEORGIA | County | Date Rec. by GDOT |
|---|---|---|---|---|
| C000859747-01 | GAGSP0000 | MOTOR VEHICLE CRASH REPORT | COBB | |

| Estimated Crash | | Dispatch | | Arrival | | Vehicles | Total Number of Injuries | Fatalities | Inside City Of |
|---|---|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time | 2 | 2 | 0 | |
| 10/27/22 | 16:04 | 10/27/22 | 16:07 | 10/27/22 | 16:42 | | | | |

Road of Occurrence INTERSTATE 75 SOUTHBOUND
At Its Intersection With MM 267A
☐ Corrected Report

Not At Its Intersection But _____ ☐ Miles ☐ North ☐ East ☐ Feet ☐ South ☐ West
Of _____
☐ Sup To Original

Latitude (Y) 33.9849496522095 (Format) 00.0000000
Longitude (X) -84.543169917752 (Format) -00.0000000
☐ Hit And Run?

| Unit # 1 | ☒ Driver ☐ Ped ☐ Bike | LAST NAME SEDLEMEYER | FIRST MICHAEL | MIDDLE FREDERICK | Unit # 2 | ☒ Driver ☐ Ped ☐ Bike | LAST NAME BLOUNT | FIRST BA'AISHA | MIDDLE JAN'TA |
|---|---|---|---|---|---|---|---|---|---|
| ☒ Susp At Fault | | Address 3228 S 128TH EAST AVE | | | ☐ Susp At Fault | | Address 317 JUNIPER LN | | |

| City TULSA | State OK | Zip 74146-2342 | DOB 07/15/1969 | City MACON | State GA | Zip 31220-7642 | DOB 04/03/1978 |
|---|---|---|---|---|---|---|---|

| Driver's License No. A088093637 | Class A | State OK | Country UNITED STATES | Driver's License No. 050954069 | Class C | State GA | Country UNITED STATES |
|---|---|---|---|---|---|---|---|

| Insurance Co. OLD REPUBLIC INS CO OF C | Policy No. CTB 31455722 | Telephone No. 918-972-2736 | Insurance Co. STATE FARM | Policy No. 1129799198 | Telephone No. 478-461-2601 |
|---|---|---|---|---|---|

| Year 2022 | Make FRG | Model TT | Year 2018 | Make TOYOTA | Model CAMRY |
|---|---|---|---|---|---|

| VIN 3AKJHHDRXNSNA6695 | Vehicle Color WHI | VIN 4T1B11HK0JU590031 | Vehicle Color BLA |
|---|---|---|---|

| Tag # 3340097 | State IN | County | Year 2023 | Tag # CMK2577 | State GA | County BIBB | Year 2023 |
|---|---|---|---|---|---|---|---|

| Trailer Tag # PC20239 | State IN | County | Year 2023 | Trailer Tag # | State | County | Year |
|---|---|---|---|---|---|---|---|

| ☐ Same as Driver | Owner's Last Name SCHNEIDER NATIONAL | First | Middle | ☒ Same as Driver | Owner's Last Name BLOUNT | First BA'AISHA | Middle JAN'TA |
|---|---|---|---|---|---|---|---|

| Address 7101 W 17TH ST | | | Address 317 JUNIPER LN | | |
|---|---|---|---|---|---|

| City GARY | State IN | Zip 46406 | City MACON | State GA | Zip 31220-7642 |
|---|---|---|---|---|---|

| Removed By: DRIVER | ☐ Request List | Removed By: DRIVER | ☐ Request List |
|---|---|---|---|

| Alco Test: 2 | Type: | Results: | Drug Test: | Type: | Results: | Alco Test: 2 | Type: | Results: | Drug Test: 2 | Type: | Results: |
|---|---|---|---|---|---|---|---|---|---|---|---|

| First Harmful Event: 11 | Most Harmful Event: 11 | Operator/Ped Cond: 1 | First Harmful Event: 11 | Most Harmful Event: 11 | Operator/Ped Cond: 1 |
|---|---|---|---|---|---|

