# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RONNIE RELEFORD,

    Plaintiff,

-vs-                              CASE NO.:

TRANS UNION LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RONNIE RELEFORD (hereinafter "Plaintiff"), sues Defendant, TRANS UNION LLC ("Trans Union") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

1

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Fairburn, Georgia; the violations described in this Complaint occurred in this District; and the Defendants transact business within this district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. Trans Union is a corporation with its principal place of business in Chicago, IL that conducts business in the State of Georgia.

7. Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

9. Equifax, Experian, and TransUnion are the "big three" credit reporting agencies in the United States today.

10. Plaintiff has a credit account with non-party, Fifth Third Bank, National Association (hereinafter "Fifth Third").

11. Plaintiff made his timely payment in May of 2022 and in June of 2022. Though, Plaintiff made every single payment on time, Trans Union reflected the Fifth Third account as "Past due 30 days" on his June 24, 2022 credit report.

12. Plaintiff first disputed the false information furnished by Fifth Third and reported by Trans Union with Trans Union on or about June 28, 2022. At that time Plaintiff provided Trans Union/Fifth Third with images of proof of payments for the relevant months.

13. Around that same time Plaintiff repeatedly spoke with Fifth Third, who at the time acknowledged their mistake but continued to report the pays status inaccurately.

14. Upon information and belief, Trans Union sent a copy of the June 2022 dispute to Fifth Third.

15. Upon review of Plaintiff's Trans Union credit report dated August 4, 2022, the Fifth Third account pay status was correctly reflected as "current; paid or paying as agreed" and was ecstatic that Trans Union had corrected its records.

16.    Plaintiff pulled his Trans Union credit report again on September 21, 2022 and was devastated to see that Trans Union had reinserted the false information it had previously corrected. While the status of the Fifth Third account was listed as an adverse account showing a 30 day late payment in June 2022.

17.    Plaintiff sent a second dispute letter to Trans Union on or about September 26, 2022, again detailing the error with the Fifth Third account, providing evidence he was not late, and detailing how Trans Union had previously corrected the error and then inexplicably reinserted the error back into his credit report.

18.    As a result of the actions and/or inactions of Trans Union, Plaintiff has suffered extensive damage to his credit score.

19.    Due to the actions and/or inactions of Trans Union, Plaintiff has suffered from unnecessary and unwanted stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation.

## CAUSES OF ACTION

### COUNT I
**Violations of the Fair Credit Reporting Act as to Trans Union**

20.    Plaintiff re-alleges and incorporates paragraphs 1 through 19 above as if fully set forth herein.

21. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

22. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

23. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

24. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Trans Union, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
## Violations of the Fair Credit Reporting Act as to Trans Union

25. Plaintiff re-alleges and incorporates paragraphs 1 through 19 above as if fully set forth herein.

26. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

27. Plaintiff repeatedly provided Trans Union with the information it needed to confirm that the payment status should be shown as "current", including but not limited to his personal statements and relevant supporting documents. Trans Union ignored this information and instead chose to simply verify the information furnished by Fifth Third without conducting any meaningful reinvestigation into any of Plaintiff's numerous disputes.

28. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

29. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be

determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

30. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Trans Union, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully Submitted,

*/s/ Octavio Gomez*_____
Octavio "Tav" Gomez, Esquire
GA Bar #: 617963
The Consumer Lawyers, PLLC
412 E. Madison St. Ste 916
Tampa, FL 33602
Tele: 813-299-8537
Fax:  844-951-3933
tav@theconsumerlawyers.com
jason@theconsumerlawyers.com
Attorney for Plaintiff