IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>CAMELOT CLUB CONDOMINIUM ASSOCIATION, INC.; and DEANNA SANTOS, INDIVIDUALLY AND AS THE SURVIVING PARENT AND ADMINISTRATOR OF THE ESTATE OF JUSTIN JAVIER SANTOS, DECEASED<br><br>Defendants. | CIVIL ACTION<br>FILE NO.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff Northfield Insurance Company ("Northfield"), by and through undersigned counsel, and, pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, files this Complaint for Declaratory Judgment, showing the Court as follows:

**PARTIES**

1.

Plaintiff Northfield is a corporation organized under the laws of the State of Iowa with its principal place of business in Connecticut. Northfield seeks a

M1003810.1 16384

declaration of its coverage obligations, if any, under a liability insurance policy issued to Defendant Camelot Club Condominium Association, Inc. as the named insured.

2.

Defendant Camelot Club Condominium Association, Inc. ("Camelot") is a corporation organized under the laws of the State of Georgia with its principal place of business in Fulton County, Georgia.  It may be served with process through its registered agent, John Andrle, Esq., at 500 Sugar Mill Road, Suite 160B, Atlanta, Georgia 30350.  Camelot is a citizen of Georgia, registered to do business in Georgia, and is subject to personal jurisdiction in this Court.  Camelot seeks coverage as the named insured under an insurance policy issued by Northfield for liability claims asserted by Defendant Deanna Santos, individually and as the Surviving Parent and Administrator of the Estate of Justin Javier Santos, deceased in a lawsuit filed in the State Court of Fulton County, Georgia, styled <u>Deanna Santos, individually and, as the Surviving Parent of Justin Javier Santos Administrator of the Estate of Justin Javier Santos v. Camelot Club Condominium Association, Inc.</u>, Civil Action File No. 23EV000501 ("Underlying Lawsuit").

3.

Upon information and belief, Defendant Deanna Santos, individually and as

the Surviving Parent and Administrator of the Estate of Justin Javier Santos (hereafter "Santos") is a resident and citizen of the State of Tennessee. She may be served at her residence premises, located at 140 W. Franklin Street, Alcoa, TN 37701. Santos filed the Underlying Lawsuit in this District, is subject to personal jurisdiction in this Court and is properly named as the plaintiff in the Underlying Lawsuit so that Santos will be bound by the coverage rulings of this Court.

4.

This Court has original jurisdiction over this action because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Accordingly, jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332 and on the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

5.

Venue is proper in this Court under 28 U.S.C. § 1391 because one or more of the defendants reside or do business in this District, because the Underlying Lawsuit for which coverage is at issue is pending in this District and because part of the transaction or occurrence took place in this District.

**NATURE OF THE CONTROVERSY**

6.

There is an actual case or controversy concerning Northfield's coverage obligations, if any, for the liability claims asserted in the Underlying Lawsuit such that this Court may declare the rights and obligations of Northfield under 28 U.S.C. § 2201.

7.

In the Underlying Lawsuit, Santos seeks to recover for injuries and damages related to the death of Justin Javier Santos ("the Decedent"), who was shot and killed at an apartment building located at 5655 Old National Highway, College Park, Georgia ("the Property") on May 23, 2021 ("the Shooting"). A true and correct copy of the Underlying Lawsuit is attached hereto as Exhibit A.

8.

In the Underlying Lawsuit, Santos contends that while the Decedent was at the Property, he was shot and killed.

9.

In the Underlying Lawsuit, Santos contends that Camelot owned, operated, controlled and managed the Property.

10.

In the Underlying Lawsuit, Santos asserts that Camelot is liable for the assault, battery, shooting and wrongful death of the Decedent as a result of Camelot's negligence, seeking general, punitive, special, compensatory, incidental, consequential and all other permissible damages.

11.

Northfield has agreed to defend Camelot in the Underlying Lawsuit pursuant to a reservation of rights. A true and complete copy of Northfield's reservation of rights letter is attached hereto as Exhibit B.

**INSURANCE POLICY PROVISIONS**

12.

Northfield issued policy number WH013629 to Camelot, effective May 30, 2020 through May 30, 2021 ("the Northfield Policy"). The Northfield Policy and its provisions are adopted and incorporated herein in their entirety by reference. A true and correct Certified copy of the Northfield Policy is attached hereto as Exhibit C.

13.

The Northfield Policy contains provisions that may be relevant to determining coverage for Camelot in connection with claims related to the Shooting and as

alleged in the Underlying Lawsuit, including but not limited to the following provisions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

    **a.**   We will pay those sums that the insured becomes legally obligated to pay as "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

*     *     *

    **b.**   This insurance applies to "bodily injury" and "property damage" only if:

        (1)   The "bodily injury" or "property damage" is caused by an "occurrence"…

*     *     *

See Northfield Policy, Ex. C.

14.

