# EXHIBIT "A"

M0797656.1 0080

Case 1:23-mi-99999-UNA   Document 1196-1   Filed 04/13/23   Page 2 of 10

State Court of Fulton County
**E-FILED**
23EV000501
1/23/2023 1:44 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DEANNA SANTOS, individually and, as the Surviving Parent of Justin Javier Santos Administrator of the Estate of JUSTIN JAVIER SANTOS<br><br>Plaintiff,<br><br>v.<br><br>CAMELOT CLUB CONDOMINIUM ASSOCIATION, INC.<br><br>Defendants. | CIVIL ACTION FILE NO. |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1.

COME NOW, Plaintiff in the above-styled action, and hereby file this Complaint as follows.

2.

On or about May 23, 2021, Justin Javier Santos ("Justin") was shot and killed at the Camelot Condominiums located at 5655 Old National Hwy, College Park, Georgia 30349.

3.

Plaintiff brings this case individually and as Personal Representatives of the Estate of Justin Santos. Plaintiff states her intention to bring each and every claim permissible under Georgia law and all other applicable law, and seek all special damages, economic losses, pain and suffering, and all compensatory, special, actual, general, and punitive damages permissible under Georgia law. As the mother of Justin Santos, Plaintiff has the right to bring this wrongful death claim and are entitled to recover for the full value of Justin's life.

1

4.

Defendant Camelot Club Condominium Association, Inc. (**"Camelot Club"** or **"Defendant(s)"**) is a domestic nonprofit corporation authorized to do business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Camelot Club Condominium may be served with process through its registered agent's name Condia Perry at 221 Camelot Drive, Atlanta, Georgia 30349. Jurisdiction and venue are proper as to Defendant Camelot Club. Defendant Camelot Club has been properly served with process in this action.

5.

Jurisdiction is proper as to Camelot Club.

6.

Defendant Camelot Club has been properly served with process in this action.

7.

Jurisdiction is proper as to Defendant Camelot Club.

8.

Defendant Camelot Club has been properly served with process in this action.

9.

Defendant Camelot Club maintains its registered office in Fulton County.  Thus, venue is proper pursuant to O.C.G.A. § 14-2-510(b)(1).

10.

 At all times mentioned herein, Defendant owned, operated, controlled, and managed the condominiums located at 5655 Old National Hwy, College Park, Georgia 30349 commonly known as the Camelot Condominiums (hereinafter "the Premises").

11.

On or about May 23, 2021, while on the Premises, Justin Santos was shot and killed on the Premises.

12.

Defendant negligently allowed a criminal assailant(s) on the Premises. More specifically, Defendant failed to implement and maintain adequate security measures to prevent individuals like the criminal assailant from attacking lawful invitees on the Premises.

13.

As a direct and proximate result of Defendant's negligence, Justin sustained serious injuries and died.

14.

Justin was a completely innocent victim and exercised ordinary care and diligence at all times herein and under the circumstances then existing.

15.

Defendant breached the duty owed to Justin Santos by failing to exercise ordinary care to keep the Premises safe.

16.

Prior to May 23, 2021, there had been numerous reports of incidents of violent criminal activity at the Premises and at other properties in the immediate vicinity of the Premises, which Defendant knew or, by the exercise of reasonable care, should have known of.

17.

Despite the history of crime occurring at or in the immediate vicinity of the Premises no changes were made to the security measures at the Premises following any criminal activity.

18.

Defendants had actual and constructive knowledge prior to the shooting death of Justin Santos of the need to patrol, secure, inspect, manage and control access to the Premises and to deter criminal activity from entering or occurring on the Premises, but failed to exercise ordinary care.

19.

Defendant had actual and constructive knowledge of criminal activity existing at the Premises and in the surrounding area prior to the attack on and wrongful death of Justin Santos. Said prior criminal activity was negligently permitted to exist and remain at the Premises.

20.

Defendant had actual and constructive knowledge of criminal activity existing at the Premises and in the surrounding area prior to the attack on and wrongful death of Justin Santos, but negligently failed to warn Justin Santos.

21.

There was inadequate security at the Premises when Justin Santos was shot.

22.

When Justin Santos was shot and killed, Defendants did not have security patrolling the Premises.

23.

Defendant negligently failed to warn their invitees, including Justin Santos, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks at the Premises.

24.

Defendant negligently failed to maintain adequate security devices to permit proper use of the Premises, thereby causing an unreasonable risk of injury to their invitees, including Justin Santos.

25.

At all times mentioned herein, Defendant controlled the management of the Premises, and had the legal duty to keep the Premises in a state consistent with the due regard for the safety of their invitees, including Justin Santos. Defendant breached said duties and failed to act as similarly situated businesses in like circumstances.

26.

