IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CASSANDRA HOPKINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. _____ |
| | ) |
| MANDARICH LAW GROUP, LLP, and | ) |
| CACH, LLC | ) |
| | ) |
|     Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Cach, LLC ("Cach"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby files its Notice of Removal of this action, styled *Cassandra Hopkins v. Mandarich Law Group, LLP,* Civil Action No. 23-C-01155-S1, from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds for removal, Cach shows the Court as follows:

50617156 v1

## I.     INTRODUCTION

1. On February 21, 2023, Plaintiff Cassandra Hopkins ("Plaintiff") commenced this action by filing her Complaint in the State Court of Gwinnett County, Georgia. A copy of all pleadings and orders in the state court record, including "all process, pleadings and orders served upon" Cach through this date, are attached hereto as **Exhibit A**.

2. In her Complaint, Plaintiff contends that Cach and Defendant Mandarich Law Group, LLP ("Mandarich") are liable under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-390, *et seq.*, and other tort and contract theories for filing a garnishment action after the debt was allegedly settled. (*See generally* Ex. A, Compl.)

3. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

4. This Court has original federal question jurisdiction and supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1367 because this lawsuit places at issue claims arising under a law of the United States.

5. Cach was served with the Complaint on March 16, 2023. Accordingly, Cach's removal is timely. *See* 28 U.S.C. § 1446(b)(1).

## II.     FEDERAL QUESTION JURISDICTION

6. This action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1331.

7. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

8. In her Complaint, Plaintiff asserts claims against Cach and Mandarich for violations of the FDCPA, 15 U.S.C. § 1692, et seq. (See Ex. A, Compl. at ¶¶ 129-41.) Therefore, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) because Plaintiff asserts claims arising under, and for alleged violations of federal statutory law, namely the FDCPA.

### III. SUPPLEMENTAL JURISDICTION

9. This Court can exercise supplemental jurisdiction over Plaintiff's state law claims because they form a part of the same case or controversy as Plaintiff's federal claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part: "in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ."

10. In the instant case, Plaintiff's state law claims are related to the same activity that forms the basis of her federal claim, *i.e.* continuing to collect on a debt by bringing a garnishment action after Plaintiff's debt had been allegedly settled. (*See* Ex. A, Compl. at ¶¶ 143-81).

11. Thus, Plaintiff's purported state law claims are "so related to claims in the action within [this Court's] original jurisdiction" that it forms part of the same case or controversy and, as such, falls squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). Therefore, this Court should exercise supplemental jurisdiction over any purported state law claim asserted in the Complaint.

## IV. **PROCEDURAL REQUIREMENTS**

12. No prior application has been made for the relief requested herein.

13. Under 28 U.S.C. § 1441(a), this action can be removed to the district court and division embracing the place where the state court action is pending. Therefore, venue for this removal is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, because this District and Division embraces Gwinnett County, Georgia—the location of the pending state court action.

14. Counsel for Mandarich has consented to the removal of this matter. A true and correct copy of its Consent to Removal is attached hereto as **Exhibit B**.

15. Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Cach will send written notice and a copy of this Notice of Removal to the Plaintiff and will file a copy of the Notice of Removal with the Clerk of Court for the State Court of Gwinnett County, Mississippi.

16. Accordingly, all prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

## V. **ADOPTION AND RESERVATION OF DEFENSES**

17. Cach reserves the right to supplement this Notice of Removal and add any jurisdictional defenses to this Notice of Removal that may independently support a basis for removal.

18.     Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of the Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**WHEREFORE**, Cach prays that this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action form the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 14th day of April, 2023.

*s/ R. Frank Springfield*
R. Frank Springfield
GA Bar No. 316045
fspringf@burr.com
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Attorney for Defendant
CACH, LLC

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **NOTICE OF REMOVAL** has been prepared with Times New Roman, 14 point font, one of the font point selections approved by the Court.

*s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2023, I presented this **NOTICE OF REMOVAL** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

NONE.

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Samuel A. Mullman
> Paul F. Wellborn III
> Kelly O. Wallace
> WELLBORN, WALLACE & MULLMAN, LLC
> 1218 Menlo Dr. NW, Ste. E
> Atlanta, GA 30318
> Email: sam@wellbornlaw.com
> pete@wellbornlaw.com
> kelly@wellbornlaw.com

*Counsel for Plaintiff*

*s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com