UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | : : : | MDL DOCKET NO. 2974 |
| This document relates to: | : : : | 1:20-md-02974-LMM |
| CLAIRE HANSEN | : : : | |
| vs. | : | Civil Action No.: _____ |
| TEVA PHARMACEUTICALS USA, INC.;; TEVA WOMEN'S HEALTH, LLC; TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC.; THE COOPER COMPANIES, INC.; and COOPERSURGICAL, INC. | : : : : : : | |

## **SHORT FORM COMPLAINT**

Come(s) now the Plaintiff(s) named below, and for her/their Complaint against the Defendant(s) named below, incorporate(s) the Second Amended Master Personal Injury Complaint (Doc. No. 79), in MDL No. 2974 by reference. Plaintiff(s) further plead(s) as follows:

1. Name of Plaintiff placed with Paragard:

    Claire Hansen
    _____

2.   Name of Plaintiff's Spouse (if a party to the case): __N/A__

    _____

3. If case is brought in a representative capacity, Name of Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):
   N/A

4. State of Residence of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Plaintiff's original complaint:
   California

5. State of Residence of each Plaintiff at the time of Paragard placement:
   California

6. State of Residence of each Plaintiff at the time of Paragard removal:
   California

7. District Court and Division in which personal jurisdiction and venue would be proper:
   United States District Court – Northern District of California

8. Defendants. (Check one or more of the following five (5) Defendants against whom Plaintiff's Complaint is made. The following five (5) Defendants are the only defendants against whom a Short Form Complaint may be filed. No other entity may be added as a defendant in a Short Form Complaint.):

☒ A. Teva Pharmaceuticals USA, Inc.

☒ B. Teva Women's Health, LLC

☒ C. Teva Branded Pharmaceutical Products R&D, Inc.

☒ D. The Cooper Companies, Inc.

☒ E. CooperSurgical, Inc.

9. Basis of Jurisdiction

☒ Diversity of Citizenship (28 U.S.C. § 1332(a))

☐ Other (if Other, identify below):

10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physician(s) or other Health Care Provider (include City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY)* *If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provider (include City and State)** **If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
| 01/01/2016 | Women's Care Medical Group Ob-Gyn Redwood City, CA | 12/13/2022 | Cheryl Lynn Branson, MD Kaiser Permanente – Santa Clara Medical Center Santa Clara, CA |
| | | 12/15/2022 | Eisha B. Zaid, MD Kaiser Permanente – Santa Clara Medical Center Santa Clara, CA |
| | | 02/06/2023 | Riley S. Mickelsen, MD Kaiser Permanente – Santa Clara Medical Center Santa Clara, CA |

11. Plaintiff alleges breakage (other than thread or string breakage) of her Paragard upon removal.

☒ Yes

☐ No

12. Brief statement of injury(ies) Plaintiff is claiming:

  Significant pain and suffering, complicated medical interventions to remove broken Paragard,  
  loss of reproductive health, permanent impairment/disfigurement, and mental anguish.

Plaintiff reserves her right to allege additional injuries and complications specific to her.

13. Product Identification:
    a. Lot Number of Paragard placed in Plaintiff (if now known):
    
    Unknown

    b. Did you obtain your Paragard from anyone other than the HealthCare Provider who placed your Paragard:
    
    ☐ Yes
    
    ⊘ No

14. Counts in the Master Complaint brought by Plaintiff(s):

☒ Count I – Strict Liability / Design Defect

☒ Count II – Strict Liability / Failure to Warn

☒ Count III – Strict Liability / Manufacturing Defect

☒ Count IV – Negligence

☒ Count V – Negligence / Design and Manufacturing Defect

☒ Count VI – Negligence / Failure to Warn

☒ Count IX – Negligent Misrepresentation

☒ Count X – Breach of Express Warranty

☒ Count XI – Breach of Implied Warranty

☒ Count XII – Violation of Consumer Protection Laws

☒ Count XIII – Gross Negligence

☒ Count XIV – Unjust Enrichment

☒ Count XV – Punitive Damages

☐ Count XVI – Loss of Consortium

☐ Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

_____

_____

15. "Tolling/Fraudulent Concealment" allegations:

   a. Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

   ☒ Yes

   ☐ No

   b. If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below:

   _____

   _____

16. Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:

    a. Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

    ☒ Yes

    ☐ No

    b. If Yes, the following information must be provided (in accordance with Federal Rule of Civil Procedure 8 and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

    i. The alleged statement(s) of material fact that Plaintiff alleges was false: Paragard more effective than other hormone free birth control methods. Easily reversible. Easy to remove. Nonsurgical removal in routine office visit. Can be removed anytime. Omitted breakage at or near routine removal requiring complicated medical intervention

    ii. Who allegedly made the statement: Defendants

    iii. To whom the statement was allegedly made: Plaintiff and her physicians

    iv. The date(s) on which the statement was allegedly made: Various dates while Plaintiff intended to and was implanted with Paragard

17. If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

    a. What does Plaintiff allege is the manufacturing defect in her Paragard? It is currently unknown if Plaintiffs' specific lot was defectively manufactured. Plaintiff will supplement as discovery proceeds.

18. Plaintiff's demand for the relief sought if different than what is alleged in the Master Complaint: _____
_____

19. Jury Demand:

☒ Jury Trial is demanded as to all counts
☐ Jury Trial is NOT demanded as to any count

_____
Attorney(s) for Plaintiff
Erin Copeland

Address, phone number, email address and Bar information:

1150 Bissonnet Street, Houston, TX 77005

713-751-0025

ecopeland@fibichlaw.com

SBN# 24028167/Federal ID# 29219