# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LORETTA MILLER and EFFIE EURINE, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>YAHAJAMON COX, CRST )<br>EXPEDITED, INC., and ACE )<br>AMERICAN INSURANCE )<br>COMPANY, )<br>)<br>Defendants. )<br>) | CIVIL ACTION FILE NO.<br>_____<br><br>[On Removal from State Court of Gwinnett County, Civil Action No. 23-C-01643-S1]<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendants CRST Expedited, Inc. ("CRST") and ACE American Insurance Company ("ACE"), collectively "Defendants", hereby remove the above-captioned action, filed by Plaintiffs Loretta Miller and Effie Eurine ("Plaintiffs"), in the State Court of Gwinnett County, in the State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing the Court as follows:

## **GROUNDS FOR REMOVAL**

1. Plaintiffs commenced the action styled *Loretta Miller and Effie Eurine v. Yahajamon Cox, et al.,* Civil Action File No. 22-C-01643-S1, by filing a complaint in the State Court of Gwinnett County, in the State of Georgia, (the "State Court Action") on March 13, 2023. *See* Complaint for Damages ("Complaint"), attached as **Exhibit ["Ex."] A.**

2. Plaintiffs have filed suit in connection with a motor vehicle accident that occurred on Interstate Highway 75 Northbound in Henry County, Georgia on or about February 24, 2022. *See* **Ex. A** at ¶¶ 7-11. In the Complaint, Plaintiffs seek damages from Defendant Yahajamon Cox ("Mr. Cox") for his alleged negligence in operating a vehicle on behalf of CRST. *Id.* at ¶¶ 13-15. Plaintiffs also allege that CRST is liable under a *respondeat superior* theory. *Id.* at ¶¶ 17-19. Plaintiffs also assert that CRST is liable for negligently hiring Mr. Cox and negligently entrusting him with a vehicle. *Id.* at ¶¶ 21-24.

3. As set forth more fully below, the State Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of citizenship between Plaintiffs and Defendants, and the matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1441, 1446, and 1332.

4. Moreover, the United States District Court for the Northern District of Georgia, Atlanta Division, is the appropriate court for filing this Notice of Removal pursuant to 28 U.S.C. § 1446(a), as it is the district court for the district and division within which the State Court Action is pending.

5. At the time the Complaint was filed, Plaintiffs were domiciled in the State of Georgia, such that they are citizens of Georgia. *See* **Ex. A** at ¶ 1; *see Ennis v. Smith*, 55 U.S. 400, 423 (1852) ("Where a person lives, is taken prima facie to be his domicile, until other facts establish the contrary."); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

6. CRST is a foreign corporation with its principal place of business in Iowa. *See* **Ex. A** at ¶ 3; *see also* Georgia Corporations Division Printout – Corporation Entity Details for CRST, attached as **Ex. B.** CRST is therefore deemed a citizen of Iowa for purposes of 28 U.S.C. §§ 1441 and 1332. *See* 28 U.S.C. § 1332(c). CRST received service of the Complaint on March 17, 2023, as evidenced by the Affidavit of Service, attached as **Ex. C.**

7. At the time the Complaint was filed, Mr. Cox was domiciled in Mississippi such that he is a citizen of Mississippi. *See, e.g.,* **Ex. A** at ¶ 2; *Ennis*, 55 U.S. at 423; *McCormick*, 293 F.3d at 1257. Mr. Cox has not yet been properly

served. But the undersigned also serves as counsel for Mr. Cox, and he consents to this removal.

8. ACE is a foreign corporation with its principal place of business in Pennsylvania. *See* **Ex. A** at ¶ 4; *see also* Georgia Corporations Division Printout – Corporation Entity Details for ACE, attached as **Ex. D.** ACE is therefore deemed a citizen of Pennsylvania for purposes of 28 U.S.C. §§ 1441 and 1332. *See* 28 U.S.C. § 1332(c). ACE received service of the Complaint on March 15, 2023, as evidenced by the Affidavit of Service, attached as **Ex. E.** The undersigned also serves as counsel for ACE and ACE consents to this removal.

