# Exhibit A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01643-S1**
**3/13/2023 7:47 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| LORETTA MILLER and<br>  EFFIE EURINE | ) | |
| | ) | 23-C-01643-S1 |
| | ) | |
|   Plaintiffs, | ) | Civil Action File No. _____ |
| | ) | |
| vs | ) | |
| | ) | |
| YAHAJAMON COX, | ) | |
|   CRST EXPEDITED, INC., and | ) | **JURY TRIAL DEMANDED** |
|   ACE AMERICAN INSURANCE | ) | |
|   COMPANY, | ) | |
|     Defendants. | ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiffs, LORETTA MILLER and EFFIE EURINE, and files this Complaint and Demand for Trial by Jury against Defendants, respectfully alleging the following:

## PARTIES AND JURISDICTION

1.

Plaintiffs LORETTA MILLER and EFFIE EURINE reside at 413 Atlas Court, Locust Grove, GA 30248, and are subject to the jurisdiction of this court.

2.

Defendant YAHAJAMON COX (hereinafter referred to as "Defendant Cox") resides at 49 Robinson Road, Yazoo City, MS 39194, and may be served with a copy of the summons and complaint at this address.

3.

CRST EXPEDITED, INC., (hereinafter referred to as "Defendant CRST") is a FOREIGN corporation existing under the laws of Iowa with its principal place of business in Iowa and may be served through its registered agent Cogency Global Inc., at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076, and is subject to the jurisdiction of this court.

4.

ACE American Insurance Company (hereinafter referred to as "Defendant ACE") is a FOREIGN corporation existing under the laws of Pennsylvania with its principal place of

business in Pennsylvania and may be served through its registered agent CT Corporation System, at 289 S. Culver Street, Lawrenceville, GA 30046-4805, and is subject to the jurisdiction of this court.

5.

Jurisdiction and venue are proper in this court.

## **BACKGROUND**

6.

The Plaintiffs specifically re-assert and incorporate by reference each and every allegation contained in Paragraphs 1 through 5 above as is fully set forth herein.

7.

On or about February 24, 2022, Plaintiffs' vehicle was traveling on Interstate Highway 75 Northbound.

8.

Defendant Cox was also traveling on Interstate Highway 75 Northbound when he attempted to merge into Plaintiffs' lane of travel.

9.

On this date, Defendant Cox was operating his tractor-trailer on behalf of Defendant CRST.

10.

While traveling on Interstate 285 Northbound, Defendant Cox improperly changed lanes and struck the Plaintiffs' vehicle.

11.

As a result of the collision, Plaintiffs suffered severe and permanent injuries.

## **COUNT ONE:  NEGLIGENCE**

12.

The Plaintiffs specifically re-assert and incorporate by reference each and every allegation contained in Paragraphs 1 through 11 above as is fully set forth herein.

13.

Defendant Cox was negligent in failing to merge safely from his lane of travel.

14.

Defendant Cox was negligent in failing to maintain a proper lookout for Plaintiffs' vehicle and colliding with Plaintiffs' vehicle.

15.

Defendant Cox's negligence is the sole and proximate cause of the collision and Plaintiffs' resulting injuries.

## COUNT TWO:  IMPUTED LIABILITY

16.

The Plaintiffs specifically re-assert and incorporate by reference each and every allegation contained in Paragraphs 1 through 15 above as is fully set forth herein.

17.

At the time of the subject collision, Defendant Cox was under dispatch for Defendant CRST.

18.

At the time of the subject collision, Defendant Cox was operating his vehicle on behalf of Defendant CRST.

19.

Defendant CRST is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Cox in regard to the collision described in this complaint under the doctrine of lease liability, agency or apparent agency.

## COUNT THREE:  NEGLIGENT HIRING1 TRAINING & SUPERVISION

20.

The Plaintiffs specifically re-assert and incorporate by reference each and every allegation contained in Paragraphs 1 through 19 above as is fully set forth herein.

21.

Defendant CRST was negligent in hiring Defendant Cox and entrusting him to drive a tractor-trailer.

22.

Defendant CRST was negligent in failing to properly train Defendant Cox.

23.

Defendant CRST was negligent in failing to properly supervise Defendant Cox.

24.

Defendant CRST's negligence in hiring Defendant Cox and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision and Plaintiffs' resulting injuries.

## COUNT FOUR:  DIRECT ACTION

25.

The Plaintiffs specifically re-assert and incorporate by reference each and every allegation contained in Paragraphs 1 through 24 above as is fully set forth herein.

26.

Defendant ACE is subject to a direct action as the insurer for Defendant CRST pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

27.

Defendant ACE was the insurer of Defendant CRST at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

28.

Defendant ACE and Defendant CRST are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

29.

Defendant ACE is responsible for any judgment rendered against Defendant CRST and Defendant Cox, up to its policy limits of coverage.

## COUNT FIVE:  DAMAGES

30.

The Plaintiffs specifically re-assert and incorporate by reference each and every allegation contained in Paragraphs 1 through 29 above as is fully set forth herein.

31.

As a result of Defendants' negligence, Plaintiffs suffered significant injuries.

32.

As a result of Defendants' negligence, Plaintiffs have incurred past medical expenses and will continue to incur future medical expenses.

33.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

## COUNT SIX:  PUNITIVE DAMAGES

34.

The Plaintiffs specifically re-assert and incorporate by reference each and every allegation contained in Paragraphs 1 through 33 above as is fully set forth herein.

35.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiffs to an award of punitive damages.

## PRAYER FOR RELIEF

Plaintiffs state their intention and desire to bring each and every permissible, proper, and authorized claim for damages permissible under all Georgia laws.

WHEREFORE, the Plaintiffs respectfully pray and demand as follows:

A.   That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiffs' Complaint, First Interrogatories, First Request for Admissions, and First Request for Production of Documents;

B.   That service be had upon Defendants as provided by law;

C.   Plaintiffs be awarded all damages, including, but not limited to, all general, special, compensatory, economic, and other allowable damages, in accordance with the enlightened conscience of an impartial jury, from the Defendants, and as permitted under Georgia law;

D.     That Plaintiffs have a trial by a jury of twelve as to all issues; and,

E.     That Plaintiffs have such other and further relief as the Court may deem just

and proper.

