IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Ayana Ngwabana, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| I.Q. Data International, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 *et seq.*

**PARTIES**

1. Plaintiff, Ayana Ngwabana, is a natural person who resides in Gwinnett County, Georgia.

1

2. Defendant, I.Q. Data International, Inc., is a corporation formed under the laws of the State of Washington and registered to do business in Georgia. Defendant may be served with process via its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a registered agent in Gwinnett County which is in the Atlanta Division.

## **FACTUAL ALLEGATIONS**

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of apartment lease and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. In July of 2022, Defendant published the following information to Plaintiff's Equifax credit report:

| | |
|---|---|
| Jul 9, 2022 | **$10,372.00** |
| | **I.Q. DATA INTERNATIO** |

### Payment History

No history is available

Jan  Feb  Mar  Apr  May  Jun

Jul  Aug  Sep  Oct  Nov  Dec

- **OK** Paid on Time
- **30** 30 Days Past Due
- **60** 60 Days Past Due
- **90** 90 Days Past Due
- **120** 120 Days Past Due
- **150** 150 Days Past Due
- **BR** Bankruptcy
- **RF** Repossession / Foreclosure
- **CC** Collection / Charge-off
- **N/A** No Data Available

### Account Details

| | |
|---|---|
| Account Number | IQD0JRK1928117875 |
| Date Opened | Aug 24, 2016 |
| Last Activity | Jul 9, 2022 |
| Original Creditor | OVERLOOK AT BERKELEY LAKE GA |
| Monthly Payment | $0.00 |
| Term Source Type | |
| Current Rating | Collection/Charge-off |
| Status | Open |
| Type | JointContractualLiability |
| High Balance | $7,319.00 |
| Unpaid Balance | $10,372.00 |
| Highest Adverse Rating | Collection/Charge-off |
| Most Recent Adverse Rating | No Data Available |
| Comments | Consumer Disputes This Account Information |

### Collection Agency

I.Q. DATA INTERNATIO
PO BOX 3568
EVERETT, WA 98213
(888) 248-2509

4

13. In January of 2023, Defendant published the following information to Plaintiff's Equifax credit report:



14. The July 2022 and January 2023 credit report tradelines show an original debt in the amount of $7,319.00.

15. The July 2022 credit report tradeline also shows a current balance of $10,372.00.

16. The January 2023 credit report tradeline shows a current balance of $10,407.

17. Thus, Defendant is continuously adding interest to the alleged debt.

18. Prejudgment interest under Georgia law is an element of and in the nature of damages and may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of seven percent per annum.

19. The account in collection by the Defendant and which is the subject of its credit report tradeline was based on the alleged breach of a residential lease, per Defendant's representations.

20. The account in collection with the Defendant is subject to a statute of limitations of no more than six years per O.C.G.A. § 9-3-24.

21. Upon information and belief, the statute of limitations applicable to the Defendant's claim expired no later than May of 2022.

22. Georgia law is clear that the award of prejudgment interest is not automatic, or even mandatory. It is, rather, left to the discretion of the court.

*American Family Life Assurance Co. v. United States Fire Co*., 885 F.2d 826, 1989 U.S. App. LEXIS 15341 (11th Cir. 1989).

23. The assessment of prejudgment interest must be made by a court of law following the establishment of its legitimacy through the introduction of evidence.

24. The Defendant's claim is not subject to enforcement through legal action. Thus, the establishment and collection of prejudgment interest by the Defendant on behalf of its principal is not possible under the law.

25. Accordingly, the Defendant's claim is not subject to enforcement through legal action.

26. Defendant has continued to add interest amounts not authorized under Georgia law to Plaintiff's alleged debt.

27. Defendant has continued to publish inaccurate amounts of the alleged debt to third parties.

28. Defendant has continued to publish inaccurate credit information about Plaintiff to third parties.

29. Plaintiff suffered anxiety and worry about her credit report due to Defendant's misrepresentations in connection with the collection of a consumer debt.

30. Plaintiff suffered physical symptoms of her anxiety and worry including but not limited to loss of sleep and headaches as a direct result of Defendant's abusive behavior.

## INJURIES-IN-FACT

31. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

32. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

33. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

34. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

35. Defendant's acts and omissions caused particularized harm to the Plaintiff in that she has suffered anxiety and worry about her credit report and had false information about her credit history published to third parties.

36. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

37. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Having inaccurate information about Plaintiff's credit-worthiness published to third parties;

d.) Physical symptoms of anxiety and worry caused the Defendant.

## **CAUSES OF ACTION**

## **COUNT I**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692** *et seq.*

38. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

39. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

40. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

41. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

42. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-

average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

43. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

44. Defendant made false representations about the amount and legal status of the debt and reported inaccurate information about Plaintiff's alleged debt on her credit report.

45. Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(8), and e(10) among others.

***Violations of 15 U.SC. § 1692f and its subparts***

46. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived weaknesses/fear/lack of sophistication of the Plaintiff.

47. Defendant's attempts to collect pre-judgment interest charges when the debt was past the statute of limitations were unfair and unconscionable.

48. Defendant's behavior violated 15 U.S.C. § 1692f and f(1).

49. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

### O.C.G.A. § 10-1-390, *et seq.*

50. Plaintiff incorporates by reference paragraphs 1 through 49 as though fully stated herein.

51. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

52. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

53. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

54. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

55. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

56. Defendant's conduct has implications for the consuming public in general.

57. Defendant's conduct negatively impacts the consumer marketplace.

58. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

59. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

60. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

61. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

62. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

63. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

64. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 13th day of April, 2023.

                BERRY & ASSOCIATES

                */s/ Matt Berry*
                Matthew T. Berry

Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324

*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No.: 614061
P.O. Box 451328
Atlanta, GA 31145
470-990-2568
chris.armor@armorlaw.com

*Plaintiff's Attorneys*

15