## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOI MCWHORTER, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| NEWREST ATL LLC, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Joi McWhorter ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant Newrest ATL LLC ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for discrimination based on sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*

1

## JURISDICTION

### 2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

## VENUE

### 3.

The unlawful employment practices alleged in this Complaint were committed within this district.  Thus, venue is appropriate in this Court.

## PARTIES

### 4.

Plaintiff is a female U.S. Citizen and resident of Georgia and is subject to the jurisdiction of this Court.

### 5.

Defendant is a domestic limited liability company.

### 6.

At all times relevant to this action, Defendant has transacted business within this district.

### 7.

Defendant is subject to the jurisdiction of this Court.

## ADMINISTRATIVE PROCEDURES

8.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 21, 2022.

9.

The EEOC issued a Notice of Right to Sue on Plaintiff's EEOC Charge on January 30, 2023.

10.

This action has been commenced within ninety (90) days of receipt of Plaintiff's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

11.

Plaintiff was hired as a Cold Kitchen worker Defendant.

12.

Plaintiff's first day of work was July 19, 2022.

13.

Another employee, Montana Vick, began making sexual advances towards Plaintiff soon after she began employment.

14.

Vick was in Plaintiff's supervisory chain.

3

15.

Vick had the power to make employment decisions such as termination and promotion in regards to Plaintiff's employment.

16.

In mid-August 2022, Vick told the Plaintiff that they needed to meet so that they could talk about Plaintiff being promoted to team lead.

17.

Vick asked Plaintiff to send him a resume during this conversation.

18.

Vick also told Plaintiff that she would make a great team lead.

19.

Soon after, Vick came into the freezer where Plaintiff was working and asked her for her phone number.

20.

Plaintiff thought Vick was doing so she could send Vick her resume.

21.

Plaintiff did send Vick a resume so that she could be promoted to the Team Lead position.

22.

However, Vick began texting Plaintiff that they should "link up together outside of work."

23.

Vick also texted Plaintiff that Plaintiff's coworker, Angelia Mahogany, Plaintiff, and Vick should meet after work.

24.

Plaintiff avoided Vick's advances and requests that she meet him outside of work.

25.

Then, on August 24, 2022, Vick found Plaintiff in the workplace and told me in an aggressive manner that he "had the power of the pen."

26.

Vick then said that if Plaintiff wanted the promotion, "She would do anything he told her to do to get it."

27.

This conversation occurred in front of the Plaintiff's mom and another employee named Keisha.

28.

On August 25, 2022, Plaintiff found out from Mahogany that Vick had recently asked Mahogany if Plaintiff would join them in bed "for some fun."

29.

Vick said this to Mahogany either in the second or third week of August 2022.

30.

Vick continued telling Plaintiff that Plaintiff and Mahogany should "meet up with him together."

31.

Mahogany and Plaintiff reported Vick's behavior to Erika Hill in human resources on August 25, 2022.

32.

Plaintiff's mother also reported what she had heard Vick say to her the day before and about Vick's texts to her.

33.

Hill told Plaintiff that these complaints had been going on for a while.

34.

Hill told Plaintiff that Vick tries to get women working under him to have sex with him for promotions and positions.

35.

Specifically, another employee named Brittney had reported Vick.

36.

Plaintiff requested transfer out of Vick's work area and was told that Vick would have to approve the transfer.

37.

After Plaintiff reported Vick, human resources employees leaked the contents of her report.

38.

Rumors therefore spread in the workplace that Plaintiff had had sex with Vick and that Plaintiff was angry and reported him because her mom found out about it.

39.

Plaintiff was not promoted to the lead position. Any reason given for the failure to promote Plaintiff is pretext for unlawful discrimination, based on sex, and retaliation for Plaintiff engaging in protected activity. As a result of Defendant's unlawful action, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Quid Pro Quo Sexual Harassment/ Failure to Promote)

40.

Plaintiff re-alleges paragraphs 11-39 as if set forth fully herein.

41.

Plaintiff is a member of a protected class, i.e. she is a woman.

42.

Defendant took tangible employment actions against Plaintiff because she refused to give in to Vick's sexual demands.

43.

To wit, Defendant refused to promote Plaintiff to a Team Lead because she refused to give in to Vick's sexual demands.

44.

Plaintiff affirmatively applied to the Team Lead position by sending Vick her resume.

45.

Plaintiff was qualified for the Team Lead position.

46.

Vick told Plaintiff she was qualified for the position.

47.

Defendant filled available Team Lead positions with other employees.

48.

Vick conditioned Plaintiff's promotion based on doing sexual favors for him.

49.

Defendant is liable for the sexual harassment of Plaintiff under a theory of vicarious or direct liability.

50.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

51.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

52.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination. Plaintiff is entitled to recover compensatory damages, including damages for emotional distress.

53.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is entitled to punitive damages. Plaintiff is also entitled to lost wages and benefits, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT II: RETALIATION VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

54.

Plaintiff re-alleges paragraphs 11-39 as if set forth fully herein.

55.

Plaintiff's complaints and opposition to sexual harassment/gender discrimination constitute protected activity under Title VII.

56.

Defendant subjected Plaintiff to adverse actions because of her protected conduct.

57.

To wit, that action is refusing to promote Plaintiff.

58.

The adverse actions to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

59.

There is a causal connection between the protected conduct and the adverse actions.

60.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

61.

Defendants willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

62.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a)        That judgment be entered against Defendant on all claims;

(b)        That general damages be awarded for mental and emotional suffering;

(c)        Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d)        Lost wages and other economic damages;

(e)        Reasonable attorney's fees and expenses of litigation;

(f)        Trial by jury as to all issues;

(g)        Prejudgment interest at the rate allowed by law;

(h)        Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i)        Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

(j)        All other relief to which she may be entitled.

This 14th day of April, 2023.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

BARRETT & FARAHANY
P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com