# Exhibit 5

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:22-cr-00009 |
| | ) | |
| PAUL HENDLER | ) | |

**UNOPPOSED MOTION FOR ISSUANCE OF SUBPOENAS**

NOW COMES, Defendant Paul Hendler, by and through his undersigned counsel and the law firm of Gravel & Shea, PC, and hereby moves this Honorable Court for an order issuing a subpoena duces tecum to each of the entities listed below to produce the following documents:

1. Community Bank, NA – All bank account statements including check images for the time period of January 1, 2017 through December 2018 for the following bank accounts:

    a. #6852 - Community Bank - Blue Paddle Business Account
    b. #1188 - Community Bank – Patience Hotchkiss Personal Account
    c. #6384 - Community Bank - Phoebe Bright Personal Account
    d. #8130 - Community Bank - Patience Hotchkiss and Phoebe Bright Joint Account

2. Community Bank, NA - In relation to Community Bank account number 8816852 for Afternoonies, LLC d/b/a Blue Paddle Bistro:

    a. Any and all notes of telephone calls to Patience Hotchkiss and any additional checks performed regarding any non-bank customers appearing at the Community Bank to cash checks from this account for the time period of January 1, 2019 through March 31, 2021 contained in the teller software or in document form;

    b. Any and all recordings of telephone calls, both inbound and outbound, between Patience Hotchkiss and any employee of Community Bank, NA regarding non-bank customers appearing at the Community Bank to cash checks from this account for the time period of January 1, 2019 through March 31, 2021.

3. <u>People's United Bank</u> - All bank account statements including check images for the time period of January 1, 2017 through December 2018 for the following bank account:
   a. #0636 – Blue Paddle Business Account

4. <u>Saba Marine</u> – Any and all records, invoices, and documentation regarding the purchase and/or sale of any boat by Patience Hotchkiss and/or Blue Paddle Bistro for the time period of January 1, 2020 through the present

5. <u>Vermont Federal Credit Union</u> – Any and all supporting documentation submitted with Paycheck Protection Program (PPP) loan applications and forgiveness applications by Afternoonies, LLC d/b/a Blue Paddle Bistro for the time period of January 2020 through the present.

6. <u>Union Community Bank</u> - Any and all Paycheck Protection Program (PPP) Loan documents and information including, but not limited to, loan applications and supporting documents, reconciliation/forgiveness applications and supporting documents, and loan and forgiveness determinations for the time period of January 2020 through the present.

7. Any and all invoices, past due notices, accounts receivable information, and any correspondence and written communication regarding the account for Afternoonies, LLC d/b/a Blue Paddle Bistro from the following vendors:

   a. Black River Produce
   b. Complete Excavation and Septic Services
   c. Performance Food Service
   d. Coca Cola
   e. CCC Electric
   f. Farrell Distributing
   g. Baker Distributing
   h. VT Wine Merchants
   i. VT Tent Company
   j. Arctic Glacier
   k. FastSigns
   l. Keeler Bay Associates
   m. Unifirst Corporation
   n. Cota's Propane
   o. Bourne's Energy
   p. Reinhart Foodservice

8. <u>Square</u> – Afternoonies, LLC d/b/a Blue Paddle Bistro Square payroll data for the time period of January 2020 through March 2021 to include the wages and tips earned and the records of the state, federal, social security, and Medicare withholding amounts and payment to those federal and state entities for each employee.



gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369

- 2 -

9. <u>PayData</u> – In relation to Afternoonies, LLC d/b/a Blue Paddle Bistro:

   a. Payroll data for the time period of January 2017 through March 2021 to include the wages and tips earned and the records of the state, federal, social security, and Medicare withholding amounts and payment to those federal and state entities for each employee;

   b. Sales reports for the time period of January 2017 through March 2021

   c. Any and all lien information regarding any liens placed on the PayData account

   d. Any and all information related to termination of the PayData account

10. <u>Vermont Department of Labor</u> - Blue Paddle Bistro unemployment records including, but not limited to, information reported to the Department of Labor regarding the unemployed employees, the number of unemployed employees, and the reasoning for the unemployment for the time period of January 2020 through March 2021.

11. <u>Vermont Department of Labor</u> –

    a. A copy of any and all complaints and allegations from all complainants regarding their employment at the Afternoonies, LLC d/b/a Blue Paddle Bistro and any and all witness and employee interviews and meetings, including but not limited to transcripts and/or audio and video interviews for the time period of January 1, 2019 through the present

    b. A complete copy of the Vermont Department of Labor's investigation of Afternoonies, LLC d/b/a Blue Paddle Bistro for the time period of January 2014 through December 2018.

