UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | : : : | MDL DOCKET NO. 2974 |
| This document relates to: | : : : : : | 1:20-md-02974-LMM |
| vs. | : : : | Civil Action No.: _____ |
| TEVA PHARMACEUTICALS USA, INC.; TEVA WOMEN'S HEALTH, LLC; TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC; THE COOPER COMPANIES, INC.; COOPERSURGICAL, INC. _____ | : : : : : : : : : | |

## **SHORT FORM COMPLAINT**

Come(s) now the Plaintiff(s) named below, and for her/their Complaint against the Defendant(s) named below, incorporate(s) the Second Amended Master Personal Injury Complaint (Doc. No. 79), in MDL No. 2974 by reference. Plaintiff(s) further plead(s) as follows:

1. Name of Plaintiff placed with Paragard: _____

   _____

2. Name of Plaintiff's Spouse (if a party to the case): _____

   _____

3. If case is brought in a representative capacity, Name of Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   _N/A_____

   _____

4. State of Residence of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Plaintiff's original complaint: _____

   _____

5. State of Residence of each Plaintiff at the time of Paragard placement:

   _____

6. State of Residence of each Plaintiff at the time of Paragard removal:

   _____

7. District Court and Division in which personal jurisdiction and venue would be proper:

   _____

   _____

8. Defendants. (Check one or more of the following five (5) Defendants against whom Plaintiff's Complaint is made. The following five (5) Defendants are the only defendants against whom a Short Form Complaint may be filed. No other entity may be added as a defendant in a Short Form Complaint.):

☐     A. Teva Pharmaceuticals USA, Inc.

☐     B. Teva Women's Health, LLC

☐     C. Teva Branded Pharmaceutical Products R&D, Inc.

☐     D. The Cooper Companies, Inc.

☐     E. CooperSurgical, Inc.

9. Basis of Jurisdiction

☐     Diversity of Citizenship (28 U.S.C. § 1332(a))

☐     Other (if Other, identify below):

_____

10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physician(s) or other Health Care Provider (include City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY)* <br><br>*If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provider (include City and State)** <br><br>**If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
| | | | |
| | | | |

11. Plaintiff alleges breakage (other than thread or string breakage) of her Paragard upon removal.

☐ Yes

☐ No

12. Brief statement of injury(ies) Plaintiff is claiming:

~~The ParaGard IUD broke upon removal, which required additional medical procedures that Plaintiff would not have otherwise had to endure. Moreover, she suffered pain and loss of her reproductive health.~~ Plaintiff reserves her right to allege additional injuries and complications specific to her.

13. Product Identification:

 a. Lot Number of Paragard placed in Plaintiff (if now known):

 _____

 b. Did you obtain your Paragard from anyone other than the HealthCare Provider who placed your Paragard:

 ☐ Yes

 ☐ No

14. Counts in the Master Complaint brought by Plaintiff(s):

☐ Count I – Strict Liability / Design Defect

☐ Count II – Strict Liability / Failure to Warn

☐ Count III – Strict Liability / Manufacturing Defect

☐ Count IV – Negligence

☐ Count V – Negligence / Design and Manufacturing Defect

☐ Count VI – Negligence / Failure to Warn

☐ Count IX – Negligent Misrepresentation

☐ Count X – Breach of Express Warranty

☐ Count XI – Breach of Implied Warranty

☐ Count XII – Violation of Consumer Protection Laws

☐ Count XIII – Gross Negligence

☐ Count XIV – Unjust Enrichment

☐ Count XV – Punitive Damages

☐ Count XVI – Loss of Consortium

☐ Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

_____

_____

15. "Tolling/Fraudulent Concealment" allegations:

    a. Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

    ☐ Yes

    ☐ No

    b. If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below:

    _N/A_____

    _____

16. Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:

    a. Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

    ☐ Yes

    ☐ No

    b. If Yes, the following information must be provided (in accordance with Federal Rule of Civil Procedure 8 and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

    i. The alleged statement(s) of material fact that Plaintiff alleges was false: _N/A_____

    _____

    ii. Who allegedly made the statement: _N/A_____

    _____

    iii. To whom the statement was allegedly made: _N/A_____

    _____

    iv. The date(s) on which the statement was allegedly made: _N/A_____

17. If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

    a. What does Plaintiff allege is the manufacturing defect in her Paragard? _N/A_____

18. Plaintiff's demand for the relief sought if different than what is alleged in the Master Complaint:  N/A _____

_____

19. Jury Demand:

☐ Jury Trial is demanded as to all counts

☐ Jury Trial is NOT demanded as to any count

s/ <i>Min J. Koo</i><br>Attorney(s) for Plaintiff

Address, phone number, email address and Bar information:

Min J. Koo (GA 140984)
Tosi Law, LLP
1201 West Peachtree Street, Suite 2300
Atlanta, GA 30309
P:(404) 795-5061
MKoo@TosiFirm.com