# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**MADINO ABDIKARIM HAJI**
   Plaintiff

v.

| | |
|---|---|
| **VINCENT SPERA**<br>Consul General, U.S. Consulate General in Johannesburg<br>The Executive Office, Office of the Legal Adviser<br>Suite 5.600, 600 19th St. NW<br>Washington, DC 20522<br><br>**HEATHER MERRITT**<br>Deputy Chief of Mission, U.S. Embassy in South Africa<br>in their official capacity.<br><br>**ANTONY BLINKEN**<br>Secretary of the U.S. Department of State<br>in their official capacity.<br>   Defendants | PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF<br><br><br>CIVIL ACTION NO: |

## PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF

## INTRODUCTION

1

1. Plaintiff Madino Abdikarim Haji brings this action to compel the Defendants to take action on and adjudicate her husband's properly-filed I-130 visa application.

2. In July 2017, Plaintiff filed a visa petition with USCIS on behalf of her husband, Mohamed Ali Hassan, (I-130 receipt notice YSC1790266852; Department of State Visa Application Number JHN2018532004).

3. Although the United States Citizenship and Immigration Service (USCIS) approved the petition, Plaintiff's husband's visa application remains pending more than six years since the petition was filed in 2017.

4. Defendant Consular Officers from the U.S. Consulate General in Johannesburg have taken no further steps to adjudicate the visa application, yet continue to retain jurisdiction over Plaintiff's petition and her husband's visa application.

5. This lawsuit therefore challenges Defendants' failure to conclude processing of Plaintiff's husband's visa application within a reasonable time.

6. Congress created the I-130 petition pathway to allow immigrants to reunite with their immediate family members in the United States. Defendants' failure to adjudicate Plaintiff's I-130-based visa application has put on indefinite hold the reunification of Plaintiff and her husband, and caused significant personal, financial, and emotional hardship.

7. Defendants' delay has separated Plaintiff from her husband since 2017. As a result of that separation, Plaintiff has been raising her children, five-year-old Suhayb Ali and two-year-old Asiya Ali, alone without her husband's assistance for six years.

8. Plaintiff and her husband's son, Suhayb has special needs: he is non-verbal, has been diagnosed with autism, and struggles with self-control. As a result, he is unable to attend a normal school, and she must care for him herself or hire childcare, which she cannot afford. Suhayb was referred to multiple treatment sessions, but there has been no improvement in his condition. Suhayb needs his father, and Plaintiff needs her husband, to truly provide what Suhayb needs to grow.

9. Plaintiff has also suffered financial hardship as a result of the delay. Without her husband's help and unable to afford childcare, Plaintiff was forced to leave behind well-paying employment to care for her children. Moreover, owing to the delay, Plaintiff has spent $64,000 on trips to see her husband in South Africa, money that could have been used to purchase a home in the United States.

**PARTIES**

10. Plaintiff is a U.S. citizen residing in Clarkston, GA.

11. From the organization of the U.S. Consulate General in Johannesburg, Plaintiff has named the defendant, in their official capacity: Vincent Spera, Consul General of the U.S. Consulate General in Johannesburg. Vincent Spera, in their official capacity, is named as a defendant because of their leadership role within the component of DOS in South Africa, which is responsible for the process.

12. From the organization of the U.S. Embassy in South Africa, Plaintiff has named the defendant, in their official capacity: Heather Merritt, Deputy Chief of Mission, U.S. Embassy in South Africa. Heather Merritt, in their official capacity, is named as a defendant because of their leadership role within the component of DOS in South Africa, which is responsible for processing and adjudicating visa applications and implementing federal immigration law.

13. Defendant Antony Blinken, Secretary of the U.S. Department of State (DOS), oversees DOS, which is responsible for adjudicating visa applications under the INA and implementing regulations, and subject to the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*. They are named in their official capacity.

**JURISDICTION AND VENUE**

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (Mandamus Act). This Court has additional remedial authority under 28 U.S.C. §§ 2201 (Declaratory Judgment Act).

15. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1)(C), because Plaintiff resides in this District and no real property is involved in this action.

16. Each Defendant is an agency of the United States or an officer of the United States sued in their official capacity.

## BACKGROUND

17. In July 2017, Plaintiff Madino Abdikarim Haji, properly filed with USCIS a visa petition for her husband, Mohamed Ali Hassan, (I-130 receipt notice YSC1790266852; Department of State Visa Application Number JHN2018532004).

18. In January 2018, USCIS approved Plaintiff's husband's visa petition (Receipt Notice number YSC1790266852).

19. Plaintiff Madino Abdikarim Haji's goal was to obtain lawful permanent resident status for her husband, Mohamed Ali Hassan, so that her husband could join Plaintiff in the United States.

20. In August 2018, Plaintiff's husband, Mohamed Ali Hassan had his first interview at the U.S. Consulate General in Johannesburg in connection with

his case. During this interview, a consular officer reviewed Mohamed Ali Hassan's case, and Plaintiff's husband responded truthfully to all questions and provided all requested information. He was informed that the U.S. Embassy would request a waiver from the Muslim Ban since he was married to Plaintiff Madino Abdikarim Haji, a U.S. Citizen. Mohamed Ali Hassan never heard back from the U.S. Consulate General in Johannesburg about the waiver for Muslim Travel ban they requested for him.

21. In September 2019, Mohamed Ali Hassan had his second interview at the U.S. Consulate General in Johannesburg in connection with his case. During this interview, Mohamed Ali Hassan submitted his biometric information and responded truthfully to all questions, took an oath, and provided all requested information.

22. After the interview in September 2019, Mohamed Ali Hassan learned that this case was placed in administrative processing pursuant to the Immigration and Nationality Act ("INA") § 221(g). He was asked to provide additional documentation including a medical report and an updated DS-260, DS-5535 and to redo his expired police clearance. He promptly provided that documentation on September 2019.

23. Lastly, in February 2021, Mohamed Ali Hassan had a third interview at the U.S. Consulate General in Johannesburg in connection with his case. During

this interview, Mohamed Ali Hassan again submitted his biometric information, took an oath, and responded truthfully to all questions. He was asked to provide additional documentation including an updated DS-260 and DS-5535. He promptly provided that documentation in February 2021.

24. Lastly, in March 2023, Plaintiff's husband, Mohamed Ali Hassan was requested by the U.S. Consulate General in Johannesburg to redo his medical examination and submit his police clearance. He promptly completed the medical examination and provided the police clearance.

25. Since then, Mohamed Ali Hassan's case remains placed in administrative processing pursuant to the Immigration and Nationality Act ("INA") § 221(g).

26. A "refusal" under INA § 221(g) places an application into a status called "administrative processing." Administrative processing is a temporary measure, signaling that processing is ongoing while allowing the Defendant Department of State to gather additional information. *See, e.g.*, *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the United States v. Kerry*, 168 F. Supp. 3d 268, 275-84 (holding that a § 221(g) "refusal" is not a final decision for the purpose of determining jurisdiction to review under the APA).

27. Since the interview, Plaintiff and her husband have inquired as to the status of this visa application on numerous occasions and received no meaningful responses. Upon information and belief, it is unclear what steps, if any Defendants are actually taking to complete adjudication of Plaintiff's husband's visa application.

## FIRST CAUSE OF ACTION

### Administrative Procedure Act 5 U.S.C. § 706(1) – Unreasonable Delay

28. The foregoing allegations are repeated and incorporated as though fully set forth herein.

29. Pursuant to the INA, 8 U.S.C. §§ 1153(a) and 1202(b), and the regulations governing immigrant visa applications, Defendants have a nondiscretionary duty to review and adjudicate Plaintiff's husband's visa application. *See* 8 U.S.C. § 1202(b) ("All immigrant visa applications shall be reviewed and adjudicated by a consular officer."); *id.* § 1153(a) (providing that visas "shall" be issued to immediate relatives of qualified immigrant petitioners). *See also* 22 C.F.R. § 42.21(a) ("An immediate relative [of a U.S. citizen] **shall** be documented as such unless the U.S. citizen refuses to file the required petition.") (emphasis added).

