IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| THORNTON STORAGE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| v. | ) | |
| | ) | No. 22108203 |
| READY MIX USA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF THORNTON STORAGE LLC'S RESPONSES TO DEFENDANT READY MIX USA, LLC'S FIRST INTERROGATORIES TO PLAINTIFF THORNTON STORAGE LLC**

**GENERAL OBJECTIONS**

1. Plaintiff Thornton Storage LLC ("Plaintiff") objects to the "Definitions" and "Instructions" in Defendant Ready Mix USA, LLC's First Interrogatories to Plaintiff Thornton Storage LLC (the "Interrogatories") insofar as they impose additional duties that exceed the requirements of the Georgia Civil Practice Act.

2. Plaintiff objects to the Interrogatories on the grounds that the number of interrogatories, including subparts, exceeds 50 interrogatories.

Subject to and without waiving the foregoing objection, responds as follows:

1.

Identify each member of Thornton Storage LLC and for each individual, state the location of his or her domicile; for each corporate entity, state the location(s) of its principle place of business and its state of incorporation; and for each LLC, LLP or LP, identify its members, and to the extent any is an individual, state the location of his or her domicile;

and to the extent any is a corporate entity, state the location of its principle place of business and state of incorporation.

**Response**:

1. James M. Cesare and Julie L. Cesare as Trustees of the Jim and Julie Cesare Family Trust dated August 13, 1998, residents of California;

2. Crabco Investments, a California general partnership having Rodney Palla and Cheryl Palla as general partners, residents of California;

3. Crabco Properties, LP, a California limited partnership, having Blake Palla as general partner, resident of California;

4. Robert McBride, resident of California;

5. Barden R. Brown, Jr., resident of Georgia;

6. C. Scott Akers, Jr., as Trustee of H. A. Akers GST Trust, resident of Georgia;

7. Robert Akers, resident of Georgia;

8. Chantaybar Properties, LLC, a Georgia limited liability company.

2.

Identify each Person whom you know to be or reasonably believe to be in possession of, to have knowledge of, or to have access to any facts or documents relevant to this action and the claims, contentions, or defenses of any party in this action. For each Person identified in response to the preceding sentence, state the substance of the information and/or documents of which that Person is known to have or believed to have knowledge, possession or access.

**Response**:

Plaintiff objects to this interrogatory on the grounds that it is overbroad and requiring Defendant to disclose every person who might have knowledge of any matter alleged in the Complaint is unduly burdensome and is designed to harass Plaintiff. Plaintiff further objects on the grounds the interrogatory seeks information that is not relevant to any issue to be tried and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent this interrogatory seeks information protected from disclosure by virtue of the attorney-client privilege, work product doctrine, or other applicable privileges. Subject to these objections and without waiving the same, Plaintiff responds as follows:

1.) Barden Rucker Brown, Jr.
Mr. Brown may be contacted through Plaintiff's counsel

Mr. Brown is the manager of Thornton Storage, LLC, which is the owner of the real property and business located at 426 Thornton Avenue, Dalton (the "Property"), which is the subject matter of this litigation. Mr. Brown is generally familiar with the facts and claims alleged in the Complaint.

2.) Annette Clark
Ms. Clark may be contacted through Plaintiff's counsel

Ms. Clark was the on-site manager at the Property and witnessed the flooding events in 2019 and 2020.

3.) Bill Donovan
404-275-8767
719 Woodward Way, Atlanta, GA 30327

Mr. Donovan currently manages the Property and has witnessed flooding events.

4.)  Darin Hardin
     Seven Lights Construction
     770-547-0116
     230 Old Hwy 41, Adairsville, GA 30103

Mr. Hardin has witnessed flooding and has conducted repairs and waterproofing at the Property. Mr. Hardin also participated in the collection of materials from the Property and the storm water pipes for analysis to confirm that it emanates from Defendant's operations.

5.)  Richard Gruel, PE
     Arcadis U.S., Inc.
     2839 Paces Ferry Road, Suite 900
     Atlanta, Georgia 30339

Mr. Gruel is familiar with the flooding at the Thornton Storage, LLC property, the location of the stormwater pipes on and in the vicinity of the property and the condition of the storm water pipes.

6.)  David M. Baldridge, Betty Marvine Baldridge, Sheila Baldridge and E.G. Baldridge

     The Baldridges are the prior owners of the Property.

