UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| QUENTIN RAMON DUMAS, | ) |
| Plaintiff, | ) |
| OPEYEMI KANYINSOLA BISIRIYU, | ) COMPLAINT FOR |
| | ) DECLARATORY AND |
| Plaintiff, | ) INJUNCTIVE RELIEF AND FOR |
| | ) WRIT OF MANDAMUS |
| KIKIDAOPE BAMITOGBA, | ) |
| | ) AGENCY CASE NUMBERS: |
| Plaintiff, | ) MSC2190219894; |
| | ) MSC2190219893; |
| AYOKUNNUMI BAMITOGBA | ) MSC2190219898; |
| | ) MSC2190219897; |
| Plaintiff | ) MSC2190707825; |
| | ) MSC2190707824 |
| v. | ) |
| | ) REQUEST FOR ORAL |
| SHINEKA SCOTT MILLER, in her official capacity as Field Office Director, U.S. Citizenship and Immigration Services, Atlanta Field Office, | ) ARGUMENT |
| | ) |
| | ) CIVIL ACTION NO. |
| and | ) |
| MERRICK GARLAND, in his official capacity as Attorney General of the United States, | ) |
| and | ) |
| ALEJANDRO MAYORKAS, in his official capacity as Secretary, U.S. Department of Homeland Security, | |
| and | |
| UR MENDOZA JADDOU, in her official capacity as Director, U.S. Citizenship and Immigration Services, | |
| Defendants. | |

1

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Quentin Ramon Dumas, Opeyemi Kanyinsola Bisiriyu, Kikidaope Bamitogba and Ayokunnumi Bamitogba ("Plaintiffs", "Mr. Dumas", "Ms. Bisiriyu", "Child Kikidaope Bamitogba", "Child Ayokunnumi Bamitogba"), through their undersigned counsel, allege as follows:

### I. PRELIMINARY STATEMENT

1. This action is brought against the Defendants of declaratory judgment, injunctive relief, and review of an agency action under the Administrative Procedure Act ("APA") based on Defendants' unlawful, arbitrary, and ultra vires denial of Mr. Dumas's I-130 Petition for Alien Relative, which sought lawful permanent resident status for his wife, Ms. Bisiriyu.

2. Plaintiffs were married on November 25, 2019, in Fulton County, Georgia. *See,* Plaintiffs' Marriage Certificate, Exhibit A.

3. Mr. Dumas filed an I-130 Petition for Alien Relative on behalf of Ms. Bisiriyu on October 6, 2020. Together with this I-130 petition, Ms. Bisiriyu filed her Applicant to Adjust Status to that of a lawful permanent resident of the United States ("I-485 application") on October 6, 2020. *See,* Plaintiff's I-797 Receipt Notice for I-130 Application, Exhibit B and Plaintiff's I-797 Receipt Notice for Form I-485, Exhibit C.

4. Mr. Dumas also filed I-130 Petitions for Alien Relative on behalf of Kikidaope Bamitogba and Ayokunnumi Bamitogba on October 6, 2020, based on their parent-child relationship. Together with these I-130 petitions, Kikidaope Bamitogba and Ayokunnumi Bamitogba filed their Applications to Adjust Status to that of lawful permanent residents of the United States ("I-485 applications") on October 6, 2020. *See,* Plaintiff's I-797 Receipt Notices

for both I-130 Applications, Exhibit D and Exhibit E, and Plaintiffs' I-797 Receipt Notices for Form I-485, Exhibit F and Exhibit G.

5. Ms. Bisiriyu and her children provided their electronic biometrics to Defendant USCIS on February 19, 2021. *See*, USCIS Biometrics Notices, Exhibits H - J.

6. On December 16, 2021, Defendant USCIS sent Ms. Bisiriyu and her children a Notice of Initial Interview, which was held on January 20, 2022. Plaintiffs appeared for this initial interview and were interviewed by USCIS. *See*, Notice of Interview, Exhibit K.

7. On March 31, 2022, Defendant USCIS sent the Plaintiffs a "Call-In Letter", asking them to attend a second interview on April 22, 2022. Plaintiffs appeared for this second interview and were interviewed by USCIS. *See*, Call-In Letter, Exhibit L.

