**<u>Exhibit List</u>**

Plaintiffs' Marriage Certificate..................................................................................Exhibit A

Plaintiff's I-797 Receipt Notice for I-130 Application...............................................Exhibit B

Plaintiff's I-797 Receipt Notice for Form I-485......................................................Exhibit C

Plaintiff's I-797 Receipt Notice for I-130 Application...............................................Exhibit D

Plaintiff's I-797 Receipt Notice for I-130 Application...............................................Exhibit E

Plaintiffs' I-797 Receipt Notices for Form I-485......................................................Exhibit F

Plaintiffs' I-797 Receipt Notices for Form I-485......................................................Exhibit G

USCIS Biometrics Notice...........................................................................................Exhibit H

USCIS Biometrics Notice...........................................................................................Exhibit I

USCIS Biometrics Notice...........................................................................................Exhibit J

Notice of Interview.....................................................................................................Exhibit K

Call-In Letter.............................................................................................................Exhibit L

Notice of Intent to Deny.............................................................................................Exhibit M

Plaintiffs' Response to NOID with FedEx label.......................................................Exhibit N

Fedex Detailed Tracking Record................................................................................Exhibit O

USCIS Denial Decisions.............................................................................................Exhibit P

Privacy Release..........................................................................................................Exhibit Q

Plaintiffs' Lease Contract..........................................................................................Exhibit R

# EXHIBIT A

# Marriage Certificate

Certificate No. 2020-00070
Application No. 2019-06102

## STATE OF GEORGIA

### COUNTY OF FULTON

This is to certify that

**QUENTIN RAMON DUMAS**

&

**OPEYEMI KANYINSOLA BISHITYU**

were united in Marriage

By Minister Daniel of Celestial, on the 25th day of November, 2019 in the City of College Park, County of Fulton, Georgia

as appears upon the registration in this office in book 305 page 210.

This 6th day of January, 2020.

Pinkie T. Toomer, Judge
Fulton County Probate Court

Clerk, Probate Court

136 Pryor Street, Suite C-230
Atlanta, Georgia 30303



# EXHIBIT B

U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

| THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT. |
| --- |

| NOTICE TYPE | | NOTICE DATE |
| --- | --- | --- |
| Receipt | | November 14, 2020 |
| **CASE TYPE** | | **USCIS ALIEN NUMBER** |
| I-130, Petition for Alien Relative | | |
| **RECEIPT NUMBER** | **RECEIVED DATE** | **PAGE** |
| MSC2190219894 | October 06, 2020 | 1 of 1 |
| **PRIORITY DATE** | **PREFERENCE CLASSIFICATION** | **DATE OF BIRTH** |
| October 06, 2020 | 201 B INA SPOUSE OF USC | November 14, 1981 |

QUENTIN R. DUMAS
3400 SWEETWATER RD APT 1420
LAWRENCEVILLE, GA 30044       7       00002066

**PAYMENT INFORMATION:**

| Application/Petition Fee: | $535.00 |
| --- | --- |
| Total Amount Received: | $535.00 |
| Total Balance Due: | $0.00 |

ıı||ıı|ı|ı|ı|||ı|ıı|ı|ıı||ı|ıı|ııı|ı|ı|||ıı|ıı|ı

APPLICANT/PETITIONER NAME AND MAILING ADDRESS

We have received your form and are currently processing the above case for the following beneficiaries:

| Name | Date of Birth | Country of Birth | Class (If Applicable) |
| --- | --- | --- | --- |
| BISIRIYU, OPEYEMI | 3/21/1987 | NIGERIA | |

If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**

USCIS
National Benefits Center
P.O. Box 648003
Lee's Summit, MO  64002

**USCIS Contact Center Number:**

(800)375-5283
APPLICANT COPY





If this is an interview or biometrics appointment notice, please see the back of this notice for important information     Form I-797C  04/01/19

# EXHIBIT C

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE | NOTICE DATE |
|---|---|
| Receipt | November 14, 2020 |
| **CASE TYPE** | **USCIS ALIEN NUMBER** |
| I-485, Application to Register Permanent Residence or Adjust Status | A219643492 |

| RECEIPT NUMBER | RECEIVED DATE | PAGE |
|---|---|---|
| MSC2190219893 | October 06, 2020 | 1 of 1 |

| PRIORITY DATE | PREFERENCE CLASSIFICATION | DATE OF BIRTH |
|---|---|---|
| October 06, 2020 | Immediate Relative of U.S. citizen | March 21, 1987 |

OPEYEMI K. BISIRIYU
3200 SWEETWATER RD APT 1420
LAWRENCEVILLE, GA 30044

7   00002071

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $1,140.00 |
| Biometrics Fee: | $85.00 |
| Total Amount Received: | $1,225.00 |
| Total Balance Due: | $0.00 |

NAME AND MAILING ADDRESS

We have received your form and are currently processing the above case. If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

ACTION COMPLETE
APPROVED FOR FILING
LX2336
Initials:
FCQ/Unit  NBC.
12/18/20
Date

| **USCIS Office Address:** | **USCIS Contact Center Number:** |
|---|---|
| USCIS | (800)375-5283 |
| National Benefits Center | |
| P.O. Box 648003 |  |
| Lee's Summit, MO  64002 | |

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.          Form I-797C  04/01/19

# EXHIBIT D

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE | | NOTICE DATE |
|---|---|---|
| Receipt | | January 26, 2021 |
| **CASE TYPE** | | **USCIS ALIEN NUMBER** |
| I-130, Petition for Alien Relative | | |
| **RECEIPT NUMBER** | **RECEIVED DATE** | **PAGE** |
| MSC2190707825 | January 13, 2021 | 1 of 1 |
| **PRIORITY DATE** | **PREFERENCE CLASSIFICATION** | **DATE OF BIRTH** |
| January 13, 2021 | 201 B INA MINOR CHILD OF USC | November 14, 1981 |

**PAYMENT INFORMATION:**

QUENTIN R. DUMAS
3400 SWEETWATER RD APT 1420
LAWRENCEVILLE, GA 30044          20          00005650

| | |
|---|---|
| Application/Petition Fee: | $535.00 |
| Total Amount Received: | $535.00 |
| Total Balance Due: | $0.00 |

APPLICANT/PETITIONER NAME AND MAILING ADDRESS

We have received your form and are currently processing the above case for the following beneficiaries:

| Name | Date of Birth | Country of Birth | Class (If Applicable) |
|---|---|---|---|
| BAMITOGBA, KIKIDAOPE | 11/6/2014 | NIGERIA | |

If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**

USCIS
National Benefits Center
P.O. Box 648003
Lee's Summit, MO 64002

**USCIS Contact Center Number:**

(800)375-5283
APPLICANT COPY





If this is an interview or biometrics appointment notice, please see the back of this notice for important information.          Form I-797C  04/01/19

# EXHIBIT E

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE | NOTICE DATE |
|---|---|
| Receipt | November 14, 2020 |
| **CASE TYPE** | **USCIS ALIEN NUMBER** |
| I-130, Petition for Alien Relative | |

| RECEIPT NUMBER | RECEIVED DATE | PAGE |
|---|---|---|
| MSC2190219898 | October 06, 2020 | 1 of 1 |
| **PRIORITY DATE** | **PREFERENCE CLASSIFICATION** | **DATE OF BIRTH** |
| October 06, 2020 | 201 B INA MINOR CHILD OF USC | November 14, 1981 |

QUENTIN R. DUMAS
3400 SWEETWATER RD APT 1420
LAWRENCEVILLE, GA  30044

7      00002068

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $535.00 |
| Total Amount Received: | $535.00 |
| Total Balance Due: | $0.00 |

|ᴵ|ᵘᵖᵖᵘᵗ|ᵈ|ᵖ|ᵈ|ᴵᵈ|ᴵᴵ|ᵐᵖᵈᵗ|ᴵᵐᵘᴵᴵᴵᴵᴵ|ᵉᴵᵗᴵᵘᴵ|ᵈᴵᵖᴵᵈᴵᵖᴵᵖ|ᴵᵘ|

APPLICANT/PETITIONER NAME AND MAILING ADDRESS

We have received your form and are currently processing the above case for the following beneficiaries:

```
Name                    Date of Birth      Country of Birth    Class (If Applicable)
BAMITOGBA, MOFARAMOLUWA  10/6/2016          NIGERIA
```

If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**

USCIS
National Benefits Center
P.O. Box 648003
Lee's Summit, MO  64002

**USCIS Contact Center Number:**

(800)375-5283
APPLICANT COPY





If this is an interview or biometrics appointment notice, please see the back of this notice for important information.        Form I-797C  04/01/19

# EXHIBIT F

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE | NOTICE DATE |
|---|---|
| Receipt | January 26, 2021 |

| CASE TYPE | USCIS ALIEN NUMBER |
|---|---|
| I-485, Application to Register Permanent Residence or Adjust Status | A219691121 |

| RECEIPT NUMBER | RECEIVED DATE | PAGE |
|---|---|---|
| MSC2190707824 | January 13, 2021 | 1 of 1 |

| PRIORITY DATE | PREFERENCE CLASSIFICATION | DATE OF BIRTH |
|---|---|---|
| January 13, 2021 | Immediate Relative of U.S. citizen | November 06, 2014 |

KIKIDAOPE A. BAMITOGBA
3400 SWEETWATER RD APT 1420
LAWRENCEVILLE, GA  30044

20  00005647

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $750.00 |
| Total Amount Received: | $750.00 |
| Total Balance Due: | $0.00 |

ԱՅԱ|Ա|Ա|||ԱԱ||ԱԱ|||||||||||ԱԱԱ||||||

NAME AND MAILING ADDRESS

We have received your form and are currently processing the above case. If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**

USCIS
National Benefits Center
P.O. Box 648003
Lee's Summit, MO  64002

**USCIS Contact Center Number:**

(800)375-5283



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.    Form I-797C  04/01/19

# EXHIBIT G

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE | NOTICE DATE |
|---|---|
| Receipt | November 14, 2020 |

| CASE TYPE | USCIS ALIEN NUMBER |
|---|---|
| I-485, Application to Register Permanent Residence or Adjust Status | A219643493 |

| RECEIPT NUMBER | RECEIVED DATE | PAGE |
|---|---|---|
| MSC2190219897 | October 06, 2020 | 1 of 1 |

| PRIORITY DATE | PREFERENCE CLASSIFICATION | DATE OF BIRTH |
|---|---|---|
| October 06, 2020 | Immediate Relative of U.S. citizen | October 06, 2016 |

MOFARAMOLUWA A. BAMITOGBA
3400 SWEETWATER RD APT 1420
LAWRENCEVILLE, GA 30044

7   00002070

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $750.00 |
| Total Amount Received: | $750.00 |
| Total Balance Due: | $0.00 |

NAME AND MAILING ADDRESS

We have received your form and are currently processing the above case. If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**

USCIS
National Benefits Center
P.O. Box 648003
Lee's Summit, MO 64002

**USCIS Contact Center Number:**

(800)375-5283





If this is an interview or biometrics appointment notice, please see the back of this notice for important information.   Form I-797C  04/01/19

# EXHIBIT H



**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| ASC Appointment Notice | CASE TYPE 1485; I765 | | | NOTICE DATE 01/23/2021 |
|---|---|---|---|---|
| APPLICATION/PETITION/REQUEST NUMBER MSC2190219893; MSC2190219896 | | USCIS A# A219 643 492 | | CODE 3 |
| ACCOUNT NUMBER | TCR | SERVICE CENTER NBC | | PAGE 1 of 2 |

OPEYEMI KANYINSOLA BISIRIYU
c/o ERIC NIBA
NIBA AND ASSOCIATES LLC
5825 GLENRIDGE DR BLDG 3 STE 101
ATLANTA  GA  30328



To process your application, petition, or request, the U. S. Citizenship & Immigration Services (USCIS) must capture your biometrics.
**PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER (ASC) AT THE DATE AND TIME SPECIFIED.**
**IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPLICATION, PETITION, OR REQUEST WILL BE CONSIDERED ABANDONED.**

| APPLICATION SUPPORT CENTER | PLEASE READ THIS ENTIRE NOTICE CAREFULLY. |
|---|---|
| USCIS ATLANTA | DATE AND TIME OF APPOINTMENT |
| 3358B Chamblee Tucker Road | 02/19/2021 |
| Atlanta GA  30341 | 09:00AM |

WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR BIOMETRICS TAKEN, YOU MUST BRING:
**1. THIS APPOINTMENT NOTICE and**
**2. PHOTO IDENTIFICATION.** Naturalization applicants must bring their Alien Resident Card. All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, you will not be fingerprinted.

**CELL PHONES, CAMERAS, OR OTHER RECORDING DEVICES ARE NOT PERMITTED.**

**NOTE:** USCIS may use your fingerprints to check the criminal history records of the FBI. You may obtain a copy of your own FBI identification record using the procedures outlined within Title 28 C.F.R., Section 16.32. The procedures to change, correct, or update your FBI identification record are outlined within Title 28, C.F.R., Section 16.34.

**NOTE:** If the USCIS ASC is <u>closed</u> due to inclement weather or for other unforeseen circumstances, USCIS will <u>**automatically reschedule**</u> your appointment for the next available appointment date and mail you a notice with the new date and time.

### REQUEST FOR RESCHEDULING

☐ **Please reschedule my appointment.** Once USCIS receives your request, you will be sent a new appointment notice. Make a copy of this notice for your records, then mail the original with your request to BPU, Alexandria ASC, Suite 100, 8850 Richmond Hwy, Alexandria, VA 22309-1586

| APPLICATION NUMBER | APPLICATION NUMBER 2 |
|---|---|
| I485 - MSC2190219893 | I765 - MSC2190219896 |
|  |  |

If you have any questions regarding this notice, please contact the USCIS Contact Center at **1-800-375-5283.**

**WARNING:** *Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the biometrics worksheet should accompany you. If you have open wounds or bandages/casts when you appear, the USCIS may reschedule your appointment if it is determined your injuries will interfere with taking your biometrics.*

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.          Form I-797C  04/01/19

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.



### Important Changes to Biometrics Services Appointments Related to COVID-19

As USCIS resumes biometrics services at our Application Support Centers (ASC), we want to protect the safety of our workforce and you. **Please see below:**

**Appointments**

- You must have a scheduled appointment before arriving at a USCIS office. Only appear on your scheduled date and time.
- Do not arrive more than 15 minutes before your appointment. Only military members may appear without an appointment.
- Fill out the Applicant Information Worksheet below and bring it to your appointment to complete the biometric collection process.
- If you are ill, you should reschedule your appointment. Follow the instructions on your appointment notice to reschedule.
- On the day of your appointment, please check for office closures or other important information here: www.uscis.gov/about-us/uscis-office-closings.
- You may not enter a USCIS facility if you:
  - Have any symptoms of COVID-19, including recently developed cough, fever, difficulty breathing, changes in smell or taste or fatigue (list is not all-inclusive);
  - Have been in close contact with anyone known or suspected to have COVID-19 in the last 14 days;
  - Have been instructed to self-quarantine or self-isolate by a health care provider, public health authority or government agency within the last 14 days; or
  - Are awaiting the results of a COVID-19 test.

**Face coverings and Social Distancing:**

- In order to enter the facility, you must wear a face covering while visiting the ASC. USCIS may deny entry if you do not wear a face covering.
- Do not bring additional individuals or family members with you to your appointment. Only interpreters, attorneys or those providing needed assistance if you are disabled will be permitted to accompany you, and will be required to wear a face covering.
- You will be required to follow social distancing guidance when you arrive, such as sitting and standing apart from others.

### APPLICANT'S INFORMATION WORKSHEET (AIW)

**NAME:** _____

        FIRST                  MIDDLE            LAST

**LIST ANY OTHER NAMES USED (MAIDEN NAME, PREVIOUS MARRIAGE, ALIAS, ETC.):**

1) _____

        FIRST                   MIDDLE            LAST

2) _____

        FIRST                   MIDDLE            LAST

**DATE OF BIRTH:** _____

           MONTH     DAY     YEAR

**COUNTRY OF BIRTH:** _____    **COUNTRY OF CITIZENSHIP:** _____

**GENDER: (CHECK ONE)**      **RACE: (CHECK ONE)**
- ☐ MALE             ☐ ASIAN             ☐ NATIVE AMERICAN
- ☐ FEMALE         ☐ BLACK             ☐ UNKNOWN
- ☐ OTHER          ☐ CAUCASIAN/LATINO

**EYE COLOR: (CHECK ONE)**             **HAIR COLOR: (CHECK ONE)**

| | | | |
|---|---|---|---|
| ☐ BLACK | ☐ HAZEL | ☐ BALD | ☐ ORANGE |
| ☐ BLUE | ☐ MAROON | ☐ BLACK | ☐ PINK |
| ☐ BROWN | ☐ MULTICOLOR | ☐ BLOND OR STRAWBERRY | ☐ PURPLE |
| ☐ GRAY | ☐ PINK | ☐ BLUE | ☐ RED OR AUBURN |
| ☐ GREEN | ☐ UNKNOWN | ☐ BROWN | ☐ SANDY |
| | | ☐ GRAY | ☐ WHITE |
| | | ☐ GREEN | ☐ UNKNOWN |

**HEIGHT:** _____  **OR**  _____  **WEIGHT:** _____  **OR**  _____
      FEET/INCHES       CENTIMETERS           POUNDS        KILOGRAMS

When you provide your digital signature, you will be attesting to the following:

I declare under penalty of perjury that I have reviewed and understand the document(s) identified by the receipt number displayed on the screen above, and that all the information in these materials is complete, true, and correct. This includes any application, petition, or request that I submitted, that I provided on behalf of my derivative beneficiary; that was submitted on my behalf; and supporting documents, applications, petitions, or requests filed with my application, petition, or request that I (or my attorney or accredited representative) filed with USCIS, or that was filed on my behalf.

### RETURN "AIW" TO APPLICANT

AIW: REVISED 10/26/2020

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.    Form I-797C 04/01/19

# EXHIBIT I

Department of Homeland Security
U.S. Citizenship and Immigration Services

Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| ASC Appointment Notice | | CASE TYPE I485; I765 | | | NOTICE DATE 06/25/2021 | |
|---|---|---|---|---|---|---|
| APPLICATION/PETITION/REQUEST NUMBER MSC2190707824; MSC2190707826 | | | | | USCIS A# A219 691 121 | CODE 2 |
| ACCOUNT NUMBER | | | TCR | | SERVICE CENTER NBC | PAGE 1 of 2 |

KIKIDAOPE AYOMIPOSI BAMITOGBA
c/o ERIC NIBA
NIBA AND ASSOCIATES LLC
5825 GLENRIDGE DR BLDG 3 STE 101
ATLANTA GA 30328



PLEASE READ THIS ENTIRE NOTICE CAREFULLY. To process your application, petition, or request, U.S. Citizenship and Immigration Services (USCIS) must collect your biometrics. Please appear at the below Application Support Center (ASC) at the date and time specified.

IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPOINTMENT MAY NOT BE RESCHEDULED. TO REQUEST THAT USCIS RESCHEDULE YOUR APPOINTMENT, SEE THE INSTRUCTIONS AT THE BOTTOM OF THIS NOTICE. IF USCIS DOES NOT RESCHEDULE YOUR APPOINTMENT, YOUR APPLICATION, PETITION, OR REQUEST WILL BE CONSIDERED ABANDONED AND DENIED.

| APPLICATION SUPPORT CENTER USCIS ATLANTA 3358D Chamblee Tucker Road Atlanta GA 30341 | DATE AND TIME OF APPOINTMENT 07/21/2021 12:00PM |
|---|---|

WHEN YOU APPEAR AT THE ASC FOR BIOMETRICS SUBMISSION, YOU MUST BRING:

1.  THIS APPOINTMENT NOTICE. If you received multiple ASC notices, bring all notices to your first appointment, and
2.  PHOTO IDENTIFICATION. Your biometrics will not be collected without identification. You must bring a valid government-issued photo identification document. If the name on your identification is different than the name on your ASC notice, bring supporting documentation. If you filed an Application for Naturalization (Form N-400) or Application to Replace Permanent Resident Card (Form I-90), you must bring your Permanent Resident Card (also known as a Green Card).

Only those necessary to assist you with transportation or completion of the biometrics worksheet should accompany you to your ASC appointment. If you have open wounds, bandages, or casts when you appear for biometrics submission, USCIS may reschedule your appointment if we determine your injuries may interfere with biometrics submission. Please do not visit a USCIS office if you are sick or feel any symptoms of being sick. Follow the instructions on this notice to reschedule your appointment.

You may bring cell phones or electronic devices, but they must be turned off during biometrics collection. No one may photograph or record at an ASC.

For more information regarding your ASC appointment, visit https://www.uscis.gov/forms/forms-information/preparing-your-biometric-services-appointment. If you have questions regarding this notice, please call the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833).

NOTE: If an ASC closes due to inclement weather or unforeseen circumstances, USCIS will automatically reschedule your appointment for the next available date and time. For the latest information on the status of an office, visit https://www.uscis.gov/about-us/uscis-office-closings. Please check this page on the day of your appointment. If USCIS reschedules your appointment for any reason, you will receive a new ASC appointment notice.

To ensure you receive all correspondence from USCIS, you must update your address if you move. For instructions, visit https://www.uscis.gov/addresschange.

USCIS may use your biometrics to check the criminal history records of the FBI, for identity verification, to determine eligibility, to create immigration documents (e.g., Green Card, Employment Authorization Document, etc.), or any purpose authorized by the Immigration and Nationality Act. You may obtain a copy of your own FBI record using the procedures outlined within Title 28 C.F.R., Section 16.32. For information, please visit https://www.fbi.gov/services/cjis/identity-history-summary-checks. For Privacy Act information, please visit https://www.fbi.gov/services/cjis/compact-council/privacy-act-statement.

### REQUESTS TO RESCHEDULE/SPECIAL HANDLING

If you are unable to attend your scheduled ASC appointment, you may request that USCIS reschedule your appointment by calling the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833). Your request to reschedule must: 1) be made before the date and time of the original appointment and 2) establish good cause for rescheduling. If you fail to make a request before your scheduled appointment or fail to establish good cause, USCIS may not reschedule your ASC appointment. If USCIS does not reschedule your appointment, your application, petition, or request will be considered abandoned and denied.

If you have a serious ongoing medical condition and you cannot leave your home/hospital, you may request a mobile biometrics/homebound appointment by following the instructions on the back in the Notice for People with Disabilities or by visiting uscis.gov/accommodations.

APPLICATION NUMBER
I485- MSC2190707824



APPLICATION NUMBER 2
I765- MSC2190707826



If you have any questions regarding this notice, please contact the USCIS Contact Center at 1-800-375-5283.

Department of Homeland Security
U.S. Citizenship and Immigration Services

Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

### Important Changes to Biometrics Services Appointments Related to COVID-19

#### Appointments

- You must have a scheduled appointment before arriving at a USCIS office. Only appear on your scheduled date and time.
- Do not arrive more than 15 minutes before your appointment. Only military members may appear without an appointment.
- Fill out the Applicant Information Worksheet below and bring it to your appointment to complete the biometric collection process.
- If you are ill, you should reschedule your appointment. Follow the instructions on your appointment notice to reschedule.
- On the day of your appointment, please check for office closures or other important information here: www.uscis.gov/about-us/uscis-office-closings.
- You may NOT enter a USCIS facility if you answer YES to any of the following questions:
  - Do you have COVID-19 or any symptoms of COVID-19 to include coughing, fever, difficulty breathing, new loss of smell or taste, fatigue, muscle aches, headache, congestion, sore throat, or vomiting?
  - If not fully vaccinated (a person is considered fully vaccinated two weeks after receiving the last recommended dose of vaccine), in the past 14 days, have you been in close contact (within six feet for 15 minutes or more) with anyone known to have COVID-19?
  - If not fully vaccinated (a person is considered fully vaccinated two weeks after receiving the last recommended dose of vaccine), in the past 10 days, have you returned from domestic air, international air, or cruise ship travel?
  - In the past 14 days, have you been instructed by a health care provider, public health authority, or government entity to self-isolate or self-quarantine?

#### Face coverings:

- All visitors 2 years of age or older who have not been fully vaccinated must wear facial coverings.
- Do not bring additional individuals or family members with you to your appointment. Only interpreters, attorneys, or those providing needed assistance if you are disabled will be permitted to accompany you and will be required to wear a face covering if not fully vaccinated.

### APPLICANT'S INFORMATION WORKSHEET (AIW)

NAME: _____
          FIRST                          MIDDLE                          LAST

LIST ANY OTHER NAMES USED (MAIDEN NAME, PREVIOUS MARRIAGE, ALIAS, ETC.):

1) _____
          FIRST                          MIDDLE                          LAST

2) _____
          FIRST                          MIDDLE                          LAST

DATE OF BIRTH: _____
                        MONTH        DAY        YEAR

COUNTRY OF BIRTH: _____    COUNTRY OF CITIZENSHIP: _____

GENDER: (CHECK ONE)         RACE: (CHECK ONE)
- [ ] MALE                  - [ ] ASIAN              - [ ] NATIVE AMERICAN
- [ ] FEMALE                - [ ] BLACK              - [ ] UNKNOWN
- [ ] OTHER                 - [ ] CAUCASIAN/LATINO

EYE COLOR: (CHECK ONE)                          HAIR COLOR: (CHECK ONE)
- [ ] BLACK      - [ ] HAZEL          - [ ] BALD                      - [ ] ORANGE
- [ ] BLUE       - [ ] MAROON         - [ ] BLACK                     - [ ] PINK
- [ ] BROWN      - [ ] MULTICOLOR     - [ ] BLOND OR STRAWBERRY       - [ ] PURPLE
- [ ] GRAY       - [ ] PINK           - [ ] BLUE                      - [ ] RED OR AUBURN
- [ ] GREEN      - [ ] UNKNOWN        - [ ] BROWN                     - [ ] SANDY
                                      - [ ] GRAY                      - [ ] WHITE
                                      - [ ] GREEN                     - [ ] UNKNOWN

HEIGHT: _____    OR    _____    WEIGHT: _____    OR    _____
          FEET/INCHES        CENTIMETERS                POUNDS                KILOGRAMS

When you provide your digital signature, you will be attesting to the following:

*I declare under penalty of perjury that I have reviewed and understand the document(s) identified by the receipt number displayed on the screen above, and that all the information in these materials is complete, true, and correct. This includes any:*

- *application, petition, or request that I submitted;*
- *application, petition, or request that I provided on behalf of my derivative beneficiary;*
- *application, petition, or request that was submitted on my behalf; and*
- *supporting documents, applications, petitions, or requests filed with my application, petition, or request that I (or my attorney or accredited representative) filed with USCIS, or that was filed on my behalf.*

### RETURN "AIW" TO APPLICANT

AIW: Revised 17 MAY 20

# EXHIBIT J

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| ASC Appointment Notice | CASE TYPE<br>I765 - APPLICATION FOR EMPLOYMENT AUTHORIZATION | | NOTICE DATE<br>06/25/2021 |
|---|---|---|---|
| APPLICATION/PETITION/REQUEST NUMBER<br>MSC2190219899 | | USCIS A#<br>A219 643 493 | CODE<br>2 |
| ACCOUNT NUMBER | TCR | SERVICE CENTER<br>NBC | PAGE<br>1 of 2 |



MOFARAWAMOLUWA AYOKUNNUMI BAMITOGBA
c/o ERIC NIBA
NIBA AND ASSOCIATES LLC
5825 GLENRIDGE DR BLDG 3 STE 101
ATLANTA GA 30328

PLEASE READ THIS ENTIRE NOTICE CAREFULLY. To process your application, petition, or request, U.S. Citizenship and Immigration Services (USCIS) must collect your biometrics. Please appear at the below Application Support Center (ASC) at the date and time specified.

IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPOINTMENT MAY NOT BE RESCHEDULED. TO REQUEST THAT USCIS RESCHEDULE YOUR APPOINTMENT, SEE THE INSTRUCTIONS AT THE BOTTOM OF THIS NOTICE. IF USCIS DOES NOT RESCHEDULE YOUR APPOINTMENT, YOUR APPLICATION, PETITION, OR REQUEST WILL BE CONSIDERED ABANDONED AND DENIED.

| APPLICATION SUPPORT CENTER<br>USCIS ATLANTA<br>3358B Chamblee Tucker Road<br>Atlanta GA 30341 | DATE AND TIME OF APPOINTMENT<br>07/22/2021<br>09:00AM |
|---|---|

WHEN YOU APPEAR AT THE ASC FOR BIOMETRICS SUBMISSION, YOU MUST BRING:

1.  THIS APPOINTMENT NOTICE. If you received multiple ASC notices, bring all notices to your first appointment, and
2.  PHOTO IDENTIFICATION. Your biometrics will not be collected without identification. You must bring a valid government-issued photo identification document. If the name on your identification is different than the name on your ASC notice, bring supporting documentation. If you filed an Application for Naturalization (Form N-400) or Application to Replace Permanent Resident Card (Form I-90), you must bring your Permanent Resident Card (also known as a Green Card).

Only those necessary to assist you with transportation or completion of the biometrics worksheet should accompany you to your ASC appointment. If you have open wounds, bandages, or casts when you appear for biometrics submission, USCIS may reschedule your appointment if we determine your injuries may interfere with biometrics submission. Please do not visit a USCIS office if you are sick or feel any symptoms of being sick. Follow the instructions on this notice to reschedule your appointment.

You may bring cell phones or electronic devices, but they must be turned off during biometrics collection. No one may photograph or record at an ASC.

For more information regarding your ASC appointment, visit https://www.uscis.gov/forms/forms-information/preparing-your-biometric-services-appointment. If you have questions regarding this notice, please call the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833).

NOTE: If an ASC closes due to inclement weather or unforeseen circumstances, USCIS will automatically reschedule your appointment for the next available date and time. For the latest information on the status of an office, visit https://www.uscis.gov/about-us/uscis-office-closings. Please check this page on the day of your appointment. If USCIS reschedules your appointment for any reason, you will receive a new ASC appointment notice.

To ensure you receive all correspondence from USCIS, you must update your address if you move. For instructions, visit https://www.uscis.gov/addresschange.

USCIS may use your biometrics to check the criminal history records of the FBI, for identity verification, to determine eligibility, to create immigration documents (e.g., Green Card, Employment Authorization Document, etc.), or any purpose authorized by the Immigration and Nationality Act. You may obtain a copy of your own FBI record using the procedures outlined within Title 28 C.F.R., Section 16.32. For information, please visit https://www.fbi.gov/services/cjis/identity-history-summary-checks. For Privacy Act information, please visit https://www.fbi.gov/services/cjis/compact-council/privacy-act-statement.

REQUESTS TO RESCHEDULE/SPECIAL HANDLING

If you are unable to attend your scheduled ASC appointment, you may request that USCIS reschedule your appointment by calling the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833). **Your request to reschedule must: 1) be made before the date and time of the original appointment and 2) establish good cause for rescheduling.** If you fail to make a request before your scheduled appointment or fail to establish good cause, USCIS may not reschedule your ASC appointment. If USCIS does not reschedule your appointment, your application, petition, or request will be considered abandoned and denied.

If you have a serious ongoing medical condition and you cannot leave your home/hospital, you may request a mobile biometrics/homebound appointment by following the instructions on the back in the Notice for People with Disabilities or by visiting uscis.gov/accommodations.

APPLICATION NUMBER
I765- MSC2190219899



If you have any questions regarding this notice, please contact the USCIS Contact Center at 1-800-375-5283.

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.



### Important Changes to Biometrics Services Appointments Related to COVID-19

**Appointments**

- You must have a scheduled appointment before arriving at a USCIS office. Only appear on your scheduled date and time.
- Do not arrive more than 15 minutes before your appointment. Only military members may appear without an appointment.
- Fill out the Applicant Information Worksheet below and bring it to your appointment to complete the biometric collection process.
- If you are ill, you should reschedule your appointment. Follow the instructions on your appointment notice to reschedule.
- On the day of your appointment, please check for office closures or other important information here: www.uscis.gov/about-us/uscis-office-closings.
- You may NOT enter a USCIS facility if you answer YES to any of the following questions:
  - Do you have COVID-19 or any symptoms of COVID-19 to include coughing, fever, difficulty breathing, new loss of smell or taste, fatigue, muscle aches, headache, congestion, sore throat, or vomiting?
  - If not fully vaccinated (a person is considered fully vaccinated two weeks after receiving the last recommended dose of vaccine), in the past 14 days, have you been in close contact (within six feet for 15 minutes or more) with anyone known to have COVID-19?
  - If not fully vaccinated (a person is considered fully vaccinated two weeks after receiving the last recommended dose of vaccine), in the past 10 days, have you returned from domestic air, international air, or cruise ship travel?
  - In the past 14 days, have you been instructed by a health care provider, public health authority, or government entity to self-isolate or self-quarantine?

**Face coverings:**

- All visitors 2 years of age or older who have not been fully vaccinated must wear facial coverings.
- Do not bring additional individuals or family members with you to your appointment. Only interpreters, attorneys, or those providing needed assistance if you are disabled will be permitted to accompany you and will be required to wear a face covering if not fully vaccinated.

### APPLICANT'S INFORMATION WORKSHEET (AIW)

NAME: _____

        FIRST                     MIDDLE                     LAST

LIST ANY OTHER NAMES USED (MAIDEN NAME, PREVIOUS MARRIAGE, ALIAS, ETC.):

1) _____

        FIRST                     MIDDLE                     LAST

2) _____

        FIRST                     MIDDLE                     LAST

DATE OF BIRTH: _____

                 MONTH     DAY     YEAR

COUNTRY OF BIRTH: _____    COUNTRY OF CITIZENSHIP: _____

GENDER: (CHECK ONE)           RACE: (CHECK ONE)
- [ ] MALE                [ ] ASIAN              [ ] NATIVE AMERICAN
- [ ] FEMALE          [ ] BLACK              [ ] UNKNOWN
- [ ] OTHER          [ ] CAUCASIAN/LATINO

EYE COLOR: (CHECK ONE)              HAIR COLOR: (CHECK ONE)
- [ ] BLACK     [ ] HAZEL        [ ] BALD                  [ ] ORANGE
- [ ] BLUE      [ ] MAROON     [ ] BLACK               [ ] PINK
- [ ] BROWN    [ ] MULTICOLOR  [ ] BLOND OR STRAWBERRY  [ ] PURPLE
- [ ] GRAY      [ ] PINK       [ ] BLUE                [ ] RED OR AUBURN
- [ ] GREEN    [ ] UNKNOWN    [ ] BROWN              [ ] SANDY
-                           [ ] GRAY               [ ] WHITE
-                           [ ] GREEN            [ ] UNKNOWN

HEIGHT: _____ OR _____    WEIGHT: _____ OR _____

       FEET/INCHES      CENTIMETERS         POUNDS         KILOGRAMS

When you provide your digital signature, you will be attesting to the following:

*I declare under penalty of perjury that I have reviewed and understand the document(s) identified by the receipt number displayed on the screen above, and that all the information in these materials is complete, true, and correct. This includes any:*

- *application, petition, or request that I submitted;*
- *application, petition, or request that I provided on behalf of my derivative beneficiary;*
- *application, petition, or request that was submitted on my behalf; and*
- *supporting documents, applications, petitions, or requests filed with my application, petition, or request that I (or my attorney or accredited representative) filed with USCIS, or that was filed on my behalf.*

### RETURN "AIW" TO APPLICANT

AIW: Revised 17 MAY 202_

# EXHIBIT K

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| REQUEST FOR APPLICANT TO APPEAR FOR INITIAL INTERVIEW | **Notice Date** December 16, 2021 |
|---|---|
| **Case Type** FORM I485. APPLICATION TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS | **A#** A219 643 492 |
| **Receipt Number** MSC2190219893 | **Received Date** October 06, 2020 | **Priority Date** | **Page** 1 of 2 |

OPEYEMI KANYINSOLA BISIRIYU
302 BRAEMORE MILL DR
LAWRENCEVILLE GA 30044



A Number

Receipt Number

You are notified to appear before a USCIS officer regarding the application identified above and any supporting applications or petitions at the date, time, and place indicated below. *Failure to appear for the scheduled appointment and/or failure to bring the below listed items will result in the denial of your application.* (8 CFR 103.2 (b)(13))

> To ensure visitor and employee health and safety, please pay special attention to the sections entitled, *"COVID-19 Safety Precautions" and "Who should come with you?"*

**YOU MUST APPEAR FOR THIS INTERVIEW** - However, if you are ill, have any symptoms of illness, have returned from domestic, international, or cruise ship travel within the past 10 days (unless you are fully vaccinated); have been instructed to self-isolate or self-quarantine in the past 14 days, or had close contact with anyone known to have COVID-19 within the past 14 days (unless you are fully vaccinated or you are a health care worker and consistently wear an N95 respirator and proper personal protective equipment (PPE) or equivalent when in contact with COVID-19 positive individuals); or are at heightened risk due to age or an underlying health condition and would like to reschedule your appointment, call the U.S. Citizenship and Immigration Services (USCIS) Contact Center at 1-800-375-5283 (TTY 1-800-767-1833) as soon as possible to reschedule your appointment. There is no penalty for requesting that your appointment be rescheduled. Being fully vaccinated for COVID-19 is defined as at least 2 weeks after the second dose of Pfizer and Moderna vaccine, or 2 weeks after the single J&J vaccine.

