# IN THE SUPERIOR COURT OF DEKALB COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| **CHULHAENG HUH,**<br><br>*Plaintiff*,<br><br>v.<br><br>**LEMONADE INSURANCE COMPANY**<br><br>*Defendant.* | Civil Action No.: 23CV3067 |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT LEMONADE INSURANCE COMPANY

**COME NOW Defendant Lemonade Insurance Company ("Defendant")** and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant is not liable to Plaintiff for any cause of action, including for breach of contract, because Defendant at no time breached or otherwise violated any of the terms or conditions of the Policy between Defendant and Plaintiff. At all times, Defendant acted in accordance with its rights and obligations as set forth in the Policy.

### THIRD DEFENSE

Plaintiff is barred from recovering any additional damages related to this action because Defendant's payment due under the Policy, if any, are less than the deductible.

EXHIBIT C

ED

**FOURTH DEFENSE**

In the event Defendant is found liable in this action, which Defendant denies, Defendant is entitled to a setoff against any judgment entered against it arising out of this claim for those amounts already paid to Plaintiff or to any others on Plaintiff's behalf, including Plaintiff's deductible.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the affirmative defenses of accord and satisfaction and payment.

**SIXTH DEFENSE**

Plaintiff's claims are barred to the extent they spoliated evidence including building materials and/or property for which they are making a claim for damages in this lawsuit.

**SEVENTH DEFENSE**

Plaintiff's alleged damages, if any, are barred, in whole or in part, by Plaintiff's failure to mitigate dagames, as required by Georgia law.

**EIGHTH DEFENSE**

Plaintiff may not recover from Defendant to the extent Plaintiff's damages resulted from his own negligence or the negligence of third-parties.

**NINTH  DEFENSE**

To the extent Plaintiff seeks to assert a bad faith claim against Defendant pursuant to O.C.G.A. § 33-4-6, including a request for attorney's fees, Plaintiff is barred from asserting any such claim because they failed to satisfy the requirements of O.C.G.A. § 33-4-6, including but not limited to, asserting a proper and timely bad faith demand under Georgia law for the claims which are the subject of this dispute.

## TENTH DEFENSE

To the extent Plaintiff seeks to assert a bad faith claim against Defendant pursuant to O.C.G.A. § 33-4-6, including a request for attorney's fees, Plaintiff may not recover because Defendant has, at all times, acted in good faith and with fair dealing with respect to Plaintiff's claim.

## ELEVENTH DEFENSE

To the extent Plaintiff seeks to assert a claim for attorney's fees or extra contractual damages against Defendant pursuant to any other statute or law aside from O.C.G.A. § 33-4-6, Plaintiff may not recover because O.C.G.A. § 33-4-6 is the exclusive remedy for bad faith penalty or attorney's fees recoverable by an insured against his/her insurer based on a failure to pay policy benefits.

## TWELFTH DEFENSE

Plaintiff is unable recover for any alleged damages under Coverage A – Dwelling, to the extent those damages did not result from a "direct physical loss to property" as required by the insurance policy. Specifically, the Policy provides, in part, as follows:

**SECTION I- PERILS INSURED AGAINST**

**A.   Coverage A – Dwelling and Coverage B – Other Structures**

1. We insure against direct physical loss to property as described in Coverages **A** and **B.**

## THIRTEENTH DEFENSE

The facts and circumstances forming the basis of Plaintiff's Complaint were brought by and as a result of Plaintiff's conduct, and Plaintiff is, therefore, estopped and precluded from recovering.

## **FOURTEENTH DEFENSE**

Plaintiff may not recover from Defendant because the Policy specifically excludes coverage for Plaintiff's claimed damages.

## **FIFTEENTH DEFENSE**

Plaintiff may not recover from Defendant because the Policy specifically excludes coverage for Plaintiff's claimed damages. Specifically, the Policy in Section **3. EXCLUSIONS** provides as follows:

**SECTION I- PERILS INSURED AGAINST**

**A.  Coverage A – Dwelling and Coverage B – Other Structures**

2.   We do not insure, however, for loss:

(6) Any of the following:
(a) Wear and tear, marring, deterioration;
(b) Mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

## **SIXTEENTH DEFENSE**

Plaintiff may not recover from Defendant because the Policy specifically excludes coverage for Plaintiff's claimed damages. Specifically, the Policy in **SECTION 1-EXCLUSIONS** provides as follows:

- **B.** We do not insure for loss to property described in Coverage **A** and **B** caused by any of the following. (However, any ensuing loss to property described in Coverages **A** and **B** not precluded by any other provision in this policy is covered.

