**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DESTINIE STEWART | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | CIVIL ACTION FILE |
| | * | NO. |
| KEVIN TATE and DONNIE | * | |
| WILSON TRUCKING, LLC, | * | |
| | * | |
| Defendants. | * | |

(IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA,
CIVIL ACTION FILE NO. 2021-CV-02654)

## NOTICE OF REMOVAL

COME NOW, KEVIN TATE ("TATE") and DONNIE WILSON

TRUCKING, LLC ("Wilson"), Defendants in the above-styled civil action, and,

through their undersigned counsel, petition for removal of a civil action from the

State Court of Clayton County to the United States District Court for the Northern

District of Georgia, Atlanta Division, and respectfully show the Court as follows:

1.

On November 24, 2021, Plaintiff filed a civil action in the State Court of

Clayton County, styled *Destinie Stewart v. Kevin Tate and Donnie Wilson*

*Trucking, LLC,* Civil Action File No. 2021-CV-02654. On December 31, 2021,

Plaintiff filed an Amended Complaint under the same style and Civil Action File No[1]. Attached hereto as Exhibit A are copies of the Complaint and Demand for Trial by Jury dated November 24, 2021, Amended Complaint for Trial by Jury dated December 31, 2021, Affidavit of Service to Donnie Wilson Trucking dated May 4, 2022, Stipulation Extending Time to Respond to Discovery dated May 17, 2022, Defendant Donnie Wilson Trucking LLC's Answer to Plaintiff's Complaint and Demand for Trial by Jury dated May 25, 2022, Notice of Leave of Absence of Jennifer E. Parrott dated May 25, 2022, Rule 5.2 Certificate of Service for Plaintiff's Responses to Donnie Wilson's First Interrogatories and Requests for Production of Documents dated May 25, 2022, Stipulation Extending Time to Respond to Discovery dated June 16, 2022, Rule 5.2 Certificate of Service of Defendant's Service of Discovery Materials dated June 27, 2022, Rule 5.2 Certificate of Service for Plaintiff's Offer of Settlement dated July 15, 2022, Rule 5.2 Certificate of Service for Plaintiff's Offer of Settlement dated July 19, 2022, Defendants' Rule 5.2 Certificate of Service for Non-Party Requests for Production dated August 1, 2022, Defendants' Rule 5.2 Certificate of Service for Non-Party Requests for Production dated August 3, 2022, Rule 5.2 Certificate of Service for Non-Party Requests for Production dated August 18, 2022, Notice of Filing Notice

---

[1] The initial Complaint erroneously listed the date of the incident as January 1, 2021, and the Amended Complaint was filed to correct the date of the incident.

of Removal dated August 18, 2022, Amended Notice of Leave of Absence of Jennifer E. Parrott dated October 17, 2022, Defendant's Rule 5.2 Certificate of Service of Discovery dated October 27, 2022, Rule 5.2 Certificate of Service of Discovery Materials dated November 14, 2022, Rule 5.2 Certificate of Service of Discovery Materials dated February 7, 2023. Rule 5.2 Certificate of Service of Discovery Materials dated February 24, 2023, Rule 5.2 Certificate of Discovery Materials dated March 14, 2023, Rule 5.2 Certificate of Service dated March 15, 2023. Rule 5.2 Certificate of Service (Plaintiff's Answers to Defendant's Second Continuing Interrogatories) dated March 17, 2023, Rule 5.2 Certificate of Service (Plaintiff's Second Supplemental Answers to Defendant's Continuing Interrogatories) dated March 17, 2023, Rule 5.2 Certificate of Service of Discovery Materials dated March 24, 2023, Consent Motion to Extend Discovery dated March 31, 2023, Proposed Order Granting Consent Motion to Extend Discovery dated March 31, 2023, and Order Granting Consent Motion to Extend Discovery dated April 11, 2023 which constitutes the entirety of the pleadings to date.

On August 18, 2022, Defendants removed the civil action from the State Court of Clayton County, styled *Destinie Stewart v. Kevin Tate and Donnie Wilson Trucking, LLC,* Civil Action File No. 2021-CV-02654, to the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Destinie*

*Stewart v. Kevin Tate and Donnie Wilson Trucking, LLC*, Civil Action File No. 1:22-cv-03324-SEG.  Attached hereto as Exhibit B are copies of the Notice of Removal with Exhibits and Civil Cover Sheet  (Doc 1, 1-16), Defendant Donnie Wilson Trucking LLC's Answer to Plaintiff's Complaint and Demand for Trial by Jury, Amended Complaint Against All Defendants (Doc 2), Amended Complaint Against All Parties (Doc 3), Defendant Donnie Wilson Trucking, LLC's Answer to Plaintiff's Amended Complaint and Demand for Trial by Jury (Doc 4), Defendant Donnie Wilson Trucking, LLC's Certificate of Interested Persons and Corporate Disclosure Statement (Doc 5), Notice of Leave of Absence (Doc 6), Standing Order Regarding Civil Litigation (Doc 7), Rule 5.4 Certificate of Discovery, (Doc 8), Summons issued to Kevin Tate (Doc 9), Summons issued to Kevin Tate (Doc 10), Defendant Donnie Wilson Trucking, LLC's Initial Disclosures (Doc 11), Joint Preliminary Report and Discovery Plan (Doc 12), Corporate Disclosure Statement (Doc 13), Certificate of Interested Parties (Doc 14), Certificate of Compliance (Doc 15), Plaintiff's Initial Disclosures (Doc 16), Certificate of Service (Doc 17), Rule 5.2 Certificate of Discovery (Doc 18), Order (Doc 19), Rule 5.2 Certificate of Discovery (Doc 20), Summons issued to Kevin Tate with Proof of Service (Doc 21), Defendant Kevin Tate's Answer to Plaintiff's Amended Complaint and Demand for Trial by Jury (Doc 22), Defendant Kevin Tate's Notice of Consent of

Removal (Doc 23), Defendant Donnie Wilson Trucking, LLC's Response to Judge Geraghty's Order to Show Cause (Doc 24), Order (Doc 25), Notice of Electronic Filing Case Electronically Remanded to the State Court of Cayton County,  GA, Notice of Electronic Filing Civil Case Terminated, and Letter to Clayton County State Court regarding Order remanding case back to state court (Doc 26).

Defendants are also filing a Notice of Filing of the Notice of Removal with the State Court of Clayton County as required by 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit C.

2.

This lawsuit arose out of a motor vehicle collision which occurred on or about January 12, 2021 in Clayton County, Georgia. The subject incident involved Plaintiff Destinie Stewart and Defendant Kevin Tate. Tate was driving a tractor-trailer owned by Defendant Donnie Wilson Trucking, LLC.

3.

Plaintiffs allege that Defendant Tate is liable for damages due to failure to make reasonable and proper observations while driving, failure to operate his vehicle within a single lane, failure to maintain lane, failure to observe or take necessary precautions while operating his vehicle, driving his vehicle without due caution and circumspection and in a manner so as to endanger the person or

property of others, driving his vehicle in reckless disregard, and committing other negligent and reckless acts and omissions as may be shown by evidence and proven at trial. (Plaintiff's Amended Complaint, ¶ 12). Plaintiff further alleges that Defendant Wilson is liable for the acts and omissions of Defendant Tate under the doctrine of *respondeat superior* and through negligent hiring, contracting with, and retaining Defendant Tate (Plaintiff's Amended Complaint, ¶¶ 17, 21). Plaintiff also further alleges that all Defendants' negligence proximately caused injuries to Plaintiff, which have caused her an "inability to lead a normal life." (Plaintiff's Amended Complaint, ¶¶ 14, 18).

4.

In her Amended Complaint, Plaintiff contends that the venue in the pending State Court action is proper against Defendants. (Plaintiff's Amended Complaint, ¶ 4, 6). Defendants recognize that Clayton County is located within the Northern District of Georgia, Atlanta Division. Therefore, pursuant to 28 U.S.C.A. § 1446(a), the Northern District of Georgia, Atlanta Division, is the correct Court for Defendants to file this Notice of Removal.

5.

Defendant Donnie Wilson Trucking, LLC is an interstate carrier which is organized under the laws of the State of Texas and having its principal place of business in the State of Texas.

6.

Additionally, for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant Wilson's sole member is a citizen of the State of Texas.

7.

Defendant Tate is a natural person who is a citizen of the State of Texas.

8.

Plaintiff states that she is a resident of the State of Georgia in her Amended Complaint. (Plaintiff's Amended Complaint, ¶ 1).

9.

Accordingly, there is complete diversity of citizenship between Plaintiff and Defendants. Thus, this action is one over which this Court has diversity jurisdiction in accordance with the foregoing authority and 28 U.S.C.A. § 1332.

10.

In the Amended Complaint filed on December 31, 2021, Plaintiff initially alleged special damages "in excess of $16,509.50" for past medical expenses. (Plaintiff's Amended Complaint, ¶¶ 14, 18). The Amended Complaint alleged general damages for pain and suffering without specifying a dollar amount, making the total damages alleged in the Amended Complaint $16,509.50.   (Plaintiffs' Complaint, ¶¶ 14, 18). On March 17, 2023, Plaintiff served Defendants with Plaintiff's Second Supplemental Answers to Defendant Wilson's First Continuing Interrogatories.  These discovery responses alleged that Plaintiff's medical special damages totaled $377,708.33.

11.

"If a case as stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an…other paper from which it is ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3).

12.

Accordingly, assuming Plaintiff will prevail on each of her claims set forth in her complaint, which Defendants specifically deny, the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000. In support of this

conclusion, the undersigned counsel has included an Affidavit of Counsel in Support of Removal, attached hereto as Exhibit D.

13.

Therefore, it is Defendant's position that amount of medical special damages alleged by Plaintiff places the amount in controversy over the $75,000 threshold for diversity jurisdiction.

14.

Accordingly, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) Plaintiff is a Georgia citizen; (b) Wilson is a citizen of Texas; (c) Tate is a citizen of Texas; and (d) the matter in controversy, exclusive of interest and costs, exceeds $75,000.

15.

By making this petition for removal, Defendants specifically state that they are not waiving any available defenses to Plaintiffs' claims. Additionally, Defendants specifically state that by making this petition for removal, Defendants are not admitting to any of the allegations made in Plaintiffs' Complaint.

16.

WHEREFORE, Defendants pray that this petition be filed, that said action be removed to and proceed in this Court, and that there be no further proceedings in said case in the State Court of Clayton County.

The undersigned has read this Notice of Removal, and to the best of their knowledge, information and belief, formed after reasonable inquiry, determined that it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted this 17th day of April, 2023.

**DREW ECKL & FARNHAM, LLP**

/s/ Paul E. Barnhill

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
parrottj@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

13444887v1
28765-233515

<u>**CERTIFICATE OF SERVICE AND COMPLIANCE**</u>
<u>**WITH LOCAL RULE 5.1(B)**</u>

I HEREBY CERTIFY that I have this day filed **NOTICE OF REMOVAL** with the Clerk of Court, using the CM/ECF system and served a copy of the foregoing upon all counsel of record via U.S. Mail, adequate postage prepaid, addressed as follows:

Michael D. Paul
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Unit 300
Alpharetta, GA 30009
mpaul@forthepeople.com

I further certify that the foregoing has been prepared with Times New Roman, 14 point, in compliance with L.R. 5.1(b).

This 17th day of April, 2023.

**DREW ECKL & FARNHAM, LLP**

*/s/ Paul E. Barnhill*

303 Peachtree Street, NE | Jennifer E. Parrott
Suite 3500 | Georgia Bar No. 080180
Atlanta, Georgia 30308 | Paul E. Barnhill
Tel: (404) 885-1400 | Georgia Bar No. 425240
Fax: (404) 876-0992 |
parrottj@deflaw.com | *Attorneys for Defendants*
barnhillp@deflaw.com

13444887v1
28765-233515

# EXHIBIT A

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DESTINIE STEWART,** | **CIVIL ACTION** |
| **Plaintiff,** | **FILE NO.:** 2021CV02654 |
| **vs.** | |
| **KEVIN TATE and DONNIE WILSON TRUCKING LLC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff DESTINIE STEWART and states her complaint against Defendant

KEVIN TATE and DONNIE WILSON TRUCKING LLC., as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff DESTINIE STEWART is a resident of the State of Georgia.

2.

Defendant KEVIN TATE is a citizen and resident of the State of Texas, whose last known

residence is 478 FM 2199 S, Marshall, Texas 75672. Defendant KEVIN TATE is subject to the

jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. §

9-10-91, and may be served by personal service of the Summons and Complaint at that address.

Service on Defendant KEVIN TATE may also be perfected through the Georgia Secretary of State

pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A § 40-12-2.

3.

Defendant KEVIN TATE is subject to jurisdiction of this court.

1

4.

Defendant KEVIN TATE has been properly served with process in this action.

5.

Defendant DONNIE WILSON TRUCKING LLC. is a for-profit, foreign corporation authorized to do business in the State of Georgia with its principal place of business located at 1400 McCoy Boulevard, New Boston, Texas 75570. Defendant DONNIE WILSON TRUCKING LLC. is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to its registered agent Nancy L. Selman at PO Box 561, 815 South McCoy Boulevard, New Boston, Texas 75570.

6.

Defendant DONNIE WILSON TRUCKING LLC. is subject to the jurisdiction of this court.

7.

Defendant DONNIE WILSON TRUCKING LLC. has been properly served with process in this action.

8.

Defendants KEVIN TATE and DONNIE WILSON TRUCKING LLC. are joint tortfeasors and as such, venue as to all Defendants is proper in Clayton County, Georgia pursuant to O.C.G.A § 40-12-3.

## COUNT I
## NEGLIGENCE OF DEFENDANT KEVIN TATE

9.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 8 above as if the same were restated herein verbatim.

10.

On January 1st, 2021, Plaintiff DESTINIE STEWART was driving her 2012 Ford Fusion in a prudent and careful manner, traveling northbound on I-75 in Clayton County, Georgia.

11.

At or about that same time, Defendant KEVIN TATE was driving a 2020 Peterbilt Motors Conventional 250 truck owned by Defendant DONNIE WILSON TRUCKING LLC. traveling northbound on I-75 when he negligently, recklessly, carelessly and unlawfully operated said vehicle so as to collide with the left side of the plaintiff's vehicle.

12.

At all relevant times, Defendant KEVIN TATE owed certain civil duties to Plaintiff DESTINIE STEWART, and, notwithstanding those duties, the Defendant did violate them in the following particulars:

 a. In failing to make reasonable and proper observations while driving the 2020 Peterbilt Motors Conventional 250 truck or, if reasonable and proper observations were made, failing to act thereon;

 b. In failing to operate the 2020 Peterbilt Motors Conventional 250 truck within a single lane in violation of O.C.G.A § 40-6-48;

 c. In failing to maintain lane and moving from such lane without ascertaining that such movement can be made with safety in violation of O.C.G.A § 40-6-48.

d.  In failing to observe or undertake the necessary precautions to keep the 2020 Peterbilt Motors Conventional 250 truck from colliding with the Plaintiff's vehicle in violation of O.C.G.A § 40-6-390;

e.  In driving his 2020 Peterbilt Motors Conventional 250 truck without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.  In driving the 2020 Peterbilt Motors Conventional 250 truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and,

g.  In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

13.

Defendant KEVIN TATE's violations of the aforementioned statutory duties of care constitute negligence and negligence *per se*.

14.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant KEVIN TATE, DESTINIE STEWART suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to her body and nervous system, personal inconvenience, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff DESTINIE STEWART has incurred in excess of $16,509.50 in past medical expenses, with future medical expenses to be determined.

## COUNT II

## NEGLIGENCE OF DEFENDANT DONNIE WILSON TRUCKING LLC.

### 15.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 14 above as if they were fully restated verbatim.

### 16.

At all relevant times, Defendant KEVIN TATE was an employee and agent of DONNIE WILSON TRUCKING LLC. Defendant KEVIN TATE was driving a 2020 Peterbilt Motors Conventional 250 truck within the course and scope of his employment with Defendant Titan at the time of the subject crash with Plaintiff.

### 17.

Defendant DONNIE WILSON TRUCKING LLC. is liable for the acts and omissions of Defendant KEVIN TATE as Defendant DONNE WILSON TRUCKING LLC.'s agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

### 18.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant DONNIE WILSON TRUCKING LLC., Plaintiff DESTINIE STEWART has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and inability to lead a normal life. As a result of the subject collision, Plaintiff DESTINIE STEWART has incurred in excess of $16,509.50 in past medical expenses, with future medical expenses to be determined.

## COUNT III

## NEGLIGENT HIRING AND RETENTION

19.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18 above as if they were fully restated verbatim.

20.

Defendant DONNIE WILSON TRUCKING LLC. had a duty not to hire drivers it knew or should have known posed a risk of harm to others.

21.

Defendant DONNIE WILSON TRUCKING LLC. breached that duty when it negligently hired, contracted with, and/or retained Defendant KEVIN TATE as a driver and failed the exercise ordinary care to determine his fitness for the task of driving a commercial motor vehicle.

22.

Plaintiff suffered extensive injuries, pain, and suffering as a direct and proximate result of Defendant DONNIE WILSON TRUCKING LLC.'s negligence

23.

Plaintiff is entitled to recover from Defendant DONNE WILSON TRUCKING LLC. for her past, present, and future medical expenses, and her past, present, and future pain and suffering in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendant as provided by law;

(c) That Plaintiff have and recover general damages from such Defendant, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of her injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendant, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendant;

(g) For such other and further relief as this Court deems just and appropriate.

This 24th day of November, 2021.

Respectfully submitted,

*/s/ Michael D. Paul*
MICHAEL D. PAUL
Georgia Bar No. 432599
*Attorney for Plaintiff*

**MORGAN & MORGAN ATLANTA PLLC**
178 S Main St., Unit 300
Alpharetta, GA 30009
Tel: (470) 386-6596
MPaul@forthepeople.com

2021CV02054    Filed 12/31/2021 9:55 AM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DESTINIE STEWART,**<br><br>      **Plaintiff,**<br>**vs.**<br><br>**KEVIN TATE and DONNIE WILSON TRUCKING LLC.,**<br><br>      **Defendant.** | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff DESTINIE STEWART and states her complaint against Defendant

KEVIN TATE and DONNIE WILSON TRUCKING LLC., as follows:

## PARTIES AND JURISDICTION

### 1.

Plaintiff DESTINIE STEWART is a resident of the State of Georgia.

### 2.

Defendant KEVIN TATE is a citizen and resident of the State of Texas, whose last known

residence is 478 FM 2199 S, Marshall, Texas 75672. Defendant KEVIN TATE is subject to the

jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. §

9-10-91, and may be served by personal service of the Summons and Complaint at that address.

Service on Defendant KEVIN TATE may also be perfected through  the Georgia Secretary of State

pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A § 40-12-2.

### 3.

Defendant KEVIN TATE is subject to jurisdiction of this court.

1

4.

Defendant KEVIN TATE has been properly served with process in this action.

5.

Defendant DONNIE WILSON TRUCKING LLC. is a for-profit, foreign corporation authorized to do business in the State of Georgia with its principal place of business located at 1400 McCoy Boulevard, New Boston, Texas 75570. Defendant DONNIE WILSON TRUCKING LLC. is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to its registered agent Nancy L. Selman at PO Box 561, 815 South McCoy Boulevard, New Boston, Texas 75570.

6.

Defendant DONNIE WILSON TRUCKING LLC. is subject to the jurisdiction of this court.

7.

Defendant DONNIE WILSON TRUCKING LLC. has been properly served with process in this action.

8.

Defendants KEVIN TATE and DONNIE WILSON TRUCKING LLC. are joint tortfeasors and as such, venue as to all Defendants is proper in Clayton County, Georgia pursuant to O.C.G.A § 40-12-3.

## COUNT I
## NEGLIGENCE OF DEFENDANT KEVIN TATE

9.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 8 above as if the same were restated herein verbatim.

10.

On January 12th, 2021, Plaintiff DESTINIE STEWART was driving her 2012 Ford Fusion in a prudent and careful manner, traveling northbound on I-75 in Clayton County, Georgia.

11.

At or about that same time, Defendant KEVIN TATE was driving a 2020 Peterbilt Motors Conventional 250 truck owned by Defendant DONNIE WILSON TRUCKING LLC. traveling northbound on I-75 when he negligently, recklessly, carelessly and unlawfully operated said vehicle so as to collide with the left side of the plaintiff's vehicle.

12.

At all relevant times, Defendant KEVIN TATE owed certain civil duties to Plaintiff DESTINIE STEWART, and, notwithstanding those duties, the Defendant did violate them in the following particulars:

a.      In failing to make reasonable and proper observations while driving the 2020 Peterbilt Motors Conventional 250 truck or, if reasonable and proper observations were made, failing to act thereon;

b.      In failing to operate the 2020 Peterbilt Motors Conventional 250 truck within a single lane in violation of O.C.G.A § 40-6-48;

c.      In failing to maintain lane and moving from such lane without ascertaining that such movement can be made with safety in violation of O.C.G.A § 40-6-48.

3

d.     In failing to observe or undertake the necessary precautions to keep the 2020 Peterbilt Motors Conventional 250 truck from colliding with the Plaintiff's vehicle in violation of O.C.G.A § 40-6-390;

e.     In driving his 2020 Peterbilt Motors Conventional 250 truck without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.     In driving the 2020 Peterbilt Motors Conventional 250 truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and,

g.     In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

13.

Defendant KEVIN TATE's violations of the aforementioned statutory duties of care constitute negligence and negligence *per se*.

14.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant KEVIN TATE, DESTINIE STEWART suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to her body and nervous system, personal inconvenience, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff DESTINIE STEWART has incurred in excess of $16,509.50 in past medical expenses, with future medical expenses to be determined.

## COUNT II

## NEGLIGENCE OF DEFENDANT DONNIE WILSON TRUCKING LLC.

15.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 14 above as if they were fully restated verbatim.

16.

At all relevant times, Defendant KEVIN TATE was an employee and agent of DONNIE WILSON TRUCKING LLC. Defendant KEVIN TATE was driving a 2020 Peterbilt Motors Conventional 250 truck within the course and scope of his employment with Defendant Titan at the time of the subject crash with Plaintiff.

17.

Defendant DONNIE WILSON TRUCKING LLC. is liable for the acts and omissions of Defendant KEVIN TATE as Defendant DONNE WILSON TRUCKING LLC.'s agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

18.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant DONNIE WILSON TRUCKING LLC., Plaintiff DESTINIE STEWART has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and inability to lead a normal life. As a result of the subject collision, Plaintiff DESTINIE STEWART has incurred in excess of $16,509.50 in past medical expenses, with future medical expenses to be determined.

## COUNT III

## NEGLIGENT HIRING AND RETENTION

### 19.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18 above as if they were fully restated verbatim.

### 20.

Defendant DONNIE WILSON TRUCKING LLC. had a duty not to hire drivers it knew or should have known posed a risk of harm to others.

### 21.

Defendant DONNIE WILSON TRUCKING LLC. breached that duty when it negligently hired, contracted with, and/or retained Defendant KEVIN TATE as a driver and failed the exercise ordinary care to determine his fitness for the task of driving a commercial motor vehicle.

### 22.

Plaintiff suffered extensive injuries, pain, and suffering as a direct and proximate result of Defendant DONNIE WILSON TRUCKING LLC.'s negligence

### 23.

Plaintiff is entitled to recover from Defendant DONNE WILSON TRUCKING LLC. for her past, present, and future medical expenses, and her past, present, and future pain and suffering in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendant as provided by law;

(c) That Plaintiff have and recover general damages from such Defendant, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of her injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendant, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendant;

(g) For such other and further relief as this Court deems just and appropriate.

This 31st day of December, 2021.

Respectfully submitted,

*/s/ Michael D. Paul*___
 MICHAEL D. PAUL
 Georgia Bar No. 432559
 *Attorney for Plaintiff*

**MORGAN & MORGAN ATLANTA PLLC**
178 S Main St., Unit 300
Alpharetta, GA 30009
Tel: (470) 386-6596
MPaul@forthepeople.com

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Hannah Lowery**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART,

       **Plaintiff,**

vs.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

       **Defendant.**

**CIVIL ACTION FILE**
**NO:  2021CV2654**

### AFFIDAVIT OF SERVICE

STATE OF TEXAS      )
                 )ss.
COUNTY OF _Bowie_ )

      Personally appeared before an authority duly authorized to administer oaths, the

undersigned, who, after being first duly sworn on oath, states as follows:

1.

      My name is _Karl Valentine_ and I am over the age of eighteen (18)

and am a process server in the State of Texas.

2.

      That on the _12th_ day of _March_, 2022, at approximately _2:10 PM_

o'clock in the fore/afternoon, I personally served **DONNIE WILSON TRUCKING, LLC,** by

and through its Registered Agent, **NANCY SELMAN**, with the following documents:

1. SUMMONS;

2. COMPLAINT AND JURY DEMAND;

3. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DONNIE WILSON TRUCKING LLC. ; and

4. PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DONNIE WILSON TRUCKING LLC.;

3.

The Registered Agent was served at 444 Robertson, New Boston, TX.

Further, Affiant sayeth not.

This 18th day of March , 2022.

Karl Valentine

Subscribed and sworn to before me, a Notary Public, this 18th day of March , 2022.

Vickie Cummings

Notary Public

Bowie County, Texas

My Comm. Expires: 09/16/2025

VICKIE CUMMINGS
Notary Public, State of Texas
Comm. Expires 09-16-2025
Notary ID 7381665

Affiance Security & Investigation Services, LLC
P. O. Box 6763
Texarkana, TX 75505



SHREVEPORT LA 710

22 MAR 2022 PM 1 L

Morgan & Morgan
178 S Main St.
Unit 300
Alpharetta, GA 30009





30009-795175

DFE — 1101843475

2021CV02654 e-Filed 5/17/2022 5:28 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DESTINIE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAFN:  2021CV02654 |
| | ) | |
| KEVIN TATE and DONNIE WILSON | ) | |
| TRUCKING LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>STIPULATION</u>

COMES NOW Plaintiff Destinie Stewart by and through her counsel of record, and hereby stipulates, consents and agrees that **Defendant Donnie Wilson Trucking LLC** shall have through and including **Monday, June 20, 2022** to serve responses to Plaintiff's discovery requests, which includes Plaintiff's First Request for Admissions to Defendant Donnie Wilson Trucking LLC and Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant Donnie Wilson Trucking LLC.

Dated this 17th day of May, 2022.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Michael D. Paul*
***(Signed with express consent by Jennifer E. Parrott)***
Michael D. Paul, Jr.
Georgia Bar No. 432599

*Attorney for Plaintiff*

178 S. Main Street, Suite 300
Alpharetta, GA  30049
Tel:  404-965-1675
Fax:  404-720-3802
mpaul@forthepeople.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing *Stipulation* on Plaintiff through her counsel of record by placing said copy in the United States Mail with sufficient postage affixed thereto, addressed to counsel of record at his last known address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

Dated this 17th day of May, 2022.

DREW ECKL FARNHAM, LLP

303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
barnhillp@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

12626096v1
07723-233515

2021CV02654
e-Filed 5/25/2022 6:33 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) JURY TRIAL DEMANDED |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT DONNIE WILSON TRUCKING LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Donnie Wilson Trucking LLC (hereinafter "Defendant" or "Defendant Donnie Wilson Trucking"), a named Defendant in the above-styled civil action and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages and Demand for Trial by Jury ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages were directly and proximately caused by the acts or omissions of persons or entities other than Defendants.

### THIRD DEFENSE

While denying Defendants were negligent, even if Defendants were negligent, such alleged negligence did not proximately cause Plaintiff's alleged injuries and damages.

2021CV02354

## FOURTH DEFENSE

While specifically denying any negligence on their part, if Defendants were negligent, the negligence of Plaintiff equaled or exceeded any negligence of Defendants.

## FIFTH DEFENSE

While specifically denying any negligence on their part, if Defendants were negligent, any damages awarded to Plaintiff should be reduced proportionally based upon the negligence of Plaintiff and the negligence of other unnamed responsible parties, if any, pursuant to O.C.G.A. § 51-12-33.

## SIXTH DEFENSE

Any acts or omissions by Defendants were unintentional and in the exercise of ordinary care.

## SEVENTH DEFENSE

Pending further investigation and discovery, this Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

## EIGHTH DEFENSE

This Defendant responds to the specific allegations contained in Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Upon information and belief, this Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint concerning Defendant Kevin Tate's last known address. This Defendant denies the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

This Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

This Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

This Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

This Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

## COUNT I

## NEGLIGENCE OF DEFENDANT KEVIN TATE

9.

In response to paragraph 9 of Plaintiff's Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 8 of Plaintiff's Complaint.  Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint

11.

Upon information and belief, this Defendant admits that Defendant Kevin Tate, while operating a 2020 Peterbilt owned by Defendant Donnie Wilson Trucking, was involved in a motor vehicle accident on I-75 in Clayton County, Georgia on January 12, 2021. This Defendant denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

This Defendant admits that State and Federal law impose certain duties upon drivers but denies that such are completely or accurately stated in paragraph 12 of Plaintiff's Complaint. This Defendant denies the remaining allegations contained in paragraph 12, including subparagraphs a., b., c., d., e., f., and g., of Plaintiff's Complaint.

13.

This Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

This Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

## COUNT II

## NEGLIGENCE OF DEFENDANT DONNIE WILSON TRUCKING LLC

### 15.

In response to paragraph 15 of Plaintiff's Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 14 of Plaintiff's Complaint.   Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

### 16.

This Defendant admits that Defendant Kevin Tate was an employee of Defendant Donnie Wilson Trucking.  This Defendant denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

### 17.

This Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

### 18.

This Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

## COUNT III

## NEGLIGENT HIRING AND RETENTION

### 19.

In response to paragraph 19 of Plaintiff's Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 18 of Plaintiff's Complaint.   Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

This Defendant admits that Federal law imposes certain duties but denies that such are completely or accurately stated in paragraph 20 of Plaintiff's Complaint. This Defendant denies the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

24.

In response to Plaintiff's Prayer for Relief following paragraph 23 of Plaintiff's Complaint, the allegations of said paragraph, including subparagraphs (a), (b), (c), (d), (e), (f) and (g) are denied, and Defendant specifically denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief requested.

25.

This Defendant denies each and every allegation contained in Plaintiff's Complaint which is not herein expressly or specifically admitted and denies any liability to Plaintiff.

26.

This Defendant demands a trial by a jury of twelve as to all issues presented in Plaintiff's Complaint.

WHEREFORE, having fully responded to Plaintiff's Complaint, this Defendant respectfully requests that said Complaint be dismissed, that judgment be issued for Defendant, and that Defendant be discharged without cost.

Respectfully submitted, this 25th day of May, 2022.

DREW ECKL FARNHAM, LLP

/s/ Jennifer E. Parrott

303 Peachtree Street NE
Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
fischerk@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Katelyn Fischer
Georgia Bar No. 491302

*Attorneys for Defendants*

12626160v1
07723-233515

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
|     Defendants. | ) |

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing

***Defendant Donnie Wilson Trucking LLC's Answer to Plaintiff's Complaint and Demand for***

***Trial by Jury*** on Plaintiff through her counsel of record by placing said copy in the United States

Mail with sufficient postage affixed thereto, addressed to counsel at his last known address as

follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

Dated this 25th day of May, 2022.

**DREW ECKL FARNHAM, LLP**

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Katelyn Fischer
Georgia Bar No. 491302

*Attorneys for Defendants*

303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
fischerk@deflaw.com

12626160v1
07723-233515

2021CV02654  e-Filed 5/25/2022 6:33 PM

*Tiki Brown*
**Tiki Brown
Clerk of State Court
Clayton County, Georgia
Hannah Lowery**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

### <u>NOTICE OF LEAVE OF ABSENCE OF JENNIFER E. PARROTT</u>

COMES NOW, Jennifer E. Parrott and respectfully notifies all judges before whom she has cases pending, all affected clerks of court, and all opposing counsel that she will be on leave pursuant to Georgia Uniform Court Rule 16.

1.     The periods of leave during which time applicant will be away from the practice of law are:

July 1 – 5, 2022

September 1 – 6, 2022

November 18 – 28, 2022

December 26, 2022 – January 8, 2023

The purpose of the leave is for attending to child health-related appointments/care, family vacation, professional conferences, and speaking engagements.

2.     All affected judges and opposing counsel shall have ten days from the date of this notice to object to it.  If no objections are filed, the leave shall be granted.

Respectfully submitted, this 25th day of May, 2022.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax: 404-876-0992
parrottj@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180

*Attorney for Defendants*

12626120v1
07723-233515

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
|     Defendants. | ) |

**<u>CERTIFICATE OF SERVICE</u>**

       I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing

***Notice of Leave of Absence of Jennifer E. Parrott*** on Plaintiff through her counsel of record by

placing said copy in the United States Mail with sufficient postage affixed thereto, addressed to

said counsel at his last known address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

      Dated this 25th day of May, 2022.

                         **DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE, Suite 3500       <u>*/s/ Jennifer E. Parrott*</u>
Atlanta, GA  30308                        Jennifer E. Parrott
Tel: 404-885-1400                        Georgia Bar No. 080180
Fax: 404-876-0992                       *Attorney for Defendants*
parrottj@deflaw.com

Page 3 of 3

2021CV02654
e-Filed 5/25/2022 6:33 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAFN:  2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
|     Defendants. | ) |

### **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

    I HEREBY CERTIFY that on this day, I have served true and correct copies of the following:

1. *Defendant Donnie Wilson Trucking LLC's First Continuing Interrogatories to Plaintiff Destinie Stewart;* and

2. *Defendant Donnie Wilson Trucking LLC's First Continuing Requests for Production of Documents to Plaintiff Destinie Stewart*

on Plaintiff through her counsel of record by placing said copies in the United States Mail with sufficient postage affixed thereto, addressed to said counsel at his last known address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

Dated, this 25th of May, 2022.

