Official Form 417A (12/18)

Regarding #176

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

70-67143

2023 APR 14 PM 3: 58

*[Caption as in Form 416A, 416B, or 416D, as appropriate]* REGINA THOMAS
CLERK

AMENDED **NOTICE OF APPEAL AND STATEMENT OF ELECTION** _____ M.
DEPUTY CLERK

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):  Dan Bar Enasha

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☑ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

## Part 2:  Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Doc#148, Doc#149, Doc#153, Doc#158, DBE. ~~Doc#159~~, Doc#176, Doc#177, Doc#184

2. State the date on which the judgment, order, or decree was entered: 03/28/2023, 03/28/2023, 04/11/2023
   04/07/2023, 04/12/2023, 04-13-2023 & 04-14,2023

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: The Trustee    Attorney: Taylor English Duma LLP, Suite 200
   Neil C. Gordon    1600 Parkwood Circle SE
   Atlanta, Ga, 30339

2. Party: Maria Camelia Attorney: Robert N. Schwartz
   Bogdan    P.O. Box 160100
   Atlanta, Ga, 30316-1002

3. Party: U.S. Trustee    Thomas Dworschak
   Office of the United States Trustee - Room 362
   75 Ted Turner Drive, SW, DBE.
   Atlanta, Ga, 30303

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date: April 14, 2023

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
Don Bar Enosha
3172 Briarcliff Road NE
Atlanta, Ga. 30329-2603

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers:  If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

United States Bankruptcy Court
Northern District of Georgia
Atlanta Division

IN RE:

Dan Bar Enasha
(Debtor)

) Case # 20-67143-PMB
)
) Chapter 7
)

( Joining Prior Appeal)
Amended Notice of Appeal - Document # 158

Regarding The Following Orders:

Order 1 - Doc # 148 - Exhibit A
Order 2 - Doc # 149 - Exhibit B
Order 3 - Doc # 153 - Exhibit C

Doc # 158 (Notice of APPEAL) - filed April 09, 2023 - Exhibit D

Order 4 - Doc # 176 - Exhibit E
Order 5 - Doc # 177 - Exhibit F
Order 6 - Doc # 184 - Exhibit G.

Comes now, Dan Bar Enasha, and Adds the above Orders to the initial Appeal
The initial Notice of Appeal (Doc # 158), and this Amended
Notice of Appeal (joining the prior Appeal), is filed on April 14, 2023,
to include the following Orders (Doc # 176, Doc # 177, & Doc # 184)
which are also Part of The Appeal, to be Considered for Review...
This Appeal has been filed pursuant to Georgia Law, regarding
Appeals... If the filing of the Appeal will be challenged based
on the "premature" claim,... Rule 303(a)(2) addresses concerns revised
in cases such as John G. Phillips @ Assoc. v Brown, 197 Ill. 2d 337 (2001)

where subparagraph (a)(2) protects the right of an appellant who has filed a "premature" notice of Appeal, by making the Notice of Appeal effective when the Order denying a post judgement motion, or... resolving a still pending claim, is entered. (See Fed. R App. P. 4 (a) (B)(i), (a)(4)(B)(ii). The question of whether a particular "claim" is a Separate Claim, for purposes of Rule 304(a) is often Difficult to assess --- See Dewan v. Ford Motor Co. 343 Ill. App. 3d 1062 (2003); In Re Marriage of King, 208 Ill. 2d 332 (2003); Marsh v. Evangelical Covenant Church of Hilsdale, 138 Ill. 2d 458 (1990); Physicians Insurance Exchange v. Jennings, 316 Ill. App. 3d 443 (2000),... where Subparagraph (a)(2) protects the Appellant who files A Notice of Appeal Prior to the Resolution of A Still Pending Claim that is determined to be A Separate Claim, under Rule (304)(a)

⊛ As in the case of the innitial Appeal filed on April 09, 2023, The Debtor prays that this Court will Review the Rulings condoined within The Orders attached to (mendioned in) this Amended Notice of Appeal, and that the Court will grant the Debtor such further Relief, as the Court deems proper and Just.

Dara Bar Enasha
_____

Signature: _____

Date:
April 14, 2023

Address:
3192 Briarcliff Road NE
Atlanta, Ga, 30329-2603


Case 20-67143-pmb  ( Doc 148 )  Filed 03/23/23   Entered 03/23/23 15:15:34   Desc Main
Document     Page 1 of 5

Exhibit A (page 01 of 05)



**IT IS ORDERED as set forth below:**

**Date: March 23, 2023**

*Paul Baisier*
_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 20-67143-PMB |
| | : | |
| DAN BOGDAN, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |
| | : | |
| NEIL C. GORDON, CHAPTER 7 TRUSTEE, | : | |
| | : | |
| Movant, | : | |
| | : | CONTESTED MATTER |
| v. | : | |
| | : | |
| DAN BOGDAN, | : | |
| | : | |
| Respondent. | : | |

### ORDER ON TRUSTEE'S NOTICE OF
### DEFAULT, REQUEST FOR SHOW-CAUSE
### HEARING, AND RENEWED MOTION FOR TURNOVER OF THE PROPERTY

On March 4, 2023, Neil C. Gordon, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy

estate (the "**Bankruptcy Estate**") of Dan Bogdan ("**Debtor**") filed *Trustee's Notice of Default,*

*Request for Show-Cause Hearing, and Renewed Motion for Turnover of the Property* [Doc. No.

137] ("**Trustee's Default Notice and Renewed Motion**").  On March 8, 2023, a *Show Cause Order and Notice of In-Person Hearing* [Doc. No. 138], was entered by the Court scheduling a hearing on the Trustee's Default Notice and Renewed Motion for March 20, 2023 (the "**Show Cause Hearing**").

On November 16, 2022, Trustee had filed *Trustee's Emergency Motion for an Order (A) Compelling Debtor to (I) Perform His Statutory Duties and (II) Turn Over Property of the Bankruptcy Estate and (B) Prohibiting Debtor from Removing Fixtures or Property of the Bankruptcy Estate* [Doc. No. 102] ("**Motion to Compel**"), seeking immediate turnover of certain real property known generally as 3172 Briarcliff Road, NE, Atlanta, DeKalb County, Georgia 30329 (the "**Property**") due to Debtor's continued failure and refusal to allow Trustee's duly appointed real estate broker to list or market the Property for sale, or for alternative relief.

On November 29, 2022, a hearing was held on the Motion to Compel.  On December 2, 2022, the Court entered an Order [Doc. No. 116] on the Compel Motion (the "**Compel Order**"), granting the alternative relief.  Pursuant to the Compel Order, Debtor was required to have the Property cleaned up by December 31, 2022, and provide weekly photos to show his progress in the cleanup of the Property. Debtor failed to comply with these terms of the Compel Order. Only one time (right after the Compel Hearing) did Debtor provide photos of his progress in cleaning up the Property, at which time, very little progress had been made. Since that time, no further reports or photos were ever sent to Trustee. The Property was not cleaned up by December 31, 2022, and remains in a condition that impairs its saleability.  Debtor provided only an "inadequate" or "incomplete" set of keys to Trustee that did not together open any exterior door of the Property. Overall, Debtor has dragged his feet over time in order to delay or prevent the sale of the Property.

