# EXHIBIT A

SHERIFF'S ENTRY OF SERVICE

Civil Action No. ___23-A-02086-2___

Date Filed ___3/15/2023___

| Superior Court | ☒ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, __Gwinnett__ COUNTY

Joshua Edwards and Rebekah Edwards
_____
                                    Plaintiff

Attorney's Address

Huggins Law Firm, LLC

110 Norcross St.                            VS.

Roswell, GA 30075
                                    State Farm Fire and Casualty Company
                                    _____

Name and Address of Party to Served
                                    _____
State Farm Fire and Casualty Company
                                                              Defendant
RA: Corporation Service Company
                                    _____

2 Sun Court, Suite 400, Peachtree Corners, GA 30092
                                                              Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
☐ of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _State Farm Life~~~ Life & Casualty C~~~~ a corporation
☒ by leaving a copy of the within action and summons with _____A'SIM FIAK_____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This __11__ day of ___April___, 20_23_

DEPUTY                              _Sgt Colbinson 501_

**CLERK'S | DEFENDANT'S | PLAINTIFF'S COPY**

# This Page Intentionally Left Blank to Separate Documents

E-FILED IN OFFICE - IT
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-02086-2**
3/15/2023 12:05 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Joshua Edwards** and **Rebekah Edwards**
3813 Honors Way
Martinez, GA 30907

|                       |                                               |
|-----------------------|-----------------------------------------------|
| **PLAINTIFFS**        | CIVIL ACTION NUMBER: 23-A-02086-2 _____ |

### VS

**State Farm Fire and Casualty Company**
**RA: Corporation Service Company**
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

### DEFENDANT

---

## SUMMONS

---

### TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs' attorney, whose name and address is:

**Michael D. Turner**
**Attorney For the Plaintiffs**
**THE HUGGINS LAW FIRM, LLC**
**110 Norcross Street**
**Roswell, GA 30075**
**770-913-6229**
mdturner@lawhuggins.com

an Answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 15th day of March, 2023 _____ day of _____, 2023.

Tiana P. Garner,
Clerk of Superior Court

BY: _____
Deputy Clerk

# This Page Intentionally Left Blank to Separate Documents

E-FILED IN OFFICE - IT
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-02086-2
3/15/2023 12:05 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOSHUA EDWARDS AND<br>REBEKAH EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION FILE NO.:** |
| | ) | |
| STATE FARM FIRE AND CASUALTY<br>COMPANY,<br>a foreign corporation, | ) | _____ |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

**COMES NOW** Plaintiffs **Joshua Edwards and Rebekah Edwards**, by and through the undersigned counsel, and files this Complaint for breach of first party property insurance contract and bad faith denial of insurance coverage against Defendant, **State Farm Fire and Casualty Company**, and in support hereof, states as follows:

### PARTIES

1.

Plaintiffs are adult resident citizens of Colombia County, Georgia.

2.

Upon information and belief, Defendant is a foreign insurance company, registered to transact business in, and in fact transacts business in, the State of Georgia. Defendant is in the business of insuring risks and properties located throughout the United States, including Georgia. Defendant maintains an office at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 where it may be served with process through its registered agent, Corporation Service Company, as identified by the state of Georgia Secretary of State registry.

## JURISDICTION AND VENUE

### 3.

This Court has subject matter jurisdiction over this action for breach of contract and bad faith denial of an insurance claim because the breached contract was entered into, and concerned property in, the state of Georgia and the amount in controversy exceeds $15,000.00. This Court has personal jurisdiction over Defendant because Defendant is transacting business and insuring properties in the state of Georgia and has appointed a registered agent for service of process in Georgia pursuant to O.C.G.A. § 33-4-1 and O.C.G.A. § 33-4-4.

### 4.

Venue is proper in this Court because Defendant has a registered agent doing business in Gwinnett County pursuant to O.C.G.A. § 33-4-1, O.C.G.A. § 33-4-4.

### 5.

In addition, by virtue of the express terms of the insurance policy at issue, Defendant has consented to jurisdiction and venue of this Court.

## THE POLICY

### 6.

Prior to March 16, 2022, and in consideration of the premiums paid to Defendant by the Plaintiffs, Defendant issued a policy with Policy No. 11-GV-V662-6 (the "Policy").

### 7.

The Policy is known to provide numerous coverages for the real and personal property located at 3813 Honors Way, Martinez, GA 30907 (the "Insured Property," "Property," or the "home"). Upon information and belief, the Policy likewise insures against loss due to Wind and Hail, subject to a deductible of $3,850.00 per occurrence.

8.

Upon information and belief, the Policy is an all-perils policy providing coverage for sudden and accidental direct physical loss to the dwelling, other structures, and personal property. The Policy is known to cover property repairs and personal property on a full replacement cost basis.

9.

Upon information and belief, the Policy covers various types of expenses, including reasonable and necessary costs incurred for temporary repairs to protect covered property from further imminent covered loss and additional living expenses.

**SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

10.

On or about March 16, 2022, the above-referenced property suffered damage from a sudden and accidental direct physical Loss resulting from Wind and Hail (the "Loss"). The Policy was in effect at the time of the Loss.

11.

Plaintiffs promptly and timely notified Defendant of the damage to the Property resulting from the Loss and made a claim pursuant to the Policy. As a result, Defendant assigned an adjuster ("Adjuster") to investigate Plaintiffs' claim for sudden and accidental direct physical loss. The Adjuster was authorized as Defendant's representative and agent for purposes of the claim.

12.

At all times, Plaintiffs made themselves and the Property available to, and fully cooperated with, the Defendant and its representative and agent to inspect and investigate the damages caused by the loss.

3

13.

Defendant, through its authorized representative and agent, Adjuster, performed a site inspection of the Property.

14.

Defendant's authorized representative and agent, Adjuster, incurred the duty of acting with due diligence in achieving a proper disposition of the Plaintiffs' claim when Adjuster undertook the handling of the claim.

15.

Defendant, through its authorized representative and agent, Adjuster, grossly underestimated the scope of loss suffered by the Plaintiffs as a result of the Wind and Hail event. Defendant failed to properly indemnify the Plaintiffs and estimated Plaintiffs' total loss to be $17,656.49. Plaintiffs' deductible is $3,850.00 per occurrence, and Defendant withheld $4,861.57 in recoverable depreciation; thus, after deductions for depreciation and Plaintiffs' deductible, Defendant claims Plaintiffs were due $8,944.92 as indemnification under the Policy. A true and accurate copy of the Defendant's estimate is attached hereto as Exhibit "A."

16.

As a result of Defendant's gross underestimation, Plaintiffs requested multiple times that Defendant reconsider its position regarding Defendant's estimate. Defendant refused to comply with the Plaintiffs' requests and continued to frivolously and baselessly deny any additional payment on Plaintiffs' claim. Furthermore, the Defendant continued to ignore the opinions of the Plaintiffs' experts as to the extent of damage and the amount it will cost the Plaintiffs' to be properly indemnified for the Loss.

4

17.

Plaintiffs retained a public adjuster, who inspected the Property and provided an estimate in the amount of **$140,353.26** to repair the observed damages. A true and correct copy of Plaintiffs' public adjuster's estimate is attached as Exhibit "B."

18.

Defendant did not act fairly or honestly toward the Plaintiffs, or with due regard to the Plaintiffs' claim and interests, when Defendant, under all circumstances articulated herein, failed to indemnify the Plaintiffs for their damages in direct breach of the terms and conditions of the Policy.

19.

Plaintiffs have fulfilled all conditions precedent and contractual obligations under the Policy prior to this lawsuit, or the same were waived.

20.

There exists a genuine, justifiable controversy between the Plaintiffs and the Defendant as to whether Defendant is responsible for further indemnification owed to the Plaintiffs as a result of the Loss. Plaintiff has exhausted every reasonable means possible to resolve this dispute with the Defendant. With no other option, Plaintiffs were constrained to hire legal counsel, incur additional expenses, and file this lawsuit.

