AO 121 (Rev. 06/16)

| TO: **Register of Copyrights**<br>**U.S. Copyright Office**<br>**101 Independence Ave. S.E.**<br>**Washington, D.C. 20559-6000** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

☑ ACTION  ☐ APPEAL

COURT NAME AND LOCATION
U.S. District Court
Northern District of Georgia

DOCKET NO.

DATE FILED

PLAINTIFF
AUGUST IMAGE, LLC

DEFENDANT
CORE COMMUNICATORS BROADCASTING, LLC d/b/a STREETZ 945 ATL

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1 | See Complaint Attached | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

DATE INCLUDED

INCLUDED BY
☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order  ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes  ☐ No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

**DISTRIBUTION:**
1) Upon initiation of action, mail copy to Register of Copyrights
2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights
3) Upon termination of action, mail copy to Register of Copyrights
4) In the event of an appeal, forward copy to Appellate Court
5) Case File Copy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

Case No. _____

AUGUST IMAGE, LLC,

     Plaintiff,

v.

CORE COMMUNICATORS
BROADCASTING, LLC d/b/a STREETZ 945
ATL,

     Defendant.

_____

## **COMPLAINT**

Plaintiff August Image, LLC ("Plaintiff") sues defendant Core Communicators Broadcasting, LLC d/b/a Streetz 945 ATL ("Defendant"), and alleges as follows:

## **THE PARTIES**

1.     Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York, NY.

2.     Defendant is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business located at 50 Hurt Plaza, Suite 1220, Atlanta, GA 30303. Defendant's agent for service of process is C. Steve Hegwood, 1570 Northside Drive, Building 200 Suite B, Atlanta, GA 30318.

## **JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Georgia such that the exercise of personal jurisdiction over it

would not offend traditional notices of fair play and substantial justice.

5.    Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district.  "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004).  "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I.    Plaintiff's Business

6.    From its offices in New York City and London, Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

7.    Plaintiff offers a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

8.    Plaintiff sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

### II.    The Work at Issue in this Lawsuit

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

9.      Mark Seliger, Art Streiber, Mark Williams and Sara Hirakawa ("Williams + Hirakawa"), Danielle Levitt, Gavin Bond, Sebastian Kim, Steven Pan, and Martin Schoeller are some of the many photographers represented by Plaintiff.

10.     Mr. Seliger, born in Amarillo Texas, became the Chief Photographer for *Rolling Stone* between the years 1992-2002, for which he shot over 175 covers. Most of his work can be seen in *Vanity Fair, Italian Vogue, Harper's Bazaar, Elle* and other magazines. He also does advertising work for Adidas, Anheuser-Busch, Levi's, McDonald's, Netflix, Ralph Lauren, Ray-Ban and more. He is the recipient of many esteemed awards like Alfred Eisenstaedt Award, Lucie Award, Clio Grand Prix, Cannes Lions Grand Prix, The One Show, ASME, SPG, the Texas Medal of Arts Award, and has works exhibited in museums and galleries around the world, like the National Portrait Gallery at the Smithsonian Institution in Washington, D.C., the Museum of Fine Arts in Houston, and the National Portrait Gallery in London. Mr. Seliger's work can be viewed on his professional website (at https://www.markseliger.com/).

11.     Art Streiber, a Los Angeles based photographer, is a director specializing in reportage, portraiture, corporate, entertainment, and advertising projects.  Mr. Streiber's editorial and entertainment clients include *Vanity Fair, Entertainment Weekly, Wired, Fortune*, ESPN, GQ, ABC, CBS, NBC, HBO, A&E, CNN, MCNBC, Paramount, Sony Pictures, DreamWorks, Warner Brothers Studios, Columbia-TriStar, and Universal Studios, to name a few.  Over the past 15 years, Mr. Streiber's photography has been selected for annual competitions of PDN, Communication Arts, and American Photography. His work can be viewed on his professional website (at http://www.artstreiber.com/).

