

| Atlanta Police Department Policy Manual | | Standard Operating Procedure |
|---|---|---|
| Effective Date November 5, 2018 | | APD.SOP.3010 Use of Force |
| Applicable To:  All sworn employees | | Review Due:  2022 |
| Approval Authority:  Chief Erika Shields | | |
| Signature: Signed by ES | | Date Signed:  11/05/2018 |

Table of Content

1. PURPOSE ..... 1

2. POLICY ..... 1

3. RESPONSIBILITIES ..... 1

4. ACTION ..... 2
4.1 Use of Force Generally ..... 2
4.2 Use of Deadly Force ..... 3
4.3 Medical Attention Required ..... 3
4.4 Lethal and Less Lethal Weapons ..... 3

4.5 Reporting Requirements ..... 4
4.6 Chain of Command Review ..... 5
4.7 Maintenance of Use of Force Reports ..... 5
4.8 Analysis of Use of Force Reports ..... 6

5. DEFINITIONS ..... 6

6. CANCELLATIONS ..... 7

7. REFERENCES ..... 7

1.      PURPOSE

The purpose of this directive is to establish the policy and procedure governing the use of force by employees of the Atlanta Police Department.

2.      POLICY

2.1     The Atlanta Police Department recognizes and respects the value of human life and the right of people to be secure in their persons and property. Sworn employees, who in the performance of their duties, encounter situations where the use of force reasonably appears necessary to affect an arrest or detention, overcome resistance, control a subject, or protect themselves or others from injury or death will only use that force which is reasonable and necessary in order to accomplish lawful objectives.

2.2     This policy and procedure is for the Atlanta Police Department's use only. The policies and procedures contained herein do not apply in any criminal or civil proceedings. If departmental policies and procedures are more stringent than legal standards as it concerns criminal or civil liability, they will not be construed as creating a higher legal standard of safety to care by which an employee is to be bound in an evidentiary sense with respect to claims by others involving criminal or civil liability. The violation of this policy and procedure will subject employees to departmental administrative disciplinary action only and cannot form the basis for any civil and/or criminal action.

3.      RESPONSIBILITIES

3.1     Division, section, and unit commanders are responsible for ensuring that all employees within their chain of command comply with the requirements of this directive.

3.2     Supervisors are responsible for ensuring compliance with this directive and submitting the required use of force documentation to the Central Records Unit.

EXHIBIT

2

exhibitsticker.com



ATLANTA POLICE DEPARTMENT POLICY MANUAL
APD.SOP.3010
Use of Force



3.3     All employees are responsible for complying with the requirements of this directive.

3.4     The Central Records Unit will be the central repository for Use of Force reports.

3.5     The Training Section will review all use of force reports and also maintain records of the issuance of the department's use of force policy to employees.

3.6     The Office of Professional Standards (OPS) will investigate suspected employee work rule violations arising out of an employee's use of force in accordance with APD.SOP.2020 "Disciplinary Process."

4.      ACTION

4.1     Use of Force Generally
        (CALEA 6th ed. Standard 4.1.1; 4.1.3; 4.2.3)

4.1.1   Employees are expressly prohibited from the unnecessary or unreasonable use of force against any person or property.

4.1.2   Employees will only use that force which is reasonable and necessary to affect an arrest, prevent an escape, necessarily restrict the movement of a prisoner, defend the officer or another from physical assault, or to accomplish other lawful objectives.

4.1.3   Employees will only use city-issued and/or authorized lethal and less lethal weapons and ammunition. These weapons will be used in a manner consistent with established federal and state guidelines governing the use of force. (O.C.G.A 16-3-21)

4.1.4   In emergency situations or under exigent circumstances where it is immediately necessary to use force to prevent serious bodily injury or death, and city-issued and/or authorized lethal or less lethal weapons are inoperable, inaccessible, or otherwise not available or effective, employees may use any object or weaponless control techniques available.

4.1.5   Employees whose use of force results in death or serious physical injury will be placed on Force Usage Review Assignment. (See APD.SOP.2020 "Disciplinary Process")

4.1.6   Warning shots, or the discharging of a firearm to caution or deter a specified and undesirable course of action, are prohibited due to the potential for harm.

