## ATLANTA POLICE DEPARTMENT
## ADVERSE ACTION CONTINUATION
**NOTICE OF FINAL ADVERSE ACTION**    **OPS CONTROL 20-I-0270-PS**

| NAME (LAST, FIRST, MI) | 4 DIGIT ID | POSITION # | CLASSIFICATION |
|---|---|---|---|
| ROLFE, GARRETT | 6400 | | OFC |

### NARRATIVE (REASONS FOR EMERGENCY ACTION)
**GENERALLY:** You are charged with violating Rule 4.2.50 of the Employee Work Rules of this Department. Said Rules states:

<u>Maltreatment or Unnecessary Force</u>

1. Employees are expressly prohibited from the unnecessary or unreasonable use of force against any person or property

2. Employees shall only use that force which is reasonable and necessary to affect an arrest, prevent an escape, necessarily restrict the movement of a prisoner, defend himself or another from physical assault, or to accomplish other lawful objectives. The reasonableness inquiry refers to whether the employee's actions are "objectively reasonable" in light of the facts and circumstances confronting him or her, without regard to their underlying intent or motivation. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, and its calculus must embody an allowance for the fact that police officers are often forced to make split second decisions about the amount of force necessary in a particular situation (Graham v. Connor, 490 U.S. 386 (1989).

**SPECIFICALLY:** On June 12, 2020, Officer D. Brosnan was dispatched and responded to 125 University Ave. SW (Wendy's Restaurant) regarding a male asleep in his vehicle in the drive-thru. Upon his arrival, he observed Mr. Ray Shard Brooks asleep in the drivers' seat. Officer Brosnan suspected Mr. Brooks of being under the influence of alcohol and requested your assistance on the scene. Upon your arrival, you administered a field sobriety test to Mr. Brooks. Upon completion of the test, you attempted to handcuff Mr. Brooks, who resisted, and a struggle ensued causing you, Officer Brosnan and Mr. Brooks to fall to the ground. Mr. Brooks was able to break free while also taking Officer Brosnan's Conducted Energy Weapon "CEW" and fleeing on foot. You chased Mr. Brooks and deployed your CEW. While still pursuing Mr. Brooks, he deployed Officer's Brosnan's CEW at you, after which you fired three (3) rounds from your city issued handgun striking Mr. Brooks two (2) times.

Your use of force in this instance was in violation of the above referenced work rule. Your use of deadly force to prevent the escape of Mr. Brooks was unreasonable. Your use of deadly force was not objectively reasonable in light of the facts confronting you. Mr. Brooks fleeing away from you; and at the distance he was from you, you could not reasonably believe that to use deadly force against Mr. Brooks was reasonable or necessary to defend yourself or another from physical assault.

Your actions in the aforementioned instances are contrary to APD.SOP. 2010 Work Rules, Section 4.2.50 Maltreatment or Unnecessary Force.

**YOUR ACTIONS AS DESCRIBED ABOVE ARE IN VIOLATION OF THE LISTED RULE (S).**

---

Chief E. Shields
TITLE AND NAME OF DISCIPLINARY AUTHORITY

DISCIPLINARY AUTHORITY SIGNATURE AND DATE    6/13/20

*Employee did not attend*
EMPLOYEE'S SIGNATURE & DATE (Indicates receipt ONLY not agreement with action)

WITNESS SIGNATURE AND DATE    6.11.2020

Form APD-834 revised 1/1/2000

P- _____ - _____ - _____

Original to OPS; photocopy: to employee; to employee's supervisor; to Personnel and Human Resources; to Personnel Section (2) & to Chief of Police

**EXHIBIT 3**

# ATLANTA POLICE DEPARTMENT
## NOTICE OF PROPOSED ADVERSE ACTION (NPAA)
### OPS CONTROL #: 20-I-0270-PS

| NAME (LAST, FIRST, MI) | 4 DIGIT ID | POSITION # | CLASSIFICATION | DIVISION | SECTION | WATCH |
|---|---|---|---|---|---|---|
| ROLFE, GARRETT | 6400 | | OFC | CSD | SOS | HITT |

| EMPLOYEE STATUS | PERSONNEL ORDER # | DISTRIBUTION | EMERGENCY ACTION? |
|---|---|---|---|
| PERMANENT [X]  PROBATION [ ]  OTHER [ ] | APD.PO.20.163 | 7 | YES [X]   NO [X] |

____ Suspension without pay for _____ working days.
____ Suspension without pay pending adjudication of criminal charges.
____ Demotion from _____ to _____
XXX Dismissal
____ Other _____

Date NPAA Issued: 6·13·20
Effective Date of Action: 6·14·20

## NARRATIVE (Reasons for Adverse/Emergency Action)

The specific disciplinary action proposed for each Departmental work rule or other violation you are charged with is as follows:

| RULE VIOLATION | DISCIPLINARY ACTION |
|---|---|
| 4.2.50 **Maltreatment or Unnecessary Force** | DISMISSAL |

*See attached page(s) for the specifics of the violation(s).*

**TO EMPLOYEE:** If you choose to respond to this notice, you have a right to one or both of the following:

1. You may make a written response which must be received by the Disciplinary Authority named below by on 6/13/20 a 4:45pm
2. You may appear personally before the Disciplinary Authority named below on 6/13/20 at 4:45pm At his/her office to present an oral and/or written response. You may have a representative with you at this meeting. Prior to the time set for your meeting with the Disciplinary Authority you may request to reschedule the appointment by calling him or her at: 404-546-6900

The granting of such a request is at the discretion of the disciplinary authority.

**Chief E. Shields**

TITLE AND NAME OF DISCIPLINARY AUTHORITY (PRINT OR TYPE NAME)

Employee did not attend

DISCIPLINARY AUTHORITY'S SIGNATURE AND DATE: 6.11.2020

EMPLOYEE SIGNATURE & DATE (Indicates receipt ONLY not agreement with action)   WITNESS SIGNATURE AND DATE

P - ____ - ____ - ____

Original to OPS; photocopy: to employee; to employee's supervisor; to Personnel and Human Resources; to Personnel Section (2) & to Chief of Police

APD-832 revised 1/1/2000