**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| METROPOLITAN ATLANTA | ) | |
| RAPID TRANSIT AUTHORITY, | ) | |
| a/k/a MARTA | ) | |
|      Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. _____ |
| | ) | |
| SARA CHESHIRE | ) | |
| d/b/a MARTA GUIDE | ) | **JURY DEMAND** |
|      Defendant. | ) | |
| _____ | ) | |

## **COMPLAINT**

Plaintiff Metropolitan Atlanta Rapid Transit Authority ("***MARTA***" or "***Plaintiff***") hereby states its complaint against Defendant Sara Cheshire d/b/a MARTA Guide ("***Defendant***" or "***Cheshire***") as follows:

### **Introduction**

1.

This is an action for infringement of registered trademarks in violation of the Lanham Act, 15 USC § 1116, false designation of origin, association, affiliation, sponsorship and/or endorsement in violation of the Lanham Act, 15 USC § 1125(a), and for violation of the Anti-cybersquatting Consumer Protection Act (ACPA), 15 USC § 1125(d). MARTA should be granted monetary damages (including statutory

1

damages), treble damages, disgorgement of Defendant's profits, the cost for MARTA to disseminate corrective advertising, and attorney's fees and costs for intentional and willful infringement. MARTA is also entitled to injunctive relief prohibiting Defendant from using the name MARTA Guide, the <martaguide.com> domain name and MARTA Guide social media handles, and any of MARTA's trademarks, an order directing the transfer to MARTA of the <martaguide.com> domain and any other domains containing "marta" registered by Defendant, and an order requiring the destruction of all infringing materials, including but not limited to Defendant's "MARTA Guide" website and social media pages.

2.

Defendant, Sara Cheshire, is deceptively doing business as "MARTA Guide", including through her registration and use of the domain name <martaguide.com> and "MARTA Guide" social media handles, and her related website and social media pages. Defendant is unlawfully impersonating MARTA and otherwise creating confusion for her own profit, infringing on MARTA's registered trademarks, falsely passing herself off as MARTA or as being associated with, affiliated with, sponsored by, and/or endorsed by MARTA when she is not, and cybersquatting. MARTA has demanded Defendant cease her unlawful activities, but

Defendant has ignored MARTA and willfully continues to confuse consumers through her unauthorized use of the MARTA name and trademarks.

## Parties

3.

Plaintiff Metropolitan Atlanta Rapid Transit Authority or MARTA is a public body created by the State of Georgia's Metropolitan Atlanta Rapid Transit Authority Act of 1965. MARTA's principle place of business is located at 2424 Piedmont Road, NE, Atlanta, Georgia 30324.

4.

Defendant Sara Cheshire ("***Defendant***" or "***Cheshire***") is doing business under the fraudulent and deceptive business name "MARTA Guide" and/or "martaguide.com". Upon information and belief, Cheshire was a resident of Atlanta, Georgia until recently, and currently resides at 1124 Sunset Drive, Anderson, Indiana 46011 and/or uses that address as her MARTA Guide business address. Defendant may be served with process at this address, or as an alternative means of service, may be served with process via email at saracheshire@gmail.com and martaguide@gmail.com.

5.

Upon information and belief, Cheshire is responsible for the MARTA Guide website and social media pages that are the subject of this action, and is the registrant of the <martaguide.com> domain name. Upon information and belief, Cheshire registered the <martaguide.com> domain name using an anonymous registration service. (Exhibit 1.) MARTA has since learned the registrant information provided by the registrant for the <martaguide.com> domain name is:

Sara Cheshire
1124 Sunset Drive
Anderson, Indiana 46011
(770) 331-5431
saracheshire@gmail.com.

## **Jurisdiction and Venue**

6.

Upon information and belief, Defendant was a resident of Atlanta, Georgia for over twenty years, and either remains an Atlanta resident or only recently left the area.

7.

