IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CHIKAMADU J. UMEH,** | ) | |
| | ) | Civil Action |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CASE NO.: _____ |
| | ) | |
| **UR MENDOZA JADDOU,** Director | ) | |
| of U.S. Citizenship and Immigration | ) | |
| Services, and **SHINEKA MILLER,** | ) | |
| Director of Atlanta Field Office of U.S. | ) | |
| Citizenship and Immigration Services, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**PLAINTIFFS' ORIGINAL COMPLAINT
FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT
UNDER THE ADMINISTRATIVE PROCEDURE ACT**

**To the Honorable Judges of this Court:**

COMES NOW **Chikamadu J. Umeh**, Plaintiff in the above-styled and numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court the following:

1. This is an action for mandamus, brought against the Defendants to compel action on a Form N-336, Request for Hearing on a Decision in Naturalization Proceedings filed by Plaintiff.  The request was presented to and remains within

1

the jurisdiction of the Defendants, who have improperly withheld action on said request to Plaintiff's detriment.

2. The claims for mandamus and injunctive relief seek an order from the Court compelling Defendants to perform a duty that Defendants owe to Plaintiff, namely to cause Defendants to adjudicate and process Plaintiff's request. The claim for declaratory relief seeks a judicial declaration that Defendants are required under law to complete the adjudication process for Plaintiff.

## PARTIES

3. Plaintiff Chikamadu J. Umeh, (Alien Number: A059 262 914) is a native and citizen of Nigeria. She filed a Form N-336 Request for Hearing on a Decision in Naturalization Proceedings, which, as will be shown, Defendants have unlawfully failed to adjudicate.

4. Defendant Ur Mendoza Jaddou is the Director of the U.S. Citizenship and Immigration Services [hereinafter, USCIS] a branch of the Department of Homeland Security. The USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant is the official of the USCIS generally charged with administrative and supervisory authority over all operations of the USCIS.

5. Defendant Shineka Miller is the USCIS Atlanta Field Office Director. Defendant Miller is sued in her official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS

within her District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B) Specifically, Defendant is responsible for the adjudication of Requests for Hearing on a Decision in Naturalization Proceedings in her service area. As will be shown, Defendant is the official with whom Plaintiff's applications were properly filed.

## JURISDICTION

6. Jurisdiction, in this case, is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 et seq.; and, 28 U.S.C. § 2201 et seq. Relief is requested according to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), that this is an action against officers and agencies of the United States in their official capacities brought in the district where the Plaintiff in the action resides, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted her administrative remedies. No other remedy is adequate in this case because Defendants have not updated nor made a decision on the Plaintiff's year-old Request for Hearing on a Decision in Naturalization Proceedings. Immediate action, such as that offered by a mandamus action under the Administrative Procedure Act, is the only relief available.

## LEGAL BACKGROUND

9. This Court has jurisdiction to review USCIS's action concerning Plaintiffs' immigration case according to 28 U.S.C. § 1331 and the Administrative Procedures Act. See Kim v. Ashcroft, 340 F. Supp. 2d 384 (S.D.N.Y. 2004) (holding that subject matter jurisdiction exists pursuant to the Defendant's violation of 5 U.S.C. § 555(b) of the Administrative Procedure Act ("APA") in conjunction with the federal question statute); Yu v. Brown, 36 F. Supp.2d 922, 930 (D.N.M. 1999) (noting that "courts have specifically recognized jurisdiction under § 1331 and the APA to hear challenges to INS delays in processing visas, LPR, and citizen applications").

10. The APA, 5 USC §701 et seq. at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other appropriate remedy in this situation because USCIS withheld action on Plaintiffs' petition. There not being any other adequate remedy in this situation, the only option for Plaintiffs is this instant action in this court.

11. Moreover, 5 U.S.C. § 706 states:

> The reviewing court shall—
>
> **(1)** compel agency action unlawfully withheld or unreasonably delayed; and

    **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—

        **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

        **(B)** contrary to constitutional right, power, privilege, or immunity;

        **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

        **(D)** without observance of procedure required by law;

        **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

        **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

12. In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to process Plaintiff's Request regarding her naturalization application.

13. Defendants have willfully and unreasonably withheld action on Plaintiff's N-336 request, preventing Plaintiff from advancing her pursuit of United States citizenship.

14. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, have unlawfully withheld action on Plaintiff's request and therefore, have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

15. Accordingly, Plaintiff has been forced to pursue the instant action.

## CAUSE OF ACTION

16. Plaintiff is a Nigerian native and citizen who has been a lawful permanent resident of the United States since December 28, 2011. **See Exhibit 1**, Lawful Permanent Resident Card. She submitted her Form N-400, Application for Naturalization, with USCIS on May 6, 2019. **See Exhibit 2**, Naturalization Decision Notice.

17. On November 8, 2021, USCIS issued a decision notice denying Plaintiff's naturalization application. In the notice, the Service states that Plaintiff had been convicted of possession of cocaine, possession of drug-related objects, drugs not in original container, and family violence battery in Cobb County Superior Court, and denied the application accordingly. **See Exhibit 2**, Naturalization Decision Notice.

18. Plaintiff has no such convictions. **See Exhibit 3**, Criminal Background Check.

19. On February 22, 2022, Plaintiff submitted a Request for a Hearing on a Decision in Naturalization Proceedings. **See Exhibit 4**, N-336 Receipt Notice.

20. On June 30, 2022, USCIS conducted an interview with Plaintiff. **See Exhibit 5**, Interview Notice.

21. Plaintiff has received no further communication from the Service, *despite having drawn their attention to a simple, straightforward factual error* that served as the basis for their incorrect denial of the naturalization application. 8 CFR 336.2(b) states: "Upon receipt of a timely request for a hearing, USCIS will schedule a review hearing, within a reasonable period of time not to exceed 180 days from the date upon which the appeal is filed." Although Defendants scheduled the hearing within 180 days of filing, they have delayed Plaintiff's decision for almost 10 months since her hearing (naturalization decisions are to be completed within 120 days of the interview 8 CFR 336.1(a)).

22. Defendants' failure to take the appropriate action required by law to adjudicate Plaintiff's request is denying her a privilege to which she is entitled. Accordingly, Plaintiff is suffering continuing harm due to this unreasonable delay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief:

A. Enjoin Defendants from further delaying the adjudication of Plaintiff's Form N-336, Request for Hearing on a Decision in Naturalization Proceedings;

B.  To compel the Defendants and their agents to immediately adjudicate Plaintiff's Form N-336, Request for Hearing on a Decision in Naturalization Proceedings according to the law and regulations by which they are bound;

C.   Award Plaintiff reasonable attorney's fees; and,

D.  Grant such other and further relief at law and in equity as justice may require.

Respectfully submitted,

This 14th day of April, 2023.

**THE FOGLE LAW FIRM, LLC**
/S/H. Glenn Fogle, Jr.
by: H. Glenn Fogle, Jr.
Georgia Bar No. 266963
Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com