IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHANTE FRYE, BARRON GARGARD, ADRIAN GILLIAM, DOMINQUE GRIMES, RONALD GRIMES, MARLON HENDRIX, BRYNMOORE HOYTE, TIANNAH MITCHELL, JUSTIN SHEPPARD, and JERRY SPENCER,<br><br>Plaintiffs,<br><br>v.<br><br>CREATIVE USA LLC, d/b/a CONYERS MITSUBISHI,<br><br>Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

For their Complaint against Defendant Creative USA LLC, d/b/a Conyers Mitsubishi ("Defendant"), Plaintiffs Chante Frye, Barron Gargard, Adrian Gilliam, Dominque Grimes, Ronald Grimes, Marlon Hendrix, Brynmoore Hoyte, Tiannah Mitchell, Justin Sheppard, and Jerry Spencer ("Plaintiffs") state:

### PARTIES

1. Plaintiffs are former employees of Defendant.

2. Defendant Creative USA LLC, d/b/a Conyers Mitsubishi is a Georgia limited liability company with its principal place of business at 3142 Boxwood

Drive, Atlanta, Georgia 30345. Defendant operates its Conyers Mitsubishi automobile dealership at 1540 Iris Drive S.W., Conyers, Georgia 30094. Defendant may be served with process through its registered agent, Gurdeep Bhatia, 3142 Boxwood Drive, Atlanta, Georgia 30345.

3. Defendant operates a for-profit automobile dealership within the Northern District of Georgia.

## JURISDICTION AND VENUE

4. This is an action for damages and equitable relief for unlawful employment practices. Plaintiffs bring their claims under 42 U.S.C. § 1981 ("Section 1981"). The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4). Venue is proper under 28 U.S.C. § 1391.

## FACTS

5. Plaintiffs are all African American individuals.

6. Plaintiffs were each previously employed by Defendant at its automobile dealership in Conyers, Georgia.

7. Plaintiff Chante Frye was employed by Defendant as a Sales Manager from or about September 2021 until Defendant discharged her in or about December 2021.

8. Plaintiff Barron Gargard was employed by Defendant as a Salesperson from or until Defendant constructively discharged him in or about October 2022.

9. Plaintiff Adrian Gilliam was employed by Defendant as a Sales Manager from or about September 2021 until Defendant discharged him in or about May 2022.

10. Plaintiff Dominque Grimes was employed by Defendant as a Salesperson until Defendant discharged him in or about October 2022.

11. Plaintiff Ronald Grimes was employed by Defendant as a Salesperson until Defendant constructively discharged him in or about October 2022.

12. Plaintiff Marlon Hendrix was employed by Defendant as a Salesperson from or about April 2020 until Defendant discharged him in or about July 2022.

13. Plaintiff Brynmoore Hoyte was employed by Defendant as a Salesperson from or about November 2021 until Defendant constructively discharged him in or about March 2022.

14. Plaintiff Tiannah Mitchell was employed by Defendant as a BDC Manager from or about February 2021 until Defendant discharged her in or about February 2022.

15. Plaintiff Justin Sheppard was employed by Defendant as an Automotive Photographer from or about July 2021 until Defendant discharged him in or about March 2022.

16. Plaintiff Jerry Spencer was employed by Defendant as a Salesperson from or about November 2020 until Defendant constructively discharged him in or about February 2022.

17. Plaintiffs performed their jobs for Defendant in an excellent manner and as well or better than similarly situated non-African American employees.

18. During Plaintiffs' employment, Defendant discriminated against them because of their race with respect to the terms, conditions, and privileges of employment, including paying Plaintiffs less than similarly situated non-African American employees; not paying Plaintiffs money they had earned; not paying Plaintiffs bonuses and "spiffs" but paying non-African American employees such additional compensation; altering Plaintiffs' pay plans so that they would earn less than non-African American employees; not providing Plaintiffs "washouts" or itemized pay statements detailing their compensation and how it was derived but providing such forms to non-African American employees; providing Plaintiffs less valuable benefits than non-African American employees; impairing Plaintiffs' ability to make sales while allowing and enabling non-African American

salespersons to do so; diverting and directing other managers to divert sales leads to non-African American employees and eliminating Plaintiffs' and African American salespersons' access to sales leads; refusing to promote several Plaintiffs to managerial positions and promoting less qualified and less experienced non-African Americans instead; instructing Salespersons in Sales Meetings to "only bring [car] deals" to Caucasian Sales Managers to handle or process and not to bring any such deals to Plaintiffs Gilliam and Frye; refusing to allow Plaintiffs Gilliam and Frye to handle and process car deals presented to them by salespersons while directing and allowing non-African American Sales Managers to handle and process such deals; providing building keys, superior work stations, and demonstrator vehicles to non-African American Sales Managers but not to African American Sales Managers; and making discriminatory comments about Plaintiffs and other African American employees, customers, and individuals in general.

19. Defendant further discriminated against Plaintiffs Chante Frye, Adrian Gilliam, Dominque Grimes, Marlon Hendrix, Tiannah Mitchell, and Justin Sheppard by discharging them because of their race and discriminated against Plaintiffs Barron Gargard, Ronald Grimes, Brynmoore Hoyte, and Jerry Spencer by constructively discharging them.

