UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAPHNE COLEMAN,

    Plaintiff,

-vs-                                        CASE NO.:

EXPERIAN INFORMATION
SOLUTIONS, INC., and NATIONAL
CREDIT SYSTEMS, INC.

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAPHNE COLEMAN (hereinafter "Plaintiff"), sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") and NATIONAL CREDIT SYSTEMS, INC. ("National Credit") (hereafter collectively "Defendants") in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*

### PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Mecklenburg County in the State of North Carolina. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as National Credit's principal address is in this District, Experian transacts business within this District, and violations described in this Complaint occurred in this District.

9. Experian is a corporation incorporated under the State of California, authorized to do business in the State of Georgia, through its registered agent, CT Corporation System located at 289 South Culver Street, Lawrenceville, Georgia 30046.

10. Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11. Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. National Credit is a corporation headquartered at 1775 The Exchange Southeast, Suite 300, Atlanta, Georgia 30339.

13. National Credit is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

14. National Credit furnished Plaintiff's information to the CRAs, which was inaccurate.

## FACTUAL ALLEGATIONS

15. Plaintiff is alleged to owe a debt to National Credit.

16. On or about December of 2018, Plaintiff was attempting to secure housing and was subsequently denied due to her Experian credit report. As a result, Plaintiff obtained copies of her Experian credit report and became aware of a National Credit Systems collection account beginning in 355256x being shown on her credit report. The debt being collected was for the original creditor, MW Properties Apts with a balance of $2,432.

17. Plaintiff mailed in a handwritten letter to National Credit to inform them that she never rented from MW Properties and provided relevant documentation to support her claim. Plaintiff never received any correspondence from National Credit pertaining to her written direct dispute.

18. Plaintiff additionally disputed the erroneous National Credit Systems account beginning in 355256x with Experian online in December of 2018, February of 2019, and August of 2020.

19. Upon information and belief, Experian notified National Credit of Plaintiff's online disputes. National Credit failed to conduct reasonable investigations and merely compared its erroneous data each time.

20. As Experian was reluctant to remove the erroneous collection account, Plaintiff felt quite defeated. Plaintiff endured sleepless nights, stress, frustration, and unstable housing due to Experian's reluctance to fix her credit.

21. On February 6, 2023, Plaintiff obtained a copy of her Experian credit report and became aware that Experian continued to report the National Credit Systems account beginning in 355256x. Such reporting continued to negatively affect Plaintiff's credit and her ability to secure housing.

22. As a result of the continued inaccurate reporting by Experian, on February 8, 2023, Plaintiff mailed another written dispute letter to them. In the letter Plaintiff reiterated to Experian that she did not owe any money to the creditor, MW Properties Apts. Plaintiff included an image of her driver's license, utility bill and medical insurance letter to confirm her identity. Further, images of Plaintiff's prior dispute results with Experian, images of her credit report with the erroneous account information, and Federal Trade Commission Identity Theft report were included in the dispute letter.

23. Plaintiff mailed her detailed dispute letter to Experian via USPS Certified Mail 7022 2410 0001 1144 0441.

24. Despite delivery confirmation, Plaintiff never received dispute results in the mail. However, on February 12, 2023, Experian notified Plaintiff via email that an investigation was complete, but the result was unavailable online with the message of "PLEASE REFER TO YOUR CREDIT REPORT".

25. On February 26, 2023, Plaintiff obtained a copy of her Experian credit report. Again, upon her review, the National Credit Systems account beginning in 355256x continued to be on her credit report. The aforementioned account continued

to report negatively with a balance of $2,432 with the pay status of "seriously past due date". Such reporting negatively impacted Plaintiff's credit.

26. Upon information and belief, Experian notified National Credit of Plaintiff's written dispute. National Credit failed to conduct a reasonable investigation and merely compared its erroneous data.

27. Due to Experian's reluctance of removing the National Credit Systems account beginning in 355256x, Plaintiff mailed another dispute letter to them on March 3, 2023. Plaintiff again explained to Experian that she did not owe any money to the original creditor, MW Properties Apts. Plaintiff provided images of her driver's license, utility bill and medical insurance letter to confirm identity. Plaintiff provided images of Plaintiff's prior dispute results with Experian, images of her credit report with the erroneous account, and Federal Trade Commission Identity Theft report were included in the dispute letter.

28. Plaintiff mailed her detailed dispute letter to Experian via USPS Certified Mail 7020 0640 0001 2769 9236.

29. In just three days, Experian answered Plaintiff's dispute on March 6, 2023. Experian responded by stating, "Please check your Credit Report to view the

changes" and in reviewing the report they further stated, "this item was updated from our processing of your dispute in Mar 2023".

30. Upon information and belief, Experian notified National Credit of Plaintiff's dispute. National Credit continued to fail in conducting a reasonable investigation and merely compared its erroneous data.

