IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VANESSA L. HAYES, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| OAKS AT WEST COBB, LLC, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Vanessa Hayes ("Plaintiff" or "Ms. Hayes"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Oaks at West Cobb, LLC ("Defendant") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 7, 2022; the EEOC issued its Notice of Right to Sue on March 22, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

### 6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

### 7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

### 8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

### 9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Alex Salabarria, located at 1111 Alderman Dr., STE 420, Alpharetta, GA, 30005, USA.

## FACTUAL ALLEGATIONS

10.

On or about March 24, 2022, Ms. Hayes began working for Defendant as a MedTech.

11.

Ms. Hayes suffers from anxiety and panic attacks that can cause severe migraines, high blood pressure, nausea, faintness, and other symptoms that affect her ability to walk, breathe, and communicate.

12.

On or about Monday, August 29, 2022, at 7:45 AM, Ms. Hayes suffered a severe migraine after seeing the dead body of a deceased resident.

13.

Ms. Hayes could not leave work at the time because she was the only MedTech on staff and needed to assist the family, paramedics, and other patrons coming in and out of the facility.

14.

Around 11:00 AM, Ms. Hayes informed Managing Director, Andrea LNU, that she needed to leave work and go to the emergency room because her blood pressure was 180/93, and she was nauseous and feeling faint.

15.

Defendant's supervisor, Hector Pirela, told Ms. Hayes that she could not leave even though another employee, Veronica Mania, was available to cover for her.

16.

Mr. Pirela and the Executive Director, Lady Reed, told Ms. Hayes that she could not leave work and that she should have come to work with her migraine medicine.

17.

Ms. Hayes informed them that she did not carry the medicine because she rarely experienced migraines at work.

18.

Ms. Hayes was forced to beg and plead with Mr. Pirela and Ms. Reed to leave work because her blood pressure was high, and she was panicking.

19.

Mr. Pirela and Ms. Reed would not allow Ms. Hayes to leave work to go to the emergency room.

20.

Mr. Pirela continued to tell Ms. Hayes she could not leave and that if she did it would be job abandonment.

21.

Ms. Hayes informed Mr. Pirela that she was not abandoning her job, she just needed medical attention.

22.

Ms. Hayes left work and went to the hospital.

23.

When she was discharged from the hospital, Ms. Hayes texted Mr. Pirela her doctor's note and told him she could return to work the next day (Tuesday, August 30, 2022).

24.

Mr. Pirela told Ms. Hayes he was taking her off the schedule.

25.

Ms. Hayes asked if she could return to work that Wednesday and Mr. Pirela did not respond.

26.

On Tuesday, August 30, 2022, Ms. Hayes returned to work around 2:00 PM out of uniform to speak with Mr. Pirela and Ms. Reed since Mr. Pirela had not replied to her messages or answered her phone calls.

27.

Mr. Pirela later told Ms. Hayes that she was removed from the schedule indefinitely.

28.

Mr. Pirela then terminated Ms. Hayes and told her to turn in her keys and badge to the business clerk, Andrea.

29.

Mr. Pirela later told Andrea that Ms. Hayes resigned.

30.

On September 1, 2022, Mr. Pirela admitted that Ms. Hayes' termination was not completed properly and told her to come to the office and speak to Ms. Reed.

31.

Ms. Hayes met with Ms. Reed and instead of terminating Ms. Hayes, Ms. Reed gave her two write-ups, citing to August 29 and 30, 2022.

32.

Ms. Hayes asked why she was receiving the write-up and Ms. Reed and Mr. Pirela asked her to write a statement and sign it.

33.

Ms. Reed then smiled and told Ms. Hayes she was on the schedule and that she was supposed to have shown up to work in uniform.

34.

Ms. Hayes informed Ms. Reed that no one told her to return to work in uniform, so Ms. Reed and Mr. Pirela told her to go home and get her uniform and come back to work.

35.

On or around August 30, 2022, Ms. Hayes was admitted to the hospital as a result of the stress caused from being terminated.

36.

Ms. Hayes asked Ms. Reed why she was disciplined for needing medical treatment.

37.

Ms. Reed informed Ms. Hayes that she was not terminated, just disciplined, but that she would be terminated if the same incident happened again.

38.

Ms. Reed told Ms. Hayes to read the handbook and that Ms. Reed and Mr. Pirela would not answer any more of her questions.

39.

On or around September 11, 2022, Ms. Hayes returned to work and employees were being hostile towards her.

40.

On or around September 13, 2022, Ms. Hayes reported one of the employees to Ms. Reed.

41.

On or around September 20, 2022, Ms. Reed informed Ms. Hayes that the issue had been addressed and investigated.

42.

On or around October 6, 2022, Ms. Hayes wrote another letter to Ms. Reed reporting retaliation.

43.

Ms. Reed then radioed Ms. Hayes to come to her office and asked Ms. Hayes if her letter was a letter of resignation.

44.

Ms. Hayes informed Ms. Reed that the October 6th letter was not a resignation, but a follow-up from the meeting they had had the day before.

45.

On or around October 11, 2022, Mr. Pirela radioed Ms. Hayes to meet with Ms. Reed before leaving for the day.

46.

When Ms. Hayes met with Ms. Reed, Ms. Reed thanked her for her work in the community and stated that it was best they part ways because of gossip that was shared by multiple people.

47.

Ms. Reed provided Ms. Hayes with a termination report which stated the reasons for termination as: "Disregard for Supervisor/Co-worker/Resident/Family Member, Failure to Comply with Company Policy and/or Procedure, and Other-Misconduct."

48.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

49.

Plaintiff requested a reasonable accommodation of her disabilities.

50.

Specifically, Plaintiff requested leave.

51.

Defendant failed to engage in the interactive process with Plaintiff, even though doing so would not have been an undue hardship.

52.

Defendant terminated Plaintiff because she had a record of a disability and/or because it regarded them as disabled and/or because she engaged in protective activity.

53.

But for Plaintiff's disability status and/or request for a reasonable accommodation of the same, she would not have suffered the adverse employment action.

54.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for her disability.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

55.

Plaintiff re-alleges paragraphs 10-54 as if set forth fully herein.

56.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

57.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

58.

Defendant was aware of Plaintiff's disability.

59.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

60.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

61.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

62.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

63.

Defendant terminated Plaintiff's employment because of her accommodation requests.

64.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

65.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

66.

Defendant treated other employees outside Plaintiff's protected class differently.

67.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

68.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

69.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

70.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

71.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

72.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

73.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

74.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

75.

Plaintiff re-alleges paragraphs 10-54 as if set forth fully herein.

76.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

77.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

78.

Defendant was aware of Plaintiff's disability.

79.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

80.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

81.

Plaintiff requested that Defendant accommodate her disability by granting her leave of absence.

82.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

83.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

84.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

85.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

86.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

87.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

88.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

89.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

90.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

91.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

92.

Plaintiff re-alleges paragraphs 10-54 as if set forth fully herein.

18

93.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

94.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

95.

Defendant was aware of Plaintiff's disability.

96.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

97.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

98.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

99.

Defendant retaliated against Plaintiff by terminating her employment on the

basis of her request for an accommodation.

100.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

101.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

102.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

103.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

104.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

105.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages,

20

equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

106.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

107.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

21

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted this 19th day of April 2023.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*

Ianna O. Richardson
Georgia Bar No. 655153

*Attorney for Plaintiff Vanessa Hayes*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com