**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

**NITHANTH BOGGARAM SATISHPRASAD**
 **Plaintiff**

**v.**

| | |
|---|---|
| **MIKE HANKEY**<br>**Consul General, U.S. Consulate General in Mumbai**<br>**in their official capacity.** | **PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF** |
| **PATRICIA A. LACINA**<br>**Deputy Chief of Mission, U.S. Embassy in India**<br>**in their official capacity.** | **CIVIL ACTION NO:** |
| | **AGENCY CASE NO: AA00AQAO4D** |
| **ANTONY BLINKEN**<br>**Secretary of the U.S. Department of State**<br>**in their official capacity.**<br> **Defendants** | |

**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF**

Introduction

1. Plaintiff Nithanth Boggaram Satishprasad brings this action to compel Defendants to take action on and adjudicate his properly filed application for an H-1B nonimmigrant visa, filed in March 2022. USCIS already approved the underlying petition (I-129 Receipt Notice Number LIN2205551742, DS-160 Confirmation Number AA00AQAO4D), but the U.S. Consulate General in Mumbai has not finished processing Plaintiff's visa application, which remains stuck, awaiting so-called "administrative processing" while Plaintiff continues to suffer with no apparent end in sight. Plaintiff and his wife are suffering from significant personal, financial, and emotional hardship due to the delay.

1

Plaintiff's wife lost her grandfather recently, and due to this delay, Plaintiff was unable to grieve with his wife and her family or attend the funeral in Arkansas. Plaintiff and his wife are unable to make plans to begin a family due to the uncertainty surrounding Plaintiff's case.

2.  Plaintiff and his wife have been forced to extend their lease agreement for another year in the U.S., due to the delay, costing them thousands of dollars. Plaintiff was approached by a few recruiters for positions advertised as a Product Manager in several companies. However, when it was discovered that Plaintiff was working from India, his interview process was discontinued. As a result of this delay, Plaintiff has been unable to meet personal and organizational goals which have negatively affected his work and his ability to advance in his career.

3.  Plaintiff and his wife have both experienced significant personal and emotional hardship as a result of their separation caused by this delay. Plaintiff's wife began therapy for anxiety in September 2022 and has since been diagnosed with chronic depression. Plaintiff is forced to work according to United States time zones in India, which has been emotionally and physically draining. Plaintiff has to work from 4 p.m. to 8 a.m., and which has resulted in anxiety, stress, depression, irritability, and feelings of hopelessness due to the lack of sunlight and access to social interactions.

4.  Defendants maintain jurisdiction over Plaintiff's visa application but have unreasonably and improperly withheld action to his detriment.

Jurisdiction

5.  This Court has jurisdiction over the subject matter of this case pursuant to the Immigration and Nationality Act, as amended 8 U.S.C. §1101, *et seq.*, ("INA"), 28 U.S.C.

2

§ 1331 (federal question jurisdiction), 28 U.S.C. § 2201 (declaratory judgment), 5 U.S.C. § 701, *et seq.* (the "Administrative Procedures Act") and 28 U.S.C. §§ 1331 and 1361, *et seq.* ("Mandamus"). Relief is requested pursuant to said statutes. This action is not barred by the Real ID Act, P.L. 109-13, 119 Stat. 231 (May 11, 2005). Defendants owe a non-discretionary duty to adjudicate the Plaintiff's visa application. Plaintiff files this lawsuit to compel Defendants to take action on his long-delayed visa application. Plaintiff does not seek review of a discretionary decision of Defendants.

6.  To the extent that Defendants' actions in this matter are not supported by substantial justification, attorney fees are appropriate. The Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412 ("EAJA"), provides for the award of costs and attorney's fees to a prevailing party in litigation against the U.S. or one of its agencies. EAJA has been invoked to justify the award of attorney fees and costs in immigration cases. *See, Commissioner, Immigration and Naturalization Service v. Jean,* 496 U.S. 154 (1990).

Venue

7.  The Venue is proper pursuant to 28 U.S.C. § 1391 because either the Plaintiff resides in this district, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this district or because this action is against a Defendant that maintains offices within this district. There is no real property at issue in this case.

Parties

8.  Plaintiff is a citizen of India.

9.  From the organization of the U.S. Consulate General in Mumbai, Plaintiff has named the defendant, in their official capacity: Mike Hankey, Consul General of the U.S. Consulate

General in Mumbai. Mike Hankey, in their official capacity, is named as a defendant because of their leadership role within the component of DOS in India.

10. From the organization of the U.S. Embassy in India, Plaintiff has named the defendant, in their official capacity: Patricia A. Lacina, Deputy Chief of Mission, U.S. Embassy in India. Patricia A. Lacina, in their official capacity, is named as a defendant because of their leadership role within the component of DOS in India, which is responsible for processing and adjudicating visa applications and implementing federal immigration law.

11. Defendant Antony Blinken, Secretary of the U.S. Department of State ("DOS"), oversees DOS, which is responsible for adjudicating visa applications under the INA and implementing regulations, and subject to the Administrative Procedures Act 5 U.S.C. § 701 *et seq.* ("APA"). They are named in their official capacity.

## Exhaustion of Remedies

12. There is simply no administrative alternative to this complaint. Plaintiff has inquired regarding the status of this visa application, but Plaintiff has received no meaningful response to his inquiries. There is no available means by which "administrative processing" can be resolved. With no other options available, Plaintiff has had to resort to bringing this action, asking this Court to compel Defendants to complete the visa adjudication process.

