Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CIDMON DIMO,<br><br>      Plaintiff,<br><br>v.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA AND SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA,<br><br>      Defendants. | CIVIL ACTION FILE NO. _____<br><br>Originally in Superior Court of Gwinnett – CAFN: 23-A-02104-8 |

## NOTICE OF REMOVAL

Defendants Selective Insurance Company of America and Selective Insurance Company of South Carolina, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, jointly file this Notice of Removal from the Superior Court of Gwinnett County, showing the Court as follows:

1.      A civil action was filed on March 15, 2023, by the above-named plaintiff in the Superior Court of Gwinnett County, Georgia, bearing Civil Action File Number 23-A-02104-8. The Complaint and Summons and all filings served on this defendant are attached collectively hereto as Exhibit "A".

2. Defendants were served with the above-described lawsuit on March 21, 2023. Now, within thirty days of service of the complaint, Defendants remove the case to this court.

3. Plaintiff Cidmon Dimo lives in Hall County, Georgia and maintains his permanent residence and domicile in the State of Georgia. Therefore, Plaintiff is a citizen of Georgia for purposes of federal diversity jurisdiction.

4. Defendant Selective Insurance Company of America is incorporated under the laws of New Jersey with its principal place of business in New Jersey. Thus, Selective Insurance Company of America is a citizen of New Jersey for purposes of federal diversity jurisdiction.

5. Defendant Selective Insurance Company of South Carolina is incorporated under the laws of Indiana with its principal place of business in Indiana. Thus, Selective Insurance Company of South Carolina is a citizen of Indiana for purposes of federal diversity jurisdiction.

6. Complete diversity of citizenship exists between the parties.

7. In paragraph 8 of his complaint, Plaintiff alleges that Defendants owe Plaintiff the sum of $134,543.00 for insurance benefits. Plaintiff further claims he is entitled to an additional fifty percent (50%) of that sum as a penalty as well as attorney's fees for Defendants' alleged bad-faith breach of the policy under

O.C.G.A. § 33-4-6. *See* Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.") Thus, the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8. Defendant will file a Notice of Filing of this Notice of Removal with the Clerk of the Superior Court of Gwinnett County, Georgia, with service on plaintiff's counsel, as shown in Exhibit "B".

WHEREFORE, this Court now has jurisdiction over this action.

FREEMAN MATHIS & GARY, LLP

*/s/ W. Shawn Bingham*
W. SHAWN BINGHAM
Georgia Bar No. 839706
sbingham@fmglaw.com

*Attorney for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **Notice of Removal** with the clerk of court using the CM/ECF system, which will automatically send electronic mail notification and a copy of such filing to counsel of record who are CM/ECF participants, addressed as follows:

Glen E. Stinson
35 Courthouse Square
Dallas, GA 30132
glen@glenstinsonlaw.com

This 19th day of April 2023.

                                             */s/ W. Shawn Bingham*
                                             W. SHAWN BINGHAM
                                             Georgia Bar No. 839706
                                             sbingham@fmglaw.com

                                             *Attorney for Defendants*