# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MOZELLA GIBBONS,<br><br>      Plaintiff,<br><br>  v.<br><br>ASCENDIUM EDUCATION GROUP, INC.,<br><br>      Defendant. | Civil Action No.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Ascendium Education Group, Inc.[1] ("Defendant" or "Ascendium"), by and through counsel, respectfully files this Notice of Removal giving notice that it is removing this civil action from the Superior Court of DeKalb County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

In support of this Notice of Removal, Defendant states as follows:

---

[1] Ascendium Education Group, Inc. has been incorrectly named and is not the proper party to this action. Ascendium Education Solutions, Inc. is the proper party, and Plaintiff requests that the Court order Plaintiff to amend the pleadings herein to reflect same or otherwise allow for the substitution of Ascendium Education Solutions, Inc. as Defendant in this matter. Ascendium Education Group, Inc. is the parent corporation of Ascendium Education Solutions, Inc.

**I.    Procedural Background**

1.      Plaintiff Mozella Gibbons[2] ("Plaintiff") originally filed this case in the Superior Court of DeKalb County, Georgia, entitled *Mozella Gibbons v. Ascendium Education Group, Inc.*, civil action number 23CV2125, on or about February 13, 2023[3]. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings from the Superior Court of DeKalb County purportedly served upon Defendant are attached hereto as **Exhibit A**. Upon information and belief, there are no pending motions in the DeKalb County Superior Court action.

2.      Plaintiff asserts causes of action for (i) "Attempt to Defraud/Fair Debt Collection Act," pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; and (ii) "Attorneys' Fees Retained and Expenses of Litigation" pursuant to O.C.G.A. § 13-6-11, arising in connection with student loans owed by Plaintiff and held by Ascendium Education Solutions, Inc. as a guarantor and federal fiduciary reinsured by the United States Department of Education. *See generally* Compl. ¶¶ 9-15. Per the Complaint, Plaintiff seeks "all

---

[2] In the caption of the underlying complaint, Plaintiff is referred to as "Mozelle Gibbons." However, in the Summons, signature block to the Complaint, and attached exhibit to same, among other places, Plaintiff is referred to as "Mozella Gibbons." Defendant uses the latter for purposes of this Notice.
[3] Per the DeKalb County Superior Court online case search, available at https://ody.dekalbcountyga.gov/portal/.

expenses lost in previous collections of defraud," interest, and "attorney fees along with investigation fees . . . that discovered the actions that concluded in this action" against Defendant. *See id.* ¶ 15 (Prayer for Relief). Defendant denies Plaintiff's claims.[4]

## II.   This Notice of Removal is Timely Filed in the Proper Venue

3. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

4. Copies of the Summons and Complaint were attempted to be served upon Defendant solely by certified mail on March 24, 2023. Defendant asserts, preserves, and does not waive any and all defenses related to purported service of process upon Defendant, including without limitation that the Summons was not properly signed by the Clerk of DeKalb County Superior Court and that the Summons and Complaint were not properly served on Defendant under Georgia law.

5. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after

---

[4] Defendant intends to file a Motion to Dismiss within the time allowed by law. Nothing contained in this Notice of Removal is intended to or shall operate, in any way, to waive or otherwise limit any of the positions taken or intended to be taken in said Motion.

Defendant was allegedly served with the Summons and Complaint, subject to the defenses set forth in Paragraph 4 above.

6. The United States District Court for the Northern District of Georgia, Atlanta Division, is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending, as cases from DeKalb County are properly assigned to the Atlanta Division. *See* 28 U.S.C. § 90(a)(2); N.D. Ga. Local Rules, App'x A, at I(1). Thus, venue in this District is proper.

### III. This Court Has Federal Question Jurisdiction over Plaintiff's FDCPA Claim

7. Federal question jurisdiction exists over Plaintiff's claim under 28 U.S.C. § 1331, because the resolution of Plaintiff's claims will require adjudication of disputed questions of federal law. Federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In this case, federal question jurisdiction exists over this action pursuant to 28 U.S.C. § 1331.

8. Plaintiff alleges a cause of action under the FDCPA and seeks damages pursuant to such claim. *See generally* Compl. Because this claim arises under federal law, federal question jurisdiction exists. *See, e.g., Barry v. Wells*

*Fargo Clearing Servs., LLC*, No. 1:21-cv-01150-WMR, 2022 U.S. Dist. LEXIS 72147, at *7 (N.D. Ga. Mar. 8, 2022) ("Here, when Defendant filed its Notice of Removal, the Amended Complaint included the FDCPA claim. As the FDCPA claim arises under federal law, this Court had subject-matter jurisdiction under 28 U.S.C. § 1331 at the time that Defendant filed the Notice of Removal.").

**IV.     This Court has Supplemental Jurisdiction over the Remaining Claims**

9. This Court has supplemental jurisdiction over any and all statutory, state common law, or other nonfederal claims asserted in Plaintiff's Complaint pursuant to 28 U.S.C. § 1367, because those claims arise out of the same transaction as Plaintiff's purported federal claim, and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also, e.g., In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996). All of the claims asserted in Plaintiff's Complaint arise from her student loan obligations and payments toward same. *See generally* Compl. Thus, this Court has original jurisdiction over Plaintiff's federal FDCPA claim, and supplemental jurisdiction over the remaining claim asserted in Plaintiff's Complaint that Plaintiff did not assert under the FDCPA (i.e., attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11).

10. Accordingly, as the state court lawsuit is pending in the Superior

Court of DeKalb County, Georgia, Defendant is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the U.S. District Court for the Northern District of Georgia, Atlanta Division.

11.  In accordance with 28 U.S.C. § 1446(d), Defendant will promptly notify Plaintiff of the removal and will promptly file a copy of this Notice of Removal to Federal Court with the Clerk of the Superior Court of DeKalb County, Georgia.

Respectfully submitted this 19th of April, 2023.

**TAYLOR ENGLISH DUMA LLP**

By: */s/ Nicholas F. McDaniel*
Nicholas F. McDaniel
Georgia Bar No. 629771
Matthew R. Rosenkoff
Georgia Bar No. 842117
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Tel: (770) 434-6868
Fax: (770) 434-7376
nmcdaniel@taylorenglish.com
mrosenkoff@taylorenglish.com

*Counsel for Defendant Ascendium Education Group, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), counsel certifies that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1(C).

**TAYLOR ENGLISH DUMA LLP**

By: */s/ Nicholas F. McDaniel*
Nicholas F. McDaniel
Georgia Bar No. 629771
Matthew R. Rosenkoff
Georgia Bar No. 842117
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Tel: (770) 434-6868
Fax: (770) 434-7376
nmcdaniel@taylorenglish.com
mrosenkoff@taylorenglish.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April, 2023, a copy of the foregoing was filed via CM/ECF and further served upon Plaintiff by depositing a copy with adequate postage affixed for First Class mail delivery to the addresses below:

| | |
|---|---|
| Mozella Gibbons | Warren-Ruffins-Turner LLC |
| 1978 Creekside Court | P.O Box 5015 |
| Decatur, Georgia 30032 | Atlanta, Georgia 30302 |

By: /s/ *Nicholas F. McDaniel*
Nicholas F. McDaniel
Georgia Bar No. 629771