IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES GRINER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> PRIME RANGERS, INC., RANGERS ENTERPRISE SATELLITE LLC, and RINNEL WILLIAMS, <br><br> Defendants. | Civil Action File No. _____ |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Charles Griner, by and through counsel, files this Collective Action Complaint against Defendants Prime Rangers, Inc. ("Prime Rangers"), Rangers Enterprise Satellite LLC ("Rangers Enterprise"), and Rinnel Williams ("Williams") (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* by failing to pay Plaintiff and similarly situated employees overtime wages at the rate of 1 ½ times their regular rate of pay for hours worked in excess of 40 during the workweek. Plaintiff files this Complaint against Defendants to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of his claims, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendants to properly calculate and pay Plaintiff and similarly situated satellite technicians overtime wages during the period three years prior to the filing of this complaint, April 19, 2020, through the present.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

**A. Plaintiff Charles Griner.**

3. Plaintiff Griner is a resident of Georgia in this judicial district and division.

4. Plaintiff consents to be a party and opt-in Plaintiff in this lawsuit and to represent the collective classes adequately. See, Exhibit 1, Plaintiff's Declaration and Consent.

**B. Defendant Prime Rangers, Inc.**

5. Defendant Prime Rangers is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 1609 Meredith Park Dr, McDonough, GA 30253.

6. Defendant Prime Rangers' registered agent for service of process is Rinnel Williams, 1609 Meredith Park Dr, McDonough, GA 30253.

7. Defendant Prime Rangers had annual gross revenue and volume of sales more than $500,000.00 for each year in the relevant period.

**C. Rangers Enterprise Satellite LLC.**

8. Defendant Rangers Enterprise is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 3340 Peachtree Rd NE, Suite 1800, Atlanta, GA 30326.

9. Defendant Rangers Enterprise's registered agent for service of process is Michael Stringer, 5051 Peachtree Corners Circle, Suite 200, Peachtree Corners, GA, 30092.

10. Defendant Rangers Enterprise had annual gross revenue and volume of sales more than $500,000.00 for each year in the relevant period.

**D. Rinnel Williams.**

11. At all relevant times, Defendant Williams was the owner, general

manager, and primary decision maker relating to Plaintiffs' compensation and job duties during Plaintiff's employment by Prime Rangers.

12. At all relevant times, Defendant Williams was the owner, general manager, and/or primary decision maker relating to Plaintiffs' compensation and job duties during Plaintiff's employment by Rangers Enterprise.

13. Defendant Williams can be served at 2182 Plantation Road, Lawrenceville, GA, 30044.

14. At all relevant times, Defendants have continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

15. Defendants employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

**A. Plaintiff and other Technicians' Employment with Defendant.**

16. Defendants Rangers Enterprise and Williams employed Plaintiff as a satellite technician and installer during the approximate period March 2019 through July 2021.

17. In approximately August 2021, Defendant Prime Rangers succeeded Rangers Enterprise as Plaintiff's employer, and as the employer of the other Rangers Enterprise employees.

18. Defendants Prime Rangers and Williams employed Plaintiff as a satellite technician and installer during the approximate period August 2021 through March 17, 2023.

19. The terms and conditions of Plaintiff's employment by Defendants were substantially the same during the entire period March 2019 through March 17, 2023, with the exception being that Prime Rangers succeeded Rangers Enterprise as his employer beginning approximately in August 2021.

20. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA as a satellite technician and installer.

21. At all relevant times, Defendants employed other employees similarly situated to Plaintiff within the meaning of the FLSA as satellite technicians and installers ("Technicians").

22. Plaintiff's and other Technician's primary job duty was to install Dish Network satellite television systems.

23. In performing their job duties for Defendants, Plaintiff and other Technicians did not perform executive functions or have any duties regarding managing any aspect of Defendants' operations.

24. In performing their job duties for Defendants, Plaintiff and other Technicians did not direct or supervise the work of any employees.

25. In performing their job duties for Defendants, Plaintiff and other Technicians did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing or changing the status of any employee.

26. In performing their job duties for Defendants, Plaintiff and other Technicians did not exercise any discretion or independent judgment regarding matters of significance.

27. Plaintiff's and other Technicians' job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

28. Defendants incorrectly classified Plaintiff and other Technicians as independent contractors.

29. Defendants exerted significant control over Plaintiff's and other Technicians' work, including, but not limited to, the following:

    a. Defendants determined Plaintiff's and other Technicians' hours, schedule, and work location for each workday;

    b. Defendants provided and required Plaintiff and other Technicians to wear a uniform with Defendants' logo;

    c. Defendants required Plaintiff and other Technicians to clock in and clock

out each day and for each appointment;

d. Defendants required Plaintiff and other Technicians to drive Defendants' vans with Defendants' logo;

e. Defendants required Plaintiff and other Technicians to comply with Defendants' policies and procedures relating to performing duties for Defendants;

f. Defendants required Plaintiff and other Technicians to attend weekly meetings;

g. Plaintiff and other Technicians were managed by and required to answer to Defendants' management staff;

h. Plaintiff and other Technicians could not negotiate the amount they were paid by Defendants and were never paid directly by Defendants' customers;

i. Plaintiff and other Technicians could not negotiate the agreement they were required to sign to work for Defendants;

j. Defendants' routing manager controlled assignments to Plaintiff and other Technicians;

k. Plaintiff and other Technicians were not permitted to work for other installation companies; and

7

l. Plaintiff and other Technicians were required to work under the Dish Network's "Tech Identification Number" assigned to Defendants.

