**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CHARLES JONES and DONNA JONES, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. _____ |
| v. | ) ) | [On removal from the Superior Court |
| STATE FARM FIRE AND CASUALTY COMPANY, A foreign corporation, | ) ) ) ) | of Gwinnett County, Civil Action File No. 23-A-02205-9] |
| Defendant. | ) ) | |

## STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, State Farm Fire and Casualty Company ("State Farm"), Defendant in the above-styled action, and hereby files its Affirmative Defenses and Answer to Plaintiffs Charles Jones and Donna Jones Complaint and responds as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against State Farm upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to assert a claim for breach of contract against State Farm for purported damage (the "Loss") to property located at 1101 Timber Ridge Road, Watkinsville, Georgia 30677 (the "Property"), which is the subject of Plaintiffs' Complaint, Plaintiffs' action should be dismissed because State Farm did not breach its contract with Plaintiffs and, at all times relevant to this action, has acted in accordance with the terms and conditions of State Farm homeowners policy number 81-J3-1286-3 (the "Policy") and all applicable Georgia law.

## THIRD AFFIRMATIVE DEFENSE

State Farm has not breached any duty owed under its insurance contract with Plaintiffs and, therefore, Plaintiffs may not recover from State Farm in any sum or manner whatsoever.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks, or is construed as seeking, to recover bad faith penalties or attorneys' fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiffs, as Plaintiffs failed to satisfy the substantive and/or procedural requirements for making a bad faith claim as required under O.C.G.A. § 33-4-6.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover from State Farm under the Policy because Plaintiffs breached the terms and conditions of the Policy.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have alleged causes of action for attorneys' fees pursuant to O.C.G.A. §§ 13-6-11 or 9-15-14, Plaintiffs' Complaint fails to state a claim against State Farm upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

State Farm is not indebted to Plaintiffs for the sum sought or in any amount whatsoever.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering the amount asserted in their Complaint because their alleged damages are speculative and Plaintiffs did not actually incur and/or are not likely to incur these damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are limited by the coverage limits and conditions set forth in the Policy.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover for any damages that occurred outside the subject policy period, or more than one year before March 21, 2023.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover any additional benefits under the Policy because Plaintiffs failed to satisfy their duties as required under the Policy. Specifically, the Policy provides in **SECTION I – CONDITIONS:**

2.   **Your Duties After Loss**. After a loss to which this insurance may apply, **you** must cooperate with **us** in the investigation of the claim and also see that the following duties are performed:

a.   give immediate notice to **us** or **our** agent . . .

b.   protect the property from further damage or loss and also:

(1) make reasonable and necessary temporary repairs required to protect the property; and

(2)   keep an accurate record of repair expenses;

c.   prepare an inventory of damaged or stolen personal property:

(1)   showing in detail the quantity, description, age, replacement cost, and amount of loss; and

       (2)  attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d.     as often as *we* reasonably require:

       (1)  exhibit the damaged property;

       (2) provide *us* with records and documents we request and allow *us* to make copies;

       . . .

e.     submit to *us*, within 60 days after the loss, *your* signed, sworn proof of loss which sets forth, to the best of *your* knowledge and belief:

       (1)  the time and cause of loss;

       (2)  interest of the ***insured*** and all others in the property involved and all encumbrances on the property;

       (3)  other insurance which may cover the loss;

       (4)  changes in title or occupancy of the property during the term of this policy;

       (5)  specifications of any damaged building and detailed estimates for repair of the damage;

       (6)  an inventory of damaged or stolen personal property described in 2.c.;

> (7)   receipts for additional living expenses incurred and records supporting the fair rental value loss; and

. . .

## **TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to recover from State Farm because the Claim is not payable in accordance with the terms and provisions of the Policy. Specifically, the Policy provides in **SECTION I – CONDITIONS**:

> 8.   **Loss Payment**.  *We* will adjust all losses with *you*. *We* will pay *you* unless some other person is named in the policy or is legally entitled to receive payment.  Loss will be payable 60 days after *we* receive *your* proof of loss and:
>
> a.   reach agreement with *you*;
>
> b.   there is an entry of a final judgment; or
>
> c.   there is a filing of an appraisal award with *us*.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot maintain a claim for replacement cost benefits against State Farm because the Policy provides that State Farm will pay no more than the actual cash value to repair the covered damage to the dwelling unless actual repair or replacement is complete and the insured has submitted documentation to State

Farm establishing that the expense has been incurred. Marchman v. Grange Mut. Ins. Co., 232 Ga. App. 481, 483 (1998).

