IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA

| | |
|---|---|
| NICHOLAS CHUMNEY-LAMBKIN,<br><br>  Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC.<br><br>  Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

Comes Now, Plaintiff, Nicholas Chumney-Lambkin ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant Dolgencorp, LLC ("Defendant") and states as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

3.

Plaintiff has fulfilled all conditions necessary to proceed with her claims under Title VII.

4.

Plaintiff filed an EEOC Charge.

5.

The EEOC issued its Notice of Right to Sue on Plaintiff's EEOC Charge on January 26, 2023.

## PARTIES

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

8.

At all relevant times, Defendant employed fifteen or more employees for the requisite duration under Title VII.

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, CSC of Cobb County, Inc., at 192 Anderson Street SE, Suite 125, Marietta, GA, 30060, USA.

## FACTUAL ALLEGATIONS

10.

Plaintiff is a person of African ancestry, colloquially referred to as black.

11.

Plaintiff began working for Defendant as a sales associate on or about May 14, 2022.

12.

Plaintiff worked at least 30 hours per week.

13.

Plaintiff would sometimes work at a store other than his main store that was managed by a Store Manager named Jessica.

14.

At some point during that time, an alarm went off, startling Plaintiff, and Jessica made the comment "don't worry Nick I have white privilege."

15.

On June 16, 2022, Plaintiff picked up a shift at Jessica's store.

16.

While Plaintiff was working that shift, Assistant Store Manager Aubrey called Plaintiff a "ni(racial expletive)a."

17.

Plaintiff reported that Aubrey had called him the racial slur to the Store Manager, Jessica, the next day, June 17, 2022.

18.

Jessica told the Plaintiff that he was lying.

19.

Jessica instructed Plaintiff to leave the property.

20.

That same day, Plaintiff reported the use of the racial slur towards him and Jessica's actions to District Manager Kevin.

21.

Plaintiff told Chris that he was being discriminated against because of his race.

22.

Chris told Plaintiff there would be an investigation into Jessica as a result of his report.

23.

Soon after Plaintiff reported to Chris, Deborah started decreasing his work hours.

24.

Around this time, Deborah made a comment to Plaintiff that made it clear she did not like that Plaintiff had reported what had happened.

25.

Deborah said something along the lines of not liking that Plaintiff "talked back" to Jessica and that she didn't like the fact that Plaintiff had reported what had happened to the District Manager.

26.

Plaintiff asked Deborah to be placed on the schedule like he had been before his report several times.

27.

Deborah did not return Plaintiff to the hours he had worked before his report.

28.

Plaintiff then filed a complaint with Human Resources where he reported that he was being discriminated against because of his race.

29.

On or about August 1, 2022, Defendant provided Plaintiff with a separation notice indicating that he had failed to meet its performance needs.

30.

Plaintiff did not have performance issues.

31.

In fact, before the reports and incidents, Defendant gave Plaintiff a raise.

## COUNTS
## COUNT I: RETALIATION IN VIOLATION OF TITLE VII

32.

Plaintiff reasserts paragraphs 10-36 of this Complaint as if set forth fully herein.

33.

Plaintiff engaged in protected activity under Title VII by, *inter alia*, reporting to a Store Manager that an employee had called him a racial slur, by reporting being called a racial slur and other racist conduct to a District Manager, and by reporting being called a racial slur and other racist conduct to Human Resources.

34.

Defendant terminated Plaintiff and cut Plaintiff's hours for his protected activity, in violation of Title VII.

35.

Defendant's alleged reason for cutting Plaintiff's hours is pretext for unlawful retaliation.

36.

Defendant's alleged reason for terminating Plaintiff is pretext for unlawful retaliation.

37.

Causation may be inferred by the close timing between Plaintiff's protected activity and his termination and the cutting of his hours. Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

38.

Plaintiff is therefore entitled to recover lost wages plus interest, reinstatement or front pay, compensatory damages for emotional distress and harm to his reputation, other compensatory damages, punitive damages, attorneys' fees, and costs.

## COUNT II
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

39.

Plaintiff realleges and incorporates paragraphs 10-36 as if set forth fully herein.

40.

Plaintiff is African American. Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

41.

Plaintiff performed his contractual obligations.

42.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

43.

Plaintiff is a member of a protected class; he is African American.

44.

Plaintiff's complaints and opposition to the racist conduct outlined above constitute protected activity under 42 U.S.C. § 1981.

45.

Defendant subjected Plaintiff to adverse actions (to wit, termination and cutting his work hours) because of his protected conduct. The adverse actions to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

46.

There was a causal connection between the protected conduct and the adverse action of termination.

47.

There was a causal connection between the protected conduct and the adverse action of cutting Plaintiff's hours.

48.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

49.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

50.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A) Trial by jury as to all issues;

B) Judgment in his favor;

C) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

D) Lost wages;

E) Injunctive relief of reinstatement and prohibition of Defendant from further unlawful conduct of the type described herein, or in lieu thereof, front pay;

F) Punitive damages;

G) Compensatory damages, including damages for emotional distress;

H) Prejudgment interest at the rate allowed by law;

I) Reasonable attorney's fees and litigation costs; and

J) Any such other and further relief as the Court may deem appropriate.

This 20th day of April, 2023.

**BARRETT & FARAHANY**
/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

P.O. BOX 530092
Atlanta, GA 30343-0092
T: (404) 214-0120
F: (404) 214-0125
severin@justiceatwork.com