# EXHIBIT "B"



3200 N. Central Avenue, 20th Floor, Phoenix, AZ 85012
jaburgwilk.com

Michael B. Dvoren
mbd@jaburgwilk.com
602.248.1067 - Direct Phone
602.248.0522 - Main Fax

June 9, 2020

**Via Certified Mail and Email**

Attn: Jeremy Cropper
Masterscapes, LLC
5211 Long Hollow Road
Rock Spring, GA 30739
masterscapeslc@gmail.com

      Re:    Trademark Infringement of MASTERSCAPES, U.S. Registration No. 2,032,316.

Mr. Cropper,

      This law firm represents Dan and Cathy Haught (together, the **"Haughts"**) and MasterScapes, Inc. (hereafter, "**MasterScapes**") in connection with their intellectual property matters.

      As you may be aware, MasterScapes recently communicated with Facebook regarding your and Masterscapes, LLC's (collectively hereafter, "**you**" or "**your**") infringement of the Haughts' federally registered MASTERSCAPES trademark, U.S. Registration No. 2,032,316 (hereafter, the "**Mark**"). A copy of the federal trademark registration certificate for the Mark is attached hereto as **Exhibit A**.

      The Haughts have continuously used the Mark in commerce since 1994 and it has since become "incontestable" under federal law. As such, the registration certificate attached as Exhibit A constitutes conclusive evidence of the Mark's validity and registration, the Haughts' ownership of it, and their *exclusive right to use it*[1] in commerce *throughout the United States*. *See* 15 U.S.C. § 1115(b); 15 U.S.C. § 1065.

      The registration certificate also confers *nationwide* priority to the Haughts going back to at least the March 18, 1996 federal filing date. *See* 15 U.S.C. § 1057(c). Accordingly, the Haughts' legal rights in and to the Mark are superior to any rights you might claim or believe you have in or to "Masterscapes."

      Your ongoing use of the identical "Masterscapes" mark creates a likelihood of confusion given the identical and closely related services advertised and provided by both you and my clients. Through your Facebook page (https://www.facebook.com/masterscapesllc/), you advertise, market, promote,

---

[1]     The Haughts use the Mark through their company, MasterScapes. *See* 15 U.S.C. § 1055 (allowing the use of a trademark by companies related to registrant without affecting the trademark's validity or registration).

Jeremy Cropper
June 9, 2020
Page 2

offer, sell and provide "*Lawn Care, Landscaping, Land Clearing, Stump Grinding & more!*" The Mark is registered in Class 042 for "landscape gardening design for others; landscape gardening; law [sic] care; irrigation systems design for others" (*see* Exhibit A) and my clients advertise, market, promote, offer, sell and provide these specified services under the Mark.

For at least the reasons above, which are non-exhaustive, your continuous and unauthorized use of the identical "Masterscapes" mark constitutes trademark infringement and unfair competition under federal law. *See* 15 U.S.C. § 1114; 15 U.S.C. § 1125(a).

My clients hereby demand that you cease all uses of "Masterscapes" within thirty (30) days of your receipt of this letter and transition to a new business name and brand that does not use or incorporate their federally protected Mark. If 30 days is unfeasible, my clients may be willing to discuss and come to an agreement on a slightly longer timeframe for you to transition to a new name.

If I do not receive a written response from you by or before **Tuesday, June 23, 2020**, agreeing to cease all uses of "Masterscapes" within the timeframe specified, my clients may be forced to take legal action against you to enforce their federally protected trademark rights. Such action would include seeking monetary damages, attorney's fees, recoverable costs, and an injunction to preclude you from continuing to infringe the Mark.

Nothing contained in or omitted from this letter shall be deemed a waiver of any of my clients' rights or remedies with respect to this matter, nor is this letter intended to be a full and complete recitation of the facts, law, or issues that will be addressed if this matter proceeds to litigation. Additionally, this letter is intended for settlement purposes only and, pursuant to Federal Rule of Evidence 408, is not admissible in any legal proceeding.

I look forward to receiving your written response from you by or before **June 23, 2020** and hopefully resolving this dispute without the need for legal action.

        Sincerely,

        **JABURG & WILK, P.C.**

        Michael B. Dvoren

MBD:mbd

cc: Dan and Cathy Haught; MasterScapes, Inc.

# EXHIBIT A

Int. Cls.: **37 and 42**

Prior U.S. Cls.: **100, 101, 103 and 106**

**United States Patent and Trademark Office**

Reg. No. **2,032,316**
Registered Jan. 21, 1997

## SERVICE MARK
### PRINCIPAL REGISTER

## MASTERSCAPES

HAUGHT, CATHY (UNITED STATES CITIZEN)
226 WASHINGTON BOULEVARD
ABILENE, TX 79601 AND

HAUGHT, DAN (UNITED STATES CITIZEN)
226 WASHINGTON BOULEVARD
ABILENE, TX 79601

FOR: INSTALLATION AND MAINTENANCE OF IRRIGATION SYSTEMS, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 5-1-1994; IN COMMERCE 5-1-1994.

FOR: LANDSCAPE GARDENING DESIGN FOR OTHERS; LANDSCAPE GARDENING; LAW CARE; IRRIGATION SYSTEMS DESIGN FOR OTHERS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 5-1-1994; IN COMMERCE 5-1-1994.

SER. NO. 75-073,719, FILED 3-18-1996.

ANN E. SAPPENFIELD, EXAMINING ATTORNEY