

Exhibit F



Principal National Life Insurance Company
Principal Life Insurance Company
Principal Securities, Inc.

November 21, 2022

BENITA ALLEN

CONYER GA 30013-2258

RE:   Insured – Xavier Cannada
      Policyowner(s) – Benita Allen
      Life Insurance Policy Number 9668246

Dear Ms. Benita Allen,

We have completed our review of Xavier Cannada's application for Policy 9668246, which was issued based on the information he provided.  Our review also included documentation we received during our claim review.

Principal National Life Insurance Company ("Principal National Life") obtained and reviewed Xavier Cannada's application for life insurance, including Parts A, B, C, D, Supplemental Statement, his medical records and other supplemental documents. We did so to determine if the life insurance benefits from the Policy issued to Xavier Cannada are payable.  Based on our review, we determined the life insurance benefits are not payable to you as the beneficiary.  Please allow me to explain why by referencing the applicable policy provisions and the corresponding information we learned during our review of Xavier Cannada's medical records and legal documents.

**The Policy Provisions Used in Our Decision:**

**The Contract**

*This policy, the attached application(s) and riders or endorsements, any amendments to the application(s), any adjustment and reinstatement application(s), and the Data Pages make up the entire contract.  If We send You revised Data Pages, the Data Pages are to be attached to and made a part of this policy.  Where revised Data Pages conflict with previously issued Data Pages, the revised Data Pages will govern.  All statements made in the application(s), an adjustment application(s) or any amendments to the application(s) will be considered representations and not warranties.  No statement, unless made in an application(s), or amendments thereto, will be used to void Your policy (or void an adjustment in case of an adjustment application(s)) or to defend against a claim.*

**Corporate Center:** 711 High Street, PO Box 10431, Des Moines, Iowa 50306-0431, (800) 247-9988, FAX (866) 885-0390, www.principal.com Insurance products from the Principal Financial Group® are issued by Principal National Life Insurance Company (except in New York) and Principal Life Insurance Company, Securities are offered through Principal Securities, Inc., (800) 247-9988, member SIPC, Principal National, Principal Life, and Principal Securities, Inc. are members of the Principal Financial Group®

Classification: Customer Confidential

**Incontestability**

*With respect to material misstatements made in the initial application(s) for this policy, We will not contest this policy after the policy has been in force during the lifetime of the Insured for two years from the Policy Date.  With respect to material misstatements made in any subsequent application(s) or reinstatement application(s), We will not contest the coverage resulting from such application(s) after the coverage has been in force during the lifetime of the Insured for two years after the date of the change.  The time limits in this Incontestability provision do not apply to fraudulent misrepresentations, when permitted by applicable law in the state where this policy is delivered or issued for delivery, or to any attached rider that provides benefits in the event of total disability.*

**The Application**

The Policy Date for Policy 9668246 was 06/10/2021 and Xavier Cannada died on 04/09/2022.  On 04/13/2022, you completed the Individual Life Insurance Claim Form, Beneficiary Statement.

Since Xavier Cannada died within two years of the Policy Date, the claim falls within the period of contestability (referenced in the "Incontestability" provision of the policy quoted above), and we conducted a routine claim investigation.

On 04/19/2021, Xavier Cannada and you both signed:

**PART C – AGREEMENT/AUTHORIZATION TO OBTAIN AND DISCLOSE INFORMATION**, which stated:

*Statements In Application:  I represent that all statements in this application are true and complete to the best of my knowledge and belief and were correctly recorded before I signed my name below.  I understand and agree that the statements in the application, including statements by the Proposed Insured in any medical questionnaire that becomes a part of this application, shall be the basis of any insurance issued.  I also understand that material misrepresentations can mean denial of an otherwise valid claim and rescission of the policy during the contestable period.*

*I understand that the policy(ies) delivered to me may be from a different issuer than what was listed in the application.  I understand and agree that my acceptance of the policy(ies) shall be considered an amendment to this application.  Each policy has only one issuing company and that issuer is solely responsible for the obligations under that policy.*

