**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV374504**

**DEC 27, 2022 12:00 AM**

Cathelene Robinson, Clerk
Fulton County Superior Court

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **NOWACCOUNT NETWORK CORPORATION and TRADE CREDIT GUARANTY CORPORATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**FEDEX CORPORATION,**<br><br>Defendant. | JURY TRIAL DEMANDED<br><br>Civil Action No. _____ |

## COMPLAINT

Plaintiffs NOWaccount Network Corporation ("NOWaccount") and Trade Credit Guaranty Corporation ("TCGC") (collectively "Plaintiffs") file their Complaint against Defendant FedEx Corporation ("Defendant").

### INTRODUCTION

Plaintiffs and Carter Transportation, LLC ("Carter Transportation") entered into the Merchant Services Agreement ("MSA"), where Carter Transportation contracted to assign and transfer ownership of certain third-party receivables to Plaintiffs in exchange for Plaintiffs promptly paying Carter Transportation the amount of the receivable, minus a service fee.

Carter Transportation subsequently sold to Plaintiffs receivables for amounts owed by Defendant Carter Transportation. Plaintiffs properly served a UCC 9-406 Notice on Defendant, requiring Defendant to pay Plaintiffs instead of Carter Transportation. However, Defendant paid Carter Transportation instead of Plaintiffs.

## PARTIES

1. NOWaccount is a for-profit corporation organized and existing under the laws of the State of Delaware and registered in Georgia with its principal place of business located at 6120 Powers Ferry Road NW, Suite 350, Atlanta, Georgia 30339.

2. TCGC is a Domestic Nonprofit Corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 6120 Powers Ferry Road NW, Suite 350, Atlanta, Georgia 30339.

3. FedEx is a company organized and existing under the laws of the State of Delaware, and it may be served through its registered agent, The Corporation Company, at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

## JURISDICTION AND VENUE

4. FedEx has regular and systematic contacts in Fulton County, Georgia, and is subject to general jurisdiction in Fulton County, Georgia.

## ALLEGATIONS OF FACTS

5. NOWaccount is a merchant-service provider that facilitates the immediate payment of their clients' accounts receivable in a transaction that is similar to a credit-card service. To free its clients from the burden of managing and funding trade credit, NOWaccount, or its assignee, purchases the client's accounts for the face value of the outstanding invoices, less a flat merchant-service fee.

6. At the outset of the relationship, NOWaccount and its clients execute a standard NOWaccount Merchant Services Agreement, which defines NOWaccount's and the client's rights and responsibilities, including the relevant charges and fees and the process by which NOWaccount will purchase and collect upon the client's accounts receivable.  The MSA is binding upon the parties and their successors and assigns.

7.     Under the MSA, Carter Transportation agreed that each account receivable sold to NOWaccount arose from a bona fide sale and delivery of inventory or rendition of services made in the ordinary course of business. *See* Exhibit A at § 9.

8.     Under the MSA, NOWaccount becomes the absolute owner of, and holds title to, each specified account owed by an account debtor and purchased by NOWaccount from its client. *See* Exhibit A at §§ 3, 17, 19.

9.     On October 19, 2021, Carter Transportation executed the MSA.

10.    NOWaccount subsequently transferred its interest in the MSA to TCGC.

11.    Pursuant to the MSA, Plaintiffs purchased certain accounts receivable from Carter Transportation and paid Carter Transportation per the terms of the MSA.

12.    On November 8, 2021, Plaintiffs served FedEx with a valid and binding UCC 9-406 notice ("Notice of Assignment"), requiring FedEx to make all payments owed to Carter Transportation, or any affiliates of Carter Transportation, directly to Plaintiffs.

13.    FedEx paid Carter Transportation for the invoices that Plaintiffs purchased, instead of paying Plaintiffs directly as required by the MSA and the Notice of Assignment.

14.    Carter Transportation then failed and refused to pay Plaintiffs the amounts received from FedEx in violation of the MSA; in effect, Carter Transportation was paid twice, once by Plaintiffs and once by FedEx, for the same work.

15.    In sum, Defendant paid Carter Transportation $497,260.84 that was owed to Plaintiffs.

## COUNT I
## BREACH OF SECURITY NOTICE/MONEY OWED

16.    Plaintiffs repeat and reallege each and every allegation contained in the Paragraphs 1 through 15 of the Complaint.

17. On November 8, 2021, Plaintiffs served Defendant with a valid and binding UCC 9-406 notice ("Notice of Assignment"), requiring Defendant to make all payments owed to Carter Transportation, or any affiliates of Carter Transportation, directly to Plaintiffs.

18. In contravention of the Notice of Assignment, Defendant made payments to Carter Transportation or its affiliates that should have been made to Plaintiffs.

19. Pursuant to O.C.G.A. § 11-9-406, Defendant is liable to Plaintiffs for all amounts that Defendant paid to Carter Transportation or its affiliates after November 8, 2021, which amounts are believed to be $497,260.84.

## COUNT II
## ATTORNEYS' FEES AND COSTS

20. Plaintiffs repeat and reallege each and every allegation contained in the Paragraphs 1 through 19 of the Complaint.

21. Defendant has acted in bad faith, been stubbornly litigious and/or have caused Plaintiffs unnecessary trouble and expense within the meaning of O.C.G.A. § 13-6-11.

22. Accordingly, Plaintiffs are entitled to recover their attorneys' fees and costs associated with this action in an amount to be proven at trial.

WHEREFORE, Plaintiffs respectfully pray that:

(a) Process be issued and properly served upon Defendant;

(b) Defendant be compelled to answer these allegations;

(c) The Court enter judgment in favor of Plaintiffs and against Defendant on Plaintiffs' claim for breach of security notice/money owed;

(d) The Court award Plaintiffs compensatory damages in an amount not less than $497,260.84, plus prejudgment and postjudgment interest;

(e) The Court award Plaintiffs their attorneys' fees and costs; and

(f)     Plaintiffs have such other relief as this Court deems just and proper.

This 23rd day of December, 2022.

                                              */S/ David N. Dreyer*
                                        David N. Dreyer
                                        Georgia Bar No. 141322
                                        P.O. Box 89310
                                        Atlanta, Georgia 30312
                                        david@dreyersterling.com
                                        (404) 234-4447
                                        *Attorney for Plaintiffs*