IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSIE CALIXTE,<br><br>  Plaintiff,<br><br>v.<br><br>LEASEQUERY, LLC,<br><br>  Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Jesse Calixte ("Plaintiff" or "Mr. Calixte"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant LeaseQuery, LLC ("Defendant") for violations of his rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## **JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## **ADMINISTRATIVE PROCEDURES**

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 27, 2023; the EEOC issued its Notice of Right to Sue on March 2, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Male citizen of Haiti, but a resident of the United States of America, and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Registered Agents Inc. located at 300 Colonial Center Parkway, Ste 100N, Roswell, GA, 30076, USA.

## FACTUAL ALLEGATIONS

9.

On or around October 11, 2021, Mr. Calixte began working for Defendant. His last position was as a Lease Accounting Manager.

10.

On or around August 1, 2022, Mr. Calixte requested paid time off starting August 26, 2022.

11.

On or around August 18, 2023, Mr. Calixte's manager, Adriana Alayon, approved his leave.

12.

On or around August 23, 2022, Ms. Alayon denied Mr. Calixte's leave because she felt he did not care about his job.

13.

On or around August 24, 2022, Ms. Alayon approved Mr. Calixte's leave again.

14.

On or around August 25, 2022, Ms. Alayon changed her mind again and denied Mr. Calixte's leave.

15.

Defendant freely granted leave to employees outside of Mr. Calixte's race and national origin.

16.

Mr. Calixte had already purchased his flight tickets, so he took his leave.

17.

Upon his return, Ms. Alayon placed Mr. Calixte on a performance improvement plan ("PIP") wherein she made false allegations about Mr. Calixte's performance.

18.

Employees outside of Mr. Calixte's race and national origin were not placed on PIPs for similar mistakes.

19.

Prior to Defendant placing him on the PIP, Mr. Calixte had no verbal or written warnings concerning his performance or behavior.

20.

On or around September 16, 2022, Mr. Calixte emailed Defendant complaining about the false allegations in the PIP and feeling targeted by Ms. Alayon.

21.

Mr. Calixte also asked for an investigation to be conducted.

22.

On September 28, 2022, Defendant terminated Mr. Calixte for his performance, effective October 1, 2022.

23.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

24.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., Haitian, Black, Protected Activity.

### CLAIMS FOR RELIEF

### COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

25.

Plaintiff re-alleges paragraphs 9-24 as if set forth fully herein.

26.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

27.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

28.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his race.

29.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

30.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

### COUNT II:  NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

31.

Plaintiff re-alleges paragraphs 9-24 as if set forth fully herein.

32.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

33.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

34.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his national origin.

35.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

36.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

### COUNT III:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

37.

Plaintiff re-alleges paragraphs 9-24 as if set forth fully herein.

38.

Defendant's actions, as detailed above, in terminating Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII.

39.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

40.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## COUNT IV:  VIOLATION OF 42 U.S.C. § 1981

41.

Plaintiff re-alleges paragraphs 9-24 as if set forth fully herein.

42.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race (Black).

43.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

44.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

45.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

46.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

47.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

48.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

**COUNT V:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION**

49.

Plaintiff re-alleges paragraphs 9-24 as if set forth fully herein.

50.

Plaintiff engaged in protected conduct when they complained about race-based discrimination.

51.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

52.

There was a causal connection between the protected conduct and the adverse action.

53.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

54.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

Respectfully submitted this 21st day of April 2023.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

*Attorney for Plaintiff Jesse Calixte*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com