*Juanita Dunn v. The Kroger Co. et al.*
*State Court of Cobb County, State of Georgia*
*Civil Action File Number: 23-A-1028*

*Juanita Dunn v. The Kroger Co. et al.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number: TBA (Removal # 1:23-mi-99999)*

# EXHIBIT A: PETITION FOR REMOVAL

## PLAINTIFF'S DEMAND LETTER DATED JANUARY 6, 2023



P.O. Box 2558
Tucker, GA 30085

Office: 678-819-5200
Facsimile: 678-819-5276

**Anita M. Lamar, Esq.**
Attorney and Counselor at Law

anita@atlantalegalcare.com

January 6, 2023

**VIA CERTIFIED MAIL: 9402 6112 0620 3502 7376 42**
**David Lickdyke**
**Sedgwick Claims Management Services, Inc.**
**P.O Box 14452**
**Lexington, KY 40512**

| | | |
|---|---|---|
| **RE:** | Our Client: | **Juanita Dunn** |
| | Your Insured: | **Kroger, Inc.** |
| | Claim #: | **4A210735BD20001** |
| | Date of Loss: | **July 19, 2021** |

**Dear David Lickdyke:**

Pursuant to O.C.G.A. § 24-4-408, statements made with a view toward compromise are inadmissible at trial. This Georgia law was enacted to encourage the settlement of controversies by permitting parties to discuss their cases candidly with the assurance that admissions and proposals for compromise made in the course of their good-faith settlement negotiations may not be used against them in any subsequent lawsuit. Benn v. McBride, 140 Ga. App. 698 (1976). This entire policy limits demand and all of the exhibits attached are submitted with a view toward compromise of this claim. If you do not agree that everything that follows is inadmissible during the litigation of this matter, please stop reading and immediately destroy this letter and its attachments and immediately notify us of your refusal to review our attempt to compromise this claim.

## STATEMENT OF FACTS

As you know, I represent **Juanita Dunn** for personal injuries sustained as a result of your insured's failure to properly care for the premises on **July 19, 2021**. On the date in question **Juanita Dunn** was a customer at the Kroger location. She was utilizing the self check out machine when she slipped in fell in a puddle of water. Due to the negligence of your insured she suffered significant injury.

## THEORY OF LIABILITY

Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. O.C.G.A. § 51-3-1.

The owner/occupier may be liable if it fails to exercise reasonable care in inspecting and keeping the premises in a safe condition. Kroger Co. v. Brooks, 231 Ga.App. 650, 500 S.E.2d 391 (1998). The inspection by the owner/occupier must be

thorough and adequate, as opposed to cursory, Gilbert v. Automotive Purchasing Service, 254 Ga. App. 770, 563 S.E.2d 906 (2002), and what constitutes a reasonable inspection procedure will vary with each case, depending on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition and the store's location. Shepard v. Winn Dixie Stores, Inc., 241 Ga. App. 746, 527 S.E.2d 36 (1999).

### INJURIES SUFFERED BY MS. WHITNEY COTTON

To aid in the evaluation of this claim, I have enclosed medical bills, records and office notes from the treating physicians. Enclosed, please find the following medical expenses:

| | |
|---|---|
| Atlanta Sports And Injury Center For Rehab | $14,345.00 |
| Wellstar Paulding Hospital | $14,255.80 |
| The Bortolazzo Group, LLC | $1,400.00 |
| Quantum Radiology | $484.00 |
| Hope Neurological & Medical Services | $14,175.01 |
| American Health Imaging | $2,825.00 |
| Ortho Sport And Spine Physicians | $434,424.48 |
| Douglas County Fire/EMS Headquarters | $687.20 |
| **TOTAL MEDICAL EXPENSES:** | **$482,596.49** |

This demand is being made after careful consideration of my client's injuries, and for purposes of settlement of her bodily injury claim only, we request that you tender **two million dollars ($2,000,000.00)**. Our client is also seeking a GEORGIA GENERAL RELEASE OF ALL CLAIMS AGAINST Kroger, Inc. and **Sedgwick Claims Management Services, Inc. (Policy No. XSL G72478861)**. This demand takes into account compensation for any and all past, present and future pain and suffering, past, present and future medical expenses and wage loss, and any other special, general or punitive damages that may arise from my client's bodily injury claim including any claims for bad faith and indemnity.

Also, please be aware that the acceptance of this demand must be made within thirty (30) days from the receipt of this demand and payment made no later than 10 days from the acceptance of this demand to settle. Please make the check payable to both the client and the attorney's office, and forward to the attorney's address. Our client will satisfy all outstanding medical liens, subrogation claims by health insurance, worker's compensation and Medicare and Medicaid.

If this matter is not settled within the aforementioned time frame, my client will seek legal remedies. Under Georgia law, statements made with a view to compromise are inadmissible at trial. Thus, this entire demand package and any addendum thereto are submitted with a view toward settlement of my client's claim cannot be used at a future trial.

Very Truly Yours,

LAMAR LAW OFFICE, LLC

Anita M. Lamar, Esq.