# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JUANITA DUNN,<br><br>    Plaintiff,<br><br>v.<br><br>THE KROGER CO. AND XYZ CORPORATIONS 1-3,<br><br>    Defendants. | **Civil Action File No.**<br><br>_____<br><br>*Removed from:*<br>State Court of Cobb County<br>Civil Action No. 23-A-1028 |

## DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW The Kroger Co. (improperly named as "The Kroger Company") (hereinafter referred to as "Kroger"), named in Plaintiff Juanita Dunn's Complaint (the "Complaint") (hereinafter referred to as "Plaintiff") by and through undersigned counsel, and files this, its *Answer and Defenses* thereto, further showing this honorable Court as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant committed no act or omission which caused or contributed to the

subject incident or the Plaintiff's alleged injuries.

### THIRD DEFENSE

Defendant has breached no duty owed to the Plaintiff.

### FOURTH DEFENSE

Any alleged injuries sustained by the Plaintiff were proximately caused in whole or in part by the acts or omissions of persons other than Defendant, over whom Defendant had no control, or by the superseding intervention of causes outside Kroger's control.

### FIFTH DEFENSE

Defendant breached no legal duty owing Plaintiff, and therefore Plaintiff cannot recover from Defendant. At all times, Defendant exercised that degree of care required by law; therefore, Plaintiff may not recover from Defendant in any sum or manner whatsoever.

### SIXTH DEFENSE

This action is or may be barred by the doctrine of contributory/comparative negligence. The Plaintiff's negligence was greater than or equal to any negligence on the part of the Defendants collectively. In the exercise of ordinary care, the Plaintiff could have avoided the subject incident.

## SEVENTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

## EIGHTH DEFENSE

For a eighth defense, Defendant The Kroger Co. ("Kroger") responds to the enumerated Paragraphs of Plaintiff's Complaint as follows:

1.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the facts as alleged in Paragraph 4 of Plaintiff's *Complaint* and therefore denies same.

2.

Defendant admits The Kroger Co. is an Ohio corporation authorized to do business in Georgia, and its registered agent for service of process in Georgia is correctly identified. Defendant denies all other allegations in this Paragraph of Plaintiff's *Complaint* which it has not expressly admitted.

3.

Defendant denies the allegations contained in Paragraph 3 of Plaintiff's *Complaint.*

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's *Complaint.*

5.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments set forth in Paragraph 5 of Plaintiff's *Complaint*, which therefore stand denied.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments set forth in Paragraph 6 of Plaintiff's *Complaint*, which therefore stand denied.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments set forth in Paragraph 7 of Plaintiff's *Complaint*, which therefore stand denied.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments set forth in Paragraph 8 of Plaintiff's *Complaint*, which therefore stand denied.

## **BACKGROUND**

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's *Complaint* as written.

10.

Defendant admits that Plaintiff was present at the subject store on July 19, 2021. By way of further response to said paragraph, Defendant Kroger states that those averments not expressly admitted or denied are hereby denied.

11.

The allegations in Paragraph 11 of Plaintiff's *Complaint* are denied as written.

12.

In response to the averments alleged in Paragraph 12 of Plaintiff's *Complaint,* Defendant Kroger admits that it leased the premises where the subject incident occurred.  By way of further response to said paragraph, Defendant Kroger states that those averments not expressly admitted or denied are hereby denied.

13.

The allegations contained in Paragraph 13 of Plaintiff's *Complaint* are denied.

14.

Defendant is without knowledge or information sufficient to form a belief as

to the truthfulness of the averments set forth in Paragraph 14 of Plaintiff's *Complaint*, which therefore stand denied.

15.

The allegations contained in Paragraph 15 of Plaintiff's *Complaint* are denied.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments set forth in Paragraph 16 of Plaintiff's *Complaint*, which therefore stand denied.

17.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments set forth in Paragraph 17 of Plaintiff's *Complaint*, which therefore stand denied.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments set forth in Paragraph 18 of Plaintiff's *Complaint*, which therefore stand denied.

19.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments set forth in Paragraph 19 of Plaintiff's

*Complaint,* which therefore stand denied.

## COUNT ONE – NEGLIGENCE OF DEFENDANT

20.

The allegations contained in Paragraph 20 of Plaintiff's *Complaint* are denied.

21.

Defendant admits it owed certain statutory duties under the law, but denies such duties are accurately stated in Paragraph 21 of Plaintiffs' *Complaint*.

22.

Defendant admits it owed certain statutory duties under the law, but denies such duties are accurately stated in Paragraph 22 of Plaintiffs' *Complaint*.

23.

The allegations contained in Paragraph 23 of Plaintiff's *Complaint* are denied.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments set forth in Paragraph 24 of Plaintiff's *Complaint*, which therefore stand denied.

25.

The allegations contained in Paragraph 25 of Plaintiff's *Complaint* are denied.

26.

