## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **HEUNG WON SEO,** | ) |
| **on behalf of themselves and others similarly** | ) |
| **situated,** | ) |
| | ) **CIVIL ACTION:** |
| **Plaintiffs.** | ) |
| | ) |
| **v.** | ) |
| | ) **JURY TRIAL DEMANDED** |
| **YOUNG HWAN, CORP, EUN KYUNG PARK,** | ) |
| **and YOUNG HWAN HAN,** | ) |
| | ) |
| **Defendants.** | ) |

---

## <u>COMPLAINT</u>

COMES NOW Plaintiff HEUNG WON SEO ("Plaintiff"), by and through their counsel, Brian Kim, PC., on behalf of themselves and others similarly situated, files this Complaint alleging as follows:

## <u>NATURE OF THIS ACTION</u>

1.

This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover overtime wages owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by a business known as YOUNG HWAN CORP, also known as Webbs Cleaners

(hereinafter referred to as "Young Hwan") and individuals known as Eun Kyung

Park ("Park") and Young Hwan Han ("Han").

2.

During the three year period preceding the filing of this action and

continuing to the present (the "Collective Action Period"), Plaintiff and similarly

situated Defendants' employees who opt in to this action pursuant to the FLSA, 29

U.S.C. § 216(b) allege that they were paid in an unlawful manner and are entitled

to recover overtime wages, liquidated damages, interest, and reasonable attorneys'

fees and costs.

3.

Also, Plaintiff seeks damages under the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 206 to recover minimum wage owed to Plaintiff by Defendants; 26

U.S.C. § 7434 to recover civil damages for fraudulent tax filings, and the state of

Georgia's breach of contract law.

## **PARTIES**

4.

Heung Won Seo the named Plaintiff in this action, ("Plaintiff") is an

individual who resided in the Northern District of Georgia during all relevant

times.

5.

Defendant Young Hwan owns and operates a dry-cleaning store in Northern District of Georgia. The address of the Defendant is 6281 Factory Shoals Rd., Mableton, GA 30216 and. It can be served upon its registered agent John Joung Lee at 530 Highland Station Dr., Ste 3005, Suwanee, GA 30024.

6.

According to the Georgia Secretary of State's records, Defendant Eun Kyung Park is a CEO and CFO of Defendant Young Hwan, and Defendant Young Hwan Han is a secretary of Defendant Young Hwan, according to the Georgia Secretary of State website. These individuals can be served by delivering a copy of summons and complaint to them at 2476 Sewell Mill Rd., Marietta, GA 30062.

7.

The Defendants Young Hwan, Park and Han are and were at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

8.

Defendants Park and/or Han controlled Plaintiff's work schedules and conditions of employment.

9.

Defendants Park and/or Han determined the rate and method of payment for Plaintiff.

10.

Defendant Young Hwan is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq*.

11.

Defendant Young Hwan transacts and has transacted regular, not isolated, acts of business in Cobb County.

12.

Upon information and belief, Defendant YOUNG HWAN's annual gross volume of sales or business is not less than $500,000.00.

13.

Defendant YOUNG HWAN is and was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1), 206, and 207.

14.

At all times relevant to this action, Defendant YOUNG HWAN oversaw and had the responsibility for maintaining employment records of Plaintiff.

15.

At all times relevant to this action, Defendants Park and/or Han oversaw and had the responsibility for maintaining employment records of Plaintiff.

**Jurisdiction**

16.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

**Venue**

17.

Venue is proper in the Northern District of Georgia in that Defendants Park and Han are resident Cobb County, Georgia, which is within this judicial District.

**Facts**

18.

Plaintiff is former employees of Defendant YOUNG HWAN.

19.

In the past three (3) years, Plaintiff were employed by Defendants for at least one day.

20.

In the past three (3) years, Defendants Park and Han were officers of Defendant Young Hwan.

21.

Throughout Plaintiff's employment with Defendants, Plaintiff Heung Won Seo were employed as a cleaning worker.

22.

Plaintiff's primary duty did not include works requiring exercise of discretion and judgment.

23.

At all times relevant to this action, Plaintiff were non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 et seq.

24.

Throughout most of Plaintiff's employment with Defendants, Defendants paid Plaintiff an weekly wage of $1,100.00.

25.

Defendants paid some of Plaintiff's wages in cash.

26.

During the relevant time hereto, Plaintiff Heung Won Seo worked on average seventy-two (72) hours per week for Defendants.

27.

Defendants paid Plaintiff a fixed wage regardless of the number of hours worked per week.

28.

Defendants failed to provide Plaintiff with one and one-half times his regular rate of pay for his work in excess of forty hours in a workweek.

29.

The reason Defendant paid some of Plaintiff's wage in cash, in addition to paychecks, was to avoid creating any evidence that shows Defendants violated FLSA. At the same time, Defendants established arbitrary evidence, such as paycheck stubs, that show as though Defendants did not violate the FLSA.

30.

Defendant failed to pay any compensation to Plaintiff for the period Plaintiff worked from August 1, 2022 to August 9, 2022.

## **CLAIM FOR RELIEF**

### **Count I: Violation of FAIR LABOR STANDARD ACT (FLSA) - OVERTIME**

31.

Plaintiff Heung Won Seo re-alleges and incorporate by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

32.

Plaintiff Heung Won Seo was regularly compelled and scheduled to work more than forty hours per week.

33.

The Defendants were required in accordance with the FLSA to pay Plaintiff Heung Won Seo one and one-half times their regular hourly rate of pay for their overtime work.

