UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA DIVISION)

| | | |
|---|---|---|
| STEVEN BENTLEY, | ) | |
| GARY CHASTAIN | ) | |
| JOHN CONNIFF, JR., | ) | |
| JEFFERY DEMOSS, | ) | |
| STEVEN LESTER, | ) | |
| KEVIN LEWIS, | ) | |
| IAN MARTIN, | ) | |
| KEITH SCHNEIDER | ) | |
| KYLE SMITH, and | ) | |
| EDWARD TOWNSEND,individually and | ) | |
| on behalf of themselves and all others | ) | |
| similarly situated | ) | Case No. _____ |
| | ) | |
| Plaintiffs, | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| COBB COUNTY, GA | ) | |
| | ) | |
| Defendant. | ) | |

_____

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs, by and through their counsel, respectfully submit their Collective

Action Complaint against Defendant Cobb County, Georgia, and in support, state

as follows:

**PARTIES**

1.      Plaintiffs, ("Plaintiffs"), are current or former employees of the

Defendant, Cobb County, Georgia ("Defendant" or "Cobb County"), who bring

this action under the Fair Labor Standards Act ("FLSA") against Defendant, on

behalf of themselves (and other individuals who opt into this action) because of Defendant's unlawful deprivation of Plaintiffs' rights to overtime compensation.

2.      Defendant operates the Cobb County Fire Department ("CCFD"), which is the Cobb County department responsible for providing fire suppression and first response emergency medical service to Cobb County.

3.      At all times material herein, Defendant employed the Plaintiffs, and all similarly situated individuals, in the position of Battalion Chief at CCFD. The exact dates of the Plaintiffs', and similarly situated employees', employment are in custody and control of the Defendant, and the Defendant has knowledge of the dates on which each of the Plaintiffs, and similarly situated employees, have been a Battalion Chief during the relevant time period.

4.      Plaintiffs bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the FLSA against the Defendant on behalf of themselves and all others similarly situated because of Defendant's unlawful deprivation of Plaintiffs' rights to overtime compensation. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and 2202 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

5.      At all times material herein, Plaintiffs and all those similarly situated have been "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e)(1).

6.      Plaintiffs have given their written consent to be party-Plaintiffs in this action, pursuant to 29 U.S.C. § 216(b). Such written consents are attached to this Complaint as Exhibit 1.

7.      Defendant is Cobb County, Georgia, which is a County existing under the laws of the State of Georgia, over which this Court has jurisdiction. Defendant is a "public agency" and an "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203(x), 203(d). Defendant has a principal place of business within the Northern District of Georgia.

## JURISDICTION AND VENUE

8.      This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, as Defendant is located within the Norther District of Georgia and a substantial part of the events and omissions giving rise to this action occurred with the Northern District of Georgia.

## COLLECTIVE ACTION ALLEGATIONS

10.     Plaintiffs, and all others similarly situated, work or have worked for Defendant in the position of Battalion Chief at the CCFD.

11.     Within the last three years, and continuing to date, while working at the rank of Battalion Chief, Plaintiffs' primary job duty has been and remains, to

respond to and protect and serve the public by engaging in fire suppression, emergency response, and related non-exempt activities.

12.     Pursuant to Cobb County's communication policy, Battalion Chiefs are automatically dispatched to commercial fires, house fires, hazmat (levels B and C), drownings, swift water rescues, tornado touch downs, trenches, water rescues, bus accidents with injuries, any extractions, train derailments, aircraft emergencies, high rise alarms, mobile home fires, multi-causality incidents, building collapses, explosions with injuries, maydays, and when bomb devices are located. In addition, Cobb County's policy states that "once an alarm reaches three or more pieces of equipment, a [Battalion Chief]'s car will automatically be dispatched."

13.     Regardless of what other duties, including any administrative or managerial duties, the Battalion Chiefs are performing at the time, when an emergency call comes in, it takes precedence over everything else.

14.     While on the scene of fire calls, Plaintiffs and all others similarly situated regularly work alongside the crew, engaged in the control, suppression and extinguishing of fires and the rescue of fire and accident victims.

15.     Moreover, Plaintiffs and all others similarly situated are also required to complete all of the same training as other frontline fire fighters and are required

to maintain EMS and Hazmat certifications.   In addition, they are strongly encouraged to have a paramedic's license.

16.   Likewise, their vehicles are all equipped with two air packs, a water can, irons, hook, a jump bag and Thermal Imaging Cameras ("TIC") – all critical pieces of equipment used in fire suppression and emergency response.

