# EXHIBIT B

FILED 4/20/2023 2:14 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

SHAH HOSPITALITY LLC, D/B/A GULF )
AMERICAN INN, )
                            )
         Plaintiff, )
                            )       Civil Action No. 23CV3242
vs. )
                            )
ATAIN SPECIALTY INSURANCE )
COMPANY, a foreign corporation, )
                            )
         Defendant. )

## DEFENDANT ATAIN SPECIALTY INSURANCE COMPANY'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Atain Specialty Insurance Company ("Atain") files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Shah Hospitality LLC, D/B/A Gulf American Inn ("Plaintiff"), as follows:

### PARTIES

1.

Upon information and belief, admitted.

2.

Atain denies the allegations contained in Paragraph No. 2 as stated. For further response, Atain states that it is a Michigan corporation and an eligible surplus lines insurer that issued a policy of insurance in DeKalb County, Georgia.

### JURISDICTION AND VENUE

3.

Atain admits that Plaintiff seeks damages in excess of $15,000.00 for jurisdictional purposes only. Atain denies any and all allegations in the Complaint that Plaintiff may recover for

DI

breach of contract and/or bad faith denial of an insurance claim.

4.

Atain admits that venue is proper in DeKalb County, Georgia and that Plaintiff seeks damages in excess of $15,000.00.  For further response, Atain admits that it is an eligible surplus lines insurer that delivered a policy of insurance in DeKalb County, Georgia, where the Plaintiff's property is located.  Atain denies the remaining allegations in Paragraph No. 4, including any and all allegations that Plaintiff may recover for breach of contract and/or bad faith denial of an insurance claim.

5.

Admitted.

## **THE POLICY**

6.

Atain admits that it issued commercial property Policy No. CIP420082 to Gulf American Inn Shah Hospitality LLC DBA for the policy period December 30, 2020 to December 30, 2021 (the "Policy"), subject to the Policy's terms, conditions, and exclusions.  Atain further admits that the Policy contains certain commercial property coverages for Plaintiff's motel located at 3700 Flat Shoals Road, Decatur, Georgia 30034 (the "Property").

7.

Atain denies the allegations in Paragraph No. 7 as stated.  For further response, Atain admits that the Policy contains certain commercial property coverages for the Property, which is subject to a $2,500.00 deductible.  Atain further states that the Policy must be read in whole according to all of its terms, conditions, and exclusions.

8.

Atain denies the allegations in Paragraph No. 8 as stated.  For further response, Atain admits that the Policy contains certain commercial property coverages for the Property, which must be read in whole according to all of its terms, conditions, and exclusions.

9.

Atain denies the allegations in Paragraph No. 9 as stated.  For further response, Atain admits that the Policy contains certain commercial property coverages for the Property, which must be read in whole according to all of its terms, conditions, and exclusions.

**SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

10.

Atain denies the allegations contained in Paragraph No. 10 as stated.  For further response, Atain admits that March 25, 2021 falls within the Policy's effective dates.

11.

Atain denies the allegations contained in Paragraph No. 11, including the conclusory allegations that the Plaintiff's claim was reported to Atain "promptly and timely" as required under the Policy.  For further response, the Plaintiff submitted its loss notice on March 29, 2022, more than one year after the alleged March 25, 2021 loss occurred.  Atain admits that it retained Minuteman Adjusters ("Minuteman") to investigate Plaintiff's claim.

12.

Atain denies the allegations contained in Paragraph No. 12 as stated.

13.

Atain denies the allegations contained in Paragraph No. 13 as stated, including the allegation that Atain "performed a site inspection of the Property."  For further response, Atain

performed multiple inspections of the Property.  Atain states that it hired PLS Claims to inspect the Property on April 12, 2022.  Atain further states that it hired an engineer with U.S. Forensic to conduct a separate and independent inspection of the Property on May 17, 2022, followed by a re-inspection of the Property on January 24, 2023.

14.

Atain denies the allegations contained in Paragraph No. 14 as stated because it contains a legal conclusion to which no response is required.

15.

Atain denies the allegations contained in Paragraph No. 15, including the conclusory allegation that Atain "grossly underestimated the scope of loss" alleged.  For further response, Atain's investigation and multiple inspections revealed some covered wind damage, which did not exceed the Policy's $2,500.00 deductible.  Atain further states that investigation revealed non-covered damages caused by age-related deterioration, inadequate or faulty maintenance, and wear and tear, which the Policy expressly excludes and which was communicated to Plaintiff.  Atain denies the remaining allegations contained in Paragraph No. 15.

