**EXHIBIT B**

## CONSENT TO TRANSFER AND RELEASE AGREEMENT

This Consent to Transfer and Release Agreement ("Agreement") is entered into this 8th day of July, 2019 by and between DUCT DOCTOR USA, INC., a Georgia corporation ("DDUSA") and CREATIVE BUILDING SOLUTIONS, LLC, a Missouri limited liability company ("Franchisee").

### BACKGROUND

A.  DDUSA, as franchisor, and Franchisee, as franchisee entered into a Franchise Agreement dated February 11, 2013 for a Duct Doctor franchised business at 705 SE Melody Lane #191, Lees Summit, Missouri 64063 (the "Franchised Business").

B.  The current Members of Franchisee desire to sell all (100%) of the equity of Creative Building Solutions, LLC to BEA Management, LLC, a Missouri limited liability company, whereby BEA Management, LLC will be the sole member of Creative Building Solutions, LLC. Such a sale of equity in Franchisee is a "Transfer" under the Franchise Agreement. DDUSA has consented to the transfer in accordance with the terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the foregoing and the mutual promises and covenants set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which the parties hereby acknowledge, the parties to this Agreement agree as follows:

1.  <u>Consent to Transfer</u>.  Subject to and conditioned upon Franchisee's compliance with the terms and conditions hereinafter set forth in this Agreement, DDUSA hereby consents to the transfer and assignment of the Membership Interests of Franchisee and Franchisee's right, title, and interest in and to Franchisee's DUCT DOCTOR Franchised Business. Contemporaneous with the execution of this Agreement, Franchisee will sign the current version of the DDUSA Franchise Agreement with an initial term equal to the unexpired term of the Franchise Agreement. DDUSA waives the Transfer Fee.

2.  <u>Release</u>.  In consideration of DDUSA's consent to Franchisee's assignment of its rights and duties under the Franchise Agreement, Franchisee hereby releases and discharges DDUSA, DDUSA's officers, directors, shareholders, managers, members, partners, owners, employees and agents and attorneys (in their corporate and individual capacities), and DDUSA's successors and assigns, from any and all claims, causes of action, suits, debts, damages, judgments, executions, claims and demands whatsoever, in law or in equity, that Franchisee or Franchisee's heirs, executors, administrators, successors and assigns had, now have or may have, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Agreement arising out of or related to (i) the Franchise Agreement; (ii) the Franchise; and (iii) the business relationship that exists between DDUSA and Franchisee, including, without limitation, claims arising under federal, state and local laws, rules and ordinances. In the event Franchisee raises or asserts a claim, action, or cause of action described in this Section 2, or alleges any loss, losses, damage, damages, or liabilities described in this Section 2, this Section 2 shall be a complete and conclusive defense thereto.

3.  <u>Continuing Obligations of Franchisee</u>.  Notwithstanding the transfer of the Franchise Agreement, all warranties, covenants and obligations of Franchisee in the Franchise Agreement whether arising prior to the date of the transfer or subsequently, shall remain in full force and effect.

4. <u>Miscellaneous</u>.

(a) <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of the parties' successors, heirs and assigns.

(b) <u>Choice of Law</u>. The terms of this Agreement shall be interpreted, governed and enforced in accordance with the laws of the state of Georgia.

(c) <u>Severability</u>. Any provision of this Agreement which is determined to be invalid or unenforceable for any reason shall not affect the remaining provisions of this Agreement unless the removal of the invalid or unenforceable provision shall substantially defeat the purpose of this Agreement. To the extent that a court is able, any provision which is determined to be invalid or unenforceable as written, may be modified but only to the extent necessary to make such provision valid and enforceable.

(d) <u>Execution in Counterparts</u>. This Agreement may be executed in multiple counterparts, all of which shall be deemed as an original.

(e) <u>Voluntary Agreement.</u> The parties agree that each of them has had the opportunity to review this Agreement, that each understands the terms of this Agreement and that, by signing this Agreement, each has entered into this Agreement freely and voluntarily without compulsion or duress. Each party has been represented by legal counsel and has relied on the advice of its legal counsel prior to signing this Agreement.

(f) <u>Entire Agreement</u>. This Agreement represents the entire understanding and agreement between the parties regarding the subject matter described herein. This Agreement supersedes all prior negotiations or agreements between the parties. This Agreement may be amended or modified only by a separate written agreement that makes specific reference to this Agreement and is signed by both parties.

IN WITNESS WHEREOF, the undersigned have duly executed and delivered this Agreement on the date first written above.

**DDUSA**

Duct Doctor USA, Inc.

By: *Glade Stricklin*
Kenneth S. Stricklin, CEO
Jul 08 2019

**FRANCHISEE**

Creative Building Solutions, LLC

By: *Ben Allison*
Benjamin Allison, President of BEA Management, LLC its Sole Member
Jul 08 2019