# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **SEYED A. GHAZI,** ) | |
| ) | Civil Action |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CASE NO.:_____ |
| ) | |
| **UR MENDOZA JADDOU,** Director ) | |
| of U.S. Citizenship and Immigration ) | |
| Services**,** and **ANTONIO DONIS,** Director ) | |
| of U.S. Citizenship and Immigration ) | |
| Services Arlington Asylum Office. ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT**

COMES NOW, **Seyed A. Ghazi**, Plaintiff in the above-styled and numbered cause, by and through the undersigned attorney of record, and for cause of action would show this Honorable Court the following:

1. This is an action for mandamus relief and under the Administrative Procedure Act brought against the Defendants to compel action on a I-589 Application for Asylum filed by the Plaintiff in 2016. The application was filed with and

-1-

remains within the jurisdiction of the Defendants, who have improperly withheld action on said Application to Plaintiff's detriment.

2. The claims for mandamus and injunctive relief seek an order from the Court compelling Defendants to perform a duty that Defendants owe to Plaintiff, namely, to cause Defendants to adjudicate Plaintiff's Application for Asylum. The claim for declaratory relief seeks a judicial declaration that Defendants are required under law to complete the adjudication process for Plaintiff.

## PARTIES

3. Plaintiff, **Syed A. Ghazi** is a 34-year-old native of Iran (Alien Number: 209-249-537). (See Passport Biographic Page, **Exhibit 1**). He filed an I-589 Application for Asylum (Receipt Number ZAR1600084970) which was received by USCIS on August 11, 2016. (See Plaintiff's I-589 Receipt Notice, **Exhibit 2**).

4. Defendant, Ur Mendoza Jaddou, is the Director of USCIS. USCIS is the branch of DHS that is charged with all adjudication duties pertaining to immigration applications. Defendant is the official of USCIS generally charged with administrative and supervisory authority over all operations of USCIS including the Arlington Asylum Office. Defendant Jaddou is sued in her official capacity.

5. Defendant Antonio Donis is the USCIS Arlington Asylum Office Director. Defendant Donis is sued in his official capacity and is the official of USCIS generally charged with supervisory authority over affirmative asylum operations within his service area with certain specific exceptions not relevant here. As will be shown, Defendant is the official with whom Plaintiff's application was properly filed.

## JURISDICTION

6. Jurisdiction, in this case, is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. § 701 et seq.; and 28 U.S.C. § 2201 et seq, as well as the APA, 5 U.S.C. §§ 555(b) and 706(a). Relief is requested according to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), insofar as this is an action against officers and agencies of the United States in their official capacities brought in the District where Plaintiff resides, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted his administrative remedies. No other remedy is adequate in this case because Defendants have not updated or made a decision on the Plaintiff's six-and-a-half-year-old Application for Asylum.

## CAUSE OF ACTION

9. Plaintiff **Syed A. Ghazi** entered the United States on May 7, 2016 as a B-2 Visitor. (See Plaintiff's I-94, **Exhibit 3**).

10. He filed an Application for Asylum or Withholding of Removal (Form I-589) which was received by USCIS on August 11, 2016. (See Plaintiff's I-589 Receipt Notice, **Exhibit 2**).

11. Plaintiff has not received any further communication from Defendants regarding the status of his Form I-589 Application for Asylum, over six and a half years after submitting his request.

12. Since Plaintiff submitted his application, USCIS has changed its interviewing priority to recently-filed applications. (See Affirmative Asylum Interview Scheduling, **Exhibit 4**). Due to the relatively slow clearance rate and the deluge of incoming applications, there is no clear future date at which older applications will begin to be addressed. (See Asylum Division Quarterly Statistics Report, **Exhibit 5**).

13. Defendants' failure to make a decision in this case has caused and continues to cause harm to Plaintiff in denying him a privilege to which he is entitled.

## LEGAL BACKGROUND

14. This Court has jurisdiction to review USCIS's action concerning Plaintiff's immigration case according to 28 U.S.C. § 1331 and the Administrative Procedure Act.  See Kim v. Ashcroft, 340 F. Supp. 2d 384 (S.D.N.Y. 2004) (holding that subject matter jurisdiction exists pursuant to the Defendant's violation of 5 U.S.C. § 555(b) of the Administrative Procedure Act ("APA") in conjunction with the federal question statute); Yu v. Brown, 36 F. Supp.2d 922, 930 (D.N.M. 1999) (noting that "courts have specifically recognized jurisdiction under § 1331 and the APA to hear challenges to INS delays in processing visas, LPR, and citizen applications").

15. The APA, 5 USC §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other appropriate remedy in this situation because USCIS has withheld action on Plaintiff's I-589 application. Thus, the only option for Plaintiff is this instant action in this court.

16. Moreover, 5 U.S.C. § 706 states:

>  The reviewing court shall—
> 
>  **(1)** compel agency action unlawfully withheld or unreasonably delayed; and

    **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—

        **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

        **(B)** contrary to constitutional right, power, privilege, or immunity;

        **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

        **(D)** without observance of procedure required by law;

        **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

        **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

17. In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to adjudicate Plaintiff's for Asylum.

18. Defendants have failed to properly adjudicate or take any meaningful action on Plaintiff's application for asylum for over six-and-a-half years, leading to an undue and unreasonable delay.

19. Defendants' inaction in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants have willfully and unreasonably withheld action on Plaintiff's application in spite of the ongoing eligibility of Plaintiff to obtain Asylee status in the United States of America.

20. Defendants, in violation of the Administrative Procedure Act, 5 U.S.C §701 *et seq.*, have unlawfully withheld action on Plaintiff's application and therefore, have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case to the detriment of the Plaintiff.

21. Accordingly, Plaintiff have been forced to pursue the instant action.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray this Honorable Court to grant the following relief:

A.  Compel Defendants and their agents to perform their duty, namely, to adjudicate and take action on Plaintiff's Application for Asylum according to the law and regulations by which they are bound;

B.  Enjoin Defendants from further delaying the adjudication of Plaintiff's I-589 Application for Asylum.

C.  Grant such other and further relief as this Court deems proper under the circumstances; and

D.      Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

Respectfully submitted,

      This the 21th day of April, 2023.

                                                 **THE FOGLE LAW FIRM, LLC**

                                                 /s/H. Glenn Fogle, Jr.
                                                 by: H. Glenn Fogle, Jr.
                                                 Georgia Bar No. 266963
                                                 Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com