## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MARSHA W. MIGNOTT,** | ) |
| | ) |
| **Individually and on behalf of all** | ) |
| **others similarly situated** | ) |
| | ) |
| **Plaintiff,** | ) **CIVIL ACTION NO._____** |
| | ) |
| **v.** | ) **CLASS ACTION COMPLAINT** |
| | ) |
| **STATE BAR OF GEORGIA** | ) **Jury Trial Demanded** |
| **FOUNDATION, INC.,** | ) |
| **STATE BAR OF GEORGIA OFFICE OF** | ) |
| **THE GENERAL COUNSEL,** | ) |
| **ASSISTANT GENERAL COUNSEL** | ) |
| **WILLIAM VAN HEARNBURG JR.,** | ) |
| **In his Official Capacity,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL
### (Class/Collective Action)

**COMES NOW** the Plaintiff, MARSHA W. MIGNOTT ("Plaintiff" or "Mignott"), on behalf of herself and those similarly situated, and hereby files this Complaint against the Defendants, STATE BAR OF GEORGIA FOUNDATION, INC. (herein after "Defendant SBGF"), a Domestic Non-Profit Corporation, State Bar of Georgia Office of the General Counsel (herein after "Defendant OGC"), a subsidiary of the State Bar of Georgia, and William Van Hearnburg, Jr. (herein

1

after "Defendant Hearnburg" or "Hearnburg"), In his Official Capacity as Assistant General Counsel for the State Bar of Georgia for discrimination based on race in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and alleges as follows:

## INTRODUCTION

1.       Defendants violated the Civil Rights Act of 1866, 42 U.S.C. § 1981 by engaging in racial discrimination against African American attorneys who are members of the State Bar of Georgia, such as Plaintiff ("Mignott").

2.       Mignott brings her 42 U.S.C. § 1981 claims of race discrimination against SBGF, OGC, and their Assistant General Counsel, Defendant Hearnburg, and seeks damages, attorney's fees (42 U.S.C. § 1981), litigation expenses and costs.

## JURISDICTION AND VENUE

3.       The Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights).

4.       The acts or omissions which made the basis of this suit occurred in Fulton County, Georgia and in this judicial district, so venue is proper in this Court under 42 U.S.C. § 1391.

5.       No administrative exhaustion or other conditions precedent are required prior to the filing of claims under 42 U.S.C. § 1981.

2

## THE PARTIES

6.      Plaintiff Marsha W. Mignott is a Black female and a licensed attorney in the State of Georgia who is a member of the State Bar of Georgia in good standing since 2005 to present.

7.      Defendant State Bar of Georgia Foundation, Inc.[1] ("Defendant SBGF") is a domestic non-profit corporation registered in the State of Georgia. Defendant may be personally served by and through its registered agent William D. NeSmith, III at its principal address located at 104 Marietta Street, NW, Suite 100, Atlanta, Georgia 30303.

8.      Defendant State Bar of Georgia Office of General Counsel ("Defendant OGC") is a subsidiary of the State Bar of Georgia ("Defendant SBGF") and Defendant OGC may be personally served by and through its registered agent William D. NeSmith, III at its principal address located at 104 Marietta Street, NW, Suite 100, Atlanta, Georgia 30303.

---

[1] State Bar Rules and Regulations, Rule 1-102: "The State Bar of Georgia shall be a legal entity; may sue and be sued; shall have perpetual existence; may contract; may own real and personal property; may adopt and use an official seal; shall establish a principal office; and shall have such other powers, privileges and duties as may be reasonable and necessary for the proper fulfillment of its purposes."

9.      Defendant William Van Hearnburg, Jr. (herein after "Defendant Hearnburg" or "Hearnburg"), is Assistant General Counsel for the State Bar of Georgia Office of General Counsel who may be personally served at the State Bar of Georgia located at 104 Marietta Street, NW, Suite 100, Atlanta, Georgia 30303.

## NATURE OF THE COMPLAINT

10.     This is a Class Action Complaint filed by the Plaintiff, Marsha W. Mignott who is also African American on behalf of herself and others similarly situated against the Defendants for damages, costs, and attorneys' fees, alleging a continuing pattern of racially discriminatory conduct in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 against Plaintiff and prospective class members similarly situated.[2]

11.     As such, in the face of the risks associated with combating racism and injustice, and in particular standing up to organizations as powerful as the State Bar of Georgia and its affiliates, Ms. Mignott has determined that the only way to effectuate real change is through the Courts, where the State Bar

---

[2] Pursuant to State Bar Rules and Regulations, Rule 4-225, Plaintiff and or prospective class members similarly situated, does not seek to challenge the action or inaction of State Bar or any person in connection with any disciplinary proceedings.

of Georgia's conduct can be judged by a jury of Ms. Mignott's peers and issue a judgment that is long overdue.

