IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ZHANTAVIA JOHNSON, | ) |
| | ) |
|                 Plaintiff, | ) |
| | ) |
| | )   CIVIL ACTION NO: |
| v. | )   _____ |
| | ) |
| SCREENING REPORTS, INC., | ) |
| | ) |
|                 Defendant. | ) |
| | ) |

## COMPLAINT

1. Plaintiff Zhantavia Johnson files this Complaint against Defendant Screening Reports, Inc. for violations of the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* (the "FCRA").

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division, and a substantial part of the events giving rise to the claims occurred in this district and division.

4. Defendant has contracted to supply services or things in Georgia. It sells consumer reports in Georgia and produces consumer reports on Georgia residents. Defendant also gathers and maintains substantial public records data from Georgia.

**PARTIES**

5. Ms. Johnson is a natural person, a resident of Georgia, and a "consumer" as protected and governed by the FCRA.

6. Defendant is a Florida corporation that conducts business throughout the United States, including in the Northern District of Georgia.

7. Defendant can be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 300, Peachtree Corners, GA  30092.

8. At all relevant times hereto, Defendant has been a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

**FACTUAL ALLEGATIONS**

9. Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting. To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

10. Defendant violated the FCRA when it furnished a grossly inaccurate consumer report on Ms. Johnson.

11. In July 2022, Ms. Johnson applied to move into an apartment at Marketplace Village in Marietta, Georgia.

12. She needed to move immediately, as she was being stalked in her then-current neighbor. Ms. Johnson had to call the police and get a protective order against the neighbor, as he attempted to kick in her door, tried to push into her apartment, and stared into her apartment, among other things.

13. Ms. Johnson expected that she would have no difficulties with the apartment application and would be able to move immediately because she and her co-applicant had more than sufficient income to qualify.

14. On or about July 19, 2022, Marketplace Village ordered a consumer report on Ms. Johnson from Defendant.

15. The consumer report was intended to be used to evaluate Ms. Johnson's eligibility for an apartment.

16. On or about July 22, 2022, Defendant furnished its consumer report on Ms. Johnson to Marketplace Village.

17. Later that same day, Marketplace Village informed Ms. Johnson that it was denying her application because of information in Defendant's consumer report.

18. When Ms. Johnson reviewed Defendant's consumer report, she discovered the reason for the denial.

19. Defendant had reported to Marketplace Village that Ms. Johnson had been "guilty" of misdemeanors of "simple battery" and "DUI alcohol less safe."

20. Defendant adjudicated Ms. Johnson as ineligible to rent an apartment based on the misdemeanor simply battery record, which Defendant reported with a disposition of "guilty":



21. Defendant's reporting was inaccurate.

22. The disposition for these charges was nolle prosequi, not guilty.

23. The public records show clearly that the disposition for these charges was nolle prosequi.

24. Defendant had the public records for these charges in its possession when it furnished the consumer report to Marketplace Village.

25. In fact, Defendant copied the public records containing the nolle prosequi disposition into the consumer report that it furnished to Marketplace Village.

26. Despite knowing that the charges' disposition was nolle prosequi, Defendant did nothing to reconcile the facial inconsistency between the two different dispositions within its consumer report.

27. Instead of reconciling the inconsistent dispositions within its consumer report, Defendant adjudicated Ms. Johnson as not passing the criminal record criteria model based on the erroneous simple battery guilty disposition, and furnished the consumer report that contained the guilty disposition to Marketplace Village.

28. Marketplace Village was led to believe that Ms. Johnson was guilty of these two misdemeanors, and it denied Ms. Johnson's application for this reason.

29. As a result of Defendant's failure to comply with the requirements of the FCRA, Ms. Johnson has suffered, and continues to suffer, actual damages, housing denial(s), damage to reputation, emotional distress, and interference with normal and usual activities for which she seeks damages in an amount to be determined by the jury.

**FIRST CLAIM FOR RELIEF**

**(15 U.S.C. § 1681e(b))**

30. Plaintiff realleges Paragraph Nos. 1-29 as if fully set forth herein.

31. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

32. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

33. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

34. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

35. Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

36. As a result of Defendant's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, housing denial(s), damage to reputation, emotional distress, and interference with normal and

usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

37. Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. An award of actual, statutory and punitive damages;

b. An award of pre-judgment and post-judgment interest as provided by law;

c. An award of attorney's fees and costs; and

d. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

DATED: April 24, 2023

> By: /s/ Andrew Weiner
> Jeffrey B. Sand
> Ga. Bar No. 181568
> Andrew L. Weiner

Ga. Bar No. 808278
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, GA  30339
(404) 205-5029 (Tel.)
(866) 800-1482 (Fax)
js@wsjustice.com
aw@wsjustice.com

*Counsel for Plaintiff*