## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **WYMAN COOK,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action File No.** |
| | : | |
| **v.** | : | **Jury Trial Demand** |
| | : | |
| **METROPOLITAN ATLANTA RAPID** | : | |
| **TRANSIT AUTHORITY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## COMPLAINT

**COMES NOW** Plaintiff, Wyman Cook (hereinafter "Plaintiff" or "Mr. Wyman"), by and through counsel undersigned, and hereby submits this Complaint against Metropolitan Atlanta Rapid Transit Authority ("Defendant" or "MARTA"), based on the following allegations:

This cause of action arises under the provisions of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* (hereinafter the "ADA"), seeking a remedy for disability-based discrimination in employment and retaliation; Section 504 of the Rehabilitation Act, as amended ("Rehab Act"), 29 U.S.C. § 794 et seq., seeking a remedy disability-based discrimination in employment and retaliation.

**1.**

This is a lawsuit for equitable relief and monetary damages based on MARTA's unlawful termination of Mr. Wyman. Mr. Wyman was a dedicated MARTA employee for over two decades. But, when Mr. Wyman hurt himself on the job, resulting in a permanent disability, MARTA terminated him rather than accommodate his request for his disability. Indeed, about one year after Mr. Wyman's injury and resulting leave, MARTA terminated Mr. Wyman rather than engaging in the interactive process and place him in an open position that met his medical restrictions.

**2.**

Jurisdiction and venue are proper in this Court.

**3.**

Mr. Wyman is a resident of the State of Georgia and of the Northern District of Georgia.

**4.**

Defendant, MARTA is a Georgia Corporation subject to this Court's jurisdiction because its headquarters and principal offices are located within Fulton County at 2424 Piedmont Road NE, Atlanta, Georgia 30324, and because it transacts business, maintains facilities, and conducts operations within Fulton County.

**5.**

Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission and received a right to sue letter on January 23, 2023.

## FACTUAL ALLEGATIONS

**6.**

In June of 1994, Defendant hired Mr. Wyman as a part-time Bus Operator, whose primary duty was to drive the MARTA bus route.

**7.**

On November 11, 1995 Defendant converted Mr. Wyman to a full-time Bus Operator.

**8.**

Sometime in 1996, Defendant transferred to the rail transportation department and became a full-time Rail Operator.

**9.**

In January of 2011, Plaintiff went on a leave of absence from MARTA to fulfill his obligation as an elected officer for the ATU Local 732.  He made a request to return to work on January 7, 2014, when his position's tenure was over.

**10.**

MARTA reinstated him back to his position of Rail Operator on February 4, 2014.  At that time MARTA did not terminate Mr. Wyman's employment for being out of work for over three years.

**11.**

MARTA did not experience an undue hardship due to Mr. Wyman's leave of absence.

**12.**

On May 5, 2015, Mr. Wyman suffered from a serious fall while climbing on the rail cars when a ladder was not locked and rolled away from under him, which resulted in a left knee injury that required a surgery and caused permanent disability in his left leg, effecting his mobility and manifesting in pain and nerve damage in his leg.

**13.**

Even a full year out after the injury, Mr. Wyman's doctor restricted him from walking or standing for long periods of time, and Mr. Wyman was physically unable to walk or stand for long periods of time, and had issues bending his left leg.

**14.**

Even today, Mr. Wyman is unable to be as physically active as he once was, and is still unable to run or do any strenuous activity on his legs.

**15.**

As a Rail Operator, Mr. Wyman was required to be able to climb the ladders on the rail cars to physically get into the rail car cab.  Additionally, the Rail Operator position requires a lot of walking the rail yard, on unpaved ground, as well as extensive stair climbing to access the Rail Supervisor's Tower, where Rail Operators have to check in before each shift.  Mr. Wyman believes due to his disability he was physically unable to climb into a rail car until roughly 2019, due to the damage to his knee.  As of January 2016, Mr. Wyman was unable to walk the amount required by the Rail Operator position.

**16.**

Following Mr. Wyman's injury, and at the time of termination, Mr. Wyman was unable stand and walk for extended periods of time, had trouble climbing more than 5 stairs at a time, had to stop his recreational activities such as playing basketball, and was unable to participate in his church services as Reader, because the position required standing for the whole service.

**17.**

Following Mr. Wyman's surgery on May 8, 2015, he submitted to MARTA a Request for Sick Leave Pay Claim Form on May 18, 2015, which was approved by MARTA on that same day.

