# EXHIBIT 1

Case 1:23-mi-99999-UNA   Document 1345-1   Filed 04/24/23   Page 2 of 7

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06748-S2**
**11/22/2022 1:47 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **VICTORY MOTORSPORTS, LLC** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| ) | 22-C-06748-S2 |
| v. ) | **FILE NO.**_____ |
| ) | |
| **STATE AUTO PROPERTY AND** ) | |
| **CASUALTY INSURANCE CO. &** ) | |
| **NORTON METRO, LLC** ) | |
| ) | |
| **Defendants.** ) | |

# COMPLAINT

**COMES NOW**, Victory Motorsports, LLC ("Plaintiff") and files this Complaint against State Auto Property And Casualty Insurance Co. ("Defendant State Auto") and Norton Metro, LLC ("Defendant Norton") (collectively "Defendants"), showing this Honorable Court the following:

1.

Defendant State Auto is an insurance company organized and existing under the laws of the State of Iowa, with its principal place of business located at 4601 Westown Parkway, Suite 300, West Des Moines, IA, 50266.  Defendant State Auto may be served with this lawsuit upon its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, or as otherwise allowed by applicable law.

2.

Defendant Norton is a Georgia limited liability company with a principal office address of 434 Green Street, Gainesville, Georgia 30501.  Defendant Norton may be served with this lawsuit by all lawful means.

3.

Plaintiff operates an automobile service center and leased space at the property located at 1204 Nathan Boulevard, Suite C-E, Loganville, Georgia 30052 (the "Property").

4.

This Court has jurisdiction of this matter sounding in breach of contract, negligence, and breach of fiduciary duty.

5.

Venue is proper in this Court as Defendant State Auto's registered agent is domiciled in Gwinnett County and Defendant Norton conducts business and sells insurance in Gwinnett County.

6.

On or about March 15, 2021, Plaintiff and Defendant State Auto renewed a Businessowners Policy, Policy No. BOP 2942576 (the "Policy"), in which in exchange for payment of a premium by Plaintiff, Defendant State Auto agreed to provide insurance coverage for Plaintiff's business, including, but not necessarily limited to, Plaintiff's business personal property, Plaintiff's customers' automobiles, parts, and related accessories, Plaintiff's business income and extra expenses, and other applicable coverages.

7.

The Policy provided insurance coverage for Plaintiff and its business operations for the time period of March 15, 2021 through March 15, 2022, pursuant to the terms and conditions contained in the Policy.

8.

At the time of renewing the Policy with Defendant State Auto, Plaintiff's insurance agent was Defendant Norton, the Policy was placed through Defendant Norton, and Plaintiff relied on the alleged expertise of Defendant Norton to ensure Plaintiff had adequate insurance coverage for its business operations at the Property.

9.

At the time of renewing the Policy with Defendant State Auto, Defendant Norton informed Plaintiff that it had coverage for damages that it may sustain, including coverage for its business operations, potential damage to Plaintiff's automobiles, parts, and related accessories, and potential loss to its business income, and Defendant Norton did not inform Plaintiff of any limitation on coverage.

10.

On or about July 14, 2021, a tragic fire occurred at the Property, causing extensive damage to the Property, and requiring Plaintiff to cease its operations at the Property (the "Claim").

11.

Shortly after learning of the damage, Plaintiff filed the Claim with Defendant State Auto and has complied with all terms and conditions of the Policy.

12.

Pursuant to the terms and conditions of the Policy, Plaintiff is entitled to receive insurance proceeds for the damages as provided for in the Policy, including the damages to its business personal property, its customers' automobiles, parts, and related accessories, Plaintiff's loss of business income, and for any extra expenses incurred by Plaintiff that would not have otherwise been incurred but for the damage as a result of the Claim.

13.

Upon being notified of the Claim, Defendant State Auto purported to adjust the Claim and has issued payment for damages Plaintiff's business personal property, Plaintiff's loss of business income and incurred expenses, and has partially paid for damages to its customers' automobiles, parts, and related accessories.

14.

However, Defendant State Auto has refused to fully compensate Plaintiff for the damages it has incurred and as provided for in the Policy.

**COUNT I – BREACH OF CONTRACT AGAINST DEFENDANT STATE AUTO**

15.

Plaintiff hereby incorporates by reference its allegations as set forth in Paragraphs 1-14 above.

16.

The Policy constitutes a valid, binding contract between Plaintiff and Defendant State Auto, and pursuant to the terms and conditions contained therein, the Claim, in its entirety, is a covered loss and should be paid in an appropriate manner.

