# EXHIBIT 2



**null / ALL**
**Transmittal Number: 26054241**
**Date Processed: 12/14/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Melissa Hairston<br>State Auto Financial Corporation<br>518 E Broad St<br>Columbus, OH 43215-3976 |
| **Electronic copy provided to:** | Pamela Albery<br>Suzanne Landacre<br>Claim Service Dept<br>Emilee Hanson<br>Brittany Sheveland |

| | |
|---|---|
| **Entity:** | State Auto Property And Casualty Insurance Company<br>Entity ID Number  3047578 |
| **Entity Served:** | State Auto Property and Casualty Insurance Co. |
| **Title of Action:** | Victory Motorsports, LLC vs. State Auto Property and Casualty Insurance Co. |
| **Matter Name/ID:** | Victory Motorsports, LLC vs. State Auto Property and Casualty Insurance Co. (13344334) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 22-C-06748-S2 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 12/14/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Weinstein & Black, LLC<br>404-228-2629 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-06748-S2**
**11/22/2022 1:47 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**VICTORY MOTORSPORTS, LLC**

_____

_____

PLAINTIFF

22-C-06748-S2

CIVIL ACTION
NUMBER:_____

VS.

**STATE AUTO PROPERTY AND**

**CASUALTY INSURANCE CO.**

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Michael B. Weinstein - Weinstein & Black, LLC
3050 Amwiler Road, Suite 200-C, Atlanta, GA 30360
(404) 228-2629

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

22nd day of November, 2022

This _____ day of _____, 20_____.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06748-S2**

**11/22/2022 1:47 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **VICTORY MOTORSPORTS, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | 22-C-06748-S2 |
| **v.** | ) | **FILE NO.**_____ |
| | ) | |
| **STATE AUTO PROPERTY AND** | ) | |
| **CASUALTY INSURANCE CO. &** | ) | |
| **NORTON METRO, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT

**COMES NOW**, Victory Motorsports, LLC ("Plaintiff") and files this Complaint against State Auto Property And Casualty Insurance Co. ("Defendant State Auto") and Norton Metro, LLC ("Defendant Norton") (collectively "Defendants"), showing this Honorable Court the following:

1.

Defendant State Auto is an insurance company organized and existing under the laws of the State of Iowa, with its principal place of business located at 4601 Westown Parkway, Suite 300, West Des Moines, IA, 50266. Defendant State Auto may be served with this lawsuit upon its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, or as otherwise allowed by applicable law.

2.

Defendant Norton is a Georgia limited liability company with a principal office address of 434 Green Street, Gainesville, Georgia 30501. Defendant Norton may be served with this lawsuit by all lawful means.

3.

Plaintiff operates an automobile service center and leased space at the property located at 1204 Nathan Boulevard, Suite C-E, Loganville, Georgia 30052 (the "Property").

4.

This Court has jurisdiction of this matter sounding in breach of contract, negligence, and breach of fiduciary duty.

5.

Venue is proper in this Court as Defendant State Auto's registered agent is domiciled in Gwinnett County and Defendant Norton conducts business and sells insurance in Gwinnett County.

6.

On or about March 15, 2021, Plaintiff and Defendant State Auto renewed a Businessowners Policy, Policy No. BOP 2942576 (the "Policy"), in which in exchange for payment of a premium by Plaintiff, Defendant State Auto agreed to provide insurance coverage for Plaintiff's business, including, but not necessarily limited to, Plaintiff's business personal property, Plaintiff's customers' automobiles, parts, and related accessories, Plaintiff's business income and extra expenses, and other applicable coverages.

7.

The Policy provided insurance coverage for Plaintiff and its business operations for the time period of March 15, 2021 through March 15, 2022, pursuant to the terms and conditions contained in the Policy.

8.

At the time of renewing the Policy with Defendant State Auto, Plaintiff's insurance agent was Defendant Norton, the Policy was placed through Defendant Norton, and Plaintiff relied on the alleged expertise of Defendant Norton to ensure Plaintiff had adequate insurance coverage for its business operations at the Property.

9.

At the time of renewing the Policy with Defendant State Auto, Defendant Norton informed Plaintiff that it had coverage for damages that it may sustain, including coverage for its business operations, potential damage to Plaintiff's automobiles, parts, and related accessories, and potential loss to its business income, and Defendant Norton did not inform Plaintiff of any limitation on coverage.

