DANIEL J ORTIZ II
Attorney-at-Law
Georgia Bar Number 562540

Law Offices of Daniel J. Ortiz, LLC
570 Colonial Park Drive, Suite 310
Roswell, Georgia 30075
404.343.0091 (tel)
470.294.1272 (fax)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Luis Alberto Colan<br><br>Plaintiff<br><br>v.<br><br>Alejandro MAYORKAS, Secretary of Homeland Security, Washington, D.C. 20528; Merrick GARLAND, Attorney General of the United States, 950 Pennsylvania Ave., NW, Washington, D.C. 20520; Ur JADDOU, Director, U.S. Citizenship and Immigration Services, 20 Massachusetts Avenue, NW, Washington, D.C. 20520; Director, USCIS California Service Center, Laguna Niguel, California 92607; Director, USCIS National Benefits Center, Lee's Summit, Missouri 64063.<br><br>Defendants | Case No. _____<br><br>Complaint for Declaratory, Mandamus, and Injunctive Relief 5 U.S.C. § 702 (Administrative Procedures Act) |

## Introduction

1. This is an action for declaratory, mandamus and injunctive relief.

2. The plaintiff Luis Alberto Colan is the son of Carmen Farfan de Colan. Carmen Farfan de Colan was the mother of the plaintiff, who passed away many years ago. While she was still alive, she filed an I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (part of the Department of Homeland Security). Years after Plaintiff's mother died, the Plaintiff pursued consular processing with the National Visa Center (part of the Department of State). While that request was initially not honored due to the death of the mother, the Plaintiff filed a waiver under Section 204(l) of the Immigration and Nationality Act. The waiver was ultimately approved, but the Department of State has yet to receive a copy of the reinstated approved I-130, more than one year after the reinstatement. The Plaintiff has complied with all statutory and regulatory requirements so that his approved I-130 petition is sent to the National Visa Center. The Plaintiff brings this action to obtain an order compelling the immigration agency, USCIS, to merely transmit the newly approved and reinstated I-130

petition to the National Visa Center so that consular processing may commence, so that the Plaintiff be given the opportunity to have his case heard at the U.S. Embassy in Lima, Peru.

## Subject Matter Jurisdiction

3. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1361. The mandamus statute vests original jurisdiction in the federal courts. It provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus." 28 U.S.C. § 1361.

4. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). The statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This action arises under the Immigration and Nationality Act which is a law of the United States.

5. The court has subject matter jurisdiction under 28 U.S.C. § 1346(a)(2) (United States as defendant). This is a civil action against the officers and agencies of the United States founded upon an Act of Congress and a regulation of an executive department.

6. Jurisdiction lies to grant declaratory relief pursuant to 28 U.S.C.

§§ 2201-2202 (Declaratory Judgment Act).

## Venue

7. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the Northern District of Georgia because the plaintiff resides in Cherokee County, Georgia, which falls inside the Northern District of Georgia. The statute provides that in an action in which a defendant is an officer or employee of the United States, the action "may . . . be brought in any judicial district in which . . . the plaintiff resides if no real property is involved in the action." *Id*. There is no real property involved in this action.

## Parties

8. Plaintiff is a native and citizen of Peru, who is the beneficiary of an approved I-130 preference category petition.

9. Defendant Alejandro Mayorkas is the Secretary of Homeland Security and is the head of the U.S. Department of Homeland Security (DHS) and has ultimate responsibility for the administration and enforcement of the immigration laws. He is sued in his official capacity.

10. Defendant Merrick Garland is the Attorney General of the United States and the head of the U.S. Department of Justice (DOJ). She shares responsibility for the administration and enforcement of the immigration

laws. She is sued in her official capacity.

11. Defendant Ur Mendoza Chaddou is the Director of U.S. Citizenship and Immigration Services, a component of DHS. In that capacity, he has direct authority over all USCIS policies, procedures, and practices relating to the processing and adjudication of applications for U nonimmigrant status. She is sued in her official capacity.

12. Defendant Director of the USCIS California Service Center in Laguna Niguel, California exercises authority over USCIS activities related to I-130 Petitions.  S/he is sued in her official capacity.

13. Defendant Director of the USCIS National Benefits Center in Lee's Summit, Missouri exercises authority over USCIS activities related to I-130 Petitions.  S/he is sued in his official capacity.

## Legal Framework

### Preference Allocation for Family-sponsored Immigrants

14. Section 203(a) of the Immigration and Nationality Act provides the various categories of individuals who may seek lawful permanent residence (or a "green card") in the United States.

15. "Qualified immigrants who are the unmarried sons or daughters

of citizens of the United States shall be allocated visas in a number not to exceed 23,400..." INA §203(a)(1), 8 U.S.C. §1153(a)(1). Furthermore, "[q]ualified immigrants who are the <u>married</u> sons... of citizens of the United States" are also allocated a certain number of immigrant visas (another word for a green card or lawful permanent residence). See INA §203(a)(3), 8 U.S.C. §1153(a)(3).

