Case 1:23-mi-99999-UNA   Document 1354-1   Filed 04/25/23   Page 1 of 13

State Court of Fulton County
**E-FILED**
23EV001843
3/28/2023 3:50 PM
Donald Talley, Clerk
Civil Division

**Exhibit A**

GEORGIA, FULTON COUNTY                              DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY          CIVIL ACTION FILE #: 23EV001843
Civil Division

Edward Lee Bolin
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

Schneider National Carriers, Inc., et al.
c/o Corporation Company (FL) Registered Agent
106 Colony  Park Dr, Ste 800   Cumming   Ga 30040
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:
You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Trevor E. Brice - WLG Atlanta, LLC
Address: 600 Peachtree Street NE, Suite 4010
City, State, Zip Code: Atlanta, Georgia 30308                Phone No.: 470.881.8804

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.      _____
                                                                DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

Case 1:23-mi-99999-UNA   Document 1354-1   Filed 04/25/23   Page 2 of 13

State Court of Fulton County
**E-FILED**
23EV001843
3/28/2023 3:50 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: 23EV001843

Edward Lee Bolin

Plaintiff's Name, Address, City, State, Zip Code

vs.

Old Republic Insurance Company, et al.

c/o The Prentice-Hall Corp System Reg Agent

2 Sun   Ct, Ste 400 PTree   Corners   GA 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

**TO THE ABOVE NAMED-DEFENDANT:**

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Trevor E. Brice - WLG Atlanta, LLC

Address: 600 Peachtree Street NE, Suite 4010

City, State, Zip Code: Atlanta, Georgia 30308        Phone No.: 470.881.8804

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***

Served, this _____ day of _____, 20_____.        _____
                                                                                                                DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

_____

This _____ day of _____, 20_____.        _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

Case 1:23-mi-99999-UNA   Document 1354-1   Filed 04/25/23   Page 3 of 13

State Court of Fulton County
**E-FILED**
23EV001843
3/27/2023 6:23 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| EDWARD LEE BOLIN; <br><br> Plaintiff, <br><br> v. <br><br> SCHNEIDER NATIONAL CARRIERS, INC.; DARRYL REED; and OLD REPUBLIC INSURANCE CO.; <br><br> Defendants. | CIVIL ACTION <br><br> FILE NO. _____ <br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

Plaintiff Edward Lee Bolin files this Complaint for Damages against Defendants Schneider National Carriers, Inc., Darryl Reed, and Old Republic Insurance Company, respectfully showing the Court as follows.

**Parties, Jurisdiction, and Venue**

1.

Plaintiff Edward Lee Bolin seeks recovery for the personal injuries and other damages he suffered when Defendant Darryl Reed caused a multi-vehicle wreck in his commercial tractor trailer on Interstate 285 in Atlanta.

2.

Plaintiff resides in Fulton County, Georgia. He submits to the jurisdiction of this Court.

3.

Defendant Reed resides at 5511 Pecan Springs, Apt. 15108, San Antonio, Texas 78249. As a nonresident motorist, he may be served with process pursuant to O.C.G.A. § 40-12-2 by:

**COMPLAINT FOR DAMAGES – Page 1**

(a) Serving a copy of this complaint and an affidavit of compliance with O.C.G.A. § 40-12-2 on the Secretary of State, his duly authorized agent, or his successor in office;

(b) Sending notice of such service and a copy of this complaint and process to Defendant Reed at the address above via registered or certified mail or statutory overnight delivery; and

(c) Appending Defendant Reed's return receipt and an affidavit of compliance with O.C.G.A. § 40-12-2 to the summons or other process and filing them with the summons, complaint, and other papers in the case in the court wherein this action is pending.

4.

Defendant Reed is subject to the jurisdiction of this Court pursuant to O.C.G.A. §§ 9-10-90(1)-(2).

5.

Defendant Schneider National Carriers, Inc. is a foreign profit corporation that is authorized to transact business in Georgia. It may be served with process through its Registered Agent, The Corporation Company (FL), at 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040.

6.

Defendant Old Republic Insurance Company is a foreign insurance company that is authorized to transact business in Georgia. It may be served with process through its Registered Agent, The Prentice-Hall Corporation System, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

**COMPLAINT FOR DAMAGES – Page 2**

7.

