Case 1:23-mi-99999-UNA   Document 1354-2   Filed 04/25/23   Page 1 of 10

State Court of Fulton County
**E-FILED**
23EV001843
4/25/2023 11:04 AM
Donald Talley, Clerk
Civil Division

**Exhibit B**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| EDWARD LEE BOLIN, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NUMBER 23EV001843 |
| SCHNEIDER NATIONAL CARRIERS, INC.; DARRYL REED; AND OLD REPUBLIC INSURANCE CO., | **JURY OF 12 DEMANDED.** |
| Defendants. | |

**DEFENDANTS SCHNEIDER NATIONAL CARRIERS, INC.'S AND OLD REPUBLIC INSURANCE CO.'S ANSWER TO COMPLAINT FOR DAMAGES**

Defendants Schneider National Carriers, Inc. (SNC) and Old Republic Insurance Co. (Old Republic) (sometimes collectively referred to as Defendants) answer the Complaint for Damages and show the Court as follows:

**FIRST DEFENSE**

Defendants raise the defenses of comparative negligence, avoidance, and assumption of risk.

**SECOND DEFENSE**

Darryl Reed (deceased) is not a real party in interest.

**THIRD DEFENSE**

There is an insufficiency of process and service of process as to Darryl Reed (deceased) and the Court lacks personal jurisdiction and venue over Darryl Reed (deceased).

**FOURTH DEFENSE**

Old Republic is not a proper party as SNC has a bond on file with the State of Georgia to comply with the motor carrier financial responsibility requirements. See Bond attached here to as Exhibit "A."

**FIFTH DEFENSE**

The Complaint fails to state a claim for negligent hiring, entrustment, supervision, punitive damages or attorney fees and expenses under O.C.G.A. § 13-6-11.

**SIXTH DEFENSE**

Without waiving the above-enumerated defenses, Defendants respond to the numbered paragraphs as follows:

**Parties, Jurisdiction, and Venue**

1.

Defendants admit Plaintiff filed a Complaint of Damages allegedly caused by an incident occurring on Interstate 285 in the city limits of Atlanta. Defendants deny the remaining allegations in paragraph 1.

2.

Defendants admit the Georgia Motor Vehicle Crash Report indicates Plaintiff maintains a Georgia driver's license noting he lives at an address in Fulton County.

3.

Defendants deny the allegation in paragraph 3 as Darryl Reed is deceased.

4.

Defendants deny the allegations in paragraph 4 as Darryl Reed is deceased.

5.

Defendants admit the allegations in paragraph 5.

6.

Defendants admit the allegations in paragraph 6.

7.

Defendants deny the allegations in paragraph 7.

8.

Defendants admit venue is proper pursuant to O.C.G.A. § 40-1-117.  Defendants deny the remaining allegations in paragraph 8.

**Background**

9.

Defendants admit the Georgia Motor Vehicle Crash Report states Plaintiff was traveling north on Interstate 285 in Atlanta, Fulton County, Georgia on October 25, 2021. Defendants deny any remaining allegations in paragraph 9.

10.

Defendants admit Reed was operating a 2017 Freightliner Cascadia 125 tractor-trailer traveling north on Interstate 285 in Atlanta, Fulton County, Georgia on October 25, 2021 in the lane to the left of Plaintiff and deny any remaining allegations in paragraph 10.

11.

Defendants admit Reed was an employee of Schneider and driving under Schneider's authority and deny the remaining allegations in paragraph 11.

12.

Defendants deny the allegations in paragraph 12.

13.

Defendants admit Plaintiff's vehicle rotated counterclockwise and contacted the median wall and deny any remaining allegations in paragraph 13.

14.

Defendants admit after Plaintiff made contact with the right front of the truck driven by Reed and rotated counterclockwise in front of the truck, Reed made contact with the trailer of a tractor-trailer in the lane to his left.  Defendants deny any remaining allegations in paragraph 14.

15.

Defendants deny the allegations in paragraph 15.

16.

Defendants admit the Georgia Motor Vehicle Crash Report notes Plaintiff's injury a 4 ("Possible injury or Complaint") and was taken by Grady EMS to Grady Memorial Hospital. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 16.

17.

Defendants deny the allegations in paragraph 17.

18.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding alleged damages and deny the remaining allegations in paragraph 18.

**COUNT ONE**
**Negligence of Defendant Reed**

19.

Defendants incorporate by reference their responses to paragraphs 1-18.

20.

Defendants admit Reed, like all motorists, owed a duty to exercise ordinary care while operating a motor vehicle on the public roadways. Defendants deny any remaining allegations in paragraph 20.

21.

Defendants deny Reed breached a duty and any remaining allegations in paragraph 21.

22.

Defendants deny the allegations in paragraph 22.

23.

Defendants deny the allegations in paragraph 23.

24.

Defendants deny the allegations in paragraph 24.

25.

Defendants deny the allegations in paragraph 25.

## COUNT TWO
### Vicarious Liability of Defendant Schneider National Carriers

26.

Defendants incorporate by reference their responses to paragraphs 1-25.

27.

Defendants admit Reed was driving in the course and scope of his employment with Schneider and deny the remaining allegations in paragraph 27.

28.

