UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROGER SUMMERS,<br><br>     Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>     Defendant. | Case No. _____ |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Liberty Life Assurance Company of Boston n/k/a The Lincoln National Life Insurance Company ("Lincoln") hereby files this Notice of Removal of this case from the Superior Court of Gwinnett County, Georgia (the "State Court"), captioned as *Roger Summers v. Liberty Life Assurance Company of Boston*, Civil Action No. 23-A-02240-4, where it is currently pending, to the United States District Court for the Northern District of Georgia, Atlanta Division.  This case is removable pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims, in whole or in part, arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, thus supplying federal question jurisdiction.

Lincoln respectfully shows the Court:

1

1. On or about March 17, 2023, Plaintiff Roger Summers ("Plaintiff") commenced an action against Lincoln by filing a Complaint in the State Court.

2. On March 27, 2023, the Gwinnett County Sheriff's Office served Lincoln with a copy of the Summons and Complaint at its address in Peachtree Corners, Georgia. True and correct copies of the State Court file for this case are attached collectively as **Exhibit A**.

3. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of March 27, 2023, the date Lincoln received the initial pleadings upon which this action is based.

4. The United States District Court for the Northern District of Georgia, Atlanta Division, is the federal district court within the federal judicial district and division embracing the State Court where this action was originally filed. Venue is therefore proper under 28 U.S.C. §§ 1391 and 1441(a).

**Federal Question Jurisdiction**

5. The Complaint alleges that Plaintiff is the beneficiary of Accidental Death & Dismemberment ("AD&D") benefits under a group life insurance policy ("Group Policy"). *See*, *e.g.*, Compl. at ¶¶ 5-7. Lincoln issued the Group Policy to the employer of the Plaintiff's deceased son, William Mitchell Summer, for the

benefit of Safelite Group, Inc.'s employees. As alleged, the Group Policy is part of: (1) a plan, fund, or program; (2) established or maintained; (3) by an employer; (4) for the purpose of providing benefits in the event of death; (5) to participants or their beneficiaries. See 29 U.S.C. § 1002(3). Accordingly, the Group Policy is part of an employee welfare benefit plan as defined by ERISA and is attached hereto as **Exhibit B**.

6. Plaintiff alleges that he is the named beneficiary under the Group Policy. *See* Compl. at ¶¶ 2, 5, 6. Plaintiff also alleges that Lincoln "is in breach of the terms of the Policy by failing to pay the death benefit under the Policy to Plaintiff." *Id*. at 21. Plaintiff goes on to allege that "[a]s a direct and proximate result of Liberty's breach of the terms of the Policy, Plaintiff has suffered damages and is entitled to recover the death benefit under the Policy in the amount of 5 times Mitchell's Annual Earnings at the time of his death." *Id.* at 22. Plaintiff thus claims entitlement to ERISA-regulated benefits. ERISA preempts the state law claims and remedies alleged in the Complaint and provides exclusive remedies for resolution of claims by employee benefit plan participants and beneficiaries relating to an ERISA plan. *See* 29 U.S.C. § 1132(a)(1)(B); *see also*, *e.g.*, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Any cause of action filed in state court which is preempted by ERISA and comes within the scope of 29 U.S.C. § 1132(a)(1)(b)—such as those

asserted by Plaintiff here—is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law even when the ERISA-related nature of the action does not appear on the face of the Complaint.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).  This is a long-standing exception to the well-pleaded complaint rule.  *See id.*

7. This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiff's claims arise under an ERISA-governed benefit plan and Plaintiff's claims come within the scope of 29 U.S.C. § 1132(a).

8. Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. §§ 1331 and 1441(b), the district courts of the United States have original and exclusive jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties.  Thus, Lincoln may remove this case to this Court.

## Miscellaneous

9. Written notice of the filing of this Notice of Removal will be given to the Plaintiff and, together with a copy of the Notice of Removal and supporting papers, will be filed with the Clerk of the State Court, as provided by 28 U.S.C. § 1446(d).  **Exhibit C**.

10. The allegations of this Notice are true and correct and this cause is removable to the United States District Court for the Northern District of Georgia, Atlanta Division.

11. If any question arises as to the propriety of the removal of this action, Lincoln respectfully requests the opportunity to present a brief and oral arguments in support of the position that this cause is removable.

12. By removing this matter, Lincoln does not waive, or intend to waive, any defense or affirmative defense to the Complaint.

WHEREFORE, Lincoln, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to the Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the State Court, effects the removal of said civil action to this Court.

    Respectfully Submitted,

    LIBERTY LIFE ASSURANCE
    COMPANY OF BOSTON,

    By its Attorneys,

    */s/ Katherine H. Krouse*
    Katherine H. Krouse
    Georgia Bar No. 514298
    OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
    191 Peachtree Street, N.E., Ste. 4800
    Atlanta, Georgia 30303

        Telephone: 404.881.1300
        Facsimile: 404.870.1732
        Email: katie.krouse@ogletree.com

Dated: April 25, 2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROGER SUMMERS,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>    Defendant. | Case No. _____ |

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2023, the foregoing **Notice of Removal** was filed electronically with the Clerk of Court using the CM/ECF system, and I further certify that I served same upon Plaintiff's counsel by U.S. Mail and email, as addressed as follows:

Edward J. Dovin, Esq.
Allison S. H. Ficken, Esq.
DOVIN FICKEN LLC
3414 Peachtree Road NE, Suite 625
Atlanta, GA  30026
(770) 829-3869

　　　　　　　　　　　　　　　*/s/  Katherine H. Krouse*
　　　　　　　　　　　　　　　Katherine H. Krouse
　　　　　　　　　　　　　　　Georgia Bar No. 514298