# EXHIBIT A

Case 1:23-mi-99999-UNA   Document 1355-1   Filed 04/25/23   Page 2 of 13

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-02240-4**
**3/17/2023 1:49 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **ROGER SUMMERS,** ) <br> ) <br> Plaintiff,  ) <br> v. ) <br> ) <br> **LIBERTY LIFE ASSURANCE** ) <br> **COMPANY OF BOSTON,** ) <br> ) <br> Defendant. ) | Civil Action 23-A-02240-4 <br><br> File No. _____ |

# COMPLAINT

COMES NOW Plaintiff Roger Summers ("**Plaintiff**"), through his attorneys of record, and shows the following facts for his Complaint against Liberty Life Assurance Company of Boston ("**Liberty**").

## Parties, Jurisdiction and Venue

1.

Defendant Liberty is a New Hampshire corporation doing business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected by delivery of a copy of the Complaint and summons to its registered agent for service, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

2.

Plaintiff is the named beneficiary under a life insurance policy issued by Defendant Liberty.

3.

Venue is proper in this Court pursuant to O.C.G.A. §14-2-510(b)(1) and (2).

## **Factual Allegations**

4.

Plaintiff is the surviving parent of William Mitchell Summers ("**Mitchell**"), who was killed in a motorcycle accident on October 24, 2017.

5.

At the time of his death, Mitchell was employed by Safelite Auto Glass, which provided group life insurance benefits to its employees pursuant to Liberty Policy No. SA3-850-252588-01 (the "**Policy**").

6.

The Policy included Accidental Death and Dismemberment ("**AD&D**") benefits in the event the insured died "solely as the result of accidental Injury."

7.

When he registered for this coverage at the outset of his employment, Mitchell elected to pay a higher premium for full AD&D "Optional Benefits" of 5 times his Annual Earnings.

8.

Plaintiff is Mitchell's named Beneficiary under the Policy.

9.

On October 24, 2017, Mitchell was killed in a motorcycle collision, and he died at the scene.

10.

The autopsy specifies that Mitchell's Cause of Death was "Blunt force injury to the torso and head" and identifies the Manner of Death as "Accident." Thus, there is no question that Mitchell died "solely as the result of accidental Injury."

2

11.

In accordance with the Policy terms, Plaintiff submitted a proof of loss to Liberty within 30 days of Mitchell's death, on November 15, 2017.

12.

However, Liberty denied the claim on March 20, 2018, without sufficient grounds.

13.

In accordance with the terms of the Policy, Plaintiff filed an internal appeal with Liberty within 60 days of the denial, on May 19, 2018.

14.

Liberty denied the appeal on July 10, 2018, without sufficient grounds.

15.

This action is timely, as the contractual statute of limitations on this claim expires on March 20, 2023.

## COUNT I
## BREACH OF CONTRACT

16.

Plaintiff realleges and incorporates by reference each and every allegation set forth above as if fully set forth herein.

17

The Policy provides AD&D death benefits if the insured should die "solely as the result of accidental Injury" that occurs while the insured is covered.

18.

Mitchell was the insured and was covered under the Policy at the time of his death.

19.

Mitchell died "solely as the result of accidental Injury."

20.

Plaintiff is Mitchell's named beneficiary under the Policy. Accordingly, Plaintiff is entitled to payment of the death benefit due under the Policy.

21.

Liberty is in breach of the terms of the Policy by failing to pay the death benefit under the Policy to Plaintiff.

22.

As a direct and proximate result of Liberty's breach of the terms of the Policy, Plaintiff has suffered damages and is entitled to recover the death benefit under the Policy in the amount of 5 times Mitchell's Annual Earnings at the time of his death.

## COUNT II
## BAD FAITH REFUSAL TO PAY CLAIM

23.

Plaintiff realleges and incorporates by reference each and every allegation set forth above as if fully set forth herein.

24.

O.C.G.A. § 33-4-6(a) provides that:

> (a)  In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

25.

Plaintiff's claim is a covered loss under the Policy, and the Policy was in full force and effect at the time of Mitchell's accidental death. Thus, Liberty acted in bad faith in refusing to pay Plaintiff's claim within 60 days after demand was made.

26.

Accordingly, Plaintiff is entitled to an additional award of 50% of Liberty's liability for the claim, together with his reasonable attorney's fees for the prosecution of this action.

## COUNT III
## ATTORNEYS FEES

27.

Plaintiff realleges and incorporates by reference each and every allegation set forth above as if fully set forth herein.

28.

In the alternative, Plaintiff is entitled to recover all expenses incurred in this litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11, because Liberty has acted in bad faith and has been stubbornly litigious in refusing to pay the death benefit due under the Policy to Plaintiff.

WHEREFORE, Plaintiff seeks the following relief against Liberty:

(a) Payment in full of the death benefit due under the Policy in the amount of $213,000;

(b) payment of an additional 50% of the death benefit due under the Policy as a result of Liberty's bad faith refusal to pay the claim within 60 days after demand therefor, pursuant to O.C.G.A. § 33-4-6(a) in the amount of $106,500;

(c) all costs and expenses of this litigation, including court costs and reasonable attorney's fees, pursuant to O.C.G.A. § 33-4-6(a) and/or O.C.G.A. § 13-6-11; and

(d) such other and further relief as the Court deems just and proper.

