**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PARIS PENCE, as surviving daughter of BONNIE ARLENE WEBB, deceased, and MARY RITCHIE, as the administrator of the estate of BONNIE ARLENE WEBB and as guardian of CHLOE WEBB and BRILEY PENCE, surviving minor daughters of BONNIE ARLENE WEBB, | * * * * * * * * * * * |
| Plaintiffs, | * * |
| vs. | * * |
| LIBERTY MUTUAL INSURANCE COMPANY, MICHAEL D. FITZPATRICK, and DREW FOAM COMPANIES, INC., | * |
| Defendants. | |

CIVIL ACTION FILE NO. _____

**JURY TRIAL DEMANDED**

**COMPLAINT**

COME NOW, the above Plaintiffs and make and file this complaint against the above Defendants as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff Mary Ritchie is a citizen of the State of Georgia and resides in this state, and is subject to the jurisdiction of this court.

2.

Defendant Michael D. Fitzpatrick is a citizen of the State of Georgia and resides in this state, and may be served with a copy of the Summons and Complaint at his home address of at 224 Brady Circle, Starr, SC 29684.

3.

Drew Foam Companies, Inc. is a foreign profit corporation existing under the laws of Tennessee with its principal place of business in Tennessee and may be served through its registered agent C T Corporation System at 289 S Culver Street, Lawrenceville, GA 30046, and is subject to the jurisdiction of this court.

4.

Liberty Mutual Insurance Company is a foreign insurance company existing under the laws of Massachusetts with its principal place of business in Massachusetts and may be served through its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092, and is subject to the jurisdiction of this court.

5.

There exists complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper in this Court.

## BACKGROUND

7.

On or about May 11, 2021, Bonnie Arlene Webb was riding as passenger in a vehicle headed on Interstate 75 North in Cherokee County, Georgia.

8.

Defendant Michael D. Fitzpatrick's was operating a tractor-trailer for Drew Foam Companies, Inc. and this vehicle was parked in the righthand emergency and/or breakdown lane of Interstate 75 North in Cherokee County, Georgia.

9.

At this date and time, defendant Michael D. Fitzpatrick was operating a tractor-trailer on behalf of defendant Drew Foam Companies, Inc.

10.

Michael D. Fitzpatrick illegally parked his tractor-trailer in the right-hand emergency and/or breakdown lane of Interstate 75 North in order to use his cellular phone and call for

directions regarding a delivery. Defendant Fitzpatrick failed to activate visibility measures at the rear of the parked tractor trailer. The driver of the vehicle Mrs. Webb was the passenger in struck the back end of the Defendant Fitzpatrick's semi tractor trailer.

11.

As a result of the collision, Bonnie Arlene Webb suffered severe and permanent injuries and, ultimately, death.

## COUNT 1
## NEGLIGENCE

12.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

13.

Defendant Michael D. Fitzpatrick was operating and/or parking his vehicle in a negligent and/or wanton manner under the known conditions of the roadway and traffic conditions.

14.

Defendant Michael D. Fitzpatrick's negligence and wanton conduct is the sole and proximate cause of Bonnie Arlene Webb's vehicle colliding with Defendant Fitzpatrick's vehicle proximately causing physical injuries to Bonnie Arlene Webb; past and future medical expenses; pain and suffering; lost wages; property damage and mental anguish; and the wrongful death of Bonnie Arlene Webb. the collision, and plaintiff's resulting injuries.

## COUNT 2
## IMPUTED LIABILITY

15.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

At the time of the subject collision, defendant Michael D. Fitzpatrick was under dispatch for defendant Drew Foam Companies, Inc.

17.

At the time of the subject collision, defendant Michael D. Fitzpatrick was operating his vehicle on behalf of defendant Drew Foam Companies, Inc.

18.

Defendant Drew Foam Companies, Inc. is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of defendant Michael D. Fitzpatrick in regard to the collision described in this complaint under the doctrine of lease liability, agency and/or apparent agency.

## COUNT 3
## NEGLIGENT HIRING, TRAINING & SUPERVISION

19.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

Defendant Drew Foam Companies, Inc. was negligent in hiring defendant Michael D. Fitzpatrick and entrusting him to drive a tractor-trailer.

21.

Defendant Drew Foam Companies, Inc. was negligent in failing to properly train defendant Michael D. Fitzpatrick.

22.

Defendant Drew Foam Companies, Inc. was negligent in failing to properly supervise defendant Michael D. Fitzpatrick.

23.

Defendant Drew Foam Companies, Inc.'s negligence in hiring defendant Michael D. Fitzpatrick and entrusting him with driving a commercial vehicle and failing to train and supervise him/her properly was the sole and proximate cause of the collision, and plaintiff's resulting injuries and death.

## COUNT 4
## DIRECT ACTION

24.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.

Defendant Liberty Mutual Insurance Company is subject to a direct action as the insurer for defendant Drew Foam Companies, Inc. pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

26.

Defendant Liberty Mutual Insurance Company was the insurer of defendant Drew Foam Companies, Inc. at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

27.

Defendant Liberty Mutual Insurance Company and defendant Drew Foam Companies, Inc. are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

28.

Defendant Liberty Mutual Insurance Company is responsible for any judgment rendered against defendant Drew Foam Companies, Inc. and defendant Michael D. Fitzpatrick up to its policy limits of coverage.

## COUNT 5
## DAMAGES

29.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

Mary Ritchie is the administrator of the Estate of Bonnie Arlene Webb, deceased, and is the proper party to bring the claims for Bonnie Arlene Webb's pre-death pain and suffering, her funeral expenses and her medical expenses.

31.

Defendants are liable to Plaintiffs for the pre-death pain and suffering of Bonnie Arlene Webb, her funeral expenses and her medical expenses.

32.

Paris Pence as the surviving daughter of Bonnie Arlene Webb and Mary Ritchie as guardian of Bonnie Arlene Webb's minor surviving daughters Chloe Webb and Briley Pence are the proper parties to bring a claim for the wrongful death of Bonnie Arlene Webb.

33.

Defendants are liable to Plaintiffs for the full value of the life of Bonnie Arlene Webb.

## COUNT 6
## PUNITIVE DAMAGES

34.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

35.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles plaintiff to an award of punitive damages.

WHEREFORE, Plaintiffs pray that they have a trial on all issues and judgment against Defendants as follows:

(a) That Plaintiffs recover the full value of the life of the decedent;

(b) That Plaintiffs recover for the decedent's pre-death mental and physical pain and suffering, funeral expenses and medical expenses;

(c) That Plaintiffs recover such other and further relief as is just and proper;

(d) That all issues be tried before a jury.

This 25th day of April 2023.

**THE STRICKLAND FIRM**

*/s/ Ryan T. Strickland*
RYAN T. STRICKLAND
State Bar No. 687904
*Attorney for Plaintiff*

222 Cherokee Street
Marietta, GA  30060
Phone: (770) 420-9900
Fax: (770) 545-6353
ryan@thestricklandfirm.com