UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IZEHINOMEN MARIA KUYE, | ) |
| | ) |
| OLUWAGBEMIGA OLATUNDE OLAWALE KUYE, | ) |
| | ) |
| OLUWASEUN OMOMEN KUYE, | ) |
| | ) |
| OLUWASUNKANMI OSEMUDIAMEN KUYE | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No.____ |
| | ) |
| ALEJANDRO MAYORKAS, Secretary, | ) |
| U.S. Department of Homeland Security; | ) |
| | ) |
| UR M. JADDOU, Director, | ) |
| U.S. Citizenship and Immigration Services; | ) |
| | ) |
| ALISSA EMMEL, | ) |
| Chief, Immigrant Investor Program Office | ) |
| U.S. Citizenship and Immigration Services | ) |
|     Defendants. | ) |
| | ) |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS**

The Plaintiffs, Izehinomen Maria Kuye, Oluwagbemiga Olatunde Olawale Kuye, Oluwaseun Omomen Kuye, and Oluwasunkanmi Osemudiamen Kuye, through counsel, allege the following:

**INTRODUCTION**

1. This is a civil action for adjudication of Plaintiffs' Form I-829 Petition by Investor to Remove Conditions on Permanent Resident Status.

1

2. Plaintiffs request mandamus and injunctive relief to seek an order from the Court compelling the Defendants, and those acting under them, to perform a duty owed to Plaintiffs, namely, to adjudicate Plaintiffs' said I-829 Removal of Conditions Petition. Plaintiffs request declaratory relief seeking a judicial declaration that Defendants are required under law to complete the adjudication process for Plaintiffs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1346(a)(2), 1361 (to compel an officer or employee of the United States or agency to perform a duty owed to Plaintiffs), and 5 U.S.C. §§ 704 (no other adequate remedy) 706 (to compel agency action unlawfully withheld or unreasonably delayed), and 555(b)(unlawfully withholding or unreasonably delaying action).

4. Under 28 U.S.C. § 1361, "(t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Code of Federal Regulations makes it clear that USCIS has a mandatory and affirmative duty to adjudicate a properly filed

Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status. 8 C.F.R. § 1216.6(d).

5. The APA also requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it"). If the agency fails to render a decision within a reasonable time, the Court has jurisdiction under U.S.C. § 706(1) to compel the agency to do so. 5 U.S.C. §706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed"). As presented below, the delay of more than 3 years in providing a decision on Plaintiffs' petition is unreasonable.

6. Further, this Court has jurisdiction over the present action pursuant to 28 U.S.C. §2201, the Declaratory Judgment Act, to declare Defendants' failure to act on Plaintiff's Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status to be arbitrary and capricious, unconstitutional, and a violation of the INA, the federal regulations, and the APA. *See Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 565 (D.C. Cir. 1970). *See also* 5 U.S.C. §§ 555(b), 706(1), 706(2).

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district in which a plaintiff in the action resides, where a substantial part of the events or omissions giving rise to the claim occurred, and where there is no real property involved in the action.

**PARTIES**

8. Plaintiff, Izehinomen Maria Kuye, is a citizen of Nigeria. She maintains a permanent residence in Mableton, Cobb County, GA. She is a Conditional Legal Permanent Residents (CLPR) of the United States. She filed her I-829 Petition with the United States Citizenship and Immigration Services on November 27, 2019 and she is the Main Beneficiary of said I-829 Petition.

9. Plaintiff, Oluwagbemiga Olatunde Olawale Kuye, is a citizen of Nigeria. He is married to Izehinomen M. Kuye. He maintains a permanent residence in Mableton, Cobb County, GA. He is a Conditional Legal Permanent Residents (CLPR) of the United States, and he is the dependent spouse of the I-829 Petition filed by Izehinomen Maria Kuye on November 27, 2019.

10. Plaintiff, Oluwaseun Omomen Kuye, is a citizen of Nigeria. She is the biological child of Izehinomen M. Kuye. She is a

Conditional Legal Permanent Residents (CLPR) of the United States, and she is the dependent child of the I-829 Petition filed by Izehinomen Maria Kuye on November 27, 2019.

11. Plaintiff, Oluwasunkanmi Osemudiamen Kuye, is a citizen of Nigeria. He is the biological child of Izehinomen M. Kuye. He is a Conditional Legal Permanent Residents (CLPR) of the United States, and he is the dependent child of the I-829 Petition filed by Izehinomen Maria Kuye on November 27, 2019.

