**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **C & Y INVESTMENT CORP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **vs.** | ) | |
| | ) | |
| **OHIO SECURITY INSURANCE** | ) | |
| **COMPANY,** | ) | |
| **A foreign corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>OHIO SECURITY INSURANCE COMPANY'S ANSWER
TO PLAINTIFF'S C & Y INVESTMENT CORP.</u>**

COMES NOW Defendant, Ohio Security Insurance Company ("OSIC" or "Defendant"), by and through its undersigned counsel, within the time limits allowed by law, without waiver of any affirmative defenses raised herein, and timely states its Answer to Plaintiff's C&Y Investment Corp. ("Plaintiff") Complaint (the "Complaint").

OSIC responds to the individually numbered paragraphs of the Complaint as follows:

1

## PARTIES

### 1.

OSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and such allegations are deemed denied.

### 2.

In responding to the allegations contained in Paragraph 2 of the Complaint, OSIC admits only that Defendant is a foreign insurance company with its principal place of business in Dover, New Hampshire, and that it is registered to do business in the State of Georgia. OSIC further admits only that it that it may be served with summons and complaint by service on its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, which is located in Gwinnett County. OSIC denies the remaining allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

### 3.

OSIC admits the allegations contained in Paragraph 3 of the Complaint, but states that this matter has properly been removed from the Superior Court of

Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division.

4.

In responding to the allegations contained in Paragraph 4 of the Complaint, OSIC admits only that venue is proper in Gwinnett County, Georgia, but states this case has been properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division. OSIC denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.

OSIC denies the allegations contained in Paragraph 5 of the Complaint.

## **THE POLICY**

6.

OSIC denies the allegations contained in Paragraph 6 of the Complaint.

7.

In responding to the allegations contained in Paragraph 7 of the Complaint, OSIC admits only that a Policy No. BKS 22 58250036 was issued to C & U Investment Corp for the real and personal property at 5643 Bells Ferry Road, Acworth, Georgia, and that speaks for itself. OSIC denies the remaining allegations

contained in Paragraph 7 of the Complaint. OSIC further states that Plaintiff's Exhibit "A" is not the policy at issue in this claim.

8.

OSIC denies the allegations contained in Paragraph 8 of the Complaint as stated. The Policy speaks for itself, and the coverage afforded by the Policy is subject to all terms, conditions, limitations and exclusions contained therein.

9.

OSIC denies the allegations contained in Paragraph 8 of the Complaint as stated. The Policy speaks for itself, and the coverage afforded by the Policy is subject to all terms, conditions, limitations and exclusions contained therein.

## **SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

10.

In responding to the allegations contained in Paragraph 10 of the Complaint, OSIC admits only that Plaintiff had Policy No. BKS 2158250036 in effect on March 25, 2021 subject to the in accord with the terms, conditions, limitations and exclusions contained therein (the "Policy"). OSIC denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.

In responding to the allegations contained in Paragraph 11 of the Complaint, OSIC admits only that Plaintiff notified OSIC of a purported loss on or about December 30, 2021, made a claim pursuant to the Policy ("Plaintiff's claim"), and that an adjuster was assigned to handle the Plaintiff's claim.  OSIC denies the remaining allegations of Paragraph 11 of the Complaint

12.

OSIC denies the allegations contained in Paragraph 12 of the Complaint.

13.

In responding to the allegations contained in Paragraph 13 of the Complaint, OSIC admits only that both an adjuster as well as a professional engineer inspected the Property.  OSIC denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.

In responding to the allegations contained in Paragraph 14 of the Complaint, OSIC admits only that its adjuster acted with diligence in achieving a proper disposition of the Plaintiff's claim. The balance of the allegations contained in Paragraph 14 of the Complaint constitutes impermissible conclusions of law, to

which no response is required. To the extent a response is deemed to be required, such allegations are denied.

## 15.

OSIC denies the allegations contained in Paragraph 15 of the Complaint.

## 16.

OSIC denies the allegations contained in Paragraph 16 of the Complaint.

## 17.

In responding to the allegations contained in Paragraph 17 of the Complaint, OSIC admits only that Plaintiff made a written demand for payment pursuant to O.C.G.A. § 33-4-6 in the amount of $1,428,470.95 and that OSIC received a copy of the letter which is attached to Plaintiff's Complaint as Exhibit "C". OSIC denies the remaining allegations contained in Paragraph 17 of the Complaint.

