## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **RAQUEL TOLLIVER** | : | |
| **535 GRAND IVEY PLACE** | : | |
| **DACULA, GEORGIA 30019-3300** | : | **CASE NO.** |
| | : | |
| **PLAINTIFF,** | : | |
| | : | **JUDGE** |
| **VS.** | : | |
| | : | |
| **COUNTRY MUTUAL** | : | **JURY DEMAND** |
| **INSURANCE COMPANY** | : | **ENDORSED HEREON** |
| **1701 N. TOWANDA AVENUE** | : | |
| **BLOOMINGTON, ILLINOIS** | : | |
| **61701** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **C/O CORPORATION SERVICE** | : | |
| **COMPANY** | : | |
| **2 SUN COURT, SUITE 400** | : | |
| **PEACHTREE CORNER,** | : | |
| **GEORGIA 30092** | : | |
| | : | |
| **DEFENDANT.** | : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Raquel Tolliver, hereby sues Defendant, Country Mutual Insurance Company (hereinafter "CMIC") and states:

## NATURE OF ACTION

1.  This Complaint is for breach of contract, breach of the duty of good faith in connection with an automobile insurance policy delivered to Plaintiff by CMIC, and

1

the wrongful denial of coverage for a property loss claim occurring on December 1, 2021 and made under said policy, described further herein.

## THE PARTIES

2.     Plaintiff, insured policyholder, is an individual Georgia citizen, who resides at 535 Grand Ivey Place, Dacula, Georgia 30019-3300.

3.     Upon information and belief, Defendant CMIC, the named insurer on Plaintiff's insurance policy, is a corporation domiciled and organized under the laws of the State of Illinois, with its principal place of business located at 1701 N. Towanda Avenue, Bloomington, Illinois 61701.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) insofar as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) insofar as Defendant is subject to this Honorable Court's personal jurisdiction with respect to this action.

## FACTS COMMON TO ALL COUNTS

6.     On or about June 20, 2019, Plaintiff purchased an automobile insurance policy from CMIC, being Policy No. PO10164552 ("the Policy")  which  incepted

on June 20, 2019, and was in full force and effect on December 1, 2021, the date of loss. *See* Exhibit A for a current copy of the Policy.

7.   The Policy was in full force and effect at all relevant times. Plaintiff's policy premiums had also been timely remitted.

8.   The Policy was delivered to Plaintiff in the State of Georgia.

9.   Pursuant to the Policy, CMIC agreed to pay for direct physical loss of or damage to the Covered Property to which the insurance applied up to the limits provided by the Policy. *See* Exhibit B for a copy of the policy Declarations.  The Policy covered three vehicles. One of the vehicles, a 2019 Mercedes Benz CLS53, VIN# WDD2J6BBXKA028527 (hereinafter "the Vehicle") was stolen on or about December 1, 2021, a point in time following issuance of the Policy and listed in the Policy declarations.

10.   Plaintiff made a timely claim for coverage for the covered loss to Defendant claim number 600-0391764 (hereinafter "the Claim") and otherwise complied with all policy conditions concerning obtaining coverage for the loss.

11.   On September 15, 2022, CMIC wrongly denied Plaintiff's claim, which denial was communicated to Plaintiff by a letter from Denise Zdenahlik stating that coverage was not afforded for the loss. *See* Exhibit  C for claim denial letter.

## COUNT I: BREACH OF CONTRACT

12. Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

13. Defendant CMIC has breached its contractual obligation to Plaintiff by failing to pay Plaintiff's damages sustained as a result of the loss to its Covered Property arising out of the theft occurring on or about December 1, 2021.

14. As a result of CMIC's breach of the Policy, Plaintiff has suffered direct and consequential damages.

15. WHEREFORE, Plaintiff demands judgment against CMIC in an amount in excess of $75,000.00, exclusive of interest and costs, plus attorney's fees, costs and expenses and for such other further relief as this Court finds proper as just.

## COUNT II: FAILURE TO ACT IN GOOD FAITH

17. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

18. Under Georgia law, CMIC owed a duty to Plaintiff to act in good faith with respect to the Claim.

19. CMIC breached the duty owed to the Plaintiff in failing to fulfill the obligations as set out in the Policy.

4

20.  CMIC breached its duty of good faith in evaluating and denying the Claim, by failing to make an informed judgment based on honesty and diligence and instead sought to protect its own interests throughout its investigation of the Claim.

21.  CMIC has failed to act in good faith for many reasons including, but not limited to, failing to adjust the loss in a timely manner, failing to pay for covered loss and damage, wrongfully claiming that certain coverages do not exist, relying on exclusions and/or limitations not applicable, failing to act in good faith to its insured, for failing to keep the insured advised of the status of the claim as required by law and/or regulation, and failure to acknowledge and act as required by the Policy, by delaying the adjustment process, all among other things.

22.  As a result of CMIC's failure to adjust the loss in good faith, Plaintiff has suffered damages including litigation costs and attorney's fees being hereby forced to institute litigation to recover amounts due under the Policy.

23.  WHEREFORE, Plaintiff demands judgment against CMIC for both compensatory and punitive damages in an amount in excess of $75,000.00, exclusive of interest and costs, plus attorney's fees, costs and expenses, as well as interest on all damages incurred by Plaintiff, from the date on which Plaintiff's claim would have paid had CMIC acted in good faith, and for such other further relief as this Court finds proper as just.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Country Mutual Insurance Company in an amount in excess of $75,000.00, exclusive of interest and costs, plus attorney's fees, costs and expenses, as well as interest on all damages incurred by Plaintiff, from the date on which Plaintiff's claim would have paid had CMIC acted in good faith, and for such other further relief as this Court finds proper as just.

*s/Mike Russ, Jr.*
Mike Russ, Jr.
Georgia Bar No.: 603470
The Russ Firm, LLC
101 Marietta Street, Suite 3340
Atlanta, Georgia 30303
470-575-6345 (T)
m.russ@russfirm.com
Attorney for Plaintiff

and

Percy Squire (0022010)
Percy Squire Co., LLC
341 S. Third Street, Suite 10
Columbus, Ohio 43215
(614) 224-6528, Telephone
(614) 224-6529, Facsimile
Psquire@sp-lawfirm.com
Pro Hac Vice Pending

## **JURY DEMAND**

Plaintiff hereby demands that all issues triable as of right to a jury be presented to a jury.

*s/Mike Russ, Jr.*
Mike Russ, Jr.

# Exhibit A



# Auto Insurance Policy

### COUNTRY Mutual Insurance Company®

❖

Thank you for putting your trust in COUNTRY Financial® to protect your vehicle(s). We are proud to serve you whenever you need us with helpful advice and exceptional service.

We've been helping customers like you since 1925 to protect what's most important. We also help turn financial goals into reality by putting together personalized plans to help with retirement, education funding, or whatever your goals may be.

Your financial representative takes pride in explaining your policy coverages so you can be confident your plan meets your unique situation. Please read over this policy carefully, and let your financial representative know if you have any questions.

❖

# WHERE TO LOOK

Be sure **you** check **your** declarations page to see which of the following apply to **you**.

Page

**SECTION 1**

Liability Coverage . . . . . . . . . . . . . . . 2
Exclusions (limitations in coverage) . . 3
Conditions . . . . . . . . . . . . . . . . . . . . . . 4

**SECTION 2**

Uninsured-Underinsured
  Motorists Coverage . . . . . . . . . . . . . 5
Exclusions (limitations in coverage) . . 6
Conditions . . . . . . . . . . . . . . . . . . . . . . 7

**SECTION 3**

Medical Payments Coverage . . . . . . . 8
Death Benefit Coverage . . . . . . . . . . . 8
Exclusions (limitations in coverage) . . 9
Conditions . . . . . . . . . . . . . . . . . . . . . . 10

**SECTION 4, PHYSICAL DAMAGE**

Comprehensive Coverage . . . . . . . . 10
Collision Coverage . . . . . . . . . . . . . . 10
Emergency Road Service Coverage . 11
Vehicle Rental Coverage . . . . . . . . . . 11
Exclusions (limitations in coverage) . 11
Conditions . . . . . . . . . . . . . . . . . . . . . . 12

**GENERAL POLICY CONDITIONS** . . 13

1

## AUTO INSURANCE POLICY

## Definitions

Throughout this policy, words and phrases in bold-face type have the following specific definitions:

* **We, us,** and **our** refer to the company named on the declarations page.

* **You, Your, Yourself** means the person named as Insured on the declarations page of this policy and that person's spouse if a resident of the same household. You, your, yourself also refers to any legal entity named as Insured on the declarations page.

* **Relative(s)** means a person related to **you** by blood, marriage or adoption who is a resident of the same household as **you**, including a ward or foster child.

* **Occupying** means in, upon, getting in, on, out, or off.

* **Nonowned Vehicle** in Sections 1, 2, and 3 refers to a land motor vehicle **you** or **your relatives** do not own and which is not available for regular use by **you** or a **relative**.

   A **nonowned vehicle** in Section 4 refers to a **motor vehicle** not exceeding one ton capacity, operated by **you** or **your relatives**, or in the custody of **you** or **your relatives**, provided the actual use of that **motor vehicle** is with permission of the owner. However, if any of **your motor vehicles** are rated for farm use, the load capacity restriction is 2 1/2 tons. The **nonowned vehicle** must not be owned by **you** or **your relatives**, or available for regular use by **you** or **your relatives.**

* **Motor Vehicle** means a land motor vehicle designed for use principally on public roads. The term motor vehicle does not include a trailer used:
  1. to haul passengers;
  2. for business purposes, other than farming;
  3. as a premises for office, store or display purposes;

  4. as a permanent residence.

## Agreement

**We** will provide the insurance described in this policy through the company named on the declarations page if **you** have paid the premium and have complied with the policy provisions. When **we** refer to the policy, **we** mean **your** policy booklet (titled Auto Insurance Policy), the declarations page, applications for insurance, and any endorsements. The coverages **you** have purchased are stated on the declarations page and are subject to the limits of liability, exclusions, conditions and other terms of this policy.

