# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KEVIN MCINTOSH,

    Plaintiff,

-vs-                                    CASE NO.:

EQUIFAX INFORMATION
SERVICES LLC, and GENESIS
FINANCIAL SOLUTIONS d/b/a
FEB RETAIL

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEVIN MCINTOSH (hereinafter "Plaintiff"), sues Defendant, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), and GENESIS FINANCIAL SOLUTIONS d/b/a FEB RETAIL ("FEB Retail") (hereafter collectively "Defendants") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and

1

under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. The Plaintiff is a natural person and resident of Madison County in the State of Alabama. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Venue is proper in this District as the Defendant, Equifax's principal address is in this District, FEB-Retail transacts business within this District, and violations described in the Complaint occurred in this District.

5. Equifax is a corporation incorporated under the State of Georgia whose principal address is 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

6. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

7. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

8. Genesis Financial Solutions, Inc. is a corporation that headquartered at 14600 Northwest Greenbrier Parkway, Beaverton, Oregon 97006 and transacts business in the State of Georgia. FEB-Retail conducts business through Genesis Financial Solutions, Inc.

9. FEB-Retail is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

10. FEB-Retail furnished Plaintiff's information to Equifax, Experian, and Trans Union, which was inaccurate.

**FACTUAL ALLEGATIONS**

11. Plaintiff has been subjected to identity theft since about March of 2021. After becoming aware of such an issue, Plaintiff began to utilize a credit monitoring app. Shortly thereafter, Plaintiff was altered of accounts being reported on his credit report.

12. On June 1, 2021, in response to the fraudulent activity, Plaintiff communicated with Equifax disputed and added a Consumer Statement within his Equifax credit report:

Consumer Statements are explanations of up to 100 words you can attach to your credit file to provide more information on an item you may disagree with or would like to provide details on. Consumer statements are voluntary and have no impact on your credit score.

| Date | Statement | Removal Date |
|---|---|---|
| Jun 01, 2021 | I AM WORKING WITH AN INVESTIGATOR WITH MY LOCAL POLICE DEPARTMENT IN HUNTSVILLE, AL/ I HAVE NEVER LIVED IN FT/ LAUDERDALE, FL/ SOMEONE HAS STOLEN MY IDENTITY/ THIS IS THE ONLY ACCOUNT HE HAS SUCCESSFULLY OPENED SO FAR/ | Dec 01, 2027 |

13. After providing Equifax with the consumer statement Plaintiff began to communicate and dispute the following fraudulent accounts with the Defendant:

     i. FEB- Retail (Closed) xxxxxxxxxxxx2096
    ii. Procollect Inc xxxxxxxxxxx5789
   iii. Professional Debt Mediation xxxxxxx 0990

14. Upon information and belief, Equifax sent FEB-Retail Plaintiff's detailed dispute letter. FEB-Retail failed to conduct a reasonable investigation and merely compared its erroneous data. FEB-Retail did not attempt to contact Plaintiff during its investigation.

15. Plaintiff felt quite defeated that Equifax continued to report the fraudulent accounts and a new account on his credit file. Equifax failed to conduct an independent investigation and failed to believe Plaintiff. Equifax has published the inaccurate information Bryant Bank, Citi Cards, Verizon, Suntrust and American Express.

16.     On December 12, 2022, Plaintiff obtained a copy of his Equifax credit report. Upon review, the Defendant continued to report the following fraudulent accounts:

    i.    FEB- Retail (Closed) xxxxxxxxxxxx2096
    ii.   Procollect Inc xxxxxxxxxx5789
    iii.  Professional Debt Mediation xxxxxxx 0990
    iv.  Preferred Lease (Closed) xxxxx42

17.     On December 29, 2022, in response to the continued inaccurate reporting by Equifax, Plaintiff mailed a detailed dispute letter. In the dispute letter, Plaintiff explained that he is a victim of identity theft that there were accounts on his Equifax credit report that did not belong to him. To confirm his identity, a copy of his driver's license was included. Also, in this letter Plaintiff provided images of letters he received from FEB-Retail concerning the fraudulent account, theft affidavit, Federal Trade Commission Identity Theft Report, police report and other relevant supportive documentation.

