**IT IS ORDERED as set forth below:**



Date: March 30, 2023

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 19-54809 |
| | ) | |
| BARBARA ALBYTINE GIBBS, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |

### ORDER DENYING REQUESTS TO COMPEL DISCOVERY AND REFINANCE AND GRANTING NATIONSTAR'S MOTION FOR PROTECTIVE ORDER

**THIS MATTER** is before the Court on several motions filed by the Debtor and her non-filing spouse, M. Eugene Gibbs ("Mr. Gibbs"), and the responses thereto filed by Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"): the Motion to Shorten Time Alternatively—To Refinance filed by Mr. Gibbs (Doc. No. 118); Debtor's Motion to Shorten Time Alternatively—To Refinance (Doc. No. 119); and Nationstar's Responses thereto (Docs. Nos. 124, 125, & 126); the Emergency Motion to Shorten Time Amended and Supplemented

1

Alternatively—to Refinance filed by Debtor and Mr. Gibbs (Doc. No. 127); the Pre-Hearing Brief filed by Debtor and Mr. Gibbs (Doc. No. 128); Nationstar's Motion for Discovery Protective Order (Doc. No. 129); and the Emergency Motion For Default filed by Debtor and Mr. Gibbs as to Nationstar (Doc. No. 130) (collectively the "Motions"). The Court held a hearing on the Motions on March 29, 2023, at which counsel for Nationstar (Howell Hall) appeared by video; Mr. Gibbs appeared telephonically at the call of the calendar but did not appear before the Court to argue the Motions, and Debtor failed to appear at the hearing. In the Motions, Debtor and Mr. Gibbs seek various forms of relief but primarily seek: 1) an order compelling Nationstar to respond to discovery requests, and 2) permission to refinance their homes. For the reasons stated on the record, which the Court reserves the right to supplement, neither is warranted.

    Debtor and Mr. Gibbs contend that they served interrogatories on Nationstar that Nationstar has failed to address, but discovery is not warranted at this time. The adversary proceeding initiated by Mr. Gibbs, 19-5272, has been completed, all requests for reconsideration have been considered and denied, and the adversary proceeding was closed on May 4, 2022. To the extent that Debtor and Mr. Gibbs seek discovery relating to Nationstar's proof of claim and the Debtor's objection thereto (Doc. No. 25), the Court has previously abstained from deciding the matter pending final resolution of the related state court litigation in South Carolina. As Mr. Hall noted at the March 29 hearing, a petition for certiorari remains pending before the South Carolina Supreme Court. Accordingly, the Court finds that there is no basis for Debtor and Mr. Gibbs to propound discovery requests at this time and denies any requests to compel Nationstar to respond to such requests.

As to the requests to refinance, the Court finds no basis to grant the relief. Debtor and Mr. Gibbs seek permission to refinance their homes. Debtor previously filed an Emergency Motion for Permission to Refinance (Doc. No. 77), which the Court denied (Doc. No. 88). The Court found the Debtor failed to provide any details about the proposed refinancing, failed to provide a valid basis for refinancing, and failed to demonstrate equity in the South Carolina property and Georgia home, to the extent there was any, was not necessary to implement the Debtor's confirmed Chapter 13 plan.

Debtor and Mr. Gibbs now seek to refinance their homes but, as with the prior request to refinance, Debtor and Mr. Gibbs have not disclosed any terms of the proposed refinancing of either their Georgia or South Carolina home, and they failed to appear before the Court to prosecute their request to refinance. Debtor and Mr. Gibbs contend they need to refinance their homes in order to hire legal counsel in litigation in California and/or to move to California but, again, they provide no specifics to assert a valid basis for refinancing. Moreover, they have failed to demonstrate that equity exists in the South Carolina property and that the equity in the Georgia home, to the extent there is any, is not needed to satisfy the Debtor's Chapter 13 plan.

Accordingly,

**IT IS ORDERED** that the Debtor's and Mr. Gibbs's requests to refinance are **DENIED**.

**IT IS FURTHER ORDERED** that Debtor's and Mr. Gibbs's requests to compel Nationstar to respond to interrogatories are **DENIED**.

**IT IS FURTHER ORDERED** that all other requests for relief filed by Debtor and Mr. Gibbs in Docs. Nos. 118, 119, 127, and 128 are **DENIED**.

**IT IS FURTHER ORDERED** Nationstar's request for protective order is **GRANTED**. Nationstar is not obligated to respond to discovery requests submitted by either Debtor or Mr. Gibbs in this bankruptcy case, unless so ordered by the Court.

**IT IS FURTHER ORDERED** that Debtor's and Mr. Gibbs's Emergency Motion for Default (Doc. No. 130) is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Barbara Albytine Gibbs
3108 Hidden Falls Drive
Buford, GA 30519

M. Eugene Gibbs
3108 Hidden Falls Drive
Buford, GA 30519

Ryan Williams
Office of Nancy J. Whaley, Standing Ch. 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303

Allison G. Rhadans
McGuireWoods LLP
1230 Peachtree Street, N.E.
Promenade, Suite 2100
Atlanta, Georgia 30309-3534

Howell A. Hall
LOGS Legal Group LLP
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346