**IT IS ORDERED as set forth below:**



Date: April 13, 2023

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 19-54809 |
| | ) | |
| BARBARA ALBYTINE GIBBS, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |

**ORDER DENYING MOTIONS TO RECONSIDER
REQUESTS TO COMPEL DISCOVERY AND REFINANCE AND GRANTING
NATIONSTAR'S MOTION FOR PROTECTIVE ORDER**

  **THIS MATTER** is before the Court on the Emergency Motion for Reconsideration (Doc. No. 135) and the Emergency Amended Motion for Reconsideration (Doc. No. 136) filed by M. Eugene Gibbs (collectively the "Motions").

  Mr. Gibbs and the Debtor filed several motions including Mr. Gibbs's Motion to Shorten Time Alternatively—To Refinance (Doc. No. 118); Debtor's Motion to Shorten Time Alternatively—To Refinance (Doc. No. 119); Debtor's and Mr. Gibbs's Emergency Motion to

1

Shorten Time Amended and Supplemented Alternatively—to Refinance (Doc. No. 127); Debtor's and Mr. Gibbs's Pre-Hearing Brief (Doc. No. 128); and Debtor's and Mr. Gibbs's Emergency Motion For Default as to Nationstar (Doc. No. 130). Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") filed responses thereto (Docs. Nos. 124, 125, & 126), and a Motion for Discovery Protective Order (Doc. No. 129). The Court held a hearing on the various motions on March 29, 2023, at which counsel for Nationstar (Howell Hall) appeared by video; Mr. Gibbs appeared telephonically at the call of the calendar but did not appear before the Court to argue the Motions, and Debtor failed to appear at the hearing. In the Motions, Debtor and Mr. Gibbs sought various forms of relief including, primarily: 1) an order compelling Nationstar to respond to discovery requests, and 2) permission to refinance their homes. After considering the matters, the Court found neither was warranted and, on March 30, 2023, the Court entered an Order Denying Requests to Compel Discovery and Refinance and Granting Nationstar's Motion for Protective Order (Doc. No. 131) (the "March Order").

    Mr. Gibbs filed the Emergency Motion for Reconsideration on April 5, 2023 seeking reconsideration of the March Order. He continued to complain, as he has throughout the case, that Nationstar does not hold a valid mortgage on the property in South Carolina, despite judgment by the South Carolina courts to the contrary. It is his contention that if Nationstar does not hold a valid mortgage, he is free to refinance the South Carolina home (which is owned wholly by his wife—the Debtor—and not by him). He also argues that the amount due on the Nationstar mortgage is only $290,495, and the property is worth $750,000. Thus, he contends, the property has equity of $460,000. He further argues that the Georgia home, owned jointly with his wife, has equity of $340,000. Mr. Gibbs seeks to use equity in both homes to fund litigation in the Eastern District of New York and the United States Supreme Court and to

2

purchase a home and relocate to California. In his prayer for relief, he also seeks sanctions against Nationstar, for the Court to refer Nationstar to the Department of Justice for prosecution, and reinstatement of the closed adversary proceeding 19-5272.[1]

Mr. Gibbs amended the Motion on April 7, 2023, arguing Nationstar's claim is even lower than previously asserted. He also noted that the Chapter 13 Trustee is holding funds for Nationstar. The result, he contends, is equity in both homes of $1.2 million. He adds that he wishes to use the money for dental implants and to buy a home for his grandchildren and great-grandchildren. The prayer for relief is the same as the original motion.

Mr. Gibbs's Motions are denied because i) he does not have standing to request the underlying relief; ii) the "new" evidence presented was available when the original motions were filed; and iii) the "new" evidence still does not satisfy the requirements for approving the "refinancing" under 11 U.S.C. § 364.

