IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLIFFORD CARROLL,<br><br>*Plaintiff*,<br><br>v.<br><br>FEDEX CUSTOM CRITICAL, INC., ABC CORPS. #1-4, AND JOHN DOES #1-4,<br><br>*Defendants*. | Civil Action No.: |

### DEFENDANTS, FEDEX CUSTOM CRITICAL, INC.'S, BRIEF IN SUPPORT OF NOTICE OF REMOVAL

COMES NOW Defendant FedEx Custom Critical, Inc. (hereinafter referred to as "Defendant" or "Defendant FedEx Custom Critical") (hereinafter referred to as "Defendant FedEx"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332 and 1446, and files its Brief in Support of their Notice of Removal, and shows to the Court as follows:

### PROCEDURAL BACKGROUND

1. The Plaintiff, Clifford Carroll, filed this cause of action in the State Court of DeKalb County, Georgia, on March 10, 2023, against the Defendants. (See Complaint and all other related DeKalb County State Court filings attached hereto

as Exhibit '1').

2.      The Plaintiff's Complaint was served upon this Defendant on March 27, 2023.  (See Affidavit of Service upon FedEx, Exhibit '1').

3.      The Plaintiff's Complaint, *inter alia*, alleges that the Defendants are liable to the Plaintiff for injuries that occurred in an accident on June 2, 2021.  (See Complaint, ¶ 2).

4.      Complete diversity exists in this case between the Plaintiff, a Georgia citizen and resident[1], and the Defendant, FedEx, is an Ohio corporation with its principal place of business in Ohio.  (See Plaintiff's Complaint, ¶ 1, and Exhibit '2', Georgia Secretary of State Information on Defendant FedEx).

5.      The Plaintiff's Complaint states that the Plaintiff has incurred in excess of $35,000.00 of medical specials, but medical records and bills from Plaintiff's medical treatment for his alleged injuries and provided to the undersigned counsel for Defendant show over $100,000.00 in medical specials incurred, even from one medical provider.  (See Plaintiff's Complaint, ¶ 24).

6.      This Notice of Removal is filed by Defendant FedEx within thirty (30) days from the date on which this action became removable and within one year of

---

[1] The Plaintiff's Complaint states that the Plaintiff is a resident and citizen of the State of Georgia, but records and information provided by Plaintiff's counsel suggests that Plaintiff Carroll is a resident of the State of Florida. Nevertheless, the case is still diverse, and removal is permissible.

the filing of the Plaintiff's Complaint.

7. Defendant FedEx represents to this Honorable Court that true and correct copies of all process, pleadings, orders served by or upon the Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (See Exhibit '1'). Defendant FedEx further represents to this Court that there are no other process, pleadings or orders properly served upon the Defendant to date in this case that have not been attached hereto.

8. Defendant FedEx represents to this Honorable Court that written notice of the filing of this Notice of Removal and a copy of this Notice of Removal have been served upon the Plaintiff, by and through their counsel of record, contemporaneous with this filing. (See Notice of Filing of Notice of Removal served contemporaneously herewith, a true and correct copy of which is attached hereto as Exhibit '3').

9. The United States District Court for the Northern District of Georgia, Atlanta Division, is the Court and division embracing the place where this action is pending in the State Court of DeKalb County. No Defendant heretofore has sought similar relief in this action.

10. Defendant FedEx has prepared a proposed Answer to the Plaintiff's Complaint, which is attached hereto as Exhibit '4'.

## ARGUMENT AND CITATION OF AUTHORITY

**A. This Court Has Original Jurisdiction Of This Cause Of Action Pursuant To 28 U.S.C. § 1332 And Is Removable According To 28 U.S.C. § 1441.**

This cause of action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States…"

See 28 U.S.C. § 1332(a).

Defendant shows this Honorable Court that complete diversity exists among the Plaintiff and the Defendants and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Specifically, the Plaintiff's Complaint states that the Plaintiff has incurred in excess of $35,000.00 of medical specials, but medical records and bills from Plaintiff's medical treatment for his alleged injuries and provided to the undersigned counsel for the Defendant show over $100,000.00 in medical specials incurred, even from one medical provider. (See Plaintiff's Complaint, ¶ 24). Accordingly, this Defendant states that pursuant to 28 U.S.C. § 1446(b)(3) this cause of action is being timely removed from the Defendant's receipt of information showing that the amount of controversy has been met.

