IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IRA LESHIN | ) |
| | ) |
| Plaintiff | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. |
| DELTA PILOTS DISABILITY AND | ) |
| SURVIVORSHIP PLAN | ) |
| | ) |
| Defendant | ) |

# COMPLAINT

The Plaintiff, complaining of the Defendant herein, shows this Honorable Court as follows:

## I. JURISDICTION AND PARTIES

1.

Plaintiff is a citizen and resident of Florida.

2.

Defendant is a self-funded benefit plan organized and existing pursuant to 29 U.S.C. §1132 that does business in the state of Georgia and is subject to jurisdiction and venue of this court and may be served with process through its sponsor's DELTA AIRLINES, INC. registered agent in Georgia: Corporation Service

Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

3.

Jurisdiction is based on 29 U.S.C. §1132 U.S.C. §1331.

4.

Plaintiff previously filed in the United States District Court for the District of South Carolina, Greenville Division and venue was contested by Defendant and the case was transferred to this Court on February 8, 2023.

5.

Venue is proper in this Court based upon the prior ruling on the transfer.

## FACTUAL BACKGROUND

6.

Until 2011, Plaintiff was actively employed with Delta Air Lines, Inc. and as an employee of Delta Air Lines, Inc. Plaintiff was provided with long term disability insurance coverage via a plan that was fully funded by Delta.

7.

Plaintiff was forced to cease working because of certain medical problems, and he filed a claim for long term disability benefits.

8.

Defendant approved Plaintiff's claim for long term disability benefits in April 2011.

9.

In April 2011, Plaintiff also began drawing retirement benefits for which Defendant applied an offset to his monthly long term disability payments reducing his benefits by $5,759.88 monthly.

10.

On May 31, 2020, Defendant sent Plaintiff a letter advising that a review of his file had been performed and that the retirement benefit offset was applied incorrectly.

11.

The letter further advised that after the adjustment an overpayment had occurred in the amount of $261,564.03 on his long term disability claim.

12.

Defendant advised Plaintiff that it was requesting reimbursement arrangements of this purported overpayment amount within forty-five days.

13.

The letter also gave Plaintiff the opportunity to appeal the decision.

14.

Plaintiff, by and through his then attorney, appealed the decision.

15.

As part of the appeal, Plaintiff submitted certain substantive information to Defendant that he wished to have considered.

16.

Defendant failed to reach a decision on Plaintiff's appeal in a timely manner, but did eventually make a final decision.

17.

Plaintiff's administrative remedies are exhausted.

## EQUITABLE AND INJUNCTIVE RELIEF PURSUANT TO ERISA 29 U.S.C. §1132(a)(3)

18.

The above allegations are hereby realleged as if fully set forth herein.

19.

On May 31, 2020, for the first time, Defendant asserted that Plaintiff was apparently overpaid benefits for a number of years.

20.

Plaintiff did not realize he was not entitled to those payments at the time they were made.

21.

Defendant is a fiduciary under the plan in which Plaintiff participated for the purposes of the duties and obligations imposed upon it by ERISA 29 U.S.C. §1104 and the plan documents.

22.

Among the duties imposed upon Defendant is the obligation to make accurate representations to plan participants like Plaintiff regarding his status in the plan and entitlement to benefits from the plan.

23.

Defendant was in the superior position to determine the amount of Plaintiff's benefits and calculate and apply any and all applicable offsets, however, Defendant never adjusted Plaintiff's monthly benefits or requested any overpayment from him until approximately ten years after Plaintiff began drawing long term disability benefits.

24.

Defendant insists on being re-paid the purported $261,564.03 overpayment, but

the reality of the situation is that the Plaintiff does not have the financial wherewithal to pay the money that Defendant demands.

25.

Give the facts, Plaintiff respectfully requests that the Court structure an equitable remedy and grant equitable relief between the parties pursuant to 29 U.S.C. §1132(a)(3).

26.

Such equitable relief should take the form of Plaintiff being relieved of any obligation to pay Defendant any money for the overpayment, but Plaintiff does agree and would consent to Defendant reducing his current monthly benefit in accordance with the recalculation of his monthly benefit.

27.

The Court might rely upon such equitable theories such as laches, estoppel by laches, estoppel *in pais*, other equitable theories recognized by the Eleventh Circuit Court of Appeals, or any other authorities the Court might find relevant and instructive.

28.

Besides the application of the equitable doctrine of laches, the Court might also

hold that the Defendant is precluded from recovering the overpayment due to the applicable statue of limitations.

29.

Plaintiff further respectfully requests that after the Court structures an equitable remedy as to what amount, if any, the Defendant is entitled to recover from the Plaintiff given the equities of the situation that the Court also enjoin the Defendant and its agents and representatives under 29 U.S.C. §1132(a)(3) from further attempts to collect any amount of money regarding the overpayment.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully prays for the following:

(1) That the Court consider the facts and equities of the situation and the Court declare that Defendant has breached its fiduciary duties and structures such appropriate equitable remedies and relief as it finds just proper liable under 29 U.S.C. §1133(a)(3).

(2) Plaintiff respectfully requests that the Court award attorney fees and costs to Plaintiff pursuant to ERISA 29 U.S.C. §1132(g).

(3) That the Court grant whatever other relief, equitable or otherwise, that it may find appropriate.

This  27th  day of April, 2023.

                                                      /s/Heather K. Karrh
                                                      Heather K. Karrh
                                                      Georgia Bar No. 408379

ROGERS, HOFRICHTER &
  KARRH LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770)460-1118 (Telephone)
(770)460-1920 (Facsimile)
Hkarrh@RHKPC.com

                                                      LINDSEY & LACY, PC

                                                    /s/W. Thomas Lacy, Jr.
                                                    W. Thomas Lacy, Jr.
                                                    Ga. State Bar No. 431032

200 Westpark Drive, Suite 280
Peachtree City, Ga 30269
Phone: (770)486-8445
Fax: (770)486-8889
tlacy@llptc.com