IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| **SERGEI LEVCHENKO,** | |
| Plaintiff, | **Case No.** |
| v. | |
| **NADIA GOLOVIN,** | |
| Defendant. | |

## NOTICE OF REMOVAL

**COMES NOW** Defendant NADIA GOLOVIN, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, with full reservation of all defenses, and respectfully removes this case from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, within the time and in the manner prescribed by law, showing as follows:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases, and therefore removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based upon diversity of citizenship.

2. Plaintiff Sergei Levchenko filed suit against Defendant in the Superior Court of Fulton County, which is located within the Atlanta Division of the United States District Court for the Northern District of Georgia. Plaintiff's state court action bears the same caption as listed above, and is identified as Civil Action File

No. 2023CV377574 in the Superior Court of Fulton County.

3. Pursuant to statute, a copy of all process, pleadings, and other documents filed in said civil action 2023CV377574 are attached hereto as Ex. A, and incorporated herein by reference.

4. Plaintiffs' complaint asserts two (2) causes of action under Georgia state law, to wit: (1) specific performance; and (2) equitable partition and accounting. These claims are also accompanied by a claim for "dividing the sales proceeds in accordance with the parties' respective contributions", and a derivative claim for expenses of litigation, and attorney's fees.

5. Plaintiff contends Defendant Nadia Golovin was served by substitute service of a "John Doe" individual at her home at 9404 Northeast 87th Court, Vancouver, Clark County, Washington 98662 on March 28, 2023. Proof of said service was filed with the Fulton County Superior Court on April 5, 2023. Pursuant to O.C.G.A. § 9-11-4(h), Defendant Golovin has through and including May 5, 2023 to file an answer.

6. This Notice of Removal is filed within thirty (30) days of the purported service of process on the Defendant Golovin, and is therefore timely. No orders have been entered in the underlying action.

7. 28 U.S.C. § 1446(b)(2) provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action."

8. As there are no additional defendants in this action, no consents to

removal are necessary.

## Complete Diversity of All Parties

9. This action could have originally been filed in this Honorable Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between all parties to the action, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Moreover, no defendant is a citizen of Georgia.

10. Plaintiff is an individual resident of the State of Georgia, who resides at 3492 Flamingo Lane, Alpharetta, Georgia 30004. Compl., Ex. A, ¶¶ 1.

11. Defendant is a citizen and resident of the State of Washington, whose residence is 9404 NE 87th Court, Vancouver, Washington 98662. Compl., Ex. A, ¶ 2.

## Amount in Controversy

12. Plaintiff seeks title to a property located 3494 Flamingo Lane, Alpharetta, Georgia 30004 (the "Subject Property").

13. The Subject Property was purchased for $270,000 in 2016, and has a current estimated value of $475,000. Decl. of Nadia Golovin, Ex. B, ¶ 2.

14. According to Plaintiff, he "has spent in excess of $146,000.00 in costs and expenses for the Subject Property," Compl., Ex. A., ¶ 12, and he has specifically prayed "for a judgment partitioning the Property and dividing the sales proceeds in accordance with the parties' respective contributions toward the Subject Property."

Id., 5. Said amount is in excess of $75,000.00.

15.	"In a suit over title to land, 'it is the value of the property rather than the claim of the contending parties which fixes the amount in controversy for purposes of jurisdiction.'" Occidental Chem. Corp. v. Bullard, 995 F.2d 1046, 1048 (11th Cir. 1993); Compare St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1933) (holding a federal court lacks diversity jurisdiction only where it can be shown to a "legal certainty" that the amount in controversy claimed by plaintiff is less than the statutory limit) with Peterson v. Sucro, 93 F.2d 878, 882 (4th Cir. 1938) (holding that the existence of a mortgage offsetting the plaintiff's equity in the property does not change the fact that value of the property itself controls).

16.	A copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of Fulton County, Georgia. See Notice of Removal to Federal Court, Ex. C.

**WHEREFORE**, Defendant Nadia Golovin hereby removes this action to the United States District Court for the Southern District of Georgia, Augusta Division.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 27, 2023 | **HUGGINS PEIL, LLC** |
|  | /s/ Jeffrey F. Peil<br>Jeffrey F. Peil (SBN 967902)<br>jpeil@hugginsfirm.com<br>7013 Evans Town Center Blvd., Suite 502<br>Evans, Georgia 30809<br>Telephone: (706) 210-9063<br>Facsimile: (706) 210-9282<br>*Attorney for Defendant* |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following parties with a copy of the foregoing via U.S. Mail, postage prepaid, as follows:

**Brandon D. Wagner, Esq.**

5900 Windward Parkway, Suite 390

Alpharetta, Georgia 30005

bwagner@luederlaw.com

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 27, 2023 | **HUGGINS PEIL, LLC** |
|  | /s/ Jeffrey F. Peil |
|  | Jeffrey F. Peil (SBN 967902) |
|  | jpeil@hugginsfirm.com |
|  | 7013 Evans Town Center Blvd., Suite 502 |
|  | Evans, Georgia 30809 |
|  | Telephone: (706) 210-9063 |
|  | Facsimile: (706) 210-9282 |
|  | *Attorney for Defendant* |