Fulton County Superior Court
***EFILED***LW
Date: 3/17/2023 10:09 AM
Cathelene Robinson, Clerk

## General Civil and Domestic Relations Case Filing Information Form

☑ **Superior** or ☐ **State Court of** Fulton _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 3/17/2023 _____ | **Case Number** 2023CV377574 _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Levchenko      Sergei

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Golovin      Nadia

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Brandon D. Wagner _____ **State Bar Number** 768064 _____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Fulton County Superior Court
***EFILED***LW
Date: 3/17/2023 10:09 AM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

SERGEI LEVCHENKO

    Plaintiff,

v.

NADIA GOLOVIN

    Defendants.

CIVIL ACTION
FILE NO.     2023CV377574

### COMPLAINT

COMES NOW, Plaintiff SERGEI LEVCHENKO, by and through his attorney of record, Brandon D. Wagner of Lueder, Larkin & Hunter and files this Complaint against NADIA GOLOVIN, Defendant, and shows this Court as follows:

### PARTIES

1.

Plaintiff is an individual residing in the State of Georgia at 3492 Flamingo Lane, Alpharetta, Georgia 30004.

2.

Defendant Nadia Golovin is an individual residing in the State of Washington and may be served with process at 9404 NE 87th Court, Vancouver, WA 98662-1077.

### JURISDICTION AND VENUE

3.

In Georgia, venue is constitutional and statutory.  See Article VI § II, ¶ VI of the Georgia Constitution (1983, as amended) and O.C.G.A. § 9-10-30.

4.

Jurisdiction over claims for equitable partition are proper in the Superior Courts of Georgia.

5.

Pursuant to O.C.G.A. § 9-10-91, this Court may exercise personal jurisdiction over the Defendant because this cause of action arises from the acts, omissions, ownership, use, or possession of real property situated within this State, specifically within Fulton County, Georgia, and therefore Defendant is subject to the jurisdiction of this Court, and venue is proper herein.

## FACTS

6.

The subject of this action is certain real property (the "Subject Property") located in Fulton County, State of Georgia, commonly known as 3494 Flamingo Lane, Alpharetta, Georgia 30004, and more particularly described as:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 972 OF THE 2ND DISTRICT, 1ST SECTION, FULTON COUNTY, GEORGIA, BEING LOT 65, HIDDEN FOREST SUBDIVISION, AS PER PLAT RECORDED IN PLAT BOOK 295, PAGES 85-95 AND REVISED PLAT RECORDED IN PLAT BOOK 329, PAGE 71, FULTON COUNTY, GEORGIA RECORDS, WHICH RECORDED PLAT IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS DESCRIPTION; SAID PROPERTY BEING KNOWN AS 3494 FLAMINGO LANE, MILTON, GEORGIA 30004 ACCORDING TO THE PRESENT SYSTEM OF NUMBERING PROPERY IN SAID COUNTY.

PARCEL ID 21-5470-0972-389-7

7.

Plaintiff was good friends with Defendant's then husband, Oleksandr Kharchenko and Plaintiff was introduced to Defendant through Mr. Kharchenko.

8.

Plaintiff located the Subject Property for sale, but could not qualify for a mortgage at the time.

9.

Plaintiff approached Defendant and inquired whether she would be willing to purchase the property in her name, with Plaintiff paying all costs associated therewith, and the Subject Property would remain in Defendant's name until such time that Plaintiff was able to qualify for a mortgage.

10.

At all relevant times, the parties understood that the Subject Property belonged to Plaintiff and Defendant had no claim thereto.

11.

In accordance with the parties' agreement, Plaintiff paid the earnest money, downpayment, closing costs, monthly mortgage payments, property taxes, HOA fees, utilities and maintenance and upkeep for the property.

12.

To date, Plaintiff has spent in excess of $146,000.00 in costs and expenses for the Subject Property.

13.

Defendant has not contributed any money whatsoever towards the Subject Property and has never lived there.

14.

Sometime in 2021 or early 2022, Defendant and her then husband, filed for divorce in the State of Washington. Shortly thereafter Plaintiff was contacted by Defendant's real estate agent, and was advised that Defendant hired her to list the property for sale.

15.

On February 8, 2022, Defendant sent an email to Plaintiff in which Defendant purportedly terminated Plaintiff's non-existent lease with Defendant. A true and correct copy of Defendant's email to Plaintiff is attached hereto as Exhibit "1" and is incorporated herein by reference.

