**ORIGINAL**

FILED IN CHAMBERS
U.S.D.C. - Atlanta

AUG 09 2022

Kevin P. Weimer, Clerk
By: GM Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF DANTE JEVON ERICSON OTTLEY | UNDER SEAL<br>1:22-MJ-716 |

**COMPLAINT**
**(18 U.S.C. § 3184)**

I, Leanne M. Marek, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter I represent the United States in fulfilling its treaty obligations to Sint Maarten.

2. There is an Extradition Treaty between the Government of the United States of America and the Kingdom of the Netherlands, which is applicable to Sint Maarten: Extradition Treaty Between the United States of America and the Kingdom of the Netherlands, U.S.-Neth., June 24, 1980, 35 U.S.T. 1334 (the "Treaty").

3. The Treaty provides in Article 11 for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents.

1

4. In accordance with Article 11 of the Treaty, the Government of Sint Maarten has asked the United States for the provisional arrest of Dante Jevon Ericson Ottley ("Ottley") with a view towards his extradition.

5. According to information provided by the Government of Sint Maarten, on March 31, 2022, the Joint Court of Justice of Aruba, Curaçao, Sint Maarten and of Bonaire, Sint Eustatius, and Saba ("Court of Appeals") convicted Ottley of co-perpetrating manslaughter, in violation of Articles 2:259 and 1:123 of Sint Maarten's Criminal Code, and co-perpetrating attempted manslaughter, in violation of Articles 2:259, 1:119, and 1:123 of Sint Maarten's Criminal Code. The Court of Appeals sentenced Ottley to twenty years' imprisonment, minus any time Ottley had already spent in pre-trial detention in Sint Maarten.

6. These offenses were committed within the jurisdiction of Sint Maarten. The Public Prosecutor of Sint Maarten issued a warrant for Ottley's arrest on April 1, 2022.

7. Sint Maarten seeks Ottley's provisional arrest with a view toward his extradition based on the following facts:

On December 31, 2018, Ottley and a co-defendant, Stevevanus Richardson ("Richardson"), fired shots at M.M. Gomez Lopez ("Gomez Lopez") and W.E. James ("James") in a parking lot outside of a nightclub in Sint Maarten. James survived the shooting, but Gomez Lopez died as a result of gunshot wounds.

a. Surviving victim James told authorities that he and Gomez Lopez were at El Capitan nightclub on December 31, 2018. While at the club, Gomez Lopez had accused Ottley and Richardson of having been involved in a fatal shooting

earlier that month. According to James, Ottley pulled out a gun, and James began to run away after seeing the weapon. As he was running away, he turned around and saw and heard Ottley shoot Gomez Lopez. Ottley then ran towards James and shot at him. Bullets struck James in his left arm and right thigh, breaking his leg to the bone. James was wearing a bulletproof vest at the time, and a couple of bullets had bruised his upper body.

    b. Sint Maarten authorities pulled camera footage from the club and its parking lot. According to a police officer, the camera footage showed Gomez Lopez walking away from Ottley as Ottley fired four times at him. Richardson then shot towards Gomez Lopez twice. The police officer further relayed that, according to the footage, James was running away when Ottley turned, ran towards him, and shot once at him. Richardson also turned toward James as he was retreating and fired eight shots at him.

    c. A surgeon examined James and determined that he had suffered "multiple gunshot wounds" and "severe blood loss." The surgeon also stated that James's injuries "could have caused death."

    d. A forensic pathologist conducted an autopsy of Gomez Lopez and concluded that he had suffered nine gunshot wounds, caused by six gunshots. The pathologist determined that Gomez Lopez's cause of death was internal bleeding due to gunshots.

    e. Criminal charges were brought against Ottley, resulting in a trial before the Court of First Instance of Sint Maarten. In a decision issued on March 11, 2020, the trial court convicted Ottley of possession of a firearm, sentenced him to

twenty-one months' imprisonment with six months suspension, and acquitted him of all other charges.

f. The prosecutor appealed the verdict to the Court of Appeals. On March 31, 2022, the Court of Appeals reversed the trial court's judgment, convicted Ottley of manslaughter, attempted manslaughter, and possession of a firearm, and sentenced him to twenty years' imprisonment.

g. Ottley had argued during his criminal proceedings that he shot Gomez Lopez and James in self-defense. The Court of Appeals rejected that argument as implausible after considering the prosecution's evidence, including the statement of surviving victim James and the camera footage from the nightclub.

h. According to the Court of Appeals, the camera footage shows that there was an altercation in the nightclub's parking lot between Gomez Lopez and James on one side and Ottley and Richardson on the other side. Two friends of Ottley were also present during the altercation, and according to the Court of Appeals, Ottley's friends did not retreat in fear of the victims at any time.

i. Instead, the Court of Appeals stated that Ottley and Richardson committed acts of aggression against Gomez Lopez and James. Specifically, relying on the camera footage, the Court of Appeals found that Ottley first pushed Gomez Lopez and then Richardson punched Gomez Lopez twice. Gomez Lopez then began retreating from Ottley and Richardson and only one second later, Ottley and Richardson shot at Gomez Lopez from behind.

j. The Court of Appeals further found that, according to the camera footage, James began running away from Ottley and Richardson the moment Gomez

4

Lopez was shot. Ottley then turned around, began running after James, and shot at him from behind. Richardson then also began running towards James and shot towards him at least eight times.

k. The Court of Appeals rejected Ottley's argument of self-defense because it was contrary to the camera footage, no witness had testified to seeing Gomez Lopez or James with a firearm, no firearm was recovered near Gomez Lopez or elsewhere at the crime scene, and there was no support for Ottley's theory that a bystander had taken a firearm from the victims at the crime scene.

l. Ottley is believed to have entered the United States on or around April 1, 2022, the same day a warrant issued for his arrest and the day after the Court of Appeals convicted and sentenced him.

8. The offenses with which Ottley has been convicted and for which his extradition is sought are provided for in Article 2 of the Treaty.

9. According to information provided by the U.S. Marshals Service, Ottley is expected to be found within the jurisdiction of this Court.

10. The Government of Sint Maarten has represented that it will submit a formal request for extradition supported by the documents specified in the Treaty within the time required under the Treaty.

11. Ottley would likely flee if he learned of the existence of a warrant for his arrest.

WHEREFORE, the undersigned requests that a warrant for the arrest of the aforenamed person be issued in accordance with 18 U.S.C. § 3184 and the extradition treaty between the United States and the Netherlands, as applied to

Sint Maarten, and that this complaint and the warrant be placed under the seal of the Court, except as disclosure is needed for its execution, until such time as the warrant is executed.

*Leanne Marek*
LEANNE M. MAREK
*Assistant United States Attorney*

Sworn to me ~~by telephone pursuant to Federal Rule of Criminal Procedure 4.1~~ in my presence this 9th day of August, 2022, at 1:15 .

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

ATTEST: A TRUE COPY
CERTIFIED THIS

AUG 0 9 2022

Kevin P. Weimer, Clerk
By: _____ Deputy Clerk

6