IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>DANTE JEVON ERICSON OTTLEY | Criminal Action No.<br><br>1:22-mj-716-JKL |

**Response in Opposition to Defendant's Motion to Terminate Provisional Arrest and Dismiss Case**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Leanne M. Marek, Assistant United States Attorney for the Northern District of Georgia, acting at the request of the Kingdom of The Netherlands, files this Response in Opposition to Defendant's Motion to Terminate Provisional Arrest and Dismiss Case. The Defendant's motion is moot, because the U.S. Department of States has received a timely extradition request from The Netherlands and the Defendant is no longer held pursuant to a provisional arrest.

This case arises from The Netherlands's request that the United States provisionally arrest Ottley with a view towards his extradition for the offenses of manslaughter and attempted manslaughter. On August 9, 2022, the United States, fulfilling its treaty obligations to The Netherlands, filed a Complaint seeking Ottley's provisional arrest and an arrest warrant was issued. (Doc. 1). On September 8, 2022, Ottley was arrested within the Northern District of Georgia.

On September 15, 2022, the Court conducted a detention hearing at ordered Ottley detained. (Doc. 12). Ottley filed a motion to dismiss the case on November 10, 2022, arguing that The Netherlands had not submitted its formal extradition request before expiration of the time limit set by the extradition treaty. (Doc. 14).

1. **Ottley's Claim is Moot as The Netherlands Timely Submitted its Extradition Request**

Ottley was arrested on September 8, 2022. Pursuant to Article 11 of the extradition treaty, the time for submission of the formal request for extradition ran until and through November 7, 2022, which was sixty days later. Submission of the formal extradition request was complete, and Ottley's detention resulting from the provisional arrest terminated, upon receipt of the request by the United States Department of State. As represented at the status hearing on November 23, 2022, and in a letter from the United States Department of State attached as Exhibit A to this motion, the formal extradition request from The Netherlands was received on November 1, 2022, within the sixty-day deadline.

As a threshold matter, Ottley's claims regarding his provisional arrest are moot because he now is being held on the basis of The Netherlands's formal extradition request, and not its provisional arrest request. *See, e.g., Martinez v. United States*, 828 F.3d 451, 470 (6th Cir. 2016) (en banc) ("provisional arrest ended when Mexico submitted its formal extradition request, which means, as the panel majority correctly concluded, that his challenges to that arrest are moot."); *In re Extradition of Taylor*, No. 20-MJ-1069-DLC, 2020 WL 3893049, at *1

(D. Mass. July 10, 2020) ("[W]hile the motion was still pending, Japan submitted its formal request for the respondents' extradition to the State Department . . . effectively mooting any issues relating to the legitimacy of the provisional arrest warrants, and leaving only the issue of bail for consideration."); *United States v. Yee-Chun*, 657 F. Supp. 1270, 1271 n.1 (S.D.N.Y. 1987) ("However, the United Kingdom's subsequent formal request for extradition has rendered moot the question of the validity of the provisional arrests.").

Moreover, even if Ottley's claims were not moot, they are meritless. Article 11(4) of the Treaty provides that "[p]rovisional arrest shall be terminated if, within a period of 60 days after the apprehension of the person sought, the Requested State has not received the formal request for extradition and the supporting documents mentioned in Article 9." (Doc. 16-1 at 11(4)). Case law makes clear that this means the U.S. Department of State must receive The Netherlands's formal extradition request within the 60-day period, not that the request must be provided to the U.S. Attorney's Office, the defendant, or filed with the Court within this period. *See Cruz Martinez v. United States*, 828 F.3d 451, 470 (6th Cir. 2016) (*en banc*) ("[The fugitive's] provisional arrest ended when [the requesting country] submitted its formal extradition request, which means, as the panel majority correctly concluded, that his challenges to that arrest are moot.") *In re Extradition of Sanchez Rea*, No. 2:07-MC-099 KJM, 2008 WL 312533, at *1 (E.D. Cal. Feb. 4, 2008) ("On January 4, 2008, Mexico complied with its treaty requirements by providing the formal request for extradition and supporting

documents to the Department of State within the 60 days it has from the date of the provisional arrest."); *In re Extradition of Mainero*, 990 F. Supp. 1208, 1215 (S.D. Cal. 1997) ("The United States, in fact, complied with Article 11, Paragraph 3, by its initial filing of diplomatic note 001831, on November 25, 1996 with the U.S. Embassy in Mexico."); *id.* at 1215 n.13 ("The documents themselves do not have to be filed in court by the 60 day period, only received by the United States.") (citing *United States v. Wiebe*, 733 F.2d 549, 554 (8th Cir. 1984); *Bozilov v. Seifert*, 983 F.2d 140 (9th Cir. 1992)); *cf. In re Extradition of Suyanoff*, No. 12-MJ-462 JMA, 2012 WL 4328523, *1 n.1 (E.D.N.Y. Sept. 20, 2012) ("There is a difference between extradition treaties requiring an extraditing state to put evidence before a magistrate within a certain period of time and extradition treaties requiring an extraditing state to make the request for extradition within a certain period of time.").

Because the U.S. Department of State received the formal extradition request within 60 days of Ottley's provisional arrest – The Netherlands's formal extradition request is timely under the Treaty, and Article 11(4)'s provision for termination has not been triggered.

## Conclusion

For the forgoing reasons, the government respectfully requests that the Defendant's motion to dismiss be denied.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

*Leanne Marek*

/s/LEANNE M. MAREK
*Assistant United States Attorney*
Georgia Bar No. 270935
Leanne.marek@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

    Millie Dunn

December 21, 2022

            /s/ LEANNE M. MAREK

            LEANNE M. MAREK

            *Assistant United States Attorney*

# EXHIBIT A



United States Department of State

Washington, D.C. 20520

November 18, 2022

Vaughn A. Ary
Director
Office of International Affairs
Department of Justice
1301 New York Avenue, 8th Floor
Washington, D.C. 20530

    Attn:   Christopher Strauss

    Re:   <u>Extradition of Dante Jevon Ericson Ottley</u>

Dear Mr. Ary:

    On November 1, 2022, the Department of State received from the Government of the Kingdom of the Netherlands the formal request for the extradition of Dante Jevon Ericson Ottley, who is wanted to serve a sentence in Sint Maarten.

    The Government of the Kingdom of the Netherlands filed its request within the time frame required by Article 11(4) of the Annex to the Agreement Comprising the Instrument as Contemplated by Article 3(2) of the Agreement on Extradition between the United States of America and the European Union Signed at Washington on 25 June 2003, as to the Application of the Extradition Treaty between the United States of America and the Kingdom of the Netherlands Signed at The Hague on 24 June 1980, signed at The Hague on 29 September 2004.

    Please be assured that as soon as we have completed our review of the request, we will submit the formal extradition request together with our declaration to your office for forwarding to the court.

    Sincerely,

    *Stacy Hauf*

    Stacy Hauf
    Attorney Adviser
    Law Enforcement and Intelligence

Enclosure:
    Copy of note.