IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL ACTION NO. 1:22-MJ-716-JKL |
| DANTE JEVON ERICSON OTTLEY, | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S
RESPONSE TO DEFENDANT'S MOTION TO
TERMINATE PROVISIONAL ARREST AND DISMISS CASE**

COMES NOW Defendant, Dante Ottley, by and through his undersigned counsel, and hereby files his Reply To The Government's Response To Defendant's Motion To Terminate Provisional Arrest and Dismiss Case. In support of this Motion, Defendants show as follows:

**I. The Netherlands Did Not Submit The Documents Required By Treaty In Its Extradition Request, and did not timely do so.**

Pursuant to Article 11, Paragraph 4, of the Extradition Treaty, an individual's "Provisional arrest shall be terminated if, within a period of 60 days after the apprehension of the person sought, the Requested State has not received the formal request for extradition *and the supporting documents mentioned in Article 9.*" (Doc. 16-1, 19) (emphasis supplied). Article 9 outlines the documents that must be provided to the United States by the Kingdom of

the Netherlands when requesting extradition pursuant to this treaty. (Doc. 16-1, 15-16).

Pursuant to Article 9, the request for extradition shall be accompanied by "[a]ll available information concerning the identity, nationality, and probable location of the person sought." (Doc. 16-1, 15). While to pleadings state the name, date of birth and place of birth of Mr. Ottley, they fail to indicate that Mr. Ottley is a Naturalized United States citizen and national. This is important because the provisions of Article 8 apply when a national of the United States is sought. (Doc. 16-1, 15).

Further, pursuant to Article 9, "if the convicted person [for whom extradition is sought] was sentenced, the request for extradition shall be accompanied by the original or certified copy of the sentence imposed, a statement that the sentence has final and binding effect and is enforceable and a statement showing to what extent the sentence has not been carried out." (Doc. 16-1, 16). In Mr. Ottley's case, although the Netherlands claims that his sentencing is final, that statement is immediately contradicted by its acknowledgment that Mr. Ottley's case has been appealed and therefore his case is still pending. "The defendant has filed an appeal in cassation as the Supreme Court in The Hague (Hoge Raad). *The judgement as a whole is therefore not final yet.*" (Doc. 16-1, 79) (emphasis supplied). Mr. Ottley's sentence cannot

2

be final while his judgement is not. Indeed, just as Mr. Ottley's initial acquittal was appealed and overturned, his current conviction and sentence are subject to his pending appeal and therefore are not final. As such, the Netherlands has not provided documentation showing that Mr. Ottley's sentence is final as required by the Treaty.

Similarly, the Netherlands has not provided any documentation regarding "what extent the sentence has not been carried out." Therefore, the Netherlands has not complied with its Treaty obligations and Mr. Ottley's case should be dismissed.

**II.     The Netherlands Did Not Timely Submit The Documents Required By Treaty In Its Extradition Request.**

The admission that the judgment is not yet final was an important omission in the original application and affidavit under Article 9, information, and material to the outcome of the Motion to Dismiss, but was not timely provided within the 60 days allotted by the treaty. This supplement is not dated until November 21, 2022, almost two weeks after the Motion to Dismiss was filed. (Doc. 16-1, 78, 79.) The government acknowledges that the Netherlands had until November 7, 2022 to submit its extradition request containing the information required by the terms of the treaty. (Doc. 19, 2). Since this required information was not submitted within the time frame set forth in the Treaty and therefore, pursuant to the terms of the Treaty, Mr.

3

Ottley's provisional arrest should be dismissed and he should be released immediately.

### III. The Prior Jeopardy Laws of the United States Preclude Extradition.

Article 5(b), states:

Extradition shall not be granted when:

(b) the person sought is otherwise immune from prosecution for the offense for which extradition is requested by reason of the law in the Requested State relating to prior jeopardy.

Mr. Ottley is a United States citizen. He is deemed under United States Constitution to be acquitted forever of the charges by the acquittal of the first Court and there could be no *de novo* review of the evidence by another court within the same sovereign. (Doc. 16-1, 14). Article 5 of the treaty contemplates the protections of the laws and Constitution of the United States. As such, the provisional arrest and extradition case must be dismissed.

WHEREFORE, for all the foregoing reasons, Defendant respectfully prays for the relief requested herein.

Respectfully Submitted, this 12th day of January, 2023.

*/s/ Mildred Geckler Dunn*
MILDRED GECKLER DUNN
GEORGIA BAR NO. 323373
ATTORNEY FOR MR. OTTLEY

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530; Fax: (404) 688-0768
Millie_Dunn@fd.org