IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN THE MATTER OF<br>THE EXTRADITION OF<br>DANTE JEVON ERICSON OTTLEY | CASE NO.:<br>1:22-MJ-716-JKL |

# **ORDER**

On September 8, 2022, Dante Jevon Ericson Ottley was arrested pursuant to a complaint and provisional arrest warrant seeking his extradition to Sint Maarten. [*See* Doc. 14.] Mr. Ottley is wanted by Sint Maarten authorities to serve a sentence following his conviction on appeal for manslaughter and attempted manslaughter. [*See* Doc. 12.] His extradition is sought under an extradition treaty between the United States and the Kingdom of the Netherlands, which is applicable to Sint Maarten.

On November 10, Mr. Ottley filed a motion to terminate provisional arrest and dismiss case. [Doc. 14.] In it, he argues that his provisional arrest must be terminated because the Netherlands failed to meet the requirement in Article 11, Paragraph 4, of the extradition treaty, that a formal request for extradition and certain "supporting documents" be received by the United States within 60 days. [*Id.* at 2.] The government responds that Mr. Ottley's motion is moot because the

U.S. Department of State received a timely extradition request on November 1, 2022, within the sixty-day deadline. [Doc. 19 at 2-3.] Mr. Ottley first replies that the Netherlands failed to provide the required "supporting documents," including documentation that his sentence is final and the extent that his sentence has not been carried out. [Doc. 22 at 2-3.] Second, Mr. Ottley argues that, even if the documentation provided by the Netherlands does satisfy the treaty requirements, it was submitted on November 22, 2022, which was after the 60-day timeframe. [*Id.* at 3.] Third, and finally, Mr. Ottley argues that his provisional arrest and extradition case must be dismissed because of Article 5(b) of the extradition treaty, which prohibits extradition where the person sought is immune from prosecution because of the United States's law relating to "prior jeopardy." [*Id.* at 4.]

Because Mr. Ottley has expanded the scope of his motion to include interpretation of the extradition treaty's provisions regarding "supporting documents," the finality of his sentence, and prior jeopardy, the Court **ORDERS** the government to file a sur-reply within **14 days** of this order.

IT IS SO ORDERED, this 17th day of January, 2023.

_____
JOHN K. LARKINS III
United States Magistrate Judge