IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN THE MATTER OF<br>THE EXTRADITION OF<br>DANTE JEVON ERICSON OTTLEY | CASE NO.: 1:22-MJ-716-JKL |

# ORDER

These extradition proceedings were commenced by the United States pursuant to 18 U.S.C. § 3184 and the Treaty between the United States and the Kingdom of the Netherlands, as applied to Sint Maarten[1] (the "Treaty"). On March 7, 2023, the undersigned held an extradition hearing. For the reasons set forth below, the Court **GRANTS** the United States' request for certification and hereby **CERTIFIES** to the United States Secretary of State that Dante Jevon Ericson

---

[1] Extradition Treaty Between the United States of America and the Kingdom of the Netherlands, U.S.-Neth., June 24, 1980, 35 U.S.T. 1334, *as amended by* the Agreement comprising the instrument as contemplated by Article 3(2) of the Agreement on Extradition Between the United States of America and the European Union signed at Washington on 25 June 2003, as to the application of the Extradition Treaty Between the United States of America and the Kingdom of the Netherlands signed at the Hague on 24 June 1980, U.S.-Neth., Sept. 29, 2004, S. Treaty Doc. No. 109-14 (2006), with Annex, and related exchange of notes. An exchange of notes concluded on September 29, 2009, extended application of the Agreement to the Netherlands Antilles, and a diplomatic note dated October 6, 2010, confirmed the continued application of the Agreement to Sint Maarten.

Ottley is extraditable on the charged offenses of co-perpetrating manslaughter, in violation of Sint Maarten Criminal Code Articles 1:123 and 2:259, and co-perpetrating attempted manslaughter, in violation of Sint Maarten Criminal Code Articles 1:119, 1:123, and 2:259.

## I. BACKGROUND

On August 9, 2022, the United States swore out a complaint in support of Ottley's provisional arrest towards extradition. [Doc. 1.] The complaint indicated that the Government of Sint Maarten had asked the United States for Ottley's provisional arrest under Article 11 the Treaty. [*Id.* at 1.] According to the complaint, Ottley had been charged with manslaughter, attempted manslaughter, and possession of a firearm in violation of Sint Maarten's Criminal Code in connection with a shooting at a nightclub in Sint Maarten that killed one person and injured another. [*Id.* at 2-4.] In the Court of First Instance, the trial court convicted him of the gun charge and acquitted him of the manslaughter charges. [*Id.* at 3-4.] The prosecutor appealed, and on March 31, 2022, the "Joint Court of Justice of Aruba, Curaçao, Sint Maarten and of Bonaire, Sint Eustatius, and Saba" (the "Court of Appeals") reversed the trial court's judgment, convicted him of manslaughter, attempted manslaughter, and possession of a firearm, and sentenced

2

him to twenty years' imprisonment. [*Id.* at 4-5.] On April 1, 2022, the day after the Court of Appeals convicted and sentenced Ottley, he entered the United States. [*Id.* at 5.]

On September 9, 2022, Ottley was arrested on the complaint. [Doc. 13.] Following his initial appearance, he was ordered detained. [Doc. 12.] On November 10, 2022, he filed the "Motion to Terminate Provisional Arrest and Dismiss Case." [Doc. 14.] Following a round of briefing [*see* Docs. 19, 22, 25], the Court denied the motion to dismiss [Doc. 27].

In the meantime, on December 9, 2022, the United States filed a Notice of Filing Extradition Request, which seeks Ottley's extradition on charges of manslaughter and attempted manslaughter.[2] [Doc. 16.] On February 14, 2023, the United States filed a memorandum in support of extradition. [Doc. 26.] Ottley filed a response in opposition to extradition. [Doc. 30.] In it, Ottley adopts and incorporates the arguments that he previously raised in connection with his motion to dismiss. [*Id.* at 1.] He also argues that extraditing him to Sint Maarten would violate due process because the prison conditions there are overcrowded and

---

[2] The extradition request also sought Ottley's extradition on a charge of illegal possession of a firearm and ammunition; however, that offense was not forwarded to this Court for consideration. [Doc. 26-1 at 3.]

3

inhumane. [*Id.* at 2-7.] He additionally argues that his conviction in Sint Maarten was *in absentia* and, therefore, his conviction by the Court of Appeals is not enough to establish probable cause that he committed the alleged offenses and this Court must instead consider other evidence and make its own probable cause determination independently. [*Id.* at 7-8.] Finally, he urges this Court to reach the same conclusion as the Court of First Instance that acquitted him on the manslaughter and attempted manslaughter charges and find that there was no probable cause supporting those offenses. [*Id.* at 8-13.]

