# EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-02162-S6
3/30/2023 3:05 PM
TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☐ **Superior or** ☐ **State Court of** _____ **County**

| **For Clerk Use Only** | 23-C-02162-S6 |
|---|---|
| **Date Filed** _____ <br> **MM-DD-YYYY** | **Case Number** _____ |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - OE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-02162-S6
3/30/2023 3:05 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Paul Araujo**

_____

_____

CIVIL ACTION
NUMBER:_____

PLAINTIFF

VS.

23-C-02162-S6

**Garrison Property and**

**Casualty Insurance Company**

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Tyler R. Watkins - Gorinshteyn & Watkins, LLC
3217 S Cherokee Lane, Suite 740
Woodstock, GA 30188

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____ 30th day of March, 2023 _____, 20_____.

Tiana P. Garner
Clerk of State Court

By_____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

0901119cb60cb04a

USAA Confidential

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02162-S6**
**3/30/2023 3:05 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

PAUL ARAUJO,

    Plaintiff,

       v.

GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.

Civil Action Number:

    23-C-02162-S6

---

## COMPLAINT

---

Plaintiff files this Complaint against Defendant for its refusal to pay medical payments coverage.

1.

Defendant is a foreign corporation that can be served via its registered agent Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

2.

Defendant is subject to the jurisdiction of this Court.

3.

Venue is proper in this Court against Defendant pursuant to O.C.G.A. § 33-4-1(4).

4.

On February 15, 2020, Plaintiff was injured in a car crash caused by the negligence of another driver.

5.

As a direct and proximate result of her injuries from the crash, Plaintiff incurred reasonable and necessary medical expenses in the amount of $49,209.57, broken down as follows:

USAA Confidential

| Medical Provider | |
|---|---|
| Orthopaedic & Spine Surgery (Spine Center Atlanta) | $46,497.57 |
| Piedmont ED Professional, LLC | $482.00 |
| Piedmont Healthcare (Atlanta Hospital) | $2,193.20 |
| Radiology Assoc of Atlanta PA | $37.00 |
| Total: | $49,209.77 |

6.

At the time of the crash, Plaintiff was covered by an automobile insurance policy issued by Defendant that provided for medical payment coverage in the amount of $50,000.00, covering bodily injury caused by the negligence of another person.

7.

Plaintiff's incurred medical expenses are covered under her policy with Defendant.

8.

On October 11, 2022, pursuant to O.C.G.A. § 33-4-6, Plaintiff sent a demand to Defendant, along with supporting documentation, for payment of the $49,209.77 in medical payment coverage.

9.

Defendant failed to comply with Plaintiff's demand for medical payments coverage.

10.

Plaintiff complied with all conditions precedent for payment of his medical payments coverage.

11.

Defendant breached its contract with Plaintiff by failing to make payment of her medical payments coverage.

USAA Confidential

0901119cb60cb04a

12.

Defendant was negligent in failing to pay Plaintiff his medical payments coverage.

13.

Defendant placed its own interests ahead of the interests of its insured, Plaintiff.

14.

Defendant failed to exercise good faith in the payment of Plaintiff's medical payments coverage.

15.

Defendant's acts and omissions is the sole and proximate cause of Plaintiff not receiving his medical payments coverage.

16.

Defendant has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense, pursuant to O.C.G.A. § 13-6-11.

17.

Pursuant to O.C.G.A. § 33-4-6, Defendant's refusal to pay Plaintiff's medical payment coverage amounts to bad faith requiring a statutory penalty of $24,604.79 and Plaintiff's reasonable attorney's fees.

**WHEREFORE**, Plaintiff prays:

(a)     That Summons and a copy of this Complaint be served on Defendant;

(b)     That judgment be entered against Defendant in favor of Plaintiff for the amount of his medical payment coverage;

(c)     That Plaintiff recover expenses of litigation pursuant to O.C.G.A. § 13-6-11 on the ground that Defendant has acted in bad faith, has been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense;

(d)     That Plaintiff recover from Defendant statutory penalties and Plaintiff's reasonable attorney's fees under O.C.G.A. § 33-4-6;

0901119cb60cb04a

USAA Confidential

(e)     That all costs of this action by cast upon Defendant; and

(f)     That Plaintiff be granted any and all further relief as is just and proper.


This 30 March 2023.

**GORINSHTEYN & WATKINS, LLC**

/s/ *Tyler R. Watkins*

TYLER R. WATKINS
Georgia Bar Number 183414
Tyler@GWTrial.com
*Attorney for Plaintiff*

3217 S Cherokee Lane
Suite 740
Woodstock, GA 30188
(470) 491-0808
Fax: (404) 330-9206

Page **4** of **4**

USAA Confidential

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

PAUL ARAUJO,

    Plaintiff,

      v.

GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.

Civil Action Number: 23-C-02162-S6

---

## PLAINTIFF'S REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO DEFENDANT

---

### <u>REQUESTS FOR ADMISSIONS</u>

1.

Defendant has been correctly named in the above-styled action insofar as the legal designation of names is concerned.

2.

