UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | : : : | MDL DOCKET NO. 2974 |
| This document relates to: | : : : : : : | 1:20-md-02974-LMM |
| vs.<br>TEVA PHARMACEUTICALS USA, INC., TEVA WOMEN'S HEALTH, LLC, TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., THE COOPER COMPANIES, INC., and COOPERSURGICAL, INC. | : : : : : : : : : : | Civil Action No.: _____ |

## SHORT FORM COMPLAINT

Come(s) now the Plaintiff(s) named below, and for her/their Complaint against the Defendant(s) named below, incorporate(s) the Second Amended Master Personal Injury Complaint (Doc. No. 79), in MDL No. 2974 by reference. Plaintiff(s) further plead(s) as follows:

1. Name of Plaintiff placed with Paragard: _____

   _____

2. Name of Plaintiff's Spouse (if a party to the case): _____

   _____

3. If case is brought in a representative capacity, Name of Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   _____

   _____

4. State of Residence of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Plaintiff's original complaint:  _____

   _____

5. State of Residence of each Plaintiff at the time of Paragard placement:

   _____

6. State of Residence of each Plaintiff at the time of Paragard removal:

   _____

7. District Court and Division in which personal jurisdiction and venue would be proper:

   _____

   _____

8. Defendants. (Check one or more of the following five (5) Defendants against whom Plaintiff's Complaint is made. The following five (5) Defendants are the only defendants against whom a Short Form Complaint may be filed. No other entity may be added as a defendant in a Short Form Complaint.):

☐    A. Teva Pharmaceuticals USA, Inc.

☐    B. Teva Women's Health, LLC

☐    C. Teva Branded Pharmaceutical Products R&D, Inc.

☐    D. The Cooper Companies, Inc.

☐    E. CooperSurgical, Inc.

9.    Basis of Jurisdiction

☐    Diversity of Citizenship (28 U.S.C. § 1332(a))

☐    Other (if Other, identify below):

_____

10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physician(s) or other Health Care Provider (include City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY)* <br><br> *If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provider (include City and State)** <br><br> **If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
| 2/9/2018 | Dr. Neena Qasba, Baystate Women's Health Services | 10/6/2022 | Dr. Jeffrey Hastings, Kaiser Permanente Roseville Medical Center: Womens Health |
|  |  | 10/12/2022 | Dr. Jeffrey Hastings, Kaiser Permanente Roseville Medical Center: Womens Health |

11. Plaintiff alleges breakage (other than thread or string breakage) of her Paragard upon removal.

☐ Yes

☐ No

12. Brief statement of injury(ies) Plaintiff is claiming:

    _____

    _____

    Plaintiff reserves her right to allege additional injuries and complications specific to her.

13. Product Identification:

    a. Lot Number of Paragard placed in Plaintiff (if now known):

       _____

    b. Did you obtain your Paragard from anyone other than the HealthCare Provider who placed your Paragard:

       ☐ Yes

       ☐ No

14. Counts in the Master Complaint brought by Plaintiff(s):

    ☐ Count I – Strict Liability / Design Defect

    ☐ Count II – Strict Liability / Failure to Warn

    ☐ Count III – Strict Liability / Manufacturing Defect

    ☐ Count IV – Negligence

    ☐ Count V – Negligence / Design and Manufacturing Defect

    ☐ Count VI – Negligence / Failure to Warn

☐ Count IX – Negligent Misrepresentation

☐ Count X – Breach of Express Warranty

☐ Count XI – Breach of Implied Warranty

☐ Count XII – Violation of Consumer Protection Laws

☐ Count XIII – Gross Negligence

☐ Count XIV – Unjust Enrichment

☐ Count XV – Punitive Damages

☐ Count XVI – Loss of Consortium

☐ Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

_____

_____

15. "Tolling/Fraudulent Concealment" allegations:

    a. Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

    ☐ Yes

    ☐ No

    b. If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below:

_____

_____

16. Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:

   a. Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

   ☐ Yes

   ☐ No

   b. If Yes, the following information must be provided (in accordance with Federal Rule of Civil Procedure 8 and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

   i. The alleged statement(s) of material fact that Plaintiff alleges was false: _____

   _____

   ii. Who allegedly made the statement: _____

   _____

   iii. To whom the statement was allegedly made: _____

   _____

   iv. The date(s) on which the statement was allegedly made:

   _____

    the FDA in 1984._____

17. If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

   a. What does Plaintiff allege is the manufacturing defect in her Paragard? _____

6

18. Plaintiff's demand for the relief sought if different than what is alleged in the Master Complaint: _____

_____

19. Jury Demand:

☐ Jury Trial is demanded as to all counts

☐ Jury Trial is NOT demanded as to any count

s/ _____
Attorney(s) for Plaintiff

Address, phone number, email address and Bar information:

_____
_____
_____
_____
        GA Bar 666557
_____