# EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02027-S3**
**3/27/2023 5:05 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Auto-Owners Insurance Company**

CIVIL ACTION NUMBER: ~~22-C-03426-53~~

23-C-02027-S3

PLAINTIFF

VS.

**Sealed Unit Parts Co., Inc.**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Alex McDonald
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street, NE, Ste 800,
Atlanta, GA 30309

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ~~27~~ day of ~~March~~, 20~~23~~.
28th day of March, 2023

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Case 1:23-mi-99999-UNA   Document 1390-1   Filed 04/27/23   Page 3 of 9

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02027-S3**
**3/27/2023 5:05 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY as subrogee of KEVIN TAYLOR & LAURA TAYLOR<br><br>Plaintiff,<br><br>v.<br><br>SEALED UNIT PARTS CO., INC.<br><br>Defendant. | 23-C-02027-S3<br><br>CIVIL ACTION FILE NO._____ |

## COMPLAINT

COMES NOW Plaintiff AUTO-OWNERS INSURANCE COMPANY (hereinafter "Auto-Owners"), as Subrogee of Kevin Taylor and Laura Taylor, and files the following Complaint against Defendant Sealed Unit Parts Co., Inc., and shows the Court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Auto-Owners is a corporation organized and existing under the laws of Michigan, with its principal place of business at 6101 Anacapri Boulevard, Lansing, Michigan 48917, and at all relevant times in this Complaint was authorized to issue insurance policies in the State of Georgia.

2.

Defendant Sealed Unit Parts Co. Inc. (hereinafter "SUPCO") is a corporation organized under the laws of the State of New Jersey with its principal place of business in

1

New Jersey and can be served with the Summons and Complaint through its registered agent Corporation Service Company, Princeton South Corporate Center, 100 Charles Ewing Boulevard, Suite 160, Ewing, New Jersey, 08626.  All times relevant hereto, SUPCO was authorized to engage in business in the State of Georgia, and was engaged in the business of designing, manufacturing, assembling, testing, inspecting, marketing, distributing and selling products such as the one at issue in this lawsuit.  SUPCO is subject to the jurisdiction and venue of the Court pursuant to O.C.G.A. §§ 9-10-91 and 9-10-93, respectively.

3.

Jurisdiction is proper in this Court.

4.

Venue is proper in this Court.

5.

On or about April 23, 2020, and at all relevant times, Auto-Owners had in force an insurance policy issued to Kevin and Laura Taylor, which insured the Taylors against property loss, including fire loss and damage (the "Policy").

6.

The Policy provides for subrogation of rights and/or assignment of rights for Auto-Owners to pursue subrogation in the event of a loss that it has paid to or on behalf of its insured.

**INCIDENT**

7.

Defendant SUPCO designed, manufactured, marketed, advertised, promoted, distributed, sold and ultimately placed into the stream of commerce Supco SCM-150 surge protectors.

8.

On or about April 23, 2020, and for some time prior, the Taylors had a Supco SCM-150 surge protector mounted on an HVAC condensing service unit at their permanent residence, located at 5585 Fitzpatrick Terrace, Peachtree Corners, Gwinnett County, Georgia ("Taylors' Property").

9.

On or about April 23, 2020, the Supco SCM-150 surge protector failed and caused a fire, resulting in extensive damage to the Taylors' Property.

10.

Costs associated with remediation, repair and loss to the Taylors' Property constitute loss or damage covered by the Policy, which were paid by Auto-Owners to, or on behalf of, the Taylors.

11.

Auto-Owners is subrogated to the rights of the Taylors with respect to the losses and damages paid for by Auto-Owners and the claims asserted herein pursuant to the Policy on grounds of contractual subrogation, equitable subrogation, and otherwise.

## COUNT I – NEGLIGENCE

12.

Defendant SUPCO is liable to Auto-Owners on grounds that SUPCO was negligent in one or more ways, each of which proximately caused damage to the Taylors' Property:

(1) Failing to employ that degree of care which is required of a reasonably prudent manufacturer, seller and retailer in the design, manufacturing, inspection, distribution and sale of the subject Supco SCM-150 surge protector;

(2) Failing to conduct adequate safety testing and inspection of the subject Supco SCM-150 surge protector in order to properly determine whether it was capable of performing its intended use; and

(3) Failing to adequately instruct and/or warn the consumer and/or user, particularly the Taylors, of the potential danger(s) posed by the Supco SCM-150 surge protector.

## COUNT II – DEFECTIVE DESIGN AND MANUCATURING

13.

Defendant SUPCO is liable to Auto-Owners on the basis of strict liability under O.C.G.A. § 51-1-11 because it designed, manufactured, advertised, marketed distributed, sold and place in the stream of commerce the subject Supco SCM-150 surge protector, which was not merchantable nor reasonably suited to the use for which it was intended and was otherwise defective and unreasonably dangerous.

14.

The subject Supco SCM-150 surge protector was in the same condition when it left the manufacturer's possession as it was when it failed, and the defects in the subject Supco SCM-150 surge protector were the proximate cause of the fire loss and damages to the Taylors' Property.

## COUNT III – BREACH OF WARRANTIES

15.

Defendant SUPCO is liable to Auto-Owners on the basis that the subject Supco SCM-150 surge protector violated the implied warranty of merchantability in that it was unfit for the ordinary purpose for which it was to be used.

16.

Defendant SUPCO is liable to Auto-Owners on the basis that the subject Supco SCM-150 surge protector violated the implied warranty of fitness for a particular purpose in that SUCPO had reason to know that expected uses of the Supco SCM-150 surge protector created an unreasonable risk of fire.

## COUNT IV – FAILURE TO WARN

17.

Defendant SUPCO is liable to Auto-Owners on grounds that SUPCO violated its duty to exercise reasonable care to warn of the foreseeable dangers of the foreseeable uses of the subject Supco SCM-150.

18.

The Taylors are without any fault in causing the subject fire and their actions did

not contribute in any manner.

## **DAMAGES**

19.

Costs associated with remediation, repair and loss to the Taylors' Property constitute loss or damage covered by the Policy, which were paid by Auto-Owners to, or on behalf of, the Taylors.

20.

The above-described negligence and/or strict liability was the proximate cause of the losses and damages suffered to the Taylors' Property and the resulting repairs, remediation and other costs incurred and paid for by Auto-Owners.

21.

Auto-Owners has incurred damage and loss related to the remediation, repair and loss to the Tayors' Property, due to Defendant SUPCO's negligence, and/or fault, in the amount of $589,900.98.

22.

By way of the foregoing, Auto-Owners is subrogated to Kevin and Laura Taylor's rights against others who may be responsible for the damage to their Property.

WHEREFORE, AUTO-OWNERS prays as follows:

a)   That Auto-Owners be granted a jury trial as to all issues so triable;

b)   That Auto-Owners recover damages against Defendant SUPCO;

c)   That Auto-Owners recover attorneys' fees and costs of litigation pursuant to O.C.G.A. § 13-6-11; and

d) For other such relief as this Court deems just and proper.

This the 27th day of March, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: /s/ Alex McDonald
Alex McDonald
Georgia Bar No. 261161
Attorneys for Auto-Owners

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
alex.mcdonald@swiftcurrie.com

4895-3821-2948, v. 1