IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TINA WETHERINGTON,

      Plaintiff,

v.

WAL-MART STORES EAST, LP
(DELAWARE); PEPSICO, INC.; COCA-
COLA BOTTLING COMPANY
UNITED, INC.; ABC CORPS. 1-2; AND
JOHN DOES 1-3,

      Defendants.

CIVIL ACTION
FILE NO.:  23-C-01590-S6

## <u>DEFENDANTS' NOTICE OF REMOVAL</u>

COME NOW Defendants WAL-MART STORES EAST, LP (DELAWARE);

PEPSICO, INC.; and COCA-COLA BOTTLING COMPANY UNITED, INC., by

and through counsel, and file this Notice of Removal as follows:

1.

Plaintiff TINA WETHERINGTON (hereinafter "Plaintiff") filed a civil action

against Defendants in the State Court of Gwinnett County, State of Georgia, Civil

Action File No. 23-C-01590-S6, on March 10, 2023. A copy of the Complaint and

all pleadings filed in the State Court action are attached hereto as Exhibit "A".

## **Complete Diversity Jurisdiction Exists**

2.

According to her allegations in the Complaint, Plaintiff is a citizen of the State of Florida. *See*, Exhibit "A", Complaint ¶ 1.

3.

For diversity jurisdiction purposes, a "limited partnership is not in its own right "citizen" of the state that created it, and the diversity determination must "be based upon the citizenship of all partners." <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990).

4.

At the time of the filing of the Complaint, Defendant Wal-Mart Stores East, LP was, and currently is, a citizen of Delaware and Arkansas. Wal-Mart Stores East, LP is a Delaware limited partnership. Its sole general partner, WSE Management, LLC, is a Delaware limited liability company. Its sole limited partner, WSE Investment, LLC, is also a Delaware limited liability company. Wal-Mart Stores East, LLC is the sole member of WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is an Arkansas limited liability company. The principal place of business for all entities mentioned is Bentonville, Arkansas.

5.

"A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332 (c) (1).

6.

At the time of the filing of the Complaint, Defendant PepsiCo, Inc. was, and currently is, a North Carolina corporation with its principal place of business in the state of New York. 28 U.S.C. § 1332 (c) (1).

7.

At the time of the filing of the Complaint, Defendant Coca-Cola Bottling Company United, Inc. was, and currently is, a citizen of Alabama, which is both its state of incorporation and the state in which it maintains its principal place of business. 28 U.S.C. § 1332 (c) (1).

8.

Because Plaintiff is a citizen of Florida, Wal-Mart Stores East, LP is a citizen of Delaware and Arkansas, PepsiCo is a citizen of North Carolina and New York, and Coca-Cola Bottling Company United, Inc. is a citizen of Alabama, complete diversity of citizenship exists between Plaintiff and the Defendants for purposes of 28 U.S.C. § 1332 (c) (1).

**The Amount in Controversy Exceeds $75,000.00**

9.

Plaintiff seeks judgment against the named-Defendants for sums in excess of $75,000.00, exclusive of interest and costs.

10.

A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

11.

In her Complaint dated March 10, 2023, Plaintiff asserts that "as a result of Defendants' negligence, Plaintiff suffered ***bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; loss of consortium; lost capacity for the enjoyment of life; and other economic and non-economic damages***." *See*, Exhibit "A", Complaint ¶ 15. (Emphasis added.) Plaintiff also asserts that her "damages ***are continuing in nature*** and Plaintiff will continue to incur ***general and special damages*** in the future*." Id*. (Emphasis added.)  Plaintiff further asserts that she "suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law" and will "***continue to incur such***

***losses in the future***." *Id*. at ¶16. (Emphasis added.)

12.

On April 24, 2023, defense counsel sent a letter to plaintiff's counsel stating that "it appears that complete diversity of citizenship exists between Plaintiff and all defendants." *See* Exhibit "B", Letter to Plaintiff's Counsel. Defense counsel explained that defendant was going to seek removal to Federal Court, unless plaintiff confirmed, and was willing to stipulate, "that the amount in controversy is less than $75,000.00, exclusive of interest and costs." *Id*.

In email correspondence dated April 27, 2023, Plaintiff's counsel confirmed that he was not willing to stipulate the amount in controversy is less than $75,000.00, exclusive of interest and costs. *See* Exhibit "C", Email Correspondence between Plaintiff and Defense Counsel. He did not offer any evidence that the amount was less than $75,000; rather, he stated "we don't know the amount in controversy at this time." *Id*. at p. 1.

13.

Because Plaintiff's counsel is unwilling to say that the amount in controversy is less than $75,000, and because Plaintiff pleads that she is seeking both ***general and special damages*** for a number of claims, including bodily injury, pain and suffering, expenses of medical care, diagnosis, and treatment, loss of consortium,

lost capacity for the enjoyment of life, and other economic and non-economic damages, and that that she will **continue to incur such losses in the future**, the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs.

### Removal is Timely and Proper

14.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days of Defendant Coca-Cola Bottling Company United, Inc. being served.  See, Fed. R. Civ. P. 6(a)(1)(C).  This Notice of Removal is also timely because it is filed within thirty (30) days after receipt by Defendant Coca-Cola Bottling Company United, Inc. of a copy of the initial pleading setting forth the claim upon which this action is based. 28 U.S.C. § 1446(b).

### Venue is Proper in the Northern District

15.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1446(b), and 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants, and the matter in controversy exceeds the sum of $75,000.00.

16.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses Gwinnett County. *See* 28 U.S.C. § 90(a)(2).

## The Unanimity Requirement is Met Here

17.

The Supreme Court has construed the removal statues to require all defendants in a case to consent to removal, thus creating the so-called "unanimity requirement." See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001)(citing Chicago, Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900)).  All Defendants consent to this Notice of Removal.

## Removal is Proper

18.

No previous application for the relief sought herein has been made to this or any other Court.

19.

Good and sufficient defenses to Plaintiff's claims exist.

20.

Within thirty (30) days after service on Defendant, notice is hereby given in

accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

21.

Defendant has given written notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the State Court of Gwinnett County.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "D".

WHEREFORE, it is hereby requested that this Court grant the removal of this case to the United States District Court for the Northern District of Georgia, in which district this suit is pending.

Respectfully submitted this 27th day of April, 2023.

MCMICKLE, KUREY & BRANCH, LLP

BY: */s/ Kevin P. Branch*
 KEVIN P. BRANCH
 Georgia Bar No. 111839
 M. LEIGH MILLER
 Georgia Bar No. 808284
 *Attorneys for Defendants Old Dominion Freight Line, Inc.*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone:  (678) 824-7800
Facsimile:  (678) 824-7801
kpb@mkblawfirm.com
lmiller@mkblawfirm.com

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This brief has been prepared in Times New Roman font, 14 point.

*/s/ Kevin P. Branch*
KEVIN P. BRANCH

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 27, 2023 I electronically filed **DEFENDANTS'**

**NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which

will automatically send email notification of such filing to the following attorneys

of record:

Benjamin Welch, Esq.
MORGAN & MORGAN (ATLANTA)
P.O. Box 57007
Atlanta, GA 30343
bwelch@forthepeople.com
*Attorney for Plaintiff*

This 27th day of April, 2023.

*/s/ Kevin P. Branch*
KEVIN P. BRANCH
