# EXHIBIT "A"



**CT Corporation**
**Service of Process Notification**
03/28/2023
CT Log Number 543508152

## Service of Process Transmittal Summary

**TO:**   Reita Smith
COCA-COLA BOTTLING COMPANY UNITED, INC.
4600 E Lake Blvd
Birmingham, AL 35217-4032

**RE:**   **Process Served in Georgia**

**FOR:**   Coca-Cola Bottling Company United, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Tina Wetherington // To: Coca-Cola Bottling Company United, Inc. |
| **CASE #:** | 23C0159056 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | The Corporation Company (FL), Cumming, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/28/2023 at 14:37 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Natalie Crabbe  nataliecrabbe@ccbcu.com |
| | Email Notification,  Reita Smith  ReitaSmith@ccbcu.com |
| | Email Notification,  Doug Tagtmeyer  DougTagtmeyer@ccbcu.com |
| | Email Notification,  Gianetta Jones  GianettaJones@ccbcu.com |
| | Email Notification,  Gregg Carter  greggcarter@ccbcu.com |
| | Email Notification,  Lucas Gambino  lucasgambino@ccbcu.com |
| | Email Notification,  Nick Gaxiola  nickgaxiola@ccbcu.com |
| | Email Notification,  Michelle Marron  michelemarron@ccbcu.com |
| | Email Notification,  Denise Walker  denisewalker@ccbcu.com |
| | Email Notification,  Sonya Harris  sonyaharris@ccbcu.com |
| | Email Notification,  Reita Smith  ReitaSmith@ccbcu.com |
| | Email Notification,  Brian Daniels  BrianDaniels@ccbcu.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Company (FL) |
| | 106 Colony Park Drive STE 800-B |
| | Cumming, GA 30040 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
03/28/2023
CT Log Number 543508152

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Tue, Mar 28, 2023

**Server Name:**                Drop Service

| Entity Served | COCA-COLA BOTTLING COMPANY UNITED, INC. |
|---|---|
| Case Number | 23-C-01590-S6 |
| Jurisdiction | GA |

| Inserts | | |
|---|---|---|
| | | |



CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**23-C-01590-S**
3/10/2023 5:42 PM
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

# Tina Wetherington

CIVIL ACTION
NUMBER:_____

23-C-01590-S6

PLAINTIFF

VS.

**Coca Cola Bottling Company United, Inc**

**c/o The Corporation Company (FL)**

106 Colony Park Dr., Suite 800-B, Cumming, GA 30040

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Benjamin J. Welch
P.O. Box 57007
Atlanta, GA 30343-1007

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **10th**  day of **March**  , 20**22**.
13th day of March, 2023

Tiana P. Garner
Clerk of State Court

By_____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**23-C-01590-S**
**3/10/2023 5:42 PI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TINA WETHERINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP | ) | **JURY TRIAL DEMANDED** |
| (DELAWARE); PEPSICO, INC; | ) | 23-C-01590-S6 |
| COCA-COLA BOTTLING COMPANY UNITED | ) | |
| INC.; ABC CORPS. 1-2; and JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT FOR DAMAGES**

Plaintiff Tina Wetherington files this Complaint for Damages and brings the following

causes of action against Defendants WAL-MART STORES EAST, LP (DELAWARE);

PEPSICO, INC; COCA-COLA BOTTLING COMPANY UNITED, INC.; ABC Corps. 1-2; and

John Does 1-3, showing this Honorable Court as follows:

### Parties, Jurisdiction, & Venue

#### 1.

Plaintiff is a resident of the State of Florida.

#### 2.

Defendant Wal-Mart Stores East, LP (Delaware) (hereinafter "Walmart") is a Foreign

Limited Partnership with a registered agent for service of process, The Corporation Company (FL),

located at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040 in Forsyth County.

Service of process can be perfected upon Defendant at that address.

1

3.

Defendant PepsiCo, Inc (hereinafter "Pepsi") is a Foreign Profit Corporation with a registered agent for service of process, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805 in Gwinnett County.  Service of process can be perfected upon Defendant at that address.

4.

Defendant Coca-Cola Bottling Company United, Inc. (hereinafter "Coca-Cola") is a Foreign Profit Corporation with a registered agent for service of process, The Corporation Company (FL), located at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040 in Forsyth County. Service of process can be perfected upon Defendant at that address.

5.

Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution and O.C.G.A. § 14-2-510, venue is proper because Defendant Pepsi maintains its registered offices in Gwinnett County.

6.

Defendants ABC Corps. 1-2 are unidentified business entities which are potential, third-party, joint tortfeasors.  Defendants ABC Corps. 1-2 are business entities which owned, managed, operated, maintained, stocked, and/or delivered to the Walmart Supercenter in Tifton, Georgia, and may have contributed to the negligence that injured Plaintiff.  If and when entity Defendants ABC Corps. 1-2 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

7.

Defendant John Does 1-3 are residents of Georgia and are currently unidentified individuals who are potential, third-party, joint tortfeasors.  Defendants John Does 1-3 either

2

owned, managed, operated, stocked, and/or delivered to the Walmart Supercenter in Tifton, Georgia, and may have contributed to the negligence that injured Plaintiff. If and when Defendants John Does 1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

<u>Background Facts</u>

8.

At all material times, Defendant Walmart and ABC Corp. 1 ("Owner Defendants") owned, managed, operated, or otherwise provided services for Walmart Supercenter #1072, which is located at 1830 US Highway 82 W., Tifton, Georgia 31793 (the "Premises" or "Walmart #1072").

