IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMI BARKER,<br><br>    Plaintiff,<br><br>v.<br><br>RFA BRANDS, LLC d/b/a<br>MYCHARGE,<br><br>    Defendant. | Civil Action File No: |

**DEFENDANT'S NOTICE OF REMOVAL**

COMES NOW Defendant, RFA Brands, LLC d/b/a myCharge ("Defendant"), named Defendant in the above-styled civil action, and, by and through its undersigned counsel, petitions this Court for removal of this action from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing this Court as follows:

I.  **THE STATE COURT ACTION**

1.

On February 24, 2023, Plaintiff Ami Barker filed her Complaint for Damages ("Complaint") in the State Court of Gwinnett County, Georgia, thereby initiating a civil action styled as follows: *Ami Barker v. RFA Brands, LLC d/b/a*

*MYCHARGE,* Civil Action File No. 23-C-01254-S2 (the "State Court action"). (*See* true and correct copies of all process and pleadings filed by Plaintiff in the State Court action attached hereto and incorporated herein as Exhibit "A"). Defendant is filing its Special Appearance Answer and Affirmative Defenses to Plaintiff's Complaint contemporaneously herewith within the time permitted under 28 U.S.C. § 1446 and applicable Georgia law.

2.

In this action, Plaintiff asserts product liability, negligence, and punitive damages claims against Defendant in connection with the alleged March 1, 2021 explosion of a myCharge powerbank that Plaintiff contends was "designed and/or manufactured" by Defendant. (*See* Ex. A, Complaint, ¶¶ 5-7). Specifically, Plaintiff contends that she "was recharging a [myCharge] brand power bank using the charging cord that was sold with the power bank" when the device "exploded and caught fire," causing Plaintiff to suffer personal injuries and property damage and incur special and other damages. (*Id.*, ¶¶ 5-11).

## II.   SERVICE OF PROCESS ON DEFENDANT

3.

In April 2021, Defendant submitted an Application for Certificate of Authority for Foreign Limited Liability Company ("Application") with the Georgia

Secretary of State for purposes of obtaining authority to conduct business in Georgia. (*See* true and correct copy of Defendant's April 29, 2021 Application attached hereto and made a part hereof as Exhibit "B"). The Georgia Secretary of State issued a Certificate of Authority to Defendant so as to allow Defendant to transact business in the State of Georgia, which Certificate was effective as of April 6, 2021. (*See* true and correct copy of the Georgia Secretary of State's April 6, 2021 Certificate of Authority attached hereto and made a part hereof as Exhibit "C").

4.

On January 23, 2023, Defendant submitted an Application for Withdrawal of Certificate of Authority ("Application for Withdrawal") to the Georgia Secretary of State, stating therein that Defendant "no longer transacts business in Georgia and surrenders its certificate of authority." (*See* true and correct copy of Defendant's January 23, 2023 Application for Withdrawal attached hereto and made a part hereof as Exhibit "D").

5.

On January 31, 2023, the Georgia Secretary of State issued a Certificate of Withdrawal to Defendant. (*See* true and correct copy of the Georgia Secretary of State's January 31, 2023 Certificate of Withdrawal attached hereto and made a part

hereof as Exhibit "E"). Pursuant to the Certificate of Withdrawal, "RFA Brands, LLC, a foreign limited liability company formed under the laws of Delaware and authorized to transact business in Georgia on 04/06/2021, **has been duly withdrawn on 01/31/2023** under the laws of the State of Georgia." (*Id.*) (emphasis added).

6.

According to an Affidavit of Service filed by Plaintiff in the Stat Court action on March 6, 2023, process server Donnie Briley "served" Plaintiff's summons, Complaint, and discovery requests (collectively, "pleadings") on Defendant on February 27, 2023 by "serving" a copy of the same on CT Corporation System at 289 Culver Street South, Lawrenceville, Gwinnett County, Georgia 30046. (*See* Ex. A, Affidavit of Service). Notwithstanding the foregoing allegations, Defendant contends that such "service" was improper and invalid under Georgia law.

7.

