EXHIBIT A



TERRI THONGSAVAT
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS LTR**       **1 OF 1**

SHIP TO:
MICHELLE  DRESSELL GODWIN
2486138931
RFA BRANDS, LLC
123 W BROWN STREET
**BIRMINGHAM  MI  48009**

MI 480 9-01

2000442

40

**UPS NEXT DAY AIR**       **1**
TRACKING #: 1Z X21 278 01 1782 2691

BILLING: P/P

Reference No.1: SOP/2401130/543302976/CT SOP Custo

XOL 23.02.02       NV45 9.0A 02/2023*

Origin: Wolters Kluwer UPS 562130

Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 32
SafetySeal(101761)

# CT Packing Slip

CT Corporation

**UPS Tracking # :** 1ZX212780117822691
**Created By :** BATCH BATCH
**Created On :** 02/27/2023 03:31 PM
**Recipient :**

### Michelle Dressell Godwin

| | |
|---|---|
| Title : | – |
| Customer : | RFA Brands, LLC |
| Address : | 123 W BROWN STREET |
| Email : | michelle.godwin@mdbacpa.com |
| Phone : | -2486138931 | Fax : | – |

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 543302976 | 23C01254S2 | RFA Brands, LLC |

EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
02/27/2023
CT Log Number 543302976

## Service of Process Transmittal Summary

**TO:**    Michelle Dressell Godwin
RFA Brands, LLC
123 W BROWN STREET
BIRMINGHAM, MI 48009-6018

**RE:**    **Process Served in Georgia**

**FOR:**    RFA Brands, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AMI BARKER vs. RFA BRANDS, LLC |
| **CASE #:** | 23C01254S2 |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/27/2023 at 15:02 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780117822691 |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Mon, Feb 27, 2023
**Server Name:**             Drop Service

| Entity Served | RFA BRANDS, LLC |
|---------------|-----------------|
| Case Number   | 23-C-01254-S2   |
| Jurisdiction  | GA              |

| Inserts | | |
|---------|---|---|
| | | |



EXHIBIT A

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**AMI BARKER**

_____

_____

_____

PLAINTIFF

VS.

**RFA BRANDS, LLC**

**d/b/a MYCHARGE**

_____

DEFENDANT

CIVIL ACTION 23-C-01254-S2
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Douglas C. Dumont
Ausband & Dumont
825 Fairways Court, Suite 300
Stockbridge, GA 30281

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____ 24th day of February, 2023 , 20_____.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

EXHIBIT A

CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
23-C-01254-S
2/24/2023 12:39 P
TIANA P. GARNER, CLEF

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

AMI BARKER,                                    :

     Plaintiff,                              :                    CIVIL ACTION FILE NO.
                             :                    23-C-01254-S2

v.                                             :

RFA BRANDS, LLC d/b/a MYCHARGE,                 :

     Defendant.                             :

## COMPLAINT FOR DAMAGES

COMES NOW, AMI BARKER, PLAINTIFF, and hereby files this Complaint for Damages against RFA BRANDS, LLC d/b/a MYCHARGE, DEFENDANT, and shows the Court as follows:

## PARTIES

### 1.

PLAINTIFF AMI BARKER is a citizen and resident of the State of Georgia, and she resides in Henry County, Georgia.

### 2.

DEFENDANT RFA BRANDS, LLC d/b/a MYCHARGE (hereinafter referred to as DEFENDANT "MYCHARGE") is a limited liability company with its principal place of business located at 123 W. Brown Street, Birmingham, Michigan 48009. DEFENDANT MYCHARGE may be served with process as allowed by law, including through its Registered Agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046, as authorized by O.C.G.A. § 14-2-1510 (b).

1

3.

Venue and jurisdiction are proper in this Court as to DEFENDANT.

FACTS

4.

PLAINTIFF incorporates herein by reference the allegations contained in the foregoing paragraphs.

5.

On or about March 1, 2021, PLAINTIFF was recharging a MyCharge brand power bank using the charging cord that was sold with the power bank.

6.

While the power bank was recharging, it exploded and caught fire.

7.

DEFENDANT MYCHARGE designed and/or manufactured the power bank involved in the fire.

8.

As a direct and proximate result of the fact that the MyCharge power bank was defective in design and manufacture, the power bank caused PLAINTIFF to be seriously injured.

9.

The fire caused significant damage to PLAINTIFF'S home and personal property.

10.

The acts and omissions of DEFENDANT MYCHARGE as set forth herein were willful and showed an entire lack of care and a conscious indifference to the consequences, justifying an award of exemplary damages against DEFENDANT MYCHARGE.

2

11.

DEFENDANT MYCHARGE caused PLAINTIFF to suffer personal injuries and damages as a result of the collision, including, but not limited to, medical expenses in excess of $56,780.05.

## COUNT ONE
## STRICT PRODUCTS LIABILITY AGAINST DEFENDANT MYCHARGE

12.

PLAINTIFF incorporates herein by reference the allegations contained in the foregoing paragraphs.

13.

DEFENDANT MYCHARGE designed and/or manufactured the power bank involved in the incident-in-suit.

14.

DEFENDANT MYCHARGE was engaged in the business of selling power banks for use and consumption.

15.

DEFENDANT MYCHARGE sold the power bank involved in the incident-in-suit.

16.

The power bank was defective in its design and manufacture because it was not equipped with adequate and safe batteries and/or charging capabilities. Because of these defects, the power bank was unreasonably dangerous to a person who might reasonably be expected to use or be affected by the product.

17.

The power bank was defective at the time it was sold by the DEFENDANT MYCHARGE or at the time it left DEFENDANT MYCHARGE's control.

18.

The power bank was expected to reach the user without substantial change in the condition in which it was sold.

19.

The power bank did reach the user without substantial change in the condition in which it was sold.

20.

PLAINTIFF was a person who would reasonably be expected to use the power bank, and PLAINTIFF used the power bank in a reasonably foreseeable fashion.

21.

As a direct and proximate result of the defects in DEFENDANT MYCHARGE's power bank, PLAINTIFF is entitled to recover damages, including, but not limited to, medical expenses in excess of $56,780.05, pain and suffering, and any other general or special damages incurred as a result of DEFENDANT MYCHARGE's defective power bank.

## COUNT TWO
## NEGLIGENCE AGAINST DEFENDANT MYCHARGE

22.

PLAINTIFF incorporates herein by reference the allegations contained in the foregoing paragraphs.

4

EXHIBIT A

23.

