**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **PERFORMANCE AUTO COLLISION CENTER INC.,** | ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | |
| **STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,** | ) ) | |
| **a foreign corporation,** | ) | |
| | ) | |
| **Defendant** | ) | |

---

**<u>DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY'S ANSWER TO PLAINITFF'S COMPLAINT</u>**

COMES NOW State Automobile Mutual Insurance Company, ("State Auto" or "Defendant"), by and through undersigned counsel, within the time limits allowed by law, and without waiver of any affirmative defenses raised herein, and provides this Answer to Plaintiff's Complaint (the "Complaint") as follows:

State Auto responds to the individually numbered Paragraphs of the Complaint as follows:

## PARTIES

### 1.

State Auto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and such allegations are deemed denied.

### 2.

In responding to the allegations contained in Paragraph 2 of the Complaint, State Auto admits only that Defendant is a foreign insurance company with its principal place of business in Columbus, Ohio, and that it is registered to do business in the State of Georgia. State Auto further admits only that it that it may be served with summons and complaint by service on its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, which is located in Gwinnett County. State Auto denies the remaining allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

### 3.

State Auto admits the allegations contained in Paragraph 3 of the Complaint, but states that this matter has properly been removed from the Superior Court of

—

Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division.

4.

In responding to the allegations contained in Paragraph 4 of the Complaint, State Auto admits only that venue is proper in Gwinnett County, Georgia, but states this case has been properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division.  State Auto denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.

State Auto denies  the allegations contained in Paragraph 5 of the Complaint.

**THE POLICY**

6.

In responding to the allegations contained in Paragraph 6 of the Complaint, State Auto admits only that State Automobile Mutual Insurance Company issued Policy No. PBP2872095 to named insured Performance Auto Collision Center Inc. for property located at 1775 Hembree Road, Alpharetta, Georgia (the "Property"), with a policy period of February 20, 2021 until February 20, 2022, which provides coverage in accord with the terms, conditions, limitations and exclusions contained therein (the "Policy"). Further, the Policy attached to the Complaint as Exhibit "A"

speaks for itself. State Auto denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.

In responding to the allegations contained in Paragraph 7 of the Complaint, State Auto admits only that the Policy speaks for itself. State Auto denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.

State Auto denies the allegations contained in Paragraph 8 of the Complaint as stated. The Policy speaks for itself, and the coverage afforded by the Policy is subject to all terms, conditions, limitations and exclusions contained therein.

9.

State Auto denies the allegations contained in Paragraph 9 of the Complaint as stated. The Policy speaks for itself, and the coverage afforded by the Policy is subject to all terms, conditions, limitations and exclusions contained therein.

**SUDDEN AND ACTUAL DAMAGE TO THE INSURED PROPERTY**

10.

In responding to the allegations contained in Paragraph 10 of the Complaint, State Auto admits only that the Policy was in effect on March 25, 2021. State Auto denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.

In responding to the allegations contained in Paragraph 11 of the Complaint, State Auto admits only that Plaintiff notified State Auto of a purported loss on or about August 23, 2022, made a claim pursuant to the Policy ("Plaintiff's claim"), and that an adjuster was assigned to handle the Plaintiff's claim.  State Auto denies the remaining allegations of Paragraph 11 of the Complaint.

12.

In responding to the allegations contained in Paragraph 12 of the Complaint, State Auto admits only that Plaintiff made its buildings available to, and cooperated with, the Defendant's investigation into the Plaintiff's claim. State Auto denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.

In responding to the allegations contained in Paragraph 13 of the Complaint, State Auto admits only that not only did an adjuster but also a professional engineer to inspect the Property.  State Auto denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.

In responding to the allegations contained in Paragraph 14 of the Complaint, State Auto admits only that its adjuster acted with diligence in achieving a proper

disposition of the Plaintiff's claim. The balance of the allegations contained in Paragraph 14 of the Complaint constitutes impermissible conclusions of law, to which no response is required. To the extent a response is deemed to be required, such allegations are denied.

### 15.

In responding to the allegations contained in Paragraph 15 of the Complaint, State Auto admits only that Exhibit B speaks for itself and that State Auto properly adjusted Plaintiff's claim and determined that the damage to the roof was not covered under the terms and conditions of the Policy. State Auto denies the remaining allegations contained in Paragraph 15 of the Complaint.

### 16.

State Auto denies the allegations contained in Paragraph 16 of the Complaint.

### 17.

In responding to the allegations contained in Paragraph 17 of the Complaint, State Auto admits only that Plaintiff made a written demand for payment pursuant to O.C.G.A. § 33-4-6 in the amount of $888,262.73 and that State Auto received a copy of the letter which is attached to Plaintiff's Complaint as Exhibit "C". State Auto denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.

