

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-02900-2**
**4/5/2023 3:51 PM**
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**Primrose Creek HOA**
1321 Primrose Park Road, Sugar Hill, GA 30518

          **PLAINTIFF**             **CIVIL ACTION NUMBER:** _____     23-A-02900-2

**VS**

**Philadelphia Indemnity Insurance Company**
**RA: C T Corporation System**
289 S. Culver St.
Lawrenceville, GA 30046

          **DEFENDANT**

---

## SUMMONS

---

**TO THE ABOVE-NAMED DEFENDANT**:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Michael D. Turner**
**Attorney For the Plaintiff**
**THE HUGGINS LAW FIRM, LLC**
**110 Norcross Street**
**Roswell, GA 30075**
**770-913-6229**
mdturner@lawhuggins.com

an Answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____6_____ day of _____APRIL_____, 2023.

                    Tiana P. Garner,
                    Clerk of Superior Court

                    BY: _____
                    Deputy Clerk

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-02900-2**
**4/5/2023 3:51 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| PRIMROSE CREEK HOA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.:** 23-A-02900-2 |
| | ) | |
| PHILADELPHIA INDEMNITY | ) | |
| INSURANCE COMPANY, | ) | |
| a foreign corporation, | ) | |
| | ) | |
| **Defendant.** | ) | |

### COMPLAINT

**COMES NOW** Plaintiff **Primrose Creek HOA,** by and through the undersigned counsel, and files this Complaint for breach of first party property insurance contract and bad faith denial of insurance coverage against Defendant, **Philadelphia Indemnity Insurance Companies**, and in support hereof, states as follows:

### PARTIES

1.

Plaintiff is an adult resident citizen of Gwinnett County, Georgia.

2.

Upon information and belief, Defendant is a foreign insurance company, registered to transact business in, and in fact transacts business in, the State of Georgia. Defendant is in the business of insuring risks and properties located throughout the United States, including Georgia. Defendant maintains an office at 289 S. Culver St., Lawrenceville, GA 30046, where it may be served with process through its registered agent, C T Corporation System, as identified by the state of Georgia Secretary of State registry.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over this action for breach of contract and bad faith denial of an insurance claim because the breached contract was entered into, and concerned property in, the state of Georgia and the amount in controversy exceeds $15,000.00. This Court has personal jurisdiction over Defendant because Defendant is transacting business and insuring properties in the state of Georgia and has appointed a registered agent for service of process in Georgia pursuant to O.C.G.A. § 33-4-1 and O.C.G.A. § 33-4-4.

4.

Venue is proper in this Court because Defendant has a registered agent doing business in Gwinnett County pursuant to O.C.G.A. § 33-4-1, O.C.G.A. § 33-4-4.

5.

In addition, by virtue of the express terms of the insurance policy at issue, Defendant has consented to jurisdiction and venue of this Court.

## THE POLICY

6.

Prior to April 24, 2021, and in consideration of the premiums paid to Defendant by the Plaintiff, Defendant issued a policy with Policy No. PHPK2163078 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit "A."

7.

The Policy provides numerous coverages for the real and personal property located at 1321 Primrose Park Road, Sugar Hill, GA30518 (the "Insured Property," "Property," or the "home").

2

The Policy likewise insures against loss due to Wind, subject to a deductible of $5,000.00 per occurrence. (*See* Ex. A).

8.

The Policy is an all-perils policy providing coverage for sudden and accidental direct physical loss to the dwelling, other structures, and personal property. The Policy covers property repairs and personal property on a full replacement cost basis. (*See* Ex. A).

9.

The Policy covers various types of expenses, including reasonable and necessary costs incurred for temporary repairs to protect covered property from further imminent covered loss and additional living expenses. (*See* Ex. A).

**SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

10.

On or about April 24, 2021, the above-referenced property suffered damage from a sudden and accidental direct physical loss resulting from Wind (the "Loss"). The Policy was in effect at the time of the Loss.

11.

Plaintiff promptly and timely notified Defendant of the damage to the Property resulting from the Loss and made a claim pursuant to the Policy. As a result, Defendant assigned an adjuster ("Adjuster") to investigate Plaintiff's claim for sudden and accidental direct physical loss. The Adjuster was authorized as Defendant's representative and agent for purposes of the claim.

12.

At all times, Plaintiff made themselves and the Property available to, and fully cooperated with, the Defendant and its representative and agent to inspect and investigate the damages caused by the loss.

13.

Defendant, through its authorized representative and agent, Adjuster, performed a site inspection of the Property.

14.

