

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PRIMROSE CREEK HOA, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>PHILADELPHIA INDEMNITY )<br>INSURANCE COMPANY, )<br>)<br>    Defendant. ) | CIVIL ACTION FILE NO.:<br>23-A-02900-2 |

### DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Defendant Philadelphia Indemnity Insurance Company ("PIIC") and files this Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Honorable Court the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against PIIC upon which relief can be granted, and therefore, must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

PIIC shows that Plaintiff's Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the damage to Plaintiff's commercial property as alleged in the Complaint. The insurance agreement provides in pertinent part as follows:

### CAUSES OF LOSS – SPECIAL FORM

*B.*   *Exclusions*

\*\*\*\*\*

1

> **2.** We will not pay for "loss" caused by or resulting from any of the following:
>
> \*\*\*\*\*
>
> d. (1) Wear and tear;
>
> (2) Rust, corrosion, fungus, decay, deterioration, contamination, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
>
> \*\*\*\*\*
>
> But if an excluded cause of loss that is listed in 2.d.(1) through (7) results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

Plaintiff's claim for insurance proceeds, as asserted in the Complaint, is barred under these applicable exclusions, and therefore, Plaintiff's Complaint must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

PIIC shows that Plaintiff's Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the damage to Plaintiff's commercial property as alleged in the Complaint. The insurance agreement provides in pertinent part as follows:

**CAUSES OF LOSS – SPECIAL FORM**

B. **Exclusions**

\*\*\*\*\*

> **2.** We will not pay for "loss" caused by or resulting from any of the following:
>
> *****
>
> f. Continuous or repeated seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

Plaintiff's claim for insurance proceeds, as asserted in the Complaint, is barred under these applicable exclusions, and therefore, Plaintiff's Complaint must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

PIIC shows that Plaintiff's Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the damage to Plaintiff's commercial property as alleged in the Complaint. The insurance agreement provides in pertinent part as follows:

### CAUSES OF LOSS – SPECIAL FORM

**B.** *Exclusions*

> *****
>
> 3. We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
>
> *****
>
> c. *Faulty, inadequate or defective:*

3

*****

> 2.  *Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
>
> 3.  *Materials used in repair, construction, renovation or remodeling; or*
>
> 4.  *Maintenance;*
>
> *of part or all of any property whether on or off the "residence premises."*

Plaintiff's claim for insurance proceeds, as asserted in the Complaint, is barred under these applicable exclusions, and therefore, Plaintiff's Complaint must be dismissed.

## FIFTH AFFIRMTIVE DEFENSE

Plaintiff's claims may be barred under the Policy, in whole or in part, due to Plaintiff's own actions or omissions in his failure to provide prompt notice, protect the commercial property from future damage and/or by its failure to make reasonable and necessary repairs to protect the property.

Specifically, the Policy provides:

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM

*****

**E. Loss Conditions**

*The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.*

*****

      **3.**    *Duties In The Event of Loss Or Damage.*

        *a.*    *You must see that the following are done in the event of loss or damage to Covered Property:*

*\*\*\*\*\**

    (2)    *Give us prompt notice of the loss or damage. Include a description of the property involved.*

    (3)    *As soon as possible give us a description of how, when and where the loss or damage occurred.*

    (4)    *Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.*

Plaintiff failed to comply with all aspects of these specific conditions imposed upon the insured as a duty immediately after any loss.

### SIXTH AFFIRMATIVE DEFENSE

The penalties set forth in O.C.G.A. § 33-4-6 are Plaintiff's exclusive remedies for alleged bad faith against its insurer, and therefore, to the extent Plaintiff's Complaint seeks extra-contractual damages (interest upon Plaintiff's alleged damages under O.C.G.A. § 13-6-13) not

provided in O.C.G.A. § 33-4-6, Plaintiff's Complaint fails to state a cause of action and must be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

Pending further investigation and discovery, PIIC reserves the right to bring any and all affirmative defenses available to it under the Georgia Civil Practice Act and any applicable defenses under the laws of the State of Georgia.

## EIGHTH AFFIRMATIVE DEFENSE

In response to the specific allegations contained in the Plaintiff's Complaint, and while at all times reserving the defenses previously raised by PIIC, as well as those which may be added by amendment in the future after further discovery and investigation, PIIC states the following:

1.

