# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES WILLIAMS,<br><br>*Plaintiff,*<br><br>v.<br><br>FLEETCOR TECHNOLOGIES, INC.<br><br>*Defendants.* | Civil Action No.:<br>_____<br><br>**COMPLAINT** |

James Williams, Plaintiff herein, through his attorneys, alleges and complains of Defendants as follows:

## PRELIMINARY STATEMENT

1. James Williams ("Plaintiff" or "Ms. Williams") is a victim of identity theft.

2. On multiple separate occasions from June to July 2022, unknown perpetrator/s managed to access funds in Plaintiff's Comdata account (the "Account") and made multiple unauthorized and fraudulent transfers/charges totaling $10,850 (the "Stolen Funds") to several accounts not belonging to the Plaintiff.

1

3. Plaintiff promptly and repeatedly disputed the charges with Fleetcor Technologies, Inc. ("Comdata" or "Fleetcor").

4. Despite its obligation under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 to promptly credit Plaintiff's account in full, Defendants have refused to credit Plaintiff's account for the Stolen Funds.

5. Plaintiff brings claims against Defendant Fleetcor for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*,

## JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to 15 U.S.C. § 1693m and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

7. Jurisdiction over Plaintiff's claim for declaratory relief is conferred by 28 U.S.C. § 2201.

8. Venue is proper in this District because Plaintiff resides in this District, a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendant regularly conducts business here.

## PARTIES

9. Plaintiff is a natural person and citizen of Georgia, residing in Jonesboro, Georgia.

10. Plaintiff is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6). His Comdata account with Defendant Fleetcor was used for personal, family, or household purposes.

11. Defendant Fleetcor is a global business payments company and a provider of fuel payment cards formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9).

12. Comdata Inc. was acquired by Defendant Fleetcor in November 2014.

13. Defendant Fleetcor is headquartered in Georgia, at 3280 Peachtree Road, Suite 2400, Atlanta, Georgia 30305.

## FACTS

14. On multiple separate occasions from June to July 2022, through means unknown to Plaintiff and absent his consent, unknown perpetrator/s managed to access the funds in Plaintiff's Comdata account and made multiple unauthorized and fraudulent transfers/charges amounting to $10,850.

15. The said unauthorized and fraudulent transactions are as follows:

| Date: | Transferred/Charged to: | Amount |
|---|---|---|
| 6/4/2022 | CASH APP*LIVINWITS 877-… | $400 |
| 6/5/2022 | CASH APP*VALERIE PA 877-… | $250 |
| 6/7/2022 | CASH APP*KIRK FRANK 877-… | $500 |
| 6/8/2022 | CASH APP*KIRK FRANK 877-… | $450 |
| 6/8/2022 | CASH APP*LIVINWITS 877-… | $300 |
| 6/10/2022 | CASH APP*KIRK FRANK 877-… | $500 |

| 6/11/2022 | CASH APP*LIVINWITS 877-… | $550 |
| 6/13/2022 | CASH APP*KIRK FRANK 877-… | $625 |
| 6/15/2022 | CASH APP*KIRK FRANK 877-… | $700 |
| 6/16/2022 | CASH APP*KIRK FRANK 877-… | $625 |
| 6/17/2022 | CASH APP*KIRK FRANK 877-… | $725 |
| 6/19/2022 | CASH APP*KIRK FRANK 877-… | $725 |
| 6/24/2022 | CASH APP*KIRK FRANK 877-… | $800 |
| 6/26/2022 | CASH APP*KIRK FRANK 877-… | $900 |
| 6/27/2022 | CASH APP*KIRK FRANK 877-… | $1,000 |
| 6/29/2022 | CASH APP*KIRK FRANK 877-… | $800 |
| 7/01/2022 | CASH APP*KIRK FRANK 877-… | $1000 |

16. Upon discovery of the fraudulent and unauthorized transfers/charges, Plaintiff immediately contacted Defendant Fleetcor on or about August 18, 2022, to report and dispute the transfers/charges.

17. On September 1, 2022, Plaintiff also filed a complaint with the Better Business Bureau ("BBB") regarding the matter (BBB Complaint ID #18255711).

18. On September 19, 2022, after back and forth correspondence with Defendant Fleetcor's representatives, Defendant Fleetcor finally finished its investigation and reimbursed the Stolen Funds by depositing an equal amount to his account.

19. On the same date, Defendant Fleetcor also responded to Plaintiff's BBB complaint by stating that, after reviewing Plaintiff's dispute, it issued a "reimbursement for 15 of the 17 items disputed." It further stated that two of the disputed items were not reimbursed because those disputes were "filed outside of

4

the filing time period for disputes." In the same email, Defendant Fleetcor also stated that the reimbursement was issued "via deposit on the card on file".

20. In or about early November of 2022, upon checking the balance of his Account, Plaintiff discovered that the reimbursed funds were removed from his account and immediately made inquiry to Defendant Fleetcor.

21. After significant back-and-forth correspondence with Defendant Fleetcor's representatives, Defendant Fleetcor now claims that what Plaintiff thought was a reimbursement was only a "provisional credit" and that it reversed the credit when further investigation showed that, "based on the response from the merchant", the transfers/charges were valid. Defendant Fleetcor then directed Plaintiff to "contact the merchant" in order to resolve the issue.

22. This response left Plaintiff with more questions instead of answers since: first, the tone of Defendant Fleetcor's September 19, 2022 email response to his BBB complaint suggested that Defendant Fleetcor completed its investigation on his account; and, second, Plaintiff was never informed that the reimbursement was only a provisional credit since Defendant Fleetcor's email clearly stated that it was a reimbursement.

