Case 1:23-mi-99999-UNA Document 1407-2 Filed 04/28/23 Page 1 of 10

2023CV00302 e-Filed 2/3/2023 3:30 PM

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

**EXHIBIT 1**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARCELLA NEWGENT, ANITA KISH as natural parent and guardian of TONY NEWGENT, minor, JE'EL NEWGENT, and TERRI BLANKINSHIP,<br><br>*Plaintiffs*,<br><br>vs.<br><br>CAPITAL INSTINCT, INC. d/b/a TRANSLOG MANAGEMENT, INC., SENTRY SELECT INSURANCE COMPANY, and WAYNE STARK,<br><br>*Defendants*. | CIVIL ACTION FILE NO.: _____<br>2023CV00302<br><br>*JURY TRIAL DEMANDED*. |

## COMPLAINT

**COME NOW** Plaintiffs, MARCELLA NEWGENT, TERRI BLANKINSHIP, JE'EL NEWGENT, and ANITA KISH as natural parent and guardian of TONY NEWGENT, and make and file this Complaint against WAYNE STARK and CAPITAL INSTINCT INC. DBA TRANSLOG MANAGEMENT INC, and SENTRY SELECT INSURANCE COMPANY as follows:

### PARTIES and JURISDICTION

**1.**

Plaintiffs MARCELLA NEWGENT, TERRI BLANKINSHIP, JE'EL NEWGENT, and TONY NEWGENT are residents of the State of Illinois.

**2.**

Plaintiffs[1] are subject to the jurisdiction of this Court.

**3.**

Defendant CAPITAL INSTINCT INC. DBA TRANSLOG MANAGEMENT INC. (hereinafter "DEFENDANT INSTINCT") is a domestic profit corporation company authorized to do business in the State of Georgia with its principal place of business located at 594 Hastings Way, Jonesboro, Georgia 30238. Defendant INSTINCT is subject to the jurisdiction of this Court and may be served by issuing Summons and a second original of this Complaint to their registered agent Antonio Miller, 594 Hastings Way, Jonesboro, (Clayton County) Georgia 30238. Defendant may be served at that address.

**4.**

Defendant Sentry Select Insurance Company ("DEFENDANT SENTRY") is a foreign insurance company existing under the laws of Wisconsin with a principal place of business in Wisconsin, and it is authorized to transact business in Georgia. Defendant Sentry may be served through its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046, and it is subject to the jurisdiction of this Court.

**5.**

Defendant WAYNE STARK (hereafter "DEFENDANT STARKE") is a resident of the State of Georgia, whose last known residence is 11563 Registry Boulevard, Hampton, (Henry County) Georgia 30228. Defendant may be served at that address by way of process server.

**6.**

---

[1] Plaintiff Marcella Newgent, Plaintiff Tony Newgent, Plaintiff Je'el Newgent, and Plaintiff Terri Blankinship are hereinafter referred to collectively as "Plaintiffs."

This lawsuit arises out of a motor vehicle collision that occurred on or about October 8, 2022, in the southbound lanes of I-75 in Clayton County, Georgia (hereinafter referred to as the "subject-crash").

**7.**

Jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

**8.**

On October 8, 2022, Plaintiffs were traveling southbound in the far-right lane of I-75 in a construction zone in Clayton County, Georgia.

**9.**

At the time of the subject-crash, Plaintiff Marcella was driving her vehicle southbound on I-75 with Plaintiffs Tony, Je'el, and Terri riding as passengers in his vehicle.

**10.**

Defendant Stark was the driver of a tractor-trailer traveling southbound on I-75 in the lane directly to the left of Plaintiffs' vehicle.

**11.**

Defendant Stark made an improper lane change, failed to maintain his lane of travel, failed to exercise due care, and collided with the driver's side of Plaintiffs' vehicle.

**12.**

The collision caused Plaintiffs' vehicle to subsequently, collide into the construction barrels.

**13.**

As result of the subject-crash, Plaintiff Marcella suffered severe and permanent injuries, which required extensive emergency medical treatment.

**14.**

As result of the subject-crash, Plaintiff Terri suffered severe and permanent injuries, which required extensive medical treatment.

**15.**

As result of the subject-crash, Plaintiff Tony suffered severe and permanent injuries, which required extensive medical treatment.

**16.**

As result of the subject-crash, Plaintiff Je'el suffered severe and permanent injuries, which required extensive medical treatment.

### COUNT I — *Negligence of Defendant Wayne Stark*

**17.**

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

**18.**

Defendant Stark owed a duty to exercise due care while operating his vehicle; to keep a proper lookout; to maintain a safe following distance; to maintain his lane of travel; to pay attention and avoid driver distractions at all times; to properly control his vehicle; and, to take proper evasive action(s) when necessary.

