Case 1:23-mi-99999-UNA Document 1467-6 Filed 04/28/23 Page 1 of 6

2023CV00302  e-Filed 3/16/2023 1:23 PM

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

**EXHIBIT 5**

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| MARCELLA NEWGENT, ANITA KISH, as natural parent and guardian of TONY NEWGENT, minor, JE'EL NEWGENT, and TERRI BLANKINSHIP,<br>　　　　Plaintiff,<br><br>vs.<br><br>CAPITAL INSTINCT, INC., d/b/a TRANSLOG MANAGEMENT, INC., SENTRY SELECT INSURANCE COMPANY and WAYNE STARK,<br>　　　　Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*　Civil Action No. 2023CV00302<br>*<br>*<br>*<br>*<br>*<br>* |

**ANSWER BY SPECIAL AND LIMITED APPEARANCE OF DEFENDANTS**

CAPITAL INSTINCT, INC., d/b/a TRANSLOG MANAGEMENT, INC., SENTRY SELECT INSURANCE COMPANY and WAYNE STARK, Defendants in the above-styled action, submit this Answer by Special and Limited Appearance without subjecting themselves to the jurisdiction of this Court and respond to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a cause of action against these Defendants upon which relief can be granted.

**SECOND DEFENSE**

No act or omission of these Defendants either proximately caused or contributed to all damage the Plaintiffs may have sustained, and on account thereof, Plaintiffs are not entitled to recover any sum of these Defendants.

**THIRD DEFENSE**

The occurrence complained of was caused, produced and brought about directly and proximately by the negligence of the Plaintiff Marcella Newgent, and on account thereof, Plaintiff is not entitled to recover any sum of these Defendants.

**FOURTH DEFENSE**

The Plaintiff Marcella Newgent, by the exercise of ordinary care could have avoided being injured and damaged and on account thereof, Plaintiff is not entitled to recover any sum of these Defendants.

## FIFTH DEFENSE

The negligence of Plaintiff Marcella Newgent equaled or preponderated over any act or omission of these Defendants in producing and bringing about the occurrence complained of, and on account thereof, Plaintiff is not entitled to recover any sum of these Defendants.

## SIXTH DEFENSE

Service of process is insufficient as to these Defendants and, as a result thereof, Plaintiffs' Complaint must be dismissed.

## SEVENTH DFEFENSE

Plaintiffs are barred from bringing the instant action by the applicable statute of limitations.

## EIGHTH DEFENSE

Further answering the numbered paragraphs of Plaintiffs' Complaint, Defendants answer as follows:

1.

These Defendants admit the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.

These Defendants admit the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.

These Defendants admit the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.

These Defendants admit the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.

These Defendants admit the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.

These Defendants admit the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.

These Defendants admit the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.

These Defendants admit the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.

These Defendants admit the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.

These Defendants admit the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.

These Defendants deny the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.

These Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiffs' Complaint and can neither admit nor deny same and therefore said allegations stand denied.

13.

These Defendants deny the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.

These Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.

These Defendants deny the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.

These Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.

Defendants re-state and re-allege their above responses to paragraphs 1 through 16 of the Plaintiffs' Complaint as if fully set out herein.

18.

The Defendant admits only owing a duty to the Plaintiffs and denies the balance of the allegations contained within paragraph 18 of the Plaintiffs' Complaint.

19.

These Defendants deny the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.

These Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.

These Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.

Defendants re-state and re-allege their above responses to paragraphs 1 through 21 of the Plaintiffs' Complaint as if fully set out herein.

23.

These Defendants admit the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.

These Defendants admit the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.

These Defendants admit the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.

These Defendants deny the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.

These Defendants deny the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.

Defendants re-state and re-allege their above responses to paragraphs 1 through 27 of the Plaintiffs' Complaint as if fully set out herein.

29.

These Defendants deny the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.

These Defendants deny the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.

These Defendants deny the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.

These Defendants deny the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.

These Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.

Defendants re-state and re-allege their above responses to paragraphs 1 through 33 of the Plaintiffs' Complaint as if fully set out herein.

35.

These Defendants admit the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.

These Defendants admit the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.

These Defendants admit the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.

These Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.

Defendants re-state and re-allege their above responses to paragraphs 1 through 38 of the Plaintiffs' Complaint as if fully set out herein.

40.

These Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.

These Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.

Defendants re-state and re-allege their above responses to paragraphs 1 through 41 of the Plaintiffs' Complaint as if fully set out herein.

43.

These Defendants deny the allegations contained in paragraph 43 of Plaintiffs' Complaint.

## **NINTH DEFENSE**

Plaintiffs' Complaint fails to state a cause of action upon which punitive damages may be recoverable.

## **TENTH DEFENSE**

Any allegation contained in the Plaintiffs' Complaint, which has not herein expressly been admitted, is hereby denied.

WHEREFORE, Defendants having fully answered the Plaintiffs' Complaint prays that they hence be discharged of the Plaintiffs' Complaint on all the aforesaid defenses, and that judgment be entered in favor of these Defendants and against the Plaintiffs, with all costs cast upon the Plaintiffs.

This 16th day of March, 2023.

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
jhardee@fainmajor.com
dray@fainmajor.com

FAIN MAJOR & BRENNAN, P.C.

*/s/ James W. Hardee*
JAMES W. HARDEE
Georgia Bar No. 324399
DALE C. RAY, JR.
Georgia Bar No. 596095
*Counsel for Defendants*

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARCELLA NEWGENT, ANITA KISH, | * | |
| as natural parent and guardian of TONY | * | |
| NEWGENT, minor, JE'EL NEWGENT, | * | |
| and TERRI BLANKINSHIP, | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. 2023CV00302 |
| | * | |
| CAPITAL INSTINCT, INC., d/b/a | * | |
| TRANSLOG MANAGEMENT, INC., | * | |
| SENTRY SELECT INSURANCE | * | |
| COMPANY and WAYNE STARK, | * | |
| Defendants. | * | |

### CERTIFICATE OF SERVICE

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the **Answer by Special and Limited Appearance of Defendants Capital Instinct, Inc. d/b/a Translog Managements, Inc., Sentry Select Insurance Company and Wayne Stark,** electronically via Odyssey eFileGA, via statutory electronic service, or by placing same in the United States Mail, postage prepaid, addressed as follows:

Edward J. Hardrick
MORGN & MORGAN ATLANTA, PLLC
178 S. Main St., Unit 300
Alpharetta, GA 30009
ehardrick@forthepeople.com

This 16th day of March, 2023.

| | |
|---|---|
| | **FAIN MAJOR & BRENNAN, P.C.** |
| One Premier Plaza | |
| 5605 Glenridge Drive, NE | */s/ James W. Hardee* |
| Suite 900 | JAMES W. HARDEE |
| Atlanta, GA 30342-1445 | Georgia Bar No. 324399 |
| (404) 688-6633 | DALE C. RAY, JR. |
| jhardee@fainmajor.com | Georgia Bar No. 596095 |
| dray@fainmajor.com | *Counsel for Defendants* |