**EXHIBIT 13**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARCELLA NEWGENT, ANITA KISH as natural parent and guardian of TONY NEWGENT, minor, JE'EL NEWGENT, and TERRI BLANKINSHIP, | |
| *Plaintiffs*, | CIVIL ACTION FILE NO.:  **2023CV00302** |
| vs. | |
| CAPITAL INSTINCT, INC. d/b/a TRANSLOG MANAGEMENT, INC., SENTRY SELECT INSURANCE COMPANY, and WAYNE STARK, | ***JURY TRIAL DEMANDED.*** |
| *Defendants*. | |

## PLAINTIF'S FIRST RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, Plaintiff, MARCELLA NEWGENT, in the above-styled civil action, and serves this, his responses to, Defendants' First Interrogatories and First Request for Production of Documents under O.C.G.A. §§ 9-11-33, 9-11-34.

### GENERAL OBJECTIONS

Plaintiff's investigation and discovery in this matter are continuing, and Plaintiff reserves the right to supplement, modify, or amend these responses, if necessary, to conform to facts and evidence.  All rights of the Plaintiff are expressly reserved and nothing in the responses that follow is intended as or serves as a waiver of any and all rights of the Plaintiff consistent with the Georgia Civil Practice Act.

Plaintiff objects to Defendant's Interrogatories and Requests and accompanying instructions and definitions to the extent that they seek to impose any obligation on the Plaintiff, for supplementation or otherwise, beyond that required by the Georgia Civil Practice Act.

Plaintiff objects to Defendant's Interrogatories and Requests to the extent that they seek information or documents protected by the attorney-client privilege or the work product doctrine, or to the extent that they are overly broad or unduly burdensome.

Subject to and without waiving the foregoing objections, Plaintiff responds to each interrogatory and request as follows:

1.

State your full name, current address, date of birth and the last four numbers of your social security number.

**RESPONSE:**

**Plaintiff objects to this interrogatory as it calls for Plaintiff's social security number, which is irrelevant to any issue herein, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and without waiving the same, Plaintiff responds as follows:**

**Name: Marcella Newgent**
**Current address: 709 South Main Street, Coulterville, Illinois 62237**
**Date of Birth: ▮▮ 1968**
**SSN: Due to privacy concerns, Plaintiff will only disclose the last four digits of her social security number, XXX-XX-▮▮.**

2.

If you are married, please state your spouse's full name, the length of your marriage, and whether you have previously been married. In the event you have previously been married, please state the full name of your former spouse(s) and the reason for the termination of each previous marriage. If you have any children, please state their full name(s) and age(s).

**RESPONSE:**

**Plaintiff states that she has never been legally married.**

3.

In the event you have ever been convicted of any crime that was a felony, any crime involving moral turpitude and/or any crime involving dishonesty, state the date and place of the arrest, describe the charges made and the plea entered, identify the court involved, and state the date of any conviction.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff objects to this request as only felonies and misdemeanors considered *crimen falsi* are admissible. O.C.G.A. § 24-9-84.1. Without waiving this objection, Plaintiff states that she has never been convicted of any felony.**

4.

If you were ever a plaintiff or a defendant in a lawsuit of any kind prior to or subsequent to this litigation, identify the names of the parties, the court in which the action was filed, the year the action was filed, and a summary of the allegations made in the lawsuit.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it seeks to elicit information of other crimes, wrongs, or acts of negligence or lack of negligence that is not admissible to prove the character of a person in order to show action(s) in conformity therewith.  See O.C.G.A. § 24-4-404 (b).  Without waiving said objection, Plaintiff states that, she was garnished for a medical bill that was paid to Medicare in 2022. Plaintiff further states that she was in legal proceedings for guardianship in 2009. Plaintiff also states that in 2013 she had placed an Order of Protection against the parents of Tony Newgent.**

5.

If you ever filed bankruptcy prior to or subsequent to the subject incident or occurrence at issue in the present lawsuit, state the type of bankruptcy case filed, the federal district and venue in which the bankruptcy case was filed, the year the bankruptcy case was filed, and whether the case is still open or closed.

**RESPONSE:**

**Plaintiff states that she has never filed for bankruptcy.**

6.

If you have ever made any other claim for personal or bodily injury, state the following:

(a)     The nature of each such claim;

(b)     The year in which the claim was made;

(c)     The name of the person, firm or corporation against whom the claim was made; and

(d)     The outcome of such claim.

**RESPONSE:**

**Plaintiff states that she made a claim for an injury at work.**

> **a)  Plaintiff was injured at work.**
>
> **b)  1990's**
>
> **c)  Hardees in Bellville**
>
> **d)  Plaintiff's medical bills were paid, and she got a small settlement.**

**Plaintiff further states that she was compensated by the insurance company for medicals and repairs for previous incidents.**

7.

In connection with your claims in the present lawsuit against Defendant, state each thing that you contend that Defendant did or did not do that was a breach of duty to you or otherwise wrongful and/or which you contend caused, contributed to or brought about the injuries, harm or damage for which you are seeking compensation in the present lawsuit.

