IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

**EXHIBIT 24**

| | |
|---|---|
| MARCELLA NEWGENT, ANITA KISH as natural parent and guardian of TONY NEWGENT, minor, JE'EL NEWGENT, and TERRI BLANKINSHIP, <br><br>                    PLAINTIFFS, <br><br> V. <br><br> CAPITAL INSTINCT, INC. d/b/a TRANSLOG MANAGEMENT, INC., SENTRY SELECT INSURANCE COMPANY, and WAYNE STARK, <br><br>                    DEFENDANTS. | CIVIL ACTION <br> FILE NO.: _____ |

# PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAYNE STARK

COMES NOW Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, PLLC, 191 Peachtree Street N.E., Suite 4200, Atlanta, Georgia 30303 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

**I.     DEFINITIONS**

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films,

voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a) an _individual_, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b) a _firm, partnership, corporation, proprietorship, association or other organization or entity_, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c) _document_ shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II. <u>INTERROGATORIES</u>

1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

2.

State the name and address of any person, including any party, who to your knowledge information or belief:

(a) was an eyewitness to the incident underlying this litigation;

(b) has some knowledge of any fact or circumstance upon which your defense is based; or

(c) has conducted any investigation relating to the incident underlying this litigation or the background, employment, medical history or activities of the Plaintiff.

3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

4.

Has any entity issued a policy of liability insurance to you, to any resident relatives you lived with on the date of the incident or on the vehicle you were driving at the time of the accident (including but not limited to auto, motorcycle, vehicular and umbrella policies) which is or arguably should be extending insurance coverage to you? If so, please state for each policy the

name of the liability insurer, the limits of coverage, the name of the insured on the policy and the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance? If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

    (a)    each eyewitness that will testify to those facts; and

    (b)    each and every document or tangible piece of evidence that will evidence those facts.

7.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

    (a)    state the subject matter on which s/he is expected to testify;

    (b)    state in detail the opinions held by each such expert or technician; and

    (c)    give a complete summary of the grounds for each opinion held.

8.

Were you on the business of any individual or entity at the time of the subject incident? If so, please identify any such individual or entity, including name, address and telephone number.

9.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge. (See <u>Lewis v. The State</u>, 243 Ga. 443; <u>Hightower v. G.M.</u>, 175 Ga. App. 112)

10.

Please state each and every prior collision or prior insurance claim which you are aware the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

11.

State each and every fact supporting your contention that the Plaintiff's alleged injuries pre-existed the incident underlying this litigation and identify:

(a) each eyewitness that will testify to those facts; and

(b) each and every document or tangible piece of evidence that will evidence those facts.

12.

State each and every fact supporting your contention that the Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation and identify:

(a) each eyewitness that will testify to those facts; and

(b) each and every document or tangible piece of evidence that will evidence those facts.

13.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of moral turpitude and/or felony, please identify:

(a) each eyewitness that will testify to those facts; and

(b) each and every document or tangible piece of evidence that will evidence those facts.

14.

What do you contend caused the incident underlying this litigation?

15.

State each and every fact supporting your contention that you are not the sole proximate cause of the incident underlying this litigation and identify:

(a) each eyewitness that will testify to those facts; and

(b) each and every document or tangible piece of evidence that will evidence those facts.

16.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the incident underlying this litigation?

17.

Do you contend that any of the named Defendants have been improperly named as parties to this action and/or that improper or incorrect agents for service were utilized to effectuate service upon the Defendants?  If your answer to either of these inquiries is "yes", please provide a detailed explanation as to why you contend that the named Defendants have been improperly named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

18.

Do you contend that venue is improper in this court as to any of the named Defendants, jurisdiction is lacking over any of the named Defendants in this Court, or that service of process has been deficient on any of the named Defendants in this matter? If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

19.

With regard to the vehicle being operated at the time of the subject incident, please identify:

(a)   the owner of the vehicle;

(b)   the frequency with which you drove the vehicle;

(c)   who paid for the gas and maintenance on the vehicle; and

(d)   if you did not own the vehicle, state whether or not you had the permission of the owner to be driving the vehicle at the time of the subject incident.

20.

Do you have a driver's license? If so, please state when you first acquired any driver's license, what type it is, and what are/were the restrictions on it.

21.

At any other time, either before or after the subject incident, have you ever been arrested for driving under the influence or for any other drug or alcohol related charge?

What is your citizenship and identify any documents supporting your contention.

22.

For each request to admit that you denied, please identify:

(a)   each eyewitness that will testify to those facts supporting your denial; and

(b) each and every document or tangible piece of evidence that will evidence facts supporting your denial.

24.

Please state whether you had a cell phone at the time of this incident and, if so please provide the cell phone provider, telephone number and the name under which the phone was listed.

25.

Describe in detail your activities for the 24 hours before the accident and for the 24 hours after the accident. Include in your response where you were going the time of the accident, and the purpose of your trip.

26.

Please identify all social media sites (e.g., Facebook, Google+, Instagram, MySpace, Twitter, LinkedIn, etc.) you have used, beginning on the date of this accident through the present date.

27.

Please state whether there were any other passengers in the vehicle with you at the time of the subject incident. If yes, please provide name(s) and addresses.

**III.     REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 7.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Any and all taped or written statements taken from Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendants or Defendants' insurer(s).

10.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

A copy of the title and tag registration on the vehicle you were driving at the time of the subject incident.

12.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Interrogatory No.16.

13.

A copy of your current driver's license and all drivers' licenses you have held in the past five (5) years.

14.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

15.

Any and all documents related to the medical treatment Plaintiff received prior to the subject incident.

16.

Any and all documents which you contend in any way impeach or discredit the Plaintiff.

17.

For any document which has not been produced on grounds of privilege, please state the following:

    (a)    the date each document was generated;

    (b)    the person generating each document;

    (c)    the present custodian of each document; and

    (d)    a description of each document.

*These Interrogatories and Request for Production of Documents are served upon you together with Plaintiff's Complaint.*

This 3rd day of February, 2023.

                                                 Respectfully submitted,

                                                 **/s/ Edward J. Hardrick**
                                                 Edward J. Hardrick
                                                 Georgia Bar No. 606792
                                                 *Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA, PLLC
178 S Main Street, Unit 300
Alpharetta, Georgia 30009
Main:    (770) 576-7634
Fax:     (770) 576-7684
Email:  ehardrick@forthepeople.com