**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SOUTHEASTERN ROOFING COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. _____ |
| v. | ) ) | [On removal from the State Court of |
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | Gwinnett County, Civil Action File No. 23-C-02049-S5] |
| Defendant. | ) | |

**AUTO-OWNERS INSURANCE COMPANY'S ANSWER AND**
**AFFIRMATIVE DEFENSES**

COMES NOW, AUTO-OWNERS INSURANCE COMPANY (Auto Owners), Defendant in the above-styled action, and hereby files its Answer and Affirmative Defenses to Plaintiff Southeastern Roofing Company, LLC's (Southeastern Roofing) Complaint and responds as follows:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against Auto-Owners upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to assert a claim for breach of contract against Auto Owners for purported damage ("Loss") to the 2017 Audi R8, and any contents therein, which is the subject of Plaintiff's Complaint, Plaintiff's action should be dismissed because Auto Owners did not breach its contract with Plaintiff and, at all times relevant to this action, has acted in accordance with the terms and conditions of Auto Owners Policy number 53-131194-00 (the Policy).

## THIRD AFFIRMATIVE DEFENSE

Auto Owners has not breached any duty owed under its insurance contract with Plaintiff, and therefore Plaintiff may not recover from Auto Owners in any sum or manner whatsoever.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Auto Owners under the Policy because Plaintiff breached the terms and conditions of the Policy.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Auto Owners under the Policy for any damages because Plaintiff, acting through its agent and owner Avi Reddy, violated the concealment and representation provision of the Policy. Specifically, the Policy provides:

**B.    GENERAL CONDITIONS**
…
6.    **Concealment, Misrepresentation or Fraud**
This policy is void in any case of fraud by **you** at any time as it relates to this policy. It is also void if **you** or any other **insured**, at any time, intentionally conceals or misrepresents a material fact concerning:

**a.**    This policy;
**b.**    The covered **auto;**
**c.**    Your interest in the covered auto; or
**d.**    A claim under this policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Auto Owners under the Policy because Plaintiff failed to comply with its duties in the event of loss which are a condition precedent to recovery under the Policy.  Specifically, the Policy provides at Loss Conditions:

**SECTION V – CONDITIONS**
**A.    LOSS CONDITIONS**
**1. Duties in the Event of Accident, Claim, Suit or Loss**
**We** have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
….
**b.**    Additionally, the **insured** and any other involved **insured** must:
(2)   Cooperate with **us** in the investigation or settlement of the claim or defense against the **suit**.
. . .
(6) Agree to examinations under oath at **our** request and give **us** a signed statement of such answers.
c.  If there is loss to covered auto or its equipment or custom furnishings, an insured must also do the following:

3

(1) Promptly notify the police if the covered auto or any of its equipment or custom furnishings is stolen

(2) Take all reasonable steps to protect the covered auto from further damage;

(3) Permit us to inspect the covered auto and records proving the loss before its repair or disposition.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Auto Owners under the Policy for any damages that were the result of exclusions under the terms and conditions of the Policy. Specifically, the Policy provides:

**B.**   **EXCLUSIONS**
Comprehensive and Collision Coverages do not apply to:
**...**
13.   **Wear and Tear**
Loss to a covered auto because of and confined to:

**a.**   Wear and tear;
**b.**   Freezing; or
**c.**   Mechanical or electrical breakdown, other than burning of wiring.

This exclusion does not apply to such **loss** following and resulting from another **loss** covered by this policy.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Auto Owners under the Policy for any damages that were the result of exclusions under the terms and conditions of the Policy and its applicable endorsements. Plaintiff may not recover because Plaintiff, acting

4

through its agent and owner Avi Reddy, intentionally caused the damage to the Audi

R8, or conspired to cause the damage to the Audi R8, and thus breached the terms

and provisions of the Policy.  Specifically, the endorsement number 58812 (1-20)

provides:

**B.   SECTION III – PHYSICAL DAMAGE COVERAGE** is amended.

…

**2.   B. EXCLUSIONS** is amended.

…

b. Exclusions 3. Expected or Intentional Act
is deleted and replaced by the following.

**3.  Expected or Intentional Act**

Loss to a covered **auto** because of or arising out of **your** intentional act or an intentional act committed at **your** direction or with **your** knowledge. This exclusion does not apply to an innocent **insured** to the extent of such innocent **insured's** interest in your **auto**, less any payments we make to any loss payee and coverage being within the Limit of Insurance:

**a.**  if the loss of or damage to **your auto** arose out of an act of family violence or sexual assault by an **insured**; and

**b.**  if a family violence or sexual assault complaint for such act has been brought against the **insured** that committed the act of family violence or sexual assault.

