EXHIBIT "A"

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02049-S5**
**3/28/2023 10:00 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| SOUTHEASTERN ROOFING COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION 23-C-02049-S5 FILE NO: _____ |
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

### COMPLAINT FOR DAMAGES

**COMES NOW** SOUTHEASTERN ROOFING COMPANY, LLC (hereinafter referred to as "Plaintiff"), Plaintiff in the above-styled action, and by and through its undersigned counsel of record files this, its Complaint for Damages, showing the Court as follows:

1.

Plaintiff, Southeastern Roofing Company, LLC, is a Georgia limited liability company with its principal office address located in Gwinnett County, Georgia.

2.

Defendant Auto-Owners Insurance Company (hereinafter "Defendant Auto-Owners" or "Auto-Owners") is a foreign insurance company, authorized and doing business in the State of Georgia with CT Corporation System as its registered agent for the service of process.

3.

Defendant Auto-Owners is subject to the jurisdiction and venue of this Court and may be served by service upon its registered agent, CT Corporation System, at 289 South Culver Street, Lawrenceville, Georgia 30046.

4.

This Complaint is brought to recover payment of all amounts due under Plaintiff's policy of automobile insurance with Defendant Auto-Owners for physical damages incurred by Plaintiff arising from a theft of its 2017 Audi R8 (hereinafter "Audi R8").

5.

At all times relevant hereto, Plaintiff's Audi R8 was covered by an automobile insurance policy with Defendant Auto-Owners, policy number 53-131194-00 (the "Policy").

6.

The Policy at issue provided for Physical Damage Coverage, including without limitation, Comprehensive Coverage, benefits.

7.

On or about January 19, 2022, Plaintiff's Audi R8 had its window broken out, and the Audi R8 and its contents were stolen from a self-pay parking lot in Atlanta.

8.

The theft of the vehicle was timely reported to the Atlanta Police Department and Defendant Auto-Owners.

9.

On or about January 20, 2022, Plaintiff's Audi R8 was recovered by the Atlanta Police Department, and the Audi R8 incurred physical damages as a result of the theft.

10.

As a result of the theft of the Audi R8 and physical damage sustained thereto, Plaintiff made a claim under the Policy in Claim No. 300-0046904-2022.

- 2 -

11.

Plaintiff's physical damage expenses related to the theft are covered under the Policy and were timely and properly submitted to Defendant Auto-Owners for payment.

12.

Defendant Auto-Owners' obligation to pay under the Policy included the obligation to pay physical damage expenses for the theft claim.

13.

Defendant Auto-Owners has failed and refused to pay said properly and timely submitted physical damage expenses for the theft claim from on or about January 19, 2022.

14.

Defendant Auto-Owners denied the claim and/or coverage for the claim on January 17, 2023, alleging numerous factual inaccuracies. A copy of the denial letter is attached hereto as Exhibit A.

15.

On January 20, 2023, via certified mail, return receipt requested, Plaintiff demanded immediate payment from Defendant Auto-Owners under the Policy in the total amount of $145,000.00 to resolve the physical damage claim, and Plaintiff therein also gave Defendant Auto-Owners notice of its intention to assert a bad faith claim under O.C.G.A. § 33-4-6 if the claim was not resolved within sixty (60) days. A copy of the demand letter is attached hereto as Exhibit B and fulfills the demand requirement of O.C.G.A. § 33-4-6.

16.

Defendant Auto-Owners received the demand letter, but it persisted in denial of the claim and/or coverage of the claim. A copy of Defendant Auto-Owners' response to the demand letter is

- 3 -

attached hereto as Exhibit C.

17.

More than sixty (60) days have passed since Plaintiff demanded payment of its unpaid physical damage expenses and gave notice of its intention to assert a bad faith claim, but Defendant Auto-Owners continues to fail and refuse to pay the physical damage expenses related to the theft claim.

18.

Defendant Auto-Owners breached its contract of insurance with Plaintiff under the Policy by failing to pay Plaintiff's claim.

19.

Plaintiff complied with all conditions precedent for coverage under the Policy.

20.

Plaintiff is entitled to recover from Defendant Auto-Owners an amount equal to the remaining unpaid physical damage expenses pursuant to the Policy, including the replacement value of the Audi R8 at the time of the loss, believed to be not less than $145,000.00, as well as loss of use and damage to/theft of Plaintiff's personal property.

21.

Defendant Auto-Owners' stated reasons for denying Plaintiff's claim and/or coverage of the claim are frivolous, unfounded and in bad faith within the meaning of O.C.G.A. § 33-4-6.

22.

Plaintiff is entitled to recover from Defendant Auto-Owners all applicable bad faith penalties, including attorney's fees, authorized by O.C.G.A. § 33-4-6.

- 4 -

23.

