# **<u>Exhibit 5</u>**

Case 1:23-mi-99999-UNA   Document 1409-5   Filed 04/28/23   Page 2 of 17

E-FILED IN OFFICE - CS
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-04544-11**
**11/28/2022 3:22 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ELLIS REFINANCE PORTFOLIO, LLC<br><br>    Plaintiff,<br><br>v.<br><br>NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 22-A-04544-11 |

### MOTION TO ADD CORELOGIC SOLUTIONS, LLC (CA) D/B/A CORELOGIC AS A PARTY DEFENDANT

COMES NOW, Ellis Refinance Portfolio, LLC ("Ellis"), Plaintiff in the above-styled matter, and submits this its motion to add CoreLogic Solutions, LLC (CA) d/b/a CoreLogic as a party defendant, respectfully showing this honorable Court the following:

### PROCEDURAL POSTURE AND STATEMENT OF FACTS

This matter arises out of the failure of loan servicers to timely pay property ad valorem taxes on numerous residential real properties owned by Ellis which secure a portfolio loan in the amount of $14,148.750.00 (the "Loan"). Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") is a company which services the Loan, and part of its servicing responsibilities involve ensuring that property ad valorem taxes are paid for the properties securing the Loan.

On May 26, 2022, Ellis commenced this lawsuit with the filing of its *Verified Complaint*, which asserted breach of contract, negligence, fraud, and a variety of other claims against Shellpoint due to its failures regarding the payment of property taxes for the properties securing

1

the Loan.[1] Shellpoint filed *Defendant NewRez, LLC d/b/a Shellpoint Mortgage Service's Answer to Plaintiff's Complaint* on July 15, 2022.[2] On September 13, 2022, Ellis served Shellpoint with written discovery requests, including interrogatories and requests for production of documents.[3] Shellpoint timely responded to these written discovery requests on October 13, 2022.[4]

Shellpoint's discovery responses reveal that significant responsibility for the payment of property taxes on the properties securing the Loan was outsourced to CoreLogic Solutions, LLC (CA) d/b/a CoreLogic ("CoreLogic"). CoreLogic is a California-based limited liability company authorized to do business in Georgia with its registered agent located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

As an example of CoreLogic's involvement, Shellpoint stated in its interrogatory responses that "beginning on March 2, 2021, CoreLogic was responsible for the payment of property taxes for the properties serving as collateral for the Loan," and that "[t]here was a reporting failure in the CoreLogic system with the multi-collateral Loan . . . ."[5] Additionally, Shellpoint's interrogatory responses describe several negligent actions on the part of CoreLogic relating to the property taxes for the properties securing the Loan, such as by stating that "the CoreLogic researcher failed to notate the tasks in a timely manner . . . ."[6]

In addition, Shellpoint produced a copy of its *Tax Outsourcing Services Agreement* with Corelogic (the "CoreLogic Contract"), which sets forth the relevant terms, procedures, and obligations of Shellpoint and CoreLogic relating to the payment of property taxes for collateral property on loans serviced by Shellpoint. The CoreLogic Contract also includes indemnification

---

[1] See, Verified Complaint.
[2] See, *Defendant NewRez, LLC d/b/a Shellpoint Mortgage Service's Answer to Plaintiff's Complaint*.
[3] See, *Rule 5.2 Certificate of Service of Discovery*, filed September 13, 2022.
[4] See, *NewRez LLC d/b/a Shellpoint Mortgage Servicing's Rule 5.2 Certificate of Service*.
[5] See, Exhibit A attached hereto for an annotated excerpt from *Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing's Responses and Objections to Plaintiff's First Interrogatories to Defendant*.
[6] Id.

clauses and limitation of liability provisions in which Shellpoint and CoreLogic address liability between them for damages resulting from the failure to properly and timely pay property taxes on collateral properties.

## **LEGAL ARGUMENT AND AUTHORITY**

O.C.G.A. § 9-11-19(a) provides that "A person who is subject to service of process shall be joined as a party in the action if: (1) In his absence complete relief cannot be afforded amongst those who are already parties" and further that "If he has not been so joined, the court shall order that he be made a party." Moreover, O.C.G.A. § 9-11-20(a) provides that "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." Finally, under O.C.G.A. § 9-11-21 "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

"Among the factors to be considered by the trial court in determining whether to allow [the addition of a new party] are whether the new party will be prejudiced thereby and whether the movant has some excuse or justification for having failed to name and serve the new party previously." Western Sky Fin., LLC v. State ex rel. Olens, 300 Ga. 340, 357, 793 S.E.2d 357, 372 (2016).

