# **Exhibit 6**

Case 1:23-mi-99999-UNA   Document 1409-6   Filed 04/28/23   Page 2 of 4

E-FILED IN OFFICE - CS
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-04544-11**
**2/7/2023 2:48 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ELLIS REFINANCE PORTFOLIO, LLC

    Plaintiff,

v.

NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING,

    Defendant.

CIVIL ACTION FILE
NO. 22-A-04544-11

## ORDER

This matter is before the Court on Plaintiff Ellis Refinance Portfolio, LLC's *Motion to Add CoreLogic Solutions, LLC (CA) d/b/a CoreLogic as a Party Defendant*. Upon consideration of such motion, this Court finds as follows:

Information and documents produced during discovery show that CoreLogic Solutions, LLC (CA) d/b/a CoreLogic ("CoreLogic") was significantly involved in the non-payment of property taxes which is at issue in this matter and which is the source of Plaintiff's claims. Because CoreLogic was deeply involved in the same transaction, occurrence, or series of transactions or occurrences which are the subject of this matter, it appears to this Court that complete relief cannot be afforded the existing parties in CoreLogic's absence.

Under O.C.G.A. § 9-11-21 "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." O.C.G.A. § 9-11-19(a) provides that "A person who is subject to service of process shall be joined as a party in the action if: (1) In his absence complete relief cannot be afforded amongst those who are already parties" and further that "If he has not been so joined, the court shall order that he be

1

made a party." O.C.G.A. § 9-11-20(a) provides that "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

This matter is still in the early stages of discovery and is not subject to any scheduling order, and it appears that CoreLogic had some awareness of the controversy resulting from the non-payment of the property taxes at issue. Accordingly, CoreLogic will not be prejudiced by being added as a party to this matter. Moreover, it appears that Plaintiff did not have awareness of the full extent of CoreLogic's involvement until information and documents were produced in discovery. This justifies Plaintiff's initial non-inclusion of CoreLogic as a party defendant in this matter. See, Western Sky Fin., LLC v. State ex rel. Olens, 300 Ga. 340, 357, 793 S.E.2d 357, 372 (2016).

Based on the foregoing and for good cause shown, the Court hereby GRANTS the motion. In accordance with O.C.G.A. § 9-11-21, CoreLogic Solutions, LLC (CA) d/b/a CoreLogic shall hereby be joined in this matter as a party defendant. Plaintiff shall be permitted to file an amended complaint which names CoreLogic Solutions, LLC (CA) d/b/a CoreLogic as a party defendant. Thereafter, the Clerk of Court shall issue process and Plaintiff shall serve CoreLogic with process and such amended complaint.

SO ORDERED this 7 day of February, 2023.

_____
Judge Angela Duncan,
Superior Court of Gwinnett County

Prepared and Submitted by:
/S/ David Metzger
David Metzger
Georgia Bar No. 363534

2

312 Sycamore Street
Decatur, Georgia 30030
Telephone: (404) 373-9590
Facsimile: (404) 378-6049
Email: dmetzger@williamsteusink.com

*Counsel for Ellis Refinance Portfolio, LLC*