# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES HARPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL CASE NO.: |
| v. | ) _____ |
| | ) |
| LAKE TRUCKING COMPANY and | ) **JURY TRIAL DEMANDED** |
| MELISSA SPARKS, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Specially Appearing Defendant Melissa Sparks ("Defendant Sparks"), a citizen, domicile, and resident of the State of Indiana, gives notice of the removal of this action from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Specially Appearing Defendant Lake Trucking Company ("Defendant Lake," collectively "Defendants"), a corporation organized under the laws of the State of Florida and a corporation with its principal place of business in the State of Florida, which makes it a citizen, domicile, and resident of the State of Florida, consents to the removal of this action from the State Court of Gwinnett County, Georgia to the United States District Court

- 1 -

for the Northern District of Georgia, Atlanta Division.[1]

Removal is based on diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy requirement is satisfied and because Defendants are diverse from Plaintiff James Harper ("Plaintiff"), who is a citizen, resident, and domicile of the State of Georgia.

Under the "later-served defendant" rule adopted by the 11th Circuit, this Action may be removed within 30 days of the later-served defendant, which in this case is Lucas, who as stated above, was served on July 21, 2022. All Defendants consent to and join in this removal. *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008).

Thus, this Notice of Removal is timely filed because it is filed within 30 days of service of the Complaint on Defendant Sparks.

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiffs' counsel and filed with the Clerk of the State Court of Gwinnett County State of Georgia. Accordingly, all procedural requirements under 28 U.S.C. § 1446

---

[1] Plaintiff has USAA Casualty Insurance Company served, but that corporation is not a resident, citizen, or domicile of the State of Georgia. It is a corporation incorporated under the laws of the State of Texas and has its principal place of business there. Therefore, it is not a citizen of Georgia and complete diversity exists in accordance with 28 U.S.C. § 1331(a).

have been satisfied.

Venue is proper in this District pursuant to 28 U.S.C. §1441(a) because the removed case was pending in the State Court of Gwinnett County, Georgia, which is within this District.

This Action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332(a) and may be removed to this Court pursuant to 28 USC. §1441(a).

In support of this removal, Defendants state as follows:

**I.      NATURE OF THE CASE**

1. On February 2, 2023, Plaintiff filed a complaint in the State Court of Gwinnett County, naming as Defendants. *See* **Exhibit "A,"** Complaint.

2. The Complaint arises out of an automobile accident that occurred on August 28, 2021. *See generally* Ex. A, Compl., at ¶ 9.

3. Although the Complaint alleges that Plaintiff is a citizen, resident, and domicile of the State of Georgia and that the Defendants are citizens, residents, and domiciles of the State of Florida and the State of Indiana, the Complaint does not allege an amount for damages beyond medical bills in the amount of $59,000.00. *See generally* Ex. A, Compl., at ¶¶ 1, 2, 3, and 14.

4. Defendant Sparks was served with the Complaint on March 30, 2023.

*See* **Exhibit "B,"** Returns of Service.

5. Defendant Lake timely filed responsive pleadings in state court, and no further proceedings have been taken.

**REMOVAL IS TIMELY AND PROPER**

6. This Notice of Removal is filed within thirty (30) days of service of Plaintiff's Complaint on Defendant Sparks under 28 U.S.C. § 1446.

7. Pursuant to 28 U.S.C. § 1441, Defendant Sparks removes this Action to the District Court of the United States for the district embracing the place where the action is pending. The Northern District of Georgia embraces the State Court of Gwinnett County, Georgia, the place where this action was pending; further, Gwinnett County is encompassed within the Atlanta Division of the Northern District of Georgia. Defendant Lake has consented to the removal. *See* **Exhibit "C."**

8. A copy of the entire file of the State Court of Gwinnett County, which includes all pleadings, process, and orders filed, is attached as **Exhibit "D**."

9. In addition, as required by 28 U.S.C. § 1446(d), Defendant Sparks has provided written notice of filing of this Notice of Removal to Plaintiffs.

10. Defendant will also file a copy of this Notice with the clerk of the state court from which this action has been removed.

11. There is complete diversity of citizenship between Plaintiffs and

Defendants. Without admitting Plaintiff is entitled to recover any damages, including civil or statutory penalties, Defendant Sparks asserts that the amount in controversy in this Action for purposes of removal jurisdiction exceeds $75,000.00, exclusive of interest and costs.

**A.    There is a Complete Diversity of Citizenship Between Plaintiffs and Defendants**

12.    The Complaint demonstrates the complete diversity of citizenship between Plaintiffs and Defendants, *i.e.*, that Plaintiffs are citizens, residents, and domiciles of Georgia and Defendants are citizens, residents, and domiciles of states, commonwealths, or countries other than Georgia. *See* Ex. A., Compl. at ¶¶ 1-3.

**B.    The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interests.**

13.    The Complaint demands a variety of damages but does not demand a specific dollar amount. *See* Ex. A., Compl., at ¶¶ 14 and prayer (3).

