# EXHIBIT "A"

Case 1:23-mi-99999-UNA   Document 1415-1   Filed 04/28/23   Page 2 of 5

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**
**2/2/2023 11:32 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JAMES HARPER, ) | |
| ) | |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION |
| LAKE TRUCKING COMPANY, ) | FILE NO.: 23-C-00742-S7 |
| and MELISSA SPARKS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff James Harper, and files this Complaint for Damages against Defendants Melissa Sparks and Lake Trucking Company, alleging as follows:

### PARTIES AND JURISDICTION

1. Plaintiff James Harper (hereafter "Plaintiff") resides in DeKalb County, Georgia. Plaintiff files this action to recover all damages Plaintiff sustained in a car wreck that Defendants Lake Trucking Co. and Melissa Sparks (collectively "Defendants") negligently caused.

2. Upon information and belief, Defendant Lake Trucking Company (hereafter or "Defendant Lake Trucking") is a Florida business with principal offices located at 625 CR 468, Leesburg, Florida 34748-5315. Defendant may be served with the Summons and Complaint through its registered agent, Theodore L Brozanski Jr., located at 625 CR 468, Leesburg, Florida 34748-5315, or as otherwise provided by law.

3. Upon information and belief, Defendant Melissa Sparks (hereafter "Defendant Sparks") is a resident of Connersville, Indiana. Defendant resides and may be served with the Summons and Complaint at Defendant's residence, located at 116 S Fountain Street, Connersville, Indiana 47331, or as otherwise provided by law.

4. Venue is proper in this County because the subject wreck occurred in this County.

**FACTS**

5. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

6. On August 28, 2021, Plaintiff was turning left onto Peachtree Industrial Blvd Access Road while traveling southbound in the inside line.

7. As Plaintiff began to turn his vehicle, Defendant Sparks suddenly and without warning entered into Plaintiff's lane of travel, sideswiping the front passenger's side of Plaintiff's vehicle with her trailer.

8. Defendant Sparks was found at fault by the responding officer for improper lane change and misjudging clearance.

9. As a direct and proximate result of the collision, Plaintiff sustained physical, mental, and emotional injuries, has experienced physical pain and suffering and emotional distress, and incurred medical expenses.

**COUNT I – CLAIM AGAINST DEFENDANT MELISSA SPARKS FOR NEGLIGENT OPERATION OF DEFENDANT'S VEHICLE**

10. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

11. At all relevant times, Defendant Sparks owed certain civil duties to the Plaintiff. Notwithstanding those duties, Defendant Sparks violated them as follows:

   a) In failing to exercise due care in the operation of Defendant's vehicle;

   b) In failing to make reasonable and proper observations while driving Defendant's vehicle; or, if reasonable and proper observations were made, failing to act thereon;

   c) Improper lane change in violation of O.C.G.A. § 40-6-48;

    d) In acting with reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390;

    e) In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

12. Defendant Sparks' violations of these duties of care constitute both negligence *per se* and negligence as a matter of fact.

13. As a result of Defendant's negligence, Plaintiff James Harper sustained injuries that necessitated medical treatment.

14. As a result of Defendant's negligence, Plaintiff James Harper has incurred medical bills in excess of $59,000.

15. As a direct and proximate result of the collision, Plaintiff sustained physical, mental, and emotional injuries, has experienced physical pain and suffering and emotional distress, and incurred medical expenses. As a result, Plaintiff is entitled to an award of special and general damages in an amount to be proven at trial.

**COUNT II – CLAIM AGAINST DEFENDANT LAKE TRUCKING COMPANY FOR VICARIOUS LIABILITY**

16. Plaintiff repeats and realleges Paragraphs 1 through 15 of the Complaint as if fully set forth herein and further allege:

17. At the time of the incident and at all relevant times herein, Defendant Sparks was employed by Defendant Lake Trucking and was acting within the scope of her agency and employment with Defendant Lake Trucking.

18. All of Plaintiff's injuries and damages were the direct and proximate result of Defendant Sparks' negligence and negligence *per se* which occurred while Defendant Sparks was acting within the course and scope of her agency and employment with Defendant Lake Trucking.

19. Defendant Lake Trucking is vicariously liable for Defendant Sparks' negligence and negligence *per se* under the doctrine of respondeat superior, as well as principles of agency or apparent agency.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

1. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

2. That service be had upon Defendants as provided by law;

3. That the Court award and enter a judgment in favor of Plaintiff and against Defendants for special and general damages in an amount to be proven at trial;

4. That Plaintiff has a trial by a jury as to all issues; and

5. That Plaintiff has such other and further relief as the Court may deem just and proper.

This 2nd day of February, 2023.

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038

*Counsel for Plaintiff*

**FOSTER LAW LLC**
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 800-0050
Facsimile: (404) 493-2322