# EXHIBIT "D"

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**2/2/2023 11:32 AM**

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☐ **State Court of** _____ **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 23-C-00742-S7 |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Last     First     Middle I.     Suffix     Prefix | Last     First     Middle I.     Suffix     Prefix |
| Last     First     Middle I.     Suffix     Prefix | Last     First     Middle I.     Suffix     Prefix |
| Last     First     Middle I.     Suffix     Prefix | Last     First     Middle I.     Suffix     Prefix |
| Last     First     Middle I.     Suffix     Prefix | Last     First     Middle I.     Suffix     Prefix |

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                      **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____     **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**2/2/2023 11:32 AM**

**TIANA P. GARNER, CLERK**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** _Gwinnett State Court_ **County**

| | |
|---|---|
| **For Clerk Use Only** | |
| **Date Filed** _____ | **Case Number** _23-C-00742-S7_ |
| **MM-DD-YYYY** | **Case Number** _____ |

**Plaintiff(s)**
Harper, James

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Sparks, Melissa

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Lake Trucking Company | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _James Foster_ **State Bar Number** _756038_ **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ **Case Number**    _____ **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**2/2/2023 11:32 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAMES HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION |
| LAKE TRUCKING COMPANY, | ) | FILE NO.: _23-C-00742-S7_ |
| and MELISSA SPARKS, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff James Harper, and files this Complaint for Damages against Defendants Melissa Sparks and Lake Trucking Company, alleging as follows:

## **PARTIES AND JURISDICTION**

1. Plaintiff James Harper (hereafter "Plaintiff") resides in DeKalb County, Georgia. Plaintiff files this action to recover all damages Plaintiff sustained in a car wreck that Defendants Lake Trucking Co. and Melissa Sparks (collectively "Defendants") negligently caused.

2. Upon information and belief, Defendant Lake Trucking Company (hereafter or "Defendant Lake Trucking") is a Florida business with principal offices located at 625 CR 468, Leesburg, Florida 34748-5315. Defendant may be served with the Summons and Complaint through its registered agent, Theodore L Brozanski Jr., located at 625 CR 468, Leesburg, Florida 34748-5315, or as otherwise provided by law.

3. Upon information and belief, Defendant Melissa Sparks (hereafter "Defendant Sparks") is a resident of Connersville, Indiana. Defendant resides and may be served with the Summons and Complaint at Defendant's residence, located at 116 S Fountain Street, Connersville, Indiana 47331, or as otherwise provided by law.

4.      Venue is proper in this County because the subject wreck occurred in this County.

**FACTS**

5.      Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

6.      On August 28, 2021, Plaintiff was turning left onto Peachtree Industrial Blvd Access Road while traveling southbound in the inside line.

7.      As Plaintiff began to turn his vehicle, Defendant Sparks suddenly and without warning entered into Plaintiff's lane of travel, sideswiping the front passenger's side of Plaintiff's vehicle with her trailer.

8.      Defendant Sparks was found at fault by the responding officer for improper lane change and misjudging clearance.

9.      As a direct and proximate result of the collision, Plaintiff sustained physical, mental, and emotional injuries, has experienced physical pain and suffering and emotional distress, and incurred medical expenses.

**COUNT I – CLAIM AGAINST DEFENDANT MELISSA SPARKS FOR NEGLIGENT OPERATION OF DEFENDANT'S VEHICLE**

10.      Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

11.      At all relevant times, Defendant Sparks owed certain civil duties to the Plaintiff. Notwithstanding those duties, Defendant Sparks violated them as follows:

a)  In failing to exercise due care in the operation of Defendant's vehicle;

b)  In failing to make reasonable and proper observations while driving Defendant's vehicle; or, if reasonable and proper observations were made, failing to act thereon;

c)  Improper lane change in violation of O.C.G.A. § 40-6-48;

d) In acting with reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390;

e) In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

12. Defendant Sparks' violations of these duties of care constitute both negligence *per se* and negligence as a matter of fact.

13. As a result of Defendant's negligence, Plaintiff James Harper sustained injuries that necessitated medical treatment.

14. As a result of Defendant's negligence, Plaintiff James Harper has incurred medical bills in excess of $59,000.

15. As a direct and proximate result of the collision, Plaintiff sustained physical, mental, and emotional injuries, has experienced physical pain and suffering and emotional distress, and incurred medical expenses. As a result, Plaintiff is entitled to an award of special and general damages in an amount to be proven at trial.

**COUNT II – CLAIM AGAINST DEFENDANT LAKE TRUCKING COMPANY FOR VICARIOUS LIABILITY**

16. Plaintiff repeats and realleges Paragraphs 1 through 15 of the Complaint as if fully set forth herein and further allege:

17. At the time of the incident and at all relevant times herein, Defendant Sparks was employed by Defendant Lake Trucking and was acting within the scope of her agency and employment with Defendant Lake Trucking.

18. All of Plaintiff's injuries and damages were the direct and proximate result of Defendant Sparks' negligence and negligence *per se* which occurred while Defendant Sparks was acting within the course and scope of her agency and employment with Defendant Lake Trucking.

19.     Defendant Lake Trucking is vicariously liable for Defendant Sparks' negligence and negligence *per se* under the doctrine of respondeat superior, as well as principles of agency or apparent agency.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

1. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

2. That service be had upon Defendants as provided by law;

3. That the Court award and enter a judgment in favor of Plaintiff and against Defendants for special and general damages in an amount to be proven at trial;

4. That Plaintiff has a trial by a jury as to all issues; and

5. That Plaintiff has such other and further relief as the Court may deem just and proper.

This 2nd day of February, 2023.

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038

*Counsel for Plaintiff*

**FOSTER LAW LLC**
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 800-0050
Facsimile: (404) 493-2322

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**
**2/2/2023 11:32 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAMES HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION   23-C-00742-S7 |
| LAKE TRUCKING COMPANY, | ) | FILE NO.: _____ |
| and MELISSA SPARKS, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>SUMMONS</u>

TO DEFENDANT LAKE TRUCKING COMPANY:

You are hereby summoned and required to file with the Clerk of said court and serve upon

the Plaintiff's attorney, whose name and address is:

James Z. Foster
Foster Law LLC
1201 West Peachtree St, NW
Suite 2300
Atlanta, Georgia 30309
404-800-0050

an Answer to the Complaint for Damages, which is herewith served upon you, within 30 days after

service of this Summons upon you exclusive of the day of service. If you fail to do so, judgment

by default will be taken against you for the relief demanded in this Complaint.

This 2nd  day of February 2023.

.

Tiana P. Garner

_____

Clerk of Court


By: _____
Deputy Clerk

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**2/2/2023 11:32 AM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JAMES HARPER,                          )
                                       )
      Plaintiff,                   )      JURY TRIAL DEMANDED
                                       )
vs.                                    )      **23-C-00742-S7**
                                       )      CIVIL ACTION
LAKE TRUCKING COMPANY,                 )      FILE NO.: _____
and MELISSA SPARKS,                    )
                                       )
      Defendants.                  )

### <u>SUMMONS</u>

TO DEFENDANT MELISSA SPARKS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

James Z. Foster
Foster Law LLC
1201 West Peachtree St, NW
Suite 2300
Atlanta, Georgia 30309
404-800-0050

an Answer to the Complaint for Damages, which is herewith served upon you, within 30 days after service of this Summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in this Complaint.

This 2nd  day of February 2023.
   .

