IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACCELERATED OUTSOURCING, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   CIVIL ACTION NO. _____<br>) |
| ATOS IT SOLUTIONS AND SERVICES, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

## **NOTICE OF REMOVAL**

COMES NOW Atos IT Solutions and Services, Inc. ("Defendant" or "Atos IT"), incorrectly identified in the Complaint as Atos Origin, Inc. ("Atos Origin"), a foreign profit corporation, and hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to the United States District Court for the Northern District of Georgia. As grounds therefore, Defendant states the following:

**I.     BACKGROUND AND TIMELINESS.**

On July 14, 2020, Plaintiff Accelerated Outsourcing, Inc. ("Plaintiff" or "Accelerated Outsourcing") filed a civil action against a now defunct entity, Atos Origin, in the State Court of Cobb County, Docket No. 20-A-2260. A copy of the Complaint is attached as **Exhibit A-4**, as required under 28 U.S.C. § 1446(a).

Plaintiff then filed a motion to transfer venue from the State Court of Cobb County to the Superior Court of Cobb County on November 30, 2020, and this motion to transfer was subsequently granted on December 14, 2020.  Copies of the Motion to Transfer and the Transfer Order are attached as **Exhibits A-1 and A-3**.  Following the transfer, this matter was pending in the Superior Court of Cobb County, Docket No. 21100326.

Plaintiff moved for default judgment against the defunct Atos Origin on January 28, 2021, and the Superior Court of Cobb County entered default judgment against Atos Origin on May 10, 2021.  Copies of the Motion and Order regarding default judgment are attached as **Exhibits A-15 and A-17.**

Atos IT, the correct entity that should have been named and served, did not learn of the action until a damages hearing was set for March 2023—as Plaintiff had only served the defunct Atos Origin prior to 2023.  Upon receiving notice of the suit and default judgment, Atos IT filed a Special Appearance Motion to Continue the Damages Hearing on the grounds that Defendant was incorrectly identified in the Complaint and it was never properly served.  A copy of this Special Appearance Motion is attached as **Exhibit A-24**.

After these errors (naming the incorrect entity and the failure to serve) came to light, Plaintiff and Atos IT stipulated to the following:  (1) the Entry of Default

Judgment dated May 10, 2021 was vacated; (2) Atos IT acknowledged it is the successor in interest to Atos Origin; (3) Atos IT is the proper Defendant to this suit; (4) Atos IT accepted service of the Complaint and Summons as of the date of the Superior Court's Order (March 30, 2023); and (5) Atos IT shall have thirty days from March 30, 2023 to answer Plaintiff's Complaint.  A copy of the Order on Consent to Vacate Default Judgment is attached as **Exhibit A-25.**  As such, for the purpose of this removal, Atos IT was not served until March 30, 2023 and this removal is being timely effectuated within 30 days of service.

The documents attached as **Exhibits A-1** through **A-25** are copies of all process, pleadings, and orders served in the state court action.

## II.   CITATION TO AUTHORITY

A defendant may remove a state court case to federal court "if the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction exists where there is (1) complete diversity of citizenship among the parties and (2) the amount in controversy exceeds $75,000.00. *Id*.  In removal cases, the burden of proving any jurisdictional fact rests upon the defendant.  *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  In determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal.  *See Pease v. Medtronic, Inc*., 6 F.Supp.2d 1354,

1356 (S.D. Fla. 1998). The defendant must file a notice of removal within thirty days of receiving such a document supporting removal, and the court must determine whether the document and notice clearly establish jurisdiction. *Id*. at 1213.

1. **Complete Diversity of Citizenship Exists.**

Plaintiff is a citizen of the State of Georgia. (Compl. ¶ 1). Defendant is a foreign profit corporation organized or incorporated in Delaware, and having its principal place of business in Texas, and therefore is a citizen of Delaware and Texas within the meaning of 28 U.S.C. § 1332. (*See* Winiger Decl., ¶ 7, Ex. VW-1, attached to Winiger Decl.). As Plaintiff and Defendant are citizens of different states, complete diversity of citizenship therefore exists, and this case is removable under 28 U.S.C. § 1441(b).

