IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACCELERATED OUTSOURCING, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CIVIL ACTION NO. _____ |
| ATOS IT SOLUTIONS AND SERVICES, INC., | ) ) ) ) |
| Defendant. | ) ) ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Atos IT Solutions and Services, Inc. ("Defendant" or "Atos IT"), incorrectly identified in the Complaint as Atos Origin, Inc. ("Atos Origin"), by and through undersigned counsel, hereby timely Answers Plaintiff Accelerated Outsourcing Inc.'s Complaint, showing the following:[1]

---

[1] Plaintiff originally filed this action against a defunct entity, Atos Origin, and attempted to serve same. Following Plaintiff's failure to properly name and serve the correct entity, Atos IT, Plaintiff moved for and was granted default judgment against Atos IT. Once Atos IT, the correct entity that should have been named and served, learned of this action in 2023, the Parties stipulated and agreed that the default judgment entered against Atos Origin must be vacated, Atos IT is the successor in interest to Atos Origin, and Atos IT is the proper Defendant to this suit. As such, pursuant to this stipulation, Plaintiff's claims are asserted against Atos IT.

## JURISDICTION AND VENUE

1. Admitted.

2. Atos IT admits it is a Delaware corporation and that it has accepted service of the Complaint and Summons in this action. Except as admitted, the allegations in paragraph 2 are denied.

3. Atos IT admits that, for purposes of this lawsuit, subject matter jurisdiction and venue are proper in this Court. Except as admitted, the allegations in paragraph 3 are denied.

## FACTS COMMON TO ALL COUNTS

4. Atos IT admits that effective August 29, 2005 Plaintiff entered into an Agent Agreement with Atos Origin, Inc., under which Plaintiff was to provide certain services for Atos Origin, Inc. and that a copy of the Agent Agreement was attached to the Complaint as Exhibit A. Except as admitted, the allegations in paragraph 4 are denied.

5. Atos IT admits that the Agent Agreement speaks for itself and is the best evidence of the content, context, and meaning therein, and any characterization inconsistent with its terms is therefore denied.

6. Atos IT admits that the Agent Agreement and attached Agent Prospect Registration speak for themselves and is the best evidence of the content, context,

and meaning therein, and any characterization inconsistent with their terms are therefore denied.

7. Atos IT admits that the Agent Agreement speaks for itself and is the best evidence of the content, context, and meaning therein, and any characterization inconsistent with its terms is therefore denied.

8. Atos IT admits that the Agent Agreement speaks for itself and is the best evidence of the content, context, and meaning therein, and any characterization inconsistent with its terms is therefore denied.

9. Denied.

10. Atos IT admits that the Agent Agreement speaks for itself and is the best evidence of the content, context, and meaning therein, and any characterization inconsistent with its terms is therefore denied.

11. Atos IT admits that the Agent Agreement speaks for itself and is the best evidence of the content, context, and meaning therein, and any characterization inconsistent with its terms is therefore denied.

12. Atos IT admits that on May 8, 2014 and May 18, 2014 Plaintiff and Atos IT signed an Agent Prospect Registration form regarding "Sempra Energy (San Diego Gas & Electric Company)," and that a copy of the Registration form was attached to the Complaint as Exhibit B.  Except as admitted, the allegations in

paragraph 12 are denied.

13. Atos IT admits that the Sempra Registration Form speaks for itself and is the best evidence of the content, context, and meaning therein, and any characterization inconsistent with its terms is therefore denied.

14. Atos IT admits that the Sempra Registration Form and Agent Agreement speak for themselves and are the best evidence of the content, context, and meaning therein, and any characterization inconsistent with their terms is therefore denied.

15. The allegations in paragraph 15 call for one or more legal conclusions to which no response is required. To the extent a response is necessary, Atos IT admits only that it has provided goods and/or services to Sempra. Except as admitted, the allegations in paragraph 15 are denied.

16. Atos IT admits only that it paid Plaintiff some commissions relating to Sempra. Except as admitted, the allegations in paragraph 16 are denied.

17. The allegations in paragraph 17 call for one or more legal conclusions to which no response is required. To the extent a response is necessary, denied.

18. Admitted.

19. Atos IT admits it has no obligation to, and thus, has not paid Invoice #19-290. Except as admitted, the allegations in paragraph 19 are denied.

