# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ACCELERATED OUTSOURCING, INC. ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. _____ |
| ATOS IT SOLUTIONS AND ) SERVICES, INC., ) ) | |
| Defendant. ) _____ ) | |

### DEFENDANT ATOS IT SOLUTIONS AND SERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Atos IT Solutions and Services, Inc.[1] ("Defendant" or "Atos IT"), incorrectly identified in the Complaint as Atos Origin, Inc. ("Atos Origin"), pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves to partially dismiss Plaintiff

---

[1] Plaintiff originally filed this action against a defunct entity, Atos Origin, and attempted to serve same. Following Plaintiff's failure to properly name and serve the correct entity, Atos IT, Plaintiff moved for and was granted default judgment against Atos Origin. (*See generally* Docket). Once Atos IT, the correct entity that should have been named and served, learned of this action in 2023, the Parties stipulated and agreed that the default judgment entered against Atos Origin must be vacated, Atos IT is the successor in interest to Atos Origin, and Atos IT is the proper Defendant to this suit. (*See generally* Doc. 1-1). As such, pursuant to this stipulation, Plaintiff's claims are asserted against Atos IT.

1

Accelerated Outsourcing, Inc.'s ("Plaintiff" or "Accelerated Outsourcing") (Plaintiff and Defendant collectively referred to as the "Parties") Complaint.  For the reasons set forth below, Count IV of Plaintiff's Complaint for declaratory judgment must be dismissed for failure to state a claim.

## I.     INTRODUCTION

This action constitutes a standard business dispute relating to an agreement between Accelerated Outsourcing and Atos IT.  In addition to its basic claim for breach of contract and related remedies, Plaintiff also requests that this Court issue an advisory opinion via a declaratory judgment relating to the alleged breach of contract.  However, Plaintiff seeks an improper declaration involving *past conduct* – not a clarification on an act that has yet to occur.  Moreover, Plaintiff has not and cannot articulate how the Parties' obligations under the contract at issue will not be raised and resolved under the pending breach of contract claim. As such, Atos IT asks this Court to dismiss Count IV as an impermissible claim for declaratory judgment.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 14, 2020, Plaintiff filed this civil action against Atos IT arising from the Parties' Agent Agreement (hereinafter the "Agreement").  Under the Agreement, Plaintiff was to refer clients to Atos IT, who in turn would provide services and/or

products to the referred clients.  (*Id.* at ¶¶ 4, 5).  In May 2014, Plaintiff referred Sempra Energy (San Diego Gas & Electric Company) ("Sempra") to Atos IT, and Plaintiff asserts Atos IT "agreed to pay Plaintiff a commission at a rate of 3%" for the Sempra account.  (*Id.* at ¶¶ 12, 14).  Per the Agreement, the Parties executed an "Agent Prospect Registration" form for the Sempra referral, which did not include any identification or description of the "Business Opportunity" Atos IT would provide for Sempra, as required under the Agreement.  (*See* Exs. A, B, attached to Compl.).  Identification of the "Business Opportunity" was critical to determining the commissions Plaintiff was entitled to, if any, as the Agreement states Plaintiff "shall not be entitled to other commissions from [Atos IT] for other contracts executed with [Sempra] that are not registered Business Opportunities."  (Ex. A, p. 1, attached to Compl.).

On October 17, 2019, Plaintiff sent Invoice #19-290 in the amount of $17,577.28, which Atos IT did not pay due to a discrepancy over the identified "Business Opportunity."  (*Id.* at ¶¶ 18, 19).  On October 24, 2019, Atos IT provided Plaintiff notice of termination of the Agreement, to be effective August 28, 2020.  (*Id.* at ¶ 21).  In its termination letter, Atos IT stated it would cease rendering payments to Plaintiff for the Sempra account because the "Business Opportunity" was undefined and there was no description of the services Atos IT would provide

to Sempra, which failed to conform with the Agreement. (Compl., ¶ 21, Exs. B and D, attached to Compl.).

