IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARTH YARNALL<br><br>Plaintiff<br><br>vs.<br><br>MARTIN-BROWER COMPANY, L.L.C.<br><br>Defendant | Civil Action No. _____<br><br>COMPLAINT<br><br>DEMAND FOR A JURY TRIAL |

Plaintiff Garth Yarnall, by and through his undersigned counsel and for his Complaint against Martin-Brower Company, L.L.C., does hereby state and allege as follows:

## INTRODUCTION

1. This is an action brought pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, to obtain relief for Plaintiff Garth Yarnall ("Mr. Yarnall" or "Plaintiff") for unlawful employment practices in the wrongful termination of Plaintiff's employment by Martin-Brower Company, L.L.C. ("Martin-Brower" or "Defendant") on the basis of Mr.

1

Yarnall's religion and the exercise of his protected activities; and to provide appropriate relief to Plaintiff, an employee of Defendant who was adversely affected by such unlawful practices in the wrongful termination of Plaintiff's employment by Defendant.

2. By this action Plaintiff seeks the following relief pursuant to Title VII: monetary relief, including back pay, front pay, compensatory damages, damages for mental and emotional distress, attorneys' fees and costs of suit.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343. The Defendant is an entity capable of being sued under federal law and enjoys no immunity from the claims alleged in this Complaint.

4. Venue is properly laid in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and U.S.C. §§ 1391(b)(1), (b)(2), and (c) because it is a judicial district in which a defendant resides as well as a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Garth Yarnall is and was at all times pertinent to this action a citizen of the United States and a resident of Douglasville, Georgia,

County of Douglas. At all times pertinent to this action, Plaintiff was an "employee" at Martin-Brower within the meaning of 42 U.S.C. § 2000e(f). At all times pertinent to this action, Plaintiff was qualified for the position he held at Martin-Brower.

6. Defendant Martin-Brower is a Delaware Limited Liability Corporation, which upon information and belief is duly authorized to conduct and is conducting business in the State of Georgia.

7. Martin-Brower may be served with process by service on C T CORPORATION SYSTEM 289 S Culver St, Lawrenceville, GA, 30046-4805, USA, which is Defendant's registered agent listed with the Georgia Secretary of State.

8. Defendant Martin-Brower is an employer subject to suit under 42 U.S.C.S. §§ 2000e *et seq.*, in that Defendant is engaged in industry affecting commerce and had 15 or more employees for each working day of 20 or more calendar weeks in the year of, or preceding, the filing of this Complaint.

## ADMINISTRATIVE PROCEDURES

9. On or about January 9, 2023, Mr. Yarnall timely filed Charge of Discrimination No. 410-2022-06842 with the Equal Employment Opportunity Commission (Exhibit 1 - Charge of Discrimination). The EEOC

issued its Determination and Notice of Rights letter on January 31, 2023, which he received on February 3, 2023, pursuant to which this Complaint has been timely brought. (Exhibit 2 - EEOC Determination and Notice of Rights).

## FACTS

10. Plaintiff is a Christian male who began his employment at Martin-Brower in or around March 2022. From that time through the date of his termination on June 6, 2022, Mr. Yarnall held the position of site director.

11. Throughout Mr. Yarnall's employment, he had never been disciplined or otherwise reprimanded for his work performance during the time he served as site director for Martin-Brower.

12. From the time of Plaintiff's hire to the date of Plaintiff's termination, on or around June 6, 2022, Martin-Brower was the "employer" of Plaintiff, as that term is defined in 42 U.S. Code § 2000e (b).

13. Plaintiff believes in and practices on a daily basis the Christian faith and believes that the *Holy Bible* is the Word of God, which he does his best to obey.

14. Plaintiff has a sincerely held religious belief that the Bible teaches that abortion is immoral, a sin against God, and contrary to such teachings of the *Bible*.

15. Although Plaintiff believes abortion is a sin, he also believes he sins when he fails to obey the *Bible's* two greatest commandments: to love God with all his heart and to love his neighbor, including those who undergo abortions or whose views on abortion differ from his. (Matthew 22:37-39).

16. During his employment at Martin-Brower, Plaintiff never had a complaint filed against him that he ever discriminated against any person in the provision of his services, or that his stance on abortion ever interfered with the provision of his services, or in his employment decisions.

