**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| PAMELA HARRIS EVANS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | Civil Action No.: _____ |
| ) | |
| ATLANTA DERMATOLOGY ) | JURY TRIAL DEMANDED |
| AND SURGERY, P.A. ) | |
| ) | |
| DEFENDANT. ) | |

## **COMPLAINT**

Plaintiff Pamela Harris Evans ("Plaintiff") respectfully submits the following Complaint:

## **INTRODUCTION**

1. Plaintiff is a former employee of Atlanta Dermatology and Surgery, P.A. Plaintiff asserts claims of disability discrimination, failure to maintain confidentiality, and retaliation in violation of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.* ("ADA").

2. Plaintiff seeks declaratory and injunctive relief, back pay and lost benefits, front pay, liquidated damages, compensatory damages, punitive damages, and attorneys' fees and costs of litigation to remedy these civil rights violations.

1

## JURISDICTION AND VENUE

3. Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a).

4. This Court is a proper venue for Plaintiff's claims under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

5. Plaintiff is a resident of Tucker, Georgia and submits herself to the jurisdiction of this Court.

6. Defendant Atlanta Dermatology and Surgery, P.A. is a domestic profit corporation licensed to conduct business in the State of Georgia.

7. At all times relevant to this action, Defendant conducted business, maintained facilities, and derived substantial revenue in the State of Georgia and is subject to the jurisdiction and venue of this Court.

8. Defendant may be served with process by serving a copy of the Complaint and Summons on its registered agent, Dr. Jerry L. Cooper, 1462 Montreal Road, Suite 411, Tucker, GA 30084.

9. Defendant is an employer as defined by the ADA.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10. Plaintiff has satisfied all administrative prerequisites to perfect her claims under the ADA. Specifically, she timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

11. Plaintiff has now received the Notice of Right to Sue for her claims under the ADA. See Exhibit A.

12. On March 24, 2023, counsel for Plaintiff and counsel for Defendant entered into a "Tolling Agreement" providing that both parties wished to toll any and all deadlines to bring any "claims" from March 24, 2023 to May 4, 2023. See Exhibit B.

## **FACTUAL ALLEGATIONS**

13. Defendant is a dermatology practice that offers medical and cosmetic dermatology treatments.

14. Plaintiff began her employment with Defendant most recently on or about October 29, 2018 as a medical assistant.

15. Plaintiff had previously been employed by Defendant but had some breaks in service.

16. During Plaintiff's employment with Defendant, she had stellar performance. Plaintiff had never received any disciplinary actions and was praised by her patients for her nursing skills.

17. Plaintiff has been a medical assistant for over thirty (30) years.

18. In July 2020, Plaintiff was involved in a bad car accident. Plaintiff's son and grandchildren were in the car with her at the time of her accident.

19. Following the accident, Plaintiff was diagnosed with Post Traumatic Stress Disorder ("PTSD") and anxiety. Plaintiff began having terrible nightmares about the accident.

20. In July 2021, Plaintiff's doctor prescribed medication to help with the nightmares she was experiencing as a result of her PTSD. Her doctor advised her that she should not be working after starting this medication and put her on two leaves of absences: one from July 26, 2021 to July 31, 2021 and then another one from August 3, 2021 to August 10, 2021. The doctor's note provided the name and contact information for Plaintiff's psychiatrist.

21. During Plaintiff's leave of absence, she received a phone call from her doctor's office stating that Rhonda Howard, Practice Administrator, was requesting Plaintiff's medical records. The doctor's office told Plaintiff they were confused as to why Ms. Howard would be requesting her medical records.

22. Plaintiff told her doctor's office not to give Ms. Howard her medical records as she had already provided Ms. Howard with sufficient information, specifically, a doctor's note regarding her need for leave.

23. On or about August 10, 2021, when Plaintiff returned to work following her leave of absence, the code she usually used to enter the office (the employee entrance) did not work.  When Plaintiff called Ms. Howard to let her in, she told Plaintiff to "go away."

24. On August 14, 2021, Plaintiff again tried coming back to the office and was again not able to enter.

25. Plaintiff continued to try and reach out to Ms. Howard and Dr. Cooper, the Owner, but they ignored her contact attempts.

26. It soon became clear to Plaintiff that her employed had been terminated.

27. Plaintiff was told by several employees of Defendant that Ms. Howard was telling everyone that she was seeing a psychiatrist, that she had a mental breakdown, and was crazy.

28. A month later, Plaintiff was able to secure alternate employment. However, in early October 2021, Plaintiff's new employer told Plaintiff that Ms. Howard called them accusing Plaintiff of stealing patients, which was not true.

29. Upon information and belief, Ms. Howard also disclosed Plaintiff's medical information to her new employer.

30. Plaintiff's new employer terminated her employment as a result of Ms. Howard's accusations.

31. Plaintiff was also told by a pharmaceutical representative that the rumor going around was that Plaintiff had a mental breakdown.

32. Following Plaintiff's new employer terminating her employment, Plaintiff sent Ms. Howard a text message asking her why she had contacted her employer and Ms. Howard's response was, "Please go away…Do not call me… Do not text me.  Your behavior is strange."

