# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEBORAH JACKSON,<br><br>  Plaintiff,<br><br>v.<br><br>JOAQUIN MARTINEZ, JOHN CHRISTNER TRUCKING, LLC, and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP,<br><br>  Defendants. | Civil Action No.<br><br>_____<br><br>[On Removal From the State Court of Fulton County, Georgia, Civil Action No. 23EV001953] |

## NOTICE OF REMOVAL TO FEDERAL COURT

COMES NOW Defendants Joaquin Martinez ("Martinez"), John Christner Trucking, LLC ("JCT"), and American Trucking and Transportation Insurance Company, a Risk Retention Group ("ATTIC, RRG") (collectively "Defendants"), and file this Notice of Removal to Federal Court, showing they have complied with the procedures for removal and setting forth a short and plain statement that removal in this case is proper pursuant to 28 U.S.C. §§1332, 1441, and 1446.

1.

The jurisdictional basis for this removal is 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiff and Defendants, and (b) the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2.

Martinez, JCT and ATTIC, RRG are named Defendants in a civil action brought in the State Court of Fulton County, Georgia entitled <u>Deborah Jackson v. Joaquin Martinez, John Christner Trucking, LLC, and American Trucking and Transportation Insurance Company, a Risk Retention Group</u>, Civil Action File No. 23EV001953 (hereinafter "the Action"). The Action was filed on or about March 31, 2023. According to documents on file in the Action, each named Defendant was purported to have been served on April 17, 2023 by hand delivery to front desk personnel at the Georgia Secretary of State's office.

3.

Copies of all process, pleadings, and orders served in the Action are attached hereto as Ex. A, including a copy of the Answer filed by Defendants in the Action.

4.

This lawsuit arises out of a motor vehicle accident that occurred on Interstate 20 on April 4, 2022 in Atlanta, Fulton County, Georgia. (Complaint, ¶¶ 7, 8). The Complaint alleges that Plaintiff Deborah Jackson ("Plaintiff") was injured when a JCT tractor-trailer being operated by Martinez made contact with the rear of her vehicle. (Complaint, ¶¶ 8, 11). The Complaint alleges that Martinez was negligent in the operation of his vehicle at the time of the accident, and asserts claims for vicarious liability and negligent hiring, retention, supervision, and entrustment against JCT. The Complaint also purports to assert a direct action claim against ATTIC, RRG pursuant to O.C.G.A. § 40-1-112(c). (Complaint, Counts I, II, ¶¶ 19 - 22).

5.

The controversy between Plaintiff and Defendants is one between citizens of different states: (a) Plaintiff is a citizen and resident of Georgia (Complaint, ¶ 1); (b) Martinez is a citizen of Arizona and resides in Nogales, Arizona (Complaint, ¶ 2); (c) ATTIC, RRG is a Montana risk retention group with its principal place of business located in Missoula, Montana. (Complaint, ¶ 4); (d) JCT is a single member Oklahoma limited liability company with its principal place of business located in Oklahoma (Complaint, ¶ 3). The member of JCT is JCT Holding Co.,

LLC ("JCT Holding"), which is also an Oklahoma limited liability company with its principal place of business located in Oklahoma. The member of JCT Holding is Hirschbach, Inc. ("Hirschbach"), an Indiana corporation with its principal place of business in Iowa. (See Ex. B, Secretary of State public information for ATTIC, RRG, JCT, JCT Holding, and Hirschbach).[1]

6.

