# Exhibit A

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___*Fulton*___ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**
*Deborah Jackson*

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
*Joaquin Martinez*

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

*John Christner Trucking, LLC*

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

*American Trucking and Transportation Insurance Company, A Risk Retention Group*

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

*Allstate Property & Casualty Company*

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** *Sheila Bilimoria*     **State Bar Number** *781372*     **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐   Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                           **Case Number**

☒   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

State Court of Fulton County
**E-FILED**
23EV001953
4/13/2023 2:47 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** 23EV001953

Deborah Jackson
_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

Joaquin Martinez
_____
828 West Calle Chico
_____
Nogales     AZ     85621
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Sheila Bilimoria

Address: PO Box 57007

City, State, Zip Code: Atlanta, GA 30343                    Phone No.: 404-965-8857

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.     _____
                                                            DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

Deborah Jackson
_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

John Christner Trucking, LLC
c/o Corporate Secretary: 19007 West Highway 33
_____ Sapulpa    OK    74066 _____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [x] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Sheila Bilimoria

Address: PO Box 57007

City, State, Zip Code: Atlanta, GA 30343           Phone No.: 404-965-8857

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***
Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

Deborah Jackson
_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

American Trucking and Transportation Insurance Company, A Risk Retention Group
_____
c/o Corporate Secretary: 228 West Main Street
_____
       Missoula       MT       59802
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:
Name: Sheila Bilimoria
_____
Address: PO Box 57007
_____
City, State, Zip Code: Atlanta, GA 30343 _____ Phone No.: 404-965-8857 _____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.       _____
                                                            DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____
_____
This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

Deborah Jackson
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Allstate Property & Casualty Insurance Company

c/o Linda Banks- CT Corporation System: 289 South Culver Street

Lawrenceville GA    30046

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Sheila Bilimoria

Address: PO Box 57007

City, State, Zip Code: Atlanta, GA 30046          Phone No.: 9404-965-8857

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

---

### SERVICE INFORMATION:

Served, this ___ ___ day of _____, 20_____.     _____
                                                                DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____
_____

This _____ day of _____, 20_____.   _____ Foreperson

### (STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DEBORAH JACKSON,**<br><br>    **Plaintiff,**<br>**vs.**<br><br>**JOAQUIN MARTINEZ, JOHN CHRISTNER TRUCKING, LLC, and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP,**<br><br>    **Defendants.** | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff DEBORAH JACKSON, and states her complaint against Defendant JOAQUIN MARTINEZ, CHRISTNER TRUCKING, LLC, and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff DEBORAH JACKSON is a resident of the State of Georgia.

2.

Defendant JOAQUIN MARTINEZ is a citizen and resident of the State of Arizona, whose last known residence is 828 West Calle Chico, Nogales, Arizona 85621. Defendant Joaquin Martinez is subject to the jurisdiction of this Court and may be served via the Non-Resident Motor Vehicle Statute via the Secretary of State of Georgia and by statutory overnight delivery.

3.

- 1 -

Defendant John Christner Trucking, LLC (hereinafter "JCT") is a foreign limited liability company that does not maintain a registered agent in Georgia, located at 19007 West Highway 33, Sapulpa, OK 74067. Defendant JCT is subject to the jurisdiction of this Court and may be served through its Corporate Secretary via statutory overnight delivery at 19007 W. Hwy 33, Sapulpa, OK 74066 and via service on the Georgia Secretary of State pursuant to O.C.G.A. 14-2-504.

4.

Defendant American Trucking and Transportation Insurance Company, A Risk Retention Group (hereinafter "ATTIC") is foreign profit Corporation, with its principal place of business located at 228 West Main Street, Missoula, MT 59807. ATTIC does not maintain a registered agent in Georgia, therefore, Defendant ATTIC is subject to the jurisdiction of this Court via service made on the Georgia Secretary of State and by statutory overnight delivery of the summons and complaint on its corporate secretary located at 228 West Main Street, Missoula, MT 59802 pursuant to O.C.G.A. 14-2-504.

5.

Venue as to Defendants is proper in Fulton County, Georgia as that it where the subject collision occurred.

## COUNT I
## NEGLIGENCE OF DEFENDANT JOAQUIN MARTINEZ

6.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 5 above as if the same were restated herein verbatim.

7.

On April 4, 2022, Plaintiff Deborah Jackson was driving her 2016 Toyota Corolla in a prudent and careful manner, east on I-20 in Fulton County, Georgia.

8.

At or about that same time, Defendant Martinez was driving a 2021 Freightliner Cascadia traveling east behind Plaintiff on I-20 when he negligently, recklessly, carelessly and unlawfully operated said vehicle so as to cause it to collide with the rear of the Plaintiff's vehicle.

9.

At all relevant times, Defendant Martinez owed certain civil duties to Deborah Jackson, and, notwithstanding those duties, the Defendant did violate them in the following particulars:

a.  In failing to make reasonable and proper observations while driving Defendant's 2021 Freightliner Cascadia or, if reasonable and proper observations were made, failing to act thereon;

b.  In failing to maintain lane in violation of O.C.G.A. §; 40-6-48.

c.  In failing to yield in violation of O.C .G.A. §; 40-6-49.

d.  In failing to make timely and proper application of his brakes in violation of O.C.G.A. § 40-6-241;

e.  In failing to observe or undertake the necessary precautions to keep his 2021 Freightliner Cascadia from colliding with the Plaintiff's vehicle in violation of O.C.G.A § 40-6-390;

f.  In driving his 2021 Freightliner Cascadia without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

g.      In driving his 2021 Freightliner Cascadia in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and,

h.      In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

10.

Defendant Martinez's violations of the aforementioned statutory duties of care constitute negligence and negligence *per se*.

11.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Martinez, Deborah Jackson suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body and nervous system, personal inconvenience, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff Deborah Jackson has incurred in excess of $58,590.80 in past medical expenses.

## COUNT II- NEGLIGENCE OF DEFENDANT JOHN CHRISTNER TURCKING, LLC

12.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 11 above as if they were fully restated verbatim.

13.

At all relevant times, Defendant Martinez was an employee and agent of Defendant JCT and Defendant Martinez was driving a 2021 Freightliner Cascadia within the course and scope of his employment with Defendant JCT.

- 4 -

14.

Defendant JCT is liable for the acts and omissions of Defendant Martinez as Defendant JCT's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

15.

Defendant JCT negligently hired, retained, and supervised Defendant Martinez.

16.

Defendant JCT negligently entrusted the 2021 Freightliner Cascadia to Defendant Martinez when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

17.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant JCT, Plaintiff Deborah Jackson has suffered significant injuries, medical expenses, lost wages and general and special damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff Deborah Jackson has incurred in excess $58,590.80 in past medical expenses and will continue to incur medical expenses into the future.

**CONTRACT**

18.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 17 above as if they were fully restated verbatim.

19.

At the time of the collision-in-suit, on April 4, 2022, Defendant ATTIC, had issued a policy of liability insurance, Policy Number ATTJCT121, under which JCT, Inc. was insured.

20.

The ATTIC Policy Number ATTJCT121, was in effect on April 4, 2022, and provides coverage up to $10,000,000.00 for the negligent acts and omissions of Defendants as a result of the collision-in-suit.

21.

Defendant ATTIC is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 40-1-112(c).

22.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant ATTIC, is liable to Plaintiff, and responsible for payment of damages incurred by and occasioned upon the Plaintiff Jackson as a result of the negligent acts and omissions of Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

- 6 -

(c) That Plaintiff have and recover general damages from such Defendants, as the jury

deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to

fully and completely compensate Plaintiff for all of her injuries and pain and suffering, mental,

physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants, special damages for past and future

medical expenses and loss of income in the past and future in such an amount as shall be proven

at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendants;

(g) For such other and further relief as this Court deems just and appropriate.

This 31st day of March, 2023.

Respectfully submitted,


/s/ *Sheila Bilimoria*
Sheila L. Bilimoria, Esq.
Georgia Bar No. 781372
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343
Tel: (404) 965-8857
Fax: (404) 720-3797
sbilimoria@forthepeople.com

State Court of Fulton County
**E-FILED**
23EV001953
4/18/2023 4:59 PM
Donald Talley, Clerk
Civil Division

# In the State Court of Fulton County
## State of Georgia

| | |
|---|---|
| DEBORAH JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action |
| | )   File No.: 23EV001953 |
| JOAQUIN MARTINEZ, JOHN | ) |
| CHRISTNER TRUCKING, LLC, and | ) |
| AMERICAN TRUCKING AND | ) |
| TRANSPORTATION INSURANCE | ) |
| COMPANY, A RISK RETENTION | ) |
| GROUP, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF PRIVATE PROCESS SERVER

My name is Shane Barron. I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 17th day of April 2023, I served Joaquin Martinez, with the SUMMONS, COMPLAINT AND DEMAND FOR TRIAL BY JURY, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JOAQUIN MARTINEZ, PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOAQUIN MARTINEZ, PLAINTIFF'S FIRST REQUEST FOR ADMISSONS TO DEFENDANT AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP, PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JOHN

CHRISTNER TRUCKING, LLC, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT JOHN CHRISTNER TRUCKING, LLC, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN CHRISTNER TRUCKING, LLC, AND RULE 5.2 CERTIFICATE OF SERVICE, by handing it to Ashley Nigel, front desk personnel for the Georgia Secretary of State, at 2 Martin Luther King Jr Dr SW, Suite 313. Atlanta, GA 30334.

