# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **SHAHANEY ALVARES,** | **CIVIL ACTION FILE NO.** |
| Plaintiff, | |
| v. | |
| **BENJAMIN MCGINNIS, MOELLER TRUCKING, INC., ARCH INSURANCE COMPANY, ARCH INSURANCE GROUP, INC., and ARCH INSURANCE SOLUTIONS, INC.,** | **REMOVED FROM THE STATE COURT OF HENRY COUNTY, GEORGIA CIVIL ACTION FILE NO. STSV2023000587** |
| Defendants. | |

## DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COME NOW **BENJAMIN MCGINNIS, MOELLER TRUCKING, INC., ARCH INSURANCE COMPANY**, **ARCH INSURANCE GROUP, INC.**, and **ARCH INSURANCE SOLUTIONS, INC.,** (hereinafter "Defendants"), and file the following Notice of Removal to United States District Court, showing the Court as follows:

101082416.1

1. A civil action was filed on or about March 28, 2023, in the State Court of Henry County, State of Georgia. That action is designated there as Civil Action File No.: STSV2023000587. Defendants Arch Insurance Company, Arch Insurance Group, Inc., and Arch Insurance Solutions, Inc. (collectively, "the Arch Defendants") were served on or about March 30, 2023, which is the first time the Arch Defendants had notice of the suit. The Arch Defendants were the first defendants served in this case. Defendant Benjamin McGinnis was served on April 5, 2023. Defendant Moeller Trucking, Inc. was served on April 18, 2023. This notice of removal is timely filed. The amount in controversy exceeds $75,000.00. Plaintiff's complaint outlines past medical expenses in excess of $28,917.18 and also makes claims for future medical expenses, lost wages, and "other necessary expenses."

2. Defendants attach hereto a copy of the Summons and Complaint in State Court of Henry County, State of Georgia, marked as Exhibit "A."

3. Defendants file herewith a copy of all process, pleadings, and orders received by Defendants in Civil Action File No.: STSV2023000587, pursuant to 28 U.S.C. § 1446, attached hereto as Exhibit "B."

4. Defendant Arch Insurance Company is now, was at the commencement of Civil Action File No.: STSV2023000587, and at all times since has been a

corporation organized and existing under the laws of the State of Missouri. (Pl.'s Compl. ¶ 4).

5. Defendant Arch Insurance Company's Principal Place of Business at the time of filing of Civil Action File No.: STSV2023000587, and at all times since has been located in the State of New Jersey.

6. Defendant Arch Insurance Group, Inc. is now, was at the commencement of Civil Action File No.: STSV2023000587, and at all times since has been a corporation organized and existing under the laws of the State of Delaware. (*Id.* ¶ 5).

7. Defendant Arch Insurance Group, Inc.'s Principal Place of Business at the time of filing of Civil Action File No.: STSV2023000587, and at all times since has been located in the State of New Jersey.

8. Defendant Arch Insurance Solutions, Inc. is now, was at the commencement of Civil Action File No.: STSV2023000587, and at all times since has been a corporation organized and existing under the laws of the State of Delaware. (*Id.* ¶ 6).

9. Defendant Arch Insurance Solutions, Inc.'s Principal Place of Business at the time of filing of Civil Action File No.: STSV2023000587, and at all times since has been located in the State of Maryland.

10. Defendant Moeller Trucking, Inc. is now, was at the commencement of Civil Action File No.: STSV2023000587, and at all times since has been a corporation organized and existing under the laws of the State of Ohio.  (*Id.* ¶ 3).

11. Defendant Moeller Trucking, Inc.'s Principal Place of Business at the time of filing of Civil Action File No.: STSV2023000587, and at all times since has been located in the State of Ohio.  (*Id.*).

12. Defendant Benjamin McGinnis was at the commencement of Civil Action File No.: STSV2023000587, and at all times since has been a citizen and resident of the State of Florida.  (*Id.* ¶ 2).

13. Upon information and belief, Plaintiff is an individual residing in the State of Georgia.  (*Id.* ¶ 1).

14. The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441 *et seq.*, in that there is complete diversity among the Parties, the Parties are not residents of the same State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

    a. The amount in controversy exceeds $75,000.00.

