⚖ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

STSV2023000587
SNK

MAR 28, 2023 04:52 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **SHAHANEY ALVARES,** | |
|      **Plaintiffs,** | |
| **vs.** | **CIVIL ACTION** |
| **BENJAMIN MCGINNIS, MOELLER TRUCKING, INC., ARCH INSURANCE COMPANY, ARCH INSURANCE GROUP, INC., and ARCH INSURANCE SOLUTIONS, INC.,** | **NO.** |
|      **Defendants.** | |

## COMPLAINT

COMES NOW SHAHANEY ALVARES, Plaintiff, by and through their undersigned counsel, and hereby file this Complaint against the above-named Defendants and shows this Honorable Court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff SHAHANEY ALVARES (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia and is the proper party to bring a claim for her personal injuries.

2.

Defendant BENJAMIN MCGINNIS (hereinafter "Defendant MCGINNIS") is a resident of the State of Florida and may be served with a second original of the Summons and Complaint at his last known address, located at 1215 Windhorst Ridge Drive, Hillsborough County, Brandon, Florida 33510-3122.   When served, Defendant MCGINNIS will be subject to the jurisdiction and venue of this Honorable Court.

3.

Defendant MOELLER TRUCKING, INC. (hereinafter "Defendant MOELLER TRUCKING") is a foreign corporation organized and existing under the laws of the State of Ohio, but is not registered to do business in the State of Georgia. Defendant MOELLER TRUCKING  may be served with a second original of the Summons and Complaint by serving its registered agent, Gary Moeller, located at 6422 SR 119, Mercer County, Maria Stein, Ohio 45860.

4.

Defendant ARCH INSURANCE COMPANY is a foreign property and casualty insurer, which is registered to transact business within the State of Georgia and is domiciled in the State of Missouri. Defendant ARCH INSURANCE COMPANY may be served with a second original of the Summons and Complaint by serving its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Gwinnett County, Peachtree Corners, Georgia, 30092.

5.

Defendant ARCH INSURANCE GROUP, INC. (hereinafter "Defendant ARCH INSURANCE GROUP") is a foreign property and casualty insurer, which is registered to transact business within the State of Georgia and is domiciled in the State of Delaware.  Defendant ARCH INSURANCE GROUP may be served with a second original of the Summons and Complaint by serving its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Gwinnett County, Peachtree Corners, Georgia, 30092.

6.

Defendant ARCH INSURANCE SOLUTIONS, INC. (hereinafter "Defendant ARCH INSURANCE SOLUTIONS") is a foreign property and casualty insurer, which is registered to transact business within the State of Georgia and is domiciled in the State of Delaware. Defendant

ARCH INSURANCE SOLUTIONS may be served with a second original of the Summons and Complaint by serving its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Gwinnett County, Peachtree Corners, Georgia, 30092.

7.

Venue is proper in this Court and this Court has personal jurisdiction over the Defendants.

## FACTS

8.

Plaintiff incorporates by reference paragraphs 1 through 7 of this Complaint as if set forth fully herein.

9.

On October 27, 2021, at approximately 9:50 p.m., Plaintiff was driving a 2014 Ford Fiesta, stopped in traffic in the northbound direction of travel on Interstate 75, located north of Highway 138, in Henry County, Georgia.

10.

On October 27, 2021, at approximately 9:50 p.m., Defendant MCGINNIS was operating a 2017 Francis Travel tractor-trailer, traveling northbound stopped in traffic in the northbound direction of travel on Interstate 75, located north of Highway 138, in Henry County, Georgia.

11.

At all times pertinent to this Complaint, Defendant MCGINNIS was an agent and/or employee of Defendant MOELLER TRUCKING.

12.

At all times pertinent to this Complaint, the 2017 Francis Travel tractor-trailer International operated by Defendant MCGINNIS was owned by Defendant MOELLER TRUCKING.

13.

Suddenly, and without warning, Defendant MOELLER TRUCKING employee/agent Defendant MCGINNIS caused the 2017 Francis Travel tractor-trailer International, owned by Defendant MOELLER TRUCKING, he was operating to reverse on Interstate 75 and strike the front of 2014 Ford Fiesta Plaintiff was operating.

14.

The collision was violent and destructive. Plaintiff was physically injured and the vehicle she was operating suffered damage.

## COUNT I – NEGLIGENCE

15.

Plaintiff incorporates by reference paragraphs 1-14 of this Complaint as if set forth fully herein.

16.

At the time of the subject incident, Defendant MCGINNIS was employed by Defendant MOELLER TRUCKING as a commercial truck driver.

17.

At the time of the subject incident, Defendant MCGINNIS was operating Defendant MOELLER TRUCKING's 2017 Francis Travel tractor-trailer with the permission of Defendant MOELLER TRUCKING.

18.

At the time of the subject incident, Defendant MCGINNIS was operating Defendant MOELLER TRUCKING's 2017 Francis Traveler tractor-trailer within the course and scope of his employment with Defendant MOELLER TRUCKING.

19.

Defendant MCGINNIS owed a duty to Plaintiff to exercise, proper, ordinary and

reasonable care and to follow the laws of the State of Georgia in the operation of Defendant MOELLER TRUCKING's tractor- trailer.

20.

Defendant MCGINNIS was negligent and breached the duty he owed to Plaintiff to exercise proper, ordinary and reasonable care and to follow the laws of the State of Georgia in the operation of Defendant MOELLER TRUCKING's tractor-trailer.

21.

Defendant MOELLER TRUCKING, acting through its agent/employee Defendant MCGINNIS, is liable for the collision that forms the basis of Plaintiff's Complaint.

## COUNT II – NEGLIGENCE *PER SE*

22.

Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as if set forth fully herein.

23.

Defendant MCGINNIS, as agent/employee of Defendant MOELLER TRUCKING, was negligent in the following respects:

    (a)    In failing to make a proper and reasonable observation while driving Defendant MOELLER TRUCKING'S 2017 Francis Travel tractor-trailer or, if reasonable and proper observation were made, failing to act thereon;

    (b)    By improperly backing Defendant MOELLER TRUCKING's 2017 Francis Travel tractor-trailer on the roadway of a controlled-access highway in violation O.C.G.A. § 40-6-240;

    (c)    In driving Defendant MOELLER TRUCKING'S 2017 Francis Travel tractor-trailer without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity, in violation of

O.C.G.A. § 40-6-241;

(d)     In driving Defendant MOELLER TRUCKING'S 2017 Francis Travel tractor-
        trailer in reckless disregard for the safety of persons and/or property, in violation of
        O.C.G.A. § 40-6-390; and

(e)     In committing other negligent and reckless acts and omissions as may be shown by
        the evidence and proven at trial.

24.

Defendant MCGINNIS's violation of the aforementioned statutory duties of care as an
agent/employee of Defendant MOELLER TRUCKING constitutes negligence *per se*.

## COUNT III – DIRECT ACTION

25.

Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as if set
forth fully herein.

26.

Defendants ARCH INSURANCE COMPANY, ARCH INSURANCE GROUP, and
ARCH INSURANCE SOLUTIONS were the insurers of Defendant MOELLER TRUCKING at
the time of the collision, which is the basis of this Complaint, and issued a liability policy to comply
with the filing requirements under Georgia law for intrastate and interstate transportation.

27.

Defendants ARCH INSURANCE COMPANY, ARCH INSURANCE GROUP, and
ARCH INSURANCE SOLUTIONS and Defendant MOELLER TRUCKING are subject to the
filing requirements outlined in O.C.G.A. § 40-2-140.

28.

Defendants ARCH INSURANCE COMPANY, ARCH INSURANCE GROUP, and

ARCH INSURANCE SOLUTIONS are subject to a direct action as the insurer for Defendant MOELLER TRUCKING pursuant to O.C.G.A. § 40-2-140.

29.

Defendants ARCH INSURANCE COMPANY, ARCH INSURANCE GROUP, and ARCH INSURANCE SOLUTIONS are responsible for any judgment rendered against Defendant MOELLER TRUCKING and Defendant MCGINNIS up to their policy limits of coverage.

## **DAMAGES**

30.

Plaintiff incorporates by reference paragraphs 1 through 29 of this Complaint as if set forth fully herein.

31.

As a direct and proximate result of the negligence of Defendant MCGINNIS on October 27, 2021, acting as agent/employee of Defendant MOELLER TRUCKING, Plaintiff suffered special damages, including but not limited to $28,917.18 in past medical expenses, as well as future medical, lost wages, and other necessary expenses.

32.

As a direct and proximate result of the negligence of Defendant MCGINNIS on October 27, 2021, acting as agent/employee of Defendant MOELLER TRUCKING, Plaintiff has suffered general damages, including mental and physical pain and suffering due to the injuries to her body and nervous systems, personal inconvenience, a loss of ability to labor, plus an inability to lead a normal life.

33.

By reason of the foregoing, Plaintiff is entitled to recover special and general damages from the Defendants in an amount to be proven at trial.

## ATTORNEY'S FEES AND EXPENSES

34.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

35.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused the Plaintiff unnecessary trouble and expense.

36.

As such, Plaintiff is entitled to reasonable attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff respectfully prays and demands as follows:

(a)     That Process and Summons be issued, as provided by law, requiring Defendants to appear and answer the Complaint;

(b)     That service be had upon Defendants as provided by law;

(c)     That the Court award and enter a judgment in favor of Plaintiff and against Defendants for special damages in an amount to be proven at trial;

(d)     That the Court award and enter a judgment in favor of Plaintiff and against Defendants for general damages in an amount to be proven at trial;

(e)     That the Court award and enter a judgment in favor of Plaintiff and against Defendants for his attorney's fees and expenses, pursuant to O.C.G.A. § 13-6-11, in an amount to be proven at trial;

(f)     That all costs of this action be taxed against Defendants; and

(g)     That the Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted this <u>28th</u> day of March, 2023.


                                            <u>**/s/ Kenneth P. Raley, III**</u>
                                            Kenneth P. Raley, III
**KAUFMAN LAW, P.C.**                       Georgia Bar No. 131776
9450 SW Gemini Drive                        *Attorney for Plaintiff*
PMB 44896
Beaverton, OR 97008
(404) 355-4000 (T)
(404) 350-0909 (F)
kr@kaufmanlawfirm.com

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK

**MAR 28, 2023 04:52 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

**SHAHANEY ALVARES,**

      **Plaintiffs,**

**vs.**

**BENJAMIN MCGINNIS, MOELLER**
**TRUCKING, INC., ARCH INSURANCE**
**COMPANY, ARCH INSURANCE GROUP,**
**INC., and ARCH INSURANCE**
**SOLUTIONS, INC.,**

      **Defendants.**

**CIVIL ACTION**

**NO.**

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
## TO DEFENDANT BENJAMIN MCGINNIS

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, within forty-five (45) days after service hereof Defendant BENJAMIN MCGINNIS (hereinafter "Defendant MCGINNIS") is hereby requested to respond separately and under oath to the Interrogatories contained herein.

In answering the following interrogatories, you are requested to give full and complete answers based upon your personal knowledge as well as that of any agents, employees, investigators or attorneys who may have obtained information on your behalf. To the extent any information called for is objected to upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege.

The following Interrogatories shall be continuing in nature until the day of trial, and Defendant MCGINNIS is required to serve supplemental answers as additional information becomes available by written amendment as set forth in O.C.G.A. §9-11-26 (e) and addressed to Kaufman Law, P.C., 9450 S.W. Gemini Drive, PMB 44896, Beaverton, Oregon 97008. Any such supplemental or amended answers are to be served upon counsel for Plaintiffs within thirty days from the receipt of such information but not later than thirty days prior to trial.

Wherever appropriate, the singular form of a noun or pronoun shall include the plural form of the noun or pronoun and vice-versa, and each noun or pronoun is not intended to be gender specific and may refer to both male and female.

*Definitions*

"Defendant," "you," "your" and any synonym thereof are intended to and shall include, in addition to Defendant MCGINNIS, all agents, servants, representatives, employees, private investigators, attorneys and others who are in a position of confidence or who may have obtained information for or on behalf of Defendant MCGINNIS and all business entities with which the Defendant MCGINNIS is or has been affiliated.

"Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

"Document" is used in the broadest sense of the word to mean every writing or record of every type and description that is or has been in your possession, control, or custody, including but not limited to statements, agreements, communications, correspondence, notes and memoranda, summaries, records of telephone conversations, meetings and conferences, summaries and records of personal conversations or interviews, books, manuals, publications, diaries, laboratory and engineering reports and notebooks, charts, plans, drawings, photographs, reports and/or summaries of investigations, surveys, and/or negotiations, opinions and reports of consultants, brochures, pamphlets, advertisements, films, microfilms, videotapes, fax copies, voice recordings, other reports and records, and e-mails.

To "identify", or to state the "identity" of a person means to state the name, last known address, residential and cellular telephone numbers, and the relationship to the Defendant MCGINNIS.

## INTERROGATORIES

1.

Please identify any and all insurance agreements under which any person carrying on an insurance business (including auto, umbrella, excess, resident relative, homeowners, business policies) may be liable to satisfy part or all of a judgment against you or to indemnify or reimburse for payments made to satisfy a judgment against you and state:

     (a)     The name and address of the insurer;

     (b)     The name of the insured(s);

     (c)     The limits of coverage; and

     (d)     The policy number of each policy of insurance.

2.

With regard to each policy of insurance identified in answer to Interrogatory No.1, state whether the insurer has undertaken to defend this action, whether the insurer has acknowledged or extended coverage with respect to the incident involved herein, and whether the insurer has undertaken to defend this action under any reservation of rights or nonwaiver agreement.

3.

State your full name and any other name(s), nickname(s), or aliases, if any, which you have ever used or by which you have ever been known throughout your lifetime, birth date, marital status, and social security number.

4.

What is your native language and dialect? Will you need a translator for your deposition or court room testimony?

5.

Please describe in full detail how you contend the collision which forms the basis of Plaintiff's Complaint occurred, identify all persons who witnessed or has knowledge of the same and any and all documents which refer to, evidence or reflect same.

6.

Identify each of your employers for the past ten (10) years, the position and job duties you held with each such employer, the days of the week and the times you would work, and any reason for your change of employment, identify all persons with knowledge of the same, and identify all documents that refer to, evidence, or reflect the same.

7.

