IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

Case No. _____

AUGUST IMAGE, LLC,

    Plaintiff,

v.

ICE CREAM CONVERSATIONS, LLC d/b/a
ICE CREAM CONVOS,

    Defendant.

## COMPLAINT

Plaintiff August Image, LLC ("Plaintiff") sues defendant Ice Cream Conversations, LLC d/b/a Ice Cream Convos ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York, NY.

2. Defendant is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 73 Shadowhill Court, Loganville, GA 30052. Defendant's agent for service of process is Xaviera Bryant, 73 Shadowhill Court, Loganville, GA 30052.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Georgia such that the exercise of personal jurisdiction over it

would not offend traditional notices of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I. Plaintiff's Business

6. From its offices in New York City and London, Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

7. Plaintiff boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

8. Plaintiff sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

### II. The Work at Issue in this Lawsuit

9. Sebastian Kim, Ramona Rosales, and Martin Schoeller are some of the many renowned photographers represented by Plaintiff.

10. Sebastian Kim, a native of Vietnam, was raised in Iran and France. He launched his career assisting renowned photographer, Richard Avedon, where his introduction to portraiture taught him how to connect with his subject in order to tell their distinctive story. Broadening his skills, Mr. Kim went on to support distinguished fashion photographer, Steven Meisel. This experience helped him foster and define his individual vision of style and beauty. Mr. Kim has worked with clients such as Vogue, Interview, Time Magazine, Gap, and Harper's Bazaar to name a few. His work can be viewed on his professional website (at http://www.sebastiankim.com/).

11. Ramona Rosales, a photographer based in Los Angeles, CA, portrays femininity and domesticity in her poppy, conventionalized images. Her amazing work has been utilized in numerous tv series and movies including *Shelter*, *Je Ne Suis Pas Seul Sans Toi*, and *Outside the Lines* to name a few. Also notorious for her offbeat, candid celebrity portraits, her photography has appeared consistently in various publications such as New York Times Magazine, The Hollywood Reported, and Billboard Magazine. Ms. Rosales received a Bachelor of Fine Arts from Art Center College of Design and has been exhibited throughout Mexico and the US. Her work can be viewed on her professional website (at https://ramonarosales.com).

12. Martin Schoeller is one of the many renowned photographers represented by Plaintiff. Mr. Schoeller is a distinguished contemporary portrait photographer most known for his extreme close-up photographs. After studying photography at the Lette Verein, he moved to New York in the 1990s and initiated his career. Mr. Schoeller's work soon gained respect for its robust visual impact and has contributed for over two decades to publications including The

New Yorker, TIME, Rolling Stone, Vanity Fair, National Geographic, among others. Mr. Schoeller has won several accolades, markedly receiving acclaim for his Colin Kaepernick photograph in Nike's "Just Do It" campaign. Mr. Schoeller's work can be viewed on his professional website (at https://martinschoeller.com/).

A. The First Photograph

13. In 2015, Mr. Kim took a professional photograph of singer R. Kelly titled "AU1992972" (the "First Photograph"). A copy of the First Photograph is exhibited below:



14. The First Photograph was registered by Mr. Kim with the Register of Copyrights on March 12, 2019 and was assigned Registration No. VA 2-143-521. A true and correct copy of the Certification of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

15. Mr. Kim is the owner of the First Photograph and has remained the owner at all times material hereto.

16. For all times relevant to this action, Plaintiff has been appointed as the exclusive

administrator and publisher of all copyright rights in and to the First Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**B.  The Second Photograph**

17.     In 2015, Ms. Rosales took a professional photograph of rapper Azealia Banks titled "AU1657042" (the "Second Photograph").  A copy of the Second Photograph is exhibited below:



18.     The Second Photograph was registered by Ms. Rosales with the Register of Copyrights on September 29, 2020 and was assigned Registration No. VA 2-221-664. A true and correct copy of the Certification of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

19.     Ms. Rosales is the owner of the Second Photograph and has remained the owner at all times material hereto.

20.     For all times relevant to this action, Plaintiff has been appointed as the exclusive

administrator and publisher of all copyright rights in and to the Second Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### C. The Third Photograph

21. In 2015, Mr. Schoeller took a professional photograph of athlete LeBron James titled "AU1579465" (the "Third Photograph"). A copy of the Third Photograph is exhibited below:



22. The Third Photograph was registered by Mr. Schoeller with the Register of Copyrights on February 25, 2022 and was assigned Registration No. VA 2-296-6151.

