THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHONY BROOKS,<br><br>PLAINTIFF,<br><br>v.<br><br>DUSTIN ANTHONY DUPREE,<br>ON THE WAY, LLC, GREAT WEST<br>CASUALTY COMPANY, and XYZ<br>CORPORATION<br><br>DEFENDANTS. | CIVIL ACTION NO. |

_____

## NOTICE OF REMOVAL
_____

COME NOW, Defendants Dustin Anthony Dupree ("Dupree"), On The Way, LLC, ("On The Way") and Great West Casualty Company ("Great West") (collectively, "Defendants") and hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice, Defendants state as follows:

## PROCEDURAL BACKGROUND AND PREREQUISITES

1. Plaintiff commenced a civil action against Defendants on or about April 3, 2023, in the State Court of Cobb County, State of Georgia, Civil Action File No. 23-A-1285 (the "State Court Action").

2. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Dupree was served on April 10, 2023, via the Georgia Secretary of State; On The Way, LLC was served on April 11, 2023, via the Georgia Secretary of State; and Great West's registered agent was served on April 4, 2023, via a private process server.

3. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are copies of all process and pleadings served upon Defendants to date in the State Court Action. (*See* Ex. A.)

4. A removal notice and a copy of the instant Notice of Removal shall be filed with the Clerk of the State Court of Cobb County, State of Georgia, and shall be served on Plaintiff. A true and correct copy of the removal notice that the undersigned will file with the Clerk of the State Court for Cobb County, State of Georgia is attached hereto as **Exhibit B**.

5. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because the State Court Action is currently pending in this Judicial District.

## Diversity Jurisdiction

6. Removal of this action is proper under 28 U.S.C. § 1332 because the citizenships of the parties are fully diverse and the amount in controversy for Plaintiff's claim is more than $75,000.00, exclusive of interest and costs.

### *Complete Diversity of Citizenship*

7. Both at the time the Complaint was filed and at the time of filing this Notice of Removal, Plaintiff Anthony Brooks was and has remained a citizen of the State of Georgia.

8. Defendant On The Way, LLC is a South Carolina corporation with its principal place of business in South Carolina.  The sole member of On The Way, LLC is Defendant Dupree.  Dupree is a citizen and resident of the state of South Carolina.  (Compl. ¶ 2.)

9. Accordingly, there exists complete diversity of citizenship between the Plaintiff and all the Defendants.

### *Amount in Controversy*

10. As a result of an automobile accident, Plaintiff alleges he has incurred and is entitled to recover "necessary and medical collateral expenses under O.C.G.A. § 51-12-7" to include "medical bills totaling over $56,000.00." (Compl. ¶ 66.)

11.     As a result of an automobile accident, Plaintiff alleges he has incurred and is entitled to recover compensatory, special, and general damages, to include past and future "medical expenses" and "pain and suffering" for no less than $100,000 (Compl. Wherefore ¶¶ "a)" and "b).")

12.     As a result of an automobile accident, Plaintiff alleges he has incurred and is entitled to recover an unspecified amount of compensatory damages, including repair or replacement of his Vehicle. (Compl. Wherefore ¶ "c).")

13.     Plaintiff also seeks punitive damages in an unspecified amount. (Compl. ¶ 65.)

14.     In circumstances such as presented in the instant case, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  Plaintiff has claimed compensatory damages, including non-economic damages and special damages in the form of present and future medical expenses.

15.     Unspecified claims for general damages may be used to satisfy the amount in controversy requirement for removal. *See Buescher v. Falcon Mezzanine Partners, LP*, No. 7:07-CV-89 (HL), 2008 U.S. Dist. LEXIS 41809, at *10 (M.D. Ga. 2008) (confirming that it is "undoubtedly true" that the Eleventh Circuit permits

litigants to use general damages to satisfy the amount in controversy requirement); *Turner v. Wal-Mart Stores, Inc.*, No. 7:11-CV-181 (HL), 2012 U.S. Dist. LEXIS 2428, *3 (M.D. Ga. 2012) (finding special damages totaling $58,652.94 and unspecified general damages were sufficient for amount in controversy requirement). Claims for punitive damages may also be considered for purposes of determining the amount in controversy in the removal analysis. *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014). When accompanied by evidence, the Court is permitted to use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in assessing the amount in controversy. *Pretka*, 608 F.3d at 754.

16. Here, Plaintiff's articulated special damages for medical costs totaling "over $56,000.00," in addition to the claim for "medical expenses incurred in an amount . . . not less than $100,0000; together with an amount adequate to compensate . . . for [] pain and suffering, past and future;" along with an unspecified amount for "compensatory damages, including repair and/or replacement of his Vehicle;" and a punitive damage claim, collectively meets the $75,000.00 jurisdictional threshold.

17. Accordingly, based on Plaintiff's allegations, the amount in controversy in this case exceeds $75,000.00.

**WHEREFORE**, for the foregoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332 and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441. Defendants respectfully request that this action proceed before this Court.

Respectfully submitted this 2nd day of May, 2023.

                                O'DANIEL McDONALD, LLC

                                /s/Clay S. O'Daniel
                                Clay S. O'Daniel
                                Georgia Bar No. 843070
                                Alexa L. Hirschfield
                                Georgia Bar No. 964889
                                9040 Roswell Road, Suite 500
                                Atlanta, GA 30350
                                (404) 419-6300
                                (404) 419-6301 (fax)
                                codaniel@odmclaw.com
                                ahirschfield@odmclaw.com

                                *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the Plaintiff's counsel of record with a copy of the within and foregoing **NOTICE OF REMOVAL OF ACTION** via email and by using the CM/ECF system to the following attorneys of record:

Nathan Fitzpatrick
The Fitzpatrick Firm, LLC
14 Lenox Pointe NE
Atlanta, GA 30324
nate@personalinjuryatl.com
awinston@personalinjuryatl.com
admin@personalinjuryatl.com

This 2nd day of May, 2023.

/s/Clay S. O'Daniel
Clay S. O'Daniel