# EXHIBIT A

**THE FITZPATRICK**
L A W   F I R M

14 Lenox Pointe NE, Atlanta, GA 30324
(678) 607-5550 | (678) 367-0101 (fax)
nate@atlantasattorneys.com

April 4, 2023

**Via U.S. Certified Mail – Return Receipt Requested**
Mr. Dustin Anthony Dupree
178 Timberlake Drive
Inman, SC  29349

      Re:   **NOTICE OF SERVICE**
           *Anthony Brooks v. Dustin Anthony Dupree, et al*
           State Court of Cobb County Georgia
           Civil Action No. 23-A-1285

Dear Mr. Dupree:

      Please find enclosed a copy of the Complaint and Summons filed with the State Court of Cobb County on April 3, 2023. This correspondence served as a Notice of Service to the Defendant. Service of the Complaint has been perfected by serving the Georgia Secretary of State as provided in the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-1 and § 40-12-2.

      As set forth in the attached Summons, you are hereby summoned and required to file with the Clerk of State Court, Cobb County, Georgia, and serve upon the undersigned counsel for Plaintiff an answer to the Complaint within thirty (30) days after service of the Summons.

      Failure to timely answer in the manner set forth in the Summons will result in a judgment by default entered against you. Please notify your attorney immediately upon notice of this lawsuit.

                          Very truly yours,

                          *Nathan Fitzpatrick*

                          Nathan Fitzpatrick

**The Fitzpatrick Firm, LLC**
14 Lenox Pointe NE
Atlanta, Georgia 30324
O: (678) 607-5550
F: (678) 367-0101
nate@personalinjuryatl.com
admin@personalinjuryatl.com

NF/mfc
Enclosures

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-LZ2WMJNE-SVN
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1285**

APR 03, 2023 11:37 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER  23-A-1285

$198.00 COST PAID

Brooks, Anthony

**PLAINTIFF**

**VS.**

On the Way, LLC
Great West Casualty Company
Dupree, Dustin A

**DEFENDANTS**

## SUMMONS

TO: DUPREE, DUSTIN A

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Nathan Fitzpatrick**
> **The Fitzpatrick Firm, LLC**
> **14 Lenox Pointe NE**
> **Atlanta, Georgia 30324**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of April, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-LZ2WMJNE-UWJ
**E EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1285**

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of _Cobb_      **County**

APR 03, 2023 11:37 AM

*Robin C Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**For Clerk Use Only**

**Date Filed** 04-03-2023
MM-DD-YYYY

**Case Number** 23-A-1285

**Plaintiff(s)**

Brooks, Anthony

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

On the Way, LLC

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| | Great West Casualty Company | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | Dupree, Dustin A | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Fitzpatrick, Nathan      **Bar Number** 193119      **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____      _____
**Case Number**                       **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

ID# E-LZ2WMJNE-CPS
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1285**

APR 03, 2023 11:37 AM

Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANTHONY BROOKS,

    Plaintiff,

    v.

DUSTIN ANTHONY DUPREE, ON THE
WAY, LLC, GREAT WEST CASUALTY
COMPANY, and XYZ CORPORATION

    Defendants.

CIVIL ACTION NO.

## COMPLAINT FOR DAMAGES

COMES NOW, ANTHONY BROOKS, Plaintiff in the above-styled action, by and through his counsel of record, Nathan Fitzpatrick of the Fitzpatrick Firm, LLC, for a cause of action against the above-named Defendants, and hereby files this Complaint for Damages and shows the court the following:

### PARTIES AND JURISDICTION

1.

The Plaintiff, Anthony Brooks, is 44 years of age and resides at 1403 Custer Avenue SE, Apt. B3, Atlanta, DeKalb County, GA, 30316.

2.

On April 9, 2021, the Defendant Dustin Anthony Dupree resided at 178 Timberlake Drive, Inman, Spartanburg County, SC, 29349 and was a nonresident of the State of Georgia.

3.

For purposes of the Georgia Nonresident Motorist Act, Defendant Dustin Anthony Dupree was a nonresident of the State of Georgia on April 9, 2021.

4.

Service of process may be made upon Defendant Dustin Anthony Dupree at 178 Timberlake Drive, Inman, Spartanburg County, SC, 29349. When service of process is made upon Defendant Dupree in the manner prescribed by the Georgia Nonresident Motorist Act or as otherwise prescribed by Georgia law, he shall be subject to the jurisdiction of this Court.

5.

Defendant On the Way, LLC is a foreign corporation organized under the laws of the State of South Carolina. Defendant On the Way, LLC transacts business in the State of Georgia, but does not maintain a registered agent for service of process with the office of the Georgia Secretary of State. Defendant On the Way, LLC's registered agent, Dustin Anthony Dupree, is located at 178 Timberlake Drive, Inman, Spartanburg County, South Carolina, 29349. When service of process is made in the manner required under the Georgia Motor Carrier Act, Defendant On the Way, LLC will be subject to the jurisdiction of this Court.

6.

Defendant On the Way, LLC is a nonresident motor common carrier and has committed tortious acts and omissions through it employee and agent within the State of Georgia which are the subject matter of this action. At the time of the complained of incident, said Defendant was using the roadways of Georgia and committed tortious acts and omissions that are the subject matter of this action, through its employee and agent in the State of Georgia. Pursuant to O.C.G.A. § 40-12-1 *et seq.*, O.C.G.A. § 9-10-91 *et seq.*, and O.C.G.A. § 40-1-100 *et seq.*, jurisdiction and venue are proper as to this Defendant.

7.

Defendant Great West Casualty Company covered On the Way, LLC with a policy number MCP51258B, a policy of insurance at all pertinent times to this Complaint. Said policy was written

and provided to protect the public against injury to person and property proximately caused by the negligence of such carrier, its servants or agents. This direct action is, therefore, permitted by O.C.G.A. § 40-2-140.

8.

Defendant Great West Casualty Company is authorized to do business and maintains a registered agent for service of process in Georgia and may be served by delivering a copy of the Summons and Complaint to its registered agent for service: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

9.

Defendant Great West Casualty Company is subject to the jurisdiction of this Court because it is authorized to and does transact business in the State of Georgia. Great West Casualty Company is properly named and may be properly joined in this action pursuant to O.C.G.A. § 40-1-112(c), O.C.G.A. § 40-2-140(d)(4), and other applicable law.

10.

Defendant Great West Casualty Company has an agent, maintains an office, and transacts business at 180 Interstate N Circle SE, Atlanta, Cobb County, Georgia 30039. Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 40-1-112(c), O.C.G.A. § 40-2-140(d)(4), O.C.G.A. § 14-2-510 and other applicable law.

11.

Defendant XYZ Corporation is a fictitious corporation meant to represent any corporation that contracted or employed Defendants Dupree and On the Way, LLC and that has been involved in the conduct that gives rise to this Complaint but is hereto unknown to the Plaintiff. As this Defendant is identified, Plaintiff shall amend the Complaint to include it.

12.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 33-4-1 and other applicable law.

13.

At all times relevant to the allegations made herein, Defendant Dustin Anthony Dupree was operating a tractor and trailer owned by Defendant On the Way, LLC.

14.

Defendant Dustin Anthony Dupree and Defendant On the Way, LLC were operating under the motor common carrier license, shield, and authorization of Defendant On the Way, LLC at all pertinent times to this Complaint, and Defendant On the Way, LLC's authorization, shield, and DOT number were displayed on the truck at the time of this collision.

15.

Defendant Dustin Anthony Dupree was the agent, servant, or employee of Defendant On the Way, LLC at all pertinent times to this Complaint, and was acting within the scope of that employment at the time of the collision. Any negligence on the part of Defendant Dustin Anthony Dupree is imputable to Defendant On the Way, LLC by virtue of vicarious liability, *respondeat superior*, as well as the laws of agency in Georgia.

16.

Venue and jurisdiction are proper in this Court.

## GENERAL ALLEGATIONS

17.

On April 9, 2021, Plaintiff was traveling in lane three on I-20 East approaching Factory Shoals Road, Cobb County, Georgia.

18.

At approximately the same time, a 2000 Volvo truck driven by Defendant Dustin Anthony Dupree was also traveling on I-20 East in lane four approaching Factory Shoals Road, Cobb, County, Georgia.

19.

Suddenly and without warning, Defendant Dustin Anthony Dupree merged left into lane three, colliding with Plaintiff Anthony Brooks. Plaintiff was unable to avoid the collision and was struck along the right side of his vehicle, sustaining disabling damage to the front, right wheel and fender.

20.

At the time of the collision caused by Defendant Dustin Anthony Dupree, Defendant Dustin Anthony Dupree was driving the 2000 Volvo truck with the express permission of Defendant On the Way, LLC and was acting in the course and scope of his employment with Defendant On the Way, LLC.

21.

Plaintiff was treated by medical providers following the incident.

22.

The negligence and negligence *per se* of Defendants proximately caused the collision described above.

23.

Plaintiff did not cause or contribute to the cause of the collision described above.

24.

Plaintiff did not have the ability to avoid the collision described above.

25.

As a direct result of the collision proximately caused by Defendants' negligence and/or recklessness, Plaintiff has experienced physical injuries, pain and suffering, lost wages, property damages, and incurred general damages in an amount to be provided at trial.

## Count I – Injuries to Plaintiff ANTHONY BROOKS

26.

Plaintiff re-alleges and reincorporates paragraphs 1 through 25 above as if fully set forth herein. As the proximate result of the negligence of Defendants, Plaintiff Anthony Brooks sustained severe and painful injuries, lost wages, impairment to his body, damage to personal property, and pain and suffering.

27.

Following the accident, Plaintiff was treated at Emory Crawford Long Hospital. Plaintiff Anthony Brooks then continued treating at numerous medical facilities, including but not limited to Georgia Interventional Medicine.

28.

Due to the accident and his injuries, Plaintiff was held out of work and was restricted. The accident seriously aggravated Plaintiff's head, neck, bilateral shoulders, back, right hip, right leg and other body parts. Plaintiff never specifically regained his full functional range of motion.

29.

The negligent acts of Defendants, including, but not limited to, failure to yield, were the direct and proximate cause of the personal injuries sustained by Plaintiff Anthony Brooks.

