IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FLAGSTAR BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| TIFFANY TURNER, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Flagstar Bank, N.A. ("Flagstar"), by and through its undersigned counsel, hereby brings this action for declaratory relief against defendant Tiffany Turner ("Defendant"). In so doing, Flagstar shows as follows:

### Introduction

1. This is an action filed under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, to obtain a judgment establishing reasonable and equitable procedures that adequately protect Flagstar, while simultaneously effectuating the right of Defendant under 15 U.S.C. § 1635 to rescind a transaction whereby Defendant obtained a home equity loan with Flagstar secured by certain real property located in Henry County, Georgia.

1

## Parties

2. Flagstar is a National Association domiciled in Michigan with its principal place of business in Troy, Michigan.

3. Upon information and belief, Defendant is a citizen and resident of Henry County, Georgia.

## Jurisdiction and Venue

4. This is a civil action over which this Court has original federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337(a). Further, this Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, by virtue of the diversity of citizenship between Flagstar and Defendant and an amount in controversy exceeding $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant based on the fact that she resides and/or owns property in the State of Georgia. Further, Defendant is subject to the personal jurisdiction of this Court in that the facts giving rise to this lawsuit arise directly from Defendant's business transactions and contacts with the State of Georgia.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) in that Defendant resides in Henry County, Georgia and within this judicial district. Further, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2)

because a substantial portion of the events and omissions giving rise to this Complaint occurred within the district.

7. This case involves an actual controversy, within the jurisdiction of this Court, and a judicial declaration is necessary regarding the rights and other legal relations between Flagstar and Defendant, as set out below. Therefore, the relief requested by Flagstar is specifically authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

## Factual Background

8. On December 30, 2022, Defendant entered into a transaction with Flagstar whereby she obtained a home equity line of credit (the "HELOC") with a maximum credit limit of $150,000.00. A true and correct copy of the executed Home Equity Line of Credit Agreement and Disclosure Statement (the "HELOC Agreement") is attached hereto as Exhibit 1.

9. The HELOC is secured by a second lien on certain real property located at 2159 Kellington Drive, McDonough, Georgia (the "Subject Real Property") as reflected by a Security Deed recorded in the Henry County Recorder of Deeds in Book 19237 at pages 250-267. A true and correct copy of the Security Deed is attached hereto as Exhibit 2.

10. Flagstar discovered an inconsistency on the first page of the HELOC agreement provided to Defendant at closing regarding the length of the repayment

period. The repayment period was inadvertently disclosed as 360 months instead of 240 months.[1]

11. Accordingly, on Thursday, April 6, 2023, Flagstar notified Defendant of the inadvertent disclosure in writing and provided Defendant with a corrected copy of the first page of the HELOC Agreement, a true and correct of which is attached hereto as Exhibit 3. In addition, Flagstar informed Defendant that it would reopen Defendant's right to cancel and rescind the HELOC and provided Defendant with two new Notice of Right to Cancel forms.

12. On Monday, April 10, 2023, Defendant presented two checks payable to herself for deposit at another financial institution, drawn on the home equity line of credit totaling $70,000.00.

13. On Thursday, April 13, 2023, Defendant timely provided the signed Notice of Right to Cancel. A true and correct copy of the Notice is attached as Exhibit 4. Flagstar received Defendant's Notice of Right to Cancel on April 13, 2023, via email.

---

[1] Although page 1 of the original HELOC Agreement described the "Repayment Period" as 240 months to follow a Draw Period of 120 months, the HELOC Agreement and Security Deed both accurately reflected that the loan would mature, and all were due to be paid in full, no later than the "Maturity Date" of January 1, 2053, or 360 months/30 years from the closing date. Thus, the 360-month repayment period on page 1 was inconsistent with the other terms of the HELOC Agreement and the Security Deed as executed by the borrower on December 30, 2022. (See HELOC Agreement, p. 1 and ¶¶ 3, 7; Security Deed, p. 2.)

14. On Tuesday, April 18, 2023, Flagstar acknowledged receipt of Defendant's decision to rescind the December 30, 2022, HELOC transaction in writing and confirmed that—in accordance with the Truth in Lending Act and its implementing regulations—Flagstar would return all amounts charged to Defendant in connection with the transaction and take steps to terminate the security interest created under the transaction. Flagstar informed Defendant that upon completion of its obligations, Defendant must immediately tender payment for the total amount of $94,262.70. The letter provided an accounting of all funds that had been advanced to the Defendant under the HELOC as well as all principal payments made on the loan to date, resulting in a loan balance of $94,262.70. This letter was provided to Defendant via e-mail and by regular U.S. mail.

