UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ZAKIYA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| DEKALB COUNTY SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Zakiya Johnson ("Johnson" or "Plaintiff"), by and through undersigned counsel, and submits her Complaint against Defendant DeKalb County School District ("DCSD" or "Defendant"), stating as follows:

**I.  NATURE OF COMPLAINT**

1.

This is an action by a former employee of DCSD for discrimination, interference, and retaliation in violation of the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, et. seq. (collectively, the "ADAAA") and interference in violation of the Family and Medical Leave Act, 29 U.S.C. §2601, et seq. ("FMLA").

## II.     JURISDICTION AND VENUE

2.

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2617, and 42 U.S. Code § 12117 because this is a civil action arising under the FMLA and the ADA.

3.

Venue is proper in this district under 28 U.S.C. § 1391. DCSD is a local governmental entity headquartered and operating within DeKalb County, Georgia, and is subject to the jurisdiction of this Court. All of the acts and omissions complained of herein occurred within the Northern District of Georgia.

## III.     ADMINISTRATIVE PREREQUISITES

4.

Plaintiff timely filed her first charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 8, 2021 (Charge No. 410-2021-03021). A copy of the original charge is attached hereto as **Exhibit A**.

5.

Plaintiff amended her charge to add additional claims of disability discrimination and retaliation on March 17, 2022 (same charge number). A copy of

the amended charge is attached hereto as **Exhibit B.**

6.

Plaintiff received a right-to-sue notice with respect to Charge No. 410-2021-03021 from the U.S. Department of Justice on May 2, 2023. A copy of the notice is attached hereto as **Exhibit C**.

### IV.   PARTIES

7.

Johnson resides in Dekalb County, Georgia, and is a former employee of DCSD.

8.

At all times referenced herein, Johnson was an "eligible employee" as defined under the FMLA because she (1) had been employed by DCSD for at least 12 months; (2) had been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of her FMLA leave; and (3) was employed at a worksite where the employer had at least 50 employees within 75 miles.

9.

At all times relevant hereto, Johnson was an individual with a disability within the meaning of the ADA.

10.

At all times relevant hereto, Johnson was a "qualified individual" as defined by the ADA because she was able to perform the essential functions of her position with or without reasonable accommodations.

11.

DCSD is a local governmental entity providing public primary, middle, and secondary school education in all parts of DeKalb County except within Decatur and Atlanta city limits.

12.

DCSD is a covered "employer" as defined under the FMLA and the ADA.

13.

DCSD may be served with process by delivering a copy of the summons and complaint to the Superintendent and Chief Executive Officer at DeKalb County School District, 1701 Mountain Industrial Blvd, Stone Mountain, GA, 30083-1027.

V.     FACTUAL ALLEGATIONS

14.

Johnson first started working for DCSD in or around August 2016, as Assistant to the Principal of Martin Luther King High School ("MLK HS").

15.

On or about March 12, 2020, Johnson began to telework due to the shutdown caused by COVID-19.

16.

In January 2021, DCSD announced that all employees would be required to return to work in person effective February 3, 2021.

17.

On January 27, 2021, Johnson submitted a request for ADA accommodations in the form of continued temporary remote work with supporting documentation from her treating physician.

18.

The supporting medical certification confirmed that Johnson suffered from severe hypertension that put her at high risk for COVID complications. Accordingly, the doctor recommended that Johnson continue to work from home temporarily.

19.

On January 29, 2021, DCSD sent out an email stating that **no exceptions** would be made to the mandatory return-to-work rule, not even if supported by ADA and/or FMLA documentation.

20.

Specifically, the email stated: "As you know, Wednesday, February 3rd, 2021, all 10, 11, and 12 month employees are required and is mandatory to return to work. **This also includes those who have not receive an update from ADA/FMLA on if their application has been approved or denied**." (emphasis added)

21.

On February 6, 2021, Johnson's treating physician sent another letter to DCSD further certifying that Johnson had a preexisting condition that placed her at a higher risk for serious illness if contracting COVID-19 and again recommending that Johnson work remotely until June 15, 2021.

22.

Johnson's accommodation requests were repeatedly ignored.

23.

DCSD finally told Johnson that DCSD was not approving *any* accommodations for telework, and that she would have to apply for FMLA leave.

24.

DCSD also falsely stated in an email that "ADA is not providing teleworking as an accommodation."

25.

Johnson complied with DCSD's directive and applied for FMLA leave; however, her request was denied.

26.

DCSD refused to accept medical documentation supporting Plaintiff's request for FMLA leave and interfered with her ability to apply for leave.

27.

