UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RUBEN JOSE HERNANDEZ; <br><br> ANA JAEL HERNANDEZ; <br><br> JOSE RUBEN HERNANDEZ <br>  Plaintiffs. <br><br> v. <br><br> ALEJANDRO MAYORKAS, Secretary, <br> U.S. Department of Homeland Security; <br><br> UR M. JADDOU, Director, <br> U.S. Citizenship and Immigration Services; <br><br> SHIKENA S. MILLER, <br> Acting Atlanta Field Office Director <br> U.S. Citizenship and Immigration Services <br>  Defendants. | Civil Action No.____ |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS

The Plaintiffs, Ruben Jose Hernandez, Ana Jael Hernandez, and Jose Ruben Hernandez, through counsel, allege the following:

### INTRODUCTION

1. This is a civil action for adjudication of Plaintiffs' Form I-485 Applications to Adjust Status filed by a U.S. Citizen Son.

2. Plaintiffs request mandamus and injunctive relief to seek an order from the Court compelling the Defendants, and those acting under them, to perform a duty owed to Plaintiffs, namely, to adjudicate Plaintiffs' said I-485 Applications to

1

Adjust Status. Plaintiffs request declaratory relief seeking a judicial declaration that Defendants are required under law to complete the adjudication process for Plaintiffs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1346(a)(2), 1361 (to compel an officer or employee of the United States or agency to perform a duty owed to Plaintiffs), and 5 U.S.C. §§ 704 (no other adequate remedy) 706 (to compel agency action unlawfully withheld or unreasonably delayed), and 555(b)(unlawfully withholding or unreasonably delaying action).

4. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Code of Federal Regulations makes it clear that USCIS has a mandatory and affirmative duty to adjudicate a properly filed Form I-485, Application to Adjust Status. 8 C.F.R. § 245(a).

5. The APA also requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each

2

agency shall proceed to conclude a matter presented to it"). If the agency fails to render a decision within a reasonable time, the Court has jurisdiction under U.S.C. § 706(1) to compel the agency to do so. 5 U.S.C. §706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed"). As presented below, the delay of almost 3 years in providing a decision on Plaintiffs' petition is unreasonable.

6. Further, this Court has jurisdiction over the present action pursuant to 28 U.S.C. §2201, the Declaratory Judgment Act, to declare Defendants' failure to act on Plaintiffs' I-485, Applications to Adjust Status to be arbitrary and capricious, unconstitutional, and a violation of the INA, the federal regulations, and the APA. *See Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 565 (D.C. Cir. 1970). *See also* 5 U.S.C. §§ 555(b), 706(1), 706(2).

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district in which a defendant in the action resides, where a substantial part of the events or omissions giving rise to the claim occurred, and where there is no real property involved in the action.

## PARTIES

8. Plaintiff, Ruben Jose Hernandez, is a citizen of the United States. He maintains a permanent residence in Smyrna, Cobb County, GA. He is the biological son of Ana Jael Hernandez and Jose Ruben Hernandez.

9. Plaintiff, Ana Jael Hernandez, is a citizen of Venezuela. She is the biological mother of Ruben Jose Hernandez. She maintains a permanent residence in Smyrna, Cobb County, GA. She filed an I-485 Application to Adjust Status on May 26, 2020, based on an approved I-130 Petition filed by her U.S. Citizen son, Ruben Jose Hernandez.

10. Plaintiff, Jose Ruben Hernandez, is a citizen of Venezuela. He is the biological father of Ruben Jose Hernandez. He maintains a permanent residence in Smyrna, Cobb County, GA. He filed an I-485 Application to Adjust Status on May 26, 20202, based on an approved I-130 Petition filed by his U.S. Citizen son, Ruben Jose Hernandez.

11. Defendant, Alejandro Mayorkas, is the Secretary of the U.S. Department of Homeland Security and oversees the United States Citizenship and Immigration Services.

12. Defendant, Ur M. Jaddou, is the Director of the U.S. Citizenship and Immigration Services, the agency that adjudicates I-485 Applications.

13. Defendant, Shikena S. Miller, is the Acting Atlanta Field Office Director for U.S. Citizenship and Immigration Services, the field office that conducted the Adjustment of Status interview.

## FACTS AND CAUSE OF ACTION

14. Plaintiffs, Ana Jael Hernandez and Jose Ruben Hernandez, are eligible for adjustment of status to permanent resident status pursuant to 8 C.F.R. § 245(a).

