UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Aaron Pileggi, as Parent, Natural Guardian, and Next Friend of D.P., a minor,<br><br>         Plaintiff,<br><br>vs.<br><br>Academy, Ltd. (L.P.) (Texas) d/b/a Academy Sports & Outdoors,<br><br>         Defendant. | Civil Action No. _____ |

## Notice of Removal

Defendant Academy, Ltd. d/b/a Academy Sports + Outdoors, registered to do business in Georgia as Academy, Ltd. (L.P.) (Texas) ("Academy"), without waiving and expressly reserving all defenses and objections, removes the state court action captioned *Aaron Pileggi, as Parent, Natural Guardian and Next Friend of D. P., a minor v. Academy, Ltd. (L.P.) (Texas), d/b/a Academy Sports & Outdoors,* Case No. 23-C-02169-S5, from the State Court of County Gwinnett, Georgia to this Court under 28 U.S.C. §§ 1332, 1441 and 1446.

To support removal, Academy states as follows:

**I.     Academy has timely removed this action within thirty days of service.**

Plaintiff Aaron Pileggi filed a Summons and Complaint for Damages in civil action number 23-C-02169-S5 with the State Court of Gwinnett County on or about March 30, 2023.  Academy was served on April 5, 2023.  Accordingly, this Notice of Removal is filed within thirty days of service, so it is timely under 28 U.S.C. § 1446(b)(2).  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

**II.    Academy has attached the pleadings and given proper notice of the removal.**

True and correct copies of the Complaint for Damages and all process, pleadings, and other materials received by Academy in this action are attached as **Exhibit 1** and are being filed with this Notice of Removal.  As evidenced by the certificate of service, Academy is providing written notice of this removal to Plaintiff and the state court under 28 U.S.C. § 1446(d).  A copy of the Notice of Filing Notice of Removal which Academy will file with the state court is attached as **Exhibit 2**.

**III.   The Court has diversity jurisdiction over Plaintiff's claims.**

This action is within the original jurisdiction of the United States District Court for the Northern District of Georgia based on diversity of citizenship under 28

U.S.C. § 1332(a)(1). Section 1332(a) provides district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

### A. The parties are completely diverse.

Removal under 28 U.S.C. §§ 1332, 1441, and 1446 is appropriate because the parties are completely diverse. Plaintiff is a resident of Georgia, so he is a Georgia citizen for diversity purposes. (Compl. ¶ 1.)

For purposes of removal based on diversity jurisdiction, a limited partnership like Academy shares the citizenship of that of its members. Neither of Academy's members is a citizen of Georgia. The general partner of Academy, Ltd. is Academy Managing Co., LLC, and the limited partner of Academy, Ltd. is Associated Investors, LLC. The membership interests of Associated Investors, LLC and Academy Managing Co., LLC are owned 100% by New Academy Holding Company, LLC. The sole member of New Academy Holding Company, LLC is Academy Sports and Outdoors, Inc. Thus, it is the citizenship of Academy Sports and Outdoors, Inc. that matters for jurisdictional analysis.

For purposes of removal predicated on diversity jurisdiction, a corporation like Academy Sports and Outdoors, Inc., "shall be deemed to be a citizen of every

State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1). The Supreme Court has explained that principal place of business "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Academy Sports and Outdoors, Inc. is a Delaware corporation with its principal place of business in Texas. Consequently, for diversity-jurisdiction purposes, Academy is a citizen of both Delaware and Texas, which is completely diverse from Plaintiff's citizenship in Georgia.

**B.     The amount in controversy exceeds $75,000.**

Although Academy disputes Plaintiff's entitlement to any relief, the amount in controversy requirement has been met based on the damages sought by Plaintiff. Plaintiff alleges that he has incurred medical expenses "in an amount that exceeds $20,816.05," as well as unknown damages for future treatment and even surgery. (Compl. ¶¶ 30–31.) Plaintiff also seeks damages for pain and suffering, attorneys' fees, and costs of litigation. (Compl. ¶¶ 29–35; ¶¶ 35 (a)–(e)).

"Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*

*v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quotation omitted); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id*.

When a personal injury plaintiff claims substantial physical injuries, the seriousness and permanent nature of the injuries alleged places more than $75,000 in controversy. *See* O.C.G.A. § 9-10-184 (permitting plaintiffs to argue the monetary value of pain and suffering for the jury to determine without a monetary cap). This is especially true when a plaintiff pleads damages "that exceeds" a particular amount, which courts have recognized as insufficient artful pleading to defeat removal. *Troupe v. C & S Wholesale Grocers, Inc.*, No. 5:09-CV-00098(CAR), 2009 WL 1938787, at *2 (M.D. Ga. July 2, 2009) (finding removal was proper where plaintiff sought medical damages "in excess" of $13,637, plus future medicals, and other damages). The Court may also consider a demand for attorneys' fees when calculating the amount in controversy. *Hall v. Travelers Ins. Co.*, 691 F. Supp. 1410 (N.D. Ga. 1988); *see also Vacca v. Meetze*, 499 F. Supp. 1089, 1091 (S.D. Ga. 1980). And the amount of each of these damages need not be established with certainty for removal—they merely must meet the plausibility standard. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)

("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").[1]

For these reasons, the monetary value that would flow to Plaintiff if he were to prevail on his claims exceeds the jurisdictional requirement of $75,000.00.

### IV.     Request for briefing and oral argument.

If any question arises as to the propriety of removal, Academy requests the chance to present briefs, oral argument, and if necessary, affidavits and other evidence in support of its position that removal is proper. *See Dart*, 574 U.S. at 88.

### V.     Conclusion

Therefore, Academy, removes this matter from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division under 28 U.S.C. §§ 1332, 1441, and 1446.

[Signature page follows.]

---

[1] Plaintiff is in no position to dispute the jurisdictional amount is satisfied here. He has already demanded payment of more than the statutory threshold before filing suit. *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1097 (11th Cir. 1994) (considering pre-litigation demand for jurisdictional inquiry).

|  |  |
|---|---|
|  | By: */s/ Abigail Castleberry*<br>Abigail Castleberry, GA Bar No. 696335<br>NELSON MULLINS RILEY & SCARBOROUGH, LLP<br>201 17th Street NW, Suite 1700<br>Atlanta, GA 30363<br>(404) 332-6000<br>abigail.castleberry@nelsonmullins.com |
|  | Matthew A. Abee, Federal Bar No. 11747<br>(*Pro Hac Vice* application forthcoming)<br>1320 Main Street / 17th Floor<br>Columbia, SC 29201<br>(803) 799-2000<br>matt.abee@nelsonmullins.com |
| May 2, 2023 | *Attorneys for Academy, Ltd.* |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Aaron Pileggi, as Parent, Natural Guardian, and Next Friend of D.P., a minor,<br><br>       Plaintiff,<br><br>vs.<br><br>Academy, Ltd. d/b/a Academy Sports & Outdoors,<br><br>       Defendant. | Civil Action No. _____ |

## Certificate of Service

I certify that on the date set forth below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system as well as by electronic and U.S. mail to:

Adam Kemmerick<br>
Foy & Associates, P.C.<br>
3343 Peachtree Road, N.E.<br>
Atlanta, GA 30325<br>
akemmerick@johnfoy.com

       By: */s/ Abigail Castleberry*
       Abigail Castleberry
       Georgia Bar No. 696335
       NELSON MULLINS RILEY
       & SCARBOROUGH, LLP
       201 17th Street NW, Suite 1700
       Atlanta, GA 30363
       (404) 332-6000 (p)
       abigail.castleberry@nelsonmullins.com

May 2, 2023        *Attorneys for Academy, Ltd.*