**Exhibit 1**

**Filings in Gwinnett County State Court Case**

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
04/05/2023
CT Log Number 543563951

## Service of Process Transmittal Summary

**TO:**   Delilah Banks
Academy Sports + Outdoors
1800 N Mason Rd
Katy, TX 77449-2897

**RE:**   **Process Served in Georgia**

**FOR:**   ACADEMY, LTD. (L.P.) (TEXAS)  (Assumed Name)  (Domestic State: TX)
ACADEMY LTD. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: AARON PILEGGI, as Parent, Natural Guardian, and Next Friend of DUKE PILEGGI, a minor // To: ACADEMY LTD. |
| **CASE #:** | 23C02169S5 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/05/2023 at 10:50 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Eneida Centeno  eneida.centeno@academy.com |
| | Email Notification,  Evelyn Martinez  evelyn.martinez@academy.com |
| | Email Notification,  Delilah Banks  delilah.banks@academy.com |
| | Email Notification,  Merri Savage  merri.savage@academy.com |
| | Email Notification,  Cody Oviedo  cody.oviedo@academy.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 289 S. Culver St. |
| | Lawrenceville, GA 30046 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Apr 5, 2023
**Server Name:**                   Drop Service

| Entity Served | ACADEMY, LTD. (L.P.) (TEXAS) |
|---|---|
| Case Number | 23C02169-S5 |
| Jurisdiction | GA |

| Inserts | | |
|---|---|---|
| | | |



E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02169-S5**
**3/30/2023 4:17 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Aaron Pileggi, as Parent, Natural**

**Guardian, and Next Friend of DUKE**

# PILEGGI, a minor,

                                          PLAINTIFF

                        VS.

**ACADEMY, LTD. (L.P.) (TEXAS),  D/B/A/**

**ACADEMY SPORTS & OUTDOORS**

                        DEFENDANT

CIVIL ACTION 23-C-02169-S5
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Adam A. Kemmerick, Esq.
FOY & ASSOCIATES, P.C
3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

      30th day of March, 2023

                              Tiana P. Garner
                              Clerk of State Court

                        By_____
                              **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02169-S5**
**3/30/2023 4:17 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

AARON PILEGGI, as Parent, Natural
Guardian, and Next Friend of DUKE
PILEGGI, a minor,

     **Plaintiff,**

v.

ACADEMY, LTD. (L.P.) (TEXAS), D/B/A/
ACADEMY SPORTS & OUTDOORS

     **Defendant.**

Civil Action File No.:

23-C-02169-S5

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, AARON PILEGGI, as parent, natural guardian, and next friend of

DUKE PILEGGI, a minor, by and through the undersigned Counsel of Record, and brings this

personal injury action seeking recovery for personal injuries and damages, and states a complaint

against the named Defendants on the allegations set forth below:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff is a resident of the State of Georgia. By bringing this action, Plaintiff submits

himself to the jurisdiction and venue of this Honorable Court.

2.

Defendant, ACADEMY, LTD. (L.P.) (TEXAS) (hereinafter referred to as "Defendant" or

"Academy Sports"), is a foreign for-profit corporation, organized under the laws of Texas, which

is authorized to and does transact business within the state of Georgia.

3.

Defendant Academy Sports. may be served with Summons, Complaint, Plaintiff's First Interrogatories, Plaintiff's First Requests for Admissions and Plaintiff's First Request for Production Of Documents, by delivering the same upon its registered agent, C T Corporation System, 289 s Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

4.

Defendant Academy Sports. is subject to the jurisdiction and venue of this Court.

5.

Venue is proper in the State Court of Gwinnett County.

## STATEMENT OF FACTS

6.

At all times pertinent to the allegations of this Complaint, Defendant owned, operated, controlled, managed and maintained 3720 Buford Drive. Buford, GA 30519, a sporting goods store commonly known as Academy Sports & Outdoors.

7.

At all times pertinent to the allegations, Defendants and their officers, agents, and employees were involved in the acts and omissions which give rise to this lawsuit and negligently failed to maintain the premises in a safe and reasonable manner.

8.

On or about April 10, 2021, Plaintiff Duke Pileggi accompanied his parents and siblings on a shopping trip inside the Academy Sports & Outdoors store located at 3720 Buford Drive. Buford, GA 30519.

