**U.S. Department of Justice**

Civil Rights Division

*Disability Rights Section – 4 Con*
*950 Pennsylvania Ave, NW*
*Washington, DC  20530*

March 13, 2023

<u>**VIA EMAIL:adavis@hkm.com**</u>

Mahersala Howard c/o
Artur Davis, ESQ
HKM Employment Attorneys, LLP
2024 3rd Ave, N Suite 307
Birmingham, AL  35203

  Re: EEOC Charge Against: The City of College Park
     EEOC No.:     410-2023-00563

Dear Mrs. Howard:

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

  Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge, and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you or your attorney has specifically requested this Notice, <u>you are hereby notified that you have the right to institute a civil action against the above-named respondent under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq.  If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>  This should not be taken to mean that the Department has made a judgment as to whether or not your charge is meritorious.

  If you or your attorney has any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to: Atlanta District Office, U.S. Equal Employment Opportunity Commission.

Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA). We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

>Sincerely,
>Kristen Clarke
>Assistant Attorney General
>Civil Rights Division

BY: *Celeste A. Adams-Simmons*
>Celeste A. Adams-Simmons
>Senior Investigator
>Disability Rights Section

Enclosures:
    Notice of Rights under the ADAAA

cc:     The City of College Park
        EEOC- Atlanta District Office

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. .A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**
- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm