**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION**

| | |
|---|---|
| DASHA ABERNATHY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER D. DAWSON in his individual )<br>capacity, OFFICER WHITE, in his )<br>individual capacity, OFFICER JONES in )<br>his individual capacity and the )<br>CITY OF ATLANTA )<br>)<br>Defendants. ) | JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

Plaintiff Dasha Abernathy brings this lawsuit against Officer Devon Dawson, # 7782, Officer White, and Supervisor Derrick Jones #2408 and the City of Atlanta under 42 U.S.C. § 1983 and Georgia law.

**PARTIES**

1. Plaintiff Dasha Abernathy is a citizen of the State of Georgia.

2. At all times relevant to this complaint Defendant Officer Devon Dawson was employed by the City of Atlanta Police department and acted under the color of law.

3. At all times relevant to this complaint, Defendant Officer White was employed by the City of Atlanta Police Department Police Department and acted under the color of law.

4. At all times relevant to this complaint, Defendant Derrick Jones was employed by the City of Atlanta Police Department and acted under the color of law.

5. On the day of Plaintiff's arrest, Officer D. Jones was working as a Supervisor for City of Atlanta Police Department and corresponded with Officer Dawson concerning the decision to arrest Plaintiff.

6. Defendant City of Atlanta Police Department is a municipality incorporated under the laws of the State of Georgia.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's claims against Officers Dawson, and Ofc. White and Supervisor Jones Under 28 U.S.C. §§ 1331 and 1343.

8. This Court has supplemental subject matter jurisdiction over Plaintiff's claims against the City of Atlanta under 28 U.S.C. § 1367 because that claim arises from the same case and controversy.

9. Upon service of process, this Court acquires personal jurisdiction of Defendants under Fed. R. Civ. P. 4(k)(1)(a).

10. Venue is proper in the Atlanta Division of the Northern District of Georgia under 28 U.S.C. § 1391(b) because all actions complained of occurred within the boundaries of this district and Defendants reside within this district.

11. At all times relevant to this complaint, Defendant Officer White was employed by the City of Atlanta Police Department Police Department and acted under the color of law.

## FACTS GIVING RISE TO PLAINTIFF'S COMPLAINT

12. On May 5th 2021, Officer Devon Dawson and Officer White both Police Officers employed by the City of Atlanta, arrived on scene at 650 Ponce DeLeon Avenue, NE, Atlanta GA 30308, in response to a 911 call stating that a dispute had occurred in the parking lot at the above address, a subsequent investigation by both Officers after speaking with eyewitnesses and the Plaintiff victim and Ms. James, who was identified on scene by multiple eye witnesses as the primary aggressor. Both Officers were privy to the facts surrounding the

incident and facts that corroborated the version stated by the Plaintiff. Defendants then negligently disregarded their training and investigative evidence and improperly charged plaintiff as described in the later paragraphs.

13. The underlying charge against Plaintiff was intentionally created against the Plaintiff in an attempt to stifle the Plaintiffs right to be from attack, in doing so the Defendants conspired and violated their Oath of Office by fabricating a charge of Disorderly Conduct Code under the City Ordinance, also knowing that they would also place the plaintiff in handcuffs and transported them to the city jail, where they were taken into intake and processed. This was a serious violation of the Plaintiffs constitutional right, to be free from unlawful seizure and restraint. The Defendants further compounded this brazen act, by falsely drafting and presenting this written complaint for Disorderly Conduct Section 106.81.2, on a Criminal Citation # 2482964, which clearly states which was then signed by a Supervisor for prosecution. Defendant Dawson then presented this fabricated report to his supervisor alleging in a criminal complaint that the Plaintiff had committed this crime when they knew that no such crime had

occurred.

14. On May 5th 2021, Officer Devon Dawson, a police officer employed by the City of Atlanta, arrived on scene at 650 Ponce DeLeon Avenue, NE, Atlanta GA 30308, in response to a 911 call, a dispute in the parking lot, at the above address, between the Plaintiff victim and Ms. James, who was identified on scene by multiple eye witnesses as the primary aggressor, a short time later he was joined by Defendant White, a police officer also employed by the City of Atlanta Police Department.

15. On August 17th 2021, in the City of Atlanta Municipal Court after a series of court appearances, the Judge dismissed the charges against the Plaintiff Ms. Abernathy, the charges against the Defendant Ms. James stood, at which point the State proceeded with the prosecution against Ms. James. The Magistrate Judge found there was no probable cause for the arrest of the Plaintiff.

16. Plaintiff has no role whatsoever in the crime for which Officer Dawson and Officer White placed her under arrest for. Plaintiff is was clearly the victim in this matter but because Defendant refused the Officers

unlawful demand that if she persisted in wishing to press charges against the primary aggressor, she would also be arrested for Disorderly Conduct. Which was a retaliation charge solely because she wished to prosecute the person who attacked her, which was her right and Defendant justifiably defended themselves.

