IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AIGNER NASH,<br><br>      **Plaintiff,**<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      **Defendants.** | **Civil Action File No.: _____** |

**COMPLAINT FOR DAMAGES & JURY DEMAND**

Comes now the Plaintiff, by and through her undersigned attorney and hereby files her Complaint against the Defendant by showing as follows:

**1.**

This action is brought pursuant to the Federal Tort Claims Act, 28, U.S.C. § 1346. 28 U.S.C. § 2671 and 28 U.S.C. § 2675 and jurisdiction is properly within this Court.

**2.**

Plaintiff is a resident of Atlanta, Georgia, and resides within the Northern District of Georgia. Venue is therefore proper in this Court. Service may be perfected pursuant to FRCP 4(i)(1). Plaintiff voluntarily subjects herself to the Jurisdiction and Venue of this Honorable Court by filing this action.

**3.**

On or about June 28, 2021, Plaintiff was driving a 2017 Honda Civic ("Plaintiff's vehicle") Northbound on Interstate 85 in Fulton County, Georgia.

**4.**

At the aforesaid time and place, Rotimi Kadiri was operating a 2018 Ford Fusion, Vin # 3FA6P0UU5JR271422 northbound on Interstate 85 in Fulton County, Georgia.

**5.**

At the aforesaid time and place, Rotimi Kadiri was operating the vehicle as an employee and agent of and within the course and scope of his employment with the United States Army.

**6.**

At the aforesaid time and place, Rotimi Kadiri carelessly and negligently struck the rear of Plaintiff's vehicle causing a collision ("the collision").

**7.**

Rotimi Kadiri, as an agent and employee of the United States Army, was negligent in the following ways:

(a) In following too closely, in violation of O.C.G.A. § 40-6-49;

(b) In failing to drive at a reasonable and prudent distance so as to anticipate stops and avoid the collision in violation of O.C.G.A. § 40-6-49;

(c) In failing to make reasonable and proper observations while driving, if reasonable and proper observations were made, failing to act thereon;

(d) In failing to use due care when driving in violation of O.C.G.A § 40-6-241;

(e) In driving without keeping a proper lookout ahead in violation of O.C.G.A. § 40-6-241;

(f) In failing to observe or undertake the necessary precautions to keep from colliding with my client in violation of O.C.G.A. § 40-6-241;

(g) In driving without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

(h) In driving in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

(i) In committing other negligent and reckless acts and omissions as may be shown by the evidence at trial.

**8.**

As a direct and proximate result of the acts and/or omission of Rotimi Kadiri, as stated hereinabove, Plaintiff suffered painful injuries.

**9.**

As a direct and proximate result of the acts and/or omission of Rotimi Kadiri, as stated hereinabove, Plaintiff suffered conscious physical pain and suffering.

**10.**

As a direct and proximate result of the acts and/or omission of Rotimi Kadiri, as stated hereinabove, Plaintiff suffered conscious mental pain and suffering.

**11.**

As a direct and proximate result of the acts and/or omission of Rotimi Kadiri, as stated hereinabove, Plaintiff incurred reasonable and necessary medical expenses due to the severe nature and extent of the physical and mental injuries sustained.

**12.**

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendant for past, present, and future emotional and physical pain and suffering, disability, and loss of quality of life in such an amount as shall be shown by the evidence and determined by the enlightened conscience of the jury.

**13.**

By reason of the foregoing, Plaintiff is entitled to recover special damages from Defendant for past and future medical expenses, in such an amount as shall be shown by the evidence and proven at trial.

**14.**

Plaintiff has incurred special damages as a direct and proximate result of the acts and/or omission of Rotimi Kadiri in the amount of **$12,363.95**, as of the date of this Complaint**:**

| Provider | Expenses |
|---|---|
| Northside Hospital | $ 1,435.00 |
| Northside Emergency Associates | $    653.00 |
| Barbour Orthopaedics and Sports Med | $ 9,302.95 |
| BenchMark Rehab Partners | $    973.00 |
| **Total** | **$12,363.95** |

### 15.

As a direct and proximate result of the acts and/or omission of Rotimi Kadiri, as stated hereinabove, Plaintiff incurred damage to her vehicle in an amount to be determined. Plaintiff is entitled to recover damages from Defendant for the property damages sustained.

### 16.

On June 21, 2022, Plaintiff presented to the United States Army, an agency of Defendant, the proper claim for damages and injury as prescribed by the Department of Justice under 28 C.F.R. § 14.2. The claim properly set out the information required including the nature and extend of Plaintiff's injuries and other damages due as a proximate result of the negligence of Defendant's agent. Said claim was submitted in the amount of $105,000.00.

**PRAYER FOR RELIEF**

As a direct and proximate result of the acts of negligence committed by the Defendant's agent, as set forth above, the Plaintiff is entitled to recover for her medical expenses, past and future; her lost wages, past and future; her diminished earning

capacity; her mental and physical pain and suffering, past and future; her emotional distress, past and future; her past and future permanent physical impairment; and her property damage.

WHEREFORE, Plaintiff demands trial by a jury of her peers and judgment for damages in the amount of $105,000.00 plus costs of this action and such other relief as the Court may deem necessary and proper.

THIS 4th DAY OF MAY 2023.

FLANAGAN LAW, P.C.

/s/ *Brendan C. Flanagan*

**Flanagan Law, P.C.**
5855 Sandy Springs Circle, Suite 300
Atlanta, GA 30328
(404) 480-4474
(404) 480-3971 (fax)
BF@bflanlaw.com
ML@bflanlaw.com

Brendan C. Flanagan, Esq.
Georgia Bar No. 491824
Morgan Lyndall, Esq.
Georgia Bar No. 905112
*Attorneys for Plaintiff*