**EXHIBIT 3**

ID# 2023-0062154-CV
⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23102114**
Kellie Hill - 65
MAY 03, 2023 11:04 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHERRY LEVANTSEYVCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 23102114 |
| LIVE NATION WORLDWIDE, INC, | ) | |
| DEFENDANT JOHN DOE, & ABC CORP | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANT LIVE NATION WORLDWIDE, INC.

COMES NOW Defendant **Live Nation Worldwide, Inc. (hereinafter "Live Nation"),** and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

**As an initial matter, this Defendant understands that Plaintiff's last name has the "v" before the "y" and her proper name is Sherry Levantsevych.**

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted and thus, her Complaint should be dismissed pursuant to O.C.G.A.§ 9-11-12(b)(6).

### SECOND DEFENSE

No act or omission of this Defendant either proximately caused or contributed to whatever damages Plaintiff may have sustained, and therefore Plaintiff is not entitled to recover any sum from this Defendant.

### THIRD DEFENSE

This Defendant breached no duty owed to Plaintiff, thereby barring Plaintiff's recovery from this Defendant in this action.

## FOURTH DEFENSE

At all times concerning the incident giving rise to this lawsuit, Plaintiff may not have been exercising ordinary care for her own safety. Plaintiff could and should have avoided the consequences of any alleged injuries she sustained in the incident; therefore, Plaintiff may be barred from recovery.

## FIFTH DEFENSE

Plaintiff's claims may be barred under the doctrine of contributory negligence as to Plaintiff.

## SIXTH DEFENSE

If this Defendant was negligent, which is expressly denied, Plaintiff's own negligence may have equaled or surpassed any assumed negligence on the part of this Defendant; therefore, Plaintiff cannot recover from this Defendant in any sum or manner.

## SEVENTH DEFENSE

The damages and losses sought by Plaintiff may have been a direct and proximate result of superseding and intervening acts of other persons and entities wholly unrelated to any conduct attributable to this Defendant and, therefore, this Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

The occurrence complained of may have been caused, produced, and brought about directly and proximately by the negligence of some other person or persons, or entities for whom this Defendant was not responsible; therefore, Plaintiff is not entitled to recover any sum from this Defendant.

### NINTH DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault or liability, this Defendant shows that any recovery by or on behalf of Plaintiff for damages must be diminished by the percentage of the total tortious conduct attributable to any other parties and non-parties pursuant to the terms and provisions of O.C.G.A. §51-12-33.

### TENTH DEFENSE

Plaintiff has failed to name and join indispensable parties to this action, and therefore Plaintiff cannot recover against this Defendant.

### ELEVENTH DEFENSE

This Defendant raises the affirmative defenses of improper service and service of process.

### TWELFTH DEFENSE

This Honorable Court lacks jurisdiction over this Defendant and, as a result thereof, Plaintiff's Complaint must be dismissed.

### THIRTEENTH DEFENSE

This Defendant raises the affirmative defense of accord and satisfaction.

### FOURTEENTH DEFENSE

Plaintiff's claim for attorney's fees, court costs and litigation expenses is factually and legally without merit and should be dismissed.

### FIFTEENTH DEFENSE

This Defendant raises the defense of improper venue.

### SIXTEENTH DEFENSE

Without waiving any of the above defenses and subject to the above affirmative defenses,

this Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint and answers as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

2.

This Defendant admits only that Live Nation Worldwide, Inc. is a foreign profit corporation authorized to do business in the State of Georgia and its registered agent for service is Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066. This Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint as stated.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

4.

This Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint as stated.

## RENEWAL

5.

This Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint as stated.

6.

Paragraph 6 of Plaintiff's Complaint calls for a legal analysis and/or legal conclusion to which no response is required. To the extent a response is required, there is nothing attached as Exhibit A to Plaintiff's Complaint, but Plaintiff's initial lawsuit was filed in the State Court of Gwinnett County on December 16, 2021, and subsequently transferred to the Superior Court of Cobb County. This Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint as stated.

7.

Paragraph 7 of Plaintiff's Complaint calls for a legal analysis and/or legal conclusion to which no response is required. To the extent a response is required, this Defendant admits only that Exhibit B to Plaintiff's Complaint contains a copy of a document titled "Voluntary Dismissal Without Prejudice," filed September 16, 2022, and that said Exhibit speaks for itself. This Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint as stated.

8.

