# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BASF CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>-against-<br><br>MORELAND HOLDING COMPANY, INC. d/b/a and/or a/k/a SUGAR HILL AUTO COLLISION and KEVIN MORELAND,<br><br>　　　　　　Defendants. | COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>CIVIL ACTION NO.\_\_\_\_\_ |

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendants Moreland Holding Company, Inc. d/b/a and/or a/k/a Sugar Hill Auto Collision ("Sugar Hill") and Kevin Moreland ("Moreland," and collectively with Sugar Hill, "Defendants," alleges as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. At times relevant to the Complaint, Sugar Hill was a corporation organized and existing under the laws of Georgia with its principal place of

business at 1090 N. Old Cumming Road, Sugar Hill, Georgia 30518. Sugar Hill's registered agent on file with the Secretary of State of the State of Georgia is Cut Rate Crusader LLC, with a service address of 5255 Nelson Brogdon Blvd., Sugar Hill, Georgia 30518. Upon information and belief, Sugar Hill was dissolved on October 1, 2021.

3. Moreland is an individual and a citizen of the State of Georgia. Upon information and belief, Moreland currently resides at 7180 Bennett Road, Cumming, Georgia 30041.

4. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers as well as other related products and materials for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

5. At times relevant to the Complaint, Sugar Hill was a body shop engaged in the business of refinishing and repainting automobiles, trucks, and other vehicles.

6. At times relevant to the Complaint, Moreland was the president and chief executive officer of Sugar Hill.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey, and Defendants are citizens of the State of Georgia. Defendants are subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Georgia.

8. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendants are subject to the personal jurisdiction in this District.

9. Michigan substantive law governs BASF's claims per Paragraph 8 of the parties' Requirements Agreement.

## GENERAL ALLEGATIONS

*The Terms of the Requirements Agreement*

10. On or about July 1, 2017, BASF and Defendants entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

11. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Sugar Hill was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $1,350,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, net of all BASF and distributor discounts, rebates, returns, and credits ("Minimum Purchases").

12. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Sugar Hill $130,000.00 ("New Consideration") in consideration of Sugar Hill fulfilling its obligations under the Requirements Agreement. Additionally, Sugar Hill agree to assume liability under the Requirements Agreement for $115,808.00 ("Prior Consideration") in consideration that remained unearned under the parties' prior agreements, for total consideration of $245,808.00 ("Contract Fulfillment Consideration" or "Up Front Investment").

13. Also pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason or sold prior to Sugar Hill fulfilling its Minimum Purchases requirement by purchasing a minimum of $1,350,000.00 of BASF Glasurit and RM Refinish Products, Sugar Hill was required to refund the Contract Fulfillment Consideration to BASF in accordance with the following schedule:

|    | Purchases | Contract Fulfillment Consideration Refund |
|----|-----------|-------------------------------------------|
| a. | (Up Front Investment) – [(Ref Purchases/MPR) x (Up Front Investment)] | Variable% |
| b. | After 5/5th of Minimum Purchases | 0% |

14. As part of the Requirements Agreement, Moreland signed an Owner's Personal Guaranty ("Personal Guaranty") by which he guaranteed Sugar Hill's performance under the terms of the Requirements Agreement, including, but not limited to, the repayment of the unearned Contract Fulfillment Consideration to BASF.

**_Defendant's Breach of the Requirements Agreement_**

15. In or about November 2020, Sugar Hill, without any justification, breached and terminated the Requirements Agreement by, among other things, selling its business operations and refusing to purchase any further BASF Refinish Products prior to fulfilling its Minimum Purchases requirement.

16. Since selling its business operations, Sugar Hill has failed and refused to purchase any further Refinish Products in breach of Paragraphs 1 and 2 of the Requirements Agreement.

17. Sugar Hill's breach and termination of the Requirements Agreement occurred prior to Sugar Hill purchasing a minimum of $1,350,000.00 of BASF Refinish Products. When Sugar Hill breached and terminated the Requirements

5

Agreement, Sugar Hill had purchased only $314,981.00 of BASF Refinish Products. Accordingly, Sugar Hill is required to refund $188,456.26 of the Contract Fulfillment Consideration to BASF {$245,808.00 – [($314,981.00/$1,350,000.00) x $245,808.00]}.

18. In violation of Paragraph 3 of the Requirements Agreement, Sugar Hill has failed and refused to refund BASF the sum of $188,456.26 for the Contract Fulfillment Consideration.

19. A purchase balance of approximately $1,035,019.00 remains due and owing under the terms of the Requirements Agreement.

20. Moreover, in breach of the Personal Guaranty in Paragraph 14 of the Requirements Agreement, Moreland has failed and refused to refund the $188,456.26 Contract Fulfillment Consideration or pay BASF the $1,035,019.00 balance of the Minimum Purchases requirement.

21. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

22. By letter dated February 12, 2021, a true and accurate copy of which is attached hereto as Exhibit B, BASF gave Defendants notice that they were in default of their contractual obligations and demanded refund of the Contract Fulfillment

Consideration. In addition, BASF notified Defendants that it would seek additional damages that it is entitled to if the matter progressed to litigation.

