# EXHIBIT A

# REQUIREMENTS AGREEMENT

Agreement made as of _____**07/01/2017**_____ ("Effective Date"), with each twelve (12) months thereafter being a Contract Year by and between BASF Corporation, 26701 Telegraph Road, Southfield, MI 48033 ("BASF"), and Moreland Holding Company, Inc. d.b.a. Sugar Hill Collision, ~~1173~~ 1090 *old Cumming Rd* ~~Hillcrest Drive~~, Sugar Hill, GA 30518 Sugar Hill Mall of Georgia, 4343 Buford Highway, Sugar Hill, GA 30518, and 1090 North Cumming Road, Sugar Hill, GA 30518 (BODY SHOP").

WHEREAS, BODY SHOP engages in the business of refinishing and repainting the bodies of automobiles, trucks, and other vehicles, ("Business") either directly or through persons or legal entities over which BODY SHOP has control ("Controlled Businesses"), which requires the use of after-market paints, refinishes, coatings, primers, thinners, and reducers ("Refinish Products"); and

WHEREAS, BASF is a manufacturer of Refinish Products;

NOW THEREFORE, it is agreed by and among the parties as follows:

1. <u>Term</u>:  The Term of this Agreement shall commence with the first full calendar month subsequent to the Effective Date and continue until Body Shop and or until its Controlled Businesses have reached the Minimum Purchase Requirement of $1,350,000 in the aggregate of BASF Glasurit and RM products, net of all BASF and distributor discounts, rebates, returns and credits. ("Minimum Purchase Requirements"), subsequent to the Effective Date.  However, BASF shall have the right to terminate this Agreement at any time if BODY SHOP or any Controlled Business makes an assignment for the benefit of creditors, declares or is declared bankrupt, or either a controlling interest in the BODY SHOP or substantially all of the assets of the BODY SHOP are sold to a third party who is already under an obligation to use BASF Products pursuant to a contract with BASF Corporation or any of its subsidiaries.

2. <u>Purchase of Requirements of Products</u>:  During the Term of this Agreement, BODY SHOP shall, and shall cause each of its Controlled Businesses to purchase from an authorized BASF distributor one hundred percent (100%) of their Refinish Products requirements for the Business specifying only BASF Glasurit and RM brand products.

3. <u>Contract Fulfillment Consideration</u>:  Within forty-five (45) days of the Effective Date of this Agreement, BASF shall pay to BODY SHOP the amount of $130,000 ("New Consideration") in consideration of BODY SHOP fulfilling all of its obligations under this Agreement for the entire Term. In

addition to the New Consideration, BODY SHOP hereby acknowledges that Sugar Hill Collision, received Contract Consideration of $210,000 under the April 2015 & August 2016 Agreements, $115,808 of which remains unearned ("Previous Consideration") and that BODY SHOP agrees to assume such liability under this Agreement. Should this Agreement terminate for any reason prior to the expiration of the Term set forth above or should BODY SHOP be sold during the Term, in addition to whatever rights and obligations the parties may have to each other, BODY SHOP shall promptly, but in no event more than sixty (60) days, refund the Contract Fulfillment Consideration in accordance with the following schedule, as well as any remaining unearned amount of the Previous Consideration.

|   | Purchases | Contract Fulfillment Consideration Refund |
|---|---|---|
| a. | (Up Front Investment) – {(Ref Purchases/MPR) x (Up Front Investment)} | Variable% |
| b. | After 5/5th of Minimum Purchases | 0% |

4. <u>Monthly Rebate</u>: Beginning the first full calendar month after the execution of this Agreement by both parties and continuing for every calendar month thereafter during the Term of this Agreement, BASF shall cause the supplier of BASF Refinish Products to BODY SHOP to issue a credit to BODY SHOP equal to Five percent (5.0%) of BODY SHOP's purchases of BASF Glasurit and RM Refinish Products, net of all discounts, from the prior month. Should this Agreement terminate for any reason prior to the expiration of the Term set forth above or should BODY SHOP and/or any of its Controlled Businesses be sold during the Term, in addition to whatever rights and obligations the parties may have to each other, BODY SHOP shall forfeit the right to this rebate.

5. <u>Loaned Equipment</u>: BASF shall loan the following equipment to each of BODY SHOP's facilities or Controlled Businesses where the Business is conducted ("Loaned Equipment"):

-- BASF Pearl Header Tray (3)
-- (ANEK1002) Quick-Mix Plus 3/4 HP Motor w/Timer & Junction Box (3)
-- Quick-Mix 220 Plus Gallon Shelf (12 places) (6)
-- Quick-Mix 220 Plus Quart Shelf (18 places) (8)
-- QM220S Pl MX MCH KIT (ANDD1003) (3)
-- Quick-Mix Base Unit (12 places) and Header (3)
-- Sartorius Topmix 2 Touch with PMA 7501 Scae (3)
-- colormax cabinet (3)

BASF shall also place on consignment, 3 Sets of Diamont Toners ("Consigned Inventory').

