# Exhibit A

ID# E-ANLUE3JZ-XUZ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-852**

MAR 03, 2023 05:28 PM

_Robin C. Bishop_
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   23-A-852

$198.00 COST PAID

Boyce, Mikyla

**PLAINTIFF**

VS.

Macy's Retail Holdings, LLC

**DEFENDANT**

**SUMMONS**

TO: MACY'S RETAIL HOLDINGS, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Michael Johnson**
> **MORGAN AND MORGAN PLLC**
> **P.O. Box 57007**
> **Atlanta, Georgia 30343**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 6th day of March, 2023.**

Clerk of State Court



_Robin C. Bishop_
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-ANLUE3JZ-ZRH
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-852**

MAR 03, 2023 05:28 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **MIKYLA BOYCE,**  Plaintiff,  vs.  **MACY'S RETAIL HOLDINGS, LLC; JOHN DOE#1-3, ABC CORPS. #1-3**  Defendants. | CASE ACTION  FILE NO.:  JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff **MIKYLA BOYCE,** files this Complaint for Damages and brings the following causes of action against Defendants **MACY'S RETAIL HOLDINGS, LLC**, **JOHN DOE, ABC CORPS. #1-3**, showing this Honorable Court as follows:

### Parties, Jurisdiction, & Venue

1. Plaintiff is a Georgia resident.

2. Defendant MACY'S RETAIL HOLDINGS, LLC; is a Foreign Limited Liability Company with a registered agent Corporate Creations Network Inc. for the service of process, who is located at 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia, 30066 USA. Service of process can be perfected upon Defendant at that address.

3. Defendants ABC Corps. 1-3 are unidentified business entities which are potential, third- party, joint tortfeasors. Defendants ABC Corps. 1-3 are business entities which owned, managed, or operated some aspect of the apartment complex identified as Hudson Woodstock Apartments and may have contributed to the negligence that injured Plaintiff. If and when Defendants ABC Corps. 1- 3 are identified, Plaintiff will timely amend her pleading and cause a Summons and

1



Complaint to be properly served.

4. Defendant John Does 1-3 are residents of Georgia and are currently unidentified individuals who are potential, third-party, joint tortfeasors. Defendants John Does 1-3 either owned, managed, or operated some aspect of the apartment complex identified as Hudson Woodstock Apartments and may have contributed to the negligence that injured Plaintiff. If and when Defendants John Does 1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

5. This Court has jurisdiction over this matter and all parties to it.

6. Venue is proper as to all Defendants.

### Background Facts

7. Defendants own, operate, manage, and control the Premise located at 400 Ernest W. Barrett Parkway NW, Kennesaw, Georgia 30144 and which is designated by Defendants as Macy's (the "department store" or the "Premises").

8. On or around December 4, 2021 (the "date of incident"), Plaintiff was an invitee on the Premise.

9. On the date of the incident Plaintiff went to use the restroom where she slipped and fell from water leaking from a toilet on the Premises (the "incident").

10. At all material times, Plaintiff exercised reasonable care for her own safety.

11. Defendants negligently caused Plaintiff's injuries.

12. As the direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; lost capacity for the enjoyment of life; lost ability to work; permanent injury; and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature, and Plaintiff will continue to incur general and special

damages in the future.

13. As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

## Count I – Active Negligence

14. Plaintiff repeats and realleges paragraphs 1 through 13 above, verbatim. At all material times, Defendants controlled the mode, manner, and means by which they operated the Premise. Under Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

15. Defendants' chosen mode and manner of operation of the Premise required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

16. Defendants owed a duty to all customers and/or patrons to use ordinary care to guard against foreseeable risks of harm caused by their mode, manner, and means of operating the Premise.

17. Defendants owed its customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating the Premise.

18. Defendants had a duty to develop, implement, maintain, comply with, and enforce reasonable inspection, maintenance, and safety programs and measures to protect all customers and/or patrons from the foreseeable risks of harm arising from their mode, manner, and means of operating the Premise.

19. Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care

3

to protect her from foreseeable risks of harm.

20. While operating the Premise, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

   (i) Defendants failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by a slip and fall;

   (ii) Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by a slip and fall;

   (iii) Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

   (iv) Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

   (v) Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

   (vi) Defendants failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

21. Defendants' failure to exercise reasonable care in their operations of the Premise allowed a water leak to remain on the Premise, which created an unreasonable risk of harm and caused Plaintiff to be severely injured.

22. Defendants' negligent operations of the Premise directly and proximately caused Plaintiff's injuries.

23. Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents, and representatives committed during the course and scope of their employment and in furtherance of Defendants' business. Defendants' employees, contractors,

4

agents, and representatives include, but are not limited to.

### Count II – Premise Liability

24. Plaintiff repeats and realleges paragraphs 1 through 23 above, verbatim.

25. At all material times, Defendants owned, occupied, and were otherwise in possession and control of the Premises and its approaches.

