**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

RUBEN CRUZ,

    Plaintiff,

-vs-                                                                   CASE NO.:

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION
LLC, and NATIONAL CREDIT SYSTEMS,
INC.,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RUBEN CRUZ (hereinafter "Plaintiff"), sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC ("Trans Union"), and NATIONAL CREDIT SYSTEMS, INC. (NCS") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

**PRELIMINARY STATEMENT**

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

1

accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as NCS' principal address is in this District; the violations described in this Complaint occurred in this District; and the Defendants transact business within this District.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia, through its registered agent, CT Corporation System located at 289 South Culver Street, Lawrenceville, Georgia 30046.

7. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Experian is regularly engaged in the business of assembling, evaluating,

and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Experian disburses such consumer reports to third parties under contract for monetary compensation.

9. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia, through its registered agent, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

10. Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

12. NCS is a corporation headquartered at 1775 The Exchange Southeast, Suite 300, Atlanta, Georgia 30339.

13. NCS is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

14. NCS furnished Plaintiff's information to the CRAs, which was inaccurate.

## FACTUAL ALLEGATIONS

15. In February of 2023, Plaintiff was alerted about a collection account being placed on his Experian and Trans Union credit files. Upon review of his Experian and Trans Union credit file, Plaintiff learned of the NCS partial account number 499315 on his account, with the original creditor being Lenox Apartments. The aforementioned account had an outstanding balance of over $3,000.

16. Plaintiff never lived at or co-signed for a lease at Lenox Apartments, nor did he owe any debt to Lenox Appartments or NCS.

17. Shortly after becoming aware of this fraudulent NCS partial account number 499315, Plaintiff began to communicate with Experian to dispute the account over the phone and also online. Additionally, Plaintiff added a Consumer Statement within his Experian credit report:

ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. I CAN BE REACHED AT 713-894-0059. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 02-22-23.

FILE FROZEN DUE TO FEDERAL LEGISLATION.

FILE LOCKED AT CONSUMERS REQUEST

18. Around the same time, Plaintiff also began to communicate with Trans Union to dispute the NCS partial account number 499315 over the phone and online.

19. Upon information and belief, Experian and Trans Union notified NCS of Plaintiff's dispute. NCS failed to conduct a reasonable investigation and merely compared its erroneous data to the data provided by Experian and Trans Union, which originally came from NCS.

20. Plaintiff never received any dispute results from Experian and Trans Union despite disputing NCS partial account number 499315.

21. For due diligence, Plaintiff also began to communicate with the furnisher, NCS, to directly dispute the fraudulent NCS account.

22. On February 27, 2023, concerned he was a victim of identity theft, Plaintiff filed a police report with the Houston Police Department regarding the NCS account.

23. On March 26, 2023, concerned he was a victim of identity theft, Plaintiff filed an Identity Theft Report with the Federal Trade Commission.

24. On March 27, 2023, Plaintiff obtained a copy of his Experian credit report, and the NCS account ontinued to be reported with the damaging amount of $3,361 past due. In further looking at his report it states, "This item was updated from our processing of your dispute in Mar 2023."

25. This was incredibly damaging to Plaintiff's credit score.

26. On April 4, 2023, Plaintiff obtained a copy of his Trans Union credit report, and the NCS account continued to be reported with the damaging $3,360 past due. In further looking at his report it states, "Account information disputed by consumer." Such erroneous reporting by Trans Union only continued to damage Plaintiff's credit scores.

27. In response to the inaccurate reporting, on Aril 12, 2023, Plaintiff mailed a written dispute letter to Experian and Trans Union. In the dispute letter, Plaintiff explained that the NCS partial account number 499315 was a result of fraud. To confirm his identity, a copy of his driver's license was included in the letter. Also,

in this letter Plaintiff provided images of the filed police report, the Federal Trade Commission Identity Theft Report and other relevant supporting documentation.

28. Plaintiff mailed his detailed dispute letter via USPS Priority Mail to Experian (9405509109375502106263) and to Trans Union (9405509109375001113601).

29. On April 20, 2023, Experian responded to Plaintiff's dispute by deleting the NCS partial account number 499315.

30. On April 21, 2023, Trans Union responded to Plaintiff's dispute by deleting the NCS partial account number 499315.

31. How, or why, Experian, Trans Union, and NCS took so long to correct their mistakes is unknown to Plaintiff.

32. As a result of the actions and/or inactions of the Defendants, Plaintiff has suffered damage to his credit score.

33. Plaintiff was also denied a lease with the company ACIMA.

34. Due to the actions and/or inactions of the Defendants, Plaintiff has suffered from unnecessary and unwanted stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation.

## **CAUSES OF ACTION**

## COUNT I
## Violations of 15 U.S.C. § 1681e(b)
## As to Experian

35. Plaintiff re-alleges and incorporates paragraphs 1 through 34 above as if fully set forth herein.

36. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

37. As a result of this conduct, action and inaction of Experian, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this Complaint.

38. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

39. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### Violations of 15 U.S.C. § 1681i
### Act as to Experian

40. Plaintiff re-alleges and incorporates paragraphs 1 through 34 above as if fully set forth herein.

41. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

42. Plaintiff provided Experian with the information it needed to confirm that the NCS account did not belong to Plaintiff, and it was a result of fraud. Experian ignored this information and failed to respond to Plaintiff's disputes.

43. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

44. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

45. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

### COUNT III
**Violations of 15 U.S.C. § 1681e(b)
As to Trans Union**

46. Plaintiff re-alleges and incorporates paragraphs 1 through 34 above as if fully set forth herein.

47. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

48. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this Complaint.

49. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

50. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Trans Union, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i**
**Act as to Trans Union**

51. Plaintiff re-alleges and incorporates paragraphs 1 through 34 above as if fully set forth herein.

52. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

53. Plaintiff provided Trans Union with the information it needed to confirm that the NCS account did not belong to Plaintiff and it was a result of fraud. Experian ignored this information and failed to respond to Plaintiff's disputes.

54. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

55. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

56. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Trans Union, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681s-2(b)
### As to NCS

57. Plaintiff re-alleges and reincorporate paragraphs 1 through 34 above.

58. NCS published the inaccurate NCS account to Experian, Equifax, and Trans Union to all of Plaintiff's potential lenders on multiple occasions.

59. NCS violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the NCS account; by failing to review all relevant information regarding same; by failing to accurately respond to Experian and Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the NCS representations to the consumer reporting agencies. Plaintiff provided all the

information necessary for NCS to have identified that the account did not belong to Plaintiff.

60. NCS violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian and Trans Union.

61. NCS violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian and Trans Union that NCS knew was inaccurate.

62. NCS did not have any reasonable basis to believe that the Plaintiff was responsible for the past due amount on the account as reported to the CRAs. NCS knowingly chose to follow procedures which did not review, confirm, or verify whether the NCS Account truly belonged to Plaintiff.

63. As a result of this conduct, action, and inaction, by NCS, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information and the mental and emotional pain, anguish, humiliation and fear of being denied credit.

64. NCS's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, NCS, jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendants; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

Dated this 4th day of May 2023.

                    Respectfully Submitted,

                    **/s/Octavio Gomez**
                    Octavio "Tav" Gomez
                    Florida Bar #:0338620
                    Georgia Bar #: 617963
                    Pennsylvania #: 325066
                    The Consumer Lawyers PLLC
                    412 E. Madison St, Ste 916
                    Tampa, FL 33602
                    Cell: (813)299-8537
                    Facsimile: (844)951-3933
                    Tav@theconsumerlawyers.com
                    Jason@theconsumerlawyers.com
                    *Attorney for Plaintiff*