IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HOSEA STEVENS,<br><br>    Plaintiff,<br><br>   v.<br><br>ERICK SANTIAGO-PEREZ, BERANE,INC., AND COMPASS SPECIALTY INSURANCE COMPANY,<br><br>    Defendants. | Civil Action File No. |

**NOTICE OF REMOVAL**

COMES NOW Compass Specialty Insurance Company, appearing specially without waiving any rights or defenses after being named as defendant (hereinafter "defendant"), and files this notice of removal, respectfully providing the Court with the following facts as ground for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed a lawsuit naming Erick Santiago-Perez, Berane, Inc., and Compass Specialty Insurance Company as defendants in *Hosea Stevens v. Erick Santiago-Perez, Berane, Inc., and Compass Specialty Insurance Company*, Civil Action File No. 23-C-02110-S7, before the State Court of Gwinnett County,

State of Georgia. Gwinnett County is within the Atlanta Division of this Court.

2.

Plaintiff is a resident and citizen of Georgia, living in McDonough, GA according to the address and a Georgia driver's license information contained in the police report for the motor vehicle accident from which Plaintiff's claims are alleged to have arisen. (Police Report, attached hereto as Exhibit A).

3.

Defendant Erick Santiago-Perez is a citizen and resident of Florida, with his last known address as 37768 Oak Run Cir, Zephyrhills, FL 33541 according to the address and Florida driver's license information contained in the police report for the motor vehicle accident from which Plaintiff's claims are alleged to have arisen. (Exhibit A). Alternatively, Plaintiff's Complaint lists Defendant Santiago-Perez's address as or 2344 Mispah Ave. Apt. 2, Leesburg, Florida 34748, also a Florida address. (Complaint ¶ 3).

4.

Defendant Erick Santiago-Perez is not yet a party to this action due to deficiencies in Plaintiff's purported service pursuant to Georgia's Non-Resident Motor Vehicle Act, O.C.G.A. § 40-12-1, *et seq*. Specifically, Plaintiff failed to comply with

O.C.G.A. § 40-12-2, providing for service of process on a nonresident by serving a copy of the complaint with summons attached on the Secretary of State. Per O.C.G.A. § 40-12-2, however, said service is only sufficient provided that a notice of the service on the Secretary of State and

> a copy of the complaint and process are sent by registered or certified mail or statutory overnight delivery to the defendant . . . and the defendant's return receipt and the plaintiff's affidavit of compliance with this Code section are appended to the summons or other process and filed with the summons, complaint, and other papers in the case in the court wherein the action is pending.

On March 31, 2023, Plaintiff filed *Plaintiff's Notice of Filing of Affidavit of Compliance and Acknowledgment of Receipt from the Secretary of State*, with the included affidavit by Plaintiff's counsel averring that the notice of service and an original of the Summons and Complaint and discovery were sent "U.S. Certified Mail and statutory overnight delivery" to defendant Santiago-Perez. (Plaintiff's Notice of Filing of Affidavit of Compliance is attached hereto as Exhibit B, p. 3, ¶5).

On the same day, Plaintiff filed *Plaintiff's Notice of Filing of Proof of Delivery Showing Service of Process on Defendant*, attaching a delivery confirmation reflecting tracking number 771699760362 and providing the status of the package as delivered to 2344 Mispah Ave 2, Leesburg, FL 34748 on March 30,

2023, noting specifically that "no signature is available for this FedEx Express shipment because a signature was not required." (Plaintiff's Notice of Filing of Proof of Delivery is attached hereto as Exhibit C, p.2). FedEx tracking for the tracking number reflected in *Plaintiff's Notice of Filing of Proof of Delivery* reflects that the parcel was left on what appears to be a porch:



The parcel purporting to constitute compliance with O.C.G.A. § 40-12-2 is not registered or certified mail as it was sent through FedEx. Thus, it must be intended to be statutory overnight delivery. Compliance with statutory overnight delivery requirements are provided in O.C.G.A. § 9-10-12(b):

