# EXHIBIT F

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-02110-S7
5/5/2023 12:09 PM
TIANA P. GARNER, CLERK

# SHERIFF'S OFFICE OF DUPAGE COUNTY, ILLINOIS

**TYPE:** SUM

**DOCKET #:** 32023-89-100416    **CASE #:**    23C02110S7 - 001    DEPUTY #: 999    ORIGIN #:    999

**FILED:**    03/29/2023    **RECEIVED:**    03/30/2023    **RETURN BY:**    05/28/2023    **# OF WORKSHEETS:**    1

**DEFENDANT:**   COMPASS SPECIALTY INSURANCE COMPANY R/A MCDONALD, ARLEESIA L.

**HOME ADDRESS:**

**WORK ADDRESS:**

115 55TH ST
4TH FLOOR
CLARENDON HILLS, IL 60514

**PLAINTIFF:**   STEVENS, HOSEA    **OPERATOR ID:**    292

**SERVICE INFO:**   GEORGIA SUMMONS
60 DAY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I CERTIFY THAT I SERVED THIS SUMMONS AND COMPLAINT ON THE DEFENDANT AS FOLLOWS:

___   1.   PERSONAL SERVICE: BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE NAMED DEFENDANT PERSONALLY.

___   2.   SUBSTITUTE SERVICE: BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH SOME PERSON OF THE FAMILY OR PERSON RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF THE CONTENTS THEREOF.    ALSO, A COPY OF THE DOCUMENT WAS MAILED TO THE DEFENDANT AT THE ABOVE ADDRESS.    DATE:    INITIALS:

X   3.   BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE REGISTERED AGENT, AUTHORIZED PERSON, OR PARTNER OF THE DEFENDANT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

, SHERIFF, BY:    SULLIVAN  #660  DEPUTY

**1. SEX:**  F    **RACE:**  WHITE    **AGE:**  38    **HEIGHT:**  5 FT. 4 IN.    **WEIGHT:**  130 lbs

**2. WRIT SERVED ON:**   CRISTINE BORZIAC    **RELATION:**   AGENT

**SERVED ON:**    04/10/2023   04:09 PM

**ADDITIONAL COMMENTS:**

THE NAMED DEFENDANT WAS NOT SERVED.  REASON NOT SERVED:

___ 01 MOVED    ___ 02 NO CONTACT    ___ 03 AVOIDING: SEE COMMENTS

___ 04 NOT LISTED    ___ 05 WRONG ADDRESS    ___ 06 NO SUCH ADDRESS

___ 07 EMPLOYER REFUSAL    ___ 08 RETURNED BY ATTY    ___ 09 DECEASED

___ 10 NO LONGER EMPLOYED    ___ 11 OTHER: SEE COMMENTS

| ATTEMPTED SERVICES: | DATE | TIME | DEPUTY # |
|---|---|---|---|

**AMOUNT RECEIVED:**    $65.00    CK

**DEPUTY SIGNATURE:**    _Jeffry Sull 660_

_Jessica Stevens_

NOTARIZATION REQUIRED

"OFFICIAL SEAL"
JESSICA SUSANNE FOUST
Notary Public, State of Illinois
My Commission Expires Oct. 04, 2025

**Original Digital Copy**

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02110-S7**
**3/29/2023 12:22 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

# HOSEA STEVENS
_____
_____
_____

CIVIL ACTION
NUMBER:_____

PLAINTIFF

23-C-02110-S7

VS.

## ERICK SANTIAGO-PEREZ,
_____

## BERANE, INC., and COMPASS
_____

## SPECIALTY INSURANCE COMPANY
_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Douglas C. Dumont
Ausband & Dumont
825 Fairways Court, Suite 300
Stockbridge, GA 30281

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____29th day of March, 2023_____, 20_____.

Tiana P. Garner
Clerk of State Court

By_____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02110-S7**
**3/29/2023 12:22 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

# HOSEA STEVENS

|   |   |
|---|---|
|   | CIVIL ACTION |
|   | NUMBER:_____ |
| PLAINTIFF | 23-C-02110-S7 |

VS.

## ERICK SANTIAGO-PEREZ,

### BERANE, INC., and COMPASS

SPECIALTY INSURANCE COMPANY

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Douglas C. Dumont
Ausband & Dumont
825 Fairways Court, Suite 300
Stockbridge, GA 30281

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of ___29th day of March, 2023_____, 20_____.

Tiana P. Garner
Clerk of State Court

By _____

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02110-S7**
**3/29/2023 12:22 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| HOSEA STEVENS, | : | |
| | : | CIVIL ACTION FILE NO. |
| Plaintiff, | : | |
| | : | 23-C-02110-S7 |
| v. | : | |
| | : | _____ |
| ERICK SANTIAGO-PEREZ, BERANE, INC., | : | |
| and COMPASS SPECIALTY INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT FOR PERSONAL INJURIES

COMES NOW, Hosea Stevens, Plaintiff, and hereby files this Complaint for Personal

Injuries against Erick Santiago-Perez, Berane, Inc., and Compass Specialty Insurance Company,

Defendants, showing the Court as follows.

### JURISDICTION AND VENUE

1.

Defendant Berane, Inc., (hereinafter referred to as Defendant "BERANE") is a foreign

corporation with a principal place of business of 640 61st Place, Countryside, Illinois 60525.

2.

Defendant BERANE can be served with process by and through its Registered Agent,

Srejovic Accounting Services, 2340 S River Road, Suite 208, Des Plaines, Illinois 60018.

3.

Defendant Erick Santiago-Perez (hereinafter referred to as Defendant "SANTIAGO-

PEREZ") is a resident of the State of Florida. Defendant SANTIAGO-PEREZ can be served

with process at his last known address of 2344 Mispah Ave. Apt. 2, Leesburg, Florida 34748, or as otherwise allowed by law.

4.

Defendant Compass Specialty Insurance Company (hereinafter referred to as Defendant "INSURANCE COMPANY") is a foreign corporation with its principal place of business located at 115 55th Street, 4th FL, Clarendon Hills, Illinois 60514. Defendant INSURANCE COMPANY may be served with process through its Agent, Arleesia L. McDonald, at 115 55th Street, 4th FL, Clarendon Hills, Illinois 60514, as authorized by O.C.G.A. § 14-2-1510 (b).

5.

The act of negligence giving rise to this action occurred in Gwinnett County, Georgia.

6.

Jurisdiction and venue are proper in this Court.

FACTS

7.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

8.

On March 30, 2022, Defendant SANTIAGO-PEREZ, while acting incident to and within the course and scope of his agency or employment with Defendant BERANE, was traveling northbound on I-85 in Gwinnett County, Georgia, in a truck owned by Defendant BERANE.

9.

Defendant SANTIAGO-PEREZ was negligent in the operation of the tractor-trailer truck he was driving while acting within the course and scope of his agency or employment with

2

Defendant BERANE.

10.

Plaintiff was also traveling northbound on I-85, when Defendant SANTIAGO-PEREZ rear-ended Plaintiff.

11.

Defendant SANTIAGO-PEREZ, while acting incident to and within the course and scope of his agency or employment with Defendant BERANE, struck Plaintiff's vehicle, violated the following provisions of Georgia law, and committed negligence and negligence *per se*:

(a)     following too closely, in violation of O.C.G.A § 40-6-49;

(b)     failing to use due care while driving, in violation of O.C.G.A. § 40-6-241;

(c)     operating his vehicle with reckless disregard for the safety of other persons on the roadway in violation of O.C.G.A. § 40-6-390;

(d)     failing to control his vehicle as to avoid a collision, in violation of the requirements of ordinary care and diligence; and

(e)     such other specifications of negligence as shall be added by amendment or proven at trial.

12.

As a direct and proximate result of the negligence of the Defendants, Plaintiff was injured, suffered, and will continue to suffer injuries, both physical and mental, and damages including medical expenses, future medical expenses, and other related expenses. Plaintiff's medical expenses to date exceed $30,805.95.

13.

The provisions of 49 CFR §301-399, commonly referred to as the "Federal Motor Carrier

3

Safety Regulations" or "FMCSR" are applicable to this case, and Defendant BERANE and Defendant SANTIAGO-PEREZ were required to obey these regulations at the time of this collision and at all relevant times prior to the collision.

14.

At all times relevant to this cause of action, Defendant BERANE and Defendant SANTIAGO-PEREZ were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §301-399), either directly or as adopted by the State of Georgia.

15.

Defendant BERANE and Defendant SANTIAGO-PEREZ violated certain provisions of the FMCSR, including, but not limited to 49 C.F.R. § 390.11.

16.

Defendant BERANE and Defendant SANTIAGO-PEREZ will be shown at trial to have violated the Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*.

17.

There was no act of Plaintiff that contributed to the collision.

18.

There was no failure to act of Plaintiff that contributed to the collision.

COUNT ONE

NEGLIGENCE OF DEFENDANT SANTIAGO-PEREZ

19.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

4

20.

Defendant SANTIAGO-PEREZ breached the duty of care owed to Plaintiff. Defendant SANTIAGO-PEREZ's failure to operate his tractor-trailer truck in a safe and reasonable manner in violation of the laws of the State of Georgia constitutes negligence, and Defendant SANTIAGO-PEREZ's negligence was the direct and proximate cause of the subject collision and Plaintiff's resulting injuries.

21.

Plaintiff experienced shock, fright, and terror as a result of knowing he was about to become involved in an unavoidable violent collision.

22.

Plaintiff suffered physical injuries as a result of this collision, and he has suffered, continues to suffer, and will suffer physical and mental pain and anguish as a result of the collision.

23.

All of Plaintiff's injuries, shock, fright, and mental and physical pain and suffering were solely and proximately caused by the tortious acts and omissions of Defendant SANTIAGO-PEREZ, who was acting as an employee or agent of Defendant BERANE.

24.

Plaintiff is entitled to recover all of the special and general damages he suffered due to Defendant SANTIAGO-PEREZ'S negligence. Plaintiff's medical expenses to date exceed $30,805.95.

5

COUNT TWO

NEGLIGENCE *PER SE*-DEFENDANT SANTIAGO-PEREZ

25.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

26.

The *per se* tortious acts and omissions committed by Defendant SANTIAGO-PEREZ, while acting in his capacity as an employee or agent of Defendant BERANE, which caused the subject collision and resulting injuries, include, but are not limited to, the following:

(a)     following too closely, in violation of O.C.G.A. § 40-6-49;

(b)     failing to use due care while driving, in violation of O.C.G.A. § 40-6-241;

(c)     operating his vehicle with reckless disregard for the safety of other persons on the roadway in violation of O.C.G.A. § 40-6-390; and,

(d)     such other specifications of negligence *per se* as shall be added by amendment or proven at trial.

27.

Defendant SANTIAGO-PEREZ's violation of the above-referenced statutes constitutes negligence *per se*, and is the direct and proximate cause of the subject collision and Plaintiff's resulting personal injuries.

28.

All of Plaintiff's injuries, shock, fright, and mental and physical pain and suffering were solely and proximately caused by the tortious acts and omissions of Defendant SANTIAGO-PEREZ, who was acting an employee or agent of Defendant BERANE.

6

29.

Plaintiff is entitled to recover all of the special and general damages he suffered due to Defendant SANTIAGO-PEREZ'S negligence. Plaintiff's medical expenses to date exceed $30,805.95.

COUNT THREE

RESPONDEAT SUPERIOR

30.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

31.

At the time of the wreck, Defendant SANTIAGO-PEREZ was employed by or acting as an agent for Defendant BERANE and was driving a vehicle owned by Defendant BERANE.

32.

At the time of the wreck, Defendant SANTIAGO-PEREZ was acting within the course and scope of his employment or agency with Defendant BERANE and was furthering the business interests of Defendant BERANE.

