*Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson v. Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10*
*State Court of Gwinnett County, State of Georgia*
*Civil Action File Number:  23-C-00147-S3*

*Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson v. Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # _____)*

# EXHIBIT B:  PETITION FOR REMOVAL

## ALL PLEADINGS FILED IN THE STATE COURT OF DEKALB COUNTY

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00147-S3**

**1/9/2023 5:02 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson,** | 23-C-00147-S3 |
| **Plaintiffs,** | **Civil Action No. _____** |
| **v.** | |
| **Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10,** | |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES AND WRONGFUL DEATH

Come now, Plaintiffs, Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson, and file this Complaint for Damages and Wrongful Death against Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10, respectfully showing this Honorable Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Patricia Thompson was a citizen of the State of Georgia who died October 1, 2021.

2. Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as Executor of the Estate of Patricia Thompson, are entitled to bring this Survival and Wrongful Death Action in accordance with O.C.G.A §§ 9-2-41 and 51-4-2. *See* Exhibit A.

3. Upon information and belief, Defendant Roberta Operator, LLC d/b/a Roberta Health and Rehab is a foreign limited liability company authorized to do business in the State of Georgia. Upon information and belief, Defendant Roberta Operator, LLC holds a Nursing Home Permit to operate Roberta Health and Rehab, located at 420 Myrtle Drive, Roberta, Georgia 31078, and maintains a registered agent at: National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046, subjecting it to the venue and jurisdiction of this Court.

4. Upon information and belief, at all times relevant, Defendant Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab was a foreign limited liability company authorized to do business in the State of Georgia. At all times relevant, Defendant Mission Health of Georgia, LLC served as the manager and operator of Defendant Roberta Operator, LLC, and maintains a registered agent at: National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046, subjecting it to the venue and jurisdiction of this Court.

5. At all times relevant, Defendant Roberta Operator, LLC d/b/a Roberta Health and Rehab and Defendant Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab operated the facility located at 420 Myrtle Drive, Roberta, Georgia 31078, for purposes of providing care to the ill, injured, or disabled, such as Patricia Thompson.

6. At all times relevant, John Does Nos. 1-10 were employees and/or agents of Defendant Roberta Operator, LLC d/b/a Roberta Health and Rehab and Defendant Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, acting in the scope of their employment and/or contractual relationship with Defendant Roberta Operator, LLC d/b/a Roberta Health and Rehab and/or Defendant Mission Health of Georgia, LLC d/b/a

Roberta Health and Rehab, which are liable for the negligence of John Does Nos. 1-10 under theories of respondeat superior, vicarious liability, and the laws of agency of the State of Georgia.

7. Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 14-2-510 and GA. CONST. ART. VI, § 2, ¶ VI.

## FACTUAL ALLEGATIONS

8. Plaintiffs incorporate each of the preceding paragraphs of this Complaint as if fully set forth herein.

9. Patricia Thompson ("Thompson"), 63, was discharged to Roberta Health and Rehab ("the facility") originally on December 6, 2019, and readmitted following a fall and right hip fracture on June 14, 2021.

10. At all times relevant, Thompson was a high fall risk and at an increasing risk for pressure ulcer development during her stay within the facility, which spanned from December 6, 2019, through September 26, 2021.

11. On June 7, 2021, Thompson sustained a facility-acquired right hip fracture when she attempted ambulation to the bathroom without staff and walker assistance, although it was known to the facility that she required both for her safety per the facility's documentation.

12. Thompson was hospitalized at Coliseum Northside Hospital from June 7, 2021, through June 14, 2021. Upon readmission to the facility, Thompson was noted to have a 3 cm x 2.2cm SDTI wound on her right heel.

13. By September 1, 2021, the facility documented Thompson's right heel pressure ulcer had "now deteriorated to a painful unstageable wound with black eschar, yellow slough to

outer edge of wound measuring 2.7 cm x 2.1 cm," even though a September 5, 2021 entry by a facility nurse assessed Thompson as having, "skin normal."

14. By September 11, 2021, the facility documented Thompson was not able to transfer independently to and from bed, chair, or toilet. Thompson was unable to move independently from reclined to seated, had no trunk strength or control, and could not maintain a seated position.

15. On September 14, 2021, the facility deemed her to be a high risk for pressure ulcers with a Braden score of 12.

16. On September 16, 2021, the facility ordered Med Pass 120 ml TID due to poor appetite.

17. On September 23, 2021, Thompson's right heel pressure ulcer was note with further deterioration to measure 4.1 cm x 6.8 cm.

18. In addition, on September 23, 2021, a very large, painful newly identified stage II sacral pressure ulcer measuring 7.2 cm x 8.1 cm with serosanguineous exudate, dark pink/red, with yellow slough center as per the late entry note on September 28, 2021, was documented.

19. On September 26, 2021, the facility nurse Andrea Hinson LPN documented, "Summoned to resident's room via CNA. Resident noted starring, eyes fixed, unresponsive to verbal and tactile stimuli. B/S 249, Temp. 97.6. Unable to obtain B/P kept reading error. Pulse 86. Unable to obtain O2 sat. Placed call to ambulance service at 1:35 p.m., will be in route. Placed call to responsible party at 1:43 p.m. spoke with Lanette Bostick. Placed call to MD at 1:47 p.m." No attempt was made by facility staff to obtain a manual BP when the machine malfunctioned with an error code.

20. On September 26, 2021, Thompson was evaluated by an emergency physician at Atrium Health at approximately 4:07 p.m., finding: "Thompson lying in bed eyes are open nonverbal not moving her arms or legs. Head tilted to the left, ROS not performed as she was unresponsive. Labs indicated she was dehydrated and multiple electrolyte imbalances, Sodium 153 High, BUN 81 High, Creatinine 3.31 High; and septic as the CBC indicated a WBC level of 19.12 High, Neutrophils 88 High, and an elevated troponin. She was diagnosed with dehydration, sepsis, foul smelling odorous draining pressure wounds with eschar likely the source of sepsis/infection as per Dr. Tarra Danielle Spell, acute respiratory failure with hypoxemia, altered mental status, acute renal failure, leukocytosis, tachycardia, adult failure to thrive, hypokalemia, and hypernatremia. In addition to having very large necrotic wounds that went undocumented and untreated by the Roberta Nursing Home (facility) such as the following: Perineum wound, bilateral buttocks, left heel, right anterior knee, and left anterior knee."

21. Wounds acquired at Roberta Health were described as follows:

    a.  Sacral wound: facility acquired unstageable, odorous, soft leathery eschar, boggy.

    b.  R heel unstageable: upon readmission to the nursing home in June of 2021, this was a smaller 3 cm x 2.2cm SDTI, not an unstageable eschar covered wound of this size and severity.

    c.  L heel SDTI: facility acquired.

    d.  R knee SDTI: facility acquired.

    e.  L knee SDTI: facility acquired.

22. Upon evaluation, the family was provided the following recommendations: palliative consult versus extensive debriding to sacral/rectal wounds and right heel including diverting Ostomy. The family elected palliative care. She remained hospitalized until October 1, 2021, when she passed away at 6:58 p.m., prior to being transferred to Pine Point for hospice care.

## NEGLIGENCE & LIABILITY OF ROBERTA OPERATOR, LLC d/b/a ROBERTA HEALTH AND REHAB, MISSION HEALTH OF GEORGIA, LLC d/b/a ROBERTA HEALTH AND REHAB, AND JOHN DOES NOS. 1-10

23. Plaintiffs incorporate each of the preceding paragraphs of this Complaint as if fully set forth herein.

24. At all times relevant, Thompson was a high fall risk and at an increasing risk for pressure ulcer development

25. At all times relevant, per accepted medical practice, Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10 had a duty of care to their patient, Thompson, to provide suitable medical and skilled nursing care.

26. Per standard of care, when the facility administration accepted Thompson as its resident, initially and after readmission to the hospital, it was a representation that the facility could meet all her needs such as skin integrity, pressure ulcer prevention, medication management, treatment administration/wound care and other needs, safety and accident prevention needs and a commitment to meet them in fact.

27. Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10 deviated from the standard of care and contractual duties toward its resident which resulted in the resident suffering a fall

with a right hip fracture, severe sepsis from decompensation of skin integrity and development of multiple facility acquired necrotic pressure ulcers, and further impaired skin integrity healing due to friction with one person bed mobility assistance or pressure due to no assistance with mobility, failure to order and provide a low loss air mattress, failure to provide a routine turning schedule, failure to provide proper skin care/incontinence care/toileting, inadequate assessments and MD notification of skin impairment and wound infection, resulting in medical complications due to the facility's failure to provide care and services required by Thompson:

A. Inaccurate assessment of its resident's preventative skin care needs, supervision and personal hygiene needs, bed mobility needs, safety needs, and ignoring her pressure ulcer risk by staff failing to follow standards of practice pertaining to toileting assistance, skin care/assessments, and positioning needs. [§483.25 Quality of Care.]

B. Failure to develop, revise and implement an appropriate resident care plan to address the resident's safety/fall prevention needs, skin integrity needs, hydration needs (prevention of dehydration), medication administration needs, care needs, and prevent injury and pain management as Thompson suffered a fall with fracture and developed painful foul smelling necrotic facility acquired skin impairment exacerbated by lack of ADL care in the facility and not being provided 2 person assist with bed mobility and transfers, consistent incontinent care, turning and repositioning, or a low loss air mattress. [§483.20 (b-c) and §483.21(b-b2) Comprehensive Care Plan.]

- Each resident's care plan must reflect person-centered care, and include resident choices, preferences, goals, concerns/needs, and describe the services and care that is to be furnished to attain or maintain, or improve the resident's highest practicable physical, mental and psychosocial well-being.

C. Failure to implement and check at least every shift all necessary and appropriate protective skin positioning intervention, skin assessments, medications, and preventative skin care, including proper ADL assistance with 2 people for bed repositioning/transfers, consistent toileting/personal hygiene, preventative skin barrier cream, supervision with ambulation, adequate hydration to prevent dehydration. [§483.20 (b-c) and §483.21(b-b2) Comprehensive Care Plan; §483.12 Freedom from Abuse, Neglect, and exploitation.]

- Neglect: as defined at §483.5, means "the failure of the facility, its employees or service providers to provide goods and services to a resident that are necessary to avoid physical harm, pain, mental anguish or emotional distress."

- Deprivation of Goods and Services by Staff: Abuse also includes the deprivation by staff of goods or services that are necessary to attain or maintain physical, mental, and psychosocial well-being. In these cases, staff has the knowledge and ability to provide care and services, but choose not to do it, or acknowledge the request for assistance from a resident(s), which result in care deficits to a resident(s).

- Identifying Neglect: If the facility is aware of, or should have been aware of, goods or services that a resident(s) requires but the facility fails to provide them to the resident(s). Neglect of goods or services may occur when staff are aware, or should be aware, of residents' care needs, based on assessment and care planning, but are unable to meet the identified needs due to other circumstances, such as lack of training to perform an intervention (e.g., suctioning, transfers, use of equipment), lack of sufficient staffing to be able to provide the services, lack of supplies, or staff lack of knowledge of the needs of the resident.

D.  Failure to anticipate, intervene for, and protect its resident against repetitive progressive skin injury resulting in the development of multiple foul-smelling necrotic facility acquired pressure ulcers that went untreated and undocumented by the facility until she arrived at the ER. [§483.25(b) (1) Skin Integrity-Pressure Ulcers.]

- §483.25(b) Skin Integrity

§483.25(b)(1) Pressure ulcers.

Based on the comprehensive assessment of a resident, the facility must ensure that— (i) A resident receives care, consistent with professional standards of practice, to prevent pressure ulcers and does not develop pressure ulcers unless the individual's clinical condition demonstrates that they were unavoidable; and (ii) A resident with pressure ulcers receives necessary treatment and services, consistent with professional standards of

practice, to promote healing, prevent infection and prevent new ulcers from developing.

- "Avoidable" means that the resident developed a pressure ulcer/injury and that the facility did not do one or more of the following: evaluate the resident's clinical condition and risk factors; define and implement interventions that are consistent with resident needs, resident goals, and professional standards of practice; monitor and evaluate the impact of the interventions; or revise the interventions as appropriate.

E. Failure to recognize and intervene for prevention of significant dehydration, and facility acquired necrotic pressure ulcers. A resident residing in a skilled nursing facility should not develop any of these conditions while in the care of the facility unless it is thoroughly documented in the clinical record all preventative measures were in place and supported through daily ongoing documentation, and that the medical provider fully documented why dehydration, and necrotic infected pressure ulcers were unavoidable. In addition, appropriate preventative care, bed mobility assistance with 2 persons, incontinence care, and IV fluids for hydration, discussions, and education with the RP about hydration options, and basic ADL care would be consistently provided as reflected in the clinical record. Sadly care and services were not provided in such a manner or at all in many cases per the facility clinical record resulting in clearly avoidable dehydration and impaired skin integrity. [§483.60 Food and Nutrition Services.]

- §483.60 Food and nutrition services.

  The facility must provide each resident with a nourishing, palatable, well-

balanced diet that meets his or her daily nutritional and special dietary needs, taking into consideration the preferences of each resident.

- Adequate nutrition and hydration are essential for overall functioning. Nutrition provides vital energy and building blocks for all of the body's structures and processes. Any organ or body system may require additional energy or structural materials for repair or function. The skin is the body's largest organ system. It may affect, and be affected by, other body processes and organs. Skin condition reflects overall body function therefore, the presence of skin breakdown may be the most visible evidence of a health issue. [SOM §483.25(b) Skin Integrity.]

- A resident with a PU/PI who continues to lose weight either needs additional caloric intake or correction (where possible) of conditions that are creating a hypermetabolic state. Continuing weight loss and/or failure of a PU/PI to heal despite reasonable efforts to improve caloric and nutrient intake may indicate the resident is in multi-system failure or an end-stage or end-of-life condition warranting an additional assessment of the resident's overall condition. [SOM §483.25(b) Skin Integrity.]

- Failure to identify residents at risk for compromised nutrition and hydration may be associated with an increased risk of mortality and other negative outcomes, such as impairment of anticipated wound healing, decline in function, fluid and electrolyte imbalance/dehydration, and unplanned weight change. While food intake may be considered, ensuring a resident receives the fluids they require can more easily be overlooked.

Individuals who do not receive adequate fluids are more susceptible to urinary tract infections, pneumonia, pressure injuries, skin infections, confusion, and disorientation.

F. Failure to monitor, observe, and otherwise attend to its resident, including particularly to offer, provide supervision and assistance to its resident, accurately complete thorough skilled skin assessments with finding to the MD and RP, provide preventative interventions for impaired skin integrity as a resident residing in a skilled nursing facility should not develop a facility acquired pressure ulcer/ skin impairment or experience a decline in wound status or malnutrition/dehydration while in the care of the facility unless it is thoroughly documented in the clinical record all preventative measures were in place and supported through daily ongoing documentation, and the wound/skin impairment was unavoidable, which in this case appropriate preventative care, 2 person bed mobility assistance, incontinence care, and the administration of treatments were not provided as reflected in the clinical record. [§483.25(b) Skin Integrity, §483.25(b)(1) Pressure ulcers].

- Based on the comprehensive assessment of a resident, the facility must ensure that— (i) A resident receives care, consistent with professional standards of practice, to prevent pressure ulcers and does not develop pressure ulcers unless the individual's clinical condition demonstrates that they were unavoidable; and (ii) A resident with pressure ulcers receives necessary treatment and services, consistent with professional standards of

practice, to promote healing, prevent infection and prevent new ulcers from developing.

G. Failure to make contemporaneous complete and accurate entries in the resident chart, and instead hiding key facts about resident care from the medical providers and family members by failing to provide timely notification of status changes, and making late or incomplete or inaccurate resident chart entries. [483.70(i) Medical Records.]

H. Failure to maintain a complete and accurate medical record. [483.70(i) Medical Records.]

 - The facility must maintain clinical records, including medication administration, in accordance with accepted professional standards and practices that are complete, accurately documented, and readily accessible.

I. Failure to ensure their clinical staff were oriented, educated, in-serviced, and trained to meet the resident's health care needs. A nursing home's clinical staff should recognize, analyze, assess, and respond proactively to meet the resident's medical needs. [§483.35 Registered Nurse; §483.70 (f) Staff qualifications.]

J. Failure to ensure they provided sufficient qualified and competent staff who were substantively knowledgeable about specific medical needs and conditions of their resident in order to deliver care in an organized and efficient manner that meets their resident's needs. A nursing home is understaffed, and staffing is insufficient when, based on the number and qualification, and/or competency of the nursing home's staff, the health care needs, such as but not limited to, pressure ulcer healing and preventative interventions, hydration monitoring (intake/out

monitoring), investigation of and treatment for progressive decline of skin integrity and evolution of new pressure ulcers, skin care/personal hygiene/toileting, accuracy, physician notification of changes in wound and skin, and timeliness of documentation, were not being met. [§483.70 (f) Staff qualifications; §483.95 (g), Required In-Service Training for Nurse Aide; §483.40(a) For any staff caring for residents with dementia; §483.35 Sufficient staffing; §483.35 Registered Nurse.]

- §483.35 Nursing Services

  The facility must have sufficient nursing staff with the appropriate competencies and skills sets to provide nursing and related services to assure resident safety and attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care and considering the number, acuity and diagnoses of the facility's resident population in accordance with the facility assessment required at §483.70(e).

- §483.35(a) Sufficient Staff.

  §483.35(a)(1) The facility must provide services by sufficient numbers of each of the following types of personnel on a 24-hour basis to provide nursing care to all residents in accordance with resident care plans: (i) Except when waived under paragraph (e) of this section, licensed nurses; and (ii) Other nursing personnel, including but not limited to nurse aides.

  §483.35(a)(2) Except when waived under paragraph (e) of this section, the

facility must designate a licensed nurse to serve as a charge nurse on each tour of duty.

- §483.95 Training Requirements

  A facility must develop, implement, and maintain an effective training program for all new and existing staff; individuals providing services under a contractual arrangement; and volunteers, consistent with their expected roles. A facility must determine the amount and types of training necessary based on a facility assessment as specified at § 483.70(e).

- §483.95 Training Requirements

  (c) Abuse, neglect, and exploitation training;

  (g)(1) Regarding in-service training, (g)(2) dementia management & abuse prevention training, (g)(4) care of the cognitively impaired; and

  (h) Training of feeding assistants.

K. Failure to ensure that communication, including notification of resident changes in condition, between the nursing home, the responsible party/interested family members, its departments and the resident's attending physician about the resident was efficient, informative, thorough, timely, and undertaken with the objective of ensuring the nursing home provides and the resident receives the care and services she needs to reach and maintain her highest practicable level of well- being. [§483.10 (g)(14) Notification of Changes.]

L. Failure to notify and involve the facility medical director/providers in oversight and review of Thompson's clinical status, as no resident in a nursing facility should develop facility acquired dehydration, necrotic foul smelling facility

acquired pressure ulcers, or impaired skin integrity. [§483.10 (g)(14) Notification of Changes.]

- §483.10(g)(14) Notification of Changes.

  (i) A facility must immediately inform the resident; consult with the resident's physician; and notify, consistent with his or her authority, the resident representative(s) when there is—(A) An accident involving the resident which results in injury and has the potential for requiring physician intervention;

  (B) A significant change in the resident's physical, mental, or psychosocial status (that is, a deterioration in health, mental, or psychosocial status in either life-threatening conditions or clinical complications); (C) A need to alter treatment significantly (that is, a need to discontinue an existing form of treatment due to adverse consequences, or to commence a new form of treatment)

M. Failure to provide an environment free from harm, to promote and maintain an overall practicable level of wellbeing, and ensure adequate supervision, assistance and pressure reduction with two-person assist bed mobility, skin care/personal hygiene/toileting, prevent a fall with a right hip fracture including all data, believed to be factual, as listed within the background facts demonstrating ongoing neglect of Thompson. [§483.10 (i) Safe Environment; §483.25 (d) (1-2) Accidents.]

- §483.10(i) Safe Environment.

  The resident has a right to a safe, clean, comfortable and homelike

environment, including but not limited to receiving treatment and supports
for daily living safely.

- §483.25(d) Accidents.

The facility must ensure that – §483.25(d)(1) The resident environment
remains as free of accident hazards as is possible; and

- §483.25(d)(2) Each resident receives adequate supervision and assistance
devices to prevent accidents. "Supervision/Adequate Supervision" refers
to an intervention and means of mitigating the risk of an accident.
Facilities are obligated to provide adequate supervision to prevent
accidents. Adequate supervision is determined by assessing the
appropriate level and number of staff required, the competency and
training of the staff, and the frequency of supervision needed. This
determination is based on the individual resident's assessed needs and
identified hazards in the resident environment. Adequate supervision may
vary from resident to resident and from time to time for the same resident.

N. Failure to administer medications as ordered by the physician, and notify the
MD/RP when medications were held/unavailable/not administered. The facility
must ensure that its - §483.45(f)(2) Residents are free of any significant
medication errors.

28. Pursuant to O.C.G.A. § 9-11-9.1, Plaintiffs attach to this Complaint the Affidavit of Sue
Robinson, RN, BSN, LNHA, SMQT-C, who is qualified to testify as an expert in this
matter. Said affidavit sets forth at least negligent act or omission related to the care and
treatment of Patricia Thompson by Defendants Roberta Operator, LLC d/b/a Roberta

Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10, whose actions directly and proximately caused the injuries and death of Patricia Thompson. *See* Exhibit B.

## CAUSATION AND DAMAGES

29. Plaintiffs incorporate each of the preceding paragraphs of this Complaint as if fully set forth herein.

30. As a result of the negligence and gross negligence of Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10, Patricia Thompson suffered severe and painful injuries, including mental and physical pain and suffering prior to her death. Plaintiffs are entitled to recover for Patricia Thompson's pre-death mental and physical pain and suffering and all other special and general damages permitted by law.

31. As a result of the negligence and gross negligence of Defendants Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10, Patricia Thompson ultimately died from her injuries and conditions. Plaintiffs are entitled to recover for the wrongful death of Patricia Thompson, including the full value of Patricia Thompson's life and all other general and special damages permitted by law.

**WHEREFORE**, Plaintiffs respectfully demand:

A. That summons be issued requiring Defendants to be served as provided by law and requiring Defendants to answer this Complaint;

B.  That Plaintiffs have judgment against and recover from Defendants damages sufficient to compensate for the pre-death mental and physical pain and suffering and wrongful death of Patricia Thompson;

C.  That Plaintiffs have a trial by a fair and impartial jury of twelve members;

D.  That Plaintiffs have a judgment against, and recover from Defendants a sum in excess of $10,000;

E.  That Plaintiffs recover costs of this action;

F.  That Plaintiffs receive such other and further relief as this Court shall deem just and equitable.

Respectfully submitted this 9th day of January, 2023.

*/s/ Lindsay Simmons*
Lindsay Simmons
Georgia Bar No. 700261
David Dozier
Georgia Bar No. 228898
Attorneys for Plaintiffs

Dozier Law Firm, LLC
487 Cherry Street
Macon, Georgia 31201
P: 478-742-8441
F: 478-745-9097
lindsay@dozierlaw.com
david@dozierlaw.com

**Exhibit A**

## IN THE PROBATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

IN RE: ESTATE OF                    )
<u>PATRICIA BOSTIAN THOMPSON,</u>      )      ESTATE NO. <u>22PV46662</u>
DECEASED                            )

### LETTERS OF ADMINISTRATION
*[Bond waived and/or certain powers granted]*

At a regular term of probate court, this Court granted an order allowing <u>__Patricia Lanette Bostick__</u> to qualify as administrator(s) of the above-named decedent, who was domiciled in this county at the time of his or her death or was domiciled in another state but owned property in this county at the time of his or her death, and that upon so doing, letters of administration be issued to such personal representative(s).

THEREFORE, the said administrator(s), having taken the oath of office and complied with all necessary prerequisites of the law, is/are legally authorized to discharge all the duties and exercise all powers of personal representative(s), according to Georgia law. In addition this Court:

*[Initial all that apply]*

<u>SSH</u> (a)   ***POWERS GRANTED***: Grants to the administrator(s) all of the powers contained in O.C.G.A. § 53-12-261, except the administrator(s) shall not be authorized to bind the estate by any warrant in and conveyance or contract in violation of O.C.G.A. § 53-8-14(a).

<u>SSH</u> (b)   ***REPORTS WAIVED***: Grants to the administrator(s) the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court.

<u>SSH</u> (c)   ***BOND WAIVED***: Waives the specific requirement to post bond.

<u>SSH</u> (d)   ***STATEMENTS WAIVED***: Grants to the administrator the specific power to serve without furnishing to the heirs statements of receipts and disbursements.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this _____ day of OCT 0 5 2022, 20 ___.

/s/ Sarah S. Harris
_____
Judge of the Probate Court

NOTE:   *The following must be signed if the Judge does not sign the original of this document:*

Issued by:

_____
Clerk of the Probate Court



GPCSF 3                                                                    Eff. July 2021

**Exhibit B**

### AFFIDAVIT OF SUE ROBINSON, RN, BSN, LNHA, SMQT-C

State of Virginia
Pittsylvania County

**I.   Introduction**

My name is Sue Robinson. I am over the age of 18 years and I suffer from no disability which would render me incompetent to make this affidavit, which is based upon my review of the medical records of Patricia Thompson from Roberta Health and Rehab and Atrium Health Navicent Medical Center.

Based on my education, training, and experience, I am familiar with the standard of care ordinarily exercised by members of the medical and nursing profession, including the standard of care required in skilled nursing facilities, and treating patients under similar conditions and like surrounding circumstances which are described herein, and are reflected in the medical records of Patricia Thompson.

**II.   Background and Experience**

**A.  Licensure and Education**

I was licensed as a registered nurse in the State of Virginia at the time of the events discussed herein, and I remain continuously so licensed at the present time. At the time of the events discussed herein, I was actively practicing as a Director of Nursing in the State of Virginia.

I received my degree in nursing from Danville Regional School of Nursing in 1992 and a bachelor of science in nursing from Old Dominion University thereafter. I have been practicing as a registered nurse since 1992. I have been employed as Director of Nursing/Director of Compliance in long-term rehabilitation care and skilled nursing facilities since 2007.

**B. Actual Practice Experience with the Conditions and Acts of this Case**

Throughout December 2019 and September 2021, I had, and today have actual, professional knowledge, skill, training, education, and experience in the area of practice and specialty involved in this matter. In the three of the last five years preceding December 2019 through September 2021, I have been regularly engaged in the active practice of nursing, including in rehabilitation and skilled nursing facility settings like Roberta Health and Rehab, with sufficient frequency to establish an appropriate level of knowledge with regard to the management and care of patients at high risk for falls and pressure ulcer development. The actual professional knowledge that I have gained by the active practice of nursing, including patients like Patricia Thompson, enables me to express an opinion as to whether the employees/agents of Roberta Health and Rehab met the applicable standard of care in their collective care of treatment of Patricia Thompson between her admission on December 6, 2019 and her death on September 30, 2021.

Specifically, for three of the five years preceding December 2019 through September 2021, I have continuously and regularly worked in a Director of Nursing capacity and overseen patients administratively and clinically such as Patricia Thompson on a daily and ongoing basis each year.

**III.    Records Reviewed**

In reviewing the medical records identified above, I noted the following relevant information contained in these records, summarized below. Patricia Thompson, 63, was discharged to Roberta Health and Rehab originally on December 6, 2019 and readmitted following a fall and right hip fracture on June 14, 2021. At all times relevant, she was a high fall risk and at an increasing risk for pressure ulcer development during her stay within the facility, which spanned from December 6, 2019 through September 26, 2021.

On December 13, 2019, in conjunction with her December 6, 2019 admission, the facility completed a Minimum Data Set (MDS) assessment. Her BIMS score was 3, indicating severe cognitive impairment; no rejection of care; she required the supervision of one person for ambulation, bed mobility, and extensive assistance of two persons for toileting. (Roberta, 506, 510, 514). Her life expectancy was greater than 6 months and she did not have any pressure ulcers, skin tears, open lesions, and/or arterial ulcers. She did not have a turning and repositioning program in place. (Roberta, 531, 533, 535).

On March 14, 2020, the facility completed a MDS assessment finding in Section C: Cognition Thompson's BIMS was 5, demonstrating significant cognitive impairment. Her weight was 170 pounds, and she was at risk for pressure ulcers. (Roberta, 551-595). On May 21, 2020, and May 28, 2020, the facility documented Thompson's skin was intact with no open areas. (Roberta, 812, 811).

On June 12, 2020, the facility completed a MDS assessment for Thompson documenting in Section C: BIMS 5, severe cognitive impairment. Section G: Functional status indicated she required extensive two-person assistance with transfers and toileting. (Roberta, 596-644). No skin impairment was identified by the facility in July 2020. (Roberta, 802-806). Thompson's skin was assessed as intact, no open areas on August 6, 2020, August 11, 2020, August 18, 2020, and August 25, 2020. (Roberta, 798-801).

On September 5, 2020, at 2:37 PM, the facility documented a nursing evaluation. Thompson's weight had decreased to 165 pounds, a 6-pound loss; alert, oriented to person (only) yet no memory problem evident; skin integrity normal and always continent of bowel and bladder. (Roberta, 746-755). On September 9, 2020, the facility completed a MDS assessment, finding Thompson's BIMS as 6, indicating significant cognitive impairment. She was at risk for pressure

ulcers, and had no skin impairment. She was not provided a turning and repositioning program. (Roberta, 645-692).

On October 6, 2020, October 13, 2020, October 20, 2020, and October 27, 2020, Thompson was assessed to have no open areas of her skin. (Roberta, 789-792). And, on November 3, 2020, November 10, 2020, November 17, 2020, and November 24, 2020, Thompson was assessed to have no open areas of her skin. (Roberta, 785-788).

On December 10, 2020, the facility completed a MDS Assessment, finding Thompson's BIMS was a 7, demonstrating severe cognitive impairment. Section M indicated she was at risk for pressure ulcers; however, the facility did not have a turning/repositioning schedule in place. (Roberta, 1813-1857). Her Braden score by the facility was 17 on December 13, 2020. (Roberta, 717). On December 8, 2020, December 15, 2020, December 20, 2020, and December 27, 2020, Thompson was assessed to have no open areas of her skin. (Roberta, 2380-2383).

Review of the January 2021 MAR revealed the following facility failures (Roberta,1379-1408):

- Scheduled Novolog insulin was not administered x 9 doses.

- Accu checks and SSI insulin were not provided x 4 doses.



Review of the January 2021 ADL records demonstrated the following failures on the part

of facility (Roberta, 2476- 2488):

- Bed mobility: no physical assistance was provided with bed mobility x 84 shifts.
  (Roberta, 2477).

- Personal Hygiene: no assistance was provided with personal hygiene x 73 shifts.
- Toileting: no assistance was provided with toileting x 83 shifts.  However, 1-
  person/limited to extensive assistance was provide x 9 during this same time frame
  demonstrating the necessity of extensive toileting assistance. (Roberta, 2479).

- No assistance with transfers were provided x 74 shifts. (Roberta, 2480).

- Care plan was not reviewed on any shift. (Roberta, 2482).
- Mobility devices: no walker provided x 18 shifts. (Roberta, 2482).



- Skin monitoring:  not provided x 3 shifts, facility documented no scratches, red areas, skin tears, discoloration or open areas noted at all other times in the month. (Roberta, 2483).



On January 5, 2021, January 12, 2021, January 19, 2021, and January 26, 2021,

Thompson was assessed to have "skin intact, with no open areas" of her skin. Review of the

February 2021 MAR revealed the facility failed to administer scheduled novolog x 8 doses. (Roberta, 1409- 1437).



Review of the February 2021 ADL documentation demonstrated the following facility failures. (Roberta, 2489- 2499).

- Bed mobility: no physical assistance was provided with bed mobility x 78 shifts. (Roberta, 2490).



- Personal Hygiene: no assistance was provided with personal hygiene x 71 shifts. (Roberta, 2492).
- Toileting: no assistance was provided with toileting x 76 shifts.  However, 1-person/limited to extensive assistance was provide x 7 during this same time frame, demonstrating she required assistance. (Roberta, 2492).

- No assistance with transfers was provided x 70 shifts. Limited assistance of 1-person was provided x 7. (Roberta, 2493).



- Care plan was not reviewed on any shift. (Roberta, 2495).
- Mobility devices: no walker provided x 11 shifts. (Roberta, 2495).



- Skin monitoring:  not provided x 1 shifts, facility documented no scratches, red areas, skin tears, discoloration or open areas noted at all other times in the month. (Roberta, 2496).

On February 2, 2021, February 9, 2021, February 16, 2021 and February 23, 2021,

Thompson's skin was assessed as being intact, with no open areas. (Roberta, 2372-2375).

On February 24, 2021, the facility completed a MDS assessment documenting

Thompson's BIMS was 7, demonstrating severe cognitive impairment. Section E0800: No

rejection of care. Section G: Functional Status demonstrated she required Bed Mobility: limited

of 1; Transfer: supervision of 1; Dressing: limited assistance of 1; Eating: supervision set up;

Toileting: limited assistance of 1; and Personal Hygiene: Limited assistance of 1. Section J.

1400: Prognosis > 6 mos. Section M: At a high risk for PU; No turning /repositioning schedule;

No pressure reduction to chair; No application of ointments or creams. [Roberta, 1858- 1902].

Review of the March 2021 ADL documentation revealed the facility failed to provide the

following assistance:

- Bed mobility: no physical assistance was provided with bed mobility x 81 shifts.
  (Roberta, 2504).

- Personal Hygiene: no assistance was provided with personal hygiene x 73 shifts. (Roberta, 2506).
- Toileting: no assistance was provided with toileting x 77 shifts. However, 1-person/limited to extensive assistance was provide x 15 during this same time frame. (Roberta, 2506).

Date Range: 3/1/2021 to 3/31/2021

- No assistance with transfers was provided x 68 shifts. (Roberta, 2507).

Date Range: 3/1/2021 to 3/31/2021

- Care plan was not reviewed on any shift. (Roberta, 2510).
- Mobility devices: no walker provided x 16 shifts. (Roberta, 2510).

Date Range: 3/1/2021 to 3/31/2021

- Skin monitoring: not provided x 1 shifts, facility documented no scratches, red areas, skin tears, discoloration or open areas noted at all other times in the month. (Roberta, 2511).



On March 9, 2021, March 16, 2021, March 23, 2021 and March 30, 2021, Thompson's skin was assessed as being intact, with no open areas. (Roberta, 2367-2370).

On March 24, 2021, the facility completed a MDS assessment for Thompson indicating in Section C: Cognition: she had severe cognitive impairment with a BIMS of 7.  Section E0800: No rejection of care. Section G: Functional Status: Bed Mobility: limited assistance of 1, Transfer: limited assistance of 1; Dressing: supervision of 1, Eating: supervision and set up, Toileting: supervision of 1, Personal Hygiene: supervision of 1. Section J 1400 Prognosis > 6 mos. Weight: 170. Section M: High risk for pressure ulcers with no Pressure reduction for bed, no turning /repositioning schedule, no pressure reduction to chair, and no application of ointments or creams. (Roberta, 1903-1947).

Review of the April 2021 ADL documentation revealed the facility failed to provide the care and assistance Thompson required in the following areas. Roberta, (2515- 2530).

- Bed mobility: no physical assistance was provided with bed mobility x 82 shifts. (Roberta, 2518).



Resident: Thompson, Patricia DOB: 12/10/1955 Gender: Female MR#: 7504

Date Range: 4/1/2021 to 4/30/2021

Resident: THOMPSON, PATRICIA (7504) Admission: 12/06/2019 Location: 2 34 2

| Intervention / Task | Time | | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| ADL: Bed Mobility | Qshift | Day (POC 7-3) (0700-1500) | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 |
| | Qshift | Evening (POC) (1500-2300) | YA,1 1 | YA,1 1 | YA,1 1 | YA,0 0 | YA,1 1 | YA,0 0 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,0 1 | YA,0 0 | YA,0 0 | YA,0 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,4 2 | YA,1 1 | YA,1 1 | YA,2 2 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 |
| | Qshift | Night (POC) (2300-0700) | YA,1 1 | YA,1 1 | YA,0 0 | YA,2 2 | YA,1 1 | YA,2 2 | YA,0 0 | YA,0 0 | YA,0 0 | YA,0 1 | | YA,2 2 | YA,1 1 | YA,1 1 | YA,0 0 | YA,1 1 | YA,1 1 | YA,0 0 | YA,1 1 | YA,1 1 | YA,1 1 | | YA,2 2 | YA,2 2 | YA,0 0 | YA,1 1 | YA,0 0 | | YA,1 1 | YA,2 2 |
| | Qshift | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | YA,1 1 | X | X | X |

(Effective Date: 02/12/2021 21:57 - Current) 1- Resident is in the community YA- Yes N - No R - Refused OC- Not in Community
(Effective Date: Created Date - Current) 2- BED MOBILITY, SELF PERFORMANCE - How resident moves to and from lying position, turns side to side, and positions body while in bed or alternate sleep furniture 0 - INDEPENDENT - No help or staff oversight at any time 1 - SUPERVISION - Oversight, encouragement or cueing 2 - LIMITED ASSISTANCE - Resident highly involved in activity, staff provide guided maneuvering of limbs or other non-weight-bearing assistance 3 - EXTENSIVE ASSISTANCE - Resident involved in activity, staff provide weight-bearing support 4 - TOTAL DEPENDENCE - Full staff performance 8 - ACTIVITY DID NOT OCCUR or family and/or non-facility staff provided care 100% of the time for that activity
(Effective Date: Created Date - Current) 3- BED MOBILITY: SUPPORT PROVIDED - How resident moves to and from lying position, turns side to side, and positions body while in bed or alternate sleep furniture 0 - No setup or physical help from staff 1 - Setup help only 2 - One person physical assist 3 - Two+ persons physical assist 8 - ADL activity itself did not occur or family and/or non-facility staff provided care 100% of the time

- Personal Hygiene: no assistance was provided with personal hygiene x 67 shifts.
- Toileting: no assistance was provided with toileting x 75 shifts. However, 1-person/limited to extensive assistance was provide x 14 during this same time frame. (Roberta, 2520).

Date Range: 4/1/2021 to 4/30/2021

Resident: THOMPSON, PATRICIA (7504) Admission: 12/06/2019 Location: 2 34 2

| Intervention / Task | Time | | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| ADL: Personal Hygiene | Qshift | Day (POC 7-3) (0700-1500) | YA,1 1 | YA,1 1 | YA,1 1 | YA,4 2 | YA,3 2 | YA,2 2 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,2 2 | YA,2 2 | YA,1 1 | YA,1 1 | YA,1 1 | YA,3 2 | YA,1 1 | YA,1 1 | N |
| | Qshift | Evening (POC) (1500-2300) | YA,1 1 | YA,0 0 | YA,1 1 | YA,4 2 | YA,1 1 | YA,3 2 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,0 0 | YA,2 2 | YA,3 2 | YA,2 2 | YA,4 2 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,0 0 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 |
| | Qshift | Night (POC) (2300-0700) | YA,1 1 | YA,1 1 | YA,2 2 | YA,0 0 | YA,1 1 | YA,2 2 | YA,3 2 | YA,0 1 | YA,4 2 | YA,0 1 | | YA,2 2 | YA,1 1 | YA,1 1 | YA,4 2 | YA,0 0 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | | YA,2 2 | YA,3 2 | YA,2 2 | YA,1 1 | YA,0 0 | | YA,1 1 | YA,2 2 |
| | Qshift | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | YA,1 1 | X | X | X |

(Effective Date: 02/12/2021 21:57 - Current) 1- Resident is in the community YA- Yes N - No R - Refused OC- Not in Community
(Effective Date: Created Date - Current) 2- PERSONAL HYGIENE, SELF PERFORMANCE - How resident maintains personal hygiene, including combing hair, brushing teeth, shaving, applying makeup, washing/drying face and hands (excludes baths and showers) 0 - INDEPENDENT - No help or staff oversight at any time 1 - SUPERVISION - Oversight, encouragement or cueing 2 - LIMITED ASSISTANCE - Resident highly involved in activity, staff provide guided maneuvering of limbs or other non-weight-bearing assistance 3 - EXTENSIVE ASSISTANCE - Resident involved in activity, staff provide weight bearing support 4 - TOTAL DEPENDENCE - Full staff performance 8 - ACTIVITY DID NOT OCCUR or family and/or non-facility staff provided care 100% of the time for that activity
(Effective Date: Created Date - Current) 3- PERSONAL HYGIENE: SUPPORT PROVIDED - How resident maintains personal hygiene, including combing hair, brushing teeth, shaving, applying makeup, washing/drying face and hands (excludes baths and showers) 0 - No setup or physical help from staff 1 - Setup help only 2 - One person physical assist 3 - Two+ persons physical assist 8 - ADL activity itself did not occur or family and/or non-facility staff provided care 100% of the time

| Intervention / Task | Time | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADL: Toilet Use | Qshift | Day (POC 7-3) (0700-1500) | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,0 0 | YA,0 0 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 |
| | Qshift | Evening (POC) (1500-2300) | YA,1 1 | YA,0 0 | YA,0 0 | YA,3 2 | YA,1 1 | YA,3 2 | YA,1 1 | YA,1 1 | YA,1 1 | YA,0 0 | YA,1 1 | YA,3 2 | YA,3 2 | YA,0 1 | YA,3 2 | YA,0 0 | YA,1 1 | YA,1 1 | YA,1 1 | YA,0 0 | YA,1 1 | YA,1 1 | YA,0 0 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,4 3 |
| | Qshift | Night (POC) (2300-0700) | YA,1 1 | YA,1 1 | YA,0 1 | YA,1 1 | YA,1 1 | YA,2 2 | YA,0 1 | YA,3 2 | YA,3 2 | YA,3 2 | | YA,2 2 | YA,1 1 | YA,1 1 | YA,0 1 | YA,1 1 | YA,0 0 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | | YA,2 2 | YA,2 2 | YA,0 0 | YA,1 1 | YA,0 0 | | YA,1 1 | YA,2 2 |
| | Qshift | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | YA,1 1 | X | X | X |

(Effective Date: 02/12/2021 21:57 - Current) 1- Resident is in the community YA- Yes N - No R - Refused OC- Not in Community
(Effective Date: Created Date - Current) 2- TOILET USE: SELF PERFORMANCE - How resident uses the toilet room, commode, bedpan, or urinal; transfers on/off toilet; cleanses self after elimination; changes pad; manages ostomy or catheter; and adjusts clothes. Do not include emptying of bedpan, urinal, bedside commode, catheter bag or ostomy bag 0 - INDEPENDENT - No help or staff oversight at any time 1 - SUPERVISION -

- No assistance with transfers was provided x 81 shifts. Limited assist of 1 was provided x 6. (Roberta, 2521).

Resident: Thompson, Patricia DOB: 12/10/1955 Gender: Female MR#: 7504

Date Range: 4/1/2021 to 4/30/2021

Resident: THOMPSON, PATRICIA (7504) Admission: 12/06/2019 Location: 2 34 2

| Intervention / Task | Time | | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |

Oversight, encouragement or cueing 2 - LIMITED ASSISTANCE - Resident highly involved in activity, staff provide guided maneuvering of limbs or other non-weight-bearing assistance 3 - EXTENSIVE ASSISTANCE - Resident involved in activity, staff provide weight-bearing support 4 - TOTAL DEPENDENCE - Full staff performance 8 - ACTIVITY DID NOT OCCUR or family and/or non-facility staff provided care 100% of the time for that activity
(Effective Date: Created Date - Current) 3- TOILET USE: SUPPORT PROVIDED - How resident uses the toilet room, commode, bedpan, or urinal; transfers on/off toilet; cleanses self after elimination; changes pad; manages ostomy or catheter; and adjusts clothes. Do not include emptying of bedpan, urinal, bedside commode, catheter bag or ostomy bag 0 - No setup or physical help from staff 1 - Setup help only 2 - One person physical assist 3 - Two+ persons physical assist 8 - ADL activity itself did not occur or family and/or non-facility staff provided care 100% of the time

| Intervention / Task | Time | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADL: Transferring | Qshift | Day (POC 7-3) (0700-1500) | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,0 0 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 |
| | Qshift | Evening (POC) (1500-2300) | N | YA,0 0 | YA,0 0 | YA,0 1 | YA,0 0 | YA,1 1 | YA,1 1 | YA,1 1 | N | YA,0 0 | YA,0 0 | YA,0 0 | YA,0 1 | YA,0 1 | YA,0 1 | YA,0 0 | YA,1 1 | YA,1 1 | YA,1 1 | YA,0 0 | YA,1 1 | YA,1 1 | YA,0 0 | YA,1 1 | YA,0 0 | YA,1 1 | YA,0 0 | YA,0 0 | YA,1 1 | YA,1 1 |
| | Qshift | Night (POC) (2300-0700) | YA,0 0 | YA,0 0 | YA,0 1 | YA,0 0 | YA,0 0 | YA,2 2 | YA,0 0 | YA,0 0 | YA,0 1 | YA,0 1 | | YA,2 2 | YA,1 1 | YA,0 1 | YA,0 0 | YA,1 1 | YA,0 0 | YA,1 1 | YA,1 1 | YA,1 1 | YA,2 2 | | YA,2 2 | YA,2 2 | YA,0 0 | YA,1 1 | YA,0 0 | | YA,0 0 | YA,2 2 |
| | Qshift | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | YA,1 1 | X | X | X |

(Effective Date: 02/12/2021 21:57 - Current) 1- Did the resident transfer to or from bed, chair or wheelchair? YA- Yes N - No R - Refused OC- Not in Community
(Effective Date: Created Date - Current) 2- TRANSFER: SELF PERFORMANCE - How resident moves between surfaces including to or from: bed, chair, wheelchair, standing position (excludes to/from bath/toilet) 0 - INDEPENDENT - No help or staff oversight at any time 1 - SUPERVISION - Oversight, encouragement or cueing 2 - LIMITED ASSISTANCE - Resident highly involved in activity, staff provide guided maneuvering of limbs or other non-weight-bearing assistance 3 - EXTENSIVE ASSISTANCE - Resident involved in activity, staff provide weight-bearing support 4 - TOTAL DEPENDENCE - Full staff performance 8 - ACTIVITY DID NOT OCCUR or family and/or non-facility staff provided care 100% of the time for that activity
(Effective Date: Created Date - Current) 3- TRANSFER: SUPPORT PROVIDED - How resident moves between surfaces to or from: bed, chair, wheelchair, standing position (excludes to/from bath/toilet) 0 - No setup or physical help from staff 1 - Setup help only 2 - One person physical assist 3 - Two+ persons physical assist 8 - ADL activity itself did not occur or family and/or non-facility staff provided care 100% of the time

- Care plan was not reviewed on any shift. (Roberta, 2523).

- Mobility devices: no walker provided x 17 shifts. (Roberta, 2534).

Date Range: 4/1/2021 to 4/30/2021

Resident: Thompson, Patricia (7504) Tasks: Interventions and Tasks Type: All Schedule: April 2021

Resident: THOMPSON, PATRICIA (7504) Admission: 12/00/2019 Location: 2 34 2

| Intervention / Task | Time | | Thu 1 | Fri 2 | Sat 3 | Sun 4 | Mo 5 | Tue 6 | We 7 | Thu 8 | Fri 9 | Sat 10 | Sun 11 | Mo 12 | Tue 13 | We 14 | Thu 15 | Fri 16 | Sat 17 | Sun 18 | Mo 19 | Tue 20 | We 21 | Thu 22 | Fri 23 | Sat 24 | Sun 25 | Mo 26 | Tue 27 | We 28 | Thu 29 | Fri 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Care Plan Reviewed | Once | Day (POC 7-3) (0700-1500) | Y | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| | Once | Evening (POC) (1500-2300) | Y | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| | Once | Evening 2 (POC) (1400-2200) | | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| | Once | Night (POC) (2300-0700) | | Y | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| (Effective Date: Created Date - Current) 1- Care Plan Was Reviewed and I Agree with Current Plan Y - Yes N - No | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Mobility Devices | Once | Day (POC 7-3) (0700-1500) | N,N,Y | N,Y,N | N,Y,N | N,N,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,N,Y | N,Y,N | N,Y,N | N,Y,Y | N,Y,Y | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,Y | N,N,Y | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,N,N | N,Y,N | N,Y,N |
| | Once | Evening (POC) (1400-2200) | N,Y,N | N,Y,N | N,Y,N | N,N,Y | N,N,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,N,Y | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,N,Y | N,Y,N | N,Y,N | N,Y,N | N,N,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N |
| | Once | Night (POC) (2300-0700) | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,N,Y | N,Y,N | N,Y,N | N,N,Y | | N,Y,N | N,Y,N | N,Y,N | N,N,Y | N,Y,N | N,N,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | | N,N,Y | N,N,Y | N,N,Y | N,Y,N | N,N,Y | | N,Y,N | N,Y,N |
| | Once | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | N,Y,N | X | X | X |

(Effective Date: Created Date - Current) 1- Cane/crutch Y - Yes N - No
(Effective Date: Created Date - Current) 2- Walker Y - Yes N - No
(Effective Date: Created Date - Current) 3- Wheelchair (manual or electric) Y - Yes N - No

- Skin monitoring: not provided x 3 shifts, facility documented no scratches, red areas, skin tears, discoloration or open areas noted at all other times in the month. (Roberta, 2524).

Date Range: 4/1/2021 to 4/30/2021

Resident: Thompson, Patricia (7504) Tasks: Interventions and Tasks Type: All Schedule: April 2021

Resident: THOMPSON, PATRICIA (7504) Admission: 12/00/2019 Location: 2 34 2

| Intervention / Task | Time | | Thu 1 | Fri 2 | Sat 3 | Sun 4 | Mo 5 | Tue 6 | We 7 | Thu 8 | Fri 9 | Sat 10 | Sun 11 | Mo 12 | Tue 13 | We 14 | Thu 15 | Fri 16 | Sat 17 | Sun 18 | Mo 19 | Tue 20 | We 21 | Thu 22 | Fri 23 | Sat 24 | Sun 25 | Mo 26 | Tue 27 | We 28 | Thu 29 | Fri 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MONITORING: Behavior Symptoms | Once | Day (POC 7-3) (0700-1500) | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 |
| | Once | Day (POC 7-3) (0700-1500) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| | Once | Evening (POC) (1500-2300) | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 |
| | Once | Night (POC) (2300-0700) | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | | YA,12 | YA,12 |
| | Once | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| (Effective Date: 03/12/2021 21:57 - Current) 1- Resident is in the community YA- Yes N - No R - Refused OC- Not in Community (Effective Date: Created Date - Current) 2- Behavior Symptoms 0 - Frequent Crying 2 - Repeats Movement 3 - Yelling/Screaming 4 - Kicking/Hitting 13- Pushing 14- Grabbing 5 - Pinching/Scratching/Spitting 6 - Biting 7 - Wandering 8 - Abusive Language 9 - Threatening Behavior 10- Sexually Inappropriate 11- Rejection of Care 12- None of the above observed. | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| MONITORING: New Skin Observation | Once | Day (POC 7-3) (0700-1500) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| | Once | Evening (POC) (1500-2300) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| | Once | Night (POC) (2300-0700) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | | 5 | 5 | 5 | 5 | 5 | | 5 | 5 |
| | Once | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |

(Effective Date: Created Date - Current) 1- Skin Observation 0 - Scratched 1 - Red Area 2 - Discoloration 3 - Skin Tear 4 - Open Area 5 - None of the above observed
(Effective Date: Created Date - Current) 2- Was the Nurse notified? Y - Yes N - No
(Effective Date: 03/30/2016 15:20 - Current) 3- Location? 1 - Lower right arm (including elbow) 2 - Upper right arm 3 - Lower left arm (including elbow) 4 - Upper left arm 5 - Front of body 6 - Back 7 - Perineal area 8 - Head (including ears, not face) 9 - Face (not head) 10- Right hand 11- Left hand 12- Right foot 13- Left foot 14- Buttocks / coccyx 15- Left hip 16- Right hip 17- Right Lower Extremity (including shin) 18- Left Lower Extremity

Review of the April 2021 MAR revealed the facility failed to administer scheduled

Novolog 15 U was not administered x 2 doses. (Roberta, 1469-1498).

| Schedule for Apr 2021 | Hours | Thu 1 | Fri 2 | Sat 3 | Sun 4 | Mon 5 | Tue 6 | Wed 7 | Thu 8 | Fri 9 | Sat 10 | Sun 11 | Mon 12 | Tue 13 | Wed 14 | Thu 15 | Fri 16 | Sat 17 | Sun 18 | Mon 19 | Tue 20 | Wed 21 | Thu 22 | Fri 23 | Sat 24 | Sun 25 | Mon 26 | Tue 27 | Wed 28 | Thu 29 | Fri 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

_(The remainder of this page consists of dense medication administration record grids that are illegible at this resolution.)_

The facility documented on April 6, 2021, April 13, 2021, April 20, 2021, and April 27, 2021, Thompson's skin was intact with no open areas. (Roberta, 2363-2366).

On April 30, 2021, the facility completed a MDS assessment indicating in Section C: BIMS 8 score. (Roberta, 1953, 1957, 1958, 1972, 1976). E0800. No rejection of care. Section G: Functional Status, Bed Mobility: supervision of 1, Transfer: supervision of 1, Dressing: supervision of 1, Eating: supervision set up, Toileting: supervision of 1, Personal Hygiene: supervision of 1; Section J 1400 Prognosis > 6 mos.; Weight: 171; Section M: at high risk for pressure ulcers; No turning /repositioning schedule; No pressure reduction to chair; No application of ointments or creams.

Review of the May 2021 ADL documentation revealed the facility failed to provide care and assistance required by Thompson as follows (Roberta, 2531-2543):

- Bed mobility: No physical assistance was provided with bed mobility x 86 shifts. She was provided limited 1-person assistance x 6. (Roberta, 2532).

_(A May 2021 ADL documentation grid for Resident THOMPSON, PATRICIA (7504) follows; it is illegible at this resolution.)_

- Personal Hygiene: no assistance was provided with personal hygiene x 77 shifts. (Roberta, 2534).
- Toileting: no assistance was provided with toileting x 86 shifts.  However, 1-person/limited. To extensive assistance was provide x 6 during this same time frame. (Roberta, 2534).



- No assistance with transfers was provided x 86 shifts. (Roberta, 2535).

- Care plan was not reviewed on any shift. (Roberta, 2537).
- Mobility devices: no walker provided x 7 shifts. (Roberta, 2537).

Date Range: 6/1/2021 to 5/31/2021

Resident: Thompson, Patricia (7504) Tasks: Interventions and Tasks Type: All Schedule: May 2021

Resident: THOMPSON, PATRICIA (7504) Admission: 12/06/2019 Location: 2 34 2

| Intervention / Task | Time | | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
| Care Plan Reviewed | Qshift | Day (POC 7-3) (0700-1500) | Y | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| | Qshift | Evening (POC) (1500-2100) | Y | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| | Qshift | Evening 2 (POC) (1400-2200) | | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| | Qshift | Night (POC) (2300-0700) | | Y | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | Y | Y | X | X | X | X | X | X | X | X | X | X | X |
| (Effective Date: Created Date - Current) 1- Care Plan Was Reviewed and I Agree with Current Plan Y - Yes N - No | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Mobility Devices | Qshift | Day (POC 7-3) (0700-1500) | N,Y,N | N,Y,N | N,Y,Y | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,Y | N,N,Y | N,Y,N | N,Y,N | N,Y,N | N,Y,Y | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,Y | N,N,Y | N,N,Y | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N |
| | Qshift | Evening (POC) (1500-2300) | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,N,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,N,Y | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N |
| | Qshift | Night (POC) (2300-0700) | N,Y,N | N,Y,N | N,N,N | N,N,Y | N,N,Y | N,Y,N | N,N,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,N,Y | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | N,Y,N | | N,Y,N | N,Y,N | N,N,Y | N,Y,N |
| | Qshift | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |

(Effective Date: Created Date - Current) 1- Cane/crutch Y - Yes N - No
(Effective Date: Created Date - Current) 2- Walker Y - Yes N - No
(Effective Date: Created Date - Current) 3- Wheelchair (manual or electric) Y - Yes N - No

- Skin monitoring: not provided x 1 shifts, facility documented no scratches, red areas, skin tears, discoloration or open areas noted at all other times in the month. (Roberta, 2538).

Date Range: 5/1/2021 to 5/31/2021

Resident: Thompson, Patricia (7504) Tasks: Interventions and Tasks Type: All Schedule: May 2021

Resident: THOMPSON, PATRICIA (7504) Admission: 12/06/2019 Location: 2 34 2

| Intervention / Task | Time | | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo | Tue | We | Thu | Fri | Sat | Sun | Mo |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
| MONITORING: Behavior Symptoms | Qshift | Day (POC 7-3) (0700-1500) | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 |
| | Qshift | Evening (POC) (1500-2300) | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 |
| | Qshift | Night (POC) (2300-0700) | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | YA,12 | | YA,12 | YA,12 | YA,12 | YA,12 |
| | Qshift | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| (Effective Date: 02/12/2021 21:57 - Current) 1- Resident is in the community YA- Yes N - No R - Refused OC- Not in Community (Effective Date: Created Date - Current) 2- Behavior Symptoms 0 - Frequent Crying 2 - Repeats Movement 3 - Yelling/Screaming 4 - Kicking/Hitting 13- Pushing 14- Grabbing 5 - Pinching/Scratching/Spitting 6 - Biting 7 - Wandering 8 - Abusive Language 9 - Threatening Behavior 10- Sexually Inappropriate 11- Rejection of Care 12- None of the above observed | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| MONITORING: New Skin Observation | Qshift | Day (POC 7-3) (0700-1500) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| | Qshift | Evening (POC) (1500-2300) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| | Qshift | Night (POC) (2300-0700) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | \ | 5 | 5 | 5 | 5 |
| | Qshift | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |

(Effective Date: Created Date - Current) 1- Skin Observation 0 - Scratched 1 - Red Area 2 - Discoloration 3 - Skin Tear 4 - Open Area 5 - None of the above observed
(Effective Date: Created Date - Current) 2- Was the Nurse notified? Y - Yes N - No
(Effective Date: 03/30/2016 15:20 - Current) 3- Location? 1 - Lower right arm (including elbow) 2 - Upper right arm 3 - Lower left arm (including elbow) 4 - Upper left arm 5 - Front of body 6 - Back 7 - Perineal area 8 - Head (including ears, not face) 9 - Face (not head) 10- Right hand 11- Left hand 12- Right foot 13- Left foot 14- Buttocks / coccyx 15- Left hip 16- Right hip 17- Right Lower Extremity (including shin) 18- Left Lower Extremity (including shin)

Review of the June 2021 ADL documentation revealed the facility failed to provide Thompson with the care and assistance she required. (Roberta, 2544-2559).

- Bed mobility: **no physical assistance was provided with bed mobility x 2 shifts prior to fall and fracture 06/07/21.** Upon readmission s/p facility acquired fall with right hip fracture inconsistent assistance was provided with bed mobility to prevent friction and pressure by failing to provide total 2-person assistance x 44 shifts. (Roberta, 2545).

- **Personal hygiene: no assistance was provided with personal hygiene x 16 shifts prior to her fall and fracture 06/07/21.** While at the hospital the facility falsely documented the provision of personal hygiene on 06/08/21, 06/09/21, and 06/11/21. Upon readmission, post-operatively total assistance as she required with personal hygiene was not provided x 6 shifts. (Roberta, 2546).

- **Toileting: no assistance was provided with toileting x 16 shifts prior to her fall and fracture 06/07/21.** Following her fall and fracture she required the total assistance of 1-person/limited to extensive assistance was provide x 9 during this same time frame. (Roberta, 2547).

Date Range: 6/1/2021 to 6/30/2021

Resident: Thompson, Patricia (7504) Tasks: Interventions and Tasks Type: All Schedule: June 2021

Resident: THOMPSON, PATRICIA (7504)

| Intervention / Task | Time | | Tue 1 | We 2 | Thu 3 | Fri 4 | Sat 5 | Sun 6 | Mo 7 | Tue 8 | We 9 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ADL: Toilet Use | Qshift | Day (POC 7-3) (0700-1500) | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | OC,8 8 | N | OC,2 |
| | Qshift | Evening (POC) (1500-2300) | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | OC,8 8 | OC,8 8 | OC, 8 |
| | Qshift | Night (POC) (2300-0700) | YA,4 2 | YA,2 2 | YA,1 1 | YA,1 1 | YA,0 0 | YA,0 0 | OC,8 8 | YA,3 2 | OC, 8 |

- **No assistance with transfers was provided x 15 shifts, no assistance or supervision provided on night shift 6/6/21**. (Roberta, 2547).

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ADL: Transferring | Qshift | Day (POC 7-3) (0700-1500) | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | OC | OC | C |
| | Qshift | Evening (POC) (1500-2300) | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | OC | OC | C |
| | Qshift | Night (POC) (2300-0700) | YA,3 2 | YA,2 2 | YA,1 1 | YA,1 1 | YA,1 1 | YA,0 0 | OC | YA,3 2 | C |

Date Range: 6/1/2021 to 6/30/2021

Resident: Thompson, Patricia (7504) Tasks: Interventions and Tasks Type: All Schedule: June 2021

Resident: THOMPSON, PATRICIA (7504) Admission: 12/06/2019 Location: 2 34 2

| Intervention / Task | Time | | Tue 1 | We 2 | Thu 3 | Fri 4 | Sat 5 | Sun 6 | Mo 7 | Tue 8 | We 9 | Thu 10 | Fri 11 | Sat 12 | Sun 13 | Mo 14 | Tue 15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADL: Toilet Use | Qshift | Day (POC 7-3) (0700-1500) | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | OC,8 8 | N | OC,2 2 | OC,8 8 | OC,8 8 | OC,8 8 | OC,8 8 | OC,8 8 | YA,4 2 |
| | Qshift | Evening (POC) (1500-2300) | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | OC,8 8 | OC,8 8 | OC,8 8 | OC,8 8 | OC,8 8 | OC,8 8 | OC,1 1 | YA,4 2 | YA,4 2 |
| | Qshift | Night (POC) (2300-0700) | YA,4 2 | YA,2 2 | YA,1 1 | YA,1 1 | YA,0 0 | YA,0 0 | OC,8 8 | YA,3 2 | OC,8 8 | YA,8 8 | OC,8 8 | OC,8 8 | OC,8 8 | YA,2 2 | YA,4 2 |
| ADL: Transferring | Qshift | Day (POC 7-3) (0700-1500) | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | OC | OC | OC | OC | OC | OC | OC | OC | YA,4 2 |
| | Qshift | Evening (POC) (1500-2300) | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | YA,1 1 | OC | OC | OC | OC | OC | OC | OC | N | N |
| | Qshift | Night (POC) (2300-0700) | YA,3 2 | YA,2 2 | YA,1 1 | YA,1 1 | YA,1 1 | YA,0 0 | OC | YA,3 2 | OC | N | OC | OC | OC | YA,2 1 | N |

| Intervention / Task | Time | | We 16 | Thu 17 | Fri 18 | Sat 19 | Sun 20 | Mo 21 | Tue 22 | We 23 | Thu 24 | Fri 25 | Sat 26 | Sun 27 | Mo 28 | Tue 29 | We 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADL: Toilet Use | Qshift | Day (POC 7-3) (0700-1500) | YA,4 3 | YA,4 2 | YA,4 2 | YA,4 3 | YA,4 2 | YA,4 2 | YA,4 3 | YA,4 3 | YA,4 2 | YA,4 3 | YA,4 2 | YA,4 3 | YA,4 2 | YA,4 2 | YA,4 3 |
| | Qshift | Evening (POC) (1500-2300) | YA,4 2 | YA,4 2 | YA,4 2 | YA,4 2 | YA,4 2 | YA,1 1 | YA,2 2 | YA,2 2 | YA,4 2 | YA,4 2 | YA,4 2 | YA,4 2 | YA,4 2 | YA,4 3 | YA,4 3 |
| | Qshift | Night (POC) (2300-0700) | YA,4 2 | YA,4 2 | YA,4 2 | YA,4 2 | YA,4 2 | YA,4 2 | YA,2 2 | YA,4 2 | YA,4 2 | YA,4 2 | YA,4 2 | YA,4 2 | YA,3 3 | YA,2 2 | YA,4 2 |
| ADL: Transferring | Qshift | Day (POC 7-3) (0700-1500) | N | YA,4 3 | YA,4 3 | N | YA,4 2 | N | N | N | N | N | N | N | N | N | YA,4 3 |
| | Qshift | Evening (POC) (1500-2300) | YA,4 3 | YA,4 2 | N | YA,4 2 | YA,4 2 | N | N | N | N | YA,4 3 | YA,4 2 | N | N | YA,4 3 | N |
| | Qshift | Night (POC) (2300-0700) | YA,4 2 | N | YA,4 2 | N | N | N | YA,2 2 | N | YA,4 2 | N | YA,4 3 | YA,4 2 | YA,3 3 | N | N |

ADL: Toilet Use:

(Effective Date 02/12/2021 21:57 - Current) 1- Resident is in the community YA- Yes N - No R - Refused OC- Not in Community

(Effective Date, Created Date - Current) 2- TOILET USE: SELF PERFORMANCE - How resident uses the toilet room, commode, bedpan, or urinal; transfers on/off toilet; cleanses self after elimination; changes pad; manages ostomy or catheter; and adjusts clothes. Do not include emptying of bedpan, urinal, bedside commode, catheter bag or ostomy bag 0 - INDEPENDENT - No help or staff oversight at any time 1 - SUPERVISION - Oversight, encouragement or cueing 2 - LIMITED ASSISTANCE - Resident highly involved in activity, staff provide guided maneuvering of limbs or other non-weight bearing assistance 3 - EXTENSIVE ASSISTANCE - Resident involved in activity, staff provide weight bearing support 4 - TOTAL DEPENDENCE - Full staff performance 8 - ACTIVITY DID NOT OCCUR or family and/or non-facility staff provided care 100% of the time for that activity

(Effective Date Created Date - Current) 3- TOILET USE: SUPPORT PROVIDED - How resident uses the toilet room, commode, bedpan, or urinal; transfers on/off toilet; cleanses self after elimination; changes pad; manages ostomy or catheter; and adjusts clothes. Do not include emptying of bedpan, urinal, bedside commode, catheter bag or ostomy bag 0 - No setup or physical help from staff 1 - Setup help only 2 - One person physical assist 3 - Two+ persons physical assist 8 - ADL activity itself did not occur or family and/or non-facility staff provided care 100% of the time

ADL: Transferring:

(Effective Date 02/12/2021 21:57 - Current) 1- Did the resident transfer to or from bed, chair or wheelchair? YA- Yes N - No R - Refused OC- Not in Community

(Effective Date, Created Date - Current) 2- TRANSFER: SELF PERFORMANCE - How resident moves between surfaces including to or from: bed, chair, wheelchair, standing position (excludes to/from bath/toilet) 0 - INDEPENDENT - No help or staff oversight at any time 1 - SUPERVISION - Oversight, encouragement or cueing 2 - LIMITED ASSISTANCE - Resident highly involved in activity; staff provide guided maneuvering of limbs or other non-weight bearing assistance 3 - EXTENSIVE ASSISTANCE - Resident involved in activity staff provide weight-bearing support 4 - TOTAL DEPENDENCE - Full staff performance 8 - ACTIVITY DID NOT OCCUR or family and/or non-facility staff provided care 100% of the time for that activity

(Effective Date, Created Date - Current) 3- TRANSFER: SUPPORT PROVIDED - How resident moves between surfaces to or from: bed, chair, wheelchair, standing position (excludes to/from bath/toilet) 0 - No setup or physical help from staff 1 - Setup help only 2 - One person physical assist 3 - Two+ persons physical assist 8 - ADL activity itself did not occur or family and/or non-facility staff provided care 100% of the time

- **Care plan was not reviewed on any shift**. (Roberta, 2549).

- **Turning & Repositioning was not provided x 4 shifts following readmission post operatively.** (Roberta, 2552).



On June 6, 2021, at 10:40 AM, the facility documented Thompson's Braden Score was 23. On June 7, 2021 at 3:37 AM, the facility documented, "Summoned to room per CNAs. Resident. Sitting on buttocks at the foot of bed stated, "I was trying to go to the bathroom and fell and I can't move my right leg." Walker noted by the head of the bed. Head to toe assessment completed. Resident screams out in pain when right leg is touched, unable to perform AROM or PROM to right lower leg. Right leg noted shorter then left leg. VS obtained 138/81, 88, 20, 98.2, RA 97%. Md notified. Mid ambulance notified for transport, appropriate paperwork given to EMTs. Responsible party Lanette Bostick notified of above. Report called to Greg at Coliseum Northside Hospital. Candace Mallory LPN." [Roberta, 2411].

Thompson was hospitalized at Coliseum Northside Hospital **s/p facility acquired right hip fracture when she attempted ambulation to the bathroom without staff and walker assistance, although it was known to the facility, she required both for her safety.**

A late entry for 5:05 PM, was entered into the clinical record on June 15, 2021, at 00:27 AM, "65 yo Caucasian female readmitted to this facility from Coliseum Northside Hospital. Arrived via emergency transport accompanied by 2 EMTs. Resident is alert to name only, unable to verbalize needs. Eyes PERRLA, oral mucosa pink and moist. Face is asymmetrical. Resp even and nonlabored. HS auscultated S1 & S2, lungs auscultated clear in all lobes, abd soft non distended bs hyperactive all four quadrants, pedal pulse palpated. Incontinent of b/b, weakness to bilateral lower extremities. Strong hand grasps noted bilaterally. **Skin assessment completed with the following findings: red discoloration to left heel, black discoloration to right heel,** 13 staples to right upper hip, 11 staples noted to mid right hip. See cumulative skin assessment for more detailed findings. VS upon re-admission: 139/84, 90p, 20 rsp, 98.4 97% RA. Medications check and verified via MD. Admitting diet: carb controlled, no added salt diet, regular texture, thin consistency. Treatment orders have been initiated per facility protocol and verified with MD. Resident responsible party daughter Lanette Bostick voiced understanding and acknowledgement of resident current plan od care. Bed lowest position, call light within reach. Staff to continue observe and monitor for any significant changes."

On June 14, 2021, at 6:00 p.m., the facility documented Thompson's Braden Score was 13. (Roberta, 2208). On June 14, 2021, at 6:57 p.m., the facility documented, "Weekly PU report: Right heel unstageable 3.0 x 2.2 x – SDTI; No exudate, dark purple/black, skin intact; First observed 6/14/21. Left heel 3.0 x 3.1 x – stage 1; Dark pink red tissue; First observed on 6/14/21. Continue current tx, positioning device. Signed Rose Smith LPN 6/25/21. (Roberta,

2344). At 6:59 PM, the facility documented, "Weekly Non PU report: R upper hip surgical incision 13 staples. R mid lower hip 11 staples. Signed 6/25/21 by Rose Smith LPN." (Roberta, 2268).

On June 18, 2021, the facility completed a MDS assessment (Roberta, 2027-2077) indicating in Section C: BIMS 5. [Roberta, 2033]. Section G: Functional Status -Bed Mobility: extensive assistance of 2 persons; Transfer: extensive assistance of 2 persons; Dressing: extensive assistance of 2 persons; Eating: extensive assistance of 1 person; Toileting: total assistance of 2 persons; Personal Hygiene: extensive assistance of 2 persons. (Roberta, 2041). Section J 1400: Prognosis > 6 mos (Roberta, 2055). **Section M: at high risk for pressure ulcers, (Roberta, 20600) and had 2 unstageable deep tissue injury - present upon readmission**. (Roberta, 2061).

On June 19, 2021, a late entry was written for June 14, 2021, at 6:55 PM, "Resident noted. With dark purple/black discoloration SDTI to right heel, skin intact, measured 3 x 2.2cm, red discoloration. Noted to left heel skin intact measured 3.0 x 3.1cm also noted with incision site with 13 staples intact to right upper hip, redness noted to staple line, incision site to right hip lower mid hip with 11 staples intact, redness noted to staple line, MD and responsible party aware.  Rose Smith LPN" (Roberta, 2410). Another note was written on June 19, 2021, at 7:07 PM, "Dark purple/black discoloration SDTI 3 x 2.2 cm red discoloration stage I to left heel skin intact measure 3 x 3.1cm also noted with incision site with 13 staples intact to right upper hip, redness noted to staple line, incision site to right hip lower mid hip with 11 staples, redness noted to staple line, continue current treatment. Rose Smith LPN" (Roberta, 2406).

Review of the **July 2021 ADL documentation demonstrated the facility failed to provide care and service required by Thompson.** (Roberta, 2560-2574).

- **Bed mobility: Less than 2-person assistance was provided x 65 shifts increasing pressure and friction to her skin.** (Roberta, 2561).

Resident: Thompson, Patricia DOB: 12/10/1953 Gender: Female
Date Range: 7/1/2021 to 7/31/2021
Resident: THOMPSON, PATRICIA (7504)

- **Personal hygiene: no assistance was provided with personal hygiene x 3 shifts.**

Date Range: 7/1/2021 to 7/31/2021
Resident: THOMPSON, PATRICIA (7504) Admission: 12/05/2019

- **Toileting: no assistance was provided with toileting x 3 shifts.** (Roberta, 2563).

Date Range: 7/1/2021 to 7/31/2021
Resident: THOMPSON, PATRICIA (7504) Admission: 12/05/2019

- **Less than 2-person total assistance with transfers was provided x 29 shifts.** (Roberta, 2564).

- **Care plan was not reviewed on any shift**. (Roberta, 2566).



- **Skin monitoring: not provided x 3 shifts, facility documented no scratches, red areas, skin tears, discoloration or open areas noted at all other times in the month (90 shifts).** (Roberta, 2568).



- **No turning and repositioning x 3 shifts.** (Roberta, 2570)



- **Walking: she allegedly walked x 10 shifts, no walker was provided.** (Roberta, 2567, 2570).

**On July 7, 2021, dressing to right upper hip was not provided**. (Roberta, 1578-1616).

| Schedule for Jul 2021 | Hours | Thu 1 | Fri 2 | Sat 3 | Sun 4 | Mon 5 | Tue 6 | Wed 7 | Thu 8 | Fri 9 | Sat 10 | Sun 11 | Mon 12 | Tue 13 | Wed 14 | Thu 15 | Fri 16 | Sat 17 | Sun 18 | Mon 19 | Tue 20 | Wed 21 | Thu 22 | Fri 23 | Sat 24 | Sun 25 | Mon 26 | Tue 27 | Wed 28 | Thu 29 | Fri 30 | Sat 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cleanse area to right upper hip and right mid hip with NS apply dry dressing every day shift every Mon, Wed, Fri for Indicton site -QVC Date- 07/07/2021 1212 | EMAR | x | x | JAC | x | x | JAC | x | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x |
| Apply Skin prep to left heel every shift for discoloration -QVC Date- 07/07/2021 1512 | EMAR | √ sh | JAC | √ cm7 | √ cm7 | √ JAC | √ JAC | √ ms | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x |
| | EMAR | √ cm7 | √ cm7 | √ spr | √ spr | √ cm7 | √ cm7 | √ cm7 | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x |
| Apply Skin prep to right heel every shift for discoloration -QVC Date- 08/01/2021 2310 | EMAR | √ sh | √ cm7 | √ cm7 | √ JAC | √ cm7 | √ ms | √ ms | √ l | √ t | √ sh | √ t | √ l | √ JAC | √ JAC | √ t | √ JAC | √ t | √ JAC | √ cm7 | √ JAC | √ JAC | √ cm7 | √ JAC | √ sh | √ cm7 | √ ms | √ ms | √ ms | √ ms | √ ms |
| | EMAR | √ cm7 | √ spr | √ spr | √ cm7 | √ cm7 | √ ms | √ spr | √ cm7 | √ cm7 | √ spr | √ spr | √ cm7 | √ cm7 | √ JAC | √ cm7 | √ spr | √ JAC | √ cm7 | √ spr | √ cm7 | √ JAC | √ cm7 | √ spr | √ spr | √ cm7 | √ spr | √ spr | √ ms | √ ms | √ ms |

On July 8, 2021, the facility completed a MDS assessment of Thompson indicating in Section C: BIMS 3. Section E0200: No behaviors. Section E0800: No rejection of care. Section G: Functional Status- Bed Mobility: extensive assistance of 2 persons, Transfer: extensive assistance of 2 persons, Dressing: extensive assistance of 2 persons, Eating: extensive assistance of 2 persons, Toileting: total assistance of 2 persons, Personal Hygiene: extensive assistance of 2 persons. Section J 1400 Prognosis > 6 mos. (Roberta, 2078- 2120).

On July 9, 2021, at 3:52 PM, the facility documented, "Focus area: Wound- Continue with black discoloration, SDTI to right heel, skin intact, measurer 3.0 x 2.2 cm, red discoloration stage 1 to left heel. Continue with treatment. **Dc treatment to left heel, right hip and mid right hip areas healed.** RP aware of treatment, interventions, and orders." (Roberta, 2402-2403).

Review of ADLs **August 2021 revealed the facility failed to provide care and assistance required by Thompson in the following manner:**

- **Bed mobility: no physical assistance was provided with bed mobility x 5 shifts. Less than 2-person assistance was provided x 47 shifts increasing pressure and friction to her skin. (Roberta, 2567).**



- **Personal hygiene: no assistance was provided with personal hygiene x 5 shifts.**
- **Toileting: no assistance was provided with toileting x 8 shifts. Less than 2-person total assistance was provided x 42 shifts. (Roberta, 2578).**



- **Less than 2-person total assistance with transfers was provided x 17 shifts. (Roberta, 2579).**

Date Range: 8/1/2021 to 8/31/2021

Resident: THOMPSON, PATRICIA (7504)

- **Care plan was not reviewed on any shift.** (Roberta, 2581).

Resident: Thompson, Patricia

Date Range: 8/1/2021 to 8/31/2021

Resident: THOMPSON, PATRICIA (7504)

- **Skin monitoring: not provided x 5 shifts, facility documented no scratches, red areas, skin tears, discoloration or open areas noted at all other times in the month (88 shifts).** (Roberta, 2583).

Date Range: 8/1/2021 to 8/31/2021

Resident: THOMPSON, PATRICIA (7504)

- **No turning and repositioning x 5 shifts.** (Roberta, 2585).

Resident: Thompson, Patricia

Date Range: 8/1/2021 to 8/31/2021

Resident: THOMPSON, PATRICIA (7504)

- **Walking: she allegedly walked x 3 shifts, no walker was provided.** (Roberta, 2586).



The facility completed a MDS assessment on 08/18/21, indicating Thompson had severe cognitive impairment with a BIMS of 3. She had no rejection of care when offered by staff. Section G: Functional Status indicated she required Bed Mobility: extensive assistance of 2 persons, Transfer: extensive assistance of 2 persons, Dressing: extensive assistance of 2 persons, Eating: extensive assistance of 1 person, Toileting: total assistance of 2 persons, and Personal Hygiene: extensive assistance of 2 persons. She did not have a turning and repositioning schedule in place. (Roberta, 2121-2165).

**During the month of September 2021, the facility failed to provide physician ordered right heel wound treatments** for cleansing with NS, apply medihoney, and dry dressing x 9. (Roberta, 1654-1693).

| Advance Directive | Full code, all measures (discontinued as of 09/28/2021 09:12) | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Schedule for Sep 2021 | Hours | Wed 1 | Thu 2 | Fri 3 | Sat 4 | Sun 5 | Mon 6 | Tue 7 | Wed 8 | Thu 9 | Fri 10 | Sat 11 | Sun 12 | Mon 13 | Tue 14 | Wed 15 |
| Cleanse area to right heel with normal saline, apply medihoney, apply dry dressing every day shift for open area -Hold Date- from 09/28/2021 1355 to 09/28/2021 0912 -D/C Date- 09/28/2021 0912 | EMAR | X | √ rms | √ rms | √ JAC | √ sh | √ tj | | √ tj | √ cmb | — | — | — | — | — | √ tr |
| Apply Skin prep to right heel every shift for discoloration -D/C Date- 09/01/2021 2310 | EMAR | | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| | EMAR | √ sh | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| | EMAR | √ spr | X | X | X | X | X | X | X | X | X | X | X | X | X | X |

| Schedule for Sep 2021 | Hours | Thu 16 | Fri 17 | Sat 18 | Sun 19 | Mon 20 | Tue 21 | Wed 22 | Thu 23 | Fri 24 | Sat 25 | Sun 26 | Mon 27 | Tue 28 | Wed 29 | Thu 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cleanse area to right heel with normal saline, apply medihoney, apply dry dressing every day shift for open area | EMAR | — | √ sh | √ sh | √ sh | √ sh | √ tr | √ tr | √ rms | √ rms | — | — | H | H | X | X |
| Apply Skin prep to right heel every shift for discoloration | EMAR | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| | EMAR | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| | EMAR | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |

**Review of ADL documentation for September 2021 revealed the facility continued to fail to meet Thompson's needs for care and services in the following manner, causing deterioration of her skin condition and many new facility-acquired pressure ulcers as were not documented until arrival at the ER from the facility.**

- **Bed mobility: no physical assistance was provided with bed mobility x 13 shifts. Less than 2-person assistance was provided x 40 shifts.** (Roberta, 2591).

Date Range: 9/1/2021 to 9/28/2021

Resident: Thompson, Patricia (7504) Tasks: Interventions and Tasks Type: All Schedule: September 2021

Resident: THOMPSON, PATRICIA (7504) Admission: 12/06/2019 Location: 2 34 2

| Intervention / Task | Time | | We 1 | Thu 2 | Fri 3 | Sat 4 | Sun 5 | Mo 6 | Tue 7 | We 8 | Thu 9 | Fri 10 | Sat 11 | Sun 12 | Mo 13 | Tue 14 | We 15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADL: Bed Mobility | Qshift | Day (POC 7-3) (0700-1500) | YA,4,2 | YA,4,3 | YA,4,2 | YA,3,3 | YA,4,3 | YA,2,2 | YA,4,3 | YA,4,3 | YA,4,3 | YA,4,2 | N | YA,4,2 | YA,4,2 | YA,4,3 | |
| | Qshift | Evening (POC) (1500-2300) | YA,4,2 | | YA,4,3 | YA,4,2 | YA,4,2 | YA,4,3 | YA,4,2 | YA,4,2 | YA,4,3 | YA,4,2 | YA,4,2 | YA,4,3 | YA,4,2 | YA,4,2 | YA,4,2 |
| | Qshift | Night (POC) (2300-0700) | | YA,4,2 | YA,4,2 | YA,4,3 | YA,4,3 | YA,3,2 | YA,2,2 | YA,4,2 | YA,4,2 | YA,4,2 | | YA,4,2 | YA,4,3 | YA,4,2 | YA,4,2 |
| | Qshift | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |

| Intervention / Task | Time | | Thu 16 | Fri 17 | Sat 18 | Sun 19 | Mo 20 | Tue 21 | We 22 | Thu 23 | Fri 24 | Sat 25 | Sun 26 | Mo 27 | Tue 28 | We 29 | Thu 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADL: Bed Mobility | Qshift | Day (POC 7-3) (0700-1500) | | YA,4,2 | YA,3,3 | YA,4,3 | YA,4,3 | | YA,4,2 | YA,4,2 | YA,4,3 | | | • | • | • | • |
| | Qshift | Evening (POC) (1500-2300) | YA,4,2 | YA,4,3 | YA,4,2 | YA,4,2 | YA,4,2 | YA,4,3 | YA,4,3 | | YA,4,2 | YA,4,2 | YA,4,2 | • | • | • | • |
| | Qshift | Night (POC) (2300-0700) | YA,4,2 | YA,4,2 | YA,4,3 | YA,3,2 | | | YA,4,3 | YA,4,3 | | YA,4,2 | YA,4,2 | • | • | • | • |
| | Qshift | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | • | • | • | • |

(Effective Date 02/12/2021 21:57 - Current) 1- Resident is in the community YA- Yes N - No R - Refused OC- Not in Community
(Effective Date: Created Date - Current) 2- BED MOBILITY: SELF-PERFORMANCE - How resident moves to and from lying position, turns side to side, and positions body while in bed or alternate sleep furniture 0 - INDEPENDENT - No help or staff oversight at any time 1 - SUPERVISION - Oversight, encouragement or cueing 2 - LIMITED ASSISTANCE - Resident highly involved in activity; staff provide guided maneuvering of limbs or other non-weight bearing assistance 3 - EXTENSIVE ASSISTANCE - Resident involved in activity, staff provide weight-bearing support 4 - TOTAL DEPENDENCE - Full staff performance 8 - ACTIVITY DID NOT OCCUR or family and/or non-facility staff provided care 100% of the time for that activity
(Effective Date Created Date - Current) 3- BED MOBILITY: SUPPORT PROVIDED - How resident moves to and from lying position, turns side to side, and positions body while in bed or alternate sleep furniture 0 - No setup or physical help from staff 1 - Setup help only 2 - One person physical assist 3 - Two+ persons physical assist 8 - ADL activity itself did not occur or family and/or non facility staff provided care 100% of the time

- **Personal hygiene: no assistance was provided with personal hygiene x 11 shifts.**
- **Toileting: no assistance was provided with toileting x 11 shifts.** (Roberta, 2593).

- Less than 2-person total assistance with transfers was provided x 15 shifts (Roberta, 2594).



- Care plan was not reviewed on any shift. (Roberta, 2596).



- Skin monitoring: not provided x 12 shifts, facility documented no scratches, red areas, skin tears, discoloration or open areas noted at all other times in the month (66 shifts). (Roberta, 2598).



Date Range: 9/1/2021 to 9/26/2021

Resident: Thompson, Patricia (7504) Tasks: Interventions and Tasks Type: All Schedule: September 2021

Resident: THOMPSON, PATRICIA (7504) Admission: 12/06/2019 Location: 2 34 2

| Intervention / Task | Time | | We 1 | Thu 2 | Fri 3 | Sat 4 | Sun 5 | Mo 6 | Tue 7 | We 8 | Thu 9 | Fri 10 | Sat 11 | Sun 12 | Mo 13 | Tue 14 | We 15 | Thu 16 | Fri 17 | Sat 18 | Sun 19 | Mo 20 | Tue 21 | We 22 | Thu 23 | Fri 24 | Sat 25 | Sun 26 | Mo 27 | Tue 28 | We 29 | Thu 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MONITORING: New Skin Observation | Qshift | Day (POC 7-3) (0700-1500) | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | | | 5 | 5 | 5 | 5 | | 5 | 6 | 5 | | | • | • | • | • |
| | Qshift | Evening (POC) (1500-2300) | 5 | | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 6 | | 5 | 5 | 5 | • | • | • | • |
| | Qshift | Night (POC) (2300-0700) | | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | | | 5 | 5 | | 5 | 5 | • | • | • | • |
| | Qshift | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | • | • | • | • |

(Effective Date: Created Date - Current) 1- Skin Observation 0 - Scratched 1 - Red Area 2 - Discoloration 3 - Skin Tear 4 - Open Area 5 - None of the above observed
(Effective Date. Created Date - Current) 2- Was the Nurse notified? Y - Yes N - No
(Effective Date: 03/30/2016 15 20 - Current) 3- Location? 1 - Lower right arm (including elbow) 2 - Upper right arm 3 - Lower left arm (including elbow) 4 - Upper left arm 5 - Front of body 6 - Back 7 - Perineal area 8 - Head (including ears, not face) 9 - Face (not head) 10- Right hand 11- Left hand 12- Right foot 13- Left foot 14- Buttocks / coccyx 15- Left hip 16- Right hip 17- Right Lower Extremity (including shin) 18- Left Lower Extremity (including shin)

- **No turning and repositioning x 12 shifts**. (Roberta, 2600).

Date Range: 9/1/2021 to 9/26/2021

Resident: Thompson, Patricia (7504) Tasks: Interventions and Tasks Type: All Schedule: September 2021

Resident: THOMPSON, PATRICIA (7504) Admission: 12/06/2019 Location: 2 34 2

| Intervention / Task | Time | | We 1 | Thu 2 | Fri 3 | Sat 4 | Sun 5 | Mo 6 | Tue 7 | We 8 | Thu 9 | Fri 10 | Sat 11 | Sun 12 | Mo 13 | Tue 14 | We 15 | Thu 16 | Fri 17 | Sat 18 | Sun 19 | Mo 20 | Tue 21 | We 22 | Thu 23 | Fri 24 | Sat 25 | Sun 26 | Mo 27 | Tue 28 | We 29 | Thu 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Resident is to wear a mask when they leave their room | Qshift | Day (POC 7-3) (0700-1500) | Y | Y | N,NL | Y | Y | Y | Y | Y | Y | N,NL | Y | Y | Y | Y | | | Y | Y | Y | Y | | N,NL | N,NL | Y | | | • | • | • | • |
| | Qshift | Evening (POC) (1500-2300) | Y | | N,NL | Y | Y | Y | Y | Y | Y | Y | Y | N,NL | Y | Y | Y | Y | N,NL | Y | Y | N,NL | N,NL | N,NL | | Y | Y | Y | • | • | • | • |
| | Qshift | Night (POC) (2300-0700) | | Y | Y | N,NL | N,NL | Y | Y | Y | Y | Y | | Y | N,NL | Y | Y | Y | Y | N,NL | Y | | | N,NL | N,NL | | Y | Y | • | • | • | • |
| | Qshift | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | • | • | • | • |
| Turned and Repositioned | Qshift | Day (POC 7-3) (0700-1500) | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | | | Y | Y | Y | Y | | Y | Y | Y | | | • | • | • | • |
| | Qshift | Evening (POC) (1500-2300) | Y | | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | Y | | Y | Y | Y | • | • | • | • |
| | Qshift | Night (POC) (2300-0700) | | Y | Y | Y | Y | Y | Y | Y | Y | Y | | Y | Y | Y | Y | Y | Y | Y | Y | | | Y | Y | | Y | Y | • | • | • | • |
| | Qshift | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | • | • | • | • |

(Effective Date 02/10/2021 10 47 - Current) 1- Mask On Y - Yes, resident wears mask N - No, Resident refuses to wear mask
(Effective Date 09/24/2020 09 57 - Current) 2- The residents will not keep a mask on related to De- Dementia Re- Refusal NL Resident did not leave their room

(Effective Date. Created Date - Current) 1- Did you turn and reposition? Y - Yes N - No
(Effective Date Created Date - Current) 2- Did resident refuse task? Y - Yes N - No

- **Walking: She allegedly walked x 4 shifts, no walker was provided**. (Roberta, 2601).

Resident: Thompson, Patricia DOB: 12/10/1955 Gender: Female MR#: 7504

Date Range: 9/1/2021 to 9/26/2021

Resident: Thompson, Patricia (7504) Tasks: Interventions and Tasks Type: All Schedule: September 2021

Resident: THOMPSON, PATRICIA (7504) Admission: 12/06/2019 Location: 2 34 2

| Intervention / Task | Time | | We 1 | Thu 2 | Fri 3 | Sat 4 | Sun 5 | Mo 6 | Tue 7 | We 8 | Thu 9 | Fri 10 | Sat 11 | Sun 12 | Mo 13 | Tue 14 | We 15 | Thu 16 | Fri 17 | Sat 18 | Sun 19 | Mo 20 | Tue 21 | We 22 | Thu 23 | Fri 24 | Sat 25 | Sun 26 | Mo 27 | Tue 28 | We 29 | Thu 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Walking (any location) | Qshift | Day (POC 7-3) (0700-1500) | N | N | N | N | N | YA,2 2 | N | N | N | N | N | N | N | N | | | N | N | N | N | | N | N | N | | | • | • | • | • |
| | Qshift | Evening (POC) (1500-2300) | N | | N | N | N | N | N | N | N | N | N | N | N | N | N | YA,2 2 | N | N | N | N | N | N | | N | N | N | • | • | • | • |
| | Qshift | Night (POC) (2300-0700) | | N | N | N | N | N | YA,2 2 | N | N | N | | N | N | N | N | N | N | N | N | | | N | N | | N | YA,2 2 | • | • | • | • |
| | Qshift | Night (POC) (2300-0700) | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X | • | • | • | • |

(Effective Date. 02/12/2021 21.57 - Current) 1- Does the resident walk? (not use wheelchair etc) YA- Yes N - No R - Refused OC- Not in Community
(Effective Date: Created Date - Current) 2- WALKING: SELF-PERFORMANCE 0 - INDEPENDENT - No help or staff oversight at any time 1 - SUPERVISION - Oversight, encouragement or cueing 2 - LIMITED ASSISTANCE - Resident highly involved in activity; staff provide guided maneuvering of limbs or other non-weight-bearing assistance 3 - EXTENSIVE ASSISTANCE - Resident involved in activity, staff provide weight-bearing support 4 - TOTAL DEPENDENCE - Full staff performance 8 - ACTIVITY DID NOT OCCUR or family and/or non-facility staff provided care 100% of the time for that activity
(Effective Date Created Date - Current) 3- WALKING: SUPPORT 0 - No setup or physical help from staff 1 - Setup help only 2 - One person physical assist 3 - Two+ persons physical assist 8 - ADL activity itself did not occur or family and/or non-facility staff provided care 100% of the time

Given the ongoing lack of care by the facility, including consistent repositioning, turning, heel off loading, and personal hygiene **the facility documented Thompson's right heel pressure ulcer had "now deteriorated to a painful unstageable wound with black eschar, yellow slough to outer edge of wound measuring 2.7 cm x 2.1 cm" on September 1, 2021**. The facility notified the MD, obtained new orders and **did not notify the RP**. (Roberta, 2392, 2287).

Within a week of the previous wound assessment a facility nurse, Shelia Hatcher LPN documented a late entry in the clinical record for **September 5, 2021, at 8:45 p.m. stating she assessed Thompson as having, "Skin normal,"** on a nursing evaluation which is and was a false and inaccurate representation of Thompson's skin condition. (Roberta, 2221).

On September 11, 2021, at 9:37 a.m., the facility documented Thompson was not able to transfer independently to and from bed, chair, or toilet. **Thompson was unable to move independently from reclined to seated, had no trunk strength or control, and could not maintain a seated position**. (Roberta, 2215).

On September 14, 2021, at 6:00 p.m., the facility deemed her to be a high risk for pressure ulcers with a Braden score of 12. (Roberta, 2207, 2623-2624). On September 16, 2021, at 3:19 p.m., the facility ordered Med Pass 120 ml TID due to poor appetite.

On September 23, 2021, Thompson's right heel pressure ulcer was note with further deterioration to measure 4.1 cm x 6.8 cm. **In addition, to a very large, painful newly identified stage II sacral pressure ulcer measuring 7.2 cm x 8.1 cm with serosanguineous exudate, dark pink/red, with yellow slough center as per the late entry note on September 28, 2021, by Rose Smith LPN after Thompson had been hospitalized. <u>The facility failed to identify and prevent the development of a new facility acquired sacral wound as per its own documentation</u>.** (Roberta, 2275- 2734).

On September 26, 2021, the facility nurse Andrea Hinson LPN documented, "Summoned to resident's room via CNA. Resident noted starring, eyes fixed, unresponsive to verbal and tactile stimuli. B/S 249, Temp. 97.6. Unable to obtain B/P kept reading error. Pulse 86. Unable to obtain O2 sat. Placed call to ambulance service at 1:35 pm, will be in route. Placed call to responsible party at 1:43 pm spoke with Lanette Bostick. Placed call to MD at 1:47 pm." No attempt was made by facility staff to obtain a manual BP when the machine malfunctioned with an error code.

On September 26, 2021, Thompson was evaluated by an emergency physician at Atrium Health at approximately 4:07 PM, finding: "Thompson lying in bed eyes are open nonverbal not moving her arms or legs. Head tilted to the left, ROS not performed as she was unresponsive. Labs indicated she was dehydrated and multiple electrolyte imbalances, Sodium 153 High, BUN 81 High, Creatinine 3.31 High; and septic as the CBC indicated a WBC level of 19.12 High, Neutrophils 88 High, and an elevated troponin. She was diagnosed with dehydration, sepsis, foul

smelling odorous draining pressure wounds with eschar likely the source of sepsis/infection as per Dr. Tarra Danielle Spell, acute respiratory failure with hypoxemia, altered mental status, acute renal failure, leukocytosis, tachycardia, adult failure to thrive, hypokalemia, and hypernatremia. In addition to having very large necrotic wounds that went undocumented and untreated by the Roberta Nursing Home (facility) such as the following: Perineum wound, bilateral buttocks, left heel, right anterior knee, and left anterior knee."

Wounds acquired at Roberta Health were described and photographed as follows:

1) **Sacral wound: facility acquired unstageable, odorous, soft leathery eschar, boggy. (Atrium, 195-196). The sacral wound was improperly documented as a stage II at the facility on this same day, demonstrating lack of skill and training of facility staff.**



2) **R heel unstageable: upon readmission to the nursing home in June of 2021, this was a smaller 3 cm x 2.2cm SDTI, not an unstageable eschar covered wound of this size and severity.**



3)  **L heel SDTI: facility acquired.**



4)  **R knee SDTI: facility acquired.**



5)  **L knee SDTI: facility acquired.**



Upon evaluation, the family was provided the following recommendations: palliative consult vs. extensive debriding to sacral/rectal wounds and right heel including diverting Ostomy. The family elected palliative care. She remained hospitalized until October 1, 2021, when she passed away at 6:58 PM, prior to being transferred to Pine Point for hospice care.

Thompson's death certificate indicated her immediate cause of death was sepsis, acute respiratory failure, acute encephalopathy, and multiple pressure ulcers. The conditions contributing to death was failure to thrive. These conditions, more likely than not, were caused by Roberta Health and Rehab's negligence.

## IV.   Breaches in the Standard of Care

Per standard of care, when the facility administration accepted Thompson as its resident, initially and after readmission to the hospital, it was a representation that the facility could meet all her needs such as skin integrity, pressure ulcer prevention, medication management, treatment administration/wound care and other needs, safety and accident prevention needs and a commitment to meet them in fact. Moreover, the facility never notified its resident's family that they could not meet her safety needs, prevent falls and fracture of her right hip, prevent sepsis, prevent dehydration and exacerbation of impaired skin integrity, and fail to meet personal care needs.

If at admission/readmission, the facility was incapable and/or subsequently it proved to be incapable of meeting all of its resident's needs, then standards of care obligated the facility to decline admission and/or at least notify family of that before its resident developed severe skin impairment/pressure ulcers, did not receive adequate care, and suffered a fall with a right hip fracture, developed multiple facility acquired foul smelling necrotic and infected pressure ulcers and became septic, resulting in hospitalization, significantly compromised physical condition, and death.

Based on record review and a reasonable understanding of the facts contained therein, Roberta Health (Roberta Operator LLC) and its agents/employees deviated from applicable standards of care and those deviations resulted in Patricia Thompson's injuries, pain and

suffering, and death, which were negligent and breached the applicable standard of care and contractual duties toward its resident in the following particulars, each which resulted in the resident suffering a fall with a right hip fracture, severe sepsis from decompensation of skin integrity and development of multiple facility acquired necrotic pressure ulcers, and further impaired skin integrity healing due to friction with one person bed mobility assistance or pressure due to no assistance with mobility, failure to order and provide a low loss air mattress, failure to provide a routine turning schedule, failure to provide proper skin care/incontinence care/toileting, inadequate assessments and MD notification of skin impairment and wound infection, resulting in medical complications due to the facility's failure to provide care and services required by Thompson:

A.  **Inaccurately assessing its resident's** preventative skin care needs, supervision and personal hygiene needs, bed mobility needs, safety needs, and ignoring her pressure ulcer risk by staff failing to follow standards of practice pertaining to toileting assistance, skin care/assessments, and positioning needs. [§483.25 Quality of Care.]

B.  **Failure to develop, revise and implement an appropriate resident care plan** to address the resident's safety/fall prevention needs, skin integrity needs, hydration needs (prevention of dehydration), medication administration needs, care needs, and prevent injury and pain management as Thompson suffered a fall with fracture and developed painful foul smelling necrotic facility acquired skin impairment exacerbated by lack of ADL care in the facility and not being provided 2 person assist with bed mobility and transfers, consistent incontinent

care, turning and repositioning, or a low loss air mattress. [§483.20 (b-c) and §483.21(b-b2) Comprehensive Care Plan.]

- Each resident's care plan must reflect person-centered care, and include resident choices, preferences, goals, concerns/needs, and describe the services and care that is to be furnished to attain or maintain, or improve the resident's highest practicable physical, mental and psychosocial well-being.

C. **Failed to implement and check at least every shift all necessary and appropriate protective skin positioning intervention, skin assessments, medications, and preventative skin care,** including proper ADL assistance with 2 people for bed repositioning/transfers, consistent toileting/personal hygiene, preventative skin barrier cream, supervision with ambulation, adequate hydration to prevent dehydration. [§483.20 (b-c) and §483.21(b-b2) Comprehensive Care Plan; §483.12 Freedom from Abuse, Neglect, and exploitation.]

- **Neglect**: as defined at §483.5, means "the failure of the facility, its employees or service providers to provide goods and services to a resident that are necessary to avoid physical harm, pain, mental anguish or emotional distress."

- **Deprivation of Goods and Services by Staff:** Abuse also includes the deprivation by staff of goods or services that are necessary to attain or maintain physical, mental, and psychosocial well-being. In these cases, staff has the knowledge and ability to provide care and services, but

choose not to do it, or acknowledge the request for assistance from a resident(s), which result in care deficits to a resident(s).

-   **Identifying Neglect:** If the facility is aware of, or should have been aware of, goods or services that a resident(s) requires but the facility fails to provide them to the resident(s). Neglect of goods or services may occur when staff are aware, or should be aware, of residents' care needs, based on assessment and care planning, but are unable to meet the identified needs due to other circumstances, such as lack of training to perform an intervention (e.g., suctioning, transfers, use of equipment), lack of sufficient staffing to be able to provide the services, lack of supplies, or staff lack of knowledge of the needs of the resident.

D. **Failed to anticipate, intervene for, and protect its resident against repetitive progressive skin injury resulting in the development of multiple foul-smelling necrotic facility acquired pressure ulcers that went untreated and undocumented by the facility until she arrived at the ER.** [§483.25(b) (1) Skin Integrity-Pressure Ulcers.]

-   §483.25(b) Skin Integrity

    §483.25(b)(1) Pressure ulcers.

    Based on the comprehensive assessment of a resident, the facility must ensure that— (i) A resident receives care, consistent with professional standards of practice, to prevent pressure ulcers and does not develop pressure ulcers unless the individual's clinical condition demonstrates that they were unavoidable; and (ii) A resident with pressure ulcers receives

necessary treatment and services, consistent with professional standards of practice, to promote healing, prevent infection and prevent new ulcers from developing.

- "Avoidable" means that the resident developed a pressure ulcer/injury and that the facility did not do one or more of the following: evaluate the resident's clinical condition and risk factors; define and implement interventions that are consistent with resident needs, resident goals, and professional standards of practice; monitor and evaluate the impact of the interventions; or revise the interventions as appropriate.

E. **Failing to recognize and intervene for prevention of significant dehydration, and facility acquired necrotic pressure ulcers.** A resident residing in a skilled nursing facility should not develop any of these conditions while in the care of the facility unless it is thoroughly documented in the clinical record all preventative measures were in place and supported through daily ongoing documentation, and that the medical provider fully documented why dehydration, and necrotic infected pressure ulcers were unavoidable. In addition, appropriate preventative care, bed mobility assistance with 2 persons, incontinence care, and IV fluids for hydration, discussions, and education with the RP about hydration options, and basic ADL care would be consistently provided as reflected in the clinical record. Sadly care and services were not provided in such a manner or at all in many cases per the facility clinical record resulting in clearly avoidable dehydration and impaired skin integrity. [§483.60 Food and Nutrition Services.]

- §483.60 Food and nutrition services.

  The facility must provide each resident with a nourishing, palatable, well-balanced diet that meets his or her daily nutritional and special dietary needs, taking into consideration the preferences of each resident.

- Adequate nutrition and hydration are essential for overall functioning. Nutrition provides vital energy and building blocks for all of the body's structures and processes. Any organ or body system may require additional energy or structural materials for repair or function. The skin is the body's largest organ system. It may affect, and be affected by, other body processes and organs. Skin condition reflects overall body function therefore, the presence of skin breakdown may be the most visible evidence of a health issue. [SOM §483.25(b) Skin Integrity.]

- A resident with a PU/PI who continues to lose weight either needs additional caloric intake or correction (where possible) of conditions that are creating a hypermetabolic state. Continuing weight loss and/or failure of a PU/PI to heal despite reasonable efforts to improve caloric and nutrient intake may indicate the resident is in multi-system failure or an end-stage or end-of-life condition warranting an additional assessment of the resident's overall condition. [SOM §483.25(b) Skin Integrity.]

- Failure to identify residents at risk for compromised nutrition and hydration may be associated with an increased risk of mortality and other negative outcomes, such as impairment of anticipated wound healing, decline in function, fluid and electrolyte imbalance/dehydration, and

unplanned weight change. While food intake may be considered, ensuring a resident receives the fluids they require can more easily be overlooked. Individuals who do not receive adequate fluids are more susceptible to urinary tract infections, pneumonia, pressure injuries, skin infections, confusion, and disorientation.

F.   Failing to monitor, observe, and otherwise attend to its resident, including particularly to offer, **provide supervision and assistance to its resident, accurately complete thorough skilled skin assessments with finding to the MD and RP, provide preventative interventions for impaired skin integrity** as a resident residing in a skilled nursing facility should not develop a facility acquired pressure ulcer/ skin impairment or experience a decline in wound status or malnutrition/dehydration while in the care of the facility unless it is thoroughly documented in the clinical record all preventative measures were in place and supported through daily ongoing documentation, and the wound/skin impairment was unavoidable, which in this case appropriate preventative care, 2 person bed mobility assistance, incontinence care, and the administration of treatments were not provided as reflected in the clinical record. [§483.25(b) Skin Integrity, §483.25(b)(1) Pressure ulcers].

-   Based on the comprehensive assessment of a resident, the facility must ensure that— (i) A resident receives care, consistent with professional standards of practice, to prevent pressure ulcers and does not develop pressure ulcers unless the individual's clinical condition demonstrates that they were unavoidable; and (ii) A resident with pressure ulcers receives

necessary treatment and services, consistent with professional standards of
practice, to promote healing, prevent infection and prevent new ulcers
from developing.

G. **Failed to make contemporaneous complete and accurate entries in the
resident chart**, and instead hiding key facts about resident care from the medical
providers and family members by failing to provide timely notification of status
changes, and making late or incomplete or inaccurate resident chart entries.
[483.70(i) Medical Records.]

H. **Failed to maintain a complete and accurate medical record**. [483.70(i)
Medical Records.]

- The facility must maintain clinical records, including medication
administration, in accordance with accepted professional standards and
practices that are complete, accurately documented, and readily accessible.

I. **Failed to ensure their clinical staff were oriented, educated, in-serviced, and
trained to meet the resident's health care** needs. A nursing home's clinical staff
should recognize, analyze, assess, and respond proactively to meet the resident's
medical needs. [§483.35 Registered Nurse; §483.70 (f) Staff qualifications.]

J. **Failed to ensure they provided sufficient qualified and competent staff** who
were substantively knowledgeable about specific medical needs and conditions of
their resident in order to deliver care in an organized and efficient manner that
meets their resident's needs. A nursing home is understaffed, and staffing is
insufficient when, based on the number and qualification, and/or competency of
the nursing home's staff, the health care needs, such as but not limited to, pressure

ulcer healing and preventative interventions, hydration monitoring (intake/out monitoring), investigation of and treatment for progressive decline of skin integrity and evolution of new pressure ulcers, skin care/personal hygiene/toileting, accuracy, physician notification of changes in wound and skin, and timeliness of documentation, were not being met. [§483.70 (f) Staff qualifications; §483.95 (g), Required In-Service Training for Nurse Aide; §483.40(a) For any staff caring for residents with dementia; §483.35 Sufficient staffing; §483.35 Registered Nurse.]

- §483.35 Nursing Services

    The facility must have sufficient nursing staff with the appropriate competencies and skills sets to provide nursing and related services to assure resident safety and attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care and considering the number, acuity and diagnoses of the facility's resident population in accordance with the facility assessment required at §483.70(e).

- §483.35(a) Sufficient Staff.

    §483.35(a)(1) The facility must provide services by sufficient numbers of each of the following types of personnel on a 24-hour basis to provide nursing care to all residents in accordance with resident care plans: (i) Except when waived under paragraph (e) of this section, licensed nurses; and (ii) Other nursing personnel, including but not limited to nurse aides.

§483.35(a)(2) Except when waived under paragraph (e) of this section, the facility must designate a licensed nurse to serve as a charge nurse on each tour of duty.

- §483.95 Training Requirements

A facility must develop, implement, and maintain an effective training program for all new and existing staff; individuals providing services under a contractual arrangement; and volunteers, consistent with their expected roles. A facility must determine the amount and types of training necessary based on a facility assessment as specified at § 483.70(e).

- §483.95 Training Requirements

(c) Abuse, neglect, and exploitation training;

(g)(1) Regarding in-service training, (g)(2) dementia management & abuse prevention training, (g)(4) care of the cognitively impaired; and

(h) Training of feeding assistants.

K. Failed to ensure that communication, including **notification of resident changes in condition, between the nursing home, the responsible party/interested family members, its departments and the resident's attending physician** about the resident was efficient, informative, thorough, timely, and undertaken with the objective of ensuring the nursing home provides and the resident receives the care and services she needs to reach and maintain her highest practicable level of well-being. [§483.10 (g)(14) Notification of Changes.]

L. **Failed to notify and involve the facility medical director/providers** in oversight and review of Thompson's clinical status, as no resident in a nursing

facility should develop facility acquired dehydration, necrotic foul smelling facility acquired pressure ulcers, or impaired skin integrity. [§483.10 (g)(14) Notification of Changes.]

- §483.10(g)(14) Notification of Changes.

  (i) A facility must immediately inform the resident; consult with the resident's physician; and notify, consistent with his or her authority, the resident representative(s) when there is—(A) An accident involving the resident which results in injury and has the potential for requiring physician intervention;

  (B) A significant change in the resident's physical, mental, or psychosocial status (that is, a deterioration in health, mental, or psychosocial status in either life-threatening conditions or clinical complications); (C) A need to alter treatment significantly (that is, a need to discontinue an existing form of treatment due to adverse consequences, or to commence a new form of treatment)

M. Failed to **provide an environment free from harm**, to promote and maintain an overall practicable level of wellbeing, and ensure adequate supervision, assistance and pressure reduction with two-person assist bed mobility, skin care/personal hygiene/toileting, prevent a fall with a right hip fracture including all data, believed to be factual, as listed within the background facts demonstrating **ongoing neglect of Thompson.** [§483.10 (i) Safe Environment; §483.25 (d) (1-2) Accidents.]

- §483.10(i) Safe Environment.

  The resident has a right to a safe, clean, comfortable and homelike environment, including but not limited to receiving treatment and supports for daily living safely.

- §483.25(d) Accidents.

  The facility must ensure that – §483.25(d)(1) The resident environment remains as free of accident hazards as is possible; and

§483.25(d)(2) Each resident receives adequate supervision and assistance devices to prevent accidents. "Supervision/Adequate Supervision" refers to an intervention and means of mitigating the risk of an accident. Facilities are obligated to provide adequate supervision to prevent accidents. Adequate supervision is determined by assessing the appropriate level and number of staff required, the competency and training of the staff, and the frequency of supervision needed. This determination is based on the individual resident's assessed needs and identified hazards in the resident environment. Adequate supervision may vary from resident to resident and from time to time for the same resident.

N. Failed to administer medications as ordered by the physician, and notify the MD/RP when medications were held/unavailable/not administered. The facility must ensure that its - §483.45(f)(2) Residents are free of any significant medication errors.

- Omitted Dose: One of the most frequent types of errors is a dose of medication that is ordered but not given (omitted).

The following are some pertinent federal regulations in the State Operations Manual, Appendix PP- Guidance to Surveyors for Long Term Care Facilities set forth by CMS (Rev. 173, 11/22/17), that nursing facilities must adhere to in day-to-day practice in order to be a licensed nursing home and remain open as a skilled nursing facility:

A. [§483.10 (g)(14) Notification of Changes.]

B. [§483.10 (i) Safe Environment.]

C. [§483.12 Freedom from Abuse, Neglect, and exploitation.]

D. [§483.20 (b-c) and §483.21(b-b2) Comprehensive Care Plan.]

E. [§483.24 (a) (1)- (b)(1-5) Activities of Daily Living.]

F. [§483.25 Quality of Care.]

G. [§483.25(b) (1) Skin Integrity-Pressure Ulcers.]

H. [§483.25 (d) (1-2) Accidents.]

I. [§483.35 Registered Nurse.]

J. [§483.35 Sufficient staffing.]

K. [§483.35 Nursing Services.]

L. [§483.40(a) For any staff caring for residents with dementia.]

M. [§483.60 Food and Nutrition Services.]

N. [§483.80 Infection Control.]

O. [§483.70(h) Medical Director.]

P. [§483.70(i) Medical Records.]

Q. [§483.70 (f) Staff qualifications.]

R. [§483.95 (g), Required In-Service Training for Nurse Aide.]

Individually and collectively, the facility's foregoing breaches of standards of care were a resulted in its resident decline in skin integrity including development of numerous skin ulcerations, neglect, sepsis due to necrotic facility acquired pressure ulcers, dehydration and suffering. The facility failed to provide medically related services to attain or maintain the highest practicable physical, mental and psychosocial well-being of its resident resulting in neglect.

The foregoing multiple acts of negligence and breaches of standards of care by the facility were both staff and administrative in nature. These multiple acts of negligence and breaches of standards of care by the facility toward its resident represent deviations from the prevailing standard of care and contractual duties in conscious disregard of the health, safety and well-being of its resident; which the corporate facility, by its Director of Nursing services, knew or should have known would result harm to its resident, but ratified, approved and/or acquiesced, including particularly without limitation by chronic indifference, inaction, and/or (obviously) inadequate action over protracted periods of time in the face of numerous and serious failures of its staff to provide the level of assistance and care its resident required.

**V.   Opinions**

Due to the above reasons, it is my opinion, based on a reasonable degree of medical certainty, that the nursing staff/agents/employees at Roberta Health breached applicable standards of care, individually and collectively, and that the facility's foregoing breaches of standards of care were a resulted in its resident decline in skin integrity including development of numerous skin ulcerations, hip fracture, neglect, sepsis due to necrotic facility acquired pressure

ulcers, dehydration and suffering. The facility failed to provide medically related services to attain or maintain the highest practicable physical, mental and psychosocial well-being of its resident resulting in neglect.

The foregoing multiple acts of negligence and breaches of standards of care by the facility were both staff and administrative in nature. These multiple acts of negligence and breaches of standards of care by the facility toward its resident represent deviations from the prevailing standard of care and contractual duties in conscious disregard of the health, safety and well-being of its resident; which the corporate facility, by its Director of Nursing services, knew or should have known would result harm to its resident, but ratified, approved and/or acquiesced, including particularly without limitation by chronic indifference, inaction, and/or (obviously) inadequate action over protracted periods of time in the face of numerous and serious failures of its staff to provide the level of assistance and care its resident required. Had the facility provided appropriate care to Thompson, more likely than not, would not have experienced decline in skin integrity including development of numerous skin ulcerations, hip fracture, neglect, sepsis due to necrotic facility acquired pressure ulcers, dehydration and suffering, which led to her failure to thrive and death.

It is not the purpose of this report to set forth each and every opinion or to include all criticisms I may have now or in the future. I reserve my right to amend and/or alter my opinion upon the development of additional relevant and competent evidence that would warrant such an amendment, based upon my professional training, experience and evidence provided for my

review and opinion. I, Sue Robinson, do hereby affirm to the truth of the statements contained within the foregoing report.

This affidavit is given solely in connection with the requirements of O.C.G.A. § 9-11-9.1. My affidavit is based upon my background, education, training and familiarity with the standard of care. My affidavit is the product of reliable principles and methods of medical care, and I have applied these applicable principles and methods reliably to the information available to me about this matter.

FURTHER AFFIANT SAYETH NOT

SUE ROBINSON, RN, BSN, LNHA, SMQT-C

Sworn to and subscribed before me

This __4th__ day of __Jan__, 20__23__

Notary Public

My Commission Expires: __5/31/2026__





**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson,** | |
| **Plaintiffs,** | **Civil Action No. _____** |
| **v.** | |
| **Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10,** | |
| **Defendants.** | |

## PLAINTIFFS' FIRST INTERROGATORIES TO ROBERTA OPERATOR, LLC D/B/A ROBERTA HEALTH AND REHAB

COME NOW, Plaintiffs in the above-styled action, by and through their counsel of record, hereby propound the following Interrogatories. Defendant is to respond as required by law.

## <u>INSTRUCTIONS & DEFINITIONS</u>

A. These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

B. Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the Complaint.

C. Where name and identity of a person is required, please state full name, home address and also business address, if known.



D. Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorneys. When answer is made by corporate defendant, state the name, address and title of persons supplying the information and making the affidavit, and announce the source of his or her information.

E. The pronoun "you" refers to the party to whom the Interrogatories are addressed, and the parties mentioned in clause (d).

F. "Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principal place of business, or if an individual, the present or last known home address, his or her job title or titles, by whom employed and address of the place of employment.

## **INTERROGATORIES**

1. State whether you were a partnership, professional association, professional corporation, or any other legal entity at the time the incident which is the subject matter of this lawsuit occurred. If yes, indicate the name of such partnership, professional association, professional corporation, or legal entity and provide the names and addresses of each partner, president, treasurer, or shareholder, indicate the nature and degree of interest in such partnership, professional association, professional corporation or legal entity. If said partnership, professional association, professional corporation, or legal entity is no longer in existence, indicate the date and manner of dissolution.

2. State your relationship with Mission Health of Georgia, LLC and Mission Health Communities, including what, if any, contracts for services exist between any and all entities.

3. Identify any and all contracts for services of any kind at your facility from 2020 to present.

4. Identify the corporate representative that had or has knowledge of the procedures, protocols, and safeguards at your facility for the prevention of falls from 2020 to present time.

5. Identify the corporate representative that had or has knowledge of the procedures, protocols, and safeguards at your facility for the treatment and prevention of pressure ulcers from 2020 to present time.

6. State the name, address, and telephone number of the employee(s) who assessed Patricia Thompson as part of the MDS process throughout her residency at Roberta Health and Rehab.

7. State the name, address, and telephone number of the employee(s) who created Patricia Thompson's Plans of Care throughout her residency at Roberta Health and Rehab.

8. State the name, address, and telephone number of the nursing home administrator at your facility at the time of Patricia Thompson's admission through her death.

9. If you intend to offer any expert opinion in the case at bar or intend to offer or rely upon the opinion of any expert witness, name all experts you propose to call as witnesses and for each describe the nature of their specialties, their experience, training and medical affiliations, all opinions which they have reached/rendered and the factual basis for each such opinion.

10. State the name, address, and telephone number of each employee and/or independent contractor having personal knowledge of Patricia Thompson's fall on June 7, 2021. For each person, please indicate the nature of that person's knowledge, whether the person was an eyewitness to the incidents complained of in this action, and whether that person is still your employee.

11. State the name, address, and telephone number of each employee and/or independent contractor having personal knowledge of Patricia Thompson's sacral wound (whether

identified as sacral, perineum, buttocks, etc.) pictured below. For each person, please indicate the nature of that person's knowledge and whether that person is still your employee.



12. State the name, address, and telephone number of each employee and/or independent contractor having personal knowledge of Patricia Thompson's right heel wound, pictured below. For each person, please indicate the nature of that person's knowledge and whether that person is still your employee.



13. Name all persons who are or have been investigating for you the cause and circumstances of the incidents referenced in Plaintiffs' Complaint (fall with fracture, multiple pressure ulcers), including the issues of liability and damages.

14. If you have obtained any written or recorded statements concerning the occurrences referenced in Plaintiffs' Complaint (fall with fracture, multiple pressure ulcers) in the ordinary course of business, set forth the name and address of the person who gave the

statement, the name and address of the person who recorded the statement and wrote it, the date of the statement, the content of the statement, and the present custodian of the statement.

15. If you contend that a party or person or other legal entity, not a party to this action acted in such a manner as to cause or contributed to the occurrences referenced in the Plaintiffs' Complaint, give a complete statement of facts upon which you rely and provide the name, address and telephone number of any persons with personal knowledge of facts upon which you so rely.

16. If you know of the existence of any pictures, movies, computer generated evidence, electronically stored data, videotapes, diagrams, x-rays, documents, medical records, reports, or objects (real evidence), medical journals, or written procedures relative to the occurrence or the issue of damages, then state the nature, subject matter, title, object, thing, the date produced or obtained, and the name and address of the present custodian of each.

17. Set forth in detail the following information pertaining to all policies or agreements of liability insurance covering or pertaining to acts or omissions committed by or on your behalf at the time of the occurrence referenced in Plaintiffs' Complaint, designating which, if any, are primary coverage and which are excess coverage, name and address of the insurance carrier, all limits of liability coverage, name and address of the named insured and policy number, full descriptions of acts or omissions to which coverage extends, full description of any and all exclusions, the dates of coverage, and the present custodian of the policy, and list any other claims made against you which are also covered by these policies in question.

18. Please list any and all documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material relating to plans of care.

19. Please list any and all documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material relating to fall prevention and intervention measures.

20. Please list any and all documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material relating to pressure ulcer prevention and intervention measures.

21. Please state whether you have been a Defendant in any other professional negligence lawsuits from 2017 through present. If so, state the case caption of each lawsuit and indicate whether the lawsuit is ongoing.

This 9th day of January, 2023.

/s/ Lindsay Simmons
Lindsay Simmons
Georgia Bar No. 700261
David Dozier
Georgia Bar No. 228898
Attorneys for Plaintiffs

Dozier Law Firm, LLC
487 Cherry Street
Macon, Georgia 31201
P: 478-742-8441
F: 478-745-9097
lindsay@dozierlaw.com
david@dozierlaw.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson,<br><br>       **Plaintiffs,**<br><br>**v.**<br><br>Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10,<br><br>       **Defendants.** | Civil Action No. _____ |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO ROBERTA OPERATOR, LLC D/B/A ROBERTA HEALTH AND REHAB**

COME NOW, Plaintiffs in the above-styled action, by and through their counsel of record, hereby propound the following Requests for Production of Documents. Defendant is to respond as required by law.

## **INSTRUCTIONS & DEFINITIONS**

A.  Your written response shall state with respect to each item or category, that inspection-related activities will be permitted as requested, unless request is refused, in which event the reasons for refusal shall be stated.  If the refusal relates to part of an item or category, that part shall be specified.

B.  In accordance, the documents shall be produced as they are covered in the usual course of business or you shall organize and label them to correspond with the categories in the request.

C.  These requests shall encompass all items within your possession, custody or control.

D.  These requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

E.  If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous in the construction used, in responding.

F.  The term "person" includes any individual, joint stock company, unincorporated association or society, municipal or other corporation, state, which agencies or political subdivisions, and court, or any other governmental entity.

G.  The terms "you" or "your" include the persons to whom these requests are addressed, and all that person's agents, representatives or attorneys.

H.  In accordance, the terms, "document" or "documents" includes all writings, drawings, graphs, charts, photographs, recordings, and any other data computations from which information can be obtained, translated, if necessary by (you), through detection devices, into reasonably usable form.

I.  The term "occurrence" means the incident complained of in the Plaintiffs' complaint.

## REQUEST FOR PRODUCTION

1.  All documents in your possession regarding Patricia Thompson.

2.  All reports prepared by any experts expected to testify on behalf of you at the trial in this matter and all documents used by said experts in forming their opinions.

3.  All documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets

and/or any other written material with regard to preventing injury to patients from 2021 to present time.

4. All documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material with regard to plans of care from 2020 to present time.

5. All documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material with regard to fall prevention and intervention measures from 2020 to present time.

6. All documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material with regard to treatment and prevention of pressure ulcers from 2021 to present time.

7. All management agreements, consulting agreements, or administrative services agreements between you and any other entity from 2020 to present time.

8. Any and all documents relating to liability insurance policies insuring you at the time of the occurrence, to include any and all documents reflecting payments to any person or legal entity arising out of claims made against you.

9. All medical reports, surgical records, doctors' orders, quality assurance monitoring records, consent forms, financial records, audit trails, electronic medication administration records (e-MARS), bills, invoices, writings, CDs, notes, electronically stored data, or memoranda relating in any way to Patricia Thompson's physical, or medical condition, illnesses or disability.

10. Copies of any and all documents, records or writings made in the ordinary course of business concerning the subject matters (hip fracture, failure to treat pressure ulcers, failure to prevent facility-acquired pressure ulcers) to this action.

11. Any photographs or motion pictures of Patricia Thompson in your or your attorney's possession or control.

12. All documents referred to in your Answers to Interrogatories.

13. Any and all medical records, medical bills, and other medical documentation of any kind and bills obtained or received from sources other than the Plaintiffs or Plaintiffs' counsel, whether by subpoena or otherwise.

14. Any and all insurance agreements or insurance policies identified in your Answers to Interrogatories.

15. All documents, transcripts, tape recordings, or recordings of any kind relating to statements given by Patricia Thompson, the Plaintiffs and/or their representatives, agents, or employees, concerning this incident.

16. Copies of all transcripts of testimony from your experts for the last five years whether during a deposition, hearing, or trial.

17. Copies of all documents, audio tapes, computer generated evidence, photographs, and all other demonstrable items relative to this case.

18. Copies of any letters, correspondence, e-mail correspondence, from any resident and/or her legal representative that placed you on notice of a possible legal claim.

19. Copies of all complaints, pleadings, discovery documents, depositions, answers to interrogatories, response to requests for production of documents, court orders, that

pertain to any legal action wherein you were/are a party in the last five years (with patient information redacted, if necessary).

20. All documents and any other written materials, diagrams, photos, audio/video tapes, computer generated evidence, electronically stored data, models, computer stored data etc. that were relied upon by any expert that you have retained in the case at bar.

21. Copies of all of your bills representing charges for services provided to Patricia Thompson.

22. Copies of any and all documents signed by the Plaintiffs and/or Patricia Thompson.

23. Any and all written materials that were provided to the Plaintiffs and/or Patricia Thompson before, during, or after Patricia Thompson' admission to your facility.

24. All correspondence sent to and received from any other medical providers that treated Patricia Thompson while at your facility.

25. All documents concerning any releases, settlements or other agreements, formal or informal, that reduce the amount of liability insurance available to cover the subject incident.

26. Personnel and/or employee files relating to any individual, staff member, medical provider, nurse, employee, agent, or independent contractor who rendered care to, supervised, or monitored Patricia Thompson while at your facility.

27. Your licensing file.

28. Your Medicaid Cost Reports.

29. Your Medicare Cost Reports.

30. All documents regarding investigation of the June 7, 2021, fall of Patricia Thompson.

31. All documents regarding reporting of the injuries of Patricia Thompson to applicable state and federal agencies.

32. Documentation to evidence staffing levels for all nurses and medical professionals your facility who provided care to Patricia Thompson while she was a resident at your facility.

33. Job performance evaluations, including disciplinary documentation, of any of your employees who provided care to Patricia Thompson while she was a resident at your facility.

This 9th day of January, 2023.

/s/ Lindsay Simmons
Lindsay Simmons
Georgia Bar No. 700261
David Dozier
Georgia Bar No. 228898
Attorneys for Plaintiffs

Dozier Law Firm, LLC
487 Cherry Street
Macon, Georgia 31201
P: 478-742-8441
F: 478-745-9097
lindsay@dozierlaw.com
david@dozierlaw.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson, | |
| **Plaintiffs,** | Civil Action No. _____ |
| v. | |
| Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10, | |
| **Defendants.** | |

**PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT ROBERTA OPERATOR, LLC D/B/A ROBERTA HEALTH AND REHAB**

COME NOW, Plaintiffs in the above-styled action, by and through their counsel of record, hereby propound the following Request for Admissions. Defendant is to respond as required by law.

**REQUESTS FOR ADMISSIONS**

1. Admit that on December 1, 2021, Cozen O'Connor served as in-house counsel for Roberta Health and Rehab.

2. Admit the letter attached hereto as Exhibit A reflects on December 1, 2021, Cozen O'Connor produced medical records regarding Patricia Thompson labeled as bates-stamped ROBERTA-PT-00001-02734.

3. Admit the medical records attached hereto as Exhibit B, ROBERTA-PT-01211 through ROBERTA-PT-01218 is a true and correct copy of an unsigned arbitration agreement.

4.  Admit that no signed arbitration agreement regarding Patricia Thompson existed on

    December 1, 2021.

5.  Admit that no signed arbitration agreement regarding Patricia Thompson exists.

This 9th day of January, 2023.

/s/ Lindsay Simmons
Lindsay Simmons
Georgia Bar No. 700261
David Dozier
Georgia Bar No. 228898
Attorneys for Plaintiffs

Dozier Law Firm, LLC
487 Cherry Street
Macon, Georgia 31201
P: 478-742-8441
F: 478-745-9097
lindsay@dozierlaw.com
david@dozierlaw.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson,** | |
| | **Civil Action No. _____** |
| **Plaintiffs,** | |
| **v.** | |
| **Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10,** | |
| **Defendants.** | |

## PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT MISSION HEALTH OF GEORGIA, LLC D/B/A ROBERTA HEALTH AND REHAB

COME NOW, Plaintiffs in the above-styled action, by and through their counsel of record, hereby propound the following Request for Admissions. Defendant is to respond as required by law.

## REQUESTS FOR ADMISSIONS

1. Admit that on December 1, 2021, Cozen O'Connor served as in-house counsel for Roberta Health and Rehab.

2. Admit the letter attached hereto as Exhibit A reflects on December 1, 2021, Cozen O'Connor produced medical records regarding Patricia Thompson labeled as bates-stamped ROBERTA-PT-00001-02734.

3. Admit the medical records attached hereto as Exhibit B, ROBERTA-PT-01211 through ROBERTA-PT-01218 is a true and correct copy of an unsigned arbitration agreement.

4. Admit that no signed arbitration agreement regarding Patricia Thompson existed on
   December 1, 2021.

5. Admit that no signed arbitration agreement regarding Patricia Thompson exists.

This 9th day of January, 2023.

/s/ Lindsay Simmons
Lindsay Simmons
Georgia Bar No. 700261
David Dozier
Georgia Bar No. 228898
Attorneys for Plaintiffs

Dozier Law Firm, LLC
487 Cherry Street
Macon, Georgia 31201
P: 478-742-8441
F: 478-745-9097
lindsay@dozierlaw.com
david@dozierlaw.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson, | |
| **Plaintiffs,** | Civil Action No. _____ |
| v. | |
| Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10, | |
| **Defendants.** | |

## PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT ROBERTA OPERATOR, LLC D/B/A ROBERTA HEALTH AND REHAB

COME NOW, Plaintiffs in the above-styled action, by and through their counsel of record, hereby propound the following Request for Admissions. Defendant is to respond as required by law.

## REQUESTS FOR ADMISSIONS

1. Admit that on December 1, 2021, Cozen O'Connor served as in-house counsel for Roberta Health and Rehab.

2. Admit the letter attached hereto as Exhibit A reflects on December 1, 2021, Cozen O'Connor produced medical records regarding Patricia Thompson labeled as bates-stamped ROBERTA-PT-00001-02734.

3. Admit the medical records attached hereto as Exhibit B, ROBERTA-PT-01211 through ROBERTA-PT-01218 is a true and correct copy of an unsigned arbitration agreement.

4.  Admit that no signed arbitration agreement regarding Patricia Thompson existed on

    December 1, 2021.

5.  Admit that no signed arbitration agreement regarding Patricia Thompson exists.

This 9th day of January, 2023.

/s/ Lindsay Simmons
Lindsay Simmons
Georgia Bar No. 700261
David Dozier
Georgia Bar No. 228898
Attorneys for Plaintiffs

Dozier Law Firm, LLC
487 Cherry Street
Macon, Georgia 31201
P: 478-742-8441
F: 478-745-9097
lindsay@dozierlaw.com
david@dozierlaw.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson,** | |
| **Plaintiffs,** | **Civil Action No. _____** |
| **v.** | |
| **Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10,** | |
| **Defendants.** | |

**PLAINTIFFS' FIRST INTERROGATORIES TO MISSION HEALTH OF GEORGIA, LLC D/B/A ROBERTA HEALTH AND REHAB**

COME NOW, Plaintiffs in the above-styled action, by and through their counsel of record, hereby propound the following Interrogatories. Defendant is to respond as required by law.

## **INSTRUCTIONS & DEFINITIONS**

A.  These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

B.  Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the Complaint.

C.  Where name and identity of a person is required, please state full name, home address and also business address, if known.

D.  Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorneys.  When answer is made by corporate defendant, state the name, address and title of persons supplying the information and making the affidavit, and announce the source of his or her information.

E.  The pronoun "you" refers to the party to whom the Interrogatories are addressed, and the parties mentioned in clause (d).

F.  "Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principal place of business, or if an individual, the present or last known home address, his or her job title or titles, by whom employed and address of the place of employment.

## **INTERROGATORIES**

1.  State whether you were a partnership, professional association, professional corporation, or any other legal entity at the time the incident which is the subject matter of this lawsuit occurred.  If yes, indicate the name of such partnership, professional association, professional corporation, or legal entity and provide the names and addresses of each partner, president, treasurer, or shareholder, indicate the nature and degree of interest in such partnership, professional association, professional corporation or legal entity.  If said partnership, professional association, professional corporation, or legal entity is no longer in existence, indicate the date and manner of dissolution.

2.  State your relationship with Roberta Operator, LLC d/b/a Roberta Health and Rehab and Mission Health Communities, including what, if any, contracts for services exist between any and all entities.

3.  Identify any and all contracts for services of any kind at your facility from 2020 to present.

4.  Identify the corporate representative that had or has knowledge of the procedures, protocols, and safeguards at your facility for the prevention of falls from 2020 to present time.

5.  Identify the corporate representative that had or has knowledge of the procedures, protocols, and safeguards at your facility for the treatment and prevention of pressure ulcers from 2020 to present time.

6.  State the name, address, and telephone number of the employee(s) who assessed Patricia Thompson as part of the MDS process throughout her residency at Roberta Health and Rehab.

7.  State the name, address, and telephone number of the employee(s) who created Patricia Thompson's Plans of Care throughout her residency at Roberta Health and Rehab.

8.  State the name, address, and telephone number of the nursing home administrator at your facility at the time of Patricia Thompson's admission through her death.

9.  If you intend to offer any expert opinion in the case at bar or intend to offer or rely upon the opinion of any expert witness, name all experts you propose to call as witnesses and for each describe the nature of their specialties, their experience, training and medical affiliations, all opinions which they have reached/rendered and the factual basis for each such opinion.

10. State the name, address, and telephone number of each employee and/or independent contractor having personal knowledge of Patricia Thompson's fall on June 7, 2021. For each person, please indicate the nature of that person's knowledge, whether the person was an eyewitness to the incidents complained of in this action, and whether that person is still your employee.

11. State the name, address, and telephone number of each employee and/or independent contractor having personal knowledge of Patricia Thompson's sacral wound (whether

identified as sacral, perineum, buttocks, etc.) pictured below. For each person, please indicate the nature of that person's knowledge and whether that person is still your employee.



12. State the name, address, and telephone number of each employee and/or independent contractor having personal knowledge of Patricia Thompson's right heel wound, pictured below. For each person, please indicate the nature of that person's knowledge and whether that person is still your employee.



13. Name all persons who are or have been investigating for you the cause and circumstances of the incidents referenced in Plaintiffs' Complaint (fall with fracture, multiple pressure ulcers), including the issues of liability and damages.

14. If you have obtained any written or recorded statements concerning the occurrences referenced in Plaintiffs' Complaint (fall with fracture, multiple pressure ulcers) in the ordinary course of business, set forth the name and address of the person who gave the

statement, the name and address of the person who recorded the statement and wrote it, the date of the statement, the content of the statement, and the present custodian of the statement.

15. If you contend that a party or person or other legal entity, not a party to this action acted in such a manner as to cause or contributed to the occurrences referenced in the Plaintiffs' Complaint, give a complete statement of facts upon which you rely and provide the name, address and telephone number of any persons with personal knowledge of facts upon which you so rely.

16. If you know of the existence of any pictures, movies, computer generated evidence, electronically stored data, videotapes, diagrams, x-rays, documents, medical records, reports, or objects (real evidence), medical journals, or written procedures relative to the occurrence or the issue of damages, then state the nature, subject matter, title, object, thing, the date produced or obtained, and the name and address of the present custodian of each.

17. Set forth in detail the following information pertaining to all policies or agreements of liability insurance covering or pertaining to acts or omissions committed by or on your behalf at the time of the occurrence referenced in Plaintiffs' Complaint, designating which, if any, are primary coverage and which are excess coverage, name and address of the insurance carrier, all limits of liability coverage, name and address of the named insured and policy number, full descriptions of acts or omissions to which coverage extends, full description of any and all exclusions, the dates of coverage, and the present custodian of the policy, and list any other claims made against you which are also covered by these policies in question.

18. Please list any and all documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material relating to plans of care.

19. Please list any and all documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material relating to fall prevention and intervention measures.

20. Please list any and all documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material relating to pressure ulcer prevention and intervention measures.

21. Please state whether you have been a Defendant in any other professional negligence lawsuits from 2017 through present. If so, state the case caption of each lawsuit and indicate whether the lawsuit is ongoing.

This 9th day of January, 2023.

/s/ Lindsay Simmons
Lindsay Simmons
Georgia Bar No. 700261
David Dozier
Georgia Bar No. 228898
Attorneys for Plaintiffs

Dozier Law Firm, LLC
487 Cherry Street
Macon, Georgia 31201
P: 478-742-8441
F: 478-745-9097
lindsay@dozierlaw.com
david@dozierlaw.com



## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson,** | |
| **Plaintiffs,** | **Civil Action No. _____** |
| **v.** | |
| **Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10,** | |
| **Defendants.** | |

## PLAINTIFFS' FIRST INTERROGATORIES TO ROBERTA OPERATOR, LLC D/B/A ROBERTA HEALTH AND REHAB

COME NOW, Plaintiffs in the above-styled action, by and through their counsel of record, hereby propound the following Interrogatories. Defendant is to respond as required by law.

## INSTRUCTIONS & DEFINITIONS

A. These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

B. Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the Complaint.

C. Where name and identity of a person is required, please state full name, home address and also business address, if known.



D.  Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorneys.  When answer is made by corporate defendant, state the name, address and title of persons supplying the information and making the affidavit, and announce the source of his or her information.

E.  The pronoun "you" refers to the party to whom the Interrogatories are addressed, and the parties mentioned in clause (d).

F.  "Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principal place of business, or if an individual, the present or last known home address, his or her job title or titles, by whom employed and address of the place of employment.

## **INTERROGATORIES**

1.  State whether you were a partnership, professional association, professional corporation, or any other legal entity at the time the incident which is the subject matter of this lawsuit occurred.  If yes, indicate the name of such partnership, professional association, professional corporation, or legal entity and provide the names and addresses of each partner, president, treasurer, or shareholder, indicate the nature and degree of interest in such partnership, professional association, professional corporation or legal entity.  If said partnership, professional association, professional corporation, or legal entity is no longer in existence, indicate the date and manner of dissolution.

2.  State your relationship with Mission Health of Georgia, LLC and Mission Health Communities, including what, if any, contracts for services exist between any and all entities.

3.  Identify any and all contracts for services of any kind at your facility from 2020 to present.

4. Identify the corporate representative that had or has knowledge of the procedures, protocols, and safeguards at your facility for the prevention of falls from 2020 to present time.

5. Identify the corporate representative that had or has knowledge of the procedures, protocols, and safeguards at your facility for the treatment and prevention of pressure ulcers from 2020 to present time.

6. State the name, address, and telephone number of the employee(s) who assessed Patricia Thompson as part of the MDS process throughout her residency at Roberta Health and Rehab.

7. State the name, address, and telephone number of the employee(s) who created Patricia Thompson's Plans of Care throughout her residency at Roberta Health and Rehab.

8. State the name, address, and telephone number of the nursing home administrator at your facility at the time of Patricia Thompson's admission through her death.

9. If you intend to offer any expert opinion in the case at bar or intend to offer or rely upon the opinion of any expert witness, name all experts you propose to call as witnesses and for each describe the nature of their specialties, their experience, training and medical affiliations, all opinions which they have reached/rendered and the factual basis for each such opinion.

10. State the name, address, and telephone number of each employee and/or independent contractor having personal knowledge of Patricia Thompson's fall on June 7, 2021. For each person, please indicate the nature of that person's knowledge, whether the person was an eyewitness to the incidents complained of in this action, and whether that person is still your employee.

11. State the name, address, and telephone number of each employee and/or independent contractor having personal knowledge of Patricia Thompson's sacral wound (whether

identified as sacral, perineum, buttocks, etc.) pictured below. For each person, please indicate the nature of that person's knowledge and whether that person is still your employee.



12. State the name, address, and telephone number of each employee and/or independent contractor having personal knowledge of Patricia Thompson's right heel wound, pictured below. For each person, please indicate the nature of that person's knowledge and whether that person is still your employee.



13. Name all persons who are or have been investigating for you the cause and circumstances of the incidents referenced in Plaintiffs' Complaint (fall with fracture, multiple pressure ulcers), including the issues of liability and damages.

14. If you have obtained any written or recorded statements concerning the occurrences referenced in Plaintiffs' Complaint (fall with fracture, multiple pressure ulcers) in the ordinary course of business, set forth the name and address of the person who gave the

statement, the name and address of the person who recorded the statement and wrote it, the

date of the statement, the content of the statement, and the present custodian of the statement.

15. If you contend that a party or person or other legal entity, not a party to this action acted in

such a manner as to cause or contributed to the occurrences referenced in the Plaintiffs'

Complaint, give a complete statement of facts upon which you rely and provide the name,

address and telephone number of any persons with personal knowledge of facts upon which

you so rely.

16. If you know of the existence of any pictures, movies, computer generated evidence,

electronically stored data, videotapes, diagrams, x-rays, documents, medical records, reports,

or objects (real evidence), medical journals, or written procedures relative to the occurrence

or the issue of damages, then state the nature, subject matter, title, object, thing, the date

produced or obtained, and the name and address of the present custodian of each.

17. Set forth in detail the following information pertaining to all policies or agreements of

liability insurance covering or pertaining to acts or omissions committed by or on your behalf

at the time of the occurrence referenced in Plaintiffs' Complaint, designating which, if any,

are primary coverage and which are excess coverage, name and address of the insurance

carrier, all limits of liability coverage, name and address of the named insured and policy

number, full descriptions of acts or omissions to which coverage extends, full description of

any and all exclusions, the dates of coverage, and the present custodian of the policy, and list

any other claims made against you which are also covered by these policies in question.

18. Please list any and all documents, including, but not limited to, all of your policies, rules,

regulations, procedures, protocols, guidelines, standards, training manuals, instructions,

pamphlets and/or any other written material relating to plans of care.

19. Please list any and all documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material relating to fall prevention and intervention measures.

20. Please list any and all documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material relating to pressure ulcer prevention and intervention measures.

21. Please state whether you have been a Defendant in any other professional negligence lawsuits from 2017 through present. If so, state the case caption of each lawsuit and indicate whether the lawsuit is ongoing.

This 9th day of January, 2023.

/s/ Lindsay Simmons
Lindsay Simmons
Georgia Bar No. 700261
David Dozier
Georgia Bar No. 228898
Attorneys for Plaintiffs

Dozier Law Firm, LLC
487 Cherry Street
Macon, Georgia 31201
P: 478-742-8441
F: 478-745-9097
lindsay@dozierlaw.com
david@dozierlaw.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson,** | |
| **Plaintiffs,** | **Civil Action No. _____** |
| **v.** | |
| **Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10,** | |
| **Defendants.** | |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO MISSION HEALTH OF GEORGIA, LLC D/B/A ROBERTA HEALTH AND REHAB

COME NOW, Plaintiffs in the above-styled action, by and through their counsel of record, hereby propound the following Requests for Production of Documents. Defendant is to respond as required by law.

### INSTRUCTIONS & DEFINITIONS

A. Your written response shall state with respect to each item or category, that inspection-related activities will be permitted as requested, unless request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, that part shall be specified.

B. In accordance, the documents shall be produced as they are covered in the usual course of business or you shall organize and label them to correspond with the categories in the request.

C.  These requests shall encompass all items within your possession, custody or control.

D.  These requests are continuing in character so as to require you to promptly amend or
supplement your response if you obtain further material information.

E.  If in responding to these requests you encounter any ambiguity in construing any request,
instruction or definition, set forth the matter deemed ambiguous in the construction used,
in responding.

F.  The term "person" includes any individual, joint stock company, unincorporated
association or society, municipal or other corporation, state, which agencies or political
subdivisions, and court, or any other governmental entity.

G.  The terms "you" or "your" include the persons to whom these requests are addressed, and
all that person's agents, representatives or attorneys.

H.  In accordance, the terms, "document" or "documents" includes all writings, drawings,
graphs, charts, photographs, recordings, and any other data computations from which
information can be obtained, translated, if necessary by (you), through detection devices,
into reasonably usable form.

I.  The term "occurrence" means the incident complained of in the Plaintiffs' complaint.

## REQUEST FOR PRODUCTION

1.  All documents in your possession regarding Patricia Thompson.

2.  All reports prepared by any experts expected to testify on behalf of you at the trial in this
matter and all documents used by said experts in forming their opinions.

3.  All documents, including, but not limited to, all of your policies, rules, regulations,
procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets

and/or any other written material with regard to preventing injury to patients from 2021 to present time.

4. All documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material with regard to plans of care from 2020 to present time.

5. All documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material with regard to fall prevention and intervention measures from 2020 to present time.

6. All documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material with regard to treatment and prevention of pressure ulcers from 2021 to present time.

7. All management agreements, consulting agreements, or administrative services agreements between you and any other entity from 2020 to present time.

8. Any and all documents relating to liability insurance policies insuring you at the time of the occurrence, to include any and all documents reflecting payments to any person or legal entity arising out of claims made against you.

9. All medical reports, surgical records, doctors' orders, quality assurance monitoring records, consent forms, financial records, audit trails, electronic medication administration records (e-MARS), bills, invoices, writings, CDs, notes, electronically stored data, or memoranda relating in any way to Patricia Thompson's physical, or medical condition, illnesses or disability.

10. Copies of any and all documents, records or writings made in the ordinary course of business concerning the subject matters (hip fracture, failure to treat pressure ulcers, failure to prevent facility-acquired pressure ulcers) to this action.

11. Any photographs or motion pictures of Patricia Thompson in your or your attorney's possession or control.

12. All documents referred to in your Answers to Interrogatories.

13. Any and all medical records, medical bills, and other medical documentation of any kind and bills obtained or received from sources other than the Plaintiffs or Plaintiffs' counsel, whether by subpoena or otherwise.

14. Any and all insurance agreements or insurance policies identified in your Answers to Interrogatories.

15. All documents, transcripts, tape recordings, or recordings of any kind relating to statements given by Patricia Thompson, the Plaintiffs and/or their representatives, agents, or employees, concerning this incident.

16. Copies of all transcripts of testimony from your experts for the last five years whether during a deposition, hearing, or trial.

17. Copies of all documents, audio tapes, computer generated evidence, photographs, and all other demonstrable items relative to this case.

18. Copies of any letters, correspondence, e-mail correspondence, from any resident and/or her legal representative that placed you on notice of a possible legal claim.

19. Copies of all complaints, pleadings, discovery documents, depositions, answers to interrogatories, response to requests for production of documents, court orders, that

pertain to any legal action wherein you were/are a party in the last five years (with patient information redacted, if necessary).

20. All documents and any other written materials, diagrams, photos, audio/video tapes, computer generated evidence, electronically stored data, models, computer stored data etc. that were relied upon by any expert that you have retained in the case at bar.

21. Copies of all of your bills representing charges for services provided to Patricia Thompson.

22. Copies of any and all documents signed by the Plaintiffs and/or Patricia Thompson.

23. Any and all written materials that were provided to the Plaintiffs and/or Patricia Thompson before, during, or after Patricia Thompson' admission to your facility.

24. All correspondence sent to and received from any other medical providers that treated Patricia Thompson while at your facility.

25. All documents concerning any releases, settlements or other agreements, formal or informal, that reduce the amount of liability insurance available to cover the subject incident.

26. Personnel and/or employee files relating to any individual, staff member, medical provider, nurse, employee, agent, or independent contractor who rendered care to, supervised, or monitored Patricia Thompson while at your facility.

27. Your licensing file.

28. Your Medicaid Cost Reports.

29. Your Medicare Cost Reports.

30. All documents regarding investigation of the June 7, 2021, fall of Patricia Thompson.

31. All documents regarding reporting of the injuries of Patricia Thompson to applicable state and federal agencies.

32. Documentation to evidence staffing levels for all nurses and medical professionals your facility who provided care to Patricia Thompson while she was a resident at your facility.

33. Job performance evaluations, including disciplinary documentation, of any of your employees who provided care to Patricia Thompson while she was a resident at your facility.

This 9th day of January, 2023.

/s/ Lindsay Simmons
Lindsay Simmons
Georgia Bar No. 700261
David Dozier
Georgia Bar No. 228898
Attorneys for Plaintiffs

Dozier Law Firm, LLC
487 Cherry Street
Macon, Georgia 31201
P: 478-742-8441
F: 478-745-9097
lindsay@dozierlaw.com
david@dozierlaw.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson,<br><br>      **Plaintiffs,**<br><br>v.<br><br>Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10,<br><br>      **Defendants.** | Civil Action No. _____ |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO ROBERTA OPERATOR, LLC D/B/A ROBERTA HEALTH AND REHAB**

COME NOW, Plaintiffs in the above-styled action, by and through their counsel of record, hereby propound the following Requests for Production of Documents. Defendant is to respond as required by law.

**INSTRUCTIONS & DEFINITIONS**

A. Your written response shall state with respect to each item or category, that inspection-related activities will be permitted as requested, unless request is refused, in which event the reasons for refusal shall be stated.  If the refusal relates to part of an item or category, that part shall be specified.

B. In accordance, the documents shall be produced as they are covered in the usual course of business or you shall organize and label them to correspond with the categories in the request.

C. These requests shall encompass all items within your possession, custody or control.

D. These requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

E. If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous in the construction used, in responding.

F. The term "person" includes any individual, joint stock company, unincorporated association or society, municipal or other corporation, state, which agencies or political subdivisions, and court, or any other governmental entity.

G. The terms "you" or "your" include the persons to whom these requests are addressed, and all that person's agents, representatives or attorneys.

H. In accordance, the terms, "document" or "documents" includes all writings, drawings, graphs, charts, photographs, recordings, and any other data computations from which information can be obtained, translated, if necessary by (you), through detection devices, into reasonably usable form.

I. The term "occurrence" means the incident complained of in the Plaintiffs' complaint.

## **REQUEST FOR PRODUCTION**

1. All documents in your possession regarding Patricia Thompson.

2. All reports prepared by any experts expected to testify on behalf of you at the trial in this matter and all documents used by said experts in forming their opinions.

3. All documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets

and/or any other written material with regard to preventing injury to patients from 2021 to present time.

4. All documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material with regard to plans of care from 2020 to present time.

5. All documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material with regard to fall prevention and intervention measures from 2020 to present time.

6. All documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material with regard to treatment and prevention of pressure ulcers from 2021 to present time.

7. All management agreements, consulting agreements, or administrative services agreements between you and any other entity from 2020 to present time.

8. Any and all documents relating to liability insurance policies insuring you at the time of the occurrence, to include any and all documents reflecting payments to any person or legal entity arising out of claims made against you.

9. All medical reports, surgical records, doctors' orders, quality assurance monitoring records, consent forms, financial records, audit trails, electronic medication administration records (e-MARS), bills, invoices, writings, CDs, notes, electronically stored data, or memoranda relating in any way to Patricia Thompson's physical, or medical condition, illnesses or disability.

10. Copies of any and all documents, records or writings made in the ordinary course of business concerning the subject matters (hip fracture, failure to treat pressure ulcers, failure to prevent facility-acquired pressure ulcers) to this action.

11. Any photographs or motion pictures of Patricia Thompson in your or your attorney's possession or control.

12. All documents referred to in your Answers to Interrogatories.

13. Any and all medical records, medical bills, and other medical documentation of any kind and bills obtained or received from sources other than the Plaintiffs or Plaintiffs' counsel, whether by subpoena or otherwise.

14. Any and all insurance agreements or insurance policies identified in your Answers to Interrogatories.

15. All documents, transcripts, tape recordings, or recordings of any kind relating to statements given by Patricia Thompson, the Plaintiffs and/or their representatives, agents, or employees, concerning this incident.

16. Copies of all transcripts of testimony from your experts for the last five years whether during a deposition, hearing, or trial.

17. Copies of all documents, audio tapes, computer generated evidence, photographs, and all other demonstrable items relative to this case.

18. Copies of any letters, correspondence, e-mail correspondence, from any resident and/or her legal representative that placed you on notice of a possible legal claim.

19. Copies of all complaints, pleadings, discovery documents, depositions, answers to interrogatories, response to requests for production of documents, court orders, that

pertain to any legal action wherein you were/are a party in the last five years (with patient information redacted, if necessary).

20. All documents and any other written materials, diagrams, photos, audio/video tapes, computer generated evidence, electronically stored data, models, computer stored data etc. that were relied upon by any expert that you have retained in the case at bar.

21. Copies of all of your bills representing charges for services provided to Patricia Thompson.

22. Copies of any and all documents signed by the Plaintiffs and/or Patricia Thompson.

23. Any and all written materials that were provided to the Plaintiffs and/or Patricia Thompson before, during, or after Patricia Thompson' admission to your facility.

24. All correspondence sent to and received from any other medical providers that treated Patricia Thompson while at your facility.

25. All documents concerning any releases, settlements or other agreements, formal or informal, that reduce the amount of liability insurance available to cover the subject incident.

26. Personnel and/or employee files relating to any individual, staff member, medical provider, nurse, employee, agent, or independent contractor who rendered care to, supervised, or monitored Patricia Thompson while at your facility.

27. Your licensing file.

28. Your Medicaid Cost Reports.

29. Your Medicare Cost Reports.

30. All documents regarding investigation of the June 7, 2021, fall of Patricia Thompson.

31. All documents regarding reporting of the injuries of Patricia Thompson to applicable state and federal agencies.

32. Documentation to evidence staffing levels for all nurses and medical professionals your facility who provided care to Patricia Thompson while she was a resident at your facility.

33. Job performance evaluations, including disciplinary documentation, of any of your employees who provided care to Patricia Thompson while she was a resident at your facility.

This 9th day of January, 2023.

/s/ Lindsay Simmons
Lindsay Simmons
Georgia Bar No. 700261
David Dozier
Georgia Bar No. 228898
Attorneys for Plaintiffs

Dozier Law Firm, LLC
487 Cherry Street
Macon, Georgia 31201
P: 478-742-8441
F: 478-745-9097
lindsay@dozierlaw.com
david@dozierlaw.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00147-S3**
1/9/2023 5:02 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Patricia Bostick & Johnny Thompson, in their individual

capacities, as surviving children of Patricia Thompson, and

Patricia Bostick , as Executor of the Estate of Patricia Thompson

CIVIL ACTION 23-C-00147-S3
NUMBER:_____

PLAINTIFF

VS.

Mission Health of Georgia, LLC d/b/a Roberta Health

and Rehab

DEFENDANT

## SUMMONS   .

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Lindsay E. Simmons, Esquire
487 Cherry Street
Macon, GA 31201

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of ___10th day of January, 2023_____, 20____.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-00147-S3**
**1/9/2023 5:02 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Patricia Bostick & Johnny Thompson, in their individual
_____

capacities, as surviving children of Patricia Thompson, and
_____

Patricia Bostick , as Executor of the Estate of Patricia Thompson
_____

PLAINTIFF

CIVIL ACTION
NUMBER:_____

23-C-00147-S3

VS.

Roberta Operator, LLC, d/b/a Roberta Health & Rehab
_____

_____

_____

DEFENDANT

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Lindsay E. Simmons, Esquire
487 Cherry Street
Macon, GA 31201

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

10th day of January, 2023

This _____ day of _____, 20_____.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00147-S3**

**2/16/2023 1:35 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson,<br><br>    Plaintiffs,<br><br>v.<br><br>Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>FILE NO.  23-C-00147-S3 |

### DEFENDANTS ROBERTA OPERATOR, LLC'S AND MISSION HEALTH OF GEORGIA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Roberta Operator, LLC ("Defendant Roberta"), and Mission Health of Georgia, LLC ("Defendant MGH") (collectively "Defendants"), named Defendants in the above styled action  by and through its undersigned counsel, and files this Answer and Affirmative Defenses to Plaintiffs, Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson, (hereinafter referred to as "Plaintiffs") *Complaint for Damages and Wrongful Death* (hereinafter referred to as "*Complaint*") showing the Court as follows:

### FIRST DEFENSE

To the extent that any claims against Defendants may exist, said claims are barred from being litigated in a court of law by virtue of the Arbitration Agreement entered into between Plaintiffs and/or an agent of Patricia Thompson.  Further, to the extent that any claims against Defendants are barred by the failure of Plaintiffs to first present a written demand to arbitrate

said claims, which is a condition precedent by virtue of the Arbitration Agreement, this Defendant shows that said claims are barred as a matter of contract.

## SECOND DEFENSE

Plaintiffs' *Complaint* fails to state a claim against Defendants upon which relief may be granted.

## THIRD DEFENSE

At all times relevant hereto, Defendants, by and through their agents and employees, exercised that degree of care and skill as would be exercised by members of the medical profession generally under the same or similar circumstances, and thus, Plaintiffs' *Complaint* should be denied.

## FOURTH DEFENSE

At all times relevant hereto, Defendants, by and through its agents and employees, are not guilty of professional negligence, and thus, Plaintiffs' *Complaint* should be denied.

## FIFTH DEFENSE

Defendants shows the Court that they did not commit medical malpractice by and through its agents, and thus, Plaintiffs' *Complaint* should be denied.

## SIXTH DEFENSE

Defendants shows that no act or omission on its part was the proximate cause of any injury to Patricia Thompson, and thus, Plaintiffs' *Complaint* should be denied.

## SEVENTH DEFENSE

Inasmuch as Defendants were not negligent in any manner whatsoever, it is not liable to Plaintiffs in any amount whatsoever.

## EIGHTH DEFENSE

Inasmuch as Defendants, by and through their agents and employees, were not negligent in any manner whatsoever, said Defendants are not liable to Plaintiffs in any amount whatsoever.

## NINTH DEFENSE

Defendants are not liable to Plaintiffs for any sum whatsoever because any injury or damage Patricia Thompson may have experienced was solely and proximately the result of unforeseen intervening causes.

## TENTH DEFENSE

Defendants deny that the Plaintiffs are entitled to recover punitive damages.

## ELEVENTH DEFENSE

Defendants deny that they are subject to any award of punitive damages in this case and show that any award of punitive damages would be limited by the cap imposed by O.C.G.A. § 51-12-5.1

## TWELFTH DEFENSE

In further plea and answer, Defendants set forth those affirmative defenses specifically enumerated in O.C.G.A. §9-11-8(c) in the event that subsequent discovery in this case makes applicable any of said defenses.

## THIRTEENTH DEFENSE

In further plea and answer, Defendants set forth those defenses specifically enumerated in O.C.G.A. §9-11-12(b) in the event that subsequent discovery in this case makes applicable any of said defenses.

## FOURTEENTH DEFENSE

Defendants are entitled to the immunities set forth in O.C.G.A. § 51-16-1, et seq.

## FIFTEENTH DEFENSE

Defendants reserve their right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

## PARTIES, JURISDICTION, AND VENUE

### 1.

After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph of Plaintiffs' *Complaint*.   Therefore, the allegations set forth in this Paragraph of Plaintiffs' *Complaint* are denied and strict proof thereof is demanded at the time of trial.

### 2.

After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph of Plaintiffs' *Complaint*.   Therefore, the allegations set forth in this Paragraph of Plaintiffs' *Complaint* are denied and strict proof thereof is demanded at the time of trial.

### 3.

Defendant Roberta Operator, LLC d/b/a Roberta Health and Rehab, admits it is a foreign limited liability company formed under the laws of the State of Florida and maintains a registered agent at 289 S. Culver Street, Lawrenceville, Georgia 30046. Defendants admit that Defendant Roberta holds a license to operate the skilled nursing facility otherwise known as Roberta Health and Rehab ("Roberta Health and Rehab" or the "Facility"). Defendants deny the remaining allegations contained in Paragraph No. 4 of Plaintiffs' Complaint.

### 4.

Defendant Mission Health of Georgia, LLC, d/b/a Roberta Health and Rehab, admits it is a foreign limited liability company formed under the laws of the State of Florida and maintains a registered agent at 289 S. Culver Street, Lawrenceville, Georgia 30046. Defendants admit that

Defendant MHG is the manager of Roberta Health and Rehab.  Defendants deny the remaining allegations contained in Paragraph No. 4 of Plaintiffs' Complaint.

<div align="center">5.</div>

Defendants admit that Defendant Roberta holds a license to operate Roberta Health and Rehab and that Defendant MHG is the manager of Roberta Health and Rehab. Defendants deny the remaining allegations contained in Paragraph No. 5 of Plaintiffs' Complaint.

<div align="center">6.</div>

The allegations contained in this Paragraph of Plaintiffs' *Complaint* pertain to a party other than Defendants.  Therefore, no response is required.  To the extent a response is deemed necessary, allegations of agency, including without limitation, allegations relating to individuals alleged to be Defendant's agents, employees, servants, contractors, subcontractors, staff, and/or partners, and those persons granted privileges at the Facility, and/or ostensible agents, are specifically denied and strict proof thereof is demanded at the time of trial.

<div align="center">7.</div>

Defendant denies the allegations contained in this Paragraph of Plaintiff's Complaint as written.

<div align="center">

**FACTUAL ALLEGATIONS**

</div>

<div align="center">8.</div>

Defendants incorporate and restate their responses to each of the preceding paragraphs of the Plaintiffs' Complaint as if fully set forth herein.

<div align="center">9.</div>

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. Defendants admit that Patricia Thompson was initially admitted to Roberta Health and Rehab on or about December 6, 2019. To the extent that the allegations contained in this Paragraph of

<div align="center">Page 5 of 14</div>

Plaintiff's Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

10.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. Defendants admit that Patricia Thompson was initially admitted to Roberta Health and Rehab on or about December 6, 2019 and discharged on or about September 26, 2021. To the extent that the allegations contained in this Paragraph of Plaintiff's Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

11.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

12.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

13.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain

inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

14.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

15.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

16.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

17.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

18.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

19.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

20.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

21.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

22.

After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph of Plaintiffs' *Complaint*.   Therefore, the allegations set forth in this Paragraph of Plaintiffs'

*Complaint* are denied and strict proof thereof is demanded at the time of trial.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

## NEGLIGENCE & LIABILITY OF ROBERTA OPERATOR, LLC d/b/a ROBERTA HEALTH AND REHAB, MISSION HEALTH OF GEORGIA, LLC d/b/a ROBERTA HEALTH AND REHAB, AND JOHN DOES NOS. 1-10

23.

Defendants incorporate and restate their responses to each of the preceding paragraphs of the Plaintiffs' Complaint as if fully set forth herein.

24.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

25.

The allegations set forth in this Paragraph of Plaintiff's' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations are denied. By way of further response, allegations of agency, including without limitation, allegations relating to individuals alleged to be Defendants' agents, employees, servants, contractors, subcontractors, staff, and/or partners, and those persons granted privileges at the Facility, and/or ostensible agents, are specifically denied and strict proof thereof is demanded at the time of trial.

26.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

27.

The allegations set forth in this Paragraph 27 and subparagraphs 27 (A) through 27 (N) of Plaintiffs' Complaint are denied.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

28.

The allegations set forth in this Paragraph of Plaintiffs' Complaint are denied as written. To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint contain inaccurate and/or incomplete representations of the applicable medical history and/or treatment, said allegations are denied and strict proof thereof is demanded at the time of trial.

## **CAUSATION AND DAMAGES**

29.

Defendants incorporate and restate their responses to each of the preceding paragraphs of the Plaintiffs' Complaint as if fully set forth herein.

30.

Defendants deny the allegations contained in this Paragraph Plaintiffs' Complaint. By way of further response, allegations of agency, including without limitation, allegations relating to individuals alleged to be Defendants' agents, employees, servants, contractors, subcontractors,

staff, and/or partners, and those persons granted privileges at the Facility, and/or ostensible agents, are specifically denied and strict proof thereof is demanded at the time of trial.

31.

Defendants deny the allegations contained in this Paragraph Plaintiffs' Complaint. By way of further response, allegations of agency, including without limitation, allegations relating to individuals alleged to be Defendants' agents, employees, servants, contractors, subcontractors, staff, and/or partners, and those persons granted privileges at the Facility, and/or ostensible agents, are specifically denied and strict proof thereof is demanded at the time of trial.

In response to Plaintiffs' WHEREFORE paragraph, Defendants deny the paragraph in its entirety, denies each and every allegation not specifically admitted hereinabove, denies that Defendants were negligent, and denies that Plaintiffs are entitled to recover any amount from Defendants herein. Any averment contained in Plaintiffs' *Complaint* which has not been expressly admitted by Defendants in this, its *Answer and Affirmative Defenses*, is hereby denied and strict proof thereof is demanded.

WHEREFORE, having fully responded to Plaintiffs; *Complaint* by the filing of this, its Answer and Defenses, Defendants pray:

1.      That judgment is entered in favor of Defendants and against Plaintiff;

2.      That the cost of this action be taxed against Plaintiffs;

3.      That this matter be tried by a jury of twelve (12) members; and,

4.      For such other and further relief as this Court deems just and proper.

Respectfully submitted this 16th day of February, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:     (404) 870-7445
Facsimile:     (404) 870-1030

*/s/ Sean T. Herald*    
Matthew G. Moffett
Georgia State Bar No.:  515323
Sean T. Herald
Georgia State Bar No.:  246729
*Attorneys for Defendants Roberta Operator,*
*LLC d/b/a Roberta Health and Rehab, and*
*Mission Health of Georgia, LLC d/b/a Roberta*
*Health and Rehab*

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson, | ) ) ) ) ) | CIVIL ACTION FILE NO.  23-C-00147-S3 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10, | ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANTS'**

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the

Clerk of Court using the Court's electronic filing-and-service system, which will send electronic

notification to all parties having appeared of record in this action:

**Lindsay Simmons**
**David Dozier**
**Dozier Law Firm, LLC**
**487 Cherry Street**
**Macon, Georgia 31201**

Dated this 16th day of February, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:      (404) 870-7445
Facsimile:      (404) 870-1030

*/s/ Sean T. Herald*
Matthew G. Moffett
Georgia State Bar No.:  515323
Sean T. Herald
Georgia State Bar No.:  246729
*Attorneys for Defendants Roberta Operator,*
*LLC d/b/a Roberta Health and Rehab, and*
*Mission Health of Georgia, LLC d/b/a Roberta*
*Health and Rehab*

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00147-S3**
**2/16/2023 1:35 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson,, <br><br> Plaintiffs, <br><br> v. <br><br> Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> CIVIL ACTION <br> FILE NO. 23-C-00147-S3 |

### DEFENDANTS' DEMAND FOR A TWELVE-PERSON JURY

COMES NOW Defendants Roberta Operator, LLC d/b/a Roberta Health and Rehab, and Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab ("Defendants"), by and through undersigned counsel and pursuant to O.C.G.A. § 15-12-122(a)(2), hereby demand that this case be tried by a jury of twelve (12) persons.

Respectfully submitted this 16th day of February, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:     (404) 870-7445
Facsimile:     (404) 870-1030

*/s/ Sean T. Herald*
Matthew G. Moffett
Georgia State Bar No.: 515323
Sean T. Herald
Georgia State Bar No.: 246729
*Attorneys for Defendants Roberta Operator,*
*LLC d/b/a Roberta Health and Rehab, and*
*Mission Health of Georgia, LLC d/b/a Roberta*
*Health and Rehab*

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson,, <br><br> Plaintiffs, <br><br> v. <br><br> Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION <br> FILE NO.  23-C-00147-S3 |

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this day served a copy of the foregoing **DEFENDANTS'**

**DEMAND FOR A TWELVE-PERSON JURY** with the Clerk of Court using the Court's

electronic filing-and-service system, which will send electronic notification to all parties having

appeared of record in this action:

**Lindsay Simmons**
**David Dozier**
**Dozier Law Firm, LLC**
**487 Cherry Street**
**Macon, Georgia 31201**

Dated this <u>16</u><sup>th</sup> day of <u>February</u>, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-7445
Facsimile:    (404) 870-1030

*/s/ Sean T. Herald*
Matthew G. Moffett
Georgia State Bar No.: 515323
Sean T. Herald
Georgia State Bar No.: 246729
*Attorneys for Defendants Roberta Operator,*
*LLC d/b/a Roberta Health and Rehab, and*
*Mission Health of Georgia, LLC d/b/a Roberta*
*Health and Rehab*

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00147-S3**
**3/15/2023 10:49 AM**
TIANA P. GARNER, CLERK

TO:        All Judges, Clerks of Court, and Counsel of Record

FROM:    Matthew G. Moffett, Esq.
          GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, L.L.P.

RE:        Notice of Leave of Absence

DATE:    March 15, 2023

---

COMES NOW Matthew G. Moffett and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all Opposing Counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.  See the attached Exhibit "A" for the list of pending cases.

1.    The period of leave during which time Applicant will be away from the practice of law is:

- May 5, 2023: Daughter's graduation event – out of town;

- June 6-7, 2023: SP+ Counsel meeting;

- June 14-16, and June 19, 2023: Georgia Defense Lawyers Association annual meeting – out of town;

- July 24-28, 2023: Federation of Defense and Corporate Counsel annual meeting – out of town;

- August 23-25, 2023: GDLA Trial Academy faculty; and

- October 19-20, 2023: Out of town - family event.

2.    All affected judges and opposing counsel shall have ten days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

Respectfully submitted, this the <u>15th</u> day of <u>March</u>, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:     (404) 870-7390
Facsimile:     (404) 870-1030

*/s/ Matthew G. Moffett*
Matthew G. Moffett
Georgia Bar No. 515323

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing *Notice of Leave of Absence* with the Clerk of Court, using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action for the case listed on the attached "Exhibit A."

Respectfully submitted, this <u>15th</u> day of <u>March</u>, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.              ***/s/ Matthew G. Moffett***
Suite 1700 – Salesforce Tower Atlanta        Matthew G. Moffett
Atlanta, Georgia 30326                       Georgia Bar No. 515323
Telephone:    (404) 870-7390
Facsimile:    (404) 870-1030

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| State Court of Baldwin County | Judge | Opposing Counsel |
|---|---|---|
| Mason Newsome v. Ned Kelly's Milledgeville, LLC, Ned Kelly's Corporation, Ned Kelly's Down Under Corporation, Nicole L. Hanson, Kylar Plummer, John Doe and John Doe, Inc.<br><br>STCV2022006554<br><br>Our File No. 3011.0019 | Honorable Alan W. Thrower<br>Judge, State Court of Baldwin County<br>P.O. Box 1141<br>Milledgeville, GA 31059 | Sandra Davis-Campos, Esq.<br>Reza Sedghi, Esq.<br>SEDGHI LAW LLC<br>2870 Vineville Avenue<br>Macon, GA  31204<br>Email: sedghilaw@gmail.com<br>Email: sandy@sedghilaw.com<br><br>Maren Cave, Esq.<br>SWIFT CURRIE, LLP<br>1420 Peachtree Street NE, Suite 800<br>Atlanta, Georgia 30309<br>Email: Maren.cave@swiftcurrie.com<br><br>William Noland, Esq.<br>Grace Simms Martin, Esq.<br>NOLAND LAW FIRM, LLC<br>5400 Riverside Drive, Suite 205<br>Macon, Georgia 31210<br>Email: william@nolandlawfirm.com<br>Email: grace@nolandlawfirm.com |
| **Superior Court of Bartow County** | **Judge** | **Opposing Counsel** |
| Maritza Duran Carillo, Individually, and as Parent, Guardian, and Next Friend of Aron Guardado Duran and Sofia Guardado Duran, Minor Children v. Jimmy Wayne Smith, Express Hauling & Dumpsters, LLC, XYZ Corporations 1-3, and John Does 1-3<br><br>SUCV2021001443<br><br>Our File No. 4468.0008 | Unassigned | Randal E. Fry, Esq<br>Stephen G. Carlson, Esq<br>Gulliana G. Goehring, Esq.<br>THE FRY LAW FIRM<br>1718 Peachtree St. NW, Suite 990<br>Atlanta, GA 30309<br>Email: randy@thefrylawfirm.com<br>Email: gulliana@thefrylawfirm.com<br>Email: stephen@thefrylawfirm.com |
| **State Court of Bibb County** | **Judge** | **Opposing Counsel** |
| Chanita Finney v. Vineville, LLC, Fickling Management Services, LLC<br><br>21-SCCV-093521<br><br>Our File No. 3230.0003 | Honorable Jeff Hanson<br>Judge, State Court of Bibb County<br>601 Mulberry Street<br>Room 500<br>Macon, GA 31201 | Reza Sedghi, Esq.<br>2870 Vineville Avenue<br>Macon, GA 31204<br>Email: sedghilaw@gmail.com<br><br>Hon. Kevin Allan Wangerin<br>BULLARD WANGERIN &<br>CORBETT LLP<br>P.O. Box 18107<br>Macon, GA 31209-8107<br>Email: wangerink@aol.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Latonya Davison v. The Kroger Co., The Ramsbottom Co., Gray Highway Partners II, LLC, and John Doe NOS. 1-10<br><br>22-SCCV-094830<br><br>Our File No.: 3558.0570 | Honorable Jeff Hanson<br>Judge, State Court of Bibb County<br>601 Mulberry Street<br>Room 500<br>Macon, GA 31201 | Ashley Cameron-Bivins, Esq.<br>THE DOZIER LAW FIRM, LLC<br>P.O. Box 13<br>Macon, GA 31202-3312<br>Email: ashley@dozierlaw.com<br><br>Mr. William B. McDavid, Jr.<br>JONES CORK, LLP<br>Truist Building, Suite 500<br>435 Second Street<br>Macon, GA 31201<br>Email: will.mcdavid@jonescork.com<br><br>Wallace Miller III<br>WALLACE MILLER III, LLC<br>P.O. Box 7126<br>Macon, GA 31209-7126<br>Email: wallace@wallacemillerlaw.com |
| Roger Kirschenbaum as Administrator of the Estate of Ruben Romero Gonzalez, Deceased, and Elena Rueda-Hernandez, as Next Friend and Guardian of Joanna Belinda Romero-Rueda and Tomas Romero Rueda and Ricardo Romero-Rueda, Surviving Children of Ruben Romero Gonzalez, Deceased, v. Freshstart Macon, LLC<br><br>22-SCCV-094128<br><br>Our File No. 4460.0019 | Honorable Jeff B. Hanson<br>Judge, State Court of Bibb County<br>P.O. 5086<br>Macon, GA 31213-7199 | Jeffrey P. Shiver, Esq.<br>Margaret E. Randels, Esq.<br>SHIVER HAMILTON CAMPBELL, LLC<br>3490 Piedmont Road, Suite 640<br>Atlanta, GA 30305<br>Email: jeff@shiverhamilton.com<br>Email: maggy@shiverhamilton.com |
| Marie Ocampo v. The Kroger Co, Advanced Fresh Concepts Franchise Corp. Thang Paukhan, and John Does Nos 1-10, whether singular or plural, masculine or feminine, individuals or corporations,<br>who are not known at this time but will be added by amendment when ascertained.<br><br>22-SCCV-095197<br><br>Our File No. 3558.0579 | Honorable Jeffrey B. Hanson<br>Judge, State Court of Bibb County<br>P.O. Box 5086<br>Macon, GA 31213-7199 | David Thomas Dorer, Esq.<br>DOZIER LAW FIRM, LLC<br>487 Cherry Street, Post Office Box 13<br>Macon, Georgia 31202-0013<br>Email: dorerlawteam@dozierlaw.com |
| Damario Williams v. Club Xavier LLC, Mike Kendrick, Kasulka Properties, LP, Eberhardt & Barry Property Management, LLC, Eberhardt & Berry, Inc. Kasulka Properties (Third-Party Plaintiff) v. Xzavier Gilmore and Grady Odum (Third-Party Defendants) | Honorable Sharell F. Lewis<br>Judge, State Court of Bibb County<br>601 Mulberry Street<br>Macon, GA 31201 | Ashley Cameron-Bivins, Esq.<br>Lindsay Simmons, Esq.<br>David Dozier, Esq.<br>DOZIER LAW FIRM, LLC<br>487 Cherry Street<br>P.O. Box 13<br>Macon, GA 31202-0013 |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| 20-SCCV-091599<br><br>Our File No. 16000.0621 | | Email: ashley@dozierlaw.com<br>Email: lindsey@dozierlaw.com<br><br>Callie D. Bryan, Esq.<br>JONES CORK, LLP<br>P.O. Box 6437<br>Macon, GA 31208<br>Email: callie.bryan@jonescork.com<br><br>Kevin A. Wangerin, Esq.<br>BULLARD WANGERIN &<br>CORBETT, LLP<br>4077 Forsyth Road, 2nd Floor<br>P.O. Box 18107<br>Macon, GA 31209<br>Email: wangerink@aol.com<br><br>R. Lars Anderson, Esq.<br>2476 Vineville Avenue<br>Macon, GA 31204<br>Email: lars@rlarsanderson.com |
| **State Court of Bulloch County** | **Judge** | **Opposing Counsel** |
| Errake Garvin v. Envolve Community Management, LLC, Empire Corporation of Tennessee, Inc.; New Seasons Air Comfort Corp.; and LNT Construction, LLC<br><br>STCV2021000263<br><br>Our File No. 3527.0002 | Honorable Joseph L. Cushner<br>Judge, State Court of Bulloch County<br>PO Box 1688<br>Statesboro, Georgia 30459 | William J. Degenhart, Esq.<br>MORGAN & MORGAN<br>25 Bull Street, Suite 400<br>Savannah, Georgia 31401<br>Email: wdegenhart@forthepeople.com<br><br>Michael Wetzel, Esq.<br>LAW OFFICES OF ZANITA KING-HUGHES<br>3655 North Point Parkway, Suite 500A<br>Alpharetta, GA 30005<br>Email:<br>michael.wetzel@thehartford.com<br><br>Leslie Becknell, Esq.<br>Robert H. Betts, Esq.<br>DREW, ECKL & FARNHAM, LLP<br>100 Main Street<br>Suite A<br>St. Simons Island, GA 31522<br>Email: becknelll@deflaw.com<br>Email: bettsr@deflaw.com |
| **State Court of Carroll County** | **Judge** | **Opposing Counsel** |
| Christina Hood v. Ingles Markets, et al.<br><br>STCV2022000521<br><br>Our File No. 16000.0671 | Honorable Michael Hubbard<br>Judge, State Court of Carroll County<br>311 Newnan Street<br>Carrollton, GA 30117 | Wesley Starrett, Esq.<br>STARRETT & HARRIS LAW, LLC<br>5000 Austell Powder Springs Rd SW<br>Suite 251<br>Austell, GA 30106 |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

|  |  | Email: wesley@injurylawpros.com |
| --- | --- | --- |
|  |  | Adam P. Princenthal, Esq.<br>Matthew T. Wilson, Esq.<br>PRINCENTHAL & MAY, LLC<br>5901-A Peachtree Dunwoody Road, N.E.<br>Suite 525<br>Sandy Springs, GA 30328<br>Email: adam@princemay.com<br><br>James W. Scarbrough, Esq.<br>William S. Carson, Esq.<br>MABRY & MCCLELLAND, LLP<br>2200 Century Parkway, N.E.<br>Suite 1000<br>Atlanta, GA 30345<br>Email: jscarbrough@m-mlegal.com<br>Email: wcarson@m-mlegal.com<br><br>Teresa E. Lazzaroni, Esq.<br>HAWKINS PARNELL & YOUNG, LLP<br>303 Peachtree Street, NE<br>Suite 4000<br>Atlanta, Georgia 30308<br>Email: tlazzaroni@hpylaw.com |
| **State Court of Clarke County** | **Judge** | **Opposing Counsel** |
| Andrea Leah Cotton v. Bianca Nicole Bouie and Prodigies Child Care Management, LLC, d/b/a/ University Childcare Center<br><br>ST18CV0095<br><br>Our File No. 16000.0589 | Honorable Judge Ethelyn N. Simpson<br>Clarke County State Court<br>325 East Washington Street<br>Suite 425<br>Athens, GA 30601 | Blaine A. Norris, Esq.<br>BLAINE A. NORRIS, PC<br>1143 Prince Ave.<br>Athens, Georgia 30606<br>E-mail: blaine@NorrisInjuryLaw.com<br><br>M. Steven Heath, Esq.<br>COWSERT HEATH, LLP<br>P.O. Box 627<br>Athens, Georgia 30606<br>E-mail:<br>Steve.Heath@cowsertheath.com |
| **State Court of Clayton County** | **Judge** | **Opposing Counsel** |
| Krista Barnes v.<br>Pilotwastesolutions.com, LLC and Jaime Rechy<br><br>2022CV01659<br><br>Our File No. 4468.0015 | Honorable Tammi Hayward<br>Judge, State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>Room 3JC402<br>Jonesboro, GA 30236 | J. Martin Futrell, Esq.<br>WLG ATLANTA, LLC<br>Bank of America Plaza<br>600 Peachtree Street NE, Suite 4010<br>Atlanta, Georgia 30308<br>Email:<br>martin.futrell@witheritelaw.com |
| Alfred James Bowen and Andrea Broomfield, as Co-Administrators of the Estate of John Bowen, Deceased, v. | Honorable Linda S. Cowen<br>Judge, State Court of Clayton County<br>Harold R. Banke Justice Center | Evan W. Jones, Esq.<br>Leanna Pittard, Esq.<br>Alexandra Hughes, Esq. |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Arrowhead Operator, LLC d/b/a/ Arrowhead Health and Rehab, GBD, LLC, Mission Health Communities LLC, Anthony C. Onyegbula, D.O., and Center of Hope for Cancers and Blood Disorders, P.C.<br><br>2022CV01197<br><br>Our File No. 3530.0029 | 9151 Tara Boulevard<br>Room 3JC101<br>Jonesboro, GA 30236 | BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.<br>P.O. Box 832<br>Athens, Georgia 30603<br>Email: ejones@bbga.com<br>Email: lpittard@bbga.com<br>Email: ahughes@bbga.com |
| Calvin Brown v. The Kroger Co., CRS Center T1C 1 LLC., Michael Ferguson, ABC Corp 1-3, and John Doe 1-3<br><br>2022CV01175<br><br>Our File No. 3558.0545 | Honorable Tammi Hayward<br>Judge, State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>Room 3JC402<br>Jonesboro, Georgia 30236 | Arlissa Williams Jennings, Esq.<br>MORGAN & MORGAN ATLANTA PLLC<br>Post Office Box 57007<br>Atlanta, Georgia 30343-1007<br>Email: ajennings@forthepeople.com |
| Mary Chappell v. Mission Health of Georgia, LLC and Arrowhead Operator, LLC<br><br>2021CV01695<br><br>Our File No. 3530.0022 | Honorable Tammi Hayward<br>Judge, State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>Room 3JC402<br>Jonesboro, GA 30236 | Miranda N. Hanley, Esq.<br>SMITH, WELCH, WEBB & WHITE, LLC<br>280 Country Club Drive<br>Suite 300<br>Stockbridge, GA 30281<br>Email: mhanley@smithwelchlaw.com |
| Bennie Evans v. John Henderson, Jr., Bhugesh Investments, LLC and Chubb Insurance Company<br><br>2022CV02437<br><br>Our File No. 4021.0002 | Honorable Tammi Hayward<br>Judge, State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>Jonesboro, GA 30236 | Dwayne L. Brown, Esq.<br>LAW OFFICE OF DWAYNE L. BROWN<br>3390 Peachtree Road, Suite 1100<br>Atlanta, Georgia 30326<br>Email: dbrown@dbrownatty.com<br><br>Marriah N. Paige, Esq.<br>Joshua S. Wood, Esq.<br>WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC<br>3344 Peachtree Road NE, Suite 2400<br>Atlanta, Georgia 30326<br>Email: jwood@wwhgd.com<br>Email: mpaige@wwhgd.com |
| John Goodman v. The Kroger Co. and Joseph Powell<br><br>2022CV00810<br><br>Our File No. 3558.0539 | Honorable Michael T. Garrett<br>Judge, State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>Room 3JC102<br>Jonesboro, GA 30236 | Richard D. Hobbs, Esq.<br>RICHARD D. HOBBS AND ASSOCIATES P.C.<br>101 Devant Street, Suite 403<br>Fayetteville, GA 30214<br>Email: thelitigator@bellsouth.net |
| B.J., An Adult Female v. Park at Tara Lake Owner, LLC<br>Pinnacle Property Management Services, LLC, Rich Camacho and XYZ Security | Honorable T. Hayward<br><br>Judge, State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard | Shean D. Williams, Esq.<br>Samuel L. Starks, Esq.<br>Sydni S. Marshall, Esq.<br>THE COCHRAN FIRM-ATLANTA<br>100 Peachtree Street, NW |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| 2022CV02082<br><br>Our File No. 3556.0435 | Room 3JC402<br>Jonesboro, GA 30236 | Suite 2600<br>Atlanta, GA 30303<br>Email: SWilliams@cochranfirmatl.com<br>Email:<br>sstarks@cochranfirmatl.com<br>Email: smarshall@cochranfirmatl.com |
| E.J., An Adult Female v. Park at Tara Lake Owner, LLC, Pinnacle Property Management Services, LLC, Rich Camacho and XYZ Security<br><br>2022CV02084<br><br>Our File No. 3556.0435 | Honorable M. Garrett<br><br>Judge, State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>Room 3JC402<br>Jonesboro, GA 30236 | Shean D. Williams, Esq.<br>Samuel L. Starks, Esq.<br>Sydni S. Marshall, Esq.<br>THE COCHRAN FIRM-ATLANTA<br>100 Peachtree Street, NW<br>Suite 2600<br>Atlanta, GA 30303<br>Email: SWilliams@cochranfirmatl.com<br>Email:<br>sstarks@cochranfirmatl.com<br>Email: smarshall@cochranfirmatl.com |
| Andrew Kaiser, ESQ. as the Administrator of the Estate of Leonardo De Jesus Vazquez and Leonardo De Jesus Santiago Individually, and as the Parent of Leonardo De Jesus Vazquez v. Kroger, et al.<br><br>2019CV00978<br><br>Our File No. 3556.0433 | Honorable Michael T. Garrett<br>Judge, State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>Room 3JC102<br>Jonesboro, GA 30236 | Darren W. Penn, Esq.<br>PENN LAW GROUP LLC<br>4200 Northside Parkway, NW<br>Building One, Suite 100<br>Atlanta, Georgia 30327<br>Email: Darren@pennlawgroup.com<br><br>Ms. Alexandra Catherine Cole, Esq.<br>David N. Dreyer, Esq.<br>PENN LAW LLC<br>Building One Suite 100<br>4200 Northside Parkway NW<br>Atlanta, Georgia 30327<br>Email: sachi@pennlawgroup.com<br><br>Uchenna Ekuma-Nkama, Esq.<br>Matthew Martin, Esq.<br>DENTONS US LLP<br>303 Peachtree Street NE Suite 5300<br>Atlanta, Georgia 30308<br>Email: uchenna.ekuma-nkama@dentons.com<br>Email: Matt.martin@dentons.com<br><br>Gerardo (Jerry) Alcazar, Esq.<br>Blackwell Burke PA<br>421 South Seventh St. Ste. 2500<br>Minneapolis, MN 55414<br>Email: galcazar@blackwellburke.com<br><br>Charles M. McDaniel, Jr., Esq.<br>CARLOCK, COPELAND & STAIR, LLP<br>191 Peachtree Tower, Suite 3600<br>Atlanta, GA 30303<br>Email:<br>cmcdaniel@carlockcopeland.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | K. Chris Collins, Esq.<br>HUSCH BLACKWELL LLP<br>736 Georgia Ave, Ste 300<br>Chattanooga, TN 37402-2059<br>Email:<br>Chris.collins@huschblackwell.com<br><br>James Felton Taylor III<br>James William Hardee<br>FAIN MAJOR & BRENNAN P.C.<br>100 Glenridge Point Pkwy<br>Suite 500<br>Atlanta, GA 30342-1440<br>Email: jtaylor@fainmajor.com<br>Email: jhardee@fainmajor.com<br><br>Scott D. Huray, Esq.<br>LEWIS BRISBOIS, BISGAARD &<br>SMITH, LLP<br>600 Peachtree St., NE<br>Suite 4700<br>Atlanta, Georgia 30308<br>Email: scott.huray@lewisbrisbois.com<br><br>Matthew George McLaughlin, Esq.<br>MCLAUGHLIN LAW FIRM<br>11575 Great Oaks Way Suite 100<br>Alpharetta, GA 30022<br>Email: mamclaughlin@mgmesq.com |
| Ralph Brandon Shepard III v. Stonecrest Heights Community Association, Inc., Community Management Associates, Inc., Annmarie Dallen, Gary Boykins, Sr., and John Doe Security Company<br><br>2021CV01295<br><br>Our File No. 3011.0012 | Honorable Tammi Hayward<br>Judge, State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>Jonesboro, GA 30236 | Shean D. Williams, Esq.<br>Samuel L. Starks, Esq.<br>Sydni S. Marshall, Esq.<br>THE COCHRAN FIRM ATLANTA<br>100 Peachtree Street, NW<br>Suite 2600<br>Atlanta, GA 30303<br>Email: swilliams@cochranfirmatl.com<br>Email: sstarks@cochranfirmatl.com<br>Email: smarshall@cochranfirmatl.com<br><br>William T. Mitchell, Esq.<br>Matthew I. Dowling, Esq.<br>CRUSER, MITCHELL, NOVITZ,<br>SANCHEZ, GASTON & ZIMET, LLP<br>275 Scientific Dr., NW<br>Suite 2000<br>Peachtree Corners, GA 30092<br>Email: bmitchell@cmlawfirm.com<br>Email: mdowling@cmlawfirm.com<br><br>Allison B Shear, Esq.<br>LAW OFFICE OF J. ANDREW<br>WILLIAMS<br>2970 Clairmont Road NE, Suite 600 |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | Brookhaven, GA 30329<br>Email: blooma3@nationwide.com |
| Nadra Williams, Individually and as Administrator of The Estate of Curtis Monroe Williams, Deceased, and as Natural Born Child and Surviving Next of Kin of Curtis Monroe Williams, Deceased, and Yolanda Georges, Markia Williams, and Curtis Williams, Jr., Individually and as Natural Born Children and Surviving Next of Kin of Curtis Monroe Williams, Deceased v. A1 Contracting, LLC, Luna General Construction, Inc., City of Union City<br><br>2020CV00374<br><br>Our File No. 3230.0001 | Honorable Linda S. Cowen<br>Judge, State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>Room 3JC101<br>Jonesboro, GA 30236 | Marla Eastwood, Esq.<br>Daniel Beer, Esq.<br>SHIVER HAMILTON<br>3490 Piedmont Rd. NE, Suite 640<br>Atlanta, GA 30305<br>Email: marla@shiverhamilton.com<br>Email: daniel@shiverhamilton.com<br><br>Taylor Hanks, Esq.<br>Andrew D. Horowitz, Esq.<br>DREW, ECKL & FARNHAM<br>303 Peachtree Street, NE, Suite 3500<br>Atlanta, GA 30308<br>Email: hankst@deflaw.com<br><br>Daniel J. Kingsley, Esq.<br>SWIFT, CURRIE, MCGHEE & HIERS, LLP<br>1420 Peachtree Street, NE<br>Suite 800<br>Atlanta, Georgia 30309<br>Email: Dan.Kingsley@swiftcurrie.com<br><br>Theodore P. Meeker III, Esq.<br>SUMNER MEEKER LLC<br>14 East Broad Street<br>Newnan, GA 30263<br>Email: tmeeker@numail.org |
| Rodney Williams v. Spivey Crossing Apartments, Spivey Crossing Developments, LLC., John Doe 1-3, and John Doe Corp 1-10,<br><br>2021CV02820<br><br>Our File No. 3556.0459 | Honorable Margaret Spencer<br>Judge, State Court of Clayton County<br>9151 Tara Boulevard, Room 3JC301<br>Jonesboro, GA 30236 | Madeleine N. Simmons, Esq.<br>STEWART MILLER SIMMONS<br>TRIAL ATTORNEYS<br>55 Ivan Allen Jr. Blvd., Suite 700<br>Atlanta, GA 30308<br>Email: msimmons@smstrial.com |
| Vivian D. Williams v. Atonies London and Jamco Properties, Inc., and Woods at Southlake, LLC and John Does 1 – 3<br><br>2017CV02072<br><br>Our File No. 3556.0414 | Honorable Michael Garrett<br>Judge, State Court of Clayton County<br>9151 Tara Boulevard<br>Jonesboro, GA 30236 | Paul B. Mazur, Esq.<br>PAUL B. MAZUR, P.C.<br>44 Broad Street, N.W.<br>Suite 600<br>Atlanta, GA 30303<br>Email: paul@pbmjustice.com<br><br>John D. Hadden, Esq.<br>TURKHEIMER & HADDEM, L.L.C.<br>44 Broad Street, N.W.<br>Suite 600<br>Atlanta, GA 30303<br>Email: jhadden@haddenfirm.com<br><br>Jed D. Manton, Esq. |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | Madeline E. McNeeley, Esq.<br>HARRIS LOWRY MANTON, LLP<br>1418 Dresden Dr. NE, Unit 250<br>Brookhaven, GA 30319<br>Email: jed@hlmlawfirm.com<br>Email: molly@hlmlawfirm.com |
|---|---|---|
| **Superior Court of Clayton County** | **Judge** | **Opposing Counsel** |
| Emma Badillo v. 5440 Jonesboro, Inc. and Doug Ming Kim<br><br>2022cv02804-11<br><br>Our File No. 16000.0663 | Honorable Robert L. Mack<br>Judge, Superior Court of Clayton County<br>9151 Tara Boulevard<br>Jonesboro, GA 30236-4912 | V. Severin Roberts, Esq.<br>BARRETT & FARAHANY<br>P.O. Box 530092<br>Atlanta, GA 30343-0092<br>Email: severin@justiceatwork.com |
| Dianne Rheinschmidt and David Rheinschmidt v. The Kroger Co. and Tiffany Allen<br>2021CV03410-09<br><br>Our File No.: 3558.0512 | Honorable Geronda V. Carter<br>Judge, Superior Court of Clayton County<br>9151 Tara Boulevard<br>Jonesboro, Georgia 30236 | Justin Oliverio, Esq.<br>THE MILLAR LAW FIRM<br>151 N. Main Street<br>Jonesboro, GA 30326<br>Email: justin@atlantaadvocate.com |
| **State Court of Cobb County** | **Judge** | **Opposing Counsel** |
| Gary Abbott v. The Kroger Company, Ronak Shaw, XYZ Corporation No. 1, XYZ Corporation No. 2, John Doe No. 1, and John Doe No. 2,<br><br>21-A-1277<br><br>Our File No. 3558.0455 | Honorable Maria B. Golick<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Courtroom 4C<br>Marietta, GA 30090 | Christopher M. Farmer, Esq.<br>JOHNSON & WARD, LLC<br>1926 Monroe Drive, N.E.<br>Atlanta, GA 30324-5003<br>E-Mail: cfarmer@johnsonward.com |
| Admiral Altman and Ashley Altman v. Barrow Enterprises, Inc., Republic Insurance Company and Cameron Bryce Davis<br><br>21-A-484<br><br>Our File No. 16000.0653 | Honorable Jane P. Manning<br>Judge, Cobb County State Court<br>12 East Park Square<br>Marietta, GA 30090 | Hector J. Rojas, Jr., Esq.<br>Hayley Turner, Esq.<br>MORGAN & MORGAN ATLANTA, PLLC<br>PO Box 57007<br>Atlanta, GA 30343<br>Email: hrojasjr@forthepeople.com<br>Email: hturner@forthepeople.com |
| Timothy Bell v. Jose Trejo-Rueda<br><br>21-A-2559<br><br>Our File No. 4485.0016 | Honorable Allison B. Salter<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Courtroom 3A<br>Marietta, GA 30090 | Donald R. Roch, II, Esq.<br>THE ROCH LAW FIRM, PC<br>291 Jarvis Street<br>Canton, GA 30114<br>Email: don@therochlawfirm.com<br><br>Michael Anthony Edmunds, Esq.<br>68 South Avenue, SE<br>Marietta, GA 30060<br>Email: mike.edmunds@yahoo.com<br><br>Nikolai Makarenko, Jr., Esq.<br>Roberta Ann Henderson, Esq. |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | GROTH, MAKARENKO, KAISER, & EIDEX, LLC<br>335 Peachtree Industrial Boulevard, Suite 2206<br>Suwannee, GA 30024<br>Email: nm@gmke.law<br>Email: bah@gmke.law |
| Dorothy Brockman v. The Kroger Co.<br><br>22-A-2310<br><br>Our File No. 3558.0558 | Honorable Allison B. Salter<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Marietta, GA 30090 | Cynthia Matthews Daley, Esq.<br>JONATHAN R. BROCKMAN, P.C.<br>128 Newnan Street<br>Carrollton, GA 30117<br>Email:<br>cdaley@brockmaninjurylawyer.com |
| D.G.Z. v. CFNH II SF LLC, Jakim R. Daniels and John Doe Nos. 1-5<br><br>22-A-2227<br><br>Our File No: 3065.0001 | Honorable John S. Morgan<br>State Court of Cobb County<br>12 East Park Square<br>Courtroom 3B<br>Marietta, GA 30090 | Gilbert H. Deitch, Esq.<br>Andrew T. Rogers, Esq.<br>Kara E. Phillips, Esq.<br>W. Michael D'Antignac, Esq.<br>DEITCH & ROGERS, LLC<br>1189 S. Ponce de Leon Ave., NE<br>Atlanta, Georgia 30306<br>Email: gil@victimattomeys.com<br>Email: andy@victimattomeys.com<br>Email: kara@victimattomeys.com<br>Email: michael@victimattomeys.com<br><br>R. Andrew Fernandez<br>PERALES & FERNANDEZ, LLP<br>3 Corporate Boulevard<br>Suite 250<br>Atlanta, Georgia 30329<br>Email:<br>afemandez@peralesfemandez.com |
| Nicholas Evans v. John Doe, Marten Transport Logistics, LLC, Marten Transport Services, Ltd., Marten Transport, Ltd., Wal-Mart Transportation, LLC, and Walmart, Inc.<br><br>22-A-741<br><br>Our File No. 535.0003 | Honorable Eric A. Brewton<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Courtroom 3C<br>Marietta, GA 30090 | Adewale Odetunde, Esq.<br>WLG ATLANTA, LLC<br>600 Peachtree Street NE<br>Suite 4010<br>Atlanta, GA 30308<br>Email:<br>Adewale.odetunde@witheritelaw.com<br><br>Michael L. Miller, Esq.<br>DREW ECKL & FARNHAM LLP<br>303 Peachtree Street NE<br>Suite 3500<br>Atlanta, GA 30308<br>Email: mmiller@deflaw.com |
| Joseph Hamilton v. The Kroger Company d/b/a Kroger K011 Kroger East/Atlanta and Scott Richard Caycedo<br><br>22-A-2816<br><br>Our File No. 3558.0567 | Honorable Diana Simmons<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Courtroom 4B<br>Marietta, GA 30090 | Benjamin O. Bengtson, Esq.<br>THE LAW FIRM OF BENJAMIN O. BENGTSON<br>1100 Circle 75 Parkway, Suite 460<br>Atlanta, Georgia 30339<br>Email: Ben@boblawfirm.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Tammy Hogan v. Kroger Stores, Inc K011 Kroger East/Atlanta, Jason Kroonemeyer, Tammy Lawson, and John Doe<br><br>22-A-2077<br><br>Our File No. 3558.0428 | Honorable Jane P. Manning<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Courtroom 4A<br>Marietta, GA 30090 | Kamau K. Mason, Esq.<br>THE LAW OFFICE OF KAMAU K. MASON & ASSOCIATES<br>3036 Woodrow Drive<br>Lithonia, GA 30038<br>Email: kkmason@yahoo.com |
| Dianne Holtzclaw v. The Kroger Co., The Kroger Co. Store #429, Joseph Keith Mauldin, XYZ Corp. 1-5, and John Does 1-5<br><br>22-A-818<br><br>Our File No. 3558.0459 | Honorable Allison B. Salter<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Courtroom 4B<br>Marietta, GA 30090 | Benjamin J. Welch, Esq.<br>MORGAN & MORGAN ATLANTA, PLLC<br>P.O. Box 57007<br>Atlanta, Georgia 30343-1007<br>Email: bwelch@forthepeople.com |
| Darrion Hutcherson v. Steven Gilreath and Wayne Davis Concrete Co., Greenwich Insurance Co.<br><br>22-A-213<br><br>Our File No. 4485.0020 | Honorable Eric A Brewton<br>Judge, State Court of Cobb County<br>Courtroom 3C<br>12 East Park Square<br>Marietta, Georgia 30090 | Edward T. McAfee, Esq.<br>MCAFEE LAW FIRM, LLC<br>3235 Cains Hill Place<br>Atlanta, Georgia 30305<br>Email: edward@mcafeelawfirm.com<br>John A. Houghton, Esq.<br>THE HOUGHTON LAW FIRM, LLC<br>2860 Piedmont Road NE, Suite 250<br>Atlanta, GA 30326<br>Email: john@houghtonlawfirm.com |
| Monet Johnson v. James Campbell Company, LLC, Leapley Construction Group of Atlanta, LLC, ABC Corporation and XYZ Corporation<br><br>20-A-1733<br><br>Our File No. 4485.0004 | Honorable Maria B. Golick<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Courtroom 4B<br>Marietta, GA 30090 | Bryce V. Durham, Esq.<br>Anthony R. Jones, Esq.<br>THE DURHAM LAW GROUP, P.C.<br>191 Peachtree Street NE, Suite 805<br>Atlanta, GA 30303<br>Email:<br>rmorgan@durhamlawgrouppc.com<br>Email:<br>ajones@durhamlawgrouppc.com<br><br>James R. Doyle, Esq.<br>Allison J. Gowens, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH, LLP<br>600 Peachtree Street NE, Suite 4700<br>Atlanta, GA 30308<br>Email: james.doyle@lewisbrisbois.com<br>Email:<br>allison.gowens@lewisbrisbois.com<br><br>Andrew M. Capobianco, Esq.<br>MOZLEY, FINLAYSON & LOGGINS LLP<br>1050 Crown Pointe Parkway<br>Suite 1500<br>Atlanta, GA 30338<br>Email: acapobianco@mfllaw.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | Jason D. Darneille, Esq.<br>GOWER WOOTEN & DARNEILLE, LLC<br>4200 Northside Parkway, NW<br>Building 12<br>Atlanta, GA 30327<br>Email: jdarneille@gwdlawfirm.com<br><br>Neal C. Scott, Esq.<br>LAW OFFICE OF TERRY-DAWN THOMAS<br>1001 Summit Boulevard<br>Suite 1750<br>Atlanta, Georgia 30319<br>Email: neal.scott@zurichna.com<br><br>Mary-Margaret Noland, Esq.<br>Mark Edwards, Esq.<br>MCANGUS GOUDELOCK & COURIE, LLC<br>270 W Peachtree St., NW<br>Atlanta, GA 30303<br>Email: Mary-margaret.noland@mgclaw.com<br>Email: Mark.edwards@mgclaw.com |
| Diandra Jones v. The Kroger Company, a Kroger Company employee identified herein as "Cali Doe" and FICTITIOUS PARTIES 1-5<br><br>20-A-3439<br><br>Our File No. 3558.0478 | Honorable Allison B. Salter<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Marietta, GA 30090 | Quinton S. Seay, Esq.<br>SEAY/FELTON, LLC<br>260 Peachtree Street, NW<br>Suite 1001<br>Atlanta, GA 30303<br>Email: qseay@sftriallawyers.com |
| Abiel Kesete v. The Kroger Co. and John Does 1 through John Does 3<br>22-A-3503<br><br>Our File No.: 3558.0573 | Honorable John S. Morgan<br>Judge, State Court of Cobb County<br>12 E. Park Square<br>Marietta, Georgia 30090 | Nigel Phiri, Esq.<br>LAW OFFICE OF NIGEL PHIRI, ESQUIRE, LLC<br>3379 Peachtree Road NE, Suite 555<br>Atlanta, GA 30326<br>Email: nigel@npesq.com |
| Patrick Henry Lee and Constance Cecelia Lee v. The Kroger Co.; Kroger Limited Partnership 1, Brixmor Property Group, Inc., Pateco Services, LLC; ABC Corp; XYZ Corp; John Doe and Jane Doe<br><br>CAFN: 23A-264<br><br>Our File No. 3558.0582 | Honorable Carl W. Bowers<br>Judge, State Court of Cobb County<br>12 East Park Square, Courtroom 3D<br>Marietta, GA 30090 | John W. Sherrod, Esq.<br>Stephanie R. Thompson, Esq.<br>SHERROD & BERNASRD, PC<br>8470 Price Ave<br>P.O. Box 1154<br>Douglasville, GA 30133-1154<br>Email: jsherrod@sherrodandbernard.com<br>Email: sthompson@sherrodandbernard.com |
| Jeff Mathers v. Venture South Development, Inc.; Veckling Development, Inc., Aquaguard | Honorable John S. Morgan<br>Judge, State Court of Cobb County<br>State Court Building B | Carson L. Jeffries, Esq.<br>CARTER JEFFRIES, LLC<br>6000 Lake Forest Drive, NW |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Waterproofing Contractors, Inc.: Allen Ross Sheppard, Jr.: and James "Robert" Brooks<br><br>22-A-330<br><br>Our File No. 3230.0002 | 12 East Park Square<br>Marietta, Georgia 30090 | Suite 375<br>Atlanta, GA 30328<br>Email: cjeffreies@moldfirm.com |
| Calvin Morton v. CTJ Enterprises Inc. d/b/a Wayne Davis Concrete Co.; Greenwich Insurance Company; and Gregory P. Miller<br><br>21-A-3870<br><br>Our File No. 4485.0032 | Honorable Maria B. Golick<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Courtroom 4B<br>Marietta, GA 30090 | Ashley Pitts, Esq.<br>Martin Futrell, Esq.<br>WLG ATLANTA, LLC<br>Bank of America Plaza<br>600 Peachtree Street NE, Suite 4010<br>Atlanta, GA 30308<br>Email: ashley.pitts@witheritelaw.com<br>Email:<br>martin.futrell@witheritelaw.com |
| Thomas Morder and Pamela Morder v. Michael Porter d/b/a McTay Improvement<br><br>22-A-1262<br><br>Our File No. 4460.0027 | Honorable Allison B. Salter<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Courtroom 3C<br>Marietta, GA 30090 | Peter A. Law, Esq.<br>E. Michael Moran, Esq.<br>Elizabeth A. Rose, Esq.<br>LAW & MORAN<br>563 Spring Street, N.W.<br>Atlanta, GA 30308<br>Email: pete@lawmoran.com<br>Email: mike@lawmoran.com<br>Email: elizabeth@lawmoran.com<br><br>Thomas E. Brennan, Esq.<br>James S. Holmes, Esq.<br>FAIN, MAJOR, & BRENNAN, P.C.<br>One Premier Plaza<br>5605 Glenridge Drive NE, Suite 900<br>Atlanta, Georgia 30342<br>Email: tbrennan@fainmajor.com<br>Email: jholmes@fainmajor.com |
| Laura Nakelski v. The Kroger Co. and Reddy Ice, LLC<br><br>22-A-2692<br><br>Our File No.: 3558.0563 | Honorable Carl W. Bowers<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Courtroom 3D<br>Marietta, GA 30090 | Robert L. Poston, Esq.<br>THE ANGELL LAW FIRM, LLC<br>3391 Peachtree Rd., NE<br>Suite 110<br>Atlanta, Georgia 30326<br>Email: ecf@atlantalawyer.com<br><br>Lesli R. Seta, Esq.<br>Jennifer S. Ray, Esq.<br>SPEED, SETA, MARTIN, TRIVETT & STUBLEY, LLC<br>114 Stone Mountain Street<br>Lawrenceville, GA 30046<br>Email:   lesli@speed-seta.com<br>Email:   jennifer@speed-seta.com |
| Nicole Roark v. The Kroger Co.<br><br>21-A-2160 | Honorable Diana Simmons<br>Judge State Court of Cobb County<br>12 East Park Square | Jon Brockman, Esq.<br>JONATHAN R. BROCKMAN, P.C.<br>320 Dahlonega Street |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Our File No. 3558.0492 | Marietta, GA 30090 | Cumming, GA 30040<br>Email:<br>jbrockman@brockmaninjurylawyer.com<br><br>Cynthia Matthews Daily, Esq.<br>128 Newnan Street<br>Carrollton, GA 30117<br>Email:<br>cdaley@brockmaninjurylawyer.com |
| Francisco Castro San Agustine v. Chow King Grill & Buffet<br><br>21-A-4207<br><br>Our File No. 3011.0013 | Honorable John S. Morgan<br>Judge, Cobb County State Court<br>12 East Park Square<br>Marietta, GA 30090 | Terrance A. Bradley, Esq.<br>WADE, BRADLEY, CAMPBELL FIRM<br>2000 Powers Ferry Road<br>Suite 110<br>Marietta, GA 30067<br>Email: Terrance@thewbcfirm.com |
| Nancy Self v. The Kroger Co., Nigel Vereen, ABC Corps 1-2, and John Does 1-3<br><br>22-A-27<br><br>Our File No. 3558.0525 | Honorable Allison B. Salter<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Courtroom 4B<br>Marietta, GA 30090 | Benjamin J. Welch, Esq.<br>MORGAN & MORGAN ATLANTA, PLLC<br>P.O. Box 57007<br>Atlanta, GA 30343<br>Email: BWelch@ForThePeople.com |
| Alaysa Sharpe and Justina Sessoms, as Parents and Natural Guardians of minor "B.S.," as the surviving children of Keith Sharpe v. 3D'S Empire, LLC d/b/a Azule Restaurant and Lounge, Cannon Executive Protection Agency, and John Does 1-10<br><br>22-A-2222<br><br>Our File No. 3556.0473 | Honorable John S. Morgan<br>Judge, State Court of Cobb County<br>12 East Park Square, Courtroom 3B<br>Marietta, GA 30090 | Daedrea Fenwick, Esq.<br>Michael T. Roth, Esq.<br>STEWART MILLER SIMMONS TRIAL ATTORNEYS<br>55 Ivan Allen Jr. Boulevard, Suite 700<br>Atlanta, Georgia  30308<br>Email: mroth@smstrial.com |
| Gabriella Sims as Personal Representative of the Estate of Savannah Sims, Deceased, on Behalf of Herself and all Potential Beneficiaries and Heirs v. Estate of Ray Sluk; Robert Rupenthal, as the Administrator of the Estate of Roy Smith; Falcon Aviation Academy, LLC, a Domestic Limited Liability Company; Falcon Aviation Services, Inc, a Domestic Profit Corporation; Falcon Aviation Maintenance, LLC, a Domestic Limited Liability Company; Renovus Capital Partners, a foreign Limited Partnership; USAEROTECH - Falcon Aviation Maintenance LLC, a Foreign Limited Liability Company; Lowe Aviation Services, LLC, a Domestic Limited Liability Company; Lowe Aviation Company, a Domestic Profit | Honorable Eric A. Brewton<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Courtroom 3C<br>Marietta, GA 30090 | John D. Steel, Esq.<br>STEEL & MOSS, LLP<br>3495 Piedmont Road, NE<br>Building 11 – Suite 905<br>Atlanta, Georgia 30305<br>Email: jsteel@steel-moss.com<br><br>Jasmine Rand, Esq.<br>RAND LAW, LLC<br>2525 Ponce de Leon Blvd. Ste. 300<br>Miami, FL 33134<br>Email: jasminerand@gmail.com<br><br>Crystal Lloyd, Esq.<br>LLOYD INJURY LAW, PLLC<br>115 ¾ W Main St, Ste 201, Monroe, Washington 98272<br>Email: crystal@lloydinjurylaw.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Corporation; Remonia Air, LLC, a Domestic Limited Liability Company; Remonia Capital, LLC, a Domestic Limited Liability Company; Remonia Invest, LLC, a Domestic Limited Liability Company; Remonia, LLC, a Domestic Limited Liability Company; Bill Borchert, an individual; Michael Weber, an individual; AVS Aviation, LLC, a Domestic Limited Liability Company; AVS Underwriting, LLC, a Domestic Limited Liability Company; The AVS Group Holding, LLC a Domestic Limited Liability Company; AVS Aviation Service Corporation a Domestic Profit Corporation; AVS Servicing, LLC, White Water Trust, a foreign entity; Fiona Baynham Smith and, "John Doe" Corporation, an unidentified corporation<br><br>21-A-1676<br><br>Our File No. 4150.0003 | | Anthony Marsh, Esq.<br>HERRMANN LAW GROUP<br>505 5th Avenue South, Suite 330<br>Seattle, WA 98104<br>Email:<br>anthony@herrmannlawgroup.com<br><br>John M. Sheftall, Esq.<br>J. Drew Brooks, Esq.<br>HALL BOOTH SMITH, P.C.<br>1301 1st Avenue, Suite 100<br>Columbus, GA 31901<br>Email: JSheftall@hallboothsmith.com<br>Email: DBrooks@hallboothsmith.com<br><br>Carrie L. Christie, Esq.<br>Quinton R. Beasley, Esq.<br>RUTHERFORD & CHRISTIE LLP<br>285 Peachtree Center Ave. NE<br>Suite 1650<br>Atlanta, GA 30303<br>Email: clc@rclawllp.com<br>Email: qrb@rclawllp.com<br><br>Arthur J. Park, Esq.<br>Edward C. Bresee, Jr., Esq.<br>Caitlin L. Amick, Esq.<br>MOZLEY, FINLAYSON, LOGGINS, LLP<br>1050 Crown Pointe Pkwy<br>Suite1500<br>Atlanta, GA 30338<br>Email: apark@mfllaw.com<br>Email: mbresee@mfllaw.com<br>Email: camick@mfllaw.com<br><br>Gary A. Gardner, Esq.<br>CUNNINGHAM SWAIM, LLP<br>200 Broadhollow Road, Suite 207<br>Melville, NY 11747<br>Email:<br>gagardner@cunninghamswaim.com<br><br>Donald R. Andersen, Esq.<br>SKINNER LAW GROUP<br>3340 Peachtree Rd, Ste 1800<br>Atlanta, GA 30326<br>Email:<br>andersen@skinnerlawgroup.com<br><br>Michael G. McQuillen, Esq.<br>John M. Kelly, Esq.<br>Steven L. Boldt, Esq.<br>Kristin A. Hoffman, Esq.<br>ADLER MURPHY & MCQUILLEN |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | LLP<br>20 South Clark Street, Suite 2500<br>Chicago, IL 60603<br>Email: mmcquillen@amm-law.com<br>Email: jkelly@amm-law.com<br>Email: sboldt@amm-law.com<br>Email: khoffman@amm-law.com<br><br>Kimberly D. Stevens, Esq.<br>Willie C. Ellis Jr. , Esq.<br>HAWKINS PARNELL & YOUNG<br>LLP<br>Peachtree Street NE, Suite 4000<br>Atlanta, GA 30308<br>Email: kstevens@hpylaw.com<br>Email: wellis@hpylaw.com<br><br>James S. Strawinski, Esq.<br>Juan F. Davalos, Esq.<br>STRAWINSKI & STOUT, P.C.<br>3340 Peachtree Road, NE<br>Suite 1445<br>Atlanta, GA 30326<br>Email: jss@strawlaw.com<br>Email: jfd@strawlaw.com<br><br>Richard B. North, Jr. , Esq.<br>Alex G. Pisciarino, Esq.<br>NELSON MULLINS RILEY &<br>SCARBOROUGH, LLP<br>201 17th Street NW, Suite 1700<br>Atlanta, GA 30363<br>Email:<br>Richard.North@nelsonmullins.com<br>Email:<br>alex.pisciarino@nelsonmullins.com<br><br>Eric Griffin, Esq.<br>Juan Serrano, Esq.<br>GRIFFIN & SERRANO, P.A.<br>707 Southeast 3rd Avenue<br>Fort Lauderdale, FL 33316<br>Email: EGriffin@griffinserrano.com<br>Email: jserrano@griffinserrano.com |
| John Solomon v. Retail Planning Corporation, The Kroger Co., ABC Corps 1-2, and John Does 1-3<br><br>22-A-566<br><br>Our File No. 3558.0534 | Honorable Diana Simmons<br>Judge State Court of Cobb County<br>12 East Park Square<br>Marietta, GA 30090 | Benjamin J. Welch, Esq.<br>MOGAN & MORGAN ATLANTA,<br>PLLC<br>P.O. Box 57007<br>Atlanta, Georgia 30343<br>Email: BWelch@ForThePeople.com<br><br>Stephanie F. Brown, Esq.<br>DODSON & ASSOCIATES<br>P.O. Box 2903 |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | Hartford, CT 06104-2903<br>Email: SFBROWN@travelers.com |
| Judy Ann Vondersmith and Edgar Ralston Vondersmith v. Jimmy Shane Ward, The Kroger Co., John Doe, Jane Doe, ABC Corporation, and XYZ Corporation<br><br>22-A-1905<br><br>Our File No. 3558.0548 | Honorable John S. Morgan<br>Judge, State Court of Cobb County<br>12 E. Park Square<br>Marietta, Georgia 30090 | Kenneth R. Bernard, Esq.<br>Stephanie R. Thompson, Esq.<br>SHERROD & BERNARD, P.C.<br>8470 Price Avenue (30134)<br>Post Office Box 1154<br>Douglasville, Georgia 30133<br>Email:<br>sthompson@sherrodandbernard.com<br>Email:<br>kbernard@sherrodandbernard.com |
| Tonya White v. The Kroger Company, d/b/a Kroger, Lisa Kennedy, John Doe<br><br>22-A-2675<br><br>Our File No. 3558.0562 | Honorable Allison B. Salter<br>Judge, State Court of Cobb County<br>12 East Park Square<br>Courtroom 4B<br>Marietta, GA 30090 | W. James Moore, Esq.<br>Christopher N. Hawthorne, Esq.<br>MOORE & HAWTHORNE, L.L.C.<br>400 West Peachtree Street, NW<br>Suite 202<br>Atlanta, GA 30308<br>Email:<br>wjm@mooreandhawthonrelaw.com<br>Email:<br>cnh@mooreandhawthornelaw.com |
| **Superior Court of Cobb County** | **Judge** | **Opposing Counsel** |
| Tiesha Barker v. The Kroger Co.<br><br>22106992<br><br>Our File No. 3558.0572 | Honorable Robert Leonard<br>Judge, Superior Court of Cobb County<br>70 Haynes Street<br>Courtroom 6100<br>Marietta, GA 30090 | Julie M. Essa, Esq.<br>ESA, JANHO & ASSOCIATES, LLC<br>2470 Windy Hill Road<br>Suite 165<br>Marietta, GA 30067<br>Email: jessalaw@comcast.net |
| John Roth Yates and Dianne Yates v. Albert Maitland Yates, III<br><br>18108115<br><br>Our File No. 504.1112 | Honorable C. LaTain "Tain" Kell<br>Judge, Superior Court of Cobb County<br>70 Haynes Street<br>Marietta, GA 30090 | Matthew E. Cook, Esq.<br>Kate S. Cook, Esq.<br>Robert H. Childres III, Esq.<br>COOK LAW GROUP<br>P.O. Box 2415<br>Gainesville, GA 30503<br>Email: matt@cook-lawgroup.com<br>Email: kate@cook-lawgroup.com<br>Email: robert@cook-lawgroup.com |
| **State Court of Colquitt County** | **Judge** | **Opposing Counsel** |
| Maria Rodriguez Perez and Viviana Garcell Rodriguez v. G&H Harvesting Inc. Jose Lirra Hernandez, Doe 1, Doe 2, Doe 3, Doe 4, and Doe 5<br><br>2020SC4170<br><br>Our File No. 3700.0006 | Judge, State Court of Colquitt County<br>9 South Main St.<br>2nd Floor, Room 214<br>Moultrie, GA 31768 | Edward A. Piasta<br>Piasta Newbern Walker, LLC<br>Ridge Parkway, Suite 110<br>Atlanta, GA 30339<br>Email: edward@pnwlaw.com<br><br>Michael L. Miller<br>Drew Eckl & Farnham, LLP<br>303 Peachtree St., Ste. 3500 |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | Atlanta, GA 30308<br>Email: millerm@deflaw.com<br><br>George R. Lilly, II, Esq.<br>H. Thomas Shaw, Esq.<br>ALEXANDER & VANN, LLP<br>411 Gordon Avenue<br>Thomasville, GA 31792<br>Email: grlilly@alexandervann.com<br>Email: tshaw@alexandervann.com |
| **State Court of Coweta County** | **Judge** | **Opposing Counsel** |
| James English and Rebecca English vs. Elite Burgers, LLC d/b/a Wendy's<br><br>22SV0316E<br><br>Our File No. 16000.0644 | Judge John Herbert Cranford<br>72 Greenville Street<br>Coweta County Justice Center<br>P.O. Box 1925<br>Newnan, Georgia 30264 | Bhrett J. Pizza, Esq.<br>BHRETT J. PIZZA, ATTORNEY AT LAW, P.C.<br>216 Alexander Street<br>Marietta, Georgia 30060<br>Email: pizzalawga@hotmail.com |
| Christopher Hofmann v. Dewayne Lamont Hand, Sunbelt Rentals, Inc., and Travelers Property Casualty Company of America<br><br>21SV0527E<br><br>Our File No. 3562.0017 | Honorable Seay Vanpatten Poulakos<br>Judge, State Court of Coweta County<br>72 Greenville Street<br>P.O. Box 1925<br>Newnan, GA 30264 | Riley W. Snider, Esq.<br>Jason B. Green, Esq.<br>MORGAN & MORGAN ATLANTA PLLC<br>178 South Main Street<br>Unit 300<br>Alpharetta, GA 30009<br>Email: rsnider@forthepeople.com<br>Email: jgreen@forthepeople.com |
| **State Court of Decatur County** | **Judge** | **Opposing Counsel** |
| Gregory Baldwin v. Bainbridge Operator, LLC, GBD, LLC, Barres, LLC, T&C Capital Assets, LLC, Windward Health Partners, LLC, Mission Health of Georgia, LLC, and Mission Health Communities, LLC all a/b/a Bainbridge Health and Rehab<br><br>22SV00033<br><br>Our Case No.: 3530.0027 | The Honorable David A. Kendrick<br>Judge, State Court of Decatur County<br>112 West Water Street<br>Bainbridge, Georgia 39817 | J. Jeffrey Helms, Esq.<br>Casey L. Gray, Esq.<br>THE HELMS LAW FIRM, P.C.<br>10 N. College Street<br>P.O. Box 537<br>Homerville, Georgia 31634<br>Email: jefthelms@helmslaw.com |
| Martha Weathersby v. Bainbridge Operator, LLC d/b/a Bainbridge Health and Rehab, Banbridge Healthcare, LLC, GBD, LLC, Barres, LLC, T and C Capital Assets, LLC, Windward Health Partners, LLC, Mission Health of Georgia, LLC, ABC and XYZ Corporation<br><br>21SV00112 | The Honorable David A. Kendrick<br>Judge, State Court of Decatur County<br>PO Box 336<br>Bainbridge, GA 39818 | Casey L. Gray, Esq.<br>J. Jeffrey Helms, Esq.<br>THE HELMS LAW FIRM, PC<br>P.O. Box 537<br>Homerville, Georgia 31634<br>Email: jefthelms@helmslaw.com<br><br>Christopher K. Rodd<br>THE RODD FIRM, LLC<br>512 S. Broad Street<br>Thomasville GA 31792 |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| Our File No. 3530.0025 | | Email: chris@roddfirm.com |
|---|---|---|
| **State Court of DeKalb County** | **Judge** | **Opposing Counsel** |
| Isjonle Shuntay Aught, Individually, and as Anticipated Administrator of the Estate of Devora Aught v. Meadowbrook Operator, LLC d/b/a Meadowbrook Health and Rehab; Mission Health of Georgia, LLC; John/Jane Does I and II; and ABC Corporation<br><br>20A81596<br><br>Our Case No. 3530.0020 | Honorable Janis C. Gordon Judge, State Court of DeKalb County 556 N McDonough Street Suite 300 Decatur, Georgia 30030 | Michael A. Prieto, Esq. Jonathan Marigliano, Esq. Joan M. Woolley, Esq. PRIETO, MARIGLIANO, HOLBERT & PRIETO, LLC 1555 Mount Vernon Road Atlanta, GA 30338 Email: mprieto@pmhplaw.com Email: jmarigliano@pmhplaw.com Email: jwoolley@pmhplaw.com |
| Kelly Blake and William Blake as parent and natural guardians of William Blake, Jr a minor v. Dynamo Pool Management, Inc.<br><br>21A03053<br><br>Our File No. 3024.0035 | Honorable Kimberly K. Anderson Judge, State Court of DeKalb County 556 N McDonough St Suite 2210 Decatur, GA 30030 | R. Randy Edwards, Esq. COCHRAN & EDWARDS, LLC 2950 Atlanta Road SE Smyrna, GA 30080 Email: randy@cochranedwardslaw.com Email: eric@cochranedwardslaw.com |
| Jeffrey Clark, Individually, and as Surviving Spouse of Regina Clark, deceased v. Habibu Jalloh and Matador Distributing, LLC<br><br>21A04046<br><br>Our File No. 3556.0450 | Honorable Kimberly Anderson Judge, State Court of DeKalb County DeKalb County Courthouse 556 N. McDonough Street Suite 2210 Decatur, GA 30030 | Matthew Richardson, Esq. Jan P. Cohen, Esq. KENNETH S. NUGENT, P.C. 4227 Pleasant Hill Road Building 11, Suite 300 Duluth, Georgia 30096 Email: mrichardson@attorneykennugent.com Email: jcohen@attorneykennugent.com |
| Joel Dobbins vs. J&S Specialty Services, LLC d/b/a Jimmy's Tequila & Carnes and Calaveritas Holdings, LLC d/b/a Jimmy's Tequila & Carnes<br><br>22A02699<br><br>Our File No. 3011.0021 | Honorable Kimberly Anderson Judge, State Court of DeKalb County DeKalb County Courthouse 556 N. McDonough St Decatur, GA 30030 Suite 2210 | Michael L. Goldberg, Esq. Eric J.D. Rogers, Esq. Daniel J. Kingsley, Esq. Three Alliance Center 3550 Lenox Road, Ste. 1500 Atlanta, Georgia 30326-4302 Email: michael@friedgoldberg.com Email: eric@friedgoldberg.com Email: dan@friedgoldberg.com<br><br>Lisa F. Harper, Esq. TAYLOR FEIL HARPER & LUMSDEN, P.C. 3400 Peachtree Road, N.E., Suite 1515 Atlanta, Georgia 30326 Email: lfharper@tfhlegal.com |
| Christian Escalera v. The Kroger Co., ACE American Insurance Company, and Quitavis Scandrett | Honorable Kimberly Anderson Judge, State Court of DeKalb County 556 N. McDonough St. Suite 2210 | Michael L. Goldberg, Esq. Eric J.D. Rogers, Esq. Daniel Kingsley, Esq. Three Alliance Center |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| 23A00501<br><br>Our File No. 3558.0583 | Decatur, GA 30030 | 3550 Lenox Road, Ste. 1500<br>Atlanta, Georgia 30326-4302<br>Email: michael@friedgoldberg.com<br>Email: eric@friedgoldberg.com<br>Email: dan@friedgoldberg.com |
| Jennifer Giles, Individually, and as Administrator of the Estate of Barbara Giles, Deceased, v. Meadowbrook Operator, LLC d/b/a Meadowbrook Health and Rehab; Mission Health of Georgia, LLC; Georgia Long Term Care and Consulting, P.C.; Terence Andrew Frinks, MD; Chae Lee, NP; John/Jane Does I and II; and ABC Corporation<br><br>21A01880<br><br>Our File No. 3530.0021 | Honorable Dax E. Lopez<br>Judge, State Court of DeKalb County<br>DeKalb County Courthouse<br>556 N. McDonough Street<br>Suite 3240<br>Decatur, GA 30030 | Michael A. Prieto, Esq.<br>William F. Holbert, Esq.<br>Elizabeth Evinger, Esq.<br>PRIETO, MARIGLIANO, HOLBERT & PRIETO, LLC<br>1555 Mount Vernon Road<br>Atlanta, GA 30338<br>Email: mprieto@prnhplaw.com<br>Email: bholbert@prnhplaw.com<br>Email: eevinger@pmhplaw.com<br><br>Heather H. Miller, Esq.<br>Samuel E. Britt, Esq.<br>MCGREW MILLER BOMAR & BAGLEY, LLC<br>50 Hurt Plaza, SE<br>Suite 1200<br>Atlanta, GA 30303<br>Email: hmiller@mmbblaw.com<br>Email: sbritt@mmbblaw.com |
| Gabriel Green v. Confidential Security Agency Inc., Department of Health and Human Services, CGL Facility Management, LLC, and John Does 1-3<br><br>21A-00427<br><br>Our File No. 3556.0451 | Honorable Mike Jacobs<br>Judge, State Court of DeKalb County<br>556 N McDonough Street<br>Suite 3230<br>Decatur, GA 30030 | Jeffry M. Dougan, Esq.<br>PRINCENTHAL, MAY & WILSON, LLC<br>750 Hammond Drive<br>Building 12, Suite 200<br>Sandy Springs, Georgia 30328<br>Email: jeff@princemay.com<br><br>Matt Dowling, Esq.<br>CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP<br>275 Scientific Drive NW<br>Meridian II, Suite 2000<br>Norcross, Georgia 30092<br>Email: mdowling@cmlawfirm.com<br><br>Loretta Pinkston-Pope, Esq.<br>Kimberly L. Schwartz, Esq.<br>OFFICE OF THE ATTORNEY GENERAL<br>40 Capitol Square, SW<br>Atlanta, GA 30334<br>Email: kschwartz@law.ga.gov |
| LaRon Harper v. The Kroger Co., Southern Cleaning Service Inc., Teresa Jackson, and John Doe 3<br><br>20A83911 | Honorable Kimberly A. Alexander<br>Judge, State Court of DeKalb County<br>556 N. McDonough St.<br>Suite 2220<br>Decatur, GA 30030 | Jameson Sackey, Esq.<br>MONGE & ASSOCIATES<br>8205 Dunwoody Place, Building 19<br>Atlanta, Georgia 30350<br>Email: Jameson@Monge.Lawyer |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Our File No. 3558.0485 | | |
| SURATUN HASSAN, as surviving spouse of MALIK ABDUL-HASSAN, DECEASED, and as Personal Representative/Administrator of the Estate of MALIK ABDUL-HASSAN, v. THE KROGER CO.<br><br>18A68687<br><br>Our File No. 3558.0354 | Honorable Stacey K. Hydrick<br>Judge, State Court of DeKalb County<br>556 N. McDonough Street<br>Suite 2210<br>Decatur, GA 30030 | Michael T. Rafi, Esq.<br>Christopher D. Stokes, Esq.<br>RAFI LAW FIRM LLC<br>1201 West Peachtree Street NW<br>Suite 2319<br>Atlanta, GA 30309<br>Email: chris@rafilawfirm.com<br>Email: mike@rafilawfirm.com |
| Marie Hughes, as Administrator of the Estate of George Hughes, deceased v. Venetian Hills Apartments, LLC and John Maughan<br><br>19A73694<br><br>Our File No. 528.0001 | Judge Ana Maria Martinez<br>State Court of Dekalb County<br>DeKalb County Courthouse<br>556 N. McDonough Street<br>Suite 3240<br>Decatur, GA 30030 | Jeff P. Shiver, Esq.<br>SHIVER HAMILTON, LLC<br>One Securities Centre<br>3490 Piedmont Rd., NE<br>Suite 640<br>Atlanta, GA 30305<br>Email: jeff@shiverhamilton.com<br><br>Warner S. Fox, Esq.<br>Bryan M. Grantham, Esq.<br>HAWKINS PARNELL & YOUNG LLP<br>303 Peachtree Street, NE<br>Suite 4000<br>Atlanta, Georgia 30308-3243<br>Email: wfox@hpylaw.com<br>Email: bgrantham@hpylaw.com<br><br>James B. McClung, Esq.<br>CAROL CLARK LAW<br>6075 Lake Forrest Drive, Suite 200<br>Atlanta, Georgia 30328<br>Email: Brad@carolclarklaw.com |
| Alecia B. Kelley, Carlos R. Henry III, Steven Middlebrooks, Jahlil Hill-Armstrong v. MDA Prime, LLC, Sadiya Investments Inc.<br><br>22A02654<br><br>Our File No. 3525.0023 | Honorable Kimberly A. Alexander<br>Judge, State Court of DeKalb County<br>556 N. McDonough St.<br>Suite 2220<br>Decatur, GA 30030 | Alan G. Parker<br>ALAN PARKER LAW FIRM, LLC<br>226 North McDonough Street, Suite A<br>Jonesboro, Georgia 30236<br>Email: Parkerlaw1983@gmail.com<br><br>Jerald R. Hanks, Esq.<br>Brando G. Day, Esq.<br>HANKS LAW GROUP, LLC<br>1380 West Paces Ferry Road<br>Suite 2265<br>Atlanta, Georgia 30327<br>Email: jrhanks@hankslawgroup.com<br>Email: bday@hankslawgroup.com |
| Shenia Moore, Individually as Surviving Daughter of Florence Moore, deceased, and as Anticipated Administrator of the Estate of Florence Moore, deceased, v. | Honorable Alvin T. Wong<br>Judge, State Court of DeKalb County<br>DeKalb County Courthouse<br>556 N. McDonough Street | Gretchen H. Wagner, Esq.<br>Katherine G. Hughes, Esq.<br>WAGNER HUGHES, LLC<br>2860 Piedmont Rd., NE |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Meadowbrook Operator, LLC d/b/a Meadowbrook Health and Rehab, Mission Health of Georgia, LLC. GBD, LLC, Frederick K. Youngman, John Does (1-5), and ABC Corporations (1-5)<br><br>22A03147<br><br>Our File No. 3530.0030 | Suite 2240<br>Decatur, GA 30030 | Suite 130<br>Atlanta, GA 30305<br>Email:<br>gwagner@wagnerhugheslaw.com<br>Email:<br>khughes@wagnerhugheslaw.com |
| Shakera Reese, as mother and natural parent of Samiya Reese, a minor, and Sariyah Reese, a minor v. CC Clarkston, LLC, Alexander Properties Group, Inc., et al.<br><br>21A03064<br><br>Our File No. 4460.0026 | Honorable Alvin T. Wong<br>Judge, State Court of DeKalb County<br>556 N. McDonough Street<br>Suite 2240<br>Decatur, GA 30030 | Shean D. Williams, Esq.<br>Gary B. Andrews, Esq.<br>Sydni S. Marshall, Esq.<br>THE COCHRAN FIRM – ATLANTA<br>100 Peachtree Street, NW<br>Suite 2600<br>Atlanta, GA 30303<br>Email: swilliams@cochranfirmatl.com<br>Email: gandrews@cochranfirmatl.com<br>Email: smarshall@cochranfirmatl.com |
| Augusta Starling v. The Kroger Co., and Ariel Belvedere Owner Holdings, LLC, and Ariel Belvedere Owner, LLC, 1045, LLC, CBRE, Inc., John Doe Company and John Doe<br><br>22A01456<br><br>Our File No. 3558.0544 | Honorable Johnny Panos<br>Judge, State Court of Dekalb County<br>556 N. McDonough St. #300<br>Decatur, GA 30030 | Minerva A. Steele, Esq.<br>STEELE LAW, LLC<br>3340 Peachtree Road<br>Suite 1800<br>Atlanta, GA 30326<br>Email: msteele@steeleinjurylaw.com |
| Willie Swift and Glenn Ellis v. Rahmell Mitchell, G's Hauling LLC, and Graphic Arts Mutual Insurance Company<br><br>20A81176<br><br>Our File No. 16000.0630 | Honorable Kimberly Anderson<br>Judge, State Court of DeKalb County<br>556 N. McDonough St.<br>Suite 2210<br>Decatur, GA 30030 | James A. Rice, Jr., Esq.<br>JAMES A. RICE, JR., P.C.<br>563 Spring Street, NW<br>Atlanta, GA 30308<br>Email: jim@ricefirm.com<br><br>Wayne S. Melnick Esq.<br>Aaron P. Miller Esq.<br>100 Galleria Parkway, Suite 1600<br>Atlanta GA 30339<br>Email: wmelnick@fmglaw.com |
| Detral Treadwell and Lillie Treadwell v. The Kroger Company<br><br>19A74711<br><br>Our File No. 3558.0420 | Honorable Janis C. Gordon<br>Judge, State Court of DeKalb County<br>556 N. McDonough St. #300<br>Decatur, GA 30030 | Genet M. Hopewell, Esq.<br>JOHNSON HOPEWELL COLEMAN<br>4153 Flat Shoals Parkway<br>Building C, Suite 322<br>Decatur, GA 30034<br>Email: genethopewell@jhclawyers.com<br><br>Danielle B. Obiorah, Esq.<br>Teri D. Fields, Esq.<br>OBIORAH FIELDS, LLC<br>157 South McDonough Street<br>Jonesboro, GA 30236<br>Email: dbo@obiorahfields.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

|  |  | Email: tdf@obiorahfields.com |
|---|---|---|
| Shana Williams v. The Kroger Co.<br><br>22CV9696<br><br>Our File No.: 3558.0575 | Honorable Mark Anthony Scott<br>Judge, State Court of DeKalb County<br>556 North McDonough Street<br>Decatur, GA 30030 | Randolph Frails, Esq.<br>Edwin A. Wilson, Esq.<br>Stacy Y. Norris, Esq.<br>FRAILS & WILSON, LLC<br>211 Pleasant Home Road, Suite A-1<br>Augusta, GA 30907<br>Email:<br>randyfrails@frailswilsonlazv.com<br>Email:<br>edwinwilson@frailswilsonlaw.com<br>Email:<br>stacynorris@frai.lswilsonlaw.com |
| Carolyn Wilson v. The Kroger Company<br><br>22A02632<br><br>Our File No. 3558.0569 | Honorable Kimberly Anderson<br>Judge, State Court of DeKalb County<br>556 N. McDonough St.<br>Suite 2210<br>Decatur, GA 30030 | Michael A. Baskin, Esq.<br>THE BASKIN LAW GROUP, P.C.<br>Peachtree Center North Tower<br>235 Peachtree Street, N.E., Ste. 400<br>Atlanta, GA 30303<br>Email: mbaskin@baskinlg.com |
| Brihaynan Yanez v. Target Corporation, John Doe, and XYZ Corporation<br><br>20A81280<br><br>Our File No. 4200.0017 | Honorable Johnny Panos<br>Judge, State Court of DeKalb County<br>556 N. McDonough St., #300<br>Decatur, GA 30030 | Shanti Nagrani, Esq.<br>Jonathan Rosenburg, Esq.<br>BADER SCOTT INJURY LAWYERS<br>3384 Peachtree Road N.E.<br>Suite 500<br>Atlanta, GA 30326<br>Email: shantinagrani@baderscott.com<br>Email: jonathan@baderscott.com |
| **Superior Court of DeKalb County** | **Judge** | **Opposing Counsel** |
| Georgia Insurers Insolvency Pool v. Modivcare Solutions, LLC f/k/a Logisticare Solutions, LLC<br><br>21CV9783<br><br>Our File No. 3523.0001 | Honorable Tangela Barrie<br>DeKalb County Courthouse<br>556 North McDonough Street<br>Room 5230<br>Decatur, GA 30030 | Michael J. Gorby, Esq.<br>Amy C. M. Burns, Esq.<br>Whitney B. Arp, Esq.<br>GORBY, PETERS & ASSOCIATES, LLC<br>6075 Barfield Rd., Ste 224<br>Atlanta, GA 30328<br>Email: mgorby@gorbypeters.com<br>Email: aburns@gorbypeters.com<br>Email: warp@gorbypeters.com |
| Micha Smith, Individually and as the Court Appointed Personal Administrator of the Estate of SYDNEY SMITH v. Ann Herrera, the Court Appointed Personal Administrator of the Estate of Robert Steven Smith, City of Roswell, et al.<br><br>19CV8282<br><br>COMPANION CASE:<br><br>Samantha Smith v. City of Roswell, et al. | Honorable LaTisha Dear Jackson<br>Judge, Superior Court of DeKalb County<br>DeKalb County Courthouse<br>556 N. McDonough Street<br>Decatur, GA  30030 | Andrew Lampros, Esq.<br>HALL & LAMPROS, LLP<br>400 Galleria Parkway, Suite 1150<br>Atlanta, GA  30339<br>Email: alampros@hallandlampros.com<br><br>Hilliard V. Castilla, Esq.<br>Matthew J. Hurst, Esq.<br>WALDON, ADELMAN, CASTILLA, HIESTAND & PROUT<br>900 Circle 75 Parkway, Suite 1040<br>Atlanta, GA  30339<br>Email: hcastilla@wachp.com<br>Email: mhurst@wachp.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| 19CV8283<br><br>Our File No. 3556.0424 | | Terry D. Jackson, Esq.<br>TERRY D. JACKSON, P.C.<br>600 Edgewood Avenue<br>Atlanta, GA  30312<br>E-Mail: terry@terryjacksonlaw.com<br><br>Suns S. Choy, Esq.<br>Wesley C. Jackson, Esq.<br>FREEMAN MATHIS & GARY, LLP<br>100 Galleria Parkway, Suite 1600<br>Atlanta, GA  30339<br>Email: schoy@fmglaw.com<br>Email: wjackson@fmglaw.com<br><br>Charles M. Medlin, Esq.<br>Timothy A. Raimey, Esq.<br>BOVIS KYLE BURCH & MEDLIN, LLC<br>200 Ashford Center North, Suite 500<br>Atlanta, GA  30338<br>Email: cmm@boviskyle.com<br>Email: traimey@boviskyle.com<br><br>Maren R. Cave, Esq.<br>SWIFT CURRIE MCGHEE & HIERS, LLP<br>1355 Peachtree Street NE<br>The Peachtree, Suite 300<br>Atlanta, GA  30309<br>Email: maren.cave@swiftcurrie.com<br><br>Emily Hurst, Esq.<br>Denval A. Stewart, Esq.<br>OFFICE OF THE FULTON COUNTY ATTORNEY<br>141 Pryor Street SW, Suite 4038<br>Atlanta, GA  30303<br>Email:<br>Emily.hirst@fultoncountyga.gov<br>Email:<br>Denval.stewart@fultoncountyga.gov |
| **Superior Court of Dougherty County** | **Judge** | **Opposing Counsel** |
| Rachel D. Finney, as Administratrix of the Estate of Lashonda Jefferson, deceased v. Cade French and Rooster's Inc.<br><br>SUCV2022000437<br><br>Our File No. 3011.0016 | Honorable Willie E. Lockette<br>Judge, Superior Court of Dougherty County<br>P.O. Box 1827<br>Albany, Georgia 31702 | James Matthew Kirtlink, Esq.<br>KENNETH S. NUGENT, P.C.<br>208 North Westover Blvd.<br>Albany, GA 31707<br>Email:<br>MKirtlink@attorneykennugent.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| State Court of Douglas County | Judge | Opposing Counsel |
|---|---|---|
| Jacqueline McCray v. The Kroger Co.<br><br>22SV00307<br><br>Our File No. 3558.0557 | Honorable Brian K. Fortner<br>Judge, State Court of Douglas County<br>8700 Hospital Drive<br>Douglasville, GA 30134 | John B. Jackson, Esq.<br>LAW OFFICE OF JOHN B. JACKSON<br>110 Wagon Yard Plaza<br>Carrollton, GA 30117<br>Email: john@johnbjacksonlaw.com |
| Fitzgerald Wilson v. Samuel Kelly Martin, Reliable Sanitation, Inc., and Great Divide Insurance Company c/o Berkley Specialty Underwriting<br><br>20SV00845<br><br>Our File No. 4468.0002 | Honorable Eddie Barker<br>Judge, State Court of Douglas County<br>8700 Hospital Drive<br>Douglasville, GA 30134 | Peter A. Brogdon, III, Esq.<br>MORGAN & MORGAN ATLANTA, PLLC<br>P.O. Box 57007<br>Atlanta, GA 30343-1007<br>Email: pbrogdon@forthepeople.com |
| Anquilas Raquel Woods v. Herbert Lewis Potts, Wayne Davis Concrete Co, John Doe (1-5), and ABC Corporation<br><br>22SV00476<br><br>Our File No. 4485.0031 | Honorable Eddie Barker<br>Judge, State Court of Douglas County<br>8700 Hospital Drive<br>Douglasville, GA 30134 | Lowell Fitts, Esq.<br>MONGE & ASSOCIATES<br>8205 Dunwoody Place<br>Building 19<br>Atlanta, Georgia 30350<br>Email: Lowell@Monge.Lawyer |
| **Superior Court of Emanuel County** | **Judge** | **Opposing Counsel** |
| Douglas Zeagler v. Anthony K. Ellison and Sell Em All Motors, Inc.<br><br>22CV00141<br><br>Our File No. 16000.0649 | Honorable Robert S. Reeves<br>Judge, Superior Court of Emanuel County<br>PO Box 627<br>Swainsboro, GA 30401 | Josh D. Tucker, Esq.<br>JOSH D. TUCKER, P.C.<br>209 South Zetterower Avenue<br>Post Office Box 2728<br>Statesboro, GA 30459<br>Email: josh@joshtuckerlaw.com |
| **Superior Court of Floyd County** | **Judge** | **Opposing Counsel** |
| Mahaly Ashley v. New Horizon Treatment Center, Inc.<br><br>21CV00595<br><br>Our File No. 3011.0005 | Honorable Kay Ann Wetherington<br>Judge, Superior Court of Floyd County<br>3 Government Plaza<br>Suite 310<br>Rome, GA 30161 | Mahaly Ashley, Pro Se<br>493 Runyon Loop Road<br>Cedertown, GA 30125<br>Email: Hashley75@icloud.com |
| SAMANTHA HUDGINS, individually and as parent and natural guardian of A.E., a minor; and CHRISTEN LANG, individually and as parent and natural guardian of J.L, a minor v. Chiaha Guild of Arts and Crafts, LTD.; and Coosa Valley Fair Association, Inc.<br><br>22CV01485 | Honorable William F. Sparks<br>Judge, Superior Court of Floyd County<br>3 Government Plaza, Suite 312<br>Rome, GA 30161 | Eric D. Miller, Esq.<br>MILLER INSURANCE LAW ENTERPRISE<br>115 Perimeter Center Place<br>South Terraces, Suite 430<br>Atlanta, Georgia 30346<br>Email: emiller@mileatlanta.com<br><br>Eric W. Hageman, Esq.<br>David D. Coyle, Esq. |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Our File No. 4460.0037 | | PRITZKER HAGEMAN, P.A.<br>2950 PwC Plaza<br>45 South Seventh Street<br>Minneapolis, MN 55402-1652<br>Email: eric@pritzkerlaw.com<br>Email: dcoyle@pritzkerlaw.com<br><br>Amelia K. Ortiz, Esq.<br>Melissa L. Bailey, Esq.<br>COPELAND, STAIR, VALZ, &<br>LOVELL, LLP<br>191 Peachtree Street NE, Suite 3600<br>P.O. Box 56887 (30343-0887)<br>Atlanta, Georgia 30303-1740<br>Email: mbailey@csvl.law<br>Email: aortiz@csvl.law |
| **State Court of Forsyth County** | **Judge** | **Opposing Counsel** |
| Gregory Cheek v. Custom Disposal Service, Inc., Garnett Dyer and Key Risk Insurance Company<br><br>22SC-1918-A<br><br>Our File No. 4468.0018 | Honorable James A. Dunn<br>Judge, State Court of Forsyth County<br>101 East Courthouse Square<br>Suite 4070<br>Cumming, GA 30040 | Joseph F. Kuveikis, Esq.<br>KUVEIKIS LAW, P.C.<br>4390 Pleasant Hill Road, Suite F<br>Duluth, Georgia 30096<br>Email: joe@kuveikislaw.com |
| Willie Globe and Sherri Globe v. Lashley, Cohen and Associates, Inc. and Advanced Technology Services, Inc.<br><br>20SC-0833-B<br><br>Our File No. 16000.0578 | Honorable T. Russell McClelland<br>Judge, State Court of Forsyth County<br>101 East Courthouse Square<br>Suite 4016<br>Cumming, GA 30040 | Mathew K. Titus, Esq.<br>TITUS LAW, LLC<br>5755 North Point Parkway, Suite 69<br>Alpharetta, GA 30022<br>Email: mktitus@titus-law.com<br><br>James Erick Payne, Esq.<br>Sean Villery-Samuel, Esq.<br>PROVOST UMPHREY LAW FIRM, L.L.P.<br>490 Park Street<br>P.O. Box 4905<br>Beaumont, TX 77704<br>Email: jpayne@pulf.com<br>Email: svillery-samuel@provostumphrey.com<br><br>Warner S. Fox, Esq.<br>Allison Escott, Esq.<br>HAWKINS PARNELL & YOUNG LLP<br>303 Peachtree Street, N.E.<br>Suite 4000<br>Atlanta, GA 30308-3243<br>Email: wfox@hpylaw.com<br>Email: aescott@hpylaw.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Daniel Mygrant v. Reid & Reid Construction, LLC, Reid & Reid Contractors, LLLP and Dylan Lane Reid<br><br>22SC-1970-B<br><br>Our File No. 853.0041 | Honorable T. Russell McClelland<br>Judge, State Court of Forsyth County<br>101 East Courthouse Square<br>Suite 4016<br>Cumming GA 30040 | Peter A. Law, Esq.<br>E. Michael Moran, Esq.<br>Brian C. Kaplan, Esq.<br>LAW & MORAN<br>563 Spring Street, NW<br>Atlanta, Georgia 30308<br>Email: pete@lawmoran.com<br>Email: mike@lawmoran.com<br>Email: brian@lawmoran.com<br><br>Jason B. Mosteller, Esq.<br>MOSTELLER LAW FIRM<br>327 Dahlonega Street, Suite 302A<br>Cumming, Georgia 30040<br>Email: jason@mostellerlawfirm.com<br><br>Jesse A. Van Sant, Esq.<br>Joshua A. Scoggins, Esq.<br>MILES HANSFORD & TALLANT, LLC<br>202 Tribble Gap Road, Suite 200<br>Cumming, Georgia 30040<br>Email: jvansant@mhtlegal.com<br>Email: jscoggins@mhtlegal.com<br><br>Lori McGowan, Esq.<br>LYNN LEONARD & ASSOCIATES<br>2400 Century Parkway, Suite 2400<br>Atlanta, Georgia 30345<br>Email: Lori.McGowan@statefarm.com |
| **Superior Court of Forsyth County** | **Judge** | **Opposing Counsel** |
| Sudhakar Malapati v. Atlanta Gas Light Company, Southern Company Gas, Southeast Connections LLC, Artera Services LLC<br><br>21CV-1116-1<br><br>Our File No. 4486.0004 | Honorable Phillip C. Smith<br>Judge, Superior Court of Forsyth County<br>101 East Courthouse Square<br>Suite 5032<br>Cumming, GA 30040 | Harold L. Johnson, Esq.<br>WAKHISI-DOUGLAS, LLC<br>2002 Summit Blvd.<br>Suite 300<br>Atlanta, Georgia 30319<br>Email: hljohnson@wd-law.net<br><br>Daniel J. Huff, Esq.<br>David D. MacKenzie, Esq.<br>HUFF, POWELL & BAILEY, LLC<br>999 Peachtree St., Suite 950<br>Atlanta, Georgia 30309<br>Email: dhuff@huffpowellbailey.com<br>Email: dmackenzie@huffpowellbailey.com |
| **Superior Court of Franklin County** | **Judge** | **Opposing Counsel** |
| Bonnie Hall, et al v Nancy Diane Hall, et al<br><br>19FV0330W | Honorable Harvey Wasserman<br>Judge, Superior Court of Franklin County<br>9592 Lavonia Road<br>Carnesville, GA 30521 | Robert H. Childres, III, Esq.<br>Matthew E. Cook, Esq.<br>Kate S. Cook, Esq.<br>Nathan R. Nicholson, Esq.<br>COOK LAW GROUP, LLC |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| Our File No. 3024.0017 | | P.O. Box 2415<br>Gainesville, GA 30503<br>Email:<br>robert@cook-lawgroup.com<br>Email:<br>matt@cook-lawgroup.com<br>Email:<br>kate@cook-lawgroup.com<br>Email:<br>nathan@cook-lawgroup.com<br><br>Justin Berelc, Esq.<br>BERELC LAW OFFICE<br>P.O. Box 786<br>Lavonia, GA 30553<br>Email: justin@berelclawoffice.com<br><br>Adam M. Cain, Esq.<br>ADAM M. CAIN, LLC<br>297 Prince Street<br>Suite 24<br>Athens, GA 30601<br>Email: amcain@adamcainlaw.com |
| **State Court of Fulton County** | **Judge** | **Opposing Counsel** |
| Lamar Astin v. Hickory Park, LTD (L.P) and Ledic Realty Management, LLC, now known as Envolve Community Management, LLC d/b/a/ Envolve Community Services, LLC, and Envolve Community Management, LLC d/b/a Envolve Community Services, LLC and Lisa Martin-Poore, Olivia Lewis, and John Does 1-10<br><br>21EV007502<br><br>Our File No. 3525.0004 | Honorable Myra H. Dixon<br>Judge, State Court of Fulton County<br>185 Central Avenue, SW<br>Suite T-3655<br>Atlanta, Georgia 30303 | Brian C. Mickelsen, Esq.<br>MICKELSEN DALTON, LLC<br>25 Society Street<br>Charleston, SC 29401<br>Email: brian@mickelsendalton.com |
| Linwood Burns and Octavia Burns v. Great Divide Insurance Company, Prewett Enterprises, Inc. d/b/a B&P Enterprises, and Larry Dorsey<br><br>19EV002661<br><br>Our File No. 4468.0003 | Honorable Susan E. Edlein<br>Judge, State Court of Fulton County<br>Justice Center Tower, Suite 2655<br>185 Central Avenue, SW<br>Atlanta, GA 30303 | Matthew B. Stoddard, Esq.<br>Keith N. Evra, Esq.<br>THE STODDARD FIRM<br>1534 N. Decatur Rd., NE<br>Atlanta, GA 30307<br>Email: matt@legalhelpga.com<br>Email: keith@legalhelpga.com<br>Email: pleadings@legalhelpga.com |
| Earlin Clemmons v. Dolly Enterprises, Inc.<br><br>22EV006935 | Honorable Patsy Y. Porter<br>Judge, State Court of Fulton County<br>185 Central Ave., SW<br>Suite T-2855<br>Atlanta, GA 30303 | Andre Dennis, Esq.<br>Rian Banks, Esq.<br>THE DENNIS LAW FIRM, LLC<br>101 Marietta Street NW<br>Suite 2200 |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Our File No. 3525.0028 | | Atlanta, Georgia 30303<br>Email: Adennis@afirmthatfights.com<br>Email: rian@afirmthatfights.com |
| Community Association Underwriters Of America, Inc. 2 Caufield Place Newtown, PA 18940 v. Thrasher Electric, LLC, d/b/a Te Certified Electricians, Heating & Cooling 9800 Old Dogwood Road Roswell, GA 30075<br><br>22EV004794<br><br>Our File No. 16000.0664 | Honorable John R. Mather<br>Judge, State Court of Fulton County<br>185 Central Ave SW<br>Atlanta, GA 30303 | Katrina L. Williams Watson, Esq.<br>THE WILLIAMS WATSON LAW FIRM, LLC<br>265 South Culver Street<br>Lawrenceville, GA 30046<br>Email: kwilliams@thewwlf.com |
| Joseph Coscia and Tiffany Coscia v. Kids II, Inc.<br><br>21EV000319<br><br>Our File No. 4408.0003 | Honorable Patsy Y. Porter<br>Judge, State Court of Fulton County<br>185 Central Avenue, SW<br>Suite T-2855<br>Atlanta, GA 30303 | Don C. Keenan, Esq.<br>THE KEENAN LAW FIRM<br>148 Nassau Street, N.W.<br>Atlanta, GA 30303<br>E-mail: dkeenan@keenanlawfirm.com<br><br>David Bernstein, Esq.<br>Bernstein Law Building<br>P.O. Box 1692<br>Norman, OK 73070<br>Email: dbnormanok@aol.com<br><br>Douglas "Monte" Tynes, Jr., Esq.<br>TYNES LAW FIRM, P.A.<br>P.O. Drawer 966<br>525 Krebs Ave.<br>Pascagoula, MS 39568-0966<br>Email: monte@tyneslawfirm.com |
| Jane Doe 1 v. PACE ACADEMY, INC., et al.<br><br>20EV005536<br><br>Our File No. 2521.0001 | Honorable Myra H. Dixon<br>Judge, State Court of Fulton County<br>Justice Center Tower, Suite T3655<br>185 Central Avenue, SW<br>Atlanta, GA 30303 | Tricia P. Hoffler Esq.<br>THE CK HOFFLER FIRM<br>23 Lenox Pointe, NE<br>Atlanta, Georgia 30324<br>Email: ck@ckhofflerfirm.com<br><br>Latif-Oduola-Owoo, Esq.<br>ARRINGTON OWOO, P.C.<br>1230 Peachtree Street NE, Ste. 1900<br>Atlanta, GA 30309<br>Email: latif@aomlaw.com<br><br>Darren Summerville, Esq.<br>THE SUMMERVILLE FIRM, LLC<br>1226 Ponce De Leon Avenue, NE<br>Atlanta, GA 30306<br>Email: darren@summerville.com<br><br>Brynda Rodriguez Insley<br>TAYLOR ENGLISH, DUMA, LLP<br>1600 Parkwood Circle, Suite 200<br>Atlanta, Georgia 30339<br>Email: binsley@taylorenglish.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Jane Doe 2 v. PACE ACADEMY, INC., et al.<br><br>20EV005744<br><br>Our File No. 2521.0001 | Honorable Myra H. Dixon<br>Judge, State Court of Fulton County<br>Justice Center Tower, Suite T3655<br>185 Central Avenue, SW<br>Atlanta, GA 30303 | Tricia P. Hoffler Esq.<br>THE CK HOFFLER FIRM<br>23 Lenox Pointe, NE<br>Atlanta, Georgia 30324<br>Email: ck@ckhofflerfirm.com<br><br>Latif-Oduola-Owoo, Esq.<br>ARRINGTON OWOO, P.C.<br>1230 Peachtree Street NE, Ste. 1900<br>Atlanta, GA 30309<br>Email: latif@aomlaw.com<br><br>Darren Summerville, Esq.<br>THE SUMMERVILLE FIRM, LLC<br>1226 Ponce De Leon Avenue, NE<br>Atlanta, GA 30306<br>Email: darren@summerville.com<br><br>Brynda Rodriguez Insley<br>TAYLOR ENGLISH, DUMA, LLP<br>1600 Parkwood Circle, Suite 200<br>Atlanta, Georgia 30339<br>Email: binsley@taylorenglish.com |
| Ashley Frame v. Gregory Reid and Talon Property Services, LLC<br><br>22EV004210<br><br>Our File No. 16000.0661 | Honorable Jay M. Roth<br>Judge, State Court of Fulton County<br>185 Central Ave., SW # T3755<br>Atlanta, GA 30303 | Douglas R. Powell, Esq.<br>Catherine Powell, Esq.<br>POWELL & ASSOCIATES<br>3007 Piedmont Road, N.E., Suite 300<br>Atlanta, GA 30305<br>Email: dpowell@d-powell.com<br>Email: cpowell@d-powell.com<br><br>Kathy Edwards Opperman, Esq.<br>MONTLICK & ASSOCIATES, P.C.<br>17 Executive Park Drive<br>Suite 300<br>Atlanta, Georgia 30329<br>Email: keopperman@montlick.com<br><br>Stacy Breaud, Esq.<br>Evan D. Szczepanski, Esq.<br>FREEMAN MATHIS & GARY, LLP<br>100 Galleria Parkway, Suite 1600<br>Atlanta, Georgia 30339<br>Email: stacy.breaud@fmglaw.com<br>Email: eszczepanski@fmglaw.com |
| Kyle A. Glenn v. Mid-America Apartments, LP; Post Alexander II, LLC; Development Authority of Fulton County; Thyssenkrupp Elevator Corporation; Mid America Apartment Communities, Inc.; XYZ Entity 1; and XYZ Entity 2<br><br>20EV007449 | Honorable Patsy Y. Porter<br>Judge, State Court of Fulton County<br>185 Central Ave., SW<br>Suite T-2855<br>Atlanta, GA 30303 | Michael P. Walker, Esq.<br>PIASTA NEWBERN WALKER, LLC<br>3301 Windy Ridge Parkway, Suite 110<br>Atlanta, Georgia 30339<br>Email: mike@pnwlaw.com<br><br>Mary-Margaret F. Noland, Esq.<br>MCANGUS GOUDELOCK &<br>COURIE, LLC<br>P.O. Box 57365 |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Our File No. 3680.0002 | | 270 Peachtree Street, NW, Ste. 1800<br>Atlanta, Georgia 30343<br>Email: Mary-<br>margaret.noland@mgclaw.com |
| Samuel Green and Ronda Reid v. Express Lanes, Inc. d/b/a Midtown Bowl, First Development Co.<br><br>22EV006710<br><br>Our File No. 3525.0027 | Honorable John Mather<br>Judge, State Court of Fulton County<br>185 Central Ave., SW<br>Suite T-2905<br>Atlanta, Georgia 30303 | James P Myers, Esq.<br>Charles L. Clay, Jr. Esq.<br>Wesley C. Taulbee, Esq.<br>CLAY, TAULBEE, & MYERS, LLC<br>3372 Peachtree Road, Suite 115<br>Atlanta, Georgia 30326<br>Email: jim@ctmjustice.com<br>Email: chuck@ctmjustice.com<br>Email: wes@ctmjustice.com |
| Antonio Gresham v. Roderick Smith, Jr., Tog Kona Macadamia, LLC D/B/A STK Steakhouse, John Doe 1, John Doe 2, Traffik Kitchen and Cocktails, Jane Doe<br><br>22EV004222<br><br>Our File No. 3556.0464 | Honorable Eric Richardson<br>Judge, State Court of Fulton County<br>Justice Center Tower<br>185 Central Avenue, Suite T3755<br>Atlanta, Georgia 30303 | Sarah R. Jett, Esq.<br>Gary Martin Hays, Esq.<br>GARY MARTIN HAYS & ASSOCIATES, P.C.<br>3098 Breckinridge Blvd.<br>Duluth, GA 30096<br>Email: sarah@garymartinhays.com<br>Email: gary@garymartinhays.com<br><br>Brycen D. Maenza, Esq.<br>Brantley Rowlen, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH, LLP<br>24 Drayton Street<br>Suite 300<br>Savannah, GA 31401<br>Email:<br>Brantley.Rowlen@lewisbrisbois.com<br>Email:<br>Brycen.maenza@lewisbrisbois.com<br><br>Alan J. Hamilton, Esq.<br>Marla Eastwood, Esq.<br>SHIVER HAMILTON CAMPBELL, LLC<br>3490 Piedmont Road<br>Suite 640<br>Atlanta, GA 30305<br>Email: alan@shiverhamilton.com<br>Email: marla@shiverhamilton.com<br><br>Marc H. Bardack, Esq.<br>Evan D. Szczepanski, Esq.<br>FREEMAN MATHIS & GARY, LLP<br>100 Galleria Parkway<br>Suite 1600<br>Atlanta, Georgia 30339<br>Email: mbardack@fmglaw.com<br>Email: eszczepanski@fmglaw.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | Jamelah J. Plato, Esq.<br>Kristin L. Yoder, Esq.<br>CRUSER, MITCHELL, NOVITZ,<br>SANCHEZ, GASTON & ZIMET, LLP<br>Meridian II, Suite 2000<br>275 Scientific Drive<br>Peachtree Corners, Georgia 30092<br>Email: jplato@cmlawfirm.com<br>Email: kyoder@cmlawfirm.com<br><br>Nicholas Roger, Esq.<br>LYNN LEONARD & ASSOCIATES<br>2400 Century Parkway<br>Suite 200<br>Atlanta, Georgia 30345<br>Email: Nick.roger@statefarm.com |
| Vondale Harris v. RA Sushi Atlanta<br>Midtown Corp., Nationwide<br>Investigations and Security<br>Incorporated, and XYZ Corp.<br><br>23EV00060<br><br>Our File No. 3750.0016 | Judge Patsy Y. Porter<br>185 Central Ave SW<br>2D/T-2855<br>Atlanta, GA 30303 | Aaron L. Michelman, Esq.<br>FOY & ASSOCIATES, P.C.<br>3343 Peachtree Road, N.E.<br>Suite 350<br>Atlanta, Georgia 30326<br>Email: amichelman@johnfoy.com |
| Keith Henry and Rosa Henry, husband<br>and wife, v. The Kroger Co., Mark Allen<br>and John Does 1-5<br><br>22EV004386<br><br>Our File No.: 3558.0561 | Honorable Jay M. Roth<br>Judge, State Court of Fulton County<br>185 Central Ave., SW<br>Atlanta, Georgia 30303 | Stephen R. Fowler, Esq.<br>M. Andrew Echols, Esq.<br>THE FOWLER FIRM, LLC<br>Peachtree 25th Building<br>1720 Peachtree Street NW<br>Suite 118<br>Atlanta, GA 30309<br>Email: stephen@fowlerfirmlaw.com |
| Colin Hertz v. Morguard Briarhill<br>Apartments, LLC<br><br>21EV004722<br><br>Our File No. 3724.0001 | Honorable Patsy Porter<br>Judge, State Court of Fulton County<br>185 Central Ave., SW<br>Suite T-2855<br>Atlanta, Georgia 30303 | Crystal D. Kesler, Esq.<br>CKESLER LAW, LLC<br>3645 Marketplace Blvd<br>Ste. 130-497<br>Atlanta, GA 30344<br>Email: ckesler@ckeslerlaw.com |
| Sheena Huff v. Cortavious Tyson, SP<br>Plus Corporation, Terease Gilmer and<br>ABC Corporation 1-3<br><br>22EV002369<br><br>Our File No. 3221.0037 | Honorable Wesley B. Tailor<br>Judge, State Court of Fulton County<br>185 Central Avenue, Suite T3905<br>Atlanta, Georgia 30303 | Gregory J. Bosseler, Esq.<br>MORGAN & MORGAN ATLANTA,<br>PLLC<br>191 Peachtree Street, N.E., Suite 4200<br>Atlanta, Georgia 30303<br>Email: gbosseler@forthepeople.com |
| Jesse Ireland v. The Kroger Co. and<br>John Doe<br><br>23EV000665<br><br>Our File No. 3558.0581 | Honorable Patsy Porter<br>Judge, State Court of Fulton County<br>185 Central Ave., SW<br>Suite T-2855<br>Atlanta, Georgia 30303 | Stephen R. Fowler, Esq.<br>THE FOWLER FIRM, LLC<br>Peachtree 25th Building<br>1720 Peachtree Street NW<br>Suite 118<br>Atlanta, GA 30309<br>Email: stephen@fowlerfirmlaw.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Rodricus Jackson v. The Voo 2 Sports Bar & Lounge, LLC; Jonnika Hart Gray; Jonathan Hart; Janeen Soler and John Does 1, 3-10<br><br>21EV003432<br><br>Our File No. 3011.0009 | Honorable Diane E. Bessen<br>Judge, State Court of Fulton County<br>185 Central Ave SW # 3855<br>Atlanta, GA 30303 | Matthew T. Wilson, Esq.<br>PRINCENTHAL, MAY & WILSON, LLC<br>750 Hammond Drive<br>Building 12<br>Sandy Springs, GA 30328<br>Email: Matthew@princemay.com<br><br>Wesley Starrett, Esq.<br>Starrett & Harris Law, LLC<br>5000 Austell Powder Springs Rd., SW<br>Suite 251<br>Austell, GA 30106<br>Email: Wesley@injurylawpros.com |
| Daniel Kang v. Jack's Pizza, LLC<br><br>22EV001686<br><br>3556.0460 | Honorable John R. Mather<br>Judge, State Court of Fulton County<br>185 Central Avenue<br>Suite T2905<br>Atlanta, GA 30303 | Michael M. Calabro, Esq.<br>Lowe Law Firm<br>3644 Chamblee Tucker Road<br>Suite F<br>Atlanta, GA 30341<br>calabro@lowelawatl.com |
| Jihad Karim v. Integral Property Management, LLC<br><br>22EV002045<br><br>Our File No. 3556.0475 | Judge Diane E. Bessen<br>Fulton County State Court<br>185 Central Ave SW<br>3D/T-3855<br>Atlanta, GA 30303 | James A. Rice, Jr., Esq.<br>JAMES A. RICE, JR., P.C.<br>563 Spring Street, SW<br>Atlanta, Georgia 30308<br>Email: Jim@Ricefirm.com<br><br>Sean Keenan, Esq.<br>Matthew I. Dowling, Esq.<br>CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP<br>275 Scientific Drive, Suite 200<br>Peachtree Corners, Georgia 30092<br>Email: skeenan@cmlawfirm.com<br>Email: mdowling@cmlawfirm.com |
| Rose Kibuku v. Carson Clements, Steven Schebler. Jose Marrero Diaz, and Evolution Cars Corp.<br><br>22EV004202<br><br>Our File No. 16000.0667 | Honorable Diane E. Bessen<br>Judge, State Court of Fulton County<br>185 Central Avenue<br>Suite T3855<br>Atlanta, GA 30303 | Joshua S. Stein, Esq.<br>J. STEIN LAW FIRM<br>1040 Crown Pointe Parkway<br>Suite 800<br>Atlanta, GA 30338<br>Email: josh@jsteinlawfirm.com |
| Tracy Krohn v. Sheeriff Green, Michael Green, Shankteka Hoke and John Doe<br><br>22EV002293<br><br>Our File No. 3556.0467 | Honorable Diane E. Bessen<br>Judge, State Court of Fulton County<br>185 Central Avenue<br>Suite T3855<br>Atlanta, GA 30303 | Alwyn R. Fredericks, Esq.<br>Lisa E. McNary, Esq.<br>CASH, KRUGLER & FREDERICKS, LLC<br>5447 Roswell Road, NE<br>Atlanta, GA 30342<br>Email: afredericks@ckandf.com<br>Email: lmcnary@ckandf.com<br><br>John E. Searcy, Jr., Esq.<br>4200 Northside Parkway, NW |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | Building 12<br>Atlanta, GA 30327<br>Email: jsearcy@gwdlawfirm.com<br><br>Benjamin S. Dorfman, Esq.<br>FAIN, MAJOR & BRENNAN, P.C.<br>One Premier Plaza<br>5605 Glenridge Drive NE, Suite 900<br>Atlanta, GA 30342<br>Email: bdorfman@fainmajor.com |
| Robert Lastinger v. Five Star Burgers Loganville Co d/b/a Five Guys; and Cole MT Loganville GA, LLC<br><br>22EV000226<br><br>Our File No. 16000.0642 | Honorable Fred C. Eady<br>Judge, State Court of Fulton County<br>Justice Center Tower<br>185 Central Ave., SW<br># T3855<br>Atlanta, GA 30303 | Charles E. Johnson, III, Esq.<br>JOHN FOY & ASSOCIATES, P.C.<br>3343 Peachtree Road, NE<br>Suite 350<br>Atlanta, GA 30326<br>Email: cjohnson@johnfoy.com<br><br>Briana A. Burrows, Esq.<br>Johnathan T. Krawcheck, Esq.<br>WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC<br>3344 Peachtree Road, NE<br>Suite 2400<br>Atlanta, GA 30326<br>Email: bburrows@wwhgd.com<br>Email: jkrawcheck@wwhgd.com |
| Greg LeClair v. MVL Streaming Productions, LLC, a/k/a Thine Selves Productions, LLC, Industrial Services of Peachtree City, LLC, And Trilith Studios, LLC<br><br>22-C-02894-S5<br><br>Our Matter No. 4021.0001 | Honorable Erica K. Dove<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Andrew Lampros, Esq.<br>HALL & LAMPROS, LLP<br>400 Galleria Parkway, Suite 1150<br>Atlanta, GA 30339<br>Email: alampros@hallandlampros.com<br>Email: gordon@hallandlampros.com<br>Jason D. Darneille, Esq.<br>GOWER WOOTEN & DARNEILLE, LLC<br>4200 Northside Parkway, NW<br>Building 12<br>Atlanta, GA 30327<br>Email: jdarneille@gwdlawfirm.com<br><br>Joshua S. Wood, Esq.<br>WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC<br>3344 Peachtree Road, Suite 2400<br>Atlanta, GA 30326<br>Email: jwood@wwhgd.com |
| Lavina Marie Lewis and Andy Davis Lewis v. Agon Variety I, LLC, Little Five Points Partnership (LLLP), Tri Mac Event Staffing, LLC, David Liggett, and Joshua Whitten<br><br>20-EV-006879 | Honorable Eric Richardson<br>Judge, State Court of Fulton County<br>185 Central Avenue, Suite T3755<br>Atlanta, GA 30303 | Ryals D. Stone, Esq.<br>William S. Stone, Esq.<br>THE STONE LAW GROUP – TRIAL LAWYERS, LLC<br>5229 Roswell Road, NE<br>Atlanta, GA 30342<br>Email: ryals@stonelaw.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Our File No. 4460.0028 | | Email: billstone@stonelaw.com<br><br>Robert G. Ballard, Esq.<br>ROBERT G. BALLARD, PC<br>One Glenlake Parkway, Suite 700<br>Atlanta, GA 30328<br>Email: theballardlawfirm@gmail.com<br><br>John E. Hall, Jr., Esq.<br>Duane L. Cochenour, Esq.<br>Abraham C. Varner, II, Esq.<br>Caitlin E. Correa, Esq.<br>HALL BOOTH SMITH, PC<br>191 Peachtree Street NE, Suite 2900<br>Atlanta, Georgia 30303<br>Email: JHall@hallboothsmith.com<br>Email: DCochenour@hallboothsmith.com<br>Email: AVarner@hallboothsmith.com<br>Email: CCorrea@hallboothsmith.com |
| Selwyn Lloyd v. Joe Moseley and National Salvage & Service Corporation<br><br>21EV005291<br><br>Our File No.: 4468.0006 | Honorable Fred C. Eady<br>Judge, State Court of Fulton County<br># T3855<br>185 Central Avenue, SW<br>Atlanta, GA 30303 | Romero Pearson, Esq.<br>PEARSON LAW GROUP, LLC<br>16 Towne Park Drive<br>Lawrenceville, GA 30044<br>Email: plg@pearsonlawgroup.com |
| Beth A. Main v. The Kroger Co.<br><br>19EV006649<br><br>Our File No. 3558.0448 | Honorable Diane E. Bessen<br>Judge, State Court of Fulton County<br>185 Central Ave.<br>Atlanta, GA 30303 | Kevin S. Kovalchik, Esq.<br>KEVIN S. KOVALCHIK, LLC<br>278 W. Main Street<br>Buford, GA 30518<br>Email: Kevin@ksklegal.com<br><br>Russell T. Deutschman, Esq.<br>Jan P. Cohen, Esq.<br>KENNETH S. NUGENT, P.C.<br>4227 Pleasant Hill Road<br>Building 11, Suite 300<br>Duluth, GA 30096<br>Email: rdeutschman@attorneykennugent.com<br>Email: jcohen@attorneykennugent.com |
| Andre Manuel v. Premier Kings of Georgia Inc., d/b/a Burger King and Premier Kings of Northern Alabama, LLC d/b/a Burger King and John Doe<br><br>21EV001378<br><br>Our File No. 3519.0003 | Honorable Wesley B. Tailor<br>Judge, State Court of Fulton County<br>Justice Center Tower, Suite T3905<br>185 Central Avenue, SW<br>Atlanta, GA 30303 | Peter D. Copeland, Esq.<br>PETER D. COPELAND, P.C.<br>P.O. Box 448<br>989 Montreal Road<br>Clarkston, GA 30021<br>Email: pdcpc@bellsouth.net |
| Stanley Neely v. Hickory Park, LTD (L.P) and Ledic Realty Management, LLC, now known as Envolve Community Management, LLC d/b/a/ | Honorable Diane E. Bessen<br>Judge, State Court of Fulton County<br>185 Central Avenue, SW<br>Suite T-3855 | Brian C. Mickelsen, Esq.<br>MICKELSEN DALTON, LLC<br>25 Society Street<br>Charleston, SC 29401 |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Envolve Community Services, LLC, and Envolve Community Management, LLC d/b/a Envolve Community Services, LLC and Lisa Martin-Poore, Olivia Lewis, and John Does 1-10<br><br>22EV000199<br><br>Our File No. 3525.0005 | Atlanta, Georgia 30303 | Email: brian@mickelsendalton.com |
| Erica Riley v. Alternative Waste Solutions U.S. LLC, Allen Smith, & Amwins Program Underwriters, Inc.<br><br>21EV003108<br><br>Our File No.: 4468.0010 | Honorable Susan E. Edlein<br>Judge, State Court of Fulton County<br>Justice Center Tower<br>185 Central Avenue SW<br>Atlanta, Georgia 30303 | Bryce V. Durham, Esq.<br>DURHAM LAW GROUP, PC<br>191 Peachtree Street NE<br>Suite 2600<br>Atlanta, GA 30303<br>Email:<br>bdurham@durhamlawgrouppc.com |
| Carolyn Sivley v. W Hotel Management, Inc., XYZ Corp. Nos. 4 through 9, and John Doe Nos. 1 through 9<br><br>17EV004834<br><br>Our File No. 4400.0058 | Honorable Patsy Y. Porter<br>Judge, State Court of Fulton County<br>185 Central Avenue, SW<br>Suite T-2855<br><br>Atlanta, GA 30303 | Benjamin J. Welch, Esq.<br>Eric C. White, Esq.<br>Miguel A. Dominguez, Esq.<br>MORGAN & MORGAN ATLANTA, PLLC<br>P.O. Box 57007<br>Atlanta, Georgia 30343-1007<br>Email: bwelch@forthepeople.com<br>Email: ewhite@forthepeople.com<br>Email:<br>mdominquez@forthepeople.com<br><br>Glenn S. Bass, Esq.<br>SCRUDDER, BASS, QUILLIAN, HORLOCK, TAYLOR & LAZARUS, LLP<br>900 Circle 75 Parkway<br>Suite 850<br>Atlanta, GA 30339<br>Email: gbass@scrudderbass.com |
| Tamarra Studdard-Wilson, as Administrator and Executor of the Estate of Richard K. Giles v. The Voo 2 Sports Bar & Lounge, LLC, Gray's Automotive and Towing, LLC, Trederick Gray, Janeen Soler, Jonnika Hart Gray, Jonathan Hart and John Does 1-10<br><br>22EV003927<br><br>Our File No. 3011.0009 | Honorable John R. Mather<br>Judge, State Court of Fulton County<br>Justice Center Tower<br>185 Central Avenue SW<br>Atlanta, Georgia 30303 | Matthew T. Wilson, Esq.<br>Adam P. Princenthal, Esq.<br>PRINCENTHAL, MAY & WILSON, LLC<br>750 Hammond Drive<br>Building 12<br>Sandy Springs, GA 30328<br>Email: matthew@princemay.com |
| Tommie White v. Metropolitan Atlanta Rapid Transit Authority and Reginald Davis<br><br>2022CV370613 | Honorable Paige Reese Whitaker<br>Judge, Superior Court of Fulton County<br>185 Central Ave, S.W.<br>Suite 5855<br>Atlanta, GA 30303 | Clark R. Karell, Jr., Esq.<br>KARELL TRIAL ATTORNEYS, LLC<br>3344 Peachtree Road, NE<br>Suite 800<br>Atlanta, GA 30326<br>Email: clark@karell.law |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Our File No. 4300.0020 | | |
| Pamela Williams v. Jonathan Leven<br><br>21EV003132<br><br>Our File No. 504.1118 | Honorable Diane E. Bessen<br>Judge, State Court of Fulton County<br>185 Central Ave SW<br>Suite T3855<br>Atlanta, Georgia 30303 | Tyler R. Watkins, Esq.<br>WATKINS LAW FIRM, LLC<br>3217 S. Cherokee Lane, Suite 710<br>Woodstock, Georgia 30188<br>Email: tyler@watkinslawfirm.llc<br><br>Lauren S. Antonino, Esq.<br>THE ANTONINO FIRM, LLC<br>115 Strauss Lane<br>Atlanta, GA 30350<br>Email: lauren@antoninofirm.com |
| **Superior Court of Fulton County** | **Judge** | **Opposing Counsel** |
| Imani Abdul-Hakim v. Gerald Caslin and Metropolitan Atlanta Rapid Transit Authority<br><br>2022CV362039<br><br>4300.0022 | Honorable Rachel Krause<br>Superior Court of Fulton County<br>136 Pryor Street, SW<br>T-4705<br>Atlanta, GA 30303 | Catherine D. Payne, Esq.<br>Anne Marie du Toit, Esq.<br>PAYNE & DU TOIT<br>2275 Marietta Blvd., NW<br>Suite 270-245<br>Atlanta, GA 30318-2019<br>Email: cpayne@pdtfirm.com<br>Email: adutoit@pdtfirm.com |
| Cherish Edmunson v. Bar Vegan, LLC<br><br>2022CV359958<br><br>Our File No. 3556.0463 | Honorable Shukura L. Ingram<br>Judge, Superior Court of Fulton County<br>185 Central Avenue SW<br>Suite T-7905<br>Atlanta, GA 30303 | Daniel Milton, Esq.<br>SPELLEN LAW<br>1933 Richard Arrington Jr. Blvd. S.<br>Suite 123<br>Birmingham, AL 35209<br>Email: Daniel@spellenlaw.com |
| Stephanie Graham, as Administrator of the Estate of Tarien Shaquille Colquitt, Deceased, Brittany Porter, Mother and next friend of Tarien Colquitt, Jr., Tarihanna Colquitt and Te'Naya Colquitt (minor children of Tarien Colquitt); Katrenia R. Collins, guardian ad litem for Tarien Colquitt, Jr., Tarihanna Colquitt and Te'Naya Colquitt; Shavondra Johnson, mother and next friend of Omari Johnson (minor child of Tarien Colquitt); William Jenkins, guardian ad litem for Omari Johnson, Alexandra Robinson, mother and next friend of Nikarri Robinson (minor child of Tarien Colquitt), and Dana C. Ashford, Esq., guardian ad litem for Nikarri Robinson v. VCP Hammond, LLC<br><br>2022CV363118<br><br>Our File No. 4460.0036 | Honorable Rachel Krause<br>Judge, Superior Court of Fulton County<br>136 Pryor Street SW<br>Suite T-4705<br>Atlanta, GA 30303 | James I. Seifter, Esq.<br>Darren W. Penn, Esq.<br>PENN LAW LLC<br>4200 Northside Parkway, NW<br>Building One, Suite 100<br>Atlanta, Georgia 30327<br>Email: darren@pennlawgroup.com<br>Email: jim@pennlawgroup.com<br><br>Joel M. Baskin, Esq.<br>JOEL M. BASKIN, P.C.<br>2791 Main Street<br>East Point, Georgia 30344<br>Email: jbaskin@joelbaskin.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Sabrina Hardison, Individually and as Personal Representative of the Estate of Davin Pierre Guilford, Deceased v. Metropolitan Atlanta Rapid Transit Authority and Darnell Williams<br><br>2022CV361588<br><br>Our File No. 4300.0021 | Honorable Charles Eaton<br>Judge, Superior Court of Fulton County<br>136 Pryor Street SW<br>T-5755<br>Atlanta, GA 30303 | Keenan R.S. Nix, Esq.<br>Christopher J. Graddock, Esq.<br>MORGAN & MORGAN ATLANTA PLLC<br>P.O. Box 57007<br>191 Peachtree Street, NE<br>Suite 4200<br>Atlanta, GA 30303<br>Email: KNix@ForThePeople.com<br>Email: CGraddock@ForThePeople.com |
| Sabina Siddiqi and Nikhat Shahzad v. Arthur H. Mazor and Laura Mazor<br><br>2021CV351982<br><br>Our File No. 3556.0453 | Honorable Rachel R. Krause<br>Judge, Superior Court of Fulton County<br>136 Pryor Street, SW<br>Suite T-4705<br>Atlanta, GA 30303 | David J. Merbaum, Esq.<br>Tashia M. Zeigler, Esq.<br>MERBAUM & BECKER, P.C.<br>5755 North Point Pkwy., Suite 284<br>Alpharetta, GA 30022<br>Email: dmerbaum@mbpclaw.com<br>Email: mmikkelsen@mbpclaw.com |
| Wenszell v. Metropolitan Atlanta Rapid Transit Authority<br><br>2020CV341987<br><br>Our File No. 4300.0017 | Honorable Belinda E. Edwards<br>Judge, Superior Court of Fulton County<br>136 Pryor Street, SW<br>Suite T-8905<br>Atlanta, GA 30303 | Matthew B. Stoddard, Esq.<br>Keith N. Evra, Esq.<br>THE STODDARD FIRM<br>1534 N. Decatur Road, NE<br>Atlanta, GA 30307<br>Email: matt@legalhelpga.com<br>Email: keith@legalhelpga.com |
| **State Court of Glynn County** | **Judge** | **Opposing Counsel** |
| Emery Raynard Bryant v. Anthony L. Fedd and Allied Universal Holding Corporation<br><br>CV20200215<br><br>Our File No. 4468.0001 | Honorable Bart G. Altman<br>Judge, State Court of Glynn County<br>701 H Street, 1st Floor<br>Brunswick, GA 31520 | Eric L. Jenson, Esq.<br>Jessica Burkhart, Esq.<br>JENSON LAW, LLC<br>6111 Peachtree Dunwoody Road<br>Building G – Suite 201<br>Atlanta, GA 30328<br>Email: ejensen@eljlegal.com<br>Email: jburkhart@eljlegal.com |
| Jesse Cole v. Sidney Hopkins and Enterprise Pizza, Inc.<br><br>CV20190040<br><br>Our File No. 4460.0030 | Honorable Orion L. Douglass<br>Judge, State Court of Glynn County<br>701 H Street, 1st Floor<br>Brunswick, GA 31520 | Seth M. Diamond, Esq.<br>MORGAN & MORGAN<br>25 Bull Street<br>Suite 400<br>Savannah, GA 31401<br>Email: sdiamond@forthepeople.com<br><br>Kelly Crutchfield, Esq.<br>Beverly G. O'Hearn, Esq.<br>LUEDER, LARKIN & HUNTER, LLC<br>7 E Congress Street<br>Suite 712<br>Savannah, GA 31401 |

|  |  | Email: kcrutchfield@luederlaw.com<br>Email: bohearn@luederlaw.com<br><br>J. Robb Cruser, Esq.<br>Glenn C. Tomillo, Esq.<br>Kristin L. Yoder, Esq.<br>CRUSER, MITCHELL, NOVITZ,<br>SANCHEZ, GASTON & ZIMET, LLP<br>Meridian II, Suite 2000<br>275 Scientific Drive<br>Norcross, GA 30092<br>Email: rcruser@cmlawfirm.com<br>Email: gtornillo@cmlawfirm.com<br>Email: kyoder@cmlawfirm.com |
|---|---|---|
| **State Court of Gwinnett County** | **Judge** | **Opposing Counsel** |
| Allstate Vehicle and Property Insurance Company a/s/o Henry and Mozella Bolton v. Whirlpool Corporation, Robertshaw Controls Company<br><br>21-C-04556-S3<br><br>Our File Number: 4475.0012 | Honorable Carla E. Brown<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Silas M. Harrington, Jr., Esq.<br>RONALD W. PARNELL, PC<br>Post Office Drawer 81085<br>Conyers, GA 30013<br>Email: sdc@rwpsubro.com |
| Joseph Ash and Mary Ash v. Jimmy Wayne Smith and Summit Construction and Development, LLC<br><br>22-C-07395-S6<br><br>Our File No. 4468.0008 | Honorable Veronica Cope<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Michael George, Esq.<br>Michael Weaver, Esq.<br>Katherine Hall, Esq.<br>WEAVER LAW FIRM<br>P.O. Box 414<br>Gainesville, GA 30503<br>Email:<br>mgeorge@weaverlawfirmga.com<br>Email: michael@weaverlawfirmga.com |
| Jarrett Ashley v. Publix Super Markets, Inc., Slate Asset Management, L.P., Peach State Roofing, Inc., Rosales Waterproofing, LLC and SUSO 4 Duluth, LP<br><br>21-C-08682-S6<br><br>Our File No. 4485.0026 | Honorable Veronica Cope<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Taylor M. Barrett, Esq.<br>Campbell Williamson, Esq.<br>SCHNEIDER HAMMERS LLC<br>5555 Glenridge Connector, Suite 975<br>Atlanta, Georgia 30342<br>Email: taylor@schneiderhammers.com<br>Email:<br>campbell@schneiderhammers.com<br><br>Kathleen Edwards-Opperman, Esq.<br>MONLICK & ASSOCIATES, P.C.<br>17 Executive Park, Suite 300<br>Atlanta, Georgia 30329<br>Email: kopperman@montlick.com<br><br>Gene A. Major, Esq.<br>James W. Hardee, Esq.<br>Joseph Knight, Esq.<br>FAIN MAJOR & BRENNAN, P.C.<br>One Premier Plaza |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | 5605 Glenridge Drive, NE, Suite 900<br>Atlanta, Georgia 30342<br>Email: gmajor@fainmajor.com<br>Email: jhardee@fainmajor.com<br>Email: jknight@fainmajor.com<br><br>Cody M. McCollum, Esq.<br>Jordan Alexis Fox, Esq.<br>VERNIS & BOWLING OF<br>ATLANTA, LLC<br>30 Perimeter Park Drive, Suite 200<br>Atlanta, Georgia 30341<br>Email: cmccollum@georgia-law.com<br>Email: jfox@georgia-law.com<br><br>Sean Keenan, Esq.<br>William T. Mitchell, Esq.<br>CRUSER, MITCHELL, NOVITZ,<br>SANCHEZ, GASTON, & ZIMET,<br>LLP<br>275 Scientific Drive, Suite 2000<br>Peachtree Corners, GA 30092<br>Email: bmitchell@cmlawfirm.com<br>Email: skeenan@cmlawfirm.com |
| Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and<br>Patricia Bostick, as the Executor of the Estate of Patricia Thompson v. Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10<br><br>23-C-00147-S3<br><br>Our File No. 3530.0032 | Honorable Carla Brown<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Lindsay Simmons<br>David Dozier<br>DOZIER LAW FIRM, LLC<br>487 Cherry Street<br>Macon, Georgia 31201<br>Email: lindsay@dozierlaw.com<br>Email: david@dozierlaw.com |
| Darin Burgess v. The Kroger Co., Phillips Edison & Company LTD., Phillips Edison Grocery Center Operating Partnership I, L.P. Roderick Lee, Shavaughn Angelle, John Does (1-3), ABC Company and XYZ Company<br><br>20-C-02973-S7<br><br>Our File No. 3558.0446 | Honorable Jaletta L. Smith<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | R. Michael Coker, Esq.<br>THE LAW OFFICES OF R.<br>MICHAEL COKER, LLC<br>90 Langley Drive<br>Lawrenceville, GA 30046<br>Email: coker@coker-law.com<br><br>Richard E. Zelonka, Jr., Esq.<br>Molly L. Moyer, Esq.<br>Jenna M. Fowler, Esq.<br>WOOD, SMITH, HENNING &<br>BERMAN LLP<br>1230 Peachtree Street<br>Suite 925 |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | Atlanta, GA 30309<br>Email: rzelonka@wshblaw.com<br>Email: mmoyer@wshblaw.com<br>Email: jfowler@wshblaw.com |
| Marsha Calloway, individually and as administrator of the estate of Terrance Calloway v. Target Corporation, Northlake Surgical Center, and John Doe<br><br>20-C-06688-S3<br><br>Our File No. 4200.0014 | Honorable Carla E. Brown<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Jerome D. Lee, Esq.<br>TAYLOR LEE & ASSOCIATES, LLC<br>6855 Jimmy Carter Boulevard<br>Suite 2150<br>Norcross, GA 30071<br>Email: jerome@htlweb.com |
| Moses Cobb and Alice Cobb v. Jascha Coles and Grubhub Holdings, Inc.<br><br>22-C-01383-S3<br><br>Our File No. 3233.0003 | Honorable Carla Brown<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Raymond T. Brooks, Jr., Esq.<br>LAW OFFICE OF RAYMOND BROOKS, JR.<br>281 Scenic Highway<br>Lawrenceville, Georgia 30046<br>Email: rtboffice@yahoo.com |
| Jane Doe v. Banyan Tree Management, LLC, Albany Downtown Hotel Partners, LLC and John Doe<br><br>19-C-04673-S3<br><br>Our File No. 3750.0009 | Honorable Carla Brown<br>Judge, State Court of Gwinnett County<br>Division S3<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Charles L. Clay, Jr., Esq.<br>PRATT CLAY, LLC<br>4401 Northside Parkway<br>Suite 520<br>Atlanta, GA 30327<br>Email: chuck@prattclay.com<br><br>Micajah D. Boatright, Esq.<br>Roland Christensen, Esq.<br>Joseph R. McGowin, IV, Esq.<br>ARNOLD & ITKIN LLP<br>6009 Memorial Drive<br>Houston, TX 77007<br>Email: cboatright@arnolditkin.com<br>Email: rchristensen@arnolditkin.com<br>Email: jmcgowin@arnolditkin.com |
| Alicia Eiland v. The Kroger Co., Nigel T. Vereen, ABC Corporation, and John Does #1-3<br><br>21-C-04239-S5<br><br>Our File No. 3558.0500 | Honorable Pamela D. South<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Rachel Deloach, Esq.<br>MONGE & ASSOCIATES<br>8205 Dunwoody Place<br>Building 19<br>Atlanta, GA 30350<br>Email: rachel@monge.lawyer |
| Michael Floyd and Mary Floyd, et al. v. Fieldturf USA, Inc., Sports Consulting Group, LLC, Ryan S. Wright, Bailey Fence Company, ELA Sport Group, Inc., and Precision Turf, LLC<br><br>20-C-05585-S7 | Honorable Jaletta L. Smith<br>Judge, State Court of Gwinnett County<br>Division S3<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Thomas A. Nash, Jr., Esq.<br>NASH LAW FIRM, P.C.<br>340 Eisenhower Drive, Suite 800<br>Savannah, GA 31406<br>Email: tnash@nashlawfirm.com<br><br>Andrew D. Horowitz, Esq.<br>Jordan E. Wilkinson, Esq. |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Our File No. 853.0022 | | DREW, ECKL & FARNHAM, LLP<br>303 Peachtree Street, N.E.,<br>Suite 3500<br>Atlanta, GA 30308<br>Email: HorowitzA@deflaw.com<br>Email: wilkinsonj@deflaw.com<br><br>Christine L. Mast, Esq.<br>HAWKINS PARNELL & YOUNG, LLP<br>303 Peachtree Street, N.E.<br>Ste. 400<br>Atlanta, GA 30308<br>Email: cmast@hpylaw.com<br><br>Franklin D. Miller, Esq.<br>FRANKLIN D. MILLER LAW, LLC<br>P.O. Box 443<br>Milledgeville, GA 31059<br>Email:<br>fdmiller@franklindmillerlaw.com<br><br>Patrick M. Phillips, Esq.<br>GREENFIELD, BOST & KLIROS, P.C.<br>980 Hammond Drive, N.E.<br>Ste 740<br>Atlanta, GA 30328<br>Email: pphillips@gbklaw.com<br><br>Gene A. Major, Esq.<br>Vera Starks, Esq.<br>FAIN, MAJOR & BRENNAN, PC<br>One Premier Plaza<br>5605 Glenridge Drive, Suite 900<br>Atlanta, GA 30342<br>Email: gmajor@fainmajor.com<br>Email: vstarks@fainmajor.com<br><br>Bradley S. Wolff, Esq.<br>SWIFT, CURRIE, MCGHEE & HIERS, LLP<br>1420 Peachtree Street N.E.<br>Suite 800<br>Atlanta, GA 30309-3231<br>Email: brad.wolff@swiftcurrie.com |
| Austin Herndon v. Curtis Bay Medical Waste Services, LLC d/b/a Earthwise Industries, INC., Cameron A. Smith, and Aurora Capital Partners<br><br>21-C-08841-S6<br><br>Our File No.: 4468.0005 | Honorable Veronica Cope<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Keenan R.S. Nix, Esq.<br>Christopher Graddock, Esq.<br>Evan T. Rosenberg, Esq.<br>MORGAN & MORGAN, PLLC<br>Post Office Box 57007<br>Atlanta, Georgia 30343-1007 Email:<br>KNix@ForThePeople.com<br>Email:<br>CGraddock@ForThePeople.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | Email:<br>ERosenberg@ForThePeople.com<br><br>D. Michael Williams, Esq.<br>HALL BOOTH SMITH, P.C.<br>191 Peachtree Street, NE<br>Suite 2900<br>Atlanta, GA 30303<br>Email:<br>Dmwilliams@hallboothsmith.com |
| Melinda R. Huguet v. Marten Transport, LTD., Ace American Insurance Company, Charles E. Dowdy, John Doe, ABC Corp., and XYZ Corp.,<br><br>22-A-05782-S6<br><br>Our File No. 535.0002 | Honorable Ronnie K. Batchelor<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Melinda R. Huguet, Pro Se<br>372 Penwood Trail<br>Dacula, GA 30019 |
| Carolyn James and Terry White, Individually, and Terry White, as Administrator of the Estate of Theresa White v. Roberta Operator, LLC, GBD, LLC, Mission Health of Georgia, LLC, Mission Health Communities, LLC, Rose Marie Smith, LPN, Elisa Willis Jones, RN, Robert Kraft, LNHA, and Marcy Hikes Matthews, LNHA<br><br>21-C-06038<br><br>Our File No. 3530.0023 | Honorable Ronda Colvin Leary<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Lance D. Lourie, Esq.<br>Suzanne T. Fink, Esq.<br>Andrew J. King, Esq.<br>WATKINS, LOURIE, ROLL & CHANCE, PC<br>5607 Glenridge Drive<br>Suite 500<br>Atlanta, GA 30342<br>Email: ldl@wlr.net<br>Email: sf@wlr.net<br>Email: ajk@wlr.net<br><br>Robert Kraft<br>922 Ault Lane<br>Tazewell, TN 37879<br>Email: robertkraftdefense@gmail.com<br><br>Eugene A. Giotto, Esq.<br>COZEN O'CONNER<br>One Oxford Centre, 301 Grant Street<br>41st Floor<br>Pittsburgh, PA 15219<br>Email: egiotto@cozen.com<br><br>David N. Nelson, Esq.<br>CHAMBLISS, HIGDON, RICHARDSON, KATZ & GRIGGS, LLP<br>3920 Arkwright Road, Suite 405<br>PO Box 18086<br>Macon, GA 31209-8086<br>Email: dnelson@chrkglaw.com |
| Patrina Jarrett and Jermaine Crook v. Target Corporation, John Doe 1 and John Doe 2 | Honorable Ronda Colvin Leary<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | J. Wickliffe Cauthorn, Esq.<br>THE CAUTHORN FIRM<br>1984 Howell Mill Road<br>P.O. Box 20059 |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| 20-C-06128-S4<br><br>Our File No. 4200.0019 | | Atlanta, GA 30325<br>Email: wick@thecauthornfirm.com |
| Lonny Johnson v. Forty One Connector, LTD. (L.P.), and FQSR, LLC<br><br>22-C-06307-S5<br><br>Our File No. 3750.0018 | Honorable Erica Dove<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Joel A. Thrift, Esq.<br>2860 Piedmont Road NE<br>Atlanta, GA 30305<br>Email: jthrift@joelthriftlaw.com<br><br>William Tinkler, Jr., Esq.<br>P.O. Box 237<br>Suches, GA 30572<br>Email: wpt@tinkler.com |
| Brenda Key v. Great Divide Insurance Company; Liquid Services and Logistics, LLC, Liquid Waste Management Holdings, LLC d/b/a Hulsey Environmental Services, Inc. and Jeffery Lee Parr, an Individual<br><br>21-C-06959-S5<br><br>Our File No.: 4468.0007 | Honorable Erica K. Dove<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | R. Shane Lazenby, Esq.<br>LAZENBY LAW GROUP, LLC<br>P.O. Box 2875<br>Gainesville, Georgia 30503<br>Email: shane@lazlawgroup.com<br><br>Oliver R. Ladd, Esq.<br>STOW, GARVIN & GLEN<br>P.O. Box 974<br>Gainesville, Georgia 30503<br>Email: oladd@sgglegal.com |
| Daniel Kim v. Building Cleaning Solutions, et al.<br><br>22-C-06592-S5<br><br>Our File No. 16000.0668 | Honorable Erica K. Love<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Thomas P. Willingham, Esq.<br>Mary Leah Miller, Esq.<br>BEASLEY, ALLEN, CROW, METHVIN,<br>PORTIS & MILES, P.C.<br>Overlook II<br>2839 Paces Ferry Road, SE<br>Suite 400<br>Atlanta, Georgia 30339<br>Email:<br>Tom.willingham@beasleyallen.com<br>Email:<br>Maryleah.miller@beasleyallen.com<br><br>Amanda Matthews, Esq.<br>Alain P. Fernandez, Esq.<br>NALL & MILLER, LLP<br>235 Peachtree Street, NE<br>North Tower, Suite 1500<br>Atlanta, Georgia 30303<br>Email: amatthews@nallmiller.com<br>Email: afernandez@nallmiller.com<br><br>Harold E. Franklin, Jr., Esq.<br>Anneke J. Shepard, Esq.<br>KING & SPALDING, LLC<br>1180 Peachtree Street, N.E.<br>Atlanta, Georgia 30309<br>Email: hfranklin@kslaw.com<br>Email: ashepard@kslaw.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | Perry W. Miles, IV, Esq.<br>Jonathan T. Tan, Esq.<br>MCGUIRE WOODS, LLP<br>800 East Canal Street<br>Richmond, Virginia 23219<br>Email: pmiles@mcguirewoods.com<br>Email: jtan@mcguirewoods.com |
| Nicole Lehner v. Target Corporation, James Shaffer, and Jane Doe<br><br>20-C-07599-S3<br><br>Our File No. 4200.0021 | Honorable Carla E. Brown<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Lloyd Hoffspiegel, Esq.<br>Alexander Hoffspiegel, Esq.<br>HOFFSPIEGEL LAW<br>2900 Chamblee Tucker Rd.<br>Bldg. 15<br>Atlanta, GA 30341<br>Email: lf@hoff-law.com<br>Email: ah@hoff-law.com |
| Leja Lo, Individually, and as Administrator of the Estate of Elejina Lo, Deceased, v. Curtis Bay Medical Waste Services, LLC d/b/a Earthwise Industries, Inc., Cameron A. Smith, and Aurora Capital Partners<br><br>21-C-06893-S2<br><br>Our File No.: 4468.0005 | Honorable Judge Shawn F. Bratton<br>State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Evan T. Rosenberg, Esq.<br>Keith Mitnick, Esq.<br>MORGAN & MORGAN, PLLC<br>191 Peachtree Street, NE<br>Suite 4200<br>Atlanta, GA 30303<br>Email: erosenberg@forthepeople.com<br><br>Ben C. Brodhead, Esq.<br>Ashley B. Fournet, Esq.<br>Michael Arndt, Esq.<br>BRODHEAD LAW, LLC<br>3350 Riverwood Parkway<br>Suite 2230<br>Atlanta, GA 30339<br>Email: ben@brodheadlaw.com<br>Email: ashley@brodheadlaw.com<br>Email: michael@brodheadlaw.com<br><br>D. Michael Williams, Esq.<br>HALL BOOTH SMITH, P.C.<br>191 Peachtree Street, NE<br>Suite 2900<br>Atlanta, GA 30303<br>Email: dmwilliams@hallboothsmith.com |
| Duane A. Marcus v. Dillard M. Cook, The Comtran Group, Inc, and John Doe<br><br>18-C-03811-S7<br><br>Our File No. 853.0001 | Honorable Jaletta L. Smith<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Charles Scholle, Esq.<br>Todd Shugart. Esq.<br>CHARLES SCHOLLE LAW<br>6340 Sugarloaf Parkway<br>Suite 200<br>Duluth, GA 30097<br>Email: cscholle@schollelaw.com<br>Email: tshugart@schollelaw.com<br><br>Gary M. Cooper, Esq.<br>GARY M. COOPER, P.C. |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | 3991 Saint Andrews Square<br>Duluth, GA 30096<br>Email: garymcooper@gmail.com |
| State Farm Mutual Automobile Insurance Co. as Subrogee of Shreyaben Mehta vs. Ruben Duran and Summit Construction and Development, LLC<br><br>22-C-06083-S5<br><br>Our File No. 4468.0017 | Honorable Judge Pamela D. South Judge, State Court of Gwinnett County 75 Langley Drive Lawrenceville, Georgia 30046 | Keshia Townsend, Esq.<br>Candace M. Boutwell, Esq.<br>2280 Satellite Boulevard, Bldg. B.<br>Duluth, Georgia 30097<br>Email: cboutwell@subrofirm.com<br>Email: k.townsend@subrofirm.com |
| Charlene Ogletree v. Golf Vista Apartments, LLC, ABC Corporation, and John Doe<br><br>21-C-07743-S6<br><br>Our File No. 3230.0005 | Honorable Veronica Cope Judge, State Court of Gwinnett County 75 Langley Drive Lawrenceville, GA 30046 | Shaun Daugherty, Esq.<br>Low Law Firm, P.C.<br>3644 Chamblee Tucker Road, Suite F<br>Atlanta, GA 30341<br>Email: Shaun@lowelawatl.com |
| Trina Peavy, Individually, and Rhonda Perry, Individually, and as Administrator of the Estate of Judy Shiver v. Meadowbrook Operator, LLC, GBD, LLC, Mission Health of Georgia, LLC, Mission Health Communities, LLC, Frederick K. Youngman, LNHA, and Trent Thomason, LD<br><br>21-C-06055-S5<br><br>Our File No. 3530.0024 | Honorable Pamela D. South Judge, State Court of Gwinnett County 75 Langley Drive Lawrenceville, GA 30046 | Lance D. Lourie, Esq.<br>Suzanne T. Fink, Esq.<br>Andrew J. King, Esq.<br>WATKINS, LOURIE, ROLL & CHANCE, PC<br>5607 Glenridge Drive<br>Suite 500<br>Atlanta, GA 30342<br>Email: ldl@wlr.net<br>Email: sf@wlr.net<br>Email: ajk@wlr.net<br><br>Michael G. Frankson<br>Lindsey L. Costakos<br>HUFF POWELL BAILEY<br>999 Peachtree Street, NE<br>Suite 950<br>Atlanta, GA 30309<br>Email:<br>mfrankson@huffpowellbailey.com<br>Email:<br>lcostakos@huffpowellbailey.com<br><br>Eugene A. Giotto, Esq.<br>COZEN O'CONNER<br>One Oxford Centre, 301 Grant Street<br>41st Floor<br>Pittsburgh, PA 15219<br>Email: egiotto@cozen.com<br><br>David N. Nelson, Esq.<br>CHAMBLISS, HIGDON, RICHARDSON, KATZ & GRIGGS, LLP<br>3920 Arkwright Road, Suite 405<br>PO Box 18086 |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | Macon, GA 31209-8086<br>Email: dnelson@chrkglaw.com |
| Asta Phillips v. Elvira Ortiz Cacoj and Francisco Polanco<br><br>22-C-04748-S4<br><br>Our File No. 3556.0479 | Honorable Ronda Colvin Leary<br>Judge, State Court of Gwinnett County<br>75 Langley Dr.<br>Lawrenceville, GA 30046 | Christopher M. Simon, Esq.<br>Alexander Grace, Esq.<br>THE SIMON LAW FIRM, P.C.<br>2860 Piedmont Road NE, Suite 210<br>Atlanta, Georgia 30305<br>Email: cms@christophersimon.com<br>Email: alex@simon.law<br><br>Sean L. Hynes, Esq.<br>William R. Gordon, Jr., Esq.<br>DOWNEY & CLEVELAND, LLP<br>288 Washington Avenue<br>Marietta, GA 30060-1979<br>Email: hynes@downeycleveland.com<br>Email: gordon@downeycleveland.com |
| Lolita Poindexter, V. Eat-1617, LLC (Dba Village Shoppes At Creekside); Yellowstone Landscape – Southeast, LLC; Larc Asset Management And Realty, Inc.; Commons Enterprises, Inc. (Dba My Salon Suites); John Does 1 2 And 3 And Fictitious Corporate Defendants A B And C, All Of Those Whose True And Correct Names Are Not Further Known To Plaintiff At This Time, But When Ascertained, Will Be Added By Way Of Amendment<br><br>22-C-01782-S6<br><br>Our File No. 3750.0017 | Honorable Veronica Cope<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Charles H. McAleer, Esq.<br>MORGAN & MORGAN ATLANTA, PLLC<br>P.O. Box 57007<br>Atlanta, Georgia 30303<br>Email: cmcaleer@forthepeople.com<br><br>Carrie L. Christie, Esq.<br>Dillon P. McConnell, Esq.<br>RUTHERFORD & CHRISTIE, LLP<br>285 Peachtree Center Avenue, NE<br>Marquis II, Suite 1650<br>Atlanta, Georgia 30303<br>Email: clc@rclawllp.com<br>Email: dpm@rclawllp.com |
| Charles E. Smith v. The Kroger Co., Fairview Oaks Station, LLC, Phillips Edison & Company, LTD., Phillips Edison Grocery Center Operating Partnership I, L.P., Let's Pave, LLC; Thomas Prandato; Southern Paving Solutions, LLC; XYZ Entity 1, and XYZ Entity 2<br><br>22-C-04687-S6<br><br>Our File No. 3558.0566 | Honorable Veronica Cope<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Michael P. Walker, Esq.<br>Andrew L. Hagenbush, Esq.<br>PIASTA NEWBERN WALKER, LLC<br>3301 Windy Ridge Parkway, Suite 110<br>Atlanta, GA 30339<br>Email: mike@pnwlaw.com<br>Email: andrew@pnwlaw.com<br><br>Steven N. Newton, Esq.<br>STEVEN N. NEWTON, LLC<br>401 Westpark Court, Suite 200<br>Peachtree City, GA 30269<br>Email: steven@mynewtonlaw.com<br><br>Meghan E. Olson, Esq.<br>Fain, Major & Brennan, PC<br>One Premier Plaza<br>5605 Glenridge Drive, NE, Suite 900<br>Atlanta, GA 30342<br>Email: molson@fainmajor.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | R. Scott Masterson, Esq.<br>Michael P. DiOrio, Esq.<br>G. Ches Graham, Esq.<br>LEWIS, BRISBOIS, BISGAARD &<br>SMITH, LLP<br>600 600 Peachtree Street, N.E.<br>Suite 4700<br>Atlanta, Georgia 30308<br>Email:<br>Scott.Masterson@lewisbrisbois.com<br>Email:<br>Michael.DiOrio@lewisbrisbois.com<br>Email:<br>Ches.Graham@lewisbrisbois.com<br><br>Michael P. Manfredi, Esq.<br>Taylor T. Hanks, Esq.<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER, LLP<br>3348 Peachtree Road, NE, Suite 1400<br>Atlanta, GA 30326<br>Email:<br>Michael.manfredi@wilsonelser.com<br>Email: Taylor.hanks@wilsonelser.com |
| Alexis Marie Sprague v. Caitlyn Renee Hume<br><br>21-C-03323-S7<br><br>Our File No. 3011.0014 | Honorable Jaletta L. Smith<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Kevin S. Kovalchik, Esq.<br>KEVIN S. KOVALCHIK, LLC<br>278 W. Main Street<br>Buford, Georgia 30518<br>Email: kevin@ksklegal.com |
| Laurel Stone, Individually, and Laurel Stone as Administrator of the Estate of Ricky Stone (Deceased) v. The Kroger Co., Liquid Environmental Solutions of Georgia, LLC, Valley Proteins, Inc., Stacey Robinson, John Doe 2-10, and Doe Company 1-5<br>22-C-00889-S4<br><br>Our File No. 3558.0496 | Honorable Ronda Colvin Leary<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Daniel J. Prieto, Esq.<br>Jonathan Marigliano, Esq.<br>William Holbert, Esq.<br>PRIETO, MARIGLIANO, HOLBERT<br>& PRIETO, LLC<br>1555 Mount Vernon Road<br>Atlanta, GA 30338<br>Email: dprieto@pmhplaw.com<br>Email: jmarigliano@pmhplaw.com<br>Email: wholbert@pmhplaw.com<br><br>Stephanie F. Brown, Esq.<br>Law Office of Dodson & Associates<br>P.O. Box 2903<br>Hartford, CT 06104<br>Email: sfbrown@travelers.com<br><br>Vincent Bushnell, Esq.<br>Kenneth Thompson, Jr., Esq.<br>FISHERBROYLES, LLP<br>945 East Paces Ferry Road, NE<br>Suite 2000<br>Atlanta, GA 30326<br>Email: |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | Vincent.bushnell@fisherbroyles.com<br>Email: kthompson@fisherbroyles.com |
| Kenneth Trinklein v. Jimmy Smith, Summit Construction and Development, LLC, Express Hauling & Dumpsters, LLC, and Key Risk Ins. Co.<br><br>22-C-00457-S6<br><br>Our File No. 4468.0008 | Honorable Veronica Cope<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Jon Brockman, Esq.<br>JONATHAN R. BROCKMAN, P.C.<br>320 Dahlonega Street<br>Cumming, Georgia 30040<br>Email:<br>jbrockman@brockmaninjurylawyer.com |
| Steven Wells v. Greenwich Insurance Company et al<br><br>19-C-00819-S6<br><br>Our File No. 3221.0026 | Honorable John F. Doran, Jr.<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Miguel A. Dominguez, Esq.<br>MORGAN & MORGAN ATLANTA, PLLC<br>Post Office Box 57007<br>Atlanta, Georgia 30343-1007<br>E-mail:<br>mdominguez@forthepeople.com |
| Ramonique Willis v. Samuel Mendez and Ambipar Response Intracoastal, LLC<br><br>22-C-02907-S4<br><br>Our File No. 4468.0014 | Honorable Ronda Colvin Leary<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Anthony J. Herro, Esq<br>THE HERRO LAW FIRM<br>3495 Piedmont Road, NE<br>Building 11, Suite 824<br>Atlanta, GA 30305<br>Email: anthony@herrolaw.com |
| David Years, as the Administrator of the Estate of Christopher Years, Deceased, Tony Benton and Gail Benton, as the Administrators of the Estates of Ashley Years, deceased, and Luna Years, deceased and minors Nolie Years and Michael Years and Spencer Years, by and through their Appointed Guardian, Tony Benton and Gail Benton v. Michelin Corporation, Michelin North America, Inc., Mike Bell Chevrolet, Inc. and M and M Auto Superstore, LLC<br><br>21-C-02435-S2<br><br>Our File No.: 16000.0632 | Honorable Shawn F. Bratton<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Bradley W. Pratt, Esq.<br>Charles L. Clay, Jr., Esq.<br>PRATT CLAY, LLC<br>4401 Northside Parkway, Suite 520<br>Atlanta, GA 30327<br>Email: bradley@prattclay.com<br>Email: chuck@prattclay.com<br><br>John B. Jackson, Esq.<br>LAW OFFICE OF JOHN B. JACKSON<br>110 Wagon Yard Plaza<br>Carrollton, GA 30117<br>Email: john@johnbjacksonlaw.com |
| Victoria Zellars, individually v. Anthony Wagoner, individually<br><br>22-C-02992-S1<br><br>Our File No. 4486.0007 | Honorable Emily J. Brantley<br>Judge, State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Jason T. Schneider, Esq.<br>Campbell Williamson, Esq.<br>SCHNEIDER HAMMERS LLC<br>5555 Glenridge Connector<br>Suite 975<br>Atlanta, Georgia 30342<br>Email: jason@schneiderhammers.com |
| **Superior Court of Gwinnett County** | **Judge** | **Opposing Counsel** |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Allstate Vehicle and Property Insurance Company a/s/o Jill Fosnough v. Whirlpool & Robertshaw<br><br>22-A-01641-9<br><br>Our File No. 4475.0010 | Honorable Tracey D. Mason<br>Judge, Superior Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Christopher Rentschler, Esq.<br>Ronald W. Parnell, Esq.<br>RONALD W. PARNELL, P.C.<br>Post Office Drawer 81085<br>Conyers, GA 30013<br>Email: th@rwpsubro.com<br>Email: rwp@rwpsubro.com |
| Allstate Vehicle and Property Company a/s/o Beth Graham v. Whirlpool & Robertshaw Controls<br><br>21-A-04764-3<br><br>Our File Number: 4475.0008 | Honorable Deborah R. Fluker<br>Judge, Superior Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Christopher Rentschler, Esq.<br>RONALD W. PARNELL, P.C.<br>Post Office Drawer 81085<br>Conyers, GA 30013<br>Email: th@rwpsubro.com |
| Allstate Insurance Company a/s/o Julie Hatcher v. Whirlpool & Robertshaw Controls<br><br>21-A-07569-11<br><br>Our File Number: 4475.0013 | Honorable Deborah R. Fluker<br>Judge, Superior Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Christopher Rentschler, Esq.<br>RONALD W. PARNELL, P.C.<br>Post Office Drawer 81085<br>Conyers, GA 30013<br>Email: th@rwpsubro.com |
| Allstate Fire and Casualty Insurance Company a/s/o Jodi Holmes v. Whirlpool Corporation and Robertshaw Controls Company<br><br>21-A-07081-3<br><br>Our File Number: 4475.0003 | Honorable Deborah R. Fluker<br>Judge, Superior Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Christopher Rentschler, Esq.<br>RONALD W. PARNELL, P.C.<br>Post Office Drawer 81085<br>Conyers, GA 30013<br>Email: th@rwpsubro.com |
| Allstate Fire and Casualty Insurance Company a/s/o Jessica Munro v. Whirlpool & Robertshaw Controls<br><br>21-A-02112-3<br><br>Our File Number: 4475.0009 | Honorable Deborah R. Fluker<br>Judge, Superior Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Christopher Rentschler, Esq.<br>RONALD W. PARNELL, P.C.<br>Post Office Drawer 81085<br>Conyers, GA 30013<br>Email: th@rwpsubro.com |
| Xtreme Asset Holdings, LLC v. Omni Group North America, LLC, Guerdy Claimon, Oliver D. Banks, Olivia France, The Office of Eric McGlothen, CPA, LLC, Eric McGlothen, LLC, Eric McGlothen, Management Services & Solutions, Inc., Hybrid Transport International, Inc., and Adecco USA, Inc.<br><br>16-A12174-11<br><br>Our File No. 3011.0008 | Honorable Angela D. Duncan<br>Judge, Superior Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Mary Donne Peters, Esq.<br>Michael H. Gorby, Esq.<br>Sarah Phaff, Esq.<br>Whitney Arp, Esq.<br>GORBY, PETERS & ASSOCIATES, LLC<br>1175 Peachtree St NE,<br>10th Floor, Suite 1000<br>Atlanta, GA 30361<br>Email: mpeters@gorbypeters.com<br>Email: mgorby@gorbypeters.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| Superior Court of Hall County | Judge | Opposing Counsel |
|---|---|---|
| Dorothy P. Buckman, an individual, and Herbert C. Buckman, Sr., her husband, an individual v. Red Mountain (Tennessee Carefree), LLC, d/b/a Carefree Boat Sales, a Foreign Limited Liability Company, Denali Marine Group, LLC, d/b/a Coach Pontoons, a Foreign Limited Liability Company, and Kevcon Corporation, a Foreign Corporation<br><br>2021CV000852<br><br>Our File No. 3556.0449 | Honorable Bonnie Chessher Oliver Judge, Superior Court of Hall County 225 Green St., SE Gainesville, GA 30501 | John M. Phillips, Esq. William K. Walker, Esq. LAW OFFICE OF JOHN M. PHILLIPS, LLC 212 N. Laura Street Jacksonville, FL 32202 Email: jphillips@floridajustice.com Email: william@floridajustice.com Email: melissa@floridajustice.com |
| Inez Phillips, Susan Phillips and Jessi Phillips Pearson, Executor of the Estate of Robert Phillips v. The Jackson County School District, Bowen & Watson, Inc., Carroll Daniel Construction Co. and Simpson Trucking and Grading, Inc.<br><br>2020CV001992<br><br>Our File No. 853.0019 | Honorable Clint G. Bearden Judge, Superior Court of Hall County 225 Green Street, SE Gainesville, GA 30501 | Larry E. Stewart, Esq. LARRY E. STEWART & ASSOCIATES 485 South Perry Street, Suite B Lawrenceville, GA 30046 Email: lstewartpc@bellsouth.net<br><br>L. David McCollum, Esq. Daniel Wolcott, Esq. FREEMAN MATHIS & GARY, LLP 100 Galleria Parkway, Suite 1600 Atlanta, GA 30339 Email: david.mccollum@fmglaw.com Email: dswolcott@fmglaw.com<br><br>C. Bradford Marsh, Esq. Myrece R. Johnson, Esq. Jeffrey S. Adams, Esq. SWIFT, CURRIE, McGHEE & HIERS, LLP 1420 Peachtree Street, NE Suite 800 Atlanta, Georgia 30309 Email: brad.marsh@swiftcurrie.com Email: myrece.johnson@swiftcurrie.com Email: jeff.adams@swiftcurrie<br><br>Martin A. Shelton, Esq. R. Scott Masterson, Esq. LEWIS BRISBOIS BISGAARD & SMITH, LLP 600 Peachtree Street, N.E. Suite 4700 Atlanta, GA 30308 Email: Martin.shelton@lewisbrisbois.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | Email:<br>Scott.Masterson@lewisbrisbois.com |
| **Superior Court of Haralson County** | **Judge** | **Opposing Counsel** |
| Wanda Carter v. Ulrick Hutcherson, Individually and as an Agent and Employee of Wayne Davis Concrete Co., Wayne Davis Concrete Co.<br><br>SUCV2021000452<br><br>Our File No. 4485.0023 | Honorable Andrew Roper<br>Judge, Superior Court of Haralson County<br>PO Box 155<br>Tallapoosa, Georgia 30176 | Barton H. Goode, Esq.<br>KENNETH S. NUGENT, PC<br>4227 Pleasant Hill Rd.<br>Building 11, Suite 300<br>Duluth, Georgia 30096<br>Email:<br>bgoode@attorneykennugent.com<br>Email: ktowe@attorneykennugent.com |
| Lonnie Clay Daniell and Elise Diane Daniell v. Darel Dean Grissom; Wayne Davis Concrete Co.; John Doe; Jane Doe; ABC Corporation; and XYZ Corporation<br><br>SUCV2021000237<br><br>Our File No. 4485.0015 | Honorable Meng Lim<br>Judge, Superior Court of Haralson County<br>4485 Georgia Highway 120<br>P.O. Box 849<br>Buchanan, GA 30113 | John W. Sherrod, Esq.<br>Stephanie R. Thompson, Esq.<br>8470 Price Avenue<br>P.O. Box 1154<br>Douglasville, GA 30133-1154<br>Email:<br>jsherrod@sherrodandbernard.com<br>Email:<br>sthompson@sherrodandbernard.com |
| Joey Puckett v. Jose Mosqueda and Wayne Davis Concrete Co.<br><br>SUCV2022000007<br><br>Our File No. 4485.0021 | Honorable Mark H. Murphy<br>Haralson Superior Court<br>Polk County Courthouse, Room 105<br>100 Prior Street<br>Cedartown, GA 30125 | J. Harmon Groves<br>John G. Winkenwerder<br>H. GROVES LAW, LLC<br>3005 Peachtree Rd NE, Suite 1202<br>Atlanta, Georgia 30305<br>Email: harmon@hgroveslaw.com<br>Email: john@hgroveslaw.com |
| **State Court of Henry County** | **Judge** | **Opposing Counsel** |
| Tammy Darlene Spraggins v. Brian Andrew Cheatwood, Creative Multicare, LLC, et al<br><br>STSV2022000596<br><br>Our File No. 853.0038 | Honorable Vincent A. Lotti<br>Judge, State Court of Henry County<br>One Judicial Center, Suite 330<br>44 John Frank Ward Boulevard<br>McDonough, GA 30253 | Kenneth R. Bernard, Jr., Esq.<br>Stephanie R. Thompson, Esq.<br>Sherrod & Bernard, P.C.<br>8470 Price Avenue (30134)<br>P.O. Box 1154<br>Douglasville, Georgia 30133-1154<br>Email:<br>kbernarnd@sherrodandbernard.com<br>Email:<br>sthompson@sherrodandbernard.com<br><br>W. Dale Ellis Jr., Esq.<br>LYNN LEONARD & ASSOCIATES<br>2400 Century Parkway<br>Suite 200<br>Atlanta, GA 30345<br>Email: dale.ellis@statefarm.com |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| State Court of Houston County | Judge | Opposing Counsel |
|---|---|---|
| Kenneth Calhoun v. The Kroger Co.<br><br>2021-V-53123<br><br>Our File No. 3558.0494 | Honorable Jason E. Ashford<br>Judge, State Court of Houston County<br>202 Carl Vinson Pkwy<br>Warner Robins, GA 31088 | David T. Dorer, Esq.<br>DOZIER LAW FIRM, LLC<br>327 Third Street<br>P.O. Box 13<br>Macon, GA 31202<br>Email: dorer@dozierlaw.com |
| **Superior Court of Laurens County** | **Judge** | **Opposing Counsel** |
| Reginald Bloodsaw v. Envolve Community Management, LLC f/k/a Ledic Realty Company, LLC, a foreign limited liability corporation, Oconee Park Partners, LP, a Georgia limited partnership, and John Does Nos. 1 through 5<br><br>21-CG-0506-DG<br><br>Our File No. 3524.0002 | Honorable Donald W. Gillis<br>Judge, Superior Court of Laurens County<br>101 North Jefferson Street<br>Suite #2<br>Dublin, GA 31021 | Melvin L. Hewitt, Jr., Esq.<br>Hilary W. Hunter, Esq.<br>Richard J. Crowson, Esq.<br>Mary T. Minter, Esq.<br>ISENBERG & HEWITT, P.C.<br>600 Embassy Row<br>Suite 150<br>Atlanta, GA 30328<br>Email: mel@isenberg-hewitt.com<br>Email: hilary@isenberg-hewitt.com<br>Email: rick@isenberg-hewitt.com |
| Connie Mack v. Chaolma Hotels, LLC; Jai Jalabapa Jai Jalaram, LLC, et al.<br><br>22-CG-0309-DG<br><br>Our File No. 3230.0004 | Honorable Donald W. Gillis<br>Judge, Superior Court of Laurens County<br>P.O. 2015<br>Dublin, GA 31040 | William J. Degenhart, Esq.<br>MORGAN & MORGAN<br>25 Bull Street<br>Savannah, GA 31401<br>Email: wdegenhart@forthepeople.com |
| **Superior Court of Lee County** | **Judge** | **Opposing Counsel** |
| Margaret Hardin v. DDT Properties, Inc.<br><br>22CV00034RS<br><br>Our File No. 3011.0015 | Honorable R. Rucker Smith<br>Judge, Superior Court of Lee County<br>P.O. Box 784<br>Americus, GA 31709 | Michael Johnson, Esq.<br>FOY & ASSOCIATES, P.C.<br>3343 Peachtree Road, NE<br>Suite 350<br>Atlanta, GA 30326<br>Email: mbauer@johnfoy.com |
| **State Court of Muscogee County** | **Judge** | **Opposing Counsel** |
| Hundley v. Rusty Abernathy and Rusty's Floor Covering, Inc.<br><br>SC 2020 CV 676<br><br>Our File No. 16000.0618 | Honorable Ben Richardson<br>Judge, State Court of Muscogee County<br>100 E 10th Street<br>Columbus, GA 31901 | Neal J. Callahan, Esq.<br>WALDREP, MULLIN & CALLAHAN, LLC<br>111 Twelfth Street<br>Suite 300<br>Post Office Box 351<br>Columbus, GA 31902-0351<br>Email: njc@waldreplullin.com |
| **Superior Court of Muscogee County** | **Judge** | **Opposing Counsel** |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| Jacqueline Fryer, as Guardian and Conservator for Bruce Roberts, an incapacitated person v. Containers by Reaves, LLC; GFL Everglades Holdings, LLC; GFL Environmental Services USA, INC.; Michael W. Williams; Fictitious Defendants A, B, C, D, E, & F<br><br>SU2022CV000417<br><br>Our File No. 4468.0012 | Honorable Bobby G. Peters<br>Judge, State Court of Muscogee County<br>100 10th Street<br>Government Center<br>Columbus, Georgia, 31901 | Barbara H. Agricola, Esq.<br>AGRICOLA LAW, LLC<br>127 South 8th Street<br>Opelika, AL 36801<br>Email: barbara@agricolalaw.com |
| **Superior Court of Newton County** | **Judge** | **Opposing Counsel** |
| Devan Miller v. DBN Management GROUP, LLC d/b/a Aqua-Terra Recycling & Treatment<br><br>SUCV2022000372<br><br>Our File No.: 4468.0009 | Honorable W. Kendall Wynne, Jr.<br>Judge, Superior Court of Newton County<br>Judge Horace J. Johnson, Jr. Judicial Center<br>1132 Usher Street, Room 210<br>Covington, GA 30014 | Ben C. Brodhead, Esq.<br>Ashley B. Fournet, Esq.<br>Michael Arndt, Esq.<br>BRODHEAD LAW, LLC<br>3350 Riverwood Parkway<br>Suite 2230<br>Atlanta, GA 30339<br>Email: Ben@brodheadlaw.com<br>Email: Ashley@brodheadlaw.com<br>Email: Michael@brodheadlaw.com<br><br>Evan T. Rosenberg, Esq.<br>MORGAN & MORGAN, PLLC<br>191 Peachtree Street, NE<br>Suite 4200<br>Atlanta, GA 30303<br>Email: erosenberg@forthepeople.com |
| Michael Valles v. The Kroger Company and Joshua Kemp<br><br>SUCV2021001939<br><br>Our File Number: 3558.0507 | Honorable John M. Ott<br>Judge, Superior Court of Newton County<br>Walton County Government Building<br>303 S. Hammond Drive, Suite 221<br>Monroe, Georgia 30655 | Jonathan P. Sexton, Esq.<br>Sexton Law Firm<br>124 Atlanta Street<br>McDonough, GA 30253<br>Email: jsexton@sextonlawfirm.com |
| **Superior Court of Paulding County** | **Judge** | **Opposing Counsel** |
| Dana Bowen v. Target Corporation<br><br>21-CV-001728-P2<br><br>Our File Number: 4200.0025 | Honorable Dean C. Bucci<br>Judge, Superior Court of Paulding County<br>Paulding County Superior Courthouse<br>280 Constitution Blvd, #1023<br>Dallas, GA 30132 | W. Darrin Keaton, Esq.<br>ALLEN TURNER LAW<br>The Historic Henderson House<br>200 E. Memorial Drive, Suite 12<br>Dallas, GA 30132<br>Email: darrin@allenturnerlaw.com |
| **Superior Court of Pulaski County** | **Judge** | **Opposing Counsel** |
| Brandice Carter and Jeleyia Thompson, a minor by and through her next friend Brandice Carter v. Children's World Learning Center | Honorable C. Michael Johnson<br>Judge, Superior Court of Pulaski County<br>350 Commerce Street<br>Hawkinsville, GA 31036 | F. Leonard Morris, Jr. Esq.<br>THE LAW OFFICES OF F.<br>LEONARD MORRIS, JR.<br>P.O. Box 7409 |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| 2019V-15760J<br><br>Our File No. 3011.0001 | | Tifton, GA 31793<br>Email: morislaw@friendlycity.net |
| **State Court of Rockdale County** | **Judge** | **Opposing Counsel** |
| Demetra Young v. RS LSJ, LLC, Realsource Management LLC, & John Does 1-3<br><br>2022-SV-2166<br><br>Our File No. 3524.0011 | Honorable Richard R. Read<br>Judge, State Court of Rockdale County<br>922 Court Street<br>Room 107<br>Conyers, Georgia 30012 | Sara R. Landeryou, Esq.<br>Harlan H.F. Wood, Esq.<br>WOOD CRAIG MILLER, LLC<br>3520 Piedmont Road, NE, Suite 280<br>Atlanta, Georgia 30305<br>Email: harlan@woodcraig.com<br>Email: sara@woodcraig.com<br>Email: roshni@woodcraig.com |
| **State Court of Spalding County** | **Judge** | **Opposing Counsel** |
| Lewis Bennett v. James J. Evans, Transcontinental Carriers, Inc., Occidental Fire & Casualty Company of North Carolina, and John Does 1-5<br><br>20SV-302<br><br>Our File No. 3755.0002 | Honorable Josh W. Thacker<br>Judge, State Court of Spalding County<br>P.O. Box 843<br>Griffin Ga 30224 | Charles Scholle, Esq.<br>Annette S. Malena, Esq.<br>SCHOLLE LAW<br>6340 Sugarloaf Parkway, Suite 150<br>Duluth, Georgia 30097<br>Email: cscholle@schollelaw.com<br>Email: amalena@schollelaw.com<br><br>Kathryn B. Robertson, Esq.<br>Roger Harris, Esq.<br>SWIFT, CURRIE, MCGHEE & HIERS, LLP<br>1420 Peachtree Street, NE<br>Suite 800<br>Atlanta, Georgia 30309<br>Email: katy.robertson@swiftcurrie.com<br>Email: roger.harris@swiftcurrie.com<br><br>Jon C. Wolfe, Esq.<br>CHAMBLESS HIGDON<br>RICHARDSON KATZ GRIGGS<br>P.O. Box 18086<br>Macon, GA 31209-8086<br>Email: cwolfe@chrkglaw.com |
| **State-Wide Business Court** | **Judge** | **Opposing Counsel** |
| Great American Insurance Company of New York v. Starr Surplus Lines Insurance Company<br><br>21-GSBC-0006<br><br>Our File No. 3750.0012 | Honorable Bill Hamrick<br>Judge, Georgia State-Wide Business Court<br>Nathan Deal Judicial Center<br>330 Capitol Avenue, S.E., Suite 3500<br>Atlanta, GA 30334 | James Ruggeri, Esq.<br>Sarah Hunkler, Esq.<br>SHIPMAN & GOODWIN<br>1875 K St NW #600<br>Washington, DC 20036<br>Email: jruggeri@goodwin.com<br>Email: shunkler@goodwin.com<br><br>Frank C. Bedinger, Esq. |

**Matthew G. Moffett, Esq.**
**Leave of Absence - Exhibit A**
*Cases Listed by Court and Alphabetically*

| | | |
|---|---|---|
| | | Carl H. Anderson, Jr., Esq.<br>303 Peachtree Street, N.E.<br>Suite 4000<br>Atlanta, GA 30308-3243<br>Email: fbedinger@hpylaw.com<br>Email: canderson@hpylaw.com<br><br>Christopher Carroll, Esq.<br>KENNEDYS LAW<br>120 Mountainview Blvd<br>Basking Ridge, NJ 07920<br>Email:<br>Christopher.Carroll@kennedyslaw.com |
| **Superior Court of Whitfield County** | **Judge** | **Opposing Counsel** |
| Vansh Vihaan, LLC v. Dalton GA Hotels, LLC, Ascent Hospitality Management Co., LLC,<br>Paul Haney Construction, Inc.,<br>Ioan Tampa aka John Tampa and Allied Underground Services, LLC and Paul Haney Construction, Inc. v. Allied Underground Services, LLC v. Stearns Bank, National Association<br><br>18CI1448<br><br>Our File No.: 16000.0588 | Honorable Jim Wilbanks<br>Judge, Superior Court of Whitfield County<br>Courtroom 3<br>P.O. Box 6127<br>Dalton, GA 30722-6127 | David L. Rusnak Esq.<br>DREW ECKL & FARNHAM, LLP<br>303 Peachtree St. NE<br>Suite 3500<br>Atlanta, GA 30308<br>Email: rusnakd@deflaw.com<br><br>Robert G. McCurry, Esq.<br>THE MCCURRY LAW FIRM, LLC<br>P.O. Box 6188<br>Dalton, GA 30722-6124<br>Email: rmccurry@mccurrylaw.com<br><br>April Rich, Esq.<br>LAW OFFICES OF MCLAUGHLIN & REAM<br>P.O. Box 7217<br>London, KY 40742<br>Email:<br>mclaughlinelectronicmail@libertymutual.com<br><br>R. Leslie Waycaster, Esq.<br>R. LESLIE WAYCASTER, JR, P.C.<br>P.O. Box 628<br>Dalton, GA 30722<br>Email: leslie@waycaster-law.com<br><br>Clyde X. Copeland III, Esq.<br>JERNIGAN COPELAND ATTORNEYS, PLLC<br>P.O. Box 2249<br>Madison, MS 39130<br>Email: ccopeland@jcalawfirm.com<br><br>Avery S. Jackson, Esq.<br>TISINGER VANCE, P.C.<br>100 Wagon Yard Plaza<br>Carrollton, Georgia 30117<br>Email: ajackson@tisingervance.com |

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-00147-S3**
**3/17/2023 6:01 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Patricia Bostick and Johnny Thompson, in Their Individual Capacities as Surviving Children of Patricia Thompson, and Patricia Bostick, as the Executor of the Estate of Patricia Thompson,, <br><br> Plaintiffs, <br><br> v. <br><br> Roberta Operator, LLC d/b/a Roberta Health and Rehab, Mission Health of Georgia, LLC d/b/a Roberta Health and Rehab, and John Does Nos. 1-10, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

CIVIL ACTION
FILE NO.  23-C-00147-S3

### <u>DEFENDANTS' RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS</u>

THIS IS TO CERTIFY that pursuant to Uniform Rule of State Court 5.2 I have this day served a copy of the following discovery document in the above-styled action:

1. ***DEFENDANT MISSION HEALTH, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS;***

2. ***DEFENDANT MISSION HEALTH, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'FIRST INTERROGATORIES;***

3. ***DEFENDANT MISSION HEALTH, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS;***

4. ***DEFENDANT ROBERTA OPERATOR, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS;***

5. ***DEFENDANT ROBERTA OPERATOR, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'FIRST INTERROGATORIES;***

6. ***DEFENDANT ROBERTA OPERATOR, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS;***

upon all parties via electronic mail and/or by depositing a copy in the U.S. Mail with adequate postage affixed thereto, addressed as follows:

**Lindsay Simmons**
**David Dozier**
**Dozier Law Firm, LLC**
**487 Cherry Street**
**Macon, Georgia 31201**

Dated this 17th day of March, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:      (404) 870-7445
Facsimile:      (404) 870-1030

*/s/ Sean T. Herald*
Matthew G. Moffett
Georgia State Bar No.:  515323
Sean T. Herald
Georgia State Bar No.:  246729
*Attorneys for Defendants Roberta Operator,*
*LLC d/b/a Roberta Health and Rehab, and*
*Mission Health of Georgia, LLC d/b/a Roberta*
*Health and Rehab*