IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KYLE LEWIS, | ) | |
|     Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| IMMUCOR, INC., | ) | |
|     Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Kyle Lewis, by and through undersigned counsel, and hereby files suit against Defendant, Immucor, Inc., showing the Court as follows:

### Introduction

1. This is an action for disability discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA") and for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

### Parties

2. Plaintiff is a United States citizen and resident of the State of Georgia.

3. Plaintiff is male.

4. Defendant is a Georgia corporation with its principal place of business in Gwinnett County, Georgia.

5. At all relevant times, Defendant employed fifteen (15) or more employees for the purposes of the ADA.

6. At all relevant times, Defendant employed fifteen (15) or more employees for the purposes of Title VII.

## Jurisdiction and Venue

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises under the ADA.

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count II of this Complaint, which arises under the ADA.

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count III of this Complaint, which arises under Title VII.

10. Venue is appropriate in this Court because the acts or omissions giving rise to these claims occurred within the Atlanta Division of the Northern District of Georgia.

11. Venue is appropriate in this Court because Defendant resides in the Atlanta Division of the Northern District of Georgia as defined in 28 U.S.C. § 1391.

## Statement of Facts

12. Plaintiff began working for Defendant on or about October 12, 2021.

13. Plaintiff worked as a Red Blood Cell Processing Technologist.

14. Plaintiff's direct supervisor was Madonna Day.

15. Day is female.

16. Plaintiff was also supervised by Danny Noellert.

17. Noellert is male.

18. Plaintiff never received performance counseling or discipline from Defendant.

19. While Plaintiff was working in his role, he also regularly assisted other departments when they needed help.

20. Because of Plaintiff's assistance at other departments, Plaintiff was able to perform the duties of multiple positions.

21. Plaintiff regularly assisted the VLP department, under the supervision of Mariella Torres.

22. Torres is female.

23. On or around March 7, 2022, Plaintiff experienced difficulty with his vision.

24. On or around March 8, 2022, Plaintiff was diagnosed with macular detachment.

25. In one eye, Plaintiff's macula was semi-detached.

26. In the other eye, Plaintiff's macula was fully detached.

27. Plaintiff was scheduled for surgery on March 11, 2022.

28. Some of the effects on Plaintiff's vision were expected to last more than six months in the eye wherein the macula was fully detached.

29. The effects on Plaintiff's vision did last more than six months in the eye wherein the macula was fully detached.

30. Plaintiff's condition substantially affected the major life activity of seeing.

31. Plaintiff was expected to have difficulty performing the duties of his normal position for approximately two weeks after surgery.

32. After approximately two weeks following surgery, Plaintiff could see well enough to perform his ordinary duties.

33. Plaintiff informed Pat Martin with Defendant's Human Resources ("HR") Department of his eye problems.

34. Plaintiff requested to be temporarily reassigned to the VLP Department.

35. A position in VLP would have accommodated Plaintiff's difficulties with vision.

36. The VLP Department was short-staffed.

37. Torres confirmed that Plaintiff could work in VLP.

38. Torres confirmed that a position was available for Plaintiff in VLP.

39. Plaintiff was notified by HR that he was not allowed to be temporarily reassigned to VLP.

40. Plaintiff was required to use his accrued paid time off (PTO) while waiting for and recovering from surgery.

41. Plaintiff's surgeon rescheduled Plaintiff's surgery to March 17, 2022.

42. Plaintiff's PTO ran out on March 14, 2022.

43. Plaintiff was terminated on March 14, 2022.

44. Noellert informed Plaintiff that Plaintiff was being terminated because the company could not accommodate additional leave for Plaintiff.

45. Plaintiff again requested temporary reassignment.

46. Noellert confirmed that the company would not temporarily reassign Plaintiff.

47. A female employee named Valerie had been temporarily reassigned when she suffered an injury.

48. Valerie's reassignment was at least as long as the time Plaintiff requested reassignment.

49. Both Valerie and Plaintiff reported to Noellert.

50. Plaintiff timely filed with the Equal Employment Opportunity Commission on April 25, 2022.

51. Plaintiff received his Notice of Right to Sue, which was dated February 7, 2023.

## Count I:  Failure to Accommodate Disability Discrimination (ADA)

52. Plaintiff reasserts and incorporates Paragraphs 1 through 51 as if fully set forth herein.

53. Defendant is a covered employer under the ADA, as shown in Paragraph 5.

54. Plaintiff was a qualified individual with a disability, as shown in Paragraphs 18 and 23-32.

55. Plaintiff requested an accommodation of temporary reassignment, as shown in Paragraph 34.

56. Plaintiff's requested accommodation was reasonable, as shown in Paragraphs 35-38.

57. Plaintiff was qualified for the position to which he requested temporary reassignment.

58. The position to which Plaintiff requested temporary reassignment was available.

59. Alternatively, additional leave of less than a month would have reasonably accommodated Plaintiff.

60. Defendant did not engage in an interactive process with Plaintiff to discuss reasonable accommodations.

61. Defendant instead required Plaintiff to use all of his PTO and terminated Plaintiff when his PTO ran out.

62. Defendant refused to even consider accommodating Plaintiff.

63. As a result of Defendant's violation of the ADA, Plaintiff is entitled to recover lost wages and benefits plus interest, reinstatement or front pay, general compensatory damages, punitive damages, attorney fees, and litigation costs.

## **Count II Retaliation (ADA)**

64. Plaintiff reasserts and incorporates Paragraphs 1 through 63 as if fully set forth herein.

65. Defendant is a covered employer under the ADA, as shown in Paragraph 5.

66. Plaintiff engaged in protected activity by requesting a reasonable accommodation, as shown in Paragraphs 34 and 45.

67. Plaintiff suffered the adverse action of termination.

68. Plaintiff's termination occurred within a week of his protected activity.

69. The close temporal proximity between the protected activity and adverse action implies causation.

70. Defendant's alleged non-discriminatory business reason for terminating Plaintiff is pretextual.

71. As a result of Defendant's actions, Plaintiff is entitled to recover lost wages and benefits plus interest, reinstatement or front pay, general compensatory damages, punitive damages, attorney fees, and litigation costs.

## Prayer for Relief

WHEREFORE Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendant violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for reinstatement or front pay, back pay plus interest, compensatory damages for emotional distress and harm to reputation, punitive damages, attorney fees, and litigation costs; and

D. For any such other and further relief as the Court deems proper and just. This 8th day of May, 2023.

Respectfully submitted,

**BARRETT & FARAHANY**

*s/ V.  Severin Roberts*
V. Severin Roberts
Georgia Bar No. 103184
*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, GA 30353-0092
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

This 8th day of May, 2023.

                                                Respectfully submitted,

                                                **BARRETT & FARAHANY**

                                                *s/ V. Severin Roberts*
                                                V. Severin Roberts
                                                Georgia Bar No. 103184
                                                *Attorney for Plaintiff*

## FONT AND POINT CERTIFICATION

The undersigned counsel for Plaintiff certifies that the within and foregoing **COMPLAINT** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 8th day of May, 2023.

                                                                    Respectfully submitted,

                                                                     **BARRETT & FARAHANY**

                                                                     *s/ V. Severin Roberts*
                                                                     V. Severin Roberts
                                                                     Georgia Bar No. 103184
                                                                     *Attorney for Plaintiff*