# EXHIBIT 4

# THIRD AMENDMENT
# TO
# AMENDED AND RESTATED EMPLOYMENT AGREEMENT

This Third Amendment to Amended and Restated Employment Agreement (the "Third Amendment") is effective July 21, 2017 (the "Amendment Effective Date"), by and between Ascension Insurance, Inc., a Delaware corporation ("Employer"), and Todd Bryant ("Executive") (each a "Party" and together, the "Parties").

WHEREAS, Executive has been employed by Employer prior to the Amendment Effective Date pursuant to the Amended and Restated Employment Agreement dated December 14, 2012, as amended by that certain First Amendment to the Amended and Restated Employment Agreement effective January 1, 2014 ("First Amendment"), and that certain Second Amendment to the Amended and Restated Employment Agreement effective January 1, 2017 ("Second Amendment");

WHEREAS, such Amended and Restated Employment Agreement, as so amended by the First Amendment and the Second Amendment, shall be referred to herein as the "Agreement" and, unless otherwise indicated in this Third Amendment, other capitalized terms used but not otherwise defined in this Third Amendment shall have the meanings ascribed to such terms in the Agreement;

WHEREAS, (1) Executive delivered to Employer a written notice dated January 27, 2017 stating Executive's intent not to extend the Agreement beyond the expiration date of February 28, 2017 (the "Notice"), (2) Executive sent to Jon Cooper of Employer an email notice on February 28, 2017 rescinding the Notice and stating that Executive's employment with Employer will continue and that the Agreement remains in effect ("Executive's Email"), and (3) Jon Cooper, on behalf of Employer, sent a reply email to Executive on February 28, 2017, accepting Executive's Email as notice of rescission and agreeing that Executive's employment with Employer shall continue and that the Agreement remains in effect; and

WHEREAS, Employer and Executive now desire to amend the Agreement further as set forth in this Third Amendment;

NOW, THEREFORE, in consideration of continued employment by Employer under the terms and conditions of the Agreement, as amended by this Third Amendment, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. The recitals provided for above are incorporated herein as material terms of this Third Amendment.

2. The Parties agree that the Notice was rescinded and is of no force and effect and that Executive's employment under the Agreement has continued uninterrupted since the Employment Effective Date.

3. As of the Amendment Effective Date, Section 2 of the Agreement, as such Section 2 was previously amended, is deleted in its entirety and is replaced by the following new Section 2:

2. *Employment Period.* Subject to earlier termination pursuant to Section 5 of this Agreement, the employment relationship hereunder shall continue from the Employment Effective Date until the closing of a Capital Event (the "*Initial Employment Period*") and shall extend after the Initial Employment Period for successive one (1) year periods thereafter (each such one-year period thereafter ending on an anniversary of the closing of the Capital Event), unless either Party shall have given not less than thirty (30) days written notice to the other Party prior to the expiration of the Initial Employment Period or extended one-year period that it does not wish to extend the Employment Period. If such notice is given, this Agreement shall terminate as of the last day of the Initial Employment Period or extended one-year period to which the notice relates. As used in this Agreement, the "*Employment Period*" shall refer

to the period beginning on the Employment Effective Date and ending on the date Executive's employment terminates in accordance with this Section 2 or with Section 5.

4. As of the Amendment Effective Date, Section 4.6 of the Agreement is deleted in its entirety and is replaced by the following new Section 4.6:

    4.6    *Modifications by Employer.* After the Amendment and Restatement Date and prior to the closing of a Capital Event, without Executive's prior written consent, Employer shall not reduce: the Executive's Existing Book of Business Commissions below 38% (below 35% until December 31, 2012), the Executive's New Business Commissions below 40%, the Expense Cap, or the VAS Cap. After the closing of a Capital Event, prior to any reduction in Executive's Existing Book of Business Commissions below 38%, Executive's New Business Commissions below 40%, the Expense Cap, or the VAS Cap, Employer agrees to have one or more discussions with Executive regarding the contemplated reduction(s) and any Capital Event planning, business unit compensation restructuring, lender or investor demands, profitability improvement strategies, changes in market conditions, implementation of strategic plans, or other reason(s) for the contemplated reduction(s). Employer further agrees to provide Executive an opportunity, reasonable under the circumstances, to provide input to Employer with respect to such reduction(s) and the reason(s) therefor before any reduction is implemented.

5. As of the Amendment Effective Date, Clause (v) of Section 5.2(a), as such Section 5.2(a) was previously amended, is deleted in its entirety and is replaced by the following new clause (v):

(v) a severance amount, payable in installments in accordance with the customary payroll practices of the Employer, equal to the Monthly Base Rate in effect as of the date of termination for a period of twelve (12) months following the date of termination (the "*Severance*").

6. As of the Amendment Effective Date, Section 5.6 of the Agreement is deleted in its entirety and is replaced by the following new Section 5.6:

    5.6    *Definiton of Cause.* For purposes of this Agreement, the term "*Cause*" means (i) the commission of a felony or a crime involving moral turpitude or the commission of any other act or omission involving dishonesty or fraud with respect to the Employer or its parent, subsidiaries or affiliates or any of their referral sources; (ii) gross negligence or willful misconduct with respect to the Employer or its parent, subsidiaries or affiliates; (iii) conduct tending to bring the Employer or its parent, subsidiaries or affiliates into substantial public disgrace or disrespect; or (iv) any breach of this Agreement, material or otherwise, which breach is not cured within 30 days after written notice thereof by Employer to Executive.

7. Without limiting any other provision of the Agreement or this Third Amendment, Executive hereby expressly reaffirms as of the Amendment Effective Date the covenants and commitments set forth in Section 6 of the Agreement. Executive acknowledges and agrees that such covenants and commitments are reasonable and necessary for the protection of Employer and are an essential inducement to Employer to enter into this Third Amendment and continue to employ Executive as of the Amendment Effective Date.

8. This Third Amendment amends the Agreement pursuant to Section 7.4 of the Agreement. Executive and Employer acknowledge and agree that any and all terms and conditions of the Agreement not specifically amended by this Third Amendment shall remain in full force and effect and are not superseded by this Third Amendment. The Agreement remains in full force and effect, as amended by this Third Amendment. In the event that any provision in this Third Amendment conflicts with the Agreement or any other agreement, policy, plan or arrangement between Executive and Employer, the terms of this Third Amendment shall govern.

9.      This Third Amendment may be executed in counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument. Facsimile or electronic signatures shall be as valid as original signatures.

*[Remainder of this page intentionally left blank; Signature page follows.]*

IN WITNESS WHEREOF, the parties hereto intending to be legally bound hereby, have executed this Third Amendment as of the Amendment Effective Date.

Ascension Insurance, Inc.

*[signature: Joseph L. Tatum]*

Name: JOSEPH L. TATUM JR.
Title: PRESIDENT & CEO

Todd Bryant

*[signature]*