## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

JTH TAX LLC, d/b/a LIBERTY TAX
SERVICE,

                 Plaintiff,

     vs.

KIMBERLY P. SHAW; DOUGLAS SHAW;
KAPDAS TAX SERVICES, LLC;
INNOVATIVE FINANCIAL STRATEGIES,
LLC, f/k/a KAPDAS HOLDINGS, LLC.,
each individually and d/b/a Accounting and
Taxes,

                 Defendants.

Case No.

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff JTH Tax, LLC d/b/a Liberty Tax Service ("Liberty"), by and through its undersigned attorneys, for its Verified Complaint for Injunctive Relief and Damages against Defendants Kimberly P. Shaw ("Kimberly Shaw"), Douglas Shaw ("Douglas Shaw"), KAPDAS Tax Services, LLC ("KAPDAS"), and Innovative Financial Strategies, LLC f/k/a KAPDAS HOLDINGS, LLC ("Innovative"), (collectively, "Defendants") alleges as follows:

1.     On June 2, 2010, KAPDAS, through Kimberly Shaw, executed a Franchise Agreement with Liberty. The individual defendant, Ms. Shaw owns and controls KAPDAS Tax Services, LLC, and personally agreed to perform all the

obligations under the Agreements, including without limitation all obligations related to the covenants not to compete, covenants not to solicit, and confidentiality obligations.  Ms. Shaw also is personally bound as a guarantor of KAPDAS' obligations under the Franchise Agreement.

2.      In accordance with the Franchise Agreement, for approximately twelve years KAPDAS operated a franchise business and was the sole owner of a Liberty Tax Service® franchise location within a twenty-five mile designated territory in and around Stockbridge, Georgia (the "Territory"),

3.      In entering into the Franchise Agreement, KAPDAS and Kimberly Shaw both agreed to, inter alia, or a period of two years following the termination or expiration of the Franchise Agreement, not to directly or indirectly prepare tax returns or solicit former Liberty customers within a twenty-five miles of the Territory (see id. §§ 10(b), 10(d)).

4.      The Franchise Agreement was terminated in November of 2021 following Liberty's discovery of numerous breaches of the Franchise Agreement by KAPDAS and Kimberly Shaw.

5.      Since the termination of the Franchise Agreement, Kimberly Shaw, acting in concert with Defendants Douglas Shaw and Innovative, and in express violation of Section 10(b)'s two-year, twenty-five mile post-termination covenant not to compete, has continued to operate a tax preparation businesses in competition

2

with Liberty both at the former Liberty location identified in the Franchise Agreement, and at other locations within twenty-five miles of the Territory.

## THE PARTIES

6.     Liberty is a Delaware limited liability company with its principal place of business at 2378 Liberty Way, Virginia Beach, Virginia 23456.  For jurisdictional purposes, none of Liberty's members are domiciled in Georgia.

7.     Kimberly Shaw is a resident of Georgia, with a last known residence at 475 Brook Hollow Drive, McDonough, GA 30252.

8.     Upon information and belief, Douglas Shaw is Kimberly Shaw's husband and is a resident of Georgia, residing at 475 Brook Hollow Drive, McDonough, GA 30252.

9.     KAPDAS is a Georgia limited liability company with its principal place of business at 475 Brook Hollow Drive, McDonough, GA 30252.

10.    At all relevant times, Kimberly Shaw was the owner and president of KAPDAS.

11.    Innovative is a Georgia limited liability company with its principal place of business at 385 Country Club Drive, Suite A, Stockbridge, GA, 30281.

12.    According to the 2020 Innovative Annual Report, Kimberly Shaw is the Organizer of Innovative and Douglas Shaw is the Registered Agent. A true and accurate copy of the 2020 Annual Report is attached hereto as **Exhibit A**.

13.     At all relevant times, Douglas Shaw and Kimberly Shaw were members of Innovative. A true and accurate copy of the KAPDAS Holdings Articles of Incorporation is attached hereto as **Exhibit B**.

## JURISDICTION AND VENUE

14.     This Court has personal jurisdiction over Kimberly Shaw and Douglas Shaw because they are natural persons who are citizens of the State of Georgia.

15.     This Court has personal jurisdiction over KAPDAS because it is a limited liability corporation with a principal place of business in the State of Georgia.

16.     This Court has personal jurisdiction over Innovative because it is a limited liability corporation with a principal place of business in the State of Georgia.

