IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **NAUTILUS INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **CIVIL ACTION FILE NO.:** |
| CC CLARKSTON, LLC ; SHAKERA REESE, individually and as the mother and natural parent of S.R. and S.R. | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR RESCISSION**

COMES Nautilus Insurance Company ("Nautilus"), through counsel, and files this Complaint for Rescission of four insurance policies.

**PARTIES**

1.

Nautilus, the plaintiff herein, is a corporation organized under the laws of Arizona with its principal place of business in Arizona. For purposes of federal diversity jurisdiction, Nautilus is a citizen of Arizona. Nautilus seeks declaration as to coverage owed to CC Clarkston, LLC for liability claims asserted in an underlying lawsuit.

1

2.

CC Clarkston, LLC, ("Clarkston"), a defendant herein, is a limited liability company whose members are citizens of Utah and Connecticut, upon information and belief. For purposes of federal court jurisdiction, Clarkston is a citizen of both Utah and Connecticut. Clarkston may be served through its registered agent Eric L. Weiss at 260 Peachtree Road, Suite 2700, Atlanta, Georgia 30303.

3.

Shakera Reese ("Reese"), a defendant herein, and her minor children are citizens of Georgia. For purposes of federal court jurisdiction, Reese is a citizen of Georgia in both her individual and representative capacities. 28 U.S.C. § 1332(c)(2).

## JURISDICTION AND VENUE

4.

There is complete diversity of citizenship between Nautilus and Defendants.

5.

The amount in controversy exceeds $75,000.

6.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

7.

Defendants are subject to the personal jurisdiction of this Court.

8.

Venue is proper in the Atlanta Division of the Northern District of Georgia where Clarkston and the underlying events occurred.  28 U.S.C. § 1391(b); LR, N.D. Ga. Rule 3.4 and LR App. A I(1.).

## FACTS

9.

Reese, individually and on behalf of her minor children, filed a lawsuit styled *Shakera Reese et. al. v. CC Clarkston, LLC, et. al*, in the State Court of DeKalb County, Civil Action No. 21-A-03064 ("Underlying Lawsuit") seeking damages for gunshot wounds sustained by her minor children. A true copy is attached hereto as Exhibit A.

10.

Nautilus issued policy NN1142518 to "CC Clarkston, LLC" as the named insured for the period June 15, 2020, to June 15, 2021 ("2020 CGL Policy"). A true copy is attached as Exhibit B.

11.

The 2020 CGL Policy was issued based on representations in a Commercial Insurance Application, dated June 15, 2020, submitted to Nautilus through Clarkston's agent McEver & Trimble, Inc. A true copy is attached as Exhibit C.

12.

Question 20 in the application for the 2020 CGL Policy, which asked "HAVE ANY CRIMES OCCURRED OR BEEN ATTEMPTED ON YOUR PREMISES WITHIN THE LAST THREE (3) YEARS," was answered in the negative when in fact multiple crimes had occurred on the premises during the previous three years. As such, the response to Question 20 constituted a misrepresentation.

13.

Nautilus issued excess policy AN090732 to "CC Clarkston, LLC; Clarkston Apts." as the named insured for the period July 29, 2020, to June 12, 2021 based on the same misrepresentation in the Commercial Insurance Application that was submitted for the 2020 CGL Policy ("2020 Excess Policy"). A true copy is attached as Exhibit D.

14.

On December 27, 2020, the shooting incident that is the basis of the Underlying Lawsuit occurred.

15.

Nautilus issued policy NN1277501 to "CC Clarkston, LLC; Clarkston Apts." as the named insured for the period June 15, 2021, to June 15, 2022 ("2021 CGL Policy") that was a renewal of the 2020 CGL Policy. A true copy is attached as Exhibit E.

16.

The 2021 CGL Policy was issued based on representations in a Commercial Insurance Application dated June 22, 2021 submitted to Nautilus through Clarkston's agent McEver & Trimble, Inc. A true copy is attached as Exhibit F.

17.

Question 20 in the application for 2021 CGL Policy, which asked "HAVE ANY CRIMES OCCURRED OR BEEN ATTEMPTED ON YOUR PREMISES WITHIN THE LAST THREE (3) YEARS," was answered in the negative when in fact multiple crimes had occurred on the premises during the previous three years. As such, the response to Question 20 constituted a misrepresentation.

18.

Nautilus issued policy AN1241775 to "CC Clarkston, LLC DBA: Clarkston Apartments" as the named insured for the period June 12, 2021, to June 15, 2022 ("2021 Excess Policy"), that was a renewal of the 2020 Excess Policy, based on the same misrepresentation in the Commercial Insurance Application that was submitted for the 2021 CGL Policy. A true copy is attached as Exhibit G.

