## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SHAKERA REESE, Individually and as the Mother and Natural Parent of both SAMIYA REESE, a Minor and SARIYAH REESE, a Minor, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **CIVIL ACTION FILE NO.** 21A03064 |
| CC CLARKSTON, LLC, ALEXANDER PROPERTY GROUP, INC., and JOHN DOE SECURITY COMPANY XYZ, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff SHAKERA RESSE, Individually and as the Mother and Natural

Parent of both SAMIYA REESE, a Minor and SARIYAH REESE, a Minor, and hereby files this

Complaint and shows this Court the following:

## INTRODUCTION

This lawsuit arises from a shooting that occurred on December 27, 2020, in the parking lot

of Clarkston Station Apartments, which resulted in severe injury to both 4-year-old Sariyah Reese

and her sister, 7-year-old Samiya Reese.  On this date, shortly before 7:00 p.m., Shakera Reese

was located inside of her Clarkston Station apartment along with her two girls, Sariyah and

Samiya, when she heard approximately ten gunshots fired outside of her residence.  At that time,

both Samiya and Sariyah were playing in the family's living room when sounds of shattered glass

and horrifying screams travelled through their apartment home.  Thereafter, Ms. Shakera Reese

ran to the living room and discovered that both Sariyah and Samiya had been shot.

STATE COURT OF
DEKALB COUNTY, GA.
6/25/2021 7:18 PM
E-FILED
BY: Monica Gay

The stray bullets that entered Ms. Reese's home penetrated both Samiya and Sariyah severely and caused significant damage. One of the bullets entered 7-year-old Samiya's chest and exited through her back; causing extensive damage to her lungs and fracturing four of her ribs. She was also grazed by another bullet on the right side of her cheek. Simultaneously, another stray bullet struck 4-year-old Sariyah in her chest and that bullet currently remains lodged between her neck and spine. Sariyah also suffered bruising of her lungs as well as a gunshot wound to her arm as a result of this tragic occurrence.

Just two days after Christmas, the Reese family's lives were forever changed and although Sariyah and Samiya survived the shooting, they are no where near fully recovered and constantly struggle with the physical and emotional harm that this incident has caused. Their mother, Shakera Reese, has also suffered immense emotional harm and financial expense as a result of her daughters' injuries and continues to fight her way back to some sense of normalcy each and every day following this horrific shooting.

As of this filing, there remains a pending criminal investigation into this devastating occurrence which tolls the statute of limitations regarding this incident pursuant to O.C.G.A. § 9-3-99.

## PARTIES JURISDICTION AND VENUE

1.

Shakera Reese (hereinafter "Plaintiff") brings this civil action to recover for the injuries, pain and suffering sustained by both her and her two daughters, SAMIYA REESE (hereinafter "Samiya"), a minor, and SARIYAH REESE (hereinafter "Sariyah"), a minor, and seeks compensatory damages, punitive damages, and attorneys' fees.

2.

Defendant CC CLARKSTON, LLC, d/b/a Clarkston Station Apartments, is a foreign limited liability company that was established under the laws of the State of Connecticut. Defendant CC CLARKSTON, LLC is authorized to transact business in the State of Georgia and has its principal place of business is 131 Soundview Lane, New Canaan, Connecticut 06840.  On information and belief, and during all times mentioned herein, Defendant CC CLARKSTON, LLC is and/or was the owner and manager of Clarkston Station Apartments, and its common areas and approaches located at 3629 Montreal Creek Circle, Clarkston, DeKalb County, Georgia 30021. Defendant CC CLARKSTON, LLC, its officers, agents and employees were involved in the acts and omissions which gave rise to this lawsuit and committed tortious acts and omissions in the State of Georgia with respect to the property known as Clarkston Station Apartments.  Defendant CC CLARKSTON, LLC may be served through its registered agent:  Eric L. Weiss at 260 Peachtree Road, Suite 2700, Atlanta, Georgia 30303.  Defendant CC CLARKSTON, LLC is subject to the jurisdiction and venue of the Court.

3.

