IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EVARD JANVIER and JESSICA PIPPIN, | : :  : |
| Plaintiffs, | : : |
| vs. | : Civil Action No. _____ : |
| PLESS SECURITY, INC. d/b/a PSI SECURITY SERVICE, | : : : |
| Defendant. | : : |

# COMPLAINT

Plaintiffs Evard Janvier ("Janvier") and Jessica Pippin ("Pippin") (collectively "Plaintiffs") bring this FLSA Complaint against Defendant Pless Security, Inc. d/b/a PSI Security Service ("PSI Security") as follows:

**INTRODUCTION**

1.

This is an FLSA case in which Plaintiffs, former employees of PSI Security, allege that PSI Security failed to pay them statutory minimum and overtime wages as required under the FLSA. In addition, PSI Security reduced Plaintiffs' pay rates and ultimately terminated their employment in retaliation for their requests to be properly paid minimum and overtime wages in accordance with the FLSA.

**JURISDICTION AND VENUE**

2.

This Court has subject-matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because PSI Security is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

4.

Janvier resides within Fulton County, Georgia.

5.

PSI Security employed Janvier as a security officer and later as a site manager from approximately March 9, 2021 through July 1, 2021.

6.

Pippin resides within Clayton County, Georgia.

7.

PSI Security employed Pippin as a security officer from approximately February 1, 2021 through July 8, 2021.

8.

Throughout the Relevant Time Period, Plaintiffs were "employees" of PSI Security within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

Throughout the Relevant Time Period, PSI Security was an "employer" of Plaintiffs within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

10.

PSI Security assigned Plaintiffs to work at the Kroger Distribution Center located at 2000 Anvil Block Road, Forest Park, Georgia.

11.

PSI Security is a domestic for-profit corporation organized under the laws of the State of Georgia.

12.

PSI Security is subject to the personal jurisdiction of this Court.

13.

PSI Security may be served with process through its registered agent, James W. Pless IV at 2028 S. Cobb Drive, SE, Marietta, Georgia 30060.

**FLSA ENTERPRISE COVERAGE**

14.

At all times during the Relevant Time Period (*i.e.* each week when either or both Plaintiffs were employed from February 2021 through July 2021), PSI

Security was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

15.

Throughout the Relevant Time Period, two or more employees of PSI Security handled materials used by the company for its business purposes including, but not limited to, office furniture, phones, computers, and office supplies.

16.

Throughout 2021, PSI Security employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

Throughout 2021, PSI Security employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

In 2021, PSI Security had an annual gross volume of sales made or business done of not less than $500,000.

19.

Throughout the Relevant Time Period, PSI Security had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

Throughout the Relevant Time Period, PSI Security was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**FLSA INDIVIDUAL COVERAGE**

21.

Throughout the Relevant Time Period, Plaintiffs were "engaged in commerce" as employees of PSI Security within the meaning of FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**PSI SECURITY'S BUSINESS OPERATION**

22.

PSI Security contracts with commercial clients to provide security officers and security services.

23.

PSI Security's security officers observe and report suspicious activity, secure and patrol gates, input information into the computer system to allow trucks to enter properties, and perform other security-related duties.

## PLAINTIFFS' NON-EXEMPT STATUS

24.

At all times material hereto, Plaintiffs were not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

25.

At all times material hereto, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

26.

Throughout the Relevant Time Period, Plaintiffs were not employed by PSI Security in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

27.

Throughout the Relevant Time Period, Plaintiffs were not employed by PSI Security in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

28.

Throughout the Relevant Time Period, Plaintiffs were not employed by PSI Security in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

29.

Throughout the Relevant Time Period, Plaintiffs were not employed by PSI Security in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

30.

At all times during the Relevant Time Period, Plaintiffs did not exercise independent judgment and discretion in making significant business decisions on behalf of PSI Security.

31.

At all times during the Relevant Time Period, Plaintiffs were paid on an hourly basis.

32.

At all times during the Relevant Time Period, Plaintiffs were not paid on a salaried basis.

**ADDITIONAL FACTUAL ALLEGATIONS**

*Janvier*

33.

PSI Security employed Janvier as a security officer from approximately March 9, 2021 through May 28, 2021.

34.

PSI Security employed Janvier as a site manager from approximately May 29, 2021 through July 1, 2021.

35.

During the period from approximately March 9, 2021 through May 28, 2021, PSI Security compensated Janvier at a rate of $11.00 per hour.

36.

During the period from approximately May 29, 2021 through July 1, 2021, PSI Security compensated Janvier at a rate of $15.00 per hour.

37.

