IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEDRIA MILLER,<br><br>   Plaintiff,<br><br>v.<br><br>CONVENTRY HOLDING GROUP, INC,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, ("Plaintiff" or "Ms. Miller"), by and through their undersigned counsel, and files this, their Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Coventry Holding Group, Inc. ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed their Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 22, 2022; the EEOC issued its Notice of Right to Sue on February 6, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Michael A. Cress, located at 2806 N. Decatur Road, Decatur, Georgia 30033.

## FACTUAL ALLEGATIONS

9.

On or about July 1, 2018, Plaintiff began working for Defendant as a Housekeeper.

10.

On or around February 2021, Plaintiff began receiving training to be a Certified Nurse Assistant and working overtime hours as a Certified Nurse Assistant.

11.

On or about January 25, 2022, Defendant hired Barbra Clark ("Ms. Clark") as a Business Office Manager. Ms. Clark is a female.

12.

Starting in or around January 2022, Ms. Clark began making sexually explicit comments towards Plaintiff. Ms. Clark made comments to Plaintiff suggesting that they had a romantic relationship. Plaintiff told Ms. Clark she was not interested in a romantic relationship, she did not like her sexual advances, and that she was not a lesbian. Plaintiff also asked Ms. Clark not to spread untruthful statements about them being in a romantic relationship.

13.

Ms. Clark continued to make sexual comments to Plaintiff. Ms. Clark told Plaintiff, "I would take you to Vegas to eat and hang out." Ms. Clark also told Plaintiff, "I bet your ex-husband had a good time with you from the back" and "I want our titties to rub together." Additionally, Ms. Clark repeatedly told Plaintiff, "I

want you to be my boo." Plaintiff rejected all of Ms. Clark's sexual advances and repeatedly asked Ms. Clark to stop.

14.

Plaintiff removed her nails and eyelashes and started wearing baggy clothes to work to deter Ms. Clark's sexual advances. In response, Ms. Clark's sexual advances became more aggressive.

15.

On or about February 17, 2022, Ms. Clark began sexually touching Plaintiff's body without her consent. Specifically, Ms. Clark slapped Plaintiff on her butt. Plaintiff told Ms. Clark not to touch her and that she was not a lesbian. However, Ms. Clark ignored Plaintiff's request.

16.

On or about February 25, 2022, Ms. Clark rubbed her body on Plaintiff's breasts.

17.

On or about March 1, 2022, Ms. Clark asked Plaintiff, "why do you have such a big butt."

18.

On or about March 17, 2022, Ms. Clark slapped Plaintiff on her butt in front of Jacqueline Munerlyn ("Ms. Munerlyn") and Daphine Smith ("Ms. Smith"). Ms. Clark also told Ms. Munerlyn and Ms. Smith that she and Plaintiff were dating.

19.

Plaintiff told Ms. Munerlyn and Ms. Smith that she and Ms. Clark were not dating. Plaintiff also told Ms. Clark again to stop spreading untruthful information about her. Additionally, Plaintiff told Ms. Clark that she felt uncomfortable. In response, Ms. Clark laughed and walked away.

20.

On or about March 17, 2022, Plaintiff spoke to movers at Coventry Holding to provide them instructions. During Plaintiff's conversation with the movers, Ms. Clark yelled at Plaintiff, "I know you are not flirting with these men in front of my face." Plaintiff told Ms. Clark to leave her alone.

21.

On or about March 18, 2022, Plaintiff had to clean Ms. Clark's office and so she waited until Ms. Clark left the office before she attempted to clean the office. However, Ms. Clark returned to the office while Plaintiff was still cleaning her

office. Ms. Clark grabbed Plaintiff in a bear hug and would not let Plaintiff go. Plaintiff ultimately broke free of Ms. Clark's grasp and ran away.

22.

On or about March 18, 2022 Plaintiff reported Ms. Clark's actions to Wilda Johnson ("Ms. Johnson"), Certified Nurse Assistant Manager, because Plaintiff did not feel safe working around Ms. Clark. Ms. Johnson was Plaintiff's direct supervisor and had a close relationship with Michael Cress, the owner of Coventry Holding.

23.

Ms. Johnson told Plaintiff she would discuss Ms. Clark with Deborah L. Osterhaudt ("Ms. Osterhaudt"), Executive Director, but no action was taken after Plaintiff's report to Ms. Johnson.

24.

On or about March 20, 2022, Plaintiff filed a police report regarding Ms. Clark's sexual misconduct.

25.

On or about March 21, 2022, Plaintiff, Ms. Osterhaudt, and Chad Evans ("Mr. Evans"), Michael Cress' son-in-law, met to discuss Plaintiff's complaints against

Ms. Clark. However, Plaintiff's meeting was cut short because Ms. Osterhaudt received a phone call.

26.

After the meeting ended, Plaintiff went back to work and Ms. Clark proceeded to call Plaintiff's cellphone several times. Plaintiff did not answer Ms. Clark's calls because she was terrified of Ms. Clark. Plaintiff locked herself in one of the resident apartments because Plaintiff believed Ms. Clark was looking for her. Plaintiff also called Ms. Evan and told him she was scared Ms. Clark was going to harm her.

27.

Ms. Osterhaudt called Plaintiff to continue discussing her complaint against Ms. Clark. Plaintiff informed Ms. Osterhaudt that she would protect herself if Ms. Clark tried to harm her. Ms. Osterhaudt sent Plaintiff home.

28.

On or about March 24, 2022, Plaintiff received call from a Human Resources representative that she was terminated.

29.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less

favorably in the terms or conditions of employment than others outside of their protected class, i.e., persons who did not report sexual harrasment.

30.

As a result of Defendant's retaliatory termination, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

31.

Plaintiff re-alleges paragraphs 1-30 as if set forth fully herein.

32.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

33.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

34.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which  may be entitled.

This 8th day of August, 2022.

                                        **BARRETT & FARAHANY**

                                        */s/ V. Severin Roberts*
                                        V. Severin Roberts
                                        Georgia Bar No. 940504

                                        *Attorney for Plaintiff*

P.O. Box 530092
Atlanta, GA 30353-0092
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com