# EXHIBIT "A"

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-02736-6
3/31/2023 5:44 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **Tanesha Boldin,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action** |
| | ) | 23-A-02736-6 |
| **v.** | ) | **File No.** _____ |
| | ) | |
| **Restoration Hardware, Inc.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff Tanesha Boldin ("**Boldin**" or "**Plaintiff**"), by and through her attorneys of record, and shows the following facts for her Complaint against Defendant Restoration Hardware, Inc.

### Parties, Jurisdiction and Venue

1.

Defendant Restoration Hardware, Inc.  ("**RH**") is a Delaware corporation doing business in the State of Georgia and is subject to the jurisdiction and venue of this Court.  Service of process may be perfected by delivery of a copy of the Complaint and summons to its registered agent for service Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

2.

Plaintiff Boldin brings this action for negligence and gross negligence.

**Factual Allegations**

3.

Defendant owns, operates, manages and maintains a retail store located at 534 Marketplace Parkway, Dawsonville, Georgia 30534 (the "**Premises**").

4.

On or about June 12, 2021 at approximately 3:00 p.m., Plaintiff was a patron and/or invitee, lawfully upon the Premises, who Defendant owed a duty to exercise reasonable care for her safety.

5.

At said time and place, Defendant had stacked a number of floor mats in a hazardous manner near an aisle full of merchandise.  As a result, as Plaintiff was walking down the aisle and viewing Defendant's merchandise, she tripped over the floor mats and fell.

6.

Plaintiff landed violently on her hands, then rolled to her right, causing causing serious, severe and permanent injury to both knees and her right wrist, elbow and shoulder.

7.

In addition to the treacherous placement of the floor mats in the immediate path of patrons, Defendant's store has concrete or cement floors, which worsened the severity of Plaintiff's injuries from the fall.

**COUNT ONE**
**NEGLIGENCE**

8.

Plaintiff realleges and incorporates by reference each and every allegation set forth above as if fully set forth herein.

9.

Defendant RH had a duty to exercise ordinary care to protect the safety of the invited public from injury resulting from any dangerous condition on its Premises, specifically to maintain its Premises in a reasonably safe condition for patrons and invitees lawfully on the Premises, such as Plaintiff.  *See,* O.C.G.A. § 51-3-1.

10.

Defendant RH breached its duty owed to Plaintiff by acting with less than reasonable care, to wit:

(a)     Negligently stacking floor mats in a haphazard manner in the immediate path of patrons, thus creating a dangerous condition to the public;

(b)     Negligently installing hard concrete flooring throughout its Premises, thus creating a high risk of serious injury in the foreseeable event of a fall by a patron;

(c)     Negligently failing to adequately inspect its concrete floor and merchandise to determine whether there was a hazard or dangerous condition to patrons and/or invitees;

(d)     Negligently failing to adequately warn Plaintiff of the danger resulting from the hazardous placement of the mats, which Defendant knew or through the exercise of reasonable care should have known was unreasonably dangerous;

(e)     Negligently failing to remedy the unreasonably dangerous condition(s) by removing the mats and/or installing softer flooring, when said conditions were either known to Defendant or had existed for such a sufficient length of time that Defendant should have known of the condition if Defendant had exercised reasonable care;

(f)     Otherwise failing to exercise the degree of care required under the circumstances.

11.

As a direct, proximate and foreseeable result of Defendant RH's negligence, Plaintiff was severely injured, incurred medical expenses in the treatment of said injuries, suffered extreme and prolonged physical and mental pain and suffering, and permanent and irreparable bodily injury. In addition, Plaintiff will have ongoing pain and suffering.

12.

As a further proximate, foreseeable result of Defendant RH's negligence, Plaintiff has been unable to work or perform her job duties and has suffered lost wages.

13.

As a further proximate, foreseeable result of Defendant RH's negligence, Plaintiff has incurred, and will continue to incur, medical expenses, and has been required, and will continue to undergo, medical care associated with her injuries, pain and discomfort.

## COUNT TWO
## GROSS NEGLIGENCE

14.

Plaintiff realleges and incorporates by reference each and every allegation set forth above as if fully set forth herein.

