IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDI HOLLAND, <br><br>**Plaintiff,**<br><br>v.<br><br>SELINA ELLIS and<br>S. ELLIS HEALTHCARE SERVICES, LLC<br><br>**Defendants.** | Civil Action No.:<br><br>**Jury Trial Demanded** |

## COMPLAINT

COMES NOW Plaintiff, Brandi Holland, by and through her undersigned counsel, files this lawsuit against Defendants Selina Ellis and S. Ellis Healthcare Services, LLC on behalf of herself and similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, for minimum wage violations.

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as both Defendants conduct business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District. Defendant, Selina Ellis, resides

in the district and Defendant, S. Ellis Healthcare Services LLC, is a domestic corporation registered in the district.

3. Plaintiff asserts state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Georgia. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II.  STATEMENT OF CLAIMS

4. The instant lawsuit is for relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended.

## III.  PARTIES

5. Plaintiff Brandi Holland (hereinafter "Plaintiff" or "Ms. Holland") is a resident of Fulton County, Georgia (within this District).

6. Ms. Holland was jointly employed by Defendants, Selina Ellis and S. Ellis Healthcare Services, LLC (hereinafter "Defendants").

7. Plaintiff is covered by §§ 203, and 206 of the FLSA for the period in which they were employed by Defendants.

8. Defendant S. Ellis Healthcare Services, LLC is a domestic corporation with its principal place of business at 1809 Honey Creek Commons SE, Conyers, GA 30013.

9. Defendant, S. Ellis Healthcare Services, LLC, conducts business within this State and District, and at all times relevant to this lawsuit was a private business entity that manages employees, such as Plaintiff. As such, Defendant S. Ellis Healthcare Services, LLC is to be subject to the jurisdiction of this Court. Defendant S. Ellis Healthcare

Services, LLC can be served process via their registered agent, Selina Ellis, 1809 Honey Creek Commons SE, Conyers, GA 30013, (Rockdale County).

10. Defendant Selina Ellis is a natural person, General Manager and Owner of S. Ellis Healthcare Services, LLC. She can be served at 1809 Honey Creek Commons SE, Conyers, GA 30013, or her physical address of 55 Mockingbird Lane, Oxford, GA 30054.

11. Defendants are employers as defined by § 203(d) of the FLSA. Defendants are subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia.

12. Ms. Holland was, at all times relevant to this action, an "employee" of the Defendants as defined at § 203(e)(1) of the FLSA, and is entitled to the protections provided thereunder.

13. Defendants were provided an opportunity to resolve the concerns described herein prior to the filing of this lawsuit.

## IV.  GENERAL ALLEGATIONS

14. Ms. Holland has been employed by Defendants' as a "Personal Care Assistant" at their office in Conyers, Georgia from April 2022 through to September 2022.

15. Defendants promised Ms. Holland payment of $14.00 per hour on a bi-monthly schedule, with payment due on the 1st and 15th of each month.

16. Ms. Holland's scheduled hours were Monday through Friday and she typically worked 5 hours each day. Ms. Holland's supervisor (Katrina) instructed her not to log more

than 21 hours on her sign-in sheets because "the VA would not pay them for more than that."

17. However, she regularly worked approximately 30 extra minutes each shift that she did not include on her time sheets, to comply with her supervisor's instructions. This equates to 2.5 unpaid hours each week for the 26 weeks of her employment since March 28, 2022, which amounts to an additional 65 hours of unpaid wages. Accordingly, she is owed $910.00 for her off the clock work.

18. Additionally, there were at least six occasions when she did not receive her bi-monthly paychecks, including but not limited to checks due on April 15, 2022, May 15, 2022, June 15, 2022, July 1, 2022, August 15, 2022 and September 1, 2022.

19. Plaintiff typically worked 5 hour days at $14.00 per hour, which equates to 25 hours per week or at least $770 for each bi-monthly pay period. Defendants failed to pay Ms. Holland for at least 6 pay periods, which amounts to approximately $4,620. Additionally, Ms. Holland is also owed $910.00 for her previously mentioned off the clock work. In total, Ms. Holland is owed $5,530 in unpaid wages.

20. Plaintiff is owed by law $11,060 for unpaid wages and liquidated damages, plus payment of her attorney's fees.

21. The Fair Labor Standards Act requires all employees to be paid at a rate of no less than $7.25 per hour for all hours worked up to 40 hours, in any given work week. Since Ms. Holland was not paid any compensation for hours she worked during at least six identified pay periods, and the above referenced off the clock work, Defendants have violated the minimum wage provisions of the Fair Labor Standards Act.

22. As an hourly employee, Ms. Holland does not qualify for any exemptions under FLSA and is therefore, unequivocally entitled to full payment for all hours worked.

