UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHARON L. HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| KOLB ENTERPRISES INC.; and | ) | |
| H & A CREDIT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>PLAINTIFF'S COMPLAINT</u>**

Plaintiff, SHARON L. HINTON, by and through her attorneys, alleges the following against Defendants, KOLB ENTERPRISES INC. and H & A CREDIT CORPORATION (hereinafter "Kolb" and "H&A Credit" respectively and "Defendants" collectively):

**INTRODUCTION**

1. Count I of Plaintiff's Complaints is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

2. Counts II and III of Plaintiff's Complaint are based on the Georgia Fair Business Practices Act, Ga. Code, T. 10, Ch. 1, Art. 15, Pt. 2 ("GFBPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

7. Plaintiff is a natural person residing in the City of Atlanta, Fulton County, State of Georgia.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. Kolb is a Georgia business corporation based in the City of Atlanta, Fulton

County, State of Georgia.

11. H&A Credit is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

12. H&A Credit is a Georgia limited liability company based in the City of Stone Mountain, Dekalb County, State of Georgia.

13. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of H&A Credit's business is the collection of debts allegedly owed to third parties.

15. H&A Credit regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, H&A Credit sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff to Kolb for an unpaid account balance related to financing for household items.

19. The alleged debt owed arises from transactions for personal, family, and household purposes.

20. On December 23, 2015, Plaintiff filed a Chapter 7 bankruptcy petition with the Northern District of Georgia Bankruptcy Court, case no. 15-74927. (Doc. No. 1).[1]

21. On December 23, 2015, an "automatic stay" went into effect, pursuant to 11 U.S.C. § 362.

22. On, at least, February 5, 2016, Kolb was given notice of Plaintiff's bankruptcy filing as a result of bankruptcy documents being mailed to Kolb by Plaintiff's bankruptcy attorney, Charles M. Clapp. (Doc. No. 18).

23. On or about May 9, 2016, the above-referenced debt was discharged in bankruptcy by Judge Paul W. Bonapfel of the Northern District of Georgia Bankruptcy Court. (Exhibit A).

24. Plaintiff does not owe the alleged debt.

25. At all times relevant hereto, H&A Credit was engaged by Kolb to collect the

---

1 All docket citations are to *In re Hinton*, 15-74297 (Bankr. N.D. Ga. Dec. 23, 2015).

alleged debt.

26. In July 2022, Plaintiff received a Summons of Garnishment from H&A Credit.  (Exhibit B).

27. Defendants had actual notice that the alleged debt was discharged in bankruptcy.

28. Defendants had constructive notice that the alleged debt was discharged in bankruptcy.

29. H&A Credit could not reasonably rely on information it received from Kolb.

30. H&A Credit should have investigated PACER for Plaintiff's bankruptcy filing before attempting to collect the alleged debt from Plaintiff.

31. Defendants attempted to collect a debt from Plaintiff that was discharged in bankruptcy.

32. The natural consequences of Defendants' actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

33. The natural consequences of Defendants' actions was to cause Plaintiff mental distress.

34. The natural consequences of Defendants' actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

35. Defendants' actions constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to her legally

protected interest of her individual privacy.

## COUNT I:
## H & A CREDIT CORPORATION VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff repeats and realleges paragraphs 1-35 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

37. H&A Credit violated the FDCPA based on the following:

   a. H&A Credit violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt number when H&A Credit attempted to collect a debt from Plaintiff, which Plaintiff does not owe;

   b. H&A Credit violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when H&A Credit engaged in, at least, the following discrete violations of § 1692e;

   c. H&A Credit violated § 1692e(2)(A) of the FDCPA by their false representation of the character and legal status of any debt when H&A Credit attempted to collect a debt from Plaintiff, which Plaintiff does not owe;

   d. H & A violated § 1692e(4) of the FDCPA by its representation or

implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when H&A Credit unlawfully attempted to garnish Plaintiff's wages;

e. H&A Credit violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when H&A Credit attempted to collect a debt from Plaintiff, which Plaintiff does not owe, including when H&A Credit unlawfully attempted to garnish Plaintiff's wages;

f. H&A Credit violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when H&A Credit engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

g. H&A Credit violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when H&A Credit engaged in all of the misconduct alleged herein; and

h. H&A Credit violated § 1692f(1) of the FDCPA by its attempted collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is

expressly authorized by the agreement creating the debt or permitted by law when H&A Credit attempted to collect a debt from Plaintiff, which Plaintiff does not owe.

WHEREFORE, Plaintiff, SHARON L. HINTON, respectfully requests judgment be entered against Defendant, H & A CREDIT CORPORATION, for the following:

a. Actual damages, to be determined at trial;

b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

d. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## H & A CREDIT CORPORATION VIOLATED THE GEORGIA FAIR BUSINESS PRACTICES ACT

38. Plaintiff repeats and realleges paragraphs 1-37 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

39. A violation of the FDCPA is a violation *per se* of the GFBPA.

    *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

40. H&A Credit also violated the automatic stay and discharge order of the U.S.

Bankruptcy Code.

41. When H&A Credit engaged in the foregoing misconduct, it committed an unfair or deceptive act.

42. H&A's unfair or deceptive acts or practices as to Plaintiff has an impact upon the public interest in the State of Georgia.

43. H&A's above-referenced conduct affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, and emotional distress.

WHEREFORE, Plaintiff, SHARON L. HINTON, respectfully requests judgment be entered, both jointly and severally, against Defendant, H & A CREDIT CORPORATION, for the following:

44. Actual damages pursuant to O.C.G.A.;

45. Attorneys' fees and costs pursuant to O.C.G.A. § 10-1-399(d);

46. Any other relief that this Honorable Court deems appropriate.

### COUNT III:
### KOLB ENTERPRISES INC. VIOLATED THE GEORGIA FAIR BUSINESS PRACTICES ACT

47. Plaintiff repeats and realleges paragraphs 38-43 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

48. When Kolb engaged in the foregoing misconduct, it committed an unfair or deceptive act.

49. Kolb is also vicariously liable for its agent, H&A Credit's violation of the automatic stay and discharge of the U.S. Bankruptcy Code and the FDCPA.

WHEREFORE, Plaintiff, SHARON L. HINTON, respectfully requests judgment be entered, both jointly and severally, against Defendant, KOLB ENTERPRISES INC., for the following:

50. Actual damages pursuant to O.C.G.A. § 10-1-399(a);

51. Attorneys' fees and costs pursuant to O.C.G.A. § 10-1-399(d);

52. Any other relief that this Honorable Court deems appropriate.

                RESPECTFULLY SUBMITTED,

May 9, 2023     By: /s/ Shireen Hormozdi Bowman
             Shireen Hormozdi Bowman
             Georgia Bar No. 366987
             AGRUSS LAW FIRM, LLC
             4809 N. Ravenswood Avenue, Suite 419
             Chicago, IL 60640
             -and-
             HORMOZDI LAW FIRM, LLC
             1770 Indian Trail Lilburn Road, Suite 175
             Norcross, GA 30093
             Tel: 312-224-4695
             Direct: 678-960-9030
             Fax: 312-253-4451
             shireen@norcrosslawfirm.com
             Attorney for Plaintiff

# **<u>EXHIBIT A</u>**

# **<u>EXHIBIT B</u>**