IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FERN AVENUE SOLUTIONS, LLC )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>PROTECTED SOLUTIONS, LLC )<br>)<br>   Defendant. ) | CIVIL ACTION FILE NO.<br><br>_____ |

## **COMPLAINT**

FERN AVENUE SOLUTIONS, LLC ("Fern Avenue"), through undersigned counsel, brings this complaint for patent infringement against Defendant PROTECTED SOLUTIONS LLC ("ProtectED") and in support thereof avers as follows:

**Nature of the Action**

1. Fern Avenue brings this civil action against ProtectED for infringement of United States Patent Number 9,310,170, a true and correct copy of which is attached hereto as Exhibit "A" ("the '170 patent") under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271, giving rise to the remedies specified in 35 U.S.C. §§ 281 and 283-85.

## Parties, Jurisdiction and Venue

2. Fern Avenue is a Pennsylvania limited liability company with a principal place of business located in Pennsylvania.

3. Upon information and belief, ProtectEd is a Georgia limited liability company with a principal place of business located at 304 Gold Mill Trail, Canton, Georgia 30114.

4. Jurisdiction before this Court is proper under 28 U.S.C. §§ 1331 and 1338 in that this is a civil action arising under the Constitution, laws, or treaties of the United States, specifically the patent laws of the United States.

5. This Court has personal jurisdiction over ProtectED because, on information and belief, ProtectED is a limited liability company organized and existing under the laws of the state of Georgia and residing in Canton, Georgia.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and/or 1400 because, on information and belief, ProtectED resides and has a regular and established place of business in this judicial district.

## The '170 Patent

7. On April 12, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '170 patent, entitled "Moveable Furniture Piece with Armored Panel." The '170 patent has been in full force and effect since its issuance.

8. Fern Avenue is the owner by assignment of the '170 patent and possesses all right and title in the '170 patent, including the exclusive right to sue for infringement and recover damages.

9. The invention claimed in the '170 patent provides a new and inventive solution for securing a room, such as a classroom, and its occupants against an armed intruder. See, e.g., '170 patent at 1:6-24; 2:26-34; 2:38-53; 3:18-39. As stated in the '170 patent, "[a]rmed, random violence in schools, universities, workplaces and other public venues is one of the most horrifying and vexing problems facing the United States." '170 patent, 1:27-30. Gun control legislation is difficult to enact or enforce, for both political and constitutional reasons. Placing armed guards in schools and workplaces is impractical and probably ineffective. Arming inexperienced and unwilling teachers and office workers is dangerous, and constructing classroom and office doors out of armored or bullet resistant materials is both expensive and aesthetically undesirable. See '170 patent, 1:27-2:9.

10. The patented invention solves these issues by providing, in one embodiment, a moveable furniture piece that includes an armored panel, a locking mechanism and means for releasably securing the furniture piece to a position in which it substantially blocks the entrance to the room. '170 patent, 7:36-48.

Different embodiments of the invention described in the patent include a bookcase, a wardrobe, a cabinet, a shelf system, a table and a desk. '170 patent, 4:48-56.

11. In one example described in the patent, a bookcase embodying the invention might be positioned in a location within a classroom or office that served the needs of the teacher, students or others, such as against a wall or by the teacher's desk. '170 patent, 2:54-64. The mechanism for locking the bookcase to a doorway might be hidden on the side, back or top surface of the bookcase, while a set of wheels or roller mechanism might be recessed and hidden within the bottom of the bookcase. The bookcase might be used for many years (even its entire functional life) without ever being repositioned and used for protection against a hostile intruder. Yet, upon hearing an alarm that an intruder is loose in the building, a person in the room might move the bookcase from its normal position to a location blocking the room's doorway and then engage latches, hooks, cables or other mechanical means for locking the bookcase into its position. '170 patent, 2:65-3:17. Persons located within the room, including perhaps a teacher, students and others, would be safely locked into the room and in a position to await the arrival of law enforcement or signal for all clear. Meanwhile, the intruder, who might be able to shoot or kick through a normal, non-reinforced door, would be prevented (or at least substantially delayed) from doing so by the armored bookcase and locking mechanism of this invention. '170 patent, 3:17-39.

