UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE REYNOLDS AND REYNOLDS COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SMART SOURCE, LLC, and SMART SOURCE OF GEORGIA, LLC,<br><br>　　　　Defendants. | Civil Action No. _____ |

## **COMPLAINT**

The Reynolds and Reynolds Company ("Reynolds" or "Plaintiff") by and through the undersigned attorneys, files its Complaint against Smart Source, LLC and Smart Source of Georgia, LLC (collectively, "Defendants"), and alleges as follows:

## **INTRODUCTION**

1. This is an action for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 *et seq.*

2. Plaintiff brings this action seeking all remedies afforded by the Copyright Act, including injunctive relief, Plaintiff's damages, and Defendants' profits, in each case, arising from or relating to Defendants' infringement of Plaintiff's copyrights, including, but not limited to, Defendants' unauthorized reproduction, sale, and distribution, including within the State of Georgia and this district, of

business forms that are copied from, derivative of, and substantially similar to, Plaintiff's business forms protected under federal copyright registrations.

## PARTIES

3. Reynolds is an Ohio corporation with its principal place of business at One Reynolds Way, Dayton, Ohio 45430.

4. Smart Source of Georgia, LLC is a Delaware limited liability company with its principal place of business in this district at 7270 McGinnis Ferry Road, Suwanee, Georgia 30024-1245.

5. Smart Source, LLC is a Delaware limited liability company with its principal place of business in this district at 7270 McGinnis Ferry Road, Suwanee, Georgia 30024-1245.

## JURISDICTION AND VENUE

6. This court has original and exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## FACTS

7. Plaintiff develops, distributes, and sells various products and services that support the automotive industry. Among such products, Reynolds creates, develops, distributes, and sells business forms to members of the automotive industry,

including automotive dealers and automakers, for use in effectuating automobile purchase, finance, and lease transactions.

8. Plaintiff expends significant resources in creating and developing its business forms. This process involves creating original content that clearly and concisely discloses required information, collects necessary information from customers, and mitigates exposure to novel theories of recovery alleged against automotive dealers and automakers.

9. Balancing these various interests and goals requires Plaintiff to exercise judgment and creativity to arrive at the desired textual content and arrangement of information on its business forms, and to thereby create original works of authorship.

10. To protect these original works of authorship, Plaintiff (or its predecessor(s) in interest) has procured federal copyright registrations for its business forms.

11. One such business form is Plaintiff's Form No. 228RS-U, entitled Agreement to Furnish Insurance Policy ("Form 228RS-U", a true and correct copy of which is attached hereto as Exhibit 1).

12. Form 228RS-U is an original work of authorship, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in and to Form 228RS-U.[1]

---

[1] Although Reynolds and Reynolds Holdings, Inc. ("Reynolds Holdings") is identified as the copyright claimant on the '566 Registration, Reynolds Holdings was

13.     Form 228RS-U is federally protected under United Copyright Registration No. 5-183-566, issued by the United States Copyright Office with an effective date of March 30, 2000 (the "'566 Registration", a true and correct copy of which is attached hereto as Exhibit 2).  Plaintiff is the exclusive owner of all right, title, and interest in and to the '566 Registration,[2] and the '566 Registration is valid and subsisting.

14.     Form 228RS-U is marked with Plaintiff's copyright notice.

15.     Plaintiff has distributed and sold its Form 228RS-U to automotive dealers since at least as early as 2000 in all 50 states.  Form 228RS-U is one of Plaintiff's most widely distributed, recognized, and purchased business forms used in the automotive retail industry, and is easily accessed and obtained through industry channels.  Plaintiff's Form 228RS-U has been and remains widely disseminated throughout the United States.

16.     Yet another of Plaintiff's business forms is Form No. 228, entitled Agreement to Furnish Insurance Policy ("Form 228", a true and correct copy of which is

---

merged into Plaintiff on or about December 2019, with Plaintiff being the surviving company and with Plaintiff having acquired all of the assets of Reynolds Holdings, including all right, title, and interest in and to Form 228RS-U and the '566 Registration.  Documents pertaining to Plaintiff's ownership of all right, title, and interest in and to Form 228RS-U and the '566 Registration have been submitted to the United States Copyright Office for recordation.

