## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| FRANCIOUSE WELLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. |
| | § | |
| EQUIFAX, INC., | § | |
| | § | |
| Defendant. | § | |

## <u>COMPLAINT</u>

NOW COMES Plaintiff, FRANCIOUSE WELLS ("Plaintiff"), by and through undersigned attorneys, and for the Complaint against Defendant, EQUIFAX, INC. ("Defendant"), hereby alleges as follows:

### Nature of the Action

1.     This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### Jurisdiction and Venue

2.     This Court has jurisdiction under the 15 U.S.C. § 1681p of the FCRA and pursuant to 28 U.S.C. §§ 1331 and 1337.

3.     Venue and personal jurisdiction are proper in this District because Defendant transacts business within this District and a material portion of the events or omissions giving rise to this claim occurred within this District.

### Parties

4.     Plaintiff is a natural person at all times relevant residing in Jonesboro, Georgia.

5.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6.     EQUIFAX is a corporation conducting business in the State of Georgia and is headquartered in Atlanta, Georgia.

7.     EQUIFAX is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

8.     EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

9.     EQUIFAX is a "consumer reporting agency" ("CRA") as that term is described by 15 U.S.C. § 1681a(f).

10.     At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

11.     At all relevant times to this Complaint, Defendants acted through their agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Factual Allegations**

12.    Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history (hereinafter referred to as "inaccurate information").

13.    The inaccurate information of which Plaintiff complains are accounts or trade-lines that reflect Plaintiff's history of credit for a credit card accounts with FNB Omaha ("FNB Omaha").

14.    After a series of missed payments, FNB Omaha caused the account to be changed to a Collection/Chargeoff status.

15.    However, on or about April 2019, Plaintiff and FNB Omaha agreed to settle the total balance owed to FNB Omaha. This agreement required Plaintiff to make payments in scheduled, monthly installments. Plaintiff completed the payment agreement on or before March 2021.

16.    Plaintiff's performance under the agreement extinguished any obligation to FNB Omaha.

17.    By satisfying the terms of the agreement between the parties, the accounts with FNB Omaha would have no longer been considered Charged Off.

18.    In fact, the United States Department of Treasury, in advising Consumer Reporting Agencies on correctly reporting credit card accounts provides for a specific reporting, with a "Code 64," for credit accounts paid after charge off.

Specifically, Code 64 states that the Account should be reported with the status of "Account paid in full, was a charge-off."[1]

19.     Further, Equifax continued publishing a balance owed and past due amount respecting the FNB Omaha account, in spite of Plaintiff's performance under the agreement.

20.     On or about April 2022, Plaintiff issued a written letter to Defendant disputing the inaccurate information being reported about the accounts with FNB Omaha and provided a copy of the written settlement agreements, with his statement that the terms of the agreement had been fulfilled.

21.     Pursuant to its responsibility in 15 U.S.C. § 1681i, within five (5) days of receiving Plaintiff's dispute of the accuracy of Defendant's reporting of the accounts, Defendant was required to send notification to FNB Omaha of the dispute.

22.     Upon information and belief Defendant failed to notify FNB Omaha of Plaintiff's dispute.

23.     If Equifax had notified FNB Omaha of the dispute, FNB Omaha would have provided Equifax with the correct reporting of Code 64, as well as the past due amount and balance owed, and the accounts would have been updated to reflect the correct status and correct payment history. Specifically, if Equifax had investigated

---

[1] *See* https://fiscal.treasury.gov/files/dms/appendix-1.pdf, Appendix 1 – Credit Bureau Report Key, p. A1-1

Plaintiff's dispute that the accounts had an inaccurate status of "Charged Off," the account with FNB Omaha would have been updated to a status stating "Account paid in full, was a charge-off" and the payment history for both accounts would have shown the timely payments Plaintiff made on both accounts.

24.    However, upon information and belief, Equifax never notified FNB Omaha of Plaintiff's dispute and or in the alternative, Defendant did not notify Plaintiff that it was terminating its reinvestigation of his dispute. 15 U.S.C. § 1681i(a)(3).

25.    On or about June 2022, Plaintiff again issued a written letter to Defendant disputing the inaccurate information being reported about the accounts with FNB Omaha and provided a copy of the written settlement agreements, with his statement that the terms of the agreement had been fulfilled.

26.    As of August 2022, Defendant continued to publish and disseminate inaccurate information concerning the accounts of the aforementioned furnishers on Plaintiff's credit report including, but not limited to:

    a.  inaccurate or misleading history of Plaintiff's scheduled payments;

    b.  inaccurate or misleading history of the amounts Plaintiff paid;

    c.  inaccurate or misleading recitations of the balance owed and past due amount;

d.  inaccurate or misleading history of remarks concerning the Accounts; and

e.  inaccurate or misleading rating history for the Accounts.

27.  The inaccurate information concerning the accounts as reported on the credit report negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

28.  After receiving Plaintiff's dispute, including a copy of the agreements to settle the accounts, Defendant was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

29.  Defendant failed to follow such procedures because, after failing to notify FNB Omaha of Plaintiff's dispute, it did not receive any updated or confirmed information from any of the aforementioned entities to contradict the information provided by Plaintiff in his dispute, yet it continued to report inaccurate information regarding the Accounts.

30.  Defendant was also required to conduct a reasonable reinvestigation regarding the accounts after receiving Plaintiff's dispute including, but not limited to, notifying FNB Omaha of Plaintiff's dispute, which it failed to do. 15 U.S.C. § 1681i.

31.    If Defendant would have complied with its statutory duties, incorrect or misleading information concerning the accounts would not have been reported despite notice from Plaintiff.

32.    This inaccuracy has prevented Plaintiff from applying for new credit because one factor used by Consumer Reporting Agencies to calculate a consumer's credit score is the number of recent inquiries by the consumer to obtain credit.

33.    Plaintiff has not applied for new credit because of his fear that the inaccuracies being reported for the Account, inaccuracies that do not properly reflect his fulfillment of his outstanding debt to FNB Omaha and his timely payments made under the terms of the agreements between Plaintiff and FNB Omaha, would lead to his incurring both a credit inquiry and a decline of credit from other lenders.

34.    As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

### COUNT I
### REGARGING THE FNB OMAHA ACCOUNT
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

35.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

36.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681e(b)

    a. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file.

37.     This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT II
## REGARDING THE FNB OMAHA ACCOUNT
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

38.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

39.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681i

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a)

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a); and

d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

40.     This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full  amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial pursuant to 15 U.S.C. § 1681n(a);

b) Statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n(a) for Defendant's failure to investigate its reporting of Plaintiff's FNB Omaha account;

c) Punitive damages and equitable relief including, but not limited to, enjoining Defendant from further FCRA violations, pursuant 15 U.S.C. § 1681n(a);

d) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

e) Any further legal and equitable relief as this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

## <u>LOCAL RULE 5.1 CERTIFICATION</u>

Pursuant to Local rule 7.1D, counsel hereby certifies that the foregoing pleading was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1C.

Respectfully submitted,

Dated May 8, 2023

<u>By:/s/ C. M. Douglas</u>
Chaka M. Douglas ("Chuck")
*cmdouglas@wd-law.net*

Dated: May 4, 2023
WAKHISI-DOUGLAS, LLC
2002 Summit Blvd., Suite 300
Atlanta, Georgia 30319                    Attorneys for Plaintiff,
(404) 566-2320 (Phone)                   FRANCIOUSE WELLS
(866) 566-1232 (Fax)