IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BURTRAM SHAMSIDEEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO. |
| GREATER GEORGIA LIFE | ) | |
| INSURANCE COMPANY d/b/a | ) | |
| ANTHEM LIFE INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

### **I. JURISDICTION AND PARTIES**

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1001, *et. seq.*

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. §1132.

3.

Plaintiff, Burtram Shamsideen (hereinafter "Plaintiff"), is a citizen of the United States and of the State of Georgia.

4.

Defendant, Greater Georgia Life Insurance Company is a domestic insurance company doing business for profit in Georgia.

5.

The short term disability policy issued herein is underwritten by Greater Georgia Life Insurance Company.

6.

However, during the pendency of this claim Anthem Life Insurance Company, which is a foreign insurance company doing business for profit in Georgia, responded to Plaintiff's claims.

7.

As Greater Georgia Life Insurance Company and Anthem Life Insurance Company have the same principal office address, it appears that they are of the same entity.

8.

Greater Georgia Life Insurance Company d/b/a Anthem Life Insurance Company (hereinafter "Defendant") may be served with process, pursuant to Rule 4

of the Federal Rules of Civil Procedure, by and through its registered agent, CT Corporation, 289 S. Culver Street, Lawrenceville, GA 30046-4805

9.

Defendant negotiated, maintained and administered the short term disability policy at issue in this Complaint.

## II. STATEMENT OF FACTS

10.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 9 stated above.

11.

Plaintiff worked in an IT position with Virtucom, Inc.

12.

Plaintiff's employer, Virtucom, Inc., contracted with Defendant to provide short term disability benefits to its employees.

13.

At all times material to this action, a policy for short term disability was in full force and effect, constituting a binding contract between Defendant and Virtucom, Inc.

14.

Defendant pays short term disability to covered employees of Virtucom, Inc. under the policy from its own assets.

15.

Virtucom, Inc. offered short term disability to its employees as part of an overall welfare benefit plan, as defined under ERISA.

16.

Plaintiff was an insured employee under Defendant's short term disability policy.

17.

Defendant administered the short term disability plan and made all decisions as to benefits payable to eligible employees of Virtucom, Inc..

18.

Under Defendant's Short Term Policy the Definition of Disability and Disabled mean during the Elimination Period and thereafter because of Your Injury or Illness, all of the following are true:

- You are unable to do the Material and Substantial Duties of Your Own Occupation; and

- You are receiving Regular Care from a Physician for that Injury or Illness; and
- Your Disability Work Earnings if any are less than or equal to 80% of Your Weekly Earnings.

Your Disability must start while You are insured under the Policy.

Elimination Period means the period means the period of continuous Disability which must be satisfied before You are eligible to receive benefits under the Policy. The Elimination Period is shown in the Schedule of Benefits of this plan and begins on the first day that You meet the Definition of Disability.

19.

On or about March 19, 2021, Defendant informed Plaintiff in a phone call that he had to resign before he could apply for benefits.

20.

Plaintiff resigned for medical reasons.

21.

Plaintiff applied with Anthem and was denied via letter, dated April 15, 2021, which stated that he was not eligible for short term disability benefits because his benefits terminated effective March 20, 2021 and he had resigned on March 19, 2021.

22.

On July 13, 2021, Plaintiff's therapist, Dr. Cook, stated that he was disabled from PTSD and panic disorder amongst other issues.

23.

Dr. Cook stated quite clearly that Plaintiff was disabled on his last day of work, March 19, 2021.

24.

On September 3, 2021, Plaintiff sent in completed long term disability applications to Defendant which included statements from his doctor regarding disability.

25.

On September 30, 2021, Plaintiff sent in additional information to Defendant.

26.

On October 12, 2021, Plaintiff appealed his short term disability denial explaining under the law of the 11th Circuit Court of Appeals and every other federal circuit the fact that Plaintiff was disabled as of his last day of work entitles him to benefits.

27.

In that letter Plaintiff included law from two 11th Circuit opinions which quite clearly state that a claimant may be disabled while working.

28.

On November 9, 2021, Defendant had the file reviewed by Rachel Miller, Psy.D., who stated that in her opinion Plaintiff was disabled from April 21, 2021 to September 9, 2021, but he was not disabled from March 22, 2021 to April 20, 2021.

29.

On December 6, 2021, Plaintiff's doctor stated that she disagreed with Rachel Miller's conclusion that Plaintiff was not disabled from March 22, 2021 to April 20, 2021.

30.

Specifically, Dr. Cook stated that Plaintiff has been determined to be 100% disabled by the U.S. Department of Veterans Affairs and that she absolutely disagreed with the idea that each of his numerous problems must be documented in each note for him to be judged to be disabled, as "if problems and diagnoses appear and disappear in an apparently random fashion."

31.

That same day Plaintiff submitted Dr. Cook's response to Rachel Miller's report to Defendant.

32.

On January 24, 2022, Defendant upheld its decision regarding short term disability maintaining that because Plaintiff had resigned he was not entitled to benefits and adding a new reason for denial in that it also did not believe that he was disabled until after the elimination period.

33.

Administrative remedies are exhausted.

### III.  CLAIM FOR RELIEF

### ENTITLEMENT TO SHORT TERM DISABILITY BENEFITS

34.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 33 stated above.

35.

Plaintiff is entitled to short term disability benefits under Defendant's policy for the following reasons:

  a. These benefits are permitted under the plan;

  b. Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

  c. Plaintiff has not waived or otherwise relinquished his entitlement to these benefits.

36.

Defendant has refused to pay benefits despite substantial medical documentary evidence demonstrating disability and binding legal authority in Plaintiff's favor. As a result of Defendant's failure to pay benefits to Plaintiff, he is entitled to relief as outlined below.

## IV.  RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this honorable Court against Defendant as follows:

 (1) Find and hold Defendant owes Plaintiff disability benefits in the proper amount from March 19, 2021 and continuing through the entire short term disability period plus the maximum allowable interest on all benefits;

 (2) Award Plaintiff attorneys' fees, including litigation expenses, and the

cost of this action; and

(3)   Grant other and further relief as may be just and proper.

This the   10th   day of May, 2023.

        ROGERS, HOFRICHTER & KARRH, LLC

        */s/Heather K. Karrh*
        HEATHER KENDALL KARRH
        Ga. State Bar No. 408379
        225 S. Glynn St., Ste. A
        Fayetteville, GA 30214
        (770) 460-1118 (telephone)
        (770)460-1920 (facsimile)
        hkarrh@rhkpc.com

Attorneys for Plaintiff