UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| RONALD JONES, | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| KUBOTA INDUSTRIAL EQUIPMENT | ) | JURY TRIAL DEMANDED |
| CORPORATION, | ) | |
| | ) | |
|    Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Ronald Jones ("Plaintiff"), through undersigned counsel, and files this lawsuit against Defendant Kubota Industrial Equipment Corporation ("Kubota"), and for his Complaint shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks, *inter alia*, declaratory and equitable relief, along with monetary damages, attorney's fees and costs.

## II.    Jurisdiction and Venue

### 3.

Plaintiff Ronald Jones is a resident of the state of Georgia. By bringing this action, he subjects himself to the venue of this Court.

### 4.

Defendant Kubota Industrial Equipment's office is located in Jackson County, Georgia, and accordingly, this Court has general jurisdiction over Defendant.

### 5.

Defendant Kubota is a Georgia Corporation. The material acts and omissions giving rise to Plaintiff's claims were committed within this county and thus, this Court has specific jurisdiction over Defendant Kubota. Thus, venue is appropriate in this Court.

### 6.

Defendant Kubota can be served process via its Registered Agent Jeffrey P. Watson, at 2715 Ramsey Road, Gainesville, GA, 30501.

## III.    Parties and Facts

### 7.

Plaintiff began his employment with Defendant Kubota in November of 2017 as a Welder.

8.

Plaintiff is African American.

9.

Plaintiff's supervisor was Gary (LNU).

10.

While Plaintiff was at work, his supervisor referred to him as "boy."

11.

Other coworkers called Gary Plaintiff's "owner."

12.

Around March of 2020, Jones was promoted to the position of "Weld Shop Floater," which involved traveling across the floor, doing work as needed.

13.

By the nature of the position, "Floaters" had to wander the floor, and sometimes stayed late to perform "re-work," which involved preparing for the next shift and addressing quality issues on the weld shop floor.

14.

On or about October 12, 2020 Plaintiff complained to HR about the conduct described in paragraphs 10-11.

15.

On or around March of 2021 Jones was informed that he was terminated.

16.

However, shortly thereafter, Jones was brought back to work; however, he was placed on the Day Shift, for lower pay.

17.

The pay rate for day shift workers was $15 per hour, while those working on night shift received $17 per hour.

18.

Jones complained of the lower pay and was transferred to the night shift, however, he continued to receive paychecks at the rate of $15 per hour.

19.

On or around August 27, 2021, Jones was asked to stay late past his shift to work on "quick hitches."

20.

No white "Floaters" were required to stay late working on this task.

21.

These "hitches" weigh anywhere from 37 to 175 pounds each.

22.

Jones was asked to move these hitches on his own, with no help or supervision.

23.

Essentially, Jones's task was impossible to do on his own without either harming the equipment, or himself.

24.

Afterwards, Defendant filled out the paperwork to terminate Jones's employment.

25.

However, shortly thereafter, Jones complained to HR about race discrimination.

26.

He was not terminated at that time.

27.

However, shortly thereafter, on October 13, 2021, Defendant terminated Jones's employment.

28.

Though Defendant claims to have a legitimate, non-discriminatory reason for terminating Plaintiff, this reason is pretext.

## Count I:  Retaliation (Title VII)

29.

Plaintiff reasserts and incorporates Paragraphs 1 through 47 as if fully set forth herein.

30.

The report detailed in this Complaint constituted protected activity under Title VII.

31.

Plaintiff suffered the adverse action of termination.

32.

Causation may be inferred by the close temporal proximity between the protected activity and the adverse action.

33.

Defendant's alleged non-retaliatory business reason for the adverse action is mere pretext.

34.

Pretext may be inferred from the close temporal proximity between the protected activity and the adverse action.

35.

As a result of Defendant's unlawful actions, Plaintiff suffered lost wages, harm to reputation, and emotional distress.

36.

As a result of Defendant's unlawful actions, Plaintiff is entitled to recover lost wages and benefits plus interest, reinstatement or front pay plus interest, general compensatory damages for emotional distress and harm to reputation, punitive damages, attorney fees, and litigation costs.

## Count II:  Retaliation (Section 1981)

### 37.

Plaintiff reasserts and incorporates Paragraphs 1 through 56 as if fully set forth herein.

### 38.

The report detailed in Paragraphs 28-34 constituted protected activity under Section 1981.

### 39.

Plaintiff suffered the adverse action of termination.

### 40.

Causation may be inferred by the close temporal proximity between the protected activity and the adverse action.

### 41.

Defendant's alleged non-retaliatory business reason for the adverse action is mere pretext.

42.

Pretext may be inferred from the close temporal proximity between the protected activity and the adverse action.

43.

Pretext may be inferred from the fact that Plaintiff was given no time to improve performance between written reprimand and termination.

44.

As a result of Defendant's unlawful actions, Plaintiff suffered lost wages, harm to reputation, and emotional distress.

45.

As a result of Defendant's unlawful actions, Plaintiff is entitled to recover lost wages and benefits plus interest, reinstatement or front pay plus interest, general compensatory damages for emotional distress and harm to reputation, punitive damages, attorney fees, and litigation costs.

## **Prayer for Relief**

WHEREFORE Plaintiff respectfully prays for relief as follows:

   A. For a trial by jury;

   B. For a finding that Defendant violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for reinstatement or front pay, back pay plus interest, compensatory damages for emotional distress and harm to reputation, punitive damages, attorney fees, and litigation costs; and

D. For any such other and further relief as the Court deems proper and just.

This 10th day of May, 2023.

**BARRETT & FARAHANY**

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com

9