IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRIAN RICE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL FILE ACTION FILE |
| | ) | NO. |
| v. | ) | |
| | ) | [On removal from the Superior |
| STATE FARM FIRE AND | ) | Court of Gwinnett County, Georgia, |
| CASUALTY COMPANY, | ) | CAFN: 23-A-02886-7] |
| a foreign corporation | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant State Farm Fire and Casualty Company (hereinafter "State Farm" or "Defendant") and hereby files this, its Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant State Farm is not liable to Plaintiff for any cause of action, including for breach of contract, because Defendant State Farm at no time breached

or otherwise violated any of the terms or conditions of the insurance policy between State Farm and Plaintiff. At all times, Defendant State Farm acted in accordance with its rights and obligations as set forth in the Policy.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint or prayer for relief seeks, or is construed as seeking, damages other than the contractual damages, such remedies are not available to the Plaintiffs inasmuch as O.C.G.A. § 33-4-6 is the sole manner by which to recover extra-contractual damages, including attorney's fees, from an insurer in a first party dispute over payment of insurance benefits.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint seeks or is construed as seeking, to recover bad faith penalties and attorney's fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiff, as Plaintiff failed to satisfy the substantive and/or procedural requirements for making a claim for bad faith, as required under O.C.G.A. § 33-4-6.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any damage to real or personal property under the subject insurance policy and applicable Georgia law to the extent that the damages are excluded by the Policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any damage to personal property under the subject insurance policy and applicable Georgia law to the extent that the damages are not the result of a named peril for which coverage is provided under the Policy and/or which are excluded by the policy.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to any recovery under the Policy, which State Farm denies, Plaintiff's recovery is limited by the coverage limits and the Loss Settlement provisions of the insurance Policy and is limited to the actual cash value of any potential recovery.

## EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiff was entitled to recover under his Complaint, which State Farm denies, Plaintiff is unable to recover the damages as set forth in his Complaint because this amount does not reflect the reasonable and necessary costs to repair the covered damage to the Property.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages related to this action on the basis of accord and satisfaction and payment.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Defendant on the basis that Plaintiff failed to mitigate his damages in accordance with Georgia law.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to recover from Defendant State Farm, which State Farm expressly denies, State Farm is entitled to a set-off of any amounts already paid by State Farm for the Loss.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to impose duties upon Defendant aside from those set forth in the insurance contract, Plaintiff fails in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery on the basis of waiver and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to additional living expenses as Plaintiff has not incurred any additional expenses as a direct result of any covered cause of loss as required by the Policy. Specifically, the Policy provides:

## SECTION I – PROPERTY COVERAGES

. . .

## COVERAGE C – LOSS OF USE

The most we will pay for the sum of all losses combined under Additional Living Expenses, Fair Rental Value, and Prohibited Use is the limit shown in the Declarations for Coverage C – Loss of Use

> 1. Additional Living Expenses. When a loss insured causes the residence premises to become uninhabitable, we will pay the reasonable and necessary increase in cost incurred by an insured to maintain their normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of:
> a. the time required to repair or replace the premises;
> b. the time required for your household to settle elsewhere; or
> c. 24 months.
> This period of time is not limited by the expiration of the policy.

## <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff may not maintain this action against Defendant because Plaintiff did not satisfy the duties after loss provisions in accordance with the policy requirements.

Specifically, the Policy provides:

## SECTION I – CONDITIONS

. . .

2. **Your Duties After Loss**. After a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed:
a. give immediate notice to us or our agent, and also notify:
(1) the policy if the loss is caused by theft, vandalism, or any other criminal act and
(2) the credit card company or bank if the loss involves a credit card or bank fund transfer card;
b. protect the property from further damage or loss, and also:

  (1) make reasonable and necessary temporary repairs required to protect the property; and

  (2) keep an accurate record of repair expenses;

c. prepare an inventory of damaged or stolen personal property:

  (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and

  (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d. as often as we reasonably require:

  (1) exhibit the damaged property;

  (2) provide us with any requested records and documents and allow us to make copies;

  (3) while not in the presence of any other insured:

    (a) give statements; and

    (b) submit to examinations under oath; and

  (4) produce employees, members of the insured's household, or others for examination under oath to the extent it is within the insured's power to do so; and

e. submit to us within 60 days after the loss, your signed, sworn proof of loss that sets forth, to the best of your knowledge and belief:

  (1) the time and cause of loss;

  (2) interest of the insured and all others in the property involved and all encumbrances on the property;

  (3) other insurance which may cover the loss;

  (4) changes in title or occupancy of the property during the terms of this policy;

  (5) specifications of any damaged building and detailed estimates for repair of the damage;

  (6) an inventory of damaged personal property described in 2.c.;

  (7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

  (8) evidence of affidavit supporting a claim under SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money coverage, stating the amount and cause of loss.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover for any damages that did not result from accidental direct physical loss as required by the policy. Specifically, the Policy provides:

### SECTION I – LOSSES INSURED

### COVERAGE A – DWELLING
We will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy. However, loss does not include and we will not pay for, any diminution in value.

