# Exhibit B



**SOCIAL SECURITY ADMINISTRATION**

Refer to: James Kiwon Yoon

Office of Appellate Operations
5107 Leesburg Pike
Falls Church, VA 22041-3255
Telephone: (877) 670-2722
Date: March 21, 2023

Kathleen Flynn
315 W. Ponce De Leon
Avenue, Suite 940
Decatur, GA 30030

Dear Representative Flynn:

Re: James Kiwon Yoon v. Commissioner of Social Security
U.S.D.C. for the Northern District of Georgia
Civil Action Number  1:20-cv-03800-SDG-RDC

We have considered the reasons you disagree with the Administrative Law Judge's decision dated June 6, 2022 and all of the issues in the case. We found no reason under our rules to assume jurisdiction.

You submitted medical records from Northside Hospital Gwinnet dated May 18, 2022 through May 19, 2022 (171 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.

You submitted a Medical Assessment of Mental Ability to do Work-Related Activities complied by Dr. John Lovern on August 8, 2022 (7 pages). The Administrative Law Judge decided your case through June 6, 2022. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before June 6, 2022.

**Why We Are Taking This Action**

In your first exception, you contend the Administrative Law Judge failed to follow the express remand orders of the United States District Court and Appeal Council, in Exhibits 8A and 11A. In your second exception, you contend the ALJ's reasons for finding that the opinions of the claimant's treating physician's assistant, Wanda Banham, MPAS, PA-C (Exhibit 6F), are not persuasive because it was not supported by objective evidence, not



**Suspect Social Security Fraud?**
Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline
at 1-800-269-0271 (TTY 1-866-501-2101).

See Next Page

consistent with the other evidence in the record, and/or is not supported by substantial evidence. In your third exception, you contend that by failing to assign weight to the claimant's disability rating from the Department of Veterans Affairs, the ALJ erred in failing to state with particularity what weight was given. In your fourth exception, you contend the Administrative Law Judge erred in formulating a Residual Functional Capacity which fails to comprehensively describe Mr. Yoon's impairments and limitations. In your fifth exception, you contend the ALJ erred in considering Mr. Yoon's migraines as a non-severe impairment at step two of the sequential evaluation. In your sixth exception, you contend the Administrative Law Judge (ALJ) erred in failing to even consider Mr. Yoon's tinnitus, obstructive sleep apnea, allergic rhinitis, and bilateral sensorineural hearing loss as severe impairments at step two of the sequential evaluation. In your seventh exception, you contend the ALJ failed to state with particularity what weight was given to the opinions of state agency psychological consultants, Dr. Joseph Garmon and Dr. David Massey, in Exhibit 2A and 4A. In your eighth exception, you contend the rep contends the ALJ failed to properly consider Mr. Yoon's statements regarding the intensity, persistence, and limiting factors of his symptoms.

However, your exceptions are without merit. The orders direct the Administrative Law Judge to further consider medical source and opinions and prior administrative findings; further consider the residual functional capacity and provide rationale; and obtain supplemental vocational evidence if warranted regarding the occupational base. The Administrative Law Judge adjusted the residual functional capacity to include occasional interaction with supervisors; coworkers; and the public. The decision further finds prior administrative finding by Dr. Massey only somewhat persuasive because Dr. Massey found mild adapting/managing oneself and the Administrative Law Judge finds the claimant's allegations support a moderate limitation instead. Further, the decision finds Nurse Banham's all marked limitations not persuasive specifically because it is inconsistent with her own notes in Exhibit 23F in the record and cites to other evidence of record documenting unremarkable psychological behavior. Mr. Yoon's migraines, tinnitus, obstructive sleep apnea, allergic rhinitis, and bilateral sensorineural hearing loss are not severe because there is no evidence that their symptoms have a significant effect on the claimant's daily activities.

**What This Action Means**

The Administrative Law Judge's decision is the final decision of the Commissioner of Social Security after remand by the court.

**If You Disagree With the Administrative Law Judge's Decision**

The court order that sent this case back to the Commissioner ended the court's review of the earlier decision. If you want a Federal district court to review the Commissioner's final decision after remand by the court, you must file a new civil action.


If you do not ask for court review, the Commissioner's decision will be a final decision that can be changed only under special rules.

See Next Page

**How To File A Civil Action**

You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.

You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in rule 4(i) of the Federal Rules of Civil Procedure.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Social Security Administration's Office of the General Counsel that is responsible for the processing and handling of litigation in the particular judicial district in which the complaint is filed. The names, addresses, and jurisdictional responsibilities of these offices are published in the Federal Register (70 FR 73320, December 9, 2005), and are available on-line at the Social Security Administration's Internet site, http://policy.ssa.gov/poms.nsf/links/0203106020.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Attorney General of the United States, Washington, DC  20530.

**Time To File A Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

**About the Law**

The right to court review for claims under Title II (Social Security) is provided for in Section 205(g) of the Social Security Act. This section is also Section 405(g) of Title 42 of the United States Code.



See Next Page

James Kiwon Yoon                                                    Page 4 of 4

The right to court review for claims under Title XVI (Supplemental Security Income) is provided for in Section 1631(c)(3) of the Social Security Act. This section is also Section 1383(c) of Title 42 of the United States Code.

The rules on filing civil actions are Rules 4(c) and (i) in the Federal Rules of Civil Procedure.

**Need More Help?**

1. Visit www.ssa.gov for fast, simple, and secure online service.
2. Call us at 1-800-772-1213, weekdays from 8:00 am to 7:00 pm. If you are deaf or hard of hearing, call TTY 1-800-325-0778. Please mention this notice when you call.
3. You may also call your local office at (877)803-6320.

                        Social Security Administration
                        4365 Shackleford Rd
                        Norcross, GA 30093-2931

**How are we doing?** Go to www.ssa.gov/feedback to tell us.

                        /s/ *Patricia Smith*
                        Patricia Smith
                        Administrative Appeals Judge

cc:
James Kiwon Yoon
3651 Terrasol Trl SW
Lilburn, GA 30047



Dcaro CGRB23-Section9
Room 801
5107 Leesburg Pike
Falls Church, VA 22041



3625 1 MA 0.531 P1 T7 157354 1 10 1 CIPA R230321 0000
Kathleen Flynn
315 W. Ponce De Leon
Avenue, Suite 940
Decatur, GA 30030

