# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **GORDON SIMON,**<br><br>Plaintiff,<br><br>v.<br><br>**FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC., and BARENDEAL ALLEN,**<br><br>Defendants. | **CIVIL ACTION FILE NO.**<br><br><br>REMOVED FROM STATE COURT OF GWINNETT COUNTY, GEORGIA, CAFN: 23-C-02410-S4<br><br>*Jury Trial Demanded* |

## DEFENDANTS' NOTICE OF REMOVAL AND BRIEF IN SUPPORT THEREOF

**COME NOW**, Defendants **FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC., and BARENDEAL ALLEN** and file this its Notice of Removal and Brief in Support of Notice of Removal to United States District Court, showing this Honorable Court as follows:

## PROCEDURAL BACKGROUND

1.      A civil action was filed on April 11, 2023, in the State Court of Gwinnett County, State of Georgia. That action is designated there as Civil Action File No.: 23-C-02410-S4. Defendant Freedom Specialty Insurance Company was served on April 12, 2023. Defendant Western Express, LLC was purportedly served on April 13, 2023.

1

To Defendants' knowledge and belief, Defendant Allen has not been properly served. This removal is timely filed pursuant to 28 U.S.C. § 1446(a)(1).

2.  Defendants file herewith a copy of all process, pleadings, and orders received by Defendants in Civil Action File No.: STCV2022000539, pursuant to 28 USC § 1446 (attached hereto as "Exhibit A").

3.  Plaintiff Gordon Simon alleges that is a resident and citizen of the State of Georgia. (Pl's Compl. ¶ 2, Apr. 11, 2023).

4.  Plaintiff alleges that Defendant Allen resides in Thomasville, North Carolina. (Pl's Compl., ¶ 8).

5.  Defendant Western Express, Inc., is currently, and was at the commencement of Civil Action File No.: 23-C-02410-S4, and at all times since has been a corporation organized and existing under the laws of the State of Tennessee with a principal place of business in Tennessee. (*See* Georgia Secretary of State Business Records, attached hereto as "Exhibit B").

6.  Defendant Freedom Specialty Insurance Company is currently, and was at the commencement of Civil Action File No.: 23-C-02410-S4, and at all times since has been a corporation organized and existing under the laws of the State of Texas with a principal place of business in Ohio. (*See* Georgia Secretary of State Business Records, attached hereto as "Exhibit C").

7. The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C §§ 1332 and 1441 et seq., in that there is complete diversity among the Parties, the Parties are not residents of the same State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

   a. All parties to this action are completely diverse. Plaintiff is a citizen of the State of Georgia. Defendant Allen is a citizen of the State of North Carolina. Defendant Western Express, Inc. is a citizen of the State of Tennessee. Defendant Freedom Specialty Insurance Company is a citizen of the State of Texas and the State of Ohio. Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced. *Oh v. Ford Motor Co.*, 79 F. Supp. 2d 1375, 1377 (N.D. Ga. 1999) (citing *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 794 (9th Cir. 1986)).

   b. The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify the amount in controversy, Plaintiff alleges that his damages include permanent personal injuries, medical expenses,

lost wages and loss of earning capacity, among others. (Pl's Compl., ¶ 94-95).  Furthermore, Plaintiff's counsel has advised that Plaintiff's past medical expenses exceed $330,000, and Plaintiff is undergoing neck surgery purportedly related to the motor vehicle accident that is the subject of this action. (Exhibit "D").  Based on the foregoing, there is sufficient evidence to establish that the amount in controversy exceeds $75,000 as required by 28 U.S.C §§ 1332(a) and 1446.

8. Defendants attach hereto a copy of Defendants' Notice of Removal which has been sent for filing in the State Court of Gwinnett County, State of Georgia, marked as Exhibit "E".

9. All Defendants agree to this removal.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

**A. THIS COURT HAS ORIGINAL JURISDICTION OF THIS CAUSE OF ACTION PURSUANT TO 28 U.S.C. § 1332 AND THIS CAUSE OF ACTION IS REMOVABLE ACCORDING TO 28 U.S.C. § 1441.**

This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court for the Northern District of Georgia – Atlanta Division has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

The District Court shall have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between – (1) Citizens of different states.

28 U.S.C. § 1332(a).

### 1. THERE IS COMPLETE DIVERSITY.

All parties to this action are completely diverse. Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced. *Oh v. Ford Motor Co.*, 79 F. Supp. 2d 1375, 1377 (N.D. Ga. 1999) (citing *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 794 (9th Cir. 1986)). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Plaintiff was a citizen and resident of Georgia at the time of filing of the Complaint. (Pl's Compl. ¶ 2). *See Gilbert v. David*, 235 U.S. 561, 569 (1915) ("If a person is domiciled in [a particular state], he is a citizen of that state within the meaning of the Judicial Code."). Therefore, Plaintiff is a citizen of Georgia.

