E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**

**4/11/2023 1:28 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| GORDON SIMON | |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| | Civil Action File No. |
| FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC. and BARENDEAL ALLEN | 23-C-02410-S4 |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW, GORDON SIMON, Plaintiff in the above-captioned lawsuit and files this Complaint for Damages against FREEDOM SPECIALTY INSURANCE COMPANY ("FREEDOM"), WESTERN EXPRESS, INC. ("WESTERN EXPRESS"), and BARENDEAL ALLEN ("ALLEN") and showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred Interstate 75 on April 1, 2022 in Bartow County, Georgia.

## PARTIES, JURISDICTION, and VENUE

2.

Plaintiff GORDON SIMON is a citizen and resident of the State of Georgia.

3.

Defendant FREEDOM is an insurance corporation that transacts business in the State of Georgia. Defendant FREEDOM can be served via its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 or by other legal

EXHIBIT A

means.  Once served with process, Defendant FREEDOM is subject to the jurisdiction and venue of this Court.

4.

Defendant WESTERN EXPRESS is a corporation that may be served via its registered agent, Robert Bexley, located at 59 Scenic Highway South, Lawrenceville, GA 30046 or by other legal means.  Once served with process, Defendant WESTERN EXPRESS is subject to the jurisdiction and venue of this Court.

5.

At all times material hereto, Defendant WESTERN EXPRESS was and is engaged in business as an interstate motor carrier transporting goods for compensation through Georgia.

6.

At all times material to this action, Defendant WESTERN EXPRESS was a for hire motor carrier authorized by the United States Department of Transportation and the Federal Motor Carrier Safety Administration to operate for profit and transport goods in interstate commerce.

7.

At all times material hereto, Defendant WESTERN EXPRESS was and is a motor carrier authorized to operate in the State of Georgia for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

8.

Defendant ALLEN was the operator of a commercial motor vehicle involved in the subject collision described below.  ALLEN may be served with legal process at his address, which is located at 3 Maripat Circle, Thomasville, NC 27360, via the Georgia Secretary of State pursuant

2

<u>EXHIBIT A</u>

to the non-resident motorist act, or by other legal means. Once served, ALLEN is subject to the jurisdiction and venue of this Court.

9.

Jurisdiction and venue are proper in this Court.

**FACTS**

10.

The subject collision described below took place on April 1, 2022 on Interstate 75 in Bartow County, Georgia.

11.

In the area where the subject collision took place, Interstate 75 has three southbound lanes.

12.

The posted speed limit in the area where the subject collision took place on April 1, 2022 was 70 miles per hour.

13.

On April 1, 2022, ALLEN was operating a Tractor-Trailer (the "WESTERN EXPRESS Tractor-Trailer") on Interstate 75 in the middle southbound lane.

14.

At the same time, GORDON SIMON was operating a 2015 Chevrolet Express Van on Interstate 75 in the middle southbound lane behind the WESTERN EXPRESS Tractor-Trailer.

15.

GORDON SIMON moved his vehicle into the far-left southbound lane.

3

EXHIBIT A

16.

Suddenly and without warning, ALLEN moved the WESTERN EXPRESS Tractor-Trailer into the far-left southbound lane only a few feet in front of GORDON SIMON.

17.

Immediately after moving into the far-left southbound lane, ALLEN slowed down the WESTERN EXPRESS Tractor-Trailer.

18.

ALLEN's maneuver in changing lanes and slowing down directly in front of GORDON SIMON made it impossible for GORDON SIMON to avoid running into the rear of the WESTERN EXPRESS Tractor-Trailer.

19.

ALLEN was prohibited under Georgia law from moving the WESTERN EXPRESS Tractor-Trailer into the far-left southbound lane of I-75 in the area where the subject collision took place.

20.

It was unexpected for ALLEN to move the WESTERN EXPRESS Tractor-Trailer into the far-left southbound lane.

21.

It was unexpected for ALLEN to move the WESTERN EXPRESS Tractor-Trailer into the far-left southbound lane because it was a restricted lane for tractor-trailers such as the WESTERN EXPRESS Tractor-Trailer.

EXHIBIT A

22.

When GORDON SIMON realized that the WESTERN EXPRESS Tractor-Trailer was stopped or moving slowly he immediately activated his brakes and swerved to his left to avoid a collision.

23.

The front of the van being operated by GORDON SIMON struck the rear of the WESTERN EXPRESS Tractor-Trailer.

24.

As a result of the sudden and unexpected lane change by ALLEN, GORDON SIMON did not have enough time to appreciate that the WESTERN EXPRESS Tractor-Trailer was stopped or moving slowly even though GORDON SIMON was acting with reasonable and ordinary care.

25.

GORDON SIMON did not have enough space to avoid running into the rear of the WESTERN EXPRESS Tractor-Trailer even though he was acting with reasonable and ordinary care.

26.

Plaintiff GORDON SIMON was acting in a safe and reasonable manner.

27.

In the moments before the collision, Defendant ALLEN was not operating the WESTERN EXPRESS Tractor-Trailer in a reasonable and prudent manner.

28.

Defendant ALLEN was improperly occupying a lane that was restricted for the vehicle he was operating at the time of the subject collision.

5

<u>EXHIBIT A</u>

29.

Defendant ALLEN pulled in front of GORDON SIMON even though there was not enough space to do so without interfering with the vehicle being operated by GORDON SIMON.

30.

Defendant ALLEN did not appropriately check his surroundings in the moments leading up to the subject collision.

31.

GORDON SIMON suffered serious personal injuries as well as mental and physical pain as a proximate result of the collision described above.

32.

Defendants ALLEN and/or WESTERN EXPRESS are responsible for causing the collision described above and the injuries that GORDON SIMON suffered as a proximate result of the collision.

33.

The Tractor being operated by ALLEN on April 1, 2022 was owned by WESTERN EXPRESS.

34.

The Trailer being operated by ALLEN on April 1, 2022 was owned by WESTERN EXPRESS.

35.

Plaintiff did not cause or contribute to the cause of the subject collision.

6

EXHIBIT A

36.

There was nothing that GORDON SIMON could have or should have done to avoid or minimize the collision.

37.

At the time of the subject collision, ALLEN was operating a commercial vehicle as defined by Georgia law.

38.

At the time of the subject collision, ALLEN was operating a commercial vehicle as defined by federal law.

39.

ALLEN was operating the WESTERN EXPRESS Tractor-Trailer under the motor carrier authority of WESTERN EXPRESS at the time of the subject collision.

40.

At the time of the subject collision, the WESTERN EXPRESS Tractor-Trailer met the definition of a "truck" as defined in O.C.G.A. § 40-6-52.

41.

At the time of the subject collision, ALLEN and the WESTERN EXPRESS Tractor-Trailer were occupying the far-left lane of a highway with three or more lanes.

42.

At the time of the subject collision, ALLEN and the WESTERN EXPRESS Tractor-Trailer were occupying the far-left lane of a highway with three or more lanes in violation of O.C.G.A. § 40-6-52.

EXHIBIT A

43.

ALLEN was cited by the investigating police officer for violating O.C.G.A. § 40-6-52 at the time of the subject collision.

44.

The subject collision would not have occurred but for ALLEN's decision to move the WESTERN EXPRESS Tractor-Trailer into the far-left southbound lane in front of GORDON SIMON.

## CLAIMS

## COUNTS I AND II:  NEGLIGENCE AND

## NEGLIGENCE *PER SE* OF DEFENDANT ALLEN

45.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

46.

At all times material hereto, Defendant ALLEN was a professional driver.

47.

At all times material hereto, Defendant ALLEN was driving a commercial motor vehicle in interstate commerce.

48.

At all times material hereto, Defendant ALLEN was driving a commercial motor vehicle in intrastate commerce.

8

EXHIBIT A

49.

At all times material to this action, Defendant ALLEN had a legal duty to adhere to all Georgia traffic laws.

50.

At all times material to this action, Defendant ALLEN had a legal duty to adhere to Georgia commercial vehicle safety regulations.

51.

At all times material to this action, Defendant ALLEN had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

52.

At all times material to this action, Defendant ALLEN had a legal duty to adhere to commercial vehicle industry standards.

53.

At all times material to this action, Defendant ALLEN had a duty to operate his commercial vehicle in a safe and prudent manner.

54.

At all times material to this action, Defendant ALLEN had a duty to act in accordance with his training as a commercial motor vehicle driver and so as not to endanger the lives and welfare of Plaintiff and the motoring public.  This duty included keeping a proper lookout, paying attention, keeping a safe distance from other vehicles, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

9

EXHIBIT A

55.

Defendant ALLEN breached his duty by operating the WESTERN EXPRESS Truck in an unreasonable and unsafe manner at the time of the subject collision.

56.

Defendant ALLEN was negligent in the operation of the WESTERN EXPRESS Tractor-Trailer at the time of the subject collision in at least the following ways:

(a)     Inappropriately changing lanes in front of another vehicle where there was not sufficient space to do so;

(b)     Stopping or slowing the WESTERN EXPRESS Tractor-Trailer on the interstate;

(c)     Failing to operate the WESTERN EXPRESS Tractor-Trailer at a safe and prudent speed;

(d)     Failing to properly manage his space;

(e)     Failing to check and be aware of his surroundings;

(f)     Failing to drive at a safe and reasonable speed under the conditions;

(g)     Causing a collision to occur with the vehicle being operated by Plaintiff GORDON SIMON;

(h)     Failing to drive defensively;

(i)     Failing to operate the commercial vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff in particular, in grave danger;

(j)     Failing to adhere to safe driving principles expected of commercial drivers;

10

EXHIBIT A

(k)     Failing to operate the commercial vehicle in accordance with generally accepted safety principles for commercial drivers and/or the commercial motor vehicle industry;

(l)     Failing to operate the WESTERN EXPRESS Tractor-Trailer in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

(m)     Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances; and

(n)     Such other specifications of negligence that shall be added by amendment or proven at trial.

57.

Defendant ALLEN breached his duties and was negligent in at least one or more of the respects described above.

58.

Additionally, Defendant ALLEN's conduct violated Georgia law including but not limited to O.C.G.A. § 40-6-53 (using a prohibited lane), O.C.G.A. § 40-6-241 (failing to operate his vehicle with due care); and O.C.G.A. § 40-6-390 (driving a vehicle in reckless disregard of the safety of persons or property). Each such violation constitutes negligence *per se*.

59.

Defendant ALLEN was negligent and/or negligent *per se* in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

60.

As a direct and proximate result of the negligence of Defendant ALLEN, Plaintiff GORDON SIMON suffered severe and permanent personal injuries.

11

<u>EXHIBIT A</u>

61.

Defendant ALLEN is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## COUNT III:  *RESPONDEAT SUPERIOR* AGAINST

## WESTERN EXPRESS

62.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

63.

At all times material hereto, Defendant ALLEN was an employee of WESTERN EXPRESS.

64.

At all times material hereto, Defendant ALLEN was acting within the course and scope of his employment with WESTERN EXPRESS.

65.

At all times material hereto, Defendant ALLEN was an agent of WESTERN EXPRESS.

66.

At all times material hereto, Defendant ALLEN was acting within the course and scope of his agency with WESTERN EXPRESS.

67.

At all times material hereto, Defendant ALLEN was acting in furtherance of the business interests of WESTERN EXPRESS.

EXHIBIT A

68.

WESTERN EXPRESS is liable for the negligent actions and omissions of Defendant ALLEN and resulting damages pursuant to the doctrine of *respondeat superior* and the rules of agency.

69.

As a direct and proximate result of the negligence of Defendant ALLEN, for which WESTERN EXPRESS is liable, Plaintiff GORDON SIMON suffered severe and permanent personal injuries.

70.

WESTERN EXPRESS is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## COUNT IV:  NEGLIGENCE OF WESTERN EXPRESS

71.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

72.

At all relevant times, WESTERN EXPRESS was a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

73.

At all relevant times, WESTERN EXPRESS was a motor carrier as defined by Georgia law.

13

EXHIBIT A

74.

At all relevant times, WESTERN EXPRESS had a legal duty to comply with the Federal Motor Carrier Safety Regulations.

75.

At all relevant times, WESTERN EXPRESS had a legal duty to comply with Georgia's commercial vehicle safety regulations.

76.

At all relevant times, WESTERN EXPRESS had a legal duty to comply with all commercial vehicle industry standards and practices.

77.

As an employer and motor carrier, WESTERN EXPRESS had a duty to act in a reasonable manner in connection with the hiring, qualifying, training, entrusting, supervising and retaining of Defendant ALLEN.

78.

At all relevant times, WESTERN EXPRESS had a non-delegable duty to comply with all applicable laws and industry standards and act as the motor carrier responsible for safety in relation to the truck and Defendant ALLEN.

79.

WESTERN EXPRESS breached its aforementioned duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant ALLEN.

80.

As a direct and proximate result of WESTERN EXPRESS's negligence, Plaintiff suffered severe personal injuries.

14

## EXHIBIT A

81.

As a direct and proximate result of each of WESTERN EXPRESS's negligence, Plaintiff incurred pain and suffering and medical and other expenses.

82.

WESTERN EXPRESS is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## <u>COUNT V: DIRECT ACTION AGAINST</u>

## <u>FREEDOM</u>

83.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

84.

FREEDOM provided liability insurance to WESTERN EXPRESS.

85.

FREEDOM's liability insurance policy issued to WESTERN EXPRESS provided insurance coverage for ALLEN and the WESTERN EXPRESS Tractor-Trailer.

86.

FREEDOM was transacting business in the State of Georgia and in Gwinnett County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

87.

FREEDOM agreed to provide insurance coverage to WESTERN EXPRESS in consideration for the payment of insurance premiums.

