

March 7, 2023

Via electronic, certified and regular mail
**9489 0090 0027 6374 6605 87**
Emily.macheski-preston@colemantalley.com

Ambling Property Investments, LLC
Ambling Management Company, LLC
Ambling, LLC named as Ambling Properties, LLC
Emily Macheski-Preston, Coleman Talley
3344 Peachtree Road NE, Suite 1950
Atlanta, Georgia 30326

Re:   Insured:        Ambling Property Investments, LLC et al.
      Claimant:       Zachary White
      Date of Loss:   August 25, 2022
      Claim No.:      01-110744
      Policy No.:     CCP 1050123

Lawsuit:   *Zachary White v. Ambling Management Company, LLC, Highland Atlanta MF, II, LLC*

## RESERVATION OF RIGHTS

Dear Ms. Macheski-Preston:

I am a Claims Attorney for Meadowbrook, Inc. authorized to handle claims on behalf of Century Surety Company ("Century"). I have been assigned to oversee the above-referenced claim on behalf of Century Surety Company ("Century"), related to the shooting incident of August 25, 2022.

Please be advised that in investigating this incident and any related claims or in any other way acting or failing to act, Century reserves its rights under the Policy to enforce the terms of the Policy and, if appropriate, to limit or deny coverage to you and anyone claiming coverage under the Policy. At this time, Century is reserving it rights under the Policy and is not denying coverage.

A general description of the incident related to the above-referenced claims, background facts and a discussion of some of the Policy provisions that may affect coverage are set forth below, based on Century's knowledge of the facts and claims at this time. Century's position could change should more details become known to Century. Please read this letter carefully for a more detailed explanation of Century's coverage position.

### I.   Factual Background

The facts set forth in this letter are based upon Century's investigation to date. Century's investigation remains ongoing. If you believe Century has misstated or left out any pertinent facts, please let me know as soon as possible. While this letter references allegations set forth in an Amended Complaint, nothing in this letter should be construed to mean that those allegations are true or that Century believes that they have any legal or factual merit. The allegations are merely being recited to explain Century's coverage position. Century is not taking a position as to the truthfulness of any of those allegations or whether you have any liability for the claims alleged.

Lisa Henderson
Claims Attorney
Lisa.Henderson@ameritrustgroup.com
Mailing Address:  P.O. Box 219559 Kansas City, MO 64121-9559
Phone: 800-825-9489   Fax: 614-895-7040   Direct  Line: 602-216-6589

www.ameritrustgroup.com

EXHIBIT
G

Please let me know if you believe that Century has misunderstood or misstated any of the claimants' allegations or any of the other information set forth below.

### A. The claims.

On August 25, 2022, Zachary White claims that he was an invitee and resident of The Highlands of East Atlanta ("Highlands"), an apartment complex owned by Highlands Atlanta MF II, LLC ("Owner") and managed by Ambling Management Company ("Ambling"). That evening, he was coming home to his apartment when he was accosted by at least two men. During the confrontation, Mr. White suffered a gunshot wound to the leg. (Amended Complaint, ¶5)[1] (hereinafter referred to as the "occurrence") Mr. White suffered blood loss and femur fracture. (Amended Complaint, ¶6) As a result, Mr. White received medical expenses of over $200,000. (Amended Complaint, ¶7)

It is alleged that Highlands is located in a high crime area and has been on notice as being the location of several armed robberies, aggravated assaults, burglaries, and shootings. (Amended Complaint, ¶8) Mr. White asserts claims against both Owner and Ambling for premises liability, nuisance, negligence per se, vicarious liability, punitive damages, and attorney fees. (Amended Complaint, ¶¶9-34)

On December 1, 2022, Mr. White filed suit against Ambling Properties, LLC in the State Court of Lowndes County, civil action number 2022 SCV 0668. Ambling Properties was served through Michael A. Godwin on December 19, 2022. That matter was apparently dismissed. A second lawsuit was filed in the State Court of Fulton County, *Zachary White v. Ambling Management Company, LLC and Highlands Atlanta MF II, LLC*, civil action number 23EV000520 ("Lawsuit"), with an Amended Complaint being filed on February 8, 2023 ("Amended Complaint").

