IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROOSEVELT JOSEPH,<br><br>　　Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC AND LAUNCH TECHNICAL WORKFORCE SOLUTIONS, LLC,<br><br>　　Defendants. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Roosevelt Joseph ("Plaintiff" or "Mr. Joseph"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendants Delta Air Lines, Inc. and Launch Technical Workforce Solutions, LLC (collectively "Defendants") for violations of his rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed their Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 8, 2022; the EEOC issued its Notice of Right to Sue on April 20, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a Male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendants were qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendants have employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant Delta Air Lines, Inc. may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

9.

Defendant Launch Technical Workforce Solutions, LLC may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Incorp Services, Inc. located at 2000 Riveredge Pkwy. NW, Ste. 885, Atlanta, GA, 30328, USA.

## **FACTUAL ALLEGATIONS**

10.

On or around November 29, 2021, Mr. Joseph began working for Launch Technical Workforce Solutions.

11.

On or around January 3, 2022, Mr. Joseph began working at Delta Air Lines ("Delta") in the Potential Full Time Employee ("PFE") program for welding.

12.

The PFE program is a six-month training program where PFEs are evaluated on the progression of their skill development in welding.

13.

The PFE is evaluated on their ability to meet the standard for full-time employment at Delta.

14.

The PFE program involves structured on-the-job training and regular evaluation cycles.

15.

The evaluation cycles assess the candidates' skills, job performance, business maturity, and demonstration of Delta values.

16.

PFEs work with an assigned Lead and Peer Coach who are tasked with providing concrete and actionable achievements for success.

17.

Concrete and actionable achievements allow the PFE to improve their technical skills on the job.

18.

On or around June 17, 2022, Defendants terminated Mr. Joseph's employment.

19.

Defendants stated that Mr. Joseph did not follow instructions.

20.

Mr. Joseph followed the same instructions and welded the part the same way the other PFEs did, but Defendants only reported him.

21.

Defendants held Mr. Joseph to different standards than the other PFEs.

22.

Mr. Joseph was the only African American Tungsten Inert Gas ("TIG") welder between the two TIG welding departments: TOC 301 and TOC 402.

23.

Defendants did not follow the Delta manual instructions.

24.

A Senior welder and other employees prepared a part the same way from the same job as Mr. Joseph and were not terminated.

25.

Defendants never addressed concerns to Mr. Joseph about his performance or failing to follow instructions prior to terminating him.

26.

Mr. Joseph always showed his Leaders and Peer Coaches the parts he worked on before he submitted it, and the parts would be approved.

27.

Mr. Joseph never scrapped a part or violated Delta policy or procedures.

28.

Thomas "Tom" Quattlebaum, a former Machine Shop Lead, told employees that he did not like them, Mr. Joseph, or anyone else who was not white.

29.

Quattlebaum also told employees that many of the PFEs were fired because he intentionally found reasons to fire anyone who was not white.

30.

Defendants have also received reports of race discrimination against David Smith by former African American employees.

31.

Defendants were aware of their employee's propensity to make racial slurs and discriminate against other employees based on their race.

32.

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., African American/Black.

## CLAIMS FOR RELIEF

### COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33.

Plaintiff re-alleges paragraphs 10-32 as if set forth fully herein.

34.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of their race in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

35.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

36.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected their status as an employee because of their race.

37.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected their economic, psychological, and physical well-being.

38.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful discrimination.

## **COUNT II:  42 U.S.C. § 1981**

39.

Plaintiff re-alleges paragraphs 10-32 as if set forth fully herein.

40.

Defendants subjected Plaintiff to discrimination on the basis of his race (Black).

41.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

42.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

43.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

44.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

45.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

46.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

47.

Defendant chose not to take appropriate remedial steps to prevent or correct discrimination.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

Respectfully submitted this 10th day of May 2023.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com

11