# Exhibit A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ASHANTE SIMS,                                      )
                                                   )
                              Plaintiff,           )     CIVIL ACTION FILE NO. 23A01153
vs.                                                )
                                                   )
HORACIO CHAVEZ ORTIZ, MENCAR,                      )
LLC, TRISURA SPECIALTY                             )
INSURANCE COMPANY AND JOHN                         )
DOES (1-5),                                        )
                                                   )     JURY TRIAL DEMANDED
                              Defendants.          )

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff in the above-styled action, and hereby files this Complaint for

Damages against Defendants Horacio Chavez Ortiz, Mencar LLC, Trisura Specialty Insurance

Company and John Does (1-5) as follows:

## JURISDICTION AND VENUE

1.

Defendant Horacio Chavez Ortiz (hereinafter referred to as "Ortiz" or "Defendant") is a

resident of Texas, residing at 3701 Francisco S. Ramirez, Laredo, Texas 78046, and may be

served with a copy of the Summons and Complaint at this address, subject to the jurisdiction and

venue of this Court pursuant to the Georgia long-arm statute, per O.G.G.A. §§ 9-10-91 and 40-

12-3.

2.

Defendant Mencar, LLC (hereinafter referred to as "MENCAR" or "Defendant") is a

Texas domestic corporation with its principal place of business in San Antonio, Texas.

Defendant MENCAR may be served c/o its Registered Agent, Mr. Erick Mendoza, 1234 Via

Milano, San Antonio, Texas 78260. MENCAR is subject to the jurisdiction and venue of this

Court pursuant to the Georgia long-arm statute, per O.G.G.A. §§ 9-10-91 and 40-12-3.

3.

Defendant Trisura Specialty Insurance Company (hereinafter referred to as "Trisura") is a

domestic insurance company with a principle office in Oklahoma. Defendant Trisura may be

served c/o its Registered Agent, Mr. Michael Beasley, 210 Park Ave., Oklahoma City, Oklahoma

73102. Trisura is subject to the jurisdiction and venue of this Court pursuant to the Georgia long-

arm statute, per O.G.G.A. §§ 9-10-91 and 40-12-3.

4.

At the time of the wreck that forms the basis of this lawsuit, Defendant Trisura  provided

a policy of liability insurance on behalf of Ortiz and/or MENCAR, the same being policy of

insurance number FFP1054-2021. Said policy was in full force and effect on September 30,

2021.

5.

Trisura  is subject to suit by direct action pursuant to the provisions of Georgia's Direct

Action Statute, O.C.G.A. §§ 40-1-112, 40-2-140, and/or its predecessor, O.C.G.A. § 46-7-12.

6.

Pursuant to the terms and conditions of the above-referenced policy of insurance and

applicable Georgia law, Defendant Trisura is liable to Plaintiff and responsible for payment of

damages sustained by Plaintiff as a result of the negligent acts and/or omissions of Defendant

Ortiz, and/or MENCAR.

7.

The true names or capacities of Defendants named herein as John Does 1-5, [hereinafter collectively referred to as "John Does"] are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint for Damages to show said John Does' true names and service addresses when the same have been ascertained. Plaintiff identifies John Does 1-5 as either joint tortfeasors or possible additional liable parties. Plaintiff alleges on information and belief that John Does are in some manner responsible for the acts or omissions alleged herein.

8.

Plaintiff is, and at all times material to this action, a resident of the State of Georgia.

**FACTS**

9.

The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 8 above as if they were fully restated verbatim herein.

10.

On September 30, 2021, Defendant Ortiz was owner, employee and agent acting within the course and scope of his employment at all times for MENCAR and/or John Does. All Defendants are jointly and severally liable and Defendant MENCAR and/or John Does is liable for the actions of Defendant Ortiz under the theories of Respondeat Superior, vicarious liability, and agency principles.

11.

On September 30, 2021, Plaintiff was injured due to a collision that occurred on I-285 OR at its intersection with Crescent Centre Blvd. in DeKalb County, Georgia. Defendant Ortiz

failed to maintain his lane and caused a multi-vehicle collision. Defendant was **operating a 2005 Kenwroth T2000 on behalf of MENCAR**. Defendant Ortiz was cited for his failure.

12.

Defendant Ortiz's negligence included, but is not limited to, one or more of the following: Failure to Maintain Lane (O.C.G.A. section 40-6-48), negligently causing a collision in the roadway, negligently failing to keep a proper lookout, negligently failing to maintain his vehicle under proper control, negligently failing to use or sound a signal or warning, negligently failing to make timely and proper application of brakes, and other negligent acts that may be proven at trial.

13.

Defendant Ortiz failed to operate his vehicle with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff.

14.

Defendant is at fault for causing the collision at issue.

15.

Defendant Ortiz's actions constituted negligence in operating his vehicle contrary to the reasonable and safe conditions and circumstances then existing.

16.

Defendant Ortiz's actions constituted negligence by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Plaintiff.

17.

Defendants were negligent in failing to properly inspect their equipment and the subject vehicle before its operation, and negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

18.

At the time of the subject incident, Defendant Ortiz was acting at the direction and under the control of Defendant MENCAR and/or John Does, was an owner, agent and employee of MENCAR and/or John Does operating the subject vehicle in the course and scope of his ownership and/or employment with Defendants and in the furtherance of Defendants' business, and with Defendants' permission.

19.

Defendants MENCAR and/or John Does negligently hired, supervised, trained, and retained Defendant Ortiz and negligently entrusted Ortiz with the responsibility of operating a motor vehicle. Defendant MENCAR and/or John Does negligently failed to implement and utilize proper procedures to evaluate Defendant Ortiz's skills and expertise for the operation of said motor vehicle.

20.

Because Defendant MENCAR and/or John Does had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by its actions, Defendant MENCAR and/or John Does are liable for the negligent supervision, hiring, training, and retention or its management, owners, agents, employees and the entrustment of said motor vehicle to said management, owners, agents and employees.

21.

Defendant MENCAR and/or John Does were negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including, but not limited to, Plaintiff.

22.

Defendants failed to adhere to pertinent aspects of Georgia Motor vehicle laws and regulations.

23.

Plaintiff did nothing to cause or contribute to the collision.

24.

Plaintiff exercised ordinary care and diligence at all times herein and under the circumstances then existing.

25.

Plaintiff did not assume the risk of her injuries.

## COUNT I – NEGLIGENCE PER SE

26.

The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 above as if they were fully restated verbatim herein.

27.

Defendants are negligent per se because (1) the acts of the Defendants were in violation of Georgia laws regarding the operation of motor vehicles, (2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation, (3) Plaintiff was a member of

the class intended to be protected by said laws, and (4) the violation of said laws proximately

caused Plaintiff's injuries.

28.

Defendant Ortiz was required by O.C.G.A. § 40-6-48 to maintain his lane, and he was

further required by O.C.G.A. § 40-6-241 to exercise due care.

29.

Defendant Ortiz failed to maintain a safe distance away from Plaintiff's vehicle and

and/or to keep a proper lookout and crashed his truck into Plaintiff's vehicle.

30.

Defendant Ortiz violated O.C.G.A. § 40-6-48 and O.C.G.A. § 40-6-241 and is negligent

per se.

31.

Defendant Ortiz's negligence was a cause in fact and the sole proximate cause of the

collision and Plaintiff's injuries and damages.

32.

Plaintiff did nothing to cause or contribute to the collision and her injuries and damages.

## COUNT II – NEGLIGENCE

33.

The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 above as if

they were fully stated verbatim herein.

34.

