# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AKINI JEFFREY,<br><br>  Plaintiff,<br><br>v.<br><br>KENNETH FAIN;<br>SCHROEDER MOVING SYSTEMS, INC.; VANLINER INSURANCE COMPANY; UNITED VAN LINES, LLC; ABC CORP.; JOHN DOE; and XYZ CORP.,<br><br>  Defendants | CIVIL ACTION FILE<br>  NO. _____<br><br><br>REMOVED FROM STATE COURT OF FULTON COUNTY, GEORGIA, CAFN: 23EV001922<br><br><br>*Jury Trial Demanded* |

## DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT AND BRIEF IN SUPPORT

**COME NOW**, **Kenneth Fain** ("Defendant Fain"), **Schroeder Moving Systems, Inc.**, ("Defendant Schroeder"), **Vanliner Insurance Company** ("Defendant Vanliner"), and **United Van Lines, LLC**, ("Defendant United") (hereinafter "Defendants"), named Defendants in the above-styled civil action, and file this their Brief in Support of Defendants' Notice of Removal, showing this Honorable Court as follows:

1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Akini Jeffrey (hereinafter "Plaintiff"), a Georgia resident and citizen, filed this action in the State Court of Fulton County, on March 30, 2023, against Defendant Fain, Defendant Schroeder, Defendant Vanliner, Defendant United, Defendant ABC Corp., Defendant John Doe, and Defendant XYZ Corp. That action is designated in that court as Civil Action File No.: 23EV001922. A true and correct copy of the Summons and Complaint is included in the State Court file, and attached hereto as Exhibit "A."

Plaintiff's Complaint, *inter alia*, alleges that Defendants are liable to Plaintiff for negligently causing Plaintiff's injuries that were allegedly sustained from an accident which occurred on August 8, 2021. (*See* Pl. Comp., Ex. "A," generally). The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq. There is complete diversity between Plaintiff and the identified, named Defendants.

The Parties were not residents of the same state at the time of filing of the Complaint, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as statutorily required. *See* 28 USC §§ 1332 and 1441 et seq. Defendants represent to this Honorable Court that true and correct copies of all process, pleadings,

orders served by or upon the Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (*See* State Court Pleadings—Summons and Complaint, CAFN: 23EV001922, Ex. "A"). Defendants further represent to this Court that there are no other process, pleadings or orders properly served upon Defendants to date in this case that have not been attached hereto.

Defendants represent to this Honorable Court that written notice of the filing of Defendants' Notice of Removal and a copy of Defendants' Notice of Removal have been served upon Plaintiff, by and through his counsel of record, contemporaneous with this filing. (*See* Notice of Removal, filed with the Clerk of Court, State Court of Fulton County, Georgia, attached hereto as Exhibit "B"). The United States District Court for the Northern District of Georgia – Atlanta Division, is the court and division embracing the place where this action is pending in state court. *See* 28 U.S.C. § 1441(a). No Defendants heretofore have sought similar relief in this action.

Defendant United was served on April 10, 2023, and Defendant Vanliner was served on April 11, 2023. (*See* Affidavit of Service for Defendants United and Vanliner, attached hereto as Exhibits "C" and "D," respectively). Defendant Fain and Defendant Schroeder have yet to be served. Pursuant to 28 U.S.C. § 1446, the Defendants have sought removal within thirty (30) days from the moment the action became removable.

3

## **LEGAL ARGUMENT AND CITATION TO AUTHORITY**

### **A.     This Court has Original Jurisdiction of this Cause of Action Pursuant to 28 U.S.C. § 1332 and this Cause of Action is Removable According to 28 U.S.C. § 1441.**

This action is properly removable pursuant to 28 U.S.C. § 1441(a) and (b) because this United States District Court for the Northern District of Georgia – Atlanta Division has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part: "[t]he District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between – (1) Citizens of different states." 28 U.S.C. § 1332(a).

### 1.     THERE IS COMPLETE DIVERSITY

All parties to this action are completely diverse. Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced. Oh v. Ford Motor Co., 79 F. Supp. 2d 1375, 1377 (N.D. Ga. 1999) (citing Mann v. City of Tucson, Dept. of Police, 782 F.2d 790, 794 (9th Cir. 1986)).

At the time of filing his Complaint, Plaintiff was a resident, and thus, a citizen of Georgia. See Gilbert v. David, 235 U.S. 561, 569 (1915)("If the plaintiff is domiciled in [a particular state], he is a citizen of that state within the meaning of

4

the Judicial Code."). *See also* Pl.'s Compl., Ex. "A," ⁋ 1. Therefore, Plaintiff is a citizen of Georgia.

Defendant Fain was, is an individual who, at the commencement of this action, was (and still is) a citizen of the State of Ohio. (*See* subject Police Report, attached hereto as Exhibit "E"). *See also* Gilbert v. David, 235 U.S. 561, 569 (1915). Therefore, Defendant Fain is a citizen of Ohio. Id.

Defendant Schroeder is now, and was at the commencement of this action, a foreign corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in Wisconsin. (*See* Wisconsin Secretary of State Records, attached hereto as Exhibit "F"). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1132(c). Accordingly, Defendant Schroeder is a citizen of Wisconsin. Id.

