State Court of Fulton County
**E-FILED**
23EV001922
3/30/2023 1:23 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| AKINI JEFFREY, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO.: |
| | * | |
| v. | * | |
| | * | |
| KENNETH FAIN, | * | |
| SCHROEDER MOVING SYSTEMS, INC., | * | |
| VANLINER INSURANCE COMPANY, | * | |
| UNITED VAN LINES, LLC, | * | |
| ABC CORP., JOHN DOE | * | |
| And XYZ CORP., | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT FOR DAMAGES

COMES NOW, AKINI JEFFREY (hereinafter "Plaintiff") by and through his undersigned counsel and files this Complaint for Damages and shows this Honorable Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant, Kenneth Fain (hereinafter "FAIN"), is an individual and resident of Hamilton County, Ohio, and may be served at his residence, 4303 Allison Street, Apt 9, Cincinnati, OH 45212. If Defendant cannot be served at his address, then Defendant shall be served pursuant to Georgia law.

EXHIBIT A

3.

Defendant, SCHROEDER MOVING SYSTEMS, INC (hereinafter "SCHROEDER"), is not registered with the Georgia Secretary of State and have no registered agent through which to serve them.

4.

Defendant SCHROEDER is a domestic business authorized to transact and do business within the State of Wisconsin. Service of process may be perfected upon Defendant SCHROEDER through its registered agent, John H. Schroeder at 2720 East Winslow Avenue, Appleton, WI 54911-8646.

5.

Defendant VANLINER INSURANCE COMPANY (hereinafter "VANLINER") is a foreign corporation authorized to transact and do business within the State of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant VANLINER through its registered agent, UNITED Agent Group, Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066.

6.

Defendant UNITED VAN LINES, LLC, (hereinafter "UNITED"), is a foreign corporation authorized to transact and do business within the State of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant UNITED through its registered agent, C T Corporation System, at 289 S. Culver Street, Lawrenceville, GA, 30046- 4805.

7.

Defendants ABC Corp. and John Doe are entities or persons that owned and/or operated the truck tractor involved in the subject collision and/or employed the driver of the

EXHIBIT A

truck tractor involved in the subject collision and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendants ABC Corp., and John Doe. Defendants ABC Corp and John Doe will be named and served with the Summons and Complaint once their identities are revealed.

8.

Defendant XYZ Corp. is an entity that insured the truck tractor involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendant XYZ Corp. Defendant XYZ Corp. will be named and served with the Summons and Complaint once its identity is revealed.

9.

Defendants are subject to the jurisdiction of this Court.

10.

This Court has jurisdiction over the subject matter of this action.

11.

Venue is proper in Fulton County, Georgia pursuant to the Georgia Code §9-10-93, because the tortious act occurred in Fulton County, Georgia.

## **ALLEGATIONS**

12.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 11 of his complaint as if fully set forth herein.

EXHIBIT A

13.

On or about August 8, 2021, at approximately 01:15 p.m., Plaintiff was a lawfully restrained passenger of a 2006 Acura TL traveling south on Interstate 285, in the County of Fulton, State of Georgia.

14.

At the same time and on the occasion in question, Defendant FAIN, the operator of a 2002 Kentucky Manufacturing truck, V.I.N. 1KKVE533521207758, a vehicle for use over public highways, was traveling south on Interstate 285, in the County of Fulton, State of Georgia.

15.

Defendant FAIN was always an employee or agent of Defendant SCHROEDER at the time of the foregoing collision and relevant to this case.

16.

Defendant FAIN was always an employee or agent of Defendant ABC CORP. at the time of the foregoing collision and relevant to this case.

17.

The underlying motor vehicle accident of this litigation occurred when Defendant FAIN was an employee or agent, acting in the course and scope of employment, of Defendant SCHROEDER and furtherance, of Defendant SCHROEDER's business.

18.

The underlying motor vehicle accident of this litigation occurred when Defendant FAIN was an employee or agent, acting in the course and scope of employment, of Defendant ABC CORP. and furtherance, of Defendant ABC CORP.'s business.

EXHIBIT A

19.

The underlying motor vehicle accident of this litigation occurred when Defendant VANLINER was an insurer of Defendants FAIN, SCHROEDER, and ABC CORP.

20.

The underlying motor vehicle accident of this litigation occurred when Defendant UNITED was an insurer of Defendants FAIN, SCHROEDER, and ABC CORP.

21.

