**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| AKINI JEFFREY,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH FAIN,<br>SCHROEDER MOVING SYSTEMS, INC.; VANLINER INSURANCE COMPANY; UNITED VAN LINES, LLC; ABC CORP.; JOHN DOE; and XYZ CORP.,<br><br>    Defendants | CIVIL ACTION FILE<br>    NO. _____<br><br><br>*Jury Trial Demanded* |

**DEFENDANTS' MOTION TO DISMSS PLAINTIFF'S COMPLAINT FOR DAMAGES AND BRIEF IN SUPPORT**

**COME NOW**, **Kenneth Fain** ("Defendant Fain"), **Schroeder Moving Systems, Inc.**, ("Defendant Schroeder"), **Vanliner Insurance Company** ("Defendant Vanliner"), and **United Van Lines, LLC**, ("Defendant United") (hereinafter "Defendants"), named Defendants in the above-styled civil action, and file this their Motion to Dismiss Plaintiff's Complaint for Damages and Brief In Support, pursuant to Federal Rules of Civil Procedure 8, 10, and 12(b)(6), showing this Honorable Court as follows:

## I.     INTRODUCTION

This motion addresses Plaintiff's failure to meet the minimum pleading requirements under Federal Rules of Civil Procedure 8(a) and 10(b). Further, this motion addresses Plaintiff's use of fictious parties, which is expressly prohibited by Federal Rule of Civil Procedure 10(a). Furthermore, if Plaintiff's Complaint is not summarily dismissed, Defendants seek to have Plaintiff's claims for punitive damages dismissed from this suit, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    STATEMENT OF FACTS

This case arises from a motor vehicle accident that occurred on August 8, 2021, from which Plaintiff alleges injury. On March 30, 2023, Plaintiff filed a Complaint for Damages in the State Court of Fulton County.[1] (*See* Pl. Compl., generally). This Complaint contains one hundred twenty-six (126) numbered paragraphs. *See* Id. The Complaint also contains eight (8) "Counts" all of which incorporate each preceding paragraph. *See* Id.

Further, in filing suit and bringing his claims, Plaintiff names ABC Corp., John Doe, and XYZ Corp., as defendants in this case. *See* Id. Additionally, as

---

[1] Defendants' Notice of Removal and Brief In Support is being contemporaneously filed with this their Motion to Dismiss and Brief in Support.

further alleged in his Complaint, Plaintiff brings a claim for punitive damages. *See* Id. at ¶¶122-126. In asserting his claim, Plaintiff alleges that at the time of the subject incident, "Defendants were intentionally using an electronic cellular device to send and/or receive electronic messages, call(s), and data." Id. at ¶ 123.

Plaintiff has filed a "shotgun pleading" and included fictitious parties in same, actions that are expressly prohibited by the Federal Rules of Civil Procedure ("Federal Rules"). Additionally, Plaintiff's claim for punitive damages is not clearly pleaded, and, as a result, Plaintiff cannot recover for the claim, as plead. Therefore, Defendants respectfully request that this Honorable Court grant Defendants' Motion to Dismiss.

### III. ARGUMENT AND CITATION OF AUTHORITY

#### a. Plaintiff's Complaint Is Subject To Dismissal Because It Is A "Shotgun" Pleading That Fails To Meet The Pleading Standard Established By Federal Rule of Civil Procedure 8(a)

The Eleventh Circuit Court of Appeals defines a "shotgun pleading" as "a Complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, Federal Rule of Civil Procedure 10(b) states:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

There are generally four types of shotgun pleadings, two of which will be defined here: first, a shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Barmapov, 986 F.3d at 1324 – 1325(citations omitted). Second, a shotgun pleading is considered to be a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. (citations omitted).

Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of [the Federal Rules]" because they are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." Id.

Here, it is clear that Plaintiff's Complaint is a shotgun pleading, matching the two above-described definitions. First, Plaintiff's Complaint includes four

sections that contain a total of 36 numbered paragraphs, *prior to* the enumerated "counts" in his Complaint. (*See* Plaintiff's Complaint, ¶¶ 1-36). Plaintiff then enumerates a total of eight (8) counts, with the final count incorporating the preceding 115 paragraphs. *See* Id., ¶¶ 1-115. This adoption of previous paragraphs is directly prohibited by the Federal Rules and federal courts. *See* Barmapov, 986 F.3d at 1324 – 1325(citations omitted). Plaintiff's Complaint cannot withstand scrutiny under the Federal Rules and therefore must be dismissed.

