# EXHIBIT  A

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000629**
SNK

APR 05, 2023 05:15 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

**DOREEN COUSINS-SYLVESTER,**

       **Plaintiff,**                     **CIVIL ACTION**

**v.**                               **FILE NO. _____**

**NUTRIBULLET, LLC and CAPITAL**
**BRANDS, LLC,**

       **Defendants.**

_____

## COMPLAINT

Plaintiff, Doreen Cousins-Sylvester, ("Plaintiff" or "Doreen"), through her undersigned counsel and pursuant to § 51-1-11 of the Official Code of Georgia, files this action against Defendants, Nutribullet, LLC ("Nutribullet") and Capital Brands, LLC ("Capital Brands"), and states:

## STATEMENT OF RENEWAL

A)      This Complaint is a renewal of an action, pursuant to O.C.G.A. § 9-2-61, against Defendants. The allegations are essentially the same as those contained in a Complaint filed in the State Court of Henry County and assigned Civil Action No. STSV2021001790, (See Exhibit "A" Complaint and Summons) This action was voluntarily dismissed, <u>without</u> prejudice. (See Exhibit "B" Voluntary Dismissal Without Prejudice) The dismissal of the prior action was entered on October 19, 2022, and all costs have been paid. This action is being renewed within six months of the date that it was voluntarily dismissed. Plaintiff effected service on all defendants in the prior action. (See Exhibit "C" Sheriff's Entries of Service) Plaintiff respectfully requests this Honorable Court take judicial notice of this prior civil action and the records contained therein.

B)       However, in the event this Honorable Court elects not to take judicial notice of the prior action and the record contained therein, Plaintiff, by the filing of this action, asserts the right to renew her suit within six months after the dismissal of her prior suit on the same causes of action.  Plaintiff shows affirmatively that the former petition was not a void suit, that it is such a valid suit as may be renewed under O.C.G.A. § 9-2-61, in that it is based upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the re-bringing of the petition, and service of process was effected by serving the complaint and executed summons on all defendants in the prior action.

## NATURE OF THE ACTION

1.       This is a products liability and negligence action arising out of serious, permanent, personal injuries sustained by Plaintiff in Locust, Georgia on August 2, 2020 while she was blending carrots in Nutribullet's Magic Bullet blender resulting in the unexpected, explosion of the blender and its contents, causing severe burns to her head, face, chest, and arms.

2.       Plaintiff brings this action for products liability, negligence, and personal injury for her injuries sustained, including but not limited to pain, suffering, permanent disfigurement and scarring, lost wages, and loss of enjoyment of life. This case is brought under the substantive product liability and negligence laws of the State of Georgia.

## JURISDICTION, VENUE, AND THE PARTIES

3.       Plaintiff is a resident of Georgia.

4.       Defendant Nutribullet is a foreign limited liability company with its principle place of business in Los Angeles, California. Defendant Nutribullet is subject to the jurisdiction of this

Court pursuant to Georgia's long-arm statute O.C.G.A. § 9-10-91 and O.C.G.A. § 14-2-510 because it transacts business within the state of Georgia; caused injury to persons or property within the state of Georgia arising out of an action or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the state of Georgia.

5.      Defendant Capital Brands is a foreign limited liability company with its principle place of business in Los Angeles, California. Defendant Capital Brands is subject to the jurisdiction of this Court pursuant to Georgia's long-arm statute O.C.G.A. § 9-10-91 and O.C.G.A. § 14-2-510 because it transacts business within the state of Georgia; caused injury to persons or property within the state of Georgia arising out of an action or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the state of Georgia.

6.      Venue is proper in Henry County, pursuant to § 9-10-93, because Plaintiff's injury occurred in Henry County.

7.      Defendant Nutribullet submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

  a.   Committing a tortious act within this state by selling and delivering defective blenders, including Nutribullets and MagicBullets, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such blenders were used by consumers in Georgia in the ordinary course of commerce and trade;

  b.   Conducting and engaging in substantial business and other activities in Georgia by selling NUTRIBULLET blenders to persons, firms, or

3

corporations in this state via its distributors, wholesalers, dealers, and brokers. Such NUTRIBULLET blenders were used by consumers in Georgia in the ordinary course of commerce and trade;

c.    The acts or omissions of Defendant NUTRIBULLET, caused injuries to persons, including Plaintiff. At or about the time of said injuries, the Defendant engaged in solicitation activities in Georgia to purposefully promote the sale, consumption, and use of Nutribullet blenders, including the Nutribullet MagicBullet which is the subject of this Complaint;

d.    Selling NUTRIBULLET blenders and component parts, including the Nutribullet MagicBullet which is the subject of this Complaint, with knowledge or reason to foresee that their NUTRIBULLET blenders would be shipped in interstate commerce and would reach the market of Georgia users or consumers;

e.    NUTRIBULLET is subject to the Georgia long-arm statute by doing business in Georgia and by committing torts where one or more elements of the tort or one or more of the tortious acts occurred in Georgia and by recruiting Georgia residents for employment;

f.    The claims against NUTRIBULLET are linked, related, and/or arise out of NUTRIBULLET's conduct;

g.    NUTRIBULLET has purposefully availed itself of Georgia;

h.    NUTRIBULLET's contacts with Georgia principally relate to the sale of blenders and all of the conduct associated with such blender sales and this civil action is related to and connected with the sale of its blenders;

i.    Due process and fair play and substantial justice are honored by this civil action going forward in this Georgia Court;

j.    There is little or no burden on NUTRIBULLET litigating this case in this Georgia Court;

k.    It would be a tremendous burden and great inefficiency and unnecessary delay imposed on Plaintiff to litigate this case in another forum;

l.    Georgia has an interest in overseeing this litigation which involves injuries to Georgia residents and tortious transactions which occurred in Georgia and defective products sold in Georgia;

m.    Public policy favors resolution of this dispute in this Georgia Court;

n.    NUTRIBULLET's conduct and connection with Georgia are such that NUTRIBULLET should reasonably anticipate being haled into court in Georgia.

8.    Defendant NUTRIBULLET cannot deny personal jurisdiction in this Court for the following:

a.    NUTRIBULLET placed the Subject Blender into the stream of commerce under circumstances such that NUTRIBULLET should reasonably anticipate being haled into court in Georgia;

b.    NUTRIBULLET has a regular plan for the distribution of its new and used products within Georgia with the goal of achieving a commercial benefit from the sale of those products in Georgia;

c.    NUTRIBULLET places its products into the stream of commerce by targeting Georgia—under circumstances that it could or should reasonably anticipate being haled into courts in Georgia—through reailers in cities and towns in Georgia.  NUTRIBULLET has directed sales of its blenders to Georgia and sold thousands of blenders through retailerr in Georgia.  In doing so, NUTRIBULLET developed a market in Georgia for its blenders.

d.    NUTRIBULLET has been a party in numerous cases where it has come into courts in Georgia to answer claims about the failure of NUTRIBULLET products in Georgia, including but not limited to claims involving defective systems within NUTRIBULLET blenders;

e.    NUTRIBULLET spends at least hundreds of thousands of dollars per year marketing its products in Georgia. In doing so, NUTRIBULLET developed a market in Georgia for its blenders;

f.    NUTRIBULLET has purposefully availed itself of the privilege and benefits of conducting activities within Georgia;

g.    NUTRIBULLET holds patents and trademarks which it demands must be honored in Georgia;

h.    NUTRIBULLET engages in national marketing of its products that pervades into Georgia;

      i.      NUTRIBULLET has an active website accessible in Georgia where NUTRIBULLET engages in the direct sale of Nutribulet products from this website;

      j.      NUTRIBULLET's active website also has numerous interactive features; and

      k.      Plaintiff's claims are connected with or relate to NUTRIBULLET's contacts with Georgia.

9. Therefore, The Court is authorized to exercise personal jurisdiction over NUTRIBULLET.

10. Defendant CAPITAL BRANDS submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

      o.      Committing a tortious act within this state by selling and delivering defective blenders, including Nutribullets and MagicBullets, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such blenders were used by consumers in Georgia in the ordinary course of commerce and trade;

      p.      Conducting and engaging in substantial business and other activities in Georgia by selling CAPITAL BRANDS blenders to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such CAPITAL BRANDS blenders were used by consumers in Georgia in the ordinary course of commerce and trade;

      q.      The acts or omissions of Defendant CAPITAL BRANDS, caused injuries to persons, including Plaintiff. At or about the time of said injuries, the Defendant engaged in solicitation activities in Georgia to purposefully promote the sale, consumption, and use of Nutribullet blenders, including the Nutribullet MagicBullet which is the subject of this Complaint;

      r.      Selling NUTRIBULLET blenders and component parts, including the Nutribullet MagicBullet which is the subject of this Complaint, with knowledge or reason to foresee that their NUTRIBULLET blenders would be shipped in interstate commerce and would reach the market of Georgia users or consumers;

s.     CAPITAL BRANDS is subject to the Georgia long-arm statute by doing business in Georgia and by committing torts where one or more elements of the tort or one or more of the tortious acts occurred in Georgia and by recruiting Georgia residents for employment;

t.     The claims against CAPITAL BRANDS are linked, related, and/or arise out of CAPITAL BRANDS's conduct;

u.     CAPITAL BRANDS has purposefully availed itself of Georgia;

v.     CAPITAL BRANDS's contacts with Georgia principally relate to the sale of blenders and all of the conduct associated with such blender sales and this civil action is related to and connected with the sale of its blenders;

w.     Due process and fair play and substantial justice are honored by this civil action going forward in this Georgia Court;

x.     There is little or no burden on CAPITAL BRANDS litigating this case in this Georgia Court;

y.     It would be a tremendous burden and great inefficiency and unnecessary delay imposed on Plaintiff to litigate this case in another forum;

z.     Georgia has an interest in overseeing this litigation which involves injuries to Georgia residents and tortious transactions which occurred in Georgia and defective products sold in Georgia;

aa.     Public policy favors resolution of this dispute in this Georgia Court;

bb.     CAPITAL BRANDS's conduct and connection with Georgia are such that CAPITAL BRANDS should reasonably anticipate being haled into court in Georgia.

11.    Defendant CAPITAL BRANDS cannot deny personal jurisdiction in this Court for the following:

a.     CAPITAL BRANDS placed the Subject Blender into the stream of commerce under circumstances such that CAPITAL BRANDS should reasonably anticipate being haled into court in Georgia;

b.     CAPITAL BRANDS has a regular plan for the distribution of its new and used products within Georgia with the goal of achieving a commercial benefit from the sale of those products in Georgia;

c.   CAPITAL BRANDS places its products into the stream of commerce by targeting Georgia—under circumstances that it could or should reasonably anticipate being haled into courts in Georgia—through retailers in cities and towns in Georgia. CAPITAL BRANDS has directed sales of its blenders to Georgia and sold thousands of blenders through retailers in Georgia. In doing so, CAPITAL BRANDS developed a market in Georgia for its blenders.

d.   CAPITAL BRANDS has been a party in numerous cases where it has come into courts in Georgia to answer claims about the failure of CAPITAL BRANDS products in Georgia, including but not limited to claims involving defective systems within CAPITAL BRANDS blenders;

e.   CAPITAL BRANDS spends at least hundreds of thousands of dollars per year marketing its products in Georgia. In doing so, CAPITAL BRANDS developed a market in Georgia for its blenders;

l.   CAPITAL BRANDS has purposefully availed itself of the privilege and benefits of conducting activities within Georgia;

m.   CAPITAL BRANDS holds patents and trademarks which it demands must be honored in Georgia;

n.   CAPITAL BRANDS engages in national marketing of its products that pervades into Georgia;

o.   Plaintiff's claims are connected with or relate to CAPITAL BRANDS's contacts with Georgia.

12.   Therefore, The Court is authorized to exercise personal jurisdiction over CAPITAL BRANDS.

13.   Upon information and belief, Defendant NUTRIBULLET is directly responsible for Plaintiff's injuries and damages caused by the defective blender which exploded with an inappropriately violent and excessive force, expelling hot liquids, and resulting in the injuries and damages sought herein.

