# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ESTATE OF <br> LEE HENRY GRINSTON JR., <br><br> Plaintiff, <br><br> v. <br><br> THE KROGER CO., <br><br> Defendant. | Case No. <br><br> _____ <br><br> Removed from State Court of Cobb County, Civil Action File No. 23-A-1023 <br><br> JURY TRIAL DEMANDED |

## DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S BODILY INJURY COMPLAINT

COMES NOW **THE KROGER CO.** (hereinafter referred to as "Kroger"), Defendant in the above-styled civil action, by and through undersigned counsel, and files this, its Answer and Defenses to Plaintiff's Bodily Injury Complaint ("Plaintiff's Complaint"), showing the Court as follows:

### FIRST DEFENSE

For a first defense, The Kroger Co. ("Defendant" or "Kroger") responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint, which therefore stand denied.

2.

Defendant admits The Kroger Co. is an Ohio corporation authorized to do business in Georgia, and its registered agent for service of process in Georgia is correctly identified. Defendant denies all other allegations in this Paragraph of Plaintiff's *Complaint* which it has not expressly admitted.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## BACKGROUND

4.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant Kroger denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant Kroger denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

**COUNT 1**
**PREMESIS LIABILITY**

9.

Defendant Kroger incorporates by reference its previous response to the allegations contained in Paragraphs 1 through 8 as if restated herein.

10.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant Kroger admits that it owes certain statutory duties to invitees but states that Plaintiff is likewise under certain applicable duties.

12.

Defendant Kroger denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant Kroger denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

### COUNT 2
### VICARIOUS LIABILITY

14.

Defendant Kroger incorporates by reference its previous response to the allegations contained in Paragraphs 1 through 13 as if restated herein.

15.

Defendant Kroger denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant Kroger denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## COUNT 3
## NEGLIGENT TRAINING & SUPERVISION

17.

Defendant Kroger incorporates by reference its previous response to the allegations contained in Paragraphs 1 through 16 as if restated herein.

18.

Defendant Kroger denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant Kroger denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant Kroger denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant Kroger denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

Defendant Kroger denies that Plaintiff is entitled any of the relief requested in the unnumbered "Wherefore" Paragraph of Plaintiff's Complaint.

## SECOND DEFENSE

Plaintiff's failure to plead and itemize special damages in this action bars their recovery pursuant to O.C.G.A. § 9-11-9(g).

## THIRD DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damages alleged to have been sustained by Plaintiff.

## FOURTH DEFENSE

This action is or may be barred by the doctrine of contributory/comparative negligence. Plaintiff's negligence was greater than or equal to any negligence on the part of Defendant collectively. In the exercise of ordinary care, Plaintiff could

have avoided the subject incident.

## FIFTH DEFENSE

Defendant has breached no duty owed to Plaintiff.

## SIXTH DEFENSE

Plaintiff may not recover against Defendant because no act or omission of Defendant or its employees was the legal cause or the proximate cause of Plaintiff's alleged injuries and damages. Defendant did not breach a material duty owing to Plaintiff.

## SEVENTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

This Court lacks venue over Defendant.

## NINTH DEFENSE

This Court lacks personal jurisdiction over Defendant.

## TENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages.

## ELEVENTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully responded to the averments in Plaintiff's Complaint, Defendant The Kroger Co. respectfully prays:

(a) That judgment is rendered in favor of Kroger and against Plaintiff;

(b) That Kroger be discharged with all costs cast against Plaintiff;

(c) That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and

(d) For such other and further relief as is just and proper.

Respectfully submitted this 10th day of May, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Sarah Raquel L. Lisle* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No.: 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone: (404) 870-7386 | Georgia State Bar No.: 412593 |
| Facsimile: (404) 870-1033 | Jeremy A. Freiman |
| Email: mmoffett@grsmb.com | Georgia State Bar No.: 786086 |
| slisle@grsmb.com | *Attorneys for Defendant The Kroger Co.* |
| jfreiman@grsmb.com | |

# **CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1**

This is to certify that I have this day served a copy of the foregoing with the Clerk of Court using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

Shaun Moore, Esq.
Richard Parsons, Esq.
**Parsons Law, LLC**
208 Pirkle Ferry Road
Suite B
Cumming, GA 30040
678-314-1553
smoore@parsons-lawfirm.com
rparsons@parsons-lawfirm.com

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Dated this 10th day of May, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Sarah Raquel L. Lisle* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No.: 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:  (404) 870-7386 | Georgia State Bar No.: 412593 |
| Facsimile:   (404) 870-1033 | Jeremy A. Freiman |
| | Georgia State Bar No.: 786086 |
| | *Attorneys for Defendants* |