

DEFENDANT'S EXHIBIT A

MAIN OFFICE: (Oficina Principal)
Correspondence to:

201 Peachtree St. N.E., Ste. 200
Atlanta, GA 30303
TEL: (404) 952-2995
(770) 504-5644
(678) 207-0789
FAX: 1 (866) 641-4690
TEL: 1 (800) 585-5555

June 22, 2022

Sedgwick
Attn: Claims Department
P.O. 14452
Lexington, KY 40512

**Sent via U.S. Certified Mail #9489 0090 0027 6425 9869 70 - Return Receipt Requested & Fax to 801-251-9730**

Re:  Our Client       : Lee Grinston
     Claim No.        : **402105CA2GG-0001**
     Location         : 4715 S. Atlanta Rd. Se. Smyrna, GA 30080
     Date of Accident : 05/17/2021

To Whom It May Concern:

Please be advised that our client, Lee Grinston, sustained very serious, life-altering injuries as a result of the above-referenced incident, for which there is no question as to liability on the part of Kroger, whose employees failed to exercise due care in allowing the dangerous condition of a loose shelf to be present where patrons, such as our client, traversed. As a direct result of your employees' negligence, our client, who had been attempting to take an item off the shelf, was injured when the shelf fell onto his person. *See e.g. Rothberg v. Bradley*, 85 Ga. App. 477, 480 (Ga. Ct. App. 1952); *Fulton Ice & Coal Co. v. Pece*, 29 Ga. App. 507 (1923); *Tybee Amusement Co v. Odum*, 51 Ga. App. 1 (1935). Also be advised that we have received medical records pertaining to the above referenced client, thus we are hereby forwarding the enclosed for your review and to be included in your evaluation.

After the incident, continued pain and discomfort prompted Lee to embark upon an extended course of regular physical therapy and medical care. Subsequent CT-Scans revealed that he sustained *a herniated disc in his cervical spine*. Thereafter, Lee came under the care of a pain management specialist M.D., who prescribed additional medication. As such, his treating M.D. has now prescribed even more medications, as well as recommended *neck surgery*. In addition to the extreme pain and suffering that will be inflicted on him as a result of said surgery, Lee will also incur *hundreds-of-thousands of dollars in additional medical costs*.

It is our understanding from your correspondences that your insured maintains a bodily injury insurance policy. Pursuant to O.C.G.A. §9-11-67.1, we hereby make this time limited demand that you tender your insured's bodily injury insurance policy limits and protect your insured from the inevitable, and substantial, excess jury award for the damages caused by your insured. In exchange for your tender of your insured's bodily injury insurance policy limits and for signing affidavits in compliance with GA Code Ann. §9-11-67.1(a)(3), our client shall sign and deliver unto you a *limited bodily injury release* which shall release **Sedgwick Insurance Company**, and

your insured, **Kroger**, for bodily injury claims arising out of the underlying collision, more specifically, any bodily injury claims arising out of **Sedgwick Insurance Company claim #402105CA2GG-0001**. This offer to settle must be accepted in writing, to the address or fax number listed above, within thirty (30) days of receipt of this letter and shall naturally expire if not accepted within the stated time period.

Please deliver the proceeds check for the bodily injury insurance policy limits in the name of our client and our Firm's name only. Do not include any potential lien holder names. Our Tax ID number is 01-0786201. All checks should be delivered to our office located at 201 Peachtree Street N.E., Suite 200, Atlanta, GA 30303.

Performance and delivery of said proceeds in the form of check is the preferred method of acceptance. However, payment may be made pursuant to any one or more of the means set forth in O.C.G.A. §9-11-67.1(f). As an additional condition of acceptance, you shall also be required to deliver payment to this office not less than forty (40) days from your receipt of this letter. Be advised that we intend to offer this letter as evidence in any subsequent bad faith suit. *See e.g., Thomas v. Atlanta Cas. Co.*, 253 Ga. App. 199, 558 S.E.2d 432 (2001); *Great American Ins. Co. v. Exum*, 123 Ga. App. 515, 181 S.E.2d 704 (1971); *Southern General Ins. Co. v. Holt*, 262 Ga. 267, 416 S.E.2d 274 (1992); O.C.G.A. § 9-11-67.1.

Sincerely,

*/s/ Samantha D. Munnilal/*
Samantha D. Munnilal, Esq.