**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| REBECCA ELDERS-CAMERON, and ASHLEY CAMERON | |
| PLAINTIFF, | CIVIL ACTION NO. |
| v. | |
| ERIC ABSHIRE, TLXPRESS, LLC, and CANAL INSURANCE COMPANY, | |
| DEFENDANTS. | |

_____

**NOTICE OF REMOVAL**
_____

COME NOW, Defendants ERIC ABSHIRE, TLXPRESS, LLC, AND CANAL INSURANCE COMPANY ("Defendants") and hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice, Defendants state as follows:

**PROCEDURAL BACKGROUND AND PREREQUISITES**

1.     Plaintiffs commenced a civil action against Defendants on or about August 4, 2021, in the State Court of DeKalb County, State of Georgia, Civil Action File No. 21A03642 (the "Original State Court Action").

2.     With the consent of Plaintiffs, Defendants removed the case to the Northern District of Georgia, Atlanta Division on September 7, 2021, which was assigned Civil Action No. 1:21-cv-03711-CAP (the "Original Federal Court Action").

3.     Plaintiffs' prior counsel moved to withdraw from the Original Federal Court Action on July 22, 2022; Plaintiffs' counsel's Motion was granted by this Court on July 25, 2022.  The Court dismissed the Original Federal Court Action on October 27, 2022 for Plaintiffs' Failure to Show Cause.

4.     Plaintiffs commenced a civil renewal action against Defendants on or about April 14, 2023, in the State Court of DeKalb County, State of Georgia, Civil File No. 23A01631 (the "Renewal State Court Action").

5.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the Renewal State Court Action was filed on April 14, 2023. Defendant Canal Insurance Company was served with a copy of the Summons and Complaint in the Renewal State Court Action on April 17, 2023.  Defendant Eric Abshire received a copy of the Summons and Complaint on April 18, 2023, via certified mail. At present, no proof of service as to Defendant Abshire or Defendant TLXPress, LLC has been filed in the Renewal State Court Action.  However, Defendants Abshire and TLXPress consent to the removal of the instant Renewal State Court Action to

this Court.

6.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are copies of all process and pleadings served upon Defendants to date in the State Court Action. (*See* Ex. A.)

7.     A removal notice and a copy of the instant Notice of Removal shall be filed with the Clerk of the State Court of DeKalb County, State of Georgia, and shall be served on Plaintiffs.   A true and correct copy of the removal notice that the undersigned will file with the Clerk of the State Court for DeKalb County, State of Georgia is attached hereto as **Exhibit B**.

8.     Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because the State Court Action is currently pending in this Judicial District.

## Diversity Jurisdiction

9.     Removal of this action is proper under 28 U.S.C. § 1332 because the citizenships of the parties are fully diverse and the amount in controversy for Plaintiffs' claim is more than $75,000.00 exclusive of interest and costs.

### *Complete Diversity of Citizenship*

10.     Both at the time the Complaint was filed and at the time of filing this Notice of Removal, Plaintiffs Rebecca Elders-Cameron and Ashley Cameron are and have remained citizens of the State of Georgia.

11.    Defendant Eric Abshire is and has remained a citizen of the State of Alabama.

12.    Defendant TLXpress, LLC is an Alabama limited liability company with its principal place of business in Alabama.  Its two members are both residents of Alabama.  Jeff Brugmans resides at 128 Wild Timber Parkway, Pelham, Alabama 35124, and Daniel Edgecombe resides at 7319 Highway 10, Montevallo, Alabama, 35115.  As a result, Defendant TLXpress, LLC is considered a citizen of the State of Alabama for the purposes of diversity jurisdiction analysis.

13.    Defendant Canal Insurance Company is a South Carolina corporation with its principal place of business in South Carolina, and as a result, is considered a citizen of the State of South Carolina for the purposes of diversity jurisdiction analysis.

