## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **VICENTA CABRERA**, ) | |
| ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | **CIVIL ACTION FILE** |
| ) | **NO. _____** |
| **MAINLINE AVIATION LLC,** ) | |
| **GOLDBERGS GROUP LLC,** ) | |
| **FLEXIBLE STAFFING SOLUTIONS,**) | |
| **INC.**, and **WAYNE SAXE** ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff VICENTA A. CABRERA ("Plaintiff") who files this lawsuit against Defendants MAINLINE AVIATION LLC, GOLDBERGS GROUP LLC, FLEXIBLE STAFFING SOLUTIONS, INC., and WAYNE SAXE (collectively "Defendants"), and shows the following:

### Nature of Complaint

1.

This is a civil action for actual and liquidated damages, arising from Defendants' violations of Plaintiff's statutorily protected rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.

1

2.

This is further a civil action for compensatory damages, arising from Defendants' violations of Plaintiff's statutorily protected rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq*.

## **Jurisdiction and Venue**

3.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), pursuant to 28 U.S.C. § 1337 (regulating trade and commerce), and pursuant to 28 U.S.C. §1343(a)(4) (civil rights).

4.

The jurisdiction of this Court is further invoked pursuant to section 29 U.S.C. § 216(b), as it relates to Plaintiff's claims under the FLSA.

5.

The jurisdiction of this Court is further invoked pursuant to 42 U.S.C. § 2005e-5(f)(3), as it relates to Plaintiff's claims under Title VII.

6.

Venue is proper in the U.S. District Court for the Northern District of Georgia because, pursuant to 28 U.S.C. § 1391(a)(2), a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district, at the plant owned by Defendants MAINLINE AVIATION LLC and GOLDBERGS

GROUP LLC, located at 2200 Maynard H. Jackson Service Road, Atlanta GA 30354.

7.

Venue is likewise proper because, pursuant to 28 U.S.C. § 1391(a)(1), the Defendants all reside in this judicial district. According to the Georgia Secretary of State, Defendants MAINLINE AVIATION LLC and GOLDBERGS GROUP LLC are Georgia domestic corporations with their principal place of business at 1700 Enterprise Way, Suite 101, Marietta, GA 30067. Meanwhile, Defendant FLEXIBLE STAFFING SOLUTIONS INC. is an Illinois foreign-registered corporation, with a registered agent at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

**Parties**

8.

Plaintiff VICENTA CABRERA is a 46-year old lawful Permanent Resident of the United States, originally from El Salvador. During the relevant time period, she has been a resident of the State of Georgia.

9.

Defendant MAINLINE AVIATION LLC is a Georgia domestic corporation, which was incorporated in November 2020. Among other things, the company is in the business of catering and provisioning foods for airline carriers

3

like Delta Air Lines. The corporation may be served with process, by delivering a copy of the summons and complaint to its individual CEO and registered agent, Wayne Saxe, at 1700 Enterprise Way, Suite 101, Marietta GA 30067.

10.

Defendant GOLDBERGS GROUP LLC is also a Georgia domestic corporation. The corporation may be served with process by delivering a copy of the summons and complaint to its individual CEO and registered agent, Wayne Saxe, at 1700 Enterprise Way, Suite 101, Marietta GA 30067.

11.

Defendant FLEXIBLE STAFFING SOLUTIONS INC. is Illinois corporation, registered to conduct business in Georgia since October 2010. Upon information and belief, FLEXIBLE STAFFING SOLUTIONS INC. provided staffing solutions and services to Defendants MAINLINE AVIATION LLC and GOLDBERGS GROUP LLC during the relevant time period. The corporation may be served with process, by delivering a copy of the summons and complaint to its registered agent in Georgia, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## ADMINISTRATIVE PROCEEDINGS

12.

Jurisdiction over the Title VII claims is appropriate because on September 27, 2021, within 180 days of the last act of discrimination, Plaintiff filed Equal Employment Opportunity Commission ("EEOC") Charge number 410-2022-00048 regarding discrimination based on race and national origin in violation of Title VII. A true and correct copy is attached hereto as Exhibit A and by this reference made a part hereof.

