**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ANDRENE R. ANDERSON-THOMAS, | ) ) ) | Case No. |
| Plaintiff, | ) ) ) | _____ |
| v. | ) ) | Removed from Superior Court of Cobb County, Civil Action File No. 23102714 |
| THE KROGER CO., | ) ) ) | |
| Defendant. | ) ) ) | JURY TRIAL DEMANDED |

## DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW **THE KROGER CO.**, Defendant in the above-styled civil action, by and through undersigned counsel, and files this, its Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

For a first defense, The Kroger Co. ("Defendant" or "Kroger") responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

### PARTIES AND JURISDICTION

1.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's

1

Complaint, which therefore stand denied.

2.

In response to the averments alleged in Paragraph 8 of Plaintiffs' Complaint, Defendant Kroger admits it is an Ohio corporation authorized to do business in Georgia, and its registered agent in Georgia is CSC of Cobb County, Inc., at 192 Anderson St. SE, Suite 125, Marietta, Cobb County, Georgia.  By way of further response to said paragraph, Defendant Kroger states that those averments not expressly admitted or denied are hereby denied.

3.

Defendant Kroger admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant Kroger admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant Kroger admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

6.

Defendant Kroger incorporates herein by reference its previously made responses to all preceding paragraphs of Plaintiff's Complaint as if restated in their entirety.

7.

Defendant Kroger admits that it is engaged in the business of operating a chain of supermarket stores but denies that such business is international in nature.

8.

Defendant Kroger admits it operates a grocery store located at that location in Conyers.

9.

Defendant Kroger admits that Plaintiff was present at the store on the date in question.

10.

Defendant Kroger denies as written the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the facts as alleged in Paragraph 11 of Plaintiffs' Complaint and therefore denies same.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the facts as alleged in Paragraph 12 of Plaintiffs' Complaint and therefore denies same.

**COUNT I: NEGLIGENCE**

13.

Defendant Kroger incorporates herein by reference its previously made responses to all preceding paragraphs of Plaintiff's Complaint as if restated in their entirety.

14.

Defendant Kroger denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant Kroger admits it owes certain statutory duties.

16.

Defendant Kroger denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant Kroger denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant Kroger denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant Kroger denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant Kroger denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant Kroger denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant Kroger denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant Kroger denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant Kroger denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## **COUNT II: NEGIGENT FAILURE TO REPAIR AND/OR WARN**

25.

Defendant Kroger incorporates herein by reference its previously made responses to all preceding paragraphs of Plaintiff's Complaint as if restated in their entirety.

26.

Defendant Kroger denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant Kroger denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant Kroger denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant Kroger denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant Kroger denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

Defendant Kroger denies that Plaintiff is entitled any of the relief requested in the unnumbered "Wherefore" Paragraph of Plaintiff's Complaint.

## SECOND DEFENSE

Plaintiff's failure to plead and itemize special damages in this action bars their recovery pursuant to O.C.G.A. § 9-11-9(g).

## THIRD DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any

negligent act or omission on its part caused or contributed to any injury or damages alleged to have been sustained by Plaintiff.

## FOURTH DEFENSE

This action is or may be barred by the doctrine of contributory/comparative negligence. Plaintiff's negligence was greater than or equal to any negligence on the part of Defendant collectively. In the exercise of ordinary care, Plaintiff could have avoided the subject incident.

## FIFTH DEFENSE

Defendant has breached no duty owed to Plaintiff.

## SIXTH DEFENSE

Plaintiff may not recover against Defendant because no act or omission of Defendant or its employees was the legal cause or the proximate cause of Plaintiff's alleged injuries and damages. Defendant did not breach a material duty owing to Plaintiff.

## SEVENTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

This Court lacks venue over Defendant.

## NINTH DEFENSE

This Court lacks personal jurisdiction over Defendant.

## TENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages.

## ELEVENTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully responded to the averments in Plaintiff's Complaint, Defendant The Kroger Co. respectfully prays:

(a) That judgment is rendered in favor of Kroger and against Plaintiff;

(b) That Kroger be discharged with all costs cast against Plaintiff;

(c) That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and

(d) For such other and further relief as is just and proper.

Respectfully submitted, this the 11th day of May, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Sarah Raquel L. Lisle* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No.: 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone:  (404) 870-7386 | Georgia State Bar No.: 412593 |
| Facsimile:   (404) 870-1033 | Jeremy A. Freiman |
| | Georgia State Bar No.: 786086 |
| | *Attorneys for The Kroger Co.* |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record is as follows:

Craig J. Ehrlich, Esq.
**Ehrlich Law Office**
1123 Zonolite Road NE, Suite 7-B
Atlanta, GA 30306
craig@ehrlichlawoffice.com
*Attorneys for Plaintiff*

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1.  It is prepared in Times New Roman 14-point font.

[SIGNATURE ON FOLLOWING PAGE.]

Respectfully submitted, this the 11th day of May, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Sarah Raquel L. Lisle* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No.: 515323 |
| Atlanta, Georgia 30326 | Sarah Raquel L. Lisle |
| Telephone: (404) 870-7386 | Georgia State Bar No.: 412593 |
| Facsimile: (404) 870-1033 | Jeremy A. Freiman |
| | Georgia State Bar No.: 786086 |
| | *Attorneys for The Kroger Co.* |