# EXHIBIT A



February 23, 2022

Kroger
Attn: Dennis Campbell
Po Box 14452
Lexington, Ky 40512

**SENT BY FAX 877-498-8441**

Re:     Our Client                  : Andrene R Anderson-Thomas
Date of Accident                    : 09/08/2021
Claim No.                           : **4A2109A4FAA-0001**

To Whom It May Concern:

Please be advised that our client, Andrene, sustained very serious, life-altering injuries as a result of the above-referenced incident, for which there is no question as to liability on the part of Kroger, whose employees failed to exercise due care in allowing the dangerous condition of a slippery substance to be present on the floor where patrons, such as our client, traversed.  As a direct result of your employees' negligence, our client slipped on said slippery substance, falling on her back and causing her serious injury.  *See e.g. Rothberg v. Bradley*, 85 Ga. App. 477, 480 (Ga. Ct. App. 1952); *Fulton Ice & Coal Co. v. Pece*, 29 Ga. App. 507 (1923); *Tybee Amusement Co v. Odum*, 51 Ga. App. 1 (1935).  Also be advised that we have received medical records pertaining to the above referenced client, thus we are hereby forwarding the enclosed for your review and to be included in your evaluation.

After the fall, Andrene presented to Piedmont Hospital for emergency medical attention to her back, shoulders, hips, and other issues.  She then spent a number of hours in the hospital, undergoing a litany of diagnostic tests and treatment procedures, thereby incurring significant medical costs, before being discharged with prescription narcotics and instructions regarding follow-up care.  After she was released from the emergency room, continued pain and discomfort prompted Nanette to embark upon an extended course of regular physical therapy and care.  MRI testing confirmed that Andrene had ***herniations and disruptions in her cervical and lumbar spines and an extensive edema of the subchondral region of her knee***. She was further seen by a pain specialist, M.D. who prescribed additional medications and recommended and administered ***bilateral lumbar and cervical facet injections***.  In light of Andrene's serious injuries, she may be forced to endure the pain and suffering inflicted upon her through your insured's negligence, along with the exorbitant medical costs for treatment thereof, for many years to come.

As our client has required extensive treatment for her severe bodily injuries, we are currently in the process of acquiring all related documentation. In the interim, considering her said grievous injuries, Nanette's damages may continue to accrue for some time to come. As such, should you wish to attempt to resolve this matter short of litigation, please note that we are hereby extending to you the opportunity to resolve Nanette's claim for the sum of **$1,000,000**. Upon your review of the enclosed, we are confident you will agree that our offer to settle this case for the sum of $1,000,000 is easily justified, and you will thus promptly tender said sum to our office, located at 201 Peachtree Street N.E., Suite 200, Atlanta, GA 30303, within thirty (30) days of receiving this letter. Please do not hesitate to contact the undersigned if you have any additional questions or concerns.

Also, please be aware that pursuant to the "Unliquidated Damages Interest Act," set forth in O.C.G.A. § 51-12-14, if the Defendant fails to make payment on this amount within thirty (30) days from the mailing of this notice, my client shall be entitled to receive interest on the claimed sum if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the sum claimed. The interest provided by § 51-12-14 shall be at the prime rate set on the date listed above plus three percent (3%) interest, and shall begin to run from the thirtieth (30th) day following the date of the mailing of this written notice through the date of judgment. This demand is made pursuant to O.C.G.A. § 51-12-14 which allows for interest in the amount of twelve percent (12%) per annum when a demand for unliquidated damages is made by certified mail and when such demand is not paid within thirty (30) days from the date of mailing the notice, and when upon trial a judgment is made for an amount not less than that demanded.

Thank you for your anticipated cooperation.

Sincerely,

_____
Aleksandr Shkolyar, Esq.