# EXHIBIT B

ID# 2023-0049687-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**23102714**
Sonja Brown - 71
APR 07, 2023 11:06 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANDRENE R. ANDERSON-THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE No. _____ |
| THE KROGER CO., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, ANDRENE R. ANDERSON-THOMAS, Plaintiff in the above-styled action, and filed this, by and through the undersigned counsel, her Complaint for Negligence, Negligent Failure to Warn and Damages against Defendant THE KROGER CO. In support thereof, Plaintiff respectfully shows the Court as follows:

### PARTIES AND JURISDICTION

1. Plaintiff ANDRENE R. ANDERSON-THOMAS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant litigation, a resident of the State of Georgia.

2. Defendant THE KROGER CO. (hereinafter "Defendant") is an Ohio corporation that transacts business in the State of Georgia.

3. Defendant may be properly served with process via its registered agent for service of process, to wit: CSC of Cobb County, Inc., 192 Anderson Street, S.E., Suite 125, Marietta, Georgia 30060.

4. Defendant is subject to the jurisdiction of the Superior Court of Cobb County.

5. Venue for this case is proper in Cobb County, Georgia.

### FACTUAL BACKGROUND

6. Plaintiff incorporates herein by reference all preceding paragraphs of this

Complaint as if restated in their entirety.

7. Defendant is engaged in the business of operating an international chain of supermarket stores.

8. Defendant owns and operates a supermarket store located at 1745 Highway 85, Conyers, Georgia 30013 (hereinafter the 'Conyers Kroger").

9. On or about September 8, 2021, at approximately 4:45 P.M., Plaintiff was a guest and invitee at the Conyers Kroger.

10. While she was a guest and invitee at the Conyers Kroger, Plaintiff slipped on a pool of melted ice cream that was on the floor, causing her to fall to the ground and sustain serious bodily injury.

11. There were no warnings, signs or other such notices present in the area where Plaintiff fell that advised her of the dangerous conditions thereupon.

12. The area in the Conyers Kroger where the aforementioned pool of melted ice cream that caused Plaintiff to fall and sustain injury is an area that is heavily travelled by both customers of Defendant's business and Defendant's employees.

## COUNT I:
## NEGLIGENCE

13. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if restated in their entirety.

14. Defendant failed to exercise the level of care necessary to protect Plaintiff, an invitee, from injury upon its property.

15. Defendant owed a duty of care to Plaintiff.

16. Defendant breached its duty of care to Plaintiff by allowing an area of its store that it knew was heavily travelled by its customers to have slipping hazards on the floor.

17. Defendant breached its duty of care to Plaintiff by failing to implement, maintain and/or enforce practices and procedures to ensure that well-travelled areas of its store were free of slipping hazards that would cause foreseeable injuries to its customers, guests and invitees.

18. Defendant's breach of its duty to Plaintiff constitutes Negligence under Georgia law.

19. Any act or omission by Defendant's employees that were the proximate cause of, or a contributing cause to, Plaintiff's fall and resulting injuries were made within the course and scope of their employment with Defendant.

20. Under Georgia law and the doctrine of *respondeat superior*, the acts of a servant are the acts of the master, as and such, Defendant is liable to Plaintiff for the negligence of its employees.

21. At all times relevant hereto, Plaintiff exercised ordinary care for her own safety.

22. Plaintiff did not contribute to her fall or her injuries in any manner.

23. As the direct and proximate result of Defendant's Negligence, Plaintiff has suffered serious personal injury, has incurred medical expenses in excess of $55,000 (fifty-five thousand dollars), and has endured pain and suffering, emotional distress, and the loss of enjoyment of life.

24. Plaintiff is entitled to recover from Defendant her special damages, as well as general damages to compensate her for her pain and suffering, past, present and future as will be shown by the evidence at trial.

## COUNT II:
### NEGLIGENT FAILURE TO REPAIR AND/OR WARN

25. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if restated in their entirety.

