Case 1:23-mi-99999-UNA Document 1560-1 Filed 05/12/23 Page 1 of 13

2023CV00762  Filed 3/30/2023 11:34 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
*Latasha Currie*

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DARVIS BYNUM, | ) | |
| | ) | |
| Plaintiff, | ) | 2023CV00762 |
| | ) | Civil Action File No.: _____ |
| v. | ) | |
| | ) | |
| DANNY BRIDGES, and | ) | JURY TRIAL DEMAND |
| RYDER INTEGRATED LOGISTICS, INC., | ) | |
| AND, ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT AND DEMAND FOR TRIAL BY JURY

COME NOW Darvis Bynum, Plaintiff in the above-styled civil action, and file this Complaint against Defendants, Danny Bridges, Ryder Integrated Logistics, Inc., and Ace American Insurance Company, and respectfully show this Honorable Court as follows:

**PARTIES, SERVICE, AND JURISDICTION**

1.

Plaintiff Darvis Bynum is and, at all times material to this action, was a resident of the State of Georgia. The Plaintiff willfully avail himself and submits to the jurisdiction of this Court.

2.

Defendant Ryder Integrated Logistics, Inc. (hereinafter "Defendant Ryder") is a Foreign for-profit corporation existing under the laws of the State of Florida. Defendant Ryder transacts business within the State of Georgia and allowed its agent, Defendant Danny Bridges, to operate a vehicle upon the roads of Clayton County, Georgia and to commit a tortious act thereon.

Defendant Ryder is subject to the jurisdiction and venue of this Court and may be served with a Summons and Complaint, pursuant to O.C.G.A. § 14-2-504, through its Registered Agent, Corporate Creations Network, Inc., at 801 North US Highway 1, North Palm Beach, Florida 33408 as of the date of the filing of this Complaint.

3.

Defendant Ace American Insurance Company (hereinafter "Defendant Ace") is a foreign insurance company authorized to do business in the State of Georgia. Defendant Ace may be served with a Summons and Complaint through its Registered Agent, C T Corporation System at 289 S. Culver Street, Lawrenceville, Georgia, 30046-4805 as of the date of the filing of this Complaint.

4.

Defendant Danny Bridges (hereinafter "Defendant Bridges"), upon information and belief is a Mississippi resident whose last known address is 220 Elizabeth Street, Charleston, Mississippi 38921. Because the Defendant is an out-of-state motorist who committed a tortious act upon the roads of Clayton County, Georgia, Defendant Bridges is subject to the jurisdiction and venue of this Court under the Long-Arm Statute, O.C.G.A. § 40-12-3.

5.

Pursuant to the Non-Resident Motorist Act, O.C.G.A. §40-12-2, service of process upon the Defendant Bridges shall be made by serving a copy of the complaint or other pleading with summons attached thereto on the Georgia Secretary of State, his duly authorized agent, or his successor in office, along with a copy of the affidavit to be submitted to the court pursuant to this Code section. Such service shall be sufficient service upon the Defendant Bridges, provided that notice of such service and a copy of the complaint and process are forthwith sent by registered or

certified mail or statutory overnight delivery by the plaintiff to the defendant at 220 Elizabeth Street, Charleston, Mississippi 38921, and the defendant's return receipt and the plaintiff's affidavit of compliance with this Code section are appended to the summons or other process and filed with the summons, complaint, and other papers in the case in this court.

6.

Pursuant to O.C.G.A. § 9-10-94, the Defendant Bridges may also be served with a summons outside the state in the same manner as service is made within the state by any person authorized to make service by the laws of the State of Mississippi, or by any duly qualified attorney, solicitor, barrister, or the equivalent in the State of Mississippi.

7.

Jurisdiction is proper in this Court as to Defendant Ryder.

8.

Venue is proper in this Court as to Defendant Ryder.

9.

Jurisdiction is proper in this Court as to Defendant Ace.

10.

Venue is proper in this Court as to Defendant Ace.

11.

Jurisdiction is proper in this Court as to Defendant Bridges.

12.

Venue is proper in this Court as to Defendant Bridges.

13.

At the time of the subject collision described below, Defendant Ryder was a for-hire motor carrier operating in intrastate commerce in the State of Georgia, in a vehicle with a gross combined weight rating in excess of 10,000 pounds, and was actively covered by a liability insurance policy (Policy Number: ISAH10764932) through Defendant Ace. Accordingly, Defendant Ace American Insurance Company is subject to suit by direct action under O.C.G.A. § 40-1-112 and 40-2-140.

### STATEMENT OF FACTS

14.

On or around January 12, 2023, at approximately 7:39 p.m., Plaintiff Bynum was lawfully driving a 2023 Honda Accord in the parking lot located at 5340 Old Dixie Highway inside the limits of Clayton County, Georgia.

13.

