Control Number : SOP-23085199

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Ryder Integrated Logistics Inc**

have been filed with the Secretary of State on 04/13/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Darvis Bynum v. Ryder Integrated Logistics Inc
Court: State Court of Clayton County
Civil Action No.: 2023CV00762

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 04/17/2023.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

## SERVICE OF PROCESS

*Electronically Filed*
Secretary of State
Filing Date: 4/13/2023 2:42:12 PM

### FILING INFORMATION

| | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-23085109 |

### DEFENDANT INFORMATION

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Business |
| Defendant's Name | : Ryder Integrated Logistics Inc |
| Control Number of the Business Entity (if applicable) | : |
| Registered Agent's or Defendant's Address Where Service Attempted and/or Forwarded | : 801 North US Highway 1, North Palm Beach, FL, 33408, USA |

### STATUTORY AUTHORITY

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

### CASE INFORMATION

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Darvis Bynum |
| Style of Proceeding | : Darvis Bynum vs. Danny Bridges, and Ryder Integrated Logistics, Inc., and Ace American Insurance Company |
| Civil Action Number | : 2023CV00762 |
| Court | : State Court of Clayton County |

### SERVICE OF PROCESS DOCUMENTS

See attached document(s).

### FILER's INFORMATION

| | |
|---|---|
| Filer Type | : Business |
| Name | : Morgan and Morgan |
| Address | : 1350 Church Street Extension Suite 300, Marietta, GA, 30060, USA |

### AUTHORIZER INFORMATION

| | |
|---|---|
| Authorizer Name | : Maria Garcia |

---

**6-010**

**AFFIDAVIT OF COMPLIANCE FOR**

**NON-RESIDENT MOTORIST STATUTE SERVICE**

---

I, *James Palmer*, the undersigned, am the attorney who represents the plaintiff in the case of:

*Darvis Bynum*
vs.
*Danny Bridges, and Ryder Integrated Logistics, Inc., and Ace American Insurance Company*
in the *State* Court of Clayton County, State of Georgia
Civil Action Number: *2023CV00762*

I do hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by certified mail notice of service of the above case along with a copy of the complaint and process to the defendant at the following address:

*Ryder integrated Logistics Inc.*
*801 North US Highway 1*
*North Palm Beach, Florida 33408*

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents regarding this case: (1) any return receipt received as evidence of service upon the defendant by the plaintiff and (2) this plaintiff affidavit of compliance.

This 13 day of April 2023.

MORGAN AND MORGAN

By: /s/: *James Palmer*
*James Palmer, Esq.*
Georgia Bar No. *381099*
*1350 Church Street Extension, Suite 300*
*(770)- 702-9068*
Fax: (770) - 799- 2658
E-mail: jtpalmer@forthepeople.com

Sworn to and subscribed before me.
This 13 day of April 2023
Notary Public



## General Civil and Domestic Relations Case Filing Information Form

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

☐ **Superior** or ☐ **State Court of** _____ **County**

| | |
|---|---|
| **For Clerk Use Only** | 2023CV00762 |
| 3/30/2023 | |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                        **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DARVIS BYNUM,                               )
                                            )
    Plaintiff,                          )               2023CV00762
                                            )   Civil Action File No.: _____
v.                                          )
                                            )
DANNY BRIDGES, and                          )    **JURY TRIAL DEMAND**
RYDER INTEGRATED LOGISTICS, INC.,           )
AND, ACE AMERICAN INSURANCE                 )
COMPANY,                                    )
                                            )
    Defendants.                         )

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

---

COME NOW Darvis Bynum, Plaintiff in the above-styled civil action, and file this Complaint against Defendants, Danny Bridges, Ryder Integrated Logistics, Inc., and Ace American Insurance Company, and respectfully show this Honorable Court as follows:

### **PARTIES, SERVICE, AND JURISDICTION**

1.

Plaintiff Darvis Bynum is and, at all times material to this action, was a resident of the State of Georgia. The Plaintiff willfully avail himself and submits to the jurisdiction of this Court.

2.

Defendant Ryder Integrated Logistics, Inc. (hereinafter "Defendant Ryder") is a Foreign for-profit corporation existing under the laws of the State of Florida. Defendant Ryder transacts business within the State of Georgia and allowed its agent, Defendant Danny Bridges, to operate a vehicle upon the roads of Clayton County, Georgia and to commit a tortious act thereon.

Defendant Ryder is subject to the jurisdiction and venue of this Court and  may be  served with a Summons and Complaint, pursuant to O.C.G.A. § 14-2-504, through its Registered Agent, Corporate Creations Network, Inc., at 801 North US Highway 1, North Palm Beach, Florida 33408 as of the date of the filing of this Complaint.

3.

Defendant Ace American Insurance Company (hereinafter "Defendant Ace") is a foreign insurance company authorized to do business in the State of Georgia. Defendant Ace may be served with a Summons and Complaint through its Registered Agent, C T Corporation System at 289 S. Culver Street, Lawrenceville, Georgia, 30046-4805 as of the date of the filing of this Complaint.

4.

Defendant Danny Bridges (hereinafter "Defendant Bridges"), upon information and belief is a Mississippi resident whose last known address is 220 Elizabeth Street, Charleston, Mississippi 38921. Because the Defendant is an out-of-state motorist who committed a tortious act upon the roads of Clayton County, Georgia, Defendant Bridges is subject to the jurisdiction and venue of this Court under the Long-Arm Statute, O.C.G.A. § 40-12-3.

5.

