# Exhibit B

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV001225**
**2/28/2023 3:11 PM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**                              DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**                CIVIL ACTION FILE #: _____
Civil Division

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT: ACE AMERICAN AGENCY, INC.

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____     Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

                                                           Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____
                                                                                       DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV001225
2/28/2023 3:11 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

JAMIEL HAND
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

FRANK BARNGROVER
_____
TYSON FOODS, INC.
_____
ACE  AMERICAN AGENCY INC
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

CAME TO HAND: 03/01/2023
DELIVERED: 03/01/23
BY: _MZ_____

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT: **FRANK BARNGROVER**

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: James Palmer _____

Address: Morgan & Morgan 1350 Church Street Extension, Suite 300

City, State, Zip Code: Marietta, Georgia 30060 _____  Phone No.: 770-702-9067

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***
Served, this _____ day of _____, 20_____.
_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____
_____
This _____ day of _____, 20____.  _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV001225**
**2/28/2023 3:11 PM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:  ## GEICO INDEMNITY COMPANY

 You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____     Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV001225
2/28/2023 3:11 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: _____

JAMIEL HAND
_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

FRANK BARNGROVER
TYSON FOODS, INC.
ACE  AMERICAN  AGENCY  INC
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************* |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT: **TYSON FOODS, INC.**

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: James Palmer

Address: Morgan & Morgan 1350 Church Street Extension, Suite 300

City, State, Zip Code: Marietta, Georgia 30060        Phone No.: 770-702-9067

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED,** via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***
Served, this _____ day of _____, 20_____.
_____
                        DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____
_____
This _____ day of _____, 20_____.  _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV001225
2/28/2023 11:10 AM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAMIEL HAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.: _____ |
| v. | ) | |
| | ) | |
| FRANK BARNGROVER, and | ) | JURY TRIAL DEMAND |
| TYSON FOODS, INC., AND | ) | |
| ACE AMERICAN AGENCY, INC. | ) | |
| Defendants. | ) | |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Jamiel Hand, Plaintiff in the above-styled civil action, and file this Complaint against Defendants, Frank Barngrover, Tyson Foods, Inc., and Ace American Insurance Company, and respectfully show this Honorable Court as follows:

### PARTIES, SERVICE, AND JURISDICTION

1.

Plaintiff Jamiel Hand are and, at all times material to this action, is a resident of the State of Georgia. The Plaintiff willfully avail themselves and submit to the jurisdiction of this Court.

2.

Defendant Tyson Foods, Ince. (hereinafter "Defendant Tyson") is a Foreign for-profit corporation existing under the laws of the State of Delaware. Defendant Tyson transacts business within the State of Georgia and allowed its agent, Defendant Frank Barngrover, to operate a vehicle upon the roads of Fulton County, Georgia and to commit a tortious act thereon. Defendant Tyson is subject to the jurisdiction and venue of this Court and  may be  served with a Summons and Complaint, pursuant to O.C.G.A. § 14-2-504, through its Registered Agent, CT Corporation, at

289 South Culver Street, Lawrenceville, Georgia 30046 as of the date of the filing of this Complaint.

3.

Defendant Ace American Insurance Agency, Inc. (hereinafter "Defendant Ace") is a foreign insurance company authorized to do business in the State of Georgia. Defendant Ace may be served with a Summons and Complaint through its Registered Agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092 as of the date of the filing of this Complaint.

4.

Defendant Frank Barngrover (hereinafter "Defendant Barngrover"), upon information and belief is a Texas resident whose last know address is 12702 Oak Plaza Drive, Cypress, Texas 77429. Because the Defendant is an out-of-state motorist who committed a tortious act upon the roads of Fulton County, Georgia, Defendant Barngrover is subject to the jurisdiction and venue of this Court under the Long-Arm Statute, O.C.G.A. § 40-12-3.

5.

Pursuant to the Non-Resident Motorist Act, O.C.G.A. §40-12-2, service of process upon the Defendant Barngrover shall be made by serving a copy of the complaint or other pleading with summons attached thereto on the Georgia Secretary of State, his duly authorized agent, or his successor in office, along with a copy of the affidavit to be submitted to the court pursuant to this Code section.  Such service shall be sufficient service upon the Defendant Barngrover, provided that notice of such service and a copy of the complaint and process are forthwith sent by registered or certified mail or statutory overnight delivery by the plaintiff to the defendant at 12702 Oak Plaza Drive, Cypress, Texas 77429, and the defendant's return receipt and the plaintiff's affidavit of

compliance with this Code section are appended to the summons or other process and filed with the summons, complaint, and other papers in the case in this court.

6.

Pursuant to O.C.G.A. § 9-10-94, the Defendant Barngrover may also be served with a summons outside the state in the same manner as service is made within the state by any person authorized to make service by the laws of the State of Texas, or by any duly qualified attorney, solicitor, barrister, or the equivalent in the State of Texas.

7.

Jurisdiction is proper in this Court as to Defendant Tyson.

8.

Venue is proper in this Court as to Defendant Tyson.

9.

Jurisdiction is proper in this Court as to Defendant Ace.

10.

Venue is proper in this Court as to Defendant Ace.

11.

Jurisdiction is proper in this Court as to Defendant Barngrover.

12.

Venue is proper in this Court as to Defendant Barngrover.

13.

At the time of the subject collision described below, Defendant Tyson was a for-hire motor carrier operating in intrastate commerce in the State of Georgia, in a vehicle with a gross combined

weight rating in excess of 10,000 pounds, and was actively covered by a liability insurance policy (Policy Number: 1125310925) through Defendant Ace. Accordingly, Defendant Ace is subject to suit by direct action under O.C.G.A. § 40-1-112 and 40-2-140.

## STATEMENT OF FACTS

14.

On or around March 7, 2021 at approximately 7:32 p.m., Plaintiff Hand was lawfully driving a 2011 Hyundai Sonata on I-285 southbound inside the city limits of Atlanta, Fulton County, Georgia.

15.

At that same date and time, Defendant Barngrover was driving a 2015 Kenworth, for and on behalf of Defendant Tyson, southbound on I-285 also inside the city limits of Atlanta, Fulton, County, Georgia, traveling directly in front of Plaintiff Hand. Defendant Barngrover failed to use reasonable and ordinary care when he allowed his tractor tailer to roll backwards and cause a violent collision with the front of Plaintiff Hand's vehicle.

16.

Defendant Barngrover's inattentiveness, distracted driving, and/or otherwise negligent and/or reckless driving caused the violent collision between the vehicle owned and operated by and on behalf of Defendant Tyson and the vehicle driven by Plaintiff.

17.

Defendant Tyson's driver, Defendant Barngrover, was, at least, negligent allowing his tractor trailer to roll backwards into Plaintiff's vehicle.

18.

As a result of the violent collision, Plaintiff suffered serious injuries and extensive damage to his vehicle.

19.

Plaintiff was not negligent and did not otherwise cause or contribute to the occurrence of the collision.

20.

The collision was the direct and proximate cause of the negligence of Defendant Barngrover.

21.

At the time of this incident, Defendant Barngrover was operating the 2015 Kenworth for, and within the course and scope of, his employment with Defendant Tyson.

## CAUSES OF ACTION

## COUNT I—NEGLIGENCE OF DEFENDANT BARNGROVER

22.

Plaintiff realleges and incorporates herein the allegations contained in the prior paragraphs 1 through 21 as if fully restated.

23.

Defendant Tyson's employee, Defendant Barngrover, owed duties of due and reasonable care to Plaintiff as well as to other motorists on the road.

24.

Defendant Tyson's employee, Defendant Barngrover, was negligent and/or reckless in the operation of the 2015 Kenworth by, but not limited to, the following:

a) Failure to yield;

b) Reckless driving;

c) Failing to maintain his lane;

d) Driving while distracted;

e) Failing to maintain a proper lookout for Plaintiff's vehicle; and

f) Causing the 2015 Kenworth he was operating on behalf of Defendant Tyson to collide with Plaintiff's vehicle.

25.

At all times material hereto, Plaintiff conducted himself in a safe and lawful manner and did not in any way cause or contribute to the circumstances which caused him to sustain serious bodily injury.

26.

As a direct and proximate result of Defendant Tyson's driver, Defendant Barngrover, Plaintiff has suffered and will continue to suffer the following:

a) past, present and future physical and mental pain and suffering;

b) past, present and future loss of enjoyment of life;

c) past, present and future loss of earnings and income;

d) past, present and future loss of ability to labor and earn money, as well as other damages.

27.

As a direct and proximate result of the aforesaid negligence and breaches of duty by the negligence of Defendant Tyson's driver, Defendant Barngrover, Plaintiff suffered substantial injuries and damages, including medical and other necessary expenses, past and continuing mental and physical pain and suffering due to the injuries to his body and nervous system, past and continuing personal inconvenience, past and continuing loss of capacity to labor, and past and continuing inability lead a normal life.

28.

