# EXHIBIT 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | | |
|---|---|---|
| CADDO SYSTEMS, INC. and 511 TECHNOLOGIES | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:22-cv-10815-WGY |
| PROGRESS SOFTWARE CORPORATION | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          SHI INTERNATIONAL CORP. c/o its registered agent
C T Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805, USA

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Veritext Legal Solutions 1075 Peachtree St NE #3625, Atlanta, GA 30309 | Date and Time: 05/15/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:   Video and stenography

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/01/2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | /s/ Alex Chan |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs Caddo Systems, Inc. and 511 Technologies, Inc.                    , who issues or requests this subpoena, are:

Alex Chan, 1526 Gilpin Ave., Wilmington, Delaware 19806, achan@devlinlawfirm.com, (302) 449-9010

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:22-cv-10815-WGY

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

    **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
    **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

You are hereby subpoenaed and commanded to appear to testify and produce the documents as requested below.

## DEFINITIONS

When used in the below topics, the following definitions apply:

A.      "SHI," "You," and "Your" refers to SHI International Corporation, its predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates, partners, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys), and subsidiaries and/or affiliated entities, including overseas affiliated entities, and all persons acting or purporting to act on its behalf.

B.      "Caddo" means collectively Caddo Systems, Inc. and 511 Technologies, Inc., and their predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates, partners, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing, and all persons acting or purporting to act on their behalf.

C.      "PSC" or "Progress" shall refer to Progress Software Corporation ("PSC") in *Caddo Systems, Inc., et al v. Progress Software Corporation*, No. 2:22-cv-10815-WGY (D. Mass.), as well as its predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates, partners, resellers, distributors, service providers, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys), and subsidiaries and/or affiliated entities, including Telerik Incorporated ("Telerik"), and all persons acting or purporting to act on its behalf.

D.      "Accused Instrumentalities" shall refer to Progress's Sitefinity, Kendo UI

(including UI for jQuery, UI for Angular and UI for React), UI for Blazor, UI for ASP.NET AJAX, UI for ASP.NET MVC, UI for ASP.NET Core, UI for Silverlight, UI for JSP, UI for PHP, UI for WinForms and WinForms Breadcrumb, UI for WPF, RadBreadcrumb, and similar products or services offering, providing, or using Breadcrumb or Navigational Functionalities (as defined below).

E.     "Action" shall mean the following: *Caddo Systems, Inc., et al v. Progress Software Corporation*, No. 2:22-cv-10815-WGY (D. Mass.).

F.     The "'411 patent" shall mean U.S. Patent No. 7,191,411 entitled "Active Path Menu Navigation System" issued on March 13, 2007.

G.     The "'301 patent" shall mean U.S. Patent No. 7,216,301 entitled "Active Path Menu Navigation System" issued on May 8, 2007.

H.     The "'517 patent" shall mean U.S. Patent No. 7,640,517 entitled "Active Path Menu Navigation System" issued on December 29, 2009.

I.     The "'836 patent" shall mean U.S. Patent No. 7,725,836 entitled "Active Path Navigation System" issued on May 25, 2010.

J.     The "'880 patent" shall mean U.S. Patent No. 8,352,880 entitled "Active Path Navigation System" issued on January 8, 2013.

K.     The "'127 patent" shall mean U.S. Patent No. 10,037,127 entitled "Active Path Menu Navigation System" issued on July 31, 2018.

L.     The "'053 patent" shall mean U.S. Patent No. 11,182,053 entitled "Active Path Menu Navigation System" issued on November 23, 2021.

M.     "Patents-in-Suit" and "Asserted Patents" shall mean '411, '301, '517, '836, '880, '127 and '053 patents, or any combination thereof.

N.      The term "Breadcrumb Functionality" means any navigational user interfaces and associated functionalities that allow users to "navigate hierarchically arranged structures and trace back their original location," as described, for example, on PSC's website, and/or to "navigate the website" by "display[ing] the path to the current page," as described, for example, on Progress's website.

O.      "Navigational Functionality" means or refers to graphical control elements used as a navigational aid or in the form of navigation links in user interfaces to facilitate navigation in documents, pages, source code, folders, databases, and/or programs, and/or to allow users to track their location, past and present, within such documents, web pages, source code, folders, databases, and programs.

P.      "Person" shall mean any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other legal entity.  The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

Q.      The term "Documents" is defined, without limitation, to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), and includes, without limitation, "writings," "recordings," and "photographs," both "originals" and "duplicates," as those terms are defined in Federal Rule of Evidence 1001. The term "Documents" specifically includes all electronic versions of any particular document and any associated metadata.

R.      "Thing" shall be construed using the broadest possible construction under the Federal Rules of Civil Procedure.

S.      The terms "sale" and "sold" means the transfer of title to property from one party to another and includes the granting of a license with respect to products containing software or firmware.

T.      The term "Communication" means any transmission of information, ideas, facts, data, proposals, or any other matter by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer link-ups, written memoranda, and face-to-face conversations.

U.      If You object to any portion of the subpoena, please state the grounds for the objection and the categories of information to which the objection applies.  Please provide a response to the request to the extent that it is not deemed objectionable.

V.      If You have no documents responsive to a particular subpoena request, please state that You have no such responsive documents.

W.      Please produce documents (1) as they are kept in the ordinary course of business, complete with the original file folders, binders, or other containers in which they are stored (or legible copies of the labels from those folders, binders, or containers) or (2) organized according to document requests to which they are responsive.

X.      "Identify" and "identity" shall each mean:

a.      as applied to an individual: to state the individual's full name, present or last known address and telephone number, present or last known employer, present or last known business address and telephone number, present and prior employment positions and corresponding dates of such positions, and a description of his or her present employment responsibilities;

b.      as applied to a Person other than a natural person (including but not limited

to any business or other entity): to state the Person's full name, place and date of

incorporation or formation, principal place of business or activity, and the identity of the

natural persons within that entity having knowledge of the matter with respect to which

that entity is named;

c.      as applied to a Document (whether or not any claim of privilege is made in

respect thereof): to state the type of Document, the date of creation of the Document, the

date of communication of the Document, the names and Identities of the individuals who

drafted, authored, or signed the Document or to whom a copy thereof was addressed or

sent, a summary of the subject matter of the Document, the number of pages of the

Document, the present whereabouts of the Document, including, without limitation, all

originals and copies, and the name and address of the present or last-known custodian of

the Document;

d.      as applied to a Thing (including, without limitation, any products or

software manufactured, developed, or sold by Progress Software Corporation and/or SHI

International Corporation): to state the date that the Thing was first utilized or made

available for use in commerce, all versions, parts, or revision numbers or codes, all product

names, and all team names or project titles used in connection with the design,

development, testing, or engineering of that product or software;

e.      as applied to a process: to state the date that the process was first used, the

date that products or goods sold through the process were first sold, all numbers or codes

used to refer to the process, including but not limited to, process revision numbers or codes,

all process names, and all team names or project titles used in connection with the design, development, testing, or engineering of that process; or

       f.      as applied to a Communication: to state the type of the Communication, the date, and the parties to such Communication, and if such Communication has been recorded in documentary form, to identify all Documents recording such Communication.

       Y.      The term "Software" shall mean instructions, statements, procedures, modules, objects, libraries, subroutines, or programs written in a programming language, design description language or assembly language, including source code, firmware, or microcode, which includes, without limitation, source files, make files, intermediate output files, header files, resource files, library files, module definition files, map files, object files, linker files, browse information files, and debug files.

       Z.      "Information" shall mean information in any form, including but not limited to, documentary, electronic, graphical, or tabular, and communicated by any means, including but not limited to, orally, in writing, or via electronic Communication.

       AA.      "Describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or Communication, shall mean: (1) to state the date and place thereof; (2) to identify the individual participants; (3) to summarize separately for each individual participant what was said or done; and (4) to identify each Document used or prepared in connection therewith or making any reference thereto.

       BB.      "Date" shall mean the exact date, if known, or the closest approximation to the exact date as can be specified, including, without limitation, the year, month, week in a month, or part of a month.

CC.     "Relate to," "related to," "relating to," or "concerning" shall mean in whole or in part, constituting, containing, embodying, reflecting, describing, involving, supporting, contradicting, evidencing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

DD.     The term "possession" means all Information or Documents actually within Your (including any employee, consultant, aide or other representative (including without limitation attorneys and accountants) and any other Person acting or purporting to act on Your behalf or in concert with You) knowledge, possession, custody or control, and includes any temporary placing of possession, custody or control in any third party by any of the foregoing Persons.

EE.     As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

FF.     As used herein, the masculine form of a term shall be interpreted to include the feminine form and vice versa.

GG.     Except where the context does not permit, the term "including" shall be without limitation.

HH.     Except where the context does not permit, the terms "and" and "or" shall be both conjunctive and disjunctive.

II.     "Any" means "any and all."

JJ.     The term "Product" or "Products" means any and all components, subcomponents, auxiliary components, and accessory products.

KK.     If You object to any of the Document requests made herein, You must state a basis for said objection in Your response.  If You intend to withhold any potentially responsive

Document or redact any portion of a Document produced in response to this Subpoena as privileged, You must Identify the privilege being asserted in Your response.

## INSTRUCTIONS

1.      Each request shall be answered pursuant to Fed. R. Civ. P. Rule 45.

2.      If You object to any portion of the subpoena, please state the grounds for the objection and the categories of information to which the objection applies.  Please provide a response to the request to the extent that it is not deemed objectionable.

3.      If You have no documents responsive to a particular subpoena request, please state that You have no such responsive documents.

4.      Please produce documents: (1) as they are kept in the ordinary course of business, complete with the original file folders, binders, or other containers in which they are stored (or legible copies of the labels from those folders, binders, or containers); or (2) organized according to document requests to which they are responsive.

5.      Please affix production numbers to each page that You produce.

6.      In lieu of making documents available for inspection and copying at the date and time specified on the face of the subpoena, You may produce exact copies of the requested documents on, or before, the date specified on the face of the subpoena directed to the attention of the issuing officer of the subpoena.

7.      A Protective Order (Dkt. 32 ("PO")) has been entered in the above-captioned matter that contains provisions governing the disclosure of confidential information.  A copy of the PO is enclosed herewith.  The PO allows You to designate information that You consider confidential by placing the appropriate designation on each page of such document.

8.      Should You withhold any subpoenaed information and/or documents under a claim that it is privileged, You must describe the nature of the withheld documents, communications, or

tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim as required under Fed. R. Civ. P. 45 (e)(2)(A)(ii).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to identify all Accused Instrumentalities that are/were made, used, sold, offered for sale, or licensed by You for or on behalf of PSC in the United States or imported into the United States since May 2016, including the identification of all versions and models of any such instrumentality, and the Persons with relevant knowledge and the Documents reflecting these facts.

