**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **PETER BECKFORD** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO.:_____** |
| **vs.** | ) | |
| | ) | **Jury Demand** |
| **AUTONATION IMPORTS OF** | ) | |
| **PALM BEACH, INC. D.B.A. LEXUS** | ) | |
| **OF PALM BEACH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT FOR DAMAGES AND OTHER RELIEF**

**COMES NOW**, PETER BECKFORD, Plaintiff in the above styled action and files this, his Complaint for Damages and other relief against the Defendant, AUTONATION IMPORTS OF PALM BEACH, INC. D.B.A. LEXUS OF PALM BEACH as follows:

**I.   PARTIES**

1. Plaintiff PETER BECKFORD is a resident and citizen of Georgia. He brings this negligence action on behalf of himself.

2. Defendant AUTONATION IMPORTS OF PALM BEACH, INC, D.B.A. LEXUS OF PALM BEACH (hereinafter referred to as "LEXUS OF PALM BEACH") is a Foreign Profit Corporation with principal offices located in West Palm Beach, Florida. Defendant may be served with process by serving its

Registered Agent for service of process, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

## II.   JURISDICTION & VENUE

3.  The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Plaintiff PETER BECKFORD is a citizen of Georgia. Defendant LEXUS OF PALM BEACH is a corporation incorporated under the laws of Delaware and is authorized and doing business throughout the United States.

4.  Venue is properly before this Court under 28 U.S.C. § 1391(a)(2).

## III.   BACKGROUND

5.  On or about May 12, 2021, Defendant Lexus of Palm Beach, was the owner and or operator of Lexus of Palm Beach dealership, in Palm Beach County Florida.

6.  On that date, Plaintiff who was traveling from Georgia to Florida, went onto the Defendant's premises to purchase parts for his Lexus RX350 when he was caused to slip and fall as a result of water or some other transitory substance on the floor at the front door of the Defendant's commercial property.

7.  Defendant knew, or in the exercise of reasonable care should have known, of the condition, or Defendant created the condition either through the acts of its

employees, in its negligent maintenance of the premises, or in its negligent method of operation, and Defendant should have corrected the condition or warned Plaintiff of its existence. Additionally, Defendant should have had no-slip surface which would have prevented the fall which resulted from a foreseeable condition.

8. As a result of the negligence of the Defendant, Plaintiff suffered permanent bodily injury, resulting pain and suffering, dismissed mobility, mental anguish, loss of capacity for the enjoyment of life, and expense of medical treatment. Plaintiff will continue to suffer losses in the future.

### IV. CAUSE OF ACTION: NEGLIGENCE

9. Defendant LEXUS OF PALM BEACH was negligent in its errors and/or omissions in maintaining its premises including but not limited to the following:

  a. Defendant has a legal duty to maintain its premises for use by invitees.

  b. Defendant failed to correct the condition.

  c. Defendant failed to warn Plaintiff of its existence of the condition.

  d. Defendant had actual and/or constructive knowledge of the hazardous conditions of its premises.

  e. Defendant had a legal duty of care to Plaintiff concerning the maintenance of its premises, or should have known, of the foreseeable consequences of failing to adequately maintain same.

    f.  As a direct and proximate result of these known problems and failure to maintain, Lexus of Palm Beach breached its legal duty of care owed to Plaintiff in failing to inspect and make safe it premises. Said breach of duty and negligence was the direct and proximate cause of the serious injuries and damages the Plaintiff sustained.

## V.  GENERAL DAMAGES

10.    As a direct and proximate result of the Defendant's negligence, Plaintiff suffered damages allowed by law for personal injuries in an amount in excess of $75,000.

11.    As a further result of Defendant's negligence, Plaintiff PETER BECKFORD has suffered serious personal injuries. Plaintiff PETER BECKFORD suffered the following damages:

    a.  Medical expenses incurred in the past.

    b.  Medical expenses which in all probability will be incurred in the future.

    c.  Physical impairment in the past.

    d.  Physical impairment which in all probability will be sustained in the future.

    e.  Physical pain and mental anguish in the past.

    f.  Physical pain and mental anguish will in all probability be sustained in the future.

## VI.  PUNITIVE DAMAGES

12. Plaintiff incorporates herein by reference Paragraphs 1 through 11, inclusive of this Complaint.

13. Defendant's acts and/or omissions are of such a character to rise to the level of gross negligence. Furthermore, Plaintiff would show that the acts and/or omissions of Defendant's were carried out with a conscious disregard for an extreme danger of risk and the rights of others and with actual awareness on the part of Defendant's that their acts would, in reasonable probability, result in serious personal injury or death. Defendants caused substantial personal injury to Plaintiff and engaged in acts or omissions that, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, Defendant, personally or through its employees and management, had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Honorable Court issue citation to Defendants to answer and upon a trial by jury of this matter, enter judgment

against the above-named Defendant for compensatory damages in an amount in excess of $75,000, together with pre- and post- judgement interest, attorneys' fees, costs and such other and further relief as the Court deems just and equitable.

Respectfully submitted this 12th day of May, 2023.

>/s/ Marsha W. Mignott
Marsha W. Mignott
Georgia Bar No. 141933
Attorney for Plaintiff

**THE MIGNOTT LAW GROUP, LLC**
4945 Presidents Way
Tucker, Georgia 30084
(770) 621-5499 Office
(770) 621-5496 Fax
lawyers@mignottlaw.com