**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **SAMUEL MEIS and BOBETTE MEIS,** ) | |
| ) | |
| ) | **Case No.:** _____ |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | **JURY DEMAND** |
| ) | |
| **EQUIFAX INFORMATION SERVICES LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT**

1. This is an action for damages brought by two individual consumers, Samuel Meis and Bobette Meis, against Equifax Information Services LLC for several violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

**PRELIMINARY STATEMENT**

2. Congress enacted the FCRA to protect consumers from the harm caused by inaccurate reporting. To this end, the FCRA requires that all consumer reporting agencies (CRAs) follow reasonable procedures to assure the maximum possible accuracy of the personal and financial information contained in the consumer reports they sell. 15 U.S.C. § 1681e(b).

3. Additionally, Congress did not want consumers to be burdened with stale adverse information in their consumer reports. *See* S. Rep. No 91-517, at 1 (1969). For this reason, the FCRA requires CRAs to exclude most adverse information that is older than seven years. 15 U.S.C. § 1681c(a). This mandate is further cemented by the FCRA's requirement that CRAs use reasonable procedures to ensure they do not include outdated adverse information in their reports. 15 U.S.C. § 1681e(a).

4. Under the FCRA, the date of commencement of the obsolescence period for a mortgage account is the date of the first delinquency on the account. In other words, with respect to the timeframe a CRA may report an adverse mortgage account, the seven-year time period under Section 1681c(a) begins on the date a consumer first misses a payment on his or her mortgage.

5. Furthermore, one of the most critical protections the FCRA provides consumers is the right to dispute the accuracy or completeness of any item of information in his or her file. After receiving a dispute from a consumer, a CRA must review and consider the information provided, forward all relevant information to the person who furnished the information, and conduct its own reasonable reinvestigation to determine the accuracy or completeness of the disputed

information. 15 U.S.C. § 1681i(a). The CRA must delete or correct information that is incorrect or cannot be verified. 15 U.S.C. § 1681i(a)(5).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division and a substantial part of the events giving rise to the claims occurred in this district and division.

8. Defendant has contracted to supply services or things in Georgia. It sells consumer reports in Georgia and produces consumer reports on Georgia residents.

## PARTIES

9. Mr. Meis is a natural person and is an adult individual resident of the state of Illinois.

10. Ms. Meis is a natural person and is an adult individual resident of the state of Illinois.

11. Plaintiffs are "consumers" as defined by 15 U.S.C. §1681a(c).

12. Defendant Equifax is a CRA as defined by 15 U.S.C. § 1681a(f).

13. Defendant Equifax has a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309-2402.

14. Defendant Equifax can be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## FACTUAL ALLEGATIONS

15. In September 2011, First Financial Bank obtained a Judgment of Foreclosure on Plaintiffs' mortgage, and the property was subsequently sold in March 2012.

16. Prior to the foreclosure, Plaintiffs made their last payment on the mortgage in December 2010.

17. For years, Plaintiffs waited for this First Financial Bank account to be deleted from their consumer reports so each of them could move forward with new credit cards, loans, mortgages, and other things.

18. In March 2023, believing the account had been deleted from their consumer reports because it was 12 years old, Mr. Meis applied for a new mortgage with Flat Branch Mortgage.

19. As part of the application process, Flat Branch Mortgage purchased a consumer report on Mr. Meis from Defendant.

20. On March 1, 2023, Defendant furnished a consumer report on Mr. Meis to Flat Branch Mortgage.

21. In the consumer report, Defendant reported the adverse First Financial Bank account.

22. The consumer report showed that the First Financial Bank was an adverse account that was older than seven years.

23. Defendant reported that Mr. Meis' date of last payment on the account was "Dec 2010."

24. Defendant reported the payment history on the account and showed no payments made on the account after December 2010.

25. Defendant also reported that the account was a "Foreclosure."

26. It should have been obvious to Defendant that the First Financial Bank account was an adverse account that antedated the consumer report by more than seven years.

27. Nevertheless, Defendant reported this obsolete account on Mr. Meis' credit report.

28. Because of the foreclosure account, Flat Branch Mortgage informed Mr. Meis that it was denying his mortgage application.

