# EXHIBIT C



# CONSTITUTION AND BY-LAWS

## STUDIO MECHANICS LOCAL 479

INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES,
MOVING PICTURE TECHNICIANS, ARTISTS, AND ALLIED CRAFTS OF
THE UNITED STATES, ITS TERRITORIES AND CANADA

CHARTERED OCTOBER 1, 1986
REVISED MARCH 2019

# CONSTITUTION

## ARTICLE I: NAME, AFFILIATION AND JURISDICTION

### SECTION 1. NAME

The Name of this organization shall be STUDIO MECHANICS LOCAL 479, INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYES, MOVING PICTURE Technicians, Artists, and Allied Crafts OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO-CLC (hereinafter called the Local).

### SECTION 2. AFFILIATION

This Local has been established and does exist by virtue of a Charter issued by the International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists, and Allied Crafts of the United States, Its Territories and Canada (hereinafter called the Alliance and/or the International).

### SECTION 3. JURISDICTION

Jurisdiction of this Local shall embrace the jurisdiction set forth in the Charter granted, and as more fully defined in Article TWENTY-EIGHT (XVIII), Section 9 and 10 of the International Constitution.

## ARTICLE II: OBJECTIVES and MEANS

### SECTION 1. OBJECTIVES

This Local is dedicated to the principles of Trade Unionism. Its objectives are to unite all workers within its jurisdiction for the following purposes:

    (a)  To inspire and attain full employment for all capable members.

    (b)  To establish and maintain peaceful and harmonious relations between its members and their employers.

    (c)  To improve the members' wages and working conditions and to increase their security and craft abilities.

    (d)  To advance the members economic, social, and cultural interests.

    (e)  To promote, support and engage in Democracy and Free Trade Unionism and to promote and engage in such other activities as may be helpful and or necessary and proper to strengthen the Labor Movement and the Industry, and to extend the process of collective bargaining throughout all trades and industries.

### SECTION 2. MEANS

This Local shall endeavor to accomplish the foregoing purposes by:

    (a)  Organizing the unorganized.

    (b)  Educating its membership and all others concerned for the benefit of the Local, the Alliance, and the Industry.

    (c)  Negotiating and securing collective bargaining agreements with employers.

    (d)  Securing progressive legislation.

    (e)  Using all other means within the International.

## ARTICLE III: MEMBERSHIP

### SECTION 1. QUALIFICATIONS FOR MEMBERSHIP

No person shall be eligible either to join or to retain membership in this Local who shall be a member of any organization having for its aim or purposes the overthrow, by force, of the Constitution and/or Government of the United States or Canada. Any person applying

for membership in this Local must be of good moral character and reputation, and, unless waived by the International for proper cause upon application by the Local, must have been a resident within this Local's jurisdiction for at least eighteen months preceding his or her application to the Local.

All applicants shall be of legal age to engage in gainful employment within the jurisdiction of this Local. There shall be no discrimination whatsoever against any person applying to membership in this local for reasons of race, color, creed, national origin, age except as noted above, or sex. Any member who shall, upon trial, be found to lack any of the qualifications for membership in this Local, shall forthwith be expelled and shall surrender all rights and privileges, including death benefits and other property rights, if any, to the assets of this Union. No member, so expelled, shall ever be eligible to reinstatement thereafter.

## SECTION 2. APPLICATION FOR MEMBERSHIP

Every application for membership to this Local must be made upon the official printed form supplied by the International. Each application must be accompanied by any and all monies specified in Section 3 of this article. All applicants for Journeyman membership in this Local must make application in the craft category(s) under the jurisdiction of this Local. All applicants for Journeyman membership must also submit, with their application, two copies of an up-to-date resume, and proof of competency in the classification listed on their Application. Acceptable proof of competency is described in Section 5 of this Article.

All applications for Non-Journeyman membership in this Local shall mark "apprentice" on the application for membership. With the application, each non-journeyman applicant shall submit a resume of experience in the craft jurisdiction of this Local, or a resume of experience related to the craft jurisdiction(s) of this Local, indicating a preference of category(s) for the Local's records. Non-journeyman members shall be subject to all conditions and/or restrictions as may be applied by contract, agreement, or majority vote of the membership of this Local. Any non-journeyman member desiring to upgrade to journeyman status shall submit with their request any balance of initiation fee due, as per Section 3 of this Article.

Any applicant who is guilty of making false statements upon the application blank shall, if admitted to membership, be expelled upon conviction and shall thereafter be denied admission to membership in this Local. Any initiation fee paid by such member shall be forfeited upon expulsion.

## SECTION 3. INITIATION FEE

Initiation fees of membership shall be set by the Executive Board with approval of a majority of members, voting by secret ballot, who are present at a general membership meeting. Initiation fees include processing fees due the International and any fees due Local 479. Processing fees of the International are not refundable as per the International's Constitution Article TWENTY-ONE, Section 2. Upon upgrading to journeyman status the non-journeyman member shall pay any balance of journeyman fee due. All fees shall be made payable to "Studio Mechanics Local 479 IATSE."

## SECTION 4. PROOF OF COMPETENCY

The required proof of competency shall consist of the two following items:

1. Each journeyman applicant must supply proof of at least one hundred eighty (180) days total work experience on at least two different projects, in each craft category and classification on their Applicant Information Form or Application. Each Non- Journeyman must work on at least two different projects for at least one hundred eighty (180) days in each category and classification before they may upgrade to Journeyman.

2. Four (4) letters of reference from employers, superiors or peers who have worked with the applicant. TWO of the reference letters must be from a 479 member. These references shall be written on the appropriate form supplied by Local 479 and include the category, classification, length of employment and an assessment of the applicant's abilities.

### SECTION 5. APPLICATION PROCEDURE

The names of applicants who have submitted complete applications shall be presented in writing to the membership including the name, city of residence, crafts and classifications, and years' experience for each applicant. All current members shall receive a list of the applicants as specified above, no less than two (2) weeks prior to the next scheduled regular or special meeting. In conjunction with notification to the members, and allowing the IA General Office sufficient time, the applications shall be submitted to the I.A.T.S.E. General Secretary-Treasurer for endorsement. At the appropriate meeting, all applicants whose applications have been endorsed by the IA General office shall be voted upon. If there shall be no quorum at that meeting, the applicants under consideration shall be automatically accepted for membership.

### SECTION 6. NEW MEMBER NOTICE, OBLIGATION

Within five (5) days after an affirmative vote, each new member shall be so notified. The obligation shall take place within ninety (90) days from date of notice, or the application may be declared null and void, with forfeiture of all monies paid.

### SECTION 7. REJECTED APPLICANT NOTICE

Any applicant not receiving a favorable majority vote shall be so notified in writing and have their initiation fee refunded within five (5) business days of the vote.

## ARTICLE IV: GOVERNMENT

### SECTION 1. SUPREME LAW

The International Constitution and By-laws, as well as this Constitution and By-laws, shall be the supreme law of Studio Mechanics Local 479 IATSE.

### SECTION 2. MEMBERSHIP MEETINGS

Regular membership meetings shall be held bi-monthly in even-numbered months. Meeting day shall be decided by the membership, upon recommendation of the Executive board. Should any Regular meeting date occur on a holiday, or during a labor convention, the Executive Board shall decide, no less than sixty (60) days prior to this occurrence, to schedule the Regular meeting for either the Sunday immediately preceding or immediately following the regular scheduled date. The membership shall be notified of the change in writing, no less than thirty (30) days prior to the original regular meeting date.

Special meetings shall be called by the President on request of the Executive Board or on petition of no less than twenty-five (25) members in good standing. No business, other than that for which the meeting is called, shall be conducted thereat.

A quorum shall be required to open, or re-open, any meeting for the transaction of lawful business. The quorum for any membership meeting shall be twelve (12) members in good standing. Two of whom must be members of the Executive Board.

### SECTION 3. EXECUTIVE BOARD MEETINGS

The Executive Board shall meet at least once every two (2) months at a time and place to be determined by the President, and at such other times as called by the President. Other business shall be conducted by phone as needed and appropriate. A majority of the Executive Board present at any Executive Board meeting shall constitute a quorum.

A majority of the members of the Executive Board shall have the power to call an Executive Board meeting. All members of the Executive Board will be notified in advance of such meetings. Any member desiring to attend an Executive Board meeting may do so, but shall not have voice to participate unless allowed by a majority vote of the Executive Board.

