UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AUMIYAH RICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO._____ |
| ) | |
| COMMUNITY CARE HEALTH ) | |
| NETWORK, LLC d/b/a MATRIX ) | |
| MEDICAL NETWORK ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Aumiyah Rich ("Plaintiff") submits the following Complaint for damages under the Americans with Disabilities Act of 1990 ("ADA") as amended against Defendant Community Care Health Network, LLC d/b/a Matrix Medical Network ("Defendant").

## JURISDICTION AND VENUE

1. This action is for ADA discrimination and retaliation. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, liquidated damages, and attorney's fees and costs.

2. This Court has jurisdiction over the present matter pursuant to 28 U.S.C. § 1331.

3. Venue is appropriate in this Court as upon information and belief the events complained of herein occurred within the geographic boundaries of the U.S. District Court for the Northern District of Georgia and upon information and belief all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a former employee of Defendant.

5. Defendant is a domestic for-profit corporation registered to conduct business in the state of Georgia.

6. Defendant may be served through its registered agent if service of process is not waived:

Registered Agent Name: **Corporation Service Company**
Physical Address: **2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA**
County: **Gwinnett**

7. This Court has personal jurisdiction over Defendant.

## JURISDICTION AND VENUE

8. Plaintiff's ADA and retaliation claims present federal questions over which this Court has jurisdiction under 28 U.S.C. §§ 1331 *et seq.,* and this Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

9. This Court is an appropriate venue for all of Plaintiff's claims under 28 U.S.C. § 1391(b) and (c) because all the parties reside within the Northern District of Georgia, and many events giving rise to Plaintiff's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

10. On September 2, 2022, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant. Attached hereto and incorporated herein is **Exhibit A**.

11. On February 15, 2023, the EEOC issued Plaintiff her notice of right to sue. Attached hereto and incorporated herein is **Exhibit B**.

12. Plaintiff has exhausted her administrative remedies prerequisite to the filing this suit pursuant to the ADA.

13. This lawsuit has been filed within 90 days of Plaintiff's receipt of her notice of right to sue.

## **STATEMENT OF FACTS**

14. During all time relevant to this lawsuit, the Defendant employed more than fifteen (15) employees for each working day during each of twenty (20) or more calendar weeks during Plaintiff's employment.

15. Defendant is an entity covered by the ADA.

16. Plaintiff suffers from Type I Diabetes.

17. Plaintiff's Disability constitutes a chronic condition disability as defined by the ADA.

18. Defendant was aware of Plaintiff's Disability.

19. Plaintiff began working for Defendant on or about June 6, 2022.

20. Upon hire, Plaintiff began a training class that upon information and belief was to be 6-8 weeks long.

21. Plaintiff's manager was Deidre Carroll.

22. In late July, 2022, Plaintiff began to have complications from her disability.

23. Plaintiff was seen and treated in the emergency room on July 28, 2022, and received a note excusing her from work until August 1, 2022.

24. Plaintiff reported her absence to Ms. Carroll.

25. Ms. Carrol appeared frustrated that Plaintiff was unable to complete her training.

26. On July 31, 2022, Plaintiff was again hospitalized due to complications from her disability.

27. Plaintiff again communicated her hospitalization to Defendant.

28. Defendant acknowledged that Plaintiff was disabled.

29. Defendant acknowledged her need for an accommodation.

30. Despite these acknowledgements, Plaintiff was told that because she didn't complete training she would be terminated, but that she could reapply with Defendant when she was healthy.

31. On August 8, 2022, Plaintiff sent Ms. Carroll a text stating that she was in the recovery stage and would be able to return to work Wednesday, August 10, 2022.

32. Ms. Carroll replied to Plaintiff's text stating that Plaintiff would have to submit a new application and go through the hiring process again.

33. Plaintiff submitted a new application, and continually reached out to Ms. Carroll regarding her being rehired, but to no avail as Plaintiff was never given another opportunity.

34. After Plaintiff recovered from her hospitalization, Defendant had openings for which Plaintiff was qualified.

35. Despite Plaintiffs efforts to be rehired, Plaintiff was never given an opportunity to rejoin Defendant.

36. Plaintiff was discharged by Defendant in violation of the ADA.

37. Plaintiff was not rehired in violation of the ADA.

## COUNT I

## VIOLATION OF ADA

38. Plaintiff incorporates by refence each and every preceding paragraph of this Complaint.

39. Plaintiff has a disability as defined by the ADA.

40. As detailed above, Defendant was aware of Plaintiff's disability and her hospitalization due to said disability.

41. Defendant terminated Plaintiff's employment while she was hospitalized and informed Plaintiff that she would have to reapply, be rehired, and then when she reapplied, she was not hired or allowed to return.

42. Defendant refused to further engage in the deliberative process to come up with a reasonable accommodation.

43. Defendant's actions violated the ADA.

44. As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered damages, including but not limited to loss of pay, job benefits, emotional distress, and all other damages allowed by law.

## COUNT II

## RETALIATION

45. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

46. Plaintiff engaged in a protected activity under the ADA.

47. In response, Defendant retaliated against Plaintiff.

48. Specifically, Plaintiff was retaliated against (1) when she was terminated while hospitalized due to complications explicitly stemming from her disability, (2) when she was told that she would have to reapply, be rehired, and repeat all training, and (3) when she applied and was not rehired.

49. Defendant's actions constitute unlawful retaliation in violation of the ADA, as amended.

50. Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's retaliation against Plaintiff was undertaken intentionally and in bad faith.

51. As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished

employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a)   a declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the ADA;

(b)   an injunction prohibiting Defendant from engaging in unlawful employment practices in violation of the ADA;

(c)   full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)   front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e)   liquidated damages and compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f) punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its conduct toward Plaintiff and deter it from similar conduct in the future;

(g) reasonable attorney's fees and costs; and

(h) nominal damages and any other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of May, 2023.

/s/ *J. Stephen Mixon*
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorneys for Plaintiff
THE MIXON LAW FIRM
3344 Peachtree Street
Suite 800
Atlanta, Georgia 30326
Telephone: (770) 955-0100