IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

GARY BROOKS,

      Plaintiff,

v.

MICHAEL A. MANUEL TRUCKING, INC.,
GREAT WEST CASUALTY COMPANY,
and TAYLOR WRIGHT,

      Defendants.

CIVIL ACTION
FILE NO.: <u>23SV0297E</u>

## ANSWER AND DEFENSES OF DEFENDANTS

COME NOW, Defendants MICHAEL A. MANUEL TRUCKING, INC. ("Manuel Trucking"), GREAT WEST CASUALTY COMPANY ("Great West"), and TAYLOR WRIGHT ("Wright") (hereinafter collectively referred to as "Defendants"), and without waiving any applicable defenses as to process or service of process, or venue, files this Answer and Defenses to Plaintiff's Complaint for Damages ("Plaintiff's Complaint"), showing the Court as follows:

## PRELIMINARY STATEMENT

The discovery process, including depositions of parties and witnesses, has not occurred, and defendants reserve the right to amend these responses hereto and add or delete affirmative defenses based upon facts to be determined in the discovery process.

## FIRST DEFENSE

Plaintiff's Complaint fails to set forth a claim against these Defendants upon which relief can be granted.

## SECOND DEFENSE

To the extent as may be shown by the evidence through discovery, Defendants

preserve/assert the defenses of assumption of the risk, failure to avoid consequences, failure to exercise ordinary care, failure to mitigate damages, estoppel, fraud, illegality, payment, release, res judicata, statute of limitations and waiver.

## **THIRD DEFENSE**

Defendants show that the injuries allegedly suffered by the Plaintiff were not proximately caused by Defendants.

## **FOURTH DEFENSE**

Great West raises all affirmative defenses available to it under the Georgia Direct Action Statutes, and shows pursuant to applicable case law that it is a mere surety, not a joint tortfeasor. See, e.g., Jackson v. Sluder, 256 Ga. App. 812, 817, 569 S.E.2d 893, 897 (2002).  Great West also raises and asserts all applicable provisions of the Georgia Constitution, including provisions relating to venue and vanishing venue. Great West hereby preserves all applicable venue defenses under O.C.G.A. § 14-2-510, as well as the Coastal Transp., Inc. v. Tillery, 270 Ga. App. 135, 139, 605 S.E.2d 865, 868 (2004) case line.

## **FIFTH DEFENSE**

Defendants deny all allegations set forth in Plaintiff's Complaint and any averments not specifically admitted or denied hereinabove are now denied. Defendants further deny Plaintiff's prayer for relief and entitlement to recovery following Paragraph No. 37 of the Complaint.

## **SIXTH DEFENSE**

Plaintiff's Complaint fails to plead special damages with particularity, as required by O.C.G.A. § 9-11-9(g).

### SEVENTH DEFENSE

Any application of the provisions of O.C.G.A. § 51-12-5.1 to this case, in regard to any claim for punitive damages against Defendants would be unconstitutional for the following reasons:

(1)    Defendants did nothing for which they should be punished, penalized or deterred and, therefore, any recovery of punitive damages against Defendants would deprive Defendants of properly held due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article I, § I, Paragraph I of the Constitution of the State of Georgia;

(2)    Any recovery of punitive damages against Defendants would violate the provisions of Article I, § I, Paragraph II of the Constitution of the State of Georgia;

(3)    Any recovery of punitive damages against Defendants would deprive Defendants of their right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia; and

(4)    Any recovery of punitive damages would violate the guarantee clause against "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article I, § I, Paragraph XVII of the Constitution of the State of Georgia.

### EIGHTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in Georgia are unduly vague and subjective, and permit retroactive,

random, arbitrary, and capricious punishment that serves no legitimate governmental interests.

## NINTH DEFENSE

For a Ninth Defense, these Defendants answer the numbered paragraphs of the Complaint as follows:

## PARTIES AND JURISDICTION

1.

Upon information and belief, admitted.

2.

Admitted.

3.

Admitted.

4.

Admitted.

5.

Admitted.

6.

Defendants admit jurisdiction and venue are proper in the United States District Court for the Northern District of Georgia, Newnan Division. Defendants deny the remaining averments set forth in Paragraph 6 of Plaintiff's Complaint.

## BACKGROUND

7.

Admitted.

8.

Denied.

(Second Paragraph No. 8)

Denied.

9.

Denied.

10.

Defendants admit Wright's tractor-trailer was at the BP truck stop around the time of the incident and, further admit at or about the time of the alleged incident, Defendant Wright departed the BP truck stop with no knowledge that Plaintiff would later claim Defendant Wright "ran over" Plaintiff's legs. Upon information and belief, Defendants further admit that a surveillance camera may have captured Defendant Wright departing the BP truck stop. All remaining averments set forth in Paragraph 10 are denied.

