IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MEGAN ELIZABETH HAINES,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN P. KRUYNE, WSP GLOBAL, INC., WSP USA, INC., WSP USA ADMINISTRATION, INC., WSP USA SERVICES, INC., WSP USA SOLUTIONS, INC., WSP USA DESIGN, INC., WSP USA BUILDINGS, INC.,<br><br>    Defendants. | CIVIL ACTION FILE NO.:<br><br>_____ |

## NOTICE OF REMOVAL

Defendants WSP Global, Inc., WSP USA, Inc., WSP USA Administration, Inc., WSP USA Services, Inc., WSP USA Solutions, Inc., WSP USA Design, Inc., and WSP USA Buildings, Inc. (collectively, the "WSP Defendants"), through counsel, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

1. Plaintiff Megan Elizabeth Haines commenced this action against Defendants by filing an initial Complaint for Damages (the "Complaint") in the

Superior Court of Gwinnett County, Georgia, on May 8, 2023. A copy of the Complaint is attached hereto as <u>Exhibit A</u>.

2.  No process, pleadings, or orders were served on any of the WSP Defendants in this action. Additionally, the WSP Defendants are unaware of any attempt by Plaintiff to effectuate service in this action.

3.  To the WSP Defendants' knowledge, no other defendant has been served in the state court action.

4.  The state-court action is captioned *Megan Elizabeth Haines v. WSP Global, Inc., et al.*, Civil Action File No. 23-A-03969-3.

5.  Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.  This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the Plaintiffs' Complaint in this action, which was filed on May 8, 2023, has not been served on the WSP Defendants.

7.  Pursuant to 28 U.S.C. § 1332, which provides for diversity jurisdiction, the "district courts shall have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

8. First, the amount in controversy is greater than $75,000. Eight of Plaintiff's claims seeks punitive damages. In Georgia, punitive damages are capped at $250,000 except where a defendant is found to have "acted, or failed to act, with the specific intent to cause harm." O.C.G.A. § 51-12-5.1.

9. Plaintiff claims that the WSP Defendants committed various acts or failed to act with the intent to cause harm including by allegedly viewing surveillance of her in violation of her privacy and dignity, permitting Defendant Kruyne to remain an employee "despite knowing that Kruyne is reported . . . to have a propensity and/or ability to engage in acts of sexual misconduct", and failing to "remedy, correct, investigate and compensate Plaintiff for the multiple intentional and non-intentional torts" by the Defendants. (Compl. at ¶¶ 59, 66, 174.)[1]  Therefore, the amount in controversy for Plaintiff's punitive damages claims are not capped at $250,000 (which, in itself, is greater than $75,000).

---

[1] The WSP Defendants deny they committed any of the actions or inactions alleged by Plaintiff and deny any and all liability to Plaintiff.

10. Moreover, civil claims for negligence resulting in sexual assault in Georgia, as in this case, frequently result in damages greater than $75,000. *See e.g., E.W. v. Aderhold Props.*, 2012 WL 2114966 (Ga. Super. Jan. 12, 2012) (awarding $350,000 against property manager of apartment complex where sexual assault occurred on grounds of failure to provide security); *V.V. v. Tel-Star Alarms*, 2011 WL 7657731 (Ga. State Ct. Nov. 11, 2011) (awarding $8,640,000 against home security system company where defendant's alleged negligence resulted in sexual assault).

11. Additionally, there is complete diversity between the parties. Plaintiff Megan Elizabeth Haines is currently a citizen of the State of Georgia. (Compl. at ¶ 1.)

12. None of the WSP Defendants are citizens of Georgia as none of their principal places of business or places of incorporation are in Georgia. *See e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 88, 130 S. Ct. 1181, 1190, 175 L. Ed. 2d 1029 (2010) ("A corporation was to 'be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'") (citation omitted).

13. WSP Global, Inc. is a Canadian corporation with its principal place of business in Canada.

14. WSP USA, Inc.'s principal place of business and state of incorporation are New York.

15. WSP USA Administration Inc.'s principal place of business is New York and it is incorporated in Delaware.

16. WSP USA Services, Inc.'s principal place of business is Virginia and it is incorporated in Delaware.

17. WSP USA Solutions Inc.'s principal place of business and state of incorporation is New Jersey.

18. WSP USA Design, Inc.'s principal place of business is Pennsylvania and it is incorporated in Delaware.

19. WSP USA Buildings, Inc.'s principal place of business and state of incorporation are New York.

20. Defendant Steven P. Kruyne is not a resident of Georgia. As stated in the Complaint, Mr. Kruyne is a resident of Virginia. (Compl. at ¶ 2.) Upon information and belief, Plaintiff has not served process on Mr. Kruyne.

21. Because none of the Defendants is a resident of the same state as Plaintiff there is complete diversity.

22. A true and correct copy of this Notice is being filed promptly with the Gwinnet County Superior Court pursuant to 28 U.S.C. § 1446(d).

23.     Written notice of the filing of this Notice will be served promptly on counsel for all adverse parties, pursuant to 28 U.S.C. § 1446(d), as reflected in the attached Certificate of Service.

24.     By removing this action from the Superior Court of Gwinnett County, Georgia, the WSP Defendants do not waive any defenses available to them.

25.     By removing this action from the Superior Court of Gwinnett County, Georgia, the WSP Defendants do not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the WSP Defendants respectfully remove this civil action from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 15th day of May, 2023.

        Respectfully submitted,

        **HOLLAND & KNIGHT LLP**

        *s/ Todd D. Wozniak*
        Todd D. Wozniak
        Georgia Bar No. 777275
        MacKenzie Gansert
        Georgia Bar No. 824821
        Regions Plaza, Suite 1800
        1180 West Peachtree Street
        Atlanta, Georgia  30309
        Telephone:  (404) 817-8500
        Facsimile:   (404) 881-0470
        E-Mail:  todd.wozniak@hklaw.com
        E-Mail:  mackenzie.gansert@hklaw.com

        *Counsel for Defendants*
        *WSP Global, Inc., WSP USA, Inc., WSP USA Administration, Inc., WSP USA Services, Inc., WSP USA Solutions, Inc., WSP USA Design, Inc., and WSP USA Buildings, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I have electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served the same upon counsel for Plaintiffs via electronic mail and United States First Class Mail, properly addressed as follows:

Anitra R. Price, Esq.
Anitra R. Price P.C.
101 Devant Street, Suite 405
Fayetteville, Georgia 30214
aprice@anitrapriceesqlaw.com

This 15th day of May, 2023.

*s/ Todd D. Wozniak*
Todd D. Wozniak
Georgia Bar No. 777275