# Exhibit A

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-03969-3

5/8/2023 5:20 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MEGAN ELIZABETH HAINES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| | ) | 23-A-03969-3 |
| **v.** | ) | |
| | ) | |
| **STEVEN P. KRUYNE,** | ) | |
| **1735 Dairy Road** | ) | |
| **Charlottesville, VA 22903** | ) | |
| **-and-** | ) | |
| **WSP GLOBAL, INC.** | ) | |
| **c/o C T CORPORATION SYSTEM** | ) | |
| **289 S. Culver Street** | ) | |
| **Lawrenceville, Georgia 30046-4805** | ) | |
| **-and-** | ) | |
| **WSP USA, INC.** | ) | |
| **c/o C T CORPORATION SYSTEM** | ) | |
| **289 S. Culver Street** | ) | |
| **Lawrenceville, Georgia 30046-4805** | ) | |
| **-and-** | ) | |
| **WSP USA ADMINISTRATION, INC.** | ) | |
| **c/o C T CORPORATION SYSTEM** | ) | |
| **289 S. Culver Street** | ) | |
| **Lawrenceville, Georgia 30046-4805** | ) | |
| **-and-** | ) | |
| **WSP USA SERVICES, INC.** | ) | |
| **c/o C T CORPORATION SYSTEM** | ) | |
| **289 S. Culver Street** | ) | |
| **Lawrenceville, Georgia 30046-4805** | ) | |
| **-and-** | ) | |
| **WSP USA SOLUTIONS INC.** | ) | |
| **c/o C T CORPORATION SYSTEM** | ) | |
| **289 S. Culver Street** | ) | |
| **Lawrenceville, Georgia 30046-4805** | ) | |
| **-and-** | ) | |
| **WSP USA DESIGN, INC.** | ) | |
| **c/o C T CORPORATION SYSTEM** | ) | |
| **289 S. Culver Street** | ) | |
| **Lawrenceville, Georgia 30046-4805** | ) | |
| **-and-** | ) | |

| | |
|---|---|
| **WSP USA BUILDINGS, INC.** | ) |
| **c/o C T CORPORATION SYSTEM** | ) |
| **289 S. Culver Street** | ) |
| **Lawrenceville, Georgia 30046-4805** | ) |
| <div align="center">**Defendants.**</div> | |

## PLAINTIFF'S INITIAL COMPLAINT FOR DAMAGES

**COMES NOW MEGAN ELIZABETH HAINES,** the Plaintiff in the above-styled matter and hereby files the within Plaintiff's Initial Complaint for Damages and shows the Court as follows:

## PARTIES, VENUE & JURISDICTION

1.

Plaintiff **MEGAN ELIZABETH HAINES** (hereinafter "Plaintiff" or "Ms. **HAINES**") is an adult female who has attained the age of the majority. Plaintiff was present in the **STATE OF GEORGIA** at the time that all allegations that are contained within this Initial Complaint occurred. Plaintiff is subject to the Jurisdiction and Venue of this Court by virtue of having filed this Initial Complaint for Damages and Demand for Jury Trial in the Superior Court of Gwinnett County.

2.

Defendant **STEVEN P. KRUYNE** (hereinafter "Defendant" or "**KRUYNE**") is an adult male who has attained the age of the majority. **KRUYNE** is a resident of the **STATE OF VIRGINIA** and may be served with the Summons and Initial Complaint for Damages at his last known residence or location to-wit: **1735 DAIRY ROAD, CHARLOTTESVILLE, VIRGINIA 22903**. Defendant **KRUYNE** is subject to the Jurisdiction and Venue of this Court.

3.

Defendant **WSP GLOBAL, INC.** (hereinafter referred to as "Defendant" or "**WSP GLOBAL**") is a foreign for-profit corporate entity that is in the **STATE OF GEORGIA**. Defendant **WSP GLOBAL** is a global professional engineering firm that is engaged in providing professional

engineering services to various corporate entities throughout multiple nations including the **UNITED STATES**, and particularly the **STATE OF GEORGIA**. Defendant **WSP GLOBAL** may be served with process of the Summons and Initial Complaint for Damages at the offices of its Registered Agent which are located at the following: **C T CORPORATION SYSTEM, 289 S. CULVER STREET, LAWRENCEVILLE, GEORGIA 30046-4805**. Defendant **WSP GLOBAL** is subject to the Jurisdiction and Venue of this Court upon the completion of service of process upon its Registered Agent in this matter.

4.

Defendant **WSP USA, INC.** (hereinafter referred to as "Defendant" or "**WSP USA**") is a foreign for-profit corporate entity that is in the **STATE OF GEORGIA**. Defendant **WSP USA** is a subsidiary corporate entity of **WSP GLOBAL** and is comprised of a professional engineering firm that is engaged in providing professional engineering services to various corporate entities throughout multiple nations including the **UNITED STATES**, and particularly the **STATE OF GEORGIA**. Defendant **WSP USA** may be served with process of the Summons and Initial Complaint for Damages at the offices of its Registered Agent which are located at the following: **C T CORPORATION SYSTEM, 289 S. CULVER STREET, LAWRENCEVILLE, GEORGIA 30046-4805**. Defendant **WSP USA** is subject to the Jurisdiction and Venue of this Court upon the completion of service of process upon its Registered Agent in this matter.

5.

Defendant **WSP USA ADMINISTRATION, INC.** (hereinafter referred to as "Defendant" or "**WSP USA ADMIN.**") is a foreign for-profit corporate entity that is in the **STATE OF GEORGIA**. Defendant **WSP USA ADMIN.** is a subsidiary corporate entity of **WSP GLOBAL** and is comprised of a professional engineering firm that is engaged in providing professional engineering services to various corporate entities throughout multiple nations including the **UNITED STATES**, and particularly the **STATE**

3

**OF GEORGIA**. Defendant **WSP USA ADMIN.** may be served with process of the Summons and Initial Complaint for Damages at the offices of its Registered Agent which are located at the following: **C T CORPORATION SYSTEM, 289 S. CULVER STREET, LAWRENCEVILLE, GEORGIA 30046-4805**. Defendant **WSP USA ADMIN.** is subject to the Jurisdiction and Venue of this Court upon the completion of service of process upon its Registered Agent in this matter.

6.

Defendant **WSP USA SERVICES, INC.** (hereinafter referred to as "Defendant" or "**WSP SERVICES**") is a foreign for-profit corporate entity that is in the **STATE OF GEORGIA**. Defendant **WSP SERVICES** is a subsidiary corporate entity of **WSP GLOBAL** and is comprised of a professional engineering firm that is engaged in providing professional engineering services to various corporate entities throughout multiple nations including the **UNITED STATES**, and particularly the **STATE OF GEORGIA**. Defendant **WSP SERVICES** may be served with process of the Summons and Initial Complaint for Damages at the offices of its Registered Agent which are located at the following: **C T CORPORATION SYSTEM, 289 S. CULVER STREET, LAWRENCEVILLE, GEORGIA 30046-4805**. Defendant **WSP SERVICES** is subject to the Jurisdiction and Venue of this Court upon the completion of service of process upon its Registered Agent in this matter.

7.

Defendant **WSP USA SOLUTIONS, INC.** (hereinafter referred to as "Defendant" or "**WSP SOLUTIONS**") is a foreign for-profit corporate entity that is in the **STATE OF GEORGIA**. Defendant **WSP SOLUTIONS** is a subsidiary corporate entity of **WSP GLOBAL** and is comprised of a professional engineering firm that is engaged in providing professional engineering services to various corporate entities throughout multiple nations including the **UNITED STATES**, and particularly the **STATE OF GEORGIA**. Defendant **WSP SOLUTIONS** may be served with process of the Summons and Initial Complaint for Damages at the offices of its Registered Agent which are located at the

following: **C T CORPORATION SYSTEM, 289 S. CULVER STREET, LAWRENCEVILLE, GEORGIA 30046-4805**. Defendant **WSP SOLUTIONS** is subject to the Jurisdiction and Venue of this Court upon the completion of service of process upon its Registered Agent in this matter.

