UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FELIX BRAGG, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| ARROW, INC., D/B/A ARROW WASTE, and JOHN STUART CROSS | |
| Defendant. | |

## COMPLAINT

**COMES NOW**, Felix Bragg, Plaintiff in the above-styled matter and files this Complaint for damages against Arrow, Inc., d/b/a Arrow Waste and John Stuart Cross showing the Court as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Knox County, Tennessee and resides at 413 Andes St., Knoxville, Tennessee 37914.

2. Defendant Arrow, Inc., d/b/a, Arrow Waste ("Arrow") is registered with the United States Department of Transportation as a domestic for-profit corporation and motor carrier existing under the laws of the State of Georgia, with its principal place of business, as of the date of filing this Complaint, located at P.O. Box 920365, Norcross, Georgia 30010.

Defendant Arrow is a Georgia corporation registered to do business within the State of Georgia and may be served with process through it registered agent, Morris Law Partners, 1950 North Park Place, Suite 400, Atlanta, GA 30339.  Defendant Arrow is a proper party to this action and venue is proper as to it in this Court.

3. Defendant John Stuart Cross is a citizen and resident of South Carolina. Defendant John Stuart Cross may be served with process at 383 Berry Farm Rd., Westminster, SC 29693.

4. This cause of action is based upon the injuries and damages sustained by the Plaintiff as a result of Defendant's driver, John Stuart Cross', negligent operation of Arrow's commercial motor vehicle.

5. Venue and jurisdiction are proper in this Court because the Plaintiff and Defendant have diverse citizenship and the incident occurred in Gwinnett County, Georgia.

6. Plaintiff seeks damages in excess of $75,000.00.

7. Jurisdiction is based on 28 U.S.C. § 1332 (diversity of citizenship and damages in excess of $75,000.00).

8. This is a renewal actional filed pursuant to O.C.G.A. §§ 9-11-41, 9-2-61 and Georgia's renewal laws. This action was initially filed on March 27, 2020 in the State Court of DeKalb County with civil action number 20A79863. The

case was subsequently transferred to Gwinnett County designated under case number 21-C-07866. The Gwinnett County action was voluntarily dismissed without prejudice on November 29, 2022 and not on its merits. The Plaintiff has paid all costs associated with his original action against Defendant(s). The trial court did not make any ruling affecting Plaintiff's right to bring a renewal action in this case. Further, Plaintiff's prior suit was never void. Plaintiff's present suit is based substantially upon the same cause of action as their original complaint filed March 27, 2020. Ex. "A"

## BACKGROUND AND FACTS

7. On or about April 25, 2018 John Cross, while in the scope of his employment for Arrow Waste, was driving Defendant Arrow Waste's commercial motor vehicle traveling westbound on GA-10 near the intersection of Civic Circle in Gwinnett County, Georgia. At the same time, Plaintiff was traveling ahead of Defendant John Stuart Cross in the same lane at the same time.

8. Without notice, Defendant John Stuart Cross, while in the scope of his employment for the Defendant, failed to maintain a safe distance between the front of his commercial motor vehicle and the vehicle occupied by Nicole Patrice Sweatman.

9. Defendant John Stuart Cross, while in the scope of his employment for Defendant Arrow, crashed into the rear end of the vehicle occupied by Nicole Patrice Sweatman.

10. Nicole Patrice Sweatman's vehicle then rear ended the vehicle occupied by Felix Bragg.

8. Defendant's driver, John Stuart Cross, was cited for violation of Georgia law due to failing to maintain a safe distance between Arrow's commercial motor vehicle and the rear end of the vehicle occupied by Nicole Patrice Sweatman.

9. Defendant's driver's, John Stuart Cross', inattentiveness, distracted driving, failure to maintain a safe distance, and/or otherwise negligent and/or reckless driving caused this this collision.

10. Defendant's commercial motor vehicle caused impact to Plaintiff's vehicle as a result of violating Georgia law and O.C.G.A. § 40-6-49.

11. Officer Carter of the Snellville Police Department found Defendant's driver, John Stuart Cross, responsible for causing the wreck.

12. Defendant's driver, John Stuart Cross, was cited for violation of Georgia Law and O.C.G.A § 40-6-49, following too closely.

13. At the time of this wreck, Defendant John Stuart Cross was operating the commercial motor vehicle for, and within the course and scope of his employment, Arrow Inc., d/b/a Arrow Waste.

