UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FELIX BRAGG, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| ARROW, INC., D/B/A ARROW, | |
| Defendants. | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT ARROW, INC.

**COMES NOW**, Mr. Felix Bragg, Plaintiff in the above-styled case, and requires the Defendants to answer under oath and in writing the following interrogatories, pursuant to O.C.G.A. § 9-11-33, within thirty (30) days from the date of service hereof.

**NOTE A:** When used in these interrogatories, the phrases "Defendant", "individual in question", "you", or any synonym thereof are intended to and shall embrace and include, in addition to Defendant, individually, Defendant's attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant.

1

**NOTE B:** Throughout these interrogatories, wherever Defendant is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a) By whom it was made, and to whom;
(b) The date upon which it was made;
(c) Who else was present when it was made;
(d) Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:** Throughout these interrogatories, wherever Defendant is requested to identify a communication, letter, document, memorandum, report, or record of any type and such communication was written, the following information should be furnished:

(a)  A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.
(b)  By whom it was made and to whom it was addressed;
(c)  The date upon which it was made;
(d)  The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:** Throughout these interrogatories, wherever Defendant is requested to identify a person the following information should be furnished:

(a) The person's full name;
(b) His or her present home and business address and telephone number at each address;
(c) His or her occupation; and   (d) His or her place of employment.

**NOTE E:** These interrogatories shall be deemed continuing to the extent required by law. You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony; (2) amend any prior response if you subsequently learn that the original response was incorrect or if you learned that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment; and (3) provide such other supplementary responses required by law.

1.

Please state how long John Cross has been employed by Arrow, Inc.

2.

Please state whether John Cross is a subcontractor or an employee of Arrow, Inc., d/b/a Arrow Waste.

3.

Please state where John Cross was coming from and going to on the date of the collision that forms the basis of this action.

4.

Please give the exact weight of Arrow's truck, including the load being hauled, along with the substance of the load when John Cross rear-ended Nicole Sweatman.

5.

Set forth the names and addresses of all insurance companies which have or may liability insurance coverage relating to the matter alleged in the complaint, the number or numbers of such policies, the amount of liability coverage provided in each policy, the named insured in the same, and whether said policy excludes coverage for punitive damages.

6.

Please list any and all safety instructions given by Arrow Inc. to John Cross in order to operate Defendant's commercial motor vehicles.

7.

Who is the owner of Arrow, Inc. and who is the person in charge of compliance with the safety regulations.

8.

Who at Arrow, Inc. is responsible to train, supervise and ensure John Cross understands/understood the safety regulations.

9.

Please explain all safety regulations that John Cross violated when he rear ended Nicole Sweatman.

10.

Did John Cross operate Arrow's truck in compliance with the safety regulations when he rear-ended Nicole Sweatman.

11.

Did John Cross make any mistakes while operating Arrow Inc's truck at the time of the collision which forms the basis of this action.

12.

Did Arrow, Inc. designate the wreck that forms the basis of this action as preventable or non-preventable.

13.

Did John Cross face any consequences from Arrow Inc. based on the wreck that forms the basis of this action.

14.

Please state the amount of damages to your vehicle, setting forth the amount of each estimate of repairs, who made any necessary repairs to your vehicle, and the cost of such repairs to your vehicle as a result of this accident.

15.

Were any laboratory tests or other analyses performed upon your driver to test the presence of drugs, medication, or other intoxicating substances following this collision? If so, please state the date and time which such tests were performed, the type of test conducted, and the results of such.

16.

List any and all reasons that Arrow's truck rear-end Nicole Sweatman on the date of the wreck that forms the basis of this action.

This 15th day of May, 2023.

                                      **BROWN BARNWELL, P.C.**

By:  /s/ C. Napoleon Barnwell, Esquire
       C. Napoleon Barnwell, Esquire
       Georgia Bar 728188
       6113 Saratoga Blvd., Suite F132
       Corpus Christi, TX  78414
       Telephone: (843) 422-2057
       Facsimile: (470) 397-5103
       Email:napoleon@brownbarnwell.com
       *Attorney for Plaintiff*