# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ATLANTA
# ATLANTA DIVISION

| | |
|---|---|
| FELIX BRAGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO._____ |
| ARROW, INC., and JOHN STUART ) | |
| CROSS, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN STUART CROSS**

COMES NOW, Felix Bragg, Plaintiff, and files his First Continuing Interrogatories to Defendant, John Stuart Cross, showing as follows:

## DEFINITIONS

**NOTE A:** When used in these interrogatories, the phrases "Defendant", "individual in question", "you", or any synonym thereof are intended to and shall embrace and include, in addition to Defendant, individually, Defendant's attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant.

**NOTE B:** Throughout these interrogatories, wherever Defendant is requested

- 1 -

to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

    (a)    By whom it was made, and to whom;

    (b)    The date upon which it was made;

    (c)    Who else was present when it was made;

    (d)    Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:** Throughout these interrogatories, wherever Defendant is requested to identify a communication, letter, document, memorandum, report, or record of any type and such communication was written, the following information should be furnished:

    (a)    A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

    (b)    By whom it was made and to whom it was addressed;

    (c)    The date upon which it was made; and

    (d)    The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:** Throughout these interrogatories, wherever Defendant is requested to identify a person, the following information should be furnished:

 (a) The person's full name;

 (b) His or her present home and business address and telephone number at each address;

 (c) His or her occupation; and

 (d) His or her place of employment.

**NOTE E:** These interrogatories shall be deemed continuing to the extent required by law. You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony; (2) amend any prior response if you subsequently learn that the original response was incorrect or if you learned that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment; and (3) provide such other supplementary responses required by law.

## **<u>INTERROGATORIES</u>**

1.

State your full name, birth date, marital status, social security number, and names and addresses or any relatives you have in the county in which the above-captioned action is pending.

2.

State your residence address, including any apartment number, and the address and period of time you lived at each residence for the previous five (5) years.

3.

Identify each of your employers for the past ten (10) years, the position and job duties you held with each such employer, and the reason(s) for your change of employment.

4.

Identify each and every person or entity that has compensated you for work of any type for the past ten (10) years, and describe in reasonable detail the dates, amounts paid to you, and how such payments were made.

5.

Identify each and every person or entity you were working for during April 13, 2019 through April 20, 2020, including the jobs and dates of work.

6.

If you have ever been arrested, state the date, place and charges made in each such arrest, and, if convicted, the date thereof and the court in which such charges were brought.

7.

If, within the twenty-four (24) hour period immediately preceding the incident, you consumed any drug or alcoholic beverage, state the quantity consumed, the time it was consumed, and the place where it was consumed.

8.

Did you undergo any drug or alcohol tests following the incident? If so, when was said test(s) conducted, where was said test(s) conducted, who conducted said tests(s), and what were the results of said test(s)?

9.

Did you have a valid commercial driver's license at the time of the incident, and does it remain valid? If so, were there any restrictions on said driver's license?

10.

If you have been involved in any other motor vehicle wrecks, identify each wreck by date, place and how said wreck occurred.

11.

If you have ever been a party to *any* action (other than this action), please describe each such action, giving the date of each such action, the court in which it was brought, and the names of other parties to each such action.

12.

Identify each insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may

be entered int this action, and for each insurer give the following information:

    (a)    Name and address of company;

    (b)    Limits of liability coverage;

    (c)    Policy number; and

    (d)    Names of insured.

13.

Identify all owners and lessors of the tractor and trailer you were driving at the time of the incident.

14.

If you were not the servant, agent, or employee of the owner of the vehicle you were operating at the time of the incident, state the circumstances under which you were operating the vehicle at the time of the incident.

How long had you operated this particular vehicle?

16.

When did you make the last inspection of the vehicle prior to the collision?

17.

If at any time between the last inspection prior to the incident and the date of the incident, the vehicle you were driving had any mechanical defects, state the nature of the defects.

18.

What was the extent of damage to the tractor-trailer you were driving as a result of the collision , giving the time of loss of use, cost of repair and who repaired the vehicle?

19.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who saw or claim they saw all or in any part of the occurrence complained of in this action?

20.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

21.

