# EXHIBIT 6

E-FILED IN OFFICE - MX
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**21-A-00102-3**

**1/7/2021 1:54 PM**

CLERK OF SUPERIOR COURT

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| METCON, INC. | |
| Plaintiff, | |
| v. | Civil Action No. **21-A-00102-3** |
| G & D CONSTRUCTION GROUP, INC., | |
| Defendants. | |

## COMPLAINT

COMES NOW, Plaintiff Metcon, Inc. (hereinafter "Plaintiff" or "Plaintiff Metcon") in the above-styled action, and herewith brings this action against Defendant G & D Construction Group, Inc. (hereinafter "Defendant" or "Defendant G & D"), respectfully showing this Court as follows:

## PARTIES

1.

Plaintiff is a corporation incorporated under the laws of the State of North Carolina.

2.

Defendant G & D Construction Group, Inc. is a Georgia Corporation, and may be served through its registered agent for service, George Puha at 1582 Azalea Drive, Lawrenceville, GA, 30049, Gwinnett County.

**JURISDICTION AND VENUE**

3.

In Georgia, venue is constitutional and statutory.  See Article VI § II, ¶ VI of the Georgia Constitution (1983, as amended) and O.C.G.A. § 9-10-30.

4.

Jurisdiction over claims for legal and equitable matters generally is proper in the Superior Courts of Georgia.

5.

Defendant G & D is subject to the jurisdiction of this Court, and venue is proper herein.

**FACTS**

Plaintiff entered in a written contract with NP301, LLC for the construction of a SpringHill Suites located at 5128 Fayetteville Road Lumberton, North Carolina ("the Project").

6.

Under the construction contract, Plaintiff acted as the general contractor for the Project and hired subcontractors to perform construction of the Project.

7.

Defendant G & D submitted a bid and/or proposal to the Plaintiff in order to provide construction services and a scope of work for the Project.

8.

The Plaintiff and Defendant G & D entered into a written contract supported by consideration for various construction activities, including the installation of EIFS (exterior insulation finishing system) at the hotel (hereinafter "Subcontract").

9.

Metcon paid G&D all sums it was entitled to receive under the subcontract before suspending its work at the project.

10.

After the project was completed, NP 301, LLC alleges, among other things, that the EIFS was improperly installed on the Project resulting in substantial water intrusion to the building.

11.

NP 301, LLC also alleges that the water intrusion caused damage to portions of the Project that were outside the scope of Defendant G & D's work, such as damage to sheathing, framing, drywall, and other building components.

12.

As a result, NP 301, LLC filed a lawsuit against the Plaintiff in Fulton County, Georgia Civil action number 2020CV336620 for damages from a breach of contract between NP 301, LLC and Plaintiff.   The case alleges damages in excess of $2.2 Million dollars and requests attorney's fees and expenses against Plaintiff.   The case is currently stayed and has been submitted to arbitration by NP 301, LLC, Metcon and various subcontractors.

13.

Multiple letters have been sent to Defendant G & D in order to provide Notice and Demand for Arbitration, among other requests, to Defendant G & D; however, to date no response has been received from Defendant G & D.

## COUNT ONE
### (Breach of Written Contract against Defendant G & D)

13.

Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the preceding Paragraphs of this complaint as if fully set forth herein.

14.

During construction of the Project and as outlined above, the Plaintiff entered into a subcontract with Defendant G & D.

15.

Pursuant to the subcontract and otherwise, Defendant G & D warranted that their work would be of good quality, without material defect, performed according to the terms and general conditions within the contracts, agreements, and in accordance with all applicable building codes and industry standards.

16.

Pursuant to the subcontract, Defendant G & D shall indemnify the Plaintiff and all of their agents and employees from and against all claims, damages, loss and expenses, including but not limited to attorney's fees, arising out of or resulting from the performance of Defendant G & D's work on the Project.

17.

Pursuant to the subcontract, Defendant G & D and the Plaintiff agreed to submit any controversy arising out of or related to the Subcontract, the Construction Contract or the Project to binding arbitration.

18.

Pursuant to the subcontract, Defendant G & D was required to maintain comprehensive general liability insurance that could not be cancelled or not renewed unless G&D gave at least 30 days prior written notice of the cancellation to Metcon.

19.

Further, under other portions of the subcontract, G&D was required to list Metcon as an additional insured under G&D's commercial general liability policy that covered G&D for the Project.

20.

