# Exhibit B

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TREVONNE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO.: 23A01195 |
| BENNY POSSELT, PORTAGE | ) | |
| TRANSPORT, INC., AND MANITOBA | ) | |
| PUBLIC INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT PORTAGE TRANSPORT, INC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW **Defendant Portage Transport, Inc.** ("Defendant") and responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted against Defendants.

### SECOND DEFENSE

Venue is improper.

### THIRD DEFENSE

Defendants breached no duties owed to Plaintiff.

## FOURTH DEFENSE

The injuries suffered by Plaintiff and the damages alleged were not proximately caused by any negligent act or omission on the part of Defendants.

## FIFTH DEFENSE

Plaintiff's negligence in failing to exercise ordinary care for her own safety was equal to or greater than the negligence, if any, on the part of Defendants, which is denied, and therefore, Plaintiff is not entitled to recovery against Defendants.

## SIXTH DEFENSE

Plaintiff's injuries were caused by her own failure to exercise ordinary care for her own safety, and therefore, Plaintiff is not entitled to a recovery against Defendants.

## SEVENTH DEFENSE

Plaintiff's negligence in failing to exercise ordinary care for her own safety was equal to or greater than the negligence, if any, on the part of Defendants, which is denied, and therefore, Plaintiff is not entitled to a recovery against Defendants.

## EIGHTH DEFENSE

The Plaintiff's injuries and damages were proximately caused by her own negligence.

## NINTH DEFENSE

This Defendant asserts that any alleged dangers connected with the alleged losses and injuries were at all times open and obvious to Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## ELEVENTH DEFENSE

Plaintiff's recovery is barred by the doctrines of contributory negligence and comparative negligence, and therefore, Plaintiff is not entitled to a recovery against this Defendant.

## TWELFTH DEFENSE

Plaintiff failed to avoid the allegedly hazardous conditions giving rise to his injuries, and pursuant to the doctrine of avoidance, Plaintiff is not entitled to a recovery against this Defendant.

## THIRTEENTH DEFENSE

Without waiving any of the above enumerated defenses, Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, this

Defendant can neither admit nor deny said allegations.

2.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

3.

This Defendant admits it is a foreign corporation doing business in Georgia and may be served with process as required by law, but denies venue is proper.  As to the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore, this Defendant can neither admit nor deny said allegations.

4.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

5.

This Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## BACKGROUND

6.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

7.

This Defendant admits that on April 21, 2021, Defendant Posselt was operating a 2020 Freightliner on Interstate 85 Southbound in or near Gwinnett County, Georgia, but denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Upon information and belief, this Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant admits that it owned, operated, and maintained the 2020 Freightliner being operated by Defendant Posselt on April 21, 2021, but denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant admits that the 2020 Freightliner being operated by Defendant Posselt on April 21, 2021, was insured pursuant to an Insurance Certificate issued by Manitoba Public Insurance, but denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## COUNT ONE:  NEGLIGENCE OF DEFENDANT POSSELT

13.

Responding to Paragraph 13 of Plaintiff's Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 12 above as if full restated.

14.

This Defendant admits that Defendant Posselt owed those duties required by law, but denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## COUNT TWO:  IMPUTED LIABILITY (PORTAGE TRANSPORT, INC.)

17.

Responding to Paragraph 17 of Plaintiff's Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 16 above as if full restated.

18.

This Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Paragraph 21 of Plaintiff's Complaint contains a conclusion of law not requiring a response from this Defendant.  To the extent a response is required, this Defendant admits that the law speaks for itself, but denies any liability to Plaintiff.

## COUNT THREE:  NEGLIGENT HIRING, TRAINING & SUPERVISION (DEFENDANT PORTAGE TRANSPORT, INC.)

22.

Responding to Paragraph 22 of Plaintiff's Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 21 above as if full restated.

23.

This Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint, including all subparagraphs therein.

31.

Responding to the last unnumbered Paragraph of Plaintiff's Complaint and all subparagraphs contained therein, this Defendant denies that Plaintiff is entitled to any recovery against Defendants in any form, fashion or amount whatsoever.

32.

Any allegations in Plaintiff's Complaint not specifically responded to are hereby denied.

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendant

Portage Transport, Inc. demands that same be dismissed with costs assessed against

the Plaintiff.

This **16th** day of May, 2023.

> **COPELAND, STAIR**
> **VALZ & LOVELL, LLP**
>
> */s/  Jay M. O'Brien*
> JAY M. O'BRIEN
> Georgia Bar No.: 234606
> ***Counsel for Defendants Benny Posselt,***
> ***Portage Transport, Inc. and Manitoba***
> ***Public Insurance***

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@csvl.law

> STATE COURT OF
> DEKALB COUNTY, GA.
> 5/16/2023 8:20 AM
> E-FILED
> BY: Mundy Jackson

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of **DEFENDANT PORTAGE TRANSPORT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** via electronic filing and service to counsel of record as follows:

Jason E. Reeves
THE REEVES FIRM, LLC
305 West Wieuca Road, NE, First Floor
Atlanta, GA  30342
jreeves@reeveslawllc.net
***Counsel for Plaintiff***

This **16th** day of May, 2023.

COPELAND, STAIR
VALZ & LOVELL, LLP

 */s/ Jay M. O'Brien*
JAY M. O'BRIEN
Georgia Bar No.: 234606
***Counsel for Defendants Benny Posselt,***
***Portage Transport, Inc. and Manitoba***
***Public Insurance***