<span style="color:red">**Exhibit C**</span>

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TREVONNE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO.: 23A01195 |
| BENNY POSSELT, PORTAGE TRANSPORT, INC., AND MANITOBA PUBLIC INSURANCE, | ) ) ) ) | |
| Defendants. | ) | |

### **DEFENDANT MANITOBA PUBLIC INSURANCE'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW **Defendant Manitoba Public Insurance** ("Defendant") and responds to Plaintiff's Complaint as follows:

### **FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted against this Defendant.

### **SECOND DEFENSE**

This Defendant is not a proper party.

### **THIRD DEFENSE**

Venue and jurisdiction are improper as to this Defendant.

### **FOURTH DEFENSE**

Defendants breached no duties owed to Plaintiff.

## FIFTH DEFENSE

The injuries suffered by Plaintiff and the damages alleged were not proximately caused by any negligent act or omission on the part of Defendants.

## SIXTH DEFENSE

Plaintiff's negligence in failing to exercise ordinary care for her own safety was equal to or greater than the negligence, if any, on the part of Defendants, which is denied, and therefore, Plaintiff is not entitled to recovery against Defendants.

## SEVENTH DEFENSE

Plaintiff's injuries were caused by her own failure to exercise ordinary care for her own safety, and therefore, Plaintiff is not entitled to a recovery against Defendants.

## EIGHTH DEFENSE

Plaintiff's negligence in failing to exercise ordinary care for her own safety was equal to or greater than the negligence, if any, on the part of Defendants, which is denied, and therefore, Plaintiff is not entitled to a recovery against Defendants.

## NINTH DEFENSE

The Plaintiff's injuries and damages were proximately caused by her own negligence.

## **TENTH DEFENSE**

This Defendant asserts that any alleged dangers connected with the alleged losses and injuries were at all times open and obvious to Plaintiff.

## **ELEVENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## **TWELFTH DEFENSE**

Plaintiff's recovery is barred by the doctrines of contributory negligence and comparative negligence, and therefore, Plaintiff is not entitled to a recovery against this Defendant.

## **THIRTEENTH DEFENSE**

Plaintiff failed to avoid the allegedly hazardous conditions giving rise to his injuries, and pursuant to the doctrine of avoidance, Plaintiff is not entitled to a recovery against this Defendant.

## **FOURTEENTH DEFENSE**

Without waiving any of the above enumerated defenses, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## **PARTIES AND JURISDICTION**

1.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, this

Defendant can neither admit nor deny said allegations.

2.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

3.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

4.

This Defendant admits that it is a foreign insurance company, but denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## BACKGROUND

6.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

7.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

8.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

9.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

10.

This Defendant admits that it issued an Insurance Certificate to Portage Transport for a 2020 Freightliner, but denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

12.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

### COUNT ONE:  NEGLIGENCE OF DEFENDANT POSSELT

13.

Responding to Paragraph 13 of Plaintiff's Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 12 above as if full restated.

14.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

15.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

16.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

## **COUNT TWO:  IMPUTED LIABILITY (PORTAGE TRANSPORT, INC.)**

17.

Responding to Paragraph 17 of Plaintiff's Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 16 above as if full restated.

18.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

19.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

20.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

21.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

## COUNT THREE:  NEGLIGENT HIRING, TRAINING & SUPERVISION (DEFENDANT PORTAGE TRANSPORT, INC.)

22.

Responding to Paragraph 22 of Plaintiff's Complaint, this Defendant incorporates herein its responses to Paragraphs 1 through 21 above as if full restated.

23.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

24.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

25.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

26.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

27.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

28.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

29.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

30.

This Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint, including all subparagraphs therein.

31.

Responding to the last unnumbered Paragraph of Plaintiff's Complaint and all subparagraphs contained therein, this Defendant denies that Plaintiff is entitled to any recovery against Defendants in any form, fashion or amount whatsoever.

32.

Any allegations in Plaintiff's Complaint not specifically responded to are hereby denied.

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendant Manitoba Public Insurance demands that same be dismissed with costs assessed against the Plaintiff.

This **16th** day of May, 2023.

                              **COPELAND, STAIR**
                                   **VALZ & LOVELL, LLP**

                              /s/ Jay M. O'Brien
                              JAY M. O'BRIEN
                              Georgia Bar No.: 234606
                              ***Counsel for Defendants Benny Posselt,***
                              ***Portage Transport, Inc. and Manitoba***
                              ***Public Insurance***

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@csvl.law

                                                STATE COURT OF
                                                DEKALB COUNTY, GA.
                                                5/16/2023 8:20 AM
                                                E-FILED
                                                BY: Mundy Jackson

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of **DEFENDANT MANITOBA INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** via electronic filing and service to all parties and counsel of record as follows:

Jason E. Reeves
THE REEVES FIRM, LLC
305 West Wieuca Road, NE, First Floor
Atlanta, GA  30342
jreeves@reeveslawllc.net
*Counsel for Plaintiff*

This **16th** day of May, 2023.

        **COPELAND, STAIR
          VALZ & LOVELL, LLP**

        */s/ Jay M. O'Brien*
        JAY M. O'BRIEN
        Georgia Bar No.: 234606
        *Counsel for Defendants Benny Posselt,
        Portage Transport, Inc. and Manitoba
        Public Insurance*