# Exhibit E

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **TREVONNE WILLIAMS,** | ) | **CIVIL ACTION FILE NO.** 23A01195 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | _____ |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **BENNY POSSELT,** | ) | |
| **PORTAGE TRANSPORT, INC., and** | ) | |
| **MANITOBA PUBLIC INSURANCE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFFS'S FIRST INTERROGATORIES TO
### DEFENDANT BENNY POSSELT

PLAINTIFF TREVONNE WILLIAMS ("Plaintiff") hereby serves Defendant BENNY POSSELT (hereinafter "Defendant") answer under oath and in writing the following interrogatories within forty-five (45) days from the date of service, i.e. the time provided for response pursuant to O.C.G.A. § 9-11-33, and that a copy of the answers be furnished to the Plaintiff's attorney, The Reeves Firm, LLC (attn: Jason E. "Jake" Reeves), 305 West Wieuca Road, NE, First Floor, Atlanta, GA 30342.

### I.  INSTRUCTIONS

**NOTE A:**    When used in these interrogatories, the phrase "Defendant", "individual in question", "you" or any synonym of this are intended to and shall embrace and include, in addition to the Defendant individually, her attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all of those who are in possession of, in control of, or may have obtained information for or on behalf of the Defendant.

**NOTE B:**    Throughout these interrogatories, wherever the Defendant is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)    By whom it was made, and to whom;

(b)     The date upon which it was made;

(c)     Who else was present when it was made;

(d)     Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

NOTE C:     Throughout these interrogatories, wherever the Defendant is requested to identify a communication, letter, document, memorandum, report or record of any type and such communication was written, the following information should be furnished:

(a)     A specific description of its nature (e.g., with this it is a letter, a memorandum, etc.);

(b)     By whom it was made and to whom it was addressed;

(c)     The date it was made; and

(d)     The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy of this.

NOTE D:     Throughout these interrogatories, wherever the Defendant is requested to identify a person, the following information should be furnished:

(a)     The person's full name;

(b)     His or her present home and business address and telephone number at each address;

(c)     His or her occupation; and

(d)     His or her place of employment.

NOTE E:     These interrogatories shall be deemed continuing to the extent required by law.  You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as a witness at trial, the subject matter on which he or she is expected to testify and the substance of her or his testimony; (2) amend any prior response if you subsequently learn that the original response is no longer true and the circumstances are such that a failure to amend the response

is, in substance a knowing concealment; and (3) provide such of the supplementary responses required by law.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

State the name and address of any individual or entity with any ownership or least interest in the tractor or trailer (including any container or chassis, if applicable) driven by You on the date of the Incident and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) driven by You on the date of the Incident and describe the nature of the interest.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, copies of any lease, contract or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by You on the day of the Incident.  In lieu of this, you may attach copies thereof to your answers to these discovery requests.

4.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, copies of any lease, employment contract or other Documents regarding Your employment status.  In lieu of this, you may attach copies thereof to your answers to these discovery requests.

5.

State the point of origin, destination and reason for the trip being made by You at the time of the Incident.

6.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, a copy of the bill of lading for any loads carried by You for the eight-day period preceding the Incident.  In lieu of this, you may attach copies thereof to your answers to these discovery requests.

7.

In regard to the load being transported at the time of the Incident by You, identify:

(a)  Where the load originated;

(b)  The contents thereof;

(c)  The weight of said load;

(d)  The final destination of the load;

(e)  Any and all contracts, bills of lading, shipment Documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

8.

If applicable, with respect to the trailer attached to the Truck Tractor at the time of the Incident, for how many days had the Tractor been paired with that particular trailer?

9.

For the thirty days up to and including the day of the Incident, had any light or gauge in the cab indicated that something on the truck or trailer required maintenance or inspection,

or was not functioning properly? If so, for every such indicated condition, state the nature

of the condition, the light or gauge that indicated the condition, and when the light or gauge

first indicated that the condition existed.

