## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MIKEL WILLIAMS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| **COYOTE LOGISTICS, LLC,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff Mikel Williams ("Williams" or "Plaintiff"), by and through undersigned counsel, and submits his Complaint against Coyote Logistics, LLC ("Coyote" or "Defendant"), stating as follows:

### I.   NATURE OF COMPLAINT

1.

This is an action by a former employee of Defendant for discrimination, interference, and retaliation in violation of the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, et. seq. (collectively, the "ADAAA").

## II. JURISDICTION AND VENUE

2.

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the ADA.

3.

Venue is proper in this district under 28 U.S.C. § 1391 because Defendant resides in this district and all of the acts and omissions complained of herein occurred within the Northern District of Georgia.

## III. ADMINISTRATIVE PREREQUISITES

4.

Plaintiff timely filed a charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on November 10, 2022 (Charge No. 410-2023-02331).

5.

Plaintiff received a right-to-sue notice from the EEOC with respect to Charge No. 410-2023-02331 on April 26, 2023.

## IV.   PARTIES

6.

Williams resides in Douglas County, Georgia, and is a former employee of Defendant.

7.

At all times relevant hereto, Williams was an individual with a disability as defined by the ADAAA.

8.

At all times relevant hereto, Williams was a "qualified individual" as defined by the ADAAA because he was able to perform the essential functions of his position with or without reasonable accommodations.

9.

Defendant is a Limited Liability Company that regularly conducts business in Georgia and its principal place of business is located at 55 Glenlake Parkway NE, Atlanta, GA, 30328, USA.

10.

Defendant is a covered "employer" as defined by the ADA.

11.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, CSC of Cobb County, Inc., at 192 Anderson Street SE, Suite 125, Marietta, GA, 30060, USA.

### V.	FACTUAL ALLEGATIONS

12.

Williams worked for Coyote as an inbound dispatcher between September 1, 2021, and September 26, 2022.

13.

Williams was diagnosed with COVID-19 in May 2022 and experienced significant complications that resulted in pulmonary embolism.

14.

Williams had to take some time off as a result of his acute condition.

15.

Upon his return to work, Williams requested temporary accommodations in the form of intermittent leave to attend pulmonary rehabilitation and temporary remote work.

16.

Williams submitted supporting documentation from his treating physician that

certified the medical need for the requested temporary accommodations.

17.

Defendant second guessed Williams's supporting medical documentation for no valid reason and denied his request for accommodations.

18.

Defendant told Williams that he had to apply for short-term disability leave instead.

19.

Williams complained to Defendant that the failure to accommodate his disability (pulmonary embolism) was unlawful and notified Defendant that he intended to file an EEOC charge.

20.

Williams was terminated shortly thereafter while he was on approved short-term disability leave for alleged unexcused absence.

21.

The alleged reason for Williams's termination was false and pretextual.

22.

Defendant's actions constitute unlawful discrimination, interference, and retaliation in violation of the ADA.

23.

Williams has suffered significant pecuniary and non-pecuniary damages as a direct result of Defendant's unlawful actions.

**COUNT I**
**ADA Failure to Accommodate**

24.

Williams repeats and realleges paragraphs 12-23 as if fully set forth herein.

25.

Williams has at all relevant times been a qualified individual who can perform the essential functions of his job with or without reasonable accommodation.

26.

Williams has at all relevant times had a covered disability under the ADA (pulmonary embolism).

27.

Williams requested reasonable accommodations for a known disability.

28.

Defendant failed to engage in the interactive process with regard to Williams's accommodation request.

29.

Williams was denied reasonable accommodations.

30.

As a direct and proximate result of Defendant's wrongful acts, Williams has suffered and continues to suffer substantial economic and non-pecuniary damages.

31.

Defendant willfully and wantonly disregarded Williams's rights, and its actions toward Williams were undertaken in bad faith.

32.

Williams is entitled to lost wages and benefits, compensatory damages, attorney fees and costs, prejudgment interest, and any other relief available under the law.

## COUNT II
## ADA Discrimination

33.

Williams repeats and realleges paragraphs 12-23 as if fully set forth herein.

34.

