E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02705-S3**
4/21/2023 4:58 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Shelia Millines-Johnson

CIVIL ACTION NUMBER: 23-C-02705-S3

**PLAINTIFF**

VS.

Crete Carrier Corporation d/b/a Crete Carrier Corp Shaffer Trucking
c/o Registered Agent CT Corporation System
289 S Culver Street, Lawrenceville, Georgia 30046

**EXHIBIT "A"**

**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Trevor E. Brice - WLG Atlanta, LLC
600 Peachtree Street NE, Suite 4010
Atlanta, Georgia 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
         24th day of April, 2023

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02705-S3**

**4/21/2023 4:58 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| SHELIA MILLINES-JOHNSON;<br><br>Plaintiff,<br><br>v.<br><br>CRETE CARRIER CORPORATION d/b/a<br>CRETE CARRIER CORP SHAFFER<br>TRUCKING; and EUGENE BOYER;<br><br>Defendants. | CIVIL ACTION 23-C-02705-S3<br>FILE NO. _____ |

## COMPLAINT FOR DAMAGES

Plaintiff Shelia Millines-Johnson files this Complaint for Damages against Defendants Crete Carrier Corporation d/b/a Crete Carrier Corp Shaffer Trucking and Eugene Boyer, respectfully showing the Court as follows.

### Parties, Jurisdiction, and Venue

1.

Plaintiff seeks recovery for the personal injuries and other damages she suffered when Defendant Eugene Boyer ("Boyer") made an improper lane change and slammed into Plaintiff's vehicle in Atlanta, Georgia.

2.

Plaintiff resides in Fulton County, Georgia. She submits to the jurisdiction of this Court.

3.

Defendant Boyer resides and may be served with process at 1527 N Wilson Street, Chillicothe, Peoria County, Illinois 61523-1339. He is subject to the jurisdiction of this Court

**COMPLAINT FOR DAMAGES – Page 1**

4.

Defendant Crete Carrier Corp Shaffer "(Crete Carrier")  is a foreign profit corporation that is authorized to transact business in Georgia. It may be served with process through its Registered Agent, CT Corporation System, at 289 S Culver Street, Lawrenceville, Gwinnett County, Georgia 30046. It is subject to the jurisdiction of this Court.

5.

Venue is proper in Gwinnett County as to all Defendants pursuant to Ga. Const. art. VI, § 2, ¶ IV and O.C.G.A. § 9-10-31(b).

6.

No United States District Court has subject matter jurisdiction over this action. Complete diversity of citizenship is absent because Plaintiff and one or more Defendants are citizens and domiciliaries of Georgia, and there is no federal question jurisdiction because all the claims raised in this complaint arise under state law.

## Background

7.

On January 11, 2022, Plaintiff was traveling northbound in the far-right lane of Interstate 285 near the Cascade Road exit in Atlanta, Georgia.

8.

At the same time, Defendant Boyer was operating a commercial truck northbound in the center lane of Interstate 285 (i.e., directly to Plaintiff's left).

9.

The commercial truck Defendant Boyer was operating was owned and made available for his use by his employer, Defendant Crete Carrier.

10.

Suddenly and without warning, Defendant Boyer swerved into Plaintiff's lane and slammed into her vehicle (the "Subject Collision").

11.

Upon information and belief, Defendant Boyer was distracted at the time of the Subject Collision by his use of a mobile phone or other electronic device.

12.

Plaintiff was seriously injured in the Subject Collision.

13.

Plaintiff exercised care for her own safety at all relevant times, including the time of the Subject Collision. She did not act or fail to act in any way that proximately caused the Subject Collision or any of her injuries or damages.

14.

The injuries proximately caused by Defendants' acts and omissions have resulted in substantial damages to Plaintiff, both economic and non-economic, including but not limited to medical bills; costs and expenses; lost wages; physical pain and suffering; mental pain and suffering; and loss of full enjoyment of life.

## COUNT ONE
### Negligence of Defendant Eugene Boyer

15.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

16.

At all relevant times, including the time of the Subject Collision, Defendant Boyer owed the public generally, and Plaintiff specifically, duties of care while operating a motor vehicle on the public roadways of Georgia.

17.

At all relevant times, including the time of the Subject Collision, it was reasonably foreseeable to Defendant Boyer that if he breached these duties it could result in a collision and serious injury to others.

18.

