E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02705-S3**
4/21/2023 4:58 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHELIA MILLINES-JOHNSON;<br><br>Plaintiff,<br><br>v.<br><br>CRETE CARRIER CORPORATION; d/b/a CRETE CARRIER CORP SHAFFER TRUCKING; and EUGENE BOYER;<br><br>Defendants. | **EXHIBIT "B"**<br><br>CIVIL ACTION 23-C-02705-S3<br>FILE NO. _____<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES,
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT CRETE CARRIER CORPORATION d/b/a
<u>CRETE CARRIER CORP SHAFFER</u>**

Pursuant to O.C.G.A. §§ 9-11-26, -33, -34, and -36, Plaintiff Shelia Millines-Johnson propounds the following Requests for Admission, Interrogatories, and Requests for Production of Documents to Defendant Crete Carrier Corporation d/b/a Crete Carrier Corp Shaffer Trucking.[1]

<u>Requests for Admission</u>

You shall specifically admit or deny the requested admission or set forth in detail the reason(s) why you cannot truthfully admit or deny the matter. If denied, your denial shall fairly meet the substance of the requested admission. If you deny only part of the requested admission,

---

[1] As used in these discovery requests, the terms "you" and "your" refer to Defendant Crete Carrier Corporation d/b/a Crete Carrier Corp Shaffer Trucking.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRETE CARRIER CORPORATION d/b/a CRETE CARRIER CORP SHAFFER TRUCKING – Page 1**

good faith requires that you qualify his answer, specifying so much of it as is true and qualifying or denying the remainder. If an objection is made, you shall state the reason(s) therefore. You may not give lack of information or knowledge as a reason for failing to admit or deny any request unless you have made a reasonable inquiry and the information known or readily obtainable by you is insufficient to enable you to admit or deny the request.

**Request No. 1:**   Admit you are a proper party to this lawsuit.

**Request No. 2:**   Admit you are properly named in this case.

**Request No. 3:**   Admit you were properly and sufficiently served with process in this civil action.

**Request No. 4:**   Admit venue is proper in this county as to you.

**Request No. 5:**   Admit this Court has personal jurisdiction over you.

**Request No. 6:**   Admit this Court has subject matter jurisdiction over this action.

**Request No. 7:**   Admit you are not asserting the defense of insufficiency of service of process.

**Request No. 8:**   Admit you are not asserting the defense of improper service of process.

**Request No. 9:**   Admit that on January 11, 2022, you owned a 2022 Freightliner TR, Tag#C22807, VIN 1FUJHHDR3NLMX2696 (the "Subject Truck").

**Request No. 10:**   Admit that on January 11, 2022, Defendant Eugene Boyer ("Boyer") was driving the Subject Truck with your express permission.

**Request No. 11:**   Admit that on January 11, 2022, Defendant Boyer was driving the Subject Truck at your express direction.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRETE CARRIER CORPORATION d/b/a CRETE CARRIER CORP SHAFFER TRUCKING – Page 2**

**Request No. 12:** Admit that on January 11, 2022, the Subject Truck collided with a vehicle being driven by Plaintiff (the "Subject Collision").

**Request No. 13:** Admit that on January 11, 2022, Defendant Boyer was your employee.

**Request No. 14:** Admit that on January 11, 2022, Defendant Boyer was your agent.

**Request No. 15:** Admit that Boyer was "on the clock" and working for you at the time of the Subject Collision.

**Request No. 16:** Admit that at the time of the Subject Collision, Defendant Boyer was acting within the course and scope of his employment with you.

**Request No. 17:** Admit that at the time of the Subject Collision, Defendant Boyer was acting within the course and scope of his agency with you.

**Request No. 18:** Admit that at the time of the Subject Collision, Defendant Boyer was under dispatch for you.

**Request No. 19:** Admit no act of Plaintiff caused or contributed to the Subject Collision.

**Request No. 20:** Admit no failure to act by Plaintiff caused or contributed to the Subject Collision.

**Request No. 21:** Admit no act or failure to act on the part of any non-party to this action caused or contributed to the Subject Collision.

**Request No. 22:** Admit Defendant Boyer's negligent actions were the proximate cause of the Subject Collision.

**Request No. 23:** Admit Plaintiff was injured as a direct and proximate result of Defendant Boyers's negligence.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRETE CARRIER CORPORATION d/b/a CRETE CARRIER CORP SHAFFER TRUCKING –**
**Page 3**

**Request No. 24:** Admit Plaintiff has incurred medical expenses as a result of being treated for her injuries sustained in the Subject Collision.

