E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-02705-S3
4/21/2023 4:58 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHELIA MILLINES-JOHNSON;<br><br>Plaintiff,<br><br>v.<br><br>CRETE CARRIER CORPORATION dba;<br>CRETE CARRIER CORP SHAFFER<br>TRUCKING; and EUGENE BOYER;<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>FILE NO.  23-C-02705-S3 |

EXHIBIT "C"

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES,
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT EUGENE BOYER**

Pursuant to O.C.G.A. §§ 9-11-26, -33, -34, and -36, Plaintiff Shelia Millines-Johnson propounds the following Requests for Admission, Interrogatories, and Requests for Production of Documents to Defendant Eugene Boyer.[1]

**Requests for Admission**

You shall specifically admit or deny the requested admission or set forth in detail the reason(s) why you cannot truthfully admit or deny the matter. If denied, your denial shall fairly meet the substance of the requested admission. If you deny only part of the requested admission, good faith requires that you qualify his answer, specifying so much of it as is true and qualifying or denying the remainder. If an objection is made, you shall state the reason(s) therefore. You may not give lack of information or knowledge as a reason for failing to admit or deny any request

---

[1] As used in these discovery requests, the terms "you" and "your" refer to Defendant Eugene Boyer.

PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EUGENE
BOYER – Page 1

unless you have made a reasonable inquiry and the information known or readily obtainable by you is insufficient to enable you to admit or deny the request.

**Request No. 1:** Admit you are a proper party to this lawsuit.

**Request No. 2:** Admit you are properly named in this case.

**Request No. 3:** Admit you were properly and sufficiently served with process in this civil action.

**Request No. 4:** Admit venue is proper in this county as to you.

**Request No. 5:** Admit this Court has personal jurisdiction over you.

**Request No. 6:** Admit this Court has subject matter jurisdiction over this action.

**Request No. 7:** Admit you are not asserting the defense of insufficiency of service of process.

**Request No. 8:** Admit you are not asserting the defense of improper service of process.

**Request No. 9:** Admit you were an employee of Defendant Crete Carrier Corp ("Crete Carrier") at the time of the January 11, 2022, collision that forms the basis of this action (the "Subject Collision").

**Request No. 10:** Admit you were an agent of Defendant Crete Carrier at the time of the Subject Collision.

**Request No. 11:** Admit you were acting within the scope of your employment with Defendant Crete Carrier at the time of the Subject Collision.

**Request No. 12:** Admit you were acting within the scope of your agency with Defendant Crete Carrier at the time of the Subject Collision.

**Request No. 13:** Admit you were the driver of the 2022 Freightliner TR truck that struck Plaintiff's vehicle on or about January 11, 2022 (the "Subject Truck").

PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EUGENE BOYER – Page 2

**Request No. 14:**   Admit Defendant Crete Carrier was the owner of the Subject Truck on or about January 11, 2022.

**Request No. 15:**   Admit Defendant Crete Carrier made the Subject Truck available for your use on or about January 11, 2022.

**Request No. 16:**   Admit you failed to maintain proper control of the vehicle you were driving at the time of the Subject Collision.

**Request No. 17:**   Admit you failed to keep and maintain a proper lookout for other traffic in the vicinity at the time of the Subject Collision.

**Request No. 18:**   Admit that at the time of the Subject Collision you were not paying attention to other vehicles on the road like you should have been.

**Request No. 19:**   Admit that immediately prior to the Subject Collision you tried to make a lefthand turn in front of Plaintiff's vehicle.

**Request No. 20:**   Admit that at the time of the Subject Collision you did not see Plaintiff's vehicle in oncoming traffic.

**Request No. 21:**   Admit you caused the Subject Collision.

**Request No. 22:**   Admit you tried to leave the scene of the Subject Collision before police arrived.

**Request No. 23:**   Admit you gave a recorded statement to one (1) or more individuals after the Subject Collision.

**Request No. 24:**   Admit you had a mobile cellular device present inside your vehicle at the time of the Subject Collision.

