Case 1:23-mi-99999-UNA   Document 1585-4   Filed 05/16/23   Page 1 of 10

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02705-S3**
**5/16/2023 2:04 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHELIA MILLINES-JOHNSON,           )<br>                                                              )<br>    Plaintiff,                                        )<br>                                                              )<br>v.                                                          )<br>                                                              )<br>CRETE CARRIER CORPORATION d/b/a )<br>CRETE CARRIER CORP SHAFFER   )<br>TRUCKING; and EUGENE BOYER,  )<br>                                                              )<br>    Defendants.                                  )<br>_____) | EXHIBIT "D"<br><br>CIVIL ACTION FILE<br>NO. 23-C-02705-S3 |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW, Crete Carrier Corporation d/b/a Crete Carrier Corp Shaffer Trucking (hereinafter "Crete") and Eugene Boyer (hereinafter "Boyer"), Defendants in the above-styled action, and file this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants specifically reserve the right to plead and prove such other defenses, including but not limited to those allowed by O.C.G.A. §9-11-8 and/or Fed.R.Civ.P. 8, as may become known during the course of this litigation.

### THIRD DEFENSE

Defendants show that no act or omission by Defendants caused or contributed to the cause of the accident, and therefore, Plaintiff's Complaint must be dismissed.

### FOURTH DEFENSE

In the exercise of ordinary care, Plaintiff could have avoided the alleged injury and damage complained of in the Complaint.

### FIFTH DEFENSE

Plaintiff was comparatively negligent in her actions and omissions in and around the time of the alleged injury, and thus, is entitled to no recovery.

### SIXTH DEFENSE

If it is shown that Plaintiff's negligence exceeded any negligence that may be proved against Crete or Boyer, then Plaintiff is entitled to no recovery.

### SEVENTH DEFENSE

If it is shown that Plaintiff's negligence was less than any negligence that may be proved against Crete or Boyer, then Plaintiff's damages should be reduced proportionately.

### EIGHTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages for which relief can be granted.

## NINTH DEFENSE

In response to the specific paragraphs contained in the Plaintiff's Complaint, and without waiving the defenses previously raised by these Defendants, as well as those that may be raised in the future, if necessary, Crete and Boyer state the following:

1.

The allegations contained in paragraph 1 of the Plaintiff's Complaint are denied.

2.

The allegations contained in paragraph 2 of the Plaintiff's Complaint are admitted.

3.

The allegations contained in paragraph 3 of the Plaintiff's Complaint are admitted.

4.

The allegations contained in paragraph 4 of the Plaintiff's Complaint are admitted.

5.

The allegations contained in paragraph 5 of the Plaintiff's Complaint are admitted.

6.

The allegations contained in paragraph 6 of the Plaintiff's Complaint are denied. By way of further response, Defendants show that the allegations in paragraph 6 of Plaintiff's Complaint are known to Plaintiff and her counsel to be legally and factually baseless, but have nonetheless been asserted in violation of Fed.R.Civ.P. 11.

7.

The allegations contained in paragraph 7 of the Plaintiff's Complaint are admitted.

8.

The allegations contained in paragraph 8 of the Plaintiff's Complaint are admitted.

9.

The allegations contained in paragraph 9 of the Plaintiff's Complaint are admitted.

10.

The allegations contained in paragraph 10 of the Plaintiff's Complaint are denied.

11.

The allegations contained in paragraph 11 of the Plaintiff's Complaint are denied.

12.

The allegations contained in paragraph 12 of the Plaintiff's Complaint are denied.

13.

The allegations contained in paragraph 13 of the Plaintiff's Complaint are denied.

14.

The allegations contained in paragraph 14 of the Plaintiff's Complaint are denied.

15.

In response to the allegations contained in paragraph 15 of the Plaintiff's Complaint, Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 14 as if those responses are set forth herein verbatim.

16.

In response to the allegations contained in paragraph 16 of the Plaintiff's Complaint, Defendants admit that certain obligations are imposed on all drivers

using roadways within the State of Georgia. The remainder of the allegations contained in paragraph 16 of the Plaintiff's Complaint are denied.

