Case 1:23-mi-99999-UNA   Document 1586-5   Filed 05/16/23   Page 1 of 9
Case 1:10-cv-02989-CAP   Document 107-5   Filed 10/17/13   Page 1 of 9
Case 1:09-cv-03286-TCB   Document 289   Filed 05/19/15   Page 1 of 9

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEOFFREY CALHOUN, et al. | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action |
| v. | ) File No.: |
| | ) 1:09-CV-3286-TCB |
| | ) |
| RICHARD PENNINGTON, et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiffs' Second Motion for Contempt Sanctions Against Defendant City of Atlanta. The matter has been fully briefed and this Court held a hearing on Plaintiffs' motion on May 5, 2015.  Having considered the parties' arguments and the evidence that has been presented to the Court, the Court hereby GRANTS Plaintiffs' Motion for Contempt Sanctions Against Defendant City of Atlanta as follows.

The Court finds that Plaintiffs have established by clear and convincing evidence that the City of Atlanta has failed to comply with certain sections of the December 8, 2010 and December 15, 2011 Orders of this Court. The Court finds

**Exhibit "E"**

Case 1:23-mi-99999-UNA   Document 1566-5   Filed 05/16/23   Page 2 of 9
Case 1:10-cv-02989-CAP   Document 1607   Filed 10/17/16   Page 2 of 9

Case 1:09-cv-03286-TCB   Document 289   Filed 05/19/15   Page 2 of 9

that the City has not established that its failure to comply was legally excusable, and the Court notes that counsel for the City conceded at the hearing that the City was, in fact, in violation of certain sections of this Court's Orders.

The Court finds that contempt sanctions against the City of Atlanta are appropriate and, in addition to this Court's prior Orders, ORDERS the following:

1. The City of Atlanta shall complete in-person training of all sworn employees of the Atlanta Police Department using a format and content acceptable to Plaintiffs within 90 days of the entry of this Order, on the topics specified in the December 8, 2010 Order entered by this Court, specifically:

    a. Current Fourth Amendment law regarding detentions, arrests, frisks, and searches, including the legal standards set forth in Section 1 of Exhibit A ("Reforms of the Atlanta Police Department") to the Settlement Order entered by this Court on December 8, 2010.

    b. All changes to Atlanta Police Standard Operating Procedures required by the Settlement Order entered by this Court on December 8, 2010, including:

        i. The specific verbatim requirements imposed by Section 2 ("Identification Requirement for APD Officers") of Exhibit A ("Reforms of the Atlanta Police Department") to the Settlement Order entered by this Court on December 8, 2010.

        ii. The specific verbatim requirements imposed by Section 3 ("No Interference with Audio of Video Recordings") of Exhibit A ("Reforms of the Atlanta Police Department") to the Settlement Order entered by this Court on December 8, 2010.

Case 1:23-mi-99999-UNA   Document 1586-5   Filed 05/16/23   Page 3 of 9
Case 1:10-cv-02989-CAP   Document 107-5   Filed 10/17/23   Page 3 of 9

Case 1:09-cv-03286-TCB   Document 289   Filed 05/19/15   Page 3 of 9

    iii.  The specific verbatim requirements imposed by Section 4 ("Documentation of Warrantless Seizures") of Exhibit A ("Reforms of the Atlanta Police Department") to the Settlement Order entered by this Court on December 8, 2010.

    iv.  The specific verbatim requirements imposed by Section 5 ("Documentation of ID Checks") of Exhibit A ("Reforms of the Atlanta Police Department") to the Settlement Order entered by this Court on December 8, 2010.

    v.  The specific verbatim requirements imposed by Section 7 ("Timely Resolution of Citizen Complains") of Exhibit A ("Reforms of the Atlanta Police Department") to the Settlement Order entered by this Court on December 8, 2010.

    vi.  The results of Section 8 ("Investigation of Officer Conduct") as reflected in "Greenberg Traurig, LLP's APD.SOP 20.20 § 3.4.1 Final Report Regarding The Planning, Execution, And Subsequent Conduct Related To The 'Eagle Raid'" presented on June 27, 2011.

    vii.  The Atlanta Police Department regulation that prohibits pointing or aiming a weapon at a person unless the discharge of the weapon would be justifiable.

