UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DISVISION

| | |
|---|---|
| Marshauna Thomas,<br><br>         Plaintiff,<br><br>v.<br><br>Comenity Bank; NC Financial Solutions of Georgia, LLC d/b/a NetCredit; Equifax Information Services, LLC; and Experian Information Solutions, Inc.,<br><br>         Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq*.)** |

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is an individual residing in Fulton County, Georgia.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Comenity Bank is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant NC Financial Solutions of Georgia, LLC d/b/a NetCredit is a furnisher of consumer credit information to consumer reporting agencies.

8. Defendant Equifax Information Services, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

9. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

10. Defendant Experian Information Solutions, Inc. is engaged in the business of maintaining and reporting consumer credit information for profit.

11. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. In or about May 2022, Plaintiff reached a settlement agreement with Comenity to settle a New York & Company branded credit account ending 8670.

13. Plaintiff timely paid the settlement payment under the agreement, making a lump sum payment on or before June 6, 2022.

14. At that time, the Comenity account was satisfied in full, and there was no balance due and owing.

15. In or about September 2021, Plaintiff reached a settlement agreement with NetCredit to settle a loan account ending 8073.

16. Plaintiff timely paid the settlement payments called for under the agreement, making the final payment on or before November 30, 2022.

17. As of or prior to December 22, 2022, the NetCredit account was satisfied in full, and there was no balance due and owing.

18. In or around March 2023, Plaintiff checked her credit reports and noticed that Comenity and NetCredit were reporting inaccurate information regarding the respective accounts.

19. Specifically, they reported that the accounts were still delinquent with a past due balance owing.

20. The false information regarding the accounts appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

21. Equifax and Experian published false information regarding the accounts to third parties.

## WRITTEN DISPUTE

22. On or about January 19, 2023, Plaintiff sent a written letter to Equifax and Experian disputing the inaccurate information regarding the accounts reporting on Plaintiff's respective consumer reports, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

23. Upon information and belief, Equifax and Experian each forwarded Plaintiff's dispute to Comenity and NetCredit, respectively, for reinvestigation.

24. Upon information and belief, Comenity and NetCredit received notification of Plaintiff's dispute from Equifax and Experian, respectively.

25. Comenity and NetCredit each failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

26. Equifax and Experian failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

27. Comenity and NetCredit failed to instruct Equifax and Experian, respectively, to correct the false information reporting on Plaintiff's consumer report.

28. Equifax and Experian each employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

29. Equifax and Experian each employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

30. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

## COUNT I – Comenity and NetCredit

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

31. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

32. After receiving Plaintiff's dispute, Comenity and NetCredit each failed to correct the false information regarding their account reporting on Plaintiff's consumer reports.

33. Comenity and NetCredit violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

34. As a result of this conduct, action, and inaction of Comenity and NetCredit, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

35. Comenity and NetCredit's conduct, action, and inaction was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

36. In the alternative, Comenity and NetCredit were negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

37. Plaintiff is entitled to recover costs and attorneys' fees from Comenity and NetCredit pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Equifax and Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

38. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

39. After receiving Plaintiff's dispute, Equifax and Experian each failed to correct the false information reporting on Plaintiff's consumer report.

40. Equifax and Experian each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

41. As a result of this conduct, action and inaction of Equifax and Experian, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42. The conduct, action, and inaction of Equifax and Experian was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

43. In the alternative, Equifax and Experian each was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – Equifax and Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

45. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46. After receiving Plaintiff's dispute, Equifax and Experian each failed to correct the false information reporting on Plaintiff's consumer report.

47. Equifax and Experian each violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

48. As a result of this conduct, action and inaction of Equifax and Experian, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. The conduct, action, and inaction of Equifax and Experian was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

50. In the alternative, Equifax and Experian each was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

51.     Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1.      Trial by jury.

2.      Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3.      Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4.      The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5.      Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: May 16, 2023

>                   /s/ *Esther Oise*
>                   Esther Oise, Esq. (GA Bar #686342)
>                   Oise Law Group PC
>                   2635 Governors Walk Blvd.
>                   Snellville, GA 30078
>                   Email: eoise.molaw@gmail.com

Telephone: (770) 895-3736
*Attorney for Plaintiff*