JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Richard Scott Ashlin

### DEFENDANTS

Herbert Walker, Warden

**(b)** County of Residence of First Listed Plaintiff   Muscogee
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Muscogee
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

J. Scott Key, J. Scott Key, LLC, 80 Macon St.
McDonough, GA 30253, (678) 610-6624

Attorneys *(If Known)*

Christopher M. Carr, Georgia Attorney General

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government
     Plaintiff
- [x] 3   Federal Question
     *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government
     Defendant
- [ ] 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product       Product Liability |  |      28 USC 157 |      3729(a)) |
| [ ] 140 Negotiable Instrument |      Liability   [ ] 367 Health Care/ |  | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &       Pharmaceutical |  | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
|      & Enforcement of Judgment |      Slander       Personal Injury |  | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'       Product Liability |  | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted |      Liability   [ ] 368 Asbestos Personal |  | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
|      Student Loans | [ ] 340 Marine       Injury Product |  |      New Drug Application | [ ] 470 Racketeer Influenced and |
|      (Excludes Veterans) | [ ] 345 Marine Product       Liability |  | [ ] 840 Trademark |      Corrupt Organizations |
| [ ] 153 Recovery of Overpayment |      Liability   **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
|      of Veteran's Benefits | [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards |      Act of 2016 |      (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending |      Act |  | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract |      Product Liability   [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** |      Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal       Property Damage |      Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |      Injury   [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
|  | [ ] 362 Personal Injury -       Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) |      Exchange |
|  |      Medical Malpractice |      Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights   **Habeas Corpus:** | [ ] 791 Employee Retirement |  | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting   [ ] 463 Alien Detainee |      Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment   [ ] 510 Motions to Vacate |  | [ ] 870 Taxes (U.S. Plaintiff |      Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/       Sentence |  |      or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability |      Accommodations   [x] 530 General |  | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities -   [ ] 535 Death Penalty |  |      26 USC 7609 |      Act/Review or Appeal of |
|  |      Employment   **Other:** | **IMMIGRATION** |  |      Agency Decision |
|  | [ ] 446 Amer. w/Disabilities -   [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of |
|  |      Other   [ ] 550 Civil Rights | [ ] 465 Other Immigration |  |      State Statutes |
|  | [ ] 448 Education   [ ] 555 Prison Condition |      Actions |  |  |
|  | [ ] 560 Civil Detainee - |  |  |  |
|  |      Conditions of |  |  |  |
|  |      Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1   Original
     Proceeding
- [ ] 2   Removed from
     State Court
- [ ] 3   Remanded from
     Appellate Court
- [ ] 4   Reinstated or
     Reopened
- [ ] 5   Transferred from
     Another District
     *(specify)*
- [ ] 6   Multidistrict
     Litigation -
     Transfer
- [ ] 8   Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2254
Brief description of cause:
Petition for Writ of Habeas Corpus for Prisoner in State Custody

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION
     UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
5/15/2023

SIGNATURE OF ATTORNEY OF RECORD
/s/J. Scott Key

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northern District of Georgia | |
|---|---|---|
| Name (under which you were convicted): <br><br> Richard Scott Ashlin | | Docket or Case No.: |
| Place of Confinement : <br><br> Muscogee County Correctional Institute | Prisoner No.: <br><br> 1002119774 | |
| Petitioner (include the name under which you were convicted) <br><br> Richard Scott Ashlin | v. | Respondent (authorized person having custody of petitioner) <br><br> Herbert Walker, Warden |
| The Attorney General of the State of: Georgia | | |

## PETITION

1.　(a) Name and location of court that entered the judgment of conviction you are challenging:

Cherokee County Superior Court

　　(b) Criminal docket or case number (if you know): 16CR-0645

2.　(a) Date of the judgment of conviction (if you know): 08/24/2017

　　(b) Date of sentencing: 09/13/2017

3.　Length of sentence: 25 years plus $1,000,000.00 fine

4.　In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☑ No

5.　Identify all crimes of which you were convicted and sentenced in this case: Trafficking Cocaine (more than

400 grams)

6.　(a) What was your plea? (Check one?)

