BFIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRITNEY COCHRAN,<br><br>    Plaintiff,<br><br>v.<br><br>BIO-LAB, INC. D/B/A KIK CONSUMER PRODUCTS; and PRIME INDUSTRIAL RECRUITERS INC. D/B/A STAFFING PRIORITIES,<br><br>    Defendants. | Civil Action No.:<br>_____<br><br>**Jury Trial Demanded** |

## **PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Britney Cochran (hereinafter "Plaintiff Cochran") and files this complaint against Bio-Lab, Inc. d/b/a Kik Consumer Products ("Defendant Bio-Lab") and Prime Industrial Recruiters Inc. d/b/a Staffing Priorities ("Defendant Staffing Priorities"), also hereinafter collectively ("Defendants") showing the Court that Defendants retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and also negligently trained, supervised and retained its employee.

## **INTRODUCTION**

Defendants violated Title VII when in retaliation for complaining of sexual harassment, they terminated Plaintiff Cochran's employment.

After rebuffing sexual advances from a co-worker, Plaintiff Cochran began experiencing work place sexual harassment. Plaintiff Cochran reported the sexual harassment first to Staffing Priorities who responded, "I'm sorry sweetheart but there is nothing I can do but you need to contact HR." Plaintiff Cochran explained that she is a Staffing Priority employee and that Bio-Lab HR had been ineffective in the past, but Staffing Priorities refused to take any action.

The sexual harassment continued and she reported it to Bio-Lab. Bio-Lab responded in a sexist manner placing the blame for the sexual harassment on Plaintiff Cochran by saying, "You need to be more careful who you give your phone number to."

The next day, Plaintiff Cochran received a text message terminating her in retaliation for her protected activity which said, "your assignment has ended at Biolab, you do not need to return."

## THE PARTIES

1. Plaintiff Cochran is a female citizen and resident of the state of Georgia.

2. Defendant Bio-Lab is a Delaware corporation that engages in an industry affecting interstate commerce by manufacturing and suppling chemicals.

3. Plaintiff Cochran worked at Defendant Bio-Lab's plant located at 1700 Covington Highway, Conyers, GA 30012.

4. Defendant Bio-Lab's registered agent CT Corporation System is located at 289 S. Culver Street, Lawrenceville, GA, 30046.

5. Defendant Staffing Priorities is a staffing agency that employed Plaintiff Cochran and placed her with its client Defendant Bio-Lab.

6. Defendant Staffing Priorities is an Oklahoma corporation that is registered to do business in Georgia and which maintains Christopher Rawlings as a registered agent who is located at 1325 Satellite Boulevard, Suite 801, Suwanee, GA, 30024.

## JURISDICTION AND VENUE

7. The Title VII claims alleged in this lawsuit present a federal question and 28 U.S.C. § 1331 provides this Court with the jurisdiction.

8. 28 U.S.C. § 1367 provides this Court with supplemental jurisdiction over the alleged state law claimed because these claims arise from the same sexual harassment and retaliation that give rise to the Title VII claims, the state law claims are so related to federal question claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Defendants reside in and do business within the boundaries of this judicial district, and venue is appropriate under 28 U.S.C. § 1391(b). Moreover, the unlawful employment practices alleged below were committed within the Northern District of the State of Georgia.

## ADMINISTRATIVE PREREQUISTIES

10. Plaintiff Cochran complied with all conditions precedent to filing this action, including filing timely charges of Charges of Discrimination with the Equal Employment Opportunity Commission and receiving a Notices of Right to Sue. This action has been filed within ninety (90) days of receipt of said Notices.

## FACTUAL ALLEGATIONS

**A. Plaintiff Cochran's Joint Employment Relationship with Defendants**

11. Plaintiff Cochran is a female that was jointly employed by Defendants from spring of 2022 to July 12, 2022.

12. Plaintiff Cochran worked for and was contracted with Defendant Staffing Priorities, who assigned her to work on a temp to permanent basis at Defendant Bio-Lab's plant located at 1700 Old Conyers Highway.

