UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RODERICK BRADFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ATLANTA INDEPENDENT ) <br> SCHOOL SYSTEM A/K/A ) <br> ATLANTA PUBLIC SCHOOLS, ) <br> ) <br> Defendant. ) | Civil Action File No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

Plaintiff Roderick Bradford ("Plaintiff" or "Mr. Bradford") files this Complaint for Equitable Relief and Damages against Defendant Atlanta Independent School System also known as Atlanta Public Schools ("APS" or "Defendant") showing the Court as follows:

**INTRODUCTION**

1.  This is an action for disability discrimination, failure to accommodate, and retaliation under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and for gender discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* Mr.

1

Bradford seeks injunctive and declaratory relief, back pay and lost benefits, compensatory damages, and attorney's fees and costs of litigation.

2. Mr. Bradford brings this action because: (1) under the ADA, he had an actual impairment, a record of actual impairment, or APS regarded him as having an impairment for which he was placed on unpaid leave of absence for seven months; and (2) he requested a reasonable accommodation under the ADA and, rather than provide the accommodations or otherwise engage in the interactive process as it does with female employees, APS placed Mr. Bradford on unpaid leave for seven months.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant APS conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Mr. Bradford filed a charge of discrimination – charge number 410-2023-00206 – with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which he complains.

6. Mr. Bradford received a Determination and Notice of Rights from the EEOC relating to his charge of discrimination.

7. Mr. Bradford brings this action within ninety (90) days of the receipt of her Determination and Notice of Rights.

8. Thus Mr. Bradford has exhausted his administrative remedies.

### THE PARTIES

9. Mr. Bradford is a citizen of the United States, a resident of the State of Georgia, and submits himself to the jurisdiction of this Court.

10. Mr. Bradford is and, at all times relevant hereto, was an individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

11. Mr. Bradford is a person with a disability because he has a physical impairment – myocardial infarction and congestive heart failure – that substantially limits one or more of his major life activities, because he has a record of impairment, and because APS regarded him as having an impairment. 42 U.S.C. § 12102(1).

12. Mr. Bradford was capable of performing the essential functions of his job with APS with accommodation.

13. Defendant APS is a public school system APS is a public school system responsible for the government, control, and management of the public schools in the City of Atlanta and is subject to this Court's jurisdiction.

14. APS is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and Title VII and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

15. Defendant APS may be served with process by serving Superintendent Dr. Lisa Herring, 130 Trinity Avenue SW, Atlanta, Georgia 30303.

## STATEMENT OF FACTS

16. Plaintiff Bradford began employment as a School Resource Officer ("SRO") with Atlanta Public Schools beginning in May 2016.

17. Mr. Bradford's performance was always excellent.

18. In September 2021, Mr. Bradford suffered blood clots in his leg leading to myocardial infarction and congestive heart failure and he almost died.

19. Mr. Bradford was hospitalized for 2.5 weeks.

20. Mr. Bradford's disability substantially limited him in his major life activities and the limitations included, but were not limited to, shortness of breath, fatigue, tiredness or weakness, swelling of legs and ankles, difficulty standing and walking as well as carrying and lifting objects.

21. On January 11, 2022, Mr. Bradford was released to return to work with light duty accommodations, including taking periodic breaks and avoiding kneeling,

stooping, and carrying over 50 pounds.

22. Mr. Bradford submitted his accommodation request to Chief Ronald Applin who referred Mr. Bradford to Human Resources.

23. Mr. Bradford went to Human Resources and received additional paperwork for his doctor to complete from Keisha Grier.

24. On or around February 1, 2022, Mr. Bradford's physician resubmitted the request for accommodation paperwork on Mr. Bradford's behalf.

25. The accommodations Mr. Bradford requested were those typically granted to pregnant School Resource Officers.

26. Rather than engage in the interactive process and accommodate Mr. Bradford, APS placed him on unpaid medical leave.

27. APS refused to allow Mr. Bradford to use borrowed leave so that he could be paid while on leave.

28. Chief Applin told Mr. Bradford that APS could accommodate him, but APS did not return Mr. Bradford to work.

29. Mr. Bradford repeatedly called and texted Chief Applin and his supervisor, Sergeant Andre Pam, throughout the spring and summer of 2022 requesting updates on his light duty accommodation request, but his voicemails and texts went unanswered.

30. On August 8, 2022, Chief Applin forwarded a letter dated July 13, 2022 to Mr. Bradford in which APS stated that it had received Mr. Bradford's accommodation request for leave, but did not acknowledge Mr. Bradford's request for light duty.

31. In the July 13, 2022 letter, APS wrote that Mr. Bradford "appear[ed] to be a qualified individual with a disability under ADA guidelines" and approved his alleged request for [unpaid] leave from April 11, 2022 through July 22, 2022.

32. In a later letter dated August 22, 2022, after 7 months of unpaid leave, APS finally granted Ms. Bradford's light duty requests and returned him to work.

## COUNT I
### VIOLATION OF ADA – REGARDED AS DISABLED

33. Mr. Bradford incorporates by reference all the preceding paragraphs of the Complaint.

34. At all times relevant hereto, APS has been subject to the requirements of the Americans with Disabilities Act.

35. At all times relevant hereto, Mr. Bradford was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(C) because APS regarded him as a person with an impairment as defined by the Act.

