# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DNYANESH PRABHUKOCHAREKAR, MUGDHA PRABHUKOCHAREKAR, N. P., AND I. P.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>TERRI ROBINSON, in his official capacity as Director, U.S. Citizenship and Immigration Services, National Benefits Center,<br><br>　　　and<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States,<br><br>　　　and<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary, U.S. Department of Homeland Security,<br><br>　　　and<br><br>UR MENDOZA JADDOU, in her official capacity as Director, U.S. Citizenship and Immigration Services,<br><br>　　　Defendants. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS<br><br>CIVIL ACTION NO.<br><br>AGENCY CASE NUMBERS:<br>SRC-22-900-48307;<br>SRC-22-900-48310;<br>SRC-22-900-48313;<br>SRC-22-900-48316;<br>SRC-22-900-48308;<br>SRC-22-900-48311;<br>SRC-22-900-48315;<br>SRC-22-900-48317;<br><br>REQUEST FOR ORAL ARGUMENT |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, Dnyanesh Prabhukocharekar ("Plaintiff-father"), Mugdha Prabhukocharekar ("Plaintiff-mother"), N.P., and I.P. ("Plaintiff-minors"), by and through their undersigned counsel, allege as follows:

## I.  PRELIMINARY STATEMENT

1. Plaintiff-father, Dnyanesh Prabhukocharekar, was sponsored for permanent employment in the United States by Fiserv Solutions LLC. This I-140 petition was approved by Defendant U.S. Citizenship and Immigration Services ("USCIS") on August 13, 2022. *See* Plaintiff's Employer's I-140 Approval Notice, Exhibit G.

2. Based on this I-140 approval, Plaintiff, Dnyanesh Prabhukocharekar, and his derivative beneficiaries, Mugdha Prabhukocharekar, N.P., and I.P., filed their Applications to Adjust Status to that of a lawful permanent resident of the United States ("I-485 applications") and Applications for Advance Parole ("I-131 applications") on November 10, 2021. *See* Plaintiff's I-797C Notice of Actions, Exhibit A.

3. Plaintiffs provided their electronic biometrics to Defendant USCIS. Plaintiffs completed their biometrics appointments on January 31, 2022, February 1, 2022, September 15, 2022, and September 14, 2022. *See* USCIS Biometrics Completion, Exhibit C.

4. On September 12, 2022, Plaintiffs had their applications transferred to the National Benefits Center, which then routed their applications to the USCIS Montgomery Field Office. *See* USCIS Transfer Notices, Exhibit H, and USCIS Inquiries, Exhibit I.

5. On December 16, 2022, Plaintiff Dnyanesh Prabhukocharekar reached out to USCIS to request expedited processing of his and his derivative beneficiaries I-485 applications. The expedite request was denied. *See* Exhibit I.

6. On April 12, 2023, Plaintiffs contacted their Senator, Jon Ossoff, to raise an inquiry with USCIS about the status of their applications. The inquiry provided no clear indication of when Plaintiffs' I-485 and I-131 applications would be adjudicated. *Id.*

7. Plaintiff's I-485 and I-131 applications have now been pending for over **18** months, and Defendant USCIS has not taken action on Plaintiffs' I-485 and I-131 applications. Plaintiffs' I-485 applications are nearly out of processing time. *See* USCIS Processing Times, Exhibit D.

8. When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it indicated that immigration benefit applications filed under the Immigration and Nationality Act ("INA") (which include I-485 and I-131 applications) "should be completed not later than 180 days after the initial filing of the application…" 8 U.S.C. §1571(b).

9. The Administrative Procedure Act ("APA") requires that administrative agencies conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

10. This action seeks injunctive and mandamus relief to compel Defendants to complete the adjudication of Plaintiffs' I-485 and I-131 applications.

11. The APA provides that a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. §702. A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

12. Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps to complete the adjudication of their I-485 and I-131 applications within fourteen (14) days from an Order of this Court.

13. Plaintiffs are entitled to attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

Complaint for Declaratory and Injunctive Relief

## II.     STATEMENT OF FACTS

14.     Plaintiff-husband's employer, Fiserv Solutions LLC, filed an I-140 petition on his behalf with Defendant USCIS on November 10, 2021.  This petition was assigned USCIS receipt number SRC-22-900-48306 and was processed based on a priority date of November 10, 2021.  This I-140 petition requested authorization for Plaintiff to work at a Fiserv Solutions LLC location in Alpharetta, GA.  *See* Exhibit G.

15.     On August 13, 2022, Defendant USCIS approved this I-140 petition.  *See* Ex. G.

16.     Based on this I-140 approval notice, Plaintiff Dnyanesh Prabhukocharekar, and his derivative beneficiaries, Mugdha Prabhukocharekar, N.P., and I.P., filed their I-485 and I-131 applications with Defendant USCIS on November 10, 2021, asking that their status be changed from a "nonimmigrant" in the U.S. to that of a "lawful permanent resident" of the U.S. (also known as a "green card holder").  *See* Exhibit A, and USCIS Form I-485 Instructions, Exhibit B.

