# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| German Alonso Gomez GUTIERREZ and Maria Nidia GUZMAN, <br><br> Plaintiffs, <br><br> v. <br><br> UR M. JADDOU, in her official capacity as *Director of U.S. Citizenship and Immigration Services*, <br><br> Defendant. | Civil No: <br><br> COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANT'S ADJUDICATION OF FORM I-601A APPLICATION FOR PROVISIONAL WAIVER <br><br> I-601A Receipt No.: LIN2290193160 <br> A210 077 406 |

## **COMPLAINT FOR WRIT OF MANDAMUS**

**To the Honorable Judges of Said Court:**

Plaintiffs, Mr. German Alonso Gomez Gutierrez and his wife, Mrs. Maria Nidia Guzman, through undersigned counsel, allege as follows:

### I.     INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. § 1361, 8 U.S.C. § 1329, and 28 U.S.C. § 1331, to redress the deprivation of rights, privileges and

immunities secured to Plaintiffs to compel Defendant to perform a duty Defendant owed to Plaintiffs.

2. This action is brought to compel Defendant and those acting under her direction to take action on an I-601A, Application for Provisional Unlawful Presence Waiver (hereinafter referred to as "I-601A Application") that was submitted by the Plaintiffs in order to receive a waiver so that Plaintiff German can receive lawful permanent residence without having to live outside the United States apart from his family for years, waiting for an immigrant visa to re-enter.

3. Plaintiffs request that this Court issue injunctive relief and a writ in the nature of mandamus compelling Defendant to adjudicate the I-601A Application under 8 U.S.C. § 1182(a)(9)(B)(v).

## II.   JURISDICTION

4. This Court has general federal question jurisdiction over this action under 5 U.S.C. §§ 555(b) and 706(a), 28 U.S.C. § 1361, and 28 U.S.C. § 1331(a). Jurisdiction is also conferred by 5 U.S.C. § 704.

5. This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and F.R.C.P. 57 and 65.

### III.     VENUE

6. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. §1391(e). Defendant is an Officer of the United States acting in her official capacity, and the U.S. Attorney General's Office, the Department of Homeland Security ("DHS"), and U.S. Citizenship and Immigration Services ("USCIS") are agencies of the United States. Additionally, Plaintiffs reside in this judicial district.

### IV.     EXHAUSTION

7. There are no administrative remedies available for Plaintiffs to exhaust.

### V.     PARTIES

8. Beneficiary Plaintiff, GERMAN ALONSO GOMEZ GUTIERREZ (Alien Registration Number A210 077 406) and his wife, NIDIA MARIA GUZAMAN, are residents of Gwinnett County, Georgia.

9. Plaintiff German submitted form I-601A Application to seek a provisional unlawful presence waiver. This application was submitted on April 19, 2022 with the USCIS Nebraska Service Center and assigned the case number LIN2290193160.

10. Defendant UR M. JADDOU is the Director of USCIS, a fee-for-service agency which is responsible for the administration and enforcement of the immigration laws of the United States.

## VI.   FACTUAL ALLEGATIONS

11. Plaintiff Maria Nidia Guzman submitted a visa petition on behalf of her husband Plaintiff German Alonso Gomez Gutierrez on April 20, 2017.  This petition was not approved by USCIS until April 24, 2020. *See* Exhibit A.  In fact, this petition was subject to a mandamus petition against USCIS because it was pending well beyond the normal processing time.[1] Plaintiffs are residents of Gwinnett County, Georgia.

12. Even after the filing of a mandamus on Plaintiff's Form I-130, USCIS mistakenly kept the I-130 visa petition file instead of forwarding it to the National Visa Center.

13. This required the Plaintiffs to submit an I-824 petition directing that this petition be sent to the National Visa Center.  The I-824 petition was approved after 9 months resulting in the transfer of the I-130 visa petition to

---

[1] The mandamus petition was submitted on November of 2019 bearing case #1:19-cv-5100.

the National Visa Center more than one year after the petition was approved. *See* Exhibit B.

14. Once the case was finally lodged with the National Visa Center, Plaintiff German submitted an I-601A waiver application with USCIS on April 21, 2022.  *See* Exhibit C.

15. The delay in the processing of his I-130 petition and the mistake in not forwarding the I-824 caused nearly three years of delay in the Plaintiff's ability to submit the I-601A waiver application.

16. Furthermore the ongoing failure of Defendant to adjudicate the I-601A waiver in a timely fashion prevents Plaintiff German from pursuing consulate processing so that he can obtain lawful permanent residence.

