**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANGEA GARNER,<br><br>        Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>        Defendant. | CIVIL ACTION NO. |

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant Liberty Mutual Insurance Company ("Defendant" or "Liberty"), respectfully submits this Notice of Removal to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds therefore, Defendant states the following:

### I.  BACKGROUND AND TIMELINESS

On April 12, 2023, Plaintiff Angea Garner ("Plaintiff") filed a civil action against Liberty in the Superior Court of Gwinnett County, Civil Action File No. 23-A-03075-11 ("Complaint"). A copy of the Complaint is attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). Liberty was served the Complaint on April 17, 2023. As such, this removal is being timely effectuated within 30 days of service.

A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of Gwinnett County, and a copy is being served on Plaintiff as required by 28 U.S.C. § 1446(d). A copy of Defendant's Notice of Filing Notice of Removal is attached hereto as **Exhibit B**.

## II. CITATION TO AUTHORITY

A defendant may remove a state court case to federal court "if the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction exists where there is (1) complete diversity of citizenship among the parties and (2) the amount in controversy exceeds $75,000.00. *Id.* In removal cases, the burden of proving any jurisdictional facts rests upon the defendant. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

### A. Complete Diversity of Citizenship Exists.

Plaintiff is a citizen of the State of Georgia. (Compl. ¶ 1.) Defendant is a corporation incorporated in Massachusetts and having its principal place of business in Massachusetts, and therefore is a citizen of Massachusetts within the meaning of 28 U.S.C. § 1441(b). (*See* **Exhibit C**, Declaration of Michael Garvey, ¶¶ 2-4.) Therefore, complete diversity of citizenship exists among the parties.

### B.     The Amount in Controversy Exceeds $75,000.00.

The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff's Complaint asserts claims for breach of contract, promissory estoppel, fraudulent inducement, and attorneys' fees for bad faith or stubborn litigiousness under O.C.G.A. § 13-6-11. (Compl. ¶¶ 38-58.) Plaintiff's Complaint alleges compensatory damages of at least $25,000.00 for her breach of contract claim, plus damages for her claims for promissory estoppel, fraudulent inducement, attorneys' fees, and punitive damages. (Compl ¶¶ 38-58.) The aggregate damages for Plaintiff's claims for promissory estoppel, fraudulent inducement, attorneys' fees, and punitive damages well exceed $75,000.00.

### i. Fraudulent Inducement

A party bringing a claim for fraudulent inducement under Georgia law has two options for pursuing damages: (1) they may affirm the contract and sue for damages from the fraud or breach, or (2) they may rescind the contract and sue in tort for fraud. *Nalley v. Langdale*, 319 Ga. App. 354, 365, 734 S.E.2d 908, 917 (2012). The rights to pursue damages by either of these means coexist. *Id.* Claims for fraudulent inducement in the business context in Georgia courts have resulted in jury verdicts between $50,000.00 and $100,000.00. *See, e.g., Omari v. Haynes Constr. Mgmt. Grp.*, No. 2013-A-06063-10, 2015 WL 3440391 (Ga. Super. Ct. Apr.

1, 2015) (awarding $104,845.17 to plaintiff in compensatory damages for fraudulent inducement involving a residential construction contract in addition to over $350,000.00 in additional damages on other claims); *Mills v. Exas*, No. 2015-CV-000140, 2018 WL 10602185 (Ga. Super Ct. Apr. 3, 2018) (awarding $52,296.61 to plaintiff in case for fraudulent inducement, breach of contract, and unjust enrichment); *Smith v. Am. Fam. Ins. Co.*, No. 2015-A-07098-04, 2016 WL 8188882 (Ga. Super. Ct. Oct. 7, 2016) (awarding $50,000.00 to plaintiffs for fraud related to a personal property insurance policy in addition to over $200,000.00 in other damages).

