# EXHIBIT A

FILED IN OFFICE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-03075-1
4/12/2023 12:28 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**ANGEA GARNER**

PLAINTIFF

VS.

LIBERTY MUTUAL INSURANCE COMPANY

DEFENDANT

CIVIL ACTION
NUMBER: 23-A-03075-11

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

The Kirby G. Smith Law Firm, LLC
4488 N. Shallowford Rd., Suite 105
Atlanta, Georgia 30338

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of __12th day of April, 2023_____, 20_____.

Tiana P. Garner
Clerk of Superior Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-03075-1
4/12/2023 12:28 PM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGEA GARNER,<br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br>Defendant. | CIVIL ACTION FILE NO.<br>23-A-03075-11<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR RELIEF AND DAMAGES

COMES NOW Plaintiff, Angea Garner, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint For Relief And Damages against Defendant Liberty Mutual Insurance Company, showing this Court as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is a citizen of the United States of America and a resident of Houston County, Georgia.

2. Defendant Liberty Mutual Insurance Company is a corporation registered to conduct business in Georgia.

3. Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4. Jurisdiction and venue are proper in this Court because a substantial portion of the employment practices described herein were committed in Gwinnett County, Georgia.

5. This action has been timely commenced.

## FACTUAL BACKGROUND

6. Plaintiff worked for Defendant from August 2, 2021, until March 4, 2022.

7. During all relevant times, Plaintiff was employed by Defendant as a Casualty Claims Resolution Specialist - Attorney Represented ("CCRS").

8. On June 22, 2021, Plaintiff interviewed with Defendant for the CCRS position.

9. The advertised CCRS position included a compensation range between "$54,100.00 - $97,900.00."

10. The advertised CCRS position described a "$2,500.00 sign-on bonus for external candidates with an active adjuster's license" ("the Adjuster License Bonus.").

11. On June 25, 2021, Plaintiff received an initial verbal offer for the CCRS position from Nohelani Etienne, Defendant employee.

12. After receiving the verbal offer, Plaintiff emailed Ms. Leah Bumbalough, Senior Recruiter, indicating she received an initial offer and was waiting for a follow up on salary, next steps, a training date, and the offer in writing.

13. On June 25, 2021, Plaintiff received an offer letter from Defendant ("the Offer Letter").

14. The Offer Letter stated Plaintiff's base pay would be paid at a rate of $65,000.00/Annually.

15. The Offer Letter stated Plaintiff would be eligible for a new hire bonus payment (the "New Hire Bonus") in the gross amount of $25,000.00, provided Plaintiff remain employed with Defendant for 30 days after the date of hire and that Plaintiff's employment continued in good standing through the date the New Hire Bonus being paid.

2.

16. The New Hire Bonus as described in the Offer Letter did not mention the possession of an adjuster's license as a condition of receipt of the New Hire Bonus.

17. The Offer Letter separately described that an adjuster's license was a condition of employment for the CCSR position and must be obtained within the first 3 (three) months in the position.

18. The terms of the Offer Letter were provided by Defendant as an inducement to secure Plaintiff's employment and continued employment.

19. On June 26, 2021, Plaintiff accepted and signed the Offer Letter from Defendant.

20. On June 28, 2021, Plaintiff left her employment with GEICO, which she had been an employee with for approximately 24 years.

21. In leaving her employment with GEICO, Plaintiff gave up her ability to receive a pension from GEICO.

22. Plaintiff left her employment with GEICO based on the salary and New Hire Bonus as offered in the Offer Letter from Defendant.

23. Plaintiff started her employment with Defendant in August 2021.

24. On or about September 23, 2021, Plaintiff requested a status update from Ms. Bumbalough regarding the New Hire Bonus payout.

25. On or about September 23, 2021, Ms. Bumbalough informed Plaintiff that the bonus was approved on September 1, 2021, and Plaintiff's next paycheck should reflect the bonus.

26. On October 25, 2021, Plaintiff received an email indicating the bonus was approved on September 1, 2021, and paid out on September 10, 2021, however in the amount of $2,500.00.

27. On October 26, 2021, Plaintiff sent an email to Ms. Etienne about receiving the New Hire Bonus of $25,000.00 in addition to the Adjuster License Bonus of $2,500.00.

28. On October 26, 2021, Ms. Bumbalough informed Plaintiff the "sign on bonus" in the Offer Letter was a clerical error and the appropriate bonus amount was $2,500.00.

29. On October 26, 2021, Ms. Bumbalough emailed Plaintiff and referenced a verbal offer and requisition description for a license verification bonus in the amount of $2,500.00, which is different from the New Hire Bonus mentioned in the Offer Letter.

30. Plaintiff was not aware that the New Hire Bonus in the Offer Letter was intended to represent the Adjuster License Bonus.

31. Defendant did not accurately represent that the Adjuster License Bonus was the same as the New Hire Bonus its intent in the Offer Letter.

32. Defendant did not accurately represent that the Adjuster License Bonus was the same as the New Hire Bonus through its description in the Offer Letter.

33. On October 27, 2021, Plaintiff sent an email to Defendant's corporate email address to discuss the $25,000.00 New Hire Bonus not being honored despite it being included in her Offer Letter.

