**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANGELICA BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. _____ |
| FRESH EXPRESS INCORPORATED | ) |
| and CHESTER D. MORRIS, JR., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Fresh Express Incorporated ("Fresh Express"), respectfully submits this Notice of Removal to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of Removal, Fresh Express states the following:

**A.      Timeliness of Removal**

1.      On October 14, 2021, Plaintiff Angelica Brown ("Plaintiff") filed her original Complaint against Fresh Express and Darren LNU, in the Superior Court of Clayton County, Georgia, Case No. 2021CV03786-14. Plaintiff's original Complaint asserted claims against Fresh Express for negligent failure to prevent sexual harassment, negligent and wrongful hiring, retention, and supervision,

intentional infliction of emotional distress, and ratification; against Darren LNU for assault, battery, and false imprisonment; and against both Defendants for invasion of privacy, punitive damages, and attorneys' fees ("Plaintiff's state law claims"). Plaintiff's original Complaint is attached hereto as **Exhibit A**.

2.     Fresh Express's registered agent was served with process on October 20, 2021, and Fresh Express filed its Answer on November 19, 2021.

3.     On January 21, 2022, Plaintiff filed a Motion to Amend the Case Style to substitute Defendant Chester D. Morris ("Morris") for Darren LNU.

4.     Morris was personally served on February 16, 2022, and Morris filed his Answer to Plaintiff's Complaint on March 18, 2022.

5.     On April 18, 2023, Plaintiff filed an Amended Complaint, asserting— in addition to her original state law claims—claims against Fresh Express for sexual harassment and retaliation in violation Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII claims"). Plaintiff's Amended Complaint is attached hereto as **Exhibit B**.

6.     Pursuant to 28 U.S.C. § 1446(b)(3), Fresh Express is timely removing this action within thirty (30) days "after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

**B.    Venue**

7.    The Superior Court of Clayton County, Georgia is located within the Atlanta Division of the United States District Court for the Northern District of Georgia. 28 U.S.C. § 90(a)(2). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**C.    Basis for Removal: Federal Question Jurisdiction**

8.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's Amended Complaint contains claims arising under the Constitution, laws, or treaties of the United States.

9.    Plaintiff's Amended Complaint alleges that Fresh Express violated Title VII. By asserting claims under Title VII, Plaintiff's Amended Complaint asserts a federal question under 28 U.S.C. §1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

**D.    Supplemental Jurisdiction**

10.    This Court has supplemental jurisdiction over Plaintiff's state law claims.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States

Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

11.    Here, Plaintiff's state law claims relate closely to her Title VII claims. The claims all arise out of a common nucleus of operative facts: Plaintiff's interactions with Morris during her assignment at Fresh Express. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

12.    Morris consents to Fresh Express's removal of this action. Morris' Consent to Removal is attached hereto as **Exhibit C**.

**E.    Procedural Requirements**

- 4 -

13.     Copies of all process, pleadings, and orders served on Fresh Express are attached hereto as **Exhibit D**.

14.     A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of Clayton County, Georgia, and a copy is being served on Plaintiff as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit E**.

WHEREFORE, having fully complied with all requirements for removal of this action, Fresh Express requests that the action now pending in the Superior Court of Clayton County, Georgia, be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 18th day of May, 2023.

> _/s/ Katherine H. Krouse_
> Todd C. Duffield
> Georgia Bar No. 141905
> Jessica H. Thomas
> Georgia Bar No. 704970
> Katherine H. Krouse
> Georgia Bar No. 514298
> OGLETREE, DEAKINS, NASH,
>   SMOAK & STEWART, P.C.
> 191 Peachtree Street, N.E., Suite 4800
> Atlanta, GA 30303
> Telephone: (404) 881-1300
> Facsimile:  (404) 870-1732
> todd.duffield@ogletree.com
> jessica.thomas@ogletree.com
> katie.krouse@ogletree.com

- 5 -

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANGELICA BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. _____ |
| FRESH EXPRESS INCORPORATED | ) |
| and CHESTER D. MORRIS, JR., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2023, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system, and I further certify that I served a copy of same via email and U.S. mail postage prepaid to the following counsel of record:

Matthew C. Billips
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com

*/s/ Katherine H. Krouse*
Katherine H. Krouse
Georgia Bar No. 514298

- 7 -