# Exhibit A

 CT Corporation

**Service of Process Transmittal**
10/20/2021
CT Log Number 540450138

TO: Kristopher Zinchiak
Chiquita Brands International, Inc.
DCOTA OFFICE CENTER, 1855 GRIFFIN ROAD
SUITE C-436
DANIA BEACH, FL 33004

RE: **Process Served in Georgia**

FOR: Fresh Express Incorporated  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ANGELICA BROWN // To: Fresh Express Incorporated |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CV0378614 |
| **NATURE OF ACTION:** | Employee Litigation - Harassment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/20/2021 at 14:43 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/20/2021, Expected Purge Date: 10/25/2021<br><br>Image SOP<br><br>Email Notification,  Kristopher Zinchiak  kzinchiak@chiquita.com<br><br>Email Notification,  Antonio Calisto Pato  acalisto@Chiquita.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / JR

# SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

## 2021CV03786-14

OCT 14, 2021 04:29 PM

*Jacqueline D. Wills, Clerk*
*Clayton County, Georgia*

CIVIL ACTION NUMBER  2021CV03786-14

Brown, Angelica

---

**PLAINTIFF**

**VS.**

Fresh Express Incorporated
LNU, Darren

---

**DEFENDANTS**

## SUMMONS

TO: FRESH EXPRESS INCORPORATED

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Grace Starling**
**Barrett & Farahany**
**1100 Peachtree St NE**
**Ste 500**
**Atlanta, Georgia 30309**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 14th day of October, 2021.**

Clerk of Superior Court

*Jacqueline D. Wills, Clerk*
*Clayton County, Georgia*

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

**OCT 14, 2021 04:29 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

# IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## **COMPLAINT**

COMES NOW Angelica Brown ("Plaintiff"), by and through her undersigned counsel, and files this Complaint against Defendants Fresh Express Incorporated, ("Defendant" or "Fresh Express") and Darren LNU ("Defendant" or "Darren") (collectively referred to as "Defendants") showing the Court as follows:

### **JURISDICTION AND VENUE**

1.

The unlawful employment practices alleged in this Complaint were committed within this County and Defendant does business within Clayton County. Venue is, therefore, appropriate in this Court.

1

## PARTIES

2.

Plaintiff is a female citizen of the United States of America and a resident of Georgia and is subject to the jurisdiction of this Court.

3.

Defendant Fresh Express Incorporated is a Foreign Profit Corporation doing business in the State of Georgia and within Clayton County, and at all times material hereto has conducted business within this jurisdiction and venue.

4.

Plaintiff was jointly employed by Signature Staffing, LLC and, by contract between Signature Staffing Fresh Express, Incorporated, was in fact an employee of Fresh Express, assigned to work at from January 2021 until June of 2021 at Fresh Express, Inc. at its location at 1361 Southern Road, Morrow, GA  30260.

5.

Although her statutory employer was Signature Staffing, Defendant Fresh Express determined what work she was to perform, when she would work, who would supervise that work, and exercised day to day control over her duties as an employee.

2

6.

On information and belief, Darren LNU is a resident of the United States of America and the State of Georgia, was an employee of Fresh Express, Inc., and held a supervisory relationship as a floor lead over Plaintiff during the majority of her assignment at Fresh Express. He introduced himself to Plaintiff as "Darren" and did not state his last name.

7.

Fresh Express may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

8.

Darren LNU may be served with process by delivering a copy of the summons and complaint to his place of employment, Fresh Express Incorporated, 1361 Southern Road, Morrow, Georgia 30260.

## **FACTUAL ALLEGATIONS**

9.

Plaintiff began working at Defendant Fresh Express's Morrow Location in January of 2021.

3

10.

Prior to February 24, 2021, Defendant Darren, who had not yet introduced himself to Plaintiff, would greet Plaintiff by saying "Hi beautiful" or "Hi sexy."

11.

Within approximately a month of Plaintiff beginning to work at Fresh Express, on or about February 24, 2021, Defendant Darren approached her while she was working on the line and introduced himself by his first name only.

12.

Defendant Darren told Plaintiff that one of her co-workers would relieve her in 30 minutes and bring her to him.  Because Defendant Darren was a supervisor, Plaintiff did not protest, believing that it was work-related.

13.

Within 30 minutes, a co-worker relieved her and told her where to go to meet Defendant Darren.

14.

By his actions, Defendant Darren demonstrated that he had sufficient authority that he could remove Plaintiff from work on a whim.

4

15.

