# Exhibit B

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
APR 18, 2023 04:20 PM

Chanae Clemons, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and CHESTER D. MORRIS, JR., | |
| Defendants. | |

### AMENDED COMPLAINT FOR DAMAGES

COMES NOW Angelica Brown ("Plaintiff"), by and through her undersigned counsel, and files this Complaint against Defendants Fresh Express Incorporated, ("Defendant" or "Fresh Express") and Defendant Morris ("Defendant" or "Morris ") (collectively referred to as "Defendants") showing the Court as follows:

### JURISDICTION AND VENUE

1.

The unlawful employment practices alleged in this Complaint were committed within this County and Defendant does business within Clayton County. Venue is, therefore, appropriate in this Court.

### PARTIES

2.

Plaintiff is a female citizen of the United States of America and a resident of Georgia and is subject to the jurisdiction of this Court.

3.

Defendant Fresh Express Incorporated is a Foreign Profit Corporation doing business in the State of Georgia and within Clayton County, and at all times material hereto has conducted business within this jurisdiction and venue.

4.

Plaintiff was jointly employed by Signature Staffing, LLC and, by contract between Signature Staffing Fresh Express, Incorporated, was in fact an employee of Fresh Express, assigned to work at from January 2021 until June of 2021 at Fresh Express, Inc. at its location at 1361 Southern Road, Morrow, GA  30260.

5.

Although her nominal employer was Signature Staffing, Defendant Fresh Express determined what work she was to perform, when she would work, who would supervise that work, and exercised day to day control over her duties as an employee.

6.

Defendant Chester D. Morris, Jr. is a resident of the United States of America and the State of Georgia, was an employee of Fresh Express, Inc., and held a supervisory relationship as a floor lead over Plaintiff during the majority of her assignment at Fresh Express.  He introduced himself to Plaintiff as "Morris " and did not state his last name.

7.

Fresh Express has been properly served with process. Defendant Fresh Express will be served with a copy of this Amended Complaint through service on its counsel of record.

8.

Chester D. Morris, Jr. was properly served with process.  Defendant Morris will be served with a copy of this Amended Complaint through service on its counsel of record.

## FACTUAL ALLEGATIONS

9.

Plaintiff is neither the first nor the last female employee at Defendant Fresh Express' Morrow location who has been sexually harassed and retaliated against by Defendant.

10.

Throughout all times relevant to this lawsuit and unknown to Plaintiff, Defendant Fresh Express was a Defendant in this Court in the matter of Barbara Johnson v. Fresh Express and Darian Grimes, Clayton County Superior Court, Civil Action File No. 2020cv02055-13.

11.

As a result of Mr. Morris' sexual harassment and Fresh Express's failure to take action, Plaintiff has suffered damages, including mental and emotional suffering caused by Defendants' misconduct.

12.

Plaintiff began working at Defendant Fresh Express's Morrow Location in January of 2021.

13.

Prior to February 24, 2021, Defendant Morris , who had not yet introduced himself to Plaintiff, would greet Plaintiff by saying "Hi beautiful" or "Hi sexy."

14.

Within approximately a month of Plaintiff beginning to work at Fresh Express, on or about February 24, 2021, Defendant Morris approached her while she was working on the line and introduced himself by his first name only.

15.

Defendant Morris told Plaintiff that one of her co-workers would relieve her in 30 minutes and bring her to him.  Because Defendant Morris was a supervisor, Plaintiff did not protest, believing that it was work-related.

16.

Within 30 minutes, a co-worker relieved her and told her where to go to meet Defendant Morris .

17.

By his actions, Defendant Morris demonstrated that he had sufficient authority that he could remove Plaintiff from work on a whim.

18.

To Plaintiff's surprise, Defendant Morris had obtained food for her, and it became apparent that he was intending a social encounter.  Plaintiff objected and told him that she did not want him to buy food for her or remove her from her work area.

19.

Defendant Morris ignored her and told a co-worker known as Ube (who was known to sell snacks and other merchandise from the trunk of his car) to give Plaintiff whatever she wanted from the trunk of his car, in an apparent bid to impress Plaintiff.

20.

Beginning after Defendant Morris introduced himself to Plaintiff on or about February 24, 2021, Defendant Morris dramatically escalated his sexually harassing behavior and tortious conduct.

21.

