# Exhibit D

 **CT Corporation**

**Service of Process Transmittal**
10/20/2021
CT Log Number 540450138

**TO:** Kristopher Zinchiak
Chiquita Brands International, Inc.
DCOTA OFFICE CENTER, 1855 GRIFFIN ROAD
SUITE C-436
DANIA BEACH, FL 33004

**RE:** **Process Served in Georgia**

**FOR:** Fresh Express Incorporated  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ANGELICA BROWN // To: Fresh Express Incorporated |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CV0378614 |
| **NATURE OF ACTION:** | Employee Litigation - Harassment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/20/2021 at 14:43 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/20/2021, Expected Purge Date: 10/25/2021<br><br>Image SOP<br><br>Email Notification,  Kristopher Zinchiak  kzinchiak@chiquita.com<br><br>Email Notification,  Antonio Calisto Pato  acalisto@Chiquita.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

## SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**🍎 EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

OCT 14, 2021 04:29 PM

*Jacqoline D. Wills, Clerk*
*Clayton County, Georgia*

CIVIL ACTION NUMBER   2021CV03786-14

Brown, Angelica

---

**PLAINTIFF**

VS.

Fresh Express Incorporated
LNU, Darren

---

**DEFENDANTS**

**SUMMONS**

TO: FRESH EXPRESS INCORPORATED

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Grace Starling**
**Barrett & Farahany**
**1100 Peachtree St NE**
**Ste 500**
**Atlanta, Georgia 30309**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 14th day of October, 2021.**

Clerk of Superior Court

Jacqoline D. Wills, Clerk
Clayton County, Georgia

Page 1 of 1

&#128196; **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

OCT 14, 2021 04:29 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## COMPLAINT

COMES NOW Angelica Brown ("Plaintiff"), by and through her undersigned counsel, and files this Complaint against Defendants Fresh Express Incorporated, ("Defendant" or "Fresh Express") and Darren LNU ("Defendant" or "Darren") (collectively referred to as "Defendants") showing the Court as follows:

### JURISDICTION AND VENUE

1.

The unlawful employment practices alleged in this Complaint were committed within this County and Defendant does business within Clayton County. Venue is, therefore, appropriate in this Court.

1

## PARTIES

2.

Plaintiff is a female citizen of the United States of America and a resident of Georgia and is subject to the jurisdiction of this Court.

3.

Defendant Fresh Express Incorporated is a Foreign Profit Corporation doing business in the State of Georgia and within Clayton County, and at all times material hereto has conducted business within this jurisdiction and venue.

4.

Plaintiff was jointly employed by Signature Staffing, LLC and, by contract between Signature Staffing Fresh Express, Incorporated, was in fact an employee of Fresh Express, assigned to work at from January 2021 until June of 2021 at Fresh Express, Inc. at its location at 1361 Southern Road, Morrow, GA  30260.

5.

Although her statutory employer was Signature Staffing, Defendant Fresh Express determined what work she was to perform, when she would work, who would supervise that work, and exercised day to day control over her duties as an employee.

2

6.

On information and belief, Darren LNU is a resident of the United States of America and the State of Georgia, was an employee of Fresh Express, Inc., and held a supervisory relationship as a floor lead over Plaintiff during the majority of her assignment at Fresh Express. He introduced himself to Plaintiff as "Darren" and did not state his last name.

7.

Fresh Express may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

8.

Darren LNU may be served with process by delivering a copy of the summons and complaint to his place of employment, Fresh Express Incorporated, 1361 Southern Road, Morrow, Georgia 30260.

## FACTUAL ALLEGATIONS

9.

Plaintiff began working at Defendant Fresh Express's Morrow Location in January of 2021.

10.

Prior to February 24, 2021, Defendant Darren, who had not yet introduced himself to Plaintiff, would greet Plaintiff by saying "Hi beautiful" or "Hi sexy."

11.

Within approximately a month of Plaintiff beginning to work at Fresh Express, on or about February 24, 2021, Defendant Darren approached her while she was working on the line and introduced himself by his first name only.

12.

Defendant Darren told Plaintiff that one of her co-workers would relieve her in 30 minutes and bring her to him.  Because Defendant Darren was a supervisor, Plaintiff did not protest, believing that it was work-related.

13.

Within 30 minutes, a co-worker relieved her and told her where to go to meet Defendant Darren.

14.

By his actions, Defendant Darren demonstrated that he had sufficient authority that he could remove Plaintiff from work on a whim.

4

15.

To Plaintiff's surprise, Defendant Darren had obtained food for her, and it became apparent that he was intending a social encounter.  Plaintiff objected and told him that she did not want him to buy food for her or remove her from her work area.

16.

Defendant Darren ignored her and told a co-worker known as Ube (who was known to sell snacks and other merchandise from the trunk of his car) to give Plaintiff whatever she wanted from the trunk of his car, in an apparent bid to impress Plaintiff.

17.

Beginning after Defendant Darren introduced himself to Plaintiff on or about February 24, 2021, Defendant Darren dramatically escalated his sexually harassing behavior and tortious conduct.

18.

Darren LNU began making overt and grotesquely sexual statements and advances, including saying things such as, "I would eat your pussy so good," "Let me taste both of your lips," "Once you have me, you won't want to leave me alone," "Why do you talk to men that can't do what I can do for you?," "You are so sexy,"

5

"You couldn't handle me," "I would tear your pussy up," "I would eat you so good," and "I bet you taste as good as you look" while Plaintiff was working.  Plaintiff objected to his statements and conduct, but he continued.

19.

Defendant Darren propositioned Plaintiff regularly while she was working at Fresh Express.

20.

One evening, on or about March 25, 2021, Plaintiff got off of work at 3:00 a.m. and was waiting on her ride to take her to her residence.  Defendant Darren was waiting for her and ordered her to get in his car.

21.

When Plaintiff objected, Mr. Darren told her to get in the car and that they were just going up to QuikTrip.

22.

After Plaintiff was ordered into the car, Defendant almost immediately began telling Plaintiff he wanted to have sex with her.  She objected, but he ignored her.

23.

When they got to the QuikTrip, Defendant Darren went inside and bought cigarettes and a drink.

6

24.

When Defendant Darren returned to the car, he came to the passenger side door, opened it, and forcibly kissed Plaintiff against her will.

25.

Plaintiff pushed him away and asked him to stop.

26.

He got back in the car and drove Plaintiff back to where she had been waiting. She told him that he had to stop, that she did not want him doing that kind of thing, and he said that Plaintiff "was going to want to mess with me. Trust me, you're going to want to." Plaintiff continued to reject him.

27.

Darren continued to harass Plaintiff and, after she continued to rejected him, told Plaintiff that if she reported him, he would kill her.

28.

Defendant Darren's continuing harassment and threats did not stop until on or about April 1, 2021, when Plaintiff moved to a different department where her hours were reduced and Defendant Darren was no longer her manager/floor lead.

7

29.

On or about April 25, 2021, Plaintiff complained to Signature Contingent Management about the harassment and notified Fresh Express on or about April 26, 2021.

30.

Defendant Darren called Plaintiff from a private number and threatened her "I know you've been talking, but I will have you all up in and through that office!  Don't try me."

31.

When Signature Contingent Staffing learned of this harassment, it launched a full investigation and found that Defendant Darren had harassed multiple female employees, particularly those women who were most vulnerable as a result of being in a rehab program such as the one Plaintiff was in.

32.

Additionally, Defendant Darren asked a co-worker for Viagra or "dick hard pills" and was witnessed asking other female co-workers for sex and physically rubbing up against them with his body.

8

33.

Defendant Fresh Express provided no training on sexual harassment to any of its employees.

34.

Defendant Fresh Express maintains a hostile work environment where sexual harassment, assault, and workplace violence are tolerated and ignored by management.

35.

Defendant Fresh Express, in addition to sexual harassment, maintains an unsafe work environment for its employees where employees are not allowed to go the bathroom, people pull knives on the work floor, and employees are punched in the face without remedy.

36.

Defendant Fresh Express knowingly allows its employees to buy and sell drugs in the workplace, which resulted in two employees dying of overdoses at the Morrow location.

37.

Several HR managers at the Morrow, Chicago, and Harrisburg locations left Fresh Express because they were forced to sweep things under the rug at the

9

direction of upper management at Fresh Express. In addition to the poor work conditions and unbeknownst to Plaintiff, Fresh Express has an extensive history of knowingly allowing employees to sexually harass female employees and protecting its harasser employees, including Mr. Darian Grimes.

<div align="center">38.</div>

Throughout all times relevant to this lawsuit and unknown to Plaintiff, Defendant Fresh Express was a Defendant in this Court in the matter of Barbara Johnson v. Fresh Express and Darian Grimes, Clayton County Superior Court, Civil Action File No. 2020cv02055-13.

<div align="center">39.</div>

On or around October 14, 2019, Mr. Darian Grimes began to sexually harass a Fresh Express employee named Barbara Johnson.

<div align="center">40.</div>

At least once or twice a week, Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate physical contact, repeated sexual advances, and other offensive and harassing acts.

<div align="center">10</div>

41.

Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate physical contact, including hitting Plaintiff on the buttocks and intentionally bumping into her in a sexual manner.

42.

Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate sexual comments. For example, Mr. Grimes told Ms. Johnson that she needed a "big dick," that she needed a younger man, and that he would take her home and take care of her. Mr. Grimes also told other employees of Fresh Express that he was having sex with Ms. Johnson, which was not true.

43.

Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate sexual advances, including the aforementioned comments and sexual touching and repeatedly followed Ms. Johnson to her car.

44.

On or around November 29, 2019, Ms. Johnson complained to Fresh Express' Human Resources Department that Mr. Darren was sexually harassing her.

11

45.

Ms. Johnson wrote out statements about Mr. Grimes sexual comments, advances, and physical harassment and provided names of other employees who had witnessed the harassment.

46.

On January 28, 2020, Ms. Johnson's Manager, David Williams, told her that he had not seen the statements she made to HR regarding the sexual harassment she was experiencing.

47.

Fresh Express's only response to Ms. Johnson's complaints was to separate her and Mr. Grimes for a single week by having Ms. Johnson work in the computer lab.

48.

After one week, Fresh Express had Ms. Johnson return to work on the floor on the same lines as Mr. Grimes. Mr. Grimes resumed his sexual harassment of Ms. Johnson.

49.

On March 4, 2020, Ms. Johnson again complained to HR that Mr. Grimes was sexually harassing her. Mr. Grimes continued to subject Ms. Johnson to unwanted and inappropriate physical contact by rubbing up against her.

50.

Ms. Johnson rejected all of Mr. Grimes' sexual advances and physical harassment. When Ms. Johnson would push Mr. Grimes away and tell him she was going to complain to HR, Mr. Grimes would laugh.

51.

On March 5, 2020, the day after she complained to HR about the sexual harassment, Ms. Johnson was terminated by Fresh Express. Fresh Express terminated Ms. Johnson because she complained about Grime's inappropriate comments and offensive touching.

52.

The tortious conduct alleged herein by Ms. Brown, occurred during the midst of the lawsuit brought by Ms. Johnson, yet Defendant took no corrective or remedial action with respect to either case.  In fact, Defendant did nothing to ensure that it provided a work place free from sexual harassment and ignored an environment permeated with sexual harassment and abuse.

13

53.

As a result of Mr. Darren's sexual harassment and Fresh Express's failure to

take action, Plaintiff has suffered damages, including mental and emotional suffering

caused by Defendants' misconduct.

## **CLAIMS FOR RELIEF**

### **COUNT ONE:**
### **NEGLIGENT FAILURE TO PREVENT SEXUAL HARASSMENT**

54.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

55.

Defendant Fresh Express had a duty to Ms. Brown to prevent sexual

harassment in the workplace, which sexual harassment included unwanted

touchings, sexual advances, and other similar conduct.

56.

By virtue of the aforementioned conduct by Defendant Darren, Defendant

Fresh Express's deliberate and intentional toleration of sexual harassment, and the

failure of Defendant Fresh Express to prevent sexual harassment, Defendants failed

to use ordinary care to prevent sexual harassment in the workplace, causing Plaintiff

to be sexually harassed and/or sexually assaulted.

14

57.

The conduct of Defendants was consciously or recklessly indifferent to the inevitable or probable consequences of its conduct in failing to remedy the harassment.

58.

Defendants are thus liable to Plaintiff for damages to her peace, happiness, and feelings sustained as a result.

## COUNT TWO: NEGLIGENT AND WRONGFUL HIRING, SUPERVISION, AND RETENTION
### (Defendant Fresh Express)

59.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

60.

Fresh Express knew of Mr. Darren's sexually offensive conduct and battery upon Plaintiff.

61.

Fresh Express received actual notice of the sexual harassment and battery Plaintiff suffered when Plaintiff made multiple complaints to individuals in Fresh Express's Human Resources Department and when Plaintiff notified her Manager.

15

62.

Folloiwng Plaintiff's complaints, it was foreseeable that Mr. Darren would continue to engage in his sexual harassment and battery of Plaintiff.

63.

Fresh Express nonetheless failed and refused to act to protect Plaintiff from Darren's sexual harassment, battery, and threats to harm her if she continued to disclose his conduct.

64.

Fresh Express was willfully negligent in its supervising, and/or continuing the employment of Mr. Darren.

65.

By retaining Defendant Darren after it knew or should have known of his propensity to engage in sexual harassment and batteries of Plaintiff, Fresh Express breached its duty to Plaintiff to provide a working environment free from sexual harssment and batteries as required by Georgia law.

66.

As a result of Fresh Express's negligence, which was in reckless disregard for Plaintiff's health and safety, Plaintiff suffered mental anguish, loss of income, humiliation, and other indignities.

16

67.

Fresh Express was willfully negligent in its hiring, supervising, and/or continuing the employment of Mr. Darren. As a result of said negligence, which was gross and in reckless disregard for Plaintiff's heath and safety, Plaintiff has suffered mental anguish, loss of income, humiliation, and other indignities.

## COUNT THREE:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Fresh Express)

68.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

69.

Fresh Express allowed Plaintiff to be subjected to sexual harassment and battery and failed to take any corrective action.

70.

Fresh Express's failure to act caused Plaintiff to suffer continued abuse by her supervisor.

71.

Fresh Express intended to inflict severe emotional distress and knew that it was a high probability that sexual harassment and battery inflicted upon Plaintiff would do so.

17

72.

Fresh Express's inaction and conduct actually caused severe emotional distress to Plaintiff.

73.

Fresh Express set out to punish Plaintiff for her complaints of sexual harassment and battery and to deliberately retaliate against Plaintiff.

74.

Fresh Express is liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

## COUNT FOUR: ASSAULT
### (Defendant Darren)

75.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

76.

On every occasion Ms. Brown was apprehensive of a potential battery from Defendant Darren, Defendant Darren committed an assault against Ms. Brown.

77.

Defendants are liable for all general and special damages proximately resulting from each assault of Ms. Brown.

18

## COUNT FIVE: BATTERY
### (Defendant Darren)

78.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

79.

Defendant Darren touched Plaintiff in an offensive manner without permission or other justification and, therefore, committed a battery.

80.

Defendant Darren is liable for all general and special damages proximately resulting from the battery of Plaintiff.

## COUNT SIX:  FALSE IMPRISONMENT
### (Defendant Darren)

81.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

82.

Defendant Darren restrained Ms. Brown when he forced her to get in his car with him.

83.

Defendant Darren intended to keep Ms. Brown from leaving.

19

84.

Defendant Darren's restraint on Plaintiff was unlawful and caused fear, anxiety, and depression.

## COUNT SEVEN: INVASION OF PRIVACY

85.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

86.

The actions of Defendants give rise to the common law claim of Invasion of Privacy.

87.

Defendant Darren unjustifiably intruded upon Plaintiff's right to privacy by unreasonably interfering with her seclusion.

88.

Defendant Fresh Express ratified Defendant Darren's actions.

89.

Defendant Fresh Express is responsible for Defendant Darren's invasion of privacy because it negligently supervised or retained Defendant Darren.

90.

As a direct and proximate cause of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, and/or shame and embarrassment. Plaintiff's damages have been experienced in the past, and they will continue in the future.

## COUNT EIGHT: RATIFICATION

91.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

92.

Defendant Fresh Express knew, or in the exercise of ordinary diligence, should have known of the propensity of its employees, including Defendant Darren, to engage in sexually offensive conduct toward other employees/applicants, and Plaintiff in particular.

93.

Having knowledge of Defendant Darren's sexually offensive and tortious conduct, including batteries, Defendant Fresh Express permitted the conduct to continue and retained Defendant Darren.

21

94.

As a result, Defendant Fresh Express has ratified the sexually offensive conduct and is subject to liability for that conduct.

**COUNT NINE:**
**PUNITIVE DAMAGES PURSUANT TO O.C.G.A. § 51-12-5**
**(All Defendants)**

95.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

96.

The aggravating circumstances in Mr. Darren's commission of the conduct against Plaintiff and intentions in committing the same entitle Plaintiff to an award of punitive damages to deter Fresh Express from repeating trespass and as compensation for the wounded feelings of Plaintiff.

**COUNT TEN: ATTORNEYS' FEES AND EXPENSES OF LITIGATION**
**PURSUANT TO O.C.G.A. § 13-6-11**
**(All Defendants)**

97.

Plaintiff re-alleges paragraphs 1 to 53 as if set forth fully herein.

98.

Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus

22

entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

99.

Plaintiff has put Defendants on notice that Plaintiff seeks attorneys' fees, litigation costs, and expenses from Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)    General damages for mental and emotional suffering caused by Defendants' misconduct;

(b)    Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)    Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)    Reasonable attorney's fees and expenses of litigation;

(e)    Trial by jury as to all issues;

(f)    Prejudgment interest at the rate allowed by law;

(g)    Injunctive relief of front pay and prohibiting Defendant from further unlawful conduct of the type described herein; and

23

(h)     All other relief to which she may be entitled.

Respectfully submitted this 14th day of October 2021.

**BARRETT & FARAHANY**

_s/ Grace A. Starling_
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

_Attorneys for Plaintiff Angelica Brown_

1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 (_facsimile_)
matt@justiceatwork.com
grace@justiceatwork.com

24

# SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

**OCT 14, 2021 04:29 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

CIVIL ACTION NUMBER   2021CV03786-14

Brown, Angelica

_____

**PLAINTIFF**

**VS.**

Fresh Express Incorporated
LNU, Darren

_____

**DEFENDANTS**

**SUMMONS**

TO: FRESH EXPRESS INCORPORATED

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Grace Starling**
> **Barrett & Farahany**
> **1100 Peachtree St NE**
> **Ste 500**
> **Atlanta, Georgia 30309**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 14th day of October, 2021.**

Clerk of Superior Court

_____
Jacqueline D. Wills, Clerk
Clayton County, Georgia

# SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

**OCT 14, 2021 04:29 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

CIVIL ACTION NUMBER  2021CV03786-14

Brown, Angelica

_____

**PLAINTIFF**

                                             **VS.**

Fresh Express Incorporated
LNU, Darren

_____

**DEFENDANTS**


## SUMMONS

TO: LNU, DARREN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Grace Starling**
> **Barrett & Farahany**
> **1100 Peachtree St NE**
> **Ste 500**
> **Atlanta, Georgia 30309**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 14th day of October, 2021.**

Clerk of Superior Court

_____
Jacqueline D. Wills, Clerk
Clayton County, Georgia

**General Civil and Domestic Relations Case Filing Information Form**

🏛 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

OCT 14, 2021 04:29 PM

*Jacqueline D. Wills*
Jacqueline D. Wills, Clerk
Clayton County, Georgia

☑ **Superior or** ☐ **State Court of** _Clayton_ _____ **County**

| **For Clerk Use Only** | |
| --- | --- |
| **Date Filed** _10-14-2021_ | **Case Number** _2021CV03786-14_ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Brown, Angelica

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

**Defendant(s)**

Fresh Express Incorporated

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |
| LNU, Darren | | | | |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

**Plaintiff's Attorney** _Starling, Grace_ **Bar Number** _464958_ **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Contempt/Modification/Other**
  **Post-Judgment**
- ☐ **Garnishment**
- ☑ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐   Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                            **Case Number**

☑   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

# Affidavit of Process Server

✒ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

JUDITH BERRY 2021 11:28 AM

[signature]
Clerk
Clayton County, Georgia

## SUPERIOR COURT OF CLAYTON COUNTY STATE OF GEORGIA
(NAME OF COURT)

Brown, Angelica                vs   Fresh Express Incorporated                2021CV03786-14

PLAINTIFF/PETITIONER                        DEFENDANT/RESPONDENT                        CASE NUMBER

I Chris Stanton _____, being first duly sworn, depose and say:  that I am over the age of 18 and
not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to
perform said service.

**Service:** I ■served ☐was unable to serve : Fresh Express Incorporated
_____
NAME OF PERSON TO BE SERVED

with (list documents) Summons and Complaint
_____

by leaving with Linda Banks c/o C T Corporation System _____ At
NAME                                                RELATIONSHIP / POSITION

☐ Residence _____
ADDRESS                                        CITY / STATE

■ Business   289 South Culver Street, Lawrenceville, GA 30046.
ADDRESS                                        CITY / STATE

On_____10/20/21_____AT_____2:08 p.m._____
DATE                                                TIME

☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on_____
DATE

from_____
CITY            STATE            ZIP

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being
served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with
the person apparently in charge thereof.
■ **Corporate:** By personally delivering copies to the person named above.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been
unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address      ☐ Moved, Left no Forwarding      ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other_____

**Service Attempts:** Service was attempted on: (1)_____   (2)_____
DATE        TIME                        DATE        TIME

(3)_____   (4)_____   (5)_____
DATE        TIME                        DATE        TIME                        DATE        TIME

**Description:.** Age 70s  Sex F  Race W  Height 5'3  Weight 140  Hair gray  Beard_____  Glasses yes

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this __23__ day of ____Oct____, 20 21, by Chris Stanton.
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of_____

[Notary seal: BORMANN NOBLE NOTARY PUBLIC DEKALB COUNTY, GEORGIA  MY COMMISSION EXPIRES JUNE 11, 2023]

FORM 2        NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

**NOV 19, 2021 03:34 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT FRESH EXPRESS INCORPORATED'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Fresh Express Incorporated ("FEX"), by and through its undersigned counsel, and files this Answer to Plaintiff's Complaint ("Complaint") showing the Court as follows:

### JURISDICTION AND VENUE

1.

FEX admits that Defendant does business within Clayton County and that venue is appropriate in this Court. FEX denies the remaining allegations in Paragraph 1 of the Complaint.

### PARTIES

2.

FEX is without sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint.

3.

FEX lacks knowledge and information sufficient to form a belief as to the meaning of "at all times material hereto" in Paragraph 3 of the Complaint. By way of further response, FEX admits that it does business in the State of Georgia and within Clayton County, and has conducted business within this jurisdiction and venue.

1

4.

FEX admits that Plaintiff was employed by Signature Staffing, LLC and was assigned by Signature Staffing, LLC to work as a contract worker at 1361 Southern Road, Morrow, GA 30260. FEX denies the remaining allegations in Paragraph 4 of the Complaint.

5.

FEX admits that Plaintiff's statutory employer was Signature Staffing, LLC. FEX denies the remaining allegations in Paragraph 5 of the Complaint.

6.

Upon information and belief, FEX believes "Darren LNU" to be FEX employee Chester Morris, Jr. FEX admits that Chester Morris, Jr. is also known as Darren. FEX denies that Darren had a supervisory relationship over Plaintiff.

7.

FEX admits the allegations in paragraph 7 of the Complaint.

8.

FEX denies the allegations in Paragraph 8 of the Complaint.

**FACTUAL ALLEGATIONS**

9.

FEX admits that Plaintiff was assigned by Signature Staffing to FEX's Morrow location in January 2021.  FEX denies the remaining allegations in paragraph 9 of the Complaint.

10.

FEX is without sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint and therefore denies those allegations.

11.

2

FEX is without sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies those allegations.

12.

FEX is without sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies those allegations.

13.

FEX is without sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies those allegations.

14.

FEX denies the allegations in Paragraph 14 of the Complaint.

15.

FEX is without sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies those allegations.

16.

FEX admits that Ubaydulla Latif is known to sell snacks and other merchandise from the trunk of his car. FEX denies the remaining allegations in Paragraph 16 of the Complaint.

17.

FEX is without sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint and therefore denies those allegations.

18.

FEX is without sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint and therefore denies those allegations.

19.

FEX is without sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint and therefore denies those allegations.

20.

FEX is without sufficient information to admit or deny the allegations in Paragraph 20 of the Complaint and therefore denies those allegations.

21.

FEX is without sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint and therefore denies those allegations.

22.

FEX is without sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint and therefore denies those allegations.

23.

FEX is without sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies those allegations.

24.

FEX is without sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies those allegations.

25.

FEX is without sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint and therefore denies those allegations.

26.

FEX is without sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint and therefore denies those allegations.

27.

FEX is without sufficient information to admit or deny the allegations in Paragraph 27 of the Complaint and therefore denies those allegations.

28.

FEX denies that Darren was ever Plaintiff's manager/floor lead and that Plaintiff moved to a different department. FEX is without sufficient information to admit or deny the remaining allegations in Paragraph 28 of the Complaint and therefore denies those allegations.

29.

FEX denies that Plaintiff notified FEX on April 26, 2021 of any alleged harassment. FEX is without sufficient information to admit or deny the remaining allegations in Paragraph 29 of the Complaint and therefore denies those allegations.

30.

FEX is without sufficient information to admit or deny the allegations in Paragraph 30 of the Complaint and therefore denies those allegations.

31.

FEX is without sufficient information to admit or deny the allegations in Paragraph 31 of the Complaint and therefore denies those allegations.

32.

FEX is without sufficient information to admit or deny the allegations in Paragraph 32 of the Complaint and therefore denies those allegations.

33.

FEX denies the allegations in Paragraph 33 of the Complaint.

34.

FEX denies the allegations in Paragraph 34 of the Complaint.

35.

FEX denies the allegations in Paragraph 35 of the Complaint.

36.

FEX denies the allegations in Paragraph 36 of the Complaint.

37.

FEX denies the allegations in Paragraph 37 of the Complaint.

38.

FEX lacks knowledge and information sufficient to form a belief as to the meaning of "[t]hroughout all times relevant to this lawsuit" in Paragraph 38 of the Complaint. By way of further response, FEX admits that FEX is the Defendant in this Court in the matter of Barbara Johnson v. Fresh Express and Darian Grimes, Clayton County Superior Court, Civil Action File No. 2020CV02055-13. FEX denies the remaining allegation in Paragraph 38 of the Complaint.

39.

FEX denies the allegations in Paragraph 39 of the Complaint.

40.

FEX denies the allegations in Paragraph 40 of the Complaint.

41.

FEX denies the allegations in Paragraph 41 of the Complaint.

42.

FEX denies the allegations in Paragraph 42 of the Complaint.

43.

FEX denies the allegations in Paragraph 43 of the Complaint.

44.

FEX denies the allegations in Paragraph 44 of the Complaint.

45.

FEX denies the allegations in Paragraph 45 of the Complaint.

46.

FEX denies the allegations in Paragraph 46 of the Complaint.

47.

FEX denies the allegations in Paragraph 47 of the Complaint.

48.

FEX denies the allegations in Paragraph 48 of the Complaint.

49.

FEX denies the allegations in Paragraph 49 of the Complaint.

50.

FEX denies the allegations in Paragraph 50 of the Complaint.

51.

FEX denies the allegations in Paragraph 51 of the Complaint.

52.

FEX denies the allegations in Paragraph 52 of the Complaint.

53.

FEX denies the allegations in Paragraph 53 of the Complaint.

## CLAIMS FOR RELIEF

## COUNT ONE:

## NEGLIGENT FAILURE TO PREVENT SEXUAL HARASSMENT

54.

FEX restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

55.

FEX denies the allegations in Paragraph 55 of the Complaint.

56.

FEX denies the allegations in Paragraph 56 of the Complaint.

57.

FEX denies the allegations in Paragraph 57 of the Complaint.

58.

FEX denies the allegations in Paragraph 58 of the Complaint.

## COUNT TWO: NEGLIGENT AND WRONGFUL HIRING, SUPERVISION, AND RETENTION

### (Defendant Fresh Express)

59.

FEX restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

60.

FEX denies the allegations in Paragraph 60 of the Complaint.

61.

FEX denies the allegations in Paragraph 61 of the Complaint.

62.

FEX denies the allegations in Paragraph 62 of the Complaint.

63.

FEX denies the allegations in Paragraph 63 of the Complaint.

64.

FEX denies the allegations in Paragraph 64 of the Complaint.

65.

FEX denies the allegations in Paragraph 65 of the Complaint.

66.

FEX denies the allegations in Paragraph 66 of the Complaint.

67.

FEX denies the allegations in Paragraph 67 of the Complaint.

## COUNT THREE:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (Defendant Fresh Express)

68.

FEX restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

69.

FEX denies the allegations in Paragraph 69 of the Complaint.

70.

FEX denies the allegations in Paragraph 70 of the Complaint.

71.

FEX denies the allegations in Paragraph 71 of the Complaint.

72.

FEX denies the allegations in Paragraph 72 of the Complaint.

73.

FEX denies the allegations in Paragraph 73 of the Complaint.

74.

FEX denies the allegations in Paragraph 74 of the Complaint.

## COUNT FOUR: ASSAULT

### (Defendant Darren)

75.

FEX restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

76.

FEX is without sufficient information to admit or deny the allegations in Paragraph 76 of the Complaint and therefore denies those allegations.

77.

FEX denies the allegations in Paragraph 77 of the Complaint.

## COUNT FIVE: BATTERY

### (Defendant Darren)

78.

FEX restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

79.

FEX is without sufficient information to admit or deny the allegations in Paragraph 79 of the Complaint and therefore denies those allegations.

80.

FEX is without sufficient information to admit or deny the allegations in Paragraph 80 of the Complaint and therefore denies those allegations.

## COUNT SIX: FALSE IMPRISONMENT

## (Defendant Darren)

81.

FEX restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

82.

FEX is without sufficient information to admit or deny the allegations in Paragraph 82 of the Complaint and therefore denies those allegations.

83.

FEX is without sufficient information to admit or deny the allegations in Paragraph 83 of the Complaint and therefore denies those allegations.

84.

FEX is without sufficient information to admit or deny the allegations in Paragraph 84 of the Complaint and therefore denies those allegations.

## COUNT SEVEN: INVASION OF PRIVACY

85.

FEX restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

86.

FEX denies the allegations in Paragraph 86 of the Complaint.

87.

FEX is without sufficient information to admit or deny the allegations in Paragraph 87 of the Complaint and therefore denies those allegations.

88.

FEX denies the allegations in Paragraph 88 of the Complaint.

89.

FEX denies the allegations in Paragraph 89 of the Complaint.

90.

FEX denies the allegations in Paragraph 90 of the Complaint.

**COUNT EIGHT: RATIFICATION**

91.

FEX restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

92.

FEX denies the allegations in Paragraph 92 of the Complaint.

93.

FEX denies the allegations in Paragraph 93 of the Complaint.

94.

FEX denies the allegations in Paragraph 94 of the Complaint.

**COUNT NINE:**

**PUNITIVE DAMAGES PURSUANT TO O.C.G.A. § 51-12-5**

**(All Defendants)**

95.

FEX restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

96.

FEX denies the allegations in Paragraph 96 of the Complaint.

**COUNT TEN: ATTORNEYS' FEES AND EXPENSES OF LITIGATION**

**PURSUANT TO O.C.G.A. § 13-6-11**

**(All Defendants)**

97.

FEX restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

98.

FEX denies the allegations in Paragraph 98 of the Complaint.

99.

FEX denies the allegations in Paragraph 99 of the Complaint.

**PRAYER FOR RELIEF**

Responding to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

**DEFENSES**

Without assuming any burden of proof that would otherwise rest with the Plaintiff, FEX states the following defenses. FEX expressly reserves its right to assert additional defenses which become relevant during the course of discovery.

**FIRST DEFENSE**

FEX denies all allegations not specifically admitted herein.

**SECOND DEFENSE**

13

Plaintiff's Complaint should be dismissed to the extent it fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part to the extent that the claims arose outside the applicable statute of limitations.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred, or damages may be reduced, to the full extent of the operation of the doctrine of after-acquired evidence.

## FIFTH DEFENSE

Some or all of Plaintiff's claims are barred by the equitable doctrines of laches, estoppel, ratification, and/or unclean hands.

## SIXTH DEFENSE

Plaintiff's negligence claims fail to the extent FEX owed no duty to Plaintiff.

## SEVENTH DEFENSE

Plaintiff's negligence claims fail because FEX breached no duty owed to Plaintiff.

## EIGHTH DEFENSE

Plaintiff's intentional inflection of emotional distress claim fails because FEX's actions with respect to Plaintiff were not intentional.

## NINTH DEFENSE

Plaintiff's intentional inflection of emotional distress claim fails because FEX's actions with respect to Plaintiff were neither extreme nor outrageous.

## TENTH DEFENSE

Plaintiff's intentional inflection of emotional distress claim fails because Plaintiff did not suffer severe emotional distress.

14

### ELEVENTH DEFENSE

Plaintiff's assault claim fails to the extent she cannot prove she was reasonably apprehensive of a violent injury from Defendant Darren's unlawful act.

### TWELFTH DEFENSE

Plaintiff's battery claim fails to the extent she cannot prove Defendant Darren touched her in an offensive and unlawful manner and/or without Plaintiff's consent.

### THIRTEENTH DEFENSE

Plaintiff's false imprisonment claim fails to the extent she cannot prove Defendant Darren unlawfully detained her.

### FOURTEENTH DEFENSE

Plaintiff's invasion of privacy claim fails to the extent she cannot prove Defendant Darren unjustifiably intruded upon her right to privacy by unreasonably interfering with her seclusion.

### FIFTEENTH DEFENSE

If any improper, tortious, illegal, discriminatory, or retaliatory actions were taken by any of FEX's employees against Plaintiff (which FEX denies), they were outside the course and scope of that employee's employment, contrary to FEX's policies, and were not ratified, confirmed, or approved by FEX. Thus, any such actions cannot be attributed or imputed to FEX.

### SIXTEENTH DEFENSE

Plaintiff's claims fail to the extent she cannot establish any injury or damages.

### SEVENTEENTH DEFENSE

Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages, if any.

### EIGHTEENTH DEFENSE

Any damages allegedly sustained by Plaintiff were not actually or proximately caused by FEX.

## NINETEENTH DEFENSE

Plaintiff did not sustain any injuries or damages as a result of any act or omission by FEX.

## TWENTIETH DEFENSE

Plaintiff's punitive damages claim fails to the extent she cannot prove by clear and convincing evidence that FEX's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

## TWENTY-FIRST DEFENSE

Any recovery of compensatory and punitive damages by Plaintiff would be subject to the statutory caps on these types of damages under the Georgia Civil Practice and Remedies Code.

## TWENTY-SECOND DEFENSE

FEX is entitled to an offset or credit against Plaintiff's damages, if any, based on Plaintiff's earnings, income, unemployment benefits, disability benefits, workers' compensation benefits, and/or Social Security benefits.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for exemplary damages are barred to the extent that the imposition of exemplary damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Georgia.

WHEREFORE, having answered Plaintiff's Complaint and asserted its defenses thereto, FEX prays that Plaintiff's Complaint be dismissed in its entirety, that the Court strikes paragraphs 38 through 51 of Plaintiff's Complaint, that judgement be entered in favor of FEX and against Plaintiff, and that FEX recover its costs and reasonable attorneys' fees incurred in this matter, together with such other and further relief as the Court may deem just and proper.

Respectfully submitted this 19th day of November, 2021.

/s/ Todd C. Duffield
Todd C. Duffield
Georgia Bar No. 141905
Amy E. Jensen
Georgia Bar No. 874759
Katherine H. Krouse
Georgia Bar No. 514298
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
191 Peachtree St., N.E., Suite 4800
Atlanta, Georgia 30303
Telephone: (404) 881-1300
Facsimile:  (404) 870-1732
todd.duffield@ogletree.com
amy.jensen@ogletree.com
katie.krouse@ogletree.com

*Attorneys for Defendant Fresh Express Incorporated*

17

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November, 2021, a complete copy of the foregoing

DEFENDANT FRESH EXPRESS INCORPORATED'S ANSWER AND DEFENSES TO

PLAINTIFF'S COMPLAINT was served on the following counsel of record using the Court's e-

file system, which will automatically serve all counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

/s/ Todd C. Duffield
Todd C. Duffield
Georgia Bar No. 141905

49235496.1

18

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
**DEC 09, 2021 02:51 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2021, a complete copy of the foregoing

**DEFENDANT FRESH EXPRESS INCORPORATED'S FIRST REQUEST FOR**

**PRODUCTION OF DOCUMENTS TO PLAINTIFF** was served on the following counsel of

record using the Court's e-file system, which will automatically serve all counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

*s/Todd C. Duffield*
Todd C. Duffield
Georgia Bar No. 141905

49361712.1

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
DEC 09, 2021 02:51 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

### IN THE SUPERIOR COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

|                                         |     |                                    |
|-----------------------------------------|-----|------------------------------------|
| ANGELICA BROWN,                         | )   | Civil Action No. 2021CV03786-14    |
|                                         | )   |                                    |
|     Plaintiff,      | )   |                                    |
|                                         | )   |                                    |
| v.                                      | )   | JURY TRIAL DEMANDED                |
|                                         | )   |                                    |
| FRESH EXPRESS INCORPORATED and          | )   |                                    |
| DARREN LNU,                             | )   |                                    |
|                                         | )   |                                    |
|     Defendants.     | )   |                                    |

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2021, a complete copy of the foregoing

**DEFENDANT FRESH EXPRESS INCORPORATED'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF** was served on the following counsel of record using

the Court's e-file system, which will automatically serve all counsel of record:

<div align="center">

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

</div>

*s/Todd C. Duffield*
Todd C. Duffield
Georgia Bar No. 141905

49361708.1

23

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
**DEC 13, 2021 03:40 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2021, a complete copy of the foregoing

**DEFENDANT FRESH EXPRESS INCORPORATED'S REQUEST FOR PRODUCTION**

**OF DOCUMENTS TO NON-PARTY SIGNATURE STAFFING, LLC** was served on the

following by E-mail and U.S. mail, and the Certificate of Service was filed electronically with the

Clerk of Court using the Court's e-file system, which will automatically serve all counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

*s/ Todd C. Duffield*
Todd C. Duffield
Georgia Bar No. 141905

49600641.1

6

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
**Jewel Scott**
DEC 14, 2021 04:52 PM

Jacquline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

### **RULE 5.2 CERTIFICATE OF SERVICE**

I hereby certify that I on this day, I served the forgoing *PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS, FIRST INTERROGATORIES, AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FRESH EXPRESS INCORPORATED* on the following counsel of record via electronic mail:

<div align="center">

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Amy E. Jensen
amy.jensen@ogletree.com
Katherine H. Krouse
katie.krouse@ogletree.com

</div>

Respectfully submitted this 14th day of December, 2021.

**BARRETT & FARAHANY**

/s/ *Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

**Jewel Scott**
**DEC 15, 2021 02:05 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF APPEARANCE OF KATHERINE H. KROUSE

Katherine H. Krouse of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. respectfully

enters her appearance in this action as counsel of record for Defendant Fresh Express Incorporated.


