**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KATHLEEN HOLLINS, individually and on behalf of all others similarly situated. | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| REALPAGE, INC. d/b/a LEASINGDESK SCREENING, | |
| Defendant. | |

## COMPLAINT

Plaintiff Kathleen Hollins ("Plaintiff") brings this putative class action individually and on behalf of all others similarly situated, seeking statutory and other damages against Defendant RealPage, Inc. d/b/a LeasingDesk Screening ("LEASINGDESK" or "Defendant") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.     This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2.     The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3.      To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

4.      The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5.      Plaintiff, Kathleen Hollins ("Plaintiff"), therefore brings this putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") alleging that LEASINGDESK has negligently and recklessly disseminated consumer reports concerning Plaintiff's and countless others' backgrounds that wrongfully reported outdated adverse rental history beyond the time allotted under the FCRA.

6.      Plaintiff, individually and on behalf of the Class members, seeks statutory and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## PARTIES

7.      Plaintiff is a natural person and resident of the State of Georgia and qualifies as a "consumer" as defined and protected by the FCRA.

8.      Defendant RealPage, Inc. d/b/a LeasingDesk Screening ("LEASINGDESK") is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant LEASINGDESK is a Delaware corporation that maintains its primary place of business at 2201 Lakeside Blvd, Richardson, Texas 75082.

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of Georgia, and violated Plaintiff's rights under the FCRA in the State of Georgia as alleged more fully below.

10.      Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

**FACTUAL ALLEGATIONS**

11.      Sometime prior to February 13, 2023, Plaintiff applied for new housing with The Villages at Stone Mountain ("Villages).

12.      As part of her application, Plaintiff consented that Villages could obtain a background consumer reporting regarding himself. Genesis then contracted with Defendant to procure this report.

13.      On or around February 13, 2023, Plaintiff received an email in response to her housing application indicating that she was being denied housing due the results of the consumer report provided by Defendant. Specifically, it stated that her application was unable to be approved due to "Rental history unsatisfactory".

14.      When Plaintiff review the report provided by Defendant, she was confused because the only rental history being reported pertained to her time at "Tara Bridge" apartments. The report included "Rental History" for the years 2006-2009. For 2006, Defendant reported 4 late payments and $400.00 in late fees. For 2007, Defendant reported 2 late payments and $200.00 in late fees.

For 2008, Defendant reported 9 late payments and $900.00 in late fees. For 2009, Defendant reported 6 late payments and $600.00 in late fees.

15.    Plaintiff was upset and frustrated because to her understanding, adverse information such as late rental payments are not reported on a consumer report beyond 7 years.

16.    Indeed, the FCRA provides that "no consumer reporting agency may make any consumer report containing…adverse item[s] of information, other than records of convictions of crimes *which antedates the report by more than 7 years*." 15 U.S.C. § 1681c(a)(5) (emphasis added).

17.    Upon information and belief, Defendant has reported adverse rental history information that antedates the date of the report for countless other individuals.

18.     Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

19.    Upon information and belief, Defendant fails to have such reasonable procedures, as it allows for outdated adverse rental history information to appear on consumer's reports, despite the FCRA specifically proscribing otherwise.

20.    As a direct result of Defendant's outdated reporting, Plaintiff and the Class members have been damaged.

21.    These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

22.    At all times pertinent hereto, Defendant's conduct was willful and/or negligent, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e of the

FCRA. Accordingly, Plaintiff and the Class are entitled to statutory and punitive damages under 15 U.S.C. §§ 1681n and 1681o. Defendant is also liable for Plaintiff's reasonable attorneys' fees and costs.

23.     As a direct and proximate result of the Defendant's willful and/or negligent refusal to assure maximum accuracy of credit reports as mandated by the FCRA, Plaintiff and the Class members have been harmed in their daily lives, by the impact that this outdated derogatory information has had on their ability to secure housing.

24.     As an example, Plaintiff was denied her housing application with the Villages and suffered emotional distress along with embarrassment, frustration, and annoyance because of Defendant's conduct.

## CLASS ALLEGATIONS

25.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all others similarly situated.

26.     The Class is defined as follows:

> **All natural persons residing in the United States on whom, from two year prior to the filing of this action and through the date of class certification, Defendant compiled a consumer background report which contained adverse information that antedated the report by more than seven years**.

27.     Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

28.     Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their

family members.

29. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least hundreds, if not thousands, of members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

30. **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

    a. Whether the Defendant willfully and/or negligently violated the FCRA by including outdated adverse information in consumer reports which antedated the reports by more than seven years;

    b. Whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures in preparing and selling consumer reports;

    c. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate formula to be applied in determining such damages and restitution; and

    e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

31. **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class

members.

32.     **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and class-action litigation. Plaintiff's counsel have prosecuted complex consumer class actions across the country.

33.     **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

34.     Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

### CAUSES OF ACTION

**COUNT I**
**Violation of the FCRA, 15 U.S.C. § 1681c**

35.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

36.     Plaintiff brings this claim individually and on behalf of all others similarly situated.

37.     Section 1681c(a)(5) of the FCRA provides that "no consumer reporting agency may make any consumer report containing… adverse item[s] of information, other than records of convictions of crimes which antedates the report by more than seven years."

38.     Defendant is currently violating, and continues to violate, 15 U.S.C. § 1681c(a)(5) by reporting outdated and obsolete adverse information on Plaintiff's and the Class members' consumer reports that is more than the statutory period allows.

39.     Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

40.     As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to adhere to the statutorily provided reporting period, Plaintiff and the Class have been harmed, as explained above.

## COUNT II
## Violation of the FCRA, 15 U.S.C. § 1681e

41.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

42.     Plaintiff brings this claim individually and on behalf of all others similarly situated.

43.     Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure **_maximum possible accuracy_** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

44.     Accordingly, Defendant was required to follow procedures to assure maximum possible accuracy of the credit reports it prepared concerning Plaintiff and the Class. This includes following procedures to prevent outdated adverse information from appearing on reports.

45.      However, Defendant failed to do so.

46.     Were Defendant to follow procedures to assure maximum possible accuracy of the credit report it prepared concerning Plaintiff and the Class members, it would not be possible for it to report outdated adverse information such as late rent payments from 2006 on Plaintiff's and the Class members' reports.

47.     Moreover, if Defendant were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Class members, it would have prevented this outdated adverse information from being reported in the first place.

48.     Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

49.     As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

## DEMAND FOR JURY TRIAL

50.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class pray for relief as follows:

A. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Class;

B. That judgment be entered in favor of Plaintiff and the Class against Defendant for statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

C.  That the Court award the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

D.  That the Court issue a declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

E.  That the Court grant equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

i.  That the Court grant Plaintiff and the Class such other and further relief as may be just and proper.


Dated: May 16, 2023                     By: */s/ Misty Oaks Paxton*
                                        Misty Oaks Paxton, Esq.
                                        THE OAKS FIRM
                                        3895 Brookgreen Pt.
                                        Decatur, GA 30034
                                        Tel: (404) 500-7861
                                        Email:attyoaks@yahoo.com

                                        Joseph Kanee, Esq.
                                        MARCUS & ZELMAN, LLC
                                        701 Brickell Avenue, Suite 1550
                                        Miami, Florida 33131
                                        (786) 369-1122 telephone
                                        (732) 298-6256 facsimile
                                        PRO HAC VICE MOTION TO BE
                                        FILED

                                        *Attorneys   for   Plaintiff   and   the
                                        proposed Class*