IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DORLISA CASSANDRA WELLS,<br><br>Plaintiff,<br><br>vs.<br><br>AFNI, INC.,<br><br>Defendant. | CASE NO.:<br><br>**JURY TRIAL**<br>**DEMANDED** |

## COMPLAINT

Dorlisa Cassandra Wells ("Plaintiff") brings this Complaint against AFNI, Inc. ( "AFNI" or "Defendant"), for actual, statutory, and punitive damages, costs, and attorney's fees, for violations Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, arising out of the defendant's repeated use of false, deceptive, and misleading representations to collect or attempt to collect a debt, from Plaintiff, despite the fact that the debt does not belong to Plaintiff, in violation of 15 U.S.C. § 1692e, and Defendant's repeated use of unfair or unconscionable means to collect or attempt to collect a deb, from Plaintiff, despite the fact that the debt does not belong to Plaintiff, in violation of 15 U.S.C. § 1692f

1

## PRELIMINARY STATEMENT

1. "Credit is the lifeblood of the modern American economy, and for the American consumer access to credit has become inextricably tied to consumer credit scores as reported by credit reporting agencies." *Burke v. Experian Info. Sols., Inc.*, 2011 WL 1085874, at *1 (E.D. Va. Mar. 18, 2011).

## THE PARTIES

2. Plaintiff Dorlisa Cassandra Wells ("Plaintiff") is a natural person who resides in the City of Cedartown, State of Georgia, and is a "consumer" as that term is defined in 15 U.S.C. § 1692.

3. Defendant AFNI, Inc. ("AFNI") is a foreign limited liability company and collection agency authorized to do business in the State of Georgia, including in this District.

4. AFNI, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692, which allows claims under the FDCPA to be brought in any appropriate court of competent jurisdiction.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims

occurred in this District.

## Plaintiff's Credit Files as of May 22, 2022

7. Upon information and belief, as of May 22, 2022, Plaintiff's Experian credit report contained the following collections accounts, which belong to another consumer or the result of identity theft:

> AFNI, Inc. Account number 108336XXXX - original creditor AT&T - Amount - $1,366

8. Within the last year previous to the filing of this Complaint, Defendant repeatedly used false, deceptive, and misleading representations to collect or attempt to collect a debt, from Plaintiff, despite the fact that the debt does not belong to Plaintiff, in violation of 15 U.S.C. § 1692e, and Defendant repeatedly used unfair or unconscionable means to collect or attempt to collect a deb, from Plaintiff, despite the fact that the debt does not belong to Plaintiff, in violation of 15 U.S.C. § 1692f.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. §§ 1692e and 1692f
### False and Misleading Representations and Unfair Practices in Connection with the Collection of a Debt
### (First Claim For Relief Against Defendant AFNI, Inc.)

9. Plaintiff re-alleges and incorporates the allegations set forth in Paragraphs 1-8 as if fully stated herein.

10. The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in false and misleading, unfair, and deceptive practices in the process of attempting to collect a debt.

11. At all times material herein, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1692a(3), since she is a natural person allegedly obligated to pay a consumer debt.

12. At all times material herein, Plaintiff's alleged debt was a "debt" as defined by 15 U.S.C. § 1692a(5).

13. At all times material herein, AFNI, Inc. was a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Defendant repeatedly used false, deceptive, and misleading representations to collect or attempt to collect a debt, from Plaintiff, despite the fact that the debt does not belong to Plaintiff, in violation of 15 U.S.C. § 1692e.

15. Defendant repeatedly used unfair or unconscionable means to collect or attempt to collect a deb, from Plaintiff, despite the fact that the debt does not belong to Plaintiff, in violation of 15 U.S.C. § 1692f.

16. As a direct and proximate result of Defendant's conduct, action, and inaction, Plaintiff suffered damage including but not limited to, actual damages and

emotional distress, including emotional pain, stress, anxiety, anguish, humiliation, embarrassment, and fear of financial ruin.

17. Plaintiff is entitled to recover any actual damage she sustained as a result of Defendant's failings pursuant to 15 U.S.C. § 1692k(a)(1).

18. Plaintiff is entitled to recover statutory damages in the amount of $1,000.00 as a result of Defendant's failings pursuant to 15 U.S.C. § 1692k(a)(2)(A).

19. Plaintiff is entitled to recover attorney's fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) Determining that Defendant Portfolio Recovery violated the FDCPA sections enumerated above, and awarding Plaintiff actual damages and statutory damages as provided by the FDCPA;

b) Awarding Plaintiff reasonable attorney's fees and costs incurred in this action as provided by the FDCPA; and

c) Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

20. Plaintiff demands a trial by jury.

Dated:    May 18, 2023

<u>*/s/ Joseph P. McClelland*</u>
Joseph P. McClelland
JOSEPH P. MCCLELLAND, LLC
Georgia Bar No: 483407
235 East Ponce de Leon Avenue, Suite 215
Decatur, GA 30030
Telephone: (770) 775-0938
Fax: (470) 468-0070
Email: joseph@jacksonlaws.com

*ATTORNEY FOR PLAINTIFF*
