**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| *In re:* | Miscellaneous Action No. _____ |
| Subpoenas Issued to Innovation Law Lab and Ariel Prado | |
| | **NON-PARTIES INNOVATION LAW LAB AND ARIEL PRADO'S JOINT MOTION TO QUASH SUBPOENA DUCES TECUM** |

Pursuant to Federal Rules of Civil Procedure 45(d)(3) and 26(c), and the local civil rules of this Court, non-parties Innovation Law Lab ("Law Lab") and Ariel Prado ("Prado"), by and through their attorneys, respectfully moves this Court for an order quashing the Rule 45 non-party subpoenas issued to them by Mahendra Amin in the matter captioned *Amin v. NBCUniversal Media, LLC*, No. 5:21-cv-00056-LGW-BWC (S.D. Ga.).

As further set forth below, the non-party subpoenas to Innovation Law Lab and Ariel Prado should be quashed for several reasons, including that the subpoenas seek information that is not relevant to the claims in the litigation through which it was issued, seek information protected by the attorney-client

1

privilege and work-product doctrine, and impose undue burden on Law Lab and Prado.

During the pendency of this motion, Law Lab seeks a stay of the May 18, 2023 return date set forth in the subpoenas. This is necessary to prevent the burden that will result if Law Lab is respond.

DATED this 18th day of May, 2023.

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

/s/ Perry Sentell
**Tamara Serwer Caldas**
Georgia State Bar No. 617053
**Perry Sentell**
Georgia State Bar No. 635805
1100 Peachtree St. Ste. 2800
Atlanta, Georgia 30309-4530
Tel: (404) 815-6500
TCaldas@kilpatricktownsend.com
PSentell@kilpatricktownsend.com

**Nadia H. Dahab**
Oregon State Bar No. 125630
SUGERMAN DAHAB
707 SW Washington St. Ste 600
Portland, OR 97205
Tel: (503) 228-6474
nadia@sugermandahab.com

(*pro hac vice* forthcoming)

2

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule (LR) 7.1(D), undersigned counsel certifies that the

foregoing complies with the font and point selections permitted under LR 5.1(B).

This document was prepared on computer using Times New Roman 14-point font.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| *In re:*<br>Subpoenas Issued to Innovation Law Lab and Ariel Prado | Miscellaneous Action No. _____<br><br>**NON-PARTIES INNOVATION LAW LAB AND ARIEL PRADO'S COMBINED MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENA DUCES TECUM** |

Pursuant to Federal Rules of Civil Procedure ("Rule") 45(d)(3) and 26(c), and the local civil rules of this Court, non-parties Innovation Law Lab ("Law Lab") and Ariel Prado ("Prado"), by and through their attorneys of record, respectfully offer the following memorandum of law in support of their joint motion to quash subpoenas *duces tecum*.  The subpoenas were issued to Law Lab and Prado by Mehandra Amin, the plaintiff in the matter captioned *Amin v. NBCUniversal Media, LLC*, No. 5:21-cv-00056-LGW-BWC (S.D. Ga.).  The subpoenas, referred to collectively herein as the Law Lab Subpoenas and which are attached hereto as **Exhibit A**, are returnable on May 18, 2023, in Atlanta Georgia.

4

The Law Lab subpoenas should be quashed for several reasons.  For the reasons set forth below, they seek information that is not relevant to the claims alleged in the *Amin v. NBCUniversal Media, LLC* complaint, seek information protected by the attorney-client privilege and work-product doctrine, and impose undue burdens on Law Lab and Prado.

## FACTUAL BACKGROUND

In his operative complaint against NBCUniversal Media, LLC (NBCU), Amin alleges that NBCU made certain defamatory statements about him in a series of television broadcasts that aired on September 15, 16, and 17, 2020.  *See* **Ex. B** (First Amended Complaint for Defamation ("Compl.") at ¶ 2, No. 5:21-cv-0056-LGW-BWC (filed May 3, 2022)).  The statements concerned allegations that Amin performed unwanted hysterectomies and other gynecological surgeries on women detained by the U.S. Immigration & Customs Enforcement (ICE) in the Irwin County Detention Center in Ocilla, Georgia.  *See* Ex. B at 1 (Compl. at ¶¶ 1–15); *see also* **Ex. C** (list of alleged defamatory statements).[1]

