## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**APRIL CARR,**
        *Plaintiff,*

**Civil Action No.**

**vs.**

**HOUSING AUTHORITY OF**
**FULTON COUNTY, and**
**LOLITA GRANT**
**in her official capacity as**
**Executive Director**
        *Defendants.*

## COMPLAINT

April Carr ("Plaintiff") brings this Complaint seeking declaratory, injunctive,

and monetary relief against the Housing Authority of Fulton County and Lolita

Grant in her official capacity as Executive Director of said Housing Authority

("Defendants") as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Jurisdiction is conferred on this Court by 42 U.S.C. § 3613(a) and 28 U.S.C.

§§ 1331 and 1367.

2.

Declaratory relief is authorized by 28 U.S.C. §§ 2201(a) and 2202 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

3.

Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391, because the claims arose in this District, the Defendants do business and/or reside in this District, and the events giving rise to this action occurred in this District.

4.

Defendant Housing Authority of Fulton County ("Housing Authority" or "HAFC") is an entity which administers the federal Housing Choice Voucher Program in Fulton County, Georgia. The Housing Authority maintains its principal place of business in Atlanta, GA and may be served through its Executive Director, Lolita Grant, at 4273 Wendell Dr SW, Atlanta GA 30336-1632

5.

Defendant Lolita Grant ("Ms. Grant"), the Executive Director of the Housing Authority of Fulton County, Georgia is responsible for Housing Authority's daily operation, including the implementation of its policies. She is

charged with implementing the Housing Choice Voucher Program in a manner that is consistent with federal and state laws and regulations.

## FACTUAL AND LEGAL BACKGROUND

6.

Plaintiff is a participant in the Section 8 Housing Choice Voucher Program ("HCVP"), which is administered by Defendants and governed by federal law and regulations. *See* 42 U.S.C. § 1437 and 24 C.F.R. § 982. The goal of the housing choice voucher program is to provide "decent, safe and sanitary" housing at an affordable cost to low-income families.

7.

Under the HCVP rules and regulations, Plaintiff pays a portion of contract rent to her private landlord and the Housing Authority of Fulton County pays a portion of the contract rent under a Housing Assistance Payments Contract between the landlord and Fulton County Housing Authority ("HAP Contract"). *See* 24 C.F.R. § 982.515.

8.

HCVP regulations set forth basic Housing Quality Standards ("HQS") which lay out the minimum habitability standard for a unit to qualify for Housing Choice

Voucher assistance. All units must meet these standards before assistance can be paid on behalf of a family, and units must be reinspected at least annually throughout the assisted tenancy. *See* 24 C.F.R. § 982.404(a)(2).

9.

These regulations also provide Public Housing Authorities with discretion to suspend or reduce housing assistance payments and eventually terminate the HAP Contract when a landlord commits and refuses to correct HQS violations. *See* 24 C.F.R. § 982.404(a)(3).

10.

Plaintiff lived in a residence at 5995 Stonewall Dr., Union City, GA 30291 with her husband, three children, and three grandchildren at the time of the events in the Complaint.

11.

Plaintiff suffers from multiple disabling conditions that severely affect her quality of life and daily life activities. Plaintiff's husband, Patrick Carr ("Mr. Carr"), also suffers from multiple disabilities, including chronic systolic heart failure, coronary artery disease, and a history of pulmonary embolisms.

16.

Defendants maintain an *Administrative Plan for the Housing Choice Voucher Program,* which contains rules and procedures on how Defendants will operate the HCVP and the rights and responsibilities of participants in the program. TheAdministrative Plans are federally required and impose a legal duty upon Defendant, to "administer the program in accordance with the PHA plan." *See* 24 C.F.R. § 982.54.

17.

Page 5-12 of the Administrative Plan states, "PHAs must approve additional search time if needed as a reasonable accommodation to make the program accessible to and usable by a person with disabilities." (Hous. Auth. of Fulton County, Housing Choice Voucher Administrative Plan, 5-12 (2018) ("HAFC Admin. Plan"); 24 C.F.R. § 982.303(b)(2)).

18.

Page 2-5 of the Administrative Plan explicitly lists "Providing time extensions for locating a unit when necessary because of lack of availability of accessible units or special challenges of the family in seeking a unit." HAFC

Admin. Plan, 2-6. , as one of the reasonable accommodations that HAFC will provide to persons with disabilities.

19.

