IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTINA BOYLES,<br><br>     Plaintiff,<br><br>v.<br><br>THE KROGER CO., ABC CORPORATIONS 1-3, and JOHN DOES 1-3,<br><br>     Defendants. | CIVIL ACTION FILE NO.: _____ |

**NOTICE OF REMOVAL BY DEFENDANT THE KROGER CO.**

COMES NOW, Defendant The Kroger Co. ("Kroger") pursuant to 28 U.S.C. § 1446, and hereby removes the action now pending in the State Court of Cherokee County, Georgia, Civil Action No. 23SCE0423 styled as *Christina Boyles v. The Kroger Co., ABC Corporations 1-3, and JOHN DOES 1-3*, (the "State Court Action") to this Court, and respectfully shows this Honorable Court as follows:

**PROCEDURAL BACKGROUND**

1. On April 13, 2023, Plaintiff Christina Boyles (the "Plaintiff") filed her Complaint for Damages against Defendant The Kroger Co. in the State Court Action, the subject of which is a personal injury that allegedly occurred on April 20, 2021 in Canton, Georgia. (Complaint at ¶ 4). Attached hereto as **Exhibit "1"** are true and

correct copies of the Complaint and all other filings of record in the State Court Action.

2. On April 13, 2023, the Clerk of the State Court of Cherokee County issued a Summons for Plaintiff to serve upon Defendant Kroger.

3. On April 20, 2023, Defendant Kroger was served with copies of the Summons and Complaint via mail from Plaintiff's counsel (the "Kroger Service Packet"). Attached hereto as **Exhibit "2"** are true and correct copies of the Kroger Service Packet.

4. Pursuant to 28 U.S.C. § 1446(a), attached hereto all process, pleadings, and other documents filed in this State Court Action. (*See* Exhibit "1")

## COMPLETE DIVERSITY EXISTS

5. Pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendant.

6. Upon information and belief, Plaintiff is a citizen of the State of Georgia.

7. Defendant Kroger is a foreign corporation.[1] (Compl ¶ 2).

8. Upon information and belief, and based upon the available record in the State Court Action, Defendants ABC Corporations 1-3 and John Does 1-3 have not yet been served.

---

[1] Kroger's principal place of business is in Ohio, so there is diversity of citizenship in this case.

2

## THE AMOUNT IN CONTROVERSY IS SUFFICIENT TO ESTABLISH DIVERSITY JURISDICTION

9.     The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

10.    Plaintiff's Complaint alleges damages in an amount equal to or greater than $100,000.00. (Compl. ¶ 17).

11.    The Supreme Court has held that that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

12.    When determining whether the amount-in-controversy amount has been met, the district court must assess the jurisdictional facts at the time of removal. Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1268 n.12 (11th Cir. 2009).

13.    "If a plaintiff's complaint pleads damages in excess of $75,000, then the burden on a defendant is light." *General Pump & Well, Inc. v. Martix Drilling Products Co.,* 2009 WL 812340 at * 2 (S.D. Ga. March 26, 2009)(J. Moore). "In such a case, 'a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that

283160725v.2

plaintiff cannot recover the amount claimed.'" *Id.* (*quoting Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002).

14. Even if the amount was not specified, the amount in controversy here would be easily in excess of $75,000.00. "'Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.'" Ramos v. Aetna Life Ins. Co., No. 1:17-CV-160-CAP, 2017 WL 7805607, at *1 (N.D. Ga. Feb. 17, 2017) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010)) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)).

15. "'Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Id.* at * 1 (quoting *Pretka*, 608 F.3d at 770).

16. Plaintiff's Complaint alleges she suffered pain and suffering, loss of enjoyment of life, loss of use, and scarring. (Compl. ¶ 18).

17. Plaintiff's Complaint also alleges that she continues to treat for her injuries. (Compl. ¶ 17).

4

283160725v.2

18.     Based upon these allegations, Plaintiff's Complaint seeks damages for past, present, and future general and special damages. (*See*, "Wherefore" paragraph, Compl. at p. 4).

19.     Courts have further held that where the plaintiff alleges permanent and severe injuries, there is sufficient evidence to conclude the jurisdictional amount in controversy has been met. *See*, e.g., *Purdiman v. Organon Pharm. USA, Inc.*, No. 2:08-cv-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008) (complaint alleging plaintiff sustained "permanent and debilitating injuries" sufficient for the court to conclude that the amount of damages exceeds $75,000.00); *Turner v. Wilson Foods Corp.,* 711 F. Supp. 624, 626 (N.D. Ga. 1989) (complaint alleging severe and permanent injuries, pain and suffering and lifelong medical expenses "provided defendant with the necessary information to intelligently ascertain that it had grounds for removal to federal court").

20.     Plaintiff also seeks to recover the costs of this litigation. (See, Id.). *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000) ("[W]hen a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees.").

## REMOVAL TO THIS COURT IS PROCEDURALLY PROPER

21. Venue is proper in this district pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Northern District of Georgia embraces the venue where the Superior Court Action is pending.

22. Further, removal is timely pursuant to 28 U.S.C. § 1446(b) because Kroger filed this Notice of Removal prior to being served and/or within thirty days of alleged service.

23. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the State Court of Cherokee County, Georgia. (See Exhibit "3").

## CONCLUSION

WHEREFORE, Defendants respectfully request the Court assume jurisdiction over this matter.

Respectfully submitted this 18th day of May, 2023.

                                        **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

3348 Peachtree Road NE
Suite 1400                                  */s/ Ciara N. Lowe*
Atlanta, GA 30326                         Parks K. Stone
470-419-6650 (main)                    Georgia Bar No. 547930
470-419-6651 (facsimile)               Ciara N. Lowe
Parks.stone@wilsonelser.com       Georgia Bar No. 658035
Ciara.lowe@wilsonelser.com        *Counsel for Defendant Kroger*

283160725v.2

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing **Notice of Removal** by email and United States Postal Service to counsel for Plaintiff, addressed as follows:

Stephen G. Carlson
The Fry Law Firm
1718 Peachtree Street NW
Suite 990
Atlanta, Georgia 30306
stephen@frygoehring.com
*Attorney for Plaintiff*

Dated: May 18, 2023.

> */s/Ciara N. Lowe*
> Georgia Bar No. 658035

283160725v.2