# EXHIBIT 1

State Court of Cherokee County
**E-Filed**
23SCE0423
4/13/2023 1:38 PM  MP
Patty Baker, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of **CHEROKEE** County

| For Clerk Use Only | |
|---|---|
| Date Filed **4/13/2023** | Case Number **23SCE0423** |
| MM-DD-YYYY | |

**Plaintiff(s)**

BOYLES, CHRISTINA

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

**Defendant(s)**

THE KROGER CO

Last      First      Middle I.      Suffix      Prefix

ABC CORPORATIONS 1-3

Last      First      Middle I.      Suffix      Prefix

DOES, JOHN 1-3

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

**Plaintiff's Attorney** Stephen G. Carlson **State Bar Number** 670714 Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

☐ Automobile Tort
☐ Civil Appeal
☐ Contempt/Modification/Other Post-Judgment
☐ Contract
☐ Garnishment
☒ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
  ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____      _____
**Case Number**            **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

IN THE SUPERIOR/STATE COURT OF CHEROKEE COUNTY

**STATE OF GEORGIA**

CHRISTINA BOYLES c/o
The Fry Law Firm, 1718 Peachtree St. NW
Suite 990, Atlanta, GA 30309

PLAINTIFF

CIVIL ACTION 23SCE0423
NUMBER _____

Vs.

THE KROGER CO.
c/o CSC of Cobb County, Inc. (registered agent)
192 Anderson Street SE, Suite 125
Marietta, GA 30060

DEFENDANT

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Stephen G. Carson, Esq.
The Fry Law Firm
1718 Peachtree St. NW, Suite 990
Atlanta, GA 30309

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

4/13/2023

This _____ day of _____, _____.

Clerk of Superior Court/State Court

By: /s/ Miriam Pagan-Budetti
_____
Deputy Clerk

SC-1 Rev. 85

State Court of Cherokee County
**E-Filed**
23SCE0423
4/13/2023 1:38 PM  MP
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

CHRISTINA BOYLES

                                  Plaintiff,

vs.

THE KROGER CO.,
ABC CORPORATIONS 1-3, and
JOHN DOES 1-3

                                Defendants.

CIVIL ACTION FILE NO. 23SCE0423 _____

(SERVED WITH DISCOVERY)

JURY TRIAL DEMANDED

## **COMPLAINT**:

COMES NOW, Plaintiff Christina Boyles (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants The Kroger Co., ABC Corporations 1-3 and John Does 1-3,  showing this Honorable Court as follows:

1.

The Kroger Co. grocery store where the subject incident occurred is located at 6766 Hickory Flat Highway in Canton, Cherokee County, Georgia 30115 (hereinafter referred to as "the Property").

2.

Defendant The Kroger Co. (hereinafter "Defendant") is a foreign profit corporation authorized to conduct business in Georgia.  Defendant may be served through its registered agent, CSC of Cobb County, Inc. at 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060, and is subject to the jurisdiction of this court.  Jurisdiction and venue are appropriate in this Court as to this Defendant.

3.

Should it be determined that another corporation, entity, or individual owned or was responsible for the premises involved in the April 20, 2021 incident resulting in injuries to Plaintiff at the time of said incident and/or owned, occupied, or otherwise had responsibility for the property located at 6766 Hickory Flat Highway in Canton, Cherokee County, Georgia 30115 where the April 20, 2021 incident occurred, Plaintiff hereby names Defendant ABC Corporations 1-3 and Defendant John Does 1-3.

4.

On or about May 7, 2021, Plaintiff was an invitee at the Property.

5.

On or about April 20, 2021, Plaintiff was exiting the Property with a shopping cart via a crosswalk in front of the Property when, suddenly and without warning, she tripped on a hole in the asphalt, forcefully striking her body on the cart and ground.

6.

Plaintiff sustained serious physical injuries as a result of the subject incident and due to the negligence of the Defendant.

7.

