IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM JONES,<br><br>　　Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>　　Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW, William Jones ("Plaintiff" or "Mr. Jones"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Amazon.com Services, LLC. ("Defendant") for violations of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA"), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq.

1

## **JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## **ADMINISTRATIVE PROCEDURES**

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 1, 2022; the EEOC issued its Notice of Right to Sue on April 25, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a Male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

9.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*., in that he had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding his request for FMLA.

10.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

11.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

## FACTUAL ALLEGATIONS

12.

On or about November 22, 2020, Mr. Jones began working for Defendant as an Amazon Associate/Warehouse Worker.

13.

Mr. Jones informed Defendant of his disabling conditions.

14.

On or around August 11, 2022, Mr. Jones had a seizure while driving and totaled his car on his way to work.

15.

From on or around August 11, 2022, through August 18, 2022, Mr. Jones was out of work.

16.

During this time, Mr. Jones had two open medical cases with Defendant.

17.

On or around August 18, 2022, upon his return to work, Defendant terminated his employment.

18.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act by terminating his employment while he was on medical leave for his own serious health condition.

19.

Defendant retaliated against Plaintiff for requesting medical leave by terminating his employment as a result of needing FMLA leave.

20.

Others outside the Plaintiff's protected class, i.e. employees not needing and/or requesting FMLA leave, were treated differently.

21.

Plaintiff was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

22.

Plaintiff requested a reasonable accommodation of his disabilities.

23.

Specifically, Plaintiff requested medical leave.

24.

Defendant failed to engage in the interactive process with Plaintiff, even though doing so would not have been an undue hardship.

25.

Defendant terminated Plaintiff because he had a record of a disability and/or because it regarded him as disabled and/or because he engaged in protective activity.

26.

But for Plaintiff's disability status and/or request for a reasonable accommodation of the same, he would not have suffered the adverse employment action.

27.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for his disability.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

28.

Plaintiff re-alleges paragraphs 12-27 as if set forth fully herein.

29.

Plaintiff had a physical and mental impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

30.

Plaintiff's physical and mental impairment is a "disability" within the meaning of the ADA, as amended.

31.

Defendant was aware of Plaintiff's disability.

32.

Defendant regarded Plaintiff as having a disability such that he is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

33.

Plaintiff has a record of having a disability and/or perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

34.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

35.

Defendant terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

36.

Defendant terminated Plaintiff's employment because of his accommodation requests.

37.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

38.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

39.

Defendant treated other employees outside Plaintiff's protected class differently.

40.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

41.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

42.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

43.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical and mental well-being.

44.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

45.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

46.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

47.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA**

48.

Plaintiff re-alleges paragraphs 12-27 as if set forth fully herein.

49.

Plaintiff has physical and mental impairments which substantially limit one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

50.

Plaintiff's physical and mental impairments are "disabilities" within the meaning of the ADA, as amended.

51.

Defendant was aware of Plaintiff's disabilities.

52.

At all times relevant to this action, Plaintiff was a qualified individual with known or perceived disabilities as defined in the ADA.

53.

Plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

54.

Plaintiff requested that Defendant accommodate his disability by providing medical leave.

55.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding his request for a reasonable accommodation of his disability.

56.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

57.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

58.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

59.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disabilities.

60.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical and mental well-being.

61.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

62.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

63.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

64.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

65.

Plaintiff re-alleges paragraphs 12-27 as if set forth fully herein.

66.

Plaintiff has physical and mental impairments which substantially limit one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

67.

Plaintiff's physical and mental impairments are "disabilities" within the meaning of the ADA, as amended.

68.

Defendant was aware of Plaintiff's disabilities.

69.

At all times relevant to this action, Plaintiff was a qualified individual with known or perceived disabilities as defined in the ADA.

70.

Defendant terminated Plaintiff for requesting an accommodation for his disabilities and/or perceived disabilities.

71.

Plaintiff's request for an accommodation of his disabilities and/or perceived

disabilities constitutes protected conduct under the ADA, as amended.

72.

Defendant retaliated against Plaintiff by terminating his employment on the basis of his request for an accommodation.

73.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

74.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

75.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

76.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

77.

As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

78.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

79.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

80.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT IV:  FMLA INTERFERENCE

81.

Plaintiff re-alleges paragraphs 12-27 as if set forth fully herein.

82.

Defendant is an 'employer' as defined by the FMLA.

83.

Plaintiff was an eligible employee under the FMLA.

84.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

85.

Plaintiff was employed by Defendant for more than 12 months.

86.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

87.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

88.

Plaintiff had a medical condition that required Plaintiff to take time off work.

89.

Plaintiff had a serious medical condition as defined by the FMLA.

90.

Defendant received notice of Plaintiff's need for protected medical leave for his medical condition on or about August 11, 2022.

91.

Defendant terminated Plaintiff's employment 7 days later, even though he was qualified under the FMLA for such leave.

92.

Defendant terminated Plaintiff's employment as a result of his requests for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

93.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

94.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to him solely because of his right to leave under the FMLA.

95.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B)

– including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

*[Signature on following page.]*

Respectfully submitted this 18th day of May 2023.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff William Jones*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com

20