IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TEMIKA WILKES, | |
| Plaintiffs, | Civil Action No. _____ |
| v. | |
| GWINNETT COUNTY d/b/a ANIMAL WELFARE & ENFORCEMENT (AWE) A DIVISION of the GWINNETT COUNTY DEPARTMENT OF COMMUNITY SERVICES. | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff files this Complaint against her former employer, Defendant Gwinnett County d/b/a Animal Welfare & Enforcement (AWE), A Division of the Gwinnett County Department of Community Services (hereinafter "Defendant"). Plaintiffs allege that Defendant discriminated and retaliated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). Plaintiff shows the Court as follows:

## JURISDICTION AND VENUE

1. Defendant is a political subdivision of the State of Georgia and a body corporate organized and existing under the Constitution of the State of Georgia.

2. Pursuant to O.C.G.A. § 36-1-5, Defendant Gwinnett County may be served with process through its Board of Commissioners at 75 Langley Drive, Lawrenceville, Georgia 30046, if formal service of process is not waived.

3. This Court has personal jurisdiction over Defendant Employer.

4. This Court has federal question jurisdiction over Plaintiffs' claims, pursuant to 28 U.S.C. § 1331. Plaintiff further invokes the pendent jurisdiction of the Court pursuant to 28 U.S.C. § 1367 to hear and decide his/her claims arising under Georgia law.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court. The unlawful employment practices described herein were committed within the above cited division of this district.

## ADMINISTRATIVE EXHAUSTION

6. Plaintiff has satisfied all administrative prerequisites for bringing her claims in this Court.

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (See "Exhibit A")

8.  The EEOC has issued a Notice of Right to Sue. (See "Exhibit B")

9.  Plaintiff timely brings this suit within ninety (90) days of receipt of her Notices of Right to Sue.

## FACTUAL ALLEGATIONS

10. Plaintiff is an African American female.

11. Plaintiff was an employee of Defendant.

12. Defendant is an "employer" within the meaning of the Title VII and Section 1981 and is subject to both statutes.

13. Plaintiff began working for a Defendant in January of 2021.

14. Defendant employed 15+ employees for each working day in each of twenty or more calendar weeks from 2018 throughout 2019.

## DISCRIMINATION

15. During the course of Plaintiff's employment, Defendant treated similarly situated males and non-African Americans more favorably than they treated females and African Americans.

16. For example, Plaintiff's coworker Vernon Sawyer is a white male. He had the same job as Plaintiff. However, Mr. Sawyer was provided a car and Plaintiff was not.

17. Mr. Sawyer's employees reported directly to him while Plaintiff's employees reported to her supervisor.

18. When Plaintiff started, her supervisor told her that many of her coworkers were unhappy that he had hired an African American employee.

19. When Plaintiff was hired, the county vet walked away from Plaintiff and refused to be introduced to her due to her race.

20. Plaintiff reported complaints of both race and gender discrimination to Defendant.

21. Despite Plaintiff's complaints, Defendant failed to remedy the discrimination.

22. Shortly after Plaintiff's complaints of discrimination, Plaintiff was terminated.

23. Plaintiff was the victim of disparate treatment due to her race.

24. Plaintiff was the victim of disparate treatment due to her gender.

25. Plaintiff's termination was due to her race, gender, and in retaliation for her complaints of discrimination.

26. Other similarly situated non-African American individuals were treated more favorably or not subjected to the same treatment as Plaintiff due to her race.

27. Plaintiff complained to Defendant about race discrimination, but no action was taken to alleviate the discrimination or to protect the Plaintiff.

28. Further, Plaintiff was harassed due to her race.

29. Specifically, co-workers and managers would commonly make racist comments to Plaintiff.

30. The comments her co-workers made were unwelcome by Plaintiff and made her feel uncomfortable.

31. The comments were directed to Plaintiff due to her race.

32. The racial harassment experienced by Plaintiff had the effect of unreasonably interfering with Plaintiff's work performance by creating an intimidating, hostile, and offensive working environment that affected Plaintiff's psychological well-being.

