# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ISAAC COOK, | ) |
| | ) |
| Plaintiff, | ) Civil Action File No. |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| DHL EXPRESS (USA), INC. d/b/a | ) |
| DHL SUPPLY CHAIN, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Isaac Cook ("Plaintiff" or "Cook") respectfully files this Complaint for Equitable Relief and Damages against DHL Express (USA), Inc. d/b/a DHL Supply Chain ("DHL") showing the Court as follows:

## INTRODUCTION

1. This is an action for age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA") and for race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Mr. Cook seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, liquidated

damages, compensatory and punitive damages, and attorney's fees and costs of litigation.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

3. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant DHL conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Mr. Cook timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which he complains.

5. Mr. Cook received a Notice of Right to Sue from the EEOC relating to his charge of discrimination, charge number 410-2022-03591.

6. Mr. Cook brings this suit within ninety (90) days of receiving the Notice of Right to Sue.

7. Thus, Mr. Cook has exhausted his administrative remedies.

## PARTIES

8. Mr. Cook is a citizen of the Unites States, a resident of the State of Georgia, and submits himself to the jurisdiction of this Court.

9. At all times relevant, Plaintiff was an employee within the meaning of the ADEA and Title VII.

10. Mr. Cook was 48 years old when DHL terminated his employment.

11. Mr. Cook is an African American male.

12. DHL is a covered employer under Title VII and the ADEA.

13. DHL conducts business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia.

14. DHL may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of, CT Corporation, 289 S. Culver Street, Lawrenceville, Georgia 30046.

## FACTUAL ALLEGATIONS

15. Mr. Cook began his employment with DHL in February 2019 and was most recently employed as an Operations Supervisor ("OS").

16. At the time DHL hired Mr. Cook, Mr. Cook had over 25 years of experience in logistics/supply chain and over 8 years in project management.

17. At the time Mr. Cook was hired, he was told he would be fast-tracked

to an Operations Manager ("OM") role because of his vast experience in logistics.

18. In his role as OS, Mr. Cook trained recent college graduates.

19. The lesser experienced, younger, white employees that Mr. Cook trained were routinely being promoted over him even though he is substantially more qualified for the promotions.

20. In March 2021, Mr. Cook applied for an OM position.

21. Prince Edwards, who had the sole discretion and authority to make the offer, verbally offered Mr. Cook the OM position.

22. Mr. Cook's salary requirement as OM, was $70,000, which was above Mr. Edward's authority.

23. Mr. Edwards told Mr. Cook he would need to get salary approval from "Comps" and meet with his team.

24. As a direct result of Mr. Edwards' offer of the OM position to Mr. Cook, Mr. Cook sent a text message to Mr. Edwards asking for feedback from meetings with Comps and team.

25. The only reason for Comps to be involved in Mr. Edwards' decision to promote Mr. Cook, was to clear Mr. Cook's salary request for the role of OM.

26. Mr. Edwards told Mr. Cook the team meeting was scheduled for April 9, 2021.

27.     Mr. Cook did not hear back for weeks on the OM promotion.

28.     Mr. Edwards ultimately reneged on the OM offer to Mr. Cook and the position was given to a younger, white male with substantially less logistics experience.

29.     After Mr. Cook did not receive the promotion, he complained to Human Resources that he believed he was denied the promotion because of his age and race.

30.     Mr. Cook explained that there were so many qualified Black employees that were being passed over for promotion in favor of younger, less qualified, white employees.

31.     In November 2021, Mr. Cook again applied for an OM position.

32.     Mr. Cook was denied the promotion a second time and told DHL was looking for someone with project management experience for the OM role.

33.     Mr. Cook had over eight (8) years of project management experience as noted on his application with DHL, and he was well qualified for the OM position.

34.     Mr. Cook was constructively discharged on February 19, 2022.

**COUNT I:  AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

32.     Mr. Cook incorporates by reference all the preceding paragraphs of the Complaint.

33. At all times material to this Complaint, Mr. Cook was Defendant's employee, and Defendant was Mr. Cook's employer, within the meaning of the ADEA.

