**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHRISTINA BOYLES, | ) | Case No. |
| Plaintiff, | ) ) ) | _____ |
| v. | ) ) | Removed from State Court of Cherokee County, Civil Action File No. 23SCE0423 |
| THE KROGER CO., ABC CORPORATIONS 1–3, and JOHN DOES 1–3, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW **THE KROGER CO.**, Defendant in the above-styled civil action, by and through undersigned counsel, and files this, its Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

**FIRST DEFENSE**

For a first defense, The Kroger Co. ("Defendant" or "Kroger") responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1

1.

Defendant Kroger admits that it operated a grocery store located at 6766 Hickory Flat Highway in Canton, Cherokee County, Georgia 30115, but denies that the subject incident as described in Plaintiff's Complaint took place on property owned, managed, or controlled by Defendant Kroger, as the incident occurred in the parking lot.

2.

Defendant Kroger admits the allegations contained in Paragraph 2 of Plaintiff's Complaint to the extent that it is a foreign corporation authorized to do business in Georgia, and but denies the remaining allegations in this paragraph.

3.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint, which therefore stand denied.

4.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, which therefore stand denied.

5.

Defendant Kroger denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant Kroger denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant Kroger denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, which therefore stand denied.

9.

Defendant Kroger admits it has certain statutory duties but denies they are as alleged.

10.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, which therefore stand denied.

11.

Defendant Kroger denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant Kroger admits it has certain statutory duties but denies they are as alleged.

13.

Defendant Kroger denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant Kroger denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant Kroger is without knowledge or information sufficient to allow it to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, which therefore stand denied.

16.

Defendant Kroger denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant Kroger denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant Kroger denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant Kroger denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant Kroger denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

Defendant Kroger denies that Plaintiff is entitled any of the relief requested in the unnumbered "Wherefore" Paragraph of Plaintiff's Complaint.

## SECOND DEFENSE

Plaintiff's failure to plead and itemize special damages in this action bars their recovery pursuant to O.C.G.A. § 9-11-9(g).

## THIRD DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damages alleged to have been sustained by Plaintiff.

## FOURTH DEFENSE

This action is or may be barred by the doctrine of contributory/comparative negligence. Plaintiff's negligence was greater than or equal to any negligence on the part of Defendant collectively. In the exercise of ordinary care, Plaintiff could have avoided the subject incident.

## FIFTH DEFENSE

Defendant has breached no duty owed to Plaintiff.

## SIXTH DEFENSE

Plaintiff may not recover against Defendant because no act or omission of Defendant or its employees was the legal cause or the proximate cause of Plaintiff's

alleged injuries and damages. Defendant did not breach a material duty owing to Plaintiff.

## SEVENTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

This Court lacks venue over Defendant.

## NINTH DEFENSE

This Court lacks personal jurisdiction over Defendant.

## TENTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully responded to the averments in Plaintiff's Complaint, Defendant The Kroger Co. respectfully prays:

(a) That judgment is rendered in favor of Kroger and against Plaintiff;

(b) That Kroger be discharged with all costs cast against Plaintiff;

(c) That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and

(d) For such other and further relief as is just and proper.

Respectfully submitted, this 19th day of May, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | ***/s/ Sarah Raquel L. Lisle*** |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road, N.E. | Georgia State Bar No.: 515323 |
| Suite 1700 – Salesforce Tower Atlanta | Sarah Raquel L. Lisle |
| Atlanta, Georgia 30326 | Georgia State Bar No.: 412593 |
| Telephone:   (404) 870-7386 | Jeremy A. Freiman |
| Facsimile:    (404) 870-1033 | Georgia State Bar No.: 786086 |
| | *Attorneys for The Kroger Co.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record who are non-CM/ECF participants.  Counsel of record is as follows:

Stephen G. Carlson, Esq.
Randal E. Fry, Esq.
**THE FRY LAW FIRM**
1718 Peachtree Street, NW
Suite 990
Atlanta, Georgia 30306
stephen@frygoehring.com
randy@frygoehring.com
*Attorneys for Plaintiff*

This is to further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1.  It is prepared in Times New Roman 14-point font.

[SIGNATURE ON FOLLOWING PAGE.]

Respectfully submitted, this 19th day of May, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** <br> **MOFFETT & BRIESKE, L.L.P.** <br> 950 East Paces Ferry Road, N.E. <br> Suite 1700 – Salesforce Tower Atlanta <br> Atlanta, Georgia 30326 <br> Telephone:  (404) 870-7386 <br> Facsimile:   (404) 870-1033 | <u>*/s/ Sarah Raquel L. Lisle*</u> <br> Matthew G. Moffett <br> Georgia State Bar No.: 515323 <br> Sarah Raquel L. Lisle <br> Georgia State Bar No.: 412593 <br> Jeremy A. Freiman <br> Georgia State Bar No.: 786086 <br> *Attorneys for The Kroger Co.* |