# EXHIBIT A

https://researchga.tylerhost.net/CourtRecordsSearch/ViewCasePrint/32fc4ff325db545981ec896f759957d2

## Case Information

# JOHNSON, Sr. VS KNIGHT REFRIGERATED LLC et al

23-C-01971-S6

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Gwinnett - State Court | Civil | Tort - Auto Tort | 3/24/2023 |

| Judge | Case Status | | |
|---|---|---|---|
| Cope, Veronica | Open (Pending) | | |

## Parties [5]

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff | JUSTINA JOHNSON | | ALAN J HAMILTON, E DOUGLAS DISANDRO, JR |
| Plaintiff | TONY JOHNSON, SR | | ALAN J HAMILTON, E DOUGLAS DISANDRO, JR |
| Defendant | KNIGHT REFRIGERATED LLC | | JENNA M FOWLER, RICHARD E ZELONKA, JR |
| Defendant | RED RISK RETENTION GROUP INC | | Pro Se |
| Defendant | JOHN KECK | | JENNA M FOWLER, RICHARD E ZELONKA, JR |

## Events [24]

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 3/24/2023 | Filing | Summons | JOHN KECK | 2023.03.24 - Summons (Keck).pdf |
| 3/24/2023 | Filing | Summons | KNIGHT REFRIGERATED LLC | 2023.03.24 - Summons (Knight Refrigerated).pdf |
| 3/24/2023 | Filing | Summons | KNIGHT TRANPORTATION INC | 2023.03.24 - Summons (Knight Trans).pdf |
| 3/24/2023 | Filing | Request for Production | | 2023.03.24 - 1st RPDs to Knight + Keck.pdf |
| 3/24/2023 | Filing | Interrogatories | | 2023.03.24 - 1st Rogs to Transtar.pdf |
| 3/24/2023 | Filing | General Civil/Dom Relations Case Filing Form | | General Civil/Dom Relations Case Filing Form.pdf |
| 3/24/2023 | Filing | Complaint with Jury Demand | | 2023.03.24 - Complaint.pdf |
| 3/24/2023 | Filing | Interrogatories | | 2023.03.24 - 1st Rogs to Knight + Keck.pdf |
| 3/24/2023 | Filing | Request for Admissions | | 2023.03.24 - 1st RFAs to Knight + Keck.pdf |
| 3/24/2023 | Filing | Request for Production | | 2023.03.24 - 1st RPDs to Transtar.pdf |
| 3/24/2023 | Filing | General Civil/Dom Relations Case Filing Form | | 2023.03.24 - Case Initiation Form.pdf |
| 3/24/2023 | Filing | Request for Admissions | | 2023.03.24 - 1st RFAs to Transtar.pdf |
| 3/24/2023 | Filing | Summons | TRANSTAR INSURANCE BROKERS INC | 2023.03.24 - Summons (Transtar).pdf |
| 3/27/2023 | Filing | Affidavit of Process Server | on Defendant Knight Transportation, Inc. | 2023.03.27 - Notice of Filing Affidavit of Service (Knight Transportation).pdf |
| 3/27/2023 | Filing | Affidavit of Process Server | on Defendant Transtar Insurance Brokers, Inc. | 2023.03.27 - Notice of Filing Affidavit of Service (Transtar).pdf |
| 4/6/2023 | Filing | Affidavit of Service | Knight Refrigerated LLC | 2023.04.06 - Notice of Filing Affidavit of Service (Knight Refrigerated).pdf |
| 4/6/2023 | Filing | Affidavit of Service | John Keck | 2023.04.06 - Notice of Filing Affidavit of Service (Keck).pdf |
| 4/14/2023 | Filing | Consent Motion | to Drop and Add Parties | Keck (Johnson) Consent Motion to Drop and Add.pdf |
| 4/19/2023 | Filing | ORDER | Order Adding and Dropping Party | Johnson v Knight Refrigerated Order Adding and Dropping Party.pdf |
| 4/21/2023 | Filing | STIPULATION | Joint Extending Time | Joint Stipulation Extending Time to File a Response to Complaint and Discovery Requests.pdf |
| 4/27/2023 | Filing | Motion | Admission Pro Hac Vice of E. Douglas DiSandro, Jr., Esq. | 2023.04.27 - Verified PHV Motion.pdf |

| Date | Event | Type | Comments | Documents |
|------|-------|------|----------|-----------|
| 5/19/2023 | Filing | Answer | John Keck | Defendant John Keck's Answer and Affirmative Defenses .pdf |
| 5/19/2023 | Filing | Answer | Knight Refrigerated LLC | Defendant Knight Refrigerated, LLC's Answer and Affirmative Defenses.pdf |
| 5/19/2023 | Filing | Answer | Red Rock Risk Retention Group Inc | Defendant Red Rock Risk Retention Group, Inc.'s Answer and Affirmative Defenses .pdf |

© 2023 Tyler Technologies, Inc. | All Rights Reserved
Version: 2023.3.0.19



E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01971-S6**
**3/24/2023 2:57 PM**
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☐ **State Court of** _____ **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 23-C-01971-S6 |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _____    **Bar Number** _____    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                            **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01971-S6**
**3/24/2023 2:57 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

**PLAINTIFF**

VS.

_____

_____

_____

**DEFENDANT**

CIVIL ACTION
NUMBER: **23-C-01971-S6**
_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   **TRANSTAR INSURANCE BROKERS, INC.**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

24th day of March, 2023

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**SC-1 Rev. 2011**

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01971-S6**
**3/24/2023 2:57 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

PLAINTIFF

VS.

_____

_____

_____

DEFENDANT

CIVIL ACTION
NUMBER:_____   **23-C-01971-S6**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   **KNIGHT REFRIGERATED, LLC**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

24th day of March, 2023

Tiana P. Garner
**Clerk of State Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01971-S6**
**3/24/2023 2:57 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

         **PLAINTIFF**

VS.

_____

_____

_____

         **DEFENDANT**

CIVIL ACTION
NUMBER:_____  **23-C-01971-S6**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**  **JOHN KECK**

    **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This _____ day of _____,  20_____.**

      24th day of March, 2023

                        **Tiana P. Garner**
                      **Clerk of State Court**

              **By**_____
                          **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01971-S6**
**3/24/2023 2:57 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

CIVIL ACTION
NUMBER: **23-C-01971-S6**

_____

                    PLAINTIFF

VS.

_____

_____

_____

                    DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**    ## KNIGHT REFRIGERATED, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

24th day of March, 2023

Tiana P. Garner
**Clerk of State Court**

By _____
                    **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01971-S6**

**4/6/2023 3:29 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA JOHNSON,
ISABELLA JOHNSON, a minor, by and through
her Parents and Next Friends, TONY JOHNSON,
SR. and JUSTINA JOHNSON, and TONY
JOHNSON, JR., a minor, by and through his
Parents and Next Friends, TONY JOHNSON, SR.,
and JUSTINA JOHNSON,

     *Plaintiffs,*

v.

KNIGHT REFRIGERATED, LLC, KNIGHT
TRANSPORTATION, INC., JOHN KECK, and
TRANSTAR INSURANCE BROKERS, INC.,

     *Defendants.*

CIVIL ACTION NO. 23-C-01971-S6

## PLAINTIFFS' NOTICE OF FILING PROOF OF SERVICE ON DEFENDANT JOHN KECK

COME NOW Plaintiffs in the above-styled case and file a Proof of Service, which is attached hereto and incorporated herein, showing service of process on Defendant John Keck. On March 31, 2023, Marissa Nail, a private process server, served Defendant John Keck by serving his wife and co-occupant at his residence located at 301 SE Thanksgiving Avenue, Port St. Lucie, FL 34984, with the following:

1. Summons;

2. Complaint;

3. Plaintiffs' First Request for Admissions to Defendant Transtar Insurance Brokers, Inc.;

4. Plaintiffs' First Continuing Interrogatories to Defendant Transtar Insurance Brokers, Inc.; and

5. Plaintiffs' First Request for Production of Documents to Defendant Transtar Insurance Brokers, Inc.

6. Plaintiffs' First Request for Admissions to Defendants Knight Refrigerated, LLC Knight Transportation, Inc. and John Keck;

7. Plaintiffs' First Continuing Interrogatories to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck;

8. Plaintiffs' First Request for Production of Documents to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck.

This 6th day of April, 2023.

Respectfully submitted,

**SHIVER HAMILTON CAMPBELL, LLC**

/s/ *Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698
***Attorney for Plaintiffs***

3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

| Attorney or Party without Attorney:<br>Robert J. Mongeluzzi, Esq. (Pro Hac Vice Pending)<br>Saltz Mongeluzzi & Bendesky PC<br>1650 Market Street 52nd Floor<br>Philadelphia, PA 19103<br>    Telephone No:  215-575-3899 | | *For Court Use Only* |
|---|---|---|
| Attorney For:  Plaintiff | Ref. No. or File No.:<br>Johnson Family (2022-0345) | |
| Insert name of Court, and Judicial District and Branch Court:<br>In The State Court Of Gwinnett County State Of Georgia | | |
| Plaintiff:   TONY JOHNSON, SR., et al.<br>Defendant:  KNIGHT REFRIGERATED, LLC, et al. | | |

| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>23-C-01971-S6 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS KNIGHT REFRIGERATED, LLC, KNIGHT TRANSPORTATION, INC. AND JOHN KECK; PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO DEFENDANTS KNIGHT REFRIGERATED; LLC, KNIGHT TRANSPORTATION, INC. AND JOHN KECK; PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANTS KNIGHT REFRIGERATED, LLC, KNIGHT TRANSPORTATION, INC. AND JOHN KECK

3. *a.*  Party served:    John Keck
   *b.*  Person served:   Colleen Keck, Wife/Co-Occupant

4. *Address where the party was served:*   301 SE Thanksgiving Ave, Port St Lucie, FL 34984

5. *I served the party:*
   a. **by substituted service.** I delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri, Mar 31 2023 (2) at: 04:05 PM

6. *Person Who Served Papers:*
   a. Marissa Nail                                    d. *The Fee for Service was:*
   b. FIRST LEGAL
      3600 Lime Street, Suite 626
      RIVERSIDE, CA 92501
   c. (888) 599-5039

7. *I declare under penalty of perjury that the foregoing is true and correct.*

4/3/23                        _Marissa Nail_
_____                _____
(Date)                          (Signature)



**PROOF OF
SERVICE**

*8637161
(364706)*

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01971-S6**

**4/6/2023 3:29 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA JOHNSON,
ISABELLA JOHNSON, a minor, by and through
her Parents and Next Friends, TONY JOHNSON,
SR. and JUSTINA JOHNSON, and TONY
JOHNSON, JR., a minor, by and through his
Parents and Next Friends, TONY JOHNSON, SR.,
and JUSTINA JOHNSON,

        *Plaintiffs,*

v.

KNIGHT REFRIGERATED, LLC, KNIGHT
TRANSPORTATION, INC., JOHN KECK, and
TRANSTAR INSURANCE BROKERS, INC.,

        *Defendants.*

CIVIL ACTION NO. 23-C-01971-S6

## PLAINTIFFS' NOTICE OF FILING PROOF OF
## SERVICE ON DEFENDANT KNIGHT REFRIGERATED, LLC

COME NOW Plaintiffs in the above-styled case and file a Proof of Service, which is
attached hereto and incorporated herein, showing service of process on Defendant Knight
Refrigerated, LLC.  On April 3, 2023, Michael Cryan, a private process server, served Defendant
Knight Refrigerated, LLC by serving its registered agent, James Brophy, at 3200 N Central
Avenue, Suite 1600, Phoenix, AZ 85012, with the following:

1. Summons;

2. Complaint;

3. Plaintiffs' First Request for Admissions to Defendant Transtar Insurance Brokers, Inc.;

4. Plaintiffs' First Continuing Interrogatories to Defendant Transtar Insurance Brokers,
   Inc.; and

5. Plaintiffs' First Request for Production of Documents to Defendant Transtar Insurance
   Brokers, Inc.

6.  Plaintiffs' First Request for Admissions to Defendants Knight Refrigerated, LLC Knight Transportation, Inc. and John Keck;

7.  Plaintiffs' First Continuing Interrogatories to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck;

8.  Plaintiffs' First Request for Production of Documents to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck.

This 6th day of April, 2023.

Respectfully submitted,

**SHIVER HAMILTON CAMPBELL, LLC**

/s/ *Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698
***Attorney for Plaintiffs***

3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

| Attorney or Party without Attorney:<br>Robert J. Mongeluzzi, Esq. (Pro Hac Vice Pending)<br>Saltz Mongeluzzi & Bendesky PC<br>1650 Market Street 52nd Floor<br>Philadelphia, PA 19103<br>  Telephone No:  215-575-3899 | | *For Court Use Only* |
|---|---|---|
| Attorney For: Plaintiff | *Ref. No. or File No.:*<br>Johnson Family (2022-0345) | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>In The State Court Of Gwinnett County State Of Georgia | | |
| *Plaintiff:*  TONY JOHNSON, SR., et al.<br>*Defendant:*  KNIGHT REFRIGERATED, LLC, et al. | | |

| PROOF OF SERVICE | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>23-C-01971-S6 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; COMPLAINT; PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS KNIGHT REFRIGERATED, LLC, KNIGHT TRANSPORTATION, INC. AND JOHN KECK; PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO DEFENDANTS KNIGHT REFRIGERATED, LLC, KNIGHT TRANSPORTATION, INC. AND JOHN KECK; PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANTS KNIGHT REFRIGERATED, LLC, KNIGHT TRANSPORTATION, INC. AND JOHN KECK

3.  *a.*  Party served:     Knight Refrigerated, LLC
    *b.*  Person served:    James Brophy, Esq., Registered Agent , Caucasian , Male , Age: 70 , Hair: Gray , Height: 6'0" , Weight: 190

4.  *Address where the party was served:*    3200 N Central Ave Suite 1600, Phoenix, AZ 85012

5.  *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon, Apr 03 2023 (2) at: 09:37 AM

6.  **Person Who Served Papers:**
    a. Michael Cryan (5491, Maricopa County)                            d. *The Fee for Service was:*
    b. **FIRST LEGAL**
       3600 Lime Street, Suite 626
       RIVERSIDE, CA 92501
    c. (888) 599-5039

7.  *I declare under penalty of perjury that the foregoing is true and correct.*

| 04/04/2023 | |
|---|---|
| *(Date)* | *(Signature)* |



8637153
(364705)

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01971-S6**

**3/27/2023 3:30 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA JOHNSON,
ISABELLA JOHNSON, a minor, by and through
her Parents and Next Friends, TONY JOHNSON,
SR. and JUSTINA JOHNSON, and TONY
JOHNSON, JR., a minor, by and through his
Parents and Next Friends, TONY JOHNSON, SR.,
and JUSTINA JOHNSON,

        *Plaintiffs,*

v.

KNIGHT REFRIGERATED, LLC, KNIGHT
TRANSPORTATION, INC., JOHN KECK, and
TRANSTAR INSURANCE BROKERS, INC.,

        *Defendants.*

CIVIL ACTION NO. 23-C-01971-S6

### PLAINTIFFS' NOTICE OF FILING AFFIDAVIT OF SERVICE ON DEFENDANT TRANSTAR INSURANCE BROKERS, INC.

COME NOW Plaintiffs in the above-styled case and file the Affidavit of Service, which is attached hereto and incorporated herein, showing service of process on Defendant Transtar Insurance Brokers, Inc. On March 27, 2023, Craig Brazeman, a duly appointed private process server, served Defendant Transtar Insurance Brokers, Inc., by serving its registered agent, Corporation Service Company with the following:

1. Summons;

2. Complaint;

3. Plaintiffs' First Request for Admissions to Defendant Transtar Insurance Brokers, Inc.;

4. Plaintiffs' First Continuing Interrogatories to Defendant Transtar Insurance Brokers, Inc.; and

5. Plaintiffs' First Request for Production of Documents to Defendant Transtar Insurance Brokers, Inc.

6.  Plaintiffs' First Request for Admissions to Defendants Knight Refrigerated, LLC Knight Transportation, Inc. and John Keck;

7.  Plaintiffs' First Continuing Interrogatories to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck;

8.  Plaintiffs' First Request for Production of Documents to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck.

This 27th day of March, 2023.

Respectfully submitted,

**SHIVER HAMILTON CAMPBELL, LLC**

/s/ *Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698
***Attorney for Plaintiffs***

3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

## IN THE STATE COURT OF GWINETT COUNTY
## STATE OF GEORGIA

Tony Johnson, Sr., Justina )
Johnson, Isabella Johnson, )
and Tony Johnson, Jr., )                    CIVIL ACTION FILE
                                            )
        Plaintiffs, )                        . NO.: 23-C-01971-S6
                                            )
v. )
                                            )
Knight Refrigerated, LLC, Knight )
Transportation, Inc., John Keck, and )
Transtar Insurance Brokers, Inc., )
                                            )
        Defendants. )

### AFFIDAVIT OF SERVICE
(Re: Transtar Insurance Brokers, Inc.)

Came and appeared before me, a Notary Public authorized to take oaths, Craig Brazeman, who, having been duly sworn stated and deposed to me as follows:

1.

That I have the intellectual capacity to make an oath and have knowledge of the facts that make this affidavit.

2.

That I am sui juris, over the age of twenty one (21), and have a residence in the State of Georgia.

3.

That I am employed as a Licensed Private Detective and Certified Process Server (Georgia).

4.

