# EXHIBIT "A"

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV376508**

**FEB 21, 2023 04:43 PM**

Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
**SUMMONS**

| | |
|---|---|
| Dawkins, Shenae | Case No.: 2023CV376508 |
| **Plaintiff,** | |
| **vs.** | |
| Innovation Truck Service, LLC | |
| Freedom Specialty Insurance Company | |
| ABC Corporation | |
| Doe 1, John | |
| Doe 2, John | |
| Doe 3, John | |
| **Defendant** | |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney,
whose name and address is:

**N. John Bey**
**Bey and Associates**
**191 Peachtree Street**
**Suite 3200**
**Atlanta, Georgia 30303**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons
upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5)
business days of such service. Then time to answer shall not commence until such proof of service has been
filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR
THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____**21st** **day of**_____**February, 20 23**

                                        Honorable Cathelene "Tina" Robinson
                                        Clerk of Superior Court

                                        _____
                                        Cathelene Robinson, Clerk
                                        Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

                                        Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 26505119**
**Date Processed: 03/07/2023**

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215-2410 |
| **Electronic copy provided to:** | Ashley Roberts |

| | |
|---|---|
| **Entity:** | Freedom Specialty Insurance Company<br>Entity ID Number  3286212 |
| **Entity Served:** | Freedom Specialty Insurance Company |
| **Title of Action:** | Shenae Dawkins vs. Innovation Truck Service, LLC, Freedom Specialty Insurance Company, John Doe #1-3, and ABC Corporation |
| **Matter Name/ID:** | Shenae Dawkins vs. Innovation Truck Service, LLC, Freedom Specialty Insurance Company, John Doe #1-3, and ABC Corporation (13737682) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fulton County Superior Court, GA |
| **Case/Reference No:** | 2023CV376508 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 03/06/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Bey & Associates LLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV376508**

**FEB 21, 2023 04:43 PM**

Cathelene Robinson, Clerk
Fulton County Superior Court

IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
**SUMMONS**

| | |
|---|---|
| Dawkins, Shenae | ) Case |
| | ) No.: 2023CV376508 |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| Innovation Truck Service, LLC | ) |
| | ) |
| | ) |
| Freedom Specialty Insurance Company | ) |
| | ) |
| | ) |
| ABC Corporation | ) |
| | ) |
| | ) |
| Doe 1, John | ) |
| | ) |
| | ) |
| Doe 2, John | ) |
| | ) |
| | ) |
| Doe 3, John | ) |
| **Defendant** | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney,
whose name and address is:

> **N. John Bey**
> **Bey and Associates**
> **191 Peachtree Street**
> **Suite 3200**
> **Atlanta, Georgia 30303**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons
upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5)
business days of such service. Then time to answer shall not commence until such proof of service has been
filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR
THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____21st day of_____February, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____._____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV376508**

FEB 21, 2023 04:43 PM

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| SHENAE DAWKINS, | ) |
| | ) **CIVIL ACTION** |
| **Plaintiff,** | ) **FILE NO.** |
| | ) |
| | ) |
| v. | ) **JURY TRIAL DEMAND** |
| | ) |
| | ) |
| **INNOVATION TRUCK SERVICE, LLC,** | ) |
| **FREEDOM SPECIALTY INSURANCE** | ) |
| **COMPANY, JOHN DOE #1-3, and ABC** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Shenae Dawkins (hereafter "Plaintiff Dawkins"), by and through counsel, files this Complaint for Damages against Defendant Innovation Truck Service, LLC (hereafter "Defendant Innovation"), Defendant Freedom Specialty Insurance Company (hereafter "Defendant Freedom"), John Doe #1-3 (hereafter "Defendant Doe"),  ABC Corporation (hereinafter "Defendants ABC") and collectively ("Defendants") and shows the Honorable Court as follows:

### PRELIMINARY STATEMENT

1.

This is an action seeking to hold Defendants liable for a motor vehicle collision that occurred on February 22, 2021, causing personal injuries to Plaintiff Dawkins.

### PARTIES, JURISDICTION, AND VENUE

2.

At all relevant times in the instant litigation, Plaintiff Dawkins is a citizen of the State of Georgia and reside in Cobb County and is subject to the jurisdiction of this Court.

3.

At all times in the instant litigation, Defendant Innovation Truck Service, LLC was a foreign corporation with its principal place of business in a state of New Jersey and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration.

4.

Defendant Innovation is a motor carrier and registered with the U.S. Department of Transportation under DOT number 2443986.

5.

Defendant Innovation's Motor Carrier Number is MC-853645.

6.

Defendant Innovation may be served with process by delivering a copy of the Summons and Complaint upon Renee Lamback, 7980 Errol Drive, Lithonia, Georgia 30058, its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations

7.

Defendant Innovation may also be served with process by delivering a copy of the Summons and Complaint under the laws of the State of New Jersey upon their registered agent, Jennifer Vega, Innovation Truck Service, LLC, 7235 Boulevard Avenue, Pennsauken, New Jersey 08110, or wherever found, and is subject to the jurisdiction of this Court.

8.

Once Defendant Innovation is served with process, Defendant Innovation is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A §9-10-91 as Defendant Innovation committed a tortious act and/or omission within the State of Georgia.

9.