Operator Contributing Factors: ___ 11 ___    Operator Contributing Factors: ___ 1 ___

| Vehicle Contributing Factors: 1 | Roadway Contributing Factors: 10 | Vehicle Contributing Factors: 1 | Roadway Contributing Factors: 10 |
|---|---|---|---|

| Direction of Travel: 2 | Vehicle Maneuver: 6 | Non-Motor Maneuver: | Direction of Travel: 2 | Vehicle Maneuver: 5 | Non-Motor Maneuver: |
|---|---|---|---|---|---|
| Vehicle Class: 7 | Vehicle Type: 4 | Vision Obscured: 1 | Vehicle Class: 1 | Vehicle Type: 1 | Vision Obscured: 1 |
| Number of Occupants: 1 | Area of Initial Contact: 1 | Damage to Veh: 2 | Number of Occupants: 2 | Area of Initial Contact: 8 | Damage to Veh: 3 |
| Traffic-Way Flow: 3 | Road Comp: 2 | Road Character: 1 | Traffic-Way Flow: 3 | Road Comp: 2 | Road Character: 1 |
| Number of Lanes: 3 | Posted Speed: 65 | Work Zone: 0 | Number of Lanes: 5 | Posted Speed: 65 | Work Zone: 0 |

| Traffic Control: 7 | Device Inoperative: ☐ Yes ☒ No | Traffic Control: 7 | Device Inoperative: ☐ Yes ☒ No |
|---|---|---|---|

Citation Information:
Citation # W95E58331   O.C.G.A. § _____
Citation # _____   O.C.G.A. § _____
Citation # _____   O.C.G.A. § _____

Citation Information:
Citation # _____   O.C.G.A. § _____
Citation # _____   O.C.G.A. § _____
Citation # _____   O.C.G.A. § _____

**COMMERCIAL MOTOR VEHICLES ONLY**    **COMMERCIAL MOTOR VEHICLES ONLY**

| Carrier Name: SCHNEIDER NATIONAL CARRIERS IN | | | | Carrier Name: | | | |
|---|---|---|---|---|---|---|---|
| Address PO BOX 2545 | City GREEN BAY | State WI | Zip 54306 | Address | City | State | Zip |

| U.S. D.O.T. # 264184 | No. of Axles 4 | G.V.W.R. 03 | U.S. D.O.T. # | No. of Axles | G.V.W.R. |
|---|---|---|---|---|---|

| Cargo Body Type 5 | Vehicle Config. 6 | ☒ Interstate ☐ Intrastate | Fed. Reportable ☐ Yes ☐ No | Cargo Body Type | Vehicle Config. | ☐ Interstate ☐ Intrastate | Fed. Reportable ☐ Yes ☐ No |
|---|---|---|---|---|---|---|---|

| C.D.L.? ☐ Yes ☒ No | C.D.L. Suspended? ☐ Yes ☐ No | C.D.L.? ☐ Yes ☐ No | C.D.L. Suspended? ☐ Yes ☐ No |
|---|---|---|---|

| Vehicle Placarded? ☐ Yes ☒ No | Hazardous Materials? ☐ Yes ☒ No | Vehicle Placarded? ☐ Yes ☐ No | Hazardous Materials? ☐ Yes ☐ No |
|---|---|---|---|

Haz Mat Released? ☐ Yes ☒ No    Haz Mat Released? ☐ Yes ☐ No

If YES:  Name or four Digit Number from Diamond or Box: _____
One Digit Number from Bottom of Diamond: _____

If YES:  Name or four Digit Number from Diamond or Box: _____
One Digit Number from Bottom of Diamond: _____

☐Ran Off Road ☐Down Hill Runaway ☐Cargo Loss or Shift ☐Separation of Units    ☐Ran Off Road ☐Down Hill Runaway ☐Cargo Loss or Shift ☐Separation of Units