The Northfield Policy contains the EXCLUSION – ASSAULT OR BATTERY Endorsement (S23-CG (3/19)), which states as follows:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### EXCLUSION – ASSAULT OR BATTERY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

1. The following exclusion is added to Paragraph 2., Exclusions, of SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:

    **Assault Or Battery**

    "Bodily injury" or "property damage" arising out of any "assault" or "battery" committed by any person, including any act or omission in connection with the prevention or suppression of, or in response to, such "assault" or "battery".

2. The following exclusion is added to Paragraph 2., Exclusions, of SECTION I – COVERAGES – COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY:

    **Assault Or Battery**

    "Personal and advertising injury" arising out of any "assault" or "battery" committed by any person, including any act or omission in connection with the prevention or suppression of, or in response to, such "assault" or "battery".

3. The following is added to the **DEFINITIONS** section:

    "Assault" means any attempt or threat to inflict injury to another, including any conduct that would reasonably place another in apprehension or such injury.

> "Battery" means any intentional, reckless or offensive physical contact with, or any use of force against, a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected.

*   *   *

See Northfield Policy, Ex. C.

15.

The Northfield Policy contains the EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES provision of Endorsement (S43-CG (1/14)), which states as follows:

THESE ENDORSEMENTS CHANGE THE POLICY.  PLEASE READ THEM CAREFULLY.

### EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES

These endorsements modify insurance provided under the COMMERCIAL GENERAL LIABILITY COVERAGE PART.

The following exclusion is added to Paragraph 2., Exclusions, of SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:

**Punitive or Exemplary Damages**

Any claim for punitive or exemplary damages, fines, penalties or multiplied damages.

*   *   *

See Northfield Policy, Ex. C.

16.

The claims related to the Shooting and set forth by Santos in the Underlying Lawsuit are not covered and/or excluded under the Northfield Policy, because the claims were not caused by an "occurrence" as defined by the Northfield Policy.

17.

The claims related to the Shooting and set forth by Santos in the Underlying Lawsuit are excluded under the Northfield Policy, because the claims arose out of the assault and battery of the Decedent at the Property.

18.

Any punitive damages sought in the Underlying Lawsuit are excluded under the Northfield Policy, as the Northfield Policy precludes coverage for punitive or exemplary damages, fines, penalties or multiplied damages.

**COUNT I – DECLARATORY JUDGMENT**

19.

Plaintiff Northfield incorporates by reference paragraphs 1 through 17 of this Complaint as if set forth fully herein.

20.

There exists a justiciable controversy between Northfield and the defendants regarding the insurance coverage owed, if any, for the claims related to the Shooting,

asserted by Santos and set forth in the Underlying Lawsuit.

21.

There is no coverage under the Northfield Policy for the liability claims asserted against Camelot in the Underlying Lawsuit because, pursuant to the EXCLUSION – ASSAULT OR BATTERY Endorsement (S2984-CG (1/16)), the Northfield Policy expressly excludes coverage to Camelot for any claims arising out of an assault and/or battery.

22.

There is no coverage under the Northfield Policy for any punitive or exemplary damages, fines, penalties or multiplied damages in connection with the claims related to the Shooting and/or set forth in the Underlying Lawsuit pursuant to the EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES provision of Endorsement (S43-CG (1/14)).

23.

Based on all the terms, conditions, and exclusions in the Policy (whether expressly mentioned or identified in this Complaint or not), as well as under relevant legal principles and public policy considerations, Northfield is entitled to a declaration that it has no duty to defend or indemnify Camelot for claims related to the Shooting and the claims asserted in the Underlying Lawsuit.

24.

Northfield respectfully requests that this Court enter judgment declaring Northfield's rights and obligations, if any, to defend and indemnify Camelot and/or any of the defendants for the claims asserted in the Underlying Lawsuit and claims associated with the Shooting.

## **CLAIM FOR RELIEF**

25.

WHEREFORE, Northfield prays that the Court:

(a) Declare that Northfield owes no duty to defend, indemnify or provide coverage to Camelot or any defendant against the claims asserted in the Underlying Lawsuit;

(b) Declare that Northfield owes no duty to defend, indemnify or provide coverage to Camelot or any defendant against any claims related to the Shooting; and

(c) That this Court grant such further and different relief as may be appropriate to accomplish justice and equity among the parties.

Respectfully submitted this 13th day of April, 2023.

**McMICKLE, KUREY & BRANCH, LLP**

*/s/ V. Morgan Carroll*

Scott W. McMickle
Georgia Bar No. 497779
swm@mkblawfirm.com
V. Morgan Carroll
Georgia Bar No. 157092
mcarroll@mkblawfirm.com
**Attorneys for Plaintiff Northfield Insurance Company**

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This pleading has been prepared in Times New Roman, 14 point font.

This 13th day of April, 2023.

*/s/ V. Morgan Carroll*
V. MORGAN CARROLL
For the Firm