Defendant is negligent and said negligence proximately caused the wrongful death of Justin Santos in the following ways, to-wit:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the Premises safe;

b) Violation of O.C.G.A. § 44-7-13;

c) In failing to properly inspect and maintain the Premises;

d) In failing to warn of the latent dangers on the Premises;

e) In failing to implement adequate security measures to prevent or deter crime from occurring at the Premises;

f) In failing to properly train and supervise their employees in regard to the maintenance and safety of the Premises; and

g) In failing to properly retain, entrust, hire, train and supervise said employees.

27.

Defendant was negligent in failing to maintain, inspect, secure, patrol and manage the Premises, thereby creating an unreasonable risk of injury to their invitees, including Justin Santos.

28.

Defendant knew of, or with the exercise of due care for the safety of their invitees, should have known of the dangerous and hazardous conditions existing on the Premises and the failure to maintain, inspect, secure, patrol, and manage the Premises and that said conditions were likely to result in the injuries suffered by Justin Santos.

29.

Defendant is liable for the assault, battery, shooting and wrongful death of Justin Santos. Said assault, battery and death of Justin Santos were done without necessity, privilege, or consent.

30.

Because Defendant had knowledge of, or in the exercise of reasonable care, should have had knowledge of the dangerous environment of the Premises, Defendant is liable for the negligent supervision, hiring, training and retention of their employees and the entrustment of the Premises to their agents and employees. Said negligence was the proximate cause of the injuries to and death of Justin Santos.

31.

Defendant negligently represented to their invitees that the Premises was properly maintained.

32.

Defendant negligently failed to provide adequate security protection, security personnel or a security presence on the Premises.

33.

Defendant's acts and omissions rise to the level of conscious indifference to consequences, such that punitive damages are appropriate.

34.

Defendant had actual knowledge of the dangerous and hazardous conditions existing at the Premises due to the direct knowledge of their employees and agents.

35.

Defendant negligently failed to act on their knowledge of prior crimes and failed to act to deter or warn of prior criminal activity, loitering, trespassing and the dangerous environment of the Premises.

36.

Defendant failed to take appropriate action to remedy or reduce the danger to their invitees, including Justin Santos, and allowed the dangerous environment on the Premises to continue to exist unabated, thereby creating a nuisance.

37.

Defendant's negligence was a cause in fact and a proximate cause of the injuries to and wrongful death of Justin Santos.

38.

As a direct and proximate result of Defendant's negligence, jointly and severally, Justin Santos sustained catastrophic injuries, conscious pain and suffering, and ultimately became aware of his impending death.

39.

As a result of Defendant's negligence, Plaintiffs state their intention to seek all special, compensatory, general, incidental, consequential, economic, and other damages permissible under the laws of the State of Georgia, including but not limited to:

a)  Personal injuries;

b)  Pain and suffering;

c)  Mental anguish, fright, shock, and terror;

d)  Funeral and burial expenses;

e)  Future lost wages and earning capacity;

f)  All elements, tangible and intangible, of the full value of Justin Santos' life;

g)  Consequential damages to be proven at trial; and

h)  Punitive Damages.

40.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendant, and one or more or of all above-stated acts were the proximate causes of the injuries to and wrongful death of Justin Santos.

41.

Defendant acted with willful misconduct, malice, fraud, oppression, wantonness, and an entire want of care raising the presumption of a conscience indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages from the Defendant, in accordance with the enlightened conscience of an impartial jury.

WHEREFORE, Plaintiff prays for a judgment to be awarded to them and against the Defendant and for the following:

a) Process issue and Defendant be served as provided by law;

b) Plaintiffs have a trial by jury;

c) Plaintiffs be awarded actual damages in amounts to be shown at trial from Defendant;

d) Plaintiff be awarded the full value of Justin Santos' life pursuant to O.C.G.A. § 51-4-1 *et seq.*;

e) Plaintiff Deanna Santos, as Administrator of the Estate of Justin Santos, be awarded all general, punitive, special, compensatory, incidental, consequential, and all other permissible damages in accordance with the enlightened conscience of an impartial jury;

f) Plaintiff be awarded attorneys' fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

g) Plaintiff be awarded interest and costs; and

h) Plaintiff be awarded such other relief as this Court deems just and proper.

**TRIAL BY JURY IS HEREBY DEMANDED.**

**[SIGNATURE ON NEXT PAGE]**

Respectfully submitted, this 23rd day of January 2023.

  **SINTON SCOTT MINOCK & KEREW**
/s/ *Michael Jo'el Smith*
Michael Jo'el Smith
Georgia Bar No. 183081

3438 Peachtree Road, Suite 925
Atlanta, Georgia 30326
msmith@ssmklaw.com
470.890.1188

9