9. Based on the foregoing, pursuant to 28 U.S.C. § 1332, there exists complete diversity of citizenship between Plaintiffs and every Defendant. Should Plaintiffs properly serve Mr. Cox, complete diversity of citizenship between Plaintiffs and all Defendants will not be destroyed.

10. "The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." *See Gardner v. TBO Capital LLC*, 986 F. Supp. 2d 1324, 1331 (N.D. Ga. 2013) (quoting *Johnson v. Wellborn*, 418 F. App'x. 809, 815 (11th Cir. 2011)). Again, even though Mr. Cox has not yet been served, he consents to this removal.

11. As of the submission of this filing, no Defendants have filed an answer or responsive pleading to the Complaint in the State Court Action.

12. Given that this Notice of Removal is being filed within 30 days of service of the initial pleadings to CRST, it is timely pursuant to 28 U.S.C. § 1446(b).

13. Plaintiffs' Complaint alleges they suffered "significant" injuries and past and future medical expenses. *See* **Ex. A** at ¶¶ 31-32. Further, Plaintiffs submitted a pre-suit demand for $180,000.00. *See* 11/21/2022 Demand Letter, attached as **Ex. F**. "As a general matter, a settlement offer may constitute other paper from which it may first be ascertained that the case is one which is or has become removable." *Maisonneuve v. Quiktrip Corp.*, No. 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015) citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 & n. 62 (11th Cir. 2007) (acknowledging that district courts may consider settlement offers to determine if the amount in controversy exceeds $75,000). As such, it is apparent that the jurisdictional requirement for removal to this Court is satisfied. 28 U.S.C. § 1332(a).

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served on CRST and ACE are attached hereto. *See* **Ex. A.**

15. Pursuant to 28 U.S.C. § 1446(d), CRST will provide Plaintiffs with written notice of the filing of this Notice of Removal and file with the Clerk of the

State Court of Gwinnett County, in the State of Georgia, a copy of this Notice of Removal.  *See* Notice of Filing Notice of Removal, attached as **Ex. G.**

16. Based on the foregoing, and pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, the State Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of citizenship between Plaintiffs and Defendants and the matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs.

17. Further, CRST demands a jury trial on all the issues so triable.

18. The filing fee of $402.00 has been paid electronically into the registry of the United States District Court contemporaneously with the filing of this Notice.

WHEREFORE, CRST respectfully requests that the above captioned action, filed by Plaintiff in the State Court of Gwinnett County, in the State of Georgia, be REMOVED to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

Respectfully submitted and signed, pursuant to Fed. R. Civ. P. 11, on this 14th day of April, 2023, by:

- 7 -

        WEINBERG, WHEELER,
        HUDGINS, GUNN & DIAL, LLC

        */s/ Jason T. Vuchinich*
        Brannon J. Arnold
        Georgia Bar No. 218034
        Jason T. Vuchinich
        Georgia Bar No. 537503
        3344 Peachtree Rd, N.E., Suite 2400
        Atlanta, Georgia 30326
        404-876-2700
        barnold@wwhgd.com
        jvuchinich@wwhgd.com

        *Counsel for Yahajamon Cox, CRST Expedited, Inc., and ACE American Insurance Company*

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Jason T. Vuchinich*
Jason T. Vuchinich

- 9 -

## **CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing upon all counsel of record via the Court's electronic filing system, as follows:

Felicia N. Johnson
McKibben Johnson, LLC
2295 Parklake Drive NE, Suite 434
Atlanta, Georgia 30345
fjohnson@mckibbenjohnson.com

*Counsel for Plaintiffs*

This 14th day of April, 2023.

                                                   */s/ Jason T. Vuchinich*
                                                   Jason T. Vuchinich