Respectfully submitted,
MCKIBBEN JOHNSON, LLC

***/s/Felicia N. Johnson, Esq.***
Felicia N. Johnson

*Attorney for Plaintiffs*
Georgia Bar No. 495384

2295 Parklake Drive NE, Suite 434
Atlanta, GA 30345
Telephone: 770-854-0400
Email: fjohnson@mckibbenjohnson.com

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**23-C-01643-S**
**3/13/2023 7:47 PI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| LORETTA MILLER and<br>EFFIE EURINE | ) <br>) <br>) | 23-C-01643-S1 |
| Plaintiffs, | ) <br>) | Civil Action File No. _____ |
| vs | ) <br>) | |
| YAHAJAMON COX,<br>CRST EXPEDITED, INC., and<br>ACE AMERICAN INSURANCE<br>COMPANY,<br>Defendants. | ) <br>) <br>) <br>) <br>) <br>) | |

## PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANT CRST EXPEDITED, INC.

**To: Defendant CRST Expedited, Inc.**
**c/o Cogency Global Inc.**
**900 Old Roswell Lakes Parkway**
**Suite 310**
**Roswell, GA 30076**

COMES NOW Plaintiffs LORETTA MILLER and EFFIE EURINE and serves their first continuing Interrogatories to Defendant CRST Expedited, Inc. You are required to answer these interrogatories in the fashion and within the time provided by O.C.G.A. §§ 9-11-26 and 9-11-33, and to serve your responses upon McKibben Johnson, LLC, 2295 Parklake Drive NE, Suite 434, Atlanta, GA 30345. These interrogatories shall be continuing in nature; if further or additional information bearing upon any interrogatory or subpart comes to your knowledge at any time following service of your response, you shall supplement said responses in accordance with O.C.G.A. § 9-11-26(e).

These interrogatories are made subject to and are deemed to include and incorporate the

following Instructions and Definitions.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

A. These interrogatories shall be deemed continuing to the extent permitted by
O.C.G.A. § 9-11-26, et seq., so as to require Defendant to serve upon all parties supplemental
answers if Defendant or defense attorneys obtain further information between the time the
answers are served and the time of trial.

B. "Document," whether singular or plural, means documents and other tangible things
defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include
without limitation originals or, if such are not available, true copies, including copies of
documents, videotapes, computer data, electronic messages/mail, and sound material.

C. "Person" means any natural person, corporation, partnership, association,
governmental entity, agency, group, organization, etc.

D. "Identify" with respect to any "person" or any reference to stating the "identity" of
any "person" means to provide the name, home address, telephone number, business name,
business address, and business telephone number of such person, and a description of each
such person's connection with the events in question.

E. "Identify" with respect to any "document" or any reference to stating the
"identification" of any "document" means to provide the title and date of each such document,
the name and address of the party or parties responsible for the preparation of each such
document, the name and address of the party who requested or required the preparation of the
document or on whose behalf it was prepared, the name and address of the recipient or

recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

F. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insurers, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

G. You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## INTERROGATORIES

### 1.

Please provide the full name, home address, home phone number, office phone number, and place of employment for each and every person, firm or entity who answered or assisted in answering these interrogatories.

### 2.

Does any <u>primary</u> insurance agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may

be entered in favor of the Plaintiffs in this action?

(a)   If such an insurance agreement or bond does exist, what are the limits of liability contained in the terms of any such agreement?

(b)   If such an insurance agreement or bond does exist, what are the legal names of each and every party to the agreement itself and to any further or subordinate agreement which in any way relates to the terms of any such agreement?

(c)   What is the amount of any deductible or self-insured retention?

3.

Does any <u>excess</u> insurance, bond or reinsurance agreement exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiffs in this action?

(a) If such an insurance agreement, bond or reinsurance agreement does exist, what are the limits of liability contained in the terms of any such agreement?

(b) If such an insurance agreement, bond or reinsurance agreement does exist, what are the legal names of each and every party to the agreement itself and to any further or subordinate agreement which in any way relates to the terms of any such agreement?

(c) What is the amount of any deductible, minimal underlying limits, or self-insured retention?

**PEOPLE**

4.

Please provide the name and title of officer, agent, servant or employee of

Defendant most knowledgeable about and responsible for each of the following:

a) Discovery responses;

b) Document retention;

c) Personnel/driver qualification files;

d) Driver training;

e) Loss prevention & risk management;

f) Dispatching;

g) Compliance with FMCSR;

h) Fleet maintenance;

i) Accident/wreck investigations;

j) Driver discipline/termination;

k) Driver log acquisition and verification;

l) Driver hours of service verification;

5.

Please provide the name, address and telephone number of drivers who now live in Georgia.

6.

Please provide the name, address and telephone number of drivers who have been terminated within the last 5 years.

7.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information and belief:

(a) Were eyewitnesses to the incident giving rise to this lawsuit;

(b) Have relevant knowledge concerning any of the events giving rise to, or concerning, this lawsuit or any issue of liability or damages in this lawsuit, which were not identified in sub-part (a) above.

8.

If anyone on behalf of Defendant went to the collision scene please answer the following:

(a) Who, on behalf of Defendant, photographed or video graphed the scene, vehicles or both?

(b) Who, on behalf of Defendant, measured the collision scene?

9.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, surveillance material, including but not limited to photographs, videotapes, and reports relating to such surveillance, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

10.

Who, on behalf of Defendant, investigated the wreck?

11.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion.

12.

Was an accident report made to USDOT? If so, who made it and when?

## DEFENDANT'S VEHICLE INVOLVED IN WRECK

### 13.

What was the weight, length, width and height of the tractor involved in the wreck?

### 14.

Did the tractor/trailer have black box (ECM/DDEC/Etc.)? Please provide details.

### 15.

Did the tractor trailer have satellite tracking/communications system (Qualcomm) onboard? Please provide details.

### 16.

Please provide information regarding the last maintenance on vehicle; what was performed, where it was performed, and when.

### 17.

With respect to the 2015 Tractor Trailer (VIN # 3AKJGLD59GSGU5469) involved in the collision in question, state the following:

    (a)  The make, model and type of all brakes located on the rig;

    (b)  The make and model of the governor on the tractor (if any);

    (c)  The owner of the tractor.

### 18.

Did any mechanical defect in the tractor and/or trailer that was driven by Yahajamon Cox at the time of this incident contribute to the occurrence of said collision? If so, what was the nature of each such defect?

19.