12. <u>MMG Insurance</u> –

    a. Unredacted telephone call communication notes regarding conversations with Patience Hotchkiss about Paul Hendler's alleged fraudulent conduct.

    b. A copy of any and all audio recordings of Patience Hotchkiss' phone calls and recorded statements with MMG Insurance regarding Paul Hendler's alleged fraudulent conduct.

13. All loan applications and supporting documentation and loan determinations from any and all high interest/short term loans applied for by any owner, manager, and/or employee of Afternoonies, LLC d/b/a Blue Paddle Bistro and any audio recordings and transcripts of recoded telephone calls between Patience Hotchkiss, Phoebe Bright, and any other representative of Afternoonies, LLC d/b/a Blue



Paddle Bistro for the time period of January 1, 2017 through March 1, 2021 from the following loan and funding companies:

a. IRM Ventures Capital
b. Diverse Capital
c. FORA Financial
d. Amex
e. Speedy Funding
f. Complete Business Solutions (Receivership for PAR Funding)
g. Timberland Bank
h. Forwardline Financial
i. Wellen Capital
j. Capital Direct LLC
k. Dubbs Holdings Funding Group
l. LG Funding
m. Sunrise Funding Group
n. AmeriCapital Direct
o. Lendio

14. <u>Internal Revenue Service</u> –

   a. A copy of any and all documentation regarding quarterly tax payments made by Afternooonies, LLC d/b/a Blue Paddle Bistro for the time period of January 2019 through the present.

   b. A copy of Afternooonies, LLC d/b/a Blue Paddle Bistro tax return including any schedules, worksheets, and attachments for the 2020 tax year.

15. <u>Internal Revenue Service</u> –

   a. A copy of any and all documentation regarding quarterly tax payments made by Afternooonies, LLC d/b/a Blue Paddle Bistro for the time period of January 2019 through the present.

   b. A copy of Afternooonies, LLC d/b/a Blue Paddle Bistro tax return including any schedules, worksheets, and attachments for the 2020 tax year.

16. <u>Vermont Department of Taxes</u> –

   a. A copy of any and all documentation regarding quarterly tax payments made by Afternooonies, LLC d/b/a Blue Paddle Bistro for the time period of January 2019 through the present.

gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369

- 4 -

  b. A copy of Afternoonies, LLC d/b/a Blue Paddle Bistro tax return including any schedules, worksheets, and attachments for the 2020 tax year.

17. <u>U.S. Department of Labor</u> - A copy of any and all complaints and allegations from all complainants regarding their employment at the Afternoonies, LLC d/b/a Blue Paddle Bistro and any and all witness and employee interviews and meetings, including but not limited to transcripts and/or audio and video interviews for the time period of January 1, 2019 through the present.

18. <u>AT&T</u> – Any and all text message communication for the time period of January 1, 2019 through March 1, 2021 for account holder Patience Hotchkiss and phone number (802) 355-8918.

In support of this motion, Defendant states as follows:

During defense counsel's review of the initial discovery received from the government in this case on March 9, 2022, in addition to subsequent interviews of witnesses and discussions with the Defendant, the defense became aware of potential exculpatory evidence as it relates to the credibility of the complaining witness, Patience "Mandy" Hotchkiss to include her own financially related conduct and the forgery accusations as to whether or not Defendant had explicit permission to write the checks set forth in the Indictment.

Given this, on August 17, 2022 and August 19, 2022, the defense requested additional discovery. After speaking with the government regarding these discovery requests, the defense consented to the U.S. Attorney's Office utilizing the grand jury subpoena process to obtain the requested discovery.

On August 23, 2022, the government produced discovery related to the SBA Loans. That information was only a very small portion of the additional discovery requests the defense had made. On October 27, 2022, the defense received a voluminous download of Ms. Hotchkiss' cell phone. This was discovery produced by the government and not yet specifically requested by the defense. However, in reviewing the phone download, defense counsel became aware of



gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369

- 5 -

additional information relevant to Mr. Hendler's defense. It was also discovered that there was a prior phone of Ms. Hotchkiss on which Mr. Hendler and Ms. Hotchkiss communicated via text messaging—the primary method of communication between them.

On December 22, 2022, the defense filed its fourth request for an extension of the motions deadline on the grounds that the discovery requests sent to the government still had not been fulfilled. The government did not oppose this motion. On December 27, 2022, the Court denied the motion for an extension of the motions deadline. Given this, the defense requested a hearing to further clarify its request for an extension. At the hearing held on December 29, 2022, the Court granted an additional sixty (60) days to file pretrial motions to February 27, 2023 and invited the defense to request the Court to issue subpoenas if the discovery had not been provided by the government. Since January 6, 2023, the defense has received additional discovery from the government in response to its requests. Although, most of the information provided was incomplete. Recently, the defense has been communicating with the government regarding the incomplete discovery responses and the government is looking further into the issue. In the meantime, given the upcoming motions deadline and trial preparation, the defense is in need of the information to effectively prepare for trial and is requesting that the Court issue the subpoenas as set forth above.