30. The APA obligates Defendants to take these nondiscretionary actions within a "reasonable time," 5 U.S.C. § 555(b), and directs this Court to compel

8

Defendants to take these actions when they are "unreasonably delayed," *id.* § 706(1).

31. Defendants have failed to adjudicate Plaintiff's husband's visa application within a reasonable time, which caused and continues to cause irreparable harm to Plaintiff and her husband.

32. Plaintiff is entitled to relief pursuant to 5 U.S.C. § 706(1) compelling Defendants to adjudicate Plaintiff's husband's visa application.

## SECOND CAUSE OF ACTION

### Mandamus Act

33. The foregoing allegations are repeated and incorporated as though fully set forth herein.

34. The Mandamus Act, 28 U.S.C. § 1361, vests this Court with original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States, or any agency thereof, to perform a nondiscretionary duty owed to Plaintiff.

35. The All Writs Act, 28 U.S.C. § 1651, authorizes this Court to issue all writs "necessary or appropriate" in aid of its jurisdiction.

36. Pursuant to the INA, 8 U.S.C. §§ 1153(a) and 1202(b), and the regulations governing immigrant visa applications, Defendants have a nondiscretionary duty to review and adjudicate Plaintiff's husband's visa application. *See* 8

U.S.C. § 1202(b) ("All immigrant visa applications shall be reviewed and adjudicated by a consular officer."); *id.* § 1153(a) (providing that visas "**shall**" be issued to immediate relatives of qualified immigrant petitioners). *See also* 22 C.F.R. § 42.21(a) ("An immediate relative [of a U.S. citizen] **shall** be documented as such unless the U.S. citizen refuses to file the required petition.") (emphasis added).

37. The APA obligates Defendants to complete these nondiscretionary actions within a "reasonable time." 5 U.S.C. § 555(b).

38. Defendants have failed to adjudicate Plaintiff's husband's visa application within a reasonable time.

39. Plaintiff has brought this action because he has no other means to compel Defendants to perform the nondiscretionary duty that Defendants owe Plaintiff.

40. Plaintiff is entitled to a writ of mandamus pursuant to 28 U.S.C. §§ 1361 and 1651 and this Court's inherent equitable authority compelling Defendants to adjudicate Plaintiff's husband's visa application.

### THIRD CAUSE OF ACTION

### Fifth Amendment - Due Process

41. The foregoing allegations are repeated and incorporated as though fully set forth herein.

42. Plaintiff, a U.S. citizen, has a statutorily created entitlement to adjudication of her husband's visa application. Defendants' delay in adjudicating Plaintiff's husband's visa application constitutes a deprivation of Plaintiff's protected interest without due process.

43. Defendants' delay is egregious and is without any rational justification.

44. Defendants' conduct violates Plaintiff's substantive and procedural due process rights protected by the Fifth Amendment of the Constitution.

## PRAYER FOR RELIEF

45. For these reasons, Plaintiff requests that the Court enter an order:

    a) Accepting and maintaining jurisdiction of this action;

    b) Mandating that Defendants process Plaintiff's husband's visa application within fifteen (15) calendar days of this order or as soon as reasonably possible;

    c) Granting attorney's fees and costs under the Equal Access to Justice Act and/or other appropriate authority; and

    d) Granting such other and further relief as may be appropriate.

Respectfully submitted on behalf of Plaintiff on April 17, 2023.

**/s/ Ellaretha Coleman**
Attorney for Plaintiff
Property Claims Litigation Group, LLC

101 Marietta Street NW
Suite 3625
Atlanta, GA 30303
Telephone: (404) 525-3080
Email: ecoleman@insurancetrialgroup.com
United States District Court for the Northern District of Georgia Bar No. 404051