7.)  Andrew Parker, Assistant Public Works Director, City of Dalton
     (706) 278-7077

Mr. Parker has knowledge of the issues with the stormwater pipes and flooding at the Property.

7.)  Jason Parker, City of Dalton

Jason Parker has knowledge of the issues with the stormwater pipes and flooding at the Property

8.)  Benny Dunn, Former Public Works Director, City of Dalton

Mr. Dunn has knowledge of the issues with the stormwater pipes and flooding at the Property.

9.)  Dennis Mock, Former Mayor of Dalton

Mr. Mock has knowledge of the issues with the stormwater pipes and flooding at the Property.

10.)   David Pennington, Mayor of Dalton

Mayor Pennington has knowledge of the issues with the stormwater pipes and flooding at the Property.

11.)   See response to interrogatory 6 below.

3.

Identify all property within a three-block radius of 426 North Thornton Ave., Dalton, Georgia, in which You currently have, or in the last ten (10) years have had, any property interest (including ownership and leasehold interests and usage rights.) As to each parcel, including 426 North Thornton Ave., state the following:

a.   its common address;

b.   its Parcel ID Number;

c.   the nature of your property interest;

d.   the date of Your acquisition;

e.   the price You paid to acquire the property interest; and

f.   if applicable, the price You paid to divest the property interest.

**Response**:

None, other that 426 North Thornton Ave.

4.

Identify all employees, and all outside contractors, entities or individuals not employed by You but whom You have paid, who have performed maintenance, repairs or improvements at the Thornton Property since 2002, whose work you contend was necessitated by the actions or inaction of Ready Mix USA, LLC, and describe the nature of the work performed.

**Response**:

Plaintiff purchased the Property on December 13, 2017; therefore, Plaintiff performed no work prior to that time. Plaintiff will produce documents reflecting the information sought in this interrogatory for the period after the date of purchase.

5.

Itemize all costs, expenses, lost profits, and other damages You contend You have incurred due to the actions or inaction of Ready Mix USA, LLC that form the basis for the Complaint. To the extent You contend Your damages are continuing or You require expert testimony or further investigation to fully respond, identify the information You have at present, identify what information You are continuing to develop, and supplement Your response as You obtain additional information until Your information is complete. As to each item of damages, identify any document in support thereof or any document that reflects or relates to such item of damages.

**Response**:

Plaintiff will produce documents reflecting the information sought in this interrogatory for the period after the date of purchase.

6.

Identify each person whom you expect to call as an expert witness at the trial or in any hearing in this action, and for each expert please:

    a.    identify the subject matter on which each expert is expected to testify and a complete statement of the substance of the facts and opinions to which the expert is expected to testify, including the grounds for each opinion;

  b. identify the data or other information considered by each expert in forming the expert's opinions, including identifying each document obtained by, supplied to, or created by the expert as a result of his or her engagement;

  c. provide a list of exhibits, if any, to be used as a summary of or support for the opinions;

  d. provide qualifications of each expert, including a list of all publications authored by the witness within the preceding ten years; \

  e. provide the compensation paid and to be paid for any study and testimony;

  f. provide a listing by case name, docket number, and court of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding five years; and

  g. provide a listing by case name, docket number, and court of any case, either state or federal, in which the witness was disqualified from testifying on any basis, including but not limited to lack of knowledge, skill, experience, training, or education, providing testimony that was not the product of reliable principals and methods, or failure to apply the principles and methods reliably to the facts of the case.

  **Response**:

  Plaintiff objects to this interrogatory to the extent that it seeks information that exceeds the scope of O.C.G.A. § 9-11-26(b)(4). Plaintiff further objects to this interrogatory on the grounds that it seeks information protected from disclosure by virtue of the attorney-client privilege, work product doctrine and other applicable privileges. Subject to these objections, Plaintiff identifies the following experts who may testify:

7

1)  Kenneth H. Cantrell MAI
    Valbridge Property Advisors
    kcantrell@valbridge.com
    (678) 644-4853

Mr. Cantrell will testify regarding the value of the Property. Mr. Cantrell has not completed his report. Plaintiff will supplement its response once the report is available.

2)  Jesse Cole, PE
    C&H Planners
    (404) 937-0757
    jessecole@candhplanners.com

Mr. Cole and his firm have conducted an assessment of the storm water pipes surrounding and on the Property and has made a report of recommended repairs and improvements and estimated cost of making the repairs. Plaintiff will produce this report.