8. On October 7, 2022, over five (5) months after the second interview, Defendant USCIS sent the Plaintiffs a Notice of Intent to Deny ("NOID") the I-130 Mr. Dumas filed on his wife's behalf. The deadline to respond to this NOID as listed on the face of the letter was November 9, 2022, and the extended deadline pursuant to Defendant USCIS's "Covid-19 Related Flexibilities" policy, which automatically grants an additional 60 days to respond to agency requests, was January 8, 2023. Plaintiffs timely and thoroughly responded to this NOID and this response was delivered timely to Defendant USCIS on January 5, 2023 and signed for, upon delivery, by "Z. Westmoreland." *See*, Notice of Intent to Deny, Exhibit M; Plaintiffs' Response to NOID with FedEx label, Exhibit N; and Fedex Detailed Tracking Record, Exhibit O.

9. On January 11, 2023, Defendant USCIS sent Plaintiffs Denial Decisions. Defendant USCIS denied all three of the I-130 Petitions filed by Mr. Dumas on behalf of his wife and children, as well as their respective I-485 Applications. The Denial Decisions state that the Plaintiffs did not respond to its NOID. *See*, USCIS Denial Decisions, Exhibit P.

10.     Ms. Bisiriyu contacted U.S. Senator Raphael Warnock on February 6, 2023, requesting congressional assistance in contacting Defendant USCIS on her behalf to inform it of its error and request that it reopen all the instant applications. Over a month later, on March 10, 2023, USCIS responded that it appeared that the information was being sought by an attorney and thus refused to respond to Ms. Bisiriyu or Senator Warnock's office, despite having properly signed a Privacy Release Form and fully executed Form G-28, Notice of Entry of Appearance. *See*, Privacy Release, Exhibit Q.

11.     This action seeks injunctive and mandamus relief to compel Defendants to reopen the Plaintiffs' I-130 and I-485 applications and properly adjudicate them, after considering the robust evidence contained in the administrative record as well as the probative evidence timely submitted in the NOID response.

12.     The APA provides that a person adversely affected by agency action is entitled to judicial review.  See, 5 U.S.C. §702.  A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

13.     Plaintiffs seek an order from this Honorable Court vacating the January 11, 2023 agency denials, declaring that these denials were unlawful, and remanding the I-130 petitions and I-485 applications back to Defendant USCIS for proper adjudication.

14.     Plaintiffs are entitled to attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq*.

## II.     STATEMENT OF FACTS

15.     Plaintiffs were married on November 25, 2019, in Fulton County, Georgia. Mr. Dumas, the U.S. Citizen spouse/petitioner, filed I-130 Petitions for Alien Relative on behalf of his wife,

Ms. Bisiriyu, and two children, Kikidaope Bamitogba and Ayokunnumi Bamitogba, with Defendant USCIS on October 6, 2020. Defendant USCIS issued the following receipt numbers for these I-130 Petitions: MSC-219-021-19894 (Ms. Bisiriyu), MSC-219-070-7825 (Kikidaope Bamitogba) and MSC-219-021-9898 (Ayokunnumi Bamitogba). *See*, Exhibits B, D and E.

16. Together with these I-130 petitions, Ms. Bisiriyu and her children filed their I-485 applications with Defendant USCIS on October 6, 2020, asking that their status be changed from "nonimmigrants" in the U.S. to that of "lawful permanent residents" of the U.S. (also known as a "green card holders"). Defendant USCIS issued the following receipt numbers for these I-485 applications: MSC-219-021-9893 (Ms. Bisiriyu), MSC-219-021-9897 (Kikidaope Bamitogba) and MSC-219-070-7824 (Ayokunnumi Bamitogba). *See*, Exhibits C, F and G.

17. On January 20, 2022, Plaintiff-husband and Plaintiff-wife were interviewed at the Defendant USCIS's Atlanta Field Office regarding the I-130 petition. *See* Exhibit K.

18. On April 22, 2022, Plaintiff-husband and Plaintiff-wife were interviewed a second time at the Defendant USCIS's Atlanta Field Office regarding the I-130 petition. *See* Exhibit L.

19. On October 7, 2022, Defendant USCIS sent the Plaintiffs a Notice of Intent to Deny ("NOID") the I-130 Mr. Dumas filed on his wife's behalf. The deadline to respond to this NOID as listed on the face of the letter was November 9, 2022, and the extended deadline pursuant to Defendant USCIS's "Covid-19 Related Flexibilities" policy, which grants an additional 60 days to respond to agency requests, was January 8, 2023. Plaintiffs thoroughly responded to this NOID timely and this response was delivered timely to Defendant USCIS on January 5, 2023 and signed for, upon delivery, by "Z. Westmoreland." *See* Exhibits N-O.