**COVID-19 Safety Precautions** - To ensure the health and safety of all who enter USCIS offices, you must take the following safety precautions when arriving for your interview:
- DO NOT arrive more than 15 minutes prior to your interview time. You will not be permitted entry into the office until 15 minutes before your interview.
- If your area has high or substantial COVID-19 transmission rates per the CDC, you and anyone permitted to come with you to your interview (as explained in the section, "Who should come with you?" below) must wear a face covering that covers both the mouth and nose while inside USCIS facilities. Masks with exhaust valves, neck gaiters, or bandanas are not allowed. If you do not have an acceptable face covering, we may offer a replacement or reschedule our appointment.
- Follow local USCIS guidance on social distancing while inside USCIS facilities.
- You may have to answer health screening questions before entering.
- Bring a black or blue ink pen with you to your interview.

**Who should come with you?** *Only the following people may come with you to your interview:*
- If you do not speak English fluently and are eligible to take the interview in a language other than English, you should arrange to have an interpreter available by phone. Do not bring an interpreter to the interview. If you need a Sign Language Interpreter or Certified Deaf Interpreter, call the USCIS Contact Center at 1-800-375-5283 as soon as possible.
- Your attorney or authorized representative may come with you to the interview, or be available via phone.
- If you have a disability and have an individual who assists you, that individual may come with you.

## YOU MUST BRING THE FOLLOWING ITEMS WITH YOU: (Please use as a checklist to prepare for your interview)
- This Interview Notice and your Government issued photo identification.
- If required, a completed Form I-693, Report of Medical Examination and Vaccination Record, and/or vaccination supplement in a sealed envelope (unless already submitted). Please see the Form I-693 Instructions for guidance on whether you need a complete medical examination, an updated vaccine supplement only, or neither.
- If required, a completed Form I-864, Affidavit(s) of Support, with all required evidence (unless already submitted). Please see the Form I-864 Instructions for guidance on whether you need a Form I-864. Required evidence for each of your sponsors includes, but is not limited to, the following:
  - Federal Income Tax returns and W-2's, or certified IRS printouts, for the most recent tax year;
  - Letters from each current employer, verifying current rate of pay and average weekly hours, and pay stubs for the past 2 months;
  - Evidence of your sponsor's and/or co-sponsor's United States Citizenship or Lawful Permanent Resident status.
- All documentation establishing your eligibility for Lawful Permanent Resident status. This includes, but is not limited to, proof of status as an asylee, refugee, or a fiancé(e) nonimmigrant.
- Any immigration-related documentation ever issued to you, including any Form I-766, Employment Authorization Document (EAD); Form I-512, Authorization for Advance Parole; and Form I-571, Refugee Travel Document.
- All travel documents used to enter the United States, including Passports; Form I-512, Authorization for Advance Parole; Form I-571 Refugee Travel Document; and Form I-94, Arrival/Departure Record.
- Your Birth Certificate.
- If your Form I-485 is based on a petition filed by a family member, your petitioner's Birth Certificate and your petitioner's evidence of United States Citizenship or Lawful Permanent Resident Status.
- If you have children, bring a Birth Certificate for each of them.
- If your eligibility is based on your marriage, in addition to your spouse coming to the interview with you, bring:
  - A certified copy of your Marriage Document issued by the appropriate civil authority;

**If you have questions, please call the USCIS Contact Center at 1-800-375-5283 (hearing impaired TTY service is 1-800-767-1833)**

| **PLEASE COME TO:** U.S. Citizenship and Immigration Services 2150 PARKLAKE DRIVE ATLANTA, GA 30345 | **ON: Thursday, January 20, 2022** **AT: 08:00AM** |
|---|---|
| 1 | |

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.



| REQUEST FOR APPLICANT TO APPEAR FOR INITIAL INTERVIEW | | Notice Date<br>December 16, 2021 |
|---|---|---|
| Case Type<br>FORM I485, APPLICATION TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS | | A#<br>A219 643 492 |
| Receipt Number<br>MSC2190219893 | Received Date<br>October 06, 2020 | Priority Date | Page<br>2 of 2 |

- • Your spouse's Birth Certificate;
- • Your spouse's evidence of United States Citizenship or Lawful Permanent Resident status;
- • If either you or your spouse were ever married before, all divorce decrees/death certificates for each prior marriage;
- • Birth Certificates for all children of this marriage, and custody papers for your children and for your spouse's children not living with you;
- • Supporting evidence of your relationship, such as copies of any documentation regarding joint assets or liabilities you and your spouse may have together. This may include: tax returns, bank statements, insurance documents (car, life, health), property documents (car, house, etc.), rental agreements, utility bills, credit cards, contracts, leases, photos, correspondence and/or any other documents you feel may substantiate your relationship.
- • The originals and copies of each supporting document that you submitted with your application. Otherwise, we may keep your originals for our records.
- • If you have ever been arrested, bring the related Police Report and the original or certified Final Court Disposition for each arrest, even if the charges have been dismissed or expunged. If no court record is available, bring a letter from the court with jurisdiction indicating this.
- • A certified English translation for each foreign language document. The translator must certify they are fluent in both languages, and that the translation in its entirety is complete and accurate.

**NOTE:** For asylee and refugee I-485 applicants, we do not require some of the items listed above. Please refer to the Form I-485 Instructions for detailed guidance. For asylee and refugee Form I-485 applicants, your spouse does not need to come to the interview. Additionally, for arrests and criminal records, asylee and refugee applicants are only required to provide records for arrests that occured in the United States.

To request a disability accommodation, go to www.uscis.gov/accommodations or call the USCIS Contact Center at 1-800-375-5283 (TTY: 1-800-767-1833) as soon as possible, even if you indicated on your application that you require an accommodation.

If you have questions, please call the USCIS Contact Center at 1-800-375-5283 (hearing impaired TTY service is 1-800-767-1833)

| PLEASE COME TO: U.S. Citizenship and Immigration Services<br>2150 PARKLAKE DRIVE<br>ATLANTA, GA 30345<br><br>2 | ON: **Thursday, January 20, 2022**<br>AT: **08:00AM** |
|---|---|

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| REQUEST FOR APPLICANT TO APPEAR FOR INITIAL INTERVIEW | | | **Notice Date** December 16, 2021 |
|---|---|---|---|
| **Case Type** FORM I485, APPLICATION TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS | | | **A#** A219 643 493 |
| **Receipt Number** MSC2190219897 | **Received Date** October 06, 2020 | **Priority Date** | **Page** 1 of 2 |

MOFARAMOLUWA AYOKUNNUMI BAMITOGBA
302 BRAEMORE MILL DR
LAWRENCEVILLE GA 30044



A Number

Receipt Number

You are notified to appear before a USCIS officer regarding the application identified above and any supporting applications or petitions at the date, time, and place indicated below. *Failure to appear for the scheduled appointment and/or failure to bring the below listed items will result in the denial of your application.* (8 CFR 103.2 (b)(13))

> *To ensure visitor and employee health and safety, please pay special attention to the sections entitled, "COVID-19 Safety Precautions" and "Who should come with you?"*

**YOU MUST APPEAR FOR THIS INTERVIEW** - However, if you are ill, have any symptoms of illness, have returned from domestic, international, or cruise ship travel within the past 10 days (unless you are fully vaccinated); have been instructed to self-isolate or self-quarantine in the past 14 days, or had close contact with anyone known to have COVID-19 within the past 14 days (unless you are fully vaccinated or you are a health care worker and consistently wear an N95 respirator and proper personal protective equipment (PPE) or equivalent when in contact with COVID-19 positive individuals); or are at heightened risk due to age or an underlying health condition and would like to reschedule your appointment, call the U.S. Citizenship and Immigration Services (USCIS) Contact Center at 1-800-375-5283 (TTY 1-800-767-1833) as soon as possible to reschedule your appointment. There is no penalty for requesting that your appointment be rescheduled. Being fully vaccinated for COVID-19 is defined as at least 2 weeks after the second dose of Pfizer and Moderna vaccine, or 2 weeks after the single J&J vaccine.

**COVID-19 Safety Precautions** - To ensure the health and safety of all who enter USCIS offices, you must take the following safety precautions when arriving for your interview:
- DO NOT arrive more than 15 minutes prior to your interview time. You will not be permitted entry into the office until 15 minutes before your interview.
- If your area has high or substantial COVID-19 transmission rates per the CDC, you and anyone permitted to come with you to your interview (as explained in the section, "Who should come with you?" below) must wear a face covering that covers both the mouth and nose while inside USCIS facilities. Masks with exhaust valves, neck gaiters, or bandanas are not allowed. If you do not have an acceptable face covering, we may offer a replacement or reschedule our appointment.
- Follow local USCIS guidance on social distancing while inside USCIS facilities.
- You may have to answer health screening questions before entering.
- Bring a black or blue ink pen with you to your interview.

**Who should come with you?** *Only the following people may come with you to your interview:*
- If you do not speak English fluently and are eligible to take the interview in a language other than English, you should arrange to have an interpreter available by phone. Do not bring an interpreter to the interview. If you need a Sign Language Interpreter or Certified Deaf Interpreter, call the USCIS Contact Center at 1-800-375-5283 as soon as possible.
- Your attorney or authorized representative may come with you to the interview, or be available via phone.
- If you have a disability and have an individual who will assist you, that individual may come with you.

**YOU MUST BRING THE FOLLOWING ITEMS WITH YOU:** (Please use as a checklist to prepare for your interview)
- This Interview Notice and your Government issued photo identification.
- If required, a completed Form-I693, Report of Medical Examination and Vaccination Record, and/or vaccination supplement in a sealed envelope (unless already submitted). Please see the Form I-693 Instructions for guidance on whether you need a complete medical examination, an updated vaccine supplement only, or neither.
- If required, a completed Form I-864, Affidavit(s) of Support, with all required evidence (unless already submitted). Please see the Form I-864 Instructions for guidance on whether you need a Form I-864. Required evidence for each of your sponsors includes, but is not limited to, the following:
  - Federal Income Tax returns and W-2's, or certified IRS printouts, for the most recent tax year;
  - Letters from each current employer, verifying current rate of pay and average weekly hours, and pay stubs for the past 2 months;
  - Evidence of your sponsor's and/or co-sponsor's United States Citizenship or Lawful Permanent Resident status.
- All documentation establishing your eligibility for Lawful Permanent Resident status. This includes, but is not limited to, proof of status as an asylee, refugee, or a fiancé(e) nonimmigrant.
- Any immigration-related documentation ever issued to you, including any Form I-766, Employment Authorization Document (EAD); Form I-512, Authorization for Advance Parole; and Form I-571, Refugee Travel Document.
- All travel documents used to enter the United States, including Passports; Form I-512, Authorization for Advance Parole; Form I-571 Refugee Travel Document; and Form I-94, Arrival/Departure Record.
- Your Birth Certificate.
- If your Form I-485 is based on a petition filed by a family member, your petitioner's Birth Certificate and your petitioner's evidence of United States Citizenship or Lawful Permanent Resident Status.
- If you have children, bring a Birth Certificate for each of them.
- If your eligibility is based on your marriage, in addition to your spouse coming to the interview with you, bring:
  - A certified copy of your Marriage Document issued by the appropriate civil authority.

**If you have questions, please call the USCIS Contact Center at 1-800-375-5283 (hearing impaired TTY service is 1-800-767-1833)**

| PLEASE COME TO: U.S. Citizenship and Immigration Services 2150 PARKLAKE DRIVE ATLANTA, GA 30345 | ON: **Thursday, January 20, 2022** AT: **08:00AM** |
|---|---|
| 1 | |

**If this is an interview or biometrics appointment notice, please see the back of this notice for important information.**          Form I-797C   04/01/19

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| REQUEST FOR APPLICANT TO APPEAR FOR INITIAL INTERVIEW | | Notice Date<br>December 16, 2021 |
|---|---|---|
| Case Type<br>FORM I485, APPLICATION TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS | | A#<br>A219 643 493 |
| Receipt Number<br>MSC2190219897 | Received Date<br>October 06, 2020 | Priority Date | Page<br>2 of 2 |

- • Your spouse's Birth Certificate;
- • Your spouse's evidence of United States Citizenship or Lawful Permanent Resident status;
- • If either you or your spouse were ever married before, all divorce decrees/death certificates for each prior marriage;
- • Birth Certificates for all children of this marriage, and custody papers for your children and for your spouse's children not living with you;
- • Supporting evidence of your relationship, such as copies of any documentation regarding joint assets or liabilities you and your spouse may have together. This may include: tax returns, bank statements, insurance documents (car, life, health), property documents (car, house, etc.), rental agreements, utility bills, credit cards, contracts, leases, photos, correspondence and/or any other documents you feel may substantiate your relationship.
- • The originals and copies of each supporting document that you submitted with your application. Otherwise, we may keep your originals for our records.
- • If you have ever been arrested, bring the related Police Report and the original or certified Final Court Disposition for each arrest, even if the charges have been dismissed or expunged. If no court record is available, bring a letter from the court with jurisdiction indicating this.
- • A certified English translation for each foreign language document. The translator must certify they are fluent in both languages, and that the translation in its entirety is complete and accurate.

**NOTE:** For asylee and refugee Form I-485 applicants, we do not require some of the items listed above. Please refer to the Form I-485 Instructions for detailed guidance. For asylee and refugee Form I-485 applicants, your spouse does not need to come to the interview. Additionally, for arrests and criminal records, asylee and refugee applicants are only required to provide records for arrests that occured in the United States.

To request a disability accommodation, go to www.uscis.gov/accommodations or call the USCIS Contact Center at 1-800-375-5283 (TTY: 1-800-767-1833) as soon as possible, even if you indicated on your application that you require an accommodation.

If you have questions, please call the USCIS Contact Center at 1-800-375-5283 (hearing impaired TTY service is 1-800-767-1833)

| PLEASE COME TO: U.S. Citizenship and Immigration Services<br>2150 PARKLAKE DRIVE<br>ATLANTA, GA 30345 | ON: **Thursday, January 20, 2022**<br>AT: **08:00AM** |
|---|---|
| 2 | |

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.         Form I-797C  04/01/19

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| REQUEST FOR APPLICANT TO APPEAR FOR INITIAL INTERVIEW | | | Notice Date<br>December 21, 2021 |
|---|---|---|---|
| Case Type<br>FORM I485, APPLICATION TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS | | | A#<br>A219 691 121 |
| Receipt Number<br>MSC2190707824 | Received Date<br>January 13, 2021 | Priority Date | Page<br>1 of 2 |

KIKIDAOPE AYOMIPOSI BAMITOGBA
3400 SWEETWATER RD APT 1420
LAWRENCEVILLE GA 30044



A Number

Receipt Number

You are notified to appear before a USCIS officer regarding the application identified above and any supporting applications or petitions at the date, time, and place indicated below. *Failure to appear for the scheduled appointment and/or failure to bring the below listed items will result in the denial of your application.* (8 CFR 103.2 (b)(13))

> To ensure visitor and employee health and safety, please pay special attention to the sections entitled, "COVID-19 Safety Precautions" and "Who should come with you?"

**YOU MUST APPEAR FOR THIS INTERVIEW** - However, if you are ill, have any symptoms of illness, have returned from domestic, international, or cruise ship travel within the past 10 days (unless you are fully vaccinated); have been instructed to self-isolate or self-quarantine in the past 14 days, or had close contact with anyone known to have COVID-19 within the past 14 days (unless you are fully vaccinated or you are a health care worker and consistently wear an N95 respirator and proper personal protective equipment (PPE) or equivalent when in contact with COVID-19 positive individuals; or are at heightened risk due to age or an underlying health condition and would like to reschedule your appointment, call the U.S. Citizenship and Immigration Services (USCIS) Contact Center at 1-800-375-5283 (TTY 1-800-767-1833) as soon as possible to reschedule your appointment. There is no penalty for requesting that your appointment be rescheduled. Being fully vaccinated for COVID-19 is defined as at least 2 weeks after the second dose of Pfizer and Moderna vaccine, or 2 weeks after the single J&J vaccine.

*COVID-19 Safety Precautions* - To ensure the health and safety of all who enter USCIS offices, you must take the following safety precautions when arriving for your interview:
- DO NOT arrive more than 15 minutes prior to your interview time. You will not be permitted entry into the office until 15 minutes before your interview.
- If your area has high or substantial COVID-19 transmission rates per the CDC, you and anyone permitted to come with you to your interview (as explained in the section, "Who should come with you?" below) must wear a face covering that covers both the mouth and nose while inside USCIS facilities. Masks with exhaust valves, neck gaiters, or bandanas are not allowed. If you do not have an acceptable face covering, we may offer a replacement or reschedule our appointment.
- Follow local USCIS guidance on social distancing while inside USCIS facilities.
- You may have to answer health screening questions before entering.
- Bring a black or blue ink pen with you to your interview.

*Who should come with you? Only the following people may come with you to your interview:*
- If you do not speak English fluently and are eligible to take the interview in a language other than English, you should arrange to have an interpreter available by phone. Do not bring an interpreter to the interview. If you need a Sign Language Interpreter or Certified Deaf Interpreter, call the USCIS Contact Center at 1-800-375-5283 as soon as possible.
- Your attorney or authorized representative may come with you to the interview, or be available via phone.
- If you have a disability and have an individual who assists you, that individual may come with you.

*YOU MUST BRING THE FOLLOWING ITEMS WITH YOU:* (Please use as a checklist to prepare for your interview)
- This Interview Notice and your Government issued photo identification.
- If required, a completed Form-1693, Report of Medical Examination and Vaccination Record, and/or vaccination supplement in a sealed envelope (unless already submitted). Please see the Form I-693 Instructions for guidance on whether you need a complete medical examination, an updated vaccine supplement only, or neither.
- If required, a completed Form I-864, Affidavit(s) of Support, with all required evidence (unless already submitted). Please see the Form I-864 Instructions for guidance on whether you need a Form I-864. Required evidence for each of your sponsors includes, but is not limited to, the following:
  - Federal Income Tax returns and W-2's, or certified IRS printouts, for the most recent tax year;
  - Letters from each current employer, verifying current rate of pay and average weekly hours, and pay stubs for the past 2 months;
  - Evidence of your sponsor's and/or co-sponsor's United States Citizenship or Lawful Permanent Resident status.
- All documentation establishing your eligibility for Lawful Permanent Resident status. This includes, but is not limited to, proof of status as an asylee, refugee, or a fiancé(e) nonimmigrant.
- Any immigration-related documentation ever issued to you, including any Form I-766, Employment Authorization Document (EAD); Form I-512, Authorization for Advance Parole; and Form I-571, Refugee Travel Document.
- All travel documents used to enter the United States, including Passports; Form I-512, Authorization for Advance Parole; Form I-571 Refugee Travel Document; and Form I-94, Arrival/Departure Record.
- Your Birth Certificate.
- If your Form I-485 is based on a petition filed by a family member, your petitioner's Birth Certificate and your petitioner's evidence of United States Citizenship or Lawful Permanent Resident Status.
- If you have children, bring a Birth Certificate for each of them.
- If your eligibility is based on your marriage, in addition to your spouse coming to the interview with you, bring:
  - A certified copy of your Marriage Document issued by the appropriate civil authority;

If you have questions, please call the USCIS Contact Center at 1-800-375-5283 (hearing impaired TTY service is 1-800-767-1833)

| PLEASE COME TO: U.S. Citizenship and Immigration Services<br>2150 PARKLAKE DRIVE<br>ATLANTA, GA 30345 | ON: Monday, January 31, 2022<br>AT: 12:50PM |
|---|---|

1

---

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.          Form I-797C  04/01/19

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| REQUEST FOR APPLICANT TO APPEAR FOR INITIAL INTERVIEW | | Notice Date<br>December 21, 2021 |
|---|---|---|
| Case Type<br>FORM I485, APPLICATION TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS | | A#<br>A219 691 121 |
| Receipt Number<br>MSC2190707824 | Received Date<br>January 13, 2021 | Priority Date | Page<br>2 of 2 |

- • Your spouse's Birth Certificate;
- • Your spouse's evidence of United States Citizenship or Lawful Permanent Resident status;
- • If either you or your spouse were ever married before, all divorce decrees/death certificates for each prior marriage;
- • Birth Certificates for all children of this marriage, and custody papers for your children and for your spouse's children not living with you;
- • Supporting evidence of your relationship, such as copies of any documentation regarding joint assets or liabilities you and your spouse may have together. This may include: tax returns, bank statements, insurance documents (car, life, health), property documents (car, house, etc.), rental agreements, utility bills, credit cards, contracts, leases, photos, correspondence and/or any other documents you feel may substantiate your relationship.
- • The originals and copies of each supporting document that you submitted with your application. Otherwise, we may keep your originals for our records.
- • If you have ever been arrested, bring the related Police Report and the original or certified Final Court Disposition for each arrest, even if the charges have been dismissed or expunged. If no court record is available, bring a letter from the court with jurisdiction indicating this.
- • A certified English translation for each foreign language document. The translator must certify they are fluent in both languages, and that the translation in its entirety is complete and accurate.

NOTE: For asylee and refugee Form I-485 applicants, we do not require some of the items listed above. Please refer to the Form I-485 Instructions for detailed guidance. For asylee and refugee Form I-485 applicants, your spouse does not need to come to the interview. Additionally, for arrests and criminal records, asylee and refugee applicants are only required to provide records for arrests that occured in the United States.

To request a disability accommodation, go to www.uscis.gov/accommodations or call the USCIS Contact Center at 1-800-375-5283 (TTY: 1-800-767-1833) as soon as possible, even if you indicated on your application that you require an accommodation.

If you have questions, please call the USCIS Contact Center at 1-800-375-5283 (hearing impaired TTY service is 1-800-767-1833)

| PLEASE COME TO: U.S. Citizenship and Immigration Services<br>2150 PARKLAKE DRIVE<br>ATLANTA, GA 30345 | ON: Monday, January 31, 2022<br>AT: 12:50PM |
|---|---|
| 2 | |

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C  04/01/19

# EXHIBIT L



## Call-In Letter
### Department of Homeland Security

**DHS**
**Form G-56**
Internal Use

Date (mm/dd/yyyy)  03/31/2022

File Number  A219643492

To: (Name, Street Number and Name, City, State, ZIP Code)

OPEYEMI BISIRIYU/QUENTIN DUMAS

302 BRAEMORE MILL DR

LAWRENCEVILLE, GA 30044

**Please come to the office listed below at the time and place indicated in connection with an official matter.**

| | |
|---|---|
| Agency Name/ Office Location | Atlanta Field Office 2150 Parklake Drive Atlanta, GA 30345 |
| Date (mm/dd/yyyy) and Time | APRIL 27, 2022, 10:00 AM |
| Ask For | Officer Hulik; 3rd Floor, Room 352 |
| Reason for Appointment | I-485 INTERVIEW |
| Bring With You | GOVERNMENT ISSUED IDENTIFICATION, PERM. RESIDENT CARD, PASSPORT |

**It is important that you keep this appointment and bring this letter with you.**

**If you are unable to do so, state your reason, sign below, and return this letter to this office** Atlanta Field Office.

JAMES HULIK
Name of Authorizing Official

IMMIGRATION SERVICES OFFICER
Title of Authorizing Official

Signature of Authorizing Official

03/31/2022
Date of Signature (mm/dd/yyyy)

*I am unable to keep the appointment because:*

Date of Signature (mm/dd/yyyy)

Page 1 of 1

# EXHIBIT M

October 7, 2022

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



**U.S. Citizenship
and Immigration
Services**



MSC2190219894



A219-643-492

QUENTIN RAMON DUMAS
c/o ERIC NIBA
NIBA AND ASSOCIATES LLC
5825 GLENRIDGE DR BLDG 3 STE 101
ATLANTA, GA 30328

RE: OPEYEMI KANYINSOLA BISIRIYU
I-130, Petition for Alien Relative

## NOTICE OF INTENT TO DENY

Dear QUENTIN DUMAS:

On October 6, 2020, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of OPEYEMI BISIRIYU (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we intend to deny your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

On April 27, 2022, you and the beneficiary appeared for an interview with an Immigration Services Officer in connection with your Form I-130 and the beneficiary's Form I-485, Application to Register Permanent Residence or Adjust Status. At the interview, you and the beneficiary provided testimony under oath.

The evidence in the record and testimony did not establish the claimed relationship.

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that

the beneficiary is not eligible for the requested benefit sought for the following reason(s):

Any pre-existing valid marriage is a bar to recognition of the current marriage on which the spousal petition is based. See Matter of Nwangwu, 16 I&N Dec. 61 (BIA 1976). The evidence in the record does not establish that all of the beneficiary's prior marriages have been terminated, dissolved, or annulled. The following marriage(s) are in question:

- A decree nisi and decree absolute were filed by you and the beneficiary. This document has been deemed fraudulent by USCIS. The suit year of 2018 listed on the decree (LD/4681HD/2018) does not match the petition determination date of January 10, 2019. In addition, it has been determined that the Assistant Chief Registrar's stamp and signature are fraudulent. This indicates a willful misrepresentation by submitting fraudulent documents in order to circumvent immigration laws.

The evidence is insufficient to establish that the beneficiary's prior marriage(s) to Oloanrewaju Emmanuel Bamitogba was properly terminated, dissolved, or annulled. As the beneficiary was not legally free to marry, your marriage is invalid and your petition cannot be approved.

During your interview of April 27, 2022, you and the beneficiary were interviewed separately. When the beneficiary was asked what her current physical address was, she responded by saying "302 Braemore Mill Drive, Lawrenceville, GA". The beneficiary also stated that residency at this address started in September 2021. When you were asked the same question, you responded by saying you could not remember the address but knew it was in Lawrenceville.

Evidence of record includes your 2021 Georgia Form 500, Individual Income Tax Return. You indicated your return address as 1771 Terry Mill Road SE, Atlanta, GA and signed the return on February 19, 2022.

This evidence indicates that you and the beneficiary willfully provided false testimony in order to circumvent immigration laws and to attempt to obtain immigration benefits for the beneficiary.

You have thirty (30) days (33 days if this notice was received by mail) from the date of this notice to submit additional information, evidence or arguments to support the petition. Failure to respond to this request within the time allotted will result in the denial of the petition.

You must either mail the requested information to the address shown below or scan and upload your response using your USCIS online account (if applicable). Please note, if the request is for original documents, you must submit that information by mail.

**Please include a copy of this letter with your response by mail to this address:**

**U.S. Citizenship and Immigration Services**
**Atlanta Field Office**
**2150 Parklake Drive**
**Atlanta, GA 30345**

Sincerely,

Shineka C. Miller
Field Office Director

cc: ERIC NIBA

# EXHIBIT N



37 MULA

TRK# 7709 4590 3010
0201

THU - 05 JAN 10:30A
PRIORITY OVERNIGHT

30345
GA-US
ATL

ORIGIN ID:TMAA    (404) 606-3399
ELIZABETH GARVISH
ELIZABETH GARVISH
2970 PEACHTREE ROAD NW
SUITE 525
ATLANTA, GA 30305
UNITED STATES US

TO ATLANTA FIELD OFFICE
USCIS
2150 PARKLAKE DRIVE

ATLANTA GA 30345

(404) 606-3399
INV:
PO:                    REF: 0 B6SR0UH130 FFE
                       DEPT:

SHIP DATE: 04JAN23
ACTWGT: 1.50 LB
CAD: 102492599/INET4530

BILL SENDER

FedEx
Express

581J1/D809/FE2D

---

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



Elizabeth L.A. Garvish
egarvish@goimmigrationlaw.com

2983 Hardman Ct NE
Atlanta, Georgia 30305
Tel: 1.800.951.4980 Fax: 1.800.983.3554

December 31, 2022

U.S. Citizenship and Immigration Services
Atlanta Field Office
2150 Parklake Drive
Atlanta, GA 30345

Re:   **Form I-130**   **MSC2190219894**
      **Petitioner:**   **Mr. Quentin Ramon Dumas**
      **Beneficiary:**   **Ms. Opeyemi Kanyinsola Bisiriyu**

### RESPONSE TO NOTICE OF INTENT TO DENY

Dear Sir or Madam:

We are in receipt of the USCIS's Notice of Intent to Deny dated October 7, 2022, in connection with the Form I-130 Petition for Alien Relative filed by Mr. Quentin Ramon Dumas on behalf of his spouse, Ms. Opeyemi Kanyinsola Bisiriyu.

Please note that USCIS has stated that it will consider a response to an agency request received within 60 calendar days after the response due date set in the request before taking any action. This applies to Requests for Evidence issued between March 1, 2020, and January 24, 2023. <u>The instant Notice of Intent to Deny has a due date of November 7, 2022, thus the latest date to respond to the notice is January 8, 2023. This response is submitted before January 8, 2023 and thus within the 60-day period of flexibility granted by USCIS for responding to this Notice of Intent to Deny.</u>

### I.   The Beneficiary's Previous Marriage was properly terminated and dissolved pursuant to Nigerian law.

USCIS states that: The evidence in the record does not establish that all of the beneficiary's prior marriages have been terminated, dissolved, or annulled. The following marriage(s) are in question:

- A decree nisi and decree absolute were filed by you and the beneficiary. This document has been deemed fraudulent by USCIS. The suit year of 2018 listed on the decree (LD/4681HD/2018) does match the petition determination date of January 10, 2019. In addition, it has been determined that the Assistant Chief Registrar's stamp and signature are fraudulent. This indicates a willful misrepresentation by submitting fraudulent documents in order to circumvent immigration laws.

USCIS is incorrect to deem the Beneficiary's divorce decree as fraudulent.

USCIS stated that "*[t]he suit year of 2018 listed on the decree (LD/4681HD/2018) does match the petition determination date of January 10, 2019.*" However, please note that this divorce suit with the case number

LD/4681HD/2018 was filed by the beneficiary's previous husband, Olarenwaju Emmanuel Bamitogba on July 31, 2018. **Therefore, July 31, 2018 is the filing date, NOT the petition's determination date. January 10, 2019 was the date that the civil court dissolved this marriage between Olarenwaju Emmanuel Bamitogba and Opeyemi Kanyinsola Bisiriyu and issued a Decree Nisi.** *Please see attached Attorney Notice of Confirmation of the Dissolution of the Marriage provided by Perkley Attorneys in Lagos State of Nigeria, as Exhibit 1, as well as the previously submitted Decree Nisi and Decree Absolute issued by the High Court of Lagos State, as Exhibits 3 and 4.* **Three months after the issuance of Decree Nisi and in absence of any intention of the parties to reconcile, the civil court then made the dissolution of the marriage permanent through issuing a Decree Absolute, dated April 25, 2019.** *Please see attached Attorney Notice of Confirmation of the Dissolution of the Marriage provided by Perkley Attorneys in Lagos State of Nigeria as Exhibit 1.*

Therefore, here we provide a timeline for this divorce petition:

- **July 31, 2018,** Olarenwaju Emmanuel Bamitogba **filed a divorce petition** against the beneficiary, Opeyemi Kanyinsola Bisiriyu; *Please see attached Filing Details as Exhibit 2.*
- **January 10, 2019,** the court issued a **Decree Nisi** to dissolve the marriage between them; *Please see attached Decree Nisi of Dissolution of Marriage for this petition as Exhibit 3.*
- **April 25, 2019,** the court issued a **Decree Absolute** to dissolve the marriage permanently. *Please see attached Certificate of Decree Absolute for this petition as Exhibit 4.*

According to the law in Nigeria, section 59 of Matrimonial Causes Act,

*"(1) Where **a decree nisi becomes absolute**, the registrar or other proper officer of the court by which the decree was made shall prepare and file a memorandum of the fact and of the date upon which the decree became absolute.*
*(2) Where a decree nisi has become absolute, any person shall be entitled, on application to the registrar or other proper officer of the court by which the decree was made and on payment of the appropriate fee, to **receive a certificate signed by the registrar or other proper officer that the decree nisi has become absolute, and a certificate given under this subsection shall in all courts and for all purposes be evidence of the matters specified in the certificate.**"*
*Please see attached printout copy of the Matrimonial Causes Act, Chapter 220, Laws of Federation of Nigeria 1990 as Exhibit 5.*

Therefore, USCIS is also wrong in stating that "the Assistant Chief Registrar's stamp and signature are fraudulent," since the Assistant Chief Registrar's stamps and signatures shall be made in the Decree Nisi and Decree Absolute according to Nigerian Matrimonial Causes Act, but NOT on the filing date of this divorce petition. **The divorce petition case number, LD/4681HD/2018 was produced on the filing date of this case whereas the Assistant Chief Registrar prepared, stamped and signed both Decree Nisi and Decree Absolute in 2019 after the court closed the trial of this case.** It is not reasonable for USCIS to determine that the Assistant Chief Registrar's signatures and stamps were made fraudulently by simply referring to the case number and the signature date.

**Accordingly, the Previous Marriage between Olarenwaju Emmanuel Bamitogba and the Beneficiary, Opeyemi Kanyinsola Bisiriyu, has been properly dissolved and terminated according to Nigerian law.**

## II.   Current Physical Address shared by the Petitioner, Quentin Ramon Dumas, and the Beneficiary, Opeyemi Kanyinsola Bisiriyu.

USCIS states that during the interview of April 27, 2022, the petitioner and the beneficiary provided that their physical address is located on 302 Braemore Mill Drive, Lawrenceville, Georgia. USCIS then states

that the petitioner's 2021 Georgia Form 500, Individual Income Tax Return shows that the petitioner's address is 1771 Terry Mill Road SE, Atlanta, Georgia. Therefore, USCIS concludes that the petitioner and the beneficiary willfully provided false testimony in order to circumvent immigration laws and to attempt to obtain immigration benefits for the beneficiary.

We respectfully refute this conclusion with the facts listed below:

In August 2021, the petitioner, Quentin Ramon Dumas and the beneficiary, Opeyemi Kanyinsola Bisiriyu moved in to their current residence, located at 302 Braemore Mill Drive, Lawrenceville, Georgia 30044 with their three children, Kikidaope Bamitogba, Mofaramoluwa Bamitogba, and Pipeoluwa Dumas. *Please see attached Lease for Residential Property listing all the family members' names on page 2 as Exhibit 6.* **One of their children, Ethan Pipeoluwa Dumas, is a biological child born of the marriage, on November 7, 2020 after they got married.** *Please see attached Birth Certificate of their son, Ethan Pipeloluwa Dumas, listing Quentin Ramon Dumasand and Opeyemi Kanyinsola Bisiriyu as his parents as Exhibit 7.* The couple, Quentin Ramon Dumasand and Opeyemi Kanyinsola Bisiriyu, are living together and raising their three children together, including the child who was born of the marriage. The petitioner, Quentin Ramon Dumas, is a responsible step father and his parental relationship with the two children (Kikidaope Bamitogba and Mofaramoluwa Bamitogba) are listed in their student profiles issued by the school. *Please see also Copies of Student Profile of Kikidaope Bamitogba and Mofaramoluwa Bamitogba issued by Cedar Hill Elementary School as Exhibit 8.*

Additionally, the petitioner Quentin Ramon Dumas filed his 2021 Georgia Form 500, Individual Income Tax Return with his previous address of 1771 Terry Mill Road SE, Atlanta, Georgia because he failed to update his tax preparer with his new address. *Please see attached Accountant Letter issued from Laquilla Smith, his account firm as Exhibit 9.* The tax preparer prepared the tax return using the address she had on file. **It is not reasonable to infer fraud based solely on an address discrepancy, as there are other valid reasons why an individual's tax return shows an old address. In this case, the petitioner merely lacked the attention to detail to notice that his address had not been updated on his tax return, but that fact alone does not mean that they are committing fraud.**

Therefore, USCIS's conclusion that the couple is committing marriage fraud is incorrect and not a reasonable conclusion based on the preponderance of the evidence. This is a couple who has a biological child born of the relationship. They are raising this child together, along with the beneficiary's two other children from her first marriage. They live together and have a valid, continuing marriage. They have submitted a volume of documents that indicate all of this. The evidentiary standard in an immigration application is a preponderance of the evidence, which means that upon review of the documents submitted, it is more likely than not (50% or more) that the couple has a valid marriage. Here, the couple has provided sufficient evidence to show that their marriage is more likely than not (50% or more) a valid marriage. USCIS focuses entirely on one address discrepancy, where the petitioner's tax return shows a previous address, but ignores the rest of the documents on the record, including the most probative evidence, namely: the couple has a biological child together and are raising this child together along with their two other children.