1. Weather conditions. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in **A**. above to produce the loss.

2. Faulty, inadequate or defective:

    d.   Maintenance:

of part or all of any property whether on or off the "residence premises."

## SEVENTEENTH DEFENSE

Plaintiff may not recover for any damages that occurred outside the subject policy period.

## EIGHTEENTH DEFENSE

Plaintiff's alleged damages, if any, are limited by the loss settlement provisions in the policy,

## NINETEENTH DEFENSE

Plaintiff is not able to recover for the alleged damages, if any, for repair and/or replacement costs to the extent Plaintiff has not incurred those costs. See Marchman v. Grange Mut. Ins. Co., 232 Ga. App. 481, 500 S.E.2d 659 (1998).

## TWENTIETH DEFENSE

Defendant reserves the right to amend this answer and add further affirmative defenses as necessary or discovered.

## TWENTY-FIRST DEFENSE

Without waiving any of the above affirmative defenses and subject to the above defenses, these Defendant responds to the individually numbered paragraphs in Plaintiff's Complaint as follows:

## PARTIES

1.

Upon information and belief, the Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits that it is a foreign insurance company registered to do business in Georgia. In further response, Defendant expressly denies that it is a citizen of the State of Georgia or that it maintains an office at 4228 First Avenue, Suite 14, Tucker, GA, 30084. Defendant admits it may be served with process through its registered agent, United Corporate Services, Inc.

## JURISDICTION

3.

In response to Plaintiff's allegations contained in Paragraph 3 of the Plaintiff's Complaint, Defendant admits it transacts business insuring properties in Georgia and further admits it has a registered agent pursuant to O.C.G.A. ¶33-4-1 and O.C.G.A. ¶ 33-4-4 and that jurisdiction and venue may be proper in DeKalb County, Georgia, but denies that DeKalb County, Georgia is the only court with proper jurisdiction and venue over this action. Defendant admits that the amount in controversy exceeds $15,000.00. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

4.

Defendant admits it has a registered agent located in DeKalb County, Georgia but denies that DeKalb County Superior Court is the only court with proper jurisdiction and venue over this action. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5.

Defendant denies the allegations of Paragraph 5 of Plaintiff's Complaint.

## THE POLICY

6.

Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

In response to Paragraph 7 of Plaintiff's Complaint, Defendant admits that it issued a homeowners insurance policy to "Chulhaeng Huh," policy number LP9268FB3D2, which, subject to all terms, conditions, and exclusions, provided certain coverage for the property located at 1009 Peninsula Crossing, Evans, Georgia 30809 (the "Property"). Except as otherwise herein admitted, all remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8.

In response to Paragraph 8, Defendant admits that subject to all terms, conditions, and exclusions, the Policy covers "direct physical loss to property described in Coverages **A** and **B**." Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

9.

In response to Paragraph 9, Defendant admits that subject to all terms, conditions, and exclusions, the Policy covers "reasonable cost incurred by you for the necessary measures taken solely to protect covered property that is damaged by a Peril Insured Against from further damage." Defendant admits that the policy covers additional living expenses "If a loss covered under Section **I** makes that part of the "residence premises" where you reside not fit to live in, we cover any necessary increase in living expenses incurred by you so that your household can maintain its

normal standard of living for up to 24 months. Defendant denies Additional Living Expenses are owed to Plaintiff as a result of the allegations in the lawsuit. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

## SUDDEN AND ACCIDNETAL DAMAGE TO THE INSURED PROPERTY

10.

Defendant denies the Plaintiff's property suffered damage claimed in this lawsuit as result of the March 16, 2022 storm. In further response, Defendant admits the Policy was in effect at the time of the loss. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11.

Defendant admits the Plaintiff notified the Defendant of a loss resulting from the March 16, 2022 storm and further admits an adjuster was assigned to investigate the claim. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

Defendant admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13.

In response to Paragraph 13 of Plaintiff's Complaint, Defendant admits that after it received notice of the subject loss it began its investigation and adjustment of the loss, which included retention of two third-party independent adjusters who inspected the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied Defendant.

14.

The Defendant admits it acted with due diligence in the investigation and adjudication of this claim in response to the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

In response to the allegations in Paragraph 17 of the Plaintiff's Complaint, Defendant admits that Plaintiff sent a letter dated December 1, 2022, requesting payment for damages Plaintiff alleged were caused to his property on March 12, 2022. Defendant denies the claimed damages were covered under the policy. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.