                                   **DREW ECKL & FARNHAM, LLP**

                                   */s/ Jennifer A. Parrott*
303 Peachtree Street, NE           Jennifer E. Parrott
Suite 3500                         Georgia Bar No. 080180
Atlanta, Georgia 30308             Katelyn Fischer
Tel: 404-885-1400                  Georgia Bar No. 491302
Fax: 404-876-0992
parrottj@deflaw.com                *Attorneys for Defendants*
fischerk@deflaw.com

2021CV02654

e-Filed 6/16/2022 6:41 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Janice Miller**

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART,                          )
                                           )
      Plaintiff,                    )
                                           )
v.                                         ) CAFN:  2021CV02654
                                           )
KEVIN TATE and DONNIE WILSON               )
TRUCKING LLC.,                             )
                                           )
      Defendants.                   )

## <u>STIPULATION</u>

COMES NOW Plaintiff Destinie Stewart by and through her counsel of record, and hereby stipulates, consents and agrees that **Defendant Donnie Wilson Trucking LLC** shall have through and including **Tuesday, July 5, 2022** to serve responses to Plaintiff's discovery requests, which includes Plaintiff's First Request for Admissions to Defendant Donnie Wilson Trucking LLC and Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant Donnie Wilson Trucking LLC.

Dated this 16th day of June, 2022.

                                    **MORGAN & MORGAN ATLANTA, PLLC**

                                    */s/ Michael D. Paul*
                                    ***(Signed with express consent by Katelyn E. Fischer)***
                                    Michael D. Paul, Jr.
                                    Georgia Bar No. 432599

178 S. Main Street, Suite 300            *Attorney for Plaintiff*
Alpharetta, GA  30049
Tel:  404-965-1675
Fax:  404-720-3802
mpaul@forthepeople.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing

***Stipulation*** on Plaintiff through her counsel of record by placing said copy in the United States

Mail with sufficient postage affixed thereto, addressed to counsel of record at his last known

address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

Dated this 16th day of June, 2022.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
fischerk@deflaw.com

*/s/ Katelyn E. Fischer*
Jennifer E. Parrott
Georgia Bar No. 080180
Katelyn E. Fischer
Georgia Bar No. 491302

*Attorneys for Defendants*

12715250v1
07723-233515

-2-

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

DESTINIE STEWART,

        **Plaintiff,**

vs.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

        **Defendant.**

CIVIL ACTION FILE
NO: 2021CV2654

---

### RULE 5.2 CERTIFICATE OF SERVICE

    This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon counsel for all parties in the foregoing matter by email with a copy of the following:

1. **PLAINTIFF'S ANSWERS TO DEFENDANT, DONNIE WILSON TRUCKING, LLC'S FIRST INTERROGATORIES; AND**

2. **PLAINTIFF'S RESPONSE TO DEFENDANT, DONNIE WILSON TRUCKING, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.**

as follows:

Jennifer E. Parrott
Parrottj@deflaw.com
Katelyn Fischer
fischerk@deflaw.com
**DREW, ECKL & FARNHAM, LLP**
303 Peachtree Street NE, Suite 3500
Atlanta, GA  30307
*Attorneys for Defendant, Donnie Wilson Trucking, LLC*

This  27th day of June, 2022.

_Michael Paul_

MICHAEL D. PAUL
Georgia Bar No.:  432559
Attorney for Plaintiff

**MORGAN & MORGAN ATLANTA, PLLC**
178 South Main Street, Unit #300
Alpharetta, GA  30009
mpaul@forthepeople.com
((4700)386-6595

2021CV02654   e-Filed 7/15/2022 2:04 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Dalaya Whyte-Gustave**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

DESTINIE STEWART,

      Plaintiff,

      v.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

      Defendant.

CIVIL ACTION FILE NO.:
2021CV02654

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record in the foregoing matter with the attached PLAINTIFF DESTINIE STEWART'S OFFER OF SETTLEMENT PURSUANT TO O.C.G.A. § 9-11-68 by placing a true and correct copy in the United States Mail, certified, in an envelope with sufficient postage to ensure delivery affixed thereon addressed as follows:

Attention: Jennifer E. Parrott
Drew Eckl Farnham, LLP
303 Peachtree Street N.E.
Suite 3500
Atlanta, GA  30308
Certified Mail: 7020 3160 0000 1116 4093

This 15th day of July, 2022.

*Michael Paul*

MORGAN & MORGAN ATLANTA, LLC
Post Office Box 57007
Atlanta, GA 30343-1007
(470) 386-6596
(470) 639-6935 facsimile
mpaul@forthepeople.com

Michael D. Paul, Jr.
Georgia Bar No. 432559
*Attorney for Plaintiff*

1

2021CV02654

e-Filed 7/19/2022 2:05 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

DESTINIE STEWART,

Plaintiff,

v.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

Defendant.

CIVIL ACTION FILE NO.:
2021CV02654

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served counsel of record in the foregoing matter with

the attached PLAINTIFF DESTINIE STEWART'S OFFER OF SETTLEMENT PURSUANT TO

O.C.G.A. § 9-11-68 by placing a true and correct copy in the United States Mail, certified, in an

envelope with sufficient postage to ensure delivery affixed thereon addressed as follows:

Attention: Jennifer E. Parrott
Drew Eckl Farnham, LLP
303 Peachtree Street N.E.
Suite 3500
Atlanta, GA  30308
Certified Mail: 7020 3160 0000 1116 4079

This 19th day of July, 2022.

MORGAN & MORGAN ATLANTA, LLC
Post Office Box 57007
Atlanta, GA 30343-1007
(470) 386-6596
(470) 639-6935 facsimile
mpaul@forthepeople.com

*Michael Paul*

Michael D. Paul, Jr.
Georgia Bar No. 432559
*Attorney for Plaintiff*

1

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' RULE 5.2 CERTIFICATE

Defendants, **KEVIN TATE and DONNIE WILSON TRUCKING LLC.**, by and through the undersigned counsel, files this Certificate pursuant to Uniform Court Rule 5.2 and shows that on **August 1, 2022**, opposing counsel was duly served with a copy of the following:

1. *Defendants' Request for Production of Healthcare Information to Non-Party Jeffrey Dowis, M.D.;*
2. *Defendants' Request for Production of Healthcare Information to Non-Party Dr. Christiana Muntzel;*
3. *Defendants' Request for Production of Healthcare Information to Non-Party Atlanta Spine Center;*
4. *Defendants' Request for Production of Healthcare Information to Non-Party Southern Regional Medical Center;*
5. *Defendants' Request for Production of Healthcare Information to Non-Party Lifecycle OBGYN;*
6. *Defendants' Request for Production of Healthcare Information to Non-Party United Neurology LLC;*
7. *Defendants' Request for Production of Healthcare Information to Non-Party Walgreens Pharmacy;*
8. *Defendants' Request for Production of Healthcare Information to Non-Party Walgreens Pharmacy;*
9. *Defendants' Request for Production of Healthcare Information to Non-Party Neuropsych Centers of Georgia;*

10. **_Defendants' Request for Production of Healthcare Information to Non-Party Trinity Spine Center; and_**

11. **_Defendants' Request for Production of Healthcare Information to Non-Party Regional Medical Group_**.

Said documents were sent via regular U.S. Mail to the following attorney of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049

Respectfully submitted this 1st day of August, 2022.

**DREW, ECKL & FARNHAM, LLP**

303 Peachtree Street, NE, Suite 3500
Atlanta, GA  30308
(404) 885-1400
Parrottj@deflaw.com
Barnhillp@deflaw.com

/s/ Jennifer E. Parrott
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240
Attorneys for Defendants

2

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

DESTINIE STEWART,                          )
                                           )
      Plaintiff,                       )
                                           )
v.                                         ) CAFN:  2021CV02654
                                           )
KEVIN TATE and DONNIE WILSON               )
TRUCKING LLC.,                             )
                                           )
      Defendants.                      )

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing Rule 5.2 Certificate was served via electronic

mail on the following counsel of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049

This 1st day of August, 2022.

                         **DREW, ECKL & FARNHAM, LLP**

                         <u>/s/ Jennifer E. Parrott</u>
                         Jennifer E. Parrott
303 Peachtree Street, NE, Suite 3500    Georgia Bar No. 080180
Atlanta, GA  30308                  *Attorney for Defendants*
(404) 885-1400
Email: Parrottj@deflaw.com

**2021CV02654**

E-Filed 8/3/2022 11:19 AM

*Tiki Brown*

**Tiki Brown
Clerk of State Court
Clayton County, Georgia
Janice Miller**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' RULE 5.2 CERTIFICATE

Defendants, **KEVIN TATE and DONNIE WILSON TRUCKING LLC.**, by and through the undersigned counsel, files this Certificate pursuant to Uniform Court Rule 5.2 and shows that on **August 3, 2022**, opposing counsel was duly served with a copy of the following:

1. *Defendants' Request for Production of Documents to Non-Party Skillz Clothing Store;*

2. *Defendants' Request for Production of Documents to Non-Party Jencare Senior Medical Care;*

3. *Defendants' Request for Production of Documents to Non-Party L.A. Fitness;*

4. *Defendants' Request for Production of Documents to Non-Party American Health Imaging;*

5. *Defendants' Request for Production of Documents to Non-Party VXI Global Solutions;*

6. *Defendants' Request for Production of Documents to Non-Party JC Penney;*

7. *Defendants' Request for Production of Documents to Non-Party Digestive Healthcare of Georgia;*

8. *Defendants' Request for Production of Documents to Non-Party Humana Health Insurance; and*

9. *Defendants' Request for Production of Documents to Non-Leslie Ann Shepard, APNP*.

Said documents were sent via regular U.S. Mail to the following attorney of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049

Respectfully submitted this 3rd day of August, 2022.

**DREW, ECKL & FARNHAM, LLP**

303 Peachtree Street, NE, Suite 3500     /s/ Jennifer E. Parrott
Atlanta, GA  30308                       Jennifer E. Parrott
(404) 885-1400                           Georgia Bar No. 080180
Parrottj@deflaw.com                      Paul E. Barnhill
Barnhillp@deflaw.com                     Georgia Bar No. 425240
                                         Attorneys for Defendants

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
|     Defendants. | ) |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing Rule 5.2 Certificate was served via electronic mail on the following counsel of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049

This 3rd day of August, 2022.

**DREW, ECKL & FARNHAM, LLP**

<u>/s/ Jennifer E. Parrott</u>
Jennifer E. Parrott
303 Peachtree Street, NE, Suite 3500     Georgia Bar No. 080180
Atlanta, GA  30308     *Attorney for Defendants*
(404) 885-1400
Email: Parrottj@deflaw.com

3

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

GERALD SHELTON,                          )
                                         )
        Plaintiff,                       )
                                         )
                                         )          Civil Action
v.                                       )          File No. 22A01716
                                         )
                                         )          JURY TRIAL DEMANDED
TAI'YANAI CH'NAE KIERCE, and             )
ANTHEM PEST CONTROL, LLC                 )
                                         )
        Defendants.                      )
_____

## RULE 5.2 CERTIFICATE OF SERVICE

        Pursuant to Rule 5.2 of Georgia Uniform Superior Court Rules, this is to certify that I have this date served upon all parties, *Plaintiff Gerald Shelton's Response to Defendant Anthem Pest Control, LLC's First Interrogatories to Plaintiff Gerald Shelton*, and *Plaintiff Gerald Shelton's Response to Defendant Anthem Pest Control, LLC's First Request for Production of Documents to Plaintiff Gerald Shelton*, by sending a true and correct copy of same via electronic mail or USPS mail, addressed as follows:

Jennifer E. Parrott
Drew Eckl Farnham, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
parrottj@deflaw.com
*Attorney for Defendant Anthem Pest
Control, LLC*

        This 18th day of August, 2022.

                                         */s/ Candace Malone_____*
                                         CANDACE MALONE, ESQ.
                                         (Georgia Bar No. 260482)
                                         *Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30303
Tel: (404) 965-1964
Fax: (404) 496-7360
Cmalone@forthepeople.com

1

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

GERALD SHELTON,                )
                              )
        Plaintiff,            )
                              )
                              )        Civil Action
v.                            )        File No. 22A01716
                              )
                              )        JURY TRIAL DEMANDED
TAI'YANAI CH'NAE KIERCE, and  )
ANTHEM PEST CONTROL, LLC      )
                              )
        Defendants.           )
_____

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel to this action with a copy of the foregoing ***Rule 5.2 Certificate of Service,*** via USPS First Class Mail and/or electronic mail as follows:

Jennifer E. Parrott
Drew Eckl Farnham, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
parrottj@deflaw.com
*Attorney for Defendant Anthem Pest
Control, LLC*

This 18th day of August, 2022.

*/s/ Candace Malone*_____
CANDACE MALONE, ESQ.
(Georgia Bar No. 260482)
*Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30303
Tel: (404) 965-1964
Fax: (404) 496-7360
Cmalone@forthepeople.com

2

2021CV02654    e-Filed 8/18/2022 2:10 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Janice Miller**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE | ) |
| WILSON TRUCKING, LLC | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Clerk, State Court of Clayton County, Georgia.

COMES NOW, Donnie Wilson Trucking, LLC ("Wilson"), named Defendant in the above-styled action, through counsel, without submitting to this Court's jurisdiction and venue, and provide the following notice to the Court:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as Exhibit 1. Pursuant to 28 U.S.C. §1446(d), this Court is precluded from taking any further action with respect to this case unless and until same is remanded to it by order of the United States District Court for the Northern District of Georgia.

*[Signatures are on the following page.]*

Respectfully submitted, this 18th day of August, 2022.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE
Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
barnhillp@deflaw.com

*/s/ Paul E. Barnhill*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

12731872v1
07723-232733

**IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| DESTINIE STEWART | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE | ) |
| WILSON TRUCKING, LLC | ) |
| | ) |
|      Defendants. | ) |

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing

***Notice of Filing of Notice of Removal*** on Plaintiffs' counsel of record by placing said copy in the

United States Mail with sufficient postage affixed thereto, addressed to counsel's last known

address as follows:

Michael D. Paul, Jr., Esq.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
(470) 386-9596
mpaul@forthepeople.com

Respectfully submitted, this 18th day of August, 2022.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE
Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax: 404-876-0992
parrottj@deflaw.com
barnhillp@deflaw.com

<u>*/s/ Paul E. Barnhill*</u>
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendant*

EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DESTINIE STEWART | * | |
| | * | |
|    Plaintiff, | * | |
| | * | |
| V. | * | CIVIL ACTION FILE |
| | * | NO. |
| KEVIN TATE and DONNIE | * | |
| WILSON TRUCKING, LLC, | * | |
| | * | |
|   Defendants. | * | |

(IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA,
CIVIL ACTION FILE NO. 2021-CV-02654)

**<u>NOTICE OF REMOVAL</u>**

COMES NOW, DONNIE WILSON TRUCKING, LLC ("Wilson"),

Defendant in the above-styled civil action, and, through its undersigned counsel,

petitions for removal of a civil action from the State Court of Clayton County to

the United States District Court for the Northern District of Georgia, Atlanta

Division, and respectfully show the Court as follows:

1.

On November 24, 2021, Plaintiff filed a civil action in the State Court of

Clayton County, styled *Destinie Stewart v. Kevin Tate and Donnie Wilson*

*Trucking, LLC,* Civil Action File No. 2021-CV-02654. On December 31, 2021,

Plaintiff filed an Amended Complaint under the same style and Civil Action File No[1]. Attached hereto as Exhibit A are copies of the Complaint and Demand for Trial by Jury, Amended Complaint for Trial by Jury, Filed Affidavit of Service to Donnie Wilson Trucking, Filed Stipulation Extending Time to Answer, Filed Stipulation Extending Time to Respond to Discovery, Filed Rule 5.2 Certificate of Service for Plaintiff's Responses to Donnie Wilson's First Interrogatories and Requests for Production of Documents, Filed Rule 5.2 Certificate of Service of Defendant's Service of Discovery Materials, Filed Notice of Leave of Absence of Jennifer E. Parrott, Donnie Wilson Trucking LLC's Filed Answer to Plaintiff's Complaint, Filed Rule 5.2 Certificate of Service for Plaintiff's July 15, 2022 Offer of Settlement, Filed Rule 5.2 Certificate of Service for Plaintiff's July 19, 2022 Offer of Settlement, Defendants' August 1, 2022 Rule 5.2 Certificate of Service for Non-Party Requests for Production, and Defendants' August 3, 2022 Rule 5.2 Certificate of Service for Non-Party Requests for Production, which constitutes the entirety of the pleadings to date. Defendants are also filing a Notice of Filing of the Notice of Removal with the State Court of Clayton County as required by 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

---

[1] The initial Complaint erroneously listed the date of the incident as January 1, 2021, and the Amended Complaint was filed to correct the date of the incident.

2.

This lawsuit arose out of a motor vehicle collision which occurred on or about January 12, 2021 in Clayton County, Georgia. The subject incident involved Plaintiff Destinie Stewart and Defendant Kevin Tate. Tate was driving a tractor-trailer owned by Defendant Donnie Wilson Trucking, LLC.

3.

Plaintiffs allege that Defendant Tate is liable for damages due to failure to make reasonable and proper observations while driving, failure to operate his vehicle within a single lane, failure to maintain lane, failure to observe or take necessary precautions while operating his vehicle, driving his vehicle without due caution and circumspection and in a manner so as to endanger the person or property of others, driving his vehicle in reckless disregard, and committing other negligent and reckless acts and omissions as may be shown by evidence and proven at trial. (Plaintiff's Amended Complaint, ¶ 12). Plaintiff further alleges that Defendant Wilson is liable for the acts and omissions of Defendant Tate under the doctrine of *respondeat superior* and through negligent hiring, contracting with, and retaining Defendant Tate (Plaintiff's Amended Complaint, ¶¶ 17, 21). Plaintiff also further alleges that all Defendants' negligence proximately caused injuries to

Plaintiff, which have caused her an "inability to lead a normal life." (Plaintiff's Amended Complaint, ¶¶ 14, 18).

4.

In her Amended Complaint, Plaintiff contends that the venue in the pending State Court action is proper against Defendants. (Plaintiff's Amended Complaint, ¶ 4, 6). Defendants recognize that Clayton County is located within the Northern District of Georgia, Atlanta Division. Therefore, pursuant to 28 U.S.C.A. § 1446(a), the Northern District of Georgia, Atlanta Division, is the correct Court for Defendants to file this Notice of Removal.

5.

Defendant Donnie Wilson Trucking, LLC is an interstate carrier which is organized under the laws of the State of Texas and having its principal place of business in the State of Texas.

6.

Additionally, for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant Wilson's members are not citizens of Georgia.

7.

Defendant Tate is a natural person whose last known residence was in the State of Texas.

8.

Plaintiff states that she is a resident of the State of Georgia in her Amended Complaint. (Plaintiff's Amended Complaint, ¶ 1).

9.

Accordingly, there is complete diversity of citizenship between Plaintiff and Defendants. Thus, this action is one over which this Court has diversity jurisdiction in accordance with the foregoing authority and 28 U.S.C.A. § 1332.

10.

In the Amended Complaint filed on December 31, 2021, Plaintiff initially alleged special damages "in excess of $16,509.50" for past medical expenses. (Plaintiff's Amended Complaint, ¶¶ 14, 18). The Amended Complaint alleged general damages for pain and suffering without specifying a dollar amount, making the total damages alleged in the Amended Complaint $16,509.50.   (Plaintiffs' Complaint, ¶¶ 14, 18). On July 15, 2022, Plaintiff's counsel issued a demand letter offering to settle Plaintiff's claims for $1,000,000, which Plaintiff rescinded on July 17, 2022.  On July 19, 2022, Plaintiff's counsel issued a revised demand letter

pursuant to O.C.G.A §9-11-68 offering to settle Plaintiffs' claims for $1,000,000.00.

11.

"If a case as stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an…other paper from which it is ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3). *See also Maisonneuve v. Quiktrip Corp.*, No. 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015) ("As a general matter, a settlement offer may constitute other paper from which it may first be ascertained that the case is one which is or has become removable.").

12.

Accordingly, assuming Plaintiffs will prevail on each of their claims set forth in their complaint, which Defendants specifically deny, the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000. In support of this conclusion, the undersigned counsel has included an Affidavit of Counsel in Support of Removal, attached hereto as Exhibit C.

13.

If a plaintiff makes an offer of settlement pursuant to O.C.G.A. § 9-11-68 and an award to the plaintiff is greater than 125% of the initial demand, the plaintiff is entitled to reasonable attorney's fees and expenses of litigation incurred from the time of the rejection of the offer. O.C.G.A. § 9-11-68(b)(2). Additionally, if costs and fees are awarded pursuant to this code section, a court may disallow said fees if the offer is determined to have been made in bad faith. O.C.G.A. § 9-11-68 (d)(2). For these reasons, plaintiffs who make an offer of settlement pursuant to this code section have a significant motivation to ensure that the demand made is a reasonable one. Therefore, it is Defendant's position that the $1,000,000 offer made by Plaintiff makes the amount in controversy over the $75,000 threshold for diversity jurisdiction.

14.

Moreover, when a demand outlines that, in addition to past medical expenses, the plaintiff has continued to suffer from injuries allegedly caused by the incident despite undergoing conservative treatment and that the plaintiff's physician has recommended future surgery to treat such injuries, it is reasonable to assume that the surgery may be the next step in the plaintiff's desire to treat his/her alleged injuries. *See Farley*, 2013 WL 1748608, at *3 (plaintiff's allegation that

her injuries were severe despite her conservative treatment and the recommendation from her physician that she undergo surgery were sufficient to reasonably assume that the amount in controversy would include the future surgery charges).

### 15.

In the case at hand, in addition to the special damages and general damages alleged and tabulated in her Amended Complaint, Plaintiff also alleged that she has future medical expenses that have not yet been calculated. (Plaintiff's Amended Complaint, ¶¶ 14, 18, and 23).  Thus, in conjunction with the calculated special damages, allegation of general damages, undetermined future medical expenses, and July 19, 2022 offer of settlement of $1,000,000, the controversy in this case exceeds the $75,000 required for removal.

### 16.

Accordingly, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) Plaintiff is a Georgia citizen; (b) Wilson is a citizen of Texas; (c) based upon the information available to undersigned counsel, Tate (who has not yet been served) is a citizen of Texas; (d) the matter in controversy, exclusive of interest and costs, exceeds $75,000.

17.

By making this petition for removal, Defendants specifically state that they are not waiving any available defenses to Plaintiffs' claims. Additionally, Defendants specifically state that by making this petition for removal, Defendants are not admitting to any of the allegations made in Plaintiffs' Complaint.

18.

WHEREFORE, Defendants pray that this petition be filed, that said action be removed to and proceed in this Court, and that there be no further proceedings in said case in the State Court of Clayton County.

The undersigned has read this Notice of Removal, and to the best of their knowledge, information and belief, formed after reasonable inquiry, determined that it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted this 18ᵗʰ day of August, 2022.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

*/s/ Paul E. Barnhill*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

12860932v1
28765-233515

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE<br>WITH LOCAL RULE 5.1(B)</u>

I HEREBY CERTIFY, that I have this day filed **NOTICE OF REMOVAL** with the Clerk of Court, using the CM/ECF system and served a copy of the foregoing upon all counsel of record via U.S. Mail, adequate postage prepaid, addressed as follows:

Michael D. Paul<br>
Morgan & Morgan Atlanta, PLLC<br>
178 S. Main Street, Suite 300<br>
Alpharetta, GA 30049<br>
(470) 386-6596<br>
mpaul@forthepeople.com

I further certify that the foregoing has been prepared with Times New Roman, 14 point, in compliance with L.R. 5.1(b).

This 18th day of August, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/ Paul E. Barnhill*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

12860932v1
28765-233515

2021CV02654

Filed 10/17/2022 2:32 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Hannah Lowery**

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

### <u>AMENDED NOTICE OF LEAVE OF ABSENCE OF JENNIFER E. PARROTT</u>

COMES NOW, Jennifer E. Parrott and respectfully notifies all judges before whom she has cases pending, all affected clerks of court, and all opposing counsel that she will be on leave pursuant to Georgia Uniform Court Rule 16.

1.       The periods of leave during which time applicant will be away from the practice of law are:

November 18-28, 2022 (*included on LOA filed previously*)

December 23, 2022 – January 7, 2023 (*included on LOA filed previously*)

February 17-27, 2023

March 31 – April 10, 2023

September 22 – October 4, 2023

November 17-27, 2023

December 22, 2023 – January 6, 2024

The purpose of the leave is for attending to child health-related appointments/care, family vacation, professional conferences, and speaking engagements.

2.      All affected judges and opposing counsel shall have ten days from the date of this

notice to object to it.  If no objections are filed, the leave shall be granted.

Respectfully submitted, this 17th day of October, 2022.

**DREW ECKL FARNHAM, LLP**

_/s/ Jennifer E. Parrott_

303 Peachtree Street NE, Suite 3500          Jennifer E. Parrott
Atlanta, GA  30308                           Georgia Bar No. 080180
Tel: 404-885-1400
Fax: 404-876-0992                            _Attorney for Defendants_
parrottj@deflaw.com

12626120v1
07723-233515

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing

***Amended Notice of Leave of Absence of Jennifer E. Parrott*** on Plaintiff through her counsel of

record by placing said copy in the United States Mail with sufficient postage affixed thereto,

addressed to said counsel at his last known address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

Dated this 17th day of October, 2022.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax: 404-876-0992
parrottj@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
*Attorney for Defendants*

2021CV02654   Filed 10/27/2022 4:57 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' RULE 5.2 CERTIFICATE

Defendants, **KEVIN TATE and DONNIE WILSON TRUCKING LLC.**, by and through the undersigned counsel, files this Certificate pursuant to Uniform Court Rule 5.2 and shows that on **October 27, 2022**, opposing counsel was duly served with a copy of the following:

*1.* ***Defendants' Request for Production of Documents Information to Non-Party WalMart Pharmacy***

Said documents were sent via regular U.S. Mail to the following attorney of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049
mpaul@forthepeople.com

Respectfully submitted this 27th day of October, 2022.

**DREW, ECKL & FARNHAM, LLP**

| | |
|---|---|
| 303 Peachtree Street, NE, Suite 3500 | /s/ Jennifer E. Parrott |
| Atlanta, GA  30308 | Jennifer E. Parrott |
| (404) 885-1400 | Georgia Bar No. 080180 |
| Parrottj@deflaw.com | Paul E. Barnhill |
| Barnhillp@deflaw.com | Georgia Bar No. 425240 |
| | Attorneys for Defendants |

2021CV02654

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART,              )
                                      )

      Plaintiff,           )
                                        )

v.                             )  CAFN:  2021CV02654
                                        )

KEVIN TATE and DONNIE WILSON    )
TRUCKING LLC.,                )
                                        )

      Defendants.        )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Rule 5.2 Certificate was served via electronic

mail on the following counsel of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

This 27th day of October, 2022.

                                    **DREW, ECKL & FARNHAM, LLP**


                                    <u>/s/ Jennifer E. Parrott</u>
                                    Jennifer E. Parrott
303 Peachtree Street, NE, Suite 3500        Georgia Bar No. 080180
Atlanta, GA  30308                      *Attorney for Defendants*
(404) 885-1400
Email: Parrottj@deflaw.com

2

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY that on this day, I have served true and correct copies of the following:

1.  *Defendant Kevin Tate's Responses to Plaintiff's First Request for Admissions;*

2.  *Defendant Kevin Tate's Responses and Objections to Plaintiff's First Interrogatories;* and

3.  *Defendant Kevin Tate's Responses and Objections to Plaintiff's First Request for Production of Documents*

on Plaintiff through her counsel of record by placing said copies in the United States Mail with sufficient postage affixed thereto, addressed to said counsel at his last known address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

Dated, this 14th day of November, 2022.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: 404-885-1400
Fax: 404-876-0992
parrottj@deflaw.com
barnhillp@deflaw.com

*/s/ Paul E. Barnhill*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DESTINIE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) CAFN: 2021CV02654 | |
| | ) | |
| KEVIN TATE and DONNIE WILSON | ) | |
| TRUCKING LLC., | ) | |
| | ) | |
| Defendants. | ) | |

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY that on February 7, 2023, I served a true and correct copy of the following:

1. *Defendant Kevin Tate and Donnie Wilson Trucking LLC. Request for Production of Documents to Non-Party* Wellstar East Point Medical Center

on Plaintiff through her counsel of record by statutory electronic mail and by placing said copy in the U.S. Mail, with sufficient postage affixed thereto, and addressed to said counsel at his last known address, as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

*(Signatures on following page)*

Page 1 of 2

Dated, this 7th day of February, 2023.

**DREW ECKL & FARNHAM, LLP**

/s/ Paul E. Barnhill

303 Peachtree Street, NE

Jennifer E. Parrott

Suite 3500

Georgia Bar No. 080180

Atlanta, Georgia 30308

Paul E. Barnhill

Tel: 404-885-1400

Georgia Bar No. 425240

Fax: 404-876-0992

parrottj@deflaw.com

*Attorneys for Defendants*

barnhillp@deflaw.com

2021CV02654   e-Filed 2/24/2023 4:51 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART,                           )
                                            )
            Plaintiff,                      )
                                            )
v.                                          ) CAFN:  2021CV02654
                                            )
KEVIN TATE and DONNIE WILSON                )
TRUCKING LLC.,                              )
                                            )
            Defendants.                     )

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY that on this day, I have served true and correct copies of the following:

1. *Defendant Donnie Wilson Trucking LLC's Second Continuing Interrogatories to Plaintiff Destinie Stewart;* and

2. *Defendant Donnie Wilson Trucking LLC's Second Continuing Requests for Production of Documents to Plaintiff Destinie Stewart*

on Plaintiff through her counsel of record by placing said copies in the United States Mail with sufficient postage affixed thereto, addressed to said counsel at his last known address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

Dated, this 24th day of February, 2023.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
Tel: 404-885-1400
Fax: 404-876-0992
parrottj@deflaw.com
barnhillp@deflaw.com

13318730v1
28765-233515

*/s/ Jennifer A. Parrott*

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**DESTINIE STEWART,**

    **Plaintiff,**

**vs.**

**KEVIN TATE and DONNIE WILSON**
**TRUCKING LLC.,**

    **Defendant.**

**CIVIL ACTION FILE**
**NO:  2021CV2654**

---

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon counsel for all parties in the foregoing matter by email with a copy of the following:

1. **PLAINTIFF'S FIRST SUPPLEMENTAL ANSWERS TO DEFENDANT, DONNIE WILSON TRUCKING, LLC'S FIRST INTERROGATORIES; AND**

2. **PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANT, DONNIE WILSON TRUCKING, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.**

as follows:

Jennifer E. Parrott
Parrottj@deflaw.com
Katelyn Fischer
fischerk@deflaw.com
**DREW, ECKL & FARNHAM, LLP**
303 Peachtree Street NE, Suite 3500
Atlanta, GA  30307
*Attorneys for Defendants*

This __14th__ day of March, 2023.

_Michael Paul_

MICHAEL D. PAUL
Georgia Bar No.:  432559
Attorney for Plaintiff

**MORGAN & MORGAN ATLANTA, PLLC**
178 South Main Street, Unit #300
Alpharetta, GA  30009
mpaul@forthepeople.com
((4700)386-6595

2021CV2654   E-Filed 3/15/2023 1:04 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**DESTINIE STEWART,**

               **Plaintiff,**

vs.

**KEVIN TATE and DONNIE WILSON**
**TRUCKING LLC.,**

               **Defendant.**

**CIVIL ACTION FILE**
**NO:  2021CV2654**

### RULE 5.2 CERTIFICATE OF SERVICE

    This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon counsel for all parties in the foregoing matter by email with a copy of the following:

1. **PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT, DONNIE WILSON TRUCKING, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.**

as follows:

Jennifer E. Parrott
Parrottj@deflaw.com
Paul Barnhill
BarnhillP@defaw.com
**DREW, ECKL & FARNHAM, LLP**
303 Peachtree Street NE, Suite 3500
Atlanta, GA  30307
*Attorneys for Defendants*

This ___15th___ day of March, 2023.

*Michael Paul*

MICHAEL D. PAUL
Georgia Bar No.:  432559
Attorney for Plaintiff

**MORGAN & MORGAN ATLANTA, PLLC**
178 South Main Street, Unit #300
Alpharetta, GA  30009
mpaul@forthepeople.com
(470)386-6595

2021CV2654

e-Filed 3/17/2023 2:36 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**DESTINIE STEWART,**

               **Plaintiff,**

**vs.**

**KEVIN TATE and DONNIE WILSON TRUCKING LLC.,**

               **Defendant.**

**CIVIL ACTION FILE**
**NO: 2021CV2654**

---

## RULE 5.2 CERTIFICATE OF SERVICE

    This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon counsel for all parties in the foregoing matter by email with a copy of the following:

1. **Plaintiff's Answers to Defendant, Donnie Wilson Trucking LLC's Second Continuing Interrogatories; and**

2. **Plaintiff's Response to Defendant, Donnie Wilson Trucking LLC's Second Continuing Requests for Production of Documents**

as follows:

Jennifer E. Parrott
Parrottj@deflaw.com
Paul Barnhill
BarnhillP@defaw.com
**DREW, ECKL & FARNHAM, LLP**
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30307
*Attorneys for Defendants*

This __17ᵗʰ__ day of March, 2023.