Trustee's Default Notice and Renewed Motion came before the Court for the Show Cause Hearing on March 20, 2023.  Present at the Show Cause Hearing were Neil C. Gordon ("**Mr. Gordon**") as Trustee and as counsel for Trustee, Robert D. Schwartz ("**Mr. Schwartz**"), as counsel for Maria Bogdan (Debtor's estranged wife), Maria Bodgan, Taylor Mansell, as counsel for Chapter 13 Trustee, Brian Shockley, as counsel for Debtor, and Debtor.  Based on the proffer by Mr. Gordon, the proffer of Mr. Schwartz, the testimony of Debtor (including his failure to credibly refute such proffers), and the record in this case, the Court finds, for the reasons set forth on the record at the Show Cause Hearing, that Debtor is in contempt of the Compel Order and that Trustee is entitled to the immediate turnover of the Property.  Based on the foregoing, good cause having been shown, it is hereby

ORDERED that Debtor is hereby found in contempt of the Compel Order and assessed a contempt sanction in the amount of $5,000.00 (the "**Contempt Sanction**"), subject to abatement as provided below.  It is further

ORDERED that Debtor must vacate the Property on or before April 16, 2023 (the "**Deadline**"), leaving the premises free of all personal property and in a clean, broom swept condition (collectively, the "**Property Condition**"). It is further

ORDERED, if Debtor both meets the Deadline and the Property Condition, the Contempt Sanction will be abated, and if Debtor fails to meet the Deadline, Debtor shall be sanctioned an additional $100.00 per each hold-over day through April 2023, and $250.00 per each hold-over day starting May 1, 2023. It is further

ORDERED, Debtor shall pay rent to Trustee for the month of April as follows:

(i)     if Debtor has not both vacated the Property and satisfied the Property Condition by April 16, 2023, Debtor must pay a full month of rent to Trustee for April 2023, in the amount of $1,500.00 made payable to "Neil Gordon, Trustee (Bogdan)."

(ii)    If Debtor has both vacated the Property and satisfied the Property Condition on or before April 16, 2023, Debtor shall only be required to pay partial April rent of $1,000.00.

(iii)   If Debtor has both vacated the Property and satisfied the Property Condition on or before March 31, 2023, Debtor will not be required to pay any rent for April 2023. It is further

ORDERED, if Debtor fails to satisfy the Property Condition by the time Trustee obtains possession of the Property, Debtor will be assessed Trustee's reasonable costs and expenses incurred for removing the personal property remaining in the Property and putting it in a broom clean condition as an additional sanction. It is further

ORDERED, Debtor shall promptly turn over to Trustee a full set of working keys that open each exterior door the Property. It is further

ORDERED, that after April 16, 2023, if Debtor has not vacated the Property, Trustee may submit a motion supported by an affidavit and with a proposed order to have the Court direct the United States Marshal by any means necessary to remove Debtor from the premises of the Property.

The Clerk's Office is hereby directed to serve a copy of this Order to parties on the attached distribution list.

**[END OF DOCUMENT]**

**DISTRIBUTION LIST**

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Neil C. Gordon
Taylor English Duma LLP
Suite 200
1600 Parkwood Circle SE
Atlanta, GA 30339

Brian Shockley
Clark & Washington, LLC
Bldg 3
3300 Northeast Expressway
Atlanta, GA 30341

Robert D. Schwartz
P O Box 160100
Atlanta, GA 30316-1002

Dan Bodgan
3172 Briarcliff Road
Atlanta, GA 30329

Maria Camelia Bogdan
102 Gettysburg Place
Atlanta, GA 30350

Maria Camelia Bogdan
10295 Rillridge Court
Alpharetta, GA 30022



Exhibit B



**IT IS ORDERED as set forth below:**

**Date: March 24, 2023**

*Paul Baisier*
_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | CASE NO. **20-67143-PMB** |
| **DAN BOGDAN,** | : | |
| | : | CHAPTER 7 |
| Debtor. | : | |
| | : | |

**ORDER DENYING DEBTOR'S MOTION TO RECONVERT CASE TO CHAPTER 13**

This matter comes before the Court on a *Motion to Reconvert Case to Chapter 13* (the "Motion")(Docket No. 139) filed by Dan Bogdan (the "Debtor") on March 9, 2023. The Debtor filed a *Motion to Expedite Hearing* on the Motion on March 10, 2023 (Docket No. 140). The Court entered an *Order Granting Debtor's Motion for Expedited Hearing and Notice of Hearing on Debtor's Motion to Reconvert Case to Chapter 13* on March 13, 2023, scheduling a hearing on the Motion for March 20, 2023 (Docket No. 143)(the "Hearing"). On March 14, 2023, the Chapter 7 Trustee (the "Trustee")[1] filed *Trustee's Objection to Debtor's Motion to Re-convert Case to Chapter 13* (Docket No. 144)(the "Trustee's Objection"). Maria C. Bogdan, a creditor in this case

_____

[1] Neil Gordon was appointed as the interim trustee on April 4, 2022, in accordance with 11 U.S.C. § 701. *See* Docket No. 59. His appointment as the Trustee became final at the conclusion of the meeting of creditors when no other trustee was elected. 11 U.S.C. § 702(d).

as well as a co-debtor with respect to certain property of the estate, filed an *Objection to Debtor's Motion to Re-convert Case to Chapter 13* on March 15, 2023 (Docket No. 146)(together with the Trustee's Objection, the "Objections").    Also addressed at the Hearing was a *Notice of Default, Request for Show-Cause Hearing and Renewed Motion For Turnover of the Property* filed by the Trustee on March 4, 2023 (Docket No. 137)(the "Motion for Contempt").

Brian Shockley, counsel for the Debtor, and the Debtor appeared at the Hearing.  Maria Bogdan and Robert Schwartz, counsel for Maria Bogdan, appeared at the Hearing.  Also at the Hearing were the Trustee and Taylor Mansell on behalf of the Chapter 13 Trustee.  The Court heard sworn testimony by the Debtor and took evidence at the Hearing regarding both the Motion and the Motion for Contempt.[2]  Based on the evidence and argument presented at the Hearing[3] and for the reasons set forth on the record at the Hearing, it is hereby

ORDERED that the Objections are **SUSTAINED** and the Motion is **DENIED**.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, Maria Bogdan, counsel for Maria Bogdan, the Trustee, and the United States Trustee.

**[END OF DOCUMENT]**

---

[2] A ruling on the Motion for Contempt is addressed through an *Order on Trustee's Notice of Default, Request for Show-Cause Hearing, and Renewed Motion for Turnover of the Property* entered by the Court on March 23, 2023 (Docket No. 148).

[3] Included in this evidence was the Debtor's prior conversion of this case.  This case was converted from Chapter 13 to one under Chapter 7 on April 4, 2022.  *See Order on Chapter 13 Trustee's Motion to Convert to Chapter 7 and Order on the Objection to Debtor's Bankruptcy Case filed by Maria Camelia Bogdan* (Docket No. 58).



Exhibit C



**IT IS ORDERED as set forth below:**

**Date: March 28, 2023**

_Paul Baisier_
_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAN BOGDAN, | ) | **CASE NO. 20-67143-PMB** |
| | ) | |
| **Debtor.** | ) | **CHAPTER 7** |

### ORDER OVERRULING OBJECTION TO
### TRUSTEE'S NOTICE OF PROPOSED ABANDONMENT

This matter came on for hearing before the Court on March 27, 2023 (the "Hearing"), on

the objection [Doc. No. 133] (the "Objection") filed by debtor Dan Bogdan (the "Debtor") to the

notice filed by Neil C. Gordon as Chapter 7 trustee for the bankruptcy estate of Dan Bogdan (the

"Trustee") of his intent to abandon two vehicles -  a 2016 Kia Optima and a 2013 Hyundai Accent

(the "Hyundai"), on the basis that the vehicles, which had largely been claimed as exempt, were

both burdensome and of inconsequential value to the bankruptcy estate (the "Notice")[Doc. No.

130].

The Trustee issued the Notice in accordance with Rule 6007 of the Federal Rules of Bankruptcy Procedure. The Objection was timely filed within fourteen (14) days of the date of the mailing of the Notice.  The Objection relates only to the abandonment of the Hyundai.

Appearing at the Hearing were Debtor and his counsel, Brian Shockley, Maria Bogdan and her attorney, Robert Schwartz, and the Trustee.  For the reasons stated on the record at the Hearing, it is hereby

ORDERED that (i) the Objection is overruled, (ii) the Trustee's abandonment of the vehicles, including the Hyundai, is hereby approved and authorized, and (iii) the vehicles, including the Hyundai, are hereby abandoned.

The Clerk's Office is directed to serve a copy of this Order on the parties on the attached distribution list.