21.

Plaintiffs have suffered loss under the Policy in an amount to be determined at trial.

## COUNT I: BREACH OF CONTRACT

### 22.

Plaintiffs hereby adopt, re-allege, and incorporate their allegations set forth in Paragraphs 1-21 of this Complaint as if fully set forth herein.

### 23.

Plaintiffs have performed all conditions precedent to the Defendant's obligation to perform under the Policy including, without limitation, the timely payment of premiums, timely notice of the claim, and post loss obligations, or the Defendant has waived any and all other conditions.

### 24.

Under the terms of the Policy, Defendant is required to fully indemnify the Plaintiffs for the damages sustained from the Loss.

### 25.

Despite Plaintiffs' timely written demand, Defendant failed to provide full indemnification to the Plaintiffs under the terms of the Policy.

### 26.

Defendant failed to act in good faith and fair dealing under the terms of the Policy by refusing to properly investigate and fully indemnify the Plaintiffs according to the terms of the Policy.

### 27.

As a result of the Defendant's denying and delaying payment in Plaintiffs' claim, Plaintiffs sustained additional covered losses from mitigation and temporary repairs of the direct physical damage to the Property in an amount to be determined at trial.

28.

The Plaintiffs suffered damages as a direct result of Defendant's failure to indemnify the Plaintiffs for their loss.

29.

All foregoing conduct constitutes a breach of contract that has resulted in damages to the Plaintiffs.

30.

**WHEREFORE,** Plaintiffs pray for this Court to enter an award in Plaintiffs' favor of compensatory damages, attorneys' fees, pre- and post-judgment interest, and such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

31.

Plaintiffs request a trial by Jury on all counts of the Complaint.

## PRAYER FOR RELIEF

32.

**WHEREFORE,** Plaintiffs request that after due proceedings are had, all appropriate penalties be assessed against the Defendant and that the Plaintiffs receive any and all damages at law to which they are justly entitled, and thus prays for judgment against the Defendant, as follows:

a. That this Court grant judgment in favor of the Plaintiffs and against Defendant in an amount to be determined at trial for breach of insurance contract.

b. Compensatory damages, including all damages to the Plaintiffs by the Defendant and any resulting expenses.

7

c.   Plaintiffs' attorneys' fees and costs of suit in this action;

d.   Plaintiffs' consultant and expert fees;

e.   Pre- and post-judgment interest in the maximum amount allowed by law;

f.   All statutory penalties;

g.   Any and all applicable multipliers; and,

h.   Any and all other relief that the Court may deem just and proper, whether such relief sounds

in law or equity.

Dated, this 15th day of March, 2023.

RESPECTFULLY SUBMITTED,

**The Huggins Law Firm, LLC**
110 Norcross Street
Roswell, GA 30075
(o) (770) 913-6229
(e) remington@lawhuggins.com
(e) mdturner@lawhuggins.com

J. Remington Huggins, Esq.
Georgia Bar No.: 348736
Michael D. Turner, Esq.
Georgia Bar No.: 216414
*Attorneys for the Plaintiff*

8

# This Page Intentionally Left Blank to Separate Documents

E-FILED IN OFFICE - LW
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-02086-2**

**4/18/2023 8:49 AM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOSHUA EDWARDS and | ) | |
| REBEKAH EDWARDS, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | 23-A-02086-2 |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "State Farm"), by and through the undersigned attorneys, and hereby files its ANSWER AND AFFIRMATIVE DEFNESES to Plaintiffs' Complaint and shows this Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against State Farm upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs assert a claim for breach of contract against State Farm for purported damage to the property located at 3813 Honors Way, Martinez, Georgia 30907 (the "Property"), Plaintiffs' action should be dismissed because State Farm did not breach its contract with Plaintiff and, at all times relevant to this action, has acted in accordance with the terms and conditions of State Farm policy number 11-GV-V662-6 ("Policy") and applicable Georgia law.

## THIRD AFFIRMATIVE DEFENSE

State Farm has not breached any duty owed under its insurance contract with Plaintiffs, and therefore Plaintiffs may not recover from State Farm in any sum or manner whatsoever.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover based on the defense of laches.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs assert a bad faith claim against State Farm pursuant to O.C.G.A. § 33-4-6, Plaintiffs are barred from asserting any such bad faith claim because they failed to satisfy the procedural requirements of O.C.G.A. § 33-4-6, including, but not limited to, asserting any proper and timely bad faith demand, and waiting the statutory period of 60 days prior to filing suit.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek damages against State Farm other than contractual damages, Plaintiffs fail to state a claim for bad faith penalties, attorneys' fees, or extra-contractual damages.  State Farm has at all times acted in good faith with respect to the actions it has taken, and Plaintiffs therefore fail to state a claim pursuant to O.C.G.A. § 33-4-6 for any bad faith penalties and attorneys' fees.

## SEVENTH AFFIRMATIVE DEFENSE

State Farm is not indebted to Plaintiff for the sum sought or in any amount whatsoever.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any damages that occurred outside the subject policy period.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are entitled to any recovery from State Farm, which State Farm denies, Plaintiffs' recovery is limited by the loss payment, loss settlement, and deductible provisions in the Policy as well as the coverage limits set forth in the Policy.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under the Policy because Plaintiff breached the terms and conditions of the Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to recover the payment set forth in their Complaint because this amount does not reflect a reasonable value for the services to be performed to repair the damage related to a  covered cause of loss and is not in accordance with the standard and custom of the industry.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks recovery for damage which occurred more than one year prior to the date of the filing of this lawsuit, March 15, 2023, such claims are time barred by the policy. The Policy provides in **SECTION I – CONDITIONS** as follows:

> 6. **Suit Against Us**.   No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not maintain any action against State Farm related to the claim because Plaintiffs failed to satisfy their duties under the Policy.  The Policy provides:

**HOMEOWNERS POLICY
AGREEMENT**

*We* agree to provide the insurance described in this policy:

. . .

2.  based on *your* compliance with all applicable provisions of this policy; and

. . .

## SECTION I – CONDITIONS

. . .

**Your Duties After Loss.**  After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:

a.  give immediate notice to *us* or *our* agent and also notify:

(1) the police if the loss is caused by theft, vandalism, or any other criminal act; and

(2) the credit card company or bank if the loss involves a credit card or bank fund transfer card;

b.  protect the property from further damage or loss and also:

(1) make reasonable and necessary temporary repairs required to protect the property; and

(2) keep an accurate record of repair expenses;

c.  prepare an inventory of damaged or stolen personal property:

(1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and

(2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d.  as often as *we* reasonably require:

(1) exhibit the damaged property;

(2) provide *us* with any requested records and documents and allow *us* to make copies;

(3) while not in the presence of any other *insured*:

(a) give statements; and

(b) submit to examinations under oath; and

(4) produce employees, members of the *insured's* household, or others for examination under oath to the extent it is within the *insured's* power to do so; and

e. submit to *us*, within 60 days after the loss, *your* signed, sworn proof of loss that sets forth, to the best of *your* knowledge and belief:

(1) the time and cause of loss;

(2) interest of the *insured* and all others in the property involved and all encumbrances on the property;

(3) other insurance that may cover the loss;

(4) changes in title or occupancy of the property during the term of this policy;

(5) specifications of any damaged structure and detailed estimates for repair of the damage;

(6) an inventory of damaged or stolen personal property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8) evidence or affidavit supporting a claim under **SECTION I – ADDITIONAL COVERAGES**, **Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money** coverage, stating the amount and cause of loss.