12.     Williams + Hirakawa are a photography duo who teamed together in 2003. The collaboration of both of their artistic styles allows them to differentiate themselves from other

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

photographers by paying attention to the details and not to force their subjects into the picture. They've shot for clients such as Neiman Marcus, Target, *Vanity Fair*, *Rolling Stone*, *Vogue Japan, Interview*, Capital Records, and many more.  Their work can be viewed on their professional website at (https://www.williamshirakawa.com/wh2020/).

13.    Danielle Levitt is a photographer and film director who has two decades of work documenting celebrity, music, fashion, and art.  Ms. Levitt's unique ability to create connections has allowed her to break down barriers and exude agency and intimacy in her work.  Based in New York and Los Angeles, Ms. Levitt has strong cultural ties in both cities which impacts her projects, including her innovative process.  Ms. Levitt's work can be viewed on her professional website (at https://www.daniellelevitt.com/).

14.    Gavin Bond is a British-born photographer who captures the worlds of celebrity and fashion culture. He originally studied fashion design at Central Saint Martins but got his start in photography by capturing photographs during fashion runway shows. Today, Mr. Bond is most notable for his behind-the-scenes images of Victoria's Secret annual runway shows and awards ceremonies such as the Golden Globes. He is also well known for his candid portraits of actors and musicians ranging from George Clooney, Rihanna, and Jennifer Aniston, and he is a regular contributor to magazines such as *GQ*. Mr. Bond's work can be viewed on his professional website (at https://www.gavinbond.com/).

15.    Sebastian Kim, a native of Vietnam, was raised in Iran and France.  He launched his career assisting renowned photographer, Richard Avedon, where his introduction to portraiture taught him how to connect with his subject in order to tell their distinctive story. Broadening his skills, Mr. Kim went on to support distinguished fashion photographer, Steven Meisel. This experience helped him foster and define his individual vision of style and beauty.

Mr. Kim has worked with clients such as *Vogue, Interview, Time Magazine*, Gap, and *Harper's Bazaar* to name a few. His work can be viewed on his professional website (at http://www.sebastiankim.com/).

16.     Steven Pan, raised on the outskirts of Washington DC, relocated to New York City where he studied at the School of Visual Arts in Manhattan.  There, he learned the complexities of film and photography.  After graduation, Mr. Pan worked for distinguished photographer, Steven Meisel.  During this time under Meisel, he was able to cultivate his skills in lighting and photography. This ultimately led to Mr. Pan's opportunities to shoot for some of the most respected clients and publications, including The Gap, Jil Sander, *Interview* Magazine, Barneys, H & M, Calvin Klein, *Vogue Spain*, M Le Monde, Prada, *Vogue Japan*, Balenciaga, Jill Stuart, Derek Lam, *Vogue Australia*, Ralph Lauren, Tommy Hilfiger, *W* Magazine, and Hermes. Mr. Pan currently resides in New York.  His work can be viewed on his professional website at (https://talent.maworldgroup.com/photo-fashion/steven-pan).

17.     Martin Schoeller is a distinguished contemporary portrait photographer most known for his extreme close-up photographs. After studying photography at Lette-Verein in Berlin, he moved to New York in the 1990s and initiated his career. Mr. Schoeller's work soon gained respect for its robust visual impact and has contributed for over two decades to publications including *The New Yorker, TIME, Rolling Stone, Vanity Fair, National Geographic*, among others. He has won several accolades, markedly receiving acclaim for his Colin Kaepernick photograph in Nike's "Just Do It" campaign. Mr. Schoeller's work can be viewed on his professional website (at https://martinschoeller.com/).

**A.      The First Photograph**

18.     In 2016, Mr. Seliger took a professional black and white photograph of basketball

5

player Kevin Durant titled "AU2159141" (the "<u>First Photograph</u>"). A copy of the First Photograph is exhibited below:



19.     The First Photograph was registered by Mr. Seliger with the Register of Copyrights on April 21, 2017 and was assigned Registration No. VA 2-106-449. A true and correct copy of the Certification of Registration pertaining to the First Photograph is attached hereto as **<u>Exhibit "A."</u>**

20.     Mr. Seliger is the owner of the First Photograph and has remained the owner at all times material hereto. For all times relevant to this action, Plaintiff has been appointed as the exclusive licensing agent and publisher of all copyright rights in and to the First Photograph.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  <u>See</u> 17 U.S.C. § 501(b).