4.1.7   Employees will not use neck restraints, carotid artery holds, or other weaponless control techniques that are not taught or approved by the department due to the potential for serious injury or death; unless they are in an emergency situation or under exigent circumstances where it is immediately necessary to use force to prevent serious bodily injury or death and city-issued and/or authorized lethal or less lethal weapons are inoperable, inaccessible, or otherwise not available or effective.

4.1.8   All department sworn personnel who carry less lethal or lethal weapons are required to receive annual in-service training on the department's use of force policies.  The annual in-service training on the department's use of force policies must be documented and the curriculum shall cover weaponless control techniques. (State Law Enforcement Certification Program, 5th Edition standards, 1.14; and CALEA 6th ed., Standard 4.3.3)

 

ATLANTA POLICE DEPARTMENT POLICY MANUAL
APD.SOP.3010
Use of Force

4.2     Use of Deadly Force
        (CALEA 6th ed. Standard 4.2.1)

        An employee may use deadly force to apprehend a suspected felon only when:

        1.    He or she reasonably believes that the suspect possesses a deadly weapon or any object,
              device, or instrument which, when used offensively against a person, is likely to or actually
              does result in serious bodily injury and when he or she reasonably believes that the suspect
              poses an immediate threat of serious bodily injury to the officer or others; or

        2.    When there is probable cause to believe that the suspect has committed a crime involving
              the infliction or threatened infliction of serious physical harm (O.C.G.A. Section 17-4-20) and
              the employee reasonably believes that the suspect's escape would create a continuing
              danger of serious physical harm to any person.

4.3     Medical Attention Required
        (CALEA 6th ed. Standard 4.1.5)

4.3.1   Employees will make appropriate medical aid and/or assistance available to all persons who
        have a physical injury or when injury is likely to have occurred due to an employee's use of force.

4.3.2   Medical aid and/or assistance will be provided in a timely manner or as soon as practical without
        further endangering the employee or others.

4.3.3   In officers' incident report, they shall write in detail the requested medical aid and/or assistance
        available to all persons who have sustained a physical injury occurring as a result of an
        employee's use of force. (APD. SOP.3060 "Reports and Report Writing")

4.4     Lethal and Less Lethal Weapons
        (CALEA 6th ed. Standards 4.1.4; 4.3.1, 4.3.2, 4.3.3, and 4.3.4)

4.4.1   Employees will only be allowed to carry and use city issued and/or authorized lethal and less
        lethal weapons after demonstrating proficiency in their use; including, but not limited to the
        following: achieving minimum qualifying scores on a prescribed course or test; attaining and
        demonstrating a knowledge of the laws concerning the use of authorized weapons and
        knowledge of departmental policy on the use of force, escalating force, and deadly force; and
        being familiar with safe handling procedures of these weapons. Employees, while engaged in
        law enforcement responsibilities with the Atlanta Police Department, will not carry or use
        unauthorized lethal and/or less lethal weapons while on or off duty.

4.4.2   All employees authorized to carry and use city-issued and/or authorized firearms will (on at least
        an annual basis) receive in-service training on the department's use of deadly force policy and
        demonstrate proficiency with all approved firearms that the employee is authorized to use. A
        Peace Officer Standards and Training Council (P.O.S.T.) certified weapons instructor will monitor
        firearm proficiency training. The Training Section will maintain documentation of firearm
        proficiency. (State Law Enforcement Certification Program, 5th.ed. Standard 1.15)

4.4.3   All employees authorized to carry and use city-issued and/or authorized less lethal weapons will
        (on at least an annual basis) receive training and demonstrate proficiency on the use of all
        approved less lethal weapons that the employee is authorized to use. (State Law Enforcement
        Certification Program, 5th.ed. Standard 1.14)



ATLANTA POLICE DEPARTMENT POLICY MANUAL
APD.SOP.3010
Use of Force



4.4.4   Employees who are unable to qualify with authorized lethal or less lethal weapons, and fail to meet minimum POST standards, must successfully complete remedial training prior to resuming official law enforcement duties.

4.4.5   All employees authorized to carry and use city-issued and/or authorized lethal and less lethal weapons will be issued a copy of the department's use of force policy prior to being issued such weapon(s). The issuance and instruction of the department's use of force policy must be documented. Training Section shall maintain such documentation.