Defendant markets and sells products and/or services in Georgia and actively solicits business in Georgia and within this judicial district. (*See* Exhibit 2 at Tabs D & E.) Furthermore, Defendant's MARTA Guide website and social media pages

are comprised of content specific to Atlanta, Georgia, target MARTA and passengers and other consumers of MARTA's services, and Defendant's website contains paid placement advertising – which, upon information and belief, Defendant solicits in the greater Atlanta metropolitan region, including from advertisers based in or otherwise conducting business in the Atlanta area. (*See id.*) The Court therefore has personal jurisdiction over Defendant.

8.

This Court has jurisdiction over the subject matter of this action pursuant to 15 USC §§ 1116, 1125(a) & 1125(d) and 28 U.S.C. §§ 1331 & 1338.

9.

Jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant has sufficient contacts with Georgia to subject it to personal jurisdiction, and because a substantial part of Defendant's actions giving rise to MARTA's claims occurred within this District and the injury to MARTA occurs within this District.

## **MARTA and the MARTA Trademarks**

10.

MARTA oversees and operates the multi modal public transit system for the Greater Metropolitan Atlanta area and has done so for over 50 years. This includes

the MARTA rapid rail line and bus systems, which have numerous routes, stops and stations throughout the greater Atlanta area.

11.

MARTA is also responsible for driving economic development in the communities in and around Atlanta to build walkable, livable communities that have everything passengers might need within walking distance from a MARTA station or stop.

12.

MARTA has developed and used a number of trademarks, including word and logo marks, in connection with its operations over the last five decades, which it uses to identify, promote and provide its transportation related services. These marks are recognized as uniquely representing MARTA, the MARTA brand, MARTA's services and the high quality and reputation of MARTA.

13.

MARTA has used the word and stylized versions of "MARTA", and its distinct orange, yellow and blue banner logo, since at least 1973, and owns the common law and federally registered rights in these marks (the "***MARTA Marks***").

14.

On August 2, 2016, the United States Patent and Trademark Office issued to MARTA U.S. Trademark Registration No. 5,011,587 for **marta** ® and U.S. Trademark Registration No. 5,011,589 for **marta** ®, both for "transportation of passengers by paratransit vehicle, bus and rail." True and correct copies of these registration certificates are attached as Tab A to Exhibit 2.

15.

Each of the registrations for the MARTA Marks are incontestable and give MARTA the exclusive nationwide rights in the marks. *See* 15 U.S.C. §§ 1115(a)-(b), 1057(b) and 1065. Further, the registrations attached as Tab A to Exhibit 2 are conclusive evidence of the validity of the MARTA Marks, of MARTA's ownership of these marks, and of MARTA's exclusive rights to use these marks in connection with the goods and services identified. *See* 15 U.S.C. § 1115(a).

16.

MARTA provides public transportation and related services for millions of passengers throughout the Greater Atlanta area, both residents and visitors alike. As part of these services, MARTA has developed its official website, informational videos, and mobile applications, among other things, to provide accurate, reliable and useful information to the public and to MARTA passengers and potential

passengers about the various services and available transportation MARTA provides. This includes the official MARTA website at www.itsmarta.com, MARTA's YouTube page at https://www.youtube.com/@MARTAtransit, and the official MARTA mobile apps named "MARTA On the Go", "Breeze Mobile", and ""MARTA See & Say." (*See* Exhibit 3 & Exhibit 2 at Tab C.) MARTA uses its trademarks in connection with each of these offerings, and the MARTA trains, buses, stations, and stops are all conspicuously branded with the MARTA Marks.

17.