20. During Plaintiffs' employment, Defendant created, allowed, maintained, and failed to remedy a racially hostile work environment that altered the conditions of Plaintiffs' employment and made it more difficult for them to perform their jobs.  Plaintiffs and other African American employees were subjected to repeated racially derogatory slurs and comments and racially offensive jokes, referred to in racially derogatory terms, and subjected to constant threats of termination and being "replaced," verbal abuse, mistreatment, and disparate treatment as compared to their non-African American colleagues by Defendant's Caucasian managerial agents, including General Manager Tony Caraballo, General Sales Manager Leslie Pluckett, General Sales Manager Vinnie, and Sales Manager Terry.  For example, Defendant's General Manager, Tony Caraballo, who is Caucasian, repeatedly referred to Plaintiffs and other African Americans throughout Plaintiffs' employment using the highly offensive racial slurs "nigger" and "boy."  Mr. Caraballo even stated on multiple occasions during Plaintiffs' employment, "Boy, stop being a nigger, or I will fire you."  Mr. Caraballo called Plaintiffs and other African Americans "lazy niggers."  Mr. Caraballo treated Plaintiff Chante Frye extremely disrespectfully as compared to non-African American managers and told her that "no black woman with an attitude can work for [him]" and that he "knew he was going to fire [her] the day that he met [her]."

Mr. Caraballo further referred to Plaintiffs and other African Americans as "monkeys" and "thugs," among other highly offensive racial epithets, and continued to do so after Plaintiffs opposed and complained about his discriminatory comments and conduct.

21.     Defendant further retaliated against Plaintiffs because of their opposition to Defendant's racially offensive and unlawful conduct.  While Defendant had no Human Resources Department or Manager during Plaintiffs' employment, Plaintiffs complained about Defendant's Caucasian managers' discriminatory comments and conduct to those managers, other managers, and to Defendant's owner, "Sonny" Bhatia.  Defendant took no corrective, remedial, or preventative action.  Instead, Defendant's Caucasian managers subjected Plaintiffs to severe or pervasive retaliatory harassment and then discharged or constructively discharged them in retaliation for their protected opposition activity.

22.     Defendant's alleged reasons for discharging or constructively discharging Plaintiffs as set forth above are pretexts for race discrimination and/or retaliation.  For example, General Manager Tony Caraballo told several Plaintiffs when he discharged them that he "just want[ed] to go in a different direction." Defendant then replaced Plaintiffs with non-African American individuals.

23. Defendant's conduct as described in this complaint was malicious and/or recklessly indifferent to Plaintiffs' federally protected rights, entitling Plaintiffs to punitive damages under Section 1981.

24. As a direct result of Defendant's discriminatory and retaliatory conduct, Plaintiffs have lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life; and incurred attorneys' fees, costs and litigation expenses.

**Claims for Race Discrimination, Racially Hostile Work Environment, and Retaliation Under 42 U.S.C. § 1981**

25. Plaintiffs incorporate and reallege the factual averments set forth in paragraphs 1 through 24 herein.

26. Defendant discriminated against all Plaintiffs in the terms, conditions, and privileges of employment and discharged Plaintiffs Chante Frye, Adrian Gilliam, Dominque Grimes, Marlon Hendrix, Tiannah Mitchell, and Justin Sheppard and constructively discharged Plaintiffs Barron Gargard, Ronald Grimes, Brynmoore Hoyte, and Jerry Spencer because of their race and/or in retaliation for their opposition to Defendant's racially offensive and unlawful conduct, including repeated racially derogatory comments, threats, disparate treatment, and other mistreatment, in violation of Section 1981.

27. Defendant created, allowed, maintained, and failed to remedy a racially hostile work environment that altered the conditions of Plaintiffs' employment and made it more difficult for them to perform their jobs, in violation of Section 1981.

28. Defendant retaliated against Plaintiffs because of their opposition to Defendant's racially offensive and illegal discriminatory conduct, in violation of Section 1981.

29. As a result of its conduct, Defendant is liable to Plaintiffs in an amount to be determined by the jury for the compensatory and other damages plaintiffs have suffered.

30. As a result of its malicious and recklessly indifferent conduct as described in this complaint, Defendant is also liable for punitive damages under Section 1981.  It is further liable for Plaintiffs' reasonable attorneys' fees and costs under Section 1981.

31. As a result of its conduct, Defendant is obligated to make Plaintiffs whole for all lost earnings and benefits.

## PRAYER FOR RELIEF

**WHEREFORE,** premises considered, Plaintiffs demand the following relief:

1. A jury trial and entry of judgment in their favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment, humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Front pay and damages for lost benefits;

5. Punitive damages;

6. Attorneys' fees, costs and litigation expenses;

7. Prejudgment interest and, if applicable, post judgment interest; and

8. Such other and further legal or equitable relief to which they may be entitled.

Respectfully submitted this 18th day of April, 2023.

        s/ Edward D. Buckley
        Edward D. Buckley
        Georgia Bar No. 092750
        edbuckley@bbwmlaw.com
        Buckley Bala Wilson Mew LLP
        600 Peachtree Street NE, Suite 3900
        Atlanta, GA  30308
        Telephone: (404) 781-1100
        Facsimile: (404) 781-1101

        s/ Douglas B. Janney III
        Douglas B. Janney III (TN BPR # 19112)*
        5115 Maryland Way
        Brentwood, Tennessee 37027
        (615) 742-5900
        doug@janneylaw.com

        s/ Stephen W. Grace
        Stephen W. Grace (TN BPR # 14867)*
        1019 16th Avenue, South
        Nashville, Tennessee 37212
        (615) 255-5225
        sgrace@sgracelaw.com

        *To be admitted Pro Hac Vice*

        Attorneys for Plaintiffs