31. Plaintiff was very upset that Experian and National Credit verified the account despite Plaintiff never renting a property from MW Properties Apts.

32. On March 14, 2023, and on April 3, 2023, when Plaintiff obtained her Experian credit reports she was left feeling defeated to see the National Credit Systems account beginning in 355256x still listed.

33. On April 10, 2023, Plaintiff mailed an additional dispute letter to Experian. Again, Plaintiff again explained to Experian that the collection account did not belong to her. Plaintiff provided images of her driver's license, utility bill and medical insurance letter to confirm identity. Plaintiff provided images of Plaintiff's prior disputes results with Experian, images of his credit report with the erroneous account, Federal Trade Commission Identity Theft report and a collection letter from National Credit were included in the dispute letter. Moreover, Plaintiff included an image of her North Carolina Supportive Housing Communities letter

illustrating that she utilized their program for housing during the time period that National Credit was attempting to collect on.

34. Plaintiff mailed her detailed dispute letter to Experian via USPS Certified Mail 7021 2720 0002 4973 2574.

35. Experian has never attempted to contact the Plaintiff about her disputes while allegedly investigating the disputes.

36. Plaintiff continues to suffer as of the filing of this Complaint with Experian's and National Credit's reluctance to conduct a thorough investigation.

37. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

 i. Monies lost by attempting to fix her credit;
 ii. Loss of time attempting to cure the errors;
 iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendant's reluctance to fix the errors.
 iv. At times, homelessness due to limited housing opportunities;

      v. Reduction in credit score;

      vi. Apprehensiveness to apply for housing due to the fear of rejection.

## COUNT I
### Violations of the Fair Credit Reporting Act as to Experian Information Solutions, Inc.

38. Plaintiffs re-allege and reincorporate paragraphs one through thirty-seven above.

39. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Experian allowed National Credit to report inaccurate information on an account. Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

40. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, homelessness, and apprehension in applying for credit or housing.

41. Experian's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o. Experian violated its own policies and procedures by not deleting an account when Plaintiff has provided sworn testimony to the Federal Trade Commission of the fraud.

42. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Experian, to Plaintiff, award Plaintiff her attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C § 16811i- As to Defendant, Experian Information Services, LLC

43. Plaintiffs re-allege and reincorporate paragraphs one through thirty-seven above.

44. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Despite the large amount of documentation produced by Plaintiff demonstrating the fraud, Experian refuses to do any independent investigation.

45. Experian's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Experian was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

46. Experian took no independent action to investigate the dispute. Experian received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to the National Credit collections account.

47. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Experian, jointly and severally; for her attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### Violation of 15 U.S.C § 1681s-2(b)- As to Defendant, National Credit Systems, Inc.

48. Plaintiffs re-allege and reincorporate paragraphs one through thirty-seven above.

49. National Credit published the inaccurate account to Experian, Equifax, and Trans Union to all of Plaintiff's potential lenders on multiple occasions.

50. National credit violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the National Credit's account; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the National Credit representations to the consumer reporting agencies. Plaintiff provided all the

information necessary for National Credit to have identified that the accounts did not belong to Plaintiff.

51. National Credit violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union. National Credit has been aware of Plaintiff's dispute but continued to erroneously report.

52. National Credit violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian and National Credit knew was inaccurate.

53. National Credit did not have any reasonable basis to believe that the Plaintiff was responsible for the past due amount on the account as reported to the CRAs. National Credit knowingly chose to follow procedures which did not review, confirm, or verify whether the debt truly belonged to Plaintiff.

54. As a result of this conduct, action and inaction by National Credit, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information and the mental and emotional pain, anguish, humiliation, and embarrassment applying for credit or for housing.

55. National Credit's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in the amount to be

determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, National Credit Systems, Inc., jointly and severally; for her attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## **COUNT IV**
**Violation of 15 U.S.C §1692f(1)- As to Defendant, National Credit Systems, Inc.**

56.  Plaintiffs re-allege and reincorporate paragraphs one through thirty-seven above.

57.  National Credit has repeatedly attempted to collect a debt from Plaintiff that it new or had reason to know was illegitimate.

58.  National Credit violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by agreement or otherwise permitted by law.

59. National Credit had all of the information it needed to determine that the debt did not belong to Plaintiff, yet repeatedly attempted to collect that debt regardless.

60. As a result of the conduct, action and inaction of National Credit, Plaintiff suffered from embarrassment, worry, fear, frustration, anger, apprehension in applying for housing and the damages otherwise outlined in this Complaint.

61. Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from National Credit pursuant to the FDCPA.

62. Plaintiff is entitled to recover reasonable attorney's fees and costs from National Credit in the amount to be determined by the Court pursuant to the FDCPA.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages against Defendant, NATIONAL CREDIT SYSTEMS, INC.., jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

DATED this 19th day of April 2023.

Respectfully submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*