## Causes of Action

### A. APA Claim

13. In April 2022, USCIS approved the H-1B petition that Plaintiff's company filed on his behalf (I-129 receipt notice number LIN2205551742).

14. In July 2022, Nithanth Boggaram Satishprasad was interviewed by the U.S. Consulate General in Mumbai in connection with the visa application. During this interview, a consular officer examined Nithanth Boggaram Satishprasad and reviewed his visa application. During this interview, Nithanth Boggaram Satishprasad responded truthfully to all questions and provided all requested information.

15. After the interview, the officer informed Plaintiff that the visa application was being placed in so-called "administrative processing."

16. Plaintiff has inquired as to the status of his visa application on numerous occasions and received no meaningful responses. It is unclear what processes, if any, the U.S. Consulate General in Mumbai is actually working on. The U.S. Consulate General in Mumbai has provided Plaintiff with no meaningful status updates, nor does it publish any information on processing times for "administrative processing."

17. Defendants' failure to adjudicate Plaintiff's visa application has had a profound and negative impact on his life.

18. Defendants, in violation of the APA, are unlawfully withholding or unreasonably delaying action on Plaintiff's visa application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's visa application. Plaintiff is entitled to a decision on his visa application and demands that Defendants make such a decision. Plaintiff now seeks a Court order requiring Defendants to complete the adjudication process.

19. To prevail against a federal agency for an unreasonable delay under the APA, a plaintiff must establish that: 1) a non-discretionary duty to take a discrete agency action, and 2)

5

unreasonable delay in acting on that duty. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).

20. Section 702 of the APA provides that "a person suffering legal wrong because of agency action is entitled to judicial review thereof." 5 U.S.C. §702. "Agency action" includes the failure to act. *See S. Utah Wilderness Alliance*, 542 U.S. at 62.

21. Section 555(b) of the APA provides that, "With due regard for the convenience and necessity of the parties or their representatives, and **within a reasonable time**, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. §555(b) (emphasis added).

22. Section 706 authorizes federal courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

23. Consular Officers at U.S. Embassies and U.S. Consulates abroad are required by regulation to either issue or refuse a visa after receiving a properly completed and executed application. *See*, 22 C.F.R. §41.121(a).

24. In addition, Plaintiff has paid the mandatory visa application fees to Defendant DOS, raising a strong presumption that it has a corresponding duty to carry out the adjudication of his visa application. *See*, INA §286(m); *See also, Kim v. USCIS*, 551 F.Supp.2d 1258, 1262-63 (D.Colo. 2008) and *Kaplan v. Chertoff*, 481 F.Supp.2d 370, 401 (E.D.Pa. 2007).

25. Based on the regulation cited above, Defendant DOS has a clear, non-discretionary duty to adjudicate Plaintiff's visa application. *See, supra*.

26. When there is no set deadline for an agency to complete its adjudication, federal courts may use both the APA and the Mandamus Act to measure delay under a reasonable standard. *See Kim*, 551 F.Supp.2d at 1264-65 (under Mandamus Act and APA where

6

there is no deadline to adjudicate, the agency has a non-discretionary duty to adjudicate within a reasonable time).

27. Plaintiff asserts that under the circumstances, the delay in adjudication of his visa application is unreasonable.

## B. Mandamus Claim

28. In order to succeed on a claim under the Mandamus Act, a plaintiff must establish: 1) a clear right to the relief requested; 2) a clear duty by the defendant to perform the act, and 3) no other adequate remedy is available. *See, e.g., Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016); *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002); and *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).

29. As noted above, Plaintiff filed his visa application and paid the requisite fees to Defendant DOS and the U.S. Consulate General in Mumbai. Plaintiff has a clear right to have his visa application adjudicated under 22 C.F.R. §41.121(a). *See, supra*.

30. As noted above, Defendant DOS and the U.S. Consulate General in Mumbai have a clear duty to adjudicate Plaintiff's visa application under 22 C.F.R. §41.121(a). *See, supra*.

31. As explained above, Plaintiff has made inquiries with Defendants, but there are no adequate remedies available to Plaintiff to relieve the delay in the adjudication of his visa application. *See, supra.*

32. If the Court decides that relief may not be granted under the APA, Plaintiff will have no legal remedy left to address Defendants' delay in adjudicating Plaintiff's visa application, making relief available to Plaintiff under the Mandamus Act (28 U.S.C. §1361, *et seq.*).

33. Plaintiff respectfully requests that this Court order Defendants to perform their ministerial

duty and adjudicate their visa application under either the APA or the Mandamus Act.

*See*, *supra*.

Claims for Relief

34. For these reasons, Plaintiff requests that the Court enter an order:

   a.  Accepting and maintaining jurisdiction of this action;

   b.  Mandating that Defendants process Plaintiff's visa application within fifteen (15)

   calendar days of this order or as soon as reasonably possible;

   c.  Granting attorney's fees and costs under the Equal Access to Justice Act and/or

   other appropriate authority; and

   d.  Granting such other and further relief as may be appropriate.

Respectfully submitted on behalf of Plaintiff on April 19, 2023.

**/s/ Ellaretha Coleman**
Attorney for Plaintiff
Property Claims Litigation Group, LLC
101 Marietta Street NW
Suite 3625
Atlanta, GA 30303
Telephone: (404) 525-3080
Email: ecoleman@insurancetrialgroup.com
United States District Court for the Northern District of Georgia Bar No. 404051