30. All the work that Plaintiff and other Technicians performed for Defendants were through Defendants' agreements with the clients and/or Dish Network, and under Defendants' terms and conditions.

31. The services rendered by Plaintiff and other Technicians were an integral part of Defendants' business.

32. Defendants received the majority of their revenue from the work performed by Plaintiff and other Technicians.

33. Defendants determined the amount Plaintiff and other Technicians were paid and what was charged to the clients.

34. Plaintiff and other Technicians had very little opportunity for profit or loss depending on managerial skill.

35. Plaintiff and other Technicians had little to no investment in equipment or materials needed to perform their duties.

36. Plaintiff's and other Technicians' services required no specialized skill or education.

37. Plaintiff and other Technicians maintained an ongoing, permanent working relationship with Defendants.

### B. Defendant Williams Is Personally Liable as an Employer.

#### 1. Williams Controlled Rangers Enterprise Conditions of Employment.

38. At all relevant times when Plaintiff and other Technicians were employed by Rangers Enterprise, Defendant Williams made hiring and firing decisions relating to Plaintiff and other Technicians, supervised and controlled Plaintiff's and other Technicians' conditions of employment, and made payment decisions.

39. Defendant Williams made the payment decision to misclassify Plaintiff and other Technicians as independent contractors, and to not pay Plaintiff and other Technicians overtime as required under the FLSA.

40. Defendant Williams is personally liable for the FLSA violations against Plaintiff and other Technicians during their employment by Defendants Rangers Enterprise and Williams.

#### 2. Williams Controlled Prime Rangers Conditions of Employment.

41. At all relevant times when Plaintiff and other Technicians were employed by Prime Rangers, Defendant Williams made hiring and firing decisions relating to Plaintiff and other Technicians, supervised and controlled Plaintiff's and other Technicians' conditions of employment, and made payment decisions.

42. Defendant Williams made the payment decision to misclassify

9

Plaintiff and other Technicians as independent contractors, and to not pay Plaintiff and other Technicians overtime as required under the FLSA.

43. Defendant Williams is personally liable for the FLSA violations against Plaintiff and other Technicians during their employment by Defendants Prime Rangers and Williams.

**C. Unpaid Overtime.**

44. Plaintiffs and other Technicians regularly worked more than 40 hours per workweek.

45. Defendants willfully and/or deliberately failed to pay Plaintiff and other Technicians overtime wages at the rate of 1 ½ times the regular rate of pay for hours worked more than 40 hours per workweek in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings this case on his own behalf and as an "opt-in" collective action on behalf of the following two classes of employees (the "Collective Classes") pursuant to 29 U.S.C. § 216(b):

1. **The Rangers Enterprise Collective Class:** All persons who, during the period beginning three years prior to the filing date of this Complaint, were employed by Defendants Rangers Enterprise as a Satellite Technician and were denied overtime wage compensation for hours worked over 40 hours in a given work week.

    2. **The Prime Rangers Collective Class:** All persons who, during the period beginning three years prior to the filing date of this Complaint, were employed by Defendants Prime Rangers as a Satellite Technician and were denied overtime wage compensation for hours worked over 40 hours in a given work week.

47. All members of the Rangers Enterprise Collective Class were similarly situated to Plaintiff in that:

    a. they were employed by Defendants Rangers Enterprise and Williams as Technicians during the period three years before the filing of this lawsuit through the approximate date of July 2021;

    b. they had primary job duties and conditions of employment as set out in paragraphs Nos. 22 through 37 above;

    c. they were employees of Defendants Rangers Enterprise and Williams but were improperly classified as independent contractors;

    d. they regularly worked more than 40 hours per workweek but were denied overtime compensation of 1 ½ times their regular rate of pay; and

    e. they were subjected to control by Defendant Williams over their employment as described in paragraphs Nos. 38 through 40 above.

48. All members of the Prime Rangers Collective Class were similarly situated to Plaintiff in that:

   a. They were employed by Defendants Prime Rangers and Williams as Technicians during the period three years before the filing of this lawsuit through the present;
   b. they had primary job duties and conditions of employment as set out in paragraphs Nos. 22 through 37 above;
   c. they were employees of Defendants Prime Rangers and Williams but were improperly classified as independent contractors;
   d. they regularly worked more than 40 hours per workweek but were denied overtime compensation of 1 ½ times their regular rate of pay; and
   e. they were subjected to the control by Defendant Williams over their employment as described in paragraphs Nos. 41 through 43 above.

49. Plaintiff, on behalf of himself and members of the Rangers Enterprise Collective Class and Prime Rangers Collective Class, seeks relief on a collective basis for Defendants' failure to properly pay overtime wages for all hours worked over 40 in a work week in violation of the FLSA.