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to recover the damages set forth in their Complaint because this amount does not reflect the reasonable cost to replace or repair the alleged damages resulting from a covered cause of loss to the Property with equivalent construction for equivalent use and to return Plaintiffs to their pre-loss condition.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover from State Farm under the Policy because Plaintiffs failed to satisfy the conditions precedent to recovery. Specifically, the Policy provides in **SECTION I – CONDITIONS**:

> **6.**     **Suit Against Us**.  No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to recover for any alleged damages under **COVERAGE A – DWELLING** to the extent those damages did not result from a fortuitous loss

and/or "accidental direct physical loss to property" as required by the Policy. The

Policy provides in **SECTION I – LOSSES INSURED**:

### COVERAGE A – DWELLING

*We* will pay for accidental direct physical loss to the
property described in Coverage A, unless the loss is
excluded or limited in **SECTION I – LOSSES NOT
INSURED** or otherwise excluded or limited in this policy.
However, loss does not include and *we* will not pay for,
any *diminution in value*.

### <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs may not recover from State Farm because the Policy specifically

excludes coverage for Plaintiffs' claimed damages. Specifically, the Policy provides:

### SECTION I – LOSSES NOT INSURED

1. *We* will not pay for any loss to the property
   described in Coverage A which consists of, or is
   directly and immediately caused by, one or more of
   the perils listed in items a. through m. below,
   regardless of whether the loss occurs abruptly or
   gradually, involves isolated or widespread damage,
   arises from natural or external forces, or occurs as a
   result of any combination of these:

   . . .

   f.   seepage or leakage of water, steam, or
        sewage that occurs or develops over a period
        of time:

(1) and is:

    (a) continuous;

    (b) repeating;

    (c) gradual;

    (d) intermittent;

    (e) slow; or

    (f) trickling; and

(2) from a:

    (a) heating, air condition, or automatic fire protective sprinkler system;

    (b) household appliance; or

    (c) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.

*We* will also not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time.

Item f. does not apply if the seepage or leakage of water, steam, or sewage is hidden from view within the walls, ceilings, or floors, and unknown by the ***insured***.

g.  wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

h.  corrosion, electrolysis, or rust;

. . .

k.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings;

. . .

However, ***we*** will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured as described in this Section.

. . .

2.   *We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. *We* will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or external forces, or occurs as a result of any combination of these:

. . .

d.   **Neglect**, meaning neglect of the ***insured*** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

. . .

3.   *We* will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, *we* will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

. . .

b.   defect, weakness, inadequacy, fault, or unsoundness in:

(1) planning, zoning, development, surveying, or siting;

(2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(4) maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the *residence premises*; …

. . .

## HO-2584 FUNGUS (INCLUDING MOLD) LIMITED COVERED ENDORSEMENT

### SECTION I – ADDITIONAL COVERAGES

The following is added:

**Remediation of Fungus.**

. . .

b.  *We* do not cover *fungus* that is the result of:

(1) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:

(a) and is:

        i.     continuous;

        ii.    repeating;

        iii.   gradual;

        iv.   intermittent;

        v.    slow; or

        vi.   trickling; and

   (b)   from a:

        i.     heating, air conditioning, or automatic fire protective sprinkler system;

        ii.    household appliance; or

        iii.   plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.

*We* also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time.

Item b. does not apply if the seepage or leakage of water, steam, or sewage is hidden from view within the walls, ceilings, or floors, and unknown by the *insured*.

. . .