*When Policy Coverage Becomes Effective:  I understand and agree that if a policy is issued as applied for with a premium deposit paid, policy coverage will become effective as of issuance.  The Company agrees to pay any proceeds pursuant to policy terms subject to the acceptance of the proposed owner and signing of Part D, if applicable.*

**Corporate Center:** 711 High Street, PO Box 10431, Des Moines, Iowa 50306-0431, (800) 247-9988, FAX (866) 885-0390, www.principal.com
Insurance products from the Principal Financial Group® are issued by Principal National Life Insurance Company (except in New York)
and Principal Life Insurance Company, Securities are offered through Princor Financial Services Corporation, (800) 247-9988, member SIPC,
Principal National, Principal Life, and Princor® are members of the Principal Financial Group®

Classification: Customer Confidential

*I understand and agree that if a policy is issued as other than applied for or without a premium deposit (C.O.D.), then policy coverage is not effective and the Company shall incur no policy liability unless:*

1) *A policy issued on this application has been physically delivered to and accepted by the owner and the first premium paid; and*
2) *At the time of such delivery and payment, the person to be insured is actually in the state of health and insurability represented in this application, medical questionnaire, or amendment that becomes a part of this application; and*
3) *The Part D or the Acknowledgement of Delivery form is signed by me and the Proposed Insured (if different than me) and dated at delivery.*

*If these conditions are met, the policy is deemed effective on the Policy Date stated in the policy data pages.*

***Limitation of Authority:*** *I understand and agree that no agent, broker, licensed representative, telephone interviewer, or medical examiner has any authority to determine insurability, or to make, change or discharge any contract, or to waive any of the Company's rights.  The Company's right to truthful and complete answers to all questions on this application and on any medical questionnaire that becomes a part of this application may not be waived.  No knowledge of any fact on the part of any agent, broker, licensed representative, telephone interviewer, medical examiner or other person shall be considered knowledge of the Company unless such fact is stated in the application.*

Upon delivery of Policy 9668246, Xavier Cannada signed **PART D** of the application on 6/9/2021 and you signed PART D on 6/10/2022 and therefore acknowledged and agreed to the following:

***Statements in Application:*** *I have read all the questions and answers obtained during the application process, including Part B on the primary Proposed Insured. I represent all statements are true and complete to the best of my knowledge and belief and were correctly recorded before I signed my name below.  I have also signed a copy of this Agreement/Acknowledgment of Delivery included with my policy.  I understand and agree the statements in the application, including all of its parts and statements by the Proposed Insured in any medical questionnaire or supplement will be the basis for and form a part of the policy.  I understand that misrepresentations could mean denial of an otherwise valid claim and rescission of the policy during the contestable period.*

***When Policy Coverage Becomes Effective:*** *I understand and agree that if a policy is issued as applied for with a premium deposit paid, policy coverage will become effective as of issuance.  The Company agrees to pay any proceeds pursuant to the policy terms subject to the acceptance of the proposed owner and signing of Part D, if applicable.*

*I understand and agree that if a policy is issued as other than applied for or without a premium deposit (C.O.D.), then policy coverage is not effective and the Company shall incur no policy liability unless:*

**Corporate Center:** 711 High Street, PO Box 10431, Des Moines, Iowa 50306-0431, (800) 247-9988, FAX (866) 885-0390, www.principal.com
Insurance products from the Principal Financial Group® are issued by Principal National Life Insurance Company (except in New York)
and Principal Life Insurance Company, Securities are offered through Princor Financial Services Corporation, (800) 247-9988, member SIPC,
Principal National, Principal Life, and Princor® are members of the Principal Financial Group®

Classification: Customer Confidential

1) *A policy issued on this application has been physically delivered to and accepted by the owner and the first premium paid; and*
2) *At the time of such delivery and payment, the person to be insured is actually in the state of health and insurability represented in this application, medical questionnaire, or amendment that becomes a part of this application; and*
3) *This form is signed by me and the Proposed Insured (if different than me) and dated at delivery.*

*If these conditions are met, the policy is deemed effective on the Policy Date stated in the policy data pages.*