Defendant states that Paragraph 26 of Plaintiff's *Complaint* purports to be a statement of the law that does not require a response from this Defendant.

27.

The allegations contained in Paragraph 27 of Plaintiff's *Complaint* are denied.

28.

Defendant admits it owed certain statutory duties under the law, but denies such duties are accurately stated in Paragraph 28 of Plaintiff's *Complaint.*

29.

The allegations contained in Paragraph 29 of Plaintiff's *Complaint* are denied.

30.

The allegations contained in Paragraph 30 of Plaintiff's *Complaint* are denied.

31.

The allegations contained in Paragraph 31 of Plaintiff's *Complaint* are denied.

32.

The allegations contained in Paragraph 32 of Plaintiff's *Complaint* are denied.

33.

The allegations contained in Paragraph 33 of Plaintiff's *Complaint* are denied.

34.

The allegations contained in Paragraph 34 of Plaintiff's *Complaint* are denied.

35.

The allegations contained in Paragraph 35 of Plaintiff's *Complaint* are denied.

36.

The allegations contained in Paragraph 36 of Plaintiff's *Complaint* are denied.

37.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments set forth in Paragraph 37 of Plaintiff's *Complaint*, which therefore stand denied.

38.

The allegations contained in Paragraph 38 of Plaintiff's *Complaint* are denied.

39.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments set forth in Paragraph 39 of Plaintiff's *Complaint*, which therefore stand denied.

40.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments set forth in Paragraph 40 of Plaintiff's

*Complaint*, which therefore stand denied.

41.

The allegations contained in Paragraph 41 of Plaintiff's *Complaint* are denied.

42.

The allegations contained in Paragraph 42 of Plaintiff's *Complaint* are denied.

43.

The allegations contained in Paragraph 43 of Plaintiff's *Complaint* are denied.

44.

The allegations contained in Paragraph 44 of Plaintiff's *Complaint* are denied.

45.

The allegations contained in Paragraph 45 of Plaintiff's *Complaint* are denied.

46.

The allegations contained in Paragraph 46 of Plaintiff's *Complaint* are denied.

47.

The allegations contained in Paragraph 47 of Plaintiff's *Complaint* are denied.

48.

The allegations contained in Paragraph 48 of Plaintiff's *Complaint* are denied.

49.

The allegations contained in Paragraph 49 of Plaintiff's *Complaint* are denied.

In response to Plaintiff's unnumbered WHEREFORE paragraph, Kroger denies the paragraph in its entirety, denies each and every allegation not specifically admitted hereinabove, denies that Defendant was negligent, and denies that Plaintiff is entitled to recover any amount from Defendant herein. Any averment contained in Plaintiff's Complaint which has not been expressly admitted by Defendant in this, its *Answer and Defenses*, is hereby denied and strict proof thereof is hereby demanded.

WHEREFORE, having fully responded to Plaintiff's Complaint by the filing of the within and foregoing *Answer and Defenses*, Defendant The Kroger Co. prays:

(a) That judgment is rendered in favor of Defendant and against Plaintiff;

(b) That it be discharged with all costs cast against Plaintiff;

(c) That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and,

(d) For such other and further relief as is just and proper.

Respectfully submitted this the 21st day of April, 2023.

**GRAY, RUST, ST. AMAND,**  
**MOFFETT & BRIESKE, L.L.P.**  
950 East Paces Ferry Road, N.E.  
Suite 1700 – Salesforce Tower Atlanta  
Atlanta, Georgia 30326  
Telephone: (404) 870-1054  

*/s/ Camille N. Jarman*  
Matthew G. Moffett  
Georgia State Bar No.: 515323  
Camille N. Jarman  
Georgia State Bar No.: 600736  
*Attorneys for Defendant*

Facsimile: (404) 870-1030
Email: mmoffett@grsmb.com
cjarman@grsmb.com

**CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1**

This is to certify that I have this day served a copy of the foregoing ***Defendant The Kroger Co.'s Answer And Defenses To Plaintiff's Complaint*** with the clerk of Court using the CM/ECF system and served all parties of record via electronic service through the CM/ECF system to:

Anita M. Lamar, Esq.
Stephen A. Shea, Esq.
LAMAR LAW OFFICE, LLC
P.O. Box 2558
Tucker, GA 30085
alamar@atlantalegalcare.com
sshea@atlantalegalcare.com

Further, this is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Respectfully submitted this the 21st day of April, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | */s/ Camille N. Jarman* |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road, N.E. | Georgia State Bar No.: 515323 |
| Suite 1700 – Salesforce Tower Atlanta | Camille N. Jarman |
| Atlanta, Georgia 30326 | Georgia State Bar No.: 600736 |
| Telephone:  (404) 870-1054 | *Attorneys for Defendant* |
| Facsimile:   (404) 870-1030 | |
| Email:       mmoffett@grsmb.com | |
| cjarman@grsmb.com | |