34.

The Defendants failed to pay Plaintiff Heung Won Seo one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiff Heung Won Seo a fixed hourly wage regardless of the hours worked.

35.

The Defendants' unlawful acts, omissions, and practices concerning the

terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

36.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff Heung Won Seo suffered a loss of wages of an amount to be determined at trial.

37.

Defendants, jointly and severally, owe the Plaintiff Heung Won Seo overtime pay for his work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

38.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff Heung Won Seo jointly and severally, for reasonable attorney's fees.

## **Collective Action**

39.

Plaintiff Heung Won Seo re-alleges and incorporate by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

40.

This action is collectively brought pursuant to the FLSA, 29 U.S.C. §201 *et*

*seq.* and specifically the collection action provision of the Act found at §216(b), for appropriate legal relief and to remedy violations of the wage provisions of the FLSA by Defendants which has deprived the Plaintiff, as well as other similarly situated Defendants' employees, of their lawful wages.

41.

This action challenges Defendants paid Plaintiff Heung Won Seo and similarly situated workers a fixed hourly rate regardless of number of hours Plaintiff worked. Plaintiff brings this action on behalf of themselves and similarly situated who worked for Defendants and paid fixed hourly rate regardless of number of hours they worked in the United States and were not paid properly in accordance with the FLSA.

## <u>Count II: Civil Damages for Fraudulent Filing of Information Returns (26 U.S.C. § 7434)</u>

42.

Plaintiff re-allege and incorporate by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

43.

At all times material hereto, Plaintiff have been employees of Defendants.

44.

Pursuant to 26 U.S.C § 3111, Defendants were required to pay 6.2 percent of the Plaintiff's wages to the United States for Old-Age, Survivors, and Disability Insurance (also known as Social Security Taxes) and 1.45 percent of the Plaintiff's wages for Hospital Insurance (also known as Medicare Taxes).

45.

Defendants violated 26 U.S.C. § 3111 because they failed to pay such Social Security and Medicare Taxes for all of Plaintiff's wages.

46.

When Defendants filed their Internal Revenue Service Form 941, Employer's Quarterly Federal Tax Returns, for the period Plaintiff were employed with Defendants, they omitted or understated the amount of wages paid to Plaintiff.

47.

When Defendants filed their Internal Revenue Service Form W-2 for the period Plaintiff were employed with Defendants, they omitted or understated the amount of wages paid to Plaintiff.

48.

Defendants' omissions and/or understatements of Plaintiff's wages in their Form 941 and W-2 were false and fraudulent.

49.

Defendants' omissions and/or understatements of Plaintiff's wages were for their own wrongful enrichment.

50.

As a consequence of Defendants' willful filing of fraudulent tax information returns, Plaintiff is entitled to recover damages from Defendants up to and including any actual damages sustained, or in any event not less than $5,000.00 per fraudulent filing, as well as costs of litigation and reasonable attorneys' fees, pursuant to 26 U.S.C. § 7434.

## Count III: Civil Damages for Fraudulent Filing of Information Returns (26 U.S.C. § 7434) – MINIMUM WAGE

51.

Plaintiff Heung Won Seo re-alleges and incorporate by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

52.

Plaintiff Heung Won Seo worked at least one hour during the period from August 1, 2022 to August 9, 2022.

53.

According to 29 U.S.C. § 206, the Defendants were required to pay Plaintiff wages at least $7.25 an hour.

54.

The Defendants failed to pay Plaintiff any compensation for the period.

55.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

56.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff Heung Won Seo suffered a loss of wages of an amount to be determined at trial.

57.

Defendants, jointly and severally, owe the Plaintiff Heung Won Seo overtime pay for his work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §206, *et seq*.

58.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff Heung Won Seo jointly and severally, for reasonable attorney's fees.

## Count IV: State Breach fo Contract

59.

Defendants agree to pay Plaintiff $1,100.00 per week in exchange of Plaintiff's labor.

60.

For the period from August 1, 2022 to August 9, 2022, Plaintiff fulfilled his obligation.

61.

Defendants breached his promise because they failed to pay any compensation for the period from August 1, 2022 to August 9, 2022.

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;

2. An order finding that Defendant violated sections 306, 215(a)(2), and 216(b) of the FLSA;

3. An award of damages for unpaid wages under the FLSA in the amount to be proven during trial in favor of each Plaintiff against Defendants, jointly and severally;

4. An award of liquidated damages under the FLSA in the amount to be proven during trial in favor of Plaintiff Heung Won Seo against Defendants, jointly and severally;

5. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff Heung Won Seo against Defendants, jointly and severally, for reasonable attorney fees;

6. Pursuant to 26 U.S.C. § 7434, judgment in favor of Plaintiff against Defendants, jointly and severally, for reasonable attorneys' fees;

7. An order finding that Defendants fraudulently filed information returns;

8. Judgment in favor of Plaintiff against Defendant, jointly and severally, for all taxable and non-taxable costs;

9. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available;

10. Grant certification and permit Plaintiff Heung Won Seo to proceed to trial as a collective action;

11. Judgment in favor of Plaintiff against Defendants, jointly and severally, for Defendants' breach of contract; AND

12. Such other, further and different relief as this Court deems appropriate.

This 21st day of April, 2023.

Brian Plaintiff, PC

By: */s/ Brian G. Kim*
Brian G Kim
Georgia. Bar No. 479330

1815 Satellite Blvd. #403
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile:  404.878.4208
E-Mail: brian@briankimpc.com