17.   Plaintiffs have no authority to hire, fire or discipline employees.

18.   Plaintiffs, and those similarly situated, are non-exempt employees covered by the overtime provisions of the FLSA.

19.   Within the last three years, and continuing to date, Plaintiffs, and those similarly situated, have worked and continue to work the same schedule as all other fire fighters employed by Defendant at the CCFD, which consists of 24-hours on-duty followed by 48-hours off duty.   This work schedule repeats every three days and, as a result, Plaintiffs, and those similarly situated, routinely work more than 40 hours in a workweek, and in fact at least 168 hours every 21 days.

20.   Despite suffering and permitting Plaintiffs and those similarly situated to work in excess of the statutory maximums of 40 hours in a workweek and 159 hours in each 21-day cycle, Defendant at all material times and ongoing, has failed to pay Plaintiffs and those similarly situated at the required rate of one and one-half time their rate of pay for those hours.

**21.**    Defendant's actions in refusing to provide Plaintiffs and those similarly situated the rights and protections provided under the FLSA are willful in that Defendant knew its pay practices with respect to those employees were prohibited by the FLSA, or, at the very least, showed a reckless disregard for the FLSA.

## COUNT I

## VIOLATION OF SECTION 207(A) OF THE FAIR LABOR STANDARDS ACT

22.    Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 21 of this Complaint.

23.    During the times that Plaintiffs and those similarly situated have worked in excess of 40 hours in a workweek, Defendant has failed, and continues to fail, to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

24.    By failing to pay the Plaintiffs and others similarly situated the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs and those similarly

situated have been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

25.    As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs and others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiffs and others similarly situated (including time and attendance records) are in the exclusive possession, custody and control of Defendant, and Plaintiffs are unable to state at this time the exact amount owed to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs and others similarly situated from which the amount of Defendant's liability can be ascertained.

26.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs and others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

27.    Plaintiffs and others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF SECTION 207(K) OF THE FAIR LABOR STANDARDS ACT

28.     Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 27 of this Complaint.

29.     Under the U.S. Department of Labor's regulations applicable to fire fighters covered under 29 U.S.C. § 207(k), (29 C.F.R. § 553.230), an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 53 hours in a 7-day work period or in excess of 212 hours in a maximum 28-day work period (or in excess of a proportionate number of hours for work periods between 7 and 28 days).

30.     Here, the Defendant has adopted a 21-day work period for employees working a 24/48 shift. Thus, Section 7(k) of the FLSA requires Defendant to pay one and one-half times their regular rate of pay to all 24/48-hour employees who work hours in excess of 159 hours in a 21-day period.

31.     When Plaintiffs and others similarly situated have worked in excess of 159 hours in a 21-day period, Defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in

excess of the hourly standards set forth under 29 U.S.C. § 207(k) and 29 C.F.R. § 553.230.

32.    By failing to pay the Plaintiffs and others similarly situated the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs and those similarly situated have been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

33.    As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs and others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and other various statutory and regulatory provision, to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

34.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs and others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

35.     Plaintiffs and others similarly situated are entitled to recover attorney's fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, all Plaintiffs, on their own behalf and on behalf of other similarly situated, pray this Court:

(a)     Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations under federal law and deprived each of the Plaintiffs of his/her rights;

(b)     Enter judgement declaring Plaintiffs are not exempt under the FLSA;

(c)     Order a complete and accurate accounting of all the unpaid compensation to which the Plaintiffs are entitled;

(d)     Award Plaintiffs compensatory relief in the form of unpaid compensation and liquidated damages to their unpaid compensation;

(e)     Award Plaintiffs interest on their unpaid compensation;

(f)     Award Plaintiffs their reasonable attorneys' fees to be paid by the

Defendant, and the costs and disbursements of this action; and

(g)     Grant such other relief as may be just and proper.

Respectfully submitted,

*/s/ Nicholas M. Stanojevich*
Nicholas Stanojevich
Quinn, Connor, Weaver, Davies
  & Rouco LLP
4100 Perimeter Park South
Atlanta, Georgia 3034


_____
Lauren P. McDermott
(*Motion to Appear Pro Hac Vice  to Follow*)
Mark J. Murphy
(*Motion to Appear Pro Hac Vice  to Follow*)
MOONEY, GREEN, SAINDON, MURPHY
& WELCH, P.C.
1920 L Street, NW, STE 400
Washington, DC 20036
lmcdermott@mooneygreen.com
mmurphy@mooneygreen.com
*Attorneys for Plaintiffs*