16.

Atain denies the allegations contained in Paragraph No. 16, including the conclusory allegation that Atain "frivolously and baselessly" denied Plaintiff's claim as alleged.  For further response, Atain's representatives, including its engineer, conducted a total of three inspections of the Property.  Atain denies the allegation that the Plaintiff has retained or otherwise identified any "expert" who has provided an opinion as to the cause or scope of Plaintiff's alleged loss.  Atain further states that Minuteman, on Atain's behalf, issued numerous correspondences to the Plaintiff, including on July 26, 2022, October 28, 2022, and March 28, 2023 setting forth Atain's coverage

4

position and explaining that no payment will be forthcoming under the Policy.  Atain denies the
remaining allegations contained in Paragraph No. 16.

17.

Atain denies the allegations contained in Paragraph No. 17 as stated.  Atain denies the
allegation that the Complaint includes a true and accurate copy of any correspondence attached as
Exhibit C.

18.

Atain denies the allegations contained in Paragraph No. 18, including the allegation that
the Complaint includes a true and accurate copy of an estimate attached as Exhibit D.  For further
response, Atain admits that the Complaint seeks damages in the amount of $113,767.40, less the
Policy's deductible.  Atain further states that it is in receipt of a Sworn Statement Proof of Loss
with the Plaintiff's total purported loss in the amount of $167,834.14, less the Policy's $2,500.00
deductible.  Atain specifically denies that it made any "previous payments" to the Plaintiff for the
loss as alleged in Paragraph No. 18.  Atain denies the remaining allegations contained in Paragraph
No. 18.

19.

Atain denies the allegations contained in Paragraph No. 19.

20.

Atain denies the allegations contained in Paragraph No. 20 as stated.  For further response,
Atain states that the Plaintiff has not complied with the Policy's conditions precedent to coverage
by failing to provide prompt notice of the loss or damage and by misrepresenting the scope and
amount of damage caused by the alleged hail and wind damage.

21.

Atain denies the allegations contained in Paragraph No. 21.

22.

Atain denies the allegations contained in Paragraph No. 22.

## COUNT I: BREACH OF CONTRACT

23.

Atain incorporates its responses to Paragraph Nos. 1-22 as if fully stated herein.

24.

Atain denies the allegations contained in Paragraph No. 24.

25.

Atain denies the allegations contained in Paragraph No. 25.

26.

Atain denies the allegations contained in Paragraph No. 26.

27.

Atain denies the allegations contained in Paragraph No. 27.

28.

Atain denies the allegations contained in Paragraph No. 28.

29.

Atain denies the allegations contained in Paragraph No. 29.

30.

Atain denies the allegations contained in Paragraph No. 30.

31.

Atain denies the allegations contained in Paragraph No. 31.

6

## DEMAND FOR JURY TRIAL

### 32.

Atain admits that Plaintiff requests a trial by Jury.  Atain denies that the Plaintiff is entitled to jury trial as alleged in Paragraph No. 32.

## PRAYER FOR RELIEF

### 33.

To the extent that a response is required, Atain denies any and all allegations contained in the WHEREFORE paragraph, including subparts (a) through (h).

## GENERAL DENIAL

To the extent an allegation, count, or prayer for relief has not been expressly admitted above, Atain denies each and every allegation, count, and prayer for relief of Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Atain as Plaintiff's Complaint does not allege physical loss or damage to the Property caused by a covered cause of loss.  The Complaint should therefore be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Atain's obligations to its insured are governed by the Policy, and it incorporates the Policy's terms, conditions, and exclusions as if fully set forth herein.

## THIRD AFFIRMATIVE DEFENSE

The Policy is void or the Plaintiff's claims are barred due to misrepresentation the Plaintiff made concerning the scope and amount of damage caused by the alleged wind and hail loss.