12.     As the only governing agency over attorneys in the State of Georgia, the State Bar of Georgia Foundation, Inc., and the Office of General Counsel a subsidiary of the State Bar of Georgia, is an elite cadre of professional services that regulate professional standards of attorneys in the legal industry. But rather than use its vast resources and status to stamp out racial and gender discrimination, SBGF, Office of General Counsel and Mr. Hearnburg, actively perpetuates it.

13.     The Defendants would likely have gotten away with this most insidious form of discrimination if the Plaintiff was not contacted by a member of the public who disclosed the fact that White  male attorneys who violate State Bar of Georgia Rules are treated differently from African American attorneys based on the correspondence below. Lloyd Fuller, Jr. a member of the general public paid a White attorney Sean Joyner and his White associate attorney Evelyn Proctor $12,000.00 (twelve thousand dollars). Notwithstanding said payment Mr. Fuller was abandoned in court proceedings by both Attorney Joyner and Attorney Proctor. Mr. Fuller

complained to the State Bar of Georgia and Defendant Hearnburg, Jr. dismissed the grievance against attorney Joyner because he was White.



14.     Notwithstanding the actions of expeditiously dismissing a White male's Grievance filed by Mr. Fuller an African American member of the public whose $12,000.00 (twelve thousand dollars) in attorneys fees was taken and Mr. Fuller abandoned in violation of State Bar of Georgia Rule 1.4(a)(5); Defendants discriminated against the Plaintiff and others similarly situated based on the fact that they are African American attorneys. This form of discrimination is widespread throughout the disciplinary process executed by the Defendants and requires a comprehensive Federal inquiry to unearth all the players involved.

15.     Incredibly this is not the only White male whose grievance was dismissed without due process afforded to the member of the public who

filed same with allegations that the White attorney violated State Bar of Georgia Rules. The member of the public was denied due process because the State Bar Investigator Dean Veenstra in an email May 23, 2012, sent to Attorney John Wetzler telling him "As soon as I receive your response (you don't have to go into great detail), I will draft a dismissal letter and send you a copy."

16.     Having discovered what the State Bar of Georgia Office of General Counsel and the rest of its affiliates hoped to keep in the dark, Plaintiff now brings this Class Action Complaint to shine a light on the racial injustices that take place inside the State Bar of Georgia Office of General Counsel at the hands of Assistant General Counsel William Van Hearnburg, Jr. a White male and all his affiliates, agents, attorneys and assigns.



John Wetzler was admitted to the practice of law in Georgia in 2000. John served as Staff Attorney in the Cobb County Superior Court to Judge Ken Nix. John later served as an Assistant District Attorney in the Brunswick Judicial Circuit. John has served in private practice for the majority of his career including the range of Family Law issues, Criminal Defense and general business litigation for over 20 years.

John has extensive jury and bench trial experience in Family, Criminal and general litigation throughout Georgia's State and Federal courts. John is admitted to practice in Georgia's trial courts, the Georgia Court of Appeals, The Supreme Court of Georgia, Georgia's Southern and Middle Districts of Federal Court and has practiced in the US Supreme Court. John lives in the Metro-Atlanta area where he is active in the lives of his family and our community.



7

17.     Plaintiff submits that Mr. Dean Veenstra is the exact same investigator that was involved in the racial discrimination against her and prospective class members who are African American attorneys. Most notably, African American attorneys are sanctioned for grievances filed by a member of the public, even when the African American attorney provides a *plethora* of evidence showing that no violations alleged occurred; while White attorneys' grievances are dismissed without due process afforded to the member of the public as evidenced by the email correspondence above.



18.     Among other relief sought, Mignott seeks the following injunctive relief:

i.     Complete transparency with respect to disciplinary proceedings adjudicated against African American attorneys versus White attorneys.

ii.     Number of African American attorneys who are sanctioned and or disbarred in relations to the number of White  attorneys who are sanctioned and or disbarred.

19.     Defendants conduct has violated Section 1981 of the Civil Rights Act of 1866 ("Section 1981") of the Plaintiff and all prospective class members similarly situated.

## FACTUAL ALLEGATIONS

## I.  HISTORY OF RACE DISCRIMINATION AT THE STATE BAR

20.     Plaintiff is a licensed African American attorney who is a member in good standing with the State Bar of Georgia, since 2005 with no private and or public disciplinary history.

21.     Plaintiff began her career with the Fulton County District Attorney's Office from 2001-2005 under the apprenticeship of Paul Howard Jr.