**18.**

At some point shortly after his injury, Mr. Wyman started to receive workers compensation benefits in lieu of his normal pay.

**19.**

Mr. Wyman continued to receive workers compensation benefits from MARTA up until about mid- 2017.

**20.**

From the time of injury through January 20, 2016, due to Mr. Wyman's disability, Mr. Wyman's doctors placed him on a no work restriction.

**21.**

On January 20, 2016, Mr. Wyman's doctor advised him in writing that he could work in a limited capacity.  More specifically, the doctor stated he could not perform heavy lifting,  was unable to walk for extended periods of time, and standing for extended periods of time.

**22.**

Mr. Wyman got in touch with MARTA and shared the doctors note with an HR representative.

**23.**

Per a conversation with HR, MARTA offered to place Mr. Wyman in the Modified Duty Program, which allegedly assesses an employee's capabilities along with any available positions.

**24.**

At that time, no one from MARTA engaged in a conversation with Mr. Wyman about his limitations or what accommodations he could receive to perform any open positions at MARTA.

**25.**

MARTA's Modified Duty Program only accommodated about 21 disabled or injured workers.  MARTA added disabled and injured employees to the modified duty program and took no further effort to make a reasonable accommodation or assess other open positions at MARTA for the employees in the Modified Duty Program that were on the waiting list.

**26.**

On or about April 6, 2016, Mr. Wyman had a conversation with Phyllis Walker, in HR, to discuss the status of his leave.  Mr. Wyman asked if MARTA had identified an open position that he could work that he was qualified to perform with an accommodation to meet his doctor's restrictions.

**27.**

Mr. Wyman again informed MARTA of his accommodation request, to meet the restrictions his doctor recommended.  Ms. Walker then suggested that Mr. Wyman take the open position of Station Agent.  However, during the conversation, it was agreed upon by both parties that Mr. Wyman's walking and standing restrictions would preclude him from working the position.  Mr. Wyman ended the call reiterating that he could continue to wait for an open position for which his accommodations could be met.

**28.**

MARTA had other open positions that Mr. Wyman was qualified to perform that he could have done with his accommodations request of not walking or standing for extended periods of time, such as the position of Bus Driver, that Mr. Wyman had performed in the past ("Open Positions").

**29.**

At MARTA the Bus Operator does not require as much walking and standing as the Rail Operator.  Other than the step up onto the bus, which can be sometimes not be necessary if the Bus is parked next to a bus platform, a Bus Operator only has to take one step into the driver's seat to operate the Bus.

**30.**

As of January 2016, Mr. Wyman was able to perform the position of the Bus Operator per his doctor's suggested restrictions and his physical disabilities.

**31.**

MARTA failed to review and assess the Open Positions it had at the time.

**32.**

MARTA failed to review and discuss the Open Positions with Mr. Wyman.

**33.**

MARTA failed to offer Mr. Wyman any of the Open Positions.

**34.**

On June 23, 2016, MARTA terminated Mr. Wyman while he was out on medical leave.

**35.**

MARTA failed to offer Mr. Wyman extended medical leave until he could heal more or until they could identify a position that he was qualified to perform with a reasonable accommodation.

**36.**

Because of Mr. Wyman's request and diligence, Mr. Wyman was able to get MARTA to rescind the termination and allow him to take early retirement on June 23, 2016, so that he would receive a partial amount of his retirement payment for his many years of service.

**37.**

Because of MARTA's actions, Mr. Wyman went from earning roughly $65,000 to $75,000 a year at MARTA to getting $544 a month in early retirement.

**38.**

Had Mr. Wyman not been forced to retire early and had he worked through 2021, he would have been able to earn his full retirement of $2,500 a month.

**39.**

As a result of Defendant's unlawful termination and subsequent forced early retirement of Mr. Wyman's employment, he has suffered damages, including but not

limited to lost wages and benefits, out of pocket expenses, damage to his professional reputation, and emotional distress.

**40.**

MARTA's termination of Mr. Wyman constitutes inference with his right to Accommodations under the ADA and the Rehab Act and retaliation for his ADA and Rehab Act-protected activities.

## COUNT I

**(Regarded As Disabled in Violation of the ADA)**

**41.**

Mr. Wyman incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**42.**

At all times relevant to this action, Defendant was subject to the requirements of the ADA.

**43.**

Mr. Wyman was also an individual with a disability as defined by the ADA, because MARTA regarded him as a person with a disability as defined by the ADA.