17.

By refusing to properly pay for all damages sustained by Plaintiff and pursuant to the terms and conditions of the Policy, Defendant State Auto has breached the Policy.

18.

As a result of Defendant State Auto's breach, Plaintiff has been damaged in an amount to be proven at trial.

## **COUNT II – NEGLIGENCE AGAINST DEFENDANTS**

19.

Plaintiff hereby incorporates by reference its allegations as set forth in Paragraphs 1-18 above.

20.

Defendant Norton, as Plaintiff's agent, was hired to procure a policy with coverage for Plaintiff's business operations located at the Property, and therefore had a duty to do so.

21.

At the time of placing the policy through Defendant Norton, Plaintiff met with Mr. Brandon Agar, a licensed insurance agent with Defendant Norton, and went over in detail its business operations and its need for insurance.

22.

After meeting with Mr. Agar, Plaintiff was assured the Policy provided adequate coverage for all of its business operations.

23.

However, after the July 14, 2021 fire, and after reporting the Claim to Defendant, it became apparent that not only was Plaintiff underinsured for its business personal property and personal property owned by employees and members of Plaintiff, but Defendant State Auto took the position there was only $2,000.00 in coverage for Plaintiff's customers automobiles, parts, and related accessories, despite Plaintiff incurring losses of over $240,000.00.

24.

Although Plaintiff disagrees with State Auto's coverage position, if Defendant State Auto is correct, then Defendant Norton was clearly negligent in its procurement of insurance coverage for Plaintiff, and as a direct result of this negligence, Plaintiff has suffered damages.

25.

Defendant State Auto is vicariously liable for the negligent actions and omissions of its agent, Defendant Norton, who was acting in the course and scope of its duties at all times relevant to this Complaint.

26.

Due to Defendant Norton's negligence in failing to procure adequate insurance coverage for Plaintiff's business operations, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT III - CLAIM FOR BREACH OF FIDUCIARY DUTIES AGAINST DEFENDANT NORTON

27.

Plaintiff hereby incorporates by reference its allegations as set forth in Paragraphs 1-26 above.

28.

Defendant Norton acted as the agent for Plaintiff, and as such, stood in a fiduciary relationship with Plaintiff. The fiduciary duties that Defendant Norton owed to Plaintiff included duties of good faith, care, loyalty, and full disclosure.

29.

If Defendant State Auto's coverage determinations are correct, which Plaintiff does not concede, Defendant Norton has breached its fiduciary duties to Plaintiff by failing to secure the required and necessary insurance coverage for Plaintiff, and Plaintiff has incurred damages in an amount to be proven at trial.

## COUNT IV – NEGLIGENT MISREPRESENTATION AGAINST DEFENDANT NORTON

30.

Plaintiff hereby incorporates by reference its allegations as set forth in Paragraphs 1-29 above.

31.

If Defendant State Auto's coverage determinations are correct, which Plaintiff does not concede, Defendant Norton negligently and falsely represented to Plaintiff that the required and necessary insurance coverage was secured for Plaintiff's business operations at the Property.

32.

If Defendant State Auto's coverage determinations are correct, which Plaintiff does not concede,, Defendant Norton's false and/or misleading representations supplied to Plaintiff were

intended for Plaintiff and Plaintiff justifiably relied upon the false and/or misleading representations made by Defendant Norton.

33.

If Defendant State Auto's coverage determinations are correct, which Plaintiff does not concede, Defendant Norton, using reasonable care, should have known the required and necessary insurance coverage for Plaintiff's business operations had not been secured.

34.

If Defendant State Auto's coverage determinations are correct, which Plaintiff does not concede, Plaintiff has incurred damages in an amount to be proven at trial as a result of the negligent misrepresentations by Defendant Norton.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that it be granted judgment in its favor and against Defendants, for:

a. the full amount of damages it has sustained related to the Claim;
b. pre and post-judgment interest; and
c. All other damages deemed just by this Honorable Court and a jury of Plaintiff's peers;

**PLAINTIFF REQUESTS A JURY OF TWELVE (12) PERSONS ON THE ISSUES AS JOINED BY THE PLEADINGS.**

Respectfully submitted this 21st day of November 2022.

**WEINSTEIN & BLACK, LLC**

s/Michael B. Weinstein
Michael B. Weinstein
Georgia Bar No. 746386
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360
P (404) 228-2629
mike@wblegal.net

*Attorney for Plaintiff*