10.

On or about July 14, 2021, a tragic fire occurred at the Property, causing extensive damage to the Property, and requiring Plaintiff to cease its operations at the Property (the "Claim").

11.

Shortly after learning of the damage, Plaintiff filed the Claim with Defendant State Auto and has complied with all terms and conditions of the Policy.

12.

Pursuant to the terms and conditions of the Policy, Plaintiff is entitled to receive insurance proceeds for the damages as provided for in the Policy, including the damages to its business personal property, its customers' automobiles, parts, and related accessories, Plaintiff's loss of business income, and for any extra expenses incurred by Plaintiff that would not have otherwise been incurred but for the damage as a result of the Claim.

13.

Upon being notified of the Claim, Defendant State Auto purported to adjust the Claim and has issued payment for damages Plaintiff's business personal property, Plaintiff's loss of business income and incurred expenses, and has partially paid for damages to its customers' automobiles, parts, and related accessories.

14.

However, Defendant State Auto has refused to fully compensate Plaintiff for the damages it has incurred and as provided for in the Policy.

## COUNT I – BREACH OF CONTRACT AGAINST DEFENDANT STATE AUTO

15.

Plaintiff hereby incorporates by reference its allegations as set forth in Paragraphs 1-14 above.

16.

The Policy constitutes a valid, binding contract between Plaintiff and Defendant State Auto, and pursuant to the terms and conditions contained therein, the Claim, in its entirety, is a covered loss and should be paid in an appropriate manner.

17.

By refusing to properly pay for all damages sustained by Plaintiff and pursuant to the terms and conditions of the Policy, Defendant State Auto has breached the Policy.

18.

As a result of Defendant State Auto's breach, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT II – NEGLIGENCE AGAINST DEFENDANTS

19.

Plaintiff hereby incorporates by reference its allegations as set forth in Paragraphs 1-18 above.

20.

Defendant Norton, as Plaintiff's agent, was hired to procure a policy with coverage for Plaintiff's business operations located at the Property, and therefore had a duty to do so.

21.

At the time of placing the policy through Defendant Norton, Plaintiff met with Mr. Brandon Agar, a licensed insurance agent with Defendant Norton, and went over in detail its business operations and its need for insurance.

22.

After meeting with Mr. Agar, Plaintiff was assured the Policy provided adequate coverage for all of its business operations.

23.

However, after the July 14, 2021 fire, and after reporting the Claim to Defendant, it became apparent that not only was Plaintiff underinsured for its business personal property and personal property owned by employees and members of Plaintiff, but Defendant State Auto took the position there was only $2,000.00 in coverage for Plaintiff's customers automobiles, parts, and related accessories, despite Plaintiff incurring losses of over $240,000.00.

24.

Although Plaintiff disagrees with State Auto's coverage position, if Defendant State Auto is correct, then Defendant Norton was clearly negligent in its procurement of insurance coverage for Plaintiff, and as a direct result of this negligence, Plaintiff has suffered damages.

25.

Defendant State Auto is vicariously liable for the negligent actions and omissions of its agent, Defendant Norton, who was acting in the course and scope of its duties at all times relevant to this Complaint.

26.

Due to Defendant Norton's negligence in failing to procure adequate insurance coverage for Plaintiff's business operations, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT III - CLAIM FOR BREACH OF FIDUCIARY DUTIES AGAINST DEFENDANT NORTON

27.

Plaintiff hereby incorporates by reference its allegations as set forth in Paragraphs 1-26 above.

28.

Defendant Norton acted as the agent for Plaintiff, and as such, stood in a fiduciary relationship with Plaintiff.  The fiduciary duties that Defendant Norton owed to Plaintiff included duties of good faith, care, loyalty, and full disclosure.

29.

If Defendant State Auto's coverage determinations are correct, which Plaintiff does not concede, Defendant Norton has breached its fiduciary duties to Plaintiff by failing to secure the required and necessary insurance coverage for Plaintiff, and Plaintiff has incurred damages in an amount to be proven at trial.

## COUNT IV – NEGLIGENT MISREPRESENTATION AGAINST DEFENDANT NORTON

30.

Plaintiff hereby incorporates by reference its allegations as set forth in Paragraphs 1-29 above.

31.