### Waiver where Petitioner is deceased under INA §204(l)

16. Certain aliens "who resided in the United States at the time of the death of the qualifying relative and who continue[] to reside in the United States shall have such petition... adjudicated notwithstanding the death of the qualifying relative, unless the Secretary of Homeland Security determines, in the unreviewable discretion of the Secretary, that approval would not be in the public interest." See INA §204(l)(1), 8 U.S.C. §1154(l)(1).

17. Individuals who are beneficiaries "of a pending or approved petition for classification" under INA §203(a) are included in INA §204(l). See INA §204(l)(2)(B), 8 U.S.C. §1154(l)(2)(B).

### Consular Processing through the Department of State and the United States Embassy

18. "Consular officers are authorized to grant to an alien the… preference status accorded in a petition approved in the alien's behalf upon receipt of the approved petition or official notification of its approval. The status shall be granted for the period authorized by law or regulation…". 22 C.F.R. §42.41.

19. "The consular officer may not issue a visa to an alien as… a family-sponsored immigrant entitled to preference status under 203(a)(1)-(4)…unless the office has received a petition filed and approved in accordance with INA 204 or official notification of such filing and approval." 22 C.F.R. §42.42.

20. "After an investigation of the facts in each case… the Attorney General **shall**, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made… is eligible for preference under subsection (a) or (b) of section 203 [8 USCS § 1153], approve the petition and forward one copy thereof to the Department of State. The Secretary of State **shall** then authorize the consular officer concerned to grant the preference status." INA §204(b), 8 U.S.C. §1154(b) (emphasis added).

21. An "approved petition" under the preference category pertinent to

the above-styled case "**will** be forwarded to the Department of State's Processing Center." See 8 C.F.R. §204.2(d)(3).

## The Administrative Procedures Act

22. The APA commands that within a reasonable time, each agency shall proceed to conclude a matter presented to it permits a reviewing court to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. §555(b), 706(1), cited in Chowdhury v. Blinken, 2022 U.S. Dist. LEXIS 7896.

23. Though persuasive authority in the Northern District of Georgia, the court in Chowdhury, *supra*, cited six (6) factors that should be considered by courts in determining whether a delay is unreasonable.

24. The first factor is that the time agencies take to make decisions must be governed by a rule of reason. Id.

25. The second factor in Chowdhury is that, where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason. Id.

26. The third fact in the Chowdhury test is that delays that might be reasonable in the sphere of economic regulation are less tolerable when

human health and welfare are at stake. Id.

27. Fourth, the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority. Id.

28. Fifth, the court should also take into account the nature and extent of the interests prejudiced by the delay. Id.

29. Finally, the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. Id.

### PLAINTIFF'S BIOGRAPHICAL INFORMATION AND IMMIGRATION HISTORY PRIOR TO THE FILING OF THE I-130 PETITION

30. Plaintiff was born in Lima, Peru.

31. Plaintiff entered the United States on or around January 31, 2003, on a B2 tourist visa pursuant to INA §101(a)(15)(B)(ii). His I-94 Arrival/Departure record indeed shows an arrival date of 01/31/2003, and an expiration date of July 30, 2003.

32. Plaintiff has two (2) children, to wit: Diego Alonso Colan, born on May 24, 1991, in Lima, Peru; and Fernanda Jimena Colan, born on April 18, 1997, also in Lima, Peru.

33. CARMEN J. FARFAN DE COLAN was born in Arequipa, Peru, on November 29, 1938, and upon information and belief, became a citizen of the United States on September 11, 2006.

## THE ORIGINAL FILING OF THE I-130 PETITION

34. FARFAN DE COLAN filed an I-130 Petition for Alien Relative on behalf of her son, the Plaintiff in this case. The Petition was filed on January 3, 2007.

35. At the time of the filing of the I-130 petition, the Plaintiff was married to CECILIA TAYA. Upon information and belief, the Plaintiff and TAYA were married on April 8, 1989, in Lima, Peru. Therefore, the category of the petition was Preference Category 3, pursuant to INA §203(a)(3).

36. On January 9, 2007, USCIS sent an I-797 Notice of Action to FARFAN DE COLAN informing her that the Petition was received by the Service on the date mentioned in the previous paragraph. The receipt number assigned to the USCIS case was WAC-07-067-51537.

37. The I-130 petition was approved by the Service on September 27, 2010. Incidentally, for informational purposes only, Plaintiff was also assigned an alien number (or "A-number"). This A-number is A#200-514-

097.

38. Petitioner CARMEN JULIA FARFAN DE COLAN passed away on November 3, 2011, at the age of 72, from complications of pneumonia.

39. Upon information and belief, the priority date on the approved I-130 petition was not yet current at the time of the Petitioner's death.