Defendant Old Republic Insurance is subject to the jurisdiction of this Court pursuant to O.C.G.A. §§ 9-10-90(1)-(2).

8.

Venue is proper in Fulton County as to all Defendants pursuant to Ga. Const. art. VI, § 2, ¶ IV and O.C.G.A. §§ 9-10-31(b), 40-12-3, and 40-1-117.

**Background**

9.

On October 25, 2021, Plaintiff was traveling north on Interstate 285 in Atlanta.

10.

At the same time, Defendant Reed was operating a 2017 Freightliner Cascadia 125 commercial truck in the lane directly to Plaintiff's left.

11.

The commercial truck Defendant Reed was operating was owned and made available for his use by his employer, Defendant Schneider National Carriers.

12.

Suddenly, Defendant Reed's commercial truck left his lane of travel and slammed into Plaintiff's vehicle.

13.

Plaintiff's vehicle spun out of control and smashed into the concrete barrier wall on the side of the interstate.

14.

Defendant Reed then crashed his commercial truck into another vehicle in the lane directly to his left.

15.

Upon information and belief, Defendant Reed was fatigued and/or distracted by his use of a mobile phone or other electronic device at the time of the wreck.

16.

Plaintiff was rushed from the scene of the wreck to the emergency room in an ambulance.

17.

Plaintiff exercised care for his own safety at all relevant times, including the time of the wreck. He did not act or fail to act in any way that proximately caused the wreck or any of his injuries or damages.

18.

The injuries proximately caused by Defendants' acts and omissions have resulted in substantial damages to Plaintiff, both economic and non-economic, including but not limited to medical bills; costs and expenses; lost wages; physical pain and suffering; mental pain and suffering; loss of earning capacity; and loss of full enjoyment of life.

## COUNT ONE
### Negligence of Defendant Reed

19.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

**COMPLAINT FOR DAMAGES – Page 4**

20.

At all relevant times, including the time of the wreck, Defendant Reed owed the public generally, and Plaintiff specifically, duties of care while operating a motor vehicle on the public roadways of Georgia.

21.

At all relevant times, including the time of the wreck, it was reasonably foreseeable to Defendant Reed that if he breached these duties it could result in a collision and serious injury to others.

22.

Nevertheless, Defendant Reed breached the duties he owed to Plaintiff in the following ways, resulting in the wreck:

(a) Improper lane change in violation of O.C.G.A. § 40-6-48, which constitutes negligence per se;

(b) Driving too fast for conditions in violation of O.C.G.A. § 40-6-180, which constitutes negligence per se;

(c) Failing to exercise due care in violation of O.C.G.A. § 40-6-241, which constitutes negligence per se;

(d) Driving while distracted in violation of O.C.G.A. §§ 40-6-241, -241.1, and -241.2, which constitutes negligence per se;

(e) Driving recklessly in violation of O.C.G.A. § 40-6-390, which constitutes negligence per se;

(f) Failing to maintain proper control of his vehicle;

(g) Failing to keep a proper lookout for traffic;

**COMPLAINT FOR DAMAGES – Page 5**

(h)　　　Failing to timely apply the brakes of his vehicle;

(i)　　　Failing to make reasonable and proper observations while driving or, if reasonable and proper observations were made, failing to act upon them;

(j)　　　Failing to follow the Hours-of-Service Regulations set forth in the Federal Motor Carrier Safety Regulations;

(k)　　　Failing to follow the mandatory drug and alcohol testing requirements set forth in the Federal Motor Carrier Safety Regulations;

(l)　　　Otherwise failing to act reasonably and prudently as a driver should under the circumstances; and

(m)　　　Committing other negligent acts and omissions as may be shown by the evidence and proven at trial.

23.

These acts and omissions constitute negligence on the part of Defendant Reed.

24.

Plaintiff suffered and will continue to suffer severe and permanent personal injuries as a result of Defendant Reed's negligence.

25.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by Defendant Reed's negligence.

**COUNT TWO**
**Vicarious Liability of Defendant Schneider National Carriers**

26.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

**COMPLAINT FOR DAMAGES – Page 6**

27.