Defendants admit Reed was driving in the course and scope of his employment with Schneider and deny the remaining allegations in paragraph 28.

## COUNT THREE
## Independent Negligence of Defendant Schneider National Carriers

29.

Defendants incorporate by reference their responses to paragraphs 1-28.

30.

Defendants deny the allegations in paragraph 30 and show Plaintiff fails to set forth facts to support these allegations.

31.

Defendants deny the allegations in paragraph 31.

32.

Defendants deny the allegations in paragraph 32.

## COUNT FOUR
## Direct Action Against Defendant Old Republic Insurance

33.

Defendants incorporate by reference their responses to paragraphs 1-32.

34.

Defendants admit the allegations in paragraph 34.

35.

Defendants deny the allegations in paragraph 35.

36.

Defendants deny the allegations in paragraph 36.

## COUNT FIVE
## Punitive Damages

37.

Defendants incorporate by reference their responses to paragraphs 1-36.

38.

Defendants deny the allegations in paragraph 38 and show Plaintiff fails to set forth facts to support these allegations.

## COUNT SIX
## Litigation Expenses and Attorney's Fees

39.

Defendants incorporate by reference their responses to paragraphs 1-38.

40.

Defendants deny the allegations in paragraph 40 and show Plaintiff fails to set forth facts to support these allegations.

## Plaintiff's Damages

41.

Defendants admit Plaintiff alleges entitlement to monetary damages but deny any such damages are owed and any remaining allegations in paragraph 41.

42.

Defendants deny any allegations against these Defendants in paragraph 42.

43.

Defendants deny all allegations in paragraphs 1 to 42 not specifically admit above.

WHEREFORE, having fully answered, Defendants respectfully request all relief they are entitled to under the law.

-8-

**JURY OF 12 DEMANDED.**

                          DENNIS, CORRY, SMITH & DIXON, LLP

                          /s/ *John D. Dixon*
                          JOHN D. DIXON
                          Georgia bar number 223376

                          /s/ *William B. Pate*
                          WILLIAM B. PATE
                          Georgia bar number 793099
                          For the Firm
                          Attorneys for Schneider National Carriers, Inc. and
                          Old Republic Insurance Company

900 Circle 75 Parkway, Suite 1400
Atlanta, Georgia 30339
(404) 926-3657
(404) 926-3671
Jdixon@dcplaw.com
Wpate@dcplaw.com

**CERTIFICATE OF SERVICE**

I electronically filed **DEFENDANTS SCHNEIDER NATIONAL CARRIERS, INC.'S AND OLD REPUBLIC INSURANCE CO.'S ANSWER TO COMPLAINT FOR DAMAGES** with the Clerk of Court using the Odyssey eFileGA system which will send notification of such filing to the following:

R. Sean McEvoy, Esq.
Trevor E. Brice, Esq.
Witherite Law Group, LLC
Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA  30308

I served the document by United States mail in a properly-addressed envelope with adequate postage thereon, to the following non-Odyssey eFileGA participants:  None.

This 25th day of April, 2023.

/s/ *William B. Pate*
WILLIAM B. PATE
For the Firm

612-14388(JDD)

# Exhibit A

### FORM G
### UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE BOND
(Executed in Triplicate)

KNOW ALL BY THESE PRESENTS, That we <u>Schneider National Carriers, Inc.</u> of <u>3101 South Packerland Drive, Green Bay, WI 54306</u>, as Principal (hereinafter called Principal), and <u>General Insurance Company of America</u>, a corporation created and existing under the laws of the State of Washington, with principal office at Seattle, Washington, as Surety (hereinafter called Surety), are held and firmly bound unto the <u>State of Georgia</u> in the sum or sums hereinafter provided for which payment, well and truly to be made, the Principal and Surety hereby bind themselves, their successors and assigns, firmly by these presents.

THE CONDITION OF THE OBLIGATION IS SUCH THAT:

WHEREAS, the Principal is or intends to become a motor carrier subject to the laws of such State and the rules and regulations of <u>Georgia Public Service Commission</u> (hereinafter called Commission), relating to insurance of other security for the protection of the public, and has elected to file with the Commission a surety bond conditioned as hereinafter set forth; and

WHEREAS, this bond is written to assure compliance by the Principal as a motor carrier of passengers or property with the laws of such State and the rules and regulations of the Commission relating to insurance or other security for the protection of the public, and shall insure to the benefit of any person or persons who shall recover a final judgement or judgements against the Principal for any of the damages herein described..

Now, therefore, if every final judgement recovered against the Principal for bodily injury to or the death of any person or loss of or damage to the property of others, sustained while this bond is in effect, and resulting from the negligent operation, maintenance or use of motor vehicles in transportation (but excluding injury or death of the Principal's employees while engaged in the course of their employment, and loss of or damage to property of the Principal and property transported by the Principal designated as cargo), shall be paid, then this obligation shall be void, otherwise to remain in full force and effect.

Within the limits hereinafter provided, the liability of the Surety extends to such losses, damages, injuries or deaths regardless of whether such motor vehicles are specifically described herein and whether occurring on the route ~~on the territory~~ authorized to be served by the principal or elsewhere.

This bond is effective from March 1, 1994 (12:01 a.m., standard time, at the address of the Principal as stated herein)