This 17th day of March, 2023.

                                      Respectively submitted,

                                      DOVIN | FICKEN LLC

                                      */s/ Edward J. Dovin*  
                                      Edward J. Dovin  
                                      Georgia Bar No. 227645

                                      */s/ Allison S. H. Ficken*  
                                      Allison S. H. Ficken  
                                      Georgia Bar No. 355875

Monarch Plaza  
3414 Peachtree Road NE  
Suite 625  
Atlanta, Georgia 30026  
(770) 829-3869  
(770) 829-3865 (fax)  
ejdovin@dovinficken.com  
ahficken@dovinficken.com

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-02240-4**
**3/17/2023 1:49 PM**
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of __Gwinnett__ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ MM-DD-YYYY | Case Number __23-A-02240-4__ |

**Plaintiff(s)**
Summers, Roger
Last   First   Middle I.   Suffix   Prefix

**Defendant(s)**
Liberty Life Assurance Company of Boston
Last   First   Middle I.   Suffix   Prefix

**Plaintiff's Attorney** __Edward J. Dovin__   **Bar Number** __227645__   Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number                Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____

Version 1.1.18

Case 1:23-mi-99999-UNA   Document 1355-1   Filed 04/25/23   Page 9 of 13

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-02240-4**
**3/17/2023 1:49 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Roger Summers**
_____

_____

_____
PLAINTIFF

CIVIL ACTION NUMBER: 23-A-02240-4

VS.

**Liberty Life Assurance Company of Boston**

_____
DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Edward J. Dovin | Dovin Ficken, LLC**
**3414 Peachtree Road NE, Suite 625 Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

17th day of March, 2023

Tiana P. Garner
Clerk of Superior Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Sheriff Number: 23009875   Court Case Number: 23-A-02240-4
Date Received: 3/23/2023 Time: 12:58 PM
Special Service Inst:

State of Georgia
Gwinnett County

ATTORNEY'S ADDRESS

ROGER SUMMERS
PLAINTIFF
VS.
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
DEFENDANT

NAME AND ADDRESS OF PARTY TO BE SERVED

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
2 SUN COURT
SUITE 400
PEACHTREE CORNERS, GA 30092

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** [ ]   Sex____ Skin Color____ Hair Color____ Age____ Hgt____ Wgt____
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** [ ]
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

SEX     SKIN COLOR     HAIR COLOR     AGE     HGT     WGT

**CORPORATION** [X]
I have this day served the _Liberty Life Assurance Company of Boston_ a corporation by leaving a copy of the within action and summons with _Alisha Smith_ in charge of the office and place of doing business of said Corporation in this County.

**TACK AND MAIL** [ ]
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** [ ]
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

**SPECIAL PROCESS**

**COMMENTS**

Date: 03-27-2023
Time: _____

_Sgt. Collins_ SO 500
Deputy Sheriff

GWINNETT COUNTY GEORGIA

# Gwinnett County Sheriff's Office
## Cover Sheet



**Sheriff #:** 23009875

**Person Served:** LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
2 SUN COURT
SUITE 400
PEACHTREE CORNERS GA 30092
PHONE:

## Process Information:

| | |
|---|---|
| Date Received: | 03/23/2023 |
| Assigned Zone: | 2 Sun Court |
| Expiration Date: | |
| Paper Types: | SUMMONS, COMPLAINT |
| Notes/Alerts: | |

Court Case #: 23-A-02240-4
Hearing Date:

**Notes:**

**E-FILED IN OFFICE - IT**
**CLERK OF SUPERIOR COURT**
**GWINNETT COUNTY, GEORGIA**
**23-A-02240-4**
**4/3/2023 6:18 PM**
**TIANA P. GARNER, CLERK**

Sheriff Number: 23009875   Court Case Number: 23-A-02240-4
Date Received: 3/23/2023 Time: 12:58 PM
Special Service Inst:

State of Georgia
Gwinnett County

ATTORNEY'S ADDRESS

ROGER SUMMERS
PLAINTIFF
VS.
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
DEFENDANT

NAME AND ADDRESS OF PARTY TO BE SERVED

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
2 SUN COURT
SUITE 400
PEACHTREE CORNERS, GA 30092

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** [ ]   Sex___ Skin Color___ Hair Color___ Age___ Hgt___ Wgt___
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** [ ]
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

SEX   SKIN COLOR   HAIR COLOR   AGE   HGT   WGT

**CORPORATION** [X]
I have this day served the Liberty Life Assurance Company of Boston a corporation by leaving a copy of the within action and summons with Alisha Smith in charge of the office and place of doing business of said Corporation in this County.

**TACK AND MAIL** [ ]
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** [ ]
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

**SPECIAL PROCESS**

**COMMENTS**

Date: 03-27-2023
Time: _____
Sgt. Collin, SO 500
Deputy Sheriff

GWINNETT COUNTY GEORGIA