12. Defendant, Alejandro Mayorkas, is the Secretary of the U.S. Department of Homeland Security and oversees the United States Citizenship and Immigration Services.

13. Defendant, Ur M. Jaddou, is the Director of the U.S. Citizenship and Immigration Services, the agency that adjudicates I-829 Petitions.

14. Defendant, Alissa Emmel, Chief, Immigrant Investor Program Office for U.S. Citizenship and Immigration Services, the office that is directly responsible for processing applications and petitions under the EB-5 program.

**FACTS AND CAUSE OF ACTION**

15. To qualify for the I-829 Petition by Investor to Remove Conditions on Permanent Resident Status, the Plaintiffs must demonstrate that (1) Plaintiffs sustained investment throughout the period of the Plaintiffs' conditional permanent

residence in the United States, and (2) the new commercial enterprise created, within a reasonable time, at least 10 full-time positions for qualifying employees.

16. Plaintiffs are eligible for removal of conditions on permanent resident status pursuant to 8 U.S.C. § 1216.6.

17. Plaintiffs became Conditional Lawful Permanent Residents on January 9, 2018, following the approval of Plaintiff Izehinomen Maria Kuye's Form I-526, Petition for Alien Investor. **EXHIBIT A, Conditional Permanent Resident Cards.** They have continuously resided in the United States since that time.

18. Plaintiffs timely filed a Form I-829 Petition by Investor to Remove Conditions on Permanent Resident Status with USCIS on or about November 27, 2019. **EXHIBIT B, I-829 Receipt Notices.** USCIS assigned it the following receipt numbers: WAC2090031784, WAC2005250494, WAC2005250493, and WAC2005250492.

19. Plaintiffs invested a total amount of $500,000 with the new commercial enterprise, New York Metropolitan Regional Center, LP I. The Date of the Plaintiffs' initial investment was April 2, 2015. **EXHIBIT C, Confirmation of initial investment.**

20. As a result of the EB-5 Investment, 1,671 Full-Time economically direct, indirect, and induced jobs were created.

**EXHIBIT D, Confirmation that 1,671 Jobs were created through Plaintiffs' investment.**

21. Plaintiffs continuously maintained their capital investment at-risk in New York Metropolitan Regional Center, LP I, over the two years of conditional residence. Plaintiffs received their capital investment back in full on April 6, 2020 as the full loan repayment for the Gulfport Marine Terminal Project, Tranche II was paid in full along with accrued interest. **EXHIBIT E, Confirmation of return of investment to Plaintiffs on or after April 6, 2020.** Per the USCIS Policy Manual, Volume 6, Part G, Chapter 5, "an investor does not need to maintain her investment beyond the sustainment period".

22. Upon information and belief, the Agency has duly collected the biometrics it needs from Plaintiffs to adjudicate their petition.

23. Over 90 days have passed since the filing. USCIS has not provided Plaintiff with notice that it will forgo an interview.

24. Over 90 days have passed since the filing. USCIS has not sought to interview either Plaintiff.

25. Over 90 days have passed since the filing. USCIS has taken no action on Plaintiffs' case.

## STATUTORY AND REGULATORY FRAMEWORK

26. 8 U.S.C. § 1216.6(b) specifically provides for US Citizenship and Immigration Services (USCIS) to either waive the requirement for an interview and adjudicate the petition or arrange for an interview within 90 days of the date on which the I-829 was properly filed.

27. Plaintiffs filed their I-829 Petition on November 27, 2019. To this day, over 3 years after their initial filing, Plaintiffs still await the decision. Certainly, more than 90 days have passed since the filing of this matter, thus venting jurisdiction with this court under 28 U.S.C. §§1331, 1346(a)(2), 1361.

28. Based on the USCIS' Historical National Median Processing Times, I-829 Petitions were being processed in 25.9 months in 2019, 24.8 months in 2020, 34.5 months in 2021, and 45.5 months in 2022. **EXHIBIT F, Printout of Historical Median Processing Times for all USCIS Offices.** Plaintiffs' petition was filed on November 27, 2019; therefore, its processing is significantly overdue. Plaintiffs have been waiting for almost 3.5 years for USCIS to adjudicate their I-829 Petition. This delay is contrary to USCIS' own long-standing policies and procedures to adjudicate cases chronologically on a first-come, first-serve basis.

29. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants

willfully, and unreasonably, have delayed in and refused to adjudicate the petition, thereby depriving Plaintiffs of the right to decision on their status and the peace of mind to which Plaintiffs are entitled. USCIS has no other competing priorities and has adjudicated many other I-829 petitions that were filed after Plaintiffs'.

30. Due to this delay, Plaintiffs are suffering harm. Plaintiffs are deprived of the right to file for U.S. Citizenship, ability to make long-term investments in the U.S., and the peace of mind for their family knowing the family can permanently settle in the United States.

31. Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. §555(b), are unlawfully withholding or unreasonably delaying action on Plaintiff's Application and have failed to carry out the adjudicative functions delegated to them by law with regards to Plaintiff's case.

## CLAIMS FOR RELIEF

### COUNT I – Administrative Procedure Act

1. The Plaintiffs re-allege and incorporate by refence the paragraphs above.

2. Under 5 U.S.C. §706, the Administrative Procedure Act requires the reviewing court to compel agency action unlawfully withheld or unreasonably delayed. The Defendant DHS, through

USCIS, have willfully and unreasonably delayed in, have refused to, and unlawfully withheld action on Plaintiff's I-829 Petition as Plaintiffs have endured a wait of over 90 days since filing. This unlawful withholding has deprived the Plaintiffs of the benefit and privilege of becoming Permanent Residents of the United States, filing of their citizenship applications, and the peace of mind they are entitled to.

3. Under 5 U.S.C. §555 (b), the Administrative Procedure Act requires USCIS to make a decision on Plaintiffs' I-829 Petition "within a reasonable amount of time." USCIS' delay in deciding the subject I-829 Form is unreasonable. Under the APA, USCIS has a mandatory, non-discretionary duty to process and adjudicate Plaintiffs' I-829 Petition, within a reasonable time. *See* 8 U.S.C. §1186(b); 8 C.F.R. §1216.6.

## COUNT II - Mandamus Act

4. Plaintiffs re-allege and incorporate by reference the paragraphs above.

5. Mandamus is proper if: (1) the Plaintiff can show a clear right to the relief sought; (2) the Defendants have a clear, non-discretionary duty to act; and (3) no other remedy is available. *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S. Ct. 2013, 2022 (1984).

6. Defendants owe Plaintiffs the duty to act upon their I-829 Petition and have unreasonably failed to perform that duty. To delay a process that should take up to 90 days to complete for almost three and a half years is completely unreasonable. Defendant DHS owes the Plaintiffs the duty to act upon their petition within 90 days and has unreasonably failed to perform that duty despite having more than three years from the filing to do so.

7. A strong humanitarian factor genuinely exists in this circumstance, as the Plaintiffs have made every effort to timely file and to provide all necessary documentation to the government as required to obtain the requested benefits for their family. The failure of USCIS to adjudicate Plaintiffs' I-829 Petition, in a timely manner, has created and continues to create a major disruption in the life of the Plaintiffs and their family.

8. Plaintiffs have exhausted any administrative remedies that may exist. No other remedy exists for Plaintiffs to resolve Defendants' delay. There is no other way to remedy USCIS' failure to adjudicate the I-829 Petition, other than to move jurisdiction to the District Court. The adjudication of the Plaintiffs' application is a non-discretionary ministerial act that a Federal Court can order be done through a Writ of Mandamus pursuant to 28 U.S.C. § 1361.

## COUNT III - Equal Access to Justice Act

9. Plaintiffs re-allege and incorporate by reference the paragraphs above.

10. Plaintiffs seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

**WHEREFORE, Plaintiff prays that this Court:**

1. Declare all delays described above in the adjudication of the Plaintiffs' I-829 Petition unreasonable; and

2. Compel Defendants and those acting under them to perform their duty to adjudicate the I-829 Petition within 10 days; and if the Agency issues a request for additional evidence, order the Agency to make a final decision thereon within 30 days of its receipt of Plaintiffs' response to the request for evidence; and

3. Enter an order compelling the Agency to print any associated Green Cards within 10 days of Form I-829 approval and deliver same the Plaintiffs' correct address; and

4. Grant such other and further relief as this Court deems proper or equitable under the circumstances; and

5. Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

Respectfully submitted this 26th day of April, 2023.

_____
Jackeline A. Clements
Attorney for Plaintiff
1875 Old Alabama Rd
Suite 720
Roswell, Georgia 30076
678-461-6046
678-461-5556 FAX
jacky@rscimmigration.com
Ga Bar # 155757