## 18.

In responding to the allegations contained in Paragraph 18 of the Complaint, OSIC admits only that Plaintiff made a written demand for payment pursuant to O.C.G.A. § 33-4-6 and that OSIC received a copy of the letter which is attached to Plaintiff's Complaint as Exhibit "C". OSIC denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.

OSIC denies the allegations contained in Paragraph 19 of the Complaint.

20.

OSIC denies the allegations contained in Paragraph 20 of the Complaint.

21.

OSIC denies the allegations contained in Paragraph 21 of the Complaint.

22.

OSIC denies the allegations contained in Paragraph 22 of the Complaint.

## COUNT 1: BREACH OF CONTRACT

23.

OSIC incorporates by this reference its responses to the allegations contained in Paragraphs 1 through 22 of the Complaint as if fully stated herein.

24.

OSIC denies the allegations contained in Paragraph 24 of the Complaint.

25.

OSIC denies the allegations contained in Paragraph 25 of the Complaint.

26.

OSIC denies the allegations contained in Paragraph 26 of the Complaint.

27.

OSIC denies the allegations contained in Paragraph 27 of the Complaint.

28.

OSIC denies the allegations contained in Paragraph 28 of the Complaint.

29.

OSIC denies the allegations contained in Paragraph 29 of the Complaint.

30.

In responding to the allegations contained in Paragraph 30 of the Complaint, OSIC states that said paragraph contains no factual allegations, but only prayers for relief.  Consequently, no response to this paragraph is necessary.  To the extent a response may be deemed necessary, OSIC denies any factual allegations purportedly contained in said paragraph, and denies Plaintiff is entitled to any of the relief requested.

## **DEMAND FOR JURY TRIAL**

31.

In responding to the allegations contained in Paragraph 31 of the Complaint, OSIC states that said paragraph contains no factual allegations, but only a legal assertion.  Consequently, no response to this paragraph is necessary.

## **PRAYER FOR RELIEF**

### 32.

In responding to the allegations contained in the final "WHEREFORE" paragraph of Plaintiff's Complaint, OSIC states that said paragraph, including sub-paragraphs a-h, contain no factual allegations, but only prayers for relief. Consequently, no response to this paragraph is necessary. To the extent a response may be deemed necessary, OSIC denies any factual allegations purportedly contained in said paragraph, including sub-paragraphs a-h, and denies that Plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES**

Having fully responded to the Plaintiff's Complaint, and without prejudice to the denials or other averments contained therein, OSIC asserts the following Affirmative Defenses pursuant to the Georgia Civil Practice Act:

## **FIRST DEFENSE**

OSIC denies each and every allegation, statement, matter or thing in the Complaint unless expressly admitted.

## **SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim against OSIC upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim against OSIC for the recovery of attorney's fees or penalties upon which relief can be granted.

## FOURTH DEFENSE

Plaintiff's claims for statutory penalties fails as a matter of law because OSIC's adjustment of the Plaintiff's claim was not frivolous or unfounded, was not willful, not intentional, not unreasonable, not in bad faith, and not stubbornly litigious, and Defendant has not caused Plaintiff unnecessary trouble and expense.

## FIFTH DEFENSE

Plaintiff has not sustained damage of the nature, and to the extent, claimed in the Complaint, and they are precluded from the recovery they seek.

## SIXTH DEFENSE

The relief requested by Plaintiff is barred because no action or omission by OSIC caused the Plaintiff's injury or damage.

## SEVENTH DEFENSE

The limit of insurance provided in the Policy is $5,495,377 subject to a $2,500 deductible.  The Policy issued by Ohio Security Insurance Company, at Form IL-00 17 11 98, page 1, provides, in pertinent part:

### E. PREMIUM :

The first Named Insured shown in the Declarations:
1. Is responsible for the payment of all premiums; and
2. Will be the payee for any return premiums
   we pay.

While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiff sustained damage compensable under the Policy, which is explicitly denied, Plaintiff's claim is limited by these provisions of the Policy.