## SECTION 1 - LIABILITY INSURANCE
## Bodily Injury, Coverage A
## Property Damage, Coverage B

If **you** have paid for coverage under Section 1 (see the declarations page), **we** promise to pay all sums in behalf of an **insured** which the **insured** becomes legally obligated to pay as damages because of:
  1. bodily injury (Coverage A), including death resulting from that bodily injury, sustained by any person;
  2. damage to or destruction of property (Coverage B), including loss of use.

   The bodily injury or property damage must be caused by an accident resulting from the ownership, maintenance or use of an **insured vehicle**, including loading and unloading, or of any **nonowned vehicle**. Under Coverages A and B, damages include required care, loss of services, loss of use, and death.

   **We** will defend any claim or lawsuit alleging bodily injury or property damage covered by this policy even if there are no grounds for a suit. **We** will make any investigation or settle any claim or suit **we** consider appropriate. **Our** duty to settle or defend ends when the limits of liability stated on the declarations page have been exhausted by payment of any judgment or settlement.

2

## Additional Payments

In addition to the limits of liability stated on the declarations page, **we** will pay:

1. all expenses **we** incur and all court costs assessed an **insured** as a result of a lawsuit **we** defend.

   **We** will also pay interest on the full amount of any judgment even if the judgment is higher than **our** limit of liability. **We** will pay this interest from the day the judgment is entered until **we** have paid, offered, or deposited **our** portion of the judgment in court. This payment, offer or deposit will not exceed **our** full limit of liability indicated on the declarations page;

2. up to $250 for the premium of any bail bond required of an **insured** because of an arrest in connection with an accident resulting from the use of an **insured vehicle** or a **non-owned vehicle**. **We** will also pay the premium of appeal bonds and bonds to release attachments in any lawsuit **we** defend. **We** will not apply for or furnish these bonds;

3. an **insured's** expense for first aid to others at the time of an accident if that accident is covered by this insurance;

4. reasonable expenses an **insured** incurs for attending hearings or trials at **our** request. **We** will also pay an **insured** up to $75 per day for actual loss of wages or salary during this attendance.

## Persons Insured, Section 1

Under this Section of the policy, an **insured** is:

1. with respect to an **insured vehicle**:
   a. **you** and any resident of the same household as **you**;
   b. anyone using an **insured vehicle** with **your** permission or the permission of an adult **relative**;
   c. anyone else, but only with respect to liability resulting from acts or omissions of an **insured** as defined in a. or b. above;

2. with respect to use of a **nonowned vehicle**:
   a. **you**, when **you** are using a **nonowned vehicle** or when that vehicle is used by **your** agent (for example, an agent would include someone acting in **your** behalf);
   b. **your relatives**;

3. **you** with respect to the operation and use of a **motor vehicle** owned or driven by **your** agent (for example, an agent would include someone acting in **your** behalf), provided **you** do not own, rent or lease that vehicle;

4. **you** or **your relatives** with respect to the operation, maintenance or control of a trailer.

## Insured Vehicles, Section 1

Under this Section of the policy an **insured vehicle** is:

1. any vehicle described on the declarations page;

2. any land motor vehicle **you** do not own while temporarily used as a substitute for a vehicle described on the declarations page when that vehicle cannot be used because of its breakdown, need of servicing, theft, or destruction;

3. a trailer while used with a vehicle described on the declarations page. Also included is a trailer while being used with a vehicle **you** do not own that is temporarily substituted for a vehicle described on the declarations page which cannot be used because of servicing, repair, theft or destruction;

4. a farm wagon or farm implement while attached to a vehicle described on the declarations page.

## Exclusions, Section 1

**We** do not provide coverage under Section 1 for:

1. any vehicle:
   a. while it is being used to carry persons for a fee.

      This exclusion does not apply to a share-the-expense car pool nor does it apply to an **insured** who is **occupying** but not operating a **nonowned vehicle**;
   b. while preparing for or participating in any prearranged race, competitive speed or pulling activity or to bodily injury or property damage arising from that activity;
   c. described on the declarations page while rented or leased to others;

2. bodily injury or property damage which an insured either intends or expects;

3. bodily injury or property damage when caused by nuclear reaction, radiation, or radioactive contamination;

3

4. bodily injury to anyone eligible to receive benefits which **you** either provide or are required to provide under any workers' compensation, disability benefits, or any similar law;

5. bodily injury sustained by **your** employee in the course of employment for **you**;

6. bodily injury or property damage while someone other than **you** is using an **insured vehicle** in the business of selling, repairing, servicing, storing or parking **motor vehicles**, including road testing and delivery;

7. bodily injury or property damage while a **nonowned vehicle** is used in the business of selling, repairing, servicing, storing or parking **motor vehicles**, including road testing and delivery;

8. damage to property owned or transported by an **insured** other than a **motor vehicle** owned by a **relative**;

9. damage to property rented to, used by, or in the care, custody, or control of an **insured**.
   This exclusion does not apply in the case of damage to a residence or private garage which an **insured** rents or controls, or to a **motor vehicle** rented or controlled by a **relative**;

10. liability resulting from the ownership, maintenance or use of machinery attached to and used in connection with an **insured vehicle**;

11. liability assumed by an **insured** under any contract or agreement;

12. any obligation for which the United States may be held liable under the Federal Tort Claims Act;

13. anyone **occupying** an **insured vehicle** or a **nonowned vehicle** without permission of the owner;

14. punitive or exemplary damages. These include damages which may be imposed to punish a wrongdoer or deter others from similar conduct;

15. bodily injury arising out of the exposure to or transmission of any of the following which are communicable: diseases, bacteria, parasites, viruses, or other organisms. By diseases we mean infectious diseases transmissible from person-to-person by direct or indirect contact with an affected person, that person's discharges or blood.

## Conditions, Section 1

In addition to the following conditions, all General Policy Conditions listed at the back of this policy also apply to Section 1.

1. **Financial Responsibility.** If an **insured** is required to show proof of financial responsibility for the future under any financial responsibility law, **we** may certify this policy as proof. If **we** do so, all the terms and conditions of this insurance will be amended to comply with the provisions of the law to the extent of the coverage required.

2. **Limits of Liability.** The limits of liability shown on the declarations page apply as follows:

   a. The bodily injury liability limit for "each person" is the maximum amount **we** will pay for all damages arising out of bodily injury to any one person in any one accident. That maximum amount includes any claim of other persons for damages arising out of that bodily injury. The figure listed is the most **we** will pay for any person in any one accident regardless of the number of **insureds**, claims made, **insured vehicles** or premiums shown on the declarations page;

   b. Subject to the bodily injury liability limit for "each person," the bodily injury liability limit for "each occurrence" is the maximum amount **we** will pay for bodily injury sustained by two or more persons involved in any one accident. The figure listed is the most **we** will pay for bodily injury sustained by two or more persons in any one accident regardless of the number of **insureds**, claims made, **insured vehicles** or premiums shown on the declarations page;

   c. The property damage liability limit for "each occurrence" is the maximum amount **we** will pay for all damages to all property involved in any one accident, including loss of use. The figure listed is the most **we** will pay for all damages to all property involved in any one accident, including loss of use, regardless of the number of **insureds**, claims made,

4

**insured vehicles** or premiums shown on the declarations page.

The insurance coverage under Section 1 applies separately to each **insured** against whom a claim or lawsuit is filed. However, including more than one **insured** under this coverage will not increase **our** liability limits. Further, any payment to anyone under coverages in Section 1 will reduce any amount that person is entitled to receive under Sections 2 or 3 of this policy.

3. **Other Insurance.** If there is other applicable liability insurance for a loss covered by this policy, **we** will pay only **our** share of the loss. **Our** share is determined by totaling the limits of this insurance and all other collectible insurance and finding the percentage of the total which **our** limits represent. However, any insurance **we** provide with respect to a vehicle **you** do not own will be excess over any other collectible insurance.

4. **Legal Action Against Us.**
   a. No legal action may be brought against **us** until there has been full compliance with all the terms of this policy. In addition, under Liability, Coverages A and B, no legal action may be brought against **us** until:
      (1) **we** agree in writing that the **insured** has an obligation to pay; or
      (2) until the amount of that obligation has been fully determined by judgment after trial;
   b. No person or organization has any right under this policy to name **us** in any action to determine the liability of an **insured**.

5. **Out-of-State Insurance.** If **you** have liability insurance under this policy and if **you** are traveling in a state or province which has a compulsory insurance or similar law affecting nonresidents, **we** will automatically provide the required minimum amounts and types of coverage. However, the required coverage will be excess over any other collectible insurance.

No one will be entitled to duplicate payments for the same elements of loss.

# SECTION 2
# Uninsured-Underinsured Motorists, Coverage U

If **you** have paid for this coverage (see the declarations page), **we** will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured or underinsured motor vehicle** because of bodily injury sustained by an **insured** and caused by an accident. The owner's or operator's liability for these damages must arise from the ownership, maintenance or use of the **uninsured or underinsured motor vehicle**.

If **you** have Underinsured Motorists coverage (see the declarations page), a. and b. apply:
   a. The limits of liability for this coverage will be reduced by the total payments of all bodily injury liability insurance policies applicable to the person or persons legally responsible for such damages.
   b. **We** will pay only after all liability bonds or policies have been exhausted by judgments or payments.

No judgment resulting from a suit brought without **our** written consent is binding on **us**, either in determining liability of the **uninsured or underinsured motorist** or the amount of damages to which the **insured** is entitled.

## Definitions, Section 2

1. **Uninsured motor vehicle** means any type of **motor vehicle** or trailer:
   a. to which a bodily injury liability bond or policy does not apply at the time of the accident;
   b. which is a hit-and-run vehicle. A hit-and-run vehicle is one whose operator or owner cannot be identified and which hits
      (1) **you** or any **relative**,
      (2) a **motor vehicle** which **you** or any **relative** are **occupying**, or
      (3) **your insured vehicle** causing bodily injury to the occupants. The **insured** must notify police within 24 hours of a hit-and-run accident and must submit a statement of the facts to **us** within 30 days;
   c. to which a bodily injury liability bond or policy applies at the time of the accident but the:

5

(1) bonding or insuring company
   (a)  is or becomes insolvent; or
   (b)  denies coverage; or
(2) limits of liability are less than required by the financial responsibility act of the State where **your motor vehicle** is principally garaged.