18.     Plaintiff mailed the dispute letter to Equifax via USPS Certified Mail 7022 0410 0000 1721 5729.

19.     Despite USPS delivery confirmation, Plaintiff never received a response concerning his dispute letter. Equifax failed to conduct an independent investigation and continued to report the fraudulent accounts.

20. Upon information and belief, Equifax again sent FEB-Retail Plaintiff's detailed dispute letter. FEB-Retail failed to conduct a reasonable investigation and merely compared its erroneous data. FEB-Retail did not attempt to contact Plaintiff during its investigation.

21. February 28, 2023, Plaintiff mailed another detailed dispute letter to Equifax. In the dispute letter, Plaintiff explained that he is a victim of identity theft that there were accounts on his Equifax credit report that did not belong to him. To confirm his identity, a copy of his driver's license was included. Also, in this letter Plaintiff provided images of letters he received from FEB-Retail concerning the fraudulent account, theft affidavit, Federal Trade Commission Identity Theft Report, police report and other relevant supportive documentation. Additionally, Plaintiff provided images of his Trans Union dispute results illustrating them deleting the disputed accounts.

22. Plaintiff mailed the dispute letter to Equifax via USPS Certified Mail 722 3330 0001 7292 5224.

23. Despite USPS delivery confirmation, Plaintiff never received a response concerning his dispute letter. Equifax failed to conduct an independent investigation and continued to report the fraudulent accounts.

24. Upon information and belief, Equifax again sent FEB-Retail Plaintiff's detailed dispute letter. FEB-Retail failed to conduct a reasonable investigation and merely compared its erroneous data. FEB-Retail did not attempt to contact Plaintiff during its investigation.

25. On March 30, 2023, due to a lack of response from Equifax, Plaintiff obtained a copy of his credit report. To his relief, Equifax was no longer reporting any of the fraudulent accounts.

26. As a result of the actions and/or inactions of the Defendants, Plaintiff has suffered damage to his credit score.

27. Due to the actions and/or inactions of the Defendants, Plaintiff has suffered from unnecessary and unwanted stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation. Plaintiff has been physically affected by the Defendants' conduct.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b)
### As to Equifax

28. Plaintiff re-alleges and incorporates paragraphs 1 through 27 above as if fully set forth herein.

29. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Equifax allowed several Furnishers such as FEB-Retail to report inaccurate information on an account. Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute. Equifax often receives disputes via mail and fails to investigate and to respond to the disputes. On at least two occasions, Plaintiff mailed certified letters to Equifax that were not investigated or responded to.

30. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this Complaint.

31. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

32. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
## Violations of 15 U.S.C. § 1681i
## Act as to Equifax

33. Plaintiff re-alleges and incorporates paragraphs 1 through 27 above as if fully set forth herein.

34. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

35. Plaintiff repeatedly provided Equifax with the information it needed to remove several fraudulent accounts such as a sworn testimony

from the Federal Trade Commission and local law enforcement and relevant supporting documents. Equifax ignored this information and failed to respond to Plaintiff's disputes.

36. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

37. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

38. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## **COUNT III**
## **Violation of 15 U.S.C. § 1681s-2(b)**
## **As to FEB-Retail**

39.  Plaintiff re-alleges and reincorporate paragraphs 1 through 27 above.

40.  FEB-Retail published the inaccurate FEB-Retail account to Experian, Equifax, and Trans Union to all of Plaintiff's potential lenders on multiple occasions.

41.  FEB-Retail violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the FEB-Retail account; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the FEB-Retail representations to the consumer reporting agencies. Plaintiff provided all the information necessary for FEB-Retail to have identified that the account did not belong to Plaintiff.

42.  FEB-Retail violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian and Trans Union. FEB-

Retail has been aware of Plaintiff's disputes for several months but continued to erroneously report.

43. FEB-Retail violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax that FEB-Retail knew was inaccurate.

44. FEB-Retail did not have any reasonable basis to believe that the Plaintiff was responsible for the past due amount on the account as reported to the CRAs. FEB-Retail knowingly chose to follow procedures which did not review, confirm, or verify whether the FEB-Retail Account truly belonged to Plaintiff.

45. As a result of this conduct, action, and inaction, by FEB-Retail, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information and the mental and emotional pain, anguish, humiliation and fear of being denied credit.

46. FEB-Retail's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, FEB-Retail, jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendant; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

Dated this 26th day of April 2023.

Respectfully Submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*