Standing

As a preliminary matter, Mr. Gibbs is not the proper party to seek this relief. Section 1109(b) of the Bankruptcy Code guides courts in determining who is a party in interest in any

---

[1] These arguments are irrelevant and baseless. For example, Mr. Gibbs's argument that his adversary proceeding should be reinstated is without merit and has been considered and rejected several times. See Order Denying Plaintiff's Rule 60 Motion (AP 19-5272 Doc. No. 126) (detailing the procedural history of the adversary proceeding and Mr. Gibbs's multiple attempts to rehash the same arguments). The bankruptcy court considered Mr. Gibbs's pleadings and decided to abstain from hearing the case. The district court affirmed. The Eleventh Circuit dismissed as unreviewable his challenge to the Court's decision to abstain from hearing the adversary proceeding. Mr. Gibbs, nevertheless, continued to file subsequent motions for reconsideration and reversal, which the Eleventh Circuit denied as moot. The request for sanctions involves the same conduct and issues on appeal in South Carolina and previously considered by this Court, the District Court, and the Eleventh Circuit. Because the matter is currently pending before the South Carolina Supreme Court, and this Court has already ruled on the issues in the Adversary Proceeding, it will not consider the matter again.

As to the request to refer this case to the Department of Justice for prosecution of violations of various laws, as the Court has previously explained (see AP 19-5272 Doc. No. 126), such relief is not available for several reasons. First, the Court can only refer alleged violations of bankruptcy laws. 18 U.S.C.A. § 3057(a). Second, Mr. Gibbs lacks standing to make such a request. See id. Third, the record is void of any evidence to form a reasonable belief that any violations of bankruptcy laws have been committed. Accordingly, there is no basis to refer this case to the United States Attorney for prosecution.

given issue. In re Alpha Nat. Res. Inc., 544 B.R. 848, 854 (Bankr. E.D. Va. 2016). The right to appear in any particular proceeding depends entirely on the relationship between the issue in question and the circumstances surrounding the stakeholder's particular interest. 7 Collier on Bankruptcy ¶ 1109.04 (16th 2022).

In this case, Mr. Gibbs is not (and was not) either a debtor or a creditor. He is merely the Debtor's spouse. Mr. Gibbs appears to have an ownership interest in the Georgia property that he owns with his wife, the Debtor. But that does not give him authority to seek to refinance her debt related to the Georgia property. To the extent Mr. Gibbs has an interest in the Georgia home and is eligible to refinance his interest in the property, he may do so as the automatic stay does not apply to non-filing codebtors. Winters By & Through McMahon v. George Mason Bank, 94 F.3d 130, 133 (4th Cir. 1996); In re Newcomer, 416 B.R. 166 (Bankr. D. Md. 2009), on reconsideration, 438 B.R. 527 (Bankr. D. Md. 2010) (automatic stay did not apply to non-debtor spouse and, as a consequence, spouse lacked standing to raise issue as to co-owned property). Mr. Gibbs does not have an ownership interest in the South Carolina property, which is at the center of his various grievances against Nationstar, and therefore does not have a basis to request relief as to the property. Since he does not have an ownership interest in the South Carolina property, he is not the proper party to request a refinancing of the property. Accordingly, Mr. Gibbs is not a proper party in interest to request this Court authorize refinancing of the Georgia and South Carolina properties in the Debtor's bankruptcy case.

Reconsideration Standard

Federal Rule of Civil Procedure 59, made applicable by Bankruptcy Rule 9023, permits bankruptcy courts to alter or amend an order or judgment. Fed. R. Civ. P. 59(e), Fed. R. Bankr. P. 9023. As explained by the Supreme Court, the rule provides courts with a corrective function and

"may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486, n.5 (2008) (citing 11 C. Wright & A. Miller, Fed. Prac. & Proc. § 2810.1, pp. 127-128 (2nd ed. 1995)); Banister v. Davis, 140 S. Ct. 1698, 1703 (2020). Accordingly, to prevail on a motion for reconsideration, the movant must present either newly discovered evidence (i.e. evidence that was not previously available) or establish an error of law or fact. In re Kellogg, 197 F.3d 1116, 1119-20 (11th Cir. 1999). "[M]ere disagreement with the court's ruling is not a proper basis for seeking reconsideration under Civil Rule 59(e)." In re Bayati, 2015 WL 6470522 *5 (9th Cir. B.A.P. 2015).