The Defendants state that this cause of action has been removed within 30 days of the Defendants receiving a "paper from which it may first be ascertained that the case is one which is or has become removable". 28 U.S.C. § 1446(b)(3).

1. **There is complete diversity.**

It is undisputed that there is complete diversity among the parties in this cause of action. Complete diversity exists in this case between the Plaintiff, a Georgia citizen, and the Defendant. (See Plaintiff's Complaint ¶ 1). Defendant FedEx is an Ohio corporation with its principal place of business in Ohio. (See Exhibit '2').

Accordingly, complete diversity exists in this cause of action such that removal is proper.

2. **The amount in controversy exceeds $75,000.00.**

Defendants show this Honorable Court that complete diversity exists among the Plaintiff and the Defendants and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Specifically, the Plaintiff's Complaint states that the Plaintiff has incurred in excess of $35,000.00 of medical specials, but medical records and bills from Plaintiff's medical treatment for his alleged injuries and provided to the undersigned counsel for the Defendant show over $100,000.00 in medical specials incurred, even from one medical provider. (See Plaintiff's Complaint, ¶ 24).

Accordingly, the Defendants assert that the minimum amount in controversy has clearly been met in the instant case.

**B. <u>Defendants Have Sought Removal Within Thirty (30) Days from the Date in Which the Case Became Removable.</u>**

A party must file a notice of removal of a civil action within thirty (30) days after the receipt of the initial pleading pursuant to 28 U.S.C. § 1446(b).  It is well settled that the defendant bears the burden of establishing that federal jurisdiction exists when the defendant seeks to remove a case to federal court.  <u>Williams v. Best Buy Co., Inc.</u>, 269 F. 3d 1316 (11th Cir. 2001).  The defendant seeking removal based on diversity jurisdiction must therefore establish diversity of citizenship and prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.  <u>See</u> 28 U.S.C. § 1332.  In the instant case, Defendant FedEx was served with the Plaintiff's Complaint on March 27, 2023, so this case has been removed within 30 days of it becoming removable to this Court.

Therefore, the Defendant asserts that the diversity of citizenship and the amount in controversy requirements for removal are clearly satisfied, thus making this case properly removable at this time.

## CONCLUSION

There is complete diversity of citizenship between the parties to this action, the amount in controversy has been established by a preponderance of the evidence

and this case is being removed within thirty (30) days of the Defendant's receipt of a paper first showing that this case is removable. Accordingly, this case is properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

WHEREFORE, the Defendant asserts that pursuant to 28 U.S.C. § 1446 it has sought removal within thirty (30) days from the moment the action became removable. Accordingly, the Defendant respectfully requests that this Court find that the amount in controversy has been satisfied and that jurisdiction is proper for this Court pursuant to 28 U.S.C. § 1332 and 1446. The Defendant further requests that this Court enter an Order REMOVING this action from the State Court for the County of DeKalb, State of Georgia, where it is now pending, to the United States District Court for the Northern District of Georgia, Atlanta Division.

This the 26th day of April, 2023.

Shires, Peake & Gottlieb, LLC

*/s/ Kevin T. Shires*_____
Kevin T. Shires, Esq.
Georgia Bar No.: 643290
Loren A. Rafferty, Esq.
Georgia Bar No.: 678355

Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com
LRafferty@spgattorneys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

    __x__    Electronically filing this document with CM/ECF which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

    __x__    Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

Cody M. Allen, Esq.
Allison Whitfield, Esq.
Morgan & Morgan Atlanta, PLLC
408 12th Street, Suite 200
Columbus, Georgia 31901
callen@forthepeople.com
awhitfield@forthepeople.com

This 26th day of April, 2023.

                                  Shires, Peake & Gottlieb, LLC

                                  */s/ Kevin T. Shires*
                                  Kevin T. Shires
                                  State Bar No.: 643290

Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com