16.

In that email, Defendant also advised Plaintiff that Defendant had "hired a locksmith to change the locks, so we have now taken back occupancy."

17.

On February 16, 2022, Plaintiff's counsel wrote a letter to Defendant demanding that Defendant restore Plaintiff's access to the property on or before February 23, 2022. A true and correct copy of Plaintiff's counsel's letter to Defendant is attached hereto as Exhibit "2" and is incorporated herein by reference.

18.

Ultimately, Defendant's realtor provided a new key to Plaintiff.

19.

The following day, on February 24, 2022, Plaintiff's counsel received a phone call and demand letter from Defendant's counsel, acknowledging that there was never a lease between the parties and providing a 60 day termination of tenancy.  A true and correct copy of Defendant's counsel's letter is attached hereto as Exhibit "3" and is incorporated herein by reference.

On March 1, 2022, Plaintiff's counsel sent a responsive letter to Defendant's counsel. The letter included screen shots of text messages between the parties, in which the parties had discussed the refinance of the property into Plaintiff's name. A true and correct copy of the March 1, 2022 letter is attached hereto as Exhibit "4" and is incorporated herein by reference.

20.

Over a month later, on April 28, 2022, Plaintiff's counsel received another letter from Defendant's counsel threatening that an eviction would be filed against Plaintiff.   A true and correct copy of the April 28, 2022 letter is attached hereto as Exhibit "5" and is incorporated herein by reference.

## COUNT I
## SPECIFIC PERFORMANCE

21.

Plaintiff incorporates by reference all previously numbered paragraphs in this complaint and further alleges:

22.

At all relevant times, the parties' agreement had always been that the Subject Property and purchase loan would be put in Defendant's name until such time that Plaintiff could refinance the loan into his own name.  Because the parties were close friends at the time, the parties' agreement was never reduced to writing.

23.

In accordance with the parties' agreement, Plaintiff has solely contributed all funds for the purchase, loan payments, maintenance and up-keep of the home.

24.

Defendant has unilaterally breached the parties' agreement in that she has failed and refused to sign any of the required documents to proceed with the refinance of the Subject Property into Plaintiff's name.

25.

Plaintiff requests an order from this Court compelling Defendant to execute all required documents in order to finalize the refinance of the Subject Property into Plaintiff's name.

## COUNT II
## EQUITABLE PARTITION

26.

Plaintiff incorporates by reference all previously numbered paragraphs in this complaint and further alleges:

27.

In the alternative, Plaintiff requests that the Subject Property be partitioned by sale pursuan to OCGA § 44-6-166.1. Partition by sale is more equitable in the circumstances than partition by physical division because the Subject Property is a townhouse that cannot be physically divided.

28.

Plaintiff is entitled to judgment against Defendant for his respective share of sums reasonably spent in acquiring, maintaining and preserving the Subject Property, for the costs of this action, for attorneys' fees, and for the costs of partition, which judgment shall be secured by an equitable lien against the partition sale proceeds and/or against the interests of Defendant.

WHEREFORE, Plaintiff prays for the following relief:

(a)     That summons and process issue requiring Defendant to appear and answer this Petitioner;

(b)     For an Order requiring Defendant to execute all required documents in order to proceed with refinance of the Subject Property into Plaintiff's name;

(c)     In the alternative, for a judgment partitioning the Property and dividing the sales proceeds in accordance with the parties' respective contributions towards the Subject Property;

(d)     For Judgment against Defendant for all costs of this action, including attorneys' fees; and

(e)     For such other and further relief as the Court deems just and proper.

This ___8___ day of ___March___, 2023.

Respectfully submitted,

LUEDER, LARKIN & HUNTER, LLC

Brandon D. Wagner
Georgia Bar No. 768064
Attorneys for Plaintiff

5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
(770)-685-7000
bwagner@luederlaw.com

**From:**                  Sergei Levchenko <lionok@me.com>
**Sent:**                Thursday, February 10, 2022 4:36 PM
**To:**
**Subject:**           Fwd: Your belongings

Sent from my iPhone

Begin forwarded message:

> **From:** nadia golovin <nadia3golovin@gmail.com>
> **Date:** February 8, 2022 at 16:40:44 PST
> **To:** Sergei Levchenko <lionok@me.com>
> **Cc:** Lily.kobenko2@gmail.com
> **Subject: Your belongings**
>
> Good afternoon, Mr Levchenko.
>
> Per the notice that was delivered to you via email and certified mail, your lease came to an end on January 31. Today, we hired a professional to change the locks, so we have now taken back occupancy.
>
> Out Of courteousy to you, we will allow you to remove your personal belongings from the home prior to February 28th.
>
> To schedule a time to remove your items, please contact us by reply all  to this email, and we will coordinate unlocking the home. After February 28, all items will be donated.
>
> Sent from my iPhone



DocuSign Envelope ID: 43F6A377-A67B-4577-A8EF-FE39F8D34E24

Dear Mr Levchenko,

This letter shall serve as notification to you, that the homeowner and your landlord, Nadia Golovin is selling her home and therefore the lease agreement shall come to an end on January 31st, 2022. The tenant, Sergei Levchenko, shall have until January 31st, 2022 at 5:00 p.m. to vacate the home.

The homeowner, Nadia Golovin, has hired Katie Rocco with Keller Williams North Atlanta to handle the sale of her home as well as the coordination with the tenant. The home will be going live on the market the first week of January and the tenant will have 24 hour notice prior to showing requests. All communication shall be handled between Realtor, Katie Rocco & tenant, Sergei Levchenko.

Sincerely,
Nadia Golovin

DocuSigned by:

8DD1C95068C4426...

# LUEDER, LARKIN & HUNTER, LLC

ATTORNEYS AT LAW

Brandon D. Wagner, Esq.
bwagner@luederlaw.com

February 16, 2022

**Via Certified Mail**
**Return Receipt No. 7017 0530 0000 2231 3442**
**Copy via email to: nadia3golovin@gmail.com**

Nadia Golovin
9404 NE 87th Court
Vancouver, WA 98662-1077

     Re:   Sergei Levchenko
            3494 Flamingo Ln, Alpharetta, Georgia 30004

Dear Mrs. Golovin:

Our office has been retained by Mr. Levchenko with respect to the real property located at 3494 Flamingo Lane, Alpharetta, Georgia 30004. It is our understanding that although the property was titled in your name, it was only done so because Mr. Levchenko could not qualify for a mortgage at the time of purchase. As a result, the home was titled in your name, with the mutual understanding that the home actually belonged to Mr. Levchenko. In furtherance of that understanding, the house was actually purchased using Mr. Levchenko's funds and every mortgage payment, utility payment, taxes, insurance and HOA fees have been paid exclusively by Mr. Levchenko.

More importantly, we have received a copy of your email dated February 8, 2022 to Mr. Levchenko in which you purportedly terminated his non-existent "lease". Your email also acknowledges that "today, we hired a professional to change the locks, so we have now taken back occupancy." Your actions are in direct violation of well-established law. You have admittedly changed the locks to our client's home, without going through the proper legal channels to do so, amounting to an unlawful self-help eviction.

Accordingly, this letter serves as our client formal demand that you immediately restore his access to the premises. Should you fail to do so by close of business, February 23, 2022, our client will be forced to file an action against you thereafter for wrongful eviction, criminal trespass and conversion of his personal property. I trust that you will comply with the law without being brought to court.

**5900 WINDWARD PARKWAY, SUITE 390, ALPHARETTA, GEORGIA 30005**
**TELEPHONE 770-685-7000   FACSIMILE 770-685-7003**
**www.luederlaw.com**



Sergei Levchenko
3494 Flamingo Lane, Alpharetta, Georgia 30004

Lastly, it is also our understanding that you have enlisted the services of a realtor to list the property for sale.  As stated hereinabove, we do not believe this property legally belongs to you.  Should you sale this property before a court can determine the rightful ownership thereof, my client will hold you liable for monetary damages, punitive damages and attorney's fees for the wrongful sale of his property.

Thank you in advance for your cooperation.

Best professional regards,

Brandon D. Wagner, Esq.

Cc:    Sergei Levchenko
       Katie Rocco

# SKELTON & BLACKSTONE
## ATTORNEYS, LLC
346 Lawrence Street | Marietta, GA 30060
678-290-8088

**John H. Skelton**
john@skeltonblackstone.com

**Marla Blackstone**
marla@skeltonblackstone.com

---

*Sent by US Postal and Electronic Mail*

February 24, 2022

Brandon D. Wagner, Esq.
Leuder, Larkin & Hunter, LLC
5900 Windward Pkw, Suite 390
Alpharetta, GA 30005

bwagner@leuderlaw.com

Re: 3494 Flamingo Lane, Alpharetta, GA 30004

Dear Mr. Wagner,

Thank you for taking time to discuss the referenced matter with me yesterday. Regrettably our conversation turned contentious and I ask you to please allow me to summarize some important and verifiable facts.