On March 7, 2023, the Court held an extradition hearing at which Ottley was present with his counsel. [Doc. 33.] The Court admitted into evidence a copy of the Treaty, the extradition request from the Sint Maarten Attorney General, and the verdict of the Court of Appeals. [Doc. 34-1.] In the verdict, the Court of Appeals noted the evidence against Ottley, including a statement from the surviving victim identifying Ottley as the shooter and security camera footage that showed Ottley shooting the victims, and concluded that Ottley's self-defense theory was not plausible. [*Id.* at 61-64.]

## II. DISCUSSION

"Extradition is an executive, not a judicial, function." *Martin v. Warden, Atlanta Pen*, 993 F.2d 824, 828 (11th Cir. 1993) (explaining that extradition authority "derives from the President's power to conduct foreign affairs"). The role of the judiciary, thought independent, is limited. *Id.* "After conducting an extradition hearing, the Court is tasked solely with determining whether the evidence presented is 'sufficient to sustain the charge under the provisions of the proper treaty or convention, or under section 3181(b).'" *In re Extradition of Wallace*, 543 F. Supp. 3d 1296, 1301 (M.D. Fla. 2021) (quoting 18 U.S.C. § 3184). "If the evidence is sufficient, the extradition magistrate [judge] makes a finding of extraditability and certifies the case to the Secretary of State." *Martin*, 993 F.2d at 828.

To certify extraditability, the Court does not determine guilt or innocence, but rather must find that each of the following elements has been satisfied: "(1) the judicial officer is authorized to conduct the extradition proceeding; (2) the court has jurisdiction over the fugitive; (3) the applicable treaty is in full force and effect; (4) there is sufficient evidence to support a finding of probable cause as to each charge for which extradition is sought; and (5) the crimes for which surrender is

5

requested are covered by the applicable treaty." *In re of Extradition of Wallace*, 543 F. Supp. 3d 1296, 1301 (M.D. Fla. 2021) (collecting cases).

The "evidence needed to extradite a fugitive differs from the evidence needed to convict a defendant at a criminal trial." *Afanasjev v. Hurlburt*, 418 F.3d 1159, 1164 (11th Cir. 2005). Extradition hearings under 18 U.S.C. § 3184 "are in the nature of a preliminary hearing"; thus, the United States must only show probable cause that the fugitive is guilty of the charged offense. *Kastnerova v. United States*, 365 F.3d 980, 987 (11th Cir. 2004) (quoting *Sayne v. Shipley*, 418 F.2d 679, 685 (5th Cir. 1969)). Probable cause is established where there are 'facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.'" *Grider v. City of Auburn*, 618 F.3d 1240, 1257 (11th Cir. 2010) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975)).

Based on consideration of the documentary evidence introduced before and at the hearing, arguments of counsel, and written memoranda and other submissions, the Court finds that the terms of the Treaty and 18 U.S.C. § 3184 have been met. In particular, the Court finds as follows:

(1) This Court has jurisdiction over, and the undersigned Magistrate Judge is authorized to conduct, extradition proceedings pursuant to 18 U.S.C. § 3184.

(2) This Court has personal jurisdiction over Ottley because he was located and arrested in this District pursuant to the complaint filed by the United States in response to the request of Government of the Netherlands for his provisional arrest and extradition. [*See* Doc. 13.]

(3) The Treaty was, and has been, in full force and effect at all times relevant to this action. [Doc. 34-3.]

(4) Ottley has been convicted and sentenced in Sint Maarten for committing the crimes co-perpetrating manslaughter, in violation of Sint Maarten Criminal Code Articles 1:123 and 2:259, and co-perpetrating attempted manslaughter, in violation of Sint Maarten Criminal Code Articles 1:119, 1:123, and 2:259. [Doc. 34-1 at 58-69.] The Government of the Netherlands, specifically Sint Maarten, has jurisdiction over the criminal conduct.

(5) The Treaty encompasses the offenses for which Ottley has been convicted and sentenced and for which extradition is sought for service of sentence. [Doc. 34-1 at 9-10; Doc. 34-3 at 2.] Specifically, Article 2 of the Treaty provides that extraditable offenses under the Treaty are offenses referred to in the Appendix, which includes manslaughter, and offenses that are punishable under the Federal laws of the United States and the laws of the Netherlands. [Doc. 34-1 at 9, 21.]

Both manslaughter and attempted manslaughter are punishable offenses in the United States and the Netherlands. *See* 18 U.S.C. §§ 1112, 1113; [Doc. 34-1 at 65.]

(6) The individual who appeared before this Court is the same person found guilty in the judgment—namely Dante Jevon Ericson Ottley.