Defendant has been properly served as a party Defendant in the above-styled action.

3.

Service of process upon Defendant is sufficient in the above-styled case.

4.

The State Court of Gwinnett County has jurisdiction over the subject matter of the above-styled case.

5.

The State Court of Gwinnett County has personal jurisdiction over Defendant as a party in the above-styled case.

USAA Confidential

6.

Venue is proper as to Defendant in Gwinnett County.

7.

Defendant enters into contracts of insurance in the State of Georgia with residents of the State of Georgia.

8.

Defendant issued policy of automobile insurance No. 01275 04 62R 7105 9 ("the Policy").

9.

The Policy afforded $50,000 in medical payments coverage to insureds under the policy.

10.

The Policy afforded medical payments coverage that applied to the 2019 Honda Civic, Vin Number 19XFC2F64KE032484.

11.

Plaintiff was a covered person or otherwise an insured under the Policy, as the driver of the 2019 Honda Civic, Vin Number 19XFC2F64KE032484 during the February 15, 2020 crash.

12.

Defendant has not made payment of Medical Payments Coverage for the medical expenses incurred by Plaintiff for treatment she received as a result of the February 15, 2020 crash.

13.

Defendant received a October 11, 2022 demand letter sent by counsel for Plaintiff, demanding payment under the applicable medical payments coverage under the Policy (the October 11, 2022 demand, the "Demand.")

USAA Confidential

0901119cb60cb04a

14.

The Demand complied with the requirements of O.C.G.A. § 33-4-6.

15.

Defendant did not pay the Demand in the time required by O.C.G.A. § 33-4-6.

16.

Defendant is liable to Plaintiff for payment for $49,209.57 in medical payments coverage, $24,604.79 in penalties and Plaintiff's reasonable attorney's fees under O.C.G.A. § 33-4-6.

## **INTERROGATORIES**

1.

Identify all persons who assisted in drafting the responses to discovery or who provided information necessary for you to respond to such discovery.

2.

If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

3.

Identify all persons who you expect to call as an expert witness at the trial of this case and for each such individual identified provide that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

4.

For each insurance policy of any kind that does or may provide coverage (whether it is your policy or anyone else's policy) for the damages alleged in this case, provide name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject

Page **3** of 9

USAA Confidential

0901119cb60cb04a

case.

5.

Identify all your employees or agents who had a role in evaluating Plaintiff's claim for medical payments coverage.

6.

Identify by jurisdiction, case name, and civil action number, all deposition testimony of all your employees or agents who had a role in evaluating Plaintiff's claim for medical payments coverage from three years before the Plaintiff's accident until today.

7.

Identify by jurisdiction, case name, and civil action number, all cases filed against you which alleged failure to pay a demand made under O.C.G.A. § 33-4-6 within the last three years in the state of Georgia.

8.

State the name and address of every person known to you, your agents, or attorneys, who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

9.

Identify all experts you have retained or employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, what you retained or employed them for. *This interrogatory does not seek the facts known or opinions held by such expert(s), merely the information necessary for Plaintiff to make a showing of exceptional circumstances under O.C.G.A. § 9-11-26(b)(4)(B).*

Page **4** of **9**

USAA Confidential

0901119cb60cb04a

10.

Identify by name and address each person who you know has given a statement in this case (whether written, stenographic, mechanical, electrical, videotaped, or other recording or transcription), and the date such statement was made.

11.

State whether you have determined if Plaintiff complied with all conditions precedent for payment of his medical payments coverage, the date you made such determination, and the factual basis for such determination.

12.

State the factual basis and process by which you determined the value of Plaintiff's claim for medical payments coverage and the date you made such determination.

13.

If you contend that you are entitled to an offset in this lawsuit for money paid by you to Plaintiff under the provisions of any policy of insurance providing coverage to Plaintiff, state: a) every specific provision of that policy on which you rely and b) every specific provision of law on which you rely.

14.

If you contend that any of Plaintiff's medical treatment that Plaintiff is claiming to have incurred because of the crash was not reasonable and necessary, then state such and identify what facts you rely on in support.

15.

If you contend that any of Plaintiff's medical expenses that Plaintiff is claiming to have incurred because of the crash was not reasonable and necessary, then state such and identify what facts you rely on in support.

USAA Confidential

0901119cb60cb04a

16.

Describe the precise methodology employed by Defendant in determining whether the medical treatment received by Plaintiff was caused by the crash at issue.

17.

Identify any physician, nurse, or other person with medical training who came to any conclusion that treatment received by Plaintiff was not caused by the crash at issue and the reasons such a conclusion was reached.

18.

Explain the factual basis for Defendant's failure to pay the Demand.

19.

If you contend that the Demand was in any way insufficient or non- compliant with O.C.G.A. § 33-4-6, provide the precise factual basis for such a contention.

20.

Identify all documents you relied upon to demonstrate and support facts in support of your affirmative defenses and denials in your Answer to Plaintiff's Complaint. E. H. Siler Realty c. Broker v. Sanderlin, 158 Ga. App. 796, 798 (1981) ("Interrogatories requesting the listing of all documents relied upon to demonstrate and support facts relevant to the litigation would be within the permissible scope of discovery.").