9.

At all material times, Defendants Pepsi, Coca-Cola, and ABC Corp. 2 ("Delivery Defendants") made deliveries to and stocked the shelves of Walmart #1072.

10.

On or about April 2, 2021, Plaintiff was lawfully at Walmart #1072, shopping, when Pepsi and Coca-Cola products fells off a center aisle display and struck her (the "Incident").

11.

Prior to the Incident, the Pepsi and Coca-Cola products were improperly stacked on the center aisle display.

12.

As a result of the Incident, Plaintiff was injured.

13.

Defendants negligently caused Plaintiff's injuries.

3

14.

At all relevant times, Plaintiff exercised reasonable care for her own safety.

15.

As the direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; loss of consortium; lost capacity for the enjoyment of life; and other economic and non-economic damages to be proven at trial. Plaintiff's damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

16.

As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

<u>Count I – Active Negligence</u>

17.

Plaintiff repeats and realleges paragraphs 1 through 16 above, verbatim.

18.

At all material times, Delivery Defendants controlled the mode, manner, and means by which they stacked Pepsi and Coca-Cola products on shelves and displays at Walmart #1072. Under Defendants' mode, manner, and means of carrying out these tasks, injuries were reasonably foreseeable.

19.

Delivery Defendants' chosen mode and manner of stacking Pepsi and Coca-Cola products on shelves and displays at Walmart #1072 required Defendants to implement safety procedures to

4

mitigate or eliminate foreseeable risks of harm and resulting injuries.

20.

Delivery Defendants owed customers of Walmart #1072 a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of stacking Pepsi and Coca-Cola products on shelves and displays.

21.

Delivery Defendants had a duty to develop, implement, maintain, comply with, and enforce a safety program or appropriate safety measures to protect customers of Walmart #1072 from the foreseeable risks of harm arising from their stacking of Pepsi and Coca-Cola products on shelves and displays.

22.

Delivery Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.

23.

Delivery Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

(i)     Defendants failed to maintain a safety protocol to protect customers of Walmart #1072 from the foreseeable risk of injuries;

(ii)    Defendants' safety program was inadequate to protect customers of Walmart #1072 from the foreseeable risk of injuries;

(iii)   Defendants negligently failed to comply with, carry out, and enforce their protocols or procedures;

(iv)    Defendants negligently failed to train their employees, contractors, agents,

5

and/or representatives to properly implement their safety program;

(v)     Defendants failed to supervise their employees, contractors, agents, and/or representatives to ensure compliance with their safety program; and/or

(vi)    Defendants failed to warn Plaintiff of the inherent and foreseeable risk of harm arising from Defendants' chosen mode, manner, and means of stacking Pepsi and Coca-Cola products on shelves and displays.

24.

Delivery Defendants' failure to exercise reasonable care in their stacking of Pepsi and Coca-Cola products on shelves and displays at Walmart #1072 caused Pepsi and Coca-Cola products to fall off a center aisle display, strike Plaintiff, and injure her.

25.

Delivery Defendants' negligent stacking of Pepsi and Coca-Cola products on shelves and displays at Walmart #1072 directly and proximately caused Plaintiff's injuries.

26.

Delivery Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents, and representatives committed during the course and scope of their employment and in furtherance of Defendants' business.  Delivery Defendants' employees, contractors, agents, and representatives include, but are not limited to, John Does 1-3.

Count II – Premise Liability

27.

Plaintiff repeats and realleges paragraphs 1 through 16 above, verbatim.

28.

At all material times, Owner Defendants owned, occupied, and were otherwise in

6

possession and control of the Premises.

29.

At all material times, Owner Defendants owed a duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

30.

Further, Owner Defendants owed a duty to inspect the Premises to discover possible dangerous conditions and take reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises. Robinson v. Kroger Co., 268 Ga. 735, 740 (1997).

31.

Owner Defendants' duty of care included:

    a.  Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a hazard or risk;

    b.  Detecting, removing, or otherwise remedying hazardous conditions at the Premises that posed a hazard or risk; and

    c.  Adequately warning invitees about specific hazards in the Premises to enable invitees to avoid harm.

32.

At all material times, Plaintiff was Owner Defendants' invitee.

33.

On the date of incident, Plaintiff was struck by products falling off a center aisle display and was injured.

34.

The display was in such a hazardous condition for such a sufficient length of time that

Owner Defendants knew, or should have known, about it.  The significant amount of time the display was in such a hazardous condition afforded Owner Defendants the opportunity to remedy it and/or warn invitees of the dangerous condition.

35.

The display was in such a hazardous condition for such a sufficient length of time that Owner Defendants knew, or should have known, about it.  The significant amount of time that the display was in such a hazardous condition afforded Defendants the opportunity to remedy or remove the hazard and/or warn invitees of the dangerous condition.

36.

Owner Defendants had notice or should have had notice of the hazardous condition and they controlled the condition of the Premises. Thus, Owner Defendants and their employees, contractors, agents, and representatives had a duty to remediate the hazardous condition or to warn invitees of the hazard.

37.

Owner Defendants breached their duty to Plaintiff when they negligently failed to remedy the center aisle display or warn Plaintiff of the hazardous condition.

38.

As a direct and proximate result of Owner Defendants' negligent failure to remove, remedy, or otherwise address the known hazard, Plaintiff was injured.