First, because Defendant was regarded as a foreign limited liability company at the time the Complaint was filed, Plaintiff was required to strictly comply with Georgia law with regard to service of process on foreign entities. *See Burgos v. Sand Canyon Corp.*, 2019 U.S. Dist. LEXIS 171617, *4 (M.D. Ga. 2019)

(corporation that obtained certificate of withdrawal of its authority to transact business in Georgia prior to the filing of the lawsuit had to be served with process in strict compliance of statutory requirements concerning service on foreign entities, which required plaintiff to effectuate proper service on the Georgia Secretary of State and mail a copy of such service of process to an officer of the withdrawn corporation).

8.

Second, pursuant to Defendant's January 23, 2023 Application for Withdrawal attached to the January 31, 2023 Certificate of Withdrawal issued by the Georgia Secretary of State, (a) Defendant **revoked** "the authority of its registered agent to accept service or process on its behalf and **appoint[ed] the Secretary of State of Georgia as its agent for service** in any proceeding based on a cause of action that arose during the time it was authorized to transact business in Georgia[;]" and (b) any "process served on [Defendant] after withdrawal from Georgia may be mailed to the following address: RFA Brands, LLC, 123 W. Brown Street, Birmingham, MI 48009." (Ex. E, p. 2) (emphasis added).

9.

Based on the foregoing, Plaintiff's February 27, 2023 purported "service" of process on Defendant by service Defendant's former registered agent (whose

authority to accept service on its behalf was expressly revoked) does not constitute valid and proper service of process on Defendant, a foreign limited liability company, in accordance with Georgia law. *Burgos*, 2019 U.S. Dist. LEXIS 171617, *4.

10.

Because the "removal clock cannot begin before" formal and valid service of process on Defendant and because no proper service has been effectuated on Defendant as of the date hereof, this Notice of Removal is timely despite the Affidavit of Service's contention that "service" was perfected on Defendant on February 27, 2023. *Burgos*, 2019 U.S. Dist. LEXIS 171617, *4; *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1999); 28 U.S.C. § 1446(b).

### III.  DIVERSITY OF THE PARTIES

11.

Plaintiff is an individual "citizen and resident of the State of Georgia" who is domiciled in Henry County, Georgia. (*See* Ex. A, Complaint, ¶ 1). 28 U.S.C. § 1332(c)(1).

12.

Defendant is a foreign Limited Liability Company organized and existing under the laws of the State of Delaware and maintains its principal office at 123 W. Brown Street, Birmingham, Michigan 48009. (*See* Exs. B – E).

13.

A limited liability company "is a citizen of any state of which a member of the company is a citizen." *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). To sufficiently allege the citizenship of a limited liability company for diversity jurisdiction purposes, "a party must list the citizenship of all the members of the limited liability company." *Id.* With regard to an individual person, "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction,' and 'domicile requires both residence in a state and 'an intention to remain there indefinitely.'" *Foster v. Legacy Keys, LLC*, 2017 U.S. Dist. LEXIS 107567, *3 (N.D. Ga. 2017).

14.

Roman Ferber, the sole managing member of Defendant, is an individual resident domiciled in the State of Michigan. (Ex. B, p. 2; Ex. C, p. 2; *see also* a true and correct copy of Defendant's July 30, 2013 Application for Certificate of Authority to Transact Business in Michigan (submitted under Defendant's former

name, RFA Acquisition Co., LLC) attached hereto and made a part hereof as Exhibit "F" at p. 3 and Defendant's August 1, 2023 Certificate Amending Application for Certificate of Authority to Transact Business in Michigan (documenting a name change from RFA Acquisition Co., LLC to RFA Brands, LLC) attached hereto and made a part hereof as Exhibit "G" at p. 3).

15.

Due to Roman Ferber being the sole member of Defendant and a citizen of the State of Michigan, Defendant is deemed a citizen of the State of Michigan. *Mallory*, 663 F.3d at 1305; *Foster,* 2017 U.S. Dist. LEXIS 107567 at *3.

16.

Accordingly, because Plaintiff is a citizen of the State of Georgia and Defendant is a citizen of the State of Michigan, complete diversity exists between the parties for purposes of satisfying § 1332(a). *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (all plaintiffs must be diverse from all defendants for diversity jurisdiction); *see also Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994) ("Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant.").

## IV.     AMOUNT IN CONTROVERSY

*Plaintiff's Complaint*

17.