DEFENDANT MYCHARGE was negligent in manufacturing its MyCharge power bank in that DEFENDANT MYCHARGE failed to exercise reasonable care to prevent the product from creating an unreasonable risk of harm to the person of one who might reasonably be expected to use or be affected by the product while it was being used in the manner. the DEFENDANT MYCHARGE might reasonably have expected.

24.

PLAINTIFF is entitled to recover damages, including, but not limited to, medical expenses in excess of $56,780.05, pain and suffering, and any other general or special damages incurred as a result of DEFENDANT MYCHARGE's defective power bank.

## COUNT THREE
## PUNITIVE DAMAGES AGAINST DEFENDANT MYCHARGE

25.

PLAINTIFF incorporates herein by reference the allegations contained in the foregoing paragraphs.

26.

DEFENDANT MYCHARGE knowingly manufactured, packaged, and sold the power bank without including reasonable, necessary, and inexpensive safeguards that would have prevented PLAINTIFF's injuries. This decision demonstrates an entire lack of care and a conscious disregard for the safety of humans who use DEFENDANT MYCHARGE's products.

27.

As a direct and proximate result of DEFENDANT MYCHARGE's wrongful conduct, PLAINTIFF is entitled to judgment against DEFENDANT MYCHARGE for exemplary

damages to deter similar conduct in the future and to punish DEFENDANT MYCHARGE for its

wrongful acts, in an amount to be determined by the enlightened conscience of the finder of fact.

## COUNT FOUR
## ATTORNEY'S FEES AND EXPENSES OF LITIGATION
## PURSUANT TO O.C.G.A § 13-6-11

28.

PLAINTIFF incorporates herein by reference the allegations contained in the foregoing

paragraphs.

29.

DEFENDANT MYCHARGE has acted in bad faith, has been stubbornly litigious, and/or

has caused PLAINTIFF unnecessary trouble and expense. PLAINTIFF is, therefore, entitled to

recover reasonable attorney's fees and expenses of litigation from DEFENDANT MYCHARGE

in an amount to be determined at trial.

WHEREFORE, PLAINTIFF prays for the following:

a) That Summons be issued and served upon DEFENDANT MYCHARGE as
provided by law;

b) That all issues herein be tried before a jury;

c) That PLAINTIFF have judgment entered in her favor against DEFENDANT
MYCHARGE for all damages recoverable at law including, but not limited to,
medical expenses in excess of $56,780.05;

e) That PLAINTIFF be awarded attorney's fees and expenses of litigation
pursuant to O.C.G.A. § 13-6-11 in an amount to be determined at trial;

f) That PLAINTIFF be awarded punitive damages against DEFENDANT
MYCHARGE in an amount sufficient to punish and deter;

6

g)  That all costs of this action be cast against DEFENDANT MYCHARGE; and,

h)  That PLAINTIFF have such other relief as is just and proper.

Respectfully submitted,

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for PLAINTIFF*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (Facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

7

CLERK OF STATE COUI
GWINNETT COUNTY, GEORG
23-C-01254-S
2/24/2023 12:39 P
TIANA P. GARNER, CLEF

EXHIBIT A

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

AMI BARKER,

      Plaintiff,

v.

RFA BRANDS, LLC d/b/a MYCHARGE,

      Defendant.

CIVIL ACTION FILE NO.

23-C-01254-S2

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT RFA BRANDS, LLC d/b/a MYCHARGE

COMES NOW, PLAINTIFF AMI BARKER, and hereby serves these First Interrogatories upon RFA BRANDS, LLC d/b/a MYCHARGE, DEFENDANT. These Interrogatories are to be answered upon oath and the responses are to be served upon the undersigned counsel within forty-five days (45) from the date of service by mail.

## I. INSTRUCTIONS

A.    When used in these Interrogatories, the term DEFENDANT or any synonym thereof is intended to and shall embrace and include, in addition to DEFENDANT, all agents, servants, representatives, private investigators and others who may have obtained information for or on behalf of DEFENDANT MYCHARGE.

B.    These Interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, so as to require DEFENDANT to serve upon PLAINTIFF supplemental responses if DEFENDANT, DEFENDANT's attorneys, or any person acting on DEFENDANT's behalf obtains further documents or information between the time the answers are served and the time of trial. Such supplemental responses are to be filed and served upon PLAINTIFF within

1

thirty (30) days after receipt of such documents or information.

      C.     In answering these Interrogatories, furnish all information available to you, including information in the possession of your attorneys or their investigators, and all persons acting on your behalf, and not merely such information known of your own personal knowledge.

      D.     If you object to a part of any Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer for that scope or time period, state your objection and answer the Interrogatory for the scope or time period you believe is appropriate.

      E.     If any of the Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any manner, please set forth the details of such qualifications.

      F.     In the event you wish to assert attorney-client privilege, work product exclusion or any other privilege, as to any information, knowledge or fact requested by any of the following Interrogatories, then as to each such Interrogatory subject to such assertion, you are requested to provide PLAINTIFF with an identification of such claimed privileged information, knowledge or fact in sufficient detail to permit the Court to reach a determination as to the asserted privilege in the event of a motion to compel, and an indication of the basis for assertion of privilege or the like.

## II. DEFINITIONS

      A.     As used herein, the term "document" whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil

EXHIBIT A

Practice Act, and shall include without limitation, the following items, whether original, master or copy, printed, recorded, filmed, reproduced by any process, written, or produced by hand, that are or have been in the possession, control or custody of DEFENDANT, whether or not claimed to be privileged against discovery on any grounds, namely: agreements; notes and memoranda; papers; communications, including intra-company and inter-company communications; letters; correspondence; cablegrams; radiograms; telegrams; telexes; facsimiles; e-mails; evaluations; summaries, records and minutes of telephone conversations, meetings or conferences, including lists of persons in attendance at the conversations, meetings or conferences; summaries and records of personal conversations or interviews; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants and experts; reports and summaries of negotiations; any type of sound or visual production materials, including tape recordings and film; computer records; computer discs; computer or business machine printouts; computer databases; files or programs; medical records; publications; calendars; datebooks; diaries; journals; charts; compilations; studies; plans; sketches; drawings; maps; photographs; books; manuals; brochures; pamphlets; catalogs; catalog sheets; advertisements and circulars; trade letters; press and publicity releases; articles of incorporation; bylaws; minutes of board of directors meetings; office manuals; employee manuals; company rules and regulations, drafts or originals; telephone logs or records; calling card billing statements; credit card billing statements; telephone billing statements; invoices; receipts; expense reports; expense vouchers; cancellation notices; collection notices; financial statements; bank statements; deposit slips; checks; ledgers; payroll stubs; paycheck receipts; vouchers; accountant's work papers, statements, writings, and/or notations of records of meetings; contracts; promissory notes; leases; loan agreements; preliminary notes or marginal comments appearing on any document;

3

stenographic or handwritten notes; every copy where the original is not in the possession, custody or the control of the party answering these interrogatories; every copy where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original; other reports and records; any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced, that are in the possession, custody or control of either DEFENDANT or DEFENDANT's agents, attorneys, or representatives.