In responding to the allegations contained in Paragraph 18 of the Complaint, State Auto admits only that Plaintiff made a written demand for payment pursuant to O.C.G.A. § 33-4-6 and that State Auto received a copy of the letter which is attached to Plaintiff's Complaint as Exhibit "C". State Auto denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.

State Auto denies the allegations contained in Paragraph 19 of the Complaint.

20.

State Auto denies the allegations contained in Paragraph 20 of the Complaint.

21.

State Auto denies the allegations contained in Paragraph 21 of the Complaint.

22.

State Auto denies the allegations contained in Paragraph 22 of the Complaint.

## **COUNT I: BREACH OF CONTRACT**

23.

State Auto incorporates by this reference its responses to the allegations contained in Paragraphs 1 through 22 of the Complaint as if fully stated herein.

24.

State Auto denies the allegations contained in Paragraph 24 of the Complaint.

25.

State Auto denies the allegations contained in Paragraph 25 of the Complaint.

26.

State Auto denies the allegations contained in Paragraph 26 of the Complaint.

27.

State Auto denies the allegations contained in Paragraph 27 of the Complaint.

28.

State Auto denies the allegations contained in Paragraph 28 of the Complaint.

29.

State Auto denies the allegations contained in Paragraph 29 of the Complaint.

30.

In responding to the allegations contained in Paragraph 30 of the Complaint, State Auto states that said paragraph contains no factual allegations, but only prayers for relief.  Consequently, no response to this paragraph is necessary.  To the extent a response may be deemed necessary, State Auto denies any factual allegations purportedly contained in said paragraph, and denies Plaintiff is entitled to any of the relief requested.

## DEMAND FOR JURY TRIAL

### 31.

In responding to the allegations contained in Paragraph 31 of the Complaint, State Auto states that said paragraph contains no factual allegations, but only a legal assertion.  Consequently, no response to this paragraph is necessary.

## PRAYER FOR RELIEF

### 32.

In responding to the allegations contained in the final "WHEREFORE" paragraph of Plaintiff's Complaint, State Auto states that said paragraph, including sub-paragraphs a-h, contain no factual allegations, but only prayers for relief. Consequently, no response to this paragraph is necessary.  To the extent a response may be deemed necessary, State Auto denies any factual allegations purportedly contained in said paragraph, including sub-paragraphs a-h, and denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Having fully responded to Plaintiff's Complaint and without prejudice to the denials or other averments contained therein, State Auto asserts the following Affirmative Defenses pursuant to the Federal Rules of Civil Procedure:

## FIRST DEFENSE

State Auto denies each and every allegation, statement, matter or thing in the Complaint unless expressly admitted.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against State Auto upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim against State Auto for the recovery of attorney's fees or penalties upon which relief can be granted.

## FOURTH DEFENSE

Plaintiff has not sustained damage of the nature, and to the extent, claimed in the Complaint, and they are precluded from the recovery they seek.

## FIFTH DEFENSE

The relief requested by Plaintiff is barred because no action or omission by State Auto caused the Plaintiff's injury or damage.

## SIXTH DEFENSE

The limit of insurance provided in the Policy is $5,634,720 for Blanket Building – Per Statement Values on File with Company subject to a $2,500

deductible.  The Policy issued by State Automobile Mutual Insurance Company, at Form SI 00 17 11 98, page 1, provides, in pertinent part:

### E. Premiums

The first Named Insured shown in the Declarations:

1.  Is responsible for the payment of all premiums; and
2.  Will be the payee for any return premiums we pay.

While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiff sustained damage compensable under the Policy, which is explicitly denied, Plaintiff's claim is limited by these provisions of the Policy.

### SEVENTH DEFENSE

The Policy issued by State Automobile Mutual Insurance Company to Performance Automobile Center Inc., at pages 1 of Form CP 00 10 10 12, provides, in pertinent part:

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.  Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, A.1., and limited in A.2. Property Not Covered, if a

11

Limit Of Insurance is shown in the Declarations for that type of property.

***

**3. Covered "Causes of Loss**

See applicable Causes Of Loss form as shown in the Declarations.

***

**B. Exclusions and Limitations**

See applicable Causes of Loss form as shown in the Declarations.

State Auto denial letter to Plaintiff states:

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

   **a.**  **Building,** meaning the building or structure described in the Declarations, including**:**

      (**1**) Completed additions**;**

      (**2**) Fixtures, including outdoor fixtures**;**

      (**3**) Permanently installed**:**

         (**a.**) Machinery; and

         (**b.**)Equipment

…

**3. Covered Causes Of Loss**

See applicable Causes Of Loss from as shown in the Declarations.

**B. Exclusions And Limitations**

12

See applicable Causes Of Loss from as shown in the Declarations.