Defendant's authorized representative and agent, Adjuster, incurred the duty of acting with due diligence in achieving a proper disposition of the Plaintiff's claim when Adjuster undertook the handling of the claim.

15.

Defendant, through its authorized representative and agent, Adjuster, grossly underestimated the scope of loss suffered by the Plaintiff as a result of the Wind event. Defendant failed to properly indemnify the Plaintiff and estimated Plaintiff's total loss to be $21,044.81. Plaintiff's deductible is $5,000.00 per occurrence, and Defendant withheld $1,460.84 in recoverable depreciation; thus, after deductions for depreciation and Plaintiff's deductible, Defendant claims Plaintiff was due $14,583.97 as indemnification under the Policy. A true and accurate copy of the Defendant's estimate is attached hereto as Exhibit "B."

16.

As a result of Defendant's gross underestimation, Plaintiff requested multiple times that Defendant reconsider its position regarding Defendant's estimate. Defendant refused to comply with the Plaintiff's requests and continued to frivolously and baselessly deny any additional

payment on Plaintiff's claim. Furthermore, the Defendant continued to ignore the opinions of the Plaintiff's experts as to the extent of damage and the amount it will cost the Plaintiff to be properly indemnified for the Loss.

17.

Plaintiff made repeated requests for payment of the claim, including a written demand sent to Defendant on November 10, 2022. A true and accurate copy of the written demand is attached hereto as Exhibit "C." Despite this demand for $127,804.02 less previous payments and the applicable deductible, Defendant continued to frivolously deny Plaintiff's claim without just cause when, under one or more portions of the Policy, the obligation to settle the claim became reasonably clear.

18.

The Plaintiff's November 10, 2022, correspondence (Ex. C) to Defendant was a letter of representation from Plaintiff's counsel and a formal 60-Day demand, pursuant to the guidelines set forth in O.C.G.A. §33-4-6. After putting Defendant on notice of a potential lawsuit through the formal 60-Day demand, the Defendant continued to deny Plaintiff's claim without just cause.

19.

Defendant did not act fairly or honestly toward the Plaintiff, or with due regard to the Plaintiff's claim and interests, when Defendant, under all circumstances articulated herein, failed to indemnify the Plaintiff for their damages in direct breach of the terms and conditions of the Policy.

20.

Plaintiff has fulfilled all conditions precedent and contractual obligations under the Policy prior to this lawsuit, or the same were waived.

21.

There exists a genuine, justifiable controversy between the Plaintiff and the Defendant as to whether Defendant is responsible for further indemnification owed to the Plaintiff as a result of the Loss. Plaintiff has exhausted every reasonable means possible to resolve this dispute with the Defendant. With no other option, Plaintiff was constrained to hire legal counsel, incur additional expenses, and file this lawsuit.

22.

Plaintiff has suffered loss under the Policy in an amount to be determined at trial.

## COUNT I: BREACH OF CONTRACT

23.

Plaintiff hereby adopts, re-alleges, and incorporates their allegations set forth in Paragraphs 1-22 of this Complaint as if fully set forth herein.

24.

Plaintiff has performed all conditions precedent to the Defendant's obligation to perform under the Policy including, without limitation, the timely payment of premiums, timely notice of the claim, and post loss obligations, or the Defendant has waived any and all other conditions.

25.

Under the terms of the Policy, Defendant is required to fully indemnify the Plaintiff for the damages sustained from the Loss.

26.

Despite Plaintiff's timely written demand, Defendant failed to provide full indemnification to the Plaintiff under the terms of the Policy.

27.

Defendant failed to act in good faith and fair dealing under the terms of the Policy by refusing to properly investigate and fully indemnify the Plaintiff according to the terms of the Policy.

28.

As a result of the Defendant's denying and delaying payment in Plaintiff's claim, Plaintiff sustained additional covered losses from mitigation and temporary repairs of the direct physical damage to the Property in an amount to be determined at trial.

29.

The Plaintiff suffered damages as a direct result of Defendant's failure to indemnify the Plaintiff for their loss.

30.

All foregoing conduct constitutes a breach of contract that has resulted in damages to the Plaintiff.

31.

**WHEREFORE,** Plaintiff prays for this Court to enter an award in Plaintiff's favor of compensatory damages, attorneys' fees, pre- and post-judgment interest, and such other and further relief as the Court may deem just and proper.

## COUNT II: BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6

32.

Plaintiff hereby adopts, re-alleges, and incorporates their allegations set forth in Paragraphs 1-31 of this Complaint as if fully set forth herein.

33.

By failing to achieve a proper disposition of Plaintiff's claim, Defendant acted frivolously, and without a reasonable basis or justification, in contravention of its duty of good faith and fair dealing.