PIIC is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore places Plaintiff of strict proof of same.

2.

PIIC denies that it maintains an office at 289 S Culver St., Lawrenceville, GA 30046. PIIC admits the remaining allegations contained in Paragraph 2 of the Complaint.

3.

PIIC denies the merits of Plaintiff's action for breach of contract and bad faith denial of its insurance claim. PIIC, however, admits the remaining allegations contained in Paragraph 3 of the Complaint. However, to the extent that Plaintiff seeks to imply or infer by the allegations by said allegations that the case cannot be removed to Federal Court, said allegations are hereby denied.

4.

PIIC admits that this Court has jurisdiction over the subject matter and the parties to this dispute. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 4 that PIIC breached any contract with Plaintiff or that the Policy at issue provides coverage for the loss upon which the Complaint is based or that this action cannot be removed to Federal Court, said allegations are hereby denied. PIIC denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.

PIIC admits the allegations contained in Paragraph 5 of the Complaint.

6.

PIIC admits that Plaintiff paid premiums and that the document attached as Exhibit "A" to the Complaint is a true and correct copy of the Policy. However, the terms of the Policy speak for themselves and must be read as a whole. To the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 6 that said Policy provides coverage for the damages alleged in the Complaint, said allegations are hereby denied. PIIC denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.

PIIC admits that it issued Policy number PHPK2163078 ("the Policy") to Plaintiff providing certain coverage for the property located at 1321 Primrose Oak Road, Sugar Hill, GA 30518 ("the Property") effective July 24, 2020 through July 24, 2021 subject to certain exclusions, conditions and limitations contained therein. Further, the terms of the policy speak for themselves and must be read as a whole. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 7 that said Policy provides coverage for the damages

alleged in the Complaint, said allegations are hereby denied. PIIC admits there is a Wind is a covered cause of loss and there is a deductible of $5,000.00 per loss. PIIC denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.

PIIC admits that the Policy provides certain coverage subject to the exclusions, conditions and limitations. Further, the terms of the Policy speak for themselves and must be read as a whole. To the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 8 that said Policy provides coverage for the damages alleged in the Complaint, said allegations are hereby denied. PIIC denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.

PIIC admits that the Policy provides certain coverage subject to the exclusions, conditions and limitations. Further, the terms of the Policy speak for themselves and must be read as a whole. To the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 9 that said Policy provides coverage for the damages alleged in the Complaint, said allegations are hereby denied. PIIC denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.

PIIC admits that the Policy was in effect on April 24, 2021. PIIC denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.

PIIC denies that Plaintiff promptly and timely notified it of the damage to its property. PIIC admits that the claim was assigned claim number PHPU22041501408 and it assigned an

adjuster to investigate the claim who was its authorized representative and agent. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 11 that said Policy provides coverage for the damages alleged in the Complaint, said allegations are hereby denied. PIIC denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.

PIIC admits that Plaintiff cooperated with the investigation of the claim upon which the Complaint is based by making the Property available for inspection and investigation of the damages. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 12 that said Policy provides coverage for the damages alleged in the Complaint, said allegations are hereby denied. PIIC denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.

PIIC admits the allegations contained in Paragraph 13 of the Complaint.

14.

PIIC admits that its adjuster complied with its duties set forth in the policy to adjust the claim according to the terms of the Policy. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 14 that said Policy provides coverage for the damages alleged in the Complaint, said allegations are hereby denied. PIIC denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.

PIIC admits that it estimated Plaintiff's loss to be $21,044.81 and after the appropriate deductions for Plaintiff's deducible and withheld recoverable depreciation, issued Plaintiff $14,583.97, representing the actual cash value of the covered damages. PIIC admits that attached

as Exhibit "B" is a true and correct copy of PIIC's estimate. PIIC denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.

PIIC admits that Plaintiff requested that it reconsider its position. However, pursuant to the Policy and following a proper investigation of the claim, PIIC made the correct coverage decision and determined the appropriate amount of covered damages. PIIC denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.

PIIC admits that Plaintiff demanded payment through its undersigned attorney on April 6, 2022. PIIC admits that Exhibit "C" is a true and correct copy of the written demand. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 17 that the Policy provides coverage for the damages alleged in the Complaint, said allegations are hereby denied. PIIC denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.