23. On November 14, 2022, Plaintiff filed a report with the Consumer Financial Protection Bureau ("CFPB") concerning the unauthorized and fraudulent

transfers/charges, in addition to their reimbursement and reversal. (CFPB Complaint number: 221114-9755904)

24. To date, Defendant has yet to return the Stolen Funds.

## **FIRST CLAIM FOR RELIEF**

**(Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*)**

25. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

26. Per the EFTA, Regulation E, and Regulation E's Official Interpretations, Defendant bears the responsibility for unauthorized transfers and withdrawals such as those at issue in this complaint.

27. Pursuant to 15 U.S.C. § 1693g(a), "Unauthorized electronic fund transfers; limit" states in relevant part as follows:

> In no event. . . shall a consumer's liability for an unauthorized transfer exceed the lesser of-
>
> (1) $50; or
>
> (2) the amount of money or value of property or services obtained in such, unauthorized electronic fund transfer prior to the time the financial institution is notified of, or otherwise becomes aware of, circumstances which lead to the reasonable belief that an unauthorized electronic fund transfer involving the consumer's account has been or may be effected.

6

28. This cap is increased to $500 dollars where the consumer waits more than two business days after becoming aware of the unauthorized transaction to notify the financial institution. 15 U.S.C. 1693g(a)(2).

29. The rules are elucidated in Regulation E, 12 C.F.R. § 1005.6(b):

> (b) Limitations on amount of liability. A consumer's liability for an unauthorized electronic fund transfer or a series of related unauthorized transfers shall be determined as follows:
>
> (1) Timely notice given. If the consumer notifies the financial institution within two business days after learning of the loss or theft of the access device, the consumer's liability shall not exceed the lesser of $50 or the amount of unauthorized transfers that occur before notice to the financial institution.
>
> (2) Timely notice not given. If the consumer fails to notify the financial institution within two business days after learning of the loss or theft of the access device, the consumer's liability shall not exceed the lesser of $500 or the sum of:
>
> (i) $50 or the amount of unauthorized transfers that occur within the two business days, whichever is less; and
>
> (ii) The amount of unauthorized transfers that occur after the close of two business days and before notice to the institution, provided the institution establishes that these transfers would not have occurred had the consumer notified the institution within that two-day period.

30. The EFTA places the burden of proof on the financial institution to demonstrate that the challenged transfers were authorized. 15 U.S.C. § 1693g(b).

31. Defendant cannot meet its burden of proof here, where Plaintiff:

   a) Promptly disputed the transactions;

   b) Provided details regarding the theft of [his/his] card;

   c) Provided a sworn affidavit;

   d) Provided a police report;

   e) Has no criminal history;

   f) Has no history of filing false disputes; and

   g) The thefts are inconsistent with Plaintiff's pattern of card use.

32. Defendant also violated the EFTA by failing to provide any meaningful explanation of the grounds upon which it relied in denying the Plaintiff's claim. 15 U.S.C. § 1693f(d). *See* CFPB Supervisory Highlights, Issue 22, Summer 2020, Section 2.3.3 ("Financial institutions must go beyond just providing the findings to actually explain or give the reasons for or cause of those findings.").

33. Defendant also violated the EFTA by failing to provide Plaintiff with notice of his right to request reproductions of all documents which Comdata relied on to conclude that an error did not occur, as required under 15 U.S.C. § 1693f(d).

34. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages, including, but not limited to, past and future monetary loss, past and future mental distress, emotional anguish, and other damages that will be presented to the trier of fact.

35. Defendant did not conduct a good faith investigation regarding the Stolen Funds.

36. Defendant did not have a reasonable basis for believing the account was not in error based on the evidence provided to Defendant.

37. Specifically, Defendants' conduct as set forth herein constitutes a failure to investigate in good faith and a failure to establish a reasonable basis for believing that Plaintiff's account was not in error, and also constitutes a knowing and willful conclusion that his account was not in error when such conclusion could not reasonably have been drawn from the available evidence, and for this reason constitutes a violation of 1693f(e), entitling Plaintiff to treble damages in addition to all other relief sought herein.

38. As a direct and proximate result of Defendants' violations of the EFTA, Plaintiff is entitled to declaratory judgment, actual damages, statutory damages, treble damages, costs and reasonable attorneys' fees.

**WHEREFORE,** Plaintiff seeks judgment in his favor and damages against Defendant:

   A. awarding Plaintiff against Defendants actual damages, treble damages, statutory damages, punitive damages,

declaratory relief, injunctive relief, costs, and reasonable attorneys' fees; and

B. such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: April 28, 2023

By: */s/ Justin T. Holcombe*
Justin T. Holcombe (GA Bar No. 552100)
jholcombe@skaarandfeagle.com
Kris Skaar (GA Bar No. 649610)
kskaar@skaarandfeagle.com
SKAAR & FEAGLE, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189
Tel: (770) 427-5600
Fax: (404) 601-1855

James M. Feagle (GA Bar No. 256916)
jfeagle@skaarandfeagle.com
Cliff R. Dorsen (GA Bar No. 149254)
cdorsen@skaarandfeagle.com
SKAAR & FEAGLE, LLP
2374 Main Street, Suite B
Tucker, GA 30084
Tel: (404) 373-1970

*/s/H. Cooper Ellenberg*
H. Cooper Ellenberg*
Schlanger Law Group LLP
80 Broad Street, Suite 1301
New York, NY 10004
T: 212-500-6114
F: 646-612-7996
E: hellenberg@consumerprotection.net
*pro hac vice application forthcoming

*Counsel for Plaintiff*