**19.**

Defendant Stark breached those duties and, therefore, he was negligent in colliding with the driver's side of Plaintiffs' vehicle.

**20.**

Defendant Stark' negligence is the sole and proximate cause of the subject-crash, and

Plaintiffs' resulting injuries and damages.

**21.**

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Wayne Stark, the Plaintiffs have suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss wages, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiffs' bodies plus an inability to live a normal life. As a result of the subject collision, Plaintiffs have incurred medical expenses, which final amount will be determined.

## COUNT II — Imputed Liability of Defendant Instinct

**22.**

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

**23.**

At the time of the subject crash, Defendant Stark was an employee of and/or under dispatch for Defendant Instinct.

**24.**

At the time of the subject-crash, Defendant Stark was operating his vehicle for and/or on behalf of Defendant Instinct.

**25.**

At the time of the subject-crash, Defendant Stark was acting within the scope of his employment with Defendant Instinct.

**26.**

Defendant Prime is responsible for the actions of Defendant Stark in the subject-crash under the doctrine of *respondeat superior,* agency and/or apparent agency.

**27.**

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Instinct, the Plaintiffs have suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss wages, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiffs' body plus an inability to live a normal life. As a result of the subject collision, the Plaintiffs have incurred medical expenses, which final amount will be determined.

### **COUNT III — *Negligent Hiring, Training & Supervision of Defendant Instinct.***

**28.**

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

**29.**

Defendant Instinct was negligent in hiring Defendant Stark and entrusting him to operate the tractor-trailer.

**30.**

Defendant Instinct was negligent in failing to properly train Defendant Stark.

**31.**

Defendant Instinct was negligent in failing to properly supervise Defendant Stark.

**32.**

Defendant Instinct's negligence in hiring Defendant Stark and entrusting him to operate the tractor-trailer, and in failing to properly train and supervise Defendant Stark, was the sole and proximate cause of the subject-crash, and Plaintiffs' resulting injuries.

**33.**

Plaintiffs are entitled to recover form Defendants for their past, present and future medical expense, past, present, and past present and future pain and suffering, in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

### COUNT IV — *Direct Action Against Defendant Sentry Select Insurance Company*

**34.**

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

**35.**

Defendant Sentry is subject to a direct action under Georgia law as the insurer for Defendant Instinct and/or Stark.

**36.**

Defendant Sentry was the insurer for Defendant Instinct at the time of the subject-crash and issued a liability policy to comply with the filing requirements under Georgia law for intrastate and/or interstate transportation.

**37.**

Defendant Sentry and/or Instinct are subject to the filing requirements outlined and set forth in O.C.G.A. § 40-2-140.

**38.**

Defendant Sentry is responsible for any judgment rendered against Defendant Instinct and/or Defendant Stark.

## COUNT V — *Attorney's Fees and Expenses of Litigation*

**39.**

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 38 above as if fully restated.

**40.**

Defendants, Wayne Stark, Capital Instinct Inc., and Sentry individually, and by and through their representatives, have been stubbornly litigious and has caused Plaintiffs unnecessary trouble and expense.

**41.**

Defendants are liable to Plaintiffs for the expenses of litigation, including attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## COUNT VI – *Punitive Damages*

**42.**

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 42 above as if fully restated.

**43.**

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and, therefore, entitles Plaintiffs to an award of punitive damages in this matter.

**WHEREFORE**, Plaintiffs Marcella Newgent, Terri Blankinship, Je'el Newgent, and Tony Newgent respectfully pray and demand as follows:

a. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiffs' Complaint;

b. That service be had upon Defendants as provided by law;

c. That Plaintiffs have and recover general damages from Defendants, as the jury deems is liable to Plaintiffs, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiffs for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d. That Plaintiffs have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e. That Plaintiffs have and recover from Defendants, punitive damages for willful misconduct, malice, or that entire want of care which would raise the presumption of conscious indifference to consequences;

f. That this matter be tried to a jury of twelve;

g. That all costs be cast against the Defendants; and

h. For such other and further relief as this Court deems just and appropriate.

This 3rd day of February 2023.

                                                Respectfully submitted,

                                                **/s/ Edward J. Hardrick**
                                                Edward J. Hardrick
                                                Georgia Bar No. 606792
                                                *Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA, PLLC
178 S Main Street, Unit 300
Alpharetta, Georgia 30009
Main:    (770) 576-7634
Fax:     (770) 576-7684
Email:  ehardrick@forthepeople.com