**RESPONSE:**

**On October 8, 2022, Plaintiffs were traveling southbound in the far-right lane of I-75 in a construction zone in Clayton County, Georgia. At the time of the subject-crash, Plaintiff Marcella was driving her vehicle southbound on I-75 with Plaintiffs Tony, Je'el, and Terri riding as passengers in his vehicle. Defendant Stark was the driver of a tractor-trailer traveling southbound on I-75 in the lane directly to the left of Plaintiffs' vehicle. Defendant Stark made an improper lane change, failed to maintain his lane of travel, failed to exercise due care, and collided with the driver's side of Plaintiffs' vehicle. The collision caused Plaintiffs' vehicle to subsequently collide into the construction barrels. As result of the**

subject-crash, Plaintiff Marcella suffered severe and permanent injuries, which required extensive emergency medical treatment. Defendant Stark owed a duty to exercise due care while operating his vehicle; to keep a proper lookout; to maintain a safe following distance; to maintain his lane of travel; to pay attention and avoid driver distractions at all times; to properly control his vehicle; and, to take proper evasive action(s) when necessary. Defendant Stark breached those duties and, therefore, he was negligent in colliding with the driver's side of Plaintiffs' vehicle. At the time of the subject crash, Defendant Stark was an employee of and/or under dispatch for Defendant Instinct, was operating his vehicle for and/or on behalf of Defendant Instinct and was acting within the scope of his employment with Defendant Instinct. Defendant Prime is responsible for the actions of Defendant Stark in the subject-crash under the doctrine of *respondeat superior,* agency and/or apparent agency. Defendant Instinct's negligence in hiring Defendant Stark and entrusting him to operate the tractor-trailer, and in failing to properly train and supervise Defendant Stark, was the sole and proximate cause of the subject-crash, and Plaintiffs' resulting injuries. Defendant Sentry is subject to a direct action under Georgia law as the insurer for Defendant Instinct and/or Stark. Defendant Sentry was the insurer for Defendant Instinct at the time of the subject-crash and issued a liability policy to comply with the filing requirements under Georgia law for intrastate and/or interstate transportation. Defendant Sentry and/or Instinct are subject to the filing requirements outlined and set forth in O.C.G.A. § 40-2-140. Defendant Sentry is responsible for any judgment rendered against Defendant Instinct and/or Defendant Stark. As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendants Wayne Stark, Capital Instinct, Inc. d/b/a Translog Management Inc. and Sentry Select Insurance Company, the Plaintiffs have suffered significant injuries, medical

expenses, and damages.  These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss wages, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiffs' bodies plus an inability to live a normal life. As a result of the subject collision, Plaintiffs have incurred medical expenses, of which the final amount will be determined.

8.

 Had you consumed any alcohol or prescription or non-prescription drugs in the 24-hour period preceding the subject incident(s)?  If so, state the type and quantity, approximate time(s) and location(s) of any such consumption.

**RESPONSE:**

**Plaintiff states that she had not consumed any alcohol in the 24-hour period preceding the subject incident. Plaintiff further states that she was following her daily dose of medications both prescription and non-prescription.**

9.

In connection with your claims in the present lawsuit against the Defendant, identify any persons who witnessed or otherwise have personal knowledge of any alleged wrongful acts or omissions, or breach of duty by the Defendant.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it seeks information that has been gathered in anticipation of litigation and is therefore protected by the attorney/client privilege and/or work product doctrine.  Without waiving this objection and subject thereto, Plaintiff states that the Plaintiffs, Defendants, Maggie Kusznski, Meshael, Tammy Canepa, Anita Kish, Allstate Insurance Company, Enterprise Car Rental, as well as any individuals identified in the police report/incident report have some knowledge of the subject incident and injuries the Plaintiffs sustained.**

10.

In connection with your claims in the present lawsuit against the Defendant, identify any documents, things or physical evidence which in any way evidence or supports your contentions of any wrongful acts or omissions, or breach of duty by the Defendant.

**RESPONSE:**

**Plaintiff directs the Defendant to the Police Report produced simultaneously with Responses.**

11.

State whether you are aware of any photographs, audio recordings, videos or other recordings or depictions that evidence or reflect any of the matters at issue in the present lawsuit, and if so, state what they depict, record or reflect, and identify who has possession or custody of such photographs, recordings, videos or other depictions.

**RESPONSE:**

**Plaintiff directs the Defendant to the photographs and police report provided in response to Defendant's First Request for Production of Document to Plaintiff.**

12.

List and describe every item of damage, loss or harm which you are claiming that the Defendant is liable to you for in connection with your claims in this lawsuit.

**RESPONSE:**

| | | |
|---|---|---|
| **Sparta Community Hospital** | **10/12/2022-2/15/2023** | **$51,636.53** |
| **SIFH Healthcare** | **TO BE SUPPLEMENTED** | |

13.

List and itemize all expenses and special damages which you are seeking to recover from the Defendant in this lawsuit.