## NINTH AFFIRMATIVE DEFENSE

Even if Plaintiff was entitled to recover benefits in this matter, which Auto

Owners denies, Plaintiff is only able to recover benefits of the costs to repair or

replace subject to the deductible shown in the Policy Declarations. The Policy

provides in pertinent part:

**A.   COVERAGE**

1.   **We** will pay for **loss** to a covered **auto** or its **equipment or custom furnishing** under:

   a.   **Comprehensive Coverage**

   …

   When a deductible is shown in the Declarations for this coverage, **we** will reduce **our** payment by that amount.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are limited by the coverage limits set forth in the Policy.

## ELEVENTH AFFIRMATIVE DEFNSE

To the extent Plaintiff has alleged causes of action for attorney's fees pursuant to O.C.G.A. § 13-6-11 or O.C.G.A. § 9-15-14, Plaintiff's Complaint fails to state a claim against Auto Owners upon which relief can be recovered.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff may not recover from Auto Owners as Plaintiff, acting through its agent and owner Avi Reddy, violated Georgia law and the policy conditions based upon its intentional concealment and misrepresentation of material facts and circumstances relating to this insurance, its alleged loss, and its claim for insurance proceeds.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover from Auto Owners in any sum whatsoever because Plaintiff's damages, if any, were not proximately caused by an act or omission on the part of Auto Owners.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover bad faith damages from the Defendant pursuant to O.C.G.A.§ 33-4-6 because Plaintiff's claim for bad faith damages against Auto Owners is insufficient in fact and law as Defendant has at all times acted with good faith and fair dealing and in accordance with the provisions of the Policy and applicable Georgia law.

## FIFTEENTH AFFIRMATIVE DEFENSE

The facts and circumstances forming the basis of Plaintiff's Complaint were brought about by and as a result of Plaintiff's own conduct and it is therefore estopped and precluded from recovering therein.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to recover extra-contractual, punitive or bad faith damages other than those set forth in O.C.G.A.§ 33-4-6, Plaintiff fails to state a claim for any extra-contractual or punitive damages.  Such remedies are not recoverable by the Plaintiff in as much as Auto Owners owed no duty independent

of the insurance contract and O.C.G.A.§ 33-4-6 is the exclusive remedy available for extra-contractual damages related to an insurer's purported bad faith failure to pay policy benefits.

<u>**SEVENTEENTH AFFIRMATIVE DEFENSE**</u>

Plaintiff may not recover for any loss to any personal property contained in the Vehicle as this alleged loss or damage is not covered under the Policy.  (<u>See</u> Policy provisions quoted above; <u>see also</u> Policy, Section III, Physical Damage Coverage A. Coverage; c.  Personal Property).

<u>**EIGHTEENTH AFFIRMATIVE DEFENSE**</u>

The damages for loss of use asserted by Plaintiff are not covered under the Policy.  The Policy provides:

> **B.   EXCLUSIONS**
> Comprehensive and Collision Coverages do not apply to:
> . . .
> **6.   Loss of Use**
> Loss of use of a covered **auto**, except as provided in Coverage Extensions

<u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

Plaintiff is unable to recover from Defendant because Plaintiff failed to satisfy the conditions precedent to bring an action against Defendant according to the terms of the Policy and applicable Georgia law.  The Policy provides:

## SECTION V – CONDITIONS

### 2. Legal Action Against Us

No legal action may be brought against **us** until there has been full compliance with all the terms of this policy. Further, under the Covered Autos Liability Coverage, no legal action may be brought until **we** agree a person entitled to coverage has an obligation to pay or until the amount of that obligation has been determined by judgement after trial. No one has any right under this policy to bring **us** into any action to determine the liability of any person **we** have agreed to protect.

## <u>TWENTIETH AFFIRMATIVE DEFENSE</u>

Plaintiff's failure to comply with all applicable provisions of the Policy alleviated any obligation of Auto Owners to indemnify Plaintiff for the Loss and/or to pay Plaintiff any benefits which may have been available under the Policy.

## <u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

Auto Owners is not obligated to indemnify Plaintiff for any damages purportedly sustained in the Loss because Plaintiff committed legal fraud against Auto Owners by knowingly making false statements with the intent to induce Auto Owners to act or refrain from acting in reliance upon the Plaintiff's false statement. See O.C.G.A.§ 13-5-5.

## <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff is unable to recover under the Policy for damages related to the reported loss pursuant to O.C.G.A.§ 51-6-2 because they concealed and/or misrepresented material facts and information related to the Policy and the Loss.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer to assert any other necessary affirmative defenses.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

Defendant responds to the factual allegations in Plaintiff's Complaint as follows:

## FACTUAL ALLEGATIONS

1.

In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, upon information and belief, Defendant admits that Southeastern Roofing Company, LLC was and is a Georgia Limited Liability Company in good standing with its principal place of business in Gwinnett County, Georgia. Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits that Auto-Owners Insurance Company is a foreign insurance company. Defendant further admits that its registered agent is CT Corporation System. Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits that its registered agent is located at CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia. Defendant further admits only that the Superior Court of Gwinnett County has jurisdiction over this matter but denies all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only court having jurisdiction over this matter.

4.

To the extent a response is required to the allegation contained in Paragraph 4 of Plaintiff's Complaint, Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint as stated.