Defendant Auto-Owners' failure and refusal to resolve this matter without litigation constitutes stubborn litigiousness, and Defendant Auto-Owners has caused unnecessary trouble and expense which also entitles the Plaintiff to recover penalties and all litigation expenses, including attorney's fees, authorized by O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays for judgment in its favor against Defendant for the following:

(a)     That Plaintiff have and recover the replacement value of the Audi R8 at the time of the loss, believed to be not less than $145,000.00, the exact amount of which will be proved at trial;

(b)     That Plaintiff have and recover all other amounts that might be due under the applicable insurance policy with Defendant Auto-Owners, including, without limitation, loss of use and damage to/theft of personal property;

(c)     The 50 percent penalty provided for in O.C.G.A. § 33-4-6;

(d)     Reasonable attorney's fees and expenses of litigation recoverable under O.C.G.A. § 33-4-6 and/or O.C.G.A. § 13-6-11;

(e)     Pre-judgment interest; and

(f)     Such other and further relief as this Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 28th day of March, 2023.

/s/ Joshua A. Millican
Joshua A. Millican
Georgia Bar No. 508998
LAW OFFICE OF JOSHUA A. MILLICAN, P.C.

- 5 -

The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, GA 30303
Phone/Fax: (404) 522-1152
jmillican@lawofficejam.com

ATTORNEY FOR PLAINTIFF

**ATTACHED:**
**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT;**
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE**
**TO PRODUCE DOCUMENTS TO DEFENDANT; and**
**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT**

- 6 -

# EXHIBIT A



**INSURANCE**

Kennesaw Claims Branch
PO Box 3030 | Kennesaw GA 30156-3030
3550 George Busbee Pkwy Suite 149 | Kennesaw GA 30144-6608
p. 855.240.7255 | f. 517.327.2387 | auto-owners.com
Kennesaw.clm@aoins.com

January 17, 2023

**Personal and Confidential**

Southeastern Roofing Company, LLC
C/o The Law Office of Joshua A. Millican, P.C.
The Grant Building, Suite 607
44 Broad Street NW
Atlanta, GA 30303

jmillican@lawofficejam.com

### SENT VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED, REGULAR US MAIL & ELECTRONIC MAIL

RE:   Claim No.:          300-0046904-2022
      Insured:            Southeastern Roofing Company LLC
      Date/Loss:          January 19, 2022
      Policy No:          53-131194-00
      Insured Vehicle:    2017 Audi R8
      VIN:                WUAVACFX9H7903925

Dear Southeastern Roofing Company, LLC:

This letter is to confirm in writing Auto-Owners Insurance Company's decision with regard to your Claim No. 300-0046904-2022, filed on Policy No. 53-131194-00, arising from a reported theft claim for a 2017 Audi R8, VIN WUAVACFX9H7903925 ("Audi R8") that allegedly occurred on or about January 19, 2022. At the time of the reported loss, Auto-Owners Insurance Company insured Southeastern Roofing Company LLC under a commercial automobile policy, number 53-131194-00 with effective dates of November 7, 2021 to November 7, 2022.

As we understand the facts of the claim as presented, on January 19, 2022 you reportedly parked your Audi R8 in a parking lot located at 1138 Peachtree St, Atlanta, GA. Upon returning to the parking lot later that evening, you discovered that your vehicle was missing. The vehicle was


**INSURANCE**

recovered the following day, but you have reported damages to the vehicle's engine from the loss.

Your insurance policy, no. 53-131194-00, provides the following under form 58001 (1-15):
*SECTION III - PHYSICAL DAMAGE COVERAGE*
*A. COVERAGE*
    *1.   We will pay for* **loss** *to a covered* **auto** *or its* **equipment** *or* **custom furnishings** *under:*
        *a.   **Comprehensive Coverage***
        *From any cause except:*
        *(1) The covered **auto's** collision with another object; or*
        *(2) The covered **auto's** overturn.*
        *However, we will pay for:*
        *(1) Glass breakage from any cause including upset or collision;*
        *(2) Damage caused by missiles or falling objects; and*
        *(3) Damage caused by collision with an animal or bird.*
        ...

*SECTION III - PHYSICAL DAMAGE COVERAGE*
...
*B.   EXCLUSIONS*
*Comprehensive and Collision Coverages do not apply to:*

...

*13. Wear and Tear*
*Loss to a covered **auto** because of and confined to:*
    *a. Wear and tear;*
    *b. Freezing; or*
    *c. Mechanical or electrical breakdown, other than burning of wiring.*

    *This exclusion does not apply to such **loss** following and resulting from other **loss** covered by this policy.*

*SECTION V – CONDITIONS*
*A. LOSS CONDITIONS*
    *1.   **Duties in the Event of Accident, Claim, Suit or Loss***
        *We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:*

        ...

        *b. Additionally, the insured and any other involved **insured** must:*
            *(2)   Cooperate with us in the investigation or settlement of the claim or defense against the suit.*

*B. GENERAL CONDITIONS*

**Auto-Owners**
**INSURANCE**

...