Here, Shellpoint's discovery responses revealed that CoreLogic was deeply involved in the failure to timely pay the property taxes on the properties securing the Loan – a failure which injured Ellis and resulted in significant damages. Accordingly, Ellis has claims against CoreLogic which arise "out of the same transaction, occurrence, or series of transactions or occurrences" as is

required for joinder under O.C.G.A. § 9-11-20(a).  As a result, the absence of CoreLogic from this lawsuit means that "complete relief cannot be afforded" to Ellis and Shellpoint as is required for joinder under O.C.G.A. § 9-11-19.

CoreLogic was deeply involved in the circumstances underlying the claims asserted in this matter, and Shellpoint's discovery responses describe actions and omissions of CoreLogic which show potential liability for Ellis's damages sustained from the failure to timely pay the property taxes for the properties securing the Loan. CoreLogic is well aware of the controversy resulting from the failure to timely pay the property taxes, as Shellpoint's discovery responses show that CoreLogic was deeply involved in researching the status of the unpaid taxes in the aftermath of the failure to timely pay the property taxes.

Accordingly, CoreLogic will not be prejudiced by being joined to this lawsuit at this time, as this lawsuit is still in the initial stages of discovery.  See, Western Sky Fin., 300 Ga. at 367. As discovery continues with depositions, a focus will be on the facts and events leading up to the failure to pay the property taxes and the actions and omissions of CoreLogic and Shellpoint thereafter. Adding CoreLogic as a party defendant to this lawsuit at this time will allow for more effective discovery and a complete adjudication of all relevant claims in a single forum.

Ellis had very little knowledge of CoreLogic's precise role and responsibilities relating to the property taxes prior to receiving Shellpoint's discovery responses. Accordingly, Ellis is justified in now moving this Court to add CoreLogic as a party Defendant. See, Western Sky Fin., 300 Ga. at 367.

## **CONCLUSION**

For the reasons stated above, and in the interests of judicial efficiency and complete relief, Ellis respectfully requests that this honorable Court add CoreLogic Solutions, LLC (CA)

d/b/a CoreLogic as a party defendant in accordance with O.C.G.A. § 9-11-21. A proposed Order for this Court's consideration is attached hereto as Exhibit B.

This the 28th day of November, 2022.

WILLIAMS TEUSINK, LLC

/S/ David Metzger
David Metzger
Georgia Bar No. 363534

312 Sycamore Street
Decatur, Georgia 30030
Telephone: (404) 373-9590
Facsimile: (404) 378-6049
dmetzger@williamsteusink.com

*Counsel for Ellis Refinance Portfolio, LLC*

5

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ELLIS REFINANCE PORTFOLIO, LLC<br><br>Plaintiffs,<br><br>v.<br><br>NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 22-A-04544-11 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing pleading upon opposing counsel of record through the Odyssey E-filing service, addressed to:

Keith Anderson
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue N.
Birmingham, AL 35203
kanderson@bradley.com

This the 28th day of November, 2022.

WILLIAMS TEUSINK, LLC

/S/ David Metzger
David Metzger
Georgia Bar No. 363534

312 Sycamore Street
Decatur, Georgia 30030
Telephone:  (404) 373-9590
Facsimile:  (404) 378-6049
dmetzger@williamsteusink.com

*Counsel for Ellis Refinance Portfolio, LLC*

6

# Exhibit A

**RESPONSE**: **Shellpoint objects to this interrogatory as overly broad and unduly burdensome to identify "all persons with knowledge" of this multi-property loan account. Subject to and without waiving these objections, Shellpoint identifies the following individuals who may have knowledge about the facts and circumstances alleged in the Complaint: (1) a corporate representative of Shellpoint, (2) Michelle Wenz of Shellpoint, (3) Lisa Norris of Shellpoint, (4) Rena White of Shellpoint, (5) a representative or individuals with the DeKalb County Tax Assessors Office, (6) a representative or individual with CoreLogic Tax Services, LLC.  Additionally, pursuant to O.C.G.A. § 9-11-33(c), Shellpoint will produce copies of loan account records that may identify other individuals with knowledge.**

2. Identify by first and last name all Shellpoint employees who managed, handled, or oversaw the payment of property taxes for the properties securing the Loan from June 1, 2021 to the present.