14.    When a plaintiff pleads "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the. . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Put another way, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).[2]

15.  Based on the undersigned counsels' experience in handling tort cases involving tractor-trailer accidents with alleged injuries of this kind, the amount in controversy exceeds $75,000 exclusive of fees and costs. Moreover, this Court is permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) ("Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.").

16.  Therefore, removal of this action is proper because there is a complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000 based on a claim for medical expenses of more than $59,000.00. In addition to these medical expenses, Plaintiff alleges that he

---

[2] The Complaint does not plead a specific amount of damages on its face. However, when a complaint is non-specific as to the full amount of damages sought, the amount in controversy may be established "by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007) (settlement offers, demand letters, and e-mails estimating damages are all acceptable forms of evidence to establish jurisdiction under 28 U.S.C. § 1446 (b)).

"sustained physical, mental, and emotional injuries, has experienced physical pain and suffering and emotional distress, and incurred medical expenses." *See* Ex. A., Compl. at ¶ 15.

C. **Any Pending Discovery Served in the State Court Action is Rendered Not Answerable By Removal.**

17. A plain reading of Federal Rule of Civil Procedure 26 provides that parties may not seek discovery before they have participated in a Rule 26(f) conference. *Steen v. Garrett*, No. 2:12-cv-1662-DCN, 2013 U.S. Dist. LEXIS 61206, 2013 WL 1826451, at *2 (D.S.C. Apr. 30, 2013)(citing Fed. R. Civ. P. 26(d)(1)); *see also Koenig v. USA Hockey, Inc.*, No. 2:09-CV-1097, 2010 U.S. Dist. LEXIS 122809, 2010 WL 4783042, at *6 (S.D. Ohio June 14, 2010) (holding that discovery served in state court prior to removal to federal court is not permitted under the Federal Rules of Civil Procedure prior to the Rule 26(f) conference except in those limited circumstances involving cases exempt from the requirement of Rule 26(d) or when authorized by stipulation or court order); *O'Keefe v. State Farm Fire & Cas. Co.*, No. 1:08-cv-600-HSO-LRA, 2009 U.S. Dist. LEXIS 65466, 2009 WL 2058867, at *2 (S.D. Miss. July 10, 2009) (holding that any discovery propounded in state court before a suit is removed is no longer answerable following removal)

II. **CONCLUSION**

18. By removing the action to this Court, Defendant Sparks does not waive

31459362v1

any defenses, objections or motions available to it under state or federal law. Defendant Sparks expressly reserve the right to move for dismissal of Plaintiff's claims pursuant to Rule 9 and Rule 12 of the Federal Rules of Civil Procedure.

19. As detailed above, all requirements and jurisdictional thresholds have been met to remove this action to this Court on the basis of diversity jurisdiction. Accordingly, Defendant Sparks respectfully removes this action to the United States District Court for the Northern District of Georgia, Atlanta Division, for trial and determination of all issues.

Respectfully submitted, this 28th of April, 2023.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Carl H. Anderson, Jr.*
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Specially-Appearing Defendants Melissa Sparks and Lake Trucking Company*

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308-3243
Telephone:   (404) 614-7400
Facsimile:   (855) 889-4588
E-mail:      canderson@hpylaw.com

- 1 -

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL CASE NO.: |
| v. ) | _____ |
| ) | |
| LAKE TRUCKING COMPANY and ) | **JURY TRIAL DEMANDED** |
| MELISSA SPARKS, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF COUNSEL

The undersigned hereby certifies that he has prepared the within and foregoing document in accordance with LR 5.1, NDGa., and LR 7.1(D), NDGa. Specifically, counsel certifies that he has used 14-point Times New Roman New as the font in these documents.

This 28th day of April, 2023.

                                                           **HAWKINS PARNELL & YOUNG, LLP**

                                                           */s/ Carl H. Anderson, Jr.*
                                                           Carl H. Anderson, Jr.
                                                           Georgia Bar No. 016320

                                                           *Attorneys for Specially-Appearing Defendants Melissa Sparks and Lake Trucking Company*

- 2 -

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (855) 889-4588
E-mail: canderson@hpylaw.com

- 2 -

31459362v1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL CASE NO.: |
| v. ) | _____ |
| ) | |
| LAKE TRUCKING COMPANY and ) | **JURY TRIAL DEMANDED** |
| MELISSA SPARKS, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing **NOTICE OF REMOVAL** on all parties to this action by electronic service and/or by placing a copy of the same in the United States Mail with sufficient postage thereon to ensure delivery to the following addressee(s):

James Z. Foster
**FOSTER LAW LLC**
1201 West Peachtree St, NW, Suite 2300
Atlanta, GA 30309
james@foster-law.com

**Alternative Address**
James Z. Foster
**FOSTER LAW LLC**
1 Saint Louis Street Suite 1002
Mobile, AL 36602-3925
james@foster-law.com

- 1 -

31459362v1

- 2 -

Respectfully submitted, this 28th of April, 2023.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Carl H. Anderson, Jr.*
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Specially-Appearing Defendants Melissa Sparks and Lake Trucking Company*

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (855) 889-4588
E-mail: canderson@hpylaw.com

31459362v1