                        Tiana P. Garner

_____

                   Clerk of Court

By: _____
                   Deputy Clerk

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**2/2/2023 11:32 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JAMES HARPER,                          )
                                       )
         Plaintiff,                    )          JURY TRIAL DEMANDED
                                       )          23-C-00742-S7
vs.                                    )
                                       )          CIVIL ACTION
LAKE TRUCKING COMPANY,                 )          FILE NO.: _____
and MELISSA SPARKS,                    )
                                       )
         Defendants.                   )

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT LAKE TRUCKING COMPANY

COMES NOW James Harper, Plaintiff in the above-styled action, and requests, pursuant to O.C.G.A. § 9-11-36, that Defendant Lake Trucking Company ("Defendant") admit under oath the truth of the facts hereinafter set forth, within forty-five (45) days after service of this discovery request upon said Defendant.

#### 1.

Defendant Lake Trucking Company has been correctly named as a defendant in the present action with respect to the legal description of Defendant's name.

#### 2.

The State Court of Gwinnett County has personal jurisdiction over Defendant.

#### 3.

The State Court of Gwinnett County has subject matter jurisdiction over this action.

#### 4.

The State Court of Gwinnett County is the court of proper venue in this action.

5.

Defendant received process in this action, and such process and service are sufficient.

6.

Admit that the Plaintiff has stated a claim upon which relief may be granted.

7.

There has not been a failure to join a necessary or indispensable party to this action.

8.

Defendant Melissa Sparks (hereafter "Defendant Sparks") was employed by Lake Trucking Company at the time of the subject incident.

9.

Defendant Sparks was operating her vehicle within the scope of her employment with Lake Trucking Company at the time of the subject incident.

10.

The vehicle Defendant Sparks was driving at the time of the subject collision was leased by Lake Trucking Company for purposes of Defendant Melissa Sparks' employment with Lake Trucking Company.

11.

Admit that the Defendant Melissa Sparks owed a duty to Plaintiff to exercise due care in operating her motor vehicle in accordance with Georgia law.

12.

The Defendant violated her obligation to exercise due care by improperly entering into Plaintiff's lane of travel as noted by the responding officer.

13.

The Defendant violated her obligation to exercise due care by misjudging the amount of clearance as noted by the responding officer.

14.

The subject collision was proximately caused by Defendant's improper lane change.

15.

Plaintiff's injuries were proximately caused by Defendant's improper lane change.

16.

The subject collision was proximately caused by Defendant's misjudging clearance.

17.

Plaintiff's injuries were proximately caused by Defendant's misjudging clearance.

18.

At the time of the subject incident, the Plaintiff was operating his vehicle in accordance with the applicable rules of the road and in a safe and reasonable manner.

19.

Plaintiff could not have prevented the subject incident at issue in this case.

20.

As a result of Defendant's negligence, Plaintiff suffered serious, permanent injuries.

21.

Admit the Plaintiff did not contribute to the subject incident in any manner.

22.

Admit Lakeview Trucking Company is vicariously liable for any negligence on the part of its employee Melissa Sparks that Plaintiff alleges resulted in the subject incident.

This 2nd day of February, 2023.

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038

*Counsel for Plaintiff*

**FOSTER LAW LLC**
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 800-0050
Facsimile: (404) 493-2322

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**2/2/2023 11:32 AM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JAMES HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION   23-C-00742-S7 |
| LAKE TRUCKING COMPANY, | ) | FILE NO.: _____ |
| and MELISSA SPARKS, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT LAKE TRUCKING COMPANY

COMES NOW James Harper, Plaintiff in the above-styled action, and propounds the attached First Continuing Request for Production of Documents and Notice to Produce to Defendant Lake Trucking Company (the "Requests") pursuant to O.C.G.A. §§ 9-11-34, 9-11-30(b)(5), and 24-10-26, respectively, to be answered separately and individually under oath.

You are hereby notified to produce for inspection and copying at the offices of Foster Law LLC, 1201 West Peachtree St NW, Suite 2300, Atlanta, Georgia 30309, within forty-five (45) days after the date of service of this Request for Production of Documents and Notice to Produce; and pursuant to O.C.G.A. § 9-11-30(b)(5), at the time of the taking of Defendant's deposition, and pursuant to O.C.G.A. § 24-10-26, upon any hearing and upon the trial of the above-styled case, the following documents and records which are in your possession, custody or control, the same to be used as evidence by the Plaintiff, to wit:

### DEFINITIONS AND INSTRUCTIONS

1.     This Request for Production of Documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendant to serve upon Plaintiff

supplemental answers if Defendant or Defendant's attorneys obtain further information between the time the answers are served and the time of trial.

2.    The following definitions shall apply to these Requests:

a)   "Defendant," "you," "your," shall refer without limitation to Defendant Lake Trucking Company, including Defendant's attorneys, agents, representatives, or others acting or purporting to act on Defendant's behalf.

b)   "Document", whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other

sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either defendant or their agents, attorneys, or employees.

c) "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

3.     Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identity the document by name, number, form or description, and by date made, and the date which the document was most recently in your possession, custody and control, the disposition made of the document, and the identity of the person or person now in possession, custody or control of such document. If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document to be destroyed.

4.     If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request. If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate. If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and

stating whatever information you have concerning the unanswered portions. If your response is qualified in any particular, please set forth the details of such qualifications.

5.      In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide plaintiffs with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

6.      The following Request for Production of Documents and Notice to Produce is made under the provisions of O.C.G.A. §§ 9-11-34, 9-11-30(b)(5), and 24-10-26.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### 1.

The original or a certified true and accurate copy of the declaration sheet, coverage page and all applicable insurance policies and/or indemnity agreement(s) that may provide coverage, benefits, and/or indemnity to Defendant in connection with this occurrence, including any coverage available to Defendant personally. (NOTE: This request seeks each and every insurance policy and/or indemnity agreement that may provide coverage and/or indemnity in any amount.)

### 2.

Any written, recorded, or transcribed statement in your custody or control made by Plaintiff or anyone else concerning this action or the subject of this action.

3.

Any maps, plats, drawings, estimates, videotapes, or photographs pertaining to the incident which is the subject matter of this lawsuit.

4.

Any statements of witnesses who claim to have seen the incident referred to in Plaintiff's Complaint and/or claim to have seen the vehicle within one block of the incident and/or claim to have seen the vehicle prior to being removed from the area of the subject incident.

5.

Any statements made by anyone who claims to have heard or seen the Plaintiff or Defendant make any statement either against or for his/her/their interest at the scene of the subject incident or at any other time or location.

6.

All documents which you and/or your representatives rely upon to demonstrate and support any facts relevant to this litigation and any documents which you and/or your representatives contend are relevant to the issues involved in this action.

7.

All reports, drawings, or correspondence made by experts whom Defendant expects to testify in this action.

8.

All documents referred to in Defendant's responses to Plaintiff's Interrogatories.

9.

All documents referred to in Defendant's responses to Plaintiff's Interrogatories.

10.

All property damage estimates for Defendant's and Plaintiff's vehicles.

11.

All photographs and videos of Defendant's and Plaintiff's vehicles before and after the collision.

12.

Defendant's GPS data (Google Maps, Apple Maps, Waze, Badger Maps, MapQuest, TomTom Go, or any other similar GPS app or device) from the date of the subject incident.

13.

All text messages, emails, or other communications between Defendant and any and all passenger(s) in Defendant's vehicle at the time of the subject incident related to the subject incident, this lawsuit, or Plaintiff.