2. **The Amount in Controversy Exceeds $75,000.**

Although Atos IT denies that Plaintiff is entitled to any relief whatsoever and denies Plaintiff will be able to establish any liability, the amount in controversy in this matter exceeds $75,000. Specifically, Plaintiff contends that it is owed $21,905.63 for Invoice #19-290, which is based on the original principal amount ($17,577.28), plus the interest it is allegedly owed ($4,328.35 an accruing at a rate of $3.37 per day). (Compl. ¶¶ 18, 32).

Additionally, Plaintiff seeks damages under a breach of contract theory and declaratory relief as it relates to Atos IT's alleged obligations to issue ongoing quarterly commission payments to Plaintiff pursuant to the Parties' Agreement, relating to Atos IT invoicing to San Diego Gas & Electric Company ("Sempra"). (Compl. ¶¶ 14, 16, 20, 26, 32, 42–48). In other words, although Plaintiff has not amended its Complaint since 2020, it is purportedly seeking quarterly commission payments Plaintiff contends it is owed between October 2019 (date of the last invoice) to present. Between November 5, 2019 and January 12, 2023, Atos IT has billed Sempra more than $2,500,000. (*See* Herald Decl., ¶ 7). Three percent of this amount, which is the percentage to which Plaintiff alleges it is entitled in the Complaint, amounts to $75,000, not including prejudgment interest, to which Plaintiff further alleges it is entitled. (Compl. ¶¶ 14, 30, 32, 40).

Accordingly, the amount in controversy is more than $75,000, exclusive of costs and interest, based on: (1) Plaintiff's alleged damages relating to Invoice #19-290 as set forth in its Complaint and (2) commissions Plaintiff contends it is allegedly entitled to between November 5, 2019 and January 12, 2023.

### 3. Venue is Proper.

The Superior Court of Cobb County is located within the Atlanta Division of the Northern District of Georgia. 28 U.S.C. § 90. Therefore, venue is proper in

this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III.   CONCLUSION

The requirements for diversity jurisdiction have been met and therefore this case is properly removable from state to federal court. Atos IT has timely filed this Notice of Removal within thirty days of service of the Complaint. In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon all adverse parties and filed with the Clerk of the Superior Court of Cobb County. A copy of Defendant's Notice of Filing to the state court is attached hereto as **Exhibit B**. By removing this matter, Defendant does not waive or intend to waive any defense.[1]

WHEREFORE, having fully complied with all requirements for removal of this action, Atos IT hereby removes this action from the Superior Court of Cobb County to the United States District Court for the Northern District of Georgia, Atlanta Division.

---

[1] In the event this Court has a question regarding the propriety of this Notice of Removal, Atos IT requests that it issue an order to show cause so that Atos IT may have the opportunity to more fully brief the basis for removal.

Respectfully submitted this 28th day of April, 2023.

                                    OGLETREE, DEAKINS, NASH,
                                    SMOAK & STEWART, P.C.

                                    */s/ Jeffrey J. Costolnick*
                                    Jeffrey J. Costolnick
                                    Georgia Bar No. 637168
                                    jeffrey.costolnick@ogletree.com
                                    Taryn C. Haumann
                                    Georgia Bar No. 957016
                                    taryn.haumann@ogletree.com
                                    One Ninety-One Peachtree Tower,
                                    191 Peachtree Street, N.E., Suite 4800
                                    Atlanta, Georgia  30303
                                    Telephone:  404-881-1300
                                    Facsimile:   404-870-1732

                                    *Counsel for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ACCELERATED OUTSOURCING, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    CIVIL ACTION NO. _____<br>) |
| ATOS IT SOLUTIONS AND SERVICES, INC., | )<br>)<br>) |
| Defendant. | )<br>) |
| _____ | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will automatically send an email notification of such filing to the following counsel of record:

SCHOENTHALER LAW GROUP<br>
Peter F. Schoenthaler<br>
Ann R. Emery<br>
Neill Wright<br>
3200 Windy Hill Road SE Suite 1600E<br>
Atlanta, GA 30339

                                            */s/ Jeffrey J. Costolnick*
                                            Jeffrey J. Costolnick
                                            Georgia Bar No. 637168