20. Atos IT admits that on or about October 24, 2019 senior legal counsel for Atos IT sent Plaintiff a change in status letter and notice of intent not to renew the Agreement upon its expiration on August 28, 2020, and that a copy of the letter was attached to the Complaint as Exhibit D. Except as admitted, the allegations in paragraph 20 are denied.

21. Atos IT admits that the Termination Letter speaks for itself and is the best evidence of the content, context, and meaning therein, and any characterization inconsistent with its terms is therefore denied.

22. Atos IT admits only that it paid Plaintiff some commissions relating to Sempra. Except as admitted, the allegations in paragraph 22 are denied.

23. Atos IT admits only that Plaintiff attached copies of other Agent Prospect Registration forms to the Complaint as Exhibits F and G, but responds that the exhibits speak for themselves and are the best evidence of the content, context, and meaning therein, and thus, any characterization inconsistent with their terms are denied. Except as admitted, Atos IT further denies the remaining allegations in paragraph 23 on the grounds that the phrase "similar in scope and form" is undefined, broad, and vague, such that it does not allow the framing of a legitimate response.

24. Denied.

25. Atos IT admits that on or about November 14, 2019 counsel for Plaintiff

sent senior legal counsel for Atos IT a letter, and that a copy of the letter was attached to the Complaint as Exhibit H. Except as admitted, the allegations in paragraph 20 are denied

26. Denied.

## COUNT I:

## BREACH OF CONTRACT

27. Atos IT repeats and incorporates by reference its responses to all of the above paragraphs as if fully set forth herein.

28. The allegations in paragraph 28 call for one or more legal conclusions to which no response is required. To the extent a response is necessary, Atos IT admits that effective August 29, 2005 Plaintiff entered into an Agent Agreement with Atos Origin, Inc. and that that on May 8, 2014 and May 18, 2014 Plaintiff and Atos IT signed an Agent Prospect Registration form regarding "Sempra Energy (San Diego Gas & Electric Company)," but denies any Business Opportunity was defined in and/or is registered under the Agent Prospect Registration form.  Except as admitted, the allegations in paragraph 28 are denied.

29. Atos IT admits Plaintiff provided labor and services at the commencement of Defendant's relationship with Sempra in May 2014, but denies any Business Opportunity was defined in and/or is registered under the Agent

Prospect Registration form. Except as admitted, the allegations in paragraph 29 are denied.

30. The allegations in paragraph 30 call for one or more legal conclusions to which no response is required.  To the extent a response is necessary, denied.

31. Denied.

32. Denied.

## COUNT II:

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

33. Atos IT repeats and incorporates by reference its responses to all of the above paragraphs as if fully set forth herein

34. The allegations in paragraph 34 call for one or more legal conclusions to which no response is required.  To the extent a response is necessary, denied.

35. Denied.

36. Denied.

## COUNT III:

## ACCOUNT STATED

37. Atos IT repeats and incorporates by reference its responses to all of the above paragraphs as if fully set forth herein

38. Denied.

39. The allegations in paragraph 39 call for one or more legal conclusions to which no response is required. To the extent a response is necessary, denied.

40. Denied.

## COUNT IV:

## DECLARATORY JUDGMENT

41. Atos IT repeats and incorporates by reference its responses to all of the above paragraphs as if fully set forth herein

42. Atos IT admits that the Agent Agreement speaks for itself and is the best evidence of the content, context, and meaning therein, and any characterization inconsistent with its terms is therefore denied.

43. Denied.

44. Admitted.

45. Admitted.

46. Denied.

47. Denied.

48. Denied.

## COUNT IV [*sic*]:

## AWARD OF ATTORNEY'S FEES

49. Atos IT repeats and incorporates by reference its responses to all of the

above paragraphs as if fully set forth herein.

50. Denied.

51. Denied.

52. Atos IT is not required to respond to Plaintiff's "Prayer For Relief," following Paragraph 51; however, to the extent the prayer for relief asserts any factual allegations, Atos IT denies each and every factual allegation therein, including subparagraphs (a)-(g), and further denies that Plaintiff is entitled to any relief whatsoever.