Plaintiff now brings this action for payment associated with Invoice #19-290, as well as all other payments it believes Atos IT should have paid on a quarterly basis so long as Sempra remains a client of Atos IT.[2]  (Compl. ¶¶ 16, 32, 42–48). Specifically, Plaintiff asserts claims for breach of contract (Count I), breach of the covenant of good faith and fair dealing (Count II), account stated (Count III), declaratory judgment (Count IV), and attorney's fees (Count V, incorrectly identified in the Complaint as a second Count IV).  (*See generally* Compl.).  For the reasons discussed more fully below, Plaintiff's Count IV for declaratory judgment fails as a matter of law and must be dismissed with prejudice.

### III.   ARGUMENT AND CITATION OF AUTHORITIES

**A.   The Legal Standard Under Rule 12(b)(6) Requires the Court to Dismiss Counts IV.**

Plaintiff's claim for declaratory judgment (Count IV) fails to meet the pleading standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requires dismissal for any claims that fail to state a claim for which relief can

---

[2] Although Plaintiff has not amended its July 2020 Complaint, Plaintiff seeks declaratory relief regarding Atos IT's "failure to pay" Plaintiff as long as Sempra remains a customer of Atos IT.  (Compl., ¶ 48).

be granted. While the Court must draw all reasonable inferences in the light most favorable to Plaintiff, the "United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *See Maxwell v. Inner Harbour, LTD.*, No. 1:08–CV–2925–RWS, 2009 WL 1045478 at * 1 (N.D. Ga. Apr. 20, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007)) (other citations omitted). That standard has now been replaced with the "plausibility standard," which requires factual allegations "raise the right to relief above the speculative level." *Id.*; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quotations and citations omitted).

**B.     Plaintiff Cannot Maintain a Claim for Declaratory Judgment Because the Requested Relief Would Constitute an Improper Advisory Opinion.**

Plaintiff's Count IV for declaratory judgment fails as a matter of law because Plaintiff is seeking a declaration as to whether Defendant has already breached its contractual obligations under the Parties' Agreement.  Specifically, Plaintiff alleges Defendant is in breach of the Agreement because Sempra is Defendant's customer, Defendant has not paid Plaintiff commissions relating to the Sempra account, and Defendant "contests its obligation to render such payments to Plaintiff."  (Compl. ¶¶

5

43, 44, 45). Accordingly, Plaintiff seeks a declaration from this Court regarding *past conduct*—that Defendant has breached the Agreement by failing to pay Plaintiff its commissions for the Sempra referral.

Under Georgia's Declaratory Judgment Act, O.C.G.A. § 9-4-1 *et seq*., a court may enter a declaratory judgment "in cases of actual controversy, and to determine and settle by declaration any justiciable controversy of a civil nature" when it appears that "the ends of justice require that such should be made for the guidance and protection of the petitioner, and when such a declaration will relieve the petitioner from uncertainty and insecurity with respect to his rights, status, and legal relations." *Capitol Infrastructure, LLC v. Plaza Midtown Residential Condo. Ass'n, Inc.*, 306 Ga. App. 794, 798, 702 S.E.2d 910, 913 (2010). Declaratory judgments may not be merely advisory in nature, and thus, when a "party seeking declaratory judgment does not show it is in a position of uncertainty as to an alleged right, dismissal of the declaratory judgment action is proper." *Id.* at 799.

Plaintiff "must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest." *Farm & Home Life Ins. Co. v. Skelton*, 235 Ga. App. 507, 508, 510 S.E.2d 76, 77 (1998). The

purpose is to determine a controversy *before* a party's rights are violated—akin to "permit[ting] one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole." *Id.* In other words, a declaration must relieve *Plaintiff* from uncertainty and insecurity with respect to actions that *Plaintiff* may take. Plaintiff may not seek a declaration relating to Atos IT's alleged past actions where the Parties' rights have already accrued. *Ctr. for a Sustainable Coast, Inc. v. Georgia Dep't of Nat. Res.*, 319 Ga. App. 205, 208, 734 S.E.2d 206, 208 (2012), *rev'd on other grounds*, 294 Ga. 593, 755 S.E.2d 184 (2014).