17. Plaintiff did not, at any time during his employment, discuss his position on abortion with Defendant's clients or employees while on Martin Brower facilities or during the performance of his work duties.

18. Defendant at no time gave Plaintiff prior notice that he could be terminated by Defendant if he posted content on his Facebook page with which Defendant disagreed.

19. Defendant at no time gave Plaintiff prior notice that he could be terminated by Defendant if he posted content on his Facebook page concerning his religious beliefs about abortion.

20. On June 6, 2022, Defendant informed Plaintiff that he had been terminated from his employment due to a post Plaintiff made on his personal Facebook page, which was not in line with Defendant's values. Plaintiff was then escorted off of the Defendant's premises.

21. It is Plaintiff's understanding that SVP Operations Manager Brian Irwin and Regional HR Manager Paul Matthews handled Plaintiff's termination.

22. Although he asked which of his personal Facebook post(s) violated which Martin-Brower policy, company officials refused to supply him with that information.

23. At all times relevant to this litigation, Plaintiff's personal Facebook profile did not identify Plaintiff as an employee of or that he was otherwise affiliated with Martin-Brower in any way.

24. Plaintiff was subjected to Defendant's unlawful and discriminatory employment practices when Plaintiff was wrongfully terminated due to the content of posts Plaintiff made on his own personal

Facebook page containing Plaintiff's sincerely held religious beliefs about abortion.

25.     Plaintiff suffered and continues to suffer mental and emotional injury as well as significant financial loss as a result of Martin-Brower's discrimination and retaliatory actions against him in the wake of his religious comments on his own, personal Facebook page.

## CLAIMS

### COUNT 1
### Claim for Religious Discrimination
### (Title VII, Civil Rights Act)

26. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

27. Plaintiff posted his religious viewpoints regarding abortion on his personal Facebook page.

28. As a direct result of Plaintiff's religious social media posts, Defendant wrongfully terminated Plaintiff's employment because Defendant feared Plaintiff's religious views would affect Plaintiff's ability to provide effective leadership to Martin-Brower's clients and team member population.

29. Defendant refused to address with Plaintiff in any meaningful way his complaint of religious discrimination related to Defendant's termination of Plaintiff.

30. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate religious discrimination from the workplace and to prevent it from occurring in the future.

31. As a direct and proximate result of Defendant's violations of Plaintiff's civil rights, Plaintiff has suffered damages, including loss of income and benefits; loss of quality and enjoyment of life; loss of reputation; and other damages to be proven at trial. Plaintiff is entitled to recover his compensatory damages pursuant to 42 U.S.C. §§ 1981a and 2000e-5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That this cause be tried by a jury;

3. That upon trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation and bonuses he has suffered from the date of Defendant's unlawful actions in an amount to be proven at trial;

4. That the Court issue an award of front pay to Plaintiff in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That Plaintiff be awarded additional compensatory damages, including but limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in an amount to be proven at trial;

6. That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k).

7. That costs and discretionary costs be taxed against Defendant;

8. The pre-judgment and post-judgment interest be assessed against Defendants, as provided by law;

9. That such other remedies as shall be necessary and property to eliminate all violations complained of herein be awarded as provided by law; and

10. For such other and further relief as the Court may deem just and proper.

Dated: May 1, 2023.    Respectfully submitted,

*[signature]*

Clark Gulley
The Law Office of Clark E. Gulley
PO Box 699
Colbert, GA  30628-0699
(706) 788-3500
cegulley@gmail.com

Seth J. Kraus* (OBN: 0084003)
Gibbs & Associates Law Firm, LLC
6398 Thornberry Ct.
Mason, Ohio 45040
P: 513-234-5545
F: 888-500-4638
*Pro Hac Vice* Motion forthcoming    skraus@gibbs-lawfirm.com

Jonathan D. Gibbs* (OBN:  0094455)
Gibbs & Associates Law Firm, LLC
6398 Thornberry Ct.
Mason, Ohio 45040
Telephone: (513) 234-5545
Fax: (888) 500-4638
jgibbs@gibbs-lawfirm.com

*Attorneys for Plaintiff*