33. Despite Plaintiff having over thirty (30) years of experience as a medical assistant, as a result of Ms. Howard's accusations and disclosure of Plaintiff's medical information, Plaintiff is unable to secure employment as her reputation has been tarnished.

### COUNT I
**Disability Discrimination in Violation of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.***

34. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

35. At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

36. At all times relevant hereto, Plaintiff is an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(1)(A).

37. At all times relevant hereto, Plaintiff is an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(1)(B) inasmuch as she has a record of an impairment as defined by the Act.

38. At all times relevant hereto, Plaintiff is an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(1)(C) inasmuch as she was regarded as a person with an impairment as defined by the Act.

39. Defendant is, and at all times relevant to this litigation was, aware of Plaintiff's disability and history and record of disability.

40. Plaintiff is, and at all times relevant hereto was, a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential function of her job.

41. Defendant discriminated against Plaintiff in violation of the ADA by taking adverse actions against her, including but not limited to: (a) terminating her employment; (b) providing false information to Plaintiff's subsequent employer

which caused her termination; and (c) providing false information to prospective employers preventing her from obtaining subsequent employment.

42. Defendant's actions amount to a violation of Section 102 of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

43. As a direct and proximate result of Defendant's intentional discrimination, the Plaintiff has suffered out-of-pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, in an amount to be established at trial.

44. In addition, Defendant's actions have caused, and continue to cause, the Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

45. Moreover, Defendant's actions have caused stress that has aggravated Plaintiff's medical condition and caused increased medical bills, in an amount to be established at trial.

### COUNT II
**Retaliation in Violation of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.***

46. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

47. Plaintiff engaged in protected conduct by requesting ADA accommodations. Specifically, Plaintiff requested leaves of absences as a result of her medical condition.

48. The Defendant retaliated against the Plaintiff for engaging in protected conduct.

49. Specifically, Defendant retaliated against Plaintiff for requesting reasonable accommodations by taking the following adverse employment actions: (a) terminating her employment; (b) providing false information to Plaintiff's subsequent employer which caused her termination; and (c) providing false information to prospective employers preventing her from obtaining subsequent employment.

50. Defendant's actions in retaliating against Plaintiff following her accommodation requests were committed with reckless disregard for her right to be free from discriminatory treatment because of her protected activity.

51. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, out of pocket expenses, attorney's fees and costs, humiliation, and other indignities.

52. Defendant undertook its actions intentionally and maliciously with respect to Plaintiff and her federally protected rights, and undertook its conduct recklessly with respect to Plaintiff and her federally protected rights, entitling her to recover compensatory and punitive damages against it.

## COUNT III
**Failure to Maintain Confidentiality in Violation of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.***

53. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

54. Ms. Howard made inquiries into Plaintiff's medical history and condition to determine her need for a leave of absence.

55. Defendant was obligated to treat this information as confidential and to refrain from disclosing it to other persons under 42 U.S.C. § 12112(d)(4)(C).

56. During all times referenced herein, Ms. Howard was an employee of Defendant and was acting within the course and scope of her employment.

57. Ms. Howard's deliberate disclosure of Plaintiff's medical condition to other persons violated 42 U.S.C. § 12112(d)(3)(B) & (C).

58. Ms. Howard acted with the intent to expose Plaintiff to public scorn and ridicule and to blacklist her among prospective employers within her broad network.

59. As a direct and proximate cause of Defendant's misconduct, Plaintiff was exposed to public scorn, terminated from an employer, and prospective employers refused to hire her.

60. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, out of pocket expenses, attorney's fees and costs, humiliation, and other indignities.

61. Defendant undertook its actions intentionally and maliciously with respect to Plaintiff and her federally protected rights, and undertook its conduct recklessly with respect to Plaintiff and her federally protected rights, entitling her to recover compensatory and punitive damages against it.

**WHEREFORE,** Plaintiff demands a TRIAL BY JURY and the following relief:

(a) declare that Defendant has violated Plaintiff's rights under the federal statutes listed above;

(b) permanently enjoin Defendant from violating, in the future, Plaintiff's rights under the federal statutes listed above;

(c) award Plaintiff full back pay, including all lost pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(d) award Plaintiff prejudgment interest as required by law;

(e) award Plaintiff compensatory damages for emotional pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(f) award Plaintiff front pay, including all lost future pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(g) award Plaintiff punitive damages, against Defendant sufficient to punish it for its unlawful conduct and deter it from repeating such conduct in the future, as determined by the enlightened conscience of a jury;

(h) award Plaintiff reasonable attorneys' fees and expenses; and

(i) grant such additional relief as may be just.

Respectfully submitted, this 1st day of May, 2023.

                                        *s/ Jackie Lee*
                                        Jackie Lee
                                        Georgia Bar No. 419196
                                        LEE LAW FIRM, LLC
                                        695 Pylant Street N.E., Suite 105
                                        Atlanta, Georgia 30306
                                        Telephone: (404) 301-8973
                                        jackie@leelawga.com

**COUNSEL FOR PLAINTIFF**