As to the amount in controversy requirement of 28 U.S.C. §1332, Plaintiff alleges that past medical expenses incurred by her exceed $58,590.80. (Complaint, ¶¶ 11, 17). Plaintiff seeks to recover the full amount of these claimed past medical expenses and lost wages, and also seeks to recover general damages for alleged pain and suffering, mental, physical and emotional, past, present and future

---

[1] According to documents on file in the Action, Plaintiff also served Allstate Property & Casualty Insurance Company ("Allstate") as her purported uninsured motorist carrier pursuant to O.C.G.A. §33-7-11. However, for purposes of removal on the basis of diversity jurisdiction, "an uninsured motorist carrier is not a party to a lawsuit until the insured first sue[s] and recover[s] a judgment against an uninsured motorist." *Green v. Werner Ent.*, 2022 U.S. Dist. LEXIS 111642, 2022 WL 2276345 (M.D. Ga., June 23, 2022) (quoting *State Farm Mut. Auto Ins. Co. v. Noble*, 430 S.E.2d 804, 805 (Ga. Ct. App. 1993)). Accordingly, uninsured motorist carrier Allstate is not a party to this action at the time of filing this Notice of Removal for purposes of the diversity jurisdiction analysis and its consent is not required in order to satisfy the unanimity requirement. Id. Nonetheless, according to the Georgia Secretary of State website, Allstate is an Illinois company with its principal place of business in Illinois and thus would not destroy diversity in this case.

-5-

damages, special damages for future medical expenses and loss of income in the past and future, all costs of litigation, and such other relief as the Court deems just and appropriate. (Complaint, "Wherefore" Paragraph/Prayer for Relief (c), (d), (f), (g)). In addition, before suit was filed, Defendants received a demand on behalf of Plaintiff that exceeded the amount in controversy requirement. Accordingly, Defendants respectfully assert that the alleged injuries and damages of Plaintiff satisfy the amount in controversy requirement. See 28 U.S.C. § 1446(c)(2)(B); *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 745, 770 (11th Cir. 2010).

7.

Thus, there is diversity of citizenship between Plaintiff and Defendants, who are not citizens of the State of Georgia. Also, based on the allegations in Plaintiff's Complaint, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, the United States District Court for the Northern District of Georgia has original jurisdiction over the Action and removal to this Court is proper under 28 U.S.C. § 1441(a).

8.

This Notice of Removal to Federal Court is timely filed pursuant to 28 U.S.C. § 1446, et seq. within thirty (30) days after receipt and service of the Complaint. This Notice of Removal to Federal Court is properly filed in the United

States District Court for the Northern District of Georgia, Atlanta Division, because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(A). Written notice of the Notice of Removal to Federal Court is being contemporaneously filed with the Clerk of the State Court of Fulton County and served as required by 28 U.S.C. § 1446(d).

WHEREFORE, having shown that this case is properly removable, Defendants give notice pursuant to 28 U.S.C. §1446(a) that the Action pending in the State Court of Fulton County, Georgia, Civil Action No. 23EV001953, is removed to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully request that this Court exercise jurisdiction over this case.

Respectfully submitted this 1st day of May, 2023.

**HAWKINS PARNELL & YOUNG, LLP**

By: *s/David H. Wilson*
William H. Major, III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774
*Attorneys for Defendants*

303 Peachtree Street, NE
Suite 4000
Atlanta, GA 30303
Phone: 404.614.7400
Fax: 404.614.7500

## CERTIFICATE OF SERVICE AND

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C

This is to certify that I have this day, served counsel for all parties in this action with a copy of the foregoing NOTICE OF REMOVAL TO FEDERAL COURT by electronic filing and by depositing in the United States Mail, a copy of same in an envelope with adequate postage thereon, addressed as follows:

> Shelia Bilimoria, Esq.
> Morgan & Morgan Atlanta PLLC
> 191 Peachtree Street, N.E.
> P.O. Box 57007
> Atlanta, GA 30343

I further certify pursuant to Rule 7.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Times New Roman" font, 14 point, as required by Local Rule 5.1(C).

This 1st day of May, 2023.

                             **HAWKINS PARNELL & YOUNG, LLP**

| | |
|---|---|
| 303 Peachtree Street, NE | By: _s/David H. Wilson_ |
| Suite 4000 | William H. Major III |
| Atlanta, GA 30303 | Georgia Bar No. 466750 |
| Phone: 404.614.7400 | David H. Wilson |
| Fax: 855.889.4588 | Georgia Bar No. 767774 |
| | *Attorneys for Defendants* |