4/18/23
Date

Shane Barron

Subscribed and sworn to before me,
This ___ day of ___ 2023

Notary Public

State Court of Fulton County
**E-FILED**
23EV001953
4/18/2023 4:59 PM
Donald Talley, Clerk
Civil Division

**In the State Court of Fulton County**
**State of Georgia**

| | |
|---|---|
| DEBORAH JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action |
| | ) File No.: 23EV001953 |
| JOAQUIN MARTINEZ, JOHN | ) |
| CHRISTNER TRUCKING, LLC, and | ) |
| AMERICAN TRUCKING AND | ) |
| TRANSPORTATION INSURANCE | ) |
| COMPANY, A RISK RETENTION | ) |
| GROUP, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF PRIVATE PROCESS SERVER

My name is Shane Barron. I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 17th day of April 2023, I served John Christner Trucking, LLC, with the SUMMONS, COMPLAINT AND DEMAND FOR TRIAL BY JURY, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JOAQUIN MARTINEZ, PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOAQUIN MARTINEZ, PLAINTIFF'S FIRST REQUEST FOR ADMISSONS TO DEFENDANT AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP, PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JOHN

CHRISTNER TRUCKING, LLC, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT JOHN CHRISTNER TRUCKING, LLC, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN CHRISTNER TRUCKING, LLC, AND RULE 5.2 CERTIFICATE OF SERVICE, by handing it to Ashley Nigel, front desk personnel for the Georgia Secretary of State, at 2 Martin Luther King Jr Dr SW, Suite 313. Atlanta, GA 30334.

4/18/22
Date

Shane Barron

Subscribed and sworn to before me,
This ___ day of _____ 2023
_____
Notary Public

State Court of Fulton County
**E-FILED**
23EV001953
4/18/2023 4:59 PM
Donald Talley, Clerk
Civil Division

### In the State Court of Fulton County
### State of Georgia

DEBORAH JACKSON,      )
                                  )
Plaintiff,                 )
                                  )
v.                           )    Civil Action
                                  )    File No.: 23EV001953
JOAQUIN MARTINEZ, JOHN  )
CHRISTNER TRUCKING, LLC, and  )
AMERICAN TRUCKING AND  )
TRANSPORTATION INSURANCE  )
COMPANY, A RISK RETENTION  )
GROUP,  )
                                  )
Defendants.          )

### AFFIDAVIT OF PRIVATE PROCESS SERVER

My name is Shane Barron. I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 17th day of April 2023, I served American Trucking and Transportation Insurance Company, A Risk Retention Group, with the SUMMONS, COMPLAINT AND DEMAND FOR TRIAL BY JURY, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JOAQUIN MARTINEZ, PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOAQUIN MARTINEZ, PLAINTIFF'S FIRST REQUEST FOR ADMISSONS TO DEFENDANT AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP, PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP,

PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JOHN
CHRISTNER TRUCKING, LLC, PLAINTIFF'S FIRST INTERROGATORIES
TO DEFENDANT JOHN CHRISTNER TRUCKING, LLC, PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN
CHRISTNER TRUCKING, LLC, AND RULE 5.2 CERTIFICATE OF SERVICE,
by handing it to Ashley Nigel, front desk personnel for the Georgia
Secretary of State, at 2 Martin Luther King Jr Dr SW, Suite 313.
Atlanta, GA 30334.

4/18/23
Date

Subscribed and sworn to before me,
This ___ day of _____ 2023

Notary Public

Shane Barron



State Court of Fulton County
**E-FILED**
23EV001953
4/6/2023 1:00 PM
Donald Talley, Clerk
Civil Division

## In the State Court of Fulton County
## State of Georgia

DEBORAH JACKSON,     )
    )
Plaintiff,     )
    )
v.     )    Civil Action
    )    File No.: 23EV001953
JOAQUIN MARTINEZ, JOHN     )
CHRISTNER TRUCKING, LLC, and     )
AMERICAN TRUCKING AND     )
TRANSPORTATION INSURANCE     )
COMPANY, A RISK RETENTION     )
GROUP,     )
    )
Defendants.     )

## AFFIDAVIT OF PRIVATE PROCESS SERVER

My name is Shane Barron. I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 5th day of April 2023, I served Allstate Property & Casualty Insurance Company, with the SUMMONS, COMPLAINT AND DEMAND FOR TRIAL BY JURY, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JOAQUIN MARTINEZ, PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOAQUIN MARTINEZ, PLAINTIFF'S FIRST REQUEST FOR ADMISSONS TO DEFENDANT AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP, PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

TO DEFENDANT JOHN CHRISTNER TRUCKING, LLC, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT JOHN CHRISTNER TRUCKING, LLC, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN CHRISTNER TRUCKING, LLC, AND RULE 5.2 CERTIFICATE OF SERVICE, by handing it to Linda Banks, representative of CT Corporation System, registered agent for Allstate Property & Casualty Insurance Company, at 289 S Culver Street, Lawrenceville, GA 30046.

4/6/23
Date

Shane Barron

Subscribed and sworn to before me,
This ___ day of April ___, 2023

Notary Public

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

DEBORAH JACKSON,           :
                                 :

        Plaintiff,         :
                                 :

v.                            :      Civil Action No. 23EV001953
                                 :

JOAQUIN MARTINEZ, JOHN CHRISTNER  :
TRUCKING, LLC, AND AMERICAN TRUCKING :
AND TRANSPORTATION INSURANCE     :
COMPANY, A RISK RETENTION GROUP.,   :

        Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW Joaquin Martinez ("Martinez"), John Christner Trucking, LLC ("JCT") and

American Trucking and Transportation Insurance Company, A Risk Retention Group ("ATTIC,

RRG"), (collectively "Defendants") and file this Answer to Plaintiff's Complaint, showing the

Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The sole proximate cause of Plaintiff's damage, if any sustained, was due to the

negligence of Plaintiff herself.

### THIRD DEFENSE

The negligence of Plaintiff contributed proximately to the damage claimed and she was

not exercising ordinary care at the time it is claimed that she was damaged.

### FOURTH DEFENSE

Even if Defendants were negligent in the manner set out and charged in the Complaint, which alleged negligence is expressly denied, the negligence of Plaintiff was equal to or greater than any negligence charged against Defendants in such Complaint and the consequences of such negligence, if any in fact existed, could have been avoided had Plaintiff been exercising ordinary care.

### FIFTH DEFENSE

This Court lacks jurisdiction over the person of ATTIC, RRG.

### SIXTH DEFENSE

Venue is improperly laid in this Court as to ATTIC, RRG.

### SEVENTH DEFENSE

As a risk retention group, ATTIC, RRG is not a proper party Defendant and is not subject to direct action under Georgia law.

### EIGHTH DEFENSE

This Court lacks jurisdiction over the person of all Defendants.

### NINTH DEFENSE

Defendants raise the defense of insufficiency of process as to all Defendants.

### TENTH DEFENSE

Defendants raise the defense of insufficiency of service of process as to all Defendants.

### ELEVENTH DEFENSE

Venue is improperly laid in this Court as to all Defendants.

## TWELFTH DEFENSE

Defendants' investigation and discovery are continuing and these Defendants reserve the right to assert any affirmative defenses, additional defenses, claims, and denials as maybe disclosed during the course of additional investigation and discovery.

## THIRTEENTH DEFENSE

Responding to the numbered paragraphs of Plaintiff's Complaint, Defendants show the Court the following:

## PARTIES AND JURISDICTION

1.

Defendants are without knowledge or information sufficient to form a belief as to the allegations of Paragraph One (1) at this time.

2.

Responding to the allegations of Paragraph Two (2) of Plaintiff's Complaint, Defendants admit that Martinez is a citizen and resident of the State of Arizona, whose last known residence is 828 West Calle Chico, Nogales, Arizona 85621. The remaining allegations of Paragraph Two (2) are denied.

3.

Responding to the allegations of Paragraph Three (3) of Plaintiff's Complaint, Defendants admit that JCT is a foreign limited liability company located at 19007 West Highway 33, Sapulpa, Oklahoma, 74067. The remaining allegations of Paragraph Three (3) of Plaintiff's Complaint are denied.

4.

Responding to the allegations of Paragraph Four (4) of Plaintiff's Complaint, Defendants admit that ATTIC, RRG is a foreign profit corporation, with its principal place of business located at 228 West Main Street, Missoula, Montana 59807. The remaining allegations of Paragraph Four (4) of Plaintiff's Complaint are denied.

5.

The allegations of Paragraph Five (5) of Plaintiff's Complaint are denied.

## COUNT I
## NEGLIGENCE OF DEFENDANT JOAQUIN MARTINEZ

6.

Defendants reallege, adopt and incorporate herein Paragraphs One (1) through Five (5) above as if fully set forth herein.

7.

Responding to the allegations of Paragraph Seven (7) of Plaintiff's Complaint, Defendants admit that on April 4, 2022, Plaintiff Deborah Jackson was driving her 2016 Toyota Corolla east on I-20 in Fulton County, Georgia. The remaining allegations of Paragraph Seven (7) are denied.

8.

The allegations of Paragraph Eight (8) of Plaintiff's Complaint are denied.

9.

The allegations of Paragraph Nine (9) of Plaintiff's Complaint, and each of its subparts, are denied.

10.

The allegations of Paragraph Ten (10) of Plaintiff's Complaint are denied.

4

11.

The allegations of Paragraph Eleven (11) of Plaintiff's Complaint are denied.