101082416.1

-4-

b. Plaintiff's complaint outlines medical expenses in excess of $28,917.18 and also makes claims for future medical expenses, lost wages, and "other necessary expenses." (*Id.* ¶ 31).

c. "Amount in controversy" simply means the amount sought by Plaintiff that can be legally awarded by the factfinder. "The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are: In other words, an amount that a plaintiff claims is not 'in controversy' if no fact finder could legally award it." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). "[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). In a tort case the amount in controversy includes "general, special, and punitive damages." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

d. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's

Complaint and Plaintiff's Demand that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

e. In an e-mail to Defendants' counsel dated April 21, 2023, Plaintiff made a demand in the amount of $175,000. (*See* Declaration of David R. Carducci, attached hereto as "Exhibit C"). Pursuant to 28 U.S.C. §1446 (c)(2)(A), Defendants state the amount in controversy exceeds the sum of $75,000, as Plaintiff has alleged that, as a result of the incident, she incurred special damages, including past/future medical expenses and lost wages, and suffered general damages, including pain and suffering, a loss of ability to labor, and an inability to lead a normal life. (Pl.'s Compl. ¶¶ 31–32).

f. The Court should infer from Plaintiff's purported damages, including her alleged past, present and future claims for damages and Plaintiff's demand letter, that she is seeking recovery in an amount in excess of this Court's jurisdictional minimum.[1] Plaintiff's allegations weigh

---

[1] However, if the Court finds that the amount in controversy is not facially apparent from the Complaint, Defendants request leave to conduct limited discovery with respect to damages, so that they may demonstrate the amount in controversy is satisfied. *See, e.g.*, *Shannon v. Albertelli Firm, P.C.*, No. 4:13-CV-0265-HLM, 2014

heavily in favor of finding the Complaint states an amount in controversy in excess of $75,000.00. *See, e.g.*, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064–65 (11th Cir. 2010) (concluding that when the value of the plaintiff's claims were analyzed with judicial experience and common sense, the amount in controversy likely exceeded the $75,000 threshold); *Carr v. Halloway*, Civil Action No. 5:09-cv-327 (HL), 2010 U.S. Dist. LEXIS 104878, at *8-9 (M.D. Ga. Oct. 1, 2010) (finding that, based on the Court's judicial experience and common sense, the plaintiff's claim likely would result in a pain and suffering award that would bring Plaintiff's case in excess of $75,000.00 even though plaintiff did not assign dollar figures to the amount of his claimed damages for pain and suffering); *Viens v. Wal-Mart Stores,* Civ. No. 3:96cv02602(AHN), 1997 U.S. Dist. LEXIS 24029, at *1 (D. Conn. 1997) (concluding that the combination of the victim's lost wage claim and her lumbar spine injury claim established that there was a reasonable probability that the amount in controversy exceeds the jurisdictional minimum); *Gebbia v. Wal-Mart Stores, Inc.*,

---

U.S. Dist. LEXIS 185636, at *14 (N.D. Ga. Jan. 21, 2014) (noting in some cases the defendant may need to provide additional evidence demonstrating removal is proper. (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)).

233 F. 3d 880, 882 (5th Cir. 2000) (holding the amount in controversy was facially apparent from the pleadings where the plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and disfigurement). In sum, Plaintiff's allegations in her Complaint make clear that her claim for damages satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a).

15   Defendants attach hereto a copy of Defendants' Notice of Removal which has been sent for filing in the State Court of Henry County, State of Georgia, marked as Exhibit "D."

16.   All Defendants agree to this removal.

WHEREFORE, Defendants pray that the above action now pending against it in the State Court of Henry County, State of Georgia, be removed to this Court.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted this 1st day of May, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*
JAMES E. GILSON
Georgia Bar No. 001150
DAVID R. CARDUCCI
Georgia Bar No. 477814
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1775
T: (404) 954-5000 | F: (404) 954-5020
jgilson@hallboothsmith.com
dcarducci@hallboothsmith.com
**DEFENDANTS DEMAND
TRIAL BY JURY**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **SHAHANEY ALVARES,** | **CIVIL ACTION FILE NO.** |
| Plaintiff, | |
| v. | |
| **BENJAMIN MCGINNIS, MOELLER TRUCKING, INC., ARCH INSURANCE COMPANY, ARCH INSURANCE GROUP, INC., and ARCH INSURANCE SOLUTIONS, INC.,** | **REMOVED FROM THE STATE COURT OF HENRY COUNTY, GEORGIA CIVIL ACTION FILE NO. STSV2023000587** |
| Defendants. | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** upon all parties to this matter by filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Kenneth P. Raley, III
Kaufman Law, P.C.
9450 SW Gemini Drive
PMB 44896
Beaverton, OR 97008
kr@kaufmanlawfirm.com

Respectfully submitted this 1st day of May, 2023.

                       **HALL BOOTH SMITH, P.C.**

                       */s/ James E. Gilson*
                       JAMES E. GILSON
                       Georgia Bar No. 001150
                       DAVID R. CARDUCCI
                       Georgia Bar No. 477814
                       *Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1775
T: (404) 954-5000 | F: (404) 954-5020
jgilson@hallboothsmith.com
dcarducci@hallboothsmith.com
**DEFENDANTS DEMAND**
**TRIAL BY JURY**