Were you acting within the course and scope of your employment at the time of the subject incident?  If your answer to this question is yes, please provide the name of your employer, as well as the nature of your employment with same, including your job description and duties.

8.

If you have ever been arrested, state the date, place and charges made in each such arrest, and, if convicted, the date thereof and the court in which such charges were brought, identify all persons with knowledge of the same, and identify all documents that refer to, evidence, or reflect the same.

9.

If, within the forty-eight (48) hour period immediately preceding the collision, you consumed any drug, alcoholic beverage, or medication (prescription or otherwise), state the identity of the substance consumed, quantity consumed, the time and place it was consumed, how you

obtained the substance, and identify all persons with knowledge of the same, and identify all documents that refer to, evidence, or reflect the same.

10.

For every valid license you have held, please state whether or not said license(s) have ever been suspended, restricted, or revoked and whether such license(s) contains any restrictions now or contained any at the time of the incident giving rise to this action.  If your answer to this Interrogatory is in the affirmative, please state the nature of such restrictions and the date(s) such restrictions went into effect and whether or not such restrictions have been lifted, and if so, when.

11.

Please state whether you have ever been involved in any vehicular collision in which you were a driver of, or a passenger in, one of the vehicles involved, or as a pedestrian, other than the incident giving rise to this action. As to any such incident, state the date of such incident, the location of such incident, how the incident occurred, whether or not as a result of said incident any charge for traffic violation was made against you and, if so, what the ultimate result was of such charge.

12.

Please list each (including this incident) violation of motor vehicle, traffic laws or ordinances to where you have received a ticket, citation, arrest or warning, the date of such offense(s), the court in which each case was heard and the nature of the violation charged or the plea.

13.

Please identify all persons with knowledge and identify the factual basis for the following:

(a)     Any/all assertions that this Court lacks jurisdiction or venue over Defendant MCGINNIS;

(b)     Any/all assertions that there has been an insufficiency of filing of Plaintiff's Complaint and/or that there has been an insufficiency of service of process upon Defendant MCGINNIS;

(c)     Any/all defenses you raise or anticipate raising in this lawsuit and any/all documentation;

(d)     Whether Plaintiff failed to exercise ordinary care for her own safety;

(e)     Whether Plaintiff caused the injuries and damages complained of; and

(f)     Whether someone other than you is or may be liable, negligent, at fault or to blame, to Plaintiff for all or part of her injuries.

14.

Identify all facts which support any claim that Defendant MCGINNIS's negligence and the subsequent incident did not provide a force sufficient to cause the injuries Plaintiff has complained of.

15.

Pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(I), please identify each person whom you expect to call as an expert witness at trial and, as to each such expert, state such expert's field of expertise and qualifications as an expert, the subject matter upon which the expert is expected to testify, the substance of the facts and opinions as to which the expert is expected to testify, and a summary of the grounds for each opinion.  If any of the experts you retained have provided you with any documents, please identify such documents.

16.

Pursuant to O.C.G.A. § 9-11-26(b)(4)(B), please identify each person who has been retained or specially employed by you in anticipation of litigation or in preparation of trial, or who you have asked to make an investigation concerning any matter in this case, and identify any and all documents prepared by such person.

17.

Please identify any and all persons and/or entities that you allege may have caused the subject collision on October 27, 2021 and state what degree of fault, blame, or negligence you are attributing to each.

18.

If you have denied, equivocated on, or objected to any one or more of Plaintiff's First Request to Admit to Defendant MCGINNIS, please state your grounds for each such denial and specify all facts, in narrative detail, upon which you base each said assertion.

19.

If you have denied, equivocated on, or objected to any one or more of the facts or allegations in Plaintiff's Complaint, please state your grounds for each such denial and specify all facts, in narrative detail, upon which you base each said assertion.

20.

List the name and address of all persons or entities who were the registered title owners or who had any legal or equitable interest in the motor vehicle that you were driving on the date of the incident described in the Complaint.  If you did not own said motor vehicle, please state the following:

(a)      The name, current address and current telephone number of the owner;

(b)     Your relationship to the owner at the time of the incident;

(c)     The number of times the owner has allowed you to use his or his vehicle in the twelve (12) months prior to the incident;

(d)     Whether you had the owner's permission to drive the vehicle; and

(e)     The knowledge the owner had of your driving violations, if any, prior to the incident.

21.

State whether you or anyone on your behalf has ever had Plaintiffs under surveillance or obtained or taken any surveillance film(s) or digital images of Plaintiffs since the date of the incident herein to the time of trial.  If so, state the date and time of each surveillance, and the name, current address and telephone number of the person doing each surveillance.  For each such film or digital images, state the date on which the film or digital images were taken, the subject matter and activities depicted in the film, the total number of hours Plaintiffs were kept under surveillance, and the name, current address and telephone number of the person taking the film and the person having custody thereof (specifying which).

22.

Please state when you first anticipated and/or contemplated litigation arising out of the subject incident.

23.

Identify the names of all persons who have given written, signed or recorded statements concerning the occurrence subject of the Complaint, state for each the date such statement was taken, the identity of persons who procured such statement, and the identity of the persons who have custody or possession of such statements.  Also state the substance of any conversation you, or your

agents, may have had with Plaintiff following the incident giving rise to this lawsuit.

24.

If you contend that Plaintiff or anyone affiliated with Plaintiff has made any admissions or statements against interest, set forth the identity of the individual making the alleged statement, the date, time, substance and location in which the alleged statement was made, and all witnesses thereto.

25.

Please provide the civil action number of any and all lawsuits in which you have been a party (plaintiff, defendant, apportionee), the date filed, the name and contact information for the attorney(s) that represented both you and the adverse party, the place, court, and result (whether settlement, judgment or otherwise), all persons with knowledge of said suit and identify any and all documents that refer to, evidence or reflect same.

26.

Please list and describe in detail each report, summary, document, chart, map, picture, videotape, film, photograph, drawing, diagram, measurements or other written or recorded description of the incident, the scene of the incident, the areas or persons involved or any other item of physical evidence of which you have possession, may use or may have available for use at the trial of this case, giving its nature or type, the specific subject matter, the date and time it was made or taken, the identification, including name, address and present whereabouts of the person making or taking it, its present location, and the identification, including name and address, of the person at whose request it was made or taken.

27.

Describe the extent of damage sustained by the vehicle you were driving as a result of the

incident, giving the time of loss of use, cost of repair and who repaired the vehicle, identify all persons with knowledge of the same, and identify all documents, photographs and digital images that refer to, evidence, or reflect the same.

28.

If at any time between the last inspection prior to the subject incident and the date of the subject incident, the vehicle you were driving had any mechanical defects, state the nature of the defects, whether the defect was repaired, where it was repaired and when the defect or malfunction was first discovered or detected.  Identify all persons with knowledge of the same, and identify all documents that refer to, evidence, or reflect the same.

29.

Please state where you had been prior to the subject incident, where were you going at the time of the subject incident, and what time were you due to arrive at your destination, identify all persons with knowledge of the same, and identify all documents that refer to, evidence, or reflect the same.

30.

Please state the name, address, telephone number, and employer for each person you believe or have reason to believe was an eyewitness to the incident described in Plaintiff's Complaint, has relevant knowledge concerning any issue involved in this lawsuit or who was in your vehicle at the time of the incident.

31.

Please state whether, at the time of the incident, you had a cellular phone, device, PDA, or radio in your possession, and whether you were using the device for any purpose at the time of the incident.  Please provide the name and address of the phone service carrier, the telephone number

assigned to said device, and identify the person in whose name the device and account were registered in at the time of the incident.

32.

Please state whether you sustained any injuries in this incident, identify the injuries, identify all persons with knowledge of the same, and identify all documents that refer to, evidence, or reflect the same.

33.

If your eyesight or vision was not 20/20 in either eye at the time of the collision, with or without the use of eyeglasses or other corrective lenses, please state the nature and extent of the limitation of your vision in each eye, the name and address of the eye doctor who prescribed the corrective lenses, when a prescription was last written, and whether you were wearing eyeglasses or other corrective lenses at the time of the collision.  If you were not wearing your eyeglasses or other corrective lenses at the time of the incident, please explain in full detail why you were not.

34.

Please state whether you suffered from any physical infirmity, disability or sickness at the time of this incident.  State the nature of any such infirmity, disability or sickness.

35.

Please state the name, current address, or place of employment for each person who answered or assisted in answering these interrogatories and, if you are answering for someone else, your official position.

36.

Have you ever been turned down, relieved of duty, or terminated for any employment, military duty, or occupation of any kind for physical or mental reasons?  If so, please identify the

employer and state fully the circumstances.

37.

Do you contend that Plaintiff is faking or exaggerating her injuries, physical and/or mental, in any way?  If your answer to this Interrogatory is in the affirmative, please state any and all information and identify any and all documents upon which you rely to form your conclusion.  If your answer to this Interrogatory is in the negative or you equivocate in your response to this Interrogatory in any way, please provide a detailed explanation for your response.

This <u>28th</u> day of March, 2023.

|  | /s/ Kenneth P. Raley, III |
|---|---|
|  | Kenneth P. Raley, III |
| **KAUFMAN LAW, P.C.** | Georgia Bar No. 131776 |
| 9450 SW Gemini Drive | *Attorney for Plaintiff* |
| PMB 44896 |  |
| Beaverton, OR 97008 |  |
| (404) 355-4000 (T) |  |
| (404) 350-0909 (F) |  |
| kr@kaufmanlawfirm.com |  |

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

STSV2023000587
SNK

MAR 28, 2023 04:52 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

**SHAHANEY ALVARES,**

      **Plaintiffs,**

**vs.**

**BENJAMIN MCGINNIS, MOELLER**
**TRUCKING, INC., ARCH INSURANCE**
**COMPANY, ARCH INSURANCE GROUP,**
**INC., and ARCH INSURANCE**
**SOLUTIONS, INC.,**

      **Defendants.**

**CIVIL ACTION**

**NO.**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT BENJAMIN MCGINNIS

YOU ARE HEREBY NOTIFIED that Defendant BENJAMIN MCGINNIS ("hereinafter "Defendant MCGINNIS") pursuant to O.C.G.A. §§ 9-11-26 and 9-11-36, is requested to admit the truth of the matters of fact hereinafter set forth on or before the forty-fifth (45th) day after service hereof, by answer in writing.

## INSTRUCTIONS

1.      In answering these Requests, you shall admit or deny the matter specifically, or set forth in detail the reasons why you cannot admit or deny the matter truthfully.  You may not give lack of information or knowledge as a reason for failure to admit or deny unless you have made reasonable inquiry and the information known or readily obtainable by you is insufficient to enable you to admit or deny the request.

2.      Defendant MCGINNIS is advised that if he fails to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order requiring Defendant MCGINNIS to pay for reasonable expenses incurred in making that proof, including reasonable attorney's fees.

3.      As used herein, the term "you" shall refer to Defendant MCGINNIS and, where applicable in context, your agents, servants, attorneys, representatives, or other person or persons acting for or purportedly acting on his behalf.

4.      As used herein, the term "Plaintiff" shall refer to Plaintiff SHAHANEY ALVARES, and, where applicable in context, agents, attorneys, servants, representatives, affiliates, subsidiaries or any other person or person acting for or purportedly acting on their behalf.

**Defendant MCGINNIS is requested to admit that the following are true:**

1.

Please admit that Defendant MCGINNIS has been properly identified and named in the Complaint.

2.

Please admit that there are no other parties who should be named in the Complaint.

3.

Please admit that you are subject to the jurisdiction of this Court.

4.

Please admit that venue is proper in this Court.

5.

Please admit that Plaintiff's Complaint was filed within the Statute of Limitations.

6.

Please admit that you were properly served with Plaintiff's Summons and Complaint.

7.

Please admit that on October 27, 2021, you were driving a 2017 Francis Travel tractor-

trailer.

8.

Please admit that the 2017 Francis Travel tractor-trailer you were driving on October 27, 2021 was owned by Defendant MOELLER TRUCKING, INC. (hereinafter "Defendant MOELLER TRUCKING").

9.

Please admit that on October 27, 2021 you were employed by Defendant MOELLER TRUCKING.

10.

Please admit that on October 27, 2021, at the time of the subject collision, you were acting in the course and scope of your employment with Defendant MOELLER TRUCKING.

11.

Please admit that on October 27, 2021, the 2017 Francis Travel tractor-trailer you were operating was stopped in traffic, in the northbound direction of travel, on Interstate 75, located north of Highway 138.

12.

Please admit that on October 27, 2021, you caused the 2017 Francis Travel tractor-trailer you were operating to back up on the interstate and collide with the front of the 2014 Ford Fiesta Plaintiff was operating.

13.

Please admit that on October 27, 2021, you improperly backed the 2017 Francis Travel tractor-trailer you were operating on the interstate, in violation of O.C.G.A. § 40-6-240.

14.

Please admit that the force of the impact between the 2017 Francis Travel tractor-trailer you were operating and the 2014 Ford Fiesta Plaintiff was driving was significant.

15.

Please admit that the force of the collision caused injury to Plaintiff.

16.

Please admit that you caused Plaintiff's physical and mental injuries.

17.

Please admit that Plaintiff did not contribute in any way to the October 27, 2021, collision which is the subject matter of Plaintiff's Complaint.

18.

Please admit that there is nothing Plaintiff could have done immediately before impact to avoid the October 27, 2021 collision, which is the subject matter of Plaintiff's Complaint.

19.

Please admit that you are liable for the October 27, 2021 collision.

20.

Please admit Plaintiff is not faking or exaggerating her injuries, physical and/or mental, in any way.

21.

Please admit that Plaintiff has experienced continued physical pain and suffering since the October 27, 2021 collision.

22.

Please admit that Plaintiff has experienced continued mental pain and suffering since the

October 27, 2021 collision.

23.

Please admit that Plaintiff has not failed to mitigate her damages.

24.

Please admit that Plaintiff will incur additional medical bills for future treatment and future anxiety, shock, and worry, resulting from the subject collision.

25.

Please admit that you have conducted surveillance of Plaintiff.

26.

Please admit that you possess digital or film images of Plaintiff.

This <u>28th</u> day of March, 2023.