23. Mr. Schoeller is the owner of the Third Photograph and has remained the owner at all times material hereto.

24. For all times relevant to this action, Plaintiff has been appointed as the exclusive

administrator and publisher of all copyright rights in and to the Third Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### D.  The Fourth Photograph

25.  In 2015, Mr. Schoeller took another professional photograph of athlete LeBron James titled "AU1579466" (the "Fourth Photograph").  A copy of the Fourth Photograph is exhibited below:



26.  The Fourth Photograph was registered by Mr. Schoeller with the Register of Copyrights on February 25, 2022 and was assigned Registration No. VA 2-293-615. A true and correct copy of the Certification of Registration pertaining to the Third and Fourth Photograph is attached hereto as **Exhibit "C."**

27.  Mr. Schoeller is the owner of the Fourth Photograph and has remained the owner

at all times material hereto.

28. For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Fourth Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

29. The First, Second, Third, and Fourth Photograph are collectively referred to herein as the "Work."

### III. Defendant's Unlawful Activities

30. Defendant is an entertainment and celebrity news website that provides readers with the latest news, reviews, and updates on everything from music and movies to TV shows and pop culture.

31. Defendant advertises/markets its business primarily through its website (https://icecreamconvos.com/), social media (e.g., https://www.facebook.com/IceCreamConvos), and other forms of advertising.

32. On February 5, 2019 (prior to Mr. Kim's above-referenced copyright registration of the First Photograph), Defendant published the First Photograph on its website in connection with an article titled "R. Kelly Announces New Tour" (at https://icecreamconvos.com/r-kelly-announces-new-tour-australia-new-zealand-sri-lanka/):



33.     On April 3, 2015 (prior to Ms. Rosales' above-referenced copyright registration of the Second Photograph), Defendant published the Second Photograph on its website in connection with an article titled "From Casting Spells To Sexing President Obama – Read 8 Shocking Quotes From Azealia Bank's Billboard Interview" (at https://icecreamconvos.com/from-casting-spells-to-sexing-president-obama-read-8-shocking-quotes-from-azealia-banks-billboard-interview/):



34. On February 11, 2015 (prior to Mr. Schoeller's above-referenced copyright registration of the Third and Fourth Photograph), Defendant published the Third and Fourth Photograph on its website in connection with an article titled "LeBron James Covers The Hollywood Reporter & Shares His Plans To Take Over Hollywood!" (at https://icecreamconvos.com/lebron-james-covers-hollywood-reporter-shares-plans-take-hollywood/):



35. A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "D."**

36. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website or for any other purpose.

37. Defendant utilized the Work for commercial use – namely, in connection with the marketing of Defendant's business.

38. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

39. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the First Photograph on February 23, 2022, the Second Photograph on May 28, 2020, and the Third and Fourth Photograph on June 3, 2020. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

40. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

41. Plaintiff re-alleges and incorporates paragraphs 1 through 40 as set forth above.

42. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

43. Mr. Kim owns a valid copyright in the First Photograph, having registered the First Photograph with the Register of Copyrights.

44. Ms. Rosales owns a valid copyright in the Second Photograph, having registered the Second Photograph with the Register of Copyrights.

45. Mr. Schoeller owns a valid copyright in the Third and Fourth Photograph, having registered the Third and Fourth Photograph with the Register of Copyrights.

46. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the Work).

47. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to each photograph comprising the Work prior to its own reproduction, distribution, and public display of the Work on its website.

48. Defendant reproduced, distributed, and publicly displayed each photograph comprising the Work without authorization from Plaintiff.

49. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying each photograph comprising the Work for its own commercial purposes.

50. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

51. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

52. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

### Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: May 2, 2023.


COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
james@copycatlegal.com

By: /s/ James D'Loughy
     James D'Loughy, Esq.