## Count II – Damages to Plaintiff ANTHONY BROOKS

30.

Plaintiff re-alleges and reincorporates paragraphs 1 through 29 above as if fully set forth

herein. As the proximate result of the negligence of Defendants, Plaintiff sustained property damage, medical expenses, and lost wages. Plaintiff is entitled to recover for his losses.

31.

As a proximate result of the collision, Plaintiff has suffered severe physical, mental and emotional pain and suffering, for which he is entitled to compensation from the Defendants, in an amount to be determined according to the enlightened conscience of an impartial jury. Plaintiff will endure physical, mental, and emotional pain and suffering into the future as the proximate result of the negligence and misconduct of Defendants, for which future damages also is entitled to a recovery from Defendants in this action.

## Count III – Negligence of Defendant DUSTIN ANTHONY DUPREE

32.

Plaintiff re-alleges and reincorporates paragraphs 1 through 31 above as if fully restated.

33.

Defendant Dustin Anthony Dupree owed a duty of care to others to drive his vehicle in a safe manner.

34.

Defendant Dustin Anthony Dupree breached that duty by driving in an unsafe manner.

35.

Defendant Dustin Anthony Dupree breached this affirmative duty in one or more of the following respects:

a. Failing to exercise ordinary diligence in violation of O.C.G.A. § 40-6-49;

b. Failing to exercise due care in violation of O.C.G.A. § 40-6-241;

c. Failing to maintain lane in violation of O.C.G.A. § 40-6-48;

d. Further acts of negligence may be disclosed during discovery and shown at trial.

36.

The breach of Defendant Dustin Anthony Dupree's duty of care and violations of the above-listed tortious acts and omissions was a proximate cause of injuries to Plaintiff.

37.

Defendant Dustin Anthony Dupree was negligent and reckless, and his negligence and recklessness were a proximate cause of injuries to Plaintiff.

38.

Defendant Dustin Anthony Dupree committed negligence *per se* in violating the following laws of the State of Georgia:

a. O.C.G.A. 40-6-241 (Failing to exercise due care);

b. O.C.G.A. 40-6-390 (Reckless Driving); and

c. O.C.G.A. 40-6-48 (Failing to maintain lane).

### Count IV – Negligence Against Defendant Dustin Anthony Dupree

39.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

40.

At the time of the subject collision, Defendant Dustin Anthony Dupree had a duty to other drivers on the roadway, including Plaintiff, to exercise ordinary care for the safety of others and to abide by all applicable state laws and federal rules and regulations applicable to he as an operator of a motor carrier.

41.

Defendant Dustin Anthony Dupree breached these duties and was negligent in the following, among other, particulars:

a.) By improperly changing lanes, in violation of O.C.G.A. § 40-6-48;

b.) By failing to exercise ordinary due care in the operation of a motor vehicle; and,

c.) By otherwise operating the tractor trailer in a negligent and unsafe manner.

### Count V – Negligent Entrustment, Hiring, Retention & Supervision Against Defendant On the Way, LLC

42.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

43.

At the time of the incident giving rise to this Complaint, Defendant On the Way, LLC owned and had control over the truck being driven by Defendant Dustin Anthony Dupree, and Defendant Dustin Anthony Dupree was operating the truck with the consent, permission, and knowledge of Defendant On the Way, LLC.

44.

Defendant On the Way, LLC had a duty to exercise ordinary care in the selection, retention, training and supervision of employees and not to retain them after knowledge of incompetency for the work to be performed.

45.

Prior to hiring Defendant Dustin Anthony Dupree, during his employment and at all times leading up to and including the subject incident, Defendant On the Way, LLC was aware or should have been aware of Defendant Dustin Anthony Dupree's propensity to operate a commercial motor vehicle in a negligent or reckless or otherwise unsafe manner, such that he was not suited for the particular employment, yet permitted Defendant Dustin Anthony Dupree to operate the tractor and trailer.

46.

Defendant On the Way, LLC was negligent in the following particulars:

a.) In negligently entrusting Defendant Dustin Anthony Dupree with the operation of its truck;

b.) In negligently hiring and retaining Defendant Dustin Anthony Dupree;

c.) In failing to adequately train and supervise Defendant Dustin Anthony Dupree; and,

d.) Defendant was otherwise negligent.

47.

As a result of Defendant Dustin Anthony Dupree's propensities to unsafely operate a commercial motor vehicle, Plaintiff's injuries were foreseeable to Defendant On the Way, LLC.

**Count VI – Respondeat Superior Liability of Defendant On the Way, LLC**

48.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

49.

At the time of the incident giving rise to this Complaint, Defendant Dustin Anthony Dupree was employed by Defendant On the Way, LLC and was acting in furtherance of his employer's business.

50.

Under Georgia law, Defendant On the Way, LLC is liable for the injuries and damages caused to Plaintiff by the negligence of Defendant Dustin Anthony Dupree.

51.

As a direct and proximate result of the negligence of Defendants, Plaintiff sustained bodily injuries from which did then suffer, now suffers, and will continue to suffer great pain of body and

mind. Plaintiff shows further that has incurred medical expenses and other special damages.

## Count VII – Direct Action Against Great West Casualty Company

52.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

53.

At all times pertinent to the facts giving rise to this Complaint, Defendant Great West Casualty Company was the liability insurance carrier with liability coverage on the truck owned and operated by Defendant On the Way, LLC, its agents or employees.

54.

Defendant Great West Casualty Company is being joined in this action pursuant to O.C.G.A. § 40-1-112 *et seq.*

55.

Defendants Great West Casualty Company and On the Way, LLC are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

56.

Since Plaintiff suffered injuries as a result of the negligence and other tortious or wrongful acts of the insureds, the Defendants in the above-captioned case, the condition precedent necessary to bring this action directly against Great West Casualty Company, as a joint Defendant pursuant to the aforesaid contract of insurance, has been met.

57.

Defendant Great West Casualty Company is responsible for any judgment rendered against Defendant On the Way, LLC.

## Count VIII – Respondeat Superior Liability of Defendant XYZ Corporation

58.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

59.

At the time of the incident giving rise to this Complaint, Defendants Dupree and On the Way, LLC had been contracted by Defendant XYZ Corporation and was acting in furtherance of their employer's business.

60.

Defendant XYZ Corporation had a duty to exercise ordinary care in the selection and retention of contractors and not to retain them after knowledge of incompetency for the work to be performed.

61.

Prior to contracting with Defendants Dupree and On the Way, LLC and at all times leading up to and including the subject incident, Defendant XYZ Corporation was aware or should have been aware of Defendant Dupree's propensity to operate a motor vehicle in a negligent or reckless or otherwise unsafe manner, such that he was not suited for the particular job, yet permitted Defendant Dupree to haul freight on its behalf.

62.

Under Georgia law, Defendant XYZ Corporation is liable for the injuries and damages caused to Plaintiff by the negligence of Defendants Dupree and On the Way, LLC.

63.

As a direct and proximate result of the negligence of Defendants, Plaintiff sustained bodily

injuries from which did then suffer, now suffers, and will continue to suffer great pain of body and mind.  Plaintiff shows further that has incurred medical expenses and other special damages.

### Count IX – Punitive Damages

64.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 61 above as if fully restated.

65.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an aware of punitive damages.

### Count X – Recovery of Necessary Medical and Collateral Expenses Under O.C.G.A. § 51-12-7

66.

Plaintiff re-alleges and reincorporates paragraphs 1 through 65 above as if fully set forth herein.  Defendants are liable for the recovery of necessary medical and collateral expenses under O.C.G.A. § 51-12-7 in that Defendants negligently caused a collision which injured the Plaintiff and caused significant injury and medical bills.  Plaintiff ANTHONY BROOKS has incurred medical bills totaling over $56,000.00.

67.

The negligent acts of Defendants, including, but not limited to, failure to maintain lane, were the directly and proximate cause of the personal injuries sustained by the Plaintiff.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendants as follows:

a)  On Count I through VIII of the Complaint for an amount sufficient to compensate

Plaintiff ANTHONY BROOKS, for the medical expenses incurred in an amount to be shown upon the trial of this case but not less than $100,000.00; together with an amount adequate to compensate Plaintiff ANTHONY BROOKS for his pain and suffering, past and future, to be determined according to the enlightened conscience of impartial jurors;

b) On Count X of the Complaint for an amount sufficient to compensation Plaintiff ANTHONY BROOKS for the medical expenses incurred for his injury in an amount to be shown upon the trial of this case but not less than $100,000.00; together with an amount adequate to compensate Plaintiff ANTHONY BROOKS for his pain and suffering, past and future, to be determined according to the enlightened conscience of impartial jurors;

c) A judgment against Defendants for Plaintiff's compensatory damages, including repair and/or replacement of his Vehicle;

d) A judgment against Defendants for any liquidated damages to Plaintiff pursuant to O.C.G.A. § 33-4-7;

e) A judgment against Defendants for punitive damages for Count IX;

f) A judgment for all remaining counts;

g) A judgment against the Defendants for prejudgment interest;

h) For all costs of this action; and

i) For such other and further relief as the Court deems appropriate.

Plaintiff demands a trial by jury of all issues of fact in this action.

Respectfully submitted this 3rd day of April, 2023.

*-signature on next page-*

ATTORNEYS FOR PLAINTIFF:

/s/ *Nathan Fitzpatrick*
Nathan Fitzpatrick
Georgia Bar No. 193119
Ashley Winston
Georgia Bar No. 768292

THE FITZPATRICK FIRM, LLC.
14 Lenox Pointe NE
Atlanta, GA  30324
Phone:  678-607-5550
Fax:  678-367-0101
nate@personalinjuryatl.com
awinston@personalinjuryatl.com
admin@personalinjuryatl.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANTHONY BROOKS,

    Plaintiff,

    v.

DUSTIN ANTHONY DUPREE, ON THE
WAY, LLC, GREAT WEST CASUALTY
COMPANY, and XYZ CORPORATION

    Defendants.

CIVIL ACTION NO.