15. After providing the above referenced letter to Defendant via e-mail, Flagstar learned of the two checks totaling $70,000.00 that posted to the line of credit on April 13, 2023. The posting delay was a direct result of the Defendant failing to endorse the checks and the depositing bank re-presenting the returned checks until paid. As of April 18, 2023 (when Flagstar sent its initial response letter to Defendant), only $10,000 from the two checks had posted to the line of credit account.

16. On Wednesday, April 19, 2023, Flagstar promptly sent a second letter to Defendant that superseded and replaced the April 18, 2023, letter. Updated with

the $60,000.00 of additional draw activity, the second letter dated April 19, 2023, informed Defendant that she would be required to return the total amount of $154,262.70 to Flagstar.

17. To date, however, Defendant has failed to make any arrangements for the return of the funds. Instead, Defendant apparently wishes for Flagstar to cancel the lien that secures the HELOC and renegotiate the terms of the loan. Defendant has shown no intention to take any steps to fulfill her obligations to return the net loan proceeds in accordance with 15 U.S.C. § 1635(b) and 12 C.F.R. § 1026.23(d).

18. Flagstar has communicated with Defendant by telephone and by e-mail on numerous occasions in an attempt to make arrangements for the return of the net loan proceeds owed by Defendant to Flagstar. However, none of these discussions resulted in a confirmation by Defendant that Defendant was currently willing or able to repay the total amount advanced under the HELOC to Flagstar. Instead, Defendant made two proposals that reflected she was not able or willing to repay the total amount advanced as a lump sum without additional terms.

19. It would be wholly inequitable to require that Flagstar cancel the lien that secures the HELOC without having reasonable procedures in place to ensure return of the net loan proceeds Defendant received in connection with the December 30, 2022, HELOC transaction.

## Count One – Declaratory Judgment

20. Flagstar re-alleges and incorporates paragraphs 1 through 17 of this Complaint as if fully set forth herein.

21. This case involves an actual controversy, within the jurisdiction of this Court, and a judicial declaration is necessary regarding the rights and other legal relations between Flagstar and Defendant.

22. Flagstar respectfully requests that the Court exercise its inherent equitable authority, which is also expressly recognized in 15 U.S.C. § 1635(b) and 12 C.F.R. § 1026.23(d)(4), to establish reasonable and equitable procedures that adequately protect Flagstar while effectuating Defendant's right to rescind the HELOC under 15 U.S.C. § 1635; or, in the alternative, Flagstar respectfully requests that the Court declare Defendant's rescission demand null and void if she is unable or unwilling to reasonably effectuate that demand by returning to Flagstar the net loan proceeds as required.

23. Flagstar is entitled to the application of reasonable procedures requiring that Defendant return the net loan proceeds she received from Flagstar simultaneously with the release of the lien on the Subject Real Property that secures the HELOC; or, in the alternative, Flagstar is entitled to a declaration that Defendant's rescission demand is null and void if she is unable or unwilling to reasonably effectuate that demand by returning to Flagstar the net loan proceeds as required.

WHEREFORE, Flagstar respectfully prays that this Court:

(i) Establish reasonable and equitable procedures that adequately protect Flagstar while effectuating Defendant's right to rescind the December 30, 2022 HELOC transaction, including a requirement that Defendant returns the net loan proceeds she received from Flagstar simultaneously with a release of the lien on the Subject Real Property that secures the HELOC; or, in the alternative, should Defendant fail, refuse, be unable or unwilling to return the net loan proceeds to thereby effectuate her rescission demand without further delay, declare Defendant's rescission null and void and declare that the terms of the HELOC, as set forth in the HELOC Agreement, Security Deed, and other loan documents, shall control and shall be fully enforceable as of the date the HELOC closed;

(ii) Award such additional relief as this Court deems just and proper.

Respectfully submitted this 2nd day of May, 2023.

/s/ *Keith S. Anderson*
Keith S. Anderson
Georgia Bar No. 136246
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com
*Attorney for Flagstar Bank, N.A.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

/s/ Keith S. Anderson