Since DCSD refused to grant Johnson ADA accommodations or FMLA leave, she applied for short-term disability ("STD") leave and was approved from April 25, 2021, until September 21, 2021.

28.

On May 13, 2021, Johnson submitted an internal complaint against DCSD for failure to engage in the ADA interactive process.

29.

At the time of the May 13 complaint, Johnson had submitted her ADA accommodation request four times between January-March 2021 without receiving a response as to her specific situation and request.

30.

Derek Carson in Employee Relations contacted Johnson shortly thereafter and erroneously told her that DCSD did not have to address her request for accommodation unless and until she showed up for work in person.

31.

Carson further stated that DCSD's Regional Superintendent, Dr. Triscilla Weaver, "just wanted [Johnson] gone," that DCSD wanted him to move forward with termination for job abandonment, and that if Johnson wanted to keep her job, then she would have to be displaced because she could not go back to her old position.

32.

Johnson complained to Carson that DCSD's actions were discriminatory and retaliatory based on her disability and requests for accommodations.

33.

Johnson also filed her first EEOC charge of disability discrimination on July 8, 2021, while on STD leave.

34.

Johnson was approved for long-term disability leave starting September 22, 2021.

35.

On September 30, 2021, while Johnson was on LTD leave, she received a letter from DCSD that erroneously stated: "It has been reported to this office that you have failed to report to your currently assigned work location since August 2, 2021 . . . . Therefore, since it appears you have manifested an intent not to return to work, the District has determined you have abandoned your position as a Secretary."

36.

Johnson immediately contacted DCSD and stated that she had neither resigned nor abandoned her job, but rather was on approved disability leave; however, the termination was upheld.

37.

On November 4, 2021, Johnson received a separation notice from DCSD that falsely claimed she had been separated due to "resignation" effective September 30, 2021.

38.

DCSD's actions constitute unlawful discrimination, interference, and retaliation in violation of the ADA and FMLA.

39.

Johnson has suffered significant pecuniary and non-pecuniary damages as a

direct result of Defendant's unlawful actions.

## COUNT I
## ADA Failure to Accommodate

40.

Johnson repeats and realleges paragraphs 14-39 as if fully set forth herein.

41.

Johnson has at all relevant times been a qualified individual who can perform the essential functions of her job with or without reasonable accommodation.

42.

Johnson has at all relevant times had a covered disability under the ADA.

43.

Johnson requested reasonable accommodations for a known disability.

44.

Defendant failed to engage in the interactive process with regard to Johnson's accommodation request.

45.

Johnson was denied reasonable accommodations.

46.

As a direct and proximate result of Defendant's wrongful acts, Johnson has suffered and continues to suffer substantial economic and non-pecuniary damages.

47.

Defendant willfully and wantonly disregarded Johnson rights, and its actions toward Johnson were undertaken in bad faith.

48.

Johnson is entitled to lost wages and benefits, front pay, compensatory damages, attorney fees and costs, prejudgment interest, and any other relief available under the law.

## COUNT II
## ADA Discrimination

49.

Johnson repeats and realleges paragraphs 14-39 as if fully set forth herein.

50.

Johnson has at all relevant times been a qualified individual who can perform the essential functions of her job with or without reasonable accommodation.

51.

Johnson has at all relevant times had a covered disability under the ADA.

52.

Defendant forced Johnson to go on unpaid leave and then terminated Johnson because of her disability in violation of the ADA.

53.

Defendant's proffered reasons for the adverse actions are false and mere pretext for discrimination.

54.

As a direct and proximate result of Defendant's wrongful acts, Johnson has suffered and continues to suffer substantial economic and non-pecuniary damages.

55.

Defendant willfully and wantonly disregarded Johnson rights, and its actions toward Johnson were undertaken in bad faith.

56.

Johnson is entitled to lost wages and benefits, front pay, compensatory damages, attorney fees and costs, prejudgment interest, and any other relief available under the law.

## COUNT III
## ADA Interference

57.

Johnson repeats and realleges paragraphs 14-39 as if fully set forth herein.

58.

Johnson has at all relevant times been a qualified individual who can perform the essential functions of her job with or without reasonable accommodation.

59.

Johnson has at all relevant times had a covered disability under the ADA.

60.

Defendant interfered with Johnson's statutorily protected ADA rights by coercing, intimidating, threatening, harassing, and interfering with Plaintiff in the exercise or enjoyment of, or on account of having exercised or enjoyed, rights granted or protected by the ADAAA. 42 U.S.C. § 12203(b); 29 C.F.R. § 1630.12(b).

61.