15. Plaintiff, Ruben Jose Hernandez, is a U.S. Citizen and he is the biological son of Plaintiffs Ana Jael Hernandez and Ruben Jose Hernandez. **Exhibits A and B, U.S. Passport for Ruben and Birth Certificates for Plaintiffs.**

16. Plaintiff, Ruben Jose Hernandez, filed two I-130 Petitions for both of his parents on January 15, 2015. **EXHIBIT C, I-130 Receipt Notices.** USCIS assigned them the following receipt numbers: EAC1590272400 and EAC1590272399. The I-130 Petitions were approved on February 25, 2015. **EXHIBIT D, I-130 Approval Notices.**

17. Plaintiff, Ana Jael Hernandez, timely filed her Form I-485 Application to Adjust Status with USCIS on or about May 26, 2020. **EXHIBIT E, I-485 Receipt Notice for Ana.** USCIS assigned it the following receipt number: IOE0909123092.

18. Plaintiff, Jose Ruben Hernandez, timely filed his Form I-485 Application to Adjust Stats with USCIS on or about May 26,

2020. **EXHIBIT F, I-485 Receipt Notice for Jose.** USCIS assigned it the following receipt number: IOE0909123091.

19. Plaintiffs received their initial interview notice stating that they were scheduled for an I-485, Adjustment of Status Interview on September 30, 2021. **EXHIBIT G, Initial Interview Notice for Ana and Jose.**

20. An Immigration Services Officer of the United States Citizenship and Immigration Services (USCIS) Atlanta District Field Office, Officer Swift, interviewed Plaintiffs on their I-485 Applications for Adjustment of Status on September 30, 2021. The officer went through all the questions of the application. After successfully answering all the officer's questions, the officer advised Plaintiffs that he could not approve the applications the same day because the USCIS system was being upgraded/changed and it was down at that moment. Therefore, he could not add the approval in the system. **EXHIBIT H, Interview Results Notices.**

21. Plaintiffs, through their myUSCIS Account, inquired about the status of their applications with USCIS by sending an e-message on May 18, 2022. **EXHIBIT I, First e-Message Case Status Request for Case Resolution.** On June 9, 2022, Plaintiffs received a response indicating that the inquiry needed to be forwarded to the Atlanta Field Office.

Case 1:23-mi-99999-UNA   Document 1442   Filed 05/02/23   Page 7 of 13

22. On June 23, 2022, Plaintiffs received an email response from the Atlanta Field Office indicating that "we are reviewing Form I-485 Application… and our records show that nothing is outstanding at this time". **EXHIBIT J, USCIS Response.**

23. Plaintiffs, through the USCIS online system, inquired about the status of their applications on December 6, 2022. **Exhibit K, Second e-Message Case Status Request for Case Resolution. No response was received.**

24. Plaintiffs also inquired about the status of their applications by submitting a Senator's Request through the Office of U.S. Senator Rafael Warnock on December 6, 2022. **EXHIBIT L, Senator's Request for Assistance for Case Resolution.**

25. On January 5, 2023, USCIS issued a Request for Evidence (RFE) requesting Plaintiffs to submit a complete Form I-693, Report of Medical Examination and Vaccination Record. The RFE Notices indicate that the processing of the applications will resume upon receipt. **EXHIBIT M, Request for Evidence Notices.**

26. On February 1, 2023, USCIS received the Response for the Request for Evidence, which included Plaintiffs' sealed completed Forms I-693, Report of Medical Examination and Vaccination Record. **EXHIBIT N, Plaintiffs' Response to Request for Evidence with Delivery Confirmation.**

7

27. More than 90 days have passed since the delivery of the Response to Request for Evidence. Plaintiffs still await final resolution of their applications.

28. Upon information and belief, the Agency has duly collected the biometrics it needs from Plaintiffs to adjudicate their petition.

29. Over information and belief, no mandatory or discretionary grounds exist for denial of Plaintiffs' Form I-485 Application to Adjust Status.

## STATUTORY AND REGULATORY FRAMEWORK

30. Upon information and belief, Defendants had sufficient information and have had sufficient time to determine Plaintiffs' eligibility requirements. Plaintiffs filed their applications on May 26, 2020 and attended their interview on September 30, 2021. To this day, almost 3 years since filing and more than 1.5 years after the interview, Plaintiffs still await the decision.

31. Based on the USCIS' Historical National Median Processing Times, I-485 Family-based Adjustment Applications were being processed in 9.3 months in 2020, 12.9 months in 2021, 10.6 months in 2022, and 11.7 months in 2023. **EXHIBIT O, Printout of Historical Median Processing Times for all USCIS Offices.** Plaintiffs' petition was filed on May 26, 2020; therefore, its processing is significantly overdue. Plaintiffs have been

8

waiting for almost 3 years for USCIS to adjudicate their I-485 Applications. This delay is contrary to USCIS' own long-standing policies and procedures to adjudicate cases chronologically on a first-come, first-serve basis.

32. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in, and refused to adjudicate the applications, thereby depriving Plaintiffs of the right to decision on their status and the peace of mind to which Plaintiffs are entitled. USCIS has no other competing priorities and has adjudicated many other I-485 Applications that were filed after Plaintiffs'.

33. Due to this delay, Plaintiffs are suffering harm. Plaintiffs are deprived to the benefit and privilege of becoming Permanent Residents of the United States, ability to make long-term investments in the U.S., and the peace of mind for their family knowing the family can permanently settle in the United States.

34. Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. §555(b), are unlawfully withholding or unreasonably delaying action on Plaintiffs' applications and have failed to carry out the adjudicative functions delegated to them by law with regards to Plaintiffs' case.

## CLAIMS FOR RELIEF

### COUNT I – Administrative Procedure Act

1. The Plaintiffs re-allege and incorporate by refence the paragraphs above.

2. Under 5 U.S.C. §706, the Administrative Procedure Act requires the reviewing court to compel agency action unlawfully withheld or unreasonably delayed. The Defendant DHS, through USCIS, have willfully and unreasonably delayed in, have refused to, and unlawfully withheld action on Plaintiffs' I-485 Applications as Plaintiffs have endured a wait of almost 3 years since filing. This unlawful withholding has deprived the Plaintiffs of the benefit and privilege of becoming Permanent Residents of the United States, gain eligibility to file citizenship applications, and the peace of mind they are entitled to.

3. Under 5 U.S.C. §555 (b), the Administrative Procedure Act requires USCIS to make a decision on Plaintiffs' I-485 Applications "within a reasonable amount of time." USCIS' delay in deciding the subject I-485 Form is unreasonable. Under the APA, USCIS has a mandatory, non-discretionary duty to process and adjudicate Plaintiffs' I-485 Applications, within a reasonable time. *See* 8 U.S.C. §1255; 8 C.F.R. §245(a).

### COUNT II - Mandamus Act

4. Plaintiffs re-allege and incorporate by reference the paragraphs above.

5. Mandamus is proper if: (1) the Plaintiff can show a clear right to the relief sought; (2) the Defendants have a clear, non-discretionary duty to act; and (3) no other remedy is available. *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S. Ct. 2013, 2022 (1984).

6. Defendants owe Plaintiffs the duty to act upon their I-485 Applications and have unreasonably failed to perform that duty. To delay a process that should take a few hours (even after the RFE Response was received) to complete for almost three years is completely unreasonable. Defendant DHS owes the Plaintiffs the duty to act upon their petition within a reasonably time and has unreasonably failed to perform that duty despite having more than three years from the filing to do so.

7. A strong humanitarian factor genuinely exists in this circumstance, as the Plaintiffs have made every effort to timely file and to provide all necessary documentation to the government as required to obtain the requested benefits for their family. The failure of USCIS to adjudicate Plaintiffs' I-485 Applications, in a timely manner, has created and

   continues to create a major disruption in the life of the Plaintiffs and their family.

8. Plaintiffs have exhausted any administrative remedies that may exist. No other remedy exists for Plaintiffs to resolve Defendants' delay. There is no other way to remedy USCIS' failure to adjudicate the I-485 Applications, other than to move jurisdiction to the District Court. The adjudication of the Plaintiffs' applications is a non-discretionary ministerial act that a Federal Court can order be done through a Writ of Mandamus pursuant to 28 U.S.C. § 1361.

## COUNT III - Equal Access to Justice Act

9. Plaintiffs re-allege and incorporate by reference the paragraphs above.

10.  Plaintiffs seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

**WHEREFORE, Plaintiff prays that this Court:**

1. Declare all delays described above in the adjudication of the Plaintiffs' I-485 Applications unreasonable; and

2. Compel Defendants and those acting under them to perform their duty to adjudicate the I-485 Applications within 10 days; and if the Agency issues a request for additional evidence, order

the Agency to make a final decision thereon within 30 days of its receipt of Plaintiffs' response to the request for evidence; and

3. Enter an order compelling the Agency to print any associated Green Cards within 10 days of Form I-485 approval and deliver same the Plaintiffs' correct address; and

4. Grant such other and further relief as this Court deems proper or equitable under the circumstances; and

5. Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

Respectfully submitted this 2nd day of May, 2023.

_____
Jackeline A. Clements
Attorney for Plaintiffs
1875 Old Alabama Rd
Suite 720
Roswell, Georgia 30076
678-461-6046
678-461-5556 FAX
jacky@rscimmigration.com
Ga Bar # 155757