9.

On the same date and time, a Vision Grill had been placed on display in the Outdoor Living section of the store.

10.

The Vision Grill that was on display had two drop down side shelves that could be extended out horizontally.

11.

The Vision Grill that was on display was displayed so that one of the shelves was extended out horizontally, jutting out into a store aisle walkway.

12.

While he was rounding the corner of the aisle at the location where the grill was displayed, the side shelf of the grill that was jutting out into the aisle walkway struck Plaintiff Duke Pileggi in his face, causing serious injury.

13.

Plaintiff Duke Pileggi suffered serious injuries and scarring from the grill shelf.

## COUNT I
## NEGLIGENCE

14.

Under Georgia law, an owner or occupier of land is liable for damages "for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." (See, O.C.G.A. § 51-3-1). Acts or omissions of an owner of the premises can create a dangerous condition on the premises and such acts or omissions constitute active negligence. See, Johnson v. Kimberly Clark, 233 Ga.App. 508 (1998). In cases where an injury arises on a premises as a result

of the active negligence of the owner or its agents, the inquiry to be made is whether the owner could reasonably foresee that his actions or inactions would cause injury to the plaintiff. See, Brownlee v. Winn-Dixie Atlanta, Inc., 240 Ga.App. 368 (1999).

15.

"A person who maintains a place of business to sell goods or services owes a duty to a customer of using ordinary care to keep the premises in a safe condition and in the exercise of this duty the merchandise must be so placed as not to cause injury to a customer exercising ordinary care." Colonial Stores, Inc. v. Donovan, 115 Ga. App. 330 (1967).

16.

Defendants had exclusive control and management of the Premises.

17.

Defendants were negligent in failing to keep the premises and approaches safe for an invitee, which was the direct and proximate cause of Plaintiff's injuries.

18.

Defendants are liable for the active negligence of their employees.

19.

The Plaintiff shows that the aforesaid injuries were directly and proximately caused by the negligent acts and omission of Defendants in keeping the premises and approaches safe.

20.

Prior to this incident, Defendants knew or should have known the hazardous, unsafe and dangerous condition of the display of product on the premises.

21.

Plaintiff's injuries resulted from the reasonably foreseeable negligent actions and inactions of Defendants.

22.

Defendants failed to warn invitees of the hazardous, unsafe, and dangerous condition at the Premises.

23.

At all times, Plaintiffs exercised ordinary care and diligence at the Premises.

## COUNT II
## IMPUTED LIABILITY, NEGLIGENT ENTRUSTMENT AND
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

24.

The negligent acts of employees are imputable to Defendants under a theory of respondeat superior, as the agent, servant or employee of Defendants caused negligent injury to Plaintiff while acting within the course and scope of agency, service or employment.

25.

Pursuant to O.C.G.A. § 34-7-20, Defendants were bound to exercise ordinary care in the selection of hiring employees. That duty was breached prior to the incident giving rise to this litigation and resulted in injury to Plaintiff.

26.

Defendants are liable for failure to adequately train and supervise employees, the failure of which is a direct cause of Plaintiff's injuries.

27.

Defendants knew or should have known that employees were not suited for employment tasks performed negligently, resulting in injury to Plaintiff.

28.

The negligent acts of employees for which Defendants are vicariously liable, were a proximate cause of the injuries at issue in this suit.

## COUNT III
## DAMAGES

29.

As a direct and proximate result of Defendants' negligent and wrongful acts and omissions as set forth herein, Plaintiff Duke Pileggi suffered significant, painful, and permanent personal injuries.

30.

As a direct and proximate result of Defendants' negligent and wrongful acts and omissions, Plaintiffs incurred medical and other expenses in treatment for said personal injuries in an amount that exceeds $20,816.05 and continues to incur medical expenses for treatment and care of the injuries sustained in such amount as shall be established by the evidence presented at the trial of this matter.

31.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendants, Plaintiff will require extensive future medical treatment, including surgical intervention, in an amount to be proven at trial.

32.

As a direct and proximate result of the Defendants' negligent and wrongful acts and omissions, Plaintiff has suffered from scarring and disfigurement.

33.

As a direct and proximate result of the Defendants' negligent and wrongful acts and omissions, Plaintiff suffered mental and physical pain, suffering and distress and will continue to suffer mental and physical pain, suffering and distress in the future.