17. Plaintiff was an innocent bystander who was subject to an unprovoked attack.

18. Officer Dawson arrived on scene, and was subsequently joined by Officer White and both began to investigate the incident.

19. During the course of the investigation, Officer Dawson knew—at minimum—the Plaintiff was a victim and not a co-defendant, based on the information that Defendant was privy too after conducting an on- scene investigation.  The same conditions and facts from the eyewitnesses were presented to Officer White, who disregarded them because they wanted to teach the Plaintiff a lesson, that by not following their unlawful request: risked getting arrested if she pushed the issue of wanting to press charges. Plaintiff stood her ground and for that she was falsely arrested for a crime she did not commit.

20. The source of this exculpatory information can be located on the Defendants body worn camera's which has been requested to be preserved and was also in possession of the State. Officer Dawson and White did not have to rely solely upon Plaintiff's statements as to their defense, this information was easily verified by the witnesses and which the arresting Defendants received and disregarded, to the detriment of the Plaintiff.

21. Both Defendants then falsely reported to a Supervisor, facts the Supervisor knew or should have discovered that they were false had he reviewed the body cam footage, that is readily available to be reviewed as they spoke with the arresting Officers, had the Supervisor reviewed the body cam footage as he reviewed the report, he would have discovered the discrepancies in the Officers report, by failing to properly review the evidence that was at hand and immediately at his disposal, the Plaintiffs arrest and subsequent detention would have been avoided.

22. Prior to her arrest, Plaintiff repeatedly informed Defendant Dawson that she had done nothing wrong, the Officer having full command of the

facts that made her a victim, still placed Plaintiff in handcuffs.

23. Prior to her arrest, Plaintiff repeatedly informed Officer White that she had done nothing wrong, the Defendant having full command of the facts still placed Plaintiff in handcuffs.

24. As a result of the arrest, Plaintiff was transported to the City of Atlanta Detention center where she remained until posting bond.

## CAUSES OF ACTION

25. This case presents three possibilities for liability. First, that Officer Dawson fabricated the basis for the arrest of the Plaintiff. Officer Dawson arrested Plaintiff without probable cause and in absence of any reasonable investigation.

Second, that Officer Dawson falsely reported that Plaintiff's actions constituted a crime, therefore knowingly or recklessly provided false information to a fellow officer, knowing that an unlawful arrest would result.

Third, that Officer Jones (or some other City of Atlanta employee) negligently reviewed the arrest information, thereby further compounding an unlawful arrest.

26. Because Plaintiff cannot determine which of these three possibilities led

to Plaintiff's unlawful arrest, each of the following counts are pleaded against each Defendant in the alternative under Fed. R. Civ. P. 8(a)(3).

## COUNT ONE

*Violation of the Fourth Amendment under 42 U.S.C. § 1983 against Officer Dawson and Officer White.*

Prior to arresting Plaintiff, Officer Dawson knew that Plaintiff had repeatedly protested that she was not the aggressor in this matter and this was corroborated by multiple eyewitnesses, whom the Defendants chose to ignore and completely disregarded, this corroborating information was placed in the narrative police report, that discrepancy was not caught by the supervisor Jones or a supervisor reviewing the report, who has not been identified at this time.

27. Officer Dawson had objective and verifiable sources of information, i.e., the eyewitnesses on scene who all consistently verified Plaintiffs Innocence and it was ignored.

28. Officer White also had objectively and verifiable sources of information, i.e. All reasonable Police Officers would have used the information obtained from the witnesses and further verified whether Plaintiff should have been the subject of an arrest.

29. Officer Dawson had objective and verifiable sources of information, i.e., the eyewitnesses on scene who all consistently verified Plaintiffs Innocence and he failed to act on that information.

30. All reasonable police officers would have used the information gathered from the eyewitnesses and employed proper investigative techniques to determine the primary aggressor, but defendants failed to do so.

31. Officer White also had objectively and verifiable sources of information, i.e. the witnesses on scene, who repeatedly verified that Plaintiff had done nothing wrong and he failed to act on that information.

32. Officer Dawson nevertheless knowingly communicated false information to Supervising Officer Jones that the information in the report was accurate and that it was appropriate to arrest Plaintiff, when in fact it was not.

33. In affirming the arrest of Plaintiff, Supervising Officer Jones relied wholly in the false information communicated to him by Officer Dawson, but the supervisor had the ability and responsibility to verify the basis for the arrest and failed to do so.

34. Officer Dawson's and Officers White's actions and Supervisors Jones were the proximate cause of Plaintiff's arrest and damages arising therefrom.