Paragraph 8 of Plaintiff's Complaint calls for a legal analysis and/or legal conclusion to which no response is required. To the extent a response is required, this Defendant is without knowledge or information sufficient to form a believe as to the truth or falsity of the allegations

contained in Paragraph 8 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

9.

Paragraph 9 of Plaintiff's Complaint calls for a legal analysis and/or legal conclusion to which no response is required.  To the extent a response is required, this Defendant is without knowledge or information sufficient to form a believe as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

**<u>BACKGROUND</u>**

10.

This Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint as stated.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

12.

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

13.

This Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

15.

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

## COUNT I
## PREMISES LIABILITY AS TO LIVE NATION WORLDWIDE, INC.

16.

This Defendant re-alleges and incorporates by reference the defenses and individual responses to Paragraphs 1 through 15 of Plaintiff's Complaint as if fully set forth herein.

17.

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

18.

Paragraph 18 of Plaintiff's Complaint calls for a legal analysis and/or legal conclusion to which no response is required.  To the extent a response is required, this Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint as stated.

19.

This Defendant denies that it was negligent and denies that it is liable to Plaintiff, and denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

**COUNT 2**
**VICARIOUS LIABILITY AS TO LIVE NATION WORLDWIDE, INC.**

21.

This Defendant re-alleges and incorporates by reference the defenses and individual responses to Paragraphs 1 through 20 of Plaintiff's Complaint as if fully set forth herein.

22.

Paragraph 22 of Plaintiff's Complaint calls for a legal analysis and/or legal conclusion to which no response is required.  To the extent a response is required, this Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint as stated.

23.

Paragraph 23 of Plaintiff's Complaint calls for a legal analysis and/or legal conclusion to which no response is required.  To the extent a response is required, this Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint as stated.

**COUNT 3**
**NEGLIGENT TRAINING & SUPERVISION AS TO**
**LIVE NATION WORLDWIDE, INC.**

24.

This Defendant re-alleges and incorporates by reference the defenses and individual responses to Paragraphs 1 through 23 of Plaintiff's Complaint as if fully set forth herein.

25.

This Defendant denies that it was negligent and denies that it is liable to Plaintiff, and denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies that it was negligent and denies that it is liable to Plaintiff, and denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

**COUNT 4**
**NEGLIGENCE AS TO JOHN DOE**

27.

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

28.

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

29.

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

**COUNT 5**
**VICARIOUS LIABILITY AS TO DEFENDANT 3**

30.

This Defendant re-alleges and incorporates by reference the defenses and individual responses to Paragraphs 1 through 29 of Plaintiff's Complaint as if fully set forth herein.

31.

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

32.

This Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies that it was negligent and denies that it is liable to Plaintiff, and denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the last unnumbered "Wherefore" Paragraph containing the Prayer for Relief sub-paragraphs (a) through and including (c).  This Defendant admits sub-paragraph (d) only insofar as this Defendant also seeks a trial by jury.

Each and every allegation contained in Plaintiff's Complaint not specifically addressed above is hereby expressly denied.

WHEREFORE, this Defendant having fully answered Plaintiff's Complaint prays that it hence be discharged of Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of this Defendant and against the Plaintiff, with all costs cast upon the Plaintiff. This Defendant prays that:

(a)     Plaintiff's Complaint be dismissed;

(b)     That Defendant has a jury of 12 for a trial of this case; and

(c)     Any further relief this Court deems as proper.

Respectfully submitted this 3rd day of May, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Jennifer L. Nichols*
MAREN R. CAVE
Georgia State Bar No. 278448
JENNIFER L. NICHOLS
Georgia Bar No. 001294
*Counsel for Defendant Live Nation*
*Worldwide, Inc.*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309
404-874-8800 (ph)
404-888-6199 (fax)
maren.cave@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date filed the foregoing **Answer and Affirmative Defenses of Defendant Live Nation Worldwide, Inc.** with the Clerk of Court via Odyssey, which will automatically send notification of such filing to attorneys of record as follows:

Sean R. Campbell
Champion Law Group, LLC
4514 Chamblee-Dunwoody Road
Suite 335
Atlanta, GA 30338
efile@clggeorgia.com
*Attorney for Plaintiff*

This 3rd day of May, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Jennifer L. Nichols*
MAREN R. CAVE
Georgia State Bar No. 278448
JENNIFER L. NICHOLS
Georgia Bar No. 001294
*Counsel for Defendant Live Nation Worldwide, Inc.*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309
404-874-8800 (ph)
404-888-6199 (fax)
maren.cave@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

4866-2787-7978, v. 1