23. Despite the foregoing, Defendants have failed to satisfy his obligations under the terms of the Requirements Agreement.

## COUNT I
### Breach of Contract Against Sugar Hill

24. BASF incorporates by reference the allegations contained in the above paragraphs.

25. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Sugar Hill was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $1,350,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, net of all BASF and distributor discounts, rebates, returns, and credits.

26. Despite its obligations under the Requirements Agreement and in breach thereof, Sugar Hill breached and terminated the Requirements Agreement by, among other things, selling its business operations and refusing to purchase any further BASF Refinish Products prior to fulfilling its Minimum Purchases requirement.

27. Because of the unjustified breach of the Requirements Agreement by Sugar Hill without legal excuse and, pursuant to Paragraph 3 of the Requirements

Agreement, Sugar Hill is obligated to repay $188,456.26 in unearned Contract Fulfillment Consideration to BASF.

28.    As of the date of the filing of this Complaint, as a direct and proximate result of Sugar Hill's breach, Sugar Hill has damaged BASF under the Requirements Agreement as follows:

   a. $188,456.26 for refund of the unearned Contract Fulfillment Consideration; and

   b. the remaining $1,035,019.00 balance of the Minimum Purchases requirement of $1,350,000.00.

29.    BASF has performed and fulfilled all obligations and conditions above and beyond what was required of it under the terms of the Requirements Agreement.

30.    Nevertheless, Sugar Hill's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF in an amount to be determined at trial but not less than $1,223,475.26.

**WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial but not less than $1,223,475.26 together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT II
### Breach of Contract Against Moreland

31. BASF incorporates by reference the allegations contained in the above paragraphs.

32. Pursuant to the terms of the Personal Guaranty in the Requirements Agreement, Moreland personally guaranteed Sugar Hill's obligations to BASF under the Requirements Agreement, including, but not limited to, the return of the unearned Contract Fulfillment Consideration.

33. Despite his obligations under the Personal Guaranty of the Requirements Agreement and in breach thereof, Moreland has failed to pay BASF the amounts due from Sugar Hill under the Requirements Agreement.

34. Upon information and belief, as of the date of the filing of this Complaint, Moreland has damaged BASF in the following amounts under the Requirements Agreement:

    a. $188,456.26 for the unearned Contract Fulfillment Consideration; and

    b. the remaining $1,035,019.00 balance of the Minimum Purchases requirement of $1,350,000.00.

35. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless,

Moreland's breaches of his obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

36. As a direct and proximate result of Moreland's breaches of his obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not less than $1,223,475.26.

**WHEREFORE**, BASF demands judgment against Moreland, awarding an amount to be determined at trial but not less than $1,223,475.26, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT III
### Unjust Enrichment Against Defendants

37. BASF incorporates by reference the allegations contained in the above paragraphs.

38. Through BASF's business relationship with Defendants, Defendants accepted and received the benefit of the Contract Fulfillment Consideration provided by BASF in anticipation of the parties' continued business relationship.

39. Defendants prematurely terminated the parties' business relationship but have failed to return the unearned Contract Fulfillment Consideration to BASF.

40. BASF expected remuneration in the amount of $188,456.26 for the unearned Contract Fulfillment Consideration. Defendants' failure to return the

unearned Contract Fulfillment Consideration to BASF has unjustly enriched Defendants.

41. Permitting Defendants to retain the benefit of the $188,456.26 unearned Contract Fulfillment Consideration when Defendants prematurely terminated their business relationship with BASF would be unequitable and unjust to BASF.

42. By reason of the foregoing, Defendants have been unjustly enriched by $188,456.26 in unearned Contract Fulfillment Consideration, for which BASF is entitled to be compensated in full by Defendants together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendants, awarding an amount to be determined at trial, but not less than $188,456.26 together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT IV
### Declaratory Relief Against Defendants

43. BASF incorporates by reference the allegations contained in the above paragraphs.

44. BASF requests a judicial declaration of BASF's and Defendants' respective rights under the Requirements Agreement.

45. An actual dispute and justiciable controversy presently exists between BASF and Defendants concerning their rights and obligations under the

Requirements Agreement. Defendants contends that they have not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendants are in breach of the Requirements Agreement.

46. A judicial declaration is necessary to establish BASF's and Defendants' rights and duties under the Requirements Agreement.

**WHEREFORE**, BASF demands declaratory judgment ruling that the Requirements Agreement is still in full force and effect, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), BASF demands a trial by jury on all counts and as to all issues.

## **PRAYER FOR RELIEF**

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendants as follows:

    a. Awarding BASF monetary damages in an amount to be determined at trial, but not less than $1,223,475.26, together with prejudgment interest;

b. Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

c. Awarding BASF all costs and fees of this action as permitted by law; and

d. Awarding BASF such other and further relief as this Court deems just and proper.

Dated: May 4, 2023

*/s/ Pamela L. Ferrell*
Pamela L. Ferrell
Georgia Bar No. 569713
**BUTLER SNOW LLP**
1170 Peachtree Street NE
Suite 1900
Atlanta, Georgia 30309
(678) 515-5011 Telephone
(678) 515-5001 Facsimile
pamela.ferrell@butlersnow.com

*Attorney for BASF Corporation*