Scanned by CamScanner

BASF shall prepare and forward to its filing agency, the required Form UCC-1 evidencing BASF's ownership of the Loaned Equipment, and BASF shall have the right to label the Loaned Equipment as the property of BASF, which signage shall remain clearly visible.

The Loaned Equipment shall remain the property of BASF, shall only be used in conjunction with BASF Refinish Products, and at the option of BASF, shall be surrendered to BASF at the end of this Agreement in the same condition as delivered, reasonable wear and tear excepted. All Loaned Equipment shall be installed by or at the direction of BODY SHOP, which shall be responsible for compliance with all applicable laws and regulations concerning the installation and operation of the Loaned Equipment. BODY SHOP hereby acknowledges receipt of the document entitled "Important Safety Notice." Computer equipment such as: (a) CPUs, (b) terminals, (c) keyboards, (d) printers, etc., are NOT explosion-proof and should NOT be installed or used within a mixing area where paint and paint products are dispensed or used. BODY SHOP agrees to: (a) install or have the Loaned Equipment installed in a safe area of its facility, and (b) BODY SHOP will indemnify and defend BASF in the event of any harm resulting from the installation, use, or maintenance of the Loaned Equipment. BODY SHOP shall be solely responsible for the costs of repair of the Loaned Equipment, including the costs of any replacement parts, in the event that BODY SHOP damages the Loaned Equipment as determined by BASF. Otherwise BASF shall provide maintenance, upgrades, and support as reasonably needed for all Loaned Equipment.

6. Severability: In the event that any provision of this Agreement shall be held invalid or unenforceable for any reason by a court of competent jurisdiction, such provision or part thereof shall be considered separate from the remaining provisions of this Agreement, which shall remain in full force and effect. Such invalid or unenforceable provision shall be deemed revised to effect, to the fullest extent permitted by law, the intent of the parties as set forth therein.

7. Confidential Information: This Agreement, and all of its terms, as well as any other information designated confidential and disclosed by either party to the other will be kept in confidence and restricted to those persons in the recipient's business who need to know same, except as to any such information which the recipient shows has become public information or which may be required to be disclosed by law.

8. <u>Governing Law</u>: This Agreement and performance or non-performance hereunder shall be governed by and construed under the laws of the State of Michigan without regard to principles of conflicts of law. Each party hereto submits to the jurisdiction of the courts located in Michigan in connection with any dispute arising under this Agreement.

9. <u>Assignment</u>: This Agreement may not be assigned or otherwise transferred except upon the prior written consent of both parties. However, subject to BASF's consent, BODY SHOP shall cause the party or parties which, individually or in the aggregate, acquire all or substantially all of the assets of any location of a Controlled Business where the Business is conducted, to assume the rights and obligations under this Agreement.

10. <u>Notices</u>: All notices from either party to the other relating to this Agreement are to be sent by First Class United States mail, postage prepaid (effective three (3) days after postmark), overnight mail or delivered personally to the respective addresses set forth above.

11. <u>Warranty</u>: The parties hereto represent and warrant to each other that the execution of this Contract is not in breach of any other legal obligation that said party may have to any third party and that each party hereto agrees to defend and indemnify the other for breach of this representation and warranty.

12. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement between BASF and the BODY SHOP, terminating and superseding any prior agreements relating to the subject matter hereof and may be amended only by a writing signed by both parties, notwithstanding any course of dealing or the exchange of correspondence or documents not mutually executed.

13. <u>Expiration</u>: The offer reflected in this agreement is valid from sixty days of BASF's signature date; if the agreement is not executed by BODY SHOP on or before that date the offer will be deemed automatically withdrawn.

14. <u>Owners' Personal Guaranty:</u> In order to induce BASF to enter into this Agreement and extend the Contract Fulfillment Consideration Kevin Moreland, hereby unconditionally guarantees the performance of BODY SHOP under the terms of the Agreement and hereby personally guarantees any repayment of the Contract Fulfillment Consideration to BASF as may be required under this Agreement

IN WITNESS WHEREOF, the parties have entered into this Agreement effective as of the day and year first above written.

**BASF Corporation signature date**

BY: *Adam Lazewski*
TITLE: **N. A. Zone Manager**
DATE: Adam Lazewski

**Moreland Holding Company, Inc. d.b.a. Sugar Hill Collision**

BY: *[signature]*
TITLE: President & CEO
DATE: 8/9/17

**Kevin Moreland**

BY: *[signature]*
TITLE: President & CEO
DATE: 8/9/17