26. At all material times, Defendants owed a duty to exercise ordinary care to maintain the Premises in a reasonably safe condition.

27. Further, Defendants owed a duty to inspect the Premises to discover possible dangerous conditions and take reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises. Robinson v. Kroger Co., 268 Ga. 735, 740 (1997).

28. Defendants' duty of care included:

    a. Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed hazards or risks;

    b. Detecting, removing, or otherwise remedying hazardous conditions on the Premises; and

    c. Adequately warning invitees about specific hazards on the Premises to enable invitees to avoid harm.

29. At all material times, Plaintiff was Defendants' invitee/tenant.

30. On the date of incident, Plaintiff slipped and fell due to a puddle of water leaking, from toilet in restroom on the Premises.

31. The puddle of water on the floor of Premise was present for such an amount of time that Defendants knew, or should have known, that it was in disrepair and constituted a hazardous

condition. The significant amount of time that the water was on the floor of the restroom afforded Defendants the opportunity to remedy or remove the hazard and/or warn invitees of the dangerous condition it created.

32. Defendants noticed or should have had notice of the puddle of water. Additionally, Defendants controlled the Premises. Thus, Defendants and their employees, contractors, agents, and representatives had a duty to remedy or remove the hazardous condition or warn invitees, including Plaintiff, of the hazardous condition.

33. Defendants breached their duty to Plaintiff when they negligently failed to remedy or remove the puddle of water or warn Plaintiff of the same.

34. As a direct and proximate result of Defendants' negligent failure to remove, remedy, or otherwise address the known hazard, Plaintiff was injured.

35. As a direct and proximate result of Defendants' negligent failure to keep the Premises safe, Plaintiff was injured.

36. As a direct and proximate result of Defendants' negligent failure to warn invitees/patrons of the water on the floor, Plaintiff was injured.

### Count III – Nuisance

37. Plaintiff repeats and realleges paragraphs 1 through 36 above, verbatim.

38. At all material times, Defendants owned, occupied, and were otherwise in possession and control of the Premises.

39. The leak from the toilet caused, the puddle of water, on the floor of the Premises, which created a nuisance at the time of incident.

40. As a direct and proximate cause of the water on the floor, Plaintiff suffered severe injuries to her head neck and body.

41. As a direct and proximate cause of Defendants' allowance of the nuisance to exist within their

controlled Premises, which lead to Plaintiff suffering severe bodily injuries.

42. As a direct and proximate cause of Defendants' failure to repair, remove, remedy, or otherwise remediate the nuisance, Plaintiff suffered severe injuries to her head neck and body.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a. That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b. That Defendants be served with a copy of Plaintiff's Complaint for Damages;

c. That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d. That Plaintiff recover all damages allowable and recoverable under applicable law in an amount to be determined by a jury;

e. That Plaintiff recover general and special damages; and

f. That this Honorable Court order such other and further relief as the Court deems just and proper.

This 3rd day of March, 2023.

MORGAN & MORGAN ATLANTA PLLC

*/s/Michael Johnson*
Michael Johnson, Esq.
Georgia Bar Number 679391
*Attorney for Plaintiff*

P.O Box 57007,
Atlanta, Ga. 30303-1007
T:(404) 757-8572
F:(404) 757-8727
E: MAJohnson@forthepeople.com

7

ID# E-ANLUE3JZ-JYX
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-852**

MAR 03, 2023 05:28 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of  Cobb  County

**For Clerk Use Only**

**Date Filed** 03-03-2023
MM-DD-YYYY

**Case Number** 23-A-852

**Plaintiff(s)**
Boyce, Mikyla
Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

**Defendant(s)**
Macy's Retail Holdings, LLC
Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

**Plaintiff's Attorney** Johnson, Michael       **Bar Number** 679391       **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
Case Number                     Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.20



ID# E-PPQFQCKR-TB4
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-852**

APR 06, 2023 10:54 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MIKYLA BOYCE,

    Plaintiff,

vs.

MACY'S RETAIL HOLDINGS, LLC;
JOHN DOE #1-3, ABC CORPS. #1-3,

    Defendants.

CIVIL ACTION
FILE NO.: 23-A-852

### AFFIDAVIT OF JEFF DOLBIER

On Tuesday April 4, 2023 at 1:38 pm I served true and correct copies of the SUMMONS and PLAINTIFF'S COMPLAINT FOR DAMAGES upon Defendant Macy's Retail Holdings, LLC's Registered Agent, Corporate Creations Network, Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066. Ms. Pam Jordan, a Corporate Creations Network, Inc. representative, accepted service.

This  5  day of April, 2023

_____
Jeff Dolbier
President, Flash Delivery Inc.

Sworn and Subscribed before
me this  5  day of  APRIL  20 23
_____
My Commission Expires: 11-23-2024

RYAN MOREAU
NOTARY
EXPIRES
GEORGIA
11-23-2024
PUBLIC
HENRY COUNTY