> (b) Whenever any law, statute, Code section, ordinance, rule, or regulation of this state or any officer, department, agency, municipality, or governmental subdivision thereof provides that a notice may be given by "statutory overnight delivery," it shall be sufficient compliance if:
> (1) Such notice is delivered through the United States Postal Service or through a commercial firm which is regularly engaged in the business of document delivery or document and package delivery;
> (2) The terms of the sender's engagement of the services of the United States Postal Service or commercial firm call for the document to be delivered not later than the next business day following the day on which it is received for delivery by the United States Postal Service or the commercial firm; and
> (3) The sender receives from the United States Postal Service or the commercial firm ***a receipt acknowledging receipt of the document which receipt is signed by the addressee or an agent of the addressee.***

(emphasis supplied). Because the FedEx parcel did not require signature and there is no receipt acknowledging receipt of the document signed by the addressee (Defendant Santiago-Perez) or his agent, Plaintiff has failed to comply with O.C.G.A. § 9-10-12 and in turn O.C.G.A. § 40-12-2. Therefore, Plaintiff has failed to perfect service on Defendant Erick Santiago-Perez, which renders him not "properly joined and served" according to 28 U.S.C. § 1446(b)(2)(A). Because Defendant Erick Santiago-Perez is not a properly joined and served party, he need not consent to removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

5.

Defendant Berane, Inc. is an Illinois corporation with a principal place of business located at 640 61st Place, Countryside, Illinois 60525 and registered agent Srejovic Accounting Services located at 2340 S River Rd Ste 208, Des Plaines, IL 60018. (Complaint ¶ 1; Exhibit D, Illinois Secretary of State Filings for Berane, Inc.). For purposes of diversity, defendant Berane, Inc. is a citizen of Illinois. 28 U.S.C. § 1332(c)(1) (corporation is citizen of state of incorporation and state where it has its principal place of business for diversity purposes).

6.

Defendant Berane, Inc. consented to removal of this action through its counsel.

7.

Defendant Compass Specialty Insurance Company (sic)(misnamed by the Plaintiff as proper name is Compass Specialty Insurance Risk Retention Group, Inc.) is a Tennessee corporation with a principal place of business located at 424 Church St, Ste 800, Nashville, TN 37219. (Exhibit E, Tennessee Secretary of State Filing for Compass Specialty Insurance Risk Retention Group, Inc.). For purposes of diversity, defendant Compass Specialty Insurance Company (sic) is a citizen of

Tennessee. 28 U.S.C. § 1332(c)(1) (corporation is citizen of state of incorporation and state where it has its principal place of business for diversity purposes).

8.

Accordingly, there is complete diversity among the plaintiff (Georgia) and the defendants (Florida, Illinois, and Tennessee).

9.

Plaintiff's Complaint seeks both general and special damages including: special and general damages to be determined by a jury, including medical expenses. Plaintiff also seeks punitive damages. (Complaint at Count Eight). Plaintiff additionally seeks attorney fees and litigation expenses per O.C.G.A. 13-6-11 (Complaint at Count Nine).

10.

Defendant submits that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Here, plaintiff claims personal injury after an alleged motor vehicle accident and claims past medical expenses incurred exceed $30,805.95 (Complaint ¶ 24) and plaintiff also seeks both punitive damages and attorney fees. (Complaint at Count Eight and Nine). Based on plaintiff's allegations, it is reasonable to believe that plaintiff is seeking to recover damages in excess

of $75,000.00.

11.

In determining the amount in controversy, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)). Further, Eleventh Circuit precedent allows courts to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754)).