33.

Defendant BERANE is liable for the negligence of Defendant SANTIAGO-PEREZ and the resulting damages sought by Plaintiff based on the doctrine of respondeat superior.

7

*COUNT FOUR*

NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

34.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

35.

Defendant BERANE failed to exercise ordinary care in the selection of Defendant SANTIAGO-PEREZ to carry out its business purpose, failed to train and supervise him in a proper manner, and continued to retain him as a driver despite the fact that Defendant BERANE knew or should have known in the course of ordinary care that Defendant SANTIAGO-PEREZ was not suited or competent to drive a truck for Defendant BERANE.

36.

Defendant BERANE's negligent hiring, training, supervision, and retention of Defendant SANTIAGO-PEREZ, was a proximate cause of Plaintiff's injuries and damages.

37.

Accordingly, Plaintiff is entitled to recover all the specific and general damages he suffered due to Defendant BERANE's negligent hiring, training, supervision, and retention of Defendant SANTIAGO-PEREZ.

COUNT FIVE

NEGLIGENT ENTRUSTMENT

38.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

8

39.

Defendant BERANE negligently entrusted Defendant SANTIAGO-PEREZ with the operation of the tractor trailer at issue to carry out its business interests with knowledge that Defendant SANTIAGO-PEREZ would be likely to use the tractor trailer in a manner involving unreasonable risk of physical harm to others whom Defendant BERANE should have expected to be endangered by its use.

40.

Defendant BERANE's negligent entrustment of the subject tractor trailer was a proximate cause of Plaintiff's injuries and damages.

41.

Defendant BERANE is liable for the negligence of Defendant SANTIAGO-PEREZ and the resulting damages sought by Plaintiff based on Defendant BERANE's negligent entrustment of its vehicle to Defendant SANTIAGO-PEREZ.

## COUNT SIX

## DEFENDANTS' VIOLATION OF FEDERAL REGULATIONS

42.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

43.

Defendant BERANE had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and it negligently failed to do so.

9

44.

Defendant BERANE, through its agents and employees, knew, or should have known by exercising reasonable care, about the risks set forth in this complaint and that, by simply exercising reasonable care, these risks would be reduced or eliminated. These risks include, but are not limited to:

a.   The risks associated with unsafe drivers;

b.   The risks associated with medically disqualified drivers;

c.   The risks associated with fatigued drivers;

d.   The risks associated with violations of the hours of service regulations;

e.   The risks associated with the violation of proper maintenance standards;

f.   The risks associated with failing to train drivers to obey the FMCSR;

g.   The risks associated with failing to have adequate risk management policies and procedures in place;

h.   The risks associated with failing to have policies and procedures in place to identify undertrained and unqualified drivers;

i.   The risks associated with failing to identify from prior wrecks, similar to the one in question, a root cause and implement policies, procedures, protocols, and practices to effectively reduce or eliminate the risk prior to the wreck in the question;

j.   The risks associated with failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above;

10

k.  The risks associated with failing to appropriately implement and enforce risk management policies and procedures to reduce and eliminate the risks described above;

l.  The risks associated with failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant SANTIAGO-PEREZ once he was hired;

m. The risks associated with failing to implement and follow a written safety plan;

n.  The risks associated with failing to protect the members of the public, such as the Plaintiff, from the risks described above; and

o.  The risks associated with failing to use the composite knowledge reasonably available to Defendants to analyze the data available to it to identify the risks, take steps to reduce or eliminate those risks, and to protect members of the public from those risks.

45.

At all times relevant hereto, Defendant BERANE was acting by and through its employees/agents, and it is responsible for the acts of those employees and agents as set forth in the FMCSR, or similar theory of law. Defendant BERANE and Defendant SANTIAGO-PEREZ violated numerous provisions of the FMCSR, including, but not limited to, 49 C.F.R. § 390.11, which constitutes negligence *per se*.

11

46.

Defendant BERANE's negligence, either solely or combined and concurring with the negligent acts of Defendant SANTIAGO-PEREZ, was the proximate cause of the injuries sustained by Plaintiff.

COUNT SEVEN

DIRECT ACTION – DEFENDANT INSURANCE COMPANY

47.

Defendant INSURANCE COMPANY is joined as a party Defendant pursuant to O.C.G.A. § 40-2-140, because Defendant INSURANCE COMPANY is an insurance carrier for Defendant BERANE, a motor carrier as defined in said code section. Accordingly, Defendant INSURANCE COMPANY is contractually liable under its coverage by virtue of the liability of Defendant BERANE and Defendant SANTIAGO-PEREZ, its insured.

COUNT EIGHT

PUNITIVE DAMAGES

48.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

49.

Plaintiff is entitled to recover punitive damages from Defendants because Defendants' actions, as enumerated herein, show gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others.

12

<u>COUNT NINE</u>

<u>ATTORNEY'S FEES AND EXPENSES OF LITIGATION</u>

<u>PURSUANT TO O.C.G.A. § 13-6-11</u>

50.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

51.

Defendants have acted in bad faith, have been stubbornly litigious, and/or have caused Plaintiff unnecessary trouble and expense. Plaintiff is, therefore, entitled to recover reasonable attorney's fees and expenses of litigation from Defendants in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for the following:

a)   That Summons be issued and served upon Defendants as provided by law;

b)   That all issues herein be tried before a jury;

c)   That Plaintiff have judgment entered in his favor and against Defendants for all damages recoverable at law;

d)   That Plaintiff be awarded attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 in an amount to be determined at trial;

e)   That Plaintiff be awarded Punitive Damages against Defendants in an amount sufficient to deter Defendants from such further conduct;

f)   That all costs of this action be cast against Defendants; and

g)   That Plaintiff have such other relief as is just and proper.

Respectfully submitted,

13

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for PLAINTIFF*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

14

FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02110-S7**
**3/29/2023 12:22 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

HOSEA STEVENS,                                                      :
                                                                              :          CIVIL ACTION FILE NO.
          Plaintiff,                                                    :
                                                                              :          23-C-02110-S7
v.                                                                           :
                                                                              :          _____
ERICK SANTIAGO-PEREZ, BERANE, INC., :
and COMPASS SPECIALTY INSURANCE     :
COMPANY,                                                          :
                                                                              :
          Defendants.                                                :

### PLAINTIFF'S FIRST INTERROGATORIES
### TO DEFENDANT BERANE, INC.

COMES NOW, Plaintiff, and hereby serves these first Interrogatories upon BERANE,

INC., Defendant. These Interrogatories are to be answered upon oath and the responses are to be

served upon the undersigned counsel within forty-five (45) days from the date of service.

### I. INSTRUCTIONS

A.      These Interrogatories shall be deemed continuing to the extent permitted by

O.C.G.A. § 9-11-26, so as to require Defendant to serve upon Plaintiff supplemental responses if

Defendant, Defendant's attorneys or any person acting on Defendant's behalf obtain further

documents or information between the time the answers are served and the time of trial. Such

supplemental responses are to be filed and served upon Plaintiff within thirty (30) days after

receipt of such documents or information.

B.      Where a request is made to identify documents and demand is made to produce

these documents, the documents need not be identified if they are produced.

C.      In answering these Interrogatories, furnish all information available to you, including information in the possession of your attorneys or their investigators, and all persons acting on your behalf, and not merely such information known of your own personal knowledge.

D.      If you object to a part of any Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer for that scope or time period, state your objection and answer the Interrogatory for the scope or time period you believe is appropriate.

E.      If any of the Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any manner, please set forth the details of such qualifications.

F.      In the event you wish to assert attorney-client privilege, work product exclusion or any other privilege, as to any information, knowledge or fact requested by any of the following Interrogatories, then as to each such Interrogatory subject to such assertion, you are requested to provide Plaintiff with an identification of such claimed privileged information, knowledge or fact in sufficient detail to permit the Court to reach a determination as to the asserted privilege in the event of a motion to compel, and an indication of the basis for assertion of privilege or the like.

## II. DEFINITIONS

A.      As used herein, the term "document" whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act, and shall include without limitation, the following items, whether original, master

2

or copy, printed, recorded, filmed, reproduced by any process, written, or produced by hand, that are or have been in the possession, control or custody of Defendant, whether or not claimed to be privileged against discovery on any grounds, namely: agreements; notes and memoranda; papers; communications, including intra-company and inter-company communications; letters; correspondence; cablegrams; radiograms; telegrams; telexes; facsimiles; e-mails; evaluations; summaries, records and minutes of telephone conversations, meetings or conferences, including lists of persons in attendance at the conversations, meetings or conferences; summaries and records of personal conversations or interviews; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants and experts; reports and summaries of negotiations; any type of sound or visual production materials, including tape recordings and film; computer records; computer discs; computer or business machine printouts; computer databases; files or programs; medical records; publications; calendars; datebooks; diaries; journals; charts; compilations; studies; plans; sketches; drawings; maps; photographs; books; manuals; brochures; pamphlets; catalogs; catalog sheets; advertisements and circulars; trade letters; press and publicity releases; articles of incorporation; bylaws; minutes of board of directors meetings; office manuals; employee manuals; company rules and regulations, drafts or originals; telephone logs or records; calling card billing statements; credit card billing statements; telephone billing statements; invoices; receipts; expense reports; expense vouchers; cancellation notices; collection notices; financial statements; bank statements; deposit slips; checks; ledgers; payroll stubs; paycheck receipts; vouchers; accountant's work papers, statements, writings, and/or notations of records of meetings; contracts; promissory notes; leases; loan agreements; preliminary notes or marginal comments appearing on any document; stenographic or handwritten notes; every copy where the original is not in the possession,

custody or the control of the party answering these interrogatories; every copy where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original; other reports and records; any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced, that are in the possession, custody or control of either Defendant or Defendant's agents, attorneys, or representatives.

B.      As used herein, the term "Plaintiff(s)" is intended to and shall designate HOSEA STEVENS;

C.      As used herein, the terms "Defendant," "you," and/or "your" shall mean or refer to BERANE, INC. and Defendant's consultants, agents, representatives, attorneys, investigators and any others acting for or on behalf of Defendant.

D.      As used herein, the term "person" shall include, without limitation, an individual, natural person, firm, partnership, corporation, proprietorship, association, union, governmental body, or any other organization or entity.

E.      The singular, plural, masculine, feminine, or neuter form of any noun or pronoun shall be read and be applied as including its other forms, as circumstances may make appropriate.

F.      As used herein, the terms "and" and "or" shall mean and/or.

G.      As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation, including relationship to other events.

H.      As used herein, the terms "specify," "identify," or "describe" in addition to any meaning given within an interrogatory, when used in reference to:

4

(1)     An individual shall mean to state his or her full name, present or last known business and residence address (designating which) and business and residence telephone numbers (designating which), the name and address of his or her employer and his or her relationship to Defendant.

(2)     A firm, partnership, corporation, proprietorship, association or other organization or entity shall mean to state its full name and present or last known address and telephone numbers (designate which) and the legal form of such entity or organization.

(3)     An act, action or omission shall mean to state a description of the act, the date(s) on which it occurred, where it occurred, the identity of the person or persons performing said act (or, in the case of an omission, the person or persons failing to act), the identity of all persons who have knowledge, information or belief about the act, when the act or omission first became known to you, and the circumstances and manner in which you first obtained such knowledge.

(4)     A communication shall mean to state the date, location, and nature of the communication, the identity of the communicator and communicatee, the subject matter and substance of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto and identify any documents memorializing or constituting the communication and if the communication was by telephone, the telephone number from which the communication originated and the telephone number called.

I.     As used herein, "Complaint" means the complaint Plaintiff filed to initiate this action, as well as any amended complaint(s) Plaintiff has filed or may file in this action.

## III. INTERROGATORIES

1.