17.     This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Canada; all Defendants are citizens of Georgia; and the amount in controversy exceeds $75,000.

18.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district and a substantial part of the events giving rise to Liberty's claims occurred within this judicial district.

## FACTUAL ALLEGATIONS

### Liberty Franchise System

19.     Liberty, one of the largest tax franchisors in the United States, is the franchisor of Liberty Tax Service® income tax preparation service centers located

throughout the United States, including in Georgia, where Kimberly Shaw and KAPDAS operated a Liberty franchise location.

20.    Liberty owns the registered Liberty Tax Service® trademarks, service marks, logos, and derivations thereof, including *inter alia*, "LIBERTY TAX SERVICE," Reg. No. 2,314,991  "LIBERTY TAX," Reg. No. 2,465,670, and various images of the Statue of Liberty, Reg. Nos. 2,479,692; 3,167,134; and 3,738,741, as follows (collectively, the "Marks").

21.    Pursuant to the terms of its form franchise agreement, Liberty also discloses certain confidential information and trade secrets, including its confidential Operations Manual, methods of operation of franchise, customer information and records, and marketing information (collectively, "Confidential Information"), to franchisees.

22.    Liberty requires that, upon termination, expiration, or nonrenewal of a franchise agreement, the former franchisee will return, and desist from using or disclosing all Liberty Confidential Information.

23.    Liberty has invested substantial time and money in maintaining and improving its franchise system, including, *inter alia*: (1) maintaining and developing service and product quality; (2) developing uniform designs and markings for their services; (3) licensing trademarks and other proprietary information to; and (4) training franchisees.

24.     Based upon Liberty's efforts and development of its franchise system and Confidential Information, Liberty has grown to be one of the largest tax preparation franchises in the United States.

25.     Liberty maintains a nationwide network of locations and tax preparers, with a network of over 21,000 tax preparers.

**Kimberly Shaw's Franchise Agreement**

26.     On June 2, 2010, KAPDAS entered into a franchise agreement with Liberty for the Territory designated as GA304, in and around Stockbridge, Georgia. A true and accurate of the June 2, 2010 franchise agreement ("Franchise Agreement") is attached are as **Exhibit C**.

27.     Kimberly Shaw executed the Franchise Agreement on behalf of KAPDAS as KAPDAS's owner and president. In executing the Franchise Agreement, Kimberly Shaw agreed "to perform all the obligations in and relating to" the Franchise Agreement. *See* Ex. C § 26.

28.     The Franchise Agreement gave KAPDAS and Kimberly Shaw an exclusive territory in which they could operate a Liberty franchise (GA304), as well as other benefits.

29.     For approximately twelve years, KAPDAS and Kimberly Shaw operated a tax preparation business under the Franchise Agreement at 1465 Hudson

Bridge Rd., Suite 111, Stockbridge, GA, 30281 ("Hudson Bridge Rd. Franchise Location").

30.     The phone number for the Hudson Bridge Rd. Franchise Location s was (678) 814-4507.

31.     On February 4, 2016, KAPAS, through Kimberly Shaw, renewed their Franchise Agreement with Liberty. A true and accurate of the February 4, 2016 Renewal is attached as **Exhibit D**.

32.     On August 9, 2018, Kimberly Shaw filed a Certificate of Amendment changing the name of KAPDAS HOLDINGS, LLC to Innovative Financial Strategies, LLC. A true and accurate copy of the Certificate of Amendment is attached here as **Exhibit E**.

**Shaw and KAPDAS's Obligations under the Franchise Agreement**

33.     In exchange for Liberty's grant of a franchise allowing them to "operate a tax return preparation business using Liberty's system and Liberty's Marks within the [T]erritory," KAPDAS and Kimberly Shaw agreed to certain obligations while operating under the Franchise Agreement, as well as post-termination. *See* Ex. D, § 1.

34.     Pursuant to the Franchise Agreement, Liberty provided KAPDAS and Kimberly Shaw with training in franchise operation, marketing, advertising, sales, and business systems. KAPDAS and Kimberly Shaw also received a copy of

Liberty's confidential operating, marketing, and advertising materials, which are not available to the public or to anyone who is not part of Liberty's business system. KAPDAS and Kimberly Shaw agreed to keep these materials confidential in perpetuity, including following the termination or expiration of the Franchise Agreement.