**COUNT ONE: RESCISSION OF THE 2020 CGL POLICY**

19.

The factual allegations contained in the preceding paragraphs this complaint

are incorporated by reference as if set forth fully herein.

20.

Clarkston's misrepresentation in response to Question 20 on the Commercial Insurance Application dated June 15, 2020 was material under O.C.G.A. § 33-24-7(b)(2) as it changed the nature, extent, and character of the risk that Nautilus insured.

21.

Clarkston's misrepresentation in response to Question 20 was material under O.C.G.A. § 33-24-7(b)(3) because Nautilus in good faith would not have issued the 2020 CGL Policy or would have issued it at a higher premium rate with respect to liability for criminal activity had the prior history of crimes or attempted crimes been disclosed in the application for insurance.

22.

Pursuant to Federal Rule of Civil Procedure 67, Nautilus is moving contemporaneously herewith for leave to deposit the premium for the 2020 CGL Policy into this Court's registry pending resolution of this action.

23.

WHEREFORE, the Court should declare that the 2020 CGL Policy is rescinded and void *ab initio*.

## **COUNT TWO: RESCISSION OF THE 2020 EXCESS POLICY**

24.

The factual allegations in the preceding paragraphs of this complaint are incorporated by reference as if set forth fully herein.

25.

Clarkston's misrepresentation in response to Question 20 on the Commercial Insurance Application dated June 15, 2020 was material under O.C.G.A. § 33-24-7(b)(2) as it changed the nature, extent, and character of the risk that Nautilus insured.

26.

Clarkston's misrepresentation in response to Question 20 was material under O.C.G.A. § 33-24-7(b)(3) because Nautilus in good faith would not have issued the 2020 Excess Policy or would have issued it at a higher premium rate with respect to liability for criminal activity had the prior history of crimes or attempted crimes been disclosed in the application for insurance.

27.

Pursuant to Federal Rule of Civil Procedure 67, Nautilus is moving contemporaneously herewith for leave to deposit the premium for the 2020 Excess Policy into this Court's registry pending resolution of this action.

28.

WHEREFORE, the Court should declare that the 2020 Excess Policy is rescinded and void *ab initio*.

### COUNT THREE: RESCISSION OF THE 2021 CGL POLICY

29.

The factual allegations in the preceding paragraphs of this complaint are incorporated by reference as if set forth fully herein.

30.

Clarkston's misrepresentation in response to Question 20 on the Commercial Insurance Application dated June 22, 2021 was material under O.C.G.A. § 33-24-7(b)(2) as it changed the nature, extent, and character of the risk that Nautilus insured.

31.

Clarkston's misrepresentation in response to Question 20 was material under O.C.G.A. § 33-24-7(b)(3) because Nautilus in good faith would not have issued the 2021 CGL Policy or would have issued it at a higher premium rate with respect to liability for criminal activity had the prior history of crimes or attempted crimes been disclosed in the application for insurance.

32.

Pursuant to Federal Rule of Civil Procedure 67, Nautilus is moving contemporaneously herewith for leave to deposit the premium for the 2021 CGL Policy into this Court's registry pending resolution of this action.

33.

WHEREFORE, the Court should declare that the 2021 CGL Policy is rescinded and void *ab initio*.

## COUNT FOUR: RESCISSION OF THE 2021 EXCESS POLICY

34.

The factual allegations in the preceding paragraphs of this complaint are incorporated by reference as if set forth fully herein.

35.

Clarkston's misrepresentation in response to Question 20 on the Commercial Insurance Application dated June 22, 2021 was material under O.C.G.A. § 33-24-7(b)(2) as it changed the nature, extent, and character of the risk that Nautilus insured.

36.

Clarkston's misrepresentation in response to Question 20 was material under O.C.G.A. § 33-24-7(b)(3) because Nautilus in good faith would not have issued the 2021 Excess Policy or would have issued it at a higher premium rate with respect to

liability for criminal activity had the prior history of crimes or attempted crimes been disclosed in the application for insurance.

37.

Pursuant to Federal Rule of Civil Procedure 67, Nautilus is moving contemporaneously herewith for leave to deposit the premium for the 2021 Excess Policy into this Court's registry pending resolution of this action.

38.

WHEREFORE, the Court should declare that the 2021 Excess Policy is rescinded and void *ab initio*.

**NAUTILUS DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

Dated:  This 8th day of May, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Alexia R. Roney
Georgia Bar No. 581777
aroney@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone) W. Savrin
(770) 937-9960 (facsimile)