Defendant ALEXANDER PROPERTIES GROUP, INC., is a domestic profit corporation formed under the laws of the State of Georgia with its principal place of business at 3190 Northeast Expressway, Suite 400, Atlanta, Georgia 30341.  On information and belief, and during all times mentioned, Defendant ALEXANDER PROPERTIES GROUP, INC., is and/or was the owner and manager of Clarkston Station Apartments, and its common areas and approaches located at 3629 Montreal Creek Circle, Clarkston, DeKalb County, Georgia 30021.  Defendant ALEXANDER PROPERTIES GROUP, INC., its officers, agents and employees were involved in the acts and omissions which gave rise to this lawsuit and committed tortious acts and omissions in the State

of Georgia with respect to the property known as Clarkston Station Apartments. Defendant

ALEXANDER PROPERTIES GROUP, INC., may be served through its registered agent: Kevin

Caiaccio at 5605 Glenridge Drive, Suite 1090, Atlanta, Georgia 30342. Defendant ALEXANDER

PROPERTIES GROUP, INC., is subject to the jurisdiction and venue of the Court.

4.

On information and belief, and during all times mentioned herein, Defendant JOHN DOE

SECURITY COMPANY XYZ is and/or was the security company hired to provide security

services for Clarkston Station Apartments, and its common areas and approaches located at 3629

Montreal Creek Circle, Clarkston, DeKalb County, Georgia 30021. Defendant JOHN DOE

SECURITY COMPANY XYZ, its officers, agents and employees were involved in the acts and

omissions which gave rise to this lawsuit and committed tortious acts and omissions in the State

of Georgia with respect to the property known as Clarkston Station Apartments. Defendant JOHN

DOE SECURITY COMPANY XYZ is subject to the jurisdiction and venue of the Court.

5.

Defendants CC CLARKSTON, LLC, ALEXANDER PROPERTIES GROUP, INC., and

JOHN DOE SECURITY COMPANY XYZ, (hereinafter collectively referred to as "Defendants"),

are/and or were engaged in a joint business enterprise, undertaking, and venture and were engaging

in said joint enterprise for profit at the time of the wrongful and illegal acts or omissions

complained of herein. On information and belief, the joint enterprise and undertaking of

Defendants included the ownership, management, and security of Clarkston Station Apartments,

and its common areas and approaches located at 3629 Montreal Creek Circle, Clarkston, Georgia

30021. Accordingly, the negligent, wrongful and intentional acts or omissions committed by each

of these Defendants are non-delegable and are imputable to each of the Defendants in this case.

## FACTUAL ALLEGATIONS AND CLAIMS

6.

At all times mentioned herein, Defendants owned, operated, managed, and secured Clarkston Station Apartments, and its common areas and approaches located at 3629 Montreal Creek Circle, Clarkston, Georgia 30021.

7.

As a result of Defendants' negligence and lack of security, Clarkston Station Apartments and its common areas and approaches became a hot bed for chronic criminal activity, which resulted in numerous violent crimes both on and immediately surrounding the property.

8.

On December 27, 2020, Plaintiff Shakera Reese and her daughters Samiya and Sariyah Reese, were all lawful residents of Clarkston Station Apartments.

9.

On December 27, 2020, shortly before 7:00 p.m., both Samiya and Sariyah Reese were playing in the living room of their Clarkston Station apartment when gunfire broke out in the parking lot of the apartment complex.

10.

On December 27, 2020, the bullets from the parking lot shooting entered Shakera Reese's home through the windows and sliding door and struck both Sariyah and Samiya Reese.

11.

As a result of this shooting, one of the bullets entered Samiya's chest and exited through her back which caused significant bruising to her lungs and fractured four of her ribs. Another bullet also grazed Samiya on the right side of her cheek.

12.

Simultaneously, as a result of this shooting on December 27, 2020, another stray bullet struck Sariyah in her chest and caused bruising to her lungs as well.  Another bullet also entered Sariyah's left arm, causing additional injury.

13.

Immediately following this shooting on December 27, 2020, both Samiya and Sariyah Reese were rushed via ambulance to Children's Healthcare of Atlanta – Egleston Hospital, where they were hospitalized and treated for their injuries.

14.

A retained bullet is currently still lodged between Sariyah's neck and spine as a result of this incident.

15.

At all times herein, the location of the shooting incident that is the subject of this litigation occurred within the common areas and/or approaches of Clarkston Station Apartments.

16.

At all times herein, Defendants had a duty to maintain, secure, patrol, and manage the common areas and/or approaches of Clarkston Station Apartments.

17.

Prior to the shooting of Samiya and Sariyah Reese, Defendants had knowledge that Clarkston Station Apartments and its common areas and approaches were located within a high crime area, and that numerous violent crimes against persons had been committed on the property.

18.

On December 27, 2020, and during all times mentioned herein, Plaintiff exercised ordinary care and diligence under circumstances then existing.