During approximately the last two weeks of Janvier's employment, PSI Security unilaterally changed her rate of pay to $7.25 per hour without prior notice.

38.

At all times during the period from March 9, 2021 through April 24, 2021, Janvier worked five (5) days during each work week.

39.

At all times during the period from March 9, 2021 through April 24, 2021, Janvier regularly worked forty (40) hours during each work week.

40.

At all times during the period from April 25, 2021 through July 1, 2021, Janvier worked seven (7) days during each work week.

41.

At all times during the period from April 25, 2021 through July 1, 2021, Janvier regularly worked at least fifty-six (56) hours during each work week.

*Pippin*

42.

PSI Security employed Pippin as a security officer from approximately February 1, 2021 through July 8, 2021.

43.

During the period from approximately February 1, 2021 through May 28, 2021, PSI Security compensated Pippin at a rate of $11.00 per hour.

44.

During the period from approximately May 29, 2021 through July 8, 2021, PSI Security compensated Pippin at a rate of $13.00 per hour.

45.

During approximately the last two weeks of Pippin's employment, PSI Security unilaterally changed her rate of pay to $7.25 per hour without prior notice.

46.

At all times during the Relevant Time Period, Pippin normally worked four (4) or five (5) days during each work week.

47.

At times during the Relevant Time Period, Pippin regularly worked between 32-40 hours during each work week.

48.

During the Relevant Time Period, Pippin worked in excess of 40 hours during at least one work week.

*Both Plaintiffs*

49.

During the Relevant Time Period, PSI Security was aware of the actual number of hours Plaintiffs worked during each work week.

50.

During the Relevant Time Period, PSI Security truncated its records of the hours Plaintiffs actually worked.

51.

PSI Security knew or should have known that the FLSA applied to Plaintiffs.

52.

Section 6 of the FLSA (29 U.S.C. § 206) requires that PSI Security compensate Plaintiffs at a rate of no less than $7.25 per hour for every hour worked in a work week.

53.

PSI Security knew or should have known that the Section 6 of the FLSA requires that PSI Security compensate Plaintiffs at a rate of at least $7.25 per hour for every hour they worked in a work week.

54.

PSI Security failed to compensate Plaintiffs at a rate of $7.25 per hour for each hour they worked.

55.

PSI Security willfully failed to compensate Plaintiffs at a rate of $7.25 per hour for each hour they worked.

56.

PSI Security knew or should have known that Plaintiffs were entitled to FLSA overtime protections for each work week wherein they worked in excess of 40 hours.

57.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that PSI Security compensate Plaintiffs at a rate of one–and–one–half times their regular rate for all time worked in excess of forty (40) hours in a work week.

58.

PSI Security knew or should have known that the Section 7 of the FLSA requires that PSI Security pay Plaintiffs a premium for all hours worked above forty hours in a given workweek.

59.

During the Relevant Time Period, Janvier regularly worked more than forty (40) hours during a given workweek.

60.

During the Relevant Time Period, Pippin worked more than forty (40) hours during at least one work week.

61.

During the Relevant Time Period, PSI Security failed to pay Plaintiffs at one-and-one-half times their regular hourly rates for time worked in excess of forty (40) hours in any and all workweeks.

62.

Upon information and belief, in failing or refusing to pay Plaintiffs minimum wages or overtime wages as required by the FLSA, PSI Security has not relied on any letter ruling from the Department of Labor indicating that Plaintiffs were not entitled to either minimum wages or overtime.

63.

PSI Security's conduct constitutes willful violations of §§ 206 and 207 of the FLSA, entitling Plaintiffs to all relief afforded under the FLSA, including the award of liquidated damages.

### COUNT 1 - FAILURE TO PAY MINIMUM WAGE

64.

The allegations in paragraphs 1 through 63 above are incorporated herein by reference.

65.

At all times material hereto, Plaintiffs were employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

66.

At all times material hereto, PSI Security failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage for each hour they worked as established in accordance with Section 6 of the FLSA.

67.

At all times material hereto, PSI Security willfully failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage for each hour they worked as established in accordance with Section 6 of the FLSA.

68.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

69.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), declaratory and injunctive relief, and reimbursement of their costs of litigation, including their reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

**COUNT II–FAILURE TO PAY OVERTIME**

70.

The allegations in paragraphs 1 through 63 are incorporated as if fully set out in this paragraph.

71.

Throughout the Relevant Time Period, Plaintiffs have been employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

72.

Throughout the Relevant Time Period, Janvier often worked in excess of 40 hours during each work week.

73.