15.

Defendant RH's actions show wanton disregard for the safety of others, and an entire want of care, which would raise the presumption of conscious indifference to consequences, thus entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Boldin prays for judgment against Defendant RH in such an amount as will adequately compensate Plaintiff for her injuries, losses and damages, together with costs and expenses of this action, and such other and further relief as this Court deems just and reasonable.

This 31st day of March, 2023.

Respectfully submitted,

DOVIN | FICKEN LLC

*/s/ Edward J. Dovin*
Edward J. Dovin
Georgia Bar No. 227645

*/s/ Allison S. H. Ficken*
Allison S.H. Ficken
Georgia Bar No. 355875

Attorneys for Plaintiff

Monarch Plaza
3414 Peachtree Road, NE
Suite 625
Atlanta, Georgia 30326
(770) 829-3869 – telephone
(770) 829-3865 – facsimile
ejdovin@dovinficken.com
ahficken@dovinficken.com

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-02736-6

3/31/2023 5:44 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior** or ☐ **State Court of** _Gwinnett_____ **County**

| **For Clerk Use Only** | 23-A-02736-6 |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Boldin, Tanesha

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Restoration Hardware, Inc.,

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Edward J. Dovin_____     **Bar Number** 227645_____     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE - CE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-02736-6**

**3/31/2023 5:44 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Tanesha Boldin**

23-A-02736-6

CIVIL ACTION
NUMBER:_____

PLAINTIFF

VS.

**Restoration Hardware, Inc.**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Edward J. Dovin / Dovin Ficken, LLC**
**3414 Peachtree Road NE #625 Atlanta, GA 30326**
**ejdovin@dovinficken.com**

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

3rd day of April, 2023

This _____ day of _____,   20_____.

Tiana P. Garner

~~Richard T. Alexander, Jr.,~~
**Clerk of Superior Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

CIVIL ACTION NO. __23-A-02736-6__

DATE FILED ___03-31-23___

**ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER**

_Edward J. Dovin, DOVIN FICKEN LLC_

_3414 Peachtree Road NE, Monarch Plaza , Suite 625_

_Atlanta, GA 30326_

**NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED**

_Restoration Hardware, Inc._

_c/o Corporation Service Company_

_2 Sun Court, Suite 400  Peachtree Corners, GA 30092_

**[ ] MAGISTRATE [ ] STATE [x] SUPERIOR - COURT GWINNETT COUNTY, GEORGIA**

_Tanesha Boldin_

**PLAINTIFF(S)**
vs.
_Restoration Hardware, Inc._

**DEFENDANT(S)**

**GARNISHEE**

Other attached documents to be served: _____

---

**SHERIFF'S ENTRY OF SERVICE**

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

**[ ] PERSONAL** Upon the following named defendant:

**[ ] NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age

yrs; approximate weight_____ pounds; approximate height_____ feet and _____ inches, domiciled at residence of the defendant

**[ ] CORPORATION** Upon corporation _Restoration Hardware Inc._
_____, in charge of the office and
place of business of the corporation in this county.

By serving _Alisha Smith_

By serving _____, its registered agent.

**[ ] TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

**[ ] NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

This _7_ day of _Apr_____, 20_23_

SHERIFF DOCKET_____ PAGE_____

TIME: _____ ___. M.

_Lt. Higgins 50541_
DEPUTY

# Gwinnett County Sheriff's Office

## Cover Sheet



**Sheriff #:**   23011440

**Person Served:**   RESTORATION HARDWARE INC
2 SUN COURT
SUITE 400
PEACHTREE CORNERS GA 30092
PHONE:

**Process Information:**

Date Received:   04/06/2023

Assigned Zone:   2 Sun Court                     Court Case #:   23-A-02736-6

Expiration Date:                                 Hearing Date:

Paper Types:   SUMMONS, COMPLAINT

Notes/Alerts:

**Notes:**

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-02736-6

4/17/2023 4:02 PM
TIANA P. GARNER, CLERK

**CIVIL ACTION NO.** ___23-A-02736-6___

**DATE FILED** ___03-31-23___

**ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER**

__Edward J. Dovin, DOVIN FICKEN LLC__

__3414 Peachtree Road NE, Monarch Plaza , Suite 625__

__Atlanta, GA 30326__

**NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED**

__Restoration Hardware, Inc.__

__c/o Corporation Service Company__

__2 Sun Court, Suite 400  Peachtree Corners, GA 30092__

**[ ] MAGISTRATE [ ] STATE [x] SUPERIOR COURT**
**GWINNETT COUNTY, GEORGIA**

__Tanesha Boldin__

**PLAINTIFF(S)**

VS.