23. Shortly after Plaintiff's counsel notified Defendants of their FLSA violations on September 29, 2023, Defendants denied that they owed Plaintiff any unpaid wages, but direct-deposited $586.89, into her bank account on October 7, 2023, which was far from sufficient to address all of Plaintiff's damages.

24. Defendants cannot escape the accrual of damages from FLSA violations by making a late payment after violations have already occurred. See, e.g., *Wilson v. Regions Fin. Corp.*, 347 F. Supp. 3d 1241, 1246 (N.D. Ga. 2016) (citing *Arroyave v. Rossi*, 296 F. App'x 835, 836 (11th Cir. 2008) ("liquidated damages are available under the FLSA to an employee if the employer failed to pay wages or overtime on the regular payment date.")).

25. Defendants' failure to pay Ms. Holland the appropriate amounts on her regularly scheduled paydays violates the Fair Labor Standards Act.

26. Ms. Holland is unequivocally entitled to full payment for hours worked, and she does not qualify for any of the recognized exemptions from the minimum wage protections of FLSA.

27. Ms. Holland did not supervise any employees and had no authority to hire, fire, promote or discipline employees.

28. Ms. Holland's work did not involve the performance of duties directly related to management or general business operations. To the extent that his work required any judgment at all, his judgment was limited to choices within set policies or guidelines.

29. Ms. Holland was paid an hourly non-exempt rate during the entire course of his employment, and regularly worked at least 30 hours a week.

## V.  CAUSES OF ACTION

### COUNT ONE
### FAILURE TO PAY MINIMUM WAGE

30. Plaintiff incorporates all allegations contained in the foregoing paragraphs, as set forth herein and states:

31. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§ 203, and 206 of the FLSA.

32. Plaintiff was not an exempt employee under FLSA.

33. Defendants deliberately avoided paying Ms. Holland the compensation she earned in her customer facing position, both before and after she was formally notified Defendants of their FLSA violations.

34. Defendants were aware that it could not lawfully deny Plaintiff her appropriately calculated minimum wages.

35. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's compensation of minimum wages.

36. As a result of Defendants' violations of the FLSA, Plaintiff suffered damages by failing to receive minimum wage compensation in accordance with §§ 203, and 206 of the FLSA.

37. As a result of the unlawful acts of Defendants, Ms. Holland was deprived of minimum wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## COUNT TWO
## BREACH OF CONTRACT

38. Plaintiff incorporates all allegations contained in the foregoing paragraphs, as set forth herein and states:

39. Defendants entered into valid and enforceable contracts to pay the Plaintiff for all hours worked.

40. Plaintiff was to be paid the specified rate identified on her pay records for each hour worked.

41. Plaintiff performed work on behalf of Defendants as agreed, but Defendants failed to pay the wages they were required to pay as a result of the policies identified above.

42. Defendants had both actual and constructive knowledge that Plaintiff performed work without full payment of her minimum and regular wages.

43. The Plaintiff performed the work at Defendants' direction and for Defendants' benefit.

44. Consequently, Defendants are liable to the Plaintiff.

## COUNT THREE
## QUANTUM MERUIT

45. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

46. Valuable services were rendered to Defendants by Plaintiff and similarly situated employees.

47. The services were accepted, used and enjoyed by Defendants.

48. A reasonable person would have expected to compensate Plaintiffs for such use and enjoyment.

49. Plaintiffs had a reasonable expectation of receiving compensation for the services which were rendered.

## COUNT FOUR
## UNJUST ENRICHMENT

50. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

51. Defendants have been unjustly enriched at the expense of Plaintiff by failing to pay for work performed by Plaintiff.

52. Defendants knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff, despite its policy and practice of failing to pay Plaintiff for such work. In particular, Defendants received the benefit of the labor and services provided by Plaintiff.

53. Such conduct demonstrates bad faith and undue advantage on the part of Defendants.

54. It would be unjust and inequitable for Defendants to retain the benefit of the unpaid work performed by Plaintiff.

## PRAYER FOR RELIEF

55. Wherefore, Plaintiff prays that process is issued according to law and demands judgment against Defendants as follows:

   a. All damages that may be awarded under FLSA, and Georgia law; including general compensatory damages, plus interest;

   b. Special damages;

   c. Injunctive relief preventing and prohibiting Defendants from engaging in its present practices in violation of the laws cited herein;

   d. Reasonable attorney's fees and expenses and costs pursuant to 42 U.S.C. §1988;

   e. Unpaid wages and minimum wage compensation for work performed, an equal amount of liquidated damages including, reasonable attorneys' fees, litigation costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

   f. Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted this 8th day of May 2023.

/S/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**