### ProtectED's Rooms Bookcase

12. Upon information and belief, ProtectED has made, used, offered for sale and sold—and currently makes, uses, offers for sale and sells—a product called the ProtectED Rooms Bookcase, as illustrated in Figure 1 below.



Figure 1

13. Upon information and belief, the ProtectED Rooms Bookcase includes an armored or ballistic panel, a mobility mechanism such as a set of rollers, wheels or casters, and a locking mechanism for releasably securing the bookcase to a location substantially blocking an entrance to a room.

14. The use of the ProtectED Rooms Bookcase is illustrated in a video available on ProtectED's website (www.protectedrooms.com) and through

YouTube (https://www.youtube.com/watch?v=BoR5NBsrXvk&t=2s).  Upon hearing an alarm, a person within the room moves the bookcase, with its integral armored panel, to a location substantially blocking an entrance to a room and then locks the bookcase into position using the attached locking mechanism.  See Figures 2 and 3, from the ProtectED website.



Figure 2



Figure 3

15. Upon information and belief, ProtectED intends that its customers will use the ProtectED Rooms Bookcase in the manner described in the preceding paragraph—that is, upon hearing an alarm, a person within the room moves the bookcase, with its integral armored panel, to a location substantially blocking an entrance to a room and then locks the bookcase into position using the attached locking mechanism.

16. ProtectED has no license, permission or other authority for use of the '170 patent.

17. At least as early as June 9, 2022, ProtectED has known of the '170 patent.

## Count 1—Infringement under 35 U.S.C. § 271(a)

18. Fern Avenue repeats each of the allegations above.

19. ProtectED makes, uses, offers to sell or sells products, specifically the ProtectED Rooms Bookcase, that embody the patented invention described and claimed in the '170 patent.

20. Representative claim 1 of the '170 patent is set forth below:

> *1. A furniture piece for substantially blocking at least one entrance of a room, comprising*
> *at least one armored panel;*
> *at least one locking mechanism; and*
> *means for releasably securing the furniture piece, using the at least one locking mechanism, to a location adjacent to and substantially blocking the at least one entrance of the room;*
> *wherein the furniture piece is moveable from a location within the room and not adjacent to the at least one entrance of the room to the location adjacent to and substantially blocking the at least one entrance of the room.*

21. The accused ProtectED Rooms Bookcase embodies every limitation of at least claim 1 of the '170 patent, literally or through the doctrine of equivalents, as set forth below. The further descriptions set forth below are allegations for purposes of pleading a claim of infringement and are non-limiting.

### *A furniture piece for substantially blocking at least one entrance of a room, comprising …*

22. The ProtectED Rooms Bookcase is a furniture piece.

23. The ProtectED Rooms Bookcase is used for substantially blocking at least one entrance of a room, specifically a doorway.

> *... at least one armored panel ...*

24.  The ProtectED Rooms Bookcase includes at least one armored panel, located at the back plane of the bookcase.

> *... at least one locking mechanism; and ...*

25.  The ProtectED Rooms Bookcase includes at least one locking mechanism, located along and protruding from each vertical side of the bookcase.

> *... means for releasably securing the furniture piece, using the at least one locking mechanism, to a location adjacent to and substantially blocking the at least one entrance of the room; ...*

26.  The ProtectED Rooms Bookcase includes means for releasably securing the bookcase, using the locking mechanism, to a location adjacent to and substantially blocking at least one entrance of the room.  The means for releasably securing the bookcase include the locking mechanism attached to the bookcase and a corresponding hook and plate attached to the wall along either side of the room's doorway for capturing and holding the releasable mechanism attached to the bookcase.

> *wherein the furniture piece is moveable from a location within the room and not adjacent to the at least one entrance of the room to the location adjacent to and substantially blocking the at least one entrance of the room.*

27.  The ProtectED Rooms Bookcase is moveable from a location that is not adjacent to the entrance of the room (such as along a wall) to a location that is

adjacent to and blocking the entrance of the room. Specifically, the bookcase is moveable by use of a mobility mechanism such as a set of rollers, wheels or casters.

28. On information and belief, ProtectED has infringed and continues to infringe, under 35 U.S.C. § 271(a), at least claim 1 of the '170 patent.

29. As a result of ProtectED's infringement of the '170 patent, Fern Avenue has been damaged. Fern Avenue is entitled to recover for damages sustained as a result of ProtectED's wrongful acts in an amount subject to proof at trial. Fern Avenue is entitled to other forms of relief in addition to money damages, including injunctive relief.