[2] *See* FN 1.

attached hereto as Exhibit 3).  Form 228RS-U and Form 228, individually and collectively, the "Copyrighted Work".

17.     Form 228 is an original work of authorship, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in and to Form 228.[3]

18.     Form 228 is federally protected under United States Registration No. Txu-228-374, issued by the United States Copyright Office with an effective date of December 24, 1985 (the "'374 Registration", a true and correct copy of which is attached hereto as Exhibit 4).  Plaintiff is the exclusive owner of all right, title, and interest in and to the '374 Registration,[4] and the "374 Registration is valid and subsisting.

19.     Form 228 has been distributed in automotive markets since at least as early as 1994, and has been nationally distributed since at least as early as 1998.

---

[3] Plaintiff is the exclusive owner of all right, title, and interest in and to the '374 Registration and Form 228 through assignments from Law Printing Company, Inc. to Plaintiff executed on December 29, 1993 and January 4, 1994, an assignment from Plaintiff to Reynolds Holdings recorded at Recordation Record V3415D783, and then Plaintiff's acquisition of all assets of Reynolds Holdings via the merger referenced in footnotes 1 and 2 above.

[4] *See* FN 3.

20. Like Plaintiff, Defendants also offer, distribute, and sell various products and services to members of the automotive industry, including business forms used by those members of the automotive industry.

21. Defendants have reproduced, published, publicly displayed, distributed, offered for sale, sold, and otherwise exploited (or have caused to be reproduced, published, publicly displayed, distributed, offered for sale, sold, and otherwise exploited) a business form entitled "Agreement to Furnish Insurance Policy" (the "Infringing Work", a true and correct copy of which is attached hereto as Exhibit 5), and Defendants continue to do so.

22. On information and belief, Defendants obtained physical possession of or otherwise viewed Plaintiff's Copyrighted Work, and intentionally copied and made a derivative work of the Copyrighted Work to create the Infringing Work. That Defendants copied the Copyrighted Work when they created the Infringing Work is evidenced by the striking similarities between the Copyrighted Work and the Infringing Work, which cannot possibly be explained other than as a result of copying and Defendants' access to the Copyrighted Work based on the widespread dissemination of the Copyrighted Work in the United States.

23. As can be seen from viewing and comparing Exhibits 1, 3 and 5, the Infringing Work is nearly identical or substantially similar to the Copyrighted Work, including as to textual content, arrangement of information, and overall appearance.

24. Defendants copied and made a derivative work of the Copyrighted Work without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

25. On June 16, 2021, Plaintiff sent a written demand to Defendants, placing Defendants on notice of Plaintiff's federally protected copyrights in and to the Copyrighted Work, and demanding, *inter alia*, that Defendants cease and desist from further unauthorized production, distribution, marketing, and sale of the Infringing Work.  Defendants did not respond to Plaintiff's June 16, 2021 communication, and so Plaintiff sent a further written demand to Defendants on August 27, 2021, to which Defendants also did not respond.  Plaintiff then sent another written demand to Defendants on December 16, 2021.  Finally, in response to Plaintiff's December 16, 2021 written demand, Defendants sent Plaintiff a written communication dated January 4, 2022, in which Defendants affirmatively refused to comply with Plaintiff's demands.  On January 24, 2022, Plaintiff sent Defendants a further written communication, reiterating its prior demands, and requesting Defendants' compliance therewith.  Defendants did not respond to Plaintiff's January 24, 2022 written communication, and so Plaintiff sent a written communication to Defendants on February 16, 2022 requesting a response to Plaintiff's January 24, 2022 communication, but Defendants did not respond to Plaintiff's February 16, 2022 either.  On February 21, 2022, Plaintiff sent yet another written communication to

Defendants, yet again requesting Defendants' compliance with Plaintiff's prior demands, and, yet again, Defendants did not respond. To date, Defendants have not complied with any of Plaintiff's demands.