### COVERAGE B – PERSONAL PROPERTY
We will pay for accidental direct physical loss to the property described in Coverage B caused by the following perils, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy. However, loss does not include and we will not pay for, any diminution in value[.]

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not maintain this action against Defendant because Plaintiff failed to satisfy the conditions precedent to bringing suit set forth in the insurance policy issued by Defendant to Plaintiff. Specifically, the policy provides:

### SECTION I – CONDITIONS
. . .
6. **Suit Against Us**. No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage[.]

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant responds to the specific allegations of Plaintiff's Complaint as follows:

## PARTIES

1.

Upon information and belief, in response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff is a resident of Thomas County, Georgia.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits only that it is a foreign insurance company, authorized to transact business in the State of Georgia, and in the business of selling insurance policies and that its registered agent is located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 2 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the insurance policy issued by Defendant provides unfettered and/or unrestricted insurance coverage. All coverage provided is subject to the terms and provisions of the Policy and applicable Georgia law.

## JURISDICTION AND VENUE

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits only that the Superior Court of Gwinnett County has jurisdiction over this matter but denies all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only court having jurisdiction over this matter and any allegations that Defendant breached its contract with Plaintiff or otherwise acted in bad faith.

4.

In response to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendant admits only that the Superior Court of Gwinnett County is a proper venue in which to bring this matter, but denies all remaining allegations contained in Paragraph 4 of Plaintiff's Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only venue in which this matter could be brought and any allegations that Defendant breached its contract with Plaintiff or otherwise acted in bad faith.

5.

In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and deny all allegations contained in Paragraph 5 in direct contradiction thereto. Defendant admits that jurisdiction and venue are proper in this Court.

## THE POLICY

6.

In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant admits only that it issued Policy Number 81E8H9264 (the "Policy") to Plaintiff. Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 6 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are denied.

7.

In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant admits only that it issued the Policy to Plaintiff for the property located at 127 Lowery Ave, Thomasville, GA 31792  (the "Property").

Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 7 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

8.

In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 8 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

9.

In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and

applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 9 in contradiction thereto. Defendant further admits that Exhibit A is a true and accurate copy of the Policy, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law.

## SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY

### 10.

In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits only that the coverage terms of the Policy extended from 12:01 a.m. on April 25, 2020 to 12:01 a.m. on April 25, 2021. Defendant admits further that on or about April 6, 2021, the Property experienced some damage resulting from a fire loss. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

### 11.

In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits only that the Plaintiff notified Defendant of the alleged

fire damage to the Property. Defendant admits further that Plaintiff made a claim pursuant to the Policy for the alleged fire damage to the Property, and a State Farm Claim Representative was assigned to adjust the claim on behalf of State Farm. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits only that Plaintiff permitted Defendant to inspect the Property and provided some of the documents requested by Defendant. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.

In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendant admits only that Defendant conducted inspections of the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14.

In response to Paragraph 14 of Plaintiff's Complaint, Defendant admits only that Defendant conducted inspections of the Property. Except as otherwise

herein admitted, all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant owed Plaintiff any duties aside from those set forth by the terms and provisions of the insurance contract.

15.

In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant admits only that Defendant prepared an estimate which concluded that Plaintiff's cost to repair the covered damage sustained to the Property was $84,723.73. Defendant admits that the deductible under the Policy is $2,151.00 per occurrence. Defendant further admits that Exhibit B is a true and accurate copy of Defendant's estimate, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 15 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant undervalued the claim.

16.

In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 16 in direct

- 14 -

contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.

In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits only that Plaintiff sent correspondence to Defendant dated September 20, 2021, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the September 20, 2021 correspondence constituted a timely or valid demand for payment.

18.

In response to the allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendant admits only that Plaintiff sent correspondence to Defendant dated September 20, 2021, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 18 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the September 20, 2021 correspondence constituted a timely or valid demand for payment.