Plaintiff alleges that Defendant Barendeal Allen is currently, and was at the time of the commencement of this action, an individual and citizen residing in the State of North Carolina. (Pl.'s Compl. ¶ 8). Furthermore, Defendant Western Express, Inc. is

currently, and was at the commencement of this action, a foreign corporation existing under the laws of the State of Tennessee with its principal place of business in Tennessee; therefore, Western Express, Inc. is a citizen of the State of Tennessee. (Exhibit "B"). Finally, Freedom Specialty Insurance Company is currently, and was at the commencement of this action, a corporation organized and existing under the laws of the State of Texas with a principal place of business in Ohio; therefore, Freedom Specialty Insurance Company is deemed a citizen of the State of Texas and the State of Ohio.

Accordingly, complete diversity exists in this cause of action between Plaintiff and all Defendants, and therefore, this case is removable under 28 U.S.C. § 1332.

### 2. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

There is evidence to establish that Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars ($75,000). Plaintiff's complaint seeks compensation for substantial injuries and damages including medical expenses, mental and physical pain and suffering, loss of capacity to labor, and past and continuing inability to live a normal life. (Pl.'s Compl. ¶ 94-95). Where a plaintiff has made an unspecified demand for damages, as in this case, a removing defendant must prove only by a preponderance of the evidence that the amount in controversy exceeds the

jurisdictional requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Evidence offered in support of removal can consist of factual allegations, "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."). Furthermore, courts may use their "judicial experience and common sense" in determining whether the case meets federal jurisdictional requirements. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

When determining if the defendant has satisfied its burden, the presiding court will first consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010) (citing 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010)). "If not, the court may consider facts alleged in the notice of removal, judicial admissions made by plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Id*. (quoting 16 James Wm. Moore, et al., *Moore's Federal Practice* § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010).

Following the commencement of this action, Plaintiff's counsel represented that Plaintiff's past medical expenses exceed $330,000, and that Plaintiff is scheduled to undergo a neck surgery purportedly related to the subject accident. (Exhibit "D"). Therefore, there are facts to a legal certainty to support that the amount in controversy exceeds the jurisdictional requirement. Plaintiff's own factual allegations, combined with reasonable deductions, inferences, and extrapolations, prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. Accordingly, because the parties are completely diverse and the amount in controversy exceeds the statutory requirement, this case may be removed to the United States District Court for the Northern District of Georgia – Atlanta Division.

## CONCLUSION

There is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. § 1446, the Defendants have sought removal within thirty (30) days from the moment the action became removable and, therefore, this Court has the authority to accept jurisdiction of this case pursuant to 28 U.S.C. §§ 1332 and 1446.

Respectfully submitted this 10th day of May, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Paul B. Trainor*
SCOTT H. MOULTON
Georgia Bar No. 974237
PAUL B. TRAINOR
Georgia Bar No. 641312
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
paul.trainor@qpwblaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **GORDON SIMON,**<br><br>    Plaintiff,<br><br>v.<br><br>**FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC., and BARENDEAL ALLEN,**<br><br>    Defendants. | **CIVIL ACTION FILE NO.**<br><br><br>REMOVEWD FROM STATE COURT OF GWINNETT COUNTY, GEORGIA, CAFN: 23-C-02410-S4<br><br>*Jury Trial Demanded* |

**CERTIFICATE OF COMPLIANCE**

The foregoing **DEFENDANTS' NOTICE OF REMOVAL WITH BRIEF IN SUPPORT** is double spaced in 14-point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

This 10th day of May, 2023.

                                        **Quintairos, Prieto, Wood & Boyer, P.A.**

                                        */s/ Paul B. Trainor*
                                        SCOTT H. MOULTON
                                        Georgia Bar No. 974237
                                        PAUL B. TRAINOR
                                        Georgia Bar No. 641312
                                        *Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
paul.trainor@qpwblaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GORDON SIMON,<br><br>Plaintiff,<br><br>v.<br><br>**FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC., and BARENDEAL ALLEN,**<br><br>Defendants. | **CIVIL ACTION FILE NO.**<br><br><br>REMOVED FROM STATE COURT OF GWINNETT COUNTY, GEORGIA, CAFN: 23-C-02410-S4<br><br>*Jury Trial Demanded* |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANTS' NOTICE OF REMOVAL WITH BRIEF IN SUPPORT THEREOF** upon all parties to this matter by depositing same in the U.S. Mail and/or via e-file and serve as required by law:

Brian T. Mohs
Fried Goldberg, LLC
Three Alliance Center
3550 Lenox Road NE Suite 1500
Atlanta, GA 30326-4302
brian@friedgoldberg.com

This 10th day of May 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Paul B. Trainor*
SCOTT H. MOULTON
Georgia Bar No. 974237
PAUL B. TRAINOR
Georgia Bar No. 641312
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
paul.trainor@qpwblaw.com