15

<u>EXHIBIT A</u>

88.

Plaintiff GORDON SIMON as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to the agreement between WESTERN EXPRESS and FREEDOM as described in the previous paragraph.

89.

Pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140, FREEDOM is subject to this Direct Action.

## COUNT VI:  PUNITIVE DAMAGES AGAINST ALLEN & WESTERN EXPRESS

90.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

91.

The actions of Defendants ALLEN and/or WESTERN EXPRESS were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

92.

Accordingly, Defendants ALLEN and/or WESTERN EXPRESS are liable to Plaintiff for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

## DAMAGES

93.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

16

## EXHIBIT A

94.

Defendants ALLEN and/or WESTERN EXPRESS acted in a manner which directly and proximately caused the subject collision described above and the resulting injuries to the Plaintiff GORDON SIMON including but not limited to his personal injuries, pain and suffering, lost wages, and medical expenses.

95.

As a result of Defendant ALLEN's and/or WESTERN EXPRESS's negligence, Plaintiff GORDON SIMON suffered severe and permanent personal injuries and physical and mental pain and suffering including but not limited to interference with his normal living, interference with his enjoyment of life, loss of his capacity to labor and earn money, impairment of his body's health and vigor, fear of the extent of his injuries, shock of impact, his actual pain and suffering and limited daily life activities.

96.

As a result of Defendant ALLEN's and/or WESTERN EXPRESS's negligence, Plaintiff GORDON SIMON incurred past medical expenses and will continue to incur future medical expenses.

97.

As a result of Defendant ALLEN's and/or WESTERN EXPRESS's negligence, Plaintiff GORDON SIMON incurred lost wages and benefits and will continue to incur lost wages and benefits in the future.

98.

Defendant ALLEN's and/or WESTERN EXPRESS's negligence is the sole and proximate cause of the incident described above and Plaintiff's injuries and damages.

17

<u>EXHIBIT A</u>

99.

Plaintiff GORDON SIMON entitled to recover all personal injury, pain and suffering, past and future medical expenses, past and future lost wages and all other damages permitted under law.

**WHEREFORE**, Plaintiff GORDON SIMON prays that the following relief be granted:

(a)   A trial by a jury;

(b)   For Summons and Complaint to be issued against Defendants;

(c)   For judgment to be entered in favor of Plaintiff and against Defendants;

(d)   For Plaintiff to be awarded his special damages including past and future medical expenses, and past and future lost wages and benefits, in an amount to be shown by the evidence at trial;

(e)    For Plaintiff to be awarded his general damages including his physical and mental pain and suffering, permanent disability and loss of enjoyment of life in an amount to be determined by the enlightened conscience of an impartial jury at trial;

(f)    For Plaintiff to be awarded punitive damages in an amount to be determined by the enlightened conscience of an impartial jury at trial;

(g)   For all costs and prejudgment interest to be cast against Defendants;

(h)   For Plaintiff to recover any other damages in an amount to be determined by the enlightened conscience of an impartial jury at trial; and

(i)    For all such further and general relief this Court deems equitable and just.

18

<u>EXHIBIT A</u>

This 11th day of April, 2023.

**FRIED GOLDBERG LLC**

_/s/ Brian T. Mohs_
Brian T. Mohs
Georgia Bar No. 228033

Three Alliance Center
3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326
Telephone: 404-591-1800
Facsimile: 404-591-1801
Email: brian@friedgoldberg.com

_Attorneys for Plaintiff_

EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-02410-S4
4/11/2023 1:28 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☒ **State Court of** _____Gwinnett_____ **County**

---

**For Clerk Use Only**

23-C-02410-S4

**Date Filed** _____     **Case Number** _____

**MM-DD-YYYY**

---

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Simon | Gordon | | | | Freedom Specialty Insurance Company | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | | Western Express, Inc. | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | | Allen | Barendeal | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | | | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** | **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney** Brian T. Mohs, Esq.     **Bar Number** 228033     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

## EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**
**4/11/2023 1:28 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

GORDON SIMON

_____

_____

_____

**PLAINTIFF**

VS.

FREEDOM SPECIALTY INSURANCE COMPANY
c/o Corporation Service Company
2 Sun Court, Suite 400

Peachtree Corners, Georgia 30092

**DEFENDANT**

CIVIL ACTION
NUMBER:_____

23-C-02410-S4

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

   Brian T. Mohs, Esq.
   Fried Goldberg LLC
   3550 Lenox Road NE, Suite 1500
   Atlanta, Georgia
   (404) 591-1800
   brian@friedgoldberg.com

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____ **day of** _____, **20_____.**

11th day of April, 2023

**Tiana P. Garner**
**Clerk of State Court**

**By** _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**

**4/11/2023 1:28 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

GORDON SIMON

CIVIL ACTION
NUMBER:_____

23-C-02410-S4

PLAINTIFF

VS.

WESTERN EXPRESS, INC.
c/o Robert Bexley
59 Scenic Highway South

Lawrenceville, Georgia 30046

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

   Brian T. Mohs, Esq.
   Fried Goldberg LLC
   3550 Lenox Road NE, Suite 1500
   Atlanta, Georgia
   (404) 591-1800
   brian@friedgoldberg.com

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

11th day of April, 2023

**This** _____ **day of** _____, **20_____.**

**Tiana P. Garner**
**Clerk of State Court**

**By** _____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

## EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**
**4/11/2023 1:28 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

GORDON SIMON

_____

_____

**PLAINTIFF**

CIVIL ACTION
NUMBER:_____

23-C-02410-S4

VS.

BARENDEAL ALLEN

3 Maripat Circle

Thomasville, North Carolina 27360

**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Brian T. Mohs, Esq.
Fried Goldberg LLC
3550 Lenox Road NE, Suite 1500
Atlanta, Georgia
(404) 591-1800
brian@friedgoldberg.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

11th day of April, 2023

Tiana P. Garner
**Clerk of State Court**

By_____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

EXHIBIT A

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**

**4/12/2023 1:16 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

GORDON SIMON

_____

_____

**PLAINTIFF**

VS.

BARENDEAL ALLEN

c/o Georgia Secretary of State - Corporation Division

2 Martin Luther King Jr. Drive, Atlanta, Georgia 30334

**DEFENDANT**

CIVIL ACTION
NUMBER:_____23-C-02410-S4_____

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:** Brian T. Mohs, Esq.
Fried Goldberg LLC
3550 Lenox Road NE, Suite 1500
Atlanta, Georgia 30326
(404) 591-1800
brian@friedgoldberg.com

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This _____ day of _____,   20_____.**
                          12th day of April, 2023

**Tiana P. Garner
Clerk of State Court**

**By** _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

<u>EXHIBIT A</u>

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**
4/14/2023 8:34 AM
TIANA P. GARNER, CLERK

**AFFIDAVIT OF SERVICE**

| Case: 23-C-02410-S4 | Court: IN THE STATE COURT OF GWINNETT COUNTY | County: GWINNETT | Job: 8702954 |
|---|---|---|---|
| **Plaintiff / Petitioner:** GORDON SIMON, | | **Defendant / Respondent:** FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC. and BARENDEAL ALLEN | |
| **Received by:** RMG - SERVICES, LLC | | **For:** FRIED GOLDBERG LLC | |
| **To be served upon:** FREEDOM SPECIALTY INSURANCE COMPANY | | | |

I, HOLLIS HILL, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   FREEDOM SPECIALTY INSURANCE COMPANY c/o Corporation Service Company by leaving a copy with Alisha Smith who is authorized to accept legal documents, Company: 2 Sun Court Suite-400,, Peachtree Corners, GA 30092

**Manner of Service:**   Registered Agent, Apr 12, 2023, 2:30 pm EDT

**Documents:**   SUMMONS; COMPLAINT FOR DAMAGES; GENERAL CIVIL CASE FILING INFORMATION FORM; PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT FREEDOM SPECIALTY INSURANCE COMPANY, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FREEDOM SPECIALTY INSURANCE COMPANY

**Additional Comments:**
1) Successful Attempt: Apr 12, 2023, 2:30 pm EDT at Company: 2 Sun Court Suite-400,, Peachtree Corners, GA 30092 received by FREEDOM SPECIALTY INSURANCE COMPANY c/o Corporation Service Company by leaving a copy with Alisha Smith who is authorized to accept legal documents. Age: 35+; Ethnicity: African American; Gender: Female; Weight: 150; Height: 5'5"; Hair: Black;

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____     4/13/2023
HOLLIS HILL                                      Date
Certified Process Server CPS #195

RMG - SERVICES, LLC
4024 Lawrenceville Hwy. Suite (17) #452
Lilburn, GA 30047
470-831-0292

Notary Public

11/21/2026

Date                    Commission Expires



KARYME GARCIA
NOTARY
EXPIRES
GEORGIA
11/21/2026
PUBLIC
GWINNETT COUNTY

**EXHIBIT A**



FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2022 NOV -3 PM 1: 53

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers
Case Number:

**22 C - 06218 - 4**

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order up to and including January 4, 2024.

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___3rd___ day of ___November___, 20_22_.

Ronda C. Leary
Ronda Colvin Leary (Nov 3, 2022 11:19 EDT)
Presiding Judge
Gwinnett County State Court

Applicant:
Name ___Hollis Jerome Hill___
Address ___1223 Saxony Drive, SE.___
___Conyers, GA 30013___
___470- 831- 0292___

EXHIBIT A

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**
**4/14/2023 8:34 AM**
TIANA P. GARNER, CLERK

**AFFIDAVIT OF SERVICE**

| Case:<br>23-C-02410-S4 | Court:<br>IN THE STATE COURT OF GWINNETT COUNTY | | County:<br>GWINNETT | Job:<br>8702932 |
|---|---|---|---|---|
| Plaintiff / Petitioner:<br>GORDON SIMON, | | | Defendant / Respondent:<br>FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC. and BARENDEAL ALLEN | |
| Received by:<br>RMG - SERVICES, LLC | | | For:<br>FRIED GOLDBERG LLC | |
| To be served upon:<br>WESTERN EXPRESS, INC. | | | | |

I, HOLLIS HILL, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**    WESTERN EXPRESS, INC., c/o Robert Bexley who is authorized to accept legal documents., Company: 11695 Johns Creek Pkwy Suite-130,, Duluth, GA 30097

**Manner of Service:**    Registered Agent, Apr 13, 2023, 2:21 pm EDT

**Documents:**    SUMMONS; COMPLAINT FOR DAMAGES; GENERAL CIVIL CASE FILING INFORMATION FORM; PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT WESTERN EXPRESS INC., PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WESTERN EXPRESS INC., PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WESTERN EXPRESS INC.

**Additional Comments:**

1) Unsuccessful Attempt: Apr 12, 2023, 5:02 pm EDT at Company: 59 Scenic Hwy SW, Lawrenceville, GA 30046
Per Attorney Caitlin Herndon, Attorney Robert Bexley no longer work at location.

2) Unsuccessful Attempt: Apr 13, 2023, 1:29 pm EDT at Company: 727 Collins Hill Road NE Suite-H (373), Lawrenceville, GA 30046
Address is of the UPS Store, unable to serve documents.

3) Successful Attempt: Apr 13, 2023, 2:21 pm EDT at Company: 11695 Johns Creek Pkwy Suite-130,, Duluth, GA 30097 received by WESTERN EXPRESS, INC., c/o Robert Bexley who is authorized to accept legal documents.. Age: 50+; Ethnicity: Caucasian; Gender: Male; Weight: 300+; Height: 6'3"; Hair: Black;

| | |
|---|---|
| _signature_    4/13/2023 | _Subscribed and sworn to before me by the affiant who is personally known to me._ |
| HOLLIS HILL     Date<br>Certified Process Server CPS #195 | _signature_ |
| | **Notary Public**    11/21/2026 |
| RMG - SERVICES, LLC<br>4024 Lawrenceville Hwy. Suite (17) #452<br>Lilburn, GA 30047<br>470-831-0292 | **Date**      **Commission Expires** |

KARYME GARCIA
NOTARY
EXPIRES
GEORGIA
11/21/2026
PUBLIC
GWINNETT COUNTY

<u>EXHIBIT A</u>



CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY 2022 NOV -3 PM 1: 53

STATE OF GEORGIA          TIANA P. GARNER, CLERK

IN RE: Permanent Process Servers

Case Number:          **22 C - 06218 - 4**

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order up **to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ____3rd____ day of ____November____, 20__22__.

Ronda C. Leary

Ronda Colvin Leary (Nov 3, 2022 11:19 EDT)

Presiding Judge
Gwinnett County State Court

Applicant:

Name ____Hollis Jerome Hill____

Address ____1223 Saxony Drive, SE.____

____Conyers, GA 30013____

____470- 831- 0292____

EXHIBIT A

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02410-S4**
**5/1/2023 9:29 AM**
**TIANA P. GARNER, CLERK**

## AFFIDAVIT OF NON-SERVICE

| Case:<br>23-C-<br>02410-S4 | Court:<br>IN THE STATE COURT OF GWINNETT COUNTY STATE<br>OF GEORGIA | County:<br>Gwinnett, GA | Job:<br>8704099 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>GORDON SIMON | | Defendant / Respondent:<br>FREEDOM SPECIALITY INSURANCE COMPANY, WESTERN EXPRESS,<br>INC. and BARENDEAL ALLEN | |
| Received by:<br>Bobby Wade | | For:<br>FRIED GOLDBERG LLC | |
| To be served upon:<br>BARENDEAL ALLEN | | | |

I, Bobby Wade, being duly sworn, depose and say: I am not less than 21 years of age, am not a party to the action, and not related by blood or marriage to a party to the action or to a person upon whom service is made; and that within the boundaries of the state where service was effected.