### B. Other information provided.

Century first received notice of the August 25, 2022 incident on February 14, 2023, via an email from Lexie Sorrell of Higginbotham.

The owner of the property appears to be covered by James River Insurance, policy number 00121851-0, policy period 09/14/2021 to 09/14/2022, with limits of $1,000,000 per occurrence, and $2,000,000 aggregate ("James River Policy"). The policy also includes, however, an Assault & Battery sublimit of $100,000 for each occurrence, which includes within its limits defense costs and indemnity. (See, Reservation of Rights letter to Infinity Real Estate Advisors, LLC, dated November 7, 2022, attached hereto ("JR ROR").) We understand that James River initially appointed defense counsel to Owner and Ambling, but that defense counsel has raised concerns about a conflict of interest and is currently only representing Owner. We anticipate James River will soon appoint defense counsel to Ambling. If that does not happen, please let us know as soon as possible.

Ambling and Owner also had a property management agreement ("Management Agreement") between them dated November 15, 2021. The Management Agreement required Owner to provide Ambling with commercial general liability insurance of no less than $1,000,000 per occurrence that named Ambling as an additional insured. We do not have the entire James River Policy and are unable to confirm if the James River Policy names Ambling as an additional insured.

The Management Agreement also contains an indemnity obligation as follows:

---

[1] The "Amended Complaint" is defined later in the facts as the Amended Complaint filed on February 8, 2023, in the Lawsuit filed in the State Court of Fulton County, civil action number 23EV000520.

9. INDEMNIFICATION

In the performance of its duties and obligations under this Agreement, Manager shall diligently and in good faith seek to protect the property rights and interests of Owner, to promote the best economic interests of this Owner in its ownership and operation of the Premises, and to manage the Premises in accordance with normal and accepted industry standards. So long as Manager shall be exercising the standard of care provided for in this section, Manager shall not be liable for any errors of judgement or for mistakes of fact or of law or for anything which it may in good faith do or refrain from doing in the performance of its duties and obligations hereunder, unless such actions resulted from the Manager's gross negligence or willful misconduct.

Owner shall indemnify and hold harmless Manager, its officers, directors and employees, from all liabilities, claims, actions, judgements, awards, settlement amounts, and costs and expenses, including reasonable and actual attorney's fees, to which Manager may become subject by reason of or arising out of any damage to or loss of property or injury to or death of any person in connection with the Premises, or any personnel action taken or omitted to be taken by Manager with respect to any employee of Manager
performing front line Premises tasks, unless such liabilities, claims, actions, judgements, awards, settlement amounts, or costs and expenses resulted from the Manager's gross negligence or willful misconduct.

The termination of any pending or threatened action, suite or other proceeding by settlement shall not be deemed an adjudication of gross negligence or willful misconduct. At Manager's request, Owner shall pay the expenses, including attorney's fees, incurred by Manager in defending any such action, suit or proceeding, upon receipt of an undertaking by Manager to repay such amounts if Manager, its officers, directors or employees shall be finally adjudged to have acted with gross negligence or willful misconduct.

Owner is obligated by this provision to defend Ambling and indemnify it from all claims arising out of bodily injury in connection with Highland.

## II.     The Policy

Century issued a Commercial Lines Policy ("Policy"), Policy No. CCP 1050123, for the policy period of 04-05-2022 to 04-05-2023, to the Named Insureds Ambling Property Investments, LLC; Ambling Management Company, LLC; Ambling, LLC; and Ambling Shareholder Group, LLC. The Policy has an Each Occurrence Limit of $1,000,000, a General Aggregate Limit of $2,000,000, and a $500 deductible per claim.

Certain exclusions, conditions, and other provisions in the Policy may apply, some of which are set forth below. This letter is not intended to supplement, amend, supersede, or otherwise alter the Policy, and Century does not intend to waive any provision of the Policy. Please refer to the entire Policy.