At all times, Defendants owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendants did violate them when Defendant Ortiz caused a vehicle collision in the following particulars:

a.   In failing to make reasonable and proper observations while driving his vehicle; or, if reasonable and proper observations were made, failing to act thereon;

b.   In failing to maintain his lane of travel, in violation of O.C.G.A. section 40-6-48;

c.   In failing to make timely and proper application of his brakes in violation of O.C.G.A. section 40-6-241;

d.   In failing to observe or undertake the necessary precautions to keep his vehicle from colliding with Plaintiff's vehicle in violation of O.C.G.A. section 40-6-390;

e.   In failing to keep his vehicle under control at all times in violation of O.C.G.A. section 40-6-390;

f.   In driving his vehicle without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity, in violation of O.C.G.A. section 40-6-241;

g.   In driving his vehicle in a reckless disregard for the safety of persons and/or property, in violation of O.C.G.A. section 40-6-390;

h.   In driving his vehicle and causing serious bodily injury, in violation of O.C.G.A. section 30-6-394;

i.   In negligently traveling at an excessive speed under the circumstances, in violation of O.C.G.A. section 40-6-180;

j.      In committing other negligent and reckless acts and omissions as may be shown

by the evidence and proven at trial.

35.

Defendant Ortiz was negligent for failing to maintain his lane; traveling at an excessive

speed; not keeping a proper lookout of Plaintiff's vehicle; and failing to exercise due care, which

caused him to lose control of the subject truck and crash into Plaintiff's vehicle.

36.

Defendant Ortiz's negligence was the sole proximate cause of the collision and Plaintiff's

injuries and damages.

37.

Plaintiff did nothing to cause or contribute to the collision and her injuries and damages.

38.

The injuries sustained by Plaintiff are the direct and proximate result of negligence on the

part of the Defendant.  But for the Defendant's negligence, Plaintiff would not have suffered the

injuries and losses discussed herein.

39.

That each of the forgoing acts and omissions constitute an independent act of negligence

on the part of the Defendant and one or more or all of said herein above stated acts were the

proximate causes of the injuries and damages sustained by Plaintiff.

## **DAMAGES**

40.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all

other elements of damages allowed under Georgia law, including but not limited to, all

compensatory, general, special, incidental, consequential, punitive, and other damages permitted.

Plaintiff states her intentions to seek all compensatory, general, special, incidental,

consequential, punitive and other damages permissible under Georgia law, including, but not

limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of capacity for the enjoyment of life;

g) Lost wages;

h) Impaired ability to labor;

i) Diminished capacity to labor;

j) Loss of earning capacity;

k) Loss of past, present and future fringe benefits;

l)  Incidental expenses;

m) Past, present and future medical expenses;

n) Permanent injuries; and

o) Consequential damages to be proven at trial.

41.

The injuries suffered by Plaintiff are continuing and permanent in nature.

42.

As a result of injury Plaintiff has incurred reasonable and necessary medical expenses believed to be in excess of $121,381.08. Plaintiff may require surgery. Plaintiff may continue to incur expenses in the future, in an amount to be proven at trial.

43.

Plaintiff is entitled to an award of punitive damages from Defendants because the actions of the Defendants showed an entire want of care, which would raise the presumption of a conscious indifference to consequences. Accordingly, Plaintiff is entitled to punitive damages from the Defendants, without limitation or cap, in accordance with the enlightened conscience of an impartial jury.

44.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff unnecessary trouble and undue expenses by forcing Plaintiff to resort to the use of the court system in order to resolve her claim when there is no bona fide controversy.  Thus, Plaintiff seeks to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A. section 13-6-11, as well as any other statutory or common law basis.

45.

As a result of Defendants' negligence, Plaintiff sustained bodily injuries; incurred medical expenses and compensatory damages; and missed time from work.

46.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff prays for a judgment to be awarded to her and against the Defendants for the following:

a.   That Process and Summons be issued, as provided by law, requiring the Defendants to appear and answer the Plaintiff's Complaint, Plaintiff's First Request for Admissions to Defendants and Plaintiff's First Interrogatories and Request for Production of Documents to Defendants;

b.   That service be had upon the Defendants as provided by law;

c.   That Plaintiff recover the full value of her medical expenses and compensatory damages in an amount to be proven at trial by jury;

d.   That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

e.   That Plaintiff recover for loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

f.   That Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

g.   That Plaintiff be awarded all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

h.   Plaintiff recover from Defendants a sum of damages to compensate her for all injuries and damages, including, but not limited to medical expenses (past, present and future), lost wages (past, present and future), and pain and suffering (past, present and future) as aforesaid;

i.   Plaintiff be awarded prejudgment interest on all damages as allowed by law;

j.       Interest on the judgment be awarded at the legal rate from the date of judgment.

k.      All costs of this action be taxed against Defendants; and

l.       That Plaintiff recover such other and further relief as is just and proper.

This Complaint is served upon you together with Plaintiff's First Request for Admissions to Defendants; Plaintiff's First Interrogatories and Request for Production of Documents to Defendants; and Notices of Depositions to Defendants.

TRIAL BY JURY IS HEREBY DEMANDED.

This the 15th day of March, 2023.

/s/ Terrence R. Bethune

_____
Terrence R. Bethune
Georgia Bar No. 217138
Sabrina L. Zellner
Georgia Bar No. 702639
Attorneys for Plaintiff

**BETHUNE LAW FIRM, LLC**
2890 Piedmont Road NE, Atlanta, GA 30305
Phone: 404-875-7800 / Fax: 404-521-4011
tbethune@bethunelawfirm.com
szellner@bethunelawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
3/15/2023 11:00 AM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

ASHANTE SIMS,                          )
                                       )
                           Plaintiff,  )        CIVIL ACTION FILE NO. 23A01153
vs.                                    )
                                       )
HORACIO CHAVEZ ORTIZ, MENCAR,          )
LLC, TRISURA SPECIALTY                 )
INSURANCE COMPANY AND JOHN             )
DOES (1-5),                            )
                                       )        JURY TRIAL DEMANDED
                           Defendants. )

<u>**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT**</u>

NOW COMES Plaintiff, pursuant to <u>O.C.G.A.</u> §§ 9-11-26 and 9-11-36, and requests that

Defendant **HORACIO CHAVEZ ORTIZ** respond, or someone authorized to respond on behalf

of said Defendant, to the following request for admissions separately, fully, in writing and under

oath within forty-five (45) days after the date of service.  The answer shall specifically admit or

deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the

matter.  A denial shall fairly meet the substance of the requested admission; and, when good faith

requires that you qualify your answer or deny only a part of the matter of which an admission is

requested, you shall specify so much of it as is true and qualify or deny the remainder. If you fail

to admit the genuineness of any document or the truth of any matter as requested herein and if

Plaintiff proves the genuineness of the document or the truth of the matter, Plaintiff may,

pursuant to <u>O.C.G.A.</u> § 9-11-37 (c), recover the reasonable expenses incurred in making that

proof, including reasonable attorney's fees.

1.

Please admit that this action brought against Defendant properly and correctly names the

parties to be sued in this case.

2.

Please admit that jurisdiction is proper in DeKalb County, Georgia.

3.

Please admit that this court has personal jurisdiction over the Defendant.

4.

Please admit that the Defendant has been properly served with the Summons and Complaint as required by law.

5.

Please admit that the service of process against Defendant was proper and without defect.

6.

Please admit that you, Defendant Horacio Chavez Ortiz, negligently operated the subject 2005 Kenworth T2000 truck and caused the collision which is the basis of the Complaint.

7.

Please admit that Plaintiff did not cause or contribute to the collision.

8.

Please admit that Plaintiff was injured in the collision.

9.

Please admit that Plaintiff incurred medical expenses for treatment of her injuries resulting from the collision.

10.

Please admit that Plaintiff's medical expenses were reasonable and necessary for the treatment she received.

11.

Please admit that Plaintiff could not have avoided this accident with Defendant.

12.

Please admit that Plaintiff suffered permanent injuries as a result of this accident with Defendant.

13.

Please admit that at the date and time of this subject incident you were an owner, agent or employee of Defendant MENCAR and/or John Does.

14.