Defendant Vanliner is now and was at the commencement of this action, a foreign corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio. (*See* Ohio Secretary of State Records, attached hereto as Exhibit "G"). Since a corporation is a citizen of the state in which it is incorporated and has its principal place of business, (*see* 28 U.S.C. § 1132(c)), Defendant Vanliner is a citizen of Ohio.

Defendant United is now, and was at the commencement of this action, a foreign corporation organized and existing under the laws of the State of Missouri with its principal place of business in Missouri. (*See* Missouri Secretary of State Records, attached hereto as Exhibit. "H"). Therefore, Defendant United is a citizen of Missouri. 28 U.S.C. § 1132(c).

Finally, the citizenship of Defendants John Doe, ABC Corp., and XYZ Corp., who are not represented by the undersigned counsel, are disregarded for the purposes of this motion. 28 U.S.C. § 1441(b). Accordingly, complete diversity exists in this cause of action between Plaintiff and all Defendants, and therefore, this case is removable under 28 U.S.C. § 1332.

2.  **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

There is evidence to establish that Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars ($75,000.00). Where a plaintiff has made an unspecified demand for damages, as in this case, a removing defendant must prove only by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Evidence offered in support of removal can consist of factual allegations, "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754

(11th Cir. 2010) ("a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."). Furthermore, courts may use their "judicial experience and common sense" in determining whether the case meets federal jurisdictional requirements. <u>Roe v. Michelin North America, Inc.</u>, 613 F.3d 1058, 1061 (11th Cir. 2010).

When determining if the defendants have satisfied their burden, the presiding court will first consider whether it is facially apparent from the complaint that the jurisdictionally mandated amount is in controversy. <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744 (11th Cir. 2010).

Here, according to Plaintiff's Complaint, Plaintiff seeks compensation of at least $492,728.54 in medical expenses. (*See* Pl.'s Compl. ¶ 118, Ex. "A"). Further, Plaintiff alleges additional damages comprising of "expenses for future medical treatment, and future pain and suffering, and past and future wage loss, the exact amount to be proven at trial." (Pl. Compl. ¶ 119, Ex. "A").

Therefore, it is facially apparent from Plaintiff's Complaint that the jurisdictional amount in controversy requirement has been satisfied.

## **<u>CONCLUSION</u>**

There is complete diversity of citizenship between the parties to this action. Plaintiff is a citizen of Georgia, and none of the Defendants are a citizen of the State

of Georgia for purposes of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Further, the amount in controversy requirement established by 28 U.S.C. § 1332(a) has been satisfied. Accordingly, because the parties are completely diverse and the amount in controversy exceeds the statutory requirement, this case may be removed to the United States District Court for the Northern District of Georgia – Atlanta Division, pursuant to 28 U.S.C. §§ 1332 and 1446.

Respectfully submitted this 10th day of May, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

 */s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
WHITNEY L. GIBBS
Georgia Bar No. 455827
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
whitney.gibbs@qpwblaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| AKINI JEFFREY,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH FAIN;<br>SCHROEDER MOVING SYSTEMS,<br>INC.; VANLINER INSURANCE<br>COMPANY; UNITED VAN LINES,<br>LLC; ABC CORP.; JOHN DOE; and<br>XYZ CORP.,<br><br>    Defendants | CIVIL ACTION FILE<br>NO. _____<br><br><br>REMOVED FROM STATE COURT<br>OF FULTON COUNTY, GEORGIA,<br>CAFN: 23EV001922<br><br><br>*Jury Trial Demanded* |

**CERTIFICATE OF COMPLIANCE**

The foregoing ***DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT AND BRIEF IN SUPPORT*** is double spaced in 14-point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

This 10th day of May, 2023.

                                                **Quintairos, Prieto, Wood & Boyer, P.A.**

                                                 */s/ Sandro Stojanovic*
                                                SCOTT H. MOULTON
                                                Georgia Bar No. 974237

        SANDRO STOJANOVIC
        Georgia Bar No. 473114
        WHITNEY L. GIBBS
        Georgia Bar No. 455827
        *Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
whitney.gibbs@qpwblaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| AKINI JEFFREY,<br><br>   Plaintiff,<br><br>v.<br><br>KENNETH FAIN;<br>SCHROEDER MOVING SYSTEMS,<br>INC.; VANLINER INSURANCE<br>COMPANY; UNITED VAN LINES,<br>LLC; ABC CORP.; JOHN DOE; and<br>XYZ CORP.,<br><br>   Defendants | CIVIL ACTION FILE<br>NO. _____<br><br><br>REMOVED FROM STATE COURT<br>OF FULTON COUNTY, GEORGIA,<br>CAFN: 23EV001922<br><br><br>*Jury Trial Demanded* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT AND BRIEF IN SUPPORT** upon all parties to this matter by depositing same in the U.S. Mail and/or via e-file and serve as required by law:

David Byrd
Shanti Nagrani
Bader Scott Injury Lawyers
3384 Peachtree Road, NE
Atlanta, GA 30326
davidbyrd@baderscott.com

shantinagrani@baderscott.com
*Counsel for Plaintiff*

This 10th day of May, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
WHITNEY L. GIBBS
Georgia Bar No. 455827
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
whitney.gibbs@qpwblaw.com