Upon information and belief, the underlying motor vehicle accident of this litigation occurred when Defendant XYZ CORP. was an insurer of Defendants FAIN, SCHROEDER, and ABC CORP.

## JOINT AND SEVERAL LIABILITY

22.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 21 of his complaint as if fully set forth herein.

23.

The acts of Defendant FAIN were reckless, intentional, negligent, and negligent per se and proximately caused Plaintiff's injuries and damages, and as a result Defendant SCHROEDER is jointly and severally liable for Plaintiff's injuries and damages.

24.

The acts of the Defendant FAIN were reckless, intentional, negligent, and negligent per se and proximately caused Plaintiff's injuries and damages, and as a result Defendant ABC CORP. is jointly and severally liable for Plaintiff's injuries and damages.

EXHIBIT A

## VICARIOUS LIABILITY

25.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 24 of his complaint as if fully set forth herein.

26.

Defendant SCHROEDER is vicariously liable under the doctrine of respondeat superior as Defendant FAIN was operating the foregoing 2002 Kentucky Manufacturing vehicle in the course and scope, and furtherance, of the Defendant SCHROEDER'S business and acting within the course and scope of the collective Defendants' business.

27.

Defendant ABC CORP. is vicariously liable under the doctrine of respondeat superior as Defendant FAIN was operating the foregoing 2002 Kentucky Manufacturing vehicle in the course and scope, and furtherance, of the Defendant ABC CORP.'s business and acting within the course and scope of the collective Defendants' business.

## DIRECT ACTION

28.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 27 of his complaint as if fully set forth herein.

29.

Plaintiff AKINI JEFFREY takes direct action pursuant to O.C.G.A. § 40-2-140 against Defendant VANLINER as Plaintiff has a cause of action against a foregoing defendant motor carrier as stated in this complaint including SCHROEDER and/or ABC CORP., and/or a cause of action against another motor carrier relevant to this complaint, as Defendant VANLINER

EXHIBIT A

was an insurer of the foregoing motor carrier or carriers at the time of the underlying motor vehicle accident of this complaint.

30.

Plaintiff AKINI JEFFREY takes direct action pursuant to O.C.G.A. § 40-2-140 against Defendant UNITED as Plaintiff has a cause of action against a foregoing defendant motor carrier as stated in this complaint including SCHROEDER and/or ABC CORP., and/or a cause of action against another motor carrier relevant to this complaint, as Defendant UNITED was an insurer of the foregoing motor carrier or carriers at the time of the underlying motor vehicle accident of this complaint.

31.

Plaintiff AKINI JEFFREY takes direct action pursuant to O.C.G.A. § 40-1-112 against Defendant VANLINER as Plaintiff has a cause of action under this statute and accordingly is permitted to join insurance carrier VANLINER.

32.

Plaintiff AKINI JEFFREY takes direct action pursuant to O.C.G.A. § 40-1-112 against Defendant UNITED as Plaintiff has a cause of action under this statute and accordingly is permitted to join insurance carrier UNITED.

33.

Plaintiff AKINI JEFFREY takes direct action pursuant to O.C.G.A. § 40-2-140 against Defendant XYZ CORP. as Plaintiff has a cause of action against a foregoing defendant motor carrier as stated in this complaint including SCHROEDER and/or ABC CORP, and/or a cause of action against another motor carrier relevant to this complaint, as Defendant XYZ CORP. was an insurer of the foregoing motor carrier or carriers at the time of the underlying

motor vehicle accident of this complaint.

34.

Plaintiff AKINI JEFFREY takes direct action pursuant to O.C.G.A. § 40-1-112 against Defendant XYZ CORP. as Plaintiff has a cause of action under this statute and accordingly is permitted to join insurance carrier XYZ CORP.

35.

Plaintiff AKINI JEFFREY takes direct action pursuant to O.C.G.A. § 40-1-112 against Defendant SCHROEDER as Plaintiff has a cause of action under this statute and accordingly is permitted to join motor carrier SCHROEDER.

36.

Plaintiff AKINI JEFFREY takes direct action pursuant to O.C.G.A. § 40-1-112 against Defendant ABC CORP. as Plaintiff has a cause of action under this statute and accordingly is permitted to join motor carrier ABC CORP.

## COUNT I NEGLIGENCE

37.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 36 of his complaint into Count I as if fully set forth herein.

38.

At the time in question, Defendant FAIN failed to operate his vehicle in a safe manner by failing to maintain his lane and otherwise failed to operate his vehicle in a safe and prudent manner as required by the Georgia Uniform Rules of the Road causing a collision with Defendant FAIN's vehicle and the vehicle Plaintiff was in, resulting in bodily injury to the Plaintiff.