Second, Plaintiff's Complaint is duplicative and confusing, often assigning the same allegations of negligence or liability across multiple paragraphs and alleging negligence and/or liability to multiple defendants without establishing that those defendants are, in fact, separate entities and/or defendants. For instance, Plaintiff alleges in Paragraph 23 of his Complaint that "[t]he acts of Defendant Fain were reckless, intentional, negligent, and negligent per se and proximately caused Plaintiff's injuries and damages, and as a result Defendant Schroeder is jointly and severally liable for Plaintiff's injuries and damages." (Pl. Compl.).

Plaintiff then makes the exact same allegation against Defendant ABC Corp. without establishing that that ABC Corp. is an entity separate from Schroeder or the other Defendants. (Pl. Compl. ¶ 24). Further, using the exact same language for each paragraph, Plaintiff also alleges that Defendants Schroeder and ABC Corp. are vicariously liable for the actions of Defendant Fain, in Paragraphs 26

and 27, respectively.

Then, in Paragraph 49, under "Count II: Negligence Per Se- Failure to Maintain Lane" Plaintiff alleges that "Defendant Schroeder and/or ABC Corp. are jointly and severally liable to Plaintiff, vicariously liable to Plaintiff, and/or subject to Plaintiff's direct action claim." (Pl. Compl. ¶ 49). Plaintiff repeats this pattern of alleging and realleging the same forms of negligence and liability for a total of one hundred twenty-six (126) paragraphs. (See Pl. Compl., generally). In drafting his Complaint in this manner, Plaintiff directly encroaches upon the boundaries set by the Federal Rules, and his Complaint should be dismissed for disregarding same.

### b. Plaintiff's Complaint Is Subject To Dismissal Because It Contains Allegations Against Fictitious Parties In Violation Of The Federal Rules of Civil Procedure

Plaintiff's Complaint should be dismissed for failure to specifically name all parties in his Complaint. The Federal Rules mandate that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10. Further, "[i]n federal court, 'fictious-party pleading is not permitted.'" Vielma v. Gruler, 347 F. Supp. 3d 1122, 1138 (M.D. Fla. 2018), aff'd, 808 F. App'x 872 (11th Cir. 2020)(citing Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010)).

In Vielma, Plaintiffs brought a § 1983 claim against the City of Orlando, individually named law enforcement officers, and fifteen (15) unnamed "john

doe" officers, alleging constitutional violations in connection with the officers' failure to neutralize an armed gunman who had entered a nightclub and gunned down several individuals. Id. The Middle District Court of Florida, whose decision was upheld by the Eleventh Circuit Appeals Court, dismissed the plaintiffs' claims, in part, for their failure to specifically name the "john doe" defendants. Id.

The court noted that a "fictitious name . . . when the real defendant cannot be readily identified for service, is insufficient to sustain a cause of action." Id. at 1139.  Ultimately, the court struck down the plaintiff's complaint, including the specific counts against the "john doe" defendants acknowledging that a fictitious-party pleading "wreaks havoc on a defendant's ability to respond." Id. at 1140.

Here, Plaintiff has failed to specifically name all defendants, having included not only a "john doe" defendant, but two unidentified corporate entities as defendants as well. (*See* Pl. Compl., generally). Plaintiff's Complaint is flooded with allegations against these unnamed, unidentified parties, in violation of the Federal Rules. (*See e.g.* Pl. Compl., generally, including ¶¶ 7, 8, 16, 18, 19, 21, 24, 27, 29, etc.)

Plaintiff's failure to specifically name all defendants in this action renders service of same impossible, "wreaks havoc on a defendant's ability to respond," Vielma, 347 F. Supp. 3d at 1140, and is not permitted by the Federal Rules. (*See* Fed. R. Civ. P. 10).   Accordingly, Plaintiff's Complaint should be dismissed.

### a. Plaintiff's Complaint Is Subject To Partial Dismissal Because Plaintiff's Claims for Punitive Damages Are Unsupported

Should this Honorable Court decide not to dismiss Plaintiff's Complaint in its entirety, Defendants respectfully request that the court dismiss part of Plaintiff's Complaint, specifically, the allegations regarding punitive damages, pursuant to Federal Rule of Civil Procedure 12(b)(6).

#### i. Plaintiff's punitive damages claims are unsubstantiated

Under Georgia law[2], punitive damages are available only when "the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). "Negligence, even gross negligence, is inadequate to support a punitive damage award . . ." instead there "must be circumstances of aggravation or outrage." Colonial Pipeline Co. v. Brown, 258 Ga. 115, 118-121 (1988).