14.     Upon information and belief, Defendant NUTRIBULLET is directly responsible for Plaintiff's injuries and damages caused by the defective blender which exploded with an inappropriately violent and excessive force, expelling hot liquids, and resulting in the injuries and damages sought herein.

## THE INCIDENT

15.     On August 2, 2020, Plaintiff was using Defendants' blender to juice carrots.  Some time after running the blender, Plaintiff unscrewed the blender's container, as intended, when suddenly and without warning, the blender and its contents exploded upward, burning Plaintiff's face, neck, chest, hands, and wrists in the process (the "Incident").

16.     At the time of the Incident, the blender at issue in this action was in the same essential condition as it was at the time the blender was purchased.

17.     At the time of the Incident, the blender at issue in this action was in the same essential condition as it was at the time the blender was manufactured and first sold.

18.     Plaintiff required hospitalization for treatment of her burn injuries.

## CONDITIONS PRECEDENT

19.     All conditions precedent to the bringing of this action and Plaintiff's rights to the relief sought herein have occurred, have been performed or have been excused.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Strict liability of Defendant NUTRIBULLET, LLC)**

20.     Plaintiff re-alleges and incorporates Paragraphs 1 through 19 of this Complaint as if fully stated herein.

21.     NUTRIBULLET at all times material hereto, was engaged in the business of designing, manufacturing, assembling, testing, marketing, promoting, advertising, distributing and

selling Nutribullet and/or MagicBullet brand blenders such as the Subject Blender to the public.

22.     NUTRIBULLET is strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiff. Defendant NUTRIBULLET was, at all times relevant to this action, the manufacturer of a product that was not merchantable and was unreasonably dangerous in its defective design, manufacture, and as marketed.

23.     NUTRIBULLET, as the maker of the Subject Blender placed such blender into the marketplace so as to be distributed and sold in a defective and unreasonably dangerous condition, is strictly liable for the physical harm caused by the blender, when the blender exploded causing scalding hot liquid to strike Plaintiff causing injuries in this foreseeable incident.

24.     In this instance, the Subject Blender reached Plaintiff without substantial change, and, just as when it was originally made and sold by NUTRIBULLET, such blender remained a life threatening hazard. Further, the Subject Blender was not substantially changed from the time it was manufactured until the date of this incident.

25.     NUTRIBULLET placed the Subject Blender on the market with knowledge that it would be used without inspection for defects and dangers. NUTRIBULLET knew, or should have known, that ultimate users would not and could not properly inspect this product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

26.     The inherently and unreasonably defective and dangerous condition of the Subject Blender is a condition that was not readily apparent to Plaintiff, or similarly situated users, operators, consumers and owners, who could foreseeably be seriously injured by said blenders should they be used in a foreseeable manner like occurred here.

27.     NUTRIBULLET, having actual knowledge, failed to provide notice of the

defective and unreasonably dangerous condition of the Subject Blender to Plaintiff.

28.     The Subject Blender was defective and  unreasonably dangerous to ultimate users, operators, consumers and owners, including Plaintiff, when designed, manufactured, assembled, distributed and sold by NUTRIBULLET. The defects in the Subject Blender include, but are not limited to:

a.  The Subject Blender failed to perform as safely as an ordinary consumer would expect when used in a foreseeable manner;

b.  The Subject Blender had an unreasonably dangerous propensity to explode, resulting in scalding hot liquids striking blender users, like Plaintiff;

c.  The Subject Blender was unreasonably dangerous because of its design in that the risk of danger in the design outweighed the benefits when used as intended, in that the Subject Blender to explode, resulting in scalding hot liquids striking blender users, like Plaintiff;

d.  The Subject Blender was unreasonably dangerous as manufactured as it did not conform to its intended design and perform as safely as the intended design would have performed, in that the Subject Blender Subject Blender exploded, resulting in scalding hot liquids striking blender users, like Plaint; and

e.  The Subject Blender was unreasonably dangerous and defective due to NUTRIBULLET's failure to provide adequate warnings of the risks addressed herein that were known or knowable to NUTRIBULLET in light of the generally recognized and prevailing best scientific and/or medical knowledge  available at the time of manufacture and distribution, including the use of appropriate warning stickers, placards, or documentation to alert users regarding the hazardous conditions described herein.

29.     At the time of the accident, the Subject Blender was substantially unchanged from its condition, as set forth above, when sold and distributed by NUTRIBULLET.

30.     For the reasons set forth above, and as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, the Subject Blender was unreasonably dangerous to foreseeable users, including Plaintiff, who was the user of the Subject Blender in an ordinary and foreseeable manner. At the time NUTRIBULLET released the Subject

Blender into the stream of commerce, non-defective designs were economically and technologically feasible and the use of same on the Subject Blender would have been a safer alternative design which would have significantly reduced the risk of Plaintiff's injuries without substantially impairing the utility of the Subject Blender.

31.    The defects described above directly and proximately caused the injuries sustained by Plaintiff in this foreseeable incident, in that they directly and in natural and continuous sequence produced or contributed substantially to Plaintiff's injuries.

32.    Defendant NUTRIBULLET acted with reckless disregard for the safety and well-being of the citizens of the State of Georgia, including Plaintiff. Defendant NUTRIBULLET's misconduct was wanton, as defined under O.C.G.A. § 15-12-5.1, and showed an entire want of care which would raise the presumption of conscious indifference to consequences, in that it designed, manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject Blender with knowledge of the risks to life and limb described herein. Such conduct warrants the imposition of punitive damages against NUTRIBULLET without limitation or cap.

33.    Plaintiff demands judgment against Defendant NUTRIBULLET for punitive damages and for any such further relief the Court deems appropriate.

34.    Plaintiff seeks damages from Defendant NUTRIBULLET for past, present, and future medical bills, and other necessary expenses resulting from his incident-related injuries in amounts shown by the evidence at trial.

35.    Plaintiff seeks damages from Defendant NUTRIBULLET for all past, present, and future pain and suffering resulting from her incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and

emotional pain and suffering resulting from his incident-related injuries.

36.     Plaintiff seeks recovery from Defendant NUTRIBULLET for the loss of full enjoyment of life and disfigurement she has suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscious of the jury.

37.     Plaintiff seeks recovery from Defendant NUTRIBULLET for the loss of wages she has suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscious of the jury.

38.     Plaintiff seeks to recover punitive damages from Defendant NUTRIBULLET as described more fully above in an amount that will effectuate the societal function of punishing and deterring misconduct, but which comports with the Constitutions of the United States and the State of Georgia.

**WHEREFORE**, Plaintiff, Doreen Cousins-Sylvester, demands judgment against Defendant, NUTRIBULLET, LLC for all injuries and damages she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

<u>**SECOND CLAIM FOR RELIEF**</u>
**(Negligence of Defendant NUTRIBULLET, LLC)**

39.     Plaintiff adopts and re-alleges paragraphs 1 through 19, as if set forth fully herein.

40.     Defendant NUTRIBULLET designed, manufactured, distributed, supplied, and sold the Subject Blender and otherwise placed the Subject Blender used by Plaintiff into the stream of commerce.

41.     Defendant NUTRIBULLET owed a duty to properly design, manufacture, distribute, supply, and sell the Subject Blende in a safe condition and without defect.

42.     Defendant NUTRIBULLET owed a duty to adequately test, inspect, and assure the quality of the Subject Blender before placing it into the stream of commerce.

43.     Defendant NUTRIBULLET owed a duty to provide adequate warnings, instructions, and information with the Subject Blender.

44.     Defendant NUTRIBULLET breached the above duties.

45.     Defendant NUTRIBULLET acted with reckless disregard for the safety and well-being of the citizens of the State of Georgia, including Plaintiff. Defendant NUTRIBULLET's misconduct was wanton, as defined under O.C.G.A. § 15-12-5.1, and showed an entire want of care which would raise the presumption of conscious indifference to consequences, in that it designed, manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject Blender with knowledge of the risks to life and limb described herein. Such conduct warrants the imposition of punitive damages against NUTRIBULLET without limitation or cap.

46.     Defendant NUTRIBULLET's breach of the above duties actually and proximately caused injury and damage to Plaintiff.

47.     Plaintiff demands judgment against Defendant NUTRIBULLET for punitive damages and for any such further relief the Court deems appropriate.

48.     Plaintiff seeks damages from Defendant NUTRIBULLET for past, present, and future medical bills, and other necessary expenses resulting from her incident-related injuries in amounts shown by the evidence at trial.

49.     Plaintiff seeks damages from Defendant NUTRIBULLET for all past, present, and

future pain and suffering resulting from his incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and emotional pain and suffering resulting from his incident-related injuries.

50.     Plaintiff seeks damages from Defendant NUTRIBULLET for all past, present, and future lost wages resulting from his incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and emotional pain and suffering resulting from his incident-related injuries.

51.     Plaintiff seeks recovery from Defendant NUTRIBULLET for the loss of full enjoyment of life and disfigurement he has suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscious of the jury.

52.     Plaintiff seeks to recover punitive damages from Defendant NUTRIBULLET as described more fully above in an amount that will effectuate the societal function of punishing and deterring misconduct, but which comports with the Constitutions of the United States and the State of Georgia.

**WHEREFORE**, Plaintiff, Doreen Cousins-Sylvester demands judgment against Defendant, NUTRIBULLET US LLC, for all injuries and damages she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## THIRD CLAIM FOR RELIEF
**(Strict liability of Defendant CAPITAL BRANDS, LLC)**

15

53.     Plaintiff re-alleges and incorporates Paragraphs 1 through 19 of this Complaint as if fully stated herein.

54.     CAPITAL BRANDS at all times material hereto, was engaged in the business of designing, manufacturing, assembling, testing, marketing, promoting, advertising, distributing and selling Nutribullet and/or MagicBullet brand blenders such as the Subject Blender to the public.

55.     CAPITAL BRANDS is strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiff. Defendant CAPITAL BRANDS was, at all times relevant to this action, the manufacturer of a product that was not merchantable and was unreasonably dangerous in its defective design, manufacture, and as marketed.

56.     CAPITAL BRANDS, as the maker of the Subject Blender placed such blender into the marketplace so as to be distributed and sold in a defective and unreasonably dangerous condition, is strictly liable for the physical harm caused by the blender, when the blender exploded causing scalding hot liquid to strike Plaintiff causing injuries in this foreseeable incident.

57.     In this instance, the Subject Blender reached Plaintiff without substantial change, and, just as when it was originally made and sold by CAPITAL BRANDS, such blender remained a life threatening hazard. Further, the Subject Blender was not substantially changed from the time it was manufactured until the date of this incident.

58.     CAPITAL BRANDS placed the Subject Blender on the market with knowledge that it would be used without inspection for defects and dangers. CAPITAL BRANDS knew, or should have known, that ultimate users would not and could not properly inspect this product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

59.     The inherently and unreasonably defective and dangerous condition of the Subject

Blender is a condition that was not readily apparent to Plaintiff, or similarly situated users, operators, consumers and owners, who could foreseeably be seriously injured by said blenders should they be used in a foreseeable manner like occurred here.

60.     CAPITAL BRANDS, having actual knowledge, failed to provide notice of the defective and unreasonably dangerous condition of the Subject Blender to Plaintiff.