14.    Accordingly, there exists complete diversity of citizenship between Plaintiffs and Defendants.

### *Amount in Controversy*

15.    Plaintiffs' Complaint alleges special damages for medical expenses incurred by both Plaintiffs as a result of claimed serious injuries, as well as unknown future medical expenses, and future medical non-economic damages for pain and suffering, inconvenience, and other damages. (Compl. ¶¶ 46 - 52.)  Plaintiffs also

claim lost wages as a result of the accident. (Compl. ¶¶ 50, 52.)  Furthermore, Plaintiffs' Complaint seeks the recovery of punitive damages. (Compl. ¶ 53.) Additionally, Plaintiffs both claim they are continuing treatment for their injuries, and will continue to incur future medical expenses, as well as other unspecified costs and expenses. (Compl. ¶¶ 49 - 52.)  Plaintiff Elders-Cameron alleges medical special damages in excess of $62,515.21, and further claims lost wages in an unspecified amount. (Compl. ¶ 49, 50.)  Plaintiff Cameron alleges medical special damages in excess of $60,647.90, and claims lost wages in an unspecified amount. (Compl. ¶ 51, 52.)

16.    In circumstances such as those presented in the instant case, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  Plaintiffs have claimed compensatory damages, including non-economic damages and special damages in the form of present and future medical expenses, pain and suffering, and lost wages.

17.    Unspecified claims for general damages may be used to satisfy the amount in controversy requirement for removal. *See Buescher v. Falcon Mezzanine Partners, LP*, No. 7:07-CV-89 (HL), 2008 U.S. Dist. LEXIS 41809, at *10 (M.D. Ga. 2008) (confirming that it is "undoubtedly true" that the Eleventh Circuit permits

litigants to use general damages to satisfy the amount in controversy requirement); *Turner v. Wal-Mart Stores, Inc.*, No. 7:11-CV-181 (HL), 2012 U.S. Dist. LEXIS 2428, \*3 (M.D. Ga. 2012) (finding alleged special damages totaling $58,652.94 and unspecified general damages were sufficient for amount in controversy requirement). Claims for punitive damages may also be considered for purposes of determining the amount in controversy in the removal analysis. *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014). When accompanied by evidence, the Court is permitted to use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in assessing amount in controversy. *Pretka*, 608 F.3d at 754.

18.     Accordingly, based on Plaintiffs' allegations and the evidence of special damages incurred to date presented by Plaintiffs in their demands, the amount in controversy in this case exceeds $75,000.00.

**WHEREFORE**, for the foregoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441. Defendants respectfully request that this action proceed before this Court.

Respectfully submitted this 11th day of May 2023.

O'DANIEL McDONALD, LLC

*/s/Clay S. O'Daniel*
Clay S. O'Daniel
Georgia Bar No. 843070
William S. Weston
Georgia Bar No. 929666
9040 Roswell Road, Suite 500
Atlanta, GA 30350
(404) 419-6300
(404) 419-6301 fax
codaniel@odmclaw.com
wweston@odmclaw.com

Attorneys for Defendants

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with

one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

This 11th day of May 2023.

/s/Clay S. O'Daniel
Clay S. O'Daniel

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have this day served the Plaintiffs' counsel of record with a copy of the within and foregoing **NOTICE OF REMOVAL** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

DeAndre V. Rivers
The Rivers Law Group
120 West Trinity Place
Atlanta, GA 30030
drivers@pmlawteam.com

This 11th day of May 2023.

/s/Clay S. O'Daniel
Clay S. O'Daniel

EXHIBIT A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| REBECCA ELDERS-CAMERON and | § | |
| ASHLEY CAMERON | § | |
| Plaintiff, | § | |
| | § | |
| | § | Case Number:   23A01631 |
| v. | § | |
| ERIC ABSHIRE, TLXPRESS, L.L.C. | § | |
| and CANAL INSURANCE COMPANY | § | |
| Defendant, | § | |

### ORIGINAL COMPLAINT AND RENEWAL OF CASE

COMES NOW, REBECCA ELDERS-CAMERON AND ASHLEY CAMERON, and hereby file this Original Complaint and Renewal of Case against DEFENDANTS ERIC ABSHIRE, TLXPRESS, L.L.C., AND CANAL INSURANCE COMPANY, and would show this Honorable Court as follows:

### RELEVANT PROCEDURAL HISTORY

1.