13.

No right to sue has yet been issued, and therefore the Title VII claims are not yet ripe. Plaintiff anticipates filing a motion to Stay the Title VII claims proceedings until the processing of the charge by the EEOC.

14.

All causes of action that arise out of the Charge are properly included in this Complaint. Plaintiff's Title VII claims may be barred by *res judicata* if not brought together with her FLSA claim in this same proceeding.

## **FACTS**

15.

Defendants MAINLINE AVIATION LLC and GOLDBERGS GROUP LLC are Georgia corporations in the food and beverage industry. Among other things, the companies are in the business of providing catering and provisioning

services for airline carriers like Delta Air Lines.

16.

Defendants MAINLINE AVIATION LLC and GOLDBERGS GROUP LLC have their principal headquarters at 1700 Enterprise Way, Suite 101, Marietta GA 30067.

17.

To provide its catering and provisioning services, Defendant MAINLINE AVIATION LLC owns and operates a food and beverage packaging plant located at 2200 Maynard H. Jackson Service Road, Atlanta GA 30354.

18.

In March 2021, Plaintiff was placed at the MAINLINE AVIATION LLC plant by FLEXIBLE STAFFING SOLUTIONS INC.  Plaintiff remained employed by the staffing agency, FLEXIBLE STAFFING SOLUTIONS INC., until May 5, 2021.

19.

On or around May 5, 2021, Federal agents conducted an immigration raid at the MAINLINE AVIATION LLC plant, forcing the company to let go a substantial part of its undocumented staff.

20.

On May 5, 2021, Defendant MAINLINE AVIATION LLC extended an offer of direct employment to Plaintiff because, as a lawful Permanent Resident of the United States, she was one of the few remaining staff who was authorized to work legally.

21.

Plaintiff was asked to fill out a job application. Once hired officially, she was given a badge bearing the company logo of Defendant MAINLINE AVIATION LLC. The badge lists her title as plant "Assembler".

22.

When she initially applied to work at MAINLINE AVIATION LLC, a Human Resources representative told Plaintiff that she would be compensated at a base pay rate of $16 per hour.

23.

When she initially applied to work at MAINLINE AVIATION LLC, a Human Resources representative further told Plaintiff that she would receive a *weekly* paycheck, on Wednesdays.

24.

From May 5, 2021, until her termination on June 11, 2021, Plaintiff worked seven days per week, without any days off.

25.

During the relevant five week period, Plaintiff's regular schedule was nominally from 2:00 p.m. to 10:00 p.m. daily. However, management appears to have had a relaxed policy towards employee overtime hours. Plaintiff sought to take advantage of this opportunity to support her family. Consequently, she worked an additional two hours of overtime per day. Effectively, this made her daily work schedule 2:00 p.m.-midnight, for a total of 10 work hours per day or 70 hours per week.

26.

Plaintiff thus worked 30 hours of overtime per week, during the relevant period of May 5, 2021, through June 11, 2021.

27.

Despite all this, Plaintiff received no pay for the entire five week term of employment.

28.

The company therefore did not timely compensate Plaintiff, for either base pay or overtime.

29.

Plaintiff also alleges that she was forced to endure a racially-charged and hostile work environment.

30.

As a Hispanic woman and immigrant unable to speak fluent English, Plaintiff was frequently mocked, and humiliated by co-workers and supervisors about her race/nationality and her limited English proficiency.

31.

Additionally, Plaintiff was not provided with lunch during her break. All other employees on the shift had their lunch provided by the company.

32.

Multiple co-workers witnessed Plaintiff's disrespectful, discriminatory, disparate, and hostile work environment.

33.

At one point, one empathetic co-worker even offered to loan her some funds, simply so she could pay some recurring bills.

34.

When Plaintiff inquired when she should expect her first paycheck, she was ignored and dismissed.

35.

On her last request, she was sent to no less than five different company departments, where she could finally "pick up" her elusive paycheck.

36.

On June 10, 2021, Plaintiff was promised that her paycheck would be "ready" by the following day, as one "lump sum" payment.