26. Upon information and good-faith belief, Defendant had, or should have had, actual

and/or constructive knowledge of the dangerous condition at an area of travel within its store. Further, an injury to a guest and invitee such as Plaintiff was the foreseeable result of such a dangerous condition.

27. Defendant had, or should have had, actual and/or constructive knowledge of the dangerous condition at an area of travel within its store. Despite this knowledge, Defendant failed to repair the dangerous condition and/or properly warn Plaintiff of the dangerous known condition.

28. Defendant's failure to properly warn the Plaintiff of the dangerous condition at an area of travel within its store constitutes Negligent Failure to Repair and/or Warn under Georgia law.

29. As the direct and proximate result of Defendant's Negligent Failure to Repair and/or Warn, Plaintiff has suffered serious personal injury, has incurred medical expenses in excess of $55,000 (fifty-five thousand dollars), and has endured pain and suffering, emotional distress, and the loss of enjoyment of life.

30. Plaintiff is entitled to recover from Defendant her special damages as well as general damages to compensate her for her pain and suffering, past, present and future as will be shown by the evidence at trial.

**WHEREFORE**, Plaintiff prays as follows:

(a) That summons issue as provided by law;

(b) That Plaintiff have a trial by a jury of her peers as to all issues pleaded in the foregoing Complaint;

(c) That Plaintiff have and recover of Defendant at trial, all special damages as may be shown by competent evidence, to include, but not limited to, medical and other expenses, plus general damages to compensate her for

her pain and suffering, past, present and future, and permanent impairment in an amount to be determined by the enlightened conscience of an impartial jury;

(d) That Plaintiff have and recover from Defendant at trial her reasonable attorney's fees and costs of litigation; and

(d) That Plaintiff have such other and further relief as this Court may deem just and equitable in light of the evidence presented at trial.

Dated: April 7, 2023.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

ID# 2023-0049690-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**23102714**
Sonja Brown - 71
APR 07, 2023 11:06 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

DISCLOSURE STATEMENT
CLERK OF SUPERIOR COURT

CASE NUMBER   **23102714**

**Anderson-Thomas, Andrene R**
                Plaintiff

                Vs.

**The Kroger Co.;**
                Defendant

## TYPE OF ACTION

- o Divorce without Agreement Attached
- o Divorce with Agreement Attached
- o Domestic Relations
- o Damages Arising out of Contract
- ☑ Damages Arising out of Tort
- o Condemnation
- o Equity
- o Zoning – County Ordinance Violations (i.e., Injunctive Relief-Zoning)
- o Zoning Appeals (denovo)
- o Appeal, Including denovo appeal – excluding Zoning

- o URESA
- o Name Change
- o Other
- o Recusal
- o Adoption

## PREVIOUS RELATED CASES

Does this case involve substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, as any other case filed in this court (Whether pending simultaneously or not)?

- ☑ NO
- o YES – If yes, please fill out the following:

    1. Case # _____

    2. Parties _____

    3. Assigned Judge _____

    4. Is this case still pending?     o Yes    o No

    5. Brief description of similarities:

/S/   **Ehrlich, Craig J.**_____
                        Attorney or Party Filing Suit

**General Civil and Domestic Relations Case Filing Information Form**

☑ Superior or ☐ State Court of  Cobb  County

ID# 2023-0049689-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**23102714**
Sonja Brown - 71
APR 07, 2023 11:06 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**For Clerk Use Only**

Date Filed  04-07-2023
MM-DD-YYYY

Case Number  23102714

**Plaintiff(s)**
Anderson-Thomas, Andrene R.
Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

**Defendant(s)**
The Kroger Co.
Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

Plaintiff's Attorney  Ehrlich, Craig J.        Bar Number  242240        Self-Represented ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number                     Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

ID#2023-0049688-CV
**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23102714**

Sonja Brown - 71
APR 07, 2023 11:06 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

# SUPERIOR COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  23102714

$214.00 COST PAID

Anderson-Thomas, Andrene R.

**PLAINTIFF**

VS.

The Kroger Co.