At that same date and time, Defendant Bridges was driving a 2018 Freightliner Tractor Trailer for and on behalf of Defendant Ryder, attempting to make a left hand turn onto Old Dixie Highway from the parking lot located at 5340 Old Dixie Highway inside the limits of Clayton County, Georgia. Defendant Bridges failed to yield the right of way while attempting to exit the parking lot at 5340 Old Dixie Highway and negligently drove his Tractor Trailer into Plaintiff Bynum's vehicle. As a result, Defendant Bridges' Tractor Trailer violently collided with Plaintiff Bynum's.

14.

Defendant Bridges' inattentiveness, distracted driving, failure to yield the right of way, and/or otherwise negligent and/or reckless driving caused the violent collision between the vehicle owned and operated by and on behalf of Defendant Ryder and the vehicle driven by Plaintiff Bynum.

15.

Defendant Ryder's driver, Defendant Bridges, was, at least, negligent in causing a collision between Plaintiff Bynum's vehicle and the vehicle being operated by Defendant Bridges.

16.

As a result of the violent collision, Plaintiff Bynum suffered serious injuries and extensive damage to his vehicle.

17.

Plaintiff Bynum was not negligent and did not otherwise cause or contribute to the occurrence of the collision.

18.

Defendant Bridges was cited for his failure to yield the right of way while turning left in violation of O.C.G.A. § 40-6-71.

19.

The collision was the direct and proximate cause of the negligence of Defendant Bridges.

20.

At the time of this incident, Defendant Bridges was operating the 2018 Freightliner Tractor Trailer for, and within the course and scope of, his employment with Defendant Ryder.

## CAUSES OF ACTION

## COUNT I—NEGLIGENCE OF DEFENDANT BRIDGES

21.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 20 as if fully restated.

22.

Defendant Ryder's employee, Defendant Bridges, owed duties of due and reasonable care to Plaintiff Bynum as well as to other motorists on the road.

23.

Defendant Ryder's employee, Defendant Bridges, was negligent and/or reckless in the operation of the 2018 Freight line Tractor Trailer by, but not limited to, the following:

a) Failure to yield;

b) Reckless driving;

c) Failing to maintain his lane;

d) Driving while distracted;

e) Failing to maintain a proper lookout for Plaintiff Bynum's vehicle; and

f) Causing the 2022 Freight line Tractor Trailer he was operating on behalf of Defendant Ryder to collide with Plaintiff Bynum's vehicle.

24.

At all times material hereto, Plaintiff Bynum conducted himself in a safe and lawful manner and did not in any way cause or contribute to the circumstances which caused him to sustain serious bodily injury.

25.

As a direct and proximate result of Defendant Ryder's driver, Defendant Bridges, Plaintiff Bynum has suffered and will continue to suffer the following:

a) past, present and future physical and mental pain and suffering;

b) past, present and future loss of enjoyment of life;

c) past, present and future loss of earnings and income;

d) past, present and future loss of ability to labor and earn money, as well as other damages.

26.

As a direct and proximate result of the aforesaid negligence and breaches of duty by the negligence of Defendant Ryder's driver, Defendant Bridges, Plaintiff Bynum suffered substantial injuries and damages, including medical and other necessary expenses, past and continuing mental and physical pain and suffering due to the injuries to his body and nervous system, past and continuing personal inconvenience, past and continuing loss of capacity to labor, and past and continuing inability lead a normal life.

27.

As a direct and proximate result of the aforesaid negligence and breaches of duty by the negligence of Defendant Ryder's driver, Defendant Bridges, Plaintiff Bynum has incurred a significant amount in medical expenses to date and continues to incur medical expenses as he continues to treat for the injuries he suffered in this collision.

## COUNT II—NEGLIGENCE *PER SE* OF DEFENDANT BRIDGES

28.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 27 as if fully restated.

29.

Defendant Bridges' actions constituted negligence *per se* regarding applicable laws and standards including but not limited to:

a) Driving in a reckless disregard for the safety of others in violation of O.C.G.A. § 40- 6-390;

b) Failing to yield the right of way while turning left in violation of O.C.G.A. § 40-6-71; and

c) Failing to maintain and control the 2018 Freightliner Tractor Trailer he was operating on behalf of Defendant Ryder within the driver's lane in violation of O.C.G.A. § 40-6-40 and 40-6-48.

30.

Defendant Bridges's violation of these statutes breached his duty to Georgia drivers such as Plaintiff Bynum.

31.

As a direct and proximate result of the aforesaid negligence *per se* by the negligence of Defendant Ryder's driver, Defendant Bridges, Plaintiff Bynum suffered substantial injuries and damages, including medical and other necessary expenses, past and continuing mental and physical pain and suffering due to the injuries to his body and nervous system, past and continuing personal inconvenience, past and continuing loss of capacity to labor, and past and continuing inability lead a normal life.

## COUNT III—DEFENDANT RYDER'S LIABILITY FOR THE NEGLIGENCE OF DEFENDANT BRIDGES

32.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 31 as if fully restated.

33.