Pursuant to the Non-Resident Motorist Act, O.C.G.A. §40-12-2, service of process upon the Defendant Bridges shall be made by serving a copy of the complaint or other pleading with summons attached thereto on the Georgia Secretary of State, his duly authorized agent, or his successor in office, along with a copy of the affidavit to be submitted to the court pursuant to this Code section.  Such service shall be sufficient service upon the Defendant Bridges, provided that notice of such service and a copy of the complaint and process are forthwith sent by registered or

certified mail or statutory overnight delivery by the plaintiff to the defendant at 220 Elizabeth Street, Charleston, Mississippi 38921, and the defendant's return receipt and the plaintiff's affidavit of compliance with this Code section are appended to the summons or other process and filed with the summons, complaint, and other papers in the case in this court.

6.

Pursuant to O.C.G.A. § 9-10-94, the Defendant Bridges may also be served with a summons outside the state in the same manner as service is made within the state by any person authorized to make service by the laws of the State of Mississippi, or by any duly qualified attorney, solicitor, barrister, or the equivalent in the State of Mississippi.

7.

Jurisdiction is proper in this Court as to Defendant Ryder.

8.

Venue is proper in this Court as to Defendant Ryder.

9.

Jurisdiction is proper in this Court as to Defendant Ace.

10.

Venue is proper in this Court as to Defendant Ace.

11.

Jurisdiction is proper in this Court as to Defendant Bridges.

12.

Venue is proper in this Court as to Defendant Bridges.

13.

At the time of the subject collision described below, Defendant Ryder was a for-hire motor carrier operating in intrastate commerce in the State of Georgia, in a vehicle with a gross combined weight rating in excess of 10,000 pounds, and was actively covered by a liability insurance policy (Policy Number: ISAH10764932) through Defendant Ace. Accordingly, Defendant Ace American Insurance Company is subject to suit by direct action under O.C.G.A. § 40-1-112 and 40-2-140.

## **STATEMENT OF FACTS**

14.

On or around January 12, 2023, at approximately 7:39 p.m., Plaintiff Bynum was lawfully driving a 2023 Honda Accord in the parking lot located at 5340 Old Dixie Highway inside the limits of Clayton County, Georgia.

13.

At that same date and time, Defendant Bridges was driving a 2018 Freightliner Tractor Trailer for and on behalf of Defendant Ryder, attempting to make a left hand turn onto Old Dixie Highway from the parking lot located at 5340 Old Dixie Highway inside the limits of Clayton County, Georgia.  Defendant Bridges failed to yield the right of way while attempting to exit the parking lot at 5340 Old Dixie Highway and negligently drove his Tractor Trailer into Plaintiff Bynum's vehicle. As a result, Defendant Bridges' Tractor Trailer violently collided with Plaintiff Bynum's.

14.

Defendant Bridges' inattentiveness, distracted driving, failure to yield the right of way, and/or otherwise negligent and/or reckless driving caused the violent collision between the vehicle owned and operated by and on behalf of Defendant Ryder and the vehicle driven by Plaintiff Bynum.

15.

Defendant Ryder's driver, Defendant Bridges, was, at least, negligent in causing a collision between Plaintiff Bynum's vehicle and the vehicle being operated by Defendant Bridges.

16.

As a result of the violent collision, Plaintiff Bynum suffered serious injuries and extensive damage to his vehicle.

17.

Plaintiff Bynum was not negligent and did not otherwise cause or contribute to the occurrence of the collision.

18.

Defendant Bridges was cited for his failure to yield the right of way while turning left in violation of O.C.G.A. § 40-6-71.

19.

The collision was the direct and proximate cause of the negligence of Defendant Bridges.

20.

At the time of this incident, Defendant Bridges was operating the 2018 Freightliner Tractor Trailer for, and within the course and scope of, his employment with Defendant Ryder.

## **CAUSES OF ACTION**

## **COUNT I—NEGLIGENCE OF DEFENDANT BRIDGES**

21.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 20 as if fully restated.

22.

Defendant Ryder's employee, Defendant Bridges, owed duties of due and reasonable care to Plaintiff Bynum as well as to other motorists on the road.

23.

Defendant Ryder's employee, Defendant Bridges, was negligent and/or reckless in the operation of the 2018 Freight line Tractor Trailer by, but not limited to, the following:

a) Failure to yield;

b) Reckless driving;

c) Failing to maintain his lane;

d) Driving while distracted;

e) Failing to maintain a proper lookout for Plaintiff Bynum's vehicle; and

f) Causing the 2022 Freight line Tractor Trailer he was operating on behalf of Defendant Ryder to collide with Plaintiff Bynum's vehicle.

24.

At all times material hereto, Plaintiff  Bynum conducted himself in a safe and lawful manner and did not in any way cause or contribute to the circumstances which caused him to sustain serious bodily injury.

25.

As a direct and proximate result of Defendant Ryder's driver, Defendant Bridges, Plaintiff Bynum has suffered and will continue to suffer the following:

a) past, present and future physical and mental pain and suffering;

b) past, present and future loss of enjoyment of life;

c) past, present and future loss of earnings and income;

d) past, present and future loss of ability to labor and earn money, as well as other damages.

26.

As a direct and proximate result of the aforesaid negligence and breaches of duty by the negligence of Defendant Ryder's driver, Defendant Bridges, Plaintiff Bynum suffered substantial injuries and damages, including medical and other necessary expenses, past and continuing mental and physical pain and suffering due to the injuries to his body and nervous system, past and continuing personal inconvenience, past and continuing loss of capacity to labor, and past and continuing inability lead a normal life.

27.