As a direct and proximate result of the aforesaid negligence and breaches of duty by the negligence of Defendant Tyson's driver, Defendant Barngrover, Plaintiff has incurred significant

medical expenses to date and continues to incur medical expenses as he continues to treat for the injuries he suffered in this collision.

### COUNT II—NEGLIGENCE *PER SE* OF DEFENDANT BARNGROVER

29.

Plaintiff realleges and incorporates herein the allegations contained in the prior paragraphs 1 through 28 as if fully restated.

30.

Defendant Barngrover' actions constituted negligence *per se* regarding applicable laws and standards including but not limited to:

a)  Driving in a reckless disregard for the safety of others in violation of O.C.G.A. § 40- 6- 390; and

b)  Failing to maintain and control the 2015 Kenworth he was operating on behalf of Defendant Tyson within the driver's lane in violation of O.C.G.A. § 40-6-40 and 40-6-48.

31.

Defendant Barngrover' violation of these statutes breached his duty to Georgia drivers such as Plaintiff.

32.

As a direct and proximate result of the aforesaid negligence *per se* by the negligence of Defendant Tyson's driver, Defendant Barngrover, Plaintiff suffered substantial injuries and damages, including medical and other necessary expenses, past and continuing mental and physical pain and suffering due to the injuries to his body and nervous system, past and continuing personal inconvenience, past and continuing loss of capacity to labor, and past and continuing inability lead a normal life.

## COUNT III—DEFENDANT TYSON'S LIABILITY FOR
## THE NEGLIGENCE OF BARNGROVER

33.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 32 as if fully restated.

34.

Defendant Tyson owned and/or leased the 2015 Kenworth driven by Defendant Barngrover at the time of the subject collision.

35.

At the time of the subject collision, Defendant Barngrover was employed by Defendant Tyson.

36.

At the time of the subject collision, Defendant Barngrover was acting as an agent of Defendant Tyson.

37.

At the time of the subject collision, Defendant Barngrover was driving a 2015 Kenworth under dispatch for Defendant Tyson.

38.

At the time of the subject collision, Defendant Barngrover was acting within the course and scope of his employment or agency with Defendant Tyson and was furthering the busines of Defendant Tyson.

39.

Under the principles of *respondeat superior*, actual agency, apparent agency, and/or lease liability, Defendant Tyson is vicariously liable and legally responsible for the negligent acts and omissions of Defendant Barngrover.

40.

As a direct and proximate cause, and by virtue of imputed liability, Defendant Tyson is responsible for the actions of Defendant Barngrover for the collision described in this Complaint and is liable for all damages allowed by law and for the injures, damages, and losses sustained by the Plaintiff in this case.

## COUNT IV—NEGLIGENT HIRING, TRAINING, AND SUPERVISION BY DEFENDANT TYSON FOODS, INC.

41.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 40 as if fully restated.

42.

Defendant Tyson negligently failed to provide adequate training and supervision for Defendant Barngrover to properly operate the 2015 Kenworth entrusted to him by Defendant Tyson.

43.

Defendant Tyson was negligent in retaining Defendant Barngrover because Defendant Tyson knew, or should have known, that Defendant Barngrover was incompetent to properly operate the 2015 Kenworth entrusted to him by Defendant Tyson.

44.

Defendant Tyson is liable for its negligent hiring, training, supervision and/or retention of Defendant Barngrover as set forth herein.

45.

Defendant Tyson's negligence was a proximate cause of the damages and injuries sustained by the Plaintiff.

## COUNT V—NEGLIGENT ENTRUSTMENT BY DEFENDANT TYSON FOODS, INC.

46.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 45 as if fully restated.

47.

At the time of the subject collision, Defendant Tyson owned and/or leased a 2015 Kenworth, which it entrusted to Defendant Barngrover to operate.

48.

Defendant Tyson was negligent in entrusting its 2015 Kenworth to Defendant Barngrover because Defendant Tyson knew that Defendant Barngrover was incompetent and/or habitually reckless to properly operate the 2015 Kenworth entrusted to him by Defendant Tyson.

49.

As a result, Defendant Tyson is liable for negligently entrusting the 2015 Kenworth to Defendant Barngrover.

50.

Defendant Tyson's negligence was a proximate cause of the damages and injuries sustained by the Plaintiff.

## <u>COUNT VII – DIRECT ACTION AGAINST DEFENDANT ACE</u>

51.

Plaintiff reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 50 as if fully restated.

52.

Defendant ACE is an insurance company licensed to do business in the State of Georgia under License No. 07047993.

53.

Defendant ACE issued policy number 1125310925 to Defendant Tyson which was in effect on the date of the subject collision. Pursuant to O.C.G.A. § 40-1-112(a), said policy provided for the protection, in case of passenger vehicles, of passengers and the public against injury proximately caused by the negligence of Defendant Tyson, its servants, or its agents.

54.

Pursuant to O.C.G.A. § 40-1-112(c) and 40-2-140(d)(4), Plaintiff are permitted to join in this same action the motor carrier (Defendant Tyson) and the insurance carrier (Defendant ACE), whether arising in tort or contract.

55.

Defendant Tyson is a motor carrier engaged in both interstate and intrastate commerce and, pursuant to O.C.G.A. § 40-1-126, it shall nevertheless be subject to all the provisions so far as it separately relates to commerce carried on exclusively in the State of Georgia.

56.

At the time of the subject collision, Defendant Tyson, through its employee or agent, Defendant Barngrover, was engaged in intrastate commerce within the State of Georgia.

57.

At the time of the subject collision, Defendant Tyson, through its employee or agent, Defendant Barngrover, was further a for-hire motor carrier operating in intrastate commerce, in a vehicle with a gross combined weight rating in excess of 10,000 pounds.

WHEREFORE, the Plaintiff respectfully request that judgment be entered against the Defendants and that the following relief be awarded:

a) That this Complaint be filed and served as provided by law;

b) That judgment be awarded to the Plaintiff for special damages as shown at trial;

c) That judgment for general damages be awarded to the Plaintiff in an amount to be determined by the enlightened conscious of a fair and impartial jury;

d) That the Plaintiff recover such other and further relief as this Honorable Court may deem just and proper, and

e) That all issues be tried before a jury of twelve (12) persons.

This 28th February, 2021.

**MO MORGAN & MORGAN, PLLC**

*/s/: James Palmer*
James Palmer, Esq.
Georgia Bar Number 381099
*Attorney for Plaintiff*

Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension
Suite 300
Marietta, Georgia 30060
Phone: (770)-702-9067
Fax: (770)-799-2658
Jtpalmer@forthepeople.com

State Court of Fulton County
**E-FILED**
23EV001225
2/28/2023 11:10 AM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
# STATE OF GEORGIA

| | | |
|---|---|---|
| JAMIEL HAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.: _____ |
| v. | ) | |
| | ) | |
| FRANK BARNGROVER, and | ) | JURY TRIAL DEMAND |
| TYSON FOODS, INC., AND | ) | |
| ACE AMERICAN AGENCY, INC. | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSTION TO DEFENDANT FRANK BARNGROVER

COMES NOW Jamiel Hand, Plaintiff in the above-styled civil action, and pursuant to O.C.G.A. §§ 9-11-26 and 9-11-36, request that Frank Barngrover (hereinafter referred to "you" or "your") admit or deny the following statement of law. If an objection is made, please state the reason for the objection. If denying the matter, please set forth in detail the reasons why you cannot truthfully admit or deny the matter. Your responses are due within forty-five (45) days after service hereof. If no response is received by the time stated above, the requests shall be admitted.

## REQUESTS FOR ADMISSIONS

1.

Please admit that Frank Barngrover is a proper party to this case.

2.

Please admit that Frank Barngrover is properly identified in this case.

3.

Please admit that service on Frank Barngrover was sufficient under Georgia Law.

4.

Please admit that venue is proper in this Court.

5.

Please admit that Jurisdiction is proper in this Court.

6.

Please admit that Frank Barngrover was employed by Tyson Foods, Inc.  at the time of the wreck.

7.

Please admit that Frank Barngrover was in the course and scope of his employment with Tyson Foods, Inc., at the time of the wreck.

8.

Please admit that Frank Barngrover was in furtherance of the business of Tyson Foods, Inc., at the time of the wreck.

9.

Please admit that Frank Barngrover was operating the 2015 Kenworth at the time of the wreck that was entrusted to him by Tyson Foods, Inc..

10.

Please admit that Frank Barngrover is fully liable for causing the wreck.

11.

Please admit that under the doctrine of respondeat superior, Tyson Foods, Inc. is fully liable for causing the wreck.

12.

Please admit that Plaintiff Jamiel Hand did not cause or contribute to the cause of the wreck.

13.

Please admit that other than the parties already named in this case, there are no other persons or entities that caused or contributed to the wreck.

14.

Please admit that the 2015 Kenworth driven by you on the date of the wreck had a gross combined weight rating in excess of 10,000 pounds.

15.