## REQUEST FOR PRODUCTION NO. 2:

Documents relating to Your sales, revenues, profit, and margin information, including gross profits, operating profits, net profits, and profits before taxes, for all Accused Instrumentalities including associated maintenance and services since May 2016, including Documents sufficient to explain any acronyms or terminology employed by Your accounting system.

## REQUEST FOR PRODUCTION NO. 3:

Documents including contracts, agreements, and/or licenses involving PSC relating to the use, licensing, sale, maintenance, and/or execution of the Accused Instrumentalities including, without limitation, software licenses, license agreements, sales agreements (e.g., purchase orders and sales invoices), distribution agreements, master reseller schedules and agreements, reseller/distribution schedules and agreements, service provider partner schedules and agreements, royalty agreements, master-service agreements, technology transfer agreements, and authorization-to-use agreements.

**REQUEST FOR PRODUCTION NO. 4:**

Documents and Communications between You and PSC discussing any aspect of the Breadcrumb and/or Navigational Functionality.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and Communications reflecting the provision of technical support rendered by You relating to the Breadcrumb and/or Navigational Functionality.

**REQUEST FOR PRODUCTION NO. 6:**

Documents and Communications reflecting Your testing of the Breadcrumb and/or Navigational Functionality.

**REQUEST FOR PRODUCTION NO. 7:**

Identify all customers to whom You sold the Accused Instrumentalities since May 2016, and for each Accused Instrumentality sold, state the total number of units purchased, licensed, and/or renewed, and total amount of sales for said purchase, license, and/or renewal.

**REQUEST FOR PRODUCTION NO. 8:**

For each customer identified in response to Request for Production No. 7, list the customer's deployment location at which each Accused Instrumentality was deployed, billed, shipped, or delivered since May 2016.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

Explanation of the context or content of the Documents and Communications produced in response to the Requests for Production.

**TOPIC NO. 2:**

The source and authenticity of the Documents produced by You in response to the Requests for Production, including without limitation, the process, system, Persons and locations that are involved in creating, generating, storing, and/or maintaining any of the produced Documents and Communications as business records.

**TOPIC NO. 3:**

The design, development, structure, function, operation, configuration, and/or maintenance of the Breadcrumb and/or Navigational Functionality sold, leased, licensed, or provided to You by PSC.

**TOPIC NO. 4:**

Any sale of, lease of, license of, or other financial arrangement relating to the Breadcrumb and/or Navigational Functionality sold, leased, licensed, or provided to You by PSC, including any payments received by PSC related thereto and quantity sold, leased, or provided to You.

**TOPIC NO. 5:**

Your business or professional relationship[s] with PSC.

**TOPIC NO. 6:**

The provision of technical support relating to the Breadcrumb and/or Navigational Functionality, including, without limitation, the Persons providing such technical support, the

13

means of providing such technical support, and locations from which such technical support is provided.

**TOPIC NO. 7:**

Discussions related to the Breadcrumb and/or Navigational Functionality with third parties.

**TOPIC NO. 8:**

Sales figures, reports, and financial records showing the amount of revenues generated from the sale of Accused Instrumentalities including their associated maintenance and services.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CADDO SYSTEMS, INC. and 511 TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PROGRESS SOFTWARE CORPORATION, <br><br> Defendant. | Case No.: 2:22-cv-10815-WGY |

## ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, by and between the parties and by their respective undersigned counsel, that this Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties to each of the respective above-captioned actions.

Accordingly, based upon the agreement of the parties, IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Procedures shall be adopted for the protection of confidential and proprietary information:

## PROCEDURES FOR PROTECTION OF CONFIDENTIAL
## AND PROPRIETARY INFORMATION

1.    **DEFINITIONS**

1.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

1.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

1.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff).

1.4     <u>Designated In-House Counsel</u>: Up to two In-House Counsel who have no competitive decision making authority, and who have access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

1.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the above-captioned actions.

1.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the respective litigations who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in one or more of the above-captioned actions, (2) is not a current

2

employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.9 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items" representing computer code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler or other translator) and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.10 In-House Counsel: attorneys who are employees of a Party to one of the above-captioned actions. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to an above-captioned action in question.

1.12 Outside Counsel of Record: attorneys who are not employees of a Party to an above-captioned action but are retained to represent or advise a Party to that action and have appeared in the action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

1.13    Party: a party to an above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in an above-captioned action.

1.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the

4

public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

For clarity, nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or Experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a Party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by another Party, subject to the provisions of this Stipulated Protective Order.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.   **DURATION**

Even after final disposition of each of the above-captioned actions, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in an action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4. **DESIGNATING PROTECTED MATERIAL**

4.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in its respective action that it is withdrawing the mistaken designation.

4.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. In accordance with section 4.3 of this Stipulated Protective Order and paragraph 28 of the ESI Order, inadvertent failure to designate shall not operate as a waiver.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to place the entirety of the testimony under the protection of this Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page

that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material

and the level of protection being asserted by the Designating Party. The Designating Party shall

inform the court reporter of these requirements.

(c)       for information produced in some form other than documentary and for

any other tangible items, that the Producing Party affix in a prominent place on the exterior of

the container or containers in which the information or item is stored the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall

identify the protected portion(s) and specify the level of protection being asserted.

4.3     Inadvertent Failures to Designate.  If timely corrected after recognition by a

Producing Party of an inadvertent failure to designate, an inadvertent failure to designate

qualified information or items does not, standing alone, waive the Producing Party's right to

secure protection under this Order for such material.  Upon timely correction of a designation

after recognition by a Producing Party, the Receiving Party must make reasonable efforts to

assure that the material is treated in accordance with the provisions of this Order.

4.4     Right to Seek Additional Protections.  This Order is entered without prejudice to

the right of any Party to seek additional protections from the Court as may be necessary under

particular circumstances.

8

## 5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

5.3    Judicial Intervention.  If the Parties cannot resolve a challenge during the conferral process, the Challenging Party shall seek Court intervention within 21 days of the

9

initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each motion filed pursuant to this paragraph must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to seek relief from the Court, within 21 days (or 14 days, if applicable), or include the required declaration, shall automatically waive a challenge to the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1     Basic Principles. Absent further Order from the Court, the Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with an above-captioned action only for prosecuting, defending, or attempting to settle that particular action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation, and Designated In-House Counsel;

(b)    four (4) current officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for the litigation in which said information is produced who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which said information is produced (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

(d)    the court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have otherwise complied with the provisions of this Order, including by signing the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

6.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in that particular litigation, and Designated In-House Counsel;

(b)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which such information is produced, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

(c)      the court and its personnel;

(d)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced; and

(e)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

12

6.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the following persons:

(a)    the Receiving Party's Outside Counsel of Record in the above-captioned action in which it is produced as well as employees of such Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation;

(b)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which it is produced, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed; and

(c)    the court and its personnel;

(d)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced; and

(e)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

6.5    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order)

13

any information or item that has been designated "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

SOURCE CODE" pursuant to paragraphs 6.2(c), 6.3(c) and 6.4(b) first must make a written

request via e-mail to the Designating Party's Outside Counsel of Record that (1) sets forth the

full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy

of the Expert's current resume, including a list of publications from the past ten years, and (3)

identifies (by name and number of the case and location of court) any litigation in connection

with which the Expert has offered expert testimony, including through a declaration, report, or

testimony at a deposition or trial, during the preceding four years. The Designating Party shall

have seven (7) business days after such notice is given to object in writing via e-mail to the

Receiving Party's Outside Counsel of Record that made the written e-mail request disclosing the

Expert.

(b)     A Receiving Party that makes a request and provides the information

specified in the preceding respective paragraphs shall not disclose the subject Protected Material

to the identified Expert until expiration of the 7 day notice period.  Any such objection must set

forth in detail the grounds on which it is based.  If during the notice period the Designating Party

serves an objection upon the Receiving Party desiring to disclose Protected Material to the

Expert, there shall be no disclosure of Protected Material to such individual pending resolution

of the objection.

(c)     A Receiving Party that receives a timely written objection must meet and

confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

matter by agreement within seven (7) business days after the written objection is served. The

Designating Party shall then have fourteen (14) business days after such objection is served to, if

no agreement is reached, seek relief from the Court. Any motion filed pursuant to this paragraph must describe the circumstances with specificity, and set forth in detail the reasons why the disclosure to the Expert should not be made. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

No document designated by a Designating Party as Protected Material shall be disclosed by a Receiving Party to an Expert until after the individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Such written agreement shall be retained by the Outside Counsel of Record for the party that has retained the Expert, but need not be disclosed to any other Party.

In any such proceeding, the Designating Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6.6    It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" which is provided from the opposing Party to such Outside Counsel of Record in his or her respective action, provided that such rendering of advice and opinions shall not reveal the content of such information, other than in summary form, except by prior written agreement with counsel for the Producing Party.

6.7     Nothing in this Stipulation and Order shall be construed as preventing Outside Counsel for defendants in any of the above-captioned actions from discussing amongst themselves any of plaintiffs' information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to which each such Outside Counsel individually has lawful access through plaintiffs' productions and/or disclosures in the respective actions.

## 7.    SOURCE CODE

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.  Source code includes, but is not limited to, files in programming languages such as C++, Java, and Flash.  For the avoidance of doubt, the Producing Party may designate as source code make files, link files, algorithms, pseudocode, and other human-readable files used in the generation, building or compiling of software or firmware.  Production or designation of Confidential Source Code shall not be construed as a representation or admission by a party that Confidential Source Code is properly discoverable in this action, nor does the inclusion of Confidential Source Code as part of this agreement obligate any party to produce Confidential Source Code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed only to the individuals as set forth in Paragraph 6.4.  The following additional restrictions shall apply to the inspection and production of HIGHLY CONFIDENTIAL - SOURCE CODE, unless otherwise agreed by the Producing Party or otherwise Ordered by the Court:

16

(c)     Any source code produced in discovery shall be made available for inspection, in electronic (e.g., native) format. The Producing Party shall produce source code for inspection in electronic (e.g., native) format at the office of its outside counsel, or remotely as mutually agreed to by the parties. Any single reviewing session (conducted during one business day or during consecutive business days of review) shall be conducted during regular business hours (8:00 A.M. to 6:00 P.M. local time) on at least three (3) business days' written (including email) notice, or during such other hours as may be mutually and reasonably agreed upon on reasonable notice.

(d)     Source code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers (the "Source Code Computer"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device absent prior agreement of the Producing Party.

(ii)     The electronic source code shall be produced as it is kept in the normal course of business, or as it would be collected in the normal course of business. The Receiving Party's outside counsel and/or Experts shall be entitled to take handwritten notes relating to the source code. Such notes shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE". Such notes may include excerpts of the source code when reasonably necessary to guide the note taker's use of later-requested paper copies of the source code. Otherwise, no copies of all or any portion of the source code may leave the room in which the

17

source code is inspected except as otherwise provided in this Protective Order. Further, no other written or electronic record of the source code is permitted except as otherwise provided in this Protective Order.