29. Once Mr. Meis discovered this inaccurate and obsolete information in his consumer reports, he also discovered several other credit denials that may have been related to Defendant's reporting of the obsolete and adverse First Financial Bank account, including non-approvals with PrimeLending, Rocket Mortgage, and Sam Leman Toyota Bloomington.

30. He also discovered that the other credit bureaus, Experian and Trans Union were not reporting the First Financial Bank account.  Apparently, Experian and Trans Union recognized that account was obsolete and had removed it from Mr. Meis' consumer reports.

31. On or about April 6, 2023, Mr. Meis filed a dispute with Defendant.

32. In the dispute, Mr. Meis informed Defendant that it was improperly reporting the First Financial Bank account.

33. Defendant received Mr. Meis' dispute.

34. Upon information and belief, Defendant sent First Financial Bank all relevant information about Mr. Meis' dispute that it received from Mr. Meis.

35. On April 6, 2023 – *the same day that Mr. Meis filed his dispute with Defendant* – Defendant sent Mr. Meis the results of its reinvestigation.

36. It told Mr. Meis that it had researched the credit account and "the following fields have been modified: *Additional Information *Date of Major Delinquency 1st Reported *Historical Account Information."

37. Defendant did not remove the obsolete adverse account from Mr. Meis' consumer report. Rather, it had simply modified the fields it identified.

38. Yet even in the fields Defendant modified, it modified them inaccurately.

39. Defendant was now reporting that Mr. Meis' "date of last payment" on a mortgage for a property that was sold in March 2012 was "04/01/2023."

40. Defendant was now reporting that the "date of last activity" was "03/2023."

41. In response to Mr. Meis' dispute, Defendant effectively re-aged the account.

42. After Defendant failed to properly investigate, Mr. Meis filed a second dispute with Defendant on April 27, 2023.

43. In this second dispute, Mr. Meis told Defendant that "the account is old and was foreclosed on in September 2011. The whole account should not be on my credit report."

44. Defendant received Mr. Meis' second dispute.

45. Upon information and belief, Defendant sent First Financial Bank all relevant information about Mr. Meis' second dispute that it received from Mr. Meis.

46. Upon information and belief, First Financial Bank conducted an investigation and reported accurate account information to Defendant.

47. On May 12, 2023, Defendant sent Mr. Meis the results of its reinvestigation.

48. In the dispute results, Equifax told Mr. Meis that:

> This creditor has verified to our company that the current status is being reported correctly. This creditor has verified that the prior paying history is being reported correctly. This creditor/agency has verified to our company that the date of last payment is being reported correctly. The following fields have been modified: *Additional Information *Historical Account Information.

49. Again, Defendant did not remove the obsolete adverse account from Mr. Meis' consumer report. Rather, it had simply modified the fields it identified.

50. Separately, Ms. Meis also discovered that Defendant was reporting the same obsolete information from First Financial Bank in her credit reports. She also discovered that the other credit bureaus, Experian and Trans Union were not reporting the First Financial Bank account. Apparently, Experian and Trans Union recognized that account was obsolete and had removed it from Mr. Meis' consumer reports

51.     Thus, on May 1, 2023, Ms. Meis filed a dispute with Defendant.  She informed Defendant that "This account is old and should not be on my credit report.  The foreclosure occurred in 2011."

52.     On May 1, 2023 – *again, the same day Ms. Meis filed her dispute* – Defendant sent Ms. Meis the results of its reinvestigation.

53.     Defendant did not delete obsolete account.

54.     Defendant did not conduct a reasonable reinvestigation of Ms. Meis's dispute.

55.     Rather than remove the obviously obsolete account, Defendant inserted a new "Date of Maj. Del. 1st Rptd" as "08/2019."  This was obviously erroneous as the account also reported that the last payment was made on "12/10."

56.     Defendant took no steps whatsoever to resolve this conflict of information.

57.     Ms. Meis submitted a second dispute to Defendant the following day, May 2nd.

58.     She explained: "My last payment was in 2010 and the foreclosure happened in 2011.  A date of first delinquency in 2019 is wrong and the whole account shouldn't even be on my report anymore."