## ARTICLE V: NOMINATION AND ELECTION OF OFFICERS AND DELEGATES

### SECTION 1. THE FOLLOWING OFFICERS AND DELEGATES SHALL BE ELECTED:

PRESIDENT: and by virtue of office, also first (1st) additional or alternate delegate to the IATSE Convention and to the Seventh District Convention.

VICE PRESIDENT: and by virtue of office, also fourth (4th) additional or alternate delegate to the IATSE Convention and to the Seventh District Convention.

BUSINESS REPRESENTATIVE: and by virtue of office, also first (1st) delegate to the IATSE Convention and to the Seventh District Convention.

GENERAL SECRETARY-TREASURER: and, by virtue of office, also third (3rd) additional or alternate delegate to the IATSE Convention and to the Seventh District Convention.

DIRECTOR OF MEMBERSHIP: and by virtue of office, also, second (2nd) additional or alternate delegate to the IATSE Convention and to the Seventh District Convention.

SERGEANT-AT-ARMS DELEGATE: To Georgia AFL-CIO

DELEGATE: To Atlanta Labor Council

BOARD OF TRUSTEES: Consisting of five (5) members, the Chairperson being the elected member receiving the highest number of votes. In the event of a unanimous ballot the Board of Trustees shall elect a chairperson. Any other delegates shall be nominated and elected as may be authorized and/or required. For the IA International and Seventh District Conventions, those officers eligible to be delegates by virtue of office shall determine whether they will be attending the convention no later than two weeks before the June regular membership meeting. Should any Delegate positions be unfilled at that time, the Meeting Notice shall reflect that delegates will be voted at the June meeting, and that vote shall be taken. Acceptance of nomination shall be in accordance with Section 3 of this Article.

### SECTION 2. ELIGIBILITY FOR OFFICE AND DELEGATE

To be eligible for office other than that of Delegate, a member must have been in Local 479 for a period of no less than two (2) years prior to the date of the nomination meeting, and in good standing at the time of nomination. Any member in good standing is eligible for Delegate other than those automatically assigned by virtue of office. All nominees for Office or Delegate must also meet the following provisions:

  (a) Nominee has not been convicted and/or imprisoned for any official offense specified by SECTION 504 of LMRA Act of 1959 during the preceding thirteen (13) years prior to each nomination for office.

  (b) Nominee shall file, upon request, an appropriate affidavit under penalty of perjury stating the above fact to be true.

  (c) Nominee, to the best of his or her knowledge, is bondable, if the Office sought so requires. Any member nominated for Office, Trustee or Delegate shall have his or her registered home address located within the jurisdiction of the Local.

### SECTION 3. NOTICE OF NOMINATION AND NOMINATION OF OFFICERS, DELEGATES

All nominations for Officers, Trustees and Delegates shall be made at the scheduled General membership meeting in October beginning in 1998. No less than fifteen (15) days prior to the nomination meeting, a Notification of Election listing in order of nomination all Offices, Trustee and Delegate positions to be filled, shall be mailed to all members of the local. All nominees must signify acceptance of nomination either in person or in writing.

If accepting in person, the member must be present at the time of nomination meeting to accept. If accepting in writing, the nomination acceptance must be notarized, witnessed by two (2) members in good standing, or be delivered in person to the General Secretary-Treasurer of the Local. All written acceptances of nomination shall be in the possession of the General Secretary-Treasurer prior to the opening of nominations for any office. Any member

sending a written acceptance for nomination shall bear the responsibility of the delivery of same.

No member shall be nominated for more than one Office, and no Officer shall be eligible to hold more than one Office. No Officer shall be a member of the Board of Trustees as set forth in Article V, Section 1 of this Constitution. In the absence of any Officer at any convened meeting, a member of the Executive Board shall be permitted to serve Pro-tem, not to exceed two (2) consecutive regular meetings for any one Office. After all nominations for all Officers and Delegates have been closed, the President shall appoint a Judge of Elections to have charge of the proper conduct of the Election and two (2) Tellers to assist; none of whom shall be candidates for Office or Delegate. The General Secretary-Treasurer of the Local shall, when there is only one candidate for any office requiring same, cast a Unanimous Ballot for that candidate. The ballot shall show that action taken. The Judge shall, with the approval of the membership, designate the election deadline and the address and/or location for return and counting of the ballots.

### SECTION 4. CAMPAIGN LITERATURE

All costs of campaign literature and distribution shall be borne by the candidate and all materials shall be the sole responsibility of the candidate. The Local cannot accept any responsibility for the safekeeping, content, and/or distribution of any candidate material. A current membership directory shall be made available to each candidate upon request.

### SECTION 5. ELECTION, NOTICE OF ELECTIONS OF OFFICERS AND DELE-GATES

Election of Officers and Delegates of this Local as provided for in Article V, Section 1 of this constitution, shall be by mail ballot, and shall be held as follows: President, Director of Membership and Board of trustees shall be elected for a term of three (3) years.

Vice President, General Secretary/Treasurer and Labor Delegate to AFL-CIO shall be elected for a term of three (3) years, staggered from the Presidential election by one year. Business Agent, Sergeant at Arms and Labor Delegate to the Atlanta Labor Council shall be elected for a term of three (3) years, staggered from the Presidential election by two years.

### SECTION 6. BALLOTS

All ballots shall list the Offices and Delegate positions to be elected, and those members nominated, in the order of nomination, for each office and delegate position. Any and all offices which also encompass a delegate position automatically by virtue of office shall be so noted on the ballot, specifying which delegate position. Any offices for which the General Secretary-Treasurer has cast a unanimous ballot shall be so indicated on the ballot.

The Judge of Elections and Tellers shall be charged with preparing the eligible voter lists, all envelopes, instructions for voting, and ballots. They shall prepare a list of eligible voters, and assign each voter a different number. They shall also prepare a corresponding quantity of postage-paid envelopes, each pre-addressed to a designated "voting only" Post Office Box of the Local. Each said envelope shall be marked with a number corresponding to the list of eligible voters. The Judge and Tellers shall check each ballot for validity.

Upon verifying that each ballot is complete, correct, unmarked, and bearing the official Seal of the Local, they shall place one ballot, instructions for voting, and a blank, unsealed envelope into one of the above numbered envelopes, which shall also be left unsealed. Each numbered envelope with its contents shall then be placed into a larger envelope addressed to the appropriate member. This envelope shall then be mailed to each eligible member at his-or-her last known home address.

Any ballots remaining unused shall be voided, and saved, to be stored with the election materials at the appropriate time. Each ballot shall specify the date, time, and location of the ballot count. Each ballot shall specify the date by which ballots must be received into the Post Office Box in order to be considered valid. Proper notification shall be given to all Candidates, so that Candidates' Observers may be present at the preparation of the ballots if so desired.

the President shall have the power to appoint a member in good standing to that office until a By-election can be held. Any By-election shall be held within 180 days after the vacancy was created.

The President, with the consent of the Executive Board, shall use all moral and financial aid available in enforcing the rules, wage scales and conditions of this Local.

The President shall appoint all committees and shall be a member Ex-Officio of all committees.

The President shall also be empowered to appoint Delegates to such conventions or trade assemblies (other than those named in Article V, Section 1 of this Constitution) as shall be of interest and importance to the Local.

The President shall appoint Judges of Elections and Voting, and Tellers, as needed. In absence of a specific law to govern a given condition, the President shall decide the matter in a spirit of fairness and equity, and such ruling shall be enforced unless changed by the Executive Board or the membership.

The President shall be the Delegate as prescribed by Article V, Section 1 of this Constitution.

The President shall be authorized to sign checks of the Local for necessary expenses of the Local.

## SECTION 2. VICE PRESIDENT

The Vice President shall assist the President in the performance of his or her duties.

In the absence of the President, the Vice President shall assume all duties of the President, including the authority to sign checks of the Local as necessary.

In the event a vacancy occurs in the Office of President, the Vice President shall succeed to the Office of President until a By-election is held.

The Vice President shall be the Delegate as prescribed in Article V, Section 1 of this Constitution.

## SECTION 3. BUSINESS REPRESENTATIVE

The Business Representative shall represent the Local at all times in all dealings with employers, pursuing all avenues of employment for members in the Local's jurisdiction, negotiating all minimum Contracts and Agreements, supplying all employers with current directories of members and organizing the unorganized.