## COUNT I – NEGLIGENCE PER SE OF DEFENDANT TAYLOR WRIGHT

11.

Defendants incorporate their answers to the preceding paragraphs 1 through 10 as if fully set forth herein.

12.

Denied.

13.

Denied.

14.

Denied.

15.

Denied.

16.

Denied.

17.

Denied.

## **COUNT II – NEGLIGENCE OF DEFENDANT TAYLOR WRIGHT**

18.

Defendants incorporate their answers to the preceding paragraphs 1 through 17 as if fully set forth herein.

19.

Denied.

20.

Denied.

21.

Denied.

22.

Denied.

23.

Denied.

24.

Denied.

## COUNT III – VICARIOUS LIABILITY OF DEFENDANT MICHAEL A. MANUEL TRUCKING, INC.

### 25.

Defendants incorporate their answers to the preceding paragraphs 1 through 24 as if fully set forth herein.

### 26.

Admitted.

### 27.

Defendants deny Plaintiff's characterization of the incident giving rise to the lawsuit as "a wreck" but admit Wright was acting within the course and scope of his employment with Michael A. Manuel Trucking, Inc., at and around the time of the alleged incident giving rise to this action.

### 28.

Defendants admit Wright was acting within the course and scope of his employment with Michael A. Manuel Trucking, Inc., at and around the time of the alleged incident giving rise to this action, but deny duty, breach, proximate cause and damages. Defendants further deny all remaining averments set forth in Paragraph 28 to the extent such averments have not otherwise previously been denied.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION BY DEFENDANT MICHAEL A. MANUEL TRUCKING, INC.

### 29.

Defendants incorporate their answers to the preceding paragraphs 1 through 28 as if fully set forth herein.

### 30.

Denied.

31.

Denied.

32.

Denied.

33.

Denied.

## COUNT V – NEGLIGENT INSPECTION, MAINTENANCE & REPAIR BY DEFENDANT MICHAEL MANUEL TRUCKING, INC. AND DEFENDANT TAYLOR WRIGHT

34.

Defendants incorporate their answers to the preceding paragraphs 1 through 33 as if fully set forth herein.

35.

Denied.

36.

Denied.

## COUNT VI – DIRECT ACTION

37.

Defendants incorporate their answers to the preceding paragraphs 1 through 36 as if fully set forth herein.

38.

Admitted.

39.

Admitted.

40.

Admitted.

41.

Denied.

## **COUNT VII – DAMAGES**

42.

Defendants incorporate their answers to the preceding paragraphs 1 through 41 as if fully set forth herein.

43.

Denied.

44.

Denied.

45.

Denied.

46.

Denied.

47.

Denied.

## **COUNT VIII – PUNITIVE DAMAGES**

48.

Defendants incorporate their answers to the preceding paragraphs 1 through 47 as if fully set forth herein.

49.

Denied.

50.

Denied.

51.

Denied.

52.

Denied.

53.

Denied.

54.

Denied.

55.

Denied.

## COUNT IX – EXPENSES OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

56.

Defendants incorporate their answers to the preceding paragraphs 1 through 55 as if fully set forth herein.

57.

Denied.

58.

Denied.

**TENTH DEFENSE**

All allegations in Plaintiff's Complaint not specifically admitted or denied hereinabove are now generally denied.

WHEREFORE, having responded to Plaintiff's Complaint, Defendants pray the Court as follows:

(1) That Plaintiff's Complaint be dismissed with prejudice;

(2) That all issues of fact be tried by a jury of twelve (12);

(3) That all costs associated with the action be taxed against Plaintiff to include a reasonable fee for these Defendants' attorneys; and

(4) For such and further relief as the Court deems just and proper.

Respectfully submitted, this 15th day of May, 2023.

McMICKLE, KUREY & BRANCH, LLP

By: */s/ Paschal Glavinos* 
KEVIN P. BRANCH
Georgia Bar No. 111839
PASCHAL GLAVINOS
Georgia Bar No. 817127
*Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
kpb@mkblawfirm.com
pglavinos@mkblawfirm.com

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on this date I have electronically filed the foregoing **ANSWER AND DEFENSES OF DEFENDANTS** with the Clerk of the Court using the Odyssey e-Filing system, which will automatically send a notification attaching same thereon to the following counsel of record:

Tyler Bridgers
The Simon Law Firm
2860 Piedmont Road NE
Suite 210
Atlanta, GA 30305
tyler@simon.law
*Attorney for Plaintiff*

This 15th day of May, 2023.

*/s/ Paschal Glavinos*
PASCHAL GLAVINOS
For the Firm

M1031189.1 15463                                             -12-