8.

Defendant **WSP USA DESIGN, INC.** (hereinafter referred to as "Defendant" or "**WSP DESIGN**") is a foreign for-profit corporate entity that is in the **STATE OF GEORGIA**. Defendant **WSP DESIGN** is a subsidiary corporate entity of **WSP GLOBAL** and is comprised of a professional engineering firm that is engaged in providing professional engineering services to various corporate entities throughout multiple nations including the **UNITED STATES**, and particularly the **STATE OF GEORGIA**. Defendant **WSP DESIGN** may be served with process of the Summons and Initial Complaint for Damages at the offices of its Registered Agent which are located at the following: **C T CORPORATION SYSTEM, 289 S. CULVER STREET, LAWRENCEVILLE, GEORGIA 30046-4805**. Defendant **WSP DESIGN** is subject to the Jurisdiction and Venue of this Court upon the completion of service of process upon its Registered Agent in this matter.

9.

Defendant **WSP USA BUILDINGS, INC.** (hereinafter referred to as "Defendant" or "**WSP BUILDINGS**") is a foreign for-profit corporate entity that is in the **STATE OF GEORGIA**. Defendant **WSP DESIGN** is a subsidiary corporate entity of **WSP GLOBAL** and is comprised of a professional engineering firm that is engaged in providing professional engineering services to various corporate entities throughout multiple nations including the **UNITED STATES**, and particularly the **STATE OF GEORGIA**. Defendant **WSP BUILDINGS** may be served with process of the Summons and Initial Complaint for Damages at the offices of its Registered Agent which are located at the following: **C T CORPORATION SYSTEM, 289 S. CULVER STREET, LAWRENCEVILLE, GEORGIA 30046-4805**. Defendant **WSP BUILDINGS** is subject to the Jurisdiction and Venue of

this Court upon the completion of service of process upon its Registered Agent in this matter.

## STATEMENT OF FACTS

10.

Plaintiff is an Engineer and was employed at **GREENMAN PEDERSON, INC**. at the time that all allegations that pertain to this action occurred.

11.

On **MAY 23, 2022**, Plaintiff traveled to **PEACHTREE CITY, GEORGIA** for purpose of representing her employer at a conference that involved various entities including, but not limited to, **COPPER LIGHTING** and **CHEASEPEAKE LIGHTING** – both of which contain business offices that are located in **PEACHTREE CITY, GEORGIA**.

12.

Defendant **KRUYNE** was employed by Defendants as a Professional Engineer. **KRYUNE** was the coordinator or person of contact for purposes of the conference at which Plaintiff traveled to attend.

13.

Plaintiff, **KRUYNE** and representatives from **COOPER LIGHTING** and **CHEASAPEAKE LIGHTING** participated in various activities on **MAY 23, 2022**, including a tour of the **COOPER LIGHTING** facility that is in **PEACHTREE CITY, GEORGIA**.

14.

Plaintiff and other conference attendees, including **KRUYNE**, received hotel accommodations at the **HILTON GARDEN INN HOTEL**, which is also located in **PEACHTREE CITY, GEORGIA**.

15.

The conference attendees proceeded to check into their rooms at the **HILTON GARDEN INN**

**HOTEL** and prepared to attend dinner which was arranged for all conference attendees.

16.

Plaintiff, **KRUYNE** and other conference attendees attended dinner at a local Italian restaurant as a group activity related to the conference.

17.

At the conclusion of the dinner, Plaintiff, **KRUYNE** and other conference attendees returned to the **HILTON GARDEN INN HOTEL** in **PEACHTREE CITY**.

18.

Various conference attendees including Plaintiff, **KRYUNE** gathered at the bar and longue area of the **HILTON GARDEN INN HOTEL** in **PEACHTREE CITY**.

19.

Plaintiff, **KRYUNE** and others talked and had drinks.

20.

Plaintiff had one (1) drink and some wine that was provided by **KRUYNE**.

21.

Upon drinking the wine provided by **KRUYNE**, Plaintiff began to feel extremely groggy, tired and light-headed.

22.

Plaintiff did not begin to feel groggy, tired and light-headed until after she drank the wine that was provided by **KRUYNE**.

23.

Plaintiff went to her hotel room to retire for the evening.

24.

Shortly before midnight, **KRUYNE** knocked on Plaintiff's door.

25.

Plaintiff found **KRUYNE** at her door holding his toothbrush.

26.

**KRUYNE** asked Plaintiff for some toothpaste.

27.

Plaintiff went into her room to give **KRUYNE** her toothpaste.

28.

Instead of waiting outside for the toothpaste, **KRUYNE** followed Plaintiff into her room.

29.

Plaintiff thought that **KRUYNE** was going to brush his teeth and leave.

30.

Plaintiff felt faint and needed to lay down immediately.

31.

Plaintiff fell into a very deep sleep.

32.

Plaintiff awoke to find **KRUYNE** in her bed.

33.

Plaintiff was extremely groggy and dizzy and was physically unable to remove **KRUYNE** from

her hotel room.

34.

Plaintiff was able to awake briefly to find **KRUYNE** in her bed.

35.

**KRUYNE**'s naked erection was on her leg.

36.

Plaintiff remained groggy and tired throughout the following day.

37.

Later that day, Plaintiff recalled that **KRUYNE** had his erection pressed against her buttocks and groin areas.

38.

Plaintiff did not invite or permit **KRUYNE** to remain in her hotel room.

39.

Nor did Plaintiff permit **KRUYNE** to have any sexual contact or sexual intercourse with her.

40.

Plaintiff was extremely ashamed and embarrassed throughout the rest of the conference.

41.

Plaintiff completed her tasks at the conference as she did not want to be perceived as unprofessional due to **KRUYNE** being in her room.

42.

Plaintiff returned home at the conclusion of the conference.

43.

On or about **MAY 27, 2022**, the hotel staff and/or management at the **HILTON GARDEN INN** contacted the **PEACHTREE CITY POLICE DEPARTMENT** and reported the surveillance footage of **KRUYNE** that had been recorded within the hotel's security/surveillance system.

44.

Plaintiff received a call from the Human Resources Department at her employment and was advised that there was surveillance footage of her and **KRUYNE**.

45.

Plaintiff was informed that there is surveillance footage at the **HILTON GARDEN INN** that is located in **PEACHTREE CITY, GEORGIA of KRUYNE** placing a cellular device under her hotel room door in order to observe her.

46.

Plaintiff was further informed that there is surveillance footage at the **HILTON GARDEN INN in PEACHTREE CITY, GEORGIA** of **KRUYNE** adding a substance to the wine that he provided to Plaintiff and another person while he was at the hotel lounge and bar area prior to providing the same to conference attendees including Plaintiff.

47.

**KRUYNE** surveilled Plaintiff in her hotel room on multiple occasions during Plaintiff's stay at the **HILTON GARDEN INN** in **PEACHTREE CITY, GEORGIA**.

48.

On **MAY 23, 2022,** after Plaintiff retired to her hotel for the evening, **KRUYNE** surveilled Plaintiff in her hotel room for approximately thirty (30) minutes before he knocked on Plaintiff's door to ask her for some toothpaste.

49.

Plaintiff shows that Defendants received a copy of the surveillance footage that was provided by the **HILTON GARDIN INN** from other companies that were involved in the conference at which Plaintiff and **KRUYNE** attended.

50.

Plaintiff has sustained the violation of her privacy by the disclosure of surveillance footage that revealed **KRUYNE**'s commission of criminal acts against Plaintiff to include doping and peeping under Plaintiff's door with the intent to do harm upon Plaintiff.

51.