14.     Plaintiff did not contribute to the wreck that forms the basis of this complaint.

## COUNT ONE - NEGLIGENCE OF DEFENDANT ARROW, INC.

15.     Plaintiff re-alleges and incorporate by reference all allegations contained in paragraphs through 14 as if fully alleged herein.

16.     Defendant's employee, John Stuart Cross, had a duty to drive his commercial motor vehicle safely and to maintain a safe distance in order to avoid crashing into other vehicles on the roadway.

17.     Defendant's driver, John Stuart Cross, was negligent and/or reckless in the operation of the commercial motor vehicle in, among ways: failure to maintain a safe distance away from other vehicles, distracted driving and/or otherwise negligent and/or reckless driving breaching the Georgia traffic safety rules when he crashed the commercial motor vehicle he was operating into Nicole Patrice Sweatman's vehicle which then ultimately collided into Plaintiff.

18.     As a direct result of John Stuart Cross' negligence, Plaintiff suffered bodily injury and other general damages for which a recovery is authorized under Georgia law.

19.     Defendant's negligence and/or recklessness is the proximate cause of the collision and proximate cause of the injuries to Plaintiff.

## COUNT TWO - IMPUTED LIABILITY AS TO DEFENDANT ARROW, INC.

20. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 19 as if fully alleged herein.

21. Defendant's employee John Stuart Cross was under dispatch for, and/or driving within the course and scope of his employment with Arrow, Inc., d/b/a Arrow Waste on the day of the crash that forms the basis of this action.

22. At the time of the wreck, John Stuart Cross, was operating his truck on behalf of Arrow, Inc., d/b/a Arrow Waste.

23. As a direct and proximate cause of Defendant's driver's, John Stuart Cross' negligence, Plaintiff suffered bodily injury and other general damages for which recovery is authorized under Georgia Law.

24. At the time of the subject collision, John Cross was under dispatch for, and/or operating his truck within the course and scope of his employment with Defendant Arrow, Inc., d/b/a Arrow Waste and breached his duty to drive in compliance with the Federal Motor Carrier Safety Regulations, Preventable Accident Manual and the CDL Manual when he caused the commercial motor vehicle he was operating to collide with Nicole Patrice

Sweatman's vehicle which then subsequently collided into Plaintiff's vehicle.

25. "But for" John Cross' negligence, Plaintiff suffered bodily injury and other general and special damages for which a recovery is authorized under Georgia law.

## COUNT THREE - NEGLIGENT HIRING, TRAINING AND SUPERVISION BY DEFENDANT ARROW, INC.

26. Plaintiff re-alleges and incorporate by reference all allegations contained in paragraphs 1 through 25 as if fully alleged herein.

27. Defendant Arrow, Inc., d/b/a Arrow Waste was negligent in hiring John Stuart Cross and entrusting him to drive a commercial vehicle.

28. Defendant Arrow, Inc., d/b/a Arrow Waste was negligent in failing to properly train John Stuart Cross.

29. Defendant Arrow, Inc., d/b/a Arrow Waste's negligence in hiring John Stuart Cross, entrusting him to drive a commercial vehicle, and failing to train and supervise him properly were the proximate cause at issue and the injuries Plaintiff suffers and continues to suffer from.

30. The Plaintiff suffered injuries and damages that Federal law was designed to prevent.

## COUNT FOUR - DAMAGES

31. Plaintiff re-alleges and incorporate by reference all allegations contained in paragraphs 1 through 30 as if fully alleged herein.

32. Plaintiff Felix Bragg suffered personal injury, pain and suffering, psychological stress and accumulated a total of $180,798.68 in economic damages: Summit Spine and Joint $10,364.30; Regional Medical Group $9,372.50; Radiology Associates of DeKalb $299.00; Onyx Imaging $4,522.00; Gwinnett Bone & Joint Specialists a/k/a Atlanta Bone & Joint $150,745.00; Georgia Range of Motion $1,346.42; Emory Physicians Group $510.97; DeKalb Medical Center a/k/a Emory Medical Center $3,148.49; CEP America $490.00 "but for" Defendant violating the Georgia driving safety rules.