What are the names, address, home telephone numbers, places of employment and present whereabouts of all persons known to you having knowledge of relevant information, facts or circumstances in this action?

22.

Identify all persons who witnessed you consume any drug or alcoholic beverage within the twenty-four(24) hour period immediately preceding the incident.

23.

Identify all persons who have furnished statements, signed or unsigned, to you, your representative or attorney.

24.

Pursuant to the provisions of Fed. R. Civ. P. 26(2)(A), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substances of the facts and opinions to which the expert is expected to testify and the summary of the grounds for each opinion.

25.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

26.

Where had you been prior to the incident, where were you going at the time of the incident, and what time were you due to arrive at your destination?

27.

Identify all weigh station stops you made on April 25, 2018.

28.

What speed do you contend the tractor trailer which you were driving was

traveling at the time of the incident?

29.

State in detail your version of how the incident occurred, including what you did to avoid the incident, and whether at the first moment you saw the vehicle the decedent was traveling in, was stopped, or moving, and its direction and speed if moving.

30.

State the substance of every utterance made by you or to you at the scene of the incident and identify the speaker by name, if known, or by any other facts which might lead to the discovery of the speaker's identity.

31.

If you received a citation of any sort as a result of the incident, state the nature of same, the disposition made, and the court involved.

32.

To your knowledge, information, or belief, are there any photographs or drawings of the scene of the incident complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident? If so, please describe each individual photograph or drawing with specificity, including, but not limited to, the date made, by whom it was made, the

form (whether photographic print, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody, or control.

33.

Were you familiar with the general area where this incident occurred?

34.

Provide the dates of your DOT physical examination for the last seven (7) years.

Did you show your DOT medical examination card to the police officer at the scene of the accident?

36.

Identify every other person that you deem responsible for this incident and describe how you consider any such person or entity to be responsible.

37.

Identify every other act or event which supports each affirmative defense that you raise.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant is hereby requested to produce the following described documents pursuant to Fed. R. Civ. Proc. 26(b) and 34 and asked to serve upon counsel for the

Plaintiff a copy of the requested documents by mailing same to the undersigned.

1.

All documents and materials of any type you identified in your response to Interrogatories.

2.

A copy of the Defendant's driver's license.

3.

Any and all insurance agreements and/or policies and the insurance declaration page(s) under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

4.

Copies of all training materials, employment manuals, and all other written materials provided to you by your employers during the last seven (7) years.

5.

Any and all drawings, maps, or sketches of the scene of the incident.

6.

Copies of all contracts of employment that you have been a party to for the preceding seven (7) years.

7.

Copies of any traffic citations, motor vehicle violations, criminal or any charges issued to Defendant as a result of this incident. This includes any transcript of any proceedings and a record of the final disposition.

8.

Each and every photograph concerning the incident and depicting all property damage in question, as well as any earlier photographs of said truck prior to this collision herein, and any photos showing subsequent alterations to said truck.

9.

Copies of any reports, whether written or recorded, made by any expert whom the Defendant expects to call as an expert at trial or who has been retained or otherwise employed by the Defendant in anticipation of litigation or preparation for trial.

10.

Copies of all paychecks, paycheck stubs, bank deposits, and any and all other records of payments you have received for work done during the last seven (7) years.

11.

Copies of Defendant's logbooks for the date of this incident and the six (6) months immediately preceding the subject incident.

12.

Copies of all trip reports for trips driven by Defendant on the date of the incident and the six months prior to this incident.

13.

For the last seven (7) years, produce a copy of:

(1) your Federal and State income tax returns;

(2) all Form W-2s received by you; and

(3) all Form 1099s received by you.

14.

Copies of any and all documents, reports, records, and other tangible things described in or related to your answers to Interrogatories not otherwise produced herein.

15.

Copy of your DOT medical examination card that was compliant on the date of this accident.

This 15th day of May, 2023.

BROWN BARNWELL, P.C.

/s/ C. Napoleon Barnwell

_____
C. Napoleon Barnwell
Georgia Bar No. 728188

6113 Saratoga Boulevard
Suite F132
Corpus Christi, TX  78414
T: (843) 422-2057
F: (470) 397-5103
napleon@brownbarnwell.com