The Certificate of Insurance provided by G&D as part of the subcontract listed Auto Owners Insurance Company as the company that provided general liability coverage and excess/umbrella liability coverage to G&D for the Project. Upon information and belief, G&D's Auto Owners policy was not maintained and/or cancelled during the time when G & D was working on the Project and G &D failed to provide notice to Metcon.

21.

Defendant G & D held themselves out as qualified and experienced Subcontractor, capable in all respects of performing the work called for.

22.

If the EIFS was improperly installed on the Project as alleged by NP 301, LLC, Defendant G & D breached their subcontract and agreement with Plaintiff.

23.

For the purposes of the this Complaint, if the allegations by NP 301, LLC are true, then any alleged damage to the Project that was caused by Defendant G & D caused a breach of their contract with the Plaintiff.

24.

Plaintiff has provided notice and demand for Arbitration to Defendant G &D. G & D has breached the contract with the Plaintiff by failing to join and participate in arbitration as required following notice and demand.

25.

G & D has breached their contract with Plaintiff by refusing to attend and participate in the arbitration with NP 301, LLC, and has caused damages to the Plaintiff, including but not limited to attorneys' fees and expenses in attempting to compel compliance with the contract terms and conditions.

26.

G & D has breached their contract with Plaintiff by refusing to indemnify and or respond to Plaintiff's requests for indemnification and defense of the matter causing damages to Plaintiff.

27.

G & D has breached their contract with Plaintiff by not complying with G&D's obligations for commercial general liability insurance, failing to continually maintain proper

insurance during their work on the Project, and/or failing to name Metcon as an additional insured on G&D's required liability insurance for the Project causing damages to Plaintiff.

28.

Further if Plaintiff is found liable to NP 301, LLC in any respect then such liability arose from the Defendant G & D's breach of contract or agreement with Plaintiff, and Defendant G & D should indemnify Plaintiff, in whole or in part, for any liability that may be adjudged against the Plaintiff. Alternatively, the Plaintiff  is entitled to contribution from Defendant G & D.

## COUNT TWO
## (Breach of Warranties against Defendant G & D)

29.

Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the preceding Paragraphs of this complaint as if fully set forth herein.

30.

Pursuant to the subcontract and/or Agreement between the Plaintiff and Defendant G & D, Defendant G & D extended warranties, both express and implied, concerning their work performed and/or products installed on the Project.

31.

If the Project has been damaged by reason of the defects alleged by NP 301, LLC denied, Defendant G &D  breached their warranties to Plaintiff.

32.

If Plaintiff is found liable to NP 301, LLC in any respect, then such liability arose from Defendant G & D's breach of these warranties to Plaintiff, and Defendant G & D should indemnify Plaintiff, in whole or in part, for any liability that may be adjudged against them in favor of NP 301, LLC. Alternatively, Plaintiff entitled to contribution from Defendant G & D.

## COUNT THREE
### (Negligence against Subcontractors)

33.

Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the preceding Paragraphs of this complaint as if fully set forth herein.

34.

NP 301, LLC has alleged that Plaintiff was negligent in the construction of the Project.

35.

Defendant G & D had a duty to properly, adequately and completely perform their scope of work and certain services in compliance with the subcontract, plans and specifications, applicable industry standards and/or building codes, and/or applicable standards of care.

36.

For the purposes of this Complaint, if the allegations by NP 301, LLC are proven true, then Defendant G & D breached their duty and were negligent in failing to provide their scope of work in compliance with the subcontract, plans and specifications, applicable industry standards and/or building codes, and/or applicable standards of care.

37.

For the purposes of this Complaint, if the allegations by NP 301, LLC are true, then as a direct and proximate result of the alleged negligence of Defendant G & D, Plaintiff has been exposed to a potential judgment, and has suffered actual damages in the cost of defending this lawsuit.

38.

If the allegations by NP 301, LLC are proven true, Plaintiff is informed and believes that they are entitled to judgment against the Defendant G & D for any amount which Plaintiff may

be required to pay to the NP 301, LLC herein as a result of the negligence of Defendant  G & D and for other actual, consequential and special damages, including cost of defending this lawsuit, and all other relief which may be afforded  to Plaintiff .

39.

If Plaintiff is found liable or negligent to the NP 301, LLC in any respect, then such liability arose from and was proximately caused by the Defendant G & D's negligence, and Defendant G & D should indemnify Plaintiff, in whole or in part, for any liability that may be adjudged against it in favor of the NP 301, LLC. Alternatively, Plaintiff  is entitled to contribution from the Defendant G & D.