10.

Has any insurer referred to above denied insurance coverage or reserved its right to later

deny coverage under any such policy of liability insurance? If so, please explain.

11.

Thirty days after service hereof, You are requested to produced all Documents that

constitute, or refer to, a written or verbal statement You have made regarding the Incident.

12.

Do you contend that the Plaintiff caused or contributed to their injuries? If so, state with

particularity each and every contention made in this regard and give a factual basis for each

contention.

13.

Thirty days after service hereof, you are requested to produce for inspection and copying

by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast,

First Floor, Atlanta, Georgia 30324, any and all trip reports and dispatch reports in regard

to You for the two-week period preceding the Incident. In lieu of this, you may attach

copies thereof to your answers to these discovery requests.

14.

Thirty days after service hereof, you are requested to produce for inspection and copying

by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast,

First Floor, Atlanta, Georgia 30324, driver's logs and timecards regarding You for the six-

month period preceding the Incident.  In lieu of this, you may attach copies thereof to your answers to these discovery requests.

15.

Identify all Persons you have interviewed relating to the Incident or from whom you have obtained written or recorded statements.

16.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, weight tickets, check stubs, fuel receipts, invoices, hotel bills, and any other records regarding expenses You incurred for the six-month period preceding the Incident.  In lieu of this, you may attach copies thereof to your answers to these discovery requests.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, copies of all Documents  You created in the ordinary course of business for Defendant Portage Transport, Inc., during the one-year period preceding this Incident and the six-month period following this Incident.  In lieu of this, you may attach copies thereof to your answers to these discovery requests.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast,

First Floor, Atlanta, Georgia 30324, a copy of Your qualification file, including but not limited to:

(a) Application for Employment;

(b) Copy of Your CDL License;

(c) Your Certification of Prior Motor Vehicle Accidents;

(d) Your Certification of Prior Motor Vehicle Laws;

(e) Your Prior Employment History;

(f) Any and all inquiries into Your Driving Record;

(g) Any and all inquiries into Your Employment History;

(h) Documents regarding Defendant Portage Transport, Inc.'s annual review of Your Driving

   Record;

(i) The response(s) of each State Agency to Defendant Portage Transport, Inc.'s inquiry into your Driving Record;

(j) Your Certification of Your Driver's Road Test;

(k) Your Medical Examiner's Certificate;

(l) Any and all Statements setting forth a denial, revocation, or suspension of permit or

   privilege to operate a motor vehicle;

(m) Training Certificates and Training Documents;

(n) Drug Testing Records;

(o) Any other Documents;

In lieu of this, you may attach copies thereof to your answers to these discovery requests.

19.

Did You submit to a post-accident alcohol and controlled substance test after the Incident? If so, please state:

   (a) The date of testing;

   (b) Who performed the test;

   (c) Where the test was performed; and

   (d) The results of the test.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, print-outs, records, correspondence, memoranda or other Documents concerning Your post-accident alcohol and controlled substances testing. In lieu of this, you may attach copies thereof to your answers to these discovery requests.

21.

If post-accident testing was not performed on You, please explain why.

22.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

23.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, a copy of any post-accident report regarding the

Incident. In lieu of this, you may attach copies thereof to your answers to these discovery requests.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, copies of any driver's manuals, policies, guidelines, rules or regulations **Defendant Portage Transport, Inc.** issued to You, or which **Defendant Portage Transport, Inc.** expected You to follow when You drove for **Defendant Portage Transport, Inc.** In lieu of this, you may attach copies thereof to your answers to these discovery requests.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, copies of any correspondence, memoranda, reports, or logs which reference or contain reports You gave to **Defendant Portage Transport, Inc.** or Communications you had with **Defendant Portage Transport, Inc.** regarding the Tractor or Trailer involved in the Incident. In lieu of this, you may attach copies thereof to your answers to these discovery requests.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, copies of any safety manuals, brochures, handouts, literature or other written Documents pertaining to safety provided to You by Power Play

Logistics, Inc.  In lieu of this, you may attach copies thereof to your answers to these discovery requests.