Williams has at all relevant times been a qualified individual who can perform the essential functions of his job with or without reasonable accommodation.

35.

Williams has at all relevant times had a covered disability under the ADA.

36.

Defendant terminated Williams because of his disability in violation of the ADA.

37.

Defendant's proffered reason for the termination is false and mere pretext for discrimination.

38.

As a direct and proximate result of Defendant's wrongful acts, Williams has suffered and continues to suffer substantial economic and non-pecuniary damages.

39.

Defendant willfully and wantonly disregarded Williams's rights, and its actions toward Williams were undertaken in bad faith.

40.

Williams is entitled to lost wages and benefits, compensatory damages, attorney fees and costs, prejudgment interest, and any other relief available under the law.

## COUNT III
## ADA Interference

41.

Williams repeats and realleges paragraphs 12-23 as if fully set forth herein.

42.

Williams has at all relevant times been a qualified individual who can perform the essential functions of his job with or without reasonable accommodation.

43.

Williams has at all relevant times had a covered disability under the ADA.

44.

Defendant interfered with Williams's statutorily protected ADA rights by coercing, intimidating, threatening, harassing, and interfering with Plaintiff in the exercise or enjoyment of, or on account of having exercised or enjoyed, rights granted or protected by the ADAAA. 42 U.S.C. § 12203(b); 29 C.F.R. § 1630.12(b).

45.

Specifically, Defendant interfered with Williams's statutorily protected ADA rights by, among other thing, unlawfully second-guessing Williams's supporting physician's certification and coercing Williams to relinquish or forgo an accommodation to which he was otherwise entitled by threatening termination.

46.

As a direct and proximate result of Defendant's wrongful acts, Williams has suffered and continues to suffer substantial economic and non-pecuniary damages.

47.

Defendant willfully and wantonly disregarded Williams's rights, and its actions toward Williams were undertaken in bad faith.

48.

Williams is entitled to lost wages and benefits, front pay, compensatory damages, attorney fees and costs, prejudgment interest, and any other relief available under the law.

### COUNT IV
### ADA Retaliation

49.

Williams repeats and realleges paragraphs 12-23 as if fully set forth herein.

50.

Williams has at all relevant times been a qualified individual who can perform the essential functions of his job with or without reasonable accommodation.

51.

Williams has at all relevant times had a covered disability under the ADAAA.

52.

Williams engaged in protected activity under the ADAAA when he requested reasonable accommodations, complained to Defendant that its actions in response to his request for accommodations were unlawful, and when he notified Defendant that

he was filing a charge of discrimination with the EEOC.

53.

Defendant subjected Williams to materially adverse actions when it placed him on unprotected, reduced-pay leave and then terminated his employment.

54.

The protected activities were causally connected to the subsequent adverse actions.

55.

Defendant's proffered reasons for the adverse action are false and mere pretext for retaliation.

56.

As a direct and proximate result of Defendant's wrongful acts, Williams has suffered and continues to suffer substantial economic and non-pecuniary damages.

57.

Defendant willfully and wantonly disregarded Williams's rights, and its actions toward Williams were undertaken in bad faith.

58.

Williams is entitled to lost wages and benefits, compensatory damages, attorney fees and costs, prejudgment interest, and any other relief available under

the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

(a) judgment in favor of Plaintiff and against Defendant on all counts;

(b) damages sufficient to make Plaintiff whole by providing for out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(c) reinstatement to employment or, if reinstatement is not feasible under the circumstances, an award of damages for future lost wages and benefits of employment;

(d) equitable restitution and relief sufficient to cover life, disability, or health insurance and any lost retirement benefits due to Defendant's wrongful termination of Plaintiff's employment;

(e) Compensatory damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character or reputation, injury to credit standing, loss of health, and any other non-pecuniary losses incurred due to the discriminatory conduct;

(g) reasonable attorney's fees and costs; and

(h) such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Respectfully submitted,

**BERGMAR LAW LLC**

*/s/ Nina Maja Bergmar*
Nina Maja Bergmar
Georgia Bar No. 982879
135 Auburn Ave. NE, Ste. 210
Atlanta, GA 30303
nmb@bergmarlaw.com
Tel. (470) 239-2096

Attorney for Plaintiff