Nevertheless, Defendant Boyer breached the duties he owed to Plaintiff in the following ways, resulting in the Subject Collision:

(a) Improperly changing lanes in violation of O.C.G.A. § 40-6-123A, which constitutes negligence per se;

(b) Driving too fast for conditions in violation of O.C.G.A. § 40-6-180, which constitutes negligence per se;

(c) Failing to exercise due care in violation of O.C.G.A. § 40-6-241, which constitutes negligence per se;

(d) Driving while distracted in violation of O.C.G.A. §§ 40-6-241, -241.1, and -241.2, which constitutes negligence per se;

(e) Driving recklessly in violation of O.C.G.A. § 40-6-390, which constitutes negligence per se;

(f) Failing to maintain proper control of his vehicle;

(g) Failing to keep a proper lookout for traffic;

**COMPLAINT FOR DAMAGES – Page 4**

(h) Failing to timely apply the brakes of his vehicle;

(i) Failing to make reasonable and proper observations while driving or, if reasonable and proper observations were made, failing to act upon them;

(j) Failing to follow the Hours-of-Service Regulations set forth in the Federal Motor Carrier Safety Regulations;

(k) Failing to follow the mandatory drug and alcohol testing requirements set forth in the Federal Motor Carrier Safety Regulations;

(l) Otherwise failing to act reasonably and prudently as a driver should under the circumstances; and

(m) Committing other negligent acts and omissions as may be shown by the evidence and proven at trial.

19.

These acts and omissions constitute negligence on the part of Defendant Boyer.

20.

Plaintiff suffered and will continue to suffer severe and permanent personal injuries as a result of Defendant Boyer's negligence.

21.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by Defendant Boyer's negligence.

**COUNT TWO**
**Vicarious Liability of Defendant Crete Carrier Corp d/b/a Crete Carrier Corp Shaffer**

22.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

**COMPLAINT FOR DAMAGES – Page 5**

23.

At all relevant times, including the time of the Subject Collision, Defendant Boyer was operating the commercial truck in the course and scope of his employment with or agency of Defendant Crete Carrier.

24.

Accordingly, Defendant Crete Carrier is vicariously liable for the negligent acts and omissions of Defendant Boyer pursuant to the doctrine of *respondeat superior* and the rules of agency.

## COUNT THREE
### Direct Negligence of Defendant Crete Carrier Corp d/b/a Crete Carrier Corp Shaffer

25.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

26.

In addition to being vicariously liable for the negligent acts and omissions of Defendant Boyer, Defendant Crete Carrier was itself negligent in the following ways:

(a) Negligently hiring or contracting with Defendant Boyer to drive the commercial vehicle at issue;

(b) Negligently training Defendant Boyer;

(c) Negligently entrusting Defendant Boyer with the commercial vehicle;

(d) Negligently retaining Defendant Boyer to drive the commercial vehicle;

(e) Negligently qualifying Defendant Boyer;

(f) Failing to supervise Defendant Boyer;

(g) Failing to follow the Federal Motor Carrier Safety Regulations;

(h) Otherwise failing to act as a reasonably prudent company under the circumstances; and

**COMPLAINT FOR DAMAGES – Page 6**

(i)      Committing other negligent acts and omissions as may be shown by the evidence and proven at trial.

27.

Plaintiff suffered and will continue to suffer severe and permanent personal injuries as a result of Defendant Crete Carrier's negligence.

28.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by Defendant Crete Carrier's negligence.

## COUNT FOUR
## Punitive Damages

29.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

30.

Defendants' actions, including but not limited to Defendant Boyer's use of a mobile phone or other electronic device while driving on a busy interstate highway and Defendant Crete Carrier's disregard for the Federal Motor Carrier Safety Regulations, demonstrate either (a) willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, or (b) a specific intent to cause harm, entitling Plaintiff to an award of punitive damages without limitation or cap.

## COUNT FIVE
## Litigation Expenses and Attorney's Fees

31.

Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

32.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense, entitling her to recover his litigation expenses, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

### Plaintiff's Damages

33.

Plaintiff seeks monetary damages from each Defendant for:

(a) All past, present, and future economic damages that result from, flow from, or were substantially caused by the Subject Collision, including but not limited to medical bills, costs and expenses, and lost wages, as will be shown more fully by the evidence at trial;

(b) All past, present, and future non-economic damages that result from, flow from, or were substantially caused by the Subject Collision, including but not limited to physical pain and suffering, mental pain and suffering, and loss of full enjoyment of life, in an amount to be determined by the enlightened conscience of an impartial jury;

(c) Punitive damages in an amount to be determined by the enlightened conscience of an impartial jury; and

(d) Litigation expenses, including reasonable attorney's fees.

34.

Accordingly, Plaintiff respectfully requests the following relief:

(a) Service of the Summons and Complaint on each Defendant;

(b) A trial by jury on every appropriate issue;

(c) Judgment for Plaintiff and against each Defendant for Plaintiff's past, present, and future economic damages;

(d)     Judgment for Plaintiff and against each Defendant for Plaintiff's past, present, and future non-economic damages;

(e)     Judgment for Plaintiff and against each Defendant for punitive damages without limitation or cap;

(f)     Judgment for Plaintiff and against each Defendant for Plaintiff's litigation expenses, including reasonable attorney's fees;

(g)     That the costs of this action be cast against Defendants; and

(h)     Any additional relief the Court deems appropriate.

This 21st day of April, 2023.

WLG Atlanta, LLC

*/s/ Trevor E. Brice*
Trevor E. Brice
Georgia Bar No. 847049
Attorney for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:   470-881-8804
Facsimile:   470-881-8819
E-Mail:   trevor.brice@withisitelaw.com

**COMPLAINT FOR DAMAGES – Page 9**