**Request No. 25:** Admit you have not inspected or examined Plaintiff's vehicle as a result of the Subject Collision.

**Request No. 26:** Admit you have not inspected or examined the Subject Truck as a result of the Subject Collision.

**Request No. 27:** Admit you know of no basis to deny that Plaintiff was injured as claimed as a result of the Subject Collision.

**Request No. 28:** Admit you have produced all documents, videos, presentations, computer programs and other materials that you used to train Defendant Boyer on the safe operation of a commercial motor vehicle, defensive driving, space management, speed management, hazard perception, visual search, night operations, communication, distracted driving, extreme weather driving conditions, and night operation.

**Request No. 29:** Admit your FMCSA private portal account profile contains additional information that is not shown on your public FMCSA profile.

**Request No. 30:** Admit you did not require Defendant Boyer to undergo testing for drugs in the two (2) hours after the Subject Collision.

**Request No. 31:** Admit you did not require Defendant Boyer to undergo testing for drugs in the eight (8) hours after the Subject Collision.

**Request No. 32:** Admit you did not require Defendant Boyer to undergo testing for drugs in the thirty-two (32) hours after the Subject Collision.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRETE CARRIER CORPORATION d/b/a CRETE CARRIER CORP SHAFFER TRUCKING – Page 4**

**Request No. 33:** Admit you did not require Defendant Boyer to undergo testing for alcohol in the two (2) hours after the Subject Collision.

**Request No. 34:** Admit you did not require Defendant Boyer to undergo testing for alcohol in the eight (8) hours after the Subject Collision.

**Request No. 35:** Admit you did not require Defendant Boyer to undergo testing for alcohol in the thirty-two (32) hours after the Subject Collision.

## Interrogatories

You shall answer each interrogatory separately and fully, in writing and under oath. A request to identify an individual means to state that individual's full name, home address, telephone number, place of employment, and a job description including title or position. A request to identify a document means to describe the type of document, i.e., letter, report, invoice, email, facsimile, etc., and the name(s) of the individual(s) having control, custody, or possession of the document.

**Interrogatory No. 1:**

Please identify all persons who assisted or were consulted in the process of gathering information to answer these interrogatories, and for each person identified, please state which interrogatories that person provided information for.

**Interrogatory No. 2:**

Please identify each person you expect to call as an expert witness at trial, and for all such individuals, provide the information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

**Interrogatory No. 3:**

Please identify all training you provided to Defendant Boyer in connection with operating a motor vehicle, including courses taken to obtain a driver's license and training received since obtaining a commercial driver's license, as well as the identity of the person or entity providing such training and the date(s) of all such training.

**Interrogatory No. 4:**

Pursuant to O.C.G.A. § 9-11-26(b)(2), please identify all insurance agreements, including but not limited to commercial, umbrella and/or excess coverages, upon which you may rely to satisfy all or part of any judgment rendered against you in this action, or which may be used to indemnify or reimburse you for any payment(s) to satisfy such judgments(s), and for each, state:

a. The name and address of the insurer;
b. The name and address of the insured and any additional individuals listed on or covered by the policy;
c. The limits of available coverage; and
d. The policy numbers and effective dates of each policy of insurance.

**Interrogatory No. 5:**

Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision, including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements, and accounts by explaining when, where, in what form, to whom the statement or account was given, and the substance of your communication, statement, or account.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRETE CARRIER CORPORATION d/b/a CRETE CARRIER CORP SHAFFER TRUCKING – Page 6**

**Interrogatory No. 6:**

Please identify all person(s) who you to your knowledge have or may have any knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any other incidents, claims, or defenses raised in this action. The purpose of this interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**Interrogatory No. 7:**

If you contend that Plaintiff or any nonparty to this lawsuit has any responsibility of any kind for causing the Subject Collision and/or for causing any of the damages alleged in Plaintiff's Complaint, please describe in detail the basis for each's alleged responsibility and identify all person(s) who have any knowledge regarding this issue.

**Interrogatory No. 8:**

With respect to any mobile communication device you provided to Defendant Boyer, please provide the mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls Defendant Boyer made on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom Defendant Boyer spoke on each call; the phone number of the person or persons with whom Defendant Boyer spoke with on each call; the purpose for each call; and whether Defendant Boyer was operating Subject Truck at any time during each call.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRETE CARRIER CORPORATION d/b/a CRETE CARRIER CORP SHAFFER TRUCKING – Page 7**

**Interrogatory No. 9:**

Please describe in detail Defendant Boyer's route during the seventy-two (72) hours immediately prior to and the forty-eight (48) hours immediately following Subject Collision. This response should include the time and location of each pick up, delivery, and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other), as well as what Defendant Boyer was doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

**Interrogatory No. 10:**

For the seventy-two (72) hours leading up to the Subject Collision, please provide the amount of Defendant Boyer's driving hours, all stops made, and the reasons, therefore.