**Request No. 25:**   Admit you had more than one (1) mobile cellular device present inside your vehicle at the time of the Subject Collision.

**Request No. 26:** Admit you were using at least one (1) mobile cellular device in your vehicle at the time of the Subject Collision.

**Request No. 27:** Admit you were using more than one (1) mobile cellular device inside your vehicle at the time of the Subject Collision.

**Request No. 28:** Admit you were using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**Request No. 29:** Admit that while at the scene where you stopped after the Subject Collision you conversed on a mobile cellular device with at least one (1) person about what happened before, during, and/or after the Subject Collision.

**Request No. 30:** Admit that while at the scene where you stopped after the Subject Collision you texted at least one (1) person using a mobile cellular device about what had happened before, during, and/or after the Subject Collision.

**Request No. 31:** Admit that while at the scene where you stopped after the Subject Collision you had a mobile cellular device or a camera that you could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**Request No. 32:** Admit that while at the scene where you stopped after the Subject Collision you took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**Request No. 33:** Admit that while at the scene where you stopped after the Subject Collision you took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**Request No. 34:** Admit that while at the scene where you stopped after the Subject Collision you took audio recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**Request No. 35:** Admit no act of Plaintiff caused or contributed to the Subject Collision.

**Request No. 36:** Admit no failure to act by Plaintiff caused or contributed to the Subject Collision.

**Request No. 37:** Admit no act or failure to act on the part of any non-party to this action caused or contributed to the Subject Collision.

**Request No. 38:** Admit your negligent acts and/or omissions were the sole cause of the Subject Collision.

**Request No. 39:** Admit your negligent acts and/or omissions were a contributing cause of the Subject Collision.

**Request No. 40:** Admit you know of no basis to deny that Plaintiff was injured as claimed as a result of the Subject Collision.

**Request No. 41:** Admit you did not undergo testing for drugs in the two (2) hours after the Subject Collision.

**Request No. 42:** Admit you did not undergo testing for drugs in the eight (8) hours after the Subject Collision.

**Request No. 43:** Admit you did not undergo testing for drugs in the thirty-two (32) hours after the Subject Collision.

**Request No. 44:** Admit you did not undergo testing for alcohol in the two (2) hours after the Subject Collision.

**Request No. 45:**  Admit you did not undergo testing for alcohol in the eight (8) hours after the Subject Collision.

**Request No. 46:**  Admit you did not undergo testing for alcohol in the thirty-two (32) hours after the Subject Collision.

## Interrogatories

You shall answer each interrogatory separately and fully, in writing and under oath. A request to identify an individual means to state that individual's full name, home address, telephone number, place of employment, and a job description including title or position. A request to identify a document means to describe the type of document, i.e., letter, report, invoice, email, facsimile, etc., and the name(s) of the individual(s) having control, custody, or possession of the document.

**Interrogatory No. 1:**

State your full name, address, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you currently are known by, please state each such name, and for each, explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name and why you changed names or went by more than one name.

**Interrogatory No. 2:**

For each driver's license you have had in the past seven (7) years, identify the state of issue, the date of issue, the number, and whether it was a commercial driver's license.

**Interrogatory No. 3:**

Identify each address where you have lived in the past ten (10) years and provide the dates when you lived at each address.

**Interrogatory No. 4:**

For each place you have worked (as an employee, independent contractor, leased driver, or otherwise) in the past fifteen (15) years, please provide the following information: name of entity or person for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

**Interrogatory No. 5:**

Please identify all persons you expect to call as an expert witness at the trial of this case and for each such individual identified provide the information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

**Interrogatory No. 6:**

Please identify all motor vehicle collisions that you have been involved in during the past fifteen (15) years, and for each collision, describe what happened; where the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

**Interrogatory No. 7:**

If you have been arrested, charged, warned, and/or cited for any violation of any ordinance, law, and/or regulation in the past ten (10) years, or if you have ever been convicted at any time of a felony, for each arrest/charge/warning/citation/conviction, please identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code/law.