17.

The allegations contained in paragraph 17 of the Plaintiff's Complaint are denied.

18.

The allegations contained in paragraph 18 of the Plaintiff's Complaint are denied.

19.

The allegations contained in paragraph 19 of the Plaintiff's Complaint are denied.

20.

The allegations contained in paragraph 20 of the Plaintiff's Complaint are denied.

21.

The allegations contained in paragraph 21 of the Plaintiff's Complaint are denied.

22.

In response to the allegations contained in paragraph 22 of the Plaintiff's Complaint, Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 21 as if those responses are set forth herein verbatim.

23.

The allegations contained in paragraph 23 of the Plaintiff's Complaint are admitted.

24.

The allegations contained in paragraph 24 of the Plaintiff's Complaint are denied.

25.

In response to the allegations contained in paragraph 25 of the Plaintiff's Complaint, Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 24 as if those responses are set forth herein verbatim.

26.

The allegations contained in paragraph 26 of the Plaintiff's Complaint are denied.

27.

The allegations contained in paragraph 27 of the Plaintiff's Complaint are denied.

28.

The allegations contained in paragraph 28 of the Plaintiff's Complaint are denied.

29.

In response to the allegations contained in paragraph 29 of the Plaintiff's Complaint, Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 28 as if those responses are set forth herein verbatim.

30.

The allegations contained in paragraph 30 of the Plaintiff's Complaint are denied.

31.

In response to the allegations contained in paragraph 31 of the Plaintiff's Complaint, Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 30 as if those responses are set forth herein verbatim.

32.

The allegations contained in paragraph 32 of the Plaintiff's Complaint are denied.

33.

The allegations contained in paragraph 33 of the Plaintiff's Complaint are denied.

34.

The allegations contained in paragraph 34 of the Plaintiff's Complaint are denied.

35.

All allegations not specifically admitted herein are hereby denied.

**WHEREFORE**, having fully answered the Plaintiff's Complaint, Defendants Crete and Boyer hereby respectfully demand judgment in their favor, that all costs be cast against Plaintiff, a trial by a jury as to all issues so triable by law, and such other and further relief that this Honorable Court deems just and proper.

Respectfully submitted this 16th day of May, 2023.

                                                      WEBB, ZSCHUNKE, NEARY
                                                     & DIKEMAN, LLP

                                                     */s/ Marvin D. Dikeman*
                                                     MARVIN D. DIKEMAN
                                                     Georgia State Bar No. 221760
                                                     BRIAN R. NEARY
                                                     Georgia State Bar No. 536175
                                                     BRIAN MILLER
                                                     Georgia State Bar No. 211035
                                                     ***Attorneys for Defendants***

One Ameris Center, Suite 1210
3490 Piedmont Road, NE
Atlanta, Georgia 30305
(404) 264-1080 / phone
(404) 264-4520 / facsimile
E-Mail: mdikeman@wznd.net
E-Mail: bneary@wznd.net
E-Mail: bmiller@wznd.net

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the within and foregoing pleading with the Clerk of Court using Odyssey File & Serve system, which will automatically send e-mail notification of such filing to the following attorneys of record as addressed below:

Trevor E. Brice, Esq.<br>
WLG Atlanta, LLC<br>
Bank of America Plaza<br>
600 Peachtree Street, NE, Suite 4010<br>
Atlanta, GA 30308<br>
Trevor.brice@withisitelaw.com

This 16th day of May, 2023.

<i>/s/ Marvin D. Dikeman</i><br>
MARVIN D. DIKEMAN<br>
Georgia State Bar No. 221760

***Attorneys for Defendants***

WEBB, ZSCHUNKE, NEARY & DIKEMAN, LLP
One Ameris Center, Suite 1210
3490 Piedmont Road, NE
Atlanta, Georgia 30305
(404) 264-1080 / phone
(404) 264-4520 / facsimile
E-Mail: mdikeman@wznd.net