2. Every two years the City of Atlanta shall provide recurrent, in-person training of all sworn employees of the Atlanta Police Department consistent with Section 1 of this Order.

3. Plaintiffs' counsel are authorized to monitor the training described in Sections 1 and 2 of this Order for a period of six years from the date of this Order. The City of Atlanta will provide Plaintiffs' counsel with reasonable

advance notice of the dates and places of proposed training; provide
Plaintiffs' counsel with copies of all proposed training materials for review
sufficiently in advance of training so that Plaintiffs' counsel may review the
training materials and consult with the City; provide Plaintiffs' counsel with
a video-recording of each training session conducted pursuant to this Order;
and provide Plaintiffs' counsel with an affidavit by a sworn officer of the
Atlanta Police Department attesting to the names of all officers who attended
training and the dates of their attendance.

4. With regard to the identification requirement:

    a. Within 20 days of the entry of this Order the City of Atlanta shall
       amend any Atlanta Police Department Standard Operating Procedure
       dealing with dress code to include a section stating that any Atlanta
       police officer who is in uniform must, at all times, wear a
       conspicuously visible nametag, and emphasizing that the only
       exception to this requirement is a rain slicker or traffic direction vest;

    b. Within 7 days of the entry of this Order the City of Atlanta shall
       distribute to each sworn employee of the Atlanta Police Department a
       Command Memorandum, issued by the Chief of the Atlanta Police
       Department, informing officers of the requirements that (i) any

4

Case 1:23-mi-99999-UNA   Document 1566-5   Filed 05/16/23   Page 5 of 9
Case 1:10-cv-02989-CAP   Document 106-5   Filed 10/17/13   Page 5 of 9

Case 1:09-cv-03286-TCB   Document 289   Filed 05/19/15   Page 5 of 9

Atlanta police officer who is in uniform must, at all times, wear a
conspicuously visible nametag, and emphasizing that the only
exception to this requirement is a rain slicker or traffic direction vest;
and (ii) that any Atlanta police officer who is in uniform or who has
displayed a badge or other indicia of police authority (such as a police
vest, etc.) must identify himself or herself by name and badge number
upon request at some point before the end of an encounter with a
civilian.

5. On or before May 22, 2015, the City of Atlanta shall provide Plaintiffs'
counsel with a spreadsheet indicating, with regard to each complaint of
police misconduct received after December 8, 2010 and each Office of
Professional Standards (OPS) investigation commenced after December 8,
2010, the following information:

    a.  the date the complaint was made;
    b.  the name of the complainant;
    c.  the file number assigned to the complaint;
    d.  the name of the officer against whom the complaint was made;
    e.  the law, rule, or SOP the officer was alleged to have violated;
    f.  the date the complaint was finally adjudicated;
    g.  the final disposition of the complaint (i.e., whether the complaint was
        sustained, not sustained, unfounded, or exonerated) and the nature of
        any discipline imposed (e.g., written reprimand, oral admonishment,
        the duration of any suspension, dismissal, etc.)

Case 1:23-mi-99999-UNA   Document 1566-5   Filed 05/16/23   Page 6 of 9
Case 1:10-cv-02883-TCB   Document 100-5   Filed 10/17/13   Page 6 of 9

Case 1:09-cv-03286-TCB   Document 289   Filed 05/19/15   Page 6 of 9

6. Within 60 days of the entry of this Order the City of Atlanta shall implement
a form that is acceptable to Plaintiffs' counsel for officers to use in
complying with the requirements of Section 4 ("Documentation of
Warrantless Seizures") and Section 5 ("Documentation of ID Checks") of
Exhibit A ("Reforms of the Atlanta Police Department") to the December 8,
2010 Settlement Order. Upon request by Plaintiffs' counsel at any time, the
City shall provide Plaintiffs' counsel, without charge, copies of all forms
completed by Atlanta police officers; and consistent with the terms of Orders
of December 8, 2010 and December 15, 2011, the City shall ensure that
these forms are maintained "as a public record, routinely available for public
inspection by electronic or other means."