　　　　　☑ (1)　　Not guilty　　☐ (3)　　Nolo contendere (no contest)

　　　　　☐ (2)　　Guilty　　☐ (4)　　Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury    ❏ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☑ Yes    ❏ No

8.    Did you appeal from the judgment of conviction?

    ☑ Yes    ❏ No

9.    If you did appeal, answer the following:

(a) Name of court:   Georgia Court of Appeals

(b) Docket or case number (if you know):   A19A1582

(c) Result:   Affirmed

(d) Date of result (if you know):   10/21/2019

(e) Citation to the case (if you know):   Not Officially Reported

(f) Grounds raised:   1) The trial court erred in denying Mr. Ashlin's motion to reveal the identity of the

confidential informant who provided information against him to law enforcement; and  2) the trial court

erred in denying Mr. Ashlin's motion to suppress evidence seized during the warrantless search of his

vehicle.

_____

_____

_____

(g) Did you seek further review by a higher state court?   ❏ Yes   ☑ No

    If yes, answer the following:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Result: _____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:   Superior Court of Mitchell County

(2) Docket or case number (if you know):   21CV107

(3) Date of filing (if you know):   09/04/2020

(4) Nature of the proceeding:   Petition for Writ of Habeas Corpus

(5) Grounds raised:   1) ineffective assistance of trial counsel for failing to seek a hearing and

definitive ruling from the trial court on Ashlin's special demurrer, and of appellate counsel

for failing to raise this issue on appeal; 2) ineffective assistance of trial counsel for failing to

move for mistrial and/or excuse a female member of the jury after the bailiffs witnessed her

falling asleep, and of appellate counsel for failing to raise the issue on appeal; 3) ineffective

assistance of trial counsel for failing to invoke the rule of sequestration until after the State's

main witness testified, and appellate counsel for failing to raise this issue on appeal; and

4) ineffective assistance of appellate counsel for failing to raise on appeal the trial court's

error in overruling trial counsel's objection to the admission of State's Exhibit 4.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes   ☐ No

(7) Result:   Denied

AO 241 (Rev. 09/17)

(8) Date of result (if you know):  05/11/2022

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes     ☐  No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes    ❏ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ✔ Yes    ❏ No

(2) Second petition:    ❏ Yes    ❏ No

(3) Third petition:    ❏ Yes    ❏ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    Ineffective Assistance of Appellate Counsel in violation of the Sixth Amendment of the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel was ineffective for failing to seek a hearing and definitive ruling from the trial court on Mr. Ashlin's special demurrer to the indictment based on the State's failure to specify the amount and purity of cocaine, as the demurrer should have been granted. See Special Demurrer filed May 26, 2016. And appellate counsel failed to raise this issue on appeal.

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   Appellate Counsel could not raise

ineffective assistance of counsel against herself.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Petition for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:   Superior Court of Mitchell County, GA

Docket or case number (if you know):   21CV107

Date of the court's decision:   05/11/2022

Result (attach a copy of the court's opinion or order, if available):   Denied

(3) Did you receive a hearing on your motion or petition?     ☑ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Supreme Court of Georgia

Docket or case number (if you know):   S22H1113

Date of the court's decision:   04/04/2023

Result (attach a copy of the court's opinion or order, if available):   Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:**              Ineffective Assistance of Appellate Counsel in violation of the Sixth Amendment of the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel was ineffective for failing to move for mistrial and/or excuse a female member of the jury after the trial court notified all counsel that the Bailiffs witnessed her falling asleep during the presentation of the evidence. T. at 121. And appellate counsel failed to raise this issue on appeal.

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐   Yes      ☑   No

(2) If you did not raise this issue in your direct appeal, explain why:   Appellate counsel could not raise

ineffective assistance of counsel against herself.

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes      ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Petition for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:   Superior Court of Mitchell County, GA

_____

Docket or case number (if you know):   21CV107

AO 241 (Rev. 09/17)

Date of the court's decision:    05/11/2022

Result (attach a copy of the court's opinion or order, if available):    Denied

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Supreme Court of Georgia

Docket or case number (if you know):    S22H1113

Date of the court's decision:    04/04/2023

Result (attach a copy of the court's opinion or order, if available):    Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**    Ineffective Assistance of Appellate Counsel in violation of the Sixth Amendment of

the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel was ineffective for failing to invoke the rule of sequestration until after the State's main witness,

Sergeant Turcotte, testified. T. at 121. And appellate counsel failed to raise this issue on appeal.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)   **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