13. Plaintiff Cochran was a strong performer and Bio-Lab corporate representatives from California informed her that she was tracked for promotion to supervisor. In fact, Defendant Bio-Lab California corporate representatives gave Plaintiff Cochran the nickname "MJ" for Michael Jordan because she was a super star and who got the job done.

14. During Plaintiff Cochran's employment, Defendant Staffing Priorities provided Defendant Bio-Lab with an on-site manager named Alexis Holsey who coordinated the day-to-day operations of Defendant Staffing Priorities' employees

by conducting orientation, aiding the Staffing Priorities employees, and she had the ability to reassigned Staffing Priorities employees' position.

15. Plaintiff Cochran's day-to-day employment activities were also controlled by Defendant Bio-Lab employee, named Drex. Manager Drex oversaw Plaintiff Cochran's job assignments and had the authority to discipline employees by writing them up.

16. Defendants did not have an anti-sexual harassment policy. During Plaintiff Cochran's orientation training she was not informed of an anti-sexual harassment policy nor was she trained on any sexual harassment reporting procedures.

**B.     Sexual Harassment Experienced by Plaintiff Cochran**

17. Plaintiff Cochran worked with JaLe at Defendant Bio-Lab's plant located at 1700 Old Conyers Highway.

18. Upon information and belief, JaLe was also a Staffing Priorities worker.

19. Over the course of three days from June 23-25, 2022, Plaintiff Cochran communicated with JaLe over the phone and text message.

20. After Plaintiff Cochran declined JaLe's requests to go on a date, he sent her a message saying, "Obviously you not f[]ng with me I'm trying to f[] with you…" Plaintiff Cochran then changed her cell phone number.

21. After Plaintiff Cochran rebuffed JaLe's sexual advances, he began sexually harassing her at work.

22. One day she was bending over to perform her job duties and he slapped her rear end two times.

23. On multiple occasions JaLe intentionally and unsafely drove his forklift towards Plaintiff Cochran and so close to her that she feared he would hit her.

24. As a part of her duties, Plaintiff Cochran counted packages. JaLe inhibited her ability to perform her job by using the forklift to block her from the packages.

25. On July 6, 2022, Plaintiff Cochran reported the sexual harassment to Linda Lyles of Staffing Priorities. She responded, "I'm sorry sweetheart but there is nothing I can do but you need to contact HR."

26. Plaintiff Cochran reiterated her request for help with the sexual harassment and explained to Ms. Lyles that she is a Staffing Priority employee and that in the past Bio-Lab HR had been ineffective, but Ms. Liles refused to take any action.

27. Because of Defendant Staffing Priorities' refusal to take remedial action, Plaintiff Cochran was subjected to sexual harassment and battery again on July 11, 2022.

28. On July 11, 2022, as Plaintiff Cochran walked into the breakroom, JaLe slapped her rear end for a third time. JaLe additionally moved Plaintiff Cochran's lunch around and told Plaintiff Cochran that he would pay for sexual contact.

**C.   Retaliation by Defendants**

29. On July 11, 2022, Plaintiff Cochran reported the sexual harassment to a Defendant Bio-Lab supervisor that goes by Drex. That same day, Plaintiff Cochran had a meeting with a female member of HR for Defendant Bio-Lab and manager Drex.

30. The female HR representative made sexist comments such as, "You need to be more careful who you give your phone number to" blaming Plaintiff Cochran for JaLe's sexual harassment, battery, and assault.

31. The female HR representative also stated, "We need to get this problem out of here."

32. Defendants jointly conducted an incomplete investigation into the sexual harassment.

33. Manager Drex and the Bio-Law HR woman had a meeting with Staffing Priorities' on-site manager.

34. Plaintiff Cochran sat alone waiting for well over 30 minutes.

35. Other employees started going on their lunch break. Plaintiff Cochran was hungry and went to lunch as well.

36. As Plaintiff Cochran was leaving for her lunchbreak, she saw manager Drex in the parking lot. Plaintiff Cochran asked manager Drex, "I hear you all talking. Do you want me to stay or do you want me to go home?" Manager Drex told Plaintiff Cochran to go home for the rest of the day and said he would call her tomorrow to let her know what to do.