36. Moreover, at all times relevant hereto, Mr. Bradford has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111

(8) and able to perform the essential functions of the job.

37. Defendant forced Mr. Bradford on unpaid leave and denied him the use of borrowed leave because it regarded him as disabled.

38. Defendant's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination because of disability.

39. As a direct and proximate result of Defendant's intentional discrimination, Mr. Bradford has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, all in an amount to be established at trial.

40. The actions taken against Mr. Bradford by Defendant have caused him to suffer both monetary and non-monetary damages.

41. Pursuant to the ADA, Mr. Bradford is entitled to damages including back pay and lost benefits, compensatory/emotional damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

42. APS's actions have caused and continue to cause Mr. Bradford to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

43. Accordingly, Mr. Bradford is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of his rights under the ADA.

## COUNT II
### ACTUAL DISCRIMINATION / FAILURE TO ACCOMMODATE

44. Mr. Bradford incorporates by reference all the preceding paragraphs of the Complaint.

45. At all times relevant hereto, APS has been subject to the requirements of the Americans with Disabilities Act.

46. At all times relevant hereto, Mr. Bradford was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

47. Defendant was aware of Mr. Bradford's disability and history and record of disability.

48. At all times relevant hereto, Mr. Bradford has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of his job with an accommodation.

49. Mr. Bradford's disability substantially limited him in his major life activities and the limitations included, but are not limited to, shortness of breath, fatigue, tiredness or weakness, swelling of legs and ankles, difficulty standing and walking as well as carrying and lifting objects.

50. Mr. Bradford requested accommodations from APS and received no response to his request for 7 months.

51. APS refused to accommodate Mr. Bradford and forced Mr. Bradford on unpaid leave and denied him the use of borrowed leave because of his disabilities.

52. APS's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

53. Pursuant to the ADA, Mr. Bradford is entitled to damages including, back pay and lost benefits, compensatory/emotional damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

54. As a direct and proximate result of APS's intentional discrimination, Mr. Bradford has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, all in an amount to be established at trial.

55. APS's actions have caused and continue to cause Mr. Bradford to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

56. Accordingly, Mr. Bradford is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of his rights

under the ADA.

## COUNT III
### RETALIATION IN VIOLATION OF THE ADA

57. Mr. Bradford incorporates by reference all the preceding paragraphs of the Complaint.

58. At all times relevant hereto, Defendant has been subject to the requirements of Title I of the ADA.

59. At all times relevant hereto, Mr. Bradford was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

60. In January 2022, Mr. Bradford engaged in protected activity under the ADA when he requested reasonable accommodations for his ADA-covered disability.

61. APS asked Mr. Bradford to submit his request for a reasonable accommodation and forced Mr. Bradford on unpaid leave and denied him the use of borrowed leave in retaliation for requesting an accommodation in violation of the ADA.

62. Defendant's actions in retaliating against Mr. Bradford following his request for reasonable accommodation and engagement in the interactive process were committed with reckless disregard for his right to be free from retaliatory treatment in violation of the ADA.

63. The effect of Defendant's above-mentioned conduct has been to deprive Mr. Bradford of equal employment opportunities and benefits due to his willingness to engage in protected activity.

64. The actions taken against Mr. Bradford by Defendant have caused him to suffer both monetary and non-monetary damages.

65. Pursuant to the ADA, Mr. Bradford is entitled to damages including back pay and lost benefits, compensatory/emotional damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

66. Accordingly, Mr. Bradford is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of his rights under the ADA.

## COUNT IV
### GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

67. Mr. Bradford incorporates by reference all the preceding paragraphs of the Complaint.

68. In forcing Mr. Bradford on unpaid leave, denying him the use of borrowed leave, and failing to provide Mr. Bradford with light duty accommodations as it provided to pregnant, female School Resource Officers, Defendant APS subjected Mr. Bradford to different terms and condition of employment and discriminated against Mr. Bradford because of his gender in violation of Title VII.

69. Defendant's actions in discriminating against Mr. Bradford following his request for reasonable accommodation were committed with reckless disregard for his right to be free from discriminatory treatment in violation of Title VII.

70. The effect of Defendant's above-mentioned conduct has been to deprive Mr. Bradford of equal employment opportunities and benefits because of his gender.

71. The actions taken against Mr. Bradford by Defendant have caused him to suffer both monetary and non-monetary damages.

72. Pursuant to Title VII, Mr. Bradford is entitled to damages including back pay and lost benefits, compensatory/emotional damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

73. Accordingly, Mr. Bradford is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of his rights under Title VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a) Grant to Mr. Bradford judgment in his favor and against APS under all counts of this Complaint;

(b) Order APS to make Mr. Bradford whole by providing for his out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of APS's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(c) Order APS to compensate Mr. Bradford for mental and emotional damages suffered as a result of Northside's unlawful and discriminatory acts;

(d) Grant to Mr. Bradford a jury trial on all issues so triable;

(e) Grant to Mr. Bradford pre-judgment and post-judgment interest to Plaintiff on any of the above amounts

(f) Grant to Mr. Bradford his reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action as provided by the ADA and Title VII; and

(g) Grant such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted this 17th day of May 2023.

LEGARE, ATTWOOD & WOLFE, LLC

**Cheryl B. Legare**
Georgia Bar No. 038553
cblegare@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Counsel for Plaintiff