17.     Since November 10, 2021, Defendant USCIS has not completed the adjudication of Plaintiffs' I-485 and I-131 applications, despite the passage of more than 1.5 years (18 months).  *See* Ex. A.

18.     Plaintiffs I-485 applications have been eligible for approval since November 10, 2021.  *See* Visa Bulletin and Final Action Dates, Exhibit F.

19.     Plaintiffs contacted Defendant USCIS on numerous occasions, both directly and through their U.S. Senator's office.  *See* Exhibit I.

20.     Despite these numerous requests, Plaintiffs' applications remain delayed.  *Id.*

21.     Congress set the period of 180 days as the normative expectation for completion of the processing of immigration benefit applications (which includes I-485 and I-131 applications) when it enacted the Immigration Services and Infrastructure Improvements Act of

Complaint for Declaratory and Injunctive Relief

2000. Congress indicated that adjudication of such applications "should be completed not later than 180 days after the initial filing of the application…" *See*, 8 U.S.C. §1571(b).

22. There are no further administrative remedies available to Plaintiffs to redress their grievances described herein.

### III.     JURISDICTION

23. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under (1) 28 U.S.C. § 1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§ 555 and 701, *et seq.* ("APA"), 8 U.S.C. § 1101, *et seq.* ("INA") (including 8 U.S.C. § 1182).  This court may grant relief in this action under 5 U.S.C. §§ 553, *et seq.*, and §§ 701, *et seq.*; and 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act).

24. This Honorable Court is not deprived of jurisdiction by 8 U.S.C. § 1252, INA § 242. *See, e.g., Zadvydas v. Davis,* 533 U.S. 678, 688 (2001) (finding that INA § 242 does not bar a claim challenging agency authority that does not implicate discretion).  Generally, a narrower construction of the jurisdiction-stripping provision is favored over the broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder,* 130 U.S. 827, 839 (2010).  Absent "clear and convincing evidence" of congressional intent specifically to eliminate review of certain administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. § 1252(a)(2)(B)(ii). *Id.,* at 839.  *See also, Geneme v. Holder,* 935 F.Supp.2d 184, 192 (D.D.C. 2013) (discussing *Kucana's* citation to a presumption favoring judicial review of administrative action when a statute does not specify discretion.)

Complaint for Declaratory and Injunctive Relief

25. 8 U.S.C. § 1252(a)(5), INA § 242(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]"  As the present action is not an action to review a removal order but an action challenging delays in issuing decisions by Defendants on Plaintiffs' Form I-485 and I-131 applications, which delay is arbitrary, capricious, and contrary to law and settled agency practice, this Honorable Court retains original jurisdiction under the APA and 28 U.S.C. § 1331, as well as for declaratory relief under 28 U.S.C. § 2201.

### IV.   VENUE

26. Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(e)(1)(c), because Plaintiffs reside within this judicial district and no real property is involved in this matter.

### V.   PARTIES

27. Plaintiffs are nationals of India who live in Alpharetta, GA.  Plaintiffs timely filed their I-485 and I-131 applications on November 10, 2021 with USCIS.  *See* Ex. A.

28. Terri Robinson is the Director of the National Benefits Center ("NBC") of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns. He is charged with overseeing the operations of the NBC, which include adjudications of Form I-485 Applications to Register Permanent Residence or Adjust Status processed there.  He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.  Defendant Robinson works at the NBC, which is located in Lee's Summit, MO.

29. Alejandro Mayorkas is the Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA.  He is

Complaint for Declaratory and Injunctive Relief

further authorized to delegate certain powers and authority to subordinate employees of the USCIS.  DHS is headquartered at 245 Murray Lane, S.W., Washington, DC 20598.

30. Merrick Garland is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the Federal Bureau of Investigation ("FBI"), which is an agency within the U.S. Department of Justice.  The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530.

31. Ur Mendoza Jaddou is the Director of USCIS, who is named herein only in her official capacity, as well as her successors and assigns.  She is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of USCIS.  USCIS is specifically assigned the adjudication of I-485 adjustment applications and I-131 travel authorization applications.  USCIS is headquartered at 5900 Capital Gateway Drive, #2040, Camp Springs, MD 20746.

## VI.  CLAIMS FOR RELIEF

### Count I

**(APA Violation by DHS/USCIS of 5 U.S.C. § 555 (b))**

32. Plaintiffs incorporate by reference all preceding paragraphs as if set forth herein.

33. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.  Agency action includes a failure to act.  *See,* 5 U.S.C. §551(13).