17. In essence, Plaintiff German is stuck and unable to proceed any further.  This current delay in processing the I-601A is compounded by the long wait the Plaintiffs have endured already waiting for the I-130 and the I-824. There were several years of delays in the processing of Plaintiff German's visa petition which was only alleviated by the filing of a mandamus petition. This history renders every day of further delay in this case unreasonable.

18. The current processing time for the I-601A is 38 months. Exhibit D. That is

      more than three months *longer* than the processing times announced the previous month. In 2022, the processing time was 31.7 months and in the previous year, it was 17.1 months. In 2020 and 2019 respectively, the processing times were 11.2 months and 8.7 months.  Exhibit E.  The Plaintiffs have been damaged and harmed by the delay in the processing of their visa petition and with the ever growing backlogs in the I-601A processing.

19. Although the Plaintiffs' application is technically still within the agency's stated normal processing times, the APA requires USCIS to make decisions on pending applications within a *reasonable* amount of time. *See, e.g.*, *Didban v. Pompeo*, 435 F. Supp. 3d 168, 175 (D.D.C. 2020). Plaintiffs' Form I-601A has been pending for over one year. A delay this long is entirely unreasonable, as are the unexplained increases in processing times. Plaintiffs should not be required to wait further when the announced unreasonable processing times will simply grow longer and longer.

20. To determine whether a delay is reasonable, courts often consider the factors laid out in *Telecommunications Research & Action Ctr. v. FCC* ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984). Those factors are stated as follows:

> (1) "the time an agency takes to make a decision should be governed by a 'rule of reason' "; (2) "[t]he content of a rule of reason can sometimes be supplied by a congressional indication of the speed at which the agency should act"; (3) "the reasonableness of a delay will differ based on the nature of the regulation; that is, an unreasonable delay on a matter affecting human health and welfare might be reasonable in the sphere of economic regulation"; (4) "the effect of expediting delayed actions on agency activity of a higher or competing priority . . . [and] the extent of the interests prejudiced by the delay"; and (5) "a finding of unreasonableness does not require a finding of impropriety by the agency."

*Id.* at 80.

21. First, Defendant does not have a rule of reason for adjudicating Form I-601As. To the extent it does, it has not applied such a rule in this case.

22. Second, Congress has provided content to any "rule of reason" by declaring all immigrant benefits requests should be decided within 180 days. 8 U.S.C. § 1571(b).

23. Third, this delay impacts human health and welfare, not merely economic interests. Plaintiff German's future is left in limbo, leaving him unable to plan for his future life in this country with his U.S. citizen wife. He is unable to renew his driver's license or show proof of his status to enable him to work.

24. Fourth, compelling agency action here would have no effect on an activity of a higher or competing priority. USCIS did not release details of its adjudication of I-601As in its 2021 statistical report.[2] According to a recent report, USCIS expects to receipt over 39,000 I-601As in 2002 and 2023 (combined).[3] That same report indicates that USCIS can adjudicate a Form I-601A in just 2.76 hours.[4] Accordingly, Defendant must have decided thousands of Form I-601As since 2020. Although it is true that the agency temporarily closed its field offices in March 2020 for a few months due to the Covid-19 pandemic, they have been reopened for over a year now. The delay is not due to a lack of agency resources. Rather, the delay may be due to internal priorities, such as emphasizing employment-based categories. For example, one USCIS official admitted "when USCIS focuses on priority areas, there are trade-offs being made. Processing times for some categories increase[], for example". Exhibit F. That appears to have happened during

---

[2] Annual Statistical Report FY 2021, USCIS (available at https://www.uscis.gov/sites/default/files/document/reports/2021%20USCIS%20Statistical%20Annual%20Report.pdf).
[3] U.S. Citizenship and Immigration Services Fee Schedule and Changes to Certain Other Immigration Benefit Request Requirements, 88 Fed. Reg. 402, 435 (January 4, 2023) (available at https://www.federalregister.gov/d/2022-27066/page-435).
[4] *Id.* at 449 (available at https://www.federalregister.gov/d/2022-27066/page-449).

7

the pandemic when USCIS successfully issued "all the available employment-based green card visas in fiscal 2022." *Id.*

25. Finally, this Court need not find impropriety to find this delay unreasonable. Nevertheless, there exists significant evidence in the public record supporting impropriety. For example, in March of 2021 Department of Homeland Security Secretary Alejandro Mayorkas publicly stated that USCIS was still working to recover from being "gutted" by the previous administration, which of course has resulted in harm to Plaintiffs and many others like them. *See* Owen, Quinn "DHS chief defends Biden admin on immigration, says Trump 'gutted' system", ABC News, Mar. 1, 2021, available at https://abcnews.go.com/Politics/dhs-chief-defends-biden-adminimmigration-trump-gutted/story?id=76189428 (last accessed August 17, 2021).