### ii. Promissory Estoppel

Damages recoverable under a claim for promissory estoppel are "those damages as are equitable and necessary to prevent injustice from occurring." *Rental Equip. Grp., LLC v. MACI, LLC*, 263 Ga. App. 155, 160, 587 S.E. 2d 364, 369 (2003). Damages for promissory estoppel claims can easily exceed $75,000.00 in Georgia. *See, e.g., Nienaber v. Pan*, No. 2015-EV-001644-L, 2018 WL 9490381 (Ga. State Ct. Jan. 11, 2018) (awarding a judgment of $205,000.00 for promissory estoppel, breach of contract, and unjust enrichment involving a personal loan); *Smith v. Am. Fam. Ins. Co.*, No. 2015-A-07098-04, 2016 WL 8188882 (Ga. Super. Ct. Oct. 7, 2016) (awarding $50,000.00 to plaintiffs for promissory estoppel related to a

personal property insurance policy, in addition to over $200,000.00 in other damages); *Bristol Consulting Grp. v. D2 Prop. Grp.*, No. 2018-CV-303194, 2021 WL 5050351 (Ga. Super. Ct. June 16, 2021) (awarding over $500,000.00 in total damages for suit involving claims for promissory estoppel, fraudulent inducement, conversion, and unjust enrichment). Jury verdicts in cases with similar claims show Plaintiff can very well recover more than $75,000.00, if she can prove liability.

### iii. Punitive Damages

Plaintiff's claim for punitive damages should be included in calculating whether the damages at issue exceed $75,000.00 for the purposes of establishing diversity jurisdiction. A plaintiff can recover punitive damage amounts up to $250,000.00 under O.C.G.A. § 51-12-5.1(g), or, in an unlimited monetary amount if it is proven that a defendant acted with specific intent to cause the harm. *See id.*, § 51-12-5.1(f). Courts rely on O.C.G.A. § 51-12-5.1 to determine that a removing party satisfies the amount in controversy requirement. *See, e.g., Odelia v. Alderwoods (Georgia), LLC*, No. 1:18-cv-01214-JPB, 2020 WL 1809563 at *4 (N.D. Ga. Feb. 3, 2020), *aff'd*, 823 Fed. Appx. 742 (11th Cir. 2020); *Casamayor v. BAC Home Loans Servicing, LP*, No. 1:12-cv-1522-SCJ-ECS, 2013 WL 12247700, at *5 (N.D. Ga. Feb. 4, 2013); *Turpeau v. Fid. Fin. Servs., Inc.*, 936 F. Supp. 975, 979 (N.D. Ga. 1996). *See also S. Ins. Co. v. Karrer*, No. 3:10-CV-84 (CAR), 2011

WL 1100030, at *3-4 (M.D. Ga. Mar. 22, 2011) ("An award for punitive damages is properly counted as part of the amount in controversy in this case as well.").

This is true even when the amount of actual damages pled is below $75,000.00, as long as the combination of a plaintiff's claim for actual damages and punitive damages suffices to meet a defendant's burden, as it does here. *See, e.g. Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009) (holding that actual damages amount of $23,172.28 in addition to a claim for punitive damages met amount in controversy requirement); *see also Aviles De Polio v. Burlington Coat Factory Warehouse Corp.*, No. 1:18-cv-5680-TCB, 2019 WL 8989870 at *2 (N.D. Ga. Jan. 15, 2019) (holding that when a plaintiff sought actual damages in excess of $29,744.23 along with additional damages, "particularly punitive damages", the claims met the amount in controversy requirement for federal jurisdiction).

When determining the jurisdictional amount in controversy in a diversity case, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered. *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Although Defendant denies liability, it is more likely than not that Plaintiff has put at least $75,000.00 in controversy for Plaintiff's punitive damages, either alone or in combination with Plaintiff's other claims. *See, e.g.,*

*Omari v. Haynes Constr. Mgmt. Grp.*, No. 2013-A-06063-10, 2015 WL 3440391 (Ga. Super. Ct. Apr. 1, 2015) (awarding plaintiff $100,000.00 in punitive damages from one defendant and $70,000.00 in punitive damages from a second defendant for fraudulent inducement under a contract in Gwinnett County); *Alt. Mailing and Shipping Sys. v. Carter*, No. 09C-14256-4, 2010 WL 6499702 (Ga. State Ct. Sept. 28, 2010) (awarding plaintiff $175,000.00 in punitive damages from one defendant and $125,000.00 in punitive damages from a second defendant for fraud, among other claims, in Gwinnett County); *Palloto v. Neri*, No. 2013-A-04507-04, 2016 WL 6995413 (Ga. Super. Ct. Feb. 25, 2016) (awarding plaintiff $100,000.00 in punitive damages in an action for breach of contract, fraud, and conversion, in Gwinnett County); *Thompson v. Benefit & Inv. Sols.*, No. 05-CV-3157-8, 2007 WL 1223813 (Ga. Super. Ct. Mar. 26, 2007) (awarding plaintiff $75,000.00 in punitive damages from one defendant and $125,000.00 in punitive damages from a second defendant for fraud and conversion in DeKalb County). Because punitive damages are to be considered when determining the amount in controversy for jurisdictional purposes, the damages alleged in this case exceed $75,000.00.