34. On or about November 2, 2021, Plaintiff received a call from Defendant employee Tara Michalowski.

35. Ms. Michalowski informed Plaintiff that Defendant would not honor the New Hire Bonus of $25,000.00 that was included in Plaintiff's Offer Letter.

36. To date, Defendant has not paid Plaintiff the $25,000.00 New Hire Bonus that was included in Plaintiff's Offer Letter.

37. Plaintiff resigned from her employment with Defendant on March 4, 2022.

## CLAIMS FOR RELIEF

## COUNT I: BREACH OF CONTRACT

38. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

39. Plaintiff and Defendant entered into a binding agreement whereupon Defendant would provide payment as required under the "New Hire Bonus Payment" outlined in the Offer Letter to Plaintiff in exchange for Plaintiff's employment services.

40. Plaintiff performed all material conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the parties' agreement.

41. Defendant breached its agreement with Plaintiff by its refusal to pay the $25,000.00 New Hire Bonus Payment.

42. As a direct and proximate result of Defendant's actions, Plaintiff suffered significant financial and consequential injuries in an amount to be proven at trial.

43. Defendant acted in bad faith and caused Plaintiff unnecessary trouble and expense. Accordingly, pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to recovery of her litigation expenses, including but not limited to her reasonable attorneys' fees.

## COUNT II: PROMISSORY ESTOPPEL

44. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

45. Defendant made the promise that Plaintiff would be paid a New Hire Bonus in the amount of $25,000.00 in the Offer Letter.

46. Defendant should have reasonably expected Plaintiff to rely on said promise in exchange for Plaintiff's employment services.

47. Plaintiff relied on such promise by accepting the position with Defendant and resigning her long-term position with GEICO.

48. Defendant acted in bad faith and caused Plaintiff unnecessary trouble and expense. Accordingly, pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to recovery of their litigation expenses, including but not limited to their reasonable attorneys' fees.

## COUNT III: FRAUDULENT INDUCEMENT

49. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

50. Defendant, through Ms. Bumbalough, falsely represented material facts in an effort to induce Plaintiff to work for Defendant.

51. Defendant's false statements were reasonably calculated to deceive Plaintiff.

52. Defendant's false statements were intended to deceive Plaintiff.

53. Plaintiff was in fact deceived by Defendant's false statements.

54. As a result of Defendant's deception, Plaintiff suffered damages because she performed work for Defendant without receiving the full New Hire Bonus.

55. As a result of Defendant's deception, Plaintiff resigned a long-term position with GEICO.

## COUNT IV: ATTORNEY FEES

56. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

57. Defendant acted in bad faith, was stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in bringing this action.

58. Pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to her attorneys' fees and expenses of litigation incurred in pursuing this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, having set forth her claim, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a judgment in Plaintiff's favor;

C. Damages in an amount to be proven at trial;

D. That Plaintiff obtain a judgment against Defendant for punitive damages as authorized by O.C.G.A. § 51-12-5.1, in an amount to be decided by a jury;

E. That Plaintiff be awarded her litigation expenses, including but not limited to attorneys' fees pursuant to O.C.G.A. § 13-6-11;

F. Costs of this action; and

G. For such other and further relief as the Court deems proper and just.

Respectfully submitted this 12th day of April, 2023.

                                                               Respectfully submitted,

                                                               /s/Amanda M. Brookhuis
                                                               Amanda Brookhuis
                                                                Georgia Bar No. 601396
                                                                *Attorney for Plaintiff*

The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
Phone: (844) 454-7529
Fax: (877) 352-6253
amb@kirbygsmith.com

CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-03075-1
4/12/2023 12:28 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGEA GARNER,<br>    Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br>    Defendant. | CIVIL ACTION FILE NO.<br><br>23-A-03075-11<br><br>**JURY TRIAL DEMANDED** |

### DEMAND FOR JURY TRIAL

Pursuant to O.C.G.A. § 15-12-122, Plaintiff demands a trial by jury.

Respectfully submitted this 12th day of April, 2023.

                                            Respectfully submitted,

                                            /s/Amanda M. Brookhuis
                                            Amanda Brookhuis
                                            Georgia Bar No. 601396
                                            *Attorney for Plaintiff*

The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
Phone: (844) 454-7529
Fax: (877) 352-6253
amb@kirbygsmith.com

FILED IN OFFICE
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-03075-1
4/14/2023 6:38 PM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGEA GARNER,<br>    Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br>    Defendant. | CIVIL ACTION FILE NO.<br><br>23-A-03075-11 |

### ORDER GRANTING PLAINTIFF'S MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

Plaintiff's Motion for Special Appointment of Process Server having been read and considered, and it appearing to the Court that such an appointment is authorized by O.C.G.A. § 9-11-4(c) and should be made,

IT IS HEREBY ORDERED that Christopher Todd Horton and agents of Ancillary Legal Corporation, each of whom is a citizen of the United States is specially appointed, authorized, and directed to serve a copy of the Summons and Complaint in this action on Defendant with process, and to make and file his proof of service as required by law.

SO ORDERED, this 14 day of April, 2023.

_____
Judge, Superior Court of Gwinnett County
Angela D. Duncan

cc: Plaintiff

Presented by:

/s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road, Suite 105
Atlanta, GA 30338
Phone: (844) 454-7529
Fax: (877) 352-6253
amb@kirbygsmith.com