To Plaintiff's surprise, Defendant Darren had obtained food for her, and it became apparent that he was intending a social encounter. Plaintiff objected and told him that she did not want him to buy food for her or remove her from her work area.

16.

Defendant Darren ignored her and told a co-worker known as Ube (who was known to sell snacks and other merchandise from the trunk of his car) to give Plaintiff whatever she wanted from the trunk of his car, in an apparent bid to impress Plaintiff.

17.

Beginning after Defendant Darren introduced himself to Plaintiff on or about February 24, 2021, Defendant Darren dramatically escalated his sexually harassing behavior and tortious conduct.

18.

Darren LNU began making overt and grotesquely sexual statements and advances, including saying things such as, "I would eat your pussy so good," "Let me taste both of your lips," "Once you have me, you won't want to leave me alone," "Why do you talk to men that can't do what I can do for you?," "You are so sexy,"

5

"You couldn't handle me," "I would tear your pussy up," "I would eat you so good," and "I bet you taste as good as you look" while Plaintiff was working.  Plaintiff objected to his statements and conduct, but he continued.

19.

Defendant Darren propositioned Plaintiff regularly while she was working at Fresh Express.

20.

One evening, on or about March 25, 2021, Plaintiff got off of work at 3:00 a.m. and was waiting on her ride to take her to her residence.  Defendant Darren was waiting for her and ordered her to get in his car.

21.

When Plaintiff objected, Mr. Darren told her to get in the car and that they were just going up to QuikTrip.

22.

After Plaintiff was ordered into the car, Defendant almost immediately began telling Plaintiff he wanted to have sex with her.  She objected, but he ignored her.

23.

When they got to the QuikTrip, Defendant Darren went inside and bought cigarettes and a drink.

6

24.

When Defendant Darren returned to the car, he came to the passenger side door, opened it, and forcibly kissed Plaintiff against her will.

25.

Plaintiff pushed him away and asked him to stop.

26.

He got back in the car and drove Plaintiff back to where she had been waiting. She told him that he had to stop, that she did not want him doing that kind of thing, and he said that Plaintiff "was going to want to mess with me.  Trust me, you're going to want to."  Plaintiff continued to reject him.

27.

Darren continued to harass Plaintiff and, after she continued to rejected him, told Plaintiff that if she reported him, he would kill her.

28.

Defendant Darren's continuing harassment and threats did not stop until on or about April 1, 2021, when Plaintiff moved to a different department where her hours were reduced and Defendant Darren was no longer her manager/floor lead.

7

29.

On or about April 25, 2021, Plaintiff complained to Signature Contingent Management about the harassment and notified Fresh Express on or about April 26, 2021.

30.

Defendant Darren called Plaintiff from a private number and threatened her "I know you've been talking, but I will have you all up in and through that office! Don't try me."

31.

When Signature Contingent Staffing learned of this harassment, it launched a full investigation and found that Defendant Darren had harassed multiple female employees, particularly those women who were most vulnerable as a result of being in a rehab program such as the one Plaintiff was in.

32.

Additionally, Defendant Darren asked a co-worker for Viagra or "dick hard pills" and was witnessed asking other female co-workers for sex and physically rubbing up against them with his body.

8

33.

Defendant Fresh Express provided no training on sexual harassment to any of its employees.

34.

Defendant Fresh Express maintains a hostile work environment where sexual harassment, assault, and workplace violence are tolerated and ignored by management.

35.

Defendant Fresh Express, in addition to sexual harassment, maintains an unsafe work environment for its employees where employees are not allowed to go the bathroom, people pull knives on the work floor, and employees are punched in the face without remedy.

36.

Defendant Fresh Express knowingly allows its employees to buy and sell drugs in the workplace, which resulted in two employees dying of overdoses at the Morrow location.

37.

Several HR managers at the Morrow, Chicago, and Harrisburg locations left Fresh Express because they were forced to sweep things under the rug at the

9

direction of upper management at Fresh Express. In addition to the poor work conditions and unbeknownst to Plaintiff, Fresh Express has an extensive history of knowingly allowing employees to sexually harass female employees and protecting its harasser employees, including Mr. Darian Grimes.

38.

Throughout all times relevant to this lawsuit and unknown to Plaintiff, Defendant Fresh Express was a Defendant in this Court in the matter of Barbara Johnson v. Fresh Express and Darian Grimes, Clayton County Superior Court, Civil Action File No. 2020cv02055-13.

39.

On or around October 14, 2019, Mr. Darian Grimes began to sexually harass a Fresh Express employee named Barbara Johnson.

40.

At least once or twice a week, Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate physical contact, repeated sexual advances, and other offensive and harassing acts.