Defendant Morris began making overt and grotesquely sexual statements and advances, including saying things such as, "I would eat your pussy so good," "Let me taste both of your lips," "Once you have me, you won't want to leave me alone," "Why do you talk to men that can't do what I can do for you?," "You are so sexy," "You couldn't handle me," "I would tear your pussy up," "I would eat you so good,"  and "I bet you taste as good as you look" while Plaintiff was working.  Plaintiff objected to his statements and conduct, but he continued.

22.

Defendant Morris propositioned Plaintiff regularly while she was working at Fresh Express.

23.

One evening, on or about March 25, 2021, Plaintiff got off of work at 3:00 a.m. and was waiting on her ride to take her to her residence.  Defendant Morris was waiting for her and ordered her to get in his car.

24.

When Plaintiff objected, Mr. Morris told her to get in the car and that they were just going up to QuikTrip.

25.

After Plaintiff was ordered into the car, Defendant almost immediately began telling Plaintiff he wanted to have sex with her.  She objected, but he ignored her.

26.

When they got to the QuikTrip, Defendant Morris went inside and bought cigarettes and a drink.

27.

When Defendant Morris returned to the car, he came to the passenger side door, opened it, and forcibly kissed Plaintiff against her will.

28.

Plaintiff pushed him away and asked him to stop.

29.

He got back in the car and drove Plaintiff back to where she had been waiting.  She told him that he had to stop, that she did not want him doing that kind of thing, and he said that Plaintiff "was going to want to mess with me.  Trust me, you're going to want to."  Plaintiff continued to reject him.

30.

Defendant Morris continued to harass Plaintiff and, after she continued to rejected him, told Plaintiff that if she reported him, he would kill her.

31.

Defendant Morris' continuing harassment and threats did not stop until on or about April 1, 2021, when Plaintiff moved to a different department where her hours were reduced and Defendant Morris was no longer her manager/floor lead.

32.

On or about April 25, 2021, Plaintiff complained to Signature Contingent Management about the harassment and notified Fresh Express on or about April 26, 2021.

33.

Defendant Morris called Plaintiff from a private number and threatened her "I know you've been talking, but I will have you all up in and through that office!  Don't try me."

34.

Additionally, Defendant Morris asked a co-worker for Viagra or "dick hard pills" and was witnessed asking other female co-workers for sex and physically rubbing up against them with his body.

35.

When Signature Contingent Staffing learned of this harassment, it launched a full investigation and found that Defendant Morris had harassed multiple female employees, particularly those women who were most vulnerable as a result of being in a rehab program such as the one Plaintiff was in.

36.

As a result of Signature's investigation and conclusion that Defendants had sexually harassed Plaintiff, Defendant Signature terminated its contract with Defendant Fresh Express.

37.

As stated in a May 25, 2021 email to Signature from Defendant Fresh Express, employees who had worked more than 520 hours at the time of the termination of the contract between Signature and Defendant Fresh Express were eligible to be and should have been transitioned to continue working as an employee of Defendant Fresh Express.

38.

As of May 25, 2021, Plaintiff had worked more than 520 hours for Defendant Fresh Express, but was not transitioned to employment with Fresh Express.

39.

Defendant Fresh Express' refused to offer Plaintiff continued employment because Plaintiff had complained of sexual harassment.

40.

Defendant Fresh Express provided no training on sexual harassment to any of its employees.

41.

Defendant Fresh Express maintains a hostile work environment where sexual harassment, assault, and workplace violence are tolerated and ignored by management.

42.

Defendant Fresh Express, in addition to sexual harassment, maintains an unsafe work environment for its employees where employees are not allowed to go the bathroom, people pull knives on the work floor, and employees are punched in the face without remedy.

43.

Defendant Fresh Express knowingly allows its employees to buy and sell drugs in the workplace, which resulted in two employees dying of overdoses at the Morrow location.

44.

Several HR managers at the Morrow, Chicago, and Harrisburg locations left Fresh Express because they were forced to sweep things under the rug at the direction of upper management at Fresh Express. In addition to the poor work conditions and unbeknownst to Plaintiff, Fresh Express

has an extensive history of knowingly allowing employees to sexually harass female employees and protecting its harasser employees, including Mr. Darian Grimes.

45.

Ms. Brown's allegations are strikingly similar to the allegations of Barbara Johnson.  Ms. Johnson alleged that Darian Grimes (hereinafter "Grimes" or "Mr. Grimes") sexually harassed her during her employment with Fresh Express and that Fresh Express subsequently retaliated against her.