Respectfully submitted this 15th day of December, 2021.


/s/ Katherine H. Krouse
Katherine H. Krouse
GA Bar No. 514298
Ogletree, Deakins, Nash, Smoak
 & Stewart, P.C.
191 Peachtree St., NE, Suite 4800
Atlanta, GA 30303
Telephone:    404.881.1300
Facsimile:    404.870.1732
katie.krouse@ogletree.com

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2021, a complete copy of the foregoing NOTICE OF APPEARANCE OF KATHERINE H. KROUSE was served on the following counsel of record using the Court's e-file system, which will automatically serve all counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com


/s/ Katherine H. Krouse
Katherine H. Krouse
GA Bar No. 514298

49640404.1

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
**DEC 15, 2021 02:11 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEARANCE OF AMY E. JENSEN

Amy E. Jensen of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. respectfully enters her

appearance in this action as counsel of record for Defendant Fresh Express Incorporated.


Respectfully submitted this 15th day of December, 2021.


/s/ *Amy E. Jensen*
Amy E. Jensen
GA Bar No. 874759
Ogletree, Deakins, Nash, Smoak
  & Stewart, P.C.
191 Peachtree St., NE, Suite 4800
Atlanta, GA 30303
Telephone:    404.881.1300
Facsimile:    404.870.1732
amy.jensen@ogletree.com

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December, 2021, a complete copy of the foregoing

NOTICE OF APPEARANCE OF AMY E. JENSEN was served on the following counsel of record

using the Court's e-file system, which will automatically serve all counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

*/s/ Amy E. Jensen*
Amy E. Jensen
GA Bar No. 874759

49640531.1

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
**Jewel Scott**
**JAN 21, 2022 10:26 AM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

### CONSENT MOTION TO AMEND CASE STYLE TO CORRECT MISNOMER

COME NOW Plaintiff and Defendants, by and through undersigned counsel, and hereby move by way of consent to amend the case style of the above matter to reflect the true and correct name of the Defendant that is currently identified as Darren LNU. The true and correct legal name of Defendant Darren LNU to be substituted is Chester D. Morris, Jr. A copy of a proposed Order for the Court's consideration is attached.

Respectfully submitted this 21st day of January, 2022.

BARRETT & FARAHANY

/s/ *Grace A. Starling*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorneys for Angelica Brown*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
grace@justiceatwork.com

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I on this day, I served the forgoing ***CONSENT MOTION TO AMEND CASE STYLE TO CORRECT MISNOMER*** on the following counsel of record via electronic mail:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Amy E. Jensen
amy.jensen@ogletree.com
Katherine H. Krouse
katie.krouse@ogletree.com

Respectfully submitted this 21st day of January, 2022.

**BARRETT & FARAHANY**

 /s/ *Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## ORDER GRANTING CONSENT MOTION TO AMEND
## CASE STYLE TO CORRECT MISNOMER

Plaintiff and Defendants' Consent Motion to Amend Case Style to Correct Misnomer of Defendant Darren LNU, having been read and considered, the Court finds good cause exists for amending the style of the case to reflect the proper spelling and designation of the defendant that is presently identified as Defendant Darren LNU. The Clerk of Court is hereby directed to amend the case style and to substitute the name of defendant Darren LNU to Defendant Chester D. Morris, Jr.

SO ORDERED, this ___ day of _____, 2022.


_____
Hon. Jewel Scott
Superior Court of Clayton County


Prepared by Grace A. Starling

BARRETT & FARAHANY
1100 Peachtree Street, Suite 500,
Atlanta, GA 30309
(404) 214-0120
grace@justiceatwork.com

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
JAN 27, 2022 11:15 AM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I hereby certify that on January 26, 2022, I served the following documents upon counsel

for Defendant Fresh Express Incorporated via electronic mail:

1)    *PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES BY DEFENDANT FRESH EXPRESS INCORPORATED;* and

2)    *PLAINTIFF'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS BY DEFENDANT FRESH EXPRESS INCORPORATED.*

Respectfully submitted this 27th day of January, 2022.

**BARRETT & FARAHANY**

 /s/ *Grace A. Starling*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorney for Angelica Brown*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
grace@justiceatwork.com

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

ANGELICA BROWN

   Plaintiff,

v.

FRESH EXPRESS INCORPORATED and
DARREN LNU,

   Defendants.

Civil Action No.:

2021CV03786-14

JURY TRIAL DEMANDED

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the forgoing *Rule 5.2 Certificate of Service of Discovery* which will automatically send email notification of such filing to the following attorney of record:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Amy E. Jensen
amy.jensen@ogletree.com
Katherine H. Krouse
katie.krouse@ogletree.com

Respectfully submitted this 27th day of January, 2022.

**BARRETT & FARAHANY**

/s/ *Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

2

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
**JAN 28, 2022 04:07 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**

**STATE OF GEORGIA**

ANGELICA BROWN,

      Plaintiff,

V                                Civil Action File Number:
                                2021CV03786-14

FRESH EXPRESS INCORPORATED and,

DARREN LNU,

      Defendants.

## 5.2 CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **NON-PARTY SIGNATURE STAFFING, LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT FRESH EXPRESS INCORPORATED'S REQUEST FOR PRODUCTION OF DOCUMENTS** upon counsel for the parties via U.S. Mail postage prepaid and addressed as follows:

| | |
|---|---|
| OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. | BARRETT & FARAHANY |
| 191 Peachtree St., N.E., Suite 4800 | 1100 Peachtree Street, N.E., Suite 500 |
| Atlanta, Georgia 30303 | Atlanta, Georgia 30309 |

This 28th day of January, 2022.

Respectfully Submitted,

_/s/ Tashia Zeigler_____
Tashia M. Zeigler
Georgia Bar Number: 784499
Attorney for Plaintiff

Merbaum & Becker, P.C.
5755 North Point Pkwy., Suite 284
Alpharetta, Georgia 30022
678-393-8232
tzeigler@mbpclaw.com

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
**FEB 04, 2022 05:38 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF WITHDRAWAL AS COUNSEL FOR FRESH EXPRESS INCORPORATED

COMES NOW, the undersigned counsel, Amy E. Jensen with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., for Defendant Fresh Express Incorporated ("Fresh Express"), requesting the Court enter an Order permitting the undersigned's withdrawal as counsel.

The undersigned wishes to withdraw as counsel for Fresh Express in the above-styled action due to the undersigned leaving the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

The remaining counsel of record at Ogletree, Deakins, Nash, Smoak & Stewart, P.C. will continue to represent Fresh Express Incorporated.

WHEREFORE, the undersigned asks that an Order be entered allowing for the undersigned's withdrawal as counsel of record for Defendant Fresh Express in this matter.

Respectfully submitted this 4th day of February, 2022.

/s/ Amy E. Jensen
Todd C. Duffield
Georgia Bar No. 141905
Amy E. Jensen
GA Bar No. 874759
Katherine H. Krouse
Georgia Bar No. 514298

Ogletree, Deakins, Nash, Smoak
 & Stewart, P.C.
191 Peachtree St., NE, Suite 4800
Atlanta, GA 30303
Telephone:  (404) 881-1300
Facsimile:  (404) 870-1732
todd.duffield@ogletree.com
amy.jensen@ogletree.com
katie.krouse@ogletree.com

*Attorneys for Defendant Fresh Express
Incorporated*

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that on February 4, 2022, I have this day electronically filed a copy of the

NOTICE OF WITHDRAWAL AS COUNSEL FOR FRESH EXPRESS INCORPORATED,

which will automatically serve a copy of same upon counsel of record.

/s/ *Amy E. Jensen*
Amy E. Jensen
GA Bar No. 874759

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
**FEB 08, 2022 04:34 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2022, a complete copy of the foregoing

DEFENDANT FRESH EXPRESS INCORPORATED'S RESPONSES TO PLAINTIFF'S FIRST

REQUESTS FOR ADMISSIONS, FIRST INTERROGATORIES, AND FIRST REQEUST FOR

PRODUCTION OF DOCUMENTS was served on the following counsel of record by email and

U.S. mail, first-class, postage prepaid, and the Certificate of Service was filed using the Court's e-

file system, which will automatically serve all counsel of record:

<div align="center">

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

</div>

*/s/ Todd C. Duffield*
Todd C. Duffield
Georgia Bar No. 141905

# SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

🏛 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
FEB 10, 2022 10:37 AM

Jacquline D. Wills, Clerk
Clayton County, Georgia

CIVIL ACTION NUMBER   2021CV03786-14

Brown, Angelica

_____

**PLAINTIFF**

                                        **VS.**

Fresh Express Incorporated
Morris, Jr., Chester D.

_____

**DEFENDANTS**

### SUMMONS

TO: MORRIS, JR., CHESTER D.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Grace Starling**
> **Barrett & Farahany**
> **1100 Peachtree St NE**
> **Ste 500**
> **Atlanta, Georgia 30309**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 10th day of February, 2022.**

Clerk of Superior Court

_____

Jacquline D. Wills, Clerk
Clayton County, Georgia

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
**Jewel Scott**
**FEB 15, 2022 03:48 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | |
| v. | 2021CV03786-14 |
| | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## RULE 5.2 CERTIFICATE OF SERVICE

I hereby certify that on this day, I served SUBPOENA FOR PRODUCTION OF DOCUMENTS via electronic mail on all counsel of record.

Respectfully submitted the 15th day of February, 2022.

**BARRETT & FARAHANY**

/s/ *Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
FEB 21, 2022 03:41 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

**ANGELICA BROWN**
    **Plaintiff**

                                            Civil  Action  #

 **FRESH EXPRESS INCORPORATED,**
**CHESTER D. MORRIS JR.**                **2021CV-03786-14**
      **Defendant**

### AFFIDAVIT OF SERVICE

Personally, appeared before me, the undersigned officer of the State of Georgia

authorized to administer oaths, SHARON SNELLINGS, who, upon being duly

sworn and under oath, stated the following:

1

I am over the age of eighteen years and am legally competent and able to make this

affidavit which is based upon my own personal knowledge.

2.

I make this affidavit for use in the above-captioned action and for all legal purposes.

3.

**On February** _16th_ **, 2022**  I personally served the above -captioned defendant

**Chester D. Morris Jr. , with a Summons and  Complaint ,Consent Motion To**

**Amend Case Style To Correct Misnomer, Certificate of Service, in the above style**

**case at  547 Winter View Way Stockbridge Ga. 30281   at** _3:02_ **p.m.**

Further affiant sayeth not this _16th_ day of _February_, 2022

_Sharon Snellings_

SHARON   SNELLINGS
SHARON SNELLINGS   ENTERPRISE
Certified Process Server

Sworn to and subscribed before me
This _16th_ day of _February_, 2022.

Notary Public
My Commission Expires: _11/8/22_

CLAUDETTE STAMPS
Notary Public, Georgia
Coweta County
My Commission Expires
November 08, 2022

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
**Jewel Scott**
**FEB 22, 2022 02:24 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2022, a complete copy of the foregoing

**DEFENDANT FRESH EXPRESS INCORPORATED'S NOTICE OF SUBPOENAS** was

served on the following counsel of record by E-mail and U.S. mail, first-class, postage prepaid,

and the Certificate of Service was filed electronically with the Clerk of Court using the Court's e-

file system, which will automatically serve all counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

/s/*Katherine H. Krouse*
Katherine H. Krouse
Georgia Bar No. 514298

50331301.v1-OGLETREE

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
**FEB 25, 2022 11:28 AM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

ANGELICA BROWN,                            )        Civil Action No. 2021CV03786-14
                                           )
        Plaintiff,                         )
                                           )
v.                                         )        JURY TRIAL DEMANDED
                                           )
FRESH EXPRESS INCORPORATED and             )
DARREN LNU,                                )
                                           )
        Defendants.                        )

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2022, a complete copy of the foregoing

**DEFENDANT FRESH EXPRESS INCORPORATED'S REQUEST FOR PRODUCTION**

**OF DOCUMENTS TO NON-PARTY SWIPEJOBS LLC** was served on the following by E-

mail and U.S. mail, and the Certificate of Service was filed electronically with the Clerk of Court

using the Court's e-file system, which will automatically serve all counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

                                        *s/ Todd C. Duffield*
                                        Todd C. Duffield
                                        Georgia Bar No. 141905

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
**Jewel Scott**
**FEB 25, 2022 11:28 AM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of February, 2022, a complete copy of the foregoing

**DEFENDANT FRESH EXPRESS INCORPORATED'S REQUEST FOR PRODUCTION**

**OF DOCUMENTS TO NON-PARTY BURGER KING CORPORATION** was served on the

following by E-mail and U.S. mail, and the Certificate of Service was filed electronically with the

Clerk of Court using the Court's e-file system, which will automatically serve all counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

*s/ Todd C. Duffield*
Todd C. Duffield
Georgia Bar No. 141905

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
FEB 28, 2022 10:19 AM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2022, I served DEFENDANT FRESH
EXPRESS INCORPORATED'S NOTICE OF DEPOSITION OF PLAINTIFF ANGELICA
BROWN on the following counsel of record by E-mail and U.S. mail, and I electronically filed
the Certificate of Service with the Clerk of Court using the Court's e-file system, which will
automatically send email notification of such filing to the following attorneys of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

*s/Todd C. Duffield*
Todd C. Duffield
Georgia Bar No. 141905

3

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
**Jewel Scott**
MAR 16, 2022 03:45 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | |
| | 2021CV03786-14 |
| v. | |
| | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## NOTICE OF DEPOSITION OF FARBRICIO TELLES ANTUNES

PLEASE TAKE NOTICE that the undersigned will take the remote deposition of Farbricio Telles Antunes upon oral examination commencing on April 20, 2022, at 9:30 AM. The deposition will be taken before an officer authorized by law to administer oaths, will be recorded by stenographic and sound-and-visual means. The oral examination will continue from day to day until complete, adjourned, or continued.

Respectfully submitted this 16th day of March, 2022.

**BARRETT & FARAHANY**

 /s/ *Grace A. Starling*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorney for Angelica Brown*

P.O. Box 530092
Atlanta, GA 30343
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
grace@justiceatwork.com

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing *Notice of Deposition of Farbricio Telles Antunes* which will automatically send email notification of such filing to all attorneys of record.

Respectfully submitted this 16th day of March, 2022.

**BARRETT & FARAHANY**

/s/ *Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
**Jewel Scott**
MAR 16, 2022 03:47 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | |
| | 2021CV03786-14 |
| v. | |
| | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

### NOTICE OF DEPOSITION OF CHESTER D. MORRIS, JR.

PLEASE TAKE NOTICE that the undersigned will take the remote deposition of Chester D. Morris, Jr. upon oral examination commencing on April 20, 2022, at 2:00 PM. The deposition will be taken before an officer authorized by law to administer oaths, will be recorded by stenographic and sound-and-visual means. The oral examination will continue from day to day until complete, adjourned, or continued.

Respectfully submitted this 16th day of March, 2022.

**BARRETT & FARAHANY**

/s/ *Grace A. Starling*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorney for Angelica Brown*

P.O. Box 530092
Atlanta, GA 30343
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
grace@justiceatwork.com

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing *Notice of Deposition of Chester D. Morris, Jr.* which will automatically send email notification of such filing to all attorneys of record.

Respectfully submitted this 16th day of March, 2022.

**BARRETT & FARAHANY**

 /s/ *Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

2

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
MAR 18, 2022 10:37 AM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CHESTER MORRIS, JR.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW CHESTER MORRIS, JR. ("Morris"), by and through his undersigned counsel, and files this Answer to Plaintiff's Complaint ("Complaint") showing the Court as follows:

## JURISDICTION AND VENUE

1.

Morris admits that Fresh Express Incorporated ("FEX") does business within Clayton County. Morris denies the remaining allegations in Paragraph 1 of the Complaint.

## PARTIES

2.

Morris is without sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint and, therefore, denies them.

3.

Morris lacks knowledge and information sufficient to form a belief as to the meaning of "at all times material hereto" in Paragraph 3 of the Complaint. By way of further response, Morris admits that FEX does business in the State of Georgia and within Clayton County, and has conducted business within this jurisdiction and venue.

1

4.

Morris admits that Plaintiff was employed by Signature Staffing, LLC and was assigned by Signature Staffing, LLC to work as a temp worker at FEX at its location at 1361 Southern Road, Morrow, GA 30260.  Morris denies the remaining allegations in Paragraph 4 of the Complaint.

5.

Morris admits that Plaintiff's statutory employer was Signature Staffing, LLC.  Morris denies the remaining allegations in Paragraph 5 of the Complaint.

6.

Morris admits that he is a resident of the United States of America and the State of Georgia, and that he is an employee of FEX.  Morris denies the remaining allegations in Paragraph 6 of the Complaint.

7.

Morris is without sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and, therefore, denies them.

8.

Morris admits the allegations in Paragraph 8 of the Complaint.

**FACTUAL ALLEGATIONS**

9.

Morris is without sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint and, therefore, denies them.

10.

Morris denies the allegations in Paragraph 10 of the Complaint.

11.

Morris denies the allegations in Paragraph 11 of the Complaint.

12.

Morris denies the allegations in Paragraph 12 of the Complaint.

13.

Morris denies the allegations in Paragraph 13 of the Complaint.

14.

Morris denies the allegations in Paragraph 14 of the Complaint.

15.

Morris admits that "he obtained food for" Plaintiff on or about February 24, 2021. Morris denies the remaining allegations in Paragraph 15 of the Complaint.

16.

Morris denies the allegations in Paragraph 16 of the Complaint.

17.

Morris denies the allegations in Paragraph 17 of the Complaint.

18.

Morris denies the allegations in Paragraph 18 of the Complaint.

19.

Morris denies the allegations in Paragraph 19 of the Complaint.

20.

Morris denies the allegations in Paragraph 20 of the Complaint.

21.

Morris denies the allegations in Paragraph 21 of the Complaint.

22.

Morris denies the allegations in Paragraph 22 of the Complaint.

23.

Morris denies the allegations in Paragraph 23 of the Complaint.

24.

Morris denies the allegations in Paragraph 24 of the Complaint.

25.

Morris denies the allegations in Paragraph 25 of the Complaint.

26.

Morris denies the allegations in Paragraph 26 of the Complaint.

27.

Morris denies the allegations in Paragraph 27 of the Complaint.

28.

Morris admits that at some point "Plaintiff moved to a different department". Morris denies the remaining allegations in Paragraph 28 of the Complaint.

29.

Morris is without sufficient information to admit or deny the allegations in Paragraph 29 of the Complaint and, therefore, denies them.

30.

Morris denies the allegations in Paragraph 30 of the Complaint.

31.

Morris is without sufficient information to admit or deny the allegations in Paragraph 31 of the Complaint and, therefore, denies them.

32.

Morris denies the allegations in Paragraph 32 of the Complaint.

33.

Morris denies the allegations in Paragraph 33 of the Complaint.

34.

Morris denies the allegations in Paragraph 34 of the Complaint.

35.

Morris denies the allegations in Paragraph 35 of the Complaint.

36.

Morris denies the allegations in Paragraph 36 of the Complaint.

37.

Morris is without sufficient information to admit or deny the allegations in Paragraph 37 of the Complaint and, therefore, denies them.

38.

Morris is without sufficient information to admit or deny the allegations in Paragraph 38 of the Complaint and, therefore, denies them.

39.

Morris is without sufficient information to admit or deny the allegations in Paragraph 39 of the Complaint and, therefore, denies them.

40.

Morris is without sufficient information to admit or deny the allegations in Paragraph 40 of the Complaint and, therefore, denies them.

41.

Morris is without sufficient information to admit or deny the allegations in Paragraph 41 of the Complaint and, therefore, denies them.

42.

Morris is without sufficient information to admit or deny the allegations in Paragraph 42 of the Complaint and, therefore, denies them.

43.

Morris is without sufficient information to admit or deny the allegations in Paragraph 43 of the Complaint and, therefore, denies them.

44.

Morris is without sufficient information to admit or deny the allegations in Paragraph 44 of the Complaint and, therefore, denies them.

45.

Morris is without sufficient information to admit or deny the allegations in Paragraph 45 of the Complaint and, therefore, denies them.

46.

Morris is without sufficient information to admit or deny the allegations in Paragraph 46 of the Complaint and, therefore, denies them.

47.

Morris is without sufficient information to admit or deny the allegations in Paragraph 47 of the Complaint and, therefore, denies them.

48.

Morris is without sufficient information to admit or deny the allegations in Paragraph 48 of the Complaint and, therefore, denies them.

49.

Morris is without sufficient information to admit or deny the allegations in Paragraph 49 of the Complaint and, therefore, denies them.

50.

Morris is without sufficient information to admit or deny the allegations in Paragraph 50 of the Complaint and, therefore, denies them.

51.

Morris is without sufficient information to admit or deny the allegations in Paragraph 51 of the Complaint and, therefore, denies them.

52.

Morris is without sufficient information to admit or deny the allegations in Paragraph 52 of the Complaint and, therefore, denies them.

53.

Morris denies the allegations in Paragraph 53 of the Complaint.

## CLAIMS FOR RELIEF

## COUNT ONE:

## NEGLIGENT FAILURE TO PREVENT SEXUAL HARASSMENT

54.

Morris restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

55.

Morris is without sufficient information to admit or deny the allegations in Paragraph 55 of the Complaint and, therefore, denies them.

56.

Morris denies the allegations in Paragraph 56 of the Complaint.

57.

Morris is without sufficient information to admit or deny the allegations in Paragraph 57 of the Complaint and, therefore, denies them.

58.

Morris is without sufficient information to admit or deny the allegations in Paragraph 58 of the Complaint and, therefore, denies them.

## COUNT TWO: NEGLIGENT AND WRONGFUL HIRING, SUPERVISION, AND RETENTION

### (Defendant Fresh Express)

59.

Morris restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

60.

Morris denies the allegations in Paragraph 60 of the Complaint.

61.

Morris denies the allegations in Paragraph 61 of the Complaint.

62.

Morris denies the allegations in Paragraph 62 of the Complaint.

63.

Morris denies the allegations in Paragraph 63 of the Complaint.

64.

Morris denies the allegations in Paragraph 64 of the Complaint.

65.

Morris denies the allegations in Paragraph 65 of the Complaint.

66.

Morris denies the allegations in Paragraph 66 of the Complaint.

67.

Morris denies the allegations in Paragraph 67 of the Complaint.

**COUNT THREE;**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Defendant Fresh Express)**

68.

Morris restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

69.

Morris denies the allegations in Paragraph 69 of the Complaint.

70.

Morris denies the allegations in Paragraph 70 of the Complaint.

71.

Morris denies the allegations in Paragraph 71 of the Complaint.

72.

Morris denies the allegations in Paragraph 72 of the Complaint.

73.

Morris denies the allegations in Paragraph 73 of the Complaint.

74.

Morris denies the allegations in Paragraph 74 of the Complaint.

## **COUNT FOUR: ASSAULT**

### **(Defendant Darren)**

75.

Morris restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

76.

Morris denies the allegations in Paragraph 76 of the Complaint.

77.

Morris denies the allegations in Paragraph 77 of the Complaint.

## **COUNT FIVE: BATTERY**

### **(Defendant Darren)**

78.

Morris restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

79.

Morris denies the allegations in Paragraph 79 of the Complaint.

80.

Morris denies the allegations in Paragraph 80 of the Complaint.

## COUNT SIX: FALSE IMPRISONMENT

### (Defendant Darren)

81.

Morris restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

82.

Morris denies the allegations in Paragraph 82 of the Complaint.

83.

Morris denies the allegations in Paragraph 83 of the Complaint.

84.

Morris denies the allegations in Paragraph 84 of the Complaint.

## COUNT SEVEN: INVASION OF PRIVACY

85.

Morris restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

86.

Morris denies the allegations in Paragraph 86 of the Complaint.

87.

Morris denies the allegations in Paragraph 87 of the Complaint.

88.

Morris denies the allegations in Paragraph 88 of the Complaint.

89.

Morris denies the allegations in Paragraph 89 of the Complaint.

90.

Morris denies the allegations in Paragraph 90 of the Complaint.

## **COUNT EIGHT: RATIFICATION**

91.

Morris restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

92.

Morris denies the allegations in Paragraph 92 of the Complaint.

93.

Morris denies the allegations in Paragraph 93 of the Complaint.

94.

Morris denies the allegations in Paragraph 94 of the Complaint.

## **COUNT NINE:**

## **PUNITIVE DAMAGES PURSUANT TO O.C.G.A. § 51-12-5**

## **(All Defendants)**

95.

Morris restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

96.

Morris denies the allegations in Paragraph 96 of the Complaint.

## COUNT TEN: ATTORNEYS' FEES AND EXPENSES OF LITIGATION

## PURSUANT TO O.C.G.A. § 13-6-11

### (All Defendants)

97.

Morris restates and incorporates by reference each of the preceding paragraphs as if fully restated herein.

98.

Morris denies the allegations in Paragraph 98 of the Complaint.

99.

Morris denies the allegations in Paragraph 99 of the Complaint.

## PRAYER FOR RELIEF

Responding to Plaintiff's prayer for relief, Morris denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

## DEFENSES

Without assuming any burden of proof that would otherwise rest with the Plaintiff, Morris states the following defenses. Morris expressly reserves his right to assert additional defenses which become relevant during the course of discovery.

### FIRST DEFENSE

Morris denies all allegations not specifically admitted herein.

### SECOND DEFENSE

Plaintiff's Complaint should be dismissed to the extent it fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part to the extent that the claims arose outside the applicable statute of limitations.

### FOURTH DEFENSE

Some of the Plaintiff's claims are barred, or damages may be reduced, to the full extent of the operation of the doctrine of after-acquired evidence.

### FIFTH DEFENSE

Some or all of Plaintiff's claims are barred by the equitable doctrines of laches, estoppel, ratification, and/or unclean hands.

### SIXTH DEFENSE

Plaintiff's negligence claims fail to the extent FEX owed no duty to Plaintiff.

### SEVENTH DEFENSE

Plaintiff's negligence claims fail because FEX breached no duty owed to Plaintiff.

### EIGHTH DEFENSE

Plaintiff's intentional inflection of emotional distress claim fails because FEX's actions with respect to Plaintiff were not intentional.

### NINTH DEFENSE

Plaintiff's intentional inflection of emotional distress claim fails because FEX's actions with respect to Plaintiff were neither extreme nor outrageous.

### TENTH DEFENSE

Plaintiff's intentional inflection of emotional distress claim fails because Plaintiff did not suffer severe emotional distress.

### ELEVENTH DEFENSE

Plaintiff's assault claim fails to the extent she cannot prove she was reasonably apprehensive of a violent injury from Morris's unlawful act.

14

## TWELFTH DEFENSE

Plaintiff's battery claim fails to the extent she cannot prove Morris touched her in an offensive and unlawful manner and/or without Plaintiff's consent.

## THIRTEENTH DEFENSE

Plaintiff's false imprisonment claim fails to the extent she cannot prove Morris unlawfully detained her.

## FOURTEENTH DEFENSE

Plaintiff's invasion of privacy claim fails to the extent she cannot prove Morris unjustifiably intruded upon her right to privacy by unreasonably interfering with her seclusion.

## FIFTEENTH DEFENSE

Plaintiff's claims fail to the extent she cannot establish any injury or damages.

## SIXTEENTH DEFENSE

Any damages allegedly sustained by Plaintiff were not actually or proximately caused by FEX or Morris.

## SEVENTEENTH DEFENSE

Plaintiff did not sustain any injuries or damages as a result of any act or omission by FEX or Morris.

## EIGHTEENTH DEFENSE

Plaintiff's punitive damages claim fails to the extent she cannot prove by clear and convincing evidence that FEX's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

## NINETEENTH DEFENSE

Any recovery of compensatory and punitive damages by Plaintiff would be subject to the statutory caps on these types of damages under the Georgia Civil Practice and Remedies Code.

15

## TWENTIETH DEFENSE

FEX is entitled to an offset or credit against Plaintiff's damages, if any, based on Plaintiff's earnings, income, unemployment benefits, disability benefits, workers' compensation benefits, and/or Social Security benefits.

## TWENTY-FIRST DEFENSE

Plaintiff's claims for exemplary damages are barred to the extent that the imposition of exemplary damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Georgia.

WHEREFORE, having answered Plaintiff's Complaint and asserted his defenses thereto, Defendant Chester Morris, Jr. prays that Plaintiff's Complaint be dismissed in its entirety, that judgement be entered in favor of Defendant and against Plaintiff, and that Defendant recover his costs and reasonable attorneys' fees incurred in this matter, together with such other and further relief as the Court may deem just and proper.

Respectfully submitted this 18th day of March, 2022.

/s/Todd C. Duffield_____
Todd C. Duffield
Georgia Bar No. 141905
Katherine H. Krouse
Georgia Bar No. 514298
OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: (404) 881-1300
Facsimile:  (404) 870-1732
todd.duffield@ogletree.com
katie.krouse@ogletree.com

*Attorneys for Defendants*

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2022, a complete copy of the foregoing DEFENDANT CHESTER MORRIS, JR.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT was served on the following counsel of record using the Court's e-file system, which will automatically serve all counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

*/s/Todd C. Duffield*
Todd C. Duffield
Georgia Bar No. 141905

17

50672649.v1-Ogletree

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
APR 18, 2022 10:13 AM

Jacquline D. Wills, Clerk
Clayton County, Georgia

### IN THE SUPERIOR COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

### JOINT MOTION TO STAY LITIGATION PENDING MEDIATION

COME NOW the parties in the above-styled action, by and through their counsel of record, and hereby respectfully request this Court to stay the litigation pending mediation. In support of this Motion, the parties respectfully state as follows:

1.     Pursuant to Georgia Uniform Superior Court Rule 5.1, discovery in this case commenced on November 19, 2021 and will end on May 19, 2021. So far, the parties have exchanged written discovery, document productions, and have scheduled four depositions.

2.     The parties have agreed to participate in mediation on June 15, 2022.

3.     The parties are hopeful that mediation will assist the parties in resolving the disputes between them or, at a minimum, narrowing the issues in dispute in this matter, thus preserving the time and resources of the parties, their counsel, and this Court. Therefore, the parties seek a stay of discovery, as well as a stay of all pending deadlines, so that they can focus their current efforts on preparing for the mediation.

4.     A stay of discovery and all pending deadlines in this matter will best serve the interests of justice and the efficient resolution of the parties' dispute.

5.     If mediation is unsuccessful, the parties will notify the Court within five (5) business days and submit a proposed scheduling order to the Court to determine future deadlines.

6.     A proposed Order granting the parties' request to stay discovery and all pending deadlines in this matter is submitted with this Motion.

WHEREFORE, for the above reasons, the parties jointly request that the Court stay this litigation through and including the mediation.

Respectfully submitted this 18th day of April, 2022.


/s/ Grace A. Starling
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
matt@justiceatwork.com
grace@justiceatwork.com

*Counsel for Plaintiff*

/s/ Todd C. Duffield
Todd C. Duffield
Georgia Bar No. 141905
Katherine H. Krouse
Georgia Bar No. 514298
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia 30303
Telephone: (404) 881-1300
Facsimile: (404) 870-1732
todd.duffield@ogletreedeakins.com
katie.krouse@ogletreedeakins.com

*Counsel  for Defendants*

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 18th day of April, 2022, a complete copy of the foregoing

JOINT MOTION TO STAY LITIGATION PENDING MEDIATION was served on the

following counsel of record using the Court's e-file system, which will automatically serve all

counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com


*/s/Todd C. Duffield*_____
Todd C. Duffield
Georgia Bar No. 141905

- 3 -

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER GRANTING JOINT MOTION TO STAY LITIGATION PENDING MEDIATION

Before the Court is the parties' Joint Motion to Stay Litigation Pending Mediation.  It appearing that the parties' Motion is well-founded, and for good cause shown, it is hereby ORDERED that:

1.      Discovery and all other pending deadlines in this matter are stayed until June 22, 2022.

2.      By June 22, 2022, the parties shall notify the Court whether the mediation was successful.  If mediation is not successful, the parties will submit a proposed scheduling order to the Court to determine future deadlines.


SO ORDERED this _____ day of April, 2022


_____

Jewel C. Scott
Judge, Superior Court of Clayton County

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
JUN 23, 2022 10:05 AM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS UPDATE AND PROPOSED SCHEDULING ORDER

COME NOW the parties in the above-styled action, by and through their counsel of record,

and hereby submit this joint status update and proposed scheduling order:

1.      On April 20, 2022, the Court entered an Order staying all pending deadlines until

June 22, 2022, so that the Parties could participate in mediation.

2.      The Parties completed mediation on June 15, 2022, reaching an Impasse.

3.      The Parties now request that the Court enter a Scheduling Order, in accordance

with the deadlines proposed below:

| | |
|---|---|
| Discovery Completion | November 30, 2022 |
| Dispositive Motion Deadline | December 30, 2022 |

Respectfully submitted this 23rd day of June, 2022.


/s/ Matthew C. Billips                                  /s/ Todd C. Duffield
Matthew C. Billips                                      Todd C. Duffield
Georgia Bar No. 057110                                  Georgia Bar No. 141905
Grace A. Starling                                       Katherine H. Krouse
Georgia Bar No. 464958                                  Georgia Bar No. 514298
BARRETT & FARAHANY                                      OGLETREE, DEAKINS, NASH,
1100 Peachtree Street, N.E., Suite 500                    SMOAK & STEWART, P.C.

Atlanta, GA 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
matt@justiceatwork.com
grace@justiceatwork.com

*Counsel for Plaintiff*

One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia 30303
Telephone: (404) 881-1300
Facsimile: (404) 870-1732
todd.duffield@ogletreedeakins.com
katie.krouse@ogletreedeakins.com

*Counsel for Defendants*

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2022, a complete copy of the foregoing

JOINT STATUS UPDATE AND PROPOSED SCHEDULING ORDER was served on the

following counsel of record using the Court's e-file system, which will automatically serve all

counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

*/s/Todd C. Duffield*_____
Todd C. Duffield
Georgia Bar No. 141905

- 3 -

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
JUL 13, 2022 03:47 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | |
| | 2021CV03786-14 |
| v. | |
| | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## AMENDED NOTICE OF DEPOSITION OF FARBRICIO TELLES ANTUNES

PLEASE TAKE NOTICE that the undersigned will take the remote deposition of Farbricio Telles Antunes upon oral examination commencing on August 11, 2022, at 9:30 AM. The deposition will be taken before an officer authorized by law to administer oaths, will be recorded by stenographic and sound-and-visual means. The oral examination will continue from day to day until complete, adjourned, or continued.

Respectfully submitted this 13th day of July, 2022.

**BARRETT & FARAHANY**

 /s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorney for Angelica Brown*

P.O. Box 530092
Atlanta, GA 30343
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
grace@justiceatwork.com

1

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

**Jewel Scott**
**JUL 13, 2022 03:47 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

### IN THE SUPERIOR COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

ANGELICA BROWN

    Plaintiff,

v.

FRESH EXPRESS INCORPORATED and
DARREN LNU,

    Defendants.

Civil Action No.:

2021CV03786-14

JURY TRIAL DEMANDED

### CERTIFICATE OF SERVICE

    I hereby certify that on this day, I electronically filed the foregoing *Amended Notice of Deposition of Farbricio Telles Antunes* which will automatically send email notification of such filing to all attorneys of record.

    Respectfully submitted this 13th day of July, 2022.

                **BARRETT & FARAHANY**

                /s/ *Matthew C. Billips*
                Matthew C. Billips
                Georgia Bar No. 057110

2

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
JUL 13, 2022 03:47 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | |
| | 2021CV03786-14 |
| v. | |
| | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## AMENDED NOTICE OF DEPOSITION OF CHESTER D. MORRIS, JR.

PLEASE TAKE NOTICE that the undersigned will take the remote deposition of Chester D. Morris, Jr. upon oral examination commencing on August 11, 2022, at 2:00 PM. The deposition will be taken before an officer authorized by law to administer oaths, will be recorded by stenographic and sound-and-visual means. The oral examination will continue from day to day until complete, adjourned, or continued.

Respectfully submitted this 13th day of July, 2022.

BARRETT & FARAHANY

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorney for Angelica Brown*

P.O. Box 530092
Atlanta, GA 30343
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
grace@justiceatwork.com

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
**JUL 13, 2022 03:47 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

ANGELICA BROWN

    Plaintiff,

v.

FRESH EXPRESS INCORPORATED and
DARREN LNU,

    Defendants.

Civil Action No.:

2021CV03786-14

JURY TRIAL DEMANDED

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing *Amended Notice of Deposition of Chester D. Morris, Jr.* which will automatically send email notification of such filing to all attorneys of record.

Respectfully submitted this 13th day of July, 2022.

**BARRETT & FARAHANY**

 /s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
**JUL 20, 2022 04:34 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

To:     All Judges, Clerk of Court and Counsel of Record

From:   Matthew C. Billips

Re:     Notice of Leave of Absence

Date:   July 20, 2022

---

## NOTICE OF LEAVE OF ABSENCE

COMES NOW, Matthew C. Billips, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Superior Court Rule 16.

The period of leave during which Matthew C. Billips will be away from the practice of law is as follows:

**September 2 – 19, 2022 (family vacation)**

All affected judges and opposing counsel shall have ten days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

Respectfully submitted the 20th day of July, 2022.

**BARRETT & FARAHANY**

*/s/ Matthew C. Billips*
Matthew C. Bilips
Georgia Bar No. 057110

*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
matt@justiceatwork.com

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing *Notice of Leave of Absence,* which will send a copy to all counsel of record via electronic mail.

Respectfully submitted the 20th day of July, 2022.

**BARRETT & FARAHANY**

*/s/ Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEARANCE OF JESSICA H. THOMAS

Jessica H. Thomas of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. respectfully enters

her appearance in this action as counsel of record for Defendant Fresh Express Incorporated.

Respectfully submitted this 21th day of July, 2022.

/s/ Jessica H. Thomas
Jessica H. Thomas
GA Bar No. 704970
Ogletree, Deakins, Nash, Smoak
 & Stewart, P.C.
191 Peachtree St., NE, Suite 4800
Atlanta, GA 30303
Telephone:    404.881.1300
Facsimile:     404.870.1732
jessica.thomas@ogletree.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA
**2021CV03786-14**
**Jewel Scott**
**JUL 21, 2022 11:24 AM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN, | Civil Action No. 2021CV03786-14 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

**E-FILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA
**2021CV03786-14**
Jewel Scott
**JUL 21, 2022 11:24 AM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## CERTIFICATE OF SERVICE

I hereby certify that on this 21th day of July, 2022, a complete copy of the foregoing

NOTICE OF APPEARANCE OF JESSICA H. THOMAS was served on the following counsel of

record using the Court's e-file system, which will automatically serve all counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

*/s/ Jessica H. Thomas*
Jessica H. Thomas
GA Bar No. 704970

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
**Jewel Scott**
**JUL 27, 2022 10:06 AM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I hereby certify that on July 27, 2022, I served the following documents upon counsel for

Defendants via electronic mail:

1. *PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CHESTER MORRIS, JR.*;

2. *PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT CHESTER MORRIS, JR.*; and

3. *NOTICE OF DEPOSITION OF DEFENDANT FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6).*

Respectfully submitted this 27th day of July, 2022.