Generally speaking, Amin's operative complaint alleges that NBCU made defamatory statements about him during five television broadcasts that aired

---

[1]    Ex C. was filed on January 10, 2022, by NBCU in connection with its motion for judgment on the pleadings.  *See Amin v. NBCUniversal Media, LLC*, No. 5:21-cv-00056-LGW-BWC, ECF 24-1 (filed Jan. 10, 2022).  Many of the statements were dismissed as non-defamatory as a matter of law.  Those statements that were dismissed have been redacted from Ex. C.

between September 15 and 17, 2020.  Ex. B (Compl. at ¶¶ 2, 74–89).  The first

broadcast aired an interview with Dawn Wooten, a former ICDC nurse who filed a

whistleblower complaint about medical abuse at ICDC.  ECF 51-2 at 28–29.[2]

NBCU's reporter stated that she spoke with "four lawyers who represented clients

in [ICDC] over the past three years."  Ex. B (Compl. at ¶ 112).  In the second

broadcast, NBCU aired an interview with Wooten and her attorney.  Ex. B (Compl.

at ¶ 115); ECF 51-3 at 12–15. During that broadcast, NBCU stated that it had

spoken with a lawyer who represented two women at ICDC, and that the lawyer

"told NBC News that indeed two of his clients received hysterectomies they

believe may have been unnecessary" and "another attorney who represents two

different women who claim they also had unnecessary hysterectomies while

detained at this facility."   ECF 51-3 at 12.

        During the third broadcast, NBCU aired a segment of its interview with

Dawn Wooten, an interview with an anonymous woman detained at ICDC, and an

interview with U.S. Congresswoman Sheila Jackson Lee. ECF 51-4 at 13–14, 16–

18.  In the fourth broadcast, NBCU again aired a segment of its interview with

Dawn Wooten and noted that it had spoken with lawyers who had represented

women detained at ICDC to corroborate Wooten's whistleblower complaint.  ECF

---

[2]      ECF references are to the district court docket in the underlying matter
pending in the Southern District of Georgia.  *See Amin v. NBCUniversal Media,
LLC*, No. 5:21-cv-00056-LGW-BWC.

51-5 at 6–9.  In the fifth broadcast, NBCU re-aired the interview from its third

broadcast with the anonymous woman detained at ICDC.  ECF 51-6 at 14.

Law Lab is a Portland, Oregon-based nonprofit dedicated to protecting the

legal rights of immigrants and refugees in the United States.  Prado Decl. ¶ 1.

Across the United States, Law Lab operates a pro bono legal representation project

known as the Center for Excellence.  Prado Decl. ¶¶ 5, 6.  Law Lab is not a party to

Amin's defamation action and is never mentioned, directly or indirectly, in Amin's

complaint.  *See generally* Ex. B.

In Georgia, Law Lab operates a project called Anticarceral Legal Organizing

(AcLO), which is designed to build interconnected coalitions focused on releasing

people from immigrant detention centers.  Prado Decl. ¶ 7.  AcLO trains and

coordinates volunteers and affiliates across the United States for the purpose of

enabling legal services organizations to offer services in some of the most difficult

detention setting and thereby scale their work and impact.  Prado Decl. ¶ 8.  Ariel

Prado is a Codirector of Anticarceral Legal Organizing for Law Lab.  Prado Decl.

¶ 7.

At the time of the allegedly defamatory statements giving rise to Amin's

complaint, Law Lab was not engaging in pro bono legal representation work with

and for women detained in ICDC.  Prado Decl. ¶ 9.  Likewise, Law Lab was not

collecting information from or investigating any matters relating to the subject of

7

those statements.  Prado Decl. ¶ 9.  Neither Law Lab nor any person who worked

or volunteered with Law Lab was mentioned or referred to in any of the five

broadcasts described above.  Prado Decl. ¶ 9.

Notwithstanding those facts, on May 3, 2023, Amin served Law Lab and

Prado with subpoenas duces tecum, specifying a return date of May 18, 2023.

Through the subpoenas, Amin demanded that Law Lab and Prado produce the

following documents:

(1)  [A]ll documents and electronic information that you provided to or received from NBCU, including all communications with NBCU, involving Dr. Mahendra Amin and/or allegations of mistreatment of United States Immigration and Customs Enforcement (ICE) detainees at the Irwin County Detention Center (ICDC).