Page 2-6 of the Administrative Plan states, "After a request for an accommodation is presented, HAFC will respond in writing, within 10 business days. If HAFC denies a request for an accommodation because it is not reasonable (it would impose an undue financial burden or fundamentally alter the nature of the HAFC's operations), HAFC *will* discuss with the family whether an alternative accommodation could effectively address the family's disability-related needs without a fundamental alteration to the HCV program and without imposing an undue financial and administrative burden. *Id.* at 2-6 (emphasis added).

20.

When discussing terminations or denials of assistance, page 2-8 of the Administrative Plan states, "When reviewing reasonable accommodation requests, the PHA must consider whether any mitigating circumstances can be verified to explain and overcome the problem that led to the PHA's decision to deny or terminate assistance. If a reasonable accommodation will allow the family to meet

the requirements, the PHA *must* make the accommodation." *Id.* at 2-8. (emphasis added).

21.

Plaintiff informed Defendants on or about May, 2021 that she and her family had been exposed to COVID-19 and were instructed to isolate in New Jersey, where the family had travelled for a family gathering, for 14 days, which would extend past the voucher expiration date of May 3, 2021.

22.

On or about May 3, 2021, Plaintiff informed Defendants that the family was still sick with the temporary disability of COVID-19 and that her husband was "sick and coughing up blooding[sic]."

23.

Defendants knew or should have known of the disabling conditions, both temporary and permanent, of the Carr family.

24.

Despite its knowledge of the disabling conditions suffered by the family, Defendants denied Mrs. Carr's request for a reasonable accommodation in the form of a voucher extension by failing to timely respond to her request, allowing the

voucher to expire.

25.

Plaintiff requested an informal hearing to review Defendant's failure to extend her voucher shortly thereafter.

26.

On August 24, 2021, counsel for Ms. Carr, Erin Willoughby informed Defendants that it appeared that they had denied her request for reasonable accommodation as they had not provided her with a written response either to her request for a reasonable accommodation or to her request for a hearing.

27.

Defendant Housing Authority conducted a hearing on October, 21, 2021, where Plaintiff was represented by counsel.

28.

At the hearing, Plaintiff again reiterated her request that the voucher be extended as a reasonable accommodation of her and her family's disabling conditions.

29.

Upon information and belief, the Housing Authority of Fulton County provided *all* families who requested extensions of vouchers during this time with up to 6 months of extensions, regardless of disability status, in light of the phenomenally tight housing market in Fulton County, Georgia.

30.

On October 26, 2021, Defendants released a hearing decision in which it stated that the Housing Authority's actions had been "reasonable" and so no further accommodation was needed. In doing so, Defendant denied Plaintiff's reasonable accommodation request.

31.

No interactive process was offered to Plaintiff by the Defendants, and no alternative accommodations were discussed with Plaintiff.

32.

But for Defendant's refusal to accommodate Plaintiff and her husband's disabilities, Plaintiff would still be a participant in the HCV Program.

**CLAIM 1: VIOLATION OF THE FAIR HOUSING ACT OF 1968, 42 U.S.C.
§ 3601, *et seq.* – Reasonable Accommodation**

33.

Plaintiff realleges and incorporates the facts and allegations contained in all preceding paragraphs, as if set forth in their entirety.

34.

Defendants are in the business of renting dwellings as defined in 42 U.S.C. § 3603(c).

35.

Both Plaintiff and her husband are members of a protected class as persons with a disability. 42 U.S.C. § 3602(h).

36.

The Federal Fair Housing Act makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of

(A) that buyer or renter;

(B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or

(C) any person associated with that buyer or renter."

Page 11 of 27

42 U.S.C. § 3604(f)(1).

37.

The Federal Fair Housing Act makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of:

(A) that person;

(B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or

(C) any person associated with that person."

42 U.S.C. § 3604(f)(2).

38.

Discrimination in violation of the Federal Fair Housing Act includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

39.

Defendants engaged in discrimination by refusing to make a reasonable accommodation when this accommodation was necessary to afford Plaintiff equal access to subsidized housing.

40.

Defendants' actions violated the Federal Fair Housing Act and constitute actionable discrimination on the basis of disability.

41.

Plaintiff is an aggrieved individual as defined by 42 U.S.C. § 3602(i) by virtue of having been denied a reasonable accommodation.

42.

As a proximate result of such discriminatory housing practices, Plaintiff has suffered economic loss, mental anguish, and deprivation of her rights and property.

43.

Defendants' actions were intentional, wanton, malicious, and taken in reckless disregard for Plaintiffs' civil rights.

44.