Upon information and belief, Defendant owned, managed, maintained or otherwise controlled the area of the Property where the subject incident occurred.

8.

At all times relevant, Plaintiff was an invitee on Defendant's property.

9.

At all times relevant, Defendant owed Plaintiff a duty to exercise ordinary care in keeping

the premises and common areas of the Property safe from dangerous conditions, and in proper maintenance and repair.

10.

There were no warnings in the area of the hole in the asphalt at the time of the fall.

11.

Defendant had exclusive ownership, possession and control over the Property at all times relevant to this litigation.

12.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as plaintiff.

13.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazardous condition, in failing to take adequate measures to protect invitees from the hazard and in failing to keep the premises safe for invitees.

14.

Defendant knew or should have known that a hole in the asphalt posed a danger to invitees on the premises and should have changed, altered, removed or warned invitees about same to avoid on the premises.

15.

Plaintiff did not know and could not reasonably have learned of the danger posed by the hole in the asphalt.

16.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

17.

As a direct and proximate result of Defendant's negligence, Plaintiff has incurred special damages which include, but may not be limited to, medical expenses, lost wages, mileage, and other miscellaneous expenses.  Specifically, Plaintiff has incurred no less than $100,000.00 in medical expenses to date, and continues to treat for her injuries.  Plaintiff will supplement her damages as necessary.

18.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered general damages, including pain and suffering, loss of enjoyment of life, loss of use, and scarring.

19.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

20.

Plaintiff is entitled to request attorney's fees and the expenses of litigation in that the actions on the part of Defendant, as herein described, show that Defendant, as well as its agents, have acted in bad faith in the transactions and dealings surrounding the incident described herein. Defendant and its agents have been stubbornly litigious and have caused Plaintiff unnecessary expense so as to entitle Plaintiff to the expenses of litigation and attorney's fees as provided by O.C.G.A. § 13-6-11. Defendant and its agents have acted in bad faith and have forced Plaintiff to file this civil action in order to receive compensation for her injuries.

WHEREFORE, Plaintiff prays this Court award the following relief against Defendant:

(A)     That process be issued;

(B)     That reasonable damages be granted to Plaintiff and against Defendant for past, present and future general and special damages;

(C)     That all costs of this action be cast against Defendant;

(D)     That Plaintiff be awarded reasonably attorney's fees and expenses of litigation; and

(E)     Such further relief as the Court deems just and proper.

Respectfully submitted, this <u>13th</u> day of April, 2023.

 

 

_____
STEPHEN G. CARLSON
State Bar of Georgia No. 670714
RANDAL E. FRY
State Bar of Georgia No. 278799
*Attorneys for Plaintiff*

**THE FRY LAW FIRM**
1718 Peachtree Street, NW
Suite 990
Atlanta, Georgia 30306
(404) 969-1284
(404) 969-1285 fax
stephen@frygoehring.com
randy@frygoehring.com

State Court of Cherokee County
**E-Filed**
23SCE0423
4/13/2023 1:38 PM MP
Patty Baker, Clerk
Civil Division

IN THE STATE COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **CHRISTINA BOYLES** | |
| | **CIVIL ACTION FILE** 23SCE0423 |
| **Plaintiff,** | **NO. _____** |
| | |
| **vs.** | **(SERVED WITH COMPLAINT)** |
| | |
| **THE KROGER CO.,** | |
| **ABC CORPORATIONS 1-3, and** | |
| **JOHN DOES 1-3** | |
| | |
| **Defendants.** | |

## RULE 5.2 CERTIFICATION OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I am causing Plaintiff's First Request for Admissions, Continuing Interrogatories and Request for Production of Documents to Defendant The Kroger Co. to be personally served on the following parties with the Summons and Complaint:

**The Kroger Co.**
*Defendant*
CSC of Cobb County, Inc. (registered agent)
192 Anderson Street SE,
Suite 125,
Marietta, Georgia 30060

Respectfully submitted, this 13th day of April, 2023.