33. Specifically, the comments to Plaintiff were both pervasive and severe enough that they created a work environment that a reasonable person would consider intimidating, hostile, and abusive.

34. Again, this was all reported to Defendant, but Defendant took no action.

## RETALIATION

35. Plaintiff engaged in multiple complaints of both race discrimination and gender discrimination.

36. Shortly after her complaints, Plaintiff suffered multiple material adverse actions.

37. For example, shortly after Plaintiff's complaint to the Gwinnett County Human Resources Department and to a Gwinnett County Commissioner, Plaintiff was terminated.

38. On or around May 11, 2021, Plaintiff was terminated in retaliation for her complaints of sexual harassment and race discrimination.

39. Defendant violated Section 1981 and Title VII by discriminating against Plaintiff as set forth above and by terminating her employment for pretextual reasons and replacing her with less qualified non-African American employees.

40. Defendant acted with malice and/or with reckless indifference to Plaintiffs' federally protected rights.

## COUNT I: GENDER DISCRIMINATION

41. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

42. As a woman, Plaintiff is a member of protected groups.

43. As detailed above, throughout her employment with Defendant, Plaintiff was subjected to gender discrimination by Defendant's employees and management.

44. At all times relevant to this action, Defendant knew or should have known of the gender discrimination endured by Plaintiff and the existence of a harassing work

environment, and they failed to meaningfully remedy the workplace environment to protect Plaintiff.

45. Defendant willfully and wantonly disregarded Plaintiff's rights. Defendant's actions or inactions were undertaken in bad faith and constitute unlawful intentional gender discrimination in violation of Title VII.

46. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits (past and future), humiliation, and other indignities.

47. Plaintiff seeks all remedies available by law or equity.

## COUNT II: RACE DISCRIMINAITON IN VIOLATION OF BOTH TITLE VII AND SECTION 1981

48. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

49. As detailed above, Plaintiff was subjected to race discrimination by Defendant.

50. Plaintiff complained to Defendant about the discrimination she was facing, but Defendant chose to take no action.

51. Defendant's actions constitute unlawful and intentional race discrimination in violation of both Section 1981 and Title VII of the Civil Rights Act, as amended.

52. Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

53. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

54. Plaintiff seeks all remedies available by law or equity.

## COUNT III: RETALIATION

55. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

56. Plaintiff engaged in protected activity as detailed above.

57. After Plaintiff's protected activity as detailed above, she suffered materially adverse retaliatory actions.

58. Plaintiff's protected activity was the cause of Defendant's materially adverse retaliatory actions.

59. Defendant's adverse actions constitute unlawful retaliation in violation of law.

60. Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken intentionally and in bad faith.

61. As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

62. Plaintiff seeks all remedies available by law or equity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

a) A declaratory judgment that Defendant's practices complained of herein violated Plaintiff's rights under the law;

b) A permanent injunction enjoining Defendant, their officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under Title VII or because of their participation in this lawsuit;

c) Judgment in Plaintiff's favor and against Defendant under all Counts of this Complaint;

     d)     Award Plaintiff lost wages and benefits and other inequities resulting from Defendant's violations of the law;

     e)     Award Plaintiff front pay damages or her reinstatement.

     f)     Award Plaintiff compensatory damages

     g)     Order Defendant to make the Plaintiff whole by providing her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

     h)     Grant to Plaintiff reasonable attorney's fees together with any and all other costs associated with this action as provided by Title VII and state law violations;

     i)     Award Plaintiff nominal damages, and

     j)     Such other further relief as the Court deems just and proper.

Respectfully submitted this 18th day of May, 2023.

                                /s/ J. Stephen Mixon
                                J. Stephen Mixon, Jr.
                                Georgia Bar Number 514050
                                The Mixon Law Firm
                                3344 Peachtree Rd. NE, Suite 800
                                Atlanta, GA 30326
                                770-955-0100
                                steve@mixon-law.com

                                            Counsel for Plaintiff