34. At the time DHL hired Mr. Cook as an OS, Mr. Cook had over 25 years of experience in logistics/supply chain and over 8 years in project management.

35. At the time Mr. Cook was hired, he was told he would be fast-tracked to an OM role because of his vast experience in logistics.

36. In his role as OS, Mr. Cook trained recent college graduates.

37. The lesser experienced, younger, white employees that Mr. Cook trained were routinely being promoted over him even though he is substantially more qualified for the promotions.

38. Mr. Cook applied for at least two OM promotions, was denied the promotions, and lesser qualified white men were given the promotions.

39. Mr. Cook was constructively discharged on February 19, 2022, when DHL failed and refused to promote him to OM positions for which he was the most qualified applicant.

40. DHL discriminated against Mr. Cook, refused to promote him, and constructively discharged him because of his age in violation of the ADEA.

41. Defendant's discriminatory acts have caused Mr. Cook damages including but not limited to lost wages and benefits.

42. Defendant's discriminatory acts were willful within the meaning of the ADEA, and Mr. Cook is therefore entitled to liquidated damages under 29 U.S.C. § 626(b).

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

43. Mr. Cook incorporates by reference all the preceding paragraphs of the Complaint.

44. Mr. Cook is an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

45. DHL is an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

46. At the time DHL hired Mr. Cook as an OS, Mr. Cook had over 25 years of experience in logistics/supply chain and over 8 years in project management.

47. At the time Mr. Cook was hired, he was told he would be fast-tracked to an OM role because of his vast experience in logistics.

48. In his role as OS, Mr. Cook trained recent college graduates.

49. The lesser experienced, younger, white employees that Mr. Cook trained were routinely being promoted over him even though he is substantially more

qualified for the promotions.

50. Mr. Cook applied for at least two OM promotions, was denied the promotions, and lesser qualified white men were given the promotions.

51. Mr. Cook was constructively discharged on February 19, 2022, when DHL failed and refused to promote him to OM positions for which he was the most qualified applicant.

52. DHL discriminated against Mr. Cook because of his race when it repeatedly failed to promote him to OM and constructively discharged him.

53. Defendant's discriminatory treatment of Mr. Cook violated Title VII.

54. Defendant's actions were willful, deliberate, and intended to cause Mr. Cook harm and/or were committed with reckless disregard for the harm caused to him and were in derogation of his federally protected rights.

55. As a direct and proximate result of Defendant's actions, Mr. Cook has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

56. Pursuant to Title VII, Mr. Cook is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## **COUNT III:  RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

57. Mr. Cook incorporates by reference all preceding paragraphs of the Complaint.

58. 42 U.S.C. § 1981's prohibition on race discrimination in the making or enforcement of contracts applies to Mr. Cook's employment contract with Defendant.

59. At the time DHL hired Mr. Cook as an OS, Mr. Cook had over 25 years of experience in logistics/supply chain and over 8 years in project management.

60. At the time Mr. Cook was hired, he was told he would be fast-tracked to an OM role because of his vast experience in logistics.

61. In his role as OS, Mr. Cook trained recent college graduates.

62. The lesser experienced, younger, white employees that Mr. Cook trained were routinely being promoted over him even though he is substantially more qualified for the promotions.

63. Mr. Cook applied for at least two OM promotions, was denied the promotions, and lesser qualified white men were given the promotions.

64. Mr. Cook was constructively discharged on February 19, 2022, when DHL failed and refused to promote him to OM positions for which he was the most qualified applicant.

65. DHL discriminated against Mr. Cook because of his race when it repeatedly failed to promote him to OM and constructively discharged him.

66. Defendant's failure to promote Mr. Cook to OM and constructive discharge of Mr. Cook violated 42 U.S.C. § 1981.

67. Defendant acted with malice toward Mr. Cook.

68. Additionally, and in the alternative, Defendant acted with reckless disregard for Mr. Cook's federally protected rights.