That I am in no way a party to the above-styled action.

5.

That I am authorized by Order of this Court to serve process of related documents/pleadings.

6.

That I was hired to serve process of the following documents/pleadings:

a) Summons;

b) Complaint;

c) Plaintiffs' First Requests for Admission to Defendant Transtar Insurance Brokers, Inc.;

d) Plaintiffs' First Requests for Admission to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck;

e) Plaintiffs' First Continuing Interrogatories to Defendant Transtar Insurance Brokers, Inc.;

f) Plaintiffs' First Continuing Interrogatories to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck;

g) Plaintiffs' First Request for Production of Documents to Defendant Transtar Insurance Brokers, Inc.; and

h) Plaintiffs' First Request for Production of Documents to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck.

7.

That on March 27th, 2023 at 10:55 a.m., I served Transtar Insurance Brokers, Inc., an above-named Defendant, with the above documents/pleadings by placing said documents/pleadings in the hands of Alisha M. Smith, an authorized agent with the Corporation Service Company, while located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

This 27th day of March, 2023.

Craig Brazeman

Sworn to and subscribed before me
this 27th day of March, 2023.

NOTARY PUBLIC
My commission expires: 1/10/2027

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:

22 C 06401 - 4

ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___17th___ day of ___November___, 20__22__

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name    _Craig Philip Brazeman_

Address  _5400 Glenridge Drive._

_# 422473_

_Atlanta, Georgia 30342_

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01971-S6**

**3/27/2023 3:30 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA JOHNSON,
ISABELLA JOHNSON, a minor, by and through
her Parents and Next Friends, TONY JOHNSON,
SR. and JUSTINA JOHNSON, and TONY
JOHNSON, JR., a minor, by and through his
Parents and Next Friends, TONY JOHNSON, SR.,
and JUSTINA JOHNSON,

        *Plaintiffs,*

v.

KNIGHT REFRIGERATED, LLC, KNIGHT
TRANSPORTATION, INC., JOHN KECK, and
TRANSTAR INSURANCE BROKERS, INC.,

        *Defendants.*

CIVIL ACTION NO. 23-C-01971-S6

## PLAINTIFFS' NOTICE OF FILING AFFIDAVIT OF SERVICE ON DEFENDANT KNIGHT TRANSPORTATION, INC.

COME NOW Plaintiffs in the above-styled case and file the Affidavit of Service, which is attached hereto and incorporated herein, showing service of process on Defendant Knight Transportation, Inc. On March 27, 2023, Craig Brazeman, a duly appointed private process server, served Defendant Knight Transportation, Inc., by serving its registered agent, CT Corporation System, with the following:

1. Summons;

2. Complaint;

3. Plaintiffs' First Request for Admissions to Defendants Knight Refrigerated, LLC Knight Transportation, Inc. and John Keck;

4. Plaintiffs' First Continuing Interrogatories to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck;

5. Plaintiffs' First Request for Production of Documents to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck.

6. Plaintiffs' First Request for Admissions to Defendant Transtar Insurance Brokers, Inc.;

7. Plaintiffs' First Continuing Interrogatories to Defendant Transtar Insurance Brokers, Inc.; and

8. Plaintiffs' First Request for Production of Documents to Defendant Transtar Insurance Brokers, Inc.

This 27th day of March, 2023.

Respectfully submitted,

**SHIVER HAMILTON CAMPBELL, LLC**

/s/ *Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698
***Attorney for Plaintiffs***

3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

## IN THE STATE COURT OF GWINETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Tony Johnson, Sr., Justina | ) | |
| Johnson, Isabella Johnson, | ) | |
| and Tony Johnson, Jr., | ) | CIVIL ACTION FILE |
| | ) | |
| Plaintiffs, | ) | NO.: 23-C-01971-S6 |
| | ) | |
| v. | ) | |
| | ) | |
| Knight Refrigerated, LLC, Knight | ) | |
| Transportation, Inc., John Keck, and | ) | |
| Transtar Insurance Brokers, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF SERVICE
(Re: Knight Transportation, Inc.)

Came and appeared before me, a Notary Public authorized to take oaths, Craig Brazeman, who, having been duly sworn stated and deposed to me as follows:

1.

That I have the intellectual capacity to make an oath and have knowledge of the facts that make this affidavit.

2.

That I am sui juris, over the age of twenty one (21), and have a residence in the State of Georgia.

3.

That I am employed as a Licensed Private Detective and Certified Process Server (Georgia).

4.

That I am in no way a party to the above-styled action.

5.

That I am authorized by Order of this Court to serve process of related documents/pleadings.

6.

That I was hired to serve process of the following documents/pleadings:

a)   Summons;

b) Complaint;
c) Plaintiffs' First Requests for Admission to Defendant.Transtar Insurance Brokers, Inc.;
d) Plaintiffs' First Requests for Admission to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck;
e) Plaintiffs' First Continuing Interrogatories to Defendant Transtar Insurance Brokers, Inc.;
f) Plaintiffs' First Continuing Interrogatories to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck;
g) Plaintiffs' First Request for Production of Documents to Defendant Transtar Insurance Brokers, Inc.; and
h) Plaintiffs' First Request for Production of Documents to Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. and John Keck.

7.

That on March 27th, 2023 at 10:18 a.m., I served Knight Transportation, Inc., an above-named Defendant, with the above documents/pleadings by placing said documents/pleadings in the hands of Jane Richardson, an authorized agent with C T Corporation System, while located at 289 South Culver Street, Lawrenceville, Georgia 30046.

This 27th day of March, 2023.

Craig Brazeman

Sworn to and subscribed before me this 27th day of March, 2023.

NOTARY PUBLIC
My commission expires: 1/10/2027



IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:

## 22 C 06401 - 4

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___17th___ day of ___November___, 20_22_

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name    _Craig Philip Brazeman_

Address  _5400 Glenridge Drive._

_# 422473_

_Atlanta, Georgia 30342_

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/27/2023
CT Log Number 543491278

## Service of Process Transmittal Summary

**TO:**    ARACELI DELEON
Swift Transportation Services, LLC
2200 S 75th Ave
Phoenix, AZ 85043-7410

**RE:**    **Process Served in Georgia**

**FOR:**    Knight Transportation, Inc.  (Domestic State: AZ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TONY JOHNSON, SR., JUSTINA JOHNSON, ISABELLA JOHNSON, a minor, by and through her Parents and Next Friends, TONY JOHNSON, SR. and JUSTINA JOHNSON, and TONY JOHNSON, JR., a minor, by and through his Parents and Next Friends, TONY JOHNSON, SR., and JUSTINA JOHNSON, // To: Knight Transportation, Inc. |
| **CASE #:** | 23C01971S6 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/27/2023 at 11:31 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  ARACELI DELEON  Araceli_Deleon@swifttrans.com |
| | Email Notification,  Anne Rowell  anne_rowell@swifttrans.com |
| | Email Notification,  Jenelle Terwilliger  jenelle.terwilliger@mohaveinsco.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
289 S. Culver St.
Lawrenceville, GA 30046
888-579-0286
AffiliateTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, Mar 27, 2023
**Server Name:**                   Drop Service

| Entity Served | KNIGHT TRANSPORTATION, INC. |
|---|---|
| Case Number | 23C01971S6 |
| Jurisdiction | GA |

| Inserts |
|---|
|  |



E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-01971-S6
3/24/2023 2:57 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Tony Johnson, Sr., Justina**

**Johnson, Isabella Johnson,**

**and Tony Johnson, Jr.**

PLAINTIFF

CIVIL ACTION
NUMBER:_____ 23-C-01971-S6

VS.

**Knight Refrigerated, LLC, Knight**

**Transportation, Inc., John Keck, and**

**Transtar Insurance Brokers, Inc.**

DEFENDANT

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:   KNIGHT TRANSPORATION, INC.**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Alan J. Hamilton, Esq.
Shiver Hamilton Campbell, LLC
3490 Piedmont Road, Suite 640
Atlanta, GA 30305

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20\_\_\_\_.

24th day of March, 2023

Tiana P. Garner
Clerk of State Court,

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - CI
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01971-S6**
**3/24/2023 2:57 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| TONY JOHNSON, SR., JUSTINA JOHNSON, ISABELLA JOHNSON, a minor, by and through her Parents and Next Friends, TONY JOHNSON, SR. and JUSTINA JOHNSON, and TONY JOHNSON, JR., a minor, by and through his Parents and Next Friends, TONY JOHNSON, SR., and JUSTINA JOHNSON, | |
| *Plaintiffs,* | **JURY TRIAL DEMANDED** |
| | 23-C-01971-S6 |
| v. | CIVIL ACTION NO. _____ |
| KNIGHT REFRIGERATED, LLC, KNIGHT TRANSPORTATION, INC., JOHN KECK, and TRANSTAR INSURANCE BROKERS, INC., | |
| *Defendants.* | |

## COMPLAINT

COME NOW, Plaintiffs, Tony Johnson, Sr., Justina Johnson, Isabella Johnson, a minor, by and through her Parents and Next Friends, Tony Johnson, Sr. and Justina Johnson, and Tony Johnson Jr., a minor, by and through his Parents and Next Friends, Tony Johnson, Sr. and Justina Johnson ("Plaintiffs"), and make and file this complaint against Defendants Knight Refrigerated, LLC, Knight Transportation, Inc., John Keck, and Transtar Insurance Brokers, Inc., and show this Honorable Court as follows:

1.      This is an action for personal injury damages arising out of a motor vehicle collision that took place on July 17, 2021, on Interstate 95 near mile marker 16 in Camden County, Georgia.

## PARTIES, JURIDICTION AND VENUE

2.      Tony Johnson, Sr., Justina Johnson, Isabella Johnson, and Tony Johnson, Jr. are residents of the Commonwealth of Pennsylvania.

- 1 -

3.      Defendant Knight Refrigerated, LLC is a foreign corporation authorized to transact business in the State of Georgia. Defendant Knight Refrigerated, LLC is organized and incorporated under the laws of Arizona, with its principal place of business located at 5601 West Buckeye Road, Phoenix, AZ 85043. Service may be made upon Defendant Knight Refrigerated, LLC by serving its registered agent, RCA Service Co., LLC, Attn: James Brophy, 3200 N. Central Avenue, Suite 1600, Phoenix, AZ 85012. Once served with process, Defendant Knight Refrigerated, LLC will be subject to the jurisdiction and venue of this Court.

4.      Defendant Knight Transportation, Inc. is a foreign corporation authorized to transact business in the State of Georgia. Defendant Knight Transportation, Inc. is organized and incorporated under the laws of Arizona, with its principal place of business located at 2002 West Wahalla Lane, Phoenix, AZ 85027. Defendant Knight Transportation, Inc. maintains its registered office in Gwinnett County, Georgia. Service may be made upon Defendant Knight Transportation, Inc. by serving its registered agent, CT Corporation System, at 289 South Culver Street, Lawrenceville, Georgia 30046. Once served with process, Defendant Knight Transportation Inc. will be subject to the jurisdiction and venue of this Court.

5.      Defendants Knight Refrigerated, LLC and Knight Transportation, Inc. are hereinafter collectively referred to as "the Knight Defendants".

6.      Defendant John Keck ("Defendant Keck") is an individual who was operating a vehicle in Georgia and was involved in the collision described below. He is a resident of Port Saint Lucie, Florida, and is subject to the jurisdiction and venue of this Court. Said Defendant may be served with process at his residence located at 301 SE Thanksgiving Avenue, Port Saint Lucie, St. Lucie County, FL 34984. Once served with process, Defendant John Keck will be subject to the jurisdiction and venue of this Court.

7.      Defendant Transtar Insurance Brokers, Inc. ("Defendant Transtar") is an insurance corporation authorized to transact business in the State of Georgia. Defendant Transtar is organized and incorporated under the laws of Arizona, with its principal place of business located at 5450 East High Street, Suite 300, Phoenix, AZ 85054. Defendant Transtar maintains its registered office in Gwinnett County, Georgia.  Service may be made upon Defendant Transtar Insurance Brokers, Inc. by serving its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. Once served with process, Defendant Transtar will be subject to the jurisdiction and venue of this Court.

8.      This Court has subject matter jurisdiction over the claims asserted in this Complaint.

9.      Defendants are subject to the jurisdiction and venue of this Court.

## OPERATIVE FACTS

10.      On July 17, 2021, Defendant Keck was operating a commercial vehicle northbound on Interstate 95 near mile marker 16 in Camden County, Georgia.

11.      Defendant Keck was operating his vehicle in the course and scope of his employment, duty, and/or agency with and for the Knight Defendants.

12.      On the same date and at approximately the same time, Plaintiff Tony Johnson, Sr. was operating a southbound vehicle on Interstate 95 in Georgia that was occupied by Plaintiffs Justina Johnson, Isabella Johnson, and Tony Johnson, Jr.

13.      As Defendant Keck was traveling on Interstate 95, suddenly and without warning, he lost control of his vehicle, crossing multiple lanes of traffic and striking another vehicle on the roadway.

14.     Defendant Keck then crossed the median and entered the southbound lanes of traffic, colliding with additional vehicles, and setting off a chain of collisions that resulted in the vehicle operated and occupied by Plaintiffs being struck.

15.     Plaintiffs' car was crushed in the crash and was caused to overturn several times.

16.     Plaintiffs suffered serious personal injuries and mental and physical pain as a proximate result of the collision described above.

17.     In the moments before the collision, Defendant Keck was not operating the truck in a reasonable and prudent manner.

18.     Defendant Keck is solely responsible for causing the subject collision.

19.     Plaintiffs did not cause or contribute to the subject collision.

20.     Plaintiffs were seriously injured as a proximate result of the subject collision described above.

## CLAIMS

### COUNTS I AND II – NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT KECK

21.     Plaintiffs reallege and incorporate herein the allegations contained in the previous paragraphs as if each were fully set forth herein in their entirety.

22.     At all times material to this action, Defendant Keck had a legal duty to adhere to all Georgia traffic laws.

23.     At all times material to this action, Defendant Keck had a duty to operate his commercial vehicle in a safe and prudent manner.

24.     Defendant Keck, in the operation of the commercial vehicle, did the following, among other things:

a)      Failed to keep a proper lookout ahead;

b)      Failed to maintain his lane;

c)      Followed too closely;

d)      Failed to drive at a safe and reasonable speed under the conditions;

e)      Lost control of the commercial vehicle he was operating;

f)      Failed to drive defensively; and

g)      Failed to operate the truck in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiffs in particular, in danger.

25.      Defendant Keck breached his duties and was negligent in at least one or more of the respects described above.

26.      Additionally, Defendant Keck's conduct violated Georgia law including but not limited to O.C.G.A. § 40-6-180 (failing to drive his vehicle at a reasonable and prudent speed under the conditions); O.C.G.A. § 40-6-241 (failing to operate his vehicle with due care); and O.C.G.A. § 40-6-390 (driving a vehicle in reckless disregard of the safety of persons or property). Each such violation constitutes negligence *per se*.

27.      Defendant Keck was negligent and/or negligent *per se* in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

28.      As a direct and proximate result of Defendant Keck's negligence, Plaintiffs suffered severe personal injuries.

29.      Defendant Keck is liable to Plaintiffs for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by Plaintiffs as a direct and proximate result of his negligence.

**COUNT III: *RESPONDEANT SUPERIOR* AGAINST DEFENDANT KNIGHT REFRIGERATED, LLC AND DEFENDANT KNIGHT TRANSPORTATION, INC.**

30.     Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

31.     At all times material hereto, Defendant Keck was an employee of the Knight Defendants.

32.     At all times material hereto, Defendant Keck was an agent of the Knight Defendants.

33.     At all times material hereto, Defendant Keck was acting within the course and scope of his employment with the Knight Defendants.

34.     At all times material hereto, Defendant Keck was operating a commercial vehicle exclusively controlled by the Knight Defendants.

35.     At all times material hereto, Defendant Keck was operating a commercial vehicle under the motor carrier authority of the Knight Defendants.

36.     At all times material hereto, Defendant Keck was operating a commercial vehicle in furtherance of the business and financial interests of the Knight Defendants.

37.     The Knight Defendants are liable for the negligent actions and omissions of Defendant Keck pursuant to the doctrine of *respondeat superior* and/or the rules of agency.

38.     As a direct and proximate result of Defendant Keck's negligence for which the Knight Defendants are liable, Plaintiffs suffered severe personal injuries.

39.     The Knight Defendants are liable to Plaintiffs for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by Plaintiffs as a direct and proximate result of his negligence.

## COUNT IV: NEGLIGENCE OF DEFENDANTS KNIGH REFRIGERATED, LLC AND KNIGHT TRANSPORTATION, INC.

40.     Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

41.     At all relevant times, the Knight Defendants were motor carriers as defined by the Federal Motor Carrier Safety Regulations.

42.     At all relevant times, the Knight Defendants were motor carriers as defined by Georgia law.

43.     At all relevant times, the Knight Defendants had a legal duty to comply with the Federal Motor Carrier Safety Regulations.

44.     At all relevant times, the Knight Defendants had a legal duty to comply with Georgia's trucking safety regulations.

45.     At all relevant times, the Knight Defendants had a legal duty to comply with all trucking industry standards and practices.

46.     As employers and motor carriers, the Knight Defendants had a duty to act in a reasonable manner in connection with the hiring, qualifying, training, entrusting, supervising, and retaining of Defendant Keck.

47.     The Knight Defendants breached the aforementioned duties and were negligent in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant Keck.