Once Defendant Innovation is served with process, Defendant Innovation is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A § 40-12-1 Georgia's Non-Resident Motorist Act.

10.

Once Defendant Innovation is served with process, Defendant Innovation is subject to the jurisdiction and venue of this Court under Article VI, Section II, Paragraph IV of the Constitution of the State of Georgia.

11.

Defendant Innovation was properly served with process in this litigation.

12.

Defendant Innovation was sufficiently served with process in this litigation.

13.

Defendant Innovation is subject to the jurisdiction of this Court.

14.

Defendant John Doe is a fictional designation pursuant to O.C.G.A § 9-11-10(c) representing a currently unknown individuals, partnerships, limited partnerships, entity/entities, and/or corporations other than the named Defendants, who managed, owned and/or operated the vehicle in question on the date of the incident which resulted in the injuries sustained by Plaintiff. Upon asserting the proper identity of this person(s), this allegation will be supplemented.

15.

Once Defendant Doe is served with process, Defendant John Doe is subject to the jurisdiction and venue of this Court pursuant to O.C.G. A.§ 40-12-1 Georgia's Non-Resident Motorist Act.

16.

Once Defendant Doe is served with process, Defendant Doe is subject to the jurisdiction and venue of this Court pursuant to O.C.G. A. § 9-10-91 as Defendant Doe committed a tortious act and/or omission within the State of Georgia.

17.

Once served Defendant Doe is served with process, Defendant Doe is subject to the jurisdiction and venue of this Court under Article VI, Section II, Paragraph VI of the Constitution of the State of Georgia

18.

At all relevant times in the instant litigation, Defendant Innovation, and Defendant Doe had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Defendant Doe was operating at the time of the subject collision.

19.

The liability coverage for the collision described in this Complaint is being provided to Defendant Innovation and Defendant Doe through a policy issued by Defendant Freedom and further identified as Policy Number CTF0000205, which provides coverage to Defendant Innovation and Defendant Doe for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that was being operated by Defendant Doe at the time of the subject collision.

20.

At all relevant times in the instant litigation, Defendant Freedom is a foreign insurance company with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

-4-

21.

Defendant Freedom is subject to the jurisdiction of the Court, pursuant to O.C.G.A §§ 40-1-112 and/or 40-2-140, because Defendant Freedom was the insurer providing liability coverage for Defendant Innovation and Defendant Doe at the time of the collision described in this Complaint.

22.

Defendant Freedom may be served with process by delivering a copy of the Summons and Complaint to their registered agent Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, or wherever found, and is subject to the jurisdiction of this Court.

23.

Once served with process, Defendant Freedom is subject to the jurisdiction and venue of this Court under Article VI, Section II, Paragraph IV of the Constitution of the State of Georgia.

24.

Defendant Freedom was properly served with process in this litigation.

25.

Defendant Freedom was sufficiently served with process in this litigation.

26.

Defendant Freedom is subject to the jurisdiction of this Court.

27.

Defendant Freedom may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 30-4.33.

28.

Jurisdiction and venue are proper in this Court.

-5-

29.

Defendant ABC Corporation is a fictional designation pursuant to O.C.G.A § 9-11-10(c) representing individuals, partnerships, limited partnerships, entity/entities, and/or corporations, other than the named Defendants, who managed and/or maintained and/or were responsible for the actions of their employees which resulted in the injuries sustained by Plaintiff. Upon asserting the proper identity of this entity/entities, this allegation will be supplemented.

30.

Once served with process, Defendant ABC Corporation is subject to the jurisdiction and venue of this Court pursuant to O.C.G. A. § 9-10-91 as Defendant ABC Corporation committed a tortious act and/or omission within the State of Georgia.

31.

Once served with process, Defendant ABC Corporation is subject to the jurisdiction and venue of this Court pursuant to O.C.G. A.§ 40-12-1 Georgia's Non-Resident Motorist Act.

32.

Once served with process, Defendants ABC Corporation is subject to this jurisdiction under Article VI, Section II, Paragraph VI of the Constitution of the State of Georgia.

**OPERATIVE FACTS**

33.

On or about February 22, 2021, around approximately, 8:18 p.m. Plaintiff Dawkins was driving a 2014 Mercedes Benz, westbound on Camp Creek Parkway at or near the Welcome All Road in Fulton County Georgia.

34.

Plaintiff Dawkins had stopped her vehicle at the red light at the intersection Camp Creek Parkway and Welcome All Road.

35.

At or about the same time, Defendant Doe was operating a tractor-trailer, westbound on Camp Creek Road, in the lane directly behind the Plaintiff Dawkins' vehicle.

36.

Defendant Doe was operating the tractor-trailer in the course and scope of his employment with Defendant Innovation, and under Defendant Innovation's U.S. Department of Transportation and federal motor carrier authority.

37.

Defendant Doe was following too closely to Plaintiff Dawkins' vehicle.

38.

Defendant Doe failed to keep a proper lookout for Plaintiff Dawkins' vehicle and other traffic around him.

39.

Suddenly and without warning Defendant Doe failed to stop the tractor-trailer and slammed into the back of Plaintiff Dawkins' vehicle.

40.

Defendant Doe made no attempt to stop the tractor-trailer after slamming into Plaintiff Dawkins' vehicle fled the scene of the collision.

41.

Plaintiff Dawkins was recorded the tag number of PA XLM4202 of tractor-trailer being operated by Defendant Doe.