GDOT-523 (07/17)

## COLLISION FIELDS

| Manner of Collision: | 4 | Location at Area of Impact: | 1 | Weather: | 1 | Surface Condition: | 1 | Light Condition: | 1 |

## NARRATIVE

Physical evidence and driver statements indicate the following:

Vehicle #1 was traveling south on I-75 southbound in the #3 lane. Vehicle #2 was traveling south on I-75 in the #4 lane. The driver of Vehicle #1 attempted to change lanes into the #4 lane, but did so improperly, by failing to yield to Vehicle #2. Vehicle #1's right front struck Vehicle #2's left rear side. Area of impact was in the #4 southbound lane of I-75.

Driver #1 stated he was trying to move over because his exit was coming up soon, but when he went to change lanes, the traffic stopped and he struck Vehicle #2.

407 Digital Video/7690.

## DIAGRAM

**INDICATE NORTH**

## PROPERTY DAMAGE INFORMATION

| Damage Other Than Vehicle | Owner |
| | |

## WITNESS INFORMATION

| Name (Last, First) | Address | City | State | Zip Code | Telephone Number |
|---|---|---|---|---|---|

## OCCUPANT INFORMATION

| 1 | Name (Last, First): SEDLEMEYER, MICHAEL | | | | Address: 3228 S 128TH EAST AVE TULSA, OK 74146-2342 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Age: 53 | Sex: M | Unit # 1 | Position: 1 | Safety Eq: 3 | Ejected: 1 | Extricated: 2 | Air Bag: 2 | Injury: 0 | Taken for Treatment: 2 |
| | Injury Taken To: | By: | | EMS Notified Time: | | EMS Arrival Time: | | Hospital Arrival Time: | | |

| 2 | Name (Last, First): BLOUNT, BA'AISHA | | | | Address: 317 JUNIPER LN MACON, GA 31220-7642 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Age: 44 | Sex: F | Unit # 2 | Position: 1 | Safety Eq: 3 | Ejected: 1 | Extricated: 2 | Air Bag: 2 | Injury: 4 | Taken for Treatment: 2 |
| | Injury Taken To: | By: | | EMS Notified Time: | | EMS Arrival Time: | | Hospital Arrival Time: | | |

| 3 | Name (Last, First): FINNEY, SHANIA | | | | Address: 317 JUNIPER LN MACON, GA 31220-7642 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Age: 21 | Sex: F | Unit # 2 | Position: 3 | Safety Eq: 3 | Ejected: 2 | Extricated: 2 | Air Bag: 2 | Injury: 4 | Taken for Treatment: 2 |
| | Injury Taken To: | By: | | EMS Notified Time: | | EMS Arrival Time: | | Hospital Arrival Time: | | |

## ADMINISTRATIVE

| Photos Taken: ☐ Yes ☒ No | By: | *Officer Note: If collision resulted in a fatality, please send prompt notification to the GDOT Crash Reporting Unit via either email at GeorgiaFARS@dot.ga.gov or Fax at (404)635-2963.* |

| Report By: RAMPY, L. #0407 | Agency: GSPC\POST 9 | Report Date: 10/27/22 | Checked By: MCADAMS, D. C. #0826 | Date Checked: 10/28/22 |

**ADDITIONAL or FULL PAGE DIAGRAM**



AREA OF IMPACT

INTERSTATE 75 SOUTHBOUND LANES ONLY

Not To Scale

**BLOUNT, Ba'aisha DOB:** 04/03/1978 (44 yo F) **Acc No.** AB90416 **DOS:** 11/21/2022

**Patient:** Blount, Ba'aisha
**Account Number:** AB90416
**DOB:** 04/03/1978  **Age:** 44 Y  **Sex:** Female
**Phone:** 478-461-2601
**Address:** 317 JUNIPER LN, MACON, GA-31220-7642