Please state whether the tractor and/or trailer driven by Yahajamon Cox at the time of this incident underwent any repairs, testing, or analysis <u>prior</u> to or <u>subsequent</u> to said collision. If so, please specify the nature of all such repairs, testing, and analysis including where all such actions were undertaken, and by whom, as well as the date of all such actions.

## DEFENDANT'S DRIVER INVOLVED IN WRECK

20.

What is the driver's employment history with the company?

(a) Date of hire;

(b) Nature and character of the employment;

(c) Date of termination (if applicable);

(d) Reason for termination (if applicable).

21.

Please list driver's discipline record with Defendant.

22.

Did the driver keep logs and vehicle inspections? Who has these now?

23.

Please state whether Defendant Yahajamon Cox (hereinafter "Defendant Cox") was employed by CRST EXPEDITED, INC. on February 24, 2022. If not, set forth the relationship between Defendant Cox and CRST EXPEDITED, INC. on February 24, 2022. If any documents exist which embody the relationship, please identify all such documents with specificity.

24.

Please identify each and every document contained in the personnel file of Defendant Cox by CRST EXPEDITED, INC.

25.

Please state whether CRST EXPEDITED, INC. investigated the driving records of Defendant Cox prior to entrusting any vehicle to him. If so, please state the following:

(a)  The nature of the investigation;

(b)  The manner in which the investigation was conducted;

(c)  Any and all documents reflecting such investigations.

(d)  Identity of any person(s) involved in such investigation.

26.

If any disciplinary proceeding, or reprimand of any type, was initiated against Defendant Cox as a result of the February 24, 2022 automobile collision, please state the following:

(a)  The manner of such disciplinary action(s);

(b)  Identify all documents reflecting such disciplinary action(s);

(c)  The result of such disciplinary action(s).

27.

Describe in detail the methods you use to monitor and supervise the job performance of Defendant Cox, including the names, addresses, and telephone numbers of all persons charged with monitoring his performance.

## CRST EXPEDITED, INC.

### 28.

What is the number of tractors/trailers in fleet?

### 29.

How many drivers are employed by the company?

### 30.

How are logs audited (manually or electronic) and how many log auditors are employed by the company?

### 31.

What computer software systems are used for payroll, maintenance, driver qualifications, and compliance with FMCSR?

### 32.

What is the company policy on driver discipline for violation of FMCSR?

### 33.

What is the frequency and content of safety meetings?

### 34.

What is the written policy on fleet repair and maintenance? Please provide the name of someone who has a copy.

### 35.

What is the written policy on internal investigation and review of a wreck? Please provide the name of someone who has a copy.

### 36.

Has Defendant ever received an unsatisfactory safety rating by FMCSA? If so, when

and why?

37.

How much was budgeted in each of the last 5 years for fleet maintenance, safety training, advertisement for drivers, and driver training?

38.

If the Defendant has ever been a party to a lawsuit of any type concerning the conduct of Defendant Cox, please identify the person(s) involved, give the style and number of the case, the nature of the litigation, the role you played (plaintiff or defendant), and the results or outcome of said litigation.

39.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving such statement, the name and address of the person or entity asking for the statement, the date each statement was taken, and the name and address of each person who has possession, custody or control of each statement.

40.

Please identify, with reasonable particularity, all books, documents and other tangible items which support your defenses or contentions that have not already been identified, or which are otherwise relevant to the issues in this lawsuit, and give the name and address of the person(s) having possession, custody or control.

## OTHER SIMILAR CASES/CLAIMS

41.

Please provide the name, address, and telephone number of personal injury claimant for personal injury where no suit was brought against Defendant within last 5 years. What was the outcome of each?

42.

Please provide the name and address of all Plaintiffs and Plaintiffs' attorneys in personal injury suits brought against Defendant within the last 5 years, including the Caption (state, court and case number) of each case.

43.

Please provide the name and address of the log auditor(s) and dispatcher(s):

(a) on the day of wreck

(b) employed by Defendant within last 5 years.

44.

Does the defendant have in its possession or under its control any medical reports, communications, or written material not heretofore disclosed relating to the Plaintiffs medical condition prior to the accident involved in this case? If so, identify the nature of each record, communication and written information, its author or writer, and the date thereof.

45.

If you have raised any affirmative defenses in your Answer to the Complaint, state the factual and/or legal basis for each defense, while noting the requirement in Rule 3.1(b) of the Georgia Rules of Professional Conduct, which provides that a lawyer

shall not knowingly advance a defense that it unwarranted under existing law or that

cannot be supported by a good faith argument.

Respectfully submitted,
**MCKIBBEN JOHNSON, LLC**

_/s/Felicia N. Johnson, Esq._
Felicia N. Johnson

_Attorney for Plaintiffs_
Georgia Bar No. 495384

2295 Parklake Drive NE, Suite 434
Atlanta, GA 30345
Telephone: 770-854-0400
Email: fjohnson@mckibbenjohnson.com

CLERK OF STATE COU
GWINNETT COUNTY, GEOR(
**23-C-01643-$**
3/13/2023 7:47 P
TIANA P. GARNER, CLEI

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

LORETTA MILLER and  )
EFFIE EURINE          )
                      )
    Plaintiffs,      )     Civil Action File No. _____23-C-01643-S1_____
                      )
vs                    )
                      )
YAHAJAMON COX,        )
  CRST EXPEDITED, INC., and  )
  ACE AMERICAN INSURANCE  )
COMPANY,              )
    Defendants.      )

---

### PLAINTIFFS' FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRST EXPEDITED, INC.

**To:  Defendant CRST Expedited, Inc.**
**c/o Cogency Global Inc.**
**900 Old Roswell Lakes Parkway**
**Suite 310**
**Roswell, GA 30076**

Pursuant to O.C.G.A. § 9-11-34, plaintiff requests within the time and in the form provided by law, that defendant produce at the offices of McKibben Johnson, LLC, 2295 Parklake Drive NE, Suite 434, Atlanta, GA, 30345, the things and documents hereinafter described at 10:00 o'clock a.m. on a date Forty-Five (45) days after service of these Request for Production of Documents upon the defendant, and at the time of any trial, hearing or continuance thereof. The party upon whom the Request for Production of Documents has been served shall serve a copy of the answers and objections, if any, within the above described time limits. The following described documents are to be inspected and/or copied by said plaintiff. Defendant may comply herewith by mailing copies of the documents

requested to the office of McKibben Johnson. In support of this Request to Produce, it is shown that the documents and/or materials herein requested are believed to be in the possession, custody or control of the party to whom this request is directed. The information sought by this request is relevant to the subject matter of this action and cannot otherwise be obtained without undue hardship. In the event that all or part of the documents and/or materials requested are not in the possession or control of the addressee, the undersigned counsel further requests the identity and location of all persons having such possession and control. This request is made in good faith and for the purposes stated herein.