## ARGUMENT

1. **The information requested in the above subpoenas meets the criteria set out in *United States v. Nixon*.**

In *United States v. Nixon*, 418 U.S. 683 (1974), the United States Supreme Court held that a Rule 17 subpoena issued one month after former Attorney General John Mitchell was indicted was enforceable because the special prosecutor demonstrated that: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by



exercise of due diligence; (3) the party cannot properly prepare for trial without such production and inspection and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) the application is made in good faith and is not intended as a general "fishing expedition."

### a. The relevance of the information requested in the above subpoenas to Mr. Hendler's defense.

As stated above, after reviewing the discovery produced by the government to date, to include various statements made by Ms. Hotchkiss, in addition to the defense's interviews of witnesses and discussions with Mr. Hendler regarding this case, there exists additional information that could contain potentially exculpatory evidence related to witness credibility and the forgery allegations.

Further, the investigation involving this case weighs heavily on Ms. Hotchkiss' credibility as it relates to the allegations against Mr. Hendler. The defense also has a good faith basis to believe that Ms. Hotchkiss has engaged in financially related conduct that will be relevant to her credibility. The defense's subpoena requests mirror its assertions regarding Ms. Hotchkiss and are pertinent to the defense of Mr. Hendler. Counsel cannot effectively represent Mr. Hendler without the information requested in the subpoenas.

### b. The information requested in the subpoenas may not be otherwise procurable prior to trial.

As set out above, over the past months, the government has been attempting to fulfill the defense's discovery requests. The recent information provided by the government on January 6, 2023 was not fully complete in that either the request was only partially fulfilled or not at all. Although, some requests were fulfilled as requested by the defense. The government has recently indicated that they are looking into the missing information. However, given the



gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369

- 7 -

upcoming motions deadline and the defense's preparation for trial, there is not sufficient time to wait for the possibility that the government has exhausted its efforts in obtaining the information. The only alternative available at this time would be for the defense to obtain the information on their own.

    **c.    The defense cannot effectively prepare for trial without the information requested in the subpoenas.**

Again, this case weighs heavily on Ms. Hotchkiss' credibility as it relates to the allegations against Mr. Hendler. The only way the defense can properly prepare for trial is to obtain the information requested in the subpoenas, especially the information related to Ms. Hotchkiss' credibility and financially related conduct. To deny Mr. Hendler access to the requested information would be in violation of his Sixth Amendment right to present a defense and his right to due process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967) (a defendant's right to present a defense "is a fundamental element of due process of law.")

    **d.    The information requested is not a "fishing expedition."**

Ms. Hotchkiss alleges that Mr. Hendler misappropriated, embezzled, and stole tens of thousands of dollars from Afternoonies, LLC d/b/a Blue Paddle Bistro and forged checks to himself without her permission. The defense has learned through review of the government's discovery, interviews of witnesses, and discussions with Mr. Hendler that there exists exculpatory evidence that disputes these claims and that there are significant credibility issues regarding Ms. Hotchkiss. In addition, Ms. Hotchkiss' own financially related conduct could potentially provide insight as to the reasoning for her allegations against Mr. Hendler.

## CONCLUSION

In order for the defense to properly prepare for trial, including investigation of potential exculpatory evidence in support of the information he has learned regarding Ms. Hotchkiss'



A PROFESSIONAL CORPORATION
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369

- 8 -

credibility and financially related conduct, defense counsel needs access to the information proposed to be requested of the above entities through subpoenas. Further, the defense is preparing for trial and can no longer wait for the government to investigate whether or not the outstanding requests are obtainable. Once the information is received, defense counsel will need to thoroughly review it and have discussions with Mr. Hendler. This process will take time and the defense would like to begin obtaining the information at the earliest possible opportunity.

As set forth above, the information requested is necessary and crucial to the defense of Mr. Hendler. The Court had invited the defense at the December 29, 2022 status conference to request the Court to issue subpoenas if the discovery had not been provided by the government. Given the government's production of partial responses to the defenses requests and their remedies to obtain the information potentially exhausted, the only remaining alternative is for the defense to obtain the information on their own and the Court should grant this motion to allow them to do so.

AUSA Gregory Waples has no objections to this motion.

Dated: February 7, 2023

                                                */s/ Brooks G. McArthur*
Brooks G. McArthur, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P.O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
bmcarthur@gravelshea.com
Attorneys For Defendant

gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369