3)  G. Scott Wharton, P.M.C.P., C.E.T., A.E.T.
    Intertek-PSI
    95 Chastain Road, N.W.
    Suite 301
    Kennesaw, GA 30144
    (770) 424-6200
    George.wharton@intertek.com

Mr. Wharton collected slurry samples from the storm water pipes on or near the Property and submitted them for testing, which determined the fragments and rubble found there is consistent with concrete "wash-out" material that emanates from Defendant's property. Plaintiff will produce this report.

7.

Identify any Person not otherwise identified in response to Interrogatory No. 2 and 6 whom You expect to call as a witness at the trial of or in any hearing in this action, and for each such Person, state the subject matter about which the Person is expected to testify and the facts underlying and/or the basis for such testimony.

**Response**:

Plaintiff objects to this request on the grounds that it seeks information protected from disclosure by virtue of the attorney-client privilege, work product doctrine and other applicable privileges. Plaintiff further states that discovery is ongoing and Plaintiff has not yet determined what witnesses will be presented at trial. Plaintiff will provide such information in compliance with the Court's directions and any pre-trial deadlines set by the Court.

8.

Identify the first time runoff or other materials from Ready Mix USA, LLC's operations flowed onto the Thornton Property.

**Response**:

Plaintiff believes that concrete materials have been emanating from the Ready Mix USA, LLC operations for many years before Plaintiff purchased the Property and Plaintiff's experts have confirmed that debris from Defendant's operations is located in the storm water pipes downstream of the Property. As the materials were ultimately flowing into the storm water pipes, the runoff was not immediately obvious at the time that Plaintiff purchased the Property. After Plaintiff purchased the Property, it became obvious that concrete sludge and debris was washing onto Plaintiff's Property. Additionally, Plaintiff's experts have confirmed that concrete debris emanating from the Ready Mix USA, LLC operations is located in the storm water pipes.

9.

Identify the first date the Thornton Property lost value because runoff or other materials from Ready Mix USA, LLC's operations flowed onto the Thornton Property.

**Response**:

Plaintiff objects to interrogatory no. 9 on the grounds that the interrogatory is non-sensical and cannot be answered. Plaintiff further objects on the grounds that this interrogatory seeks information that is not relevant to any issue in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff's claims are not based solely upon the runoff and flows onto the Property, but are also based upon the prior and future debris washing into the storm water pipes and causing repeated and on-going damage.

10.

Identify the first date the Thornton Storage, LLC business lost value because runoff or other materials from Ready Mix USA, LLC's operations flowed onto the Thornton Property.

**Response**:

Plaintiff objects to interrogatory no. 10 on the grounds that the interrogatory is non-sensical and cannot be answered. Plaintiff further objects on the grounds that this interrogatory seeks information that is not relevant to any issue in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff's claims are not based solely upon the runoff and flows onto the Property, but are also based upon the prior and future debris washing into the storm water pipes and causing repeated

and on-going damage. Subject to these objections, Plaintiff states that flood event that occurred after Plaintiff opened for business and had tenants occupying units that were affected by flooding was March 8, 2019.

11.

State what You contend the value of the Thornton Property was on the date immediately preceding the date identified in response to Interrogatory No. 9, and state all facts upon which You rely to support Your opinion of value.

**Response**:

The purchase price for the Property on December 13, 2017 was $1,033,000.

12.

State what You contend the value of the Thornton Storage, LLC business was on the date immediately preceding the date identified in response to Interrogatory No. 9, and state all facts upon which You rely to support Your opinion of value.

**Response**:

Plaintiff was in the process of building out the buildings for self-storage and had not yet opened for business.

13.

State what You contend the value of the Thornton Property is, and state all facts upon which You rely to support Your opinion of value.

**Response**:

Plaintiff expects that Ken Cantrell will opine as to the value of the Thornton Property. See interrogatory no. 6 above.

14.

State what You contend the value of the Thornton Storage, LLC business is, and state all facts upon which You rely to support Your opinion of value.

**Response**:

Plaintiff is in the process of determining the answer to this interrogatory and will supplement its response once it has made that determination.

15.

Identify any Person whom You contend declined to rent space at the Thornton Property as a result of the actions or inaction of Ready Mix USA, LLC that form the basis for the Complaint.