20. Defendant USCIS did not consider the voluminous evidence the Plaintiffs timely submitted in response to its NOID. Thus, on January 11, 2023, Defendant USCIS incorrectly denied Plaintiffs' I-130 petitions and I-485 applications. *See* Exhibit P.

### III.     JURISDICTION

21. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under (1) 28 U.S.C. § 1331 (federal question jurisdiction), because Plaintiff's claims arise under the laws of the United States, including 5 U.S.C. §§ 555 and 701, *et seq.* ("APA"), 8 U.S.C. § 1101, *et seq.* ("INA") (including 8 U.S.C. § 1182). This court may grant relief in this action under 5 U.S.C. §§ 553, *et seq.*, and §§ 701, *et seq.*; and 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act).

22. This Honorable Court is not deprived of jurisdiction by 8 U.S.C. § 1252, INA § 242. *See, e.g., Zadvydas v. Davis,* 533 U.S. 678, 688 (2001) (finding that INA § 242 does not bar a claim challenging agency authority that does not implicate discretion). Generally, a narrower construction of the jurisdiction-stripping provision is favored over the broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder,* 130 U.S. 827, 839 (2010). Absent "clear and convincing evidence" of congressional intent specifically to eliminate review of certain administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. § 1252(a)(2)(B)(ii). *Id.,* at 839. *See also, Geneme v. Holder,* 935 F.Supp.2d 184, 192 (D.D.C. 2013) (discussing *Kucana's* citation to a presumption favoring judicial review of administrative action when a statute does not specify discretion.)

23. 8 U.S.C. § 1252(a)(5), INA § 242(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action is not an action to review a removal order but an action challenging the incorrect denials by Defendants of Plaintiff-husband's I-130 petitions and Plaintiff-wife and Plaintiff-children's I-485 applications, which were unreasonable, arbitrary, capricious, and contrary to law and settled agency practice, this Honorable Court retains original jurisdiction under the APA and 28 U.S.C. § 1331, as well as for declaratory relief under 28 U.S.C. § 2201.

## IV.  VENUE

24. Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(e)(1), because:

   a. Defendant Shineka C. Miller is an officer of the DHS and is the Director of the Atlanta Field Office ("AFO"), which is located in Atlanta, Georgia (within this judicial district);

   b. Defendant Alejandro Mayorkas is the Secretary of Homeland Security and is an officer of the DHS and is responsible for the operation of DHS and its sub-agency USCIS, which are headquartered in the District of Columbia and District of Maryland, respectively. Defendant Mayorkas performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

   c. Defendant Attorney General Merrick Garland is an officer of the U.S. Department of Justice ("DOJ"), which is headquartered in the District of Columbia. Defendant Garland

      performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d. Defendant Ur Mendoza Jaddou is an officer of the DHS and is Director of the USCIS, which is now headquartered in the District of Maryland. Defendant Jaddou in responsible for determining the prioritization of adjudications, performs a significant amount of her official duties in the District of Maryland, and resides, for purposes of venue, within the District of Maryland;

e. A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the USCIS Atlanta Field Office, which is located in Atlanta, Georgia (within this judicial district); and

f. Judicial economy and the interests of justice warrant that Plaintiff's action be brought and decided in the Northern District of Georgia, because Defendant Shineka C. Miller and her subordinates, witnesses, and relevant records, are all located within the jurisdiction of this Honorable Court.

## V. PARTIES

25. Plaintiff Mr. Dumas is a U.S. citizen who lives in Atlanta, Georgia. Plaintiff Ms. Bisiriyu and her children are nationals of Nigeria who live in Atlanta, Georgia. *See,* the Plaintiffs' Lease Contract, Exhibit R.

26. Shineka Scott Miller is the Field Office Director of the Atlanta Field Office of the USCIS, who is named herein only in her official capacity, as well as her successors and assigns. She is charged with overseeing the operations of the Atlanta Field Office, which include

adjudication of Form I-485 Applications to Register Permanent Residence or Adjust Status processed there. She is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. Defendant Miller works at the Atlanta Field Office, which is located at 2150 Parklake Drive N.E., Atlanta, Georgia 30345.