The couple herein provides additional documents to demonstrate Mr. Quentin Ramon Dumas and Ms. Opeyemi Kanyinsola Bisiriyu's bona fide marriage, which are in addition to the documents already in the administrative record:

- Sworn statement signed by Mr. Quentin Ramon Dumas and Ms. Opeyemi Kanyinsola Bisiriyu, explaining how they met, got married, and moved into their current residence at 302 Braemore Mill Drive, Lawrenceville, Georgia 30044, *attached as Exhibit 10*;
- Sworn statement of Travis James Wilson, the petitioner's brother, attesting to his brother's marriage, *attached as Exhibit 11*;

- Sworn statement of Ismail Aleshinloye, the beneficiary's friend, attesting to her close friend's marriage, *attached as Exhibit 12*;
- Sworn statement of Jennifer Underwood, the petitioner and beneficiary's neighbor, attesting to her close neighbor's marriage, *attached as Exhibit 13*;
- Sworn statement of Adetutu Ogundeji, the beneficiary's cousin, attesting to her cousin's marriage, *attached as Exhibit 14*.

**The evidence in the record demonstrates by a preponderance of the evidence, meaning "more likely than not" (i.e. 50% or more), that the petitioner's marriage to Opeyemi Kanyinsola Bisiriyu is bona fide at its inception and was not entered into for the purpose of evading the immigration law. There is a volume of evidence contained in the record, covering all aspects of the couple's marital life. USCIS's reliance on a purported inconsistency in a single document, for which there is a reasonable explanation, is misplaced and contrary to the burden of proof that applies in this case. Thus, this I-130 should properly be approved.**

We are confident that this responds to the Service's Notice of Intent to Deny. Please approve the above referenced petition at your earliest convenience.

Sincerely yours,

Elizabeth L.A. Garvish
ELG:vl
Enclosures
By FedEx

# EXHIBIT 1

# PERKLEY ATTORNEYS

*294, Herbert Macaulay Way, Sabo Yaba,*
*Lagos State*

Tel: 07031143991, 08028908275          Email: perkleyattorneys@gmail.com

29th October, 2022

**U.S Department of Homeland Security**
U.S Citizenship and Immigration Services
2150, Parklake Drive,
Atlanta, Georgia,
United States of America

Dear Sir,

<u>RE: SUIT NO: LD/4381HD/2018; BETWEEN OLANREWAJU EMMANUEL BAMITOGBA V. OPEYEMI KANYINSOLA BAMITOGBA</u>

<u>NOTICE OF CONFIRMATION OF THE DISSOLUTION OF THE ABOVE MARRIAGE</u>

We are Solicitors to Opeyemi Kanyinsola Bisiriyu (Formerly "Bamitogba"), on whose instruction we write.

Our client recently brought to our notice the observation/report of your office on the Decree Nisi and Decree Absolute, issued by the High Court of Lagos State, which dissolved the marriage conducted on 28th November 2014, between the parties in the above suit. The said observation, with utmost respect, is not true. However, in order to set the record and to clear the perceived error, we hereby make clarification as follows:

1. That vide a Petition dated 31st July 2018, the Petitioner instituted the above suit at the High Court of Lagos State, Lagos Division against our client, seeking a dissolution of the marriage conducted on 28th November, 2014.. *Copy of the filing confirmation from the official website of the High Court of Lagos State (www.lagosjudiciary.gov.ng) is attached herewith as Annexure "A".*

2. That upon service of the originating process on our client, she instructed us to enter appearance for him in the prosecution of the case, which we promptly did by filing the requisite court processes in opposition to the above suit.

3. Sequel to the filing of our processes on behalf of our client, the Honourable Court set down the matter for trial. In the course of the trial, the marriage certificate was tendered and duly admitted as evidence of the marriage between the parties.

4. Upon the close of trial/evidence, the counsel to the parties adopted their respective final addresses, upon the Honourable Court dissolved the marriage on 10th day of January, 2019. The Honourable Court subsequently issued the Decree Nisi, which was to last for a period of Three (3) months.

5. On the expiration of the Three (3) months after the issuance of the Decree Nisi, and in absence of any intention of the parties to reconciled, the Honourable Court made the dissolution of the marriage permanent vide a Decree Absolute dated 25th April, 2019.

6. We wish to state that it was in furtherance of the dissolution of the marriage that the Honourable Court issued the Decree Nisi and Decree Absolute dated 25th April, 2019. The said observation/report of your office, which erroneously stated that the marriage between our client and her husband was still subsisting, and therefore bars the current marriage, with utmost respect, is untrue, wrong, and unsupportable in law.'

7. The law, as it operates in Nigeria, is clear that on the issuance of the Decree Absolute, the marriage between the parties becomes a thing of the past, and it further entitles each of the parties to proceed with any other person of their choice in marriage. This was judicially affirmed by the Supreme Court of Nigeria in the case of **AMOBI v. NZEGWU (2014) 2 NWLR (Pt. 1392) 510.**

8. We wish to state emphatically that the marriage between the parties, having broken down irretrievably, and judicially affirmed by the High Court of Lagos State, is dissolved. There is no impediment to the right of our client to contract another marriage either in Nigeria or in the United States of America.

9. In view of the foregoing, we respectfully urge you to accord the Decree Nisi and Decree Absolute issued by the High Court of Lagos on 25th April 2019, the attention it truly deserves, by recognizing the right of our client to marry again.

Please accept the assurances of our esteemed professional regards.

Thank you.

Yours faithfully,
**PP: Perkley Attorneys**
Attorneys*Solicitors*Arbitrators

**Oluwatope S. Fagbamila, Esq.**

# EXHIBIT 2

 **Lagos Judiciary Information System**

## Filing Details

**Suit Number:**

LD/4681HD/2018

**Case Status:**

Newly Filed

**Filing Type:**

Civil

**Classification:**

Family and Probate

**Parties to the Case:**

OLARENWAJU EMMANUEL BAMITOGBA V OPEYEMI KANYINSOLA BAMITOGBA

**Origin:**

Newly Filed

**Date filed:**

31/07/2018 09:16:37

**Filed by:**

uoigwe

**Cause of Action:**

Divorce

**Claims:**

A Decree of dissolution of marriage between the petitioner and the respondent on the grounds that the marriage has broken down irretrievably--

**Reason:**

**Legal Counsel:**

uo Igwe

**Location:**

# EXHIBIT 3

## IN THE HIGH COURT OF LAGOS STATE
## IN THE LAGOS JUDICIAL DIVISION
## HOLDEN AT LAGOS

### SUIT NO: LD/4681HD/2018

BETWEEN:

**OLANREWAJU EMMANUEL BAMITOGBA**.....................**PETITIONER**

AND

**OPEYEMI KANYINSOLA BAMITOGBA**.......................**RESPONDENT**

### ORDER XII, RULE 1
### FORM 35
### DECREE NISI OF DISSOLUTION OF MARRIAGE

THIS PETITION was determined this 10TH DAY OF JANUARY, 2019. Petitioner Present and Respondent absent. Counsel appeared for the Petitioner in Court and no legal representation for the Respondent.

The Court was satisfied that as at the time the suit was filed the Petitioner was domiciled in Nigeria within the meaning of the Matrimonial Causes Act and that since the marriage, the Respondent has behaved in such a way the Petitioner cannot reasonably be expected to live with the Respondent.

The Court was also satisfied that the Marriage celebrated on the 28th day of November, 2014 at the Marriage Registry, Ikoyi, Lagos between the Petitioner **OLANREWAJU EMMANUEL BAMITOGBA** and the Respondent **OPEYEMI KANYINSOLA BAMITOGBA** be dissolved by reason and facts that the Marriage had broken down irretrievably.

The Court therefore pronounced a Decree Nisi dissolving the marriage celebrated on the 28th day of **November, 2014** at the Marriage Registry, Ikoyi, Lagos between the Petitioner and the Respondent herein.

The Court further ordered that the Decree Nisi of Dissolution of Marriage shall be made absolute at the expiration of three months from today unless sufficient reason is shown to the contrary and that custody of the children of the marriage to wit: **Kikidaope Bamitogba** and **Mofaramoluwa Bamitogba** be with the Petitioner with reasonable access granted to the Respondent.




S Sajero (Mr)
ASSISTANT CHIEF REGISTRAR
LITIGATION

# EXHIBIT 4

## IN THE HIGH COURT OF LAGOS STATE
## IN THE LAGOS JUDICIAL DIVISION
## HOLDEN AT LAGOS

**SUIT NO: LD/4681HD/2018**

BETWEEN:

OLANREWAJU EMMANUEL BAMITOGBA...................PETITIONER

AND

OPEYEMI KANYINSOLA BAMITOGBA....................RESPONDENT

### ORDER XII RULE 7 (2)
### FORM 41
### CERTIFICATE OF DECREE ABSOLUTE

| | | |
|---|---|---|
| 1. | DATE OF DECREE NISI | 10TH JANUARY, 2019 |
| 2. | DATE OF ORDER UNDER SECTION 57 | 10TH JANUARY, 2019 |
| 3. | DATE OF DETERMINATION OR DISCONTINUANCE OF APPEAL | NOT APPLICABLE |
| 4. | DATE OF ORDER UNDER SUBSECTION (2) SECTION 58 | NOT APPLICABLE |
| 5. | DATE OF WHICH INTERVENTION DETERMINED | NOT APPLICABLE |

I certify that the Decree Nisi of Dissolution of Marriage between the Petitioner **OLANREWAJU EMMANUEL BAMITOGBA** and the Respondent **OPEYEMI KANYINSOLA BAMITOGBA** celebrated on the **28th** day of **November, 2014** at the Marriage Registry, Ikoyi, Lagos become absolute on the **11th** day of **April, 2019**.

DATED THIS 25th DAY OF April 2019.



S S Salako (Mrs)
ASSISTANT CHIEF REGISTRAR
LITIGATION

# EXHIBIT 5



[Home] [Databases] [WorldLII] [Search] [Feedback]

# Nigerian Legislation

**You are here:** CommonLII >> Databases >> Nigerian Legislation >> **Matrimonial Causes Act**

[Database Search] [Name Search] [Noteup] [Help]

# Matrimonial Causes Act

## Matrimonial Causes Act
### Chapter 220
### Laws of the Federation of Nigeria 1990

## Arrangement of Sections

### Part I
### Jurisdiction

1. Institution of matrimonial cause proceedings only under this Act.
2. Jurisdiction in matrimonial causes.
3. Void marriages and prohibited degrees of consanguinity.
4. Marriage of persons within prohibited degrees of affinity.
5. Voidable marriages.
6. Validity, etc. of certain marriages not affected.
7. Special provisions as to wife's domicile.
8. Law to be applied.
9. Staying and transferring of proceedings.
10. Courts to aid one another.

### Part II
### Matrimonial Relief

#### Reconciliation

11. Reconciliation.
12. Hearing when reconciliation fails.
13. Statements, etc. made in course of attempt to effect reconciliation.
14. Marriage conciliator to take oath of secrecy.

#### Dissolution of marriage

15. Ground for dissolution of marriage.
16. Provisions supplementary to section 15.
17. Additional provisions to encourage reconciliation.
18. Constructive desertion.
19. Refusal to resume cohabitation.
20. Desertion continuing after insanity.
21. Restriction on finding of non-consummation.
22. Aggregation of concurrent sentences in reckoning imprisonment.
23. Restriction on finding of non-maintenance.
24. Restriction on finding of insanity.
25. Power to refuse to make decree without maintenance, etc. in
26. Condonation and connivance.

Matrimonial Causes Act

| | | | | | |
|---|---|---|---|---|---|
| | | | proper case. | | |
| 27. | Collusion. | 28. | Discretionary bars. | 29. | No dissolution where petition for nullity before court. |
| 30. | Petition within two years of marriage. | 31. | Claim for damages. | 32. | Joinder of adulterers, etc. |
| 33. | Effect of dissolution of marriage. | | | | |

### *Nullity of marriage*

| | | | | | |
|---|---|---|---|---|---|
| 34. | Ground for decree of nullity of marriage. | 35. | Who may institute proceedings. | 36. | Incapacity to consummate marriage. |
| 37. | Restrictions on certain grounds. | 38. | Effect of decree of nullity of a voidable marriage. | | |

### *Judicial separation*

| | | | | | |
|---|---|---|---|---|---|
| 39. | Grounds for judicial separation. | 40. | Application to judicial separation of sundry sections of this Part. | 41. | Effect of decree of judicial separation. |
| 42. | Effect on rights to sue, devolution of property, etc. | 43. | Exercise of joint powers not affected. | 44. | Decree of judicial separation not to bar subsequent proceedings for dissolution of marriage. |
| 45. | Discharge of decree of judicial separation on resumption of cohabitation. | 46. | Application of sections 41 to 45 to certain decrees. | | |

### *Restitution of conjugal rights*

| | | | | | |
|---|---|---|---|---|---|
| 47. | Ground for decree of restitution of conjugal rights. | 48. | Agreement for separation. | 49. | Sincerity of petitioner. |
| 50. | Notice as to home. | 51. | Enforcement of decree. | | |

### *Jactitation of marriage*

| | | | | | |
|---|---|---|---|---|---|
| 52. | Ground for decree of jactitation. of marriage, and discretion of court. | | | | |

### *General*

| | | | | | |
|---|---|---|---|---|---|
| 53. | Facts, etc. occurring before commencement of Act or outside Nigeria. | 54. | Institution of proceedings. | 55. | Duty of court. |
| 56. | Decree nisi in first instance. | 57. | Decree absolute where children under sixteen years, etc. | 58. | When decree becomes absolute. |
| 59. | Certificate as to decree absolute. | 60. | Rescission of decree nisi where parties are reconciled, etc. | 61. | Rescission of decree nisi on ground of miscarriage of justice. |

### Part III
### Intervention

| | | | | | |
|---|---|---|---|---|---|
| 62. | | 63. | | 64. | |

Matrimonial Causes Act

Intervention by Attorney-General on request from court.

65.   Intervention by other persons.

68.   Procedure on intervention.

Intervention of Attorney-General in other cases.

66.   Rescission of decree nisi in consequence of intervention.

Delegation by Attorney - General.

67.   When proceedings finally dispose of.

## Part IV
### Maintenance, Custody and Settlement

69.   Interpretation of "marriage", etc. in the application of this Part.

72.   Power of court in proceedings with respect to settlement of property.

75.   Power of court to make orders on dismissal of petition.

70.   Powers of court in maintenance proceedings.

73.   General powers of court.

71.   Powers of court in custody, etc. proceedings.

74.   Execution of deeds, etc. by order of court.

## Part V
### Appeals

76.   General right of appeal.

79.   Appellate jurisdiction and powers.

77.   Appeals with leave.

78.   Appeal from court of summary jurisdiction.

## Part VI
### Recognition of Decrees

80.   Effect of decrees.

81.   Recognition of other decrees.

## Part VII
### Evidence

82.   Standard of proof.

85.   Evidence as to adultery.

83.   Evidence of husbands and wives.

86.   Proof of marriage, etc.

84.   Evidence of non-access.

87.   Evidence of rape, etc.

## Part VIII
### Enforcement of decrees

88.   Attachment.

91.   Summary enforcement of orders for maintenance.

94.   Enforcement of existing decrees.

89.   Enforcement of decrees by other High Courts.

92.   Enforcement of maintenance orders by attachment of earnings.

95.   Power to make rules of court for purposes of this Part.

90.   Recovery of moneys as judgment dealt.

93.   Enforcement by other means.

## Part IX
### Transitional Provisions

96.   Definitions.

97.   Pending proceedings generally.

98.   Continuance of proceedings for dissolution or nullity of marriage, or judicial separation.

Matrimonial Causes Act

99. Application of this Act to pending proceedings for dissolution or nullity of marriage, or judicial separation.

100. Continuance of other pending proceedings.

101. Special revisions as to pending appeals or existing rights to appear.

102. Decrees of restitution of conjugal rights under previous law.

## Part X
## Miscellaneous

103. Hearings to be in open court.

104. Proceedings to be heard by judge alone.

105. Transactions intended to defeat claims.

106. Service of process.

107. Position of clergy as to re-marriage.

108. Restriction on publication of evidence.

109. Injunctions.

110. Costs.

111. Frivolous or vexatious proceedings.

112. Rules of court.

113. Savings for sundry domestic and foreign decrees, etc.

114. Interpretation.

115. Short title.

## First Schedule
### Prohibited Degrees of Consanguinity and Affinity

## Second schedule
### Oath or Affirmation by Marriage Conciliator

## Third schedule
### Enforcement of Orders for Maintenance

## Subsidiary Legislation
### Matrimonial Causes Rules

---

# Matrimonial Causes Act
### Chapter 220
### Laws of the Federation of Nigeria 1990

An Act to make provisions for matrimonial causes.

17th day of March, 1970

## Part I
## Jurisdiction

1. (1) After the commencement of this Act, a matrimonial cause shall not be instituted otherwise than under this Act.

(2) If a matrimonial cause has been instituted before the commencement of this Act but not completed, it shall be continued and dealt with only in accordance with the provisions of this Act.

(3) Where before or after the commencement of this Act a matrimonial cause has been or is instituted, and whether or not it has been completed, proceedings in relation there- to for any relief or order of a kind that could be sought under this Act shall be instituted after the commencement of this Act only under this Act, so however that, subject to the succeeding provisions of this and the next section-

Matrimonial Causes Act

(a)     any jurisdiction of a court of summary jurisdiction of a State or of a court of appeal from such a court, under the law of that State, to make-

    (i)     orders with respect to the maintenance of wives or children or the custody of or access to children; or

    (ii)     separation orders or other orders having the effect of relieving a party to a marriage from any obligation to cohabit with the other party, shall not be affected by this Act or any proceedings thereunder; and

(b)     proceedings for or in respect of such an order, or for its enforcement, may be continued or instituted as if this Act had not been made.

(4)     Where a marriage is dissolved or annulled by a decree of a court of competent jurisdiction under this Act-

(a)     any jurisdiction of such a court or of a court on appeal from such a court, to make orders of the kind specified in subsection (3) (a) of this section shall, by virtue of this subsection, cease to be applicable in relation to the parties to the marriage or the children of the marriage; and

(b)     any order of that kind (unless it is a maintenance order, when subsection (6) of this section will apply) made by such a court in relation to those parties or children shall cease to have effect. -

(5)     A court in the exercise of its jurisdiction under this Act may at any time by order direct that an order of the kind specified in subsection (3) (a) of this section made by a court of summary jurisdiction, or by a court on appeal from such a court, shall cease to have effect; and that order shall cease to have effect accordingly.

(6)     Where an order of the kind specified in subsection (3) (a) of this section made with respect to the maintenance of a wife or of children ceases to have effect under subsection (4) or (5) of this section, the order made may, in so far as it relates to any period before it so ceased to have effect, be enforced as if this Act had not been made.

2.   (1)     Subject to this Act, a person may institute a matrimonial cause under this Act in the High Court of any State of the Federation; and for that purpose the High Court of each State of the Federation shall have jurisdiction to hear and determine-

(a)     matrimonial causes instituted under this Act; and

(b)     matrimonial causes (not being matrimonial causes to which section 101 of this Act applies) continued in accordance with the provisions o art IX of this Act, so however that jurisdiction under this Act in respect of matrimonial causes within this paragraph shall be restricted to the court in which the matrimonial cause was instituted,

    and in any case where maintenance is ordered in proceedings in a High Court, a court of summary jurisdiction in any State shall have jurisdiction to enforce payment in a summary manner.

(2)     Proceedings for a decree-

(a)     of dissolution of marriage; or

(b)     of nullity of a voidable marriage; or

(c)     of nullity of a void marriage; or

(d)     of judicial separation; or

(e)     of restitution of conjugal rights; or

(f)     of jactitation of marriage,

    may be instituted under this Act only by a person domiciled in Nigeria.

(3)     For the avoidance of doubt it is hereby declared that a person domiciled in any State of the Federation is domiciled in Nigeria for the purposes of this Act and may institute proceedings under this Act in the High Court of any State whether or not he is domiciled in that particular State.

3.   (1)     Subject to the provisions of this section, a marriage that takes place after the commencement of this Act is void in any of the following cases but not otherwise, that is to say, where-

(a)     either of the parties is, at the time of the marriage, lawfully married to some other person;

(b)     the parties are within the prohibited degrees of consanguinity or, subject to section 4 of this Act, of affinity;

(c)     the marriage is not a valid marriage under the law of the place where the marriage takes place, by reason of a failure to comply with the requirements of the law of that place with respect to the form of solemnisation of marriages;

(d)     the consent of either of the parties is not a real consent because-

    (i)     it was obtained by duress or fraud; or

    (ii)     that party is mistaken as to identity of the other party, or as to the nature of the ceremony performed; or

    (iii)     that party is mentally incapable of understand- ing the nature of the marriage contract;

(e)     either of the parties is not of marriageable age.

(2)     The prohibited degrees of consanguinity and affinity respectively on and after the commencement of this Act shall be those set out in the First Schedule to this Act, and none other.

(3)     A marriage solemnised before the commencement of this Act shall not be voidable on the grounds of consanguinity or affinity of the parties unless the parties were, at the time of the marriage, within one of the degrees of consanguinity or affinity set out in the First Schedule to this Act but nothing in this subsection shall make voidable a marriage that would not, apart from this provision, be voidable.

4.   (1)     Where two persons who are within the prohibited degrees of affinity wish to marry each other, they may apply, in writing, to a judge for permission to do so.

(2)     If the judge is satisfied that the circumstances of the particular case are so exceptional as to justify the granting of the permission sought @e, may, by order, permit the applicants to marry one another.

(3)     Where persons marry in pursuance of permission granted under this section, the validity of their marriage shall not be affected by the fact that they are within the prohibited degrees of affinity.

(4)     The President may arrange with the Governor of a State for the performance by judges of the High Court of that State of functions under this section.

(5)     In this section, "judge" means a judge in respect of whom an arrangement made under subsection (4) of this section is applicable.

(6)     Rules made under section 112 of this Act may make provision for the practice and procedure in and in connection with applications under this section, and may include provision for or in relation to the summoning of witnesses, the production of documents, the taking of evidence on oath or affirmation, and the payment of expenses of witnesses.

5.   (1)     Subject to this Act, a marriage that takes place after the commencement of this Act not being a marriage that is void, shall be voidable in the following cases but not otherwise, that is to say, where at the time of marriage-

(a)     either party to the marriage is incapable of consummating the marriage;

(b)     either party to the marriage is-

    (i)     of unsound mind, or

    (ii)     a mental defective, or

    (iii)     subject to recurrent attacks of insanity or epilepsy;

(c)     either party to the marriage is suffering from a venereal disease in a communicable form; or

(d)     the wife is pregnant by a person other than the husband.

(2)     For the purposes of this section, "mental defective" means a person who, owing to an arrested or incomplete development of mind, whether arising from inherent causes or induced by disease or injury, requires oversight,

Matrimonial Causes Act

care or control for his own protection or for the protection of others and is, by reason of that fact, unfitted for the responsibilities of marriage.

6.   (1)        Save as expressly provided in this Part of this Act nothing in this Part shall affect the validity or invalidity of a marriage that took place before the commencement of this Act.

     (2)        A provision of this Act shall not affect the validity or invalidity of a marriage where it would not be in accordance with the rules of private international law to apply that provision in relation to that marriage.

7.   For the purposes of this Act-

     (a)        a deserted wife who was domiciled in Nigeria either immediately before her marriage or immediately before the desertion shall be deemed to be domiciled in Nigeria; and

     (b)        a wife who is resident in Nigeria at the date of instituting proceedings under this Act and has been so resident for the period of three years immediately preceding that date shall be deemed to be domiciled in Nigeria at that date.

8.   The jurisdiction conferred on a court by this Act shall be exercised in accordance with this Act, and any law in force immediately before the commencement of this Act which confers jurisdiction in divorce or matrimonial causes on the High Court of a State or provides for the law and practice to be applied in the exercise of that jurisdiction shall, to the extent that it does so, cease to have effect.

9.   (1)        Where it appears to a court in which a matrimonial cause has been instituted under this Act that a matrimonial cause between the parties to the marriage or purported marriage has been instituted in another court having jurisdiction under this Act, the court may in its discretion stay the matrimonial cause for such time as it thinks fit.

     (2)        Where it appears to a court in which matrimonial cause has been instituted under this Act (including a matrimonial cause in relation to which subsection (1) of this section applies) that it is in the interests of justice that the matrimonial cause be dealt with in another court having jurisdiction to hear and determine that cause, the court may transfer the matrimonial cause to the other court.

     (3)        The court may exercise its powers under this section at any time and at any stage either on application by any of the parties, or of its own motion.

     (4)        Where a matrimonial cause is transferred from a court in pursuance of this section-

     (a)        all documents filed of record in that court shall be transmitted by the registrar or other proper officer of that court to the registrar or other proper officer of the court to which the cause is transferred; and

     (b)        the court to which the cause is transferred shall proceed as if the cause had been originally instituted in that court, and as if the same proceedings had been taken in that court as had been taken in the court from which the cause was transferred, but all subsequent proceedings shall be in accordance with the practice and procedure of the court to which the cause is transferred.

10.  All courts having jurisdiction under this Act shall severally act in aid of and be auxiliary to one another in all matters under this Act.

### Part II
### Matrimonial Relief

#### *Reconciliation*

11.  (1)        It shall be the duty of the court in which a matrimonial cause has been instituted to give consideration, from time to time, to the possibility of a reconciliation of the parties to the marriage (unless the proceedings are of such a nature that it would not be appropriate to do so), and if at any time it appears to the judge constituting the court, either from the nature of the case, the evidence in the proceedings or the attitude of those parties, or of either of them, or of counsel, that there is a reasonable possibility of such a reconciliation, the judge may do all or any of the following, that is to say, he may-

     (a)        adjourn the proceedings to afford those parties an opportunity of becoming reconciled or to enable anything to be done in accordance with either of the next two succeeding paragraphs;

1/3/23, 1:24 PM                                                    Matrimonial Causes Act

(b)        with the consent of those parties, interview them in chambers, with or without counsel, as the judge thinks proper, with a view to effecting a reconciliation;

(c)        nominate a person with experience or training in marriage conciliation, or in special circumstances, some other suitable person, to endeavour with the consent of the parties, to effect a reconciliation.

(2)        If, not less than fourteen days after an adjournment under subsection (1) of this section has taken place, either of the parties to the marriage requests that the hearing be proceeded with, the judge shall resume the hearing, or the proceedings may be dealt with by another judge, as the case may require, as soon as practicable.

12.        Where a judge has acted as conciliator under Section 11(l) (b) of t is Act but the attempt to effect a reconciliation has failed, the judge shall not, except at the request of the parties to the proceedings, continue to hear the proceedings, or determine the proceedings; and, in the absence of such a request, the proceedings shall be dealt with by another judge.

13.        Evidence of anything said or of any admission made in the course of an endeavour to effect a reconciliation under this Part of this Act shall not be admissible in any court (whether exercising federal jurisdiction or not) or in proceedings before a person authorised by any enactment, federal or state, or by consent of parties, to hear, receive and examine evidence.

14.        A marriage conciliator shall, before entering upon the performance of his functions as such a conciliator, make and subscribe, before a person authorised in Nigeria to take affidavits, an oath or affirmation of secrecy in accordance with the form in the Second Schedule to this act.

*Dissolution of marriage*

15.  (1)        A petition under this Act by a party to a marriage for a decree of dissolution of the marriage may be presented to the court by either party to the marriage upon the ground that the marriage has broken down irretrievably.

(2)        The court hearing a petition for a decree of dissolution of a marriage shall hold the marriage to have broken down irretrievably if, but only if, the petitioner satisfies the court of one or more of the following facts-

(a)        that the respondent has wilfully and persistently refused to consummate the marriage;

(b)        that since the marriage the Respondent has committed adultery and the petitioner finds it intolerable to live with the respondent;

(c)        that since the marriage the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent;

(d)        that the respondent has deserted the petitioner for a continuous period of at least one year immediately preceding the presentation of the petition;

(e)        that the parties to the marriage have lived apart for a continuous period of at least two years immediately preceding the presentation of the petition and the respondent does not object to a decree being granted;

(f)        that the parties to the marriage have lived apart for a continuous period of at least three years immediately preceding the presentation of the petition;

(g)        that the other party to the marriage has, for a period of not less than one year failed to comply with a decree or restitution of conjugal rights made under this Act;

(h)        that the other party to the marriage has been absent from the petitioner for such time and in such circumstances as to provide reasonable grounds for presuming that he or she is dead.

(3)        For the purpose of subsection (2) (e) and (f) of this section the parties to a marriage shall be treated as living apart unless they are living with each other in the same household.

16.  (1)        Without prejudice to the generality of section 15(2)(c) of this Act, the court hearing a petition for a decree to of dissolution of marriage shall hold that the petitioner has satisfied the court of the fact mentioned in the said section 15(2)(c) of this Act if the petitioner satisfies the court that-

(a)        since the marriage, the respondent has committed rape, sodomy, or bestiality; or

(b)        since the marriage, the respondent has, for a period of not less than two years-

(i)        been a habitual drunkard, or

Matrimonial Causes Act

(ii)     habitually been intoxicated by reason of taking or using to excess any sedative, narcotic or stimulating drug or preparation, or has, for a part or parts of such a period, been a habitual drunkard and has, for the other part or parts of the period, habitually been so intoxicated; or

(c)     since the marriage, the respondent has within a period not exceeding five years-

(i)     suffered frequent convictions for crime in respect of which the respondent has been sentenced in the aggregate to imprisonment for not less than three years, and

(ii)     habitually left the petitioner without reason- able means of support; or

(d)     since the marriage, the respondent has been in prison for a period of not less than three years after conviction for an offence punishable by death or imprisonment for life or for a period of five years or more, and is still in prison at the date of the petition; or

(e)     since the marriage and within a period of one year immediately preceding the date of the petition, the respondent has been convicted of-

(i)     having attempted to murder or unlawfully to kill the petitioner, or

(ii)     having committed an offence involving the intentional infliction of grievous harm or grievous hurt on the petitioner or the intent to inflict grievous harm or grievous hurt on the petitioner;

(f)     or the respondent has habitually and wilfully failed, throughout the period of two years immediately preceding the date of the petition, to pay maintenance for the petitioner-

(i)     ordered to be paid under an order of, or an order registered in, a court in the Federation, or

(ii)     agreed to be paid under an agreement between the parties to the marriage providing for their separation; or

(g)     the respondent-

(i)     is, at the date of the petition, of unsound mind and unlikely to recover, and

(ii)     since the marriage and within the period of six ears immediately preceding the date of the petition, as been confined for a period of, or for periods aggregating, not less than five years in an institution where persons may be confined for unsoundness of mind in accordance with law, or in more than one such institution.

(2)     Where a petition is based on the fact mentioned in section 15(2)(h) of this Act-

(a)     proof that, for a period of seven years immediately preceding the date of the petition, the other party to the marriage was continually absent from the petitioner and that the petitioner has no reason to believe that the other party was alive at any time within that period is sufficient to establish the fact in question, unless it is shown that the other party to the marriage was alive at a time within that period; and

(b)     a decree made pursuant to the petition shall be in the form of a decree of dissolution of marriage by reason of presumption of death.

17.  (1)     Where the petitioner alleges that the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with him but the parties to the marriage have lived with each other for a period or periods after the date of the occurrence of the final incident relied on by the petitioner and held by the court to support his allegation, that fact shall be disregarded in determining for the purposes of section 15(2)(c) of this Act whether the petitioner cannot reasonably be expected to live with the respondent if the length of that period or of those periods together was six months or less.

(2)     In considering for the purposes of section 15(2) of this Act whether the period for which the respondent has deserted the petitioner or the period for which the parties to a marriage have lived apart has been continuous, no account shall be taken of any one period (not exceeding six months) or of any two or more periods (not exceeding six months in all) during which the parties resumed living with each other, but no period during which the parties lived with each other shall count as part of the period of desertion or of the period for which the parties to the marriage lived apart, as the case may be.

(3)        References in this section to the parties to a marriage living with each other shall be construed as references to their living with each other in the same household.

18.        A married person whose conduct constitutes just cause or excuse for the other party to the marriage to live separately or apart, and occasions that other party to live separately or apart, shall be deemed to have wilfully deserted that other party without just cause or excuse, notwithstanding that that person may not in fact have intended the conduct to occasion that other party to live separately or apart.

19.   (1)        Where husband and wife are parties to an agreement for separation, whether oral, in writing or constituted by conduct, the refusal by one of them, without reasonable justification, to comply with the other's bona fide request to resume cohabitation shall constitute, as from the date of the refusal, wilful desertion without just cause or excuse on the part of the party so refusing.

(2)        For the purposes of this section, "reasonable justification" means justification that is reasonable in all the circumstances, including the conduct of the other party to the marriage since the marriage, whether that conduct took place before or after the agreement for separation.

20.        Where a party to a marriage has been wilfully deserted by the other party, the desertion shall not be deemed to have been terminated by reason only that the deserting party has become incapable of forming or having an intention to continue the desertion, if it appears to the court that the desertion would probably havecontinued if the deserting party had not become so incapable.

21.        The court shall not find that a respondent has wilfully and persistently refused to consummate the marriage unless the court is satisfied that, as at the commencement of the hearing of the petition, the marriage had not been consummated.

22.        Where-

(a)        a person has been sentenced to imprisonment in respect of each of two or more crimes that, in the opinion of the court hearing the petition, arose substantially out of the same acts or omissions; and

(b)        the sentences were ordered to be served, in whole or in part, concurrently, then, in reckoning for the purposes of section 16(l) (c) of this Act the period for which that person has been sentenced in the aggregate, any period during which two or more of those sentences were to be served concurrently shall be taken into account once only.

23.        A finding in accordance with section 16(l) (f) of this Act shall not be made unless the court is satisfied that reasonable attempts have been made by the petitioner to enforce the order or agreement under which maintenance was ordered or agreed to be paid.

24.        A finding in accordance with section 16(l) (g) of this Act shall not be made unless the court is satisfied that, at the commencement of the hearing of the petition, the respondent was still confined in an institution referred to in the said section 16(l) (g) and was unlikely to recover.

25.        On the application of the respondent made in the course of proceedings for a decree of dissolution of marriage, the court may, if it considers it just and proper in the circumstances of the case to make provision for the maintenance of the respondent or other provision for the benefit of the respondent, refuse to make a decree unless and until it is satisfied that the petitioner has made arrangements satisfactory to the court to provide the maintenance or other benefit as aforesaid upon the decree becoming absolute.

26.        Except where section 16(l) (g) of this Act applies, a decree of dissolution of marriage shall not be made if the petitioner has condoned or connived at the conduct constituting the facts on which the petition is based.

27.        A decree of dissolution of marriage shall not be made if the petitioner, in bringing or prosecuting the proceedings, has been guilty of Collusion with intent to cause a perversion of justice.

28.        The court may, in its discretion, refuse to make a decree of dissolution of marriage if since the marriage-

(a)        the petitioner has committed adultery that has not been condoned by the respondent or, having been so condoned, has been revived;

(b)        the petitioner has wilfully deserted the respondent before the happening of the matters relied upon by the petitioner or, where those matters involve other matters occurring during, or extending over, a period, before the expiration of that period; or

(c)        the habits of the petitioner have, or the conduct of the petitioner has, conduced or contributed to the existence of the matters relied upon by the petitioner.

29.        Where both a petition for a decree of nullity of a marriage and a petition for a decree of dissolution of that marriage are before a court, the court shall not make a decree of dissolution of the marriage unless it has dismissed the petition for a decree of nullity of the marriage.

**30. (1)**    Subject to this section, proceedings for a decree of dissolution of marriage shall not be instituted within two years after the date of the marriage except by leave of the court.

(2)    Nothing in this section shall apply to the institution of proceedings based on any of the matters specified in section 15(2) (a) or (b) or 16(l) (a) of this Act, or to the institution of proceedings for a decree of dissolution of marriage by way of cross-proceedings.

(3)    The court shall not grant leave under this section to institute proceedings except on the ground that to refuse to grant the leave would impose exceptional hardship on the applicant or that the case is one involving exceptional depravity on the part of the other party to the marriage.

(4)    In determining an application for leave to institute proceedings under this section, the court shall have regard to the interest of any children of the marriage, and to the question whether there is any reasonable probability of a reconciliation between the parties before the expiration of the period of two years after the date of the marriage.

(5)    Where, at the hearing of proceedings that have been instituted by leave of the court under this section, the court is satisfied that the leave was obtained by misrepresentation or concealment of material facts, the court may-

(a)    adjourn the hearing for such period as the court thinks fit; or

(b)    dismiss the petition on the ground that the leave was so obtained.

(6)    Where, in a case to which subsection (5) of this section applies, there is a cross-petition, if the court adjourns or dismisses the petition under that subsection, it shall also adjourn for the same period, or dismiss, as the case may be, the cross-petition; but if the court, having regard to the provisions of this section, thinks it proper to hear and ·determine the cross-petition, it may do so, and in that case it shall also hear and determine the petition.

(7)    The dismissal of a petition or a cross-petition under subsection (5) or (6) of this section shall not prejudice any subsequent proceedings on the same, or substantially the same, facts as those constituting the ground on which the dismissed petition or cross-petition was brought.

(8)    Nothing in this section shall prevent the institution of proceedings, after the period of two years from the date of the marriage, based upon matters which have occurred within that period.

(9)    In this section, a reference to the leave of the court shall be deemed to include a reference to leave granted by a court on appeal.