In response to Plaintiff's allegations in Paragraph 18 of Plaintiff's Complaint, the Defendant admits Plaintiff sent a letter to Defendant dated December 1, 2022 (Ex. C) to the Complaint and that letter speaks for itself. Responding further, Defendant denies that remainder of the allegations in Paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant admits the allegations in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations in Paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies Plaintiff suffered a loss covered under the Policy as claimed in this lawsuit.

COUNT 1: BREACH OF CONTRACT

23.

Defendant re-alleges and incorporates by reference its affirmative defenses and individual responses to Paragraphs 1 through 22 in response to Count I, Breach of Contract in Plaintiff's Complaint.

24.

Defendant admits the allegations contained in Paragraph 24 of the Plaintiff's Complaint but denies the loss claimed to be suffered by the Plaintiff is covered under the Policy.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

## COUNT II: BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6

32.

Defendant re-alleges and incorporates by reference its affirmative defenses and individual responses to Paragraphs 1 through 31 in response to Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint including subparts (1) through (8).

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Defendant denies Plaintiff is entitled to relief sought in Paragraph 40 of Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

41.

Defendant denies Plaintiff is entitled to a jury trial.

## PRAYER FOR RELIEF

42.

Defendant denies Plaintiff is entitled to relief sought in Paragraph 42 entitled WHEREFORE, including subparts a) through i) of the Plaintiff's Complaint.

43.

Any allegation not responded to above by Defendant is hereby denied.

WHEREFORE, Defendant pray that:

(a) Plaintiff's Complaint be dismissed;

(b) That Defendant has jury of 12 for the trial of this case; and

(c) Any further relief this Court deems proper.

Respectively submitted this 17th day of April, 2023.

**SWIFT CURRIE McGHEE & HIERS, LLP**

*/s/ Tracy A. Gilmore*
TRACY A. GILMORE
Georgia Bar No. 633193
MAREN R. CAVE
Georgia Bar No. 278448

*Attorneys for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
(404) 874-8800 (P)
Tracy.gilmore@swiftcurrie.com
Maren.cave@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** to the Clerk of Court using the court's electronic filing system which will automatically send electronic mail notification of such filing to counsel of record as follows:

Foster L. Peebles, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, Georgia 30075
fpeebles@lawhuggins.com
mdturner@lawhuggins.com

This 17th day of April, 2023

                                            **SWIFT CURRIE McGHEE & HIERS, LLP**

                                            BY:    */s/ Tracy A. Gilmore*
                                                           TRACY A. GILMORE
                                                           Georgia Bar No. 633193
                                                           MAREN CAVE
                                                           Georgia Bar No. 278448
                                                           *Attorneys for Defendant*

1420 Peachtree St NE
Suite 800
Atlanta, GA 30309
(404) 874-8800
tracy.gilmore@swiftcurrie.com
maren.cave@swiftcurrie.com

4865-0394-6846, v. 1

FILED 4/17/2023 12:37 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

# IN THE SUPERIOR COURT OF DEKALB COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| **CHULHAENG HUH,** *Plaintiff,* v. **LEMONADE INSURANCE COMPANY** *Defendant.* | Civil Action No.: 23CV3067 |

### DEFENDANT'S JURY DEMAND

COMES NOW Defendant **Lemonade Insurance Company,** ("Defendant"), by and through undersigned counsel, and hereby demands a trial by a jury of twelve (12) persons for all issues properly triable by a jury.

Respectfully submitted this 17th day of April, 2023.

        **SWIFT CURRIE McGHEE & HIERS, LLP**

        */s/ Tracy A. Gilmore*
        TRACY A. GILMORE
        Georgia Bar No. 633193
        MAREN R. CAVE
        Georgia Bar No. 278448

        *Attorneys for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
(404) 874-8800 (P)
Tracy.gilmore@swiftcurrie.com
Maren.cave@swiftcurrie.com

DI

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANT'S DEMAND FOR JURY TRIAL** to the Clerk of Court using the court's electronic filing system which will automatically send electronic mail notification of such filing to counsel of record as follows:

Foster L. Peebles, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, Georgia 30075
fpeebles@lawhuggins.com
mdturner@lawhuggins.com

This 17th day of April, 2023

**SWIFT CURRIE McGHEE & HIERS, LLP**

BY:   /s/ Tracy A. Gilmore
TRACY A. GILMORE
Georgia Bar No. 633193
MAREN CAVE
Georgia Bar No. 278448
*Attorneys for Defendant*

1420 Peachtree St NE
Suite 800
Atlanta, GA 30309
(404) 874-8800
tracy.gilmore@swiftcurrie.com
maren.cave@swiftcurrie.com

4882-6186-5053, v. 2