*Michael Paul*

MICHAEL D. PAUL
Georgia Bar No.: 432559
Attorney for Plaintiff

**MORGAN & MORGAN ATLANTA, PLLC**
178 South Main Street, Unit #300
Alpharetta, GA 30009
mpaul@forthepeople.com
(470)386-6595

2021CV02654

E-Filed 3/17/2023 4:17 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Hannah Lowery**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**DESTINIE STEWART,**

                **Plaintiff,**

**vs.**

**KEVIN TATE and DONNIE WILSON TRUCKING LLC.,**

                **Defendant.**

**CIVIL ACTION FILE
NO: 2021CV2654**

---

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon counsel for all parties in the foregoing matter by email with a copy of the following:

1. **Plaintiff's Second Supplemental Answers to Defendant, Donnie Wilson Trucking LLC's Continuing Interrogatories; and**

2. **Plaintiff's Third Supplemental Response to Defendant, Donnie Wilson Trucking LLC's Continuing Requests for Production of Documents**

as follows:

Jennifer E. Parrott
Parrottj@deflaw.com
Paul Barnhill
BarnhillP@deflaw.com
**DREW, ECKL & FARNHAM, LLP**
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30307
*Attorneys for Defendants*

This **17th** day of March, 2023.

*Michael Paul*

MICHAEL D. PAUL
Georgia Bar No.: 432559
Attorney for Plaintiff

**MORGAN & MORGAN ATLANTA, PLLC**
178 South Main Street, Unit #300
Alpharetta, GA 30009
mpaul@forthepeople.com
(470)386-6595

2021CV02654   e-Filed 3/24/2023 3:50 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY that on this day, I have served true and correct copies of the following:

1. *Defendants' Request for Production of Documents to Non-Party Piedmont Fayette Hospital – Billing Department;*

2. *Defendants' Request for Production of Documents to Non-Party Piedmont Fayette Hospital – Medical Records;*

3. *Defendants' Request for Production of Documents to Non-Party Piedmont Fayette Hospital – Radiology;*

4. *Defendants' Request for Production of Documents to Non-Party Phoebe Putney Memorial Hospital – Billing Department;*

5. *Defendants' Request for Production of Documents to Non-Party Phoebe Putney Memorial Hospital – Medical Records;*

6. *Defendants' Request for Production of Documents to Non-Party Phoebe Putney Memorial Hospital – Radiology;*

7.   *Defendants' Request for Production of Documents to Non-Party Dougherty County EMS;*

8.   *Defendants' Request for Production of Documents to Non-Party Georgia Bone and Joint Newnan;*

9.   *Defendants' Request for Production of Documents to Non-Party WellStar Urgent Care;*

10.  *Defendants' Request for Production of Documents to Non-Party Dr. Kevin Budman, M.D.;*

11.  *Defendants' Request for Production of Documents to Non-Party Children's Healthcare of Atlanta;*

12.  *Defendants' Request for Production of Documents to Non-Party Neuropsych Centers of Georgia;*

13.  *Defendants' Request for Production of Documents to Non-Party Simon Property Group, LP; and*

14.  *Defendants' Request for Production of Documents to Non-Party State Farm Mutual Automobile Ins. Co.*

on Plaintiff through her counsel of record by placing said copies in the United States Mail with sufficient postage affixed thereto, addressed to said counsel at his last known address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

Dated, this 24th day of March 2023.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
Tel: 404-885-1400
Fax: 404-876-0992
parrottj@deflaw.com
barnhillp@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

13391401v1
28765-233515

2021CV02654   Filed 3/31/2023 11:34 AM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART,                    )
                                     )
    Plaintiff,               )
                                     )
v.                                   )   CAFN:  2021CV02654
                                     )
KEVIN TATE and DONNIE WILSON         )
TRUCKING LLC.,                       )
                                     )
    Defendants.              )

### CONSENT MOTION TO EXTEND DISCOVERY

COMES NOW, the parties in the above-styled action, and, pursuant to Uniform Superior/State Court Rule 5.1, file this Consent Motion to Extend Discovery, showing the Court as follows:

1.

This lawsuit was initiated by Plaintiff's Complaint on November 24, 2021, and was timely answered by Defendants Kevin Tate on October 5, 2022; the original discovery period expires on April 5, 2023.

2.

To date, the parties have exchanged written discovery, exchanged supplemental written discovery, issued nonparty requests for production of documents, and are attempting to schedule party depositions.

3.

The parties have conferred and agree that an extension of time will assist in the completion of discovery including completing non-party discovery efforts (which has been slower during the

COVID pandemic) and additional depositions of parties and fact witnesses, Plaintiff's treating physicians, and any potential experts that are subsequently identified.

4.

In particular, Plaintiff recently disclosed a medical expert to Defendants, and Defendants recently learned of additional significant medical claims being made by Plaintiff which will require additional investigation and depositions.

5.

The parties are continuing to diligently pursue discovery in this case and are working together to do so; this is the first request for an extension in this case.

6.

Based on the above, the parties respectfully suggest that there is good cause to extend the discovery period through July 31, 2023.

7.

A proposed Order granting this Consent Motion to Extend Discovery is attached hereto for the Court's review.

WHEREFORE, for the foregoing reasons, the parties respectfully request that the Court grant this Consent Motion to Extend Discovery.

Respectfully submitted, this 31st day of March, 2023.

*(Signatures Contained on Next Page)*

**PREPARED BY:**

**DREW ECKL & FARNHAM, LLP**


/s/ Paul E. Barnhill
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240
303 Peachtree Street NE
Suite 3500
Atlanta, GA 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
parrottj@deflaw.com
barnhillp@deflaw.com

*Attorneys for Defendants*

13408423v1
28765-233515

**CONSENTED TO BY:**

**MORGAN & MORGAN**


/s/ Michael D. Paul, Jr.
*(signed by Paul E. Barnhill with express permission)*
Michael D. Paul, Jr.
Georgia Bar No. 432599
178 S. Main Street, Suite 300
Alpharetta, GA 30049
Tel: (404) 965-1675
Fax: (404) 720-3802
mpaul@forthepeople.com

*Attorney for Plaintiff*

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing

***CONSENT MOTION TO EXTEND DISCOVERY*** on Plaintiff through her counsel of record by

placing said copy in the United States Mail with sufficient postage affixed thereto, addressed to

said counsel at his last known address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

Dated, this 31st day of March 2023.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
Tel: 404-885-1400
Fax: 404-876-0992
parrottj@deflaw.com
barnhillp@deflaw.com

*/s/ Paul E. Barnhill*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
|     Defendants. | ) |

**ORDER GRANTING CONSENT MOTION TO EXTEND DISCOVERY**

WHEREAS, having reviewed the parties' Consent Motion to Extend Discovery, and it appearing that additional discovery remains and counsel for all parties have agreed to the extension of time in which discovery may be conducted, and for good cause having been shown:

IT IS HEREBY ORDERED that the discovery period in this matter is extended through July 31, 2023.

IT IS SO ORDERED, this _____day of _____, 2023.

_____
Honorable Shalonda Jones-Parker
Judge of State Court of Clayton County

**PREPARED BY:**

**DREW ECKL & FARNHAM, LLP**

/s/ Paul E. Barnhill
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240
303 Peachtree Street NE
Suite 3500
Atlanta, GA 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
parrottj@deflaw.com
barnhillp@deflaw.com

***Attorneys for Defendants***

13406059v1
28765-233515

**CONSENTED TO BY:**

**MORGAN & MORGAN**

/s/ Michael D. Paul, Jr.
*(signed by Paul E. Barnhill with express permission)*
Michael D. Paul, Jr.
Georgia Bar No. 432599
178 S. Main Street, Suite 300
Alpharetta, GA 30049
Tel: (404) 965-1675
Fax: (404) 720-3802
mpaul@forthepeople.com

***Attorney for Plaintiff***

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DESTINIE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAFN: 2021CV02654 |
| | ) | |
| KEVIN TATE and DONNIE WILSON | ) | |
| TRUCKING LLC., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING CONSENT MOTION TO EXTEND DISCOVERY

WHEREAS, having reviewed the parties' Consent Motion to Extend Discovery, and it appearing that additional discovery remains and counsel for all parties have agreed to the extension of time in which discovery may be conducted, and for good cause having been shown:

IT IS HEREBY ORDERED that the discovery period in this matter is extended through July 31, 2023.

IT IS SO ORDERED, this ___10___ day of ___April___, 2023.

*Shalonda Jones-Parker*

Honorable Shalonda Jones-Parker
Judge of State Court of Clayton County

**PREPARED BY:**                          **CONSENTED TO BY:**

**DREW ECKL & FARNHAM, LLP**              **MORGAN & MORGAN**


/s/ Paul E. Barnhill                      /s/ Michael D. Paul, Jr.
Jennifer E. Parrott                       *(signed by Paul E. Barnhill with express*
Georgia Bar No. 080180                    *permission)*
Paul E. Barnhill                          Michael D. Paul, Jr.
Georgia Bar No. 425240                    Georgia Bar No. 432599
303 Peachtree Street NE                   178 S. Main Street, Suite 300
Suite 3500                                Alpharetta, GA 30049
Atlanta, GA 30308                         Tel: (404) 965-1675
Tel: (404) 885-1400                       Fax: (404) 720-3802
Fax: (404) 876-0992                       mpaul@forthepeople.com
parrottj@deflaw.com
barnhillp@deflaw.com                      ***Attorney for Plaintiff***

***Attorneys for Defendants***

13406059v1
28765-233515

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DESTINIE STEWART       *
                     *

    Plaintiff,            *
                     *

V.                      *   CIVIL ACTION FILE
                     *   NO.

KEVIN TATE and DONNIE    *
WILSON TRUCKING, LLC,     *
                     *

    Defendants.         *

### (IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA,
### CIVIL ACTION FILE NO. 2021-CV-02654)

### <u>NOTICE OF REMOVAL</u>

COMES NOW, DONNIE WILSON TRUCKING, LLC ("Wilson"), Defendant in the above-styled civil action, and, through its undersigned counsel, petitions for removal of a civil action from the State Court of Clayton County to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully show the Court as follows:

1.

On November 24, 2021, Plaintiff filed a civil action in the State Court of Clayton County, styled *Destinie Stewart v. Kevin Tate and Donnie Wilson Trucking, LLC,* Civil Action File No. 2021-CV-02654. On December 31, 2021,

Plaintiff filed an Amended Complaint under the same style and Civil Action File No[1]. Attached hereto as Exhibit A are copies of the Complaint and Demand for Trial by Jury, Amended Complaint for Trial by Jury, Filed Affidavit of Service to Donnie Wilson Trucking, Filed Stipulation Extending Time to Answer, Filed Stipulation Extending Time to Respond to Discovery, Filed Rule 5.2 Certificate of Service for Plaintiff's Responses to Donnie Wilson's First Interrogatories and Requests for Production of Documents, Filed Rule 5.2 Certificate of Service of Defendant's Service of Discovery Materials, Filed Notice of Leave of Absence of Jennifer E. Parrott, Donnie Wilson Trucking LLC's Filed Answer to Plaintiff's Complaint, Filed Rule 5.2 Certificate of Service for Plaintiff's July 15, 2022 Offer of Settlement, Filed Rule 5.2 Certificate of Service for Plaintiff's July 19, 2022 Offer of Settlement, Defendants' August 1, 2022 Rule 5.2 Certificate of Service for Non-Party Requests for Production, and Defendants' August 3, 2022 Rule 5.2 Certificate of Service for Non-Party Requests for Production, which constitutes the entirety of the pleadings to date. Defendants are also filing a Notice of Filing of the Notice of Removal with the State Court of Clayton County as required by 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

---

[1] The initial Complaint erroneously listed the date of the incident as January 1, 2021, and the Amended Complaint was filed to correct the date of the incident.

2.

This lawsuit arose out of a motor vehicle collision which occurred on or about January 12, 2021 in Clayton County, Georgia. The subject incident involved Plaintiff Destinie Stewart and Defendant Kevin Tate. Tate was driving a tractor-trailer owned by Defendant Donnie Wilson Trucking, LLC.

3.

Plaintiffs allege that Defendant Tate is liable for damages due to failure to make reasonable and proper observations while driving, failure to operate his vehicle within a single lane, failure to maintain lane, failure to observe or take necessary precautions while operating his vehicle, driving his vehicle without due caution and circumspection and in a manner so as to endanger the person or property of others, driving his vehicle in reckless disregard, and committing other negligent and reckless acts and omissions as may be shown by evidence and proven at trial. (Plaintiff's Amended Complaint, ¶ 12). Plaintiff further alleges that Defendant Wilson is liable for the acts and omissions of Defendant Tate under the doctrine of *respondeat superior* and through negligent hiring, contracting with, and retaining Defendant Tate (Plaintiff's Amended Complaint, ¶¶ 17, 21). Plaintiff also further alleges that all Defendants' negligence proximately caused injuries to

Plaintiff, which have caused her an "inability to lead a normal life." (Plaintiff's Amended Complaint, ¶¶ 14, 18).

4.

In her Amended Complaint, Plaintiff contends that the venue in the pending State Court action is proper against Defendants. (Plaintiff's Amended Complaint, ¶ 4, 6). Defendants recognize that Clayton County is located within the Northern District of Georgia, Atlanta Division. Therefore, pursuant to 28 U.S.C.A. § 1446(a), the Northern District of Georgia, Atlanta Division, is the correct Court for Defendants to file this Notice of Removal.

5.

Defendant Donnie Wilson Trucking, LLC is an interstate carrier which is organized under the laws of the State of Texas and having its principal place of business in the State of Texas.

6.

Additionally, for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant Wilson's members are not citizens of Georgia.

7.

Defendant Tate is a natural person whose last known residence was in the State of Texas.

8.

Plaintiff states that she is a resident of the State of Georgia in her Amended Complaint. (Plaintiff's Amended Complaint, ¶ 1).

9.

Accordingly, there is complete diversity of citizenship between Plaintiff and Defendants. Thus, this action is one over which this Court has diversity jurisdiction in accordance with the foregoing authority and 28 U.S.C.A. § 1332.

10.

In the Amended Complaint filed on December 31, 2021, Plaintiff initially alleged special damages "in excess of $16,509.50" for past medical expenses. (Plaintiff's Amended Complaint, ¶¶ 14, 18). The Amended Complaint alleged general damages for pain and suffering without specifying a dollar amount, making the total damages alleged in the Amended Complaint $16,509.50. (Plaintiffs' Complaint, ¶¶ 14, 18). On July 15, 2022, Plaintiff's counsel issued a demand letter offering to settle Plaintiff's claims for $1,000,000, which Plaintiff rescinded on July 17, 2022. On July 19, 2022, Plaintiff's counsel issued a revised demand letter

pursuant to O.C.G.A §9-11-68 offering to settle Plaintiffs' claims for $1,000,000.00.

11.

"If a case as stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an…other paper from which it is ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3). *See also Maisonneuve v. Quiktrip Corp.*, No. 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015) ("As a general matter, a settlement offer may constitute other paper from which it may first be ascertained that the case is one which is or has become removable.").

12.

Accordingly, assuming Plaintiffs will prevail on each of their claims set forth in their complaint, which Defendants specifically deny, the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000. In support of this conclusion, the undersigned counsel has included an Affidavit of Counsel in Support of Removal, attached hereto as Exhibit C.

13.

If a plaintiff makes an offer of settlement pursuant to O.C.G.A. § 9-11-68 and an award to the plaintiff is greater than 125% of the initial demand, the plaintiff is entitled to reasonable attorney's fees and expenses of litigation incurred from the time of the rejection of the offer. O.C.G.A. § 9-11-68(b)(2). Additionally, if costs and fees are awarded pursuant to this code section, a court may disallow said fees if the offer is determined to have been made in bad faith. O.C.G.A. § 9-11-68 (d)(2). For these reasons, plaintiffs who make an offer of settlement pursuant to this code section have a significant motivation to ensure that the demand made is a reasonable one. Therefore, it is Defendant's position that the $1,000,000 offer made by Plaintiff makes the amount in controversy over the $75,000 threshold for diversity jurisdiction.

14.

Moreover, when a demand outlines that, in addition to past medical expenses, the plaintiff has continued to suffer from injuries allegedly caused by the incident despite undergoing conservative treatment and that the plaintiff's physician has recommended future surgery to treat such injuries, it is reasonable to assume that the surgery may be the next step in the plaintiff's desire to treat his/her alleged injuries. *See Farley*, 2013 WL 1748608, at *3 (plaintiff's allegation that

her injuries were severe despite her conservative treatment and the recommendation from her physician that she undergo surgery were sufficient to reasonably assume that the amount in controversy would include the future surgery charges).

## 15.

In the case at hand, in addition to the special damages and general damages alleged and tabulated in her Amended Complaint, Plaintiff also alleged that she has future medical expenses that have not yet been calculated. (Plaintiff's Amended Complaint, ¶¶ 14, 18, and 23). Thus, in conjunction with the calculated special damages, allegation of general damages, undetermined future medical expenses, and July 19, 2022 offer of settlement of $1,000,000, the controversy in this case exceeds the $75,000 required for removal.

## 16.

Accordingly, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) Plaintiff is a Georgia citizen; (b) Wilson is a citizen of Texas; (c) based upon the information available to undersigned counsel, Tate (who has not yet been served) is a citizen of Texas; (d) the matter in controversy, exclusive of interest and costs, exceeds $75,000.

17.

By making this petition for removal, Defendants specifically state that they are not waiving any available defenses to Plaintiffs' claims. Additionally, Defendants specifically state that by making this petition for removal, Defendants are not admitting to any of the allegations made in Plaintiffs' Complaint.

18.

WHEREFORE, Defendants pray that this petition be filed, that said action be removed to and proceed in this Court, and that there be no further proceedings in said case in the State Court of Clayton County.

The undersigned has read this Notice of Removal, and to the best of their knowledge, information and belief, formed after reasonable inquiry, determined that it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted this 18th day of August, 2022.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE

Suite 3500

Atlanta, Georgia 30308

Tel: (404) 885-1400

Fax: (404) 876-0992

jparrott@deflaw.com

barnhillp@deflaw.com

*/s/ Paul E. Barnhill*

Jennifer E. Parrott

Georgia Bar No. 080180

Paul E. Barnhill

Georgia Bar No. 425240

*Attorneys for Defendants*

12860932v1
28765-233515

## CERTIFICATE OF SERVICE AND COMPLIANCE
## WITH LOCAL RULE 5.1(B)

I HEREBY CERTIFY, that I have this day filed **NOTICE OF REMOVAL** with the Clerk of Court, using the CM/ECF system and served a copy of the foregoing upon all counsel of record via U.S. Mail, adequate postage prepaid, addressed as follows:

Michael D. Paul
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049
(470) 386-6596
mpaul@forthepeople.com

I further certify that the foregoing has been prepared with Times New Roman, 14 point, in compliance with L.R. 5.1(b).

This 18th day of August, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/ Paul E. Barnhill*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

12860932v1
28765-233515

Filed 11/24/2021 10:24 AM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DESTINIE STEWART,**<br><br>        **Plaintiff,**<br>**vs.**<br><br>**KEVIN TATE and DONNIE WILSON TRUCKING LLC.,**<br><br>        **Defendant.** | **CIVIL ACTION**<br>**FILE NO:** 2021CV02654<br><br><br>      **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff DESTINIE STEWART and states her complaint against Defendant KEVIN TATE and DONNIE WILSON TRUCKING LLC., as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff DESTINIE STEWART is a resident of the State of Georgia.

2.

Defendant KEVIN TATE is a citizen and resident of the State of Texas, whose last known residence is 478 FM 2199 S, Marshall, Texas 75672. Defendant KEVIN TATE is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by personal service of the Summons and Complaint at that address. Service on Defendant KEVIN TATE may also be perfected through the Georgia Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A § 40-12-2.

3.

Defendant KEVIN TATE is subject to jurisdiction of this court.

1

4.

Defendant KEVIN TATE has been properly served with process in this action.

5.

Defendant DONNIE WILSON TRUCKING LLC. is a for-profit, foreign corporation authorized to do business in the State of Georgia with its principal place of business located at 1400 McCoy Boulevard, New Boston, Texas 75570. Defendant DONNIE WILSON TRUCKING LLC. is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to its registered agent Nancy L. Selman at PO Box 561, 815 South McCoy Boulevard, New Boston, Texas 75570.

6.

Defendant DONNIE WILSON TRUCKING LLC. is subject to the jurisdiction of this court.

7.

Defendant DONNIE WILSON TRUCKING LLC. has been properly served with process in this action.

8.

Defendants KEVIN TATE and DONNIE WILSON TRUCKING LLC. are joint tortfeasors and as such, venue as to all Defendants is proper in Clayton County, Georgia pursuant to O.C.G.A § 40-12-3.

2

## COUNT I
## NEGLIGENCE OF DEFENDANT KEVIN TATE

9.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 8 above as if the same were restated herein verbatim.

10.

On January 1st, 2021, Plaintiff DESTINIE STEWART was driving her 2012 Ford Fusion in a prudent and careful manner, traveling northbound on I-75 in Clayton County, Georgia.

11.

At or about that same time, Defendant KEVIN TATE was driving a 2020 Peterbilt Motors Conventional 250 truck owned by Defendant DONNIE WILSON TRUCKING LLC. traveling northbound on I-75 when he negligently, recklessly, carelessly and unlawfully operated said vehicle so as to collide with the left side of the plaintiff's vehicle.

12.

At all relevant times, Defendant KEVIN TATE owed certain civil duties to Plaintiff DESTINIE STEWART, and, notwithstanding those duties, the Defendant did violate them in the following particulars:

a.    In failing to make reasonable and proper observations while driving the 2020 Peterbilt Motors Conventional 250 truck or, if reasonable and proper observations were made, failing to act thereon;

b.    In failing to operate the 2020 Peterbilt Motors Conventional 250 truck within a single lane in violation of O.C.G.A § 40-6-48;

c.    In failing to maintain lane and moving from such lane without ascertaining that such movement can be made with safety in violation of O.C.G.A § 40-6-48.

3

d. In failing to observe or undertake the necessary precautions to keep the 2020 Peterbilt Motors Conventional 250 truck from colliding with the Plaintiff's vehicle in violation of O.C.G.A § 40-6-390;

e. In driving his 2020 Peterbilt Motors Conventional 250 truck without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f. In driving the 2020 Peterbilt Motors Conventional 250 truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and,

g. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

13.

Defendant KEVIN TATE's violations of the aforementioned statutory duties of care constitute negligence and negligence *per se*.

14.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant KEVIN TATE, DESTINIE STEWART suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to her body and nervous system, personal inconvenience, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff DESTINIE STEWART has incurred in excess of $16,509.50 in past medical expenses, with future medical expenses to be determined.

## COUNT II

## NEGLIGENCE OF DEFENDANT DONNIE WILSON TRUCKING LLC.

15.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 14 above as if they were fully restated verbatim.

16.

At all relevant times, Defendant KEVIN TATE was an employee and agent of DONNIE WILSON TRUCKING LLC. Defendant KEVIN TATE was driving a 2020 Peterbilt Motors Conventional 250 truck within the course and scope of his employment with Defendant Titan at the time of the subject crash with Plaintiff.

17.

Defendant DONNIE WILSON TRUCKING LLC. is liable for the acts and omissions of Defendant KEVIN TATE as Defendant DONNE WILSON TRUCKING LLC.'s agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

18.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant DONNIE WILSON TRUCKING LLC., Plaintiff DESTINIE STEWART has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and inability to lead a normal life. As a result of the subject collision, Plaintiff DESTINIE STEWART has incurred in excess of $16,509.50 in past medical expenses, with future medical expenses to be determined.

## COUNT III

## NEGLIGENT HIRING AND RETENTION

### 19.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18 above as if they were fully restated verbatim.

### 20.

Defendant DONNIE WILSON TRUCKING LLC. had a duty not to hire drivers it knew or should have known posed a risk of harm to others.

### 21.

Defendant DONNIE WILSON TRUCKING LLC. breached that duty when it negligently hired, contracted with, and/or retained Defendant KEVIN TATE as a driver and failed the exercise ordinary care to determine his fitness for the task of driving a commercial motor vehicle.

### 22.

Plaintiff suffered extensive injuries, pain, and suffering as a direct and proximate result of Defendant DONNIE WILSON TRUCKING LLC.'s negligence

### 23.

Plaintiff is entitled to recover from Defendant DONNE WILSON TRUCKING LLC. for her past, present, and future medical expenses, and her past, present, and future pain and suffering in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendant as provided by law;

(c) That Plaintiff have and recover general damages from such Defendant, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of her injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendant, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendant;

(g) For such other and further relief as this Court deems just and appropriate.

This 24th day of November, 2021.

Respectfully submitted,

*/s/ Michael D. Paul*
MICHAEL D. PAUL
Georgia Bar No. 432599
*Attorney for Plaintiff*

**MORGAN & MORGAN ATLANTA PLLC**
178 S Main St., Unit 300
Alpharetta, GA 30009
Tel: (470) 386-6596
MPaul@forthepeople.com

7

Filed 12/31/2021 9:55 AM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

<table>
<tr>
<td>

**DESTINIE STEWART,**

         **Plaintiff,**

**vs.**

**KEVIN TATE and DONNIE WILSON TRUCKING LLC.,**

         **Defendant.**

</td>
<td>

**CIVIL ACTION
FILE NO:**


**JURY TRIAL DEMANDED**

</td>
</tr>
</table>

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff DESTINIE STEWART and states her complaint against Defendant KEVIN TATE and DONNIE WILSON TRUCKING LLC., as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff DESTINIE STEWART is a resident of the State of Georgia.

2.

Defendant KEVIN TATE is a citizen and resident of the State of Texas, whose last known residence is 478 FM 2199 S, Marshall, Texas 75672. Defendant KEVIN TATE is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by personal service of the Summons and Complaint at that address. Service on Defendant KEVIN TATE may also be perfected through the Georgia Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A § 40-12-2.

3.

Defendant KEVIN TATE is subject to jurisdiction of this court.

4.

Defendant KEVIN TATE has been properly served with process in this action.

5.

Defendant DONNIE WILSON TRUCKING LLC. is a for-profit, foreign corporation authorized to do business in the State of Georgia with its principal place of business located at 1400 McCoy Boulevard, New Boston, Texas 75570. Defendant DONNIE WILSON TRUCKING LLC. is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to its registered agent Nancy L. Selman at PO Box 561, 815 South McCoy Boulevard, New Boston, Texas 75570.

6.

Defendant DONNIE WILSON TRUCKING LLC. is subject to the jurisdiction of this court.

7.

Defendant DONNIE WILSON TRUCKING LLC. has been properly served with process in this action.

8.

Defendants KEVIN TATE and DONNIE WILSON TRUCKING LLC. are joint tortfeasors and as such, venue as to all Defendants is proper in Clayton County, Georgia pursuant to O.C.G.A § 40-12-3.

## COUNT I
## NEGLIGENCE OF DEFENDANT KEVIN TATE

9.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 8 above as if the same were restated herein verbatim.

10.

On January 12th, 2021, Plaintiff DESTINIE STEWART was driving her 2012 Ford Fusion in a prudent and careful manner, traveling northbound on I-75 in Clayton County, Georgia.

11.

At or about that same time, Defendant KEVIN TATE was driving a 2020 Peterbilt Motors Conventional 250 truck owned by Defendant DONNIE WILSON TRUCKING LLC. traveling northbound on I-75 when he negligently, recklessly, carelessly and unlawfully operated said vehicle so as to collide with the left side of the plaintiff's vehicle.

12.

At all relevant times, Defendant KEVIN TATE owed certain civil duties to Plaintiff DESTINIE STEWART, and, notwithstanding those duties, the Defendant did violate them in the following particulars:

    a.    In failing to make reasonable and proper observations while driving the 2020 Peterbilt Motors Conventional 250 truck or, if reasonable and proper observations were made, failing to act thereon;

    b.    In failing to operate the 2020 Peterbilt Motors Conventional 250 truck within a single lane in violation of O.C.G.A § 40-6-48;

    c.    In failing to maintain lane and moving from such lane without ascertaining that such movement can be made with safety in violation of O.C.G.A § 40-6-48.

d.     In failing to observe or undertake the necessary precautions to keep the 2020 Peterbilt Motors Conventional 250 truck from colliding with the Plaintiff's vehicle in violation of O.C.G.A § 40-6-390;

e.     In driving his 2020 Peterbilt Motors Conventional 250 truck without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.     In driving the 2020 Peterbilt Motors Conventional 250 truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and,

g.     In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

13.

Defendant KEVIN TATE's violations of the aforementioned statutory duties of care constitute negligence and negligence *per se*.

14.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant KEVIN TATE, DESTINIE STEWART suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to her body and nervous system, personal inconvenience, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff DESTINIE STEWART has incurred in excess of $16,509.50 in past medical expenses, with future medical expenses to be determined.

## COUNT II

## NEGLIGENCE OF DEFENDANT DONNIE WILSON TRUCKING LLC.

15.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 14 above as if they were fully restated verbatim.

16.

At all relevant times, Defendant KEVIN TATE was an employee and agent of DONNIE WILSON TRUCKING LLC. Defendant KEVIN TATE was driving a 2020 Peterbilt Motors Conventional 250 truck within the course and scope of his employment with Defendant Titan at the time of the subject crash with Plaintiff.

17.

Defendant DONNIE WILSON TRUCKING LLC. is liable for the acts and omissions of Defendant KEVIN TATE as Defendant DONNE WILSON TRUCKING LLC.'s agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

18.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant DONNIE WILSON TRUCKING LLC., Plaintiff DESTINIE STEWART has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and inability to lead a normal life. As a result of the subject collision, Plaintiff DESTINIE STEWART has incurred in excess of $16,509.50 in past medical expenses, with future medical expenses to be determined.

5

## COUNT III

## NEGLIGENT HIRING AND RETENTION

### 19.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18 above as if they were fully restated verbatim.

### 20.

Defendant DONNIE WILSON TRUCKING LLC. had a duty not to hire drivers it knew or should have known posed a risk of harm to others.

### 21.

Defendant DONNIE WILSON TRUCKING LLC. breached that duty when it negligently hired, contracted with, and/or retained Defendant KEVIN TATE as a driver and failed the exercise ordinary care to determine his fitness for the task of driving a commercial motor vehicle.

### 22.

Plaintiff suffered extensive injuries, pain, and suffering as a direct and proximate result of Defendant DONNIE WILSON TRUCKING LLC.'s negligence

### 23.

Plaintiff is entitled to recover from Defendant DONNE WILSON TRUCKING LLC. for her past, present, and future medical expenses, and her past, present, and future pain and suffering in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendant as provided by law;

(c) That Plaintiff have and recover general damages from such Defendant, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of her injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendant, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendant;

(g) For such other and further relief as this Court deems just and appropriate.

This 31st day of December, 2021.

Respectfully submitted,

*/s/ Michael D. Paul*
MICHAEL D. PAUL
Georgia Bar No. 432559
*Attorney for Plaintiff*

**MORGAN & MORGAN ATLANTA PLLC**
178 S Main St., Unit 300
Alpharetta, GA 30009
Tel: (470) 386-6596
MPaul@forthepeople.com

e-Filed 5/4/2022 6:54 PM

Tiki Brown
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Hannah Lowery**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART,

**CIVIL ACTION FILE**
NO: 2021CV2654

**Plaintiff,**

vs.

**KEVIN TATE and DONNIE WILSON**
**TRUCKING LLC.,**

**Defendant.**

## <u>AFFIDAVIT OF SERVICE</u>

STATE OF TEXAS          )
                        )ss.
COUNTY OF _Bowie_ )

Personally appeared before an authority duly authorized to administer oaths, the

undersigned, who, after being first duly sworn on oath, states as follows:

1.

My name is _Karl Valentine_ and I am over the age of eighteen (18)

and am a process server in the State of Texas.

2.

That on the _12th_ day of _March_, 2022, at approximately _2:10 PM_

o'clock in the fore/afternoon, I personally served **DONNIE WILSON TRUCKING, LLC,** by

and through its Registered Agent, **NANCY SELMAN**, with the following documents:

1. SUMMONS;

2. COMPLAINT AND JURY DEMAND;

3. **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DONNIE WILSON TRUCKING LLC. ; and**

4. **PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DONNIE WILSON TRUCKING LLC.;**

3.

The Registered Agent was served at _444 Robertson, New Boston, TX._

Further, Affiant sayeth not.

This _18th_ day of _March_, 2022.

_Karl Valentine_

Subscribed and sworn to before me, a Notary Public, this _18th_ day of _March_, 2022.

_Vickie Cummings_

Notary Public

_Bowie_ County, Texas

My Comm. Expires: _09/16/2025_

VICKIE CUMMINGS
Notary Public, State of Texas
Comm. Expires 09-16-2025
Notary ID 7381665

Affiance Security & Investigation Services, LLC
P. O. Box 6763
Texarkana, TX  75505

SHREVEPORT LA  710

22 MAR 2022  PM 1  L



Morgan & Morgan
178 S Main St.
Unit 300
Alpharetta, GA 30009

30009-795175



DFE — 1101843475

Filed 5/17/2022 5:28 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART,                    )
                                     )
      Plaintiff,                   )
                                     )
v.                                   ) CAFN:  2021CV02654
                                     )
KEVIN TATE and DONNIE WILSON         )
TRUCKING LLC.,                       )
                                     )
      Defendants.                  )

## STIPULATION

COMES NOW Plaintiff Destinie Stewart by and through her counsel of record, and hereby stipulates, consents and agrees that **Defendant Donnie Wilson Trucking LLC** shall have through and including **Monday, June 20, 2022** to serve responses to Plaintiff's discovery requests, which includes Plaintiff's First Request for Admissions to Defendant Donnie Wilson Trucking LLC and Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant Donnie Wilson Trucking LLC.

Dated this 17th day of May, 2022.