**[END OF DOCUMENT]**

# DISTRIBUTION LIST

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Neil C. Gordon
Taylor English Duma LLP
Suite 200
1600 Parkwood Circle SE
Atlanta, GA 30339

Brian Shockley
Clark & Washington, LLC
Bldg 3
3300 Northeast Expressway
Atlanta, GA 30341

Robert D. Schwartz
P O Box 160100
Atlanta, GA 30316-1002

Dan Bodgan
3172 Briarcliff Road
Atlanta, GA 30329

Maria Camelia Bogdan
102 Gettysburg Place
Atlanta, GA 30350

Maria Camelia Bogdan
10295 Rillridge Court
Alpharetta, GA 30022

Official Form 417A (12/18)

Case Numbers: 20-67143-PMB.

Exhibit A

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):  Dan Bar Ennsha

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☒ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

### Part 2:  Identify the subject of this appeal

The following three Orders:

1. Describe the judgment, order, or decree appealed from:  Doc#148, Doc#149 & Doc.#153

2. State the date on which the judgment, order, or decree was entered:  March 20, 23, & 28 of 2023.

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: The Trustee   Attorney: Taylor, English Duma LLP, Suite 200
   Neil. C. Gordon                   1600 Parkwood Circle SE
                                     Atlanta, Ga. 30339

2. Party: Marin Cornelin  Attorney: Robert D. Schwartz
   Bogdan                            P.O. Box 160100
                                     Atlanta, Ga. 30316-1002

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

> ■ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date: April 09, 2023

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

Dan Bar Enasha
3172 Briarcliff Road NE,
Atlanta, Ga, 30329-2603

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:**  If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

United States Bankruptcy Court

Northern District of Georgia

Atlanta Division

IN RE:                           )        Case No. 20-67143-PMB
                                 )
   Dan Bar Enasha                )        Chapter: 7
                                 )
        (Debtor)                 )
                                 )

## NOTICE OF APPEAL

Regarding The Orders:

Order 1 (Doc#148)

Order 2 (Doc#149)

Order 3 (Doc#153)

## NOTICE OF APPEAL

① Regarding, ORDER ON TRUSTEE'S NOTICE OF DEFAULT, REQUEST FOR SHOW CASE HEARING, and RENEWED MOTION FOR TURNOVER OF PROPERTY, and,

② Regarding, ORDER DENYING DEBTOR's MOTION to Reconvert to Chapter 13, and,

③ Regarding, ORDER OVERULING OBJECTION TO TRUSTEE'S NOTICE OF PROPOSED ABANDONMENT,

Comes now, Dan Bar Enasha, (THE DEBTOR), and files PRO-SE, this Notice of Appeal, regarding the ① Order on Trustee's Notice of Default, Request for Show Case Hearing, and Renewed Motion

for Turnover of Property (Doc. #148), and regarding The Order
Denying Debtor's Motion to Reconvert Case to Chapter 13 (Doc. #149),
and, regarding Order Overruling Objections to Trustee's Notice of
Proposed Abandonement, and prays that the Ruling on these
three Orders will be reviewed in the light of the following
material facts revealed below:

## I) - ORDER ON TRUSTEE'S NOTICE OF DEFAULT, REQUEST FOR SHOW CASE HEARING, and RENEWED MOTION FOR TURNOVER OF PROPERTY (Doc. #148)

1) This Court has jurisdiction over this matter, and this
Notice of Appeal is filed in accordance with Rule 8002(a)(1).
If the timely deadline for Submission, in accordance with 8002(a)(1)
is challenged or contested, ---the Debtor prays that this Notice of
Appeal will be considered timely submitted under the provision
of Rule 8002(d)(1), or 8002(d)(2).

### Debtor's Statement

2) Debtor files this Notice of Appeal because of the following reasons:

a) Debtor was Not allowed to address the Trustee's Allegations
during the Court Hearings, and thus --- any, and/or all such
allegations are "converted" into "Facts" days later, when the
Honorable Judge will issue the Order, after denying the Debtor
the right to properly address those 'allegations' during Court Hearings.

b) Debtor was (is constantly discriminated against (unlawful age discrimination), which took place at three different levels:

- against Debtor's Age
- against Debtor's Health
- against Debtor's Legal Right to the Home-Exemption

c) Due to this Order (Doc#148), the Debtor's Health is in significant danger, and potentially in the situation where the Debtor will occur irreversible Health Damages, if this Order will be Enforced (as it was ruled), given that the Order#148 requires the Debtor to Move by April 16, 2023, into a property ("the leased property"), which has been diagnosed with both, Mold and Asbestos,---both of which need at least two weeks of repairs/remediations, in order to render the space 'Habitable'...

II  ORDER DENYING DEBTOR'S MOTION to RECONVERT CASE to Chapter 13
(Doc # 149)

1) This Court has Jurisdiction over this matter, and this Notice of Appeal is filed in accordance with the Rule 8002(a)(1)... If the timely deadline for submission is (will be) challenged, or contested, the Debtor prays that this Notice of Appeal will be considered "Timely Submitted" under the provisions of Rule 8002(d)(1) or (d)(2).

Debtor's Statement

2) Debtor files this Notice of Appeal because of the following reasons:

a) Trustee's Abuse of Judicial Process, ~~and~~ while changing back

-- and forth (unecessarily) between various Law Companies, which
resulted in the accrual of about $50,000.<u>00</u> Additional Debt ...

b) Trustee made multiple statements/allegations, which are
inacurate, defamatory (as to the character of Debtor), and on occasions,
"blatant lies",---which are nonetheless "converted" into "factual
evidence"---after the Judge will issue The Order,---without
allowing the Debtor to Refute those Allegations, during Court Hearing.

c) Debtor provided a $25,000.<u>00</u> Cashier's Check, which would
have allowed the Debtor to Become Current on the Past-Due
Forbearance Amount, and START paying the Creditors immediately.
A Plan of Feasability was proposed (by the Debtor to the
Debtor's Counsel), but the Debtor's Counsel stated that the
need for such a "Feasability Plan" will come into discussion
only if (or only after) the Conversion to Chapter 13 was granted
by the Judge... Yet, during the Court Hearing, The Main
Objection raised by The Trustee,---was that, "if the Debtor
would have been serious about this Reconversion, would have
'At Least' presented A Plan to help us understand how will this
happen.-- Currently, given that I am working multiple
jobs, I am able to Make the Payments on the New Chapter 13...

d) Since November 2022, the Trustee made the claim that
I am (the Debtor) just trying to continue to Stay in the house
"For Free"--- and thus,--- demanded that "A Fair Monthly Rent"
of $1,500.<u>00</u> will have to be paid every single month, which the

Debtor Complied with, ever since this "Fair Monthly Rent" amount was requested, back at the end of 2022. Currently, --- the Debtor paid $6,000⁰⁰ to the Trustee, which the Trustee did Not offer any explanation as of --- where the $6,000¹⁰ will go ---

e) Given that The Debtor obtained a Loan Modification, back on 2008, which capped the Mortgage Payment at about half of what today's Rental Price would be (for similar space) Debtor has made the case that with the $25,000. check that will enable the Debtor to catch-up on the past-due Forbearance Amount (with Gregory Funding LLC), and with a significantly higher income amount comin in monthly, every creditor would be better OFF while the Debtor will immediately Start paying The Creditors on A New Chapter 13 Settlement Agreement, than to Continue to Litigate to the Extent that The Trustee will Add potentially $100,000⁰⁰ in Additional Legal Fees, while causing the Debtor (and his wife) to lose their accumulations of A Lifetime, and --- while significantly Diminishing the Amount Left over for the Creditors. --

## III. Order OVERRULING OBJECTION TO TRUSTEE'S NOTICE OF PROPOSED ABANDONMENT (Doc. # 153)

1) This Court has Jurisdiction over this matter, and this Notice of Appeal is Filed in accordance with the Rule 8002 (a)(1)... If the timely deadline for submission of this Notice of Appeal is (will be) challenged

--- or, considered, the Debtor prays that this Notice of Appeal will be considered as "Timely Submitted" under the provisions of Rule 8002 (a)(1), or, Rule 8002 (a)(2).