Specifically, Plaintiffs failed to immediately notify State Farm following the alleged event giving rise to the damages which are the subject of this litigation. Plaintiffs, or their representatives, also failed to provide documentation requested by State Farm and failed to mitigate their damages and protect the property following the loss.  State Farm reserves the right to assert additional basis in support of this defense as discovery in this matter continues.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs attempt to impose duties upon State Farm aside from those set forth in the insurance contract, Plaintiffs fail as a matter of fact and law.  Georgia law does not impose extra-contractual duties on insurers when adjusting claims asserted by insureds.  Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the Policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from bringing this action against State Farm and from seeking any additional damages from State Farm.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover for any recoverable depreciation or replacement cost benefits for the roofing repairs to the Property because these damages do not reflect the actual and necessary costs spent to repair the covered damage to the Property as Plaintiff has not completed the repairs to the Property as required by the Policy and applicable Georgia law.  See Policy; Marchman v. Grange Mut. Ins. Co., 232 Ga. App. 481 (1998).  Specifically, the Policy provides:

### SECTION I – LOSS SETTLEMENT

1.  **A1- Replacement Cost Loss Settlement – Similar Construction**

   a.  ***We*** will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the ***Declarations***, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

   (b)  until actual repair or replacement is completed, ***we*** will pay only the ***actual cash value*** at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the ***Declarations***, not to exceed the cost to repair or replace the damaged part of the property;

(2) when the repair or replacement is actually completed, *we* will pay the covered additional amount *you* actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(3) to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify *us* within 30 days after the work has been completed; and

(4) *we* will not pay for increased costs resulting from the enforcement of any ordinance or law regulating the construction, repair or demolition of a *building structure* or other structure, except as provided under **Option OL – Building Ordinance or Law**.

Upon information and belief, Plaintiffs never completed the structural repairs to the Property, and, thus, they are not able to recover replacement costs benefits.

## <u>SEVENTEENTH AFFIRMATIVE DEFNESE</u>

Plaintiffs may not recover for any additional damages in the Complaint because these damages are not the result of a covered cause of loss.

## <u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

To the extent Plaintiffs contends that they are entitled to recover costs for a full roof replacement, Plaintiff is not entitled to recover these damages as the roof did not sustain accidental direct physical damage beyond that for which State Farm estimated the costs to repair. Specifically, the Policy provides:

## SECTION I – LOSSES INSURED

## COVERAGE A – DWELLING

*We* will pay for accidental direct physical loss to the property described in Coverage I unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or

                    limited in this policy. However, loss does not include and *we* will
                    not pay for, any ***diminution in value***.

See also:  Loss Settlement provision, quoted above.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek additional policy benefits related to defects in the initial construction of the Property, wear and tear, unintentional mechanical damage, negligent workmanship, or deterioration of the roof shingles, these causes of loss are excluded under the Policy.  Specifically, the Policy provides:

### SECTION I – LOSSES NOT INSURED

a.  ***We*** will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . .

g.  wear, tear, decay, marring scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

. . .

k.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs or ceilings;

. . .

However, we will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured as described in this Section.

2.  ***We*** will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. ***We*** will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c)

whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or external forces, or occurs as a result of any combination of these:

. . .

    d.  **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of loss, or when property is endangered.

. . .

**3.**  ***We*** will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, ***we*** will not pay for any loss described in paragraphs 1. And 2. Immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

. . .

    b.  defect, weakness, inadequacy, fault, or unsoundness in:

        (1)  planning, zoning, development, surveying, or siting;

        (2)  design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

        (3)  materials used in repair, construction, renovation, remodeling, grading, or compaction; or

        (4)  maintenance;

    of any property (including land, structures, or improvements of any kind) whether on or off the ***residence premises***; or

    b.  weather conditions.

However, ***we*** will pay for any resulting loss from items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Loss Not Insured as described in this Section.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm because the Policy specifically excludes coverage for Plaintiff's claimed damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are unable to recover the damages sought in their Complaint to the extent these damages occurred outside of the Policy period.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

State Farm is not liable to Plaintiffs because Plaintiffs failed to properly mitigate their damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are unable to recover the damages set forth in his Complaint because this amount does not reflect the reasonable cost to replace or repair any damage resulting from a covered cause of loss to Plaintiffs' Property with equivalent construction for equivalent use and to return Plaintiffs to their pre-loss condition.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

No act or omission on the part of State Farm caused or contributed to any of the alleged injuries or damages claimed by Plaintiffs, and therefore Plaintiffs are not entitled to recover anything from State Farm.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are entitled to any recovery, which State Farm denies, State Farm is entitled to a setoff of all amounts paid to or on behalf of Plaintiffs, including, but not limited to payments totaling not less than $8,944.92.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSES

State Farm expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery. Subject to and without waiving any of their other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific allegations contained in the individual and enumerated paragraphs of the Complaint as follows:

## FACTUAL ALLEGATIONS

1.

Upon information and belief, State Farm admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.

In response to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, State Farm admits only that it is a foreign insurance company, registered to transact business in, and in fact transacts business in, the State of Georgia. State Farm admits that its registered agent maintains an office at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 and that its registered agent, Corporation Service Company, may be served with process. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint are denied.

## JURISDICTION AND VENUE

3.

In response to the allegations contained in Paragraph 3 of Plaintiffs' Complaint, State Farm admits only that this Court has subject matter jurisdiction over this action and personal jurisdiction

over State Farm.  Except as otherwise herein admitted, all remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint are denied including but not limited to any allegations that State Farm acted in bad faith or breached any contract with its insured.

4.

In response to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, State Farm admits that this court is a proper venue for this action but denies that this is the only proper venue for this action. State Farm denies all remaining allegations in Paragraph 4 of Plaintiffs' Complaint.

5.

In response to the allegations contained in Paragraph 5 of Plaintiffs' Complaint, State Farm admits only that this Court has jurisdiction and venue over this matter.  Except as otherwise herein admitted, all remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied.

**THE POLICY**

6.

In response to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, State Farm admits only that it issued Policy number 11-GV-V662-6, which provided insurance coverage to the Property located at 3813 Honors Way, Martinez, Georgia 30907 (the "Property") subject to the terms and provisions of the Policy and applicable Georgia law.  Responding further, State Farm states that the Policy speaks for itself and denies all allegations in Paragraph 6 of the Complaint in direct contravention to the express language of the Policy.  Except as otherwise herein admitted, all remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint are denied.

7.

In response to the allegations contained in Paragraph 7 of Plaintiffs' Complaint, State Farm states that the Policy speaks for itself and denies all allegations in Paragraph 7 of the Complaint in

direct contravention to the express language of the Policy.  Answering further, Defendant admits that the Policy provides coverage for accidental direct physical loss, subject to the terms and provisions of the Policy and applicable Georgia law and except as otherwise excluded. Defendant admits that the deducible for the Policy is $3,850.00.  Except as otherwise herein admitted, all remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint are denied including but not limited to any allegations that the Policy provides unfettered and/or unrestricted insurance coverage.

<div align="center">8.</div>

In response to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, State Farm states that the Policy speaks for itself and denies all allegations in Paragraph 8 of the Complaint in direct contravention to the express language of the Policy.  Answering further, Defendant admits that the Policy provides coverage for accidental direct physical loss, subject to the terms and Provisions of the Policy and applicable Georgia law and except as otherwise excluded. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint are denied including but not limited to any allegations that the Policy provides unfettered and/or unrestricted insurance coverage and any allegations that all lines of coverage provided in the Policy afford "all risk" or "all perils" coverage.

<div align="center">9.</div>

In response to the allegations contained in Paragraph 9 of Plaintiffs' Complaint, State Farm states that the Policy speaks for itself and denies all allegations in Paragraph 9 of the Complaint in direct contravention to the express language of the Policy.  Except as otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied.

## SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY

10.

In response to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs allege their property sustained damage due to a hail and wind event which occurred on March 16, 2022. Defendant admits that the policy was in effect on March 16, 2022. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied.

11.