**B.      The Second Photograph**

21.     In 2017, Mr. Streiber took a professional photograph of actor Chadwick Boseman

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

titled "AU11169753" (the "Second Photograph").  A copy of the Second Photograph is exhibited below:



22.     The Second Photograph was registered by Mr. Streiber with the Register of Copyrights on October 21, 2019 and was assigned Registration No. VA 2-196-130. A true and correct copy of the Certification of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

C.     **The Third Photograph**

23.     In 2014, Mr. Streiber took a professional photograph of music producer and record executive Jimmy Iovine and rapper/music producer Andre Young, also known as Dr. Dre, titled "AU1399450" (the "Third Photograph").  A copy of the Third Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



24.     The Third Photograph was registered by Mr. Streiber with the Register of

Copyrights on June 20, 2014 and was assigned Registration No. VA 1-919-549. A true and

correct copy of the Certification of Registration pertaining to the Third Photograph is attached

hereto as **Exhibit "C."**

25.     Mr. Streiber is the owner of the Second Photograph and Third Photograph and has

remained the owner at all times material hereto. For all times relevant to this action, Plaintiff has

been appointed as the exclusive licensing agent and publisher of all copyright rights in and to the

Second Photograph and Third Photograph. As such, Plaintiff is entitled to institute and maintain

this action for copyright infringement.  See 17 U.S.C. § 501(b).

**D.     The Fourth Photograph**

26.     In 2018, Williams + Hirakawa took a professional photograph of actress Jane Fonda

and Black Lives Matter cofounder Patrisse Khan-Cullors, titled "AU11270423" (the "Fourth

Photograph").  A copy of the Fourth Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



27.     The Fourth Photograph was registered by Williams + Hirakawa with the Register of Copyrights on June 03, 2019 and was assigned Registration No. VA 2-153-055. A true and correct copy of the Certification of Registration pertaining to the Fourth Photograph is attached hereto as **Exhibit "D."**

28.     Williams + Hirakawa are the owners of the Fourth Photograph and have remained the owners at all times material hereto. For all times relevant to this action, Plaintiff has been appointed as the exclusive licensing agent and publisher of all copyright rights in and to the Fourth Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

**E.     The Fifth Photograph**

29.     In 2018, Ms. Levitt took a professional photograph of singer and songwriter Janelle Monae titled "AU11309300" (the "Fifth Photograph"). A copy of the Fifth Photograph is

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

exhibited below:



30.     The Fifth Photograph was registered by Ms. Levitt with the Register of

Copyrights on December 08, 2020 and was assigned Registration No. VA 2-227-692. A true

and correct copy of the Certification of Registration pertaining to the Fifth Photograph is

attached hereto as **Exhibit "E."**

31.     Ms. Levitt is the owner of the Fifth Photograph and has remained the owner at all

times material hereto. For all times relevant to this action, Plaintiff has been appointed as the

exclusive licensing agent and publisher of all copyright rights in and to the Fifth Photograph. As

such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17

U.S.C. § 501(b).

**F.      The Sixth Photograph**

32.     In 2018, Mr. Bond took a professional photograph of rapper Keyate Marshall, also

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

known as Quavo, titled "AU11208269" (the "<u>Sixth Photograph</u>").   A copy of the Sixth

Photograph is exhibited below:



33.   The Sixth Photograph was registered by Mr. Bond with the Register of

Copyrights on October 19, 2020 and was assigned Registration No. VA 2-229-374. A true and

correct copy of the Certification of Registration pertaining to the Sixth Photograph is attached

hereto as **<u>Exhibit "F."</u>**

34.   Mr. Bond is the owner of the Sixth Photograph and has remained the owner at all

times material hereto. For all times relevant to this action, Plaintiff has been appointed as the

exclusive licensing agent and publisher of all copyright rights in and to the Sixth Photograph.