4.5     Reporting Requirements
        (CALEA 6th ed. Standard 4.2.1)

4.5.1   Any employee who discharges a city-issued or approved firearm for any reason other than for training purposes or target practice at an established firing range is required to immediately notify his or her supervisor.

    1.  An incident report describing the incident must be completed and submitted prior to the end of that employee's tour of duty.

    2.  If the incident occurs off duty and outside the city's jurisdiction, an incident report describing the incident must be completed and submitted the next day the employee reports for duty.

4.5.2   Any employee who applies force or takes an action that results in, or is alleged to have resulted in, the physical injury or death of another person is required to immediately notify his or her supervisor. An incident report describing the incident must be completed and submitted prior to the end of that employee's tour of duty.

4.5.3   Any employee who applies force through the use of lethal or less lethal weapons is required to immediately notify his or her supervisor. An incident report describing the incident must be completed and submitted prior to the end of that employee's tour of duty.

4.5.4   Any employee who applies weaponless control techniques to the extent that it is likely to cause or lead to physical injury, a claim of injury, or an allegation of excessive force is required to immediately notify his or her supervisor. An incident report describing the incident must be completed and submitted prior to the end of that employee's tour of duty. This does not require reporting the use of techniques that have little or no chance of producing injuries when gaining control over, subduing non-compliant or resisting persons when no injury results. These techniques include, but are not limited to: physical touching, holding, frisking, come-along, handcuffing, or other custodial procedures.

4.5.5   Any employee who applies intentional force against property that results in damage to that property is required to immediately notify his or her supervisor. An incident report describing the incident must be completed and submitted prior to the end of that employee's tour of duty.  The supervisor is required to complete a Use of Force report. In instances whereby more than one officer intentionally utilizes force against one's property which results in damage to that that property, all involved officers shall be listed on the incident report and the use of force report.

4.5.6   Employees who are off duty and use force while acting in a law enforcement capacity as outlined in sections 4.5.1 through 4.5.5 must immediately contact an on-duty supervisor in the zone of occurrence. An incident report describing the incident must be completed and submitted at that time.



ATLANTA POLICE DEPARTMENT POLICY MANUAL
APD.SOP.3010
Use of Force



4.5.7   Employees who are working extra jobs and use force as defined in sections 4.5.1 through 4.5.5 must immediately contact an on-duty supervisor in the zone of occurrence.  An incident report describing the incident must be completed and submitted at that time.  The responding supervisor will complete a Use of Force Report (Form APD 809).

4.5.8   Employees will use the pull-in code of "17F" after all incidents requiring the use of force.  The supervisor completing the Use of Force report will verify with radio that the "17F" pull-in was used.

4.5.9   The communications dispatcher will record in the call narrative which supervisor verified the use of the "17F" pull-in.

4.5.10  In instances whereby an employee is injured or otherwise unable to complete an incident report, as outlined in section 4.5 of this directive, his or her supervisor will complete that report.  Whereby the employee's supervisor is unavailable, the on-duty supervisor will complete the report.  When, and if able to do so, the employee shall complete and submit a follow-up supplemental incident report detailing their use of force.

4.6     Chain of Command Review
        (CALEA 6th ed. Standard 4.2.2)

4.6.1   The employee's supervisor must report to the scene of any incident defined in sections 4.5.2 through 4.5.5.

4.6.2   An on-duty supervisor will report to the scene of any incident described in sections 4.5.6 and 4.5.7.

4.6.3   The employee's supervisor will assist the officer as necessary and will investigate the employee's use of force.

4.6.4   The responding supervisor must complete a Use of Force Report (Form APD 809) on any incident defined in sections 4.5.2 though 4.5.7 before the end of that tour of duty.  A hard copy of this form will be forwarded to the Central Records Unit through one's chain of command.

4.6.5   Supervisors will be responsible for initiating an investigation of suspected employee work rule violations arising out of an employee's use of force.  The Office of Professional Standards will investigate suspected employee work rule violations arising out of an employee's use of force in accordance with APD.SOP.2020 "Disciplinary Process."

4.7     Maintenance of Use of Force Reports

4.7.1   The Central Records Unit will receive all Use of Force Reports (Form APD 809) and immediately assign a control number to received reports.