For example, the official MARTA website (www.itsmarta.com) provides a wide array of information to the public and to passengers who use MARTA's public transportation services. This includes detailed information about MARTA's: rail line system, train stations and schedules; bus routes and schedules; fares; the Breeze® cards and tickets (which are used to pay fares in the MARTA system)[1]; reference guides and rider guides; parking; real-time information about current train arrival times by station; service alerts for the MARTA buses, trains, and streetcar; information about and links to download the official MARTA mobile apps; and links

---

[1] MARTA also owns incontestable U.S. Trademark Registration Nos. 3,134,045 and 3,134,044 for the BREEZE word mark and logo mark for its stored value cards and smart cards used for ticketing and for making purchases within the MARTA system. (Ex. 2 at Tab B.)

to MARTA's online platform for passengers to manage their Breeze® cards (accessible online at www.breezecard.com). The MARTA website also provides information about restaurants, entertainment and recreational venues, historical sites, tourist attractions, and other activities, events, and venues located near MARTA train stations and bus stops. And the MARTA website links to MARTA's YouTube channel, which publishes a number of official MARTA videos providing even more information about MARTA and its transportation system and services. True and correct copies of screenshots from MARTA's website are attached as Exhibit 3.

18.

MARTA's trademarks, service marks, name, brand and intellectual property rights are important assets of MARTA. These marks are distinctive and well-known, the MARTA name and trademarks are associated with the official business of MARTA, and the MARTA name and trademarks serve as the primary indicator of official MARTA services, vehicles, locations, and that MARTA is the source of official notices and information concerning the MARTA transportation system and related services.

**Defendant's Unauthorized Business and Impersonation of MARTA**

19.

Defendant is engaged in a commercial business identifying itself as "MARTA Guide." However, Defendant is not associated, affiliated or connected with MARTA, MARTA has not authorized Defendant to use any of MARTA's trademarks or other intellectual property or materials, and MARTA has not otherwise endorsed or sponsored Defendant or its business. Nevertheless, Defendant is impersonating MARTA for its own pecuniary gain.

20.

As part of her "MARTA Guide" business, Defendant registered and uses the internet domain name <martaguide.com> to publish a website through which it impersonates MARTA ("*MARTA Guide Website*"). True and correct copies of screenshots from Defendant's MARTA Guide Website are attached as Tab D to Exhibit 2. Defendant has cloaked her identity by registering the <martaguide.com> domain name using an anonymous registration service. (Ex. 1.)

21.

Defendant similarly operates as "MARTA Guide" on various social media platforms, including the "MARTA Guide" pages on Facebook, Twitter, Instagram,

and Pinterest ("***Social Media Pages***") and has registered and uses the following social media handles on the Social Media Pages:

Facebook    "MARTA Guide" / "martaguideatlanta"

Twitter      "MARTA Guide" / "@MARTAGuide"

Instagram    "MARTA Guide" / "martaguide"

Pinterest     "MARTA Guide" / "@martaguide"

True and correct copies of screenshots of excerpts from Defendant's Social Media Pages are attached as Tab E to Exhibit 2. Defendant also uses the email address "martaguide@gmail.com." (*See* Ex. 2 at Tab E, p. 1.)

22.

Defendant's MARTA Guide Website purports to provide similar information as the official MARTA website. (*Compare* Exhibit 2 at Tab D *with* Exhibit 3.) Defendant, however, does not disclose her or her business' true identity on the MARTA Guide Website; instead, Defendant conspicuously identifies herself and her business as "MARTA Guide" and uses the MARTA Marks to identify herself and her business. (Ex. 2 at Tab D.) For example, Defendant's Website prominently uses the MARTA Marks as part of the header on the Website pages as shown below:



(*Id.* at pp. 1, 6, 9, 13, 30, 37, 44, 48, 51, 55, 59.) Defendant's MARTA Guide Website also uses MARTA's distinctive orange, yellow, and blue banner logo ( ) to identify neighborhoods, apartments, hotels, attractions, and stores near MARTA rail line stations. (*Id.* at pp. 10-47.) Defendant's MARTA Guide Website also reproduces and publishes one of MARTA's rail line maps and other MARTA materials, including several of MARTA's informational videos. (*Id.* at pp. 7, 56, 60, 63.)

23.

Defendant's MARTA Guide Website also includes active links to MARTA's official website, including MARTA's main website page (www.itsmarta.com) and MARTA's webpages for the MARTA On the Go app, reduced fare program, group discounts, mobility services, University Pass Program, Students Program,

Partnership Program and MARTA's Breeze Card website, among others. (Ex. 2 at Tab D, pp. 49, 52-54; *see also* Ex. 2 at Tab F.)