50. Each Collective Class is so numerous that joinder of all members is

impracticable.

51.     Plaintiff will fairly and adequately protect the interests of the Collective Classes and has retained counsel that are experienced and competent in the fields of employment law and collective action litigation.  Plaintiff has no interest that is contrary to or in conflict with members of the Collective Classes.

52.     This Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy.

53.     Plaintiff has given his written consent to become a party Plaintiff in this collective action on behalf of the Rangers Enterprise Collective Class and the Prime Ranges Collective Class pursuant to the FLSA.  Plaintiff's written consent is attached hereto as "Exhibit 1."

**<u>COUNT I</u>**
**FAIR LABOR STANDARDS ACT VIOLATIONS**
**Individually and on behalf of the Rangers Enterprise Collective Class against Defendants Rangers Enterprise and Williams**

54.     Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

55.     At all relevant times, Defendants Rangers Enterprise and Williams were engaged in interstate commerce and/or the production of services for commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

56. Defendants Rangers Enterprise and Williams employed Plaintiff and members of the Rangers Enterprise Collective Class within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

57. At all relevant times before Prime Rangers succeeded Rangers Enterprise as employer, Defendants Rangers Enterprise and Williams were an enterprise (as that term is defined in 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff and Rangers Enterprise Collective Class members) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

58. At all relevant times before Prime Rangers succeeded Rangers Enterprise as employer, Defendants Rangers Enterprise and Williams had annual gross revenue and volume of sales more than $500,000.00 for each year in the relevant period.

59. At all relevant times before Prime Rangers succeeded Rangers Enterprise as employer, Defendants Rangers Enterprise and Williams had a practice and procedure of failing to pay Plaintiff and Rangers Enterprise Collective Class members overtime wages in violation of the FLSA.

60. The foregoing conduct by Rangers Enterprise and Williams, as

alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

61. Plaintiff and Rangers Enterprise Collective Class members suffered damages due to Defendants' willful misconduct.

62. Defendant Williams exercised such extensive control over Plaintiff's and Rangers Enterprise Collective Class members' employment that he is personally liable for unpaid overtime and the violations of the FLSA alleged herein.

63. Due to the FLSA violations of Rangers Enterprise and Williams, Plaintiff and Rangers Enterprise Collective Class members were damaged and are entitled to recover from Defendants Rangers Enterprise and Williams compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**FAIR LABOR STANDARDS ACT VIOLATIONS**
**Individually and on behalf of the Prime Rangers Collective Class against Defendants Prime Rangers and Williams**

64. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

65. At all relevant times after Prime Rangers succeeded Rangers

Enterprise as Plaintiff's employer, Defendants Prime Rangers and Williams were engaged in interstate commerce and/or the production of services for commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66. At all relevant times after Prime Rangers succeeded Rangers Enterprise as Plaintiff's employer, Defendants Prime Rangers and Williams employed Plaintiff and members of the Prime Rangers Collective Class within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

67. At all relevant times after Prime Rangers succeeded Rangers Enterprise as Plaintiff's employer, Defendants Prime Rangers and Williams were an enterprise (as that term is defined in 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff and Prime Rangers Collective Class members) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

68. Defendants Prime Rangers and Williams had annual gross revenue and volume of sales more than $500,000.00 for each year in the relevant period.

69. At all relevant times after Prime Rangers succeeded Rangers Enterprise as Plaintiff's employer, Defendants Prime Rangers and Williams had a policy and practice of failing to pay Plaintiff and Prime Rangers Collective Class members overtime wages in violation of the FLSA.

70. The foregoing conduct by Prime Rangers and Williams, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

71. Plaintiff and Prime Rangers Collective Class members suffered damages due to Defendants' willful misconduct.

72. Defendant Williams exercised such extensive control over Plaintiff's and Prime Rangers Collective Class members' employment that he is personally liable for unpaid overtime and the violations of the FLSA alleged herein.

73. Due to the FLSA violations of Prime Rangers and Williams, Plaintiff and Prime Rangers Collective Class members were damaged and are entitled to recover from Defendants Prime Rangers and Williams compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests a trial by jury and that this Court grant the following relief:

A. Conditionally certifying and certifying this action as a collective action on behalf of the Plaintiff and members of the Collective Classes;

B. Prompt issuance of notice to all members of Collective Classes, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Opt-In, and appointing Plaintiff and his counsel to represent the Collective Class members;

C. Award of all unpaid wages, including but not limited to, all unpaid overtime wage compensation, due under the FLSA to Plaintiff and the Collective Class members;

D. Award of liquidated damages to the Plaintiff and Collective Class members;

E. Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

F. Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this April 19, 2023.

                                           **HALL & LAMPROS, LLP**

                                           /s/ *Gordon Van Remmen*
                                           Christopher B. Hall
                                           Ga. Bar # 318380
                                           Gordon Van Remmen
                                           Ga. Bar # 215512

300 Galleria Parkway
Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*

Plaintiff's counsel certifies that this Complaint is in 14-point Times New Roman font.