## <u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

To the extent that Plaintiffs seek additional amounts in excess of the "actual cash value" of damage to the Property, Plaintiffs may not recover because Plaintiffs failed to comply with the policy terms and conditions relating to loss settlement. The Policy provides in **SECTION I – LOSS SETTLEMENT**:

> Only the **Loss Settlement Provisions** shown in the ***Declarations*** apply. ***We*** will settle covered property losses according to the following.  However, the valuation of any covered property losses does not include, and ***we*** will not pay, any amount for ***diminution in value***.
>
> **COVERAGE A – DWELLING**
>
> 1. **A1 – Replacement Cost Loss Settlement – Similar Construction**.
>
>    a. ***We*** will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the ***Declarations***, the damaged part of the property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:
>
>       (1) until actual repair or replacement is completed, ***we*** will pay only the ***actual cash value*** of the damaged part of the property, up to the applicable limit of

liability shown in the *Declarations*, not to exceed the cost to repair or replace the damaged part of the property;

(2)    when the repair or replacement is actually completed, *we* will pay the covered additional amount *you* actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the *Declarations*, whichever is less;

(3)    to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify *us* within 30 days after the work has been completed; and

(4)    *we* will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a *building structure* or other structure, except as provided under **OPTIONAL POLICY PROVISIONS, Option OL – Building Ordinance or Law**.

b.    Wood Fences: *We* will pay the *actual cash value* for loss or damage to wood fences, not to exceed the limit of liability shown in the *Declarations* for **COVERAGE A – Other Structures**.

## NINETEENTH AFFIRMATIVE DEFENSE

State Farm is not liable to Plaintiffs because Plaintiffs failed to properly mitigate their damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from recovering from State Farm benefits related to any exaggerated or exacerbated damages to the Property and personal property due to Plaintiffs' failure to mitigate their damages or protect the Property as required by the Policy, among other reasons.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The facts and circumstances forming the basis of Plaintiffs' Complaint were brought about by, and as a result of, Plaintiffs' conduct for which there is no coverage under the Policy, and Plaintiffs are therefore estopped or precluded from recovery herein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

No act or omission on the part of State Farm caused or contributed to any of the alleged injuries or damages claimed by Plaintiffs and, therefore, Plaintiffs are not entitled to recover from State Farm.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs attempt to impose duties upon State Farm aside from those set forth in the Policy, Plaintiffs' claims fail in both fact and law. Georgia law does not impose extra-contractual duties on insurers or their adjusters when adjusting claims asserted by insureds.  Moreover, at all times relevant hereto, State Farm has acted in good faith and in accordance with the terms and conditions of the Policy.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

State Farm denies that the damages alleged in the Complaint were proximately caused by any conduct on the part of State Farm.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to establish a cause of action against State Farm based on the provisions of Georgia's Unfair Claims Settlement Practices Act contained in O.C.G.A. § 33-6-34, Plaintiffs fail to state a claim upon which relief

could be granted. By its express terms, the Unfair Claims Settlement Practices Act does not create a private cause of action. O.C.G.A. § 33-6-37.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek recovery of damages for claims which occurred prior to the alleged April 16, 2022 Loss, recovery of such damages is time-barred in accordance with the terms and provisions of the Policy and applicable Georgia law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

State Farm expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery. Subject to and without waiving any of their other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific allegations contained in the individual and enumerated paragraphs of the Complaint as follows:

## PARTIES

1.

Upon information and belief, State Farm admits that Plaintiffs are residents of Oconee County, Georgia.

2.

State Farm admits the allegations in Paragraph 2 of the Complaint, in part.
State Farm admits that it maintains a registered agent in Gwinnett County, Georgia.
State Farm responds further that it is incorporated in, and its principal place of
business is in, Bloomington, Illinois and that it is a citizen of the State of Illinois.
State Farm denies all remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.

In response to the allegations contained in Paragraph 3 of the Complaint,
Defendant admits only that the Superior Court of Gwinnett County has jurisdiction
over this matter but denies all remaining allegations contained in Paragraph 3 of the
Complaint, including, but not limited to, any allegations that the Superior Court of
Gwinnett County is the only court having jurisdiction over this matter and any
allegations that Defendant breached its contract with Plaintiffs or otherwise acted in
bad faith.

4.

In response to the allegations contained in Paragraph 4 of the Complaint,
Defendant admits only that the Superior Court of Gwinnett County is a proper venue
in which to bring this matter, but denies all remaining allegations contained in

Paragraph 4 of the Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only venue in which this matter could be brought and any allegations that Defendant breached its contract with Plaintiffs or otherwise acted in bad faith.