**Limitation of Authority:** *I understand and agree no agent, broker, licensed representative, telephone interviewer, or medical examiner has any authority to determine insurability, or to make, change or discharge any contract, or to waive any of the Company's rights. The Company's right to truthful and complete answers to all questions on the application and on any medical questionnaire that becomes a part of this application may not be waived. No knowledge of any fact on the part of any agent, broker, licensed representative, telephone interviewer, medical examiner or other person shall be considered knowledge of the Company unless such fact is stated in the application.*

**Insurability Dates:** *If a premium deposit was submitted with Part A and C of the application, I verify that all information in Part B of the application is true and complete to the best of my knowledge and belief and is correctly recorded as of 04/19/2021.*

*If the application was submitted without a premium deposit (C.O.D.), I verify that all information in the Part A and B of the application including all parts and statements by the Proposed Insured in any medical questionnaire or supplement accurately reflects the Proposed Insured's health and insurability as of the date I signed this form.*

**Warning:** *Any person who knowingly presents a false statement in the application for insurance may be guilty of a criminal offense and subject to penalties under state law.*

The Medical History along with the Activities/Health Habits disclosed on Part B failed to include material information found during our claim review. Additionally, Part D was signed on 6/9/2021 by Mr. Cannada and signed by you on 6/10/2021 without disclosure of material medical and legal information. The following summary provides discrepancies noted between the application and the information found during our claim review.

Xavier Cannada completed **Part B** on 4/19/2021 at which time he provided the following answers to the questions contained therein:

**Application Part B—Activities/Health Habits**

Question 2b**:** In the last five years have you pled guilty to or been convicted of a felony or misdemeanor?

Mr. Cannada answered, "No".

**Corporate Center:** 711 High Street, PO Box 10431, Des Moines, Iowa 50306-0431, (800) 247-9988, FAX (866) 885-0390, www.principal.com
Insurance products from the Principal Financial Group® are issued by Principal National Life Insurance Company (except in New York)
and Principal Life Insurance Company, Securities are offered through Princor Financial Services Corporation, (800) 247-9988, member SIPC,
Principal National, Principal Life, and Princor® are members of the Principal Financial Group®

Classification: Customer Confidential

Question 3:  In the last ten years have you used any tobacco or nicotine products?

Mr. Cannada answered, "No".

**Part B—Medical History**

Question 18c:  In the last ten years have you been diagnosed by a member of the medical profession as having asthma, bronchitis, emphysema, sleep apnea, tuberculosis or any other disease or disorder of the lungs or respiratory system?

Mr. Cannada answered, "No".

**Underwriting Review**

Our underwriting department has reviewed the application, along with the additional information regarding Xavier Cannada's health conditions and legal activities prior to the Policy Date, and has determined that Principal National Life would not have issued the life insurance policy had we known the following information at the time the application was initiated and when the policy was delivered:

In a phone statement on 4/19/2022, you confirmed that Xavier Cannada had never been convicted of a crime, never smoked cigarettes or used any form of tobacco during the dates of 4/19/2011 to 4/19/2021 and also reviewed the Medical History Part B questions in which the responses were all "No".

Review of Xavier Cannada's medical records from 2/12/2012 to 8/31/2013 from Atlanta Medical Center Emergency Department indicated that Mr. Cannada had a history of asthma with prescriptions written for Albuterol and Prednisone and was last noted to smoke half a pack of cigarettes per day as of 8/31/2013.  Underwriting did indicate that no adverse underwriting action would have been taken with respect to the asthma diagnosis, but if Mr. Cannada had admitted to current use of cigarettes the Policy would have been issued as Preferred Tobacco rather than Super Preferred Non Tobacco.

Court documents were obtained from the Dekalb County Clerk of Court of Decatur, Georgia, the Georgia Felon Criminal Database and the State of Georgia Criminal Records, which confirmed Xavier Cannada pled guilty to felony charges of burglary in the first degree, battery family violence, cruelty to children in the third degree and terroristic threats in 2019 and had been sentenced on 5/14/2019 to serve 7 years, 2 in custody and the remainder on probation.