## FOURTH AFFIRMATIVE DEFENSE

The Policy is void or the Plaintiff's claims are barred by its failure to comply with the

Policy's Duties In The Event Of Loss Or Damage provision, including the failure to provide immediate notice of the alleged March 2021 loss.  The Policy contains the following provision:

    **E.**      **Loss Conditions**

        The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

                      \*\*\*

    **3.**      **Duties In The Event Of Loss Or Damage**

        **a.**    You must see that the following are done in the event of loss or damage to Covered Property:

            **(1)**    Notify the police if a law may have been broken.

            **(2)**    Give us prompt notice of the loss or damage. Include a description of the property involved.

            **(3)**    As soon as possible, give us a description of how, when and where the loss or damage occurred.

            **(4)**    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

            **(5)**    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

            **(6)**    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)**    Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

**(8)**    Cooperate with us in the investigation or settlement of the claim.

**b.**    We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

Policy at CP 00 10 04 02, pp. 9-10 of 14.  As discussed above, the Plaintiff failed to provide immediate notice of the loss as it first notified Atain of the March 25, 2021 loss on March 29, 2022, more than one year after the alleged loss occurred.  Given this Policy language, coverage is unavailable to the extent that the Plaintiff breached the Policy's Duties In The Event Of Loss Or Damage provision.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>

Plaintiff seeks damages that are excluded under the Policy, including, but not limited to, those damages caused by age-related deterioration, inadequate or faulty maintenance, and wear and tear.  The Policy's Causes of Loss – Special Form contains the following exclusions:

**B.**    **Exclusions**

\*\*\*

**2.**    We will not pay for loss or damage caused by or resulting from any of the following.

\*\*\*

**d.**    **(1)**    Wear and tear;

        **(2)**     Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

* * *

    **3.**     We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

* * *

    **c.**     Faulty, inadequate or defective:

        **(1)**     Planning, zoning, development, surveying, siting;

        **(2)**     Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        **(3)**     Materials used in repair, construction, renovation or remodeling; or

        **(4)**     Maintenance;
        of part or all of any property on or off the described premises.

Policy at CP 10 30 04 02, pp. 1-4 of 9. Atain's multiple inspections revealed existing damage in the Property's roof. Given this Policy language excluding coverage caused by wear and tear, deterioration, and latent defects, coverage is unavailable for damage caused by age-related wear and tear and pre-existing damages.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

Atain alleges as affirmative defenses all applicable terms, conditions, and exclusions in the Policy, including, but not limited to, provisions addressing policy deductibles and limitations on loss.

10

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claims are barred as it has failed to plead the requirements to prove bad faith denial as required by O.C.G.A. § 33-4-6.

## EIGHTH AFFIRMATIVE DEFENSE

Atain reserves the right to amend its Answer to include additional affirmative defenses as they become available.

**WHEREFORE**, Atain demands that:

a. Plaintiff's claims against it be dismissed with prejudice;

b. Plaintiff recovers nothing against Atain in this action; and

c. Atain has any other and further relief that the Court deems proper.

Respectfully submitted this 20th day of April, 2023.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1152
Fax:  470-552-1151
rzelonka@wshblaw.com
jrowe@wshblaw.com
pyoungwynn@wshblaw.com

*/s/ P. Jeffery Rowe, Jr.*
Richard E. Zelonka, Jr.
Georgia Bar No. 142152
P. Jeffery Rowe, Jr.
Georgia Bar No. 125728

*Counsel for Defendant,*
*Atain Specialty Insurance Company*

11

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SHAH HOSPITALITY LLC, D/B/A GULF AMERICAN INN, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| ATAIN SPECIALTY INSURANCE COMPANY, a foreign corporation, | ) ) ) |
| Defendant. | ) ) |

Civil Action No. 23CV3242

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing ***Answer and Affirmative***

***Defenses*** on all parties, via Odyssey eFile GA as follows:

Michael D. Turner, Esq.
Foster L. Peebles, Esq.
**THE HUGGINS LAW FIRM, LLC**
110 Norcross Street
Roswell, Georgia 30075
*mdturner@lawhuggins.com*
*fpeebles@lawhuggins.com*

This 20th day of April, 2023.

| | |
|---|---|
| **WOOD, SMITH, HENNING & BERMAN LLP** | */s/ P. Jeffery Rowe, Jr.* |
| 1230 Peachtree Street NE, Suite 925 | Richard E. Zelonka, Jr. |
| Atlanta, Georgia 30309 | Georgia Bar No. 142152 |
| Telephone: 470-552-1150 | P. Jeffery Rowe, Jr. |
| Fax: 470-552-1151 | Georgia Bar No. 125728 |
| rzelonka@wshblaw.com | |
| jrowe@wshblaw.com | *Counsel for Defendant,* |
| pyoungwynn@wshblaw.com | *Atain Specialty Insurance Company* |