22.     Plaintiff began her career in private practice on or about May 2005, subsequent to passing the Georgia Bar Exam and she remains engaged in private practice to date.

23.     On December 18, 2018; Doreen A. Mitchell ("Mitchell") filed a grievance with the State Bar of Georgia which included a ***forged writing***.

Said grievance was filed as a last-ditch effort to have Plaintiff removed as counsel of record in a divorce matter.

24.     Mitchell committed the crime of Forgery in the 1st Degree in violation of O.C.G.A §16-9-1; in that, Mitchell altered Plaintiff's writing <u>which she submitted to the State Bar of Georgia</u> labeled as a ***receipt*** that Mitchell falsely claimed was written by Plaintiff. Said document was cut into pieces, whited out and modified to remove the payment plan and proof that Sinclair was the prospective client of Plaintiff on September 9, 2016.



25.     On March 25, 2019, a warrant application hearing for Mitchell's arrest was adjudicated by the Honorable Holly Hughes. After hearing evidence regarding Mitchell's criminal conduct, Judge Hughes issued a warrant for

the arrest of Mitchell for the criminal offense of 1st Degree Forgery pursuant to O.C.G.A. § 16-9-1(B).



26.     On September 6, 2019, Mitchell was indicted by a Fulton County Grand Jury for the offense of Forgery in the 1st Degree for falsifying Plaintiff's law firm document which she submitted to the State Bar of Georgia purporting that said document was a receipt which was provided to her by the Plaintiff.



11

## II.   NOTABLE RECENT EXAMPLES OF DISCRIMINATORY CONDUCT BY THE DEFENDANTS

27.     On November 9, 2020, Defendants violated the Civil Rights Act of 1866, 42 U.S.C. § 1981 by engaging in racial discrimination against Plaintiff and via the filing of a fraudulent Complaint with the Supreme Court of Georgia.



28.     Despite the fact that a crime was committed by Mitchell to file a fraudulent grievance against the Plaintiff the Defendants proceeded with disciplinary actions against the Plaintiff because she is an African American. Plaintiff submits that no disciplinary proceedings would have been pursued against a White  attorney based on the criminal conduct of the grievant.

29.    On November 9, 2022, and November 10, 2022, the Defendants insidious form of discrimination continued during an evidentiary hearing when Special Master Kim questioned the Plaintiff about her beliefs that the Defendants were engaging in racial discrimination against the Plaintiff as reflected in the transcript excerpt below.



30.    Defendant Hearnburg engaged in racial discrimination against the Plaintiff; in that, he submitted to the Special Master that the standard for an African American attorney (i.e. Plaintiff) in determining whether someone is a prospective client ("was the fly on the wall"). However, when a White male attorney who was paid $12,000.00 (twelve thousand dollars) in attorneys fees violated State Bar of Georgia Rule 1.4(a)(5), Defendant Hearnburg dismissed the grievance on the grounds that "…we do not find

that his conduct rises to the level of a prosecutable violation of the Georgia

Rules of Professional Conduct."

31.    In retaliation to Plaintiff's raising the issue of racial discrimination,

Special Master Kim as agent for the Defendants violated the Civil Rights

Act of 1866, 42 U.S.C. § 1981 by engaging in racial discrimination against

Plaintiff by instructing Defendant Hearnburg to issue a ruling against the

Plaintiff with sanctions greater than what was requested.



## **RULE 23 CLASS ACTION ALLEGATIONS**

## I.  **CLASS DEFINITION**

32.    This is a class action pursuant to Federal Rule of Civil Procedure

("FRCP") 23, brought by Plaintiff on behalf of a Proposed Class of similarly

situated attorneys. The Proposed Class (subject to future revision as may be

necessary), is defined as follows:

14

**All African American (i.e. Black) Attorneys presently licensed with the State Bar of Georgia, as well as African American Attorneys who were racially discriminated against and sanctioned and or disbarred by the State of Bar of Georgia during the applicable statute of limitations period.**

33.     The unlawful conduct suffered by Plaintiff and the members of the Propsoed Class, includes, but is not limtied to:

- Members of the Proposed Class have been discriminatorily sanctioned by the State Bar of Georgia;

- Members of the Proposed Class have been discriminatorily subjeted to sham and illegitiamate and or fraudulent grievance investigations;

- Members of the Proposed Class have been subjected to discmiminartory practices and or wrongful disbarment from the practice of law;

- Members of the Proposed Class have been subjected to disparate terms and conditions of disciplinary proceedings, including but not limited to, harm to professional reputation;

- Members of  the Proposed Class have been subjected to unequal adjudication of their grievances;

- Members of the Proposed Class have been subjected to unequal treatment during the adjudication of their disciplinary proceedings relative to their white peers.