**44.**

Mr. Wyman was a qualified individual with a disability as defined by the ADA, 42 U.S.C. § 12111(8), and was able to perform the essential functions of his job and/or another available position at MARTA.

**45.**

At least of January 20, 2016, MARTA was aware of Mr. Wyman's disability.

**46.**

Mr. Wyman requested accommodations by communicating to MARTA that he wanted to return to work in a position that would accommodate his disability and the restrictions his doctor placed him on.

**47.**

MARTA terminated Mr. Wyman rather than engaging in the ADA's interactive process, and placing Mr. Wyman in an open position that would accommodate his physical restrictions of his disability.

**48.**

MARTA terminated Mr. Wyman because he was disabled and it regarded him as disabled.

**49.**

MARTA's termination of Mr. Wyman's employment constitutes a violation of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

**50.**

Pursuant to the ADA, Mr. Wyman is entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

**51.**

As a direct and proximate cause of MARTA's intentional discrimination, Mr. Wyman has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and social security, all in an amount to be established at trial.

**52.**

MARTA's actions have caused and continue to cause Mr. Wyman to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

**53.**

Accordingly, Mr. Wyman is entitled to equitable and monetary relief for MARTA's violation of his rights under the ADA.

## COUNT II
**(Actual Discrimination and Failure to Accommodate in Violation of the ADA)**

**54.**

Mr. Wyman incorporates by reference all preceding paragraphs of this Complaint.

**55.**

At all times relevant to this action, Defendant was subject to the requirements of the ADA.

**56.**

Mr. Wyman was an individual with a disability as defined by the ADA, specifically 42 U.S.C. § 12102(1).

**57.**

Mr. Wyman was a qualified individual with a disability as defined by the ADA, 42 U.S.C. § 12111(8), and was able to perform the essential functions of his job or another available position at MARTA.

**58.**

Mr. Wyman's disabilities substantially limited one or more major life activities.

**59.**

At least as of January 20, 2016, MARTA was aware of Mr. Wyman's disabilities.

**60.**

Mr. Wyman requested accommodations by communicating to MARTA he needed to go out on a medical leave following his injury, which MARTA granted.

**61.**

Mr. Wyman requested accommodations by communicating to MARTA that he wanted to return to work in a position that would accommodate his disability and the restrictions his doctor placed him on.  MARTA responded in the affirmative that they would identify an open position for Mr. Wyman that would accommodate his restrictions.

**62.**

While MARTA was accommodating Mr. Wyman by letting him be on a leave of absence while it identified an available position for him to work that fit his

restrictions, MARTA terminated Mr. Wyman's employment while he was on leave, thereby cutting off his right to an accommodation for his disabilities.

**63.**

MARTA's termination of Mr. Wyman's employment while he was exercising his right to an accommodation for his disabilities constitutes a violation of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

**64.**

Pursuant to the ADA, Mr. Wyman is entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

**65.**

As a direct and proximate cause of MARTA's intentional discrimination, Mr. Wyman has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and social security, all in an amount to be established at trial.

**66.**

MARTA's actions have caused and continue to cause Mr. Wyman to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

**67.**

Accordingly, Mr. Wyman is entitled to equitable and monetary relief for MARTA's violation of his rights under the ADA.

## <u>COUNT III</u>
**(Failure to Engage in the Interactive Process in Violation of the ADA)**

**68.**

Mr. Wyman incorporates by reference all preceding paragraphs of this Complaint.

**69.**

At all times relevant to this action, Defendant was subject to the requirements of the ADA.

**70.**

Mr. Wyman was an individual with a disability as defined by the ADA, specifically 42 U.S.C. § 12102(1).

**71.**

Mr. Wyman was a qualified individual with a disability as defined by the ADA, 42 U.S.C. § 12111(8), and was able to perform the essential functions of his job or another available position at MARTA.

**72.**

Mr. Wyman's disabilities substantially limited one or more major life activities.

**73.**

At least as of January 20, 2016, MARTA was aware of Mr. Wyman's disabilities.

**74.**

Mr. Wyman requested accommodations by communicating to MARTA that he wanted to return to work in a position that would accommodate his disability and the restrictions his doctor placed him on.  MARTA responded in the affirmative that they would identify an open position for Mr. Wyman that would accommodate his restrictions.

**75.**

While MARTA placed Mr. Wyman in the Modified Duty Program, MARTA did not make a good faith effort to assist the employee in seeking accommodations.