If Defendant State Auto's coverage determinations are correct, which Plaintiff does not concede, Defendant Norton negligently and falsely represented to Plaintiff that the required and necessary insurance coverage was secured for Plaintiff's business operations at the Property.

32.

If Defendant State Auto's coverage determinations are correct, which Plaintiff does not concede,, Defendant Norton's false and/or misleading representations supplied to Plaintiff were

intended for Plaintiff and Plaintiff justifiably relied upon the false and/or misleading representations made by Defendant Norton.

33.

If Defendant State Auto's coverage determinations are correct, which Plaintiff does not concede, Defendant Norton, using reasonable care, should have known the required and necessary insurance coverage for Plaintiff's business operations had not been secured.

34.

If Defendant State Auto's coverage determinations are correct, which Plaintiff does not concede, Plaintiff has incurred damages in an amount to be proven at trial as a result of the negligent misrepresentations by Defendant Norton.

**PRAYER**

WHEREFORE, Plaintiff respectfully prays that it be granted judgment in its favor and against Defendants, for:

    a.  the full amount of damages it has sustained related to the Claim;

    b.  pre and post-judgment interest; and

    c.  All other damages deemed just by this Honorable Court and a jury of Plaintiff's peers;

**PLAINTIFF REQUESTS A JURY OF TWELVE (12) PERSONS ON THE ISSUES AS JOINED BY THE PLEADINGS.**

Respectfully submitted this 21st day of November 2022.

**WEINSTEIN & BLACK, LLC**

s/Michael B. Weinstein
Michael B. Weinstein
Georgia Bar No. 746386
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360
P (404) 228-2629
mike@wblegal.net

*Attorney for Plaintiff*

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06748-S2**

**11/22/2022 1:47 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **VICTORY MOTORSPORTS, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **FILE NO.** 22-C-06748-S2 |
| | ) | |
| **STATE AUTO PROPERTY AND** | ) | |
| **CASUALTY INSURANCE CO. &** | ) | |
| **NORTON METRO, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT STATE AUTO PROPERTY AND CASUALTY INSURANCE CO.

**COMES NOW**, Victory Motorsports, LLC ("Plaintiff"), and propounds these, its First Continuing Interrogatories to Defendant State Auto Property And Casualty Insurance Co. ("Defendant State Auto"), pursuant to Rules 26 and 33 of the Georgia Civil Practice Act. These interrogatories are to be considered continuing in character. If, after answering, new or different information comes to the attention of Defendant State Auto, Defendant State Auto is under a continuing duty to supplement or amend the answers previously made.

### DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

1. "Describe," "description" and "state" mean:

    (a) Describe fully and in detail by reference to the underlying facts and other than by reference to ultimate facts or conclusions of facts or law; and

    (b) Where applicable, state the date, time, place, and manner.

2. "Person" means, without limitation, individuals, firms, associations, partnerships, unincorporated associations, corporations, committees, trustees, boards, or other entities.

3. "Individual" means natural person.

1

4.  "Identify or "identification" with respect to a person means to state the full name, current residential address and telephone number, current or last known employer and title, current or last known business address and telephone number, employer and title at the time in question.

5.  The term "document(s)" as used herein shall, unless otherwise indicated, shall include, but not be limited to and mean and embrace, any letters, correspondence, e-mails, text messages, internet posts, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found on the originals of such documents. A copy of a document on which any notations have been made is to be considered a separate document.

The term "document(s)" as used in these requests further embraces all document(s) within Defendant's possession, custody, or control, or the possession, custody, or control of any of Defendant's agents, representatives, attorneys, associates, or anyone else known to Defendants that have not been previously produced to Plaintiff, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

(a)  missing or lost;

2

      (b) destroyed;

      (c) transferred voluntarily or involuntarily to others, and if so, to whom: or

      (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

6. "Identify" or "identification" with respect to a document (or a particular reference, marking or statement in a document) means to:

      (a) Identify the person or persons who prepared it and who assisted or had any input into its preparation, the party or parties for whom that person or persons were acting, and the party or parties by whom that person or persons were employed.

      (b) Identify the person or persons to whom it was addressed or directed and the party or parties by whom that person or persons were employed;

      (c) State the type of document (e.g. letter, memorandum, etc...);

      (d) State the nature and substance of the document with sufficient particularity to enable it to be identified;

      (e) State the date on the document; and

      (f) State the present location of the document, identify its custodian or custodians, and the person by whom such custodian is employed.