40. At first (but not now, as will be discussed later in this motion), FARFAN DE COLAN's petition was transmitted to the National Visa Center of the U.S. Department of State on our around April 15, 2019. An NVC case number was assigned, to wit: LMA2010843001. Also, every case pending with the National Visa Center is also given an invoice number so that the fee receipts may be paid. Here, that invoice number is IVSCA00000174186.

41. The invoices and fee receipts were paid to the National Visa Center through the online system.

42. Subsequent to paying the fee receipts, an NVC Inquiry was sent to the Department of State, explaining that the Plaintiff's mother had died and that he wished to continue consular processing through a waiver under Section 204(l) of the Immigration and Nationality Act.

43. Unfortunately, the National Visa Center did not respond favorably

11

to the waiver request, and instead informed the Plaintiff through counsel that he had to ask for the 204(l) waiver from USCIS.

44. USCIS revoked the Plaintiff's approved I-130 petition once it reached the Service.

45. The Plaintiff, through counsel, requested a 204(l) waiver on Form I-290B, appealing the revocation of the I-130 Petition.

46. In March 2022, the Service granted the Plaintiff's motion to reopen, and the I-130 approval was reinstated.

47. In May 2022, the Plaintiff filed Form I-824 so that USCIS would transmit the newly approved I-130 petition to the National Visa Center of the Department of State.

48. However, the I-824 was subsequently denied because USCIS inaccurately alleges that the Department of State has the I-130 petition.

49. This is absolutely inaccurate, though, because upon attempting to login to the National Visa Center's consular processing page, there is an error message specifically stating that the NVC does **not** have the Plaintiff's newly approved and reinstated I-130 petition.

50. Figuratively speaking, the Department of State and USCIS are

playing a game of ping pong with the future and stability of the Plaintiff. Each agency is stating that it doesn't have the I-130 petition. It is imperative for the future of the Plaintiff that his petition does not remain in a permanent limbo state.

## An Unreasonable Delay

51. More than one year has elapsed since the I-130 Petition for Alien relative in which Plaintiff is the beneficiary was reinstated.

52. Defendants have refused to return the approved I-130 petition to the National Visa Center for consular processing. In fact, USCIS continues inaccurately state things on the most recent I-824 denial, alleging that they sent the approved I-130 to the NVC. However, when Plaintiff's counsel put in the NVC case number and invoice number, the result on the NVC website is that the case is not with the National Visa Center, but rather, with USCIS.

53. It is therefore clear, according to the NVC's own website, that the NVC <u>does not</u> have the approved I-130 petition

54. The delay has caused Plaintiff serious harm. Plaintiff has been harmed in his ability to maintain a livelihood and legally work in the United States. He is also unable to obtain a driver's license. Finally,

Plaintiff has suffered great emotional distress in light of USCIS's egregious delay in transmitting the newly approved and reinstated I-130 petition to the National Visa Center.

## Claims for Relief

## Count I
## Unreasonable Delay in Agency Action
## 5 U.S.C. § 555(b)

55. All previous paragraphs are incorporated as though fully set forth herein.

56. The Defendants have a statutory obligation to transmit to the National Visa Center, within a reasonable time, the approved, reinstated I-130 petition submitted on behalf of the Plaintiff. 5 U.S.C. § 555(b).

57. The Defendants delay in excess of one year following the reinstatement of the I-130 petition is unreasonable and therefore violates 5 U.S.C. § 555(b).

## Count II
## Mandamus
## 28 U.S.C. § 1361

58. All previous paragraphs are incorporated as though fully set forth herein.

59. The Mandamus Act, 28 U.S.C. § 1361, grants authority to courts to compel defendants to perform a duty owed to plaintiff.

60. The Defendants have a statutory obligation to transmit all approved I-130 petitions to the National Visa Center of the Department of State for consular processing under INA §204(b), 8 U.S.C. §1154(b).

61. The Defendants have a regulatory, ministerial obligation to transmit all approved I-130 petitions to the National Visa Center of the Department of State for consular processing under 8 C.F.R. §204.2(d)(3).

62. The Defendants have a duty to send Plaintiff's approved I-130 petition to the National Visa Center.

63. The Defendants failure to perform this duty for more than one year violates both the statute and the regulation.

## Request for Relief

**WHEREFORE**, Plaintiffs request that the Court grant the following relief:

A. Declare that Defendants have a duty to transmit the approved I-130 petition to the National Visa Center;

B. Order Defendants to comply with 8 C.F.R. §204.2(d)(3) and send

    Plaintiff's approved I-130 petition to the National Visa Center;

C.  Award Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 2412; and

D.  Award all other relief to Plaintiff that it deems just, equitable, and proper.

Respectfully submitted this 25th day of April, 2023.

/s/ *Daniel Joseph Ortiz, II, Esq.*
**DANIEL JOSEPH ORTIZ, II**
LAW OFFICES OF DANIEL J. ORTIZ, LLC
570 Colonial Park Drive, Suite 310
Roswell, Georgia 30075
404.343.0091 (tel)
470.294.1272 (fax)
dortiz@danortizlaw.com