At all relevant times, including the time of the wreck, Defendant Reed was operating the commercial truck in the course and scope of his employment with or agency of Schneider National Carriers.

28.

Defendant Schneider National Carriers is vicariously liable for the negligent acts and omissions of Defendant Reed pursuant to the doctrine of *respondeat superior* and the rules of agency.

## COUNT THREE
### Independent Negligence of Defendant Schneider National Carriers

29.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

30.

In addition to being vicariously liable for the negligent acts and omissions of Defendant Reed, Defendant Schneider National Carriers was itself negligent in the following ways:

(a) Negligently hiring or contracting with Defendant Reed to drive the commercial truck at issue;

(b) Negligently training Defendant Reed;

(c) Negligently entrusting Defendant Reed with the commercial truck;

(d) Negligently retaining Defendant Reed to drive the commercial truck;

(e) Negligently qualifying Defendant Reed;

(f) Failing to supervise Defendant Reed;

(g) Otherwise failing to act as a reasonably prudent company under the circumstances; and

(h)     Committing other negligent acts and omissions as may be shown by the evidence and proven at trial.

31.

Plaintiff suffered and will continue to suffer severe and permanent personal injuries as a result of Defendant Schneider National Carriers' negligence.

32.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by Defendant Schneider National Carriers' negligence.

## COUNT FOUR
### Direct Action Against Defendant Old Republic Insurance

33.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

34.

Defendant Old Republic Insurance provided liability insurance for the driver and/or truck that were involved in the subject wreck in consideration of Defendant Schneider National Carriers' payment of insurance premiums.

35.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

36.

Accordingly, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, Defendant Old Republic Insurance is subject to direct action for the claims asserted in this complaint.

**COMPLAINT FOR DAMAGES – Page 8**

## COUNT FIVE
### Punitive Damages

37.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

38.

Defendants' actions, including but not limited to Defendant Reed's operation of a commercial truck while distracted by a mobile phone or other electronic device and Defendant Schneider National Carriers' disregard for the Federal Motor Carrier Safety Regulations, demonstrate either (a) willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, or (b) a specific intent to cause harm, entitling Plaintiff to an award of punitive damages without limitation or cap.

## COUNT SIX
### Litigation Expenses and Attorney's Fees

39.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

40.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense, entitling her to recover his litigation expenses, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

### Plaintiff's Damages

41.

Plaintiff seeks monetary damages from each Defendant for:

**COMPLAINT FOR DAMAGES – Page 9**

(a) All past, present, and future economic damages that result from, flow from, or were substantially caused by the wreck, including but not limited to medical bills, costs and expenses, and lost wages, in an amount to be proven at trial;

(b) All past, present, and future non-economic damages that result from, flow from, or were substantially caused by the wreck, including but not limited to physical pain and suffering, mental pain and suffering, loss of earning capacity, and loss of full enjoyment of life, in an amount to be determined by the enlightened conscience of an impartial jury;

(c) Punitive damages in an amount to be determined by the enlightened conscience of an impartial jury; and

(d) Litigation expenses, including reasonable attorney's fees.

42.

Accordingly, Plaintiff respectfully requests the following relief:

(a) Service of the summons and this complaint on each Defendant;

(b) A trial by jury on every appropriate issue;

(c) Judgment for Plaintiff and against each Defendant for Plaintiff's past, present, and future economic damages;

(d) Judgment for Plaintiff and against each Defendant for Plaintiff's past, present, and future non-economic damages;

(e) Judgment for Plaintiff and against each Defendant for punitive damages without limitation or cap;

(f) Judgment for Plaintiff and against each Defendant for Plaintiff's litigation expenses, including reasonable attorney's fees;

**COMPLAINT FOR DAMAGES – Page 10**

(g) That the costs of this action be cast against Defendants; and

(h) Any additional relief the Court deems appropriate.

This 27th day of March, 2023.

                        WLG ATLANTA, LLC

                        */s/ Trevor E. Brice*
                        Trevor E. Brice
                        Georgia State Bar No. 847049
                        Attorney for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:   470-881-8804
Facsimile:   470-408-4454
E-Mail:   trevor.brice@witheritelaw.com

**COMPLAINT FOR DAMAGES – Page 11**