## EIGTH DEFENSE

The Policy issued by Ohio Security Insurance Company to C & Y investment Corp., at pages 1 of Form CP 00 10 10 12, provides, in pertinent part:

**BUILDING AND PERSONAL
PROPERTY COVERAGE FORM**
\*\*\*

**A. Coverage**
We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
\*\*\*

**2. Property Not Covered:**
Covered Property does not include:
\*\*\*

**k.** Property that is covered under another coverage form of this or any other policy in which it is more specifically described, except for the excess of the amount due (whether you can collect on it or not) from that other insurance;

11

<center>***</center>

**B. Exclusions and Limitations**
>See applicable Causes of Loss form as shown in the Declarations.

The Policy issued by Ohio Security Insurance Company to C & Y investment Corp., at pages 1-3 of Commercial Property Form CP 10 30 10 12, provides, in pertinent part:

<center>

## CAUSES OF LOSS- SPECIAL FORM

</center>

**A. Covered Causes of Loss**
>When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

**B  Exclusions**
>**1.** We will not pay for loss or damage caused directly or indirectly by any of the following.
>>***
>
>**2.** We will not pay for loss or damage caused by or resulting from any of the following:
>>***
>
>>**d.**  **(1)** Wear and tear;
>>  **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
>>  **(3)** smog;
>>  **(4)** Settling, cracking, shrinking or expansion.
>>>***
>
>>**f.** Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

<center>12</center>

Part, if not all, of Plaintiff's claim seeks recovery for purported damage which is excluded from coverage due to wear and tear of the roof; and/or is excluded from coverage as a result of rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself; and/or is excluded from coverage as a result of continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

## NINTH DEFENSE

The Policy issued by Ohio Security Insurance Company to C & Y investment Corp., at page 11 of Form CP 00 10 10 12, page 11, reads in pertinent part:

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:
***

**3. Duties In The Event Of Loss Or Damage**
  **a.** You must see that the following are done in the event of loss or damage to Covered Property:
   **(1)** Notify the police if a law may have been broken.
   **(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

This provision was violated and Plaintiff's Complaint is barred in that, upon information and belief, an insured under the Policy failed to give prompt or accurate notice of the loss, and failed to make reasonable and necessary repairs to the Property. These failures constitute a breach of the applicable contract of insurance, and the Policy provides no coverage for Plaintiff's claimed loss.

## **TENTH DEFENSE**

The Policy issued by Ohio Security Insurance Company to C & Y Investment Corp, at pages 12 of Form CP 00 10 10 12, provides, in pertinent part:

**4. Loss Payment**

**a.** In the event of loss or damage covered by this Coverage Form, at our option, we will either:

**(1)** Pay the value of lost or damaged property;

**(2)** Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

14

**(3)** Take all or any part of the property at an agreed or appraised value; or

**(4)** Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

**b.** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of or compliance with any ordinance or law regulating the construction, use or repair of any property.

**c.** We will give notice of our intentions within 30 days after we receive the sworn proof of loss.

**d.** We will not pay you more than your financial interest in the Covered Property.

**e.** We may adjust losses with the owners of lost or damaged property if other than you. If we pay the owners, such payments will satisfy your claims against us for the owners' property. We will not pay the owners more than their financial interest in the Covered Property.

**f.** We may elect to defend you against suits arising from claims of owners of property. We will do this at our expense.

**g.** We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part, and:

**(1)** We have reached agreement with you on the amount of loss; or

**(2)** An appraisal award has been made.

**h.** A party wall is a wall that separates and is common to adjoining buildings that are owned by

15

different parties. In settling covered losses involving a party wall, we will pay a proportion of the loss to the party wall based on your interest in the wall in proportion to the interest of the owner of the adjoining building. However, if you elect to repair or replace your building and the owner of the adjoining building elects not to repair or replace that building, we will pay you the full value of the loss to the party wall, subject to all applicable policy provisions including Limits of Insurance, the Valuation and Coinsurance Conditions and all other provisions of this Loss Payment Condition. Our payment under the provisions of this paragraph does not alter any right of subrogation we may have against any entity, including the owner or insurer of the adjoining building, and does not alter the terms of the Transfer Of Rights Of Recovery Against Others To Us Condition in this policy.