2.  **Underinsured motor vehicle** means any type of **motor vehicle** or trailer for which the sum of all liability bonds or policies at the time of an accident are less than the limit of this insurance.

3.  **Uninsured or underinsured motor vehicle** does not include any **motor vehicle**:
    a. owned by or furnished or available for the regular use of **you** or any resident of the same household as **you**;
    b. owned or operated by a self-insurer as defined by any applicable motor vehicle law;
    c. owned by any governmental unit or agency;
    d. operated on rails or crawler treads while not on public roads;
    e. which is a farm-type tractor or self-propelled equipment designed principally for use off public roads. This applies only while the tractor or equipment is not on public roads;
    f. while located for use as a residence or premises.

4.  **Persons Insured**, Section 2, means:
    a. **you** or any **relative**;
    b. anyone **occupying** an **insured vehicle**;
    c. anyone **occupying** a **nonowned vehicle** while operated by **you** or any **relative**.

5.  **Insured Vehicles**, Section 2, means:
    a. the vehicle described on the declarations page;
    b. any land motor vehicle or trailer **you** do not own while temporarily used as a substitute for a vehicle described on the declarations page when that vehicle cannot be used because of its breakdown, need of servicing, theft, or destruction;
    c. a trailer while used with a vehicle described on the declarations page.  Also included is a trailer while being used with a vehicle **you** do not own that is temporarily substituted for a vehicle described

on the declarations page which cannot be used because of servicing, repair, theft, or destruction. A trailer will also be an **insured vehicle** when parked or stored;
    d. a farm wagon or farm implement while attached to a vehicle described on the declarations page.

## Exclusions, Section 2

**We** do not provide coverage under Section 2 for bodily injury sustained by anyone:

1.  if, without **our** consent, the bodily injury or death claim is settled or is resolved by a judgment in a court of law;
2.  **occupying** or operating a land motor vehicle without permission of the owner;
3.  **occupying** or operating an **insured vehicle** while it is being used to carry persons for a fee.
    This exclusion does not apply to a share-the-expense car pool;
4.  **occupying** or operating an **insured vehicle** while preparing for or participating in any pre-arranged race or competitive speed or pulling activity;
5.  as a result of the exposure to or transmission of any of the following which are communicable:  diseases, bacteria, parasites, viruses, or other organisms. By diseases we mean infectious diseases transmissible from person-to-person by direct or indirect contact with an affected person, that person's discharges or blood.

Also coverage under Section 2 of this policy will not apply to:

6.  benefit, directly or indirectly, any insurer or self-insurer under any workers' compensation, disability benefits, or any similar law;
7.  punitive or exemplary damages. These include damages which may be imposed to punish a wrongdoer or deter others from similar conduct.

6

## Conditions, Section 2

In addition to the following conditions, all General Policy Conditions listed at the back of this policy also apply to Section 2.

1. **Proof and Payment of Claims.** An **insured** seeking Uninsured - Underinsured Motorists coverage must also:
   a. promptly send **us** copies of the legal papers if a lawsuit is filed;
   b. make any **motor vehicle** available for inspection which the **insured occupied** at the time of a hit-and-run accident. Availability of this **motor vehicle** is to be at **our** request;
   c. submit to physical examinations by physicians **we** select, at **our** expense and as often as **we** reasonably require;
   d. authorize **us** to obtain medical reports and other pertinent records;
   e. submit to examinations under oath by any person **we** name and as often as **we** reasonably require. This also applies to the **insured's** legal representative.
2. **Limits of Liability.** The Uninsured - Underinsured Motorists limits of liability shown on the declarations page apply as follows:
   a. The limit of liability for "each person" is the maximum amount **we** will pay for all damages arising out of bodily injury to any one person in any one accident. That maximum amount includes any claims of other persons for damages arising out of that bodily injury.

      The figure listed is the most **we** will pay for any one person in any one accident regardless of the number of **insureds**, claims made, **insured vehicles**, premiums shown on the declarations page, or **uninsured or underinsured motor vehicles** involved in the accident;
   b. Subject to the limit for "each person," the limit for "each occurrence" is the maximum amount **we** will pay for bodily injury sustained by two or more persons in any one accident.

      The figure listed is the most **we** will pay for bodily injury sustained by two or more persons in any one accident regardless of the number of **insureds**, claims made, **insured vehicles**, premiums shown on the declarations page, or **uninsured or underinsured motor vehicles** involved in the accident.
   c. Amounts payable for damages under Uninsured-Underinsured Motorists, Coverage U, will be reduced by:
      (1) all sums paid by or on behalf of persons or organizations who may be legally responsible for the bodily injury. This includes all amounts paid under the liability coverage of this policy;
      (2) the present value of all amounts paid or payable under any workers' compensation, disability benefits or any similar law.
   d. Amounts payable for damages under Uninsured Motorists coverage will be reduced by all sums paid under Medical Payments, Personal Injury Protection or Underinsured Motorists coverage of any personal vehicle policy issued by **us.** Any payment under coverages in Section 2 of this policy either to or for an **insured** will reduce any amount that person is entitled to receive under Section 1, Liability; Medical Payments; Personal Injury Protection; or Underinsured Motorists coverage of this policy.
   e. Amounts payable for damages under Underinsured Motorists coverage will be reduced by all sums paid under Medical Payments, Personal Injury Protection or Uninsured Motorists coverage of any personal vehicle policy issued by **us**. Any payment under coverages in Section 2 of this policy either to or for an **insured** will reduce any amount that person is entitled to receive under Section 1, Liability; Medical Payments; Personal Injury Protection or Uninsured Motorists coverage of this policy.
3. **Arbitration.** If **we** and an **insured** disagree over whether that **insured** is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle** or if agreement cannot be reached on the amount of

7

damages, either party must make a written demand for arbitration. When this is done, each party will select an arbitrator. The two arbitrators will then select a third. If they cannot agree on a third arbitrator within 45 days, either party may request that arbitration be submitted to the American Arbitration Association.

The arbitrators will then decide the question in dispute with the written decision of any two arbitrators binding on the **insured** and **us**. Unless it is agreed otherwise, the arbitration will be conducted in the **insured's** home county and state and in agreement with rules governing procedures and admission of evidence in courts of law. **Insureds** will pay their chosen arbitrators and **we** will pay **ours**. Expense of the third arbitrator will be shared equally by **insureds** and **us**. All other expenses of the arbitration will be borne by the party incurring those expenses.

4. **Other Insurance.** If there is other applicable uninsured - underinsured motorists insurance that covers a loss, **we** will pay **our** proportionate share of that loss. **Our** share is the proportion **our** limits of liability bear to the total of all applicable limits. However, in the case of **motor vehicles you** do not own, this policy will be excess and will apply only in the amount **our** limit of liability exceeds the sum of the applicable limits of liability of all other applicable insurance. **We** will pay only after all other applicable liability limits have been paid.

5. **Trust Agreement.** If a claim or payment is made under this Section of the policy:

   a. **we** will be entitled to reimbursement of payments **we** have made to an **insured** to be taken from the proceeds of any judgment or settlement;

   b. an **insured** will hold in trust all rights of recovery for **us** against any person or organization. That person will also do whatever is proper to secure those rights and do nothing after the loss to prejudice any rights of recovery; and

   c. if **we** make the request in writing, the **insured** must take any necessary or appropriate action to recover damages from any other person or organization through any representative **we** designate.

Any action may be taken in the **insured's** name and in the event of recovery, **we** will be reimbursed for any expenses, costs, and attorney fees **we** incur;

   d. the **insured** must execute and deliver any document to **us** that may be appropriate for the purpose of securing the rights and obligations for the **insured** and for **us** as established by this provision.

6. **Payment of Loss.** Any amount due under the provisions in this Section of the policy is payable:

   a. to the **insured**; or

   b. if the **insured** is a minor, to the **insured's** parent or guardian; or

   c. if the **insured** is deceased, to the **insured's** surviving spouse; or

   d. to a person authorized by law to receive such payment, or to a person who is legally entitled to recover damages which the payment represents.

   **We** maintain the option to pay any amount due under this section of the policy in accordance with paragraph "d" above.

7. **Legal Action Against Us.** No suit, action or arbitration proceedings for recovery of any claim may be brought against **us** until the **insured** has fully complied with all the terms of this policy. Further, any suit, action or arbitration will be barred unless commenced within two years after the date of the accident. Arbitration proceedings will not commence until **we** receive **your** written demand for arbitration.

# SECTION 3
# Medical Payments, Coverage C

If **you** have paid for this coverage (see the declarations page), **we** will pay for reasonable medical expenses incurred by an **insured** within two years from the date of the accident and as a result of bodily injury caused by the accident. By medical expenses, **we** mean reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, funeral expenses, and prosthetic devices such as artificial substitutes for a limb, eye or tooth.

## Death Benefit, Coverage C-1

If **you** have paid for this coverage (see the declarations page) and **you** die, **we** will pay the death bene-

fit listed on the declarations page. To qualify for this benefit, **your** death must be solely a result of and occur within one year of an injury caused by an accident and sustained by **you**:

1. while **occupying** an **insured vehicle**;
2. while **occupying** a **nonowned vehicle**, but only if **you** have permission of the owner of that **nonowned vehicle**;
3. when struck by a land motor vehicle or trailer. Excluded are land motor vehicles operated on rails, and farm tractors and equipment designed for use principally off public roads when the tractor and equipment are not being operated on public roads.

## Persons Insured, Section 3

The following are **insureds** under Section 3 when they sustain bodily injury caused by an accident resulting from the use of an **insured vehicle** or **nonowned vehicle**:

1. **you** or any person **occupying** an **insured vehicle** with **your** permission or the permission of an adult **relative**;
2. **you** or a **relative** while **occupying** a **nonowned vehicle**, but only if **you** or a **relative** have the permission of the owner of that **nonowned vehicle**;
3. any person while **occupying** a **nonowned vehicle**, if the bodily injury results from
   a. its operation by **you** or on **your** behalf by a private chauffeur or domestic servant, or
   b. its operation by a **relative**;
4. **you** or a **relative** while a pedestrian or bicyclist when struck by a **motor vehicle** or trailer. Excluded are land motor vehicles operated on rails, and farm tractors and equipment designed for use principally off public roads when the tractor and equipment are not being operated on public roads.