    A.  <u>The Motions do not present "new" evidence</u>

Mr. Gibbs seeks to rehash several previously rejected arguments. Mr. Gibbs has not presented any new evidence or argument that he did not, or could not have, presented previously to establish a basis to refinance the Georgia and South Carolina properties. Debtor previously filed an Emergency Motion for Permission to Refinance (Doc. No. 77), which the Court denied (Doc. No. 88) (the "Refinancing Order"). The Court found the Debtor failed to provide any details about the proposed refinancing, failed to provide a valid basis for refinancing, and failed to demonstrate equity in the South Carolina property and Georgia home, to the extent there was any, was not necessary to implement the Debtor's confirmed Chapter 13 plan. Debtor filed a motion to reconsider (Doc. No. 90), which the Court considered and concluded the Debtor failed to present any newly discovered evidence or establish a manifest error of law or fact that would warrant reconsideration of the Refinancing Order. Accordingly, the Court denied the Debtor's motion to reconsider the order denying her first request to refinance (Doc. No. 94).

In Docs. Nos. 118 and 119, Debtor and Mr. Gibbs again sought permission to refinance their homes but, as with the prior request to refinance, they failed to disclose any terms of the

5

proposed refinancing and they failed to appear before the Court to prosecute their request to refinance. Mr. Gibbs now seeks, once again, reconsideration, adding some arguments about the value of the homes, the amount of the debt, and the level of equity in each.[2] The information added in the Motions, however, was certainly available to Mr. Gibbs when the original motions (Docs. Nos. 118 & 119) were filed. A motion to reconsider is not a proper vehicle to introduce evidence that was available when the original motions were heard. See In re Daughtrey, 896 F.3d 1255, 1280 (11th Cir. 2018); In re McCutcheon, 629 B.R. 311, 316 (Bankr. M.D. Ga. 2021).

    B.  The evidence does not support approval of the original motions

But even if the Court considers the "new" evidence, it is not sufficient to authorize the refinancing. Section 364 of the Bankruptcy Code authorizes the trustee or debtor in possession to obtain credit and incur debt on behalf of the estate if authorized by the Court after notice and a hearing. 11 U.S.C. § 364. A refinancing transaction is one whereby a debtor incurs debt. In determining whether to approve such financing, the Court acts in its informed discretion. In re Ames Dep't Stores, 115 B.R. 34, 37 (Bankr. S.D.N.Y. 1990). Indeed, section 364 states the Court "*may* authorize" financing. Id. (emphasis in original). "[A] proposed financing will not be approved where it is apparent that the purpose of the financing is to benefit a creditor rather than the estate." Id. at 39. Any determination on post-petition debt is driven by the specific facts of each case. Consequently, the court considering such a request should review the facts of an individual case and the terms of the proposed loan with an eye on the reasonableness and

---

[2] Mr. Gibbs also seems to contend that he should be permitted to refinance the South Carolina home owned by his wife because, he alleges, Nationstar does not have an interest in the South Carolina property. This allegation, however, is directly contrary to the personal and foreclosure judgment entered by the Court of Common Pleas in Florence County South Carolina on March 4, 2019 against the Debtor in favor of Nationstar, which was affirmed on appeal and which is currently the subject of a petition for writ of certiorari pending before the South Carolina Supreme Court.

necessity of the post-petition debt and any impact on the confirmed plan. In re Nacci, 586 B.R. 733, 738–39 (Bankr. N.D. Ohio 2018); see also In re Ward, 546 B.R. 667, 679 (Bankr. N.D. Tex. 2016) (considering whether borrowing was reasonable and necessary, in the best interests of the debtor and the estate, in line with reasonable market terms, the most favorable option, and would not interfere with the confirmed plan). Generally, a motion seeking to incur debt or refinance should be accompanied by the credit agreement, Bankr. Proc. Manual § 4001:7 (2023 ed.), so courts can consider whether the terms—including the amount borrowed, the interest rate, the recurring repayment amount, and any fees—are reasonable. See e.g., Nacci, 586 B.R. at 739–40; Ward, 546 B.R. at 680. Courts will not approve financing where the terms are onerous and unfavorable. Ward, 546 B.R. at 680.