Tenant Sergei Levchenko illegally changed locks to Ms. Golovin's townhome thereby denying Ms. Golovin's agent properly-noticed access. In order to access, protect, and secure her property during Mr. Levchenko's extended absence from the state of Georgia, the locks were changed and the key was provided to Mr. Levchenko at the first opportunity. Mr. Levchenko must not change locks or again deny Ms. Golovin's agent access.

We demand that your client immediately cease all communication with Ms. Golovin. Witnesses confirm that Mr. Levchenko harassed Ms. Golovin physically, by phone, by text and email. On January 30, 2022 Mr. Levchenko suddenly appeared uninvited at Ms. Golovin's home forcing her to flee. Several individuals physically removed Mr. Levchenko before police were called. In early February your client tried to strong-arm Ms. Golovin to sign papers and later stalked her at her place of employment. Mr. Levchenko screamed at my client by phone on February 18, 2022, making meritless threats to file criminal action that allegedly could jail her. Mr. Levchenko's father made threatening calls in the middle of the night. Yesterday, after I demanded you contain your client's harassing behavior, Mr. Levchenko again sent harassing messages last night and it must stop now.



Skelton & Blackstone Attorneys, LLC

Ms. Golovin's communication to Mr. Levchenko, stating his 'lease is up by January 31st, was an error as there is no lease and Georgia law requires 60-day demand notice. The statement of having "taken back occupancy" clearly meant taking back her rightful co-access. Legal demand notice is attached hereto and will be tack-and-mailed to the referenced address as well as emailed to Mr. Levchenko at lionok@me.com.

Please respect the truth that in 2016 Ms. Golovin sought, found, viewed, inspected and purchased the referenced townhome for purposes of living at 3494 Flamingo Lane, Alpharetta, GA 30004 with her children and her new husband. When her new husband, Olexander Kharchenko, unexpectedly changed his mind and instead relocated to Vancouver, Ms. Golovin allowed Mr. Levchenko's tenancy-at-will in exchange for paying all townhome expenses. If Mr. Levchenko loaned Ms. Golovin or her husband $13k+ plus closing cost, that can be worked out. Ms. Golovin applied for her mortgage, signed her Security Deed that formalized her 30-year debt, and is the sole record title holder of the referenced property in fee simple.

Respectfully,

*Marla Blackstone*

Marla Blackstone
Skelton & Blackstone Attorneys, LLC

2

# SKELTON & BLACKSTONE

## ATTORNEYS, LLC

346 Lawrence Street    Marietta, GA 30060
(678) 290-8088

| John H. Skelton | Jennifer Monroe | Marla Blackstone |
|---|---|---|
| john@skeltonblackstone.com | jennifer@skeltonblackstone.com | marla@skeltonblackstone.com |

***SENT VIA U.S. MAIL and ELECTRONIC MAIL,***
<u>**60 –DAY DEMAND NOTICE TO VACATE**</u>

February 24, 2022

Sergei Levchenko
3494 Flamingo Lane
Alpharetta, GA 30004

Re: Demand for possession of 3494 Flamingo Lane, Alpharetta, GA 30004

Mr. Levchenko,

Our law firm has been retained by the owner of 3494 Flamingo Lane, Alpharetta, GA 30004 ("Property") to regain possession.   As an occupant without lease contract you are a tenant-at-will under Georgia law, *Healthcare, Inc. et al. av. Foster*, 280 Ga. App 406, (2006).  As a tenant-at-will you have sixty (60) days from receipt of this *Demand Notice to Vacate* to empty the property of all your belongings and to leave the property as empty, clean, and in as good condition as upon taking possession, O.C.G.A. § 44-7-7.

You are hereby notified of the termination of your tenancy and provided 60-day notice to vacate.  The Property owner has the right to sue you for possession and damages if you have not surrendered the clean and empty house on or before Wednesday April 25, 2022 by noon in as good condition as you found it, *Proffitt v. Housing Systems, Inc.,* 154 Ga.App. 114, (1980).  Moreover, Georgia law grants the Property owner the right to sue you immediately if there is evidence of the Property being damaged by your action or inaction.