(7) The Government of the Netherlands and Sint Maarten submitted documents that were properly authenticated pursuant to the terms of the Treaty. [*See* Doc. 34-1 at 1, 14; Doc. 34-2.] Those documents include the pertinent text for the crimes for which Ottley has been convicted and sentenced. [Doc. 34-1 at 71-72.]

(8) There is probable cause to believe that the Dante Jevon Ericson Ottley before this Court, the same person identified in the extradition request from the Government of the Netherlands and Sint Maarten, committed the offenses for which extradition is sought. The facts alleged in the extradition request and as described in the verdict from the Court of Appeals support a finding of probable cause. Specifically, the Court of Appeals cited a statement from the surviving victim identifying Ottley as the shooter and a statement from an investigator describing the security camera footage as showing Ottley shooting at the victims.

[Doc. 34-1 at 61.]; *see Afanasjev*, 418 F.3d at 1165 (explaining that unsworn statements of absent witnesses can be admissible and sufficient to justify extradition). Notably, Ottley does not dispute that he was involved in the shooting, but rather argues that he acted in self-defense, as the Court of First Instance found. [Doc. 30 at 10-13.] The government has, however, provided sufficient evidence to establish probable cause to believe that Ottley was not acting in self-defense, as described in the analysis in the verdict from the Court of Appeals. Further, this Court's limited inquiry does not permit an assessment of his guilt or innocence, and a conflict regarding the circumstances of the shooting and whether it was in self-defense should be handled in the court of the requesting country—which it already has been, as described in the Court of Appeals's verdict. *See In re Pena-Bencosme*, 341 F. App'x 681, 683 (2d Cir. 2009) ("[T]he existence of evidence contradicting or calling into question the requesting state's primary evidence ordinarily has no import as it does not vitiate or obliterate probable cause, but rather merely 'pose[s] a conflict of credibility' that generally 'should properly await trial in [the requesting country].'"). The undersigned is tasked to determine only whether there are facts and circumstances sufficient to warrant a prudent man in believing that Ottley committed the extraditable offenses, and here, it is clear there are such facts and

circumstances—he admitted to being involved in a shooting that killed one man and injured another before the Court of First Instance and the Court of Appeals, and he was convicted and sentenced for those offenses. [*See* Doc. 34-1 at 62]; *Grider*, 618 F.3d at 1257.

(9) The evidence before this Court is sufficient to justify Ottley's arrest and committal for trial if the offenses had been committed in the United States. This finding rests upon the documents submitted by the Government of the Netherlands and Sint Maarten in this matter, including a decision from the Court of Appeals in Sint Maarten convicting and sentencing Ottley.

(10) Ottley's arguments opposing extradition are not persuasive. First, the Court declines to revisit its previous ruling rejecting his arguments in support of his motion to dismiss. Second, Ottley's concerns about the prison conditions in Sint Marteen run far afield of the probable cause inquiry that is within the Court's scope of review. *See Arias Leiva v. Warden*, 928 F.3d 1281, 1285, 1294-95 (11th Cir. 2019). They instead relate to the fairness of the penal system there, which this Court is precluded from assessing. *See id.* at 1295 ("We have neither the power nor competence to consider a foreign fugitive's concerns about the fairness of his country's criminal justice system, let alone halt his extradition on that basis—that

kind of consideration is properly addressed to the Executive Branch."). Third, that the conviction was *in absentia* does not bear on the credibility of the decision, given that Ottley was present with counsel throughout his legal proceedings and was absent only when the verdict was rendered because he apparently was fleeing the country, as he entered the United States a day later. [Doc. 16-1 at 44]; *see Arias Leiva*, 928 F.3d at 1285, 1294 (finding that an *in absentia* conviction provided sufficient evidence of criminality to establish probable cause for extradition purposes).

### III.  CONCLUSION

For the foregoing reasons, pursuant to 18 U.S.C. § 3184 and the above findings, I certify the extradition of the Fugitive, Dante Jevon Ericson Ottley, to Sint Maarten on the charges of co-perpetrating manslaughter and co-perpetrating attempted manslaughter and commit Ottley to the custody of the United States Marshal pending further decision on extradition and surrender by the Secretary of State pursuant to 18 U.S.C. § 3186.

It is further **ORDERED** that the United States Attorney for this judicial district shall forward a copy of this Certification and Order together with a copy of

all transcripts of proceedings and copies of documents received into evidence in this matter, to the Secretary of State.

IT IS SO ORDERED, this 13th day of April, 2023.

_____
JOHN K. LARKINS III
United States Magistrate Judge