## **REQUESTS FOR PRODUCTION**

1.

Your entire claims file relating to Plaintiff pertaining to his claim for medical payments coverage.

2.

All documents relating to any alleged audit or review of the medical bills submitted by

0901119cb60cb04a

USAA Confidential

Plaintiff for his medical payments claim that is the subject of this lawsuit.

3.

All d correspondence or contact between Defendant and any of Plaintiff's treating medical providers identified in the records and bills submitted to you and referenced in the Demand.

4.

All policies of insurance, including declarations sheets, applications or other written materials you generated or issued to Plaintiff which were in effect at the time of the crash at issue.

5.

All statements from Plaintiff in your possession, your agents, attorneys and/or representatives.

6.

All bills, records, reports, or memoranda in your possession, your agents, or representatives pertaining to the injuries sustained by Plaintiff.

7.

All opinions, reports, statements, or other materials prepared or produced by any doctors, nurses, and/or medical technicians regarding their review of Plaintiff's medical records.

8.

All reports, memoranda, or other materials prepared by you, your agents, employees, or representatives wherein the value of Plaintiff's claims for injuries allegedly sustained in the crash at issue are discussed and/or delineated.

9.

All reports, records, lists, or other materials, evidencing the reserves you set for claims that Plaintiff could make for medical payments coverage.

0901119cb60cb04a

USAA Confidential

10.

All documents, records, correspondence, or other things relied on in making your decision not pay medical payments coverage Plaintiff requested, and/or that reference such decision.

11.

All documents, records, correspondence, or other things relied on in making your determination of whether Plaintiff complied with all conditions precedent for payment of medical payments coverage and/or that reference such determination.

12.

All your claims manuals, training manuals, policies and procedures, and other things that address the handling and adjustment of medical payments coverage claims.

13.

The entire claims file relating to Plaintiff's claim for payment of medical payments coverage.

14.

All correspondence from you, your agents, employees, or adjusters, to any persons or entities, other than your attorneys, regarding any matters relating to Plaintiff's claim for medical payments coverage.

15.

All things you have obtained through a request for production of documents or subpoena related to this case.

16.

All documents or things you've relied on to demonstrate facts in support of your affirmative defenses and denials in your Answer to Plaintiff's Complaint. *E. H. Siler Realty c. Broker v. Sanderlin,* 158 Ga. App. 796, 798 (1981).

0901119cb60cb04a

USAA Confidential

17.

All documents setting forth the methodology employed by Defendant in determining whether Plaintiff's medical treatment was "reasonably necessary" or causally related to the car crash at issue.

This 30 March 2023.

**GORINSHTEYN & WATKINS, LLC**

/s/ *Tyler R. Watkins*

_____

TYLER R. WATKINS
Georgia Bar Number 183414
Tyler@GWTrial.com
*Attorney for Plaintiff*

3217 S Cherokee Lane
Suite 740
Woodstock, GA 30188
(470) 491-0808
Fax: (404) 330-9206

0901119cb60cb04a

USAA Confidential

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02162-S6**
**3/30/2023 3:05 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

PAUL ARAUJO,

      Plaintiff,

          v.

GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY,

      Defendant.

Civil Action Number:

23-C-02162-S6

---

### RULE 5.2 COS

---

Pursuant to Uniform State Court Rule 5.2, Plaintiff certifies that a true and correct copy of **Plaintiff's Interrogatories and Requests for Production to Defendant** and **Plaintiff's First Requests for Admissions** were sent for service on Defendant alongside the Summons and Complaint.

This 30 March 2023.

      **GORINSHTEYN & WATKINS, LLC**

      /s/ *Tyler R. Watkins*
      _____
      TYLER R. WATKINS
      Georgia Bar Number 183414
      Tyler@GWTrial.com
      *Attorney for Plaintiff*

      3217 S Cherokee Lane
      Suite 740
      Woodstock, GA 30188
      (470) 491-0808
      Fax: (404) 330-9206



# Notice of Service of Process

null / ALL
**Transmittal Number: 26669491**
**Date Processed: 04/03/2023**

| | |
|---|---|
| Primary Contact: | Sandra Adams<br>United Services Automobile Association<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| Electronic copy provided to: | Griselda Mejia<br>Carmen Solis<br>Debra Brake<br>Ruby Esquivel<br>Danielle Lopez |

| | |
|---|---|
| Entity: | Garrison Property and Casualty Insurance Company<br>Entity ID Number 3692001 |
| Entity Served: | Garrison Property and Casualty Insurance Company |
| Title of Action: | Paul Araujo vs. Garrison Property and Casualty Insurance Company |
| Matter Name/ID: | Paul Araujo vs. Garrison Property and Casualty Insurance Company  (13876318) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Gwinnett County State Court, GA |
| Case/Reference No: | 23-C-02162-S6 |
| Jurisdiction Served: | Georgia |
| Date Served on CSC: | 03/31/2023 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Gorinshteyn & Watkins LLC<br>470-491-0808 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

USAA Confidential