39.

As a direct and proximate result of Owner Defendants' negligent failure to keep the Premises safe, Plaintiff was injured.

40.

As a direct and proximate result of Defendants' negligent failure to warn invitees about the hazardous condition, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment against Defendants and, further, Plaintiff prays:

a.      That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b.      That Defendants be served with a copy of Plaintiff's Complaint for Damages;

c.      That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d.      That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e.      That Plaintiff recover general and special damages in amounts to be proved at trial; and

f.      That this Honorable Court order such other and further relief as the Court deems just and proper.

This 10th day of March, 2023.

MORGAN & MORGAN ATLANTA, PLLC

*/s/ Benjamin J. Welch*

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

9

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-01590-S6

3/10/2023 5:42 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __Gwinnett State Court__ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ **MM-DD-YYYY** | Case Number __23-C-01590-S6__ |

**Plaintiff(s)**
Wetherington, Tina

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Wal-Mart Stores East, LP (Delaware)

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| PepsiCo, Inc | | | | |
| Coca-Cola Bottling Company United, Inc. | | | | |
| ABC Corps. 1-2 | | | | |

**Plaintiff's Attorney** Benjamin Welch   **State Bar Number** 459886   **Self-Represented** ☐

## Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - C
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**23-C-01590-S**
3/10/2023 5:42 PM
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

# Tina Wetherington

| | CIVIL ACTION NUMBER:_____ |

PLAINTIFF

23-C-01590-S6

VS.

# Wal-Mart Stores East, LP

### c/o The Corporation Company (FL)

106 Colony Park Dr., Suite 800-B, Cumming, GA 30040

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Benjamin J. Welch
P.O. Box 57007
Atlanta, GA 30343-1007

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **10th**_____ day of **March**_____, 20**22**.
13th day of March, 2023

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**23-C-01590-S**
3/10/2023 5:42 PI
TIANA P. GARNER, CLER

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

# Tina Wetherington

CIVIL ACTION
NUMBER:_____
       23-C-01590-S6

PLAINTIFF

VS.

# PepsiCo, Inc.

## c/o CT Corporation System

**289 S. Culver Street, Lawrenceville, GA 30046-4805**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Benjamin J. Welch
P.O. Box 57007
Atlanta, GA 30343-1007

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This **10th**_____ day of **March**_____, ~~20~~**22**.
              13th day of March, 2023

**Tiana P. Garner**
**Clerk of State Court**

By_____
       **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**23-C-01590-S**
**3/24/2023 11:12 AI**
TIANA P. GARNER, CLER

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TINA WETHERINGTON,                      )
                                        )
        Plaintiff,                      )
                                        )        CIVIL ACTION FILE
    vs.                                 )        NO.: 23-C-01590-S6
                                        )
WAL-MART STORES EAST, LP                )
(DELAWARE); PEPSICO, INC;               )
COCA-COLA BOTTLING COMPANY UNITED       )
INC.; ABC CORPS. 1-2; and JOHN DOES 1-3, )
                                        )
        Defendants.                     )

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

Plaintiff hereby certifies that a true and correct copy of the following was delivered for

service with the Summons and Complaint:

1. Plaintiff's First Request for Admissions to Defendants;

2. Plaintiff's First Interrogatories to Defendants; and

3. Plaintiff's First Request for Production of Documents to Defendants.

This <u>24th</u> day of March, 2023.

                                   **MORGAN & MORGAN ATLANTA, PLLC**

                                   */s/ Benjamin J. Welch*

                                   _____
                                   BENJAMIN J. WELCH
                                   BWelch@ForThePeople.com
                                   Georgia State Bar No.: 459886
                                   Post Office Box 57007
                                   Atlanta, GA 30343-1007
                                   404-965-8811 (Telephone)
                                   404-965-8812 (Fax)
                                   *Attorney for Plaintiff*

1

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**23-C-01590-S**
**3/24/2023 11:12 AN**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TINA WETHERINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | NO.: 23-C-01590-S6 |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE); PEPSICO, INC; | ) | |
| COCA-COLA BOTTLING COMPANY UNITED | ) | |
| INC.; ABC CORPS. 1-2; and JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUEST FOR
### ADMISSIONS TO DEFENDANTS

Plaintiff hereby requests that Defendants Wal-Mart Stores East, LP (Delaware); PepsiCo,

Inc; and Coca-Cola Bottling Company United, Inc., admit for the purpose of this action the truth

of the following facts within forty-five (45) days after the date of service hereof and in conformity

with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in

detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny

the request in its entirety, please specify that part which you cannot admit or deny and state in

detail the reasons for any such qualifications. If you assert any claim of privilege in response to

any or all of these requests, set forth, with respect to each such request(s) as to which a claim of

privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.)

and the basis for your claim.

### REQUESTS FOR ADMISSION

1.

Please admit that this Court has personal jurisdiction over you for this lawsuit.

1

2.

Please admit that venue for this action is proper as alleged in the Complaint.

3.

Please admit that you were properly served with this Complaint.

4.

Please admit that service of process on you was proper.

5.

Please admit that you are a proper party to this lawsuit.

6.

Please admit that you have been properly named in this lawsuit.

7.

Please admit that all necessary parties are named in the Complaint for this action.

8.

Please admit Plaintiff did not contribute to or cause the injuries she suffered on the date of the incident.

9.