According to Plaintiff, the explosion of the myCharge powerbank and the fire resulting therefrom caused (1) "Plaintiff to be seriously injured[;]" (2) "significant damage to Plaintiff's home and personal property" in unspecified amounts; (3) Plaintiff to incur "medical expenses in excess of $56,780.05[;]" and (4) Plaintiff pain and suffering for which she is entitled to recover. (*See* Ex A, Complaint, ¶¶ 6, 8-9, 11, 21, 24).

18.

Plaintiff asserts a product liability claim, alleging that (1) Defendant "designed and/or manufactured" the myCharge powerbank at issue in this action, "engaged in the business of selling powerbanks for use and consumption" to the consuming public, and sold the subject powerbank; (2) the subject powerbank was "defective in its design and manufacture," which defects rendered the powerbank "unreasonably dangerous to a person who might reasonably be expected to use or be affected by the product;" (3) the subject powerbank was defective when it left Defendant's control and/or at the time it was sold; and (4) the defects in the design or manufacture of the powerbank proximately caused the product to explode and

catch fire, resulting in serious injuries to Plaintiff, significant damage to Plaintiff's home and personal property, and medical expenses totaling in excess of $56,780.05. (*See* Ex. A, Complaint, ¶¶ 13-21).

19.

Further, Plaintiff contends that (1) Defendant negligently manufactured the subject powerbank "by failing to exercise reasonable care to prevent the product from creating an unreasonable risk of harm to" consumers reasonably expected to use or come in contact with the product, and (2) such alleged negligence proximately caused Plaintiff to be seriously injured and caused Plaintiff to incur medical expenses in excess of $56,780.05, thereby entitling her to recover special and general damages. (*See* Ex. A, Complaint, ¶¶ 23-24).

20.

Additionally, Plaintiff asserts that Defendant "knowingly manufactured, packaged, and sold the powerbank without including reasonable, necessary, and inexpensive safeguards that would have prevented Plaintiff's injuries," thereby demonstrating an entire lack of care and conscious disregard for the safety of consumers using the product and entitling Plaintiff to "exemplary damage to deter similar conduct in the future and to punish Defendant . . . for its wrongful acts[.]" (*See* Ex. A, Complaint, ¶¶ 26-27).

21.

Lastly, Plaintiff claims Defendant acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense entitling her to recover attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11. (*See* Ex. A, Complaint, ¶ 29).

***Amount in Controversy***

22.

To determine whether the jurisdictional threshold is met, the Court must assume Plaintiff will "prevail" on all claims, and then assess whether "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000.00]." *Burns v. Windsor, Inc.*, 31 F.3d 1092, 1096 (11th Cir. 1994); *St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 288 (1937). Further, "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). As stated recently in an Eleventh Circuit decision:

> [District courts] may make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Courts may use their

> judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. Complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.*, 233F.3d 880, 883 (5th Cir. 2000) (concluding that plaintiffs unspecified damages, including permanent disfigurement as well pain and suffering, satisfied the "facially apparent" inquiry).

*Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) (citations and punctuation omitted); *see also Goodrich v. Fisher-Price, Inc.*, 2016 U.S. Dist. LEXIS 188876, *2 (N.D. Ga. 2016) ("judicial experience and common sense dictates that the amount in controversy" met in products liability case involving severe injuries to minor child despite complaint's failure to specify amount of claimed damages).

23.

It is also well settled that an open-ended claim for punitive damages **must** be considered in any calculation of the amount in controversy. *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered."); *Painter v. Sixt Rent a Car, LLC*, 2020 U.S. Dist. LEXIS 193767, *6 (N.D. Ga. 2020). Likewise, "[w]hen a statute authorizes the recovery

of attorney's fees, a reasonable amount of those fees is included in the amount in controversy" analysis for diversity jurisdiction purposes. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

24.