B.      As used herein, the term "PLAINTIFF(S)" is intended to and shall designate AMI BARKER.

C.      As used herein, the terms "DEFENDANT," "DEFENDANT MYCHARGE", "you," and/or "your" shall mean or refer to RFA BRANDS, LLC d/b/a MYCHARGE, and DEFENDANT'S consultants, agents, representatives, attorneys, investigators, and any others acting for or on behalf of DEFENDANT.

D.      As used herein, the term "person" shall include, without limitation, an individual, natural person, firm, partnership, corporation, proprietorship, association, union, governmental body, or any other organization or entity.

E.      The singular, plural, masculine, feminine, or neuter form of any noun or pronoun shall be read and be applied as including its other forms, as circumstances may make appropriate.

F.      As used herein, the terms "and" and "or" shall mean and/or.

G.      As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation, including relationship to other events.

4

H.     As used herein, the terms "specify," "identify," or "describe" in addition to any meaning given within an interrogatory, when used in reference to:

(1)     An individual shall mean to state his or her full name, present or last known business and residence address (designating which) and business and residence telephone numbers (designating which), the name and address of his or her employer and his or her relationship to DEFENDANT.

(2)     A firm, partnership, corporation, proprietorship, association or other organization or entity shall mean to state its full name and present or last known address and telephone numbers (designate which) and the legal form of such entity or organization.

(3)     An act, action or omission shall mean to state a description of the act, the date(s) on which it occurred, where it occurred, the identity of the person or persons performing said act (or, in the case of an omission, the person or persons failing to act), the identity of all persons who have knowledge, information or belief about the act, when the act or omission first became known to you, and the circumstances and manner in which you first obtained such knowledge.

(4)     A communication shall mean to state the date, location, and nature of the communication, the identity of the communicator and communicatee, the subject matter and substance of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto and identify any documents memorializing or constituting the communication and if the communication was by telephone, the telephone number from which the communication originated and the telephone number called.

5

I.      As used herein, "Complaint" means the complaint PLAINTIFF filed to initiate this action, as well as any amended complaint(s) PLAINTIFF has filed or may file in this action.

### III. INTERROGATORIES

#### 1.

Please identify each person who to your knowledge, information or belief possesses any knowledge concerning either the incident-in-suit or the cause(s) of the incident, one or more of Plaintiff's claims, or one or more of your defenses to Plaintiff's Complaint and as to each person so identified, state the date and form of any statement you have from him or her and describe the information that the person possesses.

#### 2.

Please identify each person in a managerial capacity who was in charge of the design, marketing, product, and production of the MyCharge Razor Super power bank for each year from its inception as a product to the present.

#### 3.

For the MyCharge Razor Super power bank that was in Plaintiff's possession on the date of the incident-in-suit, please state to whom it was sold, the date on which it was sold, and the price paid for it. If the MyCharge Razor Super power bank was sold more than once (e.g., to a wholesaler or distributor and then to a retailer and then to a consumer), please provide the requested information for each sale of the machine.

#### 4.

With respect to the MyCharge Razor Super power bank or similar devices manufactured by you, please:

(a)     State when the MyCharge Razor Super power banks were first designed and

6

marketed by you;

(b)    Identify every instance of which you are aware of fire and burn hazards of the recalled power banks;

(c)    Describe the procedure an end-user should follow when recharging the power bank;

(d)    With respect to your answers to subparts (a) through (c) of this Interrogatory, please identify each person who is most knowledgeable about the facts supporting your responses.

## 5.

From 2016 to the present, identify every instance in which any person has made a claim of any defects associated with any power banks that Defendant Mycharge sold, distributed, packaged, or manufactured. For each such instance, state when it happened, where it happened, what caused it to happen, the name of the person who was injured, and the results of any claim that arose from the incident (lawsuit, settlement, etc.). Please understand – this means any defect you heard about in any way whatsoever regardless of whether someone was injured or property was damaged, whether through email, your website or a third party, and any claim of defect.

## 6.

If you contend that this incident resulted from the abnormal use or misuse of the MyCharge Razor Super power bank Plaintiff was operating at the time of the incident, please state with specificity each fact which supports your contention, identify each person who has personal knowledge of each fact which supports your contention, and identify all documents which record, reflect, or otherwise evidence, in whole or in part, your response to this

7

interrogatory.

### 7.

If you allege that any person or entity, including but not limited to Plaintiff, was careless or negligent, or failed to exercise reasonable care, or was the cause of this incident in any way, please identify each such person or entity and as to each describe with specificity what you believe they did that caused or contributed to the incident.

### 8.

With respect to all power banks manufactured by Defendant MyCharge, please identify every service bulletin, Campaign Bulletin, recall, and warranty claim of which you are aware.

### 9.

Identify each insurance company, including excess carriers and umbrella coverage, which might be liable to satisfy all or part of any judgment that may be entered in this action, and for each insurer give the following information:

    (a)    The name and address of the company;

    (b)    The limits of liability coverage;

    (c)    The policy number; and

    (d)    The name of the insured.

### 10.

Identify all communications regarding the incident with any person or entity, including internal communications, and in whatever format (i.e., oral, written, or electronic). For each such communication, state when it happened, identify the parties to the communication, and provide a summary of the substance and facts discussed in the communication.

11.

Identify all documents that record, reflect, or otherwise evidence any investigation into the incident, including, but not limited to, incident reports, communications, photographs, video recordings, audio recordings, notes, memos, diagrams, drawings, witness statements.

12.

Identify all documents that record, reflect, or otherwise evidence any subrogation with any insurance company regarding the incident, including, but not limited to, incident reports, communications, photographs, video recordings, audio recordings, notes, memos, diagrams, drawings, witness statements.

13.