…

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

…

**3. Duties In The Event Of Loss Or Damage**

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

**(1)** Notify the police if a law may have been broken.

**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your

13

books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

**(8)** Cooperate with us in the investigation or settlement of the claim.

**b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

…

Next please read in part your Causes Of Loss – Special Form (CP1030 10/12); which states:

**A. Covered Causes Of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

**B. Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**h. "Fungus", Wet Rot, Dry Rot And Bacteria**

Presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria. But if "fungus", wet or dry rot or bacteria result in a "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss".

This exclusion does not apply:

**(1)** When "fungus", wet or dry rot or bacteria result from fire or lightning; or

**(2)** To the extent that coverage is provided in the Additional Coverage, Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria, with respect to loss or damage by a cause of loss other than fire or lightning.

Exclusions **B.1.a.** through **B.1.h.** apply whether or not the loss event results in widespread damage or affects a substantial area.

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

…

**d. (1)** Wear and tear;

**(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

…

**(4)** Settling, cracking, shrinking or expansion;

…

**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

**a.** Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a

cause or event excluded in Paragraph **1.** Above to produce the loss or damage.

…

   **c.** Faulty; inadequate or defective:

    **(4)** Maintenance;

   of part or all of any property on or off the described premises.

In the event that you intend to proceed with this claim, your strict compliance with all of the policy provisions will be expected and required. Please refer to your Commercial Property Conditions endorsement (CP0090 07/88); which states the following:

### D. LEGAL ACTION AGAINST US

   No one may bring a legal action against us under this Coverage Part unless:

   **1.** There has been full compliance with all of the terms of this Coverage Part; and

   **2.** The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

Please refer to your Commercial Property Conditions endorsement (CP0 090 07/88); which states the following:

### H. POLICY PERIOD, COVERAGE TERRITORY

   Under this Coverage Part:

   **1.** We cover loss or damage commencing:

    **a.** During the policy period shown in the Declarations; and

    **b.** Within the coverage territory.

…

It appears that the above provisions may apply to the facts of your case. Consequently, State Auto will be handling this case under a reservation of rights, and without prejudice. That is, we reserve all of our rights under the policy, including our right to refuse to provide coverage to you, based on the policy language and the facts of the case.

Part, if not all, of Plaintiff's claim seeks recovery for purported damage which is excluded from coverage due to the above referenced denial letter.

## **EIGTH DEFENSE**

The Policy issued by State Automobile Mutual Insurance Company to Performance Auto Collision Center Inc., at pages 9, Form CP0010 (10/12), reads in pertinent part:

### E. Loss Conditions

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

***

**3. Duties In The Event Of Loss Or Damage**
  **a.** You must see that the following are done in the event of loss or damage to Covered Property:
  **(1)** Notify the police if a law may have been broken.
  **(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.
  **(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.
  **(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent

loss or damage resulting from a cause of loss
that is not a Covered Cause of Loss. Also, if
feasible, set the damaged property aside and
in the best possible order for examination.

This provision was violated and Plaintiff's Complaint is barred in that, upon
information and belief, an insured under the Policy failed to give prompt or accurate
notice of the loss, and failed to make reasonable and necessary repairs to the
Property. These failures constitute a breach of the applicable contract of insurance,
and the Policy provides no coverage for Plaintiff's claimed loss.

### NINTH DEFENSE

The Policy issued by State Automobile Mutual Insurance Company to
Performance Auto Collision Center Inc., at pages 10 of Form CP0010 (10/12),
provides, in pertinent part:

**4. Loss Payment**
  **a.** In the event of loss or damage covered by this
Coverage Form, at our option, we will either:
  **(1)** Pay the value of lost or damaged property;
  **(2)** Pay the cost of repairing or replacing the
lost or damaged property, subject to **b.**
below;
  **(3)** Take all or any part of the property at an
agreed or appraised value; or
  **(4)** Repair, rebuild or replace the property
with other property of like kind and
quality, subject to **b.** below.
We will determine the value of lost or
damaged property, or the cost of its repair or
replacement, in accordance with the

18

applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

**b.** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of or compliance with any ordinance or law regulating the construction, use or repair of any property.

**c.** We will give notice of our intentions within 30 days after we receive the sworn proof of loss.

**d.** We will not pay you more than your financial interest in the Covered Property.

**e.** We may adjust losses with the owners of lost or damaged property if other than you. If we pay the owners, such payments will satisfy your claims against us for the owners' property. We will not pay the owners more than their financial interest in the Covered Property.

**f.** We may elect to defend you against suits arising from claims of owners of property. We will do this at our expense.

**g.** We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part, and:

**(1)** We have reached agreement with you on the amount of loss; or

**(2)** An appraisal award has been made.

**h.** A party wall is a wall that separates and is common to adjoining buildings that are owned by different parties. In settling covered losses involving a party wall, we will pay a proportion of the loss to the party wall based on your interest in the wall in proportion to the interest of the owner of the adjoining building.