34.

Defendant did not attempt in good faith to settle the Plaintiff's claim when it could have, and should have, done so under all attendant circumstances had it acted fairly and honestly toward the Plaintiff and with due regard for the Plaintiff's interests.

35.

Defendant's failures to adjust Plaintiff's claim in good faith include, but are not limited to:

(1) Knowingly misrepresenting to claimants, and insureds, relevant facts or policy provisions relating to coverages at issue (*see* O.C.G.A. § 33-6-34(1));

(2) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies (*see* O.C.G.A. § 33-6-34(2));

(3) Failing to adopt and implement procedures for the prompt investigation and settlement of claims arising under its policies (*see* O.C.G.A. § 33-6-34(3));

(4) Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonable clear (*see* O.C.G.A. § 33-6-34(4));

(5) Compelling insureds or beneficiaries to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them (*see* O.C.G.A. § 33-6-34(5));

(6) Refusing to pay claims without conducting a reasonable investigation (*see* O.C.G.A. § 33-6-34(6));

8

(7) When requested by the insured in writing, failing to affirm or deny coverage of claims within a reasonable time after having completed its investigation related to such claim or claims (*see* O.C.G.A. § 33-6-34(7)); and

(8) When requested by the insured in writing, failing in the case of payments or offers of compromise to provide promptly a reasonable and accurate explanation of the basis for such action (or, in the case of claims denials, providing said denial to the insured in writing) (*see* O.C.G.A. § 33-6-34(10)).

36.

The above and foregoing actions of Defendant constitute bad faith pursuant to O.C.G.A. § 33-4-6, as the Defendant refused to pay Plaintiff's covered loss within sixty (60) days after Plaintiff's timely written demand (Ex. C) for payment without a reasonable basis for doing so.

37.

Defendant frivolously, and without a reasonable basis, denied proper indemnification to the Plaintiff for their covered loss.

38.

Defendant's refusal to indemnify the Plaintiff was done frivolously, without a reasonable basis, and in bad faith.

39.

As a result of Defendant's above-referenced bad faith breach of the Policy issued to the Plaintiff, and pursuant to O.C.G.A. § 33-4-6(a), Defendant is liable for penalties in the amount of "not more than fifty percent (50%) of the liability of the insurer for the loss, or $5,000.00, whichever is greater, and all reasonable attorneys' fees for the prosecution of the action against the Insurer."

9

40.

**WHEREFORE,** Plaintiff prays for this Court to enter an award, in Plaintiff's favor, of the statutory award in an amount of fifty percent (50%) of the total compensatory damages awarded or $5,000.00, whichever is greater, along with a statutory allowance for reasonable attorneys' fees in prosecuting this action, pursuant to O.C.G.A. § 33-4-6, for Defendant's unfair claims settlement practices and bad faith refusal to pay Plaintiff's loss claim when it could and should have done so, had it acted fairly and reasonably toward the insured.

## DEMAND FOR JURY TRIAL

41.

Plaintiff requests a trial by Jury on all counts of the Complaint.

## PRAYER FOR RELIEF

42.

**WHEREFORE,** Plaintiff requests that after due proceedings are had, all appropriate penalties be assessed against the Defendant and that the Plaintiff receive any and all damages at law to which they are justly entitled, and thus prays for judgment against the Defendant, as follows:

a. That this Court grant judgment in favor of the Plaintiff and against Defendant in an amount to be determined at trial for breach of insurance contract.

b. Compensatory damages, including all damages to the Plaintiff by the Defendant and any resulting expenses.

c. Bad faith damages in an amount of fifty percent (50%) of the total compensatory damages awarded or $5,000.00, whichever is greater, for Defendant's bad faith delay, denial, and its

intentional, frivolous failure to conduct a reasonable investigation of the Plaintiff's claim without a reasonable basis;

d. Plaintiff's attorneys' fees and costs of suit in this action;

e. Plaintiff's consultant and expert fees;

f. Pre- and post-judgment interest in the maximum amount allowed by law;

g. All statutory penalties;

h. Any and all applicable multipliers; and,

i. Any and all other relief that the Court may deem just and proper, whether such relief sounds in law or equity.

Dated, this 5th day of April, 2023.

RESPECTFULLY SUBMITTED,

**The Huggins Law Firm, LLC**
110 Norcross Street
Roswell, GA 30075
(o) (770) 913-6229
(e) remington@lawhuggins.com
(e) mdturner@lawhuggins.com

J. Remington Huggins, Esq.
Georgia Bar No.: 348736
Michael D. Turner, Esq.
Georgia Bar No.: 216414

*Attorneys for the Plaintiff*