PIIC admits that Exhibit "C" was a letter of representation from Plaintiff's counsel. PIIC, however, denies the allegations contained in Paragraph 18 of the Complaint.

19.

PIIC denies the allegations contained in Paragraph 19 of the Complaint.

20.

PIIC denies the allegations contained in Paragraph 20 of the Complaint.

21.

PIIC admits that a genuine, justifiable controversy exists between Plaintiff and PIIC as to whether PIIC is responsible for coverage for the replacement cost of the actual physical damage

to Plaintiff's Property. PIIC denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.

PIIC admits there is physical damage to Plaintiff's Property but denies said damage is covered under the terms of the Policy. PIIC denies the remaining allegations contained in Paragraph 22 of the Complaint.

## COUNT I – BREACH OF CONTRACT

23.

The allegations contained in Paragraph 23 of the Complaint do not require a response of PIIC, but to the extent they do, said allegations are hereby denied.

24.

PIIC admits that Plaintiff paid premiums. PIIC denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.

PIIC admits that the Policy provides certain coverage subject to the exclusions, conditions and limitations. Further, the terms of the Policy speak for themselves and must be read as a whole. Pursuant to the Policy and following a proper investigation of the claim, PIIC made the correct coverage decision and determined the proper costs to repair the covered damages. PIIC denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.

PIIC admits that Plaintiff made a demand, and that PIIC declined to make any payments. Pursuant to the Policy and following a proper investigation of the claim, made the correct

coverage decision and determined the proper costs to repair the covered damages. PIIC denies the remaining allegations contained in Paragraph 26 of the Complaint.

27.

PIIC denies the allegations contained in Paragraph 27 of the Complaint.

28.

PIIC denies the allegations contained in Paragraph 28 of the Complaint.

29.

PIIC denies the allegations contained in Paragraph 29 of the Complaint.

30.

PIIC denies the allegations contained in Paragraph 30 of the Complaint.

31.

PIIC denies the allegations contained in Paragraph 31 of the Complaint.

### **COUNT II: BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6**

32.

The allegations contained in Paragraph 32 of the Complaint do not require a response of PIIC, but to the extent they do, said allegations are hereby denied.

33.

PIIC denies the allegations contained in Paragraph 33 of the Complaint.

34.

PIIC denies the allegations contained in Paragraph 34 of the Complaint.

35.

PIIC denies the allegations contained in Paragraph 35 of the Complaint.

36.

PIIC denies the allegations contained in Paragraph 36 of the Complaint.

37.

PIIC denies the allegations contained in Paragraph 37 of the Complaint.

38.

PIIC denies the allegations contained in Paragraph 38 of the Complaint.

39.

PIIC denies the allegations contained in Paragraph 39 of the Complaint.

40.

PIIC denies the allegations contained in Paragraph 40 of the Complaint.

41.

The allegations contained in Paragraph 23 of the Complaint do not require a response of PIIC, but to the extent they do, said allegations are hereby denied.

42.

PIIC denies the allegations contained in Paragraph 42 of the Complaint.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, PIIC respectfully requests that:

1. Plaintiff's Complaint be dismissed against PIIC and discharged with all costs cast upon Plaintiff for attorney's fees and expenses of litigation; and

2. PIIC be awarded such other further relief as the Court may deem just and proper.

Served this 28th day of April, 2023.

CHARTWELL LAW, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos

                                          Georgia Bar No. 423906

                                          */s/ Katelyn E. Fischer*
                                          Katelyn E. Fischer
3200 Cobb Galleria Pkwy.              Georgia Bar No. 491302
Bldg. 200, Ste. 250
Atlanta, GA 30339                         *Counsel for PIIC*
Direct (470) 660-8737
Main (404) 410-1151
Fax (850) 668-7972
kkarabinos@chartwelllaw.com
kfischer@chartwelllaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** via electronic filing with the Clerk of Court who will send notification to counsel of record as follows:

J. Remington Huggins
Michael D. Turner
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, GA 30075
remington@lawhuggins.com
mdturner@lawhuggins.com

This 28th day of April, 2023.

CHARTWELL LAW, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

*Counsel for PIIC*

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250
Atlanta, GA 30339
Direct (470) 660-8737
Main (404) 410-1151
Fax (850) 668-7972
kkarabinos@chartwelllaw.com