**RESPONSE:**

**Plaintiff directs the Defendant to the responses for Interrogatory number 12.**

14.

As to any injuries or medical conditions that you claim resulted from the subject incident or occurrence at issue in the present lawsuit, list and describe each injury and condition, including a description of the part(s) of the body involved, and state when you first became aware of each such injury or condition.

**RESPONSE:**

**Plaintiff objects to this Interrogatory to the extent that it asks for specific medical diagnosis that Plaintiff is not qualified to give. Without waiving the foregoing objection, Plaintiff lists the following physical and mental injuries sustained in the subject incident:**

**As a result of the incident, the plaintiff suffered from pain, bruising, and swelling on her knees, ankles, wrists, elbows, shoulders, neck, knuckles, and lower back. Plaintiff experienced extreme pain, stiffness, and soreness right after the incident. Plaintiff further states that she had an ulcer on her right big toe which was healing until the collision aggravated the ulcer and prevented it from healing. Plaintiff had to have the tendon surgically cut off to relieve the tension caused by the impact from the collision. This necessitated the amputation of her right toe.**

**Plaintiff expresses her stress, fear and anxiety of getting behind the wheel for the remainder of her trip home after the incident. Plaintiff further states that she was administered an injection on her left thumb due to a symptom she developed a symptom of trigger finger which she did not have prior to the incident.**

15.

If, prior to or subsequent to the incident complained of in the present lawsuit, you have ever sustained or experienced an injury or medical condition the same as or <u>similar</u> to the injury(ies) and/or medical condition(s) which you are claiming in the present lawsuit, identify and describe such injury(ies) and/or medical condition(s), stating when, where and how such

injury(ies) and/or medical condition(s) was/were sustained or experienced, describe any medical care or treatment that resulted and identify the provider(s) of such care or treatment.

**RESPONSE:**

**Plaintiff objects to this request because, as worded, "injury" is undefined and could include any and all instances in Plaintiff's life when she fell, was pushed down, tripped and scraped a knee, etc.… Subject to such objection and without waiving same, Plaintiff states that her right toe which was healing from an ulcer stopped healing due to the subject collision.**

16.

In the event you have ever made a claim for bodily injury of any kind (including insurance claims, tort claims and claims for workers compensation) against any person, firm, corporation or any insurance company, describe the type of claim made, describe the nature of the injury claimed, state when such claim was made and identify the person or company against whom/which the claim was made.

**RESPONSE:**

**Plaintiff states that she received worker's compensation for three months for a slip and fall in 2009. Plaintiff directs the defendant to response for Interrogatory number 6.**

17.

As to any healthcare, including diagnosis and/or treatment, that you have received for any injuries or medical conditions for which recovery is sought in the present lawsuit, state the following:

(a)     The name and address of each hospital, physician, surgeon or other practitioner of any healing art who has provided the healthcare; and

(b)     The dates of the first visit and last visits and the approximate total number of visits with each healthcare provider.

**RESPONSE:**

**Plaintiff objects to this Interrogatory to the extent that it asks for specific medical diagnosis that Plaintiff is not qualified to give. Without waiving the foregoing objection, and subject thereto, Plaintiff responds that discovery is just beginning. Plaintiff reserves the right**

to supplement her response to this Interrogatory upon completion of further investigation and discovery. At this time Plaintiff lists the following: Sparta Community Hospital – 818 E Broadway Street, Sparta, Illinois 62286 -10/12/2022 to 2/15/2023 - Hayden Maxwell D.P.M. – Surgeon; Shelley Reichling NP – 824 Locust Street, Red Bud, Illinois 62278; Psychiatrist – Christopher Johnson MD – 100 N 8th Street, Suite 256, East Saint Louis, Illinois,, 62201; William Carr, MD – 818 East Broadway Street, Sparta, Illinois 62286; Southern Illinois Healthcare Foundation – 824 Locust Street, Red Bud, Illinois 62278; Midwest Nursing and Vascular Services; Christian Hospital, department of Pathology – 11133 Dunn Road, St. Louis, MO 63136 – Nancy Muller, M.D.

18.

Identify each of your employers for the ten-year period up to the present time, and as to each such employment position, state the approximate dates of employment and your job title or job description.

**RESPONSE:**

**Plaintiff states that she was awarded disability in 2013.**

19.

If you have missed any work or lost any wages or other compensation as a result of the subject incident or occurrence at issue in the present lawsuit, state the date(s) you were absent from work, the total number of hours or days missed or lost, and the amount(s) of any wage or other compensation loss for which you are seeking a recovery from the Defendant in the present lawsuit.

**RESPONSE:**

**Plaintiff states that she did not miss any work or lost wages or other compensation as a result of the subject incident.**

20.

If there is any activity which you could engage in before the subject incident or occurrence at issue in the present lawsuit, but which as a result of the injuries received in the subject incident or occurrence at issue in the present lawsuit, you cannot engage in now, please give a description of each such activity and in what way(s) you are now prevented or restricted from participating in or doing such activity.

**RESPONSE:**

**Plaintiff states that she has been on complete bed rest since her amputation which makes her incapable to do any of her daily activities.**

21.