5.

In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant admit only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 5 in contradiction thereto. Defendant admits only that a 2017 Audi R8 with VIN WUAVACFX9H7903925 was listed as an insured vehicle on the Policy. Except as otherwise herein admitted, all remaining allegations contained in

Paragraph 5 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law.

6.

In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 6 in contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law.

7.

In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant admits only that Plaintiff reported the 2017 Audi R8 and its contents as stolen to Atlanta Police and Auto Owners. Defendant denies all remaining allegations contained within Paragraph 7 of Plaintiff's Complaint,

12

including but not limited to any allegations that an actual theft loss occurred to the Audi R8 and/or that any fortuitous loss occurred to the Vehicle.

8.

In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant admits only that Plaintiff reported the 2017 Audi R8 as stolen to Atlanta Police and Auto Owners.  Defendant denies all remaining allegations contained within Paragraph 8 of Plaintiff's Complaint, including but not limited to any allegations that an actual theft loss occurred to the Audi R8 and/or that any fortuitous loss occurred to the Audi R8.

9.

In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, based on information and belief Defendant admits only that the Atlanta Police Department recovered the Audi R8 on or about January 20, 2022. Defendant denies all remaining allegations contained within Paragraph 9 of Plaintiff's Complaint, including but not limited to any allegations that an actual theft loss occurred to the Audi R8 and/or that any fortuitous loss occurred to the Audi R8.

10.

In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits only that Plaintiff made a claim under the Policy that

was assigned claim number 300-0046904-2022. Defendant denies all remaining allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies all allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies all allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies all allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

In response to the allegations contained in Paragraph 14 of Plaintiff's Complaint, Defendant admits that Defendant denied the claim on January 17, 2023 on the basis that that the claim was a result of an intentional act committed by or at the direction of Plaintiff, acting through its agent and owner Avi Reddy, that Plaintiff, acting through its agent and owner Avi Reddy,  made numerous misrepresentations during the course of the claim, that Plaintiff, acting through its agent and owner Avi Reddy, concealed information during the course of the claim, that the nature of the damage was excluded under the terms of the Policy, and that

Plaintiff failed to cooperate with the investigation of the claim, amongst other reasons. Defendant further admits that Exhibit A is a true and accurate copy of Defendant's denial letter, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained within Paragraph 14 of Plaintiff's Complaint are denied.

15.

In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant admits that Plaintiff mailed Defendant a letter dated January 20, 2023. Defendant further admits that Exhibit B is a true and accurate copy of Plaintiff's letter, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained within Paragraph 15 of Plaintiff's Complaint are denied.

16.

In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant admits that Defendant reiterated its denial of the claim on February 10, 2023. Defendant further admits that Exhibit C is a true and accurate copy of Defendant's denial letter, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained within Paragraph 16 of Plaintiff's Complaint are denied.

17.

In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits only that sixty (60) days have passed from the receipt of the letter dated January 20, 2023. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.

Defendant denies all allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies all allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies all allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies all allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies all allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies all allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies all allegations contained in Plaintiff's Prayer for Relief.

25.

Defendant denies all remaining allegations contained in Plaintiff's Complaint except as specifically herein admitted.

WHEREFORE, Defendant requests that the following relief be granted:

a.)     That Plaintiff's Complaint be dismissed with prejudice;

b.)     That Defendant be awarded assessments, interest, and late charges, in amounts to be proven at trial;

c.)     That Defendant be awarded its reasonable attorney's fees and costs incurred in asserting its rights through this action;

d.)     That Defendant be awarded such other and further relief as this Court deems just and proper; and

e.)     A jury trial of twelve on all issues so triable.

Respectfully Submitted this 28ᵗʰ day of April, 2023.

**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

/s/ *Jessica M. Phillips*

Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Christopher A. Wood, Esq.
Georgia Bar No. 272768
*Attorneys for Auto-Owners Insurance
Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA  30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
Jessica.phillips@swiftcurrie.com
Christopher.wood@swiftcurrie.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed and served the foregoing ***Auto-Owners Insurance Company's Answer and Affirmative Defenses*** with the Clerk of Court via the CM/ECF e-filing system which will automatically send e-mail notification and service of such filing to counsel of record as follows:

Joshua A. Millican
Law Office of Joshua A. Millican, P.C.
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, GA  30303
***Attorney for Plaintiff***

This 28th day of April, 2023.

Respectfully Submitted,

**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

*/s/ Jessica M. Phillips*

Jessica M. Phillips, Esq.
Georgia Bar No. 922902
Christopher A. Wood, Esq.
Georgia Bar No. 272768
*Attorneys for Auto-Owners Insurance Company*

1420 Peachtree Street, NE
Suite 800
Atlanta, Georgia 30309
OFFICE: (404) 874-8800
FAX: (404) 888-6199
Jessica.Phillips@swiftcurrie.com
Christopher.wood@swiftcurrie.com