6.  **Concealment, Misrepresentation or Fraud**
    This policy is void in any case of fraud by **you** at any time as it relates to this policy. It is also void if **you** or any other **insured**, at any time, intentionally conceals or misrepresents a material fact concerning:

    a.  This policy;
    b.  The covered **auto**;
    c.  Your interest in the covered auto; or
    d.  A claim under this policy.
    ...

## SECTION VI – DEFINITIONS
...

K.  **Insured** means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage.
...
N.  **Loss** means direct and accidental loss or damage.
...

W.  **We, us** or **our** means the Company providing this insurance.
X.  **You** or **your** means the Named Insured shown in the Declarations and if an individual, **your** spouse who resides in the same household.

Endorsement number 58812 (1-20), titled Georgia Changes, provides the following:
This endorsement modifies insurance provided under the following:
    COMMERCIAL AUTO POLICY
...
B.  **SECTION III - PHYSICAL DAMAGE** COVERAGE is amended.
    ...
    2.  **B. EXCLUSIONS** is amended.
        ...
        b. Exclusion 3. Expected or Intentional Act
        is deleted and replaced by the following.
        3.  **Expected or Intentional Act**
            Loss to a covered **auto** because of or arising out of **your** intentional act or an intentional act committed at **your** direction or with **your** knowledge. This exclusion does not apply to an innocent **insured** to the extent of such innocent **insured's** interest in **your** auto, less any payments we make to any loss payee and coverage being within the Limit of Insurance:
            a.  if the loss of or damage to **your** auto arose out of an act of family violence or sexual assault by an **insured**; and
            b.  if a family violence or sexual assault complaint for such act has been brought against the **insured** that committed the act of family violence or sexual assault.



...

Endorsement number 58524 (1-15), titled Amendment of Definitions, provides the following:

*SECTION VI - DEFINITIONS is amended.*
*I.*    *B. is deleted and replaced by the following definition.*
      *B.*    *Auto means:*
            *1. A land motor vehicle;*
            *2. A trailer; or*
            *3. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.*
            *However, auto does not include* **mobile equipment.** *As it applies to this endorsement only,* **mobile equipment** *does not include a snowmobile.*

Auto-Owners Insurance Company has completed a comprehensive investigation into the reported loss and the attendant circumstances, including taking the examination under oath of Avinash Reddy as a representative and owner of Southeastern Roofing Company LLC. Mr. Reddy is also an owner of the Audi R8. We also conducted an examination under oath of Southeastern Roofing Company's employee, Roy Abdallah. As a consequence of its investigation, Auto-Owners Insurance Company formally notifies you that your claim is denied on the grounds that the loss arose from an intentional act committed at your direction or with your knowledge, that the loss was not accidental, that your claim was fraudulent, that you concealed or misrepresented material information with regards to your claim for the Audi R8 and that you failed to cooperate with us by refusing to allow an extraction of your cellular device. Also, any damages related to wear and tear, along with mechanical breakdown of the vehicle and its engine, are specifically excluded in your policy.

Mr. Reddy testified during his examination under oath that on the night of the loss, he had the only key to the Audi R8 on his person, having lost the other key fob sometime prior to March or April of 2021. Our investigation revealed that the Audi R8 was equipped with an anti-theft immobilizer system from the factory to deter theft. The data collected from the Audi R8 showed zero number of invalid key attempts. This indicates that the anti-theft immobilizer system inside the vehicle recognized a signal from the Audi Advanced Key with the proper registered ID when the push-button ignition switch was depressed. Therefore, no improper keys were used to start and drive the vehicle.

During the investigation of your claimed loss, you concealed or misrepresented material information related to the events leading up to the alleged theft, the alleged theft itself as well as the circumstances surrounding the engine failure, which occurred while the Audi R8 was in your possession.

As an important part of our investigation of this claimed loss, we also required you to present your cellular device to an expert of our choice for a cellular extraction. This process required a signed consent form, which you refused to provide. This refusal constitutes a failure to cooperate



and a breach of your policy conditions.

As a result of the intentional act committed at your direction or with your knowledge, your failure to prove an accidental loss occurred, your fraudulent actions, your concealment or misrepresentation of materials facts related to your claim for the Audi R8, your failure to cooperate with us, along with the policy exclusion for wear and tear and mechanical breakdown, we are unable to provide coverage for this alleged theft.

If there is any additional information you believe to be relevant to the question of coverage, or if you believe that any of the facts or information stated, upon which Auto-Owners has relied, is not accurate, please advise.

All rights, terms, conditions, and exclusions in your policy are in full force and effect and are completely reserved. No action by any employee, agent, attorney or other person on behalf of Auto-Owners Insurance Company; or hired by Auto-Owners Insurance Company on your behalf; shall waive or be construed as having waived any right, term, condition, exclusion or any other provision of the policy or applicable state or federal law.

Sincerely,

W. Matt Foster
Senior Field Investigator
Auto-Owners Insurance Company
800-346-0346 ext. 56900
foster.matt@aoins.com

# EXHIBIT B

LAW OFFICE OF
# JOSHUA A. MILLICAN, P.C.