**RESPONSE**: **Shellpoint objects to this interrogatory as overly broad and unduly burdensome to identify "all persons with knowledge" of this multi-property loan account. Subject to and without waiving these objections, Lisa Norris, Michelle Wenz, and Rena White of Shellpoint were involved in the oversight and management of the property taxes at issue.  Also, Shellpoint states that beginning on March 2, 2021, CoreLogic was responsible for the payment of property taxes for the properties serving as collateral for the Loan. Additionally, pursuant to O.C.G.A. § 9-11-33(c), Shellpoint will produce copies of loan account records that may identify other individuals with knowledge.**

2

3. Identify by first and last name all Shellpoint employees whose duties and responsibilities included addressing the issue of the failure to fully pay property taxes for tax year 2021 for the properties securing the Loan.

**RESPONSE: Shellpoint states that Lisa Norris, Michelle Wenz, and Rena White of Shellpoint were involved in the oversight and management of the property taxes at issue. Also, Shellpoint states that beginning in October 2021, CoreLogic was responsible for the payment of property taxes for the properties serving as collateral for the Loan. Additionally, pursuant to O.C.G.A. § 9-11-33(c), Shellpoint will produce copies of loan account records that may identify other individuals responsive to this interrogatory.**

4. Identify each person Shellpoint has utilized as a consulting expert or expects to call as an expert witness in any hearing or any trial in this matter. For each such person, please provide the subject matter on which each such person has applied their expert services, rendered an expert opinion, or is expected to testify on, and the substance of the facts and opinions to which the person is expected to testify, in addition to their contact information.

**RESPONSE: At this time Shellpoint has not made any decision as to any expert witness(es) it intends to consult with or call at trial. Shellpoint will provide the appropriate disclosures and an identification of trial witness(es) pursuant to the Georgia Civil Practices Act and the Court's scheduling order.**

5. Identify each person Shellpoint expects to call as a witness in any hearing or any trial in this matter. For each such person, please provide the subject matter on which each such person is expected to testify.

**RESPONSE: At this time Shellpoint has not made any decision as to witness(es) it intends to call at trial. Shellpoint will provide the appropriate disclosures and an identification of**

3

trial witness(es) pursuant to the Georgia Civil Practices Act and the Court's scheduling order.

6. Describe with particularity Shellpoint's policies and procedures for when property taxes for property securing a loan serviced by Shellpoint become delinquent or are not timely paid.

**RESPONSE**: Shellpoint objects to this interrogatory as ambiguous. Subject to and without waiving that objection and pursuant to O.C.G.A. § 9-11-33(c), Shellpoint will produce the applicable policies and procedures related to tax payments that are responsive to this interrogatory.

7. Describe with particularity why the property taxes for nearly all of the properties securing the Loan for tax year 2021 were not timely paid in their entirety.

**RESPONSE**: Shellpoint objects to this interrogatory as overly broad, unduly burdensome in seeking detailed information over an extensive period and calling for legal conclusions. Shellpoint reserves the right to supplement and amend this response as further information becomes available through its investigation into the claims alleged and responds to this interrogatory only in general terms. Subject to and without waiving those objections and qualifications, Shellpoint responds as follows:

Prior to October 2021, Shellpoint handled the monitoring of taxes for this multi-collateral loan. In October 2021, CoreLogic began servicing the tax payment and monitoring for this Loan and was responsible for making payment for all parcels encumbered by the Security Deed provided in their system. ==There was a reporting failure in the CoreLogic system with the multi-collateral Loan,== which was corrected by November 2021. Also, in October 2021, CoreLogic received notification that there had been adjusted tax bills on the

4

parcels for the subject account, which resulted in an overpayment. Therefore, multiple refunds were provided on October 4, 2021, as reflected on the Loan History Summary.

On January 4, 2022, a research task was opened for the subject account. When the CoreLogic researcher contacted DeKalb County for tax payment information, he was told to call back in February 2022. To expedite the process, information was manually pulled from the DeKalb County website. Once received, it was determined there were four (4) parcels identified as being in tax sale status due to non-payment. The four parcels were:

- **16 091 05 015 – 2093 Victoria Place**
- **15 223 01 315 – 1201 To Lani Court**
- **15 223 01 321 – 1241 To Lani Court**
- **15 194 14 113 – 1375 Red Cedar Trail**

Shellpoint communicated to CoreLogic on February 14, 2022, to inquire as to when the parcels would be paid. CoreLogic responded that, because of the large number of parcels on the account and the prior overpayment refunds, a First American Redemption Report (FARR) would need to be ordered to determine the status as to each parcel and then payments would be processed.

The original January 4, 2022, research task was closed on February 22, 2022 by CoreLogic, incorrectly noting that the parcels were paid as current when they were not. Additionally, Shellpoint opened a task to resolve the tax sale issue on February 18, 2022. Shellpoint was advised on February 24, 2022, that subject task for the tax sale was being escalated and Shellpoint would be notified upon completion. Shellpoint received an update with the same information on March 2, 2022.