14.

All text messages, emails, or other communications between Defendant and any other person related to the subject incident, this lawsuit, or Plaintiff.

15.

A copy of the pre-trip and post-trip inspection reports.

16.

For any expert witness you intend to call at the trial of this case, please provide copies of the following:

(a) A copy of his/her current curriculum vitae;

(b) A copy of his/her complete file for this case;

(c) A copy of all documents, materials, photographs, videos and research reviewed    by the expert witness for this case;

(d) Any and all correspondence, facsimiles, emails and written communications provided to and received by the expert witness for this case;

(e) A copy of his/her reports for this case (NOTE: this request includes the final report as well as drafts of the report); and

(f) A copy of all of his/her bills or invoices submitted for this case.

17.

If you contend that the physical or mechanical condition of the subject vehicle caused or contributed in any way to the subject collision, please provide all maintenance, service and repair records for the subject vehicle, including all documents created as a result of the incident in question.

18.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred, or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to the vehicle you were driving at the time of this incident.

19.

Any and all documents that you contend supports any of your defenses in this action.

20.

All documents that you receive in response to your Non-Party Subpoenas or Requests for Production of Documents to Non-Parties.

This 2nd day of February, 2023.

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038

*Counsel for Plaintiff*

**FOSTER LAW LLC**
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 800-0050
Facsimile: (404) 493-2322

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**2/2/2023 11:32 AM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JAMES HARPER,                                   )
                                                )
     Plaintiff,                                )          JURY TRIAL DEMANDED
                                                )
vs.                                             )
                                                )          CIVIL ACTION
LAKE TRUCKING COMPANY,                          )          FILE NO.: _____
and MELISSA SPARKS,                             )                    23-C-00742-S7
                                                )
     Defendants.                               )

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT LAKE TRUCKING COMPANY

COMES NOW James Harper, Plaintiff in the above-styled action, and propounds the attached First Continuing Interrogatories to Defendant Lake Trucking Company pursuant to O.C.G.A. § 9-11-33 to be answered separately and individually under oath.

Answers to these Interrogatories shall be served upon the attorney for the Plaintiff at the offices of Foster Law LLC, 1201 West Peachtree Street NW, Suite 2300, Atlanta, Georgia 30309, no later than forty-five (45) days after service of these Interrogatories, or at any hearing or deposition in the above matter which is scheduled prior to 45th day after service.

### INTRODUCTION AND DEFINITIONS

1.    Each Interrogatory seeks information available to the Defendant, Defendant's attorneys and agents, and all persons acting on Defendant's behalf. Accordingly, as used herein, the terms "Defendant," "you," "your," shall refer, without limitation, to Defendant Lake Trucking Company, including Defendant's attorneys, agents, representatives, or others acting or purporting to act on Defendant's behalf.

2.    As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term

"identify" is used in conjunction with the term "person" or if the answer of any Interrogatory herein refers to a person (as defined herein), you are to state each such person's (1) full legal name, (2) present or last known address and telephone number, business or residential, and (3) occupation, job title, business affiliation and/or nature of business.

3.      When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item: (1) the date of the item, (2) the identity of the person who has custody or control of the item, and (3) the nature and substance of the item; all with sufficient particularity to enable it to be identified in a Request to Produce. Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive.

4.      If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to determine the identity of the document or oral communication and, as well, state the basis for any asserted claim of privilege.

5.      As used herein, "date" should mean the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

6.      If you object to part of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer for that scope of time, state your objection in an answer for that Interrogatory for the scope and time period that you believe is appropriate.

7.      If any of the following Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the Interrogatory.

## INTERROGATORIES

### 1.

Please identify all persons assisting in answering these interrogatories.

### 2.

Does any insurance agreement exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?

(a) If such an insurance agreement does exist, what are the limits of liability contained in the terms of any such agreement?

(b) If such an insurance agreement does exist, what are the legal names of any and all parties to the agreement itself or any further or subordinate agreement which in any way relates to the terms of any such agreement?

### 3.

Please provide the record owner of the automobile Melissa Sparks was driving at the time of the subject incident.

### 4.

State whether or not Defendant has ever been a party to a civil suit and if so, please state:

(a)  whether or not you were the plaintiff or defendant;

(b)  the Court in which said suit was filed;

(c)  the nature of the action;

(d)  the outcome of the action, that is, whether it was settled, tried, or dismissed; and,

(e)  the name and address of your attorney and the opposing party's attorney.

5.

Explain the circumstances under which the vehicle came into possession of the operator, and the purpose for which the vehicle was being used and its destination.

6.

Are there any written, recorded, or transcribed statements made by anyone including Defendant concerning this action or the subject matter of this action? If so, state the method of the recording and/or transcription and the name and address of the person possessing the same and the name, phone number, and address of the person making the statement.

7.

Give the names and addresses of all persons who made photographs, drawings or videotapes of any persons or things relevant to the contentions of the parties in this action, stating who has possession of such pictures and negatives and where the same may be examined or inspected.

8.

State whether or not Defendant has any map, plat, drawing, videotape, photograph or other representation or depiction pertaining to the incident in question and if so, state with specificity an exact description of each.

9.

State the names, addresses, telephone numbers, and business affiliations of any experts, whom Defendant intends to call to testify regarding their experience, investigation, examination, or knowledge concerning the subject occurrence or anything related to the contentions of Plaintiff in connection with this litigation.

10.

With respect to each expert named in Defendant's Response above, state in detail and with particularity the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each and every opinion.

11.

Give the names and addresses of each person, reasonably believed by Defendant or your counsel to have any information relevant to the subject matter of this lawsuit or any contentions which Defendant expects to make in the trial of this case, stating the location of each such person at the time of the occurrence of the incident which is the subject of this lawsuit, stating the general nature of such information and in particular in what respect such information would support, substantiate, contradict, or rebut any contentions made heretofore by either of the parties in their pleadings or which Defendant intends to make in the trial of this case.

12.

List each document which Defendant contends contains relevant evidence in support of the Defendant's defenses in this action, including, but not limited to, the name or other means of identifying each such document, a description of the nature and content of each document, as well as the name, address and telephone number of the person who has custody of each document.

13.

Please state whether or not you contend that any other person contributed in any way to the incident which gives rise to this action, and if so, state the following;

(a) The name and address of the person who you contend contributed to same;

(b) Please state in detail the allegations of negligence, common law or negligence per se allegations which you contend were committed by said persons.

14.

Do you claim that the occurrence in question was in any way caused by a mechanical defect or malfunction of your vehicle? If so, state the details of said malfunction, when you first had knowledge of said defect and how you believe it contributed to said incident.

15.

Describe in detail how the subject incident occurred, specifying each and every act or omission of the Plaintiff or any other individual or entity that you contend caused or contributed to the subject incident.

16.

State all facts, identify all persons and identify all documents or any other source of knowledge upon which you rely to deny that Plaintiff was injured as claimed in this action as a result of the subject incident.

17.

If you deny that Plaintiff suffered personal injury and damages in the collision which is the subject of his Complaint, or if you contend that Plaintiff acted or failed to act in a manner as to cause or contribute to the occurrence which is the basis of this suit, please set forth each and every fact or act upon which your contention is based.

18.

Identify each and every act, event, fact, document or witness upon which you relied to assert any affirmative defense set forth in your answer to Plaintiff's complaint.

19.