53. Atos IT denies all allegations, claims, demands, or prayers for relief contained in the Complaint that are not expressly admitted, modified, or explained herein, and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

Atos IT asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that are not legally assigned to Atos IT and are Plaintiff's burden to prove pursuant to law:

### FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for declaratory judgment fails to state a claim upon which relief may be granted because: (i) it seeks an improper declaration involving past conduct; (ii) it seeks an improper advisory opinion, (iii) it involves a potential future contingency; and (iii) the subject issues will be addressed by the pending breach of contract claim.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract fails to state a claim upon which relief may be granted to the extent no contract and/or Business Opportunity registration existed between the Parties.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or must be reduced by the doctrine(s) of set-off, offset, and/or recoupment, including based on any payments or overpayments made to Plaintiff for non-Business Opportunities, expired Business Opportunities, and/or unregistered Business Opportunities.

## FIFTH AFFIRMATIVE DEFENSE

The subject Business Opportunity was deemed unregistered, notice was provided, and it was not extended by mutual agreement of the Parties.

## SIXTH AFFIRMATIVE DEFENSE

The contract(s) contain ambiguities that must be construed against Plaintiff as the drafter and in favor of Atos IT.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract fails to state a claim upon which relief may be granted to the extent it is barred by the statute of frauds, absence of consideration, and/or lack of mutual obligation.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of laches, waiver, accord and satisfaction, payment, estoppel, unclean hands and/or after acquired evidence.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of contract fail in whole or in part because Plaintiff failed to comply with the terms of the contract(s).

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of contract fail in whole or in part because Atos IT did not in any way materially breach the terms of the contract(s).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of contract are barred by mutual mistake and/or because there was no meeting of the minds with respect to the terms of the contract(s).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery of damages or other relief to the extent that Plaintiff failed to perform conditions precedent, concurrent, or subsequent under pertinent contract(s).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of contract fail in whole or in part based on payment. Plaintiff has been paid any money or benefits Plaintiff was allegedly owed under the terms of the contract(s).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exercise reasonable diligence to mitigate its alleged damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Plaintiff were not actually or proximately caused by Atos IT.

## SIXTEENTH AFFIRMATIVE DEFENSE

The damages and relief sought by Plaintiff are, in whole or in part, not legally authorized.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Atos IT is entitled to all defenses available under the terms of the applicable contract(s).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of an implied covenant of good faith and fair dealing failed because Atos IT acted in accordance with the express terms of the contract(s).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the monetary damages sought in this action, including, but not limited to, attorneys' fees and costs.

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts sufficient to constitute a claim for attorneys' fees and costs in that neither Atos IT nor its agents, if any, acted in bad faith, have been stubbornly litigious, or have caused Plaintiff unnecessary trouble and expense.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Atos IT reserves the right to assert any such additional defenses as circumstances may dictate and which become known during this litigation.

WHEREFORE, having fully responded to Plaintiff's Complaint, Atos IT prays and demands that:

a. The Complaint be dismissed in its entirety;

b. Plaintiff take no recovery;

c. Judgment be entered in favor of Atos IT on all of Plaintiff's claims;

d. Atos IT be awarded all its reasonable attorneys' fees and costs allowable by law; and

e. Atos IT be granted such other and further relief as this Court deems just and proper.

Respectfully submitted this 28th day of April, 2023.

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        */s/ Jeffrey J. Costolnick*
        Jeffrey J. Costolnick
        Georgia Bar No. 637168
        jeffrey.costolnick@ogletree.com
        Taryn C. Haumann
        Georgia Bar No. 957016
        taryn.haumann@ogletree.com

                    One Ninety-One Peachtree Tower,
                    191 Peachtree Street, N.E., Suite 4800
                    Atlanta, Georgia  30303
                    Telephone: 404-881-1300
                    Facsimile:  404-870-1732

*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACCELERATED OUTSOURCING, INC. ) ) ) Plaintiff, ) ) v. ) ) ATOS IT SOLUTIONS AND ) SERVICES, INC., ) ) Defendant. ) _____ ) | CIVIL ACTION NO. _____ |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2023, I electronically filed the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send an email notification of such filing to the following counsel of record:

SCHOENTHALER LAW GROUP
Peter F. Schoenthaler
Ann R. Emery
Neill Wright
3200 Windy Hill Road SE Suite 1600E
Atlanta, GA 30339

/s/ Jeffrey J. Costolnick
Jeffrey J. Costolnick
Georgia Bar No. 637168