Moreover, Georgia courts have long held that declaratory judgments are improper where "a simple action for breach of contract will give full and complete relief." *Pinnacle Benning LLC v. Clark Realty Cap., LLC*, 314 Ga. App. 609, 613, 724 S.E.2d 894, 899 (2012); *Braddy v. Morgan Oil Co.*, 183 Ga. App. 157, 158–59, 358 S.E.2d 305, 307 (1987) (declaratory judgment is improper where outstanding contractual obligations will be resolved by outcome of pending breach of contract claim); *see also City of Summerville v. Sellers*, 82 Ga. App. 361, 361, 61 S.E.2d 160 (1950) (declaratory relief should be denied when a breach of contract action would provide full and complete relief).

To illustrate, in *Braddy*, the plaintiffs asserted claims for declaratory

judgment, breach of contract, conversion, and fraud relating to a contract for petroleum products. 183 Ga. App. at 157–58. The plaintiffs argued declaratory judgment was necessary to determine their continued obligations under the contract. *Id.* The court disagreed, holding that a declaratory judgment was improper because "this question [would] necessarily be resolved by the outcome of the breach of contract claim," which was already pending before the trial court. *Id.* at 158. In so holding, the court noted the "simple action for breach of contract will give full and complete relief," and declaratory judgment would not be "rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction in which the same questions may be raised and determined." *Id.* at 159.

Similar to *Braddy*, the dispute between Plaintiff and Atos IT will necessarily be raised and resolved by the outcome of the breach of contract claim (Count I). The conduct at issue (Atos IT's refusal to pay commissions regarding the Sempra referral) constitutes past acts that have already occurred—thus rendering any declaration from this Court as an improper advisory opinion. To the extent Plaintiff seeks declaratory judgment for any alleged future nonpayment(s) relating to the Sempra account, declaratory judgment cannot "be rendered based on a possible or probable [future] contingency." *Baker v. City of Marietta*, 271 Ga. 210, 214, 518

8

S.E.2d 879, 884 (1999).  Indeed, declaratory judgment based on future contingencies also constitutes "an erroneous advisory opinion which rules in a party's favor as to future litigation over the subject matter." *Id.*

The mere existence of a dispute over the Parties' Agreement does not give rise to a claim for declaratory judgment.  The Parties' rights and obligations will be determined by the outcome of the breach of contract claim.  As such, Plaintiff's Count IV for declaratory judgment fails as a matter of law and must be dismissed.

## IV.   CONCLUSION

For these reasons, Atos IT respectfully asks the Court to enter an Order Dismissing Plaintiff's Count IV for declaratory judgment *with prejudice*.

[*signature on following page*]

Respectfully submitted this 28th day of April, 2023.

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        */s/ Jeffrey J. Costolnick*
        Jeffrey J. Costolnick
        Georgia Bar No. 637168
        jeffrey.costolnick@ogletree.com
        Taryn C. Haumann
        Georgia Bar No. 957016
        taryn.haumann@ogletree.com
        One Ninety-One Peachtree Tower,
        191 Peachtree Street, N.E., Suite 4800
        Atlanta, Georgia  30303
        Phone: 404-881-1300
        Fax: 404-870-1732

        *Counsel for Defendant*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)**

This is to certify the foregoing was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1(C).

*/s/ Jeffrey J. Costolnick*
Jeffrey J. Costolnick
Georgia Bar No. 637168

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ACCELERATED OUTSOURCING, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ATOS IT SOLUTIONS AND )<br>SERVICES, INC., )<br>)<br>    Defendant. )<br>_____ ) | CIVIL ACTION NO. _____ |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2023, I electronically filed the foregoing **DEFENDANT ATOS IT SOLUTIONS AND SERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send an email notification of such filing to the following counsel of record:

SCHOENTHALER LAW GROUP
Peter F. Schoenthaler
Ann R. Emery
Neill Wright
3200 Windy Hill Road SE Suite 1600E
Atlanta, GA 30339

12

                                                */s/ Jeffrey J. Costolnick*
                                                Jeffrey J. Costolnick
                                                Georgia Bar No. 637168