## COUNT II- NEGLIGENCE OF DEFENDANT JOHN CHRISTNER TRUCKING, LLC

12.

Defendants reallege, adopt and incorporate herein Paragraphs One (1) through Eleven (11) above as if fully set forth herein.

13.

The allegations of Paragraph Thirteen (13) of Plaintiff's Complaint are admitted.

14.

Responding to the allegations of Paragraph Fourteen (14) of Plaintiff's Complaint, Defendants admit that Defendant Martinez was Defendant JCT's agent and employee at the time of the collision-in-suit, and thus the theory of *respondeat superior* applies. The remaining allegations of Paragraph Fourteen (14) are denied.

15.

The allegations of Paragraph Fifteen (15) of Plaintiff's Complaint are denied.

16.

The allegations of Paragraph Sixteen (16) of Plaintiff's Complaint are denied.

17.

The allegations of Paragraph Seventeen (17) of Plaintiff's Complaint are denied.

## CONTRACT

18.

Defendants re-allege, adopt and incorporate herein Paragraphs One (1) through Seventeen (17) above as if fully set forth herein.

19.

The allegations of Paragraph Nineteen (19) of Plaintiff's Complaint are denied as stated.

20.

Responding to the allegations of Paragraph Twenty (20) of Plaintiff's Complaint, Defendants admit that the ATTIC Policy Number ATTJCT121, was in effect on April 4, 2022, and provides coverage up to $10,000,000.00. The remaining allegations of Paragraph Twenty (20) are denied.

21.

The allegations of Paragraph Twenty-One (21) of Plaintiff's Complaint are denied.

22.

The allegations of Paragraph Twenty-Two (22) of Plaintiff's Complaint are denied.

Any and all allegations of Plaintiff's Complaint not specifically responded to herein are denied, including but not limited to the unnumbered "PRAYER FOR RELIEF" and "WHEREFORE" paragraph, and each subpart, of Plaintiff's Complaint.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants demand judgment in their favor, with all costs of this action being assessed against Plaintiff.

This 1st day of May, 2023.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ David H. Wilson*

303 Peachtree St., N.E.
Suite 4000
Atlanta, GA 30308-3243
Phone: (404) 614-7400
Fax: (855) 889-4588
wmajor@hpylaw.com
dwilson@hpylaw.com

William H. Major, III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774
*Attorneys for Defendants*

6

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

DEBORAH JACKSON,                                          :
                                                         :
            Plaintiff,                                   :
                                                         :
v.                                                       :          Civil Action No. 23EV001953
                                                         :
JOAQUIN MARTINEZ, JOHN CHRISTNER              :
TRUCKING, LLC, AND AMERICAN TRUCKING :
AND TRANSPORTATION INSURANCE                  :
COMPANY, A RISK RETENTION GROUP.,             :
                                                         :
            Defendants.

## CERTIFICATE OF SERVICE

This is to certify that I have this date caused to be served upon counsel a true and correct

copy of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** by

electronic filing and/or by depositing same in the United States Mail in an envelope with

sufficient postage affixed thereto to ensure delivery and addressed to:

Sheila Bilimoria, Esq.
Morgan & Morgan Atlanta PLLC
191 Peachtree Street, NE
PO Box 57007
Atlanta, GA 30343
sbilimoria@forthepeople.com

This 1st day of May, 2023.

HAWKINS PARNELL & YOUNG, LLP

303 Peachtree St., N.E.                    /s/ *David H. Wilson*
Suite 4000                                 William H. Major, III
Atlanta, GA 30308-3243                     Georgia Bar No. 466750
Phone: (404) 614-7400                      David H. Wilson
Fax: (855) 889-4588                        Georgia Bar No. 767774
wmajor@hpylaw.com
dwilson@hpylaw.com                         *Attorneys for Defendants*

31457376.1

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

DEBORAH JACKSON,

     Plaintiff,

vs.

JOAQUIN MARTINEZ, JOHN
CHRISTNER TRUCKING, LLC,
and AMERICAN TRUCKING AND
TRANSPORTATION INSURANCE
COMPANY, A RISK RETENTION GROUP,

     Defendants.

CIVIL ACTION FILE
NO.: 23EV001953

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    Clerk of Court
       State Court of Fulton County, Georgia
       141 Pryor Street SW
       Atlanta, GA 30303

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on May 1,

2023, Defendants Joaquin Martinez ("Martinez"), John Christner Trucking, LLC ("JCT"), and

American Trucking and Transportation Insurance Company, a Risk Retention Group ("ATTIC,

RRG") (collectively referred to as "Defendants"), filed in the United States District Court for the

Northern District of Georgia, Atlanta Division, their Notice of Removal (a copy of which is

attached hereto as Ex. A).  Pursuant to 28 U.S.C. § 1446(d), the above-styled action is now

removed and the State Court of Fulton County, Georgia is divested of jurisdiction over all further

proceedings.

This 1st day of May, 2023.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(855) 889-4588 – fax
wmajor@hpylaw.com
dwilson@hpylaw.com
gdrogosch@hpylaw.com

*s/David H. Wilson*

William H. Major, III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774
Garret J. Drogosch
Georgia Bar No. 942091
*Attorneys for Defendants*

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

DEBORAH JACKSON,

     Plaintiff,

vs.

JOAQUIN MARTINEZ, JOHN
CHRISTNER TRUCKING, LLC,
and AMERICAN TRUCKING AND
TRANSPORTATION INSURANCE
COMPANY, A RISK RETENTION GROUP,

     Defendants.

CIVIL ACTION FILE
NO.: 23EV001953

### <u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that I have this day served a copy of the foregoing ***Notice of Filing Notice of Removal*** by electronic filing and by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

Shelia Bilimoria, Esq.
Morgan & Morgan Atlanta PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, GA 30343

     This 1st day of May, 2023.

HAWKINS PARNELL & YOUNG, LLP

303 Peachtree St., N.E.
Suite 4000
Atlanta, GA 30308-3243
Phone: (404) 614-7400
Fax: (855) 889-4588
wmajor@hpylaw.com
dwilson@hpylaw.com
gdrogosch@hpylaw.com

*s/David H. Wilson*
William H. Major, III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774
Garret J. Drogosch
Georgia Bar No. 942091

State Court of Fulton County
**E-FILED**
23EV001953
5/1/2023 3:12 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

DEBORAH JACKSON,

      Plaintiff,

vs.

JOAQUIN MARTINEZ, JOHN
CHRISTNER TRUCKING, LLC,
and AMERICAN TRUCKING AND
TRANSPORTATION INSURANCE
COMPANY, A RISK RETENTION GROUP,

      Defendants.

CIVIL ACTION FILE
NO.: 23EV001953

### DEFENDANTS' RULE 5.2 CERTIFICATE OF SERVICE

COME NOW Defendants and certify that on this day, their attorney has served all counsel of record via U.S. Mail in an envelope with adequate postage copies of the following:

1. Defendant American Trucking and Transportation Insurance Company, A Risk Retention Group's Response to Plaintiff's First Request for Admissions;

2. Defendant John Christner Trucking, LLC's Response to Plaintiff's First Request for Admissions; and

3. Defendant Joaquin Martinez's Response to Plaintiff's First Request for Admissions

and properly address to:

Shelia Bilimoria, Esq.
Morgan & Morgan Atlanta PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, GA 30343

This 1st day of May, 2023.

HAWKINS PARNELL & YOUNG, LLP

303 Peachtree St., N.E.
Suite 4000
Atlanta, GA 30308-3243
Phone: (404) 614-7400
Fax: (855) 889-4588
wmajor@hpylaw.com
dwilson@hpylaw.com
gdrogosch@hpylaw.com

/s/ David H. Wilson
William H. Major, III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774
Garret J. Drogosch
Georgia Bar No. 942091

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DEBORAH JACKSON,<br><br>            Plaintiff,<br>vs.<br><br>JOAQUIN MARTINEZ, JOHN CHRISTNER TRUCKING, LLC, and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP,<br><br>            Defendants. | CIVIL ACTION<br>FILE NO:<br><br><br>JURY TRIAL DEMANDED |

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all Defendants in the foregoing matter with a copy of the following:

1. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JOAQUIN MARTINEZ;

2. PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOAQUIN MARTINEZ;

3. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JOHN CHRISTNER TRUCKING, LLC;

4. PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN CHRISTNER TRUCKING, LLC;

5. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP;

6.  PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF

    DOCUMENTS TO DEFENDANT AMERICAN TRUCKING AND TRANSPORTATION

    INSURANCE COMPANY, A RISK RETENTION GROUP;

7.  PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO ALLSTATE PROPERTY &

    CASUALTY INSURANCE COMPANY;

8.  PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF

    DOCUMENTS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY.

This 31st day of March, 2023.

                                        */s/ Sheila Bilimoria*
                                        Sheila L. Bilimoria, Esq.
                                        Georgia Bar No. 781372
                                        Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343
Tel: (404) 965-8857
Fax: (404) 720-3797
sbilimoria@forthepeople.com

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DEBORAH JACKSON,<br><br>        **Plaintiff,**<br><br>vs.<br><br>**JOAQUIN MARTINEZ, JOHN CHRISTNER TRUCKING, LLC, and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP,**<br><br>        **Defendants.** | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JOAQUIN MARTINEZ

TO:    Defendant Joaquin Martinez
        828 West Calle Chico
        Nogales, AZ 85621

Plaintiff submits herewith to the above-named Defendant, pursuant to O.C.G.A. § 9-11-36 for response within forty-five (45) days after service hereof, the following request for admissions, for purposes of the pending action only, subject to all objections that may be interposed at the trial of the case:

1.