**/s/ Kenneth P. Raley, III**
Kenneth P. Raley, III
**KAUFMAN LAW, P.C.**                              Georgia Bar No. 131776
9450 SW Gemini Drive                              *Attorney for Plaintiff*
PMB 44896
Beaverton, OR 97008
(404) 355-4000 (T)
(404) 350-0909 (F)
kr@kaufmanlawfirm.com

🜲 **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK

**MAR 28, 2023 04:52 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

**SHAHANEY ALVARES,**

      **Plaintiffs,**

**vs.**

**BENJAMIN MCGINNIS, MOELLER
TRUCKING, INC., ARCH INSURANCE
COMPANY, ARCH INSURANCE GROUP,
INC., and ARCH INSURANCE
SOLUTIONS, INC.,**

      **Defendants.**

**CIVIL ACTION**

**NO.**

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT BENJAMIN MCGINNIS

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, within forty-five (45) days after service thereof, Defendant BENJAMIN MCGINNIS (hereinafter "Defendant MCGINNIS") is to produce and permit counsel for Plaintiff to inspect and copy the documents requested herein at the offices of Kaufman Law, P.C., 9450 S.W. Gemini Drive, PMB 44896, Beaverton, Oregon 97008.  In lieu of production, you may attach a photocopy of the same to your responses to these Discovery Requests.

### DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the term "document" shall mean the original, and if not available, any copy of the original, of all writings of every kind, including, but not limited to, all written and electronic correspondence, drawings, books, records, logs, reports, memoranda, advertisements, agreements, appointment records, audio recordings, balance sheets, bills, bills of lading, certificates, communications, charts, checks, papers, transcriptions or summaries of conversations, delivery records, diaries, drafts, e-mails, discs, plans and specifications, graphs,

tapes, slides, computer printouts, entries, estimates, expense records, field notes, films, financial statements, forms, handbooks, income statements, indices, instruments, intra-office and inter-office communications, invoices, itemizations, journals, letters, licenses, manuals, maps, minutes, notes, order forms, orders, opinions, payroll records, permits, photocopies, photographs, publications, receipts, recordings, records, reports, requisitions, statements, statistical records, studies, summaries, system analyses, time records, training manuals, evaluations, warehouse receipts, or wire transfers in the possession, custody, or control of Defendant MCGINNIS and, where applicable in context, its officers, directors, shareholders, employees, agents, servants, representatives and, to the extent they are not otherwise privileged, attorneys.

The term "document" shall also include copies containing information in addition to that contained in or on the original and all the attachments, appendices, enclosures, or documents referred to in any documents produced pursuant to or identified in this First Request for Production of Documents.

2.     As used herein, the term "you" shall refer to Defendant MCGINNIS, and where applicable in context, Defendant MCGINNIS's agents, servants, attorneys, representatives, or other person or persons acting for or purportedly acting on its behalf at any time.

3.     As used herein, the word "identify," when used to refer to an individual, shall require the responding party to provide the individual's full name, last known residence address, home telephone number, cellular telephone number, and, if available, last known business address and telephone number.

4.     As used herein, the word "identify," when used to refer to a corporation or other organization or entity, shall require the responding party to provide the full name of the entity, the last known address and telephone number of the entity, and the person(s) affiliated with the

entity whom you believe most knowledgeable with respect to the subject matter of the request in question.

5.      If documents, the identities of which are sought herein, do not exist or are no longer in your possession, please state whether any such document is missing or lost, destroyed, transferred to others, or otherwise disposed of and, in any such instance, set forth the surrounding circumstances in any authorization for such disposition and to state the approximate date of any such disposition and, if known, state the present location and custodian of such document.

6.      Plaintiffs' First Request for Production of Documents shall be deemed continuing so as to require supplementation with information obtained after the time of compliance herewith to the extent required by O.C.G.A. § 9-11-26.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and vice-versa.

## DOCUMENT REQUESTS

**Pursuant to O.C.G.A. § 9-11-34, you are requested to produce the following items:**

### 1.

Any and all documents, the identity of which is requested in response to any of the within and foregoing Interrogatories.

### 2.

Any and all statements given by a party to this action or any other witness to some person or entity other than his/her attorney.

### 3.

All photographs, digital photographs, video, computer animations, models, diagrams, drawings, reports, slides, films, or motion pictures, including electronic surveillance that in any

way relates to the collision which is the subject of Plaintiff's Complaint.

4.

Please produce a certified copy of any and all policies of insurance identified in response to Plaintiff's First Interrogatories.

5.

Please produce a copy of any alcohol and/or drug test administered to you by any authority or entity after the subject collision on October 27, 2021.

6.

A copy of any and all affidavits in your possession, custody, or control that refer to, evidence, or reflect in any way the subject matter of Plaintiff's Complaint.

7.

Any and all documents that refer to, evidence, or reflect in any way the collision that forms the subject matter of Plaintiff's Complaint.

8.

Any and all medical records for any injuries sustained by you in the collision that forms the subject of the Complaint.

9.

A clear copy of your driver's license issued to you at the time of the subject collision.

10.

Please produce any traffic citations, certified copies of your plea and disposition of such citations, traffic collision reports, and/or transcripts of any judicial hearing relevant to the collision that is the subject of Plaintiff's Complaint.

11.

Please produce any traffic citations, certified copies of your plea and disposition of such citations, traffic collision reports, and/or transcripts of any judicial hearing regarding <u>any other</u> traffic violations identified in your Interrogatories.

12.

All notes, investigative reports, memoranda, correspondence or statements from the parties, witnesses, or insurance adjusters now in your possession, created prior to this lawsuit or prepared in the ordinary course of business.

13.

All computer records relating to this case originally in the possession of you or your insurance company created prior to this lawsuit or prepared in the ordinary course of business.

14.

All documents evidencing, reflecting, relating to or constituting any communication between Defendant MCGINNIS and Plaintiff.

15.

All documents supporting or relating to Defendant MCGINNIS's contentions of negligence, comparative negligence, or contributory negligence on the part of the Plaintiff.

16.

All documents supporting or relating to Defendant MCGINNIS's contentions of negligence or fault on the part of the agents/employees of any of the co-defendants.

17.

All documents supporting or relating to Defendant MCGINNIS's contentions of negligence or fault on the part of any person or entity not a party to this litigation.

18.

All documents that support any defenses, contentions, or apportionment of fault raised in your Answer or supporting any relevant fact in this litigation.

19.

All documents, pleadings and exhibits filed, served or prepared in connection with any litigation to which you have been a party for the last ten (10) years.

20.

All documentary or other tangible evidence calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims or Defendant MCGINNIS's defenses in this action.

21.

A copy of any reservation of rights letter(s) or other documentation of any kind received from any insurer which purports to deny insurance coverage or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

22.

All claim forms, accident reports or other documentation related to any motor vehicle collision in which you were involved in any way, both prior and subsequent to the collision which is the subject matter of Plaintiff's Complaint.

23.

The curriculum vitae, all reports, photos and records of all experts who are expected to testify on behalf of the defense and any documents created, reviewed or relied upon by them.

24.

A copy of any written notification or report you made to any insurance carrier regarding

the incident which gave rise to this claim and litigation.

25.

A copy of every written or recorded statement or report concerning the investigation of each expert witness expected to be called as an expert upon the trial of this matter.

26.

All records, reports, correspondence, notes, photographs, memoranda and all other documents concerning or relating in any way to the Plaintiff's injuries and/or any investigation conducted by Defendant MCGINNIS relating in any way to the incident of October 27, 2021.

27.

Each document, photograph, videotape, chart, thing, or other tangible evidence that proves, tends to prove, or supports any of your responses to Plaintiff's Request for Admissions, Interrogatories, or your Answers and Defenses to Plaintiff's Complaint.

28.

Any insurance company index records which you may have relating to Plaintiff.

29.

A copy of every document you have obtained or will obtain during the course of this litigation, resulting from your use of your request for production of documents to any non-party, pursuant to O.C.G.A. § 9-11-34.

30.

All statements or transcript of statements whether written or oral, which were made by Plaintiff, Defendant MCGINNIS or witnesses, to Defendant MCGINNIS, to agents of Defendant MCGINNIS, or to any investigator regarding the issues which are the subject of the Plaintiff's Complaint.

31.

A copy of the itemized statement/bill from August 1, 2021, through December 1, 2021, for any cellular telephone or other mobile electronic device that was in your possession at the time of the incident.

32.

A copy of all documents, bills, reports, appraisals, photographs that you relate to the property damage of all vehicles involved in the collision.

33.

Please produce a copy of each Facebook page and each photograph that includes your image for the period beginning one year before the incident up to and including the present. (Log in to Facebook, click on "Settings", click on "Download a copy of your Facebook data.")

34.

Please produce a copy of written communication, whether by memorandum, U.S. Mail, electronic mail, or some other means of written communication, between Defendant MCGINNIS and Defendant MOELLER TRUCKING concerning the October 27, 2021 collision in any way.

35.

Please produce a copy of written communication, whether by memorandum, U.S. Mail, electronic mail, or some other means of written communication, between Defendant MCGINNIS and any employee or agent of Defendant MOELLER TRUCKING (excluding communications with counsel) concerning the October 27, 2021 collision in any way.

36.

Please produce a copy of written communication, whether by memorandum, U.S. Mail, electronic mail, or some other means of written communication, between Defendant MCGINNIS

and any employee or agent of Defendant MOELLER TRUCKING (excluding communications with counsel) concerning any disciplinary actions taken against Defendant MCGINNIS, as result of the October 27, 2021 collision, in any way.

This <u>28th</u> day of March, 2023.

**/s/ Kenneth P. Raley, III**
Kenneth P. Raley, III
Georgia Bar No. 131776
*Attorney for Plaintiff*

**KAUFMAN LAW, P.C.**
9450 SW Gemini Drive
PMB 44896
Beaverton, OR 97008
(404) 355-4000 (T)
(404) 350-0909 (F)
kr@kaufmanlawfirm.com

9

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK
**MAR 28, 2023 04:52 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

**SHAHANEY ALVARES,**

      **Plaintiffs,**

**vs.**

**BENJAMIN MCGINNIS, MOELLER
TRUCKING, INC., ARCH INSURANCE
COMPANY, ARCH INSURANCE GROUP,
INC., and ARCH INSURANCE
SOLUTIONS, INC.,**

      **Defendants.**

**CIVIL ACTION**

**NO.**

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT MOELLER TRUCKING, INC.

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, forty-five (45 days) after service hereof Defendant MOELLER TRUCKING, INC. (hereinafter "Defendant MOELLER TRUCKING") is hereby requested to respond separately and under oath to the Interrogatories contained herein.

In answering the following interrogatories, Defendant MOELLER TRUCKING is requested to give full and complete answers based upon your personal knowledge as well as that of any guests, employees, investigators or attorneys who may have obtained information on your behalf. To the extent any information called for is objected to upon a claim of privilege, must provide enough information for the Court to adjudicate your claim of privilege.

The following Interrogatories shall be continuing in nature until the day of the trial, and Defendant MOELLER TRUCKING is required to serve supplemental answers as additional information becomes available by written amendment as set for in O.C.G.A § 9-11-26 and addressed to Kaufman Law, P.C., 9450 S.W. Gemini Drive, PMB 44896, Beaverton, Oregon

97008. Any such supplemental or amended Answers are to be served upon counsel for Plaintiff within thirty days from the receipt of such information but not later than thirty days prior to trial.

Wherever appropriate, the singular form of a noun or pronoun shall include the plural form of the noun or pronoun and vice-versa, and each noun or pronoun is not intended to be gender specific and may refer to both male and female.

*Definitions*

"Defendant," "you", "your" and any synonym thereof are intended to and shall include, in addition to Defendant MOELLER TRUCKING, all agents, servants, representatives, employees, private investigators, attorneys and others who are in a position of confidence or who may have obtained information for or on behalf of Defendant MOELLER TRUCKING, and all business entities with which the Defendant MOELLER TRUCKING is or has been affiliated.

"Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

"Document" is used in the broadest sense of the word to mean every writing or record of every type and description that is or has been in your in your possession, control, or custody, including but not limited to statements, agreements, communications, correspondence, notes and memoranda, summaries, records or telephone conversations, meetings and conferences, summaries and records of personal conversations or interviews, books, manuals, publications, diaries, laboratory and engineering reports and notebooks, charts, plan, drawings, photographs, reports and/or summaries of investigations, surveys, and/or negotiations, opinions and reports of consultants, brochures, pamphlets, advertisements, films, microfilms, videotapes, fax copies, voice recordings, other reports and records, and e-mails.

To "identify", or to state the "identity" of a person means to state the name, last known address, residential and cellular telephone numbers, and the relationship to Defendant MOELLER TRUCKING.

## INTERROGATORIES

1.

State whether there are one or more policies of insurance extending coverage to any of the Defendants or whether any of the Defendants are a party to or beneficiary of any agreement or contract, by which any person is or may be obligated to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse any person for any cost, expense of payment made in connection with this action.  If so, for each such policy of insurance, agreement or contract (specifying which), state the name and current address of each person who is a party or beneficiary (specifying which). The effective dates or date of execution, the substance and content, the applicable limits of liability coverage, the policy number(s), and the name and current address of the person(s) having possession thereof.

2.

With regard to each policy of insurance identified in your answer to Interrogatory No. 1, state whether the particular insurance company issuing same has undertaken to defend this action, whether that insurance company has acknowledged or extended coverage with respect to the incident involved herein, and whether that insurance company has undertaken to defend this action under any reservation of rights or non-waiver agreement.

3.

State the name, current address, and telephone number of each person who to your knowledge, information or belief either was or claims to have been at or in the immediate

vicinity of the scene of the occurrence at the time and place of the incident involved herein, or soon thereafter.  For each such person, specify the subject matter(s) about which you know or believe that person to have knowledge and the basis of that person's knowledge.

4.

State the name, current address and telephone number of all other persons (excluding your attorney(s) and any expert(s)) who to your knowledge, information, or belief possess any knowledge concerning either the incident or the cause(s) of the incident involved herein, one or more of the Plaintiffs' claims, or one or more of your defenses to Plaintiff's Complaint.  For each such person, specify the subject matter(s) about which you know or believe that person to have knowledge and the basis of that person's knowledge.

5.

To your knowledge, information or belief, has any statement or report been made or given by any person named in answer to Interrogatory Nos. 3 and 4.  If so, describe each such statement or report, giving the date, the subject matter, the form (whether written, recorded or in stenographic form), the name and current address of each person present when given or made, and the name and current address of the person having custody and control thereof.

6.