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
## TO DEFENDANT DUSTIN ANTHONY DUPREE

COMES NOW, ANTHONY BROOKS, Plaintiff, and serves these First Requests for Admission upon Defendant Dustin Anthony Dupree ("Defendant") and request that they be fully admitted in writing and under oath within thirty (30) days of the date of service. These Requests for Admission are served pursuant to the Georgia Civil Practice Act.

In compliance with O.C.G.A. § 9-11-36, Defendant is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on the thirtieth (30th) day after service of this request. As required by statute, Defendant is required to respond to this request in writing.

Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within thirty (30) days after service of Plaintiff's First Requests for Admission to Defendant, Defendant serves a written answer, or objection, addressed to each fact.

You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to

the Court for an order requiring you to pay Plaintiff's reasonable expenses incurred by Plaintiff in making that proof, including reasonable attorney fees. The Court must make such order unless it finds that the request was objectionable pursuant to the rules or that the admission sought was of no substantial importance or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

Again, each matter to which an admission is requested shall be admitted unless, within thirty (30) days after service of these requests, Defendant serves upon Plaintiff's counsel a written answer or objection. If objection is made, the reasons therefore shall be stated. Your answer to each request for admission shall specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that you qualify your answer or deny only part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny. If you consider that a matter to which an admission has been requested presents a genuine issue for trial, you may not, on that ground alone, object to the request.

If you fail to admit the genuineness of any document or the truth of any matter requested, and if the Plaintiff hereafter proves the genuineness of the document or the truth of the matter, Plaintiff may apply to the court for an order requiring that you pay Plaintiff the reasonable expenses incurred in making that proof, including reasonable attorney's fees pursuant to O.C.G.A. § 9-11-37(c).

Requests for admission are governed by O.C.G.A. § 9-11-36. Subjection (a)(1) of this Code Section provides that:

A party may serve upon any other party a written request for the admission, for the purposes of the pending action only, of the truth of any matters within the scope of subsection (b) of Code Section 9-11-26 which are set forth in the request and that relate to statements or opinions of fact or of the application of law to fact, including the genuineness or any documents described in the request.

The proper scope of a request for admission is governed by O.C.G.A. § 9-11-26(b). Generally, this Code Section provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." In connection with this general scope of discovery, 9-11-26(b) further provides that "[i]t is not ground for objection that the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Where relevant to the action, a request for admission may "relate to statements or opinions of fact or of the application of law to fact." Thus, admissions may relate to a) statements of fact, b) opinions of fact, or c) the application of law to fact. As stated above, admissions are also appropriate where relevant to an issue in the case and involve the application of law to fact. In G.H. Bass & Co. v. Fulton County Board of Tax Assessors, 268 Ga. 327, 329 (1997), the Supreme Court of Georgia held that a request for admission may seek the admission of the truth of statements "that apply the law to the specific facts in the case and by holding objectionable only those opinions on abstract propositions of law." Stated somewhat differently, but in equivalent terms, the Court concluded that "requests for admission under O.C.G.A. § 9-11-36(a) are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case," Id.

In sum, an admission that calls for a legal conclusion is perfectly proper as long as the legal

conclusion relates to the facts of the case.

## DEFINITIONS

When used in these requests for admission, the following terms shall have the meanings herein assigned unless the context clearly requires another construction.

(a)     The term "Defendant" and "you" and any synonym, plural and derivatives mean the Defendant Dustin Anthony Dupree (unless otherwise specified) and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf. See O.C.G.A. § 9-11-33(a)

(b)     "Subject collision" or "occurrence" or "subject occurrence" or "subject incident" or "incident" shall refer to the collision that occurred on 04/09/2021, in which a vehicle operated by Defendant Dustin Anthony Dupree collided with a vehicle which Plaintiff Anthony Brooks was operating, resulting in injuries to Plaintiff.

## REQUESTS FOR ADMISSION

1.

That Defendant Dustin Anthony Dupree has been properly served with process in this action.

2.

That Defendant Dustin Anthony Dupree raises no defenses as to insufficiency of service of process in this civil action.

3.

That venue is proper as to Defendant Dustin Anthony Dupree.

4.

That Defendant is a proper party to this action.

5.

That Defendant Dustin Anthony Dupree owned or had permission to drive a 2000 Volvo truck on 04/09/2021.

6.

That Defendant Dustin Anthony Dupree was driving a 2000 Volvo truck on 04/09/2021.

7.

That Defendant Dustin Anthony Dupree legally possessed a driver's license.

8.

That you are aware of no witness who can testify to having observed Plaintiff commit any act that caused Defendant Dustin Anthony Dupree to collide into Plaintiff's vehicle on 04/09/2021.

9.

That Defendant Dustin Anthony Dupree did not observe Plaintiff commit any act that contributed to Defendant Dustin Anthony Dupree colliding into Plaintiff's vehicle on 04/09/2021.

10.

That you are aware of no witness who can testify to having observed Plaintiff commit any act that contributed to Defendant Dustin Anthony Dupree colliding into Plaintiff's vehicle on 04/09/2021.

11.

That Defendant Dustin Anthony Dupree did not observe Plaintiff operate his vehicle in a manner in connection with the subject occurrence that violated any provision of the Georgia Rules of the Road.

12.

That you are aware of no witness who can testify to having observed Plaintiff operate his vehicle in a manner in connection with the subject occurrence that violated any provision of the Georgia Rules of the Road.

13.

That Defendant is aware of no fact(s) supporting or tending to support your claim or contention that Plaintiff failed to exercise due care in connection with the incident or occurrence of 04/09/2021.

14.

That Defendant is aware of no witness or witnesses who can testify to any fact(s) you contend supports or tends to support the claim or contention that Plaintiff failed to exercise due care in connection with the incident or occurrence of 04/09/2021.

15.

That the incident, which occurred on 04/09/2021, was not the fault of any person or entity not a party to this lawsuit.

16.

That Defendant is aware of no witness or witnesses who can testify that any other person or persons not named as a party to this lawsuit contributed to the subject incident or occurrence of 04/09/2021.

17.

That you are aware of no fact(s) that supports the claim or contention that Plaintiff exaggerated the physical injuries he contends he experienced as a result of the subject occurrence.

18.

That you are aware of no fact(s) that supports the claim or contention that Plaintiff

exaggerated the mental or emotional injuries he contends he experienced as a result of the subject occurrence.

19.

That you are aware of no witness who can testify that Plaintiff has exaggerated the injuries he contends he experienced as a result of the subject occurrence.

This 3rd day of April, 2023.

ATTORNEYS FOR PLAINTIFF:

/s/ *Nathan Fitzpatrick*
Nathan Fitzpatrick
Georgia Bar No. 193119
Ashley Winston
Georgia Bar No. 768292

THE FITZPATRICK FIRM, LLC.
14 Lenox Pointe NE
Atlanta, GA 30324
Phone: 678-607-5550
Fax: 678-367-0101
nate@personalinjuryatl.com
awinters@personalinjuryatl.com
admin@personalinjuryatl.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANTHONY BROOKS,

     Plaintiff,

     v.

DUSTIN ANTHONY DUPREE, ON THE
WAY, LLC, GREAT WEST CASUALTY
COMPANY, and XYZ CORPORATION

     Defendants.

CIVIL ACTION NO.

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT ON THE WAY, LLC

     **COMES NOW**, Plaintiff Anthony Brooks, and requests that Defendant ON THE WAY,

LLC ("Defendant") answer Plaintiff's First Interrogatories, under oath and in accordance with the

Georgia Civil Practice Act, within thirty (30) days of service hereof.

### PRELIMINARY INSTRUCTIONS ABOUT DISCOVERY IN THIS CASE

     Defendant is hereby instructed not to make "general objections" based on privilege or work

product claims, as such general objections do not specify that facts or documents which are subject

to such claims, do not identify in any way the facts or documents to which privilege or work

product is claimed, and do not provide anything to the Court for decision. If a particular

interrogatory does, in fact, encompass facts or documents that you believe to be properly withheld

from Plaintiff, then you are instructed to so state. In the case of such withholding in response to

any of these interrogatories, you are instructed to prepare responses to the interrogatory, as asked,

which includes the information which you seek to withhold based on a claim of privilege or work

product and submit that full response to the Court, in camera, along with any other evidence which

supports the claims and along with the response provided to Plaintiff, for decision by the Court of

the claimed right to withhold evidence. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the objective of such failure could only be to delay, protract, and obstruct these proceedings, in violation of O.C.G.A. § 9-11-1.

If in response to any of these interrogatories Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these interrogatories.

If Defendant believes that information responsive to these interrogatories is somehow confidential because it contains trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to make such claims about responsive information, Defendant should 1) contact Plaintiff's counsel prior to responding to these requests and 2) articulate the basis for the claims of confidentiality of each such document to which a claim of confidentiality is made in the form of a log identifying each document and describing it with reasonable particularity as to time, authorship, recipients and subject. Absent following these steps, any confidentiality objections shall be deemed waived and without merit.

Stated another way, it is improper for Defendant to attempt the following strategy: wait until the time has run for responding to the requests herein, interpose boilerplate objections in their responses that a particular request is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery request in the

responses. If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify such objections.

Any documents produced in response to these interrogatories should be mailed via postage paid First Class United States mail or sent by Federal Express to the law offices of FITZPATRICK LAW FIRM, 14 Lenox Pointe, Atlanta, Georgia, 30324, no later than thirty (30) days from the date of service. Plaintiff asks that any documents that are produced be identified by a Bates Number that does not obscure any written portion of the document.

**DEFINITIONS**

When used in these Interrogatories, the following terms shall have the meanings herein assigned unless the context clearly requires another construction.

(a) The term "incident," "subject incident," "occurrence" or "subject occurrence" or "04/09/2021, incident [or occurrence]" when used herein shall not refer to an occurrence unmixed with negligence, but shall refer to that event of 04/09/2021, in which a vehicle operated by Defendant Dustin Anthony Dupree collided with a vehicle which Plaintiff Anthony Brooks was operating, causing Plaintiff to suffer injuries.

(b) The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

(c) The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject

matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents," whether used or not.

(d) The term "lawsuit" shall refer to the instant action.

(e) The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

(f) "Vehicle" or "rig" or "subject rig" shall refer to that certain vehicle operated by Defendant Dustin Anthony Dupree and that was involved in the incident on 04/09/2021.