Specifically, Defendant interfered with Johnson's statutorily protected ADA rights by, among other things:

- issuing a policy or requirement that purported to limit Plaintiff's (and other employees') rights to invoke ADA protections, such as:

    o a fixed return-to-work policy that stated no exceptions would be made for any reason, including ADA and FMLA reasons;

    o requirement that Johnson show up in person in order for her ADA request for accommodations to be acknowledged by Defendant.

- coercing Plaintiff to relinquish or forgo an accommodation to which she was otherwise entitled by threatening termination;

- intimidating Plaintiff from requesting reasonable accommodations by falsely stating that certain accommodations are not available under the ADA and threatening termination;

- threatening Plaintiff with loss of employment or other adverse treatment if she continued to insist on reasonable accommodations.

*See* Equal Employment Opportunity Commission, *Enforcement Guidance on Retaliation and Related Issues*, § III (Aug. 25, 2016)    (available at https://www.eeoc.gov/laws/guidance/enforcement-guidance-retaliation-and-related-issues) (discussing examples of unlawful ADA interference).

62.

As a direct and proximate result of Defendant's wrongful acts, Johnson has suffered and continues to suffer substantial economic and non-pecuniary damages.

63.

Defendant willfully and wantonly disregarded Johnson rights, and its actions toward Johnson were undertaken in bad faith.

64.

Johnson is entitled to lost wages and benefits, front pay, compensatory damages, attorney fees and costs, prejudgment interest, and any other relief available

under the law.

## COUNT IV
## ADA Retaliation

65.

Johnson repeats and realleges paragraphs 14-39 as if fully set forth herein.

66.

Johnson has at all relevant times been a qualified individual who can perform the essential functions of her job with or without reasonable accommodation.

67.

Johnson has at all relevant times had a covered disability under the ADA.

68.

Johnson engaged in protected activity under the ADA when she complained to Defendant of failure to engage in the interactive process, failure to provide reasonable accommodations, discrimination, and retaliation.

69.

Johnson also engaged in protected activity under the ADA when she filed a charge of discrimination and retaliation with the EEOC.

70.

Defendant subjected Johnson to materially adverse actions when it forced her to go on unpaid leave and then terminated her employment.

71.

The protected activities were causally connected to the subsequent adverse actions.

72.

Defendant's proffered reasons for the adverse actions are false and mere pretext for retaliation.

73.

As a direct and proximate result of Defendant's wrongful acts, Johnson has suffered and continues to suffer substantial economic and non-pecuniary damages.

74.

Defendant willfully and wantonly disregarded Johnson's rights, and its actions toward Johnson were undertaken in bad faith.

75.

Johnson is entitled to lost wages and benefits, front pay, compensatory damages, attorney fees and costs, prejudgment interest, and any other relief available under the law.

**COUNT V**
**FMLA Interference**

76.

Johnson repeats and realleges paragraphs 14-39 as if fully set forth herein.

77.

Johnson was an eligible employee under the FMLA.

78.

Defendant is a covered employer under the FMLA.

79.

Johnson was entitled to FMLA leave for a serious health condition.

80.

Johnson sought FMLA leave for her serious health condition.

81.

Defendant denied Johnson's request for FMLA and refused to accept acceptable documentation supporting the request for leave.

82.

Defendant improperly interfered with and denied Johnson benefits under the FMLA to which she was entitled, including the right to take qualifying leave and to be returned to her position upon the conclusion of the leave.

83.

Defendant willfully and wantonly disregarded Johnson's rights, and its actions toward Johnson were undertaken in bad faith.

84.

As a direct and proximate result of Defendant's wrongful acts and omissions, Johnson has suffered and continues to suffer substantial losses, including past and future lost wages and benefits.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

(a) judgment in favor of Plaintiff and against Defendant on all counts;

(b) damages sufficient to make Plaintiff whole by providing for out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(c) reinstatement to employment or, if reinstatement is not feasible under the circumstances, an award of damages for future lost wages and benefits of employment;

(d) equitable restitution and relief sufficient to cover life, disability, or health insurance and any lost retirement benefits due to Defendant's wrongful termination of Plaintiff's employment;

(e) Compensatory damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character or reputation, injury to credit standing, loss of health, and any other non-pecuniary losses incurred due to the discriminatory conduct;

(f) liquidated damages;

(g) reasonable attorney's fees and costs; and

(h) such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Respectfully submitted,

**BERGMAR LAW LLC**

*/s/ Nina Maja Bergmar*
Nina Maja Bergmar
Georgia Bar No. 982879
135 Auburn Ave. NE, Ste. 210
Atlanta, GA 30303
nmb@bergmarlaw.com
Tel. (470) 239-2096

Attorney for Plaintiff