34.

Plaintiff states is entitled to all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

(a) Personal injuries;

(b) Pain and suffering;

(c) Mental anguish, fright, shock, and terror;

(d) Loss of the enjoyment of life;

(e) Incidental expenses;

(f) Future pain and suffering;

(g) Loss of consortium;

(h) Past Medical expenses;

(i) Future Medical expenses; and

(j) Consequential damages to be proven at trial.

35.

WHEREFORE, the Plaintiff having set forth the facts and circumstances in support of this cause of action, respectfully request that Plaintiff be GRANTED:

(a)     A trial by jury;

(b)     Plaintiff be awarded actual damages in amounts to be shown at trial;

(c)     Plaintiff be awarded all general, special, compensatory, economic, and other

allowable damages in an amount to be determined by the enlightened conscience

of a jury at trial;

(d)     Attorney's fees and expenses of litigation in an amount to be determined at trial;

and

(e)     Such other relief as this Court may deem fair and reasonable.


Respectfully submitted this 30th day of March, 2023.


                                                    FOY & ASSOCIATES, P.C.

                                                    */S/Adam A. Kemmerick*_____
                                                    Adam A. Kemmerick, Esq.
                                                    Georgia Bar Number 684896
                                                    *Attorney for Plaintiff*

3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 873-4490 Facsimile
Email: akemmerick@johnfoy.com

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02169-S5**

**3/30/2023 4:17 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

AARON PILEGGI, as Parent, Natural
Guardian, and Next Friend of DUKE
PILEGGI, a minor,

**Plaintiff,**

v.

ACADEMY, LTD. (L.P.) (TEXAS), D/B/A/
ACADEMY SPORTS & OUTDOORS

**Defendant.**

**Civil Action File No.:**
23-C-02169-S5

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT ACADEMY, LTD. (L.P.) (TEXAS), D/B/A/ ACADEMY SPORTS & OUTDOORS

COMES NOW, the Plaintiff, AARON PILEGGI, as Parent, Natural Guardian, and Next Friend of DUKE PILEGGI, a minor, (hereinafter referred to as "Plaintiff"), pursuant to the Georgia Civil Practice Act and serves these Interrogatories upon the Defendant, Academy, Ltd. (L.P.) (Texas), D/B/A/ Academy Sports & Outdoors, (hereinafter referred to as "Defendant Academy"), and requests that they be answered fully, in writing and under oath, within thirty days (30) of the service hereof as prescribed in said Rule.

These Interrogatories shall be deemed continuing so as to require supplemental answers if the Defendant obtains further or different information between the time responses are served and the time of trial, as required by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" shall mean every writing or record of every type and description that is or has been in the Defendant's possession, custody, or control or of which the Defendant has

knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.      "Person" shall mean any natural person, corporation, partnership,  proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.      To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)      The title or other means of identification of each such document;

(b)      The date of each such document;

(c)      The author of each such document;

(d)      The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

(e)      The present location of any and all copies of each such document in the care, custody, or control of the Defendant.

(f)      The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(g)      If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document were destroyed.

4.      To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number.  To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or

group of persons, the form of the business, organization, or group of persons and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5.      "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.      "Complaint" refers to the Complaint filed by Plaintiff in this action.

7.      If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

8.      "Premises" or "Property" is located at 3720 Buford Drive. Buford, GA 30519.

## INTERROGATORIES

### 1.

Please identify all witnesses known to Defendant Academy, who saw, or claim they saw, all or any part of the incident complained of in this action.

### 2.

Please identify all witnesses known to Defendant Academy who arrived at the scene of the incident complained of in this action immediately or shortly after its occurrence.

### 3.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, identifying the same with sufficient particularity to satisfy a Request for Production of Documents.

### 4.

Please identify any photographs, diagrams, video footage, or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

5.

Please identify each person (whether your employee or not) who, by virtue of his experience, education or training, is an expert or is believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation.

6.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

7.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff here by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant Academy or against any other person, firm or corporation who is or may be liable to Plaintiff by reason of the incident described in the Complaint.

8.

To your information or belief, has there been any surveillance or taking of photographs of any party?  If so, identify all persons who now have or have had custody and/or control of any records, tapes, films or other recordings of such surveillance.