## COUNT TWO
*Negligence*
*under Georgia Law against City of Atlanta*

35. This count is plead in the alternative to Counts I, *supra*.

36. Plaintiff provided the City of Atlanta with a timely ante litem notice under O.C.G.A. § 36-33-5 by sending the City of Atlanta a timely ante litem notice on or the period required by the statute.

37. Plaintiff's ante litem notice complied with all requirements of Georgia law.

38. Officer Dawson's and Officers White's negligence actions were the proximate cause of Plaintiff's arrest and damages arising therefrom.

39. Supervising Officer Jones negligent supervision failed to discover the egregious errors committed by the Defendant Officers.

40. The City of Atlanta is responsible for the negligent training of Defendants.

41. The City of Atlanta is responsible for negligent supervision of Defendants.

42. The City of Atlanta has purchased liability insurance which provides coverage for the claims against the City of Atlanta described in this complaint.

43. By virtue of its purchase of liability insurance, the City of Atlanta is liable for the negligent actions of Officer's Dawson, White and Supervisor Jones.

44. Officer Dawson's and Officers White's actions were the proximate cause of Plaintiff's arrest and damages arising therefrom.

45 Officer Dawson and Officer White have breached the standard of care applicable to law enforcement officers by improperly threatening the Plaintiff, by forcing her to choose between her freedom and prosecuting her attacker.

46   Officer Dawson's and Officers White's actions were the proximate cause of Plaintiff's arrest and damages arising therefrom.

47   Plaintiff insisted in pressing charges against the primary aggressor, which she did and for that they were arrested for wanting to exercise that right, Defendants retaliating and in conspiring together, covered it up their illegal actions. Witnesses gave statements that were captured on both Officers bodycams, providing further unrefutably proof corroborating statements further belie the actions of the Defendants in arresting Plaintiff.

48   The Defendants also downplayed the severity of the charges by only charging Defendant James with Disorderly Conduct, when it should have been Aggravated Assault, defendant used their car as an offensive weapon, driving the car into the Plaintiff (fracturing her knee cap) and then exiting the vehicle and began to striking plaintiff about the body and face, a charge of Battery that was never charged by the defendants, who have totally watered down the assault, that would relieve them from having to do their job as Police Officers

49 Officer Dawson's actions were the proximate cause of Plaintiff's arrest and damages arising therefrom.

50 O.C.G.A. § 13-6-11 applies to tort actions arising under Georgia law.

### COUNT THREE
*Attorney's Fees*
*under O.C.G.A. § 13-6-11 against City of Atlanta*

51 Plaintiff is entitled to recover expenses personally of litigation under O.C.G.A. § 13-6-11 because the City of Atlanta have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense.

52 Plaintiff is entitled to recover expenses personally of litigation under O.C.G.A. § 13-6-11 applies to tort actions arising under Georgia law.

53 Officer Dawson's, Officer White and Supervisor Jones actions were the proximate cause of Plaintiff's arrest and damages arising therefrom.

**WHEREFORE**, Plaintiff prays that this Court:

a) hold a trial by jury upon all of the issues so triable;

b) award compensatory, special, and damages against all Defendants in an amount to be proven at trial;

c) award punitive damages against Defendants Dawson, White and

    Jones in their individual capacities in an amount to be proven at trial;

  d) award attorneys' fees under 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11;

  e) tax the costs of this action against Defendants;

Respectfully Submitted

This 3rd day of May 2023,

                                          *s/Alan G. Parker*
                                          Alan G. Parker
                                          Georgia Bar No. 286164
                                          Attorney for Plaintiff

ALAN PARKER LAW FIRM LLC
226 N. McDonough Street
Jonesboro GA 30236
404-825-7899
404-393-4684
Parkerlaw1983@gmail.com

## LR 5.1 CERTIFICATION

This document has been prepared in compliance with Local Rule 5.1 (Times New Roman (14 point)

Respectfully submitted,

**ALAN PARKER LAW FIRM LLC**

**/s/ Alan G. Parker**
Alan G. Parker
Georgia Bar No. 286164

Attorney for Kammy G. Sowell

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing COMPLAINT to the Clerk of the Court using the CM/ECF system which will automatically send electronically mail notification of such filing to counsel of record who are CM/ECF participants:

**FREEMAN MATHIS & GARY, LLP**

Kenneth G. Menendez

Georgia Bar No. 502045

Kelli Spearman

Georgia bar No. 187882

Kmenendez@fmglaw.com

Kelli.spearman@fmglaw.com

This 3rd day of April, 2023

/s/Alan G. Parker
Alan G. Parker
Georgia Bar No. 286164
Attorney for Plaintiff

ALAN PARKER LAW FIRM LLC
226 N. McDonough Street
Jonesboro GA 30236
404-825-7899
404-393-4684
Parkerlaw1983@gmail.com