A defendant need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

Federal courts in the northern district acknowledged that the amount in controversy exceeded $75,000 even though plaintiff's medical bills were less than $75,000 in the

following cases: *Latina Fuller v. Hillstone Restaurant Group*, Inc. et al.(Case No. 1:20-CV-1908-AT) (amount in controversy exceeded $75,000 based on medical expenses of $46,479.41); *Laurel Cressman v. Steak and Shake, Inc*. (Case No. 1:18-cv-01806-MHC) (amount in controversy exceeded jurisdictional threshold based on medical expenses of $53,537.45 and plaintiff's alleged "severe physical injuries"), and *Marlene Deyanira Aviles De Polio et al. v. Burlington Coat Factory Warehouse Corporation*, (Case No. 1:18-cv-5680-TCB) (finding amount in controversy exceeded jurisdictional threshold based on pre-suit demand of $150,000 and $29,744.23 in claimed medical specials).  Accordingly, the evidence shows the amount in controversy exceeds $75,000.

12.

The Defendant timely filed this notice of removal within 30 days of receipt of the Plaintiff's complaint. 28 U.S.C. § 1446(b)(3) & (c)(3). Removal is further timely because this Notice of Removal is filed less than one year after Plaintiff commenced the action.

The aforementioned civil action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by the defendant pursuant to 28 U.S.C. §§ 1441 and 1446.  As noted

above, this civil action is one in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs, and there is complete diversity of citizenship among the parties.

13.

Defendant has attached hereto copies of process, pleadings, and orders served upon Compass Specialty Insurance Company in this case as Exhibit F pursuant to 28 U.S.C. 1446(a).

14.

Defendant has given written notice of filing of this petition to the Plaintiff as set forth in the certificate of service attached to this motion.

15.

Defendant has attached hereto copies of all process, pleadings, and orders served upon defendants in this action as Exhibit G pursuant to 28 U.S.C. 1446(a).

16.

Defendant has filed a written notice with the clerk of the State Court of Gwinnett County, a copy of which is attached as Exhibit H.

WHEREFORE, defendant prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 5th day of May, 2023

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ Robert N. Glaze

_____

BRIAN W. JOHNSON
Georgia Bar No. 394745
ROBERT N. GLAZE
Georgia Bar No. 183898
Attorneys for Compass Specialty Insurance
303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
johnsonb@deflaw.com
glazer@deflaw.com

Removal Consented to by:

Copeland Stair Valz & Lovell LLP on Behalf of Defendant Berane, Inc.

/s/ Stephen J. Cohen (by Robert N. Glaze with express permission)

_____
Stephen J. Cohen
Georgia Bar No. 556599
191 Peachtree St NE
Suite 3600
Atlanta, GA 30303
(404) 522-8220 – phone
sjcohen@csvl.law

**LOCAL RULE 5.1C and 7.1D CERTIFICATION**

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Courier New 12 Point, the font and point selections approved by this Court in Local Rule 5.1C.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by electronic filing with the Court's CM/ECF system which will automatically send email notification of such filing to the following:

>Andrew C. Ausband, Esq.
>Douglas C. Dumont, Esq.
>Kathryn W. Carpenter, Esq.
>Ausband & Dumont
>825 Fairways Court
>Suite 300
>Stockbridge, GA 30281
>Attorneys for Plaintiff

>Stephen J. Cohen
>Copeland Stair Valz & Lovell LLP
>191 Peachtree St NE
>Suite 3600
>Atlanta, GA 30303
>Attorney for Defendant Berane, Inc.

I hereby certify that I have mailed by U.S. Mail with sufficient postage affixed to ensure delivery to the following non-CM/ECF participants:

>Erick Santiago-Perez
>37768 Oak Run Cir
>Zephyrhills, FL 33541
>*Pro Se*

This 5th day of May, 2023

        Respectfully submitted,
        DREW, ECKL & FARNHAM, LLP

        /s/ Robert N. Glaze
        _____
        BRIAN W. JOHNSON
        Georgia Bar No. 394745
        ROBERT N. GLAZE
        Georgia Bar No. 183898

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
johnsonb@deflaw.com
glazer@deflaw.com

13485556v1
07670-258178