With respect to the motor vehicle collision involving Hosea Stevens (hereinafter "Plaintiff") and Erick Santiago-Perez (hereinafter Defendant "SANTIAGO-PEREZ") that occurred on or about March 30, 2022, on I-85 in Gwinnett County, Georgia (hereinafter the "Collision"), please identify all parties known to you, your attorney, or any of your agents or employees who have seen, have heard, or know anything about the Collision, including:

(a)     The name and address of each such person;

(b)     The location of each such person at the time he or she saw, heard or learned about the Collision;

(c)     The substance of all information and knowledge regarding the Collision known to each such person; and

(d)     Whether or not any such person has given any statement or account, either oral or in writing, of his or her knowledge of the Collision, and, if so, the substance of the statement and custodian of same.

2.

Please state whether or not any investigation has been made regarding the Collision, and, if so, please state the name, address and position or occupation of the person or persons making such investigation.

3.

Please state any facts known to you which would indicate your alleged agent, Defendant SANTIAGO-PEREZ, was not competent or capable of operating the vehicle that he was driving at the time of the Collision (hereinafter the "Vehicle").

4.

Please explain in detail any and all efforts made by you prior to hiring Defendant SANTIAGO-PEREZ to determine if he was a competent and capable operator of the Vehicle.

5.

Please state whether you have a company policy of conducting background checks of potential or current drivers, and if such policy is written, identify the person who has custody thereof and the person responsibility for compliance with said policy.

6.

As of the date of the Collision, please state whether or not to your knowledge, information or belief Defendant SANTIAGO-PEREZ had ever been involved in any other motor vehicle collisions, and, if so, describe how such motor vehicle collision or collisions occurred, and when and how you were first made aware of them.

7.

Please provide the identity of the registered or legal owner of the tractor and the trailer involved in the Collision.

8.

Please state whether or not you had any knowledge that Defendant SANTIAGO-PEREZ, at the time of the Collision, suffered from any physical ailments or disabilities whatsoever.

9.

Please state whether or not you have any information or knowledge as to whether Defendant SANTIAGO-PEREZ consumed any intoxicating beverages, drugs or medicine (prescription or other wise) of any kind whatsoever during the twenty-four (24) hours preceding the Collision.

10.

Please state whether or not, as of the date of the Collision, the Vehicle driven by Defendant SANTIAGO-PEREZ had any mechanical defects, and if so, the nature of same.

11.

Please state where Defendant SANTIAGO-PEREZ had been immediately prior to the Collision.

12.

Please state where Defendant SANTIAGO-PEREZ was going at the time of the Collision, and, if his trailer was loaded, please state what cargo was being transported.

13.

As to the tractor and the trailer, please state the following:

    a)      The make, model, and year;

    b)      The gross weight;

    c)      Its overall length and width;

    d)      Its wheel base measurements; and

    e)      VIN Number.

14.

Please state whether you, or anyone acting on your behalf, obtained from any party, witness or other person any reports, statements, recordings, memoranda or testimony, whether signed or not signed and whether or not prepared by a third person, concerning the facts or circumstances regarding or surrounding the Collision. If so, please state:

(a)     The name and address, employer and telephone number of the person giving the information contained in the report, statement, recording, memorandum, or testimony;

(b)     The name, address, employer, and telephone number of the person taking down or otherwise memorializing the report, statement, recording, memorandum, or testimony;

(c)     The date the report, statement, recording, memorandum, or testimony was made or given; and

(d)     The name and address of the person with possession of the report, statement, recording, memorandum, or testimony.

15.

Please state whether or not, at the time of the Collision, your company was covered under any type of insurance policy that provides coverage for the Collision, and, if so, provide the name of the insurance company, the liability limits, the name of the policy holder, the name of all insured drivers, and the name of the person paying premiums with respect to said policy. Please also state whether or not your defense has been tendered to any insurance company and state whether said insurance company has raised any issue as to whether it has a duty to defend or indemnify your company with respect to the Collision.

16.

Please state the name, address, and telephone number of any and all mechanics or experts who have been employed by you, your attorneys, or your insurance company to investigate the Collision, or to examine any of the vehicles involved in the Collision, or to otherwise investigate the Collision on your behalf.

17.

Please state the name, address, and current place of employment of the person who was Defendant SANTIAGO-PEREZ's supervisor as of the date of the Collision; the name, address, and current place of employment of Defendant's safety director as of the date of the Collision; and the name, address, and current place of employment of the hiring supervisor who hired Defendant SANTIAGO-PEREZ.

18.

Please state whether or not there are any photographs of the Vehicle that depict the condition of the Vehicle prior to the Collision, after the Collision, or at any other time relevant to the issues involved in this action. If such photographs exist, please state the number of photographs in existence, the custodian of said photographs, and by whom they were taken.

19.

Please identify each person you expect to call as an expert witness at the trial of this action and as to each:

(a)     Describe his/her qualifications as an expert;

(b)     State the subject matter upon which s/he is expected to testify;

(c)     State his/her opinions and include a summary of the grounds for each opinion;

(d)     Identify all documents which have been exchanged with each witness, including reports and billing statements and payments;

(e)     Describe the financial arrangements with the expert;

(f)     Identify by caption, court, and name of attorneys representing the plaintiff(s) and defendant(s) in all actions in which the expert has provided testimony in the five years preceding your response;

(g)     Identify all documents your expert reviewed, considered or relied upon in any way in forming his/her opinions; and

(h)     Identify all documents (including, but not limited to, videotapes and photographs) prepared by each witness which relate to the subject matter of this lawsuit.

20.

Please state the principle business activity of your company.

21.

Please provide the dates of the employment relationship between Defendant SANTIAGO-PEREZ and your company, and if the relationship has been terminated, the reasons therefore.

22.

Please state whether your company filed an oral or written report concerning the Collision with any federal, state, municipal, or county agency or any other regulatory agency of any type. If so, please state:

(a)     The name, occupation, and address of the individual who filed the report;

(b)     The date and time when the report was filed;

(c)     The name and location of the agency with whom the report was filed; and

(d)     The name and address of all persons, organizations or agencies that have custody of, possession of, or control over the original report or a copy thereof.

23.

Please state whether your company requires its drivers, including Defendant SANTIAGO-PEREZ, to maintain a driver's daily log/electronic log, and, if so, please state the name and address of all persons, organization or agencies that have custody of, possession of, or

control over the original daily logs/electronic logs or copies thereof, including any such daily logs maintained by Defendant SANTIAGO-PEREZ.

24.

Please state whether your company maintained systemic inspection and maintenance/repair records of the Vehicle, and, if so, please state the person, organization or agency that has possession of, custody of, or control over these records for the period of time commencing one (1) year before the Collision and continuing forward to the present date.

25.

Please state whether you are aware of the existence of any still or motion pictures, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other demonstrative evidence made by any person or business entity other than your counsel regarding the Collision, the site of the Collision, or the vehicles in the Collision. If so, please state the nature of each item; the date it was made; the name, address and employer of the person creating, making, or generating each item; the name, address and employer of the person who has possession, custody or control over each item; and the name, address, and employer of the person at whose request each item was created, generated or made.

26.

Please state whether your company, on its own or through its insurer, obtains information through any private source or governmental agency concerning the driving history and driving infractions of its drivers. If so, please state the name and address of each such private source or governmental agency from which such information is obtained; and the dates upon which your company, on its own or through its insurer, obtained such information concerning Defendant SANTIAGO-PEREZ and his driving history; and the dates upon which your company, on its

own or through its insurer, obtained such information concerning any and all other drivers in its employment within the twenty-four (24) months prior to the Collision.

27.

Please provide the exact name of any corporate or other business entity that is a parent, subsidiary, or division of Defendant.

28.

Please provide the exact name of any corporate or other business entity that is a parent, subsidiary, or division of Defendant that maintains an office, distribution center, logistics center, operation center, or warehouse in Georgia.

29.

Please state whether you required Defendant SANTIAGO-PEREZ to submit to a post collision drug and alcohol test and if so, please identify the name, location, time and date of the drug and alcohol test.

30.

Please state the name, address, telephone number, and place of employment of all persons supplying any information furnished in response to these Interrogatories.

31.

Please provide Defendant SANTIAGO-PEREZ's current and last known home address, telephone number, current employer, and current employer's address and telephone number.

32.

Please state whether you have retained a driver qualification file in your company offices for Defendant SANTIAGO-PEREZ, the driver of the Vehicle. If so, please list each of the documents in that file.

33.

Please state whether your company has a safety director. If so, please state his or her full name and full title.

34.

Please state whether your company has written driving standards and/or instructions for its drivers. If so, please state the name of that document.

35.

Please state the method by which compensation was determined for the payment of your driver and/or lessor for the trip during which the Collision occurred.

36.

Please state whether the truck/trailer was transporting a load of cargo at the time of the Collision. If so, please describe the load, and state the names, addresses, and telephone numbers of the shipper(s) and the names, addresses, and telephone numbers of the consignee(s).

37.

Does the truck involved in the Collision have an on-board computer? If so, please identify all disks, computer tapes, or other data generated by the use of the on-board computer during the trip. Are these items in your company's possession? If they are no longer in your possession, please state why they are no longer in your possession, and state the date they were last in your possession.

38.

Has Defendant SANTIAGO-PEREZ ever refused to submit to a post-collision alcohol or controlled substance test required under 49 CFR 383.303, a random alcohol or controlled substance test required under 49 CFR 382.305, a reasonable suspicion alcohol or controlled

substance test required under 49 CFR 382.307, or a follow-up alcohol or controlled substance test required under 49 CFR 382.311?

39.

Has Defendant SANTIAGO-PEREZ ever been disqualified from driving a truck when in your employment? If so, please state when and under what circumstances?

40.

Has your company ever undergone an FHWA compliance review? If so, please state what was your rating? (Either satisfactory, conditional, or unsatisfactory).

41.

In reference to the load being transported at the time of the Collision, please identify:

(a)     Where the load originated;

(b)     The contents and weight of the load;

(c)     The final destination for the load;

(d)     Any contract signed or entered into pertaining to the transportation of said load;

(e)     The name, addresses, and phone number of the person or persons employed by the contractor and shipper who was in charge of the load at the place where said load originated; and

(f)     The name, addresses and phone number of each broker in any way involved with the load.

42.

Please describe in detail the initial and continuing training requirements for your drivers as of the date of the Collision.

43.

Please describe in detail your drug and alcohol programs including, without limitation, your random drug testing program.

44.

If you contend this driver was not managed by your company, please identify the name address, and contact information for the company you contend managed this driver at the time of this Collision.

45.

If you contend your company did not manage the cargo load being transported at the time of this Collision, please identify the name, address, and contact information for the company you contend was managing the movement and delivery of this cargo/load.

46.

Please identify the name and address of the dispatcher for this driver and load at the time of this Collision.

47.

Please identify any distributor that was in any way involved in the movement/delivery of this cargo/load on the day of this Collision.

48.

Please identify this Drivers immediate supervisor on the day of this Collision and his/her business address.

49.

If you contend someone or something other than your driver caused this Collision, please state the name and identity of the competing cause and any facts or evidence supporting that contention.

50.

Does the tractor or trailer involved in the Collision have an on-board video recording device? If so, please identify all video, photos, and other data generated by the use of the on-board camera during the trip at issue. Are these items in your company's possession? If they are no longer in your possession, please state why they are no longer in your possession, and state the date they were last in your possession.

Respectfully submitted,

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for PLAINTIFF*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02110-S7**

**3/29/2023 12:22 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| HOSEA STEVENS, | : | |
| | : | CIVIL ACTION FILE NO. |
| Plaintiff, | : | |
| | : | 23-C-02110-S7 |
| v. | : | |
| | : | _____ |
| ERICK SANTIAGO-PEREZ, BERANE, INC., | : | |
| and COMPASS SPECIALTY INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BERANE, INC.