35.     In Section 4(d) of the Franchise Agreement, KAPDAS and Kimberly Shaw agreed to pay Liberty certain royalties and fees.

36.     Section 9 of the Franchise Agreement sets forth post-termination obligations, including, *inter alia*, the obligation to immediately: (1) transfer to Liberty all telephone numbers used in relation to the Hudson Bridge Rd. Franchise Location; (2) assign to Liberty (if Liberty elects) any lease related to the Hudson Bridge Rd. Franchise Location; (3) adhere to the Franchise Agreement's post-termination non-competition and non-solicitation covenants; and (4) forever refrain from using Liberty's Confidential Information.

37.     Section 10(a) of the Franchise Agreement is an in-term covenant not to compete, which provides that, during the term of the Franchise Agreement, KAPDAS and Kimberly Shaw agreed "not to directly or indirectly, for a fee or charge, in the United States or Canada, prepare or electronically file income tax returns, or offer Financial Products, except, if applicable, in your capacity as a SiempreTax or Liberty Tax Service franchisee pursuant to a valid SiempreTax or

Liberty franchise agreement." *See* Ex. D.

38.    Section 10(b) of the  Franchise Agreement is a post-termination covenant not to compete, under which KAPDAS and Kimberly Shaw agreed that: "[f]or a period of two (2) years following the termination, expiration, transfer or other disposition of the Franchised Business . . . [they would] not to directly or indirectly, for a fee or charge, prepare or electronically file income tax returns . . . within the Territory or within a twenty-five (25) miles of the boundaries of the Territory." *See* Ex. D.

39.    Section 10(d) of the Franchise Agreement is a non-solicitation covenant, under which KAPDAS and Kimberly Shaw agreed that: "[f]or a period of two (2) years following the termination, expiration, transfer or other disposition of the Franchise Business… [they would] not, within the Territory or within twenty-five (25) miles of the boundaries of the Territory, directly or indirectly solicit any person or entity served by any of [their] prior Liberty offices within the last twelve (12) months that [they were] a Liberty franchisee, for the purpose of offering such person or entity, for a fee or charge, income tax preparation, electronic filing of tax returns, or Financial Products." *Id.*

40.    KAPDAS and Kimberly Shaw also agreed under the Franchise Agreement "not to do any act that is, in Liberty's determination, harmful, prejudicial or injurious to Liberty…" *Id.* at § 10(f).

41.     The in-term non-competition covenant, post-termination non-competition covenant, and non-solicitation covenant contained in Section 10 of the Franchise Agreement are necessary to protect Liberty's legitimate, protectable interest in their respective franchise businesses, including but not limited to:

    a.  Maintaining and protecting Liberty's goodwill and customer loyalty;

    b.  Retaining customer relationships;

    c.  Maintaining and protecting Liberty's customer lists, customer identification, tax returns, and other Confidential Information; and

    d.  Preserving Liberty's ability to facilitate the operation of Liberty franchises where the Franchise Location is currently located.

42.     In Section 10(h) of the Franchise Agreement, KAPDAS and Kimberly Shaw agreed "that the provisions of Section 10 are reasonable, valid and not contrary to the public interest."  To that end, they agreed to "waive all defenses to the strict enforcement of Section 10," and further agreed that "Liberty is entitled to a temporary restraining order, preliminary and/or permanent injunction for any breach of duties under any of the non-monetary obligations of Sections 9 and 10."  *Id.*

43.     In Section 10(i) of the Franchise Agreement, KAPDAS and Kimberly Shaw agreed that "[t]he covenants contained in Section 10 shall survive any termination or expiration of this Agreement."  *Id.*

44.     In Section 12 of the  Franchise Agreement, KAPDAS and Kimberly Shaw acknowledged that information provided by Liberty to them regarding, among other things, Liberty's methods of operation, service and other methods, techniques, formats, specifications, procedures, information, systems, knowledge of and experience in operating and franchising offices, customer information and marketing information was confidential ("Confidential Information"), and was to be used only in connection with the operation of the Hudson Bridge Rd. Franchise Location.  *Id.*

45.     Pursuant to Section 12 of the Franchise Agreement, KAPDAS and Kimberly Shaw agreed "not to directly or indirectly communicate, divulge, or use any Confidential Information for [their] personal benefit or the benefit of any other person or legal entity except as specifically provided by the terms of this Agreement or permitted by Liberty in writing prior to disclosure."  They further agreed that, upon termination of the Franchise Agreement, they would "never use or disclose . . . Liberty's Confidential Information in any manner whatsoever, including, without limitation, in the design, development or operation of any business substantially similar to the Franchised Business."  *Id*.