## COUNT I- NEGLIGENCE

19.

Plaintiff incorporates by reference herein all the allegations contained in Paragraphs 1 through 18 above, as if fully set forth herein.

20.

Defendants had a duty to exercise ordinary care in keeping the premises at Clarkston Station Apartments safe and free of danger for tenants and their guests, such as Plaintiff and her daughters Samiya and Sariyah Reese.

21.

Defendants also had a duty to exercise ordinary care in the services that they provided at Clarkston Station Apartments, including but limited to security, maintenance, inspection, patrolling, consulting, and management services rendered.

22.

Defendants breached their duty owed to Plaintiff by failing to exercise ordinary care to keep its premises safe.

23.

Defendants also breached their duty owed to Plaintiff, by not exercising ordinary care in the security, maintenance, patrolling, consulting, and managing services that they rendered.

24.

Prior to, and on December 27, 2020, Clarkston Station Apartments was negligently maintained, inspected, secured, patrolled, and managed. Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol and manage said property, but failed to exercise ordinary care.

25.

Defendants had actual and constructive knowledge of criminal activity existing upon its property prior to the shooting where Samiya and Sariyah Reese were shot and injured and said prior criminal activity was negligently permitted to exist and remain upon the subject premises.

26.

Defendants had actual and constructive knowledge of criminal activity existing upon its property and in the neighborhood prior to the shooting of Samiya and Sariyah Reese, but negligently failed to warn Plaintiff of those dangers.

27.

Defendants negligently failed to warn its residents and invitees, including Plaintiff and her children, Samiya and Sariyah, of the existence of the afore-mentioned criminal activity and the likelihood of further criminal attacks.

28.

Defendants negligently failed to provide and maintain adequate patrol and monitoring throughout Clarkston Station Apartments' common areas and/or approaches. Defendants also had actual and constructive knowledge of inadequate patrol and security surrounding the property.

29.

Defendants negligently failed to maintain adequate security devices to permit proper use of the property, thereby causing an unreasonable risk of injury to Samiya and Sariyah Reese.

30.

At all times mentioned herein, Defendants controlled the ownership, security, and/or management of the property, and had the legal duty to keep the premises in a state consistent with the due regard of the safety of its residents and invitees, including Plaintiff and her daughters. Defendants breached said duties to Plaintiff and failed to act as similarly situated businesses under like circumstances.

31.

Defendants were also negligent in the security, maintenance, inspection, patrolling, consulting, and managing services that they undertook to render, thereby creating an unreasonable increased risk of harm to both Samiya and Sariyah Reese.

32.

Defendants knew of, or with the exercise of due care for the safety of its residents and invitees, should have known of the dangerous and hazardous conditions existing on the premises.

33.

Defendants' failure to exercise reasonable care in the maintenance, inspection, security, patrolling and managing services that Defendants undertook to render at the premises resulted in conditions that were likely to result in the serious injuries suffered by Samiya and Sariyah Reese.

34.

Defendants were and are negligent per se.

35.

Defendants had actual knowledge of the dangerous and hazardous conditions existing upon the premises due to the direct knowledge of its employees and agents.

36.

Defendants had constructive knowledge of the dangerous and hazardous conditions existing upon the premises through the knowledge of its employees and agents and due to the prior criminal activity and dangers associated with the property and surrounding areas.

37.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the afore-mentioned criminal activity and negligently maintained the property.

38.

Defendants are liable for the shooting of Samiya and Sariyah Reese.

39.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of, the dangerous environment of said property, Defendants are liable for the negligent supervision, hiring, and retention of its employees and the entrustment of said property to its agents and employees.  Said negligence was the proximate cause of the damages and injuries suffered by Plaintiff and her daughters, Samiya and Sariyah Reese

40.

Defendants negligently represented to its invitees and residents that Clarkston Station Apartments, including but not limited to all common areas and/or approaches, were properly maintained and secured.

41.

Defendants negligently failed to provide adequate security protection, security personnel, or an outside security presence on the property.

42.

Defendants negligently failed to act on their knowledge of prior crimes, and failed to act to correct, prevent, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of said property.

43.

As a result of Defendants' negligence, Plaintiff is entitled to recover for the injuries sustained by Samiya and Sariyah, as well as her pain and suffering and the expenses of Samiya and Sariyah's treatment.  Plaintiff is also entitled all other elements of damages as allowed under the laws of the State of Georgia, including special damages, compensatory damages, and consequential damages.