Throughout the Relevant Time Period, Pippin occasionally worked in excess of 40 hours during a work week.

74.

Throughout the Relevant Time Period, PSI Security failed to compensate Plaintiffs at one and one-half times their regular hourly rate for work in excess of 40 hours during each work week, in violation of FLSA § 7(b), 29 U.S.C. § 207.

75.

PSI Security's failure to compensate Plaintiffs in accordance with FLSA § 7(b), 29 U.S.C. § 207, was willful within the meaning of FLSA § 55, 29 U.S.C. § 255.

76.

Plaintiffs are entitled to payment of due but unpaid overtime in amounts to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

77.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

78.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to their litigation costs, including their reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT III – ILLEGAL RETALIATION

79.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

80.

In or about late May 2021 or early June 2021, Plaintiffs complained to Defendant's supervisors regarding Defendant's failure to properly compensate them for all hours worked.

81.

In or about late May 2021 or early June 2021, Plaintiffs complained to Defendant's supervisors regarding Defendant's failure to properly compensate them for minimum wage and overtime.

82.

Plaintiffs' requests to be properly compensated for all hours worked in the manner required by the FLSA constitutes protected activity within the meaning of the FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3).

83.

On or about June 17, 2021, PSI Security issued Janvier an Employee Disciplinary/Counseling Report stating that she had abandoned her post on June 11, 2021 and had left her post without proper relief on June 17, 2021.

84.

Prior to the June 17, 2021 Employee Disciplinary/Counseling Report, Janvier had not been notified of or reprimanded for any infractions by PSI Security.

85.

PSI Security issued the Employee Disciplinary/Counseling Report to Janvier in retaliation for her protected activity in violation of FLSA§ 15(a)(3), 29 U.S.C. § 215(a)(3).

86.

In or about June 2021, PSI Security issued an Employee Disciplinary/Counseling Report to Pippin stating that she had abandoned her post.

87.

Prior to the June 2021 Employee Disciplinary/Counseling Report, Pippin had not been notified of or reprimanded for any infractions by PSI Security.

88.

PSI Security issued the Employee Disciplinary/Counseling Report to Pippin in retaliation for her protected activity in violation of FLSA§ 15(a)(3), 29 U.S.C. § 215(a)(3).

89.

PSI Security unilaterally decreased Plaintiffs' hourly pay rates to $7.25 per hour during the last pay period (approximately two weeks) they worked without prior notice.

90.

PSI Security decreased Plaintiffs' hourly pay rates to $7.25 per hour during the last pay period (approximately two weeks) they worked in retaliation for their protected activity in violation of FLSA§ 15(a)(3), 29 U.S.C. § 215(a)(3).

91.

On or about July 1, 2021, PSI Security terminated Janvier's employment.

92.

PSI Security terminated Janvier's employment in retaliation for her protected activity in violation of FLSA§ 15(a)(3), 29 U.S.C. § 215(a)(3).

93.

On or about July 8, 2021, PSI Security terminated Pippin's employment.

94.

PSI Security terminated Pippin's employment in retaliation for her protected activity in violation of FLSA§ 15(a)(3), 29 U.S.C. § 215(a)(3).

95.

As a result of PSI Security 's unlawful retaliation, Plaintiffs have suffered loss of employment, emotional distress, loss of income, and other employee benefits in amounts to be proven at trial.

96.

Plaintiffs are entitled to compensatory damages due to PSI Security's unlawful retaliatory discharge in amounts to be determined at trial.

97.

As a direct and foreseeable result of PSI Security's unlawful retaliation, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

98.

PSI Security is indebted to Plaintiffs for their costs of litigation, including their reasonable attorneys' fees, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. That their claims be tried before a jury;
2. That they be awarded due but unpaid minimum wages in amounts to be determined at trial against Defendant, plus additional like amounts in liquidated damages;
3. That they be awarded due but unpaid overtime wages in amounts to be determined at trial against Defendant, plus additional like amounts in liquidated damages;
4. That they be awarded compensatory damages arising from Defendant's unlawful retaliatory acts, including emotional damages, lost income, and lost benefits in amounts to be determined at trial against Defendant;

5. That the Court order Defendant to reinstate Plaintiffs to their former positions or provide Plaintiffs front pay in lieu of reinstatement;

6. That they be awarded their costs of litigation, including their reasonable attorneys' fees from PSI Security;

7. That they be awarded nominal damages; and

8. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

*/s/ Michael A. Caldwell*
Michael A. Caldwell
Ga. Bar No. 102775

101 Marietta Street
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

*/s/Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

COUNSEL FOR PLAINTIFFS