__Restoration Hardware, Inc.__

**DEFENDANT(S)**

**GARNISHEE**

Other attached documents to be served: _____

---

### SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

**[ ] PERSONAL**  Upon the following named defendant:

**[ ] NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age

yrs; approximate weight_____ pounds; approximate height_____ feet and_____ inches, domiciled at residence of the defendant.

**[ ] CORPORATION** Upon corporation _Restoration Hardware Inc_
By serving _____, in charge of the office and
place of business of the corporation in this county.
By serving _Alisha Smith_ , its registered agent.

**[ ] TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope *properly* addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

**[ ] NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

_____

_____

_____

This __7__ day of __A p__ , 20_23_.

SHERIFF DOCKET_____ PAGE_____    _H. Higgins 50541_

TIME: _____ ___. M.                              DEPUTY

Q:\ Magforms\Forms\MAG 10-10 Sheriff's Entry of Service

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-02736-6**

**5/8/2023 4:40 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TANESHA BOLDIN | |
| Plaintiff, | CIVIL ACTION |
| | FILE NO.:  23-A-02736-6 |
| v. | |
| RESTORATION HARDWARE, INC. | |
| Defendant. | |

## ANSWER AND DEFENSES OF DEFENDANT

COMES   NOW,   Defendant   RESTORATION   HARDWARE,   INC.,   hereinafter

("Defendant"), by and through undersigned counsel, and answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant is not liable to Plaintiff because Defendant breached no duty owed to Plaintiff

regarding the occurrence giving rise to this Complaint.

### THIRD DEFENSE

Negligence on the part of Plaintiff was equal to or greater than any negligence chargeable

to Defendant, which negligence is specifically denied by them, and therefore, Plaintiff is barred

from any recovery against Defendant whatsoever.

### FOURTH DEFENSE

The sole and proximate cause of the incident complained of was negligence on the part of

Plaintiff and therefore, Defendant is not liable to Plaintiff in any amount whatsoever.

### FIFTH DEFENSE

In the exercise of ordinary care, Plaintiff could have avoided the incident complained of

and therefore, she is barred from any recovery against the Defendant whatsoever.

## SIXTH DEFENSE

The Complaint fails to state a claim for punitive damages against Defendant upon which relief can be granted.

## SEVENTH DEFENSE

The venue is improper and should be removed to Federal Court. Please see Defendant's Notice of Removal filed herewith.

## EIGHTH DEFENSE

For an Eighth Defense, Defendant answers the numbered paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant admits it is a Delaware corporation doing business in the State of Georgia and that its registered agent is Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092. Defendant admits it is subject to jurisdiction in this court but denies this is the most appropriate venue.

2.

Defendant denies all allegations of negligence and gross negligence but admits Plaintiff has pled such allegations.

## FACTUAL ALLEGATIONS

3.

Without waiving any defenses, Defendant admits that it operates a RH Dawsonville Outlet ("Outlet" or "Premises") located at 534 Marketplace Parkway, Dawsonville, Georgia 30534.

Defendant denies remaining allegations contained in Paragraph No. 3 of Plaintiff's Complaint, as stated.

4.

Without waiving any defenses, Defendant admits as a general purpose it owes certain duties to persons coming on its Premises, as defined by Georgia law. Defendants admits that Plaintiff was on the property on June 12, 2021 and reported falling on a floor mat. Defendant lacks sufficient information to admit or deny the remaining allegations contained within Paragraph No. 4 of Plaintiff's Complaint, as stated.

5.