30. On information and belief, ProtectED's infringement of the '170 patent is knowing and intentional. As noted above, ProtectED has long had knowledge of the '170 patent and its need for a license to the same. ProtectED, nonetheless has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for Fern Avenue's patent rights. Thus, ProtectED's infringing actions have been and continue to be consciously wrongful.

31. Based on the information alleged in this claim, Fern Avenue is informed and believes, and thereon alleges, that this is an exceptional case, which warrants an award of attorneys' fees to Fern Avenue pursuant to 35 U.S.C. § 285.

## Count 2—Infringement under 35 U.S.C. § 271(b)

32. Fern Avenue repeats each of the allegations above.

33. ProtectED actively induces infringement of the '170 patent by customers of the ProtectED Rooms Bookcase. Through such active inducement, customers of the ProtectED Rooms Bookcase have directly infringed one or more claims of the '170 patent.

34. Representative claim 13 of the '170 patent is set forth below:

> *13. A method for substantially blocking at least one entrance of a room, comprising:*
> *repositioning a furniture piece comprising at least one armored panel from a first location in the room and not adjacent to the at least one entrance of the room to a second location adjacent to and substantially blocking the at least one entrance of the room; and*
> *releasably securing the furniture piece to the second location using at least one locking mechanism.*

35. ProtectED actively induces infringement of every limitation of at least claim 13 of the '170 patent, literally or through the doctrine of equivalents, as set forth below. The further descriptions set forth below are allegations for purposes of pleading a claim of infringement and are non-limiting.

### *A method for substantially blocking at least one entrance of a room, comprising …*

36. ProtectED actively induces its customers to use the ProtectED Rooms Bookcase as part of a method for substantially blocking at least one entrance of a room, specifically a doorway.

> *... repositioning a furniture piece comprising at least one armored panel from a first location in the room and not adjacent to the at least one entrance of the room to a second location adjacent to and substantially blocking the at least one entrance of the room; and ...*

37. ProtectED actively induces its customers to use The ProtectED Rooms Bookcase as part of a method in which the customer repositions the bookcase, which includes at least one armored panel, from one location not adjacent to the room's entrance to a second location adjacent to and substantially blocking the room's entrance. Specifically, the bookcase is moveable by use of a mobility mechanism such as a set of rollers, wheels or casters.

> *... releasably securing the furniture piece to the second location using at least one locking mechanism.*

38. ProtectED actively induces its customers to use the ProtectED Rooms Bookcase as part of a method in which the customer releasably secures the bookcase to the second location using the bookcase's locking mechanism.

39. On information and belief, ProtectED has infringed and continues to infringe, under 35 U.S.C. § 271(b), at least claim 13 of the '170 patent.

40. As a result of ProtectED's infringement of the '170 patent, Fern Avenue has been damaged. Fern Avenue is entitled to recover for damages sustained as a result of ProtectED's wrongful acts in an amount subject to proof at trial. Fern Avenue is entitled to other forms of relief in addition to money damages, including injunctive relief.

41. On information and belief, ProtectED's infringement of the '170 patent is knowing and intentional. As noted above, ProtectED has long had knowledge of the '170 patent and its need for a license to the same. ProtectED, nonetheless has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for Fern Avenue's patent rights. Thus, ProtectED's infringing actions have been and continue to be consciously wrongful.

42. Based on the information alleged in this claim, Fern Avenue is informed and believes, and thereon alleges, that this is an exceptional case, which warrants an award of attorneys' fees to Fern Avenue pursuant to 35 U.S.C. § 285.

### Count 3—Infringement under 35 U.S.C. § 271(c)

43. Fern Avenue repeats each of the allegations above.

44. ProtectED offers or sells within the United States a component of a patented machine, manufacture, combination or composition, or material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Through such contributory infringement, customers of the ProtectED Rooms Bookcase have directly infringed one or more claims of the '170 patent.