26. As a result of Defendants' actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, publication, public display, distribution, offer for sale, sale, and other exploitation of the Infringing Work.

27. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT 1
## FEDERAL COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 501)

28. Plaintiff repeats and realleges Paragraphs 1 through 27 hereof, as if fully set forth herein.

29. The Copyrighted Work is an original work of authorship containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*. Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in and to the Copyrighted Work and all copyright registrations therefor, including the '566 Registration and '374 Registration.

30. Through Defendants' conduct alleged herein, including Defendants' unauthorized reproduction, publication, public display, distribution, offer for sale, sale, and other exploitation of the Infringing Work—which is copied from, derivative of, and substantially similar to Plaintiff's Copyrighted Work—Defendants have infringed, and continue to infringe, Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

31. Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Work, and has enabled Defendants to illegally obtain profit therefrom.

32. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.  Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein (including from any and all sales of the Infringing Work and products incorporating or embodying the Infringing Work), and an accounting of and a constructive trust with respect to such profits.

33. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000, for each Copyrighted Work that Defendants have willfully infringed, and for such other amount as may

be proper pursuant to 17 U.S.C. § 504(c).

34. Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

35. As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Copyrighted Work. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## **JURY DEMAND**

36. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

a) That Defendants have violated Section 501 of the Copyright Act (17 U.S.C. § 501);

b) Granting an injunction preliminarily and permanently enjoining Defendants, and their respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and

participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

 (i) printing, reproducing, publishing, marketing, advertising, promoting, displaying, distributing, offering for sale, selling, and otherwise exploiting (or authorizing any third party to print, reproduce, publish, market, advertise, promote, display, distribute, offer for sale, sell, and otherwise exploit) the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work;

 (ii) printing, reproducing, publishing, marketing, advertising, promoting, displaying, distributing, offering for sale, selling, and otherwise exploiting (or authorizing any third party to print, reproduce, publish, market, advertise, promote, display, distribute, offer for sale, sell, and otherwise exploit) the Copyrighted Work, creating any derivative works based on the Copyrighted Work, or engaging in any activity that infringes Plaintiff's rights in its Copyrighted Work; and

 (iii) aiding, assisting, or abetting any other person or entity in doing any act prohibited by the foregoing sub-paragraphs (i) or (ii).

c)  That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits

from sales of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.

    d)    That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining inventory of the Infringing Work and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them.

    e)    That Defendants, at their own expense, be ordered to recall the Infringing Work from any distributors, retailers, vendors, or others that have distributed the Infringing Work on Defendants' behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Work, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to it.

    f)    Awarding Plaintiff:

        (i) Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the

-13-

Infringing Work or the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

(ii) damages sustained by Plaintiff as a result of Defendants' infringing conduct, in an amount to be proven at trial;

(iii) should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

(iv) Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

g) Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

h) Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: May 9, 2023

(*Signatures on following page*)

Respectfully Submitted,


*/s/ Jenna S. Schneider*
Jenna S. Schneider
Georgia Bar No. 404596
**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
Phone: (404) 541-2974
Fax: (404) 541-2905
*Jenna.Schneider@ThompsonHine.com*

Steve Elleman
*Pro Hac Vice Admission Pending*
Sean P. McCormick
*Pro Hac Vice Admission Pending*
**THOMPSON HINE LLP**
Discovery Place
10050 Innovation Drive, Suite 400
Dayton, Ohio 45342
Phone: (937) 443-6600
Fax: (937) 443-6635
*Steve.Elleman@ThompsonHine.com*
*Sean.McCormick@ThompsonHine.com*

*Counsel for Plaintiff*
*The Reynolds and Reynolds Company*

-15-

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this filing was prepared using format requirements set forth by this Court in Local Rule 5.1(C), 5.1 (D) and 7.1(D), and the attachments are consistent with Local Rule 5.1(B).

This 9th day of May 2023.

*/s/  Jenna S. Schneider*
Jenna S. Schneider
Georgia Bar No. 404596