19.

In response to the allegations contained in Paragraph 19 of Plaintiff's Complaint, Defendant admits only that Plaintiff submitted an estimate to Defendant on January 23, 2023, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.

All allegations contained in Paragraph 20 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

21.

In response to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendant admits only that Plaintiff provided some information and documentation requested by State Farm during the adjustment of Plaintiff's claim as required under the terms and conditions of the Policy. Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

In response to the allegations contained in Paragraph 22 of Plaintiff's Complaint, Defendant admits only that there is a dispute between Plaintiff and Defendant regarding the damage to the Property caused by a covered cause of loss on April 6, 2021. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.

All allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

## COUNT I: BREACH OF CONTRACT

24.

To the extent a response is required to the allegations contained in Paragraph 24 of Plaintiff's Complaint, Defendant incorporates herein by reference its responses to Plaintiff's enumerated Paragraphs 1 through 23.

25.

In response to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant admits only that Plaintiff provided some information and documentation requested by State Farm during the adjustment of Plaintiff's claim as required under the terms and conditions of the Policy. Except as otherwise herein

admitted, Defendant denies all remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

In response to the allegations contained in Paragraph 26 of Plaintiff's Complaint, Defendant admits that the Policy speaks for itself and would afford coverage for certain losses subject to the Policy's terms and conditions and applicable Georgia law. All remaining allegations contained in Paragraph 26 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property resulting from the April 6, 2021 loss, pursuant to the terms and provisions of the Policy and applicable Georgia law.

27.

All allegations contained in Paragraph 27 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

28.

All allegations contained in Paragraph 28 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a

proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

29.

All allegations contained in Paragraph 29 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

30.

All allegations contained in Paragraph 30 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

31.

Defendant denies all the allegations in Paragraph 31 of Plaintiff's Complaint.

32.

To the extent a response is required to the allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## COUNT II: BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6

33.

To the extent a response is required to the allegations contained in Paragraph 33 of Plaintiff's Complaint, Defendant incorporates herein by reference its responses to Plaintiff's enumerated Paragraphs 1 through 32.

34.

All allegations contained in Paragraph 34 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, or that Defendant owed any duty other than those set forth in the Policy.

35.

All allegations contained in Paragraph 35 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, or that Defendant owed any duty other than those set forth in the Policy.

36.

Defendant denies all allegations contained in Paragraph 36 of Plaintiff's Complaint, including those allegations set forth in subsections (1) through (8) contained therein, including but not limited to any allegation that Defendant owed any duty other than those set forth in the Policy.

37.

Defendant denies all allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies all allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies all allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Defendant denies all allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

To the extent a response is required to the allegations contained in Paragraph 41 of Plaintiff's Complaint, Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

## **DEMAND FOR JURY TRIAL**

42.

To the extent a response is required to the allegations contained in Paragraph 42 of Plaintiff's Complaint, Defendant admits the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendant denies all allegations contained in Plaintiff's Prayer for Relief, including those allegations set forth in subsections (a) through (i) contained therein.

44.

Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Plaintiff's Complaint.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court:

(a) Deny Plaintiff's prayer for damages;

(b) Dismiss this action with prejudice and cast all costs upon Plaintiff; and

(c) Award Defendant any other relief that this Court deems just and equitable.

Respectfully submitted this 10t day of May, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia Bar No. 221722
Brittney A. Sizemore
Georgia Bar No. 332873
***Attorneys for Defendant***

1420 Peachtree Street, NE
Suite 800
Atlanta, GA   30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
mark.dietrichs@swiftcurrie.com
Brittney.Sizemore@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I have electronically filed and served the foregoing *State Farm Fire and Casualty Company's Answer and Affirmative Defenses* with the Clerk of Court via the CM/ECF e-filing system which will automatically send e-mail notification and service of such filing to counsel of record as follows:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, Georgia 30075
Remington@lawhuggins.com
mdturner@lawhuggins.com
*Counsel for Plaintiff*

This 10th day of May, 2023.

Respectfully Submitted,
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

*/s/ Brittney A. Sizemore*
Mark T. Dietrichs
Georgia Bar No. 221722
Brittney A. Sizemore
Georgia Bar No. 332873
*Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
OFFICE: (404) 874-8800
FAX: (404) 888-6199
mark.dietrichs@swiftcurrie.com
Brittney.sizemore@swiftcurrie.com