**Recipient Name / Address:**   BARENDEAL ALLEN, 3 Maripat Circle, Thomasville, NC 27360

**Manner of Service:**   Bad Address

**Documents:**   SUMMONS; COMPLAINT FOR DAMAGES;
PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT;
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT;
PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

**Additional Comments:**
1) Unsuccessful Attempt: Apr 22, 2023, 10:40 am EDT at 3 Maripat Circle, Thomasville, NC 27360
An African American Male came to the door and stated himself to be the Father of Barendeal Allen. Mr. Allen stated that Barendeal Allen does not live at the residence. Mr. Allen would not give me Barendeal Allen's Phone number or current residence but took my Number and said he would pass it to his son.

_____          4/28/23
Bobby Wade                                  Date

Bobby Wade
Thomasville, NC 27360

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public
4/28/23                                    3/17/24
Date                          Commission Expires

AUDRA R. COLEMAN
Notary Public
Davidson County
State of North Carolina
My Commission Expires 3/17/24

## EXHIBIT A

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-02410-S4

Control Number 4/18/2023 11:34 AM
TIANA P. GARNER, CLERK

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Barendeal Allen**

have been filed with the Secretary of State on 04/14/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Gordon Simon v. Barendeal Allen
Court: State Court of Gwinnett County
Civil Action No.: 23C02410S4

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 04/18/2023.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

EXHIBIT A

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 4/14/2023 1:00:05 PM

| FILING INFORMATION | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-23086320 |

| DEFENDANT INFORMATION | |
|---|---|

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : Barendeal Allen |
| Defendant's Address Where Service Attempted and/or Forwarded | : 3 Maripat Circle, Thomasville, NC, 27360, USA |

| STATUTORY AUTHORITY | |
|---|---|

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

| CASE INFORMATION | |
|---|---|

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Gordon Simon |
| Style of Proceeding | : Gordon Simon v. Freedom Specialty Insurance Company, Western Express, Inc. and Barendeal Allen |
| Civil Action Number | : 23C02410S4 |
| Court | : State Court of Gwinnett County |

| SERVICE OF PROCESS DOCUMENTS | |
|---|---|

See attached document(s).

| FILER's INFORMATION | |
|---|---|
| Filer Type | : Individual |
| Name | : Lisa Brannon |
| Address | : c/o Fried Goldberg LLC, 3550 Lenox Road NE, Suite 1500, Atlanta, GA, 30326, USA |

| AUTHORIZER INFORMATION | |
|---|---|
| Authorizer Name | : Lisa Brannon |

<u>EXHIBIT A</u>

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**
**4/11/2023 1:28 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

GORDON SIMON

      Plaintiff,

v.

FREEDOM SPECIALTY INSURANCE
COMPANY, WESTERN EXPRESS, INC.
and BARENDEAL ALLEN

      Defendants.

**JURY TRIAL DEMANDED**

Civil Action File No.

23-C-02410-S4

## COMPLAINT FOR DAMAGES

COMES NOW, GORDON SIMON, Plaintiff in the above-captioned lawsuit and files this Complaint for Damages against FREEDOM SPECIALTY INSURANCE COMPANY ("FREEDOM"), WESTERN EXPRESS, INC. ("WESTERN EXPRESS"), and BARENDEAL ALLEN ("ALLEN") and showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred Interstate 75 on April 1, 2022 in Bartow County, Georgia.

### PARTIES, JURISDICTION, and VENUE

2.

Plaintiff GORDON SIMON is a citizen and resident of the State of Georgia.

3.

Defendant FREEDOM is an insurance corporation that transacts business in the State of Georgia.  Defendant FREEDOM can be served via its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 or by other legal

EXHIBIT A

means.  Once served with process, Defendant FREEDOM is subject to the jurisdiction and venue of this Court.

4.

Defendant WESTERN EXPRESS is a corporation that may be served via its registered agent, Robert Bexley, located at 59 Scenic Highway South, Lawrenceville, GA 30046 or by other legal means.  Once served with process, Defendant WESTERN EXPRESS is subject to the jurisdiction and venue of this Court.

5.

At all times material hereto, Defendant WESTERN EXPRESS was and is engaged in business as an interstate motor carrier transporting goods for compensation through Georgia.

6.

At all times material to this action, Defendant WESTERN EXPRESS was a for hire motor carrier authorized by the United States Department of Transportation and the Federal Motor Carrier Safety Administration to operate for profit and transport goods in interstate commerce.

7.

At all times material hereto, Defendant WESTERN EXPRESS was and is a motor carrier authorized to operate in the State of Georgia for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

8.

Defendant ALLEN was the operator of a commercial motor vehicle involved in the subject collision described below.  ALLEN may be served with legal process at his address, which is located at 3 Maripat Circle, Thomasville, NC 27360, via the Georgia Secretary of State pursuant

2

<u>EXHIBIT A</u>

to the non-resident motorist act, or by other legal means. Once served, ALLEN is subject to the jurisdiction and venue of this Court.

9.

Jurisdiction and venue are proper in this Court.

**FACTS**

10.

The subject collision described below took place on April 1, 2022 on Interstate 75 in Bartow County, Georgia.

11.

In the area where the subject collision took place, Interstate 75 has three southbound lanes.

12.

The posted speed limit in the area where the subject collision took place on April 1, 2022 was 70 miles per hour.

13.

On April 1, 2022, ALLEN was operating a Tractor-Trailer (the "WESTERN EXPRESS Tractor-Trailer") on Interstate 75 in the middle southbound lane.

14.

At the same time, GORDON SIMON was operating a 2015 Chevrolet Express Van on Interstate 75 in the middle southbound lane behind the WESTERN EXPRESS Tractor-Trailer.

15.

GORDON SIMON moved his vehicle into the far-left southbound lane.

3

EXHIBIT A

16.

Suddenly and without warning, ALLEN moved the WESTERN EXPRESS Tractor-Trailer into the far-left southbound lane only a few feet in front of GORDON SIMON.

17.

Immediately after moving into the far-left southbound lane, ALLEN slowed down the WESTERN EXPRESS Tractor-Trailer.

18.

ALLEN's maneuver in changing lanes and slowing down directly in front of GORDON SIMON made it impossible for GORDON SIMON to avoid running into the rear of the WESTERN EXPRESS Tractor-Trailer.

19.

ALLEN was prohibited under Georgia law from moving the WESTERN EXPRESS Tractor-Trailer into the far-left southbound lane of I-75 in the area where the subject collision took place.

20.

It was unexpected for ALLEN to move the WESTERN EXPRESS Tractor-Trailer into the far-left southbound lane.

21.

It was unexpected for ALLEN to move the WESTERN EXPRESS Tractor-Trailer into the far-left southbound lane because it was a restricted lane for tractor-trailers such as the WESTERN EXPRESS Tractor-Trailer.

4

EXHIBIT A

22.

When GORDON SIMON realized that the WESTERN EXPRESS Tractor-Trailer was stopped or moving slowly he immediately activated his brakes and swerved to his left to avoid a collision.

23.

The front of the van being operated by GORDON SIMON struck the rear of the WESTERN EXPRESS Tractor-Trailer.

24.

As a result of the sudden and unexpected lane change by ALLEN, GORDON SIMON did not have enough time to appreciate that the WESTERN EXPRESS Tractor-Trailer was stopped or moving slowly even though GORDON SIMON was acting with reasonable and ordinary care.

25.

GORDON SIMON did not have enough space to avoid running into the rear of the WESTERN EXPRESS Tractor-Trailer even though he was acting with reasonable and ordinary care.

26.

Plaintiff GORDON SIMON was acting in a safe and reasonable manner.

27.

In the moments before the collision, Defendant ALLEN was not operating the WESTERN EXPRESS Tractor-Trailer in a reasonable and prudent manner.

28.

Defendant ALLEN was improperly occupying a lane that was restricted for the vehicle he was operating at the time of the subject collision.

5

<u>EXHIBIT A</u>

29.

Defendant ALLEN pulled in front of GORDON SIMON even though there was not enough space to do so without interfering with the vehicle being operated by GORDON SIMON.

30.

Defendant ALLEN did not appropriately check his surroundings in the moments leading up to the subject collision.

31.

GORDON SIMON suffered serious personal injuries as well as mental and physical pain as a proximate result of the collision described above.

32.

Defendants ALLEN and/or WESTERN EXPRESS are responsible for causing the collision described above and the injuries that GORDON SIMON suffered as a proximate result of the collision.

33.

The Tractor being operated by ALLEN on April 1, 2022 was owned by WESTERN EXPRESS.

34.

The Trailer being operated by ALLEN on April 1, 2022 was owned by WESTERN EXPRESS.

35.

Plaintiff did not cause or contribute to the cause of the subject collision.

6

EXHIBIT A

36.

There was nothing that GORDON SIMON could have or should have done to avoid or minimize the collision.

37.

At the time of the subject collision, ALLEN was operating a commercial vehicle as defined by Georgia law.

38.

At the time of the subject collision, ALLEN was operating a commercial vehicle as defined by federal law.

39.

ALLEN was operating the WESTERN EXPRESS Tractor-Trailer under the motor carrier authority of WESTERN EXPRESS at the time of the subject collision.

40.

At the time of the subject collision, the WESTERN EXPRESS Tractor-Trailer met the definition of a "truck" as defined in O.C.G.A. § 40-6-52.

41.

At the time of the subject collision, ALLEN and the WESTERN EXPRESS Tractor-Trailer were occupying the far-left lane of a highway with three or more lanes.

42.

At the time of the subject collision, ALLEN and the WESTERN EXPRESS Tractor-Trailer were occupying the far-left lane of a highway with three or more lanes in violation of O.C.G.A. § 40-6-52.

7

EXHIBIT A

43.

ALLEN was cited by the investigating police officer for violating O.C.G.A. § 40-6-52 at the time of the subject collision.

44.

The subject collision would not have occurred but for ALLEN's decision to move the WESTERN EXPRESS Tractor-Trailer into the far-left southbound lane in front of GORDON SIMON.

## CLAIMS

## COUNTS I AND II:  NEGLIGENCE AND

## NEGLIGENCE *PER SE* OF DEFENDANT ALLEN

45.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

46.

At all times material hereto, Defendant ALLEN was a professional driver.

47.

At all times material hereto, Defendant ALLEN was driving a commercial motor vehicle in interstate commerce.

48.

At all times material hereto, Defendant ALLEN was driving a commercial motor vehicle in intrastate commerce.

8

EXHIBIT A

49.

At all times material to this action, Defendant ALLEN had a legal duty to adhere to all Georgia traffic laws.

50.

At all times material to this action, Defendant ALLEN had a legal duty to adhere to Georgia commercial vehicle safety regulations.

51.

At all times material to this action, Defendant ALLEN had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

52.

At all times material to this action, Defendant ALLEN had a legal duty to adhere to commercial vehicle industry standards.

53.

At all times material to this action, Defendant ALLEN had a duty to operate his commercial vehicle in a safe and prudent manner.

54.

At all times material to this action, Defendant ALLEN had a duty to act in accordance with his training as a commercial motor vehicle driver and so as not to endanger the lives and welfare of Plaintiff and the motoring public.  This duty included keeping a proper lookout, paying attention, keeping a safe distance from other vehicles, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

9

<u>EXHIBIT A</u>

55.

Defendant ALLEN breached his duty by operating the WESTERN EXPRESS Truck in an unreasonable and unsafe manner at the time of the subject collision.

56.

Defendant ALLEN was negligent in the operation of the WESTERN EXPRESS Tractor-Trailer at the time of the subject collision in at least the following ways:

(a)     Inappropriately changing lanes in front of another vehicle where there was not sufficient space to do so;

(b)     Stopping or slowing the WESTERN EXPRESS Tractor-Trailer on the interstate;

(c)     Failing to operate the WESTERN EXPRESS Tractor-Trailer at a safe and prudent speed;

(d)     Failing to properly manage his space;

(e)     Failing to check and be aware of his surroundings;

(f)     Failing to drive at a safe and reasonable speed under the conditions;

(g)     Causing a collision to occur with the vehicle being operated by Plaintiff GORDON SIMON;

(h)     Failing to drive defensively;

(i)     Failing to operate the commercial vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff in particular, in grave danger;

(j)     Failing to adhere to safe driving principles expected of commercial drivers;

10

<u>EXHIBIT A</u>

(k)     Failing to operate the commercial vehicle in accordance with generally accepted safety principles for commercial drivers and/or the commercial motor vehicle industry;

(l)     Failing to operate the WESTERN EXPRESS Tractor-Trailer in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

(m)    Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances; and

(n)    Such other specifications of negligence that shall be added by amendment or proven at trial.

57.

Defendant ALLEN breached his duties and was negligent in at least one or more of the respects described above.

58.

Additionally, Defendant ALLEN's conduct violated Georgia law including but not limited to O.C.G.A. § 40-6-53 (using a prohibited lane), O.C.G.A. § 40-6-241 (failing to operate his vehicle with due care); and O.C.G.A. § 40-6-390 (driving a vehicle in reckless disregard of the safety of persons or property).  Each such violation constitutes negligence *per se*.

59.

Defendant ALLEN was negligent and/or negligent *per se* in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

60.

As a direct and proximate result of the negligence of Defendant ALLEN, Plaintiff GORDON SIMON suffered severe and permanent personal injuries.

11

EXHIBIT A

61.

Defendant ALLEN is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## COUNT III:  *RESPONDEAT SUPERIOR* AGAINST

## WESTERN EXPRESS

62.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

63.

At all times material hereto, Defendant ALLEN was an employee of WESTERN EXPRESS.

64.