The Policy provides in part:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
> The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**
**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  * * * *

The Policy defines "suit" as a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged." A suit has been filed, but we understand that James River would have first priority of coverage and initially and will appoint defense counsel. If that does not happen, Ambling must ensure that no default judgment is entered and should report the need for defense counsel to me immediately.

There appears to be no coverage under Coverage B (Personal And Advertising Injury Liability) or Coverage C (Medical Payments), as the Claims do not appear to fall within the Insuring Agreements of those coverages and the applicable exclusions bar coverage. To the extent there is any question about the non-applicability of Coverage B or Coverage C, please let us know and we will be happy to provide further explanation.

The Policy contains the following conditions, among others:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
* * *
2. **Duties In The Event Of Occurrence, Offense, Claim or Suit**
    a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
       **(1)** How, when and where the "occurrence" or offense took place;
       **(2)** The names and addresses of any injured persons and witnesses; and
       **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.
    b. If a claim is made or "suit" is brought against any insured, you must:
       **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
       **(2)** Notify us as soon as practicable.
       You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
    c. You and any other involved insured must:
       **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
       **(2)** Authorize us to obtain records and other information;
       **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
       **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
    d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than first aid, without our consent.
    e.
3. **Legal Action Against Us**
    No person or organization has a right under this Coverage Part:
    a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured, or
    b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

Coverage under the Policy may be barred due to a failure to comply with the Policy's conditions precedent. For example, Century may not have been notified as soon as practicable of the August 25, 2022 incident (an "occurrence" or offense which might have resulted and ultimately did result in a claim) or provided the required information, including "**(1)** how, when and where the 'occurrence' or offense took place; **(2)** the names and addresses of any injured persons and witnesses; and **(3)** the nature and location of any injury or damage arising out of the 'occurrence' or offense." Century did not receive any notice of any injuries or claims related to the August 25, 2022 incident until February 14, 2023. Additionally, you may have failed to notify Century as soon as practicable of claims related to the incident and may have breached the conditions by failing to immediately forward any demands, notices, summonses, and legal papers to Century. To the extent any of these conditions were not met, Century reserves its rights to limit or deny coverage under the Policy.

The Policy includes the "Conditional Coverage – Real Estate Property Managed" endorsement which adds the following condition to Section IV – Commercial General Liability Conditions:

> **Real Estate Property Managed**
> As a condition of coverage:
>
> **(1)** You obtain from the property owner, at the time the property management commences, a valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) of insurance on file; and
> **(2)** Upon renewal or replacement of the property owner's insurance policy, you receive from the property owner a new valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) of insurance on file; and
> **(3)** You must provide such certificate(s) of insurance to us upon our request; and
> **(4)** The insurance shown on the certificate(s) of insurance was written with an insurance company rated A- or better by A.M. Best at the time of certificate issuance; and
> **(5)** The limits on the certificate(s) are equal to or greater than $1,000,000 Each Occurrence Limit, $2,000,000 General Aggregate Limit (Other than Products-Completed Operations), and $1,000,000 Products-Completed Operations Aggregate Limit; and
> **(6)** You are an insured or an additional insured on the property owner's policy or policies; and
> **(7)** The property owner's policy has not restricted coverage for assault and battery exposures by:
>   (a) Excluding any claims arising out of or alleged to arise out of assault and battery; or
>   (b) Providing a sublimit to the Each Occurrence Limit for claims arising out of alleged to arise out of assault and battery.

For the purposes of this endorsement, property management means, managing, maintaining, operating, controlling, or overseeing any real estate not owned by the insured.

It appears these conditions may have not been satisfied, precluding coverage under the Policy. The James River Policy issued to Owner does not meet the requirements of subsection (7) above, and we do not have confirmation that subjections (1) and (2) were satisfied.

The Policy's Special Exclusions and Limitations Endorsement includes the following exclusions that may bar or limit coverage for any claims related to the occurrence:

**A. In consideration of the premium charged this policy has been issued subject to the following exclusions being added to Coverages A & B:**

This insurance does not apply to:

1. **Asbestos or Lead** "Bodily injury", "property damage", or "personal and advertising injury" arising out of or resulting from the disposal, existence, handling, ingestion, inhalation, removal, sale, storage, transportation or use of:
    a. Asbestos or any material containing asbestos; or
    b. Lead, lead based paint, lead compounds or any material containing lead.