Please admit that at the date and time of this subject incident, you were acting at the direction and under the control of Defendant MENCAR and/or John Does; were an owner, agent and/or employee of Defendant MENCAR and/or John Does operating the subject vehicle in the course and scope of your ownership, agency and/or employment with Defendant MENCAR and/or John Does; and in the furtherance of Defendant MENCAR and/or John Does' business, and with Defendant MENCAR and/or John Doe's permission.

15.

Please admit that Defendants owed a duty of care to Plaintiff.

16.

Please admit that Defendants breached their duty of care owed to Plaintiff.

17.

Please admit that you, Defendant Horacio Chavez Ortiz, have no evidence to support the affirmative defense that the Plaintiff's case fails to state a claim upon which relief can be granted.

These Requests for Admissions are served upon you together with Plaintiff's Complaint.

This 15th day of March, 2023.          /s/ Terrence R. Bethune

_____

Terrence R. Bethune
Georgia Bar No. 217138
Sabrina L. Zellner
Georgia Bar No. 702639
Attorneys for Plaintiff

**BETHUNE LAW FIRM, LLC**
2890 Piedmont Road NE, Atlanta, GA 30305
Phone: 404-875-7800 / Fax: 404-521-4011
tbethune@bethunelawfirm.com
szellner@bethunelawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
3/15/2023 11:00 AM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ASHANTE SIMS, | ) | |
| | ) | 23A01153 |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| vs. | ) | |
| | ) | |
| HORACIO CHAVEZ ORTIZ, MENCAR, | ) | |
| LLC, TRISURA SPECIALTY | ) | |
| INSURANCE COMPANY AND JOHN | ) | |
| DOES (1-5), | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT**

NOW COMES Plaintiff, pursuant to O.C.G.A. §§ 9-11-26 and 9-11-36, and requests that

Defendant MENCAR respond, or someone authorized to respond on behalf of said Defendant, to

the following request for admissions separately, fully, in writing and under oath within forty-five

(45) days after the date of service.  The answer shall specifically admit or deny the matter or set

forth in detail the reasons why you cannot truthfully admit or deny the matter.  A denial shall

fairly meet the substance of the requested admission; and, when good faith requires that you

qualify your answer or deny only a part of the matter of which an admission is requested, you

shall specify so much of it as is true and qualify or deny the remainder. If you fail to admit the

genuineness of any document or the truth of any matter as requested herein and if Plaintiff prove

the genuineness of the document or the truth of the matter, Plaintiff may, pursuant to O.C.G.A. §

9-11-37 (c), recover the reasonable expenses incurred in making that proof, including reasonable

attorney's fees.

1.

Please admit that this action brought against Defendant properly and correctly names the

parties to be sued in this case.

2.

Please admit that jurisdiction is proper in DeKalb County, Georgia.

3.

Please admit that this court has personal jurisdiction over the Defendant.

4.

Please admit that the Defendant has been properly served with the Summons and Complaint as required by law.

5.

Please admit that the service of process against Defendant was proper and without defect.

6.

Please admit that Defendant Horacio Chavez Ortiz negligently operated the subject 2005 Kenworth T2000 truck and caused the collision which is the basis of the Complaint.

7.

Please admit that Plaintiff did not cause or contribute to the collision.

8.

Please admit that Plaintiff was injured in the collision.

9.

Please admit that Plaintiff incurred medical expenses for treatment of her injuries resulting from the collision.

10.

Please admit that Plaintiff's medical expenses were reasonable and necessary for the treatment she received.

11.

Please admit that Plaintiff could not have avoided this accident with Defendant.

12.

Please admit that Plaintiff suffered permanent injuries as a result of this accident with Defendant.

13.

Please admit that at the date and time of this subject incident Defendant Horacio Chavez Ortiz was an owner, agent or employee of Defendant MENCAR.

14.

Please admit that at the date and time of this subject incident, Horacio Chavez Ortiz, acting at the direction and under the control of Defendant MENCAR, was an owner, agent and/or employee of Defendant MENCAR, operating the subject vehicle in the course and scope of your ownership, agency and/or employment with Defendant MENCAR and in the furtherance of Defendant MENCAR's business, and with Defendant MENCAR's permission.

15.

Please admit that Defendant MENCAR and Defendant Horacio Chavez Ortiz owed a duty of care to Plaintiff.

16.

Please admit that Defendant Horacio Chavez Ortiz and Defendant MENCAR breached their duty of care owed to Plaintiff.

17.

Please admit that you, Defendant MENCAR, have no evidence to support the affirmative

defense that the Plaintiff's case fails to state a claim upon which relief can be granted.

These Requests for Admissions are served upon you together with Plaintiff's Complaint.

This 15th day of March, 2023.                              /s/ Terrence R. Bethune

_____
Terrence R. Bethune
Georgia Bar No. 217138
Sabrina L. Zellner
Georgia Bar No. 702639
Attorneys for Plaintiff

**BETHUNE LAW FIRM, LLC**
2890 Piedmont Road NE, Atlanta, GA 30305
Phone: 404-875-7800 / Fax: 404-521-4011
tbethune@bethunelawfirm.com
szellner@bethunelawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
3/15/2023 11:00 AM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

ASHANTE SIMS,                                    )
                                                 )
                              Plaintiff,          )        CIVIL ACTION FILE NO.
vs.                                              )
                                                 )
HORACIO CHAVEZ ORTIZ, MENCAR,                    )
LLC, TRISURA SPECIALTY                           )
INSURANCE COMPANY AND JOHN                       )
DOES (1-5),                                       )
                                                 )        JURY TRIAL DEMANDED
                              Defendants.         )

**PLAINTIFF'S FIRST INTERROGATORIES AND**
**REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits to Defendant

**HORACIO CHAVEZ ORTIZ** (hereinafter referred to "you" or "your") for response within

forty-five (45) days after service hereof, in the form provided by law, the following

interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing and

require supplemental response upon the discovery of other or further information or documents

pertinent thereto. In answering the following interrogatories, the Defendant is required to give

full and complete information based upon the knowledge, information and belief of all agents,

employees, investigators, adjusters, attorneys, insurers, experts and witnesses of said Defendant.

You are required, when answering these interrogatories, to furnish all information that is

available to you, your attorneys or agents, and anyone else acting on your behalf.  If the complete

answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to

the fullest extent possible.

These interrogatories and request for production of documents are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at The Bethune Law Firm, 2890 Piedmont Road NE, Atlanta, GA 30305 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.  <u>DEFINITIONS</u>

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy

of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.   <u>INTERROGATORIES</u>

1.

Please state the current address and date of birth, social security number, driver's license number and employer of Defendant.

2.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the Plaintiff.

3.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

4.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bethune Law Firm at 2890 Piedmont Road NE, Atlanta, GA 30305, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

5.

Has any entity issued a policy of liability insurance to you or which is or arguably should be extending insurance coverage to you? If so, please state for each policy:

    (a)     the name of the insurer providing liability insurance;

    (b)     the limits of coverage;

    (c)     the name of the insured on the policy; and

    (d)     the policy number.

6.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bethune Law Firm at 2890 Piedmont Road NE, Atlanta, GA 30305, the policy of insurance identified in response to Interrogatory No. 5. In lieu thereof, you may attach copies to your answers to these interrogatories.

7.

Has any insurer referred to above denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance? If so, please explain.

8.

Do you contend that the Plaintiff caused or contributed to the incident in question? If so, state each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

    (a)     each eyewitness who will testify to those facts; and

    (b)     each and every document or tangible piece of evidence that will evidence those facts.

9.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

(a)    state the subject matter on which s/he is expected to testify;

(b)    state in detail the opinions held by each such expert or technician; and

(c)    give a complete summary of the grounds for each opinion held.

10.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bethune Law Firm at 2890 Piedmont Road NE, Atlanta, GA 30305, any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu thereof, you may attach copies to your answers to these interrogatories.

11.