EXHIBIT A

39.

As a consequence of his negligent driving, Defendant FAIN breached his duty of ordinary care to the automobile-driving public and to the Plaintiff in particular.

40.

Plaintiff suffered pain and suffering as a result of the collision.

41.

Defendants SCHROEDER and/or ABC CORP. are jointly and severally liable to Plaintiff, vicariously liable to Plaintiff, and/or subject to Plaintiff's direct-action claim.

42.

Defendants VANLINER, UNITED, and/or XYZ CORP. are subject to Plaintiff's Direct-action claim.

## COUNT II

### NEGLIGENCE PER SE – FAILURE TO MAINTAIN LANE

43.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 42 of his complaint into Count II as if fully set forth herein.

44.

At all relevant times, Defendant FAIN owed a duty to comply with applicable statutes, regulations, and rules related to the safe operation of a motor vehicle in the State of Georgia.

45.

Defendant FAIN breached his duty when he failed to control his vehicle by maintain his lane as required by O.C.G.A. § 40-6-48.

EXHIBIT A

46.

Plaintiff was, at the time of the collision, within the class of persons whom the above referenced statute was meant to protect.

47.

Defendant FAIN's failure to comply with O.C.G.A. § 40-6-48 created the type of collision against which the law was designed to protect.

48.

Defendant FAIN's failure to comply with O.C.G.A. § 40-6-48 was the direct and proximate cause of Plaintiff's injuries and damages and thus constitutes negligence per se.

49.

Defendants SCHROEDER and/or ABC CORP. are jointly and severally liable to Plaintiff, vicariously liable to Plaintiff, and/or subject to Plaintiff's direct action claim.

50.

Defendants VANLINER, UNITED, and/or XYZ CORP. are subject to Plaintiff's direct-action claim.

## COUNT III

### NEGLIGENT HIRING – SCHROEDER

51.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 50 of his complaint into Count III as if fully set forth herein.

52.

At all times relevant to this litigation, Defendant SCHROEDER had a duty to use reasonable care when hiring an employee.

EXHIBIT A

53.

On information and belief, Defendant SCHROEDER knew, or should have known, of Defendant FAIN's incompetence or did not conduct an adequate pre-employment investigation of Defendant FAIN.

54.

As a result of Defendant SCHROEDER's foregoing actions and/or admissions, Defendant SCHROEDER created a foreseeable, dangerous, and unreasonable risk by hiring Defendant FAIN.

55.

As a result of the foreseeable and unreasonable risk Defendant SCHROEDER created, the underlying accident of this litigation occurred and injured Plaintiff.

56.

Defendant SCHROEDER is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## COUNT IV

## NEGLIGENT HIRING – ABC CORP.

57.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 56 of his complaint into Count IV as if fully set forth herein.

58.

At all times relevant to this litigation, Defendant ABC CORP. had a duty to use reasonable care when hiring an employee.

EXHIBIT A

59.

On information and belief, Defendant ABC CORP. knew, or should have known, of Defendant FAIN's incompetence or did not conduct an adequate pre-employment investigation of Defendant FAIN.

60.

As a result of Defendant ABC CORP.'s foregoing actions and/or omissions, Defendant ABC CORP. created a foreseeable, dangerous, and unreasonable risk by hiring Defendant FAIN.

61.

As a result of the foreseeable and unreasonable risk Defendant ABC CORP. created, the underlying accident of this litigation occurred and injured Plaintiff.

62.

Defendant ABC CORP. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## **COUNT V**

### **NEGLIGENT RETENTION – SCHROEDER**

63.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 62 of his complaint into Count V as if fully set forth herein.

64.

At all times relevant to this litigation, Defendant SCHROEDER had a duty to use reasonable care when retaining an employee.

EXHIBIT A

65.

On information and belief, Defendant SCHROEDER learned, or should have learned, during the course of Defendant FAIN's employment leading up to the underling accident of this litigation, of Defendant FAIN's incompetence or otherwise failed to properly observe, review, or investigate Defendant FAIN.

66.

As a result of Defendant SCHROEDER'S foregoing actions and/or omissions, Defendant SCHROEDER created a foreseeable, dangerous, and unreasonable risk by retaining Defendant FAIN.

67.

As a result of the foreseeable and unreasonable risk Defendant SCHROEDER created, the underlying accident of this litigation occurred and injured Plaintiff.