Here, it is unclear what specific action or actions by Defendants, as alleged by Plaintiff, rises to the level of conduct as outlined in O.C.G.A. § 51-12-5.1(b). In his Complaint, Plaintiff alleges that "Defendants were intentionally using an electronic cellular device to send and/or receive electronic messages, call(s), and data." (Pl. Compl. at ¶ 123). Plaintiff has identified the Defendants to this action as two

---

[2] Although Defendants are removing this action to federal court, state substantive law still applies to Plaintiff's claims. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.")

individuals, one named and one unnamed, and a total of five corporate entities, three named, and two unnamed; given the number and nature (entity or individual) of the defendants in this case, it is impossible to discern Plaintiff's specific allegation regarding punitive damages. Plaintiff does not specify which defendant or defendants were using electronic cellular devices and in what manner, or even whether the use of those devices was in violation of any state law. Because Plaintiff's exact allegation cannot be ascertained, there is no claim for punitive damages for which Plaintiff can seek relief. Accordingly, Plaintiff's claims for same must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.  CONCLUSION

Plaintiff's Complaint should be summarily dismissed because it is a shotgun pleading, which is expressly prohibited by the Federal Rules and federal courts. Further, Plaintiff identifies fictitious parties as defendants in his Complaint, which is also prohibited by the Federal Rules and federal courts. Even if Plaintiff's Complaint is not summarily dismissed, Plaintiff's claim for punitive damages should be dismissed, as it vague and unclear and fails to clearly present a claim for which relief can be granted.  WHEREFORE, Defendants respectfully request that this Honorable Court GRANT their motion.

This 10th day of May, 2023.

               **Quintairos, Prieto, Wood & Boyer, P.A.**

               */s/ Sandro Stojanovic*
               SCOTT H. MOULTON
               Georgia Bar No. 974237

        SANDRO STOJANOVIC
        Georgia Bar No. 473114
        WHITNEY L. GIBBS
        Georgia Bar No. 455827
        *Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
whitney.gibbs@qpwblaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AKINI JEFFREY,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH FAIN; SCHROEDER MOVING SYSTEMS, INC.; VANLINER INSURANCE COMPANY; UNITED VAN LINES, LLC; ABC CORP.; JOHN DOE; and XYZ CORP.,<br><br>    Defendants | CIVIL ACTION FILE<br>NO. _____<br><br>REMOVED FROM STATE COURT OF FULTON COUNTY, GEORGIA, CAFN: 23EV001922<br><br>*Jury Trial Demanded* |

## CERTIFICATE OF COMPLIANCE

The foregoing ***DEFENDANTS' MOTION TO DISMSS PLAINTIFF'S COMPLAINT FOR DAMAGES AND BRIEF IN SUPPORT*** is double spaced in 14-point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

This 10th day of May, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

 */s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114

WHITNEY L. GIBBS
Georgia Bar No. 455827
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
whitney.gibbs@qpwblaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AKINI JEFFREY,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH FAIN;<br>SCHROEDER MOVING SYSTEMS,<br>INC.; VANLINER INSURANCE<br>COMPANY; UNITED VAN LINES,<br>LLC; ABC CORP.; JOHN DOE; and<br>XYZ CORP.,<br><br>    Defendants | CIVIL ACTION FILE<br>NO. _____<br><br><br>REMOVED FROM STATE COURT<br>OF FULTON COUNTY, GEORGIA,<br>CAFN: 23EV001922<br><br><br>*Jury Trial Demanded* |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANTS' MOTION TO DISMSS PLAINTIFF'S COMPLAINT FOR DAMAGES AND BRIEF IN SUPPORT** upon all parties to this matter by depositing same in the U.S. Mail and/or via e-file and serve as required by law:

David Byrd
Shanti Nagrani
Bader Scott Injury Lawyers
3384 Peachtree Road, NE
Atlanta, GA 30326
davidbyrd@baderscott.com
shantinagrani@baderscott.com
*Counsel for Plaintiff*

This 10th day of May, 2023.

                                    **Quintairos, Prieto, Wood & Boyer, P.A.**

                                    */s/ Sandro Stojanovic*
                                    SCOTT H. MOULTON
                                    Georgia Bar No. 974237
                                    SANDRO STOJANOVIC
                                    Georgia Bar No. 473114
                                    WHITNEY L. GIBBS
                                    Georgia Bar No. 455827
                                    *Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
whitney.gibbs@qpwblaw.com