61.     The Subject Blender was defective and unreasonably dangerous to ultimate users, operators, consumers and owners, including Plaintiff, when designed, manufactured, assembled, distributed and sold by CAPITAL BRANDS. The defects in the Subject Blender include, but are not limited to:

    f.   The Subject Blender failed to perform as safely as an ordinary consumer would expect when used in a foreseeable manner;

    g.   The Subject Blender had an unreasonably dangerous propensity to explode, resulting in scalding hot liquids striking blender users, like Plaintiff;

    h.   The Subject Blender was unreasonably dangerous because of its design in that the risk of danger in the design outweighed the benefits when used as intended, in that the Subject Blender to explode, resulting in scalding hot liquids striking blender users, like Plaintiff;

    i.   The Subject Blender was unreasonably dangerous as manufactured as it did not conform to its intended design and perform as safely as the intended design would have performed, in that the Subject Blender Subject Blender exploded, resulting in scalding hot liquids striking blender users, like Plaint; and

    j.   The Subject Blender was unreasonably dangerous and defective due to CAPITAL BRANDS's failure to provide adequate warnings of the risks addressed herein that were known or knowable to CAPITAL BRANDS in light of the generally recognized and prevailing best scientific and/or medical knowledge available at the time of manufacture and distribution, including the use of appropriate warning stickers, placards, or documentation to alert users regarding the hazardous conditions described herein.

62.     At the time of the accident, the Subject Blender was substantially unchanged from its condition, as set forth above, when sold and distributed by CAPITAL BRANDS.

63.     For the reasons set forth above, and as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, the Subject Blender was unreasonably dangerous to foreseeable users, including Plaintiff, who was the user of the Subject Blender in an ordinary and foreseeable manner. At the time CAPITAL BRANDS released the Subject Blender into the stream of commerce, non-defective designs were economically and technologically feasible and the use of same on the Subject Blender would have been a safer alternative design which would have significantly reduced the risk of Plaintiff's injuries without substantially impairing the utility of the Subject Blender.

64.     The defects described above directly and proximately caused the injuries sustained by Plaintiff in this foreseeable incident, in that they directly and in natural and continuous sequence produced or contributed substantially to Plaintiff's injuries.

65.     Defendant CAPITAL BRANDS acted with reckless disregard for the safety and well-being of the citizens of the State of Georgia, including Plaintiff. Defendant CAPITAL BRANDS's misconduct was wanton, as defined under O.C.G.A. § 15-12-5.1, and showed an entire want of care which would raise the presumption of conscious indifference to consequences, in that it designed, manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject Blender with knowledge of the risks to life and limb described herein. Such conduct warrants the imposition of punitive damages against CAPITAL BRANDS without limitation or cap.

66.     Plaintiff demands judgment against Defendant CAPITAL BRANDS for punitive damages and for any such further relief the Court deems appropriate.

67.     Plaintiff seeks damages from Defendant CAPITAL BRANDS for past, present, and future medical bills, and other necessary expenses resulting from his incident-related injuries in

18

amounts shown by the evidence at trial.

68.     Plaintiff seeks damages from Defendant CAPITAL BRANDS for all past, present, and future pain and suffering resulting from her incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and emotional pain and suffering resulting from his incident-related injuries.

69.     Plaintiff seeks damages from Defendant CAPITAL BRANDS for all past, present, and future lost wages resulting from her incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and emotional pain and suffering resulting from his incident-related injuries.

70.     Plaintiff seeks recovery from Defendant CAPITAL BRANDS for the loss of full enjoyment of life and disfigurement she has suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscious of the jury.

71.     Plaintiff seeks recovery from Defendant CAPITAL BRANDS for the loss of wages she has suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscious of the jury.

72.     Plaintiff seeks to recover punitive damages from Defendant CAPITAL BRANDS as described more fully above in an amount that will effectuate the societal function of punishing and deterring misconduct, but which comports with the Constitutions of the United States and the State of Georgia.

**WHEREFORE**, Plaintiff, Doreen Cousins-Sylvester, demands judgment against Defendant, CAPITAL BRANDS, LLC for all injuries and damages she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual

19

damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

### FOURTH CLAIM FOR RELIEF
### (Negligence as to Defendant CAPITAL BRANDS, LLC)

73.     Plaintiff adopts and re-alleges paragraphs 1 through 19, as if set forth fully herein.

74.     Defendant CAPITAL BRANDS designed, manufactured, distributed, supplied, and sold the Subject Blender and otherwise placed the Subject Blender used by Plaintiff into the stream of commerce.

75.     Defendant CAPITAL BRANDS owed a duty to properly design, manufacture, distribute, supply, and sell the Subject Blende in a safe condition and without defect.

76.     Defendant CAPITAL BRANDS owed a duty to adequately test, inspect, and assure the quality of the Subject Blender before placing it into the stream of commerce.

77.     Defendant CAPITAL BRANDS owed a duty to provide adequate warnings, instructions, and information with the Subject Blender.

78.     Defendant CAPITAL BRANDS breached the above duties.

79.     Defendant CAPITAL BRANDS acted with reckless disregard for the safety and well-being of the citizens of the State of Georgia, including Plaintiff. Defendant CAPITAL BRANDS's misconduct was wanton, as defined under O.C.G.A. § 15-12-5.1, and showed an entire want of care which would raise the presumption of conscious indifference to consequences, in that it designed, manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject Blender with knowledge of the risks to life and limb described herein. Such conduct warrants the imposition of punitive damages against CAPITAL BRANDS without limitation or cap.

80.     Defendant CAPITAL BRANDS's breach of the above duties actually and proximately caused injury and damage to Plaintiff.

81.     Plaintiff demands judgment against Defendant CAPITAL BRANDS for punitive damages and for any such further relief the Court deems appropriate.

82.     Plaintiff seeks damages from Defendant CAPITAL BRANDS for past, present, and future medical bills, and other necessary expenses resulting from her incident-related injuries in amounts shown by the evidence at trial.

83.     Plaintiff seeks damages from Defendant CAPITAL BRANDS for all past, present, and future pain and suffering resulting from his incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and emotional pain and suffering resulting from his incident-related injuries.

84.     Plaintiff seeks damages from Defendant CAPITAL BRANDS for all past, present, and future lost wages resulting from his incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and emotional pain and suffering resulting from his incident-related injuries.

85.     Plaintiff seeks recovery from Defendant CAPITAL BRANDS for the loss of full enjoyment of life and disfigurement he has suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscious of the jury.

86.     Plaintiff seeks to recover punitive damages from Defendant CAPITAL BRANDS as described more fully above in an amount that will effectuate the societal function of punishing and deterring misconduct, but which comports with the Constitutions of the United States and the State of Georgia.

**WHEREFORE**, Plaintiff, Doreen Cousins-Sylvester, demands judgment against Defendant, CAPITAL BRANDS, LLC for all injuries and damages she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

a. That the Court issue service of process to Defendants NUTRIBULLET, LLC and CAPITAL BRANDS, LLC as authorized by law;

b. The Defendants be served with a copy of Plaintiff's Complaint for Damages and show cause why the prayers for relief requested by Plaintiff herein should not be granted;

c. That Plaintiff be granted a trial by jury in this matter;

d. That Plaintiff recovers from Defendants for all damages, economic and non-economic, tangible and intangible, general and special, as allowed by Georgia law and set forth above;

e. That all costs be taxed against Defendants;

f. That the Court awards such other and further relief, as it shall deem just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 5, 2023

Respectfully submitted,

**/s/ _Mark Patterson, Esq._**
Mark Patterson, Esq.
(*pro hac vice forthcoming*)
(by Jon R. Hawk with express permission)
Florida Bar No.: 1035346
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 244-3209
Primary email: MPatterson@forthepeople.com

**_/s/ Jon R. Hawk_**
Jon R. Hawk
Attorney for Plaintiff
Ga. Bar No. 338645
Jon Hawk Law Firm, LLC
3727 Vineville Avenue
Macon, Georgia 31204
Phone: 478-239-6615
Fax:  478-845-4335
E-mail:  Jon@hawklawfirm.law

**Attorneys for Plaintiff**

Exhibit A

⏚ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021001790**
**DBB**

**OCT 29, 2021 04:05 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

**DOREEN COUSINS-SYLVESTER,**

            **Plaintiff,**          **CIVIL ACTION**

**v.**                      **FILE NO. _____**

**NUTRIBULLET, LLC and CAPITAL BRANDS, LLC,**

            **Defendants.**

_____ **/**

## COMPLAINT

Plaintiff, Doreen Cousins-Sylvester, ("Plaintiff" or "Doreen"), through her undersigned counsel and pursuant to § 51-1-11 of the Official Code of Georgia, files this action against Defendants, Nutribullet, LLC ("Nutribullet") and Capital Brands, LLC ("Capital Brands"), and states:

## NATURE OF THE ACTION

1.      This is a products liability and negligence action arising out of serious, permanent, personal injuries sustained by Plaintiff in Locust, Georgia on August 2, 2020 while she was blending carrots in Nutribullet's Magic Bullet blender resulting in the unexpected, explosion of the blender and its contents, causing severe burns to her head, face, chest, and arms.

2.      Plaintiff brings this action for products liability, negligence, and personal injury for her injuries sustained, including but not limited to pain, suffering, permanent disfigurement and scarring, lost wages, and loss of enjoyment of life. This case is brought under the substantive product liability and negligence laws of the State of Georgia.

## JURISDICTION, VENUE, AND THE PARTIES

3.      Plaintiff is a resident of Georgia.

4.      Defendant Nutribullet is a foreign limited liability company with its principle place of business in Los Angeles, California. Defendant Nutribullet is subject to the jurisdiction of this Court pursuant to Georgia's long-arm statute O.C.G.A. § 9-10-91 and O.C.G.A. § 14-2-510 because it transacts business within the state of Georgia; caused injury to persons or property within the state of Georgia arising out of an action or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the state of Georgia.

5.      Defendant Capital Brands is a foreign limited liability company with its principle place of business in Los Angeles, California. Defendant Capital Brands is subject to the jurisdiction of this Court pursuant to Georgia's long-arm statute O.C.G.A. § 9-10-91 and O.C.G.A. § 14-2-510 because it transacts business within the state of Georgia; caused injury to persons or property within the state of Georgia arising out of an action or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the state of Georgia.

6.      Venue is proper in Henry County, pursuant to § 9-10-93, because Plaintiff's injury occurred in Henry County.

7.      Defendant Nutribullet submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

> a.      Committing a tortious act within this state by selling and delivering defective blenders, including Nutribullets and MagicBullets, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such blenders were used by

consumers in Georgia in the ordinary course of commerce and trade;

b.     Conducting and engaging in substantial business and other activities in Georgia by selling NUTRIBULLET blenders to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such NUTRIBULLET blenders were used by consumers in Georgia in the ordinary course of commerce and trade;

c.     The acts or omissions of Defendant NUTRIBULLET, caused injuries to persons, including Plaintiff. At or about the time of said injuries, the Defendant engaged in solicitation activities in Georgia to purposefully promote the sale, consumption, and use of Nutribullet blenders, including the Nutribullet MagicBullet which is the subject of this Complaint;

d.     Selling NUTRIBULLET blenders and component parts, including the Nutribullet MagicBullet which is the subject of this Complaint, with knowledge or reason to foresee that their NUTRIBULLET blenders would be shipped in interstate commerce and would reach the market of Georgia users or consumers;

e.     NUTRIBULLET is subject to the Georgia long-arm statute by doing business in Georgia and by committing torts where one or more elements of the tort or one or more of the tortious acts occurred in Georgia and by recruiting Georgia residents for employment;

f.     The claims against NUTRIBULLET are linked, related, and/or arise out of NUTRIBULLET's conduct;

g.     NUTRIBULLET has purposefully availed itself of Georgia;

h.     NUTRIBULLET's contacts with Georgia principally relate to the sale of blenders and all of the conduct associated with such blender sales and this civil action is related to and connected with the sale of its blenders;

i.     Due process and fair play and substantial justice are honored by this civil action going forward in this Georgia Court;

j.     There is little or no burden on NUTRIBULLET litigating this case in this Georgia Court;

k.     It would be a tremendous burden and great inefficiency and unnecessary delay imposed on Plaintiff to litigate this case in another forum;

l.   Georgia has an interest in overseeing this litigation which involves injuries to Georgia residents and tortious transactions which occurred in Georgia and defective products sold in Georgia;

m.   Public policy favors resolution of this dispute in this Georgia Court;

n.   NUTRIBULLET's conduct and connection with Georgia are such that NUTRIBULLET should reasonably anticipate being haled into court in Georgia.