This action stems from a motor vehicle collision on I-85 South and Pleasantdale Road that involved the Plaintiffs, Rebecca Elders-Cameron and Ashley Cameron, and Defendant Eric Abshire Plaintiffs filed their Original Complaint in DeKalb County on August 4, 2021. The Complaint was dismissed without prejudice on October 27, 2022. The plaintiffs have confirmed with the Northern District of Georgia that all court costs with respect to the original action have been paid, so there are no outstanding costs.

2.

1

Pursuant to O.C.G.A §9-11-41 and O.C.G.A § 9-2-61, Plaintiffs now file this renewal lawsuit. The plaintiffs would ask this Court to take judicial notice of the original action filed in Dekalb County style 21-A-03642 and take judicial notice of all filings therein.

3.

The judicial record in Case Number 21-A-03642 will affirmatively show that the original action was a valid lawsuit and not void. The judicial record in case number 21-A-03642 affirmatively shows Defendants were personally served in the following manner: TLXpress, LLC on August 17, 2021; Eric Abshire on August 12, 2021; and Canal Insurance Company on August 12, 2021.  Therefore, service was perfected in the original prior action and is a valid lawsuit and renewal is allowed.

## PARTIES, JURISDICTION, AND VENUE

4

Plaintiff **Rebecca Elders-Cameron** (hereinafter "Plaintiff" or "Elders-Cameron") is a citizen of this state and is subject to the jurisdiction of this Court.

5.

Plaintiff **Ashley Cameron** (hereinafter "Plaintiff" or "Cameron") is a citizen of this state and is subject to the jurisdiction of this Court.

6.

Defendant **Eric Abshire** (hereinafter "Abshire") is an Alabama citizen and is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-93.

7.

Defendant TLXpress, L.L.C. (hereinafter" TLXpress") is a domestic limited liability company with its registered office located at 128 Wild Timber Parkway, Pelham, Alabama 35124. Defendant TLXpress is subject to this jurisdiction of this Court and may be served through its registered agent, Jeff Brugmans, at 128 Wild Timber Parkway, Pelham, Alabama 35124.

8.

Defendant Canal Insurance (hereinafter "Canal") is a foreign insurance company that is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-11-112 et seq., O.C.G.A. § 40-2-140 et seq., and other applicable law, and may be served with process through its registered agent, Corporation Service Company, at its registered address, 2 Sun Court, Suite 400 Peachtree Corners, Georgia 30092.

9.

The venue is proper in this Court pursuant to § 40-1-117, Ga. Const. art VI § 2, ¶ IV, and other applicable laws.

**FACTS**

10.

Paragraphs 1-9 are hereby re-incorporated and re-alleged as though fully set forth herein.

11.

On May 4, 2020,  Plaintiff Elder-Cameron and her passenger, Plaintiff Cameron, were traveling south on Interstate 85 near its intersection with Pleasantdale Road.

12.

At said time and place, Defendant Abshire was driving a commercial motor vehicle southbound in a lane immediately to the left of the lane in which Plaintiff was traveling.

13.

The commercial motor vehicle operated by Defendant Abshire was owned and operated by Defendant TLXpress.

14.

At all relevant times, Defendant Abshire acted in the course and scope of his employment with Defendant TLXpress and operated the commercial motor vehicle under Defendant TLXpress's United States Department of Transportation authority.

15.

At said time and place, Defendant Abshire attempted a lane change and struck the driver's side of the vehicle in which the plaintiffs were traveling.

16.

The plaintiffs were seriously injured in the collision.

17.

Had Defendant Abshire maintained a lookout for other vehicles, Plaintiff's vehicle would not have been struck,

18.

At all relevant times, the Plaintiffs acted with reasonable care under the existing conditions and circumstances.