37.

For reasons unknown, it appears that Defendant MAINLINE AVIATION LLC next contacted Defendant FLEXIBLE STAFFING SOLUTIONS INC. and asked that it produce four paychecks for Plaintiff.

38.

Plaintiff alleges that, in so doing, Defendant MAINLINE AVIATION LLC was trying to limit its legal liability after Plaintiff had made numerous complaints to the corporation supervisors about taking legal action following her experience of working, week-after-week, without any paycheck whatsoever.

39.

On June 11, 2021, a representative of Defendant FLEXIBLE STAFFING SOLUTIONS INC. hand-delivered four paychecks to Plaintiff, one for each of four weeks.

40.

All checks have the same June 10, 2021 date of issue, and each of the four paychecks bizarrely claim to be compensating Plaintiff for the same week of employment – that is, May 31 to June 6, 2021.

41.

Plaintiff did not, moreover, work four weeks but rather five full weeks *plus* two days, during the relevant period of May 5 to June 11, 2021.

42.

During the five full weeks, Plaintiff generally worked from 2pm to midnight with a one-hour lunch break. She also sometimes stayed and worked the second shift which extended her hours until 6am.

43.

Altogether, the four paychecks incorrectly claimed that Plaintiff worked a total 151.22 regular hours and 5.77 overtime hours.

44.

The four paychecks totaled a gross amount of $1,918.50, including $1,814.64 in regular pay and $103.86 in overtime pay.

45.

Plaintiff estimates that she actually worked 216 regular hours and at least 150 overtime hours, during the relevant time period of May 5 to June 11, 2021.

46.

Defendant MAINLINE AVIATION LLC also did not honor its original promise of compensating Plaintiff at a regular rate of $16 per hour. Instead, the late-arriving paychecks compensated her at $12 per hour.

47.

Plaintiff is entitled to a total of $3,456 in regular compensation ($16 per hour x 216 regular hours). As she was paid $1,814.64 in regular pay, there is a deficit in regular pay of $1,641.36.

48.

Plaintiff is entitled to at least $3,600 in overtime compensation ($16 per hour x 1.5 x 150 hours) and likely more than this based on her second shift hours. Plaintiff did not work overtime on either June 10 or June 11, 2021. As she was paid $103.86 in overtime pay, there is a deficit of at least $3,496.14.

49.

Plaintiff is entitled to additional total compensation of at least $5,137.50 in unpaid wages plus the same amount in liquidated damages for a total of at least $10,275.

50.

On June 11, 2021, despite having worked for 5-weeks at Defendant MAINLINE AVIATION LLC without any pay whatever, a manager unceremoniously fired her, when he unlawfully stated that he did not want any "illegals" working at the company.

## FIRST CLAIM FOR RELIEF:
## Violations of the FLSA's Minimum Wage and Overtime Wage

## Requirements against All Defendants

51.

The allegations of each preceding paragraph are realleged and incorporated herein by reference.

52.

The minimum wage and overtime provisions of the FLSA applied to Plaintiff's employment with Defendants during the relevant period of May 5, 2021 to June 11, 2021.

53.

The FLSA, 29 U.S.C. § 207(a)(1), requires employers or enterprises that are engaged in the production of goods for commerce to pay their workers no less than one and one-half times the regular rate of pay for any workweek longer than 40 hours.

54.

Defendants MAINLINE AVIATION LLC and GOLDBERGS GROUP LLC did not pay Plaintiff one-and-a-half times her regular rate of pay, despite the fact that Plaintiff worked over forty hours in any given workweek.

55.

Wayne Saxe is the CEO and registered agent for Defendants MAINLINE AVIATION LLC and GOLDBERGS GROUP LLC.

56.

Defendant WAYNE SAXE had discretion over Plaintiff's working hours, employment status, and overtime compensation.

57.

Defendant WAYNE SAXE acts both directly and indirectly in the interest of MAINLINE AVIATION LLC and GOLDBERGS GROUP LLC and was therefore in a supervisory position over Plaintiff.

58.