**DEFENDANT**

## SUMMONS

TO: THE KROGER CO.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Craig J. Ehrlich**
> **The Law Office of Craig J. Ehrlich, LLC**
> **1123 Zonolite Road, N.E., Suite 7-B**
> **Atlanta, Georgia 30306**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of April, 2023.**

Clerk of Superior Court

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

Page 1 of 1

ID# 2023-0051337-CV
**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**23102714**

APR 12, 2023 11:13 AM

*Connie Taylor, Clerk of Superior Court*
*Cobb County, Georgia*

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANDRENE R. ANDERSON-THOMAS<br>Plaintiff, | )<br>)<br>) | |
| VS. | )<br>) | CIVIL ACTION FILE NO.: 23102714 |
| THE KROGER CO.<br>Defendant. | )<br>)<br>)<br>) | |

## AFFIDAVIT OF SERVICE UPON THE KROGER CO.

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of HAKIMAH HUDSON - PROCESS SERVER, who after first being duly sworn, and states:

1. My name is HAKIMAH HUDSON - PROCESS SERVER, and I am competent in all respects to testify regarding the matter set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of the above action and I am not related to any of the parties.

2. I am a resident of the State of Georgia and a citizen of the United States of America and am over age twenty-one (21). I have been appointed as Process Server in the SUPERIOR COURT OF COBB COUNTY and I have been assigned in the above-styled case to perfect service of process of the pending Summons and Complaint upon THE KROGER CO.

3. On Apr 11, 2023 at approx. 2:58 pm at the 192 ANDERSON ST SE SUITE 125, MARIETTA, GA 30060 address, I served the pending SUMMONS AND COMPLAINT upon THE KROGER CO., by leaving said service documents with TERRI THOMPSON, an employee of KING, YAKLIN, & WILKINS, LLP., who is the designated representative of Corporation Service Company of Cobb County Inc., the Registered Agent for THE KROGER CO., and who is authorized to accept service of process on behalf of THE KROGER CO.

This 11th of April, 2023.

_____
HAKIMAH HUDSON - PROCESS SERVER

Sworn to and subscribe before me
This 11th of April, 2023

_____
Notary Public,
My commission expires on  _____

Frank L Swindle
NOTARY PUBLIC
DeKalb County, GEORGIA
My Commission Expires 03/10/2027

Filed In Office Jan-03-2023 14:54:27
ID# 2023-0000441-CV
Page 1

Connie Taylor
Clerk of Superior Court Cobb County

# SUPERIOR COURT OF COBB COUNTY

## STATE OF GEORGIA

IN RE: **Permanent Process Servers**
Case Number: **23-1-0011**

## ORDER

**1.**

WHEREAS the Cobb Superior Court Council of Judges has established a roster of permanent process servers pursuant to O.C.G.A. §9-11-4(c) and the applicant below has submitted an application to be included on said roster.

**2.**

AND WHEREAS the applicant has submitted an application through Cobb County Superior Court Administration, whose responsibility it is to investigate and maintain the list of permanent process servers.

**3.**

AND WHEREAS the initial application contains an endorsement of applicant by a member of good standing of the State Bar of Georgia.

**4.**

AND WHEREAS a Georgia Criminal Information Center (GCIC) criminal background check has not revealed any circumstances that preclude the applicant.

**5.**

THEREFORE, the application to be a permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this Court pursuant to O.C.G.A. §9-11-4(c) for a term beginning **January 7, 2023**, and until **January 15, 2024**.

SO ORDERED this 23rd day of November 2022.

_____
Presiding Judge
Cobb Judicial Circuit

**Applicant:**
**Hakimah Hudson**
**4002 Hwy 78 West Ste 530-251**
**Snellville, GA 30039**

GEORGIA, COBB COUNTY
I HEREBY CERTIFY THE WITHIN AND FOREGOING TO BE A TRUE AND CORRECT AND COMPLETE COPY OF THE ORIGINAL THAT APPEARS ON RECORD.
CASE No. 23-1-0011 IN THIS OFFICE
THIS 4th DAY OF Jan., 20 23
DEPUTY CLERK, COBB COUNTY COURT
COBB COUNTY, GEORGIA