Defendant Ryder owned and/or leased the 2018 Freightliner Tractor Trailer driven by Defendant Bridges at the time of the subject collision.

34.

At the time of the subject collision, Defendant Bridges was employed by Defendant Ryder.

35.

At the time of the subject collision, Defendant Bridges was acting as an agent of Defendant Ryder.

36.

At the time of the subject collision, Defendant Bridges was driving a 2018 Freightliner Tractor Trailer under dispatch for Defendant Ryder.

37.

At the time of the subject collision, Defendant Bridges was acting within the course and scope of his employment or agency with Defendant Ryder and was furthering the business of Defendant Ryder.

38.

Under the principles of *respondeat superior*, actual agency, apparent agency, and/or lease liability, Defendant Ryder is vicariously liable and legally responsible for the negligent acts and omissions of Defendant Bridges.

39.

As a direct and proximate cause, and by virtue of imputed liability, Defendant Ryder is responsible for the actions of Defendant Bridges for the collision described in this Complaint and is liable for all damages allowed by law and for the injures, damages, and losses sustained by the Plaintiff in this case.

### **COUNT IV—NEGLIGENT HIRING, TRAINING, AND SUPERVISION BY DEFENDANT RYDER**

40.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 39 as if fully restated.

41.

Defendant Ryder negligently failed to provide adequate training and supervision for Defendant Bridges to properly operate the 2022 Freightliner Tractor Trailer entrusted to him by Defendant Ryder.

42.

Defendant Ryder was negligent in retaining Defendant Bridges because Defendant Ryder knew, or should have known, that Defendant Bridges was incompetent to properly operate the 2018 Freightliner Tractor Trailer entrusted to him by Defendant Ryder.

43.

Defendant Ryder is liable for its negligent hiring, training, supervision and/or retention of Defendant Bridges as set forth herein.

44.

Defendant Ryder's negligence was a proximate cause of the damages and injuries sustained by the Plaintiff.

## COUNT V—NEGLIGENT ENTRUSTMENT BY DEFENDANT RYDER

45.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 44 as if fully restated.

46.

At the time of the subject collision, Defendant Ryder owned and/or leased a 2018 Freightliner Tractor Trailer, which it entrusted to Defendant Bridges to operate.

47.

Defendant Ryder was negligent in entrusting its 2018 Freightliner Tractor Trailer to Defendant Bridges because Defendant Ryder knew that Defendant Bridges was incompetent and/or habitually reckless to properly operate the 2018 Freightliner Tractor Trailer entrusted to him by Defendant Ryder.

48.

As a result, Defendant Ryder is liable for negligently entrusting the 2018 Freightliner Tractor Trailer to Defendant Bridges.

49.

Defendant Ryder's negligence was a proximate cause of the damages and injuries sustained by the Plaintiff.

## COUNT VII – DIRECT ACTION AGAINST DEFENDANT ACE

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 49 as if fully restated.

50.

Defendant Ace is an insurance company licensed to do business in the State of Georgia under License No. J718768.

51.

Defendant Ace issued policy number ISAH10764932 to Defendant Ryder which was in effect on the date of the subject collision. Pursuant to O.C.G.A. § 40-1-112(a), said policy provided for the protection, in case of passenger vehicles, of passengers and the public against injury proximately caused by the negligence of Defendant Ryder, its servants, or its agents.

52.

Pursuant to O.C.G.A. § 40-1-112(c) and 40-2-140(d)(4), Plaintiff is permitted to join in this same action the motor carrier (Defendant Ryder) and the insurance carrier (Defendant Ace), whether arising in tort or contract.

53.

Defendant Ryder is a motor carrier engaged in both interstate and intrastate commerce and, pursuant to O.C.G.A. § 40-1-126, it shall nevertheless be subject to all the provisions so far as it separately relates to commerce carried on exclusively in the State of Georgia.

54.

At the time of the subject collision, Defendant Ryder, through its employee or agent, Defendant Bridges, was engaged in intrastate commerce within the State of Georgia.

55.

At the time of the subject collision, Defendant Ryder, through its employee or agent, Defendant Bridges, was further a for-hire motor carrier operating in intrastate commerce, in a vehicle with a gross combined weight rating in excess of 10,000 pounds.

WHEREFORE, the Plaintiff respectfully request that judgment be entered against the Defendants and that the following relief be awarded:

a) That this Complaint be filed and served as provided by law;

b) That judgment be awarded to the Plaintiff for special damages as shown at trial;

c) That judgment for general damages be awarded to the Plaintiff in an amount to be determined by the enlightened conscious of a fair and impartial jury;

d) That the Plaintiff recover such other and further relief as this Honorable Court may deem just and proper, and

e) That all issues be tried before a jury of twelve (12) persons.

This 30th day of March, 2023.

**MORGAN & MORGAN, PLLC**

*/s/: James Palmer*
James Palmer, Esq.
Georgia Bar Number 381099
*Attorney for Plaintiff*

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
jtpalmer@forthepeople.com