As a direct and proximate result of the aforesaid negligence and breaches of duty by the negligence of Defendant Ryder's driver, Defendant Bridges, Plaintiff Bynum has incurred a significant amount in medical expenses to date and continues to incur medical expenses as he continues to treat for the injuries he suffered in this collision.

## COUNT II—NEGLIGENCE *PER SE* OF DEFENDANT BRIDGES

28.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 27 as if fully restated.

29.

Defendant Bridges' actions constituted negligence *per se* regarding applicable laws and standards including but not limited to:

a)  Driving in a reckless disregard for the safety of others in violation of O.C.G.A. § 40- 6-390;

b)  Failing to yield the right of way while turning left in violation of O.C.G.A. § 40-6-71; and

c)  Failing to maintain and control the 2018 Freightliner  Tractor Trailer he was operating on behalf of Defendant Ryder within the driver's lane in violation of O.C.G.A. § 40-6-40 and 40-6-48.

30.

Defendant Bridges's violation of these statutes breached his duty to Georgia drivers such as Plaintiff Bynum.

31.

As a direct and proximate result of the aforesaid negligence *per se* by the negligence of Defendant Ryder's driver, Defendant Bridges, Plaintiff Bynum suffered substantial injuries and damages, including medical and other necessary expenses, past and continuing mental and physical pain and suffering due to the injuries to his body and nervous system, past and continuing personal inconvenience, past and continuing loss of capacity to labor, and past and continuing inability lead a normal life.

## COUNT III—DEFENDANT RYDER'S LIABILITY FOR
## THE NEGLIGENCE OF DEFENDANT BRIDGES

32.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 31 as if fully restated.

33.

Defendant Ryder owned and/or leased the 2018 Freightliner  Tractor Trailer driven by Defendant Bridges at the time of the subject collision.

34.

At the time of the subject collision, Defendant Bridges was employed by Defendant Ryder.

35.

At the time of the subject collision, Defendant Bridges was acting as an agent of Defendant Ryder.

36.

At the time of the subject collision, Defendant Bridges was driving a 2018 Freightliner Tractor Trailer under dispatch for Defendant Ryder.

37.

At the time of the subject collision, Defendant Bridges was acting within the course and scope of his employment or agency with Defendant Ryder and was furthering the business of Defendant Ryder.

38.

Under the principles of *respondeat superior*, actual agency, apparent agency, and/or lease liability, Defendant Ryder is vicariously liable and legally responsible for the negligent acts and omissions of Defendant Bridges.

39.

As a direct and proximate cause, and by virtue of imputed liability, Defendant Ryder  is responsible for the actions of Defendant Bridges for the collision described in this Complaint and is liable for all damages allowed by law and for the injures, damages, and losses sustained by the Plaintiff in this case.

## COUNT IV—NEGLIGENT HIRING, TRAINING, AND SUPERVISION BY DEFENDANT RYDER

40.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 39 as if fully restated.

41.

Defendant Ryder negligently failed to provide adequate training and supervision for Defendant Bridges to properly operate the 2022 Freightliner Tractor Trailer entrusted to him by Defendant Ryder.

42.

Defendant Ryder was negligent in retaining Defendant Bridges because Defendant Ryder knew, or should have known, that Defendant Bridges was incompetent to properly operate the 2018 Freightliner Tractor Trailer entrusted to him by Defendant Ryder.

43.

Defendant Ryder is liable for its negligent hiring, training, supervision and/or retention of Defendant Bridges as set forth herein.

44.

Defendant Ryder's negligence was a proximate cause of the damages and injuries sustained by the Plaintiff.

## COUNT V—NEGLIGENT ENTRUSTMENT BY DEFENDANT RYDER

45.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 44 as if fully restated.

46.

At the time of the subject collision, Defendant Ryder owned and/or leased a 2018 Freightliner Tractor Trailer, which it entrusted to Defendant Bridges to operate.

47.

Defendant Ryder was negligent in entrusting its 2018 Freightliner Tractor Trailer to Defendant Bridges because Defendant Ryder knew that Defendant Bridges was incompetent and/or habitually reckless to properly operate the 2018 Freightliner  Tractor Trailer entrusted to him by Defendant Ryder.

48.

As a result, Defendant Ryder is liable for negligently entrusting the 2018 Freightliner Tractor Trailer to Defendant Bridges.

49.

Defendant Ryder's negligence was a proximate cause of the damages and injuries sustained by the Plaintiff.

## COUNT VII – DIRECT ACTION AGAINST DEFENDANT ACE

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 49 as if fully restated.

50.

Defendant Ace is an insurance company licensed to do business in the State of Georgia under License No. J718768.

51.

Defendant Ace issued policy number ISAH10764932 to Defendant Ryder which was in effect on the date of the subject collision. Pursuant to O.C.G.A. § 40-1-112(a), said policy provided for the protection, in case of passenger vehicles, of passengers and the public against injury proximately caused by the negligence of Defendant Ryder, its servants, or its agents.

52.

Pursuant to O.C.G.A. § 40-1-112(c) and 40-2-140(d)(4), Plaintiff is permitted to join in this same action the motor carrier (Defendant Ryder) and the insurance carrier (Defendant Ace), whether arising in tort or contract.

53.

Defendant Ryder is a motor carrier engaged in both interstate and intrastate commerce and, pursuant to O.C.G.A. § 40-1-126, it shall nevertheless be subject to all the provisions so far as it separately relates to commerce carried on exclusively in the State of Georgia.

54.

At the time of the subject collision, Defendant Ryder, through its employee or agent, Defendant Bridges, was engaged in intrastate commerce within the State of Georgia.

55.