Please admit that, at the time of the wreck, you or your employer were authorized by the State of Georgia to operate as an intrastate motor carrier.

16.

Please admit that, at the time of the wreck, you were <u>not</u> solely engaged in interstate commerce.

This 28th February, 2023.

**MORGAN & MORGAN, PLLC**

**/s/James Thomas Palmer**
James Thomas Palmer, Esq.
Georgia Bar Number 381099
*Attorney for the Plaintiff*

Morgan & Morgan, PLLC
1350 Church Street Ext.

Suite 300
Marietta, Georgia 30060
Phone: (770) 702-9067
Fax: (770) 799-2658
jtpalmer@forthepeople.com

State Court of Fulton County
**E-FILED**
23EV001225
2/28/2023 11:10 AM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JAMIEL HAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FRANK BARNGROVER, and | ) |
| TYSON FOODS, INC., AND | ) |
| ACE AMERICAN AGENCY, INC. | ) |
| Defendants. | ) |

Civil Action File No.: _____

JURY TRIAL DEMAND

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO UNINSURED / UNDERINSURED MOTORIST CARRIER GEICO INDEMNITY COMPANY

TO:   GEICO INDEMNITY COMPANY
(AS UNINSURED/UNDERINSURED MOTORIST CARRIER)
REGISTERED AGENT: C T CORPORATION SYSTEM
289 S CULVER STREET
LAWRENCEVILLE, GA, 30046

Requests for admissions are not objectionable simply because they ask for opinions or conclusions of law, if the legal conclusions relate to the facts of the case. *Bass & Co.* v. *Gwinnett County Bd. of Tax Assessors*, 268 Ga. 327, 486 S.E.2d 810 (1997).

Please admit each of the following:

1.

Your company issued an uninsured motorist policy to this Plaintiff that was in full force and effect on the date of this incident.  Policy #: 4523011338.

2.

Your company issued an uninsured motorist policy that was in full force and effect on the date of the incident to someone other than this Plaintiff, but the policy covered this Plaintiff.  Policy #: 4523011338.

3.

Your company has been validly served with process in this action.

4.

The named defendant was negligent in the operation of a motor vehicle which resulted in the subject collision.

5.

The named defendant has been validly served with process in this action.

These Requests for Admission are served upon you together with the Plaintiff's Complaint.

Respectfully propounded this 28th day of February 2023.

**MORGAN & MORGAN, PLLC**

*/s/: James Palmer*
James Palmer, Esq.
Georgia Bar Number 381099
*Attorney for Plaintiff*

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
jtpalmer@forthepeople.com

State Court of Fulton County
**E-FILED**
23EV001225
2/28/2023 11:10 AM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JAMIEL HAND,             )
                      )
     Plaintiff,      )
                      )    Civil Action File No.: _____
v.                    )
                      )
FRANK BARNGROVER, and    )    JURY TRIAL DEMAND
TYSON FOODS, INC., AND     )
ACE AMERICAN AGENCY, INC.  )
     Defendants.    )

---

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO UNINSURED / UNDERINSURED MOTORIST CARRIER GEICO INDEMNITY COMPANY

---

TO:    GEICO INDEMNITY COMPANY
       (AS UNINSURED/UNDERINSURED MOTORIST CARRIER)
       REGISTERED AGENT: C T CORPORATION SYSTEM
       289 S CULVER STREET
       LAWRENCEVILLE, GA, 30046

You are required, when answering these interrogatories, to furnish all information that is available to you, to your attorneys or agents, and to anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide by way of supplementary answers to these interrogatories any additional information that may be obtained by you, by your attorneys or agents, or by anyone else acting on your behalf. Any such supplemental information will augment or modify any answer given to the attached interrogatories. All such supplemental

answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, PA, 1350 Church Street Extension, Suite 300, Marietta, Georgia 30060 within forty-five days following receipt of this request. If the forty-fifth day falls on a holiday or weekend, the production will take place on the Monday following the forty-fifth day.  If the time for response is shortened by court order, then the shorter time frame shall apply.  In lieu of producing in person, you may attach copies of these documents to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

DEFINITIONS

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such

writing or record where the original is not in your possession, custody, or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written, or electronic.

"Date" shall mean either: (1) the exact day, month, and year, if ascertainable, or (2) if the exact date is not ascertainable, then the best available approximation (including relationship to other events).

"Identify" or "Identity," when used in reference to:

a)      an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

b)      a firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name, present or last known address (designating which), and the legal form of such entity or organization.

c)      a document shall mean to state the: title (if any), date, author, sender,

recipient, identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody, or control of Defendant, state what disposition was made of it, why, when, and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, the feminine the masculine and neuter, and the neuter the masculine and feminine.

## INTERROGATORIES

### 1.

Please identify yourself and each person answering or providing information for the answering of these interrogatories. If more than one person has answered or provided information, please indicate who has answered which questions and provided what information.

### 2.

Please identify each policy of insurance issued by you providing coverage to the Plaintiff for the collision that forms the basis of this lawsuit.

### 3.

Please state the type and extent (policy limits) of coverage provided to the Plaintiff in this lawsuit by each policy of insurance identified by you in answer to the

preceding interrogatory.

4.

Please identify all persons having knowledge of facts relevant to the subject matter of this lawsuit.  For each such person, briefly describe the subject matter of his or her knowledge.

5.

Please identify any potential party to this lawsuit not already a party hereto, and state in detail your contention or opinion why any such party is identified by you as a potential party in this lawsuit.

6.

Please state whether you have a copy of any statement which the Plaintiff has previously made concerning the action or its subject matter and which is in your possession, custody, or control.

*For the purposes of the above Interrogatory, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded or recorded within a reasonable time thereafter.*

7.

Please state in detail your contention as to how the collision occurred and state specifically and in detail what your claim, opinion, or contention will be regarding

any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which your claim, opinion, or contention is based.

8.

If you contend or allege that the Plaintiff is not entitled to underinsured motorist coverage under any policy of insurance issued by you to the Plaintiff for the claims in this lawsuit, please specifically set forth the basis of your contention and identify each document and witness relied upon by you to support that contention or allegation.

9.

If you contend that you are entitled to offset in this lawsuit for any money paid by you to the Plaintiff under the provisions of any policy of insurance providing coverage to the Plaintiff, please set forth:

a)      Each specific provision of that policy on which you rely; and

b)      Each specific provision of law on which you rely.

10.

Do you dispute that the Defendants were underinsured motorists at the time of the collision that forms the basis of this lawsuit?  If so, please set forth in detail the basis for your dispute, and identify each document and witness relied upon by you to support that contention or allegation.

11.

Please describe in detail any relevant conversations you or any of your representatives have had with:

a)    The Plaintiff or any of the Plaintiff's representatives;

b)    Any law enforcement official regarding the collision; and

c)    Any other person regarding the collision.

12.

Please describe any information you have indicating, or any reason you have to believe, that the Plaintiff's medical treatment claimed to have been incurred as a result of the collision was not reasonable and necessary, and please identify the sources of your information supporting that indication or belief.

13.

Please describe any information you have indicating, or any reason you have to believe, that the Plaintiff's medical expenses, claimed to have been incurred as a result of the collision, were not reasonable or customary, and identify the sources of your information supporting that indication or belief.

14.

Does your insurance company allege that the Plaintiff's claims in this lawsuit are "minor impact," "low damage," or "minor impact-soft tissue" claims?  If so, please state in detail the reasons for that consideration, and identify the sources of information supporting your allegation.  If not, please state in detail the reasons for that consideration, and identify the sources of your information supporting your allegation.

15.

Please list all persons whom your insurance company plans to call as experts

in this case either at trial or any other hearing.  For each person listed, please state the following:

a)    Each person's name, residence address, office address, office telephone number, and area of expertise or specialty;

b)    The subject matter upon which said persons are expected to testify; and

c)    The substance of the facts and opinions to which such experts are expected to testify.

16.

Please describe in detail any settlement, agreement, deal, or other understanding of any kind whatsoever, tentative or reached with any other person, firm, corporation, partnership, insurer, or legal entity whatsoever in respect to this lawsuit (oral, written, or otherwise).  This interrogatory seeks but is not limited to information concerning agreements or understandings of any kind whatsoever, including past, present, or future settlements, deals, agreements, understandings, and conduct by or between you and any other person or legal entity whatsoever.

17.

Please set forth in detail every contention and opinion you allege supports any affirmative defense raised in your Answer to the Plaintiff's Complaint.

REQUESTS FOR PRODUCTION

1.

Any documents, written or recorded statements, memoranda, or other writings

Page 8 of 15

made or prepared by you or your representative, whether manually, mechanically, or electronically, in support of any allegation that you are not liable to the Plaintiff for any collision that forms the basis of this lawsuit.

2.

Any documents and things, including pictures, videotapes, audio tapes, diagrams, graphs, surveys, measurements, or other written or pictorial descriptions in support of any allegation that the Plaintiff should not recover those damages claimed in this lawsuit.

3.