(iii)    The source code provider shall provide a manifest of the contents of the computer to include a list of source code files available for review, to the extent practicable.

(iv)    The secured computer shall include software utilities which will allow counsel and experts to view and search the source code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, and (b) search for a given pattern of text through a number of files.

(v)    The Receiving Party may request copies of reasonable portions of the source code identified in a reasonable manner. A text editor will be provided on the source code computer so that the list of files to be printed may be saved directly to the source code computer. If the Producing Party objects that identified files are not reasonably necessary, the Producing Party shall make such objection known to the Receiving Party within three (3) business days of the identification of any files by the Receiving party. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity. At the request of the Receiving Party, in the absence of any objection the Producing Party shall provide within five (5) business days of such request, paper copies of the source code identified at the time of inspection by the Receiving Party. The Producing Party shall print, label such files with the file's complete path name, and append production numbers and the designation "HIGHLY

18

CONFIDENTIAL – SOURCE CODE". The paper copies must be kept in a secured location at the offices of the Receiving Party's Outside Counsel at all times. The Receiving Party may make no more than three additional paper copies of any portions of the source code files, not including copies attached to court filings or trial and hearing demonstrative exhibits. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), or (2) necessary for deposition. The Receiving Party shall request printing of only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. To the extent practicable, such printouts are to be of minimum 10-point, fixed-width font, and shall not exceed sixty-five (65) lines of text per page. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth herein whereby the Producing Party is the "Challenging Party," and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(vi)     Except as provided in this Protective Order, no electronic copies of the electronic source code shall be made.

(vii)    Unless otherwise agreed in advance by the parties in writing, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the source code viewing room that may contain work product and/or attorney-client privileged information at the end of each day. Materials inadvertently left in the source code viewing room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly. The Producing Party shall not be responsible for any items left in the source code viewing room.

(viii)   Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers and the Party that brought the source code to the deposition will keep possession of the marked deposition source code exhibit. If the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in its marked form and provide one copy to outside counsel for the other Party.

(ix)   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party and any persons receiving source code from Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code). A party may make and use snippets and images of the source code if necessary for court filings, expert reports, discovery responses and other similar documents. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal. Unless agreed by the parties, images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead).

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Discovery Material in this action, that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order and shall indicate the return date of the subpoena or court order;

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, including by providing such Designating Party at least 14 calendar days to inform the subpoenaed party either that it does not object to production of the Discovery Material, or that it will seek Court protection to prevent such production. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Other Proceedings. By entering this order and limiting the disclosure of information in each of the respective above-captioned actions, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.

Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in an above-captioned action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with that particular litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the

22

attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity. If any Receiving Party recognizes that any Producing Party (or Non-Party) may have inadvertently produced such protected information, it shall notify the Producing Party promptly, and follow such procedures as set forth in this Order. If, after recognizing that privileged information has been produced or disclosed (through notice by a Receiving Party or otherwise), the Producing Party who made the inadvertent production or disclosure sends to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time. Within ten (10) days of receiving such a request, the Receiving Party shall (a) return to the Producing Party all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently produced, and (b) delete any electronic records thereof (with the exception of back-up tapes or other archival media, which should be treated in accordance with standard retention policies). The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.

(a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party ("Notice of Designation"). The Receiving Party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation. The copy retained by the Receiving Party must be sequestered, and may not be used for any

purpose except to present the information to the Court for a determination of the claim of privilege.

      (b)     Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

      (c)     Within five (5) days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed. Any motion filed pursuant to this paragraph shall be filed under seal in accordance with the procedures set forth herein for filing Protected Material with the court. Any motion filed pursuant to this paragraph shall not assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute information protected by privilege or immunity. If the Receiving Party does not seek relief from the Court to contest the designation within such five (5)-day period, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately returned to the Producing Party. Likewise, in the event that the Court rejects the Receiving Party's challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately returned to the Producing Party.

      (d)     With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the

inadvertent production, the Receiving Party shall make reasonable efforts to either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e)     The procedures set forth in this section 12 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity. There shall be no waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity for an inadvertent disclosure or production if the Producing Party complies with the procedures set forth in this Section 12 with respect to such inadvertent disclosure or production.

## 13.   **MISCELLANEOUS**

13.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3     Filing Protected Material. All documents of any nature, including briefs, that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and that are filed with the Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for Massachusetts. The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because the Filing would disclose information

25

from a document that is otherwise required to be filed under seal pursuant to the provisions of this Stipulation and Order shall comply with the provisions set forth in this Stipulation and Order, including the procedures for filing and marking such materials as set forth above. Any Party who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of this Stipulation and Order shall give written notice of his objection to the Designating Party. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13.4    Service by Email Permitted. The parties hereby consent that all documents required to be served in this case may be served by an email directed to a representative of the opposing party's lead and local counsel.

## 14.    **FINAL DISPOSITION**

Within 60 days after the final disposition of an above-captioned action, as defined in paragraph 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written confirmation to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline confirming the return or destruction of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

**IT IS SO STIPULATED.**

/s/ Alex Chan
Alex Chan
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
tdevlin@devlinlawfirm.com
achan@devlinlawfirm.com
*Attorneys for Plaintiffs*
*Caddo Systems, Inc. and*
*511 Technologies, Inc.*

/s/ *James R. Anderson*
Colin G. Cabral (BBO No. 670234)
James R. Anderson (BBO No. 693781)
One International Place
Boston, MA 02110
(617) 526-9600
ccabral@proskauer.com
jaanderson@proskauer.com
*Attorneys for Defendant*
*Progress Software Corporation*

*nothing shall be filed in Court pursuant to this protective order and it shall not be cited as a ground for sealing W/24*

*as modified*

SO ORDERED, this ___3/st___ day of ___January___, 2023.

William G. Young
The Honorable William G. Young

27

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the _____ District of _____ on _____ [date] in the case of _____ *[PLAINTIFF'S NAME v. DEFENDANT'S NAME]*, Civil Case No. _____ ("the Action"). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the _____ District of _____ for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| CADDO SYSTEMS, INC. and 511 TECHNOLOGIES | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:22-cv-10815-WGY |
| PROGRESS SOFTWARE CORPORATION | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                             COMPONENTSOURCE HOLDING CORPORATION c/o its registered agent
CORPORATION SERVICE COMPANY,  2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Veritext Legal Solutions<br>1075 Peachtree Street, Suite 3625<br>Atlanta, GA 30309 | Date and Time:<br>05/15/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:   Video and stenography

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
                    See Exhibit A

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/01/2023

                    *CLERK OF COURT*
                                                    OR
                                                                        /s/ Alex Chan
_____                    _____
       *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Caddo Systems, Inc. and 511 Technologies, Inc.                          , who issues or requests this subpoena, are:
Alex Chan, 1526 Gilpin Ave., Wilmington, Delaware 19806, achan@devlinlawfirm.com, (302) 449-9010

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:22-cv-10815-WGY

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

You are hereby subpoenaed and commanded to appear to testify and produce the documents as requested below.

## DEFINITIONS

When used in the below topics, the following definitions apply:

A.      "ComponentSource," "You," and "Your" refers to ComponentSource Holding Corporation, its predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates, partners, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys), and subsidiaries and/or affiliated entities, including overseas affiliated entities, and all persons acting or purporting to act on its behalf.

B.      "Caddo" means collectively Caddo Systems, Inc. and 511 Technologies, Inc., and their predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates, partners, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing, and all persons acting or purporting to act on their behalf.

C.      "PSC" or "Progress" shall refer to Progress Software Corporation ("PSC") in *Caddo Systems, Inc., et al v. Progress Software Corporation*, No. 2:22-cv-10815-WGY (D. Mass.), as well as its predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates, partners, resellers, distributors, service providers, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys), and subsidiaries and/or affiliated entities, including Telerik Incorporated ("Telerik"), and all persons acting or purporting to act on its behalf.

D.      "Accused Instrumentalities" shall refer to Progress's Sitefinity, Kendo UI

1

(including UI for jQuery, UI for Angular and UI for React), UI for Blazor, UI for ASP.NET AJAX, UI for ASP.NET MVC, UI for ASP.NET Core, UI for Silverlight, UI for JSP, UI for PHP, UI for WinForms and WinForms Breadcrumb, UI for WPF, RadBreadcrumb, and similar products or services offering, providing, or using Breadcrumb or Navigational Functionalities (as defined below).

E.      "Action" shall mean the following: *Caddo Systems, Inc., et al v. Progress Software Corporation*, No. 2:22-cv-10815-WGY (D. Mass.).

F.      The "'411 patent" shall mean U.S. Patent No. 7,191,411 entitled "Active Path Menu Navigation System" issued on March 13, 2007.

G.      The "'301 patent" shall mean U.S. Patent No. 7,216,301 entitled "Active Path Menu Navigation System" issued on May 8, 2007.

H.      The "'517 patent" shall mean U.S. Patent No. 7,640,517 entitled "Active Path Menu Navigation System" issued on December 29, 2009.

I.      The "'836 patent" shall mean U.S. Patent No. 7,725,836 entitled "Active Path Navigation System" issued on May 25, 2010.

J.      The "'880 patent" shall mean U.S. Patent No. 8,352,880 entitled "Active Path Navigation System" issued on January 8, 2013.

K.      The "'127 patent" shall mean U.S. Patent No. 10,037,127 entitled "Active Path Menu Navigation System" issued on July 31, 2018.

L.      The "'053 patent" shall mean U.S. Patent No. 11,182,053 entitled "Active Path Menu Navigation System" issued on November 23, 2021.

M.      "Patents-in-Suit" and "Asserted Patents" shall mean '411, '301, '517, '836, '880, '127 and '053 patents, or any combination thereof.

N.     The term "Breadcrumb Functionality" means any navigational user interfaces and associated functionalities that allow users to "navigate hierarchically arranged structures and trace back their original location," as described, for example, on PSC's website, and/or to "navigate the website" by "display[ing] the path to the current page," as described, for example, on Progress's website.

O.     "Navigational Functionality" means or refers to graphical control elements used as a navigational aid or in the form of navigation links in user interfaces to facilitate navigation in documents, pages, source code, folders, databases, and/or programs, and/or to allow users to track their location, past and present, within such documents, web pages, source code, folders, databases, and programs.

P.     "Person" shall mean any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other legal entity.  The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

Q.     The term "Documents" is defined, without limitation, to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), and includes, without limitation, "writings," "recordings," and "photographs," both "originals" and "duplicates," as those terms are defined in Federal Rule of Evidence 1001. The term "Documents" specifically includes all electronic versions of any particular document and any associated metadata.