59. Yet again, Defendant completed its "reinvestigation" on the same day that Ms. Meis submitted her dispute.

60. Defendant did not delete the obsolete account.

61. As a result of Defendant's failures to comply with the requirements of the FCRA, Plaintiffs have suffered, and continues to suffer, actual damages, including credit denials, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the jury.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(b))

62. Plaintiffs reallege the above numbered paragraphs as if fully set forth herein.

63. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiffs.

64. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA,

in the promulgations of the Federal Trade Commission, and in well-established case law.

65. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

66. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiffs of their rights under the FCRA.

67. Defendant's violations of the FCRA were willful, rendering it liable pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

68. As a result of Defendant's failures to comply with the requirements of the FCRA, Plaintiffs have suffered, and continue to suffer, actual damages, including credit denials, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the jury.

## SECOND CLAIM FOR RELIEF

### (15 U.S.C. § 1681c)

69. Plaintiffs reallege the above-numbered paragraphs as if fully set forth herein.

70. The FCRA prohibits CRAs from reporting adverse items of information, other than records of convictions of crimes, that antedate the consumer report by more than seven years. 15 U.S.C. § 1681c.

71. Defendant violated Section 1681c by reporting adverse items of information about Plaintiffs that antedated the report by more than seven years.

72. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

73. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

74. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

75. Defendant's violations of 15 U.S.C. § 1681c were willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

76. As a result of Defendant's failures to comply with the requirements of the FCRA, Plaintiffs have suffered, and continues to suffer, actual damages, including credit denials, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the jury.

## THIRD CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(a))

77. Plaintiffs reallege the above-numbered paragraphs as if fully set forth herein.

78. The FCRA requires CRAs to "maintain reasonable procedures designed to avoid violations of section 1681c." 15 U.S.C. § 1681e(a).

79. Defendant willfully violated Section 1681e(a) of the FCRA by failing to maintain reasonable procedures to avoid reporting obsolete items of adverse information about Plaintiffs in its consumer reports.

80. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

81. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

82. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiffs of their rights under the FCRA.

83. Defendant's violations of 15 U.S.C. § 1681e(a) were willful, rendering it liable pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

84. As a result of Defendant's failures to comply with the requirements of the FCRA, Plaintiffs have suffered, and continues to suffer, actual damages, including credit denials, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

## FOURTH CLAIM FOR RELIEF

### (15 U.S.C. § 1681i)

85. Plaintiffs reallege the above-numbered paragraphs as if fully set forth herein.

86. The FCRA requires CRAs to "conduct a reasonable reinvestigation" to reinvestigate the accuracy and completeness of information disputed by consumers. 15 U.S.C. § 1681i(a).

87. Defendant willfully violated Section 1681i(a) of the FCRA by failing to conduct a reasonable reinvestigation; failing to remove inaccurate and obsolete information from Plaintiffs consumer reports following their disputes.

88. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

89. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

90. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

91. Defendant's violation of 15 U.S.C. § 1681i(a) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

92. As a result of this conduct by Defendant, Plaintiffs suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: lost employment opportunity, damage to reputation, invasion of privacy, interference with normal activities, embarrassment, humiliation and other emotional and mental distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

a. That judgment be entered for Plaintiffs against Defendant for actual and/or statutory damages, punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

b. That the Court grant such other and further relief against Defendant as may be just and proper, including but not limited to any equitable relief that may be permitted.

## DEMAND FOR JURY TRIAL

**PLAINTIFFS hereby demand a jury trial on all claims for which they have a right to a jury.**

DATED: May 15, 2023

By: <u>/s/ Andrew L. Weiner</u>
    Andrew L. Weiner
    Georgia Bar No. 808278
    Jeffrey B. Sand
    Georgia Bar No. 181568
    WEINER & SAND LLC
    800 Battery Ave. SE
    Suite 100
    Atlanta, GA  30339
    (404) 205-5029 (Tel.)
    (404) 254-0842 (Tel.)
    (866) 800-1482 (Fax)
    aw@wsjustice.com
    js@wsjustice.com

    COUNSEL FOR PLAINTIFFS