The Business Representative shall have the right to refer any member in good standing, subject to qualifications required by the employer and as the situation so warrants.

The Business Representative shall have full charge of the Business Office of this Local, and may, with the approval of the Executive Board, and as funds permit, employ an Office Manager and other employees as necessary. Such employees shall be under the direct supervision of the Business Representative to operate the business affairs of the Local and to assist the Officers of this Local in their official duties. Compensation of all office employees shall be subject to the approval of the Executive Board.

The Business Representative may, with the unavailability of the General Secretary-Treasurer, place the Seal of the Local upon such documents as may be necessary to maintain their timeliness and shall be required to notify the General Secretary-Treasurer of any such action.

The Business Representative shall be a member Ex-Officio of all negotiating committees appointed by the President. The Business Representative shall have the authority to negotiate and sign any temporary agreement up to a period of twenty (20) weeks, subject to the approval of the Executive Board. The Business Representative may negotiate and sign any agreement for which authority has been granted in advance by the membership of this Local.

The Business Representative shall be the Delegate as prescribed in Article V, Section 1 of this Constitution.

The Business Representative shall be authorized to sign checks of the Local for necessary expenses of the Local.

### SECTION 4. GENERAL SECRETARY-TREASURER

The General Secretary-Treasurer shall record all minutes of Membership and Executive Board meetings, and present to the membership for acceptance a true copy of any and all such.

The General Secretary-Treasurer shall be responsible for all correspondence to and from the Local, and for keeping a duplicate copy of correspondence from the Local.

The General Secretary-Treasurer shall be responsible for the Seal of the Local and keep a true and accurate record of its use.

The General Secretary-Treasurer shall be on call and shall present him or herself in the Local office, as his or her duties require.

The General Secretary-Treasurer shall be responsible for keeping a true and accurate record of all income and disbursements, and all assets and liabilities of this Local, and for depositing all monies into their proper accounts as specified by Article VIII, Section 6 of this constitution in a bank approved by the Executive Board. The General Secretary-Treasurer shall be authorized to sign checks of the Local for necessary expenses of the Local.

The General Secretary-Treasurer shall, with the assistance of the Office Manager, collect all dues, fines and assessments from the members, and shall report the standing of all members to the membership at large. This report shall be given at least once each quarter.

The General Secretary-Treasurer shall deliver to the Chairman of the Board of Trustees, for auditing purposes any and all books, papers and computer records in the General Secretary-Treasurer's possession and shall attend any such auditing meetings.

The General Secretary-Treasurer shall be charged with the responsibility of securing Bond or other insurance as recommended by the Executive Board for any and all Officers, Trustees, Delegates, and employees.

The General Secretary-Treasurer shall be the Delegate so prescribed in Article V, Section 1 of this Constitution.

### SECTION 5. DIRECTOR OF MEMBERSHIP

The Director of Membership shall be responsible for the recruiting and orientation of new members and evaluating new member applicants for compliance with the requirements of Local 479 and the International. The Director of Membership shall provide training class(es) periodically for the members and applicants of the Local. The Director of Membership shall monitor the Professional Standards Policy of the Local and verify and keep current the roster. The Director of Membership shall inform members and applicants of their obligations and benefits as members of Local 479.

The Director of Membership shall be the Delegate as prescribed in Article V, Section 1 of this Constitution.

### SECTION 6. SERGEANT-AT-ARMS

The Sergeant-at-Arms shall be present at all membership meetings and shall be responsible for determining all present at meetings have signed the Roll Book and are members in good standing, so as to assure that none but members of this Local and approved guests enter the meeting hall.

The Sergeant-at-Arms shall at all times carry out the instructions of the Presiding Officer and shall be answerable to that Officer only.

### SECTION 7. DELEGATES

Delegates to the International Convention or any other body shall perform their duties as prescribed by the Constitution and By-laws of the International Alliance or appropriate governing body, and report thereon at the next regular meeting of the Local following the Convention, or in the next regular membership newsletter. All Delegates shall attend meetings of the Bodies or Conventions to which they are elected or appointed and shall report thereon to the membership at the next regular meeting, or in the next regular membership newsletter.

## SECTION 8. EXECUTIVE BOARD

The Executive Board shall be chaired by the President, and shall also include the Vice-President, General Secretary-Treasurer, Business Representative, Director of Membership, Sergeant-at-Arms, the Georgia AFL-CIO Delegate and the Atlanta Labor Council Delegate. If any of these offices become vacant, the member appointed shall also sit on the Executive Board until the next General Election or By-election.

The Executive Board shall decide upon all matters referred to them by the membership, and the decision of the Executive Board shall be binding unless reversed, at a regular or special meeting of the Local, by a two-thirds (2/3) majority vote of the members present.

The Executive Board shall approve or deny any requests for terms-of-payment, waivers or appeals of fines, honorable withdrawal, and special waivers or discounts of initiation fees for organizational or other purposes.

The Executive Board shall investigate all complaints of members and decide, if possible, upon all questions in dispute between members, and between employers and members, accepting any honorable means toward an amicable settlement that may be deemed essential to the best interests of this organization.

The Executive Board shall act as a Trial Board of this Local unless the member charged elects to be tried at an open meeting, as provided for in Article XI, Section 16 of this Constitution. Any or all members of the Executive Board shall retain the right to request the President to replace them on any Trial Board for just cause.

The Executive Board shall have the power to summon as a witness any member or members, and those failing to answer may be adjudged in contempt and penalized for same by fine or suspension.

Any unexcused absence of any Executive Board member at any official meeting of the Local shall be punishable with a fifty dollar ($50.00) fine for the first offense, a one hundred dollar ($100.00) fine for the second offense, and review for possible removal from office for the third offense.

Any member of the Executive Board, who, through circumstances beyond his or her control, finds himself or herself unable to adequately meet the responsibility of office, shall submit a letter of resignation to the Executive Board. The matter shall be considered at the next convened meeting of the Executive Board. If the resignation is accepted, the vacated office shall be handled as per Section 1 and 2 of this Article.

## SECTION 9. BOARD OF TRUSTEES

A quorum of three (3) members of the Board of Trustees, including the Chairperson, shall be required for the Board of Trustees to conduct business.

The Board of Trustees may audit the books of this Local every six (6) months, but not less than once per calendar year and shall make a detailed report of their finding at the next regular membership meeting, or in the next regular membership newsletter.

## SECTION 10. COMPENSATION OF OFFICERS

The designation of those Officers to be compensated for their services and the amount of compensation they are to be paid shall be determined by majority vote of the membership at a special meeting, or at a regular meeting if the membership has been notified of the proposed changes in a timely fashion and accepted manner. Those Officers designated and compensations approved shall not be reduced, without their approval, during the term of Office. Any proposed increase shall require a two-thirds (2/3) majority of members present at a special meeting, or regular meeting as stated above.

## ARTICLE VII: TRANSFER, REINSTATEMENT, RETIREMENT, HONORARY MEMBERSHIP AND WITHDRAWAL

### SECTION 1. TRANSFER

Any member of another Local of this Alliance wishing to transfer his or her membership to this Local shall present his or her application as a new member, together with a transfer card from the Local of which he or she is a member. Any applicant for transfer shall fulfill all

obligations of Article III of this Constitution and By-laws. Any member wishing to transfer to or from this Local shall pay any fees required under the International Constitution and By-laws.

## SECTION 2. REINSTATEMENT OF MEMBERS

Any member of this Local who has been suspended from membership, but desires to be reinstated, shall be required to pay a reinstatement fee of one hundred dollars ($100.00), as well as any other financial obligations that may have accrued against that member during or before the period of said suspension. Any member owing a reinstatement fee shall not owe the previously assessed monthly late charges. Any member who has been expelled, but desires to be readmitted, shall be required to make application as provided in the International Constitution and By-laws as a new member, and shall be governed by all conditions pertaining thereto.

## SECTION 3. RETIREMENT

All members of this Local who are eligible for retirement under Article FOURTEEN, Section 1A and 1B of the International Constitution and By-laws, and so request in writing to the Executive Board, shall be so recognized by the Local and shall be subject only to the per capita tax contained therein.

## SECTION 4. HONORARY MEMBERSHIP

This Local shall, as it sees fit, bestow honorary membership upon those individuals deemed worthy, subject to a majority vote of the members present at a regular Membership Meeting. Such honorary members shall have no Constitutional rights or privileges. They shall uphold those responsibilities as shall keep them worthy of honorary membership.