**KRUYNE** was not surveilled leaving Plaintiff's hotel room until the following morning.

52.

Plaintiff sustained dire physical and emotional harm because of the acts that **KRUYNE** committed against her.

53.

Plaintiff has been unable to return to work in person at her place of employment since **KRUYNE** committed the acts of sexual abuse, sexual battery, invasion of privacy and peeping tom upon her.

53.

Plaintiff has endured significant mental and emotional trauma because of the acts that **KRUYNE** committed against her person to include sexual contact and doping, without her consent.

54.

Plaintiff cooperated with the investigation of law enforcement regarding **KRUYNE** and the actions he committed against Plaintiff.

55.

Plaintiff shows that warrants have been issued against **KRUYNE** to include **SEXUAL BATTERY** (violation of O.C.G.A. § 16-6-22.1(C); **PEEPING TOM** (violation of O.C.G.A. § 16-11-61) and **UNLAWFUL EAVESDROPPING OR SURVEILLANCE** (violation of O.C.G.A. § 16-11-62).

56.

Plaintiff shows that the investigation of law enforcement has revealed that **KRUYNE** has had prior experience in committing the crimes that he committed upon Plaintiff including but not limited to **PEEPING TOM**, **DOPING/DRUGGING** and **UNLAWFUL EAVESTDROPPING OR SURVEILLANCE** based upon the methods and movements **KRUYNE** made upon the surveillance footage that was provided to law enforcement from the **HILTON GARDEN INN**.

11

## COUNT ONE – NEGLIGENCE –ALL CORPORATE DEFENDANTS

57.

Plaintiff hereby incorporates the pleadings as provided within Paragraphs One (1) through Fifty-Six (56) as if individually and specifically plead herein.

58.

Plaintiff shows that the Corporate Defendants accepted copies of the surveillance video in which **KRYUNE** was depicted surveilling Plaintiff in her hotel room, doping the wine **KRUYNE** gave to Plaintiff and gaining entrance to Plaintiff's hotel under false pretenses to commit acts of sexual battery and assault upon Plaintiff's person after doping Plaintiff with the contaminated wine **KRYUNE** provided to Plaintiff.

59.

Plaintiff shows that the Corporate Defendants and their employees viewed the subject surveillance video footage in violation of Plaintiff's privacy and dignity knowing that Plaintiff had been violated by **KRUYNE** due to **KRUYNE** being depicted committing various crimes against Plaintiff, including but not limited to, doping the wine **KRUYNE** gave to Plaintiff and gaining entrance to Plaintiff's hotel under false pretenses to commit acts of sexual battery and assault upon Plaintiff's person after doping Plaintiff with the contaminated wine **KRYUNE** provided to Plaintiff.

60.

Plaintiff shows that the Corporate Defendants entrusted **KRUYNE** with representing the Corporate Defendants at conferences despite **KRUYNE** having a propensity and ability committing acts of sexual misconduct, harassment and criminal activity during work-related conferences, including but limited to sexual assault, sexual battery, invasion of privacy and wrongful surveilling during the course of **KRUYNE**'s employment with the Corporate Defendants is generally negligent;

12

grossly negligent and constitutes willful and wanton misconduct on the part of Corporate Defendants.

61.

Plaintiff shows that the Corporate Defendant had actual and constructive knowledge that **KRYUNE** had a history and propensity to commit acts that violate one's privacy and engage in unwanted and unsolicited sexual contact with persons who are unconscious, semi-conscious and/or have been drugged.

62.

Plaintiff shows that the Corporate Defendant had actual and constructive knowledge that **KRYUNE** had a history and propensity to commit acts that invade one's privacy by way of surveilling one during private moments within his or her private quarters without obtaining prior consent of the person who is the subject of the surveillance.

63.

Plaintiff shows that the Corporate Defendant had actual and constructive knowledge that **KRUYNE** had a history of engaging in acts of sexual harassment, sexual battery and/or sexual assault against during his employment.

64.

Plaintiff shows that all Corporate Defendants failed to provide training and guidance to its employees, particularly **KRUYNE** to prevent and/or curtail the occurrence of sexual misconduct, harassment and criminal activity during work-related conferences, including but limited to sexual assault, sexual battery, invasion of privacy and wrongful surveilling.

65.

Plaintiff shows that all Corporate Defendants were advised of **KRUYNE's** criminal investigation but allowed **KRUYNE** to resign in lieu of termination.

66.

Plaintiff shows that the Corporate Defendants' permitted **KRYUNE** to remain an employee despite knowing that **KRUYNE** is reported by law enforcement to have a propensity and/or ability to engage in acts of sexual misconduct, harassment and criminal activity during work-related conferences, including but limited to sexual assault, sexual battery, invasion of privacy and wrongful surveilling during the course of **KRUYNE**'s employment with the Corporate Defendants is generally negligent; grossly negligent and constitutes willful and wanton misconduct on the part of Corporate Defendants.

67.

Plaintiff shows that the Corporate Defendants' action in allowing **KRUYNE** to resign in good standing despite knowing that **KRUYNE** is under criminal investigation for committing acts of sexual misconduct, harassment and criminal activity during work-related conferences, including but limited to sexual assault, sexual battery, invasion of privacy and wrongful surveilling during the course of **KRUYNE**'s employment with the Corporate Defendants exposes Plaintiff to have to encounter **KRUYNE** in future employment-related activities and functions; is generally negligent; grossly negligent and constitutes willful and wanton misconduct on the part of Corporate Defendants.

68.

Plaintiff shows that the actions of Defendants as described within this Count of this Initial Complaint were the direct and proximate cause of the physical, mental and emotional harm that has been incurred by Plaintiff.

69.

Plaintiff shows that the actions of Defendants as described within this Count of this Initial Complaint were the direct and proximate cause of the economic and non-economic damages that have been incurred by Plaintiff.

70.

Plaintiff shows that the actions of Defendants as described within this Count constitutes a willful, wanton and reckless disregard for the law for which damages, both compensatory and punitive damages are being sought by Plaintiff.

71.

Plaintiff is seeking punitive damages, pre-judgment and post-judgment interest, the payment of their legal expenses for having to pursue this action.

## COUNT TWO – NEGLIGENCE AGAINST KRUYNE

72.

Plaintiff hereby incorporates the pleadings as contained within Paragraphs One (1) through Seventy-One (71) as if individually and specifically plead herein.

73.

At all times relevant, **KRUYNE** was employed with the Corporate Defendants.

74.

**KRUYNE** knew that he has a pattern, practice and propensity to engage in and commit acts that violate one's privacy.

75.

**KRUYNE** had actual and constructive knowledge of his propensity to engage in acts of unwanted and/or non-consensual surveillance of persons who are within his/her private quarters, including, but not limited to hotel rooms.

76.

**KRUYNE** had actual and constructive knowledge of his propensity to commit acts to disable and drug others in social settings by way of contaminating wine and/or other drinks with sedating

15

substances.

77.

**KRYUNE** had actual and constructive knowledge of his propensity to commit acts of sexual harassment, sexual battery and/or assault by way of entering one's room under false pretenses after drugging said persons and engaging in unwanted sexual attacks against the unsuspecting victim.

78.

**KRUYNE** committed acts to violate the privacy of Plaintiff.

79.

**KURYNE** committed acts to violate the privacy of Plaintiff with expertise and experience as said acts were not detected by Plaintiff until **KRUYNE**'s actions violated Plaintiff's physical person.

80.

**KURYNE** devised and carried out a plot and scheme to gain access to Plaintiff's hotel room to enable **KRUYNE** to gain time and opportunity to commit acts of sexual battery and assault upon Plaintiff.

81.

**KRUYNE** devised and carried out a plot and scheme that provided **KRUYNE** with time and opportunity to induce sedating substance into the wine that he served to Plaintiff and another female attendee at said conference.

82.