33. Defendant's driving was the cause-in-fact of the wreck.

34. Plaintiff is a member of the class of citizens that O.C.G.A § 40-6-49 was designed to protect.

35. Plaintiff suffered injuries that O.C.G.A § 40-6-49 was designed to prevent.

36. Defendant's driver failed to abide by the provisions of O.C.G.A § 40-6-49 which the proximate and but for cause of Plaintiff's injuries described in this complaint.

WHEREFORE, Plaintiff prays as follows:

(a) Requiring Defendant to answer this complaint;

(b) That Plaintiff have a trial by a fair and impartial jury of twelve members;

(c) That Plaintiff obtain a judgment for damages against the Defendant in a sufficient amount in excess of $75,000.00 to compensate Plaintiff for his injuries, suffering and damages;

(d) And that Plaintiff have such other and further relief as this Court shall just and equitable.

This 15th day of May, 2023.

**BROWN BARNWELL, P.C.**

By: /s/ C. Napoleon Barnwell, Esquire
C. Napoleon Barnwell, Esquire
Georgia Bar 728188
6113 Saratoga Blvd.
Suite F132
Corpus Christi, TX 78414
Telephone: (843) 422-2057
Facsimile: (470) 397-5103
Email: napoleon@brownbarnwell.com
*Attorney for Plaintiff*

# Exhibit "A"

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **FELIX BRAGG** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CIVIL ACTION NO.: 20A79863 |
| | * |
| **ARROW, INC., JOHN STUART CROSS** | * |
| **and NICOLE PATRICE SWEATMAN** | * |
| | * |
| Defendant. | * |

## COMPLAINT

**COME NOW**, Felix Bragg, Plaintiff in the above-styled matter and files this Complaint for damages against Defendant(s) Arrow, Inc., John Stuart Cross and Nicole Patrice Sweatman showing the Court as follows:

### I. PARTIES, JURISDICTION & VENUE

1. Plaintiff is a citizen and resident of DeKalb County, Georgia.

2. Defendant Arrow, Inc. ("Arrow") conducts business at 4039 Bonsal Rd., Conley, Georgia 30288 and may be served with service of process thru its registered agent Cohen Caproni, LLC at 750 Hammond Dr., Bldg. 7 Ste. 200 Atlanta, GA 30328.

3. Defendant John Stuart Cross ("John") may be served at 2004 Atha Woods Dr., Monroe, GA 30655.

4. Defendant Nicole Patrice Sweatman may be served at 2616 Oakberry Dr., Lawrenceville, GA 30045.

5. This cause of action is based upon the injuries and damages sustained by Plaintiff as a result of the Defendants negligent operation of their motor vehicles.

6. Venue and jurisdiction are proper in this Court.

## II. GENERAL ALLEGATIONS

7. On or about April 25, 2018, Mr. Felix Bragg was traveling eastbound on GA 10 near Civic Drive in Gwinnett County, Georgia.

8. Defendant Nicole Sweatman was traveling immediately behind Mr. Bragg before rear-ending his vehicle.

9. Defendant John Stuart Cross, while in the scope of his employment for Arrow, Inc., was traveling immediately behind Defendant Nicole Sweatman before rear-ending her vehicle.

10. Defendants were cited with following too closely in violation of O.C.G.A. § 40-6-49.

11. Defendants' violation of O.C.G.A. § 40-6-49 caused the wreck forming the basis of this complaint.

## III. CLAIMS

### COUNT ONE – NEGLIGENCE

12. The Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 11 as if fully alleged herein.

13. Defendants had a duty to drive safely and to pay attention to vehicles preceding their own.

14. Defendants breached their duty to drive as a reasonable driver when they failed to keep a safe distance between the front of their vehicle and rear of the vehicle preceding their own.

15. Mr. Felix Bragg suffered personal injury, pain and suffering, psychological stress and accumulated $17,806.84 in medical bills: DeKalb Medical Center - $3,148.; Radiology Associates of DeKalb - $299.00; CEP of America – $490.00; Gwinnett Bone/Joint - $294.35; Regional Medical Group - $9,372.50 and Onyx Imaging - $4,202.00; "but for" Defendants breaching the standard of care exercised by reasonable and prudent drivers.

16. Defendants' act of following too closely was the cause-in-fact of the wreck.

17. The injuries inflicted upon Mr. Bragg were foreseeable whereas Defendants failed to keep a safe distance between their vehicles and the vehicle in front of them.