**COUNT FOUR**
**(Common Law and Contractual Indemnity as to Defendant G & D)**

40.

Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the preceding Paragraphs of this complaint as if fully set forth herein.

41.

If the NP 301, LLC has been damaged as alleged, then that damage was the result of the acts and omissions, negligence, breach of contract, and/or breaches of warranties of the Defendant G & D.

42.

Plaintiff is without fault and the claims asserted against Plaintiff are vicarious for the actions of G & D solely.

43.

A special relationship exists between Plaintiff, General Contractor, and Defendant, subcontractor, exists under the laws of the state of Georgia and the subcontract.

44.

If Plaintiff is found liable to NP 301, LLC in any respect, Plaintiff is entitled to contribution and/or indemnity, either in contract and/or equity, from  Defendant G & D for any liability that may be adjudged against it on behalf of G & D and in favor of NP 301, LLC, as well as the costs and expenses in defending this lawsuit and their actual, consequential and special damages.

**COUNT FIVE**
**(Breach of Implied Contract against Defendant G & D)**

45.

Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the preceding Paragraphs of this complaint as if fully set forth herein.

46.

Defendant G & D made a bid and/or proposal to the Plaintiff for a certain scope of work, including the installation of  EIFS in the Project.

47.

Plaintiff accepted Defendant G & D's proposal and Defendant G & D installed the EIFS and scope of work pursuant to the proposal.  Plaintiff paid Defendant G & D in exchange for Defendant G & D's services and scope.

48.

Plaintiff would not have allowed and/or entrusted the Defendant G & D to work on the Project in the absence of the implied contract between them.

49.

Plaintiff fully performed their obligations under the implied contract with Defendant G & D.

50.

Defendant G & D breached the implied contract it made with Plaintiff by breaching their warranties and improperly installing the EIFS on the Project.

51.

If Plaintiff is found liable or negligent to the NP 301, LLC in any respect, then such liability arose from and was proximately caused by the Defendant G & D's negligence, and Defendant G & D should indemnify Plaintiff, in whole or in part, for any liability that may be adjudged against it in favor of the NP 301, LLC. Alternatively, Plaintiff  is entitled to contribution from the Defendant G & D.

52.

As a direct and proximate result of Defendant G & D's breaches of the implied contract with Plaintiff, and Plaintiff sustained actual losses and damages as described in detail above.

WHEREFORE, Plaintiff prays as follows:

A)    That as for Count One of their Complaint for Breach of Contract, that the Plaintiff recover compensatory damages from the Defendant in such amount as might be proven in a trial of this matter, plus all reasonable attorneys' fees, expenses and cost litigation; and

B)    That as for Count Two of their Complaint for Breach of Warranties, the Plaintiff recover compensatory damages from the Defendant in such amount as might be proved at the trial of this matter, plus all reasonable attorneys' fees, expenses and cost of litigation; and

C)    That as for Count Three of their Complaint for Negligence, the Plaintiff recover compensatory damages from the Defendant in such amount as might be proved at the trial of this matter, plus all reasonable attorneys' fees, expenses and cost of litigation; and

D)    That as for Count Four of their Complaint for Common Law and Contractual Indemnity, the Plaintiff recover compensatory damages from the Defendant in such amount as might be proved at the trial of this matter, plus all reasonable attorneys' fees, expenses and cost of litigation; and

E)    That as for Count Five of their Complaint for breach of implied contract, the Plaintiff recover compensatory damages from the Defendant in such amount as might be proved at the trial of this matter, plus all reasonable attorneys' fees, expenses and cost of litigation; and

F)    In addition, as for Count One through Five of their Complaint, that the Court enter an order requiring the Defendant to join the arbitration proceedings immediately; and

G)    Plaintiff would consent to a consolidation of this lawsuit with the lawsuit filed by NP 301, LLC against the Plaintiff in Fulton County, Georgia Civil action number 2020CV336620.

H)    For such other and further relief that the Court deems equitable and just under the

circumstances.

This the 7th day of January, 2021.

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE, LLC

/s/ Mary-Margaret Noland
MARY-MARGARET NOLAND (GA Bar No.
688181)
mary-margaret.noland@mgclaw.com
MARK J. EDWARDS (GA Bar No. 698903)
mark.edwards@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 500-7315
*Attorneys for Metcon, Inc.*