27.

State in detail the factual basis for each defense You have raised in your answer to the complaint.

28.

State the name, address, and telephone number for the president, safety director, federal safety regulation compliance officer, the dispatcher for the trip that ultimately resulted in the collision, and all persons who interviewed or were involved with Your hiring.

29.

Have You ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations?  If so, please state for each instance:

(a)  The date of the violation;

(b)  A description of the violation;

(c)  Where the violation occurred;

(d)  The agency issuing the violation; and

(e)  The ultimate disposition of the charges;

30.

Have you ever been disqualified or placed out-of-service.  If so, for each instance please state:

(a)  The dates of disqualification; and

(b)  The reason for disqualification;

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, copies of any Documents referenced in Your Responses to any of the aforementioned Interrogatories.  In lieu of this, you may attach copies thereof to your answers to these discovery requests.

32.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, any Document regarding any disqualification or out-of-service You identify in Your response(s).  In lieu of this, you may attach copies thereof to your answers to these discovery requests.

33.

State any and all training You received by Portage Transport, Inc., or a State Agency, or other entity for the five years up to and including the date of the Incident.

34.

Please explain the nature of Your employment relationship with Portage Transport, Inc. including but not limited to the date Your employment relationship began; and whether the employment relationship has been terminated and if so, on what date and by who.

35.

What was Your mode of compensation on the date of the Incident?  Explain.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, Your payroll information for the six-month period preceding the Incident and the two-month period after the Incident. Additionally, please include copies of Your paycheck for the aforementioned period. In lieu of this, you may attach copies thereof to your answers to these discovery requests.

37.

Did you have another job other than driving for Portage Transport, Inc. for the year up to and including the date of the Incident? If so, please state Your dates of employment, identify the company, entity, or person who employed You, and Your average weekly duties, and average weekly hours.

38.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, Documents or materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relevant to the subject collision that is the basis of this lawsuit. In lieu of this, you may attach copies thereof to your answers to these discovery requests.

39.

Please identify any and all motor vehicle accidents and moving violations You had prior to and up to and including the date of the subject collision. Please explain the description, jurisdiction, and location of the event.

40.

Please state Your date of birth, Social Security number, and Your driver's license number.

41.

Please identify the cellphone number and any and all cellular service providers for all cellphones You owned or used on the date of the Incident.

42.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, copies of documents showing any and all incoming and outgoing calls, incoming and outgoing text messages for the date of the Incident. In lieu of this, you may attach copies thereof to your answers to these discovery requests.

43.

State the name and address of any person, including a party, who to your knowledge, information or belief:

(a) Was an eyewitness to the Incident complained of;

(b) Has some knowledge of any fact which serves as the basis upon which your defense to Plaintiff's claim is based;

(c) Has conducted an investigation relating to the Incident complained of, or the background, employment, or medical history of the Plaintiff.

44.

To Your knowledge, information, or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with the subject Incident?  If so, describe each statement or report and give the name and address of any such person having custody, control, or possession thereof.

45.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, copies of any and all statements or report referenced in the previous Interrogatory.  In lieu of this, you may attach copies thereof to your answers to these discovery requests.

46.

To Your knowledge, information, or belief, are there any drawings, plats, photographs, or videotapes regarding the Incident, the vehicles involved, or Plaintiff?  If so, describe the drawings, plats, photographs, or videotapes and give the name and address of every person having control, custody, or possession thereof.

47.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, copies of any and all drawings, plats, photographs, or videotapes referenced in the previous Interrogatory.  In lieu of this, you may attach copies thereof to your answers to these discovery requests.

48.

Please identify each person whom you expect to call as an expert witness at trial.  State the subject matter upon which the expert is expected to testify and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the

grounds for each opinion.