**Interrogatory No. 11:**

For each of Plaintiff's First Requests for Admission addressed to you that you did not admit without qualification, please explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

**Interrogatory No. 12:**

With respect to the Georgia Motor Vehicle Crash Report for the Subject Collision, please identify all entries, narratives, etc., you disagree with or otherwise contend are inaccurate, and for each such disagreement or inaccuracy, please describe the basis for your disagreement or contention including, but not limited to, any witnesses and/or documents.

**Interrogatory No. 13:**

Do you contend the Subject Truck had any sort of mechanical, electrical, or other defective condition which you believe caused or contributed in any way to the Subject Collision? If your answer is anything other than an unqualified "no," please identify the nature of the defective condition (i.e., mechanical, electrical, brakes, tires, etc.), when you first became aware of the alleged defective condition, and describe how you believe said defective condition caused or contributed to the collision, giving the name, addresses, and telephone numbers of all persons with any knowledge or information concerning the alleged defective condition.

**Interrogatory No. 14:**

If you contend Plaintiff failed to exercise ordinary care for his own safety or otherwise assumed any risk, please state all facts and identify all documents upon which you relied to reach that conclusion, and identify all persons with knowledge of said facts and/or documents, including but not limited to the current custodian of all such documents.

**Interrogatory No. 15:**

Please identify each and every act, event, fact, document, or witness upon which you relied to assert any affirmative defense set forth in your answer to Plaintiff's Complaint for Damages.

**Interrogatory No. 16:**

Please state all facts and identify all documents upon which you relied to deny the allegations set forth in any numbered Paragraph of Plaintiff's Complaint for Damages, and identify which paragraph each document applies to.

**Interrogatory No. 17:**

Please identify all persons and nonparty entities responsible for your driver log audits for the one year leading up to the Subject Collision and the three (3) months thereafter.

**Interrogatory No. 18:**

Please identify all log-in email accounts and/or usernames Defendant Boyer used for his driver logs for the one (1) year leading up to the Subject Collision and the three (3) months thereafter.

**Interrogatory No. 19:**

Please identify by name, phone number, and last known address each commercial driver, dispatcher, and/or safety department employee who ceased being employed with you in the one (1) year leading up to the Subject Collision and the three (3) months thereafter.

**Interrogatory No. 20:**

Have you or anyone acting on your behalf ordered any surveillance on Plaintiff? Please state "yes" or "no," and if the answer is anything other than an unqualified "no," please identify the person(s) who performed the surveillance, the date(s) of the surveillance, the form of the surveillance (photos, video, audio, etc.), and who has possession of the surveillance.

## Requests for Production

If you claim you are entitled to withhold from production any document or thing responsive to Plaintiff's request on the basis of attorney-client privilege, attorney work product privilege, or any other privilege, please identify the author of each such document or thing withheld, the name of each person (other than stenographic or clerical assistant) who participated in the preparation of

each such document or thing withheld, the identity of the person(s) who sent the original or any copies of the document or thing, the identity of the person(s) currently in possession, custody or control of each such document or thing withheld, the date each such document or thing was received by those having current possession, custody or control of said document or thing, the nature of the document or thing (i.e., letter, memorandum, photograph, video, CD, etc.) withheld, the title of each such document or things withheld, the subject matter of each such document or thing withheld (without revealing the information to which privilege is asserted), and state the factual basis, including specific statutory of case law authority, upon which you contend you are entitled to withhold the document or things from production. *See, e.g.*, General Motors Corp. v. Conkle, 226 Ga. App. 34 (1997); Unif. St. Ct. R. 5.5.

**Request No. 1:** All documents and communications utilized by you in any way in responding to Plaintiff's First Interrogatories to you.

**Request No. 2:** Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision. If coverage is in dispute, this request still includes all policies that were in place at the time of the Subject Collision.

**Request No. 3:** Each automobile insurance policy that you had in place at the time of the Subject Collision, which provided liability coverage for the operation of the Subject Truck.

**Request No. 4:** All documents and communications that you have exchanged with any insurance company regarding the Subject Collision.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRETE CARRIER CORPORATION d/b/a CRETE CARRIER CORP SHAFFER TRUCKING – Page 11**

**Request No. 5:** All documents and communications directly or indirectly provided to and received from any insurance company regarding Defendant Boyer's driving history, criminal history, claims history, training, and qualification to drive and/or your insurability for motor vehicle operations.