**Interrogatory No. 8:**

If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

**Interrogatory No. 9:**

Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, please describe in detail each condition, who has treated you for the condition, and the nature and dates of the treatments.

**Interrogatory No. 10:**

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, please explain whether you were a Plaintiff, Defendant, or witness and identify the style, jurisdiction, date, and nature of the lawsuit.

**Interrogatory No. 11:**

Please identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

**Interrogatory No. 12:**

For each liability insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, please state: name of insurer; policy number; limits of coverage; name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**Interrogatory No. 13:**

Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time, including but not limited to giving any prepared statement or account of the events? If so, please provide the details of any such communications/statements/accounts by explaining when, where, in what form, and to whom the communication, statement, or account was given, as well as the substance of your communication, statement, or account.

**Interrogatory No. 14:**

Please identify all person(s) who you to your knowledge have or may have any knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any other incidents, claims, or defenses raised in this action. The purpose of this interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**Interrogatory No. 15:**

If you contend that Plaintiff or any nonparty to this lawsuit has any responsibility of any kind for causing the Subject Collision and/or for causing any of the damages alleged in Plaintiff's Complaint, please describe in detail the basis for each's alleged responsibility and identify all person(s) who have any knowledge regarding this issue.

**Interrogatory No. 16:**

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the seventy-two (72) hour period <u>immediately before</u> the Subject Collision, please identify each substance

consumed, the amount consumed, the time and place of consumption, and the purpose for the consumption.

**Interrogatory No. 17:**

For every mobile cellular device to which you had access at the time of the Subject Collision—regardless of whether you claim the device was in the vehicle with you at the time of the Subject Collision, and regardless of whether you claim not to have been using the device at the time of the Subject Collision—please provide the carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the vehicle involved in the Subject Collision at any time during each call.

**Interrogatory No. 18:**

Please identify the route you were taking on the day of the Subject Collision, including where your trip began, where it was scheduled to end, and any stops you were scheduled to make along the way, as well as when you were scheduled to arrive at each stop and at your ultimate destination.

**Interrogatory No. 19:**

Please explain in detail where you were and what you were doing during the seventy-two (72) hours immediately prior to and the forty-eight (48) hours immediately following the Subject Collision. This response should include the time and location of the route driven as well as what you

were doing when off duty. Please also identify all documents that evidence your response and all people who can substantiate your response.

**Interrogatory No. 20:**

For the seventy-two (72) hours leading up to the Subject Collision, provide the amount of your driving hours, on-duty non-driving hours, locations during your on-duty non-driving hours, when and where your meals were eaten, when and where you slept and when you ingested any medications (prescription or over the counter), and the dosages.

**Interrogatory No. 21:**

For each of Plaintiff's First Requests for Admissions addressed to you that you did not admit without qualification, please explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

**Interrogatory No. 22:**

Have you or anyone acting on your behalf ordered any surveillance on Plaintiff? Please state "yes" or "no," and if the answer is anything other than an unqualified "no," please identify the person(s) who performed the surveillance, the date(s) of the surveillance, the form of the surveillance (photos, video, audio, etc.), and who has possession of the surveillance.

**Interrogatory No. 23:**

Please describe in your own words how the Subject Collision occurred, including but not limited to:

(a) When you first noticed Plaintiff's vehicle, its position (i.e., in front of you, next to you etc.), and what Plaintiff's vehicle was doing at the time (i.e., stopped, slowing down, turning, etc.);

(b) The weather and lighting conditions (i.e., clear, cloudy, daylight, night, etc.) and the condition of the roadway in the general vicinity where the Subject Collision occurred;

(c) Whether there when any other cars or objects in the immediate vicinity of Plaintiff's vehicle, and if so, when you first noticed such other cars or objects and what each such other car or object was doing;

(d) What the traffic conditions in the general vicinity of the Subject Collision were like, i.e., heavy, stop-and-go, light, moving at the speed limit, etc., immediately prior to the Subject Collision;

(e) What you did upon noticing Plaintiff's vehicle;

(f) What, if anything, you did to an effort to avoid striking Plaintiff's vehicle; and

(g) Where you were coming from and where you were headed at the time of the Subject Collision, what time you were expected or supposed to arrive there, who you were supposed to meet or see there, and the reason you were headed to such location.