7. Within 20 days of the entry of this Order the City of Atlanta shall amend
SOP.3065 of the Atlanta Police Department Standard Operating Procedure
to restore the following language that was removed in 2013:

> Officers may detain an individual only when they have
> reasonable articulable suspicion that the individual is involved
> in criminal activity. If, following the stop, the officer
> reasonably believes that the person is both armed and
> presently dangerous, the officer may frisk for weapons.

8. The revision to the Atlanta Police Department Standard Operating Procedure
set forth above, and all other revisions required by this Court's Orders of

December 8, 2010 and December 15, 2011, shall be permanent. For a period of six years from the date of this order, the City of Atlanta shall inform Plaintiffs' counsel within five days of any revision to Standard Operating Procedures SOP.3020, SOP.3030, and SOP.3065; The City of Atlanta shall inform Plaintiffs' counsel within five days of any revision to Standard Operating Procedures SOP.2010 with regard to use of firearms; SOP.2011 with regard to the public's right to record police activity by photographic, video, or other means; SOP.2130 with regard to the identification requirement pursuant to the Orders of this Court; and SOP.3060 with regard to the form discussed in Section 6 of this Order;  and the City of Atlanta shall inform Plaintiffs' counsel within five days of any revision any other Standard Operating Procedure that directly and specifically concerns topics specifically addressed by this Order and by this Court's Orders of December 8, 2010 and December 15, 2011.

9.  Plaintiffs' request for post-judgment discovery is granted and Defendant City of Atlanta is ordered to comply with all such discovery requests pursuant to the requirements of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Georgia, and all Standing Orders of this Court.

Case 1:23-mi-99999-UNA   Document 1586-5   Filed 05/16/23   Page 8 of 9
Case 1:10-cv-02895-CAP   Document 1067   Filed 10/17/13   Page 8 of 9

Case 1:09-cv-03286-TCB   Document 289   Filed 05/19/15   Page 8 of 9

10. The City of Atlanta is ordered to respond to Plaintiffs' currently outstanding discovery requests no later than Friday, May 22.

11. The City of Atlanta is directed to comply within 15 days with any reasonable request made by Plaintiffs' counsel seeking records or documents regarding the City's compliance with the Orders of this Court. Any records or documents that would not be subject to disclosure under the Georgia Open Records Act shall be used by Plaintiffs' counsel solely for the purpose of monitoring the City of Atlanta's compliance with the Orders of this Court and shall not be disclosed to the public.

12. The City of Atlanta shall reimburse Plaintiffs' counsel for any reasonable fees and costs they expend in ensuring compliance with the Orders of this Court, including but not limited to counsel's involvement in the tasks described above. The City of Atlanta shall pay these sums directly to Plaintiffs' counsel upon receipt of itemized accounting of reasonable time and expenses, or submit Plaintiffs' accounting to the Court for review if the City believes any accounting to be unreasonable. This provision shall expire six years following the entry of this Order unless it is renewed by this Court, either *sua sponte* or following an application by Plaintiffs' counsel.

8

Case 1:23-mi-99999-UNA   Document 1586-5   Filed 05/16/23   Page 9 of 9
Case 1:10-cv-02689-CAP   Document 106-7   Filed 10/17/16   Page 9 of 9

Case 1:09-cv-03286-TCB   Document 289   Filed 05/19/15   Page 9 of 9

13. The City shall also reimburse Plaintiffs' attorneys for the fees and costs they have incurred thus far in bringing this contempt proceeding.  For Attorney Gerald Weber that amount is $14,560 for 28 hours at $520.00 per hour; for Daniel J. Grossman it is $28,600 for 55 hours at $520.00 per hour; for Gregory Nevins it is $2,860 for 5.5 hours at $520.00 per hour; for Beth Littrell it is $1,200 for 3.2 hours at $375.00 per hour; for Albert Wan it is $1,200 for 4 hours at $300 per hour.

14. The terms of this Order, with the exception of the biennial training requirement in Section 2 above, shall expire six years from the date of entry of this Order. This provision does not modify and shall have no effect on the terms of the December 8, 2010 and December 15, 2011 Orders of this Court.

IT IS SO ORDERED this 19th day of May , 2015.

Timothy C. Batten. Sr.
United States District Judge

9