   (2) If you did not raise this issue in your direct appeal, explain why:   Appellate Counsel could not raise

   ineffective assistance of counsel against herself. _____

   _____

(d)   **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☑ Yes   ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:   Petition for Writ of Habeas Corpus

   Name and location of the court where the motion or petition was filed:   Superior Court of Mitchell County, GA

   _____

   Docket or case number (if you know):   21CV107

   Date of the court's decision:   05/11/2022

   Result (attach a copy of the court's opinion or order, if available):   Denied

   _____

   _____

   (3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☐ No

   (4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:   Supreme Court of Georgia

   _____

   Docket or case number (if you know):   S22H1113

   Date of the court's decision:   04/04/2023

   Result (attach a copy of the court's opinion or order, if available):   Denied

   _____

   _____

   _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**   Ineffective Assistance of Appellate Counsel in violation of the Sixth Amendment of

the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate counsel was ineffective for failing to raise on appeal the trial court's error in overruling trial counsel's

objection to the admission of State's Exhibit 4 into evidence due to lack of foundation and chain of custody issues.

See T. at 200-01, 223-24, 396-98.

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❐  Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   Appellate counsel could not raise

  ineffective assistance of counsel against herself. _____

_____

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☑ Yes    ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Petition for Writ of Habeas Corpus _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Superior Court of Mitchell County

Docket or case number (if you know): 21CV107

Date of the court's decision: 05/11/2022

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?                          ☑ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?                    ☑ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Georgia

Docket or case number (if you know): S22H1113

Date of the court's decision: 04/04/2023

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes     ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?         ☐ Yes     ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?         ☐ Yes     ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Scott T. Poole, 577 East Main Street, Canton, Georgia 30114

(b) At arraignment and plea:   Scott T. Poole, 577 East Main Street, Canton, Georgia 30114

(c) At trial:   Scott T. Poole, 577 East Main Street, Canton, Georgia 30114

(d) At sentencing:   Scott T. Poole, 577 East Main Street, Canton, Georgia 30114

(e) On appeal:   Amanda G. Speights, 360 W. Main Street, Canton, Georgia 30114

(f) In any post-conviction proceeding:   Amanda G. Speights, 360 W. Main Street, Canton, Georgia 30114

(g) On appeal from any ruling against you in a post-conviction proceeding:   Amanda G. Speights, 360 W. Main Street, Canton, Georgia 30114

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ☐ Yes     ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ☐ Yes     ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The conviction in this case was affirmed on 10/21/2019. The case was remitted on 11/21/2019. State habeas corpus was filed on 9/4/2020, which was denied on 05/11/2022. A timely petition for certificate of probable cause to appeal was filed with the Supreme Court of Georgia on 06/10/2022 and denied on 04/04/2023. Remittitur issued on 4/28/2023. The state habeas action tolled the one-year statute of limitations, and this case is timely filed. See Dolphy v. Warden, Cent. State Prison, 823 F.3d 1342

AO 241 (Rev. 09/17)

(11th Cir. 2016).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of
                the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   That habeas corpus relief be granted.

or any other relief to which petitioner may be entitled.

/s/J. Scott Key
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Counsel for Mr. Ashlin is signing this petition on his behalf. Mr. Ashlin is incarcerated with limited access and this petition is time sensitive.

Print     Save As...     Reset

IN THE SUPERIOR COURT OF MITCHELL COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| RICHARD SCOTT ASHLIN, | * | CIVIL ACTION NO. |
| GDC # 1002119774 | * | 21CV107 |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | HABEAS CORPUS |
| | * | |
| BILL TERRY, Warden, and | * | |
| TIMOTHY WARD, Commissioner, | * | |
| | * | |
| Respondents. | | |

FINAL ORDER

Petitioner Richard Scott Ashlin filed this petition for a writ of habeas corpus

challenging the validity of his August 2017 Cherokee County conviction, arising

from a jury trial, for trafficking in cocaine, which was affirmed on appeal. Based

on consideration of the record as established at the evidentiary hearing on

December 6, 2021,[1] this Court denies relief, based on the following findings of fact

and conclusions of law.