37. Because manager Drex asked Plaintiff Cochran to go home for the remainder of the day, she asked if she should clock out. He said yes and Plaintiff Cochran did clock out.

38. On July 12, 2022, the day after Plaintiff reported sexual harassment, Defendants terminated Plaintiff Cochran's employment.

39. At 8:46 a.m. on July 12, 2022, Linda Lyles sent Plaintiff Cochran a text message saying, "just wanted to let you know that unfortunately your assignment as ended at Biolab you do not need to return."

40. Plaintiff Cochran did not abandon her job. She was ready, willing and able to work.

41. Upon information and belief, Defendants deviated from the attendance policy when terminating Plaintiff Cochran's employment on July 12, 2022.

42. JaLe was not terminated nor was his assignment otherwise ended.

43. Upon information and belief, none of the other Defendant Staffing Priorities employees who continued their placement with Defendant Staffing Priorities had complained of sexual harassment.

44. Upon information and belief, Defendant Staffing Priorities replaced Plaintiff Cochran with an individual who did not complain of sexual harassment.

45. Defendant Staffing Priorities did not offer Plaintiff Cochran an assignment with another location or other client.

## Count I:  Title VII Retaliation by Defendants

46. Plaintiff realleges the above paragraphs and herein incorporates them by reference to this count.

47. At all times relevant to this action, Plaintiff Cochran was a joint employee of Defendants because the Defendants, as a matter of practice, had control over: (1) the means and manner of Plaintiff Cochran's work performance; (2) the terms, conditions, or privileges of Plaintiff Cochran's employment; and (3) Plaintiff Cochran's compensation.

48. Plaintiff Cochran engaged in protected conduct during her employment when she has opposed a practice made an unlawful employment practice by Title VII because she rejected and rebuffed JaLe's sexual harassment and when she complained of the sexual harassment.

49. A causal connection exists between Plaintiff Cochran's protected activity and the termination of her employment.

50. The causal connection is shown by the pretextual nature of Defendants' stated reason for separation, the statements of Defendant Bio-Lab's female human resources manager, and the close temporal proximity between her complaints and the termination of her work assignments.

51. Defendants retaliated against Plaintiff in violation of Title VII by refusing to continue Plaintiff Cochran's assignment with Defendant Bio-lab or place her in another comparable assignment following her complaint of sexual harassment.

52. Plaintiff Cochran's manager Drex, an employee of Defendant Bio-Lab, communicated Plaintiff Cochran's complaints regarding sexual harassment resulted in her not being reassigned to Defendant Bio-Lab or to any comparable position by Defendant Staffing Priorities.

53. Defendant Bio-Lab retaliated against Plaintiff Cochran for complaining of sexual harassment by denying her continued placement at its plant located at 1700 Covington Highway.

54. Defendant Staffing Priorities knew or should have known of the discriminatory conduct and failed to take prompt corrective measures within its control.

55. Defendant Staffing Priorities had control over Defendant Bio-Lab's decision relating to ending Plaintiff Cochran's assignment and additionally had the control to reassign her to a comparable position.

56. Defendant Staffing Priorities specifically retaliated against Plaintiff Cochran for complaining of sexual harassment by denying her any further placement and/or employment opportunities.

57. Plaintiff Cochran suffered lost wages as a result of Defendants' termination of her assignment at 1700 Covington Highway and also through Defendant Staffing Priorities' refusal to place her or in a comparable position elsewhere.

58. Defendants knew that federal law prohibits discrimination, and willfully and/or recklessly disregarded Plaintiff's federally protected rights in its termination of Plaintiff.