34. The APA requires agencies to conclude matter presented to them "within a reasonable time."  *See,* 5 U.S.C. §555(b).

Complaint for Declaratory and Injunctive Relief

35. A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

36. Under the APA, Defendants have a mandatory, non-discretionary duty to complete the adjudication of Plaintiffs' I-485 and I-131 applications, and to do so within a reasonable time.

37. Plaintiffs only challenge the reasonableness of Defendants' delay or inaction in the adjudication of the subject I-485 and I-131 applications, not the grant or denial of these filings.

38. The INA indicates that a reasonable time period for Defendants to adjudicate applications for immigrant benefits (which include I-485 and I-131 applications), is within 180 days of filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the petition). *Id.*

39. Plaintiffs' I-485 and I-131 applications have been ready for adjudication since November 10, 2021, or **approximately five hundred fifty-one (551) days.**

40. Defendants' unreasonable and unlawful delays in the adjudication of Plaintiffs' I-485 and I-131 applications have caused, and are causing, Plaintiffs ongoing and substantial injuries.

## Count II

**(Mandamus Action to Compel Officers of DHS and USCIS to Perform their Duty)**

41. Plaintiffs assert a claim for mandamus relief under 28 U.S.C. §1361, which provides the authority to compel an agency to perform a duty owed to them.

Complaint for Declaratory and Injunctive Relief

42. Defendants have a mandatory, non-discretionary duty to adjudicate Plaintiffs' I-485 and I-131 applications within a reasonable amount of time.

43. Plaintiffs only challenges the reasonableness of Defendants' delays or inaction in the adjudications of the I-485 and I-131 applications, not the grant or denial of these filings.

44. The INA indicates that a reasonable time period for Defendants to adjudicate applications for immigrant benefits (which include I-485 and I-131 applications), is within 180 days of filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the petition). *Id.*

45. Plaintiffs' I-485 and I-131 applications have been ready for adjudication since November 10, 2021, or **approximately five hundred fifty-one (551) days.**

46. Against these standards, Defendants have failed to adjudicate Plaintiff's I-485 and I-131 applications within a reasonable amount of time, considering that approximately **five hundred fifty-one (551) days** have passed since Defendants have received Plaintiffs' applications. *See* Ex. A-I.

47. Plaintiffs have no other adequate remedy to compel Defendants to perform their duties, since they have contacted Defendant USCIS without results or indication of when adjudication of the I-485 and I-131 applications might be completed. *See* Ex. I.

48. Plaintiffs ask this Court to compel Defendants Terri Robinson, Alejandro Mayorkas, Merrick Garland, and Ur Mendoza Jaddou, to perform their duties and complete the adjudications of Plaintiffs' I-485 and I-131 applications.

49. Defendants' unreasonable and unlawful delays in the adjudications of Plaintiffs' I-485 and I-131 applications have caused, and are causing, Plaintiffs ongoing and substantial

Complaint for Declaratory and Injunctive Relief

injuries.

## VII.  INJURIES TO PLAINTIFF

50. Defendants' wrongful delays in the adjudication of Plaintiffs' Form I-485 and I-131 applications interfere with their ability to travel internationally, gain and maintain lawful, nonimmigrant status in the United States, accrue time in lawful permanent residence in order to qualify for naturalization, vote in U.S. elections, hold a U.S. passport, etc.

55. As a result of Defendants' arbitrary, capricious, *ultra vires*, and otherwise unlawful decision to delay adjudications of their I-485 and I-131 applications, Plaintiffs are unable to plan for their family's future and their living situation.

Complaint for Declaratory and Injunctive Relief

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray that this Honorable Court:

(1) Declare that the delays in the adjudication of their I-485 Applications to Register Permanent Residence or Adjust Status and I-131 Applications for Advance Parole are *ultra vires*, unreasonably, erroneous as a matter of law, arbitrary and capricious, abuses of discretion, and not otherwise in accordance with law, and violate due process;

(2) Issue an order directing Defendants to complete processing of their I-485 Applications to Register Permanent Residence or Adjust Status and I-131 Applications for Advance Parole within a reasonable time;

(3) Grant such other relief as this Court deems proper under the circumstances; and

(4) Grant attorney's fees, expenses and costs of court to Plaintiffs, pursuant to the EAJA.

Respectfully submitted on this 17th day of May 2023.

/s/Elizabeth L.A. Garvish, Esquire
Georgia Bar # 287193
Garvish Immigration Law Group, LLC
2983 Hardman Court, NE
Atlanta, GA 30305
Tel:  (800) 951-4980
Fax:  (800) 983-3554
E-mail: egarvish@goimmigrationlaw.com

/s/Brian Scott Green, Esquire
Colorado Bar # 56087
Motion for admission *pro hac vice* forthcoming
Law Office of Brian Green
9609 S University Boulevard, #630084
Littleton, CO 80130
Tel:  (443) 799-4225
E-mail: briangreen@greenUSimmigration.com

Attorney for Plaintiffs

Complaint for Declaratory and Injunctive Relief