26. Despite Plaintiffs' diligent efforts, including filing a complete application and paying filing fees, it does not appear that Defendant is moving forward on adjudicating Plaintiffs' Application.

## COUNT 1

27. Plaintiffs re-allege all of the allegations contained herein.

28. Plaintiffs are eligible for immediate approval of the Application.

29. Plaintiffs have suffered and will continue to suffer significant and irreparable harm because of the Defendant's policies, procedures, acts and failures to act as described herein.

30. Defendant violated Plaintiffs' statutory rights to apply for benefits which Congress has provided under the INA, depriving Plaintiffs of the adjudication of the I-601A Application under 8 USC § 1182(a)(9)(B)(v), thereby hindering beneficiary Plaintiff's ability to pursue his immigrant visa processing.

## COUNT 2

31. Plaintiffs re-allege all of the allegations contained herein.

32. Plaintiffs have suffered a legal wrong or have been "adversely affected or aggrieved" by agency action. 5 U.S.C. § 702.  Plaintiff is a person aggrieved by agency action, for which there is no other adequate remedy in a court. 5 U.S.C. § 704.

Case 1:23-mi-99999-UNA Document 1607 Filed 05/17/23 Page 11 of 15


## COUNT 3

33. Plaintiffs re-allege all of the allegations contained herein.

34. Defendant owes Plaintiffs a clear and certain duty to adjudicate Plaintiffs' Application.

35. Plaintiffs have no other adequate remedy at law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the Court:

1. Assume Jurisdiction over this action;

2. Issue a writ of mandamus compelling Defendant to immediately adjudicate the pending Application;

3. Award Plaintiffs reasonable costs and attorney's fees under the Equal Access to Justice Act; and

4. Award such further relief as the Court deems just or appropriate.

RESPECTFULLY SUBMITTED this 17th of May, 2023.

_____/s/_____
Eli A. Echols, Esq.
Georgia Bar # 141839
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
eli@socheatchea.com

**CERTIFICATE OF SERVICE**

This is to certify I electronically filed the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** and its accompanying Exhibits with the Clerk of Court using the CM/ECF system. This system will automatically send email notification of such filing to all below Defendants who are registered with this system. In addition, in compliance with local rules, this initial Complaint and the accompanying Exhibits and summons have also been served by First Class Certified Mail, postage pre-paid, on:

| | |
|---|---|
| Ur M. Jaddou, Director<br>USCIS<br>c/o Office of the Chief Counsel<br>20 Massachusetts Avenue, NW<br>Room 4210<br>Washington, DC 20529 | Ryan K. Buchanan, USA<br>Northern District of Georgia<br>75 Ted Turner Drive SW<br>Suite 600<br>Atlanta, Georgia 30303 |

_____/s/_____
Eli A. Echols, Esq.
Georgia Bar # 141839
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
eli@socheatchea.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| German Alonso Gomez GUTIERREZ and Maria Nidia GUZMAN, <br><br> Plaintiffs, <br><br> v. <br><br> UR M. JADDOU, in her official capacity as *Director of U.S. Citizenship and Immigration Services*, <br><br> Defendant. | Civil No: |

## LIST OF EXHIBITS

Exhibit A — Approval Notice for Plaintiffs' form I-130 approved on April 24, 2020;

Exhibit B — Approval Notice for Plaintiffs' form I-824 approved on November 1, 2021;

Exhibit C — Receipt for Plaintiff German's Form I-601A petition filed on April 21, 2022;

Exhibit D — USCIS.gov Case Current Processing Times for Form I-601A;

Exhibit E — USCIS listing of historic average case processing times for all applications; and

Exhibit F — "USCIS Officials Say Agency Is Recovering from Pandemic Lows", *Society for Human Resource Management*, by Roy Maurer (February 27, 2023) (available at https://www.shrm.org/resourcesandtools/hr-topics/talent-acquisition/pages/uscis-officials-say-agency-recovering-from-pandemic-lows.aspx).

2

RESPECTFULLY SUBMITTED this 17th of May, 2023.

_____/s/_____
Eli A. Echols, Esq.
Georgia Bar # 141839
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
eli@socheatchea.com