    iv.  <u>Attorneys' Fees</u>

Plaintiff's request for attorneys' fees should also be considered in determining the jurisdictional limit for the purposes of establishing the amount in controversy for

diversity jurisdiction. *See LaFoy v. Fed. Ins. Co.*, No. 1:16-CV-1169-CC, 2016 WL 10567789, at *2 (N.D. Ga. Sept. 23, 2016) ("In addition to the foregoing, Plaintiff seeks attorney's fees in an unspecified amount, and the Court agrees with Defendant that a conservative estimate of Plaintiff's attorney's fees is about $19,000.00 and that this amount may be included in assessing the amount in controversy."); *Townsend v. Monumental Life Ins. Co.*, No. 4:07-CV-0046H, 2007 WL 1424660, at *4 (N.D. Ga. May 7, 2007) (finding that "the value of Plaintiff's claims clearly exceeds $75,000.00" where she sought to recover attorneys' fees and expenses of litigation).

Further, "[i]f attorney's fees are provided for by statute or contract, then a claim for attorney's fees counts towards the amount in controversy." *Byars v. Hartford Cas. Ins. Co.*, No. 4:09-CV-81 (CDL), 2009 WL 3077128, at *1 (M.D. Ga. Sept. 23, 2009). O.C.G.A. § 13-6-11 permits an award of attorneys' fees in contract actions "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." Plaintiff's Complaint alleges that she is entitled to attorneys' fees under this statute and argues that Defendant "acted in bad faith and caused Plaintiff unnecessary trouble and expense." (Compl. ¶ 43, *see also* Compl. ¶¶ 48, 52.) Because Plaintiff included these

allegations in her Complaint, attorneys' fees should be considered in determining the amount in controversy for the purposes of diversity jurisdiction.

Based on Plaintiff's alleged damages of $25,000.00 for a breach of contract, as well as damages for her other three causes of action, and her plea for punitive damages, the amount in controversy for this case more likely than not exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### C.     Venue is Proper.

The Superior Court of Gwinnett County is located within the Atlanta Division of the Northern District of Georgia. 28 U.S.C. § 90(a)(2). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III.   CONCLUSION

The requirements for diversity jurisdiction have been met and therefore this case is properly removable from state to federal court. Liberty has timely filed this Notice of Removal within 30 days of service of the Complaint. 28 U.S.C. § 1466. In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon all adverse parties and filed with the Clerk of the Superior Court of Gwinnett County. By removing this matter, Defendant does not waive or intend to waive any defense.

WHEREFORE, having fully complied with all requirements for removal of this action, Liberty hereby removes this action from the Superior Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 17th day of May, 2023.

>*/s/Alexandra L. Milios*
>Alexandra L. Milios
>Georgia Bar No. 753596
>Deepa N. Subramanian
>Georgia Bar No. 27862
>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
>One Ninety One Peachtree Tower
>191 Peachtree St. NE, Suite 4800
>Atlanta, GA 30303
>Telephone: 404-881-1300
>alexandra.milios@ogletree.com
>deepa.subramanian@ogletree.com
>
>*Attorneys for Defendant*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(D)

This is to certify that **Defendant's Notice of Removal** was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1(C).

*/s/ Alexandra L. Milios*
Alexandra L. Milios
Georgia Bar No. 753596

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANGEA GARNER, <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION NO. |

## CERTIFICATE OF SERVICE

I certify that on May 17, 2023, I electronically filed **Defendant's Notice of Removal** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

Amanda M. Brookhuis
The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
amb@kirbygsmith.com

/s/ Alexandra L. Milios
Alexandra L. Milios
Georgia Bar No. 753596