10

41.

Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate physical contact, including hitting Plaintiff on the buttocks and intentionally bumping into her in a sexual manner.

42.

Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate sexual comments. For example, Mr. Grimes told Ms. Johnson that she needed a "big dick," that she needed a younger man, and that he would take her home and take care of her. Mr. Grimes also told other employees of Fresh Express that he was having sex with Ms. Johnson, which was not true.

43.

Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate sexual advances, including the aforementioned comments and sexual touching and repeatedly followed Ms. Johnson to her car.

44.

On or around November 29, 2019, Ms. Johnson complained to Fresh Express' Human Resources Department that Mr. Darren was sexually harassing her.

11

45.

Ms. Johnson wrote out statements about Mr. Grimes sexual comments, advances, and physical harassment and provided names of other employees who had witnessed the harassment.

46.

On January 28, 2020, Ms. Johnson's Manager, David Williams, told her that he had not seen the statements she made to HR regarding the sexual harassment she was experiencing.

47.

Fresh Express's only response to Ms. Johnson's complaints was to separate her and Mr. Grimes for a single week by having Ms. Johnson work in the computer lab.

48.

After one week, Fresh Express had Ms. Johnson return to work on the floor on the same lines as Mr. Grimes. Mr. Grimes resumed his sexual harassment of Ms. Johnson.

12

49.

On March 4, 2020, Ms. Johnson again complained to HR that Mr. Grimes was sexually harassing her. Mr. Grimes continued to subject Ms. Johnson to unwanted and inappropriate physical contact by rubbing up against her.

50.

Ms. Johnson rejected all of Mr. Grimes' sexual advances and physical harassment. When Ms. Johnson would push Mr. Grimes away and tell him she was going to complain to HR, Mr. Grimes would laugh.

51.

On March 5, 2020, the day after she complained to HR about the sexual harassment, Ms. Johnson was terminated by Fresh Express. Fresh Express terminated Ms. Johnson because she complained about Grime's inappropriate comments and offensive touching.

52.

The tortious conduct alleged herein by Ms. Brown, occurred during the midst of the lawsuit brought by Ms. Johnson, yet Defendant took no corrective or remedial action with respect to either case. In fact, Defendant did nothing to ensure that it provided a work place free from sexual harassment and ignored an environment permeated with sexual harassment and abuse.

13

53.

As a result of Mr. Darren's sexual harassment and Fresh Express's failure to take action, Plaintiff has suffered damages, including mental and emotional suffering caused by Defendants' misconduct.

## **CLAIMS FOR RELIEF**

## **COUNT ONE:** ·
## **NEGLIGENT FAILURE TO PREVENT SEXUAL HARASSMENT**

54.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

55.

Defendant Fresh Express had a duty to Ms. Brown to prevent sexual harassment in the workplace, which sexual harassment included unwanted touchings, sexual advances, and other similar conduct.

56.

By virtue of the aforementioned conduct by Defendant Darren, Defendant Fresh Express's deliberate and intentional toleration of sexual harassment, and the failure of Defendant Fresh Express to prevent sexual harassment, Defendants failed to use ordinary care to prevent sexual harassment in the workplace, causing Plaintiff to be sexually harassed and/or sexually assaulted.

14

57.

The conduct of Defendants was consciously or recklessly indifferent to the inevitable or probable consequences of its conduct in failing to remedy the harassment.

58.

Defendants are thus liable to Plaintiff for damages to her peace, happiness, and feelings sustained as a result.

## COUNT TWO: NEGLIGENT AND WRONGFUL HIRING, SUPERVISION, AND RETENTION
### (Defendant Fresh Express)

59.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

60.

Fresh Express knew of Mr. Darren's sexually offensive conduct and battery upon Plaintiff.

61.

Fresh Express received actual notice of the sexual harassment and battery Plaintiff suffered when Plaintiff made multiple complaints to individuals in Fresh Express's Human Resources Department and when Plaintiff notified her Manager.

15

62.

Folloiwng Plaintiff's complaints, it was foreseeable that Mr. Darren would continue to engage in his sexual harassment and battery of Plaintiff.

63.

Fresh Express nonetheless failed and refused to act to protect Plaintiff from Darren's sexual harassment, battery, and threats to harm her if she continued to disclose his conduct.

64.

Fresh Express was willfully negligent in its supervising, and/or continuing the employment of Mr. Darren.

65.

By retaining Defendant Darren after it knew or should have known of his propensity to engage in sexual harassment and batteries of Plaintiff, Fresh Express breached its duty to Plaintiff to provide a working environment free from sexual harssment and batteries as required by Georgia law.