46.

On information and belief, Mr. Grimes was a friend of Defendant Morris, at least during the time they worked together at Fresh Express.

47.

On information and belief, the following of the circumstances of Ms. Johnson's experience with Fresh Express:  On or around October 14, 2019, Mr. Grimes began to sexually harass Ms. Johnson. Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate physical contact, repeated sexual advances, and other offensive and harassing acts.  Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate physical contact, including hitting Plaintiff on the buttocks and intentionally bumping into her in a sexual manner. Mr. Grimes repeatedly subjected Ms. Johnson to unwanted and inappropriate sexual comments. Mr. Grimes also told other employees of Fresh Express that he was having sex with Ms. Johnson, which was not true.  Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate sexual advances, including the aforementioned comments and sexual touching and repeatedly followed Ms. Johnson to her car. On or around November 29, 2019, Ms. Johnson complained to Fresh Express' Human Resources Department that Mr. Morris was sexually harassing her.  On January 28, 2020, Ms. Johnson's

Manager, David Williams, told her that he had not seen the statements she made to HR regarding the sexual harassment she was experiencing. Fresh Express's only response to Ms. Johnson's complaints was to separate her and Mr. Grimes for a single week by having Ms. Johnson work in the computer lab.  After one week, Fresh Express had Ms. Johnson return to work on the floor on the same lines as Mr. Grimes. Mr. Grimes resumed his sexual harassment of Ms. Johnson. On March 4, 2020, Ms. Johnson again complained to HR that Mr. Grimes was sexually harassing her. Mr. Grimes continued to subject Ms. Johnson to unwanted and inappropriate physical contact by rubbing up against her. Ms. Johnson rejected all of Mr. Grimes' sexual advances and physical harassment. On March 5, 2020, the day after she complained to HR about the sexual harassment, Ms. Johnson was terminated by Fresh Express. Fresh Express terminated Ms. Johnson because she complained about Grime's inappropriate comments and offensive touching.

48.

The tortious conduct alleged herein by Ms. Brown, occurred during the midst of the lawsuit brought by Ms. Johnson, yet Defendant took no corrective or remedial action with respect to either case.  In fact, Defendant did nothing to ensure that it provided a work place free from sexual harassment and ignored an environment permeated with sexual harassment and abuse.

49.

On information and belief, Rahinah Hill experienced similar sexual harassment by Defendant after Ms. Brown was terminated, as follows:  Ms. Hill was employed by Defendant from on or about August 18, 2021, until on or about June 3, 2022.   For a lengthy period of time, prior to her termination in June 2022, Plaintiff was sexually harassed by her line leader, Ralph Sims. Mr. Sims' sexual harassment included lude comments and he also grabbed Plaintiff's buttocks.  Ms. Hill rejected Mr. Sims' advances and ignored him at work as much as possible. As

a result, Mr. Sims began retaliating against Ms. Hill for rejecting his advances. In particular, it was apparent that Mr. Sims was trying to get Ms. Hill terminated without cause.  On or about May 5, 2022, Ms. Hill complained Defendant's Human Resources Department, in writing about Mr. Sims' sexual harassment and retaliation, and explained the history of his sexual harassment.  On or about June 3, 2022, Plaintiff was terminated.

50.

The tortious conduct alleged by Ms. Hill began after Ms. Brown had filed a Charge of discrimination with the EEOC and after and during lawsuits brought by Ms. Johnson and Ms. Brown, yet Defendant took no corrective or remedial action with respect to any of these matters. In fact, Defendant did nothing to ensure that it provided a work place free from sexual harassment and ignored an environment permeated with sexual harassment and abuse.

**CLAIMS FOR RELIEF**

**COUNT ONE:**
**NEGLIGENT FAILURE TO PREVENT SEXUAL HARASSMENT**

51.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

52.

Defendant Fresh Express had a duty to Ms. Brown to prevent sexual harassment in the workplace, which sexual harassment included unwanted touchings, sexual advances, and other similar conduct.

53.

By virtue of the aforementioned conduct by Defendant Morris, Defendant Fresh Express's deliberate and intentional toleration of sexual harassment, and the failure of Defendant Fresh

Express to prevent sexual harassment, Defendants failed to use ordinary care to prevent sexual harassment in the workplace, causing Plaintiff to be sexually harassed and/or sexually assaulted.

54.

The conduct of Defendants was consciously or recklessly indifferent to the inevitable or probable consequences of its conduct in failing to remedy the harassment.