**BARRETT & FARAHANY**

 /s/ *Grace A. Starling*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorney for Angelica Brown*

1

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
grace@justiceatwork.com

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the forgoing *Rule 5.2 Certificate of Service of Discovery* which will automatically send email notification of such filing to the following attorney of record:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Katherine H. Krouse
katie.krouse@ogletree.com
Jessica H. Thomas
jessica.thomas@ogletree.com

Respectfully submitted this 27th day of July, 2022.

**BARRETT & FARAHANY**

 /s/ *Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
AUG 02, 2022 11:23 AM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I on this day, I served the forgoing ***PLAINTIFF'S SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES BY DEFENDANT FRESH EXPRESS INCORPORATED*** on the following counsel of record via electronic mail:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Katherine H. Krouse
katie.krouse@ogletree.com

Respectfully submitted this 1st day of August, 2022.

**BARRETT & FARAHANY**

/s/ *Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

16

⬦ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott

**AUG 05, 2022 04:32 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FRESH EXPRESS INCORPORATED'S MOTION FOR PROTECTIVE
ORDER WITH RESPECT TO PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICE**

Defendant Fresh Express Incorporated ("Defendant" or "Fresh Express") respectfully

moves this Court for an entry of a protective order limiting the scope of Plaintiff's Rule 30(b)(6)

deposition of Fresh Express's Corporate Representatives, pursuant to O.C.G.A. § 9-11-26(c).  In

support of this motion, Fresh Express states as follows:

**I.     BACKGROUND**

1.     Plaintiff filed this action on October 14, 2021, alleging that Fresh Express

negligently failed to prevent sexual harassment; negligently hired, supervised, and retained

Defendant Chester Morris ("Morris"); intentionally inflicted emotional distress on Plaintiff; and

ratified Morris's invasion of privacy.  Plaintiff claims that Morris is liable for assault, battery, false

imprisonment, and invasion of privacy.  Plaintiff also seeks punitive damages and attorneys' fees.

2.     On December 15, 2021, Plaintiff served her Notice of Defendant Fresh Express

Incorporated Pursuant to O.C.G.A. 9-11-30(b)(6), identifying 30 topics of examination.  (Exhibit

A.)

3.     On January 18, 2022, counsel for Fresh Express sent Plaintiff's counsel a letter

objecting to several of the 30(b)(6) topics of examination.  (Exhibit B.)

4.      In March 2022, the Parties conferred and reached agreement as to all but Topic No. 25, which requested "the contact information, including address, phone number and dates of employment of individuals employed by Defendant at the location worked at any time during Plaintiff's employment." (Exhibit C.)

5.      The Parties then agreed to mediate and this case was stayed until June 2022.

6.      Following an unsuccessful mediation, on July 27, 2022, Plaintiff re-served its Notice of Defendant Fresh Express Incorporated Pursuant to O.C.G.A. 9-11-30(b)(6).  (Exhibit D.)  The Parties had still not reached an agreement as to Topic No. 25.

7.      On August 2, 2022, Fresh Express offered to compromise by narrowing Topic No. 25 to the identities, dates of employment, and contact information of the individuals who have knowledge of any of the allegations in the Complaint involving the interactions between Plaintiff and Chester Morris.  (Exhibit E, at 6-7.)

8.      Plaintiff refused that offer, contending that she needed to contact these individuals to see what relevant information they have "regarding the operations of the Morrow plant, including enforcement and publication of sexual harassment policies and the conduct of Mr. Morris and/or Ms. Brown." (Exhibit E, at 4.)

9.      Fresh Express offered to compromise again by narrowing Topic No. 25 to the identities, dates of employment, and contact information of the individuals who worked on the same shift and in the same department as Plaintiff on the dates that she alleges that Defendant Morris engaged in inappropriate or improper conduct.  (Exhibit E, at 4.)

10.      Plaintiff again refused to narrow Topic No. 25.  (Exhibit E, at 1.)[1]

---

[1] Although Plaintiff "intend[s] to go forward as previously agreed, where we reached agreement" (Exhibit E, at 1), Plaintiff has also failed to re-serve her notice incorporating the Parties' full agreement with respect to 29 of the 30 topics, as summarized in Exhibit C.

## II.    LEGAL STANDARD

Under Georgia law, "[a] party may, in his or her notice, name as the deponent a public or private corporation or a partnership or association or a governmental agency and designate with reasonable particularity the matters on which examination is requested."   O.C.G.A. § 9-11-30(b)(6).  When a party objects to and, after conferring with the requesting party, cannot agree to the topics set forth in a Rule 30(b)(6) deposition notice, a timely motion for a protective order pursuant to O.C.G.A. § 9-11-26(c) is the appropriate recourse.  *See e.g.*, *Royal Indem. Co. v. R&R Insulation Sers*, 2009 WL 7416190 (Ga. Super. Aug. 04, 2009).

"[U]pon a showing of 'good cause,' a trial court may 'make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including limiting or otherwise prohibiting the requested discovery."  *Gen. Motors, LLC v. Buchanan*, 874 S.E.2d 52, 57 (Ga. 2022) (citing O.C.G.A. § 9-11-26(c)).  In exercising its discretion under O.C.G.A. § 9-11-26(c), the court can order, among other things, that discovery not be had, allow it only on specified terms and conditions, or change the method of discovery.  O.C.G.A. § 9-11-26(c)(1)-(8); *see also Buchanan*, 874 S.E.2d at 57.

## III.    ARGUMENT AND CITATION OF AUTHORITY

### A.    Topic No. 25 is Not Proper for a 30(b)(6) Deposition

Plaintiff's Topic No. 25 seeks "the contact information, including address, phone number and dates of employment of individuals employed by Defendant Fresh Express at the location worked by Defendant Morris at any time during Plaintiff's employment."  Topic No. 25 is an improper subject for a Rule 30(b)(6) deposition and is more appropriately sought through a written discovery request.  Courts may grant protective orders to prohibit discovery sought through Rule 30(b)(6) depositions where the request can be fulfilled through more appropriate forms of

discovery.  *See Bicknell v. CBT Factors Corp*., 321 S.E.2d 383, 385 (Ga. Ct. App. 1984) (the trial court had discretion to require appellants pursue other discovery methods rather than to insist upon oral testimony by a 30(b)(6) corporate representative); *see also Alvarado v. Air Sys. Components LP*, 2022 WL 800731, at *4 (N.D. Tex. Mar. 15, 2022) (granting defendants' motion for protective order because [plaintiff] had ample opportunity to discover information through more properly tailored document requests); *SmithKline Beecham Corp. v. Apotex Corp.*, 2004 WL 739959, at **2-3 (E.D. Pa. Mar. 23, 2004) (court exercised its discretion by ordering discovery sought through 30(b)(6) deposition to instead be exchanged through written discovery).

Here, it would be impossible for Fresh Express's corporate representative to educate himself on the identify, contact information, and dates of employment of the approximately 1,000 individuals employed at Fresh Express during the four-month period that Plaintiff was assigned to work there.[2]  Instead, the corporate representative would almost certainly have to create, produce, and authenticate a business record containing the names, contact information, and dates of employment of such individuals.  Accordingly, Topic No. 25 is essentially a document request, which Plaintiff should have sought through a written discovery request.

### B.    Topic No. 25 is Overly Broad, Unduly Burdensome, Disproportionate to the Needs of the Case, and an Improper Fishing Expedition

As drafted, Topic No. 25 requests the identities and contact information of employees who have no knowledge whatsoever of Plaintiff's claims or Defendants' defenses.  It is clear that this topic is nothing more than an improper fishing expedition, because Plaintiffs have patently refused

---

[2] Plaintiff was an employee of a staffing agency and was assigned to work at Fresh Express. She was not an employee of Fresh Express.

Defendant's offers to narrow this topic to the individuals who may actually have knowledge and information that is relevant to this lawsuit.  (Exhibit E, at 1, 4, 6-7.)[3]

Plaintiff maintains that she needs the identities and contact information of every single employee in the plant so that she can ask them about the operations of the Morrow plant, including enforcement and publication of sexual harassment policies, and the conduct of Plaintiff and Morris (Exhibit E, at 4.)  As an initial matter, in response to Plaintiff's interrogatories, Fresh Express identified and provided contact information for the individuals who Fresh Express believes may have discoverable information with respect to any of Plaintiff's claims or the defenses raised by Defendant.  Moreover, Fresh Express's corporate representative is already testifying to complaints (if any) made about Defendant Morris (Topic Nos. 3-5), Fresh Express's policies regarding harassment (Topic Nos. 7-8), Fresh Express's reasons for enacting such rules, policies, and procedures regarding harassment (Topic No. 9), Fresh Express's policies and practices for reporting and responding to complaints of harassment at the Morrow Plant (Topic No. 10), Fresh Express's policies and procedures for evaluating allegations of harassment received by Fresh Express (Topic No. 11), and what Fresh Express has done generally to prevent harassment from August 17, 2020 through the present (Topic No. 12).  (Exhibits C and D.)

Further, to prepare a witness to testify as to the identities, dates of employment, and contact information of all of Fresh Express's employees during the time Plaintiff was assigned to Fresh Express would create an undue burden on Fresh Express when weighed against the interests of the Plaintiff, particularly considering approximately 1,000 individuals were employed by Fresh

---

[3] Defendant disputes Plaintiff's counsel's suggestion that he needs the names of all employees who worked at the Morrow plant to inquire about the operations and publications of policies. As noted below, the corporate representative is already testifying to these matters. Further, several other employees have already been identified that could be questioned about the publication of policies. To the extent that Plaintiff's counsel wants to speak to every single employee in the hope that *someone* will provide helpful testimony regarding the publication of policies, that is the very definition of a fishing expedition, which is prohibited.

Express at the location worked by Morris during the time which Plaintiff was assigned to work at Fresh Express.  *See Hook v. Sullins & Assocs., L.P.*, 2010 WL 26465, at *1 (N.D. Tex. Jan. 4, 2010) (denying motion to compel request to identify names and contact information of all employees who worked at defendant's restaurants at the same time as plaintiffs).[4]  Thus, a protective order is therefore needed with respect to Topic No. 25.

## IV.   CONCLUSION

For the foregoing reasons, Fresh Express respectfully requests that the Court grant their Motion for Protective Order with respect to Topic No. 25 contained in Plaintiff's 30(b)(6) deposition notice per the objections set forth above, grant Fresh Express its costs and attorneys' fees, and grant any such other further relief as the Court deems just and equitable.

Respectfully submitted this 5th day of August, 2022.

<div align="right">

*/s/Jessica H. Thomas*
Todd C. Duffield
Georgia Bar No. 141905
Jessica H. Thomas
GA Bar No. 704970
Katherine H. Krouse
Georgia Bar No. 514298
OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: (404) 881-1300
Facsimile:  (404) 870-1732
todd.duffield@ogletree.com
jessica.thomas@ogletree.com
katie.krouse@ogletree.com

*Attorneys for Defendants*

</div>

---

[4] Fresh Express has been unable to locate case law in which a party has requested that a corporate representative testify to the identities, contact information, and dates of employment of all of the employees at a company's plant or location.

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of August, 2022, a complete copy of the foregoing

DEFENDANT FRESH EXPRESS INCORPORATED'S MOTION FOR PROTECTIVE ORDER

WITH RESPECT TO PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICE was served on the

following counsel of record using the Court's e-file system, which will automatically serve all

counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

*/s/Jessica H. Thomas*
Jessica H. Thomas
GA Bar No. 704970

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA
**2021CV03786-14**
**Jewel Scott**
**AUG 05, 2022 04:32 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

# Exhibit A

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## NOTICE OF DEPOSITION OF DEFENDANT
## FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6), the undersigned will take the remote deposition of a corporate representative(s) of Defendant Fresh Express Incorporated ("Defendant") upon oral examination commencing on _____, 2022, at 10:00 a.m. The deposition will be taken remotely before an officer authorized by law to administer oaths and will be recorded by stenographic and sound-and-visual means. The oral examination will continue from day to day until complete, adjourned, or continued.

It is hereby requested that prompt notification in writing be given to Plaintiff's counsel as to the names, address, telephone number, capacity and job title of each person so designated to testify and matters on which the person will testify. Pursuant to the provisions of O.C.G.A. 9-11-30(b)(6), the Defendant is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify on its and are most knowledgeable and competent to testify regarding the matters designated below. The following shall apply to the instant depositions noticed herein.

1

I.     **Definitions and Instructions**

A.       As set forth below, the term "Plaintiff" shall refer to Kristina Barclay and the term Defendant shall refer to Defendant Fresh Express Incorporated and any agent or representative of this Defendant, including but not limited to attorneys.

B.       The term "document" or "documents" has the broadest possible meaning accorded under O.C.G.A. 9-11-34 and means any written, recorded, or graphic matter however produced or reproduced, including documents stored in or retrievable by computer. "Documents" include, but are not limited to: memoranda; reports; indexes; books; periodicals; studies; analyses; contracts; agreements; charts; graphs; drawings; spreadsheets; electronic mail; data compilations; notes; Post-its; entries; letters; facsimiles; tapes; records; bulletins; invoices; bills; order forms; receipts; financial statements; video and audio tapes; photographs; calendars; diaries; communications; correspondence; cablegrams; radiograms; summaries of telephone conversations; meetings or conferences, including a list of persons attending such meetings or conferences; records of investigations; opinions and reports of consultants or experts; tapes, disks or other electronic media; writing or physical thing, including all drafts of originals and preliminary notes on or marginal comments concerning each of the above-described documents. "Documents" shall include electronically stored information, including metadata associated therewith.

C.       The term "identify" shall mean a person's full name, present or last known residence or business address (as the case may be), title or job position, and present or last known employer's name (if applicable). If a person is deceased, "identify" shall state the name and place of his or her death.

D.        The term "person" means any individual and any legal entity, whether partnership, association, corporation, business trust, legal representative, firm, or any organized group of persons

## II.    **Matters Designated for Deposition Testimony**

1. The name, address, and employment position of each and every individual who played a decision-making, consultative, and/or advisory role in terminating Plaintiff's employment with Defendant; a complete description in full detail, with particularity, each such individual's role in the afore-mentioned decision(s); a complete description in full detail, with particularity, the extent to which each such individual's role made a difference in the outcome of the afore-mentioned decision; and a description in full detail, with particularity, of each and every factor, reason, and/or motivation which was relied on by each such individual in reaching the afore-mentioned decisions.

2. The highest number of employees employed by Fresh Express Incorporated, Defendant herein, (using the "payroll method" as defined in *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202 (1997)) for each working day in each of twenty or more calendar weeks in the last year of Plaintiff's employment and the year immediately preceding that year.

3. Complaints of harassment, discrimination, and/or retaliation received by Defendant from 2015 through the present;

4. Complaints of retaliation after reporting sexual harassment or discrimination received by Defendant from 2015 through the present;

5. Any investigations into any complaints identified in response topics 3 through 4;

6.      Any investigation into any complaints identified in response to these requests, including all actions taken in the course of the investigation and the identities of all individuals who participated in the investigation from 2015 through present;

7.      Defendant's policies regarding harassment and discrimination in the workplace;

8.      Rules, policies, or procedures regarding discrimination or retaliation against employees who report unlawful conduct and the reasons for such rules, policies, or procedures;

9.      Reasons for enacting such rules, policies, and procedures regarding harassment and discrimination;

10.     Defendant's policies and practices for reporting and responding to complaints about harassment and discrimination,

11.     Defendant's policies and procedures for evaluating allegations of harassment;

12.     Description in detail of everything Defendant has done to prevent harassment and discrimination including any training management and employees attended;

13.     A description of the corporate structure of Defendant and/or any other related corporations or entities, including the relationships between and among all such corporations;

14.     A description of Human Resources' working relationship with Daniel Marquez and his contributions to investigations of sexual harassment and/or assault;

15.     A description of the current financial condition of Defendant and/or any other related corporations or entities, including the assets presently held; prior year revenue; liabilities owed; and total net worth;

16.     The employees, agents, or officials of Defendant who are knowledgeable about potentially relevant electronically stored information;

17. All information known or reasonably available to Defendant that forms the basis of Defendant's asserted defenses, as well as any additional defense(s) Defendant intends to assert;

18. The location and description of all documents that reflect the basis for each and every defense and affirmative defenses Defendant asserted in its Answer to Plaintiff's Complaint;

19. The location and description of all documents that contain information responsive to all the topics described herein.

20. Plaintiff's job description and job duties, including any changes to those duties and the identities of individual(s) who assigned the duties. This topic includes both duties assigned and duties actually performed;

21. The compensation and benefits Plaintiff received while employed with Defendant, as well as the value of Defendant's contribution to any such benefits;

22. The names, dates of employment, and contact information of individuals that have performed job duties for Defendant similar to those performed by Plaintiff at any time during the three years preceding and following the date this action was filed; and

23. Plaintiff's work performance, including receipt of awards, promotions, warnings, reprimands, and performance evaluations.

24. The location and description of all documents, including unproduced documents, that reflect any complaint or report submitted to Defendant regarding non-payment of overtime for its employees, including Plaintiff;

25.     The contact information, including address, phone number and dates of employment of individuals employed by Defendant at the location worked at any time during Plaintiff's employment;

26.     Each and every reason for Plaintiff's termination and for the termination of Fresh Express' contract with Signature Contingent Management/Signature Staffing

27.     All information relating to Defendant's insurance policies;

28.     The location and description of all documents that contain information responsive to all the topics described herein;

29.     All information related to the routine maintenance of Defendant's facilities where Plaintiff worked, including health inspection reports;

30.     The location of all video cameras at the Fresh Express Morrow facility and their operation status from January 1, 2021 to present.

Respectfully submitted this 15th day of December, 2021.

**BARRETT & FARAHANY**

/s/ *Grace A. Starling*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorney for Angelica Brown*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
grace@justiceatwork.com

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I on this day, I served the forgoing *NOTICE OF DEPOSITION OF DEFENDANT FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6)* on the following counsel of record via electronic mail:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Amy E. Jensen
amy.jensen@ogletree.com
Katherine H. Krouse
katie.krouse@ogletree.com

Respectfully submitted this 15th day of December, 2021.

**BARRETT & FARAHANY**

/s/ *Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

7

# Exhibit B

**Ogletree
Deakins**

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys at Law*

One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:  404-881-1300
Facsimile:  404-870-1732
www.ogletree.com

Todd C. Duffield
404-870-1701
Todd.Duffield@ogletree.com

January 18, 2022

**Via Electronic Mail**

Matthew C. Billips (matt@justiceatwork.com)
Grace Starling (grace@justiceatwork.com)
BARRETT & FARAHANY
1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309

      RE:    *Angelica Brown v. Fresh Express Incorporated and Darren LNU*
              Superior Court of Clayton County
              Civil Action File No.: 2021CV03786-14
              Notice of Deposition of Defendant Fresh Express Incorporated Pursuant to O.C.G.A. § 9-11-30(b)(6)

Dear Counsel:

      Fresh Express Incorporated ("Fresh Express") is in receipt of Angelica Brown's Notice of Deposition Pursuant to O.C.G.A. § 9-11-30(b)(6). We have reviewed the topics of examination and believe that several topics are objectionable in whole or in part. Please accept this correspondence as a good faith effort to confer and reach an agreement on the topics and scope thereof for the 30(b)(6) witness(es).

      Our responses and objections to each individual topic are below and as follows:

      **1.     The name, address, and employment position of each and every individual who played a decision-making, consultative, and/or advisory role in terminating Plaintiff's employment with Defendant; a complete description in full detail, with particularity, each such individual's role in the afore-mentioned decision(s); a complete description in full detail, with particularity, the extent to which each such individual's role made a difference in the outcome of the afore-mentioned decision; and a description in full detail, with particularity, of each and every factor, reason, and/or motivation which was relied on by each such individual in reaching the afore-mentioned decisions.**

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville ▪ Houston
Indianapolis ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada) ▪ Morristown
Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

January 18, 2022
Page 2

Fresh Express objects to this topic on the grounds that it is based on a faulty premise, as Fresh Express never employed Plaintiff, and therefore, did not terminate Plaintiff's employment. Fresh Express also did not terminate Plaintiff's assignment. Therefore, there is no one at Fresh Express who can testify on this topic.

**2.    The highest number of employees employed by Fresh Express Incorporated, Defendant herein, (using the "payroll method" as defined in *Walters v. Metropolitan Educational Enterprises, Inc.,* 519 U.S. 202 (1997)) for each working day in each of twenty or more calendar weeks in the last year of Plaintiff's employment and the year immediately preceding that year.**

Fresh Express objects to this topic as irrelevant to the claims and defenses in this matter. Fresh Express further objects that it is overly broad, as it is not limited to the facility at issue. Further, it is based on a faulty premise (*i.e.*, Plaintiff's alleged "employment" by Fresh Express). Please explain the relevance of this topic to the claims or defenses in this case.

**3.    Complaints of harassment, discrimination, and/or retaliation received by Defendant from 2015 through the present.**

Fresh Express objects to this topic as irrelevant, because complaints of discrimination, retaliation, and harassment generally are not relevant to Ms. Brown's claims for negligent failure to prevent sexual harassment; negligent hiring, supervision, and retention of Chester Morris Jr.; intentional infliction of emotional distress; invasion of privacy; and ratification of sexually offensive conduct. At most, only relevant complaints of sexual harassment received by Fresh Express are related to Ms. Brown's claims. Fresh Express further objects to this topic on the ground that it is overbroad temporally because it is not limited to the relevant time period – August 17, 2020 (the date Fresh Express hired Mr. Morris) through the present. Fresh Express further objects to this topic on the ground that it is overbroad geographically because it is not limited to Fresh Express's Morrow plant, where Mr. Morris is employed and Ms. Brown was assigned. Fresh Express further objects to this topic on the ground that it is overbroad because it is not limited to complaints of sexual harassment regarding Mr. Morris received by Fresh Express. Notwithstanding, Fresh Express will identify a witness to testify to complaints of sexual harassment received by Fresh Express regarding Mr. Morris within the relevant time period.

**4.    Complaints of retaliation after reporting sexual harassment or discrimination received by Defendant from 2015 through the present.**

Fresh Express objects to this topic as irrelevant, because neither complaints of retaliation nor reports of discrimination are relevant to Ms. Brown's claims for negligent failure to prevent sexual harassment; negligent hiring, supervision, and retention of Mr. Morris; intentional infliction of emotional distress; invasion of privacy; and ratification of sexually offensive conduct. Fresh Express further objects to this topic on the ground that it is overbroad temporally because it is not limited to the relevant time period – August 17, 2020 (the date Fresh Express hired Mr. Morris) through the present. Fresh Express further objects to this topic on the ground that it is overbroad geographically because it is not limited to Fresh Express's Morrow plant, where Mr. Morris is employed and Ms. Brown was assigned. Fresh Express further objects to this topic on the ground that it is overbroad

January 18, 2022
Page 3

because it is not limited to complaints of retaliation after reports of sexual harassment regarding Mr. Morris received by Fresh Express. Notwithstanding, Fresh Express will identify a witness to testify to complaints of retaliation after reports of sexual harassment received by Fresh Express regarding Mr. Morris within the relevant time period.

> **5.    Any investigations into any complaints identified in response topics 3 through 4.**

Fresh Express objects to this topic as irrelevant, because investigations into complaints of discrimination, retaliation, and harassment generally are not relevant to Ms. Brown's claims for negligent failure to prevent sexual harassment; negligent hiring, supervision, and retention of Mr. Morris; intentional infliction of emotional distress; invasion of privacy; and ratification of sexually offensive conduct. Fresh Express further objects to this topic on the ground that it is overbroad temporally because it is not limited to the relevant time period – August 17, 2020 (the date Fresh Express hired Mr. Morris) through the present. Fresh Express further objects to this topic on the ground that it is overbroad geographically because it is not limited to Fresh Express's Morrow plant, where Ms. Brown was assigned and Mr. Morris was employed. Fresh Express further objects to this topic on the ground that it is overbroad because it is not limited to investigations into complaints of sexual harassment regarding Mr. Morris received by Fresh Express. Notwithstanding, Fresh Express will identify a witness to testify to investigations into complaints of sexual harassment regarding Mr. Morris received by Fresh Express within the relevant time period.

> **6.    Any investigation into any complaints identified in response to these requests, including all actions taken in the course of the investigation and the identities of all individuals who participated in the investigation from 2015 through present.**

Fresh Express objects to this topic on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case, because the term "any complaints identified in response to these requests," is undefined and not stated with reasonable particularity. Fresh Express further objects to this topic on the ground that it is overbroad temporally because it is not limited to the relevant time period – August 17, 2020 (the date Fresh Express hired Mr. Morris) through the present. Fresh Express further objects to this topic on the ground that it is overbroad geographically because it is not limited to Fresh Express's Morrow plant, where Ms. Brown was assigned and Mr. Morris was employed. Fresh Express further objects to this topic on the ground that it is overbroad because it is not limited to investigations into complaints of sexual harassment regarding Mr. Morris received by Fresh Express. Notwithstanding, Fresh Express will identify a witness to testify to investigations into complaints of sexual harassment regarding Mr. Morris received by Fresh Express within the relevant time period.

> **7.    Defendant's policies regarding harassment and discrimination in the workplace.**

Fresh Express objects to this topic as irrelevant, because Fresh Express's policies regarding discrimination in the workplace are not relevant to Ms. Brown's claims for negligent failure to prevent sexual harassment; negligent hiring, supervision, and retention of Mr. Morris; intentional infliction of emotional distress; invasion of privacy; and ratification of sexually offensive conduct. Fresh Express further objects to this topic on the ground that it is overbroad temporally because it is not

January 18, 2022
Page 4

limited to the relevant time period – January 7, 2021 (the date Ms. Brown's assignment at Fresh Express began) through May 12, 2021 (the date Ms. Brown's assignment at Fresh Express ended). Notwithstanding, Fresh Express will identify a witness to testify to Fresh Express's policies regarding harassment that were in place within the relevant time period.

**8.      Rules, policies, or procedures regarding discrimination or retaliation against employees who report unlawful conduct and the reasons for such rules, policies, or procedures.**

Fresh Express objects to this topic as irrelevant, because Fresh Express's policies regarding discrimination and retaliation are not relevant to Ms. Brown's claims for negligent failure to prevent sexual harassment; negligent hiring, supervision, and retention of Mr. Morris; intentional infliction of emotional distress; invasion of privacy; and ratification of sexually offensive conduct.  Fresh Express further objects to this topic on the ground that it is overbroad temporally because it is not limited to the relevant time period – January 7, 2021 (the date Ms. Brown's assignment at Fresh Express began) through May 12, 2021 (the date Ms. Brown's assignment at Fresh Express ended). Notwithstanding, Fresh Express will identify a witness to testify to Fresh Express's policies regarding harassment that were in place during the relevant time period.

**9.      Reasons for enacting such rules, policies, and procedures regarding harassment and discrimination.**

Fresh Express objects to this topic as irrelevant, because Fresh Express's reasons for enacting rules, policies, and procedures regarding discrimination are not relevant to Ms. Brown's claims for negligent failure to prevent sexual harassment; negligent hiring, supervision, and retention of Mr. Morris; intentional infliction of emotional distress; invasion of privacy; and ratification of sexually offensive conduct.  Notwithstanding, Fresh Express will identify a witness to testify to Fresh Express's reasons for enacting rules, policies, and procedures regarding harassment.

**10.      Defendant's policies and practices for reporting and responding to complaints about harassment and discrimination.**

Fresh Express objects to this topic as irrelevant, because Fresh Express's policies and practices for reporting and responding to complaints of discrimination are not relevant to Ms. Brown's claims for negligent failure to prevent sexual harassment; negligent hiring, supervision, and retention of Mr. Morris; intentional infliction of emotional distress; invasion of privacy; and ratification of sexually offensive conduct.  Fresh Express further objects to this topic on the ground that it is overbroad temporally because it is not limited to the relevant time period – January 7, 2021 (the date Ms. Brown's assignment at Fresh Express began) through May 12, 2021 (the date Ms. Brown's assignment at Fresh Express ended).  Fresh Express further objects to this topic on the ground that it is overbroad geographically because it is not limited to Fresh Express's Morrow plant, where Ms. Brown was assigned.  Notwithstanding, Fresh Express will identify a witness to testify to Fresh Express's policies and practices for reporting and responding to complaints of harassment that were in place at Fresh Express's Morrow plant within the relevant time period.

January 18, 2022
Page 5

**11.     Defendant's policies and procedures for evaluating allegations of harassment.**

Fresh Express objects to this topic on the ground that it is overbroad temporally because it is not limited to the relevant time period – January 7, 2021 (the date Ms. Brown's assignment at Fresh Express began) through May 12, 2021 (the date Ms. Brown's assignment at Fresh Express ended). Fresh Express further objects to this topic on the ground that it is overbroad geographically because it is not limited to Fresh Express's Morrow plant, where Ms. Brown was assigned. Fresh Express further objects to this topic on the ground that it is vague, ambiguous, and overbroad because the term "allegations," is undefined and not stated with reasonable particularity. Notwithstanding, Fresh Express will identify a witness to testify to Fresh Express's policies and procedures that were in place at Fresh Express's Morrow plant within the relevant time period for evaluating allegations of harassment received by Fresh Express.

**12.     Description in detail of everything Defendant has done to prevent harassment and discrimination including any training management and employees attended.**

Fresh Express objects to this topic as irrelevant, because a description of everything Fresh Express has done to prevent discrimination is not relevant to Ms. Brown's claims for negligent failure to prevent sexual harassment; negligent hiring, supervision, and retention of Mr. Morris; intentional infliction of emotional distress; invasion of privacy; and ratification of sexually offensive conduct. Fresh Express further objects to this topic on the ground that it is overbroad temporally because it is not limited to the relevant time period – August 17, 2020 (the date Fresh Express hired Mr. Morris) through the present. Fresh Express further objects to this topic on the ground that it is vague, ambiguous, overboard, and not proportional to the needs of the case, because the phrase "everything Defendant has done to prevent harassment," is not stated with reasonable particularity. Notwithstanding, Fresh Express will identify a witness to testify generally to what Fresh Express has done to prevent harassment within the relevant time period.

**13.     A description of the corporate structure of Defendant and/or any other related corporations or entities, including the relationships between and among all such corporations.**

Fresh Express objects to this topic on the ground that it is overbroad temporally because it is not limited to the relevant time period – January 7, 2021 (the date Ms. Brown's assignment at Fresh Express began) through May 12, 2021 (the date Ms. Brown's assignment at Fresh Express ended). Fresh Express further objects to this topic on these grounds that it is vague, ambiguous, overbroad, because the terms "corporate structure" and "related corporations or entities" are undefined and not stated with reasonable particularity. Fresh Express has dozens of "related corporations or entities." Accordingly, testimony regarding such entities would be unduly burdensome and not proportional to the needs of the case. Moreover, it would be virtually impossible for Fresh Express to identify a witness to testify to "any" of Fresh Express's "related corporations or entities." Notwithstanding, Fresh Express will produce a chart of Fresh Express's related entities.

**14.     A description of Human Resources' working relationship with Daniel Marquez and his contributions to investigations of sexual harassment and/or assault.**

January 18, 2022
Page 6

Fresh Express objects to this topic on the grounds that it is vague, ambiguous, overbroad, because the terms "working relationship" and "contributions" are undefined and not stated with reasonable particularity. Fresh Express further objects to this topic on the ground that it is overbroad temporally because it is not limited to the relevant time period – August 17, 2020 (the date Fresh Express hired Mr. Morris) through the present. Notwithstanding, Fresh Express will identify a witness to testify generally regarding Mr. Marquez's role in investigations of sexual harassment and/or assault within the relevant time period.

**15.     A description of the current financial condition of Defendant and/or any other related corporations or entities, including the assets presently held; prior year revenue; liabilities owed; and total net worth.**

Fresh Express objects to this topic on the ground that it is overbroad and premature. *See Holman v. Burgess*, 199 Ga. App. 61, 63 (1991) (plaintiff was "not entitled to discover information concerning the [defendant's] personal financial resources absent an evidentiary showing (by affidavit, discovery responses, or otherwise) that a factual basis existed for her punitive damage claim."). Fresh Express further objects to this topic on the grounds that it is vague, ambiguous, overbroad, because the terms "financial condition" and "related corporations or entities" are undefined and not stated with reasonable particularity. Fresh Express has dozens of "related corporations or entities." Accordingly, testimony regarding the financial condition of such entities would be unduly burdensome and not proportional to the needs of the case. Moreover, it would be virtually impossible for Fresh Express to identify a witness to testify to the financial condition of "any" of Fresh Express's "other related corporations or entities." Please further explain the relevance of this topic. Absent Plaintiff's demonstration of a factual basis for this information, Fresh Express will not identify a witness to testify on this topic.

**16.     The employees, agents, or officials of Defendant who are knowledgeable about potentially relevant electronically stored information.**

Fresh Express objects to this topic on the ground that it is overbroad temporally because it is not limited to the relevant time period – January 7, 2021 (the date Ms. Brown's assignment at Fresh Express began) through May 12, 2021 (the date Ms. Brown's assignment at Fresh Express ended). Fresh Express further objects to this topic on the ground that it is overbroad geographically because it is not limited to Fresh Express's Morrow plant, where Ms. Brown was assigned. Notwithstanding, Fresh Express will identify a witness to testify to the employees, agents, or officials at Fresh Express's Morrow Plant who are knowledgeable about potentially relevant electronically stored information within the relevant time period.

**17.     All information known or reasonably available to Defendant that forms the basis of Defendant's asserted defenses, as well as any additional defense(s) Defendant intends to assert.**

Fresh Express objects to this topic on the ground that it calls for legal conclusions and information protected by attorney-client privilege or the work product doctrine. Fresh Express further objects to this topic on the ground that it is overbroad and does not describe the information needed

January 18, 2022
Page 7

with reasonable particularity. *See Albert v. DRS RSTA, Inc.*, No. 6:11-CV-869-ORL-36, 2012 WL 3553842, at *1 (M.D. Fla. Aug. 17, 2012) (topic seeking "[t]he facts and reasoning underlying each and every denial and defense by you in your most recent Answer" not stated with reasonable particularity).  Therefore, Fresh Express will not identify a witness to testify on this topic.

**18.     The location and description of all documents that reflect the basis for each and every defense and affirmative defenses Defendant asserted in its Answer to Plaintiff's Complaint.**

Fresh Express objects to this topic on the ground that it calls for legal conclusions and information protected by attorney-client privilege or the work product doctrine.  Fresh Express further objects to this topic on the ground that it is overbroad and does not describe the information needed with reasonable particularity. *See Albert v. DRS RSTA, Inc.*, No. 6:11-CV-869-ORL-36, 2012 WL 3553842, at *1 (M.D. Fla. Aug. 17, 2012) (topic seeking "[t]he facts and reasoning underlying each and every denial and defense by you in your most recent Answer" not stated with reasonable particularity).  Therefore, Fresh Express will not identify a witness to testify on this topic.

**19.     The location and description of all documents that contain information responsive to all the topics described herein.**

Fresh Express objects to this topic on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case.  Therefore, Fresh Express will not identify a witness to testify on this topic.

**20.     Plaintiff's job description and job duties, including any changes to those duties and the identities of individual(s) who assigned the duties. This topic includes both duties assigned and duties actually performed.**

Fresh Express objects to this topic on the ground that it did not employ Plaintiff and thus does not maintain a job description for her.  Notwithstanding, Fresh Express will identify a witness to testify on the scope of Plaintiff's assignment at Fresh Express.

**21.     The compensation and benefits Plaintiff received while employed with Defendant, as well as the value of Defendant's contribution to any such benefits.**

Fresh Express objects to this topic on the grounds that Fresh Express did not employ Plaintiff and therefore did not pay her compensation or benefits.  Because Fresh Express does not have any responsive information, there is no one at Fresh Express who can testify on this topic.

**22.     The names, dates of employment, and contact information of individuals that have performed job duties for Defendant similar to those performed by Plaintiff at any time during the three years preceding and following the date this action was filed.**

Fresh Express objects to this topic on the grounds that it is overbroad and not proportional to the needs of the case.  Fresh Express further objects to this topic as irrelevant, because information about individuals who have performed job duties for Fresh Express similar to those performed by Ms.

January 18, 2022
Page 8

Brown is not relevant to Ms. Brown's claims for negligent failure to prevent sexual harassment; negligent hiring, supervision, and retention of Mr. Morris; intentional infliction of emotional distress; invasion of privacy; and ratification of sexually offensive conduct.  Fresh Express further objects to this topic on the ground that it is overbroad temporally because it is not limited to the relevant time period – January 7, 2021 (the date Ms. Brown's assignment at Fresh Express began) through May 12, 2021 (the date Ms. Brown's assignment at Fresh Express ended).  Fresh Express further objects to this topic on the ground that it is overbroad geographically because it is not limited to Fresh Express's Morrow plant, where Ms. Brown was assigned and Mr. Morris was employed.  Therefore, Fresh Express will not identify a witness to testify on this topic.

**23.     Plaintiff's work performance, including receipt of awards, promotions, warnings, reprimands, and performance evaluations.**

Fresh Express objects to this topic on the ground that it did not employ Plaintiff and thus did not evaluate her work performance.  To the extent Fresh Express evaluated Plaintiff's assignment, it will identify a witness to testify on this topic.

**24.     The location and description of all documents, including unproduced documents, that reflect any complaint or report submitted to Defendant regarding non-payment of overtime for its employees, including Plaintiff.**

Fresh Express objects to this topic as irrelevant, because documents that reflect complaints or reports regarding non-payment of overtime are not relevant to Ms. Brown's claims for negligent failure to prevent sexual harassment; negligent hiring, supervision, and retention of Mr. Morris; intentional infliction of emotional distress; invasion of privacy; and ratification of sexually offensive conduct.  Please explain the relevance of this topic.  Absent a relevant, factual basis for this information, Fresh Express will not identify a witness to testify on this topic.

**25.     The contact information, including address, phone number and dates of employment of individuals employed by Defendant at the location worked at any time during Plaintiff's employment.**

Fresh Express objects to this topic on the grounds that it is overbroad and not proportional to the needs of the case.  Fresh Express further objects to this topic as irrelevant, because information about individuals employed by Fresh Express during Ms. Brown's employment is not relevant to Ms. Brown's claims for negligent failure to prevent sexual harassment; negligent hiring, supervision, and retention of Mr. Morris; intentional infliction of emotional distress; invasion of privacy; and ratification of sexually offensive conduct.  Therefore, Fresh Express will not identify a witness to testify on this topic.

**26.     Each and every reason for Plaintiff's termination and for the termination of Fresh Express' contract with Signature Contingent Management/Signature Staffing.**

Fresh Express objects to this topic on the grounds that it is premised on an improper assumption, namely that Fresh Express terminated Plaintiff.  Notwithstanding, Fresh Express will

January 18, 2022
Page 9

identify a witness to testify about the termination of Fresh Express' contract with Signature Contingent Management/Signature Staffing.

**27.     All information relating to Defendant's insurance policies.**

Fresh Express objects to this topic on the grounds that it is overbroad and not proportional to the needs of the case. Notwithstanding, Fresh Express has no insurance policy that might provide coverage in this case, and Fresh Express will state this in its responses to Discovery Request No. 74.

**28.     The location and description of all documents that contain information responsive to all the topics described herein.**

Fresh Express objects to this topic on the ground that it is duplicative of Topic No. 19. Accordingly, Fresh Express refers Plaintiff to its response to Topic No. 19.