(2)  [A]ll documents and electronic information involving Dr. Mahendra Amin and/or allegations of mistreatment of ICE detainees at the ICDC that you have provided to or received from any investigating entity, including your communications.  This includes but is not limited to the United States Congress, United States Senate, the Office of Inspector General of the Department of Homeland Security, the United States Department of Justice, and the Georgia Composite Medical Board

(3)  [A]ll documents and electronic information involving Dr. Mahendra Amin and/or allegations of mistreatment of ICE detainees at ICDC that you have provided to or received from any person or entity, including your communications.

(4)  [A]ll medical records in your possession, custody, or control regarding any treatment of any person by Dr. Mahendra Amin.

(5)  [A]ll documents and electronic information involving Dr. Mahendra Amin and/or allegations of mistreatment of ICE detainees at the

ICDC, over which you have possession, custody, or control, including any communications.

Ex A, at 4, 9.[3]

## LEGAL STANDARD

Rule 26 governs discovery in federal court and provides that a party may obtain discovery regarding any non-privileged matter "that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Discovery is relevant if it "bears on, or . . . reasonably could lead to other matter that bears on, any issue that is or may be in the case."  *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

Discovery is also subject to the limitations set forth in Rule 26(b)(2)(C), which provides that a district court must limit discovery if it determines that:

(i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)   the burden or expense of the proposed discovery outweighs its likely benefits, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

---

[3]     Other than the recipients listed, the Law Lab and Prado subpoenas are identical.

9

Under Rule 45, a recipient of a subpoena "may file a written objection and seek to have the subpoena modified or quashed on the grounds that it fails to allow a reasonable time for compliance, requires a non-party to travel more than 100 miles to comply, requires disclosure of privileged or other protected materials not subject to any exception, or subjects a person to undue burden." *Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 525 (N.D. Ga. 2012) (citing Fed. R. Civ. P. 45(c)(2)(B), (c)(3)(A)(i)–(iv)).  A subpoena *must* be quashed on such grounds.  *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1335 (11th Cir. 2020) (explaining that the above-listed grounds for quashing a subpoena are mandatory, not discretionary).[4]

Thus, under Rule 45(d)(3)(A), a district court must quash a subpoena that subjects a person to undue burden or expense.  *See Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020); *see also Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 525 (N.D. Ga. 2012).  A subpoena seeking irrelevant information constitutes an undue burden.  *Jordan*, 947 F.3d at 1329 ("a subpoena issued under Ruler 45 should be quashed to the extent it seeks irrelevant information").  An unduly burdensome subpoena may only be modified, rather

---

[4]     There are also discretionary grounds on which to quash or modify a subpoena, including that the subpoena would require disclosure of trade secrets and other confidential information.  *Johnson*, 9474 F.3d at 1335 (citing Fed. R. Civ. P. 45(d)(3)(B)(i)).

than quashed, if the serving party "shows a substantial need for the testimony or

material that cannot be otherwise met without undue hardship."  Fed. R. Civ. P.

45(d)(3)(C).

Finally, Rule 26(c) provides that upon a showing of good cause by the

movant,

> A court may issue an order to protect a party or person from
> annoyance, embarrassment, oppression, or undue burden of expense,
> including one or more of the following: (A) forbidding the disclosure
> or discovery; (B) specifying terms . . . ; (C) prescribing a discovery
> method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of
> discovery to certain matters.

Fed. R. Civ. P. 26(c)(1); *see also Johnson*, 947 F.3d at 1338–39 (listing cases in

which district courts granted motion to quash and for a protective order on grounds

of undue burden).

## ARGUMENT

The non-party subpoenas to Innovation Law Lab and Ariel Prado should be

quashed for several reasons, including that they seek information that is neither

relevant to the claims or defenses in the case nor reasonably calculated to lead to

the discovery of admissible evidence, seek information protected by the attorney-

client privilege and work-product doctrine, and impose undue burdens on Law

Lab.