As a result of these violations of the federal Fair Housing Act Defendants

are liable to Plaintiff for:

A. Compensatory damages in an amount to be determined at

trial;

B. Injunctive and Declaratory relief;

C. Cost and disbursements; and

D. Attorney's fees.

## CLAIM 2: VIOLATION OF GEORGIA'S FAIR HOUSING LAW, O.C.G.A. § 8-3-201, *et seq.* – Reasonable Accommodation

45.

Plaintiff realleges and incorporates the facts and allegations contained in all

preceding paragraphs, as if set forth in their entirety.

46.

Defendants are in the business of renting dwellings as defined in O.C.G.A. §

8-3-202(c).

47.

Both Plaintiff and her husband are members of a protected class as persons

with a disability.  O.C.G.A. § 8-3-201(7).

48.

Georgia's Fair Housing Law makes it unlawful to "To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a disability of:

(A) that buyer or renter;

(B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or

(C) any person associated with that buyer or renter."

O.C.G.A. § 8-3-202(6).

49.

Georgia's Fair Housing Law make it unlawful to "To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a disability of:

(A) that person;

(B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or

(C) any person associated with that person."

O.C.G.A. § 8-3-202(7)(A).

50.

Discrimination in violation of Georgia's Fair Housing Law includes A refusal to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." O.C.G.A. § 8-3-202(7)(B)(ii).

51.

Defendants engaged in discrimination by refusing to make a reasonable accommodation when this accommodation was necessary to afford Plaintiff equal access to subsidized housing.

52.

Defendants' actions violated Georgia's Fair Housing Law and constitute actionable discrimination on the basis of disability.

53.

Plaintiff is an aggrieved individual as defined by Georgia's Fair Housing Law by virtue of having been denied a reasonable accommodation.

54.

As a proximate result of such discriminatory housing practices, Plaintiff has suffered economic loss, mental anguish, and deprivation of her rights and property.

55.

Defendants' actions were intentional, wanton, malicious, and taken in reckless disregard for Plaintiffs' civil rights.

56.

As a result of these violations of Georgia's Fair Housing Law, Defendants are liable to Plaintiff for:

A. Compensatory damages in an amount to be determined at trial;

B. Injunctive and Declaratory relief;

C. Cost and disbursements; and

D. Attorney's fees.

## CLAIM 3: VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101, *et seq.*

57.

Plaintiff realleges and incorporates the facts and allegations contained in all preceding paragraphs, as if set forth in their entirety.

Page 17 of 27

58.

Plaintiff is a qualified individual with a disability, as defined by Title II of the ADA, 42 U.S.C. §12102(1) and 28 C.F.R. § 35.104.

59.

Defendant Housing Authority is a public entity within the meaning of the ADA, 42 U.S.C. § 12131(1)(A), (B) and 28 C.F.R. § 35.104.

60.

Under the ADA, "a public entity shall make reasonable accommodations in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

61.

The ADA's implementing regulations prohibit the Housing Authority from discriminating against individuals with disabilities through contractual, licensing, or other arrangements. 24 C.F.R. § 8.4(b)(1)(v); 28 C.F.R. § 35.130(b)(1).

62.

Plaintiff requested a reasonable accommodation from Defendants in May and October, 2021, in the form of an adjustment to the Housing Authority's voucher extension policy.

63.

Defendants denied Plaintiff's requests for reasonable accommodation without offering an interactive process or alternative accommodation.

64.

Defendants' denial of the requests is a violation of the ADA. Defendants used "criteria or methods of administration" that have subjected Plaintiff to discrimination. *See* 28 C.F.R. § 35.130(b)(3). Their methods "have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of [the Housing Authority's] program with respect to individuals with disabilities." *See id.*

65.

As a result of these violations of the Americans with Disabilities Act, Defendants are liable to Plaintiff for:

A. Compensatory damages in an amount to be determined at trial;

B. Injunctive and Declaratory relief;

C. Cost and disbursements; and

D. Attorney's fees.

## CLAIM 4: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 § U.S.C. 794, *et seq.*

66.

Plaintiff realleges and incorporates the facts and allegations contained in all preceding paragraphs, as if set forth in their entirety.

67.

Defendants are recipients of federal financial assistance, as defined by Section 504 of the Rehabilitation Act of 1973 and implementing regulations. 45 C.F.R. § 84.3(f), (h), (k); 7 C.F.R. § 15b.3(f), (g).

68.

Section 504 prohibits Defendants from excluding Plaintiff from participation

Page 20 of 27

in, denying her the benefits of, or subjecting her to discrimination under its housing program "solely by reason of her disability." 29 U.S.C. § 794(a).

69.

Plaintiff requested a reasonable accommodation in the form of an adjustment to Defendant's policy based on her and her husband's disabilities.