_____
STEPHEN G. CARLSON
State Bar of Georgia No. 670714
RANDAL E. FRY
State Bar of Georgia No. 278799
*Attorneys for Plaintiff*

**THE FRY LAW FIRM**
1718 Peachtree Street, NW
Suite 990
Atlanta, Georgia 30306
(404) 969-1284
(404) 969-1285 fax
stephen@frygoehring.com
randy@frygoehring.com

1

IN THE STATE COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

CHRISTINA BOYLES

                                    Plaintiff,

vs.

THE KROGER CO.,
ABC CORPORATIONS 1-3, and
JOHN DOES 1-3

                                    Defendants.

CIVIL ACTION FILE
NO. _____

(SERVED WITH COMPLAINT)

## PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE KROGER CO.

### I. INTRODUCTION

Pursuant to O.C.G.A. § 9-11-33, et seq., you are requested and instructed to answer the following Admissions, Interrogatories and Requests for Production of Documents, separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, The Fry Law Firm, 1718 Peachtree Street, NW, Suite 990, Atlanta, GA 30309, (404) 969-1284, within forty-five (45) days after service pursuant to O.C.G.A. § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony. Furthermore, you are under a continuing duty seasonably to amend a prior response if you obtain information upon the basis of which you know that the response was

DCN -202304212048366 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

incorrect when made, or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. § 9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply.  If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided.  If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II. INSTRUCTIONS

Objections Based on Privilege.  In the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a)     The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

(b)     The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)     The type of privilege claimed;

(d)     A statement of the circumstances which bear on whether or not the claim or privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

DCN -20230421204836 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

(e) The number of each specific document request to which the withheld document is responsive; and

(f)     If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Documents No Longer in Possession.  If any document within the scope of a document request was at one time in existence and under Defendant's possession, custody, or control, but has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document:

(a)     Identify and describe such document by date, title, and type of document;

(b)     State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

(c)     State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed; and

(d)     Identify all persons having knowledge of the contents thereof.

Organization of Documents.  All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive.

DCN -20230421204836 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

## DEFINITIONS

1.     When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known.  "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now.  If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group.  If the documents has been previously identified fully, it may be identified by name in subsequent responses.

2.     When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant or Defendants in this action.

3.     When used herein, "Plaintiff" refers to the Plaintiff or Plaintiffs in this action.

4.     As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant or of which Defendant has knowledge, including, without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

5.     As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

DCN -202304212048366 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

or if not, the best available approximation (including relationship to other events).

7.     As used herein, "identify" or "specify," when used in reference to:

(a)     a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

(b)     in the case of a <u>document</u>, the title (if any), the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c)     in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control, or access of Defendant, whether Defendant will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant, what disposition was made of it, and why.

8.     <u>Time</u> -- unless otherwise indicated, each Interrogatory is limited to the period from **April 20, 2021**, through and including the date of your answers hereto.

9.     When the identification of documents is requested by these Interrogatories, Defendant may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive.

DCN -20230421204836 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

STS FOR ADMISSION **IV. REQUESTS FOR ADMISSIONS**

1.

You have been correctly named in the present cause insofar as the legal designation of your name is concerned.

2.

You have been properly served as a party Defendant.

3.

Service of process is sufficient with regard to you in this case.

4.

The State Court of Cherokee County has jurisdiction over the subject matter of this case.

5.

The State Court of Cherokee County has personal jurisdiction over you as a party Defendant in this case.

6.

Venue is proper in the State Court of Cherokee County.

7.

The Complaint states a claim upon which relief can be granted.

8.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

9.

On April 20, 2021, Defendant owned the premises located at 6766 Hickory Flat Highway in Canton, Cherokee County, Georgia 30115 (the "Property").

DCN -20230421204836G BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

10.