69. As a direct and proximate result of Defendant's actions, Mr. Cook has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

70. Mr. Cook is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988, and all other relief recoverable under Section 1981.

## COUNT I:  RETALIATION IN VIOLATION OF THE ADEA

71. Mr. Cook incorporates by reference all the preceding paragraphs of the Complaint.

72. After being denied a promotion to OM, Mr. Smith complained to Human Resources that older Black employees were being passed over for promotion

in favor of less qualified, young, white employees.

73. After complaining to Human Resources about discrimination, Mr. Cook was again denied a promotion to OM and constructively discharged.

74. DHL retaliated against Mr. Cook, refused to promote him, and constructively discharged him because he complained about discrimination in violation of the ADEA.

75. Defendant's retaliatory acts have caused Mr. Cook damages including but not limited to lost wages and benefits.

76. Defendant's retaliatory acts were willful within the meaning of the ADEA, and Mr. Cook is therefore entitled to liquidated damages under 29 U.S.C. § 626(b).

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII

77. Mr. Cook incorporates by reference all the preceding paragraphs of the Complaint.

78. After being denied a promotion to OM, Mr. Smith complained to Human Resources that older Black employees were being passed over for promotion in favor of less qualified, young, white employees.

79. After complaining to Human Resources about discrimination, Mr. Cook was again denied a promotion to OM and constructively discharged.

80. DHL retaliated against Mr. Cook because of his race when it failed to promote him to OM and constructively discharged him.

81. Defendant's retaliatory treatment of Mr. Cook violated Title VII.

82. Defendant's actions were willful, deliberate, and intended to cause Mr. Cook harm and/or were committed with reckless disregard for the harm caused to him and were in derogation of his federally protected rights.

83. As a direct and proximate result of Defendant's actions, Mr. Cook has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

84. Pursuant to Title VII, Mr. Cook is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

**COUNT III:  RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**

85. Mr. Cook incorporates by reference all preceding paragraphs of the Complaint.

86. After being denied a promotion to OM, Mr. Smith complained to Human Resources that older Black employees were being passed over for promotion in favor of less qualified, young, white employees.

87. After complaining to Human Resources about discrimination, Mr. Cook was again denied a promotion to OM and constructively discharged.

88. DHL retaliated against Mr. Cook because of his protected conduct when it failed to promote him to OM and constructively discharged him.

89. Defendant's failure to promote Mr. Cook to OM and constructive discharge of Mr. Cook violated 42 U.S.C. § 1981.

90. Defendant acted with malice toward Mr. Cook.

91. Additionally, and in the alternative, Defendant acted with reckless disregard for Mr. Cook's federally protected rights.

92. As a direct and proximate result of Defendant's actions, Mr. Cook has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

93. Mr. Cook is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988, and all other relief recoverable under Section 1981.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

(a) Judgment in Mr. Cook's favor and against Defendant under all counts of this Complaint;

(b) An order that Defendant make Mr. Cook whole by providing for his out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, taking into account all raises to which Mr. Cook would have been entitled, together with interest thereon, all in an amount to be proven at trial;

(c) Order that Mr. Cook be reinstated to an OM position or, in the alternative, be awarded front pay;

(d) Grant to Mr. Cook compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(e) Grant to Mr. Cook punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant for its conduct toward Mr. Cook and deter Defendant from similar conduct in the future for Defendant's willful and intentional violations of federal law;

(f) Grant to Mr. Cook liquidated damages owed to him;

(g)     Grant to Mr. Cook a trial by jury on all issues so triable;

(h)     Grant to Mr. Cook his reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action; and

(i)     Grant such additional monetary and equitable relief as the Court deems proper and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 19th day of May 2023

**LEGARE, ATTWOOD & WOLFE, LLC**

 **Cheryl B. Legare**
Georgia Bar No. 038553
cblegare@law-llc.com

125 Clairemont Ave, Suite 380
Decatur, Georgia 30030
Tel: (470) 823-4000
Fax: (470) 201-1212
Counsel for Plaintiff