48.     The Knight Defendants were negligent in the ways described above and were otherwise negligent as shall be added by amendment or proven at trial.

49.     As a direct and proximate result of the Knight Defendants' negligence, Plaintiffs suffered severe personal injuries.

50.     The Knight Defendants are liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## COUNT V: DIRECT ACTION AGAINST TRANSTAR INSURANCE BROKERS, INC.

51.     Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

52.     Defendant Transtar provided liability coverage for the commercial vehicle involved in the collision and the Knight Defendants' employees and/or agents, including Defendant Keck.

53.     Defendant Transtar was transacting business in the State of Georgia and in Camden County on the date of the subject collision and at all material times hereto.

54.     Defendant Transtar agreed to provide insurance coverage to the Knight Defendants in consideration for the payment of insurance premiums.

55.     Plaintiffs, as members of the public injured due to a motor carrier's negligence, are third-party beneficiaries to the agreement between Defendant Transtar and the Knight Defendants, and Defendant Keck.

56.     Pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140, Defendant Transtar is subject to this Direct Action.

57.     Plaintiffs are entitled to receive payments from Defendant Transtar for the tort liability of the Knight Defendants and Defendant Keck upon a judgment in this matter.

## COUNT VI: DAMAGES

58.     Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

59.     As a proximate result of the negligence of Defendants, Plaintiffs suffered severe physical injuries.

60.     As a proximate result of the negligence of Defendants, Plaintiffs have endured and will continue to endure pain and suffering, including but not limited to, actual physical pain and suffering, mental anguish, interference with their normal living, interference with their enjoyment of life, loss of their capacity to labor and earn money, disability, disfigurement, impairment of their bodies' health and vigor, fear of the extent of their injuries, limitations on their activities, and limitations on their independence.

61.     As a proximate result of the negligence of Defendants, Plaintiffs have incurred special damages including but not limited to past and future medical expenses and past and future lost wages.

62.     Plaintiffs are entitled to recover all compensatory, special, economic, consequential, general, punitive and all other damages permissible under Georgia law, including but not limited to:

     a)    Personal injuries;

     b)    Permanent injuries;

     c)    All elements of past, present, and future pain and suffering, both mental and physical;

     d)    Loss of the enjoyment of life;

     e)    Past and future lost wages and diminished capacity to labor;

     f)    Incidental expenses;

     g)    Past and future medical and life care expenses;

     h)    Consequential damages to be proven at trial;

     i)    Attorney fees and expenses of litigation; and

j)     Punitive damages.

63.     Defendants are liable to Plaintiffs for all injuries and damages allowed by law including all past and future damages set forth above.

## COUNT VII: LOSS OF CONSORTIUM

64.     Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

65.     This Complaint is also brought to recover damages sustained by Plaintiff Tony Johnson, Sr. due to the loss of consortium of his spouse, Justina Johnson.

66.     This Complaint is also brought to recover damages sustained by Plaintiff Justina Johnson due to the loss of consortium of her spouse, Tony Johnson, Sr.

67.     Defendants having been negligent as described above and said negligence having resulted in severe injury to Tony Johnson, Sr., Justina Johnson is entitled to recover of Defendants for her loss of consortium as the legal spouse of Tony Johnson, Sr.

68.     Defendants having been negligent as described above and said negligence having resulted in severe injury to Justina Johnson, Tony Johnson, Sr. is entitled to recover of Defendants for his loss of consortium as the legal spouse of Justina Johnson.

## COUNT VII: PUNITIVE DAMAGES

69.     Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

70.     The actions of Defendants were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

71.     Accordingly, Defendants are liable to Plaintiffs for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiffs pray for a summons to be issued requiring Defendants to answer this Complaint for Damages and for judgment to be entered against Defendants for the following:

a) Medical, doctor, rehabilitation, and life care expenses in an amount to be proven through the evidence at the time of trial for the past, present and future;

b) Lost wages and loss of earning capacity in an amount for the past, present, and future, which will be proven at the time of trial through evidence;

c) All elements of physical and mental pain and suffering compensable under Georgia law, for the past, present and future;

d) All general, special, compensatory, economic, incidental, consequential, punitive, and all other permissible damages and expenses supported by the evidence in an amount to be determined by the enlightened conscience of an impartial jury at trial;

e) That all attorneys' fees, expenses, and costs be case against the Defendants;

f) That a jury be impaneled to resolve all factual disputes; and

g) All further losses and recovery as deemed proper by the Court.

TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,

**SHIVER HAMILTON CAMPBELL, LLC**

*/s/ Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698
***Attorney for Plaintiffs***

**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

[Signatures Continued on Following Page]

SALTZ MONGELUZZI BENDESKY P.C.

/s/ Robert J. Mongeluzzi
Robert J. Mongeluzzi
(Signed by Alan J. Hamilton with express permission)
Pennsylvania Bar No. 36283
Pending admission *Pro Hac Vice*
Jeffrey P. Goodman
Pennsylvania Bar No. 309433
Pending admission *Pro Hac Vice*
E. Douglas DiSandro, Jr.
Pennsylvania Bar No. 316834
Pending admission *Pro Hac Vice*
**Attorneys for Plaintiffs**

**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282

- 12 -

E-FILED IN OFFICE - CI
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01971-S6**
**3/24/2023 2:57 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TONY JOHNSON, SR., JUSTINA JOHNSON, ISABELLA JOHNSON, a minor, by and through her Parents and Next Friends, TONY JOHNSON, SR. and JUSTINA JOHNSON, and TONY JOHNSON, JR., a minor, by and through his Parents and Next Friends, TONY JOHNSON, SR., and JUSTINA JOHNSON, | |
| *Plaintiffs,* | **JURY TRIAL DEMANDED** |
| | 23-C-01971-S6 |
| v. | CIVIL ACTION NO. _____ |
| KNIGHT REFRIGERATED, LLC, KNIGHT TRANSPORTATION, INC., JOHN KECK, and TRANSTAR INSURANCE BROKERS, INC., | |
| *Defendants.* | |

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO DEFENDANT TRANSTAR INSURANCE BROKERS, INC.

COME NOW Plaintiffs and serve these Requests for Admissions upon Defendant Transtar Insurance Brokers, Inc. ("Transtar") and request that they be fully admitted in writing and under oath within forty-five (45) days of the date of service. These requests for admissions are served pursuant to the Georgia Civil Practice Act and are served pursuant to O.C.G.A. § 9-11-26 and 9-11-36.

**EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF THESE REQUESTS, YOU SERVE PLAINTIFFS WITH A WRITTEN ANSWER OR OBJECTION TO SUCH MATTER.**

You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiffs thereafter prove the genuineness of such document or truth of such matter, Plaintiffs will apply to the Court for an order requiring you to pay Plaintiffs the reasonable expenses incurred by Plaintiffs in making that proof, including reasonable attorney fees.  The Court must make such order unless it finds that the request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

The matters requested admitted are the following:

1.      You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.      You have been properly served as a party defendant.

3.      Process is sufficient with regard to you in this case.

4.      Service of process is sufficient with regard to you in this case.

5.      This Court has jurisdiction over the subject matter of this case.

6.      This Court has personal jurisdiction over you as a party defendant in this case.

7.      Venue is proper in this Court.

8.      Plaintiffs state a claim upon which relief can be granted.

9.      Plaintiffs have not failed to join a party under O.C.G.A. § 9-11-19.

10.      Transstar issued a policy of insurance that provided insurance coverage for Defendants Knight Refrigerated, LLC or Knight Transportation, Inc., under said policy on July 17, 2021.

11.     Transstar issued a policy of insurance that provided insurance coverage for Defendant, John Keck, under said policy on July 17, 2021.

12.     The Transstar Policy referenced above covers the alleged liability of Defendants, Knight Refrigerated LLC or Knight Transportation, Inc., for the collision that is the subject of this lawsuit.

13.     The Transstar Policy referenced above covers the alleged liability of Defendant, John Keck, for the collision that is the subject of this lawsuit.

14.     Transstar is contractually obligated to pay Plaintiffs for any judgment Plaintiffs receive in this action up to the applicable policy limits.

15.     Knight Refrigerated, LLC is a motor common carrier.

16.     Knight Refrigerated, LLC is a motor contract carrier.

17.     Knight Transportation, Inc. is a motor common carrier.

18.     Knight Transportation, Inc. is a motor contract carrier.

19.     Transstar is subject to direct action in this case.

20.     John Keck is an insured under Transstar's insurance policy.

21.     Transstar's policy covers all alleged claims and damages against John Keck, Knight Refrigerated, LLC, and/or Knight Transportation, Inc. up to its policy limit.

                                        Respectfully submitted,

                                        **SHIVER HAMILTON CAMPBELL, LLC**

                                        */s/ Alan J. Hamilton*
                                        Alan J. Hamilton
                                        Georgia Bar No. 320698
                                        ***Attorney for Plaintiffs***

**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

**SALTZ MONGELUZZI BENDESKY P.C.**

/s/ *Robert J. Mongeluzzi*
Robert J. Mongeluzzi
(Signed by Alan J. Hamilton with express permission)
Pennsylvania Bar No. 36283
Pending admission *Pro Hac Vice*
Jeffrey P. Goodman
Pennsylvania Bar No. 309433
Pending admission *Pro Hac Vice*
E. Douglas DiSandro, Jr.
Pennsylvania Bar No. 316834
Pending admission *Pro Hac Vice*
***Attorneys for Plaintiffs***

**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282

E-FILED IN OFFICE - CI
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-01971-S6
3/24/2023 2:57 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA JOHNSON,
ISABELLA JOHNSON, a minor, by and through
her Parents and Next Friends, TONY JOHNSON,
SR. and JUSTINA JOHNSON, and TONY
JOHNSON, JR., a minor, by and through his
Parents and Next Friends, TONY JOHNSON, SR.,
and JUSTINA JOHNSON,

        *Plaintiffs,*

v.

KNIGHT REFRIGERATED, LLC, KNIGHT
TRANSPORTATION, INC., JOHN KECK, and
TRANSTAR INSURANCE BROKERS, INC.,

        *Defendants.*

**JURY TRIAL DEMANDED**

      23-C-01971-S6

CIVIL ACTION NO. _____

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO DEFENDANTS KNIGHT REFRIGERATED, LLC, KNIGHT TRANSPORTATION, INC. AND JOHN KECK

COME NOW Plaintiffs, and serve these Requests for Admissions upon Defendants, Knight Refrigerated, LLC, Knight Transportation, Inc., and John Keck, and request that they be fully admitted in writing and under oath within forty-five (45) days of the date of service. These requests for admissions are served pursuant to the Georgia Civil Practice Act and are served pursuant to O.C.G.A. § 9-11-26 and 9-11-36.

**EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF THESE REQUESTS, YOU SERVE PLAINTIFFS WITH A WRITTEN ANSWER OR OBJECTION TO SUCH MATTER.**

You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiffs thereafter prove the genuineness of such document or truth of such matter, Plaintiffs will apply to the Court for an order requiring you to pay Plaintiffs the reasonable expenses incurred by Plaintiffs in making that proof, including reasonable attorney fees.  The Court must make such order unless it finds that the request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

The matters requested admitted are the following:

1.      You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.      You have been properly served as a party defendant.

3.      Process is sufficient with regard to you in this case.

4.      Service of process is sufficient with regard to you in this case.

5.      This Court has jurisdiction over the subject matter of this case.

6.      This Court has personal jurisdiction over you as a party defendant in this case.

7.      Venue is proper in this court.

8.      Plaintiffs state a claim upon which relief can be granted.

9.      Plaintiffs have not failed to join a party under O.C.G.A. § 9-11-19.

10.     On July 17, 2021, you owned the commercial motor vehicle Defendant John Keck ("Defendant Keck") was driving.

11. Defendant Keck was operating the truck at issue with the permission of Defendants Knight Refrigerated ,LLC and/or Knight Transportation, Inc. (hereinafter the "Knight Defendants") on July 17, 2021, at the time of the collision involved in this lawsuit.

12. Defendant Keck was in the course and scope of his employment with the Knight Defendants at the time of the collision at issue in this case.

13. The Knight Defendants are vicariously liable for any negligence of Defendant Keck that is proved to have proximately caused Plaintiffs' alleged damages.

14. Knight Refrigerated, LLC operates a business for profit.

15. Knight Refrigerated, LLC is a motor common carrier.

16. Knight Transportation, Inc. operates a business for profit.

17. Knight Transportation, Inc. is a motor common carrier.

18. Defendant Keck was negligent.

19. Defendant Keck failed to maintain his vehicle under proper control.

20. Defendant Keck failed to operate his vehicle with due care.

21. Defendant Keck drove the vehicle in reckless disregard of the safety of persons or property.

22. Defendant Keck failed to keep a proper lookout.

23. You are liable for Plaintiffs' damages proximately caused by this collision.

24. Plaintiffs were injured.

25. Plaintiffs were not contributorily negligent in the incident.

26. Defendant Keck's negligence caused the collision.

Respectfully submitted,

**SHIVER HAMILTON CAMPBELL, LLC**

/s/ *Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698
***Attorney for Plaintiffs***

**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

**SALTZ MONGELUZZI BENDESKY P.C.**

/s/ *Robert J. Mongeluzzi*
Robert J. Mongeluzzi
(Signed by Alan J. Hamilton with express permission)
Pennsylvania Bar No. 36283
Pending admission *Pro Hac Vice*
Jeffrey P. Goodman
Pennsylvania Bar No. 309433
Pending admission *Pro Hac Vice*
E. Douglas DiSandro, Jr.
Pennsylvania Bar No. 316834
Pending admission *Pro Hac Vice*
***Attorneys for Plaintiffs***

**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282

E-FILED IN OFFICE - CI
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01971-S6**
**3/24/2023 2:57 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA JOHNSON,
ISABELLA JOHNSON, a minor, by and through
her Parents and Next Friends, TONY JOHNSON,
SR. and JUSTINA JOHNSON, and TONY
JOHNSON, JR., a minor, by and through his
Parents and Next Friends, TONY JOHNSON, SR.,
and JUSTINA JOHNSON,

*Plaintiffs,*

v.

KNIGHT REFRIGERATED, LLC, KNIGHT
TRANSPORTATION, INC., JOHN KECK, and
TRANSTAR INSURANCE BROKERS, INC.

*Defendants.*

**JURY TRIAL DEMANDED**
23-C-01971-S6

CIVIL ACTION NO. _____

---

### PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANT TRANSTAR INSURANCE BROKERS, INC.

Pursuant to O.C.G.A. § 9-11-26 et seq., Plaintiffs hereby request that Defendant, Transtar Insurance Brokers, Inc., respond in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for Plaintiffs at Shiver Hamilton, LLC, 3490 Piedmont Road, Suite 640, Atlanta, Georgia 30305.

Please include the text of each question prior to each response. Plaintiffs will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiffs will also provide an electronic copy of this discovery upon request.

### DEFINITIONS AND INSTRUCTIONS

A.    These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, so as to require Defendant to serve upon all parties supplemental

answers if Defendant or defense attorneys obtain further information between the time the answers are served and the time of trial.

B.      "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, electronic messages/mail, and sound material.

C.      "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.      "Identify" with respect to any "person" or "place" or any reference to stating the "identity" of any "person" or "place" means to provide the name, home address, telephone number, business name, business address, and business telephone number, and a description of each such person's or place's connection with the events in question.

E.      "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

F.      These Interrogatories shall be deemed continuing, and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's

- 2 -

attorneys, investigators, agents, insurers, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

G.     You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## INTERROGATORIES

1.     Please identify any witness, statement, or other document relevant to the subject occurrence, Plaintiffs' claims or any defense that is not already being identified or produced by your insured(s) in this action. For each witness, please state the subject matter on which that witness is expected to testify.

2.     Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person did or failed to do that in any way contributed to causing the collision that forms the basis for Plaintiffs' Complaint, or any facts which may relate to these issues. Please supply any statutory authority where applicable.

3.     State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant's insured(s) for the claims made in this lawsuit:

       a)     Name of each insurance company issuing policy;

       b)     Applicable liability limits concerning each policy;

       c)     Names of all persons and/or companies insured under each policy;

       d)     Policy number of each policy;

       e)     Whether the defense of this action has been tendered to any such insurer;

f)      Whether defense and liability/coverage have been accepted; and

g)      Any reservation(s) of rights and specific basis for same.

4.      Please identify the following individuals as of the date of the occurrence and at present:

a)      Person(s) responsible for approving John Keck as a driver for purposes of coverage; and

b)      Person(s) responsible for underwriting Knight Refrigerated LLC and Knight Transportation Inc., and its drivers' safety records, including John Keck.

5.      Please state whether this Defendant, its agents, or its representatives obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant's insured hires or allows to drive trucks. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person that such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the truck involved in the subject occurrence.

6.      Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiffs' Complaint, stating as to each such document the contention which it supports or to which it otherwise relates, except that you need not identify documents already produced by your insured(s) in this action.

- 4 -

7.     To the extent your response to any of Plaintiffs' First Requests for
Admissions was anything other than an unqualified admission, please explain in detail the basis
for such failure to admit, including identification of documents supporting such failure to admit.