42.

The tractor-trailer being driven by Defendant Doe was owned by Defendant Innovation.

43.

As a result of the collision, Plaintiff Dawkins suffered severe and permanent injuries.

44.

Plaintiff Dawkins did not cause or contribute to the collision in anyway.

45.

At all times related to the subject collision, Plaintiff Dawkins was acting in a reasonable and prudent manner.

## COUNT I – NEGLIGENCE OF DEFENDANT DOE

46.

Plaintiff Dawkins re-alleges and incorporates herein the allegations contained in paragraphs 1 through 45 above as if fully restated.

47.

Drivers upon the roads of Georgia are charged with a duty to drive a reasonable or ordinary person would drive.

48.

The laws in the State of Georgia have been established to define the minimum standards of how an ordinary and reasonable person should operate the vehicle.

49.

When conditions are present, such as driving a tractor-trailer which weights as much as 80,000 (eighty thousand) pounds and possess a greater risk to the public, a higher degree of care is required to be exercised by the operator.

-8-

50.

At the time and place of this collision, Defendant Doe was generally negligent in failing to keep the tractor-trailer under control.

51.

At the time and place of the collision, Defendant Doe was generally negligent in failing to keep a proper lookout for other traffic on the road.

52.

At the time and place of the collision, Defendant Doe was generally negligent in failing to stop the tractor-trailer he was operating before crashing into the rear of Plaintiff Dawkins' vehicle.

53.

At the time and place of the collision, Defendant Doe was generally negligent by driving in a reckless manner.

54.

At the time and place of the collision, Defendant Doe was generally negligent in failing to stop and render aid to Plaintiff Dawkins.

55.

Defendant Doe's negligence is the proximate cause of the collision.

56.

Defendant Doe's negligence is the sole cause of the Plaintiff Dawkins' resulting injuries.

57.

Plaintiff Dawkins was at all times operating her vehicle in a reasonable and prudent manner.

-9-

58.

Plaintiff Dawkins did not cause or contribute to the collision that caused her injuries in anyway.

59.

Defendant Doe's negligence is the proximate and sole cause of the Plaintiff Dawkins' resulting injuries.

### COUNT II– NEFLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE OF DEFENDANT INNOVATION TRUCK SERVICE, LLC

60.

Plaintiff Dawkins re-alleges and incorporates herein the allegations contained in paragraphs 1 through 59 above as is fully restated.

61.

Defendant Innovation was negligent in hiring and/or contracting with Defendant Doe to drive the tractor-trailer at issue.

62.

Defendant Innovation was negligent in training Defendant Doe to properly drive the tractor-trailer.

63.

Defendant Innovation was negligent in entrusting Defendant Doe to drive a tractor-trailer professionally.

64.

Defendant Innovation was negligent in retaining Defendant Doe to drive the tractor-trailer at issue.

-10-

65.

Defendant Innovation failed to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Doe.

66.

Defendant Innovation was negligent in their failure to exercise ordinary care to determine their employees,' agents' and contractors' fitness for the task of driving a commercial vehicle interstate.

67.

Defendant Innovation failed to set a safety procedure to ensure Defendant Doe complied with the dictates of the FMCSA.

68.

Defendant Innovation had a duty to promulgate and enforce the rules and regulations to ensure its drivers and vehicle were reasonable safe, and negligently failed to do so.

69.

The negligence of Defendant Innovation was proximate cause of the injuries sustained by Plaintiff Dawkins.

70.

As a result of Defendant Innovation individually and combined with other Defendants' negligence Plaintiff Dawkins suffered serious injuries affecting her activities of normal daily living.

71.

Defendant Innovation action and inaction constituted negligence and/or combined and concurring with the negligence of the other Defendants, resulted in and proximately cause injuries to Plaintiff Dawkins.

-11-

### COUNT III– NEGLIGENCE *PER SE*

72.

Plaintiff Dawkins re-alleges and incorporates herein the allegations contained in paragraphs 1 through 71 above as if fully restated.

73.

Defendant Innovation's and Defendant Doe's, tortious acts and omissions as alleged herein constitute negligence *per se* within the meaning of Georgia law.

74.

Defendants' negligence *per se* consist of failure to adhere to the applicable standard of care in driving the tractor-trailer, as evidenced by Defendant Doe's reckless driving in violation of O.C.G.A § 40-6-390 among other things.

75.

Defendants' negligence *per se* consist of failure to adhere to the applicable standard of care in driving the tractor-trailer, as evidenced by Defendant Doe's aggressive driving in violation of O.C.G.A § 40-6-397 among other things.

76.

Defendants' negligence *per se* consist of failure to adhere to the applicable standard of care in driving the tractor-trailer, as evidenced by Defendant Doe's distracted driving in violation of O.C.G.A. § 40-6-241 among other things.

77.

Defendants' negligence *per se* consist of failure to the applicable standard of care in driving the tractor-trailer, as evidenced by Defendant Doe's following too closely in violation of O.C.G.A § 40-6-49 among other things.

78.

Defendants' negligence *per se* consist of failure to the applicable standard of care in driving the tractor-trailer, as evidenced by Defendant Doe's failure to adhere to speed restrictions in violation of O.C.G.A § 40-6-180 among other things.

79.