**Provider:** Casey Black, NP-C

**Date:** 11/21/2022

## Subjective:

**Chief Complaints:**
1. Patient returns today complaining of neck pain, low back pain.

**HPI:**
Constitutional:
   Ms. Blount is a 44-year-old female patient presents for MRI of the cervical and lumbar. Patient reports her overall pain remains unchanged. She reports the cervical on a verbal score is a 5 out of a 10. The pain radiates to bilateral trapezius musculature areas as moderate, sharp aching, and stiff she reports the pain will occasionally travel down into the arms. She reports no numbness tingling radiculopathy or weakness. Patient describes the lumbar on a verbal score 5 out of 10. She reports the pain is above and at the belt line that radiates to bilateral paraspinal muscle areas as moderate, sharp, aching and stiff. She denies having any numbness tingling radiculopathy or weakness to bilateral lower extremities. Patient reports no loss of bowel or bladder function or urinary urgency. She is currently attending chiropractic care or physical therapy. She has been compliant with both the brace and TENS unit with no issues.

**ROS:**
Ophthalmologic:
   Admits Pain.
Endocrine:
   Denies Weakness.
Gastrointestinal:
   Bowel / Bladder issues Denies.
Genitourinary:
   Abdominal pain/swelling Denies.  Pelvic pain Denies.
Neurologic:
   Headache Denies.

**Medical History:**  Past Medical:: High blood pressure, Diabetes, Hypothyroidism, high cholesterol , Past Medical:: Yes.

**Surgical History:** breast reduction 2003, gall bladder removal 2013, lymphnode removal Lt armpit 2009, Uterine Ablation 2019.

**Hospitalization/Major Diagnostic Procedure:** Childbirth .

**Family History:**  No Family History documented..

**Social History:**
Tobacco Use:
   Tobacco Use/Smoking
      Are you a  *Non-Smoker*
Hand dominance:
   Hand Dominance: I am Right Handed.
Drugs/Alcohol:
   Alcohol Screen (Audit-C)
      Did you have a drink containing alcohol in the past year?  *No*
Miscellaneous:
   Occupation: Clinical staff support.

**Medications:** Taking Diclofenac , Taking Flexeril , Taking methylPREDNISolone , Taking Dexilant , Taking Omeprazole , Taking amLODIPine Besy-Benazepril HCl , Taking metFORMIN HCl , Taking Adderall , Taking

**Provider: Casey Black, NP-C**

**Date: 11/21/2022**

BLOUNT, Ba'aisha **DOB:** 04/03/1978 (44 yo F) **Acc No.** AB90416 **DOS:** 11/21/2022

Synthroid , Taking Zofran , Taking Fenofibrate , Taking Vitamin B12 , Taking Vitamin D3 , Taking Wrist Brace-Thumb Spica Brace as directed , Taking Wrist Brace- Cock Up Brace as directed , Taking Dendracin Neurodendraxcin 0.025-10-30 % Lotion Apply as needed to affected area Externally 2-3 times a day, stop date 12/04/2022, Taking Cyclobenzaprine HCl 10 MG Tablet 1 tablet as needed Orally Once a day at bedtime, stop date 12/04/2022, Taking Back Support L/XL - Miscellaneous as directed , Taking TENS Therapy Pain Relief - Device as directed , Taking LidoPro 4-.0325-10-27.5 % Ointment 1 application as needed Externally Four times a day, Medication List reviewed and reconciled with the patient

**Allergies:** Codeine: Itching, Clonazepam: Itching, Promethazine: Nausea, Oxycodone: Itching.

**Implants:** No known implant history.

## Objective:

**Vitals:** Ht **5 ft 6 in**, Wt **164.6 lbs**, BMI **26.56 Index**, BP **191/113 mm Hg**, HR **96 /min**, Pain scale **5/10 1-10**, Ht-cm **167.64**, Wt-kg **74.66**.