These Requests are continuing in nature and, if at any time after the above-named defendant has produced the requested document or otherwise responded hereto, further documents (called for in these Requests not previously produced) come into said Defendant's possession and control, then you are requested to respond further and to produce said documents at the aforesaid location but in no event later than the date of trial.

## DEFINITIONS AND INSTRUCTIONS

As used herein, the term "documents" includes every record of every type, including without limitation, any written, printed, typed, recorded or graphic matter however produced or reproduced, or any writings, statements, reports, photographs, diagrams, charts, papers, illustrations, or memoranda in the possession, custody or control of Defendant or any agent, employee, or attorney for Defendant and all drafts, notes or preparatory material concerned with said documents where such copy contains any commentary, notation, or other change whatsoever that does not appear on the original or other copy of the document produced. The term "documents" shall also include any summary of a document or documents called for hereinafter.

As used herein, the terms "Defendant," "Defendants," "you," or "your" and any

synonym thereof and derivative therefrom are intended to, and shall embrace and include the above-named Defendant, and in addition, counsel for Defendant and all its respective agents, servants, associates, employees, representatives, private investigators, and others who are or have been in possession of or may have obtained information for or on behalf of the Defendant in any manner with respect to any matter referred to in the Complaint in the above-styled case.

## **DOCUMENTS TO BE PRODUCED**

### COLLISION

1.

Make /model/year of tractor/trailer involved in collision.

2.

Any document, photograph, movies, video tapes taken by you or any Defendant of this wreck scene or which in any way are related to this wreck which gave rise to the Complaint or damages to Plaintiffs.

3.

Any and all photographs that you or any Defendant has of the vehicles involved in this collision, before or after the collision.

4.

Copies of any measurements of scene.

5.

Copies of any statements by interviewed witnesses.

6.

Copies of any investigation of the collision.

7.

Copies of any reconstruction of collision.

8.

Copies of any interview with driver.

9.

Copy of the collision report sent to USDOT.

10.

Any and all documents of any damage appraisal or estimate made on any motor vehicles involved in this collision which gave rise to the Complaint.

C.R. ENGLAND, INC.

11.

Copies of budget for last five (5) years for safety training, driver training, fleet maintenance, advertisement for drivers, compliance with FMCSR, and dispatching.

12.

Copies of data retention and back-up policies on all computer systems.

13.

Copies of company policy on driver discipline for violation of FMCSR.

14.

Copy of written policy on fleet repair and maintenance.

15.

Copy of written policy on internal investigation and review of collisions.

16.

Copies of reportable collisions and safety rating of defendant as given/assigned by

the FMSCR for last 10 years.

17.

Copies of any unsatisfactory safety rating by FMSCR.

18.

Copies of all liability insurance policies (including coverage pages) of the

Defendant applicable to this collision.

19.

Copies of any and all data printouts, documents, charts, graphs or like material

in possession of the Defendant that was downloaded from any data gathering device

(electronic control module) on Defendant's tractor at the time of this collision along

with manuals/instructions on how to interpret the information.

20.

Copies of all maintenance records on the Defendant's tractor involved in this

collision for the last five (5) years.

21.

All documents or written material of every nature within possession and/or control

of the Defendant which contain information as to all drivers who have driven the tractor

involved in this case in the last five (5) years.

22.

The parts and service manual for the tractor involved in the incident that is the subject

of this litigation.

23.

All vehicle condition reports and repair orders on the tractor involved in the collision which is the subject of this action for the last 5 years before the collision.

24.

All documents within the possession and/or control of the Defendant which contain information as to any collision involving the Defendant allegedly caused by mechanical failure of a tractor trailer.

25.

All documents within the possession and/or control of the Defendant which contain information of any on-board recording monitor, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck for the 30 days before the collision through the date of the collision.

26.

Copies of all files, data, documents, etc., related to any personal injury claimant where no suit was brought against the Defendant within the last five (5) years.

27.

Copies of all personal injury suits brought against defendant within the last five (5) years.

28.

Caption (state/court/case number) of any personal injury lawsuit brought against Defendant with last five (5) years.

29.

Name/address of all Plaintiffs' attorneys in personal injury lawsuits brought against the Defendant within the last five (5) years.

## ONBOARD SATELLITE TRACKING DEVICE

30.

Copies of any and all data, printouts, documents, charts, graphs, or like material which in any way shows, demonstrates, catalogs, defines and/or alludes to any information from any satellite tracking device (e.g. QUALCOMM) located on the Defendants tractor involved in this collision for the last year specifically including but not limited to the following:

   a.  Vehicle position histories/data

   b.  Driver contact/check calls

   c.  Messages to/from driver

   d.  Vehicle maintenance data/messages

   e.  Load information

   f.  Location histories

## FMSCR

31.

Any "out of service" stickers ever issued to the Defendant from any governmental or regulatory agency if the United States or any state.

32.

A copy of the periodic inspection report as required by 49 C.F.R. & 396.21.

33.

All safety management controls (as defined by C.F.R. & 385.3) which the Defendant had in effect during 2021 and 2022.

34.

All safety ratings (as defined by 49 C.F.R. Section 385.11) issued to the Defendant by any state or federal agency for the last 5 years.

35.

All notifications of Safety Ratings (as referenced in 49 C.F.R. Section 385.11) provided to defendant by any state or federal governmental agency for the last five (5) years.

36.

All requests submitted by the Defendant for a change in safety rating pursuant to 49 C.F.R. Section 385.17 for the last five (5) years.

37.

Any and all records required to be kept pursuant to 49 C.F.R. Section 396.3, for the tractor operated by the defendant's driver at the time of the collision.

38.

Copies of all documents, records, or written materials of every nature within the possession or control of the Defendant which contain information concerning any driver being fined, penalized, or assessed any amount of money for drivers' logs which do not comply with the Federal Motor Carrier Safety Regulations.

39.

Copies of all DOT inspections and citations in possession or control of the Defendant

where it was found that driver's logs did not comply with the FMCSR within the last 5 years.

40.