**Response**:

Plaintiff objects to disclosing the identity of any renter or potential renter as such information is irrelevant to any issue in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff states that Defendant's actions contributed to flooding of occupied rental units at the Property. The flooding of the units and the potential for repeated flooding rendered over 195 units unrentable. Plaintiff is in the process of making repairs and improvements in an effort to render the units habitable; however, these units were vacant for over three years. Plaintiff does not contend that potential renters declined to rent expressly due to the actions of Ready Mix, but rather that Plaintiff could not offer the units for rent due to the potential for the units to flood.

16.

Identify any Person whom You contend ceased to rent space at the Thornton Property as a result of the actions or inaction of Ready Mix USA, LLC that form the basis for the Complaint.

**Response**:

See response to interrogatory no. 15.

17.

Identify any Person whom You contend experienced loss of or damage to their personal belongings stored in a rental space at the Thornton Property due to the actions or inaction of Ready Mix USA, LLC that form the basis for the Complaint.

**Response**:

See response to interrogatory no. 15. Plaintiff further states that several occupied units flooded on March 8, 2019, resulting in loss of or damage to the renters' personal belongings stored there.

18.

Identify all prices at which you have offered the Thornton Property for sale and the dates during which You offered each such sale price.

**Response**:

Plaintiff has not offered the Property for sale.

19.

Identify each and every communication that You had with Ready Mix USA, LLC or its representatives prior to filing the Complaint that relates to the actions or inaction of Ready Mix USA, LLC that form the basis for the Complaint.

**Response**:

Plaintiff's counsel's communications are attached to the Complaint and will be produced. Plaintiff will also produce any emails or other communications that it is able to locate following a reasonable search.

20.

Identify each and every communication relating to the allegations that form the basis for the Complaint that You have had with any Person or governmental entity or regulatory authority over the Thornton Property, the Ready Mix Property, or the operations being conducted on the Thornton or Ready Mix Properties.

**Response**:

Plaintiff will produce copies of any such communications that it is able to locate following a reasonable search.

21.

Identify each and every communication relating to the flooding or to the allegations that form the basis for the Complaint that You have had with any current or prospective renter at the Thornton Property.

**Response**:

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited by scope or time, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

22.

State each and every fact upon which You rely in support of Your allegations in the Complaint that Ready Mix acted in bad faith.

**Response**:

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited by scope or time, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to such objections, Plaintiff states that the evidence of Defendant's bad faith includes, but is not limited to, Defendant ignoring and failing to respond to the two letters attached to Complain notifying it of the issues with the runoff from the Plant. Further, Defendant has failed to reasonably investigate the issues raised in the letter or to take any action to mitigate the damage it is causing. Defendant and Defendant's counsel have refused to even review the basic evidence documenting that the sediment and aggregate emanating from the Plant is washing onto Plaintiff's Property and blocking the storm water drains and instead, insisted upon costly and comprehensive discovery that is unnecessary and not reasonably related to the issues in the case.

This the 17th day of March, 2023.

                */s/ Debra A. Wilson*
                John A. Christy
                Georgia Bar No. 125518
                jchristy@swfllp.com
                Debra A. Wilson
                Georgia Bar No. 767777
                dwilson@swfllp.com
                Attorneys for Plaintiff

Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: (404) 681-3450
Fax: (404) 681-1046
K:\7688\4\22108203\Pleadings\Pl's Response to Def's Interrogs.docx

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| THORNTON STORAGE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | |
| ) | No. 22108203 |
| READY MIX USA, LLC, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the within and foregoing Plaintiff Thornton Storage LLC's Responses to Defendant Ready Mix USA, LLC's First Interrogatories to Plaintiff Thornton Storage, LLC by statutory electronic service to:

Jennifer A. Simon
jsimon@kmcllaw.com
Kazmarek Mowrey Cloud Laseter LLP
1230 Peachtree Street, NE, Suite 3600
Atlanta, Georgia 30309

This the 17th day of March, 2023.

                                                     /s/   *Debra A. Wilson*
                                                     DEBRA A. WILSON
                                                     Georgia Bar No. 767777
                                                     dwilson@swfllp.com
                                                     Attorney for Plaintiffs

Schreeder, Wheeler & Flint, LLP
Suite 800
1100 Peachtree Street N.E.
Atlanta, Georgia 30309-4516
T: (404) 681-3450
F: (404) 681-1046