27. Alejandro Mayorkas is the Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA. He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

28. Merrick Garland is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the Federal Bureau of Investigation ("FBI"), which is an agency within the U.S. Department of Justice. The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

29. Ur Mendoza Jaddou is the Director of USCIS, who is named herein only in her official capacity, as well as her successors and assigns. She is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of USCIS. USCIS is specifically assigned the adjudication of I-485 adjustment applications. USCIS is headquartered at 5900 Capital Gateway Drive, #2040, Camp Springs, MD 20746.

## VI.  CLAIMS FOR RELIEF

### Count I

**(APA Violation by DHS/USCIS of 5 U.S.C. § 701, *et seq.*)**

34. Plaintiffs incorporate by reference all preceding paragraphs as if set forth herein.

35. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. *See,* 5 U.S.C. §702.

36. The APA requires this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See,* 5 U.S.C. §706(2)(A).

37. Defendant USCIS's decision to deny Plaintiff Mr. Dumas's I-130 petitions (and Plaintiffs Ms. Bisiriyu, Kikidaope Bamitogba's and Ayokunnumi Bamitogba's I-485 applications) based on a purported failure to respond to an agency request, was illegal, improper, and reviewable under 5 U.S.C. §702.

38. Defendant USCIS's decision to ignore, discount, or undervalue competent evidence found in the agency's administrative record was illegal, improper, and reviewable under 5 U.S.C. §702.

39. As a result of Defendant USCIS's illegal conduct, Plaintiffs are "suffering [a] legal wrong because of agency action" and are "adversely affected or aggrieved by [the] agency action" and

therefore are entitled to judicial review of the denials of their petition and application under 5 U.S.C. §702.

## Count II

### (Injunctive Relief for Violation of the APA – 5 U.S.C. §705)

40. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

41. Pursuant to 5 U.S.C. §705, this Court may issue all necessary and appropriate processes to postpone the effective date of an agency action or to preserve the status or rights of a plaintiff or plaintiffs pending the conclusion of agency review proceedings.

42. Postponing the effectiveness of the denials of Plaintiff-husband's I-130 petitions and Plaintiff-wife and Plaintiff-children's I-485 applications will not cause any harm whatsoever to defendants.

## VII. INJURIES TO PLAINTIFFS

43. Defendants' wrongful denials of Plaintiff-husband's I-130 petitions and Plaintiff-wife and Plaintiff-children's I-485 applications interfere with Plaintiff-wife and Plaintiff-children's ability to maintain lawful, immigrant status in the United States, to work in the United States, and to accrue the required years of permanent residency to qualify for naturalization (and the rights of U.S. citizenship, including the right to vote, right to carry a U.S. passport, etc.).

44. As a result of Defendants' arbitrary, capricious, *ultra vires*, and otherwise unlawful decision to deny Plaintiff Mr. Dumas's I-130 petitions and Plaintiffs Ms. Bisiriyu, Kikidaope Bamitogba and Ayokunnumi Bamitogba's I-485 applications, they are unable to begin residing in the U.S. as lawful permanent residents.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray that this Honorable Court:

(1) Declare that the denials of Plaintiff-husband's I-130 Petitions for Alien Relative are *ultra vires*, unreasonable, erroneous as a matter of law, arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with law, and violates due process;

(2) Declare that the denials of Plaintiff-wife and Plaintiff-children's I-485 Applications to Register Permanent Residence or to Adjust Status are *ultra vires*, unreasonable, erroneous as a matter of law, arbitrary and capricious an abuse of discretion, and not otherwise in accordance with law, and violates due process;

(3) Issue an order directing Defendants to reopen Plaintiff-husband's I-130 Petitions for Alien Relative and Plaintiff-wife and Plaintiff-children's I-485 Application to Register Permanent Residence or to Adjust Status and properly re-adjudicate them in a reasonable time;

(4) Grant such other relief as this Court deems proper under the circumstances; and

(5) Grant attorney's fees, expenses and costs of court to Plaintiffs, pursuant to the EAJA.

Respectfully submitted on this 17th day of April, 2023.

/s/Elizabeth L.A. Garvish, Esq.
Georgia Bar # 287193
Garvish Immigration Law Group, LLC
2983 Hardman Ct. NE
Atlanta, GA 30305
Tel:  (404) 220-7156
Fax:  (800) 983-3554
E-mail: egarvish@goimmigrationlaw.com

*Attorney for Plaintiff*