**31. (1)**    A party to a marriage, whether husband or wife may, in a petition for a decree of dissolution of the marriage alleging that the other party to the marriage has committed adultery with a person or including that allegation, claim damages from that person on the ground that that person has committed adultery with the other party to the marriage and, subject to this section, the court may award damages accordingly.

(2)    The court shall not award damages against a person where the adultery of the respondent with that person has been condoned, whether subsequently revived or not, or if a decree of dissolution of the marriage based on the fact of the adultery of the respondent with that person, or on facts including that fact, is not made.

(3)    Damages shall not be awarded under this Act in respect of an act of adultery committed more than three years before the date of the petition.

(4)    The court may direct in what manner the damages awarded shall be paid or applied and may, if it thinks fit, direct that they shall be settled for the benefit of the respondent or the children of the marriage.

**32. (1)**    Where, in a petition for a decree of dissolution of marriage or in an answer to such a petition, a party to the marriage is alleged to have committed adultery with a specified person, whether or not a decree of dissolution of marriage is sought on the basis of that allegation, that per- son shall, except as provided by rules of court, be made a party to the proceedings.

(2)    Where, in a petition for a decree of dissolution of marriage or in an answer to such a petition, a party to the Marriage is alleged to have committed rape or sodomy on or with a specified person, whether or not a decree of dissolution of marriage is sought on the basis of that allegation, that person shall, except as provided by rules of court, be served with notice that the allegation has been made and is thereupon entitled to intervene in the proceedings.

(3)      Where a person has been made a party to proceedings for a decree of dissolution of marriage in pursuance of subsection (1) above, the court may, on the application of that person, if it is satisfied after the close of the case for the party to the marriage who alleged the adultery that there is not sufficient evidence to establish that that person ommitted adultery with the other party to the marriage, dismiss that person from the proceedings.

33.      Where a decree of dissolution of marriage under this Act has become absolute, a party to the marriage may marry again as if the marriage had been dissolved by death.

*Nullity of marriage*

34.      Subject to the following provisions of this Part of this Act, a petition under this Act for nullity of marriage may be based on the ground that the marriage is void, or on the ground that the marriage is voidable at the suit of the petitioner.

35.      A decree of nullity of marriage shall not be made upon the petition-

(a)      of the arty suffering from the incapacity to consummate the marriage, on the ground that the marriage is voidable by virtue of section 5(l) (a) of this Act, unless that party was not aware of the existence of the incapacity at the time of the marriage;

(b)      of the party suffering from the disability of the disease, on the ground that the marriage is voidable by virtue of section 5(l) (b) or (c) of this Act; or

(c)      of the wife, on the ground that the marriage is voidable by virtue of section 5(l) (d) of this Act.

36. (1)      A decree of nullity of marriage shall not be made on the ground that the marriage is voidable by virtue of section 5(l)(a) of this Act unless the court is satisfied that the incapacity to consummate the marriage also existed at the time when the hearing of the petition commenced and that-

(a)      the incapacity is not curable;

(b)      the respondent refuses to submit to such medical examination as the court considers necessary for the purpose of determining whether the incapacity is curable; or

(c)      the respondent refuses to submit to proper treatment for the purpose of curing the incapacity.

(2)      A decree of nullity of marriage shall not be made on the ground that the marriage is voidable by virtue of section 5(l) (a) of this Act where the court is of opinion that-

(a)      by reason of-

(i)      the petitioner's knowledge of the incapacity at the time of the marriage; or

(ii)     the conduct of the petitioner since the marriage; or

(iii)    the lapse of time; or (b) for any other reason,

it would, in the particular circumstances of the case, be harsh and oppressive to the respondent, or contrary to the public interest, to make a decree.

37.      A decree of nullity of marriage shall not be made on the ground that the marriage is voidable by virtue of section 5(l) (b), (c) or (d) of this Act unless the court is satisfied that-

(a)      the petitioner was at the time of the marriage, ignorant of the facts constituting the ground;

(b)      the petition was filed not later than twelve months after the date of the marriage; and

(c)      marital intercourse has not taken place with the con- sent of the petitioner since the petitioner discovered the existence of the facts constituting the ground.

38. (1)      A decree of nullity under this Act of a voidable marriage shall annul the marriage from and including the date on which the decree, becomes absolute.

(2)      Without prejudice to the operation of subsection (1) of this section in other respects, a decree of nullity under this Act of a voidable marriage shall not render illegitimate a child of the parties born since, or legitimate during, the marriage.

*Judicial separation*

**39.**     Subject to this Part, a petition under this Act by a party to a marriage for a decree of judicial separation may be based on one or more of the facts and matters specified in sections 15(2) and 16(l) of this Act.

**40.**     The provisions of sections 18 to 24 and sections 26 to 32 of this Act shall apply to and in relation to a Decree of judicial separation and proceedings for such a decree and, for the purposes of those provisions as so applying, a reference in those provisions to a decree of dissolution of marriage shall be read as a reference to a decree of judicial separation.

**41.**     A decree of judicial separation relieves the petitioner from the obligation to cohabit with the other party to the marriage while the decree remains in operation, but, except as provided by this Part, it shall not otherwise affect the marriage or the status, rights and obligations of the parties to the marriage.

**42.**  (1)     While a decree of judicial separation is in operation, either party to the marriage may bring proceedings in contract or in tort against the other party.

   (2)     Where a party to a marriage dies intestate as to any property while a decree of judicial separation is in operation that property shall devolve as if that party had survived the other party to the marriage.

   (3)     Where upon, or in consequence of, the making of a decree of judicial separation a husband is ordered to pay maintenance to his wife, and the maintenance is not duly paid, the husband shall be liable for necessaries supplied for the wife's use.

**43.**     Nothing in this Part shall prevent a wife, during separation under a decree of judicial separation, from joining in the exercise of any power given to herself and her husband jointly.

**44.**  (1)     A decree of judicial separation shall not prevent the institution by either party to the marriage of proceedings for a decree of dissolution of marriage.

   (2)     Subject to the next succeeding subsection, the court may, in any proceedings for a decree of dissolution of marriage on the same, or substantially the same, facts as those on which a decree of judicial separation has been made, treat the decree of judicial separation as sufficient proof of the facts constituting the ground on which that decree was made.

   (3)     The court shall not grant a decree of dissolution of marriage without receiving evidence by the petitioner in support of the petition.

**45.**     Where, after the making of a decree of judicial separation the parties voluntarily resume cohabitation, either party may apply for an order discharging the decree, and the court shall, if both parties consent to the order, or if the court is otherwise satisfied that the parties have voluntarily resumed cohabitation, make an order discharging the decree accordingly.

**46.**     The provisions of sections 41 to 45 of this Act shall apply to and in relation to a decree of judicial separation made before the commencement of this Act by a court in Nigeria as well as to such a decree made after the commencement of this Act.

*Restitution of conjugal rights*

**47.**     A petition under this Act by a party to a marriage for a decree of restitution of conjugal rights may be based on the ground that the parties to the marriage, whether or not they have at any time cohabited, are not cohabiting and that, without just cause or excuse, the party against whom the decree is sought refuses to cohabit with, and render conjugal rights to, the petitioner.

**48.**     An agreement for separation, whether entered into before or after the commencement of this Act, shall not constitute a defence to proceedings under this Act for a decree of restitution of conjugal rights.

**49.**     The court shall not make a decree of restitution of conjugal rights unless it is satisfied-

   (a)     that the petitioner sincerely desires conjugal rights to be rendered by the respondent and is willing to render conjugal rights to the respondent; and

   (b)     that a written request for cohabitation, expressed in conciliatory language, was made to the respondent before the institution of the proceedings, or that there are special circumstances which justify the making of the decree notwithstanding that such a request was not made.

**50.**     Where the court makes a decree of restitution of conjugal rights on the petition of a husband, the petitioner shall, as soon as practicable after the making of the decree, and at such other times as rules of court so require, give to the respondent notice, in accordance with rules of court, of the provision made by the petitioner, or which the petitioner, or which the petitioner is willing to make, with respect to a home, for the purpose of enabling the respondent to comply with the decree.

**51.**     A decree of restitution of conjugal rights shall not be enforceable by attachment.

*Jactitation of marriage*

**52.**     A petition under this Act for a decree of jactitation of marriage may be based on the ground that the respondent has falsely boasted and persistently asserted that a marriage has taken place between the respondent and the petitioner, but the making of the decree shall be in the discretion of the court, notwithstanding anything contained in this Act.

*General*

**53. (1)**     A decree may be made, or refused, under this Part of this Act by reason of facts and circumstances notwithstanding that those facts and circumstances, or some of them, took place before the commencement of this Act or outside Nigeria.

**(2)**     For the purposes of this section, the provisions of sections 18, 19 and 20 of this Act shall be deemed to extend to matters which occurred before the commencement of this Act.

**54. (1)**     Subject to the next succeeding subsection, a matrimonial cause of a kind referred to in paragraph (a) or (b) of the definition of "matrimonial cause" in section 114(l) of this Act shall be instituted by petition.

**(2)**     A respondent may, in the answer to the petition, seek any decree or declaration that the respondent could have sought in a petition.

**(3)**     Proceedings of a kind referred to in paragraph (c) of the definition of "matrimonial cause" in section 114(l) of this Act that are in relation to proceedings under this Act for a decree or declaration of a kind referred to in paragraph (a) or (b) of that definition-

   **(a)**     may be instituted by the same petition as that by which the proceedings for that decree or declaration are instituted; and

   **(b)**     except as permitted by the rules or by leave of the court, shall not be instituted in any other manner.

**(4)**     The court shall, so far as is practicable, hear and determine at the same time all proceedings instituted by the one petition.

**55.**     Save where other provisions in that behalf is made by this Act, the court, upon being satisfied of the existence of any ground in respect of which relief is sought, shall make the appropriate decree.

**56.**     A decree of dissolution of marriage or nullity of a voidable marriage under this Act shall, in the first instance, be a decree nisi.

**57. (1)**     Where there are children of the marriage in relation to whom this section applies, the decree nisi shall not become absolute unless the court, by order, has declared-

   **(a)**     that it is satisfied that proper arrangements in all the circumstances have been made for the welfare and, where appropriate, the advancement and education of those children; or

   **(b)**     that there are special circumstances that the decree nisi should become absolute notwithstanding that the court is not satisfied that such arrangements have been made.

**(2)**     In this section, "children of the marriage in relation to whom this section applies" means-

   **(a)**     the children of the marriage who are under the age of sixteen years at the date of the decree nisi; and

   **(b)**     any children of the marriage in relation to whom the court has, in pursuance of the next succeeding subsection, ordered that this section shall apply.

(3)       The court may, in a particular case, if it is of opinion that there are special circumstances which justify its so doing, order that this section shall apply in relation to a child of the marriage who has attained the age of sixteen years at the date of the decree nisi.

**58.** (1)       Subject to this section, where in relation to a decree nisi-

   (a)       section 57 above applies, the decree nisi shall become absolute by force of this section at the expiration of-

      (i)       a period of three months from the making of the decree; or

      (ii)       a period of twenty eight days from the making of an order under subsection (1) of that section, whichever is the later; and

   (b)       section 57 of this Act does not apply, the decree nisi shall become absolute by force o this section upon the expiration of a period of three months from the making of the decree.

(2)       Where a decree nisi has been made in any proceedings, the court of first instance (whether or not it made the decree), or a court in which an appeal has been instituted, may, either before or after it has disposed of the proceedings or appeal, and whether or not a previous order has been made under this subsection-

   (a)       having regard to the possibility of an appeal or further appeal, make an order extending the period at the expiration of which the decree nisi will become absolute; or

   (b)       if it is satisfied that there are special circumstances which justify its so doing, make an order reducing the period at the expiration of which the decree nisi will become absolute.

(3)       Where an appeal is instituted (whether or not it is the first appeal) before a decree nisi has become absolute, then, notwithstanding any order in force under the last preceding subsection at the time of the institution of the appeal, the decree nisi, unless reversed or rescinded, shall become absolute by force of this section-

   (a)       at the expiration of a period of twenty-eight days from the day on which the appeal is determined or discontinued; or

   (b)       on the day on which, in the particular circumstances, the decree would have become absolute under subsection (1) above if no appeal had been instituted, whichever is the later.

(4)       A decree nisi shall not become absolute by force of this section where either of the parties to the marriage has died.

(5)       In this section, "appeal", in relation to a decree nisi, means-

   (a)       an appeal, application for leave to appeal or intervention, against or arising out of-

      (i)       the decree nisi, or

      (ii)       an order under the last preceding section in relation to the proceedings in which the decree nisi was made; or

   (b)       an Application under section 60 or 61 of this Act for rescission of the decree or an appeal or application for leave to appeal arising out of such an application.

**59.** (1)       Where a decree nisi becomes absolute, the registrar or other proper officer of the court by which the decree was made shall prepare and file a memorandum of the fact and of the date upon which the decree became absolute.

(2)       Where a decree nisi has become absolute, any person shall be entitled, on application to the registrar or other proper officer of the court by which the decree was made and on payment of the appropriate fee, to receive a certificate signed by the registrar or other proper officer that the decree nisi has become absolute, and a certificate given under this subsection shall in all courts and for all purposes be evidence of the matters specified in the certificate.

Matrimonial Causes Act

60.      Notwithstanding anything contained in this Part, where a decree nisi has been made in proceedings for a decree of dissolution of marriage, the court may, at any time before the decree becomes absolute, upon the application of either of the parties to the marriage, rescind the decree on the ground that the parties to the marriage have become reconciled.

61.      Where a decree nisi has been made but has not become absolute, the court by which the decree was made may, on the application of a party to the proceedings, if it is satisfied that there has been a miscarriage of justice by reason of fraud, perjury, suppression of evidence or any other circumstance, rescind the decree and, if it thinks fit, order that the proceedings be reheard.


# Part III
# Intervention

62.      In any proceedings under this Act where the court requests him to do so, the Attorney-General of the Federation may intervene in, and contest or argue any question arising in, the proceedings.

63.      In proceedings under this Act for a decree of dissolution or nullity of marriage, judicial separation or restitution of conjugal rights, or in relation to the custody or guardianship of children, where the Attorney-General of the Federation has reason to believe that there are matters relevant to the proceedings that have not been, or may not be, but ought to be, made known to the court, he may, at any time before the proceedings are finally disposed of, intervene in the proceedings.

64.  (1)      The Attorney-General of the Federation may either generally or in relation to a matter or class of matters and either in relation to the whole of the Federation or to a State, by writing under his hand, delegate all or any of his powers and functions under this Part of this Act (except this power of delegation) to the person occupying from time to time, while the delegation is in force, the office of Attorney- General of a State, and a power or function so delegated may be exercised or performed by the delegate in accordance with the instrument of delegation.

     (2)      A delegation under this section shall be revocable at will and the fact that any power or function has been delegated shall not prevent the exercise of the power or the performance of the function by the Attorney-General of the Federation.

     (3)      More than one delegation may be in force under this section at the one time in relation to the whole of Nigeria or in relation to the same part of Nigeria; and a delegation in relation to the whole of Nigeria may be in force at the same time as a delegation in relation to parts of Nigeria.

65.  (1)      In proceedings under this Act for a decree of dissolution or nullity of marriage, judicial separation or restitution of conjugal rights, where a person applies to the court for leave to intervene in the proceedings and the court is satisfied that that person may be able to prove facts relevant to the proceedings that have not been, or may not be, but ought to be, made known to the court, the court may, at any time before the proceedings are finally disposed of, make an order entitling that person to intervene in the proceedings.

     (2)      An order under this section may be made upon such conditions as the court thinks fit, including the giving of security for costs.

66.      Where an intervention takes place under this Part of this Act after a decree nisi has been made and it is proved that the petitioner has been guilty of collusion with intent to cause a perversion of justice, or that material facts have not been brought before the court, the court may rescind the decree.

67.      Where a decree nisi has been made in any proceedings, for the purpose of this Part of this Act, the proceedings shall not be taken to have been finally disposed of until the decree nisi has become absolute.

68.      A person intervening under this Part or Part 11 of this Act shall be deemed to be a party in the proceedings with all the rights, duties and liabilities of a party.


# Part IV
# Maintenance, Custody and Settlements

69.      In this Part of this Act,-

     "marriage" includes a purported marriage that is void, but does not include one entered into according to Muslim rites or other customary law, and "children of the marriage" includes-

Matrimonial Causes Act

(a)    any child adopted since the marriage by the husband and wife or by either of them with the consent of the other;

(b)    any child of the husband and wife born before the marriage, whether legitimated by the marriage or not; and

(c)    any child of either the husband or wife (including an illegitimate child of either of them and a child adopted by either of them) if, at the relevant time, the child was ordinarily a member of the household of the husband and wife,

so however that a child of the husband and wife (including a child born before the marriage, Whether legitimated by the marriage or not) who has been adopted by another person or other persons shall be deemed not to be a child of the marriage;

"relevant time" means in relation to proceedings under this Part of this Act either-

(a)    the time immediately preceding the time when the husband and wife ceased to live together or, if they have ceased on more than one occasion to live together, the time immediately preceding the time when they last ceased to live together before the institution of the proceedings; or

(b)    if the husband and wife were living together at the time when the proceedings were instituted, the time immediately preceding the institution of the proceedings.

70.  (1)    Subject to this section, the court may, in proceedings with respect to the maintenance of a party to a marriage, or of children of the marriage, other than proceedings for an order for maintenance pending the disposal of proceedings, make such order as it thinks proper, having regard to the means, earning capacity and conduct of the parties to the marriage and all other relevant circumstances.

(2)    Subject to this section and to rules of court, the court may, in proceedings for an order for the maintenance of a party to a marriage, or of children of the marriage, pending the disposal of proceedings, make such order as it thinks proper, having regard to the means, earnings capacity and conduct of the parties to the marriage and all other relevant circumstances.

(3)    The court may make an order for the maintenance of a party notwithstanding that a decree is or has been made against that party in the proceedings to which the proceedings with respect to maintenance are related.

(4)    The power of the court to make an order with respect to the maintenance of children of the marriage shall not be exercised for the benefit of a child who has attained the age of twenty-one years unless the court is of opinion that there are special circumstances that justify the making of such an order for the benefit of that child.

71.  (1)    In proceedings with respect to the custody guardianship, welfare, advancement or education of children of a marriage, the court shall regard the interests of those children as the paramount consideration; and subject thereto, the court may make such order in respect of those matters as it thinks proper.

(2)    The court may adjourn any proceedings within subsection (1) of this section until a report has been obtained from a welfare officer on such matters relevant to the proceedings as the court considers desirable, and any such report may thereafter be received in evidence.

(3)    In proceedings with respect to the custody of children of a marriage, the court may, if it is satisfied that it is desirable to do so, make an order placing the children, or such of them as it thinks fit, in the custody of a person other than a party to the marriage.

(4)    Where the court makes an order placing a child of a marriage in the custody of a party to the marriage, or of a person other than a party to the marriage, it may include in the order such provision as it thinks proper for access to the child by the other party to the marriage, or by the parties or a party to the marriage, as the case may be.

72.  (1)    The court may, in proceedings under this Act, by court in order require the parties to the marriage, or either of them, to make, for the benefit of all or any of the parties to, and the children of, the marriage, such a settlement of property to which the parties are, or either of them is, entitled (whether in possession or reversion) as the court considers just and equitable in the circumstances of the case.

(2)    The court may, in proceedings under this Act, make such order as the court considers just and equitable with respect to the application for the benefit of all or any of the parties to, and the children of, the marriage of the whole or part of property dealt with by ante-nuptial or post-nuptial settlements on the parties to the marriage, or either of them.

    17/3

(3)     The power of the court to make orders of the kind referred to in this section shall not be exercised for the benefit of a child who has attained the age of twenty-one years unless the court is of opinion that there are special circumstances that justify the making of such an order for the benefit of that child.

**73.** (1)     The court, in exercising its powers under this Part of this Act, may do any or all of the following, that is to say, it may-

(a)     order that a lump sum or a weekly, monthly, yearly or other periodic sum be paid;

(b)     order that a lump sum or a weekly, monthly, yearly or other periodic sum be secured;

(c)     when a periodic sum is ordered to be paid, order that its payment be wholly or partly secured in such manner as the court directs;

(d)     order that any necessary deed or instrument be executed, and that the documents of title be produced or such other things be done as are necessary to enable an order to be carried out effectively or to provide security for the due performance of an order;

(e)     appoint or remove trustees; order that payments be made direct to a party to the marriage, or to a trustee to be appointed or to a public officer or other authority for the benefit of a party to the marriage;

(g)     order that payment of maintenance in respect of a child be made to such persons or public officer or other authority as the court specifies;

(h)     make a permanent order, an order pending the disposal of proceedings, or an order for a fixed term or for a life or during joint lives, or until further order,

(i)     impose terms and conditions;

(j)     in relation to an order made :in respect of a matter referred to in section 70, 71 or 72 of this Act, whether made by the court or by another court, and whether made before or after the commencement of this Act,-

(i)     discharge the order if the party in whose favour it was made marries again or if there is any other just cause for so doing,

(ii)     modify the effect of the order or suspend its operation wholly or in part and either until further order or until a fixed time or the happening of some future event,

(iii)     revive wholly or in part an order suspended under sub-paragraph (ii) of this paragraph, or

(iv)     subject to subsection (2) of this section, vary the order so as to increase or decrease any amount ordered to be paid by the order;

(k)     sanction an agreement for the acceptance of a lump sum or periodic sums or other benefits in lieu of rights under an order made in respect of a matter referred to in section 70, 71 or 72 of this Act, or any right to seek such an order;

(l)     make any other order (whether or not of the same nature as those mentioned in the preceding paragraphs of this subsection, and whether or not it is in accordance with the practice under any other enactment or law before the commencement of this Act) which it thinks it is necessary to make to do justice;

(m)     include in its decree under another Part of this Act its order under this Part; and

(n)     subject to this Act, make an order under this Part of this Act at any time before or after the making of a decree under another Part thereof.

(2)     The court shall not make an order increasing or decreasing an amount ordered to be paid by an order unless it is satisfied-

(a)     that, since the order was made or last varied, the circumstances of the parties or either of them, or of any child for whose benefit the order was made, have changed to such an extent as to justify its so doing; or

(b)     that material facts were withheld from the court that made the order or from a court that varied the order or material evidence previously given before such a court was false.

Matrimonial Causes Act

(3)      The court shall not make an order increasing or decreasing-

   (a)      the security for the payment of a periodic sum ordered to be paid; or

   (b)      the amount of a lump sum or periodic sum ordered to be secured, unless it is satisfied that material facts were withheld from the court that made the order, or from a court that varied the order, or that material evidence given before such a court was false.

**74.** (1)      Where a person who is directed by an order under this Part of this Act to execute a deed or instrument refuses or neglects to do so, the court may appoint an officer of the court or other person to execute the deed or instrument in his name and to do all acts and things necessary to give validity and operation to the deed or instrument.

(2)      The execution of the deed or instrument by the person so appointed shall have the same force and validity as if it had been executed by the person directed by the order to execute it.

(3)      Where a deed or instrument is executed pursuant to this section, the court may make such order as it thinks just as to the payment of the costs and expenses of and incidental to the preparation and execution of the deed or instrument.

**75.** (1)      Save as provided by this section, the court shall not make an order under this Part of this Act where the petition for the principal relief has been dismissed.

(2)      Where-

   (a)      the petition for the principal relief has been dismissed after a hearing on the merits; and

   (b)      the court is satisfied that-

      (i)      the proceedings for the principal relief were instituted in good faith to obtain that relief, and

      (ii)      there is no reasonable likelihood of the parties becoming reconciled,

      the court may, if it considers that it is desirable to do so, make an order under this Part of this Act, other than an order under section 72 of this Act.

(3)      The court shall not make an order by virtue of subsection (2) of this section unless it has heard the proceedings for the order at the same time as, or immediately after, the proceedings for the principal relief.

(4)      In this section, "principal relief" means relief of a kind referred to in paragraph (a) or (b) of the definition of matrimonial cause" in section 114(l) of this Act.

### Part V
### Appeals

**76.** (1)      Subject to section 77 of this Act, an appeal shall lie as of right from a decision of the High Court of a State in the exercise of its jurisdiction under this Act to the Court of Appeal and thence to the Supreme Court.

(2)      In this section, "decision" means any decree, order or other determination.

**77.**      An appeal under this Act-

   (a)      from any order made ex parte;

   (b)      from any order relating only to costs;

   (c)      from any order made with the consent of the parties; or

   (d)      in the case of a party to proceedings for dissolution or nullity of marriage who, having had time and opportunity to appeal from any decree nisi in the proceedings, has not so appealed, from any decree absolute founded upon the decree nisi;

      shall lie only with the leave of the court from which, or the court to which, the appeal is sought to be made.

**78.**      Subject to section 77 of this Act, where-

    (a)     a maintenance order is registered in a court of summary jurisdiction under section 91(l) of this Act; and

    (b)     in relation to the maintenance order-

        (i)     that court makes any order or does any other thing by way of enforcement of the maintenance order; or

        (ii)     that or another court of summary jurisdiction makes an attachment of earnings order under paragraph 4 of the Third Schedule to this Act,

        then, without prejudice to any right of appeal which may exist against the making of the maintenance order, there shall exist in respect of the order made or other thing done by the court such rights of appeal (if any) as would have existed if the order had been made or the other thing done in the exercise of the court's ordinary civil jurisdiction.

**79.**    The court hearing an appeal under this Part-

    (a)     is hereby invested with the necessary jurisdiction;

    (b)     may confirm, vary or reverse any decree, judgment, order or other determination appealed from, order a re-hearing or make such other order as it considers proper to determine the real issue of the appeal; and

    (c)     subject to this Part, shall otherwise have the same powers as it has in its ordinary appellate jurisdiction in civil proceedings.

**Part VI.**
**Recognition of Decrees**

**80.**    Where a decree is made under this Act it shall have effect in all States of the Federation.

**81.**  **(1)**    A decree of dissolution or nullity of marriage made before the commencement of this Act by a court in Nigeria or made after the commencement of this Act by such a court in accordance with the transitional provisions of this Act shall be recognised as valid in all States of the Federation.

    (2)     A dissolution or annulment of a marriage effected in accordance with the law of a foreign country shall be recognised as valid in Nigeria where, at the date of the institution of the proceedings that resulted in the dissolution or annulment, the party at whose instance the dissolution or annulment was effected (or, if it was effected at the instance of both parties, either of those parties)-

    (a)     in the case of the dissolution of a marriage or the annulment of a voidable marriage, was domiciled in that foreign country; or

    (b)     in the case of the annulment of a void marriage, was domiciled or resident in that foreign country.

    (3)     For the purposes of subsection (2) of this section-

    (a)     where a dissolution of a marriage was effected in accordance with the law of a foreign country at the instance of a deserted wife who was domiciled in that foreign country either immediately before her marriage or immediately before the desertion, she shall be deemed to have been domiciled in that foreign country at the date of the institution of the proceedings that resulted in the dissolution; and

    (b)     a wife who, at the date of the institution of the proceedings that resulted in a dissolution or annulment of her marriage in accordance with the law of a foreign country, was resident in that foreign country and had been so resident for a period of three years immediately preceding that date shall be deemed to have been domiciled in that foreign country at that date.

    (4)     A dissolution of annulment of a marriage effected in accordance with the law of a foreign country, not being a dissolution or annulment to which subsection (2) of this section applies, shall be recognised as valid in Nigeria if its validity would have been recognised under the law of the foreign country in which, in the case of a dissolution, the parties were domiciled at the date of the dissolution or in which, in the case of an annulment, either party was domiciled at the date of the annulment.

    (5)     Any dissolution or annulment of a marriage that would be recognised as valid under the rules of private international law but to which none of the preceding provisions of this section applies shall be recognized as valid in

Matrimonial Causes Act

Nigeria, and the operation of this subsection shall not be limited by any implication from those provisions.

(6)      For the purposes of this section, a court in Nigeria, in considering the validity of a dissolution or annulment effected under the law of a foreign country, may treat as proved any facts found by a court of the foreign country or otherwise established for the purposes of the law of the foreign country.

(7)      A dissolution or annulment of a marriage shall not be recognised as valid by virtue of subsection (2) or (4) of this section where, under the rules of private international law, recognition of its validity would be refused on the ground that a party to the marriage had been denied natural justice or that the dissolution or annulment had been obtained by fraud.

(8)      Subsections (2) to (7) of this section shall apply in relation to dissolutions and annulments effected, whether by decree legislation or otherwise, before or after the commencement of this Act.

(9)      In this section, "foreign country" means a country, or part of a country, outside the Federation.

### Part VII
### Evidence

**82.**  (1)      For the purposes of this Act, a matter of fact shall be taken to be proved if it is established to the reasonable satisfaction of the court.

(2)      Where a provision of this Act requires the court to be satisfied of the existence of any ground or fact or as to any other matter, it shall be sufficient if the court is reasonably satisfied of the existence of that ground or fact, or as to that other matter.

**83.**  (1)      Subject to this Part of this Act, all parties and the wives and husbands of all parties are competent and compellable witnesses in proceedings under this Act.

(2)      Subject to subsection (3) of this section, in proceedings under this Act, a husband is competent, but not compellable, to disclose communications made between him and his wife during the marriage, and a wife is competent, but not compellable, to disclose communications made between her and her husband during the marriage.

(3)      Where a husband and wife are both parties to proceedings under this Act each of them is competent and compellable to disclose communications made between them during the marriage.

(4)      Subsections (2) and (3) of this section shall apply to communications made before, as well as to communications made on or after, the commencement of this Act.

**84.**      Notwithstanding any rule of law, in proceedings under this Act either party to a marriage may give evidence proving or tending to prove that the parties to the marriage did not have sexual relations with each other at any particular time, but shall not be compellable to give such evidence if it would show or tend to show that a child born to the wife during the marriage was illegitimate.

**85.**  (1)      A witness in proceedings under this Act who being a party, voluntarily gives evidence on his own behalf or, whether he is a party or not, is called by a party may be asked, and shall be bound to answer, a question the answer to which may show, or tend to show, adultery by or with the witness, where proof of that adultery would be material to the decision of the case.

(2)      Except as provided by subsection (1) of this section, a Witness in proceedings under this Act (whether a party to the proceedings or not) shall not be liable to be asked, or bound to answer, a question the answer to which may show, or tend to show, that the witness has committed adultery.

**86.**      In proceedings under this Act the court may receive as evidence of the facts stated in it, a document purporting to be either the original or a certified copy of any certificate, entry or record of a birth, death or marriage alleged to have taken place whether in Nigeria or elsewhere.

**87.**  (1)      In any proceedings under this Act-

(a)      evidence that a person, being a party to a marriage, was after the marriage convicted, whether in Nigeria or elsewhere, of the crime or offence of rape or any other crime or offence in which sexual intercourse with a person of the opposite sex is an element shall be evidence that the former person committed adultery with the person on whom the rape or other crime or offence was committed; and

Matrimonial Causes Act

(b)        evidence that a person, being a party to a marriage, was after the marriage convicted, whether in Nigeria or elsewhere, of the crime or offence of sodomy or bestiality shall be evidence that that person committed sodomy or bestiality.

(2)        In proceedings under this Act a certificate of the conviction of a person for a crime or offence, on a date specified in the certificate, by a court of a State of the Federation, being a certificate purporting to be signed by the registrar or other appropriate officer of that court, shall be evidence of the fact and date of the conviction and, if the certificate shows that a sentence of imprisonment was imposed, of the fact that that sentence was imposed.

## Part VIII
### Enforcement of decrees

88. (1)        Subject to rules of court, a court having jurisdiction under this Act may enforce by attachment or other process an order made by it under this Act for payment of maintenance or costs or in respect of the custody of, or access, to children.

(2)        The court shall order the release from custody of a person who has been attached under this section upon being satisfied that that person has complied with the order in respect of which he was attached and may, at any time, if the court is satisfied that it is just and equitable to do so, order the release of such a person notwithstanding that he has not complied with that order.

(3)        Where attachment or other process remains unsatisfied for not less than six weeks, the person who has been attached under this section in consequence of his failure to comply with an order for the payment of maintenance or costs shall be deemed to be an insolvent person and may be kept in custody under the attachment for a period not exceeding six months after the expiry of the period of six weeks aforesaid, unless the court otherwise orders.

89. (1)        A decree made under this Act by a court having jurisdiction under this Act may, in accordance with rules of court, be registered in another court having jurisdiction under this Act.

(2)        A decree registered in a court under this section may, subject to rules of court, be enforced as if it had been made by the court in which it is registered.

(3)        A reference in this Part of the Act to the court by which a decree was made shall be construed as including a reference to a court in which the decree is registered under this section.

90. (1)        Where a decree made under this Act orders the payment of money to a person, any moneys payable under the decree may be recovered as a judgment debt in a court of competent jurisdiction.

(2)        A decree made under this Act may be enforced, by leave of the court by which it was made (or in which it is registered) and on such terms and conditions as the court thinks fit, against the estate of a party after that party's death.

91. (1)        Where pursuant to this Act, a court has made an order for payment of maintenance, the order may be registered in accordance with rules of court in a court of summary jurisdiction of a State of the Federation, and an order so registered may, subject to rules of court, be enforced in the same manner as if it were an order for maintenance of a deserted wife made by the court of summary jurisdiction.

(2)        The several courts of summary jurisdiction of the States of the Federation are hereby authorised to do all things necessary for the purposes of subsection (1) of this section.

92.        An order under this Act for the payment of maintenance may be enforced in accordance with the Third Schedule to this Act and the provisions of that Schedule shall have effect in relation to the enforcement of any such order.

93.        Subject to this Act, rules of court may make provision for the enforcement of decrees made under this Act by means other than those specified in the preceding provisions of this Part of this Act.

94.        A decree made in a matrimonial cause before the commencement of this Act by a court in Nigeria or by an officer of such a court may be enforced-

(a)        in the manner in which it could be enforced if this Act had not been made; or

(b)        subject to rules of court, in the manner in which a like decree made by that court under this Act may be enforced.

95.        Section 112 of this Act shall include power to make rules of court for the purposes of this Part and shall apply in relation to any such rules.

### Part IX
### Transitional provisions

96.     In this Part of this Act-

"pending proceedings" means proceedings instituted in the High Court of a State before the date of commencement of this Act but not completed before that date;

"the court", in relation to pending proceedings, means the court in which the proceedings were instituted.

97.       Pending proceedings constituting a matrimonial cause may be continued and dealt with in accordance with and by virtue of this Part of this Act and not otherwise.

98. (1)      Except as provided by this Part of this Act, the law to be applied, and the practice and procedure to be followed, in and in relation to pending proceedings, being proceedings for a decree of dissolution or nullity of marriage, or of judicial separation, shall be the same as if this Act had not been made.

(2)      Without prejudice to any power that the court has by virtue of subsection (1) of this section to amend or permit the amendment of a petition, the court may in any such proceedings, upon application by the petitioner and on such conditions, if any, as the court thinks fit, permit the petitioner to amend the petition so as to include a ground of relief provided by this Act and not already included in the petition; and where such a ground is so included, then, in relation to that ground, the provisions of this Act applicable in relation to that ground shall apply as if the proceedings had been instituted under this Act.

(3)       Notwithstanding section 114(4) of this Act, a reference in this Act to the date of the petition or the date of institution of -proceedings shall, in relation to a ground of relief included or sought to be included in a petition by virtue of the subsection (2) of this section, be read as a reference to the date on which the application for leave to amend the petition was instituted.

(4)       Where, in pending proceedings for a decree of dissolution of marriage, the facts and circumstances that have been established, whether before or after the commencement of this Act, by the petitioner in support of a ground included in the petition are such that they would have established a ground or grounds for the same relief under this Act if this Act had been in force at the date of the petition and the proceedings had been instituted under this Act, the bars to relief applicable in relation to the ground included in the petition shall be those that would be applicable in proceedings on the ground that would have been established under this Act, or, if more than one ground would have been established, such one of those grounds as most nearly corresponds to the ground included in the petition, and no other bars.

(5)       In the case of pending proceedings, being proceedings for a decree of nullity of marriage on the ground that the marriage is voidable by reason of the parties being within the prohibited degrees of consanguinity or affinity under the law of a State, a decree of nullity of the marriage shall not be made after the commencement of this Act if the parties were not at the time of the marriage within one of the degrees of consanguinity or affinity set out in the First Schedule to this Act.

(6)       A decree of dissolution or nullity of marriage or of judicial separation may be made in pending proceedings either-

(a)      on any basis of jurisdiction that would have been applicable to the proceedings if this Act had not been made, or

(b)      on any basis of jurisdiction applicable to proceedings under Part 11 of this Act for the same relief.

(7)       A reference in this section to a bar to relief shall be read as a reference to a bar to the granting of the relief sought, whether absolute or in the discretion of the court, other than a bar arising by virtue of section 30 of this Act.