                                   **MORGAN & MORGAN ATLANTA, PLLC**

                                   */s/ Michael D. Paul*
                                   **(Signed with express consent by Jennifer E. Parrott)**
                                   Michael D. Paul, Jr.
                                   Georgia Bar No. 432599

                                   *Attorney for Plaintiff*

178 S. Main Street, Suite 300
Alpharetta, GA  30049
Tel:  404-965-1675
Fax:  404-720-3802
mpaul@forthepeople.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing *Stipulation* on Plaintiff through her counsel of record by placing said copy in the United States Mail with sufficient postage affixed thereto, addressed to counsel of record at his last known address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

Dated this 17th day of May, 2022.

DREW ECKL FARNHAM, LLP

303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
barnhillp@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

12626096v1
07723-233515

Filed 6/16/2022 6:41 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Janice Miller**

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART,                    )
                                     )
      Plaintiff,                )
                                     )
v.                                   )  CAFN:  2021CV02654
                                     )
KEVIN TATE and DONNIE WILSON         )
TRUCKING LLC.,                       )
                                     )
      Defendants.               )

## STIPULATION

COMES NOW Plaintiff Destinie Stewart by and through her counsel of record, and hereby stipulates, consents and agrees that **Defendant Donnie Wilson Trucking LLC** shall have through and including **Tuesday, July 5, 2022** to serve responses to Plaintiff's discovery requests, which includes Plaintiff's First Request for Admissions to Defendant Donnie Wilson Trucking LLC and Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant Donnie Wilson Trucking LLC.

Dated this 16th day of June, 2022.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Michael D. Paul*
***(Signed with express consent by Katelyn E. Fischer)***
Michael D. Paul, Jr.
Georgia Bar No. 432599

*Attorney for Plaintiff*

178 S. Main Street, Suite 300
Alpharetta, GA  30049
Tel:  404-965-1675
Fax:  404-720-3802
mpaul@forthepeople.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing *Stipulation* on Plaintiff through her counsel of record by placing said copy in the United States Mail with sufficient postage affixed thereto, addressed to counsel of record at his last known address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049
mpaul@forthepeople.com

Dated this 16th day of June, 2022.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308
Tel: 404-885-1400
Fax: 404-876-0992
parrottj@deflaw.com
fischerk@deflaw.com

*/s/ Katelyn E. Fischer*
Jennifer E. Parrott
Georgia Bar No. 080180
Katelyn E. Fischer
Georgia Bar No. 491302

*Attorneys for Defendants*

12715250v1
07723-233515

-2-

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

DESTINIE STEWART,

        **Plaintiff,**

vs.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

        **Defendant.**

**CIVIL ACTION FILE
NO:  2021CV2654**

---

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon counsel for all parties in the foregoing matter by email with a copy of the following:

1. PLAINTIFF'S ANSWERS TO DEFENDANT, DONNIE WILSON TRUCKING, LLC'S FIRST INTERROGATORIES; AND

2. PLAINTIFF'S RESPONSE TO DEFENDANT, DONNIE WILSON TRUCKING, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.

as follows:

Jennifer E. Parrott
Parrottj@deflaw.com
Katelyn Fischer
fischerk@deflaw.com
**DREW, ECKL & FARNHAM, LLP**
303 Peachtree Street NE, Suite 3500
Atlanta, GA  30307
*Attorneys for Defendant, Donnie Wilson Trucking, LLC*

This __27th__ day of June, 2022.

_Michael Paul_

MICHAEL D. PAUL
Georgia Bar No.:  432559
Attorney for Plaintiff

**MORGAN & MORGAN ATLANTA, PLLC**
178 South Main Street, Unit #300
Alpharetta, GA  30009
mpaul@forthepeople.com
((4700)386-6595

eFiled 5/25/2022 6:33 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Hannah Lowery**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )  CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
|    Defendants. | ) |

### <u>RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS</u>

I HEREBY CERTIFY that on this day, I have served true and correct copies of the following:

1. *Defendant Donnie Wilson Trucking LLC's First Continuing Interrogatories to Plaintiff Destinie Stewart;* and

2. *Defendant Donnie Wilson Trucking LLC's First Continuing Requests for Production of Documents to Plaintiff Destinie Stewart*

on Plaintiff through her counsel of record by placing said copies in the United States Mail with sufficient postage affixed thereto, addressed to said counsel at his last known address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049
mpaul@forthepeople.com

Dated, this 25th of May, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/ Jennifer A. Parrott*

303 Peachtree Street, NE      Jennifer E. Parrott
Suite 3500      Georgia Bar No. 080180
Atlanta, Georgia 30308      Katelyn Fischer
Tel: 404-885-1400      Georgia Bar No. 491302
Fax: 404-876-0992
parrottj@deflaw.com      *Attorneys for Defendants*
fischerk@deflaw.com

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART,                                  )
                                                   )
      Plaintiff,                               )
                                                   )
v.                                                 )   CAFN:  2021CV02654
                                                   )
KEVIN TATE and DONNIE WILSON                       )
TRUCKING LLC.,                                     )
                                                   )
      Defendants.                              )

## NOTICE OF LEAVE OF ABSENCE OF JENNIFER E. PARROTT

    COMES NOW, Jennifer E. Parrott and respectfully notifies all judges before whom she

has cases pending, all affected clerks of court, and all opposing counsel that she will be on leave

pursuant to Georgia Uniform Court Rule 16.

    1.    The periods of leave during which time applicant will be away from the practice

of law are:

July 1 – 5, 2022

September 1 – 6, 2022

November 18 – 28, 2022

December 26, 2022 – January 8, 2023

    The purpose of the leave is for attending to child health-related appointments/care, family

vacation, professional conferences, and speaking engagements.

    2.    All affected judges and opposing counsel shall have ten days from the date of this

notice to object to it.  If no objections are filed, the leave shall be granted.

Respectfully submitted, this 25th day of May, 2022.

**DREW ECKL FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax: 404-876-0992
parrottj@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180

*Attorney for Defendants*

12626120v1
07723-233515

**IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing

***Notice of Leave of Absence of Jennifer E. Parrott*** on Plaintiff through her counsel of record by

placing said copy in the United States Mail with sufficient postage affixed thereto, addressed to

said counsel at his last known address as follows:

> Michael D. Paul, Jr.
> Morgan & Morgan Atlanta, PLLC
> 178 S. Main Street, Suite 300
> Alpharetta, GA 30049
> mpaul@forthepeople.com

Dated this 25th day of May, 2022.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308
Tel: 404-885-1400
Fax: 404-876-0992
parrottj@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
*Attorney for Defendants*

Filed 5/25/2022 6:33 PM

*Tiki Brown*
**Tiki Brown
Clerk of State Court
Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) JURY TRIAL DEMANDED |
| TRUCKING LLC., | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANT DONNIE WILSON TRUCKING LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Donnie Wilson Trucking LLC (hereinafter "Defendant" or "Defendant Donnie Wilson Trucking"), a named Defendant in the above-styled civil action and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages and Demand for Trial by Jury ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages were directly and proximately caused by the acts or omissions of persons or entities other than Defendants.

### THIRD DEFENSE

While denying Defendants were negligent, even if Defendants were negligent, such alleged negligence did not proximately cause Plaintiff's alleged injuries and damages.

## FOURTH DEFENSE

While specifically denying any negligence on their part, if Defendants were negligent, the negligence of Plaintiff equaled or exceeded any negligence of Defendants.

## FIFTH DEFENSE

While specifically denying any negligence on their part, if Defendants were negligent, any damages awarded to Plaintiff should be reduced proportionally based upon the negligence of Plaintiff and the negligence of other unnamed responsible parties, if any, pursuant to O.C.G.A. § 51-12-33.

## SIXTH DEFENSE

Any acts or omissions by Defendants were unintentional and in the exercise of ordinary care.

## SEVENTH DEFENSE

Pending further investigation and discovery, this Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

## EIGHTH DEFENSE

This Defendant responds to the specific allegations contained in Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Upon information and belief, this Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint concerning Defendant Kevin Tate's last known address. This Defendant denies the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

This Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

This Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

This Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

This Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

## COUNT I

## NEGLIGENCE OF DEFENDANT KEVIN TATE

9.

In response to paragraph 9 of Plaintiff's Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 8 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint

11.

Upon information and belief, this Defendant admits that Defendant Kevin Tate, while operating a 2020 Peterbilt owned by Defendant Donnie Wilson Trucking, was involved in a motor vehicle accident on I-75 in Clayton County, Georgia on January 12, 2021. This Defendant denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

This Defendant admits that State and Federal law impose certain duties upon drivers but denies that such are completely or accurately stated in paragraph 12 of Plaintiff's Complaint. This Defendant denies the remaining allegations contained in paragraph 12, including subparagraphs a., b., c., d., e., f., and g., of Plaintiff's Complaint.

13.

This Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

This Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

## COUNT II

## NEGLIGENCE OF DEFENDANT DONNIE WILSON TRUCKING LLC

15.

In response to paragraph 15 of Plaintiff's Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 14 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

This Defendant admits that Defendant Kevin Tate was an employee of Defendant Donnie Wilson Trucking. This Defendant denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

## COUNT III

## NEGLIGENT HIRING AND RETENTION

19.

In response to paragraph 19 of Plaintiff's Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 18 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

This Defendant admits that Federal law imposes certain duties but denies that such are completely or accurately stated in paragraph 20 of Plaintiff's Complaint. This Defendant denies the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

24.

In response to Plaintiff's Prayer for Relief following paragraph 23 of Plaintiff's Complaint, the allegations of said paragraph, including subparagraphs (a), (b), (c), (d), (e), (f) and (g) are denied, and Defendant specifically denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief requested.

25.

This Defendant denies each and every allegation contained in Plaintiff's Complaint which is not herein expressly or specifically admitted and denies any liability to Plaintiff.

26.

This Defendant demands a trial by a jury of twelve as to all issues presented in Plaintiff's Complaint.

WHEREFORE, having fully responded to Plaintiff's Complaint, this Defendant respectfully requests that said Complaint be dismissed, that judgment be issued for Defendant, and that Defendant be discharged without cost.

Respectfully submitted, this 25th day of May, 2022.

**DREW ECKL FARNHAM, LLP**

/s/ Jennifer E. Parrott

Jennifer E. Parrott
Georgia Bar No. 080180
Katelyn Fischer
Georgia Bar No. 491302

303 Peachtree Street NE
Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
fischerk@deflaw.com

*Attorneys for Defendants*

12626160v1
07723-233515

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART,                    )
                                     )
    Plaintiff,                   )
                                     )
v.                                   ) CAFN:  2021CV02654
                                     )
KEVIN TATE and DONNIE WILSON         )
TRUCKING LLC.,                       )
                                     )
    Defendants.                  )

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing *Defendant Donnie Wilson Trucking LLC's Answer to Plaintiff's Complaint and Demand for Trial by Jury* on Plaintiff through her counsel of record by placing said copy in the United States Mail with sufficient postage affixed thereto, addressed to counsel at his last known address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

Dated this 25th day of May, 2022.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
fischerk@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Katelyn Fischer
Georgia Bar No. 491302

*Attorneys for Defendants*

12626160v1
07723-233515

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Dalaya Whyte-Gustave**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

DESTINIE STEWART,

      Plaintiff,

      v.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

      Defendant.

CIVIL ACTION FILE NO.:
2021CV02654

## CERTIFICATE OF SERVICE

    This is to certify that I have this day served counsel of record in the foregoing matter with the attached PLAINTIFF DESTINIE STEWART'S OFFER OF SETTLEMENT PURSUANT TO O.C.G.A. § 9-11-68 by placing a true and correct copy in the United States Mail, certified, in an envelope with sufficient postage to ensure delivery affixed thereon addressed as follows:

Attention: Jennifer E. Parrott
Drew Eckl Farnham, LLP
303 Peachtree Street N.E.
Suite 3500
Atlanta, GA 30308
Certified Mail: 7020 3160 0000 1116 4093

This 15th day of July, 2022.

MORGAN & MORGAN ATLANTA, LLC
Post Office Box 57007
Atlanta, GA 30343-1007
(470) 386-6596
(470) 639-6935 facsimile
mpaul@forthepeople.com

*Michael Paul*

Michael D. Paul, Jr.
Georgia Bar No. 432559
*Attorney for Plaintiff*

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Waukecia Lawrence**

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

DESTINIE STEWART,

     Plaintiff,

    v.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

     Defendant.

CIVIL ACTION FILE NO.:
2021CV02654

## **CERTIFICATE OF SERVICE**

    This is to certify that I have this day served counsel of record in the foregoing matter with

the attached PLAINTIFF DESTINIE STEWART'S OFFER OF SETTLEMENT PURSUANT TO

O.C.G.A. § 9-11-68 by placing a true and correct copy in the United States Mail, certified, in an

envelope with sufficient postage to ensure delivery affixed thereon addressed as follows:

Attention: Jennifer E. Parrott
Drew Eckl Farnham, LLP
303 Peachtree Street N.E.
Suite 3500
Atlanta, GA 30308
Certified Mail: 7020 3160 0000 1116 4079

This 19th day of July, 2022.

MORGAN & MORGAN ATLANTA, LLC
Post Office Box 57007
Atlanta, GA 30343-1007
(470) 386-6596
(470) 639-6935 facsimile
mpaul@forthepeople.com

Michael D. Paul, Jr.
Georgia Bar No. 432559
*Attorney for Plaintiff*

1

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DESTINIE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAFN: 2021CV02654 |
| | ) | |
| KEVIN TATE and DONNIE WILSON | ) | |
| TRUCKING LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' RULE 5.2 CERTIFICATE**

Defendants, **KEVIN TATE and DONNIE WILSON TRUCKING LLC.**, by and through the undersigned counsel, files this Certificate pursuant to Uniform Court Rule 5.2 and shows that on **August 1, 2022**, opposing counsel was duly served with a copy of the following:

1. *Defendants' Request for Production of Healthcare Information to Non-Party Jeffrey Dowis, M.D.;*

2. *Defendants' Request for Production of Healthcare Information to Non-Party Dr. Christiana Muntzel;*

3. *Defendants' Request for Production of Healthcare Information to Non-Party Atlanta Spine Center;*

4. *Defendants' Request for Production of Healthcare Information to Non-Party Southern Regional Medical Center;*

5. *Defendants' Request for Production of Healthcare Information to Non-Party Lifecycle OBGYN;*

6. *Defendants' Request for Production of Healthcare Information to Non-Party United Neurology LLC;*

7. *Defendants' Request for Production of Healthcare Information to Non-Party Walgreens Pharmacy;*

8. *Defendants' Request for Production of Healthcare Information to Non-Party Walgreens Pharmacy;*

9. *Defendants' Request for Production of Healthcare Information to Non-Party Neuropsych Centers of Georgia;*

*10. Defendants' Request for Production of Healthcare Information to Non-Party Trinity Spine Center; and*

*11. Defendants' Request for Production of Healthcare Information to Non-Party Regional Medical Group*.

Said documents were sent via regular U.S. Mail to the following attorney of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049

Respectfully submitted this 1st day of August, 2022.

**DREW, ECKL & FARNHAM, LLP**

303 Peachtree Street, NE, Suite 3500
Atlanta, GA 30308
(404) 885-1400
Parrottj@deflaw.com
Barnhillp@deflaw.com

/s/ Jennifer E. Parrott
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240
Attorneys for Defendants

2

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Rule 5.2 Certificate was served via electronic mail on the following counsel of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049

This 1st day of August, 2022.

**DREW, ECKL & FARNHAM, LLP**

/s/ Jennifer E. Parrott
Jennifer E. Parrott
Georgia Bar No. 080180
*Attorney for Defendants*

303 Peachtree Street, NE, Suite 3500
Atlanta, GA 30308
(404) 885-1400
Email: Parrottj@deflaw.com

3

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Janice Miller

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

|                                        |     |                      |
|----------------------------------------|-----|----------------------|
| DESTINIE STEWART,                      | )   |                      |
|                                        | )   |                      |
|     Plaintiff,     | )   |                      |
|                                        | )   |                      |
| v.                                     | )   | CAFN:  2021CV02654   |
|                                        | )   |                      |
| KEVIN TATE and DONNIE WILSON           | )   |                      |
| TRUCKING LLC.,                         | )   |                      |
|                                        | )   |                      |
|     Defendants.    | )   |                      |

### DEFENDANTS' RULE 5.2 CERTIFICATE

Defendants, **KEVIN TATE and DONNIE WILSON TRUCKING LLC.**, by and through the undersigned counsel, files this Certificate pursuant to Uniform Court Rule 5.2 and shows that on **August 3, 2022**, opposing counsel was duly served with a copy of the following:

1. *Defendants' Request for Production of Documents to Non-Party Skillz Clothing Store;*

2. *Defendants' Request for Production of Documents to Non-Party Jencare Senior Medical Care;*

3. *Defendants' Request for Production of Documents to Non-Party L.A. Fitness;*

4. *Defendants' Request for Production of Documents to Non-Party American Health Imaging;*

5. *Defendants' Request for Production of Documents to Non-Party VXI Global Solutions;*

6. *Defendants' Request for Production of Documents to Non-Party JC Penney;*

7. *Defendants' Request for Production of Documents to Non-Party Digestive Healthcare of Georgia;*

8. *Defendants' Request for Production of Documents to Non-Party Humana Health Insurance; and*

9. *Defendants' Request for Production of Documents to Non-Leslie Ann Shepard, APNP.*

Said documents were sent via regular U.S. Mail to the following attorney of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049

Respectfully submitted this 3rd day of August, 2022.

**DREW, ECKL & FARNHAM, LLP**

| | |
|---|---|
| 303 Peachtree Street, NE, Suite 3500 | /s/ Jennifer E. Parrott |
| Atlanta, GA  30308 | Jennifer E. Parrott |
| (404) 885-1400 | Georgia Bar No. 080180 |
| Parrottj@deflaw.com | Paul E. Barnhill |
| Barnhillp@deflaw.com | Georgia Bar No. 425240 |
| | Attorneys for Defendants |

**IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| DESTINIE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAFN: 2021CV02654 |
| | ) | |
| KEVIN TATE and DONNIE WILSON | ) | |
| TRUCKING LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Rule 5.2 Certificate was served via electronic

mail on the following counsel of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049

This 3rd day of August, 2022.

**DREW, ECKL & FARNHAM, LLP**

/s/ Jennifer E. Parrott
Jennifer E. Parrott
303 Peachtree Street, NE, Suite 3500          Georgia Bar No. 080180
Atlanta, GA 30308                            *Attorney for Defendants*
(404) 885-1400
Email: Parrottj@deflaw.com

3

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE | ) |
| WILSON TRUCKING, LLC | ) |
| | ) |
|     Defendants. | ) |

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

TO:    Clerk, State Court of Clayton County, Georgia.

COMES NOW, Donnie Wilson Trucking, LLC ("Wilson"), named Defendant in the above-styled action, through counsel, without submitting to this Court's jurisdiction and venue, and provide the following notice to the Court:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as Exhibit 1. Pursuant to 28 U.S.C. §1446(d), this Court is precluded from taking any further action with respect to this case unless and until same is remanded to it by order of the United States District Court for the Northern District of Georgia.

*[Signatures are on the following page.]*

Respectfully submitted, this 18th day of August, 2022.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE  
Suite 3500  
Atlanta, GA  30308  
Tel: 404-885-1400  
Fax:  404-876-0992  
parrottj@deflaw.com  
barnhillp@deflaw.com

_/s/ Paul E. Barnhill_  
Jennifer E. Parrott  
Georgia Bar No. 080180  
Paul E. Barnhill  
Georgia Bar No. 425240

_Attorneys for Defendants_

12731872v1  
07723-232733

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE | ) |
| WILSON TRUCKING, LLC | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing *Notice of Filing of Notice of Removal* on Plaintiffs' counsel of record by placing said copy in the United States Mail with sufficient postage affixed thereto, addressed to counsel's last known address as follows:

Michael D. Paul, Jr., Esq.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049
(470) 386-9596
mpaul@forthepeople.com

Respectfully submitted, this 18th day of August, 2022.

**DREW ECKL FARNHAM, LLP**

| | |
|---|---|
| 303 Peachtree Street NE | */s/ Paul E. Barnhill* |
| Suite 3500 | Jennifer E. Parrott |
| Atlanta, GA 30308 | Georgia Bar No. 080180 |
| Tel: 404-885-1400 | Paul E. Barnhill |
| Fax: 404-876-0992 | Georgia Bar No. 425240 |
| parrottj@deflaw.com | |
| barnhillp@deflaw.com | *Attorneys for Defendant* |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DESTINIE STEWART      *
     *
     Plaintiff,      *
     *
V.      *    CIVIL ACTION FILE
     *    NO.
KEVIN TATE and DONNIE      *
WILSON TRUCKING, LLC,      *
     *
     Defendants.      *
     *
     *
     *
     *

## AFFIDAVIT OF COUNSEL IN SUPPORT OF REMOVAL

STATE OF GEORGIA
COUNTY OF FULTON

COMES NOW, personally appeared before the undersigned officer duly authorized to administer oaths, Paul E. Barnhill, who after being duly sworn, deposes and states the following:

1.

My name is Paul E. Barnhill, and I am an associate attorney with the law firm of Drew Eckl & Farnham, LLP.

2.

I am competent to make this Affidavit, am suffering from no legal disabilities, and make this Affidavit of my own personal knowledge and with the knowledge and intent that same be used in support of removal of this matter.

3.

In this action, Plaintiff Destinie Stewart ("Plaintiff") claims that she is entitled to recover for damages, which Plaintiff alleges were the result of negligence on the part of the named Defendants.

4.

In the Amended Complaint filed on December 31, 2021, Plaintiff initially alleged special damages of $16,509.50 with future medical expenses to be determined. (Plaintiff's Amended Complaint, ¶ 14). The amended complaint alleged general damages for pain and suffering without specifying a dollar amount, making the total damages alleged in the initial complaint $16,509.50. (Plaintiff's Amended Complaint, ¶ 14).

5.

On July 15, 2022, Plaintiff's counsel issued a demand letter offering to settle Plaintiff's claims for $1,000,000; this letter was rescinded by Plaintiff's counsel on July 17, 2022.

6.

On July 19, 2022, Plaintiff's counsel issued a demand letter offering to settle Plaintiffs' claims for $1,000,000.00. "If a case as stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an…other paper from which it is ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3). *See also Maisonneuve v. Quiktrip Corp.*, No. 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015) ("As a general matter, a settlement offer may constitute other paper from which it may first be ascertained that the case is one which is or has become removable.").

7.

Based on my experience as an attorney and member of the Georgia Bar and based on the amount of damages anticipated given the allegations of Plaintiff's Amended Complaint, the amount that Plaintiff seeks, and assuming that Plaintiff prevails on all of her claims, a permissible award at trial could be in excess of $75,000.00, exclusive of interests and costs.

FURTHER AFFIANT SAYETH NOT, this 17 day of August, 2022.

_____
Paul E. Barnhill
Georgia Bar No. 425240

Sworn to and subscribed
before me, this 17 day
of August, 2022.

_____
Notary Public
My Commission Expires: October 25, 2022

12859898v1
28765-233515

Case 1:22-cv-00933-TWT Document 23-16 Filed 04/08/22 Page 166 of 354

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

## DEFENDANT(S)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED
PLAINTIFF_____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED
DEFENDANT_____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND
INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND
E-MAIL ADDRESS)

**ATTORNEYS** (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

1 U.S. GOVERNMENT
PLAINTIFF

3 FEDERAL QUESTION
(U.S. GOVERNMENT NOT A PARTY)

2 U.S. GOVERNMENT
DEFENDANT

4 DIVERSITY
(INDICATE CITIZENSHIP OF PARTIES
IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| | PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|---|
| | 1 | 1 | CITIZEN OF THIS STATE | 4 | 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| | 2 | 2 | CITIZEN OF ANOTHER STATE | 5 | 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| | 3 | 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | 6 | 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X "IN ONE BOX ONLY)

1 ORIGINAL
PROCEEDING

2 REMOVED FROM
STATE COURT

3 REMANDED FROM
APPELLATE COURT

4 REINSTATED OR
REOPENED

TRANSFERRED FROM
5 ANOTHER DISTRICT
(Specify District)

MULTIDISTRICT
6 LITIGATION -
TRANSFER

APPEAL TO DISTRICT JUDGE
7 FROM MAGISTRATE JUDGE
JUDGMENT

MULTIDISTRICT
8 LITIGATION -
DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE
JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**(IF COMPLEX, CHECK REASON BELOW)**

1. Unusually large number of parties.

2. Unusually large number of claims or defenses.

3. Factual issues are exceptionally complex

4. Greater than normal volume of evidence.

5. Extended discovery period is needed.

6. Problems locating or preserving evidence

7. Pending parallel investigations or actions by government.

8. Multiple use of experts.

9. Need for discovery outside United States boundaries.

10. Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

FOR OFFICE USE ONLY

RECEIPT #_____

AMOUNT $_____

APPLYING IFP_____

MAG. JUDGE (IFP)_____

JUDGE_____

MAG. JUDGE_____
(Referral)

NATURE OF SUIT_____

CAUSE OF ACTION_____

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
110 INSURANCE
120 MARINE
130 MILLER ACT
140 NEGOTIABLE INSTRUMENT
151 MEDICARE ACT
160 STOCKHOLDERS' SUITS
190 OTHER CONTRACT
195 CONTRACT PRODUCT LIABILITY
196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
210 LAND CONDEMNATION
220 FORECLOSURE
230 RENT LEASE & EJECTMENT
240 TORTS TO LAND
245 TORT PRODUCT LIABILITY
290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
310 AIRPLANE
315 AIRPLANE PRODUCT LIABILITY
320 ASSAULT, LIBEL & SLANDER
330 FEDERAL EMPLOYERS' LIABILITY
340 MARINE
345 MARINE PRODUCT LIABILITY
350 MOTOR VEHICLE
355 MOTOR VEHICLE PRODUCT LIABILITY
360 OTHER PERSONAL INJURY
362 PERSONAL INJURY - MEDICAL MALPRACTICE
365 PERSONAL INJURY - PRODUCT LIABILITY
367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
370 OTHER FRAUD
371 TRUTH IN LENDING
380 OTHER PERSONAL PROPERTY DAMAGE
385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
422 APPEAL 28 USC 158
423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
440 OTHER CIVIL RIGHTS
441 VOTING
442 EMPLOYMENT
443 HOUSING/ ACCOMMODATIONS
445 AMERICANS with DISABILITIES - Employment
446 AMERICANS with DISABILITIES - Other
448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
462 NATURALIZATION APPLICATION
465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
463 HABEAS CORPUS- Alien Detainee
510 MOTIONS TO VACATE SENTENCE
530 HABEAS CORPUS
535 HABEAS CORPUS DEATH PENALTY
540 MANDAMUS & OTHER
550 CIVIL RIGHTS - Filed Pro se
555 PRISON CONDITION(S) - Filed Pro se
560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
550 CIVIL RIGHTS - Filed by Counsel
555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
710 FAIR LABOR STANDARDS ACT
720 LABOR/MGMT. RELATIONS
740 RAILWAY LABOR ACT
751 FAMILY and MEDICAL LEAVE ACT
790 OTHER LABOR LITIGATION
791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
820 COPYRIGHTS
840 TRADEMARK
880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
830 PATENT
835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
861 HIA (1395ff)
862 BLACK LUNG (923)
863 DIWC (405(g))
863 DIWW (405(g))
864 SSID TITLE XVI
865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
870 TAXES (U.S. Plaintiff or Defendant)
871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
375 FALSE CLAIMS ACT
376 Qui Tam 31 USC 3729(a)
400 STATE REAPPORTIONMENT
430 BANKS AND BANKING
450 COMMERCE/ICC RATES/ETC.
460 DEPORTATION
470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
480 CONSUMER CREDIT
485 TELEPHONE CONSUMER PROTECTION ACT
490 CABLE/SATELLITE TV
850 OTHER STATUTORY ACTIONS
891 AGRICULTURAL ACTS
893 ENVIRONMENTAL MATTERS
895 FREEDOM OF INFORMATION ACT 899
899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
410 ANTITRUST
850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

---

## VII. REQUESTED IN COMPLAINT:

CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23          DEMAND $_____

JURY DEMAND        YES        NO   (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

---

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE_____          DOCKET NO._____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES:  (CHECK APPROPRIATE BOX)
1. **PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.**
2. **SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.**
3. **VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.**
4. **APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.**
5. **REPETITIVE CASES FILED BY PRO SE LITIGANTS.**
6. **COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):**

7. **EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO.                        , WHICH WAS DISMISSED. This case        IS        IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.**

---

SIGNATURE OF ATTORNEY OF RECORD                                        DATE

Filed 5/25/2022 6:33 PM

*Tiki Brown*
**Tiki Brown
Clerk of State Court
Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) JURY TRIAL DEMANDED |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT DONNIE WILSON TRUCKING LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Donnie Wilson Trucking LLC (hereinafter "Defendant" or "Defendant Donnie Wilson Trucking"), a named Defendant in the above-styled civil action and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages and Demand for Trial by Jury ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages were directly and proximately caused by the acts or omissions of persons or entities other than Defendants.

### THIRD DEFENSE

While denying Defendants were negligent, even if Defendants were negligent, such alleged negligence did not proximately cause Plaintiff's alleged injuries and damages.

**FOURTH DEFENSE**

While specifically denying any negligence on their part, if Defendants were negligent, the negligence of Plaintiff equaled or exceeded any negligence of Defendants.

**FIFTH DEFENSE**

While specifically denying any negligence on their part, if Defendants were negligent, any damages awarded to Plaintiff should be reduced proportionally based upon the negligence of Plaintiff and the negligence of other unnamed responsible parties, if any, pursuant to O.C.G.A. § 51-12-33.

**SIXTH DEFENSE**

Any acts or omissions by Defendants were unintentional and in the exercise of ordinary care.

**SEVENTH DEFENSE**

Pending further investigation and discovery, this Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

**EIGHTH DEFENSE**

This Defendant responds to the specific allegations contained in Plaintiff's Complaint as follows:

**PARTIES AND JURISDICTION**

1.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Upon information and belief, this Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint concerning Defendant Kevin Tate's last known address. This Defendant denies the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

This Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

This Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

This Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

This Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

## COUNT I

## NEGLIGENCE OF DEFENDANT KEVIN TATE

9.

In response to paragraph 9 of Plaintiff's Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 8 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint

11.

Upon information and belief, this Defendant admits that Defendant Kevin Tate, while operating a 2020 Peterbilt owned by Defendant Donnie Wilson Trucking, was involved in a motor vehicle accident on I-75 in Clayton County, Georgia on January 12, 2021. This Defendant denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

This Defendant admits that State and Federal law impose certain duties upon drivers but denies that such are completely or accurately stated in paragraph 12 of Plaintiff's Complaint. This Defendant denies the remaining allegations contained in paragraph 12, including subparagraphs a., b., c., d., e., f., and g., of Plaintiff's Complaint.

13.

This Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

This Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

## COUNT II

## NEGLIGENCE OF DEFENDANT DONNIE WILSON TRUCKING LLC

15.

In response to paragraph 15 of Plaintiff's Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 14 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

This Defendant admits that Defendant Kevin Tate was an employee of Defendant Donnie Wilson Trucking. This Defendant denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

## COUNT III

## NEGLIGENT HIRING AND RETENTION

19.

In response to paragraph 19 of Plaintiff's Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 18 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

This Defendant admits that Federal law imposes certain duties but denies that such are completely or accurately stated in paragraph 20 of Plaintiff's Complaint. This Defendant denies the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

24.

In response to Plaintiff's Prayer for Relief following paragraph 23 of Plaintiff's Complaint, the allegations of said paragraph, including subparagraphs (a), (b), (c), (d), (e), (f) and (g) are denied, and Defendant specifically denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief requested.

25.

This Defendant denies each and every allegation contained in Plaintiff's Complaint which is not herein expressly or specifically admitted and denies any liability to Plaintiff.

26.

This Defendant demands a trial by a jury of twelve as to all issues presented in Plaintiff's Complaint.

WHEREFORE, having fully responded to Plaintiff's Complaint, this Defendant respectfully requests that said Complaint be dismissed, that judgment be issued for Defendant, and that Defendant be discharged without cost.

Respectfully submitted, this 25th day of May, 2022.

**DREW ECKL FARNHAM, LLP**

_/s/ Jennifer E. Parrott_

303 Peachtree Street NE
Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
fischerk@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Katelyn Fischer
Georgia Bar No. 491302

_Attorneys for Defendants_

12626160v1
07723-233515

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART,                    )
                                     )
    Plaintiff,               )
                                     )
v.                                   )  CAFN:  2021CV02654
                                     )
KEVIN TATE and DONNIE WILSON         )
TRUCKING LLC.,                       )
                                     )
    Defendants.              )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing *Defendant Donnie Wilson Trucking LLC's Answer to Plaintiff's Complaint and Demand for Trial by Jury* on Plaintiff through her counsel of record by placing said copy in the United States Mail with sufficient postage affixed thereto, addressed to counsel at his last known address as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

Dated this 25th day of May, 2022.

                      **DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE, Suite 3500      */s/ Jennifer E. Parrott*
Atlanta, GA  30308                      Jennifer E. Parrott
Tel: 404-885-1400                       Georgia Bar No. 080180
Fax:  404-876-0992                    Katelyn Fischer
parrottj@deflaw.com                   Georgia Bar No. 491302
fischerk@deflaw.com

                      *Attorneys for Defendants*

12626160v1
07723-233515

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DESTINIE STEWART,** | **CIVIL ACTION FILE NO:** |
| **Plaintiff,** | |
| **vs.** | |
| **KEVIN TATE and DONNIE WILSON TRUCKING LLC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff DESTINIE STEWART and states her complaint against Defendant KEVIN TATE and DONNIE WILSON TRUCKING LLC., as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff DESTINIE STEWART is a resident of the State of Georgia.

2.