2)                          Debtor's Statement

Debtor filed this Notice of Appeal, as related to the Order OVERRULING OBJECTION TO TRUSTEE'S NOTICE OF PROPOSED CAR ABANDONMENT (which is worth about $8,000.00 to $10,000.00) for the following reasons mentioned below:

a) From the very first Court Hearing that the Debtor has attended (back in November/October 2022), the Debtor clearly stated that Debtor wants to Ensure that each Creditor is being paid what is owed to them... Consequently, the Debtor objected to the Trustee's Abandonment of the Hyundai's 2013 Car (which is worth at least $8,000.00), especially since the Debtor clearly stated that Debtor will WAIVE his Car Exemption, in order to Have the Car Sold, and Creditors Paid...

Instead, --- The Trustee used that (the value of it), as a "bargaining token" to convince my wife to Surrender her equity interest into the 3142 Bancsliff Road NE House (in which I am currently living), so that the Trustee can push for the sale of the House with "The Least" amount of Equity in it, in order to pay the Creditors, --- while Not Actively Pursuing

--- the other properties already mentioned by the Debtor, all of which were 100% paid off, and thus had 100% Equity in them...

b) At the time when my wife Maria Carmelia Bogdan filed as an "Adverse Party" to the Debtor's Bankruptcy Estate, the car has been used by the Trustee, as "A Bargaining Token" which not only deprived the creditors from what they could have been paid, (given that the car was financed under the Debtor's name), but also rewarded "An Adverse Party" to the Debtor's Bankruptcy Estate, while precluding The Debtor to surrender / waive his car exemption to the Benefit of the Creditors, as the Debtor committed to do...

c) The Honorable Judge Paul Baisser, during his ruling on this matter, stated that --- "in fact, --- it does not matter who has possession of the car", and --- Since The Trustee Claimed that it is NOT WORTH using the $8,000.⁰⁰ (resulting from the sale of the car) to pay the Creditors, --- The Honorable Judge ruled in Favor of the Trustee's Abandonment of the car, while Rewarding (knowingly), an "Adverse Party" to the Debtor's Bankruptcy Estate, and while precluding the Creditors to be paid what they are owed to...

(*) Wherefore, The Debtor prays that the Court will Review The Rullings contained within the Three Orders mentioned within this Notice of Appeal, and that the Court will grant the Debtor such further relief as the Court deems Just and proper.

Dan Bar Enasha:                 Date:              Address:
Signature:                      04/07/2023         3192 Briarcliff Rd. NE,
                                                   Atlanta, Ga, 30329-2603

Exhibit E 



**IT IS ORDERED as set forth below:**

**Date: April 12, 2023**

*Paul Baisier*
_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | : | CASE NO. **20-67143-PMB** |
| | : | |
| **DAN BOGDAN,** | : | CHAPTER 7 |
| n/k/a Dan Bar Enasha, | : | |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER DENYING MOTION FOR RECUSAL**

Dan Bogdan,[1] the Chapter 7 debtor in this case (the "Debtor") filed, *pro se*,[2] a document

titled *Motion for the Recusal of Judge Paul Baisier From Any Further Rulings, Regarding This*

*Bankruptcy Case* on April 7, 2023 (Docket No. 161)(the "Motion for Recusal").   In the Motion

for Recusal, the Debtor requests that Judge Paul Baisier be recused from this bankruptcy case and

precluded from issuing any further rulings herein pending an appeal filed by the Debtor in this

case.  The stated basis for the Motion for Recusal is that the Debtor is dissatisfied with rulings of

---

[1] The case name in the Motion for Recusal is styled Dan Bar Enasha, evidently reflecting a recently asserted name change (*see* Docket No. 154).  The Debtor's name at the filing of this case was Dan Bogdan.

[2] The Debtor filed the Motion for Recusal on his own even though he is represented by counsel in this matter.

this Court that purportedly require him to move into a house unsuitable for his habitation based on the Debtor's age and health, due to mold and asbestos contamination.[3]  The Debtor alleges bias has been further demonstrated because of the Court's failure to allow him to present facts in evidence and the Court's alleged acceptance of the allegations of the Chapter 7 Trustee without challenge.  The Debtor also contends that the Court has shown him insufficient regard by requiring the Debtor to surrender his keys to allow persons to enter his current residence as described below for purposes of evaluating same for purchase, even though such persons will not have been tested for the COVID-19 Virus.  Because the Debtor's complaints are about rulings that have occurred in this case, no hearing is necessary to decide this matter.

### Factual Background[4]

The Debtor filed a voluntary petition (Docket No. 1) under Chapter 13 of the U.S. Bankruptcy Code on June 12, 2020, initiating this bankruptcy case (the "Case").  The Case was converted to a proceeding under Chapter 7 on April 4, 2022 (Docket No. 58), at which time Neil C. Gordon was appointed as interim Chapter 7 Trustee pursuant to 11 U.S.C. § 701(a)(1)(Docket No. 59).  The Section 341 Meeting was held telephonically and concluded on June 15, 2022, after which Mr. Gordon became the permanent Chapter 7 Trustee (the "Trustee") pursuant to 11 U.S.C. § 702(d).

At the commencement of the Case, a bankruptcy estate was created under 11 U.S.C. § 541(a)(the "Bankruptcy Estate") and includes all the Debtor's legal or equitable interests in property as of the commencement of the Case and any interest in property that the Bankruptcy

---

[3] The Debtor misstates the content of the Court's rulings in this regard.  The Court has not required the Debtor to move into any particular place.  The Court has only required that the Debtor and his property be removed from the Property as defined below by the stated deadline.

[4] These facts are derived from the docket in this case and matters filed therein.

Estate acquires after commencement of the Case.  11 U.S.C. § 541(a)(1) & (7).  The Trustee is under a duty to collect and reduce to money the property of the Bankruptcy Estate.  11 U.S.C. § 704(a)(1).  The Debtor is required to cooperate with the Trustee as necessary to enable performance of these duties by the Trustee.  *See* 11 U.S.C. § 521(a)(3); Federal Rule of Bankruptcy Procedure 4002(a)(1).  In his *Schedule A/B: Property* (Docket No. 1, p. 15 of 64), the Debtor scheduled his ownership interest in certain real property known generally as 3172 Briarcliff Road, NE, Atlanta, DeKalb County, Georgia 30329 (the "Property").[5]

On October 25, 2022, the Court entered an *Order Approving Employment of Broker, Subject to Objection (Commission Fee at Closing)* (Docket No. 96), approving the employment of ERA Ivy League Realty and Cassondra Green (the "Broker") as the real estate agent for this Bankruptcy Estate.  Since the approval of the Broker's employment, the Debtor has failed and refused to allow the Broker to list the Property for sale by refusing to (i) allow access to the Property so it can adequately photographed, or (ii) furnish a proper key to the Property for the lockbox on the door.

On November 29, 2022, the Court held a hearing on the *Trustee's Emergency Motion for an Order (A) Compelling Debtor to (I) Perform His Statutory Duties and (II) Turn Over Property of the Bankruptcy Estate and (B) Prohibiting Debtor from Removing Fixtures or Property of the Bankruptcy Estate* (Docket No. 102).  On December 2, 2022, the Court entered an *Order On Trustee's Emergency Motion For An Order (A) Compelling Debtor To (I) Perform His Statutory Duties And (II) Turn Over Property Of The Bankruptcy Estate And (B) Prohibiting Debtor From*

---

[5] The Debtor jointly owns the Property with Maria Bogdan, his estranged spouse.  On August 22, 2022, a *Consent Judgment* was entered in Adversary Proceeding No. 22-5095 (Docket No. 5) whereby Maria Bogdan consented to the Trustee's sale of the Property by motion pursuant to 11 U.S.C. §§ 363(b) and (f).

3

*Removing Fixtures Or Property Of The Bankruptcy Estate* (Docket No. 116)(the "Compel Order").

Pursuant to the Compel Order, the Debtor was directed to do the following:

> (a) Immediately and fully cooperate with Trustee in all respects;
>
> (b) Promptly allow Broker to place a "For Sale" sign in the front yard;
>
> (c) Promptly provide Broker with a key to be placed in a lockbox on the door; and
>
> (d) Maintain the utilities and maintain the Property in a clean and proper condition
>
> for showings.