In response to the allegations contained in Paragraph 11 of Plaintiffs' Complaint, State Farm admits only that Plaintiffs reported a claim related to the Loss. (the "Claim"). State Farm further admits that certain employees and representatives investigated aspects of Plaintiffs' Loss and Claim. State Farm explicitly denies that the Plaintiffs "promptly and timely notified Defendant of the damage to the Property resulting for the Loss." Except as otherwise herein admitted, all remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, State Farm admits only that Plaintiff permitted State Farm to inspect the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint are denied including but not limited to any allegations that Plaintiff complied with her duties after loss.

13.

In response to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, State Farm admits only that Plaintiff permitted State Farm to inspect the Property. Except as otherwise

herein admitted, all remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint are denied.

14.

State Farm denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, State Farm admits it determined the cost to repair the covered damage totaled $17,656.49 and that, after subtracting the $3,850.00 deductible in the policy and depreciation, it issued an actual cash value payment totaling $8,944.92 for the covered damage in accordance with the terms and conditions of the Policy.  State Farm admits that **Exhibit "A"** is a true and correct copy of a State Farm estimate dated October 24, 2022.  State Farm denies all remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16.

In response to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, State Farm admits only that Plaintiff requested that State Farm reconsider its position regarding State Farm's initial estimate of the scope of damages.   Except as otherwise herein admitted, all remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint are denied.

17.

In response to the allegations contained in Paragraph 17 of Plaintiffs' Complaint, State Farm admits only that Plaintiff retained a Public Adjuster and that it was provided with a copy of the estimate contained as **Exhibit B** by Plaintiffs' public adjuster. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint are denied, including but not limited to any allegations that the damages, or costs to repair the damage to the

Property, sought by Plaintiffs in this matter are reasonable or necessary and/or are all related to the Loss which is the subject of this lawsuit.

18.

State Farm denies all allegations contained in Paragraph 19 of Plaintiffs' Complaint.

19.

State Farm denies all allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.

State Farm denies all allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.

State Farm denies all allegations contained in Paragraph 21 of Plaintiffs' Complaint.

## COUNT I: BREACH OF CONTRACT

22.

To the extent a response is required to the allegations contained in Paragraph 22 of Plaintiffs' Complaint, State Farm adopts and re-alleges its responses to the allegations contained in Paragraph 1 through 21 of Plaintiffs' Complaint as if fully stated herein.

23.

State Farm denies all allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

In response to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, State Farm admits only that the terms and provisions of the Policy speak for themselves and deny all allegations contained in Paragraph 24 of the Complaint in direct contravention thereto including but not limited to any allegations that the Policy provided unfettered and/or unrestricted insurance coverage.

25.

State Farm denies all allegations contained in Paragraph 25 of Plaintiffs' Complaint as stated. By way of further response, State Farm admits that it has issued payment for all covered damage under the Policy as a result of the loss and that no additional amounts are owed.

26.

State Farm denies all allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.

State Farm denies all allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.

State Farm denies all allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.

State Farm denies all allegations contained in Paragraph 29 of Plaintiffs' Complaint

30.

To the extent a response is required to the allegations contained in Paragraph 30 of Plaintiffs' Complaint, which is the Prayer for Relief to Plaintiffs' Cause of Action for Breach of Contract, State Farm denies all allegations contained in Paragraph 30 of Plaintiffs' Complaint.

## **DEMAND FOR JURY TRIAL**

31.

To the extent a response is required, State Farm denies all allegations contained in Paragraph 31 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

32.

To the extent a response is required, State Farm denies all allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.

State Farm denies all remaining allegations contained in Plaintiffs' Complaint not specifically herein admitted.

WHEREFORE, State Farm requests that the Court grant the following relief:

a) That Plaintiffs' Complaint be dismissed with prejudice;

b) That State Farm be awarded assessments, interest, and late charges, in amounts to be proven at trial;

c) That State Farm be awarded its reasonable attorney's fees and costs incurred in asserting its rights through this action;

d) That State Farm be awarded such other and further relief as this Court deems just and proper;  and

e) A jury trial of 12 on all issues so triable.


This 18th day of April, 2023.

Respectfully Submitted,

**SWIFT, CURRIE, MCGHEE & HIERS, LLP**


*/s/ Alex A. Mikhalevsky*
Alex A. Mikhalevsky, Esq.
Georgia Bar No. 711188
Samuel M. Lyon, Esq.
Georgia Bar No. 921804
***Attorneys for the Defendant***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404-874-8000
Alex.Mikhalevsky@swiftcurrie.com
Samuel.lyon@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I have electronically filed and served the foregoing *State Farm Fire and Casualty Company's Answer and Affirmative Defenses* with the Clerk of Court using the Odyssey e-filing system which will automatically send e-mail notification and service of such filing to counsel of record as follows:

<div align="center">

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
110 Norcross Street
Roswell, GA 30075
remington@lawhuggins.com
mdturner@lawhuggins.com
*Attorneys for Plaintiffs*

</div>

This <u>18</u><sup>th</sup> day of April, 2023.

                    Respectfully Submitted,

                    **SWIFT, CURRIE, MCGHEE & HIERS, LLP**

                    */s/ Alex A. Mikhalevsky*
                    Alex A. Mikhalevsky, Esq.
                    Georgia Bar No. 711188
                    Samuel M. Lyon, Esq.
                    Georgia Bar No. 921804
                    *Attorneys for the Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404-874-8000
Alex.Mikhalevsky@swiftcurrie.com
Samuel.lyon@swiftcurrie.com

# EXHIBIT A

EDWARDS, JOSHUA                                                                                      11-37N7-98M



**State Farm**
**P.O. Box 106169**
**Atlanta, GA  30348-6169**
**Fax: 1-844-236-3646**
**statefarmfireclaims@statefarm.com**

# Structural Damage Claim Policy

This estimate is priced based on estimated market pricing for the cost of materials, labor, and other factors at the time of the loss.

Adjustments in market pricing and timing of the repairs may impact the final cost of covered repairs. Should you or the contractor you select have questions concerning our estimate, please contact us. If your contractor's estimate is higher than ours, you should contact us prior to beginning repairs. State Farm will work with you and your contractor to determine the actual and necessary cost of covered repairs at the time repairs will be completed, subject to policy terms, conditions and limits.

• We want you to receive quality repair work to restore the damages to your property.

• We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

• Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

• There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

• State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

• State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

• It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.

11-37N7-98M

 **State Farm**

# Building Estimate Summary Guide

**This summary guide is based on a sample estimate and is provided for reference only.**
**Please refer to the estimate for specifics of your claim.**

## State Farm Insurance

| | | | |
|---|---|---|---|
| Insured: | Smith, Joe & Jane | Estimate: | 00-0000-000 |
| Property: | 1 Main Street | Claim number: | 00-0000-000 |
| | Anywhere, IL 00000-0000 | Policy Number: | 00-00-0000-0 |
| Type of Loss: | Other | Price List: | ILBL8F_MAR 13 |
| Deductible: | $1,000.00 | | Restoration/Service/ Remodel |
| | | | F = Factored In, |
| | | | D = Do Not Apply |

### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total [1] | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% x 1,520.00 | |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead [2] | @ | 10.0% x 6,105.10 | 610.51 |
| General Contractor Profit | @ | 10.0% x 6,105.10 | |
| Replacement Cost Value (Including General Contractor Overhead and Profit) [3] | | | 7,326.12 |
| Less Depreciation (Including Taxes) [4] | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable & | | | |
| Non - recoverable Depreciation | | | (166.50) |
| Less Deductible [5] | | | |
| Net Actual Cash Value Payment [6] | | | |

### Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) [4] | 832.50 | |
| Less Non - recoverable Depreciation (Including Taxes) [7] | | |
| Subtotal | 312.50 | |
| General Contractor O&P on Depreciation | 166.50 | |
| Less General Contractor O&P on Non - recoverable Depreciation | | |
| Subtotal | | |
| Total Maximum Additional Amounts Available If Incurred [8] | | |
| Total Amount of Claim If Incurred [9] | | |

_____
Claim Representative

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

1. **Line Item Total –** Total value of all line items in the estimate plus possible adjustments for *labor minimums. Labor Minimum* is to cover a certain minimum number of hours for drive-time, set up time and applicable administrative costs and repairs.