As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.

<u>See</u> 17 U.S.C. § 501(b).

**G.     The Seventh Photograph**

35.     In 2015, Mr. Kim took a professional photograph of luxury fashion designer Virgil

Abloh titled "AU1993152" (the "Seventh Photograph").   A copy of the Seventh Photograph is

exhibited below:



36.     The Seventh Photograph was registered by Mr. Kim with the Register of

Copyrights on February 27, 2020 and was assigned Registration No. VA 2-198-311. A true and

correct copy of the Certification of Registration pertaining to the Seventh Photograph is

attached hereto as **Exhibit "G."**

37.     Mr. Kim is the owner of the Seventh Photograph and has remained the owner at

all times material hereto. For all times relevant to this action, Plaintiff has been appointed as the

exclusive licensing agent and publisher of all copyright rights in and to the Seventh Photograph.

As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.

See 17 U.S.C. § 501(b).

**H.     The Eighth Photograph**

38.     In 2016, Mr. Pan took a professional photograph of rapper Willie Junior Maxwell

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

II, also known as Fetty Wap, titled "AU11084393" (the "Eighth Photograph").  A copy of the Eighth Photograph is exhibited below:



39.    The Eighth Photograph was registered by Mr. Pan with the Register of Copyrights on October 21, 2020 and was assigned Registration No. VA 2-230-940. A true and correct copy of the Certification of Registration pertaining to the Eighth Photograph is attached hereto as **Exhibit "H."**

40.    Mr. Pan is the owner of the Eighth Photograph and has remained the owner at all times material hereto. For all times relevant to this action, Plaintiff has been appointed as the exclusive licensing agent and publisher of all copyright rights in and to the Eighth Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

I.      **The Ninth Photograph**

41.     In 2014, Mr. Schoeller took a professional close-up photograph of comedian Kevin Hart titled "AU1574768" (the "Ninth Photograph").  A copy of the Ninth Photograph is exhibited below:



42.     The Ninth Photograph was registered by Mr. Schoeller with the Register of Copyrights on February 5, 2021 and was assigned Registration No. VA 2-238-548. A true and correct copy of the Certification of Registration pertaining to the Ninth Photograph is attached hereto as **Exhibit "I."**

43.     Mr. Schoeller is the owner of the Ninth Photograph and has remained the owner at all times material hereto. For all times relevant to this action, Plaintiff has been appointed as the exclusive licensing agent and publisher of all copyright rights in and to the Ninth Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

44.     The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, and the Ninth Photograph are collectively referred to herein as the "Work."

## III.     Defendant's Unlawful Activities

45.     Defendant is the owner and operator of a radio station playing Hip Hop music in the Atlanta, GA area.

46.     Defendant advertises/markets its business primarily through its website (https://streetz945atl.com/) and social media pages (e.g. https://www.facebook.com/streetz945atl/, and https://twitter.com/streetz945atl).

47.     On August 16, 2017 (after Mr. Seliger's above-referenced copy registration of the First Photograph), Defendant published the First Photograph on its website in connection with an article titled "{Holiday Season Live} Kevin Durant "Bum A** ESPN…" (at https://streetz945atl.com/2017/08/16/holiday-season-live-kevin-durant-bum-a-espn/):



48.     On August 28, 2020 (after Mr. Streiber's above-referenced copy registration of the Second Photograph), Defendant published the Second Photograph on its website in connection with an article titled "Chadwick Boseman dies at 43 after 4-year fight with colon cancer" (at

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

https://streetz945atl.com/2020/08/28/chadwick-boseman-dies-at-43-after-4-year-fight-with-colon-cancer/):