4.7.2   The Central Records Unit will keep all Use of Force Reports on file for five years.

4.7.3   The Central Records Unit will make copies of Use of Force Reports and forward copies to:

        1.   The appropriate division commander;

        2.   The appropriate section commander;



ATLANTA POLICE DEPARTMENT POLICY MANUAL
APD.SOP.3010
Use of Force



    3.   The Office of Professional Standards;

    4.   The Training Section; and

    5.   The Planning and Research/Accreditation Unit (PRAU).

4.8    Analysis of Use of Force Reports
(CALEA 6th ed. Standard 4.2.4)

4.8.1    The Training Section will conduct an annual analysis of all use of force reports filed to determine if any patterns or trends in the use of force exist within the department that would affect the training needs of employees, equipment issued to employees, or departmental policy and procedure. Copies will be provided to the Chief of Police, the Office of Professional Standards, the Planning and Research/Accreditation Unit, and the City of Atlanta Law Department. Copies of this report will be kept on file for five years by the Training Section.

4.8.2    The Training Unit will refer any employee work rule violations to the Office of Professional Standards.

4.8.3    The Communications Section will produce a monthly list of all incidents with a "17F" pull-in and forward that list to the Office of Professional Standards, the Training Section, and the Planning and Research/Accreditation Unit (PRAU).

5.    DEFINITIONS

5.1    <u>Authorized weapon</u>:  a lethal or less lethal tool or instrument approved or issued by the Department for official use by employees.

5.2    <u>Deadly force</u>:  that amount or degree of force that is likely to cause or actually results in, death or serious physical injury.

5.3    <u>Lethal weapon</u>:  a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious physical injury or anything that in the manner of its use or intended use can cause death or serious physical injury.

5.4    <u>Less lethal weapon</u>:  any weapon or instrument used as a weapon that is not manifestly designed, made, or adapted for the purpose of inflicting death or serious physical injury. These specifically include OC spray and expandable baton (ASP).

5.5    <u>Physical injury</u>:  visible impairment of physical condition or the complaint of physical pain.

5.6    <u>Reasonable</u>:  the reasonableness inquiry refers to whether officer's actions are "objectively reasonable" in light of the facts and circumstances confronting him or her, without regard to their underlying intent or motivation. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, and its calculus must embody an allowance for the fact that police officers are often forced to make split second decisions about the amount of force necessary in a particular situation (Graham v. Connor, 490 U.S. 386 (1989) pp. 396-397). Reasonableness, in analyzing the use of force, is not capable of precise definition or mechanical application. In determining whether an employee's use of force is reasonable in a particular case, it is necessary to evaluate the facts and circumstances confronting the employee at the time force was administered. All of the surrounding circumstances will be considered, including but not limited to whether the subject against whom force was used posed an

 

ATLANTA POLICE DEPARTMENT POLICY MANUAL
APD.SOP.3010
Use of Force

immediate threat to the safety of the employee or others, the severity of the crime in question, and whether the subject actively resisted or attempted to flee. The evaluation of an employee's use of force will be undertaken from the perspective of a reasonable officer present on the scene. The central inquiry in every use of force case is whether or not the amount of force applied was objectively reasonable in light of the particular circumstances perceived by the employee.

5.7     Serious physical injury:  a bodily injury that creates a substantial risk of death; causes serious, permanent disfigurement; or results in long-term loss or impairment of the functioning of any bodily member or organ.

5.8     Weaponless Control Techniques:  Any touching or handling of an individual in order to overcome resistance and establish control.

6.      CANCELLATIONS

        APD.SOP.3010 "Use of Force" revised October 30, 2013.

7.      REFERENCES

        APD.SOP.2010 "Work Rules"
        APD.SOP.2020 "Disciplinary Process"
        APD.SOP.2060 "Extra Jobs"
        APD.SOP.3040 "Weapons"
        APD.SOP.3060 "Reports and Report Writing"
        APD FORM 809 "Use of Force Report"

        Commission on Accreditation for Law Enforcement Agencies (CALEA 6th ed. Standards 4.1.1; 4.1.2; 4.1.3; 4.1.4; 4.1.5; 4.2.1; 4.2.2; 4.2.3; 4.3.1; 4.3.2; 4.3.3; 4.3.4; 4.2.4)

        State Law Enforcement Certification Program, 5th ed. Standards, 1.14, 1.15

        Georgia Criminal Code 17-4-20 (b)

        Graham v. Connor, 490 U.S. 386 (1989)