24.

Defendant likewise does not disclose the her true identity or the true identity of her business on the Social Media Pages, but conspicuously identifies herself as "MARTA Guide" and uses the MARTA Marks to identify herself and her business. (Ex. 2 at Tab E.) Defendant's Social media Pages also include images of one of MARTA's rail line maps and of other official MARTA materials, including photos of MARTA trains and MARTA signs. (*Id.*) Defendant's Social Media Pages also include active links to, and list the <martaguide.com> domain name, for Defendant's MARTA Guide Website.  (*Id.*).

25.

Defendant is using the MARTA Marks, and the reputation of MARTA, the MARTA services, and MARTA's trademarks for Defendant's own financial gain and profit, and to drive Internet traffic to Defendant's MARTA Guide Website at the <martaguide.com> domain name. For example, Defendant's MARTA Guide Website is used for paid placement advertising, with such paid advertisements framing the right side and bottom of the content on the website pages. (*See* Ex. 2 at Tab D.) Upon information and belief, the links to Defendant's MARTA Guide

Website on Defendant's Social Media Pages are intended to drive traffic to the website to increase the revenues from the paid placement advertising.

### **Likelihood of Confusion**

26.

The MARTA Marks are strong, distinctive marks.

27.

Defendant's "MARTA Guide" name (and variations thereof) and <martaguide.com> domain are confusingly similar to "MARTA" and the MARTA Marks.

28.

Defendant is using the "MARTA Guide" name, variations thereof, and the <martaguide.com> domain to provide information about MARTA and MARTA's services, including the same types of information that MARTA provides through MARTA's official resources, including MARTA's official website.

29.

Defendant is targeting MARTA's actual and potential customers and attempting to divert them from MARTA's official website to Defendant's MARTA Guide Website and/or Social Media Pages.

30.

Defendant uses the same trade channels as MARTA, including the Internet and social media.

31.

Defendant has adopted and used the "MARTA Guide" name and variations thereof, and registered and used the <martaguide.com> domain, in bad faith with the intent to profit from and trade off the goodwill and reputation of MARTA and the MARTA Marks. This includes Defendant's bad faith intent to divert consumers and Internet traffic to Defendant's MARTA Guide Website for commercial gain.

32.

Defendant has no legitimate intellectual property rights or other rights in the term "MARTA", or in the terms "MARTA Guide", and these are not the legal names of Defendant – whose true legal name is Sara Cheshire.

33.

Defendant's unauthorized use of the MARTA Marks, including use of "MARTA Guide", the <martaguide.com> domain, the MARTA Guide Website, and the Social Media Pages, is likely to cause confusion with MARTA, the MARTA Marks, and the MARTA brand transportation and related services.

34.

Defendant's unauthorized use of the MARTA Marks, including use of "MARTA Guide", the <martaguide.com> domain, the MARTA Guide Website, and the Social Media Pages, is likely to cause confusion as to whether Defendant and/or Defendant's MARTA Guide Website and Social Media Pages, originate from, are associated or affiliated with, or are authorized, sponsored or endorsed by MARTA. Defendant's conduct therefore creates a false designation of origin and a false impression association, affiliation, connection, endorsement or sponsorship by MARTA.

## **Defendant's Conduct is Knowing, Intentional and Willful and Has Harmed and Continues to Harm MARTA**

35.

Defendant's actions have caused and continue to cause irreparable harm to MARTA. Consequently, MARTA engaged outside counsel to enforce MARTA's legal rights.

36.

By letter of February 22, 2023 sent by MARTA's outside counsel (the "***Demand Letter***"), MARTA demanded that Defendant cease and desist from further use of the MARTA Marks, including "MARTA Guide", the <martaguide.com> domain name, the MARTA Guide Website, the MARTA Guide Social Media Pages,

16

and to cease and desist or refrain from using in the future any name or mark confusingly similar to the MARTA Marks, on the grounds that Defendant's activities constituted trademark infringement, false designation of origin, association, affiliation sponsorship or endorsement, and cybersquatting in violation of the Lanham Act. (Ex. 2.)