5.

In response to the allegations contained in Paragraph 5 of the Complaint, State Farm responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 5 of the Complaint that are in direct contravention of the express language of the Policy.

**THE POLICY**

6.

In response to the allegations contained in Paragraph 6 of the Complaint, State Farm responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 6 of the Complaint that are in direct contravention of the express language of the Policy. Responding further, State Farm admits that a true and accurate copy of policy no. 81-J3-1286-3 is attached to the Complaint as Exhibit "A."

7.

In response to the allegations contained in Paragraph 7 of the Complaint, State Farm responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 7 of the Complaint that are in direct contravention of the express language of the Policy.  State Farm admits that the Property is insured under the Policy, subject to all terms, conditions, and exclusions contained within the Policy and applicable Georgia law.

8.

In response to the allegations contained in Paragraph 8 of the Complaint, State Farm responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 8 of the Complaint that are in direct contravention of the express language of the Policy. State Farm admits that the Property is insured under the Policy, subject to all terms, conditions, and exclusions contained within the Policy and applicable Georgia law. The Policy provides only named peril coverage for personal property.

9.

In response to the allegations contained in Paragraph 9 of the Complaint, State Farm responds that the Policy speaks for itself, and it denies all allegations contained in Paragraph 9 of the Complaint that are in direct contravention to the express

language of the Policy. State Farm admits that the Property is insured under the Policy, subject to all terms, conditions, and exclusions contained within the Policy and applicable Georgia law.

## SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY

10.

In response to the allegations contained in Paragraph 10 of the Complaint, State Farm admits only that Property sustained water damage. State Farm cannot admit or deny when the Loss occurred or the remaining allegations contained in Paragraph 10 of the Complaint and, thus, it denies the same.

11.

In response to the allegations contained in Paragraph 11 of the Complaint, State Farm admits only that Plaintiffs made a claim under the Policy and that State Farm assigned adjusters to investigate Plaintiffs' claim for the purported Loss. State Farm denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.

In response to the allegations contained in Paragraph 12 of the Complaint, State Farm admits only that Plaintiffs made the Property available to State Farm to inspect the purported Loss after certain repairs and demolition had occurred. State

Farm denies that Plaintiffs fully cooperated with State Farm and all remaining allegations contained in Paragraph 12 of the Complaint.

13.

In response to the allegations contained in Paragraph 13 of the Complaint, State Farm admits that one of its adjusters, Whitney Freeman, performed a site inspection of the Property.

14.

In response to the allegations contained in Paragraph 14 of the Complaint, State Farm admits only that its representative, Whitney Freeman, investigated aspects of the Loss and the Claim. Except as otherwise admitted herein, State Farm denies all remaining allegations contained in Paragraph 14 of the Complaint. State Farm denies that it owed any duty to Plaintiffs beyond that set forth in the Policy.

15.

In response to the allegations contained in Paragraph 15 of the Complaint, State Farm admits that it denied Plaintiffs' claim. However, State Farm denies all remaining allegations contained in Paragraph 15.

16.

State Farm denies the allegations contained in Paragraph 16 of the Complaint.

17.

In response to the allegations contained in Paragraph 17 of the Complaint, State Farm admits only that it received the written communication requesting payment that is attached as Exhibit "B" to the Complaint. State Farm denies all remaining allegations contained in Paragraph 17 of the Complaint.

18.

In response to the allegations contained in Paragraph 18 of the Complaint, State Farm responds that Exhibit "B" to the Complaint speaks for itself, and it denies all remaining allegations contained in Paragraph 18 of the Complaint.

19.

State Farm denies the allegations contained in Paragraph 19 of the Complaint.

20.

State Farm denies the allegations contained in Paragraph 20 of the Complaint.

21.

State Farm denies the allegations contained in Paragraph 21 of the Complaint.

22.

State Farm denies the allegations contained in Paragraph 22 of the Complaint.