Therefore, when the application was taken on 4/19/2021 Xavier Cannada would have been on probation, and he would have been disqualified from coverage for the following reasons:

- Principal National Life does not offer coverage to any applicant who is on probation. Once it had been at least 12 months since the end of probation, coverage is considered on an individual basis;

- Principal National Life does not offer coverage to applicants who have been convicted of a felony;

**Corporate Center:** 711 High Street, PO Box 10431, Des Moines, Iowa 50306-0431, (800) 247-9988, FAX (866) 885-0390, www.principal.com
Insurance products from the Principal Financial Group® are issued by Principal National Life Insurance Company (except in New York)
and Principal Life Insurance Company, Securities are offered through Princor Financial Services Corporation, (800) 247-9988, member SIPC,
Principal National, Principal Life, and Princor® are members of the Principal Financial Group®

Classification: Customer Confidential

- Principal National Life does not offer coverage to any applicant who has been convicted of crimes against children; and

- Principal National Life does not offer coverage to applicants involved in terrorist activity.

**Claim Decision**

When Principal National Life underwrites an application for insurance, it relies on the statements furnished in the application.  If the answers on the application are not true and complete, Principal National Life may be prevented from assessing the risk associated with the coverage being underwritten.  Information obtained during our claim evaluation indicates answers furnished in Xavier Cannada's application for Policy No. 9668246 were not accurate at the time it was completed.

Specifically, the information Xavier Cannada provided on his application and at the time Policy No. 9668246 was delivered was inconsistent with the medical and legal information we obtained during our claim investigation.  Therefore, it is our determination that Xavier Cannada's Policy No. 9668246, is void and we are declining to pay the life insurance benefit. In addition, it is our determination that Policy No. 9668246 was not effective because on 6/10/2021, the time the policy was delivered, accepted and the first premium paid, Xavier Cannada's medical & legal history was not as represented on Part B of the application.

**Conclusion**

If accurate information pertaining to Xavier Cannada's legal history had been disclosed to us, we would not have issued life insurance Policy No. 9668246.  In accordance with the "Incontestability" provision, Principal National Life has exercised its right to declare Policy No. 9668246 null and void from its inception given the misstatements of his legal history in his application for life insurance.

In connection with the rescission, we have enclosed a check for $247.61, representing a full refund of all premiums paid to Principal National Life under Policy 9668246 in the amount of $235.49, plus interest of $12.12. The reverse side of the checks states: "Negotiation of this check constitutes agreement of rescission of Policy No. 9668246 which thereafter is void and of no effect.  The check is tendered in full satisfaction of any claims under said policy." By endorsing this check, you are accepting the rescission of Policy No. 9668246 on behalf of Xavier Cannada.

You are not required to accept our decision or negotiate the enclosed check; however, if you negotiate the enclosed check, (1) you are agreeing that Policy No. 9668246 is rescinded and forever null and void from its inception and of no effect, and that any rights and claims of any kind that you may have under Policy No. 9668246 are fully and finally satisfied; and (2) you are releasing and forever discharging Principal National Life from all manner of claims, demands, liabilities, and damages, whatsoever, which in any manner whatsoever, arise out of, or are directly or indirectly, connected with, or related to, Policy No. 9668246.

**Corporate Center:** 711 High Street, PO Box 10431, Des Moines, Iowa 50306-0431, (800) 247-9988, FAX (866) 885-0390, www.principal.com
Insurance products from the Principal Financial Group® are issued by Principal National Life Insurance Company (except in New York)
and Principal Life Insurance Company, Securities are offered through Princor Financial Services Corporation, (800) 247-9988, member SIPC,
Principal National, Principal Life, and Princor® are members of the Principal Financial Group®

Classification: Customer Confidential

Also enclosed please find a Rescission Agreement for you to execute and return. Pending receipt of the signed Rescission Agreement, Principal National Life reserves its rights, remedies and defenses and does not intend to waive any such matters with respect to any further action that may be taken on this claim and policy.

If you have any questions or there is any additional information you would like to provide, or should you believe the information detailed above is incorrect in any way, please let us know.  We will consider any information you provide.  Principal National Life reserves its rights, remedies and defenses and does not intend to waive any such matters with respect to the any further action that may be taken on this claim and Policy No. 9668246.