15

34.     Upon information and belief, the Proposed Class contains more than 40 members duing the applicable limitations period.

35.     Plaintiff and the Proposed Class have standing to seek such relief because of the adverse effects that Defendants' unlawful patterns, practices and or policies have had on them individually and generally.

36.     The patterns, practices and or policies described in this Complaint demonstrate that discrimination is not unusual at the State Bar of Georgia; rather, it is part and parcel to the State Bar standard operating patterns, practices and or policies.

## II.   <u>NUMEROSITY AND IMPRACTICALITY OF JOINDER</u>

37.     The members of the Proposed Class are sufficiently numerous to make joinder of their claims impracticable.

38.     The exact number of Proposed Class members is unknown because such information is in the exclusive control of the Defendants and requires discovery.

39.     Upon information and belief, there are more than 40 current, former and prospective members of the Proposed Class who have been subjected to the discriminatory conduct described herein.

40.     Although precise determination of the number of Proposed Class members is immeasurable at this time, it is significant and satisfies the numerosity requirement of FRCP 23(a).

## III.   COMMON QUESTIONS OF LAW AND FACT

41.     The claims alleged on behalf of Plaintiff and the Proposed Class raise questions of law and fact common to all Plaintiff and Proposed Class members. Among these questions are:

a.     Whether members of the Proposed Class have been sanctioned by the State Bar of Georgia and whether race and or color was a motivating factor in those decisions;

b.     Whether members of the Proposed Class have been discriminatorily subjected to sham and illegitimate disciplinary actions in whole or in part due to their race and or color;

c.     Whether members of the Proposed Class have been subjected to discriminatory suspensions from the practice of law in whole or in part due to their race and or color;

d.     Whether members of the Proposed Class have been subjected to discriminatory disbarment from the practice of law in whole or in part due to their race and or color;

e.      Whether members of the Proposed Class have been subjected to disparate terms and conditions during the disciplinary process, including but not limited to harm to professional reputation, in whole or in part due to race and or color;

f.      Whether members of the Proposed Class have been subjected to unequal treatment during the grievance process relative to their white peers, in whole or in part due to their race and or color;

g.      Whether members of the Proposed Class have been  subjected to unequal treatment and sanctions relative to their white peers, in whole or in part due to their race and or color;

h.      Whether members of the Proposed Class have been  subjected to unequal treatment and sanctions relative to their white peers, in whole or in part due to their race and or color;

i.      Whether members of the Proposed Class have been  subjected to unequal treatment and disbarred relative to their white peers, in whole or in part due to their race and or color;

j.      Whether the Defendants collectivly engage in discimrinatory practices towards members of the Proposed Class.

42.      Thus, the common question requirement of FRCP 23(a) is satisfied.

**IV.      TYPICALITY OF CLAIMS AND RELIEF SOUGHT**

43.      Plaintiff is a memer of the Proposed Class she seeks to represent.

44.      The claims of Plaintiff are typical of the claims fo the Proposed Class in that they all arise from the same unlawful patterns, practicies and or policies of Defendants, and are based on the legal theory that these patterns, practices and or policies violate legal rights.

45.      Plaintiff and the members of the Proposed Class all allege that they each are the victims of unlawful adverse disciplinary proceeding decisions and or treatment based on race and or color.

46.      The relief that Plaintiff seeks as a result of Defendants' unlawful patterns, practices and or policies is typical of the relief which is sought on behalf of the Proposed Class.

47.      Thus, the typicality requrirement of FRCP 23(a) is satisfied.

**V.  ADEQUACY OF REPRESENTATION**

48.      The interests of Plaintiff are co-extensive with those of the Proposed Class she seeks to represent in the instant case.

49.      Plaintiff is willing and able to represent the Proposed Class fairly and vigorously as they pursue their similar individual claims.

50.     Plaintiff's counsel is qualified and experienced in Federal litigation and is able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

51.     The combined interests, experience and resources of Plaintiff to competently litigate the individual and class claims at issue in the instant case satisfy the adequacy of representation requirement of FRCP 23(a).

## VI.     <u>REQUIREMENTS OF RULE 23(b)(1)</u>

52.     Without class certification, the same evidence and issues would be subject to relitigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

53.     Specifically, all evidence of Defendants' patterns, practices and or policies and the issue of wether they are in violation of the law would be exchanged and litigated repeatedly.

54.     Accordingly, certification of the Proposed Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the Proposed Class and Defendants.