More specifically, MARTA did not attempt to evaluate any of the open available positions it had that Mr. Wyman could have performed with a reasonable accommodation that met his restrictions.

**76.**

MARTA could have reasonably accommodated Mr. Wyman, but for MARTA's lack of good faith effort.

**77.**

MARTA's termination of Mr. Wyman's employment instead of engaging in the interactive process is a violation of the ADA.

**78.**

Pursuant to the ADA, Mr. Wyman is entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

**79.**

As a direct and proximate cause of MARTA's intentional discrimination, Mr. Wyman has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and social security, all in an amount to be established at trial.

**80.**

MARTA's actions have caused and continue to cause Mr. Wyman to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

**81.**

Accordingly, Mr. Wyman is entitled to equitable and monetary relief for MARTA's violation of his rights under the ADA.

## COUNT IV
### (Retaliation in Violation of the ADA)

**82.**

Mr. Wyman incorporates by reference all preceding paragraphs of this Complaint.

**83.**

At all times relevant to this action, MARTA was subject to the requirements of the ADA.

**84.**

Mr. Wyman was an individual with a disability as defined by the ADA, specifically 42 U.S.C. § 12102(1).

**85.**

In or around May of 2015 and January of 2016, Mr. Wyman engaged in protected activity under the ADA when he requested temporary medical leave as an accommodation for his disabilities and then to be placed in a position that met his medical restrictions.

**86.**

On April 6, 2016, Mr. Wyman again reiterated his desire to be placed in an open position which would accommodate his medical restrictions.

**87.**

Less than three months later, after Mr. Wyman requested an accommodation and while Mr. Wyman was on medical leave, MARTA terminated Mr. Wyman's employment.

**88.**

MARTA's actions in retaliating against Mr. Wyman because of his request for a reasonable accommodation were committed with deliberate intent to harm Mr. Wyman and his federally protected rights or, alternatively, with reckless disregard for his right to be free from retaliation because of his attempt to exercise his rights pursuant to the ADA.

**89.**

MARTA's actions have deprived Mr. Wyman of equal employment opportunities and benefits due to him because of his attempt to exercise his rights under federal law.

**90.**

MARTA's actions against Mr. Wyman have caused him to suffer both monetary and non- monetary damages.

**91.**

Accordingly, Mr. Wyman is entitled to equitable and monetary relief for MARTA's

**<u>COUNT V</u>**
**(Regarded As Disabled in Violation of the Rehab Act)**

**92.**

Mr. Wyman incorporates by reference all preceding paragraphs of this Complaint.

**93.**

At all times relevant to this action, MARTA was subject to the requirements of the Rehab Act.

**94.**

Mr. Wyman was an individual with a disability as defined by the Rehab Act, because Defendant regarded him as a person with an impairment as defined by the Rehab Act.

**95.**

Mr. Wyman was a qualified individual with a disability as defined by the Rehab Act and was able to perform the essential functions of open positions at MARTA.

**96.**

At least as of January 20, 2016, MARTA was aware of Mr. Wyman's disabilities.

**97.**

Mr. Wyman requested accommodations, such as light duty work and medical leave, from Defendant related to his disabilities.

**98.**

MARTA approved Mr. Wyman's request for medical leave, but then terminated Mr. Wyman's employment while he was on medical leave.

**99.**

MARTA terminated Mr. Wyman because it regarded him as disabled.

**100.**

MARTA's termination of Mr. Wyman's employment constitutes a violation of the Rehab Act, which prohibits discrimination on the basis of disability.

**101.**

Mr. Wyman is entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, attorney's fees and costs of litigation, and all other relief recoverable under the Rehab Act.

**102.**

As a direct and proximate cause of MARTA's intentional discrimination, Mr. Wyman has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and social security, all in an amount to be established at trial.

**103.**

MARTA's actions have caused and continue to cause Mr. Wyman to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

**104.**

Accordingly, Mr. Wyman is entitled to equitable and monetary relief for MARTA's violation of his rights under the Rehab Act.

## COUNT VI
**(Actual Discrimination and Failure to Accommodate in Violation of the
Rehab Act)**
**105.**

Mr. Wyman incorporates by reference all preceding paragraphs of this
Complaint.

**106.**

At all times relevant to this action, Defendant was subject to the requirements
of the Rehab Act.

**107.**

At all times relevant to this action, Mr. Wyman was a qualified individual
with a disability as defined by the Rehab Act and was able to perform the essential
functions of his job.