7. The term "communication" includes any transmission or information by oral, graphic, written , pictorial, or otherwise perceptible means, including, but not limited to, telephone conversations, letters, interoffice correspondence, memoranda, telegrams, and personal conversations.

8. "Identify" or "identification" with respect to a communication means to:

      (a) Identify each person who participated in the communication and each person who was present at the time it was made;

      (b) Identify the party or parties for whom each person was acting;

      (c) Identify the party or parties by whom each person was employed;

      (d) State the type of communication (e.g. letter, personal conversation, etc...);

(e) If oral, describe what each person said and state the date when and the place where such communication was made; and

(f) Identify each document which reflects such communication, refers to such communication or otherwise sets forth part or all of the substance of such communication; state the present location of the documents; identify its custodian or custodians; and identify the custodian's employer.

9. "Loss" means the event on or about July 14, 2021, in which Plaintiffs business suffered extensive fire damage located at 1204 Nathan Boulevard, Suite C-E, Loganville, Georgia 30052.

10. "Policy" means Policy No. BOP 2942576, issued by Defendant State Auto to Plaintiff for insurance coverage for the business and property located at 1204 Nathan Boulevard, Suite C-E, Loganville, Georgia 30052 (the "Property"), that was in effect at the time of the Loss.

11. "Complaint" shall mean the Complaint filed by Plaintiff to initiate this litigation.

12. All other terms utilized herein are to be given their customary usage in the English language.

## INSTRUCTIONS

(A)   As to any answer or part thereof which Defendant asserts is privileged or otherwise exempt from answer, Defendant should identify the answer by date, party or person and state the grounds for asserting the privilege or exemption from answer.

(B)   Each interrogatory solicits all information available to Defendant, including information obtainable by Defendant from Defendant's present or former attorneys, employees or any and all other representatives of Defendant.

(C)   These interrogatories are to be answered in detail. If you cannot answer the interrogatory in full, answer to the extent possible and explain your inability to answer the remainder. If there is an objection to all or any part of the interrogatory, state the objections pertaining to the interrogatory and explain the entire basis for each objection.

(D)    For each interrogatory answer, identify all persons by name, last known address, and telephone number, and who supplied the information upon which the answer is based.

## INTERROGATORIES

1.

Please identify each and every person responding to or assisting in the preparation of the answers to these interrogatories. Your response should include the person verifying and all persons contacted for information or assistance in preparing answers to these interrogatories.

2.

Please state with particularity all facts known by Defendant State Auto, or readily ascertainable by Defendant State Auto, that support each affirmative defense raised in your answer and identify all individuals who have knowledge of those facts that support each affirmative defense raised in your answer.

3.

Please identify each person who you know or believe to have discoverable information, including, but not limited to, personal knowledge or possession of documents relevant to the allegations in the Complaint or your defenses thereto. For each person identified, provide their name, last known address, and telephone number, as well as a summary of the knowledge or information which you believe the person has.

4.

Identify all persons whom you expect to call as an expert witness at trial, and for each such expert witness state:

(a)    A resume of his or her background, education, and experience in his or her field;

(b)    The subject matter on which he or she is expected to testify;

(c)    The substance of the facts and opinions to which he or she is expected to testify; and

(d)    A summary of the grounds for each such opinion.

5.

Identify all persons who are or have been responsible for analyzing how the Policy applies to the claim for coverage for the Loss and who have been responsible for handling

5

Plaintiff's claim for coverage for the Loss. For each such individual, describe all actions taken to determine how the Policy applies to the claim for coverage for the Loss, including identification of any and all information, documents or communications relied upon by said individual(s).

6.

Have you or anyone acting on your behalf obtained statements in any form from any persons regarding any of the facts and circumstances surrounding the subject of this action. If so, state the name and address of the person from whom each such statement was taken, the date it was taken, and the name, address and employer of the person taking such statement.

7.

If any document, communication or tangible material is being withheld from production or description on claim of privilege or protection by Attorney Work Product, please give the:

      (a)     Date of document;

      (b)     Addressor and addressee of document;

      (c)     Custodian of document; and

      (d)     General description of document topic.

8.

Identify any and all documents Defendant State Auto received from Defendant Norton Metro, LLC related to Plaintiff and the Loss, for the time period of January 1, 2018 through the present, including, but not limited to, all applications for insurance submitted on behalf of Plaintiff.