The Policy issued by Ohio Security Insurance Company to C & Y Investment

Corp, at pages 2 of Form CP 12 18 10 12, provides, in pertinent part:

***

**B.** Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

**C.** The following is added to the **Loss Payment** Loss Condition, as indicated in the Declarations or in the Schedule:
**1. Loss Payable Clause**

16

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**a.**     Adjust losses with you; and

**b.**     Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**2. Lender's Loss Payable Clause**

**a.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgage holder or trustee, whose interest in Covered Property is established by such written instruments as:

(**1**) Warehouse receipts;

(**2**) A contract for deed;

(**3**) Bills of lading;

(**4**) Financing statements; or

(**5**) Mortgages, deeds of trust, or security agreements.

**b.** For Covered Property in which both you and a Loss Payee have an insurable interest:

(**1**) We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

(**2**) The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure or similar action on the Covered Property.

(**3**) If we deny your claim because of your acts or because you have failed to comply with the terms of the Coverage Part, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(**a**) Pays any premium due under this Coverage Part at our request if you have failed to do so;

17

    **(b)**  Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and;

    **(c)**  Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of this Coverage Part will then apply directly to the Loss Payee.

**(4)** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts  or because you have failed to comply with the terms of this Coverage Part:

    **(a)**  The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

    (b)  The Loss Payee's rights to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

To the extent that any portion of Plaintiff's claimed loss exceeds the amounts OSIC has previously paid, and is covered under the Policy, which is specifically denied, any additional payment is to be made in compliance with these provisions of the Policy. In addition, and upon information and belief, Plaintiff has not paid for the replacement of the roof alleged to have been damaged in the loss at issue.  While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiff sustained unreimbursed damage compensable under the policy,

which is denied, the measure of damage is determined by the above quoted provisions of the Policy.

## ELEVENTH DEFENSE

The Policy issued by Ohio Security Insurance Company to C & Y Investment Corp, at pages 1 of Form CP 00 90 07 88, provides, in pertinent part:

> **D. LEGAL ACTION AGAINST US**
> No one may bring a legal action against us under this Coverage Part unless:
> **1.** There has been full compliance with all of the terms of this Coverage Part; and
> **2.** The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

This provision was violated, and Plaintiff's Complaint is barred because an Insured under the Policy failed to fully comply with the policy provisions.

## TWELTH DEFENSE

Plaintiff's Complaint is barred, in whole or in some part, by the Affirmative Defense of Payment.

## THIRTEENTH DEFENSE

OSIC, while denying all liability to Plaintiff, should be permitted a set-off for amounts which it has previously paid to the Insureds.

## FOURTEENTH DEFENSE

Inasmuch as the Complaint does not describe the Plaintiff's underlying claims

or damages with sufficient particularity to enable OSIC to determine all of its legal, contractual and equitable rights, OSIC reserves the right to amend or supplement the averments of this Answer to assert any and all defenses ascertained through further investigation and discovery in this action.

**WHEREFORE**, OSIC respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding it such other and further relief as the Court may deem just and proper, including the fees and costs incurred in defending this action.

This 26th day of April 2023.

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400 (O)
hilary@isenberg-hewitt.com
**Attorney for Defendant**
**Ohio Security Insurance Company**

## <u>LOCAL RULE 7.1 CERTIFICATE</u>

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

<div style="margin-left: 40%;">

<u>/s/ Hilary W. Hunter</u>
Hilary W. Hunter
Georgia Bar No. 742696
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400 - T
**Attorneys for Defendant**

</div>

21

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **C & Y INVESTMENT CORP,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.** |
| **vs.** ) | |
| ) | |
| **OHIO SECURITY INSURANCE** ) | |
| **COMPANY,** ) | |
| **A foreign corporation,** ) | |
| ) | |
| **Defendant.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed Defendant Ohio Security Insurance Company's Answer to Plaintiff C & Y Investment Corp.'s Complaint with the Clerk of Court via Odyssey E-File & Serve, which will send automatic notification of such filing to all parties to this matter as follows:

J. Remington Huggins, Esq.
The Huggins Law Firm, LLC
remington@lawhuggins.com

This 26th day of April 2023.

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696

22

600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400 (O)
hilary@isenberg-hewitt.com
**Attorney for Defendant**
**Ohio Investment Insurance**
**Company**