## Insured Vehicles, Section 3

Under this Section of the policy an **insured vehicle** is:

1. the vehicle described on the declarations page;
2. any land motor vehicle or trailer **you** do not own while temporarily used as a substitute for a vehicle described on the declarations page when that vehicle cannot be used because of

breakdown, need of servicing, theft, or destruction;
3. a trailer while used with a vehicle described on the declarations page. Also included is a trailer while being used with a vehicle **you** do not own that is temporarily substituted for a vehicle described on the declarations page which cannot be used because of need of servicing, repair, theft, or destruction. A trailer will also be an **insured vehicle** when parked or stored;
4. a farm wagon or farm implement while attached to a vehicle described on the declarations page.

## Exclusions, Section 3

**We** do not provide coverage under Section 3 for bodily injury, including death:

1. sustained while **occupying** an **insured vehicle** when being used to carry persons for a fee.

   This exclusion does not apply to a share-the-expense car pool;
2. caused by any vehicle while preparing for or participating in any prearranged race or competitive speed or pulling activity;
3. caused by any vehicle described on the declarations page while rented or leased to others, unless that use is specifically declared in this policy;
4. for anyone employed in the business of selling, repairing, storing or parking **motor vehicles**, including road testing and delivery, if the accident arises out of the operation of the business;
5. sustained while using an **insured vehicle** as a residence or premises;
6. which occurs during the course of employment if the injured person is eligible to receive benefits under any workers' compensation, disability benefits, or any similar law;
7. which an **insured** either intends or expects;
8. caused by nuclear reaction, radiation, or radioactive contamination;
9. caused by declared or undeclared war, invasion, insurrection, civil war, or other assumption of power;
10. as a result of the exposure to or transmission of any of the following which are communicable: diseases, bacteria, parasites, viruses, or

9

other organisms. By diseases we mean infectious diseases transmissible from person-to-person by direct or indirect contact with an affected person, that person's discharges or blood.

## Conditions, Section 3

In addition to the following conditions, all General Policy Conditions listed at the back of this policy also apply to Section 3.

1. **Limits of Liability.** The limit of liability shown on the declarations page under "Medical Payments, each person," is the maximum amount **we** will pay for each person sustaining bodily injury or death in any one accident. The figure listed is the most **we** will pay for any one person regardless of the number of **insureds**, claims made, **insured vehicles** or premiums shown on the declarations page. If an amount is listed under "each occurrence," this is the maximum **we** will pay regardless of the number of persons sustaining bodily injury in any one accident.  Expenses payable under Medical Payments, Coverage C, will be reduced, or if applicable will reduce, any amounts owed or paid under Bodily Injury or Uninsured - Underinsured Motorists coverages of this policy. No payment will be made under Medical Payments, Coverage C, unless the injured person or that person's legal representative agrees in writing that any payment will be applied in reduction of any amounts payable under Bodily Injury or Uninsured - Underinsured Motorists coverages of this policy. Payment of the death benefit under Coverage C-1 will not reduce **our** limit of liability under Medical Payments, Coverage C.

2. **Other Insurance**. If there is any other personal vehicle medical payments insurance that covers a loss under this Section, **we** will pay **our** proportionate share of the medical expenses resulting from an **insured's** bodily injury caused by an accident and arising from the use of a vehicle. **Our** share is the proportion **our** limit of liability bears to the total of all applicable limits.   However, in the case of land motor vehicles **you** do not own, **we** will pay only for excess medical expenses over any other collectible vehicle medical payments insurance that covers the accident.

3. **Proof and Payment of Claims**. Any person claiming benefits under this Section of the policy must cooperate with **us** and at **our** request furnish complete information. This is to include authorization to obtain medical reports and records. Anyone injured and claiming benefits under this Section must submit to medical examinations by examiners of **our** choice.  In the event the injured person dies, **we** will pay the benefits under this Section to the spouse, next of kin, or legal representative. Payments do not represent an admission of **our** liability nor an admission of the **insured's** liability.

4. **Legal Action Against Us.**  No suit or action to collect benefits may be brought against **us** until the **insured** has fully complied with all the terms of this policy. Further, any suit or action under this Section of the policy must be commenced within two years after the date of the accident.

## SECTION 4 -
## PHYSICAL DAMAGE INSURANCE
### Comprehensive, Coverage D

If **you** have paid for this coverage (see the declarations page), **we** will pay for direct and accidental **loss** to **your insured vehicle** or a **nonowned vehicle**, but only to the extent the **loss** in each accident exceeds the deductible stated on the declarations page. This direct and accidental **loss** does not include a **loss** caused by collision. Comprehensive includes breakage of glass, loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, insects, flood, malicious mischief or vandalism, riot or civil commotion, or contact with a bird, or other animal.

  In addition to the Limit of Liability, **we** will pay **you** up to $40 per day to a maximum of $450 for the actual transportation expense incurred beginning 48 hours after the theft of the entire vehicle has been reported to **us** and to a proper law enforcement authority. **We** will stop these payments either when the vehicle has been recovered, or when **we** pay or offer payment for the **loss**.  Recovered means repaired and returned to the insured.

## Collision, Coverage F

If **you** have paid for this coverage (see the declarations page), **we** will pay for collision damage to **your**

10

**insured vehicle** or a **nonowned vehicle**, but only to the extent the **loss** in each accident exceeds the deductible stated on the declarations page. The deductible amount will not apply to **loss** caused by a collision with another **motor vehicle** insured by one of **our** companies. The term collision refers to an **insured vehicle** or **nonowned vehicle** upsetting or colliding with another vehicle or object. If breakage of glass is caused by a collision, **you** may elect to have it considered a loss caused by collision.

## Emergency Road Service, Coverage G

If **you** have paid for this coverage (see the declarations page), **we** will pay reasonable expenses up to $50, unless a different amount is listed on the declarations page, each time **your insured vehicle** or **nonowned vehicle** is disabled requiring:

1. towing;
2. delivery of motor fuel or repair parts;
3. labor at the place of disablement.

## Vehicle Rental, Coverage I

If **you** have paid for this coverage (see the declarations page), **we** will pay **you** for the actual expense incurred, not to exceed $40 per day up to a total of $450. Payment under this coverage must be for rental of a substitute **motor vehicle** or use of a taxi-cab while **your insured vehicle** cannot be operated and is being repaired for damage payable under Comprehensive or Collision coverages. This Vehicle Rental coverage ends when the **insured vehicle** is repaired or replaced, or when **we** pay or offer payment for the **loss**, whichever is first. This coverage, however, does not apply if **your insured vehicle** is stolen and coverage is being provided for that theft under Comprehensive, Coverage D, of this policy.

## Definitions, Section 4

1. **Loss.** In Section 4 only, **loss** means the theft, or direct and accidental damage to an **insured vehicle** or **nonowned vehicle**, including its equipment.  Equipment in Section 4 means apparatus which is usual and incidental to the use and operation of that vehicle. Equipment includes items which are normally available from the original manufacturer of the **insured vehicle**. Such items may or may not be original equipment.
2. **Insured Vehicle, Section 4.** Under this section of the policy, an **insured vehicle**  is:

   a. the vehicle described on the declarations page;

   b. any land motor vehicle or trailer **you** do not own while temporarily used as a substitute for a vehicle described on the declarations page when that vehicle cannot be used because of breakdown, need of servicing, theft, or destruction.
3. **Persons Insured, Section 4.** Under this Section of the policy, an **insured** is:

   a. with respect to an **insured vehicle**:

   (1) **you** and any resident of **your** household;

   (2) anyone using an **insured vehicle** with **your** permission or the permission of an adult **relative**;

   (3) anyone else, but only with respect to liability resulting from acts or omissions of an **insured** as defined in a. or b. above;

   b. with respect to operating a **nonowned vehicle**:

   (1) **you**, when **you** are operating a **nonowned vehicle** or when that vehicle is operated by **your** agent (for example, an agent would include someone acting in **your** behalf);

   (2) **your relatives**;

   c. **you** with respect to the operation and use of a **motor vehicle** owned or driven by **your** agent (for example, an agent would include someone acting in **your** behalf), provided **you** do not own, rent or lease that vehicle;

   d. **you** or **your relatives** with respect to the operation, maintenance or control of a trailer.

## Exclusions, Section 4

**We** will not pay for **loss** or damage:

1. which an **insured** either intends or expects;
2. to an **insured vehicle** while it is being used to carry persons for a fee.  This exclusion does not apply to a share-the-expense car pool;
3. to any vehicle described on the declarations page while rented or leased to others, unless that use is specifically declared in this policy;
4. to any vehicle while preparing for or participating in any prearranged race, competitive speed or pulling activity;

5. to a **nonowned vehicle** while an **insured** is using it in the business of selling, repairing, servicing, storing or parking **motor vehicles**, including road testing and delivery;

6. to radar detectors;

7. to any device or instrument designed for the recording, reproduction, receiving, or transmitting of sound, radio waves, microwaves, or television signals.

   This exclusion does not apply if the described device or instrument is permanently installed in the dash or console opening as specified by the manufacturer of the **motor vehicle**;

8. to tapes, records or other devices for use with equipment designed for the reproduction of sound;

9. to tires, unless stolen or damaged by fire, vandalism or malicious mischief. This exclusion does not apply if the **loss** or damage to the tires results at the same time or from the same cause as another **loss** covered under Section 4;

10. due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure other than burning of wiring.

    This exclusion does not apply if the **loss** or damage results at the same time and from the same cause as another **loss** covered under Section 4;

11. when caused by nuclear reaction, radiation, or radioactive contamination;

12. caused by declared or undeclared war, invasion, insurrection, civil war, or other assumption of power.  Also excluded is any **loss** or damage resulting from confiscation by a duly constituted governmental or civil authority.