Mr. Gibbs alleges the Georgia property has a market value of approximately $800,000, but he has provided no specifics about proposed refinancing terms, including the purported source of funding, the proposed amount to be refinanced, and the repayment terms of any refinancing. Accordingly, the Court cannot determine whether refinancing would be reasonable and comport with market terms.

Mr. Gibbs contends the fair market value of the South Carolina property is $750,000 and that there is equity in the property because, as he alleges, Nationstar's claim is only $290,495, though he offers no evidence in support of this amount. Mr. Gibbs has provided no information about proposed refinancing terms for this property, including the purported source of funding, the proposed amount to be refinanced, and the repayment terms of any refinancing. Accordingly, the Court cannot determine whether refinancing of the South Carolina property—if even available—would be reasonable and comport with market terms.

The purpose of the refinancing does not appear to be for the benefit of the Debtor or her estate. Mr. Gibbs states he would like to refinance his interest and the Debtor's in the Georgia and South Carolina properties for various reasons (including to fund litigation against Nationstar, to purchase a new home for his grandchildren and great grandchildren, and for dental implants for himself). He has failed, however, to demonstrate how refinancing would benefit and be in the best interest of the Debtor's estate (not him personally).

Further, Mr. Gibbs has failed to demonstrate that equity in the homes, to the extent there is any, is not necessary to fund the Debtor's confirmed Chapter 13 plan. Mr. Gibbs contends the fair market value of the South Carolina property is $750,000. He contends Nationstar's claim is only $290,495, though he offers no evidence in support of this amount. He also notes that the Chapter 13 Trustee has funds on hand to pay a portion of the claim. Accordingly, he contends, there is equity of at least $460,000 in the South Carolina property. Nationstar disagrees. It states the scheduled vale of the property is $500,000, and Nationstar contends the payoff balance is approximately $607,247.77, pursuant to the personal and foreclosure judgment entered by the Court of Common Pleas in Florence County South Carolina on March 4, 2019 against Debtor and in favor of Nationstar in the amount of $465,722,98, plus interest at 6.375% per annum until a foreclosure sale is conducted. Thus, according to Nationstar, its claim exceeds the scheduled value of the South Carolina Property before accounting for other costs of sale. Based on the evidence, it is not evident there is any equity in the South Carolina home such that Nationstar's claim would be satisfied in full from a sale of the South Carolina property. If Nationstar is not paid in full from a sale of the South Carolina property, equity in the Georgia property would be necessary to pay Nationstar's claim in full, pursuant to the terms of the confirmed plan.

While Mr. Gibbs has provided some indication as to what he believes the Georgia and South Carolina properties are worth, Mr. Gibbs has not presented any evidence regarding the terms of refinancing (or even its availability) and how it would benefit his wife's estate. He has also failed to demonstrate that refinancing would not interfere with the confirmed plan. Accordingly, the Court finds no basis to reconsider its conclusion that refinancing is not warranted.

Conclusion

Mr. Gibbs has failed to allege or establish any manifest error of law or fact, or any newly discovered evidence, that would merit the extraordinary remedy of reconsideration of the March Order denying his request to refinance and all the other requests for relief.

Accordingly,

**IT IS ORDERED** that the Motion is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Barbara Albytine Gibbs
3108 Hidden Falls Drive
Buford, GA 30519

M. Eugene Gibbs
3108 Hidden Falls Drive
Buford, GA 30519

Ryan Williams
Office of Nancy J. Whaley, Standing Ch. 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303

Allison G. Rhadans
McGuireWoods LLP
1230 Peachtree Street, N.E.
Promenade, Suite 2100
Atlanta, Georgia 30309-3534

Howell A. Hall
LOGS Legal Group LLP
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346