Unless you have vacated before then, a walk-through inspection will occur on April 25, 2022 to confirm there is no Property damage that would predicate civil suit.  Georgia law provides all property owners the right to enter their property to inspect and maintain their investment with 24-hour notice, and to enter immediately without notice if they suspect current ongoing property damage, with or without police supervision.

Whereas the Property owner is now represented by legal counsel, you are prohibited from directly communicating with her or her agent(s) and instead must call us at the contacts provided with any questions or concerns.

Respectfully,

*Marla Blackstone*
Marla Blackstone
Skelton & Blackstone Attorneys, LLC

*This letter is issued in compliance with Georgia Law, O.C.G.A. § 44-7-50., "Demand for possession; procedure…"*

# LUEDER, LARKIN & HUNTER, LLC

ATTORNEYS AT LAW

Brandon D. Wagner, Esq.
bwagner@luederlaw.com

March 1, 2022

Marla Blackstone
Skelton & Blackstone
346 Lawrence Street
Marietta, Georgia 30060

Re:   Sergei Levchenko v. Nadia Golovin
      3494 Flamingo Ln, Alpharetta, Georgia 30004

Dear Ms. Blackstone:

As you know, our firm has been engaged to assist Mr. Levchenko with a dispute concerning the property located at 3494 Flamingo Lane, Alpharetta, Georgia 30004. We are in receipt of your 60 Day Notice to our client and your cease and desist letter. Going forward, please direct all future correspondence concerning this matter to this firm.

In reading your letters, it is clear that your client has not been 100% truthful with you. Your letter alleges that Mr. Levchenko has been harassing Mrs. Golovin and making threats to her. You also acknowledge that my client paid solely the down payment, closing costs, monthly mortgage payments, HOA payments, insurance premiums and all other household related expenses, but your letter goes on to blatantly assert that these payments were "gifts" to your client.

We have obtained screen shots of the some of the messages between your client and ours, and the tone of the text exchanges, paint a picture vastly different from the one your client has tried to paint. See the following as an example of your client's untruthfulness:

EXHIBIT
4

Sergei Levchenko
3494 Flamingo Lane, Alpharetta, Georgia 30004



We had the text message translated, and your client's response to our client's message was:
"Ok, live and be happy, pay for January and February, when you prepare everything, I will
come in and will do everything".

To put matters into more context, here is another screen shot of conversations between
our clients:

Sergei Levchenko
3494 Flamingo Lane, Alpharetta, Georgia 30004



Nadia: Ok, live and be happy, pay for January and February, when you prepare everything,
I will fly in and will do everything.
Sergei: Are you saying that if I pay for January and February you would fly in to Atlanta
and sign the refinance closing papers?
Nadia: I do not understand what these two words mean (refinance closing).
Sergei: Refinance closing
Nadia: I have never heard of these words, Have you left yet?  How is your family in Kyiv?

Clearly, these messages do not demonstrate any threats or aggressive behavior on our
client's part, and they support our client's contention that this property was only titled in
her name temporarily, with the understanding that it would be refinanced and titled in our
client's name once he became creditworthy.

It is clear that your client's contention is false and not well taken.  Please letter this letter
serve as our client's warning that should you persist in filing a baseless dispossessory
action against him, we will be forced to seek attorney's fees against both you and your
client.  In addition, your client remains on notice that our client intends to pursue her for
the illegal eviction she performed when she unceremoniously changed the locks to the
home, and refused to give our client a key.  Despite your efforts to recharacterize your
client's illegal eviction by calling it "restoring her co-access", your client's own letter belies
your statements.  By your client's own words, on February 8, 2022, she wrote Mr.

Sergei Levchenko
3494 Flamingo Lane, Alpharetta, Georgia 30004

Levchenko and stated:

> Per the notice that was delivered to you via email and certified mail, your lease came to an end on January 31. Today, we hired a professional to change the locks, so we have not taken back occupancy.

> Out of courtesy to you, we will allow you to remove your personal belongings from the home prior to February 28th.

> To schedule a time to remove your items, please contact us by reply all to this email, and we will coordinate unlocking he home. After February 28, all items will be donated.