Please admit Plaintiff exercised ordinary care and diligence while on or about the Premises.

10.

Please admit you owed Plaintiff a duty to exercise ordinary care in keeping the Premises and its approaches safe.

11.

Please admit you and/or your employees owed Plaintiff a duty to exercise ordinary care in carrying out your business.

12.

Please admit that you failed to exercise ordinary care in keeping the Premises and its approaches safe on the date of incident.

13.

Please admit that your employees failed to exercise ordinary care in carrying out their duties on the date of incident.

14.

Please admit that you breached your duty of care owed to the Plaintiff.

15.

Please admit that, on the date of incident, you had a written policy for inspecting the Premises.

16.

Please admit that, on the date of incident, your policies and procedures for inspecting the Premises were inadequate.

17.

Please admit that, on the date of incident, you had a written policy for stocking shelves and displays at Walmart Supercenters.

18.

Please admit that, on the date of incident, your policies and procedures for stocking shelves and displays at Walmart Supercenters were inadequate.

19.

Please admit that Plaintiff was injured as a direct and proximate result of your negligence.

3

20.

Please admit that as a direct and proximate result of your acts and omissions, Plaintiff incurred medical expenses and other damages.

21.

Please admit that Plaintiff is entitled to recover damages from you for injuries suffered as a result of your negligence.

22.

Please admit that you possess video and/or still camera footage of Plaintiff at, on, or near the Premises on the date of the incident.

*Plaintiff's First Request for Admissions to Defendants is served upon you together with Plaintiff's Complaint.*

This 24th day of March, 2023.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

4

E-FILED IN OFFICE - E
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**23-C-01590-S**
**3/24/2023 11:12 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TINA WETHERINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | NO.: 23-C-01590-S6 |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE); PEPSICO, INC; | ) | |
| COCA-COLA BOTTLING COMPANY UNITED | ) | |
| INC.; ABC CORPS. 1-2; and JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANTS

Plaintiff, pursuant to O.C.G.A. § 9-11-33, serves upon Defendants Wal-Mart Stores East, LP (Delaware); PepsiCo, Inc; and Coca-Cola Bottling Company United, Inc., Plaintiff's First Interrogatories to Defendants to be answered under oath, within forty-five (45) days from service hereof, and in the form provided by law.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, between the time the answers are served and the time of trial. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiffs within thirty (30) days from receipt of such additional information.

1

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2) "Document" means and includes any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, writings, records, memoranda, drawings, photographs, tapes, stenographic or handwritten notes, studies, publications, books, ledgers, contracts, agreements, financial records, checks, drafts, receipts, bills, invoices, pamphlets, pictures, films, motion pictures, videotapes, videodisks, audiotapes, voice recordings or other sound recordings, maps, graphs, charts, reports, surveys, minutes of statistical compilations, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form; every copy of such writing or record where the original is not in your possession,

2

custody or control, and every copy of such writing or record where such copy is not an identical

copy of an original or where such copy contains any commentary or notation

whatsoever that does not appear on the original.

(3) "Person" shall mean any individual, natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, government, business entity, any other organization or entity, and any group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, present or last known residence address (designating which), telephone number, present or last known employment address (designating which), job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, present or last known address and telephone number, the legal form of such entity or organization, together with the name, address, telephone number and job title of the employee, agent, servant or representative of such entity who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned, the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it,) and state the name, address and telephone number of the person who

presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances, or information, means to give a concise summary of the nature and substance of the facts, circumstances, or information of which discovery is sought.

(5) "Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written, or electronic.

(6) "Date" shall mean the exact day, month, and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## **INTERROGATORIES**

### 1.

Please identify the full and correct legal names of the owner(s), manager(s), and operator(s) of Walmart Supercenter #1072, which is located at 1830 US Highway 82 W., Tifton, Georgia 31793 (the "Premises") and any business located on the Premises on April 2, 2021 (the "date of incident"). **If these are different persons or entities, please identify which party owned and which party managed or operated the identified property and business(es).**

### 2.

Please identify the person(s) responding to these Interrogatories and all individuals providing assistance to you in responding to Plaintiff's First Interrogatories.

4

3.

If you contend that Plaintiff has brought action against the wrong entity, please state the complete name of the correct defendant(s) to this action and all factual allegations supporting your contention.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(2), please identify all policy or policies of liability insurance, including excess coverage, which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiffs against Defendants or against any other person, firm, or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information, or belief:

(a) Were eyewitnesses to the incident that gives rise to this lawsuit;

(b) Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, which were not identified in sub-part (a);

(c) Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence; and

(d) Assisted Plaintiff on the Premises after the incident.

6.

Please identify all persons who have given written or recorded statements concerning the facts and/or circumstances of the incident which is the subject matter of this litigation, and identify each person or entity taking each statement, and the date each statement was taken.

7.

Please identify any photographs, diagrams, or other pictorial representations, including security camera footage, concerning the events and happenings alleged in Plaintiff's Complaint.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident described in Plaintiff's Complaint.

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

10.

Please identify each person, employed by any Defendant, who was present and/or working at any time on the Premises on the date of the incident or within the twenty-four (24) hours prior to the incident. Specify which Defendant(s) employed each person identified and note which individuals are no longer employed by said Defendant(s). For each individual no longer employed by said Defendant(s), please provide last-known contact information.

11.

To your information or belief, has there been any surveillance, photographs, or videos of Plaintiff or her family members?  If so, please identify what party was photographed or videoed

6

and identify all persons who now have or have had custody and/or control of any records, tapes, films, or other recording of such surveillance.