When taking as true Plaintiff's allegation that she incurred in excess of $56,780.05 in medical expenses as a result of Defendant's purported conduct, this only leaves a gap of $18,220.95 to bring Plaintiff's damages claim to a total of $75,001.00 (or, above the jurisdictional threshold). Additionally, "[c]ommon sense suggests that punitive damages adequate to punish and deter [a corporate defendant] in a products liability case would amount to more than" $18,220.95 so as to raise the amount in controversy above the jurisdictional limit. *See Painter v. Sixt Rent a Car, LLC*, 2020 U.S. Dist. LEXIS 193767, *6 (amount in controversy requirement met when plaintiff claimed $65,000 in damages and asserted a punitive damages claim against numerous corporate defendants in products liability case as a successful punitive damages claim would result in award in excess of $10,000). While Defendant contends that Plaintiff's claim for medical expenses in excess of $56,780.05 and punitive damages claim are sufficient to satisfy the amount in controversy requirement without regard to any other claimed damages, this is especially true when taking into account Plaintiff's claim that she

is entitled to recover property damages in an unspecified amount to compensate for damage to her home and personal property and fees and expenses authorized by O.C.G.A. § 13-6-11. *Compare Clark v. LG Elecs. USA, Inc.*, 2019 U.S. Dist. LEXIS 196046, *5-6 (N.D. Ga. 2019) (amount in controversy requirement not met despite claim of punitive damages when complaint failed to specify amount of damages beyond claiming $4,000 in past medical expenses and property damage to bed sheets, carpet, and a mattress).

25.

Accordingly, based on the factual allegations in the Complaint when taken as true, the nature of Plaintiff's substantive and injury claims, and the fact that Plaintiff claims $56,780.05 in past medical expenses (leaving only a gap of $18,220.95 in damages to take her claim beyond the jurisdictional threshold), common sense dictates that the amount in controversy in this action exceeds $75,000 (exclusive of interests and costs).

### REMOVAL BASED ON DIVERSITY JURISDICTION IS PROPER IN THIS CASE

26.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441 because (i) complete diversity exists between the named parties to this

action, and (ii) the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

27.

By service of a copy of this Notice of Removal, as evidenced by the Certificate of Service attached hereto, Defendant hereby gives notice of such removal to Plaintiff as required by 28 U.S.C. § 1446.

28.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Gwinnett County, Georgia, as required by 28 U.S.C. § 1446(d).

29.

Nothing stated herein shall be deemed an admission by Defendant as to liability, causation, and/or damages allegedly owed to Plaintiff.

WHEREFORE, Defendant prays that (a) the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, (b) this Court take cognizance and jurisdiction over this action from the State Court of Gwinnett County, Georgia, and (c) this action proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

The undersigned has read this Notice of Removal and, to the best of her knowledge, information, and belief, formed after reasonable inquiry, has determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Submitted this 28th day of April, 2023.

|  |  |
|---|---|
|  | **MCANGUS GOUDELOCK & COURIE, LLC** |
| Post Office Box 57365<br>270 Peachtree Street, NW, Suite 1800 (30303)<br>Atlanta, Georgia 30303<br>(678) 510-1526<br>Melody.kiella@mgclaw.com<br>Camille.Dizon@mgclaw.com | /s/*Melody C. Kiella*<br>Melody C. Kiella<br>Georgia Bar No. 206275<br>Camille Dizon<br>Georgia Bar No. 953073<br><br>*Attorneys for Defendant* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMI BARKER,<br><br>    Plaintiff,<br><br>v.<br><br>RFA BRANDS, LLC d/b/a MYCHARGE,<br><br>    Defendant. | Civil Action File No: |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a true and correct copy of the foregoing document upon Plaintiff via electronic filing addressed as follows:

Douglas C. Dumont, Esq.
Andrew C. Audband, Esq.
Kathryn W. Carpenter, Esq.
Ausband & Dumont
825 Fairways Court, Suite 300
Stockbridge, Georgia 30281
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com
*Attorneys for Plaintiff*

I further certify that the foregoing has been prepared with Times New Roman, 14 point font, in compliance with L.R. 5.1(b).

Submitted this 28th day of April, 2023.

                                  **MCANGUS GOUDELOCK & COURIE, LLC**

| | |
|---|---|
| Post Office Box 57365 | /*s/Melody C. Kiella* |
| 270 Peachtree Street, NW, Suite 1800 (30303) | Melody C. Kiella |
| Atlanta, Georgia 30303 | Georgia Bar No. 206275 |
| (678) 510-1526 | Camille Dizon |
| Melody.kiella@mgclaw.com | Georgia Bar No. 953073 |
| Camille.Dizon@mgclaw.com | *Attorneys for Defendant* |