Please identify each person you expect to call as an expert witness at the trial of this action and as to each:

(a)     Describe his/her qualifications as an expert;

(b)     State the subject matter upon which s/he is expected to testify;

(c)     State his/her opinions and include a summary of the grounds for each opinion;

(d)     Identify all documents which have been exchanged with each witness, including reports and billing statements and payments;

(e)     Describe the financial arrangements with the expert;

(f)     Identify by caption, court, and name of attorneys representing the plaintiff(s) and defendant(s) in all actions in which the expert has provided testimony in the five years preceding your response;

(g)     Identify all documents your expert reviewed, considered or relied upon in any way in forming his/her opinions; and

(h)   Identify all documents (including, but not limited to, videotapes and photographs)

prepared by each witness which relate to the subject matter of this lawsuit.

14.

Identify every act or event that supports each and every affirmative defense that you have

raised.

15.

Please identify each person you expect to call as a witness at the trial of this action.

Respectfully submitted,

AUSBAND & DUMONT

*/s/ Douglas. C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for PLAINTIFF*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (Facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

10

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
23-C-01254-S
2/24/2023 12:39 P
TIANA P. GARNER, CLEF

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

AMI BARKER,                                          :
                                                     :
        Plaintiff,                                   :           CIVIL ACTION FILE NO.
                                                     :             23-C-01254-S2
v.                                                   :
                                                     :
RFA BRANDS, LLC d/b/a MYCHARGE,                      :
                                                     :
        Defendant.                                   :

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT RFA BRANDS, LLC d/b/a MYCHARGE

COMES NOW, PLAINTIFF AMI BARKER, and hereby serves these First Request for Production of Documents upon RFA BRANDS, LLC d/b/a MYCHARGE, DEFENDANT. Pursuant to O.C.G.A. § 9-11-34, PLAINTIFF hereby requests that DEFENDANT produce responses to the requests made herein at 10:00 a.m. on the forty-fifth (45th) day from the date of service of this request at Ausband & Dumont, 825 Fairways Court, Suite 300, Stockbridge, Georgia 30281. The requested documents, recordings, and tangible things described herein shall be produced on the same date at the offices of Ausband & Dumont unless prior arrangements are made to produce these documents at another date, time, and location which are mutually agreed to by counsel for the parties.

### II. INSTRUCTIONS

A.     This Request for Production of Documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, so as to require DEFENDANT to serve upon PLAINTIFF supplemental responses if DEFENDANT, DEFENDANT's attorneys or any person acting on DEFENDANT's behalf obtains further documents or information between the time the

1

EXHIBIT A

answers are served and the time of trial. Such documents or information shall be furnished to PLAINTIFF within thirty (30) days after possession of such information or documents are discovered.

B.      If you object to part of a Request and refuse to answer that part, state your objection and answer the remaining portion of that Request. If you object to the scope or time period of the Request and refuse to answer for that scope or time period, state your objection and answer the Request for the scope or time period you believe is appropriate.

C.      If any of the following Requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any manner, please set forth the details of such qualifications.

D.      In the event you wish to assert the attorney-client privilege, the work-product exclusion or any other privilege as to any document requested by any of the following specific Requests, then as to each document subject to such assertion, you are requested to provide PLAINTIFF with an identification of such document in writing, such identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom each copy or original was circulated, the names appearing on any circulation list of plaintiff associated with such document, and a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

E.      Whenever production is requested of a document which is no longer in the

2

possession, custody or control of DEFENDANT, DEFENDANT's response should identify the document by name, number, form or description, and by date made, and the date which the document was most recently in DEFENDANT's possession, custody or control, the disposition made of the document, and the identity of the person or persons now in possession, custody or control of such document. If the document has been lost or destroyed, the response should state the reason for its loss or destruction and the identity of the person or persons who lost or destroyed the document and who directed that the document be destroyed.

F.    It is requested that DEFENDANT organize and label the documents produced hereunder to correspond with the categories numbered in these Requests.

## II. DEFINITIONS

The definitions contained in Plaintiff's First Interrogatories to you apply to these requests.

## III. REQUEST FOR PRODUCTION OF DOCUMENTS

### 1.

Please produce any and all documents identified in your responses to Plaintiff's Interrogatories, listing to which Interrogatory each document pertains.

### 2.

With respect to the MyCharge Razor Super power bank, produce all documents which record, reflect, or otherwise evidence, in whole or in part the design, the development, the manufacturing, and the quality control/assurance, including but not limited to notes, design and manufacturing changes over the life of the product line, calculations, analyses (including FMEA, and hazard analyses), ergonomic studies, memos, reports, field service notifications, engineering change requests and notifications and engineering development, laboratory, field and

3

manufacturing engineering project notes and records, problem tracking, and tests reports and engineering, quality control/assurance and manufacturing drawings, sketches, schematics, instructions, procedures, protocols, standards and guidelines.

3:

Please produce all documents which record, reflect, or otherwise evidence, in whole or in part, incident and accident reports and notifications pertaining to any situation where a MyCharge Razor Super power bank was involved and/or alleged to have been involved in any incident, including documents that record, reflect or otherwise evidence the identity each person involved, descriptions of the injury or event, and any lawsuit including the pleadings and depositions and discovery exchanged.

4.

Please produce all documents which record, reflect, or otherwise evidence, in whole or in part, all "Owner's Manuals," "Service Manuals," "Maintenance Manuals," "Parts Manuals," "Service Bulletins," "Operators Manuals," and instructions and guides, which relate to the MyCharge Razor Super power bank involved in the incident-in-suit.

5.

Please produce all documents that record, reflect, or otherwise evidence any fact that supports your allegations, if any, that any person other than you caused or contributed in any way to the incident resulting in Plaintiff's injuries on March 1, 2021.

6.

Please produce any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the

4

judgment.

### 7.

Please produce all documents that record, reflect, or otherwise evidence the incident, the cause of the incident, investigation of the incident or Plaintiff's injuries, including, but not limited to, memoranda, witness statements, incident reports, statements, diagrams, drawings, photographs, video recordings, audio recordings, or any other tangible items.

### 8.

Please produce any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance pertaining to this action.

### 9.

Please produce all surveillance movies or photographs that have been made that contain, include or pertain to Plaintiff.