However, if you elect to repair or replace your building and the owner of the adjoining building elects not to repair or replace that building, we will pay you the full value of the loss to the party wall, subject to all applicable policy provisions including Limits of Insurance, the Valuation and Coinsurance Conditions and all other provisions of this Loss Payment Condition. Our payment under the provisions of this paragraph does not alter any right of subrogation we may have against any entity, including the owner or insurer of the adjoining building, and does not alter the terms of the Transfer Of Rights Of Recovery Against Others To Us Condition in this policy.

The Policy at form CP 1218 (10/12) then states:

THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.
**LOSS PAYABLE PROVISIONS**

This endorsement modifies insurance provided under the following:

BUILDERS' RISK COVERAGE FORM
BUILDING AND PERSONAL PROPERTY
***

**C.** The following is added to the **Loss Payment** Loss Condition, as indicated in the Declarations or in the Schedule:

    **1. Loss Payable Clause**

        For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

        **a.** Adjust losses with you; and

20

      **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear

**2. Lender's Loss Payable Clause**

      **a.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgage holder or trustee, whose interest in Covered Property is established by such written instruments as:

      **(1)** Warehouse receipts;

      **(2)** A contract for deed;

      **(3)** Bills of lading;

      **(4)** Financing statements; or

      **(5)** Mortgages, deeds of trust, or security agreements.

  **b.** For Covered Property in which both you and a Loss Payee have an insurable interest:

      **(1)** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

      **(2)** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure or similar action on the Covered Property.

      **(3)** If we deny your claim because of your acts or because you have failed to comply with the terms of the Coverage Part, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

        **(a)** Pays any premium due under this Coverage Part at our request if you have failed to do so;

        **(b)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and

        **(c)** Has notified us of any change in ownership, occupancy or substantial  change in risk known to the Loss Payee.

All of the terms of this Coverage Part will then apply directly to the Loss Payee.

**(4)** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this Coverage Part:

**(a)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(b)** The Loss Payee's rights to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event you will pay your remaining debt to us.

To the extent that any portion of Plaintiff's claimed loss exceeds the amounts State Auto has previously paid, and is covered under the Policy, which is specifically denied, any additional payment is to be made in compliance with these provisions of the Policy. In addition, and upon information and belief, Plaintiff has not paid for the replacement of the roof alleged to have been damaged in the loss at issue. While preserving its other defenses as stated herein, and without prejudice thereto, to the extent Plaintiff sustained unreimbursed damage compensable under the policy, which is denied, the measure of damage is determined by the above quoted provisions of the Policy.

## TENTH DEFENSE

The Policy issued by State Automobile Mutual Insurance Company to Performance Auto Collision Center Inc., at pages 1 of Form CP 00 90 07 88, provides, in pertinent part:

***

**D. LEGAL ACTION AGAINST US**
No one may bring a legal action against us under this Coverage Part unless:
**1.** There has been full compliance with all of the terms of this Coverage Part; and
**2.** The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

This provision was violated, and Plaintiff's Complaint is barred because an Insured under the Policy failed to fully comply with the policy provisions.

## ELEVENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in some part, by the Affirmative Defense of Payment.

## TWELTH DEFENSE

State Auto, while denying all liability to Plaintiff, should be permitted a set-off for amounts which it has previously paid to the Insureds.

Inasmuch as the Complaint does not describe the Plaintiff's underlying claims or damages with sufficient particularity to enable State Auto to determine all of its

legal, contractual and equitable rights, State Auto reserves the right to amend or supplement the averments of this Answer to assert any and all defenses ascertained through further investigation and discovery in this action.

WHEREFORE, State Auto respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding it such other and further relief as the Court may deem just and proper, including the fees and costs incurred in defending this action.

This 28th day of April 2023.

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400 (O)
hilary@isenberg-hewitt.com
**Attorney for Defendant**

## <u>LOCAL RULE 7.1 CERTIFICATE</u>

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

<u>/s/ Hilary W. Hunter</u>
Hilary W. Hunter
Georgia Bar No. 742696
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400 - T
**Attorney for Defendant**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **PERFORMANCE AUTO COLLISION CENTER INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No.** |
| **v.** | ) |
| | ) |
| **STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,** | ) |
| a foreign corporation, | ) |
| | ) |
| **Defendant** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court via the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record to this matter, and also served a copy of the within and foregoing pleading to all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

J. Remington Huggins, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, GA 30075

26

This 28th day of April 2023.

ISENBERG & HEWITT, P.C.

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, GA  30328
770-351-4400 - O
hilary@isenberg-hewitt.com
**Attorney for Defendant**