As to any healthcare, including diagnosis and/or treatment, you have received within the five (5) year period preceding the subject incident or occurrence at issue in the present lawsuit, state:

(a)     The name and address of each and every hospital, physician, surgeon or other practitioner of any healing art which/who provided the healthcare;

(b)     As to each provider, the date or time frame in which such healthcare occurred; and

(c)     The reason(s) for such healthcare.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory on the grounds that it seeks to elicit information and materials gathered in anticipation of litigation and which are protected by the attorney/client privilege. Plaintiff further objects to this Interrogatory on the grounds that it seeks mental health records that are absolutely privileged and are protected from discovery. *Mincey v. Ga. Dept. of Cmty. Affairs*, 308 Ga. App. 740 (2011).  Additionally, Plaintiff objects as he cannot possibly know all dates he was treated by a physician for the past 5 years. Without waiving said objections and subject thereto, Plaintiff directs the Defendant to Interrogatory number 17 for the care required to maintain her health.**

22.

Do you contend that the Defendant and/or any of their/its, employees or contractors made any verbal, written or recorded statement at any time which supports or tends to support any of your claims in this lawsuit?  If so, identify who made the statement; state when and where it was

made; identify who was present when it was made; state the form of the statement (i.e., oral, written or recorded), and state the substance of the statement.

**RESPONSE:**

**Plaintiff is unaware if any statements written, verbal or recorded were made.**

23.

State whether you are aware of any statements, either oral, written or recorded, of any person(s) which concern any of the matters at issue in this lawsuit or any matter of resulting damages or causation, giving as to each statement the name of the person making the statement, the date of such statement, the form of the statement (i.e., oral, written or recorded), and the name and address of any person having copies, transcripts or summaries of such statements.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it seeks to elicit information and materials gathered in anticipation of litigation and which are protected by the attorney/client privilege.  Without waiving said objection and subject thereto, Plaintiff states that she is unaware of any such statements, either oral, written or recorded. Plaintiff reserves the right to supplement this Interrogatory. If Defendant has a copy of any recorded statement given by Plaintiff, a copy is hereby requested.**

24.

Identify all persons with knowledge of facts which prove or tend to prove the nature, extent and/or amount of any damages you are claiming in the present lawsuit.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it seeks to elicit information and materials gathered in anticipation of litigation and which are protected by the attorney/client privilege.  Without waiving said objection and subject thereto, Plaintiff states that all the Plaintiffs party to this lawsuit have knowledge of facts which prove or tend to prove the nature, extent and/or amount of any damages.**

25.

State the name and address of each person you expect to call as an expert witness at the trial in this case and as to each such witness, state the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for the opinions of such expert.

**RESPONSE:**

**Plaintiff objects to this Interrogatory to the extent it requests the identity and opinions of an expert witness who is not expected to be called as a witness for trial. The identity of any expert who has been employed by Plaintiff to examine any aspect of the occurrence, which is the subject of this lawsuit, but who is not expected to be called at trial is not discoverable except upon a showing of exceptional circumstances. O.C.G.A. § 9-11-26(b)(4)(b).**

**Plaintiff places Defendant on notice that he may call on the Plaintiff's physicians and medical providers for expert opinions regarding his injuries, treatment and/or prognosis. Plaintiff has not yet identified any additional expert witness expected to testify at trial. If one is retained the expert information will be provided as a supplemental response.**

26.

If you allege that you are entitled to recover punitive damages, any penalties, expenses of litigation and/or attorney fees from the Defendant, state the following:

(a)     The facts upon which you base such allegations;

(b)     The name, address, telephone number and employer of each person who is or was a witness to any fact, incident, occurrence, act or omission which is a basis of such allegations; and

(c)     An identification and description of each document, record or writing which evidences or supports the factual basis for such allegations.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it seeks to elicit information**

**and materials gathered in anticipation of litigation and which are protected by the attorney/client privilege. Plaintiff further objects to this Interrogatory on the grounds that it calls for metal impressions, trial strategy, conclusions and legal theories of this Plaintiff, its representatives and legal counsel and is therefore protected by the work product doctrine.**

27.

State whether you are eligible to receive or have received any benefits or payments from any source compensating or reimbursing you in full or in part for any damage, harm or loss for which you are seeking damages from the Defendant in the present lawsuit, giving a description of such benefits or payments and an identification of the provider or payer of such benefits or payments.

**RESPONSE:**

**Plaintiff objects that this Interrogatory requests information barred by the collateral source rule which prevents a defendant from presenting any evidence as of payments of expenses of a tortious injury paid for by a third party or taking any credit toward the defendant's liability and damages for such payments. *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection and subject thereto, Plaintiff states that she has not received any benefits or payments.**

28.

Are you required to repay any of the benefits or payments referred in the foregoing interrogatory or do any of the providers or payers of such benefits or payments claim a right of reimbursement or subrogation?  If so, describe the nature of the claim or right and identify any documents concerning or reflecting same.