THE GRANT BUILDING, SUITE 607
44 BROAD STREET, N.W.
ATLANTA, GEORGIA 30303
EMAIL: JMILLICAN@LAWOFFICEJAM.COM

TELEPHONE: (404) 522-1152

FACSIMILE: (404) 522-1152

January 20, 2023

**Via Certified Mail**
**Return Receipt Requested**
**Article #: 7021 0350 0001 7345 0224**

W. Matt Foster
Senior Field Investigator
Auto-Owners Insurance Company
P.O. Box 3030
Kennesaw, GA 30156-3030

RE:     My Client:          Southeastern Roofing Company LLC
        Your Insured:       Southeastern Roofing Company LLC
        Claim #:            300-0046904-2022
        Policy No.:         53-131194-00
        Insured Vehicle:    2017 Audi R8
        Date of Loss:       01/19/22

Dear Mr. Foster:

I am in receipt of your denial letter dated January 17, 2023, which we contend contains numerous factual inaccuracies. As you are aware, my client has cooperated with Auto-Owners Insurance for almost a year, and despite that cooperation it appears that this matter will not be resolved amicably. Accordingly, we are submitting this correspondence to comply with the statutory requirements of O.C.G.A. § 33-4-6 prior to filing a civil action in this matter at the appropriate time.

Pursuant to O.C.G.A. § 33-4-6, demand is hereby made for payment of One Hundred Forty-Five Thousand and 00/100 Dollars ($145,000.00) for physical damages pursuant to the applicable comprehensive/physical damages coverages of the applicable Auto-Owners Insurance Company policy in effect on January 19, 2022.

This is a strict, time-limited demand, and Auto-Owners' failure to comply with and pay this demand within sixty (60) days of your receipt of this letter will expose Auto-Owners to statutory bad faith penalties of up to 50% of the loss amount, plus attorney's fees.

W. Matt Foster
Auto-Owners Insurance Company
My Client: Southeastern Roofing Company LLC
Claim #: 300-0046904-2022
Date of Loss: 01/19/22
Page 2

      Should you have any questions or concerns, please do not hesitate to contact my office.

Very truly yours,

Joshua A. Millican

JAM/md
cc:    Mr. Avi Reddy

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mary Foster
Auto-Owners Ins
P.O. Box 3030
Kennesaw, GA 30156

9590 9402 5844 0038 9299 45

2. Article Number (Transfer from service label)

7021 0350 0001 7345 0224

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☑ Agent
                            ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Bo Summery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

KENNESAW GA 30144
JAN 26 2023
USPS

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Matt Foster
Auto-Owners Ins
P.O. Box 3030
Kennesaw, GA 30156

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 5844 0038 9299 45

2. Article Number (Transfer from service label)

7021 0350 0001 7345 0224

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

Law Office Of
**JOSHUA A. MILLICAN, P.C.**
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, Georgia 30303



CERTIFIED MAIL

7021 0350 0001 7345 0224



PITNEY BOWES
$7.82
US POSTAGE
FIRST-CLASS
026W00048972P9
2000336075
ZIP 30303
JAN 20 2023

W. Matt Foster
Senior Field Investigator
Auto-Owners Insurance Company
P.O. Box 3030
Kennesaw, GA 30156-3030

# EXHIBIT C



**INSURANCE**

LIFE · HOME · CAR · BUSINESS

Georgia Regional Claims Branch A
PO Box 100044  |  Duluth, GA 30096
Ph. 855-288-3336  Fax 517-886-8742
garegionalclaims.clm@aoins.com

February 10, 2023

7021 2720 0002 0267 8819

Mr. Joshua A. Millican
The Law Office of Joshua A. Millican, P.C.
The Grant Building, Suite 607
44 Broad Street NW
Atlanta, GA 30303

**jmillican@lawofficejam.com**

**SENT VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED, REGULAR US MAIL & ELECTRONIC MAIL**

RE:  Claim No.:          300-0046904-2022
     Insured:           Southeastern Roofing Company LLC
     Date/Loss:         January 19, 2022
     Policy No:         53-131194-00
     Insured Vehicle:   2017 Audi R8
     VIN:               WUAVACFX9H7903925

Dear Mr. Millican:

We are in receipt of your letter dated January 20, 2023 wherein you asserted a demand under O.C.G.A § 33-4-6 for payment of One Hundred Forty-Five Thousand and 00/100 Dollars ($145,000.00) for physical damages associated with the submitted claim.

As you know, Auto-Owners Insurance Company completed a comprehensive investigation into this loss and its attendant circumstances, rendered a coverage decision on the claim for damages to the 2017 Audi R8, and informed you of Auto-Owners' coverage decision in a letter dated January 17, 2023. Our position remains unchanged. We contend that the investigation and coverage decision were made on a good faith basis and based on the merits of the submitted claim. Therefore, we must reject your demand.