On March 9, 2022, CoreLogic notified Shellpoint that CoreLogic had emailed DeKalb County to obtain the delinquency information, but CoreLogic had not received a response. This was reiterated on March 15, 2022. On March 22, 2022, the CoreLogic researcher provided screenshots from the DeKalb County website of the four (4) initial parcels that were identified as being in tax sale status, as DeKalb County instructed them to go to the website for delinquency/tax sale information.

On March 22, 2022, Shellpoint received notification from the borrower that there were one-hundred, thirty-three (133) properties facing tax sale due to delinquent taxes. The information was communicated through the shared system so that CoreLogic could review it and was escalated with CoreLogic to ensure that all parcels would be paid and delinquencies cured. CoreLogic responded that funds were disbursed the previous day, but when Shellpoint reviewed the account history notes, it only referenced the initial four (4) parcels, not the additional parcels that were delinquent. Shellpoint then contacted CoreLogic again to reiterate that there were additional parcels that needed to be paid.

Through the remainder of March and April 2022, CoreLogic advised that the parcels were being reviewed. But the CoreLogic researcher failed to notate the tasks in a timely manner, which made it appear like the issue was not being researched for resolution. In early May 2022, CoreLogic advised Shellpoint that all the delinquencies had been identified and the CoreLogic researcher requested an approval to pay. On May 4, 2022, Shellpoint advised CoreLogic that additional approval was not needed, as it was an escrowed loan and funds needed to be disbursed as quickly as possible. Shellpoint was advised that funds would be disbursed and Shellpoint would be notified upon completion. Due to the large number of

6

# Exhibit B

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ELLIS REFINANCE PORTFOLIO, LLC<br><br>  Plaintiff,<br><br>v.<br><br>NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>  Defendant. | CIVIL ACTION FILE<br>NO. 22-A-04544-11 |

**ORDER**

This matter is before the Court on Plaintiff Ellis Refinance Portfolio, LLC's *Motion to Add CoreLogic Solutions, LLC (CA) d/b/a CoreLogic as a Party Defendant*. Upon consideration of such motion, this Court finds as follows:

Information and documents produced during discovery show that CoreLogic Solutions, LLC (CA) d/b/a CoreLogic ("CoreLogic") was significantly involved in the non-payment of property taxes which is at issue in this matter and which is the source of Plaintiff's claims. Because CoreLogic was deeply involved in the same transaction, occurrence, or series of transactions or occurrences which are the subject of this matter, it appears to this Court that complete relief cannot be afforded the existing parties in CoreLogic's absence.

Under O.C.G.A. § 9-11-21 "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." O.C.G.A. § 9-11-19(a) provides that "A person who is subject to service of process shall be joined as a party in the action if: (1) In his absence complete relief cannot be afforded amongst those who are already parties" and further that "If he has not been so joined, the court shall order that he be

1

made a party." O.C.G.A. § 9-11-20(a) provides that "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

This matter is still in the early stages of discovery and is not subject to any scheduling order, and it appears that CoreLogic had some awareness of the controversy resulting from the non-payment of the property taxes at issue. Accordingly, CoreLogic will not be prejudiced by being added as a party to this matter. Moreover, it appears that Plaintiff did not have awareness of the full extent of CoreLogic's involvement until information and documents were produced in discovery. This justifies Plaintiff's initial non-inclusion of CoreLogic as a party defendant in this matter. See, Western Sky Fin., LLC v. State ex rel. Olens, 300 Ga. 340, 357, 793 S.E.2d 357, 372 (2016).

Based on the foregoing and for good cause shown, the Court hereby GRANTS the motion. In accordance with O.C.G.A. § 9-11-21, CoreLogic Solutions, LLC (CA) d/b/a CoreLogic shall hereby be joined in this matter as a party defendant. Plaintiff shall be permitted to file an amended complaint which names CoreLogic Solutions, LLC (CA) d/b/a CoreLogic as a party defendant. Thereafter, the Clerk of Court shall issue process and Plaintiff shall serve CoreLogic with process and such amended complaint.

SO ORDERED this _____ day of _____, 2022.

_____
Judge Angela Duncan,
Superior Court of Gwinnett County

Prepared and Submitted by:
/S/ David Metzger
David Metzger
Georgia Bar No. 363534

312 Sycamore Street
Decatur, Georgia 30030
Telephone: (404) 373-9590
Facsimile: (404) 378-6049
Email: dmetzger@williamsteusink.com

*Counsel for Ellis Refinance Portfolio, LLC*