Please provide the factual and legal basis for each defense raised in Defendant's Answer to Plaintiff's Complaint.

20.

State the substance of each conversation you had with Plaintiff at any time.

21.

Please state the date on which you anticipated litigation and all facts and circumstances that led you to anticipate litigation.

22.

Describe fully the extent to which any mechanical problems with your vehicle, the condition of the weather, the condition of the highway, the occupants of the vehicle Melissa Sparks was driving, and/or any other external factor(s) that influenced, contributed to, and/or caused, in whole or in part, the collision that forms the basis for this case.

23.

Please provide the name, address, and telephone number of all mechanics and/or repair facilities that have performed service, maintenance and/or repairs on the vehicle that Melissa Sparks was driving during the five (5) year period preceding the wreck with Plaintiff.

This 2nd day of February, 2023.

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038

*Counsel for Plaintiff*

- 7 -

**FOSTER LAW LLC**
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 800-0050
Facsimile: (404) 493-2322

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**2/16/2023 1:02 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JAMES HARPER,                           )
                                        )
         Plaintiff,                     )
                                        )
vs.                                     )
                                        )          CIVIL ACTION
LAKE TRUCKING COMPANY,                  )          FILE NO.: 23-C-00742-S7
and MELISSA SPARKS,                     )
                                        )
         Defendants.                    )

## MOTION TO OBTAIN PROCESS VIA PROCESS SERVER

COMES NOW James Z. Foster, Attorney for the Plaintiff in the above-styled action and moves pursuant to O.C.G.A. § 9-11-4(c), for an order appointing Dana Gehlbach Hicks and Chase Westbrook to serve Defendant Lake Trucking Company with a copy of the Summons, Complaint for Damages, Plaintiff's First Continuing Interrogatories to Defendant Lake Trucking Company,, Plaintiff's First Continuing Request for Production of Documents and Notice to Produce to Defendant Lake Trucking Company,, and Plaintiff's First Requests for Admissions to Defendant Lake Trucking Company, and any additional documents related to the above-styled action. Said agent is not a party in this action and has no interest in the outcome of this case. Further, Plaintiff shows that Dana Gehlbach Hicks and Chase Westbrook are each a citizen of the United States, over 18 years of age, have never been convicted of a felony and have experience in serving process.

WHEREFORE James Z. Foster, Attorney for the Plaintiff, requests that this Motion be granted, and Dana Gehlbach Hicks and Chase Westbrook be appointed to serve process on Defendant Lake Trucking Company.

This 16th day of February, 2023.

[SIGNATURE ON THE FOLLOWING PAGE]

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038

*Counsel for Plaintiff*

**FOSTER LAW LLC**
1201 West Peachtree Street, NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 800-0050
james@foster-law.com

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00742-S7**
**2/21/2023 5:01 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JAMES HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION |
| LAKE TRUCKING COMPANY, | ) | FILE NO.: 23-C-00742-S7 |
| and MELISSA SPARKS, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF SERVICE

COMES NOW, Samantha Fulton of EVOLUTION PROCESS SERVICE before the undersigned officer duly authorized to administer oaths, and after being sworn on oath deposes and says:

1.

I am more than eighteen (18) years of age, and suffering under no legal disabilities, am otherwise competent to testify, I am not a party hereto and, if called to testify, would testify to the facts herein. This Affidavit is based on personal knowledge.

2.

I am over the age of eighteen (18) and a citizen of the United States.

3.

I am not a party to the above-styled civil action, nor am I employed by or related to any of the parties to this action.

[SIGNATURE ON THE FOLLOWING PAGE]

[SIGNATURE CONTINUED FROM PREVIOUS PAGE]

FURTHER AFFIANT SAYETH NOT

_Samantha Futran_
Samantha Futran

Sworn to and subscribed before me,
This 21st day of February , 2023.

_(signature)_
NOTARY PUBLIC
My Commission Expires: 08/21/27

```
MATTHEW CLARK MCCOY
NOTARY PUBLIC - SEAL
STATE OF INDIANA
COMMISSION NUMBER NP0721978
MY COMMISSION EXPIRES AUG. 21, 2027
```

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**2/21/2023 5:01 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JAMES HARPER,                                    )
                                                 )
     Plaintiff,                                 )
                                                 )
vs.                                              )
                                                 )          CIVIL ACTION
LAKE TRUCKING COMPANY,                           )          FILE NO.: 23-C-00742-S7
and MELISSA SPARKS,                              )
                                                 )
     Defendants.                                )

## <u>MOTION TO OBTAIN PROCESS VIA PROCESS SERVER</u>

COMES NOW James Z. Foster, Attorney for the Plaintiff in the above-styled action and moves pursuant to O.C.G.A. § 9-11-4(c), for an order appointing Samantha Futran to serve Defendant Melissa Sparks with a copy of the Summons, Complaint for Damages, Plaintiff's First Continuing Interrogatories to Defendant Lake Trucking Company,, Plaintiff's First Continuing Request for Production of Documents and Notice to Produce to Defendant Lake Trucking Company, and Plaintiff's First Requests for Admissions to Defendant Lake Trucking Company, and any additional documents related to the above-styled action. Said agent is not a party in this action and has no interest in the outcome of this case. Further, Plaintiff shows that Samantha Futran is a citizen of the United States, over 18 years of age, has never been convicted of a felony and has experience in serving process.

WHEREFORE James Z. Foster, Attorney for the Plaintiff, requests that this Motion be granted, and Samantha Futran be appointed to serve process on Defendant Melissa Sparks.

This 21st day of February, 2023.

[SIGNATURE ON THE FOLLOWING PAGE]

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038

*Counsel for Plaintiff*

**FOSTER LAW LLC**
1201 West Peachtree Street, NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 800-0050
james@foster-law.com

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**2/16/2023 1:02 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JAMES HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION |
| LAKE TRUCKING COMPANY, | ) | FILE NO.: 23-C-00742-S7 |
| and MELISSA SPARKS, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF SERVICE

COMES NOW, DANA GEHLBACH HICKS and CHASE WESTBROOK of GEHLBACH INVESTIGATIONS before the undersigned officer duly authorized to administer oaths, and after being sworn on oath deposes and says:

1.

I am more than eighteen (18) years of age, and suffering under no legal disabilities, am otherwise competent to testify, I am not a party hereto and, if called to testify, would testify to the facts herein. This Affidavit is based on personal knowledge.

2.

I am over the age of eighteen (18) and a citizen of the United States.

3.

I am not a party to the above-styled civil action, nor am I employed by or related to any of the parties to this action.

[SIGNATURE ON THE FOLLOWING PAGE]

[SIGNATURE CONTINUED FROM PREVIOUS PAGE]

FURTHER AFFIANT SAYETH NOT

_____
DANA GEHLBACH HICKS

Sworn to and subscribed before me,
This 14 day of February , 2023.

_____
NOTARY PUBLIC
My Commission Expires:

KISHI FORD
Commission # HH 260659
Expires September 3, 2026

_____
CHASE WESTBROOK

Sworn to and subscribed before me,
This 14 day of February .
2023.