Please admit that this action brought against the Defendant(s) properly and correctly name the parties to be sued in this case.

2.

Please admit that jurisdiction for the Complaint filed by Plaintiff is properly brought before this Court in Fulton County, Georgia.

3.

Please admit that the service of process against the Defendant(s) was proper.

4.

Please admit that the motor vehicle operated by Defendant was either owned by Defendant or was being operated by Defendant with the knowledge, permission and consent of its owner.

5.

Please admit that Defendant was negligent in the operation of a motor vehicle which resulted in the subject collision with Plaintiff's vehicle.

6.

Please admit that Defendant received a citation issued by the investigating law enforcement agency arising out of the subject collision.

7.

Admit that Defendant was driving a 2021 Freightliner Cascadia at the time of the subject collision.

8.

Admit that Defendant pled guilty to, paid the fine for, or knowingly forfeited the bond to charges stemming from said citation(s) in connection with the collision.

9.

Please admit that Plaintiff was injured in the subject collision.

10.

Please admit that the Plaintiff's actions did not cause or contribute to the subject collision.

11.

Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject collision.

12.

Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject collision.

13.

Please admit that there are no other individuals besides Plaintiff and Defendant(s) who caused or contributed to the subject collision.

14.

Please admit that there are no other individuals besides Defendant(s) who caused or contributed to the subject collision.

15.

Please admit that you have not seen Plaintiff since the day of the accident.

16.

Please admit that you had not seen Plaintiff at any point in time prior to the day of the accident.

**This Request for Admissions is served upon you together with Plaintiff's Complaint.**

This 31st day of March, 2023.

By:     */s/ Sheila Bilimoria*_____

- 3 -

Sheila L. Bilimoria, Esq.
Georgia Bar No. 781372
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343
Tel: (404) 965-8857
Fax: (404) 720-3797
sbilimoria@forthepeople.com

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DEBORAH JACKSON, | |
| Plaintiff, | CIVIL ACTION FILE NO: |
| vs. | |
| JOAQUIN MARTINEZ, JOHN CHRISTNER TRUCKING, LLC, and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP, | JURY TRIAL DEMANDED |
| Defendants. | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOAQUIN MARTINEZ

TO:   Defendant Joaquin Martinez
      828 West Calle Chico
      Nogales, AZ 85621

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to as "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be

obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, PLLC, 191 Peachtree Street N.E., Suite 4200, Atlanta, Georgia 30303 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

I.      **DEFINITIONS**

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy

of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.    **INTERROGATORIES**

1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

2.

State the name and address of any person, including any party, who to your knowledge information or belief:

(a)    was an eyewitness to the incident underlying this litigation;

(b)    has some knowledge of any fact or circumstance upon which your defense is based; or

(c)    has conducted any investigation relating to the incident underlying this litigation or the background, employment, medical history or activities of the Plaintiff.

3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

4.

Has any entity issued a policy of liability insurance to you, to any resident relatives you lived with on the date of the incident or on the vehicle you were driving at the time of the accident (including but not limited to auto, motorcycle, vehicular and umbrella policies) which is or arguably should be extending insurance coverage to you?  If so, please state for each policy

the name of the liability insurer, the limits of coverage, the name of the insured on the policy and the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance?  If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

7.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

(a)     state the subject matter on which s/he is expected to testify;

(b)     state in detail the opinions held by each such expert or technician; and

(c)     give a complete summary of the grounds for each opinion held.

8.

Were you on the business of any individual or entity at the time of the subject incident? If so, please identify any such individual or entity, including name, address and telephone number.

9.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge. (See Lewis v. The State, 243 Ga. 443; Hightower v. G.M., 175 Ga. App. 112)

10.

Please state each and every prior collision or prior insurance claim which you are aware the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

11.

State each and every fact supporting your contention that the Plaintiff's alleged injuries pre-existed the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

12.

State each and every fact supporting your contention that the Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

13.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of moral turpitude and/or felony, please identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

14.

What do you contend caused the incident underlying this litigation?

15.

State each and every fact supporting your contention that you are not the sole proximate cause of the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

16.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the incident underlying this litigation?

17.

Do you contend that any of the named Defendants have been improperly named as parties to this action and/or that improper or incorrect agents for service were utilized to effectuate service upon the Defendants?  If your answer to either of these inquiries is "yes", please provide a detailed explanation as to why you contend that the named Defendants have been improperly

named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

18.

Do you contend that venue is improper in this court as to any of the named Defendants, jurisdiction is lacking over any of the named Defendants in this Court, or that service of process has been deficient on any of the named Defendants in this matter?  If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

19.

With regard to the vehicle being operated at the time of the subject incident, please identify:

(a)     the owner of the vehicle;

(b)     the frequency with which you drove the vehicle;

(c)     who paid for the gas and maintenance on the vehicle; and

(d)     if you did not own the vehicle, state whether or not you had the permission of the owner to be driving the vehicle at the time of the subject incident.

20.

Do you have a driver's license?  If so, please state when you first acquired any driver's license, what type it is, and what are/were the restrictions on it.

21.

At any other time, either before or after the subject incident, have you ever been arrested for driving under the influence or for any other drug or alcohol related charge?

22.

What is your citizenship and identify any documents supporting your contention.

23.

For each request to admit that you denied, please identify:

(a)    each eyewitness that will testify to those facts supporting your denial; and

(b)    each and every document or tangible piece of evidence that will evidence facts supporting your denial.

24.

Please state whether you had a cell phone at the time of this incident and, if so please provide the cell phone provider, telephone number and the name under which the phone was listed.

25.

Describe in detail your activities for the 24 hours before the accident and for the 24 hours after the accident. Include in your response where you were going the time of the accident, and the purpose of your trip.

26.

Please identify all social media sites (e.g., Facebook, Google+, Instagram, MySpace, Twitter, LinkedIn, etc.) you have used, beginning on the date of this accident through the present date.

## III.    REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 7.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Any and all taped or written statements taken from Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendants or Defendants' insurer(s).

10.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

A copy of the title and tag registration on the vehicle you were driving at the time of the subject incident.

12.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Interrogatory No.16.

13.

A copy of your current driver's license and all drivers' licenses you have held in the past five (5) years.

14.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

15.

Any and all documents related to the medical treatment Plaintiff received prior to the subject incident.

16.

Any and all documents which you contend in any way impeach or discredit the Plaintiff.

17.

For any document which has not been produced on grounds of privilege, please state the following:

(a)     the date each document was generated;

(b)     the person generating each document;

(c)     the present custodian of each document; and

(d)     a description of each document.

*These Interrogatories and Request for Production of Documents are served upon you together with Plaintiff's Complaint.*

This 31st day of March, 2023.

By:     */s/ Sheila Bilimoria*
        Sheila L. Bilimoria, Esq.
        Georgia Bar No. 781372
        Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343
Tel: (404) 965-8857
Fax: (404) 720-3797
sbilimoria@forthepeople.com

- 12 -

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DEBORAH JACKSON,<br><br>        **Plaintiff,**<br><br>**vs.**<br><br>**JOAQUIN MARTINEZ, JOHN CHRISTNER TRUCKING, LLC, and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP,**<br><br>        **Defendants.** | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

<u>**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**</u>
<u>**TO DEFENDANT JOHN CHRISTNER TRUCKING, LLC**</u>

TO:    John Christner, LLC
         c/o Corporate Secretary
         19007 West Highway 33
         Sapulpa, OK 74066

COMES NOW Plaintiff, Deborah Jackson, hereby requests that Defendant John Christner Tucking, LLC, admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

The matters requested admitted are the following:

1.

Please admit that Defendant Martinez was personally served with the Summons and Complaint in the above-styled action.

2.

Please admit that this Defendant has been properly served with process in this action.

3.

Please admit that this Defendant raises no defenses as to insufficiency of process or insufficiency of service in this action.

4.

Please admit that venue for the above-styled case is proper in Fulton County, Georgia.

5.

Please admit that this Court has jurisdiction over this Defendant for the purpose of this lawsuit.

6.

Please admit that Defendant Martinez was the employee of Defendant John Christner Tucking, LLC at the time of the subject collision.

7.

Please admit that Defendant Martinez was operating the 2021 Freightliner Cascadia at the time of the collision in the course and scope of this employment with Defendant John Christner Tucking, LLC

8.

Please admit that Defendant Martinez was driving the subject 2021 Freightliner Cascadia

- 2 -

within the course and scope of this agency relationship with Defendant John Christner Tucking, LLC at the time of the collision-in-suit.

9.

Please admit that Defendant Martinez was driving the subject 2021 Freightliner Cascadia within the course and scope of his contractual relationship with Defendant John Christner Tucking, LLC at the time of the collision-in-suit.

10.

Please admit that Defendant Martinez was driving the subject 2021 Freightliner Cascadia within the course and scope his lease relationship with Defendant John Christner Tucking, LLC at the time of the collision-in-suit.

11.

Please admit that Defendant John Christner Tucking, LLC is liable under the doctrine of respondeat State for the negligent acts and omissions of Defendant Martinez, at the time of the subject collision.

This 31st day of March, 2023.