State the name, current address, telephone number, and occupation of each person who to your knowledge, information or belief has investigated either the incident or the cause(s) of the incident involved herein (excluding your attorney(s)).

4

7.

State the name, current address, and telephone number of each person who to your knowledge, information or belief has been contacted by any individual named in the answer to Interrogatory No. 6.

8.

State the content and substance of each written record containing information from the investigation undertaken on behalf of Defendant MOELLER TRUCKING by any individual named in the answer to Interrogatory No. 6, the date each record was prepared, and the name, current address and telephone number of the person(s) who prepared the record and the person who now has custody and control thereof (specifying which).

9.

State what duties Defendant MCGINNIS was performing on behalf of Defendant MOELLER TRUCKING at the date, time and location of the collision on October 27, 2021, which gives rise to this lawsuit.

10.

Describe in detail your version of how the incident involved herein occurred.

11.

State the date(s) and the nature of each and every traffic citation that Defendant MCGINNIS received within the last seven (7) years.  For each such citation, state the jurisdiction and whether or not a guilty plea was entered.

12.

Do you know of any photographs, drawings, or videotapes of the scene of the incident involved herein, the vehicles involved in the accident, or of any object once located at the scene,

or of any object or matter which you claim to be relevant to the occurrences complained of, either posed or unposed? If so, describe the subject matter depicted, state the date the picture was taken or the drawing was made, and state the name, current address, and telephone number of both the person who took the photograph or made the drawing and the person now having custody and control thereof (specifying which).

13.

State whether any test, reconstruction, experiment, inspection, report, chart, or measurement has been made with respect to the scene of the incident involved herein, or any object, vehicle and/or trailer involved. If so, state the name, current address and telephone number of each person who participated, and the date and nature of their participation.

14.

State the content and substance of each written record containing information from the test(s), experiment(s), inspection(s) or measurement(s) referred to in the answer to Interrogatory No. 13, the date each record was prepared, and the name, current address and the telephone number of the person(s) who prepared the record and the person who now has custody and control thereof (specifying which).

15.

Do you contend that Plaintiff was guilty of any act(s) or failure to act that played any part in causing the injuries or damages of which he complains? If so, state each specific act (or failure to act) by Plaintiff (specifying which) that you claim supports your contention.

16.

Do you contend that any other person(s) not a party to this lawsuit was guilty of any act(s) or failure to act that played any part in causing Plaintiff's injuries or damages complained

of?  If so, state each specific act (or failure to act) by each such person (giving the name, current address, and telephone number of the person) that you claim supports your contention.

17.

State the name, current address, and telephone number of each and every expert whom you expect to call as a witness at the trial of this case, and with regard to such witness state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which said expert is expected to testify, and a summary of the grounds for each opinion.

18.

State whether you or anyone on your behalf has ever had Plaintiff under surveillance or obtained or taken any surveillance film(s) of Plaintiff since the date of the incident herein to the time of trial.  If so, state the date and time of each surveillance, and the name, current address and telephone number of the person doing the surveillance.  For each such film, state the date on which the film was taken, the subject matter and activities depicted in the film, the total number of hours Plaintiff was kept under surveillance, and the name, current address and telephone number of the person taking the film and the person having custody thereof (specifying which).

19.

State the name, current address, and telephone number of each person who aided or was consulted during the process of answering these Interrogatories.

20.

Please state whether you have been informed of any vehicular collision in which Defendant MCGINNIS was a driver or passenger and whether he has been cited for any such incident, the location of such incident, how the incident occurred, whether or not as a result of

said incident any charge for traffic violation(s) were made against Defendant MCGINNIS and, if so, what the ultimate result was of such charge(s).

21.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendant MOELLER TRUCKING, or that there has been an insufficiency of service of process upon the Defendant MOELLER TRUCKING.

22.

Pursuant to O.C.G.A. § 9-11-26(b)(4)(B), please identify each person who has been retained or specially employed by you in anticipation of litigation or in preparation of trial, or who you have asked to investigate any matter in this case, and identify any and all documents prepared by such person.

23.

Please give a detailed factual basis for any affirmative defense you raise or anticipate raising in this lawsuit, identify all persons with knowledge of same, and identify any and all documents that refer to, evidence or reflect same.

24.

If you have denied any one or more of Plaintiff's First Request for Admissions to Defendant MOELLER TRUCKING or one or more facts or allegations in Plaintiff's Complaint, please state your grounds for each such denial and specify all facts, in narrative detail, upon which you base each said denial.

25.

List the names and addresses of all persons or entities who were the registered title owners or who had any legal or equitable interest in the motor vehicle that Defendant

MCGINNIS was driving on the date of the incident described in the Complaint.  If Defendant MCGINNIS did not own said motor vehicle, please state the following:

    (a)      The name, current address and current telephone number of the owner;

    (b)      Your relationship to the owner at the time of the incident;

    (c)      The number of times the owner has allowed Defendant MCGINNIS to use the vehicle in the twelve (12) months prior to the incident;

    (d)      Whether Defendant MCGINNIS had the owner's permission to drive the vehicle; and

    (e)      The knowledge the owner had of Defendant MCGINNIS's driving violations, if any, prior to the incident.

26.

Please provide the civil action number of any and all lawsuits which have been initiated against you, the date filed, the name and contact information for the attorney(s) that represented both you and the adverse party, the place, court, and result (whether settlement, judgment or otherwise), all persons with knowledge of said suit and identify any and all documents that refer to evidence or reflect same.

27.

Describe the extent of damages sustained by the vehicle Defendant MCGINNIS was driving as a result of the collision, giving the time of loss of use, cost of repair and who repaired the vehicle, identify all persons with knowledge of the same, and identify all documents that refer to, evidence, or reflect the same.

28.

If at any time between the last inspection prior to the subject incident and the date of the subject incident, the vehicle Defendant MCGINNIS was driving had any mechanical defects, state the nature of the defects, whether the defect was repaired, where it was repaired and when the defect or malfunction was first discovered or detected.  Identify all persons with knowledge of the same, and identify all documents that refer to, evidence, or reflect the same.

29.

Please state where Defendant MCGINNIS had been prior to the subject incident, where he was going at the time of the subject incident, what time he was due to arrive at his destination, and identify all persons with knowledge of the same, as well as all supporting documents.

30.

Please provide a detailed description of any/all criminal background checks as well as any/all reviews of Defendant MCGINNIS's motor vehicle driving record, performed by Defendant MOELLER TRUCKING prior or subsequent to hiring or becoming affiliated in any way with Defendant MCGINNIS. The description should include, but is not limited to, when the check(s) were performed, which employee(s) performed the check(s), what, if any, outside agencies and/or resources were used in conducting such investigation. Please indicate whether the procedure followed prior to hiring Defendant MOELLER TRUCKING was in any way a departure from the standard hiring procedure of Defendant MCGINNIS.

31.

Do you contend that Plaintiff is faking or exaggerating her injuries, physical and/or mental, in any way?  If your answer to this Interrogatory is in the affirmative, please state any and all information and identify any and all documents upon which you rely to form your

conclusion.  If your answer to this Interrogatory is in the negative or you equivocate in your response to this Interrogatory in any way, please provide a detailed explanation for your response.

This 28th day of March, 2023.


**/s/ Kenneth P. Raley, III**
Kenneth P. Raley, III
Georgia Bar No. 131776
*Attorney for Plaintiff*

**KAUFMAN LAW, P.C.**
9450 SW Gemini Drive
PMB 44896
Beaverton, OR 97008
(404) 355-4000 (T)
(404) 350-0909 (F)
kr@kaufmanlawfirm.com

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK
**MAR 28, 2023 04:52 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

**SHAHANEY ALVARES,**

      **Plaintiffs,**

**vs.**

**BENJAMIN MCGINNIS, MOELLER
TRUCKING, INC., ARCH INSURANCE
COMPANY, ARCH INSURANCE GROUP,
INC., and ARCH INSURANCE
SOLUTIONS, INC.,**

      **Defendants.**

**CIVIL ACTION**

**NO.**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MOELLER TRUCKING, INC.

YOU ARE HEREBY NOTIFIED that Defendant MOELLER TRUCKING, INC. (hereinafter "Defendant MOELLER TRUCKING"), pursuant to O.C.G.A. §§ 9-11-26 and 9-11-36, is requested to admit the truth of the matters of fact hereinafter set forth on or before the forty-fifth (45th) day after service hereof, by answer in writing.

## INSTRUCTIONS

1.     In answering these Requests, you shall admit or deny the matter specifically, or set forth in detail the reasons why you cannot admit or deny the matter truthfully. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you have made reasonable inquiry and the information known or readily obtainable by you is insufficient to enable you to admit or deny the request.

2.     Defendant MOELLER TRUCKING is advised that if it fails to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order requiring Defendant MOELLER TRUCKING to pay for

reasonable expenses incurred in making that proof, including reasonable attorney's fees.

3.     As used herein, the term "you" shall refer to Defendant MOELLER TRUCKING and, where applicable in context, your agents, servants, attorneys, representatives, or other person or persons acting for or purportedly acting on its behalf.

4.     As used herein, the term "Plaintiff" shall refer to Plaintiff SHAHANEY ALVARES, and, where applicable in context, agents, attorneys, servants, representatives, affiliates, subsidiaries or any other person or person acting for or purportedly acting on their behalf.

**Defendant MOELLER TRUCKING is requested to admit that the following are true:**

1.

Please admit that Defendant MOELLER TRUCKING has been properly identified and named in the Complaint.

2.

Please admit that there are no other parties who should be named in the Complaint.

3.

Please admit that Defendant MOELLER TRUCKING is subject to the jurisdiction of this Court.

4.

Please admit that venue is proper in this Court.

5.

Please admit that Plaintiff's Complaint was timely filed and served prior to the expiration of the statute of limitations.

2

6.

Please admit that Defendant MOELLER TRUCKING was properly and timely served with Plaintiff's Summons and Complaint.

7.

Please admit that Defendant MCGINNIS was employed by Defendant MOELLER TRUCKING on October 27, 2021.

8.

Please admit that Defendant MCGINNIS was an employee of Defendant MOELLER TRUCKING at the time of the collision which is the subject matter of Plaintiff's Complaint.

9.

Please admit that Defendant MCGINNIS was acting in the course and scope of his employment with Defendant MOELLER TRUCKING at the time of the subject collision on October 27, 2021.

10.

Please admit you owned the 2017 Francis Travel tractor-trailer that Defendant MCGINNIS was operating at the time of the subject collision on October 27, 2021.

11.

Please admit that Defendant MCGINNIS was acting in the course and scope of his employment with Defendant MOELLER TRUCKING at the time of the subject collision on October 27, 2021.

12.

Please admit that Defendant MCGINNIS caused the subject collision on October 27, 2021.

13.

Please admit that on October 27, 2021, Defendant MCGINNIS improperly backed the 2017 Francis Travel tractor-trailer, owned by Defendant MOELLER TRUCKING, on the interstate, in violation of O.C.G.A. § 40-6-240.

14.

Please admit that Plaintiff did not contribute in any way to the collision that is the subject matter of Plaintiff's Complaint, which occurred on October 27, 2021.

15.

Please admit that Defendant MOELLER TRUCKING has conducted surveillance and possesses digital or film images of Plaintiff.

16.

Please admit that there is nothing Plaintiff could have done immediately before impact to avoid the October 27, 2021 collision, which is the subject matter of Plaintiff's Complaint.

17.

Please admit that you are liable for the October 27, 2021 collision.

18.

Please admit that Plaintiff is not faking or exaggerating her injuries, physical and/or mental, in any way.

19.

Please admit that Plaintiff has experienced continued physical pain and suffering since the October 27, 2021 collision.

20.

Please admit that Plaintiff has experienced continued mental pain and suffering since the

October 27, 2021 collision.

21.

Please admit that Plaintiff has not failed to mitigate her damages.

22.

Please admit that Plaintiff will incur additional medical bills for future treatment and future anxiety, shock, and worry, resulting from the subject collision.

23.

Please admit that you possess digital or film images of Plaintiff.

This 28th day of March, 2023.

**/s/ Kenneth P. Raley, III**
Kenneth P. Raley, III
Georgia Bar No. 131776
*Attorney for Plaintiff*

**KAUFMAN LAW, P.C.**
9450 SW Gemini Drive
PMB 44896
Beaverton, OR 97008
(404) 355-4000 (T)
(404) 350-0909 (F)
kr@kaufmanlawfirm.com

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK
**MAR 28, 2023 04:52 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

**SHAHANEY ALVARES,**

     **Plaintiffs,**

**vs.**

**BENJAMIN MCGINNIS, MOELLER
TRUCKING, INC., ARCH INSURANCE
COMPANY, ARCH INSURANCE GROUP,
INC., and ARCH INSURANCE
SOLUTIONS, INC.,**

     **Defendants.**

**CIVIL ACTION**

**NO.**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MOELLER TRUCKING, INC.

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, within forty five (45) days after service thereof, Defendant MOELLER TRUCKING, INC. (hereinafter "Defendant MOELLER TRUCKING") is to produce and permit counsel for the Plaintiff to inspect and copy the documents requested herein at the offices of Kaufman Law, P.C., 9450 S.W. Gemini Drive, PMB 44896, Beaverton, Oregon 97008. In lieu of production, you may attach a photocopy of the same to your responses to these Discovery Requests.

## DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the term "document" shall mean the original, and if not available, any copy of the original, of all writings of every kind, including, but not limited to, all written and electronic correspondence, drawings, books, records, logs, reports, memoranda, advertisements, agreements, appointment records, audio recordings, balance sheets, bills, bills of lading, certificates, communications, charts, checks, papers, transcriptions or summaries of conversations, delivery records, diaries, drafts, e-mails, discs, plans and specifications, graphs,

tapes, slides, computer printouts, entries, estimates, expense records, field notes, films, financial statements, forms, handbooks, income statements, indices, instruments, intra-office and inter-office communications, invoices, itemizations, journals, letters, licenses, manuals, maps, minutes, notes, order forms, orders, opinions, payroll records, permits, photocopies, photographs, publications, receipts, recordings, records, reports, requisitions, statements, statistical records, studies, summaries, system analyses, time records, training manuals, evaluations, warehouse receipts, or wire transfers in the possession, custody, or control of Defendant MOELLER TRUCKING and, where applicable in context, its officers, directors, shareholders, employees, agents, servants, representatives and, to the extent they are not otherwise privileged, attorneys.