(g) "Truck driver" shall refer to Defendant Dustin Anthony Dupree.

(h) The term "Defendant" and "you" and any synonym, plural and derivatives mean the Defendant On the Way, LLC (unless otherwise specified) and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf. See O.C.G.A. § 9-11-33.

## INTERROGATORIES

1.

State the complete names and current business and home addresses, along with the home

and cell phone numbers of each of the following former or present employees of Defendant On the Way, LLC and their titles.

2.

Please state the following information concerning any and all motor vehicle carrier liability insurance that does or may afford insurance coverage to Defendant On the Way, LLC for claims made in this lawsuit:

(a) Name of the insurance companies issuing said bonds or policies;

(b) The liability limits concerning each such policy or bond;

(c) The names of all companies insured under said policy or bond;

(d) The name of the company paying premiums with respect to said policies; and

(e) State whether or not Defendant On the Way, LLC has been tendered to that insurer and state that insurer's reaction with respect to the request that said insured defendant the lawsuit and pay any liability.

3.

Please state whether or not Defendant On the Way, LLC or any other parent or related company is covered under any additional liability insurance policy, umbrella insurance policy, excess insurance policy or policy by any other name which does or may extend liability insurance coverage for the claims made in this lawsuit beyond or in addition to any primary coverage which Defendant On the Way, LLC has available to it for purpose of this litigation. If so, please state the following:

(a) Name of the insured;

(b) Name of the insurers issuing each such policy;

(c) The applicable limits of liability coverage for each such policy; and

(d) State whether or not such insurers have been notified of the claims made in this lawsuit

and if so, when and by whom.

4.

Please state the name of every person known to Defendant On the Way, LLC, its attorneys or any person investigating this matter on behalf of Defendant On the Way, LLC or its attorneys who has any information about how or why the incident complained of in this case occurred and include the following information with respect to each such person:

(a) Name, address, telephone number and employer of each such person;

(b) A brief description of the nature of such witness's knowledge (for example: eyewitness, police officer, medical personnel); and

(c) Whether or not any such witness gave any statement or account either orally, or in writing, or by tape recording, of his or her knowledge of any information relevant in this lawsuit, and if so, list the names of such witnesses giving statements, an explanation of the type of statement give, (oral, written or recorded) and the name and address of the taker and present custodian of such statement.

5.

Please state the name, address, telephone number and employer of any witness not listed above who has any information relevant to the issue of, or the manner in which the 04/09/2021, incident occurred.

6.

Please state the name, address, and telephone number of all persons (whether medical providers or lay people) who have any relevant information relative to Plaintiff Anthony Brooks's health condition prior to or subsequent to the incident, physical and mental suffering as a result of the incident, or who have any information relative to the issue of damages in this litigation.

7.

Please state the name, employer, employment address and telephone number of any and all investigators, mechanics, adjusters, claims representatives, or experts, who have investigated this incident, examined any of the vehicles involved or who have in any way investigated the claims made in this lawsuit on behalf of Defendant On the Way, LLC, its attorneys or its insurance company or companies.

8.

Does Defendant expect to call at trial any expert witness and whether or not the witness has been retained by you or on its behalf?  As to each retained expert witness, state the expert's name, address, occupation, place of employment and qualifications to give an opinion, the general nature of the subject matter on which the expert is expected to testify and the expert's hourly deposition fee.

9.

Does Defendant expect to call any non-retained expert witnesses to trial in this case?  If your answer is anything other than an unqualified "no," please state the name and business address of each expert and the specialty or area of expertise of each expert.

10.

Please explain the nature of any past and present relationship between Defendant On the Way, LLC and any other company that was benefiting from the services that On The Way, LLC was providing on April 9, 2023.

11.

Please list all companies that On The Way, LLC was contractually obligated to provide services for on April 9, 2023.

12.

With regard to the trip Dustin Anthony Dupree was going to make on 04/09/2021, or had made prior to the collision, please describe the starting point of said trip, the ultimate destination, any stops made before the collision, any intended stops, and the route he had or intended to follow.

13.

If Defendant On the Way, LLC, either on its own or through its insurer or through any other person or business entity, obtains information from any source (including private source or governmental entity) concerning the driving history, driving infractions and motor vehicle records concerning the drivers it uses to conduct its business, please state the name and business address of each such entity where such information is requested or obtained concerning drivers Defendant On the Way, LLC employs or uses, including as relates to Defendant Dustin Anthony Dupree.

14.

Please state with specificity, including the appropriate statutory authority, if any, all defenses to which Defendant On the Way, LLC believes it is entitled in this litigation which are not specifically pled in Defendant On the Way, LLC's Answer.

15.

At the time of the collision did Defendant use any satellite messaging and tracking and/or communication service? If yes, state the name and address of the company providing the service; the dates of the service; and the account number.

16.

Please state the name, address, and telephone number of all persons (whether medical providers or lay people) who have any relevant information relative to: a) the condition of Plaintiff Anthony Brooks' health condition prior to the incident; b) Plaintiff Anthony Brooks' physical and mental suffering as a result of the incident; and c) the issue of damages in this litigation.

17.

Please state the factual basis for every defense stated in your Answer to the Complaint and every defense you claim to have to this action whether or not asserted in your defensive pleadings.

18.

Please identify all policies and procedures of Defendant On the Way, LLC regarding the duties of a On the Way, LLC driver that were in force and effect on 04/09/2021. If these policies and procedures are in writing, please identify the same with sufficient particularity to satisfy a Request for Production of Documents.

19.

Please identify all training materials of Defendant On the Way, LLC regarding the training of a On the Way, LLC employee as a driver that were in force and effect on 04/09/2021. If these training materials are in writing, please identify the same with sufficient particularity to satisfy a Request for Production of Documents.

20.

Was a post-collision drug and alcohol test done on Dustin Anthony Dupree? If so, state:

a) Whether it was a blood or urine sample;

b) Who took the sample for the test;

c) The result of the test;

d) The time the sample was taken;

e) Was a report generated that documents the result of the test.

21.

For each cell phone Dustin Anthony Dupree owned or was authorized to use on 04/09/2021, please state the:

a) Cell phone provider;

b) Cell phone number;

c) Account number; and

d) Name of account holder.

This 3rd day of April, 2023.

ATTORNEYS FOR PLAINTIFF:

/s/ *Nathan Fitzpatrick*
Nathan Fitzpatrick
Georgia Bar No. 193119
Ashley Winston
Georgia Bar No. 768292

THE FITZPATRICK FIRM, LLC.
14 Lenox Pointe NE
Atlanta, GA  30324
Phone:  678-607-5550
Fax:  678-367-0101
nate@personalinjuryatl.com
awinston@personalinjuryatl.com
admin@personalinjuryatl.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANTHONY BROOKS,

    Plaintiff,

    v.

DUSTIN ANTHONY DUPREE, ON THE
WAY, LLC, GREAT WEST CASUALTY
COMPANY, and XYZ CORPORATION

    Defendants.

CIVIL ACTION NO.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ON THE WAY, LLC

**COMES NOW**, Plaintiff ANTHONY BROOKS, and hereby requests that Defendant ON THE WAY, LLC ("Defendant") produce the following documents and/or tangible things pursuant to O.C.G.A. § 9-11-34 within thirty (30) days from the date of service hereof at the offices of Plaintiff's counsel, THE FITZPATRICK FIRM, LLC, 14 Lenox Pointe NE, Atlanta, Georgia, 30324, or at such other time, date and location agreed to between counsel for the parties, and to serve a written response hereto within thirty (30) days from the date of service hereof. Plaintiff hereby requests that Defendant produce for inspection and copying the documents and things described below that are in the possession, custody, and control of Defendant, its employees or subordinates, agents, and attorneys. This Request for Production of Documents shall be deemed continuing in nature, requiring a supplemental response upon discovery of other or further information or documents affecting your response hereto.

### DEFINITIONS

Unless a contrary meaning appears in context, the following definitions apply:

(a) The term "incident," "subject incident," "occurrence" or "subject occurrence" or

"04/09/2021, incident [or occurrence]" when used herein shall not refer to an occurrence unmixed with negligence, but shall refer to that event of 04/09/2021, in which a vehicle operated by Defendant Dustin Anthony Dupree collided with a vehicle in which Plaintiff Anthony Brooks was operating, causing Plaintiff to suffer injuries.

(b) The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

(c) The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents," whether used or not.

(d) The term "lawsuit" shall refer to the instant action.

(e) The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

(f) "Vehicle" or "rig" or "subject rig" shall refer to that certain vehicle operated by Defendant Dustin Anthony Dupree and that was involved in the incident on 04/09/2021.

(g) "Vehicle driver" shall refer to Defendant Dustin Anthony Dupree.

(h) The term "Defendant" and "you" and any synonym, plural and derivatives mean the Defendant On the Way, LLC (unless otherwise specified) and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf.

## REQUESTS

Please produce true, accurate, legible, and complete copies of the following documents:

1.

Please produce any and all written reports, statements, writings or documents, with attachments, compiled by any person identified by you in Plaintiff's First Interrogatories to Defendant On the Way, LLC.

2.

Copies of all statements, reports, videotapes, photographs, documents and charts or graphs in your possession, custody or control relating to the incident which is the subject of Plaintiff's Complaint and Plaintiff's claims for injuries and damages.

3.

Copies of all photographs, repair estimates or other statements reflecting the value and/or extent of the damage to the subject vehicle.

4.

All leases or other agreements pertaining to the driver or the vehicle involved in the collision.

5.

Copies of Defendant's cellular carrier's calling log on the date of the subject collision, including calls made and received, text messages sent and received, and tweets sent and released.

6.

All documentation that relates to whether on 04/09/2021, Defendant On the Way, LLC was engaged with another company for services that involved an On the Way, LLC employee driving through Georgia.

7.

All documents in this action received as a result of each and every request for production of documents or subpoena to a non-party or third-party.

8.

All reports of inspections of the vehicle involved in the collision by the driver or any other person for the 30 days prior to and including the date of the collision, and for the seven days following the collision.

9.

All documents that you contend support or tend to support the claim or contention that some mechanical problem or defect with the vehicle Dustin Anthony Dupree was operating caused or contributed to the subject occurrence.