9.

If the response to Interrogatory No. 8 is affirmative, identify each record, tape, film or other recording of such surveillance or any written document pertaining to such surveillance with sufficient particularity to satisfy a Request for Production of Documents.

10.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name and address of the correct defendant in this action.

11.

If you contend another party was wholly or partially responsible for damages sustained by the Plaintiff, please identify the name, address and telephone number of said party.

12.

Identify any person employed by Defendant Academy who:

(a)  Was working at the area where the Plaintiff complained of sustaining trauma induced injuries;

(b)  Worked at the above-referenced location any time after the incident through the date of these Interrogatories.

13.

Identify all persons who were responsible for inspecting the department location where the incident occurred.

14.

Identify any and all persons known to Defendant Academy who have complained of injuries during the past five (5) years at or near the location where the Plaintiff complained of having received trauma induced injuries as a result of colliding with merchandise whether by their own negligence or the negligence of Defendant Academy employees.

15.

In reference to the individuals identified in the previous Interrogatory, please state the following:

(a)    The exact location where the individual sustained injury;

(b)    The cause which said individual alleges was responsible for the injury;

(c )    The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, or capacities and present whereabouts of any and all persons having knowledge regarding said incident.

16.

Identify all services provided by Defendant Academy or any entity hired by Defendant Academy in connection with the maintenance of the premises on which the Plaintiff sustained injury.

17.

Please state whether any procedure or program existed for the regular inspection of the premises, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof. If so:

(a)    Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b)    State the regularity with which each such procedure or program was to be implemented or conducted, if applicable; and

(c )    Identify all documents relating to such procedure or program and their findings.

18.

Identify every document, report or memoranda relating to the subject incident or any of the injuries allegedly arising therefrom.

19.

Identify each person, corporation, firm, association or other entity (including insurance adjusters) that has conducted an investigation to determine any of the facts pertaining to any of the issues in this case; describe the nature of each such investigation; and state which investigators, if any, are in your regular employ.

20.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than yourself or your agents and servants?  If your answer is yes, please identify the party whom you contend was guilty of such negligence and describe their negligence.

21.

Please state, with respect to the premises where Plaintiff was injured, the following:

(a)    Whether any additions or changes in design or dimension were made to the premises on which the Plaintiff sustained injury from the date of the original construction to the date of these Interrogatories, and, if so, the dates and nature of any such changes;

(b)    The identity of the person or entity who made any such subsequent changes; and

(c)    The identity of the person or entity who designed any such subsequent changes.

22.

Please state whether Defendant Academy, or anyone acting on its behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint.  If so: state the date Defendant Academy acquired such knowledge and/or information, what knowledge and/or information it had, and whether any remedial and/or corrective action was taken based upon such knowledge.

23.

Identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which Defendant Academy contends is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

24.

Identify every person who supplied Defendant Academy with information, of whatever nature or description, used by your representative in answering these Interrogatories.

25.

Please state whether, in compiling Defendant Academy's answers to these Interrogatories, Defendant Academy has made a reasonable and diligent effort to identify and provide not only such facts as are within its personal knowledge, but such facts as are also reasonably available to Defendant Academy and/or any person acting on its behalf.

26.

Please identify each document which Defendant Academy has withheld from production in response to Plaintiff's First Request for Production of Documents, under any claim of privilege or qualified immunity, including in this response the basis on which each document was withheld.

27.

Identify each employee responsible for displaying merchandise for the section of the store where the incident occurred.

28.

Identify any employee who was responsible, on April 10, 2021, for the display of the specific grill that the Plaintiff ran into on April 10, 2021.

29.

Identify any employee who was involved, on April 10, 2021, in setting up, altering, cleaning, or maintaining the specific grill that Plaintiff ran into on April 10, 2021.

30.

Identify any employee who was involved, for the six (6) month period prior to April 10, 2021, in setting up, altering, cleaning, or maintaining the specific grill that Plaintiff ran into on April 10, 2021.

31.

Provide the date and time that the specific Vision Grill that the Plaintiff ran into on April 10, 2021, was first placed on display in the Academy Sports Store where the incident occurred, and identify any employee involved in assembling the grill as well as any employee involved in placing it in the location where it was when the incident occurred.