COMES NOW, Plaintiff and hereby serves this first Request for Production of Documents upon Defendant BERANE, INC. Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests Defendant serve written responses to this request within forty-five (45) days from the date of service of this request upon the undersigned counsel of record for Plaintiff at Ausband & Dumont, 825 Fairways Court, Suite 300, Stockbridge, Georgia 30281. The requested documents, recordings, and tangible things described herein shall be produced on the same date at the offices of Ausband & Dumont unless prior arrangements are made to produce these documents at another date, time, and location which are mutually agreed to by counsel for the parties. The production of documents will continue from day to day until all documents produced have been fully inspected, copied and any other necessary or related acts performed.

### I. INSTRUCTIONS

A.    This Request for Production of Documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, so as to require Defendant to serve upon Plaintiff supplemental responses if Defendant, Defendant's attorneys or any person acting on Defendant's

behalf obtains further documents or information between the time the answers are served and the time of trial. Such documents or information shall be furnished to Plaintiff within thirty (30) days after possession of such information or documents are discovered.

B.      If you object to part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

C.      If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any manner, please set forth the details of such qualifications.

D.      In the event you wish to assert the attorney-client privilege, the work-product exclusion or any other privilege as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide Plaintiff with an identification of such document in writing, such identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom each copy or original was circulated, the names appearing on any circulation list of Plaintiff associated with such document, and a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

2

E.       Whenever production is requested of a document which is no longer in the possession, custody or control of Defendant, Defendant's response should identify the document by name, number, form or description, and by date made, and the date which the document was most recently in Defendant's possession, custody or control, the disposition made of the document, and the identity of the person or persons now in possession, custody or control of such document. If the document has been lost or destroyed, the response should state the reason for its loss or destruction and the identity of the person or persons who lost or destroyed the document and who directed that the document be destroyed.

F.       It is requested that Defendant organize and label the documents produced hereunder to correspond with the categories numbered in these Requests.

## II. DEFINITIONS

A.       As used herein, the term document, whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act, and shall include without limitation, the following items, whether original, master or copy, printed, recorded, filmed, reproduced by any process, written, or produced by hand, that are or have been in the possession, control or custody of Defendant, whether or not claimed to be privileged against discovery on any grounds, namely: agreements; notes and memoranda; papers; communications, including intra-company and inter-company communications; letters; correspondence; cablegrams; radiograms; telegrams; telexes; facsimiles; e-mails; evaluations; summaries, records and minutes of telephone conversations, meetings or conferences, including lists of persons in attendance at the conversations, meetings or conferences; summaries and records of personal conversations or interviews; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants and experts; reports and summaries of

3

negotiations; any type of sound or visual production materials, including tape recordings; film; computer records; computer discs; computer or business machine printouts; computer databases, files or programs; medical records; publications; calendars; datebooks; diaries; journals; charts; compilations; studies; plans; sketches; drawings; maps; photographs; books; manuals; brochures; pamphlets; catalogs; catalog sheets; advertisements and circulars; trade letters; press and publicity releases; articles of incorporation; bylaws; minutes of board of directors meetings; office manuals; employee manuals; company rules and regulations, drafts or originals; telephone logs or records; calling card billing statements; credit card billing statements; telephone billing statements; invoices; receipts; expense reports; expense vouchers; cancellation notices; collection notices; financial statements; bank statements; deposit slips; checks; ledgers; payroll stubs; paycheck receipts; vouchers; accountant's work papers, statements, writings, and/or notations of records of meetings; contracts; promissory notes; leases; loan agreements; preliminary notes or marginal comments appearing on any document; stenographic or handwritten notes; every copy where the original is not in the possession, custody or the control of the party answering these requests; every copy where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original; other reports and records; any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced, that are in the possession, custody or control of either Defendant or Defendant's agents, attorneys, or representatives.

B.      As used herein, the term "Plaintiff(s)" is intended to and shall designate HOSEA STEVENS;

4

C.     As used herein, the terms "Defendant," "you," and/or "your" shall mean or refer to BERANE, INC., and Defendant's agents, representatives, attorneys, investigators and others who are or who have been in possession of or may have obtained information for or on behalf of Defendant in any matter or with respect to any matter referred to in this Request for Production of Documents.

D.     As used herein, the term "person" shall include, without limitation, an individual, natural person, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization, agency or entity.

E.     The terms "and" and "or" shall mean and/or.

F.     In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; the feminine includes the masculine.

G.     As used herein, "Complaint" means the complaint Plaintiff filed to initiate this action, as well as any amended complaint(s) Plaintiff has filed or may file in this action.

### III. DOCUMENT REQUESTS

1.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the collision at issue in this case (hereinafter referred to as the "Collision") and/or concerning any of the issues relevant in this action, including but not be limited to, the issues of liability and damages.

2.

Please produce all documents which record, reflect, or otherwise evidence, in whole or in part, information relating to experts retained for testimony including the following:

(a)     A resume or CV describing the qualifications of each retained expert;

(b)     The retention agreement and contract with each retained expert;

(c)     The opinions and notes and grounds for opinions of each retained expert;

(d)     Documents, including all correspondence, exchanged with each retained expert;

(e)     *Reports of, billing statements from, and payments to, each retained expert;*

(f)     Any list of testimony maintained by the retained expert that resembles, or actually constitutes, a Fed. R. Civ. P. Rule 26 expert's list of prior testimony;

(g)     All notes, photographs, videotapes, recordings, sketches, and measurements prepared by the retained expert relating to his work on this case; and

(h)     *All studies, research, articles or documents whatsoever relied upon by your expert* in reaching his/her opinions.

3.

Please produce any report or statement concerning the Collision made by Defendant Erick Santiago-Perez (hereinafter referred to as Defendant "SANTIAGO-PEREZ") and given to you, the police, any insurer, or any other person.

4.

Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or alcohol test or drug tests of any other kind by any other name performed upon Defendant SANTIAGO-PEREZ, subsequent to, or as a result of, the Collision.

5.

Please produce any and all damage appraisals and repair invoices of the vehicle driven by Defendant SANTIAGO-PEREZ (hereinafter referred to as the "Vehicle") at the time of the Collision.

6.

Please produce a copy of any pre-trip and post-trip inspection reports of the Vehicle on March 30, 2022, and the thirty (30) days immediately prior to March 30, 2022.

7.

Please produce all trips and/or operational documents identified in subsection 1-17 below pertaining to the movement of cargo by Defendant SANTIAGO-PEREZ, from March 20, 2022, through the delivery date and time of the cargo he may have been transporting at the time the Collision occurred on March 30, 2022. Please refer to the following sub-definitions 1 through 17 and follow them closely grouping all documents produced by each trip occurring during the time period requested.

-1   **Driver's trip reports** and/or trip envelopes, daily loads delivered/picked up or work reports, work schedule, reports, fuel purchased reports, or any reports made by Defendant SANTIAGO-PEREZ, inclusive of daily, weekly or monthly cargo transported, time and/or distance reports or work.

-2   **Receipts for any trip expenses or purchases made by the driver or his co-driver during a trip** regardless of type of purchase, such as fuel, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, or other receipts regardless of the type of objects or services purchased.

-3   **Cargo pickup or delivery orders** prepared by the Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of Defendant SANTIAGO-PEREZ.

7

-4    **All written request, letters, instructions, or orders for transportation** of cargo prepared by Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of Defendant SANTIAGO-PEREZ.

-5    **All bills of lading and/or manifest** prepared or issued by any shippers, brokers, transporting motor carriers personnel, receivers or cargo or any of Defendant. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery relative to the operations of Defendant SANTIAGO-PEREZ.

-6    **All equipment or cargo loading, unloading or detention** of equipment records along with any other documents showing **cargo pickup and delivery dates and times** or delays and/or detention of equipment relative to the operations of Defendant SANTIAGO-PEREZ.

-7    **All cargo freight bills, Pro's** or otherwise described similar documents inclusive of all signed or undersigned cargo pickup and delivery copies that indicate date and/or time of pickup or delivery of cargo by Defendant SANTIAGO-PEREZ.

-8    **All written instructions,** orders or advise given to Defendant SANTIAGO-PEREZ in reference to cargo transported, routes to travel, location to purchase fuel, cargo pickup or delivery times issued by Defendant, shippers, receivers, or any other persons or organizations.

-9 **Dispatch and/or operation records** indicated assignment of equipment and drivers to specific cargo pickup, transportation and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form. This specifically includes all dispatch and operational type **computer generated** documents and materials indicating the movement or activities of Defendant SANTIAGO-PEREZ.

-10 Any **driver call-in records** or otherwise described written records indicating communications between Defendant and Defendant SANTIAGO-PEREZ.

-11 **All accounting records,** merchandise purchased cargo transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed by Defendant SANTIAGO-PEREZ.

-12 **All initial or rough driver's trip check-in or financial settlement sheets** along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary to driver in reference to a trip or trips. This specifically includes any **summary type documents showing all payments made to Defendant SANTIAGO-PEREZ** regardless of the purpose of payment or period of time payment was made for.

-13 Any and all motor carrier or driver created trip **fuel mileage and purchase reports** or records. This specifically includes all documents and computer generated documents, regardless of form or subject, **received from any source**, or generated for or by Defendant showing date, time and location of fuel or other purchases by Defendant SANTIAGO-PEREZ on the trips requested herein.

9

-14    Readable copies of all checks or otherwise described negotiable instruments issued to Defendant SANTIAGO-PEREZ given in payment as trip advance, loans, or for any other purpose inclusive of **checks issued for employee payroll, and/or for owner/operator or trip lessors services** in the possession of any of the *Defendant. Specifically copies of both the* **"front and back"** *of each check* **and/or Comcheck issued to Defendant SANTIAGO-PEREZ** or any of his co-drivers is requested.

-15    Any and all **state special fuel or oversize permits** and any related documents or requests issued to or by any state agency or transport cargo over their territories *regardless* of the form of the permit. **The receipt** acknowledging payment of the permit(s) issued by any governmental agency is specifically requested that relate to the movement of Defendant SANTIAGO-PEREZ.

-16    Any and all **trip leases or trip lease contracts** involving Defendant SANTIAGO-PEREZ with all related documentation issued to or created or received by any of the Defendants. Specifically, this includes any trip leases negotiated between the Defendant and/or any other motor carrier to their drivers inclusive of all related documentation thereto, **"related documentation"** consists of any documents created or generated in reference to trip lease and in addition, Defendant SANTIAGO-PEREZ's daily logs and record of duty status, driver's daily condition reports, motor carrier certification of driver's qualification and any other documents that relate to the billing and payment for such movement of freight, and all other types of documentation regardless of form or description, relative to

10

each occurrence involving the services and activities of Defendant SANTIAGO-PEREZ.

-17     Any and all **other "operational or trip related documents"** created or received by the Defendant or any other persons or organizations, regardless of form or description and not defined herein, in the possession of any of the Defendants and relative of the operations, activities, movements and trips accomplished by Defendant SANTIAGO-PEREZ.

8.

Please produce the "Driver's Qualification File" maintained by any of the Defendants regarding Defendant SANTIAGO-PEREZ along with any other documents contained therein, in their precise state of existence on the date of the Collision, March 30, 2022. In responding to this request, please specifically include the documents identified in the following sub-definitions 1 through 12.

-1     Any **pre-employment questionnaires** or other documents secured from Defendant SANTIAGO-PEREZ prior to employment.

-2     Any and all completed **application for employment** secured by Defendant SANTIAGO-PEREZ both before and/or after the actual date of contract of employment by driver.

-3     All **medical examinations (including long forms)**, tests, and certification of medical examinations inclusive of expired and non-expired documents relative to Defendant SANTIAGO-PEREZ.