**Termination of the Franchise Agreement**

46.     In or around September 2021, Liberty learned that KAPDAS and Kimberly Shaw had breached several material terms of the Franchise Agreement by:

1) underreporting the gross receipts of the Hudson Bridge Rd. Franchise Location to Liberty;

11

2)  operating an unapproved business at the Hudson Bridge Rd. Franchise Location in violation of Section 10 of the Franchise Agreement;

3)  failing to maintain the required business hours for the Hudson Bridge Rd. Franchise Location; and

4)  failing to pay monies owed to Liberty. As of the termination date, KAPDAS and Ms. Shaw owed Liberty approximately $93,000, and KAPDAS and Ms. Shaw have not paid Liberty since the termination.

47.     On or about September 27, 2021, Liberty notified KAPDAS and Kimberly Shaw of these breaches and provided them with the opportunity to cure the beaches ("Notices to Cure"). True and accurate copies of the Notices to Cure are attached hereto as **Exhibit F.**

48.     KAPDAS and Kimberly Shaw failed to cure the breaches identified in the Notices to Cure, and did not deny that they committed the breaches.

49.     Liberty terminated the Franchise Agreement on or about November 8, 2021. A true and accurate copy of the termination sent to KAPDAS and Kimberly Shaw ("Termination Notice") is attached hereto as **Exhibit G**.

50.     The Termination Notice reminded KAPDAS and Kimberly Shaw of, *inter alia*, their post-termination obligations to:

a.  refrain from identifying as a current or former franchisee of Liberty;

b.  transfer all telephone numbers used in relation to the Hudson

Bridge Rd. Franchise Location to Liberty;

c.  upon Liberty's request, assign any lease related to the Hudson Bridge Rd. Franchise Location to Liberty;

d.  cease using and forever refrain from using and disclosing Liberty's Confidential Information; and

e.  adhere to the post-termination covenants not to compete and not to solicit.  *See id.*

51.     KAPDAS and Kimberly Shaw have failed breached these post-terminations obligations in violation of the Franchise Agreement.

**Defendants' Breaches of Non-Competition and Non-Solicitation Covenants:**

52.     After termination of the Franchise Agreement, KAPDAS and Kimberly Shaw have failed to assign their interest in the lease for the Hudson Bridge Rd. Franchise Location and have at all times maintained possession and control over the Hudson Bridge Rd. Franchise Location.

53.     After termination of the Franchise Agreement, KAPDAS and Kimberly Shaw have failed to transfer the telephone number for the Hudson Bridge Rd. Franchise Location.

54.     Both before and after termination of the Franchise Agreement, KAPDAS, Kimberly Shaw, and Innovative have offered competing tax preparation services at the Hudson Bridge Rd. Franchise Location in direct competition with

Liberty, including under d/b/a Accounting and Taxes". Photos of the Hudson Bridge Rd. Franchise Location, taken on March 23, 2023, clearly show Defendants are currently operating a competing business at the Hudson Bridge Rd. Franchise Location. True and Accurate copies of the pictures are attached as **Exhibit H**.

55.    All commercial tax return businesses are required to have an Electronic Filing Identification Number ("EFIN") issued by the Internal Revenue Service ("IRS") for each business location they own and operate.  An EFIN allows the IRS to monitor, track, and regulate who is electronically filing tax returns.

56.    The IRS publishes a public database of all EFINs in the United States for that tax year.  The database includes the legal name, fictitious name, address, phone number, application submission date, and corresponding tax office return count, among other information.

57.    Both before and after termination of the Franchise Agreement, in violation of the Franchise Agreement's non-competition and non-solicitation provisions, Defendant Kimberly Shaw, with the assistance of, and acting in concert with, Innovative and Douglas Shaw, also offered tax preparation services at 385 Country Club Drive, Suite A, Stockbridge, GA, 30281 ("Country Club Drive location"). The public database depicts that tax returns were filed at the Country Club Drive Location. The Country Club Drive location is within twenty-five miles of the Hudson Bridge Rd. Franchise Location, and Territory.