## COUNT II – PREMISES LIABLITY

44.

Plaintiff hereby incorporates by reference herein all of the allegations contained in Paragraphs 1 through 43 above, as if fully set forth herein.

45.

As the owners and occupiers of Clarkston Station Apartments, under O.C.G.A. 51-3-1, Defendants had a non-delegable duty to exercise reasonable care to protect invitees against known risks of violent crime.

46.

At the time of this incident, Plaintiff and her daughters Samiya and Sariyah, were residents and invitees at Clarkston Station Apartments.

47.

All Defendants failed to exercise reasonable care to protect invitees such as Plaintiff and her daughters, Samiya and Sariyah Reese, from the known risk of violent crime at Clarkston Station Apartments.

48.

Defendants' negligence was a direct and proximate cause of Samiya and Sariyah's injuries and conscious pain and suffering.

## COUNT III – BREACH OF CONTRACT

49.

Plaintiff hereby incorporates by reference herein all of the allegations contained in Paragraphs 1 through 48 above, as if fully set forth herein.

50.

Defendants had a legal and contractual duty to ensure that the residents, invitees, and licensees of Clarkston Station Apartments had a safe and secure living environment.

51.

Defendants failed to perform their contractual duties in a professional, skillful, and workmanlike manner consistent with the terms of their contract to provide security management and consulting services at Clarkston Station Apartments and its common areas and/or approaches.

52.

As a result of the acts and omissions of Defendants in the performance of their legal and contractual duties, Samiya and Sariyah Reese were shot, and have suffered conscious physical and emotional pain and suffering.

53.

As a result of the acts and omissions of Defendants, they are liable to Plaintiff for all direct, consequential, special and emotional damages, including damages, for Plaintiff's medical expenses and the conscious pain and suffering.

## COUNT IV - NEGLIGENT UNDERTAKING

54.

Paragraphs 1 through 53 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

55.

By voluntarily providing security services for Clarkston Station Apartments, Defendants created, undertook and assumed a duty to keep Clarkston Station Apartments, along with its common areas and approaches, safe for all invitees and guests.

56.

Defendants negligently failed to provide adequate security measures to protect invitees, such as Shakera, Samiya and Sariyah Reese, from known risks of gun violence on the premises.

57.

Defendants negligently failed to provide adequate security personnel to protect guests and invitees such as Shakera, Samiya and Sariyah Reese, from known risks of gun violence while on the premises.

58.

Defendants' voluntary and negligent undertaking to secure the premises known as Clarkston Station Apartments, was the direct and proximate cause of Plaintiff Shakera Reese and her daughters, Samiya and Sariyah's injuries, including pain and suffering, the expense of treatment, the cost of future care and treatment and all other elements of damages allowed under the laws of Georgia.

## COUNT V- NUISANCE

59.

Plaintiff hereby incorporates by reference herein all of the allegations contained in Paragraphs 1 through 58 above, as if fully set forth herein.

60.

Clarkston Station Apartments constituted a nuisance due to the rampant violent and criminal activity on the premises and because of this, Samiya and Sariyah Reese were shot while in the confinement of their own home.

61.

Furthermore, Clarkston Station Apartments is, and was at all relevant times, "real property which is . . . used by [one or more] criminal street gang[s] for the purpose of conducting criminal gang activity," within the meaning of O.C.G.A. § 16-15-7(a). The lack of adequate security, patrolling, maintenance, and management at Clarkston Station Apartments enabled the property to become a hot bed of chronic criminal gang activity. Because of this chronic criminal gang activity on the property, the Complex constituted a nuisance under O.C.G.A. § 16-15-7.

62.

As a proximate result of the nuisance maintained by Defendants at Clarkston Station Apartments, Samiya and Sariyah were injured by reason of criminal gang activity as defined by O.C.G.A. § 16-15-3(1). Therefore, Plaintiff, on behalf of her daughters Samiya and Sariyah, has a cause of action against Defendants for statutory treble damages and attorneys' fees pursuant to O.C.G.A. § 16-15-7.

63.

The Georgia General Assembly has declared that all persons have a legally protected right to be secure and protected from fear, intimidation, and physical harm caused by the activities of violent groups and individuals. By turning a blind eye towards criminal gang activity for the sake of their own profits, Defendants gave criminal street gangs the run of Clarkston Station Apartments and fostered an environment of chronic senseless violence.

64.