Without waiving any defenses, Defendant admits that Plaintiff was present at the Outlet on June 12, 2021 and reported falling on a floor mat. Defendant denies the remaining allegations contained within Paragraph No. 5 of Plaintiff's Complaint as stated.

6.

Defendant lacks sufficient information to admit or deny the allegations contained within Paragraph No. 6 of Plaintiff's Complaint, and therefore denies the same.

7.

Defendant denies the allegations contained within Paragraph No. 7 of Plaintiff's Complaint as stated.

## COUNT ONE
## NEGLIGENCE

8.

Defendant incorporates its answers to the preceding paragraphs 1 through 7 as if fully set forth herein.

9.

Without waiving any defenses, Defendant admits as a general matter it has certain duties to persons coming on to the Premises that are defined by Georgia law. Defendant denies the remaining allegations contained within Paragraph No. 9 that may conflict with Georgia law. Defendant lacks sufficient information to admit or deny the Plaintiff's status on the Premises and therefore denies the same.

10.

Defendant denies the allegations contained within Paragraph No. 10 of Plaintiff's Complaint and its various subparts, as stated.

11.

Defendant denies the allegations contained within Paragraph No. 11 of Plaintiff's Complaint, as stated.

12.

Defendant denies the allegations contained within Paragraph No. 12 of Plaintiff's Complaint, as stated.

13.

Defendant denies the allegations contained within Paragraph No. 13 of Plaintiff's Complaint, as stated.

**COUNT TWO**
**GROSS NEGLIGENCE**

14.

Defendant incorporates its answers to the preceding paragraphs 1 through 13 as if fully set forth herein.

15.

Defendant denies the allegations contained within Paragraph No. 15 of Plaintiff's Complaint.

16.

All allegations in the Complaint not specifically admitted or denied hereinabove are now generally denied. In response to the allegations contained in the unnumbered "WHEREFORE" paragraph of Plaintiff's Complaint, including each subpart, Defendant denies that Plaintiff is entitled to the relief requested.

WHEREFORE, having responded to the Complaint, Defendant Restoration Hardware, Inc. prays to the Court as follows:

(1)     That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff have and recover nothing by way of the Complaint against Defendant;

(2)     That all issues of fact be tried by a jury of twelve (12);

(3)     That all costs associated with the action be taxed against Plaintiff to include a reasonable fee for Defendant's attorneys; and

(4)     For such and further relief as the Court deems just and proper.

Respectfully submitted this 8th day of May 2023.

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Amy B. Knight*
ZACH M. MATTHEWS
Georgia Bar No: 211231
AMY B. KNIGHT
Georgia Bar No. 331349
***Attorneys for Defendant***

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone:     (678) 824-7800
Facsimile:     (678) 824-7801
zmatthews@mkblawfirm.com
aknight@mkblawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date I have electronically filed the foregoing **ANSWER AND DEFENSES OF DEFENDANT** with the Clerk of the Court using the Odyssey e-Filing system, which will automatically send a notification attaching same thereon to the following counsel of record:

Edward J. Dovin
Allison S.H. Ficken
Dovin | Ficken, LLC
Monarch Plaza
3414 Peachtree Road NE, Suite 625
Atlanta, GA 30326
ejdovin@dovinficken.com
ahficken@dovinficken.com
***Attorneys for Plaintiff***

This 8th day of May, 2023.

*/s/ Amy B. Knight* _____
AMY B. KNIGHT
For the Firm

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-02736-6

5/8/2023 4:40 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

TANESHA BOLDIN

     Plaintiff,

v.

RESTORATION HARDWARE, INC.

     Defendant.

Civil Action File No.:  23-A-02736-6

## NOTICE OF FILING NOTICE OF REMOVAL

COME NOW, Defendant RESTORATION HARDWARE, INC., by and through the undersigned counsel, and give notice of the filing of a Notice of Removal of the above-styled civil action to the United States District Court, for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal, excluding pleadings previously filed in this matter, filed with the United States District Court is attached hereto as Exhibit "1".   Pursuant to 28 U.S.C. § 1446(d), all future proceedings in this Court are stayed.

Respectfully submitted, this 8th day of May, 2023.