45. Representative claim 13 of the '170 patent is set forth below:

> *13.     A method for substantially blocking at least one entrance of a room, comprising:*
>
> *repositioning a furniture piece comprising at least one armored panel from a first location in the room and not adjacent to the at least one entrance of the room to a second location adjacent to and substantially blocking the at least one entrance of the room; and*
>
> *releasably securing the furniture piece to the second location using at least one locking mechanism.*

46.     ProtectED contributorily infringes every limitation of at least claim 13 of the '170 patent, literally or through the doctrine of equivalents, as set forth below. The further descriptions set forth below are allegations for purposes of pleading a claim of infringement and are non-limiting.

### *A method for substantially blocking at least one entrance of a room, comprising ...*

47.     ProtectED offers or sells components to its customers to use as part of a method for substantially blocking at least one entrance of a room, specifically a doorway.

### *... repositioning a furniture piece comprising at least one armored panel from a first location in the room and not adjacent to the at least one entrance of the room to a second location adjacent to and substantially blocking the at least one entrance of the room; and ...*

48.     ProtectED offers or sells components to its customers to use as part of a method in which the customer repositions the bookcase, which includes at least one armored panel, from one location not adjacent to the room's entrance to a second location adjacent to and substantially blocking the room's entrance.

Specifically, the bookcase is moveable by use of a mobility mechanism such as a set of rollers, wheels or casters.

> *… releasably securing the furniture piece to the second location using at least one locking mechanism.*

49. ProtectED offers or sells to its customers to use as part of a method in which the customer releasably secures the bookcase to the second location using the bookcase's locking mechanism.

50. On information and belief, ProtectED has infringed and continues to infringe, under 35 U.S.C. § 271(c), at least claim 13 of the '170 patent.

51. As a result of ProtectED's infringement of the '170 patent, Fern Avenue has been damaged. Fern Avenue is entitled to recover for damages sustained as a result of ProtectED's wrongful acts in an amount subject to proof at trial. Fern Avenue is entitled to other forms of relief in addition to money damages, including injunctive relief.

52. On information and belief, ProtectED's infringement of the '170 patent is knowing and intentional. As noted above, ProtectED has long had knowledge of the '170 patent and its need for a license to the same. ProtectED, nonetheless has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for Fern Avenue's patent rights. Thus, ProtectED's infringing actions have been and continue to be consciously wrongful.

53. Based on the information alleged in this claim, Fern Avenue is informed and believes, and thereon alleges, that this is an exceptional case, which warrants an award of attorneys' fees to Fern Avenue pursuant to 35 U.S.C. § 285.

## Prayer for Relief

WHEREFORE, Fern Avenue prays for judgment against ProtectED as follows:

A. That ProtectED has infringed, and unless enjoined, will continue to infringe, the '170 patent;

B. That ProtectED has willfully infringed the '170 patent;

C. That ProtectED pay Fern Avenue damages adequate to compensate Fern Avenue for ProtectED's infringement of the '170 patent, together with interest and costs under 35 U.S.C. § 284;

D. That ProtectED be ordered to pay prejudgment and postjudgment interest on the damages assessed;

E. That ProtectED pay Fern Avenue enhanced damages pursuant to 35 U.S.C. § 284;

F. That ProtectED be ordered to pay supplemental damages to Fern Avenue, including interest, with an accounting, as appropriate;

G. That ProtectED be enjoined from infringing the '170 patent, or if its infringement is not enjoined, that ProtectED be ordered to pay ongoing

royalties to Fern Avenue for any postjudgment infringement of the '170 patent;

H. That this is an exceptional case under 35 U.S.C. § 285, and that ProtectED pay Fern Avenue's attorneys' fees and costs in this action; and

I. That Fern Avenue be awarded such other and further relief as this Court deems just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Fern Avenue hereby demands a trial by jury on all issues triable to a jury.

Respectfully submitted this __9th__ day of __May__, 2023.

/s/ *Daniel Shim*
Daniel Shim
Georgia Bar No. 642749
Attorney for Plaintiff

MORRISS | SHIM | DAVIS
2233 Peachtree Road NE – Suite 212
Atlanta, Georgia 30309
(404) 525-8000
dan@msdlawgroup.com

/s/ *Alan Fellheimer*
Alan Fellheimer
Pennsylvania Bar No. 09842
Attorney for Plaintiff *Pro Hac Vice*

LEECH, TISHMAN FUSCALDO & LAMPL, LLC
1417 Locust Steet – Third Floor
Philadelphia, PA  19102
(215) 253-6630
afellheimer@leeachtishman.com