At all times material hereto, Defendant ALLEN was acting within the course and scope of his employment with WESTERN EXPRESS.

65.

At all times material hereto, Defendant ALLEN was an agent of WESTERN EXPRESS.

66.

At all times material hereto, Defendant ALLEN was acting within the course and scope of his agency with WESTERN EXPRESS.

67.

At all times material hereto, Defendant ALLEN was acting in furtherance of the business interests of WESTERN EXPRESS.

12

EXHIBIT A

68.

WESTERN EXPRESS is liable for the negligent actions and omissions of Defendant ALLEN and resulting damages pursuant to the doctrine of *respondeat superior* and the rules of agency.

69.

As a direct and proximate result of the negligence of Defendant ALLEN, for which WESTERN EXPRESS is liable, Plaintiff GORDON SIMON suffered severe and permanent personal injuries.

70.

WESTERN EXPRESS is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## COUNT IV:  NEGLIGENCE OF WESTERN EXPRESS

71.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

72.

At all relevant times, WESTERN EXPRESS was a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

73.

At all relevant times, WESTERN EXPRESS was a motor carrier as defined by Georgia law.

13

EXHIBIT A

74.

At all relevant times, WESTERN EXPRESS had a legal duty to comply with the Federal Motor Carrier Safety Regulations.

75.

At all relevant times, WESTERN EXPRESS had a legal duty to comply with Georgia's commercial vehicle safety regulations.

76.

At all relevant times, WESTERN EXPRESS had a legal duty to comply with all commercial vehicle industry standards and practices.

77.

As an employer and motor carrier, WESTERN EXPRESS had a duty to act in a reasonable manner in connection with the hiring, qualifying, training, entrusting, supervising and retaining of Defendant ALLEN.

78.

At all relevant times, WESTERN EXPRESS had a non-delegable duty to comply with all applicable laws and industry standards and act as the motor carrier responsible for safety in relation to the truck and Defendant ALLEN.

79.

WESTERN EXPRESS breached its aforementioned duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant ALLEN.

80.

As a direct and proximate result of WESTERN EXPRESS's negligence, Plaintiff suffered severe personal injuries.

14

<u>EXHIBIT A</u>

81.

As a direct and proximate result of each of WESTERN EXPRESS's negligence, Plaintiff incurred pain and suffering and medical and other expenses.

82.

WESTERN EXPRESS is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## COUNT V: DIRECT ACTION AGAINST

## FREEDOM

83.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

84.

FREEDOM provided liability insurance to WESTERN EXPRESS.

85.

FREEDOM's liability insurance policy issued to WESTERN EXPRESS provided insurance coverage for ALLEN and the WESTERN EXPRESS Tractor-Trailer.

86.

FREEDOM was transacting business in the State of Georgia and in Gwinnett County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

87.

FREEDOM agreed to provide insurance coverage to WESTERN EXPRESS in consideration for the payment of insurance premiums.

15

EXHIBIT A

88.

Plaintiff GORDON SIMON as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to the agreement between WESTERN EXPRESS and FREEDOM as described in the previous paragraph.

89.

Pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140, FREEDOM is subject to this Direct Action.

## COUNT VI: PUNITIVE DAMAGES AGAINST ALLEN & WESTERN EXPRESS

90.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

91.

The actions of Defendants ALLEN and/or WESTERN EXPRESS were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

92.

Accordingly, Defendants ALLEN and/or WESTERN EXPRESS are liable to Plaintiff for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

## DAMAGES

93.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

16

EXHIBIT A

94.

Defendants ALLEN and/or WESTERN EXPRESS acted in a manner which directly and proximately caused the subject collision described above and the resulting injuries to the Plaintiff GORDON SIMON including but not limited to his personal injuries, pain and suffering, lost wages, and medical expenses.

95.

As a result of Defendant ALLEN's and/or WESTERN EXPRESS's negligence, Plaintiff GORDON SIMON suffered severe and permanent personal injuries and physical and mental pain and suffering including but not limited to interference with his normal living, interference with his enjoyment of life, loss of his capacity to labor and earn money, impairment of his body's health and vigor, fear of the extent of his injuries, shock of impact, his actual pain and suffering and limited daily life activities.

96.

As a result of Defendant ALLEN's and/or WESTERN EXPRESS's negligence, Plaintiff GORDON SIMON incurred past medical expenses and will continue to incur future medical expenses.

97.

As a result of Defendant ALLEN's and/or WESTERN EXPRESS's negligence, Plaintiff GORDON SIMON incurred lost wages and benefits and will continue to incur lost wages and benefits in the future.

98.

Defendant ALLEN's and/or WESTERN EXPRESS's negligence is the sole and proximate cause of the incident described above and Plaintiff's injuries and damages.

17

<u>EXHIBIT A</u>

99.

Plaintiff GORDON SIMON entitled to recover all personal injury, pain and suffering, past and future medical expenses, past and future lost wages and all other damages permitted under law.

**WHEREFORE**, Plaintiff GORDON SIMON prays that the following relief be granted:

(a)   A trial by a jury;

(b)   For Summons and Complaint to be issued against Defendants;

(c)   For judgment to be entered in favor of Plaintiff and against Defendants;

(d)   For Plaintiff to be awarded his special damages including past and future medical expenses, and past and future lost wages and benefits, in an amount to be shown by the evidence at trial;

(e)    For Plaintiff to be awarded his general damages including his physical and mental pain and suffering, permanent disability and loss of enjoyment of life in an amount to be determined by the enlightened conscience of an impartial jury at trial;

(f)   For Plaintiff to be awarded punitive damages in an amount to be determined by the enlightened conscience of an impartial jury at trial;

(g)   For all costs and prejudgment interest to be cast against Defendants;

(h)   For Plaintiff to recover any other damages in an amount to be determined by the enlightened conscience of an impartial jury at trial; and

(i)    For all such further and general relief this Court deems equitable and just.

<u>EXHIBIT A</u>

This 11th day of April, 2023.

**FRIED GOLDBERG LLC**

*/s/ Brian T. Mohs*
Brian T. Mohs
Georgia Bar No. 228033

Three Alliance Center
3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326
Telephone: 404-591-1800
Facsimile: 404-591-1801
Email: brian@friedgoldberg.com

*Attorneys for Plaintiff*

19

<u>EXHIBIT A</u>

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**

**4/12/2023 1:16 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

GORDON SIMON

PLAINTIFF

CIVIL ACTION
NUMBER:_____ 23-C-02410-S4 _____

VS.

BARENDEAL ALLEN

c/o Georgia Secretary of State - Corporation Division

2 Martin Luther King Jr. Drive, Atlanta, Georgia 30334

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:** Brian T. Mohs, Esq.
      Fried Goldberg LLC
      3550 Lenox Road NE, Suite 1500
      Atlanta, Georgia 30326
      (404) 591-1800
      brian@friedgoldberg.com

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This _____ day of _____,  20_____.**
                              12th day of April, 2023

                                                       **Tiana P. Garner,**
                                                       **Clerk of State Court**


                                                       **By**_____
                                                                **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**
**4/11/2023 1:28 PM**
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of _____Gwinnett_____ County

| For Clerk Use Only | |
|---|---|
| | **23-C-02410-S4** |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Simon          Gordon

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Freedom Specialty Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Western Express, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Allen          Barendeal

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Brian T. Mohs, Esq.          **Bar Number** 228033          **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                        **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

## EXHIBIT A

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02410-S4**
**4/14/2023 12:00 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

GORDON SIMON

      Plaintiff,

v.

FREEDOM SPECIALTY INSURANCE
COMPANY, WESTERN EXPRESS, INC.
and BARENDEAL ALLEN

      Defendants.

**JURY TRIAL DEMANDED**

Civil Action File No. 23-C-02410-S4

---

### PLAINTIFFS' AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON A NONRESIDENT MOTORIST

I, Brian T. Mohs, the undersigned, am the attorney who represents the Plaintiff in the above-styled case.

I do hereby certify that, in accordance with § O.C.G.A. 40-12-2, I have forwarded by statutory overnight delivery notice of service of the above case along with a copy of the Summons, Complaint and Discovery to Barendeal Allen, at the following address:

Barendeal Allen
3 Maripat Circle, Thomasville
NC 27360

Upon filing of this action, I am forwarding a copy of process to be served upon the Georgia Secretary of State. I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon Defendant, BARENDEAL ALLEN, by the Plaintiff and (2) this Plaintiff's Affidavit of Compliance.

## EXHIBIT A

This 14th day of April, 2023.

FRIED GOLDBERG LLC

Brian T. Mohs
Georgia Bar No. 228033

Attorneys for Plaintiff

Three Alliance Center
3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326
Telephone:(404) 591-1800
Facsimile:(404) 591-1801
Email: brian@friedgoldberg.com

Sworn to and subscribed before me

This 14th day of April, 2023.

Notary Public

My Commission Expires: 1-27-26

Lisa Barr
NOTARY PUBLIC
Fulton County, Georgia
My Commission Expires 1/27/2026

2

EXHIBIT A



ORIGIN ID:TMAA
LISA BRANNON                                     (404) 591-1838
3550 LENOX ROAD, N.E.
SUITE 1500
ATLANTA, GA 30326
UNITED STATES US

TO  BARENDEAL ALLEN

3 MARIPAT CIRCLE

THOMASVILLE NC 27360

(404) 591-1838
INV
PO                                    REF SIMON 220081
                                      DEPT

SHIP DATE: 12APR23
ACTWGT: 1.00 LB
CAD: 100185049/INET4580

BILL SENDER

TRK#
0201    7718 2767 4134

XG DUFA

THU - 13 APR 4:30P
STANDARD OVERNIGHT

27360
NC-US    GSO

FedEx Express

J231022011101uv

581J3/78CF/FE2D

---

**After printing this label**:

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

EXHIBIT A

April 14, 2023

Dear Customer,

The following is the proof-of-delivery for tracking number: 771827674134

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | Signature not required | **Delivery Location:** | 3 MARIPAT CIR |
| **Service type:** | FedEx Standard Overnight | | |
| **Special Handling:** | Deliver Weekday; Residential Delivery | | THOMASVILLE, NC, 27360 |
| | | **Delivery date:** | Apr 13, 2023 14:24 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 771827674134 | **Ship Date:** | Apr 12, 2023 |
| | | **Weight:** | 1.0 LB/0.45 KG |

**Recipient:**
Barendeal Allen,
3 Maripat Circle
THOMASVILLE, NC, US, 27360

**Shipper:**
Lisa Brannon,
3550 Lenox Road, N.E.
Suite 1500
Atlanta, GA, US, 30326

**Reference**     Simon 220081

Proof-of-delivery details appear below; however, no signature is available for this FedEx Express shipment because a signature was not required.

Thank you for choosing FedEx

## EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**

**4/11/2023 1:28 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| GORDON SIMON | |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC., and BARENDEAL ALLEN | Civil Action File No. 23-C-02410-S4 |
| Defendants. | |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT BARENDEAL ALLEN

COMES NOW, Plaintiff in the above-captioned lawsuit and pursuant to O.C.G.A. § 9-11-36 hereby propounds the following Requests for Admission to Defendant BARENDEAL ALLEN ("ALLEN") for response pursuant to Rule 36 of the Georgia Civil Practice Act and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "**Subject Collision**" means the collision described in the Complaint that occurred on April 1, 2022 on Interstate 75 in Bartow County, Georgia involving Defendant ALLEN and PLAINTIFF.

2. "**You**", "**Your**," or "**ALLEN**" means Defendant BARENDEAL ALLEN and includes his agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for him or on his behalf.

3. "**WESTERN EXPRESS**" means Defendant WESTERN EXPRESS, INC. and includes its parents, subsidiaries, all related corporate entities, agents, representatives, attorneys, and anyone

EXHIBIT A

who, at the relevant times, was acting or purporting to act for it or on its behalf.

4. "**FREEDOM**" means Defendant FREEDOM SPECIALTY INSURANCE COMPANY and includes its parents, subsidiaries, all related corporate entities, agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

5. "**Plaintiff**" means the Plaintiff herein, namely GORDON SIMON.

6. The "**Tractor**" means the tractor being operated by Defendant ALLEN at the time of the Subject Collision.

7. The "**Trailer**" means the trailer being hauled by Defendant ALLEN at the time of the Subject Collision.

8. The "**Tractor-Trailer**" or "**Commercial Vehicle**" means the combination tractor-trailer being operated by Defendant ALLEN at the time of the Subject Collision.

9. The "**Insurance Policy**" is the insurance policy issued by FREEDOM SPECIALTY INSURANCE COMPANY to Defendant WESTERN EXPRESS, INC. that provides coverage for the Subject Collision.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**   ALLEN is properly named in this lawsuit.

**REQUEST NO. 2:**   ALLEN is a proper party to this lawsuit.

**REQUEST NO. 3:**   ALLEN is properly identified in this lawsuit.

**REQUEST NO. 4:**   Service upon ALLEN was legal and proper in this case.

**REQUEST NO. 5:**   ALLEN is subject to the jurisdiction of this Court.

**REQUEST NO. 6:**   Venue is proper as to ALLEN in this Court.

**REQUEST NO. 7:**    ALLEN operated the Tractor-Trailer that was involved in the

EXHIBIT A

Subject Collision.

**REQUEST NO. 8:**   On April 1, 2022, the Tractor-Trailer being operated by ALLEN was a commercial motor vehicle as defined by Georgia law and regulations.

**REQUEST NO. 9:**   On April 1, 2022, the Tractor-Trailer being operated by ALLEN was a commercial motor vehicle as defined by federal law and the Federal Motor Carrier Safety Regulations.