* * *

5. **Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees**
Claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable; including any multiplier of attorney's fees statutorily awarded to the prevailing party.

To the extent the claim is for of bodily injury arising out of the existence or use of lead or any material containing lead, the special exclusion 1 may apply. To the extent the claimants seek any recovery for punitive, exemplary, or treble damages, or to the extent the claimants seeks attorney's fees or a multiplier of attorney's fees as a punitive act, special exclusion 5 may apply.

The Policy's Special Exclusions and Limitations Endorsement replaces Item 4 of the "Other Insurance" provision on the CGL form with the following:

4. **Other Insurance**
If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:
    a. This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.
    b. When this insurance is excess, we will have no duty under Coverage **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.
    c. When this insurance is excess over other insurance, we will pay only our share of the amount of loss, if any, that exceeds the sum of:
       **(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
       **(2)** The total of all deductible and self-insured amounts under all that other insurance.

Century understands that Ambling was insured under the policy issued by James River to Owner at the time of the occurrence. The Century Policy is excess to that policy, so you should seek coverage from that carrier. Century reserves the right to apply this other insurance clause to any other insurance policies that may be available for the subject occurrence. Ambling may also wish to seek coverage under any other insurance it may have and should place all carriers on notice of this claim.

### III.     Full Reservation of Rights

Century reserves the right to decline to provide coverage for the above-referenced claims and any other claims related to the August 25, 2022 occurrence. There may be other reasons why coverage does not apply, and Century reserves all rights to decline coverage based on other reasons, including those based on facts yet to be discovered.

Century also reserves the right to seek rescission and to rely upon any and all policy applications and pre-policy representations. To the extent that those representations contain any material misrepresentations, Century reserves its right to rescind the Policy, consistent with Georgia law. Century reserves its rights to enforce the priority of coverage as determined by the Policy, other applicable policies (if any), and Georgia law. Century reserves the right to enforce the deductibles and limits of coverage set forth by the Policy.

While specific portions of the Policy have been discussed and/or set forth above to bring them to your attention, Century reserves it rights to rely on other portions of the Policy and to limit or deny coverage based on any and all provisions of the Policy, whether set forth, referenced, or discussed herein or not. Century encourages you to read the Policy in its entirety.

No action heretofore or hereafter taken by or on behalf of Century shall be construed as a waiver of any rights Century may have with respect to the Policy. Century specifically reserves the right to rely upon any and all Policy defenses and further advises you that any action taken by or on behalf of Century shall in no way change, waive, invalidate, or forfeit any of the terms, conditions, limitations, or requirements of the Policy or any of the rights that Century has to deny or limit coverage under the Policy.

Century fully reserves the right to bring a declaratory judgment action to determine any issues concerning coverage, including but not limited to any issues raised in this or any other reservation of rights notice. Should a finding be made that Century has no coverage for the claims related to the occurrence, Century reserves its right to seek reimbursement of any and all payments made under the Policy, including the right to recover any defense costs and/or indemnity payments from you.

This reservation of rights is based on presently available information. Century's position may change based upon new information, if appropriate. Should you become aware of additional information not known to Century at this time, you should immediately notify Century and provide the information, including a copy of any supporting documents to Century, so that a coverage determination may be made at that time, if appropriate.

### IV.     Request for Documents

Consistent with your duty to cooperate with Century in its investigation, please provide Century with copies of the following documents:

(1) Any and all certificates of insurance provided to you by Highlands Atlanta MF II, LLC or other related entity to Owner, with the date each such certificate was obtained by you.

(2) Any and all certificates of insurance provided to you by any other entity related to the Highland property, with the date each such certificate was obtained by you.

(3) A full copy of all of Owner's insurance policies that may cover the occurrence.

(4) Any other insurance policies in place at the time of the August 25, 2022 occurrence, which may provide coverage to you for claims related to that occurrence.