Was Defendant Horacio Chavez Ortiz on the business of any individual or entity at the time of the subject incident, including, but not limited to MENCAR and/or John Does? If so, please identify any such individual or entity, including name, address and telephone number.

12.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge. (See Lewis v. The State, 243 Ga. 443; Hightower v. G.M., 175 Ga. App. 112).

13.

Please state each and every prior collision or prior insurance claim which you are aware of that the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

14.

State each and every fact supporting your contention that the Plaintiff's alleged injuries pre-existed the incident underlying this litigation and identify:

(a)     each eyewitness who will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

15.

State each and every fact supporting your contention that the Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation and identify:

(a)     each eyewitness who will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

16.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of moral turpitude and/or felony, please identify:

(a)     each eyewitness who will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

17.

What do you contend caused the incident underlying this litigation?

18.

State each and every fact supporting your contention that you are not the sole proximate cause of the incident underlying this litigation and identify:

(a)     each eyewitness who will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

19.

Do you contend that you have been improperly named as a party to this action and/or that improper or incorrect agents for service were utilized to effectuate service upon you? If your answer to either of these inquiries is "yes", please provide a detailed explanation as to why you contend that you have been improperly named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

20.

Do you contend that venue is improper in this court, that jurisdiction is lacking over you in this Court, or that service of process has been deficient in this matter? If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

21.

With regard to the vehicle being operated by you at the time of the subject incident, please identify:

(a)     the owner of the vehicle;

(b)    the frequency with which you drove the vehicle;

(c)    who paid for the gas and maintenance on the vehicle; and

(d)    if you did not own the vehicle, state whether or not you had the permission of the owner to be driving the vehicle at the time of the subject incident.

22.

Do you have a driver's license? If so, please state when you first acquired any driver's license, what type it is, and what are/were the restrictions on it.

23.

At any other time, either before or after the subject incident, have you ever been arrested for driving under the influence or for any other drug or alcohol related charge?

24.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant on the date of the incident.

25.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bethune Law Firm at 2890 Piedmont Road NE, Atlanta, GA 30305, copies of cellphone records showing incoming and outgoing calls, text messages for the entire date of the incident. In lieu thereof, you may attach copies to your answers to these interrogatories.

26.

State the point of origin, destination and reason for the trip being made Defendant Horacio Chavez Ortiz at the time of the incident referred to in the complaint.

27.

Please identify all automobile accidents and moving violations for the Defendant prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

28.

Please identify and state the account/user name for each and every social media account you had from the date of the incident to the present time, including but not limited to, Facebook, Twitter, Instagram, Snapchat, YouTube, Google, LinkedIn, etc.

29.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint, the vehicles or the Plaintiff? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

30.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bethune Law Firm at 2890 Piedmont Road NE, Atlanta, GA 30305, all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

31.

Please identify all safety training or driving training you received on behalf of MENCAR and/or John Does concerning inspecting and driving its motor vehicles.

32.

Describe in narrative detail the events surrounding the occurrence, including but not limited to a description of how, when, why and where the incident occurred.

33.

Please produce a privilege log identifying each and every document you contend is privileged and stating the particular privilege for each.

34.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

35.

For each request to admit that you denied, please identify:

(a)     each eyewitness who will testify to those facts supporting your denial;

(b)     each and every document or tangible piece of evidence that will evidence facts supporting your denial; and

(c)     each fact upon which your denial is based.

36.

Please state in detail the factual basis for each defense you have raised in your answer to the Complaint.

## II.    <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

1.

Please produce, as hereinabove requested, any and all videotapes, photographs, plats or drawings of the vehicles' damage, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Please produce, as hereinabove requested, any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 9.

3.

Please produce, as hereinabove requested, any and all medical records, videotapes, audio-recordings, photographs, surveillance recordings, or other evidence concerning, referencing or depicting Plaintiff.

4.

Please produce, as hereinabove requested, a copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Please produce, as hereinabove requested, any and all documents obtained through a request for production of documents or subpoena.

6.

Please produce, as hereinabove requested, any and all documents regarding the property damage estimates of and the repairs to Plaintiff and Defendant's automobiles.

7.

Please produce, as hereinabove requested, any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Please produce, as hereinabove requested, any and all insurance, excess insurance, and umbrella insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Please produce, as hereinabove requested, any and all taped or written statements taken from Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendant or Defendant's insurer(s).

10.

Please produce, as hereinabove requested, any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

Please produce, as hereinabove requested, a copy of the title and tag registration on the vehicle you were driving at the time of the subject incident, or the lease papers or contracts if said vehicle was not owned by Defendant.

12.

Please produce, as hereinabove requested, any and all damage appraisals and repair invoices of Defendant's vehicle.

13.

Please produce, as hereinabove requested, any and all equipment and maintenance records on the Defendant's subject vehicle.

14.

Please produce, as hereinabove requested, any and all documents reflecting the disposition of any charges made against you in the subject incident.

15.

Please produce, as hereinabove requested, a copy of your current driver's license and all drivers' licenses you have held in the past five (5) years.

16.

Please produce, as hereinabove requested, a copy of your driving record for the past seven (7) years.

17.

Please produce, as hereinabove requested, any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

18.

Please produce, as hereinabove requested, any and all documents related to the medical treatment Plaintiff received prior to the subject incident.

19.

Please produce, as hereinabove requested, any and all documents which you contend in any way impeach or discredit Plaintiff.

20.

Please produce, as hereinabove requested, copies of any and all Facebook, Instagram, Twitter, Snapchat, LinkedIn, or other social media or digital documents relating to the Plaintiff or Plaintiff's family that you have reviewed. If you contend the documents are privileged please provide a privilege log.

21.

Please produce, as hereinabove requested, your Facebook profile. (In order to create the zip file that contains the profile, please sign on to your Facebook account and click on the "account" button at the top right side of your Facebook page. Click on "account settings" on the toolbar that opens up. On this newly screen, click on the "learn more" button by the "download your information" section. Click on the download button. Facebook will then complete the zip file and e-mail a notification to you with a link in the email that will allow you to download the Facebook file. This process will take between 30-90 minutes, depending on the size of the profile). Please save this profile to CD, DVD, or USB drive and provide it as your response.

22.

Please produce, as hereinabove requested, the tagged photographs on your Facebook profile (you must open each picture individually, right click on the picture, and save it on the same media referenced above). For any tagged photographs that are not produced, please create a privilege log describing said photographs and the basis of the asserted privilege.

23.

Please produce, as hereinabove requested, your Twitter archive (to get your archive, go to the Settings area and look for the "Your Twitter Archive" feature. A link will be emailed to you that leads to a page within Twitter where you can complete the download. After clicking

download, a zip file will be downloaded. When you open the file, you will see a "readme" file with instructions). Please provide this zip file to Bethune Law Firm at 2890 Piedmont Road NE, Atlanta, GA 30305.

24.

Please produce, as hereinabove requested, a copy of your Instagram profile, including any and all photographs and comments posted thereto.

25.

Please produce, as hereinabove requested, any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering defendant or the automobile being driven by Defendant at the time of the subject incident.

26.

Please produce, as hereinabove requested, all settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this action, regarding or pertaining to the subject incident or any damages resulting therefrom.

27.

Please produce, as hereinabove requested, a true and correct copy of every Defendant's state and federal tax returns document(s) filed in year 2021, 2020, 2019, 2018, 2017, and 2016.

28.

For any document which has not been produced on grounds of privilege, please state the following:

(a)     the date each document was generated;

(b)     the person generating each document;

(c)     the present custodian of each document; and

(d)     a description of each document.