68.

Defendant SCHROEDER is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## COUNT VI

### NEGLIGENT RETENTION – ABC CORP.

69.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 68 of his complaint into Count VI as if fully set forth herein.

70.

At all times relevant to this litigation, Defendant ABC CORP. had a duty to use reasonable care when retaining an employee.

EXHIBIT A

71.

On information and belief, Defendant ABC CORP. learned, or should have learned, during the course of Defendant FAIN's employment leading up to the underling accident of this litigation, of Defendant FAIN's incompetence or otherwise failed to properly observe, review, or investigate Defendant FAIN.

72.

As a result of Defendant ABC CORP.'s foregoing actions and/or omissions, Defendant ABC CORP. created a foreseeable, dangerous, and unreasonable risk by retaining Defendant FAIN.

73.

As a result of the foreseeable and unreasonable risk Defendant ABC CORP. created, the underlying accident of this litigation occurred and injured Plaintiff.

74.

Defendant ABC CORP. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## **COUNT VII**

### **NEGLIGENT SUPERVISION – SCHROEDER**

75.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 74 of his complaint into Count VII as if fully set forth herein.

76.

At all times relevant to this litigation, Defendant SCHROEDER had a duty to supervise Defendant FAIN by properly instructing Defendant FAIN, reasonably controlling, or monitoring the actions or omissions of Defendant FAIN and ensuring Defendant FAIN was

EXHIBIT A

performing his job duties properly.

77.

On information and belief, Defendant SCHROEDER failed to properly supervise Defendant FAIN and was negligent in supervision of Defendant FAIN.

78.

As a result of Defendant SCHROEDER's foregoing actions and/or omissions, Defendant SCHROEDER created a foreseeable, dangerous, and unreasonable risk by negligently supervising Defendant FAIN.

79.

As a result of the foreseeable and unreasonable risk Defendant SCHROEDER created, the underlying accident of this litigation occurred and injured Plaintiff.

80.

Defendant SCHROEDER is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## COUNT VIII

## NEGLIGENT SUPERVISION – ABC CORP.

81.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 80 of his complaint into Count VIII as if fully set forth herein.

EXHIBIT A

82.

At all times relevant to this litigation, Defendant ABC CORP. had a duty to supervise Defendant FAIN by properly instructing Defendant FAIN, reasonably controlling or monitoring the actions or omissions of Defendant FAIN, and ensuring Defendant FAIN was performing his job duties properly.

83.

On information and belief, Defendant ABC CORP. failed to properly supervise Defendant FAIN and was negligent in supervision of Defendant FAIN.

84.

As a result of Defendant ABC CORP.'s foregoing actions and/or omissions, Defendant ABC CORP. created a foreseeable, dangerous, and unreasonable risk by negligently supervising Defendant FAIN.

85.

As a result of the foreseeable and unreasonable risk Defendant ABC CORP. created, the underlying accident of this litigation occurred and injured Plaintiff.

86.

Defendant ABC CORP. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## **COUNT IX**

### **NEGLIGENT TRAINING – SCHROEDER**

87.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 86 of his complaint into Count IX as if fully set forth herein.

88.

At all times relevant to this litigation, Defendant SCHROEDER had a duty to properly train Defendant FAIN by properly instructing and educating Defendant FAIN and by providing the necessary knowledge and/or this training to properly perform his job.

89.

On information and belief, Defendant SCHROEDER failed to properly train Defendant FAIN and was negligent in training Defendant FAIN.

90.

As a result of Defendant SCHROEDER's foregoing actions and/or omissions, Defendant SCHROEDER created a foreseeable, dangerous, and unreasonable risk by negligently training Defendant FAIN.

91.

As a result of the foreseeable and unreasonable risk Defendant SCHROEDER created, the underlying accident of this litigation occurred and injured Plaintiff.

92.

Defendant SCHROEDER is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## COUNT X

## NEGLIGENT TRAINING – ABC CORP.

93.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 92 complaint into Count X as if fully set forth

EXHIBIT A

94.

At all times relevant to this litigation, Defendant ABC CORP. had a duty to properly train Defendant FAIN by properly instructing and educating Defendant FAIN and by providing the necessary knowledge and/or this training to properly perform his job.

95.

On information and belief, Defendant ABC CORP. failed to properly train Defendant FAIN and was negligent in training Defendant FAIN.

96.

As a result of Defendant ABC CORP.'s foregoing actions and/or omissions, Defendant ABC CORP. created a foreseeable, dangerous, and unreasonable risk by negligently training Defendant FAIN.