8.   Defendant NUTRIBULLET cannot deny personal jurisdiction in this Court for the following:

a.   NUTRIBULLET placed the Subject Blender into the stream of commerce under circumstances such that NUTRIBULLET should reasonably anticipate being haled into court in Georgia;

b.   NUTRIBULLET has a regular plan for the distribution of its new and used products within Georgia with the goal of achieving a commercial benefit from the sale of those products in Georgia;

c.   NUTRIBULLET places its products into the stream of commerce by targeting Georgia—under circumstances that it could or should reasonably anticipate being haled into courts in Georgia—through reailers in cities and towns in Georgia.  NUTRIBULLET has directed sales of its blenders to Georgia and sold thousands of blenders through retailerr in Georgia.  In doing so, NUTRIBULLET developed a market in Georgia for its blenders.

d.   NUTRIBULLET has been a party in numerous cases where it has come into courts in Georgia to answer claims about the failure of NUTRIBULLET products in Georgia, including but not limited to claims involving defective systems within NUTRIBULLET blenders;

e.   NUTRIBULLET spends at least hundreds of thousands of dollars per year marketing its products in Georgia. In doing so, NUTRIBULLET developed a market in Georgia for its blenders;

f.   NUTRIBULLET has purposefully availed itself of the privilege and benefits of conducting activities within Georgia;

g.   NUTRIBULLET holds patents and trademarks which it demands must be honored in Georgia;

h.      NUTRIBULLET engages in national marketing of its products that pervades into Georgia;

i.      NUTRIBULLET has an active website accessible in Georgia where NUTRIBULLET engages in the direct sale of Nutribulet products from this website;

j.      NUTRIBULLET's active website also has numerous interactive features; and

k.      Plaintiff's claims are connected with or relate to NUTRIBULLET's contacts with Georgia.

9.     Therefore, The Court is authorized to exercise personal jurisdiction over NUTRIBULLET.

10.    Defendant CAPITAL BRANDS submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

o.      Committing a tortious act within this state by selling and delivering defective blenders, including Nutribullets and MagicBullets, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such blenders were used by consumers in Georgia in the ordinary course of commerce and trade;

p.      Conducting and engaging in substantial business and other activities in Georgia by selling CAPITAL BRANDS blenders to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such CAPITAL BRANDS blenders were used by consumers in Georgia in the ordinary course of commerce and trade;

q.      The acts or omissions of Defendant CAPITAL BRANDS, caused injuries to persons, including Plaintiff. At or about the time of said injuries, the Defendant engaged in solicitation activities in Georgia to purposefully promote the sale, consumption, and use of Nutribullet blenders, including the Nutribullet MagicBullet which is the subject of this Complaint;

r.      Selling NUTRIBULLET blenders and component parts, including the Nutribullet MagicBullet which is the subject of this Complaint, with knowledge or reason to foresee that their NUTRIBULLET

blenders would be shipped in interstate commerce and would reach the market of Georgia users or consumers;

s.   CAPITAL BRANDS is subject to the Georgia long-arm statute by doing business in Georgia and by committing torts where one or more elements of the tort or one or more of the tortious acts occurred in Georgia and by recruiting Georgia residents for employment;

t.   The claims against CAPITAL BRANDS are linked, related, and/or arise out of CAPITAL BRANDS's conduct;

u.   CAPITAL BRANDS has purposefully availed itself of Georgia;

v.   CAPITAL BRANDS's contacts with Georgia principally relate to the sale of blenders and all of the conduct associated with such blender sales and this civil action is related to and connected with the sale of its blenders;

w.   Due process and fair play and substantial justice are honored by this civil action going forward in this Georgia Court;

x.   There is little or no burden on CAPITAL BRANDS litigating this case in this Georgia Court;

y.   It would be a tremendous burden and great inefficiency and unnecessary delay imposed on Plaintiff to litigate this case in another forum;

z.   Georgia has an interest in overseeing this litigation which involves injuries to Georgia residents and tortious transactions which occurred in Georgia and defective products sold in Georgia;

aa.   Public policy favors resolution of this dispute in this Georgia Court;

bb.   CAPITAL BRANDS's conduct and connection with Georgia are such that CAPITAL BRANDS should reasonably anticipate being haled into court in Georgia.

11.   Defendant CAPITAL BRANDS cannot deny personal jurisdiction in this Court for the following:

a.   CAPITAL BRANDS placed the Subject Blender into the stream of commerce under circumstances such that CAPITAL BRANDS should reasonably anticipate being haled into court in Georgia;

b.      CAPITAL BRANDS has a regular plan for the distribution of its new and used products within Georgia with the goal of achieving a commercial benefit from the sale of those products in Georgia;

c.      CAPITAL BRANDS places its products into the stream of commerce by targeting Georgia—under circumstances that it could or should reasonably anticipate being haled into courts in Georgia—through retailers in cities and towns in Georgia.   CAPITAL BRANDS has directed sales of its blenders to Georgia and sold thousands of blenders through retailers in Georgia.   In doing so, CAPITAL BRANDS developed a market in Georgia for its blenders.

d.      CAPITAL BRANDS has been a party in numerous cases where it has come into courts in Georgia to answer claims about the failure of CAPITAL BRANDS products in Georgia, including but not limited to claims involving defective systems within CAPITAL BRANDS blenders;

e.      CAPITAL BRANDS spends at least hundreds of thousands of dollars per year marketing its products in Georgia. In doing so, CAPITAL BRANDS developed a market in Georgia for its blenders;

l.      CAPITAL BRANDS has purposefully availed itself of the privilege and benefits of conducting activities within Georgia;

m.      CAPITAL BRANDS holds patents and trademarks which it demands must be honored in Georgia;

n.      CAPITAL BRANDS engages in national marketing of its products that pervades into Georgia;

o.      Plaintiff's claims are connected with or relate to CAPITAL BRANDS's contacts with Georgia.

12.      Therefore, The Court is authorized to exercise personal jurisdiction over CAPITAL BRANDS.

13.      Upon information and belief, Defendant NUTRIBULLET is directly responsible for Plaintiff's injuries and damages caused by the defective blender which exploded with an

inappropriately violent and excessive force, expelling hot liquids, and resulting in the injuries and damages sought herein.

14.     Upon information and belief, Defendant NUTRIBULLET is directly responsible for Plaintiff's injuries and damages caused by the defective blender which exploded with an inappropriately violent and excessive force, expelling hot liquids, and resulting in the injuries and damages sought herein.

## THE INCIDENT

15.     On August 2, 2020, Plaintiff was using Defendants' blender to juice carrots.  Some time after running the blender, Plaintiff unscrewed the blender's container, as intended, when suddenly and without warning, the blender and its contents exploded upward, burning Plaintiff's face, neck, chest, hands, and wrists in the process (the "Incident").

16.     At the time of the Incident, the blender at issue in this action was in the same essential condition as it was at the time the blender was purchased.

17.     At the time of the Incident, the blender at issue in this action was in the same essential condition as it was at the time the blender was manufactured and first sold.

18.     Plaintiff required hospitalization for treatment of her burn injuries.

## CONDITIONS PRECEDENT

19.     All conditions precedent to the bringing of this action and Plaintiff's rights to the relief sought herein have occurred, have been performed or have been excused.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Strict liability of Defendant NUTRIBULLET, LLC)**

20.     Plaintiff re-alleges and incorporates Paragraphs 1 through 19 of this Complaint as if fully stated herein.

21.     NUTRIBULLET at all times material hereto, was engaged in the business of designing, manufacturing, assembling, testing, marketing, promoting, advertising, distributing and selling Nutribullet and/or MagicBullet brand blenders such as the Subject Blender to the public.

22.     NUTRIBULLET is strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiff. Defendant NUTRIBULLET was, at all times relevant to this action, the manufacturer of a product that was not merchantable and was unreasonably dangerous in its defective design, manufacture, and as marketed.

23.     NUTRIBULLET, as the maker of the Subject Blender placed such blender into the marketplace so as to be distributed and sold in a defective and unreasonably dangerous condition, is strictly liable for the physical harm caused by the blender, when the blender exploded causing scalding hot liquid to strike Plaintiff causing injuries in this foreseeable incident.

24.     In this instance, the Subject Blender reached Plaintiff without substantial change, and, just as when it was originally made and sold by NUTRIBULLET, such blender remained a life threatening hazard. Further, the Subject Blender was not substantially changed from the time it was manufactured until the date of this incident.

25.     NUTRIBULLET placed the Subject Blender on the market with knowledge that it would be used without inspection for defects and dangers. NUTRIBULLET knew, or should have known, that ultimate users would not and could not properly inspect this product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

26.     The inherently and unreasonably defective and dangerous condition of the Subject Blender is a condition that was not readily apparent to Plaintiff, or similarly situated users, operators, consumers and owners, who could foreseeably be seriously injured by said blenders

should they be used in a foreseeable manner like occurred here.

27.    NUTRIBULLET, having actual knowledge, failed to provide notice of the defective and unreasonably dangerous condition of the Subject Blender to Plaintiff.

28.    The Subject Blender was defective and unreasonably dangerous to ultimate users, operators, consumers and owners, including Plaintiff, when designed, manufactured, assembled, distributed and sold by NUTRIBULLET. The defects in the Subject Blender include, but are not limited to:

    a.    The Subject Blender failed to perform as safely as an ordinary consumer would expect when used in a foreseeable manner;

    b.    The Subject Blender had an unreasonably dangerous propensity to explode, resulting in scalding hot liquids striking blender users, like Plaintiff;

    c.    The Subject Blender was unreasonably dangerous because of its design in that the risk of danger in the design outweighed the benefits when used as intended, in that the Subject Blender to explode, resulting in scalding hot liquids striking blender users, like Plaintiff;

    d.    The Subject Blender was unreasonably dangerous as manufactured as it did not conform to its intended design and perform as safely as the intended design would have performed, in that the Subject Blender Subject Blender exploded, resulting in scalding hot liquids striking blender users, like Plaint; and

    e.    The Subject Blender was unreasonably dangerous and defective due to NUTRIBULLET's failure to provide adequate warnings of the risks addressed herein that were known or knowable to NUTRIBULLET in light of the generally recognized and prevailing best scientific and/or medical knowledge available at the time of manufacture and distribution, including the use of appropriate warning stickers, placards, or documentation to alert users regarding the hazardous conditions described herein.

29.    At the time of the accident, the Subject Blender was substantially unchanged from its condition, as set forth above, when sold and distributed by NUTRIBULLET.

30.    For the reasons set forth above, and as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, the Subject Blender was

unreasonably dangerous to foreseeable users, including Plaintiff, who was the user of the Subject Blender in an ordinary and foreseeable manner. At the time NUTRIBULLET released the Subject Blender into the stream of commerce, non-defective designs were economically and technologically feasible and the use of same on the Subject Blender would have been a safer alternative design which would have significantly reduced the risk of Plaintiff's injuries without substantially impairing the utility of the Subject Blender.

31.     The defects described above directly and proximately caused the injuries sustained by Plaintiff in this foreseeable incident, in that they directly and in natural and continuous sequence produced or contributed substantially to Plaintiff's injuries.

32.     Defendant NUTRIBULLET acted with reckless disregard for the safety and well-being of the citizens of the State of Georgia, including Plaintiff. Defendant NUTRIBULLET's misconduct was wanton, as defined under O.C.G.A. § 15-12-5.1, and showed an entire want of care which would raise the presumption of conscious indifference to consequences, in that it designed, manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject Blender with knowledge of the risks to life and limb described herein. Such conduct warrants the imposition of punitive damages against NUTRIBULLET without limitation or cap.

33.     Plaintiff demands judgment against Defendant NUTRIBULLET for punitive damages and for any such further relief the Court deems appropriate.

34.     Plaintiff seeks damages from Defendant NUTRIBULLET for past, present, and future medical bills, and other necessary expenses resulting from his incident-related injuries in amounts shown by the evidence at trial.