4

## **NEGLIGENCE OF DEFENDANT ERIC ABSHIRE**

19.

Paragraphs 1-18 are hereby re-incorporated and re-alleged as though fully set forth herein.

20.

At all times relevant to this Complaint, Defendant Abshire had a duty to exercise ordinary care in driving his commercial vehicle and comply with Georgia law and applicable Federal Motor Carrier Safety Regulations

21.

Defendant Abshire failed to exercise ordinary care and was negligent in the following ways:

a)  Improper lane change in violation of O.C.G.A. § 40-6-48;

b)  Failure to maintain a proper lookout for other vehicles;

c)  Failure to exercise due care in operating a motor vehicle on the highway;

d)  Failure to comply with the Federal Motor Carrier Safety Regulations; and

e)  Other acts of negligence that may be proven at trial.

22.

Defendant Abshire failed to operate the commercial motor vehicle due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiffs.

23.

Defendant Abshire negligence proximately caused the subject motor vehicle collision.

5

24.

Plaintiff sustained injuries and incurred damages as a direct and proximate result of Defendant Abshire's negligence.

25.

Defendant Abshire is liable to Plaintiffs for all damages allowable under Georgia Law.

**COUNT II-DEFENDANT TLXPRESS LLC'S VICARIOUS LIABILITY**

26.

Paragraphs 1-25 are hereby re-incorporated and re-alleged as though fully set forth herein.

27.

At all times relevant to this Complaint, Defendant Abshire acted in the course and scope of his employment with Defendant TLXpress.

28.

At the time of the subject collision, Defendant Abshire was under dispatch for Defendant TLXpress

29.

At the time of the subject collision, Defendant Abshire was operating the commercial motor vehicle on behalf of Defendant TLXpress and in furtherance of the company's business.

30.

Defendant TLXpress is an interstate motor carrier and pursuant to federal and state laws, is responsible for the actions of Defendant Abshire as described in this Complaint under the doctrine of respondeat superior, vicarious liability, and agency principles and is liable for all damages caused by Defendant Abshire's acts and omissions.

6

## COUNT III-NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION, AND ENTRUSTMENT

### 31.

Paragraphs 1-30 are hereby re-incorporated and re-alleged as though fully set forth herein.

### 32.

Defendant TLXpress had a duty to exercise ordinary care in hiring, retaining, supervising, and training its employees, including Defendant Abshire; not to entrust Defendant Abshire with a vehicle and with knowledge of his incompetency; and to implement industry standards and federal law regarding the safe operation and management of vehicles.

### 33.

Defendant Abshire was negligent in failing to adhere to routine and common industry standards regarding the operation of the motor vehicle at issue, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

### 34.

Defendant TLXpress was negligent in hiring Defendant Abshire, retaining him, and entrusting him to drive its motor vehicle

### 35.

Defendant TLXpress was negligent in failing to supervise Defendant Abshire properly.

### 36.

Defendant TLXpress had knowledge of, or in the exercise of reasonable care should have known of, the negligence discussed here and the dangerous conditions created by its actions, and

7

Defendant TLXpress is liable for the negligent supervision, hiring, training and retention of their management, agents, and employees and the entrustment of said vehicle to said management, agents, and employees, including but not limited to, Defendant Abshire.

37.

Defendant TLXpress' direct acts of negligence proximately caused the collision and Plaintiffs' injuries.

## COUNT IV-NEGLENT INSPECTION, MAINTENANCE & REPAIR

38.

Paragraphs 1-37 are hereby re-incorporated and re-alleged as though fully set forth herein.

39.

Defendant TLXpress was negligent in failing to properly inspect, maintain and repair the motor vehicle driven by Defendant Abshire and failed to ensure it was in proper working order.

40.

Defendant TLXpress' negligence in failing to properly inspect, maintain and repair the motor vehicle driven by Defendant Abshire proximately caused Plaintiffs' injuries.

## COUNT V-DIRECT ACTION

41.

Paragraphs 1-40 are hereby re-incorporated and re-alleged as though fully set forth herein.