Defendant WAYNE SAXE is an "employer" within the definition of section 3(d) FLSA, 29 U.S.C. §203(d).

59.

Defendants MAINLINE AVIATION LLC and GOLDBERGS GROUP LLC are both "employers", within the definition of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

60.

Defendants are subject to, and governed by, sections 6 and 7 of the FLSA, 29 U.S.C. §§ 204, 206-207.

61.

At all times relevant, Defendants MAINLINE AVIATION LLC, GOLDBERGS GROUP LLC, and FLEXIBLE STAFFING SOLUTIONS INC. are,

have been, and continue to be an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et. seq.*

62.

At all times relevant, Defendants MAINLINE AVIATION LLC, GOLBERGS GROUP LLC, and FLEXIBLE STAFFING SOLUTIONS INC. employed, have employed, or continue to employ employees, including the Plaintiff and others similarly situated, who engaged in commerce or in the production of goods for commerce.

63.

Upon information and belief, Defendants MAINLINE AVIATION LLC, GOLBERGS GROUP LLC, and FLEXIBLE STAFFING SOLUTIONS INC. each have an annual gross volume of sales or business done in excess of $500,000.

64.

Defendants, individually and collectively, jointly and severally, have violated section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

65.

Pursuant to section 16 of the FLSA, 29 U.S.C. § 216, Plaintiff therefore brings this civil action to recover actual damages in unpaid wages, overtime wage differential,

liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## SECOND CLAIM FOR RELIEF:
## Violations of Title VII of the Civil Rights Act of 1964 against Defendants MAINLINE AVIATION LLC and GOLDBERGS GROUP LLC

66.

The allegations of paragraph 1-50 are realleged and incorporated herein by reference.

67.

Defendants Mainline Aviation LLC and Goldbergs Group LLC disparate treatment of Plaintiff because of her race and national origin violated the statutory provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (as amended in 1972 and 1991).

68.

Defendants Mainline Aviation LLC's and Goldbergs Group LLC's actions constitute willful and intentional discrimination. Defendants Mainline Aviation LLC and Goldbergs Group LLC engaged in its discriminatory practices with malice or with reckless indifference to the protection of Plaintiff.

69.

As a direct and proximate result of Defendants Mainline Aviation LLC's and Goldbergs Group LLC's unlawful discrimination, Plaintiff has suffered

emotional distress and humiliation, in addition to monetary losses, and is entitled to equitable as well as monetary relief, including actual and compensatory damages from Defendants Mainline Aviation LLC and Goldbergs Group LLC for violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (as amended in 1972 and 1991).

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding the Plaintiff unpaid overtime wages pursuant to section 7 of the FLSA, 29 U.S.C. § 207;

(C)   Enter judgment awarding the Plaintiff liquidated damages pursuant to section 16 of the FLSA, 29 U.S.C. § 216;

(D)   Enter judgment awarding the Plaintiff pre-judgment interest on any unpaid wages pursuant to section 16 of the FLSA, 29 U.S.C. § 216;

(E)   Enter judgment awarding the Plaintiff for any court costs, expert witness fees, reasonable attorneys' fees pursuant to section 16 of the FLSA, 29 U.S.C. § 216;

(F)   Enter judgment awarding the Plaintiff for any and all other remedies allowed under the FLSA;

(G)   Grant declaratory judgment declaring that Plaintiff's rights have been

violated; and/or

(H)    Award Plaintiff such further and additional relief as may be just and appropriate.

(I)    Enter judgment awarding Plaintiff all amounts available under Title VII including, but not limited to back pay, front pay, compensatory damages, liquidated damages, damages for mental anguish and reasonable attorneys' fees.

Respectfully submitted this 11th day of May 2023.

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

/s/ Carlos M. Polanco III
CARLOS M. POLANCO
Georgia State Bar No. 809750

Polanco Law Firm
3455 Peachtree Road NE, Suite 500
Atlanta, GA 30326
Phone: (202) 321-0770
Fax: (404) 393-2837
Email: nycarlos@mac.com

Counsel for Plaintiff

18