At the time of the subject collision, Defendant Ryder, through its employee or agent, Defendant Bridges, was further a for-hire motor carrier operating in intrastate commerce, in a vehicle with a gross combined weight rating in excess of 10,000 pounds.

WHEREFORE, the Plaintiff respectfully request that judgment be entered against the Defendants and that the following relief be awarded:

a) That this Complaint be filed and served as provided by law;

b) That judgment be awarded to the Plaintiff for special damages as shown at trial;

c) That judgment for general damages be awarded to the Plaintiff in an amount to be determined by the enlightened conscious of a fair and impartial jury;

d) That the Plaintiff recover such other and further relief as this Honorable Court may deem just and proper, and

e) That all issues be tried before a jury of twelve (12) persons.

This 30th day of March, 2023.

**MORGAN & MORGAN, PLLC**

*/s/: James Palmer*
James Palmer, Esq.
Georgia Bar Number 381099
*Attorney for Plaintiff*

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
jtpalmer@forthepeople.com

Filed 3/30/2023 11:34 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

2023CV00753

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

DARVIS BYNUM,                          )
                                       )
     Plaintiff,                    )
                                       )    Civil Action File No.: _____
v.                                     )
                                       )
DANNY BRIDGES, and                     )    JURY TRIAL DEMAND
RYDER INTEGRATED LOGISTICS, INC.,      )
AND, ACE AMERICAN INSURANCE            )
COMPANY,                               )
                                       )
     Defendants.                   )

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSTION TO DEFENDANT RYDER INTEGRATED LOGISTICS, INC.

COMES NOW the Plaintiff, Darvis Bynum, and, pursuant to O.C.G.A. §§ 9-11-26 and 9-11-36, request that Ryder Integrated Logistics, Inc. (hereinafter referred to "you" or "your") admit or deny the following statement of law. If an objection is made, please state the reason for the objection. If denying the matter, please set forth in detail the reasons why you cannot truthfully admit or deny the matter. Your responses are due within forty-five (45) days after service hereof. If no response is received by the time stated above, the requests shall be admitted.

## REQUESTS FOR ADMISSIONS

### 1.

Please admit that Ryder Integrated Logistics, Inc. is a proper party to this case.

### 2.

Please admit that Ryder Integrated Logistics, Inc. is properly identified in this case.

3.

Please admit that service on Ryder Integrated Logistics, Inc. was sufficient under Georgia Law.

4.

Please admit that venue is proper in this Court.

5.

Please admit that Jurisdiction is proper in this Court.

6.

Please admit that Danny Bridges was employed by Ryder Integrated Logistics, Inc. at the time of the wreck.

7.

Please admit that Danny Bridges was in the course and scope of his employment at the time of the wreck.

8.

Please admit that Danny Bridges was in furtherance of the business of Ryder Integrated Logistics, Inc. at the time of the wreck.

9.

Please admit that Danny Bridges was operating the 2018 Freightliner Tractor Trailer at the time of the wreck that was entrusted to him by Ryder Integrated Logistics, Inc..

10.

Please admit Danny Bridges is fully liable for causing the wreck.

11.

Please admit that under the doctrine of respondeat superior, Ryder Integrated Logistics, Inc. is fully liable for causing the wreck.

12.

Please admit that Plaintiff Darvis Bynum did not cause or contribute to the cause of the wreck.

13.

Please admit that other than the parties already named in this case, there are no other persons or entities that caused or contributed to the wreck.

14.

Please admit that, at the time of the wreck, you maintained a liability insurance policy underwritten by Ace American Insurance Company

15.

Please admit that the 2018 Freightliner Tractor Trailer driven by Danny Bridges on the date of the wreck had a gross combined weight rating in excess of 10,000 pounds.

16.

Please admit that, at the time of the wreck, you were authorized by the State of Georgia to operate as an intrastate motor carrier.

17.

Please admit that, at the time of the wreck, you were <u>not</u> solely engaged in interstate commerce.

[*Signature on following page*]

This 30th day of March, 2023.

**MORGAN & MORGAN, PLLC**

/s/James Thomas Palmer
James Thomas Palmer, Esq.
Georgia Bar Number 381099
*Attorney for the Plaintiffs*

Morgan & Morgan, PLLC
1350 Church Street Ext.
Suite 300
Marietta, Georgia 30060
Phone: (770) 702-9067
Fax: (770) 799-2658
jtpalmer@forthepeople.com

2023CV00753     Filed 3/30/2023 11:34 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY
# STATE OF GEORGIA

DARVIS BYNUM,                                )
                                             )
     Plaintiff,                         )
                                             )        Civil Action File No.: _____
v.                                           )
                                             )
DANNY BRIDGES, and                           )        JURY TRIAL DEMAND
RYDER INTEGRATED LOGISTICS, INC.,            )
AND, ACE AMERICAN INSURANCE                  )
COMPANY,                                     )
                                             )
     Defendants.                        )

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT RYDER INTEGRATED LOGISTICS, INC.

COMES NOW the Plaintiff, Darvis Bynum, and pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to Ryder Integrated Logistics, Inc.  (hereinafter referred to as "you" or "your" or "Defendant Ryder") for response, in writing and under oath within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiffs within

a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, PLLC, 1350 Church Street Ext., Suite 300, Marietta, Georgia 30060 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Georgia Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

I.   **DEFINITIONS**

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a) an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity;

(b) a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization;

(c) document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.     **INTERROGATORIES**

### 1.

Please identify each person who assisted in the preparation and/or drafting of the responses to these interrogatories.