Any tape recordings or electrical or mechanical recordings or transcriptions of any type or nature evincing communications and statements by or between the Plaintiff, the Plaintiff's agents, representatives, servants, or employees, and your insurance company, its agents, representatives, servants, and employees, relating to the allegations of the Plaintiff in this lawsuit.

4.

Any document that reflects, references, evidences, relates to, or describes any claim upon which your insurance company may rely against the Plaintiff.

5.

Any documents identified by you in response to interrogatories submitted to you by the Plaintiff.

6.

Any documents consisting of, evidencing, referencing, or relating to any

communications, written or oral, by or between your insurance company's agents, representatives, servants, or employees, and the Plaintiff, from the date of the collision that forms the basis of this lawsuit through the present time.

7.

Any documents consisting of, evidencing, referring to, or relating to any communications or reports, written or oral, in person or by telephone, by or between your insurance company's agents, representatives, servants, or employees, and your testifying experts.

8.

Any documents consisting of, evidencing, referring to, or relating to any communications or reports, written or oral, in person or by telephone, by or between any Defendant's agents, representatives, servants, or employees, and any Defendant's consulting experts, whose opinion or report may be relied upon by any of your testifying experts.

9.

A copy of all checks paid by you for any reason to any person in payment of claims asserted as a result of the collision that forms the basis of this lawsuit.

10.

A complete copy of every insurance policy, including all attachments, riders, and addenda issued by you, to or for the benefit of the Plaintiff at any time heretofore, including but not limited to any policy described in answer to the Plaintiff's Interrogatory number 2, propounded to you.

11.

A copy of the policy of auto insurance providing uninsured/underinsured motorist coverage to the Plaintiff for any collision that forms the basis of this lawsuit.

12.

All documents evidencing your company policy of taking an offset of benefits paid against uninsured/underinsured motorist claims made by an injured passenger in a vehicle insured by you in Georgia.

13.

A copy of any damage appraisal and/or repair invoice regarding the Plaintiff's vehicle made after the collision which is the subject of this litigation.

14.

Copies of any statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by the Plaintiff hereto and contemporaneously recorded.

15.

Any drawings, maps, or sketches of the location of the collision which is the subject of this litigation.

16.

Any settlement agreements wherein you have arrived at a settlement or agreement between you and any other person, whether a party to this lawsuit,

regarding or pertaining to the collision which is the subject of this litigation or to any damages resulting from this collision.

17.

A copy of any movies, photos, videotapes, or pictures made of any relevant matter in this lawsuit.

18.

A copy of any recorded conversations wherein the Plaintiff is a participant in any such conversation.

19.

Any experts' reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause as an expert.  If any such expert has not prepared a report, a request is hereby made that one be prepared and furnished to the Plaintiff's attorney.

20.

Any expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

21.

Any work papers, notes, and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

22.

A *curriculum vitae* or *résumé* for each person whom you may call as an expert

witness at the trial of this case.

23.

All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

24.

Regarding any expert employed by you in this case, produce copies of the front and back of canceled checks evincing payments made by you at any time for work performed by any such expert (whether testifying or consulting).

25.

All investigative and/or incident "reports" generated by or on your behalf prior to your being aware of an outward manifestation from the Plaintiff of intent to bring the instant lawsuit relevant to the following:

a)   The subject matter of the instant lawsuit;

b)   The collision;

c)   Your personnel (agents, representatives, officers, and employees) who were on the premises in question at the time of the incident;

d)   Potential witnesses and persons having knowledge of facts relevant to or regarding the collision and/or the circumstances that existed immediately prior to, during, and/or after the collision.

26.

Any photographs, movies, videotapes, surveys, plats, or other drawings, depictions, sketches, or other reproductions of the location of the collision or of any other matter related to this case.

27.

Copies of any witness fact statements (including statements made by the Plaintiff or by the investigating officer) that are relevant to the collision.

28.

Any photographs, videotapes, other drawings, depictions, or sketches that you have of the vehicles involved in the collision.

29.

All documents and other tangible things which constitute and contain matters relevant to the subject matter of this lawsuit, prepared by or relied upon by your testifying expert or by any lay person intended by you to testify in this case at the time of trial.

*Your response to this Request for Production will of necessity contain all documents or tangible things which you intend to introduce as evidence at time of trial. We will object to the offering of any documents or tangible things at the time of trial that are not produced in your response to this Request for Production.*

30.

Copies of any bill or itemization for which Medical Payments Coverage has been afforded.

31.

Copies of any reports or related documents of the Plaintiff's insurance claims made for property damage or for bodily injury for the past 10 years.

These Interrogatories and Requests for Production of Documents are served upon you together with the Plaintiff's Complaint.

Respectfully propounded this 28th day of February 2023.

**MORGAN & MORGAN, PLLC**

*/s/: James Palmer*
James Palmer, Esq.
Georgia Bar Number 381099
*Attorney for Plaintiff*

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
jtpalmer@forthepeople.com

State Court of Fulton County
**E-FILED**
23EV001225
2/28/2023 11:10 AM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAMIEL HAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.: _____ |
| v. | ) | |
| | ) | |
| FRANK BARNGROVER, and | ) | JURY TRIAL DEMAND |
| TYSON FOODS, INC., AND | ) | |
| ACE AMERICAN AGENCY, INC. | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT TYSON FOODS, INC.

COMES NOW Jamiel Hand, Plaintiff in the above-styled civil action, and pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to Tyson Foods, Inc.. (hereinafter referred to "you" or "your" or "Defendant Tyson") for response, in writing and under oath within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiffs within

a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, PLLC, 1350 Church Street Ext., Suite 300, Marietta, Georgia 30060 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Georgia Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.   DEFINITIONS.

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a) an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity;

(b) a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization;

(c) <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.   **INTERROGATORIES**

1.

Please identify each person who assisted in the preparation and/or drafting of the responses to these interrogatories.

2.

Identify each person with knowledge of any fact or circumstance, or with any information reasonably calculated to lead to the discovery of admissible evidence, concerning the issues in this civil action, including the substance of each individual's knowledge about this civil action. Your response should, at a minimum, identify:

(a) the person(s) responsible for hiring Frank Barngrover;

(b) the person(s) responsible for training Frank Barngrover;

(c) the person(s) responsible for dispatching Frank Barngrover;

(d) Cameron Frank Barngrover's immediate supervisor(s) and/or manager(s);

(e) the person(s) Frank Barngrover first contacted after the incident that gives rise to this lawsuit;

(f) the person(s) who investigated the incident that gives rise to this lawsuit;

(g) any person who has some knowledge of any fact or circumstance upon which your defense is based; and

(h) any eyewitnesses to the incident that gives rise to this lawsuit.

3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory Number 2.

4.

Do you contend that any of the named Defendants have been improperly named as parties to this action and/or that improper or incorrect agents for service were utilized to effectuate service upon the Defendants? If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend that the named Defendants have been improperly named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

5.

Do you contend that venue is improper in this Court as to any of the named Defendants, jurisdiction is lacking over any of the named Defendants in this Court, or that service of process has been deficient on any of the named Defendants in this matter? If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

6.

With regard to the vehicle being operated at the time of the subject incident, please identify:

(a) the owner of the vehicle;

(b) the frequency in which you drove the vehicle;

(c) who paid for the gas and maintenance of the vehicle; and

(d) if you did not own the vehicle, state whether or not you had the permission of the owner to be driving the vehicle at the time of the subject incident.

7.

For each request to admit that you denied, please identify:

(a) each eyewitness that will testify to those facts supporting your denial; and

(b) each and every document or tangible piece of evidence that will evidence facts supporting

your denial.

8.

Describe in detail how you contend this accident occurred. In your response, identify the individual(s) or entity/entities you contend is/are responsible for causing the wreck.

9.

Identify each person or entity who investigated the wreck and the scope of each such investigation. In your response, identify:

(a)     any reports created as part of the investigation;

(b)     any measurements, maps, photos, or other materials taken or prepared as part of the investigation; and

(c)     the results of any such investigation (criminal charges, preventability determinations, discipline administered, etc.).

10.

Was Frank Barngrover terminated from following the accident? If so, please explain the reason(s) for his termination.

11.

Please state every traffic violation you are aware Frank Barngrover had received at the time he was hired.

12.

Please state every traffic violation you are aware Frank Barngrover received while employed by you.

13.

Where was Frank Barngrover traveling from and to at the time of the incident? In your response, identify: where and when the trip started; where and when it was supposed to end; and the time and location of all stops made after Frank Barngrover started the trip and before the incident.

14.

Identify Frank Barngrover's employment status with your company at the time of the wreck and at present, and how you pay and/or paid Frank Barngrover for his work.

15.

Was Frank Barngrover in the course and scope of his employment with or in furtherance of the business of Tyson Foods, Inc.. at the time of the wreck? If no, identify the basis for your contention and all individuals with knowledge to support that contention.

16.