R.     "Thing" shall be construed using the broadest possible construction under the Federal Rules of Civil Procedure.

3

S.      The terms "sale" and "sold" means the transfer of title to property from one party to another and includes the granting of a license with respect to products containing software or firmware.

T.      The term "Communication" means any transmission of information, ideas, facts, data, proposals, or any other matter by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer link-ups, written memoranda, and face-to-face conversations.

U.      If You object to any portion of the subpoena, please state the grounds for the objection and the categories of information to which the objection applies.  Please provide a response to the request to the extent that it is not deemed objectionable.

V.      If You have no documents responsive to a particular subpoena request, please state that You have no such responsive documents.

W.      Please produce documents (1) as they are kept in the ordinary course of business, complete with the original file folders, binders, or other containers in which they are stored (or legible copies of the labels from those folders, binders, or containers) or (2) organized according to document requests to which they are responsive.

X.      "Identify" and "identity" shall each mean:

        a.      as applied to an individual: to state the individual's full name, present or last known address and telephone number, present or last known employer, present or last known business address and telephone number, present and prior employment positions and corresponding dates of such positions, and a description of his or her present employment responsibilities;

b.      as applied to a Person other than a natural person (including but not limited to any business or other entity): to state the Person's full name, place and date of incorporation or formation, principal place of business or activity, and the identity of the natural persons within that entity having knowledge of the matter with respect to which that entity is named;

c.      as applied to a Document (whether or not any claim of privilege is made in respect thereof): to state the type of Document, the date of creation of the Document, the date of communication of the Document, the names and Identities of the individuals who drafted, authored, or signed the Document or to whom a copy thereof was addressed or sent, a summary of the subject matter of the Document, the number of pages of the Document, the present whereabouts of the Document, including, without limitation, all originals and copies, and the name and address of the present or last-known custodian of the Document;

d.      as applied to a Thing (including, without limitation, any products or software manufactured, developed, or sold by Progress Software Corporation and/or ComponentSource Holding Corporation): to state the date that the Thing was first utilized or made available for use in commerce, all versions, parts, or revision numbers or codes, all product names, and all team names or project titles used in connection with the design, development, testing, or engineering of that product or software;

e.      as applied to a process: to state the date that the process was first used, the date that products or goods sold through the process were first sold, all numbers or codes used to refer to the process, including but not limited to, process revision numbers or codes,

all process names, and all team names or project titles used in connection with the design, development, testing, or engineering of that process; or

f.       as applied to a Communication: to state the type of the Communication, the date, and the parties to such Communication, and if such Communication has been recorded in documentary form, to identify all Documents recording such Communication.

Y.       The term "Software" shall mean instructions, statements, procedures, modules, objects, libraries, subroutines, or programs written in a programming language, design description language or assembly language, including source code, firmware, or microcode, which includes, without limitation, source files, make files, intermediate output files, header files, resource files, library files, module definition files, map files, object files, linker files, browse information files, and debug files.

Z.       "Information" shall mean information in any form, including but not limited to, documentary, electronic, graphical, or tabular, and communicated by any means, including but not limited to, orally, in writing, or via electronic Communication.

AA.       "Describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or Communication, shall mean: (1) to state the date and place thereof; (2) to identify the individual participants; (3) to summarize separately for each individual participant what was said or done; and (4) to identify each Document used or prepared in connection therewith or making any reference thereto.

BB.       "Date" shall mean the exact date, if known, or the closest approximation to the exact date as can be specified, including, without limitation, the year, month, week in a month, or part of a month.

CC.     "Relate to," "related to," "relating to," or "concerning" shall mean in whole or in part, constituting, containing, embodying, reflecting, describing, involving, supporting, contradicting, evidencing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

DD.     The term "possession" means all Information or Documents actually within Your (including any employee, consultant, aide or other representative (including without limitation attorneys and accountants) and any other Person acting or purporting to act on Your behalf or in concert with You) knowledge, possession, custody or control, and includes any temporary placing of possession, custody or control in any third party by any of the foregoing Persons.

EE.     As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

FF.     As used herein, the masculine form of a term shall be interpreted to include the feminine form and vice versa.

GG.     Except where the context does not permit, the term "including" shall be without limitation.

HH.     Except where the context does not permit, the terms "and" and "or" shall be both conjunctive and disjunctive.

II.     "Any" means "any and all."

JJ.     The term "Product" or "Products" means any and all components, subcomponents, auxiliary components, and accessory products.

KK.     If You object to any of the Document requests made herein, You must state a basis for said objection in Your response.  If You intend to withhold any potentially responsive

Document or redact any portion of a Document produced in response to this Subpoena as privileged, You must Identify the privilege being asserted in Your response.

## INSTRUCTIONS

1.      Each request shall be answered pursuant to Fed. R. Civ. P. Rule 45.

2.      If You object to any portion of the subpoena, please state the grounds for the objection and the categories of information to which the objection applies.  Please provide a response to the request to the extent that it is not deemed objectionable.

3.      If You have no documents responsive to a particular subpoena request, please state that You have no such responsive documents.

4.      Please produce documents: (1) as they are kept in the ordinary course of business, complete with the original file folders, binders, or other containers in which they are stored (or legible copies of the labels from those folders, binders, or containers); or (2) organized according to document requests to which they are responsive.

5.      Please affix production numbers to each page that You produce.

6.      In lieu of making documents available for inspection and copying at the date and time specified on the face of the subpoena, You may produce exact copies of the requested documents on, or before, the date specified on the face of the subpoena directed to the attention of the issuing officer of the subpoena.

7.      A Protective Order (Dkt. 32 ("PO")) has been entered in the above-captioned matter that contains provisions governing the disclosure of confidential information.  A copy of the PO is enclosed herewith.  The PO allows You to designate information that You consider confidential by placing the appropriate designation on each page of such document.

8.      Should You withhold any subpoenaed information and/or documents under a claim that it is privileged, You must describe the nature of the withheld documents, communications, or

9

tangible things in a manner that, without revealing information itself privileged or protected, will

enable the parties to assess the claim as required under Fed. R. Civ. P. 45 (e)(2)(A)(ii).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify all Accused Instrumentalities that are/were made, used, sold, offered for sale, or licensed by You for or on behalf of PSC in the United States or imported into the United States since May 2016, including the identification of all versions and models of any such instrumentality, and the Persons with relevant knowledge and the Documents reflecting these facts.

**REQUEST FOR PRODUCTION NO. 2:**

Documents relating to Your sales, revenues, profit, and margin information, including gross profits, operating profits, net profits, and profits before taxes, for all Accused Instrumentalities including associated maintenance and services since May 2016, including Documents sufficient to explain any acronyms or terminology employed by Your accounting system.

**REQUEST FOR PRODUCTION NO. 3:**

Documents including contracts, agreements, and/or licenses involving PSC relating to the use, licensing, sale, maintenance, and/or execution of the Accused Instrumentalities including, without limitation, software licenses, license agreements, sales agreements (e.g., purchase orders and sales invoices), distribution agreements, master reseller schedules and agreements, reseller/distribution schedules and agreements, service provider partner schedules and agreements, royalty agreements, master-service agreements, technology transfer agreements, and authorization-to-use agreements.

11

**REQUEST FOR PRODUCTION NO. 4:**

Documents and Communications between You and PSC discussing any aspect of the Breadcrumb and/or Navigational Functionality.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and Communications reflecting the provision of technical support rendered by You relating to the Breadcrumb and/or Navigational Functionality.

**REQUEST FOR PRODUCTION NO. 6:**

Documents and Communications reflecting Your testing of the Breadcrumb and/or Navigational Functionality.

**REQUEST FOR PRODUCTION NO. 7:**

Identify all customers to whom You sold the Accused Instrumentalities since May 2016, and for each Accused Instrumentality sold, state the total number of units purchased, licensed, and/or renewed, and total amount of sales for said purchase, license, and/or renewal.

**REQUEST FOR PRODUCTION NO. 8:**

For each customer identified in response to Request for Production No. 7, list the customer's deployment location at which each Accused Instrumentality was deployed, billed, shipped, or delivered since May 2016.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

Explanation of the context or content of the Documents and Communications produced in response to the Requests for Production.

**TOPIC NO. 2:**

The source and authenticity of the Documents produced by You in response to the Requests for Production, including without limitation, the process, system, Persons and locations that are involved in creating, generating, storing, and/or maintaining any of the produced Documents and Communications as business records.

**TOPIC NO. 3:**

The design, development, structure, function, operation, configuration, and/or maintenance of the Breadcrumb and/or Navigational Functionality sold, leased, licensed, or provided to You by PSC.

**TOPIC NO. 4:**

Any sale of, lease of, license of, or other financial arrangement relating to the Breadcrumb and/or Navigational Functionality sold, leased, licensed, or provided to You by PSC, including any payments received by PSC related thereto and quantity sold, leased, or provided to You.

**TOPIC NO. 5:**

Your business or professional relationship[s] with PSC.

**TOPIC NO. 6:**

The provision of technical support relating to the Breadcrumb and/or Navigational Functionality, including, without limitation, the Persons providing such technical support, the

means of providing such technical support, and locations from which such technical support is provided.

**TOPIC NO. 7:**

Discussions related to the Breadcrumb and/or Navigational Functionality with third parties.

**TOPIC NO. 8:**

Sales figures, reports, and financial records showing the amount of revenues generated from the sale of Accused Instrumentalities including their associated maintenance and services.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

CADDO SYSTEMS, INC. and 511
TECHNOLOGIES, INC.,

      Plaintiff,

    v.

PROGRESS SOFTWARE CORPORATION,

      Defendant.

Case No.: 2:22-cv-10815-WGY

---

## [PROPOSED] STIPULATED PROTECTIVE ORDER

    IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal

Rules of Civil Procedure and subject to the approval of the Court, by and between the parties and

by their respective undersigned counsel, that this Stipulation and Order shall govern the handling

of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any

other information produced, given, or exchanged by and among the parties and any non-parties

to each of the respective above-captioned actions.

    Accordingly, based upon the agreement of the parties, IT IS HEREBY ORDERED

pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Procedures

shall be adopted for the protection of confidential and proprietary information:

## PROCEDURES FOR PROTECTION OF CONFIDENTIAL
## AND PROPRIETARY INFORMATION

1.  **DEFINITIONS**

1.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of
information or items under this Order.

1.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is
generated, stored or maintained) or tangible things that qualify for protection under Federal Rule
of Civil Procedure 26(c).

1.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support
staff).

1.4     <u>Designated In-House Counsel</u>: Up to two In-House Counsel who have no
competitive decision making authority, and who have access to "CONFIDENTIAL –
ATTORNEYS' EYES ONLY" information in this matter.