## SECTION 5. HONORABLE WITHDRAWAL FROM MEMBERSHIP

A member in good standing desirous of honorable withdrawal from membership in this Local shall submit a written request for same to the office of the Local. The withdrawal shall become effective at the end of the quarter in which the resignation was tendered. The member shall also comply with the requirements of the International Constitution, Article NINETEEN, Section 18.

## ARTICLE VIII: REVENUES
### SECTION 1. DUES AND INITIATION FEES

The dues payable by each member, except retired and honorary members, shall be the total of the applicable International Stamp Dues plus twelve dollars ($12.00), plus working dues of three per cent (3%) of gross wages earned under an IATSE agreement in the craft and/or geographical jurisdiction of this Local.

Stamp dues shall be due on the first day of the first month of each quarter (January 1st, April 1st, July 1st, and October 1st.) Working dues shall be due thirty (30) days after wages are earned.

Stamp dues received by the first day of the month in which they are due shall be subject to a discount of four ($4.00) dollars.

The initiation fee shall be as stated in Article III, Section 3 of this Constitution.

Dues not paid on time shall be subject to a fine of ten dollars ($10.00) every thirty (30) days until they are paid, or the member is expelled.

Any checks returned for insufficient funds shall be subject to a thirty-five ($35.00) dollar charge. Declined credit/debit cards will be fined the same. Any fraudulent checks received shall be subject to all legal remedies regarding same.

Any member who, through circumstances beyond his or her control, is unable to pay his or her financial obligations to this Local in a timely fashion may request terms-of-payment from the Executive Board. This request shall be in writing, and include the reason for the request, the total amount due, and a projected schedule of payments. This request, once

received, shall be considered and decided upon at the next appropriate meeting of the Executive Board.

Members requesting terms-of-payment shall be notified of the decision in writing within ten (10) business days. Any member approved for terms-of-payment may be granted a waiver of upcoming late charges by the Executive Board.

Any member failing to meet his or her own terms-of-payment deadlines shall be reassessed any and all waived fines.

Payment of any financial obligation due to this Local by a member of this Local shall be enforceable by fine, suspension or expulsion as prescribed herein. In addition, thereto, if needed, the Local may take legal action. If such action is required, the delinquent member shall also be liable to the Local for reasonable legal fees and other expenses incurred in connection therewith.

### SECTION 2. SPECIAL ASSESSMENTS

If, at any time, the Executive Board deems it necessary to acquire additional funds for the best interest of the Local, it shall recommend to the membership a special assessment. This special assessment shall require a majority vote, by secret ballot, of the membership present at a regular or special meeting, provided the membership has been notified in writing no less than fifteen days prior to the vote.

### SECTION 3. FINES

Fines for nonpayment of dues or punitive fines shall be levied as set forth in this Constitution and By-laws. Members with unpaid fines shall be NOT in good standing and may be appropriately suspended or expelled if fines are not paid in a timely manner. The Local shall not be required to individually notify members of any assessed fines, if said fines are described and delineated in this Constitution and By-laws.

### SECTION 4. APPEALS OF FINES

Appeals of fines shall be requested in writing to the Executive Board. Any member requesting an appeal shall be notified of the decision within fifteen (15) business days of the decision. Any member whose appeal is denied shall be liable for any and all late charges which may have accrued during his or her appeal.

### SECTION 5. INVESTMENTS

The Executive Board may invest part or all of Local funds in any appropriate security issued by the federal or state or local governments or any agencies thereof, or in any deposit account insured by the US Government or any agency thereof, or in any corporate bonds rated AAA or AA by Moody's or S&P, or any combination thereof. All accounts shall be approved by the Executive Board and shall be in the name of the Local and reported to the membership for approval at each general membership meeting.

### SECTION 6. WORKING OUT OF JURISDICTION

Members of other IATSE Locals who are working under a signatory agreement held by this Local, and are in the geographical jurisdiction of this Local, shall pay to this Local the same working dues as charged to members of this Local. Such working dues shall be payable within thirty (30) days after wages are earned, whether by dues check-off or payment of promissory note.

Any member of this Local, working in the geographical jurisdiction of a sister Local, shall be responsible either to pay the same assessment, if any, required of members of that sister Local or the working dues (assessment) as required by this Local to this Local. Any assessment required by a sister Local that is less than the working dues required by this Local, the difference shall be due to this Local.

Any member refusing to abide by the above shall be liable for any charges from this Local as well as the sister Local.

### SECTION 7. AUTHORITY TO MAINTAIN AND EXPEND FUNDS

The funds of this Local shall be used to defray the proper operational expenses provided for herein and for any other legitimate purposes to accomplish the Objects of this Union. All accounts shall be in the name of the Local, with withdrawals by check, subject to Article VI, Sections 1, 3, and 4 of this Constitution. All accounts shall be approved by the Executive Board

## ARTICLE IX: GOOD STANDING, SUSPENSION AND EXPULSION

### SECTION 1. GOOD STANDING

Members "in good standing" of this Local shall enjoy all rights, privileges and benefits of this Local as provided by this Constitution and By-laws. The term "good standing" as used herein shall be construed to mean that the member has fully complied with his or her obligations to the Local, both financially and in all other regards.

Failure on the part of any member of this Local to pay dues or fines within thirty (30) days after said dues or fines become due and payable shall result in said member being automatically declared "not in good standing" and, as such, being deprived of the right to run for office, attend meetings, or vote. All financial obligations shall be paid in full before such member is again in good standing.

Any elected officer who is declared "NOT in good standing" shall not be removed from office, until or unless he or she is suspended for nonpayment of dues or fines. Any office so vacated shall be filled as described in Article VI, Sections 1 and 2 of this Constitution.

### SECTION 2. SUSPENSION

Failure on the part of any member to pay dues or fines to this Local within ninety (90) days after they become due and payable shall result in said member being automatically suspended. All financial obligations shall be paid in full before such member is again in good standing.

Any member of this Local who has been suspended from membership, but desires to be reinstated, shall pay a reinstatement fee of fifty dollars ($50.00) as well as any other financial obligations that may have accrued against that member during or before the period of said suspension.

### SECTION 3. EXPULSION

Failure on the part of any member to pay any dues or fines to this Local within six (6) months from the date they become due and payable shall result in said member being automatically expelled.

The Local shall send notice by certified mail, no less than fifteen (15) days before expulsion is to take effect, to the last known home address of the member, specifying the amount due as well as the specifics of indebtedness. Members not responding with payment or request for terms-of- payment, shall be expelled at the end of the six-month (6) period. Requests for terms-of-payment must be accompanied by a good-faith payment and must be approved by the Executive Board.

Any member of this Local who has been expelled from membership, but desires to be reinstated, shall pay a reinstatement fee of one hundred dollars ($100.00), as well as any other financial obligations that may have accrued against that member during or before the period of said expulsion. Any such member shall not owe the Suspension Reinstatement fee.

Any such member shall follow all rules set forth by the International regarding reinstatement from expulsion.

## ARTICLE X: IMPEACHMENT OF OFFICERS

Preferring charges is a serious matter. All avenues and procedures available should be explored before placing charges against any Officer or Officers.

### SECTION 1. GROUNDS

Any Officer of this Local may be impeached for a violation of his or her official duties or for any infringement of the Constitution and By-laws.

### SECTION 2. CHARGES

All charges against an Officer of this Local must be in writing, in the form of a sworn and notarized affidavit, reciting clearly the offense charged, the name of the accused, the time, place and nature of the violation, and the Section or Sections of this Constitution and By-laws or of the Constitution and By-laws of the International alleged to have been violated. The affidavit shall include the signature of the accuser, together with a statement including the names of all witnesses to the offense the accuser is aware of. The affidavit must be filed within sixty (60) days after the offense has become known to the accuser or reasonably should have been discovered.

### SECTION 3. PENALTY FOR PREFERRING FALSE CHARGES

If false charges shall be maliciously preferred against an Officer, the person or persons preferring such charges shall be fined five hundred dollars, ($500.00). The fine, plus the expenses of the proceedings, shall be imposed upon the acquittal of the accused Officer.

### SECTION 4. CHARGES FILED IN DUPLICATE

Charges shall be filed in duplicate, but only the original need bear the Seal of the Notary Public before whom the affidavit was sworn.