Plaintiff shows that the law enforcement investigation of **KRUYNE**'s actions indicates that **KRUYNE** demonstrates expertise in committing the criminal acts that **KRUYNE** committed against Plaintiff.

83.

Plaintiff shows that **KRUYNE**'s actions as described herein within this Count of this Initial

Complaint were the direct and proximate cause of the physical, mental and emotional harm that has been incurred by Plaintiff.

84.

Plaintiff shows that the actions of **KRYUNE** as described within this Count of this Initial Complaint were the direct and proximate cause of the economic and non-economic damages that have been incurred by Plaintiff.

85.

Plaintiff shows that the actions of **KRYUNE** as described within this Count constitutes a willful, wanton and reckless disregard for the law for which damages, both compensatory and punitive damages are being sought by Plaintiff.

86.

Plaintiff is seeking punitive damages, pre-judgment and post-judgment interest, the payment of their legal expenses for having to pursue this action.


## COUNT THREE – INTENTIONAL TORT AND CRIMINAL ACTS
## ILLEGAL SURVEILLANCE
## (AGAINST DEFENDANT KRUYNE)

87.

Plaintiff hereby incorporates the pleadings as contained within Paragraphs One (1) through Eighty-Six (86) of this Initial Complaint for Damages as if individually and specifically plead here.

88.

Plaintiff shows that at all times included within this Count, **KRYUNE** was employed by the Corporate Defendants in this action.

89.

Plaintiff shows that at all times included within this Count, **KRUYNE** coordinated at

conference on behalf of the Corporate Defendants at which Plaintiff attended.

90.

Plaintiff shows that multiple conference attendees, including **KRYUNE** and Plaintiff stayed at the **HILTON GARDEN INN**, located in **PEACHTREE CITY, GEORGIA**.

91.

Plaintiff shows that on multiple occasions throughout the subject conference **KRYUNE** conducted unwanted surveillance and peeping upon Plaintiff while she was in her hotel quarters by way of placing a seeing device under the door of Plaintiff's hotel room.

92.

Plaintiff shows that **KRYUNE**'s act of surveillance and peeping upon Plaintiff by **KRYUNE** as described herein constitutes **UNLAWFUL EAVESDROPPING OR SURVEILLANCE** in violation of O.C.G.A. § 16-11-62.

93.

Plaintiff shows that **KRYUNE**'s act of surveillance and peeping upon Plaintiff by **KRYUNE** as described herein constitutes **PEEPING TOM** in violation of O.C.G.A. § 16-11-61.

94.

Plaintiff shows that **KRYUNE** additionally surveilled and peeped into Plaintiff's hotel room for at least thirty (30) minutes unbeknownst to Plaintiff before gaining access to Plaintiff's hotel room under the guise of needed toothpaste when **KRYUNE** planned to commit acts of unwanted sexual contact upon Plaintiff to include but not be limited to sexual battery upon Plaintiff's person.

95.

Plaintiff shows that **KRUYNE**'s actions as described herein within this Count of this Initial Complaint were the direct and proximate cause of the physical, mental and emotional harm that has been incurred by Plaintiff.

96.

Plaintiff shows that the actions of **KRYUNE** as described within this Count of this Initial Complaint were the direct and proximate cause of the economic and non-economic damages that have been incurred by Plaintiff.

97.

Plaintiff shows that the actions of **KRYUNE** as described within this Count constitutes a willful, wanton and reckless disregard for the law for which damages, both compensatory and punitive damages are being sought by Plaintiff.

98.

Plaintiff is seeking punitive damages, pre-judgment and post-judgment interest, the payment of their legal expenses for having to pursue this action.

## COUNT FOUR – COMMISSION OF INTENTIONAL TORT – DRUGGING and/or UTILZING DATE RAPE DRUG and/or SEDATING SUBSTANCE UPON PLAINITFF AGAINST DEFENDANT KRYUNE

99.

Plaintiff hereby incorporates the pleadings as contained within Paragraphs One (1) through Ninety-Eight (98) of this Initial Complaint for Damages as if individually and specifically plead here.

100.

Plaintiff shows that at all times included within this Count, **KRYUNE** was employed by the Corporate Defendants in this action.

101.

Plaintiff shows that at all times included within this Count, **KRUYNE** coordinated at conference on behalf of the Corporate Defendants at which Plaintiff attended.

102.

Plaintiff shows that multiple conference attendees, including **KRYUNE** and Plaintiff stayed at the **HILTON GARDEN INN**, located in **PEACHTREE CITY, GEORGIA**.

103.

Plaintiff shows that **KRYUNE** is depicted upon surveillance placing a substance into the wine that **KRYUNE** provided to Plaintiff on or about **MAY 23, 2023**.

104.

Plaintiff shows that **KRYUNE** placed said substance inside of said wine prior to providing the same to Plaintiff.

105.

Plaintiff shows that **KRUYNE**'s actions as described herein within this Count of this Initial Complaint were the direct and proximate cause of the physical, mental and emotional harm that has been incurred by Plaintiff.

106.

Plaintiff shows that the actions of **KRYUNE** as described within this Count of this Initial Complaint were the direct and proximate cause of the economic and non-economic damages that have been incurred by Plaintiff.

107.

Plaintiff shows that the actions of **KRYUNE** as described within this Count constitutes a willful, wanton and reckless disregard for the law for which damages, both compensatory and punitive damages are being sought by Plaintiff.

108.

Plaintiff is seeking punitive damages, pre-judgment and post-judgment interest, the payment of their legal expenses for having to pursue this action.

## COUNT FIVE – COMMISSION OF INTENTIONAL TORT – SEXUAL BATTERY UPON PLAINTIFF – AGAINST KRYUNE

109.

Plaintiff hereby incorporates the pleadings as contained within Paragraphs One (1) through One Hundred and Eight (108) of this Initial Complaint for Damages as if individually and specifically plead here.

110.

Plaintiff shows that at all times included within this Count, **KRYUNE** was employed by the Corporate Defendants in this action.

111.

Plaintiff shows that at all times included within this Count, **KRUYNE** coordinated at conference on behalf of the Corporate Defendants at which Plaintiff attended.

112.

Plaintiff shows that multiple conference attendees, including **KRYUNE** and Plaintiff stayed at the **HILTON GARDEN INN**, located in **PEACHTREE CITY, GEORGIA**.

113.

Plaintiff shows that **KRYUNE** without Plaintiff's consent or permission, whether implied or actual, committed unwanted acts of sexual contact upon Plaintiff's person on or about **MAY 23, 2023**.

114.

Plaintiff shows that **KRUYNE,** after drugging Plaintiff and without Plaintiff's consent or permission, whether implied or actual, placed his erect penis on Plaintiff's buttocks and private areas.

115.

Plaintiff shows that **KRUYNE,** after drugging Plaintiff and without Plaintiff's consent or

permission, whether implied or actual, fell asleep in Plaintiff's hotel room.

116.

Plaintiff shows that **KRUYNE,** after drugging Plaintiff and without Plaintiff's consent or permission, whether implied or actual, placed and left and his erect penis on Plaintiff's thigh.

117.

Plaintiff shows that **KRYUNE**'s actions as described herein constitute **SEXUAL BATTERY** in violation O.C.G.A. § 16-6-22.1(C).

118.

Plaintiff's actions caused great trauma and disturbance upon Plaintiff and her ability to work and maintain her normal routine after the subject conference occurred.

119.

Plaintiff has not been able to travel on business trips or to conferences after the events that are explained herein occurred.

120.

Plaintiff shows that **KRUYNE**'s actions as described herein within this Count of this Initial Complaint were the direct and proximate cause of the physical, mental and emotional harm that has been incurred by Plaintiff.

121.

Plaintiff shows that the actions of **KRYUNE** as described within this Count of this Initial Complaint were the direct and proximate cause of the economic and non-economic damages that have been incurred by Plaintiff.