## COUNT TWO – NEGLIGENCE PER SE

18. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 17 as if fully alleged herein.

19. Defendants had a duty to drive safely and to keep a safe distance between their car and the car before them.

20. Defendants violated Georgia law by traveling too closely to the vehicle before them.

21. Mr. Felix Bragg suffered personal injury, pain and suffering, psychological stress and accumulated $17,806.84 in medical bills: DeKalb Medical Center - $3,148.; Radiology Associates of DeKalb - $299.00; CEP of America – $490.00; Gwinnett Bone/Joint - $294.35; Regional Medical Group - $9,372.50 and Onyx Imaging - $4,202.00; "but for" Defendants breaching the standard of care exercised by reasonable and prudent drivers.

22. The injuries inflicted upon Mr. Bragg were foreseeable whereas Defendants were following too closely.

23. Mr. Bragg is a member of the class of citizens that OCGA § 40-6-49 was designed to protect.

24.     Mr. Bragg suffered injuries that OCGA § 40-6-49 was designed to prevent.

WHEREFORE, Plaintiff prays as follows:

(a)     Requiring defendants to answer the complaint;

(b)     That the Plaintiff have a trial by a fair and impartial jury of twelve members;

(c)     That Plaintiff obtain a judgment for damages against the defendant in a sufficient amount in excess of $10,000.00 to compensate Plaintiff for his injuries, suffering and damages;

(d)     And that Plaintiff have such other and further relief as this Court shall deem just and equitable.

Respectfully submitted,

This 27th day of March, 2020.

        **BROWN BARNWELL, PC**

        /s/C. Napoleon Barnwell
        _____
        C. Napoleon Barnwell
        Georgia Bar No. 728188
        Attorney for Plaintiff

BROWN BARNWELL, P.C.
30 Perimeter Park Dr., Suite 205
Atlanta, GA 30341

        STATE COURT OF
        DEKALB COUNTY, GA.
        3/27/2020 12:15 PM
        E-FILED
        BY: Michelle Cheek

**Plaintiff's Exhibit "B"**

## Affidavit of Process Server
### IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

| FEUX BRAGG | ARROW, INC., JOHN STUART CROSS and NICOLE PATRICE SEATMAN | 20A7963 |
|---|---|---|
| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

I Maurice Elliott, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I served: _____ Arrow, Inc. _____
NAME OF PERSON/ENTITY BEING SERVED

With: **SUMMONS: COMPLAINT: PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT: PLAINTIFF'S FIRST REQAUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

by leaving with: **Walter N. Cohen Attorney at Law**     **Cohen & Caproni, Registered Agent**
                              NAME                                                     RELATIONSHIP

X Business: **750 Hammond Drive Bldg. 7 Ste. 200**     **Atlanta Georgia 30328**
                                ADDRESS                                                CITY/STATE

on _____ **4/1/2020** _____ at _____ **11:00am** _____
              DATE                                 TIME

**Manner of Service:**

- ☐ **Personal:** By personally delivering copies to the person being served.
- ☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household or usual place of abode with some person of suitable age and discretion then residing therein.
- ☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
- ☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.
- X **Registered Agent**

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this **3** day of **April**, 2020, by **Maurice Elliott**, Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of **Georgia**

[Notary Seal: KATRINA LETT, MY COMMISSION EXPIRES AUGUST 11, 2023, DEKALB COUNTY, GEORGIA]

THE RELIANCE GROUP LLC
Process Service/ P EYE
678-699-3116

**Plaintiff's Exhibit "B"**

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| FELIX BRAGG,<br><br>    Plaintiff,<br>v.<br><br>ARROW, INC. and<br>NICOLE PATRICE SWEATMAN,<br><br>    Defendants. | }<br>}<br>}<br>}<br>} CIVIL ACTION FILE NO.<br>} 20A79863-5<br>}<br>}<br>}<br>} |

### ORDER TRANSFERRING VENUE

Currently pending before the Court is Defendants' Motion to Transfer Venue and Stay Proceedings (the "Motion"). The Motion was filed on May 18, 2021. This is a personal injury action arising from a motor vehicle collision. Non-party John Cross is alleged to have been operating a vehicle for Defendant Arrow at the time of the accident within the scope of his employment with Arrow. The Motion seeks to transfer venue to the State Court of Gwinnett County, which is alleged to be a proper venue. Plaintiff filed a response opposing the Motion.