49.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, any and all Documents videotapes, photographs, reports, plats or drawings generated in response to the preceding Interrogatory. In lieu of this, you may attach copies thereof to your answers to these discovery requests.

50.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, any and all Documents produced as the result of a Request for Production. In lieu of this, you may attach copies thereof to your answers to these discovery requests.

51.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of The Reeves Firm, LLC, 305 West Wieuca Road, Northeast, First Floor, Atlanta, Georgia 30324, copies of any and all drawings, plats, photographs, or videotapes which refer to or reference Plaintiff. In lieu of this, you may attach copies thereof to your answers to these discovery requests.

Respectfully submitted this 20th day of March, 2023.

/s/ *Jason E. Reeves*

_____

Jason E. Reeves
Georgia State Bar No. 252043
***Attorney for Plaintiff***

STATE COURT OF
DEKALB COUNTY, GA.
3/20/2023 12:39 PM
E-FILED
BY: Monica Gay

THE REEVES FIRM
305 W. Wieuca Road, NE
First Floor
Atlanta, GA 30342
Phone: 404-442-8755
Fax:     678-831-4565
Email: jreeves@reeveslawllc.net

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **TREVONNE WILLIAMS,** | ) | **CIVIL ACTION FILE NO.** 23A01195 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | _____ |
| **v.** | ) | |
| | ) | <u>**JURY TRIAL DEMANDED**</u> |
| **BENNY POSSELT,** | ) | |
| **PORTAGE TRANSPORT, INC., and** | ) | |
| **MANITOBA PUBLIC INSURANCE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**PLAINTIFF'S FIRST REQUEST FOR ADMISSION OF FACTS TO DEFENDANT**</u>
<u>**BENNY POSSELT**</u>

TREVONNE WILLIAMS, Plaintiff in the above-styled civil action, and requests, pursuant to O.C.G.A. § 9-11-36, that Defendant BENNY POSSELT (hereinafter "Defendant"), respond to the following REQUEST FOR ADMISSION OF FACTS:

<u>**INTRODUCTION**</u>

Each matter to which an admission is requested shall be admitted unless, within thirty (30) days after service of these requests Defendant serves upon Plaintiff's counsel a written answer or objection. If objection is made, the reasons therefore shall be stated. Your answer to each request for admission shall specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the

information known or readily obtainable by you is insufficient to enable you to admit or deny. If you consider that a matter to which an admission has been requested presents a genuine issue for trial, you may not, on that ground alone, object to the request.

If you fail to admit the genuineness of any document or the truth of any matter requested, and if the Plaintiff hereafter proves the genuineness of the document or the truth of the matter, Plaintiff may apply to the court for an order requiring that you pay Plaintiff the reasonable expenses incurred in making that proof, including reasonable attorney's fees pursuant to O.C.G.A. § 9-11-37(c).

## **REQUEST FOR ADMISSIONS**

Please admit the following facts:

1. That you have been properly served with process in this action.

2. That you have been properly served with Summons in this action.

3. That you have been properly served with a Complaint in this action.

4. That you raise no defense as to sufficiency of service of process in this action.

5. That you owned and/or were the permitted operator of the vehicle being driven at the time of the subject accident as described in greater detail in Plaintiff's Complaint for Damages (hereinafter, "subject incident") served herewith.

6. That at the time of the subject incident, you failed to adhere to the applicable standard(s) of care while operating a motor vehicle.

7. That at the time of the subject incident, your vehicle struck the vehicle operated by Plaintiff.

8. That you are subject to the jurisdiction of this Court.

9. That venue in this Court is proper as to you.

10. That Plaintiff, as designated in the caption to this lawsuit, is the proper party to bring the instant action.

11. That Plaintiff sustained serious physical injuries due to the incident on which the instant action is based.

12. That you negligently caused injuries to Plaintiff.

13. That you are liable for torts committed while your vehicle was being operated at the time of the subject incident.

14. That you are aware of no witness or witnesses who can testify to fact(s) that you now or will contend support or tend to support a claim that Plaintiff caused the subject incident.