**Request No. 6:** All documents and communications setting forth the relationship between you and Defendant Boyer. This includes, but is not limited to, all leases, employment contracts, and independent contract agreements and other contracts, agreements, memoranda, and the like.

**Request No. 7:** All documents related to or concerning Defendant Boyer's compensation from you, including but not limited to payroll records, pay stubs, and bank records, for the period from six (6) months prior to the Subject Collision to the present. If Defendant Boyer is no longer employed by you, please produce all such records from six (6) months prior to the Subject Collision to the date of termination/resignation.

**Request No. 8:** All documents and communications that relate to Defendant Boyer's qualification to operate a commercial motor vehicle.

**Request No. 9:** All documents and communications that relate in any way to Defendant Boyer's training to operate a commercial motor vehicle.

**Request No. 10:** A copy of the front and back of every driver's license issued to Defendant Boyer (regardless of name used).

**Request No. 11:** All citations, warnings, and other documents alleging that Defendant Boyer violated any law, ordinance, and/or regulation in the last five (5) years.

**Request No. 12:** All documents and communications of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working for or on behalf of you directed to Defendant Boyer for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Defendant Boyer in any way relating to the safe operation of a commercial vehicle.

**Request No. 13:** All documents and communications related in any way to any motor vehicle collision and/or accident of any kind in which Defendant Boyer was involved in the past five (5) years.

**Request No. 14:** All documents and communications related to any complaint, criticism, or concern raised by any person or entity regarding Defendant Boyer's driving performance and/or safety. This should include, but is not limited to, complaints and call-ins by motorists either to a company directly or to any service (e.g., How's My Driving? Call 800…).

**Request No. 15:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the truck that Defendant Boyer was operating at the time of the Subject Collision, all documents reflecting usage and billing for the time-period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours after the Subject Collision. This includes all devices, whether owned by Defendant Boyer or not, and whether it was in use at the time of the Subject Collision or not.

**Request No. 16:** All of Defendant Boyer's personnel files and employment-related files in your possession, custody, and/or control.

**Request No. 17:** All correspondence and other communication of any kind between you and any third party (other than your attorneys) related to the Subject Collision.

**Request No. 18:** All documents and communications in your possession, custody, and/or control relating in any way to the Subject Collision.

**Request No. 19:** All documents and communications sent by you to any person or entity (other than your attorneys) regarding the Subject Collision and/or describing the Subject Collision.

**Request No. 20:** All documents and communications evidencing each investigation done by or on behalf of any Defendant related to the Subject Collision.

**Request No. 21:** All documents and communications that set forth any facts leading up to the Subject Collision.

**Request No. 22:** All documents and communications you contend explain what caused the Subject Collision.

**Request No. 23:** All documents and communications assessing preventability of and/or fault for the Subject Collision, as well as any documents created by any accident review board or other accident review process.

**Request No. 24:** All photographs, video, computer simulations, and any other documents depicting:

    (a)    Any vehicle involved in the Subject Collision;

    (b)    Any person involved in the Subject Collision;

    (c)    The scene of the Subject Collision; and/or

    (d)    Any evidence (roadway markings or other) relevant to the Subject Collision.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRETE CARRIER CORPORATION d/b/a CRETE CARRIER CORP SHAFFER TRUCKING – Page 14**

**Request No. 25:**  All reports relating to the Subject Collision in your possession, custody, and/or control.

**Request No. 26:**  All correspondence and other communications (including email) that you have had with any person other than your lawyers involving the Subject Collision.

**Request No. 27:**  All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom or this lawsuit.

**Request No. 28:**  All documents and communications sent to or received from any governmental agency regarding the Subject Collision and/or Defendant Boyer's operation of a commercial motor vehicle within the past three (3) years.

**Request No. 29:**  All handbooks and manuals provided by you to Defendant Boyer that were in effect at the time of the Subject Collision.

**Request No. 30:**  All policies, procedures, rules, guidelines, directives, and instructions ever given by you to Defendant Boyer, as well as all documents that Defendant Boyer signed to prove he received said materials.

**Request No. 31:**  All documents and other materials that support any contention that the Subject Collision was the fault of anyone other than a named Defendant.

**Request No. 32:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRETE CARRIER CORPORATION d/b/a CRETE CARRIER CORP SHAFFER TRUCKING – Page 15**

**Request No. 33:** All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to admissions of fault, engineering analyses, scientific tests, and official or unofficial reports.

**Request No. 34:** All documents you have obtained through requests for production to non-parties.

**Request No. 35:** If any surveillance of Plaintiff has been undertaken by you or on your behalf, all reports, photographs, videos, and anything else generated through that investigation.