**Interrogatory No. 24:**

Please state whether you were doing any of the following at the time of the Subject Collision:

(a) Attempting to call or text another person or entity, attempting to respond to an incoming phone call or test, or texting or talking on your cell phone immediately prior to the Collision? If so, were you attempting to make a call or send a text or were you answering a call or reading an incoming text, and state from who the call or text was being sent to or coming from;

(b) Adjusting or tuning the radio;

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EUGENE BOYER – Page 12**

Case 1:23-mi-99999-UNA   Document 1585-3   Filed 05/16/23   Page 13 of 19

- (c) Talking to a passenger. If so, please identify the passenger;

- (d) Eating or drinking anything;

- (e) Reading and/or viewing a sign or other item in or out of the automobile;

- (f) Distracted by an item on the road. If so, identify the item; and/or

- (g) Physically interacting with another passenger in the car. If so, please describe the interaction and identify the passenger.

### Requests for Production

If you claim you are entitled to withhold from production any document or thing responsive to Plaintiff's request on the basis of attorney-client privilege, attorney work product privilege, or any other privilege, please identify the author of each such document or thing withheld, the name of each person (other than stenographic or clerical assistant) who participated in the preparation of each such document or thing withheld, the identity of the person(s) who sent the original or any copies of the document or thing, the identity of the person(s) currently in possession, custody or control of each such document or thing withheld, the date each such document or thing was received by those having current possession, custody or control of said document or thing, the nature of the document or thing (i.e., letter, memorandum, photograph, video, CD, etc.) withheld, the title of each such document or things withheld, the subject matter of each such document or thing withheld (without revealing the information to which privilege is asserted), and state the factual basis, including specific statutory of case law authority, upon which you contend you are entitled to withhold the document or things from production. *See, e.g.*, General Motors Corp. v. Conkle, 226 Ga. App. 34 (1997); Unif. St. Ct. R. 5.5.

**Request No. 1:** All documents and communications utilized by you in any way in responding to Plaintiff's First Interrogatories to you.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EUGENE BOYER – Page 13**

**Request No. 2:** Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision. If coverage is in dispute, this request still includes all policies that were in place at the time of the Subject Collision.

**Request No. 3:** Each automobile insurance policy that you had in place at the time of the Subject Collision that provided liability coverage for the operation of the commercial truck that was involved in the Subject Collision.

**Request No. 4:** All documents and communications that you have exchanged with any insurance company regarding the Subject Collision.

**Request No. 5:** All documents and communications directly or indirectly provided to and received from any insurance company regarding your driving history, criminal history, claims history, training, and qualification to drive and/or your insurability for motor vehicle operations.

**Request No. 6:** All documents and communications setting forth the relationship between you and Defendant Crete Carrier. This includes, but is not limited to, all leases, employment contracts, and independent contract agreements and other contracts, agreements, memoranda, and the like.

**Request No. 7:** All payroll records for you from any source covering the sixty (60) days before and the sixty (60) days after the Subject Collision.

**Request No. 8:** All documents and communications that relate to your qualification to operate a commercial motor vehicle.

**Request No. 9:** All documents and communications that relate in any way to your training to operate a commercial motor vehicle.

**Request No. 10:** A copy of the front and back of every driver's license issued to you (regardless of name used).

**Request No. 11:** All citations, warnings, and other documents alleging that you violated any law, ordinance, and/or regulation in the last five (5) years.