I.   Procedural History

In August 2017, a Cherokee County grand jury indicted Petitioner for one

count of trafficking cocaine. (HT. 77-78). At a jury trial in August 2017,

Petitioner was found guilty of that offense and sentenced to 25 years imprisonment

---

[1] Citations to the transcript of the December 6, 2021, evidentiary hearing are "HT."
followed by the page number(s).

in September 2017. (HT. 201-03,·414). His conviction and sentence were
affirmed on appeal in *Ashlin v. State*, No. A19A1582 (Ga. App. Oct. 21, 2019)
(unpublished).

On September 4, 2020, Petitioner filed a habeas corpus petition in Wheeler
County Superior Court, where he was then incarcerated. The case was transferred
to this Court on June 9, 2021, and Commissioner Ward's motion to intervene was
granted on August 31, 2021. An evidentiary hearing was held on December 6,
2021, at which Petitioner's former trial counsel and appellate counsel testified.

## II.   THE GROUNDS FOR RELIEF

### A. Ground 1

In ground 1, Petitioner alleges he was denied effective assistance of
appellate counsel in that appellate counsel did not raise on appeal the issue of trial
counsel's ineffectiveness for failing to request a hearing and definitive ruling from
the trial court on Petitioner's special demurrer to the indictment based on the
State's failure to specify the amount and purity of cocaine.

### Findings of Fact

Petitioner was represented at trial by Scott Poole. (HT. 12-13). Petitioner
was represented by Amanda Speights post-trial and on appeal. (HT. 20, 207).

At the time he was retained to represent Petitioner, Poole had been a
member of the Georgia Bar since 1997, initially working as a prosecutor, and had

2

focused his private practice on criminal defense since early 2013. (HT. 12-13). In preparing for Petitioner's trial, Poole reviewed the State's discovery, including the indictment. (HT. 15-16).

Poole filed a special demurrer in Petitioner's case. (HT. 6, 58). The indictment charged Petitioner with trafficking in cocaine by "possess[ing], deliver[ing], or bring[ing] into the State of Georgia more than 400 grams of a mixture with a purity of 10 percent or more of cocaine." (HT. 78). Poole did not pursue the special demurrer or request a hearing on it after reviewing the discovery because "it appeared that it was more than a 10 percent purity and it was more than 400 grams." (HT. 6, 15).

The evidence admitted at trial showed that the "bricks" collected from Petitioner's vehicle were cocaine. (HT. 622-23). The purity of the cocaine was 71.3%, plus or minus 3.5%. (HT. 624). Only one of the two bricks from Petitioner's vehicle was weighed, but that one brick alone weighed 999 grams, plus or minus 3 grams. (HT. 625).

Speights, who represented Petitioner post-trial and on appeal, was admitted to the Georgia Bar in 2009 and focused her practice on criminal law, family law, and appeals. (HT. 20, 23, 207). She had handled more than twenty appeals at the time Petitioner retained her. (HT. 24).

To prepare for Petitioner's appeal, Speights first spoke with trial counsel

3

about potential issues and "things that he felt maybe even he could have done
differently during the trial." (HT. 24). She then reviewed the complete record,
including the indictment and trial transcripts, notated potential issues, researched
those issues, and narrowed the issues to the ones that would be "most beneficial for
[Petitioner] on appeal." (HT. 25). Petitioner did not ask Speights any questions
about her decision not to raise the issue of the unpursued special demurrer as an
ineffective assistance claim on appeal. *See* HT. 19-23, 26.

## Conclusions of Law

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth a two-pronged
test, both prongs of which must be proven by Petitioner in order to prevail on a
claim of ineffective assistance of appellate counsel. Petitioner must show that
appellate counsel's performance was deficient, which requires a showing that
counsel made errors so serious that she was not functioning as "counsel"
guaranteed by the Sixth Amendment, and that this deficient performance
prejudiced the defense, which requires a showing that there is a reasonable
probability that but for counsel's unprofessional errors, the result of the proceeding
would have been different. *Id*. at 687, 694.