59. Due to Defendant's unlawful actions, Plaintiff Cochran was injured and is therefore entitled to punitive and compensatory damages, back pay, prejudgment interest, reinstatement or front pay, attorney's fees, costs, and further relief in an amount to be determined at trial.

## Count II: Negligent retention, training, hiring

60. Plaintiff Cochran incorporates herein by reference the allegations set forth in the paragraphs above of this Complaint as if fully set forth herein.

61. JaLe was an employee and/or agent of Defendants during the timeframe relevant to this lawsuit acting within the course and scope of his employment and agency.

62. Defendants have a duty to exercise ordinary care in the supervision, training, and retention of its employee that they knows or should have known pose a risk of harm to others where it is reasonably foreseeable that the employee's tendencies or propensities could cause harm.

63. In the exercise of reasonable care, Defendants should, among other things, have engaged in anti-sexual harassment training, had a policy prohibiting sexual harassment, channels for communication and reporting between Defendant Staffing Priorities and Defendant Bio-Lab, and had a procedure for reporting sexual harassment.

64. Defendants breached their duty when they failed to take any steps to train to prevent sexual harassment by JaLe.

65. Defendant Staffing Priorities breached its duty when it failed to report Plaintiff Cochran's sexual harassment complaint to Defendant Bio-Lab.

66. Defendants knew or should have known that JaLe sexually harassed other employees because his harassment openly occurred at the 1700 Covington Highway location.

67. Defendants were negligent in failing to train or supervisor its employees.

68. Because Defendants failed to act on their knowledge and exercise their duty of ordinary care, JaLe committed multiple intentional torts to Plaintiff Cochran including assault and battery.

69. As a direct result of this breach, Plaintiff Cochran suffered damages in an amount to be determined at trial.

### Count III:  O.C.G.A. § 13-6-11

70. An award of attorneys' fees and expenses is appropriate in this case because Defendants have acted in bad faith, has been stubbornly litigious, or has caused Plaintiff Cochran unnecessary trouble and expense. O.C.G.A. § 13-6-11.

71. Defendants' failure to institute preventative policies and Defendant Staffing Priorities' failure to take prompt remedial action in response to Plaintiff Cochran's July 6 report satisfies one or more of the statutory criteria for attorneys' fees and expenses.

72. Plaintiff Cochran is entitled to attorneys' fees and litigation expenses in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cochran respectfully prays this Court grant the following relief:

1) Issue judgment in favor of Plaintiff Cochran and against Defendants

2) That of Plaintiff Cochran be awarded back pay, including lost wages, bonuses, raises and other fringe benefits; prejudgment interest; and front pay to which of Plaintiff Cochran would have received but for Defendants' discriminatory, retaliatory and negligent conduct;

3) That Plaintiff Cochran have and recover compensatory damages for the mental and emotional distress occasioned by Defendants' discriminatory, retaliatory, and negligent conduct in an amount to be determined by a jury;

4) That Plaintiff Cochran have and recover punitive damages to punish and deter Defendants' from discriminatory and retaliatory conduct in an amount to be determined by a jury;

5) That Plaintiff Cochran have and recover her attorneys' fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 2000e-5, O.C.G.A. § 13-6-11 and all other applicable laws; and

6) Grant such other legal or equitable relief as may be appropriate to effectuate the purposes of Title VII, including without limitation compelling employment, reinstatement, or promotion.

## **JURY DEMAND**

Plaintiff demands a trial by jury for all issues so triable.

This 17th day of May, 2023.

                                    Respectfully submitted,

By:   */s/ **Julie H. Burke***
       Julie H. Burke
       Georgia State Bar No. 448095
       HILL, KERTSCHER & WHARTON, LLP
       3625 Cumberland Blvd., SE, Ste. 1050
       Atlanta, GA  30339-6406
       Telephone:  770-953-0995
       E-mail:  jb@hkw-law.com
*Attorney for Plaintiff*