66.

As a result of Fresh Express's negligence, which was in reckless disregard for Plaintiff's health and safety, Plaintiff suffered mental anguish, loss of income, humiliation, and other indignities.

16

67.

Fresh Express was willfully negligent in its hiring, supervising, and/or continuing the employment of Mr. Darren. As a result of said negligence, which was gross and in reckless disregard for Plaintiff's heath and safety, Plaintiff has suffered mental anguish, loss of income, humiliation, and other indignities.

## COUNT THREE:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Fresh Express)

68.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

69.

Fresh Express allowed Plaintiff to be subjected to sexual harassment and battery and failed to take any corrective action.

70.

Fresh Express's failure to act caused Plaintiff to suffer continued abuse by her supervisor.

71.

Fresh Express intended to inflict severe emotional distress and knew that it was a high probability that sexual harassment and battery inflicted upon Plaintiff would do so.

17

72.

Fresh Express's inaction and conduct actually caused severe emotional distress to Plaintiff.

73.

Fresh Express set out to punish Plaintiff for her complaints of sexual harassment and battery and to deliberately retaliate against Plaintiff.

74.

Fresh Express is liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

## COUNT FOUR: ASSAULT
### (Defendant Darren)

75.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

76.

On every occasion Ms. Brown was apprehensive of a potential battery from Defendant Darren, Defendant Darren committed an assault against Ms. Brown.

77.

Defendants are liable for all general and special damages proximately resulting from each assault of Ms. Brown.

18

## COUNT FIVE: BATTERY
### (Defendant Darren)

78.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

79.

Defendant Darren touched Plaintiff in an offensive manner without permission or other justification and, therefore, committed a battery.

80.

Defendant Darren is liable for all general and special damages proximately resulting from the battery of Plaintiff.

## COUNT SIX:  FALSE IMPRISONMENT
### (Defendant Darren)

81.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

82.

Defendant Darren restrained Ms. Brown when he forced her to get in his car with him.

83.

Defendant Darren intended to keep Ms. Brown from leaving.

19

84.

Defendant Darren's restraint on Plaintiff was unlawful and caused fear, anxiety, and depression.

## COUNT SEVEN: INVASION OF PRIVACY

85.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

86.

The actions of Defendants give rise to the common law claim of Invasion of Privacy.

87.

Defendant Darren unjustifiably intruded upon Plaintiff's right to privacy by unreasonably interfering with her seclusion.

88.

Defendant Fresh Express ratified Defendant Darren's actions.

89.

Defendant Fresh Express is responsible for Defendant Darren's invasion of privacy because it negligently supervised or retained Defendant Darren.

20

90.

As a direct and proximate cause of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, and/or shame and embarrassment. Plaintiff's damages have been experienced in the past, and they will continue in the future.

## COUNT EIGHT: RATIFICATION

91.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

92.

Defendant Fresh Express knew, or in the exercise of ordinary diligence, should have known of the propensity of its employees, including Defendant Darren, to engage in sexually offensive conduct toward other employees/applicants, and Plaintiff in particular.

93.

Having knowledge of Defendant Darren's sexually offensive and tortious conduct, including batteries, Defendant Fresh Express permitted the conduct to continue and retained Defendant Darren.

21

94.

As a result, Defendant Fresh Express has ratified the sexually offensive conduct and is subject to liability for that conduct.

## COUNT NINE:
## PUNITIVE DAMAGES PURSUANT TO O.C.G.A. § 51-12-5
## (All Defendants)

95.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

96.

The aggravating circumstances in Mr. Darren's commission of the conduct against Plaintiff and intentions in committing the same entitle Plaintiff to an award of punitive damages to deter Fresh Express from repeating trespass and as compensation for the wounded feelings of Plaintiff.

## COUNT TEN: ATTORNEYS' FEES AND EXPENSES OF LITIGATION
## PURSUANT TO O.C.G.A. § 13-6-11
## (All Defendants)

97.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

98.

Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus

22

entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

99.

Plaintiff has put Defendants on notice that Plaintiff seeks attorneys' fees, litigation costs, and expenses from Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendants' misconduct;

(b)     Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Injunctive relief of front pay and prohibiting Defendant from further unlawful conduct of the type described herein; and

23

(h)    All other relief to which she may be entitled.

Respectfully submitted this 14th day of October 2021.

**BARRETT & FARAHANY**

s/ *Grace A. Starling*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorneys for Plaintiff Angelica Brown*

1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 (*facsimile*)
matt@justiceatwork.com
grace@justiceatwork.com

24