55.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

56.

As a direct and proximate result of Defendant's actions, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

57.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable

58.

Defendants are thus liable to Plaintiff for damages to her peace, happiness, and feelings sustained as a result.

### COUNT TWO: NEGLIGENT AND WRONGFUL HIRING, SUPERVISION, AND RETENTION
**(Defendant Fresh Express)**

59.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

60.

Fresh Express knew of Mr. Morris' sexually offensive conduct and battery upon Plaintiff.

61.

Fresh Express received actual notice of the sexual harassment and battery Plaintiff suffered when Plaintiff made multiple complaints to individuals in Fresh Express's Human Resources Department and when Plaintiff notified her Manager.

62.

Folloiwng Plaintiff's complaints, it was foreseeable that Mr. Morris would continue to engage in his sexual harassment and battery of Plaintiff.

63.

Fresh Express nonetheless failed and refused to act to protect Plaintiff from Morris' sexual harassment, battery, and threats to harm her if she continued to disclose his conduct.

64.

Fresh Express was willfully negligent in its supervising, and/or continuing the employment of Mr. Morris .

65.

By retaining Defendant Morris after it knew or should have known of his propensity to engage in sexual harassment and batteries of Plaintiff, Fresh Express breached its duty to Plaintiff to provide a working environment free from sexual harssment and batteries as required by Georgia law.

66.

As a result of Fresh Express's negligence, which was in reckless disregard for Plaintiff's health and safety, Plaintiff suffered mental anguish, loss of income, humiliation, and other indignities.

67.

Fresh Express was willfully negligent in its hiring, supervising, and/or continuing the employment of Mr. Morris.  As a result of said negligence, which was gross and in reckless disregard for Plaintiff's heath and safety, Plaintiff has suffered mental anguish, loss of income, humiliation, and other indignities.

68.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

69.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

70.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable under Title VII.

## COUNT THREE:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Fresh Express)

71.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

72.

Fresh Express allowed Plaintiff to be subjected to sexual harassment and battery and failed to take any corrective action.

73.

Fresh Express's failure to act caused Plaintiff to suffer continued abuse by her supervisor.

74.

Fresh Express intended to inflict severe emotional distress and knew that it was a high probability that sexual harassment and battery inflicted upon Plaintiff would do so.

75.

Fresh Express's inaction and conduct actually caused severe emotional distress to Plaintiff.

76.

Fresh Express set out to punish Plaintiff for her complaints of sexual harassment and battery and to deliberately retaliate against Plaintiff.

77.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

78.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

79.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable under Title VII.

80.

Fresh Express is liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.\

## COUNT FOUR: ASSAULT
### (Defendant Morris )

81.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

82.

On every occasion Ms. Brown was apprehensive of a potential battery from Defendant Morris , Defendant Morris committed an assault against Ms. Brown.

83.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

84.

As a direct and proximate result of Defendant's actions, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

85.

Plaintiff has suffered personal physical injuries and physical sickness as a result of this Defendant's actions

86.

Defendants are liable for all general and special damages proximately resulting from each assault of Ms. Brown.

## **COUNT FIVE: BATTERY**
**(Defendant Morris )**

87.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

88.

Defendant Morris touched Plaintiff in an offensive manner without permission or other justification and, therefore, committed a battery.

89.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

90.

As a direct and proximate result of this Defendant's actions, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

91.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which this Defendant is liable

92.

Defendant Morris is liable for all general and special damages proximately resulting from the battery of Plaintiff.

## COUNT SIX:  FALSE IMPRISONMENT
### (Defendant Morris )

93.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

94.

Defendant Morris restrained Ms. Brown when he forced her to get in his car with him.

95.

Defendant Morris intended to keep Ms. Brown from leaving.

96.

Defendant Morris' restraint on Plaintiff was unlawful and caused fear, anxiety, and depression.

97.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

98.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

99.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable under Title VII.

## COUNT SEVEN: INVASION OF PRIVACY

100.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

101.

The actions of Defendants give rise to the common law claim of Invasion of Privacy.

102.

Defendant Morris unjustifiably intruded upon Plaintiff's right to privacy by unreasonably interfering with her seclusion.

103.

Defendant Fresh Express ratified Defendant Morris' actions.

104.

Defendant Fresh Express is responsible for Defendant Morris' invasion of privacy because it negligently supervised or retained Defendant Morris .