**29.     All information related to the routine maintenance of Defendant's facilities where Plaintiff worked, including health inspection reports.**

Fresh Express objects to this topic as irrelevant, because information related to the routine maintenance of Fresh Express's facilities is not relevant to Ms. Brown's claims for negligent failure to prevent sexual harassment; negligent hiring, supervision, and retention of Mr. Morris; intentional infliction of emotional distress; invasion of privacy; and ratification of sexually offensive conduct. Please explain the relevance of this topic.  Absent a relevant, factual basis for this information, Fresh Express will not identify a witness to testify on this topic.

**30.     The location of all video cameras at the Fresh Express Morrow facility and their operation status from January 1, 2021 to present.**

Fresh Express objects to this topic on the ground that it is overbroad temporally because it is not limited to the relevant time period – January 7, 2021 (the date Ms. Brown's assignment at Fresh Express began) through May 12, 2021 (the date Ms. Brown's assignment at Fresh Express ended). Fresh Express further objects to this topic on the ground that it is vague, ambiguous, and overbroad, because the term "operation status," is undefined and not stated with reasonable particularity. Notwithstanding, Fresh Express will identify a witness to testify regarding the location of video cameras at Fresh Express's Morrow, Georgia facility within the relevant time period and generally to whether the video cameras operate.

January 18, 2022
Page 10


      Please advise regarding your availability to discuss your topics and our objections in more detail, or confirm you will agree to limit the topics as requested in this correspondence.


                Sincerely,

                *Todd Duffield*

                Todd C. Duffield

cc:  Amy E. Jensen, Esq.
     Katherine H. Krouse, Esq.

49800212.1

# Exhibit C

**Krouse, Katherine (Katie) H.**

| | |
|---|---|
| **From:** | Duffield, Todd C. |
| **Sent:** | Thursday, March 31, 2022 10:14 AM |
| **To:** | Matthew Billips; Grace Starling |
| **Cc:** | Krouse, Katherine (Katie) H. |
| **Subject:** | Brown v. Fresh Express - 30(b)(6) Topics |

Matt,

Thanks for the call last week to discuss Plaintiff's proposed 30(b)(6) topics. Below is Fresh Express's understanding of the status of the 30(b)(6) topics of examination following our discussion. Fresh Express has agreed to provide a corporate representative to testify to Topics 3-5, 7-12, 14, 16, 20-21, 23, 26, and 30 subject to the following:

- Topic Nos. 3-5: The only relevance of complaints about anyone other than Morris would go to Count I of your Complaint, Negligent Failure to Prevent Sexual Harassment. We do not believe that "Negligent Failure to Prevent Sexual Harassment" is a viable claim under Georgia law, so Fresh Express will prepare a witness to testify only to complaints received by Fresh Express regarding Morris. If you can provide us with authority for a claim of "Negligent Failure to Prevent Sexual Harassment" under Georgia law, we are happy to reconsider our position.

- Topic No. 7-8: Fresh Express will identify a witness to testify to Fresh Express's policies regarding harassment.

- Topic No. 9: Fresh Express will identify a witness to testify to Fresh Express's reasons for enacting such rules, policies, and procedures regarding harassment.

- Topic No. 10: Fresh Express will identify a witness to testify to Fresh Express's policies and practices for reporting and responding to complaints of harassment that were in place at Fresh Express's Morrow plant (which are the same as policies and practices at Fresh Express's other plants).

- Topic No. 11: Fresh Express will identify a witness to testify to Fresh Express's policies and procedures in place at Fresh Express's Morrow plant for evaluating allegations of harassment received by Fresh Express.

- Topic No. 12: Fresh Express will identify a witness to testify generally to what Fresh Express has done to prevent harassment from August 17, 2020 (the date Fresh Express hired Morris) through the present.

- Topic No. 14: Fresh Express will identify a witness to testify generally regarding Mr. Marquez's role in investigations of sexual harassment and/or assault from August 17, 2020 (the date Fresh Express hired Morris) through the present.

- Topic No. 16: Fresh Express will identify a witness to testify to the employees, agents, or officials at Fresh Express's Morrow Plant who are knowledgeable about potentially relevant electronically stored information from January 7, 2021 (the date Brown's assignment at Fresh Express began) through May 12, 2021 (the date Brown's assignment at Fresh Express ended).

- Topic No. 20: Fresh Express will identify a witness to testify on the scope of Plaintiff's assignment at Fresh Express.

- Topic No. 21: Fresh Express will identify a witness to testify to the fact that Fresh Express did not pay Plaintiff compensation or benefits.

- Topic No. 23: To the extent Fresh Express evaluated Plaintiff's assignment, it will identify a witness to testify on this topic.

- Topic No. 26: Fresh Express will identify a witness to testify about the termination of Fresh Express' contract with Signature Contingent Management/Signature Staffing.

- Topic No. 30: Fresh Express will identify a witness to testify regarding the location of video cameras at Fresh Express's Morrow, Georgia facility from January 7, 2021 (the date Brown's assignment at Fresh Express began) through May 12, 2021 (the date Brown's assignment at Fresh Express ended) and generally to whether the video cameras operate.

We understand that you have withdrawn Topic Nos. 6, 17-19, 22, 24, and 27-28.

With respect to Topic No. 1, there is no witness who can testify to this topic because Fresh Express did not terminate Ms. Brown's employment.

With respect to Topic No. 2, we will address this with a stipulation in the event it becomes an issue.

With respect to Topic No. 13, we will produce a chart of related entities.

With respect to Topic No. 15, we will return to this at a later date, if necessary.

With respect to Topic No. 25, we are considering your position. If further discussion is needed, we will let you know. Otherwise, we will plan to take this up with the Court.

With respect to Topic No. 29, we understand that you are looking further into this topic.

Please let us know if your notes from our discussion reflect anything different than what is laid out above.

Thank you,


**Todd C. Duffield | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

# Exhibit D

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

**NOTICE OF DEPOSITION OF DEFENDANT**
**FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6), the undersigned will take the remote deposition of a corporate representative(s) of Defendant Fresh Express Incorporated ("Defendant") upon oral examination commencing on August 9, 2022, at 10:00 a.m. The deposition will be taken remotely before an officer authorized by law to administer oaths and will be recorded by stenographic and sound-and-visual means. The oral examination will continue from day to day until complete, adjourned, or continued.

It is hereby requested that prompt notification in writing be given to Plaintiff's counsel as to the names, address, telephone number, capacity and job title of each person so designated to testify and matters on which the person will testify. Pursuant to the provisions of O.C.G.A. 9-11-30(b)(6), the Defendant is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify on its and are most knowledgeable and competent to testify regarding the matters designated below. The following shall apply to the instant depositions noticed herein.

1

## I.     <u>Definitions and Instructions</u>

A.        As set forth below, the term "Plaintiff" shall refer to Kristina Barclay and the term Defendant shall refer to Defendant Fresh Express Incorporated and any agent or representative of this Defendant, including but not limited to attorneys.

B.        The term "document" or "documents" has the broadest possible meaning accorded under O.C.G.A. 9-11-34 and means any written, recorded, or graphic matter however produced or reproduced, including documents stored in or retrievable by computer. "Documents" include, but are not limited to: memoranda; reports; indexes; books; periodicals; studies; analyses; contracts; agreements; charts; graphs; drawings; spreadsheets; electronic mail; data compilations; notes; Post-its; entries; letters; facsimiles; tapes; records; bulletins; invoices; bills; order forms; receipts; financial statements; video and audio tapes; photographs; calendars; diaries; communications; correspondence; cablegrams; radiograms; summaries of telephone conversations; meetings or conferences, including a list of persons attending such meetings or conferences; records of investigations; opinions and reports of consultants or experts; tapes, disks or other electronic media; writing or physical thing, including all drafts of originals and preliminary notes on or marginal comments concerning each of the above-described documents. "Documents" shall include electronically stored information, including metadata associated therewith.

C.        The term "identify" shall mean a person's full name, present or last known residence or business address (as the case may be), title or job position, and present or last known employer's name (if applicable). If a person is deceased, "identify" shall state the name and place of his or her death.

D.      The term "person" means any individual and any legal entity, whether partnership, association, corporation, business trust, legal representative, firm, or any organized group of persons

## II.    **Matters Designated for Deposition Testimony**

1.    The name, address, and employment position of each and every individual who played a decision-making, consultative, and/or advisory role in terminating Plaintiff's employment with Defendant; a complete description in full detail, with particularity, each such individual's role in the afore-mentioned decision(s); a complete description in full detail, with particularity, the extent to which each such individual's role made a difference in the outcome of the afore-mentioned decision; and a description in full detail, with particularity, of each and every factor, reason, and/or motivation which was relied on by each such individual in reaching the afore-mentioned decisions.

2.    The highest number of employees employed by Fresh Express Incorporated, Defendant herein, (using the "payroll method" as defined in *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202 (1997)) for each working day in each of twenty or more calendar weeks in the last year of Plaintiff's employment and the year immediately preceding that year.

3.    Complaints of harassment, discrimination, and/or retaliation received by Defendant from 2015 through the present;

4.    Complaints of retaliation after reporting sexual harassment or discrimination received by Defendant from 2015 through the present;

5.    Any investigations into any complaints identified in response topics 3 through 4;

6.      Any investigation into any complaints identified in response to these requests, including all actions taken in the course of the investigation and the identities of all individuals who participated in the investigation from 2015 through present;

7.      Defendant's policies regarding harassment and discrimination in the workplace;

8.      Rules, policies, or procedures regarding discrimination or retaliation against employees who report unlawful conduct and the reasons for such rules, policies, or procedures;

9.      Reasons for enacting such rules, policies, and procedures regarding harassment and discrimination;

10.     Defendant's policies and practices for reporting and responding to complaints about harassment and discrimination,

11.     Defendant's policies and procedures for evaluating allegations of harassment;

12.     Description in detail of everything Defendant has done to prevent harassment and discrimination including any training management and employees attended;

13.     A description of the corporate structure of Defendant and/or any other related corporations or entities, including the relationships between and among all such corporations;

14.     A description of Human Resources' working relationship with Daniel Marquez and his contributions to investigations of sexual harassment and/or assault;

15.     A description of the current financial condition of Defendant and/or any other related corporations or entities, including the assets presently held; prior year revenue; liabilities owed; and total net worth;

16.     The employees, agents, or officials of Defendant who are knowledgeable about potentially relevant electronically stored information;

17.    All information known or reasonably available to Defendant that forms the basis of Defendant's asserted defenses, as well as any additional defense(s) Defendant intends to assert;

18.    The location and description of all documents that reflect the basis for each and every defense and affirmative defenses Defendant asserted in its Answer to Plaintiff's Complaint;

19.    The location and description of all documents that contain information responsive to all the topics described herein.

20.    Plaintiff's job description and job duties, including any changes to those duties and the identities of individual(s) who assigned the duties. This topic includes both duties assigned and duties actually performed;

21.    The compensation and benefits Plaintiff received while employed with Defendant, as well as the value of Defendant's contribution to any such benefits;

22.    The names, dates of employment, and contact information of individuals that have performed job duties for Defendant similar to those performed by Plaintiff at any time during the three years preceding and following the date this action was filed; and

23.    Plaintiff's work performance, including receipt of awards, promotions, warnings, reprimands, and performance evaluations.

24.    The location and description of all documents, including unproduced documents, that reflect any complaint or report submitted to Defendant regarding non-payment of overtime for its employees, including Plaintiff;

25.    The contact information, including address, phone number and dates of employment of individuals employed by Defendant at the location worked at any time during Plaintiff's employment;

26.    Each and every reason for Plaintiff's termination and for the termination of Fresh Express' contract with Signature Contingent Management/Signature Staffing

27.    All information relating to Defendant's insurance policies;

28.    The location and description of all documents that contain information responsive to all the topics described herein;

29.    All information related to the routine maintenance of Defendant's facilities where Plaintiff worked, including health inspection reports; and

30.    The location of all video cameras at the Fresh Express Morrow facility and their operation status from January 1, 2021 to present.

Respectfully submitted this 27th day of July, 2022.

**BARRETT & FARAHANY**

/s/ *Grace A. Starling*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorney for Angelica Brown*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
grace@justiceatwork.com

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I on this day, I served the forgoing *NOTICE OF DEPOSITION OF DEFENDANT FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6)* on the following counsel of record via electronic mail:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Katherine H. Krouse
katie.krouse@ogletree.com
Jessica H. Thomas
jessica.thomas@ogletree.com

Respectfully submitted this 27th day of July, 2022.

**BARRETT & FARAHANY**

 /s/ *Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

7

# Exhibit E

**Krouse, Katherine (Katie) H.**

| | |
|---|---|
| **From:** | Matthew Billips <matt@justiceatwork.com> |
| **Sent:** | Wednesday, August 3, 2022 2:58 PM |
| **To:** | Grace Starling; Krouse, Katherine (Katie) H.; Thomas, Jessica H. |
| **Cc:** | Duffield, Todd C.; Diana L. Howe |
| **Subject:** | RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL] |

**[Caution: Email received from external source]**

Katie,

We are not agreeing to limit the questioning further on Topic 25 and have requested that you identify any legal authority you have so that we could review the matter further.  As to the other topics, we are intending to go forward as previously agreed, where we reached agreement.

Matt

## Matthew Billips

Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e*
*by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Grace Starling <grace@justiceatwork.com>
**Sent:** Wednesday, August 3, 2022 2:40 PM
**To:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>; Matthew Billips <matt@justiceatwork.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

Katie,

I'll let Matt answer on Topic 25.

On the issue of the medical records, we attempted to get them through the portals as it was the quickest option (meant to be 3-5 business days…) but having issues getting the complete records. I am working on this and will update as soon as possible. We will produce as soon as received and will agree to allow Defendant to reopen the deposition for the purpose of asking about the medical records. I appreciate your patience on this.

## Grace Starling
She/Her
Responsible Attorney, Trial Practice Group
Direct: (470) 747-8329 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| USPS Mail | Carrier Mail & Packages |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation ... opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the ... If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in ... by email at grace@justiceatwork.com and/or call the sender at (470) 747-8329 and please delete the original and all copies of the message.*

---

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Wednesday, August 3, 2022 2:30 PM
**To:** Matthew Billips <matt@justiceatwork.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Grace Starling <grace@justiceatwork.com>; Diana L. Howe <diana@justiceatwork.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

### EXTERNAL

Matt,

If you are unwilling to limit Topic No. 25 to "the identification of individuals who worked on the same shift and in the same department as Plaintiff on the dates that she alleges that Defendant Morris engaged in inappropriate or improper conduct" then we will proceed with filing a protective order. With respect to the remaining topics, your notice still does not reflect the parties' agreement from March (attached). Please let us know if you intend to limit the remaining topics as previously agreed.

Finally, Grace indicated last Tuesday that you all would produce Ms. Brown's medical records no later than Monday. As Ms. Brown's deposition is less than two days from now, please let us know when we can expect to receive her medical records.

Thanks,
Katie

**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Tuesday, August 2, 2022 6:17 PM
**To:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace Starling <grace@justiceatwork.com>; Diana L. Howe <diana@justiceatwork.com>
**Subject:** Re: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

*[Caution: Email received from external source]*

As the party who would have the burden of seeking a protective order, do you have any authority saying this is not a proper examination subject?

## Matthew Billips

Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| USPS Mail | Carrier Mail & Packages |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

On Aug 2, 2022, at 5:23 PM, Thomas, Jessica H. <jessica.thomas@ogletree.com> wrote:

**EXTERNAL**

Matt-

The corporate representative is already testifying to complaints (if any) made about Defendant Morris, as well as the policies and procedures at the Morrow plant. In addition, numerous employees are already known who could testify to the enforcement of and publication of sexual harassment policies. If you know of case law that says it is reasonable for the corporate representative to identify each and every employee who worked at a facility—regardless of department, shift, or proximity to the plaintiff or defendant—we are happy to review it. Otherwise, we propose that Topic 25 be amended to state, "the identification of individuals who worked on the same shift and in the same department as Plaintiff on the dates that she alleges that Defendant Morris engaged in inappropriate or improper conduct."

Thanks,

Jessica


**Jessica H. Thomas | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Tuesday, August 2, 2022 3:22 PM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Cc:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace Starling <grace@justiceatwork.com>; Diana L. Howe <diana@justiceatwork.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

*[Caution: Email received from external source]*

---

We anticipate that they are likely to have discoverable information.  We want to contact them and see what relevant information regarding the operations of the Morrow plant, including enforcement and publication of sexual harassment policies and the conduct of Mr. Morris and/or Ms. Brown.

I'm not sure how you could contend that they do not or are unlikely to have such information, unless you have contacted each of them.  I believe it is much more likely that such information will be in their possession than the contrary.

Sincerely,

Matt

# Matthew Billips

*Partner/Managing Attorney, Trial Practice Group*
Direct: (470) 284-7265 **|** Main GA: (404) 214-0120 **|** Main AL: (205) 564-9005
Fax: (404) 214-0125 **|** Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr...*
*opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me*
*by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

---

**From:** Duffield, Todd C. <todd.duffield@ogletree.com>
**Sent:** Tuesday, August 2, 2022 2:01 PM
**To:** Matthew Billips <matt@justiceatwork.com>; Thomas, Jessica H.
<jessica.thomas@ogletreedeakins.com>
**Cc:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace Starling
<grace@justiceatwork.com>; Diana L. Howe <diana@justiceatwork.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

EXTERNAL

Hi Matt – Would you please explain Plaintiff's basis for requesting the name, contact information, and
dates of employment for each employee at the Defendant's Morrow plant?

Thanks,
Todd


**Todd C. Duffield | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
Telephone: 404-870-1701 | Mobile: 770-862-7441
todd.duffield@ogletree.com | www.ogletree.com | Bio

---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Tuesday, August 2, 2022 1:45 PM
**To:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Cc:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace Starling
<grace@justiceatwork.com>; Diana L. Howe <diana@justiceatwork.com>; Duffield, Todd C.

<todd.duffield@ogletreedeakins.com>
**Subject:** Re: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

*[Caution: Email received from external source]*

Jessica,

That revision is unacceptable. It also would place a great deal more burden on Defendant that simply attesting to a list of employees with the information requested. I doubt seriously whether Defendant intends to interview all of those people to find out who knows what, which is the only way a 30(b)(6) deponent could be properly prepared to answer that question.

## Matthew Billips
Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

**USPS Mail**
P.O. Box 530092
Atlanta, Georgia 30353-0092

**Carrier Mail & Packages**
1175 Northmeadow Pkwy #140
MSC 530092
Roswell, Georgia 30076



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the intended recipient. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please notify the sender by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

On Aug 2, 2022, at 1:13 PM, Thomas, Jessica H. <jessica.thomas@ogletree.com> wrote:

**EXTERNAL**

Hi Matt and Grace-

We have not met, but I am working with Todd and Katie on this matter. In regards to Topic 25, the topic, with revisions, states, "[t]he contact information, including address, phone number and dates of employment of individuals employed by Defendant Fresh Express at the location worked by Defendant Morris at any time during Plaintiff's employment." As stated, this topic is still overly broad. As you may know, hundreds of employees worked at the Morrow Plant in 2021, and therefore, this topic would require

6

the corporate representative to provide information on numerous employees who have no knowledge or involvement in the interactions between Ms. Brown and Mr. Morris. Thus, this topic is not reasonably calculated to lead to the discovery of admissible evidence.

In order to identify individuals who may actually have knowledge and information that is relevant to this lawsuit, we suggest narrowing the topic to the following: "the identification of individuals who have knowledge of any of the allegations in the Complaint involving the interactions between Plaintiff and Chester Morris."

Please let us know if you will agree to our suggested language for Topic 25.

Thank you,

Jessica

**Jessica H. Thomas | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Tuesday, August 2, 2022 11:24 AM
**To:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris

*[Caution: Email received from external source]*

---

Katie,

Please find attached a revised Notice.  Let me know if this reflects our agreement regarding your objections.  With regard to, for example, No. 1, where your response has been that Fresh Express can't identify a witness because it didn't fire Ms. Brown, simply produce  a witness to provide your client's factual position on the issue.

Also, please ensure you review the changes in Par. 25, which are intended to narrow and focus the subject of the matter of examination,

Thanks,

Matt

# Matthew Billips

Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 **|** Main GA: (404) 214-0120 **|** Main AL: (205) 564-9005
Fax: (404) 214-0125 **|** Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertak...
opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended o...
If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have recei...
by email at* matt@justiceatwork.com *and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

---

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Wednesday, July 27, 2022 11:45 AM
**To:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** FW: MT-231127 Brown v. Fresh Express and Morris

EXTERNAL

Matt and Grace,

The attached 30(b)(6) Notice does not comply with the parties' agreement with respect to the topics of examination, as memorialized in the attached email from March. Please agree to issue a new notice that complies with the parties' agreement.

Thanks,
Katie

**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Wednesday, July 27, 2022 9:54 AM

**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Cc:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Subject:** MT-231127 Brown v. Fresh Express and Morris

[Caution: Email received from external source]

Good morning –

Please find attached service copies of the following:

1. *PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CHESTER MORRIS, JR.*;

2. *PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT CHESTER MORRIS, JR.*; and

3. *NOTICE OF DEPOSITION OF DEFENDANT FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6).*

Should you have any questions, please let me know.

Thanks,
Diana

## Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:  

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertak... opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended ... If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have receive... by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
AUG 05, 2022 04:49 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2022, I served DEFENDANT FRESH EXPRESS INCORPORATED'S SECOND AMENDED NOTICE OF DEPOSITION OF PLAINTIFF ANGELICA BROWN on the following counsel of record by E-mail and U.S. mail, and I electronically filed the Certificate of Service with the Clerk of Court using the Court's e-file system, which will automatically send email notification of such filing to the following attorneys of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

/s/ Jessica H. Thomas
Jessica H. Thomas
GA Bar No. 704970

-3-

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

ANGELICA BROWN,

    Plaintiff,

v.

FRESH EXPRESS INCORPORATED and
DARREN LNU,

    Defendants.

Civil Action No. 2021CV03786-14

)
)
)
)
)
)

*EFILED IN OFFICE*
*CLERK OF SUPERIOR COURT*
*CLAYTON COUNTY, GEORGIA*

**2021CV03786-14**
*Jewel Scott*
**AUG 18, 2022 12:55 PM**

*Jacqueline D. Wills, Clerk*
*Clayton County, Georgia*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August, 2022, I served DEFENDANT FRESH EXPRESS INCORPORATED'S THIRD AMENDED NOTICE OF DEPOSITION OF PLAINTIFF ANGELICA BROWN on the following counsel of record by E-mail and U.S. mail, and I electronically filed the Certificate of Service with the Clerk of Court using the Court's e-file system, which will automatically send email notification of such filing to the following attorneys of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

                                   */s/ Jessica H. Thomas*
                                     Jessica H. Thomas
                                     GA Bar No. 704970

-3-

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
AUG 30, 2022 12:10 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2022, a complete copy of the foregoing

**DEFENDANT CHESTER MORRIS, JR.'s RESPONSES TO PLAINTIFF'S FIRST SET**

**OF INTERROGATORIES** was served on the following counsel of record by email and U.S.

mail, first-class, postage prepaid, and the Certificate of Service was filed using the Court's e-file

system, which will automatically serve all counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

/s/ Jessica H. Thomas
Jessica H. Thomas
Georgia Bar No. 704970

- 12 -

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
AUG 30, 2022 12:10 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

### IN THE SUPERIOR COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2022, a complete copy of the foregoing

**DEFENDANT CHESTER MORRIS, JR.'s RESPONSES TO PLAINTIFF'S FIRST**

**REQUESTS FOR PRODUCTION** was served on the following counsel of record by email and

U.S. mail, first-class, postage prepaid, and the Certificate of Service was filed using the Court's e-

file system, which will automatically serve all counsel of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

/s/ Jessica H. Thomas
Jessica H. Thomas
Georgia Bar No. 704970

- 11 -

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
SEP 02, 2022 01:32 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

ANGELICA BROWN

    Plaintiff,

v.

FRESH EXPRESS INCORPORATED and
DARREN LNU,

    Defendants.

Civil Action No.:

2021CV03786-14

JURY TRIAL DEMANDED

## NOTICE OF DEPOSITION OF DEFENDANT
## FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6)

    PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6), the undersigned will take the remote deposition of a corporate representative(s) of Defendant Fresh Express Incorporated ("Defendant") upon oral examination commencing on September 29, 2022, at 10:00 a.m. The deposition will be taken remotely before an officer authorized by law to administer oaths and will be recorded by stenographic and sound-and-visual means. The oral examination will continue from day to day until complete, adjourned, or continued.

    It is hereby requested that prompt notification in writing be given to Plaintiff's counsel as to the names, address, telephone number, capacity and job title of each person so designated to testify and matters on which the person will testify. Pursuant to the provisions of O.C.G.A. 9-11-30(b)(6), the Defendant is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify on its and are most knowledgeable and competent to testify regarding the matters designated below. The following shall apply to the instant depositions noticed herein.

## I. __Definitions and Instructions__

A.        As set forth below, the term "Plaintiff" shall refer to Angelica Brown and the term Defendant shall refer to Defendant Fresh Express Incorporated and any agent or representative of this Defendant, including but not limited to attorneys.

B.        The term "document" or "documents" has the broadest possible meaning accorded under O.C.G.A. 9-11-34 and means any written, recorded, or graphic matter however produced or reproduced, including documents stored in or retrievable by computer. "Documents" include, but are not limited to: memoranda; reports; indexes; books; periodicals; studies; analyses; contracts; agreements; charts; graphs; drawings; spreadsheets; electronic mail; data compilations; notes; Post-its; entries; letters; facsimiles; tapes; records; bulletins; invoices; bills; order forms; receipts; financial statements; video and audio tapes; photographs; calendars; diaries; communications; correspondence; cablegrams; radiograms; summaries of telephone conversations; meetings or conferences, including a list of persons attending such meetings or conferences; records of investigations; opinions and reports of consultants or experts; tapes, disks or other electronic media; writing or physical thing, including all drafts of originals and preliminary notes on or marginal comments concerning each of the above-described documents. "Documents" shall include electronically stored information, including metadata associated therewith.

C.        The term "identify" shall mean a person's full name, present or last known residence or business address (as the case may be), title or job position, and present or last known employer's name (if applicable). If a person is deceased, "identify" shall state the name and place of his or her death.

D.　　　The term "person" means any individual and any legal entity, whether partnership, association, corporation, business trust, legal representative, firm, or any organized group of persons

## II.　**Matters Designated for Deposition Testimony**

1.　The name, address, and employment position of each and every individual who played a decision-making, consultative, and/or advisory role in terminating Plaintiff's employment with Defendant; a complete description in full detail, with particularity, each such individual's role in the afore-mentioned decision(s); a complete description in full detail, with particularity, the extent to which each such individual's role made a difference in the outcome of the afore-mentioned decision; and a description in full detail, with particularity, of each and every factor, reason, and/or motivation which was relied on by each such individual in reaching the afore-mentioned decisions.

2.　The highest number of employees employed by Fresh Express Incorporated, Defendant herein, (using the "payroll method" as defined in *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202 (1997)) for each working day in each of twenty or more calendar weeks in the last year of Plaintiff's employment and the year immediately preceding that year.

3.　Complaints of harassment, discrimination, and/or retaliation received by Defendant from 2015 through the present;

4.　Complaints of retaliation after reporting sexual harassment or discrimination received by Defendant from 2015 through the present;

5.　Any investigations into any complaints identified in response topics 3 through 4;

6.　Defendant's policies regarding harassment and discrimination in the workplace;

7.      Rules, policies, or procedures regarding discrimination or retaliation against employees who report unlawful conduct and the reasons for such rules, policies, or procedures;

8.      Reasons for enacting such rules, policies, and procedures regarding harassment and discrimination;

9.      Defendant's policies and practices for reporting and responding to complaints about harassment and discrimination,

10.     Defendant's policies and procedures for evaluating allegations of harassment;

11.     Description in detail of everything Defendant has done to prevent harassment and discrimination including any training management and employees attended;

12.     A description of the corporate structure of Defendant and/or any other related corporations or entities, including the relationships between and among all such corporations;

13.     A description of Human Resources' working relationship with Daniel Marquez and his contributions to investigations of sexual harassment and/or assault;

14.     A description of the current financial condition of Defendant and/or any other related corporations or entities, including the assets presently held; prior year revenue; liabilities owed; and total net worth;

15.     The employees, agents, or officials of Defendant who are knowledgeable about potentially relevant electronically stored information;

16.     Plaintiff's job description and job duties, including any changes to those duties and the identities of individual(s) who assigned the duties. This topic includes both duties assigned and duties actually performed;

17.     The compensation and benefits Plaintiff received while employed with Defendant, as well as the value of Defendant's contribution to any such benefits;

18.     Plaintiff's work performance, including receipt of awards, promotions, warnings, reprimands, and performance evaluations.

19.     The contact information, including address, phone number and dates of employment of individuals employed by Defendant <u>Fresh Express at any location worked by Defendant Morris</u> at any time during Plaintiff's employment;

20.     Each and every reason for Plaintiff's termination and for the termination of Fresh Express' contract with Signature Contingent Management/Signature Staffing

21.     All information related to the routine maintenance of Defendant's facilities where Plaintiff worked, including health inspection reports; and

22.     The location of all video cameras at the Fresh Express Morrow facility and their operation status from January 1, 2021, to present.

Respectfully submitted this 2nd day of September, 2022.

**BARRETT & FARAHANY**

 /s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

*Attorney for Angelica Brown*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
SEP 02, 2022 01:32 PM

Jacquline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I on this day, I served the forgoing *NOTICE OF DEPOSITION OF DEFENDANT FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6)* on the following counsel of record via electronic mail:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Katherine H. Krouse
katie.krouse@ogletree.com
Jessica H. Thomas
jessica.thomas@ogletree.com

Respectfully submitted this 2nd day of September, 2022.

BARRETT & FARAHANY

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

6

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
SEP 02, 2022 03:37 PM

Jacquline D. Wills, Clerk
Clayton County, Georgia

### IN THE SUPERIOR COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN, | Civil Action No. |
| Plaintiff, | 2021CV03786 |
| v. | |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | JURY TRIAL DEMANDED |
| Defendants. | |

### PLAINTIFF'S RESPONSE TO DEFENDANT FRESH EXPRESS INCORPORATED'S MOTION FOR PROTECTIVE ORDER FOR PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICE

COMES NOW, Plaintiff Angelica Brown ("Plaintiff" or "Brown"), by and through undersigned counsel of record and responds to the instant Motion for Protective Order, showing that Defendant lacks standing to move for a protective order to limit the scope of Plaintiff's Rule 30(b)(6). Plaintiff's response is as follows:

### I.      BACKGROUND AND RELEVANT FACTS

Plaintiff filed a Notice of Deposition of Defendant pursuant to O.C.G.A. § 9-11-30(b)(6) on December 15, 2021. After Defendant objected to several identifying topics of examination, parties finally agreed on all but one, Topic No. 25, which Plaintiff had offered to revise to state:

The contact information, including address, phone number and dates of employment of individuals employed by Defendant <u>Fresh Express at any location worked by Defendant Morris</u> at any time during Plaintiff's employment.

Exhibit 1, August 2, 2022, email from Matthew Billips to Katherine Krouse, with attachment.

Plaintiff re-filed a Notice of Deposition of Defendant pursuant to O.C.G.A. § 9-11-30(b)(6) on July 27, 2022, after a stay and an unsuccessful mediation. Topic No. 25 continues to be an issue for Defendant. Defendant claims that Topic No. 25 is "overbroad and not proportional to the needs of the case" and that the information requested is irrelevant.[1]

Plaintiff has made several good faith efforts to compromise with Defendant considering Plaintiff's position regarding Topic No. 25. On August 2, 2022, Plaintiff emailed Defendant Ex. 1, with the revised language quoted above. Defendant responded that the revised Topic was still overly broad and that the topic was not "reasonably calculated to lead to the discovery of admissible evidence." In the same email, Defendant suggested the following: "the identification of individuals who have knowledge of any of the allegations in the Complaint involving the interactions

---

[1] Fresh Express objects to this topic on the grounds that it is overbroad and not proportional to the needs of the case. Fresh Express further objects to this topic as irrelevant, because information about individuals employed by Fresh Express during Ms. Brown's employment is not relevant to Ms. Brown's claims for negligent failure to prevent sexual harassment; negligent hiring, supervision, and retention of Mr. Morris, intentional infliction of emotion distress; invasion of privacy; and ratification of sexually offensive conduct. Therefore, Fresh Express will not identify a witness to testify on this topic.

between Plaintiff and Chester Morris." In response, Plaintiff both noted the additional burden required for Defendant to interview all of the persons who interacted with Plaintiff and Defendant Morris to determine what information they might have. Obviously, that group of employees – those whose assignment and dates of employment made them likely to have worked with both Ms. Brown and Mr. Morris – are likely to have relevant evidence. They would also be the persons whose exposure to Defendant's HR policies and sexual harassment complaint procedures would have been the most similar to Plaintiff's and Defendant Morris'.

Defendant emailed Plaintiff seeking Topic No. 25 to be amended, stating "the identification of individuals who worked on the same shift and in the same department as Plaintiff on the dates that she alleges that Defendant Morris engaged in inappropriate or improper conduct." (Email August 2, 22). Plaintiff's request would take less time for Defendant to obtain than the information Plaintiff last sought, yet be less likely to discovery relevant evidence.

## II.   ARGUMENT AND CITATION OF AUTHORITY

Under Georgia law, the movant bears the burden of showing their entitlement to a protective order. *See* OCGA § 9-11-26(c). To meet this burden, the movant must establish good cause for issuing a protective order. *See* OCGA § 9-11-26 (c); *Gen. Motors, LLC v. Buchanan*, 313 Ga. 811, 815, 874 S.E.2d 52 (2022). "Under that statutory provision, to justify a protective order, one or more of the statutorily

enumerated harms must be established through a specific demonstration of fact, as opposed to stereotyped and conclusory statements about, for example, the position in the corporate hierarchy held by the prospective deponent or the size and complexity of the organization." *See Caldwell v. Church*, 341 Ga. App. 852, 861 (4) (802 SE2d 835) (2017) ("[M]ere conclusory statements, bereft of facts[,] will not support the imposition of limitations on civil discovery." (citation and punctuation omitted)); *Young v. Jones*, 149 Ga. App. 819, 824 (4) (256 SE2d 58) (1979) ("Good cause for the issuance of a protective order designed to frustrate discovery … necessarily is not established by stereotyped or conclusional statements, bereft of facts."). *Gen. Motors, LLC v. Buchanan*, 313 Ga. 811, 821, 874 S.E.2d 52 (2022).

"The corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are "known or reasonably available" to the corporation." *New World Network, Ltd. v. M/V Norwegian Sea*, No. 05-22916-CIV-JORDAN/TORRES, 2007 U.S. Dist. LEXIS 25731, at *7 (S.D. Fla. Apr. 6, 2007). In *New World Network*, the defendants filed two motions for a protective order under Fed. R. Civ. P. 26(c)(1) in response to the plaintiff's deposition and production of requests from a corporate representative under Fed. R. Civ. P. 30(b)(6) and Fed. R. Civ. P. 34. In support of the motions, the defendants claimed that the 27-topic notice request was "burdensome or irrelevant discovery…." *Id.* at *8. The court denied the defendants

a protective order concerning the defendants' host of specific objections to the 27 subject matters identified in the plaintiff's notice of deposition. The court held that "the reason for adopting Rule 30(b)(6) was not to provide greater notice or protections to corporate deponents, but rather to have the right person present at the deposition." Therefore, the plaintiff's requests did not warrant a protective order.

A movant has met the Georgia standard of "good cause" and is entitled to protection only from "annoyance, embarrassment, oppression or undue burden or expense…." Ga. Code Ann. § 9-11-26. The Georgia Court of Appeals notes, " '[w]hat constitutes "good cause" must be left largely to the trial judge who has a latitude of discretion in determining whether the showing has been made.' " *Buchanan,* 359 Ga. App. at 417 (1) *(quoting Harris v. Tenet Healthsystem Spalding, Inc*., 322 Ga. App. 894, 901 (3) (746 SE2d 618) (2013)). *Gen. Motors, LLC v. Buchanan*, 313 Ga. 811, 821, 874 S.E.2d 52 (2022). Given that the burden on Defendant in responding to Plaintiff's request is likely less than their own proposal, Defendant clearly does not meet the "good cause" standard which would entitle Defendant to protection from discovery.

Rule 30(b)(6) also requires the party seeking the discovery to describe the topics with reasonable particularity so that the designated witnesses can adequately prepare. *See Great Am. Ins. Co. v. Vegas Constr. Co*., 251 F.R.D. 534, 539 (D. Nev. 2008). *Monopoly Hotel Grp., LLC v. Hyatt Hotels Corp*., No. 1:12-CV-1250-JEC-

JSA, 2013 U.S. Dist. LEXIS 202343, at *15 (N.D. Ga. June 4, 2013). The rule is not one of limitation but rather of specification within the broad parameters of the discovery rules." *New World Network, Ltd. v. M/V Norwegian Sea,* No. 05-22916-CIV-JORDAN/TORRES, 2007 U.S. Dist. LEXIS 25731, at *8 (S.D. Fla. Apr. 6, 2007).  Defendant argues that it would be impossible for the corporate representative "to educate himself "on the identity, contact information, and dates of employment of approximately 1,000 individuals … during the four-month period that Plaintiff was assigned to work there." Plaintiff has conferred with Defendant and offered an amended Topic No. 25, which Defendant still holds as an "improper fishing expedition." Plaintiff gave notice with particularity, and Defendant does not consider the requested information relevant to Plaintiff's case.  Plaintiff's only "catch" is for the witness to give a knowledgeable answer on the noticed topics.[2]

Again, it should be stated, "[t]he party requesting a protective order must make a specific demonstration of facts in support of the request, rather than conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. E.g., *In re PE Corp. Secs. Litig*., 221 F.R.D. 20, 26 (D. Conn. 2003); *Brittain v. Stroh Brewery Co*., 136 F.R.D. 408, 412

---

[2] "The entity must then designate one or more persons to testify on its behalf "about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

(M.D.N.C. 1991); *see also Gulf Oil v. Bernard*, 452 U.S. 89, 102 n.16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981).

Defendant attached five exhibits. Two of the attached exhibits are email chains showing that Plaintiff has been amenable to some change as long as it would not interfere with her investigation of her case. Defendant has not explained why it would be unduly burdensome to print the information requested by Plaintiff, bring it to a deposition, and have the witness testify about the accuracy and completeness of the information provided.  None of the exhibits presented by Defendant support Defendant's argument of meeting Georgia's "good cause" standard.

### III.   CONCLUSION

Wherefore, this Court should deny Defendant's Motion for Protective Order with respect to Plaintiff's Rule 30(b)(6) Deposition Notice regarding Topic No. 25 per the argument above. It will not cause any prejudice to Defendant. Accordingly, the Plaintiff's interest and judicial efficiency will be served by denying Defendant's Motion for Protective Order.

Respectfully submitted this 2nd day of September, 2022.