11

1.      **The subpoenas seek information that is not relevant to Amin's defamation claim.**

The Law Lab subpoenas should be quashed because they seek information that is not relevant to Amin's defamation claims against NBCU.  Again, information is relevant if it "bears on, or . . . reasonably could lead to other matter that bears on, any issues that is or may be in the case."  *Oppenheimer Fund*, 437 U.S. at 351.  Under Rule 26, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  But at the same time, " 'discovery, like all matters of procedure, has ultimate and necessary boundaries,' " *Oppenheimer Fund*, 437 U.S. at 351 (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947)); thus, it is proper to deny discovery where it does not bear on the claims or defense at issue in the action, *id.*

That is the case here.  As explained above, at the time of the allegedly defamatory statements giving rise to Amin's claims, Law Lab was neither collecting information from nor investigating any matters relating to the subject matter of those statements.  Prado Decl. ¶ 9.  It was also not communicating to anyone at NBCU, the United States Congress, the United States Senate, the Office of Inspector General of the Department of Homeland Security, the United States Department of Justice, or the Georgia Composite Medical Board.  Prado Decl. ¶ 9.  And neither Law Lab nor any person who worked or volunteered with Law Lab

was mentioned or referred to in any of the five broadcasts described above.  Prado

Decl. ¶ 9.

Under Georgia law, to prove a viable claim for defamation, a plaintiff must

plead and prove four elements: "(1) a false and defamatory statement concerning

the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the

defendant amounting at least to negligence; and (4) special harm or the

actionability of the statement irrespective of special harm."  *Smith v. DiFrancesco*,

341 Ga. App. 786, 787–88, 802 S.E.2d 69, 72 (2017) (citing *Mathis v. Cannon*,

276 Ga. 16, 20–21, 573 S.E.2d 376 (2002)).  To establish those essential elements,

any allegedly defamatory statement must be false at the time the statement was

made.  *Mathis*, 276 Ga. at 20–21; *see also Promoworks, LLC v. Graham*, 2009 WL

10670413 (N.D. Ga. Dec. 9, 2009) (same).  The conduct or statements of a third

party, including Law Lab, simply do not bear on whether NBCU's statements were

false at the time that NBCU made the statements.  The subpoenas should be

quashed because they seek information that is neither relevant nor reasonably

calculated to lead to the discovery of evidence that would be admissible in Amin's

case.

13

**2.    The subpoenas seek information that is protected the attorney-client privilege and work-product doctrines or otherwise protected from disclosure under state and federal law.**

Under Rule 45(d)(3)(ii), this Court must quash the Law Lab and Prado subpoenas because they require disclosure of privileged or other protected matter, and no exception or waiver applies.  Fed. R. Civ. P. 45(d)(3)(A)(iii).

As noted above, the Law Lab subpoenas seek the following categories of documents:

(1)    [A]ll documents and electronic information involving Dr. Mahendra Amin and/or allegations of mistreatment of ICE detainees at ICDC that you have provided to or received from any person or entity, including your communications.

(2)    [A]ll medical records in your possession, custody, or control regarding any treatment of any person by Dr. Mahendra Amin.

(3)    [A]ll documents and electronic information involving Dr. Mahendra Amin and/or allegations of mistreatment of ICE detainees at the ICDC, over which you have possession, custody, or control, including any communications.

Ex. A, at 4, 9.  And for the reasons set forth above, to the extent that Law Lab or Prado maintains in their possession documents responsive to the subpoenas, those documents are not relevant to Amin's claims against NBCU.

But more fundamentally, the documents are also privileged or, in the case of medical records, confidential and protected from disclosure. In Georgia, Law Lab operates a pro bono legal representation project known as the Center for Excellence.  Prado Decl. ¶¶ 5, 6.  Law Lab also operates the AcLO project, which

14

is designed to build interconnected legal services coalitions focused on releasing people from immigrant detention centers.  Prado Decl. ¶¶ 7, 8.  Through both projects, Law Lab trains and coordinates volunteers and affiliates for the purpose of providing legal services or enabling legal services organizations to offer services in a carceral setting.  Prado Decl. ¶ 8.  Any information that Law Lab or Prado collect through volunteers or affiliates from their clients relates to the legal services that its programs undertake to provide; thus, to the extent that Law Lab has in its possession documents responsive to the subpoenas, those documents are privileged from disclosure.  Prado Decl. ¶ 8.  Stated differently, any responsive documents are privileged because they were collected within the context of Law Lab's attorney-client relationship.  Prado Decl. ¶ 8.