70.

Defendants' refusal to accommodate Plaintiff and failure to offer an interactive process or alternative accommodation violates Section 504 of the Rehabilitation Act.

71.

As a result of these violations of Section 504 of The Rehabilitation Act, Defendants are liable to Plaintiff for:

A. Compensatory damages in an amount to be determined at trial;

B. Injunctive and Declaratory relief;

C. Cost and disbursements; and

D. Attorney's fees.

## CLAIM 5: BREACH OF LEGAL DUTY UNDER
## O.C.G.A. § 51-1-6.

### 72.

Plaintiff realleges and incorporates the facts and allegations contained in all preceding paragraphs, as if set forth in their entirety.

### 73.

Georgia law states: "When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby." O.C.G.A. § 51-1-6.

### 74.

The administrative plan and federal regulations impose a legal duty on Defendants to administer the Housing Choice Voucher Program in accordance with the administrative plan. HAFC Admin. Plan, 5-12; *see* 24 C.F.R. § 982.54.

### 75.

The requested accommodation would not impose undue burden or hardship on Defendants because it is listed as one of the reasonable accommodations in their own administrative plan.

Page 22 of 27

76.

Defendants knew or should have known that the Carr family has disabilities, as outlined in the statement of facts.

77.

Defendants failed to engage in the interactive process outlined in their administrative plan, failed to provide a written response to Plaintiff within ten days, and failed to discuss any proposed alternative accommodations. *Id.* at 2-6. Such discussion is not only contemplated by the administrative plan, but is also enacted pursuant to a joint statement from The Department of Justice and HUD. *See* Joint Statement of the U.S. Dep't of Hous. and Urban Devel. and U.S. Dep't of Justice: Reasonable Accommodations under the Fair Housing Act, pg. 7, PIH 2010.

78.

Because of Defendants' breach of their legal duty, Plaintiff is entitled to:

A. Compensatory damages in an amount to be determined at trial;

B. Injunctive and Declaratory relief;

C. Cost and disbursements; and

Page 23 of 27

D. Attorney's fees.

## CLAIM 6: VIOLATION OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION: DUE PROCESS

79.

Plaintiff realleges and incorporates the facts and allegations contained in all preceding paragraphs, as if set forth in their entirety.

80.

42 U.S.C. § 1983 enables a private plaintiff to bring suit against state agencies for "the deprivation of any rights ... secured by the Constitution and laws."

81.

Defendants have violated 42 U.S.C. § 1983 with respect to Plaintiff's due process rights secured by the Fourteenth Amendment of the U.S. Constitution by depriving Plaintiff of a constitutionally protected property interest and failing to engage in the interactive process with the Plaintiff after she requested a reasonable accommodation. *See Chastain v. Nw. Georgia Hous. Auth.*, WL 5979428 (N.D. Ga. Apr. 28, 2011).

82.

Plaintiff has been economically and irreparably harmed by Defendant's

actions and is entitled to:

     A. Compensatory damages in an amount to be determined at

trial;

     B. Injunctive and Declaratory relief;

     C. Cost and disbursements; and

     D. Attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays that this Court:

(a)    Enjoin Defendants to extend Plaintiff's voucher term by at least 60 days;

(b)    Award Plaintiff a Declaratory Judgment finding that she is entitled to an extension as a reasonable accommodation of her disability;

(c)    Award Plaintiff monetary damages in an amount to be determined at trial;

(d)    Award Plaintiff attorney's fees; and

(e)    Grant such other relief that is just and proper under the circumstances.

Respectfully submitted this 18ᵗʰ day of May, 2023.

Erin Willoughby, Attorney for Plaintiff
GA Bar No. 349391
Atlanta Legal Aid Society
777 Cleveland Avenue SW, Suite 410
Atlanta, Georgia 30315
(678) 702-8414
eawilloughby@atlantalegalaid.org

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**APRIL CARR,**
      *Plaintiff,*

**Civil Action No.**

vs.

**HOUSING AUTHORITY OF**
**FULTON COUNTY, and**
**LOLITA GRANT**
**in her official capacity as**
**Executive Director**
      *Defendants.*

## <u>VERIFICATION</u>

    I, April Carr, am the Plaintiff in the above-styled case. I am over 18 years of

age. I swear that the facts alleged in the foregoing Complaint are true and accurate

to the best of my knowledge, information, and belief.

April Carr, Plaintiff

Notary Public
My Commission Expires:

NICKI GARCIA
Notary Public - State of Georgia
Fulton County
My Commission Expires Oct 27, 2023

Page 27 of 27