On April 20, 2021, Defendant operated the Property.

11.

On April 20, 2021, Defendant managed the Property.

12.

On April 20, 2021, Defendant was responsible for inspecting and/or maintaining the condition of the common areas at the Property.

13.

On April 20, 2021, Defendant was responsible for inspecting and/or maintaining the condition of the entranceways at the Property.

14.

On April 20, 2021, Defendant was responsible for inspecting and/or maintaining the condition of the crosswalks and parking lot at the Property.

15.

Admit that Defendant hired no other company, person or business to assist with the training of its employees located at the Property.

16.

Admit that Defendant had a duty to properly train its/their employees at all applicable times.

17.

Admit that Defendant had a duty to properly supervise its/their employees at all applicable times.

DCN -202304212048366 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

18.                                                18.

Admit that pursuant to the doctrine of Respondent Superior, Defendant is responsible for the negligent acts of its employees at all applicable times.

19.

On April 20, 2021, Plaintiff was an invitee at the Property.

20.

On April 20, 2021, Defendant had a duty to ensure the Property was safe from hazards for invitees.

21.

On April 20, 2021, Defendant breached its duty to Plaintiff to ensure the Property was safe from hazards for invitees.

22.

On April 20, 2021, Defendant had a duty to warn invitees of any hazards on the Property.

23.

On April 20, 2021, Defendant breached its duty to warn Plaintiff of any hazards on the Property.

24.

On April 20, 2021, Defendant breached its duty to warn Plaintiff of any hazard relating to the asphalt hole at issue.

25.

On April 20, 2021, Plaintiff was injured at the Property.

DCN -20230421204836 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

26.

On April 20, 2021, Plaintiff was injured as a result of tripping and falling over a hole in the asphalt on the Property.

27.

On April 20, 2021, invitees of the Property, including but not limited to Plaintiff, were not given any warning that a hazardous condition existed with respect to the hazard at issue.

28.

The subject hazard was not maintained according to applicable codes as required by the State of Georgia.

29.

At all applicable times, Plaintiff exercised due care for her own safety.

30.

You are aware of no evidence indicating that Plaintiff did not exercise due care for her own safety at all applicable times.

31.

You have no knowledge of the extent of injuries sustained by Plaintiff in this case.

32.

You have no knowledge of the treatment received by Plaintiff for injuries sustained in this case.

33.

You have no knowledge of the reasonable charges for treatment received by Plaintiff for injuries sustained in this incident.

DCN -20230421204836B BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

## V. **INTERROGATORIES**

1.

Identify each and every person including job title and present employer, with the exception of counsel, who provided any information, or assisted in providing any information, in response to Plaintiff's First Interrogatories to Defendant.

2.

Identify any and all persons or companies acting or working in any management capacity at the Property on or about April 20, 2021, including, but not limited to, any property management companies and/or individuals serving in the role of property manager, assistant property manager, leasing manager, leasing specialist, or equivalent position(s).

3.

Identify in detail any contracts in which you had entered that were in effect on April 20, 2021, with any person or entity to provide property management, general management, parking lot management, maintenance, repair, and/or security services.

4.

Identify all other employees or agents working on the Property on or about April 20, 2021.

5.

Identify the individual(s) or entity(ies) responsible for maintaining the common areas, entranceways, and parking lots at the Property on or about April 20, 2021.

DCN -20230421204866 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

6.

Identify the individual(s) or entity(ies) responsible for inspecting, maintaining and/or repairing the crosswalks and parking lots at the Property on or about April 20, 2021, and for the 12-month period prior to that date.

7.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who either saw or claim they saw all or any part of the occurrence complained of in this action, as well as those witnesses who arrived at the scene immediately or shortly after said occurrence.

8.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given.

9.

Identify the individual or individuals known to Defendant who possess or purport to possess knowledge regarding Plaintiff's claim(s) including, specifying the individual(s) who spoke to or heard from Plaintiff at any time, and/or investigated the subject incident in any way.