Respectfully submitted,

**SHIVER HAMILTON CAMPBELL, LLC**

/s/ *Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698
***Attorney for Plaintiffs***

**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

**SALTZ MONGELUZZI BENDESKY P.C.**

/s/ *Robert J. Mongeluzzi*
Robert J. Mongeluzzi
(Signed by Alan J. Hamilton with express
permission)
Pennsylvania Bar No. 36283
Pending admission *Pro Hac Vice*
Jeffrey P. Goodman
Pennsylvania Bar No. 309433
Pending admission *Pro Hac Vice*
E. Douglas DiSandro, Jr.
Pennsylvania Bar No. 316834
Pending admission *Pro Hac Vice*
***Attorneys for Plaintiffs***

**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282

E-FILED IN OFFICE - CI
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01971-S6**
**3/24/2023 2:57 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TONY JOHNSON, SR., JUSTINA JOHNSON, ISABELLA JOHNSON, a minor, by and through her Parents and Next Friends, TONY JOHNSON, SR. and JUSTINA JOHNSON, and TONY JOHNSON, JR., a minor, by and through his Parents and Next Friends, TONY JOHNSON, SR., and JUSTINA JOHNSON, | |
| *Plaintiffs,* | **JURY TRIAL DEMANDED** |
| | 23-C-01971-S6 |
| v. | CIVIL ACTION NO. _____ |
| KNIGHT REFRIGERATED, LLC, KNIGHT TRANSPORTATION, INC., JOHN KECK, and TRANSTAR INSURANCE BROKERS, INC., | |
| *Defendants.* | |

## PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANTS KNIGHT REFRIGERATED, LLC, KNIGHT TRANSPORTATION, INC. AND JOHN KECK

Pursuant to O.C.G.A. § 9-11-26 et seq., Plaintiffs hereby request that Defendants Knight Refrigerated, LLC, Knight Transportation, Inc., and John Keck, respond in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for Plaintiffs at Shiver Hamilton, LLC, 3490 Piedmont Road, Suite 640, Atlanta, Georgia 30305.

Please include the text of each question prior to each response. Plaintiffs will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiffs will also provide an electronic copy of this discovery upon request.

## DEFINITIONS AND INSTRUCTIONS

A.     These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, so as to require Defendants to serve upon all parties supplemental

answers if Defendants or defense attorneys obtain further information between the time the answers are served and the time of trial.

B.    "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, electronic messages/mail, and sound material.

C.    "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.    "Identify" with respect to any "person" or "place" or any reference to stating the "identity" of any "person" or "place" means to provide the name, home address, telephone number, business name, business address, and business telephone number, and a description of each such person's or place's connection with the events in question.

E.    "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

F.    These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendants, as well as to the knowledge and information of Defendants'

attorneys, investigators, agents, insurers, employees, and other representatives. If Defendants are unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendants or "you," the question is also directed to each of the aforementioned persons.

G.    You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## **INTERROGATORIES**

1.    Identify the persons or entities who owned or controlled the subject vehicle at the time of this wreck. If ownership or control changed at any time since said occurrence, please identify every subsequent person or entity.

2.    State the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendant(s), that there has been an insufficiency of process of Plaintiffs' Complaint, and/or that there has been an insufficiency of service of process upon the Defendant(s).

3.    State whether Defendant John Keck ("Defendant Keck") was acting within the course and scope of his employment or agency with Defendant Knight Refrigerated, LLC and/or Knight Transportation, Inc. (hereinafter, the "Knight Defendants") at the time of the incident at issue. If you claim he was not acting within the course and scope of his employment with the Knight Defendants, please detail the basis of your denial and indicate who he was working for.

4.    State the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

5.    State specifically and in detail when, where, how and why the subject wreck took place.

6.      Give the name, address, and telephone number of all persons that to you or your representative's knowledge, information, or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit. Please specify the relevant information each witness may have.

7.      State the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiffs. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. *See* O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this Interrogatory applies to all expert witnesses including all practitioners of the healing arts.

8.      With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

9.      Identify with specificity any motor vehicle accident or incident Defendant Keck has been involved in as a driver, either before or after the incident that is the subject matter of this litigation, including the date, time, and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

10.     Identify and describe in detail the trip Defendant Keck was on at the time of the subject incident, to include the point of origin, destination, the reason for the trip, what the vehicle weight was, at whose request Defendant Keck was driving and what entity or entities employed him or had the right to control him at the time. Please also identify any other stops on the day of the incident.

11.     If Defendant Keck has ever been given a citation or warning for traffic offenses or a work reprimand preceding the incident that is the subject of this lawsuit, please state the date and place where the warning(s), citation(s) or reprimand(s) were issued and the disposition of each.

12.     Has Defendant Keck's driver's license ever been suspended, canceled, revoked, or does it contain any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiffs' Complaint? If yes, please provide the details regarding the suspension, cancellation, revocation, or restrictions to said driver's license.

13.     State the factual basis for each defense that you assert in this action.

14.     Identify each and every negligent act or omission of Plaintiff you claim caused or contributed to the collision, including each witness. Identify each fact or document you rely on, as well as any violation of statute, regulation, law or rule.

15.     For each insurance agreement that may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions that the insurer has purported to reserve its rights to decline coverage.

16.     Identify all policies and procedures in effect to supervise and regulate drivers of the Knight Defendants' vehicles to determine their ability to safely operate and maintain

- 5 -

such vehicles. This specifically includes but is not limited to any policies or procedures related to brake system maintenance and inspection.

17.     Did you make a determination as to whether this incident was preventable by or chargeable to Defendant Keck? If so, please state your determination and the reasons therefore.

18.     Do you know of any test(s), experiment(s), or accident reconstruction(s) that in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address, and telephone numbers of any person performing such test(s), experiment(s), or reconstruction(s), and provide a summary of any findings.

19.     Detail each and every arrangement or agreement between Defendant Keck and the Knight Defendants or any other individual or entity under which Defendant Keck was performing services at the time of the subject incident.

20.     Provide the present location of the vehicle involved in the incident at issue, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

21.     State whether Defendant Keck received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

22.     Identify and describe any event or data recording devices on the subject vehicle including any data or reports downloaded from such devices following this incident. This includes GPS, crash data recorders, engine control module, governors, Qualcomm or similar messaging or tracking systems.

23.    State the names and addresses of the following officers and employees of the Knight Defendants, as of the date of the subject wreck and at present:

a)    President;

b)    Safety and/or Compliance Director(s);

c)    Personnel Director;

d)    all persons who have investigated the subject collision or discussed the subject collision with Defendant Keck;

e)    all persons who have (at present) or had (at the time of the collision) direct supervisory or managerial responsibility for Defendant Keck or the vehicle he was operating and/or trip he was on;

f)    Person(s) responsible for the inspection, maintenance, and repair of the Knight Defendants' vehicle;

g)    Person(s) most knowledgeable about the condition, maintenance, and repairs on the subject tractor trailer prior to, at the time of, and following this collision; and

h)    Person(s) responsible for hiring Defendant Keck and authorizing him to drive for the Knight Defendants.

24.    Describe the nature and scope of the Knight Defendants' business operations, including the identities of any business subsidiary, parent or related entities and the geographic and subject matter scope of the Knight Defendants' business operations.

25.    Please explain the nature of the relationship(s) between the Knight Defendants and Defendant Keck, including the date the employment or other relationship(s), whether the relationship has been terminated, the date of such termination, the reason for such termination, and the identity of the person who terminated the driver.

26.    With respect to Defendant Keck, please state the following: his date of birth; Social Security Number; driver's license number and state of issuance; his present home address; all of his previous residence addresses for the past five years, including the street address, city, state, and zip code; and describe in detail his mode of compensation.

- 7 -

27.     State whether or not there was any mechanical defect with the subject vehicle. If so, please identify such defect and state whether and how you contend that this defect contributed to the cause of this wreck. Include a description of any maintenance or repairs related to such defect(s) prior to and following this wreck.

28.     Identify specifically any mobile communication devices onboard the vehicle or in possession of Defendant Keck on the date of the subject incident, including type of device, provider, phone number, purpose/functionality, and who provided or paid for each device.

29.     When and why did you first anticipate litigation in this matter.

30.     State whether you or your agent(s) have attempted to surveil or observe Plaintiffs at any time after the wreck forming the basis of Plaintiffs' Complaint, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory shall be construed broadly and it seeks to discover all post-wreck surveillance even if such attempts were unsuccessful.)

31.     State whether you or your agent(s) have attempted to investigate or search social media, including, but not limited to, Facebook, Twitter and Snapchat, relating to the Plaintiffs at any time after the wreck forming the basis of Plaintiffs' Complaint, and state whether images, posts or other electronic data was captured relating to such social media, the date(s) the search or investigation was conducted, and the person who conducted the search or investigation. (NOTE: This Interrogatory shall be construed broadly and it seeks to discover all post-wreck surveillance even if such attempts were unsuccessful.)

32.     If you did not admit Plaintiffs' Request for Admissions No. 1, state the factual

basis for your response and identify what you contend is the correct corporate entity (without

admitting any fault) that should be substituted in place of the Knight Defendants.

Respectfully submitted,

**SHIVER HAMILTON CAMPBELL, LLC**

*/s/ Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698
***Attorney for Plaintiffs***

**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

**SALTZ MONGELUZZI BENDESKY P.C.**

*/s/ Robert J. Mongeluzzi*
Robert J. Mongeluzzi
(Signed by Alan J. Hamilton with express permission)
Pennsylvania Bar No. 36283
Pending admission *Pro Hac Vice*
Jeffrey P. Goodman
Pennsylvania Bar No. 309433
Pending admission *Pro Hac Vice*
E. Douglas DiSandro, Jr.
Pennsylvania Bar No. 316834
Pending admission *Pro Hac Vice*
***Attorneys for Plaintiffs***

**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282

E-FILED IN OFFICE - CI
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01971-S6**
**3/24/2023 2:57 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA JOHNSON,
ISABELLA JOHNSON, a minor, by and through
her Parents and Next Friends, TONY JOHNSON,
SR. and JUSTINA JOHNSON, and TONY
JOHNSON, JR., a minor, by and through his
Parents and Next Friends, TONY JOHNSON, SR.,
and JUSTINA JOHNSON,

      *Plaintiffs,*

v.

KNIGHT REFRIGERATED, LLC, KNIGHT
TRANSPORTATION, INC., JOHN KECK, and
TRANSTAR INSURANCE BROKERS, INC.,

      *Defendants.*

**JURY TRIAL DEMANDED**
23-C-01971-S6

CIVIL ACTION NO. _____

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TRANSTAR INSURANCE BROKERS, INC.

Pursuant to O.C.G.A. § 9-11-26 et seq., Plaintiffs hereby request that Defendant, Transtar Insurance Brokers, Inc., respond in writing and under oath, to the following requests as provided by law, with a copy of the responses being served upon the undersigned counsel of record for Plaintiffs at Shiver Hamilton, LLC, 3490 Piedmont Road, Suite 640, Atlanta, Georgia 30305.

Please include the text of each request prior to each response. Plaintiffs will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiffs will also provide an electronic copy of this discovery upon request.

## DEFINITIONS AND INSTRUCTIONS

A.      This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-10-26, *et seq.*, so as to require Defendant to serve or produce upon all parties supplemental answers or documents if Defendant or its attorneys obtain further information between the time the answers are served and the time of trial. Plaintiffs also request that Defendant produce the originals of each document at trial and any deposition of Defendant or its agents or employees.

B.      Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible. When a Request is directed to Defendant, the Request is also directed to the aforementioned persons. These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

C.      "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.      If a requested document is no longer in your possession, custody or control, please identify the document with specificity. If no such information exists to comply with a particular Request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

E.      If you object to part of a request, please identify any documents withheld. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.      If work product or privilege is claimed as to any document or any information responsive to these requests, please identify the information or document(s) to which

a privilege is claimed with such particularity and in such a manner that the Court, and not defense counsel unilaterally, may determine whether the document or information is indeed entitled to privileged status. To support a claim of privilege, for each responsive document to which a privilege is claimed, provide a privilege log setting forth a general description of the document, the author of the document, the recipients of the document (including "cc's"), the date the document was prepared, and the privilege claimed.

## REQUEST FOR PRODUCTION  .

Each Defendant is requested to produce and identify each of the following:

1.      Please produce copies of all witness statements, photographs or other documents relevant to any issue in this lawsuit, or the subject collision, that is not being separately produced by Defendants Knight Refrigerated, LLC, Knight Transportation, Inc. or John Keck. (There is no need to re-produce documents your insureds are already producing.)

2.      Please produce the application and underwriting file concerning the defendant motor carriers' applications for insurance with this Defendant, including renewals for the years 2018 through 2021.

3.      Please produce copies of any and all motor vehicle records or reports of any kind received from any private corporation, individual, or business entity, or any governmental entity relative to the driving record and driving infractions of John Keck, the driver who was operating the insured's tractor-trailer at the time of the collision that forms the basis for this lawsuit.

4.      Please produce a copy of any reservation of rights letter or other documentation of any kind or by any other name sent to any insured that purports to qualify, deny, or reserve the right to contest the issue of coverage for the claims made in this lawsuit.

- 3 -

5.   Please produce copies of any and all documents obtained or generated as a result of John Keck's driving for this Defendant's insured or its agents, officers, and employees or generated for consideration of John Keck as a driver for this Defendant's insured. (There is no need to re-produce documents your insureds are already producing.)

Respectfully submitted,

**SHIVER HAMILTON CAMPBELL, LLC**

*/s/ Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698
*Attorney for Plaintiffs*

**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

**SALTZ MONGELUZZI BENDESKY P.C.**

*/s/ Robert J. Mongeluzzi*
Robert J. Mongeluzzi
(Signed by Alan J. Hamilton with express permission)
Pennsylvania Bar No. 36283
Pending admission *Pro Hac Vice*
Jeffrey P. Goodman
Pennsylvania Bar No. 309433
Pending admission *Pro Hac Vice*
E. Douglas DiSandro, Jr.
Pennsylvania Bar No. 316834
Pending admission *Pro Hac Vice*
*Attorneys for Plaintiffs*

**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282

E-FILED IN OFFICE - CI
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-01971-S6**
**3/24/2023 2:57 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA JOHNSON,
ISABELLA JOHNSON, a minor, by and through
her Parents and Next Friends, TONY JOHNSON,
SR. and JUSTINA JOHNSON, and TONY
JOHNSON, JR., a minor, by and through his
Parents and Next Friends, TONY JOHNSON, SR.,
and JUSTINA JOHNSON,

*Plaintiffs,*

v.

KNIGHT REFRIGERATED, LLC, KNIGHT
TRANSPORTATION, INC., JOHN KECK, and
TRANSTAR INSURANCE BROKERS, INC.,

*Defendants.*

**JURY TRIAL DEMANDED**

23-C-01971-S6

CIVIL ACTION NO. _____

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANTS KNIGHT REFRIGERATED, LLC,
### KNIGHT TRANSPORTATION, INC. AND JOHN KECK

Pursuant to O.C.G.A. § 9-11-26 et seq., Plaintiffs hereby request that Defendants,

Knight Refrigerated, LLC, Knight Transportation, Inc., and John Keck, respond in writing and

under oath, to the following requests as provided by law, with a copy of the responses being

served upon the undersigned counsel of record for Plaintiffs at Shiver Hamilton, LLC, 3490

Piedmont Road, Suite 640, Atlanta, Georgia 30305.

Please include the text of each request prior to each response. Plaintiffs will do the same

in response to Defendants' discovery requests. To facilitate this, Plaintiffs will also provide an

electronic copy of this discovery upon request.

### DEFINITIONS AND INSTRUCTIONS

A.     This request for production of documents and notice to produce shall be

deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-

10-26, *et seq.*, so as to require Defendants to serve or produce upon all parties supplemental answers or documents if Defendants or their attorneys obtain further information between the time the answers are served and the time of trial. Plaintiffs also request that Defendants produce the originals of each document at trial and any deposition of Defendants or their agents or employees.

B.    Each Request is addressed to the personal knowledge of the Defendants, as well as to the knowledge and information of Defendants' attorneys, investigators, agents, employees, and other representatives. If Defendants are unable to comply with a Request completely, the Request should be produced as fully as possible. When a Request is directed to Defendants, the Request is also directed to the aforementioned persons. These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

C.    "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.    If a requested document is no longer in your possession, custody or control, please identify the document with specificity. If no such information exists to comply with a particular Request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

E.    If you object to part of a request, please identify any documents withheld. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.    If work product or privilege is claimed as to any document or any information responsive to these requests, please identify the information or document(s) to which a privilege is claimed with such particularity and in such a manner that the Court, and not

- 2 -

defense counsel unilaterally, may determine whether the document or information is indeed entitled to privileged status. To support a claim of privilege, for each responsive document to which a privilege is claimed, provide a privilege log setting forth a general description of the document, the author of the document, the recipients of the document (including "cc's"), the date the document was prepared, and the privilege claimed.

## REQUEST FOR PRODUCTION

Each Defendant is requested to produce and identify each of the following:

1.      All accident reports, photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, either vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.      Copies of any and all witness statements.

3.      Please produce a copy of any incident report concerning the subject collision or any claim or potential claim arising out of said collision. (This excludes materials generated by your litigation counsel).

4.      Please produce any document that is relevant to any defense you plan to raise.

5.      The original or a certified true and accurate copy of the declaration sheet or coverage page for all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence. (This request seeks each and every policy that may provide coverage in any amount, including excess policies).

6.      Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

7. Copies of the entire file, bills, all reports, memoranda, emails or notes from any expert who has investigated any aspect or element of the subject incident or who you may call as a witness.

8. The complete personnel file of Defendant John Keck ("Defendant Keck").

9. Defendant Keck's complete driver qualification and/or disciplinary files.

10. Any documents reflecting Defendant Keck's criminal or driving history, prior traffic infractions, warnings or citations.