Defendants' negligence *per se* consist of failure to the applicable standard of care in driving the tractor-trailer, as evidenced by Defendant Doe's hit and run, and failure to stop and render aid in violation of O.C.G.A § 40-6-270 among other things.

80.

Defendant Innovation and Defendant Doe were subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the Georgia Department of Transportation Safety Rules & Regulations 1340-6-1-.20, at the time of the collision.

81.

Defendant Innovation and Defendant Doe will be shown at trial to have violated the state and Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*.

82.

Defendant Innovation and Defendant Doe violated the following FMCSA violations:

a)  49 CFR 383 (Commercial Driver's License Standards);

b)  49 CFR Part 390 (General);

c)  49 CFR 390.11 (Duty of Carrier to Make Sure Driver Follows the Rules);

d)  49 CFR 392 (Operations of Commercial Motor Vehicle); and

e)  49 CFR 395 (Hours of Service);

83.

As a direct and proximate cause of the violation of the above statutes, the Plaintiff Dawkins was injured.

84.

Plaintiff Dawkins' injuries were foreseeable consequence of the violations of the above referenced statues.

## COUNT IV - *RESPONDEAT SUPERIOR*

85.

Plaintiff Dawkins re-alleges and incorporates herein the allegations contained in paragraphs 1 through 84 above as if fully restated.

86.

At all times relevant hereto, Defendant Innovation was acting by through their employee/agents and are responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, or similar theory of law.

## COUNT V – NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE

Plaintiff Dawkins re-alleges and incorporates herein the allegations contained in paragraphs 1 through 86 above as if fully restated,

87.

Defendant Innovation was negligent in hiring and/or contracting with Defendant Doe to drive the tractor-trailer involved in the collision.

88.

Defendant Innovation was negligent in training Defendant Doe in the inspection of the tractor-trailer involved in the collision,

-14-

89.

Defendant Innovation was negligent in training of Defendant Doe to properly drive the tractor-trailer involved in the collision.

90.

Defendant Innovation was negligent in entrusting Defendant Doe to drive a tractor-trailer professionally.

91.

Defendant Innovation was negligent in retaining Defendant Doe to drive the tractor-trailer involved in the collision.

92.

Defendant Innovation filed to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Doe.

93.

Defendant Innovation was negligent in their failure to exercise ordinary care to determine their employees', agents', and contractors' fitness for the task of driving a commercial vehicle interstate.

94.

Defendant Innovation was negligent in their failure to properly maintain the tractor-trailer involved in the collision.

95.

Defendant Innovation failed to set a safety procedure to ensure Defendant Doe complied with the dictates of the FMCSA.

96.

Defendant Innovation failed to set a safety procedure for Defendant Doe to stop and render aid after causing a collision.

97.

Defendant Innovation had a duty to promulgate and enforce the rules and regulations to ensure its drivers and vehicles were reasonable safe, and negligently failed to do so.

98.

Defendant Innovation's negligence was a proximate cause of the injuries sustained by Plaintiff Dawkins.

99.

Defendant Innovation's individual negligence and combined with other Defendants' negligence caused Plaintiff Dawkins' serious injuries affecting her activities of normal daily living.

100.

Defendant Innovation's action and inaction constituted negligence and/or combined with other Defendants' negligence caused Plaintiff Dawkins' serious injuries affecting her activities of normal daily living.

## **COUNT VI – DIRECT ACTION**

101.

Plaintiff Dawkins re-alleges and incorporates herein the allegations contained in paragraphs 1 through 100 above as if fully restated.

102.

Defendant Freedom is subject to a direct action as the insurer for Defendant Innovation and Defendant Doe pursuant to O.C.G.A § 40-2-140.

-16-

103.

Defendant Freedom was the insurer for Defendant Innovation and Defendant Doe pursuant to O.C.G.A § 40-2-140.

104.

Defendant Freedom issued a liability policy with policy number CTF0000205 to comply with the filing requirements under Georgia law for interstate transportation.

105.

Defendant Freedom and Defendant Innovation and Defendant Doe are subject to the filing requirements outlined in O.C.G.A § 40-2-140.

## COUNT VII – DAMAGES

106.

Plaintiff Dawkins re-alleges and incorporates herein the allegations contained in paragraphs 1 through 105 above as if fully restated.

107.

As a result of Defendants' negligence, Plaintiff Dawkins suffered significant injuries to her person.

108.

As a result of Defendants' negligence, Plaintiff Dawkins has a claim for past medical expenses.

109.

As a result of Defendants' negligence, Plaintiff Dawkins has a claim for future medical expenses.

-17-

110.

As a result of Defendants' negligence, Plaintiff Dawkins has a claim for past pain and suffering.

111.

As a result of Defendants' negligence, Plaintiff Dawkins has a claim for future pain and suffering.

112.

As a result of Defendants' negligence, Plaintiff Dawkins has a claim for lost wages.

## COUNT VIII – PUNITIVE DAMAGES

Plaintiff Dawkins re-alleges and incorporates herein the allegations contained in paragraphs 1 through 112 above as if fully restated.

113.

Defendant Doe struck Plaintiff Dawkins' vehicle and fled the scene of the collision.

114.

After causing the collision involving Plaintiff Dawkins, Defendant Doe failed to provide his name, address, and registration for the tractor-trailer.

115.