**Examination:**
   General Examination:
   Well-nourished, well-developed patient, AAO x3, in no acute distress. Normal mood and affect. No lymphadenopathy. No respiratory distress. Skin intact to cervical and lumbar spine; no erythema, ecchymosis or rash. Normal cervical lordosis maintained. Tenderness to palpation of cervical facets, right paraspinals and upper trapezius. MMT 5/5 in all muscle groups of the BUEs. Sensation intact to light touch in all dermatomes of the BUEs. DTRs: symmetric, 2/4 to biceps, triceps, and brachioradialis bilaterally. No clonus present. Orthopedic testing: The patient has Positive facet loading signs; Negative spurlings; Negative Hoffman reflex.
   Normal lumbar lordosis maintained. Tenderness to palpation of lumbar facets and bilateral paraspinals. Pain with extension that is relieved in flexion. MMT 5/5 in all muscle groups of the BLEs. Sensation intact to light touch in all dermatomes of the BLEs. DTRs: symmetric, 2/4 to patella and achilles bilaterally. Negative Babinski. Orthopedic testing: The patient has Positive facet loading signs; Negative slump sign.

## Assessment:

**Assessment:**

1. Cervical facet syndrome - M47.812 (Primary)
2. Cervicalgia - M54.2
3. Lumbar facet joint pain - M54.59
4. Other low back pain - M54.59

## Plan:

**1. Cervical facet syndrome**
Refill Dendracin Neurodendraxcin Lotion, 0.025-10-30 %, as directed, Externally, 2-3 times a day, 30 days, Refills 0 ; Refill LidoPro Ointment, 4-.0325-10-27.5 %, 1 application as needed, Externally, Four times a day .
   Procedure: Trigger Point 1 or 2 Muscles
      RIGHT TRAPEZIUS TIMES 1 WITH CERVICAL IAF Cowin, Michelle 11/21/2022 03:34:00 PM >
   Procedure: Cervical IAF (3 level)
      BILATERAL C4-C7 IAF TIMES 2 TWO WEEKS APART (FIRST) Cowin, Michelle 11/21/2022 03:34:11 PM >
   Procedure: Cervical IAF (3 level) (Ordered for 12/05/2022)
      BILATERAL C4-C7 IAF Cowin, Michelle 11/21/2022 03:34:20 PM >
**2. Lumbar facet joint pain**
   Procedure: Lumbar IAF (3 Level)
      BILATERAL L3-S1 IAF TIMES 2 TWO WEEKS APART (SECOND) Cowin, Michelle 11/21/2022 03:34:28 PM >
   Procedure: Lumbar IAF (3 Level) (Ordered for 11/28/2022)
      BILATERAL L3-S1 IAF Cowin, Michelle 11/21/2022 03:34:36 PM >
**3. Others**
Notes: 1. Reviewed interpreted patient's MRI of the cervical spine given the patient having more facet mediated

---

**Provider:** Casey Black, NP-C                                              **Date:** 11/21/2022

BLOUNT, Ba'aisha **DOB:** 04/03/1978 (44 yo F) **Acc No.** AB90416 **DOS:** 11/21/2022

pain on exam she is can proceed with bilateral C4 C7 intra-articular injections x2 2 weeks apart. To incorporate 1 right trigger point injection of the trapezius questions concerns risk and benefits were discussed with the patient she has verbalized understanding and she does wish to proceed.
2. Reviewed interpreted patient's MRI of the lumbar spine given the patient having more facet mediated pain on exam she is can proceed with bilateral L3 S1 intra-articular injections x2 to his apart. Questions concerns risk and benefits were discussed with the patient she has verbalized understanding and she does wish to proceed.
3. Patient was by refill Dendracin and LidoPro as these each were dispensed in office today with instructions of use.
4. Patient will follow up 2 weeks postprocedure to assess response to injection.
Dictated by Casey Black, NP-C for Zahra Merchant, MD.