Copies of all USDOT registers (history or collisions required to be kept by FMSCR) of the Defendant for the last five (5) years (section 390.15(b) FMSCR).

41.

Provide all documents in possession or control of the defendant regarding collision frequency of its drivers.

MISCELLANEOUS

42.

All internal audits, safety audits, reports of safety audits or reviews of Defendants including those prepared by or for insurance companies for the last five (5) years.

43.

All correspondence between defendant and its insurance carriers concerning safety reports, reviews or audits or safety ratings for the last five (5) years.

44.

The claims log and/or collision log pages from the date of the collision.

45.

List of names, addresses, and telephone numbers of other Defendant drivers who have been terminated within the last five (5) years.

46.

All documents or written material of every nature within possession and/or control of the defendant which contains information as to all drivers who have driven the tractor involved in this case in the last five (5) years.

47.

A copy of the "accord" statement you filed with any insurance carrier to advise them of the wreck described in the Complaint, any claim for property damage, or for any other claims involved herein.

48.

Any and all personnel, DOT, training, human resource, risk management, safety and all other files concerning the driver Yahajamon Cox.

49.

Copies of all MVR's reflecting the driver's (Yahajamon Cox's) past driving record.

50.

Copies of any and all daily vehicle inspection reports concerning the subject tractor and trailer involved in the wreck for the 60 days prior to the wreck, through and including the 10 days after the wreck.

51.

Copies of the title and latest tag receipt for the vehicle involved in the present collision.

52.

Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory agency pertaining to this wreck.

53.

Copies of any documents or writings which you contend support any contention

that this wreck was the fault of any other person or entity.

54.

A copy of all documents showing your authority to operate your trucks through the State of Georgia (such as an I.C.C. permit or Certificate of Public Necessity and Convenience) and your permit to operate pursuant to the Interstate Commerce Commission rules.

55.

Any and all documents showing the financial condition of any Defendant for the tax years 2018 through the time of trial of this case. This includes, but is not limited to the annual federal and state income tax returns and any documents showing the annual incomes, annual budgets, the net worth, balance sheet showing the specific assets and liabilities, and income statements for each Defendant for each calendar year of 2018 through and including the year of the trial of this case.

Respectfully submitted,
**MCKIBBEN JOHNSON, LLC**

*/s/Felicia N. Johnson, Esq.*
Felicia N. Johnson

*Attorney for Plaintiffs*
Georgia Bar No. 495384

2295 Parklake Drive NE, Suite 434
Atlanta, GA 30345
Telephone: 770-854-0400
Email: fjohnson@mckibbenjohnson.com

CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**23-C-01643-S**
3/13/2023 7:47 PI
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| LORETTA MILLER and<br>EFFIE EURINE | ) | |
| | ) | |
| | ) | 23-C-01643-S1 |
| Plaintiffs, | ) | Civil Action File No. _____ |
| | ) | |
| vs | ) | |
| | ) | |
| YAHAJAMON COX, | ) | |
| CRST EXPEDITED, INC., and | ) | |
| ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |

### PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANT YAHAJAMON COX

**To: Defendant Yahajamon Cox**
**49 Robinson Road**
**Yazoo City, MS 39194**

COMES NOW Plaintiffs LORETTA MILLER and EFFIE EURINE and serves their

first continuing Interrogatories to Defendant Yahajamon Cox. You are required to answer

these interrogatories in the fashion and within the time provided by O.C.G.A. §§ 9-11-26 and

9-11-33, and to serve your responses upon McKibben Johnson, LLC, 2295 Parklake Drive

NE, Suite 434, Atlanta, GA 30345. These interrogatories shall be continuing in nature; if

further or additional information bearing upon any interrogatory or subpart comes to your

knowledge at any time following service of your response, you shall supplement said

responses in accordance with O.C.G.A. § 9-11-26(e).

These interrogatories are made subject to and are deemed to include and incorporate the

following Instructions and Definitions.

## DEFINITIONS AND INSTRUCTIONS

A. These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., so as to require Defendant to serve upon all parties supplemental answers if Defendant or defense attorneys obtain further information between the time the answers are served and the time of trial.

B. "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, electronic messages/mail, and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

E. "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or

recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

F. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insurers, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

G. You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## **INTERROGATORIES**

1.

Please provide the full name, home address, home phone number, office phone number, and place of employment for each and every person, firm, or entity who answered or assisted in answering these interrogatories.

2.

Please state the name and address of all persons/companies on whose behalf you have been employed to drive a vehicle during the past 10 years and state the dates of employment at

those companies.

3.

State the name and address of every person having an ownership and/or leasehold interest in the vehicle you were driving at the time of the present collision.

4.

If you have had one or more valid operator's license(s) in the last 15 years, state the jurisdiction in which each license was issued, the date the license was to expire, the type and class of license, the restrictions, if any, which were imposed on the license and, the license number.

5.

State your complete driving record for collisions and/or motor vehicle violations for the past 10 years.

6.

Identify as defined herein, any documents which evidence or show compliance or non-compliance with Title 49, Parts 40, 325, 382, 386, 387,3 90, 391 through 393, 395 through 397, and 399 of the Code of Federal Regulations between the time period of January 1, 2021 through January 1, 2023.

7.

Identify, as defined herein, the custodian and present whereabouts of any documents identified in Interrogatory Number 6.

8.

If your license to operate a motor vehicle has ever been revoked or suspended, state by whom it was revoked or suspended, where, why and when it was revoked or suspended.

9.

Describe in detail and as defined herein all of your driving activities for the 7 days preceding the collision. If you claim that you slept away from home and/or spent any money, detail these activities with names, addresses, times, etc.

10.

State the place or geographical point, date and time of the departure of the vehicle owned or operated by you on the trip during which the collision made the basis of this lawsuit occurred.

11.

State the destination of said motor vehicle owned or operated by you on the trip on which the occurrence made the basis of this lawsuit occurred together with each stop along the way and state your scheduled time of arrival at the intended final destination.

12.

If you had any physical or mental disability at the time of the collision made the basis of this action, state with particularity the specific nature thereof.

13.

If you consumed any alcoholic beverages within the twenty-four (24) hour period prior to the collision, state the name and address of each bar, tavern or other place where each alcoholic beverage was consumed, the quantity and type of each alcoholic beverage consumed at each bar, tavern or other place, the time that each alcoholic beverage was consumed at each bar, tavern or other place, the name and present or last known address of all persons who were in your presence at the time each alcoholic beverage was consumed at each bar, tavern or other place, and a statement of the exact manner of payment for each

alcoholic beverage.