(8)      In this section-

"date of the petition", in relation to a petition, means the date on which the petition was filed in, or issued out of, a court;

Matrimonial Causes Act

"petition" includes a writ of summons, a cross-petition, a counter-petition, a counter-claim and an answer;
"petitioner" includes a plaintiff, a cross-petitioner, a counter-petitioner, a defendant counterclaiming and a
respondent seeking relief in an answer.

**99.** (1)   Subject to section 101 of this Act, the provisions of sections 11 to 14, 18 to 20 (including in respect of sections 18 to 20 those sections as applying to proceedings for a decree of judicial separation by virtue of section 40), sections 33, 38, 41 to 45 and 53, sections 62 to 95, and sections 103 to 112 of this Act apply, so far as they are capable of application, to and in relation to pending proceedings, being proceedings for a decree of dissolution or nullity of marriage or judicial separation, as if those proceedings had been instituted under this Act and any decree made in the proceedings had been made in proceedings so instituted.

(2)   Subject to section 101 of this Act, the provisions of sections 56 to 61 of this Act shall apply to and in relation to pending proceedings, being proceedings for a decree of dissolution of marriage or nullity of a voidable marriage other than proceedings in which a decree nisi has been pronounced before the commencement of this Act, as if those pending proceedings had been instituted under this Act and any decree made in the proceedings had been made in proceedings so instituted.

**100.**   Subject to section 101 of this Act, pending proceedings constituting a matrimonial cause, not being proceedings for a decree of dissolution or nullity of marriage or of judicial separation, shall be deemed to have been instituted and dealt with under this Act and may be continued and dealt with under this Act.

**101.** (1)   Notwithstanding section 97 of this Act, where in any proceedings constituting a matrimonial cause a decree has been made before the commencement of this Act the following provisions of this subsection shall have effect as if it had not been made, that is to say-

(a)   any appeal in respect of that decree may be continued or instituted;

(b)   any new trial or rehearing ordered upon the hearing of such an appeal, or upon an appeal heard before the commencement of this Act, may be had and completed; and

(c)   any decree may be made upon any such appeal, new trial or rehearing, and, if a decree so made is a decree nisi, the decree may be made or become absolute.

(2)   In this section, "appeal" includes-

(a)   an application for leave or special leave to appeal;

(b)   an application for a new trial or a rehearing; and

(c)   an intervention.

**102.** (1)   Subject to this section, section 15(2) (g) of this Act shall be deemed to apply in relation to the decree of restitution of conjugal rights made by a court in Nigeria before the commencement of this Act in like manner as it applies in relation to decrees made under this Act.

(2)   Where there has been, whether before or after the commencement of this Act, a failure to comply with a decree referred to in subsection (1) of this section made before the commencement of this Act and that failure enabled, or would, if this Act had not been made, have enabled, the party in whose favour the decree of restitution of conjugal rights was made to institute proceedings for dissolution of marriage forthwith upon that failure, proceedings for dissolution of marriage may be instituted by that party under this Act as if the words "for a period of not less than one year" were omitted from the said section 15(2) (g) and as if section 30 of this Act had no application to proceedings on the ground specified in that paragraph.

(3)   For the purposes of proceedings brought by virtue of this section (other than proceedings under subsection (2) of this section), the requirements of a decree of restitution of conjugal rights made before the commencement of this Act shall, notwithstanding that any time limited by law for compliance with those requirements has expired, be deemed to have continued so long as the decree did not, by order of a competent court, cease to have effect.

### Part X
### Miscellaneous

**103.** (1)   Except to the extent to which rules of court make provision for proceedings or part of proceedings to be heard in chambers, the jurisdiction of a court under this Act shall, subject to the next succeeding subsection, be exercised in open court.

(2)     Where in proceedings under this Act the court is satisfied that there are special circumstances that make it desirable in the interests of the proper administration of justice that the proceedings or any part of the proceedings should not be heard in open court, the court may order that any persons not being parties to the proceedings or their legal advisers shall be excluded during the hearing of the proceedings or the part of the proceedings, as the case may be.

104.   Proceedings at first instance constituting a matrimonial cause shall be heard and determined by a judge sitting alone as the court.

105. (1)     In proceedings under this Act, the court may set aside or restrain the making of an instrument or disposition by or on behalf of, or by direction or in the interest, of, a party, if it is made or proposed to be made to defeat an existing or anticipated order in those proceedings for costs, damages, maintenance or the making or variation of a settlement.

(2)     The court may order that any money or real or personal property dealt with by any such instrument or disposition may be taken in execution or charged with the payment of such sums for costs, damages or maintenance as the court directs, or that the proceeds of a sale shall be paid into court to abide its order.

(3)     The court shall have regard to the interests, and shall make any order proper for the protection, of a bona fide purchaser or other person interested.

(4)     A party or a person acting in collusion with a party may be ordered to pay the costs of any other party, or of a bona fide purchaser or other person interested, of and incidental to any such instrument or disposition and the setting aside or restraining of the instrument or disposition.

(5)     In this section, "disposition" includes a sale and a gift.

106.   Service of process of a court under this Act may be effected in or outside the Federation in accordance with rules of court, so however that the court, where it thinks it necessary or expedient to do so, may dispense with service of process.

107.   A minister of religion shall not be bound to solemnise the marriage of a person whose former marriage has been dissolved, whether in Nigeria or elsewhere, otherwise than by death.

108. (1)     Except as provided by this section, a person shall not in relation to any proceedings under this Act print or publish, or cause to be printed or published, any account of evidence in the proceedings, or any other account or particulars of the proceedings, other than-

(a)     the names, addresses and occupations of the parties and witnesses, and the name or names of the member or members of the court and of the legal advisers of the parties;

(b)     a concise statement of the nature and grounds of the proceedings and of the charges, defences and counter-charges in support of which evidence has been given;

(c)     submissions on any points of law arising in the course of the proceedings, and the decision of the court on those points; or

(d)     the judgment of the court and observations made by the court in giving judgment.

(2)     The court may, if it thinks fit in any particular proceedings, order that none of the matters referred to in subsection (1) (a) to (d) of this section shall be printed or published, or that any matter or part of a matter so referred to shall not be printed or published.

(3)     Any person who contravenes subsection (1) of this section, or prints or publishes, or causes to be printed or published, any matter, or part of a matter, in contravention of an order of a court under subsection (2) of this section shall be guilty of an offence punishable on conviction –

(a)     in the case of a first offence (or a second or subsequent offence if prosecuted summarily) by a fine not exceeding one thousand naira or imprisonment for a term not exceeding six months; and

(b)     in the case of a second or subsequent offence, being an offence prosecuted otherwise than in a summary manner, by a fine not exceeding two thousand naira or imprisonment for a term not exceeding one year.

(4)     Proceedings for an offence against this section shall not be commenced except by, or with the written consent of the Attorney-General of the Federation.

(5)    The preceding provisions of this section shall not apply to or in relation to-

(a)    the printing of any pleading, transcript of evidence or other document for use in connection with proceedings in any court or the communication of any such document to persons concerned in the proceedings;

(b)    the printing or publishing of a notice or report in pursuance of the direction of a court;

(c)    the printing or publishing of any publication bona fide intended primarily for the use of members of the legal or medical profession, being-

(i)    a separate volume or part of a series of law reports, or

(ii)    any other publication of a technical character, or

(d)    the printing or publishing of a photograph of any person, not being a photograph forming part of the evidence in proceedings under this Act.

(6)    In this section, "court" includes an officer of a court investigating a matter in accordance with rules of court and 66 judgment of the court" includes a report made to a court by such an officer.

**109.**    A court exercising jurisdiction under this Act may grant an injunction, by interlocutory order or otherwise (including an injunction in aid of the enforcement of a decree), in any case in which it appears to the court to be just or convenient to do so and either unconditionally or upon such terms and conditions as the court thinks just.

**110.**    In proceedings under this Act the court may, subject to rules of court, make such order as to costs and security for costs, whether by way of interlocutory order or otherwise, as the court thinks just.

**111.** (1)    The court may at any stage of proceedings under this Act, if it is satisfied that the proceedings are frivolous or vexatious, dismiss the proceedings.

(2)    The court may at any stage of proceedings under this Act, if it is satisfied that the allegations made in respect of a party to the proceedings are frivolous or vexatious, order that that party be dismissed from the proceedings.

**112.** (1)    The Chief Justice of Nigeria after consultation with the Chief Judges of the States and the President of the Courts of Appeal therein may make rules for or in relation to the practice and procedure of the courts (including courts of summary jurisdiction) having jurisdiction under this Act, or any of them, and without prejudice to the generality hereof, the rules may-

(a)    prescribe matters relating to the costs of proceedings and the assessment or taxation of those costs;

(b)    prescribe the court fees to be charged in respect of proceedings under this Act or in relation to declarations, affidavits, instruments, documents, searches or extracts;

(c)    authorise a court to refer to an officer of the court for investigation, report and recommendation claims or pplications for or relating to the custody of children or maintenance or any other matter before the court;

(d)    authorise an officer making an investigation referred to in paragraph (c) of this subsection to take evidence on oath or affirmation and to obtain and receive in evidence a report from a welfare officer, and provide for the summoning of witnesses before an officer making such an investigation for the purpose of giving evidence or producing books and documents;

(e)    regulate the procedure of a court upon receiving a report of an officer who has made an investigation referred to in paragraph (c) of this subsection;

(f)    authorise an officer of a court to perform and exercise on behalf of the court or otherwise, in relation to proceedings under this Act, functions and powers not involving the exercise of the judicial power of the Federation or of a State and enable the court to review the decision of that officer in relation to the performance or exercise of any function or power;

(g)    provide for proceedings in *forma pauperis* and the remission op court fees in the case of persons authorised to proceed in *forma pauperis*; and

(h)    prescribe matters incidental to the matters specified in the preceding paragraphs of this subsection.

(2)     Subject to subsection (3) of this section, the power of the appropriate authority under the law of a State to make rules of court in relation to the practice and procedure of courts of summary jurisdiction, the High Court of the State shall extend to the making for that State of rules of court for any matter in respect of which rules may be made under subsection (1) of this section.

(3)     Rules made under subsection (2) of this section shall be subject to rules made under subsection (1) of this section; and, if there is any inconsistency between rules made under those subsections, the rules made under subsection (1) of this section shall prevail and the rules made under subsection (2) of this section shall be void to the extent of the inconsistency.

(4)     Notwithstanding section 8 or any other provision of this Act, the rules of court for the time being in force in the High Court of Justice in England providing for the practice and procedure of that Court in respect of divorce and matrimonial causes shall, with necessary modifications, apply in Nigeria until such rules are expressly revoked by rules of court made under subsection (1) of this section, which said subsection shall be deemed to include power to make such a revocation.

113.     For the avoidance of doubt it is declared -

(a)     that a decree, judgment, order or sentence of the High Court of a State of the Federation given, made or pronounced before the commencement of this Act in the exercise of jurisdiction invested or conferred upon it in respect of matrimonial causes and in force immediately before the commencement of this Act shall, notwithstanding the repeal of any legislation under which the decree, judgment, order or sentence was given, made or pronounced, continue to have effect throughout the Federation; and

(b)     that the validity of a decree, judgment, order or sentence given, made or pronounced by a court of competent jurisdiction in the Commonwealth (elsewhere than Nigeria) before the commencement of this Act by virtue of any enactment passed or made in respect of a marriage entered into during the war of 1939 - 45 and in force immediately before the commencement of this Act shall, if reciprocal arrangements are made for the recognition of the like decrees, judgments, orders or sentences given, made or pronounced in Nigeria in respect of any such marriages, be accorded in Nigeria the same recognition as if they were decrees, judgments, orders or sentences given, made or pronounced by a court of competent jurisdiction in Nigeria.

114. (1)     In this Act unless the contrary intention appears -

"adopted", in relation to a child, means adopted under the law of any place (whether in or out of Nigeria) relating to the adoption of children;

"appeal" includes an application for a rehearing;

"court" or "the court", in relation to any proceedings, means the court and includes the High court of the Federal Capital Territory, Abuja exercising jurisdiction in those proceedings by virtue of this Act;

"court of summary jurisdiction" means a magistrate's court or district court;

"crime" means an offence punishable by imprisonment;

"cross-petition" includes an answer in which the respondent to a petition seeks a decree or declaration of a kind referred to in paragraph (a) or (b) of the definition of matrimonial cause" of this subsection;

"decree" (not being a Act having effect as an enactment made by the Federal Government) includes a decree absolute or decree nisi, a judgment, and any order dismissing a petition or application or refusing to make a decree or order;

"marriage conciliator" means a person authorised to endeavour to effect marital reconciliations or a person nominated by a judge, in pursuance of section 11 of this Act, to endeavour to effect a reconciliation;

"matrimonial cause" means-

(a)     proceedings for a decree of -

(i)     dissolution of marriage;

(ii)     nullity of marriage;

(iii)     judicial separation;

(iv)     restitution of conjugal rights; or

(v)      jactitation of marriage;

(b)      proceedings for a declaration of the validity of the dissolution or annulment of a marriage by decree or otherwise or of a decree of judicial separation, or for a declaration of the continued operation of a decree of judicial separation, or for an order discharging a decree of judicial separation;

(c)      proceedings with respect to the maintenance of a party to the proceedings, settlements, damages in respect of adultery, the custody or guardianship of infant children of the marriage or the maintenance, welfare, advancement or education of children of the marriage, being proceedings in relation to concurrent, pending or completed proceedings of a kind referred to in paragraph (a) or (b) of this subsection, including proceedings of such a kind pending at, or completed before, the commencement of this Act;

(d)      any other proceedings (including proceedings with respect to the enforcement of a decree, the service of process or costs) in relation to concurrent, pending or completed proceedings of a kind referred to in paragraph (a), (b) or (c) of this subsection, including proceedings of such a kind pending at, or completed before, the commencement of this Act; or

(e)      proceedings seeking leave to institute proceedings for a decree of dissolution of marriage or of judicial separation, or proceedings in relation to proceedings seeking such leave;

"petition" includes a cross-petition; "petitioner" includes a cross-petitioner;

"proceedings" includes cross-proceedings;

"respondent" includes a petitioner against whom there is a cross-petition;

"State" means a State of the Federation;

"welfare officer" means a person authorised by the Attorney-General of the Federation by instrument in writing to perform duties as a welfare officer for the purposes of this Act, being -

(a)      a person who is permanently or temporarily employed in the public service of the Federation; or

(b)      a person who is Permanently or temporarily employed in the public service of a State and whose services have been made available for the purposes of this Act in pursuance of an arrangement between the Federation and the State; or

(c)      a person nominated by an organisation undertaking child welfare activities

(2)      A reference in this Act to a court having jurisdiction under this Act or exercising jurisdiction under this Act shall be deemed not to include a reference to a court having jurisdiction under this Act or exercising jurisdiction under this Act by virtue only of section 91 or 92 of this Act or the Third Schedule to this Act.

(3)      In this Act, "this Division" occurring in a group of sections under an italicised cross-heading means that group of sections.

(4)      For the purposes of this Act, the date of a petition shall be taken to be the date on which the petition was filed in a court having jurisdiction under this Act.

(5)      For the purposes of this Act, a person shall be deemed to have been convicted of an offence if he has been convicted of that offence otherwise than by a court in its exercise of summary jurisdiction or on appeal from such a court.

(6)      Nothing in this Act shall have effect in relation to a marriage which is not a monogamous marriage or which is entered into in accordance with Muslim rites or with any customary law in force in Nigeria.

115.      This Act may be cited as the Matrimonial Causes Act.


# Schedules


## First Schedule
### Section 3

Matrimonial Causes Act

## Prohibited Degrees of Consanguinity and Affinity

### *Consanguinity Affinity*

Marriage of a man is prohibited if the woman is, or has been his-

| Consanguinity | Affinity |
| --- | --- |
| Ancestress | Wife's mother |
| Descendant | Wife's grandmother |
| Sister | Wife's daughter |
| Father's sister | Wife's son's daughter |
| Mother's sister | Wife's daughter's daughter |
| Brother's daughter | Father's wife |
| Sister's daughter | Grandfather's wife |
| | Son's wife |
| | Son's son's wife |
| | Daughter's son's wife |

Marriage of a woman is prohibited if the man is, or has been, her-

| Consanguinity | Affinity |
| --- | --- |
| Ancestor | Husband's father |
| Descendant | Husband's grandfather |
| Brother | Husband's son |
| Father's brother | Husband's son's son |
| Mother's brother | Husband's daughter's son |
| Brother's son | Mother's husband |
| Sister's son | Grandmother's husband |
| | Daughter's husband |
| | Son's daughter's husband |
| | Daughter-s daughter's husband |

For the purposes of this Schedule, it is immaterial whether the relationship is of the whole blood or half-blood, or whether it is traced through, or to any person of illegitimate birth.

### Second Schedule
### Oath or Affirmation by Marriage Conciliator

1.      A.B., do swear by Almighty God (or solemnly and sincerely affirm and declare) that I will not disclose to any person any communication or admission made to me in my capacity as a marriage conciliator except in so far as it is necessary for me to do so for the proper discharge of my function as a marriage conciliator.

### Third Schedule
### Enforcement of Orders for Maintenance

1.      In this Schedule, unless the contrary intention appears:-

"attachment of earnings order" means an order under paragraph 4 below;

"defendant", in relation to a maintenance order, means the person liable make payments under the order;

"earnings", in relation to a defendant, means any sums payable to the defendant-

(a)         by way of wages or salary (including any fees, bonus, commission, overtime pay or other emoluments payable in addition to wages or salary);

(b)        by way of pension, including-

(i)        an annuity in respect of past services, whether or not the services were rendered to the person paying the annuity; and

(ii)      periodical payments by way of compensation for the loss, abolition or relinquishment, or any diminution in the emoluments, of any office or employment,

but not including any pension payable to the defendant in respect of injury, disablement or disability;

"employer", in relation to a defendant, means a person (including the Federal Republic or State thereof as the case may be) by whom, as a principal and not as a servant or agent, earnings are payable or are likely to become payable to the defendant;

"maintenance order" means an order under this Act for the payment of maintenance, and includes such an order that has been discharged if any arrears are recoverable under the order;

"net earnings", in relation to a pay-day, means the amount of the earnings becoming payable on that payday, less any sum deducted from those earnings under any law relating to income tax;

"normal deduction", in relation to an attachment of earnings order and in relation to a pay-day, means an amount representing a payment at the normal deduction rate specified in the order in respect of the period between that pay-day and either the last preceding pay-day or, where there is no last preceding pay-day, the date on which the employer became, or last became the defendant's employer;

"pay-day" means an occasion on which earnings to which an attachment of earnings order relates become payable;

"protected earnings", in relation to an attachment of earnings order and in relation to a pay-day, means the amount representing a payment at the protected earnings rate specified in the order in respect of the period between that pay-day and either the last preceding pay-day or, where there is no last preceding pay-day, the date on which the employer became, or last became, the defendant's employer.

2.     In this Schedule -

(a)     a reference to a person entitled to receive payments under a maintenance order is a reference to a person entitled to receive payments under the maintenance order either directly or through another person or for transmission to another person;

(b)     a reference to proceedings relating to an order includes a reference to proceedings in which the order may be made; and

(c)     a reference to costs incurred in proceedings relating to a maintenance order shall be read, in the case of a maintenance order made by the High Court of a State, as a reference to such costs as are included in an order for costs relating solely to that maintenance order.

3.     Subject to this Schedule, a person entitled to receive payments under a maintenance order may apply to-

(a)     the court that made the order; or

(b)     the court in which the order is for the time being registered under section 89 or 91 of this Act,

for an attachment of earnings order.

4.     If the court is satisfied that the defendant is a person to whom earnings are payable or are likely to become payable and-

(a)     that, at the time when the application was made, there was due under the maintenance order and unpaid an amount equal to not less than -

(i)     four payments in the case of an order for weekly payments; or

(ii)     two payments in any other case; or

(b)     that the defendant has wilfully and persistently failed to comply with the requirements of the order,

the court may in its discretion by an order require a persona who appears to the court to be the defendant's employer in respect of those earnings or a part of those earnings to make out of those earnings or that part of those earnings payments in accordance with paragraph 11 below.

5.     The court shall not make an attachment of earnings order if it appears to the court, in a case to which paragraph 4(a) above applies, that the failure of the defendant to make payments under the maintenance order was not due to his wilful refusal or culpable neglect.

6.     An attachment of earnings order shall specify the normal deduction rate, that is to say, the rate at which the court considers it to be reasonable that the earnings to which the order relates should be applied in satisfying the

requirements of the maintenance order but not exceeding the rate that appears to the court to be necessary for the purpose of -

(a)       securing payment of the sums from time to time failing due under the maintenance order; and

(b)       securing payment within a reasonable time of any sums already due and unpaid under the maintenance order and any costs incurred in proceedings relating to the maintenance order that are payable by the defendant.

7.        An attachment of earnings order shall also specify the protected earnings rate, that is to say, the rate below which, having regard to the resources and needs of the defendant and of any person for whom he must or reasonably may provide, the court considers it to be reasonable that the net earnings of the defendant should not be reduced by a payment under the order.

8.        An attachment of earnings order shall provide that payments under the order are to be made to an officer of e court specified in the order.

9.        An attachment of earnings order shall contain such particulars as the court thinks proper for the purpose of enabling the person to whom the order is directed to identify the defendant.

10.       An attachment of earnings order does not come into force until the expiration of seven days after the day on which a copy of the order is served on the person to whom the order is directed.

11.       An employer to whom an attachment of earnings order is directed, being an attachment of earnings order that is in force, shall in respect of each pay-day, if the net earnings of the defendant exceed the sum of -

(a)       the protected earnings of the defendant; and

(b)        so much of any amount by which the net earnings that became payable on any previous pay-day were less than the protected earnings for the purposes of that pay-day as has not been made good on any other previous pay-day,

          pay, so far as that excess permits, to the officer specified for the purpose in the order both the normal deduction and so much of the normal deduction for the purposes of any previous pay-day as was not paid on that pay-day and has not been paii4on any other previous pay-day.

12.       A payment made by the employer under the last preceding paragraph is a valid discharge to him as against the defendant to the extent of the amount paid.

13.       Where proceedings for attachments are brought in a court under section 88 of this Act, or where proceedings are taken in a court of summary jurisdiction to enforce an order registered in that court under section 91 of this Act, the court may, instead of making any other order, make an attachment of earnings order.

14.       Where an attachment of earnings order has been made, no writ, order or warrant of commitment or attachment shall be issued or made in proceedings for the enforcement of the maintenance order that were begun before the making of the attachment of earnings order.

15.       The court by which an attachment of earnings order has been made may in its discretion, on the application of the defendant or a person entitled to receive payments under the maintenance order, make an order discharging or varying the attachment of earnings order.

16.       An order varying an attachment of earnings order shall not come into force until the expiration of seven days after the date on which the order is served on the person to whom the attachment of earnings order is directed.

17.       An attachment of earnings order ceases to have effect-

(a)       upon the issuing or making of a writ, order or warrant of commitment or attachment for the enforcement of the maintenance order in relation to which the attachment of earnings order applies; or

(b)       subject to the next succeeding paragraph, upon the discharge or variation of that maintenance order.

18.      Where it appears to the court discharging a maintenance order that arrears under the order will remain to be recovered under the order, the court may in its discretion direct that the attachment of earnings order shall not cease to have effect until those arrears have been paid.

19.      Where an attachment of earnings order ceases to have effect, the proper officer of the court by which the order was made shall forthwith give notice accordingly to the person to whom the order was directed.

20.      Where an attachment of earnings order ceases to have effect or is discharged, the person to whom the attachment of earnings order is directed does not incur any liability in consequence of his treating the order as still in force at any time before the expiration of seven days after the date on which the notice required by the last preceding paragraph or a copy of the discharging order, as the case may be, is served on him.

21.      A person to whom an attachment of earnings order is directed shall, notwithstanding anything in any other law, but subject to this Schedule, comply with the order or, if the order is varied, with the order as varied.

22.      Where, on any occasion on which earnings become payable to a defendant there are in force two or more attachment of earnings orders in relation to the those earnings, the person to whom the orders are directed-

(a)        shall comply with those orders according to the respective dates on which they came into force and shall disregard any order until an earlier order has been complied with; and

(b)        shall comply with any order as if the earnings to which the order relates were the residue of the defendant s earnings after the making of any payment under any earlier order.

23.      A person who makes a payment in compliance with an attachment of earnings order shall give to the defendant a notice specifying particulars of the payment.

24.      A person to whom an attachment of earnings order is directed who, at the time when a copy of the order is served on him or at any time after that time, has not on any occasion during the period of four weeks immediately preceding that time been the defendant's employer shall forthwith give notice in writing accordingly to the proper officer of the court that made the order.

25.      Where proceedings relating to an attachment of earnings order are brought in any court, the court may, either before or after the hearing-

(a)        order the defendant to furnish to the court, within a specified period, a statement signed by the defendant specifying-

(i)        the name and address of his employer or, if he has more employers than one, of each of his employers;

(ii)       particulars as to the defendant's earnings; and

(iii)      such particulars as are necessary to enable the defendant to be identified by any of his employers; and

(b)        order any person who appears to the court to be an employer of the defendant to give to the court, within a specified period a statement signed by him or on his behalf, containing such particulars as are specified in the order of all earnings of the defendant that became payable by the person during a specified period.

26.      A document purporting to he a statement referred to in the last preceding paragraph shall, in any proceedings relating to an attachment of earnings order, be received in evidence and shall, unless the contrary is shown, be presumed without further proof to be such a statement.

27.      The court by which an attachment of earnings order has been made shall, on the application of the person to whom the order is directed or of the defendant or of the person in whose favour the order was made, determine whether payments to the defendant of a particular class or description specified in the application are earnings for the purposes of that order.

28.   (1)        A person to whom an attachment of earnings order is directed who makes an application under paragraph 27 above shall not incur any liability for failing to comply with the order with respect to any payments of the class or description specified in the application that are made by him to the defendant while the application, or any appeal from a determination made on the application, is pending.

(2)        The foregoing sub-paragraph shall not apply in respect of any payment made after the application has been withdrawn or any appeal from a determination made on the application has been abandoned.

29.	The officer to whom an employer pays any sum in pursuance of an attachment of earnings order shall pay that sum to such person entitled to receive payments under the maintenance order as is specified by the attachment of earnings order.

30.	Any sum received by virtue of an attachment of earnings order by the person entitled to receive it shall be deemed to be a payment made by the defendant to that person, so as to discharge first any sum due and unpaid under the maintenance order (a sum due at an earlier date being discharged before a sum due at a later date) and secondly any costs incurred in proceedings relating to the maintenance order that were payable by the defendant when the attachment of earnings order was made or last varied.

31.	On any occasion on which an employer makes a payment under this Schedule in respect of a defendant, the employer may retain for his own use out of any balance of the defendant's earnings remaining after the making of that payment the sum of five kobo or, if on that occasion the employer makes payments in pursuance of two or more attachment of earnings order relating to the defendant, the sum of five kobo in respect of each such payment.

32. (1)	Any person who-

(a)	fails to comply with any requirement of this Schedule, or of an order under this Schedule, that is applicable to him; or

(b)	in any statement or notice furnished to a court under this Schedule or in compliance with an order made under this Schedule makes a statement that he knows to be false or misleading in a material particular; or

(c)	recklessly furnishes such a statement or notice that is false or misleading in a material particular,

shall be guilty of an offence punishable on conviction by a fine not exceeding two hundred naira.

(2)	It shall be a defence if a person charged with an offence arising under sub-paragraph (1) (a) above proves that he took all reasonable steps to comply with the requirement or order.

33.	Any person who dismisses an employee, or injures him in his employment, or alters his position to his prejudice, by reason of the circumstance that an attachment of earnings order has been made in relation to the employee or that the person is required to make payments under such an order in relation to the employee shall be guilty of an offence punishable on conviction by a fine not exceeding two hundred naira.

34.	In any proceedings for an offence arising under paragraph 33 above, if all the facts and circumstances constituting the offence, other than the reason for the action of the person charged with having committed the offence, are proved, the burden shall be upon that person to prove that he was not actuated by the reason alleged in the charge.

35.	Where a person is convicted of an offence arising under paragraph 33 above, the court by which he is convicted may order that the employee be reimbursed any wages lost by him, and may also direct that the employee be reinstated in his old position or in a similar position.

36.	The Schedule shall have effect in relation to a defendant notwithstanding any law that would otherwise prevent the attachment of his earnings or limit the amount capable of being attached.

Copyright © 2005 Government of Nigeria

**CommonLII:** Copyright Policy | Disclaimers | Privacy Policy | Feedback
URL: *http://www.commonlii.org/ng/legis/num_act/mca197*

# EXHIBIT 6

# LEASE FOR RESIDENTIAL PROPERTY

kw ATLANTA PARTNERS



**2021 Printing**

For and in consideration of $10.00 and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned Landlord ( **JEREMIAH OSEZUA** ) and the undersigned Tenant **Opeyemi Bisiriyu**, ) do hereby agree as follows:

**A. PRIMARY TERMS.** The primary terms of this Lease are set forth in this Section and are subject to the explanations and clarifications set forth in Corresponding Paragraphs Section B of the Lease.

**Lease.** Landlord agrees to lease to Tenant, and Tenant agrees to lease from Landlord, the Premises identified herein on this date of **8/31/2021** on the terms and conditions of which are set forth below.

1. **Property Address:** 302    BRAEMORE MILL DR    **Unit**
   **City** LAWRENCEVILLE    **County** Gwinnett County    **Georgia, Zip** 30044    **("Premises")**

2. **Lease Start Date:** 9/8/2021    **Last Day of Lease ("Lease End Date"):** 9/7/2023
   Tenant may terminate this Agreement without penalty if possession is not granted within ___5___ days of the Lease Start Date ("Approved Delay Period").

3. **Rent.**
   a. **Rent:** Tenant shall pay monthly rent of $2,100.00 . Rent Shall Be Payable To    Jeremiah Osezua
   and delivered to: N/A
   ("Rent Payment Address") unless another address is specified by the above-referenced party receiving the rent following the notice provisions herein.
   b. **Due Date for Rent:** Rent is due by the ___1st___ day of the month. Rent may be paid in any of the forms checked here: ☐ Check ☐ Cash ☐ Certified Check ☐ Money Order ☐ Credit Card ☑ ACH or ☐ EFT.
   c. **Late Date and Additional Rent for Late Payment:** Rent paid after ___7___ p .m. on the ___3rd___ day of the month shall be late and must include additional rent of 150 ("Additional Rent for Late Payment").
   d. **Credit Card:** If rent is paid by Credit Card rent must include a credit card convenience fee of ___N/A___
   e. **Service Charge:** Tenant shall immediately pay Landlord a service charge of $50.00 ("Service Charge") for all dishonored checks or rejected electronic (ACH) payments.

4. **Security Deposit.**
   a. Tenant shall pay    Jeremiah Osezua    as "Holder" a security deposit of $4,200.00 by: ☐ Check ☐ Cash ☐ Certified Check ☐ Money Order ☐ Credit Card ☑ ACH or ☐ EFT.
   Security deposit shall be paid not later than the Lease Start Date but not earlier than the date Landlord or Manager has presented Tenant with a copy of the Move-In Inspection. Landlord's or Manager's signature below does not constitute receipt of the security deposit. Landlord or Manager shall provide Tenant with a receipt for the security deposit once said deposit has been paid.
   b. **Security Deposit Bank Account:** The security deposit will be held in:
   ☐ Escrow Account at _____ Bank; OR ☑ General Account at    Zelle 678-974-9182    Bank.

5. **Notice Not to Renew Lease.** A party electing not to renew the Lease shall be required to provide _____ days notice of the same to the other party even when the lease becomes a month to month agreement.

6. **Re-Key Fee Paid By Tenant upon Lease Termination:** $ 100

7. **Non-Refundable Administrative Fee Paid by Tenant:** $ N/A

8. **Pets.** Tenant ☐ shall or ☑ shall not be allowed to keep pets on the premises. If pets are allowed a separate pet exhibit must be attached hereto and is incorporated into this Lease.

9. **Smoking.** Tenant ☐ shall or ☑ shall not be allowed to smoke, in any form, on or in the Premises.

10. **No Subletting.** No subletting of any kind including, but not limited to, nightly rental services such as AIRBNB.com, or home exchange services such as HomeExchange.com.

11. **Utilities.** Utilities provided by Landlord: ☐ Water ☑ Sewer ☐ Gas ☐ Electricity ☑ Trash Pickup ☐ Cable ☐ None
    ☐ Other: _____

THIS FORM IS COPYRIGHTED AND MAY ONLY BE USED IN REAL ESTATE TRANSACTIONS IN WHICH    Olutoberu Akinleye    IS INVOLVED AS A REAL ESTATE LICENSEE. UNAUTHORIZED USE OF THE FORM MAY RESULT IN LEGAL SANCTIONS BEING BROUGHT AGAINST THE USER AND SHOULD BE REPORTED TO THE GEORGIA ASSOCIATION OF REALTORS® AT (770) 451-1831.
Copyright© 2021 by Georgia Association of REALTORS®, Inc.    F913, Lease for Residential Property, Page 1 of 12, 01/01/21

12. **Early Termination by Tenant.** Tenant ☐ shall **OR** ☒ shall not have the right to terminate this Lease early. If Tenant has a right to terminate the Lease early, Tenant must pay the lesser of 35% of the sum of the rental payments remaining during the current lease term or the sum of the charges in the subparagraphs c. and d. below. These fees are a reasonable pre-estimate of Landlord's and Manager's additional expenses for unanticipated vacancies, turnkey expenses and re-letting costs.

☐ **a.** Give Landlord no less than _____ days prior notice of the termination.

☐ **b.** Comply in ALL respects with the requirements set out in Paragraph B.12.

☐ **c.** In addition to the rent due, pay as liquidated damages $_____ or _____% of the total rent that otherwise would have been owed through the Lease End Date, not later than _____ days from the date Notice to Terminate is received.

☐ **d.** Pay an Early Lease Termination Administrative Fee of $_____, not later than _____ days from the date Notice to Terminate is received.

13. **Early Termination by Landlord.** Landlord shall have the right to terminate the Lease early upon not less than __30__ days notice and upon such termination and Tenant vacating the Premises, Landlord shall credit Tenant with the sum of $0.00 ("Early Termination Fee to Tenant") which shall first be applied against any monies owing from Tenant to Landlord with the balance thereafter being paid to Tenant by Landlord.

14. **Holding Over Rate.** The daily rate for holding over beyond the expiration or termination of the Lease is $200.00.

15. **Fee to Prepare Lease Amendment:** $200.00

16. **Use:** Only the following people are authorized to occupy the Premises: Kikidaope Bamitogba, Mofaramoluwa Bamitogba, Pipeoluwa Ethan Dumas, Quentin Dumas

17. **Appliances provided by Landlord:**

| | | | | | |
|---|---|---|---|---|---|
| ☐ Compactor | ☐ Dryer | ☒ Microwave | ☐ Range | ☐ Washer | ☐ Other:_____ |
| ☒ Dishwasher | ☐ Electric | ☒ Oven | ☒ Built-in | ☐ Wine/Drink Cooler | ☐ Other:_____ |
| ☒ Disposal | ☐ Gas | ☐ Electric | ☒ Free-standing | ☐ Venthood | ☐ Other:_____ |
| | | ☒ Gas | ☒ Refrigerator | | ☐ Other:_____ |

18. **Lawn & Exterior Maintenance.** ☒ Tenant **OR** ☐ Landlord shall maintain the lawn and perform exterior maintenance as described elsewhere herein.

19. **Pest Control.** Pest Control, as specified elsewhere in the Lease, shall be the responsibility of and paid for by: ☒ Tenant **OR** ☐ Landlord.

20. **Propensity of Flooding.** The Premises ☐ have **OR** ☒ have not flooded at least three (3) times within the past five (5) years.

21. **Lead Based Paint.** The Premises ☐ were (attach F918 Lead-Based Paint Exhibit) **OR** ☐ were not built prior to 1978. Tenant ☐ has **OR** ☒ has not received a copy of the *Lead-Based Paint Pamphlet (CB04)*.

22. **Other Liquidated Damages Paid By Tenant.**

**a.** **Fee to Halt Dispossessory Action:** The fee paid by Tenant to halt dispossessory actions in certain situations as set forth elsewhere herein shall be $300.00 ("Fee to Halt Dispossessory Action") plus an Administrative Fee of $300.00 per occurrence.

**b.** **Denial of Access Charge:** Tenant agrees to pay $100.00 for each incident where Tenant denies Landlord access to the Premises ("Denial of Access Fee") as described elsewhere herein.

**c.** **Unauthorized Pet Charge:** $200.00 per incident. Every day the violation occurs shall be deemed a separate incident.

**d.** **Unauthorized smoking within the Premises charge:** $1,000.00

**e.** **Utility Disconnection Charge for un-authorized disconnection of utility service:** $300.00

23. **Renewal.**

**a.** **Term:** The Lease ☒ shall automatically renew in ___12___ month increments (each of which shall be referred to as a "Renewal Term") or ☐ shall renew on a month to month basis with all other terms and conditions of the Lease remaining the same including, but not limited to, the number of days notice required to terminate the Lease. If the month to month option is selected, then the language below regarding the "Automatic Renewal" of the Lease shall not be applicable or part of this Lease.