Defendant KEVIN TATE is a citizen and resident of the State of Texas, whose last known residence is 478 FM 2199 S, Marshall, Texas 75672. Defendant KEVIN TATE is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by personal service of the Summons and Complaint at that address. Service on Defendant KEVIN TATE may also be perfected through the Georgia Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A § 40-12-2.

3.

Defendant KEVIN TATE is subject to jurisdiction of this court.

1

4.

Defendant KEVIN TATE has been properly served with process in this action.

5.

Defendant DONNIE WILSON TRUCKING LLC. is a for-profit, foreign corporation authorized to do business in the State of Georgia with its principal place of business located at 1400 McCoy Boulevard, New Boston, Texas 75570. Defendant DONNIE WILSON TRUCKING LLC. is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to its registered agent Nancy L. Selman at PO Box 561, 815 South McCoy Boulevard, New Boston, Texas 75570.

6.

Defendant DONNIE WILSON TRUCKING LLC. is subject to the jurisdiction of this court.

7.

Defendant DONNIE WILSON TRUCKING LLC. has been properly served with process in this action.

8.

Defendants KEVIN TATE and DONNIE WILSON TRUCKING LLC. are joint tortfeasors and as such, venue as to all Defendants is proper in Clayton County, Georgia pursuant to O.C.G.A § 40-12-3.

## COUNT I
## NEGLIGENCE OF DEFENDANT KEVIN TATE

9.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 8 above as if the same were restated herein verbatim.

10.

On January 12th, 2021, Plaintiff DESTINIE STEWART was driving her 2012 Ford Fusion in a prudent and careful manner, traveling northbound on I-75 in Clayton County, Georgia.

11.

At or about that same time, Defendant KEVIN TATE was driving a 2020 Peterbilt Motors Conventional 250 truck owned by Defendant DONNIE WILSON TRUCKING LLC. traveling northbound on I-75 when he negligently, recklessly, carelessly and unlawfully operated said vehicle so as to collide with the left side of the plaintiff's vehicle.

12.

At all relevant times, Defendant KEVIN TATE owed certain civil duties to Plaintiff DESTINIE STEWART, and, notwithstanding those duties, the Defendant did violate them in the following particulars:

a.     In failing to make reasonable and proper observations while driving the 2020 Peterbilt Motors Conventional 250 truck or, if reasonable and proper observations were made, failing to act thereon;

b.     In failing to operate the 2020 Peterbilt Motors Conventional 250 truck within a single lane in violation of O.C.G.A § 40-6-48;

c.     In failing to maintain lane and moving from such lane without ascertaining that such movement can be made with safety in violation of O.C.G.A § 40-6-48.

3

d.     In failing to observe or undertake the necessary precautions to keep the 2020 Peterbilt Motors Conventional 250 truck from colliding with the Plaintiff's vehicle in violation of O.C.G.A § 40-6-390;

e.     In driving his 2020 Peterbilt Motors Conventional 250 truck without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.     In driving the 2020 Peterbilt Motors Conventional 250 truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and,

g.     In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

13.

Defendant KEVIN TATE's violations of the aforementioned statutory duties of care constitute negligence and negligence *per se*.

14.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant KEVIN TATE, DESTINIE STEWART suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to her body and nervous system, personal inconvenience, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff DESTINIE STEWART has incurred in excess of $16,509.50 in past medical expenses, with future medical expenses to be determined.

## COUNT II

## NEGLIGENCE OF DEFENDANT DONNIE WILSON TRUCKING LLC.

### 15.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 14 above as if they were fully restated verbatim.

### 16.

At all relevant times, Defendant KEVIN TATE was an employee and agent of DONNIE WILSON TRUCKING LLC. Defendant KEVIN TATE was driving a 2020 Peterbilt Motors Conventional 250 truck within the course and scope of his employment with Defendant Titan at the time of the subject crash with Plaintiff.

### 17.

Defendant DONNIE WILSON TRUCKING LLC. is liable for the acts and omissions of Defendant KEVIN TATE as Defendant DONNE WILSON TRUCKING LLC.'s agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

### 18.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant DONNIE WILSON TRUCKING LLC., Plaintiff DESTINIE STEWART has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and inability to lead a normal life. As a result of the subject collision, Plaintiff DESTINIE STEWART has incurred in excess of $16,509.50 in past medical expenses, with future medical expenses to be determined.

## COUNT III

## NEGLIGENT HIRING AND RETENTION

19.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18 above as if they were fully restated verbatim.

20.

Defendant DONNIE WILSON TRUCKING LLC. had a duty not to hire drivers it knew or should have known posed a risk of harm to others.

21.

Defendant DONNIE WILSON TRUCKING LLC. breached that duty when it negligently hired, contracted with, and/or retained Defendant KEVIN TATE as a driver and failed the exercise ordinary care to determine his fitness for the task of driving a commercial motor vehicle.

22.

Plaintiff suffered extensive injuries, pain, and suffering as a direct and proximate result of Defendant DONNIE WILSON TRUCKING LLC.'s negligence

23.

Plaintiff is entitled to recover from Defendant DONNE WILSON TRUCKING LLC. for her past, present, and future medical expenses, and her past, present, and future pain and suffering in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendant as provided by law;

(c) That Plaintiff have and recover general damages from such Defendant, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of her injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendant, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendant;

(g) For such other and further relief as this Court deems just and appropriate.

This 31st day of December, 2021.

Respectfully submitted,

*/s/ Michael D. Paul*
MICHAEL D. PAUL
Georgia Bar No. 432559
*Attorney for Plaintiff*

**MORGAN & MORGAN ATLANTA PLLC**
178 S Main St., Unit 300
Alpharetta, GA 30009
Tel: (470) 386-6596
MPaul@forthepeople.com

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| DESTINIE STEWART | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | CIVIL ACTION FILE |
| | * | NO. |
| KEVIN TATE and DONNIE | * | |
| WILSON TRUCKING, LLC, | * | JURY TRIAL DEMANDED |
| | * | |
| Defendants. | * | |

## DEFENDANT DONNIE WILSON TRUCKING LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Donnie Wilson Trucking LLC (hereinafter "Defendant" or "Defendant Donnie Wilson Trucking"), a named Defendant in the above-styled civil action and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages and Demand for Trial by Jury ("Complaint"), showing the Court as follows:

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim against this Defendant upon which relief can be granted.

Page 1 of 12

## SECOND DEFENSE

Plaintiff's alleged damages were directly and proximately caused by the acts or omissions of persons or entities other than Defendants.

## THIRD DEFENSE

While denying Defendants were negligent, even if Defendants were negligent, such alleged negligence did not proximately cause Plaintiff's alleged injuries and damages.

## FOURTH DEFENSE

While specifically denying any negligence on their part, if Defendants were negligent, the negligence of Plaintiff equaled or exceeded any negligence of Defendants.

## FIFTH DEFENSE

While specifically denying any negligence on their part, if Defendants were negligent, any damages awarded to Plaintiff should be reduced proportionally based upon the negligence of Plaintiff and the negligence of other unnamed responsible parties, if any, pursuant to O.C.G.A. § 51-12-33.

## SIXTH DEFENSE

Any acts or omissions by Defendants were unintentional and in the exercise of ordinary care.

**SEVENTH DEFENSE**

Pending further investigation and discovery, this Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

**EIGHTH DEFENSE**

This Defendant responds to the specific allegations contained in Plaintiff's Complaint as follows:

**PARTIES AND JURISDICTION**

1.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Upon information and belief, this Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint concerning Defendant Kevin Tate's last known address. This Defendant denies the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

This Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

This Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

This Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

This Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

## COUNT I

## NEGLIGENCE OF DEFENDANT KEVIN TATE

9.

In response to paragraph 9 of Plaintiff's Complaint, Defendant restates and

incorporates his responses to paragraphs 1 through 8 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint

11.

Upon information and belief, this Defendant admits that Defendant Kevin Tate, while operating a 2020 Peterbilt owned by Defendant Donnie Wilson Trucking, was involved in a motor vehicle accident on I-75 in Clayton County, Georgia on January 12, 2021. This Defendant denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

This Defendant admits that State and Federal law impose certain duties upon drivers but denies that such are completely or accurately stated in paragraph 12 of Plaintiff's Complaint. This Defendant denies the remaining allegations contained in paragraph 12, including subparagraphs a., b., c., d., e., f., and g., of Plaintiff's Complaint.

13.

This Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

This Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

## COUNT II

## NEGLIGENCE OF DEFENDANT DONNIE WILSON TRUCKING LLC

15.

In response to paragraph 15 of Plaintiff's Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 14 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

This Defendant admits that Defendant Kevin Tate was an employee of Defendant Donnie Wilson Trucking. This Defendant denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

## **COUNT III**

## **NEGLIGENT HIRING AND RETENTION**

19.

In response to paragraph 19 of Plaintiff's Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 18 of Plaintiff's Complaint. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

This Defendant admits that Federal law imposes certain duties but denies that such are completely or accurately stated in paragraph 20 of Plaintiff's Complaint. This Defendant denies the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

24.

In response to Plaintiff's Prayer for Relief following paragraph 23 of Plaintiff's Complaint, the allegations of said paragraph, including subparagraphs (a), (b), (c), (d), (e), (f) and (g) are denied, and Defendant specifically denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief requested.

25.

This Defendant denies each and every allegation contained in Plaintiff's Complaint which is not herein expressly or specifically admitted and denies any liability to Plaintiff.

26.

This Defendant demands a trial by a jury of twelve as to all issues presented in Plaintiff's Complaint.

WHEREFORE, having fully responded to Plaintiff's Complaint, this Defendant respectfully requests that said Complaint be dismissed, that judgment be issued for Defendant, and that Defendant be discharged without cost.

Respectfully submitted, this 18th day of August, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/Paul E. Barnhill*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: 404-885-1400
Fax: 404-876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

12867155v1
28765-233515

## <u>CERTIFICATE OF FONT COMPLIANCE</u>

Counsel for Defendants hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 18th day of August, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/ Paul E. Barnhill*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

12867155v1
28765-233515

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DESTINIE STEWART    \*
          \*
  Plaintiff,    \*
          \*
V.         \* CIVIL ACTION FILE
          \* NO.
KEVIN TATE and DONNIE \*
WILSON TRUCKING, LLC, \*
          \*
  Defendants.   \*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am counsel for Defendants and that I have this day filed the foregoing ***Defendant Donnie Wilson Trucking, LLC's Answer to Plaintiff's Amended Complaint and Demand for Trial by Jury*** with the Clerk of Court, using the CM/ECF system, and served a copy of the foregoing upon Plaintiffs via U.S. Mail, adequate postage prepaid, addressed as follows:

Michael D. Paul, Jr.
Morgan &Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049
mpaul@forthepeople.com

This 18th day of August, 2022.

**DREW ECKL & FARNHAM, LLP**

_/s/ Paul E. Barnhill_

303 Peachtree Street, NE      Jennifer E. Parrott
Suite 3500      Georgia Bar No. 080180
Atlanta, Georgia 30308      Paul E. Barnhill
Tel: (404) 885-1400      Georgia Bar No. 425240
Fax: (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com      _Attorneys for Defendants_

12867155v1
28765-233515

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DESTINIE STEWART | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | CIVIL ACTION FILE |
| | * | NO. |
| KEVIN TATE and DONNIE | * | |
| WILSON TRUCKING, LLC, | * | |
| | * | |
| Defendants. | * | |

## DEFENDANT DONNIE WILSON TRUCKING, LLC'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

COMES NOW Donnie Wilson Trucking, LLC ("Wilson") named as Defendant in the above-styled action, and pursuant to Fed. R. Civ. P. 7.1 and L.R. 3.3, hereby submit this Certificate of Interested Persons and Corporate Disclosure Statement as follows:

1.

The undersigned counsel of record for Defendants certifies that, based on the presently available facts, the following is a full and complete list of all parties to this action:

**(a)    Destinie Stewart, Plaintiff.**

**(b)    Donnie Wilson Trucking, LLC, Defendant.**

2.

The undersigned counsel of record for Defendants certifies that, based on the presently-available facts, the following is a full and complete list of the parent corporations and publicly held companies owning ten percent (10%) or more of Donnie Wilson Trucking, LLC's stock:

**(a)    Donnie Wilson is the sole member of Donnie Wilson Trucking, LLC, and there are no parent corporations or publicly held companies owning ten percent (10%) or more of Donnie Wilson Trucking, LLC's stock.**

3.

The undersigned counsel of record for Defendant certifies that, based on the presently-available facts, the other persons, associations, firms, partnerships, or corporations having either a financial interest or other interest which could be substantially affected by outcome of this case:

**Defendant Kevin Tate, who has not yet been served, may have either a financial interest in or other interest which could be substantially affected by the outcome of this particular case.**

4.

The undersigned counsel of record for Defendant certifies that, based on the presently-available facts, the following is a full and complete list of all persons serving as attorneys for the parties in this proceeding:

**For Plaintiffs:**

    **Michael D. Paul, Jr. of Morgan & Morgan Atlanta, PLLC**

**For Defendant:**

    **Jennifer E. Parrott, Esq. of Drew Eckl & Farnham, LLP**

    **Paul E. Barnhill, Esq. of Drew Eckl & Farnham, LLP**

This 18th day of August, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/Paul E. Barnhill*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: 404-885-1400
Fax: 404-876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

*Attorneys for Defendants*

12860005v1
28765-233515

## **CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendants hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 18th day of August, 2022.

DREW ECKL & FARNHAM, LLP

*/s/ Paul E. Barnhill*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DESTINIE STEWART         *

       Plaintiff,           *

                           *

V.                          *    CIVIL ACTION FILE

                           *    NO.

KEVIN TATE and DONNIE     *

WILSON TRUCKING, LLC,      *

                           *

       Defendants.        *

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am counsel for Defendants and that I have this day filed the foregoing ***Defendant Kevin Tate and Donnie Wilson Trucking, LLC's Certificate of Interested Persons and Corporate Disclosure Statement*** with the Clerk of Court, using the CM/ECF system, and served a copy of the foregoing upon Plaintiffs via U.S. Mail, adequate postage prepaid, addressed as follows:

Michael D. Paul, Jr.
Morgan &Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049
mpaul@forthepeople.com

This 18th day of August, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/ Paul E. Barnhill*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

12860005v1
28765-233515

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DESTINIE STEWART | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | CIVIL ACTION FILE |
| | * | NO. |
| KEVIN TATE and DONNIE | * | |
| WILSON TRUCKING, LLC, | * | |
| | * | |
| Defendants. | * | |

### <u>NOTICE OF LEAVE OF ABSENCE</u>

COMES NOW, Jennifer E. Parrott, lead counsel for Defendants, and pursuant to L.R. 83.1(E)(4), respectfully notifies the Court and all opposing counsel that she will be on leave as follows:

1.

The periods of leave during which time lead counsel Jennifer E. Parrott will be away from the practice of law are:

September 1 – 6, 2022

November 18 – 28, 2022

December 26, 2022 – January 8, 2023

Page 1 of 4

2.

The purpose of the leave is for family vacation, professional conferences, and speaking engagements.

This the 18th day of August, 2022.

Respectfully submitted,

**DREW, ECKL & FARNHAM, LLP**

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
T: 404-885-1400
F: 404-876-0992
parrottj@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180

*Attorney for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DESTINIE STEWART | * | |
| | * | |
|    Plaintiff, | * | |
| | * | |
| V. | * | CIVIL ACTION FILE |
| | * | NO. |
| KEVIN TATE and DONNIE | * | |
| WILSON TRUCKING, LLC, | * | |
| | * | |
|    Defendants. | * | |

**CERTIFICATE OF SERVICE AND COMPLIANCE
WITH LOCAL RULE 5.1(C)**

I HEREBY CERTIFY, that I have this day filed the **NOTICE OF LEAVE
OF ABSENCE** with the Clerk of Court using the CM/ECF system and served a
copy of the foregoing upon Plaintiff's counsel via U.S. Mail, adequate postage
prepaid, addressed as follows:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049
mpaul@forthepeople.com

I further certify that the foregoing has been prepared with Times New Roman, 14 point font, in compliance with L.R. 5.1(C).

This the 18th day of August, 2022.

Respectfully submitted,

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
T: 404-885-1400
F: 404-876-0992
parrottj@deflaw.com
12871066v1
28765-233515

/s/ Jennifer E. Parrott
Jennifer E. Parrott
Georgia Bar No. 080180

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

CASES ASSIGNED TO
JUDGE SARAH E. GERAGHTY

## **STANDING ORDER REGARDING CIVIL LITIGATION**

This case has been assigned to Judge Sarah E. Geraghty.  The purpose of this order is to inform the parties and their counsel of the Court's policies, procedures, and practices. It is issued to promote the just and efficient determination of the case. This order, in combination with this Court's Local Rules and the Federal Rules of Civil Procedure, shall govern this case, superseding any previous case instruction orders.  This order is available on the Court's website at https://www.gand.uscourts.gov/instructions-individual-judges.

# TABLE OF CONTENTS

I.   GENERAL MATTERS ................................................................ 4

   A.  Applicable Rules ............................................................. 4

   B.  Contacting Chambers ...................................................... 4

   C.  Transcripts .................................................................... 5

   D.  Courtesy Copies of Documents ........................................ 5

   E.  Labeling E-Filed Exhibits and Attachments ..................... 6

   F.  Admission of Counsel Pro Hac Vice ................................. 6

   G.  Electronic Filing Required for All Counsel ....................... 6

   H.  Withdrawal or Substitution of Counsel ........................... 7

   I.  Representation of Corporations ....................................... 7

   J.  Limited Liability Companies; Jurisdiction ....................... 8

II.  *PRO SE* LITIGANTS .............................................................. 8

   A.  In General ..................................................................... 8

   B.  Communications and Filings ........................................... 9

   C.  Service of Documents .................................................... 11

III.  CASE ADMINISTRATION ..................................................... 13

   A.  Conferences ................................................................. 13

   B.  Proposed Orders .......................................................... 13

   C.  Extensions of Time ....................................................... 14

   D.  Page Limit Extensions .................................................. 14

   E.  Stipulations Regarding Time and Page Extensions ........... 15

   F.  Page Limits for Objections to Magistrate Judges' Reports and Recommendations .................................................... 15

   G.  Motions to Seal ............................................................ 15

   H.  Anticipated Settlements; Alerting the Court ................... 15

IV. DISCOVERY ................................................................................ 16

    A. General Principles of Discovery ............................................. 16

    B. Joint Preliminary Report and Discovery Plan ..................... 17

    C. Initial Disclosures ................................................................ 17

    D. Discovery Responses; Boilerplate and General Objections ........ 18

    E. Interrogatories ...................................................................... 18

    F. Requests for Production or Inspection ................................. 19

    G. Requests for Admission ......................................................... 20

    H. Depositions ............................................................................ 21

    I. Discovery Disputes; Requirements Before Filing Certain Discovery Motions ...... 21

    J. Confidentiality Agreements, Protective Orders, and Motions to Seal ...... 23

V. MOTIONS FOR SUMMARY JUDGMENT ............................. 25

    A. Record References .................................................................. 25

    B. Statement of Material Facts & Response ............................. 26

    C. Requests for Oral Argument ................................................. 27

VI. PRETRIAL ORDER, PRETRIAL CONFERENCE AND TRIAL ........... 27

    A. Pretrial Order ........................................................................ 27

    B. Pretrial Conference ............................................................... 29

    C. Time in Court During Trial ................................................... 30

    D. Voir Dire ................................................................................ 30

    E. Courtroom Procedure at Trial .............................................. 32

    F. Courtroom Technology .......................................................... 35

    G. Jury Instructions .................................................................. 36

## I.   GENERAL MATTERS

### A.   <u>Applicable Rules</u>

Attorneys and *pro se* litigants (parties without an attorney)

appearing in this court in civil litigation must observe three sets of

rules:

1. The Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

2. The Local Rules for the Northern District of Georgia ("LR,
   NDGA").

3. The rules contained in this Standing Order.

The Federal and Local Rules are available under the "Rules" tab

on the Court's website:  http://www.gand.uscourts.gov.

### B.   <u>Contacting Chambers</u>

Stephanie Pittman, the Courtroom Deputy Clerk, is your principal

point of contact on matters related to this case.  Please note that Ms. Pittman

is often in the courtroom, so telephone messages may not be returned for 24

hours.  The contact information for Ms. Pittman is as follows:

> Ms. Stephanie Pittman
> Courtroom Deputy Clerk
> 2321 United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303-3309
> (404) 215-1494
> Stephanie_Pittman@gand.uscourts.gov

Neither the parties nor their counsel should discuss the merits of the case with Ms. Pittman or any of the Court's law clerks.

### C. **Transcripts**

Requests for trancripts should be directed to the official court reporter who took down the proceeding. Contact information for all of the District Court reporters is available on the Court's website at http://www.gand. uscourts.gov/directory-court-reporters.

### D. **Courtesy Copies of Documents**

Except for emergency motions filed pursuant to Local Rule 7.2(B),[1] the delivery of a hard copy of a document, in addition to the electronically filed copy, is not necessary, as the Court prefers to rely on its electronic access to court filings. The Court may, however, request courtesy copies of motions with voluminous exhibits.

If they are requested, courtesy copies of documents may be hand-delivered to chambers in Room 2321 on the 23rd floor of the Richard B. Russell Federal Building or submitted by regular mail to the attention of the Courtroom Deputy Clerk at the above-provided address.

---

[1] *Pro se* litigants are not required to provide courtesy copies of documents for cases before Judge Geraghty.

5

Courtesy copies of motions and exhibits should be printed double-sided directly from the docket on the CM/ECF system with the docket header across the top of the document so that the case number, docket number, and page numbers appear on each page. Courtesy copies should be assembled in a tabbed, indexed three-ring binder.

### E.    Labeling E-Filed Exhibits and Attachments

The parties should label all electronically uploaded exhibits and attachments according to their content. For example, documents should be uploaded as Ex. A: Smith Deposition, Ex. B: Employment Contract, and Ex. C: Jones Letter, rather than Ex. A, Ex. B, and Ex. C.

### F.    Admission of Counsel *Pro Hac Vice*

In the event that lead counsel has been admitted *pro hac vice*, local counsel is required to be familiar with the case and may be called upon to attend hearings or participate in conferences on behalf of the lead counsel.

### G.    Electronic Filing Required for All Counsel

All counsel — including counsel admitted *pro hac vice* — must register and participate in the Court's electronic filing system, CM/ECF (Case

Management/Electronic Case Filing). For further information about

electronic filing, please consult:

(1)     Standing Order 19-01 at https://www.gand.uscourts.gov/sites/default/files/NDGARulesAppH.pdf

(2)     Local Rule 5.1, NDGa

(3)     Instructions under the "Electronic Filing" tab on the Court's website at https://www.gand.uscourts.gov/electronic-case-filing-information.

Failure to register for the Court's electronic filing system may prevent

counsel from receiving notification of documents filed in their cases.

### H.    <u>Withdrawal or Substitution of Counsel</u>

Counsel should comply with Local Rule 83.1, NDGa, when substituting

or withdrawing as counsel. Counsel who do not comply with this Local Rule

will not be permitted to withdraw from the case until compliance is achieved.

### I.    <u>Representation of Corporations</u>

Corporate entities must be represented by an attorney. A corporate

officer may not represent the corporation unless that officer is also licensed to

practice law in Georgia. *See* Local Rule 83.1, NDGa. Failure to comply with

this rule can result in dismissal of a corporation's complaint or default being

entered against the corporation.

### J.   Limited Liability Companies; Jurisdiction

For cases brought before the Court based on diversity of citizenship under 28 U.S.C. § 1332, the Court must decide whether it has jurisdiction based on the citizenship of individuals and entities. In cases in which one or more parties is a limited liability company, partnership, or similar entity, the removing party must provide the Court with the identity and citizenship of each of the entity's members and sub-members (or partners and sub partners), until the Court is left only with individuals or corporations to evaluate for diversity of citizenship purposes.   Counsel representing limited liability companies (LLCs) in diversity cases are encouraged to read the following decisions of the Eleventh Circuit Court of Appeals: *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020 (11th Cir. 2004);  *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304 (11th Cir. 2011); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017).

## II.   *PRO SE* LITIGANTS

### A.   In General

Parties proceeding *pro se* (without an attorney) are advised that they must comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as

well as the Local Rules of the United States District Court for the Northern District of Georgia ("LR, NDGa."). *Pro se* parties may obtain certain materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia. Many documents are also available on the Court's website at www.gand.uscourts.gov. The Federal Bar Association has created a handbook for litigants who are representing themselves in federal court. This handbook is available at https://www.fedbar.org/wp-content/uploads/2019/12/Pro-Se-Handbook-APPROVED-v2019-2.pdf.

### B.  Communications and Filings

Parties litigating a case in federal court should not have *ex parte* communications with the judge or the judge's staff. "*Ex parte* communications" mean any contact with the judge or judge's staff outside the presence of the opposing party or opposing party's counsel. This includes, but is not limited to, telephone calls, written correspondence, or in-person contact, by one party or party's counsel.

If a litigant seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's Office, and serve the opposing party or party's counsel. *See* Fed. R. Civ. P. 5; Local Rule 5.1 and 5.2, NDGa.; *see also* Local Rule 7.4, NDGa.

9

("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter.  A letter seeking such action ordinarily will not be treated as a motion.")

All filings must be submitted to the Clerk's Office for inclusion in the record of the case.  *Pro se* litigants may send their filings by mail to the following address:

> Office of the Clerk
> Room 2211
> United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303

Alternatively, filings may be submitted in person at the Clerk's Office on the 22nd floor of the United States Courthouse located at 75 Ted Turner Drive, SW, Atlanta, GA 30303.  The Clerk's Office is open from 8:00 AM - 4:45 PM, Monday-Friday.  A drop box for filings is available Monday-Friday until 6:00 PM.  Any filings left in the drop box will be deemed filed as of the date they are left in the drop box.  All filings should include a case number. Questions regarding filing documents should be directed to the Clerk's Office helpline at (404) 215-1655 between 8:00 AM and 4:45 PM, Monday - Friday.  Emails to the Courtroom Deputy Clerk do not constitute official filings with the Court.

*Pro se* parties are required to keep the Court advised of their current address at all times while the case is pending.  Local Rule 83.1(D)(3), NDGa

states that counsel and *pro se* parties have a duty to notify the Clerk's Office by letter of any change in address and/or telephone number.

*Pro se* parties are encouraged to provide the opposing party/counsel with an email address for purposes of communicating regarding the case and serving copies of pleadings filed and served via regular mail. If a *pro se* party provides an email address, opposing counsel shall serve copies of all pleadings by email and regular mail. <u>*Pro se* parties are advised, however, that the Court will serve them orders and notices by mail only and not by email.</u>

### C.  <u>Service of Documents</u>

The Clerk of Court and the U.S. Marshals Service will not serve documents filed by any party unless expressly directed to do so by the Court. The Court will only direct the Clerk or the U.S. Marshals Service to serve documents in the following instances:

(1) In the event a plaintiff is granted leave to proceed *in forma pauperis* (without prepayment of fees), the Court will direct the Clerk to prepare (and deliver to the U.S. Marshals Service if necessary) a service package containing the complaint or other case initiating document(s); or

(2) In exceptional circumstances under the Court's discretion.

Under other circumstances, parties must hire a private process server. The National Association of Professional Process Servers provides a search engine for locating process servers at its website www.napps.org.

A *pro se* plaintiff is required to provide the Clerk with an original of any further pleadings or other papers filed with the Court after the complaint. A *pro se* plaintiff is further required to serve upon the defendant(s) or counsel for the defendant(s),[2] a copy of every additional pleading or other paper described in Rule 5 of the Federal Rules of Civil Procedure.

Each pleading or paper described in Rule 5, including papers related to discovery required to be served, motions, notices and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was served (e.g., mailed or hand-delivered) on the defendant(s) or their counsel.

Please note that a motion is considered unopposed if the deadline for a response passes without a response being filed. *See* Local Rule 7.1B, NDGa. Furthermore, under Local Rule 56.1, NDGa, if a party files a motion for summary judgment, the failure by the responding party to contest the

---

[2] Once counsel for a party has appeared in the case, it is not necessary to serve the party individually; service on counsel is sufficient.

movant's statement of material facts will be taken as an admission of those facts not objected to in respondent's statement.

## III.   CASE ADMINISTRATION

### A.   <u>Conferences</u>

Scheduling, discovery, pretrial, and settlement conferences promote the speedy, just, and efficient resolution of cases.  Therefore, any party is welcome to request a conference with the Court when the party believes that a conference will be helpful and the party has specific goals for the conference.  Conferences may be requested by contacting the Courtroom Deputy Clerk.

### B.   <u>Proposed Orders</u>

Please provide a proposed order for (1) consent, unopposed, or joint motions; (2) motions seeking an extension of time, and (3) motions seeking an extension of page limitations.  The proposed order should be filed along with the motion by CM/ECF.  In all other instances, no proposed order is required unless specifically requested.

When a party is required to submit proposed findings of fact and conclusions of law, *see* Local Rule 16.4B(25), NDGa, the filing party should provide an electronic copy of the document in Microsoft Word format to the

Courtroom Deputy Clerk, Ms. Pittman, at Stephanie_Pittman@gand.

uscourts.gov.  The party should also file a copy of the document on the docket

of the case.

### C.    Extensions of Time

The Court, along with the parties, is responsible for processing cases

toward prompt and just resolutions.  To that end, the Court seeks to set

reasonable but firm deadlines.   Motions for extension, whether joint,

unopposed, or designated as consent, will not be granted as a matter of

course.  Parties seeking an extension should explain with specificity the

unanticipated or unforeseen circumstances necessitating the extension and

should set forth a timetable for the completion of the tasks for which the

extension is sought.  Whenever possible, parties should indicate whether the

opposing party consents to the extension.  The parties are encouraged to file

any motion requesting an extension at least 2 days before the deadline in

question.

### D.    Page Limit Extensions

Requests for extensions of the page limits in the Local Rules will not be

granted as a matter of course.  Parties seeking an extension of the page limit

must do so at least 2 days in advance of their filing deadline and should explain

with specificity the circumstances necessitating additional pages. Whenever possible, parties should indicate whether the opposing party consents to the request for additional pages.

### E. Stipulations Regarding Time and Page Extensions

Parties may not stipulate to extensions of time or additional pages. Instead, the Court requires the parties to file a motion, as explained above.

### F. Page Limits for Objections to Magistrate Judges' Reports and Recommendations

Objections and responses to objections shall be limited to 15 pages, absent special permission of the Court.

### G. Motions to Seal

Please see page 24.

### H. Anticipated Settlements; Alerting the Court

When all parties to a matter have reached a tentative settlement or agreed to a settlement in principle, but have not yet completed all steps necessary to document the settlement, they should alert the Court to this status by filing a Notice of Settlement (or Notice of Tentative Settlement) that indicates the amount of time needed to complete the settlement process and dismiss the action. This notice does not end the case. Once the

settlement is finalized, the parties must complete the final step of dismissing the case.  *See* Fed. R. Civ. P. 41.

## IV.  DISCOVERY

### A.  <u>General Principles of Discovery</u>

In conducting discovery, counsel and *pro se* litigants should be guided by courtesy, candor and common sense, and should conform to the Federal Rules of Civil Procedure, the Local Rules and applicable orders.  In particular, counsel and *pro se* litigants should have in mind the restrictions on the scope of discovery stated in Federal Rule of Civil Procedure 26(b) and the good faith obligations in Rule 26(g).  Direct and informal communication between counsel is encouraged to facilitate discovery and resolve disputes.

<u>All discovery must be served early enough so that the responses thereto are due on or before the last day of the discovery period.</u>  Requests for extension of the discovery period or deadlines within the discovery period must be made in accordance with Local Rule 26.2(B), NDGa.  All requests for extensions of the discovery period must be made by motion filed prior to the expiration of the existing discovery period.  Stipulations between the parties for the extension of discovery do not constitute official extensions.  Any extension must be made by order of the Court.  The Court does not allow

evidence at trial which was requested and not revealed during the discovery period.

### B.  Joint Preliminary Report and Discovery Plan

Prior to filing the Joint Preliminary Report and Discovery Plan, lead counsel for all parties are required to confer in an effort to settle the case, discuss discovery, limit issues, and discuss other matters. Local Rule 16.1, NDGa.  With respect to deadlines addressed in the Report, the Court requires specific due dates to be provided. For example, the parties should state in the proposed Scheduling Order submitted with the Report the dates for the end of discovery based on the track set forth by the Court for the category of case involved, for the filing of dispositive motions, and for the filing of the Pretrial Order. In certain cases, the Court may schedule a Rule 16 conference. Whether a conference will be scheduled generally will be determined after the Court reviews the Joint Preliminary Report and Discovery Plan. The Court will typically schedule a conference if any party so requests.

### C.  Initial Disclosures

The judge expects the parties to take seriously their obligations under Fed. R. Civ. P. 26(a)(1).  Initial disclosures should be as complete as possible

based upon information reasonably available. Responses may not be reserved for later supplementation.

### D.  <u>Discovery Responses; Boilerplate and General Objections</u>

Federal Rules of Civil Procedure 33(b)(4) and 34(b)(2)(B) prohibit boilerplate and general objections in response to discovery requests.  Parties should not carelessly invoke the usual litany of rote objections, i.e., attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence. Instead, each individual discovery request must be met with specific objections which apply to each request.  Any general objections shall be disregarded by the Court.

### E.  <u>Interrogatories</u>

The parties are expected to observe the limitations regarding the number and scope of interrogatories as stated in Fed. R. Civ. P. 26(b) and 33. Counsel's or a *pro se* litigant's signature on the interrogatories constitutes a certification of compliance with those limitations. Interrogatories should be brief, straightforward, neutral, particularized, and capable of being understood by jurors when read in conjunction with the answer. Ordinarily, they should be limited to requesting objective facts, such as the identification

of persons or documents, dates, places, transactions, and amounts. Argumentative interrogatories, attempts to cross-examine, and multiple repetitive interrogatories are objectionable.