On March 4, 2023, the Trustee filed a *Notice of Default, Request for Show-Cause Hearing,*
*and Renewed Motion for Turnover of the Property* (Docket No. 137), asserting that the Debtor had
failed to comply with the obligations set forth in the Compel Order and had refused to cooperate
with the Trustee or his Broker.  Following a Show-Cause Hearing,[6] on March 23, 2023, the Court
entered an *Order On Trustee's Notice Of Default, Request For Show-Cause Hearing, And*
*Renewed Motion For Turnover Of The Property* (Docket No. 148)(the "Contempt Order"), finding
the Debtor in contempt and directing the Debtor to vacate the Property on or before April 16, 2023
so that the Trustee may perform his statutory duties with respect to the liquidation of the Property
for the benefit of the Bankruptcy Estate and its creditors.  The Contempt Order also set forth
various remedies to enforce compliance.

### Legal Standard

As an initial matter, recusal requests "are typically decided by the presiding judge."
*Guthrie v. Wells Fargo Home Mortg., N.A.,* 2015 WL 1401660, at *3 (N.D. Ga. Mar. 26, 2015);
*see also In re United States,* 158 F.3d 26, 34 (1st Cir. 1998); *Schurz Commc'ns, Inc. v. FCC,* 982

---

[6] Present at the Show Cause Hearing held on March 20, 2023, were the Trustee, Robert D. Schwartz as counsel for
Maria Bogdan, Maria Bogdan, Taylor Mansell, as counsel for Chapter 13 Trustee, Brian Shockley, as counsel for
Debtor, and the Debtor.

F.2d 1057, 1059 (7th Cir. 1992). Recusal of a judge from hearing any further matter in this case is governed by 28 U.S.C. § 455(a) which states: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The appropriate test under Eleventh Circuit law is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds upon which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013), *cert. denied*, 571 U.S. 1185, 134 S. Ct. 1041, 188 L.Ed.2d 139 (2014); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988), *cert. denied*, 490 U.S. 1066, 109 S. Ct. 2066, 104 L.Ed.2d 631 (1989).

Further, bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *U.S. v. Hatten*, 611 F. App'x 677, 678 (11th Cir. Aug. 7, 2015)(quoting *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999)). Specifically, a party cannot rely on prior rulings adverse to them to show pervasive bias. *See Id.* "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," nor do "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L.Ed.2d 474 (1994).

The Court will "not consider the perceptions of idiosyncratic, hypersensitive, and cynical observers." *In re Horne*, 630 F. App'x 908, 910 (11th Cir. Oct. 28, 2015)(citing *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). Further, "the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *United States v. Sammons,* 918 F.2d 592, 599 (6th Cir. 1990)(quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988), *cert. denied,* 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed.2d 805 (1989)). Further, a judge

is not "recusable for bias or prejudice [when] his knowledge and the opinion it produced were

properly and necessarily acquired in the course of the proceedings." *Tucker v. Mukamal*, 616 F.

App'x 969, 972 (11th Cir. Sept. 4, 2015)(alteration in original)(quoting *Liteky v. United States,*

*supra,* 510 U.S. at 551).[7]

Section 455 "does not invite recusal whenever it is requested by a party." *Guthrie, supra,*

2015 WL 1401660, at *3.   In fact, "there is as much obligation for a judge not to recuse when

there is no occasion for him to do so as there is for him to do so when there is." *Id.* (quoting *In re*

*Moody,* 755 F.3d 891, 895 (11th Cir.2014), *cert. denied sub nom., Moody v. Thomas,* 574 U.S.

977, 135 S.Ct. 437, 190 L.Ed.2d 333 (2014)).   "[C]ourts must exercise great care in considering

motions for recusal so as to discourage their use for purposes of judge shopping and delay[.]"

*Barna v. Haas (In re Haas)*, 292 B.R. 167, 175 (Bankr. S.D. Ohio 2003).

With the foregoing facts regarding this case and the appropriate legal standards in mind,

the Motion for Recusal is addressed below.

### Application of Legal Standard to Motion for Recusal

An overarching issue that applies to the Motion for Recusal is that the conduct that has

generated the requested relief consists of rulings in the Debtor's case.   Rarely will conduct within

the case ever result in a valid basis for recusal.   The fact that the Debtor cites no "extrajudicial

conduct" as a basis for his request, but only rulings in his case, is an adequate basis, absent highly

unusual circumstances not pled here, for recusal to be denied.

---

[7] Importantly, "it is the facts, not the movant's allegations, that control the propriety of recusal." *Guthrie, supra,* 2015 WL 1401660, at *3.   "Recusal cannot be based on 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cerceda,* 188 F.3d 1291, 1293 (11th Cir. 1999)(quoting *In re United States,* 666 F.2d 690, 694 (1st Cir. 1981)).   Furthermore, allegations made under 28 U.S.C. § 455 need not be taken as true. *Weatherhead v. Globe Int'l, Inc.,* 832 F.2d 1226, 1227 (10th Cir. 1987).

Further, it is clear to the Court that, based on the facts of this case and the related rulings of this Court, an "objective, disinterested, lay observer fully informed of the facts underlying the grounds upon which recusal was sought" would not "entertain a significant doubt about the judge's impartiality." The rulings in the Debtor's case instead only evidence an intent by the Debtor to prevent a sale of the Property and an unwillingness on the part of the Court to provide the Debtor with relief to which he is not entitled. That simply does not meet the standard required for disqualification. In addition, the Court has afforded the Debtor ample opportunity to present his case individually and/or through his counsel.

Because the Motion for Recusal is based on the rulings of this Court in the Debtor's case, and because an objective observer would not entertain significant doubt about this Court's impartiality, the Motion for Recusal does not state a valid basis for recusal under applicable standards. In view of the foregoing, it is

ORDERED that the Motion for Recusal is hereby **DENIED**.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, the Chapter 7 Trustee, the United States Trustee, and the mailing matrix in this case.

**[END OF DOCUMENT]**

Exhibit F



**IT IS ORDERED as set forth below:**

**Date: April 13, 2023**

*Paul Baisier*
_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

---

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NO. **20-67143-PMB** |
| | : | |
| **DAN BOGDAN,** | : | CHAPTER 7 |
| n/k/a Dan Bar Enasha, | : | |
| | : | |
| Debtor. | : | |
| | : | |

### ORDER DENYING MOTION FOR RECONSIDERATION

Dan Bogdan,[1] the Chapter 7 debtor in this case (the "Debtor") filed *pro se*[2] a document

titled *Motion for Reconsideration of Order (Doc #148) Regarding the Move-Out by April 16, 2023*

*... (Rule 8008)* on April 7, 2023 (Docket No. 159)(the "Motion for Reconsideration").   In the

Motion for Reconsideration, the Debtor requests reconsideration of that portion of the Court's

*Order On Trustee's Notice Of Default, Request For Show-Cause Hearing, And Renewed Motion*

*For Turnover Of The Property* (Docket No. 148), entered on March 23, 2023 (the "Prior Order")

---

[1] The case name in the Motion for Reconsideration is styled Dan Bar Enasha, evidently reflecting a recently asserted name change (*see* Docket No. 154).  The Debtor's name at the filing of this case was Dan Bogdan.