2. **General Contractor's Overhead and Profit –** General contractor's charge for coordinating your repairs.

3. **Replacement Cost Value (RCV) –** Estimated cost to repair or replace damaged property.

4. **Depreciation –** The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible –** The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV) –** The repair or replacement cost of the damaged part of the property less *depreciation* and *deductible*.

7. **Non Recoverable Depreciation –** *Depreciation* applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount if Incurred –** Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim if Incurred –** Total amount of the claim, including *net actual cash value payment and total maximum additional amount available if incurred.*

## State Farm

EDWARDS, JOSHUA                                                                    11-37N7-98M

| | | | |
|---|---|---|---|
| Insured: | EDWARDS, JOSHUA | Estimate: | 11-37N7-98M |
| Property: | 3813 HONORS WAY | Claim Number: | 1137N798M |
| | MARTINEZ, GA 30907-9147 | Policy Number: | 11GVV6626 |
| Home: | 678-791-3465 | Price List: | GAAU28_AUG22 |
| Cellular: | 678-230-6671 | | Restoration/Service/Remodel |
| Type of Loss: | Hail | | |
| Deductible: | $3,850.00 | | |
| Date of Loss: | 3/16/2022 | | |
| Date Inspected: | 8/23/2022 | | |

### Summary for Coverage A - Dwelling - 35 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 17,333.24 |
| Material Sales Tax | 323.25 |
| | |
| Replacement Cost Value | 17,656.49 |
| Less Depreciation (Including Taxes) | (4,861.57) |
| Less Deductible | (3,850.00) |
| | |
| Net Actual Cash Value Payment | $8,944.92 |

### Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) | 4,861.57 | |
| Replacement Cost Benefits | | 4,861.57 |
| | | |
| Total Maximum Additional Amount Available If Incurred | | 4,861.57 |
| Total Amount of Claim If Incurred | | $13,806.49 |

Williams, Lee
866-787-8676 x 7484

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND
LIMITS OF YOUR POLICY.**



**Explanation of Building Replacement Cost Benefits**

**Homeowner Policy**

**Coverage A - Dwelling - 35 Windstorm and Hail**

| To: | Name: | EDWARDS, JOSHUA |
|--|--|--|
| | Address: | 3813 HONORS WAY |
| | City: | MARTINEZ |
| | State/Zip: | GA, 30907-9147 |

| | | | |
|--|--|--|--|
| Insured: | EDWARDS, JOSHUA | Claim Number: | 1137N798M |
| Date of Loss: | 3/16/2022 | Cause of Loss: | HAIL |

Your insurance policy provides replacement cost benefits for some or all of the loss or damage to your dwelling or structures. Replacement cost benefits pays the actual and necessary cost of repair or replacement, without a deduction for depreciation, subject to your policy's limit of liability. To receive replacement cost benefits you must:

1. Complete the actual repair or replacement of the damaged part of the property within two years of the date of loss;
2. Promptly notify us within 30 days after the work has been completed; and
3. Confirm completion of repair or replacement, by submitting invoices, receipts or other documentation to your agent or claim office.

Until these requirements have been satisfied, our payment(s) to you will be for the actual cash value of the damaged part of the property, which may include a deduction for depreciation.

Without waiving the above requirements, we will consider paying replacement cost benefits prior to actual repair or replacement if we determine repair or replacement costs will be incurred because repairs are substantially under way or you present a signed contract acceptable to us.

The estimate to repair or replace your damaged property is $17,656.49 . The enclosed claim payment to you of $8,944.92 is for the actual cash value of the damaged property at the time of loss, less any deductible that may apply. We determined the actual cash value by deducting depreciation from the estimated repair or replacement cost. Our estimate details the depreciation applied to your loss. Based on our estimate, the additional amount available to you for replacement cost benefits (recoverable depreciation) is $ 4,861.57 .

If you cannot have the repairs completed for the repair/replacement cost estimated, please contact your claim specialist prior to beginning repairs.

All policy provisions apply to your claim.

## State Farm

EDWARDS, JOSHUA

11-37N7-98M



**Dwelling Roof**

| | | | |
|---|---|---|---|
| 7,042.20 | Surface Area | 70.42 | Number of Squares |
| 629.35 | Total Perimeter Length | 92.07 | Total Ridge Length |
| 567.64 | Total Hip Length | | |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| Front Slope -No Storm Related Damage Found | | | | | | | |
| Left Slope - No Storm Related Damage Found | | | | | | | |
| Right Slope No Storm Related Damage Found | | | | | | | |
| 1.  Detach & Reset Tile roofing - Clay - "S" or flat tile | | | | | | | |
| | 1.00 SQ | 658.26 | 1.00 | 659.26 | | | 659.26 |

Prior Estimate allowed to remove and replace above damaged decking.  There is no accidental physical damage to roof surface so we are allowing to detach and reset 1 square of tile area of the water leak.

| | QUANTITY | UNIT PRICE | TAX | RCV | | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| Rear Slope - No Storm Related Damage Found | | | | | | | |
| Revised estimate VACK69 10-20-2022 | | | | | | | |
| 2.  R&R Valley metal - (W) profile | | | | | | | |
| | 268.00 LF | 6.58 | 67.54 | 1,830.98 | | | 1,830.98 |
| 3.  Detach & Reset Tile roofing - Clay - "S" or flat tile | | | | | | | |
| | 10.72 SQ | 658.26 | 10.73 | 7,067.28 | | | 7,067.28 |

268LF Valley Metal  x 4 feet wide detach and reset tiles  ( 2ft each side of the valley)

| | QUANTITY | UNIT PRICE | TAX | RCV | | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 4.  Remove Additional charge for high roof (2 stories or greater) | | | | | | | |
| | 55.35 SQ | 4.93 | 0.00 | 272.88 | | | 272.88 |
| 5.  Additional charge for high roof (2 stories or greater) | | | | | | | |
| | 55.35 SQ | 16.00 | 0.00 | 885.60 | | | 885.60 |

Allowing for high charged on 2 story area on roof to make repairs

| | QUANTITY | UNIT PRICE | TAX | RCV | | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 6.  R&R Exhaust cap - through roof - 6" to 8" | | | | | | | |
| | 2.00 EA | 83.98 | 5.47 | 173.43 | | | 173.43 |
| 7.  Haul debris - per pickup truck load - including dump fees | | | | | | | |
| | 1.00 EA | 133.64 | 0.00 | 133.64 | | | 133.64 |
| **Totals:  Dwelling Roof** | | | **84.74** | **11,023.07** | | **0.00** | **11,023.07** |

Area Totals:  Source - Eagle View

| | | | |
|---|---|---|---|
| 5,585.43 | Exterior Wall Area | | |
| 7,042.20 | Surface Area | 70.42 | Number of Squares |
| 92.07 | Total Ridge Length | 567.64 | Total Hip Length |

| | | | | | 629.35 Total Perimeter Length | | |
|---|---|---|---|---|---|---|---|

| **Total:  Source - Eagle View** | | | **84.74** | **11,023.07** | | **0.00** | **11,023.07** |

**Rear Elevation**

**State Farm**

EDWARDS, JOSHUA                                                                 11-37N7-98M

|              | 0.00 SF Walls  |      | 0.00 SF Ceiling    |     | 0.00 SF Walls & Ceiling   |
|              | 0.00 SF Floor  |      | 0.00 SF Short Wall |     | 0.00 LF Floor Perimeter   |
|              | 0.00 SF Long Wall |   |                    |     | 0.00 LF Ceil. Perimeter   |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 8. R&R Gutter / downspout - aluminum - 6" | | | | | | | |
| | 120.75 LF | 15.47 * | 84.14 | 1,952.14 | 20/25 yrs Avg. | (1,561.71) 80.00% | 390.43 |
| **Totals: Rear Elevation** | | | **84.14** | **1,952.14** | | **1,561.71** | **390.43** |