49.    On December 9, 2016 (after Mr. Streiber's above-referenced copy registration of the Third Photograph), Defendant published the Third Photograph on its website in connection with an article titled "{Middays w/ Jazzy McBee} Dr. Dre and Jimmy Lovine Takes HBO Television Network!" (at https://streetz945atl.com/2016/12/09/middays-w-jazzy-mcbee-dr-dre-and-jimmy-lovine-takes-hbo-television-network/):



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

50.     On April 5, 2022 (after Williams + Hirakawa's above-referenced copy registration of the Fourth Photograph), Defendant published the Fourth Photograph on its Instagram page in connection with an post titled "BLM Founders Used Donations To Buy $6 Million Dollar Mansion" (at https://www.instagram.com/p/Cb_W5HkA4y-/):



51.     On December 1, 2021 (after Ms. Levitt's above-referenced copy registration of the Fifth Photograph), Defendant published the Fifth Photograph on its Instagram page in connection with a post overlayed with text that says "Happy Birthday Janelle Monae" (at https://www.instagram.com/p/CW8KSr3lena/):



52.     On May 22, 2022 (after Mr. Bond's above-referenced copy registration of the Sixth Photograph), Defendant published the Sixth Photograph on its Instagram page in

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

connection with a post overlayed with text promoting a show that rappers Quavo and Takeoff

will be performing (at https://www.instagram.com/p/Cd4cRWAOgM4/):



53.    On November 28, 2021 (after Mr. Kim's above-referenced copy registration of the

Seventh Photograph), Defendant published the Seventh Photograph on its website in connection

with an article titled    "Fashion designer Virgil Abloh dies of cancer at 41" (at

https://streetz945atl.com/2021/11/28/fashion-designer-virgil-abloh-dies-of-cancer-at-41/):



54.    On March 28, 2017 (before Mr. Pan's above-referenced copy registration of the

Eighth Photograph), Defendant published the Eighth Photograph on its website in connection

with an article titled "{Middays w/ Jazzy McBee} Fetty Wap Reportedly not Filing Police Report

Following Robbery!" (at https://streetz945atl.com/2017/03/28/middays-w-jazzy-mcbee-fetty-

wap-reportedly-not-filing-police-report-following-robbery/):



55. On March 27, 2017 (before Mr. Pan's above-referenced copy registration of the

Eighth Photograph), Defendant published the Eighth Photograph on its website in connection

with an article titled "{Streetz Morning Takeover} Fetty Wap Robbed and Shots Fired!" (at

https://streetz945atl.com/2017/03/27/streetz-morning-takeover-fetty-wap-robbed-and-shots-

fired/):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



56.   On November 3, 2017 (before Mr. Pan's above-referenced copy registration of the Eighth Photograph), Defendant published the Eighth Photograph on its website in connection with an article titled "{Middays w/Jazzy McBee} Fetty Wap Arrested?" (at https://streetz945atl.com/2017/11/03/middays-w-jazzy-mcbee-fetty-wap-arrested/):



57.   On August 10, 2017 (before Mr. Schoeller's above-referenced copy registration of the Ninth Photograph), Defendant published the Ninth Photograph on its website in connection

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

with an article titled "{Streetz Morning Takeover} Kevin Hart sued by fan who claims attacked!"

(at  https://streetz945atl.com/2017/08/10/streetz-morning-takeover-kevin-hart-sued-by-fan-who-claims-attacked/):



58.    A true and correct copy of screenshots of Defendant's website, webpage, and social media, displaying the copyrighted Work, is attached hereto as **Exhibit "J."**

59.    Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, social media, or for any other purpose.

60.    Defendant utilized the Work for commercial use – namely, in connection with the marketing of Defendant's business.

61.    Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

62.    Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work in May 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

63.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
***First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph***

64.     Plaintiff re-alleges and incorporates paragraphs 1 through 63 as set forth above.

65.     The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph are original works of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

66.     Mr. Seliger owns a valid copyright in the First Photograph, having registered the First Photograph with the Register of Copyrights.

67.     Mr. Streiber owns a valid copyright in the Second Photograph and Third Photograph, having registered the Second Photograph and Third Photograph with the Register of Copyrights.