37.

On March 22, 2023, MARTA's outside counsel also contacted Defendant through the applicable domain name registrar's "Contact Domain Holder" process, informing Defendant she was infringing MARTA's trademarks.

38.

Defendant failed to respond in any manner to the Demand Letter or the subsequent communication through the domain name registrar's system. Instead, since MARTA sent the Demand Letter, Defendant has continued all of her challenged activities and conduct.

39.

Defendant is aware of MARTA, MARTA's services, the MARTA Marks and the official MARTA website, as shown by the content of Defendant's MARTA Guide Website and Social Media Pages and from her time as an Atlanta resident. Defendant was further put on notice of MARTA's rights through the Demand Letter.

40.

Defendant has knowingly, willfully and unlawfully traded on MARTA's reputation, goodwill and its intellectual property for profit, and continues to do so.

41.

Defendant has knowingly, deliberately and intentionally confused and deceived the public, and continues to do so.

42.

MARTA has suffered damages and will suffer irreparable harm as a result of Defendant's wrongful conduct.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**(LANHAM ACT § 32, 15 U.S.C. § 1114)**

43.

MARTA hereby incorporates and realleges the assertions in Paragraph 1 to 42 above as if fully set forth herein.

44.

MARTA owns the exclusive rights in and to the MARTA Marks, including the incontestable United States Trademark Registrations for the marks.

45.

Defendant's MARTA Guide Website and Social Media Pages contain confusingly similar imitations of the federally registered MARTA Marks, utilizing MARTA's marks, color scheme and logo.

46.

Despite MARTA's superior rights, Defendant has adopted and used confusingly similar terms in the "MARTA Guide" name (and variations thereof) and the <martaguide.com> domain name in interstate commerce for services that are identical, similar and/or related to, and compete with, those of MARTA.

47.

Defendant's use of the "MARTA Guide" name (and variations thereof), the<martaguide.com> domain name, and the MARTA Marks to identify, advertise, market or promote Defendant and/or Defendant's services is likely to cause confusion among consumers between Defendant and MARTA, the MARTA marks, and/or the MARTA services.

48.

Defendant's use of the "MARTA Guide" name (and variations thereof), the <martaguide.com> domain name, and the MARTA Marks is an intentional attempt to trade off the goodwill of MARTA and the MARTA Marks.

49.

Defendant has infringed and will continue to infringe MARTA's rights by imitating and/or using without authorization the registered MARTA Marks.

50.

Defendant's conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

51.

Defendant's acts of infringement have been and continue to be knowing, willful and intentional.

52.

Defendant's infringement has caused and will continue to cause irreparable harm to MARTA. Unless Defendant is enjoined from continuing the aforementioned unlawful acts, MARTA will suffer irreparable harm.

53.

As a direct and proximate result of Defendant's infringement, MARTA has suffered damages in an amount to be determined at trial.

54.

Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, MARTA is entitled to preliminary and permanent injunctive relief to prevent damage to

MARTA and to prohibit Defendant from further violations of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

55.

Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), MARTA is entitled to monetary damages, Defendant's profits, costs, and prejudgment interest.

56.

This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling MARTA to recover its attorneys' fees and up to three times its actual damages.

57.

Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, MARTA is entitled to a destruction order requiring that Defendant deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, letterhead, business cards, and other materials, including all Internet references, metatags, websites and social media pages bearing "MARTA", "MARTA Guide", the MARTA Marks, or any other marks confusingly similar to the registered MARTA Marks.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN, ASSOCIATION, AFFILIATION,**
**SPONSORSHIP AND/OR ENDORSEMENT**
**(LANHAM ACT § 43(a), 15 U.S.C. § 1125(a)(1)(A))**

58.