## <u>COUNT I: BREACH OF CONTRACT</u>

### 23.

To the extent a response is required to the allegations contained in Paragraph 23 of the Complaint, State Farm hereby incorporates by reference its responses to Paragraphs 1 through 22 as if each were fully set forth herein.

### 24.

State Farm denies the allegations contained in Paragraph 24 of the Complaint.

### 25.

State Farm denies the allegations contained in Paragraph 25 of the Complaint, as stated.

### 26.

State Farm denies the allegations contained in Paragraph 26 of the Complaint.

### 27.

State Farm denies the allegations contained in Paragraph 27 of the Complaint.

### 28.

State Farm denies the allegations contained in Paragraph 28 of the Complaint.

### 29.

State Farm denies the allegations contained in Paragraph 29 of the Complaint.

30.

State Farm denies the allegations contained in Paragraph 30 of the Complaint.

31.

Paragraph 31 of the Complaint does not contain allegations that require a response from State Farm, but State Farm denies the relief sought and any allegations relied upon in seeking such relief.

**COUNT II: BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6**

32.

To the extent a response is required to the allegations contained in Paragraph 32 of the Complaint, State Farm hereby incorporates by reference its responses to Paragraphs 1 through 31 as if each were fully set forth herein.

33.

State Farm denies the allegations contained in Paragraph 33 of the Complaint.

34.

State Farm denies the allegations contained in Paragraph 34 of the Complaint.

35.

State Farm denies the allegations contained in Paragraph 35 of the Complaint, including all subparts.

36.

State Farm denies the allegations contained in Paragraph 36 of the Complaint.

37.

State Farm denies the allegations contained in Paragraph 37 of the Complaint.

38.

State Farm denies the allegations contained in Paragraph 38 of the Complaint.

39.

State Farm denies the allegations contained in Paragraph 39 of the Complaint.

40.

Paragraph 40 of the Complaint does not contain allegations that require a response from State Farm, but State Farm denies the relief sought and any allegations relied upon in seeking such relief.

## DEMAND FOR JURY TRIAL

41.

Paragraph 41 of the Complaint does not contain allegations that require a response from State Farm, but State Farm denies the relief sought and any allegations relied upon in seeking such relief.

## **PRAYER FOR RELIEF**

### 42.

State Farm denies the allegations contained in Paragraph 42 of the Complaint, including all subparts.

### 43.

State Farm denies each and every remaining allegation contained in the Complaint not specifically admitted herein, including all of Plaintiffs' requests for relief.

WHEREFORE, State Farm requests that the following relief be granted:

a)   That Plaintiffs' Complaint be dismissed with prejudice;

b)   That State Farm be awarded assessments, interest, and late charges, in amounts to be proven at trial;

c)   That State Farm be awarded its reasonable attorneys' fees and costs incurred in asserting its rights through this action;

d)   That State Farm be awarded such other and further relief as this Court deems just and proper.

This 20th day of April, 2023.

                              SWIFT, CURRIE, McGHEE & HIERS, LLP

                              */s/ Mark T. Dietrichs*
                              Mark T. Dietrichs
                              Georgia Bar No. 221722
                              Christopher A. Wood
                              Georgia Bar No. 272768
                              *Attorneys for Defendant State Farm Fire*
                              *and Casualty Company*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
Fax:   (404) 888-6199
mark.dietrichs@swiftcurrie.com
christopher.wood@swiftcurrie.com

<u>**CERTIFICATE OF SERVICE**</u>

I have this day electronically filed the foregoing **STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** with the Clerk of Court using the CM/ECF System.

The clerk will serve opposing counsel as follows:

Foster L. Peebles
D. Bruce Janzen, Jr.
THE HUGGINS LAW FIRM, LLC
110 Norcross Street, Roswell, GA 30075
fpeebles@lawhuggins.com
bruce@lawhuggins.com
*Attorneys for Plaintiff*

This 20th day of April, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Mark T. Dietrichs*
Mark T. Dietrichs
Georgia Bar No. 221722
Christopher A. Wood
Georgia Bar No. 272768
*Attorneys for Defendant State Farm Fire
and Casualty Company*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
Fax:   (404) 888-6199
mark.dietrichs@swiftcurrie.com
christopher.wood@swiftcurrie.com