Sincerely,

*Lainie Peterson*

**Sr. Life Claims Analyst**
Individual Life Claims
Principal Life Insurance Company
800 331-2213 x 24143
Fax: 866 894-2096
Email:  Peterson.Lainie@Principal.com

Enclosures

**Corporate Center:** 711 High Street, PO Box 10431, Des Moines, Iowa 50306-0431, (800) 247-9988, FAX (866) 885-0390, www.principal.com
Insurance products from the Principal Financial Group® are issued by Principal National Life Insurance Company (except in New York)
and Principal Life Insurance Company, Securities are offered through Princor Financial Services Corporation, (800) 247-9988, member SIPC,
Principal National, Principal Life, and Princor® are members of the Principal Financial Group®

Classification: Customer Confidential

<u>RESCISSION AGREEMENT</u>

This Rescission Agreement ("Agreement") is made by and between Benita Allen and Principal National Life Insurance Company.

**<u>Recitals</u>**

- Benita Allen ("Beneficiary") was the owner and beneficiary and Xavier Cannada ("Insured") was the insured under life insurance policy No. 9668246 (the "Policy") issued by Principal National Life Insurance Company ("Principal National Life").  The Insured passed away 04/09/2022.

- On or about 04/11/2022, Principal National Life was notified that Xavier Cannada passed away on 04/09/2022.

- On or about 04/14/2022, the Beneficiary filed a claim for the death benefit of the Policy's proceeds.

- A good faith dispute has arisen concerning representations made in the application[s] for the Policy.  The Beneficiary and Principal National Life wish to resolve this dispute and any and all matters related to the Policy in accordance with the terms and provisions set forth in this Agreement.

**<u>Agreement and Release</u>**

In consideration of the mutual promises set forth below and for other good and valuable consideration, including but not limited to the refund of all premiums paid on the Policy plus interest, in the amount of $247.61, and the Parties' forbearance of litigation over the matters contained herein, the receipt and sufficiency of which is hereby acknowledged, the Beneficiary and Principal National Life agree as follows:

1.      The Beneficiary on behalf of herself and all who may claim by or through her, do hereby release and forever discharge each and all of the persons and entities described in this Agreement as "Persons and Entities Released" from each and all of the claims described in this Agreement as "Claims Released."

   **<u>Persons and Entities Released</u>:**  Principal National Life Insurance Company and its parent, subsidiary and affiliated companies, and each of their respective past and present officers, directors, employees, agents, brokers, marketers, lawyers, independent contractors, predecessors, successors, and assigns, and all other related persons and entities.

   **<u>Claims Released</u>:**  The persons and entities described above as "Persons and Entities Released" are released from any and all liability whatsoever related to the Policy, including all claims, suits, demands and causes of action of any nature, whether known or unknown, which the Beneficiary has had, now has or may ever claim to have, arising from, or related to all actions or inactions by the Persons and Entities Released prior to the date the Agreement is executed.

2.      In further consideration of the foregoing promises, the Beneficiary and Principal National Life agree, on behalf of themselves and all who may claim by or through them or all of them:

Classification: Internal Use

A.     That the releases given herein cover all injuries, claims and damages, whether known or not, or which may hereafter appear or develop arising from the matters above referred to, including any and all claims for interest, costs, tax consequences or attorney fees arising therefrom.

B.     That this Agreement is executed as a compromise settlement of a disputed claim, liability for which is expressly denied by Principal National Life, and the giving of the above consideration does not constitute an admission of liability on the part of any person or entity.

C.     That the undersigned are executing this Agreement solely in reliance upon their own knowledge, belief and judgment, and not in reliance upon any representation by or on behalf of any other party.  The Beneficiary specifically acknowledges he is not relying on any statements by Principal National Life concerning any potential tax consequences of entering into this Agreement, and she has either obtained advice on this subject from her own tax professional(s) or has waived the right to do so.

D.     That each of them has read the entirety of this Agreement, fully understands its terms and its legal significance, and signs this Agreement freely and voluntarily.