55.     By filing this Complaint, Plaintiff is preserving the rights of Proposed Class members with respect to the statute of limitations on their claims.

Therefore, not certifying a class would substantially impair and or impede the other members' ability to protect their interests.

## VII.   REQUIREMENTS OF RULE 23(b)(2)

56.     Defendants have acted on grounds, described herein, generally applicable to Plaintiff and the members of the Proposed Class, by adopting and following systemic patterns practices and or policies that are discriminatory towards the Proposed Class.

57.     These discriminatory acts are fostered by Defendants' standard patterns, practices and or polices, are not sporadic or isolated, and support the request for final injuctive and declaratory relief with respect to Plaintiff and the Proposed Class as a whole.

58.     Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the existence of systemic discrimination based on race and or color commited against the Proposed Class.

59.     Declaratory and injunctive relief are the factual and legal predicates for Plaintiff and the Class Members' entitlement to monetary and non-monetary remedies for individual losses caused by, and exemplary purposes necessitated by, such systemic discrimination.

60.     Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

## VIII.  REQUIREMENTS OF RULE 23(b)(3)

61.     The common issues of fact and law affecting Plaintiff's claims and those of the Proposed Class, including, but not limited to, the common issues identified in the paragraphs above, predominate over issues affecting only individual claims.

62.     A class action is superior to their available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the Proposed Class.

63.     The cost of proving Defendants' pattern and practice of discrimination makes it impracticable for the members of the Proposed Class to pursue their claims individually.

64.     The class action will not be difficult to manage for reasons including, but not limtied to, the discrete organizational nature of the Proposed Class, as well as the common questions of law and fact described above.

## CAUSE OF ACTION
### (Discrimination under Section 1981)
### *On Behalf of Plaintiff and the Proposed Class*
### *As to all Defendants*

65.     Plaintiff, on behalf of herself and the Proposed Class, hereby repeats, reiterates and re-alleges each and every previous allegation as if fully set forth herein.

66.     As described above, Defendants have discriminated against Plaintiff and the Proposed Class on the basis of race and or color in violation of Section 1981 by (i) discriminatorily pursuing fraudulent grievances against African American attorneys (ii) discriminatorily subjecting them to sham and illegitimate disciplinary proceedings (iii) subjecting Proposed Class members to discriminatory sanctions and or disbarment from the practice of law (iv) subjecting Proposed Class members to disparate terms and conditions during the State Bar Disciplinary process, including but not limited to harm to the Proposed Class members reputation and (v) subjecting Proposed Class members to unequal grievance and disciplinary proceedings relative to their white peers.

67.     Defendants have fostered, condoned, accepted, ratified and or otherwise failed to prevent or remedy disciminatory conduct due to race and

or color. Each Defendant has actually participated in and aided and abetted the discriminatory conduct of the other Defendants.

68.     As direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Section 1981, Plaintiff and the Proposed Class have suffered, and continue to suffer, economic damages, loss of opportunity, loss of reputation and mental anguish for which they are entitled to an award of damages.

69.     Defendants unlawful discriminatory actions constitute reckless, malicious, willful and wanton violations of Section 1981 for which Plaintiff and the Proposed Class are entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court enters judgment in her favor and against the Defendants for the following relief:

A.     A declaratory judgment that the actions, conduct and practices of the Defendants complained of herein violate the laws of the United States and the State of Georgia;

B.     An award of injunctive relief necessary to cure Defendants' discriminatory policies and practices;

24

C.     Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.     An award of damages to Plaintiff and the Proposed Class and against the Defendants, in an amount to be determined at trial, to compensate them for all monetary and or economic damages;

E.     An award of damages to Plaintiff and the Proposed Class and against Defendants, in an amount to be determined at trial, to compensate them for all non-monetary and or compensatory damages, including but not limited to, loss of reputation, loss of opportunity and mental anguish;

F.     An award of punitive damages to Plaintiff and the Proposed Class and against the Defendants in an amount to be determined at trial;

G.     Pre-and post-judgement interest on all amounts due;

H.     An award of Plaintiff and the Proposed Class' reasonable attorneys' fees and costs; and

I.     Such other and further relief as this Honorable Court deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff and the Proposed Class hereby demand a trial by jury.

Dated: April 23, 2023
     Atlanta, Georgia               Respectfully submitted,

**THE MIGNOTT LAW GROUP, LLC**

By: _____
       Marsha W. Mignott,
       Georgia Bar No.: 141933

4945 Presidents Way
Tucker, Georgia 30084
Telephone: (770) 621-5499
Facsimile: (770) 621-5496
Lawyers@mignottlaw.com

*Counsel for Plaintiff and
Putative Class Counsel*

26