**108.**

Mr. Wyman's disabilities substantially limited one or more major life
activities.

**109.**

At least as of January 20, 2016, MARTA was aware of Mr. Wyman's
disabilities.

**110.**

Mr. Wyman requested an accommodation from Defendant related to his disabilities.

**111.**

MARTA approved Mr. Wyman's request for medical leave, but then terminated Mr. Wyman's employment while he was on medical leave, thereby cutting off his right to an accommodation for his disabilities.

**112.**

MARTA's termination of Mr. Wyman's employment while he was exercising his right to an accommodation for his disabilities constitutes a violation of the Rehab Act, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

**113.**

Mr. Wyman is entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, attorney's fees and costs of litigation, and all other relief recoverable under the Rehab Act.

**114.**

As a direct and proximate cause of MARTA's intentional discrimination, Mr. Wyman has suffered out of pocket losses and has been deprived of job-related

economic benefits, including income in the form of wages and social security, all in an amount to be established at trial.

**115.**

MARTA's actions have caused and continue to cause Mr. Wyman to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

**116.**

Accordingly, Mr. Wyman is entitled to equitable and monetary relief for MARTA's violation of his rights under the Rehab Act.

## <u>COUNT VII</u>
**(Actual Discrimination and Failure to Accommodate in Violation of the Rehab Act)**
**117.**

Mr. Wyman incorporates by reference all preceding paragraphs of this Complaint.

**118.**

At all times relevant to this action, Defendant was subject to the requirements of the Rehab Act.

**119.**

Mr. Wyman was an individual with a disability as defined by the Rehab Act.

**120.**

In or around May 2015, January 2016, and April 2016, Mr. Wyman engaged in protected activity under the Rehab Act when he requested temporary medical leave as an accommodation for his disabilities (May 2015), and to be placed in an open position for which he was qualified that met his medical restrictions as an accommodation for his disabilities (January and April 2016).

**121.**

Less than two months after Mr. Wyman last requested an accommodation and while Mr. Wyman was on medical leave, MARTA terminated Mr. Wyman's employment.

**122.**

MARTA's actions in retaliating against Mr. Wyman because of his request for a reasonable accommodation were committed with deliberate intent to harm Mr. Wyman and his federally protected rights or, alternatively, with reckless disregard for his right to be free from retaliation because of his attempt to exercise his rights pursuant to the Rehab Act.

**123.**

MARTA's actions have deprived Mr. Wyman of equal employment opportunities and benefits due to him because of his attempt to exercise his rights under federal law.

**124.**

MARTA's actions against Mr. Wyman have caused him to suffer both monetary and non- monetary damages.

**125.**

Accordingly, Mr. Wyman is entitled to equitable and monetary relief for MARTA's violation of his rights under the Rehab Act.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) Plaintiff be awarded a declaratory judgment that Defendant violated the ADA and the Rehab Act;

(b) Plaintiff be granted judgment against Defendant on all counts of the Complaint;

(c) Plaintiff recover from Defendant back pay and fringe benefits, with prejudgment interest thereon;

(d) Plaintiff recover from Defendant reinstatement or front pay and fringe benefits, with prejudgment interest thereon;

(e) Plaintiff be awarded compensatory and punitive damages in an amount to be determined by a jury;

(f) Plaintiff be awarded liquidated damages;

(g) Plaintiff be awarded attorneys' fees and costs of litigation in accordance with federal and state laws; and

(h) This Court awards such other and further relief as this Court deems equitable, just, and permitted under Georgia law.

### **Jury Demand**

Plaintiff herein demands a trial by jury of all issues in this action.

Dated this 24th day of April 2023.

PANKEY & HORLOCK, LLC

/s/ Erin J. Krinsky
Larry A. Pankey
Erin J. Krinsky
Georgia Bar No. 560725
Georgia Bar No. 862274
**Attorneys for Plaintiff**

Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:  770-670-6250
Facsimile:   770-670-6249
Email:  LPankey@PankeyHorlock.com
Email:  EKrinsky@PankeyHorlock.com

## <u>CERTIFICATION OF FONT SIZE</u>

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Erin J. Krinsky, Esq., of Pankey & Horlock, LLC, attorney for Plaintiff, Wyman Cook, hereby certifies that the foregoing **Complaint** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

Dated this 24th day of April 2023.

**PANKEY & HORLOCK, LLC**

By: /s/ Erin J. Krinsky
Erin J. Krinsky
Georgia Bar No. 862274
**Attorneys for Plaintiff**