9.

Identify any and all documents Defendant State Auto received from any and all third parties related to Plaintiff during the time period of January 1, 2018 through the present, including, but not limited to, any and all information regarding the Loss.

10.

Does Defendant State Auto have any guidelines, policies, rules, instructions, operating procedures or manuals relating to the underwriting or issuance of any and all insurance policies that were in effect between the date you first issued the Policy to Plaintiff and the present? If your answer is anything other than an unqualified negative, identify each such guideline, policy, rule, instruction, operating procedure or manual, identify the person most knowledgeable

regarding this matter, and identify all documents that relate to your response to this Interrogatory.

11.

Identify any and all payments issued by Defendant State Auto to Plaintiff.  For each payment identified, state the date of the payment, the amount of the payment, and the applicable coverage under which payment was issued.

Respectfully submitted this 22nd day of November 2022.

**WEINSTEIN & BLACK, LLC**

/s/Michael B. Weinstein
Michael B. Weinstein, Esq.
Georgia Bar No. 746386
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360
(404) 228-2629 (O)
(888) 231-0613 (F)

*Attorney for Plaintiff*

7

FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-06748-S2**
**11/22/2022 1:47 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **VICTORY MOTORSPORTS, LLC** | ) |
| | ) |
| **Plaintiff,** | ) **CIVIL ACTION** 22-C-06748-S2 |
| | ) |
| **v.** | ) **FILE NO.**_____ |
| | ) |
| **STATE AUTO PROPERTY AND** | ) |
| **CASUALTY INSURANCE CO. &** | ) |
| **NORTON METRO, LLC** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT STATE AUTO PROPERTY AND CASUALTY INSURANCE CO.

**COMES NOW**, Victory Motorsports, LLC, Plaintiff in the above-styled civil action

("Plaintiff"), and propounds this, its First Request for Production of Documents to Defendant

State Auto Property And Casualty Insurance Co., Defendant in the above-styled civil action

("Defendant State Auto"), pursuant to Rules 26 and 34 of the Georgia Civil Practice Act, and

requests that Defendant State Auto produce and permit Plaintiff to inspect and copy all of the

following documents which are in the possession, custody, or control of Defendant State Auto

and/or its attorneys or agents.  These requests are to be considered continuing in character. If,

after answering, new or different documents or things come to the attention of Defendant State

Auto, it is under a continuing duty to supplement or amend the answers previously made.

### DEFINITIONS

1. "Communication" means any transmission of information, the information
   transmitted and any process by which information is transmitted, and includes
   written, electronic, and documented communications as well as oral communications.
2. "Complaint" shall mean Plaintiff's Complaint in this action.

3. "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by Defendant State Auto.

4. "Loss" means the event on or about July 14, 2021, in which Plaintiff suffered damages arising from a fire at its business location at 1204 Nathan Boulevard, Suite C-E, Loganville, Georgia 30052.

5. "Person" means any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

6. "Policy" means Policy No. BOP 2942576 issued by Defendant State Auto to Plaintiff for the time period of March 15, 2021 through March 15, 2022.

7. All other terms utilized herein are to be given their customary usage in the English language.

### INSTRUCTIONS

(a) As to any document, thing, ESI or part thereof which Defendant State Auto asserts is privileged or otherwise exempt from production, Defendant State Auto should identify such document or thing by date, writer, addresses, and recipients of copies and tender for each such document or thing the grounds for asserting the privilege or exemption from production.

(b) The term "document(s)" as used herein, unless otherwise indicated, shall include, but not be limited to, and mean and embrace, any letters, e-mails, text messages, correspondence, telegrams, memoranda, records, financial statements, financial records, summaries, manuals, maps, brochures, leaflets, schedules, telegrams, teletypes, telefaxes, minutes, contracts, periodicals, newspapers, journals, calendars, sketches, agendas, memoranda of telephone or personal conversations or conferences, records of communications, video recordings, photographs, motion pictures, microfilm, microfiches, recordings, audio data processing cards and tapes and discs, bulletins, studies, analyses, notices, computer runs, and any codes necessary to comprehend such runs, diskettes, books, pamphlets, lists, periodicals, charts, graphs, indexes, and any other method of any nature, however produced or reproduced, by which or through which information is preserved or contained, including copies of such documents, containing any notations or markings not found

2

on the originals of such documents.  A copy of a document on which any notations have been made is to be considered a separate document.