## Conditions, Section 4

In addition to the following conditions, all General Policy Conditions listed at the back of this policy also apply to Section 4.

1. **Proof and Payment of Claims.** An **insured** seeking coverage under Section 4 of this policy must also:

   a. take reasonable steps after **loss**, at **our** expense, to protect the **insured vehicle** and its equipment from further **loss**;

   b. promptly notify the police if the **insured vehicle** is stolen;

   c. exhibit the damaged property as often as **we** reasonably require and submit to examination under oath.

2. **Limit of Liability.**

   a. **Our** limit of liability for a **loss** will be the lesser of the following:

      (1) The sum specified on the declarations page;

      (2) $500 for damage to a trailer **you** do not own;

      (3) The actual cash value of the stolen or damaged part or vehicle; or

      (4) The cost to repair or replace stolen or damaged parts with parts of like kind and quality. This includes parts from the vehicle's manufacturer as well as those from other sources including non-original equipment manufacturers.

   b. **We** will not pay that portion of the cost to repair or replace a stolen or damaged part that increases the actual cash value of the part or vehicle.

   c. **We** will not pay for any decrease in the value of the vehicle, however measured, resulting from the **loss**, the repair, or the replacement of parts.

   d. **We** will determine actual cash value by applying a deduction to the replacement cost of the part or vehicle for the following at the time of **loss**:

      (1) The decrease in value of the part due to wear, deterioration, or obsolescence; and

      (2) The decrease in value of the vehicle due to age and physical condition (wear, missing parts, rust, unrepaired damage, etc.).

3. **Other Insurance.** If other insurance also covers the **loss**, **we** will pay only **our** share. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits.  With respect to a temporary substitute vehicle or a **nonowned vehicle**, this insurance will apply only if there is no other valid and collectible insurance.

4. **Appraisal.** If **you** and **we** fail to agree on the amount of **loss**, either one can demand the amount of the **loss** be set by appraisal.  If either makes a written demand for appraisal,

each will select a competent, impartial appraiser. Each party must notify the other of the chosen appraiser's identity within 20 days after the written demand is received. The two appraisers will then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, **you** or **we** may ask a judge of a court of record to select an umpire. The appraisers will then set the amount of the **loss**. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will set the amount of the **loss** and be final. If the appraisers fail to agree within a reasonable time, they will submit their differences to the umpire. Written agreement signed by any two of these three will set the amount of the **loss** and be final. Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire will be paid equally by **you** and **us.**

  **We** do not waive any of **our** rights under this policy by agreeing to an appraisal.

5. **Payment of Loss. We** may, at **our** option, either:

  (1) pay **you** or the owner for the **loss** in money;

  (2) pay for the cost to repair the damaged property; or

  (3) pay for the cost to replace the damaged or stolen property. **We** may, at **our** expense, return any damaged or stolen property to **you**, the owner, or to the address shown on the declarations page with payment for **loss** or damage. **We** may keep all or part of the property at an agreed or appraised value, but abandonment to **us** is not permitted.

6. **Loss Payable Clause**. Any loss under Comprehensive or Collision coverages is payable, as insurable interest may appear, as follows:

  a. the lienholder must notify **us** of any change of ownership or increase of hazard which comes to the knowledge of that lienholder;

  b. **we** will pay **you** and the lienholder named in the policy for **loss** to an insured vehicle;

  c. the interest of the lienholder is covered unless the **loss** results from conversion, embezzlement or other fraudulent acts or omissions on **your** part;

  d. **we** may cancel the policy during the policy period according to its terms. Cancellation ends this agreement as to the lienholder's interest. If **we** cancel the policy, **we** will provide the lienholder with not less than 10 days notice;

  e. if **we** make any payment to the lienholder, **we** are entitled to the lienholder's rights against any other party;

  f. if **you** fail to render proof of **loss** within the time granted in the policy conditions, the lienholder must do so within the following 60 days. That proof of loss must be in the form and manner provided in the policy and will be subject to policy provisions relative to appraisal, time of payment, and bringing suit.

7. **No Benefit to Bailee**. This insurance will neither directly nor indirectly benefit any carrier or other bailee.

8. **Legal Action Against Us.** No suit or action for recovery of any claim may be brought against **us** until the **insured** has fully complied with all the terms of this policy. Further, any suit or action under Section 4 of this policy must be commenced within 12 months after the occurrence of the **loss**. The 12-month period will be extended by the number of days between the date the proof of **loss** is filed and the date the claim is denied in whole or in part.

## General Policy Conditions

1. **No Action Against Related Entities.** Nothing in this policy gives any person, organization, corporation or other entity any rights or causes of action against any parent corporation, affiliate or subsidiary of the company issuing this policy. No rights are created or implied against any parent corporation, affiliate, subsidiary of the company as described in the Declarations.

2. **Waiver or Change of Policy Provisions.** This policy contains all the agreements between **you** and **us**. Its terms may neither be changed nor waived except by an

endorsement issued by **us**. If a change requires a premium adjustment, **we** will adjust the premium as of the effective date of change.

3. **Territory.** The policy territory is the United States of America, its territories or possessions, and Canada. This policy also applies to a loss to, or accident involving, **your insured vehicle** while being transported between these countries, territories, or possessions.

4. **Policy Period.** This policy applies only to a loss which occurs during the policy period. The policy period, unless otherwise designated on the declarations page, is for a term of six months beginning on the time and date stated on the declarations page. This policy will remain in effect for each successive six-months period for which **you** pay the required renewal premium. If **you** fail to pay the renewal premium, the policy will lapse on the renewal date. **We** will not be liable under any of the provisions of the policy for loss, damage or injury occurring between the date the policy lapses and the time **we** receive and accept the renewal premium. **Our** obligation for the payment of an applicable dividend or other credit will not extend or change the policy period.

5. **What To Do In Case of Accident or Loss.** If an **insured** is involved in a vehicle accident or loss covered by this policy, **we** must be notified immediately in writing by the **insured** or someone acting in the **insured's** behalf. That notice should include the names and addresses of any injured persons and any witnesses. A person seeking any coverage must:
   a. cooperate with **us** in the investigation, or settlement or defense of any claim or suit;
   b. promptly send **us** copies of any notices or legal papers received in connection with the accident or loss;
   c. submit a sworn proof of loss when required by **us**;
   d. do whatever else is required in the Section of the policy which provides coverage for the loss, damage or injury.

6. **Newly Acquired Vehicle**. If **you** have disposed of the vehicle described on the declarations page and have acquired another in its

place, this policy transfers to the newly acquired vehicle.

This policy also applies to an additional vehicle **you** have acquired if **we** insure all the **motor vehicles you** own. The following vehicles must be acquired for the same use as the vehicle described on the declarations page to qualify for this condition:
   a. trucks which are used in a business, including pickup trucks, vans, sedan delivery, panel trucks, or semi-trailer trucks;
   b. vehicles designed principally for use off public roads.

**You** must ask **us** to insure the newly or additionally acquired vehicle during the policy period or within 30 days after **you** acquire it, whichever is longer. **You** must also pay any additional premium required.

7. **Two or More Vehicles.** When two or more **insured vehicles** are insured by this policy, the policy terms will apply separately to each. However, an **insured vehicle** and an attached trailer will be considered one **insured vehicle** under Liability, Section 1 of this policy and separate **insured vehicles** under Section 4, including any deductibles.

8. **Other Vehicle Insurance with Us.** If this policy and any other vehicle insurance policy issued to **you** or a **relative** by one of **our** companies apply to the same accident, the maximum limit of **our** liability under all the policies will not exceed the highest applicable limit of liability under any one policy.

9. **Our Right To Recover Payment.**
   a. If **we** make a payment under this policy, other than Death Benefit, Coverage C-1, and the person to or for whom payment was made has a right to recover damages, **we** will be subrogated to that right (have that right transferred to **us**). That person must do whatever is necessary to enable **us** to exercise **our** rights and must do nothing after the loss to prejudice **our** rights.
   b. If **we** make a payment under this policy, other than Death Benefit, Coverage C-1, and the person to or for whom payment was made recovers damages from another, that person must hold the pro-

14

ceeds of the recovery in trust for **us** and must reimburse **us** to the extent of **our** payment.

10. **Assignment**. Assignment of this policy will not be valid unless **we** give **our** written consent. If **you** die during the policy period, this policy, unless canceled, covers:

a. **your** legal representative; and

b. any person having proper temporary custody of the **insured vehicle** while the **insured vehicle** is used by that person. The period of time for that use will not exceed the current policy period.

11. **Cancellation**.

a. **You** may cancel the policy at any time by returning it to **us** or by notifying **us** in writing in advance of the date cancellation is to take effect

b. **We** may cancel this policy by notifying **you** in writing of the date cancellation takes effect. This cancellation notice must be mailed to **you** at **your** last mailing address known by **us**. Proof of mailing will be sufficient proof of notice.

(1) When **you** have not paid the premium, **we** may cancel at any time by notifying **you** at least 10 days before the date cancellation takes effect.

(2) When this policy has been in effect for less than 60 days and is not a renewal, **we** may cancel for any reason (other than nonpayment of premium) by notifying **you** at least 30 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more or is a renewal, **we** may cancel only for reasons stated in your State Insurance Code (other than nonpayment of premium) by notifying **you** at least 30 days before the date cancellation takes effect unless **your** state law requires otherwise.

c. When this policy is canceled, the premium will be refunded for the period from the date of cancellation to the expiration date. If the return premium is not refunded with the notice of cancellation or when this policy is returned to **us**, **we** will

refund it within a reasonable time after the date cancellation takes effect.

d. The effective date of cancellation stated in the notice will become the end of the policy period. If **you** secure an insurance policy providing similar coverages prior to the date of cancellation of this policy, this policy terminates when the other policy becomes effective.

12. **Nonrenewal**. If **we** decide not to renew this policy, **we** will mail a written notice to **you** at least 30 days before the expiration date. This notice will be sent to **you** at **your** last mailing address known by **us**. Proof of mailing will be sufficient proof of notice. If **you** fail to pay the renewal premium, the policy will lapse on the expiration date.