Nothing in your client's February 8, 2022 suggests or supports your assertion that she was simply regaining her "co-access". Thus, it is clear that your client illegally evicted our client from the premises, which subjects her to punitive and actual damages pursuant to OCGA § 44-7-55.

If you would like to discuss a potential settlement of these claims, please feel free to reach out to our office.

Best professional regards,

Brandon D. Wagner, Esq.

Cc:    Sergei Levchenko

# SKELTON & BLACKSTONE

## ATTORNEYS, LLC

346 Lawrence Street    Marietta, GA 30060
(678) 290-8088

John H. Skelton
john@skeltonblackstone.com

Marla Blackstone
marla@skeltonblackstone.com

*SENT VIA U.S. MAIL and ELECTRONIC MAIL,*

**Demand for Possession**

April 28, 2022

Sergei Levchenko
3494 Flamingo Lane
Alpharetta, GA 30004

Re: Demand for possession of 3494 Flamingo Lane, Alpharetta, GA 30004

Mr. Levchenko,

Our law firm represents the owner of 3494 Flamingo Lane, Alpharetta, GA 30004 ("Property") who seeks to regain possession. On February 24, 2022 you and your attorney Brandon Wagner were both notified of the termination of the tenancy at will for 3494 Flamingo Lane, Alpharetta, GA 30004. 60 days have now passed since the demand for premises was made via USPS mail and email. Since we have not heard that you have vacated the premises, we can only assume that you are still occupying the property. This is your final demand for possession and notice that we will initiate an eviction action by filing a Dispossessory suit in Fulton County State Court on April 29, 2022 and will ask for court costs and attorney fees pursuant to OCGA 13-1-11.

If a Writ of Possession is issued and exercised against you, you must turn in all keys to the Property and leave the Property as empty, clean, and in as good condition as it was upon taking possession, after which any further entry onto the Property by you, your guests or agent is Trespass.

Respectfully,

John H. Skelton
Skelton & Blackstone Attorneys, LLC

*This letter is issued in compliance with Georgia Law, O.C.G.A. § 44-7-50., "Demand for possession; procedure…"*

EXHIBIT
5

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

**SUMMONS**

Sergei Levchenko

) **Case**
) **No.:**    2023CV377574
)
)
)
**Plaintiff,** )
)
**vs.** )
Nadia Golovin )
)
)
)
**Defendant** )
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

Brandon D. Wagner

5900 Windward Parkway, Ste. 390

Alpharetta, Georgia 30005

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____3/17/2023_____day of_____, 20_____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***MH
Date: 4/5/2023 11:53 AM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

**SERGEI LEVCHENKO**

Plaintiff/Petitioner

vs.

**NADIA GOLOVIN**

Defendant/Respondent

Case No.:   **2023CV377574**

AFFIDAVIT OF SERVICE OF
**SUMMONS; COMPLAINT; EXHIBITS; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM**

Received by **Renee Hampton**, on the **22nd day of March, 2023 at 5:12 PM** to be served upon **Nadia Golovin** at **9404 Northeast 87th Court, Vancouver, Clark County, WA 98662**.
On the **28th day of March, 2023 at 11:33 AM**, I, **Renee Hampton**, SERVED **Nadia Golovin** at **9404 Northeast 87th Court, Vancouver, Clark County, WA 98662** in the manner indicated below:

**SUBSTITUTE SERVICE**, by personally leaving 1 copy(ies) of the above-listed documents at his/her usual place of abode with **John Doe**, who is 15 years of age or older, a person residing therein of who confirmed the Defendant resides a above address and informed that person of the contents thereof.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to an individual who refused to give their name who indicated they were the resident. The individual accepted service with direct delivery. The individual appeared to be a brown male contact 45-55 years of age, 6'0"-6'2" tall and weighing 240-300 lbs.**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of Ameri
is true and correct.

NAME: _____     6100126          3-28-2023
Renee Hampton                        Server ID #              Date

Notary Public: Subscribed and sworn before me on this __28__ day of __March__ in the year o __2023__
Personally known to me __✓__ or _____ identified by the following document:

_____
Notary Public (Legal Signature)

> OFFICIAL STAMP
> LAURICE AVERILL
> NOTARY PUBLIC - OREGON
> COMMISSION NO. 995009
> MY COMMISSION EXPIRES JANUARY 07, 2024

Page 1 of 1

REF: **1977-003**

Tracking #: **0103633725**