12.

Please state each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

13.

Please state whether, prior to the incident which is the subject of Plaintiff's Complaint, any procedure, policy, or program existed for the regular inspection of the Premises by Defendants or someone acting on their behalf, which was designed to identify and/or discover potential hazards to the users of the Premises thereof.  If so:

(a)  Provide a general description of each such procedure, policy, or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure, policy, or program;

(b)  State the regularity with which each such procedure, policy, or program was to be implemented or conducted, if applicable;

(c)  State whether the procedure, policy, or program had been carried out prior to the date of the incident;

(d)  If the procedure, policy, or program had been carried out prior to the date of the incident, state the date on which this occurred;

(e)  State whether the procedure, policy, or program was carried out on the date of incident; and

(f)   Identify all documents relating to each such procedure, policy, or program and their findings.

14.

Please identify any and all procedures, policies, or programs existing on the date of incident for the stocking of shelves and/or the organizing of center aisle displays at the Premises. In your response, please include the following:

(a)   A general description of each procedure, policy, or program, including all timing requirements for performing the inspection(s);

(b)   The identity of each person charged with implementing and conducting each procedure, policy, or program;

(c)   The identity of all documents relating to each procedure, policy, or program;

(d)   Any potential findings and the required response to any findings;

(e)   Whether each procedure, policy, or program was carried out on the date of incident and when the last time they were carried out prior to the incident at issue in this case; and

(f)   Whether each procedure, policy, or program was carried out on the date of incident on the Premises and its approaches in response to the incident at issue in this case.

15.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendants or Defendants' agents and servants? If your answer is yes, please identify:

(a)   The party whom you contend was guilty of such negligence;

(b)   Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

8

(c)  Each and every fact and reason upon which you base your contentions; and

(d)  Every person who has any knowledge or information concerning each such fact.

16.

Please identify any and all incident reports and/or documentary writings made by you which concern the incident at issue in this case. With your response, describe when incident reports should be created and the process and procedure for creating incident reports in response to events involving injuries occurring on the Premises and its approaches.

17.

Please identify any and all safety manuals, employee handbooks, and written procedures in effect on and prior to the date of incident.

18.

Please identify all managers of the Premises working on the date of incident and the five (5) days prior to the date of incident.

19.

Please identify all individuals that made deliveries of Pepsi or Coca-Cola products to the Premises on the date of incident and the five (5) days prior to the date of incident and the entities that employed those individuals.

20.

Please state the last time one of your employees inspected and/or checked on the center aisle display that Plaintiff was next to when the incident occurred.

*Plaintiff's First Interrogatories to Defendants are served upon you together with Plaintiff's Complaint.*

This <u>24th</u> day of March, 2023.

                                               **MORGAN & MORGAN ATLANTA, PLLC**

                                               */s/ Benjamin J. Welch*

                                               _____

                                               BENJAMIN J. WELCH
                                               BWelch@ForThePeople.com
                                               Georgia State Bar No.: 459886
                                               Post Office Box 57007
                                               Atlanta, GA 30343-1007
                                               404-965-8811 (Telephone)
                                               404-965-8812 (Fax)
                                             *Attorney for Plaintiff*

10

E-FILED IN OFFICE - C
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**23-C-01590-S**
**3/24/2023 11:12 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TINA WETHERINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | NO.: 23-C-01590-S6 |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE); PEPSICO, INC; | ) | |
| COCA-COLA BOTTLING COMPANY UNITED | ) | |
| INC.; ABC CORPS. 1-2; and JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiff, pursuant to O.C.G.A. § 9-11-34, serves upon Defendants Wal-Mart Stores East, LP (Delaware); PepsiCo, Inc; and Coca-Cola Bottling Company United, Inc., Plaintiff's First Request for Production of Documents to Defendant Wal-Mart Stores East, LP (Delaware) to be answered under oath, within forty-five (45) days from service hereof, and in the form provided by law.

Written responses to Plaintiff's Request for Production of Documents are to be served within forty-five (45) days from the date of service hereof. The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan and Morgan Atlanta, PLLC., 191 Peachtree St. NE, #4200, Atlanta, GA 30303 on the forty-fifth (45th) day from the date of service hereof unless the forty-fifth (45th) day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or at such other time, date, and location agreed to by counsel for Defendant and the undersigned counsel. In lieu of this, you may attach copies thereof to your written responses to said request for production.

1

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## DEFINITIONS

When used in these Requests, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Requests, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to the Defendant to whom these requests are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators, and anyone else acting on your or their behalf.

(2) "Document" means and includes any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, writings, records, memoranda, drawings, photographs, tapes, stenographic or handwritten notes, studies, publications, books, ledgers, contracts, agreements, financial records, checks, drafts, receipts, bills, invoices, pamphlets, pictures, films, motion pictures, videotapes, videodisks, audiotapes, voice recordings or other sound recordings, maps, graphs, charts, reports, surveys, minutes of statistical compilations, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if

2

necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

(3) "Person" shall mean any individual, natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, government, business entity, any other organization or entity, and any group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, present or last known residence address (designating which), telephone number, present or last known employment address (designating which), job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, present or last known address and telephone number, the legal form of such entity or organization, together with the name, address, telephone number and job title of the employee, agent, servant or representative of such entity who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned, the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of

3

identifying it,) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

(5) "Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

(6) "Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## DOCUMENTS TO BE PRODUCED

1.