### 10.

Please produce all documents which record, reflect, or otherwise evidence, in whole or in part, information relating to experts retained for testimony including the following:

    a.      A resume or CV describing the qualifications of each retained expert;

    b.      The retention agreement and contract with each retained expert;

    c.      The opinions and notes and grounds for opinions of each retained expert;

    d.      Documents, including all correspondence, exchanged with each retained expert;

    e.      Reports of, billing statements from, and payments to, each retained expert;

    f.      Any list of testimony maintained by the retained expert that resembles, or actually constitutes, a Fed. R. Civ. P. Rule 26 expert's list of prior testimony;

5

EXHIBIT A

g.    All notes, photographs, videotapes, recordings, sketches, and measurements prepared by the retained expert relating to his work on this case; and

h.    All studies, research, articles or documents whatsoever relied upon by your expert in reaching his/her opinions.

### 11.

Please produce any and all insurance agreements, contracts, and/or policies under which any insurance company or other insurer may be liable to satisfy part or all of any judgment which may be entered in this action or may be liable to indemnify or reimburse for payments made to satisfy the judgment.

### 12.

Please produce all documents that record, reflect, or otherwise evidence any subrogation related to the incident, the determination of the subrogation, including, but not limited to, memoranda, witness statements, incident reports, statements, diagrams, drawings, photographs, video recordings, audio recordings, or any other tangible items.

### 13.

Please produce all documents that record, reflect or otherwise evidence any and all communications regarding the incident with any person or entity, including internal communications, and in whatever format (i.e., oral, written, or electronic).

### 14.

Please produce any and all documents referenced or referred to in response to Plaintiff's First Interrogatories to you that are not otherwise produced in response to the preceding Requests.

6

15.

Please produce any and all documents received in response to open records requests and non-party requests for production of documents relevant to this action and the underlying claims.

16.

Please produce any and all documents that record, reflect or otherwise evidence information and data from any recalls made for any power banks manufactured, sold, or distributed by Defendant MyCharge.

17.

Please produce all documents that record, reflect or otherwise evidence any and all studies, evaluations, or analyses of any kind (whether performed by you or others) which provided any information of any kind regarding the safety of consumers and bystanders when using MyCharge Razor Super power bank that is sold, manufactured, packaged, labeled, or distributed by Defendant.

18.

Please produce all documents that record, reflect, or otherwise evidence each time it has been alleged from 2016 to the present that a person sustained an injury or property was damaged as a result of any defects associated with any power bank that Defendant MyCharge sold, distributed, packaged, or manufactured, or due to Defendant's negligence. For each such instance, state when it happened, where it happened, what caused it to happen, the name of the person who was injured, and the results of any claim that arose from the incident (lawsuit, settlement, etc.)

19.

Please produce all documents that record, reflect, or otherwise evidence all approvals,

7

licenses, and certifications that Defendant is required to have to sell power banks.

20.

Please produce all documents that record, reflect, or otherwise evidence all approvals, licenses, and certifications that Defendant has to sell power banks.

21.

Please produce any documents you receive in response to requests to non-parties for the production of documents in this case.

22.

Please produce any and all documents, not otherwise produced in response to these requests, which you intend to enter into evidence at the trial of this matter.

23.

Please produce a privilege log for any documents being withheld.

Respectfully submitted,

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for PLAINTIFF*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (Facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

8

exploded in PLAINTIFF's home.

5.

Please admit PLAINTIFF was not contributorily negligent in causing the Incident.

6.

Please admit DEFENDANT was responsible for causing the Incident.

7.

Please   admit   PLAINTIFF   was   injured   as   a   result   of   the   Incident.

8.

Please admit DEFENDANT'S negligence was the proximate cause of PLAINTIFF'S injuries in the Incident.

9.

Please admit you designed the MyCharge Razor Super power bank.

10.

Please admit you manufactured the MyCharge Razor Super power bank.

11.

Please admit you are aware of defects in the MyCharge Razor Super power bank.

12.

Please admit you were aware of defects in the MyCharge Razor Super power bank before this Incident.

13.

Please admit the MyCharge Razor Super power bank was defective at the time of the Incident.

Respectfully submitted,

2

EXHIBIT A

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for PLAINTIFF*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (Facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

3

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01254-S2**

**3/6/2023 11:22 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

| | |
|---|---|
| **AMI BARKER** | Case No.: **23-C-01254-S2** |
| Plaintiff/Petitioner | |
| vs. | |
| **RFA BRANDS, LLC d/b/a MYCHARGE** | AFFIDAVIT OF SERVICE OF |
| Defendant/Respondent | **SUMMONS; COMPLAINT FOR DAMAGES; PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT RFA BRANDS, LLC d/b/a MYCHARGE; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RFA BRANDS, LLC d/b/a MYCHARGE; PLAINTIFF'S FIRST REQUEST TO ADMIT TO DEFENDANT RFA BRANDS, LLC d/b/a MYCHARGE** |

Received by **Donnie Briley**, on the **27th day of February, 2023 at 12:16 PM** to be served upon **RFA Brands, LLC d/b/a MyCharge c/o CT Corporation System at 289 Culver Street South, Lawrenceville, Gwinnett County, GA 30046.**
On the **27th day of February, 2023 at 2:30 PM**, I, **Donnie Briley**, SERVED **RFA Brands, LLC d/b/a MyCharge c/o CT Corporation System at 289 Culver Street South, Lawrenceville, Gwinnett County, GA 30046** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Linda Banks** , on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Linda Banks who indicated they were the process specialist with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a gray-haired white female contact over 65 years of age, 5'-5'4" tall and weighing 120-140 lbs.**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _~~Donnie Briley~~_   2023   **3-4-2023**

Donnie Briley                Server ID #                    Date

Notary Public:  Subscribed and sworn before me on this 4th day of _March_ in the year of 20 23
Personally known to me ___✓___ or _____ identified by the following document:

_Julie A Mason_
Notary Public (Legal Signature)

*[Notary Seal: JULIE A MASON, MY COMMISSION EXPIRES JULY 24, 2024, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA]*

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-01254-S2

3/14/2023 2:24 PM

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| AMI BARKER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| | : | |
| v. | : | 23-C-01254-S2 |
| | : | |
| RFA BRANDS, LLC d/b/a MYCHARGE, | : | |
| | : | |
| Defendant. | : | |

### STATE COURT RULE 5.2 CERTIFICATE

COMES NOW, Plaintiff, Ami Barker, and, pursuant to Rule 5.2 of the Georgia State Court Rules of Procedure as amended, hereby certifies that she has served the following:

1) PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY STATE FARM FIRE & CASUALTY COMPANY.

by sending a copy thereof by first class mail to counsel of record addressed as follows:

RFA Brands, LLC d/b/a MyCharge
CT Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, GA 30046

This 14th day of March, 2023.