**RESPONSE:**

**Plaintiff objects that this Interrogatory request information barred by the collateral source rule which prevents a defendant from presenting any evidence as to payments of**

**expenses of a tortious injury paid for by a third party or taking any credit toward the Defendant's liability and damages for such payments.** *Hoeflick v. Bradley*, **282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence.**

29.

Did the incident or occurrence at issue in this lawsuit arise out of and in the course of your employment, while you were performing any duties for or on behalf of your employer or has any claim or notice of injury been filed or made with or to your employer, your employer's insurer, or the State Board of Workers Compensation as a result of the subject incident or occurrence?  If so, identify the employer, and the employer's insurer, if any, and provide the case number and claim number relating to any such claim.

**RESPONSE:**

**No.**

30.

Identify and describe any agreements entered into by you or on your behalf with any of your medical care providers concerning payment of any medical expenses incurred by you or on your behalf in connection with any injuries or treatment at issue in this lawsuit.

**RESPONSE:**

**Plaintiff objects that this Interrogatory request information barred by the collateral source rule which prevents a defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party or taking any credit toward the Defendant's liability and damages for such payments.** *Hoeflick v. Bradley*, **282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence.**

31.

Identify and describe any agreements entered into by you or on your behalf with any person or entity providing funding for any medical expenses incurred by you or on your behalf in connection with any injuries or treatment at issue in this lawsuit.

**RESPONSE:**

**Plaintiff objects that this Interrogatory request information barred by the collateral source rule which prevents a defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party or taking any credit toward the Defendant's liability and damages for such payments.** *Hoeflick v. Bradley***, 282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence.**

32.

Have you ever applied for Social Security or any other disability benefits?  If so, state:

(1)     The nature of the claimed disability;

(2)     Approximately when the application was made;

(3)     Whether benefits were granted; and

(3)     If benefits were denied, whether you appealed or are you appealing the decision.

**RESPONSE:**

**Plaintiff objects that this Interrogatory request information barred by the collateral source rule which prevents a defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party or taking any credit toward the Defendant's liability and damages for such payments.** *Hoeflick v. Bradley***, 282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that it seeks mental health records that are absolutely privileged and are protected from discovery.** *Mincey v. Ga. Dept. of Cmty. Affairs***, 308 Ga. App. 740 (2011). Without waiving the foregoing objections, Plaintiff states she was awarded disability benefits in 2013 for a mental disability.**

33.

At the time of the incident or occurrence at issue in this lawsuit or at any point subsequent to such incident or occurrence, were you eligible to receive Medicare or Medicaid benefits?  If so, state:

    (1)    Whether Medicare or Medicaid has paid any such benefits to you or on your behalf;

    (2)    Whether Medicare or Medicaid has informed you that they are seeking subrogation or any other type of reimbursement for benefits paid to you or on your behalf;

    (3)    Whether you have made any agreements with Medicare or Medicaid to repay any amounts sought by Medicare or Medicaid; and

    (4)    Your Medicare number or Medicaid health insurance number.

**RESPONSE:**

**Plaintiff objects that this Interrogatory request information barred by the collateral source rule which prevents a defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party or taking any credit toward the Defendant's liability and damages for such payments.** *Hoeflick v. Bradley***, 282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objections, Plaintiff states she has Medicare and Medicaid, but is unaware if any payments were made on her behalf.**

34.

Identify the State issuing and the license number for any motor vehicle driver's or operator's license(s) which you hold and describe any restrictions on such license(s).

**<u>RESPONSE:</u>**

**Plaintiff responds the following:**

**State: Illinois**

**License Number: 214717274**

35.

If you had a cell phone in your possession at the time of the subject incident or occurrence at issue in the present lawsuit, state whether it was in use at the time of the incident or occurrence, state the phone number, identify the service provider and identify the person listed with the provider as the account holder.

**RESPONSE:**

**Plaintiff did have her cell phone at the time of the incident, but it was not in use at the time of the incident or occurrence.**

**Phone Number: (618) 477-1553**

**Provider: straight Talk**

**Account Holder: Marcella Newgent.**

36.

To the extent not already described in response to the foregoing interrogatories, state the name, address, telephone number, employer and relationship to you, if any, of any person, who to your knowledge, information or belief has knowledge or information as to any of the factual bases for your liability claims against the Defendant in this lawsuit.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it seeks information that has been gathered in anticipation of litigation and is therefore protected by the attorney/client privilege and/or work product doctrine. Without waiving this objection and subject thereto, Plaintiff states that the Plaintiffs, Defendants, Tammy Canepa, and Anita Kish.**

37.

To the extent not already described in response to the foregoing interrogatories, identify and describe all documents, things or other physical evidence which supports, proves or tends to prove your liability claims against the Defendant in this lawsuit.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff states, that all documents, currently in Plaintiff's possession, that support or prove liability against the defendant in this lawsuit will be produced to the Defendant in response to the Defendant's Request for Production of Documents. Plaintiff**

**reserves the right to supplement her response to this interrogatory as more documentation**

**is discovered.**

38.