All rights, terms, conditions, and exclusions in your policy are in full force and effect and are completely reserved. No action by any employee, agent, attorney or other person on behalf of

Serving our policyholders and agents since 1916



Auto-Owners Insurance Company; or hired by Auto-Owners Insurance Company on your behalf; shall waive or be construed as having waived any right, term, condition, exclusion or any other provision of the policy or applicable state or federal law.

Sincerely,

W. Matt Foster

Senior Field Investigator
Auto-Owners Insurance Company
800-346-0346 ext. 56900
foster.matt@aoins.com

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02049-S5**
**3/28/2023 10:00 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Southeastern Roofing Company, LLC**

_____

_____

_____

                          PLAINTIFF

VS.

**Auto-Owners Insurance Company**

c/o Registered Agent CT Corporations System

289 South Culver Street, Lawrenceville, Georgia 30046
_____

                          DEFENDANT

CIVIL ACTION
NUMBER:_____     23-C-02049-S5

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Joshua A. Millican
Law Office of Joshua A. Millican, P.C.
44 Broad Street, NW, Suite 607
Atlanta, GA 30303

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **28th** _____ day of **March** _____, 20**23** .

                                        Tiana P. Garner
                                        Clerk of State Court

                          _Carol C Litland_ By_____

                                        **Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
03/30/2023
CT Log Number 543529356

## Service of Process Transmittal Summary

**TO:**      Kathleen Lopilato, Vice President
            AUTO-OWNERS INSURANCE COMPANY
            6101 ANACAPRI BLVD
            LANSING, MI 48917-3999

**RE:**      **Process Served in Georgia**

**FOR:**     Auto-Owners Insurance Company  (Domestic State: MI)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | SOUTHEASTERN ROOFING COMPANY, LLC vs. AUTO-OWNERS INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Letter(s), Attachment(s), First Interrogatories, First Request, Information Form |
| **COURT/AGENCY:** | Gwinnett County State Court, GA<br>Case # 23C02049S5 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/30/2023 at 13:43 |
| **JURISDICTION SERVED:** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons upon you, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Joshua A. Millican<br>Law Office of Joshua A. Millican, P.C.<br>44 Broad Street, NW<br>Suite 607<br>Atlanta, GA 30303<br>(404) 522-1152 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/30/2023, Expected Purge Date: 04/04/2023<br><br>Image SOP<br><br>Email Notification,  Kathleen Lopilato  lopilato.kathleen@aoins.com<br><br>Email Notification,  TERRI REICHENBACH  reichenbach.terri@aoins.com<br><br>Email Notification,  Legal Bot  legal.bot@aoins.com<br><br>Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
03/30/2023
CT Log Number 543529356

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Thu, Mar 30, 2023
**Server Name:**                             Drop Service

| | |
|---|---|
| Entity Served | AUTO-OWNERS INSURANCE COMPANY |
| Case Number | 23C02049-S5 |
| Jurisdiction | GA |

| Inserts | | |
|---|---|---|
| | | |



E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02049-S5**

3/28/2023 10:00 AM
TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of <u>Gwinnett State Court</u> County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ <br> MM-DD-YYYY | Case Number _____ |

**Plaintiff(s)**
Southeastern Roofing Company, LLC

**Defendant(s)**
Auto-Owners Insurance Company

| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** <u>Joshua Millican</u>     **State Bar Number** <u>508998</u>     **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
Case Number                              Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02049-S5**
**3/28/2023 10:00 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SOUTHEASTERN ROOFING COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

CIVIL ACTION
FILE NO: _23-C-02049-S5_____

### PLAINTIFF'S FIRST INTERROGATORIES TO
### DEFENDANT AUTO-OWNERS INSURANCE COMPANY

COMES NOW SOUTHEASTERN ROOFING COMPANY, LLC, the Plaintiff and hereby requests pursuant to O.C.G.A. § § 9-11-26, 9-11-33, and 9-11-34, that Defendant Auto-Owners Insurance Company ("Defendant" or "Auto-Owners") respond to the following written interrogatories under oath within forty-five (45) days after service hereof and that a copy of Defendant's responses be furnished to Plaintiff's counsel, Joshua A. Millican, The Grant Building, Suite 607, 44 Broad Street N.W., Atlanta, Georgia 30303. Each of the following interrogatories shall be deemed continuing and must be supplemented by Defendant to the extent required by O.C.G.A. § 9-11-26(e). Plaintiff further requests that Defendant provide copies of all requested documents and tangible things or allow for inspection of same within the time permitted by law.

### DEFINITIONS

(a) Document - As used herein "document" shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control or possession of defendant or of which defendant has knowledge, including without limitation,

letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graph, statistical compilations, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which the draft of copy contains any commentary or notation whatsoever that does not appear on the original.

(b) Person - As used herein "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

(c) Date - As used herein "date" shall mean the exact day, month, and year, if known to defendant, or, if the exact date is not known, the best available approximation.