_____
NOTARY PUBLIC
My Commission Expires:

KISHI FORD
Commission # HH 260659
Expires September 3, 2026

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-00742-S7

3/8/2023 5:49 PM

TIANA P. GARNER, CLERK

TO:   All Judges, Clerks of Court, Counsel of Records & Pro Se Parties
FROM:   James Z. Foster, Esq. / Foster Law LLC
RE:   NOTICE OF & APPLICATION FOR ATTORNEY LEAVE OF ABSENCE
DATE:   March 8, 2023

---

COMES NOW, James Z. Foster, and pursuant to Georgia Uniform Court Rule 16.1 through 16.4, and all other applicable statutes, court rules, and other regulations and authority governing attorney leaves of absence and scheduling conflicts, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, all opposing counsel, and all parties proceeding pro se/without counsel that he plans and hereby APPLIES to be on leave as follows:

1.   The period(s) of proposed leave during which Applicant James Z. Foster proposes to be on leave and away from the practice of law is/are as follows:

    a.   May 17, 2023 through May 21, 2023

        i.   The purpose of the leave is: vacation.

    b.   A list of affected cases in included as Exhibit "A"; further, unless otherwise noted in said exhibit, Mr. Foster is a critical primary counsel in each case listed therein and hereby certifies that the cases cannot be adequately handled by any other attorneys in his absence, and so the foregoing periods of leave shall also apply for all other attorneys of record for each such case listed in Exhibit A.

2.   A separate motion and/or request for continuance will be submitted concerning any matter for which a hearing of other matter has already been scheduled by the court of administrative agency in question.

3.   Where the leave requested in less that 30 business days in duration, all affected Judges, Attorneys, and Pro Se parties shall have 10 days from the date of this Notice to object to Applicant's proposed leave, and if no objections are filed, then the leave shall be automatically granted without the need for an Order.

4.   Where the leave requested totals 30 business days or more in duration per Applicant in a calendar year, then the Applicant(s) above hereby MOVES the courts listed in Exhibit A for approval of the foregoing leave pursuant to Uniform Rule 16.2.

Respectfully submitted this 8th day of March, 2023.

/s/ *James Z. Foster*

James Z. Foster
Georgia Bar No. 756038

**FOSTER LAW LLC**
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 800-0050
Facsimile: (404) 493-2322

**EXHIBIT A**

| CASE NAME | OPPOSING COUNSEL | COURT/VENUE | CAFN |
|---|---|---|---|
| Ohandjo v. Bobba | Sarah G. Darden, Esq. | State Court of Forsyth County | 22SC-0676-A |
| Mojalefa v. Chandler | Trenton W. Edwards. Esq. Ulyana G. Hamilton, Esq. | State Court of Dekalb County | 22A01137 |
| Lambert v. FedEx | Brent W. Cole, Esq. | United States District Court for the Northern District of Georgia | 1:22-cv-00740-TWT |
| ~~Baumeister v. Vereen~~ | ~~Michelle E. Rossi, Esq.~~ ~~Lucas B. Cowan, Esq.~~ | ~~State Court of Gwinnett County~~ | ~~22-C-03742-S6~~ |
| ~~Cox v. Daniels~~ | ~~Frank Giuliani, Esq.~~ | ~~State Court of Dekalb County~~ | ~~22A01045~~ |
| ~~Carter v. Publix~~ | ~~Caroline Scalf, Esq.~~ ~~Charles M. McDaniel, Jr., Esq.~~ | ~~State Court of Fulton County~~ | ~~22EV001289~~ |
| Golden v. Family Dollar | James T. Hankins, Esq. Avril P. Calhoun, Esq. | United States District Court for the Northern District of Georgia | 1:22-cv-01859-MHC |
| Millions v. Owens | Harvey G. Berss, Esq. Allison M. McDonald, Esq. | State Court of DeKalb County | STCV22-00474 |
| Haynes v. Stephenson | Jason D. Darneille, Esq. | State Court of Dekalb County | 22A00923 |
| ~~Gibson v. City of Atlanta~~ | ~~Laura T. Yellig, Esq.~~ | ~~State Court of Fulton County~~ | 22EV001241 |

| CASE NAME | OPPOSING COUNSEL | COURT/VENUE | CAFN |
|---|---|---|---|
| Augustine v. Gronewald | Chanelle M. Robinson, Esq. | State Court of Cobb County | 22-A-929 |
| Hall v. Johnston | Joel Howe, Esq. | Superior Court of Lamar County | 22B-092-F |
| Snowden v. Stokes | Jessica Sanford, Esq. | State Court of Fulton County | 22EV004822 |
| Paull v. Lampley | William C. Enfinger, Esq. | State Court of Cobb County | 22-A-856 |
| Williams v. Hayes | Robert W. Johnson, Esq. Olivia Truong, Esq. | State Court of Henry County | STSV2022000277 |
| Parker v. Oladejo | Marc A. Avidano, Esq. | State Court of Clayton County | 2022CV01951 |
| Robinson, et al. v. City of Atlanta | Hermise Pierre, Esq. | State Court of Fulton County | 22EV005352 |
| Crawford v. Dempsey | Kristi L. Bankston, Esq. | State Court of Fayette County | 2022SV-0150 |
| Lane v. Sorrells | Pamela Lee, Esq. | Superior Court of Walton County | SUCV2022000429 |
| McCants v. Lakeview Apartments | Jason Stewart, Esq. | Superior County of Peach County | 22-V-1127 |
| Shearn v. Louisiana Bistreaux | Austin M. Hammock, Esq. John David Blair, Esq. William R. Merchant, Esq. | State Court of Dekalb County | 22A01459 |
| Peeples v. Holyfield | Danielle McCray, Esq. | State Court of Cobb County | 22-A-1831 |
| Chase v. Brito | April Northcross, Esq. Terry L. Strawser, Esq. | State Court of Cobb County | 22-A-1329 |
| ~~Price v. Brown, et al.~~ | ~~Shanise G. Lawrence, Esq.~~ ~~Ulyana G. Hamilton, Esq.~~ | ~~State Court of~~ ~~Dekalb County~~ | ~~22A01047~~ |
| Alexander v. ABM Aviation, Inc., et al. | Justin M. Kerenyi, Esq. Christi Moore, Esq. | State Court of Clayton County | 2022CV00804 |

| CASE NAME | OPPOSING COUNSEL | COURT/VENUE | CAFN |
|---|---|---|---|
| Kelly v. J.C. Penney, et al. | William W. Horlock, Esq. | State Court of Muscogee County | SC2022CV- 000151 |
| Chestang v. Sealy | Katherine Sealy, Pro Se | State Court of Muscogee County | SC2022CV001211 |
| ~~Talati v. Rauber~~ | ~~Jonathan Adelman, Esq.~~ ~~Kyle H. Williams, Esq.~~ | ~~State Court of Dekalb County~~ | ~~22A00095~~ |
| West, et al. v. Assured Transportation, Inc., et al. | Fallon Stokes, Esq. Candis Jones, Esq.  Assured Transportation & Travel Service, Inc., Pro Se  The Assured Transportation Group, Inc., Pro Se | State Court of Fulton County | 22EV002544 |
| Davis v. Wal-Mart | Kayla Bell, Esq. Rakhi D. McNeill, Esq. | State Court of Cobb County | 22-A-867 |
| Hill v. Watkins | L. Taylor Bittick, Esq. | State County of Fulton County | 22EV003369 |
| Lewis Clayton v. Children's Healthcare of Atlanta, Inc. | Julye Johns, Esq. Jennifer Benz, Esq. | State Court of Dekalb County | 22A3700 |
| Mayo, et al. v. Brewer | Afia Brewer, Pro se | State Court of Clayton County | 2022CV01758 |
| Jones, et al. v. Brooks | Danielle Fargione, Esq. | State Court of Henry County | STSV2022000688 |
| ~~Ferguson v. Kone, Inc., et al.~~ | ~~Mary Margaret Noland, Esq.~~ | ~~State Court of Fulton County~~ | ~~20EV006970~~ |
| Griffin v. Legacy Ford of McDonough, Inc. | Orion Webb, Esq. | State Court of Henry County | STSV2019001644 |
| Brayboy et al v. Provence Real Estate, LLC d/b/a East Ponce Village Apartments | Provence Real Estate, LLC d/b/a East Ponce Village Apartments Pro Se | State Court of Dekalb County | 23A00683 |