Respectfully submitted,

*/s/ Sheila Bilimoria*
Sheila Bilimoria, Esq.
Georgia Bar No.: 781372
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343
Tel: (404) 965-8857
Fax: (404) 720-3797
sbilimoria@forthepeople.com

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DEBORAH JACKSON,<br><br>               **Plaintiff,**<br><br>vs.<br><br>**JOAQUIN MARTINEZ, JOHN CHRISTNER TRUCKING, LLC, and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP,**<br><br>             **Defendants.** | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT JOHN CHRISTNER TRUCKING, LLC

To:   John Christner Trucking, LLC
      c/o Corporate Secretary
      19007 West Highway 33
      Sapulpa, OK 74066

Plaintiff hereby requests that John Christner Trucking, LLC answer in writing and under oath the following Interrogatories within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-33. In responding, Defendant is requested to furnish such information as is available to defendant. To the extent any information called for is objected to upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege.

### Instructions

1.

You must answer each interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reason for the objection must be stated in place of the answer.

2.

- 1 -

If you object to one or part of an interrogatory or request, but provide an answer subject to or "without waiving" your objection, state whether you are (a) providing all responsive information or documents anyway, or (b) withholding information or documents. If you are withholding documents, please identify them, providing enough information for this party and the court to determine whether the documents or information should be withheld.

3. Where knowledge or information of defendant is requested, this request includes knowledge of Defendant's agents, representatives, and, unless privileged, defendant's attorney.

4.

Where the name of a person is requested, indicate the full name, home address, business address and telephone numbers of the person or persons.

5.

Each interrogatory and each subpart of each interrogatory must be given a separate answer. Interrogatories or subparts must not be combined for the purpose of supplying a common answer. The answer to an interrogatory or subpart must not be supplied by referring to another interrogatory or subpart, unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

6.

If you cannot provide an exact answer to an interrogatory, please provide your best estimate of the information requested.

7.

These interrogatories will be deemed continuing in order to require supplemental answers so that your answers remain accurate and complete if you or your attorneys obtain any further information between the time answers are served and the time of trial.

8.

Any objections to the interrogatories must be signed by the attorney or unrepresented party making them.

**Definitions**

For the purposes of these interrogatories, the following definitions should be used:

1.

The term "person" means, unless otherwise specified, the plural as well as the singular, and includes any natural person, corporation, partnership, joint venture, association, government agency, group, organization, and every other form of entity cognizable at law.

2.

The term "document" means and includes all written and graphic matter of every kind and description, whether printed or produced by any process or by hand, whether final draft or reproduction, whether in the actual or constructive possession, custody or control of you, including any and all letters, correspondence, memoranda, notes, statements, transcripts, files, charters, articles of incorporation, securities, bonds, stocks, certificates of deposit, evidences of debt, contracts, agreements, licenses, memoranda or notes of telephone or personal conversations, work papers, tapes, charts, reports, books, ledgers, telegrams, sound recordings, books of account, customer account statements, financial statements, catalogs, checks, check stubs, and written statements of witnesses or other persons having knowledge of the pertinent facts, whether or not these documents are claimed to be privileged against discovery on any ground.

3.

- 3 -

"You" or "your" means the person or entity to which the request or subpoena is directed; his, her, or its agents, representatives, attorneys, experts, investigators, insurers, executors, administrators; or anyone acting on behalf of the foregoing.

4.

The term "identify" means, when used with reference to an individual person, organization or corporation, to state his or her full name, addresses, home and business telephone numbers, present or last known position and business affiliation and position and business affiliation at the time in question. The term "identify" further means, when used with reference to a document, to state the date it was created, its author, the signatory, if different, the addressee, the recipient of all copies, the type of document (e.g., chart, memorandum, letter) and its present or last known custodian.

5.

"Describe" means state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and (i) the identity of each person or entity involved or having any knowledge of each fact and opinion relating to what is described, (ii) the identity of each document evidencing the answer given or relating, referring or pertaining in any way to what is disclosed in the answer, and (iii) all relevant or material dates or time periods.

**INTERROGATORIES**

1.

State the name, address and job title of the person answering these interrogatories.

2.

State the full and correct name of the Defendant John Christner Trucking, LLC business entity and all parent companies and subsidiaries. If you have been incorrectly identified in this action, please indicate so.

3.

Please state the name and address of the owner(s) of the vehicle that was involved in the incident described in the Plaintiff's Complaint.

4.

Please state the full name, address, date of birth, employer and social security number of the driver of the truck involved in the motor vehicle collision with Plaintiff Deborah Jackson on April 4, 2022.

5.

Please state whether the driver of the truck involved in the motor vehicle collision with Plaintiff Deborah Jackson on April 4, 2022, was employed by Defendant John Christner Trucking, LLC on the date of the collision.  If so, describe his position and when he began working for Defendant John Christner Trucking, LLC. If this person was not an employee of Defendant John Christner Trucking, LLC, state the nature of the business relationship between the driver and Defendant John Christner Trucking, LLC.

6.

If you contend Defendant Martinez. was not acting within the course and scope of his employment at the time of the collision, please state each and every fact upon which you rely to base this claim and the name, address, and employer of each and every person who has knowledge of such information.

7.

Immediately following the collision of April 4, 2022, please state:

    a. The person at Defendant John Christner Trucking, LLC who was first notified of the accident;

    b. The date and time this person was notified;

    c. Whether anyone created a written record of the accident, and if so, whom;

        i. If this record kept in any vehicle accident investigation file or its equivalent;

        ii. If this record kept in the ordinary course of business.

8.

State the names, addresses and job titles of those persons you have interviewed in answering these interrogatories.

9.

Has Defendant John Christner Trucking, LLC or anyone acting on its behalf, taken or received any statement, either orally or in writing, from any person, relating to this collision? If so, please state the name of the person who gave the statement, who took the statement, its date, its substance, and whether counsel may obtain a copy of any such statement.

10.

At the time of the incident in question:

    a. List the name of any motor vehicle insurance, excess insurance, "umbrella" coverage, general liability insurance and/or other insurance which arguably provides coverage for Defendant John Christner Trucking, LLC and for the owner of the truck;

    b. Liability coverage limit of each type of insurance identified;

- 6 -

c.  Whether there is any liability deductible and/or self-insured retention which requires payment from the Defendant; and

d.  The amount of said liability deductible or self-insured retention.

11.

Please identify each and every person you expect to call as an expert witness at the trial of this matter.  For each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

12.

List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

13.

Identify any non-party who you claim is or may be liable, in part or in whole, for the damages claimed but who has not been joined in the action as a party and the facts upon which you base this assertion.

14.

Please state what maintenance had been performed on the subject vehicle for the 6 months prior to the collision.  For each such maintenance, please state the following:

a.  What prompted the maintenance visit;

b.  Who performed the maintenance;

c.  Who diagnosed the necessity for maintenance;

d.  What diagnosis was rendered;

- 7 -

    e.  When were the repairs performed;

    f.  What, if any, parts were replaced; and

    g.  Did the problem reoccur?  If so, when?

15.

Please detail the trip/route of the truck for 48 hours prior to collision, including any stops and loading/unloading events.

16.

Please state in detail the method of calculating Defendant Martinez's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

17.

Please state all training that Defendant John Christner Trucking, LLC provides or requires for its drivers/contractors.

18.

Regarding the vehicle involved in the accident as alleged in the Complaint, state:

    a.  the name, street and mailing addresses of the individual or company the vehicle was purchased from;

    b.  any changes from the vehicle's configuration at purchase, including but not limited to optional equipment installed (and an explanation as to why each change was made);

19.

State whether the truck involved in the accident as alleged in the complaint had an on-board recording device, "black box" (ECM/DDEC/Etc.), computer, tachograph, trip monitor, trip recorder, or trip master.  If so, please identify.

- 8 -

20.

Please identify the date on which Defendant John Christner Trucking, LLC first anticipated litigation in this matter.

21.

Describe in detail Defendant John Christner Trucking, LLC's drug and alcohol compliance program, including, without limitation, your random drug and alcohol testing program.

22.

Identify the employees responsible for training Defendant John Christner Trucking, LLC's employees regarding the company's drug and alcohol policy.

23.

Describe all training provided to Defendant Martinez regarding Defendant John Christner Trucking, LLC's drug and alcohol policy and include in your answer any training manuals or safety materials provided to employees.

This 31st day of March, 2023.

*/s/ Sheila Bilimoria*
Sheila Bilimoria, Esq.
Georgia Bar No.: 781372
Attorney for Plaintiff

**MORGAN & MORGAN ATLANTA PLLC**
P.O. Box 57007
Atlanta, GA 30343-1007
(404) 965-8857 – phone
(404) 720-3797 – fax
sbilimoria@forthepeople.com

- 9 -

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DEBORAH JACKSON,** | |
| **Plaintiff,** | **CIVIL ACTION** |
| **vs.** | **FILE NO:** |
| **JOAQUIN MARTINEZ, JOHN CHRISTNER TRUCKING, LLC, and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN CHRISTNER TRUCKING, LLC

To:    John Christner Trucking, LLC
c/o Corporate Secretary
19007 West Highway 33
Sapulpa, OK 74066

Plaintiff hereby requests that Defendant produces the following documents pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at Morgan & Morgan Atlanta, PLLC, P.O. Box 57007, Atlanta, GA 30343-1007, or at such other time, date, and location agreed to by counsel for Defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

### DOCUMENTS TO BE PRODUCED

1.

Please produce any and all accident and/or incident reports and investigations prepared by Defendant John Christner Trucking, LLC, its employees and agents, as a result of the crash other than the police report.

- 1 -

2.

Please produce the accident register maintained as required in 49 CFR 390.15(b) to include the motor vehicle collision with Deborah Jackson and all accidents 3 years prior to April 4, 2022.