The term "document" shall also include copies containing information in addition to that contained in or on the original and all the attachments, appendices, enclosures, or documents referred to in any documents produced pursuant to or identified in this First Request for Production of Documents.

2.      As used herein, the term "you" shall refer to Defendant MOELLER TRUCKING and, where applicable in context, Defendant MOELLER TRUCKING's agents, servants, attorneys, representatives, or other person or persons acting for or purportedly acting on its behalf at any time.

3.      As used herein, the word "identify," when used to refer to an individual, shall require the responding party to provide the individual's full name, last known residence address, home telephone number, cellular telephone number, and, if available, last known business address and telephone number.

4.      As used herein, the word "identify," when used to refer to a corporation or other organization or entity, shall require the responding party to provide the full name of the entity,

the last known address and telephone number of the entity, and the person(s) affiliated with the entity whom you believe most knowledgeable with respect to the subject matter of the interrogatory in question.

5.      If documents, the identities of which are sought herein, do not exist or are no longer in your possession, please state whether any such document is missing or lost, destroyed, transferred to others, or otherwise disposed of and, in any such instance, set forth the surrounding circumstances in any authorization for such disposition and to state the approximate date of any such disposition and, if known, state the present location and custodian of such document.

6.      Plaintiffs' First Request for Production of Documents shall be deemed continuing so as to require supplementation with information obtained after the time of compliance herewith to the extent required by O.C.G.A. § 9-11-26.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and vice-versa.

## DOCUMENT REQUESTS

**Pursuant to O.C.G.A. § 9-11-34, you are requested to produce the following items:**

1.

Any and all documents, the identity of which is requested in response to any of the within and foregoing Interrogatories.

2.

Any and all statements given by a party to this action or any other witness to some person or entity other than his/her attorney.  If you claim privilege, please submit a log identifying such withheld documents.

3.

All drawings, models, photographs, digital photographs, slides, films, or motion pictures of Plaintiff, including electronic surveillance.

4.

Any and all policies of insurance identified in response to Plaintiff's First Interrogatories.

5.

A copy of any and all affidavits in your possession, custody, or control that refer to, evidence, or reflect in any way the subject matter of Plaintiff's Complaint.

6.

Any and all documents that refer to, evidence, or reflect in any way the incident that forms the subject matter of Plaintiff's Complaint.

7.

All photographs, videotapes, computer animations, models, diagrams, drawings, slides, films, sketches, or motion pictures that in any way relates to the incident at issue.

8.

Please produce any traffic citations, certified copies of any pleas, and disposition of such citations, traffic collision reports, and/or transcripts of any judicial hearing relevant to the subject collision.

9.

Please produce any traffic citations, certified copies of any pleas, and disposition of such citations, traffic collision reports, and/or transcripts of any judicial hearing regarding any other traffic violations identified in your Interrogatories.

10.

All notes, investigative reports, memoranda, correspondence, or statements from the parties, witnesses, or insurance adjusters now in your possession, created prior to this lawsuit or prepared in the ordinary course of business.

11.

All computer records relating to this case originally in the possession of you or your insurance company, created prior to this lawsuit, or prepared in the ordinary course of business.

12.

All documents evidencing, reflecting, relating to or constituting any communication between Defendant MOELLER TRUCKING and Plaintiff.

13.

All documents supporting or relating to Defendant MOELLER TRUCKING's contentions of negligence, comparative negligence or contributory negligence on the part of Plaintiff.

14.

All documents supporting or relating to Defendant MOELLER TRUCKING's contentions of negligence or fault on the part of the agents/employees of any of the co-defendants.

15.

All documents supporting or relating to Defendant MOELLER TRUCKING's contentions of negligence or fault on the part of any person or entity not a party to this litigation.

16.

All documents that support any defenses or contentions raised in your Answer or supporting any relevant fact in this litigation.

17.

All pleadings prepared in connection with any litigation to which you have been a party for the last ten (10) years.

18.

All documentary or other tangible evidence calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims or Defendants' defenses in this action.

19.

A copy of any reservation of rights letter(s) or other documentation of any kind received from any insurer which purports to deny insurance coverage or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

20.

All claim forms, accident reports or other documentation evidencing prior or subsequent claims, complaints, problems, or injuries occurring from an accident in which Defendant MOELLER TRUCKING was involved in any way.

21.

All claim forms, accident reports, or other documentation evidencing prior or subsequent claims, complaints, problems, or injuries occurring from an incident in which Defendant MCGINNIS was operating a vehicle owned by Defendant MOELLER TRUCKING.

22.

The curriculum vitae of all experts who are expected to testify on behalf of the defense and any documents created, reviewed or relied upon by them.

23.

A copy of any written notification or report you made to any insurance carrier regarding the incident which gave rise to this claim and litigation.

24.

A copy of every written or recorded statement or report concerning the investigation of each expert witness expected to be called as an expert upon the trial of this matter.

25.

All records, reports, correspondence, notes, memoranda, and all other documents concerning or relating in any way to Plaintiff's injuries and/or any investigation conducted by Defendant MOELLER TRUCKING relating in any way to the incident of October 27, 2021.

26.

Each document, photograph, videotape, chart, thing or other tangible evidence that proves, tends to prove, or supports any of your responses to Plaintiff's Request for Admissions, Interrogatories, or your Answers and Defenses to Plaintiff's Complaint.

27.

Each document, photograph, videotape, chart, report, index, thing or other tangible evidence that proves, tends to prove, or supports any fact or theory that impacts on the issue of the credibility of any witness or party in these pleadings.

28.

Any insurance company index records which you may have relating to Plaintiff.

29.

A copy of every document you have obtained or will obtain during the course of this litigation, resulting from your use of your request for production of documents to any non-party, pursuant to O.C.G.A. § 9-11-34.

30.

All statements or transcript of statements whether written or oral, which were made by the Plaintiff, Defendants or witnesses, to the Defendants, to agents of the Defendants, or to any investigator regarding the issues which are the subject of the Plaintiff's Complaint.

31.

All items or materials that were picked up or retrieved by Defendants or their agents from the scene of the incident.

32.

The complete personnel file of Defendant MCGINNIS, cover to cover, with nothing omitted. Be sure to include any and all violations of state statutes and company policies by Defendant MCGINNIS, as documented by Defendant MOELLER TRUCKING.

33.

Results of any and all drug and/or alcohol tests of Defendant MCGINNIS, including those tests done immediately after the collision in this case.

34.

Any statements made by Defendant MCGINNIS, either oral or in writing, regarding the facts of the collision at issue in this case.  This request includes any oral or written statements made by Defendant MCGINNIS to any representatives of Defendant MOELLER TRUCKING.

35.

Please provide any "black box" data that was downloaded from the MOELLER TRUCKING vehicle after the collision.  Please include all parameters of black box data for the day of October 27, 2021, with nothing omitted.  If said data has been overwritten, please indicate (a) when the data was overwritten; and (b) what efforts were made to preserve said data prior to its destruction.

36.

Please provide documentation of any and all trips or jobs made by Defendant MCGINNIS from September 27, 2021 through and including November 27, 2021.  This includes any invoices or logs handwritten, electronic, or otherwise generated by Defendant MCGINNIS, as well as any records maintained by your office in either handwritten or computer format.  Please ensure that the documents include (a) the start and end time of each trip; and (b) the starting location and destination of each trip.

37.

Please provide a copy of any reports or memorandums made in regards to any collisions involving Defendant MCGINNIS while he was acting as an employee of Defendant MOELLER TRUCKING.   Please include documentation of when Defendant MCGINNIS reported the collisions, as well as any training and/or discipline that was conducted as a result of said collisions.

38.

Please provide a copy of any reports or memorandums made in regards to any traffic citations received by Defendant MCGINNIS while he was acting as an employee of Defendant MOELLER TRUCKING.   Please  include  documentation  of  when  Defendant  MCGINNIS

reported the citations, as well as any training and/or discipline that was conducted as a result of said citations.

39.

Please produce a copy of written communication, whether by memorandum, U.S. Mail, electronic mail, or some other means of written communication, between Defendant MCGINNIS and any employee or agent of Defendant MOELLER TRUCKING (excluding communications with counsel) concerning the October 27, 2021 collision in any way.

40.

Please produce a copy of written communication, whether by memorandum, U.S. Mail, electronic mail, or some other means of written communication, between any employee or agent of Defendant MOELLER TRUCKING (excluding communications with counsel) concerning the subject collision and any disciplinary actions to be taken against Defendant MCGINNIS, as result of the October 27, 2021 collision, in any way.

This 28th day of March, 2023.

**KAUFMAN LAW, P.C.**
9450 SW Gemini Drive
PMB 44896
Beaverton, OR 97008
(404) 355-4000 (T)
(404) 350-0909 (F)
kr@kaufmanlawfirm.com

**/s/ Kenneth P. Raley, III**
Kenneth P. Raley, III
Georgia Bar No. 131776
*Attorney for Plaintiff*

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

**SHAHANEY ALVARES,**

     **Plaintiffs,**

**vs.**

**BENJAMIN MCGINNIS, MOELLER
TRUCKING, INC., ARCH INSURANCE
COMPANY, ARCH INSURANCE GROUP,
INC., and ARCH INSURANCE
SOLUTIONS, INC.,**

     **Defendants.**

**CIVIL ACTION**

**NO.**

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT ARCH INSURANCE COMPANY

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, forty-five (45 days) after service hereof Defendant ARCH INSURANCE COMPANY is hereby requested to respond separately and under oath to the Interrogatories contained herein.

In answering the following interrogatories, Defendant ARCH INSURANCE COMPANY is requested to give full and complete answers based upon your personal knowledge as well as that of any guests, employees, investigators or attorneys who may have obtained information on your behalf. To the extent any information called for is objected to upon a claim of privilege, must provide enough information for the Court to adjudicate your claim of privilege.

The following Interrogatories shall be continuing in nature until the day of the trial, and Defendant ARCH INSURANCE COMPANY is required to serve supplemental answers as additional information becomes available by written amendment as set forth in O.C.G.A § 9-11-26 and addressed to Kaufman Law, P.C., 9450 S.W. Gemini Drive, PMB 44896, Beaverton, Oregon 97008.  Any such supplemental or amended Answers are to be served upon counsel for Plaintiff within thirty days from the receipt of such information but not later than thirty days prior to trial.

Wherever appropriate, the singular for of a noun or pronoun shall include the plural form of the noun or pronoun and vice-versa, and each noun or pronoun is not intended to be gender specific and may refer to both male and female.

## Definitions

"Defendant," "you," "your" and any synonym thereof are intended to and shall include, in addition to Defendant ARCH INSURANCE COMPANY, all agents, servants, representatives, employees, private investigators, attorneys and others who are in a position of confidence or who may have obtained information for or on behalf of the Defendant, and all business entities with which the Defendant ARCH INSURANCE COMPANY is or has been affiliated.

"Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

"Document" is used in the broadest sense of the word to mean every writing or record of every type and description that is or has been in your possession, control, or custody, including but not limited to statements, agreements, communications, correspondence, notes and memoranda, summaries, records of telephone conversations, meetings and conferences, summaries and records of personal conversations or interviews, books, manuals, publications, diaries, laboratory and engineering reports and notebooks, charts, plans, drawings, photographs, reports and/or summaries of investigations, surveys, and/or negotiations, opinions and reports of consultants, brochures, pamphlets, advertisements, films, microfilms, videotapes, fax copies, voice recordings, other reports and records, and e-mails.

To "identify", or to state the "identity" of a person means to state the name, last known address, residential and cellular telephone numbers, and the relationship to Defendant ARCH

INSURANCE COMPANY.

## **INTERROGATORIES**

1.

State whether there are one or more policies of insurance extending coverage to any of the Defendants or whether any of the Defendants are a party to or beneficiary of any agreement or contract, by which any person is or may be obligated to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse any person for any cost, expense or payment made in connection with this action. If so, for each such policy of insurance, agreement or contract (specifying which), state the name and current address of each person who is a party or beneficiary (specifying which), the effective dates or date of execution, the substance and content, the applicable limits of liability coverage, the policy number(s), and the name and current address of the person(s) having possession thereof.

2.

With regard to each policy of insurance identified in answer to Interrogatory Number 1, state whether you have undertaken to defend this action, whether you have acknowledged or extended coverage with respect to the incident involved herein, and whether you have undertaken to defend this action under any reservation of rights or non-waiver agreement.

3.

State whether you or anyone on your behalf has ever had Plaintiff under surveillance or obtained or taken any surveillance film(s) of Plaintiff since the date of the incident herein to the time of trial. If so, state the date and time of each surveillance, and the name, current address and telephone number of the person doing the surveillance. For each such film, state the date on which the film was taken, the subject matter and activities depicted in the film, the total number

of hours Plaintiff was kept under surveillance, and the name, current address and telephone number of the person taking the film and the person having custody thereof (specifying which).

4.

State the name, current address, telephone number, and occupation of each person who to your knowledge, information or belief has investigated either the incident or the cause(s) of the incident involved herein (excluding your attorney(s)).

5.

State the name, current address, and telephone number of each person who to your knowledge, information or belief has been contacted by any individual named in the answer to Interrogatory Number 4.

6.

State the content and substance of each written record containing information from the investigation undertaken by any individual named in the answer to Interrogatory Number 4, the date each record was prepared, and the name, current address and telephone number of the person(s) who prepared the record and the person who now has custody and control thereof (specifying which).

7.

State the name, current address and telephone number of each and every expert whom you expect to call as a witness at the trial of this case and, with regard to such witness, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which said expert is expected to testify, and a summary of the grounds for each opinion.

This 28th day of March, 2023.

*(Signature contained on the following page.)*

4

**/s/ Kenneth P. Raley, III**
Kenneth P. Raley, III
Georgia Bar No. 131776
*Attorney for Plaintiff*

**KAUFMAN LAW, P.C.**
9450 SW Gemini Drive
PMB 44896
Beaverton, OR 97008
(404) 355-4000 (T)
(404) 350-0909 (F)
kr@kaufmanlawfirm.com

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

SHAHANEY ALVARES,

      **Plaintiffs,**

**vs.**

BENJAMIN MCGINNIS, MOELLER
TRUCKING, INC., ARCH INSURANCE
COMPANY, ARCH INSURANCE GROUP,
INC., and ARCH INSURANCE
SOLUTIONS, INC.,

      **Defendants.**

**CIVIL ACTION**

**NO.**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
## DEFENDANT ARCH INSURANCE COMPANY

YOU ARE HEREBY NOTIFIED that Defendant ARCH INSURANCE COMPANY,

pursuant to O.C.G.A. §§ 9-11-26 and 9-11-36, is requested to admit the truth of the matters of fact

hereinafter set forth on or before the thirtieth (45th) day after service hereof, by answer in writing.