10.

All records of maintenance and repair, and requests for maintenance or repair, for the vehicle involved in the collision for the twelve months prior to and including the date of the collision, and for the two months following the collision.

11.

All policies of Defendant On the Way, LLC, that Defendant Dustin Anthony Dupree violated in connection with the subject occurrence.

12.

All date from on-board recording devices for the day of the incident.

13.

All tachometer records regarding the trip that the defendant driver was on at the time of the accident and for a 30-day period preceding the incident.

14.

All log books describing the use of the tractor and trailer involved in the incident for a 30-day period prior to and including the date of the subject incident.

15.

All delivery manifests regarding the trip that the defendant driver was on at the time of the incident and for a 30-day period preceding the incident.

16.

All bills of lading regarding the trip that the defendant driver was on at the time of the incident and for a 30-day period preceding the incident.

17.

All National Transportation Safety Board investigative reports.

18.

All trip reports or dispatch records regarding the driver or vehicle involved in the collision for the two days preceding and including the date of the collision.

19.

All computer data, including messages, from the vehicle's computer system, the company's satellite system, Qualcomm or other similar system for the 30 days preceding and including the date of the collision and the five days after the collision.

20.

The complete investigative file that Defendant generated as a result of the investigation in the regular course of business of the subject occurrence.

21.

A complete copy of all documents received from non-parties in this action.

22.

Defendant On the Way, LLC's policies and procedures relating to alcohol and drug testing.

23.

Defendant On the Way, LLC's company manuals covering truck safety, maintenance, fleet safety programs, and driver's standards; all employee orientation training materials; and all hiring and policies and procedures.

24.

All results of post-accident drug and alcohol testing of the driver following the collision.

25.

All e-mails, text messages, letters, memos or other documents concerning this accident.

This 3rd day of April, 2023.

ATTORNEYS FOR PLAINTIFF:

/s/ *Nathan Fitzpatrick*
Nathan Fitzpatrick
Georgia Bar No. 193119
Ashley Winston
Georgia Bar No. 768292

THE FITZPATRICK FIRM, LLC.
14 Lenox Pointe NE
Atlanta, GA 30324
Phone:  678-607-5550
Fax:  678-367-0101
nate@personalinjuryatl.com
awinston@personalinjuryatl.com
admin@personalinjuryatl.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANTHONY BROOKS,

     Plaintiff,

v.

DUSTIN ANTHONY DUPREE, ON THE WAY,
LLC, GREAT WEST CASUALTY COMPANY, and
XYZ CORPORATION

     Defendants.

Civil Action No.

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO
## DEFENDANT ON THE WAY, LLC

**COMES NOW**, Plaintiff ANTHONY BROOKS, and serves these First Requests for Admissions upon Defendant On the Way, LLC, ("Defendant") and request that they be fully admitted in writing and under oath within thirty (30) days of the date of service. These Requests for Admissions are served pursuant to the Georgia Civil Practice Act.

In compliance with O.C.G.A. § 9-11-36, Defendant is required to admit the truth of the separately listed matters of fact, the genuineness of the attached documents, on the thirtieth (30th) day after service of this request. As required by statute, Defendant is required to respond to this request in writing.

Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within thirty (30) days after service of Plaintiff's First Requests for Admissions to Defendant, Defendant serves a written answer, or objection, address to each fact.

You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff's reasonable expenses incurred by Plaintiff in

making that proof, including reasonable attorney fees. The Court must make such order unless it finds that the request was objectionable pursuant to the rules or that the admission sought was of no substantial importance or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

Again, each matter to which an admission is requested shall be admitted unless, within thirty (30) days after service of these requests Defendant serves upon Plaintiff's counsel a written answer or objection. If objection is made, the reasons therefore shall be stated. Your answer to each request for admission shall specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny. If you consider that a matter to which an admission has been requested presents a genuine issue for trial, you may not, on that ground alone, object to the request.

If you fail to admit the genuineness of any document or the truth of any matter requested, and if the Plaintiff hereafter proves the genuineness of the document or the truth of the matter, Plaintiff may apply to the court for an order requiring that you pay Plaintiff the reasonable expenses incurred in making that proof, including reasonable attorney's fees pursuant to O.C.G.A. § 9-11-37(c).

Requests for admission are governed by O.C.G.A. § 9-11-36. Subjection (a)(1) of this Code Section provides that:

A party may serve upon any other party a written request for the admission, for the purposes of the pending action only, of the truth of any matters within the scope of subsection (b) of Code section 9-11-26 which are set forth in the request and that relate to statements or opinions of fact or of the application of law to fact, including the genuineness or any documents described in the request.

The proper scope of a request for admission is governed by O.C.G.A. § 9-11-26(b). Generally, this Code Section provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." In connection with this general scope of discovery, 9-11-26(b) further provides that "[i]t is not ground for objection that the information sought appears reasonable calculated to lead to the discovery of admissible evidence."

Where relevant to the action, a request for admission may "relate to statements or opinions of fact or of the application of law to fact." Thus, admissions may relate to a) statements of fact, b) opinions of fact, or c) the application of law to fact.

As stated above, admissions are also appropriate where relevant to an issue in the case and involve the application of law to fact. In G.H. Bass & Co. v. Fulton County Board of Tax Assessors, 268 Ga. 327, 329 (1997), the Supreme Court of Georgia held that a request for admission may seek the admission of the truth of statements "that apply the law to the specific facts in the case and by holding objectionable only those opinions on abstract propositions of law." Stated somewhat differently, but in equivalent terms, the Court concluded that "requests for admission under O.C.G.A. § 9-11-36(a) are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case," Id.

In sum, an admission that calls for a legal conclusion is perfectly proper as long as the legal conclusion relates to the facts of the case.

## DEFINITIONS

When used in these requests to produce, the following terms shall have the meanings herein assigned unless the context clearly requires another construction.

(a) The term "Defendant" and "you" and any synonym, plural and derivatives mean that Defendant On the Way, LLC (unless otherwise specified) and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf.  See O.C.G.A. § 9-33-33(a).

(b) "Subject collision" or "occurrence" or "subject occurrence" or "subject incident" or "incident" shall refer to the collision that occurred on 04/09/2021, in which a vehicle operated by Defendant Dustin Anthony Dupree collided with a vehicle in which Plaintiff Anthony Brooks was operating, resulting in injuries to Plaintiff.

(c) "Vehicle," "tractor" or "rig" shall refer to the vehicle as driven by Defendant Dustin Anthony Dupree on 04/09/2021.

(d) The term "route" shall refer to the roadways Defendant Dustin Anthony Dupree was assigned to drive.

(e) The term "assignment" shall refer to the route Defendant Dustin Anthony Dupree was given on 04/09/2021.

## REQUESTS TO ADMIT TO DEFENDANT THOMAS CONCRETE

Please admit the following facts:

1.

That you have been properly served with process in this action.

2.

That you have been properly served with Summons in this action.

3.

That you have been properly served with a Complaint in this action.

4.

That you raise no defense as to sufficiency of service of process in this action.

5.

That you are subject to the jurisdiction of the Court.

6.

That you are subject to venue in this Court.

7.

That on 04/09/2021, On the Way, LLC, was lawfully operating in the State of Georgia.

8.

That on 04/09/2021, On the Way, LLC, owned the vehicle Dustin Anthony Dupree was operating at the time of the subject occurrence.

9.

That Dustin Anthony Dupree was employed by On the Way, LLC, on 04/09/2021, and part of his duties included driving.

10.

That on 04/09/2021, at the time of the subject occurrence Dustin Anthony Dupree was driving on behalf of and for the benefit of On the Way, LLC

11.

That Dustin Anthony Dupree was acting with the course and scope of his employment with Defendant On the Way, LLC, at the time of the subject occurrence.

12.

That Dustin Anthony Dupree was alone in the vehicle he was operating at the time of the subject occurrence.

13.

That Dustin Anthony Dupree was at fault for the collision of his vehicle into Plaintiff Anthony Brooks's vehicle.

14.

That you are aware of no witness who can testify to having observed Plaintiff Anthony Brooks commit any act that contributed to Defendant Dustin Anthony Dupree colliding into Plaintiff's vehicle on 04/09/2021.

15.

That you are aware of no witness who can testify to having observed Plaintiff Anthony Brooks operate his vehicle in an erratic manner at any time in connection with the subject occurrence.

16.

That you are aware of no witness who can testify to having observed Plaintiff Anthony Brooks operate his vehicle in a manner in connection with the subject occurrence that violated any provision of the Georgia Rules of the Road.

17.

That Dustin Anthony Dupree provided a statement to Defendant On the Way, LLC about

the 04/09/2021, incident.

18.

That Dustin Anthony Dupree provided a statement to the police about the 04/09/2021, incident.

19.

That Dustin Anthony Dupree was disciplined by Defendant On the Way, LLC for causing the subject collision.

20.

That Dustin Anthony Dupree provided a urine sample after the 04/09/2021, incident.

21.

That Dustin Anthony Dupree provided a blood sample after the 04/09/2021, incident.

22.

That an analysis was performed on the urine sample Dustin Anthony Dupree provided after the 04/09/2021, incident.

23.

That an analysis was performed on the blood sample Dustin Anthony Dupree provided after the 04/09/2021, incident.

24.

That Defendant is aware of no witness or witnesses who can testify to fact(s) you content support or tend to support the claim or contention that Plaintiff Anthony Brooks was negligent in connection with the incident or occurrence of 04/09/2021.

25.

That Defendant is aware of no fact(s) supporting or tending to support your claim or

contention that Plaintiff Anthony Brooks failed to exercise due care in connection with the incident or occurrence of 04/09/2021.

26.

That the incident, which occurred on 04/09/2021, was not the fault of any person or entity not a party to this lawsuit.

27.

That Defendant is aware of no witness or witnesses who can testify that any other person or persons not named as a party to this lawsuit caused the subject incident or occurrence of 04/09/2021.

28.

That Defendant is aware of not witness or witnesses who can testify that any other person or persons not named as a party to this lawsuit contributed to the subject incident or occurrence of 04/09/2021.

29.