Respectfully submitted this 30th day of March, 2023.


**FOY & ASSOCIATES, P.C.**

*/S/Adam A. Kemmerick* _____
Adam A. Kemmerick, Esq.
Georgia Bar Number 684896
*Attorney for Plaintiff*

3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 873-4490 Facsimile
Email: akemmerick@johnfoy.com

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02169-S5**
**3/30/2023 4:17 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

AARON PILEGGI, as Parent, Natural
Guardian, and Next Friend of DUKE
PILEGGI, a minor,

      **Plaintiff,**

v.

ACADEMY, LTD. (L.P.) (TEXAS), D/B/A/
ACADEMY SPORTS & OUTDOORS

      **Defendant.**

**Civil Action File No.:**

23-C-02169-S5

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ACADEMY, LTD. (L.P.) (TEXAS), D/B/A/ ACADEMY SPORTS & OUTDOORS

Pursuant to O.C.G.A. § 9-11-34, the Plaintiff AARON PILEGGI, as Parent, Natural

Guardian, and  Next Friend of DUKE PILEGGI, a minor, (hereinafter referred to as "Plaintiff")

hereby requests that Academy, Ltd. (L.P.) (Texas), D/B/A/ Academy Sports & Outdoors,

(hereinafter referred to as "Defendant Academy") produce and/or permit the Plaintiff to copy the

requested documents.   Pursuant to O.C.G.A. § 24-10-26, you are further requested to produce said

documents at the trial of this case, whenever trial may be held.   When used in the Request for

Production of Documents, the identity "Defendant or any synonym thereof is intended to and shall

embrace and include, in addition to said entity, Counsel for Defendant Academy, and all agents,

servants, employees, representatives, private investigators, and others who are in possession of or

may have obtained information for or on behalf of the Defendant Academy.

This Request for the Production of Documents shall be deemed continuing, and

supplemental answers shall be required if the Defendant Academy either directly or indirectly

obtains further information of the nature sought herein between the time that this Request is responded to and the time of the trial.   These documents shall be produced at 10:00 a.m. on the forty-fifth (45) day after service, unless other arrangements are made between the parties.

## DOCUMENTS REQUESTED

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which contains, or may contain, material or information which is, or may be, relevant to any of the issues involved in this action.

2.

A true and correct copy of the floorplan of the Academy Sports and Outdoors store as it existed on April 10, 2021 as well as any and all photographs, drawings, maps or sketches of the scene of the incident which has been made the basis of this action.

3.

Any video recordings of Duke Pileggi or any of his family members while they were on the premises or its approaches on April 10, 2021.

4.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements.

6.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Each and every document comprising a report made by any person Defendant Academy expects to call as an expert witness on the trial of this case.

8.

Each and every document relating to any facts or information about the subject matter of this action furnished by Defendant Academy to any expert you expect to call as an expert witness on the trial of this case.

9.

All statements previously made by the Plaintiff concerning the subject matter of this action.

10.

All documents relating to any communication between Defendant Academy, and anyone acting on its behalf, with any of Plaintiff's doctors, hospitals or other health care providers concerning Plaintiff's condition after the happening of the accident.

11.

All documents containing any information concerning Plaintiff's condition at any time prior to the happening of the accident.

12.

All documents containing any information which has been received by you from any

doctors, hospitals or other health care providers concerning Plaintiff's condition after the happening of the accident.

13.

Any documents or tangible properties in the Defendant Academy's possession, custody or control which support any facts relevant to this litigation.

14.

All documents or electronic data relating to any stocking logs for any merchandise in the department section where the incident occurred for the thirty (30) days leading up to, and through, April 10, 2021.

15.

Employee time logs for the department where the incident alleged in Plaintiff's Complaint occurred, for the date of the incident alleged in Plaintiff's Complaint.

16.

Any and all documents, logs or electronic data reflecting any inspection or sweep logs for the department section where the incident occurred for the thirty (30) days leading up to, and through, April 10, 2021.

17.

Any and all documents or electronic data relating to Defendant's practices or procedures for the display of merchandise on store floors.

18.

Any and all documents or electronic data relating to Defendant's training materials for displaying merchandise on store floors.

19.

Any and all documents or electronic data relating to Defendant's practices or procedures for the assembly of merchandise for use as display products on store floors.