11

-4      All of Defendant SANTIAGO-PEREZ's **annual violation** records which should include one of each twelve months of contract or employment with the Defendant motor carrier in this case.

-5      All actual driver's motor carrier **road tests** administered to Defendant SANTIAGO-PEREZ.

-6      All actual driver's motor carrier **written tests** administered to Defendant SANTIAGO-PEREZ.

-7      All road and written test **certificates** issued by Defendant or any other motor carrier or organization to Defendant SANTIAGO-PEREZ regardless of the date issued or the originator of such certificates.

-8      All **past employment inquiries** sent to or secured from former employers along with all responses from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by Defendant from past employers of Defendant SANTIAGO-PEREZ.

-9      All inquiries to the answers received from organizations in reference to **Defendant SANTIAGO-PEREZ's license record of traffic violations and collisions (MVR's)** directed to and/or received by Defendant, or other organizations on behalf of Defendant, from state or federal governmental agencies relative to Defendant SANTIAGO-PEREZ.

-10     Copies of all road and written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of Defendant regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other

motor carriers to Defendant SANTIAGO-PEREZ or his co-drivers **presently in their personal possession**.

-11    All **annual reviews**, file reviews, or file summaries and related documents found in the file(s) of Defendant SANTIAGO-PEREZ.

-12    Any and all other contents of Defendant SANTIAGO-PEREZ's qualification and or personnel file, regardless of subject, form, purpose, originator, receiver, title or description.

9.

Please produce all documents added to Defendant SANTIAGO-PEREZ's "Driver Qualification File" from March 30, 2022, to the present date. Please identify and produce such documents separate and apart from the documents requested in the Request Number 8 herein.

10.

Please produce the "Driver Personnel File" and/or any otherwise titled files on Defendant SANTIAGO-PEREZ or in reference to Defendant SANTIAGO-PEREZ's services, from initial contract or employment with Defendant to the present date. Please refer to the following sub-definitions 1 through 5 and follow them closely:

-1    Applications, contracts, agreements, pay or money advanced records, attendance records, computer generated documents and any other summary type document regardless of subject, description or form relative to Defendant SANTIAGO-PEREZ.

-2    Hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents relative to Defendant SANTIAGO-PEREZ.

13

-3      Prior industrial, vehicular, cargo, hazardous materials, health or collision reports, or other types of injury, sickness, collisions or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, Collision or collision that relates to Defendant SANTIAGO-PEREZ.

-4      Federal Motor Carrier Safety Administration (FMCSA) or other enforcement agencies, terminal audits or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of any of the Defendant's file reviews or summaries of violations of company, state or federal laws, rules or regulations committed by Defendant SANTIAGO-PEREZ.

-5      All other documents, regardless of description, title, form, origin or subject, maintained by the Defendant in reference to Defendant SANTIAGO-PEREZ, excluding only those documents required by the FMCSR Part 391, Driver Qualifications, defined in request #8, Definitions 1 through 12 herein.

11.

Please produce every motor vehicle driver's license issued to Defendant SANTIAGO-PEREZ by any governmental entity that was in the possession of Defendant SANTIAGO-PEREZ or Defendant on or before March 30, 2022, regardless of date issued and past or present condition of Defendant SANTIAGO-PEREZ's license status.

12.

Please produce any state or FMCSA issued traffic citations, terminal, or road equipment and/or driver compliance inspections or warnings issued to Defendant SANTIAGO-PEREZ, or driver trainers, by any city, county, state or federal agency or law enforcement official in the possession of Defendant regardless of the date of origin.

13.

Please produce all collision files and records in reference to the Collision in the possession of the Defendant, maintained or generated by the Defendant. This includes, but is not limited to, any reports, correspondence, or any otherwise described documents sent to or received from the Federal Office of Motor Carrier's Field Operations Division, reports made to other persons or organizations and any report made by Defendant SANTIAGO-PEREZ or driver trainers, to Defendant in reference to this Collision. This request also specifically includes any, and all otherwise described documents relative to this collision found in the file required to be maintained by Defendant in accordance with the FMCSR Part 390.15.

14.

Please produce all other collision files and records maintained by the Defendant in reference to any other vehicular collision, or collision, prior to the occurrence of this Collision, where Defendant SANTIAGO-PEREZ or his co-driver(s), or driver trainer, was the driver of a vehicle involved in the prior collisions or collisions.

15.

Please produce all of Defendant SANTIAGO-PEREZ's records of duty status, driver's daily logs/electronic logs, and 60/70 hour summaries created by Defendant SANTIAGO-PEREZ or Defendant for the period from February 28, 2022, through April 1, 2022, in accordance with FMCSR Part 395.

16.

Please produce any and all documents, in reference to any federal or state agencies motor carrier terminal compliance inspection(s), survey(s), or audit(s), demand(s), civil forfeiture(s) or federal court action(s) presently in possession of the Defendant in reference to past or present

violations of the FMCSR/HMR and specifically, any documents in reference to violations of the Federal or State Motor Carrier Safety Regulations committed by Defendant's employees or its drivers regardless of documents or written materials description or date of origin from the date on which Defendant began doing business as a motor carrier to any presently pending action(s) as described.

17.

Please produce the titles of both the tractor and trailer involved in this Collision in their precise state of existence on March 30, 2022.

18.

*Please produce all created "vehicular movement recording documents or records" such as* any tractor trip computer generated documents, tachograph charts, computer generated trip printouts or any other documents generated by whatever means, in reference to the physical movement of the tractor and/or trailer involved in the Collision from February 28, 2022, through April 1, 2022.

19.

Please produce any and all agreements, contracts or written arrangements in effect on the date of the Collision between Defendant SANTIAGO-PEREZ and Defendant including, but not limited to, any contracts to perform transportation services on behalf of Defendant by Defendant SANTIAGO-PEREZ, or other persons relative to Defendant SANTIAGO-PEREZ's operations in the possession of the Defendant. This specifically includes any owner/operator, sale or leasing of truck(s), tractor(s), and/or trailer(s) documents between Defendant and Defendant SANTIAGO-PEREZ or other persons in reference to the equipment operated by or services performed by Defendant SANTIAGO-PEREZ.

20.

Please produce any contracts, purchases, loans, leases, maintenance, rentals, or payment contracts or agreements, involving the tractor and/or trailer in effect on the date of the Collision in the possession of the Defendant.

21.

Please produce all written materials, company manuals, operations manual, company issued rules and regulations, directives, notices or posted notices in effect on the date the collision occurred created or utilized by Defendant in controlling or directing its drivers' operations, work, activities, job performance, timely pickup and delivery of cargo, safety or compliance with regulations inclusive of any educational materials in reference to the Federal Motor Carrier Safety Regulations and any Defendant Motor Carrier Fleet Vehicular Safety program materials in place and effective on the date this Collision occurred.

22.

Please produce any and all computer or otherwise generated Documents and materials in reference to the daily, weekly or monthly operations of Defendant SANTIAGO-PEREZ and/or the vehicles he operated on behalf of or while employed by or contracted with Defendant, inclusive of tractor(s), truck(s) and trailer(s) maintenance, operational and dispatch Documents showing trips made or loads transported from February 28, 2022, through April 1, 2022 by Defendant SANTIAGO-PEREZ.

23.

Please produce any and all written instructions or examples issued to Defendant SANTIAGO-PEREZ by Defendant in reference to completion of company reports, drivers trip reports, drivers record of duty status (logs) or time records, routes to travel or when drivers were

required to call in, inclusive of any other instructional documents relating to trips or loads transported by Defendant SANTIAGO-PEREZ on behalf of Defendant.

24.

Please produce any and all of Defendant's, executive or administrative or managerial notices, directives, bulletins, or otherwise described written instructions in reference to the day-to-day motor carrier operating and safety procedures to be followed by company personnel, managers, supervisors, dispatchers and drivers. Specifically, any Document relative to disciplinary policies or procedures for late freight delivery, motor fleet safety or failure to comply with the FMCSR in effect on March 30, 2022.

25.

Please produce all generated scheduling, dispatch, load or operational daily summary trip reports produced by Defendant from February 28, 2022, through April 1, 2022, relative to the operations of Defendant SANTIAGO-PEREZ. This specifically includes any documents showing information such as the load assigned, equipment number, and date of cargo pick up delivery, name of cargo shippers/receivers, drivers, dates of transport or other motor carrier organizations and/or Defendant drivers assigned to transport cargo on behalf of other motor carriers (trip leasing).

26.

Please produce one (1) original blank form of each of the operational forms or documents (see sub-definition 1 through 17 in request to #7 herein) utilized by Defendant in the operations, movement or control of cargo transported, determination of wages and/or trip settlements with drivers excluding only "negotiable instruments" such as checks.

27.

Please produce each and every insurance policy and/or agreement which can be utilized to satisfy all or part of a judgment which may be entered against Defendant or to indemnify or reimburse Defendant for payments made to satisfy such a judgment. This request specifically refers to all coverage available and in force when this Collision occurred which indicates Defendant as a named insured, omnibus insured, or any other type whether by application, binder, and issuance of policy or extension of a grace period.

28.

Please produce the insurance forms (MCS-82 or MCS-90) required to be in the possession of Defendant in accordance with the requirements of FMCSR Part 387.7(d).

29.

Please produce the organizational chart of Defendant as of March 30, 2022.

30.

Please produce any and all statements taken by or on behalf of Defendant of parties or witnesses to the Collision, of the facts and circumstances described in the complaint filed herein, and any facts and circumstances in connection with the claims of the Plaintiff. Said statements should show the date taken, the location, and by whom they were taken.

31.

Please produce any and all Documents, measurements, or other memoranda prepared by or for Defendant of the scene of the Collision, as described in the complaint filed herein.

32.

Please produce all manuals, posters, textbooks, pamphlets, diagrams, drawings, videotapes, movies, cassette recordings and/or instructional materials of any type utilized by Defendant in connection with the training provided to Defendant SANTIAGO-PEREZ.

33.

Please produce all copies of Defendant's systematic inspection, repair, and maintenance of equipment program as required by FMCSR Part 396 inclusive of one blank copy each of all forms and documents utilized in accomplishing compliance with the FMCSR, Part 396 of the Regulations. This specifically includes any documents or records on systematic inspection repair or maintenance of equipment created and in effect on the date the Collision occurred by any other organization that Defendant may have rented, leased, or contracted with in reference to the tractor and/or trailer.

34.

Please produce a hard copy computer printout of all notes, remarks, and/or entries of any type made as to all work, pick-up and delivery locations and activities of Defendant SANTIAGO-PEREZ through his employment with Defendant.

35.

Please produce all documents relied upon by employees of Defendant to upgrade Defendant SANTIAGO-PEREZ from a driver trainee to a driver and/or to allow Defendant SANTIAGO-PEREZ to drive alone without a driver instructor.

36.

Please produce all documents utilized by Defendant with respect to the recruitment, screening and/or hiring of Defendant SANTIAGO-PEREZ as a driver.

37.

Please produce all books, manuals, pamphlets, memorandums, and/or documents of any utilized by Defendant since March 30, 2022 to train persons in the management and supervision of driver trainees and drivers, and the creation and assignment of loads to drivers and/or tractor trailers.

38.

Please produce all audits performed on Defendant SANTIAGO-PEREZ's daily logs at anytime, including, but not limited to, those performed on or after March 30, 2022.

39.

*Please produce all payroll records for* Defendant SANTIAGO-PEREZ during the pay period in which March 30, 2022 was included.

40.

Please produce Defendant SANTIAGO-PEREZ's record of work attendance/absenteeism from February 28, 2022, up to April 1, 2022.

41.

Please produce any documents you receive in response to requests to non-parties for the production of documents in this case.

42.

Please produce documents you receive in response to any open record's requests in this case.