58.   In light of their conduct to date, upon information and belief, Defendants will continue to offer electronic filing of tax returns at the Hudson Bridge Rd. Franchise Location and the Country Club Drive Location, in violation of the post-termination obligation not to compete.

59.   Each of these violations caused material harm to Liberty.

## COUNT I

***Breach of the Franchise Agreement***
***Against All Defendants***
***(Equitable Claim)***

60.   Liberty repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

61.   The Franchise Agreement is valid and enforceable.

62.   Liberty has performed every obligation and condition required under the Franchise Agreement.

63.   During the term of the Franchise Agreement, Defendants Kimberly Shaw and KAPDAS, acting in concert with Shaw and Innovative, have breached the Franchise Agreement by (1) underreporting the gross receipts of the Hudson Bridge Rd. Franchise Location to Liberty; (2) operating an unapproved business at the Hudson Bridge Rd. Franchise Location; (3) failing to maintain the required business hours for the Hudson Bridge Rd. Franchise Location; and (4) failing to make payments of monies owed to Liberty.

64.     Following the termination of the Franchise Agreement, Defendants Kimberly Shaw and KAPDAS were obligated to not compete with Liberty within twenty-five miles of the Territory and to not solicit Liberty's customers. *See* Ex. F at § 10(b), 10(d)

65.     Defendants Kimberly Shaw and KAPDAS were further obligated to at Liberty's request, assign all related lease interests to Liberty.

66.     Section 10 of the Franchise Agreement survives termination. *Id.* § 10(h).

67.     Defendants are currently operating competing tax preparation businesses at the Hudson Bridge Rd. Franchise Location and Country Club Drive Location, both within twenty-five miles of the Territory, and Defendants are soliciting Liberty's customers at both locations.

68.     Following Liberty's request, Defendants Kimberly Shaw and KAPDAS failed to assign to Liberty their interests in the lease for the Hudson Bridge Rd. Franchise Location.

69.     Defendants Kimberly Shaw and KAPDAS failed to transfer to Liberty all telephone numbers used at the Hudson Bridge Rd. Franchise Location.

70.     The foregoing acts constitute material breaches of the Franchise Agreement.

71.     As a result of Defendants' past, present, and potential breaches, Liberty has suffered and will continue to suffer actual, substantial, and irreparable damages, including but not limited to:

      a.  Loss of customer goodwill and loyalty;

      b.  Loss of business opportunities and relationships to provide tax preparation services and related services;

      c.   Loss of customers;

      d.  Loss of profits;

      e.  Loss of franchisee stability;

      f.  Loss of ability to sell other franchises;

      g.  Loss of value in confidential business information;

      h.  Loss of competitive advantage in each of the Franchise Territories;

      i.  Attorneys' fees; and

      j.  Cost of this action.

72.     Moreover, Defendants Kimberly Shaw and KAPDAS's refusal to assign the related leases and associated telephone numbers to Liberty, precludes Liberty from rightfully continuing the franchise business at the Hudson Bridge Rd. Franchise Location and servicing Liberty's established customers in the designated territory.

73.     Unless Defendants' wrongful conduct is enjoined, Defendants will continue to breach their obligations by unfairly competing with Liberty, all to the detriment of Liberty and its franchise system.

74.     As a direct and proximate result of Defendants Kimberly Shaw and KAPDAS's willful, improper and unlawful breaches of the Franchise Agreement, Liberty has suffered and will continue to suffer irreparable injury.

## COUNT II

### Breach of the Franchise Agreement
### Against Defendant Kimberly Shaw and KAPDAS
### (Monetary Claim)

75.     Liberty repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

76.     The Franchise Agreement in valid and enforceable.

77.     Defendants Kimberly Shaw and KAPDAS breached Section 4(d) of the Franchise Agreement by failing to pay approximately $93,000 in royalties due to Liberty.

78.     Pursuant to Sections 9(k) and 10 of the Franchise Agreement, Defendants Kimberly Shaw and KAPDAS agreed to the in-term and post-term non-competition and non-solicitation covenants.  *See* Ex. F.

79.     Defendants Kimberly Shaw and KAPDAS have been and are currently competing against Liberty and soliciting customers within twenty-five miles of the Territory.

80.    Each of Defendants Kimberly Shaw and KAPDAS's foregoing breaches constitute a material breach of the Franchise Agreement.