An award of statutory treble damages and attorneys' fees against Defendants will help deter criminal street gang activity, and disrupt the organization of criminal street gangs, by sending a powerful message to Defendants and to other owners of low-income housing that they must maintain adequate security and must not tolerate chronic gang activity on their properties.

## COUNT VI – VICARIOUS LIABILITY

65.

Plaintiff hereby incorporates by reference herein all the allegations contained in Paragraphs 1 through 64 above, as if fully set forth therein.

66.

As the owners and occupiers of Clarkston Station Apartments, Defendants had a non-delegable duty under Georgia law to exercise reasonable care to protect invitees against a known risk of violent crime.

67.

At the time of the subject incident, Defendants through their employees and agents, acting within the scope and course of their employment for Defendants, had a duty to provide security at Clarkston Station Apartments.

68.

Defendants are vicariously liable for the actions and omissions of their employees and agents, who had a duty to provide security for Clarkston Station Apartments, but failed to use reasonable care to protect invitees, such as Plaintiff and her daughters, Samiya and Sariyah, against a known risk of violent crime.

## COUNT VII – JOINT VENTURE

69.

Plaintiffs hereby incorporates by reference herein all of the allegations contained in Paragraphs 1 through 68 above, as if fully set forth therein.

70.

Defendants are/were engaged in a joint business enterprise, undertaking, and venture and were engaging in said joint enterprise for profit at the time of the wrongful acts or omissions complained of herein. On information and belief, the joint enterprise and undertaking of Defendants included the ownership, management, and security of Clarkston Station Apartments,

and its common areas and approaches located at 3629 Montreal Creek Circle, Clarkston, Georgia 30021.

71.

Accordingly, the negligent and wrongful acts or omissions committed by each of these Defendants are non-delegable and therefore imputable to each of the Defendants under the circumstances present in this case.

## COUNT VIII – DAMAGES

72.

Plaintiff hereby incorporates by reference herein all the allegations contained in Paragraphs 1 through 71 above, as if fully set forth therein.

73.

As a result of Defendants' negligence, Plaintiff Shakera Reese is entitled to recover the past, present and future expenses and costs associated with Samiya Reese and Sariyah Reese's treatment for their injuries suffered as a result of the shooting at Clarkston Station Apartments on December 27, 2020.

74.

As a result of Defendants' negligence, Plaintiff Shakera Reese is also entitled to recover for past, present and future pain and suffering experienced by her daughters, Samiya and Sariyah,, as well as all other elements of damages allowed under the laws of the State of Georgia, including special damages, compensatory damages, and consequential damages.

## COUNT IX – ATTORNEYS' FEES

75.

Plaintiff hereby incorporates by reference herein all the allegations contained in Paragraphs 1 through 74 above, as if fully set forth therein.

76.

Because Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action. (O.C.G.A. § 13-6-11). Furthermore, Plaintiff is entitled to all expenses of litigation and attorneys' fees pursuant to all other Georgia statutory and common laws.

## COUNT X – PUNITIVE DAMAGES

77.

Plaintiff hereby incorporates by reference herein all the allegations contained in Paragraphs 1 through 76 above, as if fully set forth therein.

78.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants and its agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care, which would raise the presumption of conscious indifference to consequences and/or a specific intent to cause harm.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that:

a) Process issue and that Defendants be served according to the law;

b) Plaintiff has a trial by jury;

c) Plaintiff be awarded general, special, compensatory, and all other permissible damages

   in accordance with the enlightened conscience of an impartial jury;

d) Plaintiff be awarded statutory treble damages pursuant to O.C.G.A. § 16-15-7;

e) Plaintiff be awarded interest and costs; and

f) Plaintiff be awarded such other and further relief as this Court deems just and proper and

   permitted under Georgia Law.

Respectfully submitted this __25th__ day of June 2021.

/s/ Shean D. Williams
Shean D. Williams, Esq.
Georgia Bar No. 764139
Gary B. Andrews, Esq.
Georgia Bar No. 019299
Sydni S. Marshall, Esq.
Georgia Bar No. 416485
Attorneys for Plaintiff

THE COCHRAN FIRM - ATLANTA
100 Peachtree Street, NW
Suite 2600
Atlanta, GA 30303
(404)222-9922 main
(404)222-0170 fax
swilliams@cochranfirmatl.com
gandrews@cochranfirmatl.com
smarshall@cochranfirmatl.com

STATE COURT OF
DEKALB COUNTY, GA.
6/25/2021 7:18 PM
E-FILED
BY: Monica Gay