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Amy B. Knight*
ZACH M. MATTHEWS
Georgia Bar No: 211231
AMY B. KNIGHT
Georgia Bar No. 331349
***Attorneys for Defendant***

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone:   (678) 824-7800
Facsimile:   (678) 824-7801
zmatthews@mkblawfirm.com
aknight@mkblawfirm.com

M1033684.1 16502

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date I have electronically filed the foregoing **NOTICE OF FILING NOTICE OF REMOVAL** with the Clerk of the Court using the Odyssey e-Filing system, which will automatically send a notification attaching same thereon to the following counsel of record:

Edward J. Dovin
Allison S.H. Ficken
Dovin | Ficken, LLC
Monarch Plaza
3414 Peachtree Road NE, Suite 625
Atlanta, GA 30326
ejdovin@dovinficken.com
ahficken@dovinficken.com
***Attorneys for Plaintiff***

This 8th day of May, 2023.


<u>*/s/ Amy B. Knight*            </u>
AMY B. KNIGHT
For the Firm

M1033684.1 16502

# EXHIBIT "1"

**Notice of Removal Filed in Federal Court**

**State Court Pleadings Previously Filed
Have been excluded from this Filing**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TANESHA BOLDIN | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| RESTORATION HARDWARE, INC., | Gwinnett County Superior Court Case No.:  23-A-02736-6 |
| Defendant. | |

## NOTICE OF REMOVAL

COME NOW, Defendant RESTORATION HARDWARE, INC. ("RH, Inc."), by and through the undersigned counsel, without waiving any defenses to personal jurisdiction, venue, process, or service of process, and, pursuant to 28 U.S.C. § 1441(a) and (b), hereby remove to this Court the State Court action described below, respectfully showing the Court as follows:

1.

A civil action was filed by the above-named Plaintiff Tanesha Boldin ("Plaintiff") in the State Court of Gwinnett County, State of Georgia, naming Restoration hardware, Inc. as the lone defendant, being Civil Action File No. 23-A-02736-6.  The Summons and Complaint and all other pleadings in said civil action are attached hereto as **Exhibit "A"**.

2.

At the time of the filing of the Complaint, Plaintiff was a citizen and resident of the State of Georgia.

3.

At the time of filing of the Complaint, Defendant RH Inc. was, and currently is, a foreign corporation organized under the laws of the State of Delaware with its principal place of business located at 15 Koch Rd, Suite K, Corte Madera, CA, 94925.

4.

Plaintiff seeks judgment against Defendant for sums in excess of $75,000.00, exclusive of interest and costs. See Email from Plaintiff's Counsel attached hereto as **<u>Exhibit "B"</u>**.

5.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1446(a) and (b), and in accordance with 28 U.S.C. § 1332(a), there being diversity of citizenship between Plaintiff and Defendant, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6.

Now, within thirty (30) days after receipt by Defendants of a copy of the Summons and Complaint filed in the Superior Court of Gwinnett County, State of

Georgia, notice is hereby given in accordance with 28 U.S.C. § 1446 and pursuant

to Rule 11, Federal Rules of Civil Procedure, of the removal of said action to this

Court.

Respectfully submitted, this 8th day of May, 2023.

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Amy B. Knight*
ZACH M. MATTHEWS
Georgia Bar No: 211231
AMY B. KNIGHT
Georgia Bar No. 331349
***Attorneys for Defendant***

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone:   (678) 824-7800
Facsimile:    (678) 824-7801
zmatthews@mkblawfirm.com
aknight@mkblawfirm.com

## **<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C.  This pleading has been prepared in Times New Roman, 14 point font.

This 8th day of May, 2023.

*/s/ Amy B. Knight*
AMY B. KNIGHT
For the Firm

**4** of **5**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Edward J. Dovin
Allison S.H. Ficken
Dovin | Ficken, LLC
Monarch Plaza
3414 Peachtree Road NE, Suite 625
Atlanta, GA 30326
ejdovin@dovinficken.com
ahficken@dovinficken.com
***Attorneys for Plaintiff***

This 8th day of May, 2023.

*/s/ Amy B. Knight*
AMY B. KNIGHT
For the Firm