**REQUEST NO. 10:**  The tractor being operated by ALLEN at the time of the Subject Collision is owned WESTERN EXPRESS.

**REQUEST NO. 11:**  The trailer being operated by ALLEN at the time of the Subject Collision is owned by WESTERN EXPRESS.

**REQUEST NO. 12:**  There was no mechanical or other problem with the Tractor-Trailer that was present at the time of the Subject Collision.

**REQUEST NO. 13:**  No mechanical or other problem with the Tractor-Trailer caused or contributed to the Subject Collision.

**REQUEST NO. 14:**  At the time of the Subject Collision, ALLEN had WESTERN EXPRESS's permission to operate the Tractor-Trailer.

**REQUEST NO. 15:**  ALLEN was an employee of WESTERN EXPRESS at the time of the Subject Collision.

**REQUEST NO. 16:**  ALLEN was acting within the course and scope of his employment with WESTERN EXPRESS at the time of the Subject Collision.

**REQUEST NO. 17:**  ALLEN was an agent of WESTERN EXPRESS at the time of the Subject Collision.

**REQUEST NO. 18:**  ALLEN was acting within the course and scope of his agency with

3

<u>EXHIBIT A</u>

WESTERN EXPRESS at the time of the Subject Collision.

**REQUEST NO. 19:**   ALLEN was an independent contractor of WESTERN EXPRESS at the time of the Subject Collision.

**REQUEST NO. 20:**   ALLEN was acting within the course and scope of his independent contract with WESTERN EXPRESS at the time of the Subject Collision.

**REQUEST NO. 21:**   At the time of the Subject Collision, ALLEN was operating the Tractor-Trailer contrary to the training he received by WESTERN EXPRESS.

**REQUEST NO. 22:**   At the time of the Subject Collision, ALLEN was violating company policies and procedures of WESTERN EXPRESS.

**REQUEST NO. 23:**   At the time of the Subject Collision, ALLEN was not acting in a reasonable and prudent manner in operating the Tractor-Trailer.

**REQUEST NO. 24:**   In the moments leading up to the Subject Collision, ALLEN did not check his surroundings.

**REQUEST NO. 25:**   In the moments leading up to the Subject Collision, ALLEN pulled in front of the Plaintiff's vehicle.

**REQUEST NO. 26:**   At the time of the Subject Collision, ALLEN was occupying the far-left southbound lane of Interstate 75.

**REQUEST NO. 27:**   At the time of the Subject Collision, ALLEN was improperly occupying a lane that was restricted for the vehicle he was operating.

**REQUEST NO. 28:**   ALLEN is partially responsible for causing the Subject Collision.

**REQUEST NO. 29:**   ALLEN is fully responsible for causing the Subject Collision.

**REQUEST NO. 30:**   ALLEN was disciplined as a result of the Subject Collision.

**REQUEST NO. 31:**   ALLEN was terminated as a result of the Subject Collision.

4

<u>EXHIBIT A</u>

This 11th day of April, 2023.

**FRIED GOLDBERG LLC**

_/s/ Brian T. Mohs_
Brian T. Mohs
Georgia Bar No. 228033

Three Alliance Center
3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326
Telephone: 404-591-1800
Facsimile: 404-591-1801
Email: brian@friedgoldberg.com

_Attorneys for Plaintiff_

5

<u>EXHIBIT A</u>

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**
**4/11/2023 1:28 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| GORDON SIMON | |
|      Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC., and BARENDEAL ALLEN | Civil Action File No. |
|      Defendants. | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT BARENDEAL ALLEN

COMES NOW, Plaintiff in the above-captioned lawsuit and pursuant to O.C.G.A. § 9-11-33 hereby propounds the following Interrogatories to Defendant BARENDEAL ALLEN ("ALLEN") for response within the statutory time period provided.

### **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars,

EXHIBIT A

bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

2

EXHIBIT A

4.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.   The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.   "**Subject Collision**" means the collision described in the Complaint that occurred on April 1, 2022 on Interstate 75 in Bartow County, Georgia involving Defendant ALLEN and PLAINTIFF.

9.   "**You**", "**Your**," or "**ALLEN**" means Defendant BARENDEAL ALLEN and includes his agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting

3

EXHIBIT A

to act for him or on his behalf.

10. "**WESTERN EXPRESS**" means Defendant WESTERN EXPRESS, INC. and includes its parents, subsidiaries, all related corporate entities, agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

11. "**FREEDOM**" means Defendant FREEDOM SPECIALTY INSURANCE COMPANY and includes its parents, subsidiaries, all related corporate entities, agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

12. "**Plaintiff**" means the Plaintiff herein, namely GORDON SIMON.

13. The "**Tractor**" means the tractor being operated by Defendant ALLEN at the time of the Subject Collision.

14. The "**Trailer**" means the trailer being hauled by Defendant ALLEN at the time of the Subject Collision.

15. The "**Tractor-Trailer**" or "**Commercial Vehicle**" means the combination tractor-trailer being operated by Defendant ALLEN at the time of the Subject Collision.

16. The "**Insurance Policy**" is the insurance policy issued by FREEDOM SPECIALTY INSURANCE COMPANY to Defendant WESTERN EXPRESS, INC. that provides coverage for the Subject Collision.

## **INTERROGATORIES**

### **YOUR BACKGROUND INFORMATION**

1.

State your full name, date and place of birth, and social security number.  If you have ever been known by any name(s) other than the one you identify, please state each such name and for

4

EXHIBIT A

each such name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name, and explain why you changed names or went by more than one name.

2.

Identify each address where you have lived in the past ten years and provide the dates when you lived at each address and the names and relationship of all persons living with you at your address at the time of the Subject Collision.

3.

Identify every person, who you are related to by blood or marriage, who resides in the jurisdiction where this case is pending.  For each person, identify their employer, job position, age and how they are related to you.  This information is needed for jury selection purposes.

## DRIVER QUALIFICATION & HISTORY

4.

Identify all training you have received in connection with operating a commercial motor vehicle, including the name, address, and dates of all truck driving schools you attended, the name and dates of any courses taken to obtain your commercial driver's license, and the name and dates of any training you received since obtaining your commercial driver's license.

5.

Identify the state CDL manual and/or any other training manual that you used preparation to obtain your CDL.

EXHIBIT A

6.

For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

7.

If you have ever been disqualified from driving a commercial motor vehicle including having your license suspended, revoked, or placed on probation, please describe when, by whom, and the reasons for and circumstances under which you were disqualified.

8.

For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past 15 years, provide the following information: name and address of the entity or person for whom you worked; the dates you worked there; job position; supervisor's name; and the reason you left or were terminated.

9.

If you have won any awards, been given special recognitions, and/or there are any accomplishments and/or achievements you are particularly proud of, please explain them and provide the date and location for them.

10.

If you have ever been disciplined by any employer in relation to your operation of a commercial vehicle, please state the reason for the discipline including the underlying circumstances of what happened; the date of the discipline; and the type of discipline administered (e.g. verbal warning, written warning, re-training, counseling, suspension, probation, reduced pay, etc.)

6

<u>EXHIBIT A</u>

11.

Identify all motor vehicle collisions that you have been involved in during the past 15 years and for each collision, describe what happened; where the collision occurred; the names of the other individuals involved; the nature and disposition of any citation that was issued; who was at fault; and whether there were any injuries.

12.

If you have been arrested, charged, warned, cited, and/or convicted for any violation of any traffic or driving ordinance, law and/or regulation in the past ten years, for each arrest/charge/warning/citation/conviction, identify the charge, jurisdiction, date, and disposition.  This includes all traffic violations, licensing violations, and vehicle and/or driver inspection violations.

13.

If you have you ever been convicted of a felony or any misdemeanor involving dishonesty or making a false statement, please explain the nature of the charge/conviction, the underlying circumstances, the jurisdiction, the date, and the disposition.

14.

If you have you ever been charged or found to have been under the influence of drugs or alcohol while operating a motor vehicle at any time, please explain the nature of the charge/finding, the jurisdiction, the date, and the disposition.

15.

In the ten years before the Subject Collision, have you had any medical condition that could affect your ability to operate a motor vehicle including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, motor skills, or sensory abilities such as sleep apnea, vision loss, epilepsy, hearing loss, heart conditions, etc?  If so,

7

<u>EXHIBIT A</u>

describe in detail each condition, the name and address of each medical professional who has diagnosed you with or treated you for the condition, and the nature and dates of any medical treatment you received.

16.

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)?  If so, explain whether you were a plaintiff, defendant, or witness and identify the style/caption of the case, the jurisdiction, and the date and nature of the lawsuit.

**INSURANCE**

17.

For each liability insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, state: the name of the insurer(s); policy number(s); limits of coverage (including the amount coverage has been depleted through the payment of other claims or erosion); the amount of any self-insured retention or deductible; whether the policy is an eroding policy; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**SUBJECT COLLISION**

18.

Explain your understanding of <u>how</u> and <u>why</u> the Subject Collision occurred including in your answer specific details and the proper sequence of events, whether you maintain that PLAINTIFF or any non-party has any responsibility of any kind for causing the Subject Collision

8

<u>EXHIBIT A</u>

and/or the damages alleged in the Complaint, and a detailed description of your basis for your positions including the identity of all person(s) who have any knowledge regarding this issue.

19.

Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events?  If so, provide the details of any such communications, statements and accounts by explaining when, where, in what form, to whom the statement or account was given and the substance of your communication, statement or account.

20.

Identify all person(s) who to your knowledge have or may have any personal knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other Incidents, claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

21.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

22.

If you maintain that PLAINTIFF or anyone else has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint for Damages, describe in detail the basis for their responsibility and identify all person(s) who have

9

<u>EXHIBIT A</u>

any knowledge regarding this issue.

23.

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the 72-hour period immediately before the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption, and the purpose for the consumption.

24.

If you were disciplined or counseled by anyone at WESTERN EXPRESS following the Subject Collision, please provide a complete explanation of what discipline or counseling you received, the person or persons who issued the discipline, and the reason or basis for the discipline.

## **CELL PHONE**

25.

For each cell phone you had in your possession on the date of the Subject Collision please provide the phone number and the name of the service provider.  This Interrogatory is meant to apply to any cell phone you used or possessed or had in the Tractor-Trailer with you on the date of the Subject Collision including but not limited to all cell phones owned by you; all cell phones you used that are owned by other people; and all cell phones provided to you by your employer.

26.

For the time period beginning 2 hours prior to the Subject Collision and ending 1 hour after the Subject Collision, please list all calls made or received by you including in your response the name, address, and phone number of the person who received or made the call, the time the call began, the time the call ended, the purpose of the call, whether the call was made via Facetime or

10

EXHIBIT A

some other similar Video call format, and whether the call was made or received while you were operating the Tractor-Trailer.

27.

For the time period beginning 2 hours prior to the Subject Collision and ending 1 hour after the Subject Collision, please list all text/SMS messages sent or received by you including in your response the name, address, and phone number of the person who received or sent the text/SMS, the time the text/SMS was sent, what the text/SMS said, and whether the text/SMS was sent by you or read by you while you were operating the Tractor-Trailer.

28.

For the time period beginning 2 hours prior to the Subject Collision and ending 1 hour after the Subject Collision, please list all applications, browsers, videos, music, and/or streaming services (e.g. Google Maps, Pandora, Spotify, Amazon Music, Apple Music, Podcasts, Netflix, Hulu, iTunes, HBO, Google, Safari, etc)  that were open on your phone and/or were being used by you including in your answer the name of the application, browsers, video, music, and/or streaming service, the purpose for which you were using the application, browser, video, music, and/or streaming service, whether the application, browser, video, music, and/or streaming service was playing audio or video, and whether the application, video, music, and/or streaming service was open or being used by you while you were operating the Tractor-Trailer.

**WESTERN EXPRESS, INC.**

29.

Explain your relationship with WESTERN EXPRESS at the time of the Subject Collision including your employment status (e.g., employee/company driver, leased driver, etc.), how you were compensated for driving (e.g., by the hour, by the load, by the mile, salary or other), the

11

EXHIBIT A

amount of any bonuses you received and the reason you were awarded the bonus, the terms of your employment or contract, when the relationship began and ended, and the reason the relationship ended.

30.

Please state the name and position of your direct supervisor at the time of the subject collision.

31.

If WESTERN EXPRESS provided you with any type of training on driving safety or defensive driving rules, standards, safeguards, regulations, and/or laws, please describe the training you received; when you received the training; and who gave you the training.

32.

Were you an employee or agent of WESTERN EXPRESS working in the course and scope of your employment or agency at the time of the Subject Collision?  If not, please explain your answer.

33.

Identify and explain all communications of any kind between you and anyone acting for or on behalf of Defendant WESTERN EXPRESS during the twenty-four (24) hours before and after the Subject Collision.  For each communication, identify the method of communication (cell phone, QualComm, in-person, E-Mail, or other), the time of communication, the persons involved, and the general subject matter.  This Interrogatory does not apply to any communications you had with your attorneys.

12

EXHIBIT A

**TRIP INFORMATION**

34.

With respect to the trip that you were on at the time of the Subject Collision, describe the purpose of the trip; the load being delivered or picked up; identify the entity or entities that hired you for the trip; identify all involved shippers and brokers; and describe your planned route had the Subject Collision not occurred including your starting point and your final destination.

35.

With respect to each pick-up, stop, and/or delivery that you were scheduled to make and did make in the 24 hours before the subject collision and each pick-up, stop, and/or delivery you were scheduled to make in the 24 hours after the subject collision, please provide the following information: the name and address of each pick-up, stop, and/or delivery location(s); what was to be picked up or delivered; and the time the each pick-up, stop, or delivery was scheduled to take place or did take place.

**TRACTOR-TRAILER**

36.