(5) Any and all hold-harmless agreements that you obtained from any other non-residential tenant, that indemnify you for liability that arises from that non-residential tenant's acts, omissions, or operations

## **Conclusion**

Please note that Century is not now denying coverage for the claim but is reserving its right to do so in the future should it be warranted. Century is not providing you with a defense at this time, as James River initially undertook to do so and has not denied you a defense at this time. Should a defense be denied to you by James River, or should you receive any other documents from the claimants or any of their attorneys, you must provide each of those documents to Century immediately, as required by the conditions of the Policy.

Century trusts that you understand its coverage position, but please let me know if you have any questions. If you believe I have omitted any relevant information or if you are aware of, or become aware of, any additional information that you believe may affect Century's coverage position, please contact Century immediately. Century reserves its right to consider additional information and reassess its positions should the circumstances so warrant.

Please feel free to contact me if you have any questions or wish to discuss this matter.

Very Truly Yours,

**CENTURY SURETY COMPANY**

*Lisa M. Henderson*

Lisa M. Henderson
Claims Attorney

LMH/pjh

cc:  Higginbotham Insurance Agency, Inc
     210 Interstate North Parkway , Ste. 400
     Atlanta, GA 30339

     R-T Specialty, LLC
     5565 Glenridge Connector, Ste. 550
     Atlanta, GA 30342

| WARNING |
|---|
| "Any person who knowingly presents false or fraudulent information to obtain or amend insurance coverage or to make a claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison." |
| Revised 01/2022 |

01110744 AMBLING PROPERTY INVESTMENTS, LLC; AMBLING MANAGEMENT COMPANY, LLC; AMBLING, LLC; AMBLING SHAREHOLDE

From: Patricia Hile <Patricia.Hile@ameritrustgroup.com>
Received: 3/7/2023 8:49:09 AM
To: 'Emily.macheski-preston@colemantalley.com'<Emily.macheski-preston@colemantalley.com>
Attachments: image001.png; Attachment.pdf

On behalf of Lisa Henderson, please see attached. If you have any questions, please email her at
Lisa.Henderson@ameritrustgroup.com

**THIS EMAIL BOX IS NOT SET UP TO RECEIVE EMAILS. PLEASE DO NOT RESPOND TO THIS EMAIL. SHOULD YOU HAVE ANY QUESTIONS OR CONCERNS, PLEASE CONTACT THE SENDER ON THE ATTACHED LETTER DIRECTLY.**

Trish Hile
Claims Processing Specialist
**AmeriTrust Group, Inc.**

550 Polaris Parkway, Suite 300
Westerville, Ohio 43082
614.895.7040 Fax

csu@centurysurety.com



# Patricia Hile

| | |
|---|---|
| **From:** | Lisa Henderson |
| **Sent:** | Monday, March 6, 2023 10:56 AM |
| **To:** | Claims Transcription |
| **Cc:** | Elizabeth Norton; Denise McRae |
| **Subject:** | 110744 Ambling |
| **Attachments:** | 110744 Ambling Managment Company, LLC (ROR cond coverage violation ) 3-3-2023.docx |

Please send this out. thank you

# Lisa Henderson
Claims Attorney

**AmeriTrust Group, Inc.**

Phone (602) 216-6589
Fax (614) 895-7040
Lisa.Henderson@Ameritrustgroup.com

www.ameritrustgroup.com



Meadowbrook Insurance Group, Inc. is now AmeriTrust Group, Inc. Read about this change on our website, www.ameritrustgroup.com.

The Information contained in this message is privileged and confidential. It is intended only to be read by the individual or entity named above or their designee. Unless you are the named addressee or an authorized designee, you may not copy or use it, or disclose it to anyone else. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited. If you receive this message in error, please immediately notify the sender and delete or destroy any copy of this message. If you received a "commercial purpose email" as defined under the CAN-SPAM Act (15 U.S.C. § 7704(a)(3)(C)), you may request to opt-out of receiving future commercial purpose emails by sending an email to Email-Unsubscribe@meadowbrook.com and change the subject line to "Unsubscribe". Please allow 10 business days for us to honor your request.