This 15th day of March, 2023.                      /s/ Terrence R. Bethune

_____

Terrence R. Bethune
Georgia Bar No. 217138
Sabrina L. Zellner
Georgia Bar No. 702639
Attorneys for Plaintiff

**BETHUNE LAW FIRM, LLC**
2890 Piedmont Road NE, Atlanta, GA 30305
Phone: 404-875-7800 / Fax: 404-521-4011
tbethune@bethunelawfirm.com
szellner@bethunelawfirm.com

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

ASHANTE SIMS,                                    )
                                                 )
                                    Plaintiff,   )       CIVIL ACTION FILE NO. 23A01153
vs.                                              )
                                                 )
HORACIO CHAVEZ ORTIZ, MENCAR,                    )
LLC, TRISURA SPECIALTY                           )
INSURANCE COMPANY AND JOHN                       )
DOES (1-5),                                      )
                                                 )       JURY TRIAL DEMANDED
                                    Defendants.  )

**PLAINTIFF'S FIRST INTERROGATORIES AND**
**REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits to Defendant MENCAR

(hereinafter referred to "you" or "your") for response within forty-five (45) days after service

hereof, in the form provided by law, the following interrogatories and request for production of

documents.

The within interrogatories and request for production of documents are continuing and

require supplemental response upon the discovery of other or further information or documents

pertinent thereto. In answering the following interrogatories, the defendant is required to give

full and complete information based upon the knowledge, information and belief of all agents,

employees, investigators, adjusters, attorneys, insurers, experts and witnesses of said defendant.

You are required, when answering these interrogatories, to furnish all information that is

available to you, your attorneys or agents, and anyone else acting on your behalf.  If the complete

answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to

the fullest extent possible.

These interrogatories and request for production of documents are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories.  All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at The Bethune Law Firm, 2890 Piedmont Road NE, Atlanta, GA 30305 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.    DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy

of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a) an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b) a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c) document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.    <u>INTERROGATORIES</u>

1.

Does any insurance agreement exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action? If so, describe in detail the contents and terms of such policies (including any subordinate, umbrella or excess insuring agreement or agreements), the name(s) of all insurers, the limits of liability and the amount of deductible or retainage, if any.

2.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)    Was an eyewitness to the incident complained of in this action;

(b)    Has some knowledge of any fact or circumstance upon which your defense is based;

(c)    Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the Plaintiff.

3.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

4.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bethune Law Firm at 2890 Piedmont Road NE, Atlanta, GA 30305, all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

5.

Has any entity issued a policy of liability insurance to you or which is or arguably should be extending insurance coverage to you?  If so, please state for each policy:

(a)     the name of the insurer providing liability insurance;

(b)     the limits of coverage;

(c)     the name of the insured on the policy; and

(d)     the policy number.

6.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bethune Law Firm at 2890 Piedmont Road NE, Atlanta, GA 30305, the policy of insurance identified in response to Interrogatory No. 5. In lieu thereof, you may attach copies to your answers to these interrogatories.

7.

Has any insurer referred to above denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance? If so, please explain.

8.

Do you contend that the Plaintiff caused or contributed to the incident in question? If so, state each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

(a)     each eyewitness who will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

9.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

(a)     state the subject matter on which s/he is expected to testify;

(b)     state in detail the opinions held by each such expert or technician; and

(c)     give a complete summary of the grounds for each opinion held.

10.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bethune Law Firm at 2890 Piedmont Road NE, Atlanta, GA 30305, any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu thereof, you may attach copies to your answers to these interrogatories.

11.

Was the Defendant Horacio Chavez Ortiz on the business of any individual or entity at the time of the subject incident? If so, please identify any such individual or entity, including name, address and telephone number.

12.

State the following: describe the specific MENCAR duties that Defendant Horacio Chavez Ortiz was to perform or was performing on the subject incident date; what his normal working hours were for one month immediately preceding the subject incident date; the name, address, and job title of the person who assigned the driving route for him that date; the specific work he was performing at the time of the collision, including where he was coming from, his load, and his destination.

13.

Please state each and every prior collision or prior insurance claim which you are aware of that the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

14.

State each and every fact supporting your contention that the Plaintiff's alleged injuries pre-existed the incident underlying this litigation and identify:

(a)     each eyewitness who will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

15.

State each and every fact supporting your contention that the Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation and identify:

(a)     each eyewitness who will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

16.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of moral turpitude and/or felony, please identify:

(a)     each eyewitness who will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

17.

What do you contend caused the incident underlying this litigation?

18.

State each and every fact supporting your contention that you are not the sole proximate cause of the incident underlying this litigation and identify:

(a)     each eyewitness who will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

19.

Do you contend that you have been improperly named as a party to this action and/or that improper or incorrect agents for service were utilized to effectuate service upon you? If your answer to either of these inquiries is "yes", please provide a detailed explanation as to why you contend that you have been improperly named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

20.

Do you contend that venue is improper in this court, that jurisdiction is lacking over you in this Court, or that service of process has been deficient in this matter? If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

21.

With regard to the vehicle being operated by Ortiz at the time of the subject incident, please identify:

(a)     the owner of the vehicle;

(b)     the frequency with which you drove the vehicle;

(c)     who paid for the gas and maintenance on the vehicle; and

(d)     if you did not own the vehicle, state whether or not you had the permission of the owner to be driving the vehicle at the time of the subject incident.

22.

Describe in detail any and all conversations, sounds, utterances, speech or noises made by Plaintiff after the incident that is the subject of Plaintiff's Complaint which were heard by any agent or employee of Defendant MENCAR or by any other person known to Defendant.

23.

Describe in detail the load or object carried on the Defendant's subject vehicle at the time of the incident alleged by the Plaintiff, giving a description of the load or object, including, its weight in pounds, its length in feet, and its height in feet above ground.

24.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant Ortiz on the date of the incident.

25.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bethune Law Firm at 2890 Piedmont Road NE, Atlanta, GA 30305, copies of cellphone records showing incoming and outgoing calls, text messages for date entire date of the incident.  In lieu thereof, you may attach copies to your answers to these interrogatories.

26.

On or about the date of the alleged incident of Plaintiff, did Defendant MENCAR have any established procedure for the inspection of the subject vehicle that was involved in the collision? If your answer is in the affirmative, give: a description of the procedure, the date and time of day when the most recent inspection was made just prior to the date and time of the alleged collision, the identification, including the name, job title and address, of each person who participated in such inspection, in complete detail, what such inspection revealed or disclosed.

27.

Please identify all automobile accidents involving the Defendant's subject vehicle prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

28.

Describe any repairs made to the subject vehicle, which Defendant Horacio Chavez Ortiz was driving in Plaintiff's Complaint, for the ninety (90) day period immediately prior to the subject incident date.

29.

Identify and describe any written rules, procedures, standards, guidelines, policies or the like of Defendant MENCAR's pertaining to the safe driving and operation of its motor vehicles.

30.

Identify and describe any training manuals, books, pamphlets, notices, letters, handouts, or the like, which Defendant MENCAR has in its possession, custody or control pertaining to the safe driving and operation of its motor vehicle.

31.

Do you, or does any agent or employee of Defendant MENCAR have possession or control of, or know of the existence of any maps, pictures, videotapes, films, photographs, plates, drawings, diagrams, measurements, or other written descriptions of the occurrence, or the areas, or persons involved? If your answer is in the affirmative, state for each such item: its nature, its specific subject matter, the date and time it was made or taken, the identification, including name, address, and present whereabouts of the person making or taking it, and the identification, including name and address of the person at whose request it was made or taken.

32.

Do you claim that the occurrence in question was in any way caused by a mechanical defect or malfunction of your vehicle? If so, state the details of malfunction, when you first had knowledge of said defect and how you believe it contributed to said incident.

33.

State whether Defendant MENCAR conducted a post-accident test concerning the incident which forms the basis of this litigation. If Defendant MENCAR did conduct a test, state:

(a)     the name, occupation, and address of the individual who conducted the test;

(b)      the date and time when the test was conducted; and

(c)      the name and address of the person who has custody of said test results.

34.

Please identity the owner of the vehicle which Defendant Horacio Chavez Ortiz was operating at the time of the subject incident.

35.