97.

As a result of the foreseeable and unreasonable risk Defendant ABC CORP. created, the underlying accident of this litigation occurred and injured Plaintiff.

98.

Defendant ABC CORP. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## **COUNT XI**

### **NEGLIGENT ENTRUSTMENT – SCHROEDER**

99.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 98 complaint into Count XI as if fully set forth

EXHIBIT A

100.

Defendant SCHROEDER owned or supplied the vehicle driven by Defendant FAIN at the time of the incident.

101.

Defendant SCHROEDER gave permission to Defendant FAIN to drive and exercise control of the vehicle at the time of the incident.

102.

Defendant SCHROEDER exercised or had the ability to exercise control over the vehicle driven by Defendant FAIN at all times relevant to this litigation.

103.

On information and belief, Defendant SCHROEDER knew, or should have known, of Defendant FAIN's incompetence, unfitness, or otherwise unsuitability to operate the vehicle safely, or did not conduct adequate observation, investigation, or review of Defendant FAIN.

104.

As a result of Defendant SCHROEDER's foregoing actions and/or omissions, Defendant SCHROEDER created a foreseeable, dangerous, and unreasonable risk by negligently entrusting the foregoing vehicle to Defendant FAIN.

105.

As a result of the foreseeable and unreasonable risk Defendant SCHROEDER created, the underlying accident of this litigation occurred and injured Plaintiff.

EXHIBIT A

106.

Defendant SCHROEDER is responsible for the conduct and actions of Defendant FAIN under the doctrine of negligent entrustment.

107.

Defendant SCHROEDER is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## COUNT XII

### NEGLIGENT ENTRUSTMENT – ABC CORP.

108.

Plaintiff AKINI JEFFREY incorporates by reference paragraphs 1 through 107 of his complaint into Count XII as if fully set forth herein.

109.

Defendant ABC CORP. owned or supplied the vehicle driven by Defendant FAIN at the time of the incident.

110.

Defendant ABC CORP. gave permission to Defendant FAIN to drive and exercise control of the vehicle at the time of the incident.

111.

Defendant ABC CORP. exercised or had the ability to exercise control over the vehicle always driven by Defendant FAIN relevant to this litigation.

112.

On information and belief, Defendant ABC CORP. knew, or should have known, of Defendant FAIN's incompetence, unfitness, or otherwise unsuitability to operate the vehicle

EXHIBIT A

safely, or did not conduct adequate observation, investigation, or review of Defendant FAIN.

113.

As a result of Defendant ABC CORP.'s foregoing actions and/or omissions, Defendant ABC CORP. created a foreseeable, dangerous, and unreasonable risk by negligently entrusting the foregoing vehicle to Defendant FAIN.

114.

As a result of the foreseeable and unreasonable risk Defendant ABC CORP. created, the underlying accident of this litigation occurred and injured Plaintiff.

115.

Defendant ABC CORP. is responsible for the conduct and actions of Defendant FAIN under the doctrine of negligent entrustment.

116.

Defendant ABC CORP. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## DAMAGES

117.

Plaintiff, AKINI JEFFREY, incorporates by reference paragraphs 1 through 116 of his complaint as if fully set forth herein.

118.

Plaintiff, AKINI JEFFREY received medical treatment for his injuries of at least $492,728.54, the exact amount to be determined at trial.

EXHIBIT A

119.

Plaintiff, AKINI JEFFREY, will continue to suffer both general and special damages in the future, including expenses for future medical treatment and future pain and suffering, and past and future wage loss, the exact amount to be proven at trial.

120.

Defendants' negligence, commission of negligence per se, and other unlawful actions or omissions as stated in this complaint, which constituted the actual and proximate cause of injuries to the Plaintiff, consisted of one or more of the following:

a)   Improper Change of Lane in violation of O.C.G.A. § 40-6-123;

b)   Failure to exercise due care in operating a motor vehicle in violation of O.C.G.A § 40-6-241;

c)   Failure to exercise that degree of care which is exercised by ordinary persons in the same or similar situation, in violation of O.C.G.A § 51-1-2;

d)   Failure to use ordinary care to avoid colliding with another vehicle;

e)   Failure to keep a proper lookout; and/or

f)   Failure to maintain control of the vehicle.

121.

As a direct and proximate result of Defendants' negligence and commission of negligence per se, Plaintiff has incurred damages including but not limited to medical expenses for treatment of his injuries, pain, emotional distress, and general inconvenience.