35.     Plaintiff seeks damages from Defendant NUTRIBULLET for all past, present, and

future pain and suffering resulting from her incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and emotional pain and suffering resulting from his incident-related injuries.

36.     Plaintiff seeks recovery from Defendant NUTRIBULLET for the loss of full enjoyment of life and disfigurement she has suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscious of the jury.

37.     Plaintiff seeks recovery from Defendant NUTRIBULLET for the loss of wages she has suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscious of the jury.

38.     Plaintiff seeks to recover punitive damages from Defendant NUTRIBULLET as described more fully above in an amount that will effectuate the societal function of punishing and deterring misconduct, but which comports with the Constitutions of the United States and the State of Georgia.

**WHEREFORE**, Plaintiff, Doreen Cousins-Sylvester, demands judgment against Defendant, NUTRIBULLET, LLC for all injuries and damages she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

**<u>SECOND CLAIM FOR RELIEF</u>**
**(Negligence of Defendant NUTRIBULLET, LLC)**

39.     Plaintiff adopts and re-alleges paragraphs 1 through 19, as if set forth fully herein.

40.     Defendant NUTRIBULLET designed, manufactured, distributed, supplied, and

sold the Subject Blender and otherwise placed the Subject Blender used by Plaintiff into the stream of commerce.

41.     Defendant NUTRIBULLET owed a duty to properly design, manufacture, distribute, supply, and sell the Subject Blende in a safe condition and without defect.

42.     Defendant NUTRIBULLET owed a duty to adequately test, inspect, and assure the quality of the Subject Blender before placing it into the stream of commerce.

43.     Defendant NUTRIBULLET owed a duty to provide adequate warnings, instructions, and information with the Subject Blender.

44.     Defendant NUTRIBULLET breached the above duties.

45.     Defendant NUTRIBULLET acted with reckless disregard for the safety and well-being of the citizens of the State of Georgia, including Plaintiff. Defendant NUTRIBULLET's misconduct was wanton, as defined under O.C.G.A. § 15-12-5.1, and showed an entire want of care which would raise the presumption of conscious indifference to consequences, in that it designed, manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject Blender with knowledge of the risks to life and limb described herein. Such conduct warrants the imposition of punitive damages against NUTRIBULLET without limitation or cap.

46.     Defendant NUTRIBULLET's breach of the above duties actually and proximately caused injury and damage to Plaintiff.

47.     Plaintiff demands judgment against Defendant NUTRIBULLET for punitive damages and for any such further relief the Court deems appropriate.

48.     Plaintiff seeks damages from Defendant NUTRIBULLET for past, present, and future medical bills, and other necessary expenses resulting from her incident-related injuries in

amounts shown by the evidence at trial.

49.     Plaintiff seeks damages from Defendant NUTRIBULLET for all past, present, and future pain and suffering resulting from his incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and emotional pain and suffering resulting from his incident-related injuries.

50.     Plaintiff seeks damages from Defendant NUTRIBULLET for all past, present, and future lost wages resulting from his incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and emotional pain and suffering resulting from his incident-related injuries.

51.     Plaintiff seeks recovery from Defendant NUTRIBULLET for the loss of full enjoyment of life and disfigurement he has suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscious of the jury.

52.     Plaintiff seeks to recover punitive damages from Defendant NUTRIBULLET as described more fully above in an amount that will effectuate the societal function of punishing and deterring misconduct, but which comports with the Constitutions of the United States and the State of Georgia.

**WHEREFORE**, Plaintiff, Doreen Cousins-Sylvester demands judgment against Defendant, NUTRIBULLET US LLC, for all injuries and damages she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## THIRD CLAIM FOR RELIEF
### (Strict liability of Defendant CAPITAL BRANDS, LLC)

53.     Plaintiff re-alleges and incorporates Paragraphs 1 through 19 of this Complaint as if fully stated herein.

54.     CAPITAL BRANDS at all times material hereto, was engaged in the business of designing, manufacturing, assembling, testing, marketing, promoting, advertising, distributing and selling Nutribullet and/or MagicBullet brand blenders such as the Subject Blender to the public.

55.     CAPITAL BRANDS is strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiff. Defendant CAPITAL BRANDS was, at all times relevant to this action, the manufacturer of a product that was not merchantable and was unreasonably dangerous in its defective design, manufacture, and as marketed.

56.     CAPITAL BRANDS, as the maker of the Subject Blender placed such blender into the marketplace so as to be distributed and sold in a defective and unreasonably dangerous condition, is strictly liable for the physical harm caused by the blender, when the blender exploded causing scalding hot liquid to strike Plaintiff causing injuries in this foreseeable incident.

57.     In this instance, the Subject Blender reached Plaintiff without substantial change, and, just as when it was originally made and sold by CAPITAL BRANDS, such blender remained a life threatening hazard. Further, the Subject Blender was not substantially changed from the time it was manufactured until the date of this incident.

58.     CAPITAL BRANDS placed the Subject Blender on the market with knowledge that it would be used without inspection for defects and dangers. CAPITAL BRANDS knew, or should have known, that ultimate users would not and could not properly inspect this product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

59.     The inherently and unreasonably defective and dangerous condition of the Subject Blender is a condition that was not readily apparent to Plaintiff, or similarly situated users, operators, consumers and owners, who could foreseeably be seriously injured by said blenders should they be used in a foreseeable manner like occurred here.

60.     CAPITAL BRANDS, having actual knowledge, failed to provide notice of the defective and unreasonably dangerous condition of the Subject Blender to Plaintiff.

61.     The Subject Blender was defective and unreasonably dangerous to ultimate users, operators, consumers and owners, including Plaintiff, when designed, manufactured, assembled, distributed and sold by CAPITAL BRANDS. The defects in the Subject Blender include, but are not limited to:

     f.  The Subject Blender failed to perform as safely as an ordinary consumer would expect when used in a foreseeable manner;

     g.  The Subject Blender had an unreasonably dangerous propensity to explode, resulting in scalding hot liquids striking blender users, like Plaintiff;

     h.  The Subject Blender was unreasonably dangerous because of its design in that the risk of danger in the design outweighed the benefits when used as intended, in that the Subject Blender to explode, resulting in scalding hot liquids striking blender users, like Plaintiff;

     i.  The Subject Blender was unreasonably dangerous as manufactured as it did not conform to its intended design and perform as safely as the intended design would have performed, in that the Subject Blender Subject Blender exploded, resulting in scalding hot liquids striking blender users, like Plaint; and

     j.  The Subject Blender was unreasonably dangerous and defective due to CAPITAL BRANDS's failure to provide adequate warnings of the risks addressed herein that were known or knowable to CAPITAL BRANDS in light of the generally recognized and prevailing best scientific and/or medical knowledge available at the time of manufacture and distribution, including the use of appropriate warning stickers, placards, or documentation to alert users regarding the hazardous conditions described herein.

62.     At the time of the accident, the Subject Blender was substantially unchanged from

its condition, as set forth above, when sold and distributed by CAPITAL BRANDS.

63. For the reasons set forth above, and as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, the Subject Blender was unreasonably dangerous to foreseeable users, including Plaintiff, who was the user of the Subject Blender in an ordinary and foreseeable manner. At the time CAPITAL BRANDS released the Subject Blender into the stream of commerce, non-defective designs were economically and technologically feasible and the use of same on the Subject Blender would have been a safer alternative design which would have significantly reduced the risk of Plaintiff's injuries without substantially impairing the utility of the Subject Blender.

64. The defects described above directly and proximately caused the injuries sustained by Plaintiff in this foreseeable incident, in that they directly and in natural and continuous sequence produced or contributed substantially to Plaintiff's injuries.

65. Defendant CAPITAL BRANDS acted with reckless disregard for the safety and well-being of the citizens of the State of Georgia, including Plaintiff. Defendant CAPITAL BRANDS's misconduct was wanton, as defined under O.C.G.A. § 15-12-5.1, and showed an entire want of care which would raise the presumption of conscious indifference to consequences, in that it designed, manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject Blender with knowledge of the risks to life and limb described herein. Such conduct warrants the imposition of punitive damages against CAPITAL BRANDS without limitation or cap.

66. Plaintiff demands judgment against Defendant CAPITAL BRANDS for punitive damages and for any such further relief the Court deems appropriate.

67. Plaintiff seeks damages from Defendant CAPITAL BRANDS for past, present, and

17

future medical bills, and other necessary expenses resulting from his incident-related injuries in amounts shown by the evidence at trial.

68.     Plaintiff seeks damages from Defendant CAPITAL BRANDS for all past, present, and future pain and suffering resulting from her incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and emotional pain and suffering resulting from his incident-related injuries.

69.     Plaintiff seeks damages from Defendant CAPITAL BRANDS for all past, present, and future lost wages resulting from her incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and emotional pain and suffering resulting from his incident-related injuries.

70.     Plaintiff seeks recovery from Defendant CAPITAL BRANDS for the loss of full enjoyment of life and disfigurement she has suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscious of the jury.

71.     Plaintiff seeks recovery from Defendant CAPITAL BRANDS for the loss of wages she has suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscious of the jury.

72.     Plaintiff seeks to recover punitive damages from Defendant CAPITAL BRANDS as described more fully above in an amount that will effectuate the societal function of punishing and deterring misconduct, but which comports with the Constitutions of the United States and the State of Georgia.

**WHEREFORE**, Plaintiff, Doreen Cousins-Sylvester, demands judgment against Defendant, CAPITAL BRANDS, LLC for all injuries and damages she sustained due to the incident

giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF
### (Negligence as to Defendant CAPITAL BRANDS, LLC)

73.     Plaintiff adopts and re-alleges paragraphs 1 through 19, as if set forth fully herein.

74.     Defendant CAPITAL BRANDS designed, manufactured, distributed, supplied, and sold the Subject Blender and otherwise placed the Subject Blender used by Plaintiff into the stream of commerce.

75.     Defendant CAPITAL BRANDS owed a duty to properly design, manufacture, distribute, supply, and sell the Subject Blende in a safe condition and without defect.

76.     Defendant CAPITAL BRANDS owed a duty to adequately test, inspect, and assure the quality of the Subject Blender before placing it into the stream of commerce.

77.     Defendant CAPITAL BRANDS owed a duty to provide adequate warnings, instructions, and information with the Subject Blender.

78.     Defendant CAPITAL BRANDS breached the above duties.

79.     Defendant CAPITAL BRANDS acted with reckless disregard for the safety and well-being of the citizens of the State of Georgia, including Plaintiff. Defendant CAPITAL BRANDS's misconduct was wanton, as defined under O.C.G.A. § 15-12-5.1, and showed an entire want of care which would raise the presumption of conscious indifference to consequences, in that it designed, manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject Blender with knowledge of the risks to life and limb described herein. Such conduct warrants the imposition of punitive damages against CAPITAL BRANDS without

19

limitation or cap.

80.     Defendant CAPITAL BRANDS's breach of the above duties actually and proximately caused injury and damage to Plaintiff.

81.     Plaintiff demands judgment against Defendant CAPITAL BRANDS for punitive damages and for any such further relief the Court deems appropriate.

82.     Plaintiff seeks damages from Defendant CAPITAL BRANDS for past, present, and future medical bills, and other necessary expenses resulting from her incident-related injuries in amounts shown by the evidence at trial.

83.     Plaintiff seeks damages from Defendant CAPITAL BRANDS for all past, present, and future pain and suffering resulting from his incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and emotional pain and suffering resulting from his incident-related injuries.

84.     Plaintiff seeks damages from Defendant CAPITAL BRANDS for all past, present, and future lost wages resulting from his incident-related injuries in an amount as determined by the enlightened conscious of the jury, including all past, present, and future mental and emotional pain and suffering resulting from his incident-related injuries.

85.     Plaintiff seeks recovery from Defendant CAPITAL BRANDS for the loss of full enjoyment of life and disfigurement he has suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscious of the jury.