8

42.

Defendant Canal is subject to a direct action pursuant to O.C.G.A. § 40-1-112 *et seq.,* O.C.G,A. § 40-2-140 *et seq.,* and other applicable law as the insurer for motor carrier Defendant TLXpress

43.

Defendant Canal was the insurer of Defendant TLXpress at the time of the subject indictment and issued a liability policy to comply with the filing requirements under Georgia law.

44.

Defendant Canal is responsible for any judgment rendered against Defendant TLXpress and Defendant Abshire.

## COUNT VI-DAMAGES

45.

Paragraphs 1-44 are hereby re-incorporated and re-alleged as though fully set forth herein.

46.

Plaintiff's sustained injuries and damages which were directly and proximately caused by the negligence of the Defendants.

47.

But for the negligence of the Defendants, Plaintiffs would not have suffered serious physical injury and pain, mental pain and suffering, inconvenience, and other injuries and dames as proven at trial of this matter

48.

The defendants' negligence proximately caused the Plaintiffs' injuries and symptoms that gave rise to the need for Plaintiffs' medical treatments.

49.

As a result of the Defendants negligence, Plaintiff Elders-Cameron sustained serious injuries and incurred past medical expenses in excess of $62,515.21. Plaintiff Elders-Cameron continues to treat for her injuries related to the accident, and her future medical expenses are unknown at this time.

50.

As a result of the Defendant's negligence, Plaintiff Elders-Cameron has incurred reasonable necessary and continuing medical expenses and lost wages from the injuries and will continue to incur expenses in the future in the amount to be proven at trial.

51.

As a result of Defendant's negligence, Plaintiff Cameron sustained serious injuries and incurred past medical expenses in excess of $60,647.90. Plaintiff Cameron continues to treat for her injuries related to the accident and her future medical expenses are unknown at this time.

52.

As a result of the Defendant's negligence, Plaintiff Cameron has incurred reasonable, necessary, and continuing medical expenses and lost wages from the injuries and will continue to incur the costs in the future in the amount to be proven at trial

10

53.

Plaintiffs are entitled to recover punitive damages, from each of the Defendants, pursuant to O.C.G.A. § 51-12-5.1 because the actions of Defendants and their agents and employees showed an entire want of care which would raise the presumption of conscious indifference to consequences.   Accordingly, the Plaintiffs are entitled to recover punitive damages from each of the defendants in accordance with the enlightened conscience of an impartial jury.

**WHEREFORE,** Plaintiff pray that they have a jury trial on all issues and judgment against Defendants as follows:

a.      That Plaintiffs recover the full value of their past and future medical expenses in an amount to be proven at trial;

b.      That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.      That Plaintiffs recover for their permanent disability and loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

d.      That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

e.      That Plaintiffs recover such other and further relief as is just and proper

*DeAndre V. Rivers*

_____

*Georgia Bar No093009*

STATE COURT OF
DEKALB COUNTY, GA.
4/14/2023 11:43 AM
E-FILED
BY: Monica Gay

The Rivers Law Group
120 West Trinity Place
Atlanta, Georgia 30030
Telephone: (678) 882-0895
Fax: (866) 223-1109
drivers@pmlawteam.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| REBECCA ELDERS-CAMERON and ASHLEY CAMERON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action File No. 21A03642 |
| ERIC ABSHIRE, TLXPRESS, LLC and CANAL INSURANCE COMPANY, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) | |

## **COMPLAINT**

COME NOW Rebecca Elders-Cameron and Ashley Cameron, Plaintiffs in the above-styled action, and bring this Complaint against Defendants Eric Abshire, TLXpress, LLC and Canal Insurance Company, and in support hereof, shows the Court as follows:

## **PARTIES AND JURISDICTION**

1.

Plaintiff Rebecca Elders-Cameron (hereinafter "Elders-Cameron") is a citizen of this state and is subject to the jurisdiction of this Court.

2.

Plaintiff Ashley Cameron (hereinafter "Cameron") is a citizen of this state and is subject to the jurisdiction of this Court.