### 2.

Identify each person with knowledge of any fact or circumstance, or with any information reasonably calculated to lead to the discovery of admissible evidence, concerning the issues in this civil action, including the substance of each individual's knowledge about this civil action. Your response should, at a minimum, identify:

(a)  the person(s) responsible for hiring Danny Bridges;

(b)  the person(s) responsible for training Danny Bridges;

(c)  the person(s) responsible for dispatching Danny Bridges;

(d)  Danny Bridges's immediate supervisor(s) and/or manager(s);

(e)  the person(s) Danny Bridges first contacted after the incident that gives rise to this lawsuit;

(f)  the person(s) who investigated the incident that gives rise to this lawsuit;

(g)  any person who has some knowledge of any fact or circumstance upon which your defense is based; and

(h)  any eyewitnesses to the incident that gives rise to this lawsuit.

### 3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory Number 2.

4.

Do you contend that any of the named Defendants have been improperly named as parties to this action and/or that improper or incorrect agents for service were utilized to effectuate service upon the Defendants? If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend that the named Defendants have been improperly named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

5.

Do you contend that venue is improper in this Court as to any of the named Defendants, jurisdiction is lacking over any of the named Defendants in this Court, or that service of process has been deficient on any of the named Defendants in this matter? If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

6.

With regard to the vehicle being operated at the time of the subject incident, please identify:

(a) the owner of the vehicle;

(b) the frequency in which you drove the vehicle;

(c) who paid for the gas and maintenance of the vehicle; and

(d) if you did not own the vehicle, state whether or not you had the permission of the owner to be driving the vehicle at the time of the subject incident.

7.

For each request to admit that you denied, please identify:

(a) each eyewitness that will testify to those facts supporting your denial; and

(b) each and every document or tangible piece of evidence that will evidence facts supporting your denial.

8.

Describe in detail how you contend this accident occurred. In your response, identify the individual(s) or entity/entities you contend is/are responsible for causing the wreck.

9.

Identify each person or entity who investigated the wreck and the scope of each such investigation. In your response, identify:

(a)     any reports created as part of the investigation;

(b)     any measurements, maps, photos, or other materials taken or prepared as part of the investigation; and

(c)     the results of any such investigation (criminal charges, preventability determinations, discipline administered, etc.).

10.

Was Danny Bridges terminated from following the accident? If so, please explain the reason(s) for his termination.

11.

Please state every traffic violation you are aware Danny Bridges had received at the time he was hired.

12.

Please state every traffic violation you are aware Danny Bridges received while employed by you.

13.

Where was Danny Bridges traveling from and to at the time of the incident? In your response, identify: where and when the trip started; where and when it was supposed to end; and the time and location of all stops made after Danny Bridges started the trip and before the incident.

14.

Identify Danny Bridges' employment status with your company at the time of the wreck and at present, and how you pay and/or paid Danny Bridges for his work.

15.

Was Danny Bridges in the course and scope of his employment with or in furtherance of the business of Ryder Integrated Logistics, Inc. at the time of the wreck? If no, identify the basis for your contention and all individuals with knowledge to support that contention.

16.

Did Defendant Ryder train Danny Bridges or require Danny Bridges to complete any training at any time? If yes, identify:

(a) the reason for any such training; the person(s) or entities responsible for the training;

(b) the location of any such training;

(c) the materials (i.e., documents, quizzes, videos, simulators, electronic programs, etc.) used in connection with any such training; and

(d) the dates of the training.

17.

Please identify all hiring policies and procedures used by Defendant Ryder when hiring new employees. Your answer at a minimum should include the policies and procedures undertaken by Defendant Ryder to investigate the background of potential new hires.

18.

Please identify all the hiring policies and procedures used by Defendant Ryder in hiring Danny Bridges. Your answer at a minimum should include the policies and procedures undertaken by Defendant Ryder to investigate the background of Danny Bridges.

19.

Did Defendant Ryder have any policies, procedures, rules, guidelines, manuals, handbooks, or other similar instructions that applied to Danny Bridges at any time prior to or at the time of the wreck? If yes, identify each such policy, procedure, rule, guideline, manual, handbook, or other similar instructions.

20.

Has Danny Bridges ever been cited for or charged with a violation of law, whether driving or not, at any time? If yes, identify:

(a) the basis for the citation or charges;

(b) the date and location of the citation or charges;

(c) the individual and entity who issued the citation or charges;

(d) the disposition of the charges;

(e) Defendant Ryder' representative(s) with knowledge of the citation or charges; and

(f) how and when Defendant Ryder learned about the citations or charges.

21.

Did Danny Bridges communicate with Defendant Ryder in any way in the 48 hours before or 24 hours after the wreck? If yes, identify:

(a) the individual(s) with whom Danny Bridges communicated with;

(b) the time of the communication;

(c) the method (phone, text message, e-mail, etc.) of the communication; and

(d) the reason for the communication (dispatch, directions, to provide notice of  the wreck, etc.).

22.

How and when did Defendant Ryder learn about the wreck? In your response, identify each individual who learned about or investigated the wreck within the first week of the wreck and the information or documents that was/were provided to each individual about the wreck.

23.

Did Danny Bridges undergo any drug and/or alcohol tests within 72 hours of the wreck? If yes, identify:

(a) the results of the test(s);

(b) the location of the test(s);

(c) the person(s) with knowledge of the test(s); and

(d) the person or entities in possession of the test results.

24.

Are you aware of any photographs, videos, maps, plats, drawings, diagrams, or other tangible materials depicting the scene of the wreck or any persons or property in any way involved in the wreck? If yes, identify:

(a) all responsive materials;

(b) the date the responsive materials were created; and

(c) the custodian(s) of all responsive materials.