Did Defendant Tyson train Frank Barngrover or require Frank Barngrover to complete any training at any time? If yes, identify:

(a) the reason for any such training; the person(s) or entities responsible for the training;

(b) the location of any such training;

(c) the materials (i.e., documents, quizzes, videos, simulators, electronic programs, etc.) used in connection with any such training; and

(d) the dates of the training.

17.

Please identify all hiring policies and procedures used by Defendant Tyson when hiring new employees. Your answer at a minimum should include the policies and procedures undertaken by Defendant Tyson to investigate the background of potential new hires.

18.

Please identify all the hiring policies and procedures used by Defendant Tyson in hiring Frank Barngrover. Your answer at a minimum should include the policies and procedures undertaken by Defendant Tyson to investigate the background of Frank Barngrover.

19.

Did Defendant Tyson have any policies, procedures, rules, guidelines, manuals, handbooks, or other similar instructions that applied to Frank Barngrover at any time prior to or at the time of the wreck? If yes, identify each such policy, procedure, rule, guideline, manual, handbook, or other similar instructions.

20.

Has Frank Barngrover ever been cited for or charged with a violation of law, whether driving or not, at any time? If yes, identify:

   (a) the basis for the citation or charges;

   (b) the date and location of the citation or charges;

   (c) the individual and entity who issued the citation or charges;

   (d) the disposition of the charges;

   (e) Defendant Tyson' representative(s) with knowledge of the citation or charges; and

   (f) how and when Defendant Tyson learned about the citations or charges.

21.

Did Frank Barngrover communicate with Defendant Tyson in any way in the 48 hours before or 24 hours after the wreck? If yes, identify:

(a) the individual(s) with whom Frank Barngrover communicated with;

(b) the time of the communication;

(c) the method (phone, text message, e-mail, etc.) of the communication; and

(d) the reason for the communication (dispatch, directions, to provide notice of the wreck, etc.).

22.

How and when did Defendant Tyson learn about the wreck? In your response, identify each individual who learned about or investigated the wreck within the first week of the wreck and the information or documents that was/were provided to each individual about the wreck.

23.

Did Frank Barngrover undergo any drug and/or alcohol tests within 72 hours of the wreck? If yes, identify:

(a) the results of the test(s);

(b) the location of the test(s);

(c) the person(s) with knowledge of the test(s); and

(d) the person or entities in possession of the test results.

24.

Are you aware of any photographs, videos, maps, plats, drawings, diagrams, or other tangible materials depicting the scene of the wreck or any persons or property in any way involved in the wreck? If yes, identify:

(a) all responsive materials;

(b) the date the responsive materials were created; and

(c) the custodian(s) of all responsive materials.

25.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

(a) state the subject matter on which she/he is expected to testify;

(b) state in detail the opinions held by each such expert or technician; and

(c) give a complete summary of the grounds for each opinion held.

26.

Are you aware of any insurance policy(ies), including any excess or umbrella policy, that may provide coverage for the damages alleged in this case? If yes, for each such policy, identify:

(a)      the insurer;

(b)      the number;

(c)      limits;

(d)      the applicable policy periods;

(e)      the named insured; and

(f)      whether any insurer has denied coverage or issued a reservation of rights in connection with this case.

27.

Please state each and every prior collision or prior insurance claim which you are aware Frank Barngrover has been involved in, or that Frank Barngrover has made, and state whether your agents have procured an ISO claims index report.

28.

Have you, or any other party to this case, employed or retained anyone to investigate and or surveil the Plaintiffs or anyone associated with the Plaintiffs?

This 28th February 2023.

**MORGAN & MORGAN, PLLC**

/s/James Thomas Palmer
James Thomas Palmer, Esq.
Georgia Bar Number 381099
*Attorney for the Plaintiff*

Morgan & Morgan, PLLC
1350 Church Street Ext.
Suite 300
Marietta, Georgia 30060
Phone: (770) 702-9067
Fax: (770) 799-2658
jtpalmer@forthepeople.com

State Court of Fulton County
**E-FILED**
23EV001225
2/28/2023 11:10 AM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAMIEL HAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.: _____ |
| v. | ) | |
| | ) | |
| FRANK BARNGROVER, and | ) | JURY TRIAL DEMAND |
| TYSON FOODS, INC., AND | ) | |
| ACE AMERICAN AGENCY, INC. | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FRANK BARNGROVER

COMES NOW Jamiel Hand, Plaintiff in the above-styled civil action, and pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to Frank Barngrover the following Request for Production of Documents, the Plaintiffs request that Frank Barngrover produce the following documents for inspection and copying at the offices of Morgan & Morgan, PLLC, 1350 Church Street Ext., Suite 300, Marietta, Georgia 30060  within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these Requests.

Each of the following Requests seeks all documents available to Defendant, Defendant's attorneys or agents, and any other person acting on Defendant's behalf. In lieu of producing materials that are in Defendant's custody and control but are not actually in Defendant's possession or in the possession of Defendant's counsel, Defendant may, where appropriate, execute an

authorization or authorizations enabling Plaintiffs to obtain copies of the materials at their own expense.

You are also required, pursuant to the Georgia Civil Practice Act, to produce at trial the materials and documents requested herein.

## I.   **DEFINITIONS**

As used in these Requests, "person" shall mean an individual, firm, partnership, corporation, proprietorship, association or any other organization or entity.

As used in these Requests, "Defendant" shall mean Defendant Frank Barngrover.

As used in these Requests, "document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have  had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

If any document identified in these Requests cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the non-produced portion.

If in response to any Request you do not produce any document because of a claim of privilege or work product, please produce a privilege log describing any such documents by stating its date, author, and the name of the present custodian, and describe the substance or content of the

document and the basis for the claim of privilege with sufficient detail to permit evaluation of the claim. Produce the document requested to the extent that it is not subject to the objection or privilege.

These Requests are deemed continuing to the extent provided for by law. If, after producing documents, you obtain or become aware of any further documents responsive to these Requests, you are requested to produce those documents.

## II.    <u>REQUESTS FOR PRODUCTION</u>

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your Interrogatory responses.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiff Admiral Altman.

4.

A copy of any and all photographs and/or videotapes depicting Plaintiff Admiral Altman doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

7.

Any and all taped or written statements taken from Plaintiffs, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendants or Defendants' insurer(s).

8.

Any materials related to other traffic incidents or traffic accidents you were involved in at any time prior to or subsequent to the date of the wreck.

9.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

10.

Any and all documents reflecting the disposition of any charges made against you in the subject incident.

11.

Any statements, written or recorded, provided by any witness to the wreck.

12.

A color copy of the front and back of your current driver's license and all drivers' licenses you have held in the past five (5) years.

13.

All policies and procedures used by your employer when hiring you, including, but not limited to, policies and procedures used to conduct background checks of potential new employees.

14.

Any documents signed by you evidencing an agreement to be bound by or to adhere to your employers policies, procedures, rules, guideline, or standards, or to any federal or state laws.

15.

Your entire employment file with your current employer.

This 28th February, 2023.

        **MORGAN & MORGAN, PLLC**

        **/s/James Thomas Palmer**
        James Thomas Palmer, Esq.
        Georgia Bar Number 381099
        *Attorney for the Plaintiff*

Morgan & Morgan, PLLC
1350 Church Street Ext.
Suite 300
Marietta, Georgia 30060
Phone: (770) 702-9067
Fax: (770) 799-2658
jtpalmer@forthepeople.com

State Court of Fulton County
**E-FILED**
23EV001225
2/28/2023 11:10 AM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JAMIEL HAND,          )
                              )

      Plaintiff,       )
                             )    Civil Action File No.: _____

v.                       )
                             )

FRANK BARNGROVER, and  )    JURY TRIAL DEMAND
TYSON FOODS, INC., AND    )
ACE AMERICAN AGENCY, INC.  )
      Defendants.     )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TYSON FOODS, INC.

COMES NOW Jamiel Hand, Plaintiff in the above-styled civil action, and pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to Tyson Foods, Inc., the following Request for Production of Documents, the Plaintiffs request that Defendant Tyson produce the following documents for inspection and copying at the offices of Morgan & Morgan, PLLC, 1350 Church Street Ext., Suite 300, Marietta, Georgia 30060 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these Requests.

Each of the following Requests seeks all documents available to Defendant, Defendant's attorneys or agents, and any other person acting on Defendant's behalf. In lieu of producing materials that are in Defendant's custody and control but are not actually in Defendant's possession or in the possession of Defendant's counsel, Defendant may, where appropriate, execute an

authorization or authorizations enabling Plaintiffs to obtain copies of the materials at their own expense.

You are also required, pursuant to the Georgia Civil Practice Act, to produce at trial the materials and documents requested herein.

## I.    **DEFINITIONS**

As used in these Requests, "person" shall mean an individual, firm, partnership, corporation, proprietorship, association or any other organization or entity.

As used in these Requests, "Defendant" shall mean Defendant Tyson.

As used in these Requests, "document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

If any document identified in these Requests cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the non-produced portion.