1.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that
it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE
CODE."

1.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the
medium or manner in which it is generated, stored, or maintained (including, among other things,
testimony, transcripts, and tangible things), that are produced or generated in disclosures or
responses to discovery in the above-captioned actions.

1.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to
the respective litigations who (1) has been retained by a Party or its counsel to serve as an expert
witness or as a consultant in one or more of the above-captioned actions, (2) is not a current

employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.9 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items" representing computer code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler or other translator) and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.10 In-House Counsel: attorneys who are employees of a Party to one of the above-captioned actions. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to an above-captioned action in question.

1.12 Outside Counsel of Record: attorneys who are not employees of a Party to an above-captioned action but are retained to represent or advise a Party to that action and have appeared in the action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

1.13    Party: a party to an above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in an above-captioned action.

1.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the

4

public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

For clarity, nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or Experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a Party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by another Party, subject to the provisions of this Stipulated Protective Order.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 3. DURATION

Even after final disposition of each of the above-captioned actions, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in an action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 4. DESIGNATING PROTECTED MATERIAL

4.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in its respective action that it is withdrawing the mistaken designation.

4.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. In accordance with section 4.3 of this Stipulated Protective Order and paragraph 28 of the ESI Order, inadvertent failure to designate shall not operate as a waiver.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

6

EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to place the entirety of the testimony under the protection of this Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page

that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material

and the level of protection being asserted by the Designating Party. The Designating Party shall

inform the court reporter of these requirements.

(c)      for information produced in some form other than documentary and for

any other tangible items, that the Producing Party affix in a prominent place on the exterior of

the container or containers in which the information or item is stored the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall

identify the protected portion(s) and specify the level of protection being asserted.

4.3      Inadvertent Failures to Designate. If timely corrected after recognition by a

Producing Party of an inadvertent failure to designate, an inadvertent failure to designate

qualified information or items does not, standing alone, waive the Producing Party's right to

secure protection under this Order for such material.  Upon timely correction of a designation

after recognition by a Producing Party, the Receiving Party must make reasonable efforts to

assure that the material is treated in accordance with the provisions of this Order.

4.4      Right to Seek Additional Protections. This Order is entered without prejudice to

the right of any Party to seek additional protections from the Court as may be necessary under

particular circumstances.

8

5. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

5.3    Judicial Intervention.  If the Parties cannot resolve a challenge during the conferral process, the Challenging Party shall seek Court intervention within 21 days of the

9

initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each motion filed pursuant to this paragraph must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to seek relief from the Court, within 21 days (or 14 days, if applicable), or include the required declaration, shall automatically waive a challenge to the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

## 6.   ACCESS TO AND USE OF PROTECTED MATERIAL

6.1     Basic Principles.  Absent further Order from the Court, the Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with an above-captioned action only for prosecuting, defending, or attempting to settle that particular action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

10

(a)     the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation, and Designated In-House Counsel;

(b)     four (4) current officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for the litigation in which said information is produced who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which said information is produced (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have otherwise complied with the provisions of this Order, including by signing the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

6.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in that particular litigation, and Designated In-House Counsel;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which such information is produced, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced; and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

12

6.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or

Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL

– SOURCE CODE" only to the following persons:

(a)    the Receiving Party's Outside Counsel of Record in the above-captioned

action in which it is produced as well as employees of such Outside Counsel of Record to whom

it is reasonably necessary to disclose the information for that particular litigation;

(b)    Experts of the Receiving Party (1) to whom disclosure is reasonably

necessary for the litigation in which it is produced, (2) who have signed the "Acknowledgment

and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

paragraph 6.5(a), below, have been followed; and

(c)    the court and its personnel;

(d)    court reporters and their staff, professional jury or trial consultants, and

Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is

produced; and

(e)    the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information or is employed by

the Designating Party.

6.5    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

– SOURCE CODE" Information or Items to Experts.

(a)    Unless otherwise ordered by the court or agreed to in writing by the

Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order)

13

any information or item that has been designated "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

SOURCE CODE" pursuant to paragraphs 6.2(c), 6.3(c) and 6.4(b) first must make a written

request via e-mail to the Designating Party's Outside Counsel of Record that (1) sets forth the

full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy

of the Expert's current resume, including a list of publications from the past ten years, and (3)

identifies (by name and number of the case and location of court) any litigation in connection

with which the Expert has offered expert testimony, including through a declaration, report, or

testimony at a deposition or trial, during the preceding four years. The Designating Party shall

have seven (7) business days after such notice is given to object in writing via e-mail to the

Receiving Party's Outside Counsel of Record that made the written e-mail request disclosing the

Expert.

(b)     A Receiving Party that makes a request and provides the information

specified in the preceding respective paragraphs shall not disclose the subject Protected Material

to the identified Expert until expiration of the 7 day notice period. Any such objection must set

forth in detail the grounds on which it is based. If during the notice period the Designating Party

serves an objection upon the Receiving Party desiring to disclose Protected Material to the

Expert, there shall be no disclosure of Protected Material to such individual pending resolution

of the objection.

(c)     A Receiving Party that receives a timely written objection must meet and

confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

matter by agreement within seven (7) business days after the written objection is served. The

Designating Party shall then have fourteen (14) business days after such objection is served to, if

14

no agreement is reached, seek relief from the Court. Any motion filed pursuant to this paragraph must describe the circumstances with specificity, and set forth in detail the reasons why the disclosure to the Expert should not be made. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

No document designated by a Designating Party as Protected Material shall be disclosed by a Receiving Party to an Expert until after the individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Such written agreement shall be retained by the Outside Counsel of Record for the party that has retained the Expert, but need not be disclosed to any other Party.

In any such proceeding, the Designating Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6.6     It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" which is provided from the opposing Party to such Outside Counsel of Record in his or her respective action, provided that such rendering of advice and opinions shall not reveal the content of such information, other than in summary form, except by prior written agreement with counsel for the Producing Party.

6.7     Nothing in this Stipulation and Order shall be construed as preventing Outside Counsel for defendants in any of the above-captioned actions from discussing amongst themselves any of plaintiffs' information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to which each such Outside Counsel individually has lawful access through plaintiffs' productions and/or disclosures in the respective actions.

## 7.     SOURCE CODE

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code. Source code includes, but is not limited to, files in programming languages such as C++, Java, and Flash. For the avoidance of doubt, the Producing Party may designate as source code make files, link files, algorithms, pseudocode, and other human-readable files used in the generation, building or compiling of software or firmware. Production or designation of Confidential Source Code shall not be construed as a representation or admission by a party that Confidential Source Code is properly discoverable in this action, nor does the inclusion of Confidential Source Code as part of this agreement obligate any party to produce Confidential Source Code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed only to the individuals as set forth in Paragraph 6.4. The following additional restrictions shall apply to the inspection and production of HIGHLY CONFIDENTIAL - SOURCE CODE, unless otherwise agreed by the Producing Party or otherwise Ordered by the Court:

16

(c)     Any source code produced in discovery shall be made available for inspection, in electronic (e.g., native) format. The Producing Party shall produce source code for inspection in electronic (e.g., native) format at the office of its outside counsel, or remotely as mutually agreed to by the parties. Any single reviewing session (conducted during one business day or during consecutive business days of review) shall be conducted during regular business hours (8:00 A.M. to 6:00 P.M. local time) on at least three (3) business days' written (including email) notice, or during such other hours as may be mutually and reasonably agreed upon on reasonable notice.

(d)     Source code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers (the "Source Code Computer"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device absent prior agreement of the Producing Party.

(ii)     The electronic source code shall be produced as it is kept in the normal course of business, or as it would be collected in the normal course of business. The Receiving Party's outside counsel and/or Experts shall be entitled to take handwritten notes relating to the source code. Such notes shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE". Such notes may include excerpts of the source code when reasonably necessary to guide the note taker's use of later-requested paper copies of the source code. Otherwise, no copies of all or any portion of the source code may leave the room in which the

17

source code is inspected except as otherwise provided in this Protective Order. Further, no other written or electronic record of the source code is permitted except as otherwise provided in this Protective Order.

(iii)     The source code provider shall provide a manifest of the contents of the computer to include a list of source code files available for review, to the extent practicable.

(iv)     The secured computer shall include software utilities which will allow counsel and experts to view and search the source code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, and (b) search for a given pattern of text through a number of files.

(v)     The Receiving Party may request copies of reasonable portions of the source code identified in a reasonable manner. A text editor will be provided on the source code computer so that the list of files to be printed may be saved directly to the source code computer. If the Producing Party objects that identified files are not reasonably necessary, the Producing Party shall make such objection known to the Receiving Party within three (3) business days of the identification of any files by the Receiving party. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity. At the request of the Receiving Party, in the absence of any objection the Producing Party shall provide within five (5) business days of such request, paper copies of the source code identified at the time of inspection by the Receiving Party. The Producing Party shall print, label such files with the file's complete path name, and append production numbers and the designation "HIGHLY

CONFIDENTIAL – SOURCE CODE". The paper copies must be kept in a secured location at the offices of the Receiving Party's Outside Counsel at all times. The Receiving Party may make no more than three additional paper copies of any portions of the source code files, not including copies attached to court filings or trial and hearing demonstrative exhibits. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), or (2) necessary for deposition. The Receiving Party shall request printing of only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. To the extent practicable, such printouts are to be of minimum 10-point, fixed-width font, and shall not exceed sixty-five (65) lines of text per page. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth herein whereby the Producing Party is the "Challenging Party," and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(vi)     Except as provided in this Protective Order, no electronic copies of the electronic source code shall be made.

(vii)     Unless otherwise agreed in advance by the parties in writing, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the source code viewing room that may contain work product and/or attorney-client privileged information at the end of each day. Materials inadvertently left in the source code viewing room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly. The Producing Party shall not be responsible for any items left in the source code viewing room.

(viii)   Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers and the Party that brought the source code to the deposition will keep possession of the marked deposition source code exhibit.  If the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in its marked form and provide one copy to outside counsel for the other Party.

(ix)   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party and any persons receiving source code from Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code).  A party may make and use snippets and images of the source code if necessary for court filings, expert reports, discovery responses and other similar documents.  All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal.  Unless agreed by the parties, images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead).

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Discovery Material in this action, that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order and shall indicate the return date of the subpoena or court order;

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, including by providing such Designating Party at least 14 calendar days to inform the subpoenaed party either that it does not object to production of the Discovery Material, or that it will seek Court protection to prevent such production. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Other Proceedings. By entering this order and limiting the disclosure of information in each of the respective above-captioned actions, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.

21

Any person or party subject to this order who becomes subject to a motion to disclose another

party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to

this order shall promptly notify that party of the motion so that the party may have an

opportunity to appear and be heard on whether that information should be disclosed.

10. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-

Party in an above-captioned action and designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

CODE." Such information produced by Non-Parties in connection with that particular litigation

is protected by the remedies and relief provided by this Order. Nothing in these provisions

should be construed as prohibiting a Non-Party from seeking additional protections.

11. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any

document or thing (including information and Protected Material) otherwise protected by the

22

attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity. If any Receiving Party recognizes that any Producing Party (or Non-Party) may have inadvertently produced such protected information, it shall notify the Producing Party promptly, and follow such procedures as set forth in this Order. If, after recognizing that privileged information has been produced or disclosed (through notice by a Receiving Party or otherwise), the Producing Party who made the inadvertent production or disclosure sends to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time. Within ten (10) days of receiving such a request, the Receiving Party shall (a) return to the Producing Party all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently produced, and (b) delete any electronic records thereof (with the exception of back-up tapes or other archival media, which should be treated in accordance with standard retention policies). The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.

(a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party ("Notice of Designation"). The Receiving Party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation. The copy retained by the Receiving Party must be sequestered, and may not be used for any

purpose except to present the information to the Court for a determination of the claim of privilege.

(b)     Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c)     Within five (5) days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed.  Any motion filed pursuant to this paragraph shall be filed under seal in accordance with the procedures set forth herein for filing Protected Material with the court.  Any motion filed pursuant to this paragraph shall not assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute information protected by privilege or immunity.  If the Receiving Party does not seek relief from the Court to contest the designation within such five (5)-day period, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately returned to the Producing Party.  Likewise, in the event that the Court rejects the Receiving Party's challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately returned to the Producing Party.

(d)     With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the

24

inadvertent production, the Receiving Party shall make reasonable efforts to either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e)    The procedures set forth in this section 12 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity. There shall be no waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity for an inadvertent disclosure or production if the Producing Party complies with the procedures set forth in this Section 12 with respect to such inadvertent disclosure or production.

## 13.    MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material. All documents of any nature, including briefs, that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and that are filed with the Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for Massachusetts. The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because the Filing would disclose information

25

from a document that is otherwise required to be filed under seal pursuant to the provisions of this Stipulation and Order shall comply with the provisions set forth in this Stipulation and Order, including the procedures for filing and marking such materials as set forth above. Any Party who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of this Stipulation and Order shall give written notice of his objection to the Designating Party. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13.4    Service by Email Permitted.  The parties hereby consent that all documents required to be served in this case may be served by an email directed to a representative of the opposing party's lead and local counsel.

## 14.    **FINAL DISPOSITION**

Within 60 days after the final disposition of an above-captioned action, as defined in paragraph 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written confirmation to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline confirming the return or destruction of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

**IT IS SO STIPULATED.**

/s/ Alex Chan
Alex Chan
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
tdevlin@devlinlawfirm.com
achan@devlinlawfirm.com
*Attorneys for Plaintiffs*
*Caddo Systems, Inc. and*
*511 Technologies, Inc.*

/s/ *James R. Anderson*
Colin G. Cabral (BBO No. 670234)
James R. Anderson (BBO No. 693781)
One International Place
Boston, MA 02110
(617) 526-9600
ccabral@proskauer.com
jaanderson@proskauer.com
*Attorneys for Defendant*
*Progress Software Corporation*

*nothing shall be filed in Court pursuant to this protective order and it shall not be cited as a ground for sealing W/4Y*

*as modified*

SO ORDERED, this _3¹ˢᵗ_ day of _January_ , 2023.

William G. Young
The Honorable William G. Young

27

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under
penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order
that was issued by the United States District Court for the _____ District of _____
on _____ [date] in the case of _____ *[PLAINTIFF'S NAME v.*
*DEFENDANT'S NAME]*, Civil Case No. _____ ("the Action"). I agree to comply with and to
be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge
that failure to so comply could expose me to sanctions and punishment in the nature of contempt.
I solemnly promise that I will not disclose in any manner any information or item that is subject
to this Stipulated Protective Order to any person or entity except in strict compliance with the
provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the
_____ District of _____ for the purpose of enforcing the terms of this Stipulated
Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| CADDO SYSTEMS, INC. and 511 TECHNOLOGIES | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:22-cv-10815-WGY |
| PROGRESS SOFTWARE CORPORATION | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:            Softchoice Corporation, Inc. c/o its registered agent
National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, GA, 30046-4805, USA
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Veritext Legal Solutions 1075 Peachtree St NE #3625, Atlanta, GA 30309 | Date and Time: 05/15/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:   Video and stenography

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       05/01/2023

| CLERK OF COURT | | OR | |
|---|---|---|---|
| | | | /s/ Alex Chan |
| _Signature of Clerk or Deputy Clerk_ | | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs Caddo Systems, Inc. and 511 Technologies, Inc.                        , who issues or requests this subpoena, are:
Alex Chan, 1526 Gilpin Ave., Wilmington, Delaware 19806, achan@devlinlawfirm.com, (302) 449-9010

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:22-cv-10815-WGY

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

You are hereby subpoenaed and commanded to appear to testify and produce the documents as requested below.

## DEFINITIONS

When used in the below topics, the following definitions apply:

A.      "Softchoice," "You," and "Your" refers to Softchoice Corporation, its predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates, partners, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys), and subsidiaries and/or affiliated entities, including overseas affiliated entities, and all persons acting or purporting to act on its behalf.

B.      "Caddo" means collectively Caddo Systems, Inc. and 511 Technologies, Inc., and their predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates, partners, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing, and all persons acting or purporting to act on their behalf.

C.      "PSC" or "Progress" shall refer to Progress Software Corporation ("PSC") in *Caddo Systems, Inc., et al v. Progress Software Corporation*, No. 2:22-cv-10815-WGY (D. Mass.), as well as its predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates, partners, resellers, distributors, service providers, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys), and subsidiaries and/or affiliated entities, including Telerik Incorporated ("Telerik"), and all persons acting or purporting to act on its behalf.

D.      "Accused Instrumentalities" shall refer to Progress's Sitefinity, Kendo UI

(including UI for jQuery, UI for Angular and UI for React), UI for Blazor, UI for ASP.NET AJAX, UI for ASP.NET MVC, UI for ASP.NET Core, UI for Silverlight, UI for JSP, UI for PHP, UI for WinForms and WinForms Breadcrumb, UI for WPF, RadBreadcrumb, and similar products or services offering, providing, or using Breadcrumb or Navigational Functionalities (as defined below).

      E.      "Action" shall mean the following: *Caddo Systems, Inc., et al v. Progress Software Corporation*, No. 2:22-cv-10815-WGY (D. Mass.).

      F.      The "'411 patent" shall mean U.S. Patent No. 7,191,411 entitled "Active Path Menu Navigation System" issued on March 13, 2007.

      G.      The "'301 patent" shall mean U.S. Patent No. 7,216,301 entitled "Active Path Menu Navigation System" issued on May 8, 2007.

      H.      The "'517 patent" shall mean U.S. Patent No. 7,640,517 entitled "Active Path Menu Navigation System" issued on December 29, 2009.

      I.      The "'836 patent" shall mean U.S. Patent No. 7,725,836 entitled "Active Path Navigation System" issued on May 25, 2010.

      J.      The "'880 patent" shall mean U.S. Patent No. 8,352,880 entitled "Active Path Navigation System" issued on January 8, 2013.

      K.      The "'127 patent" shall mean U.S. Patent No. 10,037,127 entitled "Active Path Menu Navigation System" issued on July 31, 2018.

      L.      The "'053 patent" shall mean U.S. Patent No. 11,182,053 entitled "Active Path Menu Navigation System" issued on November 23, 2021.

      M.      "Patents-in-Suit" and "Asserted Patents" shall mean '411, '301, '517, '836, '880, '127 and '053 patents, or any combination thereof.

N.      The term "Breadcrumb Functionality" means any navigational user interfaces and associated functionalities that allow users to "navigate hierarchically arranged structures and trace back their original location," as described, for example, on PSC's website, and/or to "navigate the website" by "display[ing] the path to the current page," as described, for example, on Progress's website.

O.      "Navigational Functionality" means or refers to graphical control elements used as a navigational aid or in the form of navigation links in user interfaces to facilitate navigation in documents, pages, source code, folders, databases, and/or programs, and/or to allow users to track their location, past and present, within such documents, web pages, source code, folders, databases, and programs.

P.      "Person" shall mean any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other legal entity.  The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

Q.      The term "Documents" is defined, without limitation, to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), and includes, without limitation, "writings," "recordings," and "photographs," both "originals" and "duplicates," as those terms are defined in Federal Rule of Evidence 1001. The term "Documents" specifically includes all electronic versions of any particular document and any associated metadata.

R.      "Thing" shall be construed using the broadest possible construction under the Federal Rules of Civil Procedure.

S.      The terms "sale" and "sold" means the transfer of title to property from one party to another and includes the granting of a license with respect to products containing software or firmware.

T.      The term "Communication" means any transmission of information, ideas, facts, data, proposals, or any other matter by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer link-ups, written memoranda, and face-to-face conversations.

U.      If You object to any portion of the subpoena, please state the grounds for the objection and the categories of information to which the objection applies.  Please provide a response to the request to the extent that it is not deemed objectionable.

V.      If You have no documents responsive to a particular subpoena request, please state that You have no such responsive documents.

W.      Please produce documents (1) as they are kept in the ordinary course of business, complete with the original file folders, binders, or other containers in which they are stored (or legible copies of the labels from those folders, binders, or containers) or (2) organized according to document requests to which they are responsive.

X.      "Identify" and "identity" shall each mean:

a.      as applied to an individual: to state the individual's full name, present or last known address and telephone number, present or last known employer, present or last known business address and telephone number, present and prior employment positions and corresponding dates of such positions, and a description of his or her present employment responsibilities;

b.        as applied to a Person other than a natural person (including but not limited to any business or other entity): to state the Person's full name, place and date of incorporation or formation, principal place of business or activity, and the identity of the natural persons within that entity having knowledge of the matter with respect to which that entity is named;

c.        as applied to a Document (whether or not any claim of privilege is made in respect thereof): to state the type of Document, the date of creation of the Document, the date of communication of the Document, the names and Identities of the individuals who drafted, authored, or signed the Document or to whom a copy thereof was addressed or sent, a summary of the subject matter of the Document, the number of pages of the Document, the present whereabouts of the Document, including, without limitation, all originals and copies, and the name and address of the present or last-known custodian of the Document;

d.        as applied to a Thing (including, without limitation, any products or software manufactured, developed, or sold by Progress Software Corporation and/or Softchoice Corporation): to state the date that the Thing was first utilized or made available for use in commerce, all versions, parts, or revision numbers or codes, all product names, and all team names or project titles used in connection with the design, development, testing, or engineering of that product or software;

e.        as applied to a process: to state the date that the process was first used, the date that products or goods sold through the process were first sold, all numbers or codes used to refer to the process, including but not limited to, process revision numbers or codes,

all process names, and all team names or project titles used in connection with the design, development, testing, or engineering of that process; or

      f.      as applied to a Communication: to state the type of the Communication, the date, and the parties to such Communication, and if such Communication has been recorded in documentary form, to identify all Documents recording such Communication.