### SECTION 5. BY WHOM AND TO WHOM PREFERRED

Charges against Officers may be preferred by any member or Officer of the Alliance. Charges shall be filed with the General Secretary-Treasurer of this Local. The Executive Board, with the exception of such members thereof as may be charged in said complaint, shall act as the Trial Board, provided, however, that those so empowered to act constitute at least a majority of the Executive Board. If a majority of the Executive Board members have been charged, the charges may be filed with the International President, who shall be empowered in that event to appoint the members of a Trial Board who may either be members of this Local or any other member of the Alliance.

### SECTION 6. COGNIZANCE OF CHARGES

The General Secretary-Treasurer shall refer the charges to the Executive Board, which shall have the power to declare such charges cognizable or not. If cognizance is taken of the charges, the accused shall be temporarily suspended from Office, and further payment of salary to such Officer or Officers shall be withheld pending the outcome of the Trial. The Executive Board shall in that event make suitable provisions for the efficient discharge of the duties of the accused during the suspension period. If the General Secretary-Treasurer is charged, the charges may be filed with any other Officer of the Local not under charges.

### SECTION 7. WITHDRAWAL OF CHARGES

After charges have been preferred to the Executive Board, they shall not be withdrawn unless the Officer accused and the Executive Board both consents to the withdrawal.

### SECTION 8. NOTICE

Within one week after taking cognizance of the charges, the Executive Board shall cause to be served upon the accused Officer, either personally, or where this is impossible, by certified mail to the Officer's last known address, a duplicate copy of the charges. They shall notify said Officer of the time and place appointed for the hearing thereon, provided that such notice shall be served upon or mailed to the accused at least one week prior to the date appointed for the hearing.

### SECTION 9. CONTINUANCE

Should the accused be unable, for proper cause, to attend a hearing at the time and

place designated, the accused shall, at the discretion of the Executive Board and upon application, be granted a postponement or continuance to some date and place agreed upon.

### SECTION 10. APPEARANCE FOR TRIAL

If the accused so desires, he or she may waive the right of appearing before the Trial Board, or he or she may designate a fellow member as counsel to appear for the accused and to conduct a defense, provided that such waiver of appearance shall not be prejudicial to or against the accused. The trial shall, if the accused fails to appear, proceed in his or her absence, with the Board hearing all evidence and basing its decision as to the guilt of the accused solely thereon.

### SECTION 11. TRIAL

The Executive Board shall sit as the Trial Body in all impeachment cases and shall conduct, at the hearing of the charges, a thorough inquiry into the merits of the case, according to the complainant and the accused alike, a full and impartial hearing. In the conduct of such trial the provisions of Article XI, Sections 17, 18, 19, 20, and 21 of this Constitution shall be observed.

### SECTION 12. WAIVER OF TRIAL

If charges have been filed as required in Section 2 of this article, the accused may plead guilty and waive the holding of the trial, provided that he or she does so in a written, notarized and witnessed statement, and has been advised in writing as to the range of penalties that may be imposed upon the accused by reason of such plea. If the accused wishes to plead guilty with an explanation, such explanation shall also be in written form. An accused who pleads guilty to charges shall be deemed to have waived his or her right, on any appeal, to raise any question concerning his or her guilt or innocence. Such appeal, in that event, shall be limited to the appropriateness of the penalty or penalties imposed upon the accused. No stenographic transcript or tape recording shall be required if a plea of guilty is entered in accordance herewith.

### SECTION 13. PENALTY

The guilt or innocence of the accused shall be determined by a majority vote of the Executive Board, acting as Trial Body. If the accused is found guilty as charged, it shall then become the duty of the said Board to declare the Office of the accused vacant. The successor to said Office shall be selected in the manner provided in Article VI, Sections 1 and 2 of this Constitution. The said accused shall, in addition, be subject to such discipline as the Executive Board may decide to impose, including fine, suspension, and/or expulsion.

### SECTION 14. APPEALS (SEE ARTICLE XII)


## ARTICLE XI: DISCIPLINE OF MEMBERS

Preferring charges against another member is a serious matter. All avenues and procedures available should be explored before placing charges against a Brother or Sister member.

### SECTION 1. GROUNDS

In addition to the penalties expressly provided under the various sections of this Constitution and By-laws, any member who shall breach his or her duty as a member by violating the express provisions of the Constitution and By-laws of this Local or the Alliance, or by such conduct is considered to be detrimental to the advancement of the purposes of which this Local or the Alliance pursues, or as would reflect discreditably upon this Local or the Alliance, shall be subject to discipline in the manner set forth in the Sections following.

## SECTION 2. FAIR TRIAL

Nothing in the provisions of this Constitution and By-laws shall be construed to deprive a member charged with a violation thereof of the right to a fair trial whereby his or her guilt or innocence may be determined, with the exception that a member who has defaulted in the payment of any dues, fees, fines or assessments lawfully imposed under this Constitution and By-laws, shall not be entitled to stand trial, but shall be punished summarily as this Constitution and By-laws provide.

## SECTION 3. CHARGES

All charges against a member for a violation of the provisions of this Constitution and By-laws must be in writing, in the form of a sworn affidavit, reciting clearly the offenses charged, the name of the accused, the time, place and nature of the violation, and the section or sections of this Constitution or By-laws alleged to have been violated. The affidavit shall also include the signature of the accuser; together with a statement of the names of all witnesses to the offense charged that the accuser may be aware of.

## SECTION 4. PENALTY FOR PREFERRING FALSE CHARGES

If false charges shall be maliciously preferred against any member, the person or persons preferring such charges shall be fined five hundred dollars ($500.00). The fine, plus the expenses of the proceeding, shall be imposed upon the acquittal of the member accused.

## SECTION 5. CHARGES FILED IN DUPLICATE

Charges shall be filed in duplicate, but only the original need bear the Seal of the Notary Public before whom the affidavit was sworn.

## SECTION 6. TO WHOM PREFERRED AND WHEN

Charges shall be filed with the General Secretary-Treasurer of the Local within sixty (60) calendar days after the offense becomes known to the person making the charge. If the General Secretary-Treasurer of the Local is charged, the charges may be filed with any other Officer of the Local not under charges.

## SECTION 7. WITHDRAWAL OF CHARGES

After charges have been filed with the General Secretary-Treasurer they shall not be withdrawn unless the member accused, and the Executive Board shall both consent to the withdrawal.

## SECTION 8. COGNIZANCE OF CHARGES

The General Secretary-Treasurer shall refer the charges to the Executive Board, which shall have the power to declare such charges cognizable or not. If cognizance is taken of the charges, the matter shall proceed as per Section 9 of this Article. If the charges are determined to be not cognizable, they shall be voided, and the matter dropped.

## SECTION 9. PUBLICATION OF CHARGES

If the Executive Board has taken cognizance of the charges, they shall be read at the next regular meeting by the Presiding Officer. No debate or discussion shall be permitted, but the Presiding Officer shall request those having personal knowledge of any of the facts alleged in the charges to submit their names as witnesses to the General Secretary- Treasurer of the meeting. The Presiding Officer shall refer the charges to the Executive Board for trial.

## SECTION 10. WAIVER OF TRIAL

If charges have been filed as required by Section 3 of this Article, the accused may plead guilty and waive the holding of the trial, provided he or she does so in a written notarized and witnessed statement, and has been advised in writing as to the range of penalties that

may be imposed upon the accused by reason of such plea. If the accused wishes to plead guilty with an explanation, such explanation shall also be in written form. An accused who pleads guilty to charges shall be deemed to have waived his or her right on any appeal, to raise any question concerning his or her guilt or innocence. Such appeal, in that event, shall be limited to the question of the appropriateness of the penalty or penalties imposed. No stenographic transcript or tape recording shall be required if a plea of guilty is entered in accordance herewith.

## SECTION 11. NOTICE

Within one (1) week after taking cognizance of the charges, the Executive Board shall cause to be served upon the accused personally, or where this is impossible, by certified mail to his or her last known address, a duplicate copy of the charges, and shall notify the accused of the time and place appointed for the hearing thereon, provided that such notice shall be served upon or sent to the accused at least fifteen (15) calendar days prior to the date appointed for the hearing.