122.

Plaintiff shows that the actions of **KRYUNE** as described within this Count constitutes a willful, wanton and reckless disregard for the law for which damages, both compensatory and punitive damages are being sought by Plaintiff.

123.

Plaintiff is seeking punitive damages, pre-judgment and post-judgment interest, the payment of their legal expenses for having to pursue this action.

### COUNT SIX - NEGLIGENCE TO INCLUDE WILLFUL, WANTON AND RECKLESS CONDUCT – DUTY TO KEEP CONFERENCE SAFE – AGAINST ALL DEFENDANTS

124.

Plaintiff hereby incorporates the pleadings as stated in Paragraphs One (1) through One Hundred and Twenty-Three (123) as if individually and specifically plead herein.

125.

Plaintiff shows that at all times included within this Count, **KRYUNE** was employed by the Corporate Defendants in this action.

126.

Plaintiff shows that at all times included within this Count, **KRUYNE CORPORATE DEFENDANTS** coordinated at conference on behalf of the Corporate Defendants at which Plaintiff attended.

127.

Plaintiff shows that multiple conference attendees, including **KRYUNE** and Plaintiff stayed at the **HILTON GARDEN INN**, located in **PEACHTREE CITY, GEORGIA**.

128.

At all times relevant to this Initial Amended Complaint for Damages and Demand for Jury Trial, Defendants owed a duty to **Plaintiff** to keep the work-related conference at which Plaintiff attended safe and to prevent unlawful acts being committed against conference attendees by others who attended said conference.

129.

Defendants had actual and constructive knowledge of the need to ensure that all conference attendees adhered to the policies of the employers involved in the conference to not engage of acts the violate the privacy and physical well-being of other conference attendees.

130.

Plaintiff shows that Defendants had actual and constructive knowledge of the need for all conference attendees to not commit criminal acts against other conference attendees to include, but not be limited to, doping or spiking beverages that are ingested by other conference attendees with sedative substantives.

131.

Plaintiff shows that Defendants had actual and constructive knowledge of the need for all conference attendees to not commit criminal acts against other conference attendees to include, but not be limited to, committing acts of surveilling other conference attendees against the knowledge and consent of the conference attendee who is the subject of said unwanted surveillance.

132.

Plaintiff shows that Defendants had actual and constructive knowledge of the need for all conference attendees to not commit criminal acts against other conference attendees to include, but not be limited to, committing acts of deception and deceit to gain access to the personal space, including hotel rooms of other conference attendees as a plot or scheme to commit acts that violate the person and

24

mind or other conference attendees.

133.

Plaintiff shows that Defendants had actual and constructive knowledge of the need for all conference attendees to not commit criminal acts against other conference attendees to include, but not be limited to, committing acts of unwanted sexual contact to include sexual battery upon other conference attendees.

134.

Plaintiff shows that despite having notice of the harmful events as described herein, Defendants took no action to warn Plaintiff against said acts of harm and commission of criminal activity by other conference attendees.

135.

Plaintiff shows that despite having notice of the harmful events as described herein, Defendants took no action to prevent Plaintiff from being subjected to the criminal acts that **KRYUNE** committed against her person to include eavesdropping upon Plaintiff, peeping upon Plaintiff, unwanted surveillance of Plaintiff, doping Plaintiff's drink, entering Plaintiff's room under false pretenses to violate Plaintiff and committing acts of sexual battery upon Plaintiff.

136.

Defendants failed to take ordinary care to ensure that the acts that **KRYUNE** committed upon Plaintiff during Defendants' conference did not occur.

137.

Plaintiff shows that Defendants' omissions, lack of action and failure to act provided **KRYUNE** the opportunity to commit the wrongful and criminal acts that **KRYUNE** committed upon Plaintiff as described within this Initial Complaint for Damages.

25

138.

As a result of Defendants' actions, inactions and/or omissions, constituted willful, wanton, reckless and negligent conduct as described herein that proximately caused Plaintiff to be assaulted, battered and permanently injured.

139.

Plaintiff shows that Defendants' actions as described herein within this Count of this Initial Complaint were the direct and proximate cause of the physical, mental and emotional harm that has been incurred by Plaintiff.

140.

Plaintiff shows that the actions of Defendants as described within this Count of this Initial Complaint were the direct and proximate cause of the economic and non-economic damages that have been incurred by Plaintiff.

141.

Plaintiff shows that the actions of Defendants as described within this Count constitutes a willful, wanton and reckless disregard for the law for which damages, both compensatory and punitive damages are being sought by Plaintiff.

142.

Plaintiff is seeking punitive damages, pre-judgment and post-judgment interest, the payment of their legal expenses for having to pursue this action.

143.

The injuries that were suffered by Plaintiff were the direct and proximate result of Defendants' negligence, which includes willful, wanton and reckless conduct as described herein.

## <u>COUNT SEVEN - NEGLIGENT HIRING, TRAINING AND RETENTION</u>
### (AGAINST ALL CORPORATE DEFENDANTS)

144.

Plaintiffs hereby incorporate the pleadings as stated in Paragraphs One (1) through One Hundred and Forty-Three (143) as if specifically and individually plead herein.

145.

Plaintiff shows that Defendants negligent and failed to exercise due care to preserve and protect Plaintiff from acts of physical harm and permanent injury by maintaining the employment of Defendant **KRYUNE** upon receiving notice of the acts of surveillance upon Plaintiff, peeping upon Plaintiff, doping Plaintiff's beverage, entering Plaintiff's room under false pretenses, engaging in non-consensual sexual acts upon Plaintiff, committing sexual battery upon Plaintiff by **KRYUNE**, a person whom the Corporate Defendants entrusted to coordinate and conduct the conference at which Plaintiff attended.

146.

Plaintiff shows that Defendants were negligent and failed to exercise due care to preserve and protect Plaintiff from non-consensual, wrongful and criminal acts that were committed by **KRYUNE** upon Plaintiff by failing require and complete training of **KRYUNE** to prevent the acts that **KRYUNE** committed upon Plaintiff as described within this Initial Complaint for Damages.

147.

Plaintiff shows that the actions of Defendants as described within this Count of this Initial Complaint for Damages were the direct and proximate cause of the physical, mental and emotional harm that has been incurred by Plaintiff.

148.

Defendants failed to take ordinary care to ensure that the acts that **KRYUNE** committed upon Plaintiff during Defendants' conference did not occur.

149.

Plaintiff shows that Defendants' omissions, lack of action and failure to act provided **KRYUNE** the opportunity to commit the wrongful and criminal acts that **KRYUNE** committed upon Plaintiff as described within this Initial Complaint for Damages.

150.

As a result of Defendants' actions, inactions and/or omissions, constituted willful, wanton, reckless and negligent conduct as described herein that proximately caused Plaintiff to be assaulted, battered and permanently injured.

151.

Plaintiff shows that Defendants' actions as described herein within this Count of this Initial Complaint were the direct and proximate cause of the physical, mental and emotional harm that has been incurred by Plaintiff.

152.

Plaintiff shows that the actions of Defendants as described within this Count of this Initial Complaint were the direct and proximate cause of the economic and non-economic damages that have been incurred by Plaintiff.

153.

Plaintiff shows that the actions of Defendants as described within this Count constitutes a willful, wanton and reckless disregard for the law for which damages, both compensatory and punitive damages are being sought by Plaintiff.

154.

Plaintiff is seeking punitive damages, pre-judgment and post-judgment interest, the payment of their legal expenses for having to pursue this action.

155.

The injuries that were suffered by Plaintiff were the direct and proximate result of Defendants' negligence, which includes willful, wanton and reckless conduct as described herein.

## COUNT EIGHT – RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY
### (AGAINST CORPORATE DEFENDANTS)

156.