"All . . . civil cases . . . shall be tried in the county where the defendant resides . . . ." Ga. Const. art. VI, § II, ¶ VI. "Suits against joint obligors, joint tort-feasors, joint promisors, copartners, or joint trespassers residing in different counties may be tried in either county." Ga. Const. art. VI, § II, ¶ IV. Pursuant to the Georgia Corporations Code, corporations are subject to venue "[i]n civil proceedings generally, in the county of this state where the corporation maintains its registered office; or if the corporation fails to maintain a registered office, it shall be deemed to reside in the county where its last named registered office or principal office, as shown by the records of the Secretary of State." O.C.G.A. § 14-2-510(b)(1).

Plaintiff maintains that venue is proper in DeKalb County because DeKalb is where Defendant Arrow maintains its principal office and place of business. However, O.C.G.A § 14-12-510(b)(1) is clear that a corporation is subject to venue is the county where it maintains its registered office. Only "if the corporation fails to maintain a registered office" does a corporate defendant's "principal office" become relevant. O.C.G.A § 14-2-510(b)(1).

The Secretary of State's records reveal that, although on the date of filing of this action Defendant Arrow's principal office was located in Gwinnett County, its registered office was located at 750 Hammond Drive, Building 7, Suite 200, Atlanta, Georgia 30328. This registered office address is in Fulton County, which is the proper venue for Defendant Arrow. Moreover, it is undisputed that Defendant Sweatman is a resident of Gwinnett County.

It would appear that Fulton County and Gwinnett County are the counties where venue against the joint tortfeasors would be appropriate in this case. Rather than indicating to the Court a preference between these two counties, Plaintiff uses inadmissible documents to show that venue should remain in DeKalb County. There is no admissible evidence that venue is proper in DeKalb.

The Court's only viable option based upon the current record is to conclude that Defendants' Motion should be GRANTED and to order that the Clerk of this Court shall transfer this case to the State Court of Gwinnett County, one of the two counties where venue is proper. Plaintiff shall pay all transfer costs within 20 days of mailing or delivery of the bill of costs. If the transfer costs are not paid within such time, this case shall stand automatically dismissed without prejudice as provided in Uniform Superior Court Rule 19.1(G) and Uniform Transfer Rule T-11.

SO ORDERED, this 20th day of September, 2021.

_____
MIKE JACOBS, Judge
State Court of DeKalb County

STATE COURT OF
DEKALB COUNTY, GA.
9/20/2021 4:29 PM
E-FILED
BY: Kelly Flack

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07866-S4**
**11/29/2022 7:44 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **FELIX BRAGG,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION |
| | ) | |
| **ARROW, INC.,** and | ) | FILE NO. 21-C-07866-S4 |
| **NICOLE PATRICE SWEATMAN,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## VOLUNTARY DISMISSAL WITHOUT PREJUDICE

COMES NOW, Plaintiff Felix Bragg, by and through their undersigned counsel of record, and pursuant to O.C.G.A. § 9-11-41(a)(1)(A), files this Voluntary Dismissal Without Prejudice in this civil action.

Respectfully submitted:

Dated: November 29, 2022.                          BROWN BARNWELL, P.C.

                                BY:   /s/ C. Napoleon Barnwell
                                      C. Napoleon Barnwell, Esquire
                                      Georgia Bar No.: 728188
                                      6113 Saratoga Blvd., Suite F132
                                      Corpus Christi, TX 78414
                                      Phone: (843) 422-2057
                                      napoleon@brownbarnwell.com
                                      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 29th day of November 2022, I caused a true and correct copy of the foregoing Plaintiff's Voluntary Dismissal Without Prejudice to all counsel through this Court's automated filing system.

Jason Schwartz
jbs@tsdslaw.com

W. Dale Ellis
dale.ellis@statefarm.com

Dated: November 29, 2022.                BROWN BARNWELL, P.C.

BY:   /s/ C. Napoleon Barnwell
      C. Napoleon Barnwell, Esquire
      Georgia Bar No.: 728188
      6113 Saratoga Blvd., Suite F132
      Corpus Christi, TX 78414
      Phone: (843) 422-2057
      napoleon@brownbarnwell.com
      *Attorney for Plaintiff*