15. That you are aware of no witness or witnesses who can testify to fact(s) that you now or will contend support or tend to support a claim that Plaintiff contributed to the subject incident.

16. That you are aware of no witness or witnesses who can testify to fact(s) that you now or that you will contend support or tend to support a claim that Plaintiff was negligent in connection with the subject incident.

Dated this the 20th day of March, 2023.

Respectfully Submitted,

THE REEVES FIRM, LLC

/s/ Jason E. Reeves

By:  _____

Jason E. Reeves
Georgia State Bar Number 252043
*Attorney for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
3/20/2023 12:39 PM
E-FILED
BY: Monica Gay

305 West Wieuca Road, NE
First Floor
Atlanta, GA 30342
Phone  (404) 442-8755
Fax      (678) 831-4565
jreeves@reeveslawllc.net

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TREVONNE WILLIAMS, | ) | **CIVIL ACTION FILE NO.** 23A01195 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | _____ |
| **v.** | ) | |
| | ) | <u>**JURY TRIAL DEMANDED**</u> |
| BENNY POSSELT, | ) | |
| PORTAGE TRANSPORT, INC., and | ) | |
| MANITOBA PUBLIC INSURANCE, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>PLAINTIFF'S FIRST REQUEST FOR ADMISSION OF FACTS TO DEFENDANT MANITOBA PUBLIC INSURANCE</u>

TREVONNE WILLIAMS, Plaintiff in the above-styled civil action, and requests, pursuant to O.C.G.A. § 9-11-36, that Defendant MANITOBA PUBLIC INSURANCE (hereinafter "Defendant"), respond to the following REQUEST FOR ADMISSION OF FACTS:

### <u>INTRODUCTION</u>

Each matter to which an admission is requested shall be admitted unless, within thirty (30) days after service of these requests Defendant serves upon Plaintiff's counsel a written answer or objection. If objection is made, the reasons therefore shall be stated. Your answer to each request for admission shall specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the

information known or readily obtainable by you is insufficient to enable you to admit or deny. If you consider that a matter to which an admission has been requested presents a genuine issue for trial, you may not, on that ground alone, object to the request.

If you fail to admit the genuineness of any document or the truth of any matter requested, and if the Plaintiff hereafter proves the genuineness of the document or the truth of the matter, Plaintiff may apply to the court for an order requiring that you pay Plaintiff the reasonable expenses incurred in making that proof, including reasonable attorney's fees pursuant to O.C.G.A. § 9-11-37(c).

Note: As used below, "you" and/or "your" shall refer to Defendant Manitoba Public Insurance.

## REQUEST FOR ADMISSIONS

Please admit the following facts:

1. That you have been properly served with process in this action.

2. That you have been properly served with Summons in this action.

3. That you have been properly served with a Complaint in this action.

4. That you raise no defense as to sufficiency of service of process in this action.

5. That you issued a policy of liability insurance to the owner and/or the permitted operator (hereinafter, "insured(s)") of the vehicle being driven at the time of the subject accident as described in greater detail in Plaintiff's Complaint for Damages (hereinafter, "subject incident") served herewith.

6. That at the time of the subject incident, your insured(s) failed to adhere to the applicable standard(s) of care while operating a motor vehicle.

7. That at the time of the subject incident, your insured vehicle struck the vehicle operated by Plaintiff.

8.  That you are subject to the jurisdiction of this Court.

9.  That venue in this Court is proper as to you.

10. That Plaintiff, as designated in the caption to this lawsuit, is the proper party to bring the instant action.

11. That Plaintiff sustained serious physical injuries due to the incident on which the instant action is based.

12. That your insured(s)' employee/agent negligently caused injuries to Plaintiff.

13. That your insured(s) is/are liable for torts committed while your insured vehicle was being operated at the time of the subject incident.