**Request No. 36:** All photographs or videos obtained from Plaintiff's social media accounts, if any.

**Request No. 37:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied. *See, e.g.*, Dikeman v. Mary A. Stearns, P.C., 253 Ga. App. 646 (2002).

**Request No. 38:** All reservation of rights letters and/or agreements regarding insurance coverage for the claims asserted against you arising from the Subject Collision.

**Request No. 39:** All documents and driver training resources provided or made available to Defendant Eugene directly or indirectly by any insurance company.

**Request No. 40:** All documents and communications in your possession, custody, and/or control relating in any way to the Subject Collision.

**Request No. 41:** For each driver log account used by Defendant Boyer while driving for you, the logs of all messages sent and received for the six (6) months leading up to the Subject Collision and the three (3) months thereafter.

**Request No. 42:** Logs of all text communications sent from your dispatch to Defendant Boyer for the six (6) months leading up to the Subject Collision and the three (3) months thereafter.

**Request No. 43:** If a third-party entity takes part in the log audit process, the contract and all related documents and communications between you and any such third party, including evidence of all payments made to this entity.

**Request No. 44:** If a third-party entity takes part in your drug testing program, the contract and all related documents and communications between you and any such third party, including evidence of all payments made to this entity.

**Request No. 45:** If a third-party entity takes part in the regular maintenance of your commercial vehicles, the contract and all related documents and communications between you and any such third party, including evidence of all payments made to this entity.

**Request No. 46:** If a third-party entity takes part in the driver training of your drivers, the contract and all related documents and communications between you and any such third party, including evidence of all payments made to this entity.

**Request No. 47:** If a third-party entity takes part in the recruitment, hiring, and/or qualification of your commercial drivers, the contract and all related documents and communications between you and any such third party, including evidence of all payments made to this entity.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRETE CARRIER CORPORATION d/b/a CRETE CARRIER CORP SHAFFER TRUCKING – Page 17**

**Request No. 48:** All contracts, license agreements, user manuals, and other documents that relate to the terms and conditions of sale, use, and/or operation between you and the providers and/or sellers of the ELD, AOBRD, and/or the tractor's telematics systems used by the tractor and/or trailer at the time of the Subject Collision.

**Request No. 49:** All emails, letters, correspondence, and other documents and communications exchanged between you and any third party related to the ELD, AOBRD, and/or any telematics system that relate, in whole or in part, to the retrieval and/or preservation of the information contained on these systems for the subject tractor and trailer for the six (6) months prior to the Subject Collision, the day of the Subject Collision, and the one (1) week after the Subject Collision.

**Request No. 50:** Your ISS score, the ISS recommendation, and the FMCSA's basis for recommendation. This can be accessed through your FMCSA portal account, found at https://portal.fmcsa.dot.gov/login.

**Request No. 51:** Your entire FMCSA portal account. You can access your portal account at https://portal.fmcsa.dot.gov/login.

**Request No. 52:** All documents evidencing any repair estimates for damages to any vehicle or cargo involved in the Subject Collision.

**Request No. 53:** All photographs taken of any vehicle or cargo involved in the Subject Collision.

**Request No. 54:** All statements obtained from any individual concerning the Subject Collision and/or any damages resulting from the Subject Collision.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRETE CARRIER CORPORATION d/b/a CRETE CARRIER CORP SHAFFER TRUCKING – Page 18**

**Request No. 55:** All documents relating to any post-collision drug or alcohol testing of Defendant Boyer.

**Request No. 56:** If you are withholding any documents on the basis of privilege, a privilege log that complies with Uniform Superior Court Rule 5.5.

This 21st day of April, 2023.

                                                WLG Atlanta, LLC

                                                */s/ Trevor E. Brice*
                                                Trevor E. Brice
                                                Georgia Bar No. 847049
                                                Attorney for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    470-881-8804
Facsimile:     470-881-8819
E-Mail:        trevor.brice@withisitelaw.com

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRETE CARRIER CORPORATION d/b/a CRETE CARRIER CORP SHAFFER TRUCKING – Page 19**

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-02705-S3**
4/21/2023 4:58 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of __Gwinnett__ County

**For Clerk Use Only**

Date Filed _____
MM-DD-YYYY

Case Number __23-C-02705-S3__

**Plaintiff(s)**
Millines-Johnson   Shelia
Last   First   Middle I.   Suffix   Prefix

**Defendant(s)**
Crete Carrier Corporation d/b/a Crete Carrier Corp Shaffer Trucking
Last   First   Middle I.   Suffix   Prefix
Boyer   Eugene

Plaintiff's Attorney __Trevor E. Brice__   Bar Number __847049__   Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number      Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.18