**Request No. 12:** All documents and communications of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working for or on behalf of Defendant Crete Carrier directed to you for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**Request No. 13:** All documents and communications related in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**Request No. 14:** All documents and communications related to any complaint, criticism, or concern raised by any person or entity regarding your driving performance and/or safety. This should include, but is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (e.g., How's My Driving? Call 800…).

**Request No. 15:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the truck that you were operating at the time of the Subject Collision, all documents reflecting usage and billing for the time-period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**Request No. 16:** All of your personnel files and employment-related files in your possession, custody, and/or control.

**Request No. 17:** All correspondence and other communication of any kind between you and any third party (other than your attorneys) related to the Subject Collision.

**Request No. 18:** All documents and communications in your possession, custody, and/or control relating in any way to the Subject Collision.

**Request No. 19:** All documents and communications sent by you to any person or entity (other than your attorneys) regarding the Subject Collision and/or describing the Subject Collision.

**Request No. 20:** All documents and communications evidencing each investigation done by or on behalf of any Defendant related to the Subject Collision.

**Request No. 21:** All documents and communications that set forth any facts leading up to the Subject Collision.

**Request No. 22:** All documents and communications you contend explain what caused the Subject Collision.

**Request No. 23:** All documents and communications assessing preventability of and/or fault for the Subject Collision, as well as any documents created by any accident review board or other accident review process.

**Request No. 24:** All photographs, video, computer simulations, and any other documents depicting:

    (a) Any vehicle involved in the Subject Collision;

    (b) Any person involved in the Subject Collision;

    (c) The scene of the Subject Collision; and/or

    (d) Any evidence (roadway markings or other) relevant to the Subject Collision.

**Request No. 25:** All reports relating to the Subject Collision in your possession, custody, and/or control.

**Request No. 26:** All correspondence and other communications (including email) that you have had with any person other than your lawyers involving the Subject Collision.

**Request No. 27:** All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom or this lawsuit.

**Request No. 28:** All documents and communications sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three (3) years.

**Request No. 29:** All handbooks and manuals provided to you by Defendant Crete Carrier that were in effect at the time of the Subject Collision.

**Request No. 30:** All policies, procedures, rules, guidelines, directives, and instructions ever given to you by Defendant Crete Carrie as well as all documents that you signed to prove you received said materials.

**Request No. 31:** All documents and other materials that support any contention that the Subject Collision was the fault of anyone other than a named Defendant.

**Request No. 32:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**Request No. 33:** All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to admissions of fault, engineering analyses, scientific tests, and official or unofficial reports.

**Request No. 34:** All documents you have obtained through Requests for Production to non-parties.

**Request No. 35:** If any surveillance of Plaintiff has been undertaken by you or on your behalf, all reports, photographs, videos, and anything else generated through that investigation.

**Request No. 36:** All photographs or videos obtained from Plaintiff's social media accounts, if any.

**Request No. 37:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied. *See, e.g.*, Dikeman v. Mary A. Stearns, P.C., 253 Ga. App. 646 (2002).

**Request No. 38:** If you are withholding any documents on the basis of privilege, a privilege log that complies with Uniform Superior Court Rule 5.5.

This 21st day of April, 2023.

                                                WLG Atlanta, LLC

                                                */s/ Trevor E. Brice*
                                                Trevor E. Brice
                                                Georgia Bar No. 847049
                                                Attorney for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:   470-881-8804
Facsimile:    470-881-8819
E-Mail:       trevor.brice@withisitelaw.com

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EUGENE BOYER – Page 18**

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02705-S3**

4/21/2023 4:58 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __Gwinnett__ County

**For Clerk Use Only**

Date Filed _____
MM-DD-YYYY

Case Number __23-C-02705-S3__

**Plaintiff(s)**
Millines-Johnson, Shelia

**Defendant(s)**
Crete Carrier Corporation d/b/a Crete Carrier Corp Shaffer Trucking
Boyer, Eugene

Plaintiff's Attorney: Trevor E. Brice    Bar Number: 847049    Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

Case Number _____    Case Number _____

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.18