The Georgia Supreme Court has adopted *Strickland* for analyzing an
appellate attorney's performance. *Shorter v. Waters*, 275 Ga. 581, 571 S.E.2d
373 (2002). Where the claim is that appellate counsel was ineffective for not

4

raising a particular issue on appeal, a petitioner must overcome the "strong presumption" that appellate counsel's actions fell within the range of reasonable professional conduct and affirmatively show that appellate counsel's decision not to raise the issue "was an unreasonable one which only an incompetent attorney would have made." *Griffin v. Terry*, 291 Ga. 326, 337, 729 S.E.2d 334 (2012) (citations omitted). To establish prejudice, a petitioner must show a reasonable probability that, but for appellate counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A defendant does not have a right to compel counsel to argue non-frivolous points if counsel decides, as a matter of professional judgment, that those issues should not be raised. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Where a claim of appellate counsel ineffectiveness is based on a failure to have raised claims of ineffective assistance of trial counsel, "two layers of fact and law are involved" in the analysis of the claim. *Gramiak v. Beasley*, 305 Ga. 512, 513, 820 S.E.2d 50 (2018). A reviewing court must determine that appellate counsel's failure to raise the issue was "deficient professional conduct." *Id.* To establish prejudice, a petitioner must establish a reasonable probability that the result of the appeal would have been different had appellate counsel raised the claim, and this requires a petitioner to show both that trial counsel's performance

5

was deficient and that he was prejudiced by the error(s) of trial counsel. *Id.* at 513-14.

Petitioner has not shown appellate counsel's decision not to raise this trial counsel ineffectiveness claim was deficient. He has not established the requisite prejudice, i.e., both that trial counsel's decision not to request a hearing on the special demurrer was deficient and that he was prejudiced as a result of this purported error of trial counsel.

> The true test of the sufficiency of an indictment to withstand a special demurrer "is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. It is useful to remember that the purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy." [Cit.]

*Jones v. State*, 289 Ga. 111, 115, 709 S.E.2d 773 (2011).

When a special demurrer is granted, the State is typically permitted to re-indict the defendant and thereby remedy the error in the prior indictment "unless the statute of limitations for the crimes with which the defendant was charged bars the prosecution, see OCGA § 17-3-1, or the re-indictment is prohibited under OCGA § 17-7-53.1, which disallows prosecution after two indictments charging the same offenses have been quashed." *State v. Heath*, 308 Ga. 836, 840, 843 S.E.2d 801 (2020) (citing *Bighams v. State*, 296 Ga. 267, 270-71, 765 S.E.2d 917

6

(2014)). "Thus, when the State is not barred from re-indicting after the grant of a special demurrer, the failure to file such a demurrer will generally not support a finding of ineffective assistance of counsel." *Id.*

Petitioner's indictment for cocaine trafficking tracked the statutory language for that offense, O.C.G.A. § 16-13-31(a)(1)(C), and sufficiently apprised him of the elements of the offense he was charged with. *Jones*, 289 Ga. at 115. Therefore, the indictment was legally sufficient, and trial counsel did not perform deficiently by not pursuing the special demurrer. Petitioner also has not shown that he was prejudiced by trial counsel's failure to pursue the special demurrer, as he has not shown a reasonable probability that the outcome of his case would have been different, as the indictment was legally sufficient and the state was able to prove the quantity and purity of the cocaine found in Petitioner's vehicle was far beyond the minimum weight and purity required by O.C.G.A. § 16-13-31(a)(1)(C).

Accordingly, Petitioner has not satisfied either prong of the *Strickland* test, much less both as he is required to do to prevail on the appellate counsel ineffectiveness claim in ground 1. Ground 1 lacks merit.

B. Ground 2

In ground 2, Petitioner alleges he received ineffective assistance of appellate counsel in that appellate counsel did not raise on appeal the issue of trial counsel's ineffectiveness for failing to move for mistrial and/or to excuse a female member

7

of the jury after the trial court notified all counsel that the bailiffs witnessed her falling asleep during the presentation of the evidence.

## Findings of Fact and Conclusions of Law

Following a lunch recess at trial, the trial court informed the parties that the bailiffs had observed a juror "nodding off." (HT. 7-8, 533-34). The trial court had not observed this. (HT. 533). The trial court then asked the attorneys if there was "[a]nything we need to take up before we bring [the jurors] in?" and nothing further about the juror who had "nodd[ed] off" was asked or discussed. (HT. 15-16, 534). The only witness who had testified at the time the juror was seen nodding off was Sergeant Turcotte. (HT. 456-534).