105.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

106.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

107.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

108.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable under Title VII.

## **COUNT EIGHT: RATIFICATION**

109.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

110.

Defendant Fresh Express knew, or in the exercise of ordinary diligence, should have known of the propensity of its employees, including Defendant Morris, to engage in sexually offensive conduct toward other employees/applicants, and Plaintiff in particular.

111.

Having knowledge of Defendant Morris' sexually offensive and tortious conduct, including batteries, Defendant Fresh Express permitted the conduct to continue and retained Defendant Morris while terminating Ms. Brown.

112.

As a result, Defendant Fresh Express has ratified the sexually offensive conduct and is subject to liability for that conduct.

113.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

114.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

115.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable under Title VII.

### COUNT NINE:
### PUNITIVE DAMAGES PURSUANT TO O.C.G.A. § 51-12-5
### (All Defendants)

116.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

117.

The aggravating circumstances in Mr. Morris' commission of the conduct against Plaintiff and intentions in committing the same entitle Plaintiff to an award of punitive damages to deter Fresh Express from repeating trespass and as compensation for the wounded feelings of Plaintiff.

### COUNT TEN: ATTORNEYS' FEES AND EXPENSES OF LITIGATION  PURSUANT TO O.C.G.A. § 13-6-11
### (All Defendants)

118.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

119.

Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

120.

Plaintiff has put Defendants on notice that Plaintiff seeks attorneys' fees, litigation costs, and expenses from Defendants.

## COUNT ELEVEN: VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Defendant Fresh Express)

121.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

122.

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission following her termination, alleging sex discrimination (in the form of sexual harassment) and retaliation because of the actions complained of herein, including her termination.

123.

On February 6, 2023, Plaintiff was issued a Notice of Right to Sue with regard to her claims under Title VII.  This amended Complaint is filed within 90 days of receipt of such notice.

124.

Defendant's actions in permitting a supervisory employee to sexually harass Plaintiff constitutes unlawful discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. and 42 U.S.C. Section 1981a.

125.

Defendant's violation of Plaintiff's rights under Title VII was intentional and undertaken notwithstanding actual knowledge of its obligations under federal law to prevent and remedy sexual harassment by supervisory employees.

126.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

127.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

128.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, including the sexual battery by Defendant Morris, for which Defendant Fresh Express is liable under Title VII.

129.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT TWELVE: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Defendant Fresh Express)

130.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

131.

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission following her termination, alleging sex discrimination (in the form of sexual harassment) and retaliation because of the actions complained of herein, including her termination.

132.

On February 6, 2023, Plaintiff was issued a Notice of Right to Sue with regard to her claims under Title VII.  This amended Complaint is filed within 90 days of receipt of such notice.

133.

Defendant's actions in terminating Plaintiff's employment constitute unlawful retaliatory discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. and 42 U.S.C. Section 1981a, for which Plaintiff is entitled to relief.

134.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its retaliatory discrimination against Plaintiff was intentional.

135.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

136.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable under Title VII.

137.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)     General damages for personal physical injury or physical sickness caused by Defendants' misconduct;

(b)     General damages for mental and emotional suffering caused by Defendants' misconduct;

(c)     Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d)     Special damages for lost wages and benefits and prejudgment interest thereon;

(e)     Reasonable attorney's fees and expenses of litigation;

(f)     Trial by jury as to all issues;

(g)     Prejudgment interest at the rate allowed by law;

(h)     Injunctive relief of front pay and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted this day, April 18, 2023.

                              **BARRETT & FARAHANY**

                              s/ *Matthew C. Billips*
                              Matthew C. Billips
                              Georgia Bar No. 057110

                              *Attorneys for Plaintiff Angelica Brown*

P.O. Box 530092
Atlanta, Georgia 30353 0092
(470( 284-7265
(404) 214-0125 (*facsimile*)
matt@justiceatwork.com

26

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
APR 18, 2023 04:20 PM

Chanae Clemons, Clerk
Clayton County, Georgia

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN, | Civil Action No. |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS, INCORPORATED AND CHESTER D. MORRIS, JR., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing *Amended Complaint for Damages* which will automatically send email notification of such filing to the following attorneys of record:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Katherine H. Krouse
katie.krouse@ogletree.com
Jessica H. Thomas
jessica.thomas@ogletree.com

Respectfully submitted this 18th day of April, 2023.

**BARRETT & FARAHANY**

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110