**BARRETT & FARAHANY**

 /s/ *Matthew Billips*
Matthew C. Billips
Georgia Bar No. 057110

*Attorney for Angelica Brown*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
SEP 02, 2022 03:37 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

| | |
|---|---|
| ANGELICA BROWN, | |
| Plaintiff, | Civil Action No. 2021CV03786 |
| v. | |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | JURY TRIAL DEMANDED |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I on this day, I served the forgoing *PLAINTIFF'S RESPONSE TO DEFENDANT FRESH EXPRESS INCORPORATED'S MOTION FOR PROTECTIVE ORDER FOR PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICE* on the following counsel of record via electronic mail:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Katherine H. Krouse
katie.krouse@ogletree.com
Jessica H. Thomas
jessica.thomas@ogletree.com

Respectfully submitted this 2nd day of September, 2022.

**BARRETT & FARAHANY**

 /s/ *Matthew Billips*
Matthew C. Billips
Georgia Bar No. 057110

# EXHIBIT 1

| | |
|---|---|
| **From:** | Matthew Billips |
| **To:** | Krouse, Katherine (Katie) H.; Grace Starling |
| **Cc:** | Diana L. Howe; Thomas, Jessica H.; Duffield, Todd C. |
| **Subject:** | RE: MT-231127 Brown v. Fresh Express and Morris |
| **Date:** | Tuesday, August 2, 2022 11:24:25 AM |
| **Attachments:** | image001.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image604489.png |
| | image229127.png |
| | image070533.png |
| | image568548.png |
| | image750674.png |
| | 00583709.DOCX |

Katie,

Please find attached a revised Notice.  Let me know if this reflects our agreement regarding your objections.  With regard to, for example, No. 1, where your response has been that Fresh Express can't identify a witness because it didn't fire Ms. Brown, simply produce  a witness to provide your client's factual position on the issue.

Also, please ensure you review the changes in Par. 25, which are intended to narrow and focus the subject of the matter of examination,

Thanks,

Matt

## Matthew Billips

Partner/Managing Attorney, Trial Practice Group

Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005

Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us: 

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Wednesday, July 27, 2022 11:45 AM
**To:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** FW: MT-231127 Brown v. Fresh Express and Morris

| **EXTERNAL** |
|---|

Matt and Grace,

The attached 30(b)(6) Notice does not comply with the parties' agreement with respect to the topics of examination, as memorialized in the attached email from March. Please agree to issue a new notice that complies with the parties' agreement.

Thanks,
Katie

**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743

katie.krouse@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Wednesday, July 27, 2022 9:54 AM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Cc:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Subject:** MT-231127 Brown v. Fresh Express and Morris

<div style="background-color:orange">

**[Caution: Email received from external source]**

</div>

---

Good morning –

Please find attached service copies of the following:

1. *PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CHESTER MORRIS, JR.*;

2. *PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT CHESTER MORRIS, JR.*; and

3. *NOTICE OF DEPOSITION OF DEFENDANT FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6).*

Should you have any questions, please let me know.

Thanks,
Diana

## Diana L. Howe
She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:  

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
|   Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
|   Defendants. | |

**NOTICE OF DEPOSITION OF DEFENDANT**
**FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6), the undersigned will take the remote deposition of a corporate representative(s) of Defendant Fresh Express Incorporated ("Defendant") upon oral examination commencing on August 9, 2022, at 10:00 a.m.  The deposition will be taken remotely before an officer authorized by law to administer oaths and will be recorded by stenographic and sound-and-visual means.  The oral examination will continue from day to day until complete, adjourned, or continued.

It is hereby requested that prompt notification in writing be given to Plaintiff's counsel as to the names, address, telephone number, capacity and job title of each person so designated to testify and matters on which the person will testify. Pursuant to the provisions of O.C.G.A. 9-11-30(b)(6), the Defendant is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify on its and are most knowledgeable and competent to testify regarding the matters designated below. The following shall apply to the instant depositions noticed herein.

## I.   **Definitions and Instructions**

A.      As set forth below, the term "Plaintiff" shall refer to Kristina Barclay and the term Defendant shall refer to Defendant Fresh Express Incorporated and any agent or representative of this Defendant, including but not limited to attorneys.

B.      The term "document" or "documents" has the broadest possible meaning accorded under O.C.G.A. 9-11-34 and means any written, recorded, or graphic matter however produced or reproduced, including documents stored in or retrievable by computer. "Documents" include, but are not limited to: memoranda; reports; indexes; books; periodicals; studies; analyses; contracts; agreements; charts; graphs; drawings; spreadsheets; electronic mail; data compilations; notes; Post-its; entries; letters; facsimiles; tapes; records; bulletins; invoices; bills; order forms; receipts; financial statements; video and audio tapes; photographs; calendars; diaries; communications; correspondence; cablegrams; radiograms; summaries of telephone conversations; meetings or conferences, including a list of persons attending such meetings or conferences; records of investigations; opinions and reports of consultants or experts; tapes, disks or other electronic media; writing or physical thing, including all drafts of originals and preliminary notes on or marginal comments concerning each of the above-described documents. "Documents" shall include electronically stored information, including metadata associated therewith.

C.      The term "identify" shall mean a person's full name, present or last known residence or business address (as the case may be), title or job position, and present or last known employer's name (if applicable). If a person is deceased, "identify" shall state the name and place of his or her death.

D.       The term "person" means any individual and any legal entity, whether partnership, association, corporation, business trust, legal representative, firm, or any organized group of persons

## II.   Matters Designated for Deposition Testimony

1.   The name, address, and employment position of each and every individual who played a decision-making, consultative, and/or advisory role in terminating Plaintiff's employment with Defendant; a complete description in full detail, with particularity, each such individual's role in the afore-mentioned decision(s); a complete description in full detail, with particularity, the extent to which each such individual's role made a difference in the outcome of the afore-mentioned decision; and a description in full detail, with particularity, of each and every factor, reason, and/or motivation which was relied on by each such individual in reaching the afore-mentioned decisions.

2.   The highest number of employees employed by Fresh Express Incorporated, Defendant herein, (using the "payroll method" as defined in *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202 (1997)) for each working day in each of twenty or more calendar weeks in the last year of Plaintiff's employment and the year immediately preceding that year.

3.   Complaints of harassment, discrimination, and/or retaliation received by Defendant from 2015 through the present;

4.   Complaints of retaliation after reporting sexual harassment or discrimination received by Defendant from 2015 through the present;

5.   Any investigations into any complaints identified in response topics 3 through 4;

6.      ~~Any investigation into any complaints identified in response to these requests, including all actions taken in the course of the investigation and the identities of all individuals who participated in the investigation from 2015 through present;~~

7.      Defendant's policies regarding harassment and discrimination in the workplace;

8.      Rules, policies, or procedures regarding discrimination or retaliation against employees who report unlawful conduct and the reasons for such rules, policies, or procedures;

9.      Reasons for enacting such rules, policies, and procedures regarding harassment and discrimination;

10.     Defendant's policies and practices for reporting and responding to complaints about harassment and discrimination,

11.     Defendant's policies and procedures for evaluating allegations of harassment;

12.     Description in detail of everything Defendant has done to prevent harassment and discrimination including any training management and employees attended;

13.     A description of the corporate structure of Defendant and/or any other related corporations or entities, including the relationships between and among all such corporations;

14.     A description of Human Resources' working relationship with Daniel Marquez and his contributions to investigations of sexual harassment and/or assault;

15.     A description of the current financial condition of Defendant and/or any other related corporations or entities, including the assets presently held; prior year revenue; liabilities owed; and total net worth;

16.     The employees, agents, or officials of Defendant who are knowledgeable about potentially relevant electronically stored information;

17. ~~All information known or reasonably available to Defendant that forms the basis of Defendant's asserted defenses, as well as any additional defense(s) Defendant intends to assert;~~

18. ~~The location and description of all documents that reflect the basis for each and every defense and affirmative defenses Defendant asserted in its Answer to Plaintiff's Complaint;~~

19. ~~The location and description of all documents that contain information responsive to all the topics described herein.~~

20. Plaintiff's job description and job duties, including any changes to those duties and the identities of individual(s) who assigned the duties. This topic includes both duties assigned and duties actually performed;

21. The compensation and benefits Plaintiff received while employed with Defendant, as well as the value of Defendant's contribution to any such benefits;

22. ~~The names, dates of employment, and contact information of individuals that have performed job duties for Defendant similar to those performed by Plaintiff at any time during the three years preceding and following the date this action was filed; and~~

23. Plaintiff's work performance, including receipt of awards, promotions, warnings, reprimands, and performance evaluations.

24. ~~The location and description of all documents, including unproduced documents, that reflect any complaint or report submitted to Defendant regarding non payment of overtime for its employees, including Plaintiff;~~

25.     The contact information, including address, phone number and dates of employment of individuals employed by Defendant <u>Fresh Express at any location worked by Defendant Morris</u> at any time during Plaintiff's employment;

26.     Each and every reason for Plaintiff's termination and for the termination of Fresh Express' contract with Signature Contingent Management/Signature Staffing

27.     ~~All information relating to Defendant's insurance policies;~~

28.     ~~The location and description of all documents that contain information responsive to all the topics described herein;~~

29.     All information related to the routine maintenance of Defendant's facilities where Plaintiff worked, including health inspection reports; and

30.     The location of all video cameras at the Fresh Express Morrow facility and their operation status from January 1, 2021 to present.

Respectfully submitted this 27th day of September, 2022.

**BARRETT & FARAHANY**

 /s/ *Grace A. Starling*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorney for Angelica Brown*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
grace@justiceatwork.com

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I hereby certify that I on this day, I served the forgoing *NOTICE OF DEPOSITION OF DEFENDANT FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6)* on the following counsel of record via electronic mail:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Katherine H. Krouse
katie.krouse@ogletree.com
Jessica H. Thomas
jessica.thomas@ogletree.com

Respectfully submitted this 27th day of September, 2022.

**BARRETT & FARAHANY**

 /s/ *Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

7

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
OCT 25, 2022 03:24 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 25TH day of October , 2022, I served DEFENDANT FRESH EXPRESS INCORPORATED'S SIXTH AMENDED NOTICE OF DEPOSITION OF PLAINTIFF ANGELICA BROWN on the following counsel of record by E-mail and U.S. mail, and I electronically filed the Certificate of Service with the Clerk of Court using the Court's e-file system, which will automatically send email notification of such filing to the following attorneys of record:

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

/s/ Jessica H. Thomas
Jessica H. Thomas
GA Bar No. 704970

-3-

FILED
CLAYTON COUNTY, C

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA         2022 NOV -2 PM 4: 24

ANGELICA BROWN,                    )      Civil Action No. 2021CV03786-D4WILLS
                                   )             CLERK SUPERIOR COURT
        Plaintiff,                 )
                                   )
v.                                 )      JURY TRIAL DEMANDED
                                   )
FRESH EXPRESS INCORPORATED and     )
DARREN LNU,                        )
                                   )
        Defendants.                )

## PROPOSED ORDER

At the hearing held on October 5, 2022 to consider Defendant's Motion for Protective

Order, the Parties consulted and advised the Court that Defendant would provide Plaintiff with a

map or diagram of the area where the Plaintiff was assigned and where Defendant Morris worked

at the Fresh Express facility. Using the map or diagram, the Parties advised that they would attempt

to come to an agreement regarding the proper area that will encompass the identities of the

individuals that Defendant will produce to Plaintiff for Topic 25 of the O.C.G.A § 9-11-30(b)(6)

deposition. If the Parties are unable to come to an agreement, the Parties will notify the Court. If

the Parties are able to come to an agreement, Defendant shall notify the Court that the Motion for

Protective Order is moot.

Pending notification from the Parties, the Court stays its consideration of Defendant's

Motion for Protective Order.

Ordered this __31st__ day of October, 2022.

Jewel Scott
Judge Jewel C. Scott



/s/ Matthew C. Billips *
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
matt@justiceatwork.com
grace@justiceatwork.com

*(with express permission)*

*Counsel for Plaintiff*

/s/ Todd C. Duffield
Todd C. Duffield
Georgia Bar No. 141905
Jessica H. Thomas
Georgia Bar No. 704970
Katherine H. Krouse
Georgia Bar No. 514298
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia 30303
Telephone: (404) 881-1300
Facsimile: (404) 870-1732
todd.duffield@ogletreedeakins.com
katie.krouse@ogletreedeakins.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I, Tanya Donahue, Judicial Assistant to Judge Jewel C. Scott, do hereby certify that I have this day served a copy of the enclosed pleading or documents titled PROPOSED ORDER to the individuals listed below by mailing a true copy of same in an envelope with adequate postage via U.S. mail addressed as follows:

CASE NO.:  2021-CV-03786-14

Matthew C. Billips
Grace A. Starling
BARRETT & FARAHANY
1100 Peachtree Street, N.E.
Suite – 500
Atlanta, GA  30309

Todd C. Duffield
Jessica H. Thomas
KathERINE h. Krouse
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Ninety One Peachtree Tower
191 Peachtree Street, N.E.
Suite – 4800
Atlanta, GA  30303

This 31st Day of October, 2022

Tanya Donahue, Judicial Secretary to
Judge Jewel C. Scott
Superior Court of Clayton County

FILED
CLAYTON COUNTY
2022 NOV -2  PM 4: 24
JACQULINE D. WILLS
CLERK SUPERIOR COURT

⬛ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

**Jewel Scott**
**NOV 28, 2022 05:12 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN, | Civil Action No. |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS, INCORPORATED AND CHESTER D. MORRIS, JR., | |
| Defendants. | |

**MOTION TO EXTEND DISCOVERY PERIOD**
**AND DEADLINE FOR DISPOSITIVE MOTIONS**

COME NOW, Plaintiff Angelica Brown ("Plaintiff"), by and through their undersigned counsel, and respectfully request an Order extending the discovery period in the above-styled action through and including February 10, 2023, so as to allow the parties sufficient time to complete necessary discovery in this case. In support of this motion, Plaintiff respectfully shows the Court as follows:

1.     Plaintiff filed her Complaint with the Superior Court of Clayton County on October 14, 2021.

2.     On March 18, 2022, Defendants filed its Answer to Plaintiff's Complaint.

3.     On April 20, 2022, the Court entered an Order staying all pending deadlines until June 22, 2022, so that the Parties could participate in mediation.

1

4.      Following the unsuccessful mediation, the Parties filed a Joint Status Update and Proposed Scheduling Order on June 23, 2022, requesting that discovery end on November 30, 2022.

5.      While the Parties have been able to complete most of the presently identified depositions, due to various reasons the 30(b)(6) has had to be rescheduled multiple times.  It was delayed for several months as a result of Defendant's motion for protective order and the parties' efforts to resolve that motion.  After resolving those issues, it was most recently noticed for November 4, 2022, but the undersigned counsel became ill that week.  It was subsequently noticed for November 18, 2022, but the corporate representative contract Covid and was unable to make the deposition.

6.      Counsel for the Parties have determined that the next mutually available date to hold the 30(b)(6) is January 5, 2023.

7.      Information which Plaintiff has requested to be provided by the 30(b)(6) deponent will require additional follow up discovery, potentially including written discovery on the Defendant and third-party requests for production and potentially depositions.  Plaintiff sought this deposition early and repeatedly, but it has not yet been completed.  See Exhibit 1, containing correspondence relating to this deposition.

8.      With the deadline for discovery extended, Plaintiff asks that all subsequent deadlines be extended as well.

9.     The requested extension will not prejudice the parties in any manner.

Respectfully submitted this 28th day of November, 2022.

**BARRETT & FARAHANY**

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
matt@justiceatwork.com

*Counsel for Plaintiff*

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN, | Civil Action No. |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS, INCORPORATED AND CHESTER D. MORRIS, JR., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing *Motion to Extend Discovery Period and Deadline for Dispositive Motions* which will automatically send email notification of such filing to the following attorneys of record:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Katherine H. Krouse
katie.krouse@ogletree.com
Jessica H. Thomas
jessica.thomas@ogletree.com

Respectfully submitted this 28th day of November, 2022.

**BARRETT & FARAHANY**

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

4

# EXHIBIT 1

## Diana L. Howe

| | |
|---|---|
| **From:** | Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com> |
| **Sent:** | Tuesday, June 28, 2022 3:02 PM |
| **To:** | Diana L. Howe |
| **Cc:** | Matthew Billips; Grace Starling; Duffield, Todd C.; Thomas, Jessica H. |
| **Subject:** | RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017] |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**EXTERNAL**

Good afternoon Diana,

Chester Morris, Fabricio Antunes, and Fresh Express's corporate representative are available for their depositions on August 9 and 11. Can you please let us know if Ms. Brown is available for her deposition on either August 2 or 5?

Thanks,
Katie

**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Tuesday, June 28, 2022 10:51 AM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions

[Caution: Email received from external source]

---

Good morning –

Checking back regarding getting the depositions rescheduled.  Please provide availability for depositions of the following:

1) 30(b)(6) of Fresh Express
2) Chester D. Morris
3) Farbricio Telles Antunes

As of today, Matt is open Aug 2, 5, 9, 11

Thanks,
Diana

1

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

---

**From:** Duffield, Todd C. <todd.duffield@ogletree.com>
**Sent:** Wednesday, June 15, 2022 11:59 AM
**To:** Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions

> **EXTERNAL**

Hi Diana – We will check everyone's schedules and get back to you.  I already know that we (counsel) are not available for any of the July dates below.


**Todd C. Duffield | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Wednesday, June 15, 2022 11:12 AM
**To:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions
**Importance:** High

*[Caution: Email received from external source]*

Good morning –

Please provide availability for depositions of the following:

1) 30(b)(6) of Fresh Express
2) Chester D. Morris
3) Farbricio Telles Antunes

As of today, Matt is open July 12, 14, 26, 28, 29 and Aug 2, 5, 9, 11

Thank you,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us: 

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the ... If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e... by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Thursday, March 17, 2022 9:10 AM
**To:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>; Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

Perfect, I will hold that date and file the notice one the topics are finalized.

Thanks,

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30343-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation of opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e*
*by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

---

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Thursday, March 17, 2022 8:59 AM
**To:** Diana L. Howe <diana@justiceatwork.com>; Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

## EXTERNAL

Diana,

Fresh Express's corporate rep can be available for the 30(b)(6) deposition on May 5.

**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Wednesday, March 16, 2022 3:30 PM
**To:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

*[Caution: Email received from external source]*

4

Katie –

Great, I will notice the two depositions for April 20th today.

For the 30(b)(6) – I'll release the hold on 4/22. Matt is available May 3-5, let me know which of those days work and I'll hold it.

Thanks!

## Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30343-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:  

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e*
*by email at* diana@justiceatwork.com *and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

---

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Wednesday, March 16, 2022 1:57 PM
**To:** Diana L. Howe <diana@justiceatwork.com>; Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

### EXTERNAL

Diana,

We are confirmed for Plaintiff's in-person deposition on April 19 and the two remote depositions on April 20. However, Fresh Express's corporate representative is not available on April 22. He can be available the first or second week of May.

Thanks,
Katie

**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Wednesday, March 16, 2022 9:53 AM
**To:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

---

*[Caution: Email received from external source]*

---

Katie –

Understood.  Can you confirm the following dates for depositions?

April 19 – Plaintiff at Firmspace Buckhead
April 20 – (remote) Antunes at 9:30 a.m.; Morris at 2 p.m.
April 22 – Hold for 30b6 (call scheduled re topics for 3/21)

Thanks,
Diana


# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30343-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation ... opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the ...*

*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Monday, March 14, 2022 5:35 PM
**To:** Diana L. Howe <diana@justiceatwork.com>; Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

<div style="background:#f5d97a"><strong>EXTERNAL</strong></div>

Diana,

Darion Grimes is no longer employed with Fresh Express. Mr. Grimes's last known contact information is:  3386 Mt. Zion Road, Apt. 1321, Stockbridge, GA 30281; 404-717-3496. Feel free to reach out to Mr. Grimes directly.

Thanks,
Katie

**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Tuesday, March 1, 2022 2:12 PM
**To:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

<div style="background:#f5a623"><em><strong>[Caution: Email received from external source]</strong></em></div>

Katie –

I've rescheduled today's call for March 21st at 10 a.m. Please use the same link:  https://us02web.zoom.us/j/9020847981?pwd=UmYxdWJDc2J5MnBVMTJxdVU5dmtJdz09

Matt asked that I get the availability for Darion Grimes as well.  I will hold April 26th & 27th for these two depositions, though we may be able to get them scheduled for the same day. Please advise when you can.

Thanks,
Diana

# Diana L. Howe

She/Her

Managing Paralegal

Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30343-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Tuesday, March 1, 2022 12:16 PM
**To:** Diana L. Howe <diana@justiceatwork.com>; Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

> **EXTERNAL**

Diana,

Todd and I are available for a call with Matt on March 21 at 10am.

Also, Chester Morris is available for his deposition on April 20, 26, or 27.

Thanks,
Katie


**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Tuesday, March 1, 2022 8:48 AM
**To:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

*[Caution: Email received from external source]*

Good morning –

Matt's schedule is full next week, but he could be available at one of the following:

3/14 at 11:30 a.m.
3/15 at 10 a.m. or 1 p.m.
3/21 at 10 a.m.

Please advise what works.

Thanks,


# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30343-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us: 

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation... opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the... If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e... by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Monday, February 28, 2022 7:17 PM
**To:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

**EXTERNAL**

Matt and Grace,

Good evening. Todd is attending a conference this week and will need to reschedule our call regarding the 30(b)(6) topics. Todd and I are available Monday, March 7 (in the morning); Thursday, March 10; or Friday, March 11. Let us know when you are available.

Thanks very much,
Katie

**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Friday, February 25, 2022 2:15 PM
**To:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

*[Caution: Email received from external source]*

---

Katie –

Please use the link below for the call on Tuesday 3/1 at 5 p.m.:
https://us02web.zoom.us/j/9020847981?pwd=UmYxdWJDc2J5MnBVMTJxdVU5dmtJdz09

As for the depositions, I will hold dates for the following:

April 19 – Plaintiff (please notice for 10 a.m. at FirmSpace, 3344 Peachtree Road, NE, Atlanta; we will reserve a conference room for the deposition)
April 20 – (remote) Antunes; possibly Morris in the afternoon
April 22 – Hold for Morris and/or 30b6 (we can also look at alternative dates for the 30b6, but will hold this for now)

Let me know if you have any questions.

Thanks!

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |

Atlanta, Georgia 30343-0092 | MSC 530092
| Roswell, Georgia 30076



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

---

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Friday, February 25, 2022 1:14 PM
**To:** Diana L. Howe <diana@justiceatwork.com>
**Cc:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

| **EXTERNAL** |
|---|

Diana,

Todd and I are available for a call Tuesday at 5pm.

Also, in light of the fact that we have now served Non-Party Requests for Production and we will need that information to fully depose Plaintiff, can you please hold Tuesday, April 19 for Plaintiff's deposition? I'll send you a deposition notice shortly. Fabricio Antunes is available April 19, 20, or 22 for his deposition. I will confirm whether Chester Morris can be available that week, as well, and I'll let you know early next week. We would prefer to take Plaintiff's deposition in person, because we find in person depositions to be more effective. However, if you prefer to take the depositions of our witnesses remotely, we can do that.

Thanks,
Katie

**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Thursday, February 24, 2022 3:28 PM
**To:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

[Caution: Email received from external source]

Katie –

Matt is available Monday at noon.  Tuesday he has a mediation, but it should be over by 5 p.m. He is in depositions W-F.  Please let me know what works best.

I will hold March 22 for Plaintiff's depo and 23-25 for the other depositions for now. Please confirm that remote depositions are ok.

Thanks!

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30343-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:    

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Thursday, February 24, 2022 2:38 PM
**To:** Diana L. Howe <diana@justiceatwork.com>
**Cc:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions [ODNSS-OGL.046160.000017]

**EXTERNAL**

Diana,

Can you please let us know Matt's availability for a call next week regarding the 30(b)(6) topics? Todd and I have availability in the afternoons most days next week.

Please hold Tuesday, March 22 for Plaintiff's deposition. I will send you a deposition notice soon.

Fabricio Antunes is available for his deposition March 23-March 25. I am still confirming Chester Morris's availability, and I'll provide it shortly. Loretta Trotter is no longer employed with Fresh Express. Ms. Trotter's last known contact information is:  820 Hannover Circle, Stockbridge, GA 30281; 773-531-7506. Please feel free to reach out to her directly.

Thanks,
Katie

**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Thursday, February 24, 2022 1:33 PM
**To:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions

*[Caution: Email received from external source]*

---

My apologies for the late response. Matt had another call schedule for 4 p.m., but can be available at 5 p.m. tomorrow; please advise if that works. If not, I can send possible days/times for next week.

Matt is currently open on the days below for depositions in this matter, including Plaintiff's (with sufficient notice)>

March 22-25
April 15, 19, 20, 22, 26, 27, 29

I am currently scheduling depositions across multiple cases during this time frame, so if there are any dates that I should hold, please let me know.

Thanks,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30343-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us: 

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the [...]. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, [...] by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

---

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Monday, February 21, 2022 10:45 AM
**To:** Diana L. Howe <diana@justiceatwork.com>
**Cc:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express et al / depositions

## EXTERNAL

Diana,

Todd and I are available to discuss our objections to the 30(b)(6) topics on Friday at 4pm. We are confirming the other witnesses' availability and will provide their availability shortly. Can you please also provide Ms. Brown's availability for her deposition in March or April?

Thank you.

**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Friday, February 18, 2022 3:17 PM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Subject:** MT-231127 Brown v. Fresh Express et al / depositions

**[Caution: Email received from external source]**

---

Good afternoon –

Please let me know your availability next week for a call to discuss the attached re the 30(b)(6) topics. The following times would work:

Mon 2/21 at 12 pm or 5 pm

Tues 2/22 at 10 a.m. or 3 p.m.
Fri 2/25 at 4 p.m.

In addition to the corporate designee(s), provide also the availability in late March and April for the following:

Chester Morris, Jr.
Farbricio Telles Antunes
Loretta Trotter

Thank you,

## Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30343-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e*
*by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

---

**From:** Duffield, Todd C. <todd.duffield@ogletree.com>
**Sent:** Tuesday, January 18, 2022 10:15 AM
**To:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Jensen, Amy E. <amy.jensen@ogletreedeakins.com>; Krouse, Katherine (Katie) H.
<Katie.Krouse@ogletreedeakins.com>
**Subject:** Brown v. Fresh Express et al

Matt and Grace – Please see the attached correspondence regarding Plaintiff's 30(b)(6) topics directed to Fresh Express.

**Todd C. Duffield | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-
1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

## Diana L. Howe

| | |
|---|---|
| **From:** | Thomas, Jessica H. <jessica.thomas@ogletree.com> |
| **Sent:** | Tuesday, August 30, 2022 12:35 PM |
| **To:** | Diana L. Howe; Matthew Billips |
| **Cc:** | Duffield, Todd C.; Krouse, Katherine (Katie) H.; Porcha Anthony Davis; McFarland, Darlene |
| **Subject:** | RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL.046160.000017] |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

| **EXTERNAL** |
|---|

Hi Diana-

The 30(b)(6) witness is available on September 29.

Thanks,

Jessica

**Jessica H. Thomas | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Tuesday, August 30, 2022 10:08 AM
**To:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL.046160.000017]

| **[Caution: Email received from external source]** |
|---|

Good morning –

I can confirm Ms. Brown's deposition in Atlanta on 9/27. Please notice it for 10 a.m. at Firmspace, 3344 Peachtree Road, Suite 800.

Have you been able to confirm 9/29 for the 30(b)(6)?

Thank you,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us: 

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Wednesday, August 24, 2022 4:12 PM
**To:** Thomas, Jessica H. <jessica.thomas@ogletree.com>; Matthew Billips <matt@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL.046160.000017]

Good afternoon –

I am waiting to hear back from Ms. Brown but have held these two dates on Matt's calendar in the meantime.

Thanks,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:  

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

---

**From:** Thomas, Jessica H. <jessica.thomas@ogletree.com>
**Sent:** Tuesday, August 23, 2022 2:01 PM
**To:** Matthew Billips <matt@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace Starling <grace@justiceatwork.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL.046160.000017]

## EXTERNAL

Matt-

We are confirming with the 30(b)(6) witness to see if September 29 will work. However, assuming that date works, we will want to take Ms. Brown's deposition on September 27 in Atlanta. As you know, her deposition has now been postponed four times, although it was the first deposition that was supposed to take place. Please let us know if that date will work for Ms. Brown.

Jessica

**Jessica H. Thomas | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Monday, August 22, 2022 5:17 PM
**To:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace Starling <grace@justiceatwork.com>
**Subject:** Re: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL.046160.000017]

*[Caution: Email received from external source]*

---

Jessica,

Defendants' counsel committed in the email below to providing a deposition date on the subjects which are not subject to the motion before the end of September. Please provide that date.

3

# Matthew Billips

*Partner/Managing Attorney, Trial Practice Group*

Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e*
*by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

On Aug 22, 2022, at 5:05 PM, Thomas, Jessica H. <jessica.thomas@ogletree.com> wrote:

**EXTERNAL**

Hi Diana-

As mentioned in my email last week, we will provide availability for the 30(b)(6) deposition once the court has ruled on our motion.

Thanks,

Jessica

**Jessica H. Thomas | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Monday, August 22, 2022 4:58 PM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Matthew Billips
<matt@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace
Starling <grace@justiceatwork.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

[Caution: Email received from external source]

Good afternoon –

Checking back.

Thanks,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr... opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the ... If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me... by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Sunday, August 14, 2022 4:52 PM
**To:** Duffield, Todd C. <todd.duffield@ogletree.com>; Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

Good afternoon –

Checking back regarding dates in September for the 30(b)(6).  Matt is currently available September 23, 27 or 29.

Thanks,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

---

**From:** Duffield, Todd C. <todd.duffield@ogletree.com>
**Sent:** Monday, August 8, 2022 4:26 PM
**To:** Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H.
<Katie.Krouse@ogletreedeakins.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H.
<jessica.thomas@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

**EXTERNAL**

Will do.  Thanks.


**Todd C. Duffield | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
Telephone: 404-870-1701 | Mobile: 770-862-7411
todd.duffield@ogletree.com | www.ogletree.com | Bio


---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Monday, August 8, 2022 4:24 PM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Krouse, Katherine (Katie) H.
<Katie.Krouse@ogletreedeakins.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H.
<jessica.thomas@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

[Caution: Email received from external source]

Todd,

In light of the extended discovery period, I agree that we can take that deposition in September.  However, I'm not willing to put off the entire deposition because of a dispute over one matter of examination.  Please provide us a date after the middle of September when the witness will be available.

## Matthew Billips

Partner/Managing Attorney, Trial Practice Group

Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr...*
*opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the...*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me...*
*by email at* matt@justiceatwork.com *and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Duffield, Todd C. <todd.duffield@ogletree.com>
**Sent:** Monday, August 8, 2022 2:39 PM
**To:** Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

## EXTERNAL

Matt – Katie just reminded me that we have pending already a Proposed Scheduling Order with a discovery deadline of November 30 (at your request).  So, I don't think there is any urgency.  Katie will follow up with the Court on the Proposed Scheduling Order and prompt the Court to enter it.  Thanks.

**Todd C. Duffield | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |

Telephone: 404-870-1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

---

**From:** Duffield, Todd C.
**Sent:** Monday, August 8, 2022 2:33 PM
**To:** Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H.
<Katie.Krouse@ogletreedeakins.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H.
<jessica.thomas@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]


Matt – In light of your unavailability, we will simply need to extend discovery.


**Todd C. Duffield | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
Telephone: 404-870-1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Monday, August 8, 2022 2:28 PM
**To:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace Starling
<grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Duffield, Todd C.
<todd.duffield@ogletreedeakins.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

> **[Caution: Email received from external source]**

---

Discovery closes on 9/14.  I'm out of the office for the that week and the week before and have
submitted a leave of absence.

We need to move forward.



# Matthew Billips

*Partner/Managing Attorney, Trial Practice Group*
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr... opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the... If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me... by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Monday, August 8, 2022 2:17 PM
**To:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

**EXTERNAL**

Matt,

We would prefer to hold off on the 30(b)(6) deposition until the court rules on our motion for protective order.  Given our witness's busy schedule, we would prefer that he not have to be deposed more than once. Please let us know if you will agree to reschedule the 30(b)(6) deposition once the court has ruled on our motion.

Thanks,
Katie

**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Monday, August 8, 2022 12:46 PM
**To:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

**[Caution: Email received from external source]**

I'm agreeable to deferring this until more discovery is done.  It might be unnecessary, depending on the other deposition testimony.

Please let me know whether we are moving forward tomorrow, given your motion for protective order, or if you agree that the only topic that is the subject of the motion for protective order is No. 25.

## Matthew Billips

Partner/Managing Attorney, Trial Practice Group

Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:    

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr* *opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the* *If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me* *by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Thomas, Jessica H. <jessica.thomas@ogletree.com>
**Sent:** Monday, August 8, 2022 11:04 AM
**To:** Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris [ODNSS-OGL]

**EXTERNAL**

Matt-

Can you please clarify what you are looking for in Topic 29: "All information related to the routine maintenance of Defendant's facilities where Plaintiff worked, including health inspection reports"?

The previous email summarizing the agreement between the parties (attached) indicated that you were looking further into the topic, as it does not seem to be applicable to this case.

Thanks,

Jessica

**Jessica H. Thomas | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Tuesday, August 2, 2022 11:24 AM
**To:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Grace Starling
<grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H.
<jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 Brown v. Fresh Express and Morris

> **[Caution: Email received from external source]**

---

Katie,

Please find attached a revised Notice.  Let me know if this reflects our agreement regarding your
objections.  With regard to, for example, No. 1, where your response has been that Fresh Express can't
identify a witness because it didn't fire Ms. Brown, simply produce  a witness to provide your client's
factual position on the issue.

Also, please ensure you review the changes in Par. 25, which are intended to narrow and focus the
subject of the matter of examination,

Thanks,

Matt


# Matthew Billips

Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:      

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr*
*opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Wednesday, July 27, 2022 11:45 AM
**To:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H.
<jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** FW: MT-231127 Brown v. Fresh Express and Morris

**EXTERNAL**

Matt and Grace,

The attached 30(b)(6) Notice does not comply with the parties' agreement with respect to the topics of examination, as memorialized in the attached email from March. Please agree to issue a new notice that complies with the parties' agreement.

Thanks,
Katie

**Katie H. Krouse | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Wednesday, July 27, 2022 9:54 AM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Krouse, Katherine (Katie) H.
<Katie.Krouse@ogletreedeakins.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Cc:** Matthew Billips <matt@justiceatwork.com>; Grace Starling <grace@justiceatwork.com>
**Subject:** MT-231127 Brown v. Fresh Express and Morris

**[Caution: Email received from external source]**

Good morning –

Please find attached service copies of the following:

1. *PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CHESTER MORRIS, JR.;*

2. *PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT CHESTER MORRIS, JR.; and*

3. *NOTICE OF DEPOSITION OF DEFENDANT FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6).*

Should you have any questions, please let me know.

Thanks,
Diana

# Diana L. Howe

She/Her

Managing Paralegal

Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005

Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr...*
*opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the ...*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me...*
*by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

## Diana L. Howe

| | |
|---|---|
| **From:** | Thomas, Jessica H. <jessica.thomas@ogletree.com> |
| **Sent:** | Monday, September 26, 2022 8:38 AM |
| **To:** | Diana L. Howe; Krouse, Katherine (Katie) H.; Matthew Billips |
| **Cc:** | Duffield, Todd C. |
| **Subject:** | Re: MT-231127 RE: Angelica Brown v. Fresh Express Incorporated et al - Depositions [ODNSS-OGL.046160.000017] |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**EXTERNAL**

Good morning Diana-

I know that you were already waiting to hear back from Matt regarding rescheduling the 30(b)(6) deposition due to the court hearing. However, I spoke with our witness this morning. We will need to reschedule that one as well due to the impending hurricane in Florida, which is where our client lives. Do you want me to see if October 21 is available? If not, please let me know what dates will work in early November, and I will check those dates with our witness.

Thanks,

Jessica

> On Sep 23, 2022, at 4:11 PM, Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com> wrote:
>
> Yes. We can hold the 14th. Thanks!
>
> Jessica
>
>
> **Jessica H. Thomas | Ogletree Deakins**
> One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
> Telephone: 404-260-1488
> jessica.thomas@ogletree.com | www.ogletree.com | Bio
>
> ---
> **From:** Diana L. Howe <diana@justiceatwork.com>
> **Sent:** Friday, September 23, 2022 3:45 PM
> **To:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>
> **Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
> **Subject:** RE: MT-231127 RE: Angelica Brown v. Fresh Express Incorporated et al - Depositions [ODNSS-OGL.046160.000017]

**[Caution: Email received from external source]**

1

Good afternoon –

I am waiting for confirmation from Ms. Brown, but Matt is currently open on October 14 or 21 for Plaintiff's deposition.  The rest of his month is fairly booked, so please let me know if we should hold either of those dates.

Thanks,
Diana


## Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr
opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the
If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me
by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Friday, September 23, 2022 3:33 PM
**To:** Matthew Billips <matt@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Subject:** Angelica Brown v. Fresh Express Incorporated et al - Depositions [ODNSS-OGL.046160.000017]

## EXTERNAL

Matt,

Good afternoon. Unfortunately, Jessica is sick and does not anticipate being better by Tuesday. Therefore, we will need to reschedule Ms. Brown's deposition, which is scheduled for Tuesday. We apologize for the inconvenience, but please let us know your and Ms. Brown's availability in October for her deposition.

Also, because the Court has now scheduled a hearing on our Motion for Protective Order for October 5, we request that we reschedule the 30(b)(6) deposition until after the hearing. Due to our witness's busy schedule, we would prefer that he not have to potentially sit for a deposition more than once. Also, the discovery cut-off is not until November 30, so we have time to take the deposition at a later date. Please let us know if you will agree to this.

Thanks,
Katie

**Katie H. Krouse | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

**Diana L. Howe**

| | |
|---|---|
| **From:** | Diana L. Howe |
| **Sent:** | Thursday, October 6, 2022 9:51 AM |
| **To:** | 'Thomas, Jessica H.'; Krouse, Katherine (Katie) H.; Matthew Billips |
| **Cc:** | Duffield, Todd C.; Porcha Anthony Davis |
| **Subject:** | RE: MT-231127 RE: Angelica Brown v. Fresh Express Incorporated et al - Depositions [ODNSS-OGL.046160.000017] |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Hi Jessica –

Matt will be out of town on October 26-27.  He is currently available Nov. 1, 2 or 4, please let me know if one of those dates work.

I will double check with Ms. Brown about the 14th, she previously indicated availability but I'm not sure if she was impacted by the hurricane last week.

Thanks,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:    

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation of the
opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the
If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e
by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Thomas, Jessica H. <jessica.thomas@ogletree.com>
**Sent:** Thursday, October 6, 2022 9:46 AM
**To:** Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>;

Matthew Billips <matt@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 RE: Angelica Brown v. Fresh Express Incorporated et al - Depositions [ODNSS-OGL.046160.000017]

**EXTERNAL**

Hi Diana-

Our 30(b)(6) witness is not available on October 21. He is available on October 26 or 27. Would either of those days work? Also, can you confirm that Ms. Brown is available on October 14?

Thanks,

Jessica

**Jessica H. Thomas | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Monday, October 3, 2022 1:45 PM
**To:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 RE: Angelica Brown v. Fresh Express Incorporated et al - Depositions [ODNSS-OGL.046160.000017]

*[Caution: Email received from external source]*

Good afternoon –

Have you been able to confirm October 21st for the 30(b)(6)?