Not only is Law Lab obligated to protect from disclosure documents subject to the attorney-client privilege, as lawyers and accredited representatives, Law Lab will be permanently damaged in its mission as a legal services organization if required to produce the documents the subpoena demands.  Prado Decl. ¶ 10.  Indeed, Law Lab simply could not function as a legal services organization if it were required to produce protected information, including documents from, with, or about its clients.  Prado Decl. ¶ 11.

15

The information that Amin seeks is also protected from disclosure as attorney work product.[5]  On that point, Rule 26 "provides qualified protection to 'documents and tangible things . . . prepared in anticipation of litigation or for trial' by or for a party, or by or for a party's representative." *Freedom Plastics, LLC v. Sparta Polymers, LLC*, 2013 WL 12290257, at *6 (N.D. Ga. Apr. 1, 2013) (citing Fed. R. Civ. P. 26(b)(3)).  Work product materials may be discovered only where the requesting party demonstrates " 'that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.' " *Abusbeih*, 2018 WL 11344739, at *4 (citing Fed. R. Civ. P. 26(b)(3)(A)(ii)).

"[E]ven where discovery of fact work product is permitted, the court 'must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.' " *Monitronics Int'l, Inc. v. Hall, Booth, Smith, P.C.*, 2016 WL 7030324, at *12 (N.D. Ga. Dec. 2, 2016) (citing Fed. R. Civ. P. 26(b)(3)(B)).  These materials comprise opinion work product and "enjoy nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as where they were created

---

[5]     Federal law governs the work product doctrine.  *See Abusbeih v. Ansari*, 2018 WL 11344739, at *4 (N.D. Ga. Dec. 18, 2018).

16

to further a crime or fraud." *Id.* The documents sought through the Law Lab subpoenas fall well within this category of protected information.

Finally, to the extent that the Law Lab subpoena seeks copies of medical records of Law Lab's clients, those records are also protected from disclosure under state and federal law. Under Georgia law, Law Lab's clients hold a privacy right, which has not been waived here, in the confidentiality and nondisclosure of their medical records. *See Canziani v. Visiting Nurse Health Sys., Inc.*, 271 Ga. App. 677, 679, 610 S.E.2d 660 (Ga. App. 2005) (citing *Molton v. Comm. Credit Corp.*, 127 Ga. App. 390, 393, 193 S.E.2d 629 (1972)) (referring to that right); *see also Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 809 (11th Cir. 2011) (same). Likewise, "[f]ederal courts long have been mindful of preserving confidentiality of medical information." *State Farm Mut. Ins. Co. v. Kugler*, 840 F. Supp. 2d 1323, 1328 (S.D. Fla. 2011) (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). In the absence of a waiver of their rights to privacy, and in further absence of any particularized need for their confidential medical information, the medical records of Law Lab's clients should not be disclosed.

**3.    The subpoenas impose an undue burden on Law Lab and Prado.**

Finally, the subpoenas impose an impermissible undue burden on Law Lab and Prado and should be quashed. Rule 45 requires that a party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or

17

expense on a person subject to the subpoena."  Fed. R. Civ. P. 45 (d)(1); *see also*

*Bailey v. Fair & Walker Unit Owners Ass'n, Inc.*, 2023 WL 2119490, at *1 (N.D.

Ga. Jan. 17, 2023) (citing *Jordan*, 947 F.3d at 1329).  Indeed, the rule demands

that "the court for the district where compliance is required *must* quash or modify a

subpoena that: . . . subjects a person to undue burden."  Fed. R. Civ. P. 45

(d)(3)(A)(iv) (emphasis added).

The undue burden analysis requires the court to " 'balance the interests

served by demanding compliance with the subpoena against the interests furthered

by quashing it.' "  *Jordan*, 947 F.3d at 1337 (quoting 9A Wright & Miller, Federal

Practice and Procedure § 2463.1 (3d ed. 2019)).  "Some of the 'factors required to

be balanced by the trial court in determining the propriety of a subpoena are the

relevance of the discovery sought, the requesting party's need, and the potential

hardship to the party subject to the subpoena.' "  *Morton v. Lien Filers, Etc. of*

*Heath W. Williams, LLC*, 2021 WL 4815899, at *3 (N.D. Ga. Aug. 19, 2021).