DCN -20230421204836 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

10.

Identify all persons Defendant expects to call as an expert witness at the trial of this case, and for each such individual so identified provide that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

11.

State in detail how Defendant contend the incident which forms the basis for Plaintiff's claims occurred, including but not limited to a listing of each person and circumstance Defendant believe to have caused, or contributed to causing, the subject occurrence.

12.

List each act of negligence, contributory, comparative or otherwise, you contend Plaintiff, or any other person or entity, did or failed to do which contributed in any way to the incident upon which Plaintiff's claims are based and/or Plaintiff's resulting injuries.

13.

Identify all training that a Defendant's employees or agents received with respect to inspecting and maintaining the common areas, entranceways, crosswalks and parking lots, generally, and/or the subject hazard, specifically, at the Property, on or before April 20, 2021.

14.

Identify any changes in procedures, policies, practices, rules or regulations regarding, or physical aspects of the Property that were implemented regarding or made at the Property as a result of the April 20, 2021 incident which caused Plaintiff's injuries.

15.

Pursuant to O.C.G.A. § 9-11-26(b)(2), identify all insurance agreements, including any umbrella and/or excess coverage, upon which Defendant may rely to satisfy part or all of any

DCN -20230421204836 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

judgment which may be entered against Defendant or which may be used to indemnify or reimburse Defendant for any payment(s) to satisfy any such judgment(s).

16.

Identify all security or surveillance cameras located at the Property, the location of such cameras, whether such cameras were operative on April 20, 2021, and whether any camera videotaped the incident described in the Complaint.

17.

Does Defendant contend any person or entity other than Defendant or its/their employees or agents is, or may be, liable in whole or in part for the claims asserted against Defendant in this lawsuit? If your answer is anything other than an unqualified "no", state the full name and address of each such person or entity, the legal basis for Defendant's contention, the facts or evidence upon which said contention is based, and whether Defendant has/have notified each such person or entity of said contention.

18.

Describe what steps or procedures Defendant used to warn invitees such as Plaintiff of the risk of injury on the Property.

19.

Furnish a detailed factual basis for each defense and/or counterclaim asserted in Defendant's Answer to the Complaint.

20.

For each paragraph of the Complaint or portion thereof denied by Defendant, state in detail all facts upon which Defendant relied in making said denial.

DCN -20230421204836 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

21.

Identify all members of, and documents generated by, Defendant's Safety Team, Safety Loss Prevention Committee, Risk Control and Safety Committee and/or Accident Review Board, or Defendant's equivalents thereto, with respect to the subject incident.

22.

Identify all claims or lawsuits that have previously been brought against Defendant as a result of injuries or damages alleged to have been sustained as a result of invitees allegedly injuring themselves at the Property from April 20, 2011, or that date the Property was opened if after April 20, 2011, to the present.

23.

Identify all documents or other evidence relating to any complaint regarding alleged hazards and/or personal injuries sustained at the Property prior to April 20, 2021.

24.

Did Defendant, its agents, representatives, employees or anyone acting on Defendant's behalf conduct an investigation of the subject incident?  If the answer is anything other than an unqualified "no", identify all agents, representatives, employees or anyone acting on Defendant's behalf who conducted or participated in any portion of the inspection and state whether any written report or summary was generated.

25.

Identify all procedures, policies, practices, requirements, rules or regulations with respect to inspection, maintenance and/or repair of any aspect of the Property which were in effect on April 20, 2021.

DCN -202304212048366 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

**26.**

With respect to any procedure, policy, practice, requirement, rule or regulation identified in Defendant's answer to the preceding interrogatory, state whether any such procedure, policy, practice, requirement, rule or regulation was based upon, or otherwise took into account, any federal, state, county, city or local statute, regulation or law.