11. All maintenance and repair records on the truck involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the motor vehicle involved in the occurrence which is the subject matter of this civil action.)

12. All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred, or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your motor vehicle or equipment at issue, or any other involved vehicles.

13. Each document submitted by you, to you, or received from the police, the Department of Transportation, or any other entity or agency investigating this incident.

14. Please produce a copy of Defendant Keck's paycheck, paycheck stub, time card, or any documentation of time worked for the time period during which this collision occurred. This request includes copies of any materials which reflect any expense (such as mileage, gas, etc.) reimbursed.

- 4 -

15.     Please produce a copy of any and all drivers' licenses in your possession at the time of the collision in question and at present.

16.     Please produce a complete copy of Defendant Keck's driving history for the past seven years.

17.     Please produce a complete copy of Defendant Keck's criminal history.

18.     Any trip recorder, GPS data, electronic control module, event data recorder, black box, DDEC, or other data reflecting information about the operation – including speed, location, braking, throttle position and other details – of the subject tractor trailer on the date of the subject collision.

19.     Please produce a copy of any and all instruction manuals, employee rules, regulations, or any driver/employee handbook provided to Defendant Keck or any handbook in force and effect for drivers or employees of Defendants Knight Refrigerated, LLC and/or Knight Transportation, Inc. (the "Knight Defendants") at any point during which Defendant Keck drove its vehicles.

20.     Please produce copies of all manuals or documents that relate to your qualifications for employees or drivers and/or your policies regarding the screening, hiring and monitoring of employees or drivers.

21.     Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

22.     Please produce copies of any and all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name, that concern Plaintiff, her physical or medical condition, injuries, or any damages that have not been supplied to you by Plaintiff's counsel.

23.     Please produce copies of any and all documents obtained or generated as a result of Defendant Keck's driving for the Knight Defendants or generated or reviewed for consideration of Defendant Keck as a driver for the Knight Defendants.

24.     Please produce documents that in any way pertain to Defendant Keck's qualifications (or lack thereof) to drive for the Knight Defendants, including prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, discharges, firings, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

25.     Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon the driver of the vehicle involved in the subject collision by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

26.     Copies of the police report, complaint or other notice of claim, resulting from any collision involving Defendant Keck prior to or subsequent to July 17, 2021.

27.     Any out of service inspection reports for Defendant Keck or any equipment while being operated by him, or for the Knight Defendants' vehicles within the state of Georgia, for five (5) years prior to and including July 17, 2021.

28.     All documents that you receive in response to your Requests for Production of Documents to nonparties.

29.     The certificate of title, and/or other proof of ownership, for the vehicle involved in the wreck that is the subject matter of this civil action.

30.     Documents reflecting any defensive or safe driving training or procedures applicable the Knight Defendants' employees or to Defendant Keck.

- 6 -

31.     A copy of Defendant Keck's cell phone or other mobile device records which reflect any calls or texts made on July 17, 2021.

32.     Any and all call logs, messages, letters, memoranda, or other documents detailing any calls or complaints you have received from motorists or any other person regarding Defendant Keck or any vehicle being driven by him. By way of example, and not limitation, if the motor vehicle at issue displays a telephone number for motorists to call concerning the operation of the vehicle in question (a "How's my driving?" number), please produce any documents generated as a result of any calls or complaints received by Defendants.

33.     All data, including speeds and locations, from the Knight Defendants' GPS tracking programs, black box, computer, or other electronic recording device from July 16, 2021 up through and including July 17, 2021 from all vehicles operated by Defendant Keck. Please identify in your response the names of the tracking programs used.

34.     Any document reflecting policy, procedure or practice for inspection, maintenance, adjustment, performance and/or proper use of brakes.

35.     Any emails or text messages received or sent to or by Defendant Keck: (1) referring to this collision in any way, and/or (2) sent or received between twenty minutes before up through twenty minutes after the subject collision, without limitation in subject matter. (This excludes communications with outside litigation counsel).

36.     Any videos, photos or other surveillance conducted on Plaintiffs.

37.     Copies of electronic data, including copies of webpages, images, posts and screenshots, captured by Defendant or Defendants' agent while investigating/searching social media (including, but not limited to, Facebook, Twitter and Snapchat) relating to the Plaintiffs.

You are requested to comply with said requests by producing and permitting the Plaintiffs' attorney to inspect and copy the documents requested. In lieu of appearance at a document

- 7 -

production, you may instead mail true and accurate copies of all documents or evidence to Shiver

Hamilton, LLC, 3490 Piedmont Road, Suite 640, Atlanta, Georgia 30305.

Respectfully submitted,

**SHIVER HAMILTON CAMPBELL, LLC**

*/s/ Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698
***Attorney for Plaintiffs***

**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

**SALTZ MONGELUZZI BENDESKY P.C.**

*/s/ Robert J. Mongeluzzi*
Robert J. Mongeluzzi
(Signed by Alan J. Hamilton with express
permission)
Pennsylvania Bar No. 36283
Pending admission *Pro Hac Vice*
Jeffrey P. Goodman
Pennsylvania Bar No. 309433
Pending admission *Pro Hac Vice*
E. Douglas DiSandro, Jr.
Pennsylvania Bar No. 316834
Pending admission *Pro Hac Vice*
***Attorneys for Plaintiffs***

**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01971-S6**

**4/14/2023 10:38 AM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TONY JOHNSON, SR., JUSTINA JOHNSON, ISABELLA JOHNSON, a minor, by and through her Parents and Next Friends, TONY JOHNSON, SR. and JUSTINA JOHNSON, and TONY JOHNSON, JR., a minor, by and through his Parents and Next Friends, TONY JOHNSON, SR., and JUSTINA JOHNSON, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **JURY TRIAL DEMANDED**<br><br>Civil Action No. 23-C-01971-S6 |
|   Plaintiffs, ) | |
|  ) | |
| vs. ) | |
|  ) | |
| KNIGHT REFRIGERATED, LLC, KNIGHT TRANSPORTATION, INC., JOHN KECK, and TRANSTAR INSURANCE BROKERS, INC., )<br>)<br>)<br>)<br>) | |
|   Defendants. ) | |

## CONSENT MOTION TO DROP DEFENDANTS KNIGHT TRANSPORTATION, INC, AND TRANSTAR INSURANCE BROKERS, INC. and TO ADD RED ROCK RETENTION GROUP, INC. AS A PARTY

Plaintiffs, Tony Johnson, Sr., Justina Johnson, Isabella Johnson, a minor, by and through her Parents and Next Friends, Tony Johnson, Sr. and Justina Johnson and Tony Johnson, Jr., a minor, by and through his Parents and Next Friends, Tony Johnson Sr., and Justina Johnson ("Plaintiffs") and Defendants, Knight Refrigerated, LLC, Knight Transportation, Inc., John Keck and Transtar Insurance Brokers, Inc. ("Defendants") pursuant to O.C.G.A. § 9-11-21 respectfully move this Court to drop Knight Transportation, Inc. and Transtar Insurance Brokers, Inc. from the lawsuit and to add Red Rock Risk Retention Group, Inc. as a party defendant. In support of this motion, the parties show the following:

1.

Plaintiffs filed their lawsuit naming Transtar Insurance Brokers, Inc. and Knight Transportation, Inc. as Defendants.

2.

Knight Transportation, Inc. is an improper party to this lawsuit as Knight Transportation, Inc. did not employ Defendant John Keck at the time of the incident alleged in Plaintiffs' Complaint.

3.

Transtar Insurance Brokers, Inc is an improper party to Plaintiffs' direct action claim as Transtar Insurance Brokers, Inc. is not an insurer of Defendant Keck or Defendant Knight Refrigerated.

4.

Plaintiffs contend that they can maintain a direct action against Red Rock Risk Retention Group, Inc. While Defendants reserve the right to oppose this allegation in the future, Defendants do not oppose the addition of Red Rock Risk Retention Group, Inc. as a party defendant at this time.

5.

As such, the parties request that the Court add Red Rock Risk Retention Group, Inc. and drop Transtar Insurance Brokers, Inc. and Knight Transportation, Inc.

6.

Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.  O.C.G.A. § 9-11-21.

7.

The parties request that the Court amend the style of the case to reflect the proper parties.

8.

. Red Rock Risk Retention Group, Inc. waives all formalities of service and will answer

Plaintiff's Complaint within thirty (30) days of the Court's entry of the order on this motion.

This 14th day of April 2023.

**AGREED TO BY:**

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1150
Fax:  470-552-1151
jfowler@wshblaw.com
rzelonka@wshblaw.com
pyoungwynn@wshblaw.com

*/s/ Jenna M. Fowler*
Jenna M. Fowler
Georgia Bar No. 386864
Richard E. Zelonka, Jr.
Georgia Bar No. 142152

*Counsel for Defendants, Knight Refrigerated, LLC, Knight Transportation, Inc., John Keck, and Transtar Insurance Brokers, Inc.*


**DREW ECKYL FARNHAM**
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone:  404-885-6421
Fax:  404-876-0992
MillerM@deflaw.com

*/s/ Michael Miller*
Michael Miller
Georgia Bar No. 508011

*Counsel for Defendants, Knight Refrigerated, LLC, Knight Transportation, Inc., John Keck, and Transtar Insurance Brokers, Inc.*


**AND**

**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
Telephone:  404-593-0020
alan@shiverhamilton.com

*/s/ Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698

*Counsel for Plaintiffs*

**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone:  215-496-8282
rmongeluzzi@smbb.com

_/s/Robert J. Mongeluzzi_
Robert J. Mongeluzzi
Pennsylvania Bar No. 36283
Jeffrey P. Goodman
Pennsylvania Bar No. 309433
E. Douglas DiSandro, Jr.
Pennsylvania Bar No. 316834

_Counsel for Plaintiffs_

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| TONY JOHNSON, SR., JUSTINA JOHNSON, ISABELLA JOHNSON, a minor, by and through her Parents and Next Friends, TONY JOHNSON, SR. and JUSTINA JOHNSON, and TONY JOHNSON, JR., a minor, by and through his Parents and Next Friends, TONY JOHNSON, SR., and JUSTINA JOHNSON, )<br><br>    Plaintiffs, )<br><br>vs. )<br><br>KNIGHT REFRIGERATED, LLC, , JOHN KECK, and RED ROCK RISK RETENTION GROUP, INC., )<br><br>    Defendants. ) | **JURY TRIAL DEMANDED**<br><br>Civil Action No. 23-C-01971-S6 |

## <u>ORDER DROPPING AND ADDING PARTIES</u>

The above Motion having been read and considered, and the same appears to the Court that sufficient grounds exist for the granting thereof, IT IS HEREBY ORDERED that Red Rock Risk Retention Group, Inc. is added as a party defendant in this case, and Transtar Insurance Brokers, Inc., and Knight Transportation, Inc. are dropped from Plaintiff's Complaint. The Court orders that the style of the case shall be amended to conform with this Order as reflected in the case style above. Furthermore, any Amended Complaint in this action shall relate back to the date of the originally filed Complaint.

IT IS HEREBY ORDERED this _____ day of _____, 2023.

_____
The Honorable Veronica Cope
Judge, State Court of Gwinnett County

**PREPARED BY:**

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1150
Fax:  470-552-1151
jfowler@wshblaw.com
rzelonka@wshblaw.com
pyoungwynn@wshblaw.com

/s/ Jenna M. Fowler
Jenna M. Fowler
Georgia Bar No. 386864
Richard E. Zelonka, Jr.
Georgia Bar No. 142152

*Counsel for Defendants, Knight Refrigerated, LLC, Knight Transportation, Inc., John Keck, and Transtar Insurance Brokers, Inc.*

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA
JOHNSON, ISABELLA JOHNSON, a
minor, by and through her Parents and Next
Friends, TONY JOHNSON, SR. and
JUSTINA JOHNSON, and TONY
JOHNSON, JR., a minor, by and through
his Parents and Next Friends, TONY
JOHNSON, SR., and JUSTINA
JOHNSON,

      Plaintiffs,

vs.

KNIGHT REFRIGERATED, LLC,
KNIGHT TRANSPORTATION, INC.,
JOHN KECK, and TRANSTAR
INSURANCE BROKERS, INC.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**JURY TRIAL DEMANDED**

Civil Action No. 23-C-01971-S6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing ***Consent Motion to Drop and***

***Add Parties*** on all parties, via Odyssey eFileGA :

Alan J. Hamilton
**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305

Robert J. Mongeluzzi
Jeffrey P. Goodman
E. Douglas DiSandro, Jr.
**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103

This the 14th day of April 2023.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1150
Fax:  470-552-1151
jfowler@wshblaw.com
rzelonka@wshblaw.com
pyoungwynn@wshblaw.com

/s/ Jenna M. Fowler
Jenna M. Fowler
Georgia Bar No. 386864
Richard E. Zelonka, Jr.
Georgia Bar No. 142152

*Counsel for Defendants, Knight Refrigerated, LLC, Knight Transportation, Inc., John Keck, and Transtar Insurance Brokers, Inc.*

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01971-S6**

**4/19/2023 10:54 AM**

TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| TONY JOHNSON, SR., JUSTINA JOHNSON, ISABELLA JOHNSON, a minor, by and through her Parents and Next Friends, TONY JOHNSON, SR. and JUSTINA JOHNSON, and TONY JOHNSON, JR., a minor, by and through his Parents and Next Friends, TONY JOHNSON, SR., and JUSTINA JOHNSON, <br><br> Plaintiffs, <br><br> vs. <br><br> KNIGHT REFRIGERATED, LLC, , JOHN KECK, and RED ROCK RISK RETENTION GROUP, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **JURY TRIAL DEMANDED** <br><br> Civil Action No. 23-C-01971-S6 |

### ORDER DROPPING AND ADDING PARTIES

The above Motion having been read and considered, and the same appears to the Court that sufficient grounds exist for the granting thereof, IT IS HEREBY ORDERED that Red Rock Risk Retention Group, Inc. is added as a party defendant in this case, and Transtar Insurance Brokers, Inc., and Knight Transportation, Inc. are dropped from Plaintiff's Complaint.  The Court orders that the style of the case shall be amended to conform with this Order as reflected in the case style above. Furthermore, any Amended Complaint in this action shall relate back to the date of the originally filed Complaint.

IT IS HEREBY ORDERED this _18th_ day of _April_, 2023.

_____
The Honorable Veronica Cope
Judge, State Court of Gwinnett County

**PREPARED BY:**

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street, Suite 925
Atlanta, Georgia 30309
Telephone: 470-552-1150
Fax: 470-552-1151
jfowler@wshblaw.com
rzelonka@wshblaw.com
pyoungwynn@wshblaw.com

/s/ Jenna M. Fowler
Jenna M. Fowler
Georgia Bar No. 386864
Richard E. Zelonka, Jr.
Georgia Bar No. 142152

*Counsel for Defendants, Knight Refrigerated, LLC, Knight Transportation, Inc., John Keck, and Transtar Insurance Brokers, Inc.*

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01971-S6**

**4/21/2023 10:01 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA JOHNSON,    )
ISABELLA JOHNSON, a minor, by and      )
through her Parents and Next Friends, TONY  )
JOHNSON, SR. and JUSTINA JOHNSON, and  )
TONY JOHNSON, JR., a minor, by and     )     **JURY TRIAL DEMANDED**
through his Parents and Next Friends, TONY  )
JOHNSON, SR., and JUSTINA JOHNSON,     )     Civil Action No. 23-C-01971-S6
                                       )
      Plaintiffs,                    )
                                       )
vs.                                    )
                                       )
KNIGHT REFRIGERATED, LLC, JOHN         )
KECK, and RED ROCK RISK RETENTION      )
GROUP, INC.,                           )
                                       )
      Defendants.                    )
                                       )
                                       )
                                       )

## <u>JOINT STIPULATION EXTENDING TIME FOR DEFENDANTS TO FILE ANSWER AND RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS</u>

Plaintiffs and Defendants jointly stipulate that the time within which Defendants have to answer, object or otherwise respond to:

1.  Plaintiffs' Complaint is hereby extended through and including, May 22, 2023; and

2.  Plaintiff' First Interrogatories, Request for Admissions and Requests for Production of Documents to Defendants is hereby extended through and including, June 5, 2023.

Respectfully submitted this 21st day of April, 2023.