After causing the collision involving Plaintiff Dawkins, Defendant Doe failed to exhibit his operator's license to Plaintiff Dawkins.

116.

After causing the collision involving Plaintiff Dawkins, Defendant Doe failed to render reasonable aid to Plaintiff Dawkins.

117.

After causing the collision involving Plaintiff Dawkins, Defendant Doe failed to remain at the scene of the collision.

118.

After Defendant Doe caused the collision involving Plaintiff Dawkins, Defendant Innovation failed to instruct Defendant Doe to remain at the scene of the collision.

119.

After Defendant Doe caused the collision involving Plaintiff Dawkins, Defendant Innovation failed to instruct Defendant Doe to rendered aid to Plaintiff Dawkins.

120.

Defendants' actions constitute willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise to the presumption of conscious indifference to consequences O.C.G.A § 51-12-5.1.

**WHEREFORE,** Plaintiff Shenae Dawkins prays that they have a trial on all issues and judgments against Defendants as follows:

a) That process and summons be issued requiring Defendants to appear as provided by law and to answer the allegations of this Complaint;

b) A trial by jury;

c) Recovery for past and future physical pain and suffering based on proof;

d) Recovery for their past and future mental and emotional pain and suffering;

e) Recovery for past general damages based on proof;

f) Recovery of past special damages in the amount of $25,736.00. Plaintiff will supplement this amount in a timely manner prior to trial as Plaintiff Dawkins is still treating.

-19-

g) Recovery for present and future medical, hospital, and other items of special damage based on proof;

h) That all cost be cast against the Defendants;

i) Recovery for their loss of enjoyment of life; and

j) For such other and further relief as the Court deems just and appropriate.

Respectfully submitted on this 20th day of February 2023.

**BEY & ASSOCIATES LLC**

*/s/ N. John Bey*
N. JOHN BEY
Georgia Bar No. 118279
MARTA BATISTE
Georgia Bar No. 810262
*Attorneys for Plaintiff*

191 Peachtree Street NE, Suite 3200
Atlanta, GA 30303
Telephone: 404-344-4448
Facsimile:  404-393-6107
john@beyandassociates.com
marta@beyandassociates.com

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV376508**

APR 19, 2023 06:26 AM

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

**SHENAE DAWKINS,**

**Plaintiffs,**

**CIVIL ACTION**
**FILE NO. 2023CV376508**

**v.**

**INNOVATION TRUCK SERVICE, LLC,**
**et al,**

**Defendants,**

### AFFIDAVIT OF SERVICE

COMES NOW, RANDAL GEORGE, before the undersigned officer duly authorized to administer oaths and states that he is a citizen of the United States, he is over the age of eighteen (18), he is not a party to the suit, he is not a relative to any party in the suit, he is not a convicted felon, he is not the attorney for any party in the suit, he has no financial interest in the litigation, and he is wholly disinterested in the litigation.

Randal George states that he served **INNOVATION TRUCK SERVICE, LLC** on April 4, 2023 at 3:06 PM by serving its registered agent Kenneth Goggins Jr. at 466 Mellview Avenue SW, Atlanta Georgia 30310 with:

SUMMONS and COMPLAINT FOR DAMAGES COMPLAINT

I certify under penalty of perjury that the foregoing is true and correct.

Executed this April 5, 2023

RANDAL GEORGE
4164 Indian Trace
Lilburn, GA 30047
(404) 840-2822

NOTARY PUBLIC
Sworn to and subscribed before me
This April 5, 2023
My commission expires: . March 13, 2025

CATHY MELLINGTON
NOTARY PUBLIC
Exp. Mar. 13, 2025
GWINNETT COUNTY, GA

ba/ds



FILED IN OFFICE

DEC 29 2022

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

Administrative Order No. 2022-EX00 2112

**ORDER FOR APPOINTMENT FOR PROCESS SERVICE**

Having read and considered the petitions and criminal records,  it appears to the Court that sufficient
grounds exist whereby each petitioner meets the requirements for the appointment by the Court,

IT IS HEREBY ORDERED and ADJUDGED that the following:

| | | | |
|---|---|---|---|
| Adams John | Brazeman Craig | Farkas Bela | Hassan Muhsin |
| Adcock Kyle | Bridges Kayla | Faulkner Dana | Hassan Rashid |
| Aguirre Antuan | Briley Donnie | Fazzio Dedrea | Hassan Shahid Mushin |
| Allen Lakeita | Brown Irish | Ferguson Reginald | Hicks Andrew |
| Anderson Steven | Bryant Shemika | Ferrero Amy | Hightower Anthonio |
| Anderson Qaisar | Bunch Kim | Fisher Dawn | Hill Lisa |
| Anderson William | Butts Kimberly | Fitzgerald Floretta | Hines James |
| Andrews Gene | Byer Edmond | Floyd Anton | Horton Christopher |
| Armstrong Christopher | Campbell Blessman Sharon | Folds Catherina | Hudson Hakimah |
| Armstrong Cynara | Canela Hernandez Bryan | Folds George | Hudson Kyle |
| Armstrong Michelle | Chastain Michael | Ford Ronnie | Huguley CK Adonni |
| Backo Mustafa | Chester Rosetta | Fox Juliani | Humphrey Jr. Ronald |
| Bailey Anna | Childress Clifton | Freese Jessica | Hunter Jermarcus |
| Barnes Kristopher | Clemmons Joyce | Fuller Thomas | Irvine Xavier |
| Barnes Stacy | Cline Travis | Galvin Elizabeth | Jackson Chiquita Walker |
| Barney Steven | Cochrane Babette | Garmon Jason | Jackson, II Anthony |
| Barron Shane | Cunningham Sally | Gayle Earl | James Frank |
| Basham James | Dalman Johnathon | George Randal | Jenkins Stephanie |
| Beanland Christopher | Dambach-Cirko Patricia | Gibbs III Thomas | Johnson Earl |
| Bethel-Maxie Vaquisha | Daniels Sonia | Giles Herbert | King Amos |
| Benito Richard | Davidson Danny | Green Anjenai | Kotlar Michael J |
| Beyene Euael | Davidson Mitchell | Green Melba | Lausman Marsha |
| Blackwell Tracey | Day Duane | Greenway Kimberly | Lawson Zuri |
| Blakeney Kristian | Devaughn Carl | Haile Kahssu | Lewis Kevin |
| Blalcok James | Dolbier Jeffrey | Harbuck Michael | Louis Clyde |
| Bolling Katherine | Echols Patricia | Harris Parks | Luster Jerald |