**Procedure Codes:** 99070 DENDRACIN 30/10/0.25%, 99070 LIDOPRO OINT, 99072 PPE Related to Public Health Emergency

**Follow Up:** 2W



**Electronically signed by Casey Black , NP-C on 11/22/2022 at 09:28 AM EST**
**Sign off status: Completed**

---

**Provider: Casey Black, NP-C**                                                        **Date: 11/21/2022**



NORTHSIDE RADIOLOGY Associates
5775 Glenridge Drive, NE, Bldg B Ste B525
Atlanta, GA 30328-5380
(404) 252-4709
www.northsideradiology.com

Performing Location: OSSP - Macon

| Patient Name: | BLOUNT, BA'AISHA | Procedure Date: | November 10, 2022 16:18 |
| --- | --- | --- | --- |
| Patient ID: | AB90416OSSP | Referring Physician: | WADE, ANTHONY |
| Date of Birth: | April 3, 1978 | Accession Number: | G221110165834683 |
| Gender: | Female | Procedure Description: | MRI SPINE CERVICAL W/O CONTRAST |

MR CERVICAL SPINE WITHOUT

CLINICAL HISTORY: Neck pain status post MVA dated October 26, 2022

TECHNIQUE: Multiplanar, multi-weighted MRI of the cervical spine was performed without contrast..

COMPARISON: No prior study.

FINDINGS:

No cerebellar tonsillar herniation. Loss of normal cervical lordosis. Multilevel disc dehydration with multilevel decreased T2 disc signal. No prevertebral soft tissue swelling. Mild kyphosis centered at C3-C4. No focal cord signal abnormality. No vertebral body marrow edema to suggest acute fracture contusion. No paraspinal soft tissue mass lesions or fluid collections.

Axial images:
C2-C3: No focal herniated disc protrusion, central stenosis or foraminal narrowing.
Facet joint and ligament flavum hypertrophy.

C3-C4: 1 mm broad-based disc bulge, sagittal image 5 of series 3, and this partially effaces the anterior CSF space. AP diameter spinal canal measures 0.9 cm. Uncovertebral joint and facet hypertrophy without significant foraminal narrowing.

C4-C5: 1 mm broad-based disc bulge, sagittal image 5 of series 3 and is partially effaces the anterior CSF space. AP diameter spinal canal measures 1.0 cm. Uncovertebral joint and facet hypertrophy without significant foraminal narrowing.

C5-C6: No central focal herniated disc protrusion or central stenosis. Facet joint and uncovertebral joint hypertrophy with narrowing of the right neuroforamina to 2.5 mm.

C6-C7: 2 mm millimeter broad-based disc bulge, sagittal image 5 of series 3 and this partially effaces the anterior CSF space. AP diameter spinal canal measures 0.9 cm. Uncovertebral joint and facet hypertrophy with moderate to severe left foraminal narrowing.

C7-T1: No focal herniated disc protrusion or central stenosis. Uncovertebral joint and facet hypertrophy. There is narrowing of the left neuroforamina to 2 mm.

IMPRESSION:
1. Multilevel spondylosis with loss of normal cervical lordosis and there is mild kyphosis at C3-C4.
2. Spondylotic changes are slightly more pronounced at C3-C4 and C6-C7.



5775 Glenridge Drive, NE, Bldg B Ste B525
Atlanta, GA 30328-5380
(404) 252-4709
www.northsideradiology.com

Performing Location: OSSP - Macon

3. There is right-sided foraminal narrowing at C5-C6, moderate to severe left foraminal narrowing at C6-C7 and there is left-sided foraminal narrowing at C7-T1.


Thank you for your referral. For physician to physician consultation about this report or any other Radiology matter, you can reach me or any of our Radiologists through Northside Radiology Associates Customer Care Line at 404-649-6600.

Electronically Signed by Jake Fleming M.D. on 11/11/2022 8:28 AM

LOCATION: 109-95134QS