14.

If you consumed any prescription or non-prescription drug within the twenty-four (24) hour period prior to the collision, state the type of drug consumed, the quantity of each such drug, the name of the doctor prescribing each such drug, if applicable.

15.

Please state whether you have ever been accused or convicted of any felony or misdemeanor offense, including county and municipal ordinances, and, if so, give complete details, including date, county, and state.

16.

If you or anyone acting on your behalf obtained statements **in any form** from any person, including the Plaintiffs, state with respect to *each* such statement the name and address of the person(s) to whom such statement was made, the date the statement was made, the form of the statement, if the statement was written, whether it was signed, and the names and addresses of all persons presently having custody of the statement.

17.

State the name, address, occupational title, and present whereabouts of each person whom you expect to call as an expert witness at the trial of this case, and with respect thereto, state the following:

(a)     The subject matter on which the expert is expected to testify;

(b)     The substance of the facts and opinions to which the expert is expected to testify;

(c)     A summary of the grounds for each opinion to which the expert is expected

to testify; and

(d)   Whether any reports or other written materials or letters have been generated by such expert for this case.

18.

Only if you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state:

(a)   each and every fact upon which you rely in asserting such defense;

(b)   provide a complete description of all documents which you contend support the assertions of the said defense;

(c)   the name and address of all persons having custody and control of the documents described in (b) above; and

(d)   please provide the full and complete legal addresses of this Defendant's registered office and agent.

19.

If you contend that any person, firm, or entity caused or contributed to the injuries to Plaintiffs, identify as defined herein and by name, address, job title, and employer all such persons, firms or entities and state the reasons for your contentions.

20.

Please explain the nature of the employment relationship between you and CRST Expedited, Inc. on the day of the wreck (lease operator, company driver, temporary driver, owner-operator, etc.) and include the date the relationship began, the date it terminated, and, if applicable, the person from your company involved in any such termination.

21.

Please state your complete name, your present home address, your social security number, your date of birth, your driver's license numbers and the names of the states issuing said licenses, and your mode of compensation.

22.

Were any tests (blood, urine, or other bodily substance) performed on you, pursuant to state or federal regulation or your employer's safety policies, at any time during the period commencing 45 days prior to the wreck through and including 45 days after the wreck? If so, please state the name, address, and phone number of the persons, firms, or entities who administered said test and all such persons, firms, or entities who are in possession of a copy of the results of said tests.

23.

Describe all safety training you have ever received with regard to driving trucks. Please include the date, location and sponsor of all training.

24.

Describe in detail any and all training you have ever received with regard to driving the type and size vehicle you were operating at the time of the collision, and with regard to safety, please include the date, location and sponsor of all training.

25.

Describe in detail where and when you complied with the provisions of 49 C.F.R. §383.23 (a) (1) and (2) with regard to tests and licenses;

26.

Describe in detail all inspections you performed on the vehicle involved in the

collision prior to your operation on the day of the collision.

### 27.

If you contend that a mechanical failure contributed to or caused the collision that is the subject of this lawsuit, state with specificity what mechanical failure you contend caused the collision.

### 28.

Prior to this collision, did you personally take the vehicle involved in this collision to any mechanical shop for repairs or maintenance; If so, please state:

(a) The name of the any maintenance facility

(b) Address of Maintenance facility

(c) Phone number of maintenance facility

(d) Name of the individual or individuals that actually completed repairs on the vehicle involved in the collision.

### 29.

State your employment history with CRST Expedited, Inc.

(a)     Date of Hire;

(b)     Nature and Character of employment and duties;

(c)     Date of termination (if applicable)

(d)     Reason for termination (if applicable)

### 30.

Prior to February 24, 2022 were you ever involved in a motor vehicle collision while employed by CRST Expedited, Inc.? If so, please state the following:

(a)     The date of such prior collision;

(b)     The Parties involved in such prior collision;

(c)     The location of such prior collision.

31.

Describe in detail each act or omission on the part of Plaintiffs Loretta Miller and

Effie Eurine you contend constituted negligence that was a contributing legal cause of the

collision in question.

32.

Were you charged with any violation of law (federal, state or administrative)

arising out of the incident referred to in the instant Complaint? If so:

(a)  What plea was entered for each charge?

(b)  What court was the charge heard in?

(c)  What was the nature of the charge?

(d)  Was the testimony at any proceeding involving the charge recorded in any
manner?

(e)  If so, what is the name and address of the person who recorded the testimony?

33.

Describe in detail how the collision occurred, including all actions taken by

you to prevent the collision.

34.

Were you equipped with any type of cellular phone? If so, provide the name

of the service provider as well as the telephone number(s) assigned to your phone(s).

35.

If you have raised any affirmative defenses in your Answer to the Complaint, state the factual and/or legal basis for each defense, while noting the requirement in Rule 3.1(b) of the Georgia Rules of Professional Conduct, which provides that a lawyer shall not knowingly advance a defense that it unwarranted under existing law or that cannot be supported by a good faith argument.

36.

Does the defendant have in its possession or under its control any medical reports, communications, or written material not heretofore disclosed relating to the Plaintiffs' medical condition prior to the accident involved in this case? If so, identify the nature of each record, communication and written information, its author or writer, and the date thereof.

Respectfully submitted,
**MCKIBBEN JOHNSON, LLC**


_/s/Felicia N. Johnson, Esq._
Felicia N. Johnson

_Attorney for Plaintiffs_
Georgia Bar No. 495384

2295 Parklake Drive NE, Suite 434
Atlanta, GA 30345
Telephone: 770-854-0400
Email: fjohnson@mckibbenjohnson.com

CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**23-C-01643-S**
**3/13/2023 7:47 PI**
TIANA P. GARNER, CLER

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| LORETTA MILLER and | ) | |
| EFFIE EURINE | ) | 23-C-01643-S1 |
| | ) | |
| Plaintiffs, | ) | Civil Action File No. _____ |
| | ) | |
| vs | ) | |
| | ) | |
| YAHAJAMON COX, | ) | |
| CRST EXPEDITED, INC., and | ) | |
| ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT YAHAJAMON COX.