**b.** **Automatic Renewal:** Upon the first day of the calendar month following the initial Lease End Date, and every twelve (12) months thereafter, the rent will automatically increase TBD % over the immediately preceding rental rate. Landlord shall have the right to increase the rent above this amount upon notice being given to Tenant at least ninety (90) days prior to the end of the then applicable Lease Term or Renewal Term. Upon the receipt of such notice, Tenant shall have thirty (30) days thereafter to notify Landlord of Tenant's decision either to: (1) terminate the Lease effective upon the end of the current term of the Lease; or (2) accept the increase in the rent above the amount set forth elsewhere in the Lease. If Tenant fails to timely respond to the notice of rent increase above the increase set forth elsewhere herein, then Tenant shall be deemed to have accepted the increase in rent for the subsequent Renewal Term. After the expiration of __1__ Renewal Terms, the Lease shall automatically become a month-to-month Lease if not otherwise terminated. All other terms and conditions of this Lease, including the notice provisions, shall remain the same and in full force and in effect.

**24. Brokerage Relationships in this Transaction:**

   a. **Leasing Broker is** <u>Keller Williams Realty Atlanta Partners</u> **and is:**

     (1) working with Tenant as a ☑ client or ☐ customer.

     (2) ☐ acting as a dual agent representing Landlord and Tenant.

     (3) ☐ acting as designated agent where:

     has been assigned to exclusively represent Tenant.

   b. **Listing Broker is** <u>Keller Williams Realty Atlanta Partners</u> **and is:**

     (1) working with Landlord as a ☐ client or ☑ customer.

     (2) ☐ acting as a dual agent representing Tenant and Landlord.

     (3) ☐ acting as designated agent where:

     has been assigned to exclusively represent Landlord.

**25. Material Relationship Disclosure:** Broker and/or their affiliated licensees disclose the following material relationships:
N/A

**26. Disclosure of Ownership and Agents.**

   a. **Owner Disclosure:** The name and address of the Owner of record of the Premises or the person authorized to act for and on behalf of the Owner for the purpose of serving of process and receiving demands and notices is as follows:
N/A

   b. **Manager Disclosure:** The name and address of the person authorized to manage the Premises and Property is as follows:
Brokerage Firm:
Address of Brokerage Firm: N/A
                                         (hereinafter "Manager").
Contact Person:

Tenant(s) Initials **OB**                             Phone Number:

Landlord(s) Initials **IO**

## B. CORRESPONDING PARAGRAPHS

1. **Agreement to Lease.** The parties agree to enter into this Lease for the Premises which may be further described in Exhibit "A". The Premises may be part of a larger property ("Property"). If so, Tenant shall have the right to use the common areas of the Property subject to: (a) all rules, regulations and covenants applicable thereto; and (b) the common areas being reduced, modified, altered or being made subject to further use restrictions adopted by Landlord, in its sole discretion, or any community association responsible for the same. While Tenant may use and enjoy the Premises to the fullest extent permitted in this Lease, no estate or permanent legal interest in the Premises is being transferred or conveyed by Landlord to Tenant herein. Landlord shall have the right to assign this Lease to a subsequent owner of the Premises.

2. **Term and Possession.** If Landlord is unable to deliver possession of Premises on the Start Date, rent shall be abated on a daily basis until possession is granted. Neither Owner, Landlord or Broker shall be liable for any delay in the delivery of possession of Premises to Tenant.

3. **Rent.** Tenant shall pay rent in advance to Landlord monthly, and on or before the Due Date during the Lease Term to the Rent Payment Address (or at such other address as may be designated from time to time by Landlord in writing). If the Lease Start Date or the Lease End Date is on the second day through the last day of any month, the rent shall be prorated for that month. Mailing the rent payment shall not constitute payment. Rent must be actually received by Landlord to be considered paid. Tenant acknowledges that all funds received by Landlord will be applied to the oldest outstanding balance owed by Tenant to Landlord. Rent not paid in full by the Due Date shall be late. Landlord may, but shall have no obligation to accept any rent paid after the Due Date. If late payment is made and Landlord accepts the same, the payment must include Additional Rent for Late Payment in the form of cash, cashier's check, certified check or wire transfer of immediately available funds, and if applicable, the Service Charge for any returned check. Landlord reserves the right, upon notice to Tenant, to refuse to accept personal checks from Tenant after one or more of Tenant's personal checks have been returned by the bank unpaid.

4. **Security Deposit.**

   a. **Move-In:** Prior to Tenant tendering a Security Deposit, Landlord shall provide Tenant with a comprehensive list of any existing damages to Premises. Prior to taking occupancy, Tenant will be given the right to inspect Premises to ascertain the accuracy of the form. Both Landlord and Tenant shall sign the form and Tenant shall be entitled to retain a copy of the form. Tenant acknowledges that Tenant has carefully inspected the Premises, is familiar with the same and that the Premises are in a good and habitable condition.

   b. **Deposit of Same:** Holder shall deposit the Security Deposit within five (5) banking days of receiving the same into the bank and account referenced herein. If Landlord is managing the property, the Security Deposit may be deposited in a general account, and it will not be segregated and will be co-mingled with other funds of Holder.
*[NOTE: If Landlord or Landlord's spouse or minor children own more than ten (10) rental units, if Landlord is not a natural person or if Landlord is a real estate licensee or if the management, including rent collection, is performed by third persons, natural or otherwise, for a fee, the Security Deposit must be deposited into an escrow account.]*
All interest earned on the above-referenced account shall belong to the Holder. Holder shall have the right to change the bank in which the Security Deposit is held upon notice to Landlord and Tenant, provided that the type of account remains the same. Landlord shall have the right upon fourteen (14) days prior notice to Holder and Tenant to change the Holder of the Security Deposit and / or the bank account into which the Security Deposit is deposited; provided that the new Holder designated by Landlord is a licensed Georgia real estate broker and the bank account into which the Security Deposit is deposited into is an escrow/trust account.

# EXHIBIT 7

# EXHIBIT 8



# Cedar Hill Elementary School
## Student Profile

Year:   2022-2023
Report: STU201

Bamitogba, Kikidaope A. -- Homeroom: 1.180
Teacher: Buchanan, Jessica

## General Information

| | | | |
|---|---|---|---|
| **Student Name** | | | |
| **Bamitogba, Kikidaope A.** | **Perm ID** 202003236 | **Gender** M | **Grade** 02 |

| | |
|---|---|
| **State ID** 1537664944 | **Last Name** Bamitogba |

**Preferred Name**

| | | | |
|---|---|---|---|
| **Birth Date** 11/06/2014 | **Birth Place** Lagos | **Leave Date** | **Enter Date** 08/03/2022 |

| | |
|---|---|
| **Phone** 404-514-1974 | **Correspondence Language** English |

**Race/Ethnicity**
**Black**

| Home Address | Mailing Address |
|---|---|
| 302 Braemore Mlll Dr | 302 Braemore Mlll Dr |
| Lawrenceville, GA 30044 | Lawrenceville, GA 30044 |

Bus Routes:
AM Bus: AM- 4        AM K bus to home: _____
PM Bus. PM- 4        PM K bus to school: _____        Day Care: _____

## Custodial Information

**Mother**        Employer
Bisiriyu, Opeyemi

☐   ☑ Contact Allowed ☐
☐   ☑ Ed. Rights  ☑ Release To
☑ Enrolling Parent ☐

Address
302 Braemore Mlll Dr
Lawrenceville, GA 30044

E-Mail:
kanyinsolabisiriyu@gmail.com

| Phone Type: Cell | Phone: 404-528-4938 | Extension: | ☑ Primary ☐ | ☐ |
|---|---|---|---|---|

**Step-Father**        Employer
Dumas, Quentin

☐   ☑ Contact Allowed ☐
☐   ☐ Ed. Rights  ☑ Release To
☐ Enrolling Parent ☐

Address:
302 Braemore Mlll Dr
Lawrenceville, GA 30044

E-Mail:

| Phone Type: Cell | Phone: 404-931-3325 | Extension: | ☑ Primary ☐ | ☐ |
|---|---|---|---|---|

**Father**        Employer
Bamitogba, Olanrewaju

☐   ☑ Contact Allowed ☐
☐   ☑ Ed. Rights  ☑ Release To
☐ Enrolling Parent ☐

Address:

E-Mail:

| Phone Type: Cell | Phone: 404-514-1974 | Extension: | ☑ Primary ☐ | ☐ |
|---|---|---|---|---|

## Health Conditions



**Cedar Hill Elementary School**
**Enrollment and Academic Progress Verification**

Year:   2022 - 2023
Report: U-EAPV100

## Student Information

Student Name:
**Bamitogba, Kikidaope A**

Home Address:

SisNumber:
**202003236**

Nickname:

Birthdate:
**11/06/2014**

302 Braemore Mill Dr
Lawrenceville, GA 30044

Gender  Grade:   Home Language:
**M      02      English**

Ethnicity:
**Black**

Enter Date:
**08/03/2022**

Leave Date:

## Enrollment and Academic Progress Profile

This form provides verification of the enrollment and academic status as well as projected high school graduation year for the student named above.

Enrollment Status: Student is currently enrolled.

Academic Status: Student is progressing academically (Average GPA is at or above 70).

Attendance Status: Student's attendance is satisfactory (Absences below 15 days).

Expected High School Graduation Year: Student's expected graduation year is 2033.

CEDAR HILL ELEMENTARY
3615 Sugarloaf Parkway
Lawrenceville, Ga. 30044

10/19/2022

School Official Signature

Date Signed

Note: This form is in response to any private, county, state or federal agency requesting verification of the information contained within.  Request to sign specific third-party agency forms will be deemed satisfied through the provisions of this verification form and any attachments.

Bisiriyu, Opeyemi
Parent Name



# Cedar Hill Elementary School
## Student Profile

Year:   2022-2023
Report: STU201

Bamitogba, Mofaramoluwa A. -- Homeroom: 1.160
Teacher: Koenig, Danile J.

## General Information

| | | | |
|---|---|---|---|
| Student Name | Perm ID | Gender | Grade |
| **Bamitogba, Mofaramoluwa A.** | **202208116** | **F** | **KK** |

No Photo

| State ID | Last Name | | Preferred Name |
|---|---|---|---|
| **2036527149** | **Bamitogba** | | **Farah** |

| Birth Date | Birth Place | Leave Date | Enter Date |
|---|---|---|---|
| **10/06/2016** | | | **08/03/2022** |

| Phone | Correspondence Language | Race/Ethnicity |
|---|---|---|
| **404-528-4938** | **English** | **Black** |

| Home Address | Mailing Address |
|---|---|
| **302 Braemore MIII Dr** | **302 Braemore MIII Dr** |
| **Lawrenceville, GA 30044** | **Lawrenceville, GA 30044** |

Bus Routes:
AM Bus: AM- 4
PM Bus: PM- 4

AM K bus to home: _____
PM K bus to school: _____          Day Care: _____

## Custodial Information

Mother                          Employer
**Bisiriyu, Opeyemi**

☐                    ☑ Contact Allowed ☐
☐                    ☑ Ed. Rights      ☑ Release To
☑ Enrolling Parent ☐

Address:
302 Braemore MIII Dr
Lawrenceville, GA 30044

E-Mail:
kanyinsolabisiriyu@gmail.com

Phone Type:        Phone:              Extension:
**Cell**           **404-528-4938**              ☑ Primary ☐        ☐

Step-Father                     Employer
**Dumas, Quentin**

☐                    ☑ Contact Allowed ☐
☐                    ☐ Ed. Rights      ☑ Release To
☐ Enrolling Parent ☐

Address:
302 Braemore MIII Dr
Lawrenceville, GA 30044

E-Mail:

Phone Type:        Phone:              Extension:
**Cell**           **404-931-3325**              ☑ Primary ☐        ☐

Father                          Employer
**Olanrewaju, Bamitogba**

☐                    ☑ Contact Allowed ☐
☐                    ☑ Ed. Rights      ☑ Release To
☐ Enrolling Parent ☐

Address:

E-Mail:

Phone Type:        Phone:              Extension:
**Cell**           **404-514-1974**              ☑ Primary ☐        ☐

## Health Conditions



# Cedar Hill Elementary School
## Enrollment and Academic Progress Verification

Year: 2022 - 2023
Report: U-EAPV100

## Student Information

**Student Name:**
**Bamitogba, Mofaramoluwa A**

Home Address:

SisNumber:
**202208116**

Nickname:
**Farah**

Birthdate:
**10/06/2016**

302 Braemore Mill Dr
Lawrenceville, GA 30044

Gender  Grade:  Home Language:
**F**     **KK**  **English**

Ethnicity:
**Black**

Enter Date:
**08/03/2022**

Leave Date:

## Enrollment and Academic Progress Profile

This form provides verification of the enrollment and academic status as well as projected high school graduation year for the student named above.

Enrollment Status: Student is currently enrolled.

Academic Status: Student is progressing academically (Average GPA is at or above 70).

Attendance Status: Student's attendance is satisfactory (Absences below 15 days).

Expected High School Graduation Year: Student's expected graduation year is 2035.

CEDAR HILL ELEMENTARY
3615 Sugarloaf Parkway
Lawrenceville, Ga. 30044

School Official Signature

10/19/2022
Date Signed

Note: This form is in response to any private, county, state or federal agency requesting verification of the information contained within. Request to sign specific third-party agency forms will be deemed satisfied through the provisions of this verification form and any attachments.

Bisiriyu, Opeyemi
Parent Name

# EXHIBIT 9

# ENTERPRISE SERVICE

**TO: CITIZEN AND IMMIGRATION**

**Date: 11-1-2022**

TO WHOM IT MAY
CONCERN

The 2020 and 2021 tax return is listed under Quentin Dumas old address which h
been using since he started using my tax service. The corrected address should sh
302 Braemore Mill Drive Lawrenceville Ga 30044.  I wasn't sure to update the ne
address to the 302 Braemore Mill Drive Lawrenceville Ga 3004.

**Regards,**

*Laquilla Smith*

Laquilla Smith

✉ **Email**
mylmsenterprise@gmail.com

☐ **Phone**
678-557-9812

◎ **Address**
160 Clairmont Ave Decatur
Ga 30034 Suite 200

# EXHIBIT 10

### SWORN STATEMENT OF OPEYEMI BISIRIYU AND QUENTIN DUMAS

302 BRAMORE MILL DR,

(AMBERLY MILLS)

LAWRENCEVILLE, GA. 30044

TO THE U.S.CITIZENSHIP IMMIGRATION SERVICES(USCIS)

We, Opeyemi Bisiriyu and Quentin Dumas met in the month of May 2018 (exactly 7 weeks I got into the United States of America) at a party I was invited to by my cousin while Quentin was also invited by his brother's wife who was also a Nigerian and a friend to the celebrant. (I got to know this after we got talking that day). We were both two strangers at the party sitting across the table in the garage. I was the newest in the gathering while Quentin was coming to an African party for the first time (according to our discussion afterwards).

We got talking when he was skeptical about eating one of our African delicacies (which became his favorite food-Jollofrice). He kept asking different questions about the food (spicy level, how it's been prepared etc. Smiles) etc. We talked about my country's culture, about the country itself and from there to other discussions. He is a good conversationist. (I became less bored at the party). There he met my 2 kids that day too (was at the party with them) and met his brother's wife too (Ammy) who had invited him). He asked if we could exchange numbers and that's how he became my very first friend here. I left him at the party, but he made sure to walk us down to my ride waiting for us and asked that I should please let him know that we got home safely. We officially started talking some days after and after 2 months of meeting, we started our love relationship and from there, he became my safe arbor...smiles.

We both searched for my 1st apartment together, we moved my things together (with the help of his brother 'TEY' (of blessed memory) at 3400 Sweetwater Road, Apt 1420 Lawrenceville, 30044). (We lived together at the said address for 2years.) I made the first visit to Nana (his grandmother's house), he wanted me to meet the most special woman in his life (God bless her soul) ...smiles

He asked me if I could do this life's journey with him in Oct 2019. We got married in Nov. 2019. He moved in with me a few days after we got married (officially). And we have both been living together since then till date.

Nov 7th, 2020, our marriage was blessed with the gift of our child. My husband and I thought it would be a great idea to move to a much bigger house. In August 2021, we moved to out current home at 302 Braemore mill Drive, Lawrenceville, 30044. My husband Quentin has been a great father figure to my kids (from my previous marriage), he is always right there, and nothing beats that. We are both involved in all our kids' lives. Living our lives in total love, respect, understanding and dedication to one another and above all, we remain best friends, respecting each other's opinion.

I Quentin, have a hard time remembering dates. My mind truly does not remember things in terms of dates and addresses. But I remember and cherish the important things. I remember the day I met my wife Opeyemi and that day; I knew life was giving me a second chance. We are couples in a very healthy relationship. We also argue, have different opinions and other challenges which doesn't make us perfect, ~~... ... ... through those challenges together. Opeyemi has been a great source of~~

# EXHIBIT 11

**SWORN AFFIDAVIT OF TRAVIS JAMES WILSON**

**558 Georgia Circle**
**Loganville, GA**
**30052**

**11/14/2022**

**To: United States Citizen and Immigration Services**

**I, Travis James Wilson, a brother to Quentin Dumas and this letter is written in all honesty and sincerity). I have, of course known Quentin for the entirety of my life and I first met Opeyemi in person approximately 2 and half years ago when Q (Quentin) brought Opeyemi to our favorite childhood park (Washington Park Natatorium in Atlanta.) for me to meet her.**

**It is with great joy that I'm writing to you to confirm the genuine marriage of my brother Quentin and his beautiful wife Opeyemi whom I fondly call 'OPPY or MRS Q. I call her 'A BREATH OF FRESH AIR' for my brother.**

**These two supports each other in every way and what makes their marriage one of its kind is the way they both speak of one another. Quentin believes so much in Oppy's decisions in everything that pertains to them. She has been of a great positive impact to my big brother Q (I must confess.) Quentin would always say to me 'Travis, Life has given me a second chance through my woman, and I must get it right'.**

**I always look forward to their visits at the park (most Sunday evenings). Its always a good family time out for us. A good time to see my family. And occasionally, I visit them at their house in Lawrenceville. I always look forward to Oppy's JOLOF RICE. (Quentin made me fall in love with that rice).**

**This Affidavit is written in all honesty and sincerity.**

**Yours Sincerely,**

**Travis James Wilson.**

# EXHIBIT 12

## SWORN STATEMENT OF ISMAIL ALESHINLOYE

7214 Rockhouse Rd,
Austell, GA.
30168

11/08/2022

To: United States Citizen and Immigration Services.

I, Ismail Aleshinloye, a very close family friend to opeyemi Bisiriyu. We've known each other almost the entirety of our lives (it's safe to call her my sister. Our families both share a very deep relationship). This letter is written to validate the marriage between Opeyemi and Quentin (Mr Q. as I fondly call him). I first met Quentin in the year 2019 Over the phone when opeyemi asked that I meet a very special friend who has been good to her. And later in the same yea 2019, I met Quentin in person when I finally moved to Atlanta. What started as a friendly relationship grew into a personal and more intimate relationship. And right from then, I have been very supportive to them.

During frequent phone conversations with both over the years, I can say I know about their numerous, meaningful, and typical everyday activities they are involved in and committed to, which constitute a healthy and mutually satisfying marriage relationship and blended family. I have seen and heard of the fondness and nurturing qualities between all the members of this family.

I know my sister to be of high moral, a goal getter, very calm and soft-spoken person, a disciplined individual and very value driven person. Which in no doubt, rubs off on every member of this family (which Quentin also testifies to this anytime he gets to talk about his wife. He would always talk about the impact of a good partner and how it rubs off on him and how he started to see life so differently).

I certify and testify that, Opeyemi and Quentin have a valid, legitimate, mutually satisfying marriage relationship which is of great benefit to them both, as well as their children.

Sincerely,

Ismail Aleshinloye

# EXHIBIT 13

**AFFIVIDAVIT OF JENNIFER UNDERWOOD.**

JENNIFER UNDERWOOD

380 HOLDINGS DRIVE

(AMBERLY MILLS)

Lawrenceville,

GA, 30044.

**TO THE U.S. CITIZEN AND IMMIGRATION SERVICES**

I, Jennifer underwood, a very close neighbor to Opeyemi and Quentin submits this affidavit to establish that Opeyemi and Quentin as Husband and wife living together.

I met this beautiful family Oct 2021 shortly after they moved to our neighborhood. We became closer through our kids. My daughter and their kids (Kiki and Fara) attend the same school, ride the same bus (to and fro). I met Quentin first cos he was the regular face at the bus park every morning. Most afternoons, I see Oppy (she would say I should call her that cos it was easier to pronounce) waiting outside the house while I would wave and my daughter made me know she is Kiki and fara's mum while the "man" that drops them is their "dad"..(kids have a way of giving information's even when you didn't ask). I became closer to this family; our kids would have playdates and the kids started visiting each other.

When my daughter gets back home, she would talk about how nice they were to her, how she was fed, how Oppy assists them with their homework's etc. She would talk about how their dad plays hide and seek with them etc. it was always fun for her. And me myself, I came closer to them.

I can confidently say, they are my very first neighbor I would be this close to or be at peace leaving my daughter with. Oppy would fix my daughter's hair without taking a dime from me and even when I offer to come pick her up after her playdate or hair appointment, Quentin will always offer to bring her home. My daughter is always looking forward to going to their place. And I enjoy having the kids also come over to ours.

I further certify that Opeyemi and Quentin are best of each other's world, they STRONGLY support each other which I admire. Their sense of humor is out of this world. I learnt a bit about hospitality from this two cos they will make sure you are so comfortable when you visit them.

We have been neighbors for a little over a year, and we have been a close neighbor more than 6months now.

I declare that the following statements are true and correct.

Yours Sincerely,

Jennifer Underwood

# EXHIBIT 14

**SWORN STATEMENT OF ADETUTU OGUNDEJI**

417 Wallace AVENUE,
Kansas city,
Missouri, 64125.

11/06/2022

To: United States Citizen and Immigration Services.

I, Adetutu Ogundeji, submit this sworn statement to establish Opeyemi and Quentin as husband and wife.

Opeyemi and I are first cousins, and each other's best friend. We have been through many wins and down times together.

I heard of Quentin the very first day they met. (It was a general gist of what and what happened at the party.) and she(opeyemi) made mention of meeting a guy who was so interested in our food and culture etc. As days went to weeks, weeks into months, Quentin became a part of our everyday discussion (she would gist me about him, how he's been helpful and was always at the other end).

I got to speak with him some months after and I can confidently say, I was smitten by how he spoke highly of my cousin. (Yes, I wanted to know what he feels towards my precious cousin). These two, (Opeyemi and Quentin I can say, had a good relationship as boyfriend and girlfriend so I wasn't afraid when Quentin personally TOLD ME HE WAS READY TO POP THE QUESTION...smiles. And the rest, is history now. Quentin has proven to be a great husband, father, brother, and friend. These two share a great level of love, respect, accountability, and friendship towards one another.

In Nov 2019, I was a witness as this two got married (I wouldn't have missed it for anything). And I have visited their homes thrice (when they got married, had their baby, and last year, when their baby turned one) and hoping to spend this year's Christmas with them.

I, Adetutu, declare that the information given in this letter are true and best of my knowledge.

Yours sincerely,

Adetutu Ogundeji

# EXHIBIT O

(https://www.fedex.com/en-us/home.html)    Sign Up or Log In

FedEx® Tracking    ⋮

DELIVERED

# Thursday

1/5/2023 at 11:06 am

Signed for by: Z.WESTMORELAND

⤓ Obtain Proof of delivery

How was your delivery?

☆ ☆ ☆ ☆ ☆

**DELIVERY STATUS**

Delivered ✓

**TRACKING ID**

770945903010 ✎ ☆

**FROM**
Atlanta, GA US

*Label Created*
1/4/2023 4:19 PM

**PACKAGE RECEIVED BY FEDEX**
MARIETTA, GA
1/4/2023 7:15 PM

**IN TRANSIT**
DECATUR, GA
1/5/2023 10:04 AM

**OUT FOR DELIVERY**
DECATUR, GA
1/5/2023 10:04 AM

**DELIVERED**
ATLANTA, GA US

*Delivered*
1/5/2023 at 11:06 AM

↓ View travel history

Want updates on this shipment? Enter your email and we will do the rest!

**YOUR EMAIL**

**SUBMIT**

**MORE OPTIONS**



(https://www.fedex.com/en-
us/home.html)

## Shipment facts

### Shipment overview

**TRACKING NUMBER**    770945903010

**DELIVERED TO**    Shipping/Receiving

**SHIP DATE** ⓘ    1/4/23

**STANDARD TRANSIT** ⓘ    1/5/23 before 10:30 am

**ACTUAL DELIVERY**    1/5/23 at 11:06 am

### Services

**SERVICE**    FedEx Priority Overnight

**TERMS**    Shipper

**SPECIAL HANDLING SECTION**    Deliver Weekday

### Package details

**WEIGHT**    2 lbs / 0.91 kgs

**TOTAL PIECES**    1

**TOTAL SHIPMENT WEIGHT**    2 lbs / 0.91 kgs

**PACKAGING**    FedEx Envelope

↑ Back to to

## Travel history

Ascending

**TIME ZONE**
Local Scan Time

| | | |
|---|---|---|
| • 4:19 PM | Shipment information sent to FedEx | |
| • 7:15 PM | Picked up | MARIETTA, GA |
| • 7:16 PM | Shipment arriving On-Time | MARIETTA, GA |
| • 9:37 PM | Left FedEx origin facility | MARIETTA, GA |
| • 9:57 PM | At destination sort facility | ATLANTA, GA |

**Thursday, 1/5/2023**

| | | |
|---|---|---|
| • 8:11 AM | At local FedEx facility | DECATUR, GA |
| • 10:04 AM | On FedEx vehicle for delivery | DECATUR, GA |
| • 10:04 AM | At local FedEx facility | DECATUR, GA |
| ⊘ 11:06 AM | Delivered | ATLANTA, GA |

↑ Back to to

**OUR COMPANY**

About FedEx(https://www.fedex.com/en-us/about.html)

Our Portfolio(https://www.fedex.com/en-us/about/company-structure.html)

Investor Relations(https://investors.fedex.com/home/default.aspx)

Careers(https://careers.fedex.com/fedex/)

FedEx Blog(https://www.fedex.com/en-us/blog.html)

Corporate Responsibility(https://www.fedex.com/en-us/about/corporate-social-responsibility.html)

Newsroom(https://newsroom.fedex.com/)

Contact Us(https://www.fedex.com/en-us/customer-support/contact-us.html)

**MORE FROM FEDEX**

FedEx Compatible(https://www.fedex.com/en-us/compatible.html)

FedEx Developer Portal(https://developer.fedex.com/api/en-us/home.html)

FedEx Logistics(https://www.fedex.com/en-us/logistics.html)

FedEx Cross Border(https://www.fedex.com/en-us/cross-border.html)

ShopRunner(https://www.fedex.com/en-us/shoprunner.html)

**LANGUAGE**

🌐 Change Country/Territory(https://www.fedex.com/?location=home)

**FOLLOW FEDEX** ✉ (https://www.fedex.com/en-us/email.html)   f (Https://www.facebook.com/FedEx/)

🐦 (Https://twitter.com/fedex)   📷 (https://www.instagram.com/fedex/)   in (https://www.linkedin.com/company/fedex)

▶ (https://www.youtube.com/fedex)   📌 (https://www.pinterest.com/FedEx/)

© FedEx 1995-2022

Site Map (https://www.fedex.com/en-us/sitemap.html)    Terms of Use (https://www.fedex.com/en-us/terms-of-use.html)    Privacy & Security (https://www.fedex.com/en-us/trust-center.html)

# EXHIBIT P

January 11, 2023



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345

**U.S. Citizenship and Immigration Services**



MSC2190219894



A219-643-492

QUENTIN RAMON DUMAS
c/o ELIZABETH LEIGH ANNE GARVISH
GARVISH IMMIGRATION LAW GROUP
2970 PEACHTREE ROAD NW, SUITE 525
ATLANTA, GA 30305

RE: OPEYEMI KANYINSOLA BISIRIYU
I-130, Petition for Alien Relative

## DECISION

Dear QUENTIN DUMAS:

On October 6, 2020, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of OPEYEMI BISIRIYU (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition the testimony provided during your interview, and the record of evidence, we must inform you that we are denying your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide relationship with the beneficiary;
- Establish that he or she has U.S. citizenship or lawful permanent residence.

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your relative under 8 CFR 204.2.

### Statement of Facts and Analysis, Including Ground(s) for Denial

On October 7, 2022, USCIS issued a Notice of Intent to Deny (NOID) advising you that the evidence supporting the petition was insufficient to establish eligibility for the benefit sought and providing you an opportunity to submit additional evidence. The NOID gave you 93 days to respond. You did not provide a timely response to the NOID. Therefore, your Form I-130 is considered abandoned and is denied. See 8 CFR 103.2(b)(13)(i)

There is no appeal to this decision, but you may file a motion to reopen or reconsider. Your motion to reopen or reconsider must be filed on Form I-290B, Notice of Appeal or Motion, within 30 days of the date of this notice. You must mail your Form I-290B, along with the appropriate filing fee and

other documentation in support of the motion, to the correct address. Do not mail your completed Form I-290B directly to this office.

For questions about your petition, you can use our many online tools (www.uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting www.uscis.gov/contactcenter.

This decision does not prevent you from filing any petition or application in the future.

Sincerely,

Shineka C. Miller
Field Office Director

cc: ELIZABETH GARVISH

January 11, 2023

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



**U.S. Citizenship and Immigration Services**

ELIZABETH LEIGH ANNE GARVISH
GARVISH IMMIGRATION LAW GROUP
2970 PEACHTREE RD NW, SUITE 525
ATLANTA, GA 30305

MSC2190219893

RE: OPEYEMI KANYINSOLA BISIRIYU
I-485, Application to Register Permanent Residence or
Adjust Status

A219-643-492

## <u>DECISION</u>

Dear OPEYEMI BISIRIYU:

On October 6, 2020, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245(a) of the Immigration and Nationality Act (INA). You filed Form I-485 based on being the beneficiary of an immigrant petition.

After a thorough review of your application, your testimony during your interview, and the record of evidence, we must inform you that we are denying your application. To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8, Code of Federal Regulations (8 CFR), section 245.1.

### Statement of Facts and Analysis, Including Reason(s) for Denial

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that you are ineligible for the following reason(s):

- An applicant adjusting under INA 245(a) must establish that he or she is eligible to receive an immigrant visa and an immigrant visa is immediately available. See INA 245(a)(2) - (3). USCIS records establish that on January 11, 2023, USCIS denied the visa petition filed on your behalf. You have provided no evidence to indicate you are immediately entitled to an immigrant visa on any other basis. Therefore, you are not qualified to adjust status. See INA 245(a)(3).

You have not established that you are eligible for adjustment under INA 245. Therefore, USCIS must deny your Form I-485.

The evidence of record shows that, when you filed your application, you were present in the United States contrary to law. You are not authorized to remain in the United States. If you fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in 8 CFR 103.5(a). You must file Form I-290B within 30 days of the date of this decision if this decision was served in person, or within 33 days if the decision was served by mail. See 8 CFR 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283. You may also contact the USCIS office having jurisdiction over your current place of residence.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See 8 CFR 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See 8 CFR 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See 8 CFR 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See 8 CFR 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

Shineka C. Miller

Shineka C. Miller
Field Office Director

cc: ELIZABETH GARVISH

January 11, 2023

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



**U.S. Citizenship
and Immigration
Services**

QUENTIN RAMON DUMAS
c/o ELIZABETH GARVISH
2970 PEACHTREE RD NW STE 525
ATLANTA, GA 30305

MSC2190707825

RE: KIKIDAOPE AYOMIPOSI BAMITOGBA
I-130, Petition for Alien Relative

A219-691-121

## DECISION

Dear QUENTIN DUMAS:

On January 13, 2021, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and
Immigration Services (USCIS) on behalf of KIKIDAOPE BAMITOGBA (the beneficiary). You
sought to classify the beneficiary as the child of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of
the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record
of evidence, we must inform you that we are denying your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under
INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide stepparent-stepchild relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested
immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA
1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the
beneficiary can be classified as your child.

### Statement of Facts and Analysis, Including Ground(s) for Denial

You claim to have a stepparent/stepchild relationship with the beneficiary. Your claimed relationship
with the beneficiary is based on your marriage to the beneficiary's parent, Opeyemi Kanyinsola
Bisiriyu.

On October 7, 2022, USCIS issued a Notice of Intent to Deny (NOID) advising you that the evidence
supporting the petition was insufficient to establish eligibility for the benefit sought and providing you
an opportunity to submit additional evidence. The NOID gave you 93 days to respond. You did not
provide a timely response to the NOID. Therefore, your Form I-130 is considered abandoned and is

denied. See 8 CFR 103.2(b)(13)(i)

This decision will become final unless you appeal it by filing a completed Form EOIR-29, Notice of Appeal to the Board of Immigration Appeals from a Decision of a USCIS Officer. Although the appeal will be decided by the Board of Immigration Appeals (BIA), you must send the Form EOIR-29 and all required documents to the following address:

U.S. Citizenship and Immigration Services
Atlanta Field Office
2150 Parklake Drive
Atlanta, GA 30345

If you are filing your form at a USCIS field office - cash, a cashier's check or money order cannot be used to for the filing fee. The only payment options accepted at a field office are payment through pay.gov via a credit card or with a personal check.

The Form EOIR-29 must be received within 30 days from the date of this decision notice. The decision is final if your appeal is not received within the time allowed.

If you, the petitioner, intend to be represented on appeal, your attorney or accredited representative must submit Form EOIR-27 with Form EOIR-29.

If you or your attorney wishes to file a brief in support of your appeal, the brief must be received by the USCIS office where you file your appeal either with your appeal or no later than 30 days from the date of filing your appeal. Your appeal will be sent for further processing 30 days after the date USCIS receives it; after that time, no brief regarding your appeal can be accepted by the USCIS office.

For more information about filing requirements for appeals to the BIA, please see 8 CFR 1003.3 and the Board of Immigration Appeals Practice Manual available at www.usdoj.gov/eoir.

If you need additional information, please visit the USCIS Web site at www.uscis.gov or call our USCIS Contact Center toll free at 1-800-375-5283.


Sincerely,

Shineka C. Miller
Field Office Director

cc: ELIZABETH GARVISH

January 11, 2023

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



**U.S. Citizenship
and Immigration
Services**

ELIZABETH LEIGH ANNE GARVISH
GARVISH IMMIGRATION LAW GROUP
2970 PEACHTREE ROAD NW, SUITE 525
ATLANTA, GA 30305

MSC2190707824



RE: KIKIDAOPE AYOMIPOSI BAMITOGBA
I-485, Application to Register Permanent Residence or
Adjust Status

A219-691-121

## <u>DECISION</u>

Dear KIKIDAOPE BAMITOGBA:

On January 13, 2021, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245(a) of the Immigration and Nationality Act (INA). You filed Form I-485 based on being the beneficiary of an immigrant petition.

After a thorough review of your application, your testimony during your interview, and the record of evidence, we must inform you that we are denying your application. To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8, Code of Federal Regulations (8 CFR), section 245.1.

### Statement of Facts and Analysis, Including Reason(s) for Denial

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that you are ineligible for the following reason(s):

- An applicant adjusting under INA 245(a) must establish that he or she is eligible to receive an immigrant visa and an immigrant visa is immediately available. See INA 245(a)(2) - (3). USCIS records establish that on January 11, 2023, USCIS denied the visa petition filed on your behalf. You have provided no evidence to indicate you are immediately entitled to an immigrant visa on any other basis. Therefore, you are not qualified to adjust status. See INA 245(a)(3).

You have not established that you are eligible for adjustment under INA 245. Therefore, USCIS must deny your Form I-485.

The evidence of record shows that, when you filed your application, you were present in the United States contrary to law. You are not authorized to remain in the United States. If you fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in 8 CFR 103.5(a). You must file Form I-290B within 30 days of the date of this decision if this decision was served in person, or within 33 days if the decision was served by mail. See 8 CFR 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283. You may also contact the USCIS office having jurisdiction over your current place of residence.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See 8 CFR 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See 8 CFR 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See 8 CFR 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See 8 CFR 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

Shineka C. Miller

Shineka C. Miller
Field Office Director

cc: ELIZABETH GARVISH

January 11, 2023

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



**U.S. Citizenship
and Immigration
Services**



MSC2190219898



A219-643-493

QUENTIN RAMON DUMAS
c/o ELIZABETH LEIGH ANNE GARVISH
GARVISH IMMIGRATION LAW GROUP
2970 PEACHTREE ROAD NW, SUITE 525
ATLANTA, GA 30305

RE: MOFARAMOLUWA AYOKUNNUMI
BAMITOGBA
I-130, Petition for Alien Relative

## DECISION

Dear QUENTIN DUMAS:

On October 6, 2020, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of MOFARAMOLUWA BAMITOGBA (the beneficiary). You sought to classify the beneficiary as the child of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we are denying your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide stepparent-stepchild relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your child. See 8 CFR 204.2(d).