Federal Rule of Civil Procedure 33(b)(3) requires the respondent to provide separate written answers to each interrogatory unless it is objected to. If an objection is made, the reason(s) for the objection shall be stated and the interrogatory is to be answered to the extent it is not objectionable. When in doubt about the meaning of an interrogatory, give it a reasonable interpretation (which may be specified in the response) and answer it so as to provide rather than deny information. Generally, the responding party is required to produce information only in the form in which it is maintained or is available. If an answer is made by reference to a document, attach it or identify it and make it available for inspection. Generalized cross-references, such as to a deposition, are not acceptable answers. If an objection is based on privilege, the claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity.

## F.    Requests for Production or Inspection

Please consult Fed. R. Civ. P. 26(b) and 34 about the permissible scope of discovery and objections. To the extent possible, requests should specify with particularity the title and description of documents or records

requested. (Information needed for specification can often be obtained by informal discovery, deposition, or interrogatories, if necessary.) The certification requirement of Fed. R. Civ. P. 26(g) applies.

When responding to requests, materials (including electronically stored information) should be produced in accordance with Fed. R. Civ. P. 34(b)(2)(E). Documents should be produced either (1) with labels corresponding to the categories in the specific requests to which they respond, or (2) in a format that makes it clear which document is responsive to each particular request. Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, and similar procedures do not meet the good faith requirements of the rules.

## G.   **Requests for Admission**

Requests for admission are an economical and efficient means of narrowing issues and making a record of informal exchanges of information, stipulations, and matters subject to judicial notice. Each request should be brief, clear, simple, addressed to a single point and stated in neutral, nonargumentative language. Requests ordinarily should deal with only objective facts. The counsel's or *pro se* litigant's signature certifies compliance with Fed. R. Civ. P. 26(g). Fed. R. Civ. P. 36(a)(4) requires that a response specifically deny a matter or set forth in detail the reasons why the

party cannot admit or deny. A denial shall fairly meet the substance of the request, and when good faith requires, a party shall specify so much as is true and qualify or deny the remainder. The responding party has a duty to make reasonable inquiry before responding.

### H. Depositions

Barring extraordinary circumstances, opposing counsel and *pro se* litigants should be consulted, and the convenience of counsel, witnesses, and the parties accommodated, before a deposition is noticed.

Questions should be brief, clear, and simple. A deposition should not be used to harass or intimidate a witness.

Under Fed. R. Civ. P. 30(c)(2), objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record, but the evidence objected to shall be taken subject to the objection. In the absence of a good faith claim of privilege, instructions not to answer are rarely justified.

### I. Discovery Disputes; Requirements Before Filing Certain Discovery Motions

Notwithstanding Local Rule 37.1, NDGa, prior to filing any motion related to discovery, including but not limited to motions to compel discovery, to quash a subpoena, for a protective order, or for sanctions (with the

exception of unopposed, consent, or joint motions to extend the discovery period), the movant, after conferring with the respondent in a good-faith effort to resolve the dispute by agreement, must contact the Courtroom Deputy Clerk, Ms. Pittman, by email, copying opposing counsel, to notify her that there is a discovery dispute. The Court will then likely schedule a conference call. Prior to the call, the Court will typically request that each side submit a brief statement by email of no more than 3 pages setting forth the issues in advance of the conference call. If the statements refer to specific discovery requests, those requests should be provided in their entirety with the parties' response. Ms. Pittman will then schedule a conference call in which the Court will attempt to resolve the matter without the necessity of a formal motion, and a court reporter will be provided by the Court to take down the conference call. <u>Please note that any motions to compel, to quash a subpoena, or for sanctions will be denied without prejudice if this procedure is not followed by any party.</u>

In addition, if any party has a dispute with a non-party (e.g., regarding a subpoena), the party and the non-party must follow these instructions, and the party must promptly inform the non-party of this discovery-dispute policy. If the non-party requires the Court's involvement in resolving the dispute, it

should not file a motion, but rather, should follow the procedure detailed in this subparagraph.

The Court usually is available by telephone to resolve objections and disputes that arise during depositions. Counsel should not hesitate to call Judge Geraghty (404-215-1490) if a bona fide dispute arises during a deposition that the parties cannot resolve despite a good-faith effort to do so.

**J.      Confidentiality Agreements, Protective Orders, and Motions to Seal**

The Court discourages the excessive use of consent protective confidentiality orders that allow counsel to designate documents, tangible things, and information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."  While the Court recognizes the legitimacy of such orders in some cases, the Court's experience is that such orders are used more often than truly necessary. The Court is aware that the parties will at times agree to designate documents as "confidential." However, the Court will not approve consent protective orders that conflict with the Court's view on the sealing of materials.

As a guide to counsel, the Court notes that (in most cases) documents, tangible things, and information ordinarily are not truly confidential unless they constitute either (1) a "trade secret," as defined by Section 1(4) of the

Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social Security number; or (3) personal health information protected by the Health Insurance Portability and Accountability Act. Counsel should also be aware that the Court is not hesitant to sanction a party and/or counsel for abusing a protective confidentiality order by too readily designating documents, tangible things, and/or information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."

If the parties find that a confidentiality agreement or protective order is necessary, the parties must follow the practice for filing and sealing documents as described in the Court's Procedure for Electronic Filing Under Seal in Civil Cases,[3] and must include the following provision in any proposed agreement or protective order submitted for the Court's consideration:

> Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.
>
> For documents filed other than during a hearing or trial, as a general

---

[3] This document is available at http://www.gand.uscourts.gov/sites/default/files/NDGARulesAppH.pdf.

matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02[4] regarding sensitive information and public access to electronic case files.

As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information. The parties should refrain from sealing an entire document when only certain information is confidential.

In addition, the Court will normally not seal documents used in open court at a hearing or trial absent extraordinary circumstances.

## V.  MOTIONS FOR SUMMARY JUDGMENT

### A.  Record References

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts. If citing a document that has previously been docketed, the party's citation

---

[4] This document is available at http://www.gand.uscourts.gov/system/files/Standing_Order_04-02.pdf.

should include the number of the docket entry where the document appears. Pinpoint citations should provide the page number stamped by the Court's electronic filing system on the heading of the document. For example: [Doc. 100 at 20].

The party should include in the brief, immediately following a deposition reference, a citation indicating the page of the transcript where the referenced testimony can be found. The party need not attach to the brief a copy of the entire deposition transcript. The entire deposition transcript is to be filed separately under a notice of filing original deposition transcript.

### B. <u>Statement of Material Facts & Response</u>

Local Rule 56.1(B), NDGa, contains information on the form for a movant's statement of material facts. "Each material fact must be numbered separately and supported by a <u>citation to evidence</u> proving such fact." Local Rule 56.1(B), NDGa (emphasis added). A party responding to a statement of material facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following.

### C.  Requests for Oral Argument

In accordance with Local Rule 7.1(E), motions are usually decided without oral argument, but the Court may ask for argument and will consider any request for a hearing.  If oral argument is requested, the party should specify the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument.  The Court will look favorably on requests for oral argument in any case in which a lawyer with less than five (5) years experience will be chiefly responsible for oral argument.

## VI.  PRETRIAL ORDER, PRETRIAL CONFERENCE AND TRIAL

### A.  Pretrial Order

The proposed consolidated Pretrial Order shall be filed no later than 30 days after the close of discovery, or entry of the Court's ruling on any pending motions for summary judgment, whichever is later, unless another specific date has been set by the Court.

The statement of contentions in the Pretrial Order governs the issues to be tried. Plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought. The specific actionable conduct should be set out and, in a multi-defendant case, the actionable conduct of each Defendant should be

identified. Defendant should explicitly set out any affirmative defenses upon which it intends to rely at trial, as well as satisfy the above requirements with respect to any counterclaims.

Prior to listing questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve or questions which the parties wish to propound to the jurors on voir dire examination, please review the qualifying and background questions listed in Exhibits A and B to this Standing Order that are regularly asked by the Court in all civil trials. Please do not duplicate any of these questions in your proposed voir dire requests.

The exhibits intended to be introduced at trial shall be specifically identified. The parties shall mark their exhibits using Arabic numbers (Plaintiff's Exhibits 1 or Plaintiff Jones-1 if more than one plaintiff, for example). The parties shall adhere to the guidelines of color coding of exhibit stickers set forth in Local Rule 16.4B (19)(b), NDGa.

In listing witnesses or exhibits, a party may not reserve the right to supplement their list nor may a party adopt another party's list by reference. Witnesses and exhibits not identified in the Pretrial Order may not be used during trial unless a party can establish that the failure to permit their use would cause a manifest injustice.

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory, or request to admit response, or portion thereof, which the party expects to or may introduce at trial, except for impeachment. All exhibits, depositions, and interrogatory and request to admit responses shall be admitted at trial when offered unless the opposing party indicates an objection to it in the Pretrial Order.

### B.     Pretrial Conference

The Court will conduct a pretrial conference prior to trial. The purpose of the conference is to simplify the issues to be tried, rule on evidentiary objections raised in the Pretrial Order and motions in limine, and review proposed voir dire requests.

The attorneys for all parties are directed to meet together by agreement, initiated by counsel for the Plaintiff, no later than 10 days before the date of the pretrial conference to discuss settlement, and stipulate to as many facts and issues as possible.

At the pretrial conference, the parties will be required to identify the specific witnesses that will be called in their case-in-chief. The Court may require the parties to bring to the pretrial conference those exhibits they plan to introduce at trial and to which there are objections, so that the Court may

consider the objections. Unless otherwise indicated, the Court will decide motions in limine prior to or at the pretrial conference.

### C. Time in Court During Trial

The Court usually is in session from 9:00 a.m. until 5:00 p.m. There will be a 15 minute recess mid-morning and again mid-afternoon, as well as a lunch break.

<u>When the jury is in the courtroom, it is the Court's and the litigants' responsibility to use the jury's time efficiently</u>. If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the start of the trial day.

### D. Voir Dire

Voir dire will be conducted as follows. In civil cases that are not expected to last more than one week, the Court will empanel eight jurors. The panel from which the eight will be selected will normally consist of eighteen to twenty prospective jurors. The Court may empanel additional jurors for cases expected to last more than one week. The number to empanel will be determined after receiving input from the parties. Except in unusual circumstances, no alternates will be empaneled for civil cases.

During voir dire, the Court will briefly inform the jury of the name and nature of the case and ask a series of qualifying questions contained in the list attached as Exhibit A. Counsel may request that additional qualifying questions be asked by the Court. The Court will then ask each juror to verbally respond to a series of background questions that are contained in the list attached as Exhibit B. Following the qualifying and background questions asked by the Court, counsel for each side will be permitted to question the jurors collectively and/or individually using voir dire questions previously approved by the Court and to question any juror as a follow-up to that juror's previous response to a qualifying or background question. The Court typically will permit each party no more than 20 minutes for questions and follow-up.

The jury will then be excused from the courtroom for a 15 minute recess to permit counsel time to review their notes prior to striking the jury. All challenges for cause will be heard at this time. Prior to returning the jury to the courtroom, the Court will consider any requests by counsel to ask any brief follow-up questions to any particular juror(s). After the Court rules on any such requests, the jury will be brought back into the courtroom.

After the Court asks any necessary follow-up questions, counsel shall strike the jury. Each side shall be entitled to 3 peremptory strikes. The

Courtroom Deputy Clerk will pass the peremptory strike sheet back and forth between counsel, beginning with plaintiff, and counsel will write one juror number to be stricken. This will continue until each side has exercised its allotted strikes. The Court will then call the names of the jurors who have been selected, and they will take a seat in the jury box. At this time, counsel may make motions challenging the makeup of the jury at a sidebar. The remaining panel will be excused, and the selected jury will be sworn.

### E.    **Courtroom Procedure at Trial**

Opening statements generally are limited to 20 minutes per side. Closing arguments generally are limited to 30 minutes per side. Parties requesting more time for these presentations must seek leave of Court at the pretrial conference.

It is each party's responsibility to have enough witnesses on hand for each day's proceedings.

To assist the Court Reporter, all communications to the Court should be made before a microphone from a position at counsel table or from the lectern.  During trial, a portable microphone is available that will allow counsel to move about the courtroom. Any witness not testifying from the witness stand must also use a portable microphone.

Arrangements with the Courtroom Deputy Clerk for the use of chalkboards, view boxes, tripods, or other visual aids should be made sufficiently in advance so that they may be set up while court is not in session.

Exhibits must be examined and marked before trial in compliance with Local Rule 16.4, NDGa. A notebook containing all exhibits should be tendered to the Courtroom Deputy Clerk prior to the start of trial, for use by the judge on the bench during proceedings.

Because enlarged exhibits and demonstrative boards are often placed on an easel in front of the jury and thus out of the Court's view, it would be helpful if counsel, when showing such an exhibit or board to the jury, would provide the Court with a small (e.g., letter or legal-sized) copy of the exhibit or board so the Court can view its contents.

All papers intended for the judge should be handed to the Courtroom Deputy Clerk, who will pass them to the judge. Counsel are not required to obtain permission from the judge to approach a witness in order to show the witness an exhibit or other document.

Only one attorney per party may object to the testimony of a witness being questioned by an opposing party. The objection must be made by the attorney who has conducted or is to conduct the examination of the witness.

Offers or requests for stipulations should be made privately, not within the hearing of the jury.

Counsel should refrain from putting any matter before the jury in the form of a question that counsel knows or expects will be subject to an objection that is likely to be sustained. Such matters should be taken up with the Court outside the presence of the jury.

Counsel should not ordinarily make motions in the presence of the jury. Such matters may be raised at the first recess or at sidebar. A motion for mistrial must be made immediately, but the Court may require argument at the next recess or excuse the jury. When making an objection, counsel shall state only the legal basis of the objections (e.g., "leading" or "hearsay") and should not elaborate, argue, or refer to other evidence unless asked to do so by the judge.

Counsel should not address comments or questions to each other. All arguments, objections, and motions should be addressed to the Court. The Court expects approximately six hours of testimony per day in jury trials and will not allow sidebar conferences or lengthy hearings outside the presence of the jury to disrupt the orderly presentation of evidence.

### F.    <u>Courtroom Technology</u>

Our courtroom has various electronic equipment for use by counsel at trial. For more information on the equipment, or to schedule an opportunity to test the equipment, please contact the Courtroom Deputy Clerk. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

A Court order is required to bring boxes of exhibits, electronic devices such as projectors or laptops, etc. (virtually anything necessary for use at trial) into the courthouse.[5] The parties should file a motion, with a proposed order, detailing the equipment they wish to bring into the courtroom. This should be done not less than three (3) business days prior to the hearing or trial, to allow for proper notification to the United States Marshals Service.

---

[5] Members of the Northern District of Georgia's Bar may apply for an attorney ID card (commonly referred to as the "Blue Card"). The Blue Card will allow approved attorneys to bring cellular telephones with cameras and some other electronic equipment into the courthouse without a court order. The procedure for obtaining a Blue Card is explained on the Court's website under the "Attorney Information" page. Please contact the U.S. Marshals Service to clarify what equipment attorneys are permitted to bring into court with a Blue Card.

### G.  Jury Instructions

A single, unified set of requests to charge and proposed verdict forms are required to be filed no later than seven (7) days before the date of trial and emailed to the Courtroom Deputy Clerk in Microsoft Word format. Where a proposed instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction. Counsel must use the Eleventh Circuit Pattern Jury Instructions, if applicable. If state law applies, counsel shall use the Suggested Pattern Jury Instructions by the Council of Superior Court Judges of Georgia. Charges for which there is not a pattern charge must contain citations to the legal authorities supporting the charge requested.

**IT IS SO ORDERED**.

Sarah E. Geraghty
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DESTINIE STEWART,               )
                               )
      Plaintiff,          )
                               )
v.                             )  CAFN.:1:22-cv-03324-SEG.
                               )
KEVIN TATE and DONNIE WILSON   )
TRUCKING LLC.,                 )
                               )
      Defendants.          )

## RULE 5.4 CERTIFICATE OF DISCOVERY

Pursuant to Local Rule 5.4 Defendants Kevin Tate and Donnie Wilson Trucking LLC., hereby notify the Court that the following documents were served upon all parties of record on September 12, 2022:

1. **Defendants' Request for Production of Healthcare Information to Non-Party Colette D. Bullock, D.O.;** and

2. **Defendants' Request for Production of Healthcare Information to Non-Party East Point Medical Center.**

Said documents were sent via electronic mail and United States Mail to the following attorneys of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

*{Signature on the following page}*

Page 1 of 4

Respectfully submitted, this 12th day of September, 2022.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel:  (404) 885-1400
Fax:  (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240
*Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN.:1:22-cv-03324-SEG. |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

## __CERTIFICATE OF COMPLIANCE__

I, Jennifer E. Parrott, certify that the foregoing has been prepared in Times New Roman 14 font and is in compliance with the United States District Court, Northern District of Georgia Local Rule 5.1.

Respectfully submitted,

**DREW ECKL & FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240
*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN.:1:22-cv-03324-SEG. |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the within and foregoing with the Clerk

of the Court using the CM/ECF system which will automatically send e-mail

notification of such filing to the following attorneys of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

**DREW ECKL & FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel:  (404) 885-1400
Fax:  (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240
*Attorney for Defendants*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>_____<br>*Plaintiff(s)*<br>v.<br>)<br>)<br>)<br>)<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. _____<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia ▼

| | |
|---|---|
| DESTINIE STEWART | ) ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No. 1:22-CV-03324-SEG |
| KEVIN TATE and DONNIE WILSON TRUCKING, LLC | ) |
| | ) ) ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  KEVIN TATE
1006 East End Boulevard North
Marshall, TX  75670-2127

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  MICHAEL D. PAUL
MORGAN & MORGAN ATLANTA, PLLC
178 South Main Street, Unit #300
Alpharettta, GA  30009

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

KEVIN P. WEIMER
*CLERK OF COURT*



Date: _____09/16/2022_____

_____s/ A. Edwards_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:22-CV-03324-SEG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

| Print | Save As... | | Reset |

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

DESTINIE STEWART,

     Plaintiff,

    v.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

     Defendant.

CIVIL ACTION FILE NO.:
2021CV02654

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record in the foregoing matter with

the attached PLAINTIFF DESTINIE STEWART'S OFFER OF SETTLEMENT PURSUANT TO

O.C.G.A. § 9-11-68 by placing a true and correct copy in the United States Mail, certified, in an

envelope with sufficient postage to ensure delivery affixed thereon addressed as follows:

Attention: Jennifer E. Parrott
Drew Eckl Farnham, LLP
303 Peachtree Street N.E.
Suite 3500
Atlanta, GA 30308
Certified Mail: 7020 3160 0000 1116 4079

This 19th day of July, 2022.

MORGAN & MORGAN ATLANTA, LLC
Post Office Box 57007
Atlanta, GA 30343-1007
(470) 386-6596
(470) 639-6935 facsimile
mpaul@forthepeople.com

Michael D. Paul, Jr.
Georgia Bar No. 432559
*Attorney for Plaintiff*

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DESTINIE STEWART | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | CIVIL ACTION FILE |
| | * | NO. 1:22-CV-03324-SEG |
| KEVIN TATE and DONNIE | * | |
| WILSON TRUCKING, LLC, | * | |
| | * | |
| Defendants. | * | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1. **Description of Case:**

   a. Describe briefly the nature of this action.

   **Joint Statement from Plaintiff and Defendant Donnie Wilson Trucking, LLC[1]:**

   This is a lawsuit arising out of a motor vehicle accident which occurred on January 12, 2021 in Clayton County, Georgia. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this diversity action because Plaintiffs are

   ---

   [1] Defendant Kevin Tate has not yet been served or otherwise appeared in this action.

Georgia citizens, Defendants are citizens of Texas, and the matter in controversy, exclusive of interests and costs, exceeds $75,000.

b.  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

### Joint Statement from Plaintiff and Defendant Donnie Wilson Trucking, LLC:

Plaintiffs allege that Defendant Tate is liable to Plaintiff due to his alleged negligence and negligence *per se* arising out of a motor vehicle accident which occurred on January 12, 2021 when Defendant Tate, driving a tractor-trailer, hit Plaintiff Stewart, driving a passenger car.  Plaintiff also claims that Defendant Donnie Wilson Trucking, LLC is liable for damages based on *respondeat superior*, vicarious liability, and agency principles as well as negligent hiring and retention of Defendant Tate.  Defendant denies that Defendant Tate is liable for causing the collision.  Plaintiff alleges that she suffered injuries and damages including past and future medical expenses exceeding $28,400 and past and future pain and suffering.

c.  The legal issues to be tried are as follows:

**By Plaintiffs:** Defendant Kevin Tate is liable for damages caused by his negligent operation of a tractor-trailer on January 12, 2021. Defendant Donnie Wilson Trucking, LLC is liable for damages based on *respondeat*

*superior*, vicarious liability, and agency principles as well as negligent hiring and retention of Defendant Kevin Tate.

**By Defendant:**

Defendant denies liability for causing the subject collision and denies that the subject collision proximately caused Plaintiffs' alleged injuries and damages.

As such, the issues to be tried are liability of Defendant for causing the subject collision; proximate cause of Plaintiffs' injuries and damages; and the amount and/or value of Plaintiff Destinie Stewart's alleged damages.

The cases listed below (include both style and action number) are:

(1) Pending Related Cases:   **None.**

(2) Previously Adjudicated Related Cases:  **None.**

2.  **This case is complex because it possesses one (1) or more of the features listed below please check):**

> (1)  Unusually large number of parties
> (2)  Unusually large number of claims or defenses
> (3)  Factual issues are exceptionally complex
> (4)  Greater than normal volume of evidence
> **(5)  <u>Extended discovery period is needed</u>**
> **(6)  <u>Problems locating or preserving evidence</u>**
> (7)  Pending parallel investigations or action by the government
> **(8)  <u>Multiple use of experts</u>**
> (9)   Need for discovery outside United States boundaries
> (10)  Existence of highly technical issues and proof

(11) Unusually complex discovery of electronically stored information.

**The parties hereby request an eight (8) month discovery period with discovery to commence on September 19, 2022 and set to expire on May 19, 2023.**

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiffs:**       **Michael D. Paul, Jr., Esq.**
**Morgan & Morgan PLLC**
**178 South Main Street**
**Unit 300**
**Alpharetta, GA 30009**
**Mpaul@forthepeople.com**

**Defendant:**       **Jennifer E. Parrott, Esq.**
**Drew Eckl & Farnham, LLP**
**303 Peachtree Street, NE**
**Suite 3500**
**Atlanta, Georgia 30308**
**parrottj@deflaw.com**

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes       **X**  No

**The parties do not challenge the Court's jurisdiction at this time.**

If "yes", please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

**N/A.**

(b) The following persons are improperly joined as parties:

**Plaintiffs:** **N/A.**

**Defendant:** **N/A.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**N/A.**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

a. List separately any amendments to the pleadings which the parties anticipate will be necessary:

**N/A.**

b. Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)    *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c)    *Other Limited Motions:* Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony shall be filed within the time set forth in Local Rule 26.2C (no later than the date that the proposed pretrial order is submitted) and responsive and reply briefs shall be filed within the times set forth in Local Rule 7.1B and C.

### 8.  Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection.

### 9.  Request for Scheduling Conference:

Does any party request a scheduling conference with the Court?

**Not at this time.**

If so, please state the issues which could be addressed and the position of each party.

10. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Joint Statement Regarding Discovery Period and Discovery Served Prior to Removal:**

**This case was removed to Federal Court and, pursuant to LR 26.2A, discovery commences on September 19, 2022.**

**Prior to removal of this case to Federal Court, Plaintiffs served Interrogatories, Requests for the Production of Documents, and Requests for Admissions with the Complaint upon Defendant Donnie Wilson Trucking, LLC.**

Defendant responded to these requests on July 5, 2022. Defendant Donnie Wilson Trucking, LLC served Plaintiff with Interrogatories and Requests for Production of Documents on May 25, 2022, and Plaintiff served her responses to these requests on June 27, 2022.

**Subjects on which discovery may be needed for Plaintiffs:**

Liability for claims against Kevin Tate for negligent operation of a tractor-trailer and Donnie Wilson Trucking, LLC under *respondeat superior* and for negligent hiring and retention of Defendant Kevin Tate.

**Subjects on which discovery may be needed for Defendant:**

Liability for claims against Kevin Tate and Donnie Wilson Trucking, LLC; Proximate Causation of Plaintiff's injuries; and Damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or limited to or focused upon particular issues, please state those reasons in detail below:

The parties request an eight-month discovery period. There are several parties in the case possibly requiring out of state depositions, including that of Donnie Wilson Trucking, LLC and, when served, Defendant Kevin Tate who defense counsel has not been able to locate as of the date of this Joint Report.

In addition, the parties request this additional time anticipating possible delays resulting from the current COVID-19 pandemic.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

**None requested.**

(b) Is any party seeking discovery of electronically stored information?

__**x**__ Yes                 ___-__ No

If "yes" (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g. accessibility, search terms, date limitations, or key witnesses) as follows:

**By Plaintiffs: Electronically stored information on the tractor-trailer owned by Donnie Wilson Trucking, LLC and driven by Defendant Kevin Tate at the time of the subjection incident.**

**By Defendant:**

**Defendant does not believe that this case will involve any electronically stored information. However, Defendant agrees to cooperate with Plaintiffs as**

discovery progresses to identify sources of information and address any requests for electronically stored information.

(2) The parties have discussed the format for the production of electronically stored information (e.g. Tagged Image Format (TIFF of TIF Files), Portable Document Format (PDF) or native), method of production (e.g. paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**If electronically stored information is requested and produced, the parties agree to produce it in PDF format.**

In the absence of agreement on issues regarding discovery of electronically store information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

## 13. Settlement Potential:

a. Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **August 31, 2022**, and that

they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

**For plaintiffs: Lead counsel (signature):** *Michael D. Paul, Jr., Esq.*

**For defendants: Lead counsel (signature):** *Jennifer E. Parrott, Esq.*

b.  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__) A possibility of settlement before discovery.

**( X ) A possibility of settlement after discovery.**

(__) A possibility of settlement, but a conference with the judge is needed.

(__) No possibility of settlement.

c.  Counsel **( X ) do** or (     ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference will be **no later than June 2, 2023, that being fourteen (14) days after the discovery period closes pursuant to LR 16.2, if the parties' request for an eight month discovery period is granted.**

d.  The following specific problems have created a hindrance to settlement of this case.

**By Plaintiffs: Defendants contesting liability.**

**By Defendant:**

**Defendant contests liability and requires additional information regarding Plaintiff Destinie Stewart's alleged injuries and damages.**

14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

a. The parties ( ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this day of

b. The parties **( X )** do not consent to having this case tried before a magistrate judge of this court.[2]

Completed form submitted this 19th day of September, 2022.

| MORGAN & MORGAN ATLANTA, PLLC | DREW ECKL & FARNHAM, LLP |
|---|---|
| _/s/ Michael D. Paul, Jr._ | /s/ Jennifer E. Parrott |
| Michael D. Paul, Jr. | Jennifer E. Parrott |
| **Georgia Bar No. 423559** | **Georgia Bar No. 080180** |
| 178 S. Main Street, Suite 300 | 303 Peachtree Street NE, Suite 3500 |
| Alpharetta, GA 30049 | Atlanta, Georgia 30308 |
| **Counsel for Plaintiff** | **Counsel for Defendants** |

---

[2] This is to certify that, pursuant to LR 5.1B, NDGa., the above document was prepared in Times New Roman 14 point font.

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 20____.

_____
The Honorable Sarah E. Geraghty
U.S. District Court Judge for the Northern District of Georgia, Atlanta Division

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DESTINIE STEWART,**
    **Plaintiff,**

**v.**              **Case No.: 1:22-cv-03324-SEG**

**KEVIN TATE and DONNIE WILSON**
**TRUCKING, LLC,**
    **Defendant.**

---

### CORPORATE DISCLOSURE STATEMENT

COMES NOW Plaintiff, DESTINIE STEWART, and pursuant to FRCP 7.1

AND Local Rule 87.1, hereby makes her Corporate Disclosure Statement.

Plaintiff, DESTINIE STEWART, has no corporate entities to disclose.

This _____ day of September, 2022.

Respectfully submitted,

*Michael Paul*

Michael Paul, Esq.
Georgia Bar No. 432559
*Attorney for Plaintiff*

**MORGAN & MORGAN ATLANTA, PLLC**
178 S. Main Street, Suite 300
Alpharetta, GA 30049
Tel: (470)365-6596
Fax: (470)639-6935
mpaul@forthepeople.com

1

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**DESTINIE STEWART,**
    **Plaintiff,**

**v.**                   **Case No.: 1:22-CV-03324-SEG**

**KEVIN TATE and DONNIE WILSON
TRUCKING, LLC,**
    **Defendants.**

---

## CERTIFICATE OF INTERESTED PARTIES

COMES NOW Plaintiff, DESTINIE STEWART, and files her Certificate of Interested Parties, showing this Honorable Court as follows:

The undersigned counsel of record for a party to this action certifies that the following is a full and complete list of all parties in this action, including any parent corporation and any publicly held corporation that owns 10% or more of the stock of a party:

**Plaintiff;**

**Defendant, KEVIN TATE**

**Defendant, DONNIE WILSON TRUCKING, LLC**

1

The undersigned further certifies that the following is a full and complete list of all other persons, associations, firms, partnerships, or corporations having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case:

**None.**

The undersigned further certifies that the following is a full and complete list of all persons serving as attorneys for the parties in this proceeding:

<u>Plaintiff:</u>
**Morgan & Morgan Atlanta, PLLC**
**Michael D. Paul, Esq.**
**178 S. Main Street, Unit 300**
**Alpharetta, GA 30009**
**<u>mpaul@forthepeople.com</u>**

<u>Defendant:</u>
**DREW ECKL FARNHAM, LLP**
**Paul E. Barnhill, Esq.**
**<u>barnhillp@deflaw.com</u>**
**Jennifer E. Parrott, Esq.**
**<u>parrotj@deflaw.com</u>**
**303 Peachtree Street NE, Suite 3500**
**Atlanta, GA 30308**

This _20th_ day of September, 2022.

Respectfully submitted,

_Michael Paul_
Michael Paul, Esq.
Georgia Bar No. 432599
*Attorney for Plaintiff*

**MORGAN & MORGAN ATLANTA, PLLC**
178 S. Main Street, Suite 300
Alpharetta, GA 30049
Tel: (404) 965-1675
Fax: (404) 720-3802
mpaul@forthepeople.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DESTINIE STEWART,
    **Plaintiff,**

v.               **Case No.: 1:21-cv-03324-SEG**

KEVIN TATE and DONNIE WILSON
TRUCKING, LLC,
    **Defendants.**

---

## CERTIFICATE OF COMPLIANCE

The foregoing **PLAINTIFF'S INITIAL DISCLOSURES** is double spaced

in 14 point Times New Roman and complies with the type-volume limitation set

forth in Local Rule 7.1.

This 20ᵗʰ day of September, 2022.

Respectfully submitted,

*Michael Paul*

Michael Paul, Esq.
Georgia Bar No. 432559
*Attorney for Plaintiff*

**MORGAN & MORGAN ATLANTA, PLLC**
178 S. Main Street, Suite 300
Alpharetta, GA 30049
Tel: (404) 965-1675
Fax: (404) 720-3802
mpaul@forthepeople.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DESTINIE STEWART,
     Plaintiff,

v.                              Case No.:  1:22-CV-03324-SEG

KEVIN TATE and DONNIE WILSON
TRUCKING, LLC,
     Defendant.

---

## PLAINTIFF'S INITIAL DISCLOSURES

COMES NOW **DESTINIE STEWART,** Plaintiff in the above-styled civil action and submits his Initial Disclosures:

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues of the case.

**This is a tort claim for injuries sustained by Plaintiff in a motor vehicle accident that occurred on or about January 12, 2021 on I-75 in Clayton County, Georgia.  Plaintiff was operating her motor vehicle in a generally**

Southbound direction when the 2020 Peterbilt Motors Conventional 250 owned by Defendant, DONNIE WILSON TRUCKING, LLC and operated by Defendant, KEVIN TATE struck and collided with the driver's side of Plaintiff's vehicle resulting in personal injuries to Plaintiff. Defendant failed to make reasonable and proper observations of traffic conditions then and there existing; failed to maintain his lane of travel; failed to make timely and proper application of his brakes; failed to undertake the necessary precautions to prevent his vehicle from colliding with Plaintiff's vehicle; failing to operate the 2020 Peterbilt Motors Conventional 250 with due caution and circumspection so as not to endanger the person or property of others in the immediate vicinity; in operating the 2020 Peterbilt Motors Conventional 250 with reckless disregard for the safety of persons or property. Plaintiff is entitled to benefits through Defendants' insurance coverage and Defendants' insurance carrier should be 100% liable for their insured's negligence which is the cause of Plaintiff's injuries.

(2) Describe in detail all statues, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiff contends are applicable to this action.

Failing to Operate the 2020 Peterbilt Motors Conventional 250 within a single lane in violation of O.C.G.A. § 40-6-48; Failing to observe or undertake

the necessary precautions to keep Defendant's vehicle from colliding with Plaintiff's vehicle in violation of O.C.G.A. §40-6-390; Operating the 2020 Peterbilt Motors Conventional 250 without due caution and circumspection and in a manner so as to endanger the person or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241; and Operating the 2020 Peterbilt Motors Conventional 250 in reckless disregard for the safety of persons or property in violation of O.C.G.A. § 40-6-390.