[2] The Debtor filed the Motion for Reconsideration on his own even though he is represented by counsel in this matter.

that requires the Debtor to vacate the property located at 3172 Briarcliff Road, NE, Atlanta, DeKalb County, Georgia 30329 (the "Property") and take all of his personal property with him no later than April 16, 2023. The stated basis for the Motion for Reconsideration is that the Prior Order purportedly requires him to move into a house unsuitable for his habitation due to mold and asbestos contamination.[3]

### Factual Background[4]

The Debtor filed a voluntary petition (Docket No. 1) under Chapter 13 of title 11, United States Code (the "Bankruptcy Code") on June 12, 2020, initiating this bankruptcy case (the "Case"). The Debtor failed to make all the payments required under his confirmed Chapter 13 plan. As a result of that failure, and because, among other things, there was equity in the Property that could be realized for the benefit of creditors, the Case was converted to a proceeding under Chapter 7 on April 4, 2022 (Docket No. 58), at which time Neil C. Gordon was appointed as interim Chapter 7 Trustee pursuant to 11 U.S.C. § 701(a)(1)(Docket No. 59). The Section 341 Meeting was held telephonically and concluded on June 15, 2022, after which Mr. Gordon became the permanent Chapter 7 Trustee (the "Trustee") pursuant to 11 U.S.C. § 702(d).

At the commencement of the Case, a bankruptcy estate was created under 11 U.S.C. § 541(a)(the "Bankruptcy Estate") and includes all the Debtor's legal or equitable interests in property as of the commencement of the Case and any interest in property that the Bankruptcy Estate acquires after commencement of the Case. 11 U.S.C. § 541(a)(1) & (7). The Trustee is under a duty to collect and reduce to money the property of the Bankruptcy Estate. 11 U.S.C.

---

[3] The Debtor misstates the content of the Prior Order in this regard. The Court has not required the Debtor to move into any particular property. The Court has only required that the Debtor and his personal property be removed from the Property by the stated deadline. The determination as to the Debtor's destination is entirely in the discretion of the Debtor.

[4] These facts are derived from the docket in this case and matters filed herein.

2

§ 704(a)(1). The Debtor is required to cooperate with the Trustee as necessary to enable performance of these duties by the Trustee. *See* 11 U.S.C. § 521(a)(3); Federal Rule of Bankruptcy Procedure 4002(a). In his *Schedule A/B: Property* (Docket No. 1, p. 15 of 64), the Debtor scheduled his ownership interest in the Property.[5] The Debtor's interest in the Property is thus an asset of the Bankruptcy Estate.

On October 25, 2022, the Court entered an *Order Approving Employment of Broker, Subject to Objection (Commission Fee at Closing)* (Docket No. 96), approving the employment of ERA Ivy League Realty and Cassondra Green (the "Broker") as the real estate agent for this Bankruptcy Estate. Since the approval of the Broker's employment, the Debtor has failed and refused to allow the Broker to list the Property for sale by, among other things, refusing to (i) allow access to the Property so it can be adequately photographed, (ii) clean up the Property so that it might be shown, and (iii) furnish a proper key to the Property for the lockbox on the door.

On November 29, 2022, the Court held a hearing on the *Trustee's Emergency Motion for an Order (A) Compelling Debtor to (I) Perform His Statutory Duties and (II) Turn Over Property of the Bankruptcy Estate and (B) Prohibiting Debtor from Removing Fixtures or Property of the Bankruptcy Estate* (Docket No. 102). On December 2, 2022, the Court entered an *Order On Trustee's Emergency Motion For An Order (A) Compelling Debtor To (I) Perform His Statutory Duties And (II) Turn Over Property Of The Bankruptcy Estate And (B) Prohibiting Debtor From Removing Fixtures Or Property Of The Bankruptcy Estate* (Docket No. 116)(the "Compel Order"). Pursuant to the Compel Order, the Debtor was directed to do the following:

---

[5] The Debtor jointly owns the Property with Maria Bogdan, his estranged spouse. On August 22, 2022, a *Consent Judgment* was entered in Adversary Proceeding No. 22-5095 (Docket No. 5) whereby Maria Bogdan consented to the Trustee's sale of the Property by motion pursuant to 11 U.S.C. §§ 363(b), (f) and (h).

(a) Immediately and fully cooperate with Trustee in all respects;

(b) Promptly allow Broker to place a "For Sale" sign in the front yard;

(c) Promptly provide Broker with a key to be placed in a lockbox on the door;

(d) Maintain the utilities and maintain the Property in a clean and proper condition for showings; and

(e) Clean up the Property by December 31, 2022, and provide to the Trustee weekly photos showing his progress regarding same.

On March 4, 2023, the Trustee filed a *Notice of Default, Request for Show-Cause Hearing, and Renewed Motion for Turnover of the Property* (Docket No. 137), asserting that the Debtor had failed to comply with the obligations set forth in the Compel Order and had refused to cooperate with the Trustee or his Broker. Following a Show-Cause Hearing,[6] on March 23, 2023, the Court entered the Prior Order, finding the Debtor in contempt and directing the Debtor to vacate the Property on or before April 16, 2023, so that the Trustee may perform his statutory duties with respect to the liquidation of the Property for the benefit of the Bankruptcy Estate and its creditors. The Prior Order also set forth various remedies to enforce compliance.

### Legal Standard

In the Motion for Reconsideration, the Debtor cites Federal Rule of Bankruptcy Procedure ("Rule") 8008. Subsection (a) of that Rule provides as follows:

> If a party files a timely motion in the bankruptcy court for appeal that the court lacks the authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:
>
> (1) defer consideration of the motion;
> (2) deny the motion; or

---

[6] Present at the Show Cause Hearing held on March 20, 2023, were the Trustee, Robert D. Schwartz as counsel for Maria Bogdan, Maria Bogdan, Taylor Mansell, as counsel for Chapter 13 Trustee, Brian Shockley, as counsel for Debtor, and the Debtor.

(3) state that the court would grant the motion if the court where the appeal is
pending remands for that purpose, or state that the motion raises a substantial
issue.

Fed. R. Bankr. P. 8008(a).

The Debtor has filed an appeal of the Prior Order, thereby potentially engaging Rule 8008.

*See Notice of Appeal and Statement of Election*, filed on April 7, 2023 (Docket No. 158)(the

"Notice of Appeal").  Whether this Motion for Reconsideration is timely filed depends on what

basis it proceeds, and what relief it seeks, none of which is set forth in the Motion for

Reconsideration.  The Motion for Reconsideration could be a motion for a "new trial" or to "alter

an amend a judgment" under Federal Rule of Civil Procedure ("FRCP") 59, incorporated herein

pursuant to Rule 9023, or it could be a motion seeking relief from the Prior Order under FRCP 60,

incorporated herein pursuant to Rule 9024.

As a general matter, motions to alter or amend judgments pursuant to FRCP 59 are

"disfavored and granted sparingly; relief is only given where there is newly discovered evidence

or to correct manifest errors of law or fact upon which the judgment was based."  *Howard v. Nano*,

2012 WL 3668045, at *1 (N.D. Fla. Aug. 25, 2012)(citing *Krstic v. Princess Cruise Lines, Ltd.*,

706 F.Supp.2d 1271, 1282 (S.D. Fla. 2010); 11 Charles Alan Wright, Arthur R. Miller, & Mary

Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).  Newly discovered facts

or evidence must be something that existed prior to the judgment but not discoverable after

reasonable due diligence.  *In re Alexander SRP Apartments, LLC*, 2012 WL 1910095, at *2 (Bankr.

S.D. Ga. 2012).  Only "clear and obvious error[s] which the interests of justice demand that [the

court] correct" are the proper subject of a motion filed pursuant to FRCP 59.  *Am. Home Assurance

Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985).  Further, FRCP 59 does

not provide a mechanism for a party to make an argument or present evidence that could have been

made or presented prior to the court entering judgment. *See Discrete Wireless, Inc. v. Coleman Techs., Inc.*, 422 F. App'x 777, 779 (11th Cir. April 5, 2011).

A motion made under FRCP 60 generally has the same standard as a motion made under FRCP 59. *See Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992). The one main exception to that principle is for a motion made under FRCP 60(b)(6), which provides that a court can reconsider a judgment for any "reason that justifies relief." That relief requires a showing of exceptional circumstances. *In re Mathis*, 465 B.R. 325, 331 (Bankr. N.D. Ga. 2012)(Diehl, J.) (citing <u>SEC v. Simmons</u>, 241 F. App'x 660, 662-63 (11th Cir. July 24, 2007). However, as stated above regarding a motion under FRCP 59, those exceptional circumstances must also be based on an argument that could not have been made prior to the entry of the judgment. *See Id.* (holding that "attorney or party negligence in timely filing an answer does not constitute an exceptional showing")(citing *Simmons, supra,* 241 F. App'x at 662-63 (citing *Solaroll Shade & Shutter Corp. v. Bio-Energy Systems, Inc.*, 803 F.32d 1130, 1133 (11th Cir. 1993))).