**Front Elevation**

|              | 0.00 SF Walls  |      | 0.00 SF Ceiling    |     | 0.00 SF Walls & Ceiling   |
|              | 0.00 SF Floor  |      | 0.00 SF Short Wall |     | 0.00 LF Floor Perimeter   |
|              | 0.00 SF Long Wall |   |                    |     | 0.00 LF Ceil. Perimeter   |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 9. R&R Gutter / downspout - aluminum - 6" | | | | | | | |
| | 37.25 LF | 15.47 * | 25.96 | 602.22 | 20/25 yrs Avg. | (481.78) 80.00% | 120.44 |
| **Totals: Front Elevation** | | | **25.96** | **602.22** | | **481.78** | **120.44** |

**Left Elevation**

|              | 0.00 SF Walls  |      | 0.00 SF Ceiling    |     | 0.00 SF Walls & Ceiling   |
|              | 0.00 SF Floor  |      | 0.00 SF Short Wall |     | 0.00 LF Floor Perimeter   |
|              | 0.00 SF Long Wall |   |                    |     | 0.00 LF Ceil. Perimeter   |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 10. R&R Gutter / downspout - aluminum - 6" | | | | | | | |
| | 58.83 LF | 15.47 * | 40.99 | 951.09 | 20/25 yrs Avg. | (760.87) 80.00% | 190.22 |
| **Totals: Left Elevation** | | | **40.99** | **951.09** | | **760.87** | **190.22** |

**Right Elevation**

|              | 0.00 SF Walls  |      | 0.00 SF Ceiling    |     | 0.00 SF Walls & Ceiling   |
|              | 0.00 SF Floor  |      | 0.00 SF Short Wall |     | 0.00 LF Floor Perimeter   |

**State Farm**

EDWARDS, JOSHUA                                                                                          11-37N7-98M

                    0.00 SF Long Wall                                                        0.00 LF Ceil. Perimeter

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| Revised Estimate VACK69 10-20-2022 | | | | | | | |
| 11.  R&R Gutter / downspout - aluminum - 6" | | | | | | | |
| | 83.25 LF | 15.47 * | 58.01 | 1,345.89 | 20/25 yrs Avg. | (1,076.71) 80.00% | 269.18 |
| **Totals:  Right Elevation** | | | **58.01** | **1,345.89** | | **1,076.71** | **269.18** |

**Exterior Debris Removal**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 12.  Haul debris - per pickup truck load - including dump fees | | | | | | | |
| | 1.00 EA | 133.64 | 0.00 | 133.64 | | | 133.64 |
| **Totals:  Exterior Debris Removal** | | | **0.00** | **133.64** | | **0.00** | **133.64** |

**Interior**



**Upstairs Area**                                                                                         **Height: 8'**

| 1,438.58 SF Walls | 1,795.15 SF Ceiling |
|---|---|
| 3,233.73 SF Walls & Ceiling | 1,795.15 SF Floor |
| 179.82 LF Ceil. Perimeter | 179.82 LF Floor Perimeter |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 13.  Seal/prime then paint the surface area (2 coats) | | | | | | | |
| | 20.00 SF | 1.11 | 0.32 | 22.52 | 10/15 yrs Avg. | (15.01) 66.67% | 7.51 |
| 14.  Paint the ceiling - one coat | | | | | | | |
| | 1,795.15 SF | 0.77 | 21.54 | 1,403.81 | 10/15 yrs Avg. | (935.87) 66.67% | 467.94 |
| **Totals:  Upstairs Area** | | | **21.86** | **1,426.33** | | **950.88** | **475.45** |

**State Farm**

EDWARDS, JOSHUA                                                                               11-37N7-98M

**Water Damaged Board**

|  |  |  |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall |  | 0.00 LF Ceil. Perimeter |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 15.  R&R Sheathing - OSB - 5/8" | | | | | | | |
| | 72.00 SF | 2.98 | 7.55 | 222.11 | 20/150 yrs Avg. | (29.62) 13.33% | 192.49 |
| **Totals:  Water Damaged Board** | | | **7.55** | **222.11** | | **29.62** | **192.49** |

Area Totals:  Interior

|  |  |  |
|---|---|---|
| 1,438.58 SF Walls | 1,795.15 SF Ceiling | 3,233.73 SF Walls and Ceiling |
| 1,795.15 SF Floor | 1,855.54 Total Area | 179.82 LF Floor Perimeter |
| 1,795.15 Floor Area | 182.49 Exterior Perimeter of Walls | 179.82 LF Ceil. Perimeter |
| 1,642.41 Exterior Wall Area | | 1,438.58 Interior Wall Area |

| | | | TAX | RCV | | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| **Total:  Interior** | | | **29.41** | **1,648.44** | | **980.50** | **667.94** |

Area Totals:  Source - Eagle View

|  |  |  |
|---|---|---|
| 1,438.58 SF Walls | 1,795.15 SF Ceiling | 3,233.73 SF Walls and Ceiling |
| 1,795.15 SF Floor | 1,855.54 Total Area | 179.82 LF Floor Perimeter |
| 1,795.15 Floor Area | 182.49 Exterior Perimeter of Walls | 179.82 LF Ceil. Perimeter |
| 7,227.84 Exterior Wall Area | | 1,438.58 Interior Wall Area |
| 7,042.20 Surface Area | 70.42 Number of Squares | 629.35 Total Perimeter Length |
| 92.07 Total Ridge Length | 567.64 Total Hip Length | |

| | | | TAX | RCV | | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| **Total:  Source - Eagle View** | | | **323.25** | **17,656.49** | | **4,861.57** | **12,794.92** |
| **Line Item Totals:  11-37N7-98M** | | | **323.25** | **17,656.49** | | **4,861.57** | **12,794.92** |

**Grand Total Areas:**

|  |  |  |
|---|---|---|
| 1,438.58 SF Walls | 1,795.15 SF Ceiling | 3,233.73 SF Walls and Ceiling |
| 1,795.15 SF Floor | | 179.82 LF Floor Perimeter |
| | | 179.82 LF Ceil. Perimeter |
| 1,795.15 Floor Area | 1,855.54 Total Area | 1,438.58 Interior Wall Area |
| 7,227.84 Exterior Wall Area | 182.49 Exterior Perimeter of Walls | |
| 7,042.20 Surface Area | 70.42 Number of Squares | 629.35 Total Perimeter Length |
| 92.07 Total Ridge Length | 567.64 Total Hip Length | |



Source - Eagle View





Upstairs Area



Interior



# EXHIBIT B

 **Precision Claim Consultants**

---

|  |  |  |
|---|---|---|
| Insured: | Joshua Edwards | |
| Property: | 3813 Honors Way | |
| | Augusta, GA 30907-6 | |

**Claim Number:** 11-37N7-98M          **Policy Number:**                    **Type of Loss:**

|  |  |  |  |
|---|---|---|---|
| Date of Loss: | | Date Received: | |
| Date Inspected: | | Date Entered: | 9/13/2022 7:00 AM |

|  |  |
|---|---|
| Price List: | GAAU8X_SEP22 |
| | Restoration/Service/Remodel |
| Estimate: | JOSHUAEDWARDS |

 **Precision Claim Consultants**

JOSHUAEDWARDS

Roof

**Roof**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 1.  Boom or spider lift - 30'-45' reach (per day) | 5.00 DA | 425.30 | 0.00 | 425.30 | 2,551.80 | (0.00) | 2,551.80 |
| 2.  Residential Supervision / Project Management - per hour | 40.00 HR | 64.79 | 0.00 | 518.32 | 3,109.92 | (0.00) | 3,109.92 |
| **Total:  Roof** | | | **0.00** | **943.62** | **5,661.72** | **0.00** | **5,661.72** |