68.     Williams + Hirakawa owns a valid copyright in the Fourth Photograph, having registered the Fourth Photograph with the Register of Copyrights.

69.     Ms. Levitt owns a valid copyright in the Fifth Photograph, having registered the Fifth Photograph with the Register of Copyrights.

70.     Mr. Bond owns a valid copyright in the Sixth Photograph, having registered the Sixth Photograph with the Register of Copyrights.

71.     Mr. Kim owns a valid copyright in the Seventh Photograph, having registered the Seventh Photograph with the Register of Copyrights.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

72.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph).

73.    As a result of Plaintiff's reproduction, distribution, and public display of the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph, Defendant had access to the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph, prior to its own reproduction, distribution, and public display of the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph, on its website, webpage, and social media.

74.    Defendant reproduced, distributed, and publicly displayed the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph without authorization from Plaintiff.

75.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph for its own commercial purposes.

76.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© Copyright Core Communicators Broadcasting, LLC. All Rights Reserved."), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the

photographs published on its website.  See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.'  By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet. Defendant (who is in the media business and posts many professional photographs on its website/social media) clearly understands that high-end photography such as the Work is not generally available for free or that such cannot simply be copied from the internet.

77.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

78.     Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the First Photograph, Second

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph, which amounts shall be proven at trial.

79.   Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

80.   Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

81.   Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.   Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

successors, affiliates, subsidiaries, and assigns, and all those in active concert and

participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights

or continuing to display, transfer, advertise, reproduce, or otherwise market any works

derived or copied from the First Photograph, Second Photograph, Third Photograph, Fourth

Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph or to participate

or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### *Eighth Photograph and Ninth Photograph*

82.    Plaintiff re-alleges and incorporates paragraphs 1 through 63 as set forth above.

83.    The Eighth Photograph and Ninth Photograph is an original work of authorship,

embodying copyrightable subject matter, that is subject to the full protection of the United States

copyright laws (17 U.S.C. § 101 *et seq.*).

84.    Mr. Pan owns a valid copyright in the Eighth Photograph, having registered the

Eighth Photograph with the Register of Copyrights

85.    Mr. Schoeller owns a valid copyright in the Ninth Photograph, having registered

the Ninth Photograph with the Register of Copyrights.

86.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has

sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing

agent with respect to the Eighth Photograph and Ninth Photograph).

87.    As a result of Plaintiff's reproduction, distribution, and public display of the Eighth

Photograph and Ninth Photograph, Defendant had access to the Eighth Photograph and Ninth

Photograph prior to its own reproduction, distribution, and public display of the Eighth

Photograph and Ninth Photograph on its website, webpage, and/or social media.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

88.    Defendant reproduced, distributed, and publicly displayed the Eighth Photograph and Ninth Photograph without authorization from Plaintiff.

89.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Eighth Photograph and Ninth Photograph for its own commercial purposes.

90.    Notably, Defendant itself utilizes a copyright disclaimer on its website ("© Copyright Core Communicators Broadcasting, LLC. All Rights Reserved."), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet. Defendant (who is in the media business and posts many professional photographs on its website/social media) clearly understands that high-end photography such as

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

the Work is not generally available for free or that such cannot simply be copied from the internet.

91.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

92.     Because the Eighth Photograph and Ninth Photograph were infringed upon prior to its registration, Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Eighth Photograph and Ninth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Eighth Photograph and Ninth Photograph, which amounts shall be proven at trial.

93.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Eighth Photograph and Ninth Photograph;

b.  An award of actual damages and disgorgement of profits as the Court deems proper.

c.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Eighth Photograph and Ninth Photograph or to participate or

assist in any such activity; and

e.  For such other relief as the Court deems just and proper.

## **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: April 18, 2023

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
james@copycatlegal.com

By: /s/ James D'Loughy, Esq.
      James D'Loughy, Esq.
      Georgia Bar No.: 202974