MARTA hereby incorporates and realleges the assertions in Paragraph 1 to 42 as if fully set forth herein.

59.

MARTA owns the exclusive rights in and to the MARTA Marks.

60.

Defendant's MARTA Guide Website and Social Media Pages contain confusingly similar imitations of the federally registered MARTA Marks, utilizing MARTA's marks, color scheme and logo.

61.

Despite MARTA's superior rights, Defendant has adopted and used confusingly similar terms in the "MARTA Guide" name (and variations thereof) and the <martaguide.com> domain name in interstate commerce in connection with the advertisement and provision of Defendant's MARTA Guide Website and Social Media Pages.

62.

Defendant is using these confusingly similar names and terms, and is using the MARTA Marks without authorization, to imitate MARTA and the official MARTA website, and/or to provide information related to MARTA and the MARTA brand transportation and related services without disclosing Defendant's true identity.

63.

By Defendant's adoption and use of names and an Internet domain name that are confusingly similar to MARTA's name, trademarks, and the official MARTA website domain name, Defendant has affixed, applied, annexed and/or used false designations of origin and/or false or misleading representations of fact in connection with the advertisement and provision of Defendant's services, MARTA Guide Website and Social Media Pages in interstate commerce.

64.

Defendant's aforementioned conduct is likely to cause confusion, mistake and deception as to the origin of Defendant's services and/or MARTA Guide Website and Social Media Pages, and/or is likely to cause confusion, mistake and deception as to whether there is an association, affiliation, connection, sponsorship or

endorsement of Defendant, Defendant's services, the MARTA Guide Website and the Social Media Pages by or with MARTA and MARTA's services.

65.

Defendants' use of the "MARTA Guide" name (and variations thereof), the <martaguide.com> domain name, and the MARTA Marks is an intentional attempt to trade off the goodwill of MARTA and the MARTA Marks.

66.

Defendant's conduct constitutes false designation of origin, false affiliation, false association, false endorsement, and/or false sponsorship in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.

Defendant's conduct has been and continues to be knowing, willful and intentional.

68.

Defendant's unlawful conduct has caused and will continue to cause irreparable harm to MARTA. Unless Defendant is enjoined from continuing the aforementioned unlawful acts, MARTA will suffer irreparable harm.

69.

As a direct and proximate result of Defendant's unlawful conduct, MARTA has suffered damages in an amount to be determined at trial.

70.

Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, MARTA is entitled to preliminary and permanent injunctive relief to prevent damage to MARTA and to prohibit Defendant from further violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

71.

Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), MARTA is entitled to monetary damages, Defendant's profits, costs, and prejudgment interest.

72.

This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling MARTA to recover its attorneys' fees and up to three times its actual damages.

73.

Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, MARTA is entitled to a destruction order requiring that Defendant deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers,

advertising materials, letterhead, business cards, and other materials, including all Internet references, metatags, websites and social media pages bearing "MARTA", "MARTA Guide", the MARTA Marks, or any other marks confusingly similar to the registered MARTA Marks.

**COUNT III**
**CYBERSQUATTING**
**(LANHAM ACT § 43(d), 15 U.S.C. § 1125(d))**

74.

MARTA hereby incorporates and realleges the assertions in Paragraph 1 to 42 above as if fully set forth herein.

75.

The MARTA Marks were valid and distinctive trademarks and service marks of MARTA before Defendant registered and began using the <martaguide.com> domain name.

76.

The <martaguide.com> domain name registered and used by Defendant is confusingly similar to the MARTA Marks.

77.

Defendant had actual or constructive knowledge of MARTA and/or the MARTA Marks prior to registering and using the <martaguide.com> domain name.

78.

Defendant has registered and/or used and continues to use the <martaguide.com> domain name in bad faith to profit from the MARTA name and the MARTA Marks.

79.