E.     That the persons signing this Agreement are authorized to do so and competent to bind the parties hereto.

F.     That this Agreement shall be binding on the beneficiaries, heirs, executors, administrators, successors and assigns of the Beneficiary, and on the successors and assigns of Principal National Life.

G.     That this Agreement is the entire agreement between the parties with regard to resolving their dispute, and no promises for any other or further consideration have been made by anyone.

H.     That a material condition to the promises and consideration described in this Agreement, requires that the terms and conditions of this Agreement shall be confidential and shall not be disclosed or otherwise described, directly or indirectly, in any manner by any party to anyone whatsoever (except that party's legal and tax advisors, state insurance commissioner or other regulator, or pursuant to a court order) including, but not limited to, written publications, newspapers, or any electronic or broadcast media, including but not limited to television, radio and the Internet.

I.     That this Agreement is intended to be binding and enforceable.  Should a court declare or determine any provision of this Agreement to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby.  It is the intent of the Parties that any part, term or provision declared or determined to be illegal or invalid not be deemed a part of this Agreement.

J.     That this Agreement may not be modified, altered, or changed except by a written agreement signed by the Parties hereto.

K.     That this Agreement may be executed in one or more counterparts, all of which shall be an original for all purposes.

2

**THIS RESCISSION AGREEMENT WILL BE LEGALLY BINDING WHEN SIGNED. IF YOU DO NOT FULLY UNDERSTAND ITS LEGAL SIGNIFICANCE, CONSULT WITH A LEGAL PROFESSIONAL <u>BEFORE</u> SIGNING.**


_____          _____
Benita Allen: OWNER/BENEFICIARY                              Date


PRINCIPAL NATIONAL LIFE INSURANCE COMPANY

By: _____          _____
Sheila Sandy, ASSISTANT CLAIM DIRECTOR                   Date
Individual Life Claims

3

Classification: Internal Use



EE6356-02

**Principal National Life Insurance Company**
711 High Street
Des Moines, IA  50392

000001

BENITA ALLEN
████ ████████
CONYERS GA 30013

PREMIUMS REFUNDED
INSURED: XAVIER CANNADA
POLICY NO: 9668246

STDCHK GA00066965 12-07-2022                *(Detach and Retain for Your Records)*                $247.61 PNLCL LP

---

WARNING: CHECK HAS COLORED BACKGROUND WITH COLORED, VISIBLE FIBERS AND A PINK SPOT IN BOTTOM RIGHT HAND CORNER THAT REACTS TO HEAT. DO NOT CASH WITHOUT THESE FEATURES.



**Principal National Life Insurance Company**
711 High Street
Des Moines, IA  50392

GA00066965

56████

Date   12-07-2022
NOT VALID AFTER 180 DAYS
Amount $************247.61*

POLICY NO 9668246

Pay To   BENITA ALLEN
████ ████████
CONYERS GA 30013



By: Tina Graham
Authorized Signature(s)

TWO HUNDRED FORTY SEVEN AND 61/100----------------------------

   WELLS FARGO BANK, N.A.

158087

* FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

"Negotiation of this check constitutes
agreement of rescission of Policy
No. _____ which thereafter is
void and of no effect. This check is
tendered in full satisfaction of any
claims under said policy."

FedEx Ship Manager - Print Your Label(s)

TRK#
0201

7707 2299 2071

XG MULA

FRI - 09 DEC 10:30A
PRIORITY OVERNIGHT

30013
ATL

GA-US

ORIGIN ID:SARA
PENNY MAYBERRY                    (515) 878-7914
PRINCIPAL FINANCIAL GROUP
711 HIGH STREET
DES MOINES, IA 50392
UNITED STATES US

TO  BENITA ALLEN

(515) 878-7914
INV
PO

CONYERS GA 30013

REF

DEPT: H030.000

SHIP DATE: 08DEC22
ACTWGT: 0.50 LB
CAD: 112766580/INET4530

BILL SENDER

FedEx
Express

J224222101801uv

581J3/9A97/FE2D

---

**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.