The term "document(s)" as used in these requests further embraces all document(s) within Defendant State Auto's possession, custody, or control, or the possession, custody, or control of any of Defendant State Auto's agents, representatives, attorneys, associates, or anyone else known to Defendant State Auto which have not been previously produced to Plaintiff, including any writing whether typed, printed or handwritten, of whatever kind and in whatever form, as well as any video or audio tape recording and any transcript of such recording, and any computer medium containing information convertible into a written document and any transcription of such computer medium.

If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

    (a)  missing or lost;

    (b)  destroyed;

    (c)  transferred voluntarily or involuntarily to others, and if so, to whom: or

    (d)  otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

(c)  All documents or ESI produced in response to this Request should be marked according to the number of each specific request below.  Documents or ESI sought by more than one Request need only be produced once with appropriate cross-references to the other Request(s) to which the document responds.

(d)  In producing all documents and ESI, Defendant State Auto is requested to produce the original of each document or electronic record requests, together with all non-identical copies and drafts.  If the original of any document or electronic record cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(e)  All documents or electronic records shall be produced in the form in which they are maintained, including the file folder, envelope or other container in which the

documents are kept or maintained by you.  If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on said container.

(f)   All documents which are generated electronically or on a computer, including, but not limited to, Microsoft Word documents, Excel spreadsheets, Word Perfect Documents, Emails, Text Messages, Electronic Communications, Electronic Payroll Entries or other computerized data entries should be produced in electronic format consistent with the instructions for production of ESI below.

(g)   **Production of Electronically Stored Information ("ESI"):**  All ESI should be produced in native electronic format on a cd-rom, hard drive or dvd.  All image files of the ESI should be produced in single page TIFF format, together with a load file that is compatible with CT Summation (an edii file, dii file, or SBF file).  All metadata and searchable qualities associated with the ESI should be preserved and produced together with the ESI.

## <u>REQUESTS FOR PRODUCTION</u>

Produce all Documents and/or ESI that relate to the following:

1.

All documents and/or ESI that Defendant State Auto reviewed or relied upon in answering Plaintiff's First Interrogatories to Defendant State Auto.

2.

All documents pertaining to estimates of damages related to the Loss prepared by Defendant State Auto, on Defendant State Auto's behalf, or at the request of Defendant State Auto.

3.

All documents and/or ESI related to the issuance of the Policy, including any and all related underwriting documents.

4.

Any and all documents received from Defendant Norton Metro, LLC related to Plaintiff.

5.

All documents and/or ESI related to the issuance of any insurance policies, including the Policy, including, but not limited to, all underwriting documents.

6.

All documents and/or ESI that Defendant State Auto issued or received related to the Loss, including all documents issued to or received from Plaintiff, Defendant Norton Metro, LLC, and all other third parties.

7.

All documents and/or ESI relating to or comprising any communications had between and/or among Defendant State Auto's employees relating to Defendant State Auto's investigation of the Loss, including, but not limited to, any and all claim notes.

8.

All documents and/or ESI relating to or comprising any communications had between and/or among Defendant State Auto's employees and any and all third parties relating to Defendant State Auto's investigation of the Loss, including, but not limited to, any and all claim notes and any and all communications with Defendant Norton Metro, LLC.

9.

All documents and/or ESI relating to any investigation which Defendant State Auto has done or has had done on its behalf relating to the Loss.

10.

All documents and/or ESI that supports each Affirmative Defense asserted by Defendant State Auto in its Answer to Plaintiff's Complaint.

11.

All documents and/or ESI that Defendant State Auto reviewed, analyzed, or relied upon during its investigation of the Loss.

12.

All documents and/or ESI received from any third parties that relate to the Loss.

13.

All documents and/or ESI not otherwise requested above, that relate to the facts giving rise to the subject of this litigation, and/or that otherwise support any of the responses in your Answer to Plaintiff's Complaint.

14.

A certified copy of the Policy.

15.

Copies of all payments issued by Defendant State Auto related to the Loss.

Respectfully submitted this 22nd day of November 2022.

**WEINSTEIN & BLACK, LLC**

/s/Michael B. Weinstein
Michael B. Weinstein, Esq.
Georgia Bar No. 746386
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360
(404) 228-2629 (O)
(888) 231-0613 (F)

*Attorney for Plaintiff*