13. **Concealment or Fraud.** This policy is void if any **insured** intentionally conceals or misrepresents any material fact or circumstance relating to this insurance.

14. **Bankruptcy.** Bankruptcy or insolvency of an **insured** will not relieve **us** of any of **our** obligations under this policy.

15. **Liberalization Clause.** If **we** revise this policy to provide more coverage without charging additional premium, **your** policy will automatically provide the additional coverage the day the revision is effective in **your** state.

16. **Mutuality of Policy**. By accepting this policy **you** become a member of COUNTRY Mutual Insurance Company with all the rights and privileges of a member. These rights and privileges are as provided in the COUNTRY Mutual By-Laws in force at the time this policy takes effect, or that may become effective during the continuance of this policy. When this policy is either lapsed or terminated, **you** will cease to be a member of COUNTRY Mutual and **your** rights and interests in COUNTRY Mutual will end. All insureds must cooperate with **us** by doing all that is possible to prevent losses. The purpose is to reduce the cost of insurance to the lowest point consistent with solvency and sound insurance protection.

17. **Policy Non-Assessable.** This policy will be without contingent liability and is non-assessable.

15

18. **Participation In Savings and Earnings.** This policy is on the mutual or participating plan. This means that during the continuance of this policy **you** will be entitled to participate in COUNTRY Mutual Insurance Company's savings and earnings as determined by the Board of Directors.

19. **Annual Meeting.** The annual meeting of the members will be held at the principal location of COUNTRY Mutual unless a different place is fixed by the Board of Directors. The annual meeting will be held each year on a day and hour set by the Board of Directors. The notice of any meeting of members will fix the hour, day and place of that meeting.

This policy is signed by the President and Secretary of the company, at Bloomington, Illinois and counter-signed in the Declarations by an authorized representative of the company.

Richard L. Guebert, Jr.
President
COUNTRY Mutual Insurance Company®

Jennifer L. Vance
Secretary
COUNTRY Mutual Insurance Company®
A Mutual Company

Any complaint regarding this policy may be directed to our Company at the address stated on the declarations page.

16

Exhibit B

**COUNTRY Mutual Insurance Company®**
PO Box 2100, Bloomington IL 61702-2100

**T** 1-866-COUNTRY (1-866-268-6879)
www.countryfinancial.com



May 14, 2022

Raquel Tolliver
535 Grand Ivey Pl
Dacula,  GA   30019-3300

RE: COUNTRY Mutual Insurance Company®
Auto Insurance Policy Number: P010164552

Thank you for choosing COUNTRY Financial to insure your vehicles:

- 2021 BMW X6 XDRIVE 40I
- 2019 Toyota COROLLA L/LE/SE/XLE/XSE
- 2019 Mercedes Benz CLS53 AMG 4MATIC HYBRID AWD

Your Auto policy will renew on June 20, 2022. We've enclosed:

- Your declarations page including information about your policy coverages and discounts
- Your insurance cards

**Policy Discounts:**
You're saving $3,769.90 with discounts.

- Multi-Car
- Multi-Policy
- Good Driver
- Anti-theft

We use many factors to determine the cost of your policy. A change may result from factors outside your control, including a rise in the cost of parts for your vehicle, or an upswing where you live in repair and medical expenses to cover claims. Another factor in determining cost is the age of vehicles and drivers on your policy.

**We're here to help**
If you have questions or want to make policy changes, please contact your representative, Ayo Saba, at (770) 510-5085 or call us at 866-COUNTRY (866-268-6879). You can also log in to COUNTRYFinancial.com to see details about your policy or to pay your bill online.

COUNTRY Mutual Insurance Company®
Bloomington, IL.

**11741 (01-12/19)**

Are you saving all you can? Contact your representative to find out.

**Defensive Driver:** Completion of a state-approved defensive driving course

**Good Student:** High school or college students who meet grade requirements or college graduates

**Simply Drive:** Teen drivers who complete the Simply Drive online course

**Legacy:** Drivers previously insured with us who have recently moved out of their parent's or guardian's home

**DriverIQ:**  Available to rated drivers enrolled in our DriverIQ program.

**Driver Training:** Completion of a state-approved drivers education course

**Preferred Payment:** Customers who pay annually or semi-annually

# Auto Declarations

**COUNTRY Mutual Insurance Company®**
PO Box 2100, Bloomington IL 61702-2100

**T** 1-866-COUNTRY (1-866-268-6879)
www.countryfinancial.com



---

**Policy Number:** P010164552
Account Number: 0008880966
Declarations Reason: Renewal
Declarations Effective Date: Jun 20, 2022

Raquel Tolliver
535 Grand Ivey Pl
Dacula,  GA   30019-3300

**Policy State:** Georgia
Policy Term: 6 Months
Payment Plan: Auto Monthly Payment
Policy Effective Date: Jun 20, 2022
Policy Expiration Date: Dec 20, 2022 at 12:01
a.m. standard time at
your address

**Total Premium: $3,439.64**

This is not a bill, do not pay this amount. Any balance will
be included with your next billing notice.

---

| Contact us. We're here to help! | | |
|---|---|---|
| **Your financial representative**<br>Ayo Saba<br>(770) 510-5085<br>ayo.saba@countryfinancial.com<br>http://www.countryfinancial.com/ayo.saba | **Online Customer Support**<br>View your policy, insurance cards, bill payment, claims, chat and more!<br>countryfinancial.com | **Call 1-866-COUNTRY**<br>Call 1-866-268-6879 anytime for claims assistance and customer service. |

## Drivers

| Name | Named Insured | Additional Information |
|---|---|---|
| Raquel Tolliver | Yes | |

## Policy Discounts

Good Driver, Anti-theft, Multi-Car, Multi-Policy

Savings Amount  $3,769.90

## Policy Coverages

**Policy coverages apply to all listed vehicles unless otherwise noted.**

| | Limits | Deductibles | Premium |
|---|---|---|---|
| Bodily Injury Liability | | | |
| Each Person/Each Occurrence | $50,000/$100,000 | | $1,300.07 |
| Property Damage Liability | $100,000 | | Included |
| Uninsured Motorists | | | |
| Bodily Injury - Each Person/Each Occurrence | $50,000/$100,000 | | $312.57 |
| Property Damage | $50,000 | $250 | $19.77 |

## Vehicle Coverages

### 2021 BMW X6 XDRIVE 40I

VIN: 5UXCY6C06M9D75088
Vehicle Type: Car/SUV

Vehicle Use: For Pleasure
Vehicle Ownership: Owned

| | Limits | Deductibles | Premium |
|---|---|---|---|
| Policy Coverages | See Policy Coverages Section | | Included |
| Comprehensive | | $500 | $163.05 |
| Collision | | $1,000 | $485.96 |
| Emergency Road Service | | | $6.17 |
| Vehicle Rental/Trip Interruption | | | $12.22 |

**Vehicle Premium: $1,206.66**

### 2019 Toyota COROLLA L/LE/SE/XLE/XSE

VIN: 2T1BURHE2KC184299
Vehicle Type: Car/SUV

Vehicle Use: For Pleasure
Vehicle Ownership: Owned

| | Limits | Deductibles | Premium |
|---|---|---|---|
| Policy Coverages | See Policy Coverages Section | | Included |
| Comprehensive | | $500 | $83.92 |
| Collision | | $1,000 | $295.86 |
| Emergency Road Service | | | $6.17 |
| Vehicle Rental/Trip Interruption | | | $12.22 |

**Vehicle Premium: $967.15**

### 2019 Mercedes Benz CLS53 AMG 4MATIC HYBRID AWD

VIN: WDD2J6BBXKA028527
Vehicle Type: Car/SUV

Vehicle Use: For Pleasure
Vehicle Ownership: Owned

| | Limits | Deductibles | Premium |
|---|---|---|---|
| Policy Coverages | See Policy Coverages Section | | Included |
| Comprehensive | | $500 | $159.67 |
| Collision | | $1,000 | $563.60 |
| Emergency Road Service | | | $6.17 |
| Vehicle Rental/Trip Interruption | | | $12.22 |

**Vehicle Premium: $1,265.83**

**Total Premium: $3,439.64**

## Additional Interests

2021 BMW X6 XDRIVE 40I: Lienholder, NAVY FEDERAL CREDIT UNION, PO BOX 3000, MERRIFIELD, VA  22119-3000

## Your Policy Documents

**Your policy is available upon request and consists of these declarations pages, policy booklet, application, and any endorsements. Please keep them together. This policy is effective at 12:01 a.m. on the date shown or the time the policy/change was purchased/requested, whichever is later.**

11203a (01-12/12)        Auto Insurance Policy COUNTRY Mutual Insurance Company

**Your Policy Documents** (continued)

10052GA (03-12/12)      Georgia Amendatory Endorsement

The 2023 annual meeting for COUNTRY Mutual Insurance Company is April 19 at 1:00 pm, 1701 Towanda Ave., Bloomington, Illinois.

**Please contact your financial representative if you have any questions or would like further explanation regarding your policy coverages or the premium charged.**



| | |
|---|---|
| _____ | _____ May 14, 2022 _____ |
| Company Representative Name | Date Countersigned |

---

### We're looking out for you!

- **Save more!** Contact your financial representative to review all of our money saving discounts like the Multi Policy Discount.

- **Pay My Bill!** COUNTRY® offers many convenient payment options including online payment. Learn more on countryfinancial.com under "Pay My Bill".

- **Follow us on Facebook and Twitter!** Find out what we're doing in your community, tell us what's on your mind or learn how to be more financially secure.  We're here to talk whenever you need us.