Please produce each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted in your Answer to Plaintiff's Complaint.

2.

Please produce any and all photographs, videos, drawings, maps, or sketches of the scene of the incident and/or of the incident itself described in Plaintiff's Complaint.

4

3.

Please produce any surveillance photographs, movies or videotapes made of Plaintiff at or on the real property located at 1830 US Highway 82 W., Tifton, Georgia 31793 (the "Premises") on April 2, 2021 (the "date of incident").

4.

Please produce every insurance agreement under which an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

Please produce all documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

6.

Please produce each and every document comprising a report made by any person, firm, association, or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Please produce each and every document comprising a report made by any person you expect to call as an expert witness at the trial of this case.

8.

Please produce every document provided to you by any expert you expect to call as an expert witness at the trial of this case that relate to any facts about the subject matter of this action.

9.

Please produce every document provided <u>by</u> you to any expert you expect to call as an expert witness at the trial of this case that relate to any facts about the subject matter of this action.

10.

Please produce each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories.

11.

Please produce all statements in your possession, made or provided by Plaintiff, which concern the subject matter of this action.

12.

Please produce all documents that discuss, review, explain, outline, and/or define your procedure(s) for reporting, taking, and/or filing incident reports, <u>effective on the date of this incident</u>.

13.

Please produce the safety policies, manuals, standards, guidelines, handbooks, memos, and procedures, <u>effective on the date of incident</u>, including but not limited to: any references to procedures for inspecting, maintaining, and/or repairing the Premises and its approaches; and any references to procedures for identifying and removing hazards and/or hazardous conditions on the Premises and its approaches.

14.

Please produce the safety policies, manuals, standards, guidelines, handbooks, memos, and procedures, <u>effective on the date of incident</u>, including but not limited to: any references to procedures for the stocking of shelves and/or the organizing of center aisle displays at the Premises.

15.

Please produce the safety policies, manuals, standards, guidelines, handbooks, memos, and procedures effective <u>after</u> the date of incident.

16.

Please produce copies of all of your employee personnel files, timesheets, and reports for all employees present on the Premises on the date of incident.

17.

Please produce copies of all of your employee personnel files, timesheets, and reports for all employees that made deliveries to the Premises on the date of incident and within the fourteen (14) days prior to the date of incident.

18.

Please produce a copy of all witness and employee statements gathered in conjunction with any incident report you prepared regarding the incident at issue in this case.

19.

A copy of all documents you receive in response to a subpoena, document production request, or request to produce which were provided by any party other than Plaintiff in this matter.

20.

Produce copies of every single written correspondence you received from Plaintiff or Plaintiff's representatives, including Plaintiff's attorney, since the date of incident.

21.

Produce copies of every single written correspondence you received from any Co-Defendant or Co-Defendant's representatives, including attorneys, since the date of incident.

7

*Plaintiff's First Request for Production of Documents to Defendants is served upon you together with Plaintiff's Complaint.*

This 24th day of November, 2022.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Benjamin J. Welch*

BENJAMIN J. WELCH
BWelch@ForThePeople.com
Georgia State Bar No.: 459886
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)
*Attorney for Plaintiff*

8

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01590-S6**

**4/27/2023 2:31 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TINA WETHERINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File Number |
| v. | ) | 23-C-01590-S6 |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE); PEPSICO, INC; | ) | |
| COCA-COLA BOTTLING COMPANY | ) | |
| UNITED INC; ABC CORPS 1-2; and | ) | |
| JOHN DOES 1-3 | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT WAL-MART STORES EAST, L.P.'S ANSWER**

## **AND DEMAND FOR JURY TRIAL**

Comes now, Wal-Mart Stores East, L.P., by and through counsel of record, files this

his/her Answer to Plaintiff's Complaint and shows as follows:

### FIRST DEFENSE

The plaintiff's failure to specifically state the special damages she is seeking in this

litigation bars her recovery.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Defendant pleads improper venue.

1

<u>FOURTH DEFENSE</u>

Responding to the specific allegations of the numbered paragraphs of plaintiff's Complaint, defendant answers:

**PARTIES, JURISDICTION, & VENUE**

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

2.

Defendant admits the allegations contained within this paragraph of Plaintiff's Complaint.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

**BACKGROUND**

8.

Defendant admits that Wal-Mart Stores East, LP operates the subject store located at 1830 US Highway 82 W. Tifton, Georgia 31793. Defendant denies the remaining allegations contained within this paragraph of Plaintiff's complaint.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

3

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

12.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

13.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

15.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

16.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

## COUNT I – ACTIVE NEGLIGENCE

### 17.

Defendant realleges and incorporates by reference his/her answer and defenses to Paragraph 1 through 16 of Plaintiff's Complaint as through fully set for the herein.

### 18.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

### 19.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

### 20.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

### 21.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are den.

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

25.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

## COUNT II – PREMISE LIABILITY

27.

Defendant realleges and incorporates by reference its answer and defenses to Paragraph 1 through 26 of Plaintiff's Complaint as through fully set for the herein.

28.

Defendant that Wal-Mart Stores East, LP operates the subject store located at 1830 US Highway 82 W. Tifton, Georgia 31793. Defendant denies the remaining allegations contained within this paragraph of Plaintiff's complaint.

29.

Defendant admits the allegations contained within this paragraph of Plaintiff's Complaint.