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for PLAINTIFF*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000

(678) 593-3015 (Facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| AMI BARKER, | |
| Plaintiff, | |
| v. | Civil Action No. 23-C-01254-S2 |
| RFA BRANDS, LLC d/b/a MYCHARGE, | |
| Defendant. | |

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

TO:    Clerk, State Court of Gwinnett County, Georgia

COMES NOW Defendant, RFA Brands, LLC d/b/a myCharge, named Defendant in the above-styled civil action, and, by and through its undersigned counsel of record, provides the following notice to the Court:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of Defendant's filing of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal to be filed by Defendant the same day as the filing hereof is attached hereto as Exhibit "A."

Pursuant to 28 U.S.C. §1446(d), this Court is **<u>precluded</u>** from taking any further action with respect to this case unless and until the same is remanded back to this Court by order of the United States District Court for the Northern District of Georgia.

Submitted this 28th day of April, 2023.

|  | **MCANGUS GOUDELOCK & COURIE, LLC** |
|---|---|
| Post Office Box 57365 | */s/Melody C. Kiella* |
| 270 Peachtree Street, NW, Suite 1800 (30303) | Melody C. Kiella |
| Atlanta, Georgia 30303 | Georgia Bar No. 206275 |
| (678) 510-1526 | Camille Dizon |
| Melody.kiella@mgclaw.com | Georgia Bar No. 953073 |
| Camille.Dizon@mgclaw.com |  |
|  | *Attorneys for Defendant* |

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

AMI BARKER,

        Plaintiff,

    v.

RFA BRANDS, LLC d/b/a MYCHARGE,

       Defendants.

Civil Action No. 23-C-01254-S2

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a true and correct copy of the foregoing

document upon Plaintiff via electronic filing and via email, addressed as follows:

Douglas C. Dumont, Esq.
Andrew C. Audband, Esq.
Kathryn W. Carpenter, Esq.
Ausband & Dumont
825 Fairways Court, Suite 300
Stockbridge, Georgia 30281
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com
*Attorneys for Plaintiff*

Submitted this 28th day of April, 2023.

**MCANGUS GOUDELOCK & COURIE, LLC**

Post Office Box 57365
270 Peachtree Street, NW, Suite 1800
Atlanta, Georgia 30303
(678) 510-1526
Melody.kiella@mgclaw.com
Camille.Dizon@mgclaw.com

*/s/Melody C. Kiella*
Melody C. Kiella
Georgia Bar No. 206275
Camille Dizon
Georgia Bar No. 953073

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMI BARKER,

     Plaintiff,

v.                                  Civil Action File No:

RFA BRANDS, LLC d/b/a
MYCHARGE,

     Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW Defendant, RFA Brands, LLC d/b/a myCharge ("Defendant"), named Defendant in the above-styled civil action, and, by and through its undersigned counsel, petitions this Court for removal of this action from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing this Court as follows:

## I.    THE STATE COURT ACTION

1.

On February 24, 2023, Plaintiff Ami Barker filed her Complaint for Damages ("Complaint") in the State Court of Gwinnett County, Georgia, thereby initiating a civil action styled as follows: *Ami Barker v. RFA Brands, LLC d/b/a*

Page **1** of **18**

*MYCHARGE,* Civil Action File No. 23-C-01254-S2 (the "State Court action"). (*See* true and correct copies of all process and pleadings filed by Plaintiff in the State Court action attached hereto and incorporated herein as Exhibit "A"). Defendant is filing its Special Appearance Answer and Affirmative Defenses to Plaintiff's Complaint contemporaneously herewith within the time permitted under 28 U.S.C. § 1446 and applicable Georgia law.

2.

In this action, Plaintiff asserts product liability, negligence, and punitive damages claims against Defendant in connection with the alleged March 1, 2021 explosion of a myCharge powerbank that Plaintiff contends was "designed and/or manufactured" by Defendant. (*See* Ex. A, Complaint, ¶¶ 5-7). Specifically, Plaintiff contends that she "was recharging a [myCharge] brand power bank using the charging cord that was sold with the power bank" when the device "exploded and caught fire," causing Plaintiff to suffer personal injuries and property damage and incur special and other damages. (*Id.*, ¶¶ 5-11).

## II.   <u>SERVICE OF PROCESS ON DEFENDANT</u>

3.

In April 2021, Defendant submitted an Application for Certificate of Authority for Foreign Limited Liability Company ("Application") with the Georgia

Secretary of State for purposes of obtaining authority to conduct business in Georgia. (*See* true and correct copy of Defendant's April 29, 2021 Application attached hereto and made a part hereof as Exhibit "B"). The Georgia Secretary of State issued a Certificate of Authority to Defendant so as to allow Defendant to transact business in the State of Georgia, which Certificate was effective as of April 6, 2021. (*See* true and correct copy of the Georgia Secretary of State's April 6, 2021 Certificate of Authority attached hereto and made a part hereof as Exhibit "C").

4.

On January 23, 2023, Defendant submitted an Application for Withdrawal of Certificate of Authority ("Application for Withdrawal") to the Georgia Secretary of State, stating therein that Defendant "no longer transacts business in Georgia and surrenders its certificate of authority." (*See* true and correct copy of Defendant's January 23, 2023 Application for Withdrawal attached hereto and made a part hereof as Exhibit "D").

5.

On January 31, 2023, the Georgia Secretary of State issued a Certificate of Withdrawal to Defendant. (*See* true and correct copy of the Georgia Secretary of State's January 31, 2023 Certificate of Withdrawal attached hereto and made a part

hereof as Exhibit "E"). Pursuant to the Certificate of Withdrawal, "RFA Brands, LLC, a foreign limited liability company formed under the laws of Delaware and authorized to transact business in Georgia on 04/06/2021, **has been duly withdrawn on 01/31/2023** under the laws of the State of Georgia." (*Id.*) (emphasis added).

6.

According to an Affidavit of Service filed by Plaintiff in the Stat Court action on March 6, 2023, process server Donnie Briley "served" Plaintiff's summons, Complaint, and discovery requests (collectively, "pleadings") on Defendant on February 27, 2023 by "serving" a copy of the same on CT Corporation System at 289 Culver Street South, Lawrenceville, Gwinnett County, Georgia 30046. (*See* Ex. A, Affidavit of Service). Notwithstanding the foregoing allegations, Defendant contends that such "service" was improper and invalid under Georgia law.

7.