Identify and describe any other documentary or physical evidence, not identified in response to the foregoing interrogatories, which is relevant to any material issue in this case or which might lead to the discovery of other admissible evidence.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff states, that all documents, currently in Plaintiff's possession, that support or prove liability against the Defendant in this lawsuit will be produced to the Defendant in response to the Defendant's Request for Production of Documents. Plaintiff reserves the right to supplement her response to this interrogatory as more documentation is discovered.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

Any documentation of communications from you or from someone acting on your behalf to the Defendant or any of the Defendant's employees or agents concerning any of the matters at issue in the present lawsuit.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time. Plaintiff reserves the right to supplement her response to this Request.**

2.

Any documentation of communications received by you or on your behalf from the Defendant or any of the Defendant's employees or agents concerning any of the matters at issue in the present lawsuit.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time.**

3.

If you claim any loss of wages, compensation or income in the present lawsuit, your federal income tax returns for the five (5) years immediately preceding the date of your response to this Request.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time. Plaintiff reserves the right to supplement her response to this Request.**

4.

Any written reports rendered by or correspondence received from any persons who are expected to testify in any respect at any trial of the present lawsuit concerning your allegations of any liability of the Defendant in the present lawsuit.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time. Plaintiff reserves the right to supplement her response to this Request.**

5.

Any written reports rendered by or correspondence received from any persons who are expected to testify in any respect at any trial of the present lawsuit concerning your allegations damages and/or causation in the present lawsuit.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement his response to this Request.**

6.

Any written reports of or correspondence from any experts consulted by you or on your behalf with respect to any of your allegations of liability, causation and/or damages in the present lawsuit.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time. Plaintiff reserves the right to supplement her response to this Request.**

7.

Any and all documents, things or other physical evidence evidencing or relating to harm, loss or damage which you allege you have sustained as a result of any alleged wrongful conduct or breach of duty by the Defendant or any of the Defendant's agents, employees or contractors, which is at issue in the present lawsuit.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement his response to this Request.**

8.

To the extent not otherwise produced in response to the foregoing requests, any documentation of the expenses and special damages which you are seeking to recover in the present lawsuit.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time. Plaintiff reserves the right to supplement her response to this Request.**

9.

Any documents evidencing or reflecting any verbal, written or recorded statements made by the Defendant or any of the Defendant's agents, employees or contractors, which supports, proves or tends to prove any of your claims in the present lawsuit.

**RESPONSE:**

**Plaintiff does not have any documents in his possession, custody or control responsive to this Request at this time.**

10.

Any documents evidencing or reflecting any other statement, whether recorded, transcribed or otherwise, of the Defendant or any of the Defendant's agents, employees or contractors.

**RESPONSE:**

**Plaintiff does not have any documents in his possession, custody or control responsive to this Request at this time.**

11.

Any documents evidencing or reflecting any written, recorded or other statement or report of or from any witness to or participant in any aspect of the subject incident or occurrence at issue in the present lawsuit.

**RESPONSE:**

**Plaintiff does not have any documents in his possession, custody or control responsive to this Request at this time.**

12.

Any statement, report or writing of any kind prepared by any person who has some knowledge of any fact or circumstance upon which your claims in the present lawsuit of any breach of duty, any other misconduct, causation and/or damages are based.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time. Plaintiff reserves the right to supplement her response to this Request.**

13.

Any transcript or other record of any judicial or quasi-judicial hearing conducted in connection with or related to any of the matters at issue in the present lawsuit.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time. Plaintiff reserves the right to supplement her response to this Request.**

14.

Any police report, incident report, inspection report, citation, or warning issued by any governmental officer, official or agency in connection with or related to any of the matters at issue in the present lawsuit.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement his response to this Request.**

15.

Any statement, report or writing of any kind prepared by or received from any expert witness who has any knowledge, information or opinions relating to any alleged breach of duty or wrongful conduct at issue in the present lawsuit or any resulting damages.

**RESPONSE:**

**Plaintiff does not have any documents in his possession, custody or control responsive to this Request at this time.**

16.

Any correspondence from or other documentation of communications from any person(s) you expect to call to testify as an expert witness in this case.

**RESPONSE:**

**Plaintiff does not have any documents in his possession, custody or control responsive to this Request at this time. Plaintiff reserves the right to supplement her response to this Request.**

17.

Any written reports prepared by or received from any expert who is expected to testify at trial in this case concerning any aspect of the issues of liability, causation and/or damages in the present lawsuit.

**RESPONSE:**

**Plaintiff does not have any documents in his possession, custody or control responsive to this Request at this time.**

18.

Each document, thing or other item of tangible evidence which supports, proves or tends to prove your allegations of any breach of duty or any other misconduct of the Defendant or any of the Defendant's employees, agents or contractors at issue in the present lawsuit.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement his response to this Request.**

19.

To the extent not otherwise produced in response to the foregoing requests, each document, thing or other item of tangible evidence which supports, proves or tends to prove your allegations in this lawsuit concerning any alleged liability of the Defendant.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time. Plaintiff reserves the right to supplement her response to this Request.**

20.