(d) Communication - As used herein "communication" shall include any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

(e) Identify - As used herein "identify" when used in reference to:

(1)    a person who is an individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known position or business affiliation (designating which), job title, employment address, business and residence telephone numbers;

(2)    a person who is a firm, partnership, corporation, proprietorship, financial institution, or other organization or entity, shall mean to state its full name and present or last

- 2 -

known address and telephone number (designating which), the legal form of such entity or organization and the identity of its chief executive officer;

       (3)    on oral communication shall mean to state the date, subject matter, communicator, communicatee, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witness thereto;

       (4)    a document shall mean to state the title (if any), the date, author, sender, recipient, the identity or persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.q., invoice number), the names of the persons known to have seen the document or to have received copies, its present location or custodian, and a description of its contents (in lieu of stating the foregoing information, defendant may attach a legible copy of a document to its responses hereto, specifying the particular interrogatory to which the copy is in response to and identifying the present custodian of the original).   If any document which you would have identified in response to any interrogatory was but is no longer in your possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others or otherwise disposed of, and in any such instance to set forth the surrounding circumstances in any authorization for such disposition, to state the approximate date of such disposition, and, if known, the present location and custodian of such documents.

    (f) <u>State All Facts</u> - As used herein "state all facts" means to state all facts discoverable under O.C.G.A. §9-11-26 and §9-11-33 known to defendant or defendant's attorneys, and to identify all persons having knowledge of such facts, identify all documents concerning or

relating to such facts.  When used in reference to an allegation of the pleadings, "state all facts" shall include all facts negating, as well as supporting, the allegation.

(g) You or Your - As used herein "you" or "your" shall mean defendant or any person or persons acting, or purporting to act in any manner for defendant or on defendant's behalf.

(h) Or - As used herein "or" shall mean and/or.

## INSTRUCTIONS

(a)  Each interrogatory should be answered separately upon the knowledge or upon the information and belief of defendant and any answer based upon information and belief should state that it is given upon such basis.

(b)  If the complete answer to an interrogatory is not known, so state and answer as fully as possible each part of such interrogatory to which an answer is known.

(c)  The following interrogatories shall be continuing to the full extent permitted under the applicable provisions of the Georgia Civil Practice Act.   Each interrogatory shall be construed to include information and documents within defendant's knowledge, possession, or control as of the date of his answer to these interrogatories and any supplemental information, knowledge, data, documents or communications responsive to these interrogatories which is subsequently generated, obtained or discovered.

(d)  If the response to any interrogatory consists in whole or in part of any objection relating to or including burdensomeness, then with respect to such response:

(1)     Provide such information as can be ascertained without undue burden;

(2)     State with particularity the basis for such objection, including;

(a)     a description of the process or method required to obtain any fact or document responsive to the interrogatory; and

- 4 -

(b)    the estimated cost and time required to obtain any fact responsive to the interrogatory.

(3)    Describe the nature and extent of the documents or other sources), if any, from which any fact responsive to the interrogatory can be obtained.

(e)  Objections based on privilege - In the event that any information requested herein is withheld under a claim of privilege, please provide the following regarding the information which you claim is privileged:

(1)    a description of the general subject matter of the information and the approximate date when it was prepared, created, or became known;

(2)    the name and title of each person having knowledge of the information and the name and title of any other person who may have received such information;

(3)    a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the information; and

(4)    the numbers of each interrogatory to which the information otherwise would be responsive.

(f)  To the extent any information called for by these interrogatories is unknown to you so state and set forth such remaining information as is known.  If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

(g)  all definitions set forth herein shall be carefully regarded.

- 5 -

## INTERROGATORIES

1.

State the full name, addresses, and their position in their company or firm, of all individuals or agents who drafted or assisted in drafting the responses to the Complaint or discovery for this matter.

2.

Identify when Auto-Owners was requested by any place or party to pay the physical damage expenses of Southeastern Roofing Company, LLC for Claim No. 300-0046904-2022.

3.

Identify all persons who have knowledge of facts and circumstances alleged in the complaint in this lawsuit or in your answer or defenses thereto, describing the knowledge each person possesses.

4.

Identify all persons who processed, adjusted, evaluated, investigated, acted upon, gave direction or advice, reviewed, handled or provided any other service (other than strictly clerical services) regarding Your investigation, analysis and decision-making as to Southeastern Roofing Company, LLC's claim for coverage for the physical damages incurred by Plaintiff arising from a theft of its 2017 Audi R8, describing in detail the nature and dates of such person's involvement, and identifying what decisions, evaluations or judgments each person made.

5.

Set forth all facts, allegations and Policy provisions supporting your decision to deny coverage to Southeastern Roofing Company, LLC, including in your response the precise date on

- 6 -

which you made such decision, the identities of all individuals participating in the decision and the identity of the individual who made the final decision.

6.

State whether W. Matt Foster has completed any training, has earned any certifications, holds any designations or has any other education relevant to his investigation and handling of claims like Southeastern Roofing Company, LLC's, including in your response a description of the training, certification, designation or education; the identity of the organization providing such training, certification, designation or education; and providing the date(s) of such training, certification, designation or education.