| CASE NAME | OPPOSING COUNSEL | COURT/VENUE | CAFN |
|---|---|---|---|
| ~~Katori Macon on behalf of Heaven Dow, et al v. Ramp Partners, LLC et al~~ | ~~Rebecca Strickland, Esq.~~ ~~Jack McCall, Esq.~~ ~~Shea Sullivan, Esq.~~ ~~Grace Callanan, Esq.~~ | ~~State Court of Fulton County~~ | ~~22EV005627~~ |
| Early v. Giles | Giles Pro Se | State Court of Gwinnett County | 23-C-00739-S7 |
| Gore v. Lamoreux, et al | John Dixon, Esq. Jonathan Gibson, Esq. | United States District Court for the Northern District of Georgia | 1:23-cv-00756-LMM |
| Harper v. Sparks | Sparks Pro Se | State Court of Gwinnett County | 23-C-00742-S7 |
| Harris v. Bobby Claxton Timber, et al | Jason Pettus, Esq. | State Court of Emanuel County | 22SV00077 |
| Hooks v. Bailey | David Lackey, Esq. Joseph Kaiser, Esq. | Superior Court of Walton County | SUCV2022001694 |
| ~~Mitchell v. Fulton Sanitation~~ | ~~Fulton Sanitation Pro Se~~ | ~~Superior Court of Fulton County~~ | ~~2023CV375889~~ |
| Moon v. Aaron | Robert Aaron Pro Se | State Court of Barrow County | 23-SV-00017 |
| Page v. Styles | H. Lee Pruett, Esq. | State Court of Fulton County | 22EV005784 |
| ~~Roseberry v. Roseberry et al~~ | ~~Brian McCarthy, Esq.~~ ~~Jonathan Adelman, Esq.~~ | ~~Superior Court of DeKalb County~~ | ~~21CV8340~~ |
| Sosebee v. Robert | Andrea Baker, Esq. James Taylor, Esq. Benjamin Bengston, Esq. | Superior Court of Paulding County | 22-SV-000100 |

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**3/13/2023 4:26 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JAMES HARPER,                                )
                                             )
          Plaintiff,                         )
                                             )
vs.                                          )
                                             )          CIVIL ACTION
LAKE TRUCKING COMPANY,                       )          FILE NO.: 23-C-00742-S7
and MELISSA SPARKS,                          )
                                             )
          Defendants.                        )

## ORDER GRANTING PLAINTIFF'S MOTION TO OBTAIN PROCESS VIA PROCESS SERVER

Plaintiffs Motion for to Obtain Process Via Process Server having been read and considered, and it is appearing to this court that such an appointment is authorized by O.C.G.A. § 9-11-4 (c) and should be made.

IT IS HEREBY ORDERED that Samantha Futran be especially appointed to serve a copy of the Summons, Complaint for Damages, Plaintiff's First Continuing Interrogatories to Defendant Lake Trucking Company, Plaintiff's First Continuing Request for Production of Documents and Notice to Produce to Defendant Lake Trucking Company, and Plaintiff's First Request for Admissions to Defendant Melissa Sparks, and any additional documents related to the above-styled action to Defendant and to file proof of service as required by law.

SO ORDERED this 13th day of Mar. , 20 23 .

GWINNETT COUNTY STATE COURT JUDGE

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00742-S7**
**3/13/2023 4:36 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JAMES HARPER,                          )
                                       )
    Plaintiff,                         )
                                       )
vs.                                    )
                                       )          CIVIL ACTION
LAKE TRUCKING COMPANY,                 )          FILE NO.: 23-C-00742-S7
and MELISSA SPARKS,                    )
                                       )
    Defendants.                        )

## <u>ORDER GRANTING PLAINTIFF'S MOTION TO OBTAIN PROCESS VIA PROCESS SERVER</u>

Plaintiffs Motion for to Obtain Process Via Process Server having been read and considered, and it is appearing to this court that such an appointment is authorized by O.C.G.A. § 9-11-4 (c) and should be made.

IT IS HEREBY ORDERED that Dana Gehlbach Hicks and Chase Westbrook be especially appointed to serve a copy of the Summons, Complaint for Damages, Plaintiff's First Continuing Interrogatories to Defendant Lake Trucking Company, Plaintiff's First Continuing Request for Production of Documents and Notice to Produce to Defendant Lake Trucking Company, and Plaintiff's First Request for Admissions to Defendant Lake Trucking Company, and any additional documents related to the above-styled action to Defendant and to file proof of service as required by law.

SO ORDERED this 13th day of May., 20 23.

GWINNETT COUNTY STATE COURT JUDGE

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**3/22/2023 12:26 PM**
TIANA P. GARNER, CLERK

# AFFIDAVIT OF SERVICE

**State of Georgia**            **County of Gwinnett**                    **State Court**

Case Number: 23-C-00742-S7

**JAMES HARPER**
**Plaintiff**

**vs.**

**LAKE TRUCKING COMPANY,**
**and MELISSA SPARKS**
**Defendants**

Received by **CHASE WESTBROOK,** on the **14th of March 2023, at 1:30 PM** to be served on
**LAKE TRUCKING COMPANY**

I, CHASE WESTBROOK, being duly sworn, depose and say that on the **17th of March 2023, at 11:30
PM**, executed service by delivering a true copy of the, **Summons, Complaint for Damages, Plaintiffs
First Request for Admissions to Defendant, Lake Trucking Company, Plaintiff's First Continuing
Request for Production of Documents and Notice to Produce to Defendant, Lake Trucking
Company, Plaintiff's First Continuing Interrogatories to Defendant, Lake Trucking Company**

In accordance with the state statutes by **AUTHORIZED SERVICE:** To **LAURA BEAULAC as
Controller** at the address of **Lake Trucking Company, 625 CR 468, Leesburg, FL 34748,** who stated
they are authorized to accept service for **LAKE TRUCKING COMPANY**

I certify that I have no interest in the above action. I am of legal age and have proper authority in the
jurisdiction in which this service was made.

SWORN TO and SUBSCRIBED
to before me this ___20___ day of
___March___, 2023 by the
affiant who is personally known
to me.

**NOTARY PUBLIC**

KISHI FORD
Commission # HH 260659
Expires September 3, 2026

Chase Westbrook
Certified Process Server
ID #10417-4
Appointed in accordance with
state statues.

**Gehlbach Investigations**
**34633 Gennys Lane**
**Leesburg, Florida 34788**
**(352) 516-7463**

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**3/31/2023 9:26 AM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**James Harper,**

       Plaintiff(s),                  **Case No.: 23-C-00742-S7**

vs.

**Lake Trucking Company and Melisa Sparks,**

       Defendant(s).

_____/

### AFFIDAVIT OF SERVICE

    Personally appeared before me the undersigned officer duly authorized to administer oaths, Danny Davidson, who, after being duly sworn, deposes and states the following:

1.