3.

If ISO Certified, please produce all ISO Certification documents related to driver qualification and driver safety.

4.

Please produce all documents prepared concerning all inspections performed on the vehicle involved in this accident.

5.

Please produce all leases and contracts that were in effect for the vehicle on the day of the accident.

6.

Please produce the entire personnel file of Joaquin Martinez

7.

Please produce the qualification file of Joaquin Martinez maintained pursuant to 40 CFR 391.51.

8.

Please produce the entire drug and alcohol file of Joaquin Martinez including but not limited to pre-employment, post-accident, random, reasonable suspicion, and return to duty drug and alcohol testing results maintained pursuant to 49 CFR 382.401.

9.

Please produce the entire driver investigation history file or its equivalent for Joaquin Martinez maintained pursuant to 49 CFR 391.53.

10.

Please produce any other file kept concerning Joaquin Martinez.

11.

Please produce any and all payroll and benefit records for Joaquin Martinez for five years prior to the collision to present.

12.

Please produce any and all cancelled checks of any kind paid to Joaquin Martinez for 12 months prior to the collision to present.

13.

Please produce all logs, official or unofficial, of Joaquin Martinez for one year prior to the collision to present.

14.

Please produce all records of Joaquin Martinez for the 7 days prior to the collision and for the day of the collision.  Specifically, produce the supporting

a)    Bills of lading;

b)    Carrier pros;

c)    Freight bills;

d)    Dispatch records;

e)    Driver call-in records;

f)    Gate record receipts;

g)    Weight/scale tickets;

h)   Fuel billing statements and/or summaries;

i)   Toll receipts;

j)   International registration plan receipts;

k)   International fuel tax agreement receipts;

l)   Trip permits;

m)   Lessor settlement sheets;

n)   Port of entry receipts;

o)   Cash advance receipts;

p)   Delivery receipts;

q)   Lumper receipts;

r)   Interchange and inspection reports;

s)   Over/short and damage reports;

t)   Agricultural inspection reports;

u)   Commercial vehicle safety alliance reports.

v)   Accident reports;

w)   Telephone billing statements;

x)   Credit card receipts;

y)   Driver fax reports;

z)   On-board computer reports;

aa)   Border crossing reports;

bb)   Custom declarations;

cc)   Traffic citations;

dd)   Overweight/oversize reports and citations;

ee)     And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

15.

Please produce any and all cellular and telephone records and bills of Joaquin Martinez for the day of the motor vehicle collision with Plaintiff and 7 days prior.

16.

Please produce all credit card bills and receipts for Joaquin Martinez for 4/4/2022-6/4/2022.

17.

Please produce copies of any and all fuel tax reports of Joaquin Martinez for 2021 and 2022.

18.

Please produce any and all state safety audits for Joaquin Martinez for 2017-2022.

19.

Please produce any and all federal accident reports filed for Joaquin Martinez for 2017-2022.

20.

Please produce any and all DOT inspection reports filed for Joaquin Martinez for 2017-2022.

21.

Please produce any and all long form DOT physicals for Joaquin Martinez.

22.

Please produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Joaquin Martinez for June18, 2020- June 18, 2021.

23.

Please produce any and all DOT and State inspections of the truck involved in the crash for 2019-2022.

24.

Produce any photographs taken of the truck operated by Joaquin Martinez at the scene of the collision or any time after.

25.

Please produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Joaquin Martinez for John Christner Trucking, LLC

26.

Produce copies of any and all satellite communications and email April4, 2022, as well as all recorded ECM (electronic control module), EDR (event data recorder), and/or SDM (sensing and diagnostic module) chronological data with reference to all data available, including but not limited to:

a)      Trip distance;

b)      Total vehicle driving time;

c)      Load factor;

d)      Vehicle speed limit;

e)      Maximum vehicle speed recorded;

f)      Number of hard brake incidents;

g)      Current engine speed (rpm);

h)      Maximum and minimum cruise speed limits;

i)      Total vehicle driving distance;

j)      Fuel consumption (gallons/hour);

k)      Idle time;

l)      Engine governed speed;

m)      Maximum engine speed recorded;

n)      Current throttle position;

o)      Brake switch status (on/off);

p)      Odometer;

q)      Trip driving time;

r)      Overall fuel economy (MPG);

s)      Average driving speed;

t)      Number of engine overspeeds;

u)      Number of vehicle overspeeds;

v)      Current vehicle speed (MPH);

w)      Clutch switch status (on/off);

x)      Clock

y)      Jake brake status.

27.

Produce all policies including liability, general liability, excess umbrella, and any other insurance that will cover or arguably cover damages claimed in the collision involving Deborah Jackson.

- 7 -

28.

Please produce a copy of documents evidencing the completion or non-completion of any safe driving programs by Joaquin Martinez.

29.

Please produce a copy of the driver manual, company handbook, or their equivalent issued to Joaquin Martinez.

30.

Please produce a copy of the company safety rules or its equivalent issued to Joaquin Martinez.

31.

Copy of any policies, directives, procedures or similar material which in anyway sets out, describes, or explains the Defendants' hiring process or hiring policies for commercial drivers.

32.

Copies of policies, instructions, manuals, notebooks or other prepared material dealing with driver qualification and compliance with FMCSR, §§ 391.51 through 391.53 or other similar state and federal regulations.

33.

Please produce the Permanent Unit File or its equivalent pursuant to 49 CFR 396.3 including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the truck involved in the motor vehicle collision with Deborah Jackson.

34.

Please produce the printout(s) from any commercial software program (e.g. JJ Keller's LogChecker) or customized program used to record and audit Joaquin Martinez's log book entries for 2022.

35.

A curriculum vitae or resume for each individual whom you expect to call as an expert witness during the trial of this case on the merits.

36.

Entire file of Joaquin Martinez, including correspondence, downloaded data, control module data, testing data, testing results, scene diagrams, scene photographs, measurements, etc.

37.

All original raw data and copies of printouts of any on-board recording device and on-board computer, tachography (tachometer), trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck for the 30 days before the collision through the date of the wreck.

38.

Purchase records pertaining to the vehicle involved in the accident.

39.

Records pertaining to changes from the vehicle's configuration at purchase, including but not limited to optional equipment installed on the vehicle.

This 31st day of March, 2023.

*/s/ Sheila Bilimoria*
Sheila Bilimoria, Esq. 781372
Georgia Bar No.: 781372
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
(404) 965-8857 – phone
(404) 720-3797 – fax
sbilimoria@forthepeople.com

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DEBORAH JACKSON,<br><br>            **Plaintiff,**<br>**vs.**<br><br>**JOAQUIN MARTINEZ, JOHN CHRISTNER TRUCKING, LLC, and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP,**<br><br>            **Defendants.** | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSONS TO DEFENDANT AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP

TO:    American Trucking and Transportation Insurance Company, A Risk Retention Group
       **c/o Corporate Secretary**
       228 West Main Street
       Missoula, MT 59802

COMES NOW Plaintiff, Deborah Jackson and hereby requests that defendant American Trucking and Transportation Insurance Company, A Risk Retention Group admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36.  If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter.  If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications.  If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privilege claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim. Requests for admissions are not objectionable

simply because they ask for opinions or conclusions of law as long as the legal conclusions relate to the facts of the case. *Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 486 S.E.2d 810 (1997).

Please admit each of the following:

## REQUESTS FOR ADMISSIONS

1.

John Christner Trucking, LLC is a "motor carrier" as defined in O.C.G.A. § 40-1-100.

2.

American Trucking and Transportation Insurance Company, A Risk Retention Group is an appropriate party to this action under O.C.G.A. §40-1-112(c).

3.

American Trucking and Transportation Insurance Company, A Risk Retention Group has been validly served with process in this action.

4.

Venue as to American Trucking and Transportation Insurance Company, A Risk Retention Group is appropriate in this court.

5.

American Trucking and Transportation Insurance Company, A Risk Retention Group had an insurance policy with John Christner Trucking, LLC, Policy Number ATTJCT121 in full force and effect on the date of this incident: April 4, 2022.

6.

Policy # ATTJCT121 is a commercial trucking policy.

7.

Policy # ATTJCT121 had limits of $10,000,000.00.

8.

Policy # ATTJCT121 would provide coverage for this incident in the event a jury determines John Christner Trucking, LLC legally liable for the Plaintiff's injuries in this case.

9.

The American Trucking and Transportation Insurance Company, A Risk Retention Group is in possession of pictures that depict the property damage to the vehicles involved in this incident.

10.

The pictures of Plaintiff's vehicle were taken before American Trucking and Transportation Insurance Company, A Risk Retention Group was provided with a letter of representation from Plaintiff's attorney.

11.

The pictures were taken with an electronic camera that records metadata.

This 31st day of March, 2023.

Respectfully submitted,

*/s/ Sheila Bilimoria*
Sheila Bilimoria, Esq. 781372
Georgia Bar No.: 781372
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343
Tel: (404) 965-8857
Fax: (404) 720-3797
sbilimoria@forthepeople.com

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **DEBORAH JACKSON,** | |
| **Plaintiff,** | **CIVIL ACTION** |
| **vs.** | **FILE NO:** |
| **JOAQUIN MARTINEZ, JOHN CHRISTNER TRUCKING, LLC, and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP

TO:   American Trucking and Transportation Insurance Company, A Risk Retention Group
      **c/o Corporate Secretary**
      228 West Main Street
      Missoula, MT 59802

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

- 1 -

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories.  All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, PLLC, 191 Peachtree Street N.E., Suite 4200, Atlanta, Georgia 30303 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.   DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies,

publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)   an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)   a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)   document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian.