## INSTRUCTIONS

1.     In answering these Requests, you shall admit or deny the matter specifically, or set

forth in detail the reasons why you cannot admit or deny the matter truthfully. You may not give

lack of information or knowledge as a reason for failure to admit or deny unless you have made

reasonable inquiry and the information known or readily obtainable by you is insufficient to enable

you to admit or deny the request.

2.     Defendant ARCH INSURANCE COMPANY is advised that if it fails to admit the

truth of any matter as requested, and if Plaintiff thereafter prove the truth of the matter, Plaintiff

will apply to the Court for an order requiring Defendant ARCH INSURANCE COMPANY to pay

for reasonable expenses incurred in making that proof, including reasonable attorney's fees.

3.      As used herein, the term "you" shall refer to Defendant ARCH INSURANCE COMPANY, where applicable in context, its agents, servants, attorneys, representatives, or other person or persons acting for or purportedly acting on its behalf.

4.      As used herein, the term "Plaintiff" shall refer to Plaintiff SHAHANEY ALVARES, where applicable in context, her agents, attorneys, servants, representatives, affiliates, subsidiaries or any other person or person acting for or purportedly acting on her behalf.

**Defendant ARCH INSURANCE COMPANY is requested to admit that the following are true:**

1.

Please admit that Defendant ARCH INSURANCE COMPANY is properly identified and named in Plaintiff's Complaint.

2.

Please admit that there are no other parties who should be named in the Complaint.

3.

Please admit that Defendant ARCH INSURANCE COMPANY is subject to the jurisdiction of this Court.

4.

Please admit that venue is proper in this Court.

5.

Please admit that Plaintiff's Complaint was filed and served prior to the expiration of the Statute of Limitations.

6.

Please admit that Defendant ARCH INSURANCE COMPANY was timely and properly served with Plaintiff's Summons and Complaint.

7.

Please admit that Plaintiff was not negligent in any way on October 27, 2021 with regard to the collision that is the subject matter of Plaintiff's Complaint.

8.

Please admit that at all times relevant to the collision on October 27, 2021, Plaintiff exercised due care for her own safety.

9.

Please admit that on October 27, 2021, there is nothing that Plaintiff could have done immediately before impact to avoid the collision.

10.

Please admit that all of the allegations in Plaintiff's Complaint are true.

11.

Please admit that Defendant MCGINNIS has no legal excuse for causing the collision with the vehicle Plaintiff was operating on October 27, 2021.

12.

Please admit that Defendant MCGININIS has no factual excuse for causing the collision of Plaintiff's vehicle on October 27, 2021.

13.

Please admit that Defendant MCGINNIS is liable for the collision on October 27, 2021 that forms the basis of Plaintiff's Complaint.

14.

Please admit that Defendant ARCH INSURANCE COMPANY has conducted surveillance and possesses digital or film images of Plaintiff.

15.

Please admit that in the event judgment is entered in this case in favor of Plaintiff and against Defendants, Defendant ARCH INSURANCE COMPANY will pay said judgment up to an amount not to exceed its policy limits.

16.

Please admit that Defendant MOELLER TRUCKING is a common carrier as defined by O.C.G.A. §46-1-1.

This 28th day of March, 2023.

**/s/ Kenneth P. Raley, III**
Kenneth P. Raley, III
Georgia Bar No. 131776
*Attorney for Plaintiff*

**KAUFMAN LAW, P.C.**
9450 SW Gemini Drive
PMB 44896
Beaverton, OR 97008
(404) 355-4000 (T)
(404) 350-0909 (F)
kr@kaufmanlawfirm.com

4

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

**SHAHANEY ALVARES,**

      **Plaintiffs,**

**vs.**

**BENJAMIN MCGINNIS, MOELLER TRUCKING, INC., ARCH INSURANCE COMPANY, ARCH INSURANCE GROUP, INC., and ARCH INSURANCE SOLUTIONS, INC.,**

      **Defendants.**

**CIVIL ACTION**

**NO.**

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT ARCH INSURANCE COMPANY

Pursuant to O.C.G.A. § 9-11-26 and 9-11-34, within forty-five (45) days after service thereof, Defendant ARCH INSURANCE COMPANY is to produce and permit counsel for Plaintiff to inspect and copy the documents requested herein at the offices of Kaufman Law, P.C., 9450 S.W. Gemini Drive, PMB 44896, Beaverton, Oregon 97008.   In lieu of production, you may attach a photocopy of the same to your responses to these Discovery Requests.

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the term "document" shall mean the original, and if not available, any copy of the original, of all writings of every kind, including, but not limited to, all written and electronic correspondence, drawings, books, records, logs, reports, memoranda, advertisements, agreements, appointment records, audio recordings, balance sheets, bills, bills of lading, certificates, communications, charts, checks, papers, transcriptions or summaries of conversations, delivery records, diaries, drafts, e-mails, discs, plans and specifications, graphs, tapes, slides, computer printouts, entries, estimates, expense records, field notes, films, financial statements, forms, handbooks, income statements, indices, instruments, intra-office and inter- office communications, invoices, itemizations, journals, letters, licenses, manuals, maps,

minutes, notes, order forms, orders, opinions, payroll records, permits, photocopies, photographs, publications, receipts, recordings, records, reports, requisitions, statements, statistical records, studies, summaries, system analyses, time records, training manuals, evaluations, warehouse receipts, or wire transfers in the possession, custody, or control of Defendant ARCH INSURANCE COMPANY and, where applicable in context, its officers, directors, shareholders, employees, agents, servants, representatives and, to the extent they are not otherwise privileged, attorneys.

The term "document" shall also include copies containing information in addition to that contained in or on the original and all the attachments, appendices, enclosures, or documents referred to in any documents produced pursuant to or identified in this First Request for Production of Documents.

2.      As used herein, the term "you" shall refer to Defendant ARCH INSURANCE COMPANY and, where applicable in context, Defendant ARCH INSURANCE COMPANY's agents, servants, attorneys, representatives, or other person or persons acting for or purportedly acting on its behalf at any time.

3.      As used herein, the word "identify," when used to refer to an individual, shall require the responding party to provide the individual's full name, last known residence address, home telephone number, cellular telephone number, and, if available, last known business address and telephone number.

4.      As used herein, the word "identify," when used to refer to a corporation or other organization or entity, shall require the responding party to provide the full name of the entity, the last known address and telephone number of the entity, and the person(s) affiliated with the entity whom you believe most knowledgeable with respect to the subject matter of the request in question.

5.      If documents, the identities of which are sought herein, do not exist or are no longer in your possession, please state whether any such document is missing or lost, destroyed, transferred to others, or otherwise disposed of and, in any such instance, set forth the surrounding

circumstances in any authorization for such disposition and to state the approximate date of any such disposition and, if known, state the present location and custodian of such document.

6.      This First Request for Production of Documents shall be deemed continuing so as to require supplementation with information obtained after the time of compliance herewith to the extent required by O.C.G.A. § 9-11-26.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and vice-versa.

## **DOCUMENT REQUESTS**

**Pursuant to O.C.G.A. §9-11-34, you are requested to produce the following items:**

1.

As to any and all insurance policies or other contractual arrangement that may obligate an insurance company or other person, firm, or corporation to provide any investigative services or defense for Defendant MOELLER TRUCKING or Defendant MCGINNIS in this case or may be obligated to pay any portion of any judgment that may be rendered against Defendant MOELLER TRUCKING and/or Defendant MCGINNIS, produce the following documents and items, to-wit:

(a)      All policies with all additions and deletions not previously produced;

(b)      All prior claims paid under any such policies that will be deducted from the amount for which any such insurance company may have to pay in this case;

(c)      The total amount of money for which each such insurance company would be liable for payment on behalf of Defendant MOELLER TRUCKING and/or Defendant MCGINNIS;

(d)      All loss control reports made by any present or previous insurance company concerning Defendant MOELLER TRUCKING operations;

(e)      The amounts of all other claims being currently made against any such insurance policies other than by this Plaintiff;

(f)      Contracts describing the obligation of any person, firm, or corporation other than an insurance company to provide investigative or legal defense services for the benefit of Defendant MOELLER TRUCKING or Defendant MCGINNIS;

3

(g)    Loss ratio reports;

(h)    Trucking/safety evaluation reports conducted by your insurance carrier or any agency;

(i)    Trucking/safety audits of Defendant MOELLER TRUCKING's safety department conducted by your insurance carrier or any sort of agency.

2.

All photographs, videotapes, computer animations, models, diagrams, drawings, slides, films, sketches, or motion pictures that in any way relates to the incident at issue.

3.

Any statements and reports made by you or anyone acting on your behalf relating to the incident complained of in the Complaint, or obtained by you from any other party or witness relating to the incident complained of in the Complaint, or from any person who has knowledge of any fact or circumstance referred to in any allegation of the Complaint, or from any expert witness who has any knowledge or information relating to the incident complained of in the Complaint.

4.

A copy of any and all damage appraisal(s) and/or repair estimate(s) made of the truck driven by Defendant MCGINNIS in the subject collision.

5.

A copy of any surveillance movies, photos, etc. of Plaintiff or any witnesses in this case.

6.

Any and all documents which are referenced in your responses to Plaintiff's First Interrogatories.

7.

A copy of all documents which you receive in response to any Request for Production of

4

Documents you serve on third parties to this case including, but not limited to, all medical records of Plaintiff.

8.

All documents which reference to Plaintiff's property damage or the occurrence of the subject collision on which this action is based.

9.

A copy of all documentation of payments made to anyone in relation to the subject collision.

10.

Copies of all letters, memoranda, e-mail, and documents of any sort, transmitted by Defendant ARCH INSURANCE COMPANY relating to Defendant MOELLER TRUCKING's operations for the three (3) years preceding the subject accident and/or vice versa.

11.

Please provide a complete copy of Defendant ARCH INSURANCE COMPANY's underwriting file with regard to any policy written by Defendant ARCH INSURANCE COMPANY or any of its subsidiaries for coverage to Defendant MOELLER TRUCKING.

12.

Please provide a certified copy of all insurance policies issued by Defendant ARCH INSURANCE COMPANY or any of its subsidiaries to Defendant MOELLER TRUCKING.

13.

Please provide a copy of any and all documents submitted and/or filed by Defendant ARCH INSURANCE COMPANY with the Georgia Public Service Commission regarding any policy of insurance issued by Defendant ARCH INSURANCE COMPANY to Defendant MOELLER TRUCKING.

This 28th day of March, 2023.

**/s/ Kenneth P. Raley, III**
Kenneth P. Raley, III
Georgia Bar No. 131776
*Attorney for Plaintiff*

**KAUFMAN LAW, P.C.**
9450 SW Gemini Drive
PMB 44896
Beaverton, OR 97008
(404) 355-4000 (T)
(404) 350-0909 (F)
kr@kaufmanlawfirm.com

🖅 **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK
**MAR 28, 2023 04:52 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

**SHAHANEY ALVARES,**

　　　　**Plaintiffs,**

vs.

**BENJAMIN MCGINNIS, MOELLER
TRUCKING, INC., ARCH INSURANCE
COMPANY, ARCH INSURANCE GROUP,
INC., and ARCH INSURANCE
SOLUTIONS, INC.,**

　　　　**Defendants.**

**CIVIL ACTION**

**NO.**

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO UNNAMED DEFENDANT USAA GENERAL INDEMNITY COMPANY

Plaintiff hereby requests that USAA GENERAL INDEMNITY COMPANY answer in writing and under oath the following Interrogatories within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. §9-11-33.  In responding, USAA GENERAL INDEMNITY COMPANY is requested to furnish such information as is available to USAA GENERAL INDEMNITY COMPANY.  To the extent any information called for is objected to upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege, including a "privilege log".

Further, pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, within forty-five (45) days after service thereof, USAA GENERAL INDEMNITY COMPANY is to produce and permit counsel for the Plaintiffs to inspect and copy the documents requested herein at the offices of **Kaufman Law, P.C.**, 9450 S.W. Gemini Drive, PMB 44896, Beaverton, Oregon 97008.  In lieu of production, you may attach a photocopy of the same to your responses to these Discovery Requests.

## I.  DEFINITION OF TERMS

When used in these discovery requests, the following terms shall have the following meanings:

"You" and/or "your" shall refer to USAA GENERAL INDEMNITY COMPANY, its agents, representatives, and employees.

"Plaintiff" shall refer to SHAHANEY ALVARES.

"The collision" shall mean the motor vehicle collision or incident referred to in the Complaint which occurred on or about October 27, 2021.

"Date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof (including relationship to other events).

"Documents" are, without being limited to the generality of its meaning, all written materials, drawings, graphs, charts, photographs, sound recordings, videotapes, computer animations, computer discs, computer tapes, correspondence, invoices, letters, memoranda, telegrams, handwritten notes, periodicals, pamphlets, reports, financial records, canceled checks, deposit slips, bank statements, accounts, journals, ledger cards, profit and loss statements, financial statements, audited and unaudited, reports, audits, studies, working papers, corporate minutes, minute books, diaries, deeds, contracts, agreements, understandings, papers, drafts, indexes, data sheets, data processing cards, tapes, any data compilation from which information can be obtained, and any other physical object. These terms should be construed to mean the originals; however, if the originals are not available, true and correct copies of the originals.

## II.  INTERROGATORIES

1.

Please identify any and all policies of insurance issued by you or any company related to

or subsidiary of yours that applies or that may apply to the incident that forms the basis for the above-styled action, including policy numbers, types and limits of such coverage.

2.

If you are defending this case under a reservation of rights, please state in detail the reasons for such a reservation of rights and any factual information in your possession that supports a reservation of rights in this case.

3.

Please identify any and all individuals who have knowledge of any facts or circumstances of the occurrence made the basis of this suit and, based on the best information you have available, please state the facts and/or circumstances that you believe to be within the knowledge of each such person.

4.