That Plaintiff Anthony Brooks was not negligent in any way immediately prior to or at the time of the incident that occurred on 04/09/2021.

30.

That you are aware of no witness(es) who can testify that Plaintiff Anthony Brooks was negligent in any way immediately prior to or at the time of the incident that occurred on 04/09/2021.

31.

That you are aware of no fact(s) that supports the claim or contention that Plaintiff exaggerated injuries he contends he experienced as a result of the subject occurrence.

32.

That you are aware of no witness who can testify that Plaintiff has exaggerated the injuries he contends he experienced as a result of the subject occurrence.

This 3rd day of April, 2023.

ATTORNEYS FOR PLAINTIFF:

/s/ *Nathan Fitzpatrick*
Nathan Fitzpatrick
Georgia Bar No. 193119
Ashley Winston
Georgia Bar No. 768292

THE FITZPATRICK FIRM, LLC.
14 Lenox Pointe NE
Atlanta, GA  30324
Phone:  678-607-5550
Fax:  678-367-0101
nate@personalinjuryatl.com
awinston@personalinjuryatl.com
admin@personalinjuryatl.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANTHONY BROOKS,

     Plaintiff,

     v.

DUSTIN ANTHONY DUPREE, ON THE
WAY, LLC, GREAT WEST CASUALTY
COMPANY, and XYZ CORPORATION

     Defendants.

CIVIL ACTION NO.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT GREAT WEST CASUALTY COMPANY

**COMES NOW**, Plaintiff Anthony Brooks, and requests that Defendant GREAT WEST CASUALTY COMPANY ("Defendant") answer Plaintiff's First Interrogatories, under oath and in accordance with the Georgia Civil Practice Act, within thirty (30) days of service hereof.

### PRELIMINARY INSTRUCTIONS ABOUT DISCOVERY IN THIS CASE

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify that facts or documents which are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular interrogatory does, in fact, encompass facts or documents that you believe to be properly withheld from Plaintiff, then you are instructed to so state. In the case of such withholding in response to any of these interrogatories, you are instructed to prepare responses to the interrogatory, as asked, which includes the information which you seek to withhold based on a claim of privilege or work product and submit that full response to the Court, in camera, along with any other evidence which supports the claims and along with the response provided to Plaintiff, for decision by the Court of

the claimed right to withhold evidence. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the objective of such failure could only be to delay, protract, and obstruct these proceedings, in violation of O.C.G.A. § 9-11-1.

If in response to any of these interrogatories Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these interrogatories.

If Defendant believes that information responsive to these interrogatories is somehow confidential because it contains trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to make such claims about responsive information, Defendant should 1) contact Plaintiff's counsel prior to responding to these requests and 2) articulate the basis for the claims of confidentiality of each such document to which a claim of confidentiality is made in the form of a log identifying each document and describing it with reasonable particularity as to time, authorship, recipients and subject. Absent following these steps, any confidentiality objections shall be deemed waived and without merit.

Stated another way, it is improper for Defendant to attempt the following strategy: wait until the time has run for responding to the requests herein, interpose boilerplate objections in their responses that a particular request is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery request in the

responses.  If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify such objections.

Any documents produced in response to these interrogatories should be mailed via postage paid First Class United States mail or sent by Federal Express to the law offices of FITZPATRICK LAW FIRM, 14 Lenox Pointe, Atlanta, Georgia, 30324, no later than thirty (30) days from the date of service.  Plaintiff asks that any documents that are produced be identified by a Bates Number that does not obscure any written portion of the document.

## DEFINITIONS

When used in these Interrogatories, the following terms shall have the meanings herein assigned unless the context clearly requires another construction.

(a) The term "incident," "subject incident," "occurrence" or "subject occurrence" or "04/09/2021, incident [or occurrence]" when used herein shall not refer to an occurrence unmixed with negligence, but shall refer to that event of 04/09/2021, in which a vehicle operated by Defendant Dustin Anthony Dupree collided with a vehicle which Plaintiff Anthony Brooks was operating, causing Plaintiff to suffer injuries.

(b) The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

(c) The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject

matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents," whether used or not.

(d) The term "lawsuit" shall refer to the instant action.

(e) The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

(f) "Vehicle" or "rig" or "subject rig" shall refer to that certain vehicle operated by Defendant Dustin Anthony Dupree and that was involved in the incident on 04/09/2021.

(g) "Truck driver" shall refer to Defendant Dustin Anthony Dupree.

(h) The term "Defendant" and "you" and any synonym, plural and derivatives mean the Defendant Great West Casualty Company (unless otherwise specified) and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf. See O.C.G.A. § 9-11-33.

## INTERROGATORIES

1.

If Defendant On the Way, LLC has ever been a motor contract carrier or motor common

carrier authorized by the Georgia Department of Revenue, or a base state, please state the following:

    A. The inclusive dates Defendant On the Way, LLC has been so authorized and the state in which defendant trucking company was registered;

    B. whether Defendant On the Way, LLC was so authorized on the date of the subject incident;

    C. whether Defendant On the Way, LLC had a Certificate of Public Convenience and Necessity on the date of the subject incident;

    D. the certificate number of the certificate identified in response to (c) above;

2.

As of the date of the subject incident, state the means by which Defendant On the Way, LLC complied with O.C.G.A. § 40-2-140, whether by filing a certificate of insurance with the Georgia Public Service Commission or the Federal Motor Carrier Administration, or by self-insuring the risk, or by some other means.

3.

If Defendant On the Way, LLC complied as of the date of the subject incident by filing a certificate of insurance, identify the insurer and state the policy number.

This 3rd day of April, 2023.

ATTORNEYS FOR PLAINTIFF:

/s/ Nathan Fitzpatrick

Nathan Fitzpatrick
Georgia Bar No. 193119
Ashley Winston
Georgia Bar No. 768292

THE FITZPATRICK FIRM, LLC.
14 Lenox Pointe NE
Atlanta, GA 30324
Phone: 678-607-5550
Fax: 678-367-0101
nate@personalinjuryatl.com
awinston@personalinjuryatl.com
admin@personalinjuryatl.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANTHONY BROOKS,

     Plaintiff,

v.

DUSTIN ANTHONY DUPREE, ON THE WAY,
LLC, GREAT WEST CASUALTY COMPANY, and
XYZ CORPORATION

     Defendants.

Civil Action No.

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GREAT WEST CASUALTY COMPANY

**COMES NOW**, Plaintiff ANTHONY BROOKS, and hereby requests that Defendant GREAT WEST CASUALTY COMPANY ("Defendant") produce the following documents and/or tangible things pursuant to O.C.G.A. § 9-11-34 within thirty (30) days from the date of service hereof at the offices of Plaintiff's counsel, THE FITZPATRICK FIRM, LLC, 14 Lenox Pointe NE, Atlanta, Georgia, 30324, or at such other time, date and location agreed to between counsel for the parties, and to serve a written response hereto within thirty (30) days from the date of service hereof. Plaintiff hereby requests that Defendant produce for inspection and copying the documents and things described below that are in the possession, custody, and control of Defendant, its employees or subordinates, agents, and attorneys. This Request for Production of Documents shall be deemed continuing in nature, requiring a supplemental response upon discovery of other or further information or documents affecting your response hereto.

## DEFINITIONS

Unless a contrary meaning appears in context, the following definitions apply:

(a) The term "incident," "subject incident," "occurrence" or "subject occurrence" or "04/09/2021, incident [or occurrence]" when used herein shall not refer to an occurrence

unmixed with negligence, but shall refer to that event of 04/09/2021, in which a vehicle operated by Defendant Dustin Anthony Dupree collided with a vehicle in which Plaintiff Anthony Brooks was operating, causing Plaintiff to suffer injuries.

(b) The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

(c) The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents," whether used or not.

(d) The term "lawsuit" shall refer to the instant action.

(e) The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

(f) "Vehicle" or "rig" or "subject rig" shall refer to that certain vehicle operated by Defendant Dustin Anthony Dupree and that was involved in the incident on 04/09/2021.

(g) "Vehicle driver" shall refer to Defendant Dustin Anthony Dupree.

(h) The term "Defendant" and "you" and any synonym, plural and derivatives mean the Defendant Great West Casualty Company (unless otherwise specified) and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf.

**REQUESTS**

Please produce true, accurate, legible, and complete copies of the following documents:

1.

All Certificates of Public Convenience and Necessity issued by the Georgia Department of Revenue to Defendant On the Way, LLC from 1990 to present.

2.

All policies of indemnity insurance issued to Defendant On the Way, LLC conforming to O.C.G.A. § 40-2-140, effective on the date of the subject incident.

3.

All other bonds, policies, or other documents of any other kind showing Defendant On the Way, LLC's compliance with O.C.G.A. § 40-2-140.

This 3rd day of April, 2023.

ATTORNEYS FOR PLAINTIFF:

/s/ *Nathan Fitzpatrick*
Nathan Fitzpatrick
Georgia Bar No. 193119
Ashley Winston
Georgia Bar No. 768292

THE FITZPATRICK FIRM, LLC.
14 Lenox Pointe NE
Atlanta, GA  30324
Phone:  678-607-5550
Fax:  678-367-0101
nate@personalinjuryatl.com
awinston@personalinjuryatl.com
admin@personalinjuryatl.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANTHONY BROOKS,

     Plaintiff,

     v.

DUSTIN ANTHONY DUPREE, ON THE
WAY, LLC, and GREAT WEST
CASUALTY COMPANY OLD REPUBLIC
INSURANCE GROUP,

     Defendants.

CIVIL ACTION NO.

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT GREAT WEST CASUALTY COMPANY

**COMES NOW**, Plaintiff ANTHONY BROOKS, and serves these First Requests for Admissions upon Defendant Great West Casualty Company ("Defendant") and request that they be fully admitted in writing and under oath within thirty (30) days of the date of service. These Requests for Admissions are served pursuant to the Georgia Civil Practice Act.

In compliance with O.C.G.A. § 9-11-36, Defendant is required to admit the truth of the separately listed matters of fact, the genuineness of the attached documents, on the thirtieth (30th) day after service of this request. As required by statute, Defendant is required to respond to this request in writing.

Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within thirty (30) days after service of Plaintiff's First Requests for Admissions to Defendant, Defendant serves a written answer, or objection, address to each fact.

You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff

thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff's reasonable expenses incurred by Plaintiff in making that proof, including reasonable attorney fees. The Court must make such order unless it finds that the request was objectionable pursuant to the rules or that the admission sought was of no substantial importance or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

Again, each matter to which an admission is requested shall be admitted unless, within thirty (30) days after service of these requests Defendant serves upon Plaintiff's counsel a written answer or objection. If objection is made, the reasons therefore shall be stated. Your answer to each request for admission shall specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny. If you consider that a matter to which an admission has been requested presents a genuine issue for trial, you may not, on that ground alone, object to the request.

If you fail to admit the genuineness of any document or the truth of any matter requested, and if the Plaintiff hereafter proves the genuineness of the document or the truth of the matter, Plaintiff may apply to the court for an order requiring that you pay Plaintiff the reasonable expenses incurred in making that proof, including reasonable attorney's fees pursuant to O.C.G.A. § 9-11-37(c).

Requests for admission are governed by O.C.G.A. § 9-11-36. Subjection (a)(1) of this

Code Section provides that:

> A party may serve upon any other party a written request for the admission, for the purposes of the pending action only, of the truth of any matters within the scope of subsection (b) of Code section 9-11-26 which are set forth in the request and that relate to statements or opinions of fact or of the application of law to fact, including the genuineness or any documents described in the request.

The proper scope of a request for admission is governed by O.C.G.A. § 9-11-26(b). Generally, this Code Section provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." In connection with this general scope of discovery, 9-11-26(b) further provides that "[i]t is not ground for objection that the information sought appears reasonable calculated to lead to the discovery of admissible evidence."

Where relevant to the action, a request for admission may "relate to statements or opinions of fact or of the application of law to fact." Thus, admissions may relate to a) statements of fact, b) opinions of fact, or c) the application of law to fact.

As stated above, admissions are also appropriate where relevant to an issue in the case and involve the application of law to fact. In G.H. Bass & Co. v. Fulton County Board of Tax Assessors, 268 Ga. 327, 329 (1997), the Supreme Court of Georgia held that a request for admission may seek the admission of the truth of statements "that apply the law to the specific facts in the case and by holding objectionable only those opinions on abstract propositions of law." Stated somewhat differently, but in equivalent terms, the Court concluded that "requests for admission under O.C.G.A. § 9-11-36(a) are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case," Id.

In sum, an admission that calls for a legal conclusion is perfectly proper as long as the legal conclusion relates to the facts of the case.

## DEFINITIONS

When used in these requests to produce, the following terms shall have the meanings herein assigned unless the context clearly requires another construction.

(a) The term "Defendant" and "you" and any synonym, plural and derivatives mean that Defendant Great West Casualty Company (unless otherwise specified) and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf. See O.C.G.A. § 9-33-33(a).

(b) "Subject collision" or "occurrence" or "subject occurrence" or "subject incident" or "incident" shall refer to the collision that occurred on 04/09/2021, in which a vehicle operated by Defendant Dustin Anthony Dupree collided with a vehicle in which Plaintiff Anthony Brooks was operating, resulting in injuries to Plaintiff.

(c) "Vehicle," "tractor" or "rig" shall refer to the vehicle as driven by Defendant Dustin Anthony Dupree on 04/09/2021.

(d) The term "route" shall refer to the roadways Defendant Dustin Anthony Dupree was assigned to drive.

(e) The term "assignment" shall refer to the route Defendant Dustin Anthony Dupree was given on 04/09/2021.

## REQUESTS TO ADMIT TO DEFENDANT TRAVELERS

Please admit the following facts:

1.

You issued a policy of indemnity insurance to Defendant On the Way, LLC, substantially conforming to the requirements of O.C.G.A. § 40-2-140, which policy was in effect on the date of the subject incident.

2.

The policy referred to in Request for Admission No. 1 is on file with the State Revenue Commissioner or the Federal Motor Carrier Safety Administration.

3.

The policy referred to in Request for Admission No. 1 was approved by the Department of Revenue.

4.

Defendant On the Way, LLC, had a Certificate of Public Convenience and Necessity by the Georgia Department of Revenue which was in effect on the date of the subject incident.

This 3rd day of April, 2023.

ATTORNEYS FOR PLAINTIFF:

/s/ *Nathan Fitzpatrick*
Nathan Fitzpatrick
Georgia Bar No. 193119
Ashley Winston
Georgia Bar No. 768292

THE FITZPATRICK FIRM, LLC.
14 Lenox Pointe NE
Atlanta, GA 30324
Phone: 678-607-5550
Fax: 678-367-0101
nate@personalinjuryatl.com
awinston@personalinjuryatl.com
admin@personalinjuryatl.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANTHONY BROOKS,

     Plaintiff,

                        Civil Action No.

v.

DUSTIN ANTHONY DUPREE, ON THE
WAY, LLC, GREAT WEST CASUALTY
COMPANY, and XYZ CORPORATION

     Defendants.

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT DUSTIN ANTHONY DUPREE

COMES NOW, ANTHONY BROOKS, Plaintiff herein and for purposes of discovery and

all other lawful purposes requires the Defendant to respond separately, in writing, and under oath

to the following interrogatories within thirty (30) days from the date of service as provided by law,

with a copy of the responses being served upon the undersigned counsel of record for Plaintiff at

The Fitzpatrick Firm, LLC., 14 Lenox Pointe NE, Atlanta, Georgia, 30324.

### DEFINITIONS AND INSTRUCTIONS

    (A)    These interrogatories shall be deemed continuing to the extent permitted by
O.C.G.A. § 9-11-26(e), so as to require Defendant to serve upon Plaintiff's supplemental answers
if Defendant or its attorney obtain further information between the time the answers are served and
the time of trial.

    (B)    Defendant is under a duty seasonably to supplement its responses with respect to
any question directly addressed to (i) the identify and location of persons having knowledge of
discoverable matters, and (ii) the identify of each person expected to be called as an expert witness
at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

    (C)    Plaintiff requests that if any of these interrogatories or portions thereof cannot be
fully answered, such interrogatories or portions thereof shall be answered to the extent possible
with the reason for not answering fully set out in the Defendant's response hereto.

    (D)    The following definitions shall apply to these requests:

        (1)    The term "document," whether singular or plural, shall mean documents
and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act,

and shall include without limitation originals, or if such are not available, true copies, whether typed, hand-written, or otherwise, all notes, records, memoranda, correspondence, letters, analyses, charts, drawings, plans, specifications, blue prints, sketches, instructions, account books, invoices, checks, journals, ledgers, telegraphs, telexes or facsimiles, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writings, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, note pads, notebooks, calendars, scrapbooks, contracts, agreements, minutes, confirmation slips, labels, orders, applications, reports, articles, studies, speeches and messages, and each photograph, Photostat, microfilm, tape recordings or other sound or visual production materials, wire, telegraph, cable, video tape, film or other electronic or mechanical records, and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either Defendant or his/her agents, attorneys or employees.

(2)     The term "person" shall mean all individuals and entities, including without limiting the generality of the foregoing, all individuals, governmental bodies, sole proprietorships, associations, companies, corporations, partnerships, joint ventures, trusts and estates.

(3)     "Defendant" or "you" or "your," or any synonym thereof is intended to and shall embrace and include the Defendant and in addition, counsel for the Defendant, and all agents, servants, employees, representatives, private investigators, and others who are in possession of or who may have obtained information for or on behalf of Defendant with regard to the Plaintiff's allegations in this case.

(4)     The term "and" shall mean and/or.

(5)     In these requests, the singular includes the plural; the plural includes the singular, the masculine includes the feminine; the feminine includes the masculine.

(6)     The term "identify" when used with reference to a person means such person's name, present home and business addresses, present home and business telephone numbers, and present position of employment.

## INTERROGATORIES

1.

Please state your full name, date of birth, place of birth, street address and county of residence.

2.

Have you pleaded guilty or been convicted of any crime other than traffic violations?

3.

Please state whether or not you have ever been involved in any other legal action, either as a defendant or as a plaintiff. If so, please describe by indicating nature of action, as well as the state, county and Court where it occurred.

4.

For the last ten years, please list all violations of motor vehicle or traffic laws or ordinances to which you have pleaded guilty, nolo contendere, or to which you have been found guilty, the date of such offense, the Court in which each case was heard and the nature of the violation charged.

5.

Please state whether you have any physical disabilities whatsoever, and, if so, please describe said disabilities.

6.

Have you ever had a driver's license cancelled, revoked and/or suspended or any restriction placed thereon?

7.

Have you ever been involved in any vehicle accident and/or collision (other than the incident giving rise to this action) in which you were a driver of, or a passenger in, one of the vehicles involved, or as a pedestrian? If so, please state the date and place of the accident and a brief summary of what occurred.

8.

Please state where you had been immediately prior to incident, where you were going at the time of the incident, and where you went immediately following the incident involving the Plaintiff herein.

9.

Please state whether or not you consumed any alcoholic beverages of any type or any sedative, tranquilizer or other drug, medicine or pill during the forty-eight hours immediately preceding the incident giving rise to this action.

10.

State the number of hours you had been on duty for 24 hours prior to the time of the subject incident and state the number of hours you had been driving prior to the time of the subject incident.

11.

State the number of hours you had been on duty for 7 days prior to the time of the subject incident.

12.

Please state whether or not the vehicle that you occupied was moving and in your best judgment, at what rate of speed in miles per hour it was moving at the time of the collision.

13.

Did you observe any lights or signals, by hand or otherwise, from any other vehicles preceding the collision?

14.

Was there anything that distracted your attention shortly before the collision? If so, please describe what occurred.

15.

Please state in detail the manner in which you assert that the collision, which is the subject matter of this complaint arose, specifying the location of the vehicles involved, the speed of same and other details regarding your contention as to the manner in which the collision occurred.

16.

Please state whether you contend any other person(s) contributed in any way to the collision, and if so, please state the name and address of the person(s) who you contend contributed to same and detail the allegations of negligence, common law or negligence per se, which you contend were committed by said person.

17.