20.

Any and all documents or electronic data relating to Defendant's training materials for the assembly of merchandise for use as display products on store floors.

21.

Any and all documents or electronic data relating to Defendant's practices or procedures for the display of assembled grills, specifically, that existed at any time prior to April 1, 2021.

22.

Any and all documents or electronic data relating to Defendant's practices and procedures for keeping store aisles and walkways free from hazards to invitees traversing the store.

23.

Any and all documents or electronic data relating to Defendant's practices and procedures for keeping store aisles and walkways free from hazards to invitees traversing the store.

Respectfully submitted this 30th day of March, 2023.

FOY & ASSOCIATES, P.C.

*/S/Adam A. Kemmerick* _____
Adam A. Kemmerick, Esq.
Georgia Bar Number 684896
*Attorney for Plaintiff*

3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 873-4490 Facsimile
Email: akemmerick@johnfoy.com

Page 5

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02169-S5**
**3/30/2023 4:17 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

AARON PILEGGI, as Parent, Natural
Guardian, and Next Friend of DUKE
PILEGGI, a minor,

      **Plaintiff,**

v.

ACADEMY, LTD. (L.P.) (TEXAS), D/B/A/
ACADEMY SPORTS & OUTDOORS

      **Defendant.**

**Civil Action File No.:**

23-C-02169-S5

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW, AARON PILEGGI, as Parent, Natural Guardian, and Next Friend of

DUKE PILEGGI, a minor, Plaintiff in the above-styled action, and pursuant to O.C.G.A. § 9-11-

36, hereby requests that Defendant ACADEMY, LTD. (L.P.) (TEXAS), D/B/A/ ACADEMY

SPORTS & OUTDOORS (hereinafter "Defendant") respond to the following Request for

Admissions:

### INTRODUCTION

Each matter to which an admission is requested shall be admitted unless, within thirty (30)

days after service of these requests Defendant serves upon Plaintiff's counsel a written answer or

objection. If objection is made, the reasons therefore shall be stated. Your answer to each request

for admission shall specifically deny the matter or set forth in detail the reasons why you cannot

truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested

admission; and, when good faith requires that you qualify your answer or deny only a part of the

matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny. If you consider that a matter to which an admission has been requested presents a genuine issue for trial, you may not, on that ground alone, object to the request. If you fail to admit the genuineness of any document or the truth of any matter requested, and if the Plaintiff hereafter proves the genuineness of the document or the truth of the matter, Plaintiff may apply to the court for an order requiring that you pay Plaintiff the reasonable expenses incurred in making that proof, including reasonable attorney's fees pursuant to O.C.G.A. § 9-11- 37(c).

## DEFINITIONS

(a) "Incident," "occurrence" shall refer to the incident that occurred on April 10, 2021, as set forth in Plaintiff's Complaint.

(b) The terms "Defendant" and "you" mean each individually named Defendant.

## ADMISSIONS

Please admit the following facts:

1.

That you have been properly served with process in this action.

2.

That you have been properly served with Summons in this action.

3.

That you have been properly served with a Complaint in this action.

4.

That you raise no defense as to sufficiency of service of process in this action.

5.

That you are subject to the jurisdiction of this Court.

6.

That venue in this Court is proper as to you.

7.

That Plaintiff, as designated in the caption to this lawsuit, is the proper party to bring the

instant action.

8.

Please admit that on April 10, 2021, Plaintiff was injured as his face was struck by a grill

at Defendant's property located at 3720 Buford Drive. Buford, GA 30519.

9.

Please admit that on April 10, 2021, there was no sign placed in the area at the subject

location where the Plaintiff was injured to warn invitees of the hazardous conditions in the area.

10.

Please admit that Plaintiff on April 10, 2021, Plaintiff was injured due to dangerous condition, located inside the subject location.

11.

Please admit that the Defendant did not remedy the dangerous condition until after Plaintiff was injured on April 10, 2021, at the subject location.

12.

Please admit camera/video footage exists of the injured Plaintiff at the subject location after the subject slip and fall on April 10, 2021.

13.

Please admit you had a duty to protect patrons walking on and within the premises from dangers or injuries on April 10, 2021.

14.

Please admit that you caused the incident on which the instant action is based.

15.