43.

Please produce all video, photographs, and other data collected from any onboard recording device on the Vehicle that captured any data, video footage, or photographs on the day

of the Collision.

44.

If not otherwise produced in response to these requests, please produce all medical examiner's long forms for Defendant SANTIAGO-PEREZ for the ten-year period preceding the Collision.

45.

If not otherwise produced in response to these requests, please produce all records of maintenance or repairs performed on the Vehicle for the one-year period prior to the Collision up to and including the present.

46.

Please produce all video, photographs, claims search, and other surveillance data collected by you or anyone acting on behalf of you or your insurer that pertains to the Plaintiff in this case.

47.

Please produce all other documents, emails, correspondence, electronically stored information, and other tangible evidence which you contend support your defenses or contentions in this case.

Respectfully submitted,

AUSBAND & DUMONT

/s/ Douglas C. Dumont//
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

22

*Attorneys for PLAINTIFF*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

23

FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02110-S7**

**3/29/2023 12:22 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

HOSEA STEVENS,                                  :
                                                :               CIVIL ACTION FILE NO.
          Plaintiff,                            :
                                                :               23-C-02110-S7
v.                                              :
                                                :               _____
ERICK SANTIAGO-PEREZ, BERANE, INC., :
and COMPASS SPECIALTY INSURANCE     :
COMPANY,                                        :
                                                :
          Defendants.                           :

## PLAINTIFF'S FIRST REQUEST TO ADMIT
## TO DEFENDANT BERANE, INC.

COMES NOW, Plaintiff and hereby propounds his First Request to Admit to Defendant

BERANE, INC., and requests it respond in writing and in a timely manner.

1.

Please admit Defendant SANTIAGO-PEREZ was an employee of BERANE, INC.

(hereinafter referred to as Defendant "BERANE") at the time of the motor vehicle collision

involving Defendant SANTIAGO-PEREZ and Plaintiff that occurred on or about March 30,

2022, on I-85 in Gwinnett County, Georgia (the "Collision").

2.

Please admit Defendant SANTIAGO-PEREZ was acting within the scope of his

employment with Defendant BERANE at the time of the Collision.

3.

Please admit Defendant BERANE owned the vehicle that Defendant SANTIAGO-

PEREZ was driving at the time of the Collision (the "Vehicle").

4.

Please admit Defendant SANTIAGO-PEREZ was authorized by Defendant BERANE to drive the Vehicle at the time of the Collision.

5.

Please admit the Collision was caused by the negligence of Defendant SANTIAGO-PEREZ.

6.

Please admit Plaintiff was not negligent in any particular way immediately prior to or at the time of the Collision that occurred on March 30, 2022.

7.

Please admit Plaintiff did not contribute to causing the Collision which occurred on March 30, 2022.

8.

Please admit Defendant SANTIAGO-PEREZ followed too closely, causing the Collision.

9.

Please admit the Collision, which occurred on March 30, 2022, was not the fault of any person or entity not a party to this lawsuit.

10.

Please admit you have been properly served with process in this action.

11.

Please admit jurisdiction and venue are proper in this action.

12.

Please admit you transact business in the state of Georgia.

13.

Please admit you operate terminals in the state of Georgia.

14.

Please admit you employ drivers that are based out of terminals in the State of Georgia.

Respectfully submitted,

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for PLAINTIFF*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

3

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02110-S7**

**3/29/2023 12:22 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| HOSEA STEVENS, | : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiff, | : | |
| | : | 23-C-02110-S7 |
| v. | : | |
| | : | _____ |
| ERICK SANTIAGO-PEREZ, BERANE, INC., | : | |
| and COMPASS SPECIALTY INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFF'S FIRST INTERROGATORIES
### TO DEFENDANT ERICK SANTIAGO-PEREZ

COMES NOW, Plaintiff and hereby serves these first Interrogatories upon ERICK

SANTIAGO-PEREZ, Defendant. These Interrogatories are to be answered upon oath, and the

responses are to be served upon the undersigned counsel within forty-five (45) days from the

date of service.

### I. INSTRUCTIONS

A.     These Interrogatories shall be deemed continuing to the extent permitted by

O.C.G.A. § 9-11-26, so as to require Defendant to serve upon Plaintiff supplemental responses if

Defendant, Defendant's attorneys or any person acting on Defendant's behalf obtain further

documents or information between the time the answers are served and the time of trial. Such

supplemental responses are to be filed and served upon Plaintiff within thirty (30) days after

receipt of such documents or information.

B.     Where a request is made to identify documents and demand is made to produce

these documents, the documents need not be identified if they are produced.

C.      In answering these Interrogatories, furnish all information available to you, including information in the possession of your attorneys or their investigators, and all persons acting on your behalf, and not merely such information known of your own personal knowledge.

D.      If you object to a part of any Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer for that scope or time period, state your objection and answer the Interrogatory for the scope or time period you believe is appropriate.

E.      If any of the Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any manner, please set forth the details of such qualifications.

F.      In the event you wish to assert attorney-client privilege, work product exclusion or any other privilege, as to any information, knowledge or fact requested by any of the following Interrogatories, then as to each such Interrogatory subject to such assertion, you are requested to provide Plaintiff with an identification of such claimed privileged information, knowledge or fact in sufficient detail to permit the Court to reach a determination as to the asserted privilege in the event of a motion to compel, and an indication of the basis for assertion of privilege or the like.

## II. DEFINITIONS

A.      As used herein, the term "document" whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act, and shall include without limitation, the following items, whether original, master

2

or copy, printed, recorded, filmed, reproduced by any process, written, or produced by hand, that are or have been in the possession, control or custody of Defendant, whether or not claimed to be privileged against discovery on any grounds, namely: agreements; notes and memoranda; papers; communications, including intra-company and inter-company communications; letters; correspondence; cablegrams; radiograms; telegrams; telexes; facsimiles; e-mails; evaluations; summaries, records and minutes of telephone conversations, meetings or conferences, including lists of persons in attendance at the conversations, meetings or conferences; summaries and records of personal conversations or interviews; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants and experts; reports and summaries of negotiations; any type of sound or visual production materials, including tape recordings and film; computer records; computer discs; computer or business machine printouts; computer databases; files or programs; medical records; publications; calendars; datebooks; diaries; journals; charts; compilations; studies; plans; sketches; drawings; maps; photographs; books; manuals; brochures; pamphlets; catalogs; catalog sheets; advertisements and circulars; trade letters; press and publicity releases; articles of incorporation; bylaws; minutes of board of directors meetings; office manuals; employee manuals; company rules and regulations, drafts or originals; telephone logs or records; calling card billing statements; credit card billing statements; telephone billing statements; invoices; receipts; expense reports; expense vouchers; cancellation notices; collection notices; financial statements; bank statements; deposit slips; checks; ledgers; payroll stubs; paycheck receipts; vouchers; accountant's work papers, statements, writings, and/or notations of records of meetings; contracts; promissory notes; leases; loan agreements; preliminary notes or marginal comments appearing on any document; stenographic or handwritten notes; every copy where the original is not in the possession,

custody or the control of the party answering these interrogatories; every copy where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original; other reports and records; any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced, that are in the possession, custody or control of either Defendant or Defendant's agents, attorneys, or representatives.

B.      As used herein, the term "Plaintiff(s)" is intended to and shall designate HOSEA STEVENS.

C.      As used herein, the terms "Defendant," "you," and/or "your" shall mean or refer to ERICK SANTIAGO-PEREZ and Defendant's consultants, agents, representatives, attorneys, investigators and any others acting for or on behalf of Defendant.

D.      As used herein, the term "person" shall include, without limitation, an individual, natural person, firm, partnership, corporation, proprietorship, association, union, governmental body, or any other organization or entity.

E.      The singular, plural, masculine, feminine, or neuter form of any noun or pronoun shall be read and be applied as including its other forms, as circumstances may make appropriate.

F.      As used herein, the terms "and" and "or" shall mean and/or.

G.      As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation, including relationship to other events.

H.      As used herein, the terms "specify," "identify," or "describe" in addition to any meaning given within an interrogatory, when used in reference to:

4

(1)     An individual shall mean to state his or her full name, present or last known business and residence address (designating which) and business and residence telephone numbers (designating which), the name and address of his or her employer and his or her relationship to Defendant.

(2)     A firm, partnership, corporation, proprietorship, association or other organization or entity shall mean to state its full name and present or last known address and telephone numbers (designate which) and the legal form of such entity or organization.

(3)     An act, action or omission shall mean to state a description of the act, the date(s) on which it occurred, where it occurred, the identity of the person or persons performing said act (or, in the case of an omission, the person or persons failing to act), the identity of all persons who have knowledge, information or belief about the act, when the act or omission first became known to you, and the circumstances and manner in which you first obtained such knowledge.

(4)     A communication shall mean to state the date, location, and nature of the communication, the identity of the communicator and communicatee, the subject matter and substance of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto and identify any documents memorializing or constituting the communication and if the communication was by telephone, the telephone number from which the communication originated and the telephone number called.

I.     As used herein, "Complaint" means the complaint Plaintiff filed to initiate this action, as well as any amended complaint(s) Plaintiff has filed or may file in this action.

5

III. INTERROGATORIES

1.

Please state your full name, birth date, marital status, social security number, and the names and addresses of any relatives you have in the county in which the above-captioned action is pending.

2.

Please state your present residential address and each of your previous residential addresses for the past five (5) years.

3.

Please list all your places of employment for the past five (5) years, including:

(a)     The name of each employer;

(b)     The name of your supervisor with each employer;

(c)     The address and telephone number of each employer;

(d)     Your job description with each employer;

(e)     Your wage scale and salary for each employer; and

(f)     The reason for your termination from each employer.

4.

If within the twenty-four (24) hour period immediately preceding the motor vehicle collision involving you and Plaintiff that occurred on or about March 30, 2022, on I-85 in Gwinnett County, Georgia (the "Collision"), you consumed any drug (including, but not limited to, prescription medications) or alcoholic beverage, please state the quantity consumed, the time at which it was consumed, and the place where it was consumed.

6

5.

Please state whether you had a valid driver's license at the time of the Collision; whether there were any restrictions on your driver's license either then or now; whether your driver's license has ever been suspended, and, if so, why; and whether your driver's license is presently valid.

6.

If you have been involved in any other motor vehicle collisions other than the Collision, please identify each motor vehicle collision by date and place and describe in detail how each motor vehicle collision occurred.

7.

Please state whether you have ever been charged with, pled guilty to, pled nolo contendre to, or been convicted of any crime, including traffic violations and DUIs, and, if so, please state the date and nature of the offence, the county and state in which you were charged, tried, or entered a plea, the sentence given to you, and the court where you were charged, pled, or were tried.

8.

If you have been a party to any other legal actions or proceedings, please describe in detail each action or proceeding, including the date of each action or proceeding, the court in which it was brought, and the names of the other parties involved.

9.

Please identify each insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment that may be entered in this action, and for each insurer give the following information:

7

(a)     The name and address of the company;

(b)     The limits of liability coverage;

(c)     The policy number; and

(d)     The name of the insured.

10.

Please identify all owners and/or lessors of the vehicle that you were operating at the time of the Collision (hereafter referred to as the "Vehicle").

11.

Please state whether you were the servant, agent, or employee of Defendant BERANE, INC. (hereinafter referred to as Defendant "BERANE") as of the time of the Collision and whether you were acting within the course and scope of your employment with Defendant BERANE, as of the time of the Collision.

12.

If it is your contention that you were not the servant, agent, or employee of Defendant BERANE, as of the time of the Collision and/or that you were not acting within the course and scope of an employment relationship with Defendant BERANE, as of the time of the Collision, please state the circumstances under which you were operating the Vehicle at the time of the Collision.

13.