81.    As a direct and proximate result of Defendants Kimberly Shaw and KAPDAS's breaches of Sections 4(d), 9(k), 10(a), and 10(b) of the Franchise Agreement, Liberty has suffered and will continue to suffer damages in an amount to be proven at trial, for which Defendants Kimberly Shaw and KAPDAS are liable, including but not limited to, compensatory damages, consequential damages, and disgorgement.

## COUNT III

### *Tortious Interference with the Franchise Agreement*
### *Against Defendants Douglas Shaw and Innovative*

82.    Liberty repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

83.    The Franchise Agreement is valid and enforceable.

84.    Douglas Shaw, through his relationship with Kimberly Shaw, and in his positions at Innovative, has at all relevant times known of the existence of the Franchise Agreement and its terms.

85.    Innovative, through Douglas Shaw and Kimberly Shaw, has at all relevant times known of the existence of the Franchise Agreement and its terms.

86.     Douglas Shaw and Innovative have intentionally interfered with the Franchise Agreement by facilitating Defendants Kimberly Shaw and KAPDAS's unlawful competition with Liberty within twenty-five miles of the Territory.

87.     As a direct and proximate result of Douglas Shaw and Innovative's interference with the Franchise Agreement, Kimberly Shaw and KAPDAS breached the Franchise Agreement by, inter alia, interfering with Liberty's business advantages; damaging the Liberty brand and the integrity of Liberty's franchise system; and unlawfully competing with Liberty within twenty-five miles of the Territory.

88.     As a direct and proximate result of Douglas Shaw and Innovative's interference with the Franchise Agreement, Liberty has been damaged.

89.     Upon information and belief, Douglas Shaw and Innovative will continue to interfere with the Franchise Agreement by facilitating Defendants' unlawful competition with Liberty within twenty-five miles of the Territory unless the Court intervenes.

## **PRAYER FOR RELIEF**

WHEREFORE, Liberty prays for judgment against Defendants as follows:

1.     For compensatory damages caused by Defendants Kimberly Shaw and KAPDAS's breaches of Franchise Agreement in an amount to be proven at trial;

2.      For a monetary award against Defendants for Liberty's damages, attorneys' fees and costs, in an amount to be proven at trial;

3.      For statutory and punitive damages pursuant to the DTSA;

4.      For compensatory and, if applicable, punitive damages arising from Defendants' common law violations;

5.      For an order granting permanent injunctive relief against Defendants to enjoin them from offering tax preparation services within twenty-five miles of the Territory identified in the Franchise Agreement for a period of two years following the entry of any injunction;

6.      For an order granting permanent injunctive relief against Defendants to enjoin them from soliciting Liberty's customers for a period of two years following the entry of any injunction;

7.      For an order granting injunctive relief against Defendants Kimberly Shaw and KAPDAS to require them to assign to Liberty their lease interests in Hudson Bridge Rd. Franchise Location;

8.      For an order granting injunctive relief against Defendants Kimberly Shaw and KAPDAS to require them to assign to Liberty the telephone numbers associated Hudson Bridge Rd. Franchise Location;

Respectfully submitted, this 8th day of May, 2023.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Canon T. Corbitt*
Canon T. Corbitt
Georgia Bar No. 963443
55 Ivan Allen Jr. Blvd., NW, Suite 750
Atlanta, GA 30308
Tel:  (404) 869-9054
ccorbitt@grsm.com

James L. Messenger (Of Counsel)
(*Pro Hac Vice application forthcoming*)
21 Custom House St., Fifth Floor
Boston, MA 02110
Tel: (617) 902-0098
jmessenger@grsm.com

*Attorneys for Plaintiff JTH Tax LLC d/b/a Liberty Tax Service*

## __VERIFICATION__

Brian Panelo does hereby verify and state pursuant to 28 U.S.C. § 1746:

I am Regional Developer for JTH Tax, LLC d/b/a Liberty Tax Service ("Liberty"). I have read the foregoing Verified Complaint and know the contents thereof and state the allegations are true. I base this Verification on my own knowledge, except as to matters therein stated to be alleged upon information and belief and, as to those matters, I believe them to be true. The grounds of my knowledge, information, and belief are derived from my position as Regional Developer at Liberty, my personal involvement in the event underlying this litigation, and general investigation of the facts and circumstances described in the Verified Complaint, including, without limitation, my review of Liberty's records and conversations with Liberty's employees. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 2nd day of May, 2023.

DocuSigned by:

1D8D8334CFCF54A0...

Brian Panelo