With respect to the Tractor and Trailer on the date of the Subject Collision, provide the name and address of the owner, leasor (if any), and/or leasee (if any), the gross vehicle weight rating, the actual vehicle weight, and the mileage.

37.

Identify All systems and devices in or on the commercial vehicle involved in the subject collision that have the capability of monitoring, capturing, recording, and/or transmitting any video, data, and/or communications of any kind (this includes, without limitation, any engine control module (ECM), electronic onboard recorder (EOBR) Electronic Logging Device (ELD),

13

EXHIBIT A

Collision Avoidance System (CAS), Forward Collision Avoidance and Mitigation system (FCAM), Telematics system, Critical Event Reporting System, Lane Departure System, Dash Cam (or other video devices), GPS system, tractor or trailer tracking system, Messaging System, Speed Limiters and/or devices limiting speed on the Tractor-Trailer, event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, or any system that allows communication between the driver and others including dispatchers. Such systems include but are not limited to Lytx Drive Cam, SmartDrive, GeoTab, XATA, Omnitracs, PeopleNet, Qualcomm, OnGuard Collision Mitigation System, Bendix ABS/Stability, Bendix Wingman, Wabco, Keep Trucking Telematics, Detroit Diesel DDEC Data/Reports, Detroit Assurance Collision Warning/Adaptive Cruise Control/Collision Mitigation/Active Brake Assist, Verizon Connect, NexTraq, Zonar, Green Road. Please include in your answer an explanation of the purpose or use of each such device/system and what video, data, and/or communications the device is capable of monitoring, capturing, recording, and/or transmitting.

38.

For any complaints or reports you made or are aware of that were made about defects, necessary repairs, and/or maintenance of the Tractor-Trailer for the 6 month period prior to the Subject Collision, please state the nature of the complaint/report, the name and address of the person making the complaint/report, to whom the complaint/report was made, whether the complaint/report was made in writing, what action was taken in response to the complaint/report, if any, and whether the problem reoccurred or if it was resolved.

14

<u>EXHIBIT A</u>

## HOURS OF SERVICE

### 39.

For the 7 days immediately before the Subject Collision and the date of the Subject Collision, provide the amount of your driving hours, on-duty non-driving hours, your location(s) during your on-duty non-driving hours, your off-duty hours, and the name and address of any other place you worked and the amount of hours you worked.

### 40.

Describe what you were doing in the 24 hours immediately prior to the Subject Collision including what you were doing during any off-duty time.

## MISCELLANEOUS

### 41.

Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

### 42.

For each of Plaintiff's First Request for Admissions addressed to you that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

This 11th day of April, 2023.

**FRIED GOLDBERG LLC**

_/s/ Brian T. Mohs_
Brian T. Mohs
Georgia Bar No. 228033

15

EXHIBIT A

Three Alliance Center
3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326
Telephone: 404-591-1800
Facsimile: 404-591-1801
Email: brian@friedgoldberg.com

*Attorneys for Plaintiff*

16

EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**

**4/11/2023 1:28 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| GORDON SIMON | |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| | Civil Action File No. |
| FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC., and BARENDEAL ALLEN | 23-C-02410-S4 |
| Defendants. | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BARENDEAL ALLEN

COMES NOW, Plaintiff in the above-captioned lawsuit and pursuant to O.C.G.A. § 9-11-34 hereby propounds the following Requests for Production of Documents to Defendant BARENSEAL ALLEN ("ALLEN") for response within the statutory time period provided.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars,

<u>EXHIBIT A</u>

bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.    "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.    (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.    "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As

2

EXHIBIT A

used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.      With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.      "**Subject Collision**" means the collision described in the Complaint that occurred on April 1, 2022 on Interstate 75 in Bartow County, Georgia involving Defendant ALLEN and PLAINTIFF.

9.      "**You**", "**Your**," or "**ALLEN**" means Defendant BARENDEAL ALLEN and includes his agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for him or on his behalf.

10.     "**WESTERN EXPRESS**" means Defendant WESTERN EXPRESS, INC. and includes its

EXHIBIT A

parents, subsidiaries, all related corporate entities, agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

11. "**FREEDOM**" means Defendant FREEDOM SPECIALTY INSURANCE COMPANY and includes its parents, subsidiaries, all related corporate entities, agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

12. "**Plaintiff**" means the Plaintiff herein, namely GORDON SIMON.

13. The "**Tractor**" means the tractor being operated by Defendant ALLEN at the time of the Subject Collision.

14. The "**Trailer**" means the trailer being hauled by Defendant ALLEN at the time of the Subject Collision.

15. The "**Tractor-Trailer**" or "**Commercial Vehicle**" means the combination tractor-trailer being operated by Defendant ALLEN at the time of the Subject Collision.

16. The "**Insurance Policy**" is the insurance policy issued by FREEDOM SPECIALTY INSURANCE COMPANY to Defendant WESTERN EXPRESS, INC. that provides coverage for the Subject Collision.

## DOCUMENT REQUESTS

### General

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to you.

**REQUEST NO. 2:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision

EXHIBIT A

including any excess or umbrella policies covering you on the date of the Subject Collision.

**REQUEST NO. 3:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

**REQUEST NO. 4:**   All documents that you have exchanged with your insurance company evidencing your application for insurance.

**REQUEST NO. 5:**   All documents and driver training resources provided or made available to you by your insurance company.

<u>**YOUR INFORMATION**</u>

**REQUEST NO. 6:**   All documents setting forth the relationship between you and WESTERN EXPRESS.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 7:**   A copy of all documents in your possession that relate to your qualifications to operate the Tractor-Trailer or any commercial vehicle.

**REQUEST NO. 8:**   A copy of all documents in your possession that relate to work you have done for any trucking company or motor carrier in the past seven years.  This includes any documents you prepared for any trucking company or motor carrier and any documents you ever received from any trucking company.

**REQUEST NO. 9:**   Copies of all medical certificates in your possession for the past seven years.

**REQUEST NO. 10:**  Copies of all blood and/or urine test results in your possession for the past seven years.

**REQUEST NO. 11:**  All data and materials you have ever obtained through FMCSA's Pre-Employment Screening Program (PSP).

5

<u>EXHIBIT A</u>

**REQUEST NO. 12:** All documents that relate in any way to your orientation or training at WESTERN EXPRESS.

**REQUEST NO. 13:** All documents in your possession that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 14:** A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody and/or control.

**REQUEST NO. 15:** All documents giving you notice of any violation of any law, ordinance or regulation by you.

**REQUEST NO. 16:** Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

**REQUEST NO. 17:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of WESTERN EXPRESS directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 18:** A copy of all documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years.

**REQUEST NO. 19:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the Tractor-Trailer that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision.  This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 20:** Copies of each MVR regarding you in your possession.

6

<u>EXHIBIT A</u>

**REQUEST NO. 21:**  Copies of each DAC report regarding you in your possession.

**REQUEST NO. 22:**  Copies of each personnel file and employment-related file in your possession.

**REQUEST NO. 23:**  Copies of all medical treatment records related to injuries sustained by you in the Subject Collision.

**REQUEST NO. 24:**  All correspondence and other communications of any kind between you and any third-party relating to the Subject Collision.

**REQUEST NO. 25:**   All correspondence and other communications of any kind between you and any other Defendant in this case.

<u>**Hours of Service Related Documents**</u>

**REQUEST NO. 26:**  Copies of all hours of service logs or other time logs in your possession for the period beginning 30 days before the Subject Collision and ending 7 days following the Subject Collision.

**REQUEST NO. 27:**  In addition to the documents responsive to the preceding Request, produce all documents showing where you were and what you were doing during the period beginning 7 days before the Subject Collision and ending 1 day following the Subject Collision.

**REQUEST NO. 28:**  A copy of all audits and summaries of your logs.

**REQUEST NO. 29:**  For the period beginning 8 days prior to the Subject Collision and ending 24 hours after the Subject Collision produce all document in your possession that support the information on your hours of service logs and show your activity during the period described. The requested documents include but is not limited to:

  a.  All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

<u>EXHIBIT A</u>

b.   All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c.   All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.   All documents evidencing any and all stops; and

e.   All driver call-in reports and any other documentation of any communications between you and Defendant WESTERN EXPRESS.

**Load**

**REQUEST NO. 30:**  All documents that relate, refer to and/or discuss in any way the load you hauled at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

**Subject Collision**

**REQUEST NO. 31:**  Copies of all documents in your possession, custody and/or control

8

EXHIBIT A

relating in any way to the Subject Collision.

**REQUEST NO. 32:**  Copies of all documents sent by you to any person or entity (other than your attorney's communications), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 33:**  A copy of every document related to any investigation done by or on behalf of you or WESTERN EXPRESS of the scene of the Subject Collision.

**REQUEST NO. 34:**  All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 35:**  All documents that explain what caused the Subject Collision.

**REQUEST NO. 36:**  All documents assessing preventability of and/or fault for the Subject Collision.

**REQUEST NO. 37:**  Color or digital file copies of all photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Collision;

      b.      Any person involved in the Subject Collision;

      c.      The scene of the Subject Collision;

      d.      Any evidence (roadway markings or other) relevant to the Subject Collision; and/or

      e.      Any other person, place or thing relevant to the Subject Collision or which supports and refutes any of your contentions.

**REQUEST NO. 38:**  Copies all reports relating to the Subject Collision in your possession custody and/or control.

**REQUEST NO. 39:**  A copy of all correspondence and other communications (including

9

<u>EXHIBIT A</u>

e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 40:**  All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

**REQUEST NO. 41:**  A copy of your cell phone records for the period beginning two days before the Subject Collision and ending two days after the Subject Collision including any and all records and bills reflecting usage, call time, caller identification, incoming/outgoing, data usage, text messaging data, recipient identification, etc.

**REQUEST NO. 42:**  Copies of any documents or reports provided to you by WESTERN EXPRESS or an accident review board, accident review committee, or similar entity related to any investigation and findings regarding the subject collision and its causes.

**REQUEST NO. 43:**  Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**Governmental Contact and Intervention**

**REQUEST NO. 44:**  Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three years.

**Policies and Procedures**

**REQUEST NO. 45:**  Copies of all handbooks and manuals provided to you by WESTERN EXPRESS at any time.

**REQUEST NO. 46:**  Copies of all policies, procedures, rules, guidelines, directives, and instructions ever given to you by WESTERN EXPRESS.

10

**EXHIBIT A**

**Miscellaneous**

**REQUEST NO. 47:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

(a) A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

(b) A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

(c) A copy of the entire file of said expert;

(d) A current résumé or curriculum vitae for said expert; and

(e) All billing records and work logs for said expert.

**REQUEST NO. 48:**  A copy of any and all documents and other materials which support any contention that the Subject Collision was the fault of anyone other than you.

**REQUEST NO. 49:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 50:**  Produce any document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Collision, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**PLAINTIFF**

**REQUEST NO. 51:**  A copy of all documents obtained by you relating to PLAINTIFF.

11

EXHIBIT A

**REQUEST NO. 52:**  A copy of any and all medical records obtained by you relating to PLAINTIFF.

**REQUEST NO. 53:**  A copy of any and all billing records obtained by you relating to PLAINTIFF.

**REQUEST NO. 54:**  A copy of all responses to any subpoena issued or served by you in this matter.

**REQUEST NO. 55:**  A copy of any documents obtained by you from any third-party relating to this matter or PLAINTIFF.

**REQUEST NO. 56:**  If any surveillance has been undertaken by or on behalf of ALLEN, produce a copy of all reports, photographs, video and anything else generated through that investigation.

This 11th day of April, 2023.

**FRIED GOLDBERG LLC**

  _/s/ Brian T. Mohs_
Brian T. Mohs
Georgia Bar No. 228033

Three Alliance Center
3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326
Telephone: 404-591-1800
Facsimile: 404-591-1801
Email: brian@friedgoldberg.com

*Attorneys for Plaintiff*

12

<u>EXHIBIT A</u>

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**

**5/10/2023 11:17 AM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **GORDON SIMON,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **23-C-02410-S4** |
| **FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC., and BARENDEAL ALLEN,** | |
| **Defendants.** | |

## DEFENDANT FREEDOM SPECIALTY INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, **FREEDOM SPECIALTY INSURANCE COMPANY**, Defendant in the above-styled action, and files this, its Answer to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that it was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

### THIRD DEFENSE

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.

-1-

EXHIBIT A

## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in Plaintiff's Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

The sole and proximate cause of the accident referenced in Plaintiff's Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant.  Therefore, Plaintiff is barred from any recovery against this Defendant.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims. Further, in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

The injuries, damages, and losses alleged in Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom this Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom this Defendant had no legal relationship by which liability could be attributed to it.

## NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of

-2-

EXHIBIT A

this Defendant and any alleged injuries to Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate his damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

## TWELFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## THIRTEENTH DEFENSE

Plaintiff's claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond the control of this Defendant.

## FOURTEENTH DEFENSE

Plaintiff's recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

## FIFTEENTH DEFENSE

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## SIXTEENTH DEFENSE

Defendant raises the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

-3-

## EXHIBIT A

## **SEVENTEENTH DEFENSE**

This Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

### 1.

Paragraph 1 does not contain any allegations against Defendant and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 as stated.

## **PARTIES, JURISDICTION AND VENUE**

### 2.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 2 and, therefore, denies same as stated.

### 3.

In response to Paragraph 3, Defendant admits that it is an insurance corporation that may be served via its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.  Defendant denies the remaining allegations contained in this Paragraph as stated.

### 4.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 4 and, therefore, denies same as stated.

-4-

EXHIBIT A

5.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 5 and, therefore, denies same as stated.

6.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 6 and, therefore, denies same as stated.