State the manner and method by which you administered tests for controlled substances on your drivers and how often these tests were conducted between the period of January 1, 2016 through the subject incident date.

36.

Identify the person(s) who have knowledge of the following:

(a)      company safety policies and operations;

(b)      maintenance and repairs of the truck involved in the incident giving rise to this litigation for the one year immediately preceding the subject incident date;

(c)      responsibility for maintaining company records, including the safety director, director of fleet safety program, medical review officer, director of employee assistance program; medical technologist (for blood, urine and breath tests); dispatchers; mechanics who worked on the truck; supervisors of the mechanics; person(s) who administer both the driving test and written test to the Defendant Horacio Chavez Ortiz; officer of official in charge of operational safety; supervisor of records.

37.

Describe in narrative detail the events surrounding the occurrence, including but not limited to a description of how, when, why and where this incident occurred.

38.

State the name, age, address, occupation, and place of employment of every person interviewed by you, or on your behalf, in regard to the above entitled action, and the date and place of such interviews.

39.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint, the vehicles or the Plaintiff? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

40.

Forty-Five days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bethune Law Firm at 2890 Piedmont Road NE, Atlanta, GA 30305, all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

41.

Please produce a privilege log identifying each and every document you contend is privileged and stating the particular privilege for each.

42.

In regard to any document that has not been produced on grounds of privilege, please state the following:

    (a)      The date each document was generated;

    (b)      The person generating each document;

    (c)      The present custodian of each document;

    (d)      A description of each document.

43.

For each request to admit that you denied, please identify:

    (a)      each eyewitness who will testify to those facts supporting your denial;

    (b)      each and every document or tangible piece of evidence that will evidence facts supporting your denial; and

    (c)      each fact upon which your denial is based.

44.

Please state in detail the factual basis for each defense you have raised in your answer to the Complaint.

## II.      REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce, as hereinabove requested, any and all videotapes, photographs, plats or drawings of the vehicles' damage, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Please produce, as hereinabove requested, any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 9.

3.

Please produce, as hereinabove requested, any and all medical records, videotapes, audio-recordings, photographs, surveillance recordings, or other evidence concerning, referencing or depicting Plaintiff.

4.

Please produce, as hereinabove requested, a copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Please produce, as hereinabove requested, any and all documents obtained through a request for production of documents or subpoena.

6.

Please produce, as hereinabove requested, any and all documents and photographs regarding the property damage estimates of and the repairs to Plaintiff and Defendant's automobiles.

7.

Please produce, as hereinabove requested, any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Please produce, as hereinabove requested, any and all insurance, excess insurance, and umbrella insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Please produce, as hereinabove requested, any and all taped or written statements taken from Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendant or Defendant's insurer(s).

10.

Please produce, as hereinabove requested, any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

Please produce, as hereinabove requested, a copy of the title and tag registration on the subject vehicle that Defendant Ortiz was driving at the time of the subject incident, or the lease papers or contracts if said vehicle was not owned by Defendant.

12.

Please produce, as hereinabove requested, any and all damage appraisals and repair invoices of Defendant's subject vehicle concerning the Plaintiff's Complaint.

13.

Please produce, as hereinabove requested, any and all equipment and maintenance records on the Defendant's subject vehicle.

14.

Please produce, as hereinabove requested, any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

15.

Please produce, as hereinabove requested, any and all documents related to the medical treatment Plaintiff received prior to the subject incident.

16.

Please produce, as hereinabove requested, any and all documents which you contend in any way impeach or discredit Plaintiff.

17.

Please produce, as hereinabove requested, any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering defendant or the automobile being driven by Defendant at the time of the subject incident.

18.

Please produce, as hereinabove requested, all settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this action, regarding or pertaining to the subject incident or any damages resulting therefrom.

19.

For any document which has not been produced on grounds of privilege, please state the following:

(a)     the date each document was generated;

(b)     the person generating each document;

(c)     the present custodian of each document; and

(d)     a description of each document.

20.

Please produce, as hereinabove requested, a complete copy of any insurance agreement

(including all excess and umbrella policies) under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

21.

Please produce, as hereinabove requested, all photographs, videotapes, accident reports, drawings, or diagrams of the accident scene or the vehicles involved in the subject incident.

22.

Please produce, as hereinabove requested, all other documents and materials referred to in your answers to Plaintiff's Interrogatories.

23.

Please produce, as hereinabove requested, a copy of any time or travel log records showing trips reports, deliveries made or pick-ups received by Defendant Horacio Chavez Ortiz on behalf of Defendant MENCAR for the 90-day period preceding subject incident date.

24.

Please produce, as hereinabove requested, a copy of all trip reports showing deliveries made or pick-ups received by Defendant Horacio Chavez Ortiz on behalf of Defendant MENCAR for the 90-day period preceding subject incident date.

25.

Please produce, as hereinabove requested, a copy of the work schedule of Defendant Horacio Chavez Ortiz showing his hours worked and routes followed for the 90-day period preceding subject incident date.

26.

Please produce, as hereinabove requested, a copy of the Articles of Incorporation of MENCAR.

27.

Please produce, as hereinabove requested, a copy of the Certificate of Public Convenience and Necessity issued by the Georgia Public Service Commission to MENCAR, which was in effect on Horacio Chavez Ortiz, in regard to the vehicle driven by Defendant Horacio Chavez Ortiz and identified in Plaintiff's Complaint.

28.

Please produce, as hereinabove requested, any documents relating to the Georgia Public Service Commission or ICC registration regarding the subject vehicle driven by Defendant Horacio Chavez Ortiz and alleged in Plaintiff's Complaint and in effect on Horacio Chavez Ortiz.

29.

Please produce, as hereinabove requested, copies of the documents of title stating ownership of the vehicle and component parts thereof which was driven by Defendant Horacio Chavez Ortiz on behalf of Defendant MENCAR and which was involved in the incident referred to in Plaintiff's Complaint.

30.

Please produce, as hereinabove requested, all employment records and personnel files regarding Defendant Horacio Chavez Ortiz, including but not limited to his application for employment, any records of training received by him in connection with his employment with Defendant MENCAR, all disciplinary notices, all tests, all qualifications, and all performance

evaluation reports and other records.

31.

Please produce, as hereinabove requested, all manifests, bills of lading, trip leases or other documents relating to the subject vehicle named in Plaintiff's Complaint for the one month period prior to and including Horacio Chavez Ortiz.

32.

Please produce, as hereinabove requested, all written rules, procedures, standards, guidelines, policies or the like of Defendant MENCAR, pertaining to the safe driving and operation of its motor vehicles.

33.

Please produce, as hereinabove requested, all training materials, books, pamphlets, letters, notices, videotapes, movies, or the like, which Defendant MENCAR has in its possession, custody or control, pertaining to the safe driving and operation of its motor vehicles.

34.

Please produce, as hereinabove requested, all form MC-50 accident report forms or any other forms or reports prepared by Defendant MENCAR and submitted to the Motor Carrier Safety Office of the Federal Highway Administration, with respect to the subject Horacio Chavez Ortiz incident, which forms the basis for this instant action.

35.

Please produce, as hereinabove requested, any and all supplemental reports (accident and otherwise) completed by Defendant MENCAR, its employees, agents or representatives and submitted to the Motor Carrier Safety Office or any other State or Federal agency or third

party or other entity with respect to the subject Horacio Chavez Ortiz incident which forms the

basis for this instant action.

36.

Please produce, as hereinabove requested, any statement in your control from the

Plaintiff, whether written or recorded.

37.

Please produce, as hereinabove requested, all photographs, charts, diagrams,

videotapes, and other illustrations of any person, place or thing involved in this lawsuit.

38.

Please produce, as hereinabove requested, all documents evidencing, reflecting,

relating to or constituting any communication between Plaintiff and Defendant including

without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence

of communications that in any way relates to this litigation.

39.