EXHIBIT A

## PUNITIVE DAMAGES

### 122.

Plaintiff, AKINI JEFFREY, incorporates by reference paragraphs 1 through 121 of his complaint as if fully set forth herein.

### 123.

Defendants, at the time of the collision, were unaware that the vehicle Plaintiff was travelling in was lawfully traveling in his proper lane of travel because at the time of the collision Defendants were intentionally using an electronic cellular device to send and/or receive electronic messages, call(s), and data.

### 124.

By engaging in the above-described conduct, and all of the Defendants' conduct stated in this Complaint, Defendants acted in an intentional, malicious, fraudulent, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of Defendants is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish Defendants for the misconduct and to deter Defendants from engaging in such aggravating conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

## ATTORNEY'S FEES AND COSTS OF LITIGATION

### 125.

Plaintiff, AKINI JEFFREY, incorporates by reference paragraphs 1 through 124 of his complaint as if fully set forth herein.

EXHIBIT A

126.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-1514, and O.C.G.A. § 33-4-6.

WHEREFORE, Plaintiff prays for judgment against Defendants in the following particulars:

a)   Plaintiff be awarded general damages to fully compensate his for his pain and suffering and other human losses in an amount to be determined at trial;

b)   Plaintiff be awarded special damages in an amount of at least $492,728.54, the exact amount to be proven at trial to fully compensate his for his medical bills, lost wages, and loss of earning capacity;

c)   Plaintiff be awarded special damages in the exact amount to be proven at trial to fully compensate his for his future medical expenses and future wage loss;

d)   Plaintiff be awarded general damages to fully compensate his for his future pain and suffering;

e)   Punitive damages be assessed against Defendants;

f)   Judgment be rendered against Defendants for punitive damages to deter like or similar conduct in the future;

g)   Plaintiff be awarded attorney fees and other expenses of litigation pursuant to O.C.G.A. § 13-6-11;

h)   Plaintiff be awarded attorney fees pursuant to O.C.G.A. § 9-15-14 and O.C.G.A. § 33-4-6 as Defendants have acted in bad faith;

EXHIBIT A

i)      Plaintiff be awarded his attorney fees and costs of litigation as the Defendants have acted in bad faith, have been stubbornly litigious, or have caused the Plaintiff unnecessary trouble and expense;

j)      Plaintiff be granted a jury panel of twelve (12) from which to select a jury of twelve pursuant to O.C.G.A § 15-12-122;

k)      Process be issued requiring the Defendants to answer according to law; and

l)      Plaintiff be granted such further and other relief as is just and proper.

Respectfully submitted this 30th day of <u>March,</u> 2023.

**BADER SCOTT INJURY LAWYERS**

*David Byrd (signature)*

_____

**David Byrd**
Georgia Bar # 974073
**Shanti Nagrani**
Georgia Bar # 362653
*Attorneys for Plaintiff AKINI JEFFREY*

**BADER SCOTT INJURY LAWYERS**
3384 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
Phone: 404 888-8888
Fax: 404 953-7744
Davidbyrd@baderscott.com

<u>EXHIBIT A</u>

State Court of Fulton County
**\*\*E-FILED\*\***
23EV001922
3/30/2023 1:23 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** _____

AKINI JEFFREY
_____
3384 Peachtree Road NE, Suite 500
_____
Atlanta, GA 30326
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

UNITED VAN LINES, LLC/C T Corporation System
_____
289 S. Culver Street
_____
Lawrenceville   GA         30046
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | \*\*\*\*\*\*\*\*\*\*\*\* |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: David Byrd/Bader Scott Injury Lawyers _____

Address: 3384 Peachtree Road NE, Suite 500 _____

City, State, Zip Code: Atlanta, GA 30326 _____   Phone No.: 404-888-8888

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

<u>EXHIBIT A</u>

State Court of Fulton County
**E-FILED**
23EV001922
3/30/2023 1:23 PM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of  FULTON  County

| For Clerk Use Only |
|---|
| Date Filed _____ | Case Number _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
JEFFREY, AKINI

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
FAIN, KENNETH

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| SCHROEDER MOVING SYSTEM, INC.; | | | | |
| VANLINER INSURANCE COMPANY, UNITED VAN LINES, LLC | | | | |
| ABC CORP., JOHN DOE AND XYZ CORP. | | | | |

Plaintiff's Attorney  DAVID BYRD       Bar Number 974073      Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
- ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**        **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

EXHIBIT A