86.     Plaintiff seeks to recover punitive damages from Defendant CAPITAL BRANDS as described more fully above in an amount that will effectuate the societal function of punishing and deterring misconduct, but which comports with the Constitutions of the United States and the

State of Georgia.

**WHEREFORE**, Plaintiff, Doreen Cousins-Sylvester, demands judgment against Defendant, CAPITAL BRANDS, LLC for all injuries and damages she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

a. That the Court issue service of process to Defendants NUTRIBULLET, LLC and CAPITAL BRANDS, LLC as authorized by law;

b. The Defendants be served with a copy of Plaintiff's Complaint for Damages and show cause why the prayers for relief requested by Plaintiff herein should not be granted;

c. That Plaintiff be granted a trial by jury in this matter;

d. That Plaintiff recovers from Defendants for all damages, economic and non-economic, tangible and intangible, general and special, as allowed by Georgia law and set forth above;

e. That all costs be taxed against Defendants;

f. That the Court awards such other and further relief, as it shall deem just and appropriate.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

21

Dated: October 29, 2021                    Respectfully submitted,

                                           /s/ *Dylan Hooper, Esq.*
                                           **Dylan Hooper, Esq.**
                                           GBN 194606
                                           **Branden Weber, Esq.**
                                           (*pro hac vice forthcoming*)
                                           **Morgan & Morgan, P.A.**
                                           20 N. Orange Avenue, Suite 1600
                                           Orlando, Florida 32801
                                           Telephone: (407) 244-3209
                                           Primary email: DHooper@forthepeople.com
                                           Secondary email: BWeber@forthepeople.com
                                           Secondary email: DDuncan@forthepeople.com
                                           ***Attorneys for Plaintiff***

Exhibit B

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021001790**
SNK

**OCT 19, 2022 05:04 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

**DOREEN COUSINS-SYLVESTER,**

**Plaintiff,**                                **CIVIL ACTION**

**v.**                                            **FILE NO. STSV2021-001790**

**NUTRIBULLET, LLC and CAPITAL
BRANDS, LLC,**

**Defendants.**

### DISMISSAL WITHOUT PREJUDICE

COMES NOW, Plaintiff Doreen Cousins-Sylvester and under O.C.G.A. § 9-11-41, files

her dismissal of the above-styled case **without prejudice**. Plaintiff reserves all rights to file a

renewal action pursuant to O.C.G.A. § 9-2-61.

Respectfully submitted, the 19th day of October 2022.


**/s/ Branden E. Weber**
Branden Weber, Esq. (*pro hac vice* )
Attorney for Plaintiff
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 244-3209
Email: BWeber@forthepeople.com


**/s/ Jon R. Hawk**
Jon R. Hawk
Ga. Bar No. 338645
Attorney for Plaintiff
Jon Hawk Law Firm, LLC
3727 Vineville Avenue
Macon, Georgia 31204
P: 478-216-4665
F: 478-845-4335
E: jon@hawklawfirm.law

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing Dismissal Without Prejudice via electronic service and this court's e-filing system (PeachCourt), which will send automatic email notification of filing to:

Charles K. Reed
Cameron A. Mobley
Lewis Brisbois Bisgaard & Smith, LLP
600 Peachtree Street NE, Suite 4700
Atlanta, GA 30308
Cameron.Mobley@lewisbrisbois.com
Chuck.Reed@lewisbrisbois.com

Respectfully submitted, this 19th day of October 2022.

*/s/ Jon R. Hawk*
Jon R. Hawk
Georgia Bar No. 338645
Co-Counsel for Plaintiff

Exhibit C

🏛 EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021001790**
DBB
**JAN 05, 2022 12:38 PM**

*State Court Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## AFFIDAVIT OF SERVICE

State of Georgia                                    County of Henry

Case Number: STSV2021001790

Plaintiff: **Doreen Cousins-Sylvester**
vs.
Defendant: **Nutribullet, LLC, et al.**

For:
Dylan J. Hooper
Morgan & Morgan, P.A.
20 N. Orange Ave.
16th Floor
Orlando, FL 32801

Received by Aallen Bryant & Associates, Inc. on the 30th day of November, 2021 at 2:57 pm to be served on **Capital Brands, LLC, 11601 Wilshire Boulevard, 23rd Floor, Los Angeles, CA 90025.**

I, Humberto Palacio, being duly sworn, depose and say that on the **10th day of December, 2021** at **11:55 am, I:**

**SERVED** the within named corporation/entity by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me to: **Gabriela Hernandez** as employee of the **Registered Agent (Company) for Capital Brands, LLC at 330 North Brand Blvd., Suite 700, Glendale, CA 91203** and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
Attempted service at 11601 Wilshire Boulevard, 23rd Floor, Los Angeles, CA 90025, Building is secured. There is no access without authorization. Per building security, the office is closed and all employees are working remotely.

Served at the CT Corporation System, 330 North Brand Blvd., Suite 700, Glendale, CA 91203.

**Description** of Person Served: Age: 25, Sex: F, Race/Skin Color: Hispanic, Height: 5'8", Weight: 175, Hair: Black, Glasses: N

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true, that I am of legal age, and have no interest in the above action.

STATE OF *California*

Subscribed and Sworn to before me on the 14th day of December, 2021 by the affiant who is personally known to me.

_____ *See below* _____
NOTARY PUBLIC

**Humberto Palacio**
Process Server

**Aallen Bryant & Associates, Inc.**
P.O. Box 3828
Orlando, FL 32802-3828
(407) 872-0560

Our Job Serial Number: LAB-2021011954

| |
|---|
| **A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.** |

State of California, County of ___ *Orange* ___

Subscribed and sworn to (or affirmed) before me

on this _19th_ day of _December_, 20_21_

by _Humberto Palacio_

proved to me on the basis of satisfactory evidence

to be the person(s) who appeared before me.

Signature: _Colleen_

COLLEEN DAWN
COMM. #2351591
Notary Public - California
Orange County
My Comm. Expires Apr. 9, 2025



## STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021001790**
DBB

**OCT 29, 2021 04:05 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2021001790

Cousins-Sylvester, Doreen

**PLAINTIFF**                                    VS.

NUTRIBULLET, LLC
CAPITAL BRANDS, LLC

**DEFENDANTS**

Date 12-10-21  Time 11:55 AM
Initials HP  ID # 2627

**SUMMONS**

TO: CAPITAL BRANDS, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Dylan Hooper**
> **Morgan & Morgan Atlanta, PLLC**
> **1614 Bishop Hollow Run**
> **Atlanta, Georgia 30338**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of October, 2021.**

Clerk of State Court

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021001790**
DBB
**JAN 05, 2022 12:38 PM**

*State Court Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## AFFIDAVIT OF SERVICE

**State of Georgia**                         **County of Henry**

Case Number: STSV2021001790

Plaintiff: **Doreen Cousins-Sylvester**
vs.
Defendant: **Nutribullet, LLC, et al.**

For:
Dylan J. Hooper
Morgan & Morgan, P.A.
20 N. Orange Ave.
16th Floor
Orlando, FL 32801

Received by Aallen Bryant & Associates, Inc. on the 30th day of November, 2021 at 2:57 pm to be served on **Nutribullet, LLC, 11601 Wilshire Boulevard, 23rd Floor, Los Angeles, CA 90025**.

I, Humberto Palacio, being duly sworn, depose and say that on the **10th day of December, 2021** at **11:55 am, I:**

**SERVED** the within named corporation/entity by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me to: **Gabriela Hernandez** as employee of the **Registered Agent (Company) for Nutribullet, LLC at 330 North Brand Blvd., Suite 700, Glendale, CA 91203** and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
Attempted service at 11601 Wilshire Boulevard, 23rd Floor, Los Angeles, CA 90025, Building is secured. There is no access without authorization. Per building security, the office is closed and all employees are working remotely.

Served at the CT Corporation System, 330 North Brand Blvd., Suite 700, Glendale, CA 91203.

**Description** of Person Served: Age: 25, Sex: F, Race/Skin Color: Hispanic, Height: 5'8", Weight: 175, Hair: Black, Glasses: N

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true, that I am of legal age, and have no interest in the above action.

STATE OF _California_

Subscribed and Sworn to before me on the 14th day of December, 2021 by the affiant who is personally known to me.

_See below_
NOTARY PUBLIC

_Humberto Palacio_
**Humberto Palacio**
Process Server

**Aallen Bryant & Associates, Inc.**
P.O. Box 3828
Orlando, FL 32802-3828
**(407) 872-0560**

Our Job Serial Number: LAB-2021011953



A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California, County of _Orange_

Subscribed and sworn to (or affirmed) before me

on this _14th_ day of _December_, 20_21_

by _Humberto Palacio_

proved to me on the basis of satisfactory evidence

to be the person(s) who appeared before me.

Signature: _Colleen D_

**COLLEEN DAWN**
COMM. #2351591
Notary Public - California
Orange County
My Comm. Expires Apr. 9, 2025



# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

## STSV2021001790
DBB

**OCT 29, 2021 04:05 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2021001790

Cousins-Sylvester, Doreen

_____

**PLAINTIFF**                           **VS.**

NUTRIBULLET, LLC
CAPITAL BRANDS, LLC

_____

**DEFENDANTS**

Date 12-10-21   Time 11:55 AM

Initials HP   ID# 2627

### SUMMONS

TO: NUTRIBULLET, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Dylan Hooper**
> **Morgan & Morgan Atlanta, PLLC**
> **1614 Bishop Hollow Run**
> **Atlanta, Georgia 30338**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of October, 2021.**

Clerk of State Court

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000629**
SNK
MAY 10, 2023 03:08 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

DOREEN COUSINS-SYLVESTER,

        Plaintiff,

v.

NUTRIBULLET, LLC and CAPITAL
BRANDS, LLC,

        Defendants.

CIVIL ACTION
FILE NO. STSV2023000629

## DEFENDANT CAPITAL BRANDS, LLC 'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant CAPITAL BRANDS, LLC (hereinafter "Defendant"), by and through the undersigned counsel, and responds to Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted.

### SECOND DEFENSE

Defendant did not manufacture the product at issue in this case.

### THIRD DEFENSE

Jurisdiction as to this Defendant is improper.

### FOURTH DEFENSE

Venue as to this Defendant is improper.

### FIFTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

1

## SIXTH DEFENSE

The injuries to Plaintiff, if any, were caused by the negligent acts, omissions, or product of persons or parties over whom this Defendant did not exercise any control or right to control and fault must be allocated to those persons or parties.

## SEVENTH DEFENSE

No act or omission on the part of this Defendant caused or contributed to Plaintiff's respective injuries or damages.

## EIGHTH DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of persons or entities other than this Defendant, and therefore, Plaintiff may not recover damages from this Defendant in any sum.

## NINTH DEFENSE

To the extent shown by the evidence, this Defendant states Plaintiff failed to exercise ordinary care for her own safety, and therefore, is not entitled to recover from this Defendant.

## TENTH DEFENSE

Plaintiff's damages are not the proximate result of any alleged act or failure to act of this Defendant and, therefore, Plaintiff is not entitled to recover from this Defendant.

## ELEVENTH DEFENSE

Plaintiff assumed the risk of such injury or damage as she may have sustained and, therefore, Plaintiff may not recover from this Defendant.

## TWELFTH DEFENSE

To the extent that discovery supports the same, this Defendant asserts the defenses of product abuse, product misuse, and/or production modification and alteration.

2

## THIRTEENTH DEFENSE

Any product allegedly manufactured by this Defendant, which is in question, was not defective in any respect and, therefore, Plaintiff may not recover from this Defendant.

## FOURTEENTH DEFENSE

Plaintiff's claimed injuries, if any, were not caused, enhanced or increased as a result of any act or failure to act on the part of this Defendant.

## FIFTEENTH DEFENSE

At all times this Defendant was in the exercise of that degree of care required by law and, therefore, Plaintiff may not recover from this Defendant.

## SIXTEENTH DEFENSE

To the extent that Plaintiff seeks to recover against this Defendant for any alleged Breach of Warranty of any kind, this Defendant states that there is a lack of privity.