3.

Defendant Eric Abshire (hereinafter "Abshire") is an Alabama citizen and is subject to the jurisdiction of this court pursuant to O.C.G.A. § 9-10-93.

1

4.

Defendant TLXpress, LLC (hereinafter "TLXpress") is a domestic limited liability company with its registered office located at 128 Wild Timber Parkway, Pelham, Alabama 35124.  Defendant TLXpress is subject to the jurisdiction of this Court and may be served through its registered agent, Jeff Brugmans, at 128 Wild Timber Parkway, Pelham, Alabama 35124.

5.

Defendant Canal Insurance Company (hereinafter "Canal") is a foreign insurance company that is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-1-112 et seq., O.C.G.A. § 40-2-140 et seq., and other applicable law, and may be served with process through its registered agent, Corporation Service Company, at its registered address, 2 Sun Court, Suite 400 Peachtree Corners, Georgia 30092.

6.

Venue is proper in this Court pursuant to O.C.G.A. § 40-1-117, Ga. Const. art. VI, § 2, ¶ IV, and other applicable laws.

## **BACKGROUND**

7.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 6 as if fully restated herein.

8.

On May 4, 2020, Plaintiff Elder-Cameron and her passenger, Plaintiff Cameron, were travelling south on Interstate 85 near its intersection with Pleasantdale Road.

9.

At said time and place, Defendant Abshire was driving a commercial motor vehicle southbound in a lane immediately to the left of lane in which Plaintiffs were travelling.

10.

The commercial motor vehicle operated by Defendant Abshire was owned and operated by Defendant TLXpress.

11.

At all relevant times, Defendant Abshire was acting in the course and scope of his employment with Defendant TLXpress and was operating the commercial motor vehicle under Defendant TLXpress's United States Department of Transportation authority.

12.

At said time and place, Defendant Abshire attempted a lane change and struck the driver's side of the vehicle in which Plaintiffs were travelling.

13.

Plaintiffs were seriously injured in the collision.

14.

Had Defendant Abshire maintained a lookout for other vehicles, Plaintiffs' vehicle would not have been struck.

15.

At all relevant times, Plaintiffs acted with reasonable care under the existing conditions and circumstances.

16.

Plaintiffs did not cause or contribute to the collision.

## COUNT I – NEGLIGENCE OF DEFENDANT ERIC ABSHIRE

17.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 16 as if fully restated herein.

18.

At all times relevant to this Complaint, Defendant Abshire had a duty to exercise ordinary care in driving his commercial motor vehicle and comply with Georgia law and applicable Federal Motor Carrier Safety Regulations.

19.

Defendant Abshire failed to exercise ordinary care and was negligent in the following ways:

a)  Improper lane change in violation of O.C.G.A. § 40-6-48;

b)  Failure to maintain a proper lookout for other vehicles;

c)  Failure to exercise due care in operating a motor vehicle on the highway;

d)  Failure to comply with the Federal Motor Carrier Safety Regulations; and

e)  Other acts of negligence that may be proven at trial.

20.

Defendant Abshire failed to operate the commercial motor vehicle with due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiffs.

21.

Defendant Abshire's negligence proximately caused the subject motor vehicle collision.

22.

As a direct and proximate result of Defendant Abshire's negligence, Plaintiffs sustained serious injuries and incurred damages.

23.

Defendant Abshire is liable to Plaintiffs for all damages allowable under Georgia law.

## COUNT II – DEFENDANT TLXPRESS LLC'S VICARIOUS LIABILITY

24.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 23 as if fully restated herein.

25.

At all times relevant to this Complaint, Defendant Abshire was acting in the course and scope of his employment with Defendant TLXpress.

26.

At the time of the subject collision, Defendant Abshire was under dispatch for Defendant TLXpress.

27.

At the time of the subject collision, Defendant Abshire was operating the commercial motor vehicle on behalf of Defendant TLXpress and in furtherance of the company's business.

28.