25.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

(a) state the subject matter on which she/he is expected to testify;

(b) state in detail the opinions held by each such expert or technician; and

(c) give a complete summary of the grounds for each opinion held.

26.

Are you aware of any insurance policy(ies), including any excess or umbrella policy, that may provide coverage for the damages alleged in this case? If yes, for each such policy, identify:

(a)     the insurer;

(b)     the number;

(c)     limits;

(d)     the applicable policy periods;

(e)     the named insured; and

(f)     whether any insurer has denied coverage or issued a reservation of rights in connection with this case.

27.

Please state each and every prior collision or prior insurance claim which you are aware Danny Bridges has been involved in, or that Danny Bridges has made, and state whether your agents have procured an ISO claims index report.

28.

Have you, or any other party to this case, employed or retained anyone to investigate and or surveil the Plaintiff or anyone associated with the Plaintiff?

This 30th day of March, 2023.

**MORGAN & MORGAN, PLLC**

/s/James Thomas Palmer
James Thomas Palmer, Esq.
Georgia Bar Number 381099
*Attorney for the Plaintiffs*

Morgan & Morgan, PLLC
1350 Church Street Ext.
Suite 300
Marietta, Georgia 30060
Phone: (770) 702-9067
Fax: (770) 799-2658
jtpalmer@forthepeople.com

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DARVIS BYNUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.: _____ |
| v. | ) | |
| | ) | |
| DANNY BRIDGES, and | ) | JURY TRIAL DEMAND |
| RYDER INTEGRATED LOGISTICS, INC., | ) | |
| AND, ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RYDER INTEGRATED LOGISTICS, INC.

COMES NOW the Plaintiff, Darvis Bynum, and pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to Ryder Integrated Logistics, Inc., the following Request for Production of Documents, the Plaintiff request that Defendant Ryder Integrated Logistics, Inc. produce the following documents for inspection and copying at the offices of Morgan & Morgan, PLLC, 1350 Church Street Ext., Suite 300, Marietta, Georgia 30060 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these Requests.

Each of the following Requests seeks all documents available to Defendant, Defendant's attorneys or agents, and any other person acting on Defendant's behalf. In lieu of producing materials that are in Defendant's custody and control but are not actually in Defendant's possession or in the possession of Defendant's counsel, Defendant may, where appropriate, execute an

authorization or authorizations enabling Plaintiff to obtain copies of the materials at their own expense.

You are also required, pursuant to the Georgia Civil Practice Act, to produce at trial the materials and documents requested herein.

## I.   **DEFINITIONS**

As used in these Requests, "person" shall mean an individual, firm, partnership, corporation, proprietorship, association or any other organization or entity.

As used in these Requests, "Defendant" shall mean Defendant Ryder Integrated Logistics, Inc.

As used in these Requests, "document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

If any document identified in these Requests cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the non-produced portion.

If in response to any Request you do not produce any document because of a claim of privilege or work product, please produce a privilege log describing any such documents by stating

its date, author, and the name of the present custodian, and describe the substance or content of the document and the basis for the claim of privilege with sufficient detail to permit evaluation of the claim. Produce the document requested to the extent that it is not subject to the objection or privilege.

These Requests are deemed continuing to the extent provided for by law. If, after producing documents, you obtain or become aware of any further documents responsive to these Requests, you are requested to produce those documents.

## II.   **REQUESTS FOR PRODUCTION**

1.

Please produce any document Defendant Ryder Integrated Logistics, Inc. used in responding to the Complaint, Interrogatories, and Requests for Admissions.

2.

Any insurance policy, including declarations pages, that may provide coverage for the Plaintiff' damages sustained in this wreck, including any excess and/or umbrella policy.

3.

Any employment-related file concerning Danny Bridges, including, but not limited to, any employment file; payroll or tax file; driver qualification file (as defined in 49 CFR 391); disciplinary file; drug and alcohol testing file; continuing education file; accident or incident file; or investigation file; hiring or separation file; and/or disciplinary file. This requests seeks any  and all files that may contain Danny Bridges's motor vehicle reports or other evidence of driving history or records.

4.

Any document evidencing the relationship between Defendant Sanders and Danny Bridges at the time of the wreck—i.e., independent contractor agreement, employment agreement, owner-operator agreement, etc.

5.

Any training or orientation materials—i.e., videos, computer programs, instructions, quizzes and tests and their results, etc.—provided by Defendant Ryder Integrated Logistics, Inc. to Danny Bridges prior to the wreck. This also includes industry guidelines or practices used or implemented by Defendant Ryder Integrated Logistics, Inc..

6.

Any guidelines, manuals, handbooks, or other similar guidance materials, provided by Defendant Ryder Integrated Logistics, Inc.  to Danny Bridges.

7.

Any documents evidencing how, when, and in what amounts Danny Bridges was compensated in the two weeks before and the two weeks after the wreck.

8.

Any materials related to other incidents or accidents involving Danny Bridges.

9.

Any materials relating to any complaint, criticism, or concern raised by any person or entity pertaining to Danny Bridges's performance or safety. This includes any customer or call-in complaints made by motorists directly or to a third party service (i.e., phone numbers on the back of trailers or tractors asking "How's my driving," etc.).

10.

Any statements, written or recorded, provided by any party to this case.

11.

Any statements, written or recorded, provided by any witness to the wreck.

12.

Any e-mails exchanged between Danny Bridges and Defendant Ryder Integrated Logistics, Inc. in the month before and the month after the wreck.

13.

Any documents evidencing damage to the 2018 Freightliner Tractor Trailer sustained in the wreck. This includes, but is not limited to: repair estimates; appraisals; checks or drafts reflecting payment for repairs; or documents submitted to any insurer for payment for any property damages sustained in the wreck.