If in response to any Request you do not produce any document because of a claim of privilege or work product, please produce a privilege log describing any such documents by stating its date, author, and the name of the present custodian, and describe the substance or content of the

document and the basis for the claim of privilege with sufficient detail to permit evaluation of the claim. Produce the document requested to the extent that it is not subject to the objection or privilege.

These Requests are deemed continuing to the extent provided for by law. If, after producing documents, you obtain or become aware of any further documents responsive to these Requests, you are requested to produce those documents.

## II.      REQUESTS FOR PRODUCTION

1.

Please produce any document Defendant Tyson used in responding to the Complaint, Interrogatories, and Requests for Admissions.

2.

Any insurance policy, including declarations pages, that may provide coverage for the Plaintiffs' damages sustained in this wreck, including any excess and/or umbrella policy.

3.

Any employment-related file concerning Frank Barngrover, including, but not limited to, any employment file; payroll or tax file; driver qualification file (as defined in 49 CFR 391); disciplinary file; drug and alcohol testing file; continuing education file; accident or incident file; or investigation file; hiring or separation file; and/or disciplinary file. This requests seeks any  and all files that may contain Frank Barngrover's motor vehicle reports or other evidence of driving history or records.

4.

Any document evidencing the relationship between Defendant Tyson and Frank Barngrover at the time of the wreck—i.e., independent contractor agreement, employment agreement, owner-operator agreement, etc.

5.

Any training or orientation materials—i.e., videos, computer programs, instructions, quizzes and tests and their results, etc.—provided by Defendant Tyson to Frank Barngrover prior to the wreck. This also includes industry guidelines or practices used or implemented by Defendant Tyson.

6.

Any guidelines, manuals, handbooks, or other similar guidance materials, provided by Defendant Tyson to Frank Barngrover.

7.

Any documents evidencing how, when, and in what amounts Frank Barngrover was compensated in the two weeks before and the two weeks after the wreck.

8.

Any materials related to other incidents or accidents involving Frank Barngrover.

9.

Any materials relating to any complaint, criticism, or concern raised by any person or entity pertaining to Frank Barngrover's performance or safety. This includes any customer or call-in complaints made by motorists directly or to a third party service (i.e., phone numbers on the back of trailers or tractors asking "How's my driving," etc.).

10.

Any statements, written or recorded, provided by any party to this case.

11.

Any statements, written or recorded, provided by any witness to the wreck.

12.

Any e-mails exchanged between Frank Barngrover and Defendant Tyson in the month before and the month after the wreck.

13.

Any documents evidencing damage to the 2015 Kenworth sustained in the wreck. This includes, but is not limited to: repair estimates; appraisals; checks or drafts reflecting payment for repairs; or documents submitted to any insurer for payment for any property damages sustained in the wreck.

14.

Any photographs, videos, or audio recordings pertaining to the wreck, the parties involved in the wreck, or witnesses to the wreck. Produce any photos in color.

15.

The driver vehicle inspection reports for the 2015 Kenworth for the month before and the month after the wreck.

16.

The pre-trip and post-trip inspection reports for the 2015 Kenworth for the month before and the month after the wreck.

17.

Any materials pertaining to Defendant Tyson's investigation of the wreck. This includes, but is not limited to: scene markings or measurements; e-mails; letters; preventability determinations and evaluations; scene mapping; photographs, videos, or computer simulations; statements; reports prepared by Driver or anyone else; and interview, conversation  or statement notes and reports.

18.

Any documents signed by Frank Barngrover evidencing an agreement to be bound by or to adhere to Defendant Tyson's policies, procedures, rules, guideline, or standards, or to any federal or state laws.

19.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician.

20.

Any and all documents obtained through a request for production of documents or subpoena.

21.

A color copy of the front and back of Frank Barngrover's driver's license.

22.

Any document that supports Defendant Tyson's contention that anyone besides Defendant Tyson and/or Frank Barngrover caused the wreck.

23.

Any and all materials you intend to use at trial as an exhibit, evidence, or demonstrative aid that you have not already produced.

24.

Any document you contend supports Defendant Tyson's denial of any request for admission.

25.

Any materials created or produced in connection with any surveillance of the Plaintiffs.

26.

All policies and procedures used by Defendant Tyson when hiring a new employee, including, but not limited to, policies and procedures used to conduct background checks of potential new employees.

This 28th February, 2023.

MORGAN & MORGAN, PLLC

**/s/James Thomas Palmer**
James Thomas Palmer, Esq.
Georgia Bar Number 381099
*Attorney for the Plaintiff*

Morgan & Morgan, PLLC
1350 Church Street Ext.
Suite 300
Marietta, Georgia 30060
Phone: (770) 702-9067
Fax: (770) 799-2658
jtpalmer@forthepeople.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JAMIEL HAND,<br><br>               Plaintiff,<br><br>v.<br><br>FRANK BARNGROVER, and TYSON<br>FOODS, INC., and ACE AMERICAN<br>AGENCY, INC.,<br><br>               Defendants. | Civil Action File No. 23-EV-001225 |

## DEFENDANTS' FIRST REQUESTS FOR ADMISSION TO PLAINTIFF

COME NOW, Frank Barngrover, Tyson Foods, Inc., and ACE American Agency, Inc. (hereinafter "Defendants") and propound these Requests for Admission to **Plaintiff Jamiel Hand**. Pursuant to the provisions of O.C.G.A. § 9-11-36, Plaintiff is hereby required to answer, in the form provided by law, the following within thirty-three (33) days of service. To the extent any request is denied in whole or in part, each such denial should be fully explained, and if Defendants are required to prove such, Plaintiff may be liable for all such costs related to such proof.

## REQUESTS FOR ADMISSION

**1.**

Please admit the amount in controversy in the instant litigation is $75,000.00 or less.

**2.**

Please admit you will not seek damages in this case of greater than $75,000.00.

*(Signature appears on following page)*

Respectfully submitted this 4th day of April, 2023.

By:  */s/ Elizabeth L. Bentley, Esq.*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
*Attorney for the Defendants*

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 4th day of April, 2023 served a copy of the within and foregoing **Defendants' First Requests for Admission to Plaintiff** upon counsel for all parties via electronic mail as follows:

James Thomas Palmer, Esq.
MORGAN & MORGAN
1350 Church Street Extension
Suite 300
Marietta, GA 30060
*jtpalmer@forthepeople.com*
**Attorney for Plaintiff**

Stephanie V. Chavies, Esq.
LAW OFFICE OF ANDREWS AND MANGANIELLO
100 Crescent Centre Parkway, Suite 950
Tucker, Georgia 30084
*schavies@geico.com*
**Attorney for GEICO**

Respectfully submitted this 4th day of April, 2023.

By:   */s/ Elizabeth L. Bentley, Esq.*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
**Attorney for the Defendants**

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

JAMIEL HAND,

        Plaintiff,

v.

FRANK BARNGROVER, and TYSON
FOODS, INC., and ACE AMERICAN
AGENCY, INC.,

        Defendants.

Civil Action File No. 23-EV-001225

## DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFF

COME NOW, Frank Barngrover, Tyson Foods, Inc., and ACE American Agency, Inc. (hereinafter "Defendants"), and pursuant to O.C.G.A. § 9-11-33, propound these Interrogatories to **Plaintiff Jamiel Hand** ("Plaintiff") in the above-styled action. Plaintiff is required under O.C.G.A. § 9-11-33 to answer these Interrogatories separately and fully in writing and under oath and to serve a copy of said answers upon counsel for Defendants within thirty-three (33) days after service of these Interrogatories.

NOTE A:     The Plaintiff "shall furnish such information as is available to the party." *See* O.C.G.A. § 9-11-33(a).

NOTE B:     These Interrogatories shall be deemed continuing and supplemental responses shall be required as set forth in O.C.G.A. § 9-11-26(e).

NOTE C: DEFINITIONS.  Whenever used in these Interrogatories, the following words shall have the meanings set forth below:

(a)     "You," "Your" - The person to whom these Interrogatories are directed, and, in the case of documents or witnesses, his or her attorney, his or her employees, his or her agents, or anyone acting on his or her behalf.

(b)     "Identify" - Identify, with regard to any particular person, means provide the name of that person, residence address, business address, residence telephone number, business telephone number, and employer.

Identify, with regard to a statement, document or other written material, means provide the name of the person whose statement was obtained, and address of the person or entity taking each such statement or preparing each such document, the date it was taken or prepared, and the name and address of each such person having possession, custody or control of the original, or a copy thereof.

Identify, with regard to any lawsuit, workers' compensation claim, bankruptcy proceeding, claim for insurance benefits, or other adversarial proceeding shall mean state the person involved, give the style and number of the case, the nature of the litigation, the role you or your family member played (plaintiff, defendant, etc.), and the court or administrative body before which the suit or claim was made.

Identify, with regard to accidents, occurrences, incidents shall mean state the date of the occurrence, the location of the occurrence, and the areas of your body affected.