Y.      The term "Software" shall mean instructions, statements, procedures, modules, objects, libraries, subroutines, or programs written in a programming language, design description language or assembly language, including source code, firmware, or microcode, which includes, without limitation, source files, make files, intermediate output files, header files, resource files, library files, module definition files, map files, object files, linker files, browse information files, and debug files.

Z.      "Information" shall mean information in any form, including but not limited to, documentary, electronic, graphical, or tabular, and communicated by any means, including but not limited to, orally, in writing, or via electronic Communication.

AA.      "Describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or Communication, shall mean: (1) to state the date and place thereof; (2) to identify the individual participants; (3) to summarize separately for each individual participant what was said or done; and (4) to identify each Document used or prepared in connection therewith or making any reference thereto.

BB.      "Date" shall mean the exact date, if known, or the closest approximation to the exact date as can be specified, including, without limitation, the year, month, week in a month, or part of a month.

CC.     "Relate to," "related to," "relating to," or "concerning" shall mean in whole or in part, constituting, containing, embodying, reflecting, describing, involving, supporting, contradicting, evidencing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

DD.     The term "possession" means all Information or Documents actually within Your (including any employee, consultant, aide or other representative (including without limitation attorneys and accountants) and any other Person acting or purporting to act on Your behalf or in concert with You) knowledge, possession, custody or control, and includes any temporary placing of possession, custody or control in any third party by any of the foregoing Persons.

EE.     As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

FF.     As used herein, the masculine form of a term shall be interpreted to include the feminine form and vice versa.

GG.     Except where the context does not permit, the term "including" shall be without limitation.

HH.     Except where the context does not permit, the terms "and" and "or" shall be both conjunctive and disjunctive.

II.     "Any" means "any and all."

JJ.     The term "Product" or "Products" means any and all components, subcomponents, auxiliary components, and accessory products.

KK.     If You object to any of the Document requests made herein, You must state a basis for said objection in Your response.  If You intend to withhold any potentially responsive

Document or redact any portion of a Document produced in response to this Subpoena as privileged, You must Identify the privilege being asserted in Your response.

## INSTRUCTIONS

1.      Each request shall be answered pursuant to Fed. R. Civ. P. Rule 45.

2.      If You object to any portion of the subpoena, please state the grounds for the objection and the categories of information to which the objection applies.  Please provide a response to the request to the extent that it is not deemed objectionable.

3.      If You have no documents responsive to a particular subpoena request, please state that You have no such responsive documents.

4.      Please produce documents: (1) as they are kept in the ordinary course of business, complete with the original file folders, binders, or other containers in which they are stored (or legible copies of the labels from those folders, binders, or containers); or (2) organized according to document requests to which they are responsive.

5.      Please affix production numbers to each page that You produce.

6.      In lieu of making documents available for inspection and copying at the date and time specified on the face of the subpoena, You may produce exact copies of the requested documents on, or before, the date specified on the face of the subpoena directed to the attention of the issuing officer of the subpoena.

7.      A Protective Order (Dkt. 32 ("PO")) has been entered in the above-captioned matter that contains provisions governing the disclosure of confidential information.  A copy of the PO is enclosed herewith.  The PO allows You to designate information that You consider confidential by placing the appropriate designation on each page of such document.

8.      Should You withhold any subpoenaed information and/or documents under a claim that it is privileged, You must describe the nature of the withheld documents, communications, or

tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim as required under Fed. R. Civ. P. 45 (e)(2)(A)(ii).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to identify all Accused Instrumentalities that are/were made, used, sold, offered for sale, or licensed by You for or on behalf of PSC in the United States or imported into the United States since May 2016, including the identification of all versions and models of any such instrumentality, and the Persons with relevant knowledge and the Documents reflecting these facts.

### REQUEST FOR PRODUCTION NO. 2:

Documents relating to Your sales, revenues, profit, and margin information, including gross profits, operating profits, net profits, and profits before taxes, for all Accused Instrumentalities including associated maintenance and services since May 2016, including Documents sufficient to explain any acronyms or terminology employed by Your accounting system.

### REQUEST FOR PRODUCTION NO. 3:

Documents including contracts, agreements, and/or licenses involving PSC relating to the use, licensing, sale, maintenance, and/or execution of the Accused Instrumentalities including, without limitation, software licenses, license agreements, sales agreements (e.g., purchase orders and sales invoices), distribution agreements, master reseller schedules and agreements, reseller/distribution schedules and agreements, service provider partner schedules and agreements, royalty agreements, master-service agreements, technology transfer agreements, and authorization-to-use agreements.

**REQUEST FOR PRODUCTION NO. 4:**

Documents and Communications between You and PSC discussing any aspect of the Breadcrumb and/or Navigational Functionality.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and Communications reflecting the provision of technical support rendered by You relating to the Breadcrumb and/or Navigational Functionality.

**REQUEST FOR PRODUCTION NO. 6:**

Documents and Communications reflecting Your testing of the Breadcrumb and/or Navigational Functionality.

**REQUEST FOR PRODUCTION NO. 7:**

Identify all customers to whom You sold the Accused Instrumentalities since May 2016, and for each Accused Instrumentality sold, state the total number of units purchased, licensed, and/or renewed, and total amount of sales for said purchase, license, and/or renewal.

**REQUEST FOR PRODUCTION NO. 8:**

For each customer identified in response to Request for Production No. 7, list the customer's deployment location at which each Accused Instrumentality was deployed, billed, shipped, or delivered since May 2016.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

Explanation of the context or content of the Documents and Communications produced in response to the Requests for Production.

**TOPIC NO. 2:**

The source and authenticity of the Documents produced by You in response to the Requests for Production, including without limitation, the process, system, Persons and locations that are involved in creating, generating, storing, and/or maintaining any of the produced Documents and Communications as business records.

**TOPIC NO. 3:**

The design, development, structure, function, operation, configuration, and/or maintenance of the Breadcrumb and/or Navigational Functionality sold, leased, licensed, or provided to You by PSC.

**TOPIC NO. 4:**

Any sale of, lease of, license of, or other financial arrangement relating to the Breadcrumb and/or Navigational Functionality sold, leased, licensed, or provided to You by PSC, including any payments received by PSC related thereto and quantity sold, leased, or provided to You.

**TOPIC NO. 5:**

Your business or professional relationship[s] with PSC.

**TOPIC NO. 6:**

The provision of technical support relating to the Breadcrumb and/or Navigational Functionality, including, without limitation, the Persons providing such technical support, the

means of providing such technical support, and locations from which such technical support is provided.

**TOPIC NO. 7:**

Discussions related to the Breadcrumb and/or Navigational Functionality with third parties.

**TOPIC NO. 8:**

Sales figures, reports, and financial records showing the amount of revenues generated from the sale of Accused Instrumentalities including their associated maintenance and services.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CADDO SYSTEMS, INC. and 511
TECHNOLOGIES, INC.,

        Plaintiff,

    v.

PROGRESS SOFTWARE CORPORATION,

        Defendant.

Case No.: 2:22-cv-10815-WGY

## ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

    IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal

Rules of Civil Procedure and subject to the approval of the Court, by and between the parties and

by their respective undersigned counsel, that this Stipulation and Order shall govern the handling

of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any

other information produced, given, or exchanged by and among the parties and any non-parties

to each of the respective above-captioned actions.

    Accordingly, based upon the agreement of the parties, IT IS HEREBY ORDERED

pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Procedures

shall be adopted for the protection of confidential and proprietary information:

## PROCEDURES FOR PROTECTION OF CONFIDENTIAL
## AND PROPRIETARY INFORMATION

### 1.    DEFINITIONS

1.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

1.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

1.3    Counsel (without qualifier): Outside Counsel of Record (as well as their support staff).

1.4    Designated In-House Counsel: Up to two In-House Counsel who have no competitive decision making authority, and who have access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

1.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the above-captioned actions.

1.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the respective litigations who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in one or more of the above-captioned actions, (2) is not a current

2

employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items" representing computer code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler or other translator) and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.10    In-House Counsel: attorneys who are employees of a Party to one of the above-captioned actions. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to an above-captioned action in question.

1.12    Outside Counsel of Record: attorneys who are not employees of a Party to an above-captioned action but are retained to represent or advise a Party to that action and have appeared in the action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

1.13    Party: a party to an above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in an above-captioned action.

1.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the

4

public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

For clarity, nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or Experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a Party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by another Party, subject to the provisions of this Stipulated Protective Order.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.  **DURATION**

Even after final disposition of each of the above-captioned actions, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in an action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5

## 4. **DESIGNATING PROTECTED MATERIAL**

4.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in its respective action that it is withdrawing the mistaken designation.

4.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. In accordance with section 4.3 of this Stipulated Protective Order and paragraph 28 of the ESI Order, inadvertent failure to designate shall not operate as a waiver.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

6

EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to place the entirety of the testimony under the protection of this Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page

that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material

and the level of protection being asserted by the Designating Party. The Designating Party shall

inform the court reporter of these requirements.

(c)     for information produced in some form other than documentary and for

any other tangible items, that the Producing Party affix in a prominent place on the exterior of

the container or containers in which the information or item is stored the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall

identify the protected portion(s) and specify the level of protection being asserted.

4.3     Inadvertent Failures to Designate. If timely corrected after recognition by a

Producing Party of an inadvertent failure to designate, an inadvertent failure to designate

qualified information or items does not, standing alone, waive the Producing Party's right to

secure protection under this Order for such material. Upon timely correction of a designation

after recognition by a Producing Party, the Receiving Party must make reasonable efforts to

assure that the material is treated in accordance with the provisions of this Order.

4.4     Right to Seek Additional Protections. This Order is entered without prejudice to

the right of any Party to seek additional protections from the Court as may be necessary under

particular circumstances.

8

## 5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

5.3    Judicial Intervention.  If the Parties cannot resolve a challenge during the conferral process, the Challenging Party shall seek Court intervention within 21 days of the

initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

process will not resolve their dispute, whichever is earlier. Each motion filed pursuant to this

paragraph must be accompanied by a competent declaration affirming that the movant has

complied with the meet and confer requirements imposed in the preceding paragraph. Failure by

the Challenging Party to seek relief from the Court, within 21 days (or 14 days, if applicable), or

include the required declaration, shall automatically waive a challenge to the confidentiality

designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating

Party.