## SECTION 12. POSTPONEMENT OR CONTINUANCE

Should the accused be unable for proper cause to attend the hearing at the time and place designated, he or she shall, at the discretion of the Executive Board, and upon application, be granted a postponement or continuance to some place and date agreed upon.

## SECTION 13. APPEARANCE FOR TRIAL

If the accused so desires, he or she may waive the right of appearing before the Executive Board for hearing upon the charges preferred against the accused or may designate a fellow member as counsel to appear for the accused and conduct his or her defense. Any waiver of appearance shall not be prejudicial to or against the accused, and the trial shall, if the accused fails to appear, proceed in his or her absence, the Board hearing all evidence and basing its decision as to the guilt of the accused solely thereon.

## SECTION 14. TRIAL BODY

The Executive Board shall sit as the Trial Body per Article VI, Section 8 of this Constitution to hear all the evidence upon the charges, and to determine the guilt or innocence of the accused, and if found guilty, to make recommendations as to the penalty to be imposed.

## SECTION 15. CHALLENGES

The accused shall have the privilege of challenging the right of any member of the Board to sit upon his or her case, and in the event of such challenge, the other members of the Board shall pass upon its validity, sustaining it or overruling it.

## SECTION 16. TRIAL IN OPEN MEETING

Where the accused shall be aggrieved by the ruling of the Board upon his or her challenge of an individual member or members of the Board, or shall challenge the entire Board for cause, he or she shall have the option to proceed before the Board, waiving his or her challenge, or to demand a trial before the members of the Local in open meeting, provided that, if the accused elects to be tried in the last-named manner, the hearing shall be conducted in the manner set forth for trials before the Board.

## SECTION 17. HEARING

The accused shall, at the hearing of the charges, have the right to present his or her defense in full, and to confront and question all witnesses and to examine all of the evidence of the case.

## SECTION 18. MEMBER COUNCIL

The accused shall have the right to be represented by counsel, who shall be a member of this Alliance in good standing.

### SECTION 19. WITNESSES SWORN

Whenever the accused or the Executive Board so requests, the testimony of any witness must be taken under oath, to be administered by the Sergeant-at-Arms or in his absence another Executive Board member as appointed by the Presiding Officer.

### SECTION 20. DEPOSITIONS

If any witness is unable, for just cause, to attend the trial, a written deposition of his or her testimony shall be taken in the form of an affidavit, and such portions of it as are not denied by the accused shall be admitted as evidence.

### SECTION 21. TRANSCRIPT

A written verbatim transcript of all testimony adduced at the hearing shall be made. The Executive Board may elect to tape-record the proceeding, in which event the tape must fully and accurately be transcribed in typewritten form in case there shall be an appeal to the International President.

### SECTION 22. REPORT OF FINDINGS

The Executive Board shall, after hearing all the evidence, render a written report of its findings as to the guilt or innocence of the accused and, if the accused be found guilty, the penalty to be imposed. A copy thereof shall be filed with the General Secretary-Treasurer of the Local and a copy shall be served either personally or by certified mail on the accused within five (5) working days at the last known address of the accused. A copy of the transcript of the evidence and proceedings at the hearing shall be available for examination by the accused or his or her member counsel at the offices of the Local, or if so requested by the accused in writing, a copy thereof shall be furnished to the accused at his or her own expense. Immediately upon receipt of the transcript, the Local shall notify the accused in writing of its availability.

### SECTION 23. ACTION BY MEMBERSHIP OF LOCAL UNION

No sooner than twenty (20) days after the date the accused has been notified of the availability of the transcript of his or her trial or, at the next regular meeting, whichever is the latter, the report of the Executive Board shall be transmitted to the membership for appropriate action as hereinafter provided. The transcript of the hearing shall not be read except upon motion duly seconded and carried by majority vote of the members present or, if so requested by the accused or in any case under the circumstances referred to in Section 24 of this Article.

### SECTION 24. ACQUITTAL OR CONVICTION

After submission of the report, the accused, if aggrieved by the decision of the Executive Board, and any other member in attendance at the meeting, including members of the Executive Board, shall be afforded an opportunity to speak either in favor of or against such decision. Upon completion of debate, the Membership shall proceed to vote upon the findings of the Executive Board as to the guilt or innocence of the accused. If a majority of the members present so vote, the findings of the Executive Board shall be adopted. If the findings are not accepted, the transcript shall be read unless this has been done heretofore, and the question shall be put whether the accused shall be granted a trial by the membership or whether the membership shall proceed to ballot upon the guilt of the accused. If a majority of the members vote for the latter procedure, a ballot shall be taken on the guilt of the accused, and if two-thirds (2/3) of the members present shall vote contrary to the findings of the Executive Board, the findings shall stand reversed, otherwise the findings shall stand upheld.

### SECTION 25. IMPOSITION OF PENALTIES

If the accused be found guilty of an offense for which no specific penalty is fixed by the Constitution or By-laws, the membership shall then proceed to ballot upon the decision of the Executive Board as to the penalty to be imposed. If a majority of the members present

so vote, the penalty fixed by the Executive Board shall be adopted. If a majority of the members present reject the penalty decided upon by the Executive Board, the membership then shall proceed to ballot upon the penalty to be imposed, the members voting to expel, suspend, fine and/or reprimand. An accused found guilty may also be assessed the costs of the trial. When Membership voting on the report of the Executive Board is completed, available remedies within the Local shall be deemed exhausted.

### SECTION 26. WHERE TRIAL WAS BEFORE LOCAL

Where the accused is tried before the Local as provided in Section 16 of this Article, the guilt or innocence of the accused shall be determined by majority vote of the members present and the penalty shall be imposed as prescribed in Section 25 of this Article.

### SECTION 27. SENTENCE REPORTED TO INTERNATIONAL PRESIDENT

A report of the sentence imposed upon a member found guilty shall be forwarded by the President of the Local to the International President of the Alliance, for filing.

## ARTICLE XII: APPEALS

### SECTION 1. RIGHT OF APPEAL

Any member aggrieved by the decision, rule, regulation, order or any other act or omission or mandate of an Officer of the Executive Board of this Local may, after exhausting all remedies within the Local by appeal to the membership, appeal his or her case in the following order: (1) from the decision of the membership of the Local to the International President of this Alliance; (2) from the decision of the International President to the General Executive Board; (3) from the ruling of the General Executive Board to the Alliance in Convention assembled; the latter body shall be the tribunal of ultimate judgment. However, in the interim, rulings of any proper tribunal of this Local or the Alliance shall be enforced pending disposal of appeal, unless a stay of the decision has, upon application, been granted. All appeals by a member to the membership of the Local must be heard within sixty (60) days of the date the appeal was filed, or the member may appeal directly to the International President.

### SECTION 2. TIME ALLOWED FOR FILING

Appeals shall be cognizable only if filed within thirty (30) days after the trial decision being appealed.

### SECTION 3. MUST BE IN WRITING

All appeals to the International must be in writing, setting forth those facts which the appellant shall consider entitles him or her to a reversal of the ruling, and signed by the appellant.

### SECTION 4. COPY OF APPEAL

When an appeal is taken to the International President from the decision of the Local, a copy of the appeal shall be filed with the General Secretary-Treasurer of the Local. Within two (2) weeks, the Local shall forward to the International President all the records in the case. If the appeal involves a determination made after trial of charges against an Officer or member, the records in the case shall include the sworn charges and the transcript of testimony or, if a tape recording was made, the original unedited tape recording and a typewritten transcript thereof, the findings and sentence, and any additional matters of evidence on record. The correctness of the transcript or of the tape recording and stenographic transcript thereof and the record shall be certified by the Local under the appropriate Seal. The Local shall answer to the appeal, setting forth reasons in support of its decision, and serve a copy of the answer on the appellant.

## SECTION 5. DECISIONS CONCLUSIVE
The members of the Local shall submit all their rights within the Local and the Alliance first to the determination of their proper tribunals.

## SECTION 6. EXHAUSTING INTERNAL REMEDIES
The members further consent to be disciplined in the manner provided by this Constitution and By-Laws, and under no circumstances to resort to outside tribunals until all the remedies therein provided shall have been exhausted.

## ARTICLE XIII: PERMANENCY
This Local shall not dissolve itself while there are fifteen (15) dissenting members, nor shall this Article of the Constitution be subjected to any alteration or amendment whatsoever.