Plaintiff incorporates the pleadings as stated within Paragraphs One (1) through One Hundred and Fifty-Five (155) as if individually and specifically included herein.

157.

Plaintiff shows that the Corporate Defendants are specifically liable for all actions as taken by Defendant **KRUYNE** as said actions occurred during each individual Defendant's employment with the Corporate Defendants.

158.

Plaintiff shows that the actions taken by the individual Defendant **KRYUNE** were taken to preserve the Corporate Defendants' status quo of not investigating and preventing acts of unlawful activity to include unwanted surveillance upon Plaintiff, peeping upon Plaintiff,

159.

Plaintiff shows that the actions of Defendants as described within this Count of this Initial Complaint for Damages were the direct and proximate cause of the physical, mental and emotional harm that has been incurred by Plaintiff.

160.

Defendants failed to take ordinary care to ensure that the acts that **KRYUNE** committed upon Plaintiff during Defendants' conference did not occur.

161.

Plaintiffs' injuries were caused by Defendants' joint and several actions and inactions which constitute negligent, willful, wanton and reckless conduct as described within this Initial Complaint for Damages.

162.

Based on all of the foregoing facts all Defendants are liable to Plaintiffs for all compensatory damages recoverable under Georgia law, including but not limited to: past and future medical bills and expenses, past and future physical pain and suffering, past and future

163.

Plaintiff shows that Defendants' omissions, lack of action and failure to act provided **KRYUNE** the opportunity to commit the wrongful and criminal acts that **KRYUNE** committed upon Plaintiff as described within this Initial Complaint for Damages.

164.

As a result of Defendants' actions, inactions and/or omissions, constituted willful, wanton, reckless and negligent conduct as described herein that proximately caused Plaintiff to be assaulted, battered and permanently injured.

165.

Plaintiff shows that Defendants' actions as described herein within this Count of this Initial Complaint were the direct and proximate cause of the physical, mental and emotional harm that has been incurred by Plaintiff.

166.

Plaintiff shows that the actions of Defendants as described within this Count of this Initial Complaint were the direct and proximate cause of the economic and non-economic damages that have been incurred by Plaintiff.

167.

Plaintiff shows that the actions of Defendants as described within this Count constitutes a willful, wanton and reckless disregard for the law for which damages, both compensatory and punitive damages are being sought by Plaintiff.

168.

Plaintiff is seeking punitive damages, pre-judgment and post-judgment interest, the payment of their legal expenses for having to pursue this action.

169.

The injuries that were suffered by Plaintiff were the direct and proximate result of Defendants' negligence, which includes willful, wanton and reckless conduct as described herein.

170.

Plaintiff shows that the actions of Defendants as described within this Count of this Initial Complaint for Damages were the direct and proximate cause of the economic and non-economic damages that have been incurred by Plaintiff.

171.

Plaintiff shows that the actions of Defendants as described within this Count constitutes a willful, wanton and reckless disregard for the law for which damages, both compensatory and punitive, are being sought by Plaintiffs.

172.

Plaintiff is seeking punitive damages, pre-judgment and post-judgment interest, the payment of their legal expenses for having to pursue this action.

## COUNT NINE
## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS

173.

Plaintiff incorporates the pleadings as stated within Paragraphs One (1) through One Hundred and Seventy-Two (172) as if individually and specifically included herein.

174.

Plaintiff shows that the acts of surveillance upon Plaintiff, peeping upon Plaintiff, doping Plaintiff's beverage, entering Plaintiff's room under false pretenses, engaging in non-consensual sexual acts upon Plaintiff, committing sexual battery upon Plaintiff by **KRYUNE** constitute willful neglect, actual and constructive fraud, gross negligence and strict liability of Defendants as they failed to remedy, correct, investigate and compensate Plaintiff for the multiple intentional and non-intentional torts that were taken by Defendants as described within this Initial Complaint for Damages.

175.

Plaintiff shows that the tortious actions as undertaken by the Defendants in this matter were taken to the neglect of the Plaintiff's mental, emotional and physical well-being.

176.

Plaintiff shows that the actions as taken by the Defendants as plead herein constitute extreme, severe and outrageous conduct violates all boundaries of decency.

177.

Plaintiff shows that she is seeking all damages permissible under state law for the relief sought under this claim.

## COUNT TEN
## STATE LAW ATTORNEY'S FEES

178.

Plaintiff incorporates by reference the pleadings as stated within Paragraph One (1) through One Hundred and Seventy-Seven (177) as if specifically and individually plead herein.

179.

Plaintiffs show that they are entitled to attorney's fees under pursuant to the provisions within O.C.G.A. §13-6-11 which provides the following:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

O.C.G.A. §13-6-11 (2023).

180.

Plaintiffs show that Defendants have acted in bad faith and have caused Plaintiff unnecessary trouble by way of failing to Defendant **KRYUNE** upon receiving notice of the acts of surveillance upon Plaintiff, peeping upon Plaintiff, doping Plaintiff's beverage, entering Plaintiff's room under false pretenses, engaging in non-consensual sexual acts upon Plaintiff, committing sexual battery upon Plaintiff by **KRYUNE** while Plaintiff was at a conference that occurred on Defendants' behalf.

## **COUNT ELEVEN PUNITIVE DAMAGES**
### **(AGAINST ALL DEFENDANTS)**

181.

Plaintiff incorporates by reference all pleadings as stated within Paragraph One (1) through One Hundred and Eighty (180) as if individually and specifically plead herein.

182.

O.C.G.A. § 51-12-5.1(b) provides the following:

> Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

O.C.G.A. § 51-12-5.1(b) (2023).

183.

Plaintiff shows that Defendants have acted with willful, wanton conduct, utter lack of care and/or malice as to the allegations that have been plead by Plaintiff within this Initial Complaint for Damages.

184.

Plaintiffs show that due to Defendants' actions as plead within this Initial Complaint for Damages, Plaintiff is entitled to an award of punitive damages in this matter.

### **PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

a)      That Summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

b)      That Plaintiff receives a trial by jury on all issues so triable;

c)      That Plaintiff recovers for all components of the physical pain, mental pain and suffering she has endured and will endure; for all components of the mental pain and suffering they have endured and will endure; for all economic losses past, present, and future, including all medical bills, expenses, and other costs flowing from their injuries; and for loss of full capacity for enjoyment of life;

d)      That Plaintiff be awarded punitive damages as a result of the injuries that have been sustained by Plaintiffs as described within this Initial Complaint for Damages;

e)      That all costs and expenses be cast against the Defendant; and

f)      For such other and further relief as the Court shall deem just and appropriate.


 Respectfully submitted this the 7th day of MAY, 2023.

/s/ Anitra R. Price
**ANITRA R. PRICE**
**GEORGIA BAR NO. 477747**
*Counsel for Plaintiff*




**ANITRA R. PRICE, P.C.**
**101 Devant Street**
**Suite 405**
**Fayetteville, Georgia 30214**
**770/461-0023 (phone)**
**770/716-7899 (facsimile)**
aprice@anitrapriceesqlaw.com

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-03969-3

5/8/2023 5:20 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**MEGAN ELIZABETH HAINES**

_____

_____

_____

PLAINTIFF

23-A-03969-3

CIVIL ACTION
NUMBER:_____

VS.

**STEVEN P. KRYUNE**

**1735 Dairy Road**

**Charlottesville, VA 22903**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

   **Anitra R. Price, Esq.**
   **ANITRA R. PRICE, P.C.**
   **101 Devant Street, Ste. 405**
   **Fayetteville, Georgia 30214**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _9th day of May, 2023_____,  20_____.

                                        Tiana P. Garner
                                        **Clerk of Superior Court**

                                        By_____
                                        **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-03969-3**

5/8/2023 5:20 PM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**MEGAN ELIZABETH HAINES**

_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: 23-A-03969-3
_____

VS.