14. That you are aware of no witness or witnesses who can testify to fact(s) that you now or will contend support or tend to support a claim that Plaintiff caused the subject incident.

15. That you are aware of no witness or witnesses who can testify to fact(s) that you now or will contend support or tend to support a claim that Plaintiff contributed to the subject incident.

16. That you are aware of no witness or witnesses who can testify to fact(s) that you now or that you will contend support or tend to support a claim that Plaintiff was negligent in connection with the subject incident.

Dated this the 20th day of March, 2023.

Respectfully Submitted,

THE REEVES FIRM, LLC

/s/ Jason E. Reeves

By: _____

Jason E. Reeves
Georgia State Bar Number 252043
*Attorney for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
3/20/2023 12:39 PM
E-FILED
BY: Monica Gay

305 West Wieuca Road, NE
First Floor
Atlanta, GA 30342
Phone  (404) 442-8755
Fax      (678) 831-4565
jreeves@reeveslawllc.net

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TREVONNE WILLIAMS,                    )
                                      )        CIVIL ACTION FILE NO. 23A01195
          Plaintiff,                  )
                                      )        _____
v.                                    )
                                      )        **JURY TRIAL DEMANDED**
BENNY POSSELT,                        )
PORTAGE TRANSPORT, INC., and          )
MANITOBA PUBLIC INSURANCE,            )
                                      )
          Defendants.                 )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION OF FACTS TO DEFENDANT PORTAGE TRANSPORT, INC.

TREVONNE WILLIAMS, Plaintiff in the above-styled civil action, and requests, pursuant to O.C.G.A. § 9-11-36, that Defendant PORTAGE TRANSPORT, INC. (hereinafter "Defendant"), respond to the following REQUEST FOR ADMISSION OF FACTS:

### INTRODUCTION

Each matter to which an admission is requested shall be admitted unless, within thirty (30) days after service of these requests Defendant serves upon Plaintiff's counsel a written answer or objection. If objection is made, the reasons therefore shall be stated. Your answer to each request for admission shall specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the

information known or readily obtainable by you is insufficient to enable you to admit or deny. If you consider that a matter to which an admission has been requested presents a genuine issue for trial, you may not, on that ground alone, object to the request.

If you fail to admit the genuineness of any document or the truth of any matter requested, and if the Plaintiff hereafter proves the genuineness of the document or the truth of the matter, Plaintiff may apply to the court for an order requiring that you pay Plaintiff the reasonable expenses incurred in making that proof, including reasonable attorney's fees pursuant to O.C.G.A. § 9-11-37(c).

Note: As used below, "you" and/or "your" shall refer to Defendant Portage Transport, Inc.

### REQUEST FOR ADMISSIONS

Please admit the following facts:

1. That you have been properly served with process in this action.

2. That you have been properly served with Summons in this action.

3. That you have been properly served with a Complaint in this action.

4. That you raise no defense as to sufficiency of service of process in this action.

5. That you owned and/or were the permitted operator of the vehicle being driven at the time of the subject accident as described in greater detail in Plaintiff's Complaint for Damages (hereinafter, "subject incident") served herewith.

6. That at the time of the subject incident, you and/or your employee/agent failed to adhere to the applicable standard(s) of care while operating a motor vehicle.

7. That at the time of the subject incident, your vehicle struck the vehicle operated by Plaintiff.

8. That you are subject to the jurisdiction of this Court.

9.   That venue in this Court is proper as to you.

10.  That Plaintiff, as designated in the caption to this lawsuit, is the proper party to bring the instant action.

11.  That Plaintiff sustained serious physical injuries due to the incident on which the instant action is based.

12.  That you and/or your employee/agent negligently caused injuries to Plaintiff.

13.  That you are liable for torts committed while your vehicle was being operated at the time of the subject incident.

14.  That you are aware of no witness or witnesses who can testify to fact(s) that you now or will contend support or tend to support a claim that Plaintiff caused the subject incident.