Speights remembered looking at this potential juror issue for appeal, but concluded that there was "no evidence whatsoever that [issue] any way influenced the trial or that it would get [Petitioner] anywhere as far as arguments on appeal." (HT. 21). She therefore decided "to focus on the issues that [were] going to advance [Petitioner's] argument, not get lost in the weeds." *Id.*

Petitioner has not shown that appellate counsel was deficient for not raising this issue on appeal. Appellate counsel considered what issues the report of a juror "nodding off" might present for appeal, and made a strategic decision, in winnowing the weaker claims from the strong, that the juror's conduct did not present a viable issue for appeal. Petitioner has not offered any evidence, much

8

less demonstrated, a reasonable probability that the outcome of the trial would have been different if some action was taken in relation to the juror. He has cited no cases holding that the mere fact that a juror may have fallen asleep briefly during the trial itself renders the juror incompetent to serve or warrants the grant of a mistrial or warrants the grant of a new trial. Ground 2 lacks merit.

## C. Ground 3

In ground 3, Petitioner alleges he received ineffective assistance of appellate counsel in that appellate counsel did not raise on appeal the issue of trial counsel's ineffectiveness for failing to invoke the rule of sequestration until after Sergeant Turcotte testified, and appellate counsel failed to raise this issue on appeal.

### Findings of Fact and Conclusions of Law

At trial, the State's first witness was Sergeant Pete Turcotte. (HT. 457). Immediately after Sergeant Turcotte's testimony concluded and he was excused, the court went into a 90-minute lunch recess. (HT. 533). After the lunch recess but before the jury was brought back in, the following exchange occurred:

MR. POOLE: I don't know if we ever officially invoked the Rule of Sequestration, but I'm officially invoking it now.

THE COURT: All right. The Rule has been invoked. I guess the next witness – if your next witness.

[THE STATE]: Can we keep the next witness in here?

THE COURT: Yeah, we can do that. Okay.... Let's bring the jurors in.

9

(HT. 534-35).

In reviewing the transcripts to prepare for appeal, Speights "saw that [trial counsel] didn't invoke the rule until after the first witness had testified. But [she] did not see any indication that that influenced any of the other witnesses' testimony or anything like that in any way." (HT. 22).

Petitioner has not shown that appellate counsel performed deficiently by not raising this issue on appeal. Appellate counsel identified the potential issue presented by counsel's not invoking the rule of sequestration until after the first witness's testimony, and made a strategic decision not to raise it because there was no record evidence to support that any witnesses who might have been present in the courtroom were influenced by the testimony of the first witness. Although the trial transcript shows that the State's second witness, Trooper Walker, was present at the time the rule was invoked, there was a ninety-minute lunch break between when the first witness testified and the rule was invoked. (HT. 16, 533-35). Therefore, Petitioner has not presented any evidence to support his contention that Trooper Walker, or any other witness, was in the courtroom at the time Sergeant Turcotte testified. (HT. 16, 533-35).

Moreover, the purpose of the rule of sequestration "is to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion." *Davis v. State*, 299 Ga. 180, 185(2)(a)(2), 787 S.E.2d 221 (2016).

10

The purported failure of a witness to comply with the sequestration rule does not render the testimony inadmissible, but may affect its weight. *Brown v. State*, 354 Ga. App. 493, 496, 841 S.E.2d 125 (2020).

Accordingly, Petitioner has not shown that appellate counsel's performance was deficient for not raising this trial counsel ineffectiveness claim and that he was prejudiced as a result. Ground 3 lacks merit.

### D. Ground 4

In ground 4, Petitioner alleges he received ineffective assistance of appellate counsel in that appellate counsel did not raise on appeal the trial court's error in overruling trial counsel's objection to the admission of State's Exhibit 4 into evidence due to lack of foundation and chain of custody issues.

#### Findings of Fact and Conclusions of Law

At trial, Sergeant Turcotte identified State's Exhibit 4 as the two "bricks" that were removed from Petitioner's vehicle, which Sergeant Turcotte saw at the Woodstock Police Department after they had been recorded on an evidence control record sheet by other agents; they were transported from the Woodstock Police Department to the Cherokee County Sheriff's Office until they were taken to the GBI crime lab. (HT. 493-96). When the State asked Trooper Walker whether he recognized State's Exhibit 4, Trooper Walker responded, "[w]ith it being in these plastic bags it's hard for me to tell... But that looks like the size of the – the bags