Thanks,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| | MSC 530092 |

Atlanta, Georgia 30353-0092 │ Roswell, Georgia 30076



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Monday, September 26, 2022 9:22 AM
**To:** 'Thomas, Jessica H.' <jessica.thomas@ogletree.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: MT-231127 RE: Angelica Brown v. Fresh Express Incorporated et al - Depositions [ODNSS-OGL.046160.000017]

Good morning –

Yes, please see if October 21st works.  I will hold that date on Matt's calendar.

Thanks,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:    

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the*

*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Thomas, Jessica H. <jessica.thomas@ogletree.com>
**Sent:** Monday, September 26, 2022 8:38 AM
**To:** Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** Re: MT-231127 RE: Angelica Brown v. Fresh Express Incorporated et al - Depositions [ODNSS-OGL.046160.000017]

**EXTERNAL**

Good morning Diana-

I know that you were already waiting to hear back from Matt regarding rescheduling the 30(b)(6) deposition due to the court hearing. However, I spoke with our witness this morning. We will need to reschedule that one as well due to the impending hurricane in Florida, which is where our client lives. Do you want me to see if October 21 is available? If not, please let me know what dates will work in early November, and I will check those dates with our witness.

Thanks,

Jessica

> On Sep 23, 2022, at 4:11 PM, Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com> wrote:
>
> Yes. We can hold the 14th. Thanks!
>
> Jessica
>
>
> **Jessica H. Thomas | Ogletree Deakins**
> One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
> Telephone: 404-260-1488
> jessica.thomas@ogletree.com | www.ogletree.com | Bio
>
> **From:** Diana L. Howe <diana@justiceatwork.com>
> **Sent:** Friday, September 23, 2022 3:45 PM
> **To:** Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>
> **Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
> **Subject:** RE: MT-231127 RE: Angelica Brown v. Fresh Express Incorporated et al - Depositions [ODNSS-OGL.046160.000017]
>
> [Caution: Email received from external source]
>
> Good afternoon –

I am waiting for confirmation from Ms. Brown, but Matt is currently open on October 14 or 21 for Plaintiff's deposition. The rest of his month is fairly booked, so please let me know if we should hold either of those dates.

Thanks,
Diana

# Diana L. Howe

She/Her

Managing Paralegal

Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005

Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr
opinion.

CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the
If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me
by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Friday, September 23, 2022 3:33 PM
**To:** Matthew Billips <matt@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H.
<jessica.thomas@ogletreedeakins.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>
**Subject:** Angelica Brown v. Fresh Express Incorporated et al - Depositions [ODNSS-OGL.046160.000017]

**EXTERNAL**

Matt,

Good afternoon. Unfortunately, Jessica is sick and does not anticipate being better by Tuesday. Therefore, we will need to reschedule Ms. Brown's deposition, which is scheduled for Tuesday. We apologize for the inconvenience, but please let us know your and Ms. Brown's availability in October for her deposition.

Also, because the Court has now scheduled a hearing on our Motion for Protective Order for October 5, we request that we reschedule the 30(b)(6) deposition until after the hearing. Due to our witness's busy schedule, we would prefer that he not have to potentially sit for a deposition more than once. Also, the

discovery cut-off is not until November 30, so we have time to take the deposition at a later date. Please let us know if you will agree to this.

Thanks,
Katie

**Katie H. Krouse | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

**Diana L. Howe**

| | |
|---|---|
| **From:** | Matthew Billips |
| **Sent:** | Friday, November 4, 2022 9:17 AM |
| **To:** | Diana L. Howe |
| **Cc:** | Thomas, Jessica H.; Duffield, Todd C.; Krouse, Katherine (Katie) H. |
| **Subject:** | Re: MT-231127  RE: 30(b)(6) Deposition |

All,

I have bad news. I've gotten progressively more sick. I'm going to have to postpone the deposition, as I'm running a fever and can't stop coughing.

# Matthew Billips

Partner/Managing Attorney, Trial Practice Group

Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

On Nov 4, 2022, at 9:13 AM, Diana L. Howe <diana@justiceatwork.com> wrote:

Good morning –

Please see below:

Zoom Room 4 is inviting you to a scheduled Zoom meeting.
Join Zoom Meeting
https://us02web.zoom.us/j/83045321995?pwd=YVRVSVJkTXdnVElDQ0l0NFhkcVVLUT09
Meeting ID: 830 4532 1995

Passcode: 935350

Thanks,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

—

Follow Us:

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Thomas, Jessica H. <jessica.thomas@ogletree.com>
**Sent:** Friday, November 4, 2022 8:36 AM
**To:** Diana L. Howe <diana@justiceatwork.com>; Matthew Billips <matt@justiceatwork.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Subject:** 30(b)(6) Deposition

**EXTERNAL**

Hi Diana-

We still need the link for the deposition this morning.

Thanks,

Jessica

**Jessica H. Thomas | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

**Diana L. Howe**

| | |
|---|---|
| **From:** | Thomas, Jessica H. <jessica.thomas@ogletree.com> |
| **Sent:** | Wednesday, November 16, 2022 2:48 PM |
| **To:** | Diana L. Howe; Matthew Billips; Krouse, Katherine (Katie) H. |
| **Cc:** | Duffield, Todd C.; Porcha Anthony Davis |
| **Subject:** | RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition |

> **EXTERNAL**

Good afternoon-

I just heard from David Specht, our 30(b)(6) witness. He has covid-19, so we will need to re-schedule the 30(b)(6) deposition that was supposed to take place on Friday.

You previously provided November 30 as an available date. That date tentatively works for us if you want to plan to reschedule it for that date.

Thanks,

Jessica

**Jessica H. Thomas | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Monday, November 14, 2022 1:47 PM
**To:** Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - Plaintiff's Medical Records [ODNSS-OGL.046160.000017]

> *[Caution: Email received from external source]*

---

Good afternoon –

Please find attached a supplemental production.

Thank you,
Diana

# Diana L. Howe

She/Her
Managing Paralegal

1

Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in*
*by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Wednesday, September 21, 2022 2:02 PM
**To:** Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>;
Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** MT-231127 RE: Brown v. Fresh Express et al - Plaintiff's Medical Records [ODNSS-OGL.046160.000017]

Good afternoon –

Below is a link to the medical records from Shands and Orange Park Medical:

https://justiceatwork.sharefile.com/d-se7d6c65eab24439a854437269b2dfe4a

Thank you,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Monday, September 19, 2022 3:45 PM
**To:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: Brown v. Fresh Express et al - Plaintiff's Medical Records [ODNSS-OGL.046160.000017]

I will check on the status of these records.

# Matthew Billips

Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214???0120 | Main AL: (205) 564???9005
Fax: (404) 214???0125 | Referrals: (404) 487???0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353???0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:    

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Monday, September 19, 2022 2:47 PM
**To:** Matthew Billips <matt@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** Brown v. Fresh Express et al - Plaintiff's Medical Records [ODNSS-OGL.046160.000017]

**EXTERNAL**

Matt,

I am following up on the status of Ms. Brown's medical records. In Ms. Brown's supplemental interrogatory responses she indicated that, in addition to receiving treatment at Anchor Hospital, she has received care at Shands at UF Health, Orange Park Medical Center, and Clay Behavioral Health. In the attached email, Grace told us that you all had requested these medical records and would have them by Friday, July 29 or Monday, August 1. Ms. Brown also said during her last deposition that she had received some additional medical records. To date, you have only produced records related to Ms. Brown's care at Anchor Hospital but have not produced medical records from the three facilities identified in Ms. Brown's supplemental interrogatory responses. As you know, Ms. Brown's deposition is scheduled for next Tuesday, September 27.

Please produce these records as soon as possible or let us know when you anticipate producing these records. Otherwise, we will file a motion to compel.

Thank you,
Katie

**Katie H. Krouse | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

**Diana L. Howe**

| | |
|---|---|
| **From:** | Matthew Billips |
| **Sent:** | Thursday, November 17, 2022 2:35 PM |
| **To:** | Duffield, Todd C. |
| **Cc:** | Thomas, Jessica H.; Diana L. Howe; Krouse, Katherine (Katie) H.; Porcha Anthony Davis |
| **Subject:** | Re: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

I'm available January 5th, but we will still need to extend discovery.

# Matthew Billips

Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:   

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in e*
*by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

On Nov 17, 2022, at 2:33 PM, Duffield, Todd C. <todd.duffield@ogletree.com> wrote:

> **EXTERNAL**
>
> Matt,
> In addition the two other dates we have already offered, we can also offer January 5 for the 30(b)(6)
> deposition.  If this date does not work for you, then it probably makes sense to wait until the court
> decides your motion to extend discovery before looking at any additional dates.

**Todd C. Duffield | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
Telephone: 404-870-1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Thursday, November 17, 2022 12:04 PM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Thomas, Jessica H.
<jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine
(Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

> **_[Caution: Email received from external source]_**

---

Todd,

Please send that list over, as that will help in some respects.

However, as you know, I am not available on either November 30 or December 14th.  Given that Mr.
Specht has Covid, I doubt you are in a position to tell me that he would be able to appear on either date
at this point.  As you also already know, my first availability is December 23rd.

I will take your word for it that Mr. Specht is not going to appear and that your client will not designate
an alternative representative.  As a result, we do not anticipate appearing on that date.

We will move forward with a motion to extend discovery, in that discovery is closing and we do not have
an agreed on date for the deposition.  If necessary, we will move to compel the deposition as well.

# Matthew Billips

Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:
*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr*
*opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me*
*by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Duffield, Todd C. <todd.duffield@ogletree.com>
**Sent:** Thursday, November 17, 2022 11:55 AM
**To:** Matthew Billips <matt@justiceatwork.com>; Thomas, Jessica H.
<jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine
(Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

**EXTERNAL**

Matt,

As we have already informed you, David Specht has contracted COVID and he is unavailable for the
deposition tomorrow.  If you choose to appear after having received notice that we will not be
attending, we doubt the Court will grant you your attorneys' fees (especially given the fact that we
recently attended Plaintiff's deposition, waited for a couple hours only for her not to show up without
prior notice to us, and we did not seek our attorneys' fees from you).  We do not intend to seek a
protective order as we think it is unnecessary under the circumstances.

We have proposed a three week extension of discovery to accommodate this final deposition and have
offered November 30 (a day you previously said you were available) for the deposition.  Mr. Specht can
also be available on December 14.  If your concern is about getting the list of employees who worked
with Mr. Morris, we are willing to provide that list to you tomorrow (the day you would have received
the information had the deposition taken place as scheduled).

Please let us know if you want to schedule the 30(b)(6) deposition on November 30 or December 14.

**Todd C. Duffield | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
Telephone: 404-870-1701 | Mobile: 770-862-7411
todd.duffield@ogletree.com | www.ogletree.com | Bio

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Thursday, November 17, 2022 11:23 AM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Thomas, Jessica H.
<jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine
(Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

*[Caution: Email received from external source]*

Todd,

Please let us know if you intend to move for a protective order regarding tomorrow's
deposition.  Otherwise, we will attend the deposition and will seek attorneys' fees if the witness does
not appear.

Thanks,

Matt

# Matthew Billips

Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr...*
*opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the...*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me...*
*by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

---

**From:** Duffield, Todd C. <todd.duffield@ogletree.com>
**Sent:** Thursday, November 17, 2022 10:45 AM
**To:** Matthew Billips <matt@justiceatwork.com>; Thomas, Jessica H.
<jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine
(Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

| EXTERNAL |
|---|

Matt,

We have been extremely accommodating of your schedule and your client's numerous issues but this is getting out of hand.  On our end, we have shuffled schedules to cover for each other, if needed.  Can you not find a colleague who is available to take this deposition in the month of December?

Because it is your schedule, not the witness's schedule or our schedule that is prohibiting you from taking the deposition before January, you will need to file a motion with the Court, which we will oppose.

Finally, as far as prejudicing your client's case, it was you who choose to seek information about the identity of the employees who worked closely with Morris via a 30(b)(6) deposition, as opposed to an interrogatory or document request, so that is how you will receive it.

**Todd C. Duffield | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
Telephone: 404-870-1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Thursday, November 17, 2022 10:36 AM
**To:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe
<diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis
<porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

*[Caution: Email received from external source]*

Jessica,

We've looked at my calendar and I don't have any availability to take this deposition before the
proposed December 21, 2022 cut off.  I also doubt that you have obtained Mr. Specht's availability,
particularly given his current illness.  As a result, we are looking into January already, so it may be that
60 days is not enough time.

## Matthew Billips

Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr...
opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the...
If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me...
by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Thomas, Jessica H. <jessica.thomas@ogletree.com>
**Sent:** Thursday, November 17, 2022 10:11 AM
**To:** Matthew Billips <matt@justiceatwork.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse,
Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis
<porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

**EXTERNAL**

Matt-

The deposition was scheduled for tomorrow (November 18), and the current discovery cut-off is November 30. So, a deposition in early December with a December 21 discovery deadline would give you the same amount of time, or more, to conduct discovery than you would have under the current deadlines. Also, to the extent that something particular comes up from the 30(b)(6) deposition that you need to conduct additional discovery on, we can agree to discuss it at that time.

We are not trying to be unreasonable, but we just don't see the need for a two-month extension at this time.

Thanks,

Jessica

**Jessica H. Thomas | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Thursday, November 17, 2022 10:01 AM
**To:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

**[Caution: Email received from external source]**

---

Jessica,

21 days is not sufficient.  Due to the delay in taking the 30(b)(6) deposition, we will need additional time after that deposition for the deposition to suit its intended purpose.  I believe the judge would grant an opposed motion to extend discover, if necessary, particularly given how long we've been trying to schedule that deposition.

Please let us know if you will reconsider and consent to the extension.  If not, we will file a motion.

Thanks,

Matt

**From:** Thomas, Jessica H.
**Sent:** Thursday, November 17, 2022 9:57 AM
**To:** Diana L. Howe; Matthew Billips; Krouse, Katherine (Katie) H.
**Cc:** Duffield, Todd C.; Porcha Anthony Davis
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

**EXTERNAL**

Good morning Diana-

We agree to an extension, but we don't think 60 days will be needed. We can agree to a 21-day extension from the current November 30 discovery cut-off date. That would make December 21, 2022 the new discovery cut-off date.

Please let me know if this will work, and I can send a draft joint motion.

Thanks,

Jessica

**Jessica H. Thomas | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

# Matthew Billips

Partner/Managing Attorney, Trial Practice Group

Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:
*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Wednesday, November 16, 2022 3:59 PM
**To:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Matthew Billips
<matt@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis
<porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

**[Caution: Email received from external source]**

<image012.png>
Good afternoon –

Of course, I hope Mr. Specht feels better soon.

Unfortunately, Matt is no longer available on November 30th.  He proposes extending discovery for another 60 days in order to both reschedule the 30(b)(6) and also address any other issues that may arise out of that deposition.  Please advise on Defendant's position.

Thanks,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:
*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Thomas, Jessica H. <jessica.thomas@ogletree.com>
**Sent:** Wednesday, November 16, 2022 2:48 PM
**To:** Diana L. Howe <diana@justiceatwork.com>; Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

EXTERNAL

Good afternoon-

I just heard from David Specht, our 30(b)(6) witness. He has covid-19, so we will need to re-schedule the 30(b)(6) deposition that was supposed to take place on Friday.

You previously provided November 30 as an available date. That date tentatively works for us if you want to plan to reschedule it for that date.

Thanks,

Jessica

**Jessica H. Thomas | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |

Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

---

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Monday, November 14, 2022 1:47 PM
**To:** Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H.
<Katie.Krouse@ogletreedeakins.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Duffield, Todd C.
<todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - Plaintiff's Medical Records [ODNSS-OGL.046160.000017]

**[Caution: Email received from external source]**

<image012.png>
Good afternoon –

Please find attached a supplemental production.

Thank you,
Diana


# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
| --- | --- |
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:
*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr
opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the
If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me
by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Wednesday, September 21, 2022 2:02 PM
**To:** Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H.
<katie.krouse@ogletree.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Duffield, Todd C.
<todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** MT-231127 RE: Brown v. Fresh Express et al - Plaintiff's Medical Records [ODNSS-OGL.046160.000017]

Good afternoon –

Below is a link to the medical records from Shands and Orange Park Medical:

https://justiceatwork.sharefile.com/d-se7d6c65eab24439a854437269b2dfe4a

Thank you,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:
*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr*
*opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me*
*by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Monday, September 19, 2022 3:45 PM
**To:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H.
<jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: Brown v. Fresh Express et al - Plaintiff's Medical Records [ODNSS-OGL.046160.000017]

I will check on the status of these records.

# Matthew Billips

Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214???0120 | Main AL: (205) 564???9005
Fax: (404) 214???0125 | Referrals: (404) 487???0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353???0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of repr*
*opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the*
*If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this me*
*by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

---

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Monday, September 19, 2022 2:47 PM
**To:** Matthew Billips <matt@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H.
<jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** Brown v. Fresh Express et al - Plaintiff's Medical Records [ODNSS-OGL.046160.000017]

**EXTERNAL**

Matt,

I am following up on the status of Ms. Brown's medical records. In Ms. Brown's supplemental
interrogatory responses she indicated that, in addition to receiving treatment at Anchor Hospital, she
has received care at Shands at UF Health, Orange Park Medical Center, and Clay Behavioral Health. In
the attached email, Grace told us that you all had requested these medical records and would have
them by Friday, July 29 or Monday, August 1. Ms. Brown also said during her last deposition that she
had received some additional medical records. To date, you have only produced records related to Ms.
Brown's care at Anchor Hospital but have not produced medical records from the three facilities
identified in Ms. Brown's supplemental interrogatory responses. As you know, Ms. Brown's deposition is
scheduled for next Tuesday, September 27.

Please produce these records as soon as possible or let us know when you anticipate producing these
records. Otherwise, we will file a motion to compel.

Thank you,
Katie

**Katie H. Krouse | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 |
Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
DEC 16, 2022 02:25 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

### IN THE SUPERIOR COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | |
| v. | 2021CV03786-14 |
| | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

### THIRD AMENDED NOTICE OF DEPOSITION OF DEFENDANT
### FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6), the undersigned will take the remote deposition of a corporate representative(s) of Defendant Fresh Express Incorporated ("Defendant") upon oral examination commencing on **January 5, 2023**, at 10:00 a.m.  The deposition will be taken remotely before an officer authorized by law to administer oaths and will be recorded by stenographic and sound-and-visual means.  The oral examination will continue from day to day until complete, adjourned, or continued.

It is hereby requested that prompt notification in writing be given to Plaintiff's counsel as to the names, address, telephone number, capacity and job title of each person so designated to testify and matters on which the person will testify. Pursuant to the provisions of O.C.G.A. 9-11-30(b)(6), the Defendant is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify on its and are most knowledgeable and competent to testify regarding the matters designated below. The following shall apply to the instant depositions noticed herein.

1

I. <u>**Definitions and Instructions**</u>

A.         As set forth below, the term "Plaintiff" shall refer to Angelica Brown and the term Defendant shall refer to Defendant Fresh Express Incorporated and any agent or representative of this Defendant, including but not limited to attorneys.

B.         The term "document" or "documents" has the broadest possible meaning accorded under O.C.G.A. 9-11-34 and means any written, recorded, or graphic matter however produced or reproduced, including documents stored in or retrievable by computer. "Documents" include, but are not limited to: memoranda; reports; indexes; books; periodicals; studies; analyses; contracts; agreements; charts; graphs; drawings; spreadsheets; electronic mail; data compilations; notes; Post-its; entries; letters; facsimiles; tapes; records; bulletins; invoices; bills; order forms; receipts; financial statements; video and audio tapes; photographs; calendars; diaries; communications; correspondence; cablegrams; radiograms; summaries of telephone conversations; meetings or conferences, including a list of persons attending such meetings or conferences; records of investigations; opinions and reports of consultants or experts; tapes, disks or other electronic media; writing or physical thing, including all drafts of originals and preliminary notes on or marginal comments concerning each of the above-described documents. "Documents" shall include electronically stored information, including metadata associated therewith.

C.         The term "identify" shall mean a person's full name, present or last known residence or business address (as the case may be), title or job position, and present or last known employer's name (if applicable). If a person is deceased, "identify" shall state the name and place of his or her death.

D.       The term "person" means any individual and any legal entity, whether partnership, association, corporation, business trust, legal representative, firm, or any organized group of persons

## II.    <u>Matters Designated for Deposition Testimony</u>

1.      The name, address, and employment position of each and every individual who played a decision-making, consultative, and/or advisory role in terminating Plaintiff's employment with Defendant; a complete description in full detail, with particularity, each such individual's role in the afore-mentioned decision(s); a complete description in full detail, with particularity, the extent to which each such individual's role made a difference in the outcome of the afore-mentioned decision; and a description in full detail, with particularity, of each and every factor, reason, and/or motivation which was relied on by each such individual in reaching the afore-mentioned decisions.

2.      The highest number of employees employed by Fresh Express Incorporated, Defendant herein, (using the "payroll method" as defined in *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202 (1997)) for each working day in each of twenty or more calendar weeks in the last year of Plaintiff's employment and the year immediately preceding that year.

3.      Complaints of harassment, discrimination, and/or retaliation received by Defendant from 2015 through the present;

4.      Complaints of retaliation after reporting sexual harassment or discrimination received by Defendant from 2015 through the present;

5.      Any investigations into any complaints identified in response topics 3 through 4;

6.      Defendant's policies regarding harassment and discrimination in the workplace;

7.     Rules, policies, or procedures regarding discrimination or retaliation against employees who report unlawful conduct and the reasons for such rules, policies, or procedures;

8.     Reasons for enacting such rules, policies, and procedures regarding harassment and discrimination;

9.     Defendant's policies and practices for reporting and responding to complaints about harassment and discrimination,

10.    Defendant's policies and procedures for evaluating allegations of harassment;

11.    Description in detail of everything Defendant has done to prevent harassment and discrimination including any training management and employees attended;

12.    A description of the corporate structure of Defendant and/or any other related corporations or entities, including the relationships between and among all such corporations;

13.    A description of Human Resources' working relationship with Daniel Marquez and his contributions to investigations of sexual harassment and/or assault;

14.    A description of the current financial condition of Defendant and/or any other related corporations or entities, including the assets presently held; prior year revenue; liabilities owed; and total net worth;

15.    The employees, agents, or officials of Defendant who are knowledgeable about potentially relevant electronically stored information;

16.    Plaintiff's job description and job duties, including any changes to those duties and the identities of individual(s) who assigned the duties. This topic includes both duties assigned and duties actually performed;

17.     The compensation and benefits Plaintiff received while employed with Defendant, as well as the value of Defendant's contribution to any such benefits;

18.     Plaintiff's work performance, including receipt of awards, promotions, warnings, reprimands, and performance evaluations.

19.     The contact information, including address, phone number and dates of employment of individuals employed by Defendant <u>Fresh Express at any location worked by Defendant Morris</u> at any time during Plaintiff's employment;

20.     Each and every reason for Plaintiff's termination and for the termination of Fresh Express' contract with Signature Contingent Management/Signature Staffing

21.     All information related to the routine maintenance of Defendant's facilities where Plaintiff worked, including health inspection reports; and

22.     The location of all video cameras at the Fresh Express Morrow facility and their operation status from January 1, 2021 to present.

Respectfully submitted this 16th day of December, 2022.

**BARRETT & FARAHANY**

 /s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

*Attorney for Angelica Brown*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I on this day, I served the forgoing *THIRD AMENDED NOTICE OF DEPOSITION OF DEFENDANT FRESH EXPRESS INCORPORATED PURSUANT TO O.C.G.A. 9-11-30(b)(6)* on the following counsel of record via electronic mail:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Katherine H. Krouse
katie.krouse@ogletree.com
Jessica H. Thomas
jessica.thomas@ogletree.com

Respectfully submitted this 16th day of December, 2022.

**BARRETT & FARAHANY**

 /s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott

DEC 28, 2022 02:34 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY PERIOD AND DEADLINE FOR DISPOSITIVE MOTIONS

Defendants Fresh Express Incorporated ("Fresh Express") and Chester Morris, Jr. ("Morris") hereby file this Response in Opposition to Plaintiff Angelica Brown's Motion to Extend Discovery Period and Deadline for Dispositive Motions ("Plaintiff's Motion").

## I.  PROCEDURAL HISTORY

1.      Angelica Brown ("Brown" or "Plaintiff") filed her Complaint in the Superior Court of Clayton County, Georgia on October 14, 2021. Plaintiff served Fresh Express with the Complaint and summons on October 20, 2021.[1] Fresh Express filed its Answer to Plaintiff's Complaint on November 19, 2021, and discovery commenced on that date.

2.      On December 9, 2021, Fresh Express served Interrogatories and Requests for Production of Documents on Plaintiff. On January 26, 2022, Plaintiff served responses to Fresh Express's Interrogatories and Requests for Production of Documents, and produced some documents.

3.      On December 14, 2021, Plaintiff served Requests for Admissions, Interrogatories, and Requests for Production of Documents on Fresh Express. (*See* Exhibit A, Plaintiff's Discovery

---

[1] Plaintiff did not serve Morris with the Complaint and summons until February 16, 2022. Morris filed an Answer on March 18, 2022.

Requests.) On February 8, 2022, Fresh Express timely served responses to Plaintiff's Requests for Admissions, Interrogatories, and Requests for Production of Documents, and produced documents, including ESI.

4.    On December 15, 2022, Plaintiff served a Notice of Deposition of Defendant Fresh Express Incorporated Pursuant to O.C.G.A. 9-11-30(b)(6), identifying 30 topics of examination.

5.    On February 28, 2022, Fresh Express noticed Plaintiff's deposition for April 19, 2022.

6.    Neither the 30(b)(6) deposition nor Plaintiff's deposition went forward at that time, because the Parties opted to participate in mediation. On April 20, 2022, this Court entered an Order staying all pending deadlines until June 22, 2022. The parties completed mediation on June 15, 2022, reaching an Impasse.

7.    Following the mediation, the Parties resumed written discovery and depositions. On August 11, 2022, counsel for Plaintiff took the depositions of Morris and Fabricio Antunes. On November 11, 2022, counsel for Defendants took Plaintiff's deposition, which had been rescheduled several times.

8.    Plaintiff noticed the 30(b)(6) deposition multiple times between July and November 30. First, the 30(b)(6) deposition was scheduled for August 9, 2022, but the parties agreed not to go forward with the deposition given Fresh Express's pending Motion for Protective Order with Respect to Plaintiff's Rule 30(b)(6) Deposition Notice.

9.    Next, the 30(b)(6) deposition was scheduled for September 29, 2022, but it was cancelled when a hurricane hit Florida (where Fresh Express's corporate representative lives).

10.   After that, the 30(b)(6) deposition was scheduled for November 4, 2022, but Plaintiff's counsel became sick that day.

11.     Finally, the 30(b)(6) deposition was scheduled for November 18, 2022, but Fresh Express's corporate representative contracted COVID-19.

12.     At that time, Fresh Express offered to reschedule the 30(b)(6) deposition for November 30, 2022, the final day of the discovery period, and a date that Plaintiff's counsel had previously offered. However, Plaintiff's counsel said he was now unavailable that day and instead proposed extending discovery for 60 additional days "in order to both reschedule the 30(b)(6) and also address any other issues that may arise out of that deposition." Unwilling to agree to a 60-day extension of discovery, Fresh Express proposed a 15-day extension of discovery through December 21, 2022, so that Plaintiff could take the 30(b)(6) deposition. A fifteen-day extension would have given Plaintiff's counsel *more* time to conduct any remaining discovery than he would have had following the 30(b)(6) deposition scheduled for November 18, 2022, had it been able to go forward. Plaintiff's counsel said he had no availability prior to December 21, 2022. Ultimately, the parties agreed that Fresh Express's witness could be available on January 5, 2022; however, they disagreed about the length of the extension that was needed following the deposition date.

13.     On November 28, 2022, Plaintiff filed her Motion, seeking an extension of discovery through and including February 10, 2023, so that she can take the deposition of Fresh Express's corporate representative and conduct "additional follow up discovery, potentially including written discovery on the Defendant and third-party requests for production and potentially depositions." (Plaintiff's Motion, ¶ 7.)

## II.     ARGUMENT AND CITATION OF AUTHORITY

Pursuant to Georgia Uniform Superior Court Rule 5.1, "[i]n order for a party to utilize the court's compulsory process to compel discovery, any desired discovery procedures must first be commenced promptly, pursued diligently and completed without unnecessary delay and within 6

months after the filing of the answer." *See Jack Eckerd Drug Co. of Ga. v. Covington*, 183 Ga. App. 164, 164 (1987).

Here, Plaintiff has had more than enough time to complete written discovery and depositions over the past thirteen months. Given the delays in taking the deposition of Fresh Express's 30(b)(6) witness, Fresh Express was amendable to a short extension of discovery for the limited purpose of allowing Plaintiff to take the 30(b)(6) deposition. Plaintiff, however, seeks to extend discovery through February 10, 2023, not only to take the corporate representative deposition, but also to conduct "additional follow up discovery, potentially including written discovery on the Defendant and third-party requests for production and potentially depositions." (Plaintiff's Motion, ¶ 7.) The final 30(b)(6) deposition noticed by Plaintiff was scheduled for November 18, 2022, less than two weeks before the discovery deadline of November 30, 2022. Had the deposition gone forward on November 18, 2022, as planned, Plaintiff would have had less than two weeks to conduct the "additional follow up discovery" that she now seeks to conduct until February 10, 2023.

Moreover, Plaintiff could have obtained the same information she seeks through a 30(b)(6) deposition through written discovery requests. Although Plaintiff has had ample opportunity to serve additional interrogatories or document requests to obtain this information, she has not. In fact, when conferring with Plaintiff's counsel on the 30(b)(6) topics, undersigned counsel has repeatedly suggested that some of the topics are more suited to written discovery requests. Thus, if the Court is inclined to extend the discovery period, Defendants request that the Court extend the discovery period for the limited purpose of allowing Plaintiff to taking the deposition of Fresh Express's 30(b)(6) witness on the topics previously agreed to by the Parties.

- 4 -

**III.     CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court enter an Order denying Plaintiff's Motion to Extend Discovery Period and Deadline for Dispositive Motions. Alternatively, Defendants request that the Court enter an Order extending the discovery period for the limited purpose of allowing Plaintiff to taking the deposition of Fresh Express's 30(b)(6) witness on the topics previously agreed to by the Parties.

Respectfully submitted this 28th day of December, 2022.

<div align="right">

*/s/Jessica H. Thomas*
Todd C. Duffield
Georgia Bar No. 141905
Jessica H. Thomas
Georgia Bar No. 704970
Katherine H. Krouse
Georgia Bar No. 514298
OGLETREE, DEAKINS, NASH, SMOAK &
  STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: (404) 881-1300
Facsimile:  (404) 870-1732
todd.duffield@ogletree.com
jessica.thomas@ogletree.com
katie.krouse@ogletree.com

*Attorneys for Defendants*

</div>

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 28th day of December, 2022, a complete copy of the foregoing DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY PERIOD AND DEADLINE FOR DISPOSITIVE MOTIONS was served on the following counsel of record using the Court's e-file system, which will automatically serve all counsel of record:

Matthew C. Billips
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com

*/s/Jessica H. Thomas*
Jessica H. Thomas
Georgia Bar No. 704970

# Exhibit A

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS, FIRST INTERROGATORIES, AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FRESH EXPRESS INCORPORATED

Pursuant to O.C.G.A. Sections 9-11-26, 9-11-33, 9-11-34, and 9-11-36, Plaintiff Angelica Brown ("Plaintiff"), by and through the undersigned counsel of record, does hereby serve upon you and each one of you the following written Requests for Admission, Interrogatories, and Requests for Production of Documents for the purpose of discovery of certain matters which are relevant to the above-styled pending action or which may lead to the discovery of relevant information.

You are required to answer each Request for Admission within 30 days after service of the request, by serving upon the undersigned counsel for Plaintiff a written answer addressed to the matter which you are requested to admit, signed by

1

you or by your attorney. If you state an objection in lieu of or in addition to your response, the reasons therefore shall be stated. Each answer must specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission, and if good faith requires that you qualify your answer or deny only a part of the matter with regard to which an admission is requested, you must specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you truthfully state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

You are required to answer each Interrogatory separately and fully in writing and under oath and to answer each Request for Production separately, producing responsive documents with your response, by serving your responses and any responsive documents upon the undersigned counsel for Plaintiff within 30 days after service of the Interrogatories and Requests for Production.  If you object to any one or more of the Interrogatories or Requests for Production of Documents, then the precise reason(s) for your objection(s) shall be stated in lieu of and/or in addition to your answer.  These Interrogatories and Requests for Production are continuing in nature; that is, if any additional or different information comes to your attention between the date of your answer and the time of trial, then your

Answer and production of documents must be supplemented or amended to include such additional or different information. You are requested to produce your responses to these discovery requests as well as the documents requested herein at the offices of Barrett & Farahany, 1100 Peachtree Street, Suite 500, Atlanta, Ga. 30309 on the date of your response to these Requests.

When producing documents, Rule 34 requires that the documents be produced (a) in the form in which they are kept in the normal course of business or (b) categorized so as to identify each specific Request for Production to which they are intended to be responsive. When producing documents in the form in which they are kept in the normal course of business, please produce all documents maintained in the file in question, without redaction or withholding documents from the file from which the documents were produced. If you are producing documents in lieu of responding to an Interrogatory, you must do so by (1) specifying the records that must be reviewed, in sufficient detail to enable Plaintiff or her counsel to locate and identify them as readily as you and your counsel could; and (2) giving Plaintiff and/or her counsel a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

## INSTRUCTIONS AND DEFINITIONS

1.      "Person" refers to any natural person, firm, corporation, partnership, joint venture, or any other form of business entity.

2.      "Documents" refer to all communications in whatever form and however and by whomever made, including but not limited to the following items, whether printed, recorded or filmed, or reproduced by hand, and whether in the form of an original or copy, namely, without limitation:   agreements; communications; correspondence; emails; text messages and other forms of electronic communication; cablegrams; radiograms; telegrams; notes; memoranda; summaries of telephone conversations, meetings and conferences, including lists of persons attending such meetings or conferences; summaries and records of personal conversations or interviews; books; manuals; publications; diaries; charts; photographs; summaries; records of investigations; opinions and reports of consultants; brochures; pamphlets; financial statements; checks; invoices; ledger sheets; journal entries; punch lists; tapes, disks, or other electronic media; writing or physical thing, including all drafts of originals and preliminary notes on or marginal comments concerning each of the above-described documents.  When a document is maintained in more than one of the preceding forms, please identify each and every form in which such document is maintained.

3.      "Documents" shall include electronically stored information, including metadata associated therewith, and all such electronically stored information is requested to be produced in native format, in the original, unaltered electronic format, with all metadata intact, unless specifically agreed in writing otherwise by Plaintiff's counsel.

4.      The term "thing" means anything tangible which constitutes or contains matters within the scope of O.C.G.A. 9-11-26.

5.      "Defendant" or "you" or "yours" refers to Defendant herein and/or any agent or representative of any of the Defendants, including, but not limited to, attorneys.

6.      When asked to identify an individual, state said individual's name, gender, home and business address, home and business telephone number, occupation, title or position, employer and, if the individual is an employee of the Defendants, beginning date of employment.

7.      When asked to identify a document or thing, describe the type of document or thing (i.e., whether a letter, memo, invoice, check, etc.), the date or approximate date of preparation of said document, the name and address of the current custodian of the document, the number of pages of such document, and a general description of the substance of such document.  Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identify the document by name, number, form, or description, and

by date made, and the date which the document was most recently in your possession, custody or control, the disposition made of the document, and the identity of the person or persons now in the possession, custody, or control of such document.  If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document be destroyed.

8.     If you object to part of a Request for Admission, an Interrogatory or Request for Production and refuse to answer that part, state your objections and answer the remaining portion of that request.  If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you contend is appropriate.

9.     If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions, including the identity, if known, of persons who could provide that information and the location, if known, of documents responsive to these requests which are not in your possession or control and to which you cannot obtain access.  If your response is qualified in any particular, please set forth the details of such qualifications.

10.    In the event you wish to assert attorney/client privilege or work-product exclusion, or both, or any other privilege which you claim to be applicable, as to any information or document requested by any of the following specific requests, then in your response to each such Request to Admit, Interrogatory, or Request for Production of Documents, you are requested to provide Plaintiff with identification of such information or document, such identification to include the nature of the information and/or document, the author, the recipient(s), the recipient of each copy, the date, the name of each person to whom the information or such document was provided, the names appearing on any circulation list associated with any such document, a summary statement of the subject matter of the information or document in question in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege in question.  Each such response must be separately made with regard to each discovery request at issue.

11.    When asked to identify a meeting, conference, discussion, or similar interaction, state the date of such meeting, conference or discussion and identify all persons participating herein.  "Meeting, conference, or discussion" shall include, without limitation, any verbal and/or electronic communication from one individual to another, regardless of formality, length of communication, or whether there was any reply.

## DISCOVERY REQUESTS

**Interrogatory**

1.

Please identify, including name, address, and employment position, each and every individual who has provided you information which served, either in whole or in part, as the basis for your answer(s) to your responses to Defendant's Initial Disclosures and/or these Discovery Requests.

**Interrogatory**

2.

Please identify all Fresh Express employees with the first name "Darren" and for employee Chester Morris, Jr. Please include in your response each person's position, phone number, address, and employment history with the company.

**Request for Admission**

3.

Prior to February 24, 2021, Defendant Darren, who had not yet introduced himself to Plaintiff, would greet Plaintiff by saying "Hi beautiful" or "Hi sexy."

**Request for Admission**

4.

Within approximately a month of Plaintiff beginning to work at Fresh Express, on or about February 24, 2021, Defendant Darren approached her while she was working on the line and introduced himself by his first name only.

**Request for Admission**

5.

Defendant Darren told Plaintiff that one of her co-workers would relieve her in 30 minutes and bring her to him.  Because Defendant Darren was a supervisor, Plaintiff did not protest, believing that it was work-related.

**Request for Admission**

6.

Within 30 minutes, a co-worker relieved her and told her where to go to meet Defendant Darren.

**Request for Admission**

7.

By his actions, Defendant Darren demonstrated that he had sufficient authority that he could remove Plaintiff from work on a whim.

**Request for Admission**

8.

To Plaintiff's surprise, Defendant Darren had obtained food for her, and it became apparent that he was intending a social encounter. Plaintiff objected and told him that she did not want him to buy food for her or remove her from her work area.

**Request for Admission**

9.

Defendant Darren ignored her and told a co-worker known as Ube to give Plaintiff whatever she wanted from the trunk of his car, in an apparent bid to impress Plaintiff.

**Request for Admission**

10.

Beginning after Defendant Darren introduced himself to Plaintiff on or about February 24, 2021, Defendant Darren dramatically escalated his sexually harassing behavior and tortious conduct.

**Request for Admission**

11.

Darren LNU began making overt and grotesquely sexual statements and advances, including saying things such as, "I would eat your pussy so good," "Let

me taste both of your lips," "Once you have me, you won't want to leave me alone," "Why do you talk to men that can't do what I can do for you?," "You are so sexy," "You couldn't handle me," "I would tear your pussy up," "I would eat you so good,"  and "I bet you taste as good as you look" while Plaintiff was working.  Plaintiff objected to his statements and conduct, but he continued.

**Request for Admission**

12.

Defendant Darren propositioned Plaintiff regularly while she was working at Fresh Express.