" 'Courts must also consider the status of a witness as a non-party when

determining the degree of burden; the status of the person as a non-party is a factor

often weighing against disclosure.' "  *Schwieterman v. Caterpillar, Inc.*, 2021 WL

8648760, at *1 (N.D. Ga. Nov. 17, 2021) (quoting *Martin v. De Wafelbakkers*

*LLC*, 2014 WL 12042549, at *1 (N.D. Ga. Jan. 8, 2014)).

18

In these circumstances, the undue burden factors weigh heavily in favor of Law Lab.  First, as explained above, it is unclear how any of the requests are relevant to the underlying lawsuit.  The underlying lawsuit alleges that NBCU made specific defamatory statements during five broadcasts on September 15, 16, and 17, 2020.  Law Lab was not engaged in any work bearing any relation to the substance of those statements at the time the statements allegedly were made.  Thus, the requested information, which includes documents about Law Lab's programs and clients, is immaterial to the underlying claims; stated differently, Law Lab's programs and clients have no bearing on the truth or falsity of NBCU's statements.  For the same reasons, it is unclear why or on what basis Amin needs documents and information he requests for the purposes of litigating his defamation claims.  And the potential hardship to Law Lab—a small, Portland-based nonprofit whose mission is served only to the extent that it can maintain the confidentiality of its clients' cases and records—is significant.

## CONCLUSION

For the reasons stated above, Law Lab and Ariel Prado respectfully urge this Court to quash the subpoenas.  The subpoenas violate Rule 45 by requiring Law Lab and Prado to disclose irrelevant, privileged, or other protected matter and by subjecting Law Lab and Prado to undue burden or expense.

19

DATED this 18th day of May, 2023.

Respectfully submitted,

KILPATRICK TOWNSEND &
STOCKTON LLP

/s/ Perry Sentell
**Tamara Serwer Caldas**
Georgia State Bar No. 617053
**Perry Sentell**
Georgia State Bar No. 635805
1100 Peachtree St. Ste. 2800
Atlanta, Georgia 30309-4530
Tel: (404) 815-6500
TCaldas@kilpatricktownsend.com
PSentell@kilpatricktownsend.com

**Nadia H. Dahab**
Oregon State Bar No. 125630
SUGERMAN DAHAB
707 SW Washington St. Ste 600
Portland, OR 97205
Tel: (503) 228-6474
nadia@sugermandahab.com

(*pro hac vice* forthcoming)

Attorneys for Innovation Law Lab and Ariel
Prado

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2023, I electronically filed the within and foregoing NON-PARTIES INNOVATION LAW LAB AND ARIEL PRADO'S COMBINED MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENA DUCES TECUM with the Clerk of Court using the CM/ECF system, which will automatically send email documentation of such filings to all attorneys of record.

I further certify that on this day, I served a true and correct copy of the within and foregoing up on counsel of record un the underlying action by electronic email and by depositing a true and correct copy of same in the United State Mail, first class postage prepaid, address as follows:

| | |
|---|---|
| Stacey Godfrey Evans | Elizabeth A. McNamara |
| 4200 Northside Parkway NS | Amanda B. Levine |
| Bldg. One; Suite 200 | Cynthia L. Counts |
| Atlanta, GA 30327 | Davis Wright Tremaine LLP |
| Tel: (770) 779-9602 | 1251 Avenue of the Americas, 21st |
| sevans@staceyevanslaw.com | Floor, |
| | New York, NY 10020 |
| | Tel: (212) 489-8230 |
| | lizmcnamara@dwt.com |
| | amandalevine@dwt.com |
| | cynthia.counts@fisherbroyles.com |

DATED this 18th day of May, 2023.

Respectfully submitted,

KILPATRICK TOWNSEND &
STOCKTON LLP

/s/ Perry Sentell
**Tamara Serwer Caldas**
Georgia State Bar No. 617053
**Perry Sentell**
Georgia State Bar No. 635805
1100 Peachtree St. Ste. 2800
Atlanta, Georgia 30309-4530
Tel: (404) 815-6500
TCaldas@kilpatricktownsend.com
PSentell@kilpatricktownsend.com

**Nadia H. Dahab**
Oregon State Bar No. 125630
SUGERMAN DAHAB
707 SW Washington St. Ste 600
Portland, OR 97205
Tel: (503) 228-6474
nadia@sugermandahab.com

(*pro hac vice* forthcoming)

Attorneys for Innovation Law Lab and Ariel
Prado