**27.**

State when Defendant first anticipated the possibility of a claim or lawsuit being asserted or filed by Plaintiff, or otherwise on behalf of Plaintiff, arising out of the subject incident.

**28.**

Describe in detail how the incident, which is the subject of this Complaint, took place.

**29.**

Do you contend that you were not at fault for causing or failing to prevent the subject incident?

**30.**

If your response to the preceding interrogatory was in the affirmative, identify all facts in support of your contention.

**31.**

If you claim that you have not been properly served in this action, please state in detail the facts in support of said claim.

**32.**

Identify all facts and records that would support any contention that Plaintiff's injuries preexisted the subject incident or were not caused by the subject incident or that symptoms had been exaggerated or that treatment was unnecessary or charges improper.

DCN -202304212048366 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

## VI.  REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please provide any document or thing that was used or referenced in responding to the Interrogatories listed above.

2.

Please provide copies of any reports that were done in connection with this incident, including the incident report done at the Property.

3.

Please provide originals or color copies of all photographs of the Property where the incident occurred on April 20, 2021, including, but not limited to, all photographs taken of any person, place or thing involved in the incident, and any photographs of the subject hole or the surrounding area.

4.

Please provide copies of any statements obtained from Plaintiff.

5.

Please provide copies of any statements obtained from any witnesses to the incident, including, but not limited to, statements from any of your employees or agents regarding the incident.

6.

Please provide copies of any video surveillance that was recorded one hour prior to the incident through one hour after the incident.

Page **16** of **19**

7.

Please produce copies of all training or safety manuals in effect at the Property at the time of the subject incident, or in effect at any time during the five (5) years prior to the incident and through the present.

8.

Please produce copies of all documents reflecting construction, inspection, or maintenance of any common areas, entranceways, crosswalks, and/or parking lot of the Property (including, but not limited to, the hole at issue) and reflecting any inspection, maintenance, repair, or construction of any entranceway, crosswalk, and/or parking lot on the Property.

9.

Please produce copies of all documents in your possession (including, but not limited to, pleadings and discovery responses) relating to or otherwise referencing any claim or lawsuit brought against you for personal injuries allegedly sustained at the Property.

10.

Please produce copies of all documents or other evidence relating to any complaint regarding alleged hazards and/or personal injuries sustained at the Property prior to April 20, 2021.

11.

Please produce copies of any and all documents reflecting the employees or agents working at the Property at any time on the date of the subject incident (including, but not limited to, work schedules and time sheets).

12.

Please provide copies of any and all communications between Defendant or its agents or representatives, and the Plaintiff or anyone purporting to act on her behalf.

DCN -20230421204836 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

13.

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant produce all information and documents produced in the above-styled action in response to any and all of Defendant's Non-Party Request for Production of Documents.

14.

For all experts Defendant may or will call to testify at any trial in this matter, please produce the following:

1) Any and all reports, summaries, notes, calculations and written opinions prepared by the expert, including all drafts thereof;

2) The expert's curriculum vitae;

3) All correspondence between Defendant's attorney(s) and the expert, whether by mail, fax, email, or any other means;

4) All correspondence between the expert and any other person/agency relating to the subject matter of this lawsuit and/or the expert's work regarding the same;

5) Any and all materials provided to and/or received from the expert regarding the subject matter of this lawsuit and/or the expert's work regarding the same;

6) All timesheets, invoices, billing statements and other documentation by whatever means of the expert's charges and/or compensation for his/her work on this case;

7) Any and all retainer agreements, scope(s) of work, or similar documents relating to the expert's work regarding this case;

8) Any other documents or materials prepared by, used by, or relied upon by the expert relating to the subject matter of this lawsuit and/or the expert's work regarding the same.

15.

Please produce copies of any and all insurance policies identified by you in your responses to Plaintiff's Interrogatories.

*[SIGNATURE ON FOLLOWING PAGE]*

Respectfully submitted, this <u>13th</u> day of April, 2023.