**PREPARED BY:**

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street, Suite 925
Atlanta, Georgia 30309
Telephone: 470-552-1152
Fax: 470-552-1151
rzelonka@wshblaw.com
jfowler@wshblaw.com
pyoungwynn@wshblaw.com

*/s/ Jenna M. Fowler*
Richard E. Zelonka, Jr.
Georgia Bar No. 142152
Jenna M. Fowler
Georgia Bar No. 386864

*Counsel for Defendants*

**DREW ECKL FARNHAM LLP**
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308
Telephone: 404-885-6421
Fax: 404-876-0992
MillerM@deflaw.com

*/s/ Michael Miller (by Jenna M. Fowler with express permission)*
Michael Miller
Georgia Bar No. 508011

*Counsel for Defendants*

**AND**

**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
Telephone: 404-593-0020
alan@shiverhamilton.com

*/s/ Alan J. Hamilton (by Jenna M. Fowler with express permission)*
Alan J. Hamilton
Georgia Bar No. 320698

*Counsel for Plaintiffs*

**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: 215-496-8282
rmongeluzzi@smbb.com

*/s/Robert J. Mongeluzzi (by Jenna M. Fowler with express permission)*
Robert J. Mongeluzzi
Pennsylvania Bar No. 36283
Jeffrey P. Goodman
Pennsylvania Bar No. 309433
E. Douglas DiSandro, Jr.
Pennsylvania Bar No. 316834

*Counsel for Plaintiffs*

2

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

TONY JOHNSON, SR., JUSTINA JOHNSON, )
ISABELLA JOHNSON, a minor, by and )
through her Parents and Next Friends, TONY )
JOHNSON, SR. and JUSTINA JOHNSON, and )
TONY JOHNSON, JR., a minor, by and )  **JURY TRIAL DEMANDED**
through his Parents and Next Friends, TONY )
JOHNSON, SR., and JUSTINA JOHNSON, )  Civil Action No. 23-C-01971-S6
 )
   Plaintiffs, )
 )
vs. )
 )
KNIGHT REFRIGERATED, LLC, JOHN )
KECK, and RED ROCK RISK RETENTION )
GROUP, INC., )
 )
   Defendants. )
 )
 )
 )

## CERTIFICATE OF SERVICE

 I hereby certify that I have this day served a copy of the foregoing ***Joint Stipulation***

***Extending Time for Defendants' to File a Response to Plaintiffs' Complaint and Discovery***

***Requests*** on all parties, via Odyssey eFile GA as follows:

Alan J. Hamilton
**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305

Robert J. Mongeluzzi
Jeffrey P. Goodman
E. Douglas DiSandro, Jr.
**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103

Michael Miller
**DREW ECKYL FARNHAM**
303 Peachtree Street, NE Suite 3500
Atlanta, Georgia 30308

This 21st day of April  2023.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1152
Fax:  470-552-1151
rzelonka@wshblaw.com
jfowler@wshblaw.com
pyoungwynn@wshblaw.com

*/s/ Jenna M. Fowler*
Richard E. Zelonka, Jr.
Georgia Bar No. 142152
Jenna M. Fowler
Georgia Bar No. 386864

*Counsel for Defendants*

4

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01971-S6**

**4/27/2023 4:59 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT FOR GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TONY JOHNSON, SR., JUSTINA JOHNSON, ISABELLA JOHNSON, a minor, by and through her Parents and Next Friends, TONY JOHNSON, SR. and JUSTINA JOHNSON, and TONY JOHNSON, JR., a minor, by and through his Parents and Next Friends, TONY JOHNSON, SR. and JUSTINA JOHNSON<br><br>*Plaintiffs*<br><br>*v.*<br><br>KNIGHT REFRIGERATED, LLC, JOHN KECK, and RED ROCK RISK RETENTION GROUP, INC.,<br>*Defendants* | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION<br><br>NO. 23-C-01971-S6 |

## VERIFIED MOTION FOR ADMISSION PRO HAC VICE
## OF E. DOUGLAS DISANDRO, JR.

**COMES NOW,** E. Douglas DiSandro, Jr., applicable herein and respectfully represents

the following:

1.    Applicant resides at 236 W. Highland Avenue, Philadelphia, PA 19118, and is an

attorney with the law firm Saltz Mongeluzzi Bendesky with offices at One Liberty Place, 1650

Market St., FL 52, Philadelphia, PA 19103, telephone: (215) 496-8282.

2.    Applicant has been, and presently is, a member in good standing of the bars of the

highest courts of the state of Pennsylvania and New Jersey, where applicant regularly practices

law.

3.    Applicant has been retained as a member of the above-named law firm by Plaintiffs,

Tony Johnson, Sr., Justina Johnson, Isabella Johnson, a minor, by and through her Parents and

Next Friends, Tony Johnson, Sr. and Justina Johnson, and Tony Johnson, Jr., a minor, by and

through his Parents and Next Friends, Tony Johnson, Sr. and Justina Johnson, all of whom reside at 11 Mill Bend Rd., Levittown, PA 19056; Phone Number (215) 301-4277 to provide legal representation in connection with the above-captioned matter now pending before this Honorable Court.

4.     Applicant has been admitted to practice before the following courts:

| Courts: | Dates Admitted: |
|---------|-----------------|
| Pennsylvania | 12/09/2013 |
| New Jersey | 12/04/2013 |
| Federal Courts: | |
| District of New Jersey | 1/09/2014 |
| Eastern District of Pennsylvania | 12/01/2015 |

5.     Applicant has never been a member of the State Bar of Georgia.

6.     Applicant has never been denied admission *pro hac vice* in the state of Georgia, has never had his admission *pro hac vice* revoked in the state of Georgia, and has never been formally disciplined or sanctioned by any court in this state or any other state.

7.     Applicant has not had any formal, written disciplinary proceeding brought against him by a disciplinary authority in any other jurisdiction.

8.     Applicant has not been held formally in contempt or otherwise sanctioned by any court in a written order for disobedience to its rules or orders.

9.     Applicant agrees to comply with the provisions of the Georgia Rules of Professional Conduct, local rules and court procedures of the state court of Gwinnett County, and applicant consents to the jurisdiction of the courts and the disciplinary boards of the state of Georgia.

10.     Local Counsel of record associated with applicant in this matter is Alan J. Hamilton, Georgia Bar Number 320698 of the law firm Shiver Hamilton, LLC with offices at 3490 Piedmont Road, Suite 640, Atlanta, Georgia 30305, telephone number (404) 593-0020.

11.     This applicant is currently seeking to represent Plaintiffs, Tony Johnson, Sr., Justina Johnson, Isabella Johnson, a minor, by and through her Parents and Next Friends, Tony Johnson, Sr. and Justina Johnson, and Tony Johnson, Jr., a minor, by and through his Parents and Next Friends, Tony Johnson, Sr. and Justina Johnson, in the above-captioned proceeding.

12.     While I file my application, I will forward a copy to the State Bar of Georgia, along with a check made payable the State Bar in the amount of $75.

Respectfully submitted this 26ᵗʰ day of April, 2023.


_____
E. Douglas DiSandro, Jr. (PA Bar No. 316834)
SALTZ MONGELUZZI BENDESKY
1650 Market Street, 52nd Floor
Philadelphia, PA  19103
DDisandro@smbb.com

*Applicant*

## IN THE STATE COURT FOR GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA
JOHNSON, ISABELLA JOHNSON, a minor,
by and through her Parents and Next Friends,
TONY JOHNSON, SR. and JUSTINA
JOHNSON, and TONY JOHNSON, JR., a
minor, by and through his Parents and Next
Friends, TONY JOHNSON, SR. and
JUSTINA JOHNSON

*Plaintiffs*

    *v.*

KNIGHT REFRIGERATED, LLC, JOHN
KECK, and RED ROCK RISK RETENTION
GROUP, INC.,
        *Defendants*

**JURY TRIAL DEMANDED**

CIVIL ACTION

NO. 23-C-01971-S6

### VERIFICATION OF E. DOUGLAS DISANDRO, JR.

I, E. Douglas DiSandro, Jr., do hereby swear or affirm under penalty of perjury that I am

the applicant in the above-styled matter; that I have read the foregoing application and known the

contents thereof, and that the contents are true of my knowledge, except as to those matters stated

on information and belief, and that as to those matters stated on information and belief, and that as

to those matters I believe them to be true.

E. Douglas DiSandro, Jr.
Applicant

Sworn to and subscribed before me
this 26ᵗ day of April, 2023

Notary Public
My Commission Expires: 5/13/24

Commonwealth of Pennsylvania - Notary Seal
LAURA M. CLAVIN, Notary Public
Philadelphia County
My Commission Expires May 13, 2024
Commission Number 1027681

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day electronically filed a copy of the foregoing ***Verified Motion for Admission Pro Hac Vice of E. Douglas Disandro, Jr.*** with the Clerk of Court using Odyssey eFileGa, which will automatically send notification to the following counsel of record:

Jenna M. Fowler, Esq.
Richard E. Zelonka, Esq.
**Wood Smith Henning & Berman, LLP**
1230 Peachtree Street, Suite 925
Atlanta, Georgia 30309
***Counsel for Defendants***

Michael Miller, Esq.
**Drew Eckl Farnham, LLP**
303 Peachtree Street, Suite 3500
Atlanta, Georgia 30308
***Counsel for Defendants***

Robert J. Mongeluzzi, Esq.
Jeffrey P. Goodman, Esq.
E. Douglas DiSandro, Jr., Esq.
**Saltz Mongeluzzi Bendesky, PC**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
***Counsel for Plaintiffs***

This 27th day of April, 2023.

Respectfully submitted,

**SHIVER HAMILTON CAMPBELL, LLC**

/s/ *Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698
***Attorney for Plaintiffs***

3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020

**IN THE STATE COURT FOR GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| TONY JOHNSON, SR., JUSTINA JOHNSON, ISABELLA JOHNSON, a minor, by and through her Parents and Next Friends, TONY JOHNSON, SR. and JUSTINA JOHNSON, and TONY JOHNSON, JR., a minor, by and through his Parents and Next Friends, TONY JOHNSON, SR. and JUSTINA JOHNSON | **JURY TRIAL DEMANDED**  CIVIL ACTION  NO. 23-C-01971-S6 |

*Plaintiffs*

v.

KNIGHT REFRIGERATED, LLC, JOHN KECK, and RED ROCK RISK RETENTION GROUP, INC.,

*Defendants*

**[PROPOSED] ORDER ON VERIFIED MOTION FOR ADMISSION PRO HAC VICE OF E. DOUGLAS DISANDRO, JR., ESQ.**

This matter is before the Court on the Motion for Admission *Pro Hac Vice* of E. Douglas DiSandro, Jr., Esq. pursuant to Uniform Superior Court Rule 4.4. It appearing to the Court that the aforesaid application is in compliance with Rule 4.4, and inasmuch as Alan J. Hamilton attorney admitted to practice before this Court, has endorsed the *Pro Hac Vice* admission of E. Douglas DiSandro, Jr. and represented that he will be the responsible attorney as required by the aforesaid Rule 4.4, it is hereby:

**ORDERED** that E. Douglas DiSandro, Jr. be and is hereby admitted to the practice of law in the State of Georgia for the sole and limited purpose of participating as co-counsel for Plaintiffs, Tony Johnson, Sr., Justina Johnson, Isabella Johnson, a minor, by and through her Parents and Next Friends, Tony Johnson, Sr. and Justina Johnson, and Tony Johnson, Jr., a minor, by and

through his Parents and Next Friends, Tony Johnson, Sr. and Justina Johnson in the above-styled

action.

ENTERED this _____ day of _____, 2023

_____

The Honorable Veronica Cope

Order Prepared By:

Alan J. Hamilton
Georgia Bar No. 320698
**SHIVER HAMILTON, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
Counsel for Plaintiffs

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01971-S6**

**5/19/2023 9:50 AM**

TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA )
JOHNSON, ISABELLA JOHNSON, a )
minor, by and through her Parents and Next )
Friends, TONY JOHNSON, SR. and )
JUSTINA JOHNSON, and TONY )
JOHNSON, JR., a minor, by and through )
his Parents and Next Friends, TONY )
JOHNSON, SR., and JUSTINA )
JOHNSON, )
                                              )
       Plaintiffs, )
                                              )
vs. )
                                              )
KNIGHT REFRIGERATED, LLC, )
JOHN KECK, and RED ROCK RISK )
RETENTION GROUP, INC., )
                                              )
       Defendants. )
                                              )

**JURY TRIAL DEMANDED**

Civil Action No. 23-C-01971-S6

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
## JOHN KECK TO PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendant John Keck ("Mr. Keck") files his Answer and Affirmative Defenses to Plaintiffs'

Complaint, as follows:

1.

The allegations in Paragraph No. 1 of Plaintiffs' Complaint are statements which require

no response from Mr. Keck.  To the extent the allegations in Paragraph No. 1 of Plaintiffs'

Complaint allege fault or liability on Mr. Keck, those allegations are denied.

## PARTIES, JURISDICTION AND VENUE

2.

Mr. Keck is without knowledge sufficient to form a belief as to the truth of the allegations

in Paragraph No. 2 of Plaintiffs' Complaint.

3.

The allegations in Paragraph No. 3 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 3 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

4.

The allegations in Paragraph No. 4 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 4 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

5.

The allegations in Paragraph No. 5 of Plaintiffs' Complaint are statements which require no response from Mr. Keck.  To the extent the allegations in Paragraph No. 5 of Plaintiffs' Complaint allege fault or liability on Mr. Keck, those allegations are denied.

6.

Mr. Keck denies that he is subject to jurisdiction and venue of this Court.  Mr. Keck admits the remaining allegations in Paragraph No. 6 of Plaintiffs' Complaint.

7.

The allegations in Paragraph No. 7 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 7 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

8.

Mr. Keck admits the allegations in Paragraph No. 8 of Plaintiffs' Complaint.

9.

Mr. Keck denies the allegations in Paragraph No. 9 of Plaintiffs' Complaint.

## **OPERATIVE FACTS**

10.

Mr. Keck admits the allegations in Paragraph No. 10 of Plaintiffs' Complaint.

11.

Mr. Keck admits that at the time of the incident alleged in Plaintiffs' Complaint that Mr. Keck was acting within the course and scope of his employment for  Knight Refrigerated, LLC. Mr. Keck denies that he was an employee of Knight Transportation, Inc. and the remaining allegations in Paragraph No. 11 of Plaintiffs' Complaint.

12.

Mr. Keck is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 12 of Plaintiffs' Complaint.

13.

Mr. Keck admits that he lost control of his vehicle.  Mr. Keck is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 13 of Plaintiffs' Complaint.

14.

Mr. Keck is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 14 of Plaintiffs' Complaint.

15.

Mr. Keck is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 15 of Plaintiffs' Complaint.

16.

Mr. Keck denies the allegations in Paragraph No. 16 of Plaintiffs' Complaint.

17.

Mr. Keck denies the allegations in Paragraph No. 17 of Plaintiffs' Complaint.

18.

Mr. Keck denies the allegations in Paragraph No. 18 of Plaintiffs' Complaint.

19.

Mr. Keck is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 19 of Plaintiffs' Complaint.

20.

Mr. Keck is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 20 of Plaintiffs' Complaint.

## **CLAIMS**
## **COUNTS I AND II: NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT KECK**

21.

Mr. Keck incorporates by reference his responses to Paragraph No. 1 through Paragraph No. 20 of Plaintiffs' Complaint as if fully set forth herein.

22.

Mr. Keck admits that he had a duty to exercise ordinary care.  Mr. Keck denies the remaining allegations in Paragraph No. 22 of Plaintiffs' Complaint.

23.

Mr. Keck admits that he had a duty to exercise ordinary care.  Mr. Keck denies the remaining allegations in Paragraph No. 23 of Plaintiffs' Complaint.

24.

Mr. Keck denies the allegations in Paragraph No. 24 of Plaintiffs' Complaint.

4

25.

Mr. Keck denies the allegations in Paragraph No. 25 of Plaintiffs' Complaint.

26.

Mr. Keck denies the allegations in Paragraph No. 26 of Plaintiffs' Complaint.

27.

Mr. Keck denies the allegations in Paragraph No. 27 of Plaintiffs' Complaint.

28.

Mr. Keck denies the allegations in Paragraph No. 28 of Plaintiffs' Complaint.

29.

Mr. Keck denies the allegations in Paragraph No. 29 of Plaintiffs' Complaint.

## COUNT III: *RESPONDEAT SUPERIOR* AGAINST DEFENDANT KNIGHT REFRIGERATED, LLC

30.

Mr. Keck incorporates by reference his responses to Paragraph No. 1 through Paragraph No. 29 of Plaintiffs' Complaint as if fully set forth herein.

31.

Mr. Keck admits that he was an employee of Knight Refrigerated, LLC at the time of the incident alleged in Plaintiffs' Complaint.  Mr. Keck denies that he was an employee of Knight Transportation, Inc. at the time of the incident alleged in Plaintiffs' Complaint.

32.

Mr. Keck denies the allegations in Paragraph No. 32 of Plaintiffs' Complaint.

33.

Mr. Keck admits that at the time of the incident alleged in Plaintiffs' Complaint that Mr. Keck was acting within the course and scope of his employment for Knight Refrigerated, LLC.

Mr. Keck denies that he was an employee of Knight Transportation, Inc. at the time of the incident alleged in Plaintiffs' Complaint.

34.

Mr. Keck admits that he did not own the tractor he was operating at the time of the incident alleged in Plaintiffs' Complaint.  Mr. Keck is without  knowledge as to the truth of the remaining allegations in Paragraph No. 34 of Plaintiffs' Complaint.

35.

Mr. Keck admits that Knight Refrigerated, LLC gave Mr. Keck authority and permission to operate the tractor Mr. Keck was driving at the time of the incident alleged in Plaintiffs' Complaint.   Mr. Keck denies the remaining allegations in Paragraph No. 35 of Plaintiffs' Complaint.

36.

Mr. Keck admits that he was acting within the course and scope of his employment for Knight Refrigerated, LLC at the time of the incident alleged in Plaintiffs' Complaint.  Mr. Keck that he was an employee of Knight Transportation, Inc. at the time of the incident alleged in Plaintiffs' Complaint.

37.

The allegations in Paragraph No. 37 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 37 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

38.

Mr. Keck denies the allegations in Paragraph No. 38 of Plaintiffs' Complaint.

39.

The allegations in Paragraph No. 39 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 39 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

## COUNT IV: NEGLIGENCE OF DEFENDANTS KNIGHT REFRIGERATED, LLC

40.