| | | |
|---|---|---|
| Maggard Jr. Andrew | Richardson Clark | Stinyard Kelvin |
| Mallas Nicholas | Richardson Leroy | Stone Rodney |
| Mance Kay | Rivers Michael | Stover Cierra |
| Mathes Gabrielle | Robinson Jeroy | Strickland Frank |
| McClellan Rodney | Rowe Lynn | Swindle Frank |
| McGahee Larry | Rucker Keith | Swinger Ina |
| McMillon Ericka | Ruddock Margaret | Tassaw Berhane |
| Mitchell Kevin | Sanoko Hadjara | Thomas Jeffrey |
| Muhammad Azizah | Saxon Robin | Thompson Chrissana |
| Murphy Jr. Gregory | Saxon-Ford Virginia | Thompson Vanessa |
| Murrah Juanqualo | Seklecki Christian | Thrash Nancy |
| Murrieta Francisco | Shaw Yoline | Tort Henry |
| Nichols Jean | Singleton Wanda | Tuttle Gary |
| Nichols Lathan | Singleton Wesley | Velasqez Julius |
| Nolen Milton | Smith Bruce | Washington Sabrina |
| O'Brien Christopher | Smith Ronald | Watt Roosevelt |
| O'Leary Christine | Smith Virginia | Webber Melina |
| Pannell Nicole | Snellings Sharon | West Eric |
| Parker Atari | Spears Joye | Williams Jack |
| Parker Ernesqueshia | Spellen Elizabeth | Williams Lavern |
| Perlson Marc | Spellen Geoffrey | Winkelman Nan |
| Phelan Ross | Stanton Christopher | Wolfe Lisa |
| Ransome Maurice | Starks Marc | Wright Christopher |
| Reckersdrees Thomas Reddick Derek | Stephens Shameka Geri Stewart Ronnie | Yellig Ed |
| Rhodes Kathryn | Stiggers James | |

be appointed and authorized to serve as a Permanent Process Server in the Fulton County Superior Court, for the calendar year 2023, without the necessity of an order for appointment in each individual case.

BY ORDER OF THE Court this **29th** day of December, 2022.

Chief Judge Ural Glanville
Fulton County Superior Court
Atlanta Judicial Circuit

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

SHENAE DAWKINS                          )
                                        )
          Plaintiff,                    )
                                        )          CIVIL ACTION FILE
v.                                      )          NO. 2023CV376508
                                        )
INNOVATION TRUCK SERVICE, LLC,          )
FREEDOM SPECIALTY INSURANCE             )
COMPANY, JOHN DOE #1-3, AND             )
ABC CORPORATION,                        )
                                        )
          Defendant.                    )

## ANSWER AND DEFENSES OF DEFENDANT
## INNOVATION TRUCK SERVICE, LLC

COMES NOW Defendant Innovation Truck Service, LLC by and through counsel and by way of special appearance, without waiving but specifically reserving all jurisdictional defenses available to it, and serves its answer and defenses to Plaintiff's Complaint showing the court as follows:

## FIRST DEFENSE

All or part of Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief can be granted, and Defendant therefore moves to dismiss said action.

## SECOND DEFENSE

No act or omission of this Defendant either proximately caused or contributed to whatever damage the Plaintiff may have sustained, and, on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

1

**THIRD DEFENSE**

The occurrence complained of was caused, produced, and brought about directly and proximately by the negligence of some other person or persons for whom this Defendant was not responsible and, on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

**FOURTH DEFENSE**

This Honorable Court lacks jurisdiction over one or more of these Defendants and, as a result thereof, Plaintiff's Complaint must be dismissed.

**FIFTH DEFENSE**

Service of process is insufficient as to one or more Defendant and, as a result thereof, Plaintiff's Complaint must be dismissed.

**SIXTH DEFENSE**

Venue is improper in this Court and, as a result thereof, Plaintiff's Complaint must be dismissed.

**SEVENTH DEFENSE**

Plaintiff is barred from bringing the instant action by the applicable statute of limitations.

**EIGHTH DEFENSE**

Plaintiff is barred from bringing the instant action by the doctrine of laches.