**To: Defendant Yahajamon Cox**
**49 Robinson Road**
**Yazoo City, MS 39194**

Pursuant to O.C.G.A. § 9-11-34, plaintiff requests within the time and in the form provided by law, that defendant produce at the offices of McKibben Johnson, LLC, 2295 Parklake Drive NE, Suite 434, Atlanta, GA, 30345, the things and documents hereinafter described at 10:00 o'clock a.m. on a date Forty-Five (45) days after service of these Request for Production of Documents upon the defendant, and at the time of any trial, hearing or continuance thereof. The party upon whom the Request for Production of Documents has been served shall serve a copy of the answers and objections, if any, within the above described time limits. The following described documents are to be inspected and/or copied by said plaintiff. Defendant may comply herewith by mailing copies of the documents requested to the office of McKibben Johnson. In support of this Request to Produce, it is

shown that the documents and/or materials herein requested are believed to be in the possession, custody or control of the party to whom this request is directed. The information sought by this request is relevant to the subject matter of this action and cannot otherwise be obtained without undue hardship. In the event that all or part of the documents and/or materials requested are not in the possession or control of the addressee, the undersigned counsel further requests the identity and location of all persons having such possession and control. This request is made in good faith and for the purposes stated herein.

These Requests are continuing in nature and, if at any time after the above-named defendant has produced the requested document or otherwise responded hereto, further documents (called for in these Requests not previously produced) come into said Defendant's possession and control, then you are requested to respond further and to produce said documents at the aforesaid location but in no event later than the date of trial.

## DEFINITIONS AND INSTRUCTIONS

As used herein, the term "documents" includes every record of every type, including without limitation, any written, printed, typed, recorded or graphic matter however produced or reproduced, or any writings, statements, reports, photographs, diagrams, charts, papers, illustrations, or memoranda in the possession, custody or control of Defendant or any agent, employee, or attorney for Defendant and all drafts, notes or preparatory material concerned with said documents where such copy contains any commentary, notation, or other change whatsoever that does not appear on the original or other copy of the document produced. The term "documents" shall also include any summary of a document or documents called for hereinafter.

As used herein, the terms "Defendant," "Defendants," "you," or "your" and any

synonym thereof and derivative therefrom are intended to, and shall embrace and include the above-named Defendant, and in addition, counsel for Defendant and all its respective agents, servants, associates, employees, representatives, private investigators, and others who are or have been in possession of or may have obtained information for or on behalf of the Defendant in any manner with respect to any matter referred to in the Complaint in the above-styled case.

## **DOCUMENTS TO BE PRODUCED**

The documents and things requested to be produced are the following:

1.

Your Driver's license(s).

2.

The title to the motor vehicle involved in this wreck.

3.

Any and all photographs that you or any Defendant has of the vehicles involved in this wreck, before or after, this wreck.

4.

Any document, photograph, movies, video tapes taken by you or any Defendant of this wreck scene or which in any way are related to this wreck which gave rise to the Complaint for damages to Plaintiffs.

5.

Documents on the pre-run and post-run check list procedures for any Defendant in force now and at the time of this wreck that is the subject matter of this Complaint.

This includes vehicle inspection procedures and walk around sequence for trailers.

6.

Documents on any and all employee handbooks for drivers made available or distributed by any Defendant to any driver that are in effect now and that were in effect at the time of this wreck.

7.

Any and all documents, reports, forms, logs, records required or recommended to be maintained by the Georgia Public Service Commission, the Interstate Commerce Commission, Georgia Department of Transportation, United States Department of Transportation, Federal Highway Safety Administration, Federal Motor Carrier Safety Regulations, and the American Trucking Association, for the time period of January 1, 2012 to the time of this trial of this Complaint.

8.

Any and all documents relating in any way to any driver training that you have received for the time period of January 1, 2012 to the time of this trial of this Complaint.

Respectfully submitted,
**MCKIBBEN JOHNSON, LLC**


*/s/Felicia N. Johnson, Esq.*
Felicia N. Johnson

*Attorney for Plaintiffs*
Georgia Bar No. 495384

2295 Parklake Drive NE, Suite 434
Atlanta, GA 30345
Telephone: 770-854-0400

Email: fjohnson@mckibbenjohnson.com

EFILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**23-C-01643-S**
3/13/2023 7:47 PI
TIANA P. GARNER, CLER

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| LORETTA MILLER and | ) | |
| EFFIE EURINE | ) | |
| | ) | 23-C-01643-S1 |
| Plaintiffs, | ) | Civil Action File No. _____ |
| | ) | |
| vs | ) | |
| | ) | |
| YAHAJAMON COX, | ) | |
| CRST EXPEDITED, INC., and | ) | |
| ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |

## <u>PLAINTIFFS' REQUEST FOR ADMISSIONS AS TO ALL DEFENDANTS</u>

NOW COMES Plaintiffs, Loretta Miller and Effie Eurine, and requests pursuant to O.C.G.A. § 9-11-36(a) that all Defendants ("Defendants") admit the matters set forth below, or deny same in writing, within Forty-Five (45) days from the date of service hereof.

You are hereby notified, pursuant to Rule 37(c) of the Georgia Civil Practice Act, O.C.G.A. § 9-11-37(c), that if you fail to admit the truth of any matter or the genuineness of any document as requested under Rule 36 of the Georgia Civil Practice Act, O.C.G.A. § 9-11-36, and if Plaintiff thereafter proves the truth of any matter or the genuineness of any such document, Plaintiff will apply to the Court for an order requiring Defendants to pay Plaintiff the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

All of the following requests refer to the time and place of this wreck.

## REQUESTS

Defendants are requested to admit that:

1.

The parties to this action are properly named.

2.

The parties to this action have been properly served.

3.

The parties to this action are subject to the jurisdiction of this Court and venue is proper.

4.

The State Court of Gwinnett County has jurisdiction over the subject matter of this claim.

5.

The Plaintiffs state a claim upon which relief can be granted.

6.

The Plaintiffs have not failed to join a party under O.C.G.A. 9-11-19.

7.

The Defendant CRST Expedited, Inc. has been personally served with a copy of the Complaint and Summons in this action.

8.

CRST Expedited, Inc. hired Yahamon Cox as a professional truck driver.

9.

Defendant Yahamon Cox was the driver of a certain tractor trailer vehicle that struck Plaintiffs' vehicle on/or about February 24, 2022.

10.

The Defendant driver, Yahajamon Cox, was an employee of Defendant CRST Expedited, Inc. at the time of the collision as alleged in the Complaint.