### Statement of Facts and Analysis, Including Ground(s) for Denial

You claim to have a stepparent/stepchild relationship with the beneficiary. Your claimed relationship with the beneficiary is based on your marriage to the beneficiary's parent, Opeyemi Kanyinsola Bisiriyu (beneficiary's parent).

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that the beneficiary is not eligible for the requested benefit sought for the following reason(s).

On October 7, 2022, USCIS issued a Notice of Intent to Deny (NOID) advising you that the evidence supporting the petition was insufficient to establish eligibility for the benefit sought and providing you an opportunity to submit additional evidence. The NOID gave you 93 days to respond. You did not provide a timely response to the NOID. Therefore, your Form I-130 is considered abandoned and is denied. See 8 CFR 103.2(b)(13)(i)

Based on a review of the record, USCIS finds that you have not met your burden of proof in demonstrating that your petition should be approved. Therefore, USCIS denies your Form I-130.

This decision will become final unless you appeal it by filing a completed Form EOIR-29, Notice of Appeal to the Board of Immigration Appeals from a Decision of a USCIS Officer. Although the appeal will be decided by the Board of Immigration Appeals (BIA), you must send the Form EOIR-29 and all required documents to the following address:

U.S. Citizenship and Immigration Services
Atlanta Field Office
2150 Parklake Drive
Atlanta, GA 30345

If you are filing your form at a USCIS field office - cash, a cashier's check or money order cannot be used to for the filing fee. The only payment options accepted at a field office are payment through pay.gov via a credit card or with a personal check.

The Form EOIR-29 must be received within 30 days from the date of this decision notice. The decision is final if your appeal is not received within the time allowed.

If you, the petitioner, intend to be represented on appeal, your attorney or accredited representative must submit Form EOIR-27 with Form EOIR-29.

If you or your attorney wishes to file a brief in support of your appeal, the brief must be received by the USCIS office where you file your appeal either with your appeal or no later than 30 days from the date of filing your appeal. Your appeal will be sent for further processing 30 days after the date USCIS receives it; after that time, no brief regarding your appeal can be accepted by the USCIS office.

For more information about filing requirements for appeals to the BIA, please see 8 CFR 1003.3 and the Board of Immigration Appeals Practice Manual available at www.usdoj.gov/eoir.

If you need additional information, please visit the USCIS Web site at www.uscis.gov or call our USCIS Contact Center toll free at 1-800-375-5283.

Sincerely,

Shineka C. Miller
Field Office Director

cc: ELIZABETH GARVISH

January 11, 2023

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



U.S. Citizenship
and Immigration
Services

MSC2190219897

A219-643-493

ELIZABETH LEIGH ANNE GARVISH
GARVISH IMMIGRATION LAW GROUP
2970 PEACHTREE RD NW, SUITE 525
ATLANTA, GA 30305

RE: MOFARAMOLUWA AYOKUNNUMI
BAMITOGBA
I-485, Application to Register Permanent Residence or
Adjust Status

## DECISION

Dear MOFARAMOLUWA BAMITOGBA:

On October 6, 2020, you filed a Form I-485, Application to Register Permanent Residence or Adjust
Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245(a) of the
Immigration and Nationality Act (INA). You filed Form I-485 based on being the beneficiary of an
immigrant petition.

After a thorough review of your application, your testimony during your interview, and the record of
evidence, we must inform you that we are denying your application. To qualify for adjustment under
INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See
Title 8, Code of Federal Regulations (8 CFR), section 245.1.

### Statement of Facts and Analysis, Including Reason(s) for Denial

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that
you are ineligible for the following reason(s):

- An applicant adjusting under INA 245(a) must establish that he or she is eligible to receive an
  immigrant visa and an immigrant visa is immediately available. See INA 245(a)(2) - (3).
  USCIS records establish that on January 11, 2023, USCIS denied the visa petition filed on your
  behalf. You have provided no evidence to indicate you are immediately entitled to an
  immigrant visa on any other basis. Therefore, you are not qualified to adjust status. See INA
  245(a)(3).

You have not established that you are eligible for adjustment under INA 245. Therefore, USCIS must

deny your Form I-485.

The evidence of record shows that, when you filed your application, you were present in the United States contrary to law. You are not authorized to remain in the United States. If you fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in 8 CFR 103.5(a). You must file Form I-290B within 30 days of the date of this decision if this decision was served in person, or within 33 days if the decision was served by mail. See 8 CFR 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283. You may also contact the USCIS office having jurisdiction over your current place of residence.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See 8 CFR 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See 8 CFR 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See 8 CFR 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See 8 CFR 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

Shineka C. Miller

Shineka C. Miller
Field Office Director

cc: ELIZABETH GARVISH

# EXHIBIT Q

# RAPHAEL WARNOCK

## UNITED STATES SENATOR • GEORGIA

## USCIS/State Privacy Release Form

Section below to be completed by the person who is the subject of the records:

I certify, under penalty of perjury, that 1) I provided or authorized all of the information in this privacy release and any document submitted with it; 2) I reviewed and understand all of the information contained in my privacy release and submitted with it; and 3) all of this information is complete, true, and correct.

I, (print your name)___Opeyemi Kanyinsola Bisiriyu___ , authorize USCIS/State Department to release information contained in my USCIS/State records as relevant to checking my case status, and to the extent permitted by law, to Senator Raphael Warnock and the Member's staff.

Name: _Opeyemi Kanyinsola Bisiriyu_

Address: _302 Braemore Mill_

City, State, Zip Code: _Lawrenceville, GA, 30044_

Date of Birth: _03/21/1987_          Place of Birth: _Nigeria_

Telephone #: _(404) 528-4983_          Email: _kanyinsolabisiriyu@gmail.com_

Signature: _____          Date: _02/06/2023_
          *(Signature is required)*

## Please give a brief description of your problem below:
### *(include a second sheet if needed)*

_Please see the attached statements and supporting documents for I-485 Receipt # MSC2190219893_

**Please return the signed and completed form to:**

**Office of U.S. Senator Raphael Warnock**
**100 Alabama Street, Suite 3R8**
**Atlanta, GA 30339-6406**
**Fax: 770-612-2471      E-mail: casework@warnock.senate.gov**

# RAPHAEL WARNOCK
## UNITED STATES SENATOR • GEORGIA

### USCIS/State Privacy Release Form

Section below to be completed by the person who is the subject of the records:

I certify, under penalty of perjury, that 1) I provided or authorized all of the information in this privacy release and any document submitted with it; 2) I reviewed and understand all of the information contained in my privacy release and submitted with it; and 3) all of this information is complete, true, and correct.

I, (print your name) __Mofaramoluwa Ayokunnumi Bamitogba__ , authorize USCIS/State Department to release information contained in my USCIS/State records as relevant to checking my case status, and to the extent permitted by law, to Senator Raphael Warnock and the Member's staff.

Name: __Mofaramoluwa Ayokunnumi Bamitogba__

Address: __302 Braemore Mill__

City, State, Zip Code: __Lawrenceville, GA, 30044__

Date of Birth: __10/06/2016__          Place of Birth: __Nigeria__

Telephone #: __(404) 528-4983__          Email: __kanyinsolabisiriyu@gmail.com__

Signature: __Mofara Moluwa__          Date: __02/06/2023__
*(Signature is required)*

### Please give a brief description of your problem below:
*(include a second sheet if needed)*

__Please see the attached statement and supporting documents for I-485 Receipt # MSC2190219897__

_____

_____

_____

_____

_____

_____

_____

**Please return the signed and completed form to:**

**Office of U.S. Senator Raphael Warnock**
**100 Alabama Street, Suite 3R8**
**Atlanta, GA 30339-6406**
**Fax: 770-612-2471      E-mail: casework@warnock.senate.gov**

# RAPHAEL WARNOCK

## UNITED STATES SENATOR • GEORGIA

## USCIS/State Privacy Release Form

Section below to be completed by the person who is the subject of the records:

I certify, under penalty of perjury, that 1) I provided or authorized all of the information in this privacy release and any document submitted with it; 2) I reviewed and understand all of the information contained in my privacy release and submitted with it; and 3) all of this information is complete, true, and correct.

I, (print your name) __Kikidaope Ayomiposi Bamitogba__ , authorize USCIS/State Department to release information contained in my USCIS/State records as relevant to checking my case status, and to the extent permitted by law, to Senator Raphael Warnock and the Member's staff.

Name: __Kikidaope Ayomiposi Bamitogba__

Address: __302 Braemore Mill__

City, State, Zip Code: __Lawrenceville, GA, 30044__

Date of Birth: __11/06/2014__                Place of Birth: __Nigeria.__

Telephone #: __(404) 528-4983__        Email: __kanyinsolabisiriyu@gmail.com__

Signature: __Kikida ope__                          Date: __02/06/2023__
*(Signature is required)*

## Please give a brief description of your problem below:
*(include a second sheet if needed)*

Please see the attached statement and supporting documents for I-485 Receipt # MSC2190707824

_____

_____

_____

_____

_____

_____

_____

Please return the signed and completed form to:

**Office of U.S. Senator Raphael Warnock**
**100 Alabama Street, Suite 3R8**
**Atlanta, GA 30339-6406**
**Fax: 770-612-2471      E-mail: casework@warnock.senate.gov**

**Please enter appearance of attorney on these cases. See G-28s attached.**

Kikidaope Bamitogba I-130, I-131, and I-765

Ayokunnumi Bamitogba I-130, I-131, and I-765

Opeyemi Bisiriyu I-130, I-131, and I-765


**Previously submitted G-28s attached again:**

Kikidaope Bamitogba I-485

Ayokunnumi Bamitogba I-485

Opeyemi Bisiriyu I-485



## Notice of Entry of Appearance
## as Attorney or Accredited Representative

**Department of Homeland Security**

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

| **Part 1. Information About Attorney or Accredited Representative** | **Part 2. Eligibility Information for Attorney or Accredited Representative** |
|---|---|

**Part 1. Information About Attorney or Accredited Representative**

**1.** USCIS Online Account Number (if any)

▶ [                    ]

### Name of Attorney or Accredited Representative

**2.a.** Family Name (Last Name) | Garvish
**2.b.** Given Name (First Name) | Elizabeth
**2.c.** Middle Name | Leigh Anne

### Address of Attorney or Accredited Representative

**3.a.** Street Number and Name | 2970 Peachtree Road NW

**3.b.** ☐ Apt. ☒ Ste. ☐ Flr. | 525

**3.c.** City or Town | Atlanta

**3.d.** State | GA   **3.e.** ZIP Code | 30305

**3.f.** Province | [                    ]

**3.g.** Postal Code | [                    ]

**3.h.** Country | United States of America

### Contact Information of Attorney or Accredited Representative

**4.** Daytime Telephone Number
8009514980

**5.** Mobile Telephone Number (if any)
[                    ]

**6.** Email Address (if any)
egarvish@goimmigrationlaw.com

**7.** Fax Number (if any)
8009833554

**Part 2. Eligibility Information for Attorney or Accredited Representative**

Select **all applicable** items.

**1.a.** ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

Licensing Authority
Georgia, South Carolina, Texas

**1.b.** Bar Number (if applicable)
[                    ]

**1.c.** I (select **only one box**) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

**1.d.** Name of Law Firm or Organization (if applicable)
Garvish Immigration Law Group

**2.a.** ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

**2.b.** Name of Recognized Organization
[                    ]

**2.c.** Date of Accreditation (mm/dd/yyyy)
[                    ]

**3.** ☐ I am associated with
[                    ],
the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

**4.a.** ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

**4.b.** Name of Law Student or Law Graduate
[                    ]

---

## Part 3.  Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one** box):

**1.a.** [x] U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

> I-130

**2.a.** [ ] U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

**3.a.** [ ] U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

> ▶ | M | S | C | 2 | 1 | 9 | 0 | 7 | 0 | 7 | 8 | 2 | 5 |

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):

[ ] Applicant  [x] Petitioner  [ ] Requestor
[x] Beneficiary/Derivative  [ ] Respondent (ICE, CBP)

### Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name)     Bamitogba

**6.b.** Given Name (First Name)     Kikidaope

**6.c.** Middle Name

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)

> ▶

**9.** Client's Alien Registration Number (A-Number) (if any)

> ▶ A-

### Client's Contact Information

**10.** Daytime Telephone Number

> 4045284938

**11.** Mobile Telephone Number (if any)

> 4045284938

**12.** Email Address (if any)

> kanyinsolabisiriyu@gmail.com

### Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name     3400 Sweetwater Rd

**13.b.** [x] Apt.  [ ] Ste.  [ ] Flr.  1420

**13.c.** City or Town     Lawrenceville

**13.d.** State  GA     **13.e.** ZIP Code  30044

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country

> United States of America

## Part 4.  Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form.  According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4.  Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery.  USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below.  You may change these elections through written notice to USCIS.

1.a.  [X]  I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

1.b.  [ ]  I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

  **NOTE:** If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative.  If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

1.c.  [ ]  I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

2.a.  Signature of Client or Authorized Signatory for an Entity

2.b.  Date of Signature (mm/dd/yyyy)   04/27/2021

## Part 5.  Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS.  I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

1.a.  Signature of Attorney or Accredited Representative

1.b.  Date of Signature (mm/dd/yyyy)   10/29/2021

2.a.  Signature of Law Student or Law Graduate

2.b.  Date of Signature (mm/dd/yyyy)

## Part 6.  Additional Information

If you need extra space to provide any additional information within this form, use the space below.  If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper.  Type or print your name at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name
(Last Name)    Bamitogba

**1.b.** Given Name
(First Name)   Kikidaope

**1.c.** Middle Name

**2.a.** Page Number    **2.b.** Part Number    **2.c.** Item Number

**2.d.**
_____
_____
_____
_____
_____
_____
_____
_____

**3.a.** Page Number    **3.b.** Part Number    **3.c.** Item Number

**3.d.**
_____
_____
_____
_____
_____
_____
_____
_____
_____

**4.a.** Page Number    **4.b.** Part Number    **4.c.** Item Number

**4.d.**
_____
_____
_____
_____
_____
_____
_____
_____

**5.a.** Page Number    **5.b.** Part Number    **5.c.** Item Number

**5.d.**
_____
_____
_____
_____
_____
_____
_____
_____

**6.a.** Page Number    **6.b.** Part Number    **6.c.** Item Number

**6.d.**
_____
_____
_____
_____
_____
_____
_____
_____



# Notice of Entry of Appearance
## as Attorney or Accredited Representative

**Department of Homeland Security**

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

## Part 1. Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)
   ▶ 

### Name of Attorney or Accredited Representative

2.a. Family Name (Last Name)  Garvish

2.b. Given Name (First Name)  Elizabeth

2.c. Middle Name  Leigh Anne

### Address of Attorney or Accredited Representative

3.a. Street Number and Name  2970 Peachtree Road NW

3.b. ☐ Apt. ☒ Ste. ☐ Flr.  525

3.c. City or Town  Atlanta

3.d. State  GA    3.e. ZIP Code  30305

3.f. Province

3.g. Postal Code

3.h. Country  United States of America

### Contact Information of Attorney or Accredited Representative

4. Daytime Telephone Number
   8009514980

5. Mobile Telephone Number (if any)

6. Email Address (if any)
   egarvish@gcimmigrationlaw.com

7. Fax Number (if any)
   8009833554

## Part 2. Eligibility Information for Attorney or Accredited Representative

Select all applicable items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

   Licensing Authority
   Georgia, South Carolina, Texas

1.b. Bar Number (if applicable)

1.c. I (select **only one** box) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)
   Garvish Immigration Law Group

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization

2.c. Date of Accreditation (mm/dd/yyyy)

3. ☐ I am associated with
   ,
   the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate

---

## Part 3.  Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one box**):

**1.a.** [x] U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

> I-131

**2.a.** [ ] U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

**3.a.** [ ] U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

> ▶ M S C 2 1 9 0 7 0 7 8 2 7

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):

[x] Applicant    [ ] Petitioner    [ ] Requestor
[ ] Beneficiary/Derivative    [ ] Respondent (ICE, CBP)

### Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name)

> Bamitogba

**6.b.** Given Name (First Name)

> Kikidaope

**6.c.** Middle Name

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)

> ▶

**9.** Client's Alien Registration Number (A-Number) (if any)

> ▶ A-

### Client's Contact Information

**10.** Daytime Telephone Number

> 4045284938

**11.** Mobile Telephone Number (if any)

> 4045284938

**12.** Email Address (if any)

> kanyinsolabisinyu@gmail.com

### Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not provide** the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name

> 3400 Sweetwater Rd

**13.b.** [x] Apt.    [ ] Ste.    [ ] Flr.   1420

**13.c.** City or Town   Lawrenceville

**13.d.** State  GA    **13.e.** ZIP Code  30044

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country

> United States of America

## Part 4.  Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form.  According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4.  Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery.  USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below.  You may change these elections through written notice to USCIS.

**1.a.** ☒ I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

**1.b.** ☐ I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

> **NOTE:**  If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative.  If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

**1.c.** ☐ I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

**2.a.** Signature of Client or Authorized Signatory for an Entity

➡  ✓

**2.b.** Date of Signature (mm/dd/yyyy)  04/27/2021

## Part 5.  Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS.  I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1. a.** Signature of Attorney or Accredited Representative

**1.b.** Date of Signature (mm/dd/yyyy)  10/29/2021

**2.a.** Signature of Law Student or Law Graduate

**2.b.** Date of Signature (mm/dd/yyyy)

## Part 6.  Additional Information

If you need extra space to provide any additional information within this form, use the space below.  If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper.  Type or print your name at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

| | | |
|---|---|---|
| 1.a | Family Name (Last Name) | Bamitogba |
| 1.b | Given Name (First Name) | Kikidaope |
| 1.c | Middle Name | |

**2.a.** Page Number    **2.b.** Part Number    **2.c.** Item Number

**2.d.**
_____
_____
_____
_____
_____
_____
_____
_____

**3.a.** Page Number    **3.b.** Part Number    **3.c.** Item Number

**3.d.**
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**4.a.** Page Number    **4.b.** Part Number    **4.c.** Item Number

**4.d.**
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**5.a.** Page Number    **5.b.** Part Number    **5.c.** Item Number

**5.d.**
_____
_____
_____
_____
_____
_____
_____

**6.a.** Page Number    **6.b.** Part Number    **6.c.** Item Number

**6.d.**
_____
_____
_____
_____
_____
_____
_____
_____



## Notice of Entry of Appearance
## as Attorney or Accredited Representative

**Department of Homeland Security**

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

### Part 1. Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)

   ▶ [                    ]

#### Name of Attorney or Accredited Representative

2.a. Family Name (Last Name)  Garvish

2.b. Given Name (First Name)  Elizabeth

2.c. Middle Name  Leigh Anne

#### Address of Attorney or Accredited Representative

3.a. Street Number and Name  2970 Peachtree Road NW

3.b. ☐ Apt. ☒ Ste. ☐ Flr.  525

3.c. City or Town  Atlanta

3.d. State  GA    3.e. ZIP Code  30305

3.f. Province

3.g. Postal Code

3.h. Country  United States of America

#### Contact Information of Attorney or Accredited Representative

4. Daytime Telephone Number

   8009514980

5. Mobile Telephone Number (if any)

6. Email Address (if any)

   egarvish@goimmigrationlaw.com

7. Fax Number (if any)

   8009833554

---

### Part 2. Eligibility Information for Attorney or Accredited Representative

Select **all applicable** items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

   Licensing Authority

   Georgia, South Carolina, Texas

1.b. Bar Number (if applicable)

1.c. I (select **only one box**) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)

   Garvish Immigration Law Group

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization

2.c. Date of Accreditation (mm/dd/yyyy)

3. ☐ I am associated with

   [                    ],
   the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate

---

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one** box):

**1.a.** [x] U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

I-765

**2.a.** [ ] U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

**3.a.** [ ] U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

▶ M S C 2 1 9 0 7 0 7 8 2 6

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):
[x] Applicant   [ ] Petitioner   [ ] Requestor
[ ] Beneficiary/Derivative   [ ] Respondent (ICE, CBP)

### Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name)   Bamitogba

**6.b.** Given Name (First Name)   Kikidaope

**6.c.** Middle Name

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)

▶

**9.** Client's Alien Registration Number (A-Number) (if any)

▶ A-

### Client's Contact Information

**10.** Daytime Telephone Number

4045284938

**11.** Mobile Telephone Number (if any)

4045284938

**12.** Email Address (if any)

kanyinsolabisinyu@gmail.com

### Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name   3400 Sweetwater Rd

**13.b.** [x] Apt. [ ] Ste. [ ] Flr.   1420

**13.c.** City or Town   Lawrenceville

**13.d.** State   GA   **13.e.** ZIP Code   30044

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country

United States of America

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4.  Client's Consent to Representation and Signature (continued)

### *Options Regarding Receipt of USCIS Notices and Documents*

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery.  USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below.  You may change these elections through written notice to USCIS.

**1.a.** ☒ I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

**1.b.** ☐ I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

> **NOTE:**  If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative.  If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

**1.c.** ☐ I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### *Signature of Client or Authorized Signatory for an Entity*

**2.a.** Signature of Client or Authorized Signatory for an Entity
➡  ✓

**2.b.** Date of Signature (mm/dd/yyyy)   04/27/2021

## Part 5.  Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS.  I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1. a.** Signature of Attorney or Accredited Representative

**1.b.** Date of Signature (mm/dd/yyyy)   10/29/2021

**2.a.** Signature of Law Student or Law Graduate

**2.b.** Date of Signature (mm/dd/yyyy)

## Part 6.  Additional Information

If you need extra space to provide any additional information within this form, use the space below.  If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper.  Type or print your name at the top of each sheet; indicate the **Page Number, Part Number,** and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name
(Last Name)  Bamitogba

**1.b** Given Name
(First Name)  Kikidaope

**1.c** Middle Name

**2.a** Page Number       **2.b** Part Number       **2.c** Item Number

**2.d**

**3.a** Page Number       **3.b** Part Number       **3.c** Item Number

**3.d**

**4.a** Page Number       **4.b** Part Number       **4.c** Item Number

**4.d**

**5.a** Page Number       **5.b** Part Number       **5.c** Item Number

**5.d**

**6.a** Page Number       **6.b** Part Number       **6.c** Item Number

**6.d**



## Notice of Entry of Appearance
## as Attorney or Accredited Representative

**Department of Homeland Security**

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

### Part 1. Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)

    ▶ [                    ]

*Name of Attorney or Accredited Representative*

2.a. Family Name (Last Name)  Garvish

2.b. Given Name (First Name)  Elizabeth

2.c. Middle Name  Leigh Anne

*Address of Attorney or Accredited Representative*

3.a. Street Number and Name  2970 Peachtree Road NW

3.b. ☐ Apt. ☒ Ste. ☐ Flr.  525

3.c. City or Town  Atlanta

3.d. State  GA   3.e. ZIP Code  30305

3.f. Province  [          ]

3.g. Postal Code  [          ]

3.h. Country  United States of America

*Contact Information of Attorney or Accredited Representative*

4. Daytime Telephone Number
   8009514980

5. Mobile Telephone Number (if any)
   [          ]

6. Email Address (if any)
   egarvish@goimmigrationlaw.com

7. Fax Number (if any)
   8009833554

---

### Part 2. Eligibility Information for Attorney or Accredited Representative

Select **all** applicable items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

   Licensing Authority
   Georgia, South Carolina, Texas

1.b. Bar Number (if applicable)
   [          ]

1.c. I (select **only one box**) ☒ am not  ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)
   Garvish Immigration Law Group

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization
   [          ]

2.c. Date of Accreditation (mm/dd/yyyy)
   [          ]

3. ☐ I am associated with
   [          ],
   the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate
   [          ]

---

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one box**):

**1.a.** [x] U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

I-130

**2.a.** [ ] U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

**3.a.** [ ] U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

▶ M S C 2 1 9 0 2 1 9 8 9 8

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one box**):

[ ] Applicant    [ ] Petitioner    [ ] Requestor

[x] Beneficiary/Derivative    [ ] Respondent (ICE, CBP)

## Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name)   Bamitogba

**6.b.** Given Name (First Name)   Mofaramoluwa

**6.c.** Middle Name   Ayokunnumi

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)

▶

**9.** Client's Alien Registration Number (A-Number) (if any)

▶ A-

## Client's Contact Information

**10.** Daytime Telephone Number

4045284938

**11.** Mobile Telephone Number (if any)

4045284938

**12.** Email Address (if any)

kanyinsolabisiriyu@gmail.com

## Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name   3400 Sweetwater Rd

**13.b.** [x] Apt.   [ ] Ste.   [ ] Flr.   1420

**13.c.** City or Town   Lawrenceville

**13.d.** State   GA    **13.e.** ZIP Code

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country

United States of America

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4.  Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery.  USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below.  You may change these elections through written notice to USCIS.

1.a. [X] I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

1.b. [ ] I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

   **NOTE:**  If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative.  If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

1.c. [ ] I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

2.a. Signature of Client or Authorized Signatory for an Entity

   ➡ [signature] ✓

2.b. Date of Signature (mm/dd/yyyy)   `04/27/2021`

## Part 5.  Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS.  I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

1.a. Signature of Attorney or Accredited Representative

   [signature]

1.b. Date of Signature (mm/dd/yyyy)   `10/29/2021`

2.a. Signature of Law Student or Law Graduate

2.b. Date of Signature (mm/dd/yyyy)

## Part 6. Additional Information

If you need extra space to provide any additional information within this form, use the space below. If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper. Type or print your name at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name (Last Name) — Bamitogba

**1.b.** Given Name (First Name) — Mofaramoluwa

**1.c.** Middle Name — Ayokunnumi

**2.a.** Page Number   **2.b.** Part Number   **2.c.** Item Number

**2.d.**

**3.a.** Page Number   **3.b.** Part Number   **3.c.** Item Number

**3.d.**

**4.a.** Page Number   **4.b.** Part Number   **4.c.** Item Number

**4.d.**

**5.a.** Page Number   **5.b.** Part Number   **5.c.** Item Number

**5.d.**

**6.a.** Page Number   **6.b.** Part Number   **6.c.** Item Number

**6.d.**



## Notice of Entry of Appearance
## as Attorney or Accredited Representative

**Department of Homeland Security**

**DHS
Form G-28**

OMB No. 1615-0105
Expires 05/31/2021

---

### Part 1.  Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)

   ▶ [ ]

#### Name of Attorney or Accredited Representative

2.a. Family Name (Last Name) | Garvish
2.b. Given Name (First Name) | Elizabeth
2.c. Middle Name | Leigh Anne

#### Address of Attorney or Accredited Representative

3.a. Street Number and Name | 2970 Peachtree Road NW
3.b. [ ] Apt. [×] Ste. [ ] Flr. | 525
3.c. City or Town | Atlanta
3.d. State | GA   3.e. ZIP Code | 30305
3.f. Province | 
3.g. Postal Code | 
3.h. Country | United States of America

#### Contact Information of Attorney or Accredited Representative

4. Daytime Telephone Number

   8009514980

5. Mobile Telephone Number (if any)

   [ ]

6. Email Address (if any)

   egarvish@goimmigrationlaw.com

7. Fax Number (if any)

   8009833554

### Part 2.  Eligibility Information for Attorney or Accredited Representative

Select **all applicable** items.

1.a. [×] I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia.  If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

Licensing Authority

Georgia, South Carolina, Texas

1.b. Bar Number (if applicable)

[ ]

1.c. I (select **only one box**) [×] am not [ ] am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law.  If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)

Garvish Immigration Law Group

2.a. [ ] I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization

[ ]

2.c. Date of Accreditation (mm/dd/yyyy)

[ ]

3. [ ] I am associated with

[ ],

the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. [ ] I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate

[ ]

---

Form G-28   09/17/18

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one box**):

**1.a.** [×] U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

> I-131

**2.a.** [ ] U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

**3.a.** [ ] U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

> ▶ M S C 2 1 9 0 2 1 9 9 0 0

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one box**):

[×] Applicant   [ ] Petitioner   [ ] Requestor
[ ] Beneficiary/Derivative   [ ] Respondent (ICE, CBP)

## Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name)

> Bamitogba

**6.b.** Given Name (First Name)

> Mofaramoluwa

**6.c.** Middle Name

> Ayokunnumi

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)

> ▶

**9.** Client's Alien Registration Number (A-Number) (if any)

> ▶ A-

## Client's Contact Information

**10.** Daytime Telephone Number

> 4045284938

**11.** Mobile Telephone Number (if any)

> 4045284938

**12.** Email Address (if any)

> kanyinsolabisiriyu@gmail.com

## Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name

> 3400 Sweetwater Rd

**13.b.** [×] Apt. [ ] Ste. [ ] Flr.

> 1420

**13.c.** City or Town

> Lawrenceville

**13.d.** State

> GA

**13.e.** ZIP Code

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country

> United States of America

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4. Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery. USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below. You may change these elections through written notice to USCIS.

**1.a.** [×] I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

**1.b.** [ ] I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

> **NOTE:** If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative. If you would rather have your Form I-94 sent to you, select **Item Number 1.c.**

**1.c.** [ ] I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

**2.a.** Signature of Client or Authorized Signatory for an Entity

➡  ✓

**2.b.** Date of Signature (mm/dd/yyyy)  04/27/2021

## Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1. a.** Signature of Attorney or Accredited Representative

**1.b.** Date of Signature (mm/dd/yyyy)  10/29/2021

**2.a.** Signature of Law Student or Law Graduate

**2.b.** Date of Signature (mm/dd/yyyy)

## Part 6.  Additional Information

If you need extra space to provide any additional information within this form, use the space below.  If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper.  Type or print your name at the top of each sheet; indicate the **Page Number, Part Number,** and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name
(Last Name)  Bamitogba

**1.b.** Given Name
(First Name)  Mofaramoluwa

**1.c.** Middle Name  Ayokunnumi

**2.a.** Page Number   **2.b.** Part Number   **2.c.** Item Number

**2.d.** _____

**3.a.** Page Number   **3.b.** Part Number   **3.c.** Item Number

**3.d.** _____

**4.a.** Page Number   **4.b.** Part Number   **4.c.** Item Number

**4.d.** _____

**5.a.** Page Number   **5.b.** Part Number   **5.c.** Item Number

**5.d.** _____

**6.a.** Page Number   **6.b.** Part Number   **6.c.** Item Number

**6.d.** _____



### Notice of Entry of Appearance
### as Attorney or Accredited Representative
#### Department of Homeland Security

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

## Part 1.  Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)
   ▶ [ ]

### Name of Attorney or Accredited Representative

2.a. Family Name (Last Name)  Garvish

2.b. Given Name (First Name)  Elizabeth

2.c. Middle Name  Leigh Anne

### Address of Attorney or Accredited Representative

3.a. Street Number and Name  2970 Peachtree Road NW

3.b. ☐ Apt.  ☒ Ste.  ☐ Flr.  525

3.c. City or Town  Atlanta

3.d. State  GA    3.e. ZIP Code  30305

3.f. Province

3.g. Postal Code

3.h. Country  United States of America

### Contact Information of Attorney or Accredited Representative

4. Daytime Telephone Number
   8009514980

5. Mobile Telephone Number (if any)

6. Email Address (if any)
   egarvish@goimmigrationlaw.com

7. Fax Number (if any)
   8009833554

---

## Part 2.  Eligibility Information for Attorney or Accredited Representative

Select **all applicable** items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia.  If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

Licensing Authority
Georgia, South Carolina, Texas

1.b. Bar Number (if applicable)
[ ]

1.c. I (select **only one box**) ☒ am not  ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law.  If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)
Garvish Immigration Law Group

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization
[ ]

2.c. Date of Accreditation (mm/dd/yyyy)
[ ]

3. ☐ I am associated with
[ ],
the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate
[ ]

---

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

This appearance relates to immigration matters before (select **only one box**):

**1.a.** [x] U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

> I-765

**2.a.** [ ] U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

**3.a.** [ ] U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

> ▶ M S C 2 1 9 0 2 1 9 8 9 9

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one box**):

[x] Applicant   [ ] Petitioner   [ ] Requestor
[ ] Beneficiary/Derivative   [ ] Respondent (ICE, CBP)

## *Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)*

**6.a.** Family Name (Last Name)
> Bamitogba

**6.b.** Given Name (First Name)
> Mofaramoluwa

**6.c.** Middle Name
> Ayokunnumi

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)
> ▶

**9.** Client's Alien Registration Number (A-Number) (if any)
> ▶ A-

## *Client's Contact Information*

**10.** Daytime Telephone Number
> 4045284938

**11.** Mobile Telephone Number (if any)
> 4045284938

**12.** Email Address (if any)
> kanyinsolabisiriyu@gmail.com

## *Mailing Address of Client*

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name
> 3400 Sweetwater Rd

**13.b.** [x] Apt.   [ ] Ste.   [ ] Flr.   1420

**13.c.** City or Town
> Lawrenceville

**13.d.** State   GA   **13.e.** ZIP Code

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country
> United States of America

## Part 4. Client's Consent to Representation and Signature

### *Consent to Representation and Release of Information*

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4.  Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery.  USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below.  You may change these elections through written notice to USCIS.

1.a. [X] I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

1.b. [ ] I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

   **NOTE:** If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative.  If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

1.c. [ ] I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

2.a. Signature of Client or Authorized Signatory for an Entity
➡ [signature] ✓

2.b. Date of Signature (mm/dd/yyyy)  **04/27/2021**

## Part 5.  Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS.  I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

1.a. Signature of Attorney or Accredited Representative
[signature]

1.b. Date of Signature (mm/dd/yyyy)  [10/29/2021]

2.a. Signature of Law Student or Law Graduate

2.b. Date of Signature (mm/dd/yyyy)

## Part 6.  Additional Information

If you need extra space to provide any additional information within this form, use the space below.  If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper.  Type or print your name at the top of each sheet; indicate the **Page Number, Part Number,** and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name
(Last Name)  Bamitogba

**1.b** Given Name
(First Name)  Mofaramoluwa

**1.c** Middle Name  Ayokunnumi

**2.a** Page Number   **2.b** Part Number   **2.c** Item Number

**2.d** _____

_____
_____
_____
_____
_____
_____
_____
_____

**3.a** Page Number   **3.b** Part Number   **3.c** Item Number

**3.d** _____

_____
_____
_____
_____
_____
_____
_____
_____

**4.a** Page Number   **4.b** Part Number   **4.c** Item Number

**4.d** _____

_____
_____
_____
_____
_____
_____
_____
_____

**5.a** Page Number   **5.b** Part Number   **5.c** Item Number

**5.d** _____

_____
_____
_____
_____
_____
_____
_____
_____

**6.a** Page Number   **6.b** Part Number   **6.c** Item Number

**6.d** _____

_____
_____
_____
_____
_____
_____
_____



## Notice of Entry of Appearance
## as Attorney or Accredited Representative

**Department of Homeland Security**

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

### Part 1. Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)
   ▶ 

*Name of Attorney or Accredited Representative*

2.a. Family Name (Last Name)    Garvish

2.b. Given Name (First Name)    Elizabeth

2.c. Middle Name    Leigh Anne

*Address of Attorney or Accredited Representative*

3.a. Street Number and Name    2970 Peachtree Road NW

3.b. ☐ Apt. ☒ Ste. ☐ Flr.    525

3.c. City or Town    Atlanta

3.d. State  GA    3.e. ZIP Code  30305

3.f. Province    

3.g. Postal Code    

3.h. Country    United States of America

*Contact Information of Attorney or Accredited Representative*

4. Daytime Telephone Number
   8009514980

5. Mobile Telephone Number (if any)
   

6. Email Address (if any)
   egarvish@goimmigrationlaw.com

7. Fax Number (if any)
   8009833554

---

### Part 2. Eligibility Information for Attorney or Accredited Representative

Select **all** applicable items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

Licensing Authority
Georgia, South Carolina, Texas

1.b. Bar Number (if applicable)
   

1.c. I (select **only one** box) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)
   Garvish Immigration Law Group

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization
   

2.c. Date of Accreditation (mm/dd/yyyy)
   

3. ☐ I am associated with
   ,
   the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate
   

---

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one box**):

**1.a.** [x] U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

> I-130

**2.a.** [ ] U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

**3.a.** [ ] U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

> ▶ M S C 2 1 9 0 2 1 9 8 9 4

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one box**):

[ ] Applicant   [ ] Petitioner   [ ] Requestor
[x] Beneficiary/Derivative   [ ] Respondent (ICE, CBP)

## Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name) | Bisiriyu

**6.b.** Given Name (First Name) | Opeyemi

**6.c.** Middle Name | Kanyinsola

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)

> ▶

**9.** Client's Alien Registration Number (A-Number) (if any)

> ▶ A-

### Client's Contact Information

**10.** Daytime Telephone Number

> 4045284938

**11.** Mobile Telephone Number (if any)

> 4045284938

**12.** Email Address (if any)

> kanyinsolabisiriyu@gmail.com

### Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name | 3400 Sweetwater Rd

**13.b.** [x] Apt. [ ] Ste. [ ] Flr. | 1420

**13.c.** City or Town | Lawrenceville

**13.d.** State | GA  **13.e.** ZIP Code | 30044

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country

> United States of America

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4. Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery. USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below. You may change these elections through written notice to USCIS.