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**See Attachment A**

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(b), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B). **None at this time.**

(5) Provide a copy of, or a description by category and locations of, all

documents, data compilations or other electronically stored information, and

tangible things in your possession, custody or control that you may use to

support your claims or defenses unless solely for impeachment, identifying

the subjects of the information. (Attach document list and descriptions to

Initial Disclosures as Attachment C.)

**See Attachment C**

(6) In the space provided below, provide a computation of any category of

damages claimed by you. In addition, include a copy of, or describe by

category and location of, the documents or other evidentiary material, not

privileged or protected from disclosure, on which such computation is based,

including materials bearing on the nature and extent of injuries suffered,

making such documents or other evidentiary material available for

inspection and copying as under Fed.R.Civ.P. 34. (Attach copies and

descriptions to Initial Disclosures as Attachment D.)

**See Attachment D**

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance

agreement under which any person carrying on an insurance business may

be liable to satisfy part or all of a judgment which may be entered in this

action or to indemnify or reimburse for payments made to satisfy the

judgment. (Attach copy of insurance agreement to Initial Disclosures as

Attachment E.)

(8) Disclose the full name, address, and telephone number of all persons or legal

entities who have a subrogation interest in the cause of action set forth in

Plaintiff's cause of action and state the basis and extent of such interest.

This _20ᵗʰ_ day of _September_, 2022.

Respectfully submitted,

_Michael Paul_

Michael Paul, Esq.
Georgia Bar No.   432559
*Attorney for Plaintiff*

**MORGAN & MORGAN ATLANTA, PLLC**
178 S. Main Street, Suite 300
Alpharetta, GA  30049
Tel: (404) 965-1675
Fax: (404) 720-3802
mpaul@forthepeople.com

<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>NORTHERN DISTRICT OF GEORGIA</u>
<u>ATLANTA DIVISION</u>

**DESTINIE STEWART,**
     **Plaintiff,**


**v.**                   **Case No.:  1:22-CV-03324-CAP**


**KEVIN TATE and DONNIE WILSON**
**TRUCKING, LLC**
     **Defendants.**

---

**<u>ATTACHMENT A</u>**

1. **Any and all individuals named in Clayton County Police Department**

   **Report  Agency NCIC # 0310100 – Liability**

2. **American  Health Imaging - Injuries**
   **1240 Highway 54 West Building 400**
   **Suite 400 and 402**
   **Fayetteville, GA  30214**

3. **Atlanta Complete Care, LLC - Injuries**
   **1720 Peachtree Street NW Suite 140**
   **Atlanta, GA  30309**

4. **Neuro Psych Centers of Georgia - Injuries**
   **368 West Pike Street**
   **Lawrenceville, GA  30046**

5. **Trinity Spine Center**
   **1522 Rock Quarry Road**
   **Stockbridge, GA  30501**

6. **United Neurology, LLC - Injuries**
   **1266 W. Paces Ferry Road, Suite 332**
   **Atlanta, GA  30327**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DESTINIE STEWART,
    **Plaintiff,**

v.                    **Case No.:  1:22-CV-03324-CAP**

**KEVIN TATE and DONNIE WILSON**
**TRUCKING, LLC**
    **Defendants.**

---

### ATTACHMENT C

1. **Clayton County Police Department Report  Agency NCIC # 0310100**

2. **Bills and Medical Records of American  Health Imaging**
   **1240 Highway 54 West Building 400**
   **Suite 400 and 402**
   **Fayetteville, GA  30214**

3. **Bills and Medical Records of Atlanta Complete Care, LLC**
   **1720 Peachtree Street NW Suite 140**
   **Atlanta, GA  30309**

4. **Bills and Medical Records of Neuro Psych Centers of Georgia**
   **368 West Pike Street**
   **Lawrenceville, GA  30046**

5. **Bills and Medical Records of Trinity Spine Center**
   **1522 Rock Quarry Road**
   **Stockbridge, GA  30501**

6. **Bills and Medical Records of United Neurology, LLC**
   **1266 W. Paces Ferry Road, Suite 332**
   **Atlanta, GA  30327**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**DESTINIE STEWART,**
     **Plaintiff,**

**v.**

       **Case No.: 1:22-CV-03324-CAP**

**KEVIN TATE and DONNIE WILSON
TRUCKING, LLC,**
     **Defendants.**

---

### ATTACHMENT D

| | |
|---|---|
| **American Health Imaging** | **$ 4,595.00** |
| **Atlanta Complete Care, LLC** | **$ 3,519.00** |
| **Neuro Psych Centers of Georgia** | **$ 6,613.14** |
| **Trinity Spine Center** | **$12,307.50** |
| **United Neurology LLC** | **$ 1,445.00** |

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DESTINIE STEWART,**
     **Plaintiff,**

**v.**                              **Case No.:  1:22-CV-03324-SEG**

**KEVIN TATE and DONNIE WILSON**
**TRUCKING, LLC,**
          **Defendants.**

---

## CERTIFICATE OF SERVICE

This is to certify that I have served upon counsel for all parties in the foregoing matter by statutory electronic service and email with a copy of the following:

1. **CERTIFICATE OF INTERESTED PARTIES;**

2. **CORPORATE DISCLOSURE STATEMENT;**

3. **PLAINTIFF'S INITIAL DISCLOSURES; and**

4. **CERTIFICATE OF COMPLIANCE.**

Via Email addressed as follows:

Jennifer E. Parrott, Esq.
Katelyn Fischer, Esq.
DREW ECKL & FARNHAM, LLP
*Attorneys for Defendants*
303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308
parrottj@deflaw.com
fisherk@deflaw.com

This ___20th___ day of September, 2022.

Respectfully submitted,

Michael Paul

Michael Paul, Esq.
Georgia Bar No.   432559
*Attorney for Plaintiff*

**MORGAN & MORGAN ATLANTA, PLLC**
178 S. Main Street, Suite 300
Alpharetta, GA  30049
Tel:  (404) 965-1675
Fax: (404) 720-3802
mpaul@forthepeople.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DESTINIE STEWART,                          )
                                           )
      Plaintiff,                    )
                                           )
v.                                         )   CAFN.:1:22-cv-03324-SEG.
                                           )
KEVIN TATE and DONNIE WILSON               )
TRUCKING LLC.,                             )
                                           )
      Defendants.                   )

## **RULE 5.4 CERTIFICATE OF DISCOVERY**

Pursuant to Local Rule 5.4 Defendants Kevin Tate and Donnie Wilson Trucking

LLC., hereby notify the Court that the following documents were served upon all parties

of record on September 21, 2022:

1. **Defendants' Request for Production of Healthcare Information to Non-Party Anthem Blue Cross Blue Shield;**

2. **Defendants' Request for Production of Healthcare Information to Non-Party Regional Medical Group-East Point;** and

3. **Defendants' Request for Production of Healthcare Information to Non-Party Georgia Department of Community Health-MEDICAID.**

Said documents were sent via electronic mail and United States Mail to the

following attorneys of record:

*{Signature on the following page}*

Page 1 of 4

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

Respectfully submitted, this 21st day of September, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel:  (404) 885-1400
Fax:  (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240
*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN.:1:22-cv-03324-SEG. |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

## **CERTIFICATE OF COMPLIANCE**

I, Jennifer E. Parrott, certify that the foregoing has been prepared in Times New Roman 14 font and is in compliance with the United States District Court, Northern District of Georgia Local Rule 5.1.

Respectfully submitted,

**DREW ECKL & FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel:  (404) 885-1400
Fax:  (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240
*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DESTINIE STEWART,         )
                                        )
        Plaintiff,       )
                                          )
v.                                    )  CAFN.:1:22-cv-03324-SEG.
                                          )
KEVIN TATE and DONNIE WILSON   )
TRUCKING LLC.,             )
                                        )
        Defendants.    )

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the within and foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

**DREW ECKL & FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street, NE         Jennifer E. Parrott
Suite 3500                      Georgia Bar No. 080180
Atlanta, Georgia 30308         Paul E. Barnhill
Tel:  (404) 885-1400            Georgia Bar No. 425240
Fax:  (404) 876-0992           *Attorney for Defendants*
jparrott@deflaw.com
barnhillp@deflaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESTINIE STEWART, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:22-CV-3324-SEG |
| KEVIN TATE and DONNIE WILSON TRUCKING, LLC, | |
| Defendants. | |

**O R D E R**

This case is before the Court on its own initiative.  Courts have an
"independent obligation to determine whether subject-matter jurisdiction
exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H
Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526
U.S. 574, 583 (1999)).  The Court has therefore reviewed the notice of
removal filed by Defendant Donnie Wilson Trucking, LLC ("Wilson
Trucking"), and enters the following order.

Plaintiff Destinie Stewart filed the complaint in this negligence and
personal injury action in the State Court of Clayton County, Georgia on
November 24, 2021.  (Doc. 1-1.)  The complaint states that she "has incurred
in excess of $16,509.50 in past medical expenses, with future medical

expenses to be determined." (*Id.* at 4, 5.) The complaint also alleges an unspecified amount of general damages for pain and suffering. (*Id.*) On December 31, 2021, Stewart amended the complaint and repeated these allegations as to her damages. (Doc. 1-2.)

Wilson Trucking has removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 at 5.) Diversity jurisdiction is proper only when the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Neither the complaint nor the amended complaint establish that the amount in controversy in this case exceeds $75,000. Wilson Trucking alleges that the amount in controversy is met because Stewart tendered a settlement demand of $1,000,000 in July 2022.[1] Defense counsel has filed an affidavit stating that "a permissible award at trial could be in excess of $75,000, exclusive of interests and costs." (Doc. 1-15 at 3.)

"When jurisdiction is premised on the diversity of the parties, the court is obligated to assure itself that the case involves the requisite amount in controversy." *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th

---

[1] According to Wilson Trucking, Stewart tendered an initial settlement demand for $1,000,000 on July 15, 2022, then withdrew it on July 17, 2022. She issued a new settlement demand for $1,000,000 on July 19, 2022. (Doc. 1 at 25-6.)

Cir. 2000).  It is a "long-established rule that a removing defendant bears the burden of proving federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). In its attempt at meeting this burden, Wilson Trucking appears to rely primarily on Stewart's settlement demand.

Where, as here, a case is not removable based on the complaint, 28 U.S.C. § 1446(b)(3) provides that a notice of removal may be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  With respect to settlement offers, courts consider post-suit settlement demands, such as the one Stewart tendered, to be "other paper" for the purpose of ascertaining that the case is removable.  *See Musser v. Walmart Stores E., L.P.*, No. 1:16-CV-62231, 2017 WL 1337477, at *3 (S.D. Fla. Apr. 12, 2017) ("Courts routinely permit 'the use of post-suit demand letters in determining the amount in controversy requirement.'") (quoting *Saberton v. Sears Roebuck & Co.*, 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005)).

Here, although the Court considers Stewart's settlement demand to be "other paper" under 28 U.S.C. § 1446(b)(3) because Stewart sent the demand to Wilson Trucking after filing suit, the Court cannot determine if the demand establishes the amount in controversy for the simple reason that

3

Wilson Trucking has not presented the demand to the Court for consideration.[2]  Settlement offers, such as those contained in demand letters, "commonly reflect puffing and posturing," and they are entitled to little weight in the absence of "specific information" supporting the plaintiff's claim for damages.  *Jackson v. Select Portfolio Serv., Inc.,* 651 F.Supp.2d 1279, 1281 (S.D. Ala. July 31, 2009).  In other words, the question is whether the settlement demand establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Leonard v. Enterprise Rent a Car,* 279 F.3d 967, 972 (11th Cir. 2002).

The record presently before the Court is insufficient to assure it that jurisdiction exists.  Here, the distance between the damages alleged in the amended complaint and the $1,000,000 settlement demand cannot plausibly be breached on the present record and without reviewing the actual settlement demand.  Accordingly, Wilson Trucking is DIRECTED to show cause, on or before October 5, 2022, why this case should not be remanded because the amount in controversy is not satisfied.

---

[2] Wilson Trucking has instead filed the certificates of service for the two settlement demands that Stewart filed in the state court action.  (Doc. 1-10, Doc. 1-11.)

The Court also notes that Defendant Kevin Tate has not joined in the notice of removal.  "It is well-settled that in cases involving multiple defendants, if all defendants do not consent to the removal of a case to federal court, the removal is improper."  *Williams v. Equifax Information Serv., LLC,* 359 F.Supp.2d 1284, 1285 (M.D. Fla. 2005).   Based on documents attached to the notice of removal, Tate has participated in the litigation, serving discovery on the plaintiff.  (Doc. 1-12, 1-13.)  Wilson Trucking is therefore also **DIRECTED** to show cause, on or before October 5, 2022, why this case should not be remanded because the removal does not comply with the rule of unanimity.[3]

 **SO ORDERED** this 21st day of September, 2022.

          SARAH E. GERAGHTY
          United States District Judge

---

[3] "The requirement that removal must be consented to by all defendants that have been properly served is commonly referred to as the unanimity requirement or the rule of unanimity." *Goss v. Aetna, Inc.,* 360 F.Supp.3d 1364, 1369 (N.D. Ga. 2019) (internal quotation omitted).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN.:1:22-cv-03324-SEG. |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

## **RULE 5.4 CERTIFICATE OF DISCOVERY**

Pursuant to Local Rule 5.4 Defendants Kevin Tate and Donnie Wilson Trucking LLC., hereby notify the Court that the following documents were served upon all parties of record on September 22, 2022:

1. **Defendants' Request for Production of Documents Information to Non-Party Skillz, Inc.**

Said documents were sent via electronic mail and United States Mail to the following attorneys of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049
mpaul@forthepeople.com

Respectfully submitted, this 22nd day of September, 2022.

{*Signature on the following page*}

Page 1 of 4

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240
*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN.:1:22-cv-03324-SEG. |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF COMPLIANCE

I, Jennifer E. Parrott, certify that the foregoing has been prepared in Times New Roman 14 font and is in compliance with the United States District Court, Northern District of Georgia Local Rule 5.1.

Respectfully submitted,

**DREW ECKL & FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240
*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DESTINIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN.:1:22-cv-03324-SEG. |
| | ) |
| KEVIN TATE and DONNIE WILSON | ) |
| TRUCKING LLC., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the within and foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Michael D. Paul, Jr.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA  30049
mpaul@forthepeople.com

**DREW ECKL & FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel:  (404) 885-1400
Fax:  (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240
*Attorney for Defendants*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia ▼

| | |
|---|---|
| DESTINIE STEWART <br><br>_____ <br> *Plaintiff(s)* <br> v. <br> KEVIN TATE and DONNIE WILSON TRUCKING, LLC <br><br>_____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:22-CV-03324-SEG <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  KEVIN TATE
1006 East End Boulevard North
Marshall, TX  75670-2127

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  MICHAEL D. PAUL
MORGAN & MORGAN ATLANTA, PLLC
178 South Main Street, Unit #300
Alpharettta, GA  30009

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

KEVIN P. WEIMER
*CLERK OF COURT*

Date:  ____09/16/2022____



_____s/ A. Edwards_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:22-CV-03324-SEG

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* <u>KEVIN TATE</u> was received by me on *(date)* <u>Sep 26, 2022, 3:05 pm</u>.

[X] I personally served the summons on the individual at <u>748 FM 2199 N, Marshall, TX 75672, in Harrison County,</u> <u>Texas</u> on <u>Wed, Sep 28 2022</u> ; or

[  ] I left the summons at the individual's residence or usual place of abode with *(name)* _____ , a person of suitable age and discretion who resides there, on *(date)* _____ , and mailed a copy to the individual's last known address; or

[  ] I served the summons on *(name of individual)* _____ , who is designated by law to accept service of process on behalf of *(name of organization)* _____ on *(date)* _____ ; or

[  ] I returned the summons unexecuted because: _____ ; or

[  ] Other: _____ ; or

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: 09/28/2022

_____
*Server's signature*

Ben Daily PSC #12022 - 05/31/2023 exp date
_____
*Printed name and title*

301 N Wellington St, Marshall, TX 75670
_____
*Server's address*

Additional information regarding attempted service, etc.:
1) Unsuccessful Attempt: Sep 27, 2022, 3:08 pm CDT at Home: 613 W George Richey Rd, White Oak, TX 75693
Upon arrival at this service address I came in contact with a white female last name of Carter who advised that the defendant used to date her stepdaughter about 10 years ago and sometimes gets mail at her house. She gave me her step daughter's name and phone number who I will try to contact after she gets off of work at 5:00. The other address of 511 West George Richey Road does not exist.

2) Unsuccessful Attempt: Sep 27, 2022, 7:44 pm CDT at Home: 748 FM 2199 N, Marshall, TX 75672
I knocked on the front door of the residence and it was answered by a white male by the name of Jackson Hewitt. Informed me that Kevin does in fact live there with his wife Amanda. They are both at work at the same place somewhere south of Marshall. He said that the defendant Kevin should be off around 10:30 or 11:00 tonight. Usually gets up and leaves the home at or around 8:00 to 9:00 in the morning. I will attempt again around 7:30 tomorrow morning.

3) Successful Attempt: Sep 28, 2022, 7:34 am CDT at Home: 748 FM 2199 N, Marshall, TX 75672 received by KEVIN TATE.
Age: 40s; Ethnicity: Caucasian; Gender: Male; Weight: 135; Height: 5'6"; Hair: Gray; Eyes: Brown;
Upon arrival at the residence I came in contact with the defendant at the front door where he was served the documents in person. Advised him to contact his attorney or the attorney of record. He was very forthcoming with information about the trucking company so I advised him to contact the attorney of record.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DESTINIE STEWART      *

     Plaintiff,      *

V.      *    CIVIL ACTION FILE

     *    NO. 1:22-cv-03324-SEG

KEVIN TATE and DONNIE      *

WILSON TRUCKING, LLC,      *    JURY TRIAL DEMANDED

     Defendants.      *

### DEFENDANT KEVIN TATE'S ANSWER
### TO PLAINTIFF'S AMENDED COMPLAINT AND
### DEMAND FOR TRIAL BY JURY

COMES NOW, Kevin Tate (hereinafter "Defendant" or "Defendant Tate"), a named Defendant in the above-styled civil action and hereby files his Answer and Affirmative Defenses to Plaintiff's Amended Complaint for Damages and Demand for Trial by Jury ("Amended Complaint"), which was filed in the State Court of Clayton County, State of Georgia, on December 31, 2021, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages were directly and proximately caused by the acts or omissions of persons or entities other than Defendants.

## THIRD DEFENSE

While denying Defendants were negligent, even if Defendants were negligent, such alleged negligence did not proximately cause Plaintiff's alleged injuries and damages.

## FOURTH DEFENSE

While specifically denying any negligence on their part, if Defendants were negligent, the negligence of Plaintiff equaled or exceeded any negligence of Defendants.

## FIFTH DEFENSE

While specifically denying any negligence on their part, if Defendants were negligent, any damages awarded to Plaintiff should be reduced proportionally based upon the negligence of Plaintiff and the negligence of other unnamed responsible parties, if any, pursuant to O.C.G.A. § 51-12-33.

## SIXTH DEFENSE

Any acts or omissions by Defendants were unintentional and in the exercise of ordinary care.

## SEVENTH DEFENSE

Pending further investigation and discovery, this Defendant reserves the right to assert all affirmative defenses available under the Federal Rules of Civil Procedure.

## EIGHTH DEFENSE

This Defendant responds to the specific allegations contained in Plaintiff's Amended Complaint as follows:

## PARTIES AND JURISDICTION

1.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint, and as such, Defendant can neither admit nor deny said allegations.

2.

This Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3.

This Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4.

This Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint, and as such, Defendant can neither admit nor deny said allegations.

6.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, and as such, Defendant can neither admit nor deny said allegations.

7.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint, and as such, Defendant can neither admit nor deny said allegations.

8.

This Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

## COUNT I

## NEGLIGENCE OF DEFENDANT KEVIN TATE

9.

In response to paragraph 9 of Plaintiff's Amended Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 8 of Plaintiff's Amended Complaint. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10.

Upon information and belief, this Defendant admits that Plaintiff was operating a passenger vehicle northbound on Interstate 75 in Clayton County on January 12, 2021. This Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11.

Upon information and belief, this Defendant admits that Defendant Kevin Tate, while operating a 2020 Peterbilt owned by Defendant Donnie Wilson Trucking, was involved in a motor vehicle accident on I-75 in Clayton County, Georgia on January 12, 2021. This Defendant denies the remaining allegations contained in paragraph 11 of Plaintiff's Amended Complaint, and Defendant specifically denies any negligence or liability to Plaintiff.

12.

This Defendant admits that State and Federal law impose certain duties upon drivers but denies that such are completely or accurately stated in paragraph 12 of Plaintiff's Amended Complaint. This Defendant denies the remaining allegations contained in Paragraph 12, including subparagraphs a., b., c., d., e., f., and g., of Plaintiff's Amended Complaint.

13.

This Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14.

This Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint, and Defendant specifically denies any negligence or liability to Plaintiff.

**COUNT II**

**NEGLIGENCE OF DEFENDANT DONNIE WILSON TRUCKING LLC**

15.

In response to paragraph 15 of Plaintiff's Amended Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 14 of Plaintiff's

Amended Complaint. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16.

This Defendant admits that he was an employee of Defendant Donnie Wilson Trucking and was operating a 2020 Peterbilt Motors truck. This Defendant denies the remaining allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17.

This Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18.

This Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint, and Defendant specifically denies any negligence or liability to Plaintiff.

## **COUNT III**

## **NEGLIGENT HIRING AND RETENTION**

19.

In response to paragraph 19 of Plaintiff's Amended Complaint, Defendant restates and incorporates his responses to paragraphs 1 through 18 of Plaintiff's

Amended Complaint. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20.

This Defendant admits that Federal law imposes certain duties but denies that such are completely or accurately stated in paragraph 20 of Plaintiff's Amended Complaint. This Defendant denies the remaining allegations contained in paragraph 20 of Plaintiff's Amended Complaint, and Defendant specifically denies any negligence or liability to Plaintiff.

21.

This Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint, and Defendant specifically denies any negligence or liability to Plaintiff.

22.

This Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint, and Defendant specifically denies any negligence or liability to Plaintiff.

23.

This Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint, and Defendant specifically denies any negligence or liability to Plaintiff.

## **PRAYER FOR RELIEF**

24.

In response to Plaintiff's Prayer for Relief following paragraph 23 of Plaintiff's Amended Complaint, the allegations of said paragraph, including subparagraphs (a), (b), (c), (d), (e), (f) and (g) are denied, and Defendant specifically denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief requested.

25.

This Defendant denies each and every allegation contained in Plaintiff's Amended Complaint which is not herein expressly or specifically admitted and denies any liability to Plaintiff.

26.

This Defendant demands a trial by a jury of twelve as to all issues presented in Plaintiff's Amended Complaint.

WHEREFORE, having fully responded to Plaintiff's Amended Complaint, this Defendant respectfully requests that said Complaint be dismissed, that judgment be issued for Defendant, and that Defendant be discharged without cost.

Respectfully submitted, this 5th day of October, 2022.

**DREW ECKL & FARNHAM, LLP**

/s/ Jennifer E. Parrott

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: 404-885-1400
Fax: 404-876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

12971273v1
28765-233515

## **CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendants hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 5th day of October, 2022.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

12971273v1
28765-233515

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| DESTINIE STEWART | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | CIVIL ACTION FILE |
| | * | NO. 1:22-cv-03324-SEG |
| KEVIN TATE and DONNIE | * | |
| WILSON TRUCKING, LLC, | * | |
| | * | |
| Defendants. | * | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am counsel for Defendants and that I have this day filed the foregoing *Defendant Kevin Tate's Answer to Plaintiff's Amended Complaint and Demand for Trial by Jury* with the Clerk of Court, using the CM/ECF system, and served a copy of the foregoing upon Plaintiffs via U.S. Mail, adequate postage prepaid, addressed as follows:

Michael D. Paul, Jr.
Morgan &Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049
mpaul@forthepeople.com

This 5th day of October, 2022.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

12971273v1
28765-233515

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DESTINIE STEWART                         *
                                         *
   Plaintiff,                            *
                                         *
V.                                       *   CIVIL ACTION FILE
                                         *   NO. 1:22-CV-03324-SEG
KEVIN TATE and DONNIE                     *
WILSON TRUCKING, LLC,                     *
                                         *
   Defendants.                           *

## DEFENDANT KEVIN TATE'S NOTICE OF CONSENT OF REMOVAL

COMES NOW Kevin Tate ("Tate"), a Defendant in the above-styled civil action, and hereby files his Notice of Consent to Removal, showing the Court as follows:

On November 24, 2021, Plaintiff filed the above-styled action in the State Court of Clayton County, Georgia.   On August 18, 2022, Defendant Donnie Wilson Trucking, LLC filed a timely Notice of Removal to the United States District Court for the Northern District of Georgia. At the time of the filing of the Notice of Removal, Tate had not been served with the suit, and undersigned counsel had been unable to make contact with him.   On September 30, 2022, Undersigned counsel was notified that Tate had been served with this suit on

September 28, 2022. At that time, undersigned counsel was able to speak with Tate, who agrees with and consents to the removal of this action to the United States District Court for the Northern District of Georgia.

Respectfully submitted this 5th day of October, 2022.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel:  (404) 885-1400
Fax:  (404) 876-0992
parrottj@deflaw.com
barnhillp@deflaw.com
12977975v1
28765-233515

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DESTINIE STEWART           *
                           *
   Plaintiff,          *
                           *
V.                         *     CIVIL ACTION FILE
                           *     NO. 1:22-cv-03324-SEG
KEVIN TATE and DONNIE      *
WILSON TRUCKING, LLC,      *
                           *
   Defendants.         *

## CERTIFICATE OF SERVICE AND COMPLIANCE
## WITH LOCAL RULE 5.1(B)

I HEREBY CERTIFY, that I have this day filed **DEFENDANT KEVIN TATE'S NOTICE OF CONSENT OF REMOVAL** with the Clerk of Court, using the CM/ECF system and served a copy of the foregoing upon all counsel of record via U.S. Mail, adequate postage prepaid, addressed as follows:

Michael D. Paul
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049
mpaul@forthepeople.com

I further certify that the foregoing has been prepared with Times New Roman, 14 point, in compliance with L.R. 5.1(b).

This 5th day of October, 2022.

DREW ECKL & FARNHAM, LLP

/s/ Jennifer E. Parrott

303 Peachtree Street, NE          Jennifer E. Parrott
Suite 3500                        Georgia Bar No. 080180
Atlanta, Georgia 30308            Paul E. Barnhill
Tel:  (404) 885-1400              Georgia Bar No. 425240
Fax:  (404) 876-0992              Attorneys for Defendants
jparrott@deflaw.com
barnhillp@deflaw.com
12977975v1
28765-233515

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DESTINIE STEWART      *

                       *

     Plaintiff,      *

                       *

V.                     *     CIVIL ACTION FILE

                       *     NO. 1:22-CV-03324-SEG

KEVIN TATE and DONNIE      *

WILSON TRUCKING, LLC,      *

                       *

     Defendants.      *

## DEFENDANT DONNIE WILSON TRUCKING, LLC'S
## RESPONSE TO JUDGE GERAGHTY'S ORDER TO SHOW CAUSE

COMES NOW, Donnie Wilson Trucking, LLC ("Donnie Wilson Trucking" or "Defendant"), named as a Defendant in the above-styled action, and pursuant to Fed. R. Civ. P. 26(a)(1) and L.R. 26.1 files the following response to Judge Geraghty's Order to Show Cause, issued on September 21, 2022:

**A.**     **The amount in controversy exceeds the $75,000 threshold to sustain diversity jurisdiction.**

This Court noted that due to the fact that demand letters "commonly reflect puffing and posturing" to support a plaintiff's claim for damages, "specific information" is required to support a plaintiff's claim for damages, or the letters are entitled to little weight in meeting the threshold to sustain diversity jurisdiction.

(Doc. 19, p. 4, citing *Jackson v. Select Portfolio Serv., Inc.*, 651 F.Supp.2d 1279, 1281 (S.D. Ala. 2009). As such, this Court requested copies of the post-suit settlement demands referenced in the certificates of service filed with this Court as Doc. 1-10 and 1-11. Defendant submits these offers of settlement as Exhibits A and B, respectively. Additionally, Defendant shows the Court that these offers were both made pursuant to O.C.G.A. §9-11-68. O.C.G.A. § 9-11-68(b)(2) particularly reads as follows:

> If a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.
> O.C.G.A. § 9-11-68(b)(2)

The purpose of this code section is to encourage litigants to make and accept good faith settlement offers. *Smith v. Baptiste*, 287 Ga. 23 (2010). The statute lays out incentives both for the party making an offer of settlement under this code section and potential ramifications if a party rejects or ignores an offer made under this code section. O.C.G.A. 9-11-68's "'clear purpose' ... 'is to encourage litigants in tort cases to make and accept good faith settlement proposals in order to avoid unnecessary litigation, thereby advancing [Georgia's] 'strong public policy of encouraging negotiations and settlements.'" *IVC US, Inc. v. Linden Bulk*

*Transportation SW, LLC* (2017 WL 5248380) (quoting *Camacho v. Nationwide Mut. Ins. Co.*, 188 F. Supp. 3d 1331, 1365-66 (N.D. Ga. May 25, 2016) (quoting *Georgia Dep't of Corrs. v. Couch*, 295 Ga. 469, 471, 759 S.E.2d 804, 807 (2014)).

For these reasons, although there is a significant disparity between the controversy as alleged in Plaintiff's complaint and the offers of settlement, Defendant respectfully avers this Court that the amount in Plaintiff's offers of settlement rise above puffing and posturing and are an accurate reflection of an amount Plaintiff believes they may receive *more than* should this case go to trial. Accordingly, Defendant contends that Plaintiff's settlement demands are more than "puffing and posturing" and demonstrate an amount in controversy that satisfies subject matter jurisdiction and supports removal..

**B.    The rule of unanimity is satisfied in this case.**

At the time of the filing of removal, Defendant Tate had not been served with the Complaint, Defense counsel had been unable to find Defendant Tate[1], and he had not yet joined the notice of removal. This Court noted that Defendant Tate participated in discovery based on non-party requests for the production of documents previously filed in state court and included in the removal packet. (Doc.

---

[1] Upon information provided by Defendant Donnie Wilson Trucking, Defendant Tate's last known address was in Texas.

1-12, 1-13). Defendant acknowledges that Defendant Tate's name erroneously appeared in the introductory "Come now" paragraph of a non-party request as a scrivener's error. Though his name mistakenly appeared in these documents at the time, Defendant Tate had not participated in the suit or given any input to counsel. Defendant's Interrogatories and Request for Production of Documents to Plaintiff were served only by Defendant Donnie Wilson Trucking and do not reference Defendant Tate.

Additionally, on September 30, 2022, undersigned counsel was notified that personal service upon Defendant Tate was perfected at his home in Texas on September 28, 2022, both after the date of Defendant's filing of the removal packet and this Court's Order to show cause[2]. The affidavit of service on Defendant Tate was filed with this Court on September 30, 2022 and is marked as Document 21. After being notified that Defendant Tate had been served, undersigned counsel was able to speak with him on September 30, 2022 and secure his consent to removal of his case from the Clayton County State Court to the Northern District.

A defect other than a lack of subject matter jurisdiction does not necessarily require remand, and a failure to comply with the unanimity requirement is only a

---

[2] Defendant Tate's answer is due in this Court on October 19, 2022, and undersigned counsel will be representing him in this matter moving forward.

procedural defect, not a jurisdictional defect. *Goss v. Aetna, Inc.* 360 F.Supp.3d 1364 (N.D. Ga. 2019). As such, even in a case where the consent of an additional defendant is untimely, this is not a cause for remand, and giving a second defendant's explicit consent cures the procedural defect relating to the rule of unanimity. *Id*. In addition, the Northern District has previously held that a Notice of Consent demonstrates explicit consent to keep a case in federal court. *Waldon v. ACE American Insurance Company*, 2016 WL 10393763.

In the above-styled case, Defendant Tate's name was mistakenly included in state court discovery documents before he had been served with the suit. Defendant argues that the scrivener's error would not have run afoul of the rule of unanimity, as Defendant Tate had not yet been served. However, Defendant Tate has now been served and given his consent to undersigned counsel to keep this case in the Northern District. See Defendant Tate's Answer to Plaintiff's Amended Complaint and Notice of Consent, filed contemporaneously with this response, herewith. For these reasons, Defendants profess to the Court that the rule of unanimity is satisfied in this case, and it should not be remanded on these grounds, either.

This 5th day of October, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street, NE          Jennifer E. Parrott
Suite 3500                       Georgia Bar No. 080180
Atlanta, Georgia 30308           Paul E. Barnhill
Tel:  (404) 885-1400             Georgia Bar No. 425240
Fax:  (404) 876-0992
parrottj@deflaw.com              *Attorneys for Defendants*
barnhillp@deflaw.com

12971598v1
28765-233515

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DESTINIE STEWART          *
                          *
   Plaintiff,          *
                          *
V.                        *    CIVIL ACTION FILE
                          *    NO. 1:22-cv-03324-SEG
KEVIN TATE and DONNIE     *
WILSON TRUCKING, LLC,     *
                          *
   Defendants.          *


## CERTIFICATE OF SERVICE AND COMPLIANCE
## WITH LOCAL RULE 5.1(B)

I HEREBY CERTIFY, that I have this day filed **DEFENDANT DONNIE WILSON TRUCKING, LLC'S RESPONSE TO JUDGE GERAGHTY'S ORDER TO SHOW CAUSE** with the Clerk of Court, using the CM/ECF system and served a copy of the foregoing upon all counsel of record via U.S. Mail, adequate postage prepaid, addressed as follows:

Michael D. Paul
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Suite 300
Alpharetta, GA 30049
mpaul@forthepeople.com

I further certify that the foregoing has been prepared with Times New Roman, 14 point, in compliance with L.R. 5.1(b).