### Analysis

If the Motion for Reconsideration is made under FRCP 59 and Rule 9023, it is untimely and should be denied on that basis alone. Rule 9023 requires that motions seeking relief under FRCP 59 be filed within fourteen (14) days of the entry of the offending order. The Motion for Reconsideration was filed on April 7, 2023, fifteen (15) days after the entry of the Prior Order on March 23, 2023.

Further, whether the Motion for Reconsideration is considered under FRCP 59 or 60, it is without merit. The purported basis for the Motion for Reconsideration is the unsubstantiated statement by the Debtor in the Motion for Reconsideration that the unidentified place that the

Debtor claims to have chosen as the place to which he intends to relocate (the "<u>Target Residence</u>")[7] has not only mold, but asbestos, and that he did now know about the asbestos at the Show Cause Hearing. This allegedly new information, according to the Debtor, justifies a reconsideration of his deadline to vacate the Property, coincidentally to the date he requested at the Show Cause Hearing. That justification fails as outlined below.

As noted *supra*, for new information to justify reconsideration, it must be a fact that existed prior to the judgment *but that was not discoverable after reasonable due diligence*. Information about alleged asbestos does not meet that standard in this case for two (2) reasons. First, it was eminently discoverable by the Debtor prior to the Show Cause Hearing. The Debtor testified in connection with the Prior Order that he is a remodeling contractor, and that he had chosen the Target Residence because he was to do some remodeling at that location in lieu of rent. He also testified that his lease for the Target Residence was originally to have started March 1, 2023. At the Show Cause Hearing, the Debtor requested that he be permitted until April 30, 2023 to move out of the Property because mold he already knew about in the Target Residence needed to be addressed. In light of the Debtor's purported professional experience, the length of time in which he has apparently been familiar with the Target Residence, and the fact that he was sufficiently familiar with the Target Residence to know it had a mold issue, any alleged asbestos in the premises is not something that he could not have discovered with reasonable diligence.

Second, and more importantly, the condition of the Target Residence is entirely irrelevant to the Prior Order and its requirement that the Debtor vacate it. The Prior Order requires the Debtor, who has disregarded more than one Court Order that required him to cooperate with the

---

[7] At the Show Cause Hearing, the Debtor did not provide the address or location of his intended new residence, but only stated that he has signed a lease apparently with a friend for a house that needs some repairs and remediation work for mold should he move into those premises.

Trustee in the Trustee's efforts to market and sell the Property, to vacate the Property by April 16, 2023.  It says nothing about the location to which the Debtor is to relocate.  If the Debtor has determined that he cannot safely relocate to the Target Residence until April 30, 2023, he must relocate somewhere else in the interim.  The location the Debtor chooses is entirely up to him, except that it cannot be in the Property.  He is to vacate the Property, taking all his personal property and leaving the Property in a broom swept condition, so that it can be marketed and sold by the Trustee.  The Debtor has forfeited any ability he might have had to live in the Property and pay rent while it was marketed by the Trustee through his uncooperative conduct to date.

In view of the foregoing, it is

**ORDERED** that the Motion for Reconsideration is hereby **DENIED**.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, Maria Bogdan, counsel for Maria Bogdan, the Chapter 7 Trustee, the United States Trustee, and the mailing matrix in this case.

**[END OF DOCUMENT]**

8

Case 20-67143-pmb   Doc 184   Filed 04/14/23   Entered 04/14/23 11:45:18   Desc Main
Document     Page 1 of 7

Exhibit G



**IT IS ORDERED as set forth below:**

**Date: April 14, 2023**

*Paul Baisier*
_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | : | CASE NO. **20-67143-PMB** |
| | : | |
| **DAN BOGDAN,** | : | CHAPTER 7 |
| n/k/a Dan Bar Enasha, | : | |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER DENYING MOTION FOR STAY**
**PENDING APPEAL AS TO CONTEMPT ORDER**

Dan Bogdan,[1] the Chapter 7 debtor in this case (the "Debtor") filed *pro se*[2] a document

titled *Motion to Stay Judge's Order(s) as Related to the Ruling(s) Ordered in (Doc #148), (Doc*

*# 149), & (Doc # 153)* on April 7, 2023 (Docket No. 160)(the "Motion to Stay").   In the Motion

to Stay, the Debtor requests that certain rulings of this Court be stayed pending appeal.  This Order

only addresses the Motion to Stay with respect to the *Order on Trustee's Notice Of Default,*

_____

[1] The case name in the Motion to Stay is styled Dan Bar Enasha, evidently reflecting a recently asserted name change
(*see* Docket No. 154).  The Debtor's name at the filing of this case was Dan Bogdan.

[2] The Debtor filed the Motion to Stay on his own even though he is represented by counsel in this matter.

*Request For Show-Cause Hearing, And Renewed Motion For Turnover Of The Property* entered

on March 23, 2023 (Docket No. 148)(the "Contempt Order").[3]  The stated basis for the Motion to

Stay is that if the Contempt Order is enforced, the Debtor will face irreparable health damage

because he will be required to vacate his current residence and move into premises unsuitable for

habitation due to mold and asbestos contamination.

### Factual Background[4]

The Debtor filed a voluntary petition (Docket No. 1) under Chapter 13 of title 11, United

States Code (the "Bankruptcy Code") on June 12, 2020, initiating this bankruptcy case (the

"Case").  The Debtor failed to make all the payments required under his confirmed Chapter 13

plan.  As a result of that failure, and because, among other things, there was equity in the Property

that could be realized for the benefit of creditors, the Case was converted to a proceeding under

Chapter 7 on April 4, 2022 (Docket No. 58), at which time Neil C. Gordon was appointed as

interim Chapter 7 Trustee pursuant to 11 U.S.C. § 701(a)(1)(Docket No. 59).  The Section 341

Meeting was held telephonically and concluded on June 15, 2022, after which Mr. Gordon became

the permanent Chapter 7 Trustee (the "Trustee") pursuant to 11 U.S.C. § 702(d).

At the commencement of the Case, a bankruptcy estate was created under Section

541(a)(the "Bankruptcy Estate") and includes all the Debtor's legal or equitable interests in

property as of the commencement of the Case and any interest in property that the Bankruptcy

Estate acquires after commencement of the Case.  11 U.S.C. § 541(a)(1) & (7).  The Trustee is

under a duty to collect and reduce to money the property of the Bankruptcy Estate.  11 U.S.C.

---

[3] The other Orders referenced in the Motion to Stay, at Docket Nos. 149 and 153, respectively, are addressed by separate written Order.

[4] These facts are derived from the docket in this case and matters filed herein.

§ 704(a)(1). The Debtor is required to cooperate with the Trustee as necessary to enable performance of these duties by the Trustee. *See* 11 U.S.C. § 521(a)(3); Federal Rule of Bankruptcy Procedure 4002(a).

Upon filing the Case, the Debtor scheduled an ownership interest in certain real property known generally as 3172 Briarcliff Road, NE, Atlanta, DeKalb County, Georgia 30329 (the "Property"). See *Schedule A/B: Property* (Docket No. 1, p. 15 of 64).[5] The Debtor's interest in the Property is thus an asset of the Bankruptcy Estate. On October 25, 2022, the Court entered an *Order Approving Employment of Broker, Subject to Objection (Commission Fee at Closing)* (Docket No. 96), approving the employment of ERA Ivy League Realty and Cassondra Green (the "Broker") as the real estate agent to sell the Property for this Bankruptcy Estate. Since the approval of the Broker's employment, the Debtor has failed and refused to allow the Broker to list the Property for sale by, among other things, refusing to (i) allow access to the Property so it can be adequately photographed, (ii) clean up the Property so that it might be shown, and (iii) furnish a proper key to the Property for the lockbox on the door.