 **Roof**

| | |
|---|---|
| 6836.13 Surface Area | 68.36 Number of Squares |
| 603.14 Total Perimeter Length | 80.71 Total Ridge Length |
| 524.49 Total Hip Length | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 3.  Tear off tile roofing (no haul off) | 68.36 SQ | 316.48 | 0.00 | 4,326.92 | 25,961.49 | (0.00) | 25,961.49 |
| 4.  R&R Drip edge | 603.14 LF | 3.22 | 55.97 | 399.64 | 2,397.73 | (0.00) | 2,397.73 |
| 5.  Ice & water barrier - High temp | 6,836.13 SF | 1.78 | 470.33 | 2,527.72 | 15,166.36 | (0.00) | 15,166.36 |
| 6.  Tile roofing - Concrete - "S" or flat tile - w/out felt | 78.62 SQ | 502.42 | 1,244.15 | 8,148.90 | 48,893.31 | (0.00) | 48,893.31 |
| 7.  Bird stop - Eave closure strip for tile roofing - clay | 561.73 LF | 4.26 | 104.71 | 499.54 | 2,997.22 | (0.00) | 2,997.22 |
| 8.  R&R Valley metal - copper | 267.56 LF | 21.73 | 374.80 | 1,237.78 | 7,426.65 | (0.00) | 7,426.65 |
| 9.  R&R Hip / Ridge / Rake cap - tile roofing | 646.61 LF | 14.10 | 364.69 | 1,896.38 | 11,378.27 | (0.00) | 11,378.27 |
| 10.  Step flashing | 144.00 LF | 8.20 | 18.66 | 239.90 | 1,439.36 | (0.00) | 1,439.36 |
| 11.  R&R Flashing - L flashing - galvanized | 78.00 LF | 5.62 | 13.79 | 90.42 | 542.57 | (0.00) | 542.57 |
| 12.  R&R Roof mount power attic vent | 1.00 EA | 260.80 | 9.20 | 54.00 | 324.00 | (0.00) | 324.00 |
| 13.  R&R Flashing - pipe jack - lead | 3.00 EA | 88.51 | 11.18 | 55.36 | 332.07 | (0.00) | 332.07 |
| 14.  R&R Furnace vent - rain cap and storm collar, 5" | 1.00 EA | 92.92 | 2.02 | 19.00 | 113.94 | (0.00) | 113.94 |
| 15.  Remove Additional charge for high roof (2 stories or greater) | 68.36 SQ | 11.94 | 0.00 | 163.24 | 979.46 | (0.00) | 979.46 |
| 16.  Additional charge for high roof (2 stories or greater) | 68.36 SQ | 16.09 | 0.00 | 219.98 | 1,319.89 | (0.00) | 1,319.89 |
| 17.  R&R Gutter / downspout - aluminum - up to 5" | 741.73 LF | 10.94 | 266.43 | 1,676.18 | 10,057.14 | (0.00) | 10,057.14 |
| 18.  Dumpster load - Approx. 40 yards, 7-8 tons of debris | 2.00 EA | 616.00 | 0.00 | 246.40 | 1,478.40 | (0.00) | 1,478.40 |

**Precision Claim Consultants**

**CONTINUED - Roof**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| **Totals: Roof** | | | 2,935.93 | 21,801.36 | 130,807.86 | 0.00 | 130,807.86 |
| **Total: Roof** | | | 2,935.93 | 22,744.98 | 136,469.58 | 0.00 | 136,469.58 |

**Interior**



**Room1**                                                                                    **Height: 18'**

| 2850.00 SF Walls | 1379.74 SF Ceiling |
|---|---|
| 4229.74 SF Walls & Ceiling | 1379.74 SF Floor |
| 153.30 SY Flooring | 158.33 LF Floor Perimeter |
| 158.33 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 19.  R&R Blown-in insulation - 10" depth - R26 | 32.00 SF | 1.93 | 2.07 | 12.78 | 76.61 | (0.00) | 76.61 |
| 20.  R&R 5/8" drywall - hung, taped, floated, ready for paint | 32.00 SF | 2.89 | 1.59 | 18.82 | 112.89 | (0.00) | 112.89 |
| 21.  Seal the surface area w/PVA primer - one coat | 40.00 SF | 0.68 | 0.19 | 5.48 | 32.87 | (0.00) | 32.87 |
| 22.  Paint the ceiling - two coats | 1,379.74 SF | 1.14 | 29.80 | 320.54 | 1,923.24 | (0.00) | 1,923.24 |
| 23.  Mask the floor per square foot - plastic and tape - 4 mil | 1,379.74 SF | 0.28 | 6.62 | 78.58 | 471.53 | (0.00) | 471.53 |
| 24.  Final cleaning - construction - Residential | 1,379.74 SF | 0.23 | 0.00 | 63.46 | 380.80 | (0.00) | 380.80 |
| 25.  Haul debris - per pickup truck load - including dump fees | 1.00 EA | 135.34 | 0.00 | 27.06 | 162.40 | (0.00) | 162.40 |
| **Totals:  Room1** | | | 40.27 | 526.72 | 3,160.34 | 0.00 | 3,160.34 |
| **Total:  Interior** | | | 40.27 | 526.72 | 3,160.34 | 0.00 | 3,160.34 |

**Labor Minimums Applied**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 26.  Heat, vent, & air cond. labor minimum | 1.00 EA | 190.79 | 0.00 | 38.16 | 228.95 | (0.00) | 228.95 |
| 27.  Insulation labor minimum | 1.00 EA | 98.32 | 0.00 | 19.66 | 117.98 | (0.00) | 117.98 |
| 28.  Drywall labor minimum | 1.00 EA | 313.67 | 0.00 | 62.74 | 376.41 | (0.00) | 376.41 |

**Precision Claim Consultants**

**CONTINUED - Labor Minimums Applied**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Totals: Labor Minimums Applied | | | 0.00 | 120.56 | 723.34 | 0.00 | 723.34 |
| Line Item Totals: JOSHUAEDWARDS | | | 2,976.20 | 23,392.26 | 140,353.26 | 0.00 | 140,353.26 |

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 2,850.00 | SF Walls | 1,379.74 | SF Ceiling | 4,229.74 | SF Walls and Ceiling |
| 1,379.74 | SF Floor | 153.30 | SY Flooring | 158.33 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 158.33 | LF Ceil. Perimeter |
| | | | | | |
| 1,379.74 | Floor Area | 1,432.96 | Total Area | 2,850.00 | Interior Wall Area |
| 5,834.17 | Exterior Wall Area | 161.00 | Exterior Perimeter of Walls | | |
| | | | | | |
| 6,836.13 | Surface Area | 68.36 | Number of Squares | 603.14 | Total Perimeter Length |
| 80.71 | Total Ridge Length | 524.49 | Total Hip Length | | |

 **Precision Claim Consultants**

## Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 113,984.80 |
| Material Sales Tax | 2,976.20 |
| Subtotal | 116,961.00 |
| Overhead | 11,696.13 |
| Profit | 11,696.13 |
| **Replacement Cost Value** | **$140,353.26** |
| **Net Claim** | **$140,353.26** |

 **Precision Claim Consultants**

## Recap of Taxes, Overhead and Profit

|  | Overhead (10%) | Profit (10%) | Material Sales Tax (8%) | Storage Rental Tax (8%) | Local Food Tax (4%) |
|---|---|---|---|---|---|
| **Line Items** | 11,696.13 | 11,696.13 | 2,976.20 | 0.00 | 0.00 |
| **Total** | **11,696.13** | **11,696.13** | **2,976.20** | **0.00** | **0.00** |

 **Precision Claim Consultants**

## Recap by Room

**Estimate: JOSHUAEDWARDS**

| | | |
|---|---:|---:|
| **Area: Roof** | **4,718.10** | **4.14%** |
| **Roof** | **106,070.57** | **93.06%** |
| **Area Subtotal:  Roof** | **110,788.67** | **97.20%** |
| **Area: Interior** | | |
| **Room1** | **2,593.35** | **2.28%** |
| **Area Subtotal:  Interior** | **2,593.35** | **2.28%** |
| **Labor Minimums Applied** | **602.78** | **0.53%** |
| **Subtotal of Areas** | **113,984.80** | **100.00%** |
| **Total** | **113,984.80** | **100.00%** |