Defendant has no legitimate trademark or other intellectual property rights in the <martaguide.com> domain name, Defendant's legal name is not "MARTA Guide" or "MARTA" – nor is Defendant commonly known by such names, Defendant has not used the <martaguide.com> domain name for a bona fide offering of goods or services, and Defendant is not making a bona fide noncommercial or fair use of the MARTA Marks on the MARTA Guide Website. Instead, Defendant is using the confusingly similar <martaguide.com> domain to divert consumers and Internet traffic from MARTA's official website to Defendant's MARTA Guide Website for Defendant's commercial gain – including through Defendant's sales of paid placement advertising on the MARTA Guide Website. Further, Defendant registered and has used the <martaguide.com> domain name while cloaking her true identity in the domain name registration records.

80.

Defendant's registration and/or use of the <martaguide.com> domain name as described above constitutes cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

81.

Defendant's cybersquatting has been and continues to be knowing, willful and intentional.

82.

Defendant's cybersquatting has caused and will continue to cause irreparable harm to MARTA. Unless Defendant is enjoined from continuing the aforementioned unlawful acts, MARTA will suffer irreparable harm.

83.

Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, MARTA is entitled to preliminary and permanent injunctive relief to prevent damage to MARTA and to prohibit Defendant from further violations of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

84.

Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), MARTA is entitled to monetary damages, Defendant's profits, costs, and prejudgment interest.

As an alternative to actual damages and Defendant's profits, and at MARTA's election any time before final judgment, MARTA is entitled to statutory damages between one thousand dollars and one hundred thousand dollars ($1,000.00 - $100,000.00) per each domain name found to be a violation of Section 43(d) pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(d).

85.

This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling MARTA to recover its attorneys' fees and up to three times its actual damages.

86.

Pursuant to Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)(1)(C), MARTA is entitled to an order requiring Defendant to transfer to MARTA the <martaguide.com> domain name and any other domain name(s) incorporating "MARTA" or otherwise confusingly similar terms, or an order of forfeiture or cancellation of such domain name(s) of Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Metropolitan Atlanta Rapid Transit Authority a/k/a MARTA, demands a jury trial on all claims so triable and prays for judgment as follows:

(a)     The Court enter judgment that Defendant, Sara Cheshire, has engaged in: (i) trademark and service mark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin, association, affiliation, sponsorship and/or endorsement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iii) cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

(b)     On MARTA's First and Second Claims for Relief, damages, disgorgement of Defendant's profits, enhanced damages, attorneys' fees, costs, prejudgment interest, preliminary and permanent injunctive relief prohibiting Defendant (and all those acting in concert with Defendant) from further violations of the Lanham Act, and a destruction order requiring that Defendant (and all those acting in concert with Defendant) deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, letterhead, business cards, and other materials, including all Internet references, metatags, websites and social media pages, bearing "MARTA", "MARTA Guide", or any other names or terms confusingly similar to the MARTA Marks.

(c)     On MARTA's Third Claim for Relief, damages, disgorgement of Defendant's profits and enhanced damages – or alternatively, statutory damages up to

$100,000.00 for each applicable domain name, together with attorneys' fees, costs, prejudgment interest, an order transferring to MARTA the <www.martaguide.com> domain name and any other domain names of Defendant incorporating "marta" or other confusingly similar terms, and preliminary and permanent injunctive relief prohibiting Defendant (and all those acting in concert with Defendant) from registering, owning, using or trafficking in any domain names incorporating "marta" or other confusingly similar terms.

## **Demand for Jury Trial**

MARTA demands a trial by jury on all issues so triable.

Respectfully submitted this 18th day of April 2023.

/s/ Damon J. Whitaker
Eric P. Schroeder (Ga. Bar No. 629880)
Damon J. Whitaker (Ga. Bar No. 752722)
**Bryan Cave Leighton Paisner LLP**
1201 West Peachtree Street NW, 14th Floor
Atlanta, Georgia 30309-3488
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
eric.schroeder@bclplaw.com
damon.whitaker@bclplaw.com

*Attorneys for Plaintiff Metropolitan Atlanta Rapid Transit Authority*

#606753571