---

COUNTRY Mutual Insurance Company   NAIC 20990
P.O. Box 2100, Bloomington, Illinois 61702-2100

## GEORGIA AUTOMOBILE INSURANCE
## POLICY INFORMATION CARD

**Raquel Tolliver**

| | |
|---|---|
| POLICY NUMBER | **P010164552  2021  BMW  X6 XDRIVE 40I** |
| ORIGINAL ISSUE DATE | **Jun 20, 2019** |
| EXPIRATION DATE | **Dec 20, 2022** |
| VIN | **5uxcy6c06m9d75088** |

**FOR SERVICE CALL YOUR FINANCIAL REPRESENTATIVE
Ayo Saba AT (770)510-5085**

### WHAT TO DO AFTER AN ACCIDENT

**THIS FORM DOES NOT CONSTITUTE ANY PART OF
YOUR INSURANCE POLICY.**
**WHAT TO DO AFTER AN ACCIDENT**

1. The current status of actual motor vehicle liability insurance coverage is maintained by the Georgia Department of Motor Vehicle Safety and is accessible to law enforcement Agencies upon a check of the vehicle registration.

2. Keep this card in your motor vehicle while in operation.

3. If you are involved in an accident report the accident to COUNTRY® at 1-866-COUNTRY (1-866-268-6879) or visit us at our website www.countryfinancial.com.

---

COUNTRY Mutual Insurance Company   NAIC 20990
P.O. Box 2100, Bloomington, Illinois 61702-2100

## GEORGIA AUTOMOBILE INSURANCE
## POLICY INFORMATION CARD

**Raquel Tolliver**

| | |
|---|---|
| POLICY NUMBER | **P010164552  2021  BMW  X6 XDRIVE 40I** |
| ORIGINAL ISSUE DATE | **Jun 20, 2019** |
| EXPIRATION DATE | **Dec 20, 2022** |
| VIN | **5uxcy6c06m9d75088** |

**FOR SERVICE CALL YOUR FINANCIAL REPRESENTATIVE
Ayo Saba AT (770)510-5085**

### WHAT TO DO AFTER AN ACCIDENT

**THIS FORM DOES NOT CONSTITUTE ANY PART OF
YOUR INSURANCE POLICY.**
**WHAT TO DO AFTER AN ACCIDENT**

1. The current status of actual motor vehicle liability insurance coverage is maintained by the Georgia Department of Motor Vehicle Safety and is accessible to law enforcement Agencies upon a check of the vehicle registration.

2. Keep this card in your motor vehicle while in operation.

3. If you are involved in an accident report the accident to COUNTRY® at 1-866-COUNTRY (1-866-268-6879) or visit us at our website www.countryfinancial.com.

## INSTRUCTIONS:

Fold and tear at the perforation; then **place your insurance card in the appropriate vehicle.**
Please **retain your current insurance card** until its expiration date.

**ACCOUNT NUMBER: 0008880966**

11734GA (00-07/17)

11734GA (00-07/17)

COUNTRY Mutual Insurance Company   NAIC 20990
P.O. Box 2100, Bloomington, Illinois 61702-2100

## GEORGIA AUTOMOBILE INSURANCE POLICY INFORMATION CARD

**Raquel Tolliver**

| | |
|---|---|
| POLICY NUMBER | **P010164552  2019  Toyot  COROLLA L/LE/SE/** |
| ORIGINAL ISSUE DATE | **Jun 20, 2019** |
| EXPIRATION DATE | **Dec 20, 2022** |
| VIN | **2T1BURHE2KC184299** |

**FOR SERVICE CALL YOUR FINANCIAL REPRESENTATIVE
Ayo Saba AT (770)510-5085**

## WHAT TO DO AFTER AN ACCIDENT

**THIS FORM DOES NOT CONSTITUTE ANY PART OF YOUR INSURANCE POLICY.**

**WHAT TO DO AFTER AN ACCIDENT**

1. The current status of actual motor vehicle liability insurance coverage is maintained by the Georgia Department of Motor Vehicle Safety and is accessible to law enforcement Agencies upon a check of the vehicle registration.

2. Keep this card in your motor vehicle while in operation.

3. If you are involved in an accident report the accident to COUNTRY® at 1-866-COUNTRY (1-866-268-6879) or visit us at our website www.countryfinancial.com.

---

COUNTRY Mutual Insurance Company   NAIC 20990
P.O. Box 2100, Bloomington, Illinois 61702-2100

## GEORGIA AUTOMOBILE INSURANCE POLICY INFORMATION CARD

**Raquel Tolliver**

| | |
|---|---|
| POLICY NUMBER | **2019  Toyot  COROLLA L/LE/SE/** |
| ORIGINAL ISSUE DATE | **Jun 20, 2019** |
| EXPIRATION DATE | **Dec 20, 2022** |
| VIN | **2T1BURHE2KC184299** |

**FOR SERVICE CALL YOUR FINANCIAL REPRESENTATIVE
Ayo Saba AT (770)510-5085**

## WHAT TO DO AFTER AN ACCIDENT

**THIS FORM DOES NOT CONSTITUTE ANY PART OF YOUR INSURANCE POLICY.**

**WHAT TO DO AFTER AN ACCIDENT**

1. The current status of actual motor vehicle liability insurance coverage is maintained by the Georgia Department of Motor Vehicle Safety and is accessible to law enforcement Agencies upon a check of the vehicle registration.

2. Keep this card in your motor vehicle while in operation.

3. If you are involved in an accident report the accident to COUNTRY® at 1-866-COUNTRY (1-866-268-6879) or visit us at our website www.countryfinancial.com.

---

**INSTRUCTIONS:**
Fold and tear at the perforation; then **place your insurance card in the appropriate vehicle.**
Please **retain your current insurance card** until its expiration date.

**ACCOUNT NUMBER: 0008880966**

11734GA (00-07/17)

COUNTRY Mutual Insurance Company   NAIC 20990
P.O. Box 2100, Bloomington, Illinois 61702-2100

## GEORGIA AUTOMOBILE INSURANCE POLICY INFORMATION CARD

**Raquel Tolliver**

POLICY NUMBER **P010164552  2019  Merce  CLS53 AMG 4MATIC**
ORIGINAL ISSUE DATE **Jun 20, 2019**
EXPIRATION DATE **Dec 20, 2022**
VIN **WDD2J6BBXKA028527**

**FOR SERVICE CALL YOUR FINANCIAL REPRESENTATIVE**
**Ayo Saba AT (770)510-5085**

### WHAT TO DO AFTER AN ACCIDENT

**THIS FORM DOES NOT CONSTITUTE ANY PART OF YOUR INSURANCE POLICY.**

**WHAT TO DO AFTER AN ACCIDENT**

1. The current status of actual motor vehicle liability insurance coverage is maintained by the Georgia Department of Motor Vehicle Safety and is accessible to law enforcement Agencies upon a check of the vehicle registration.

2. Keep this card in your motor vehicle while in operation.

3. If you are involved in an accident report the accident to COUNTRY® at 1-866-COUNTRY (1-866-268-6879) or visit us at our website www.countryfinancial.com.

COUNTRY Mutual Insurance Company   NAIC 20990
P.O. Box 2100, Bloomington, Illinois 61702-2100

## GEORGIA AUTOMOBILE INSURANCE POLICY INFORMATION CARD

**Raquel Tolliver**

POLICY NUMBER **P010164552  2019  Merce  CLS53 AMG 4MATIC**
ORIGINAL ISSUE DATE **Jun 20, 2019**
EXPIRATION DATE **Dec 20, 2022**
VIN **WDD2J6BBXKA028527**

**FOR SERVICE CALL YOUR FINANCIAL REPRESENTATIVE**
**Ayo Saba AT (770)510-5085**

### WHAT TO DO AFTER AN ACCIDENT

**THIS FORM DOES NOT CONSTITUTE ANY PART OF YOUR INSURANCE POLICY.**

**WHAT TO DO AFTER AN ACCIDENT**

1. The current status of actual motor vehicle liability insurance coverage is maintained by the Georgia Department of Motor Vehicle Safety and is accessible to law enforcement Agencies upon a check of the vehicle registration.

2. Keep this card in your motor vehicle while in operation.

3. If you are involved in an accident report the accident to COUNTRY® at 1-866-COUNTRY (1-866-268-6879) or visit us at our website www.countryfinancial.com.

**INSTRUCTIONS:**
Fold and tear at the perforation; then **place your insurance card in the appropriate vehicle.**
Please **retain your current insurance card** until its expiration date.

**ACCOUNT NUMBER: 0008880966**

11734GA (00-07/17)

11734GA (00-07/17)

**COUNTRY Mutual Insurance Company®**
**COUNTRY Preferred Insurance Company®**
**COUNTRY Casualty Insurance Company®**
PO Box 2100 Bloomington IL 61702-2100

**T**  1-866-COUNTRY (1-866-268-6879)
www.countryfinancial.com



# Notice of Information Practices

## Notice of Use of Credit-Based Insurance Scores

To accurately evaluate your eligibility and determine the correct premium COUNTRY Financial may collect information from you and other sources to learn about such things as your driving, claims and credit history, along with your current and/or previous insurance policy information. Credit-based insurance scoring may be used to determine eligibility or premium. As allowed by law, we may share information in our files with member companies and other third parties to process transactions and service policies.

You may access and correct any personal information we collect. If you are interested in more detail on our information practices, please write us at:

COUNTRY Mutual Insurance Company®
COUNTRY Preferred Insurance Company®
COUNTRY Casualty Insurance Company®
ATTN: Customer Relations Department
P.O. Box 2100
Bloomington, IL 61702

**11712 (01-05/16)**

11712 (01-05/16)

**Customer Privacy Notice**

PO Box 2000
Bloomington, IL 61702-2000



| FACTS | What does COUNTRY Financial® do with your personal information? |
|---|---|
| **Why?** | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
| **What?** | The types of personal information we collect from you and from outside sources and share depend on the product or service you have with us. This information can include data such as name, address, phone number, driver's license number, Social Security Number, Internet cookies, investment experience, assets and transactions. |
| **How?** | All financial companies need to share customers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customers' personal information; the reasons COUNTRY Financial® chooses to share; and whether you can limit this sharing. |

### Reasons we can share your personal information

| | Can COUNTRY Financial share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes**<br>such as to process your transactions, service your products and services, manage your accounts, or respond to court orders and legal investigations | Yes | No |
| **For our marketing purposes**<br>to offer our products and services to you | Yes | No |
| **For joint marketing with other financial companies** | Yes | No |
| **For our affiliates' everyday business purposes**<br>information about your transactions and experiences | Yes | No |
| **For our affiliates' everyday business purposes**<br>information about your creditworthiness | Yes | Yes |
| **For our family of affiliates to market to you**<br>using certain financial information<br>*(see "Who we are" for affiliate listing)* | Yes | Yes |
| **For non-affiliates to market to you**<br>to offer products that may benefit you or help you manage and protect your financial security (by providing only contact information) | Yes | Yes |

### To limit our sharing

To limit our sharing by opting out, the following apply:
　Do not share information about my creditworthiness with your affiliates for their everyday business purposes.
　Do not allow your affiliates to use certain financial information to market to me.
　Do not share my personal information with non-affiliates to market their products and services to me.