30.

Defendant admits the allegations contained within this paragraph of Plaintiff's Complaint to the extent that this is an accurate statement of law.

31.

Defendant admits it owes all duty of reasonable care as established by Georgia law. Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint to determine if they apply to the subject matter.

32.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

33.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and can neither admit nor deny same. Accordingly, by operation of law, said allegations are denied.

34.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

35.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

36.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

37.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

38.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

39.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

40.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

41

Any allegation, language, or paragraph of plaintiff's Complaint not hereinbefore responded to is specifically Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

WHEREFORE, having fully answered plaintiff's Complaint, defendant prays:

a)      that plaintiff's Complaint be dismissed;

b)      that defendant have judgment in her favor;

c)      that defendant have a trial by jury of twelve persons; and

d)      that defendant have all other proper relief.


[SIGNATURES ON FOLLOWING PAGE]

This <u>27th</u> day of April, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Ryland S. Avery
_____

Brian C. McCarthy
Georgia Bar No. 001322
Ryland S. Avery
Georgia Bar No. 190643
*Attorneys for Defendant*

900 Circle 75 Parkway, Suite 1040
Atlanta, Georgia 30339
(770) 771-6513
bmccarthy@wachp.com
ravery@wachp.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

>Benjamin Welch, Esq.
>MORGAN & MORGAN ATLANTA PLLC
>Post Office Box 57007
>Atlanta, GA 30343-1007
>BWelch@ForThePeople.com

This 27th day of April, 2023.

>WALDON ADELMAN CASTILLA
>HIESTAND & PROUT
>
>/s/ Ryland S. Avery
>_____
>Brian C. McCarthy
>Georgia Bar No. 001322
>Ryland S. Avery
>Georgia Bar No. 190643
>*Attorneys for Defendant*

900 Circle 75 Parkway, Suite 1040
Atlanta, Georgia 30339
(770) 771-6646
bmccarthy@wachp.com
ravery@wachp.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01590-S6**

**4/26/2023 6:28 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TINA WETHERINGTON,

 Plaintiff,

vs.

WAL-MART STORES EAST, LP
(DELAWARE); **PEPSICO, INC.**;
**COCA-COLA BOTTLING COMPANY
UNITED INC.**; ABC Corps. 1-2; and
and John Does 1-3;

 Defendants.

CIVIL ACTION
FILE NO.  23-C-01590-S6

TWELVE PERSON JURY
DEMANDED

### ANSWER OF PEPSICO, INC. TO PLAINTIFF'S COMPLAINT FOR DAMAGES

 COME NOW PepsiCo, Inc., one of the named defendants in this case ("PepsiCo" or "this Defendant"), by and through its undersigned attorneys, and file their Answer to Plaintiff's Complaint for Damages in this case, showing as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against PepsiCo on which relief may be granted.

### SECOND DEFENSE

PepsiCo is not a proper party in this action.

### THIRD DEFENSE

PepsiCo did not breach any legal duty owed to Plaintiff.

### FOURTH DEFENSE

Plaintiff's injuries were not proximately caused by any breach of duty by PepsiCo.

### FIFTH DEFENSE

Plaintiff had equal or superior knowledge, compared to that of PepsiCo, of any alleged hazard on the premises.

### SIXTH DEFENSE

Any alleged hazard complained of was open and obvious, with the result that Plaintiff is barred from any recovery from the Defendants.

### SEVENTH DEFENSE

Plaintiff's own negligence may have been a proximate cause of her claimed injuries and damages, with the result that she would be barred from recovering from the Defendants.

### EIGHTH DEFENSE

In the alternative, Plaintiff's claimed injuries and damages were proximately caused to some degree by her own negligence, with the result that any recovery from the Defendants must be reduced to the extent of Plaintiff's own negligence.

### NINTH DEFENSE

Pending discovery, Plaintiff's claimed injuries and damages were proximately caused in whole or in part by the alleged negligence or fault of one or more non-parties.

### TENTH DEFENSE

To the extent Plaintiff failed to plead her claimed special damages with specificity as required by O.C.G.A. § 9-11-9(g), Plaintiff is barred from recovering those damages.

### ELEVENTH DEFENSE

Some or all the injuries or damages claimed by Plaintiff were not proximately caused by any negligent act or omission of PepsiCo.

### TWELFTH DEFENSE

Plaintiff has failed to join a necessary or indispensable party.

### THIRTEENTH DEFENSE

Plaintiff is not entitled to recover from the Defendants for any medical expenses or treatment that are not shown to be both reasonable and necessary in terms of the nature and extent of treatment itself and the cost thereof.

## FOURTEENTH DEFENSE

To the extent any other entity holds an interest in Plaintiff's potential recovery in this action, Plaintiff is not the real party in interest as to some or all the claims asserted herein, and Plaintiff has failed to join a necessary or indispensable party.

Responding to the numbered paragraphs of Plaintiff's Complaint, PepsiCo shows as follows:

### Parties, Jurisdiction, & Venue

1.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint.

2.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint.

3.

The allegations in Paragraph 3 of Plaintiff's Complaint are admitted.

4.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint.

5.

The allegations in Paragraph 5 of Plaintiff's Complaint are admitted as to this Defendant only, but it is denied that PepsiCo is liable to Plaintiff.

6.