First, because Defendant was regarded as a foreign limited liability company at the time the Complaint was filed, Plaintiff was required to strictly comply with Georgia law with regard to service of process on foreign entities. *See Burgos v. Sand Canyon Corp.*, 2019 U.S. Dist. LEXIS 171617, *4 (M.D. Ga. 2019)

(corporation that obtained certificate of withdrawal of its authority to transact business in Georgia prior to the filing of the lawsuit had to be served with process in strict compliance of statutory requirements concerning service on foreign entities, which required plaintiff to effectuate proper service on the Georgia Secretary of State and mail a copy of such service of process to an officer of the withdrawn corporation).

8.

Second, pursuant to Defendant's January 23, 2023 Application for Withdrawal attached to the January 31, 2023 Certificate of Withdrawal issued by the Georgia Secretary of State, (a) Defendant **revoked** "the authority of its registered agent to accept service or process on its behalf and **appoint[ed] the Secretary of State of Georgia as its agent for service** in any proceeding based on a cause of action that arose during the time it was authorized to transact business in Georgia[;]" and (b) any "process served on [Defendant] after withdrawal from Georgia may be mailed to the following address: RFA Brands, LLC, 123 W. Brown Street, Birmingham, MI 48009." (Ex. E, p. 2) (emphasis added).

9.

Based on the foregoing, Plaintiff's February 27, 2023 purported "service" of process on Defendant by service Defendant's former registered agent (whose

authority to accept service on its behalf was expressly revoked) does not constitute valid and proper service of process on Defendant, a foreign limited liability company, in accordance with Georgia law. *Burgos*, 2019 U.S. Dist. LEXIS 171617, *4.

10.

Because the "removal clock cannot begin before" formal and valid service of process on Defendant and because no proper service has been effectuated on Defendant as of the date hereof, this Notice of Removal is timely despite the Affidavit of Service's contention that "service" was perfected on Defendant on February 27, 2023. *Burgos*, 2019 U.S. Dist. LEXIS 171617, *4; *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1999); 28 U.S.C. § 1446(b).

### III.   <u>DIVERSITY OF THE PARTIES</u>

11.

Plaintiff is an individual "citizen and resident of the State of Georgia" who is domiciled in Henry County, Georgia. (*See* Ex. A, Complaint, ¶ 1). 28 U.S.C. § 1332(c)(1).

12.

Defendant is a foreign Limited Liability Company organized and existing under the laws of the State of Delaware and maintains its principal office at 123 W. Brown Street, Birmingham, Michigan 48009. (*See* Exs. B – E).

13.

A limited liability company "is a citizen of any state of which a member of the company is a citizen." *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). To sufficiently allege the citizenship of a limited liability company for diversity jurisdiction purposes, "a party must list the citizenship of all the members of the limited liability company." *Id.* With regard to an individual person, "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction,' and 'domicile requires both residence in a state and 'an intention to remain there indefinitely.'" *Foster v. Legacy Keys, LLC*, 2017 U.S. Dist. LEXIS 107567, *3 (N.D. Ga. 2017).

14.

Roman Ferber, the sole managing member of Defendant, is an individual resident domiciled in the State of Michigan. (Ex. B, p. 2; Ex. C, p. 2; *see also* a true and correct copy of Defendant's July 30, 2013 Application for Certificate of Authority to Transact Business in Michigan (submitted under Defendant's former

name, RFA Acquisition Co., LLC) attached hereto and made a part hereof as Exhibit "F" at p. 3 and Defendant's August 1, 2023 Certificate Amending Application for Certificate of Authority to Transact Business in Michigan (documenting a name change from RFA Acquisition Co., LLC to RFA Brands, LLC) attached hereto and made a part hereof as Exhibit "G" at p. 3).

15.

Due to Roman Ferber being the sole member of Defendant and a citizen of the State of Michigan, Defendant is deemed a citizen of the State of Michigan. *Mallory*, 663 F.3d at 1305; *Foster,* 2017 U.S. Dist. LEXIS 107567 at *3.

16.

Accordingly, because Plaintiff is a citizen of the State of Georgia and Defendant is a citizen of the State of Michigan, complete diversity exists between the parties for purposes of satisfying § 1332(a). *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (all plaintiffs must be diverse from all defendants for diversity jurisdiction); *see also Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994) ("Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant.").

## IV.   <u>AMOUNT IN CONTROVERSY</u>

### *Plaintiff's Complaint*

17.

According to Plaintiff, the explosion of the myCharge powerbank and the fire resulting therefrom caused (1) "Plaintiff to be seriously injured[;]" (2) "significant damage to Plaintiff's home and personal property" in unspecified amounts; (3) Plaintiff to incur "medical expenses in excess of $56,780.05[;]" and (4) Plaintiff pain and suffering for which she is entitled to recover. (*See* Ex A, Complaint, ¶¶ 6, 8-9, 11, 21, 24).

18.

Plaintiff asserts a product liability claim, alleging that (1) Defendant "designed and/or manufactured" the myCharge powerbank at issue in this action, "engaged in the business of selling powerbanks for use and consumption" to the consuming public, and sold the subject powerbank; (2) the subject powerbank was "defective in its design and manufacture," which defects rendered the powerbank "unreasonably dangerous to a person who might reasonably be expected to use or be affected by the product;" (3) the subject powerbank was defective when it left Defendant's control and/or at the time it was sold; and (4) the defects in the design or manufacture of the powerbank proximately caused the product to explode and

catch fire, resulting in serious injuries to Plaintiff, significant damage to Plaintiff's home and personal property, and medical expenses totaling in excess of $56,780.05. (*See* Ex. A, Complaint, ¶¶ 13-21).

19.

Further, Plaintiff contends that (1) Defendant negligently manufactured the subject powerbank "by failing to exercise reasonable care to prevent the product from creating an unreasonable risk of harm to" consumers reasonably expected to use or come in contact with the product, and (2) such alleged negligence proximately caused Plaintiff to be seriously injured and caused Plaintiff to incur medical expenses in excess of $56,780.05, thereby entitling her to recover special and general damages. (*See* Ex. A, Complaint, ¶¶ 23-24).

20.

Additionally, Plaintiff asserts that Defendant "knowingly manufactured, packaged, and sold the powerbank without including reasonable, necessary, and inexpensive safeguards that would have prevented Plaintiff's injuries," thereby demonstrating an entire lack of care and conscious disregard for the safety of consumers using the product and entitling Plaintiff to "exemplary damage to deter similar conduct in the future and to punish Defendant . . . for its wrongful acts[.]" (*See* Ex. A, Complaint, ¶¶ 26-27).