To the extent not otherwise produced in response to the foregoing requests, each document, thing or other item of tangible evidence which supports, proves or tends to prove your allegations in this lawsuit concerning your damages and/or the causation of such damages.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement his response to this Request.**

21.

Any photograph, drawing, diagram, or graphic representation depicting or evidencing any of the events, incidents or conduct at issue in this lawsuit or any resulting harm or damages.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement her response to this Request.**

22.

Any photograph, drawing, diagram, or graphic representation depicting or evidencing the Defendant, the Plaintiff's claimed injuries, or any place or thing at issue in the present lawsuit.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement her response to this Request.**

23.

Any video or audio recording depicting or evidencing any of the events, incidents or conduct at issue in this lawsuit or any resulting harm or damages.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time.**

24.

Any video or audio recording of or depicting the Defendant, the Plaintiff's claimed injuries, or any place or thing at issue in the present lawsuit.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time.**

25.

Any records and/or reports, including medical records, billing statements, images and radiological imaging, from any hospital, physician, surgeon or other practitioner of the healing arts, generated or prepared in connection with any healthcare, medical treatment and/or any diagnostic procedure rendered to you or received by you as a claimed result of the subject incident or occurrence at issue in this lawsuit.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement her response to this Request.**

26.

Any records and/or reports in your possession from or related to any of your hospitalizations or hospital visits occurring at any time prior to the subject incident or occurrence at issue in this lawsuit.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time. Plaintiff reserves the right to supplement her response to this Request.**

27.

Any records and/or reports in your possession related to any of your healthcare occurring within the ten year period prior to the subject incident or occurrence at issue in this lawsuit.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time.**

28.

Any records and/or reports in your possession from or related to any of your hospitalizations or hospital visits occurring at any time subsequent to the subject incident or occurrence at issue in this lawsuit.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time. Plaintiff reserves the right to supplement her response to this Request.**

29.

Any records and/or reports in your possession related to any of your healthcare occurring subsequent to the subject incident or occurrence at issue in this lawsuit.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement her response to this Request.**

30.

Any written reports rendered by any physicians or other practitioners of the healing arts, who are expected to testify in any respect at the trial of this lawsuit concerning any issues of damages and/or causation in this matter.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement her response to this Request.**

31.

Any documents, including but not limited to, correspondence to and from Medicare and/or Centers for Medicare and Medicaid Services (CMS) and/or Medicare Secondary Payer Recovery Contractor (MSPRC) which in any way reference your request for benefits, your receipt of benefits, and/or your denial of benefits at any time, including benefits related to the injuries you allegedly sustained as a result of the subject incident or occurrence at issue in this lawsuit.

**RESPONSE:**

**Plaintiff objects that this Production request information barred by the collateral source rule which prevents a defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party or taking any credit toward the Defendant's liability and damages for such payments. *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence.**

32.

Any documentation reflecting conditional payments made on your behalf by Medicare or Medicaid at any time, including benefits provided in relation to any treatment for or diagnosis of any injuries or other health conditions allegedly sustained or experienced by you as a result of the subject incident or occurrence at issue in this lawsuit.

**RESPONSE:**

**Plaintiff objects that this Production request information barred by the collateral source rule which prevents a defendant from presenting any evidence as to payments of**

expenses of a tortious injury paid for by a third party or taking any credit toward the Defendant's liability and damages for such payments. *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence.

33.

Any claim forms which your healthcare providers used to bill Medicare or Medicaid for services rendered to you for injuries or other medical conditions claimed to have resulted from the subject incident or occurrence at issue in this lawsuit.

**RESPONSE:**

**Plaintiff objects that this Production request information barred by the collateral source rule which prevents a defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party or taking any credit toward the Defendant's liability and damages for such payments. *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence.**

34.

Any claim forms which your healthcare providers used to bill any health insurance company or medical benefits provider for services rendered to you for injuries or other medical conditions claimed to have resulted from the subject incident or occurrence at issue in this lawsuit.

**RESPONSE:**

**Plaintiff objects that this Production request information barred by the collateral source rule which prevents a defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party or taking any credit toward the**

**Defendant's liability and damages for such payments.** *Hoeflick v. Bradley*, **282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence.**

35.

Any documents, including but not limited to, correspondence to and from the Social Security Administration or any other disability benefits provider which in any way reference your request for Social Security Disability benefits or any other disability benefits, your receipt of any such benefits, and/or any denial of any such benefits at any time, including without limitation, Social Security or other disability benefits sought by or provided to you as a result of any injuries or other medical conditions claimed to have resulted from the subject incident or occurrence at issue in this lawsuit.

**RESPONSE:**

**Plaintiff objects that this Production request information barred by the collateral source rule which prevents a defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party or taking any credit toward the Defendant's liability and damages for such payments.** *Hoeflick v. Bradley*, **282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence.**

36.

Any documentation of any agreements entered into by you or on your behalf with any of your medical care providers concerning payment of any medical expenses incurred by you or on your behalf in connection with any injuries or treatment at issue in the present lawsuit.