7.

List and identify all individuals with whom you communicated during your investigation of Southeastern Roofing Company, LLC's claim, including in your response all parties to the communication, the date of the communication, the means of the communication (e.g., letter, e-mail, telephone, in-person conversation, etc.), the substance of the communication and the identity of all documents that refer or relate to the communication.

8.

List and describe all evidence you obtained during your investigation of Southeastern Roofing Company, LLC's claim that supports your decision to deny its claim and/or coverage for its claim.

9.

State whether during your investigation you observed or learned of any suspicious indicators surrounding the theft of Southeastern Roofing Company, LLC's vehicle, including in

your response a description of each and every suspicious indicator and an explanation as to why it is suspicious.

10.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, state the factual basis for and list and describe all evidence you obtained during your investigation of Southeastern Roofing Company, LLC's claim that supports your denial of the claim and/or coverage on the grounds that "the loss arose from an intentional act committed at your direction or with your knowledge."

11.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, state the factual basis for and list and describe all evidence you obtained during your investigation of Southeastern Roofing Company, LLC's claim that supports your denial of the claim and/or coverage on the grounds that "the loss was not accidental."

12.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, state the factual basis for and list and describe all evidence you obtained during your investigation of Southeastern Roofing Company, LLC's claim that supports your denial of the claim and/or coverage on the grounds that "your claim was fraudulent."

13.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, state the factual basis for and list and describe all evidence you obtained during your investigation of Southeastern Roofing Company, LLC's claim that supports your denial of the

claim and/or coverage on the grounds that "you concealed or misrepresented material information with regards to your claim for the Audi R8."

14.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, state the factual basis for and list and describe all evidence you obtained during your investigation of Southeastern Roofing Company, LLC's claim that supports your denial of the claim and/or coverage on the grounds that "you failed to cooperate with us by refusing to allow an extraction of your cellular device."

15.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, state the factual basis for and list and describe all evidence you obtained during your investigation of Southeastern Roofing Company, LLC's claim that supports your denial of the claim and/or coverage on the grounds that "any damages related to wear and tear, along with mechanical breakdown of the vehicle and its engine, are specifically excluded in your policy."

16.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, state the factual basis for and list and describe all data collected from the Audi R8, how the data was collected, the identity of any witness who collected or interpreted the collected data, and the medium by which the data was provide to you.

17.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, state the factual basis for and list and describe each concealed or misrepresented material information you allege to have been made, including in your response the identity of the person

- 9 -

making the alleged concealed or misrepresented material information, the identity of any witnesses to the alleged concealed or misrepresented material information, the date of the alleged concealed or misrepresented material information, the medium by which the alleged concealed or misrepresented material information was communicated to you, and how you have determined the lack of truth/veracity for what you contend to be concealed or misrepresented material information.

18.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, identify, list and describe with specificity all policy language which you contend defines a duty to cooperate to include and require a named insured to present a cellular device to an expert of your choice for cellular extraction.

19.

State whether you have any particular standard or guideline for deciding when an insured conceals or misrepresents material information to you regarding a claim for coverage for the physical damages incurred arising from a theft, including in your response a description of the standard or guideline and an explanation of how that standard or guideline is communicated to your adjusters and/or investigators.

20.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of any aspect of Southeastern Roofing Company, LLC's claim for coverage for the physical damages incurred by Plaintiff arising from a theft of its 2017 Audi R8 or anything related to the subject of this lawsuit or the damages sustained by Plaintiff. And please identify each expert expected to

testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. *See* O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses.

21.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

22.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction over Defendant(s), that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant.

23.

Please state the factual basis for each defense that you assert in this action.

24.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

- 11 -

This 28th day of March, 2023.

_____
Joshua A. Millican
Georgia Bar No. 508998
LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, GA  30303
Phone/Fax: (404) 522-1152
jmillican@lawofficepc.com

ATTORNEY FOR PLAINTIFF

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02049-S5**

**3/28/2023 10:00 AM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SOUTHEASTERN ROOFING COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION   23-C-02049-S5 |
| v. | ) | FILE NO: _____ |
| | ) | |
| AUTO-OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE DOCUMENTS TO DEFENDANT AUTO-OWNERS INSURANCE COMPANY

COMES NOW SOUTHEASTERN ROOFING COMPANY, LLC, the Plaintiff in the above-styled case and pursuant to O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-13-27, et seq., serves this Request for the Production of Documents and Notice to Produce upon the Defendant. Plaintiff hereby requests that Defendant produce and permit the Plaintiff or someone acting on her behalf to inspect and copy the following designated documents on the forty-fifth (45th) day after service herein, at 10:00 AM at the offices of counsel for the Plaintiff, Law Office of Joshua A. Millican, P.C., 44 Broad Street N.W., Suite 607, Atlanta, Georgia 30303. In lieu thereof, Defendant may attach copies of the requested documents to the answers to this request. Failure to timely respond to this Request for the Production of Documents may subject the Defendant to sanctions pursuant to O.C.G.A. 9-11-37.