    Affiant states that he/she is appointed by this Court to serve process. The statements made are true and correct and are based upon my personal knowledge.

2.

    I served USAA Casualty Insurance Company with a Summons, Complaint for Damages, Plaintiff's First Requests for Admissions to Defendant Lake Trucking Company, Plaintiff's First Continuing Request for Production of Documents and Notice to Produce to Defendant Lake Trucking Company, abd Plaintiff's First Continuing Interrogatories to Defendant Lake Trucking Company by leaving the documents with Alisha Smith, agent at Corporation Service Company, Registered Agent of USAA Casualty Insurance Company at said person's place of employment/place of business located at 2 Sun Court, Suite 400, Norcross, GA 30092 on March 28, 2023 at 11:50 AM.

Signed and sworn to before me on
this **30** day of **March**, 20**23**
by an affiant who is personally known to me
or produced identification.

**Danny Davidson**
Express Legal Services LLC
860 Johnson Ferry Rd.
Atlanta, GA 30342
(678) 648-6330

_____
Notary Public





*5146268*

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**

**3/24/2023 2:43 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JAMES HARPER,                     )
                                  )
        Plaintiff,                )
                                  )
vs.                               )
                                  )        CIVIL ACTION
LAKE TRUCKING COMPANY,            )        FILE NO.: 23-C-00742-S7
and MELISSA SPARKS,               )
                                  )
        Defendants.               )

## SUMMONS

TO USAA CASUALTY INSURANCE COMPANY:

You are hereby summoned and required to file with the Clerk of said court and serve upon

the Plaintiff's attorney, whose name and address is:

James Z. Foster
Foster Law LLC
1201 West Peachtree St, NW
Suite 2300
Atlanta, Georgia 30309
404-800-0050

an Answer to the Complaint for Damages, which is herewith served upon you, within 30 days after

service of this Summons upon you exclusive of the day of service. If you fail to do so, judgment

by default will be taken against you for the relief demanded in this Complaint.

This 24th day of March, 2023.

_____
Clerk of Court

By: _____
Deputy Clerk

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-00742-S7

4/6/2023 12:26 PM

TIANA P. GARNER, CLERK

AFFIDAVIT OF SERVICE

| Case: 23-C-00742-S7 | Court: IN THE STATE COURT OF GWINNETT COUNTY STATE OF GEORGIA | County: Gwinnett, GA | Job: 8611294 |
|---|---|---|---|
| Plaintiff / Petitioner: JAMES HARPER | | Defendant / Respondent: LAKE TRUCKING COMPANY, and and MELISSA SPARKS | |
| Received by: Evolution Process Service | | For: Foster Law | |
| To be served upon: Melissa Sparks | | | |

I, Samantha Futran , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein.

Recipient Name / Address:  Melissa Sparks, 1111 National Rd, Carnbridge City, IN 47327

Manner of Service:  Personal/Individual, Mar 30, 2023, 7:14 pm EDT

Documents:  SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT LAKE TRUCKING COMPANY; PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT LAKE TRUCKING COMPANY; PLAINTIFF'S FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT LAKE TRUCKING COMPANY; ORDER GRANTING PLAINTIFF'S MOTION TO OBTAIN PROCESS VIA PROCESS SERVER (Received Mar 27, 2023 at 3.58pm EDT)

Additional Comments:
1) Unsuccessful Attempt: Mar 29, 2023, 8:45 pm EDT at 1111 National Rd, Cambridge City, IN 47327
No answer at door and no vehicles present. No lights see or noise heard inside home.

2) Successful Attempt: Mar 30, 2023, 7:14 pm EDT at 1111 National Rd, Cambridge City, IN 47327 received by Melissa Sparks. Age: 45; Ethnicity: Caucasian; Gender: Female; Weight: 145; Height: 5'3"; Hair: Red;
Met recipient at address and she confirmed her identity and residency and she accepted documents.

Samantha Futran        Date 4/4/23

Evolution Process Service
6018 N Keystone Ave
Indianapolis, IN 46220
317-362-0316

Subscribed and sworn to before me by the affiant who is personally known to me.

Sarah J. Wallace
Notary Public
Date 4/4/23        Commission Expires March 11, 2028

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**
**4/27/2023 8:25 PM**
**TIANA P. GARNER, CLERK**

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| **JAMES HARPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 23-C-00742-S7** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **LAKE TRUCKING COMPANY and** | ) | |
| **MELISSA SPARKS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### SPECIALLY APPEARING DEFENDANT LAKE TRUCKING COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW LAKE TRUCKING COMPANY**, Specially Appearing Defendant hereinabove ("Defendant"), by and through counsel, and, under O.C.G.A. §§ 9-11-8 and 9-11-12, and files this its Answer and Defenses to Plaintiff's Complaint for Damages ("Complaint"), and shows the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Pending discovery, Defendant asserts the defense that Plaintiff's own negligence, actions, and/or inaction caused the accident and damages about which Plaintiff complains. Because the sole and proximate cause of Plaintiff's damages, if there be any, was Plaintiff's own negligence, Plaintiff is not entitled to recover from Defendant.

### THIRD DEFENSE

Pending discovery, Defendant asserts the defense that Plaintiff failed to exercise ordinary

31455247v1

care for his own safety.

## FOURTH DEFENSE

Pending discovery, Defendant asserts the defense that Plaintiff, in the exercise of ordinary care, could have avoided the consequences of any alleged negligence, which is expressly denied, on the part of Defendant.

## FIFTH DEFENSE

Pending discovery, Defendant asserts the defenses of contributory and comparative negligence such that Plaintiff cannot recover from Defendant. Any recovery awarded to Plaintiff must be reduced in proportion to Plaintiff's negligence with respect to the accident at issue.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

## SEVENTH DEFENSE

Defendant asserts the defenses of personal jurisdiction, insufficient process, and insufficient service of process.

## EIGHTH DEFENSE

At all pertinent times, Defendant acted in good faith and without malice, intent to injure, or reckless disregard for Plaintiff.

## NINTH DEFENSE

Plaintiff is barred from recovering any special damages not pled with specificity in his Complaint as required by O.C.G.A. § 9-11-9(g).

## TENTH DEFENSE

Plaintiff's claimed damages and injuries were as a result of the act or omissions of other individuals or entities over whom Defendant exercised no supervision or control.

- 2 -

## ELEVENTH DEFENSE

No act or omission on the part of Defendant either caused or contributed to whatever injury or damage Plaintiff may have sustained.

## TWELFTH DEFENSE

The negligence of Plaintiff may have contributed proximately to his damage and he was not exercising ordinary care for his own safety at the time it is claimed he was damaged.

## THIRTEENTH DEFENSE

Even if Defendant were as negligent in the manner set out and charged in the Complaint, which alleged negligence is expressly denied, the negligence of Plaintiff was equal to or greater than any negligence charged against Defendant in such Complaint and the consequences of such negligence, if any in fact existed, could have been avoided had Plaintiff been in the exercise of ordinary care.

## FOURTEENTH DEFENSE

Plaintiff's alleged damages must be apportioned among all potentially responsible parties and non-parties pursuant to O.C.G.A. § 51-12-33 and Georgia law.

## FIFTEENTH DEFENSE

Venue as to Defendant is improperly laid in this Court.

## SIXTEENTH DEFENSE

While asserting that Defendant is not subject to the personal jurisdiction of this Court and preserving the issue of personal jurisdiction, pursuant to O.C.G.A. § 9-11-55(a), Defendant places any and all issues of damages in issue.