In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## INTERROGATORIES

1.

Identify the insurer issuing the policy, the policy number, and the effective dates of the policy for all policies of insurance (primary or excess) which do, does, or may provide insurance coverage for the claims made in Plaintiff's Complaint. Plaintiff specifically requests that in response to this interrogatory, this Defendant identify any and all payouts made and insurance coverages remaining for any aggregate or single-limits policies applicable for the time period which includes the subject incident.

2.

Please state the name, business address, and business telephone number of the following persons:

(a)    Any claims representative or individual who has investigated or sought to assist in the adjusting of the claim made the basis of Plaintiff's Complaint; and

(b)    The claims representative who is responsible for handling and supervising this claim.

3.

Please identify every person who has any information about how or why the subject collision occurred, about who was at fault or any way responsible for causing this collision, and

about any other information concerning the issues of liability or damages in this case. Please list a brief description or nature of such person's knowledge (for example: eyewitness, investigating police officer, medical doctor, private investigator, etc.).

4.

Please identify any witness who has information relevant to this case who has orally, in writing, or by recording in any way given a statement or account of his or her knowledge or any information relevant to this lawsuit. Identify each such witness by giving his or her name, address, and telephone number and provide an explanation of the type statement given (oral, written, recorded, etc.). Also please identify the taker and present custodian of such statement.

5.

Please identify any person you expect to call as an expert witness, whether live, by affidavit, or by deposition in connection with the trial, any hearing or motion for evidentiary matter in this civil action, and separately for each expert identify: a) the subject matter of which such person is expected to testify; b) the substance of the facts and opinions as to which such expert is expected to testify; c) a summary of the grounds for such opinion; and d) all documents and professional references upon which such person may specifically base his or her testimony and opinions.

6.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff, or any other person did or failed to do that in any way contributed to causing the collision that forms the basis for Plaintiff's Complaint. Please supply any statutory authority where applicable.

7.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant's insured for the claims made in this lawsuit:

(a)     Name of each insurance company issuing policy;

(b)     Applicable liability limits concerning each policy;

(c)     Names of all persons and/or companies insured under each policy;

(d)     Names of the person(s) paying premiums with respect to each policy;

(e)     Policy number of each policy;

(f)     Types of insurance coverage carried;

(g)     Whether the defense of this action has been tendered to any such insurer;

(h)     Whether defense has been accepted by each such insurer to whom defense has been tendered;

(i)     Whether this Defendant's insured has made any claims under said policy or policies as a result of the occurrence herein;

(j)     The nature, extent, and amount of any such claim or claims by said insured(s);

(k)     Whether those claims have been paid by you and the amount of said payment(s); and,

(l)     Your response or reaction with respect to the request that you defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

8.

State whether this Defendant admits that the driver of the subject truck, Joaquin Martinez, negligently caused the subject occurrence. If your answer is in the negative, please explain the basis for contesting liability.

9.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to the Plaintiff's physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

10.

Please explain the nature of the employment relationship between the driver of the subject tractor trailer involved in this collision and this Defendant's named insured, including the date the employment relationship began, whether the relationship has been terminated, the date of such termination, the reason for such termination, and the identity of the person who terminated the driver.

11.

With respect to the driver of the 2021 Freightliner Cascadia involved in this occurrence, please state the following:  his date of birth; Social Security number; Driver's license number and state of issuance; his present home address; all of said driver's previous residence addresses for the past five years, including the street address, city, state, and zip code; and his mode of compensation.

12.

Please identify the following individuals as of the date of the occurrence and at present:

(a)     Person(s) responsible for the inspection, maintenance, and repair of this Defendant's insured's 2021 Freightliner Cascadia;

(b)     Safety Director;

(c)     Person(s) responsible for training employees/drivers, including Joaquin Martinez, Jr.;

(d)     Person(s) responsible for interviewing and/or hiring employees/drivers, and, specifically, driver Joaquin Martinez; and,

(e)     Person(s) responsible for supervising drivers, including Joaquin Martinez.

13.

Please state whether this Defendant, its agents, its attorneys, or its insured, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant's insured hires or allows to drive their vehicles. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the 2021 Freightliner Cascadia truck involved in the subject occurrence.

14.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insured.

15.

Please give a detailed history of any inspections, maintenance, and repairs of the 2021 Freightliner Cascadia truck which was involved in the subject collision, both prior to and subsequent to the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

16.

As to this Defendant's insured's 2021 Freightliner Cascadia truck involved in the occurrence, please state the following information: Manufacturer, make, model, year, and Vehicle Identification Number (VIN); person or entity to whom the subject tractor trailer was titled as of the date of the occurrence and at present; present location of the tractor trailer; gross vehicle rating of the tractor trailer; and wheelbase measurements.

17.

Please state whether any inspection of the subject 2021 Freightliner Cascadia truck was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the person(s) performing such inspection. Also identify any documents, reports,

photographs, videotapes, or other records which were made concerning any inspection of the vehicle.

18.

Please state whether at the time and place of the subject occurrence, Joaquin Martinez. was an employee/servant of this Defendant's insured acting within the course and scope of his employment. If your answer to this interrogatory is in any way in the negative, please also state the facts which support such response, including, but not limited to, whether Joaquin Martinez, Jr. was an employee at the time, whether he was "on the clock" at the time, and if you contend, he was on an independent "frolic" of his own, please state what facts support that contention.

19.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following: the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

20.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives or the insured(s) in connection with the subject occurrence, and if so, the place where such report is located.

21.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by Joaquin Martinez, his destination, and from where he left. Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

22.

Please identify and describe each document filed by or on behalf of John Christner Trucking, LLC with a state or government agency, or received from a state or federal agency, including, but not limited to, certificates of insurance, MC90, insurance cancellation notifications, certificate of authority, and licenses or permits to engage in interstate or intrastate authority.

23.

Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the contention which it supports or to which it otherwise relates.

## REQUEST FOR PRODUCTION

Defendant is requested to produce and identify each of the following:

1.

Please provide a copy of every picture in your possession that depicts this accident, or the vehicles involved.

- 11 -

2.

Please provide a certified copy of the insurance policy between American Trucking and Transportation Insurance Company, A Risk Retention Group and John Christner Trucking, LLC. Policy Number ATTJCT121.

3.

Please produce all documents that American Trucking and Transportation Insurance Company, A Risk Retention Group reviewed when making the decision whether or not to originate a policy of insurance with John Christner Trucking, LLC.

4.

Provide a copy of any reports from Central Analysis Bureau that related to John Christner Trucking, LLC, or any of its affiliates, sister companies, or parent companies.

This 31st day of March, 2023.

Respectfully submitted,

*/s/ Sheila Bilimoria*
Sheila Bilimoria, Esq.
Georgia Bar No.: 781372
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343
Tel: (404) 965-8857
Fax: (404) 720-3797
sbilimoria@forthepeople.com

- 12 -

State Court of Fulton County
\*\*E-FILED\*\*
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DEBORAH JACKSON,<br><br>  **Plaintiff,**<br>**vs.**<br><br>JOAQUIN MARTINEZ, JOHN CHRISTNER TRUCKING, LLC, and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP,<br><br>  **Defendants.** | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY**

TO:  **ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY**
  (AS UNINSURED/UNDERINSURED MOTORIST CARRIER)
  REGISTERED AGENT: LINDA BANKS- C T CORPORATION SYSTEM
  289 SOUTH CULVER STREET, LAWRENCEVILLE, GA 30046

Requests for admissions are not objectionable simply because they ask for opinions or conclusions of law as long as the legal conclusions relate to the facts of the case. *Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 486 S.E.2d 810 (1997).

Please admit each of the following:

1.

Your company issued an uninsured-motorist policy to this Plaintiff that was in full force and effect on the date of this incident.  Policy #: 821731503.

2.

Your company issued an uninsured-motorist policy (that was in full force and effect on the date of the accident) to someone other than this Plaintiff, but the policy covered this Plaintiff. Policy #: 821731503.

3.

Your company has been validly served with process in this action.

4.

The named defendant was negligent in the operation of a motor vehicle which resulted in the subject collision.

5.

The named defendant has been validly served with process in this action.

**This Request for Admissions is served upon you together with Plaintiff's Complaint.**

This 31st day of March, 2023.


By:    */s/ Sheila Bilimoria*_____
             Sheila L. Bilimoria, Esq.
             Georgia Bar No. 781372
             Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343
Tel:  (404) 965-8857
Fax: (404) 720-3797

sbilimoria@forthepeople.com

State Court of Fulton County
**E-FILED**
23EV001953
3/31/2023 1:42 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DEBORAH JACKSON,<br><br>      Plaintiff,<br>vs.<br><br>JOAQUIN MARTINEZ, JOHN CHRISTNER TRUCKING, LLC, and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, A RISK RETENTION GROUP,<br><br>      Defendants. | CIVIL ACTION<br>FILE NO:<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY**

TO:    **ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY**
       (AS UNINSURED/UNDERINSURED MOTORIST CARRIER)
       REGISTERED AGENT: LINDA BANKS- C T CORPORATION SYSTEM
       289 SOUTH CULVER STREET, LAWRENCEVILLE, GA 30046

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff(s)

- 1 -

within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan Atlanta, PLLC, 191 Peachtree Street N.E., Suite 4200, Atlanta, Georgia 30303 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.      Definitions

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every

copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)      an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)      a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)      document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant(s), state what disposition was made of it, why, when and by whom.