Please identify each and every person whom you expect to call as an expert witness to testify in this case and, as to each such person, state:

(a) His or her qualifications as an expert, including his or her employer, title and/or position;

(b) The subject matter on which the expert is expected to testify; and

(c) The substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

5.

Please identify each and every person, not previously identified, who, according to the best information you have available, you believe has knowledge of facts and circumstances relevant to this case.

6.

Have you obtained any statements or reports, written or otherwise, from anyone in connection with the occurrence made the basis of this suit?  If so, please state the name of each person who gave such a statement, when the statement was taken, who took the statement, and the form of the statement (oral, written, etc.).

7.

Please list the facts upon which you base any defense raised in your Answer.

8.

Do you contend that Plaintiff acted in such a manner as to cause or contribute to the occurrence made the basis of this suit?  If so, please set forth each and every fact upon which your contention is based.

9.

If you contend that there are any policy defects or prerequisites to coverage that have not been met, please identify the specific defect or policy language which references any unmet coverage prerequisites and provide all factual predicates upon which your contentions as to policy defects or unmet prerequisites are based.

10.

Please identify any and all persons and/or entities that you allege may have caused the subject collision on October 27, 2021 and state what degree of fault, blame, or negligence you are attributing to each.

### III.  REQUEST FOR ADMISSIONS

1.

Please admit that there are policies of motor vehicle insurance issued by you that contained

uninsured motorist bodily injury coverage that was in effect as of the date of the incident.

2.

Please admit that said Uninsured Motorist Coverage is applicable to the collision that forms the basis for the Complaint.

3.

Please admit that you have been properly served with Summons and Complaint in the present action.

4.

Please admit that you did not obtain a written election of "reduced by" Uninsured Motorist bodily injury coverage as required by O.C.G.A. §33-7-11(b)(1)(D)(ii)(II).

5.

Please admit that there are no policy defects and that the coverage on the vehicle Plaintiff was operating was paid and in full force and effect as of the date of the accident.

6.

Please admit that Plaintiff has so far complied with all terms and conditions of the policy of Uninsured Motorist Coverage at issue.

7.

Please admit that the negligence of the Defendants caused the collision.

8.

Please admit that Plaintiff did not cause or contribute to the collision that forms the basis for the Complaint in this case in any way.

9.

Please admit that the Defendants are uninsured or underinsured with regard to the collision.

10.

Please admit that Plaintiff was injured in the collision.

11.

With regard to the collision leading to this lawsuit, please admit that Plaintiff was insured under the UM policy you issued covering the vehicle Plaintiff was operating.

12.

Please admit that no one not named as a party to this suit caused or contributed to the collision that forms the basis for the Complaint in this suit.

13.

Please admit that you and your agents are not aware of any evidence to suggest that Plaintiff was uninjured in the collision.

14.

Please admit that any statements taken by your agents were not taken in anticipation of litigation.

## IV.  REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all documents, inclusive of written or recorded statements, writings or memoranda made or prepared (whether manually, mechanically or electronically) by you (or your representative) in support of any allegation that you are not liable to Plaintiff for injuries or damages resulting from the collision.

2.

Any and all documents and things, including pictures, videotapes, audio tapes, diagrams, graphs, surveys, measurements, or other written or pictorial descriptions in support of any

allegation that Plaintiff should not recover those damages claimed in this lawsuit.

3.

Any and all tape recordings, electrical or mechanical recordings or transcriptions of any type or nature evidencing communications and statements by or between Plaintiffs, their agents, representatives, servants or employees, and you, your agents, representatives, servants and/or employees, relating to the allegations in this lawsuit.

4.

Any and all documents identified by you in response to the Interrogatories above.

5.

Any documents consisting of, evidencing, referring or relating to any communications, written or oral, by or between the named Defendants' agents, representatives, servants or employees, and you from the date of the collision made the basis of this lawsuit to the present time.

6.

A complete, certified copy of every insurance policy, including all attachments, riders and addenda, issued by you which is or may be applicable to Plaintiff's claims.

7.

A copy of any damage appraisal and/or repair invoice regarding any vehicle involved in the subject collision, made subsequent to the collision.

8.

Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

9.

Any and all drawings, maps or sketches of the location of the collision that is the subject of this litigation.

10.

Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the collision which is the subject of this litigation, or any damages resulting there from.

11.

A copy of any movies, photos, videotapes, or pictures made of any relevant matter in this lawsuit, including any people, places or things involved in the collision.

12.

A copy of any tape-recorded conversations wherein Plaintiff are a participant in any such conversation.

13.

Any and all expert's reports, which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this case as an expert.  If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to Plaintiff's attorney.

14.

Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

15.

Any and all work papers, notes and documents in the file of any expert witness who is

expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

16.

A curriculum vitae or resume for each individual whom you may call as an expert witness at the trial of this case.

17.

All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

18.

With regard to any expert employed by you in this case, produce copies of the front and back of canceled checks evidencing payments made by you at any time for work performed by any such expert (whether testifying or consulting).

19.

All investigative and/or incident "reports" generated by or on your behalf prior to your being aware that Plaintiff intended to present a claim.

20.

A complete copy of your claims file and your adjusting file regarding Plaintiff's claims.

21.

Copies of any witness fact statements (including statements made by Plaintiff or by the investigating officer) that are relevant to the collision.

22.

Pursuant to O.C.G.A. § 9-11-34(c), Plaintiff hereby requests copies of any and all

documents obtained by you as a result of a non-party request for production of documents.

23.

Please produce all documents relevant to the claims or defenses presented in this case.

24.

Please produce any and all written elections of "reduced by" UM coverage obtained from

Plaintiff as required by O.C.G.A. §33-7-11(b)(I)(D)(ii)(II).

Respectfully submitted this <u>28th</u> day of March, 2023.


<u>**/s/ Kenneth P. Raley, III**</u>
Kenneth P. Raley, III
Georgia Bar No. 131776
*Attorney for Plaintiff*

**KAUFMAN LAW, P.C.**
9450 SW Gemini Drive
PMB 44896
Beaverton, OR 97008
(404) 355-4000 (T)
(404) 350-0909 (F)
kr@kaufmanlawfirm.com

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

🖳 **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
**SNK**
**MAR 28, 2023 04:52 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  <u>STSV2023000587</u>

Alvares, Shahaney

_____

**PLAINTIFF**

**VS.**

Moeller Trucking, Inc.
Arch Insurance Company
Arch Insurance Group, Inc.
Arch Insurance Solutions, inc.
McGinnis, Benjamin

_____

**DEFENDANTS**

## SUMMONS

TO: MOELLER TRUCKING, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Kenneth Raley**
> **Kaufman Law, P.C.**
> **9450 SW Gemini DR**
> **PMB 44896**
> **Beaverton, Oregon 97008**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of March, 2023.**

Clerk of State Court

*Lynne M. Policaro*
_____
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK
**MAR 28, 2023 04:52 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2023000587

Alvares, Shahaney

_____

**PLAINTIFF**

**VS.**

Moeller Trucking, Inc.
Arch Insurance Company
Arch Insurance Group, Inc.
Arch Insurance Solutions, inc.
McGinnis, Benjamin

_____

**DEFENDANTS**

## SUMMONS

TO: ARCH INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Kenneth Raley**
> **Kaufman Law, P.C.**
> **9450 SW Gemini DR**
> **PMB 44896**
> **Beaverton, Oregon 97008**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of March, 2023.**

Clerk of State Court

*Lynne M. Policaro*
_____
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK
**MAR 28, 2023 04:52 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  <u>STSV2023000587</u>

Alvares, Shahaney

_____

**PLAINTIFF**

         **VS.**

Moeller Trucking, Inc.
Arch Insurance Company
Arch Insurance Group, Inc.
Arch Insurance Solutions, inc.
McGinnis, Benjamin

_____

**DEFENDANTS**

         **SUMMONS**

TO: ARCH INSURANCE GROUP, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

    **Kenneth Raley**
    **Kaufman Law, P.C.**
    **9450 SW Gemini DR**
    **PMB 44896**
    **Beaverton, Oregon 97008**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of March, 2023.**

       Clerk of State Court

     *Lynne M. Policaro*
     Lynne M. Policaro, Clerk of State Court
     Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK
**MAR 28, 2023 04:52 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  <u>STSV2023000587</u>

Alvares, Shahaney

---

**PLAINTIFF**

                                        **VS.**

Moeller Trucking, Inc.
Arch Insurance Company
Arch Insurance Group, Inc.
Arch Insurance Solutions, inc.
McGinnis, Benjamin

---

**DEFENDANTS**

## SUMMONS

TO: ARCH INSURANCE SOLUTIONS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

        **Kenneth Raley**
        **Kaufman Law, P.C.**
        **9450 SW Gemini DR**
        **PMB 44896**
        **Beaverton, Oregon 97008**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of March, 2023.**

                    Clerk of State Court

*Lynne M. Policaro*

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
**SNK**
**MAR 28, 2023 04:52 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  <u>STSV2023000587</u>

Alvares, Shahaney

_____

**PLAINTIFF**

                                          **VS.**

Moeller Trucking, Inc.
Arch Insurance Company
Arch Insurance Group, Inc.
Arch Insurance Solutions, inc.
McGinnis, Benjamin

_____

**DEFENDANTS**


                              **SUMMONS**

TO: MCGINNIS, BENJAMIN

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

> **Kenneth Raley**
> **Kaufman Law, P.C.**
> **9450 SW Gemini DR**
> **PMB 44896**
> **Beaverton, Oregon 97008**

an answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.

**This 28th day of March, 2023.**

                              Clerk of State Court


*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK
**MAR 28, 2023 04:52 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2023000587

Alvares, Shahaney

_____

**PLAINTIFF**

**VS.**

Moeller Trucking, Inc.
Arch Insurance Company
Arch Insurance Group, Inc.
Arch Insurance Solutions, inc.
McGinnis, Benjamin

_____

**DEFENDANTS**


**SUMMONS**

TO: USAA GENERAL INDEMNITY COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Kenneth Raley**
> **Kaufman Law, P.C.**
> **9450 SW Gemini DR**
> **PMB 44896**
> **Beaverton, Oregon 97008**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of March, 2023.**

Clerk of State Court


*Lynne M. Policaro*
_____
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

Page 1 of 1

**General Civil and Domestic Relations Case Filing Information Form**

⬛ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

☐ **Superior** or ☑ **State Court of** Henry _____ **County**

**STSV2023000587**
SNK

MAR 28, 2023 04:52 PM

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** 03-28-2023 <br> **MM-DD-YYYY** | **Case Number** STSV2023000587 <br> *Lynne M. Policaro* <br> Lynne M. Policaro, Clerk of State Court <br> Henry County, Georgia |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Alvares, Shahaney | | | | | Moeller Trucking, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Arch Insurance Company | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Arch Insurance Group, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Arch Insurance Solutions, inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Raley, Kenneth _____ **Bar Number** 131776 _____ **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ **Case Number** _____ **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2023000587**
SNK
MAR 31, 2023 02:29 PM

*Lynne M. Policaro*
State Court
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Henry**

Case Number: STSV2023000587

Plaintiff: **SHAHANEY ALVARES**
vs.
Defendants: **BENJAMIN MCGINNIS, MOELLER TRUCKING, INC., ARCH INSURANCE COMPANY, ARCH INSURANCE GROUP, INC., and ARCH INSURANCE SOLUTIONS, INC.**

For:
Kenneth P. Raley, III
Kaufman Law, P.C.
P.O. Box 105603 PMB44896
Atlanta, GA 30348

Received by Absolute Legal Services to be served on **Arch Insurance Company registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **30th day of March, 2023** at **1:22 pm, I:**

served **Arch Insurance Company registered agent, Corporation Service Company** by delivering a true copy of the **SUMMONS; COMPLAINT; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM; PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT ARCH INSURANCE COMPANY; PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT ARCH INSURANCE COMPANY; PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ARCH INSURANCE COMPANY** with the date and hour of service endorsed thereon by me, to: **Alisha Smith c/o Corporation Service Company**, title: **CSC Coordinator**, a person authorized to accept process for the Company, **Arch Insurance Company registered agent, Corporation Service Company,** at the address of: **2 Sun Court, Suite 400, Peachtree Corners, GA 30092.**

**Description** of Person Served: Age: 42, Sex: F, Race/Skin Color: Black, Height: 5'8", Weight: 150, Hair: Black, Glasses: N

I certify that I am a citizen of the United States over the age of 18 and have no interest in the above-styled case.

Signed and sworn before me on the 30 day of
_____ 2023 by the affiant who is
personally known to me or produced identification.

_____
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Legal Services**
**930 New Hope Road**
**Suite 11-110**
**Lawrenceville, GA 30045**
**(770) 736-8106**

Our Job Serial Number: RBC-2023000736
Ref: ALVARES

*TIFFANY HORTON
NOTARY
EXPIRES
GEORGIA
May 18, 2023
PUBLIC
GWINNETT COUNTY*

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

# IN THE STATE COURT OF HENRY COUNTY

## STATE OF GEORGIA

IN RE: APPOINTMENT AS PERMANENT )
    PROCESS SERVER OF )
    **Christopher Todd Horton** )
    PURSUANT TO O.C.G.A. SECTION )
    9-11-4(c) )

21 SV 1798 DBB

## ORDER APPOINTING PERMANENT PROCESS SERVER

The foregoing Motion having been read and considered, it is hereby ORDERED

that **Christopher Todd Horton** be appointed as permanent process server for the

Henry County State Court pursuant to O.C.G.A. Section 9-11-4(c).

The appointment shall be effective from the date of this Order to the date of

expiration of Applicant's current certification as a process server through the Georgia

Administrative Office of the Courts, which is September 28, 2024_____, unless

sooner revoked for cause shown.

**SO ORDERED**, this_____ *1* ____day of_____ Nov _____, 20 *21*.

_David B. Brown_
~~BEN W. STODDARD~~
Chief Judge

FILED IN OFFICE
STATE COURT
HENRY COUNTY, GA

NOV 0 2 2021

_____FOR
LYNNE M. POLICARO
CLERK OF STATE COURT, HENRY COUNTY, GA

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK
**MAR 31, 2023 02:29 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia
**State Court**

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Henry

Case Number: STSV2023000587

Plaintiff:
**SHAHANEY ALVARES**

vs.