What are the names, addresses, home telephone numbers, places of employment, job titles or capacities and present whereabouts of all witnesses known to you or your representatives acting on your or their behalf, who saw, or claim they saw, all or any part of the occurrence complained of in this action?

18.

What are the names, addresses, home telephone numbers, places of employment, job titles or capacities and present whereabouts of all persons having knowledge or relevant information, facts or circumstances of the incident complained of in this action, known to you or your representatives?

19.

Do you, your attorneys, your insurance carrier or anyone acting on you or their behalf have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in this action, the scene of the occurrence or the area, person or vehicles involved made either before, after, or at the time of the incident in question, including any photographs made of the plaintiff herein at any time since the incident referred to in the complaint?

20.

If your answer to the previous interrogatory is in the affirmative, please describe the date

each photograph was taken, by whom each photograph was taken, the size of and number of photographs taken, the objects depicted in each photograph and the name and address of the persons in possession of said photographs.

21.

State the name, address and telephone number of all persons whom you expect to call as expert witnesses upon the trial of this matter, and with respect to each such person, please state:

(a)    The subject matter on which you expect such expert to testify;

(b)    The substance of the facts, opinions and conclusions to which you expect such expert to testify;

(c)    A summary of the factual grounds for each such opinion or conclusion; and

(d)    Whether any such person has prepared or provided you with a written or recorded statement or report concerning their investigation, and if so, the name and address of all persons who have a copy of each such report or statement.

22.

Were you using your cell phone at the time of this incident, either talking on it, texting, or utilizing the email?

23.

Who was your cell phone provider on the date of the incident that is the subject of this case?

24.

What was your cell phone number on the date of the incident that is the subject of this case? This 3rd day of April, 2023.

ATTORNEYS FOR PLAINTIFF:


/s/ *Nathan Fitzpatrick*
Nathan Fitzpatrick
Georgia Bar No. 193119
Ashley Winston
Georgia Bar No. 768292


THE FITZPATRICK FIRM, LLC.
14 Lenox Pointe NE
Atlanta, GA  30324
Phone:  678-607-5550
Fax:  678-367-0101
nate@personalinjuryatl.com
awinston@personalinjuryatl.com
admin@personalinjuryatl.com

ID# E-LZ2WMJNE-2L5
 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1285**

APR 03, 2023 11:37 AM

Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANTHONY BROOKS,

    Plaintiff,

v.

DUSTIN ANTHONY DUPREE, ON THE
WAY, LLC, GREAT WEST CASUALTY
COMPANY, and XYZ CORPORATION

    Defendants.

Civil Action No.

---

**RULE 5.2 PLAINTIFF'S CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL**

I hereby certify that I have this day sent along with the Complaint and Summons in this

case for personal service copies of the following discovery documents:

1.    PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT DUSTIN ANTHONY DUPREE;

2.    PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DUSTIN ANTHONY DUPREE;

3.    PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT DUSTIN ANTHONY DUPREE;

4.    PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT ON THE WAY, LLC;

5.    PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ON THE WAY, LLC;

6.    PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT ON THE WAY, LLC;

7.    PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT GREAT WEST CASUALTY COMPANY;

8.    PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GREAT WEST CASUALTY COMPANY; and

Page **1** of **2**



9.    PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT GREAT WEST CASUALTY COMPANY.

This 3rd day of April, 2023.

ATTORNEYS FOR PLAINTIFF:


/s/ *Nathan Fitzpatrick*

Nathan Fitzpatrick
Georgia Bar No. 193119
Ashley Winston
Georgia Bar No. 768292


THE FITZPATRICK FIRM, LLC.
14 Lenox Pointe NE
Atlanta, GA 30324
Phone: 678-607-5550
Fax: 678-367-0101
nate@personalinjuryatl.com
awinston@personalinjuryatl.com
admin@personalinjuryatl.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANTHONY BROOKS,

     Plaintiff,

        v.

DUSTIN ANTHONY DUPREE, ON THE
WAY, LLC, GREAT WEST CASUALTY
COMPANY, and XYZ CORPORATION

     Defendants.

CIVIL ACTION NO.

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DUSTIN ANTHONY DUPREE

       I herewith serve upon you the following Plaintiff's First Requests for Production of Documents under the provisions of the Georgia Civil Practice Act (O.C.G.A. § 9-11-34) and pursuant to O.C.G.A. § 24-10-26. You are requested to produce the documents or things hereafter set forth at any hearing or trial of the above-captioned case and at the taking of any deposition at which you may be required to appear until the above-styled matter is concluded.

       In addition, you are requested to produce the documents set forth below for inspection and copying at the offices of The Fitzpatrick Firm, LLC., 14 Lenox Pointe, Atlanta, Georgia, 30324, where adequate facilities for copying are available, at such time as may be agreed by counsel, but in any event, within thirty (30) days of the date of service of these requests as required by O.C.G.A. § 9-11-34.

       As used herein, the term "Document" or "Documents" shall be defined as follows:

       Every printing, record, graphic, photographic or sound production of every type and description that is in your possession or control including but not limited to correspondence, contracts, memoranda of agreements, assignments, licenses, minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, books of account, ordered invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, analysis, publications, books, pamphlets, periodicals, catalogs, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, computer records, tapes and printouts, photographs, drawings, films, pictures, voice and tape recordings and transcriptions of telephone conversations; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original If an objection is made to a request of an item or category, the reasons for the objection shall be specified.

       As used herein, the terms "you" and "Defendant," or any synonym thereof, are intended to

and shall include and embrace, in addition to the Defendant named above, said Defendant's attorneys and all agents, servants, employees, representatives, investigators, and all others who may have obtained information for or on behalf of said Defendant.

As used herein, the term "relating" is intended to and shall include and embrace all similar terms, such as concerning, reflecting, pertaining to, mentioning, discussing, referring to, documenting, evidencing, illustrating, or otherwise bearing upon in any way.

## REQUESTS FOR PRODUCTION

1.

Any and all photographs in your possession depicting the vehicles involved in the subject collision and/or scene itself.

2.

Certified copies of any and all liability policies of insurance and all applicable Declaration pages issued to Defendant including, but not limited to any documents or policies associated with the claim, vehicle, or trailer in this case.

3.

Certified copies of any and all other liability insurance policies in the name of the Defendant which policies would provide coverage for the losses sustained by Plaintiffs on 04/09/2021, arising out of the subject incident.

4.

Any and all correspondence received by Defendant from his insurer, Great West Casualty Company, relative to any property damage claim made by Defendant arising out of the subject collision including, but not limited to, copies of repair estimates, repair records, and any checks made payable to the Defendant as a collision settlement for the vehicle involved in the subject collision and all associated correspondence pertaining thereto.

5.

Any and all photographs that Defendant intends to use as evidence at the trial of the case.

6.

All repair records and photographic evidence depicting or referencing the area of damage and extent of damage to the Defendant's vehicle and Plaintiff's vehicle as a result of the subject collision.

7.

Copies of each and every document, thing, or other material that you rely on as a supporting basis for any claim that any party other than yourself is or may be responsible, at least in part, for the injuries and damages claim in the Complaint.

8.

Copies of each and every document, thing, or other matter that relates to any statement made by any person relating to the subject matter of this action, or the claims or defenses of any party.

9.

Copies of each and every document, thing, or other material relating to any written report or memorandum made by any person who has conducted any investigation or study to determine any facts, information, or other matters relating to the subject matter of this action, or the claims or defenses of any party.

10.

Copies of each and every document, thing, or other material relating to the subject matter of this action, or the claims or defenses of any party, that has been furnished *to* you *by* any person whom you expect to call to testify as a witness at the trial of this case.

11.

Copies of each and every document, thing, or other material relating to the subject matter of this action, or the claims or defenses of any party, that has been furnished *by* you *to* any person

whom you expect to call to testify as a witness at the trial of this case.

12.

Copies of each and every document, thing, or other material relating to the subject matter of this action, or the claims or defenses of any party, that has been furnished _to_ you _by_ any person whom you expect to call to testify as an **expert** witness at the trial of this case.

13.

Copies of each and every document, thing, or other material relating to the subject matter of this action, or the claims or defenses of any party, that has been furnished _by_ you _to_ any person whom you expect to call to testify as an **expert** witness at the trial of this case.

14.

Copies of each and every document, thing, or other material that has been examined, reviewed or relied on in forming opinions and conclusions by any person whom you expect to call as an **expert** witness as the trial of this case.

15.

Copies of each and every document, thing, or other matter relating to any report of the incident that is the subject of this lawsuit.

16.

Copies of each and every document, thing, or other matter that relates to any opinion expressed by any person concerning the subject matter of this lawsuit, or the claims or defenses of any party.

17.

Copies of each and every document, thing, or other matter relating to your response to Interrogatories 3, 4, and 5 of Plaintiff's First Interrogatories.

18.

Copies of each and every document, thing, or other matter relating to your response to Interrogatory 36 of Plaintiff's First Interrogatories.

19.

Copies of each and every document, thing, or other material that has not already been produced in response to the Plaintiff's Requests for Production that contains information or material relating to the subject matter of this lawsuit, or the claims or defenses of any party.

20.

Transcripts of any judicial proceeding and all pleadings in any court proceedings involving the above-named Defendant relating to this occurrence or in connection with any other incidents.

21.

All statements from any person related to the occurrence.

22.

All pleadings from any case in which you have been or are presently involved as a party.

23.

All documents relating to any criminal proceeding in which you are or were involved in, in any capacity.

24.

Copies of your cell phone records of all incoming and outgoing calls, text messages and emails for the date of the subject incident.

25.

A copy of any social media postings made by you about the subject incident or any injuries you may have received in the subject incident.

This 3rd day of April, 2023.

ATTORNEYS FOR PLAINTIFF:


/s/ *Nathan Fitzpatrick*

Nathan Fitzpatrick
Georgia Bar No. 193119
Ashley Winston
Georgia Bar No. 768292



THE FITZPATRICK FIRM, LLC.
14 Lenox Pointe NE
Atlanta, GA  30324
Phone:  678-607-5550
Fax:  678-367-0101
nate@personalinjuryatl.com
awinston@personalinjuryatl.com
admin@personalinjuryatl.com