Please admit you have evidence to support your contention Plaintiff contributed in part of whole to the injuries sustained on April 10, 2021.

16.

Please admit you have been subject to legal action arising from similar incidents.

17.

Please admit you have photographs and/or videos from the scene of the subject incident.

18.

That you are unaware of any fact(s) supporting or tending to support your claim that any other person or persons, excluding yourself, were negligent in connection with the subject incident.

19.

That you are aware of no witness or witnesses who can testify to fact(s) you contend support or tend to support the claim that any other person or persons were negligent in connection with the subject incident.

20.

That you are aware of no fact(s) supporting or tending to support your claim that, excluding yourself, any other person or persons failed to exercise due care in connection with the subject incident.

21.

That you are aware of no witness or witnesses who can testify to any fact(s) you contend supports or tends to support the claim that any other person or persons, excluding yourself, failed to exercise due care in connection with the subject incident.

22.

That you are unaware of any fact(s) supporting or tending to support any claim or contention that Plaintiff caused the subject incident.

23.

That you are aware of no witness or witnesses who can testify that Plaintiff caused the subject incident.

24.

That you are unaware of any fact(s) supporting or tending to support any claim or contention that Plaintiff contributed to the subject incident.

25.

That you are aware of no witness or witnesses who can testify that Plaintiff contributed to the subject incident.

26.

That you are unaware of any fact(s) supporting or tending to support any claim or contention that Plaintiff was negligent in connection with the subject incident.

27.

That you are aware of no witness or witnesses who can testify to fact(s) you contend support or tend to support the claim that Plaintiff was negligent in connection with the subject incident.

28.

That you are aware of no fact(s) supporting or tending to support any claim or contention that Plaintiff failed to exercise due care in connection with the subject incident.

29.

That you are aware of no witness or witnesses who can testify to any fact(s) you contend supports or tends to support the claim that Plaintiff failed to exercise due care in connection with the subject incident.

30.

That you caused the injuries Plaintiff sustained as a result of the incident on April 10, 2021.

31.

That as a result of the incident on April 10, 2021, the medical expenses incurred by Plaintiff were reasonable.

32.

That Plaintiff will reasonably incur medical expenses in the future as a result of the injuries sustained on April 10, 2021,

33.

That Plaintiff has sustained serious bodily injury, pain and suffering as a result of the incident on April 10, 2021.

34.

Admit that you are aware of no witnesses that observed Duke Pileggi running in the Academy Sports store at the time the injury occurred.

35.

Admit that there is no recording of Duke Pileggi running in the Academy Sports store at the time the injury occurred.

36.

Admit that you have no evidence that Duke Pileggi was running in the Academy Sports store at the time the injury occurred.

37.

Admit that you are aware of no evidence that Duke Pileggi was running in the Academy Sports store at the time the injury occurred.

38.

Admit that you are aware of no witnesses that observed Duke Pileggi running in the Academy Sports store on April 10, 2021.

39.

Admit that there is no recording of Duke Pileggi running in the Academy Sports store on April 10, 2021.

40.

Admit that you have no evidence that Duke Pileggi was running in the Academy Sports store on April 10, 2021.

41.

Admit that you are aware of no evidence that Duke Pileggi was running in the Academy Sports store on April 10, 2021.

42.

Admit that the parents of Duke Pileggi were properly supervising him in the Academy Sports store at the time the injury occurred.

43.

Admit that the parents of Duke Pileggi were properly supervising him in the Academy Sports store for the entire time they were on the premises of the store on April 10, 2021.

44.

Admit that you are aware of no witnesses that observed the parents of Duke Pileggi not supervising him while in the Academy Sports store at the time the injury occurred.

45.

Admit that you are aware of no witnesses that observed the parents of Duke Pileggi not supervising him while in the Academy Sports store on April 10, 2021.

46.

Admit that there is no recording of the parents of Duke Pileggi not supervising him while in the Academy Sports store at the time the injury occurred.

47.

Admit that there is no recording of the parents of Duke Pileggi not supervising him while in the Academy Sports store on April 10, 2021.

48.

Admit that you have no evidence that the parents of Duke Pileggi were not supervising him while in the Academy Sports store at the time the injury occurred.

49.

Admit that you have no evidence that the parents of Duke Pileggi were not supervising him while in the Academy Sports store on April 10, 2021.