Please state how long of a period of time before the Collision that you had experience operating the Vehicle.

14.

Please state when the Vehicle was last inspected and/or serviced prior to the Collision.

8

15.

Please describe in detail the nature of any mechanical defects that the Vehicle had at any time between the last inspection and/or servicing prior to the Collision and the date of the Collision.

16.

Please describe in detail the nature and extent of damage to the Vehicle as a result of the Collision, including whether the Vehicle was deemed a total loss or whether it was operational and/or utilized after the date of the Collision.

17.

Please identify the names, addresses, telephone numbers, and places of employment of all witnesses known to you who saw or claim to have seen all or any part of the Collision.

18.

Please identify the names, addresses, telephone numbers, and places of employment of all witnesses known to you having knowledge of relevant information, facts, or circumstances with respect to the Collision.

19.

Please identify all persons who have furnished statements, signed or unsigned, to you, your representative or attorney.

20.

Please identify each person you expect to call as an expert witness at the trial of this action and as to each:

(a)     Describe his/her qualifications as an expert;

(b)     State the subject matter upon which s/he is expected to testify;

9

(c)     State his/her opinions and include a summary of the grounds for each opinion;

(d)     Identify all documents which have been exchanged with each witness, including reports and billing statements and payments;

(e)     Describe the financial arrangements with the expert;

(f)     Identify by caption, court, and name of attorneys representing the plaintiff(s) and defendant(s) in all actions in which the expert has provided testimony in the five years preceding your response;

(g)     Identify all documents your expert reviewed, considered or relied upon in any way in forming his/her opinions; and

(h)     Identify all documents (including, but not limited to, videotapes and photographs) prepared by each witness which relate to the subject matter of this lawsuit.

21.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify the name and address of each such expert.

22.

Please describe in detail where you had been prior to the Collision, where were you going at the time of the Collision, and the time at which you were due to arrive at your destination.

23.

Please state whether you failed to maintain your lane, causing the Collision at issue. If you deny that you caused the Collision, please explain your basis for this contention.

24.

Please state in detail your version of how the Collision occurred, including your speed at the time of the Collision and what you did to avoid the Collision.

25.

Please state the substance of every utterance made by you, or to you, at the scene of the Collision, and please identify the speaker by name, if known, or by any other facts that might lead to the discovery of the speaker's identity.

26.

If, to your knowledge, information or belief, there are any photographs or drawings of the scene of the Collision, of any vehicle or other physical object involved in the Collision, or of any person (including any party) involved in the Collision, describe in detail each individual photograph or drawing, by whom it was made, the form (whether photographic print, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and name of the person having possession, custody, or control.

27.

Please describe the extent to which, prior to the Collision, you were familiar with the general area where the Collision occurred.

28.

Please identify any food, drug, or liquid that you ingested after the impact but before your drug and alcohol test. Please identify the name and location of the medical clinic and the doctor that issued your medical certificate.

29.

Please state whether you had a cell phone at the time of the Collision.

11

30.

Please provide the name and address of your cell phone service provider at the time of the Collision.

31.

Please provide your cell phone number at the time of the Collision and the address where you received the monthly billing statement for the cell phone.

32.

Please identify every act or event that supports each and every affirmative defense that you have raised.

33.

Please state if you have ever been diagnosed with following, and, if the answer is in the affirmative, please give the name and address of the doctor or medical facility where you were diagnosed:

    1)    Sleep apnea or any other sleep disorders with pauses in breathing while sleeping, daytime sleepiness, loud snoring;

    2)    Diabetes or elevated blood sugar; or

    3)    High blood pressure.

34.

Please state if you have ever been tested for sleep apnea or any other sleep disorders. If yes, please provide the name of the facility and doctor performing the test, and the date of the test.

12

35.

Please state the name and address of every doctor's office, medical clinic, medical facility, or hospital where you have been evaluated or treated in the past ten years.

36.

Please state the name and address of every doctor or PA who has performed a DOT physical for you in the past ten years.

37.

Have you received a citation in the past ten years for any traffic violation?  If so, please state what the violation was, when the violation occurred, where it happened, and the final disposition.

Respectfully submitted,

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for PLAINTIFF*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02110-S7**
**3/29/2023 12:22 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| HOSEA STEVENS, | : | |
| | : | CIVIL ACTION FILE NO. |
| Plaintiff, | : | |
| | : | 23-C-02110-S7 |
| v. | : | |
| | : | _____ |
| ERICK SANTIAGO-PEREZ, BERANE, INC., | : | |
| and COMPASS SPECIALTY INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | |

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT ERICK SANTIAGO-PEREZ

COMES NOW, Plaintiff and hereby serves his first Request for Production of Documents upon Defendant ERICK SANTIAGO-PEREZ. Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests Defendant serve written responses to this Request within forty-five (45) days from the date of service of this Request upon the undersigned counsel of record for Plaintiff at Ausband & Dumont, 825 Fairways Court, Suite 300, Stockbridge, Georgia 30281. The requested documents, recordings, and tangible things described herein shall be produced on the same date at the offices of Ausband & Dumont unless prior arrangements are made to produce these documents at another date, time, and location which are mutually agreed to by counsel for the parties. The production of documents will continue from day to day until all documents produced have been fully inspected, copied and any other necessary or related acts performed.

I. INSTRUCTIONS

A.    This Request for Production of Documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, so as to require Defendant to serve upon Plaintiff supplemental responses if Defendant, Defendant's attorneys or any person acting on Defendant's

behalf obtains further documents or information between the time the answers are served and the time of trial. Such documents or information shall be furnished to Plaintiffs within thirty (30) days after possession of such information or documents are discovered.

      B.      If you object to part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

      C.      If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any manner, please set forth the details of such qualifications.

      D.      In the event you wish to assert the attorney-client privilege, the work-product exclusion or any other privilege as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide Plaintiff with an identification of such document in writing, such identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom each copy or original was circulated, the names appearing on any circulation list of plaintiffs associated with such document, and a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

E.      Whenever production is requested of a document which is no longer in the possession, custody or control of Defendant, Defendant's response should identify the document by name, number, form or description, and by date made, and the date which the document was most recently in Defendant's possession, custody or control, the disposition made of the document, and the identity of the person or persons now in possession, custody or control of such document.  If the document has been lost or destroyed, the response should state the reason for its loss or destruction and the identity of the person or persons who lost or destroyed the document and who directed that the document be destroyed.

F.      It is requested that Defendant organize and label the documents produced hereunder to correspond with the categories numbered in these Requests.

## II. DEFINITIONS

A.      As used herein, the term document, whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act, and shall include without limitation, the following items, whether original, master or copy, printed, recorded, filmed, reproduced by any process, written, or produced by hand, that are or have been in the possession, control or custody of Defendant, whether or not claimed to be privileged against discovery on any grounds, namely: agreements; notes and memoranda; papers; communications, including intra-company and inter-company communications; letters; correspondence; cablegrams; radiograms; telegrams; telexes; facsimiles; e-mails; evaluations; summaries, records and minutes of telephone conversations, meetings or conferences, including lists of persons in attendance at the conversations, meetings or conferences; summaries and records of personal conversations or interviews; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants and experts; reports and summaries of

3

negotiations; any type of sound or visual production materials, including tape recordings; film; computer records; computer discs; computer or business machine printouts; computer databases, files or programs; medical records; publications; calendars; datebooks; diaries; journals; charts; compilations; studies; plans; sketches; drawings; maps; photographs; books; manuals; brochures; pamphlets; catalogs; catalog sheets; advertisements and circulars; trade letters; press and publicity releases; articles of incorporation; bylaws; minutes of board of directors meetings; office manuals; employee manuals; company rules and regulations, drafts or originals; telephone logs or records; calling card billing statements; credit card billing statements; telephone billing statements; invoices; receipts; expense reports; expense vouchers; cancellation notices; collection notices; financial statements; bank statements; deposit slips; checks; ledgers; payroll stubs; paycheck receipts; vouchers; accountant's work papers, statements, writings, and/or notations of records of meetings; contracts; promissory notes; leases; loan agreements; preliminary notes or marginal comments appearing on any document; stenographic or handwritten notes; every copy where the original is not in the possession, custody or the control of the party answering these requests; every copy where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original; other reports and records; any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced, that are in the possession, custody or control of either Defendant or Defendant's agents, attorneys, or representatives.

   B.   As used herein, the term "Plaintiff(s)" is intended to and shall designate HOSEA STEVENS.

4

C.      As used herein, the terms "Defendant," "you," and/or "your" shall mean or refer to ERICK SANTIAGO-PEREZ and Defendant's agents, representatives, attorneys, investigators and others who are or who have been in possession of or may have obtained information for or on behalf of Defendant in any matter or with respect to any matter referred to in this Request for Production of Documents.

D.      As used herein, the term "person" shall include, without limitation, an individual, natural person, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization, agency or entity.

E.      The terms "and" and "or" shall mean and/or.

F.      In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; the feminine includes the masculine.

G.      As used herein, "Complaint" means the complaint Plaintiff filed to initiate this action, as well as any amended complaint(s) Plaintiff has filed or may file in this action.

### III. DOCUMENT REQUESTS

1.

Please produce a copy of your driver's license.

2.

Please produce a copy of your driving record and/or driving history for the past seven (7) years.

3.

Please produce any and all photographs, sketches, transparencies, and/or drawings of any

5

person, party, vehicle, roadway, scene or any other object or thing relative to the motor vehicle Collision involving you and Plaintiff that occurred on or about March 30, 2022, on I-85 in Gwinnett County, Georgia (the "Collision") and/or the claims asserted in the Complaint.

4.

Please produce all reports of any type concerning the Collision, including any reports that were prepared by you or on your behalf.

5.

Please produce any and all damage appraisals and repair invoices of the vehicle driven by you at the time of the Collision (hereinafter referred to as the "Vehicle").

6.

Please produce a copy of the title of the Vehicle, or the lease papers or contracts if the Vehicle was not owned by you.

7.

Please produce all equipment and maintenance records pertaining to the Vehicle for one year prior to the Collision.

8.

Please produce any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance pertaining to this action and/or the Collision.

9.

Please produce all documents which record, reflect, or otherwise evidence, in whole or in part, information relating to experts retained for testimony including the following:

(a)     A resume or CV describing the qualifications of each retained expert;

6

(b)     The retention agreement and contract with each retained expert;

(c)     The opinions and notes and grounds for opinions of each retained expert;

(d)     Documents, including all correspondence, exchanged with each retained expert;

(e)     Reports of, billing statements from, and payments to, each retained expert;

(f)     Any list of testimony maintained by the retained expert that resembles, or actually constitutes, a Fed. R. Civ. P. Rule 26 expert's list of prior testimony;

(g)     All notes, photographs, videotapes, recordings, sketches, and measurements prepared by the retained expert relating to his work on this case; and

(h)     All studies, research, articles or documents whatsoever relied upon by your expert in reaching his/her opinions.

10.

Please produce any and all insurance agreements, contracts, and/or policies under which any insurance company or other insurer may be liable to satisfy part or all of any judgment which may be entered in this action or may be liable to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering you or the Vehicle.

11.

Please produce a copy of your log books/electronic logs for the 30 day period prior to Collision up to and including the day of the Collision.  If you do not have 30 days of logs, please state what logs were retained and the date when the rest of the logs were destroyed.

12.

Please produce a copy of any journals, trip logs, memos, note pads, handwritten notes or records, shadow log book, duplicate log book or trip report, itinerary, mileage notes or the like that were kept by you in addition to your pre-printed log books or electronic logs.

13.

Please produce an itemized statement with call details for your cell phone for the billing period in which the Collision occurred, and any cell phone that was in your truck at the time of the Collision.

14.