7.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 7 and, therefore, denies same as stated.

8.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 8 and, therefore, denies same as stated.

9.

Defendant denies the allegations contained in Paragraph 9.

## **FACTS**

10.

Defendant admits, upon information and belief, the allegations contained in Paragraph 10.

## EXHIBIT A

11.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 11 and, therefore, denies same as stated.

12.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 12 and, therefore, denies same as stated.

13.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 13 and, therefore, denies same as stated.

14.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 14 and, therefore, denies same as stated.

15.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 15 and, therefore, denies same as stated.

16.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 16 and, therefore, denies same as stated.

## EXHIBIT A

17.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 17 and, therefore, denies same as stated.

18.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 18 and, therefore, denies same as stated.

19.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 19 and, therefore, denies same as stated.

20.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 20 and, therefore, denies same as stated.

21.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 21 and, therefore, denies same as stated.

22.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 22 and, therefore, denies same as stated.

23.

Defendant admits, upon information and belief, the allegations contained in Paragraph 23.

<u>EXHIBIT A</u>

24.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 24 and, therefore, denies same as stated.

25.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 25 and, therefore, denies same as stated.

26.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 26 and, therefore, denies same as stated.

27.

Defendant denies, upon information and belief, the allegations contained in Paragraph 27.

28.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 28 and, therefore, denies same as stated.

29.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 29 and, therefore, denies same as stated.

30.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 30 and, therefore, denies same as stated.

EXHIBIT A

31.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 31 and, therefore, denies same as stated.

32.

Defendant denies, upon information and belief, the allegations contained in Paragraph 32.

33.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 33 and, therefore, denies same as stated.

34.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 34 and, therefore, denies same as stated.

35.

Defendant denies, upon information and belief, the allegations contained in Paragraph 35.

36.

Defendant denies, upon information and belief, the allegations contained in Paragraph 36.

37.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 37 and, therefore, denies same as stated.

EXHIBIT A

38.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 38 and, therefore, denies same as stated.

39.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 39 and, therefore, denies same as stated.

40.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 40 and, therefore, denies same as stated.

41.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 41 and, therefore, denies same as stated.

42.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 42 and, therefore, denies same as stated.

43.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 43 and, therefore, denies same as stated.

EXHIBIT A

44.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 44 and, therefore, denies same as stated.

## CLAIMS

## COUNTS I AND II: NEGLIGENCE AND

## NEGLIGENCE *PER SE* OF DEFENDANT ALLEN

45.

Defendant reasserts Paragraphs 1-44 as if stated verbatim herein.

46.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 46 and, therefore, denies same as stated.

47.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 47 and, therefore, denies same as stated.

48.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 48 and, therefore, denies same as stated.

-11-

EXHIBIT A

49.

In response to Paragraph 49, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

50.

In response to Paragraph 50, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

51.

In response to Paragraph 51, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

52.

In response to Paragraph 52, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

53.

In response to Paragraph 53, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

54.

In response to Paragraph 54, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

<u>EXHIBIT A</u>

55.

Paragraph 55 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

56.

Paragraph 56 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

57.

Paragraph 57 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

58.

Paragraph 58 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

59.

Paragraph 59 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

EXHIBIT A

60.

Paragraph 60 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

61.

Paragraph 61 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

## COUNT III: *RESPONDEAT SUPERIOR* AGAINST WESTERN EXPRESS

62.

Defendant reasserts Paragraphs 1-61 as if stated verbatim herein.

63.

Paragraph 63 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

64.

Paragraph 64 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

-14-

EXHIBIT A

65.

Paragraph 65 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

66.

Paragraph 66 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

67.

Paragraph 67 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

68.

Paragraph 68 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

69.

Paragraph 69 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

EXHIBIT A

70.

Paragraph 70 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

## COUNT IV: NEGLIGENCE OF WESTERN EXPRESS

71.

Defendant reasserts Paragraphs 1-70 as if stated verbatim herein.

72.

Paragraph 72 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

73.

Paragraph 73 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

74.

Paragraph 74 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

EXHIBIT A

75.

Paragraph 75 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

76.

Paragraph 76 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

77.

Paragraph 77 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

78.

Paragraph 78 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

79.

Paragraph 79 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

EXHIBIT A

80.

Paragraph 80 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

81.

Paragraph 81 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

82.

Paragraph 82 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

## **COUNT V: DIRECT ACTION AGAINST FREEDOM**

83.

Defendant reasserts Paragraphs 1-82 as if stated verbatim herein.

84.

Defendant admits the allegations contained in Paragraph 84.

85.

In response to Paragraph 85, Defendant admits that it issued a policy of liability insurance to Western Express, which is subject to the express language of said policy.

-18-

## EXHIBIT A

86.

Defendant denies the allegations contained in Paragraph 86 as stated.

87.

Defendant admits the allegations contained in Paragraph 87.

88.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 88 and, therefore, denies same as stated.

89.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 89 and, therefore, denies same as stated.

## COUNT VI: PUNITIVE DAMAGES AGAINST ALLEN & WESTERN EXPRESS

90.

Defendant reasserts Paragraphs 1-89 as if stated verbatim herein.

91.

Paragraph 91 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

-19-

<u>EXHIBIT A</u>

92.

Paragraph 92 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

## **DAMAGES**

93.

Defendant reasserts Paragraphs 1-92 as if stated verbatim herein.

94.

Paragraph 94 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

95.

Paragraph 95 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

96.

Paragraph 96 does not contain any allegations against this Defendant and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

EXHIBIT A

97.

Paragraph 97 does not contain any allegations against this Defendant and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

98.

Paragraph 98 does not contain any allegations against this Defendant and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

99.

Paragraph 98 does not contain any allegations against this Defendant and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

100.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically admitted, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a)       that it be discharged without cost or liability;

EXHIBIT A

b)     that it have a trial by a jury of twelve persons as to all issues properly triable by a jury, including liability, causation and damages;

c)     that a Pre-Trial Conference be held;

d)     that all costs and attorneys' fees be assessed against Plaintiff; and

e)     that it have such other relief as the Court deems just and proper.

This 10th day of May, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Paul B. Trainor*
SCOTT H. MOULTON
Georgia Bar No. 974237
PAUL B. TRAINOR
Georgia Bar No. 641312
*Counsel for Defendant*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
paul.trainor@qpwblaw.com

-22-

<u>EXHIBIT A</u>

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **GORDON SIMON,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **23-C-02410-S4** |
| **FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC., and BARENDEAL ALLEN,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT FREEDOM SPECIALTY INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Odyssey E-File which will automatically send electronic notification to the following:

Brian T. Mohs
Fried Goldberg, LLC
Three Alliance Center
3550 Lenox Road NE Suite 1500
Atlanta, GA 30326-4302
brian@friedgoldberg.com

This 10th day of May, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Paul B. Trainor*
SCOTT H. MOULTON
Georgia Bar No. 974237
PAUL B. TRAINOR
Georgia Bar No. 641312

-23-

EXHIBIT A

*Counsel for Defendant*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
paul.trainor@qpwblaw.com

EXHIBIT A

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**

**5/10/2023 11:17 AM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **GORDON SIMON,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **23-C-02410-S4** |
| **FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC., and BARENDEAL ALLEN,** | |
| **Defendants.** | |

### DEFENDANT BARENDEAL ALLEN'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, **BARENDEAL ALLEN**, Defendant in the above-styled action, and files this, its Answer to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that he was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

### THIRD DEFENSE

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.

-1-

EXHIBIT A

## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in Plaintiff's Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

The sole and proximate cause of the accident referenced in Plaintiff's Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant.  Therefore, Plaintiff is barred from any recovery against this Defendant.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims. Further, in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

The injuries, damages, and losses alleged in Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom this Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom this Defendant had no legal relationship by which liability could be attributed to it.

## NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of

-2-

EXHIBIT A

this Defendant and any alleged injuries to Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate his damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

## TWELFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## THIRTEENTH DEFENSE

Plaintiff's claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond the control of this Defendant.

## FOURTEENTH DEFENSE

Plaintiff's recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

## FIFTEENTH DEFENSE

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## SIXTEENTH DEFENSE

Defendant raises the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

## EXHIBIT A

## SEVENTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Paragraph 1 does not contain any allegations against Defendant and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 as stated.

## PARTIES, JURISDICTION AND VENUE

2.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 2 and, therefore, denies same as stated.

3.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 3 and, therefore, denies same as stated.

4.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 4 and, therefore, denies same as stated.

5.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 5 and, therefore, denies same as stated.

-4-

## EXHIBIT A

6.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 6 and, therefore, denies same as stated.

7.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 7 and, therefore, denies same as stated.

8.

In response to Paragraph 8, Defendant admits that he was the operator of a commercial motor vehicle involved in the accident described in Plaintiff's Complaint.  Defendant denies the remaining allegations contained in this Paragraph as stated.

9.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 9 and, therefore, denies same as stated.

## **FACTS**

10.

Defendant admits, upon information and belief, the allegations contained in Paragraph 10.

11.

Defendant admits, upon information and belief, the allegations contained in Paragraph 11.

EXHIBIT A

12.

Defendant admits, upon information and belief, the allegations contained in Paragraph 12.

13.

Defendant admits the allegations contained in Paragraph 13.

14.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 14 and, therefore, denies same as stated.

15.

In response to Paragraph 15, Defendant admits that Plaintiff was driving in the far-left southbound lane when Plaintiff rear-ended Defendant and denies any allegations inconsistent herewith.

16.

Defendant denies the allegations contained in Paragraph 16 as stated.

17.

Defendant denies the allegations contained in Paragraph 17 as stated.

18.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 18 and, therefore, denies same as stated.

-6-

EXHIBIT A

19.

Paragraph 19 draws a legal conclusion that does not require a response from Defendant. To the extent a response is required, Defendant denies same as stated.

20.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 20 and, therefore, denies same as stated.

21.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 21 and, therefore, denies same as stated.

22.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 22 and, therefore, denies same as stated.

23.

Defendant admits the allegations contained in Paragraph 23.

24.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 24 and, therefore, denies same as stated.

25.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 25 and, therefore, denies same as stated.

EXHIBIT A

26.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 26 and, therefore, denies same as stated.

27.

Defendant denies the allegations contained in Paragraph 27.

28.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 28 and, therefore, denies same as stated.

29.

Defendant denies the allegations contained in Paragraph 29 as stated.

30.

Defendant denies the allegations contained in Paragraph 30 as stated.

31.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 31 and, therefore, denies same as stated.

32.

Defendant denies the allegations contained in Paragraph 32.

33.

Defendant admits the allegations contained in Paragraph 33.

-8-

<u>EXHIBIT A</u>

34.

Defendant admits the allegations contained in Paragraph 34.

35.

Defendant denies, upon information and belief, the allegations contained in Paragraph 35.

36.

Defendant denies, upon information and belief, the allegations contained in Paragraph 36.

37.

Defendant admits, upon information and belief, the allegations contained in Paragraph 37.

38.

Defendant admits, upon information and belief, the allegations contained in Paragraph 38.

39.

Defendant admits the allegations contained in Paragraph 39.

40.

Defendant admits the allegations contained in Paragraph 40.

41.

In response to Paragraph 41, Defendant admits that the accident described in Plaintiff's Complaint occurred in the far-left lane of the highway, and denies any allegations inconsistent herewith.

<u>EXHIBIT A</u>

42.

In response to Paragraph 42, Defendant admits that the accident described in Plaintiff's Complaint occurred in the far-left lane of the highway, and denies any allegations inconsistent herewith.

43.

Defendant admits the allegations contained in Paragraph 43.

44.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 44 and, therefore, denies same as stated.

## **CLAIMS**

## **COUNTS I AND II: NEGLIGENCE AND**

## **NEGLIGENCE *PER SE* OF DEFENDANT ALLEN**

45.

Defendant reasserts Paragraphs 1-44 as if stated verbatim herein.

46.

In response to Paragraph 46, Defendant admits that he was driving a commercial motor vehicle, and denies any allegations inconsistent herewith.

47.

Defendant admits the allegations contained in Paragraph 47.

-10-

EXHIBIT A

48.

Defendant denies the allegations contained in Paragraph 48 as stated.

49.

In response to Paragraph 49, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

50.

In response to Paragraph 50, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

51.

In response to Paragraph 51, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

52.

In response to Paragraph 52, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

53.

In response to Paragraph 53, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

54.

In response to Paragraph 54, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

## EXHIBIT A

55.

Defendant denies the allegations contained in Paragraph 55 as stated.

56.

Defendant denies the allegations contained in Paragraph 56 as stated.

57.

Defendant denies the allegations contained in Paragraph 57 as stated.

58.

Defendant denies the allegations contained in Paragraph 58 as stated.

59.

Defendant denies the allegations contained in Paragraph 59 as stated.

60.

Defendant denies the allegations contained in Paragraph 60 as stated.

61.

Defendant denies the allegations contained in Paragraph 61 as stated.

## COUNT III: *RESPONDEAT SUPERIOR* AGAINST WESTERN EXPRESS

62.

Defendant reasserts Paragraphs 1-61 as if stated verbatim herein.

63.

EXHIBIT A

Defendant admits the allegations contained in Paragraph 63.

64.

Defendant admits the allegations contained in Paragraph 64.

65.

Defendant admits the allegations contained in Paragraph 65.

66.

Defendant admits the allegations contained in Paragraph 66.

67.

Defendant admits the allegations contained in Paragraph 67.

68.

Paragraph 68 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

69.

Paragraph 69 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

-13-

<u>EXHIBIT A</u>

70.

Paragraph 70 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

## **COUNT IV: NEGLIGENCE OF WESTERN EXPRESS**

71.