Please produce, as hereinabove requested, the original or a true and accurate copy of

the declaration sheet or coverage page of all insurance policies which provide coverage for this

subject incident.

40.

Please produce, as hereinabove requested, all documents evidencing, reflecting,

relating to or constituting an incident report regarding this collision.

41.

Please produce, as hereinabove requested, a copy of the pre-trip inspection report.

42.

Please produce, as hereinabove requested, a copy of the Post Accident Report as filed by Defendant driver Horacio Chavez Ortiz following the incident which forms the basis for this litigation.

43.

Please produce, as hereinabove requested, a copy of the periodic inspection report on the subject vehicle.

44.

A copy of Horacio Chavez Ortiz's employment file including but not limited to:

(a)  applications for employment containing the nature and extent of applicant's experience in motor vehicles;

(b)  a list of all violations of commercial motor vehicle laws or ordinances other than parking of which applicant was convicted or forfeited bond or collateral during the three (3) years preceding the date of application;

(c)  statement setting forth in detail the facts and circumstances surrounding any denial, revocation, or suspension of any license, permit, or privilege to operate a commercial motor vehicle; and

(d)  a list of employers during the three (3) years preceding the date the application is submitted.

45.

Please produce, as hereinabove requested, a copy of the Defendant's "driver's manual" issued to Defendant Ortiz or any other agents or employees by MENCAR.

46.

Please produce, as hereinabove requested, a copy of every complaint and/or

recommendation by any person or entity about defects, needed repair and/or maintenance of the vehicle involved in this incident for the one year period prior to the incident.

47.

Please produce, as hereinabove requested, a copy of the repair/maintenance record or inspection record for the vehicle involved in this incident for the one year period prior to the incident.

48.

Please produce, as hereinabove requested, the complete maintenance file maintained by the Defendant MENCAR on the vehicle inclusive of any inspections, repairs or maintenance done to the vehicle, and daily condition reports submitted by drivers for one year prior to the incident.

49.

Please produce, as hereinabove requested, all documents of any on-board recording monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the subject vehicle for the 30 days before the incident through the date of the incident.

50.

Please produce, as hereinabove requested, all documents generated by the Defendant company's incident review board and/or internal organization that reviews incidents of its drivers concerning the chargeability of the incident.

51.

Please produce, as hereinabove requested, a true and correct copy of every Defendant's state and federal tax returns document(s) filed in year 2021, 2020, 2019, 2018, 2017, and 2016.

52.

For any document which has not been produced on grounds of privilege, please state the following:

    (a)    the date each document was generated;

    (b)    the person generating each document;

    (c)    the present custodian of each document; and

    (d)    a description of each document.

This 15th day of March, 2023.        /s/ Terrence R. Bethune

                                    _____

                                    Terrence R. Bethune
                                    Georgia Bar No. 217138
                                    Sabrina L. Zellner
                                    Georgia Bar No. 702639
                                    Attorneys for Plaintiff

**BETHUNE LAW FIRM, LLC**
2890 Piedmont Road NE, Atlanta, GA 30305
Phone: 404-875-7800 / Fax: 404-521-4011
tbethune@bethunelawfirm.com /szellner@bethunelawfirm.com

                                    STATE COURT OF
                                    DEKALB COUNTY, GA.
                                    3/15/2023 11:00 AM
                                    E-FILED
                                    BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ASHANTE SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. 23A01153 |
| vs. | ) | |
| | ) | |
| HORACIO CHAVEZ ORTIZ, MENCAR, | ) | |
| LLC, TRISURA SPECIALTY | ) | |
| INSURANCE COMPANY AND JOHN | ) | |
| DOES (1-5), | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

<u>**NOTICE OF VIDEOTAPED DEPOSITION OF DEFENDANT HORACIO CHAVEZ ORTIZ**</u>

YOU ARE HEREBY NOTIFIED in accordance with O.C.G.A. § 9-11-30 that counsel for Plaintiff in the above-styled case will proceed to take the videotaped deposition of **Defendant Horacio Chavez Ortiz on Friday**, **July 14, 2023, beginning at 10:00 a.m. via remote video-conference.** This deposition will be continuing from time to time thereafter, until completed for preservation of evidence to be used  for purposes of cross examination, at trial, and for any other purpose authorized under the Georgia Civil Practice Act pursuant to O.C.G.A. §9-11-26, §9-11-30, §24-6-607, §24-6-611 and §9-11-34. The deposition will be taken before an officer duly authorized by law to administer oaths and will continue in the presence of a secure court reporter until completed.

This 15th day of <u>March</u>, <u>2023</u>.                    <u>/s/ *Terrence R. Bethune*</u>

Terrence R. Bethune, Esq.
Georgia Bar No. 217138
*Attorney for Plaintiff*

**BETHUNE LAW FIRM, LLC**
2890 Piedmont Road NE
Atlanta, Georgia 30305
Phone: 404-875-7800 / Fax: 404-521-4011
tbethune@bethunelawfirm.com /szellner@bethunelawfirm.com

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

ASHANTE SIMS, )
)
Plaintiff, )   CIVIL ACTION FILE NO. 23A01153
vs. )
)
HORACIO CHAVEZ ORTIZ, MENCAR, )
LLC, TRISURA SPECIALTY )
INSURANCE COMPANY AND JOHN )
DOES (1-5), )
)
)   JURY TRIAL DEMANDED
Defendants. )

## NOTICE OF VIDEOTAPED 30(B)(6) DEPOSITION OF DEFENDANT MENCAR, LLC

YOU ARE HEREBY NOTIFIED in accordance with O.C.G.A. § 9-11-30 that counsel

for Plaintiff in the above-styled case will proceed to take the remote video-conferenced corporate

deposition of Defendant MENCAR on **Friday, July 14, 2023, beginning at 12:00 p.m.** via

remote video-conference and continuing from time to time thereafter, until completed for

preservation of evidence to be used at trial, and for any other purpose authorized under the

Georgia Civil Practice Act pursuant to O.C.G.A. sections 9-11-26, 9-11-30, 24-6-607, 24-6-611

and 9-11-34. The deposition will be taken before an officer duly authorized by law to administer

oaths and will continue in the presence of a secure court reporter until completed.

MENCAR shall designate a corporate representative who will be the person with all

information known or reasonably available to MENCAR on the issues of safe driving practices;

policies and procedures concerning safe driving practices; Defendant's compliance with federal

regulations; drivers' logs and audits of drivers' logs; Defendant's investigation into the collision

which is the subject matter of Plaintiff's Complaint; Defendant Ortiz's driving record and work

history; MENCAR's policies and procedures on hiring, overseeing, and retaining drivers; and

Defendants' discovery responses.

The deposition will be taken for any purpose of discovery upon oral examination pursuant to the Georgia Civil Practice Act before an officer duly authorized by law to administer oaths and to take videotaped depositions. The oral examination will continue in the presence of a secure court reporter until completed.

This 15th day of <u>March</u>, <u>2023</u>.                  /s/ *Terrence R. Bethune*

                                                          Terrence R. Bethune, Esq.
                                                          Georgia Bar No. 217138
                                                          *Attorney for Plaintiff*

**BETHUNE LAW FIRM, LLC**
2890 Piedmont Road NE
Atlanta, Georgia 30305
Phone: 404-875-7800 / Fax: 404-521-4011
tbethune@bethunelawfirm.com /szellner@bethunelawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
3/15/2023 11:00 AM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ASHANTE SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| HORACIO CHAVEZ ORTIZ, MENCAR, | ) | Civil Action No. 23A01153 |
| LLC, TRISURA SPECIALTY | ) | |
| INSURANCE COMPANY AND JOHN | ) | |
| DOES (1-5), | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT HORACIO CHAVEZ ORTIZ TO PLAINTIFF'S COMPLAINT FOR**
**DAMAGES**

Defendant Horacio Chavez Ortiz ("Defendant"), files his Answer and Affirmative Defenses to Plaintiff's Complaint for Damages, as follows:

**JURISDICTION AND VENUE**

1.