## SEVENTEENTH DEFENSE

This Defendant did not breach any implied warranty owed to Plaintiff, and by reason thereof, Plaintiff may not recover damages of this Defendant.

## EIGHTEENTH DEFENSE

This Defendant did not breach any express warranty owed to Plaintiff, and by reason thereof, Plaintiff may not recover damages of this Defendant.

## NINETEENTH DEFENSE

Plaintiff's claim for punitive damages fails to state a claim upon which relief can be granted.

### TWENTIETH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates this Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim upon which damages can be awarded.

### TWENTY-FIRST DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates this Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and violates this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

### TWENTY-SECOND DEFENSE

The claim for "punitive damages" is barred by the provisions of Article VI of the Constitution of the United States.

### TWENTY-THIRD DEFENSE

Without limiting the generality of the previous defense, an award of punitive damages against this Defendant would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph 1 of the Constitution of Georgia because (1) this Defendant had no notice of or means of ascertaining whether, or in what amount, it might be subject to a penalty of punitive damages for the conduct alleged by Plaintiff in this case, which lack of notice was compounded by absence of any adequate

or meaningful standards as to the kind of conduct that might subject this Defendant to punitive damages or as to the potential amount of such an award; (2) an award of punitive damages under Georgia law does not give cognizance to the comparability of the award to awards in other, similar cases; (3) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the wrong done to the Plaintiff; and (4) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513, (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1990); and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

## <u>TWENTY-FOURTH DEFENSE</u>

Any attempted application of Georgia law in this case in regard to any claim for "punitive damages" against this Defendant would be unconstitutional for the following reasons:

(1) This Defendant did nothing for which it should be punished, penalized or deterred and, therefore any recovery of "punitive damages" against this Defendant would deprive this Defendant of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia;

(2) Any recovery of "punitive damages" against this Defendant would violate the provisions of Article 1, Section 1, Paragraph 2 of the Constitution of the State of Georgia;

(3) Any recovery of "punitive damages" against this Defendant would deprive this Defendant of its right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(4) Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 1, Paragraph 17 of the Constitution of the State of Georgia.

## TWENTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia, and the common law and public policies of the State of Georgia.

## TWENTY-SIXTH DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because any award of punitive damages under Georgia law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive

damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of this Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

## TWENTY-SEVENTH DEFENSE

Any award of punitive damages based on anything other than this Defendant's conduct in connection with the Nutribullet Magic Bullet blender identified in Paragraph 1 of the Complaint, and that is the subject of this lawsuit, would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 1, Paragraph 1 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia, because any other judgment for punitive damages in this case cannot protect this Defendant against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Georgia. In addition, any such award would violate principles of comity under the laws of the State of Georgia.

7

## TWENTY-EIGHTH DEFENSE

To the extent that the law of Georgia permits punishment to be measured by the net worth or financial status of this Defendant and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of this Defendant in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution.

## TWENTY-NINTH DEFENSE

Plaintiff's damages – to the extent proven – are the proximate result of acts or failures to act on the part of other persons and entities, and this Defendant reserves the right to ask the jury to allocate fault to those persons and entities.

## THIRTIETH DEFENSE

Plaintiff's damages – to the extent proven – are the proximate and/or direct result of acts or failures to act on the part of other persons and entities, and this Defendant reserves the right to ask the jury to allocate fault to those persons and entities.

## THIRTY-FIRST DEFENSE

This Defendant alleges that the accident complained of was proximately caused by the acts or omissions of third parties or events over whom this Defendant had no control or right of control.

## THIRTY-SECOND DEFENSE

Plaintiff's claims may be preempted by federal law or regulation.

## THIRTY-THIRD DEFENSE

This Defendant states it has, or may have, further and additional affirmative defenses which are not yet known to this Defendant, but which may become known through future discovery. This Defendant asserts each and every affirmative defense as it may be ascertained through future discovery herein. Without waiving the right to be heard on the foregoing defenses, Capital Brands responds to the specifically numbered allegations in Plaintiff's Complaint as follows:

## ANSWER

## STATEMENT OF RENEWAL

A)     This paragraph makes no allegation against Defendant and, therefore, requires no response. To the extent a response is required, Defendant denies the allegations of this paragraph.

B)     This paragraph makes no allegation against Defendant and, therefore, requires no response. To the extent a response is required, Defendant denies the allegations of this paragraph.

## NATURE OF THE ACTION

1.     Defendant denies the allegations of this paragraph as stated.

2.     This paragraph makes no allegation against Defendant and, therefore, requires no response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

## JURISDICTION, VENUE, AND THE PARTIES

3.     Defendant lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

4.     This paragraph makes no allegation against Defendant and, therefore, requires no response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

5.      Defendant admits that it is a foreign limited liability company with its principle place of business in Los Angeles, California.  Defendant denies the remaining allegations of this paragraph.

6.      Defendant denies the allegations of this paragraph.

7.      This paragraph makes no allegation against Defendant and, therefore, requires no response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including each of its subparts.

8.      This paragraph makes no allegation against Defendant and, therefore, requires no response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including each of its subparts.

9.      Defendant denies the allegations of this paragraph, including each of its subparts.

10.     Defendant denies the allegations of this paragraph, including each of its subparts.

11.     Defendant denies the allegations of this paragraph, including each of its subparts.

12.     Defendant denies the allegations of this paragraph.

13.     This paragraph makes no allegation against Defendant and, therefore, requires no response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

14.     This paragraph makes no allegation against Defendant and, therefore, requires no response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

## **THE INCIDENT**

15.     Defendant denies the allegations of this paragraph as stated.

16.     Defendant lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

17.     Defendant lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

18.     Defendant denies the allegations of this paragraph as phrased.

## CONDITIONS PRECEDENT

19.     This paragraph makes no allegation against Defendant and, therefore, requires no response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### (Strict liability of Defendant NUTRIBULLET, LLC)

20.     Defendant incorporates by reference its responses to Paragraphs 1 through 19 as well as each of its affirmative defenses as if fully restated herein.

21.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

22.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

23.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

24.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

25.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

26.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

27.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

28.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including each of its subparts.

29.     Defendant lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

30.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

31.     Defendant denies the allegations of this paragraph.

32.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

33.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

34.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

35.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

36.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

37.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

38.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including its "WHEREFORE" paragraph.

## SECOND CLAIM FOR RELIEF
### (Negligence of Defendant NUTRIBULLET, LLC)

39.     Defendant incorporates by reference its responses to Paragraphs 1 through 38 as well as each of its affirmative defenses as if fully restated herein.

40.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

41.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

42.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

43.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

44.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

45.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

46.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

47.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

48.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

49.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

50.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

51.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

52.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including its "WHEREFORE" paragraph.

## THIRD CLAIM FOR RELIEF
### (Strict liability of Defendant CAPITAL BRANDS, LLC)

53.     Defendant incorporates by reference its responses to Paragraphs 1 through 52 as well as each of its affirmative defenses as if fully restated herein.

54.     Defendant denies the allegations of this paragraph as phrased.

55.     Defendant denies the allegations of this paragraph.

56. Defendant denies the allegations of this paragraph as phrased.

57. Defendant denies the allegations of this paragraph.

58. Defendant denies the allegations of this paragraph.

59. Defendant denies the allegations of this paragraph.

60. Defendant denies the allegations of this paragraph.

61. Defendant denies the allegations of this paragraph, including each of its subparts.

62. Defendant lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

63. Defendant denies the allegations of this paragraph.

64. Defendant denies the allegations of this paragraph.

65. Defendant denies the allegations of this paragraph.

66. This paragraph makes no allegation against Defendant and, therefore, does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph.

67. This paragraph makes no allegation against Defendant and, therefore, does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph.

68. This paragraph makes no allegation against Defendant and, therefore, does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph.

69. This paragraph makes no allegation against Defendant and, therefore, does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph.

70.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

71.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

72.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including its "WHEREFORE" paragraph.

## **FOURTH CLAIM FOR RELIEF**
### **(Negligence as to Defendant CAPITAL BRANDS, LLC)**

73.     Defendant incorporates by reference its responses to Paragraphs 1 through 72 as well as each of its affirmative defenses as if fully restated herein.

74.     Defendant denies the allegations of this paragraph as phrased.

75.     Defendant denies the allegations of this paragraph as phrased.

76.     Defendant denies the allegations of this paragraph as phrased.

77.     Defendant denies the allegations of this paragraph as phrased.

78.     Defendant denies the allegations of this paragraph.

79.     Defendant denies the allegations of this paragraph.

80.     Defendant denies the allegations of this paragraph.

81.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

82.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

83.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

84.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

85.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

86.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including its "WHEREFORE" paragraph.

87.     Defendant denies all allegations not expressly admitted herein, including those set forth in Plaintiff's Prayer for Relief and "WHEREFORE" paragraph.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Capital Brands, LLC prays that this Court:

    a)  that all claims asserted by Plaintiff be dismissed with prejudice;

    b)  that all the relief sought by Plaintiff, and all other relief, be denied;

    c)  that Plaintiff be ordered to pay Defendant's attorney fees and costs of litigation; and

18

d)  that Defendant have such other and further relief as the Court deems just, proper

and equitable.

Respectfully submitted this <u>10th</u> day of May, 2023.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585
(404) 467-8845 Facsimile
chuck.reed@lewisbrisbois.com
cameron.mobley@lewisbrisbois.com

<u>/s/  Cameron A. Mobley</u>
CHARLES K. REED
Georgia Bar No. 597597
CAMERON A. MOBLEY
Georgia Bar No. 613048

*Counsel for Defendants Capital Brands, LLC*

19

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing **DEFENDANT CAPITAL BRANDS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** upon all counsel of record via electronic filing system with the Clerk of Court using PeachCourt eFile Georgia electronic filing system, addressed as follows:

Mark Patterson
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, Florida 32801
MPatterson@forthepeople.com

Jon R. Hawk
Jon Hawk Law Firm, LLC
3727 Vineville Avenue
Macon, GA 31204
jon@hawklawfirm.law

*Attorneys for Plaintiff*

This 10th day of May, 2023.

|  | **LEWIS BRISBOIS BISGAARD & SMITH LLP** |
|---|---|
|  | */s/  Cameron A. Mobley* |
| 600 Peachtree Street NE, Suite 4700 | CHARLES K. REED |
| Atlanta, Georgia 30308 | Georgia Bar No. 597597 |
| (404) 348-8585 | CAMERON A. MOBLEY |
| (404) 467-8845 Facsimile | Georgia Bar No. 613048 |
| chuck.reed@lewisbrisbois.com |  |
| cameron.mobley@lewisbrisbois.com | *Counsel for Defendant Capital Brands, LLC* |

20

⏚ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023000629**
SNK
MAY 10, 2023 03:12 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

### IN THE STATE COURT OF HENRY COUNTY
### STATE OF GEORGIA

DOREEN COUSINS-SYLVESTER,

        Plaintiff,

v.

NUTRIBULLET, LLC and CAPITAL
BRANDS, LLC,

        Defendants.

CIVIL ACTION
FILE NO. STSV2023000629

### DEFENDANT NUTRIBULLET, LLC 'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant NUTRIBULLET, LLC (hereinafter "Defendant"), by and through the undersigned counsel, and responds to Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted.

### SECOND DEFENSE

Defendant did not manufacture the product at issue in this case.

### THIRD DEFENSE

Jurisdiction as to this Defendant is improper.

### FOURTH DEFENSE

Venue as to this Defendant is improper.

### FIFTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

1

## SIXTH DEFENSE

The injuries to Plaintiff, if any, were caused by the negligent acts, omissions, or product of persons or parties over whom this Defendant did not exercise any control or right to control and fault must be allocated to those persons or parties.

## SEVENTH DEFENSE

No act or omission on the part of this Defendant caused or contributed to Plaintiff's respective injuries or damages.