Defendant TLXpress is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Abshire as described in this Complaint under the doctrine of respondeat superior, vicarious liability and agency principles and is liable for all damages caused by Defendant Abshire's acts and omissions.

## COUNT III – NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION, AND ENTRUSTMENT

29.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 28 as fully restated herein.

30.

Defendant TLXpress had a duty to exercise ordinary care in hiring, retaining, supervising and training its employees, including Defendant Abshire; not to entrust Defendant Abshire with a vehicle with knowledge of his incompetency; and to implement industry standards and federal law regarding the safe operation and management of its vehicles.

31.

Defendant Abshire was negligent in failing to adhere to routine and common industry standards regarding operation of the motor vehicle at issue, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

32.

Defendant TLXpress was negligent in hiring Defendant Abshire, retaining him, and entrusting him to drive its motor vehicle.

33.

Defendant TLXpress failed to properly train Defendant Abshire.

34.

Defendant TLXpress was negligent in failing to properly supervise Defendant Abshire.

35.

Defendant TLXpress had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous conditions created by its

6

actions, and Defendant TLXpress is liable for the negligent supervision, hiring, training and retention of their management, agents and employees and the entrustment of said vehicle to said management, agents and employees, including but not limited to, Defendant Abshire.

36.

Defendant TLXpress' direct acts of negligence proximately caused the collision and Plaintiffs' injuries.

## COUNT IV – NEGLIGENT INSPECTION, MAINTENANCE & REPAIR

37.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 36 as if fully restated herein.

38.

Defendant TLXpress was negligent in failing to properly inspect, maintain and repair the motor vehicle driven by Defendant Abshire and failed to ensure it was in proper working order.

39.

Defendant TLXpress' negligence in failing to properly inspect, maintain and repair the motor vehicle driven by Defendant Abshire proximately caused Plaintiffs' injuries.

## COUNT V – DIRECT ACTION

40.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 39 as if fully restated herein.

41.

Defendant Canal is subject to a direct action pursuant to O.C.G.A. § 40-1-112 *et seq*., O.C.G.A. § 40-2-140 *et seq*., and other applicable law as the insurer for motor carrier Defendant TLXpress.

42.

Defendant Canal was the insurer of Defendant TLXpress at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law.

43.

Defendant Canal is responsible for any judgment rendered against Defendant TLXpress and Defendant Abshire.

## COUNT VI – DAMAGES

44.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 43 as if fully restated herein.

45.

Plaintiffs sustained injures and damages which were directly and proximately caused by the negligence of the Defendants.

46.

But for the negligence of the Defendants, Plaintiffs would not have suffered serious physical injury and pain, mental pain and suffering, inconvenience, and other injuries and damages as proven at the trial of this matter.

47.

Defendants' negligence proximately caused Plaintiffs' injuries and symptoms that gave rise to the need for Plaintiffs' medical treatments.

48.

As a result of Defendants' negligence, Plaintiff Elders-Cameron sustained serious injuries and incurred past medical expenses in excess of $62,515.21.  Plaintiff Elders-Cameron continues to treat for her injuries related to the accident and her future medical expenses are unknown at this time.

49.

As a result of Defendants' negligence, Plaintiff Elders-Cameron has incurred reasonable, necessary and continuing medical expenses and lost wages from the injuries and will continue to incur expenses in the future in the amount to be proven at trial.

50.

As a result of Defendants' negligence, Plaintiff Cameron sustained serious injuries and incurred past medical expenses in excess of $60,647.90.  Plaintiff Cameron continues to treat for her injuries related to the accident and her future medical expenses are unknown at this time.

51.

As a result of Defendants' negligence, Plaintiff Cameron has incurred reasonable, necessary and continuing medical expenses and lost wages from the injuries and will continue to incur expenses in the future in the amount to be proven at trial.

52.

Plaintiffs are entitled to recover punitive damages, from each of the Defendants, pursuant to O.C.G.A. § 51-12-5.1 because the actions of Defendants and their agents and employees showed

an entire want of care which would raise the presumption of conscious indifference to consequences.  Accordingly, Plaintiffs are entitled to recover punitive damages from each of the defendants in accordance with the enlightened conscience of an impartial jury.