14.

Any photographs, videos, or audio recordings pertaining to the wreck, the parties involved in the wreck, or witnesses to the wreck. Produce any photos in color.

15.

The driver vehicle inspection reports for the 2018 Freightliner Tractor Trailer for the month before and the month after the wreck.

16.

The pre-trip and post-trip inspection reports for the 2018 Freightliner Tractor Trailer for the month before and the month after the wreck.

17.

Any materials pertaining to Defendant Ryder Integrated Logistics, Inc.'s investigation of the wreck. This includes, but is not limited to: scene markings or measurements; e-mails; letters; preventability determinations and evaluations; scene mapping; photographs, videos, or computer simulations; statements; reports prepared by Driver or anyone else; and interview, conversation or statement notes and reports.

18.

Any documents signed by Danny Bridges evidencing an agreement to be bound by or to adhere to Defendant Ryder Integrated Logistics, Inc.'s policies, procedures, rules, guideline, or standards, or to any federal or state laws.

19.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician.

20.

Any and all documents obtained through a request for production of documents or subpoena.

21.

A color copy of the front and back of Danny Bridges driver's license.

22.

Any document that supports Defendant Ryder Integrated Logistics, Inc.'s contention that anyone besides Defendant Ryder Integrated Logistics, Inc.  and/or Danny Bridges caused the wreck.

23.

Any and all materials you intend to use at trial as an exhibit, evidence, or demonstrative aid that you have not already produced.

24.

Any document you contend supports Defendant Ryder Integrated Logistics, Inc. denial of any request for admission.

25.

Any materials created or produced in connection with any surveillance of the Plaintiff.

26.

All policies and procedures used by Defendant Ryder Integrated Logistics, Inc. when hiring a new employee, including, but not limited to, policies and procedures used to conduct background checks of potential new employees.

This 30th day of March, 2023.

**MORGAN & MORGAN, PLLC**

*/s/: James Palmer*
James Palmer, Esq.
Georgia Bar Number 381099
*Attorney for Plaintiff*

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
jtpalmer@forthepeople.com

2023CV00762    Filed 3/30/2023 11:34 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DARVIS BYNUM, | ) | |
| | ) | |
| Plaintiff, | ) | 2023CV00762 |
| | ) | Civil Action File No.: _____ |
| v. | ) | |
| | ) | |
| DANNY BRIDGES, and | ) | JURY TRIAL DEMAND |
| RYDER INTEGRATED LOGISTICS, INC., | ) | |
| AND, ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all Defendants in the foregoing matter with a copy of the following:

1. PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY;

2. PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT DANNY BRIDGES;

3. PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DANNY BRIDGES;

4. PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT RYDER INTEGRATED LOGISTICS, INC.;

5. PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

   OF DOCUMENTS TO DEFENDANT RYDER INTEGRATED LOGISTICS, INC.


Respectfully submitted 30th day of March, 2023.


                                        **MORGAN & MORGAN, PLLC**

                                        */s/: James Palmer*
                                        James Palmer, Esq.
                                        Georgia Bar Number 381099
                                        *Attorney for Plaintiff*

                                        1350 Church Street Extension, Suite 300
                                        Marietta, Georgia 30060
                                        jtpalmer@forthepeople.com


Page 2 of 2

2023CV00763   Filed 3/30/2023 11:34 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

_____

_____

_____

_____
                                    Plaintiff

Vs.                                                          _____
                                                             Case Number

_____

_____

_____
                                    Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S): RYDER INTEGRATED LOGISTICS, INC.
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By:_____
Deputy Clerk

**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817

# SERVICE OF PROCESS, NOTICE, OR DEMAND
## ON THE SECRETARY OF STATE AS STATUTORY AGENT

1. **Case Information**. The service of process being made relates to the following proceeding:

   Style of Proceeding:   _____
   (e.g. name of the plaintiff vs. name of the defendant, or In the matter of…, etc.)

   Civil Action No./File No.:   _____

   Court:   _____
   (The name of court the proceeding is pending in.)

2. **Statutory Authority.** Service is being made on the Secretary of State pursuant to the following Official Code of Georgia Annotated ("O.C.G.A.") section:

   ☐ O.C.G.A. § 9-11-4(e)(1)*       ☐ O.C.G.A. § 14-8-46(i)*       ☐ O.C.G.A. § 14-11-209(f)*
   ☐ O.C.G.A. § 14-2-1510(b)        ☐ O.C.G.A. § 14-8-50(c)        ☐ O.C.G.A. § 14-11-703(h)*
   ☐ O.C.G.A. § 14-2-1520(c)        ☐ O.C.G.A. § 14-8-52(d)        ☐ O.C.G.A. § 14-11-707(c)
   ☐ O.C.G.A. § 14-2-1531(d)        ☐ O.C.G.A. § 14-9-104(g)*      ☐ O.C.G.A. § 14-11-709(d)
   ☐ O.C.G.A. § 14-3-1510(b)        ☐ O.C.G.A. § 14-9-902.1(i)*    ☐ O.C.G.A. § 40-12-2*
   ☐ O.C.G.A. § 14-3-1520(c)        ☐ O.C.G.A. § 14-9-906          ☐ O.C.G.A. § 40-1-117
   ☐ O.C.G.A. § 14-3-1531(d)        ☐ Other: O.C.G.A._____

   Note:  Asterisk (*) denotes that a certified writing or affidavit is required.