Identify, with regard to injuries, means state the date on which the injury occurred, the cause of the injury, the areas of the body which you claim were affected or in which you felt any pain, stating when you last suffered from that injury and each doctor, osteopath, psychiatrist, psychologist, chiropractor, or other practitioner of any healing art who treated you as a result of that injury.

(c)      "Statement" - Any written, oral, recorded or other form of a statement; any deposition transcripts, any court deposition, transcript or statement; any other written version of what a person has said.

(d)      "Document" - Any kind of written, typewritten, printed, recorded, computer stored, computer produced or graphic material, however produced or reproduced, including, without limitation, notes, memoranda, letters, telegraphs, telegrams, drawings, photographs, brochures, microfilms, newspaper articles, summaries and/or records of telephone conversations, ledger sheets, account journals, publications, diaries, contracts, records, tapes, including all originals, copies, drafts, and/or any other writing.

(e)      "Occurrence" - The alleged motor vehicle accident that occurred on **March 7, 2021** which forms the basis of your Complaint in this lawsuit.

## **INTERROGATORIES**

### **1.**

What is your full legal name, date of birth, present address, social security number, driver's license number, and the names and dates of birth for each of your children?

### **2.**

State specifically and in reasonable detail how the Occurrence happened.

### **3.**

Please identify all persons that to you or your representatives' knowledge, information, or belief:

**a)**      Were eyewitnesses to the incident giving rise to this lawsuit;

**b)**    Have relevant knowledge concerning the Occurrence, any issue of liability in this lawsuit or the damages you claim in connection with this lawsuit, who were not identified in sub-part (a).

**4.**

Please identify each statement (oral, written, recorded, court, or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit.

**5.**

Identify all persons who to your knowledge, information, or belief have investigated any aspect of the Occurrence, and indicate whether or not each has made a written record of the investigation or any part thereof.

**6.**

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, any other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item.

**7.**

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion.

**8.**

Please identify any civil cases, criminal charges, offenses, arrests, convictions, or guilty pleas that you have ever been involved in, stating the offense charged, the date of the allegations, the court involved, and the disposition of the matter.

**9.**

With respect to all insurance benefits available to you for treatment by any doctor, hospital, osteopath, psychiatrist, psychologist, chiropractor, or other practitioner of the healing arts as a result of the incident that is the subject of this litigation, (e.g. health insurance including Medicare, Medicaid, and/or any other benefits from any governmental entity; worker's compensation; medical payments; policies; etc.) please state:

    (a)     the name and address of the provider of benefits;

    (b)     the amount of the payments by each provider;

    (c)     the person or entity to whom the payments were made; and

    (d)     the claim number, policy number or applicable reference number with regard to each payment.

**10.**

Please identify all accidents, occurrences or incidents in which you received mental or bodily injuries **in the ten years prior to** the date of the Occurrence, and describe the bodily or mental injuries, if any, which you received in such other accidents or incidents, and state the name and location of all facilities or physicians which treated you.

**11.**

Please identify and explain in detail, to the best of your ability, all **non-economic damages** you claim to have received as a result of the incident giving rise to this lawsuit and indicate which of those damages you are presently suffering from and the manner and extent of your suffering.

**12.**

Please itemize all **economic damages** which you have incurred (or others have incurred on your behalf) as a result of the Occurrence, including medical expenses, hospital expenses, drug expenses, property damage, lost wages, attorney's fees, and all other special damages you claim to have incurred as a result of the Occurrence.

**13.**

State the names and addresses of all doctors, osteopaths, psychiatrists, psychologists, chiropractors, and other practitioners of the healing arts who have treated you **as a result of the Occurrence**, give the date of your last visit to each and indicate whether each has issued a written report regarding his or her treatment of you.

**14.**

Give the names and addresses of all hospitals, infirmaries, clinics, physicians' offices, and / or facilities in which you received treatment, including the dates of such treatment:

(a)     For any medical treatment **prior to** the Occurrence, other than those already identified herein;

(b)     For any medical treatment **subsequent to** the Occurrence **which was not a result of** Occurrence and has not been already identified herein.

**15.**

Were you working or employed on the date of the Occurrence or in the six months before that date? If so, please state the name, address, and phone number of your employer or the facility for which you were working, the date you began working there, the last date you worked there, and your title (or a description of your work).

**16.**

Have you lost any wages or salary as a result of the Occurrence?  If so, please state the name, address and phone number of your employer from whom you claim to have lost wages or salary, the name of your supervisor, the dates you were unable to work, the date you returned to work, your rate of pay and whether or not your employer continued to pay your salary during any part of the time you were unable to work.

**17.**

Please describe in detail all conversations you had with the Defendants and/or any agents of the Defendants, stating:

    (a)    the subject matter of the conversation;

    (b)    the name of each person who was a party to the conversation; and

    (c)    the approximate date of the conversation.

**18.**

Please provide the names and addresses of all your employers for the past ten years. With respect to each employer, please state:

    b)    the date of hire;

    c)    the date of termination;

    d)    the reason for termination;

    e)    the beginning and ending salary or wage; and

    f)    the name and address of your supervisor.

**19.**

Please provide all of the addresses at which you have lived over the past ten (10) years.

**20.**

Have you have ever filed a workers' compensation claim? If so, please provide the following:

      (a)      the date, circumstances and location of the incident which gave rise to the claim;

      (b)      the name and address of the provider of benefits;

      (c)      the person or entity to whom the payments were made; and

      (d)      the claim number, policy number or applicable reference number with regard to each payment.

**21.**

Please identify all accidents, occurrences or incidents in which you received mental or bodily injuries **subsequent to** the date of the Occurrence, and describe the bodily or mental injuries, if any, which you received in such other accidents or incidents, and state the name and location of all facilities or physicians which treated you which have not already been identified herein.

**22.**

Were you married on the date of the Occurrence? If so, please state the name of your spouse, date and place of your marriage, and, if applicable, the date the marriage ended.

**23.**

Have you ever been married? If so, please state the name of your spouse, date and place of your marriage, and, if applicable, the date the marriage ended.

**24.**

Please state the highest level of education you completed and give the name and location (city and state) of each high school, college, technical, training, and/or vocational school you

attended. For each facility identified, please state whether you completed a degree or certificate program there and the dates you began attending and stopped attending, if applicable.

**25.**

For each cellular phone that you owned, possessed, or used on the date of the Occurrence, please identify the phone number, the company that provides service for the phone, the last call you made before the Occurrence, and any calls made immediately after the Occurrence.

**26.**

Please provide each cellular telephone number and each email address you have used in the past ten (10) years.

Respectfully submitted this 4th day of April, 2023.

By: */s/ Elizabeth L. Bentley, Esq.*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
***Attorney for the Defendants***

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 4th day of April, 2023 served a copy of the within and foregoing *Defendants' First Interrogatories to Plaintiff* upon counsel for all parties via electronic mail as follows:

James Thomas Palmer, Esq.
MORGAN & MORGAN
1350 Church Street Extension
Suite 300
Marietta, GA 30060
*jtpalmer@forthepeople.com*
***Attorney for Plaintiff***

Stephanie V. Chavies, Esq.
LAW OFFICE OF ANDREWS AND MANGANIELLO
100 Crescent Centre Parkway, Suite 950
Tucker, Georgia 30084
*schavies@geico.com*
***Attorney for GEICO***

Respectfully submitted this 4th day of April, 2023.

By: ***/s/ Elizabeth L. Bentley, Esq.***
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
***Attorney for the Defendants***

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

JAMIEL HAND,

        Plaintiff,

v.

FRANK BARNGROVER, and TYSON
FOODS, INC., and ACE AMERICAN
AGENCY, INC.,

        Defendants.

Civil Action File No. 23-EV-001225

---

**DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
AND NOTICE TO PRODUCE AT TRIAL TO PLAINTIFF**

COME NOW, Frank Barngrover, Tyson Foods, Inc., and ACE American Agency, Inc. (hereinafter "Defendants") and propound these Requests for Production of Documents and Notice to Produce pursuant to O.C.G.A. §§ 9-11-34 and 24-10-26 and requires the **Plaintiff Jamiel Hand** to comply with these Code sections by producing and permitting Defendants' attorney(s) to inspect and copy each of the following documents and to produce the following at trial:

NOTE A:   DEFINITIONS.   Whenever used in these Requests for Production, the following words shall have the meanings set forth below:

(a)     "You", "Your" - The person to whom these Request for Production are directed, and, in the case of documents or witnesses, his or her attorney, his or her employees, his or her agents, or anyone acting on his or her behalf.

(b)      "Statement" - Any written, oral, recorded or other form of a statement; any deposition transcripts, any court deposition, transcript or statement; any other written version of what a person has said.

(c)      "Document" - Any kind of written, typewritten, printed, recorded, computer stored, computer produced or graphic material, however produced or reproduced, including, without limitation, notes, memoranda, letters, telegraphs, telegrams, drawings, photographs, brochures, microfilms, business records, newspaper articles, summaries and/or records of telephone conversations, ledger sheets, account journals, publications, diaries, contracts, records, tapes, including all originals, copies, drafts and/or any other writing.