## 6.    ACCESS TO AND USE OF PROTECTED MATERIAL

6.1    Basic Principles.  Absent further Order from the Court, the Receiving Party may

use Protected Material that is disclosed or produced by another Party or by a Non-Party in

connection with an above-captioned action only for prosecuting, defending, or attempting to

settle that particular action.  Such Protected Material may be disclosed only to the categories of

persons and under the conditions described in this Order.  When the litigation has been

terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL

DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and

in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "CONFIDENTIAL" only to:

10

(a)     the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation, and Designated In-House Counsel;

(b)     four (4) current officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for the litigation in which said information is produced who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which said information is produced (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have otherwise complied with the provisions of this Order, including by signing the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

6.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in that particular litigation, and Designated In-House Counsel;

(b)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which such information is produced, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

(c)    the court and its personnel;

(d)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced; and

(e)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

12

6.4     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the following persons:

(a)     the Receiving Party's Outside Counsel of Record in the above-captioned action in which it is produced as well as employees of such Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which it is produced, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed; and

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced; and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

6.5     Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order)

13

any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 6.2(c), 6.3(c) and 6.4(b) first must make a written request via e-mail to the Designating Party's Outside Counsel of Record that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, including a list of publications from the past ten years, and (3) identifies (by name and number of the case and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years. The Designating Party shall have seven (7) business days after such notice is given to object in writing via e-mail to the Receiving Party's Outside Counsel of Record that made the written e-mail request disclosing the Expert.

(b)     A Receiving Party that makes a request and provides the information specified in the preceding respective paragraphs shall not disclose the subject Protected Material to the identified Expert until expiration of the 7 day notice period.  Any such objection must set forth in detail the grounds on which it is based.  If during the notice period the Designating Party serves an objection upon the Receiving Party desiring to disclose Protected Material to the Expert, there shall be no disclosure of Protected Material to such individual pending resolution of the objection.

(c)     A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) business days after the written objection is served. The Designating Party shall then have fourteen (14) business days after such objection is served to, if

14

no agreement is reached, seek relief from the Court. Any motion filed pursuant to this paragraph must describe the circumstances with specificity, and set forth in detail the reasons why the disclosure to the Expert should not be made. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

No document designated by a Designating Party as Protected Material shall be disclosed by a Receiving Party to an Expert until after the individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Such written agreement shall be retained by the Outside Counsel of Record for the party that has retained the Expert, but need not be disclosed to any other Party.

In any such proceeding, the Designating Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6.6     It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" which is provided from the opposing Party to such Outside Counsel of Record in his or her respective action, provided that such rendering of advice and opinions shall not reveal the content of such information, other than in summary form, except by prior written agreement with counsel for the Producing Party.

6.7     Nothing in this Stipulation and Order shall be construed as preventing Outside Counsel for defendants in any of the above-captioned actions from discussing amongst themselves any of plaintiffs' information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to which each such Outside Counsel individually has lawful access through plaintiffs' productions and/or disclosures in the respective actions.

## 7.     SOURCE CODE

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code. Source code includes, but is not limited to, files in programming languages such as C++, Java, and Flash. For the avoidance of doubt, the Producing Party may designate as source code make files, link files, algorithms, pseudocode, and other human-readable files used in the generation, building or compiling of software or firmware. Production or designation of Confidential Source Code shall not be construed as a representation or admission by a party that Confidential Source Code is properly discoverable in this action, nor does the inclusion of Confidential Source Code as part of this agreement obligate any party to produce Confidential Source Code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed only to the individuals as set forth in Paragraph 6.4. The following additional restrictions shall apply to the inspection and production of HIGHLY CONFIDENTIAL - SOURCE CODE, unless otherwise agreed by the Producing Party or otherwise Ordered by the Court:

16

(c)     Any source code produced in discovery shall be made available for inspection, in electronic (e.g., native) format. The Producing Party shall produce source code for inspection in electronic (e.g., native) format at the office of its outside counsel, or remotely as mutually agreed to by the parties. Any single reviewing session (conducted during one business day or during consecutive business days of review) shall be conducted during regular business hours (8:00 A.M. to 6:00 P.M. local time) on at least three (3) business days' written (including email) notice, or during such other hours as may be mutually and reasonably agreed upon on reasonable notice.

(d)     Source code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers (the "Source Code Computer"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device absent prior agreement of the Producing Party.

(ii)    The electronic source code shall be produced as it is kept in the normal course of business, or as it would be collected in the normal course of business. The Receiving Party's outside counsel and/or Experts shall be entitled to take handwritten notes relating to the source code. Such notes shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE". Such notes may include excerpts of the source code when reasonably necessary to guide the note taker's use of later-requested paper copies of the source code. Otherwise, no copies of all or any portion of the source code may leave the room in which the

source code is inspected except as otherwise provided in this Protective Order. Further, no other written or electronic record of the source code is permitted except as otherwise provided in this Protective Order.

(iii)    The source code provider shall provide a manifest of the contents of the computer to include a list of source code files available for review, to the extent practicable.

(iv)    The secured computer shall include software utilities which will allow counsel and experts to view and search the source code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, and (b) search for a given pattern of text through a number of files.

(v)    The Receiving Party may request copies of reasonable portions of the source code identified in a reasonable manner. A text editor will be provided on the source code computer so that the list of files to be printed may be saved directly to the source code computer. If the Producing Party objects that identified files are not reasonably necessary, the Producing Party shall make such objection known to the Receiving Party within three (3) business days of the identification of any files by the Receiving party. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity. At the request of the Receiving Party, in the absence of any objection the Producing Party shall provide within five (5) business days of such request, paper copies of the source code identified at the time of inspection by the Receiving Party. The Producing Party shall print, label such files with the file's complete path name, and append production numbers and the designation "HIGHLY

18

CONFIDENTIAL – SOURCE CODE". The paper copies must be kept in a secured location at the offices of the Receiving Party's Outside Counsel at all times. The Receiving Party may make no more than three additional paper copies of any portions of the source code files, not including copies attached to court filings or trial and hearing demonstrative exhibits. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), or (2) necessary for deposition. The Receiving Party shall request printing of only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. To the extent practicable, such printouts are to be of minimum 10-point, fixed-width font, and shall not exceed sixty-five (65) lines of text per page. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth herein whereby the Producing Party is the "Challenging Party," and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

      (vi)    Except as provided in this Protective Order, no electronic copies of the electronic source code shall be made.

      (vii)    Unless otherwise agreed in advance by the parties in writing, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the source code viewing room that may contain work product and/or attorney-client privileged information at the end of each day. Materials inadvertently left in the source code viewing room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly. The Producing Party shall not be responsible for any items left in the source code viewing room.

19

(viii) Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers and the Party that brought the source code to the deposition will keep possession of the marked deposition source code exhibit. If the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in its marked form and provide one copy to outside counsel for the other Party.

(ix) Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party and any persons receiving source code from Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code). A party may make and use snippets and images of the source code if necessary for court filings, expert reports, discovery responses and other similar documents. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal. Unless agreed by the parties, images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead).

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Discovery Material in this action, that Party must:

      (a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order and shall indicate the return date of the subpoena or court order;

      (b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

      (c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, including by providing such Designating Party at least 14 calendar days to inform the subpoenaed party either that it does not object to production of the Discovery Material, or that it will seek Court protection to prevent such production. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

     Other Proceedings. By entering this order and limiting the disclosure of information in each of the respective above-captioned actions, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.

Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in an above-captioned action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with that particular litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the

22

attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity. If any Receiving Party recognizes that any Producing Party (or Non-Party) may have inadvertently produced such protected information, it shall notify the Producing Party promptly, and follow such procedures as set forth in this Order. If, after recognizing that privileged information has been produced or disclosed (through notice by a Receiving Party or otherwise), the Producing Party who made the inadvertent production or disclosure sends to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time. Within ten (10) days of receiving such a request, the Receiving Party shall (a) return to the Producing Party all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently produced, and (b) delete any electronic records thereof (with the exception of back-up tapes or other archival media, which should be treated in accordance with standard retention policies). The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.

(a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party ("Notice of Designation"). The Receiving Party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation. The copy retained by the Receiving Party must be sequestered, and may not be used for any

purpose except to present the information to the Court for a determination of the claim of privilege.

(b)     Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c)     Within five (5) days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed.  Any motion filed pursuant to this paragraph shall be filed under seal in accordance with the procedures set forth herein for filing Protected Material with the court.  Any motion filed pursuant to this paragraph shall not assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute information protected by privilege or immunity.  If the Receiving Party does not seek relief from the Court to contest the designation within such five (5)-day period, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately returned to the Producing Party.  Likewise, in the event that the Court rejects the Receiving Party's challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately returned to the Producing Party.

(d)     With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the

inadvertent production, the Receiving Party shall make reasonable efforts to either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e)    The procedures set forth in this section 12 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity. There shall be no waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity for an inadvertent disclosure or production if the Producing Party complies with the procedures set forth in this Section 12 with respect to such inadvertent disclosure or production.

## 13.   **MISCELLANEOUS**

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material. All documents of any nature, including briefs, that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and that are filed with the Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for Massachusetts. The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because the Filing would disclose information

25

from a document that is otherwise required to be filed under seal pursuant to the provisions of this Stipulation and Order shall comply with the provisions set forth in this Stipulation and Order, including the procedures for filing and marking such materials as set forth above. Any Party who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of this Stipulation and Order shall give written notice of his objection to the Designating Party. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13.4    Service by Email Permitted. The parties hereby consent that all documents required to be served in this case may be served by an email directed to a representative of the opposing party's lead and local counsel.

**14.    FINAL DISPOSITION**

Within 60 days after the final disposition of an above-captioned action, as defined in paragraph 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written confirmation to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline confirming the return or destruction of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

26

**IT IS SO STIPULATED.**

/s/ Alex Chan
Alex Chan
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
tdevlin@devlinlawfirm.com
achan@devlinlawfirm.com
*Attorneys for Plaintiffs*
*Caddo Systems, Inc. and*
*511 Technologies, Inc.*

/s/ *James R. Anderson*
Colin G. Cabral (BBO No. 670234)
James R. Anderson (BBO No. 693781)
One International Place
Boston, MA 02110
(617) 526-9600
ccabral@proskauer.com
jaanderson@proskauer.com
*Attorneys for Defendant*
*Progress Software Corporation*

*nothing shall be filed in Court pursuant to this protective order and it shall not be cited as a ground for sealing W/4Y*

*as modified*

SO ORDERED, this ___3ʳˢ___ day of ___January___, 2023.

William G. Young
The Honorable William G. Young

27

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the _____ District of _____ on _____ [date] in the case of _____ *[PLAINTIFF'S NAME v. DEFENDANT'S NAME]*, Civil Case No. _____ ("the Action"). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the _____ District of _____ for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____