# ARTICLE XIV: AMENDMENTS TO THE CONSTITUTION
## SECTION 1. AMENDMENTS
Any proposed alteration or amendment signed by less than twenty per cent (20%) of the members in good standing shall first be presented at the next regularly scheduled membership meeting or special meeting for discussion and subsequent approval of the wording of the alteration or amendment. Proposed alterations or amendments signed by more than twenty per cent (20%) of the members in good standing, and any proposed alterations or amendments that had been approved at a membership meeting or special meeting, shall be considered valid propositions.

At the next scheduled membership mailing, or in the next membership newsletter, but in any case, within thirty (30) days of receipt of a valid proposition, the Executive Board shall send voting notification to all members, including the proposition(s), and date, time, and address of the ballot pick-up and count. Ballots shall be mailed to all eligible voters on or about the thirtieth (30th) day following the mailing of the notification of voting. Valid ballots returned by a quorum of five per cent (5%) of the eligible membership shall be necessary to validate the vote.

## SECTION 2. BALLOTS
All ballots shall list the proposed amendments to the Constitution showing both the original article and section and the proposed changes. After all nominations for amendments to the Constitution have been closed, the President shall appoint a Judge of Elections to have charge of the proper conduct of the Election and two (2) Tellers to assist.

The Judge of Elections and Tellers shall be charged with preparing the eligible voter lists, all envelopes, instructions for voting, and ballots. They shall prepare a list of eligible voters and assign each voter a different number. They shall also prepare a corresponding quantity of postage-paid envelopes, each pre-addressed to a designated "voting only" Post Office Box of the Local. Each said envelope shall be marked with a number corresponding to the list of eligible voters. The Judge and Tellers shall check each ballot for validity.

Upon verifying that each ballot is complete, correct, unmarked, and bearing the official Seal of the Local, they shall place one ballot, instructions for voting, and a blank, unsealed envelope into one of the above numbered envelopes, which shall also be left unsealed. Each numbered envelope with its contents shall then be placed into a larger envelope addressed to the appropriate member. This envelope shall then be mailed to each eligible member at his or her last known home address.

Any ballots remaining unused shall be voided, and saved, to be stored with the election materials at the appropriate time. Each ballot shall specify the date, time, and location of the ballot count. Each ballot shall specify the date by which ballots must be received into the Post Office Box in order to be considered valid.

### SECTION 3. VOTING PROCEDURES

The Judge of Elections, in conjunction with at least one (1) Teller, shall prepare the tally sheets. Any member in good standing may be present at the ballot count if so desired. Ballots shall be mailed to all eligible voters no later than fifteen (15) days following the membership meeting in which the proposed changes were submitted. The deadline for returned ballots to be considered valid shall be thirty (30) days from the mailing of the ballots.

On the designated day and time, and at the location designated by the Judge, the Judge and Tellers shall collect the ballots, and transport the ballots to the location designated for the counting of the ballots. The ballots shall be counted at the Post Office Box, and again at the location designated for counting the ballots. Ballots shall be tallied at the previously announced time, date, and location, in accordance with Federal Regulations. All ballots shall be verified against the list of eligible voters by the Judge of Elections and the Tellers. Upon verification, each outer envelope will be opened, and the enclosed sealed, blank envelope placed in the ballot box. When all envelopes have been placed in the ballot box, the Judge of Elections will again verify the numbered envelopes, and then declare the ballot count to begin. The ballot box will be opened, and the envelopes removed, opened, and tallied. Voting by proxy and write-in votes will not be permitted. Any ballot defaced or improperly voted according to instructions shall be declared null and void by the Judge of Elections with the consent of the Tellers. The General Secretary-Treasurer of the Local shall take possession of all voting materials and retain possession for one year. Before turning over the voting materials to the General Secretary-Treasurer, the Judge of Elections and Tellers will date and sign the Tally Sheets. The General Secretary-Treasurer will present the Tally sheets to the President, for accounting to the membership.

## ARTICLE XV: BUILDING FUND

### SECTION 1. BUILDING FUND

The President, upon approval of the Executive Board shall be authorized to allocate monies from the General Fund into a separate Building Fund at designated times during the fiscal year.

## ARTICLE XVI: DEFINITIONS

### SECTION 1. PLURAL AND SINGULAR

In this Constitution and By-Laws, the plural shall include the singular and the singular shall include the plural.

### SECTION 2. GENDER

In this Constitution and By-Laws, the masculine shall include the feminine.

### SECTION 3. GOOD STANDING

In this Constitution By-Laws the term "good standing" shall mean that the individual member has complied with all their obligations to this Local and the International Alliance, not only financial but in all other respects.

### SECTION 4. ALLIANCE AND INTERNATIONAL

The terms Alliance and International shall both mean the International Alliance of Theatrical Stage Employees, Moving Pictures Technicians, Artists, and Allied Crafts of the United States, It's Territories and Canada which governs this Local, and refers to Article I, Section 2 of this Constitution.

### SECTION 5. COMMUNICATIONS & NOTIFICATIONS

Electronic transmission of communications to and from the Local by fax, e-mail or other such written electronic transmissions shall have the same legitimacy as paper transactions, when handled in accordance with State and Federal laws.

# BY-LAWS OF STUDIO MECHANICS LOCAL 479

### SECTION 1. THEFT, UNDER THE INFLUENCE AND NO-SHOW

Any member dismissed from a position in the craft and geographical jurisdiction of this Local for theft, being under the influence of drugs, chemical substances, or alcohol, or failing to report to a position as scheduled without excuse shall, after trial and being found guilty, be fined two hundred and fifty dollars ($250.00) for the first offense and automatic expulsion for the second offense.

### SECTION 2. UNDER THE INFLUENCE AT A MEETING

Any member under the influence of drugs, chemical substances and/or alcohol at any meeting of this Local shall be denied attendance at such meeting, and after trial and being found guilty, be fined in an amount not to exceed two hundred and fifty dollars ($250.00). Repeated incidents by such member shall result in charges and penalties as the Local may see fit under Section 13 of these By-Laws.

### SECTION 3. CONSTANT LATENESS

Any member who is consistently late for a position in the jurisdiction of this Local shall be charged under Section 13 of these By-Laws and dealt with summarily.

### SECTION 4. CHAIRPERSONS AND MEMBERS OF COMMITTEES

Any Chairperson of a committee, who, after accepting the appointment, shall refuse or neglect to perform the duties required, shall be subject to removal by the President of the Local, and may be fined in an amount not to exceed fifty dollars ($50.00). Any member of a committee who, after accepting the appointment, shall refuse or neglect to perform the duties required shall be subject to removal by the Chairperson of that committee and may be fined in an amount not to exceed twenty-five dollars ($25.00). There shall be a standing committee appointed, as per Article VI, Section 1, of this Constitution to publish a newsletter of the Local. This newsletter shall be published on a regular basis and shall impart to the general membership any information deemed worthwhile by the committee.

### SECTION 5. SUMMONED MEMBERS

Any member who is summoned to appear at a meeting of the membership, the Executive Board or a legally appointed committee of the Local and fails to appear without due cause, after receiving due notice of same, may be fined an amount determined by the Executive Board not to exceed one hundred dollars ($100.00).

### SECTION 6. ADDRESS OF MEMBERS

Any member who fails to notify the Local office within ten (10) days after changing his or her address and/or telephone number shall be fined ten dollars ($10.00) for each offense.

### SECTION 7. DONATION OF SERVICES

Any member shall be permitted to donate any part or all of his or her services under the jurisdiction of this Local with permission of the Business Representative in writing. Penalty for violation shall be to such extent as the Local may see fit after trial and being found guilty.

### SECTION 8. DOUBLING UP

No member shall work two (2) departments or two (2) categories under the jurisdiction of this Local to such an extent as to be a detriment to the principles of this Local or to the safety of its members, except as expressly allowed by written agreement or contract of this Local. Penalty for violations shall be to such an extent as the Local may see fit after trial.

### SECTION 9. LEAVING A POSITION

Any member leaving a position under the jurisdiction of this Local without the approval of the Business Representative or the employer shall be liable to such penalty as the Local may see fit after trial.

### SECTION 10. MISCONDUCT AT A MEETING

Any member whose actions shall cause disruption to a meeting may be summarily fined in an amount not to exceed twenty-five dollars ($25.00) for each offense and may, if said member persists in disrupting the meeting, at the discretion of the Presiding Officer, be summarily ejected.