# WSP GLOBAL, INC.

## c/o C T Corporation System

**289 S. Culver ST Lawrenceville, GA**

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

   **Anitra R. Price, Esq.**
   **ANITRA R. PRICE, P.C.**
   **101 Devant Street, Ste. 405**
   **Fayetteville, Georgia 30214**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,  20_____.
                          9th day of May, 2023

**Tiana P. Garner**
**Clerk of Superior Court**

By_____
            Krystal Castaneda
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-03969-3**

**5/8/2023 5:20 PM**

**TIANA P. GARNER, CLERK**

# IN THE SUPERIOR COURT OF GWINNETT COUNTY

# STATE OF GEORGIA

_____

_____

_____

**PLAINTIFF**

VS.

_____

_____

_____

**DEFENDANT**

23-A-03969-3

CIVIL ACTION
NUMBER:_____

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**
This _____ day of _____ 9th day of May, 2023 ,   20_____.

Tiana P. Garner
**Clerk of Superior Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-03969-3

5/8/2023 5:20 PM

TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**MEGAN ELIZABETH HAINES**
_____

_____

_____

                        PLAINTIFF

                  VS.

**WSP USA DESIGN, INC.**
_____

**c/o C T Corporation System**
_____

**289 S. Culver ST Lawrenceville, GA**
_____

                        DEFENDANT

                                    23-A-03969-3

                        CIVIL ACTION
                        NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

   **Anitra R. Price, Esq.**
   **ANITRA R. PRICE, P.C.**
   **101 Devant Street, Ste. 405**
   **Fayetteville, Georgia 30214**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,   20_____.
                        9th day of May, 2023

                                    Tiana P. Garner
                                    **Clerk of Superior Court**

                                    By_____
                                             **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-03969-3

5/8/2023 5:20 PM

TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**MEGAN ELIZABETH HAINES**
_____

_____

_____

PLAINTIFF

23-A-03969-3

CIVIL ACTION
NUMBER:_____

VS.

**WSP USA SERVICES, INC.**

**c/o C T Corporation System**

**289 S. Culver ST Lawrenceville, GA**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

    **Anitra R. Price, Esq.**
    **ANITRA R. PRICE, P.C.**
    **101 Devant Street, Ste. 405**
    **Fayetteville, Georgia 30214**

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____ **day of** 9th day of May, 2023 _____ **, 20_____.**

Tiana P. Garner
**Clerk of Superior Court**

**By** _Krystal Castaneda_____
        **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-03969-3**

**5/8/2023 5:20 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**MEGAN ELIZABETH HAINES**
_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER:_____

23-A-03969-3

VS.

**WSP USA SOLUTIONS, INC.**
_____

**c/o C T Corporation System**
_____

**289 S. Culver ST Lawrenceville, GA**
_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Anitra R. Price, Esq.**
**ANITRA R. PRICE, P.C.**
**101 Devant Street, Ste. 405**
**Fayetteville, Georgia 30214**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,   20_____.

9th day of May, 2023

Tiana P. Garner
**Clerk of Superior Court**

By_____

Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-03969-3

5/8/2023 5:20 PM

TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**MEGAN ELIZABETH HAINES**

_____

_____

_____

                    PLAINTIFF

CIVIL ACTION
NUMBER:_____

23-A-03969-3

VS.

**WSP USA ADMINISTRATION, INC.**

**c/o C T Corporation System**

**289 S. Culver ST Lawrenceville, GA**

                    DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

   **Anitra R. Price, Esq.**
   **ANITRA R. PRICE, P.C.**
   **101 Devant Street, Ste. 405**
   **Fayetteville, Georgia 30214**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,   20_____.

9th day of May, 2023

                              Tiana P. Garner
                              **Clerk of Superior Court**

                              By_____
                                        **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-03969-3

5/8/2023 5:20 PM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**MEGAN ELIZABETH HAINES**
_____

_____

_____

CIVIL ACTION
NUMBER: 23-A-03969-3 _____

PLAINTIFF

VS.

**WSP USA, INC.**
_____

**c/o C T Corporation System**
_____

**289 S. Culver ST Lawrenceville, GA**
_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Anitra R. Price, Esq.**
**ANITRA R. PRICE, P.C.**
**101 Devant Street, Ste. 405**
**Fayetteville, Georgia 30214**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____9th day of May, 2023_____, 20_____.

Tiana P. Garner
**Clerk of Superior Court**

By_____*Krystal Castaneda*_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-03969-3

5/8/2023 5:20 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MEGAN ELIZABETH HAINES,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION FILE NO.** |
| ) | |
| ) | |
| **v.** ) | |
| ) | 23-A-03969-3 |
| **STEVEN P. KRUYNE,** ) | |
| **1735 Dairy Road** ) | |
| **Charlottesville, VA 22903** ) | |
| **-and-** ) | |
| **WSP GLOBAL, INC.** ) | |
| **c/o C T CORPORATION SYSTEM** ) | |
| **289 S. Culver Street** ) | |
| **Lawrenceville, Georgia 30046-4805** ) | |
| **-and-** ) | |
| **WSP USA, INC.** ) | |
| **c/o C T CORPORATION SYSTEM** ) | |
| **289 S. Culver Street** ) | |
| **Lawrenceville, Georgia 30046-4805** ) | |
| **-and-** ) | |
| **WSP USA ADMINISTRATION, INC.** ) | |
| **c/o C T CORPORATION SYSTEM** ) | |
| **289 S. Culver Street** ) | |
| **Lawrenceville, Georgia 30046-4805** ) | |
| **-and-** ) | |
| **WSP USA SERVICES, INC.** ) | |
| **c/o C T CORPORATION SYSTEM** ) | |
| **289 S. Culver Street** ) | |
| **Lawrenceville, Georgia 30046-4805** ) | |
| **-and-** ) | |
| **WSP USA SOLUTIONS INC.** ) | |
| **c/o C T CORPORATION SYSTEM** ) | |
| **289 S. Culver Street** ) | |
| **Lawrenceville, Georgia 30046-4805** ) | |
| **-and-** ) | |
| **WSP USA DESIGN, INC.** ) | |
| **c/o C T CORPORATION SYSTEM** ) | |
| **289 S. Culver Street** ) | |
| **Lawrenceville, Georgia 30046-4805** ) | |
| **-and-** ) | |

1

**WSP USA BUILDINGS, INC.**                    )
**c/o C T CORPORATION SYSTEM**          )
**289 S. Culver Street**                             )
**Lawrenceville, Georgia 30046-4805**       )
                                        **Defendants.**

## PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION OF DOCUMENTS

**TO:   ALL NAMED DEFENDANTS**
      **c/o C T CORPORATION SYSTEM**
      **289 S. Culver Street**
      **Lawrenceville, Georgia 30046-4805**

     **COMES NOW, MEGAN ELIZABETH HAINES**, the Plaintiff in the above-styled action, and pursuant to <u>O.C.G.A</u> § 9-11-34 and <u>O.C.G.A</u> § 24-10-26 requests that Defendant produce for inspection and copying by Plaintiff, the documents described herein.  You are hereby notified to produce at your deposition, any trial and any hearing in the above case, and from time to time and term to term until the above-styled case is concluded, the documents and records set forth below which are in your possession, custody or control, or come into your possession, custody or control, the same to be used as evidence by either Plaintiff or Defendant in this matter.

     In addition, pursuant to <u>O.C.G.A</u>. § 9-11-34 and the Notice Regarding Upcoming Trial that was issued by the Gwinnett County Superior Court in this matter, you are required to produce the documents and records set forth below for inspection and copying no later than forty-five (45) days after being served with this Request, at the offices of **Anitra R. Price, Esq., ANITRA R. PRICE, P.C., 101 Devant Street, Suite 405, Fayetteville, Georgia  30214, 770/461-0023 (phone), 770/461-0331 (facsimile)**.