15.  That you are aware of no witness or witnesses who can testify to fact(s) that you now or will contend support or tend to support a claim that Plaintiff contributed to the subject incident.

16.  That you are aware of no witness or witnesses who can testify to fact(s) that you now or that you will contend support or tend to support a claim that Plaintiff was negligent in connection with the subject incident.

Dated this the 20th day of March, 2023.

Respectfully Submitted,

THE REEVES FIRM, LLC

/s/ Jason E. Reeves

By: _____

Jason E. Reeves
Georgia State Bar Number 252043
*Attorney for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
3/20/2023 12:39 PM
E-FILED
BY: Monica Gay

305 West Wieuca Road, NE
First Floor
Atlanta, GA 30342
Phone  (404) 442-8755
Fax      (678) 831-4565
jreeves@reeveslawllc.net

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TREVONNE WILLIAMS,          )
                           )          Civil Action File Number
          Plaintiff,       )
                           )          No.: 23A01195
v.                         )
                           )
BENNY POSSELT,             )
PORTAGE TRANSPORT INC. and )
MANITOBA PUBLIC INSURANCE, )
                           )
          Defendants.      )

## <u>NOTICE OF LEAVE OF ABSENCE</u>

COMES NOW, Jason E. Reeves, and respectfully notifies all Judges before whom he has cases pending, all affected clerks of Court and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16 for those below identified dates in 2023.

1.    The periods of leave during which time Applicant will be away from the practice of law are **May 19, 2023; May 22-31, 2023; July 3, 2023; July 5, 2023; August 23-25, 2023; August 29, 2023; September 5, 2023; September 6, 2023; October 31, 2023; November 1, 2023; November 22, 2023; November 27, 2023; December 18-22, 2023; and December 26-29, 2023**.

The purpose of the leave is vacations, continuing legal education and other such pursuits.

2.  All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the Leave of Absence shall be granted.

This 22nd day of March, 2023.

                              Respectfully Submitted,

                              THE REEVES FIRM, LLC

                              /s/ Jason E. Reeves

                    By:       _____
                              Jason E. Reeves
                              Georgia Bar Number 252043

305 West Wieuca Road, NE
First Floor
Atlanta, GA 30342
Phone  (404) 442-8755
Fax     (678) 831-4565
jreeves@reeveslawllc.net

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TREVONNE WILLIAMS,          )
                                      )     Civil Action File Number
       Plaintiff,        )
                                      )     No.: 23A01195
v.                              )
                                      )
BENNY POSSELT,             )
PORTAGE TRANSPORT INC. and    )
MANITOBA PUBLIC INSURANCE,   )
                                      )
       Defendants.     )

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served all parties/parties' counsel with the foregoing pleading via the electronic file-and-serve system utilized by this Honorable Court, placing same in the United States Mail with sufficient postage to ensure delivery and/or via STATUTORY ELECTRONIC SERVICE.

This 22nd day of March, 2023.

                                 Respectfully Submitted,

                                 THE REEVES FIRM, LLC

                                 /s/ Jason E. Reeves

               By:   _____

                                 Jason E. Reeves
                                 Georgia State Bar Number 252043

305 West Wieuca Road, NE
First Floor
Atlanta, GA 30342
Phone  (404) 442-8755
Fax     (678) 831-4565
jreeves@reeveslawllc.net

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

TREVONNE WILLIAMS,                      )
                                        )
                Plaintiff,              )
                                        )
v.                                      )
                                        )
BENNY POSSELT, PORTAGE TRANSPORT,)          CIVIL ACTION
INC., AND MANITOBA PUBLIC               )   FILE NO.: 23A01195
INSURANCE,                              )
                                        )
                Defendants.             )
                                        )
                                        )
                                        )

<u>NOTICE OF LEAVE OF ABSENCE</u>

COMES NOW, Jay M. O'Brien, and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

(1)     The period(s) of leave during which time Applicant will be away from the practice of law are:

June 15 – 27, 2023
November 9 – 14
November 22 – 27
December 22, 2023 – January 3, 2024

The purpose of the leave is personal leave, family commitments and/or CLE.