11

that were in the Dress Barn bag," referring to the "bricks" he had located in Petitioner's vehicle during a traffic stop. (HT. 547-48). Trooper Walker testified that he put the bricks in the front seat of his patrol car to transport them to the Woodstock Police Department where he turned them over to the drug task force. (HT. 536, 552-53). However, the video from the traffic stop showed that Trooper Walker placed the bricks in the trunk of his vehicle. (HT. 771, 813-14). Deputy Adam Cornelson then received the bricks from Trooper Walker on behalf of the drug taskforce. (HT. 581, 587). Carla McManaman, who was admitted as an expert in forensic chemistry and drug identification, identified State's Exhibit 4 as the bricks of solid material that she tested for controlled substances. (HT. 605, 607).

The State then moved to admit State's Exhibit 4 into evidence. (HT. 608). Trial counsel objected to State's Exhibit 4 for lack of proper foundation for the chain of custody because Trooper Walker did not mark the items for identification when they were seized from Petitioner's vehicle. (HT. 616-17). The trial court found "that the State had laid an adequate foundation for the admissibility of State's Exhibit 4 and admit[ted] it over objection. The objection would go to weight and credibility of the evidence." (HT. 619).

After the State rested, trial counsel renewed his objection to the foundation in his motion for a directed verdict, which the court denied. (HT. 639-40). Petitioner

testified on cross-examination that he had picked up "those two bricks" and knew they were cocaine. (HT. 774-75).

After the defense rested, trial counsel renewed his objection based on the portion of the traffic stop video that showed that Trooper Walker had placed the bricks of cocaine in his trunk, not in the passenger seat as he had testified. (HT. 813). The trial court declined to reconsider its prior ruling and noted that "the issues brought up by the Defense are certainly fair game as to the credibility of the officer's testimony and the weight that the jury should give the evidence." (HT. 815).

In discussing potential issues for appeal, Petitioner told Speights that he wanted to raise the chain of custody issue. (HT. 25). Speights included the chain-of-issue custody issue in an early draft of her brief. (HT. 22). However, after conducting further research, "the law was not supporting [the chain of custody argument] really at all, and [Speights] really felt like it was detracting from [Petitioner's] other arguments and [the] other issues that [were] raised." *Id.* Speights ultimately decided that this issue was "not really going to get [them] anywhere because...the State did meet their burden to show within reasonable certainty that it was the same evidence." *Id.*

Petitioner has not shown that appellate counsel's performance was deficient for not raising this issue on appeal. Appellate counsel not only identified this potential issue, but researched the issue and started to brief it. However, upon

13

further research and evaluation of the issue, appellate counsel made a strategic decision to remove this issue from the final brief because it was not supported by her legal research and detracted from the stronger issues for appeal. Although Petitioner wished to raise this specific issue on appeal, appellate counsel was not required to raise it, particularly when, as here, she determined in her reasoned professional judgment that raising the claim would not be beneficial to Petitioner. *Jones*, 463 U.S. at 751. Ground 4 lacks merit.

14

## CONCLUSION

Wherefore, the petition is denied.

If Petitioner desires to appeal this order, Petitioner must file an application

for a certificate of probable cause to appeal with the Clerk of the Supreme Court of

Georgia within thirty (30) days from the date of the filing of this order. Petitioner

must also file a notice of appeal with the Clerk of the Superior Court of ~~Tattnall~~ *Mitchell*

County within the same thirty (30) day period.

The Clerk of the Superior Court is hereby directed to provide a copy of this

order to counsel for Petitioner, Respondents, and the Office of the Attorney

General of Georgia.

SO ORDERED, this 26th day of _____April_____, 2022.

J. KEVIN CHASON, Chief Judge
South Georgia Judicial Circuit

Prepared by:
/s/ Emily R. Polk
Emily R. Polk
Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 458-3294
epolk@law.ga.gov

15



SUPREME COURT OF GEORGIA

Case No. S22H1113

April 04, 2023

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

RICHARD SCOTT ASHLIN v. BILL TERRY, WARDEN et al.

Upon consideration of the application for certificate of probable cause to appeal the denial of habeas corpus, it is ordered that it be hereby denied.

*All the Justices concur.*

Trial Court Case No. 21CV107

**SUPREME COURT OF THE STATE OF GEORGIA**

Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

, Clerk