**Request for Admission**

13.

One evening, on or about March 25, 2021, Plaintiff got off of work at 3:00 a.m. and was waiting on her ride to take her to her residence.  Defendant Darren was waiting for her and ordered her to get in his car.

**Request for Admission**

14.

When Plaintiff objected, Mr. Darren told her to get in the car and that they were just going up to QuikTrip.

11

**Request for Admission**

15.

After Plaintiff was ordered into the car, Defendant almost immediately began telling Plaintiff he wanted to have sex with her.  She objected, but he ignored her.

**Request for Admission**

16.

When they got to the QuikTrip, Defendant Darren went inside and bought cigarettes and a drink.

**Request for Admission**

17.

When Defendant Darren returned to the car, he came to the passenger side door, opened it, and forcibly kissed Plaintiff against her will.

**Request for Admission**

18.

Plaintiff pushed him away and asked him to stop.

**Request for Admission**

19.

He got back in the car and drove Plaintiff back to where she had been waiting.  She told him that he had to stop, that she did not want him doing that kind

of thing, and he said that Plaintiff "was going to want to mess with me.  Trust me, you're going to want to."  Plaintiff continued to reject him.

**Request for Admission**

20.

Darren continued to harass Plaintiff and, after she continued to rejected him, told Plaintiff that if she reported him, he would kill her.

**Request for Admission**

21.

Defendant Darren's continuing harassment and threats did not stop until on or about April 1, 2021, when Plaintiff moved to a different department where her hours were reduced and Defendant Darren was no longer her manager/floor lead.

**Request for Admission**

22.

On or about April 25, 2021, Plaintiff complained to Signature Contingent Management about the harassment and notified Fresh Express on or about April 26, 2021.

**Request for Admission**

23.

Defendant Darren called Plaintiff from a private number and threatened her "I know you've been talking, but I will have you all up in and through that office!  Don't try me."

**Request for Admission**

24.

When Signature Contingent Staffing learned of this harassment, it launched a full investigation and found that Defendant Darren had harassed multiple female employees, particularly those women who were most vulnerable as a result of being in a rehab program such as the one Plaintiff was in.

**Request for Admission**

25.

Additionally, Defendant Darren asked a co-worker for Viagra or "dick hard pills" and was witnessed asking other female co-workers for sex and physically rubbing up against them with his body.

**Request for Admission**

26.

Defendant Fresh Express provided no training on sexual harassment to any of its employees.

14

**Request for Admission**

27.

Defendant Fresh Express maintains a hostile work environment where sexual harassment, assault, and workplace violence are tolerated and ignored by management.

**Request for Admission**

28.

Defendant Fresh Express, in addition to sexual harassment, maintains an unsafe work environment for its employees where employees are not allowed to go the bathroom, people pull knives on the work floor, and employees are punched in the face without remedy.

**Request for Admission**

29.

Defendant Fresh Express knowingly allows its employees to buy and sell drugs in the workplace, which resulted in two employees dying of overdoses at the Morrow location.

**Request for Admission**

30.

Several HR managers at the Morrow, Chicago, and Harrisburg locations left Fresh Express because they were forced to sweep things under the rug at the

direction of upper management at Fresh Express. In addition to the poor work conditions and unbeknownst to Plaintiff, Fresh Express has an extensive history of knowingly allowing employees to sexually harass female employees and protecting its harasser employees, including Mr. Darian Grimes.

**Request for Admission**

31.

Throughout all times relevant to this lawsuit and unknown to Plaintiff, Defendant Fresh Express was a Defendant in this Court in the matter of Barbara Johnson v. Fresh Express and Darian Grimes, Clayton County Superior Court, Civil Action File No. 2020cv02055-13.

**Request for Admission**

32.

On or around October 14, 2019, Mr. Darian Grimes began to sexually harass a Fresh Express employee named Barbara Johnson.

**Request for Admission**

33.

At least once or twice a week, Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate physical contact, repeated sexual advances, and other offensive and harassing acts.

**Request for Admission**

34.

Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate physical contact, including hitting Plaintiff on the buttocks and intentionally bumping into her in a sexual manner.

**Request for Admission**

35.

Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate sexual comments. For example, Mr. Grimes told Ms. Johnson that she needed a "big dick," that she needed a younger man, and that he would take her home and take care of her. Mr. Grimes also told other employees of Fresh Express that he was having sex with Ms. Johnson, which was not true.

**Request for Admission**

36.

Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate sexual advances, including the aforementioned comments and sexual touching and repeatedly followed Ms. Johnson to her car.

**Request for Admission**

37.

On or around November 29, 2019, Ms. Johnson complained to Fresh Express' Human Resources Department that Mr. Darren was sexually harassing her.

**Request for Admission**

38.

Ms. Johnson wrote out statements about Mr. Grimes sexual comments, advances, and physical harassment and provided names of other employees who had witnessed the harassment.

**Request for Admission**

39.

On January 28, 2020, Ms. Johnson's Manager, David Williams, told her that he had not seen the statements she made to HR regarding the sexual harassment she was experiencing.

**Request for Admission**

40.

Fresh Express's only response to Ms. Johnson's complaints was to separate her and Mr. Grimes for a single week by having Ms. Johnson work in the computer lab.

**Request for Admission**

41.

After one week, Fresh Express had Ms. Johnson return to work on the floor on the same lines as Mr. Grimes. Mr. Grimes resumed his sexual harassment of Ms. Johnson.

**Request for Admission**

42.

On March 4, 2020, Ms. Johnson again complained to HR that Mr. Grimes was sexually harassing her. Mr. Grimes continued to subject Ms. Johnson to unwanted and inappropriate physical contact by rubbing up against her.

**Request for Admission**

43.

Ms. Johnson rejected all of Mr. Grimes' sexual advances and physical harassment. When Ms. Johnson would push Mr. Grimes away and tell him she was going to complain to HR, Mr. Grimes would laugh.

**Request for Admission**

44.

On March 5, 2020, the day after she complained to HR about the sexual harassment, Ms. Johnson was terminated by Fresh Express. Fresh Express

terminated Ms. Johnson because she complained about Grime's inappropriate comments and offensive touching.

**Request for Admission**

45.

The tortious conduct alleged herein by Ms. Brown, occurred during the midst of the lawsuit brought by Ms. Johnson, yet Defendant took no corrective or remedial action with respect to either case.  In fact, Defendant did nothing to ensure that it provided a work place free from sexual harassment and ignored an environment permeated with sexual harassment and abuse.

**Request for Admission**

46.

As a result of Mr. Darren's sexual harassment and Fresh Express's failure to take action, Plaintiff has suffered damages, including mental and emotional suffering caused by Defendants' misconduct.

**Interrogatory**

47.

Please identify all persons with whom Defendant (including Defendant's agents, supervisors or managers) have communicated concerning facts, allegations, or issues involved in the Plaintiff's claims, including without limitation any current or former employee of Defendant, and describe in detail the substance, nature, and

date of each such communication. To the extent Defendant seeks to interpose any alleged privileges, including attorney-client and/or work product privilege to withhold information responsive to this request, provide a privilege log that complies with the applicable discovery rules.

**Interrogatory**

48.

Please identify name, address, and employment position of each and every individual who played a decision-making, consultative, and/or advisory role in terminating Plaintiff's employment with Defendant; provide a complete description in full detail, with particularity, each such individual's role in the afore-mentioned decision(s); provide a complete description in full detail, with particularity, the extent to which each such individual's role made a difference in the outcome of the afore-mentioned decision; and provide a description in full detail, with particularity, of each and every factor, reason, and/or motivation which was relied on by each such individual in reaching the afore-mentioned decisions. Please state, identify, and describe in full detail each and every "legitimate, non-discriminatory reason" upon which you actually relied in terminating Plaintiff's employment. To the extent that any document or other recorded information contains information concerning each such individual's particular knowledge, please identify the document/recorded information.

**Request for Production of Documents**

<div align="center">49.</div>

Please produce each and every document you were requested to identify in the immediately preceding discovery request, irrespective of whether you did or did not identify such document(s).

**Interrogatory**

<div align="center">50.</div>

Please identify

a.     first date the decision to terminate Plaintiff was first contemplated;

b.     The date the decision to terminate Plaintiff was decided;

c.     The first date(s) the decision to terminate Plaintiff was communicated internally between Defendant's employees, identifying each such employee and communication separately;

d.     The names of all employees who were told about the decision to terminate Plaintiff, the date of each such communication, and the specific reason or reason(s) given for Plaintiff's termination;

e.     To the extent that any document or other recorded information supports or relates to the decision to terminate and/or fail or refuse to reinstate Plaintiff's employment or otherwise contains information

responsive or arguably responsive to this request, please identify said document/recorded, information.

**Request for Production of Documents**

51.

Please produce each and every document you were requested to identify in the immediately preceding discovery request, irrespective of whether you did or did not identify such document(s).

**Request for Admission**

52.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

**Interrogatory**

53.

To the extent you contend Plaintiff has failed to mitigate her damages, identify and describe each and every additional effort you contend Plaintiff was obligated to expend in order to use reasonable efforts to locate comparable employment or otherwise mitigate damages; in so doing, state the date upon which you believe Plaintiff would have found comparable employment had she used reasonable efforts to do so; state the additional amount by which such additional efforts by Plaintiff would have further mitigated her` damages for each quarter

23

year since Plaintiff ceased to work in your employment; describe each and every contact you have had with or from prospective employers of Plaintiff; and, identify each and every position for which Plaintiff is qualified that you contend she should have received, describing in detail the promotional opportunities, compensation, job responsibilities, working conditions, and status of each such position.

**Request for Production of Documents**

54.

Please produce each and every document which contains information responsive to the preceding discovery request.

**Interrogatory**

55.

Please identify each and every individual who serves as a custodian of employment records for individuals employed by Defendant and the describe record keeping systems constituting such employment records. Your description should identify each and every type of file, compilation of documents, or other record keeping system under such individual's supervision; the manner in which the documents are maintained (e.g., whether such documents are maintained in paper, microfilm, microfiche, computer disk, computer tape, audio file, video file, or other form of ESI); the period during which such document(s) are maintained under your record retention system applicable to each such type of file; and, if such

any such recording keeping system was used to provide information responsive to these discovery requests, the specific discovery request at issue for each such file and whether the custodian so identified provided such information or, not, identify the person who accessed the file to provide the information in question.

**Interrogatory**

56.

Please describe the knowledge possessed by each individual, identifying and providing contact information for each such individual, who you believe to may have discoverable information with respect to any of the Plaintiff's claims or the defenses raised by Defendant. For each such individual, include in your description the role each such person played, if any, in terminating Plaintiff's employment. In providing contact information, you should include the last known home address, last known home and cellular phone number, and any and all email and/or social media by which the individual may be contacted.  If the individual is or was your employee, your identification should include the beginning and, if applicable, ending dates of employment and position(s) held, including whether you contend that such individual is a current managerial employee who should only be contacted through counsel.  To the extent that any document or other recorded information supports or contains information responsive to the foregoing requested

description of the individual's knowledge of discoverable information, please identify the document/recorded information.

**Request for Production of Documents**

57.

Please produce each and every document you were requested to identify in the immediately preceding discovery request, irrespective of whether you did or did not identify such document(s).

**Interrogatory**

58.

If Defendant or any agent, employee or attorney of Defendant has taken or received any statement, either orally or in writing from any person who regarding any of the events, happenings, or allegations contained in the Complaint, please state the name, address & job title of the person giving such statement, the date of any such statement, the substance of any such statement and whether the statement is in writing.

**Request for Production of Documents**

59.

Please produce each and every statement or other document you were requested to identify in the immediately preceding discovery request, irrespective of whether you did or did not identify such document(s).

**Interrogatory**

60.

Please identify, by name of Charging Party/Plaintiff, charge number, style, civil action number, and/or court filed, any and all EEOC charge(s) and/or civil or criminal litigation filed against Defendant, wherein Defendant was a party, where any individual alleged that any current or former employee, agent or official of Defendant engaged in any act of discrimination or retaliation. For each such charge or litigation, describe the claim asserted and explain how the matter was resolved. To the extent that any document or other recorded information supports or relates to said litigation or contains information responsive or arguably responsive to this request, please identify said document/recorded information.

**Request for Production of Documents**

61.

Please produce each and every document you were requested to identify in the immediately preceding discovery request, irrespective of whether you did or did not identify such document(s).

**Interrogatory**

62.

Please identify and describe in full detail each and every fact upon which you base the affirmative defenses in your Answer, and the legal basis for your defenses.

**Interrogatory**

63.

Please identify, describe, and provide the location of each and every document, including email correspondence, phone records, and ESI that contains or constitutes Defendant's discussion(s), reference(s), or consideration(s) of Plaintiff's employment and in any way, including but not limited to Plaintiff's performance as an employee, hiring, termination, and any other communications regarding the employment of Plaintiff. This request calls for Defendant to identify, *inter alia*, each and every email between, copying, and/or transmitted in any way to any of Defendant's management/supervisory employees and/or Human Resources personnel during the last 12 months of Plaintiff's employment and continuing to the date of Defendant receiving notification that Plaintiff had retained counsel in this matter in which Plaintiff is mentioned. To the extent Defendant seeks to interpose any privileges to production, please provide a

privilege log identifying withheld documents with sufficient particularity to assess the availability of any privileges claimed.

**Request for Production of Documents**

64.

Please produce each and every document you were requested to identify in the immediately preceding discovery request, irrespective of whether you did or did not identify such document(s).

**Interrogatory**

65.

For all documents which you were requested to identify and/or produce in these discovery requests, please identify the location of the documents in question, how they are stored, and whether Defendant is refusing to identify and/or withholding any of the requested documents.  If Defendant is refusing to identify and/or withholding any of the requested documents, describe the basis for withholding the document in question, describe the document, and explain all facts pertaining to the asserted basis for withholding such information or document(s), along with privilege log that complies with the applicable discovery rules.

**Interrogatory**

66.

Identify all individuals who provided training and education, either formally or on an ad hoc basis, to Defendant's managers and supervisors related the prohibition on discrimination, as well as all documents, materials, or resources which were used, maintained, generated or distributed for such training and education from the period 2015 through the present.

**Request for Production of Documents**

67.

Please produce each and every document you were requested to identify in the immediately preceding discovery request, irrespective of whether you did or did not identify such document(s).

**Interrogatory**

68.

Identify each and every duty Plaintiff routinely performed in the course of her employment. To the extent that any document or other recorded information identifies any and/or all of such duties, please identify said document/recorded, information.

**Request for Production of Documents**

69.

Please produce each and every document you were requested to identify in the immediately preceding discovery request, irrespective of whether you did or did not identify such document(s).

**Interrogatory**

70.

Identify and describe in full detail the process by which Defendant has, during the past five (5) years, investigated complaints of discrimination (including any investigation into Plaintiff's complaint of discrimination) and/or retaliation. Your response should include, but not be limited to describing whether employee interview(s) were conducted and, if so, recorded; each step to be taken in the investigation process (such as contacting the complaining employee, contacting the supervisor, reviewing documents, preparing a written report, identification of any statements, recordings or findings created as a result of any such investigations etc.,) and, during Plaintiff's employment, the name and title of each person involved in any such investigation(s) and/or any presently contemplated future investigations, and the role each individual plays or played in the investigations.

**Request for Production of Documents**

71.

Please produce each and every statement, recording, report and/or finding you were requested to identify in the immediately preceding discovery request, irrespective of whether you did or did not identify such document(s).

**Interrogatory**

72.

Please identify, for the last five (5) years each and every complaint or report of sexual harassment or retaliation made against any of Defendant's managers and/or supervisors which was investigated by any of the persons you were requested to in the preceding Interrogatory. For each such report, please describe in full detail the investigation and/or response to the complaint or report.  Your description should include the date of each complaint or report, the identification of the persons making each such complaint or report, the identity of each person accused of discrimination, or retaliation, the identification of persons who were notified of the fact and substance of the complaint or report, an identification of persons interviewed during the course of such investigation, and an identification of all persons having any role in conducting such investigation, reviewing such investigation, and/or taking action as a result of such investigation.  For each such complaint or report, please describe in full detail the conclusion of your

investigation (if any) and all actions taken in response to the report or as a result of the investigation.

**Request for Production of Documents**

73.

Please produce each and every complaint, report, statements, findings (both draft and final), investigation file, and documentation of conclusions which you were requested to identify in the immediately preceding discovery request, irrespective of whether you did or did not identify such document(s).

**Interrogatory**

74.

Please identify any insurance policy and/or any insurance agreement and/or any indemnification agreement under which an insurance business or other person or entity, may be liable to satisfy part or all of a judgment or award which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment or award, or to pay for Defendant's cost of defense in this action.

**Request for Production of Documents**

75.

Please produce each and every insurance policy and/or insurance agreement and/or indemnification agreement which you were requested to identify in the

immediately preceding discovery request, irrespective of whether you did or did not identify such document(s).

**Interrogatory**

76.

Identify and describe in full detail Defendant's email and information technology systems which may contain information or ESI responsive to any discovery request contained herein.  Your description should include the manner and duration for which such ESI is backed up and/or stored, any routine deletion or overwriting of such ESI, and the date and extent to which you informed individuals having access to such ESI to ensure that it is retained during the course of this litigation.

**Interrogatory**

77.

Please identify by name, address, occupation, place of employment and qualifications of each person to give an opinion, or if such information is available on the expert's curriculum vitae, attach same, regarding each person you expect to call as an expert witness at the trial of this matter and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**Request for Production of Documents**

78.

Please produce each and every document provided to, considered by, or on which the expert who you were requested to identify in the immediately preceding discovery request may rely in support of any opinion to which such expert is expected to testify.

**Request for Production of Documents**

79.

Please produce all documents identified in, referred to in, used to prepare, supporting, or relating to the allegations, assertions, defenses, conclusions, or requests contained in any pleading in this case, including, but not limited to, Plaintiff's Complaint, Defendant's Answer to Plaintiff's Complaint, and Defendant's Responses to Plaintiff's Interrogatories, as supplemented and/or amended.

**Request for Production of Documents**

80.

Please produce each version of Defendant's employee handbook in effect during Plaintiff's employment, along with each and every document indicating to whom the handbook was distributed and when.

**Request for Production of Documents**

81.

Please produce each and every document constituting your policies against discrimination in place during Plaintiff's employment, along with each and every document publicizing the existence of this policy to your employees or indicating this policy was distributed to your employees during Plaintiff's employment.

**Request for Production of Documents**

82.

To the extent not produced in response to the foregoing discovery requests, please produce each and every document reflecting, relating to, evidencing, or otherwise concerning all legal proceedings, charges, complaints, arbitrations, or appeals where Defendant has been accused of sexual harassment or retaliation by any current or former employee(s) of Defendant from 2015 through the present.

**Request for Production of Documents**

83.

Please produce the complete personnel file, complaint file and/or other files or compilations of documents, including but not limited to all performance appraisals, compensation history, credentials, commendations, reprimands, warning letters, correspondence relating to employment, work schedules, and all other documents contained therein which relate to the following individuals:

36

1.      Plaintiff;

2.      Defendant Darren;

3.      Chester Morris, Jr;

4.      All other current or former employees of the Defendant complained of

        discrimination at any time during the past ten years; and

5.      Each and every person who made a complaint of sexual harassment or

        assault at any time during the past ten years.

**Request for Production of Documents**

84.

Please produce all minutes, notes, memoranda, emails, reports, video or audio recordings (including voice mails), and/or other documents from all discussions, telephone calls, or meetings conducted by Defendant personnel concerning Plaintiff's complaints; warnings or other reprimands issued to Plaintiff; and Plaintiff's termination.

**Request for Production of Documents**

85.

Please produce all documents, including audio/video recordings, that were provided in response to any non-party request for production and/or interrogatories. Please produce these in original form as sent by the responding non-party.

**Request for Production of Documents**

86.

Produce all documentation reviewed or relied upon to determine that Defendant was going to terminate Plaintiff's employment.

**Request for Production of Documents**

87.

Produce all documents and ESI provided to and/or received from the EEOC regarding Plaintiff's claims of discrimination and retaliation.

**Request for Production of Documents**

88.

Produce all documents and ESI reflecting your receipt of federal financial assistance during the three years preceding and including the dates of Plaintiff's employment, whether received directly from an entity or agency of the federal government or from any pass through entity.

**Request for Production of Documents**

89.

To the extent not already produced in response to the preceding discovery requests, please produce all declaration pages for any insurance policy or coverage held by Defendant which may cover any or all of the claims alleged in Plaintiff's Complaint, any communication indicating that such policy will or may not provide

coverage, and any communication notifying Defendant that it is being defended under such policy pursuant to a reservation of rights to deny coverage.

**Request for Production of Documents**

90.

To the extent they have not been produced in response to the previous discovery requests, please produce all documents reflecting any benefits or compensation Defendant provided to Plaintiff during Plaintiff's employment.

**Interrogatory**

91.

Identify and describe in full detail the reasons for Fresh Express' termination of its contract with Signature Contingent Management/Signature Staffing.

**Request for Production of Documents**

92.

Produce all documents related to Fresh Express' contract with Signature Contingent Management/Signature Staffing and the subsequent termination of that contract.

**Request for Production of Documents**

93.

Produce all communications between Fresh Express and Signature Contingent Management/Signature Staffing from January 1, 2021 to present.

Respectfully submitted this 14th day of December, 2021.

**BARRETT & FARAHANY**

 /s/ *Grace A. Starling*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorney for Angelica Brown*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
grace@justiceatwork.com

# IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and DARREN LNU, | |
| Defendants. | |

## RULE 5.2 CERTIFICATE OF SERVICE

I hereby certify that I on this day, I served the forgoing *PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS, FIRST INTERROGATORIES, AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FRESH EXPRESS INCORPORATED* on the following counsel of record via electronic mail:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Amy E. Jensen
amy.jensen@ogletree.com
Katherine H. Krouse
katie.krouse@ogletree.com

Respectfully submitted this 14th day of December, 2021.

BARRETT & FARAHANY

/s/ *Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
**Jewel Scott**
**JAN 26, 2023 11:53 AM**

Chanae Clemons, Clerk
Clayton County, Georgia

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN, | Civil Action No. |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS, INCORPORATED AND CHESTER D. MORRIS, JR., | |
| Defendants. | |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND DISCOVERY PERIOD AND DEADLINE FOR DISPOSITIVE MOTIONS

COMES NOW, Plaintiff Angelica Brown ("Plaintiff"), by and through her undersigned counsel, and replies to Defendant's Response in Opposition to her Motion to Extend Discovery Period and Deadline for Dispositive Motions.

### I.     AMENDMENT OF REQUEST

Since Plaintiff filed her initial Motion seeking an extension of the discovery period to February 10, 2023, nearly two months have passed. Moreover, discovery has been closed since November 30, 2022. Therefore – although the Parties agreed upon and participated in a 30(b)(6) deposition on January 5, 2023 – Plaintiff has been unable to conduct the follow-up discovery which was the purpose of her initial Motion. Therefore, Plaintiff respectfully amends her request to seek an extension of

the discovery period to <u>60 days after the Court issues an Order granting the extension</u> and extending dispositive motion deadlines accordingly.

## II.    REQUEST FOR HEARING

Resolution of this Motion requires detailed consideration of the course of litigation and discovery thus far. Oral argument would assist the Court in clarifying the issues. Plaintiff hereby respectfully requests a hearing on her Motion to Extend Discovery.

## III.    ARGUMENT

### a.   Plaintiff Diligently Attempted to Schedule the 30(b)(6) Deposition for Months, But Was Thwarted Primarily at Defendant's Initiative or by Events Beyond Her Control.

Discovery must be "commenced promptly, pursued diligently and completed without unnecessary delay and within 6 months of the filing of the answer <u>unless for cause shown the time has been extended or shortened by court order</u>." *Jack Eckerd Drug Co. v. Covington*, 183 Ga. App. 164, 165 (1987) (emphasis added). Defendant accuses Plaintiff of lack of diligence and argues that, by the time of <u>one of</u> the agreed-upon 30(b)(6) deposition dates – November 18, 2022 – Plaintiff would have not had enough time for follow-up discovery. This ignores the fact that Plaintiff repeatedly, diligently attempted to schedule and take the 30(b)(6) deposition throughout the discovery period, but was thwarted – primarily at either Defendant's initiative or by events beyond Plaintiff's control:

2

1. On December 15, 2021, Plaintiff's counsel sent Defendant's counsel her proposed 30(b)(6) notice setting forth all the topics on which Defendant's corporate representative would be deposed. (Defendant's Response in Opposition, ¶ 4). However, Defendant's corporate representative would not be deposed until 1 year, 21 days later.

2. On February 25 and March 16, 2022, Plaintiff's counsel proposed **April 22, 2022** as a date for the 30(b)(6) deposition. (Plaintiff's Motion for Extension, Exh. 1, pp. 11 & 15[1]). However, on March 16, 2022, Defendant's counsel stated that Defendant's corporate representative was not available on that day. (*Id*. at pp. 10-11).

3. On March 17, 2022, the parties agreed to hold the 30(b)(6) deposition on **May 5, 2022**. (Plaintiff's Motion for Extension, Exh. 1, p. 9). However, the parties later agreed to stay all discovery in an attempt to mediate and resolve this matter. (Defendant's Response in Opposition, ¶ 6). Mediation, held on June 15, 2022, was unsuccessful. (*Id*.).

4. The day of the unsuccessful mediation [June 15, 2022], Plaintiff's counsel proposed a plethora of potential dates for the 30(b)(6) deposition – **July 12, 14, 26, 28, or 29…or August 2, 5, 9, or 11, 2022**. (Plaintiff's Motion for Extension, Exh. 1, pp. 7-8). However, Defendant's counsel responded that they (counsel) were not available for any of the proposed dates in July. (*Id*. at p. 7).

5. The parties ultimately agreed to hold the 30(b)(6) deposition on **August 9, 2022**. (Plaintiff's Motion for Extension, Exh. 1, p. 6; Defendant's Response in Opposition, ¶ 8). However, on August 5, 2022, Defendant filed a Motion for Protective Order. *See* (Docket in this case). Then, on August 8, 2022 – the day before the scheduled deposition – Defendant's counsel wrote that they "would prefer to hold off on the 30(b)(6) deposition until the court rules on our motion for protective order" and that they "would prefer" for their 30(b)(6) witness not be deposed more than once (once for the undisputed topics, then again if the Court ruled to allow the single disputed topic) because

---

[1] Plaintiff's Motion for Extension and the accompanying Exhibit 1 were filed as one document. Exhibit 1 is not marked with separate pagination. Therefore, **references to page numbers in Exhibit 1 will be references to the page number for the <u>entire</u> filing, including the Motion and Exhibit cover page**. In other words, the 3-page motion is "pp. 1-3." The Certificate of Service is "p. 4". The cover page of Exhibit 1 is "p. 5." The next page (1st page of an email chain) is "p. 6." And so forth until "p. 60."

of the witness's "busy schedule." (Plaintiff's Motion for Extension, Exh. 1, p. 30). Plaintiff's counsel resisted – noting that he was not willing to put off the entire deposition because of a single disputed topic. (*Id*. at pp. 27-29). Ultimately, however, Plaintiff's counsel was convinced to accept the rescheduling because Defendant's counsel pointed out that discovery did not end until November 30 and wrote, "I don't think there's any urgency." (*Id*.).

6. The parties then agreed to hold the 30(b)(6) deposition on **September 29, 2022**. (Plaintiff's Motion for Extension, Exh. 1, p. 22). However, on September 23, Defendant's counsel again pushed to reschedule the deposition until after this Court's hearing on the Motion for Protective Order, so that their corporate representative would not be inconvenienced from his "busy schedule." (*Id*. at pp. 42-43). On September 26, Defendant's counsel told Plaintiff's counsel that the 30(b)(6) deposition would need to be rescheduled due to an impending hurricane in Florida, where the witness lived. (*Id*. at p. 41).

7. That same day, Plaintiff's counsel proposed **October 21, 2022** for the 30(b)(6) deposition. (Plaintiff's Motion for Extension, Exh. 1, p. 40). Unfortunately, on October 6, 2022, Defendant's counsel said the corporate representative was not available on October 21. (*Id*. at pp. 38-39).

8. The Parties ultimately agreed to hold the deposition on **November 4, 2022**. (Defendant's Response in Opposition, ¶ 10). However, Plaintiff's counsel fell ill on that day and was unable to take the deposition. (Plaintiff's Motion for Extension, Exh. 1, p. 44).

9. After the above postponement for counsel's illness, the Parties agreed to hold the 30(b)(6) deposition on **November 18, 2022**. (Defendant's Response in Opposition, ¶ 11). However, Defendant's counsel told Plaintiff's counsel on November 16, 2022 they had to reschedule because Defendant's corporate representative had contracted COVID-19. (Plaintiff's Motion for Extension, Exh. 1, pp. 57-58).

10. The Parties finally agreed to and held the 30(b)(6) deposition on **January 5, 2023**.

As shown above, Plaintiff's counsel tried to schedule and hold the 30(b)(6) deposition eight (8) times over the course of approximately seven (7) months.[2] Defendant cannot reasonably argue that Plaintiff's counsel has not been diligent in attempting to conduct the deposition during the discovery period. However, each attempt was thwarted either by the unavailability of Defendant's witness, by an attempted mediation, by Defendant's counsel's insistence that the Motion for Protective Order (over one 30(b)(6) topic) be resolved first, or by circumstances outside of Plaintiff's counsel's control (i.e. hurricanes, illness of counsel or the witness).

Moreover, Defendant's argument that Plaintiff should not be allowed additional time to conduct follow-up discovery (because there would have been less than two weeks from the November 18 planned deposition and the November 30 discovery cutoff date) unreasonably focuses only on one of the planned deposition dates. But, as shown above, Plaintiff's counsel had proposed or agreed to seven (7) different deposition dates before that one – all of which were rejected or postponed. There is no reason to treat the November 18 date as the starting point for measuring how much time Plaintiff would have had to conduct follow-up discovery after the

---

[2] There appears to have also been 2-3 times when Defendant's counsel proposed dates on which Plaintiff's counsel was unavailable. However, this does not change the conclusion that Plaintiff was diligent in her attempts to conduct the 30(b)(6) deposition earlier in the discovery period – given the plethora of attempts by Plaintiff's counsel to do so that are documented above.

30(b)(6). It would be equally reasonable, for instance, to measure from the September 29 scheduled deposition (that was postponed due to a hurricane) – which was 62 days before the November 30 discovery cutoff date.

### b. Plaintiff Has the Right to Use the Method – and Sequence of Methods – of Discovery Her Counsel Believes is Most Effective, and Defendant May Not Dictate Methods or Sequence Plaintiff Uses.

Defendant argues that Plaintiff could have obtained the information she sought through a 30(b)(6) deposition using written discovery requests. However, the law is clear that each party is the master of its claim and has the right to choose the method and sequence of discovery it believes will be most effective. O.C.G.A. § 9-11-26(a) lists all the methods by which parties may obtain discovery: "[1] depositions upon oral examination or written questions; [2] written interrogatories; [3] production of documents or things or permission to enter upon land or other property for inspection and other purposes; [4] physical and mental examinations; and [5] requests for admission." The law further provides that, "[u]nless the court, upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence." O.C.G.A. § 9-11-26(d).

Thus, if Plaintiff's counsel believes that 30(b)(6) deposition re: the identity of potential witnesses – rather than written discovery responses crafted by opposing counsel – followed by additional discovery into those witnesses is the sequence of

discovery methods most likely to obtain the requested information, he has the right to utilize that sequence of methods. As one federal court in Georgia noted, "Producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent. . . . [T]he two forms are not equivalent, and depositions provide a more complete means to obtain information, and are, therefore, favored." *FDIC v. Hutchins*, No. 1:11-CV-1622-AT, 2013 U.S. Dist. LEXIS 197374, at *11 (N.D. Ga. Oct. 25, 2013).

The Federal Rules of Civil Procedure similarly provide that "methods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(3)(A). Federal cases interpreting that provision are, therefore, instructive in understanding the meaning of the Georgia state statutory provision. One Georgia-based federal court's interpretation of that provision is especially apropos: "[i]t is of no consequence that [another discovery tool] may be the more appropriate route to obtain the information as nothing precludes a deposition either in lieu of or in conjunction with [other tools]." *Hutchins*, 2013 U.S. Dist. LEXIS 197374 at *14. *See also Veolia Water N. Am. Operations Servs., LLC v. SSAB Ala., Inc.*, No. 2:15-cv-02073-JEO, 2018 U.S. Dist. LEXIS 229098, at *5 (N.D. Ala. July 31, 2018) (same).

### c. Plaintiff Attempted an Alternative Means of Discovery, but was Thwarted by Defendant's Counsel.

On November 17, 2022 – the day after Defendant's counsel cancelled the November 18 deposition due to the witness's illness – Defendant's counsel proposed

sending a list of employees who worked near Chester Morris to Plaintiff's counsel the next day. *See* (Exhibit A[3], filed herewith). Plaintiff's counsel immediately accepted. (*Id.*). If Plaintiff had been provided such a list with sufficient time before the close of discovery, her counsel could have contacted those witnesses or otherwise conducted discovery into them – and whether they had witnessed any sexual harassment.

However, later on November 17, Defendant's counsel reneged on his offer to provide the list of employees, saying he would only send it at that time if Plaintiff's counsel agreed to a proposed discovery extension <u>solely</u> for the purpose of conducting the 30(b)(6) deposition (otherwise he would retain it until the January 5, 2023 30(b)(6) deposition). (*Id.*). Of course, agreeing to such a condition would mean that Plaintiff's counsel would have very little time to investigate/conduct discovery into the newly identified witnesses. Plaintiff's counsel, of course, could not accept such a condition. (*Id.*). Thus, Defendant's counsel only turned over the list on January 5, 2023 – the day of the 30(b)(6) deposition. *See* (Exhibit B[4], filed herewith).

In other words, Plaintiff attempted an alternative method of discovery, just as Defendant insists she should have done. But Defendant's resistance thwarted even

---

[3] Exhibit A consists of further email correspondence among counsel in this case on November 17 & 18, 2022.
[4] Exhibit B consists of an email from Defendant's counsel to Plaintiff's counsel attaching, *inter alia*, the employee list discussed above. The email is sent on January 5, 2023.

that limited discovery. Thus, even if the court allows Defendant to argue Plaintiff should have considered other methods of discovery, the evidence shows that Plaintiff did exactly that. Defendant should not now prevail based on argument that Plaintiff should have tried some of the very methods <u>Defendant</u> thwarted.

## IV.    CONCLUSION

For the reasons set forth above and in Plaintiff's initial Motion, Plaintiff respectfully requests that the Court extend discovery to 60 days after the Court issues an Order in this matter. Plaintiff further requests that the Court conduct a hearing on the matter.

Respectfully submitted this 26th day of January, 2023.

**BARRETT & FARAHANY**

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
matt@justiceatwork.com

*Counsel for Plaintiff*

# EXHIBIT A

| | |
|---|---|
| **From:** | Duffield, Todd C. |
| **To:** | Matthew Billips |
| **Cc:** | Thomas, Jessica H.; Diana L. Howe; Krouse, Katherine (Katie) H.; Porcha Anthony Davis |
| **Subject:** | RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition |
| **Date:** | Friday, November 18, 2022 11:03:32 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image008.png |
| | image009.png |
| | image010.png |

---

**EXTERNAL**

Understood.  We will wait for your motion to be filed and will respond accordingly.  Thanks.

**Todd C. Duffield | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Friday, November 18, 2022 10:57 AM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

---

**[Caution: Email received from external source]**

---

Todd,

We aren't willing to agree that the extension would only be for limited purposes.  If you aren't willing to provide the information now, then we will have to ask for an extension that provides us with sufficient post deposition discovery time to permit us to do follow up discovery.

Matt

## Matthew Billips

Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us: 

Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.

CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.

---

**From:** Duffield, Todd C. <todd.duffield@ogletree.com>
**Sent:** Thursday, November 17, 2022 3:37 PM
**To:** Matthew Billips <matt@justiceatwork.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

---

**EXTERNAL**

Matt – We are agreeing to extend discovery until January 9 for the sole purpose of taking this final deposition.  If that is your understanding as well, then we will provide the list of employees to you tomorrow.  If you are seeking the discovery extension for any other purpose, then we will provide the employee list at the 30(b)(6) deposition as originally contemplated.  Please let us know if we are in agreement and please prepare a joint motion for our review.

Thanks,
Todd

**Todd C. Duffield | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Thursday, November 17, 2022 3:08 PM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H.
<Katie.Krouse@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

> **[Caution: Email received from external source]**

Very good.  If you can send over that list of employees, we will contact the Court Reporter and reschedule.  I assume we will be doing the deposition remotely.

## Matthew Billips

Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us: 

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Duffield, Todd C. <todd.duffield@ogletree.com>
**Sent:** Thursday, November 17, 2022 3:06 PM
**To:** Matthew Billips <matt@justiceatwork.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H.
<Katie.Krouse@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

> **EXTERNAL**

Yes.

**Todd C. Duffield | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Thursday, November 17, 2022 3:01 PM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H.
<Katie.Krouse@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

> **[Caution: Email received from external source]**

Todd,

I suggest that we extend it until January 9th, which is the following Monday, so that we can have an opportunity to determine if there is a need to move to compel discovery following the deposition.  Will you agree to that date?

## Matthew Billips

Partner/Managing Attorney, Trial Practice Group

Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| USPS Mail | Carrier Mail & Packages |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us: 

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

---

**From:** Duffield, Todd C. <todd.duffield@ogletree.com>
**Sent:** Thursday, November 17, 2022 2:59 PM
**To:** Matthew Billips <matt@justiceatwork.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

EXTERNAL

Of course.  We can agree to extend discovery until January 5.  If you schedule changes and you want to take the 30(b)(6) deposition on either of the other dates we have offered, just let us know.

**Todd C. Duffield | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Thursday, November 17, 2022 2:35 PM
**To:** Duffield, Todd C. <todd.duffield@ogletree.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** Re: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

*[Caution: Email received from external source]*

---

I'm available January 5th, but we will still need to extend discovery.

## Matthew Billips

Partner/Managing Attorney, Trial Practice Group

Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| USPS Mail | Carrier Mail & Packages |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |



Follow Us:

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

On Nov 17, 2022, at 2:33 PM, Duffield, Todd C. <todd.duffield@ogletree.com> wrote:

**EXTERNAL**

Matt,
In addition the two other dates we have already offered, we can also offer January 5 for the 30(b)(6) deposition.  If this date does not work for you, then it probably makes sense to wait until the court decides your motion to extend discovery before looking at any additional dates.

**Todd C. Duffield | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Thursday, November 17, 2022 12:04 PM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

**[Caution: Email received from external source]**

Todd,

Please send that list over, as that will help in some respects.

However, as you know, I am not available on either November 30 or December 14th.  Given that Mr. Specht has Covid, I doubt you are in a position to tell me that he would be able to appear on either date at this point.  As you also already know, my first availability is December 23rd.

I will take your word for it that Mr. Specht is not going to appear and that your client will not designate an alternative representative.  As a result, we do not anticipate appearing on that date.

We will move forward with a motion to extend discovery, in that discovery is closing and we do not have an agreed on date for the deposition.  If necessary, we will move to compel the deposition as well.