                                    **THE FRY LAW FIRM**

                                    _____
                                    STEPHEN G. CARLSON
                                    State Bar of Georgia No. 670714
                                    RANDAL E. FRY
                                    State Bar of Georgia No. 278799
                                    *Attorneys for Plaintiff*

1718 Peachtree Street, NW
Suite 990
Atlanta, Georgia 30306
(404) 969-1284
(404) 969-1285 fax
stephen@frygoehring.com
randy@frygoehring.com

DCN -202304212048366 BroadSpire Receive date -4/21/2023 5:00:00 AM ACS process date -4/21/2023 5:00:00 AM

# UNITED STATES
# POSTAL SERVICE ®

# PRIORITY®
## MAIL

PRIORITY MAIL
FLAT RATE PADDED ENVELOPE
POSTAGE REQUIRED

...ery date specified for domestic use.

...shipments include up to $50 of
...rictions apply).*

...® included for domestic and many
...estinations.

...tional insurance.**

...ernationally, a customs declaration
...l.

...over certain items. For details regarding claims
...mestic Mail Manual at http://pe.usps.com.
...ail Manual at http://pe.usps.com for availability and
...e.

## ATE ENVELOPE
## ANY WEIGHT



**US POSTAGE & FEES PAID**
PRIORITY MAIL
LEGAL FLAT-RATE ENVELOPE
ComBasPrice

062S0001442346
5553595
FROM 30309

**P**

stamps
endicia
04/13/2023

## USPS PRIORITY MAIL ®

Randal E. Fry, Esq.
The Fry Law Firm
1718 Peachtree St NW
Suite 990
Atlanta GA 30309

B050

SHIP
TO:
ATTN: JORDAN HEBERT, CLAIMS SPECIALIST
Broadspire
PO BOX 14875
LEXINGTON KY 40512-4875

### USPS TRACKING #



9405 5112 0623 8979 5965 91



1000016

Padded Flat Rate Envelope
EP14PE September 2020
ID: 9.5 x 12.5

...ty of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuses may be a violation of federal law.
...e. EP14PE © U.S. Postal Service; February 2020; All rights reserved.

State Court of Cherokee County
**E-Filed**
23SCE0423
4/19/2023 10:31 AM  BW
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CHRISTINA BOYLES** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.: 23SCE0423** |
| **vs.** | |
| **THE KROGER CO., ABC CORPORATIONS 1-3, and JOHN DOES 1-3** | |
| **Defendants.** | |

## PLAINTIFFS MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER

COMES NOW the Plaintiff, pursuant to O.C.G.A. 9-11-4(c) and shows this Court that expedited service on Defendant, is necessary and requests the appointment of a special process server to serve defendant, as authorized under the law.

WHEREFORE, Plaintiff moves this court for an Order appointing, Randal George, who is not an interested party or party to the suit, is a citizen of the United States, 18 years or over, and not a convicted felon, to serve Defendant with process, and to make a return on that service pursuant to O.C.G. A. 9-11-4(c).

Respectfully submitted on this 19th day of April, 2023,

_____
STEPHEN G. CARLSON
State Bar of Georgia No. 670714
RANDAL E. FRY
State Bar of Georgia No. 278799
*Attorneys for Plaintiff*

**THE FRY LAW FIRM**
1718 Peachtree Street, NWSuite 990
Atlanta, Georgia 30306
(404) 969-1284
(404) 969-1285 fax
stephen@frygoehring.com
randy@frygoehring.com

FILED IN MY OFFICE
2023 Apr 20 10:21 AM
CLERK OF STATE COURT
Cherokee, GEORGIA

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CHRISTINA BOYLES** | |
| | **CIVIL ACTION FILE** |
| | **NO.: 23SCE0423** |
| **Plaintiff,** | |
| **vs.** | |
| **THE KROGER CO.,** | |
| **ABC CORPORATIONS 1-3, and** | |
| **JOHN DOES 1-3** | |
| **Defendants.** | |

## ORDER FOR SPECIAL APPOINTMENT
## OF PROCESS SERVER

Upon Motion of the Plaintiff for Appointment of Special Process Server, and it appearing appropriate, just and equitable.