Mr. Keck incorporates by reference his responses to Paragraph No. 1 through Paragraph No. 39 of Plaintiffs' Complaint as if fully set forth herein.

41.

The allegations in Paragraph No. 41 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 41 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

42.

The allegations in Paragraph No. 42 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 42 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

43.

The allegations in Paragraph No. 43 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 43 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

44.

The allegations in Paragraph No. 44 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 44 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

45.

The allegations in Paragraph No. 45 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 45 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

46.

The allegations in Paragraph No. 46 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 46 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

47.

The allegations in Paragraph No. 47 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 47 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

48.

The allegations in Paragraph No. 48 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 48 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

49.

The allegations in Paragraph No. 49 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 49 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

50.

The allegations in Paragraph No. 50 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 50 of Plaintiffs'

Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

## COUNT V: DIRECT ACTION AGAINST
## RED ROCK RISK RETENTION GROUP, INC.

### 51.

Mr. Keck incorporates by reference his responses to Paragraph No. 1 through Paragraph No. 50 of Plaintiffs' Complaint as if fully set forth herein.

### 52.

Mr. Keck is without knowledge as to the truth of the allegations in Paragraph No. 52 of Plaintiffs' Complaint.

### 53.

The allegations in Paragraph No. 53 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 53 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

### 54.

The allegations in Paragraph No. 54 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 54 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

### 55.

Mr. Keck denies the allegations in Paragraph No. 55 of Plaintiffs' Complaint.

### 56.

The allegations in Paragraph No. 56 of Plaintiffs' Complaint are not directed to Mr. Keck and therefore require no response from Mr. Keck. To the extent that Paragraph No. 56 of Plaintiffs' Complaint alleges fault or liability on Mr. Keck, those allegations are denied.

57.

Mr. Keck denies the allegations in Paragraph No. 57 of Plaintiffs' Complaint.

## **COUNT VI: DAMAGES**

58.

Mr. Keck incorporates by reference his responses to Paragraph No. 1 through Paragraph No. 57 of Plaintiffs' Complaint as if fully set forth herein.

59.

Mr. Keck denies the allegations in Paragraph No. 57 of Plaintiffs' Complaint.

60.

Mr. Keck denies the allegations in Paragraph No. 60 of Plaintiffs' Complaint.

61.

Mr. Keck denies the allegations in Paragraph No. 61 of Plaintiffs' Complaint.

62.

Mr. Keck denies the allegations of Paragraph No. 62 of Plaintiffs' Complaint.

63.

Mr. Keck denies the allegations of Paragraph No. 63 of Plaintiffs' Complaint.

## **COUNT VII: LOSS OF CONSORTIUM**

64.

Mr. Keck incorporates by reference his responses to Paragraph No. 1 through Paragraph No. 63 of Plaintiffs' Complaint as if fully set forth herein.

65.

The allegations in Paragraph No. 65 of Plaintiffs' Complaint are statements which require no response from Mr. Keck.  To the extent the allegations in Paragraph No. 65 of Plaintiffs'

Complaint allege fault or liability of Mr. Keck, those allegations are denied.

66.

The allegations in Paragraph No. 66 of Plaintiffs' Complaint are statements which require no response from Mr. Keck.  To the extent the allegations in Paragraph No. 66 of Plaintiffs' Complaint allege fault or liability of Mr. Keck, those allegations are denied.

67.

Mr. Keck denies the allegations of Paragraph No. 67 of Plaintiffs' Complaint.

68.

Mr. Keck denies the allegations of Paragraph No. 68 of Plaintiffs' Complaint.

## COUNT VIII: PUNITIVE DAMAGES

69.

Mr. Keck incorporates by reference his responses to Paragraph No. 1 through Paragraph No. 68 of Plaintiffs' Complaint as if fully set forth herein.

70.

Mr. Keck denies the allegations of Paragraph No. 70 of Plaintiffs' Complaint.

71.

Mr. Keck denies the allegations of Paragraph No. 71 of Plaintiffs' Complaint.

Mr. Keck denies the allegations in the paragraph beginning with "WHEREFORE" including subparts (a) through (g).

## GENERAL DENIAL

To the extent an allegation, count, or prayer for relief has not been expressly admitted above, Mr. Keck denies each and every allegation, count, and prayer for relief of Plaintiffs.

11

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Mr. Keck acted at all times in good faith and with reasonable care.

## THIRD AFFIRMATIVE DEFENSE

Mr. Keck did not breach any duty of care owed to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

No act or omission on the part of the Mr. Keck caused or contributed to any injury or damages that Plaintiffs have alleged in Plaintiffs' Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' own negligence contributed to their alleged injuries and other damages, as they did not exercise ordinary care for their own safety at the time of the accident that is the subject of this lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' negligence was greater than or equal to any alleged negligence of Mr. Keck. Plaintiffs are therefore barred from recovery against Mr. Keck.

## SEVENTH AFFIRMATIVE DEFENSE

Mr. Keck has not acted with willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Therefore, the allegations in Plaintiffs' Complaint are insufficient to state a claim for punitive damages against Mr. Keck as a matter of law.

12

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering attorneys' fees as Mr. Keck has not acted in bad faith or been stubbornly litigious.

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are awarded any damages, the jury must apportion its award of damages amongst the liable parties, including Plaintiffs and liable parties not named in this lawsuit, according to their percentage of fault under O.C.G.A. § 51-12-33.

### TENTH AFFIRMATIVE DEFENSE

Mr. Keck asserts all applicable defenses set forth in O.C.G.A. §9-11-8.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' failure to specifically plead items of special damages as required by O.C.G.A. § 9-11-9(g) bars their recovery.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the sudden emergency doctrine.

**WHEREFORE**, Mr. Keck demands that:

   a.  Plaintiffs' claims against him be dismissed with prejudice;

   b.  Plaintiffs recover nothing against Mr. Keck in this action; and

   c.  Mr. Keck has any other and further relief that the Court deems proper.

Respectfully submitted this 19th  day of May, 2023.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street NE, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1150
Fax:  470-552-1151
jfowler@wshblaw.com
nkim@wshblaw.com
pyoungwynn@wshblaw.com

_/s/ Jenna M. Fowler_
Jenna M. Fowler
Georgia Bar No. 386864
Nicole H. Kim
Georgia Bar No. 948010

_Counsel for Defendants, Knight
Refrigerated, LLC, John Keck, and
Red Rock Risk Retention Group, Inc._

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

TONY  JOHNSON,  SR.,  JUSTINA )
JOHNSON, ISABELLA JOHNSON, a )
minor, by and through her Parents and Next )
Friends,  TONY  JOHNSON,  SR.  and )
JUSTINA  JOHNSON,  and  TONY )
JOHNSON, JR., a minor, by and through )
his  Parents  and  Next  Friends,  TONY )
JOHNSON,   SR.,   and   JUSTINA )
JOHNSON, )
)
      Plaintiffs, )
)
vs. )
)
KNIGHT REFRIGERATED, LLC, )
JOHN KECK, and RED ROCK RISK )
RETENTION GROUP, INC., )
)
      Defendants. )
)

**JURY TRIAL DEMANDED**

Civil Action No. 23-C-01971-S6

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing ***Defendant John Keck's***

***Answer and Affirmative Defenses*** on all parties, via Odyssey eFile GA as follows:

Alan J. Hamilton
**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305

Robert J. Mongeluzzi
Jeffrey P. Goodman
E. Douglas DiSandro, Jr.
**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103

*(signatures on next page)*

This 19th day of May, 2023.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street NE, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1150
Fax:  470-552-1151
jfowler@wshblaw.com
nkim@wshblaw.com
pyoungwynn@wshblaw.com

/s/ Jenna M. Fowler
Jenna M. Fowler
Georgia Bar No. 386864
Nicole H. Kim
Georgia Bar No. 948010

*Counsel for Defendants, Knight*
*Refrigerated, LLC, John Keck, and*
*Red Rock Risk Retention Group, Inc.*

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01971-S6**

**5/19/2023 10:24 AM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA ) 
JOHNSON, ISABELLA JOHNSON, a ) 
minor, by and through her Parents and Next ) 
Friends, TONY JOHNSON, SR. and ) 
JUSTINA JOHNSON, and TONY ) 
JOHNSON, JR., a minor, by and through ) 
his Parents and Next Friends, TONY ) 
JOHNSON, SR., and JUSTINA ) 
JOHNSON, ) 
                 ) 
        Plaintiffs, ) 
                 ) 
vs. ) 
                 ) 
KNIGHT REFRIGERATED, LLC, ) 
JOHN KECK, and RED ROCK RISK ) 
RETENTION GROUP, INC., ) 
                 ) 
        Defendants. ) 
                 ) 

**JURY TRIAL DEMANDED**

Civil Action No. 23-C-01971-S6

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT KNIGHT REFRIGERATED, LLC TO PLAINTIFFS' COMPLAINT

Defendant Knight Refrigerated, LLC ("Knight") files its Answer and Affirmative Defenses to Plaintiffs' Complaint, as follows:

1.

The allegations in Paragraph No. 1 of Plaintiffs' Complaint are statements which require no response from Knight. To the extent the allegations in Paragraph No. 1 of Plaintiffs' Complaint allege fault or liability of Knight, those allegations are denied.

## PARTIES, JURISDICTION AND VENUE

2.

Knight is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 2 of Plaintiffs' Complaint.

3.

Knight admits that it is a foreign limited liability company with its principal place of business located in Arizona. Knight denies the remaining allegations in Paragraph No. 3 of Plaintiffs' Complaint.

4.

 The allegations in Paragraph No. 4 of Plaintiffs' Complaint are not directed to Knight and therefore require no response from Knight. To the extent that Paragraph No. 4 of Plaintiffs' Complaint alleges fault or liability on Knight, those allegations are denied.

5.

The allegations in Paragraph No. 5 of Plaintiffs' Complaint are statements which require no response from Knight.  To the extent the allegations in Paragraph No. 5 of Plaintiffs' Complaint allege fault or liability of Knight, those allegations are denied.

6.

The allegations in Paragraph No. 6 of Plaintiffs' Complaint are not directed to Knight and therefore require no response from Knight. To the extent that Paragraph No. 6 of Plaintiffs' Complaint alleges fault or liability on Knight, those allegations are denied.

7.

The allegations in Paragraph No. 7 of Plaintiffs' Complaint are not directed to Knight and therefore require no response from Knight. To the extent that Paragraph No. 7 of Plaintiffs' Complaint alleges fault or liability on Knight, those allegations are denied.

8.

Knight admits the allegations in Paragraph No. 8 of Plaintiffs' Complaint.

9.

Knight denies the allegations in Paragraph No. 9 of Plaintiffs' Complaint.

## **OPERATIVE FACTS**

10.

Knight admits the allegations in Paragraph No. 10 of Plaintiffs' Complaint.

11.

Knight admits that at the time of the incident alleged in Plaintiffs' Complaint that Mr. Keck was acting within the course and scope of his employment for Knight Refrigerated, LLC. Knight denies that Mr. Keck was an employee of Knight Transportation, Inc. and the remaining allegations in Paragraph No. 11 of Plaintiffs' Complaint.

12.

Knight admits the allegations in Paragraph No. 12 of Plaintiffs' Complaint.

13.

Knight admits the allegations in Paragraph No. 13 of Plaintiffs' Complaint.

14.

Knight admits the allegations in Paragraph No. 14 of Plaintiffs' Complaint.

15.

Knight admits the allegations in Paragraph No. 15 of Plaintiffs' Complaint.

16.

Knight is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 16 of Plaintiffs' Complaint.

17.

Knight denies the allegations in Paragraph No. 17 of Plaintiffs' Complaint.

18.

Knight denies the allegations in Paragraph No. 18 of Plaintiffs' Complaint.

19.

Knight is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 19 of Plaintiffs' Complaint.

20.

Knight is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 20 of Plaintiffs' Complaint.

## CLAIMS
## COUNTS I AND II: NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT KECK

21.

Knight incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 20 of Plaintiffs' Complaint as if fully set forth herein.

22.

Knight admits that Mr. Keck had a duty to exercise ordinary care.  Knight denies the remaining allegations in Paragraph No. 22 of Plaintiffs' Complaint.

23.

Knight admits that Mr. Keck had a duty to exercise ordinary care.  Knight denies the remaining allegations in Paragraph No. 23 of Plaintiffs' Complaint.

24.

Knight denies the allegations in Paragraph No. 24 of Plaintiffs' Complaint.

25.

Knight denies the allegations in Paragraph No. 25 of Plaintiffs' Complaint.

26.

Knight denies the allegations in Paragraph No. 26 of Plaintiffs' Complaint.

27.

Knight denies the allegations in Paragraph No. 27 of Plaintiffs' Complaint.

28.

Knight denies the allegations in Paragraph No. 28 of Plaintiffs' Complaint.

29.

Knight denies the allegations in Paragraph No. 29 of Plaintiffs' Complaint.

## COUNT III: *RESPONDEANT SUPERIOR* AGAINST DEFENDANT KNIGHT REFRIGERATED, LLC

30.

Knight incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 29 of Plaintiffs' Complaint as if fully set forth herein.

31.

Knight admits that Mr. Keck was an employee of Knight Refrigerated, LLC at the time of the incident alleged in Plaintiffs' Complaint.  Knight denies the remaining allegations in Paragraph No. 31 of Plaintiffs' Complaint.

32.

Knight denies the allegations in Paragraph No. 32 of Plaintiffs' Complaint.

33.

Knight admits that at the time of the incident alleged in Plaintiffs' Complaint that Mr. Keck was  acting within the course and scope of his employment for Knight Refrigerated, LLC.  Knight denies that he was an employee of Knight Transportation, Inc. at the time of the incident alleged in Plaintiffs' Complaint.

5

34.

Knight admits that it owned the tractor Mr. Keck was operating at the time of the incident alleged in Plaintiffs' Complaint.  Knight denies the remaining allegations in Paragraph No. 34 of Plaintiffs' Complaint.

35.

Knight admits that the tractor Mr. Keck was driving at the time of the incident was operating under Knight's federal motor carrier authority. Knight denies the remaining allegations in Paragraph No. 35 of Plaintiffs' Complaint.

36.

Knight admits the allegations of Paragraph No. 36 of Plaintiffs' Complaint.

37.

Knight admits Mr. Keck was acting within the course and scope of his employment for Knight Refrigerated, LLC.  Knight denies that Mr. Keck was negligent and the remaining allegations in Paragraph No. 37 of Plaintiffs' Complaint.

38.

Knight denies the allegations in Paragraph No. 38 of Plaintiffs' Complaint.

39.

Knight denies the allegations in Paragraph No. 39 of Plaintiffs' Complaint.

## **COUNT IV: NEGLIGENCE OF DEFENDANTS KNIGHT REFRIGERATED, LLC**

40.

Knight incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 39 of Plaintiffs' Complaint as if fully set forth herein.

6

41.

Knight admits that it was a motor carrier at the time of the incident alleged in Plaintiffs' Complaint.  Knight denies the remaining allegations in Paragraph No. 41 of Plaintiffs' Complaint.

42.

Knight admits that it was a motor carrier at the time of the incident alleged in Plaintiffs' Complaint.  Knight denies the remaining allegations in Paragraph No. 42 of Plaintiffs' Complaint.

43.

Knight admits that it had a duty to exercise ordinary care.  Knight denies the remaining allegations in Paragraph No. 43 of Plaintiffs' Complaint.

44.

Knight admits that it had a duty to exercise ordinary care.  Knight denies the remaining allegations in Paragraph No. 44 of Plaintiffs' Complaint.

45.

Knight admits that it had a duty to exercise ordinary care.  Knight denies the remaining allegations in Paragraph No. 45 of Plaintiffs' Complaint.

46.

Knight admits that it had a duty to exercise ordinary care.  Knight denies the remaining allegations in Paragraph No. 46 of Plaintiffs' Complaint.

47.

Knight denies the allegations in Paragraph No. 47 of Plaintiffs' Complaint.

48.

Knight denies the allegations in Paragraph No. 48 of Plaintiffs' Complaint.

49.

Knight denies the allegations in Paragraph No. 49 of Plaintiffs' Complaint.

50.

Knight denies the allegations in Paragraph No. 50 of Plaintiffs' Complaint.

## COUNT V: DIRECT ACTION AGAINST
## RED ROCK RISK RETENTION GROUP, INC.

51.

Knight incorporates by reference its responses to Paragraph No. 1 through Paragraph No.

50 of Plaintiffs' Complaint as if fully set forth herein.

52.

Knight denies the allegations in Paragraph 52 of Plaintiffs' Complaint.

53.

Knight denies the allegations in Paragraph 52 of Plaintiffs' Complaint.

54.

Knight denies the allegations in Paragraph 52 of Plaintiffs' Complaint.

55.

Knight denies the allegations in Paragraph No. 55 of Plaintiffs' Complaint.

56.

Knight denies the allegations in Paragraph 52 of Plaintiffs' Complaint.

57.

Knight denies the allegations in Paragraph No. 57 of Plaintiffs' Complaint.

## COUNT VI: DAMAGES

58.

Knight incorporates by reference its responses to Paragraph No. 1 through Paragraph No.

57 of Plaintiffs' Complaint as if fully set forth herein.

59.

Knight denies the allegations in Paragraph No. 59 of Plaintiffs' Complaint.

60.

Knight denies the allegations in Paragraph No. 60 of Plaintiffs' Complaint.

61.

Knight denies the allegations in Paragraph No. 61 of Plaintiffs' Complaint.

62.

Knight denies the allegations of Paragraph No. 62 of Plaintiffs' Complaint.

63.

Knight denies the allegations of Paragraph No. 63 of Plaintiffs' Complaint.

## COUNT VII: LOSS OF CONSORTIUM

64.

Knight incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 63 of Plaintiffs' Complaint as if fully set forth herein.

65.

The allegations in Paragraph No. 65 of Plaintiffs' Complaint are statements which require no response from Knight.  To the extent the allegations in Paragraph No. 65 of Plaintiffs' Complaint allege fault or liability of Knight, those allegations are denied.

66.

The allegations in Paragraph No. 66 of Plaintiffs' Complaint are statements which require no response from Knight.  To the extent the allegations in Paragraph No. 66 of Plaintiffs' Complaint alleges fault or liability of Knight, those allegations are denied.

67.

Knight denies the allegations of Paragraph No. 67 of Plaintiffs' Complaint.

68.

Knight denies the allegations of Paragraph No. 68 of Plaintiffs' Complaint.

## COUNT VIII: PUNITIVE DAMAGES

69.

Knight incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 68 of Plaintiffs' Complaint as if fully set forth herein.

70.

Knight denies the allegations of Paragraph No. 70 of Plaintiffs' Complaint.

71.

Knight denies the allegations of Paragraph No. 71 of Plaintiffs' Complaint.

Knight denies the allegations in the paragraph beginning with "WHEREFORE" including subparts (a) through (g).

## GENERAL DENIAL

To the extent an allegation, count, or prayer for relief has not been expressly admitted above, Knight denies each and every allegation, count, and prayer for relief of Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Knight acted at all times in good faith and with reasonable care.

## THIRD AFFIRMATIVE DEFENSE

Knight did not breach any duty of care owed to Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

No act or omission on the part of the Knight caused or contributed to any injury or damages that Plaintiffs have alleged in Plaintiffs' Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' own negligence contributed to their alleged injuries and other damages, as they did not exercise ordinary care for their own safety at the time of the accident that is the subject of this lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' negligence was greater than or equal to any alleged negligence of Knight. Plaintiffs are therefore barred from recovery against Knight.

## SEVENTH AFFIRMATIVE DEFENSE

Knight has not acted with willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Therefore, the allegations in Plaintiffs' Complaint are insufficient to state a claim for punitive damages against Knight as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering attorneys' fees as Knight has not acted in bad faith or been stubbornly litigious.

## NINTH AFFIRMATIVE DEFENSE

To the extent the Plaintiffs are awarded any damages, the jury must apportion its award of damages amongst the liable parties, including Plaintiffs and liable parties not named in this lawsuit, according to their percentage of fault under O.C.G.A. § 51-12-33.

## TENTH AFFIRMATIVE DEFENSE

Knight asserts all applicable defenses set forth in O.C.G.A. §9-11-8.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' failure to specifically plead items of special damages as required by O.C.G.A. § 9-11-9(g) bars their recovery.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the sudden emergency doctrine.

**WHEREFORE**, Knight Refrigerated, LLC demands that:

a.  Plaintiffs' claims against it be dismissed with prejudice;

b.  Plaintiffs recover nothing against Knight in this action; and

c.  Knight has any other and further relief that the Court deems proper.

Respectfully submitted this 19th day of May, 2023.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street NE, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1150
Fax:  470-552-1151
jfowler@wshblaw.com
nkim@wshblaw.com
pyoungwynn@wshblaw.com

*/s/ Jenna M. Fowler*
Jenna M. Fowler
Georgia Bar No. 386864
Nicole H. Kim
Georgia Bar No. 948010

*Counsel for Defendants, Knight Refrigerated, LLC, John Keck, and Red Rock Risk Retention Group, Inc.*

12

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| TONY JOHNSON, SR., JUSTINA JOHNSON, ISABELLA JOHNSON, a minor, by and through her Parents and Next Friends, TONY JOHNSON, SR. and JUSTINA JOHNSON, and TONY JOHNSON, JR., a minor, by and through his Parents and Next Friends, TONY JOHNSON, SR., and JUSTINA JOHNSON,<br><br>        Plaintiffs,<br><br>vs.<br><br>KNIGHT REFRIGERATED, LLC, JOHN KECK, and RED ROCK RISK RETENTION GROUP, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      **JURY TRIAL DEMANDED**<br><br>    Civil Action No. 23-C-01971-S6 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing ***Defendant Knight Refrigerated, LLC's Answer and Affirmative Defenses*** on all parties, via Odyssey eFile GA as follows:

Alan J. Hamilton
**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305

Robert J. Mongeluzzi
Jeffrey P. Goodman
E. Douglas DiSandro, Jr.
**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103

*(signatures on next page)*

13

This 19th day of May, 2023.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street NE, Suite 925
Atlanta, Georgia 30309
Telephone: 470-552-1150
Fax: 470-552-1151
jfowler@wshblaw.com
nkim@wshblaw.com
pyoungwynn@wshblaw.com

*/s/ Jenna M. Fowler*
Jenna M. Fowler
Georgia Bar No. 386864
Nicole H. Kim
Georgia Bar No. 948010

*Counsel for Defendants, Knight
Refrigerated, LLC, John Keck, and
Red Rock Risk Retention Group, Inc.*

14

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-01971-S6**

**5/19/2023 10:54 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA
JOHNSON, ISABELLA JOHNSON, a
minor, by and through her Parents and Next
Friends, TONY JOHNSON, SR. and
JUSTINA JOHNSON, and TONY
JOHNSON, JR., a minor, by and through
his Parents and Next Friends, TONY
JOHNSON, SR., and JUSTINA
JOHNSON,

      Plaintiffs,

vs.

KNIGHT REFRIGERATED, LLC,
JOHN KECK, and RED ROCK RISK
RETENTION GROUP, INC,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**JURY TRIAL DEMANDED**

Civil Action No. 23-C-01971-S6

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
## RED ROCK RISK RETENTION GROUP, INC. TO
## PLAINTIFFS' COMPLAINT

Defendant Red Rock Risk Retention Group, Inc. ("Red Rock") files its Answer and

Affirmative Defenses to Plaintiffs' Complaint, as follows:

1.

The allegations in Paragraph No. 1 of Plaintiffs' Complaint are statements which require

no response from Red Rock.  To the extent the allegations in Paragraph No. 1 of Plaintiffs'

Complaint allege fault or liability of Red Rock, those allegations are denied.

## PARTIES, JURISDICTION AND VENUE

2.

Red Rock is without knowledge sufficient to form a belief as to the truth of the allegations

in Paragraph No. 2 of Plaintiffs' Complaint.

3.

The allegations in Paragraph No. 3 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 3 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

4.

The allegations in Paragraph No. 4 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 4 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

5.

The allegations in Paragraph No. 5 of Plaintiffs' Complaint are statements which require no response from Red Rock.  To the extent the allegations in Paragraph No. 5 of Plaintiffs' Complaint allege fault or liability of Red Rock, those allegations are denied.

6.

The allegations in Paragraph No. 6 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 6 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

7.

The allegations in Paragraph No. 7 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 7 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

8.

Red Rock admits the allegations in Paragraph No. 8 of Plaintiffs' Complaint.

9.

Red Rock denies the allegations in Paragraph No. 9 of Plaintiffs' Complaint.

## **OPERATIVE FACTS**

10.

Red Rock is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 10 of Plaintiffs' Complaint.

11.

The allegations in Paragraph No. 11 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 11 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

12.

Red Rock is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 12 of Plaintiffs' Complaint.

13.

Red Rock is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 13 of Plaintiffs' Complaint.

14.

Red Rock is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 14 of Plaintiffs' Complaint.

15.

Red Rock is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 15 of Plaintiffs' Complaint.

16.

Red Rock is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 16 of Plaintiffs' Complaint.

17.

The allegations in Paragraph No. 17 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 17 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

18.

The allegations in Paragraph No. 18 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 18 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

19.

Red Rock is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 19 of Plaintiffs' Complaint.

20.

Red Rock denies the allegations in Paragraph No. 20 of Plaintiffs' Complaint.

## CLAIMS
## COUNTS I AND II: NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT KECK

21.

Red Rock incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 20 of Plaintiffs' Complaint as if fully set forth herein.

22.

The allegations in Paragraph No. 22 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 22 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

23.

The allegations in Paragraph No. 23 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 23 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

24.

The allegations in Paragraph No. 24 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 24 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

25.

The allegations in Paragraph No. 25 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 25 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

26.

The allegations in Paragraph No. 26 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 26 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

27.

The allegations in Paragraph No. 27 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 27 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

28.

The allegations in Paragraph No. 28 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 28 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

29.

The allegations in Paragraph No. 29 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 29 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

## COUNT III: *RESPONDEAT SUPERIOR* AGAINST DEFENDANT KNIGHT REFRIGERATED, LLC AND DEFENDANT KNIGHT TRANSPORTATION, INC.

30.

Red Rock incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 29 of Plaintiffs' Complaint as if fully set forth herein.

31.

The allegations in Paragraph No. 31 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 31 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

32.

The allegations in Paragraph No. 32 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 32 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

33.

The allegations in Paragraph No. 33 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 33 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

34.

The allegations in Paragraph No. 34 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 34 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

35.

The allegations in Paragraph No. 35 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 35 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

36.

The allegations in Paragraph No. 36 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 36 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

37.

The allegations in Paragraph No. 37 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 37 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

38.

The allegations in Paragraph No. 38 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 38 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

39.

The allegations in Paragraph No. 39 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 39 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

### COUNT IV: NEGLIGENCE OF DEFENDANTS KNIGHT REFRIGERATED, LLC AND DEFENDANT KNIGHT TRANSPORTATION, INC

40.

Red Rock incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 39 of Plaintiffs' Complaint as if fully set forth herein.

41.

The allegations in Paragraph No. 41 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 41 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

42.

The allegations in Paragraph No. 42 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 42 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

43.

The allegations in Paragraph No. 43 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 43 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

44.

The allegations in Paragraph No. 44 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 44 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

45.

The allegations in Paragraph No. 45 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 45 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

46.

The allegations in Paragraph No. 46 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 46 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

47.

The allegations in Paragraph No. 47 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 47 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

48.

The allegations in Paragraph No. 48 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 48 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

49.

The allegations in Paragraph No. 49 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 49 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

50.

The allegations in Paragraph No. 50 of Plaintiffs' Complaint are not directed to Red Rock and therefore require no response from Red Rock. To the extent that Paragraph No. 50 of Plaintiffs' Complaint alleges fault or liability on Red Rock, those allegations are denied.

## COUNT V: DIRECT ACTION AGAINST
## RED ROCK RISK RETENTION GROUP, INC.

51.

Red Rock incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 50 of Plaintiffs' Complaint as if fully set forth herein.

52.

Red Rock denies the allegations in Paragraph No. 52 of Plaintiffs' Complaint.

10

53.

Red Rock denies the allegations in Paragraph No. 53 of Plaintiffs' Complaint.

54.

Red Rock denies the allegations in Paragraph No. 54 of Plaintiffs' Complaint.

55.

Red Rock denies the allegations in Paragraph No. 55 of Plaintiffs' Complaint.

56.

Red Rock denies the allegations in Paragraph No. 56 of Plaintiffs' Complaint.

57.

Red Rock denies the allegations in Paragraph No. 57 of Plaintiffs' Complaint.

## COUNT VI: DAMAGES

58.

Red Rock incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 57 of Plaintiffs' Complaint as if fully set forth herein.

59.

Red Rock denies the allegations in Paragraph No. 59 of Plaintiffs' Complaint.

60.

Red Rock denies the allegations in Paragraph No. 60 of Plaintiffs' Complaint.

61.

Red Rock denies the allegations in Paragraph No. 61 of Plaintiffs' Complaint.

62.

Red Rock denies the allegations of Paragraph No. 62 of Plaintiffs' Complaint.

63.

Red Rock denies the allegations of Paragraph No. 63 of Plaintiffs' Complaint.

## COUNT VII: LOSS OF CONSORTIUM

64.

Red Rock incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 63 of Plaintiffs' Complaint as if fully set forth herein.

65.

The allegations in Paragraph No. 65 of Plaintiffs' Complaint are statements which require no response from Red Rock.  To the extent the allegations in Paragraph No. 65 of Plaintiffs' Complaint allege fault or liability of Red Rock, those allegations are denied.

66.

The allegations in Paragraph No. 66 of Plaintiffs' Complaint are statements which require no response from Red Rock.  To the extent the allegations in Paragraph No. 66 of Plaintiffs' Complaint allege fault or liability of Red Rock, those allegations are denied.

67.

Red Rock denies the allegations of Paragraph No. 67 of Plaintiffs' Complaint.

68.

Red Rock denies the allegations of Paragraph No. 68 of Plaintiffs' Complaint.

## COUNT VIII: PUNITIVE DAMAGES

69.

Red Rock incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 68 of Plaintiffs' Complaint as if fully set forth herein.

70.

Red Rock denies the allegations of Paragraph No. 70 of Plaintiffs' Complaint.

71.

Red Rock denies the allegations of Paragraph No. 71 of Plaintiffs' Complaint.

Red Rock denies the allegations in the paragraph beginning with "WHEREFORE" including subparts (a) through (g).

## GENERAL DENIAL

To the extent an allegation, count, or prayer for relief has not been expressly admitted above, Defendant denies each and every allegation, count, and prayer for relief of Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Red Rock acted at all times in good faith and with reasonable care.

## THIRD AFFIRMATIVE DEFENSE

Red Rock did not breach any duty of care owed to Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

No act or omission on the part of Red Rock caused or contributed to any injury or damages that Plaintiffs have alleged in Plaintiffs' Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' own negligence contributed to their alleged injuries and other damages, as they did not exercise ordinary care for their own safety at the time of the accident that is the subject of this lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' negligence was greater than or equal to any alleged negligence of Red Rock. Plaintiffs are therefore barred from recovery against Red Rock.

## SEVENTH AFFIRMATIVE DEFENSE

Red Rock has not acted with willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Therefore, the allegations in Plaintiffs' Complaint are insufficient to state a claim for punitive damages against Red Rock as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering attorneys' fees as Red Rock has not acted in bad faith or been stubbornly litigious.

## NINTH AFFIRMATIVE DEFENSE

To the extent the Plaintiffs are awarded any damages, the jury must apportion its award of damages amongst the liable parties, including Plaintiffs and liable parties not named in this lawsuit, according to their percentage of fault under O.C.G.A. § 51-12-33.

## TENTH AFFIRMATIVE DEFENSE

Red Rock Risk Retention Group, Inc. is an improper party to Plaintiffs' lawsuit. See *Reis v. OOIDA Risk Retention Grp., Inc.,* 303 Ga. 659, 814 S.E.2d 338 (2018).

## ELEVENTH AFFIRMATIVE DEFENSE

Red Rock asserts all applicable defenses set forth in O.C.G.A. §9-11-8.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' failure to specifically plead items of special damages as required by O.C.G.A. § 9-11-9(g) bars their recovery.

14

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Claims are barred by the sudden emergency doctrine.

**WHEREFORE**, Defendant demands that:

a.  Plaintiffs' claims against it be dismissed with prejudice;

b.  Plaintiffs recover nothing against Defendant in this action; and

c.  Defendant has any other and further relief that the Court deems proper.

Respectfully submitted this 19th day of May, 2023.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street NE, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1150
Fax:  470-552-1151
jfowler@wshblaw.com
nkim@wshblaw.com
pyoungwynn@wshblaw.com

/s/ Jenna M. Fowler
Jenna M. Fowler
Georgia Bar No. 386864
Nicole H. Kim
Georgia Bar No. 948010

*Counsel for Defendants, Knight Refrigerated, LLC, John Keck, and Red Rock Risk Retention Group, Inc.*

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TONY JOHNSON, SR., JUSTINA )
JOHNSON, ISABELLA JOHNSON, a )
minor, by and through her Parents and Next )
Friends, TONY JOHNSON, SR. and )
JUSTINA JOHNSON, and TONY )
JOHNSON, JR., a minor, by and through )
his Parents and Next Friends, TONY )
JOHNSON, SR., and JUSTINA )
JOHNSON, )
                                  )
      Plaintiffs, )
                                    )
vs. )
                                    )
KNIGHT REFRIGERATED, LLC, )
JOHN KECK, and RED ROCK RISK )
RETENTION GROUP, INC, )
                                    )
      Defendants. )
                                    )

**JURY TRIAL DEMANDED**

Civil Action No. 23-C-01971-S6

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing ***Defendant Red Rock Risk Retention Group, Inc.'s Answer and Affirmative Defenses*** on all parties, via Odyssey eFile GA as follows:

Alan J. Hamilton
**SHIVER HAMILTON CAMPBELL, LLC**
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305

Robert J. Mongeluzzi
Jeffrey P. Goodman
E. Douglas DiSandro, Jr.
**SALTZ MONGELUZZI BENDESKY P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103

*(signatures on next page)*

16

This 19th day of May, 2023.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street NE, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1150
Fax:  470-552-1151
jfowler@wshblaw.com
nkim@wshblaw.com
pyoungwynn@wshblaw.com

*/s/ Jenna M. Fowler*
Jenna M. Fowler
Georgia Bar No. 386864
Nicole H. Kim
Georgia Bar No. 948010

*Counsel for Defendants, Knight
Refrigerated, LLC, John Keck, and
Red Rock Risk Retention Group, Inc.*

17