**NINTH DEFENSE**

The failure to specifically plead special damages bars their recovery.  O.C.G.A. §9-11-9(g).

**TENTH DEFENSE**

To avoid waiving affirmative defenses which may subsequently develop, and in further answer, Defendant states that Plaintiff's Complaint may be barred by the affirmative defenses stated in O.C.G.A. §9-11-8(c), or any one of them.

**ELEVENTH DEFENSE**

To the extent as may be shown by the evidence through discovery, Defendant asserts the defenses of assumption of the risk, contributory/comparative negligence, failure of Plaintiff to exercise ordinary care for Plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, sudden emergency, and waiver.

**TWELFTH DEFENSE**

The Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates the Defendant's right to protection from excessive fines as provided in the Eighth Amendment of the Constitution of the United States and violates the Defendant's right to the substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United States Constitution, and therefore fails to state a cause of action supporting punitive damages.

**THIRTEENTH DEFENSE**

All claims for punitive damages in the Plaintiff's Complaint violate the Constitution of the State of Georgia and due process clause of the Fourteenth Amendment of the United States

Constitution, because Georgia law does not restrict an award of punitive damages to a reasonable relationship for the actual harm nor does it have any type of objective criteria for awarding punitive damages; it does not require that punitive damages bear relationship to any compensatory damages allowed; it allows punitive damages to be awarded based on nominal damages only; and it allows punitive damages to be awarded under an evidentiary standard which is less than beyond a reasonable doubt.

## FOURTEENTH DEFENSE

The Plaintiff's claim for punitive damages violates the United States Supreme Court's holding in State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2000).

## FIFTEENTH DEFENSE

Further answering the numbered paragraphs of Plaintiff's Complaint, Defendant answers as follows:

1.

In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, these Defendants admit Plaintiff is seeking to hold Defendant liable for motor vehicle collision that occurred on February 22, 2021 but deny any such liability and deny the remaining allegations contained in said paragraph.

2.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

4

3.

This Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

This Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

15.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

16.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

17.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

18.

This Defendant admits only that it had a policy of automobile insurance in place at the time of the alleged accident.  All other allegations in said paragraph are denied.

19.

In response to the allegations contained in Paragraph 19 of Plaintiff's Complaint, this Defendant admits that it is insured under Policy No. CTF0000205 on the date of loss described in

Plaintiff's Complaint.  The remaining allegations contained in said paragraph are hereby denied as pled.

20.

This Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint..

21.

This Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint as pled.

22.

This Defendant denies it is subject to the jurisdiction of this Court but admits the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint as pled.

24.

This Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint as pled.

27.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

28.

This Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

30.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

31.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

32.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

## RESPONSE TO OPERATIVE FACTS

33.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

34.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

35.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

36.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

37.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

38.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

39.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

40.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

41.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

42.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

43.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

44.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

45.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

## COUNT I – NEGLIGENCE OF DEFENDANT DOE

46.

Defendant incorporates its responses to Paragraphs 1 through 45 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

47.

This Defendant admits only that drivers have certain duties while operating a motor vehicle.  To the extent that Paragraph 47 misstates the law, it is denied.

48.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

49.

This Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

51.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

52.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

53.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

54.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

55.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

56.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

57.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

58.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

59.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

## COUNT II – NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE OF DEFENDANT INNOVATION TRUCK SERVICE, LLC

60.

Defendant incorporates its responses to Paragraphs 1 through 59 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

61.

This Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

This Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

This Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

This Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

This Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

This Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

This Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.

This Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

This Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

This Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

This Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

## **COUNT III – NEGLIGENCE *PER SE***

72.

Defendant incorporates its responses to Paragraphs 1 through 71 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

73.

This Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

This Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

This Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

This Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.

This Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.

This Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.

This Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.

This Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint as pled.

81.

This Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

This Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.

This Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

This Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

## COUNT IV – *RESPONDEAT SUPERIOR*

85.

Defendant incorporates its responses to Paragraphs 1 through 84 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

86.

This Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

## COUNT V – NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE

Defendant incorporates its responses to Paragraphs 1 through 86 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

87.

This Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.

This Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.

This Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.

This Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.

This Defendant denies the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.

This Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.

This Defendant denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

This Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.

This Defendant denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.

This Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.

This Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.

This Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.

This Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.

This Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

## COUNT VI – DIRECT ACTION

101.

Defendant incorporates its responses to Paragraphs 1 through 100 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

102.

This Defendant denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.

This Defendant denies the allegations contained in Paragraph 103 of Plaintiff's Complaint as pled.

104.

This Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Complaint as pled.

18

105.

This Defendant denies the allegations contained in Paragraph 105 of Plaintiff's Complaint as pled.

## **COUNT VII – DAMAGES**

106.

Defendant incorporates its responses to Paragraphs 1 through 105 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

107.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 107 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

108.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 108 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

109.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 109 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

110.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 110 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

111.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 111 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

112.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 112 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

## COUNT VIII – PUNITIVE DAMAGES

Defendant incorporates its responses to Paragraphs 1 through 112 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

113.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 113 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

114.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 114 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

115.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 115 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

116.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 116 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

117.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 117 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

118.

This Defendant denies the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119.

This Defendant denies the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.

Defendant denies the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121.

In response to the "WHEREFORE" paragraph immediately following paragraph 120 of the complaint, including subparagraphs a) through j) thereof, Defendant denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief from Defendant under any theory at law or in equity.

122.

Each and every allegation contained in Plaintiff's Complaint not specifically addressed above is hereby expressly denied.

WHEREFORE, Defendant having fully answered the Plaintiff's Complaint, prays that it hence be discharged of the Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of this Defendant and against the Plaintiff, with all costs cast upon the Plaintiff.

This 19th day of May, 2023.

**FREEMAN MATHIS & GARY, LLP**

**/s/ Marc H. Bardack**
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
AARON MILLER
Georgia Bar No. 898190
amiller@fmglaw.com
*Attorneys for Defendant Innovation Truck Service, LLC*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 - Phone
(833) 330-3669 – Fax

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing **ANSWER AND DEFENSES OF DEFENDANT INNOVATION TRUCK SERVICE, LLC** to the clerk of court using the *PeachCourt* system, which will automatically send electronic mail notification of such filing to counsel of record who are system participants.  Counsel of record are:

N. John Bey, Esq.
Marta Batiste, Esq.
Bey and Associates
191 Peachtree Street
Suite 3200
Atlanta, GA 30303
john@beyandassociates.com
marta@beyandassociates.com

This 19th day of May, 2023.

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
AARON MILLER
Georgia Bar No. 898190
amiller@fmglaw.com
*Attorneys for Defendant Innovation Truck Service, LLC*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 - Phone
(833) 330-3669 - Fax

23

| 2023CV376508 | SHENAE DAWKINSVS.INNOVATION TRUCK SERVICE, LLC ,FREEDOM... | FULTON SUPERIOR | AUTOMOBILE TORT |

# Summary

## Case Information

| | |
|---|---|
| **Case Title** | Shenae DawkinsVS.Innovation Truck Service, LLC ,Freedom Specialty Insurance Company,ABC Corporation ,John Doe 1,John Doe 2,John Doe 3 |
| **Court** | Fulton Superior |
| **Case Type** | Automobile Tort |

**Before you submit this filing:**
- Check each party's contact information.
- Click the link to view each document.
- Review the fees.

## Plaintiffs

### Dawkins, Shenae

| | |
|---|---|
| **Representing:** | No |
| **Address:** | 1413 Old Virginia Court Marietta, Georgia  30067 |

## Defendants

### Innovation Truck Service, LLC

| | |
|---|---|
| **Representing:** | Yes |
| **Address:** | 7235 Boulevard Avenue Pennsauken, New_Jersey  08110 |

### Freedom Specialty Insurance Company

| | |
|---|---|
| **Representing:** | No |
| **Address:** | One West Nationwide Boulevard Columbus, Ohio  43215 |

### ABC Corporation

| | |
|---|---|
| **Representing:** | No |

### Doe 1, John

| | |
|---|---|
| **Representing:** | No |

### Doe 2, John

| | |
|---|---|
| **Representing:** | No |

### Doe 3, John

| | |
|---|---|
| **Representing:** | No |

## Parties

### Mid Century Insuance Company

| | |
|---|---|
| **Party Type:** | Uninsuredmotorist |
| **Representing:** | No |
| **Address:** | 6301 Owensmouth Avenue Woodland Hills, California  91367 |

## Filer

### Bardack, Mr. Marc H

Printed from www.peachcourt.com on May 19, 2023 3:21 PM

| | |
|---|---|
| **Organization** | Freeman Mathis & Gary, LLP |
| **Address** | 100 Galleria Parkway<br>Suite 1600<br>Atlanta, Georgia 30339 5948 |
| **Email** | mbardack@fmglaw.com |
| **Bar Number** | Georgia 037126 |

## Service Recipients

- ffinley@fmglaw.com
- john@beyandassociates.com

## Documents

| | |
|---|---|
| **Answer** | Answer and Defenses of Defendant Innovation Truck Service, LLC<br>Answer and Defenses of Defendant Innovation Truck Service, LLC.pdf |

## Payment Details

| | |
|---|---|
| **eFiling Fee** | $30.00 |
| **Convenience Fee** | $1.35 |
| **Total** | **$31.35** |
| **Client Reference #** | N/A |
| **Method of Payment** | Credit Card ending in 4245 |



## This is your Peach Number:

## E-2D33ALMH

**THE UNIQUE ID FOR THIS EFILING**

**What just happened?**

1. You submitted an eFiling to the Clerk of Fulton County Superior Court.
2. We notified the clerk of your eFiling.
3. By eFiling through PeachCourt, you just saved time and improved the world a little.

**Now what?**

1. Check your inbox for an email receipt.
2. Wait for the clerk to accept your eFiling.
3. Rest easy. Your eFiling will be stamped with the date and time you submitted your eFiling (5/19/23 at 3:22 PM), regardless of when the clerk accepts the eFiling.

**As soon as the clerk accepts your eFiling...**

1. We will send an email notification to you.
2. The notification will include a link to each eFiled document.
3. If you opted to use eService, we will send the same notification to each recipient you added.

What better time to tell us what you think? Would you mind taking this month's survey?

May's 4-Minute Survey (http://awesome.peachcourt.com/4-min-survey?peach=E-2D33ALMH)

Did you know PeachCourt gives you access to more than a million court documents? It's true. See for yourself.

Search for Documents (/Search)

Printed from www.peachcourt.com on May 19, 2023 3:22 PM