11.

Defendant driver, Yahajamon Cox, was acting in the course and scope of his employment with Defendant CRST Expedited, Inc. at the time of the collision as alleged in the Complaint.

12.

Defendant CRST Expedited's insignia was on the tractor trailer vehicle being operated by Defendant driver Yahajamon Cox at the time of the collision as alleged in the Complaint.

13.

There was a policy of liability insurance issued by ACE American Insurance Company (hereinafter "the policy") that insured Defendant CRST Expedited, Inc. and Defendant driver Yahajamon Cox at the time of the collision as alleged in the Complaint.

14.

The policy provided liability insurance coverage to Defendant CRST Expedited, Inc. for claims arising from the collision as alleged in the Complaint.

15.

The policy was on file with the Georgia Public Service Commission (GPSC) on February 24, 2022.

16.

The policy had been accepted and approved by the GPSC pursuant to O.C.G.A. § 46-7- 12(c) prior to February 24, 2022.

17.

Defendant CRST Expedited, Inc. was engaged in the business of hauling property for hire over the public highways in and through the State of Georgia as a "motor common carrier" as defined in O.C.G.A. § 46-1-1 et seq. on/or about February 24, 2022.

18.

Defendant CRST Expedited Inc. was engaged in the business of hauling property for hire over the public highways in and through the State of Georgia as a "motor contract carrier" as defined in O.C.G.A. § 46-1-1 et seq. on/or about February 24, 2022.

19.

Defendant CRST Expedited, Inc. was subject to the Federal Motor Carrier Safety Regulations (FMCSR) at the time of the collision as alleged in the Complaint.

20.

Defendant CRST Expedited, Inc. was subject to the Federal Motor Carrier Safety Regulations (FMCSR) at the time of the collision as alleged in the Complaint.

21.

Defendant CRST Expedited, Inc. was subject to the regulations adopted by the GPSC at the time of the collision as alleged in the Complaint.

22.

As a direct and proximate result of the collision between the vehicles driven by Defendant Yahajamon Cox and Plaintiffs, Loretta Miller and Effie Eurine, Plaintiffs

Loretta Miller and Effie Eurine suffered bodily injuries on/or about February 24, 2022.

23.

At the time of the subject collision on/or about February 24, 2022, Plaintiffs Loretta Miller and Effie Eurine were exercising ordinary care for their own safety.

24.

The sole proximate cause of the subject collision on/or about February 24, 2022 was the negligence of all Defendants.

25.

As a direct and proximate result of the collision between the tractor trailer vehicle driven by Defendant Yahajamon Cox and Plaintiffs Loretta Miller and Effie Eurine on/or about February 24, 2022, Plaintiffs Loretta Miller and Effie Eurine incurred medical bills and expenses.

26.

Defendants operate a "for hire" carrier. The definition of a "for hire" carrier is a person or a company that provides transportation of cargo or passengers for compensation.

27.

Because Defendants operate a "for hire" carrier, they are required to have a United States Department of Transportation (herein referred to in this Complaint as "USDOT") Number.

28.

Defendant CRST Expedited, Inc.'s USDOT Number is 53773.

29.

Defendant's Carrier operation status is interstate.

30.

Defendants provide for hire truck transportation to the general public.

31.

Defendants must comply with the applicable USDOT Safety Regulations.

32.

Defendants operated some vehicles that have a gross vehicle weight rating or gross combination weight rating (whichever is greater) of 10,001 lb. or more.

33.

Defendants operate a carrier. A carrier means a person who undertakes the transporting of goods or passengers for compensation.

34.

Defendants operate a "for hire" carrier. "For hire" means an activity wherein for compensation a motor vehicle and driver are furnished to a person by another person, acting directly or knowingly and willfully acting with another to provide the combined service of the vehicle and driver, and includes every person acting in concert with, under the control of, or under common control with a motor carrier who shall offer to furnish for transportation for compensation.

35.

Defendants operate a motor common carrier means every person owning, controlling, operating, or managing any motor propelled vehicle and lessees, receivers, or trustees of such person, used in the business of transporting for hire of persons or property, or both, otherwise than over permanent rail tracks, on the public highways of Georgia as a common carrier.

36.

On the date of the wreck, Plaintiff Loretta Miller was driving a 2017 Chevrolet

Malibu.

37.

Plaintiffs Loretta Miller and Effie Eurine were wearing their three point belt system.

38.

As a direct and proximate result of this wreck, Plaintiffs Loretta Miller and Effie

Eurine suffered severe injuries.

39.

At all times material to this action, Yahajamon Cox was operating a truck that was

owned and operated, and maintained by Defendant CRST Expedited, Inc.

40.

Defendant's CRST Expedited, Inc, is liable under the Doctrine of Respondeat

Superior for the torts of their employees, servants, and agents, including Yahajamon

Cox.

41.

Defendants are negligent under the Doctrine of Negligent entrustment. Negligent

hiring, negligent training, negligent controlling, negligent supervising of their drivers.

42.

Defendants CRST Expedited, Inc. had an affirmative duty discover their driver's

driving records, prior traffic violations, habitual recklessness, and driver's medical history;

43.

Defendants, in the exercise of reasonable care, should have known of any of their

driver's incompetence.

44.

Defendants were negligent in hiring Yahajamon Cox, their driver, and entrusting him to drive this truck on the date of this wreck.

45.

Defendants were negligent in failing to properly train their driver, Yahajamon Cox.

46.

Defendant CRST Expedited, Inc. was negligent in failing to properly supervise driver, Yahajamon Cox.

47.

Plaintiffs Loretta Miller and Effie Eurine have suffered pain and suffering which includes anxiety, shock, and worry.

## INTERROGATORIES

### Interrogatory No. 1

For each admission request denied, state all facts, persons and documents upon which the Defendants rely in denying the admission.

### Interrogatory No. 2

For each admission request answered by stating that the Defendant(s) lacks information or knowledge, state what inquiry was made by the defendant and all the facts, persons and documents upon which the Defendant relied in answering the admission.

Respectfully submitted,
MCKIBBEN JOHNSON, LLC

*/s/Felicia N. Johnson, Esq.*
Felicia N. Johnson

*Attorney for Plaintiffs*
Georgia Bar No. 495384

2295 Parklake Drive NE, Suite 434
Atlanta, GA 30345
Telephone: 770-854-0400
Email: fjohnson@mckibbenjohnson.com