**1.a.** [×] I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form

**1.b.** [ ] I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

   **NOTE:** If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative. If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

**1.c.** [ ] I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

**2.a.** Signature of Client or Authorized Signatory for an Entity



**2.b.** Date of Signature (mm/dd/yyyy) | 04/27/2021

## Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1.a.** Signature of Attorney or Accredited Representative

**1.b.** Date of Signature (mm/dd/yyyy) | 10/29/2021

**2.a.** Signature of Law Student or Law Graduate

**2.b.** Date of Signature (mm/dd/yyyy)

## Part 6.  Additional Information

If you need extra space to provide any additional information within this form, use the space below.  If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper.  Type or print your name at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name (Last Name)  Bisiriyu

**1.b** Given Name (First Name)  Opeyemi

**1.c** Middle Name  Kanyinsola

**2.a** Page Number  **2.b** Part Number  **2.c** Item Number

**2.d**

**3.a** Page Number  **3.b** Part Number  **3.c** Item Number

**3.d**

**4.a** Page Number  **4.b** Part Number  **4.c** Item Number

**4.d**

**5.a** Page Number  **5.b** Part Number  **5.c** Item Number

**5.d**

**6.a** Page Number  **6.b** Part Number  **6.c** Item Number

**6.d**



## Notice of Entry of Appearance
## as Attorney or Accredited Representative

**Department of Homeland Security**

**DHS
Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

### Part 1. Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)

    ▶ [                    ]

#### Name of Attorney or Accredited Representative

2.a. Family Name (Last Name)  | Garvish
2.b. Given Name (First Name)  | Elizabeth
2.c. Middle Name  | Leigh Anne

#### Address of Attorney or Accredited Representative

3.a. Street Number and Name  | 2970 Peachtree Road NW
3.b. ☐ Apt. ☒ Ste. ☐ Flr.  | 525
3.c. City or Town  | Atlanta
3.d. State | GA   3.e. ZIP Code | 30305
3.f. Province |
3.g. Postal Code |
3.h. Country | United States of America

#### Contact Information of Attorney or Accredited Representative

4. Daytime Telephone Number
    | 8009514980

5. Mobile Telephone Number (if any)
    | [                    ]

6. Email Address (if any)
    | egarvish@goimmigrationlaw.com

7. Fax Number (if any)
    | 8009833554

### Part 2. Eligibility Information for Attorney or Accredited Representative

Select **all applicable** items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

Licensing Authority
| Georgia, South Carolina, Texas

1.b. Bar Number (if applicable)
| [                    ]

1.c. I (select **only one box**) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)
| Garvish Immigration Law Group

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization
| [                    ]

2.c. Date of Accreditation (mm/dd/yyyy)
| [                    ]

3. ☐ I am associated with
| [                    ],
the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate
| [                    ]

---

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one** box):

**1.a.** [x] U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

I-131

**2.a.** [ ] U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

**3.a.** [ ] U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

▶ M S C 2 1 9 0 2 1 9 8 9 5

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):

[x] Applicant   [ ] Petitioner   [ ] Requestor
[ ] Beneficiary/Derivative   [ ] Respondent (ICE, CBP)

## Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name)

Bisiriyu

**6.b.** Given Name (First Name)

Opeyemi

**6.c.** Middle Name

Kanyinsola

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)

▶

**9.** Client's Alien Registration Number (A-Number) (if any)

▶ A-

## Client's Contact Information

**10.** Daytime Telephone Number

4045284938

**11.** Mobile Telephone Number (if any)

4045284938

**12.** Email Address (if any)

kanyinsolabisiriyu@gmail.com

## Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name

3400 Sweetwater Rd

**13.b.** [x] Apt.   [ ] Ste.   [ ] Flr.   1420

**13.c.** City or Town   Lawrenceville

**13.d.** State   GA   **13.e.** ZIP Code   30044

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country

United States of America

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4.  Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery.  USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative rather than to you, please select **all applicable** items below.  You may change these elections through written notice to USCIS.

**1.a.** [X]  I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

**1.b.** [ ]  I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

**NOTE:**  If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative.  If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

**1.c.** [ ]  I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

**2.a.**  Signature of Client or Authorized Signatory for an Entity

➡ [ Banisigam ✓ ]

**2.b.**  Date of Signature (mm/dd/yyyy)  [ 04/27/2021 ]

## Part 5.  Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS.  I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1. a.**  Signature of Attorney or Accredited Representative

[ Elizabeth A. Stern ]

**1.b.**  Date of Signature (mm/dd/yyyy)  [ 10/29/2021 ]

**2.a.**  Signature of Law Student or Law Graduate

[ ]

**2.b.**  Date of Signature (mm/dd/yyyy)  [ ]

## Part 6. Additional Information

If you need extra space to provide any additional information within this form, use the space below.  If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper.  Type or print your name at the top of each sheet; indicate the **Page Number, Part Number,** and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name (Last Name)  `Bisiriyu`

**1.b.** Given Name (First Name)  `Opeyemi`

**1.c.** Middle Name  `Kanyinsola`

**2.a.** Page Number   **2.b.** Part Number   **2.c.** Item Number

**2.d.**

**3.a.** Page Number   **3.b.** Part Number   **3.c.** Item Number

**3.d.**

**4.a.** Page Number   **4.b.** Part Number   **4.c.** Item Number

**4.d.**

**5.a.** Page Number   **5.b.** Part Number   **5.c.** Item Number

**5.d.**

**6.a.** Page Number   **6.b.** Part Number   **6.c.** Item Number

**6.d.**



## Notice of Entry of Appearance
## as Attorney or Accredited Representative
### Department of Homeland Security

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

### Part 1. Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)
   ▶ [                              ]

#### *Name of Attorney or Accredited Representative*

2.a. Family Name (Last Name)   Garvish

2.b. Given Name (First Name)   Elizabeth

2.c. Middle Name   Leigh Anne

#### *Address of Attorney or Accredited Representative*

3.a. Street Number and Name   2970 Peachtree Road NW

3.b. ☐ Apt. ☒ Ste. ☐ Flr.   525

3.c. City or Town   Atlanta

3.d. State   GA      3.e. ZIP Code   30305

3.f. Province   [                  ]

3.g. Postal Code   [                  ]

3.h. Country   United States of America

#### *Contact Information of Attorney or Accredited Representative*

4. Daytime Telephone Number
   8009514980

5. Mobile Telephone Number (if any)
   [                  ]

6. Email Address (if any)
   egarvish@goimmigrationlaw.com

7. Fax Number (if any)
   8009833554

---

### Part 2. Eligibility Information for Attorney or Accredited Representative

Select **all** applicable items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

Licensing Authority
Georgia, South Carolina, Texas

1.b. Bar Number (if applicable)
[                              ]

1.c. I (select **only one** box) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)
Garvish Immigration Law Group

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization
[                              ]

2.c. Date of Accreditation (mm/dd/yyyy)
[                  ]

3. ☐ I am associated with
[                              ],
the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate
[                              ]

---

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one** box):

1.a. ☒ U.S. Citizenship and Immigration Services (USCIS)

1.b. List the form numbers or specific matter in which appearance is entered.

I-765

2.a. ☐ U.S. Immigration and Customs Enforcement (ICE)

2.b. List the specific matter in which appearance is entered.

3.a. ☐ U.S. Customs and Border Protection (CBP)

3.b. List the specific matter in which appearance is entered.

4. Receipt Number (if any)

▶ M S C 2 1 9 0 2 1 9 8 9 6

5. I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):
☒ Applicant  ☐ Petitioner  ☐ Requestor
☐ Beneficiary/Derivative  ☐ Respondent (ICE, CBP)

## Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

6.a. Family Name (Last Name)   Bisiriyu

6.b. Given Name (First Name)   Opeyemi

6.c. Middle Name   Kanyinsola

7.a. Name of Entity (if applicable)

7.b. Title of Authorized Signatory for Entity (if applicable)

8. Client's USCIS Online Account Number (if any)

▶

9. Client's Alien Registration Number (A-Number) (if any)

▶ A-

## Client's Contact Information

10. Daytime Telephone Number

4045284938

11. Mobile Telephone Number (if any)

4045284938

12. Email Address (if any)

kanyinsolabisiriyu@gmail.com

## Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

13.a. Street Number and Name   3400 Sweetwater Rd

13.b. ☒ Apt.  ☐ Ste.  ☐ Flr.   1420

13.c. City or Town   Lawrenceville

13.d. State   GA      13.e. ZIP Code   30044

13.f. Province

13.g. Postal Code

13.h. Country

United States of America

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4.  Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery.  USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below.  You may change these elections through written notice to USCIS.

**1.a.** [X]  I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

**1.b.** [ ]  I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

> **NOTE:**  If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative.  If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

**1.c.** [ ]  I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

**2.a.**  Signature of Client or Authorized Signatory for an Entity

➡ [signature] ✓

**2.b.**  Date of Signature (mm/dd/yyyy)    04/27/2021

## Part 5.  Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS.  I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1. a.**  Signature of Attorney or Accredited Representative

[signature]

**1.b.**  Date of Signature (mm/dd/yyyy)    10/29/2021

**2.a.**  Signature of Law Student or Law Graduate

[blank]

**2.b.**  Date of Signature (mm/dd/yyyy)    [blank]

## Part 6.  Additional Information

If you need extra space to provide any additional information within this form, use the space below.  If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper.  Type or print your name at the top of each sheet; indicate the **Page Number, Part Number,** and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a**  Family Name (Last Name)    Bisinyu

**1.b.**  Given Name (First Name)   Opeyemi

**1.c.**  Middle Name    Kanyinsola

**2.a.**  Page Number    **2.b.**  Part Number    **2.c.**  Item Number

**2.d.**

**3.a.**  Page Number    **3.b.**  Part Number    **3.c.**  Item Number

**3.d.**

**4.a.**  Page Number    **4.b.**  Part Number    **4.c.**  Item Number

**4.d.**

**5.a.**  Page Number    **5.b.**  Part Number    **5.c.**  Item Number

**5.d.**

**6.a.**  Page Number    **6.b.**  Part Number    **6.c.**  Item Number

**6.d.**



## Notice of Entry of Appearance
## as Attorney or Accredited Representative

**Department of Homeland Security**

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

### Part 1. Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)

   ▶ [                    ]

*Name of Attorney or Accredited Representative*

2.a. Family Name (Last Name)     Garvish

2.b. Given Name (First Name)     Elizabeth

2.c. Middle Name     Leigh Anne

*Address of Attorney or Accredited Representative*

3.a. Street Number and Name     2970 Peachtree Road NW

3.b. ☐ Apt. ☒ Ste. ☐ Flr.     525

3.c. City or Town     Atlanta

3.d. State  GA      3.e. ZIP Code  30305

3.f. Province

3.g. Postal Code

3.h. Country

   United States of America

*Contact Information of Attorney or Accredited Representative*

4. Daytime Telephone Number

   8009514980

5. Mobile Telephone Number (if any)

6. Email Address (if any)

   egarvish@goimmigrationlaw.com

7. Fax Number (if any)

   8009833554

### Part 2. Eligibility Information for Attorney or Accredited Representative

Select all applicable items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

   Licensing Authority

   Georgia, South Carolina, Texas

1.b. Bar Number (if applicable)

1.c. I (select **only one** box) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)

   Garvish Immigration Law Group

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization

2.c. Date of Accreditation (mm/dd/yyyy)

3. ☐ I am associated with

   [                    ],

   the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate

---

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one** box):

1.a. ☒ U.S. Citizenship and Immigration Services (USCIS)

1.b. List the form numbers or specific matter in which appearance is entered.

> I-485

2.a. ☐ U.S. Immigration and Customs Enforcement (ICE)

2.b. List the specific matter in which appearance is entered.

3.a. ☐ U.S. Customs and Border Protection (CBP)

3.b. List the specific matter in which appearance is entered.

4. Receipt Number (if any)

> ▶ M S C 2 1 9 0 2 1 9 8 9 3

5. I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):

☒ Applicant   ☐ Petitioner   ☐ Requestor
☐ Beneficiary/Derivative   ☐ Respondent (ICE, CBP)

### Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

6.a. Family Name (Last Name)   Bisiriyu

6.b. Given Name (First Name)   Opeyemi

6.c. Middle Name   Kanyinsola

7.a. Name of Entity (if applicable)

7.b. Title of Authorized Signatory for Entity (if applicable)

8. Client's USCIS Online Account Number (if any)

> ▶

9. Client's Alien Registration Number (A-Number) (if any)

> ▶ A-

### Client's Contact Information

10. Daytime Telephone Number

> 4045284938

11. Mobile Telephone Number (if any)

> 4045284938

12. Email Address (if any)

> kanyinsolabisiriyu@gmail.com

### Mailing Address of Client

NOTE: Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

13.a. Street Number and Name   3400 Sweetwater Rd

13.b. ☒ Apt.   ☐ Ste.   ☐ Flr.   1420

13.c. City or Town   Lawrenceville

13.d. State   GA   13.e. ZIP Code   30044

13.f. Province

13.g. Postal Code

13.h. Country

> United States of America

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4. Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery. USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below. You may change these elections through written notice to USCIS.

1.a. [X] I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

1.b. [ ] I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

   **NOTE:** If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative. If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

1.c. [ ] I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

2.a. Signature of Client or Authorized Signatory for an Entity
➡️ [signature] ✓

2.b. Date of Signature (mm/dd/yyyy)  04/27/2021

## Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

1.a. Signature of Attorney or Accredited Representative
[signature]

1.b. Date of Signature (mm/dd/yyyy)  10/29/2021

2.a. Signature of Law Student or Law Graduate

2.b. Date of Signature (mm/dd/yyyy)

## Part 6. Additional Information

If you need extra space to provide any additional information within this form, use the space below. If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper. Type or print your name at the top of each sheet; indicate the **Page Number, Part Number,** and **Item Number** to which your answer refers; and sign and date each sheet.

| | | |
|---|---|---|
| **1.a** | Family Name (Last Name) | Bisiriyu |
| **1.b.** | Given Name (First Name) | Opeyemi |
| **1.c.** | Middle Name | Kanyinsola |

**2.a.** Page Number  **2.b.** Part Number  **2.c.** Item Number

**2.d.** _____

**3.a.** Page Number  **3.b.** Part Number  **3.c.** Item Number

**3.d.** _____

**4.a.** Page Number  **4.b.** Part Number  **4.c.** Item Number

**4.d.** _____

**5.a.** Page Number  **5.b.** Part Number  **5.c.** Item Number

**5.d.** _____

**6.a.** Page Number  **6.b.** Part Number  **6.c.** Item Number

**6.d.** _____



## Notice of Entry of Appearance
## as Attorney or Accredited Representative

### Department of Homeland Security

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

### Part 1.  Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)

   ▶ _____

#### *Name of Attorney or Accredited Representative*

2.a. Family Name (Last Name)   Garvish

2.b. Given Name (First Name)   Elizabeth

2.c. Middle Name   Leigh Anne

#### *Address of Attorney or Accredited Representative*

3.a. Street Number and Name   2970 Peachtree Road NW

3.b. ☐ Apt.  ☒ Ste.  ☐ Flr.   525

3.c. City or Town   Atlanta

3.d. State   GA    3.e. ZIP Code   30305

3.f. Province   _____

3.g. Postal Code   _____

3.h. Country

   United States of America

#### *Contact Information of Attorney or Accredited Representative*

4. Daytime Telephone Number

   8009514980

5. Mobile Telephone Number (if any)

   _____

6. Email Address (if any)

   egarvish@goimmigrationlaw.com

7. Fax Number (if any)

   8009833554

---

### Part 2.  Eligibility Information for Attorney or Accredited Representative

Select **all** applicable items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia.  If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

   Licensing Authority

   Georgia, South Carolina, Texas

1.b. Bar Number (if applicable)

   _____

1.c. I (select **only one box**) ☒ am not  ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law.  If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)

   Garvish Immigration Law Group

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization

   _____

2.c. Date of Accreditation (mm/dd/yyyy)

   _____

3. ☐ I am associated with

   _____,
   the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate

   _____

---

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one box**):

**1.a.** [x] U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

> I-485

**2.a.** [ ] U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

**3.a.** [ ] U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

> ▶ M S C 2 1 9 0 2 1 9 8 9 7

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one box**):

[x] Applicant   [ ] Petitioner   [ ] Requestor
[ ] Beneficiary/Derivative   [ ] Respondent (ICE, CBP)

## Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name)
> Bamitogba

**6.b.** Given Name (First Name)
> Mofaramoluwa

**6.c.** Middle Name
> Ayokunnumi

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)
> ▶

**9.** Client's Alien Registration Number (A-Number) (if any)
> ▶ A-

## Client's Contact Information

**10.** Daytime Telephone Number
> 4045284938

**11.** Mobile Telephone Number (if any)
> 4045284938

**12.** Email Address (if any)
> kanyinsolabisiriyu@gmail.com

## Mailing Address of Client

NOTE: Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name
> 3400 Sweetwater Rd

**13.b.** [x] Apt.   [ ] Ste.   [ ] Flr.   | 1420

**13.c.** City or Town
> Lawrenceville

**13.d.** State | GA    **13.e.** ZIP Code

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country
> United States of America

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4. Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery.  USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below.  You may change these elections through written notice to USCIS.

**1.a.** [X] I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

**1.b.** [ ] I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

**NOTE:** If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative.  If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

**1.c.** [ ] I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

**2.a.** Signature of Client or Authorized Signatory for an Entity

➡ [signature]   ✓

**2.b.** Date of Signature (mm/dd/yyyy)   04/27/2021

## Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS.  I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1.a.** Signature of Attorney or Accredited Representative

[signature]

**1.b.** Date of Signature (mm/dd/yyyy)   08/29/2021

**2.a.** Signature of Law Student or Law Graduate

**2.b.** Date of Signature (mm/dd/yyyy)

## Part 6.  Additional Information

If you need extra space to provide any additional information within this form, use the space below.  If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper.  Type or print your name at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a.** Family Name (Last Name) — Bamitogba

**1.b.** Given Name (First Name) — Mofaramoluwa

**1.c.** Middle Name — Ayokunnumi

**2.a.** Page Number | **2.b.** Part Number | **2.c.** Item Number

**2.d.**

**3.a.** Page Number | **3.b.** Part Number | **3.c.** Item Number

**3.d.**

**4.a.** Page Number | **4.b.** Part Number | **4.c.** Item Number

**4.d.**

**5.a.** Page Number | **5.b.** Part Number | **5.c.** Item Number

**5.d.**

**6.a.** Page Number | **6.b.** Part Number | **6.c.** Item Number

**6.d.**



## Notice of Entry of Appearance
## as Attorney or Accredited Representative

**Department of Homeland Security**

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

### Part 1. Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)

   ▶ [                    ]

#### Name of Attorney or Accredited Representative

2.a. Family Name (Last Name) | Garvish
2.b. Given Name (First Name) | Elizabeth
2.c. Middle Name | Leigh Anne

#### Address of Attorney or Accredited Representative

3.a. Street Number and Name | 2970 Peachtree Road NW
3.b. ☐ Apt. ☒ Ste. ☐ Flr. | 525
3.c. City or Town | Atlanta
3.d. State | GA    3.e. ZIP Code | 30305
3.f. Province | 
3.g. Postal Code | 
3.h. Country | United States of America

#### Contact Information of Attorney or Accredited Representative

4. Daytime Telephone Number
   8009514980
5. Mobile Telephone Number (if any)
   [                    ]
6. Email Address (if any)
   egarvish@goimmigrationlaw.com
7. Fax Number (if any)
   8009833554

---

### Part 2. Eligibility Information for Attorney or Accredited Representative

Select **all** applicable items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

   Licensing Authority
   Georgia, South Carolina, Texas

1.b. Bar Number (if applicable)
   [                    ]

1.c. I (select only one box) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)
   Garvish Immigration Law Group

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization
   [                    ]

2.c. Date of Accreditation (mm/dd/yyyy)
   [                    ]

3. ☐ I am associated with
   [                    ],
   the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate
   [                    ]

---

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

This appearance relates to immigration matters before (select **only one box**):

**1.a.** ☒ U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

> I-485

**2.a.** ☐ U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

**3.a.** ☐ U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

> ▶ M S C 2 1 9 0 7 0 7 8 2 4

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one box**):
☒ Applicant    ☐ Petitioner    ☐ Requestor
☐ Beneficiary/Derivative    ☐ Respondent (ICE, CBP)

## Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name)

> Bamitogba

**6.b.** Given Name (First Name)

> Kikidaope

**6.c.** Middle Name

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)

> ▶

**9.** Client's Alien Registration Number (A-Number) (if any)

> ▶ A-

## Client's Contact Information

**10.** Daytime Telephone Number

> 4045284938

**11.** Mobile Telephone Number (if any)

> 4045284938

**12.** Email Address (if any)

> kanyinsolabisiriyu@gmail.com

## Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name

> 3400 Sweetwater Rd

**13.b.** ☒ Apt.   ☐ Ste.   ☐ Flr.   1420

**13.c.** City or Town

> Lawrenceville

**13.d.** State  GA      **13.e.** ZIP Code  30044

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country

> United States of America

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4. Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery. USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below. You may change these elections through written notice to USCIS.

**1.a.** ☒ I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

**1.b.** ☐ I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

**NOTE:** If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative. If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

**1.c.** ☐ I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

**2.a.** Signature of Client or Authorized Signatory for an Entity

 ✓

**2.b.** Date of Signature (mm/dd/yyyy)  04/27/2021

## Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1. a.** Signature of Attorney or Accredited Representative

**1.b.** Date of Signature (mm/dd/yyyy)  6/29/2021

**2.a.** Signature of Law Student or Law Graduate

**2.b.** Date of Signature (mm/dd/yyyy)

## Part 6. Additional Information

If you need extra space to provide any additional information within this form, use the space below. If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper. Type or print your name at the top of each sheet; indicate the **Page Number, Part Number,** and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name (Last Name)   Bamitogba

**1.b** Given Name (First Name)   Kikidaope

**1.c** Middle Name

**2.a** Page Number   **2.b** Part Number   **2.c** Item Number

**2.d**

**3.a** Page Number   **3.b** Part Number   **3.c** Item Number

**3.d**

**4.a** Page Number   **4.b** Part Number   **4.c** Item Number

**4.d**

**5.a** Page Number   **5.b** Part Number   **5.c** Item Number

**5.d**

**6.a** Page Number   **6.b** Part Number   **6.c** Item Number

**6.d**

# EXHIBIT R

# LEASE FOR RESIDENTIAL PROPERTY

kw ATLANTA PARTNERS

*Georgia* REALTORS

**2021 Printing**

For and in consideration of $10.00 and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned Landlord ( JEREMIAH OSEZUA ) and the undersigned Tenant (Opeyemi Bisiriyu ), do hereby agree as follows:

**A. PRIMARY TERMS.** The primary terms of this Lease are set forth in this Section and are subject to the explanations and clarifications set forth in Corresponding Paragraphs Section B of the Lease.

**Lease.** Landlord agrees to lease to Tenant, and Tenant agrees to lease from Landlord, the Premises identified herein on this date of ___8/31/2021___ on the terms and conditions of which are set forth below.

1. **Property Address:** ___302___ ___BRAEMORE MILL DR___ Unit ___
   **City** ___LAWRENCEVILLE___ **County** ___Gwinnett County___ **Georgia, Zip** ___30044___ ("Premises")

2. **Lease Start Date:** ___9/8/2021___ **Last Day of Lease ("Lease End Date"):** ___9/7/2023___
   Tenant may terminate this Agreement without penalty if possession is not granted within ___5___ days of the Lease Start Date ("Approved Delay Period").

3. **Rent.**
   a. **Rent:** Tenant shall pay monthly rent of $___2,100.00___. Rent Shall Be Payable To ___Jeremiah Osezua___ and delivered to: ___N/A___
   ("Rent Payment Address") unless another address is specified by the above-referenced party receiving the rent following the notice provisions herein.
   b. **Due Date for Rent:** Rent is due by the ___1st___ day of the month. Rent may be paid in any of the forms checked here: ☐ Check ☐ Cash ☐ Certified Check ☐ Money Order ☐ Credit Card ☑ ACH or ☐ EFT.
   c. **Late Date and Additional Rent for Late Payment:** Rent paid after ___7___ p.m. on the ___3rd___ day of the month shall be late and must include additional rent of ___150___ ("Additional Rent for Late Payment").
   d. **Credit Card:** If rent is paid by Credit Card rent must include a credit card convenience fee of ___N/A___
   e. **Service Charge:** Tenant shall immediately pay Landlord a service charge of $___50.00___ ("Service Charge") for all dishonored checks or rejected electronic (ACH) payments.

4. **Security Deposit.**
   a. Tenant shall pay ___Jeremiah Osezua___ as "Holder" a security deposit of $___4,200.00___ by: ☐ Check ☐ Cash ☐ Certified Check ☐ Money Order ☐ Credit Card ☑ ACH or ☐ EFT.
   Security deposit shall be paid not later than the Lease Start Date but not earlier than the date Landlord or Manager has presented Tenant with a copy of the Move-In Inspection. Landlord's or Manager's signature below does not constitute receipt of the security deposit. Landlord or Manager shall provide Tenant with a receipt for the security deposit once said deposit has been paid.
   b. **Security Deposit Bank Account:** The security deposit will be held in:
   ☐ Escrow Account at ___ Bank; OR ☑ General Account at ___Zelle 678-974-9182___ Bank.

5. **Notice Not to Renew Lease.** A party electing not to renew the Lease shall be required to provide ___ days notice of the same to the other party even when the lease becomes a month to month agreement.

6. **Re-Key Fee Paid By Tenant upon Lease Termination:** $___100___

7. **Non-Refundable Administrative Fee Paid by Tenant:** $___N/A___

8. **Pets.** Tenant ☐ shall or ☑ shall not be allowed to keep pets on the premises. If pets are allowed a separate pet exhibit must be attached hereto and is incorporated into this Lease.

9. **Smoking.** Tenant ☐ shall or ☑ shall not be allowed to smoke, in any form, on or in the Premises.

10. **No Subletting.** No subletting of any kind including, but not limited to, nightly rental services such as AIRBNB.com, or home exchange services such as HomeExchange.com.

11. **Utilities.** Utilities provided by Landlord: ☐ Water ☑ Sewer ☐ Gas ☐ Electricity ☑ Trash Pickup ☐ Cable ☐ None
    ☐ Other: ___

THIS FORM IS COPYRIGHTED AND MAY ONLY BE USED IN REAL ESTATE TRANSACTIONS IN WHICH ___Olutoberu Akinleye___ IS INVOLVED AS A REAL ESTATE LICENSEE. UNAUTHORIZED USE OF THE FORM MAY RESULT IN LEGAL SANCTIONS BEING BROUGHT AGAINST THE USER AND SHOULD BE REPORTED TO THE GEORGIA ASSOCIATION OF REALTORS® AT (770) 451-1831.
Copyright© 2021 by Georgia Association of REALTORS®, Inc.     F913, Lease for Residential Property, Page 1 of 12, 01/01/21

**12. Early Termination by Tenant.** Tenant ☐ shall OR ☑ shall not have the right to terminate this Lease early. If Tenant has a right to terminate the Lease early, Tenant must pay the lesser of 35% of the sum of the rental payments remaining during the current lease term or the sum of the charges in the subparagraphs c. and d. below. These fees are a reasonable pre-estimate of Landlord's and Manager's additional expenses for unanticipated vacancies, turnkey expenses and re-letting costs.

☐ **a.** Give Landlord no less than _____ days prior notice of the termination.

☐ **b.** Comply in ALL respects with the requirements set out in Paragraph B.12.

☐ **c.** In addition to the rent due, pay as liquidated damages $_____ or _____% of the total rent that otherwise would have been owed through the Lease End Date, not later than _____ days from the date Notice to Terminate is received.

☐ **d.** Pay an Early Lease Termination Administrative Fee of $_____, not later than _____ days from the date Notice to Terminate is received.

**13. Early Termination by Landlord.** Landlord shall have the right to terminate the Lease early upon not less than __30__ days notice and upon such termination and Tenant vacating the Premises, Landlord shall credit Tenant with the sum of $0.00 ("Early Termination Fee to Tenant") which shall first be applied against any monies owing from Tenant to Landlord with the balance thereafter being paid to Tenant by Landlord.

**14. Holding Over Rate.** The daily rate for holding over beyond the expiration or termination of the Lease is $200.00 .

**15. Fee to Prepare Lease Amendment:** $200.00

**16. Use:** Only the following people are authorized to occupy the Premises: Kikidaope Bamitogba, Mofaramoluwa Bamitogba, Pipeoluwa Ethan Dumas, Quentin Dumas

**17. Appliances provided by Landlord:**

☐ Compactor   ☐ Dryer   ☑ Microwave   ☐ Range   ☐ Washer   ☐ Other:_____
☑ Dishwasher   ☐ Electric   ☑ Oven   ☑ Built-in   ☐ Wine/Drink Cooler   ☐ Other:_____
☑ Disposal   ☐ Gas   ☐ Electric   ☑ Free-standing   ☐ Venthood   ☐ Other:_____
☑ Gas   ☑ Refrigerator   ☐ Other:_____

**18. Lawn & Exterior Maintenance.** ☑ Tenant OR ☐ Landlord shall maintain the lawn and perform exterior maintenance as described elsewhere herein.

**19. Pest Control.** Pest Control, as specified elsewhere in the Lease, shall be the responsibility of and paid for by:
☑ Tenant OR ☐ Landlord.

**20. Propensity of Flooding.** The Premises ☐ have OR ☑ have not flooded at least three (3) times within the past five (5) years.

**21. Lead Based Paint.** The Premises ☐ were (attach F918 Lead-Based Paint Exhibit) OR ☐ were not built prior to 1978.
Tenant ☐ has OR ☑ has not received a copy of the *Lead-Based Paint Pamphlet (CB04)*.

**22. Other Liquidated Damages Paid By Tenant.**
a. **Fee to Halt Dispossessory Action:** The fee paid by Tenant to halt dispossessory actions in certain situations as set forth elsewhere herein shall be $300.00 ("Fee to Halt Dispossessory Action") plus an Administrative Fee of $300.00 per occurrence.
b. **Denial of Access Charge:** Tenant agrees to pay $100.00 for each incident where Tenant denies Landlord access to the Premises ("Denial of Access Fee") as described elsewhere herein.
c. **Unauthorized Pet Charge:** $200.00 per incident. Every day the violation occurs shall be deemed a separate incident.
d. **Unauthorized smoking within the Premises charge:** $1,000.00
e. **Utility Disconnection Charge for un-authorized disconnection of utility service:** $300.00

**23. Renewal.**
a. **Term:** The Lease ☑ shall automatically renew in __12__ month increments (each of which shall be referred to as a "Renewal Term") or ☐ shall renew on a month to month basis with all other terms and conditions of the Lease remaining the same including, but not limited to, the number of days notice required to terminate the Lease. If the month to month option is selected, then the language below regarding the "Automatic Renewal" of the Lease shall not be applicable or part of this Lease.
b. **Automatic Renewal:** Upon the first day of the calendar month following the initial Lease End Date, and every twelve (12) months thereafter, the rent will automatically increase TBD % over the immediately preceding rental rate. Landlord shall have the right to increase the rent above this amount upon notice being given to Tenant at least ninety (90) days prior to the end of the then applicable Lease Term or Renewal Term. Upon the receipt of such notice, Tenant shall have thirty (30) days thereafter to notify Landlord of Tenant's decision either to: (1) terminate the Lease effective upon the end of the current term of the Lease; or (2) accept the increase in the rent above the amount set forth elsewhere in the Lease. If Tenant fails to timely respond to the notice of rent increase above the increase set forth elsewhere herein, then Tenant shall be deemed to have accepted the increase in rent for the subsequent Renewal Term. After the expiration of __1__ Renewal Terms, the Lease shall automatically become a month-to-month Lease if not otherwise terminated. All other terms and conditions of this Lease, including the notice provisions, shall remain the same and in full force and in effect.

**24. Brokerage Relationships in this Transaction:**

  a. **Leasing Broker is** <u>Keller Williams Realty Atlanta Partners</u> **and is:**
    (1) working with Tenant as a ☑ client or ☐ customer.
    (2) ☐ acting as a dual agent representing Landlord and Tenant.
    (3) ☐ acting as designated agent where:

    has been assigned to exclusively represent Tenant.

  b. **Listing Broker is** <u>Keller Williams Realty Atlanta Partners</u> **and is:**
    (1) working with Landlord as a ☐ client or ☑ customer.
    (2) ☐ acting as a dual agent representing Tenant and Landlord.
    (3) ☐ acting as designated agent where:

    has been assigned to exclusively represent Landlord.

**25. Material Relationship Disclosure:** Broker and/or their affiliated licensees disclose the following material relationships:
N/A

**26. Disclosure of Ownership and Agents.**

  a. **Owner Disclosure:** The name and address of the Owner of record of the Premises or the person authorized to act for and on behalf of the Owner for the purpose of serving of process and receiving demands and notices is as follows:
N/A

  b. **Manager Disclosure:** The name and address of the person authorized to manage the Premises and Property is as follows:
Brokerage Firm:
Address of Brokerage Firm: N/A
                                            (hereinafter "Manager").
Contact Person:

Tenant(s) Initials ___OB___        Phone Number: _____

Landlord(s) Initials ___JO___

**B. CORRESPONDING PARAGRAPHS**

1. **Agreement to Lease.** The parties agree to enter into this Lease for the Premises which may be further described in Exhibit "A". The Premises may be part of a larger property ("Property"). If so, Tenant shall have the right to use the common areas of the Property subject to: (a) all rules, regulations and covenants applicable thereto; and (b) the common areas being reduced, modified, altered or being made subject to further use restrictions adopted by Landlord, in its sole discretion, or any community association responsible for the same. While Tenant may use and enjoy the Premises to the fullest extent permitted in this Lease, no estate or permanent legal interest in the Premises is being transferred or conveyed by Landlord to Tenant herein. Landlord shall have the right to assign this Lease to a subsequent owner of the Premises.

2. **Term and Possession.** If Landlord is unable to deliver possession of Premises on the Start Date, rent shall be abated on a daily basis until possession is granted. Neither Owner, Landlord or Broker shall be liable for any delay in the delivery of possession of Premises to Tenant.

3. **Rent.** Tenant shall pay rent in advance to Landlord monthly, and on or before the Due Date during the Lease Term to the Rent Payment Address (or at such other address as may be designated from time to time by Landlord in writing). If the Lease Start Date or the Lease End Date is on the second day through the last day of any month, the rent shall be prorated for that month. Mailing the rent payment shall not constitute payment. Rent must be actually received by Landlord to be considered paid. Tenant acknowledges that all funds received by Landlord will be applied to the oldest outstanding balance owed by Tenant to Landlord.  Rent not paid in full by the Due Date shall be late. Landlord may, but shall have no obligation to accept any rent paid after the Due Date. If late payment is made and Landlord accepts the same, the payment must include Additional Rent for Late Payment in the form of cash, cashier's check, certified check or wire transfer of immediately available funds, and if applicable, the Service Charge for any returned check. Landlord reserves the right, upon notice to Tenant, to refuse to accept personal checks from Tenant after one or more of Tenant's personal checks have been returned by the bank unpaid.

4. **Security Deposit.**
  a. **Move-In:** Prior to Tenant tendering a Security Deposit, Landlord shall provide Tenant with a comprehensive list of any existing damages to Premises. Prior to taking occupancy, Tenant will be given the right to inspect Premises to ascertain the accuracy of the form. Both Landlord and Tenant shall sign the form and Tenant shall be entitled to retain a copy of the form. Tenant acknowledges that Tenant has carefully inspected the Premises, is familiar with the same and that the Premises are in a good and habitable condition.
  b. **Deposit of Same:** Holder shall deposit the Security Deposit within five (5) banking days of receiving the same into the bank and account referenced herein. If Landlord is managing the property, the Security Deposit may be deposited in a general account, and it will not be segregated and will be co-mingled with other funds of Holder.
*[NOTE: If Landlord or Landlord's spouse or minor children own more than ten (10) rental units, if Landlord is not a natural person or if Landlord is a real estate licensee or if the management, including rent collection, is performed by third persons, natural or otherwise, for a fee, the Security Deposit must be deposited into an escrow account.]* All interest earned on the above-referenced account shall belong to the Holder. Holder shall have the right to change the bank in which the Security Deposit is held upon notice to Landlord and Tenant, provided that the type of account remains the same. Landlord shall have the right upon fourteen (14) days prior notice to Holder and Tenant to change the Holder of the Security Deposit and / or the bank account into which the Security Deposit is deposited; provided that the new Holder designated by Landlord is a licensed Georgia real estate broker and the bank account into which the Security Deposit is deposited into is an escrow/trust account.