This 5th day of October, 2022.

DREW ECKL & FARNHAM, LLP

/s/ Jennifer E. Parrott

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel:  (404) 885-1400
Fax:  (404) 876-0992
jparrott@deflaw.com
barnhillp@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240
*Attorneys for Defendants*

12971598v1
28765-233515

EXHIBIT A

July 15, 2022

SENT: CERTIFIED MAIL TRACKING # 7020 3160 0000 1116 4093
parrottj@deflaw.com

Jennifer E. Parrott, Esq.
Drew Eckl Farnham, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308

      Re:    *Stewart, Destinie vs. Tate, Kevin and Donnie Wilson Trucking LLC.*
             *CAFN: 2021CV02654*

Counsel:

    Please find enclosed a copy of our Plaintiff Offer of Settlement. This case is worth far in excess of this amount; however, Ms. Destinie Stewart is willing to resolve her claim for this amount now in order to avoid the continued stress, anxiety, and cost of litigation.

    I have included a link to our verdict magazines for your client as well.

                          Sincerely,

                          Michael Paul

                          Michael D. Paul
                          Attorney for Plaintiff

MDP/jsm

Enclosure

https://www.forthepeople.com/sites/default/files/2020-
04/2020%20Verdicts%20Magazine_Standard_20.pdf

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART,

    Plaintiff,

v.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

    Defendant.

CIVIL ACTION FILE NO.
2021CV02654

## PLAINTIFF DESTINIE STEWART 'S OFFER OF SETTLEMENT PURSUANT TO
## O.C.G.A. § 9-11-68

COMES NOW Plaintiff DESTINIE STEWART , by and through undersigned counsel, and issues this Offer of Settlement Pursuant to O.C.G.A. § 9-11-68 to Defendant KEVIN TATE, as follows:

1. The party making this Offer is Plaintiff DESTINIE STEWART .

2. The party to whom this Offer is being made is Defendant KEVIN TATE.

3. The claim or claims this Offer is attempting to resolve are all bodily injury claims Plaintiff DESTINIE STEWART has against Defendant KEVIN TATE, arising out of a motor vehicle collision which occurred on January 12th, 2021 on I-75 South at its intersection with Forest Parkway, between Plaintiff DESTINIE STEWART and Defendant KEVIN TATE.

4. The relevant conditions of this Offer are as follows:

    a. This Offer shall remain open for thirty (30) days from receipt of the same by counsel of record for Defendant KEVIN TATE;

    b. Acceptance of this Offer must be in writing before the expiration of this Offer;

    c. The settlement draft must be made payable to "DESTINIE STEWART and his attorneys, MORGAN & MORGAN ATLANTA, LLC" and delivered to undersigned counsel within ten (10) days of acceptance of this Offer;

    d. Upon receipt of the settlement draft by undersigned counsel, Plaintiff DESTINIE

2

STEWART will execute the General Release attached hereto as Exhibit A; and

e. Upon receipt of the settlement draft by undersigned counsel, Plaintiff DESTINIE STEWART will file the Dismissal with Prejudice attached hereto as Exhibit B.

5. The total amount of this Offer is One Million Dollars ($1,000,000.00).

6. This Offer does not include any amounts for punitive damages, as such have not yet been pled in the above-captioned matter.

7. This Offer includes attorney's fees and other expenses. When the complaint sets forth a tort claim for money, if the offeree rejects or does not accept the offer of settlement and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment under O.C.G.A. § 9-11-68(b)(2). An offer that is not accepted within thirty (30) days is deemed rejected under O.C.G.A. § 9-11-68.

8. This Offer is being sent via certified mail # 7020 3160 0000 1116 4093.

This 15th day of July, 2022.

MORGAN & MORGAN ATLANTA, LLC
178 S Main St., Unit 300
Alpharetta, GA 30009
(470) 386-6596
(470) 639-6935 facsimile
MPaul@forthepeople.com

Michael D. Paul, Jr.
Georgia Bar No. 432559
*Attorney for Plaintiff*

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART ,

Plaintiff,

v.

KEVIN TATE,

Defendant.

CIVIL ACTION FILE NO.
2021CV02654

## GENERAL RELEASE

This settlement is made without the written consent of **KEVIN TATE,** who is not thereby precluded from further assertion of claims against Undersigned.

FOR THE SOLE CONSIDERATION OF **ONE MILLION DOLLARS ($1,000,000.00),** the receipt and sufficiency whereof is hereby acknowledged, Undersigned hereby releases and forever discharges **KEVIN TATE, GALLAGER BASSETT SERVICES, INC.,** their heirs, executors, administrators, agents and assigns, hereinafter called "Releasees," none of whom admit any liability but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of whatsoever kind or nature, and particularly on account of bodily injuries, known and unknown, and which have resulted or may in the future develop, sustained by **DESTINIE STEWART** , or arising out of damage or loss, direct or indirect, sustained by Undersigned in consequence of an incident on or about the **12ᵗʰ day of January, 2021, on I-75 South at its intersection with Forest Parkway.**

Undersigned swears and affirms that he is a resident of Clayton County, Georgia. Undersigned expressly warrants, represents and swears, as an inducement to those hereby released to consummate this settlement, that there are no outstanding or unsatisfied liens or subrogation claims of any person, firm or corporation for medical expenses, workers' compensation, hospital, Medicaid, medical or otherwise. Undersigned further represents that if said liens and/or interests do exist, such will be paid from the proceeds of the subject settlement.

4

It is expressly understood and agreed that this general release is a settlement of all claims against **KEVIN TATE,** and/or **GALLAGER BASSETT SERVICES, INC.** Releasees hereby deny all liability and by this release, the parties released hereby intend to merely avoid litigation and buy their peace. This release in no way prejudices the rights of the released parties to deny liability in any suit based upon said accident, casualty or event. It is further expressly understood and agreed that this general release is not intended, nor shall it be construed to be a representation that Undersigned has been fully and completely compensated for all economic and noneconomic damages; and Undersigned expressly denies that this settlement fully and completely compensates Undersigned for all economic and noneconomic damages.

As further consideration for payment of said sum, Undersigned hereby agrees to indemnify and hold harmless Releasees up to the amount of this settlement against any and all valid and enforceable claims for liens, damages, compensation or otherwise, arising out medical treatment for the injuries to Undersigned asserted by any other entity resulting from the above-mentioned occurrence, with said indemnification being limited to the amounts paid hereunder.

Undersigned further declares and represents that no promise, inducement, or agreement not herein expressed has been made to Undersigned and that this release constitutes the entire agreement between the parties.

Undersigned has read the foregoing release and fully understands it.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _____ day of _____ 2022.

_____
**DESTINIE STEWART**

Sworn and subscribed before me

This _____ day of _____ 2022.

_____
Notary Public
My Commission Expires: _____

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART ,

      Plaintiff,

v.

KEVIN TATE,

      Defendant.

CIVIL ACTION FILE NO.
2021CV02654

### DISMISSAL WITH PREJUDICE

COME NOW Plaintiff DESTINIE STEWART , by and through undersigned counsel, and dismisses the above-captioned matter WITH prejudice.

This ____ day of July, 2022.

MORGAN & MORGAN ATLANTA, LLC
178 S Main St., Unit 300
Alpharetta, GA 30009
(470) 386-6596
(470) 639-6935 facsimile
MPaul@forthepeople.com

Michael D. Paul, Jr.
Georgia Bar No. 432559
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I have this day served the foregoing pleading by way of certified mail upon:

Jennifer E. Parrott, Esq.
Certified Mail # 7020 3160 0000 1116 4093

This ____ day of July, 2022.

MORGAN & MORGAN ATLANTA, LLC
178 S Main St., Unit 300
Alpharetta, GA 30009
(470) 386-6596
(470) 639-6935 facsimile
MPaul@forthepeople.com

Michael D. Paul, Jr.
Georgia Bar No. 432559
*Attorney for Plaintiff*

1

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

DESTINIE STEWART,

      Plaintiff,

v.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

      Defendant.

CIVIL ACTION FILE NO.:
2021CV02654

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record in the foregoing matter with

the attached PLAINTIFF DESTINIE STEWART'S OFFER OF SETTLEMENT PURSUANT TO

O.C.G.A. § 9-11-68 by placing a true and correct copy in the United States Mail, certified, in an

envelope with sufficient postage to ensure delivery affixed thereon addressed as follows:

Attention: Jennifer E. Parrott
Drew Eckl Farnham, LLP
303 Peachtree Street N.E.
Suite 3500
Atlanta, GA 30308
Certified Mail: 7020 3160 0000 1116 4093

This 15th day of July, 2022.

MORGAN & MORGAN ATLANTA, LLC
Post Office Box 57007
Atlanta, GA 30343-1007
(470) 386-6596
(470) 639-6935 facsimile
mpaul@forthepeople.com

Michael D. Paul, Jr.
Georgia Bar No. 432559
*Attorney for Plaintiff*

1

EXHIBIT B

July 19, 2022

SENT: CERTIFIED MAIL TRACKING # 7020 3160 0000 1116 4079
parrottj@deflaw.com

Jennifer E. Parrott, Esq.
Drew Eckl Farnham, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308

> Re:    *Stewart, Destinie vs. Tate, Kevin and Donnie Wilson Trucking LLC.*
>        *CAFN: 2021CV02654*

Counsel:

Please find enclosed a copy of our Plaintiff Offer of Settlement. This case is worth far in excess of this amount; however, Ms. Destinie Stewart is willing to resolve her claim for this amount now in order to avoid the continued stress, anxiety, and cost of litigation.

I have included a link to our verdict magazines for your client as well.

Sincerely,

Michael Paul

Michael D. Paul
Attorney for Plaintiff

MDP/jsm

Enclosure

https://www.forthepeople.com/sites/default/files/2020-04/2020%20Verdicts%20Magazine_Standard_20.pdf

1

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART,

    Plaintiff,

v.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

    Defendant.

CIVIL ACTION FILE NO.
2021CV02654

## PLAINTIFF DESTINIE STEWART 'S OFFER OF SETTLEMENT PURSUANT TO
## O.C.G.A. § 9-11-68

COMES NOW Plaintiff DESTINIE STEWART , by and through undersigned counsel, and issues this Offer of Settlement Pursuant to O.C.G.A. § 9-11-68 to Defendants KEVIN TATE and DONNIE WILSON TRUCKING LLC., as follows:

1. The party making this Offer is Plaintiff DESTINIE STEWART .

2. The party to whom this Offer is being made is Defendants KEVIN TATE and DONNIE WILSON TRUCKING LLC.

3. The claim or claims this Offer is attempting to resolve are all bodily injury claims Plaintiff DESTINIE STEWART has against Defendants KEVIN TATE and DONNIE WILSON TRUCKING LLC., arising out of a motor vehicle collision which occurred on January 12th, 2021 on I-75 South at its intersection with Forest Parkway, between Plaintiff DESTINIE STEWART and Defendants KEVIN TATE and DONNIE WILSON TRUCKING LLC.

4. The relevant conditions of this Offer are as follows:

    a. This Offer shall remain open for thirty (30) days from receipt of the same by counsel of record for Defendants KEVIN TATE and DONNIE WILSON TRUCKING LLC.;

    b. Acceptance of this Offer must be in writing before the expiration of this Offer;

    c. The settlement draft must be made payable to "DESTINIE STEWART and his attorneys, MORGAN & MORGAN ATLANTA, LLC" and delivered to

2

undersigned counsel within ten (10) days of acceptance of this Offer;

d. Upon receipt of the settlement draft by undersigned counsel, Plaintiff DESTINIE STEWART will execute the General Release attached hereto as Exhibit A; and

e. Upon receipt of the settlement draft by undersigned counsel, Plaintiff DESTINIE STEWART will file the Dismissal with Prejudice attached hereto as Exhibit B.

5. The total amount of this Offer is One Million Dollars ($1,000,000.00).

6. This Offer does not include any amounts for punitive damages, as such have not yet been pled in the above-captioned matter.

7. This Offer includes attorney's fees and other expenses. When the complaint sets forth a tort claim for money, if the offeree rejects or does not accept the offer of settlement and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment under O.C.G.A. § 9-11-68(b)(2). An offer that is not accepted within thirty (30) days is deemed rejected under O.C.G.A. § 9-11-68.

8. This Offer is being sent via certified mail # 7020 3160 0000 1116 4079.

This 19ᵗʰ day of July, 2022.

MORGAN & MORGAN ATLANTA, LLC
178 S Main St., Unit 300
Alpharetta, GA 30009
(470) 386-6596
(470) 639-6935 facsimile
MPaul@forthepeople.com

Michael D. Paul, Jr.
Georgia Bar No. 432559
*Attorney for Plaintiff*

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DESTINIE STEWART ,

    Plaintiff,

v.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

    Defendant.

CIVIL ACTION FILE NO.
2021CV02654

## GENERAL RELEASE

This settlement is made without the written consent of **KEVIN TATE and DONNIE WILSON TRUCKING LLC.,** who is not thereby precluded from further assertion of claims against Undersigned.

FOR THE SOLE CONSIDERATION OF **ONE MILLION DOLLARS ($1,000,000.00),** the receipt and sufficiency whereof is hereby acknowledged, Undersigned hereby releases and forever discharges **KEVIN TATE, DONNIE WILSON TRUCKING LLC., and GALLAGER BASSETT SERVICES, INC.,** their heirs, executors, administrators, agents and assigns, hereinafter called "Releasees," none of whom admit any liability but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of whatsoever kind or nature, and particularly on account of bodily injuries, known and unknown, and which have resulted or may in the future develop, sustained by **DESTINIE STEWART** , or arising out of damage or loss, direct or indirect, sustained by Undersigned in consequence of an incident on or about the **12th day of January, 2021, on I-75 South at its intersection with Forest Parkway.**

Undersigned swears and affirms that he is a resident of Clayton County, Georgia. Undersigned expressly warrants, represents and swears, as an inducement to those hereby released to consummate this settlement, that there are no outstanding or unsatisfied liens or subrogation claims of any person, firm or corporation for medical expenses, workers' compensation, hospital, Medicaid, medical or otherwise. Undersigned further represents that if said liens and/or interests do exist, such will be paid from the proceeds of the subject settlement.

4

It is expressly understood and agreed that this general release is a settlement of all claims against **KEVIN TATE, DONNIE WILSON TRUCKING LLC.,** and/or **GALLAGER BASSETT SERVICES, INC.** Releasees hereby deny all liability and by this release, the parties released hereby intend to merely avoid litigation and buy their peace. This release in no way prejudices the rights of the released parties to deny liability in any suit based upon said accident, casualty or event. It is further expressly understood and agreed that this general release is not intended, nor shall it be construed to be a representation that Undersigned has been fully and completely compensated for all economic and noneconomic damages; and Undersigned expressly denies that this settlement fully and completely compensates Undersigned for all economic and noneconomic damages.

As further consideration for payment of said sum, Undersigned hereby agrees to indemnify and hold harmless Releasees up to the amount of this settlement against any and all valid and enforceable claims for liens, damages, compensation or otherwise, arising out medical treatment for the injuries to Undersigned asserted by any other entity resulting from the above-mentioned occurrence, with said indemnification being limited to the amounts paid hereunder.

Undersigned further declares and represents that no promise, inducement, or agreement not herein expressed has been made to Undersigned and that this release constitutes the entire agreement between the parties.

Undersigned has read the foregoing release and fully understands it.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _____ day of _____ 2022.

_____

**DESTINIE STEWART**

Sworn and subscribed before me

This _____ day of _____ 2022.

_____
Notary Public
My Commission Expires: _____

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

DESTINIE STEWART ,

    Plaintiff,

v.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

    Defendant.

CIVIL ACTION FILE NO.
2021CV02654

## DISMISSAL WITH PREJUDICE

COME NOW Plaintiff DESTINIE STEWART , by and through undersigned counsel, and

dismisses the above-captioned matter WITH prejudice.

This ____ day of July, 2022.

MORGAN & MORGAN ATLANTA, LLC
178 S Main St., Unit 300
Alpharetta, GA 30009
(470) 386-6596
(470) 639-6935 facsimile
MPaul@forthepeople.com

Michael D. Paul, Jr.
Georgia Bar No. 432559
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I have this day served the foregoing pleading by way of certified mail upon:

Jennifer E. Parrott, Esq.
Certified Mail # 7020 3160 0000 1116 4079

This ____ day of July, 2022.

MORGAN & MORGAN ATLANTA, LLC
178 S Main St., Unit 300
Alpharetta, GA 30009
(470) 386-6596
(470) 639-6935 facsimile
MPaul@forthepeople.com

Michael D. Paul, Jr.
Georgia Bar No. 432559
*Attorney for Plaintiff*

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

DESTINIE STEWART,

    Plaintiff,

v.

KEVIN TATE and DONNIE WILSON
TRUCKING LLC.,

    Defendant.

CIVIL ACTION FILE NO.:
2021CV02654

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record in the foregoing matter with

the attached PLAINTIFF DESTINIE STEWART'S OFFER OF SETTLEMENT PURSUANT TO

O.C.G.A. § 9-11-68 by placing a true and correct copy in the United States Mail, certified, in an

envelope with sufficient postage to ensure delivery affixed thereon addressed as follows:

Attention: Jennifer E. Parrott
Drew Eckl Farnham, LLP
303 Peachtree Street N.E.
Suite 3500
Atlanta, GA 30308
Certified Mail: 7020 3160 0000 1116 4079

This $\underline{19^{th}}$ day of July, 2022.

Michael Paul

MORGAN & MORGAN ATLANTA, LLC
Post Office Box 57007
Atlanta, GA 30343-1007
(470) 386-6596
(470) 639-6935 facsimile
mpaul@forthepeople.com

Michael D. Paul, Jr.
Georgia Bar No. 432559
*Attorney for Plaintiff*

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DESTINIE STEWART,

      Plaintiff,

  v.

KEVIN TATE and DONNIE
WILSON TRUCKING, LLC,

      Defendants.

CIVIL ACTION NO.

1:22-CV-3324-SEG

## **O R D E R**

On September 21, 2022, this Court issued an order directing Defendant Wilson Trucking, LLC ("Wilson Trucking") to show cause why this case should not be remanded. (Doc. 19.) Specifically, the Court expressed concerns that the amount in controversy required for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 had not been met, and that the removal did not comply with the rule of unanimity. This case is currently before the Court on Wilson Trucking's response to this show cause order. (Doc. 24.)

The Court first turns to the rule of unanimity. This rule "requires that all defendants consent to and join a notice of removal in order for it to be effective." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th

Cir. 2008).  Although Defendant Kevin Tate did not initially consent to removal of the case from state court, he has since filed a notice expressing his consent.  (Doc. 23.)  He has also filed an answer to the complaint.  (Doc. 22.)  Furthermore, although documents filed in state court appear to indicate that Tate had joined the action prior to removal, Wilson Trucking avers that "Defendant Tate's name was mistakenly included in state court discovery documents before he had been served with the suit."  (Doc. 24 at 5.)  This is verified by the fact that, on October 5, 2022, Plaintiff Destinie Stewart filed an executed return of service indicating that Tate was not served with the complaint until September 28, 2022, more than a month after the case was removed to federal court.  (Doc. 21.)  The Court finds that the rule of unanimity has been satisfied.

Next, the Court turns to the issue of the amount in controversy. Diversity jurisdiction is proper only when the parties are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Neither the complaint nor the amended complaint establish that the amount in controversy in this case exceeds $75,000.  The complaint and amended complaint both allege only that Plaintiff Destinie Stewart "has incurred in excess of $16,509.50 in past medical expenses, with future medical expenses to be determined," as well as an unspecified amount of

general damages for pain and suffering.  (Doc. 1-1 at 4-5, Doc. 1-2 at 4-5.)
Wilson Trucking argues that the amount in controversy is met because
Stewart tendered a settlement demand of $1,000,000 in July 2022.  Wilson
Trucking has attached the actual settlement demand to its show cause
response.[1]  (Doc. 24 at 9-24.)

"Where a plaintiff fails to specify the total amount of damages
demanded, as is the case here, a defendant seeking removal based on
diversity jurisdiction must prove by a preponderance of the evidence that the
amount in controversy exceeds the $75,000 jurisdictional requirement."
*Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (footnote
omitted).  The settlement offers submitted by Wilson Trucking do not contain
any specific information to support Stewart's demand for $1,000,000 and
diverge significantly from the amounts referenced in the complaint and
amended complaint.  Thus, it is not apparent that Stewart "was offering a
reasonable assessment of the value of [her] claim."  *Golden Apple
Management Co. v. Geac Computers, Inc.,* 990 F.Supp. 1364, 1368 (M.D. Ala.
1998).  The settlement demands do not address Stewart's damages at all, but

---

[1] Stewart tendered an initial settlement demand for $1,000,000 on July 15,
2022, then withdrew it on July 17, 2022.  She issued a new settlement
demand for $1,000,000 on July 19, 2022.  Wilson Trucking has attached both
settlement demands to its show cause response.

rather state that "[t]he claim or claims this Offer is attempting to resolve are all bodily injury claims." (Doc. 24 at 11, 19.) Given the contention in the complaints that Stewart's past medical expenses approximated $16,509.50, the Court must consider her demand for $1,000,000 in bodily injury claims to be what courts sometimes refer to as "puffery." *See Jackson v. Select Portfolio Serv., Inc.,* 651 F.Supp.2d 1279, 1281 (S.D. Ala. July 31, 2009) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.")

Wilson Trucking also suggests that Stewart's claim for attorneys' fees should be included when determining the amount in controversy. (Doc. 24 at 2.) "The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003). Wilson Trucking points the Court to the fact that Stewart's settlement demands were made pursuant to O.C.G.A. § 9-11-68, which allows for recovery of reasonable attorneys' fees. That statute states:

> If a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the

plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.

O.C.G.A. § 9-11-68(b)(2).   However, Wilson Trucking provides no explanation or calculation of what the potential attorneys' fees might be.  It only speculates that the $75,000 threshold will be met.  Wilson Trucking therefore has not met its burden to establish the basis for removal of this case to federal court.  *See Schwartz v. AIG Property Casualty Co.*, No.: 16-80556, 2016 WL 7443290, at *2 (S.D. Fla. June 15, 2016) (remanding case because the defendant "has not provided the Court with enough information to deduce whether Plaintiff's attorneys' fees" exceeded an amount necessary to satisfy the amount in controversy requirement when added to the amount of damages sought by the plaintiff).  "While it may well be that attorney's fees would push the amount in controversy over the jurisdictional threshold, Defendant ultimately bears the burden to show that is the case."  *David v. USAA Casualty Ins. Co.*, No.: 5:21cv27-MW/MJF, 2021 WL 1152934, at *5 (N.D. Fla. March 24, 2021) (remanding case because "Defendant has not provided *any* evidence showing that attorney's fees would move the needle across the $75,000 mark.")

Here, the burden is on Wilson Trucking to establish federal jurisdiction, and "[t]he removal statute contemplates a stronger basis for

jurisdiction than mere speculation." *Wozniak v. Dolgencorp. LLC*, No. 8:09-cv-2224-T-23AEP, 2009 WL 4015577, at *2 (M.D. Fla. Nov. 19, 2009). As the Eleventh Circuit explained in *Bradley v. Kelly Servs., Inc.,* 224 F. App'x 893, 895 (11th Cir. 2007), "a party's mere speculation that the amount in controversy met the jurisdictional threshold did not satisfy its burden of proving beyond a preponderance of the evidence the claim at issue exceeded $75,000." Because Wilson Trucking has failed to satisfy its burden to establish subject matter jurisdiction, this case is REMANDED to the State Court of Clayton County, Georgia.

**SO ORDERED** this 7th day of October, 2022.

SARAH E. GERAGHTY
United States District Judge

6

**Gwendolyn Gilliam**

| | |
|---|---|
| **From:** | ganddb_efile_notice@gand.uscourts.gov |
| **Sent:** | Friday, October 7, 2022 3:48 PM |
| **To:** | CourtMail@gand.uscourts.gov |
| **Subject:** | Activity in Case 1:22-cv-03324-SEG Stewart v. Tate et al Remark |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**The Court is now live on NextGen CM/ECF. To continue e-filing, all registered attorneys must have an individual, upgraded PACER account. In addition, attorneys who registered for e-filing in this court prior to April 15, 2019, must link their individual, upgraded PACER account to their legacy CM/ECF account. Details may be found on our website.**

**U.S. District Court**

**Northern District of Georgia**

## Notice of Electronic Filing

The following transaction was entered on 10/7/2022 at 3:47 PM EDT and filed on 10/7/2022

| | |
|---|---|
| **Case Name:** | Stewart v. Tate et al |
| **Case Number:** | 1:22-cv-03324-SEG |
| **Filer:** | |
| **WARNING: CASE CLOSED on 10/07/2022** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Case Electronically Remanded to the State Court of Clayton County, Georgia. (ane)**

**1:22-cv-03324-SEG Notice has been electronically mailed to:**

Jennifer E. Parrott    jparrott@deflaw.com, gilliamg@deflaw.com

Michael Paul , Jr.    mpaul@forthepeople.com, jkmiller@forthepeople.com, jswainmark@forthepeople.com, mcornett@forthepeople.com

Paul Edward Barnhill    barnhillp@deflaw.com, gilliamg@deflaw.com

**1:22-cv-03324-SEG Notice has been delivered by other means to:**

## Gwendolyn Gilliam

| | |
|---|---|
| **From:** | ganddb_efile_notice@gand.uscourts.gov |
| **Sent:** | Friday, October 7, 2022 3:29 PM |
| **To:** | CourtMail@gand.uscourts.gov |
| **Subject:** | Activity in Case 1:22-cv-03324-SEG Stewart v. Tate et al Terminated Case |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**The Court is now live on NextGen CM/ECF. To continue e-filing, all registered attorneys must have an individual, upgraded PACER account. In addition, attorneys who registered for e-filing in this court prior to April 15, 2019, must link their individual, upgraded PACER account to their legacy CM/ECF account. Details may be found on our website.**

### U.S. District Court

### Northern District of Georgia

## Notice of Electronic Filing

The following transaction was entered on 10/7/2022 at 3:29 PM EDT and filed on 10/7/2022

| | |
|---|---|
| **Case Name:** | Stewart v. Tate et al |
| **Case Number:** | 1:22-cv-03324-SEG |
| **Filer:** | |

**WARNING: CASE CLOSED on 10/07/2022**

**Document Number:** No document attached

**Docket Text:**
**Civil Case Terminated. (ane)**

**1:22-cv-03324-SEG Notice has been electronically mailed to:**

Jennifer E. Parrott    jparrott@deflaw.com, gilliamg@deflaw.com

Michael Paul , Jr.    mpaul@forthepeople.com, jkmiller@forthepeople.com, jswainmark@forthepeople.com, mcornett@forthepeople.com

Paul Edward Barnhill    barnhillp@deflaw.com, gilliamg@deflaw.com

**1:22-cv-03324-SEG Notice has been delivered by other means to:**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

**2211 UNITED STATES COURTHOUSE**
**75 TED TURNER DRIVE, SW**
**ATLANTA, GEORGIA 30303-3318**
**www.gand.uscourts.gov**

KEVIN P. WEIMER
DISTRICT COURT EXECUTIVE
AND CLERK OF COURT

DOCKETING SECTION
404-215-1655

October 7, 2022

Tiki Brown, Clerk
Clayton County State Court
Harold R. Banke Justice Center
9151 Tara Boulevard
Jonesboro, GA 30236

     **RE:**  **Destinie Stewart v. Kevin Tate and Donnie Wilson Trucking LLC**
          **Your Case Number:  2021CV02654**
          **Our Case Number: 1:22-cv-03324-SEG**

Dear Ms. Brown:

     Enclosed is a certified copy of an order entered by this court in the above-styled action remanding said action to your court.

          Sincerely,

          Kevin P. Weimer
          District Court Executive
          and Clerk of Court

     By:  s/ A. Edwards
              Deputy Clerk

Enclosure

# EXHIBIT C

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DESTINIE STEWART | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  2021CV02654 |
| | ) |
| KEVIN TATE and DONNIE | ) |
| WILSON TRUCKING, LLC | ) |
| | ) |
|      Defendants. | ) |

<u>**NOTICE OF FILING OF NOTICE OF REMOVAL**</u>

TO:    Clerk, State Court of Clayton County, Georgia.

COME NOW, Kevin Tate ("Tate") and Donnie Wilson Trucking, LLC ("Wilson"), named Defendants in the above-styled action, through counsel, without submitting to this Court's jurisdiction and venue, and provide the following notice to the Court:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as Exhibit 1. Pursuant to 28 U.S.C. §1446(d), this Court is precluded from taking any further action with respect to this case unless and until same is remanded to it by order of the United States District Court for the Northern District of Georgia.

*[Signatures are on the following page.]*

Respectfully submitted, this 17th day of April, 2023.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE
Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
barnhillp@deflaw.com

*/s/ Paul E. Barnhill*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendants*

13445028v1
28765-233515

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| DESTINIE STEWART | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAFN:  2021CV02654 |
| | ) | |
| KEVIN TATE and DONNIE | ) | |
| WILSON TRUCKING, LLC | ) | |
| | ) | |
| Defendants. | ) | |

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing

***Notice of Filing of Notice of Removal*** on Plaintiff's counsel of record by placing said copy in the

United States Mail with sufficient postage affixed thereto, addressed to counsel's last known

address as follows:

Michael D. Paul, Jr., Esq.
Morgan & Morgan Atlanta, PLLC
178 S. Main Street, Unit 300
Alpharetta, GA  30009
mpaul@forthepeople.com

Respectfully submitted, this 17th day of April, 2023.

**DREW ECKL FARNHAM, LLP**

303 Peachtree Street NE
Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax: 404-876-0992
parrottj@deflaw.com
barnhillp@deflaw.com

*/s/ Paul E. Barnhill*
Jennifer E. Parrott
Georgia Bar No. 080180
Paul E. Barnhill
Georgia Bar No. 425240

*Attorneys for Defendant*

13445028v1
28765-233515

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DESTINIE STEWART | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | CIVIL ACTION FILE |
| | * | NO. |
| KEVIN TATE and DONNIE | * | |
| WILSON TRUCKING, LLC, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |
| | * | |
| | * | |

**AFFIDAVIT OF COUNSEL IN SUPPORT OF REMOVAL**

STATE OF GEORGIA
COUNTY OF FULTON

COMES NOW, personally appeared before the undersigned officer duly authorized to administer oaths, Paul E. Barnhill, who after being duly sworn, deposes and states the following:

1.

My name is Paul E. Barnhill, and I am an associate attorney with the law firm of Drew Eckl & Farnham, LLP.

2.

I am competent to make this Affidavit, am suffering from no legal disabilities, and make this Affidavit of my own personal knowledge and with the knowledge and intent that same be used in support of removal of this matter.

3.

In this action, Plaintiff Destinie Stewart ("Plaintiff") claims that she is entitled to recover for damages, which Plaintiff alleges were the result of negligence on the part of the named Defendants.

4.

In the Amended Complaint filed on December 31, 2021, Plaintiff initially alleged special damages of $16,509.50 with future medical expenses to be determined. (Plaintiff's Amended Complaint, ¶ 14). The amended complaint alleged general damages for pain and suffering without specifying a dollar amount, making the total damages alleged in the initial complaint $16,509.50. (Plaintiff's Amended Complaint, ¶ 14).

5.

On March 17, 2023, Plaintiff's counsel provided Defense counsel with Plaintiff's Second Supplemental Answers to Defendant Wilson's First Continuing Interrogatories. These Supplemental Answers tabulated Plaintiff's special damages

in a total amount of $379,708.33, which exceeds the $75,000.00 threshold required

for diversity jurisdiction. Below is an excerpt of Plaintiff's newly alleged damages:

20.

Please itemize all special damages which you allege you have incurred or others have

incurred on your behalf as a result of this occurrence, which is the subject matter of this litigation

(do not simply refer to attached documents), including, but not limited to, property damage,

all past and future medical expenses of any kind, past and future hospital expenses, lost wages,

lost income of any kind, the past and future cost of medication, and all other special damages

(describing them). Defendant requires that you update the answer to this Interrogatory pursuant

to Plaintiff's obligation to itemize all special damages as required by O.C.G.A. § 9-11-9(g), and

Defendant notes that it will object to the introduction of any damages which are not itemized as

required by law.

ANSWER:

| American Health Imaging | $ 4,595.00 |
|---|---|
| Atlanta Complete Care, LLC | $ 3,519.00 |
| Neuro Psych Centers of Georgia | $ 6,613.14 |
| Trinity Spine Center | $12,307.50 |
| United Neurology LLC | $ 1,445.00 |
| Atlanta Spine | $ 5,605.44 |
| Future Medical Costs and Expenses | $341,421.25 |
| Onyx Imaging | $ 4,202.00 |

PLAINTIFF RESERVES THE RIGHT TO ADD TO, SUPPLEMENT, OR

OTHERWISE AMEND HER ANSWERS TO THESE INTERROGATORIES.

This 17 day of March , 2023.

6.

"If a case as stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an...other paper from which it is ascertained that the case is one which is or has become removable."  28 U.S.C.A. § 1446(b)(3).

7.

Based on my experience as an attorney and member of the Georgia Bar and based on the amount of damages anticipated given the allegations of Plaintiff's Amended Complaint, the amount that Plaintiff tabulated in her supplementary discovery responses, and assuming that Plaintiff prevails on all of her claims, a permissible award at trial could be in excess of $75,000.00, exclusive of interests and costs.

*[Signatures continue on next page.]*

FURTHER AFFIANT SAYETH NOT, this _____ day of April, 2023.

Paul E. Barnhill
Georgia Bar No. 425240

Sworn to and subscribed
before me, this 14th day
of April, 2023.

Notary Public
My Commission Expires

13443734v1
28765-233515