On November 29, 2022, the Court held a hearing on the *Trustee's Emergency Motion for an Order (A) Compelling Debtor to (I) Perform His Statutory Duties and (II) Turn Over Property of the Bankruptcy Estate and (B) Prohibiting Debtor from Removing Fixtures or Property of the Bankruptcy Estate* (Docket No. 102). On December 2, 2022, the Court entered an *Order On Trustee's Emergency Motion For An Order (A) Compelling Debtor To (I) Perform His Statutory Duties And (II) Turn Over Property Of The Bankruptcy Estate And (B) Prohibiting Debtor From Removing Fixtures Or Property Of The Bankruptcy Estate* (Docket No. 116)(the "Compel Order").

---

[5] The Debtor jointly owns the Property with Maria Bogdan, his estranged spouse. On August 22, 2022, a *Consent Judgment* was entered in Adversary Proceeding No. 22-5095 (Docket No. 5) whereby Maria Bogdan consented to the Trustee's sale of the Property by motion pursuant to 11 U.S.C. §§ 363(b), (f) and (h).

Pursuant to the Compel Order, the Debtor was directed to perform certain specified duties regarding/ facilitating the marketing and sale of the Property.

On March 4, 2023, the Trustee filed a *Notice of Default, Request for Show-Cause Hearing, and Renewed Motion for Turnover of the Property* (Docket No. 137)(the "Trustee's Request"), asserting that the Debtor had failed to comply with the obligations set forth in the Compel Order and had refused to cooperate with the Trustee or his Broker. Following a Show-Cause Hearing on the Trustee's Request,[6] on March 23, 2023 the Court entered the Contempt Order finding the Debtor in contempt and directing the Debtor to vacate the Property on or before April 16, 2023. The Court ordered this relief so that the Trustee could perform his statutory duties with respect to the liquidation of the Property for the benefit of the Bankruptcy Estate and its creditors. The Contempt Order also set forth various remedies to enforce compliance.

On April 7, 2023, the Debtor filed a *Notice of Appeal and Statement of Election* with respect to the Contempt Order (Docket No. 158)(the "Notice of Appeal"). The Debtor also filed a *Motion for Reconsideration of Order (Doc. # 148) Regarding the Move-Out by April 16, 2003 ... (Rule 8008)* on April 7, 2023 (Docket No. 159)(the "Motion for Reconsideration").[7]

### Legal Standard

Under Federal Rule of Bankruptcy Procedure 8007(a), a party seeking a stay of a judgment or order issued by a bankruptcy court pending appeal must first present such request to the bankruptcy court. The determination of whether or not to grant such a stay "lies within the sound discretion of the court." *In re Sabine Oil & Gas Corp.*, 551 B.R. 132, 142 (Bankr. S.D.N.Y.

---

[6] Present at the Show Cause Hearing held on March 20, 2023, were the Trustee, Robert D. Schwartz as counsel for Maria Bogdan, Maria Bogdan, Taylor Mansell, as counsel for Chapter 13 Trustee, Brian Shockley, as counsel for Debtor, and the Debtor.

[7] The Motion for Reconsideration was denied in this Court's *Order Denying Motion for Reconsideration*, entered on April 13, 2023 (Docket No. 177).

2016)(citations omitted).   In deciding whether a discretionary stay should be granted, courts analyze the following factors: "(1) the likelihood that the movant will prevail on the merits of appeal; (2) whether, absent a stay, the movant will suffer irreparable damage; (3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and (4) whether the public interest will be served, rather than disserved, by issuing the stay." *In re Webb*, 2017 WL 5125538 (Bankr. N.D.Ga. Nov. 3, 2017), citing *In re Arnal*, 2003 Bankr. LEXIS 2258, 2003 WL 22709326, at *1 (Bankr. S.D.Ga. July 30, 2003)(citing *Garcia–Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

The likelihood of success on appeal typically carries the most weight in deciding whether a stay should be granted pending appeal. *Id.; but see Sabine Oil, supra*, 551 B.R. at 143 (showing of "probable irreparable harm" must be demonstrated first and such harm must be "actual and imminent").   The party seeking relief must show a probable likelihood of success on the merits of the appeal. *Webb, supra*.   A lesser showing, however, may be sufficient as when a "'balancing of the equities' (factors two through four) weighs heavily in favor of granting the stay," and in that situation, "the movant need only show a substantial case on the merits." *Id*.

### Analysis

The Court does not believe that the Debtor has even a substantial case on the merits.   The purported basis for the Motion to Stay is the unsubstantiated statement by the Debtor that the unidentified place that the Debtor claims to have chosen as the place to which he intends to relocate (the "Target Residence")[8] has "recently been diagnosed with mold and asbestos."   Based on the Debtor's history in this Case, he has known for some time that he needed to clean up and vacate

---

[8] At the Show Cause Hearing, the Debtor did not provide the address or location of his intended new residence, but only stated that he has signed a lease apparently with a friend for a house that needs some repairs and remediation work for mold should he move into those premises.

the Property so that it could be marketed and sold by the Trustee,[9] which the Trustee is legally entitled to do for the benefit of the Bankruptcy Estate. Instead of cooperating with the Trustee as he is obligated to do, the Debtor has caused delay at every step as outlined in the Contempt Order. Thus, the Court finds little likelihood that the Debtor will prevail on the merits of appeal.

In addition, the Notice of Appeal was not timely filed under Federal Rule of Bankruptcy Procedure 8002(a)(1), which requires that a notice of appeal be filed within fourteen (14) days of the entry of the order being appealed. Here, the Notice of Appeal was filed fifteen (15) days after the Contempt Order was entered. In addition, the Motion for Reconsideration was also filed fifteen (15) days after entry of the Contempt Order, making it both largely untimely and entirely ineffective to extend the time to appeal. *See* Federal Rules of Bankruptcy Procedure 8002(b)(1) & 9023; BLR Local Rule 9023-1. As a result, the appeal is not timely and may be dismissed, eliminating any chance of success on appeal.

Next, there has been no showing that, absent a stay, the Debtor will suffer irreparable harm. The Debtor does not challenge in his appeal the conclusion that he will need to vacate the Property, which belongs to the Trustee. He only complains about the timing – that the Target Residence, which he alone selected, will not be habitable by the deadline in the Contempt Order. However, the condition of the Target Residence is entirely irrelevant to the Debtor's compliance with the Contempt Order and its requirement that he vacate the Property. The Contempt Order requires the Debtor, who has disregarded more than one Court Order that requires him to cooperate with the Trustee in the Trustee's efforts to market and sell the Property, to vacate the Property by April 16, 2023. It says nothing about the location to which the Debtor is to relocate. If the Debtor has

---

[9] For instance, in his *Motion to Reconvert Case to Chapter 13* filed on March 9, 2023 (Docket No. 139), the Debtor stated in paragraph 8 that if the Case is not reconverted, "the Debtor has obtained a location to move into in April to vacate his residence."

determined that he cannot safely relocate to the Target Residence until April 30, 2023, he must relocate somewhere else in the interim. The location the Debtor chooses is entirely up to him, except that it cannot be in the Property. If the Debtor chooses to move into the Target Residence, any harm he suffers will result from his decision to live there despite its current condition.

As to whether the adverse party will suffer no substantial harm from the issuance of the stay, the issuance of a stay would further delay the ability of the Trustee, in a degrading real estate market and while the mortgage balance continues to increase, to sell the Property, thereby harming the Bankruptcy Estate. The public interest also weighs against the Debtor since debtors are expected to fulfill their duties in cooperating with bankruptcy trustees.

Based on all the foregoing, the Debtor has not demonstrated a likelihood of success on the merits, or even a substantial case on the merits, and a balancing of the equities does not support the relief requested. In view of the foregoing, it is

**ORDERED** that the Motion to Stay is hereby **DENIED with respect to the appeal of the Contempt Order**.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, Maria Bogdan, counsel for Maria Bogdan, the Chapter 7 Trustee, the United States Trustee, and the mailing matrix in this case.

**[END OF DOCUMENT]**