 **Precision Claim Consultants**

## Recap by Category

| O&P Items | Total | % |
|---|---|---|
| CLEANING | 317.34 | 0.23% |
| GENERAL DEMOLITION | 27,767.91 | 19.78% |
| DRYWALL | 393.67 | 0.28% |
| HEAVY EQUIPMENT | 2,126.50 | 1.52% |
| HEAT,  VENT & AIR CONDITIONING | 259.26 | 0.18% |
| INSULATION | 133.52 | 0.10% |
| LABOR ONLY | 2,591.60 | 1.85% |
| PAINTING | 1,986.43 | 1.42% |
| ROOFING | 71,295.38 | 50.80% |
| SOFFIT, FASCIA, & GUTTER | 7,113.19 | 5.07% |
| O&P Items Subtotal | 113,984.80 | 81.21% |
| Material Sales Tax | 2,976.20 | 2.12% |
| Overhead | 11,696.13 | 8.33% |
| Profit | 11,696.13 | 8.33% |
| Total | 140,353.26 | 100.00% |



Sketch: Source - Eagle View, Level: Source - Eagle View

Insured: EDWARDS, JOSHUA
Claim #: 1137N798M



Roof Annotation in Sketch: Source - Eagle View, Level: Source - Eagle View

| FACE | SQ FT | # SQs | Slope - Rise / 12 |
|---|---|---|---|
| F1 | 1.36 | 0.01 | 6.00 |
| F2 | 11.50 | 0.11 | 6.00 |
| F3 | 38.69 | 0.39 | 6.00 |
| F4 | 190.21 | 1.90 | 6.00 |
| F5 | 68.78 | 0.69 | 6.00 |
| F6 | 130.52 | 1.31 | 6.00 |
| F7 | 203.81 | 2.04 | 6.00 |
| F8 | 102.34 | 1.02 | 6.00 |
| F9 | 291.41 | 2.91 | 6.00 |
| F11 | 1,734.24 | 17.34 | 6.00 |
| F12 | 16.44 | 0.16 | 6.00 |
| F13 | 96.26 | 0.96 | 6.00 |
| F14 | 42.67 | 0.43 | 6.00 |
| F15 | 42.07 | 0.42 | 6.00 |
| F16 | 26.17 | 0.26 | 6.00 |
| F19 | 25.33 | 0.25 | 6.00 |
| F20 | 25.33 | 0.25 | 6.00 |
| F21 | 44.75 | 0.45 | 6.00 |
| F22 | 41.00 | 0.41 | 6.00 |
| F23 | 41.00 | 0.41 | 6.00 |
| F24 | 152.67 | 1.53 | 6.00 |
| F26 | 119.26 | 1.19 | 6.00 |
| F27 | 135.42 | 1.35 | 6.00 |
| F29 | 181.91 | 1.82 | 2.00 |
| F30 | 15.40 | 0.15 | 6.00 |
| F31 | 15.40 | 0.15 | 6.00 |
| F32 | 56.80 | 0.57 | 6.00 |
| F33 | 77.08 | 0.77 | 6.00 |
| F34 | 628.28 | 6.28 | 6.00 |
| F35 | 35.33 | 0.35 | 6.00 |
| F36 | 700.37 | 7.00 | 6.00 |
| F37 | 717.25 | 7.17 | 6.00 |
| F40 | 22.95 | 0.23 | 6.00 |
| F41 | 22.95 | 0.23 | 6.00 |
| F42 | 74.24 | 0.74 | 6.00 |
| F43 | 74.24 | 0.74 | 6.00 |
| F44 | 218.80 | 2.19 | 6.00 |
| F45 | 19.60 | 0.20 | 6.00 |
| F46 | 13.97 | 0.14 | 5.85 |
| F47 | 19.50 | 0.19 | 5.96 |
| F48 | 20.40 | 0.20 | 6.00 |
| F49 | 13.90 | 0.14 | 5.84 |
| F51 | 23.49 | 0.23 | 6.00 |
| F52 | 18.33 | 0.18 | 6.00 |
| F53 | 13.87 | 0.14 | 5.80 |
| F54 | 22.26 | 0.22 | 6.04 |
| F55 | 18.76 | 0.19 | 6.20 |
| F56 | 14.95 | 0.15 | 6.10 |

Sketch: Source - Eagle View, Level: Interior

Insured: EDWARDS, JOSHUA
Claim #: 1137N798M



Sketch: Source - Eagle View, Level: Source - Eagle View

Insured: EDWARDS, JOSHUA
Claim #: 1137N798M



Roof Annotation in Sketch: Source - Eagle View, Level: Source - Eagle View

| FACE | SQ FT | # SQs | Slope - Rise / 12 |
|------|-------|-------|-------------------|
| F1 | 1.36 | 0.01 | 6.00 |
| F2 | 11.50 | 0.11 | 6.00 |
| F3 | 38.69 | 0.39 | 6.00 |
| F4 | 190.21 | 1.90 | 6.00 |
| F5 | 68.78 | 0.69 | 6.00 |
| F6 | 130.52 | 1.31 | 6.00 |
| F7 | 203.81 | 2.04 | 6.00 |
| F8 | 102.34 | 1.02 | 6.00 |
| F9 | 291.41 | 2.91 | 6.00 |
| F11 | 1,734.24 | 17.34 | 6.00 |
| F12 | 16.44 | 0.16 | 6.00 |
| F13 | 96.26 | 0.96 | 6.00 |
| F14 | 42.67 | 0.43 | 6.00 |
| F15 | 42.07 | 0.42 | 6.00 |
| F16 | 26.17 | 0.26 | 6.00 |
| F19 | 25.33 | 0.25 | 6.00 |
| F20 | 25.33 | 0.25 | 6.00 |
| F21 | 44.75 | 0.45 | 6.00 |
| F22 | 41.00 | 0.41 | 6.00 |
| F23 | 41.00 | 0.41 | 6.00 |
| F24 | 152.67 | 1.53 | 6.00 |
| F26 | 119.26 | 1.19 | 6.00 |
| F27 | 135.42 | 1.35 | 6.00 |
| F29 | 181.91 | 1.82 | 2.00 |
| F30 | 15.40 | 0.15 | 6.00 |
| F31 | 15.40 | 0.15 | 6.00 |
| F32 | 56.80 | 0.57 | 6.00 |
| F33 | 77.08 | 0.77 | 6.00 |
| F34 | 628.28 | 6.28 | 6.00 |
| F35 | 35.33 | 0.35 | 6.00 |
| F36 | 700.37 | 7.00 | 6.00 |
| F37 | 717.25 | 7.17 | 6.00 |
| F40 | 22.95 | 0.23 | 6.00 |
| F41 | 22.95 | 0.23 | 6.00 |
| F42 | 74.24 | 0.74 | 6.00 |
| F43 | 74.24 | 0.74 | 6.00 |
| F44 | 218.80 | 2.19 | 6.00 |
| F45 | 19.60 | 0.20 | 6.00 |
| F46 | 13.97 | 0.14 | 5.85 |
| F47 | 19.50 | 0.19 | 5.96 |
| F48 | 20.40 | 0.20 | 6.00 |
| F49 | 13.90 | 0.14 | 5.84 |
| F51 | 23.49 | 0.23 | 6.00 |
| F52 | 18.33 | 0.18 | 6.00 |
| F53 | 13.87 | 0.14 | 5.80 |
| F54 | 22.26 | 0.22 | 6.04 |
| F55 | 18.76 | 0.19 | 6.20 |
| F56 | 14.95 | 0.15 | 6.10 |

Insured: EDWARDS, JOSHUA
Claim #: 1137N798M