To opt-out, please visit us online: **https://www.countryfinancial.com/PrivacyNoticeOptOut**
**or**
call toll-free at 1-866-COUNTRY (1-866-268-6879)

**If you have previously opted out of data sharing with COUNTRY Financial®, there is no need to submit another request. Your previous opt-out will be honored at a household level.**

*(Continued on Page 2)*

**101071-09-201903**

## To limit our sharing *(Continued from Page 1)*

**Please note:** For circumstances where you can limit our sharing, if you are a new customer we may begin sharing your information 30 days from the date we sent this notice. When you are no longer our customer, we may continue to share your information as described in this notice. However, you can contact us at any time to limit our sharing.

## Who we are

| | |
|---|---|
| *Who is providing this notice?* | This privacy notice is provided by:<br>COUNTRY Mutual Insurance Company®  COUNTRY® Capital Management Company<br>COUNTRY Casualty Insurance Company®  COUNTRY Trust Bank®<br>COUNTRY Preferred Insurance Company®  Cotton States Life Insurance Company℠<br>COUNTRY Life Insurance Company®  CC Services, Inc.<br>COUNTRY Investors Life Assurance Company® |
| *How does COUNTRY Financial protect my personal information?* | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. |
| *How does COUNTRY Financial collect my personal information?* | We collect your COUNTRY Financial® personal information, for example, when you<br>• apply for an insurance policy or open a financial account<br>• pay a bill<br>We also collect your personal information from others, such as credit bureaus, affiliates or other companies. |
| *Why can't I limit all sharing?* | Federal law gives you the right to limit only<br>• sharing for affiliates' everyday business purposes - information about your creditworthiness<br>• affiliates from using certain information, such as credit or financial information, to market to you<br>• sharing for non-affiliates to market to you<br>State laws and individual companies may give you additional rights to limit sharing.<br>See below for more on your rights under state law. |
| *What happens when I limit sharing for an account I hold jointly with someone else?* | Your choices will apply to everyone on your policy or account. |

## Definitions

| | |
|---|---|
| **Affiliates** | Companies related by common ownership or control. They can be financial and non-financial companies.<br>• *COUNTRY Financial's affiliates include those companies that control, are controlled by or under common control with the companies mentioned above.* |
| **Non-affiliates** | Companies not related by common ownership or control. They can be financial and non-financial companies.<br>• *Non-affiliates we share with may include providers of products or services that we believe may be of interest to you, or other insurance or financial services providers.* |
| **Joint marketing** | A formal agreement between non-affiliated financial companies that together market financial products or services to you.<br>• *Our joint marketing partners may include other insurance companies, banks, or financial services providers.* |

| | |
|---|---|
| **Questions?** | Call toll-free at 1-866-COUNTRY (1-866-268-6879) or visit us at www.countryfinancial.com. |

101071-09-201903

## Other important information

<div style="border:1px solid black;">

**Nevada Residents**
Under state law, we are providing this notice to inform you that you have the option to be placed on our internal "do not call" list. To be placed on the list, you may submit a request using one of the following options:
- Submit a written request to: **COUNTRY Financial Do Not Call List**
  Attn:  Agency Promotions & Co-Op
  PO Box 2020
  Bloomington, IL  61702-2020
- Contact your local COUNTRY Financial representative.
- Call 1-866-COUNTRY and speak with a customer service representative.
- Visit www.countryfinancial.com, click on the Contact Us tab, and send us an email.
Please be sure to include your name, address and phone number that you would like to include on our list.

**If you have questions, you may also contact the Nevada Attorney General's office at:**
Office of the Nevada Attorney General
Bureau of Consumer Protection
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101
Phone (702) 486-3132
Email BCPINFO@ag.state.nv.us

*Please note that our internal "do not call" list is limited to telephone solicitation calls. We may still contact you about your COUNTRY products, insurance claims, and other service-related matters.*

**California, Montana and Vermont Residents**
We do not share your personal information with non-affiliated parties for their marketing purposes.

</div>

**SIPC Notice to customers of COUNTRY® Capital Management Company (CCMC)**
You may obtain information about the Security Investor Protection Corporation (SIPC), including the SIPC brochure regarding investor protection, by visiting SIPC's website at www.sipc.org or calling SIPC at (202) 371-8300.

**Notice to 529 College Savings Plan customers of CCMC**
CCMC is registered with the U.S. Securities and Exchange Commission and the Municipal Securities Rulemaking Board (MSRB).  An investor brochure describing protections that may be provided by MSRB rules and how to file a complaint with an appropriate regulatory authority is available at  www.msrb.org

**101071-09-201903**

COUNTRY Mutual Insurance Company®
COUNTRY Preferred Insurance Company®
COUNTRY Casualty Insurance Company®
PO Box 2100, Bloomington IL 61702-2100

**T** 1-866-COUNTRY (1-866-268-6879)
www.countryfinancial.com



## Georgia Uninsured Motorists

### UNINSURED MOTORISTS COVERAGE NOTIFICATION

If you have chosen to accept Uninsured Motorists coverage from your automobile insurance company, and have any questions after reading this statement regarding Uninsured Motorists coverage or the amount of coverage you have selected, your financial representative or company representative will be able to assist you. You should have chosen the amount of Uninsured Motorists coverage you want based on this question: If I get hit by someone with little or no liability insurance, how much protection do I need to cover the cost associated with car repair, medical bills, other expenses, and lost wages? If the person who hits your automobile has no liability coverage or liability coverage equal to or less than the Uninsured Motorists amount you chose, your total automobile insurance recovery (from all companies involved) may not exceed the amount of Uninsured Motorists coverage you chose.

The purpose of this notice is informational. This notice does not change or replace the wording in your policy.

**11617GA (00-04/08)**

# Exhibit C

**COUNTRY**
FINANCIAL

www.countryfinancial.com

September 15, 2022

**CERTIFIED MAIL RRR- 7017 2620 0000 2802 6922 &**
**REGULAR USPS MAIL**

Ms. Raquel Tolliver
535 Grand Ivey Place
Dacula, GA  30019

Re:  Insured:      Raquel Tolliver
     Claim No:     600-0391764
     Policy No:    P010164552
     Date of Loss:  12/1/21

Dear Ms. Tolliver:

        This letter is to confirm, in writing, COUNTRY Mutual Insurance Company's decision with regard to your Claim Number 600-0391764 as a consequence of the alleged incident, which occurred on or about December 1, 2021.

        Your policy provided coverage for perils that you pay for and which are described on your declarations page. Additionally, you must comply with all policy Conditions and other terms of the policy. At this time, the known facts are:

- Your examination under oath was taken on July 11, 2022.  During the examination additional documents were requested from you.  A letter outlining the additional information was sent to you on July 15, 2022.  Another request letter was sent to you on 8/15/22.  You have failed to provide the requested documents to us.

The policy issued to Raquel Tolliver provides as follows:

**2. Your Duties After Loss.** In case of a loss to covered property, you must see that the following are done:

        f. as often as we reasonably require:

        (2) provide us with records and documents we request and permit us to make copies.

Scanned with CamScanner

(3) submit to examinations under oath, while not in the presence of any other insured, and sign same.

The Georgia Courts have interpreted the cooperation clause to require that the insured cooperate with his insurer in the investigation of accidents, the securing of evidence, giving notice of the accident, and making full, fair, complete and truthful disclosures of the facts known to them relative to the claim when called upon to do so. *See* St. Paul Fire & Marine Insurance Company v. Gordon, 116 Ga. App., 658 (1967); H.Y. Akers & Sons, Inc. v. St. Louis Fire & Marine Insurance Company, 120 Ga. App. 800 (1969). A breach of the cooperation provisions by the insured relieves the insurer of its obligation to pay any claim asserted. Hurtson v. Georgia Farm Bureau Mutual Insurance Company, 148 Ga. App. 324 (1978).

The insurer is not required to anticipate or negate all excuses or reasons that might justify a denial. The breach of the cooperation clause, and the requirement of the insured to provide an examination under oath, is *prima facie* evidence when it appears that the insurer made reasonable efforts to obtain the insured's cooperation without success. Wolverine Insurance Company v. Sorrough, 122 Ga. App. 556 (1970); H.Y. Akers & Sons, Inc. v. St. Louis Fire & Marine Insurance Co., 120 Ga. App. 800 (1969).

In this instance, it appears that you have violated the cooperation clause, inasmuch as you have failed to cooperate with your insurer by refusing to provide to COUNTRY Mutual Insurance Company the requested documents requested during your examination under oath. Failing to provide the requested documents to COUNTRY Mutual Insurance Company did not allow us to complete our investigation of this claim. For this reason, the claim is denied.

If you have any additional information or documents you wish for us to consider, please provide it to COUNTRY as soon as possible so that we can review and possibly reconsider our position.

This list of conditions, definitions, and exclusions under the policy is not meant to be, nor should it be construed as, a waiver of any other terms, provisions, conditions, definitions, or exclusions which apply now or in the future to the insurance provided under this policy.

If you have questions, please contact me at the number or email below.

Sincerely,
COUNTRY Mutual Insurance Company, Bloomington, IL

*Denise Zdenahlik*

Denise Zdenahlik, SCLA, CIFI
Claims - Special Investigations Unit
(770) 608-8121
Fax: (866) 255-7961
denise.zdenahlik@countryfinancial.com