Responding to the allegations in Paragraph 6 of Plaintiff's Complaint, PepsiCo denies that there are any "joint tortfeasors" with PepsiCo regarding the allegations in Plaintiff's

Complaint. PepsiCo is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 6 of Complaint.

7.

Responding to the allegations in Paragraph 7 of Plaintiff's Complaint, PepsiCo denies that there are any "joint tortfeasors" with PepsiCo regarding the allegations in Plaintiff's Complaint. PepsiCo is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 7 of Complaint.

<u>Background Facts</u>

8.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint.

9.

The allegations in Paragraph 9 of Plaintiff's Complaint are denied as to this Defendant. PepsiCo is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

10.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint, but it is denied that PepsiCo is liable to Plaintiff.

11.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint, but it is denied that PepsiCo is liable to Plaintiff.

12.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint, but it is denied that PepsiCo is liable to Plaintiff.

13.

The allegations in Paragraph 13 of Plaintiff's Complaint are denied.

14.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

The allegations in Paragraph 15 of Plaintiff's Complaint are denied.

16.

The allegations in Paragraph 16 of Plaintiff's Complaint are denied.

<u>Count I – Active Negligence</u>

17.

PepsiCo repeats, re-alleges, and incorporates its responses in Paragraphs 1 through 16 above as if fully restated here.

18.

The allegations in Paragraph 18 of Plaintiff's Complaint are denied.

19.

The allegations in Paragraph 19 of Plaintiff's Complaint are denied.

20.

The allegations in Paragraph 20 of Plaintiff's Complaint are denied.

21.

The allegations in Paragraph 21 of Plaintiff's Complaint are denied.

22.

The allegations in Paragraph 22 of Plaintiff's Complaint are denied.

23.

The allegations in Paragraph 23 of Plaintiff's Complaint, including numbered subparagraphs "i" through "vi" thereof, are denied.

24.

The allegations in Paragraph 24 of Plaintiff's Complaint are denied.

25.

The allegations in Paragraph 25 of Plaintiff's Complaint are denied.

26.

Responding to the allegations in Paragraph 26 of Plaintiff's Complaint, PepsiCo acknowledges the general principle of *respondeat superior* under Georgia law, but PepsiCo denies that principle applies to PepsiCo case, denies the remaining allegations in this paragraph, and denies any liability to Plaintiff in this case.

Count II – Premise Liability

27.

PepsiCo repeats, re-alleges, and incorporates its responses in Paragraphs 1 through 26 above as if fully restated here.

28.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of Plaintiff's Complaint.

30.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 30 of Plaintiff's Complaint.

31.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 31 of Plaintiff's Complaint, including lettered subparagraphs "a" through "c" thereof.

32.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of Plaintiff's Complaint.

33.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 34 of Plaintiff's Complaint, but PepsiCo denies any liability to Plaintiff.

35.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 35 of Plaintiff's Complaint. The remaining allegations in this paragraph are denied, and PepsiCo denies any liability to Plaintiff.

36.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 36 of Plaintiff's Complaint. The remaining allegations in this paragraph are denied, and PepsiCo denies any liability to Plaintiff.

37.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 37.

38.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39.

PepsiCo is without knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of Plaintiff's Complaint.

40.

The allegations in Paragraph 40 of Plaintiff's Complaint are denied.

PepsiCo denies the allegations in the unnumbered paragraph of Plaintiff's Complaint beginning with "WHEREFORE," including those in lettered subparagraphs "a" through "f" thereof, and denies that Plaintiff is entitled to any of the specific relief requested therein from PepsiCo, except that PepsiCo also demands trial by a jury of 12 persons on all issues so triable.

Any and all allegations of Plaintiff's Complaint that are not specifically responded to herein are denied.

Respectfully submitted this 26th day of April, 2023.

HAWKINS PARNELL & YOUNG LLP

_____
Martin A. Levinson
Georgia Bar No. 141791
Elliott C. Ream
Georgia Bar No. 528281
*Counsel for PepsiCo, Inc.*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400
mlevinson@hpylaw.com
eream@hpylaw.com

31451699                                                  – 8 –

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**TINA WETHERINGTON**,

    Plaintiff,

**vs.**

**WAL-MART STORES EAST, LP**
(DELAWARE); **PEPSICO, INC.**;
**COCA-COLA BOTTLING COMPANY
UNITED INC.**; ABC Corps. 1-2; and
and John Does 1-3;

    Defendants.

**CIVIL ACTION
FILE NO.  23-C-01590-S6**


**TWELVE PERSON JURY
DEMANDED**

<u>**CERTIFICATE OF SERVICE**</u>

I have served counsel of record for all other parties in this case with a true copy of *Answer of PepsiCo, Inc. to Plaintiff's Complaint for Damages* via the Court's electric filing and service system (Odyssey eFileGA), as follows:

Benjamin J. Welch
Morgan & Morgan Atlanta, PLLC
bwelch@forthepeople.com

Kevin P. Branch
M. Leigh Miller
McMickle, Kurey & Branch, LLP
kpb@mkblawfirm.com
lmiller@mkblawfirm.com

Brian C. McCarthy
Ryland S. Avery
Waldon Adelman Castilla Hiestand & Prout
bmccarthy@wachp.com
ravery@wachp.com

    This 26th day of April, 2023.

HAWKINS PARNELL & YOUNG LLP

_____
Martin A. Levinson
Georgia Bar No. 141791
*Counsel for PepsiCo, Inc.*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400
mlevinson@hpylaw.com

31451699

- 9 -