21.

Lastly, Plaintiff claims Defendant acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense entitling her to recover attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11. (*See* Ex. A, Complaint, ¶ 29).

### *Amount in Controversy*

22.

To determine whether the jurisdictional threshold is met, the Court must assume Plaintiff will "prevail" on all claims, and then assess whether "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000.00]." *Burns v. Windsor, Inc*., 31 F.3d 1092, 1096 (11th Cir. 1994); *St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 288 (1937). Further, "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co*., 269 F.3d 1316, 1319 (11th Cir. 2001). As stated recently in an Eleventh Circuit decision:

> [District courts] may make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Courts may use their

> judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. Complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (concluding that plaintiffs unspecified damages, including permanent disfigurement as well pain and suffering, satisfied the "facially apparent" inquiry).

*Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) (citations and punctuation omitted); *see also Goodrich v. Fisher-Price, Inc.*, 2016 U.S. Dist. LEXIS 188876, *2 (N.D. Ga. 2016) ("judicial experience and common sense dictates that the amount in controversy" met in products liability case involving severe injuries to minor child despite complaint's failure to specify amount of claimed damages).

23.

It is also well settled that an open-ended claim for punitive damages **must** be considered in any calculation of the amount in controversy. *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered."); *Painter v. Sixt Rent a Car, LLC*, 2020 U.S. Dist. LEXIS 193767, *6 (N.D. Ga. 2020). Likewise, "[w]hen a statute authorizes the recovery

of attorney's fees, a reasonable amount of those fees is included in the amount in controversy" analysis for diversity jurisdiction purposes. *Morrison v. Allstate Indem. Co*., 228 F.3d 1255, 1265 (11th Cir. 2000).

24.

When taking as true Plaintiff's allegation that she incurred in excess of $56,780.05 in medical expenses as a result of Defendant's purported conduct, this only leaves a gap of $18,220.95 to bring Plaintiff's damages claim to a total of $75,001.00 (or, above the jurisdictional threshold). Additionally, "[c]ommon sense suggests that punitive damages adequate to punish and deter [a corporate defendant] in a products liability case would amount to more than" $18,220.95 so as to raise the amount in controversy above the jurisdictional limit. *See Painter v. Sixt Rent a Car, LLC*, 2020 U.S. Dist. LEXIS 193767, *6 (amount in controversy requirement met when plaintiff claimed $65,000 in damages and asserted a punitive damages claim against numerous corporate defendants in products liability case as a successful punitive damages claim would result in award in excess of $10,000). While Defendant contends that Plaintiff's claim for medical expenses in excess of $56,780.05 and punitive damages claim are sufficient to satisfy the amount in controversy requirement without regard to any other claimed damages, this is especially true when taking into account Plaintiff's claim that she

is entitled to recover property damages in an unspecified amount to compensate for damage to her home and personal property and fees and expenses authorized by O.C.G.A. § 13-6-11. *Compare Clark v. LG Elecs. USA, Inc.*, 2019 U.S. Dist. LEXIS 196046, *5-6 (N.D. Ga. 2019) (amount in controversy requirement not met despite claim of punitive damages when complaint failed to specify amount of damages beyond claiming $4,000 in past medical expenses and property damage to bed sheets, carpet, and a mattress).

25.

Accordingly, based on the factual allegations in the Complaint when taken as true, the nature of Plaintiff's substantive and injury claims, and the fact that Plaintiff claims $56,780.05 in past medical expenses (leaving only a gap of $18,220.95 in damages to take her claim beyond the jurisdictional threshold), common sense dictates that the amount in controversy in this action exceeds $75,000 (exclusive of interests and costs).

## REMOVAL BASED ON DIVERSITY JURISDICTION IS PROPER IN THIS CASE

26.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441 because (i) complete diversity exists between the named parties to this

action, and (ii) the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

27.

By service of a copy of this Notice of Removal, as evidenced by the Certificate of Service attached hereto, Defendant hereby gives notice of such removal to Plaintiff as required by 28 U.S.C. § 1446.

28.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Gwinnett County, Georgia, as required by 28 U.S.C. § 1446(d).

29.

Nothing stated herein shall be deemed an admission by Defendant as to liability, causation, and/or damages allegedly owed to Plaintiff.

WHEREFORE, Defendant prays that (a) the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, (b) this Court take cognizance and jurisdiction over this action from the State Court of Gwinnett County, Georgia, and (c) this action proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

EXHIBIT A

The undersigned has read this Notice of Removal and, to the best of her knowledge, information, and belief, formed after reasonable inquiry, has determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Submitted this 28th day of April, 2023.

|  | **MCANGUS   GOUDELOCK   & COURIE, LLC** |
|---|---|
| Post Office Box 57365 | /s/*Melody C. Kiella* |
| 270 Peachtree Street, NW, Suite 1800 (30303) | Melody C. Kiella |
| Atlanta, Georgia 30303 | Georgia Bar No. 206275 |
| (678) 510-1526 | Camille Dizon |
| Melody.kiella@mgclaw.com | Georgia Bar No. 953073 |
| Camille.Dizon@mgclaw.com | |
| | *Attorneys for Defendant* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMI BARKER,

     Plaintiff,

v.

                                    Civil Action File No:

RFA BRANDS, LLC d/b/a
MYCHARGE,

     Defendant.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has served a true and correct copy of

the foregoing document upon Plaintiff via electronic filing addressed as follows:

Douglas C. Dumont, Esq.
Andrew C. Audband, Esq.
Kathryn W. Carpenter, Esq.
Ausband & Dumont
825 Fairways Court, Suite 300
Stockbridge, Georgia 30281
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com
*Attorneys for Plaintiff*

I further certify that the foregoing has been prepared with Times New

Roman, 14 point font, in compliance with L.R. 5.1(b).

Submitted this 28th day of April, 2023.

**MCANGUS GOUDELOCK & COURIE, LLC**

| | |
|---|---|
| Post Office Box 57365 | */s/Melody C. Kiella* |
| 270 Peachtree Street, NW, Suite 1800 (30303) | Melody C. Kiella |
| Atlanta, Georgia 30303 | Georgia Bar No. 206275 |
| (678) 510-1526 | Camille Dizon |
| Melody.kiella@mgclaw.com | Georgia Bar No. 953073 |
| Camille.Dizon@mgclaw.com | |
| | *Attorneys for Defendant* |