**RESPONSE:**

**Plaintiff objects that this Production request information barred by the collateral source rule which prevents a defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party or taking any credit toward the Defendant's liability and damages for such payments.** *Hoeflick v. Bradley***, 282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence.**

37.

Any documentation of any agreements entered into by you or on your behalf with any person or entity providing funding for any medical expenses incurred by you or on your behalf in connection with any injuries or treatment at issue in the present lawsuit.

**RESPONSE:**

**Plaintiff objects that this Production request information barred by the collateral source rule which prevents a defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party or taking any credit toward the Defendant's liability and damages for such payments.** *Hoeflick v. Bradley***, 282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence.**

38.

Any agreements or documentation of agreements with any third parties in connection with your obtaining medical diagnosis or treatment in exchange for any obligation to pay such third party from any proceeds, settlement, or judgment to be obtained in the present lawsuit.  This request specifically seeks, without limitation, any such documents involving any third-party

medical treatment funding providers such as ML Healthcare, Key Health Medical Solutions, Atlanta Medical Management, etc.

**RESPONSE:**

**Plaintiff objects that this Production request information barred by the collateral source rule which prevents a defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party or taking any credit toward the Defendant's liability and damages for such payments.** ***Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006). As such, the requested information is irrelevant and neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence.**

39.

Any documents, writings, memoranda, emails, correspondence, photographs, videos, other written or graphic materials or depictions and/or other items of tangible evidence that support, reflect, memorialize or otherwise relate to any of your allegations, if any, that the Defendant should be required to pay expenses of litigation and/or attorney fees in this lawsuit.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement her response to this Request.**

40.

Any documents, writings, memoranda, emails, correspondence, photographs, videos, other written or graphic materials or depictions and/or other items of tangible evidence that support, reflect, memorialize or otherwise relate to your allegations, if any, that the Defendant should be required to pay punitive damages or any other penalties in this lawsuit.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement his response to this Request.**

41.

Any correspondence, notifications, agreements or other documentation concerning any claim for or right of subrogation or reimbursement of any insurance company or private or governmental benefits provider in connection with any payment for any medical expense or wage loss alleged to have resulted from the subject incident or occurrence at issue in the present lawsuit, including without limitation, workers compensation, Medicare, Medicaid, health insurance or other such benefits providers' subrogation or reimbursement rights or claims.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement his response to this Request.**

42.

In the event you have ever been convicted of any crime that was a felony, any crime involving moral turpitude and/or any crime involving dishonesty, produce any documents you possess evidencing or reflecting such convictions.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time.**

43.

To the extent that there have been any other lawsuits, legal actions or legal proceedings (to which the Defendant was not a party) related to any of the matters at issue in the present lawsuit,

any pleadings or other records in your possession concerning such other lawsuits, legal actions or legal proceedings.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time.**

44.

To the extent that there have been any settlements or compromises (to which the Defendant was not a party) related to any of the matters at issue in the present lawsuit, any agreements, releases or other documentation of any such settlements or compromises.

**RESPONSE:**

**Plaintiff does not have any documents in her possession, custody or control responsive to this Request at this time.**

45.

Any documentation, including without limitation, photographs, damage estimates and/or repair bills related to or concerning any damage to any motor vehicle, property or thing involved in the subject incident or occurrence at issue in the present lawsuit.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement his response to this Request.**

46.

Your cell phone billing statement for the billing period which includes the date of the subject incident or occurrence at issue in the present lawsuit.

**RESPONSE:**

**All non-privilege documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement his response to this Request.**

47.

Any proofs of loss, loan receipts, subrogation agreements or other such documents issued in connection with any payment made for or on account of any of any injuries, medical care or any other damage to person or property as a result of the subject incident or occurrence at issue in the present lawsuit.

**RESPONSE:**

**All non-privileged documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement his response to this Request.**

48.

Any documents evidencing service of process on the defendant(s) in the present lawsuit.

**RESPONSE:**

**All non-privileged documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement his response to this Request.**

49.

Any documents and things not otherwise produced in response to the foregoing requests which were referenced in your responses to the Defendant's First Interrogatories to Plaintiff in the present lawsuit.

**RESPONSE:**

**All non-privileged documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement his response to this Request.**

50.

Any documentary or physical evidence not otherwise produced in response to the foregoing requests which is relevant to any material issue in this case or reasonably calculated to lead to the discovery of other admissible evidence.

**RESPONSE:**

**All non-privileged documents in Plaintiff's possession, custody or control are produced herewith. Plaintiff reserves the right to supplement his response to this Request.**

This 17th day of April, 2023.

Respectfully submitted,

**/s/ Edward J. Hardrick**
Edward J. Hardrick
Georgia Bar No. 606792
*Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA, PLLC
178 S Main Street, Unit 300
Alpharetta, Georgia 30009
Main: (770) 576-7634
Fax: (770) 576-7684
Email:  ehardrick@forthepeople.com