### DEFINITIONS AND INSTRUCTIONS

A. This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-13-27, et seq., so as to require Defendant(s) to serve or produce upon all parties supplemental answers or

- 1 -

documents if Defendant(s) or his/her attorneys obtain further information between the time the answers are served and the time of trial. Plaintiff also requests that Defendant produce the originals of each document at trial and any deposition of Defendant or its agents or employees.

B. "Document", whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E. If you object to part of a request, <u>please identify any documents withheld</u>. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F. If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

<u>**REQUEST FOR PRODUCTION**</u>

Defendant is requested to produce and identify each of the following:

1.

Copies of all documents, including, but not limited to, manuals, guidelines and any and all policies and procedures of Auto-Owners Insurance Company that were ever seen, reviewed,

used, given to, or read by Auto-Owners Insurance Company adjusters or investigators who were in any way involved with Claim No. Claim No. 300-0046904-2022.

2.

Copies of all documents contained in the claim file for Claim No. Claim No. 300-0046904-2022.

3.

A true, correct and complete copy of Southeastern Roofing Company, LLC's insurance policy in effect on January 19, 2022.

4.

Documents to which you or anyone else referred or identified while responding to Plaintiff's First Interrogatories to Defendant Auto-Owners Insurance Company served on you contemporaneously herewith.

5.

Documents that refer or relate to any communication between you and Southeastern Roofing Company, LLC regarding the claim that is the subject of this lawsuit.

6.

Documents that refer or relate to any communication between you and any other person or entity regarding the claim that is the subject of this lawsuit.

7.

Any statements of Southeastern Roofing Company, LLC regarding its claim, kept in any medium whatsoever.

8.

Statements of any other person with whom you communicated while handling Southeastern Roofing Company, LLC's claim, kept in any medium whatsoever.

9.

Documents that refer or relate to any investigation, report, evaluation or analysis regarding the claim that is the subject of this lawsuit.

10.

Documents that support your decision to deny Southeastern Roofing Company, LLC's claim and/or coverage for its claim.

11.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, documents that support your denial of the claim and/or coverage on the grounds that "the loss arose from an intentional act committed at your direction or with your knowledge."

12.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, documents that support your denial of the claim and/or coverage on the grounds that "the loss was not accidental."

13.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, documents that support your denial of the claim and/or coverage on the grounds that "your claim was fraudulent."

14.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, documents that support your denial of the claim and/or coverage on the grounds that "you concealed or misrepresented material information with regards to your claim for the Audi R8."

15.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, documents that support your denial of the claim and/or coverage on the grounds that "you failed to cooperate with us by refusing to allow an extraction of your cellular device."

16.

Referring to your letter to Southeastern Roofing Company, LLC dated January 17, 2023, documents that support your denial of the claim and/or coverage on the grounds that "any damages related to wear and tear, along with mechanical breakdown of the vehicle and its engine, are specifically excluded in your policy."

17.

The data and the documents related to the data collected from the Audi R8.

18.

All communications or other documents shared between you and any person who collected data from the Audi R8.

19.

Documents that support, refer or relate to any concealments or misrepresented material information you allege to have been made during your investigation of the claim that is the subject of this lawsuit.

20.

Copies of any false or fictitious receipts or other documents you allege to have been presented to you during your investigation of the claim that is the subject of this lawsuit.

21.

All "claims files," "special investigative files" or other such files or systems that collect information, analysis and communications regarding your investigation of the claim that is the subject of this lawsuit.

22.

All claims manuals, guidelines, circulars, memoranda, bulletins, letters, reference guides, explanatory materials, checklists or other communications and documents referring or relating to claims handling, claims processing, special investigations or similar activities.  This request is limited to such materials pertaining to physical damages claims and that were in effect during your investigation of Southeastern Roofing Company, LLC's claim.

23.

All claims manuals, guidelines, circulars, memoranda, bulletins, letters, reference guides, explanatory materials, checklists or other communications and documents referring or relating to your policies and procedures that apply when you believe a physical damages claim is fraudulent or that a physical damages claimant is providing misrepresentations.  This request is limited to such materials in effect during your investigation of Southeastern Roofing Company, LLC's claim.

24.

Copies of any certificates, certifications or other proof of any education or training in the insurance industry earned or received by W. Matt Foster.

25.

All communications or other documents shared between you and any expert witness or consultant in this claim and this case.

26.

Please produce copies of any and all documents, including invoices, bills, time records, notes and payments, related to any investigator, expert witness or consultant with respect to this claim and this case.


This 28th day of March, 2023.

_____
Joshua A. Millican
Georgia Bar No. 508998
LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, GA  30303
Phone/Fax: (404) 522-1152
jmillican@lawofficejam.com

ATTORNEY FOR PLAINTIFF

- 7 -