## SEVENTEENTH DEFENSE

Pursuant to O.C.G.A. § 9-11-55(a), Defendant shows that it has contemporaneously paid

- 3 -

the costs to open possible default as a matter of right within the applicable statutory grace period.

## EIGHTEENTH DEFENSE

Defendant responds to the numbered paragraphs of the Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

### 1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

### 2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

### 3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

### 4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

## FACTS

### 5.

Defendant restates and incorporates its responses to Paragraphs 1-4 above as though fully

- 4 -

restated herein.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

<strong><u>COUNT I – CLAIM AGAINST DEFENDANT MELISSA SPARKS FOR NEGLIGENT OPERATION OF DEFENDANT'S VEHICLE</u></strong>

10.

Defendant restates and incorporates his responses to Paragraphs 1-9 above as though fully restated herein.

- 5 -

11.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint, including all subparts.

12.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

15.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

## COUNT II – CLAIM AGAINST DEFENDANT LAKE TRUCKING COMPANY FOR VICARIOUS LIABILITY

16.

Defendant restates and incorporates his responses to Paragraphs 1-15 above as though fully restated herein.

17.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

- 6 -

18.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

19.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

Defendant denies the allegations in the WHEREFORE paragraph, and all subparts thereof, of Plaintiff's Complaint. Defendant denies that Plaintiff is entitled to any of the damages sought in this portion of Plaintiff's Complaint. Any allegation of Plaintiff's Complaint not specifically responded to is hereby denied.

**WHEREFORE**, having fully answered, Defendant prays as follows:

1.      That judgment be entered in Defendant's favor;

2.      That all costs of this action be taxed to Plaintiff;

3.      That the Court grant Defendant such other relief as is just; and

4.      Defendant demands a twelve-person jury trial.

This 27th day of April, 2023.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Carl H. Anderson, Jr.*
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Specially Appearing Defendant Lake Trucking Company*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
Telephone:      (404) 614-7400
Facsimile:      (855) 889-4588
E-mail:      canderson@hpylaw.com

- 7 -

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **JAMES HARPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 23-C-00742-S7** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **LAKE TRUCKING COMPANY and** | ) | |
| **MELISSA SPARKS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served counsel for all parties in this action with a copy of

the foregoing **SPECIALLY APPEARING DEFENDANT LAKE TRUCKING COMPANY'S**

**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** by e-filing a copy of same with

the clerk of court, which will send electronic notification to all counsel of record.

This 27th day of April, 2023.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Carl H. Anderson, Jr.*
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Specially Appearing Defendant Lake Trucking Company*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
Telephone:    (404) 614-7400
Facsimile:    (855) 889-4588
E-mail:    canderson@hpylaw.com

- 1 -

31455247v1

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00742-S7**
**4/27/2023 8:25 PM**
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JAMES HARPER, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 23-C-00742-S7** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **LAKE TRUCKING COMPANY and** | ) | |
| **MELISSA SPARKS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## SPECIALLY APPEARING DEFENDANT LAKE TRUCKING COMPANY'S NOTICE OF PAYMENT OF COSTS UNDER O.C.G.A § 9-11-55(a)

**COMES NOW LAKE TRUCKING COMPANY,** Specially Appearing Defendant hereinabove ("Defendant"), by and through counsel, and, pursuant to O.C.G.A. § 9-11-55(a), files this its Notice of Payment of Costs ("Notice") and shows the Court as follows:

1.

In accordance with O.C.G.A. § 9-11-55(a), Defendant has paid all costs in the trial court to open the default as a matter of right contemporaneously to the filing of this Notice.

2.

According to the Gwinnett County Superior/State Court Clerk's office, the clerk has been paid costs in the amount of $213.00. This represents the costs for filing of the complaint by the Plaintiff. On April 27, 2023, the Clerk's office did not have a record of any service fees having been paid. According to the Gwinnett County Superior/State Court Clerk's office, there are no subpoena fees, witness fees, and/or motion fees, which have been charged to this case.

3.

A redacted copy of the check payable to the Gwinnett County Superior/State Court Clerk's

office for all costs, and the clerk's official receipt of payment of these costs, is attached hereto and incorporated herein as **Exhibit "A."**

This 27th day of April, 2023.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Carl H. Anderson, Jr.*
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Specially Appearing Defendant Lake Trucking Company*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
Telephone:     (404) 614-7400
Facsimile:      (855) 889-4588
E-mail:          canderson@hpylaw.com

- 2 -

**Hawkins Parnell & Young, LLP**
303 PEACHTREE STREET NE
SUITE 4000
ATLANTA, GA 30308-3243

SunTrust Bank, Atlanta

*Fraud Protected*

64-10/610

340617

Date:  April 27, 2023

VOID AFTER 90 DAYS FROM DATE ISSUED

Pay:   Two hundred thirteen and 00/100***************************************************************************************   $   ***213.00***

PAY
TO THE
ORDER OF:   Clerk, State Court of Gwinnett County
75 Langley Drive
Lawrenceville, GA  30045-6900

⑈003406⑈7⑈

| Payee: | Clerk, State Court of Gwinnett County | | | | | Check #: | 340617 |
| Vendor ID: | 22389 | | | | | Check Date: | Apr 27/23 |

| Inv # | Inv Date | G/L Acct | Empl | Client | Matter | Narrative | Amount | Inv Total |
|-------|----------|----------|------|--------|--------|-----------|--------|-----------|
| CR042723 | Apr 27/23 | | 1203 | 10350 | 304988 | CAFN-payment of costs to open default - VEND | $213.00 | $213.00 |
| | | | | | | Invoice Totals: | $213.00 | $213.00 |

DEFENDANT'S
EXHIBIT

A

Reference:



**OFFICIAL RECEIPT**

Tiana P. Garner Clerk of Superior, State & Magistrate Courts Gwinnett County Georgia
www.gwinnettcourts.com

Payor
LAKE TRUCKING CO
625 CR 468
LEESBURG, FL 34748-5315

Receipt No.
2023-85422

Transaction Date
04/27/2023

| Description | Amount Paid |
|---|---|

LAKE TRUCKING CO
23-C-00742-57
HARPER VS SPARKS ET AL
State Civil Open Default Fee                 213.00
SUBTOTAL                                     213.00
Remaining Balance Due:  $0.00

**PAYMENT TOTAL**    213.00

Check / Money Order / Cashier's Check (Ref    213.00
#340617) Tendered
Total Tendered    213.00
Change    0.00

04/27/2023          Cashier          Audit
04:44 PM          Station 01209905          14347606

**OFFICIAL RECEIPT**

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| JAMES HARPER, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 23-C-00742-S7** |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| LAKE TRUCKING COMPANY and | ) | |
| MELISSA SPARKS, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served counsel for all parties in this action with a copy of the foregoing **SPECIALLY APPEARING DEFENDANT LAKE TRUCKING COMPANY'S NOTICE OF PAYMENT OF COSTS UNDER O.C.G.A § 9-11-55(a)** by e-filing a copy of same with the clerk of court, which will send electronic notification to all counsel of record.

This 27th day of April, 2023.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Carl H. Anderson, Jr.*_____
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Specially Appearing Defendant Lake Trucking Company*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
Telephone:    (404) 614-7400
Facsimile:    (855) 889-4588
E-mail:       canderson@hpylaw.com

31457151v1