- 3 -

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.   INTERROGATORIES

1.

Identify yourself and each and every person answering, or providing information for the answering, of these interrogatories.  If more than one person has answered or provided information, please indicate who has answered which questions and provided what information.

2.

Identify each policy of insurance issued by you providing coverage to Plaintiff(s) for the collision that is the basis of this lawsuit.

3.

State the type and extent (policy limits) of coverage provided to the Plaintiff(s) in this lawsuit by each policy of insurance identified by you in answer to the preceding interrogatory.

4.

Identify all persons having knowledge of facts relevant to the subject matter of this lawsuit. For each such person, briefly describe the subject matter of his or her knowledge.

5.

Identify any potential party to this lawsuit, not already a party hereto, and state in detail your contention or opinion why any such party is identified by you as a potential party in this lawsuit.

6.

State whether or not you have a copy of any statement which the Plaintiff(s) has/have previously made concerning the action or its subject matter and which is in your possession, custody or control.

*For the purposes of the above Interrogatory, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, or recorded within a reasonable time thereafter.*

7.

State in detail your contention as to how the collision occurred and state specifically and in detail what your claim, opinion or contention will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which your claim, opinion or contention is based.

8.

If you contend or allege that Plaintiff(s) is/are not entitled to uninsured and/or underinsured motorist coverage under any policy of insurance issued by you to Plaintiff(s) for the claims in this

lawsuit, specifically set forth the basis of your contention, and identify each document and witness relied upon by you to support that contention or allegation.

9.

If you contend that you are entitled to offset in this lawsuit for any money paid by you to Plaintiff(s) under the provisions of any policy of insurance providing coverage to Plaintiff(s), please set forth:

(a) Each and every specific provision of that policy on which you rely; and

(b) Each and every specific provision of law, on which you rely.

10.

Do you dispute that the Defendant(s) was/were an underinsured motorist at the time of the collision made the basis of this lawsuit?  If so, please set forth in detail the basis for your dispute, and identify each document and witness relied upon by you to support that contention or allegation.

11.

Describe in detail any relevant conversations you (or any of your representatives) have had with:

(a) Plaintiff(s) (or any of Plaintiff(s) representatives;

(b) Any law enforcement official, following the collision but prior to the filing of this lawsuit; and

(c) Any other person, following the collision but prior to the filing of this lawsuit.

12.

Describe any information you have, or any reason you have, to believe that Plaintiff'(s) medical treatment, claimed to have been incurred as a result of the collision, was not reasonable and necessary, and identify the source(s) of your information supporting that indication or belief.

13.

Describe any information you have, or any reason you have, to believe that the Plaintiff'(s) medical expenses, claimed to have been incurred as a result of the collision, were not reasonable or customary, and identify the source(s) of your information supporting that indication or belief.

14.

Does your insurance company allege that the claims of Plaintiff(s) in this lawsuit are "minor impact" or "low damage" or "minor impact-soft tissue" claims?  If so, please state in detail the reasons for that consideration, and identify the source(s) of your information supporting your allegation.  If not, please state in detail the reasons for that consideration, and identify the source(s) of your information supporting your allegation.

15.

Please list all persons that your insurance company plans to call as an expert in this case (either at trial or any other hearing).  For each person listed, please state the following:

(a) Each person's name, residence address, office address, office telephone number, and area of expertise of specialty;

(b) The subject matter upon which said persons are expected to testify; and

(c) The substance of the facts and opinions to which such experts are expected to testify.

16.

Describe in detail any settlement, agreement, deal, or other understanding of any kind whatsoever, tentative or reached with any other person, firm, corporation, partnership, insurer, or legal entity whatsoever in respect to this lawsuit (oral, written, or otherwise). This interrogatory seeks but is not limited to information concerning agreements or understandings of any kind whatsoever, including past, present, or future settlements, deals, agreements, understandings, and conduct by or between you and any other person or legal entity whatsoever.

17.

Please set forth in detail every contention and opinion you allege supports any affirmative defense raised in your Answer to Plaintiff'(s) Complaint.

**III.    Requests for Production**

1.

Any and all documents, inclusive of written or recorded statements or writings or memoranda made or prepared (whether manually, mechanically or electronically) by you (or your

representative) in support of any allegation that you are not liable to Plaintiff(s) for any collision made the basis of this lawsuit.

2.

Any and all documents and things, including pictures, videotapes, audio tapes, diagrams, graphs, surveys, measurements, or other written or pictorial descriptions in support of any allegation that Plaintiff(s) should not recover those damages claimed in this lawsuit.

3.

Any and all tape recordings or electrical or mechanical recordings or transcriptions of any type or nature evidencing communications and statements by or between any Plaintiff(s), his/her/their agents, representatives, servants or employees, and your insurance company, its agents, representatives, servants and employees, relating to the allegations of Plaintiff(s) in this lawsuit.

4.

Any document that reflects, refers to, evidences, relates or describes any claim upon which your insurance company may rely against Plaintiff(s).

5.

Any and all documents identified by you in response to interrogatories submitted to you by Plaintiff(s).

6.

Any documents consisting of, evidencing, referring or relating to any communications, written or oral, by or between your insurance company's agents, representatives, servants or employees, and Plaintiff(s) from the date of the collision made the basis of this lawsuit to the present time.

7.

Any documents consisting of, evidencing, referring or relating to any communications or reports, written or oral, in person or by telephone, by or between your insurance company's agents, representatives, servants or employees, and your insurance company's testifying experts.

8.

Any documents consisting of, evidencing, referring or relating to any communications or reports, written or oral, in person or by telephone, by or between Defendant's(s) agents, representatives, servants or employees, and Defendant'(s) consulting experts, whose opinion or report may be relied upon by any of your insurance company's testifying experts.

9.

Copies of checks paid by your insurance company for any reason to any person in payment of claims asserted as a result of the collision made the basis of this lawsuit.

10.

A complete copy of every insurance policy, including all attachments, riders and addenda, issued by your insurance company to or for the benefit of Plaintiff(s) at any time heretofore, including but not limited to any policy described in answer to Plaintiff'(s) interrogatory no. 2., propounded to you.

11.

A copy of the policy of auto insurance providing uninsured/underinsured motorist coverage to Plaintiff(s) for any collision made the basis of this lawsuit.

12.

All documents evidencing your company policy of taking an offset of benefits paid against uninsured/underinsured motorist claims made by an injured passenger in a vehicle insured by you in Georgia.

13.

A copy of any damage appraisal and/or repair invoice regarding Plaintiff'(s) vehicle, made subsequent to the collision, which is the subject of this litigation.

14.

Copies of any and all statements previously made by Plaintiff(s) concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff(s) hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff(s) hereto and contemporaneously recorded.

- 11 -

15.

Any and all drawings, maps or sketches of the location of the collision which is the subject of this litigation.

16.

Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the collision which is the subject of this litigation, or any damages resulting from this collision.

17.

A copy of any movies, photos, videotapes, or pictures made of any relevant matter in this lawsuit.

18.

A copy of any tape-recorded conversations wherein Plaintiff(s) is/are a participant in any such conversation.

19.

Any and all experts' reports, which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause as an expert. If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to Plaintiff'(s) attorney.

20.

Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

21.

Any and all work papers, notes and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

22.

A curriculum vita or resume for each individual whom you may call as an expert witness at the trial of this case.

23.

All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

24.

With regard to any expert employed by you in this case, produce copies of the front and back of canceled checks evidencing payments made by you at any time for work performed by any such expert (whether testifying or consulting).

- 13 -

25.

All investigative and/or incident "reports" generated by or on your behalf prior to your being aware of an outward manifestation from the Plaintiff(s) of intent to bring the instant lawsuit relevant to the following:

(a)     The subject matter of the instant lawsuit;

(b)     The collision;

(c)     Your personnel (agents, representatives, officers and employees) that were on the premises in question at the time of the incident;

(d)     Potential witnesses and persons having knowledge of facts relevant to or regarding the collision and/or the circumstances that existed immediately prior to, during and/or after the collision.

26.

Any and all photographs, videotapes or other drawings, depiction's, or sketches that you have of the location of the collision or any other matter relating to this case.

27.

Copies of any witness fact statements (including statements made by Plaintiff(s) or by the investigating officer) that are relevant to the collision.

28.

A copy of any movies, videotapes, survey or plat or other reproduction of the location of the collision which is the subject of this litigation.

29.

Any and all photographs, videotapes or other drawings, depiction's, or sketches that you have of the vehicles involved in the collision.

30.

All documents and other tangible things, which constitute and contain matters relevant to the subject matter of this lawsuit, prepared by or relied upon by your testifying expert or by any lay person intended by you to testify in this case at time of trial. (Your response to this Request for Production will of necessity contain all documents or tangible things, which you intend to introduce as evidence at time of trial. We will object to the offering of any documents or tangible things at the time of trial that are not produced in your response to this Request for Production).

***These Interrogatories and Request for Production of Documents are served upon you together with Plaintiff's Complaint.***

This 31st day of March, 2023.

By:     ***/s/ Sheila Bilimoria***
Sheila L. Bilimoria, Esq.
Georgia Bar No. 781372
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.

- 15 -

P.O. Box 57007
Atlanta, Georgia 30343
Tel:  (404) 965-8857
Fax: (404) 720-3797
sbilimoria@forthepeople.com