Defendants:
**BENJAMIN MCGINNIS, MOELLER TRUCKING, INC., ARCH INSURANCE COMPANY, ARCH INSURANCE GROUP, INC., and ARCH INSURANCE SOLUTIONS, INC.**

For:
Kenneth P. Raley, III
Kaufman Law, P.C.
P.O. Box 105603 PMB44896
Atlanta, GA 30348

Received by Absolute Legal Services to be served on **Arch Insurance Group, Inc. registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.**

I, Christopher Todd Horton, being duly sworn, depose and say that on the **30th day of March, 2023** at **1:22 pm**, I:

served **Arch Insurance Group, Inc. registered agent, Corporation Service Company** by delivering a true copy of the **SUMMONS; COMPLAINT; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM;** with the date and hour of service endorsed thereon by me, to: **Alisha Smith c/o Corporation Service Company,** title: **CSC Coordinator,** a person authorized to accept process for the Company, **Arch Insurance Group, Inc. registered agent, Corporation Service Company,** at the address of: **2 Sun Court, Suite 400, Peachtree Corners, GA 30092.**

**Description** of Person Served: Age: 42, Sex: F, Race/Skin Color: Black, Height: 5'8", Weight: 150, Hair: Black, Glasses: N

I certify that I am a citizen of the United States over the age of 18 and have no interest in the above-styled case.

Signed and sworn before me on the 30th day of
_____ 2023 by the affiant who is
personally known to me or produced identification.

NOTARY PUBLIC

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Legal Services**
**930 New Hope Road**
**Suite 11-110**
**Lawrenceville, GA 30045**
**(770) 736-8106**

Our Job Serial Number: RBC-2023000737
Ref: ALVARES

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

## IN THE STATE COURT OF HENRY COUNTY

## STATE OF GEORGIA

IN RE: APPOINTMENT AS PERMANENT )
    PROCESS SERVER OF )
    **Christopher Todd Horton** )    21 SV 1798 DBB
    PURSUANT TO O.C.G.A. SECTION )
    9-11-4(c) )

## ORDER APPOINTING PERMANENT PROCESS SERVER

The foregoing Motion having been read and considered, it is hereby ORDERED

that **Christopher Todd Horton** be appointed as permanent process server for the

Henry County State Court pursuant to O.C.G.A. Section 9-11-4(c).

The appointment shall be effective from the date of this Order to the date of

expiration of Applicant's current certification as a process server through the Georgia

Administrative Office of the Courts, which is September 28, 2024_____, unless

sooner revoked for cause shown.

**SO ORDERED**, this_____ *1* day of_____ Nov _____, 20 21.

_____
~~BEN W. STODDARD~~ David B. Brown
Chief Judge

FILED IN OFFICE
STATE COURT
HENRY COUNTY, GA

NOV 0 2 2021

_____FOR
LYNNE M. POLICARO
CLERK OF STATE COURT, HENRY COUNTY, GA

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK
MAR 31, 2023 02:29 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**State Court**

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Henry**

Case Number: STSV2023000587

Plaintiff:
**SHAHANEY ALVARES**

vs.

Defendants:
**BENJAMIN MCGINNIS, MOELLER TRUCKING, INC., ARCH INSURANCE
COMPANY, ARCH INSURANCE GROUP, INC., and ARCH INSURANCE
SOLUTIONS, INC.**

For:
Kenneth P. Raley, III
Kaufman Law, P.C.
P.O. Box 105603 PMB44896
Atlanta, GA 30348

Received by Absolute Legal Services to be served on **Arch Insurance Solutions, Inc. registered agent,
Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.**

I, Christopher Todd Horton, being duly sworn, depose and say that on the **30th day of March, 2023 at 1:22
pm, I:**

served **Arch Insurance Solutions, Inc. registered agent, Corporation Service Company** by delivering
a true copy of the **SUMMONS; COMPLAINT; GENERAL CIVIL AND DOMESTIC RELATIONS CASE
FILING INFORMATION FORM** with the date and hour of service endorsed thereon by me, to: **Alisha
Smith c/o Corporation Service Company, title: CSC Coordinator,** a person authorized to accept
process for the Company, **Arch Insurance Solutions, Inc. registered agent, Corporation Service
Company,** at the address of: **2 Sun Court, Suite 400, Peachtree Corners, GA 30092.**

**Description** of Person Served: Age: 42, Sex: F, Race/Skin Color: Black, Height: 5'8", Weight: 150, Hair:
Black, Glasses: N

I certify that I am a citizen of the United States over the age of 18 and  have no interest in the above-styled
case.

Signed and sworn before me on the _____ day of
_____ by the affiant who is
personally known to me or produced identification.

_____
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Legal Services**
**930 New Hope Road**
**Suite 11-110**
**Lawrenceville, GA 30045**
**(770) 736-8106**

Our Job Serial Number: RBC-2023000738
Ref: ALVARES

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2x

# IN THE STATE COURT OF HENRY COUNTY

## STATE OF GEORGIA

IN RE: APPOINTMENT AS PERMANENT )
    PROCESS SERVER OF )
    **Christopher Todd Horton** )   21 SV 1798 DBB
    PURSUANT TO O.C.G.A. SECTION )
    9-11-4(c) )

## ORDER APPOINTING PERMANENT PROCESS SERVER

The foregoing Motion having been read and considered, it is hereby ORDERED

that **Christopher Todd Horton** be appointed as permanent process server for the

Henry County State Court pursuant to O.C.G.A. Section 9-11-4(c).

The appointment shall be effective from the date of this Order to the date of

expiration of Applicant's current certification as a process server through the Georgia

Administrative Office of the Courts, which is September 28, 2024                , unless

sooner revoked for cause shown.

**SO ORDERED**, this____ 1 ____day of_____ Nov _____, 20 21.

_____
~~BEN W. STODDARD~~   David B. Brown
Chief Judge

FILED IN OFFICE
STATE COURT
HENRY COUNTY, GA

NOV 02 2021

_____ FOR
LYNNE M. POLICARO
CLERK OF STATE COURT, HENRY COUNTY, GA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK
**MAR 31, 2023 02:29 PM**

*Lynn M. Policaro*
**State Court**
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## AFFIDAVIT OF SERVICE

State of Georgia                    **County of Henry**

Case Number: STSV2023000587

Plaintiff: **SHAHANEY ALVARES**
vs.
Defendants: **BENJAMIN MCGINNIS, MOELLER TRUCKING, INC., ARCH INSURANCE COMPANY, ARCH INSURANCE GROUP, INC., and ARCH INSURANCE SOLUTIONS, INC.**

For:
Kenneth P. Raley, III
Kaufman Law, P.C.
P.O. Box 105603 PMB44896
Atlanta, GA 30348

Received by Absolute Legal Services to be served on **USAA General Indemnity Company registered agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **30th day of March, 2023** at **1:22 pm, I:**

served **USAA General Indemnity Company registered agent: Corporation Service Company** by delivering a true copy of the **SUMMONS; COMPLAINT; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM; PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO UNNAMED DEFENDANT USAA GENERAL INDEMNITY COMPANY** with the date and hour of service endorsed thereon by me, to: **Alisha Smith c/o Corporation Service Company**, title: **CSC Coordinator**, a person authorized to accept process for the Company, **USAA General Indemnity Company registered agent: Corporation Service Company,** at the address of: **2 Sun Court, Suite 400, Peachtree Corners, GA 30092.**

**Description** of Person Served: Age: 42, Sex: F, Race/Skin Color: Black, Height: 5'8", Weight: 150, Hair: Black, Glasses: N

I certify that I am a citizen of the United States over the age of 18 and have no interest in the above-styled case.

Signed and sworn before me on the _____ day of
_____ by the affiant who is
personally known to me or produced identification.

NOTARY PUBLIC

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Legal Services**
930 New Hope Road
Suite 11-110
Lawrenceville, GA 30045
(770) 736-8106

Our Job Serial Number: RBC-2023000739
Ref: ALVARES

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

## IN THE STATE COURT OF HENRY COUNTY

## STATE OF GEORGIA

IN RE: APPOINTMENT AS PERMANENT          )
    PROCESS SERVER OF                          )
    **Christopher Todd Horton**                   )    21 SV 1798 DBB
    PURSUANT TO O.C.G.A. SECTION      )
    9-11-4(c)                                                )

## ORDER APPOINTING PERMANENT PROCESS SERVER

The foregoing Motion having been read and considered, it is hereby ORDERED

that **Christopher Todd Horton** be appointed as permanent process server for the

Henry County State Court pursuant to O.C.G.A. Section 9-11-4(c).

The appointment shall be effective from the date of this Order to the date of

expiration of Applicant's current certification as a process server through the Georgia

Administrative Office of the Courts, which is September 28, 2024 _____, unless

sooner revoked for cause shown.

SO ORDERED, this____ 1 ____day of _____ Nov _____, 20 21.

_____
~~BEN W. STODDARD~~  David B. Brown
Chief Judge

FILED IN OFFICE
STATE COURT
HENRY COUNTY, GA

NOV 02 2021

_____ FOR
LYNNE M. POLICARO
CLERK OF STATE COURT, HENRY COUNTY, GA

# VERIFIED RETURN OF SERVICE

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
Job # ATL1689
SNK

**APR 05, 2023 03:51 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**Client Info:**

Kenneth Raley
Kaufman Law, P.C.
9450 SW Gemini DR
PMB 44896
Beaverton, Oregon 97008

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | STATE COURT |
| SHAHANEY ALVARES | |
| -versus- | County of Henry, Georgia |
| **DEFENDANT:** | Court Case # **STSV2023000587** |
| MOELLER TRUCKING, INC; ET AL. | |

**Service Info:**

**Received by Stefanie Neuman: on March, 30th 2023 at 03:23 PM**
**Service:** I Served **BENJAMIN MCGINNIS**
With: **SUMMONS; COMPLAINT; MOTOR VEHICLE CRASH REPORT; FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE; FIRST CONTINUING INTERROGATORIES; FIRST REQUEST FOR ADMISSIONS; INFORMATION FORM**
by leaving with **Dustin (refused last name), CO-RESIDENT**

**At Residence 1215 WINDHORST RIDGE RD BRANDON, FL 33510**
Latitude: **27.959205**,   Longitude: **-82.289407**

On **4/4/2023** at **02:30 PM**
**Manner of Service: SUBSTITUTE SERVICE:**
FS 48.031(1)a SERVICE UPON ANY CO-RESIDENT RESIDING THEREIN 15 YEARS OF AGE OR ABOVE, AND THE PROCESS BEING EXPLAINED TO THE PERSON WHO ACCEPTED SAID PROCESS.

**Served Description:  (Approx)**

Age: **40**, Sex: **Male**, Race: **White-Caucasian**, Height: **6' 1"**, Weight: **220**, Hair: **Blond** Glasses:  **No**

I **Stefanie Neuman** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.



**Stefanie Neuman**
Lic # **CPS # 16-806422**

**Accurate Serve of Atlanta**
3379 Peachtree Rd NE
Atlanta, GA 30326

Client # ATL1689
Ref # 59283






**AFFIDAVIT OF SERVICE**

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK

APR 13, 2023 01:56 PM
**State Court**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**State of Georgia**　　　　　　**County of Henry**

Case Number: STSV2023000587

Plaintiff: **Shahaney Alvarez**
vs.
Defendant: **Benjamin McGinnis, et al**

For: Kenneth Raley, III
Kaufman Law, P.C.

Received by Ancillary Legal Corporation on the 31st day of March, 2023 at 11:02 am to be served on **Moeller Trucking Inc c/o Gary Moeller, 6422 SR 119, Maria Stein, OH 45860.** I, *Chad Sullivan*, being duly sworn, depose and say that on the **7** day of *April*, 20**23** at **9:30** m., executed service by delivering a true copy of the **Summons, Complaint, Plaintiff's First Request for Admissions to Defendant Moeller Trucking Inc, Plaintiff's First Continuing Interrogatories to Defendant Moeller Trucking Inc, Plaintiff's First Request for Production of Documents to Defendant Moeller Trucking Inc, General Civil and Domestic Relations Case Filing Information Form** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

(X) CORPORATE SERVICE: By serving *Alex Moeller* as *owner* .

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____ .

( ) NON SERVICE: For the reason detailed in the Comments below.

Age **35** SEX (M) F Race *Caucasian* Height **5'11"** Weight **225** Hair *Brown* Glasses Y (N)

COMMENTS:_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the **7th** day of *April*, *2023* by the affiant who is personally known to me.

_____
NOTARY PUBLIC

LISA K HAIDLE
Notary Public, State of Ohio
My Commission Expires:
March 26, 2028

_____
PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2023003798
Ref: Alvares

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000587**
SNK

APR 21, 2023 11:00 AM

*Lynne M. Policaro*
State Court
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Henry**

Case Number: STSV2023000587

Plaintiff: **Shahaney Alvarez**
vs.
Defendant: **Benjamin McGinnis, et al**

For: Kenneth Raley, III
    Kaufman Law, P.C.

Received by Ancillary Legal Corporation on the 13th day of April, 2023 at 4:00 pm to be served on **Moeller Trucking Inc c/o Gary Moeller, 2460 Cassella Montezuma Rd, Maria Stein, OH 45860**. I, _Chad Sullivan_ , being duly sworn, depose and say that on the _18_ day of _April_ , 20_23_ at _2:20_ p.m., executed service by delivering a true copy of the **Summons, Complaint, Plaintiff's First Request for Admissions to Defendant Moeller Trucking Inc, Plaintiff's First Continuing Interrogatories to Defendant Moeller Trucking Inc, Plaintiff's First Request for Production of Documents to Defendant Moeller Trucking Inc, General Civil and Domestic Relations Case Filing Information Form** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as
_____ of the within-named agency.

( ) CORPORATE SERVICE: By serving _Gary Moeller_ as
_Registered agent_ .

( ) OTHER SERVICE: As described in the Comments below by serving
_____ as _____ .

( ) NON SERVICE: For the reason detailed in the Comments below.

Age____ SEX M F Race_____ Height_____ Weight_____ Hair _____ Glasses Y N

**COMMENTS:**_____
_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _20th_
day of _April_ , _2023_ by the affiant who
is personally known to me.

_Lisa Haidle_
NOTARY PUBLIC

LISA K HAIDLE
Notary Public, State of Ohio
My Commission Expires:
March 26, 2028

_____

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2023004369
Ref: Alvares

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n