50.

Admit that there was a Vision grill assembled and on display in the Outdoor Living department of the subject Academy Sports store on April 10, 2021.

51.

Admit that the Vision grill that was on display at the Academy Sports store where the incident occurred on April 10, 2021 had drop down side shelves.

52.

Admit that, on April 10, 2021, at the time of the incident which is the subject of this lawsuit, the Vision grill that was on display in the Outdoor Living department of the subject Academy Sports store had one of its drop down side shelves extended out from the grill horizontally.

53.

Admit that, on April 10, 2021, at the time of the incident which is the subject of this lawsuit, a drop down side shelf of the Vision grill that was on display in the Outdoor Living department of the subject Academy Sports store, jutted out into the walkway of an aisle in that department.

Respectfully submitted this 30th day of March, 2023.

FOY & ASSOCIATES, P.C.

*/S/Adam A. Kemmerick* _____
Adam A. Kemmerick, Esq.
Georgia Bar Number 684896
*Attorney for Plaintiff*

3343 Peachtree Road, N.E. Suite 350
Atlanta, Georgia 30326
(404) 400-4000 Telephone
(404) 873-4490 Facsimile
Email: akemmerick@johnfoy.com

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02169-S5**
**3/30/2023 4:17 PM**
**TIANA P. GARNER, CLERK**

### General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** Gwinnett State Court _____ **County**

| | |
|---|---|
| **For Clerk Use Only** | |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 23-C-02169-S5 |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Pileggi, Aaron | ACADEMY, LTD. (L.P.) (TEXAS) |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |

**Plaintiff's Attorney** Adam Kemmerick _____ **State Bar Number** 684896 ____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

☒ Automobile Tort
☐ Civil Appeal
☐ Contempt/Modification/Other Post-Judgment
☐ Contract
☐ Garnishment
☐ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
  ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**         **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02169-S5**

**4/11/2023 9:08 AM**

TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

| Case:<br>23-C-02169-S5 | Court:<br>State Court of Gwinnett County | | County:<br>Gwinnett, GA | Job:<br>8636599 |
|---|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Aaron Pileggi,as Parent, Natural Guardian, and Next Friend of Duke Pileggi, a minor | | **Defendant / Respondent:**<br>Academy, LTD. (L.P.) (Texas), D/B/A/ Academy Sports & Outdoors | | |
| **Received by:**<br>CGA Solutions | | **For:**<br>John Foy & Associates Personal Injury Law | | |
| **To be served upon:**<br>Academy, LTD. (L.P.) (Texas), D/B/A/ Academy Sports & Outdoors c/o C T Corporation System, Registered Agent | | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Linda Banks, C T Corporation System: 289 S Culver St, Lawrenceville, GA 30046

**Manner of Service:**   Registered Agent, Apr 5, 2023, 10:30 am EDT

**Documents:**   Summons, Complaint for Damages, Plaintiff's First Continuing Interrogatories to Defendant Academy LTD (L.P.) (Texas) D/B/A/ Academy Sports & Outdoors, Plaintiff's First Request for Production of Documents to Defendant Academy LTD (L.P.) (Texas) D/B/A/ Academy Sports & Outdoors, Plaintiff's First Request for Admissions to Defendant (Received Mar 30, 2023 at 4:37pm EDT)

**Additional Comments:**
1) Successful Attempt: Apr 5, 2023, 10:30 am EDT at C T Corporation System: 289 S Culver St, Lawrenceville, GA 30046 received by Linda Banks.
,Agent designated by CT Corporation to accept service

_____         4-10-23
Thomas David Gibbs III                            Date

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
**Notary Public**
4-10-23                                    12-27-24
**Date**                          **Commission Expires**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers
Case Number:

**2.3 C - 01 3 1 5 - 6**

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___2nd___ day of ___March___, 20 23.

Veronica Cope
Veronica Cope (Mar 2, 2023 14:39 EST)

Presiding Judge
Gwinnett County State Court

TIANA P. GARNER, CLERK
2023 MAR - 3 AM 8: 25
FILED IN OFFICE
GWINNETT STATE COURT
GWINNETT COUNTY, GA

Applicant:

Name     Thomas David Gibbs III

Address   1215 County Court
          Stone Mountain, GA 30087