Please produce certified copies of your healthcare records (omitting no documents) from all healthcare practitioners of any type, who have treated or examined you for any reason, for the past 10 years. In the alternative, you may provide Plaintiff with the names and addresses of the practitioners who have treated you.

15.

Please produce certified copies of your healthcare records (omitting no documents) from all healthcare practitioners of any type, who have treated or examined you for any reason, since the Collision. In the alternative, you may provide Plaintiff with the names and addresses of those practitioners.

16.

Please produce every medical examiner's long form for each DOT physical you have had in the last ten years. In the alternative, you may provide Plaintiff with the names and addresses of the practitioners who performed the DOT physicals.

17.

Please produce any documents you receive in response to requests to non-parties for the production of documents in this case.

18.

Please produce documents you receive in response to any open record's requests in this case.

19.

Please produce all video, photographs, claims search, and other surveillance data collected by you, or anyone acting on behalf of you or your insurer, that pertains to the Plaintiff in this case.

Respectfully submitted,

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for PLAINTIFF*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

9

FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02110-S7**
**3/29/2023 12:22 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| HOSEA STEVENS, | : | |
| | : | CIVIL ACTION FILE NO. |
| Plaintiff, | : | |
| | : | 23-C-02110-S7 |
| v. | : | |
| | : | _____ |
| ERICK SANTIAGO-PEREZ, BERANE, INC., | : | |
| and COMPASS SPECIALTY INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | |

PLAINTIFF'S FIRST REQUEST TO ADMIT
TO DEFENDANT ERICK SANTIAGO-PEREZ

COMES NOW Plaintiff, and hereby propounds his First Request to Admit to Defendant

ERICK SANTIAGO-PEREZ, and requests he respond in writing and in a timely manner.

1.

Please admit you were an employee of Defendant BERANE, INC., (hereinafter referred

to as Defendant "BERANE"), at the time of the motor vehicle Collision involving you and

Plaintiff that occurred on or about March 30, 2022, on I-85 in Gwinnett County, Georgia (the

"Collision").

2.

Please admit you were acting within the scope of your employment with Defendant

BERANE at the time of the Collision.

3.

Please admit Defendant BERANE owned the vehicle you were driving at the time of the

Collision (hereinafter referred to as the "Vehicle").

4.

Please admit you were authorized by Defendant BERANE to drive the Vehicle at the time of the Collision.

5.

Please admit you followed too closely at the time of the Collision.

6.

Please admit you caused the Collision.

7.

Please admit Plaintiff was not negligent in any particular way immediately prior to or at the time of the Collision.

8.

Please admit Plaintiff did not contribute to causing the Collision.

9.

Please admit your view of the roadway was not obstructed at the time of the Collision.

10.

Please admit the Collision was not the fault of any person or entity not a party to this lawsuit.

11.

Please admit jurisdiction and venue are proper in this action.

12.

Please admit you have been properly served with process in this action.

Respectfully submitted,

AUSBAND & DUMONT

_/s/ Douglas C. Dumont//_
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

_Attorneys for PLAINTIFF_

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

3

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02110-S7**
**3/29/2023 12:22 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| HOSEA STEVENS, | : | |
| | : | CIVIL ACTION FILE NO. |
| Plaintiff, | : | |
| | : | 23-C-02110-S7 |
| v. | : | |
| | : | _____ |
| ERICK SANTIAGO-PEREZ, BERANE, INC., | : | |
| and COMPASS SPECIALTY INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COMPASS SPECIALTY INSURANCE COMPANY**

COMES NOW Plaintiff, and hereby serves these first Interrogatories and Request for Production of Documents upon COMPASS SPECIALTY INSURANCE COMPANY, Defendant. These Interrogatories and Request for Production of Documents are to be answered upon oath, and the responses are to be served upon the undersigned counsel within forty-five (45) days from the date of service.

### I. INSTRUCTIONS

A.     These Interrogatories and Request for Production of Documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, so as to require Defendant to serve upon Plaintiff supplemental responses if Defendant, Defendant's attorneys or any person acting on Defendant's behalf obtain further documents or information between the time the answers are served and the time of trial. Such supplemental responses are to be filed and served upon Plaintiff within thirty (30) days after receipt of such documents or information.

B.     Where a request is made to identify documents and demand is made to produce these documents, the documents need not be identified if they are produced.

1

C.     In answering these Interrogatories and Request for Production of Documents, furnish all information available to you, including information in the possession of your attorneys or their investigators, and all persons acting on your behalf, and not merely such information known of your own personal knowledge.

D.     If you object to a part of any Interrogatory or Request for Production of Documents and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory or Request for Production of Documents and refuse to answer for that scope or time period, state your objection and answer the Interrogatory for the scope or time period you believe is appropriate.

E.     If any of the Interrogatories or Request for Production of Documents cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any manner, please set forth the details of such qualifications.

F.     In the event you wish to assert attorney-client privilege, work product exclusion or any other privilege, as to any information, knowledge or fact requested by any of the following Interrogatories, then as to each such Interrogatory subject to such assertion, you are requested to provide Plaintiff with an identification of such claimed privileged information, knowledge or fact in sufficient detail to permit the Court to reach a determination as to the asserted privilege in the event of a motion to compel, and an indication of the basis for assertion of privilege or the like.

## II. DEFINITIONS

A.     As used herein, the term "document" whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil

Practice Act, and shall include without limitation, the following items, whether original, master or copy, printed, recorded, filmed, reproduced by any process, written, or produced by hand, that are or have been in the possession, control or custody of Defendant, whether or not claimed to be privileged against discovery on any grounds, namely: agreements; notes and memoranda; papers; communications, including intra-company and inter-company communications; letters; correspondence; cablegrams; radiograms; telegrams; telexes; facsimiles; e-mails; evaluations; summaries, records and minutes of telephone conversations, meetings or conferences, including lists of persons in attendance at the conversations, meetings or conferences; summaries and records of personal conversations or interviews; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants and experts; reports and summaries of negotiations; any type of sound or visual production materials, including tape recordings and film; computer records; computer discs; computer or business machine printouts; computer databases; files or programs; medical records; publications; calendars; datebooks; diaries; journals; charts; compilations; studies; plans; sketches; drawings; maps; photographs; books; manuals; brochures; pamphlets; catalogs; catalog sheets; advertisements and circulars; trade letters; press and publicity releases; articles of incorporation; bylaws; minutes of board of directors meetings; office manuals; employee manuals; company rules and regulations, drafts or originals; telephone logs or records; calling card billing statements; credit card billing statements; telephone billing statements; invoices; receipts; expense reports; expense vouchers; cancellation notices; collection notices; financial statements; bank statements; deposit slips; checks; ledgers; payroll stubs; paycheck receipts; vouchers; accountant's work papers, statements, writings, and/or notations of records of meetings; contracts; promissory notes; leases; loan agreements; preliminary notes or marginal comments appearing on any document; stenographic or handwritten notes; every copy where the original is not in the possession, custody or

the control of the party answering these interrogatories; every copy where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original; other reports and records; any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced, that are in the possession, custody or control of either Defendant or Defendant's agents, attorneys, or representatives.

B.      As used herein, the term "Plaintiff(s)" is intended to and shall designate HOSEA STEVENS.

C.      As used herein, the terms "Defendant," "you," and/or "your" shall mean or refer to COMPASS SPECIALTY INSURANCE COMPANY and Defendant's consultants, agents, representatives, attorneys, investigators, and any others acting for or on behalf of Defendant.

D.      As used herein, the term "person" shall include, without limitation, an individual, natural person, firm, partnership, corporation, proprietorship, association, union, governmental body, or any other organization or entity.

E.      The singular, plural, masculine, feminine, or neuter form of any noun or pronoun shall be read and be applied as including its other forms, as circumstances may make appropriate.

F.      As used herein, the terms "and" and "or" shall mean and/or.

G.      As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation, including relationship to other events.

H.      As used herein, the terms "specify," "identify," or "describe" in addition to any meaning given within an interrogatory, when used in reference to:

(1)      An individual shall mean to state his or her full name, present or last known

4

business and residence address (designating which) and business and residence telephone numbers (designating which), the name and address of his or her employer and his or her relationship to Defendant.

(2)    A firm, partnership, corporation, proprietorship, association or other organization or entity shall mean to state its full name and present or last known address and telephone numbers (designate which) and the legal form of such entity or organization.

(3)    An act, action or omission shall mean to state a description of the act, the date(s) on which it occurred, where it occurred, the identity of the person or persons performing said act (or, in the case of an omission, the person or persons failing to act), the identity of all persons who have knowledge, information or belief about the act, when the act or omission first became known to you, and the circumstances and manner in which you first obtained such knowledge.

(4)    A communication shall mean to state the date, location, and nature of the communication, the identity of the communicator and communicatee, the subject matter and substance of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto and identify any documents memorializing or constituting the communication and if the communication was by telephone, the telephone number from which the communication originated and the telephone number called.

I.    As used herein, "Complaint" means the complaint Plaintiff filed to initiate this action, as well as any amended complaint(s) Plaintiff has filed or may file in this action.

### III. INTERROGATORIES

1.

Give the name, address and telephone number of all persons that to you or your

representative's knowledge, information and belief:

    (a)    Were eyewitnesses to the collision giving rise to this lawsuit;

    (b)    Have relevant knowledge concerning any of the events giving rise to, or concerning, this lawsuit or any issue of liability or damages in this lawsuit, which were not identified in sub-part (a) above.

2.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, surveillance material and reports, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

3.

Please identify each person you expect to call as an expert witness at the trial of this action and as to each:

    (a)    Describe his/her qualifications as an expert;

    (b)    State the subject matter upon which s/he is expected to testify;

    (c)    State his/her opinions and include a summary of the grounds for each opinion;

    (d)    Identify all documents which have been exchanged with each witness, including reports and billing statements and payments;

    (e)    Describe the financial arrangements with the expert;

    (f)    Identify by caption, court, and name of attorneys representing the plaintiff(s) and defendant(s) in all actions in which the expert has provided testimony in the five years preceding your response;

6

(g)  Identify all documents your expert reviewed, considered or relied upon in any way in forming his/her opinions; and

(h)  Identify all documents (including, but not limited to, videotapes and photographs) prepared by each witness which relate to the subject matter of this lawsuit.

4.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving such statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person who has possession, custody, or control of each statement.

5.

Please identify, with reasonable particularity, all books, documents and other tangible items which support your defenses or contentions that have not already been identified, or which are otherwise relevant to the issues in this lawsuit, and give the name and address of the person(s) having possession, custody, or control of each such item.

6.

With respect to Defendant BERANE, INC.'s, policy of insurance, please state the effective dates of vehicle liability coverage which applied to the occurrence under investigation, and the amounts of each coverage provided to Defendant BERANE, INC., under the liability portions of said policy.

7.

State the name, address and relationship to you of each and every person who provided any information used in the responding to these Interrogatory questions.

7

IV. REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce the entire underwriting file for any policy of insurance applicable to the claim at issue in this case.

2.

Please produce the entire claim file for any claim established in the regular course of business as a result of the collision at issue in this case.

3.

Please produce any documents added to the underwriting file for any policy of insurance applicable to the claim at issue in this case since the time of the collision at issue in this case occurred.

4.

Please produce any documents received from any claims management service in regards to the claim at issue in this case.

5.

Please produce any photographs or video surveillance taken of the Plaintiff in this case.

6.

Please produce the results of any claims search performed on Plaintiff.

7.

Please produce any documents received from non-parties in this action as a result of Open Records requests or Requests to Produce to Non-Parties.

8.

Please produce all documents, emails, correspondence, electronically stored information, and

other tangible evidence which you contend support your defenses or contentions in this case.

Respectfully submitted,

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for PLAINTIFF*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (facsimile)
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

9