Defendant reasserts Paragraphs 1-70 as if stated verbatim herein.

72.

Paragraph 72 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

73.

Paragraph 73 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

74.

Paragraph 74 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

-14-

EXHIBIT A

75.

Paragraph 75 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

76.

Paragraph 76 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

77.

Paragraph 77 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

78.

Paragraph 78 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

79.

Paragraph 79 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

EXHIBIT A

80.

Paragraph 80 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

81.

Paragraph 81 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

82.

Paragraph 82 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

## <u>COUNT V: DIRECT ACTION AGAINST FREEDOM</u>

83.

Defendant reasserts Paragraphs 1-82 as if stated verbatim herein.

84.

Paragraph 84 does not contain any allegations against this Defendant and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

-16-

<u>EXHIBIT A</u>

85.

Paragraph 85 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

86.

Paragraph 86 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

87.

Paragraph 87 does not contain any allegations against this Defendant and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

88.

Paragraph 88 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

89.

Paragraph 89 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

EXHIBIT A

## COUNT VI: PUNITIVE DAMAGES AGAINST ALLEN & WESTERN EXPRESS

90.

Defendant reasserts Paragraphs 1-89 as if stated verbatim herein.

91.

Defendant denies the allegations contained in Paragraph 91.

92.

Defendant denies the allegations contained in Paragraph 92.

## DAMAGES

93.

Defendant reasserts Paragraphs 1-92 as if stated verbatim herein.

94.

Defendant denies the allegations contained in Paragraph 94.

95.

Defendant denies the allegations contained in Paragraph 95.

96.

Defendant denies the allegations contained in Paragraph 96.

97.

Defendant denies the allegations contained in Paragraph 97.

## EXHIBIT A

98.

Defendant denies the allegations contained in Paragraph 98.

99.

Defendant denies the allegations contained in Paragraph 99.

100.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically admitted, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a)     that he be discharged without cost or liability;

b)     that he have a trial by a jury of twelve persons as to all issues properly triable by a jury, including liability, causation and damages;

c)     that a Pre-Trial Conference be held;

d)     that all costs and attorneys' fees be assessed against Plaintiff; and

e)     that he have such other relief as the Court deems just and proper.

This 10th day of May, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Paul B. Trainor*
SCOTT H. MOULTON

-19-

## EXHIBIT A

Georgia Bar No. 974237
PAUL B. TRAINOR
Georgia Bar No. 641312
*Counsel for Defendant*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
paul.trainor@qpwblaw.com

EXHIBIT A

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **GORDON SIMON,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **23-C-02410-S4** |
| **FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC., and BARENDEAL ALLEN,** | |
| **Defendants.** | |

### CERTIFICATE OF SERVICE

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT BARENDEAL ALLEN'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Odyssey E-File which will automatically send electronic notification to the following:

Brian T. Mohs
Fried Goldberg, LLC
Three Alliance Center
3550 Lenox Road NE Suite 1500
Atlanta, GA 30326-4302
brian@friedgoldberg.com

This 10th day of May, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Paul B. Trainor*
SCOTT H. MOULTON
Georgia Bar No. 974237
PAUL B. TRAINOR
Georgia Bar No. 641312
*Counsel for Defendant*

-21-

### EXHIBIT A

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
paul.trainor@qpwblaw.com

<u>EXHIBIT A</u>

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02410-S4**

**5/10/2023 11:17 AM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **GORDON SIMON,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **23-C-02410-S4** |
| **FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC., and BARENDEAL ALLEN,** | |
| **Defendants.** | |

### DEFENDANT WESTERN EXPRESS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, **WESTERN EXPRESS, INC.'S**, Defendant in the above-styled action, and files this, its Answer to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that it was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

### THIRD DEFENSE

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.

-1-

EXHIBIT A

## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in Plaintiff's Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

The sole and proximate cause of the accident referenced in Plaintiff's Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant.  Therefore, Plaintiff is barred from any recovery against this Defendant.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims. Further, in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

The injuries, damages, and losses alleged in Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom this Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom this Defendant had no legal relationship by which liability could be attributed to it.

## NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of

-2-

## EXHIBIT A

this Defendant and any alleged injuries to Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate his damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

## TWELFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## THIRTEENTH DEFENSE

Plaintiff's claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond the control of this Defendant.

## FOURTEENTH DEFENSE

Plaintiff's recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

## FIFTEENTH DEFENSE

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## SIXTEENTH DEFENSE

Defendant raises the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

## EXHIBIT A

## SEVENTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Paragraph 1 does not contain any allegations against Defendant and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 as stated.

## PARTIES, JURISDICTION AND VENUE

2.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 2 and, therefore, denies same as stated.

3.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 3 and, therefore, denies same as stated.

4.

Defendant denies the allegations contained in Paragraph 4.

5.

Defendant admits the allegations contained in Paragraph 5.

6.

Defendant admits the allegations contained in Paragraph 6.

-4-

## EXHIBIT A

7.

Defendant admits the allegations contained in Paragraph 7.

8.

In response to Paragraph 8, Defendant admits that Defendant Allen was operating a vehicle involved in the subject accident described in Plaintiff's Complaint. Defendant is without sufficient information to form a belief as to the remaining allegations contained in this Paragraph and, therefore, denies same as stated.

9.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 9 and, therefore, denies same as stated.

**FACTS**

10.

Defendant admits, upon information and belief, the allegations contained in Paragraph 10.

11.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 11 and, therefore, denies same as stated.

12.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 12 and, therefore, denies same as stated.

-5-

EXHIBIT A

13.

Defendant admits, upon information and belief, the allegations contained in Paragraph 13.

14.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 14 and, therefore, denies same as stated.

15.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 15 and, therefore, denies same as stated.

16.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 16 and, therefore, denies same as stated.

17.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 17 and, therefore, denies same as stated.

18.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 18 and, therefore, denies same as stated.

19.

Paragraph 19 draws a legal conclusion that does not require a response from Defendant. To the extent a response is required, Defendant denies same as stated.

-6-

<u>EXHIBIT A</u>

20.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 20 and, therefore, denies same as stated.

21.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 21 and, therefore, denies same as stated.

22.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 22 and, therefore, denies same as stated.

23.

Defendant admits, upon information and belief, the allegations contained in Paragraph 23.

24.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 24 and, therefore, denies same as stated.

25.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 25 and, therefore, denies same as stated.

26.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 26 and, therefore, denies same as stated.

-7-

## EXHIBIT A

27.

Defendant denies, upon information and belief, the allegations contained in Paragraph 27.

28.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 28 and, therefore, denies same as stated.

29.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 29 and, therefore, denies same as stated.

30.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 30 and, therefore, denies same as stated.

31.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 31 and, therefore, denies same as stated.

32.

Defendant denies, upon information and belief, the allegations contained in Paragraph 32.

33.

Defendant admits the allegations contained in Paragraph 33.

-8-

<u>EXHIBIT A</u>

34.

Defendant admits the allegations contained in Paragraph 34.

35.

Defendant denies, upon information and belief, the allegations contained in Paragraph 35.

36.

Defendant denies, upon information and belief, the allegations contained in Paragraph 36.

37.

Defendant admits, upon information and belief, the allegations contained in Paragraph 37.

38.

Defendant admits, upon information and belief, the allegations contained in Paragraph 38.

39.

Defendant admits the allegations contained in Paragraph 39.

40.

Defendant admits the allegations contained in Paragraph 40.

41.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 41 and, therefore, denies same as stated.

EXHIBIT A

42.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 42 and, therefore, denies same as stated.

43.

Defendant admits, upon information and belief, the allegations contained in Paragraph 43.

44.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 44 and, therefore, denies same as stated.

## **CLAIMS**

## **COUNTS I AND II: NEGLIGENCE AND**

## **NEGLIGENCE *PER SE* OF DEFENDANT ALLEN**

45.

Defendant reasserts Paragraphs 1-44 as if stated verbatim herein.

46.

In response to Paragraph 46, Defendant admits that Defendant Allen was driving a commercial motor vehicle, and denies any allegations inconsistent herewith.

47.

Defendant admits the allegations contained in Paragraph 47.

-10-

EXHIBIT A

48.

Defendant denies the allegations contained in Paragraph 48 as stated.

49.

In response to Paragraph 49, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

50.

In response to Paragraph 50, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

51.

In response to Paragraph 51, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

52.

In response to Paragraph 52, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

53.

In response to Paragraph 53, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

54.

In response to Paragraph 54, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

EXHIBIT A

55.

Paragraph 55 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

56.

Paragraph 56 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

57.

Paragraph 57 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

58.

Paragraph 58 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

59.

Paragraph 59 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

EXHIBIT A

60.

Paragraph 60 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

61.

Paragraph 61 does not contain any allegations against this Defendant and, therefore, no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

## **COUNT III: *RESPONDEAT SUPERIOR* AGAINST WESTERN EXPRESS**

62.

Defendant reasserts Paragraphs 1-61 as if stated verbatim herein.

63.

Defendant admits the allegations contained in Paragraph 63.

64.

Defendant admits the allegations contained in Paragraph 64.

65.

Defendant admits the allegations contained in Paragraph 65.

66.

Defendant admits the allegations contained in Paragraph 66.

-13-

EXHIBIT A

67.

Defendant admits the allegations contained in Paragraph 67.

68.

Paragraph 68 draws a legal conclusion that does not require a response from Defendant.
To the extent a response is required, Defendant denies same as stated.

69.

Paragraph 69 draws a legal conclusion that does not require a response from Defendant.
To the extent a response is required, Defendant denies same as stated.

70.

Paragraph 70 draws a legal conclusion that does not require a response from Defendant.
To the extent a response is required, Defendant denies same as stated.

## COUNT IV: NEGLIGENCE OF WESTERN EXPRESS

71.

Defendant reasserts Paragraphs 1-70 as if stated verbatim herein.

72.

Defendant admits the allegations contained in Paragraph 72.

73.

Defendant admits the allegations contained in Paragraph 73.

-14-

## EXHIBIT A

74.

In response to Paragraph 74, Defendant admits that various duties apply to it as provided by law, and denies any allegations inconsistent herewith.

75.

In response to Paragraph 75, Defendant admits that various duties apply to it as provided by law, and denies any allegations inconsistent herewith.

76.

In response to Paragraph 76, Defendant admits that various duties apply to it as provided by law, and denies any allegations inconsistent herewith.

77.

In response to Paragraph 77, Defendant admits that various duties apply to it as provided by law, and denies any allegations inconsistent herewith.

78.

In response to Paragraph 78, Defendant admits that various duties apply to it as provided by law, and denies any allegations inconsistent herewith.

79.

Defendant denies the allegations contained in Paragraph 79.

80.

Defendant denies the allegations contained in Paragraph 80.

-15-

<u>EXHIBIT A</u>

81.

Defendant denies the allegations contained in Paragraph 81.

82.

Defendant denies the allegations contained in Paragraph 82.

## COUNT V: DIRECT ACTION AGAINST FREEDOM

83.

Defendant reasserts Paragraphs 1-82 as if stated verbatim herein.

84.

Defendant admits the allegations contained in Paragraph 84.

85.

Defendant admits, upon information and belief, the allegations contained in Paragraph 85.

86.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 86 and, therefore, denies same as stated.

87.

Defendant admits the allegations contained in Paragraph 87.

88.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 88 and, therefore, denies same as stated.

-16-

EXHIBIT A

89.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 89 and, therefore, denies same as stated.

### COUNT VI: PUNITIVE DAMAGES AGAINST ALLEN & WESTERN EXPRESS

90.

Defendant reasserts Paragraphs 1-89 as if stated verbatim herein.

91.

Defendant denies the allegations contained in Paragraph 91.

92.

Defendant denies the allegations contained in Paragraph 92.

### DAMAGES

93.

Defendant reasserts Paragraphs 1-92 as if stated verbatim herein.

94.

Defendant denies the allegations contained in Paragraph 94.

95.

Defendant denies the allegations contained in Paragraph 95.

96.

Defendant denies the allegations contained in Paragraph 96.

-17-

### EXHIBIT A

97.

Defendant denies the allegations contained in Paragraph 97.

98.

Defendant denies the allegations contained in Paragraph 98.

99.

Defendant denies the allegations contained in Paragraph 99.

100.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically admitted, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a)    that it be discharged without cost or liability;

b)    that it have a trial by a jury of twelve persons as to all issues properly triable by a jury, including liability, causation and damages;

c)    that a Pre-Trial Conference be held;

d)    that all costs and attorneys' fees be assessed against Plaintiff; and

e)    that it have such other relief as the Court deems just and proper.

-18-

EXHIBIT A

This 10th day of May, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Paul B. Trainor*
SCOTT H. MOULTON
Georgia Bar No. 974237
PAUL B. TRAINOR
Georgia Bar No. 641312
*Counsel for Defendant*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
paul.trainor@qpwblaw.com

-19-

EXHIBIT A

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **GORDON SIMON,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **23-C-02410-S4** |
| **FREEDOM SPECIALTY INSURANCE COMPANY, WESTERN EXPRESS, INC., and BARENDEAL ALLEN,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT WESTERN EXPRESS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Odyssey E-File which will automatically send electronic notification to the following:

Brian T. Mohs
Fried Goldberg, LLC
Three Alliance Center
3550 Lenox Road NE Suite 1500
Atlanta, GA 30326-4302
brian@friedgoldberg.com

This 10th day of May, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Paul B. Trainor*
SCOTT H. MOULTON
Georgia Bar No. 974237
PAUL B. TRAINOR
Georgia Bar No. 641312

-20-

EXHIBIT A

*Counsel for Defendant*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
paul.trainor@qpwblaw.com

EXHIBIT A