Defendant admits that he is a resident of Texas and resides at 3701 Francisco S. Ramirez, Laredo, Texas 78046. Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 1 of Plaintiff's Complaint.

2.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 2 of Plaintiff's Complaint.

3.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 3 of Plaintiff's Complaint.

4.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 4 of Plaintiff's Complaint.

5.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 5 of Plaintiff's Complaint.

6.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 6 of Plaintiff's Complaint.

7.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 7 of Plaintiff's Complaint.

8.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 8 of Plaintiff's Complaint.

**<u>FACTS</u>**

9.

Defendant incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 8 of Plaintiff's Complaint as if fully set forth herein.

10.

Defendant admits that he was an independent contractor working for MENCAR, LLC on September 30, 2021. Defendant denies the remaining allegations in Paragraph No. 10 of Plaintiff's Complaint.

2

11.

Defendant admits that he was operating a 2005 Kenworth T2000 while working as an independent contractor for MENCAR, LLC and that he was issued a citation for violation of O.C.G.A. § 40-6-48. Defendant denies the remaining allegations in Paragraph No. 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations in Paragraph No. 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations in Paragraph No. 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations in Paragraph No. 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations in Paragraph No. 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations in Paragraph No. 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations in Paragraph No. 17 of Plaintiff's Complaint.

18.

The allegations in Paragraph No. 18 of Plaintiffs' Complaint are not directed to Defendant and therefore require no response from Defendant. To the extent that Paragraph No. 18 of Plaintiff's Complaint alleges fault or liability on Defendant, those allegations are denied.

19.

The allegations in Paragraph No. 19 of Plaintiffs' Complaint are not directed to

Defendant and therefore require no response from Defendant. To the extent that Paragraph No. 19 of Plaintiff's Complaint alleges fault or liability on Defendant, those allegations are denied.

20.

The allegations in Paragraph No. 20 of Plaintiffs' Complaint are not directed to Defendant and therefore require no response from Defendant. To the extent that Paragraph No. 20 of Plaintiff's Complaint alleges fault or liability on Defendant, those allegations are denied.

21.

The allegations in Paragraph No. 21 of Plaintiffs' Complaint are not directed to Defendant and therefore require no response from Defendant. To the extent that Paragraph No. 21 of Plaintiff's Complaint alleges fault or liability on Defendant, those allegations are denied.  .

22.

Defendant denies the allegations in Paragraph No. 22 of Plaintiff's Complaint.

23.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 23 of Plaintiff's Complaint but demands strict proof thereof.

24.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 24 of Plaintiff's Complaint but demands strict proof thereof.

25.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 25 of Plaintiff's Complaint but demands strict proof thereof.

## COUNT I – NEGLIGENCE PER SE

26.

Defendant incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 25 of Plaintiff's Complaint as if fully set forth herein.

27.

Defendant denies the allegations in Paragraph No. 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations in Paragraph No. 28 of Plaintiff's Complaint as Plaintiff does not fully or accurately describe O.C.G.A. § 40-6-48 and O.C.G.A. § 40-6-241 in Paragraph No. 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations in Paragraph No. 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations in Paragraph No. 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations in Paragraph No. 31 of Plaintiff's Complaint.

32.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 32 of Plaintiff's Complaint but demands strict proof thereof.

## COUNT II – NEGLIGENCE

33.

Defendant incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 32 of Plaintiff's Complaint as if fully set forth herein.

5

34.

Defendant denies the allegations in Paragraph No. 34 , including subparagraphs (a) – (j), of Plaintiff's Complaint.

35.

Defendant denies the allegations in Paragraph No. 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations in Paragraph No. 36 of Plaintiff's Complaint.

37.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 37 of Plaintiff's Complaint but demands strict proof thereof.

38.

Defendant denies the allegations in Paragraph No. 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations in Paragraph No. 39 of Plaintiff's Complaint.

## DAMAGES

40.

Defendant denies the allegations in Paragraph No. 40 , including subparagraphs (a) – (o), of Plaintiff's Complaint.

41.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 41 of Plaintiff's Complaint but demands strict proof thereof.

42.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations

6

in Paragraph No. 42 of Plaintiff's Complaint but demands strict proof thereof.

43.

Defendant denies the allegations in Paragraph No. 43 of Plaintiff's Complaint.

44.

Defendant denies the allegations in Paragraph No. 44 of Plaintiff's Complaint.

45.

Defendant denies the allegations in Paragraph No. 45 of Plaintiff's Complaint.

46.

Defendant denies the allegations in Paragraph No. 46 of Plaintiff's Complaint.

Defendant denies the allegations in the paragraph beginning "WHEREFORE," including subparts (a) through (l), of Plaintiff's Complaint.

## **GENERAL DENIAL**

To the extent an allegation, count, or prayer for relief has not been expressly admitted above, Defendants deny each and every allegation, count, and prayer for relief of Plaintiff.

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim for which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Defendant did not breach any duty owed to Plaintiff.

### **THIRD AFFIRMATIVE DEFENSE**

Defendant's acts and omissions did not cause Plaintiff's alleged damages.

### **FOURTH AFFIRMATIVE DEFENSE**

Individuals or entities over which Defendant has no control caused or contributed to Plaintiff's alleged damages.

7

## **FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff was 50 percent or more responsible for Plaintiff's alleged damages.

## **SIXTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff is awarded damages, the jury must apportion this award of damages to all parties, including Plaintiff, and non-parties under O.C.G.A. § 51-12-33.

## **SEVENTH AFFIRMATIVE DEFENSE**

Defendant has not acted with willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Therefore, the allegations in Plaintiff's Complaint are insufficient to state a claim for punitive damages against Defendant as a matter of law.

## **EIGHTH AFFIRMATIVE DEFENSE**

Defendant pleads all affirmative defenses which it may be required to plead pursuant to and as provided by O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b) and incorporates all defensive matters set forth in those statutory provisions herein as if affirmatively set forth and pled.

**WHEREFORE**, Defendant demands that:

a.  Plaintiff's claims against him be dismissed with prejudice;

b.  Plaintiff recovers nothing against Defendant in this action; and

c.  Defendant has any other and further relief that the Court deems proper.

Respectfully submitted this 10th day of May, 2023.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street NE, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1150
Fax:  470-552-1151
jfowler@wshblaw.com
msims@wshblaw.com
pyoungwynn@wshblaw.com

*/s/ Jenna M. Fowler*
Jenna M. Fowler
Georgia Bar No. 386864
Marshall S. Sims
Georgia Bar No. 804511

*Counsel for Defendant Horacio Chavez Ortiz*

9

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ASHANTE SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **JURY TRIAL DEMANDED** |
| | ) |
| HORACIO CHAVEZ ORTIZ, MENCAR, | ) Civil Action No. 23A01153 |
| LLC, TRISURA SPECIALTY | ) |
| INSURANCE COMPANY AND JOHN | ) |
| DOES (1-5), | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing ***Defendant Horacio***

***Chavez Ortiz's Answer and Affirmative Defenses*** on all parties, via Odyssey eFile GA as follows:

Terrence R. Bethune, Esq.
**BETHUNE LAW FIRM, LLC**
2890 Piedmont Road NE
Atlanta, Georgia 30305
*tbethune@bethunelawfirm.com*
*szellner@bethunelawfirm.com*

This 10ᵗʰ day of May, 2023.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street NE, Suite 925
Atlanta, Georgia 30309
Telephone: 470-552-1150
Fax: 470-552-1151
jfowler@wshblaw.com
msims@wshblaw.com
pyoungwynn@wshblaw.com

*/s/ Jenna M. Fowler*
Jenna M. Fowler
Georgia Bar No. 386864
Marshall S. Sims
Georgia Bar No. 804511

*Counsel for Defendant Horacio*
*Chavez Ortiz*

10