## EIGHTH DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of persons or entities other than this Defendant, and therefore, Plaintiff may not recover damages from this Defendant in any sum.

## NINTH DEFENSE

To the extent shown by the evidence, this Defendant states Plaintiff failed to exercise ordinary care for her own safety, and therefore, is not entitled to recover from this Defendant.

## TENTH DEFENSE

Plaintiff's damages are not the proximate result of any alleged act or failure to act of this Defendant and, therefore, Plaintiff is not entitled to recover from this Defendant.

## ELEVENTH DEFENSE

Plaintiff assumed the risk of such injury or damage as she may have sustained and, therefore, Plaintiff may not recover from this Defendant.

## TWELFTH DEFENSE

To the extent that discovery supports the same, this Defendant asserts the defenses of product abuse, product misuse, and/or production modification and alteration.

## THIRTEENTH DEFENSE

Any product allegedly manufactured by this Defendant, which is in question, was not defective in any respect and, therefore, Plaintiff may not recover from this Defendant.

## FOURTEENTH DEFENSE

Plaintiff's claimed injuries, if any, were not caused, enhanced or increased as a result of any act or failure to act on the part of this Defendant.

## FIFTEENTH DEFENSE

At all times this Defendant was in the exercise of that degree of care required by law and, therefore, Plaintiff may not recover from this Defendant.

## SIXTEENTH DEFENSE

To the extent that Plaintiff seeks to recover against this Defendant for any alleged Breach of Warranty of any kind, this Defendant states that there is a lack of privity.

## SEVENTEENTH DEFENSE

This Defendant did not breach any implied warranty owed to Plaintiff, and by reason thereof, Plaintiff may not recover damages of this Defendant.

## EIGHTEENTH DEFENSE

This Defendant did not breach any express warranty owed to Plaintiff, and by reason thereof, Plaintiff may not recover damages of this Defendant.

## NINETEENTH DEFENSE

Plaintiff's claim for punitive damages fails to state a claim upon which relief can be granted.

**TWENTIETH DEFENSE**

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates this Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim upon which damages can be awarded.

**TWENTY-FIRST DEFENSE**

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates this Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and violates this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

**TWENTY-SECOND DEFENSE**

The claim for "punitive damages" is barred by the provisions of Article VI of the Constitution of the United States.

**TWENTY-THIRD DEFENSE**

Without limiting the generality of the previous defense, an award of punitive damages against this Defendant would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph 1 of the Constitution of Georgia because (1) this Defendant had no notice of or means of ascertaining whether, or in what amount, it might be subject to a penalty of punitive damages for the conduct alleged by Plaintiff in this case, which lack of notice was compounded by absence of any adequate

4

or meaningful standards as to the kind of conduct that might subject this Defendant to punitive damages or as to the potential amount of such an award; (2) an award of punitive damages under Georgia law does not give cognizance to the comparability of the award to awards in other, similar cases; (3) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the wrong done to the Plaintiff; and (4) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513, (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1990); and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

<u>**TWENTY-FOURTH DEFENSE**</u>

Any attempted application of Georgia law in this case in regard to any claim for "punitive damages" against this Defendant would be unconstitutional for the following reasons:

(1) This Defendant did nothing for which it should be punished, penalized or deterred and, therefore any recovery of "punitive damages" against this Defendant would deprive this Defendant of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia;

(2) Any recovery of "punitive damages" against this Defendant would violate the provisions of Article 1, Section 1, Paragraph 2 of the Constitution of the State of Georgia;

5

(3) Any recovery of "punitive damages" against this Defendant would deprive this Defendant of its right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(4) Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 1, Paragraph 17 of the Constitution of the State of Georgia.

## **TWENTY-FIFTH DEFENSE**

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia, and the common law and public policies of the State of Georgia.

## **TWENTY-SIXTH DEFENSE**

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because any award of punitive damages under Georgia law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive

damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of this Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

## TWENTY-SEVENTH DEFENSE

Any award of punitive damages based on anything other than this Defendant's conduct in connection with the Nutribullet Magic Bullet blender identified in Paragraph 1 of the Complaint, and that is the subject of this lawsuit, would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 1, Paragraph 1 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia, because any other judgment for punitive damages in this case cannot protect this Defendant against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Georgia. In addition, any such award would violate principles of comity under the laws of the State of Georgia.

## TWENTY-EIGHTH DEFENSE

To the extent that the law of Georgia permits punishment to be measured by the net worth or financial status of this Defendant and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of this Defendant in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution.

## TWENTY-NINTH DEFENSE

Plaintiff's damages – to the extent proven – are the proximate result of acts or failures to act on the part of other persons and entities, and this Defendant reserves the right to ask the jury to allocate fault to those persons and entities.

## THIRTIETH DEFENSE

Plaintiff's damages – to the extent proven – are the proximate and/or direct result of acts or failures to act on the part of other persons and entities, and this Defendant reserves the right to ask the jury to allocate fault to those persons and entities.

## THIRTY-FIRST DEFENSE

This Defendant alleges that the accident complained of was proximately caused by the acts or omissions of third parties or events over whom this Defendant had no control or right of control.

## THIRTY-SECOND DEFENSE

Plaintiff's claims may be preempted by federal law or regulation.

### THIRTY-THIRD DEFENSE

This Defendant states it has, or may have, further and additional affirmative defenses which are not yet known to this Defendant, but which may become known through future discovery. This Defendant asserts each and every affirmative defense as it may be ascertained through future discovery herein. Without waiving the right to be heard on the foregoing defenses, Capital Brands responds to the specifically numbered allegations in Plaintiff's Complaint as follows:

### ANSWER

### STATEMENT OF RENEWAL

A)     This paragraph makes no allegation against Defendant and, therefore, requires no response. To the extent a response is required, Defendant denies the allegations of this paragraph.

B)     This paragraph makes no allegation against Defendant and, therefore, requires no response. To the extent a response is required, Defendant denies the allegations of this paragraph.

### NATURE OF THE ACTION

1.     Defendant denies the allegations of this paragraph as stated.

2.     This paragraph makes no allegation against Defendant and, therefore, requires no response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

### JURISDICTION, VENUE, AND THE PARTIES

3.     Defendant lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

4.     Defendant admits that it is a foreign limited liability company with its principle place of business in Los Angeles, California.  Defendant denies the remaining allegations of this paragraph.

9

5.      This paragraph makes no allegation against Defendant and, therefore, requires no response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

6.      Defendant denies the allegations of this paragraph.

7.      Defendant denies the allegations of this paragraph, including each of its subparts.

8.      Defendant denies the allegations of this paragraph, including each of its subparts.

9.      Defendant denies the allegations of this paragraph.

10.     This paragraph makes no allegation against Defendant and, therefore, requires no response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including each of its subparts.

11.     This paragraph makes no allegation against Defendant and, therefore, requires no response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including each of its subparts.

12.     This paragraph makes no allegation against Defendant and, therefore, requires no response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

13.     Defendant denies the allegations of this paragraph.

14.     Defendant denies the allegations of this paragraph.

## **THE INCIDENT**

15.     Defendant denies the allegations of this paragraph as stated.

16.     Defendant lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

17.     Defendant lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

18.     Defendant denies the allegations of this paragraph as phrased.

## CONDITIONS PRECEDENT

19.     This paragraph makes no allegation against Defendant and, therefore, requires no response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### (Strict liability of Defendant NUTRIBULLET, LLC)

20.     Defendant incorporates by reference its responses to Paragraphs 1 through 19 as well as each of its affirmative defenses as if fully restated herein.

21.     Defendant denies the allegations of this paragraph as phrased.

22.     Defendant denies the allegations of this paragraph.

23.     Defendant denies the allegations of this paragraph.

24.     Defendant denies the allegations of this paragraph.

25.     Defendant denies the allegations of this paragraph.

26.     Defendant denies the allegations of this paragraph.

27.     Defendant denies the allegations of this paragraph.

28.     Defendant denies the allegations of this paragraph, including each of its subparts.

29.     Defendant lacks sufficient information to form a belief as to the allegations of this paragraph and, therefore, denies the same.

30.     Defendant denies the allegations of this paragraph.

31.     Defendant denies the allegations of this paragraph.

32.     Defendant denies the allegations of this paragraph.

33.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

34.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

35.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

36.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

37.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

38.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including its "WHEREFORE" paragraph.

## SECOND CLAIM FOR RELIEF
### (Negligence of Defendant NUTRIBULLET, LLC)

39.     Defendant incorporates by reference its responses to Paragraphs 1 through 38 as well as each of its affirmative defenses as if fully restated herein.

40.     Defendant denies the allegations of this paragraph as phrased.

41.     Defendant denies the allegations of this paragraph as phrased.

42.     Defendant denies the allegations of this paragraph as phrased.

43.     Defendant denies the allegations of this paragraph as phrased.

44.     Defendant denies the allegations of this paragraph.

45.     Defendant denies the allegations of this paragraph.

46.     Defendant denies the allegations of this paragraph.

47.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

48.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

49.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

50.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

51.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

52.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including its "WHEREFORE" paragraph.

### THIRD CLAIM FOR RELIEF
**(Strict liability of Defendant CAPITAL BRANDS, LLC)**

53.     Defendant incorporates by reference its responses to Paragraphs 1 through 52 as well as each of its affirmative defenses as if fully restated herein.

13

54.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

55.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

56.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

57.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

58.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

59.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

60.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

61.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including each of its subparts.

62.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

63.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

64.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

65.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

66.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

67.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

68.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

69.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

70.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

71.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

72.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including its "WHEREFORE" paragraph.

## FOURTH CLAIM FOR RELIEF
### (Negligence as to Defendant CAPITAL BRANDS, LLC)

73.     Defendant incorporates by reference its responses to Paragraphs 1 through 72 as well as each of its affirmative defenses as if fully restated herein.

74.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

16

75.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

76.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

77.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

78.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

79.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

80.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

81.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

82.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

83.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

84.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

85.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph.

86.     This paragraph makes no allegation against Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph, including its "WHEREFORE" paragraph.

87.     Defendant denies all allegations not expressly admitted herein, including those set forth in Plaintiff's Prayer for Relief and "WHEREFORE" paragraph.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Nutribullet, LLC prays that this Court:

a) that all claims asserted by Plaintiff be dismissed with prejudice;

b) that all the relief sought by Plaintiff, and all other relief, be denied;

c) that Plaintiff be ordered to pay Defendant's attorney fees and costs of litigation; and

d) that Defendant have such other and further relief as the Court deems just, proper

and equitable.

Respectfully submitted this <u>10th</u> day of May, 2023.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

<u>/s/  Cameron A. Mobley</u>

600 Peachtree Street NE, Suite 4700          CHARLES K. REED
Atlanta, Georgia 30308                              Georgia Bar No. 597597
(404) 348-8585                                         CAMERON A. MOBLEY
(404) 467-8845 Facsimile                          Georgia Bar No. 613048
chuck.reed@lewisbrisbois.com
cameron.mobley@lewisbrisbois.com          *Counsel for Defendants Nutribullet, LLC*

19

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **DEFENDANT NUTRIBULLET, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** upon all counsel of record via electronic filing system with the Clerk of Court using PeachCourt eFile Georgia electronic filing system, addressed as follows:

Mark Patterson
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, Florida 32801
MPatterson@forthepeople.com


Jon R. Hawk
Jon Hawk Law Firm, LLC
3727 Vineville Avenue
Macon, GA 31204
jon@hawklawfirm.law

*Attorneys for Plaintiff*

This <u>10th</u> day of May, 2023.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

<u>/s/ Cameron A. Mobley</u>

600 Peachtree Street NE, Suite 4700          CHARLES K. REED
Atlanta, Georgia 30308                        Georgia Bar No. 597597
(404) 348-8585                                CAMERON A. MOBLEY
(404) 467-8845 Facsimile                      Georgia Bar No. 613048
chuck.reed@lewisbrisbois.com
cameron.mobley@lewisbrisbois.com              *Counsel for Defendants Nutribullet, LLC*

20