**WHEREFORE**, Plaintiffs pray that they have a jury trial on all issues and judgment against Defendants as follows:

a.   That Plaintiffs recover the full value of their past and future medical expenses in an amount to be proven at trial;

b.   That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.   That Plaintiffs recover for their permanent disability and loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

d.   That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

e.   That Plaintiffs recover such other and further relief as is just and proper

Respectfully submitted,

*/s/ Campbell Williamson*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia bar No. 557510
Attorneys for Plaintiff

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000

STATE COURT OF
DEKALB COUNTY, GA.
8/4/2021 6:17 PM
E-FILED
BY: Siana Smith

10

_/s/ Kathleen M. Edwards-Opperman_
Kathleen M. Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000

11

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of _Dekalb_ County

| For Clerk Use Only | |
|---|---|
| Date Filed _4/14/2023_<br>**MM-DD-YYYY** | Case Number _23A01631_ |

**Plaintiff(s)**

| _Cameron_ | _Ashby_ | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| _Cameron-Elders_ | _Rebecca_ | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| _Abshire_ | _Eric_ | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| _TLXpress, LLC_ | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| _Canal Industries_ | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _DeAndre Rivers_   Bar Number _003009_   Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_21A03642_   _____
Case Number           Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

STATE COURT OF
DEKALB COUNTY, GA.
4/14/2023 11:43 AM
E-FILED
BY: Monica Gay

IN THE SUPERIOR/STATE COURT OF ___DeKalb___ COUNTY

**STATE OF GEORGIA**

Rebecca Elders-Cameron CIVIL ACTION NUMBER 23A01631

Ashley Cameron

_____

**PLAINTIFF**

Vs.

Eric Apshire

TLXpress, LLC

Canal Insurance Company

**DEFENDANT**

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

The Rivers Law Group
120 West Trinity Place
Decatur, Ga 30030

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of ___4/14/2023___, _____.

Clerk of Superior Court/State Court

/s/ Monica Gay

By:_____

Deputy Clerk

SC-1 Rev. 85

**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| REBECCA ELDERS-CAMERON, | * | |
| and ASHLEY CAMERON | * | |
| | * | |
|     Plaintiffs, | * | |
| | * | CIVIL ACTION NO. |
| v. | * | |
| | * | 23A01631 |
| ERIC ABSHIRE; | * | |
| TLXPRESS, LLC; and | * | |
| CANAL INSURANCE COMPANY, | * | |
| | * | |
|     Defendants. | * | |

---

**NOTICE OF REMOVAL**

---

TO:    DeKalb State Court Clerk
          556 N. McDonough Street
          Room 270
          Decatur, Georgia 30030

COME NOW, Defendants Eric Abshire, TLXpress, LLC, and Canal Insurance Company ("Defendants"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby give notice of removal of this action from the State Court of DeKalb County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.  Attached hereto as **Exhibit "A"** is the Notice of Removal Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 that was filed today, May 11, 2023, with the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 11th day of May 2023.

O'DANIEL McDONALD, LLC

/s/Clay S. O'Daniel
Clay S. O'Daniel
Georgia Bar No. 843070
William S. Weston
Georgia Bar No. 929666
9040 Roswell Road, Suite 500
Atlanta, GA 30350-3939
(404) 419-6300
(404) 419-6301 (fax)
codaniel@odmclaw.com
wweston@odmclaw.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney does hereby certify that a true and correct copy of the within and foregoing NOTICE OF REMOVAL was duly served upon all counsel of record by using the Odyssey eFileGA system for service to Plaintiffs' below counsel of record:

DeAndre V. Rivers
The Rivers Law Group
120 West Trinity Place
Atlanta, GA 30030
drivers@pmlawteam.com

This 11th day of May 2023.

<u>/s/Clay S. O'Daniel</u>
Clay S. O'Daniel