3. **Defendant Information**. Pursuant to the foregoing statutory authority, the Secretary of State is being served as statutory agent for:

   Name of Business Entity or Individual: _____

   Business Entity Control Number (if applicable): _____

   The registered agent's or defendant's address where service forwarded to or sheriff attempted service:

   _____

   _____

4. **Filer's Information.** Person requesting service and to whom the Certificate of Acknowledgment or rejection/deficiency notice is to be sent:

   Name:   _____

   Address:   _____

   _____

   Email:   _____

## Instructions

Whenever by statute the Secretary of State is appointed or deemed to have been appointed the agent of any individual, corporation, limited partnership, limited liability company or other business entity ("defendant") for the purpose of service of any process, notice, or demand ("process"), service on the Secretary of State shall be made by delivering or mailing a copy of the process for each defendant, any required certification or affidavit, and the payment of the requisite fee(s) to the Corporations Division of the Office of the Secretary of State. The party seeking service shall recite the statute or other authority pursuant to which process is being served on the Secretary of State. A fee of $10.00 payable to "Georgia Secretary of State" for service on each defendant at each address must accompany the substituted service of process filing.

Section 1.  If the requested service relates to a pending judicial or administrative proceeding, indicate the style of proceeding (i.e. plaintiff(s) versus defendant(s)) or the short style of the case (i.e. first plaintiff, et al. versus first defendant, et al.), the civil action number, and the name of the court.

Section 2.  Choose the applicable Georgia statute under which the substituted service of process is being made on the Secretary of State. Only mark one box. If the applicable statutory authority is not listed, mark the "Other" box and specify the applicable statute. The following Code sections specify when the entities or individuals described below may be served through the Office of the Secretary of State:

| | |
|---|---|
| O.C.G.A. § 9-11-4(e)(1)* | Domestic and foreign corporations registered with the Secretary of State. |
| O.C.G.A. § 14-2-1510(b) | Foreign profit corporations authorized to transact business in Georgia. |
| O.C.G.A. § 14-2-1520(c) | Foreign profit corporations that have withdrawn from transacting business in Georgia. |
| O.C.G.A. § 14-2-1531(d) | Foreign profit corporations whose certificate of authority has been revoked. |
| O.C.G.A. § 14-3-1510(b) | Foreign nonprofit corporations authorized to transact business in Georgia. |
| O.C.G.A. § 14-3-1520(c) | Foreign nonprofit corporations that have withdrawn from transacting business in Georgia. |
| O.C.G.A. § 14-3-1531(d) | Foreign nonprofit corporations whose certificate of authority has been revoked. |
| O.C.G.A. § 14-8-46(i)* | Foreign limited liability partnerships authorized to transact business in Georgia. |
| O.C.G.A. § 14-8-50(c) | Foreign limited liability partnerships that have withdrawn from transacting business in Georgia. |
| O.C.G.A. § 14-8-52(d) | Foreign limited liability partnerships whose certificate of authority has been revoked. |
| O.C.G.A. § 14-9-104(g)* | Domestic limited partnerships registered with the Secretary of State. |
| O.C.G.A. § 14-9-902.1(i)* | Foreign limited partnerships authorized to transact business in Georgia. |
| O.C.G.A. § 14-9-906 | Foreign limited partnerships that have withdrawn from transacting business in Georgia. |
| O.C.G.A. § 14-11-209(f)* | Domestic limited liability companies registered with the Secretary of State. |
| O.C.G.A. § 14-11-703(h)* | Foreign limited liability companies authorized to transact business in Georgia. |
| O.C.G.A. § 14-11-707(c) | Foreign limited liability companies that have withdrawn from transacting business in Georgia. |
| O.C.G.A. § 14-11-709(d) | Foreign limited liability companies whose certificate of authority has been revoked. |
| O.C.G.A. § 40-12-2* | Nonresident motorist. |
| O.C.G.A. § 40-1-117 | Nonresident motor carriers. |

Note:  Asterisk (*) denotes that a certified writing or affidavit is required.

Section 3.  Provide the name and address of the defendant who is being served through the Secretary of State. If two or more defendants are being so served, use a separate form for each defendant.

Section 4.  Provide the name and address of the filer to which the Secretary of State will send either a Certificate of Acknowledgment if the filing is accepted or a notice explaining why the filing was rejected or found deficient.

Note: With the exception of filings made pursuant to O.C.G.A. § 40-1-117, the Secretary of State's office merely accepts substituted service of process, and does not forward these filings to the designated defendant.

If the filer chooses to not use optional Form SOP-1, then filer must submit with the service of process filing a cover letter which includes substantially the same information as found on this form. Questions regarding the filing of substituted service of process should be directed to (404) 656-2817.

**MORGAN & MORGAN**

April 13, 2023

Matter Number: 2023CV00762
Office of Secretary of State
**Attn: Corporations Division**
2 M.L.K. JR DR SE
Suite 315 W
Atlanta, GA 30334

RE: <u>Darvis Bynum vs. Danny Bridges and Ryder Integrated Logistics Inc., and Ace American</u>
<u>Insurance Company</u>
    State Court of Clayton County – 2023CV00762

To Whom It May Concern:

    Please find enclosed the following documents.
1. Form SOP-1
2. Summons to Defendant
3. Complaint
4. Request for Admissions to Defendant
5. Interrogatories to Defendant
6. Request for Production of Documents to Defendant
7. Affidavit of Compliance for Service of Process

Please return the Certificate of Acknowledgement to this office at your earliest convenience.

Sincerely,

*Maria Garcia*

 Maria Garcia
 Legal Assistant to JT Palmer
 (770) 702-9066
 Mdgarcia@forthepeople.com

JTP/MG