(d)      "Occurrence" – The alleged motor vehicle accident that occurred on **March 7, 2021** which forms the basis of your Complaint in this lawsuit.

## **REQUESTS FOR PRODUCTION**

### **1.**

The original or a true, accurate and complete copy of all insurance policies which provided benefits to you (including but not limited to collision, comprehensive, loss of use coverage, medical payments coverage and personal injury protection coverage) as a result of the Occurrence.

### **2.**

The original or a true, accurate and complete copy of all personal insurance policies which provided coverage for any automobiles personally owned by you or any resident of your household which was in effect at the time of the Occurrence.

**3.**

True, accurate and complete copies of both sides of checks, drafts or other documents issued to you in payment of or for the damage to the vehicle involved in the Occurrence.

**4.**

True, accurate and complete copies of any and all proofs of loss, assignments, subrogation agreements, loan receipts, or any other documents with regard to any claim for damage to the automobile involved in the Occurrence.

**5.**

True, accurate and complete copies of all correspondence between you and any insurance carrier that provided coverage for the vehicle that was involved in the Occurrence, including specifically, but not limited to, any correspondence, document or other written matter between you and the insurance company with regard to any claim for damage to that vehicle.

**6.**

True, accurate and complete copies of all receipts, estimates, repair bills, appraisals, etc., with regard to the damage to the vehicle involved in the Occurrence.

**7.**

W-2 forms, 1099 forms, K-1 forms, and federal and state tax returns for the years 2018, 2019, 2020, 2021, and 2022. If you are not in possession of said forms, please execute the attached IRS Form 4506 and return to the office of undersigned counsel.

**8.**

Any and all documents relating to lost earnings, income or profits which you allege to have sustained by reason of injuries from the Occurrence.

**9.**

All medical or hospital expenses or bills and all drug bills incurred by you in connection with the injuries allegedly received in the Occurrence.

**10.**

Any document evidencing any other expense incurred by you regarding the Occurrence.

**11.**

Any written reports, documents, hospital records, office notes, correspondence or other written record prepared by or on behalf of any physician, osteopath, chiropractor, or other practitioner of any healing art who treated you regarding the Occurrence.

**12.**

All medical reports, hospital records, office notes, correspondence or other written record prepared by or on behalf of any physician, osteopath, chiropractor, hospital or other practitioner of any healing art who treated you for injuries to any part of the body **in the ten years prior to the Occurrence.**

**13.**

A copy of any transcript of any traffic court hearing, workers' compensation hearing, EEOC hearing, social security hearing, trial, or any other judicial or quasi judicial hearing related to:

  (a)  Any occurrence in which you claimed injuries to the parts of the body allegedly injured in this occurrence;

  (b)  Any such proceeding arising out of the occurrence referred to in the Complaint.

**14.**

Copies of all correspondence, letters, memoranda, or other written records or documents provided by you or your agent or attorney to:

(a)    Any alleged witness to the Occurrence;

(b)    Any physician, osteopath, chiropractor, or practitioner of any healing art who has treated you for injuries sustained in the Occurrence;

(c)    Any expert you or your attorney intends to call as a witness at trial;

(d)    Any judicial, governmental or quasi government agency, body, group, or organization contacted with regard to the Occurrence;

(e)    Any police officer investigating the Occurrence.

**15.**

Any diary or log of events or expenses you have prepared with regard to the Occurrence.

**16.**

The application for benefits signed by you with regard to any claim for no-fault, personal injury protection or medical payment benefits within the last ten years.

**17.**

All photographs of the vehicle involved in the Occurrence and all photographs of the area where the Occurrence is alleged to have taken place.

**18.**

All written, recorded and/or transcribed statements pertaining to the Occurrence.

**19.**

Copies of all documents received by Plaintiff regarding the Occurrence which mention **Plaintiff Jamiel Hand** by name and were not generated by Plaintiff's attorney.

**20.**

Any and all documents in your possession which pertain to time lost from work or your lost wages claim as a result of the Occurrence, including, but not limited to, documents generated by any employer or sent to any employer.

**21**.

Any other document not described above and identified in your responses to **Defendants' First Interrogatories to Plaintiff**.

Respectfully submitted this 4th day of April, 2023.

By:  */s/ Elizabeth L. Bentley, Esq.*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
*Attorney for the Defendants*

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

Form **4506**

(March 2019)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.
▶ Request may be rejected if the form is incomplete or illegible.
▶ For more information about Form 4506, visit *www.irs.gov/form4506.*

OMB No. 1545-0429

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T, Request for Transcript of Tax Return,** or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

| 1a Name shown on tax return. If a joint return, enter the name shown first. | 1b First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
|---|---|
| 2a If a joint return, enter spouse's name shown on tax return. | 2b Second social security number or individual taxpayer identification number if joint tax return |

3   Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

4   Previous address shown on the last return filed if different from line 3 (see instructions)

5   If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

Elizabeth L. Bentley, Esq. Swift Currie McGhee & Hiers 1420 Peachtree St. NE Ste. 800 Atlanta, GA 30309 (404) 874.8800

**Caution:** If the tax return is being mailed to a third party, ensure that you have filled in lines 6 and 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax return to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your return information, you can specify this limitation in your written agreement with the third party.

6   **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506.  ▶ _____

   **Note:** If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . . . . . . . ☐

7   **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

| 12/31/2018 | 12/31/2019 | 12/31/2020 | 12/31/2021 |
|---|---|---|---|
| 12/31/2022 | | | |

8   **Fee.** There is a $50 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN** and "Form 4506 request" on your check or money order.

a   Cost for each return . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $   50.00

b   Number of returns requested on line 7 . . . . . . . . . . . . . . . . . . . . . . .

c   Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . . . . . . . . . . . .   $

9   If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☐

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☐   **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506.** See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ Signature (see instructions)                    Date

▶ Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ Spouse's signature                              Date

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**      Cat. No. 41721E      Form **4506** (Rev. 3-2019)

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*. Information about any recent developments affecting Form 4506, Form 4506-T and Form 4506T-EZ will be posted on that page.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of nonfiling, and records of account.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

### Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
| --- | --- |
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |

### Chart for all other returns

| If you lived in or your business was in: | Mail to: |
| --- | --- |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

 *You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.

## CERTIFICATE OF SERVICE

I hereby certify that I have this 4th day of April, 2023 served a copy of the within and foregoing ***Defendants' First Requests for Production of Documents and Notice to Produce at Trial to Plaintiff*** upon counsel for all parties via electronic mail as follows:

James Thomas Palmer, Esq.
MORGAN & MORGAN
1350 Church Street Extension
Suite 300
Marietta, GA 30060
*jtpalmer@forthepeople.com*
***Attorney for Plaintiff***

Stephanie V. Chavies, Esq.
LAW OFFICE OF ANDREWS AND MANGANIELLO
100 Crescent Centre Parkway, Suite 950
Tucker, Georgia 30084
*schavies@geico.com*
***Attorney for GEICO***

Respectfully submitted this 4th day of April, 2023.

By:   */s/ Elizabeth L. Bentley, Esq.*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
***Attorney for the Defendants***

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JAMIEL HAND,               )
                                    )
       Plaintiff,          )
                                    )     Civil Action File No.: <u>23-EV-001225</u>
v.                           )
                                    )
FRANK BARNGROVER, and    )     JURY TRIAL DEMAND
TYSON FOODS, INC., AND      )
ACE AMERICAN AGENCY, INC.   )
       Defendants.        )

## **<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS</u>**

       COMES NOWS, Jamiel Hand (hereinafter "Defendant"), by and through counsel, and serves his Response to Defendant's First Request for Admissions:

1.

Response: Denied.

2.

Response: Denied.

       This 12th day of April, 2023.

                         **MORGAN & MORGAN, PLLC**

                         */s/: James Palmer*
                         James Palmer, Esq.
                         Georgia Bar Number 381099
                         *Attorney for Plaintiff*
                         1350 Church Street Extension, Suite 300
                         Marietta, Georgia 30060
                         jtpalmer@forthepeople.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the within and foregoing **Plaintiff's Response to Defendant's First Request for Admissions to Plaintiff**  been furnished to the below-named addressees VIA STATUTORY ELECTRONIC SERVICE by E-Mail on April 12, 2023 and by U.S. First Class Mail on April 12, 2023 addressed as follows:

Elizabeth L. Bentley
Swift, Currie, McGhee & Heirs, LLP
1420 Peachtree Street NE, Suite 800
Atlanta, GA 30309
Beth.bentley@swiftcurrie.com

Submitted this 12th day of April, 2023.

**MORGAN & MORGAN, PLLC**

*/s/: James Palmer*
James Palmer, Esq.
Georgia Bar Number 381099
*Attorney for Plaintiff*
1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
jtpalmer@forthepeople.com