### SECTION 11. FAILURE TO CARRY MEMBERSHIP CARD

Members of this Local should carry their membership card at all times. Any member who cannot show his or her membership card while working may be fined five dollars ($5.00).

### SECTION 12. REFUSING TO SHOW MEMBERSHIP CARD

Any member who refuses or is unable to show his or her membership card to the Sergeant-at-Arms before signing the Roll Book and/or entering the meeting hall may be denied entry. If such member persists in disrupting the orderly process, he or she may be ejected from the premises and summarily fined in an amount not to exceed one hundred dollars ($100.00).

### SECTION 13. CONDUCT UNBECOMING A MEMBER

Any conduct by a member of this Local that is contrary to Trade Unionism, or that would bring discredit to this Local or the Alliance shall be an offense against this Local. If found guilty thereof after trial, the offending member shall be liable to such penalty or penalties as the Local may see fit.

### SECTION 14. WEAPONS

Any member carrying a dangerous weapon into a meeting or into the Local's Office shall be summarily fined five hundred dollars ($500.00). Further violations of this Section shall result in penalty or penalties as the Local shall see fit after trial and found guilty. If found guilty of further violations of this section, the offending member shall be liable to such penalty or penalties as the Local may see fit, including criminal prosecution.

### SECTION 15. RELUCTANCE TO REMEDY MEMBERSHIP STATUS

Any member of this Local who accepts employment under an IATSE agreement shall, within seven (7) days of the receipt of his or her first wages, pay any outstanding financial obligation due this Local. Any member who does not do so within seven (7) days as stated above, and makes no special arrangements to do so, shall be fined twenty-five dollars ($25.00) per ensuing day worked, until the obligation is paid, until a request for terms-of-payment has been received in the Local office, or until the member is suspended, at which time the fine will cease to amass. The suspended member shall be liable for further penalties or fines as per Article IX, Section 2 and 3 of this Constitution.

### SECTION 16. AMENDMENTS TO THE BY-LAWS

Alterations or amendments to these By-Laws shall be presented, in writing, to the Executive Board. Any proposed alteration or amendment signed by less than twenty per cent (20%) of the members in good standing shall first be presented at the next regularly scheduled membership meeting or special meeting for discussion and subsequent approval of the wording of the alteration or amendment. Proposed alterations or amendments signed by more than twenty per cent (20%) of the members in good standing, and any proposed alterations or amendments that had been approved at a membership meeting or special meeting, shall be considered valid propositions.

At the next scheduled membership mailing, or in the next membership newsletter, but in any case, within thirty (30) days of receipt of a valid proposition, the Executive Board shall send voting notification to all members, including the proposition(s), and date, time, and address of the ballot pick-up and count. Ballots shall be mailed to all eligible voters on or about the thirtieth (30th) day following the mailing of the notification of voting. Ballots shall be prepared as described in Article XIV of this Constitution, substituting By-Laws for Constitution where applicable and shall be counted as described in Article XIV, of this Constitution.

Ballots returned by a quorum of fifteen per cent (15%) of the eligible membership shall be necessary to validate the vote.

Any proposed alteration or amendment receiving a favorable majority of valid returned ballots shall be declared approved, and presented, in writing, to the International President for endorsement. If such endorsement is received, all members will be so notified, in writing, within ten (10) days of receipt of the endorsement. Notification will include the date on which the alteration or amendment will take effect. Endorsed alterations or amendments shall take effect when endorsed by the International.

## STANDING RULES

1.  No business shall be taken up except in the order prescribed, unless on motion. Such irregularities shall be sanctioned by a majority of the members present.

2.  No motion shall be received or laid before this Local, unless moved by two (2) members, nor open for discussion until stated by the Presiding Officer. When a question is before the Local, no other motions shall be in order, except first, to adjourn; second, to lay on the table; third, the previous question; fourth, to postpone; fifth, to refer; sixth, to amend; which motions shall take precedence in the order in which they are arranged. The first three (3) shall be decided without debate, unless it is proposed to postpone to a definite period, in which case it shall be debatable.

3.  Resolutions, amendments to the Constitution and By-Laws, and charges against Officers and members must, in all cases, be presented in writing; otherwise they shall not be considered.

4.  The mover of any verbal proposition shall upon the request of the Chair, or two (2) or more members, reduce it to writing.

5.  Any member entitled to a vote may move for a division of the questions when the sense of the same will admit it.

6.  A motion to reconsider any former motion or vote shall only be made and seconded by members who voted in the majority.

7.  When the reading of any paper is called for and objected to, the question shall be decided by vote.

8.  A division of this Local shall be taken on any question and recorded at the request of five (5) members.

9.  When members speak, they shall rise and address the Presiding Officer, confining themselves strictly to the merits of the question under consideration. A member shall not be interrupted while speaking, unless by the Presiding Officer, who may call to order, or admonish to a closer adherence to the subject, and to avoid all personalities. Nor shall a member be allowed to speak more than twice on the same subject without the permission of the Presiding Officer. When two (2) or more members rise at once, the Presiding Officer shall decide who shall speak first. The Presiding Officer may establish a time limit for individual discussions from the floor.

10. On the call of five (5) members for the previous question, the Presiding Officer shall put it in this form: "Shall the question be now put?" and until this is decided, it shall preclude all amendments to the main question and further debate shall cease.

11. The Officer or member presiding in the absence of the President shall, for that time, possess all the powers and privileges vested in the President by the Constitution and By-laws of this Local.

12. No subject of a partisan or religious nature shall at any time be admitted.

13. No person who is not a member of this Alliance shall be allowed at any of the meetings without the consent of this Local.

14. In the absence of a standing rule to apply to questions before the Local, recourse shall be had to Robert's Rules of Order.

15. Questions of order shall be decided by the Presiding Officer, but in the case of an appeal from that Officer's decision, the meeting shall determine without debate.

16. No alcoholic beverages shall be allowed in the meeting hall proper of this Local while the meeting is in session.

17. No new business shall be introduced at a meeting of this Local unless submitted in writing to the Presiding Officer prior to the start of the membership meeting.

# ORDER OF BUSINESS

## RULES OF ORDER

1.  Obligation of new members

2.  Opening of meeting

3.  Roll Call of Officers

4.  Reading of Minutes of previous meeting

5.  Report of Executive Board/Minutes of Executive Board Meetings

6.  Business Representative's Report

7.  Treasurer's Report

8.  Reports of Committees

9.  Unfinished Business

10. New Business (By Agenda)

11. Good and Welfare Closing or Recess of meeting

## APPENDIX "A"

**CRAFTS AND CRAFT CATEGORIES**  **LOCAL 479 STUDIO MECHANICS**

**Art Department**
- Art Dept. Coordinator
- Set Designer
- Graphic Artist

**Construction**
- Coordinator
- Foreman
- Buyer
- Gang Boss
- Toolman
- Propmaker
- Model Maker
- Welder
- Utility

**Craft Service**
- Key Craft Service
- Asst. Craft Service

**Grip**
- Key Grip
- Best Boy Grip
- Dolly Grip
- Grip

**Electrical**
- Gaffer
- Best Boy
- Lamp Operator
- Generator Operator
- Dimmer Operator
- Electrician

**Rigging**
- Key Grip
- Gaffer

**Greens**
- Foreman
- Gangboss
- Greensman

**Paint**
- Charge Scenic
- Scenic Artist
- Foreman
- Gang Boss
- Sign Writer
- On-Set Painter
- Set Painter
- Utility

**Plaster**
- Foreman
- Plasterer

**Props**
- Prop Master
- Assistant Prop Master
- Prop Persons
- Armorer
- Marine Coordinator
- Picture Car Coordinator
- On-Set Picture Cars/Boats
- Boat Handler

**Set Dressing**
- Set Decorator
- Lead Person
- Draper
- Set Dresser/Swing Gang
- On-Set Dresser
- Buyer

**Special Effects**
- Coordinator
- Foreman
- Effects Technician

**Sound/Video**
- Mixer
- Boom Operator
- Cable Person 24-Frame
- Playback
- Projectionist
- Video Assist
- ENG Sound

**Wardrobe**
- Costume Designer
- Supervisor
- Key Costumer
- Key Set Costumer
- Set Costumer
- Costumer
- Ager/Dyer
- Seamstress/Tailor
- Buyer

**MISC**
- Medic
- Set Teacher
- Tutor
- Locations