    <u>**NOTE A:**</u>    This Request for Production of Documents and Notice to Produce is intended to cover all documents in your possession or within your custody and control. Should any documents or tangible thing encompassed by these Requests come into existence or within your possession,

custody or control subsequent to the time of production and inspection of documents and things requested herein, this Request and Notice shall be deemed continuing in nature.

**NOTE B:**      As used herein, the term "document(s) shall be deemed to mean and include written, typed, printed, recorded or graphic matter; however produced or reproduced, of any kind and description, and whether original, master, duplicate or a copy, including, but not limited to papers, notes, accounts books, advertisements, catalogs, manuals, publications, correspondence, cablegrams, mailgrams, telegrams, memoranda, letters, documents, communications, reports, studies, analyses, pamphlets, calculations, projections, contracts, deeds, charts, plan specifications, drawings, sketches, surveys, agreements, working papers, corporate records, minutes of Board of Directors or committee meetings, book of account, ledger books, note books, vouchers, bank checks, check stubs, bill receipts, invoices, desk calendars, appointment books, diaries, diary entries, notes, minutes, movies, films, audio tapes, audio-visual tapes, photographs, transcriptions or sound recordings or any type of personal or business nature, telephone conversation or of negotiations, meetings, or things similar to the foregoing and all other papers, writing or physical things containing information, including preliminary drafts or marginal notes appearing on any documents however denominated or described by the parties to whom the particular request is directed.

The documents and records, which you are notified and requested to produce are listed below.

1.

**DOCUMENTS IDENTIFIED BY DEFENDANT**

All documents identified by you in response to Plaintiff's First Interrogatories to Defendant.

2.

## **DOCUMENTS CONSULTED BY DEFENDANT**

All documents consulted, referred to, or otherwise used in any way in connection with the preparation of your responses to Plaintiff's First Interrogatories to Defendant.

3.

## **RECORDINGS OF PLAINTIFF**

Any and all tapes of any form (video, audio, etc.) whatsoever on which such is recorded, including any conversation wherein Plaintiff was depicted in or a party to said conversation and/or observation. **NOTE: THIS REQUEST INCLUDES ANY AND ALL SURVEILLANCE AND/OR VIDEO RECORDS OF PLAINTIFF MEGAN ELIZABETH HAINES THAT WAS RECEIVED BY OR TAKEN BY DEFENDANT OF PLAINTIFF MEGAN ELIZABETH HAINES BY FROM JANUARY 2023 THROUGH THE PRESENT. PLEASE SEE THE NOTICE OF CLAIM THAT WAS PREVIOUSLY SENT TO DEFENDANTS NAMED IN THIS ACTION.**

4.

## **PERSONNEL FILE OF STEVEN KRYUNE**

Provide a copy of the **FULL** and **COMPLETE** Personnel File of **STEVEN KRYUNE**, a named Defendant in this action.

5.

## **INVESTIGATION AND/OR DISCIPLINARY FILES OF STEVEN KRYUNE**

Provide a **FULL** and **COMPLETE** copy of the Investigation and Disciplinary Files of **STEVEN KRYUNE**, a named Defendant in this action.

4

6.

## **CONFERENCES ATTENDED BY KRYUNE**

Provide all itinerary and programs and accommodations for all work-related conference attended by **STEVEN KRYUNE** from **JANUARY 2022** through the present.

7.

## **CONFERENCES COORDINATED BY KRYUNE**

Provide all itinerary and programs and accommodations for all work-related conference in which **STEVEN KRYUNE** exercised a hosting role, helped to coordinate or plan for Defendants from **JANUARY 2022** through the present.

8.

## **DOCUMENTS REGARDING PLANITIFF**

Provide **FULL** and **COMPLETE** copies of all documents that have been received by, created by or maintained by Defendants regarding Plaintiff **MEGAN ELIZABETH HAINES**. **NOTE:** This includes all documents that were to be preserved by Defendants pursuant to the Notice of Claim that was previously served upon Defendants.

9.

## **DOCUMENTS PROVIDED TO OTHER DEFENDANTS REGARDING PLAINTIFF**

Provide **FULL** and **COMPLETE** copies of all documents that Defendants have provided to any other person, entity, representative or attorney for any entity or person that is not Defendant regarding Plaintiff **MEGAN ELIZABETH HAINES**. **NOTE:** This includes all documents that were to be preserved by Defendants pursuant to the Notice of Claim that was previously served upon Defendants.

10.

## **DOCUMENTS THAT SUPPORT DEFENSES**

Provide **FULL** and **COMPLETE** copies of all documents Defendants have presently determined or rely upon to defend against the claims that have been asserted by Plaintiff **MEGAN ELIZABETH HAINES**.

11.

## **INSURANCE POLICIES**

Provide **FULL** and **COMPLETE** copies of all insurance policies, declaration pages and policy exclusions that apply towards the claims that have been asserted by Plaintiff **MEGAN ELIZABETH HAINES**.

Respectfully submitted this the 7th day of MAY, 2023.

/s/ Anitra R. Price
**ANITRA R. PRICE**
**GEORGIA BAR NO. 477747**
*Counsel for Plaintiff*

**ANITRA R. PRICE, P.C.**
**101 Devant Street**
**Suite 405**
**Fayetteville, Georgia 30214**
**770/461-0023 (phone)**
**770/716-7899 (facsimile)**
aprice@anitrapriceesqlaw.com

6

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-03969-3**
**5/8/2023 5:20 PM**
TIANA P. GARNER, CLERK

TO:          **All Judges, Clerks of Court and Counsel of Record**

FROM:     **Anitra R. Price**

RE:          **Leave of Absence**                                    23-A-03969-3

DATE:      **MARCH 1, 2023**

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

     **COMES NOW, ANITRA R. PRICE**, and respectfully notifies all Judges before whom she has cases pending, all affected clerks of court, and all opposing counsel, that she will be on leave pursuant to Georgia Uniform Court Rule 16.

1.    The periods of leave during which Anitra R. Price, Esq. will be away from the practice of law for I C L E seminars, medical reasons, Education Seminars and family vacations are:

2.    Please take further notice that the undersigned is previously on a leave of absence on the following dates during the 2022 AND 2023 calendar years:

    **A)**    **May 22, 2023 through May 31, 2023;**
    **B)**    **August 12, 2023 through August 31, 2023;**
    **C)**    **November 20, 2023 through November 30, 2023;**
    **D)**    **December 18, 2023 through January 5, 2024.**

This 8TH day of MAY, 2023.

            */s/ Anitra R. Price*

            _____

            **ANITRA R. PRICE, ESQ.**
            **Georgia Bar No. 477747**

**ANITRA R. PRICE, P.C.**
**101 Devant Street**
**Suite 405**
**Fayetteville, Georgia 30214**
**770/461-0023 (phone)**
**770/716-7899 (facsimile)**
aprice@anitrapriceesqlaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served a copy of the foregoing **Notice of Leave of Absence** upon all Judges, Clerks and opposing counsel listed on the attached Exhibit "A," by depositing the same in the U.S. Mail and also by way of electronic filing (if applicable) with adequate postage affixed thereto.

This the 8TH day of MAY, 2023.

Respectfully submitted,

*/s/ Anitra R. Price*

ANITRA R. PRICE, ESQ.
Georgia Bar No. 477747

**ANITRA R. PRICE, P.C.**
**101 Devant Street**
**Suite 405**
**Fayetteville, Georgia 30214**
**770/461-0023 (phone)**
**770/716-7899 (facsimile)**
aprice@anitrapriceesqlaw.com

**EXHIBIT A**

| COURT | CASE NAME | COUNSEL |
|---|---|---|
| GWINNETT COUNTY SUPERIOR COURT | MEGAN ELIZABETH HAINES<br>v.<br>STEVEN P. KRYUNE<br>USA GLOBAL, INC. ET ALS<br>CAFN: | |