(2)     All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objection is filed, the leave shall be granted.

This 5th day of  May 2023.

[Signature on following page.]

STATE COURT OF
DEKALB COUNTY, GA.
5/5/2023 4:39 PM
E-FILED
BY: Mundy B Jackson

**COPELAND, STAIR,**
 **VALZ & LOVELL, LLP**


By:  */s/JAY M. O'BRIEN*
   JAY M. O'BRIEN
   State Bar No.: 234606
   *Counsel for Defendants Benny Posselt,*
   *Portage Transport, Inc., and Manitoba*
   *Public Insurance*


191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@csvl.law

STATE COURT OF
DEKALB COUNTY, GA.
5/5/2023 4:39 PM
E-FILED
BY: Mundy Jackson

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day served a copy of the within and foregoing

**NOTICE OF LEAVE OF ABSENCE** upon all parties and counsel of record to this

matter via this Court's e-Filing System.

This 5th day of May 2023.

**COPELAND, STAIR,**
**VALZ & LOVELL, LLP**

By:  */s/JAY M. O'BRIEN*
     JAY M. O'BRIEN
     State Bar No.: 234606
     *Counsel for Defendants Benny Posselt,*
     *Portage Transport, Inc. and Manitoba*
     *Public Insurance*

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@csvl.law

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TREVONNE WILLIAMS, | ) | |
| | ) | Civil File Action Number: |
| Plaintiff, | ) | |
| | ) | 23A01195 |
| v. | ) | |
| | ) | |
| BENNY POSSELT, | ) | |
| PORTAGE TRANSPORT INC. and | ) | |
| MANITOBA PUBLIC INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF CHANGE OF ADDRESS</u>

COMES NOW, Jason E. Reeves, Counsel for Plaintiff TREVONNE WILLIAMS and

files this Notice of change of Address.  All future pleadings, memoranda and other papers should

be sent to undersigned counsel at the address set forth below:

Jason E. Reeves, Esq.
THE REEVES FIRM, LLC.
104 Cambridge Ave.
Decatur, Georgia 30030
Ph: (404) 442-8755
Fax: (678) 831-4565
jreeves@reeveslawllc.net

Dated this 6th day of May, 2023.

Respectfully submitted,

THE REEVES FIRM, LLC

/s/ Jason E. Reeves

By: _____

Jason E. Reeves
Georgia State Bar Number 252043
***Attorney for Plaintiff***

104 Cambridge Ave
Decatur, Georgia 30030
Phone  (404) 442-8755
Fax      (678) 831-4565
jreeves@reeveslawllc.net

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TREVONNE WILLIAMS,                )
                                  )        Civil File Action Number:
         Plaintiff,               )
                                  )        23A01195
v.                                )
                                  )
BENNY POSSELT,                    )
PORTAGE TRANSPORT INC. and        )
MANITOBA PUBLIC INSURANCE,        )
                                  )
         Defendants.              )

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Uniform Rules, this certifies that the undersigned has served the foregoing pleading on the below parties pursuant to service as prescribed by law, STATUTORY ELECTRONIC SERVICE, and/or via the USPS with sufficient postage for delivery addressed to:

Jay M. O'Brien, Esq.
COPELAND, STAIR, VALZ & LOVELL, LLP
191 Peachtree Street NE
Suite 3600
Atlanta, Georgia 30303
jobrien@cvsl.law

Dated this 6th day of May, 2023.

Respectfully submitted,

THE REEVES FIRM, LLC

/s/ Jason E. Reeves

By: _____

Jason E. Reeves
Georgia State Bar Number 252043
***Attorney for Plaintiff***

104 Cambridge Ave
Decatur, Georgia 30030
Phone  (404) 442-8755
Fax     (678) 831-4565
jreeves@reeveslawllc.net