## Matthew Billips
Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
| --- | --- |
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Duffield, Todd C. <todd.duffield@ogletree.com>
**Sent:** Thursday, November 17, 2022 11:55 AM
**To:** Matthew Billips <matt@justiceatwork.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

**EXTERNAL**

Matt,

As we have already informed you, David Specht has contracted COVID and he is unavailable for the deposition tomorrow.  If you choose to appear after having received notice that we will not be attending, we doubt the Court will grant you your attorneys' fees (especially given the fact that we recently attended Plaintiff's deposition, waited for a couple hours only for her not to show up without prior notice to us, and we did not seek our attorneys' fees from you).  We do not intend to seek a protective order as we think it is unnecessary under the circumstances.

We have proposed a three week extension of discovery to accommodate this final deposition and have offered November 30 (a day you previously said you were available) for the deposition.  Mr. Specht can also be available on December 14.  If your concern is about getting the list of employees who worked with Mr. Morris, we are willing to provide that list to you tomorrow (the day you would have received the information had the deposition taken place as scheduled).

Please let us know if you want to schedule the 30(b)(6) deposition on November 30 or December 14.

**Todd C. Duffield | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Thursday, November 17, 2022 11:23 AM
**To:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

**[Caution: Email received from external source]**

---

Todd,

Please let us know if you intend to move for a protective order regarding tomorrow's deposition.  Otherwise, we will attend the deposition and will seek attorneys' fees if the witness does not appear.

Thanks,

Matt

## Matthew Billips

Partner/Managing Attorney, Trial Practice Group

Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:   _  _  _  _

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

---

**From:** Duffield, Todd C. <todd.duffield@ogletree.com>
**Sent:** Thursday, November 17, 2022 10:45 AM
**To:** Matthew Billips <matt@justiceatwork.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

**EXTERNAL**

Matt,

We have been extremely accommodating of your schedule and your client's numerous issues but this is getting out of hand.  On our end, we have shuffled schedules to cover for each other, if needed.  Can you not find a colleague who is available to take this deposition in the month of December?

Because it is your schedule, not the witness's schedule or our schedule that is prohibiting you from taking the deposition before January, you will need to file a motion with the Court, which we will oppose.

Finally, as far as prejudicing your client's case, it was you who choose to seek information about the identity of the employees who worked closely with Morris via a 30(b)(6) deposition, as opposed to an interrogatory or document request, so that is how you will receive it.

**Todd C. Duffield | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1701 | Mobile: 770-862-7141
todd.duffield@ogletree.com | www.ogletree.com | Bio

---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Thursday, November 17, 2022 10:36 AM
**To:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

[Caution: Email received from external source]

Jessica,

We've looked at my calendar and I don't have any availability to take this deposition before the proposed December 21, 2022 cut off.  I also doubt that you have obtained Mr. Specht's availability, particularly given his current illness.  As a result, we are looking into January already, so it may be that 60 days is not enough time.


## Matthew Billips
Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:  _ _ _ _

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Thomas, Jessica H. <jessica.thomas@ogletree.com>
**Sent:** Thursday, November 17, 2022 10:11 AM
**To:** Matthew Billips <matt@justiceatwork.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

EXTERNAL

Matt-

The deposition was scheduled for tomorrow (November 18), and the current discovery cut-off is November 30. So, a deposition in early December with a December 21 discovery deadline would give you the same amount of time, or more, to conduct discovery than you would have under the current deadlines. Also, to the extent that something particular comes up from the 30(b)(6) deposition that you need to conduct additional discovery on, we can agree to discuss it at that time.

We are not trying to be unreasonable, but we just don't see the need for a two-month extension at this time.

Thanks,

Jessica

Jessica H. Thomas | Ogletree Deakins
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Thursday, November 17, 2022 10:01 AM
**To:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Diana L. Howe <diana@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

[Caution: Email received from external source]

Jessica,

21 days is not sufficient.  Due to the delay in taking the 30(b)(6) deposition, we will need additional time after that deposition for the deposition to suit its intended purpose.  I believe the judge would grant an opposed motion to extend discover, if necessary, particularly given how long we've been trying to schedule that deposition.

Please let us know if you will reconsider and consent to the extension.  If not, we will file a motion.

Thanks,

Matt

**From:** Thomas, Jessica H.
**Sent:** Thursday, November 17, 2022 9:57 AM
**To:** Diana L. Howe; Matthew Billips; Krouse, Katherine (Katie) H.
**Cc:** Duffield, Todd C.; Porcha Anthony Davis
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

> **EXTERNAL**

Good morning Diana-

We agree to an extension, but we don't think 60 days will be needed. We can agree to a 21-day extension from the current November 30 discovery cut-off date. That would make December 21, 2022 the new discovery cut-off date.

Please let me know if this will work, and I can send a draft joint motion.

Thanks,

Jessica

**Jessica H. Thomas | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

# Matthew Billips

*Partner/Managing Attorney, Trial Practice Group*
Direct: (470) 284-7265 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:    –  –  –  –

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Wednesday, November 16, 2022 3:59 PM
**To:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H.
<Katie.Krouse@ogletreedeakins.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

> **[Caution: Email received from external source]**

<image012.png>
Good afternoon –

Of course, I hope Mr. Specht feels better soon.

Unfortunately, Matt is no longer available on November 30th.  He proposes extending discovery for another 60 days in order to both reschedule the 30(b)(6) and also address any other issues that may arise out of that deposition.  Please advise on Defendant's position.

Thanks,
Diana

# Diana L. Howe

*She/Her*
*Managing Paralegal*
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:    –  –  –  –

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Thomas, Jessica H. <jessica.thomas@ogletree.com>
**Sent:** Wednesday, November 16, 2022 2:48 PM
**To:** Diana L. Howe <diana@justiceatwork.com>; Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - 30(b)(6) Deposition

| EXTERNAL |
|---|

Good afternoon-

I just heard from David Specht, our 30(b)(6) witness. He has covid-19, so we will need to re-schedule the 30(b)(6) deposition that was supposed to take place on Friday.

You previously provided November 30 as an available date. That date tentatively works for us if you want to plan to reschedule it for that date.

Thanks,

Jessica

**Jessica H. Thomas | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Monday, November 14, 2022 1:47 PM
**To:** Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H. <Katie.Krouse@ogletreedeakins.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** RE: MT-231127 RE: Brown v. Fresh Express et al - Plaintiff's Medical Records [ODNSS-OGL.046160.000017]

| [Caution: Email received from external source] |
|---|

<image012.png>
Good afternoon –

Please find attached a supplemental production.

Thank you,
Diana

## Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

Follow Us:  _ _ _ _ _

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

**From:** Diana L. Howe <diana@justiceatwork.com>
**Sent:** Wednesday, September 21, 2022 2:02 PM
**To:** Matthew Billips <matt@justiceatwork.com>; Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Cc:** Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>; Porcha Anthony Davis <porcha@justiceatwork.com>
**Subject:** MT-231127 RE: Brown v. Fresh Express et al - Plaintiff's Medical Records [ODNSS-OGL.046160.000017]

Good afternoon –

Below is a link to the medical records from Shands and Orange Park Medical:

https://justiceatwork.sharefile.com/d-se7d6c65eab24439a854437269b2dfe4a

Thank you,
Diana

# Diana L. Howe

She/Her
Managing Paralegal
Direct: (404) 537-4169 | Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353-0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

‐
Follow Us:   ‐  ‐  ‐  ‐

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at diana@justiceatwork.com and/or call the sender at (404) 537-4169 and please delete the original and all copies of the message.*

---

**From:** Matthew Billips <matt@justiceatwork.com>
**Sent:** Monday, September 19, 2022 3:45 PM
**To:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** RE: Brown v. Fresh Express et al - Plaintiff's Medical Records [ODNSS-OGL.046160.000017]

I will check on the status of these records.

# Matthew Billips

Partner/Managing Attorney, Trial Practice Group
Direct: (470) 284-7265 | Main GA: (404) 214???0120 | Main AL: (205) 564???9005
Fax: (404) 214???0125 | Referrals: (404) 487???0912

Offices in GA and AL

| **USPS Mail** | **Carrier Mail & Packages** |
|---|---|
| P.O. Box 530092 | 1175 Northmeadow Pkwy #140 |
| Atlanta, Georgia 30353???0092 | MSC 530092 |
| | Roswell, Georgia 30076 |

‐
Follow Us:   ‐  ‐  ‐  ‐

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes an undertaking of representation or an expression of a binding legal opinion.*

*CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use, distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please immediately notify us by email at matt@justiceatwork.com and/or call the sender at (470) 284-7265 and please delete the original and all copies of the message.*

---

**From:** Krouse, Katherine (Katie) H. <katie.krouse@ogletree.com>
**Sent:** Monday, September 19, 2022 2:47 PM
**To:** Matthew Billips <matt@justiceatwork.com>
**Cc:** Diana L. Howe <diana@justiceatwork.com>; Thomas, Jessica H. <jessica.thomas@ogletreedeakins.com>; Duffield, Todd C. <todd.duffield@ogletreedeakins.com>
**Subject:** Brown v. Fresh Express et al - Plaintiff's Medical Records [ODNSS-OGL.046160.000017]

**EXTERNAL**

Matt,

I am following up on the status of Ms. Brown's medical records. In Ms. Brown's supplemental interrogatory responses she indicated that, in addition to receiving treatment at Anchor Hospital, she has received care at Shands at UF Health, Orange Park Medical Center, and Clay Behavioral Health. In the attached email, Grace told us that you all had requested these medical records and would have them by Friday, July 29 or Monday, August 1. Ms. Brown also said during her last deposition that she had received some additional medical records. To date, you have only produced records related to Ms. Brown's care at Anchor Hospital but have not produced medical records from the three facilities identified in Ms. Brown's supplemental interrogatory responses. As you know, Ms. Brown's deposition is scheduled for next Tuesday, September 27.

Please produce these records as soon as possible or let us know when you anticipate producing these records. Otherwise, we will file a motion to compel.

Thank you,
Katie

**Katie H. Krouse | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1743
katie.krouse@ogletree.com | www.ogletree.com | Bio

# EXHIBIT B

**Benjamin Stark**

| | |
|---|---|
| **From:** | Thomas, Jessica H. <jessica.thomas@ogletree.com> |
| **Sent:** | Thursday, January 5, 2023 9:55 AM |
| **To:** | Matthew Billips |
| **Cc:** | Duffield, Todd C.; Krouse, Katherine (Katie) H. |
| **Subject:** | Brown v. Fresh Express - 30(b)(6) Deposition Documents [ODNSS-OGL.046160.000017] |
| **Attachments:** | Fresh Express 30(b)(6) 000001-Fresh Express 30(b)(6) 000246.pdf |

> **EXTERNAL**

Matt-

Good morning. Company documents that Mr. Specht reviewed to prepare for the deposition and may refer to during his deposition are attached. You already have most of the documents. The employee list is also included in the attachment.

Thanks,

Jessica

**Jessica H. Thomas | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-260-1488
jessica.thomas@ogletree.com | www.ogletree.com | Bio

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN, | Civil Action No. |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS, INCORPORATED AND CHESTER D. MORRIS, JR., | |
| Defendants. | |

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
JAN 26, 2023 11:53 AM

Chanae Clemons, Clerk
Clayton County, Georgia

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing *Rely in Support of Plaintiff's Motion to Extend Discovery Period and Deadline for Dispositive Motions* which will automatically send email notification of such filing to the following attorneys of record:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Katherine H. Krouse
katie.krouse@ogletree.com
Jessica H. Thomas
jessica.thomas@ogletree.com

Respectfully submitted this 26th day of January, 2023.

**BARRETT & FARAHANY**

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

10

🖳 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
**Jewel Scott**
**JAN 26, 2023 06:33 PM**

Chanae Clemons, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' SUPPLEMENTAL RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO EXTEND DISCOVERY PERIOD AND**
**DEADLINE FOR DISPOSITIVE MOTIONS**

Defendants Fresh Express Incorporated ("Fresh Express") and Chester Morris, Jr. ("Morris") hereby file this Supplemental Response in Opposition to Plaintiff Angelica Brown's Motion to Extend Discovery Period and Deadline for Dispositive Motions ("Plaintiff's Motion"). Defendants file this motion for the sole purpose of updating the Court as to discovery that has taken place since the previous submissions.

1.   On November 28, 2022, Plaintiff filed her Motion, seeking an extension of discovery through and including February 10, 2023, so that she can take the deposition of Fresh Express's corporate representative and conduct "additional follow up discovery, potentially including written discovery on the Defendant and third-party requests for production and potentially depositions." (Plaintiff's Motion, ¶ 7.)

2.   Defendants responded on December 28, 2022, opposing Plaintiff's motion.

3.   As stated in Defendants Response, Defendants opposed the motion in part because the only remaining discovery was the deposition of Defendant Fresh Express' corporate witness and all other discovery could have been sought during the discovery period. The deposition of the corporate witness took place on January 5, 2023.

4.  Following the deposition, Defendants produced an updated map of the cameras in the facility and provided the identity of Fresh Express' Safety Manager, as requested by Plaintiff during the deposition.

5.  To date, twenty-one (21) days have passed since Plaintiff deposed Defendant Fresh Express' corporate witness on January 5.

6.  Previously, the deposition of the corporate witness was scheduled to take place on November 18, 2022, and discovery was scheduled to close on November 30, 2022—twelve days later. Accordingly, more time has elapsed since the January 5 deposition than would have remained in discovery under the prior deadlines. Moreover, Plaintiff's counsel has not contacted Defendants to seek any additional discovery in the three weeks that have passed since the deposition.

7.  Thus, Defendants believe that Plaintiff has had a reasonable opportunity to conduct all needed discovery and that the Court should deny the motion to extend discovery.

Respectfully submitted this 26th day of January, 2023.

/s/Jessica H. Thomas
Todd C. Duffield
Georgia Bar No. 141905
Jessica H. Thomas
Georgia Bar No. 704970
Katherine H. Krouse
Georgia Bar No. 514298
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: (404) 881-1300
Facsimile:  (404) 870-1732
todd.duffield@ogletree.com
jessica.thomas@ogletree.com
katie.krouse@ogletree.com
*Attorneys for Defendants*

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
**JAN 26, 2023 06:33 PM**

Chanae Clemons, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of January, 2023, a complete copy of the foregoing

DEFENDANTS' SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFF'S

MOTION TO EXTEND DISCOVERY PERIOD AND DEADLINE FOR DISPOSITIVE

MOTIONS was served on the following counsel of record using the Court's e-file system, which

will automatically serve all counsel of record:

<div align="center">

Matthew C. Billips
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com

</div>

<div align="center">

*/s/Jessica H. Thomas*
Jessica H. Thomas
Georgia Bar No. 704970

</div>

🖳 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
FEB 09, 2023 04:51 PM

Chanae Clemons, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2021CV03786-14 |
| v. | ) | |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY AND REQUEST FOR HEARING

In response to Plaintiff Angelica Brown's Reply Brief, Defendants Fresh Express Inc. and Chester Morris (collectively, "Defendants") state the following:

Defendants dispute Plaintiff's characterization of the discovery that has taken place and dispute Plaintiff's suggestion that the parties have not had ample time to complete all needed discovery. Regardless, Defendants agree that a hearing is necessary to resolve the issue. Thus, Defendants also request a hearing on Plaintiff's Motion to Extend Discovery.

Respectfully submitted this 9th day of February, 2023.

/s/Jessica H. Thomas
Todd C. Duffield
Georgia Bar No. 141905
Jessica H. Thomas
Georgia Bar No. 704970
Katherine H. Krouse
Georgia Bar No. 514298

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: (404) 881-1300
Facsimile:  (404) 870-1732
todd.duffield@ogletree.com
jessica.thomas@ogletree.com
katie.krouse@ogletree.com
*Attorneys for Defendants*

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**

Jewel Scott
FEB 09, 2023 04:51 PM

Chanae Clemons, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANGELICA BROWN, | ) | Civil Action No. 2021CV03786-14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| FRESH EXPRESS INCORPORATED and | ) | |
| DARREN LNU, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2023, a complete copy of the foregoing

DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY AND REQUEST FOR HEARING was

served on the following counsel of record using the Court's e-file system, which will automatically

serve all counsel of record:

Matthew C. Billips
BARRETT & FARAHANY
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com

*/s/Jessica H. Thomas*
Jessica H. Thomas
Georgia Bar No. 704970

- 3 -

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
MAR 14, 2023 09:42 AM

Chanae Clemons, Clerk
Clayton County, Georgia

To:     All Judges, Clerk of Court and Counsel of Record

From:  Matthew C. Billips

Re:     Notice of Leave of Absence

Date:  March 14, 2023

---

## NOTICE OF LEAVE OF ABSENCE

COMES NOW, Matthew C. Billips, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Superior Court Rule 16.

The period of leave during which Matthew C. Billips will be away from the practice of law is as follows:

**March 13-31, 2023 (surgery and related recovery)**

All affected judges and opposing counsel shall have ten days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

Respectfully submitted,

**BARRETT & FARAHANY**

*/s/ Matthew C. Billips*
Matthew C. Bilips
Georgia Bar No. 057110

*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
matt@justiceatwork.com

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
**Jewel Scott**
**MAR 14, 2023 09:42 AM**

Chanae Clemens, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

ANGELICA BROWN

    Plaintiff,

v.

FRESH EXPRESS INCORPORATED and
DARREN LNU,

    Defendants.

Civil Action No.: _____

JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing *Notice of Leave of Absence,* which will send a copy to all counsel of record via electronic mail.

Respectfully submitted the 14th day of March, 2023.

        **BARRETT & FARAHANY**

        */s/ Matthew C. Billips*
        Matthew C. Billips
        Georgia Bar No. 057110

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
**Jewel Scott**
APR 18, 2023 04:20 PM

Chanae Clemons, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGELICA BROWN | Civil Action No.: |
| Plaintiff, | 2021CV03786-14 |
| v. | JURY TRIAL DEMANDED |
| FRESH EXPRESS INCORPORATED and CHESTER D. MORRIS, JR., | |
| Defendants. | |

### AMENDED COMPLAINT FOR DAMAGES

COMES NOW Angelica Brown ("Plaintiff"), by and through her undersigned counsel, and files this Complaint against Defendants Fresh Express Incorporated, ("Defendant" or "Fresh Express") and Defendant Morris ("Defendant" or "Morris ") (collectively referred to as "Defendants") showing the Court as follows:

### JURISDICTION AND VENUE

1.

The unlawful employment practices alleged in this Complaint were committed within this County and Defendant does business within Clayton County. Venue is, therefore, appropriate in this Court.

### PARTIES

2.

Plaintiff is a female citizen of the United States of America and a resident of Georgia and is subject to the jurisdiction of this Court.

3.

Defendant Fresh Express Incorporated is a Foreign Profit Corporation doing business in the State of Georgia and within Clayton County, and at all times material hereto has conducted business within this jurisdiction and venue.

4.

Plaintiff was jointly employed by Signature Staffing, LLC and, by contract between Signature Staffing Fresh Express, Incorporated, was in fact an employee of Fresh Express, assigned to work at from January 2021 until June of 2021 at Fresh Express, Inc. at its location at 1361 Southern Road, Morrow, GA  30260.

5.

Although her nominal employer was Signature Staffing, Defendant Fresh Express determined what work she was to perform, when she would work, who would supervise that work, and exercised day to day control over her duties as an employee.

6.

Defendant Chester D. Morris, Jr. is a resident of the United States of America and the State of Georgia, was an employee of Fresh Express, Inc., and held a supervisory relationship as a floor lead over Plaintiff during the majority of her assignment at Fresh Express.  He introduced himself to Plaintiff as "Morris " and did not state his last name.

7.

Fresh Express has been properly served with process. Defendant Fresh Express will be served with a copy of this Amended Complaint through service on its counsel of record.

8.

Chester D. Morris, Jr. was properly served with process.  Defendant Morris will be served with a copy of this Amended Complaint through service on its counsel of record.

## FACTUAL ALLEGATIONS

9.

Plaintiff is neither the first nor the last female employee at Defendant Fresh Express' Morrow location who has been sexually harassed and retaliated against by Defendant.

10.

Throughout all times relevant to this lawsuit and unknown to Plaintiff, Defendant Fresh Express was a Defendant in this Court in the matter of Barbara Johnson v. Fresh Express and Darian Grimes, Clayton County Superior Court, Civil Action File No. 2020cv02055-13.

11.

As a result of Mr. Morris' sexual harassment and Fresh Express's failure to take action, Plaintiff has suffered damages, including mental and emotional suffering caused by Defendants' misconduct.

12.

Plaintiff began working at Defendant Fresh Express's Morrow Location in January of 2021.

13.

Prior to February 24, 2021, Defendant Morris , who had not yet introduced himself to Plaintiff, would greet Plaintiff by saying "Hi beautiful" or "Hi sexy."

14.

Within approximately a month of Plaintiff beginning to work at Fresh Express, on or about February 24, 2021, Defendant Morris approached her while she was working on the line and introduced himself by his first name only.

15.

Defendant Morris told Plaintiff that one of her co-workers would relieve her in 30 minutes and bring her to him.  Because Defendant Morris was a supervisor, Plaintiff did not protest, believing that it was work-related.

16.

Within 30 minutes, a co-worker relieved her and told her where to go to meet Defendant Morris .

17.

By his actions, Defendant Morris demonstrated that he had sufficient authority that he could remove Plaintiff from work on a whim.

18.

To Plaintiff's surprise, Defendant Morris had obtained food for her, and it became apparent that he was intending a social encounter.  Plaintiff objected and told him that she did not want him to buy food for her or remove her from her work area.

19.

Defendant Morris ignored her and told a co-worker known as Ube (who was known to sell snacks and other merchandise from the trunk of his car) to give Plaintiff whatever she wanted from the trunk of his car, in an apparent bid to impress Plaintiff.

20.

Beginning after Defendant Morris introduced himself to Plaintiff on or about February 24, 2021, Defendant Morris dramatically escalated his sexually harassing behavior and tortious conduct.

21.

Defendant Morris began making overt and grotesquely sexual statements and advances, including saying things such as, "I would eat your pussy so good," "Let me taste both of your lips," "Once you have me, you won't want to leave me alone," "Why do you talk to men that can't do what I can do for you?," "You are so sexy," "You couldn't handle me," "I would tear your pussy up," "I would eat you so good,"  and "I bet you taste as good as you look" while Plaintiff was working.  Plaintiff objected to his statements and conduct, but he continued.

22.

Defendant Morris propositioned Plaintiff regularly while she was working at Fresh Express.

23.

One evening, on or about March 25, 2021, Plaintiff got off of work at 3:00 a.m. and was waiting on her ride to take her to her residence.  Defendant Morris was waiting for her and ordered her to get in his car.

24.

When Plaintiff objected, Mr. Morris told her to get in the car and that they were just going up to QuikTrip.

25.

After Plaintiff was ordered into the car, Defendant almost immediately began telling Plaintiff he wanted to have sex with her.  She objected, but he ignored her.

26.

When they got to the QuikTrip, Defendant Morris went inside and bought cigarettes and a drink.

27.

When Defendant Morris returned to the car, he came to the passenger side door, opened it, and forcibly kissed Plaintiff against her will.

28.

Plaintiff pushed him away and asked him to stop.

29.

He got back in the car and drove Plaintiff back to where she had been waiting.  She told him that he had to stop, that she did not want him doing that kind of thing, and he said that Plaintiff "was going to want to mess with me.  Trust me, you're going to want to."  Plaintiff continued to reject him.

30.

Defendant Morris continued to harass Plaintiff and, after she continued to rejected him, told Plaintiff that if she reported him, he would kill her.

31.

Defendant Morris' continuing harassment and threats did not stop until on or about April 1, 2021, when Plaintiff moved to a different department where her hours were reduced and Defendant Morris was no longer her manager/floor lead.

32.

On or about April 25, 2021, Plaintiff complained to Signature Contingent Management about the harassment and notified Fresh Express on or about April 26, 2021.

33.

Defendant Morris called Plaintiff from a private number and threatened her "I know you've been talking, but I will have you all up in and through that office!  Don't try me."

34.

Additionally, Defendant Morris asked a co-worker for Viagra or "dick hard pills" and was witnessed asking other female co-workers for sex and physically rubbing up against them with his body.

35.

When Signature Contingent Staffing learned of this harassment, it launched a full investigation and found that Defendant Morris had harassed multiple female employees, particularly those women who were most vulnerable as a result of being in a rehab program such as the one Plaintiff was in.

36.

As a result of Signature's investigation and conclusion that Defendants had sexually harassed Plaintiff, Defendant Signature terminated its contract with Defendant Fresh Express.

37.

As stated in a May 25, 2021 email to Signature from Defendant Fresh Express, employees who had worked more than 520 hours at the time of the termination of the contract between Signature and Defendant Fresh Express were eligible to be and should have been transitioned to continue working as an employee of Defendant Fresh Express.

38.

As of May 25, 2021, Plaintiff had worked more than 520 hours for Defendant Fresh Express, but was not transitioned to employment with Fresh Express.

39.

Defendant Fresh Express' refused to offer Plaintiff continued employment because Plaintiff had complained of sexual harassment.

40.

Defendant Fresh Express provided no training on sexual harassment to any of its employees.

41.

Defendant Fresh Express maintains a hostile work environment where sexual harassment, assault, and workplace violence are tolerated and ignored by management.

42.

Defendant Fresh Express, in addition to sexual harassment, maintains an unsafe work environment for its employees where employees are not allowed to go the bathroom, people pull knives on the work floor, and employees are punched in the face without remedy.

43.

Defendant Fresh Express knowingly allows its employees to buy and sell drugs in the workplace, which resulted in two employees dying of overdoses at the Morrow location.

44.

Several HR managers at the Morrow, Chicago, and Harrisburg locations left Fresh Express because they were forced to sweep things under the rug at the direction of upper management at Fresh Express. In addition to the poor work conditions and unbeknownst to Plaintiff, Fresh Express

has an extensive history of knowingly allowing employees to sexually harass female employees and protecting its harasser employees, including Mr. Darian Grimes.

45.

Ms. Brown's allegations are strikingly similar to the allegations of Barbara Johnson.  Ms. Johnson alleged that Darian Grimes (hereinafter "Grimes" or "Mr. Grimes") sexually harassed her during her employment with Fresh Express and that Fresh Express subsequently retaliated against her.

46.

On information and belief, Mr. Grimes was a friend of Defendant Morris, at least during the time they worked together at Fresh Express.

47.

On information and belief, the following of the circumstances of Ms. Johnson's experience with Fresh Express:  On or around October 14, 2019, Mr. Grimes began to sexually harass Ms. Johnson. Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate physical contact, repeated sexual advances, and other offensive and harassing acts.  Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate physical contact, including hitting Plaintiff on the buttocks and intentionally bumping into her in a sexual manner. Mr. Grimes repeatedly subjected Ms. Johnson to unwanted and inappropriate sexual comments. Mr. Grimes also told other employees of Fresh Express that he was having sex with Ms. Johnson, which was not true.  Mr. Grimes subjected Ms. Johnson to unwanted and inappropriate sexual advances, including the aforementioned comments and sexual touching and repeatedly followed Ms. Johnson to her car. On or around November 29, 2019, Ms. Johnson complained to Fresh Express' Human Resources Department that Mr. Morris was sexually harassing her.  On January 28, 2020, Ms. Johnson's

Manager, David Williams, told her that he had not seen the statements she made to HR regarding the sexual harassment she was experiencing. Fresh Express's only response to Ms. Johnson's complaints was to separate her and Mr. Grimes for a single week by having Ms. Johnson work in the computer lab.  After one week, Fresh Express had Ms. Johnson return to work on the floor on the same lines as Mr. Grimes. Mr. Grimes resumed his sexual harassment of Ms. Johnson. On March 4, 2020, Ms. Johnson again complained to HR that Mr. Grimes was sexually harassing her. Mr. Grimes continued to subject Ms. Johnson to unwanted and inappropriate physical contact by rubbing up against her. Ms. Johnson rejected all of Mr. Grimes' sexual advances and physical harassment. On March 5, 2020, the day after she complained to HR about the sexual harassment, Ms. Johnson was terminated by Fresh Express. Fresh Express terminated Ms. Johnson because she complained about Grime's inappropriate comments and offensive touching.

48.

The tortious conduct alleged herein by Ms. Brown, occurred during the midst of the lawsuit brought by Ms. Johnson, yet Defendant took no corrective or remedial action with respect to either case.  In fact, Defendant did nothing to ensure that it provided a work place free from sexual harassment and ignored an environment permeated with sexual harassment and abuse.

49.

On information and belief, Rahinah Hill experienced similar sexual harassment by Defendant after Ms. Brown was terminated, as follows:  Ms. Hill was employed by Defendant from on or about August 18, 2021, until on or about June 3, 2022.   For a lengthy period of time, prior to her termination in June 2022, Plaintiff was sexually harassed by her line leader, Ralph Sims. Mr. Sims' sexual harassment included lude comments and he also grabbed Plaintiff's buttocks.  Ms. Hill rejected Mr. Sims' advances and ignored him at work as much as possible. As

a result, Mr. Sims began retaliating against Ms. Hill for rejecting his advances. In particular, it was apparent that Mr. Sims was trying to get Ms. Hill terminated without cause.  On or about May 5, 2022, Ms. Hill complained Defendant's Human Resources Department, in writing about Mr. Sims' sexual harassment and retaliation, and explained the history of his sexual harassment.  On or about June 3, 2022, Plaintiff was terminated.

50.

The tortious conduct alleged by Ms. Hill began after Ms. Brown had filed a Charge of discrimination with the EEOC and after and during lawsuits brought by Ms. Johnson and Ms. Brown, yet Defendant took no corrective or remedial action with respect to any of these matters. In fact, Defendant did nothing to ensure that it provided a work place free from sexual harassment and ignored an environment permeated with sexual harassment and abuse.

## CLAIMS FOR RELIEF

### COUNT ONE:
### NEGLIGENT FAILURE TO PREVENT SEXUAL HARASSMENT

51.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

52.

Defendant Fresh Express had a duty to Ms. Brown to prevent sexual harassment in the workplace, which sexual harassment included unwanted touchings, sexual advances, and other similar conduct.

53.

By virtue of the aforementioned conduct by Defendant Morris, Defendant Fresh Express's deliberate and intentional toleration of sexual harassment, and the failure of Defendant Fresh

Express to prevent sexual harassment, Defendants failed to use ordinary care to prevent sexual harassment in the workplace, causing Plaintiff to be sexually harassed and/or sexually assaulted.

54.

The conduct of Defendants was consciously or recklessly indifferent to the inevitable or probable consequences of its conduct in failing to remedy the harassment.

55.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

56.

As a direct and proximate result of Defendant's actions, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

57.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable

58.

Defendants are thus liable to Plaintiff for damages to her peace, happiness, and feelings sustained as a result.

## COUNT TWO: NEGLIGENT AND WRONGFUL HIRING, SUPERVISION, AND RETENTION
### (Defendant Fresh Express)

59.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

12

60.

Fresh Express knew of Mr. Morris' sexually offensive conduct and battery upon Plaintiff.

61.

Fresh Express received actual notice of the sexual harassment and battery Plaintiff suffered when Plaintiff made multiple complaints to individuals in Fresh Express's Human Resources Department and when Plaintiff notified her Manager.

62.

Folloiwng Plaintiff's complaints, it was foreseeable that Mr. Morris would continue to engage in his sexual harassment and battery of Plaintiff.

63.

Fresh Express nonetheless failed and refused to act to protect Plaintiff from Morris' sexual harassment, battery, and threats to harm her if she continued to disclose his conduct.

64.

Fresh Express was willfully negligent in its supervising, and/or continuing the employment of Mr. Morris .

65.

By retaining Defendant Morris after it knew or should have known of his propensity to engage in sexual harassment and batteries of Plaintiff, Fresh Express breached its duty to Plaintiff to provide a working environment free from sexual harssment and batteries as required by Georgia law.

13

66.

As a result of Fresh Express's negligence, which was in reckless disregard for Plaintiff's health and safety, Plaintiff suffered mental anguish, loss of income, humiliation, and other indignities.

67.

Fresh Express was willfully negligent in its hiring, supervising, and/or continuing the employment of Mr. Morris.  As a result of said negligence, which was gross and in reckless disregard for Plaintiff's heath and safety, Plaintiff has suffered mental anguish, loss of income, humiliation, and other indignities.

68.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

69.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

70.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable under Title VII.

14

## COUNT THREE:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Fresh Express)

71.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

72.

Fresh Express allowed Plaintiff to be subjected to sexual harassment and battery and failed to take any corrective action.

73.

Fresh Express's failure to act caused Plaintiff to suffer continued abuse by her supervisor.

74.

Fresh Express intended to inflict severe emotional distress and knew that it was a high probability that sexual harassment and battery inflicted upon Plaintiff would do so.

75.

Fresh Express's inaction and conduct actually caused severe emotional distress to Plaintiff.

76.

Fresh Express set out to punish Plaintiff for her complaints of sexual harassment and battery and to deliberately retaliate against Plaintiff.

77.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

78.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

79.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable under Title VII.

80.

Fresh Express is liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.\

**COUNT FOUR: ASSAULT**
**(Defendant Morris )**

81.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

82.

On every occasion Ms. Brown was apprehensive of a potential battery from Defendant Morris , Defendant Morris committed an assault against Ms. Brown.

83.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

84.

As a direct and proximate result of Defendant's actions, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

85.

Plaintiff has suffered personal physical injuries and physical sickness as a result of this Defendant's actions

86.

Defendants are liable for all general and special damages proximately resulting from each assault of Ms. Brown.

## COUNT FIVE: BATTERY
### (Defendant Morris )

87.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

88.

Defendant Morris touched Plaintiff in an offensive manner without permission or other justification and, therefore, committed a battery.

89.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

90.

As a direct and proximate result of this Defendant's actions, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

91.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which this Defendant is liable

92.

Defendant Morris is liable for all general and special damages proximately resulting from the battery of Plaintiff.

## COUNT SIX:  FALSE IMPRISONMENT
### (Defendant Morris )

93.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

94.

Defendant Morris restrained Ms. Brown when he forced her to get in his car with him.

95.

Defendant Morris intended to keep Ms. Brown from leaving.

96.

Defendant Morris' restraint on Plaintiff was unlawful and caused fear, anxiety, and depression.

97.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

98.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

99.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable under Title VII.

## COUNT SEVEN: INVASION OF PRIVACY

100.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

101.

The actions of Defendants give rise to the common law claim of Invasion of Privacy.

102.

Defendant Morris unjustifiably intruded upon Plaintiff's right to privacy by unreasonably interfering with her seclusion.

103.

Defendant Fresh Express ratified Defendant Morris' actions.

104.

Defendant Fresh Express is responsible for Defendant Morris' invasion of privacy because it negligently supervised or retained Defendant Morris .

105.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

106.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

107.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

108.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable under Title VII.

## **COUNT EIGHT: RATIFICATION**

109.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

110.

Defendant Fresh Express knew, or in the exercise of ordinary diligence, should have known of the propensity of its employees, including Defendant Morris, to engage in sexually offensive conduct toward other employees/applicants, and Plaintiff in particular.

111.

Having knowledge of Defendant Morris' sexually offensive and tortious conduct, including batteries, Defendant Fresh Express permitted the conduct to continue and retained Defendant Morris while terminating Ms. Brown.

112.

As a result, Defendant Fresh Express has ratified the sexually offensive conduct and is subject to liability for that conduct.

113.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

114.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

115.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable under Title VII.

**COUNT NINE:**
**PUNITIVE DAMAGES PURSUANT TO O.C.G.A. § 51-12-5**
**(All Defendants)**

116.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

117.

The aggravating circumstances in Mr. Morris' commission of the conduct

against Plaintiff and intentions in committing the same entitle Plaintiff to an award

of punitive damages to deter Fresh Express from repeating trespass and as compensation for the

wounded feelings of Plaintiff.

**COUNT TEN: ATTORNEYS' FEES AND EXPENSES OF LITIGATION  PURSUANT**
**TO O.C.G.A. § 13-6-11**
**(All Defendants)**

118.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

119.

Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff

unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of

the expenses of this litigation, including attorneys' fees, under Georgia law, including but not

limited to O.C.G.A. § 13-6-11.

120.

Plaintiff has put Defendants on notice that Plaintiff seeks attorneys' fees, litigation costs,

and expenses from Defendants.

**COUNT ELEVEN: VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Defendant Fresh Express)**

121.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

122.

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission following her termination, alleging sex discrimination (in the form of sexual harassment) and retaliation because of the actions complained of herein, including her termination.

123.

On February 6, 2023, Plaintiff was issued a Notice of Right to Sue with regard to her claims under Title VII.  This amended Complaint is filed within 90 days of receipt of such notice.

124.

Defendant's actions in permitting a supervisory employee to sexually harass Plaintiff constitutes unlawful discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. and 42 U.S.C. Section 1981a.

125.

Defendant's violation of Plaintiff's rights under Title VII was intentional and undertaken notwithstanding actual knowledge of its obligations under federal law to prevent and remedy sexual harassment by supervisory employees.

126.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her sex, female.

23

127.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

128.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, including the sexual battery by Defendant Morris, for which Defendant Fresh Express is liable under Title VII.

129.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

### COUNT TWELVE: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Defendant Fresh Express)**

130.

Plaintiff re-alleges paragraphs 1 to 50 as if set forth fully herein.

131.

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission following her termination, alleging sex discrimination (in the form of sexual harassment) and retaliation because of the actions complained of herein, including her termination.

132.

On February 6, 2023, Plaintiff was issued a Notice of Right to Sue with regard to her claims under Title VII.  This amended Complaint is filed within 90 days of receipt of such notice.

133.

Defendant's actions in terminating Plaintiff's employment constitute unlawful retaliatory discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. and 42 U.S.C. Section 1981a, for which Plaintiff is entitled to relief.

134.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its retaliatory discrimination against Plaintiff was intentional.

135.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her employment status and psychological and physical well-being.

136.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Fresh Express is liable under Title VII.

137.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)     General damages for personal physical injury or physical sickness caused by Defendants' misconduct;

(b)     General damages for mental and emotional suffering caused by Defendants' misconduct;

25

(c)     Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d)     Special damages for lost wages and benefits and prejudgment interest thereon;

(e)     Reasonable attorney's fees and expenses of litigation;

(f)     Trial by jury as to all issues;

(g)     Prejudgment interest at the rate allowed by law;

(h)     Injunctive relief of front pay and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted this day, April 18, 2023.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

*Attorneys for Plaintiff Angelica Brown*

P.O. Box 530092
Atlanta, Georgia 30353 0092
(470( 284-7265
(404) 214-0125 (*facsimile*)
matt@justiceatwork.com

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV03786-14**
Jewel Scott
APR 18, 2023 04:20 PM

Chanae Clemons, Clerk
Clayton County, Georgia

| | |
|---|---|
| ANGELICA BROWN, | Civil Action No. _____ |
| Plaintiff, | |
| v. | 2021CV03786-14 |
| FRESH EXPRESS, INCORPORATED AND CHESTER D. MORRIS, JR., | JURY TRIAL DEMANDED |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing *Amended Complaint for Damages* which will automatically send email notification of such filing to the following attorneys of record:

Todd C. Duffield
todd.duffield@ogletreedeakins.com
Katherine H. Krouse
katie.krouse@ogletree.com
Jessica H. Thomas
jessica.thomas@ogletree.com

Respectfully submitted this 18th day of April, 2023.

**BARRETT & FARAHANY**

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110