It is considered Ordered and Adjudged that, Randal George, a citizen of the United States, 18 years of age or older, a party having no interest and not related to any party in the above-styled case, and not a convicted felon, is hereby appointed special agent for service of the Summons and Complaint in this case upon the Defendant.

So Ordered, this ___ 20th ___ day of April 2023.

_Michelle Leigh Melharki_
_____
JUDGE, CHEROKEE STATE COURT

State Court of Cherokee County
**E-Filed**
23SCE0423
4/27/2023 2:37 PM  MP
Patty Baker, Clerk
Civil Division

## IN THE STATE COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

**CHRISTINA BOYLES,**

**Plaintiff,**

**v.**

**THE KROGER CO.,**
**ABC CORPORATIONS 1-3 and**
**JOHN DOES 1-3,**

**Defendants,**

**CIVIL ACTION**
**FILE NO. 23SCE0423**

## AFFIDAVIT OF SERVICE

COMES NOW, RANDAL GEORGE, before the undersigned officer duly authorized to administer oaths and states that he is a citizen of the United States, he is over the age of eighteen (18), he is not a party to the suit, he is not a relative to any party in the suit, he is not a convicted felon, he is not the attorney for any party in the suit, he has no financial interest in the litigation, and he is wholly disinterested in the litigation.

Randal George states that he served **THE KROGER CO.** on April 20, 2023 at 12:59 PM by serving its registered agent CSC of Cobb County, Inc. at 192 Anderson Street S.E., Suite 125, Cobb, Marietta, Georgia, 30060 with:

SUMMONS; COMPLAINT; RULE 5.2 CERTIFICATION OF SERVICE; PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE KROGER CO. and GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM

I certify under penalty of perjury that the foregoing is true and correct.

Executed this April 26, 2023

RANDAL GEORGE
4164 Indian Trace
Lilburn, GA 30047
(404) 840-2822

NOTARY PUBLIC
Sworn to and subscribed before me
This April 26, 2023
My commission expires: July 24, 2024

tflf/vc

SHERIFF'S ENTRY OF SERVICE                                                     SERVE WIS 2ND FLOOR, COVINGTON, GA 30015

Civil Action No. _23SCE0423_____

Date Filed _April 13, 2023_____

Attorney's Address

_Stephen G. Carlson, Esq._
_The Fry Law Firm_
**1718 Peachtree St. NW, Suite 990**
**Atlanta, GA 30309**

Name and Address of Party to be Served.

_THE KROGER CO. c/o_
_CSC of Cobb County, Inc._
_192 Anderson Street SE, Suite 125_
_Marietta, GA 30060_

|  |  |
|---|---|
| Superior Court | ☐ |
| State Court | ☒ |
| Juvenile Court | ☐ |

| State Court of Cherokee County | Probate Court | ☐ |

**E-Filed**
23SCE0423
5/8/2023 1:04 PM  BW
Patty Baker, Clerk
Civil Division

Georgia, _CHEROKEE_____ COUNTY

_CHRISTINA BOYLES c/o_
_The Fry Law Firm_                                    Plaintiff

                                    **KEEP**

VS.

_THE KROGER CO., ABC_
_CORPORATIONS 1-3 and_
_JOHN DOES 1-3_                                    Defendant

_____

                                    Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy
of the within action and summons.
_4/1/23   0910_         _cop ser_

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

**NOTORIOUS** ☐

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☒

Served the defendant _CSC of Cobb County_____ a corporation
by leaving a copy of the within action and summons with _Terri Thompson_____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _12_ day of _Apr_____, 20 _23_.

_Terri Thompson_
_D005 18053_

                                    DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT