# EXHIBIT "B"



# BEY & ASSOCIATES, LLC

December 21, 2022

*Via Certified Mail, Return Receipt*
Innovation Truck Services
434 Deer Dr.
Langhorne, PA 19047

RE: **TIME-LIMITED AND UNLIQUIDATED DAMAGES INTEREST ACT DEMAND UNDER O.C.G.A. §§ 9-11-67.1 AND 51-12-14**

| | | |
|---|---|---|
| **Your Insured** | : | Innovation Truck Services |
| **My Clients** | : | Shanae Dawkins |
| **Date of Loss** | : | February 22, 2021 |

**THIS DEMAND PACKAGE IS FOR PRE-LITIGATION PURPOSES ONLY. IN THE EVENT A LAWSUIT IS FILED, ANY SETTLEMENT COMMUNICATIONS IN RELATION TO OR IN RESPONSE TO THIS CORRESPONDENCE SHALL BE CONSIDERED REVOKED AND VOID.**

Dear Innovation Truck Services:

As you are aware, Bey & Associates, LLC represents Shanae Dawkins in the above-referenced matter. Please be advised that we are currently in a position to resolve the personal injury claims of Shanae Dawkins and in connection therewith, submit the following documentation. Please accept this letter as both a Time-Limited Demand and an Unliquidated Damages Interest Act Demand under O.C.G.A. §§ 9-11-67.1 and 51-12-14 on behalf of our client, Shanae Dawkins. This demand arises out of the February 22, 2021 motor vehicle collision involving your vehicle. Shanae Dawkins has incurred over **$25,000.00** in medical bills and special damages as a direct result of the February 22, 2021 wreck. This demand is made for several reasons:

1. to settle this claim in exchange for the release of Innovation Truck Services and its liability carrier under a limited liability release;

2. to release the claims of general negligence stemming from the February 22, 2021 motor vehicle collision caused by the driver and insured Innovation Truck Services;

3. to settle this personal injury claim without the necessity of litigation and the legal expenses that would arise therefrom; and

---

191 PEACHTREE STREET SUITE 3200
ATLANTA, GA 30303

OFFICE 404-344-4448
FACSIMILE 404-393-6107

WWW.BEYANDASSOCIATES.COM

4. to lay the foundation for obtaining interest, excess monies over the liability coverage, and attorney's fees, should Innovation Truck Services's liability carrier, on behalf of Innovation Truck Services in bad faith, refuse to settle this claim.

It is expressly understood that any and all representations made herein are for the limited purpose of settlement discussions and in no way may be used in any legal proceeding regarding this matter. Additionally, no settlement shall be binding and effective until it has been reduced to writing and signed by Shanae Dawkins. This correspondence is directed to both your liability carrier and Innovation Truck Services. In accordance with O.C.G.A. § 9-11-67.1, you shall have **forty (40) days upon receipt of this demand to issue payment**.

## FACTS OF THIS PREVENTABLE WRECK

1. On 2/22/2021 Ms. Shanae Dawkins was the driver of a 2014 Mercedes Benz, traveling westbound on Camp Creek Parkway SW at its intersection with Welcome All RD SW

2. While stopped at a red light at Welcome All Road, Ms. Dawkins was rear-ended by your employee driver.

3. Ms. Dawkins pulled off to the side of the road and expected the unknown Defendant to do the same.

4. Ms. Dawkins stated the unknown Defendant went around her and fled the scene.

5. Ms. Dawkins began to follow the unknown defendant and obtained their license plate of PA tag XLM4202.

6. Ms. Dawkins returned to the scene of the accident and described to police the unknown Defendant was in an 18-wheeler tractor trailer truck but she was unable to give a description of the driver.

7. No additional description of the vehicle or the driver were provided at that time.

8. The unknown Defendant was deemed fully responsible for the collision. (See State of Georgia Uniform Motor Vehicle Accident Report attached as Exhibit "1").

## 100% LIABILITY

The actions of Defendant Innovation Truck Services and the physical evidence support a finding that Defendant Innovation Truck Services definitively caused the two (2) vehicle collision. In Georgia, all drivers of vehicles using the highways are held to the exercise of due care. O.C.G.A. § 40-6-241; *Cameron v. Peterson*, 264 Ga. App. 1 (2003). Here, Defendant Innovation Truck Services breached her general duty to exercise due care and violated additional duties that she owed to Shanae Dawkins including, but not limited to the following:

a) Following Too Closely, in violation of O.C.G.A. § 40-6-49;
b) Hit and Run, in violation of O.C.G.A. § 40-6-270.

It would be reasonable to expect that no liability would be found on the part of my client. If you disagree, please contact me immediately to discuss.

2

## INJURIES AND MEDICAL TREATMENT

On 2/22/21 Ms. Shenae Dawkins was seen at Wellstar Kennestone Hospital and was seen by Dr. Kevin Broyles. She arrived with complaints of back pain. Ms. Dawkins described the pain as moderate and symptoms were aggravated by bending. Ms. Dawkins was diagnosed with:

1. Strain of lumbar region, initial encounter
2. motor vehicle accident, initial encounter

A full examination was completed and was treated with pain medication. She described her pain level as 6 out of 10. She was instructed to return if symptoms worsen or follow up with her primary care physician.

On 5/12/21 Ms. Dawkins was seen at Dream Medical and Rehab Center. She continued with complaints of lower back pain as well as neck pain and headaches. She rated the severity of her pain as approximately an 8 out of 10. She was diagnosed with:

1. Low back pain
2. osseous and subluxation stenosis of intervertebral foramina of lumbar region
3. Cervicalgia
4. Acquired deformity of neck
5. Headache, unspecified
6. Other muscle spasm

A full examination was conducted, and x-rays performed. Ms. Dawkins was treated with pain medication, electrical stimulation, and adjusted to remove neurological impairment, restore neurological function, and eliminate debilitating symptoms of headaches and cervical pain.

On 10/6/2021 Ms. Dawkins was seen at Northside Hospital by Dr. Patris Almasi MD. Ms. Dawkins had continued complaints of low back, headaches and right buttock pain due to the accident on 2/22/21. She rated the pain a 7 out of 10 and described it as achy. The pain is exacervated by extension, prolonged sitting and standing. She was diagnosed with:

1. Sacroiliitis
2. lumbar spondylosis
3. generalized hypermobility of joints

After a full examination she was treated with pain medication, injections, and instructed to continue follow up care.

## MEDICAL TREATMENT FACILITIES

1. Wekllstar Kennestone Hospital (Attached as Exhibit "2");
2. Dream Medical And Rehab Center (Attached as Exhibit "3"); and
3. Northside Spine and Pain (Attached as Exhibit "4").

# PUNITIVE DAMAGES

### Punitive Damages Generally

O.C.G.A. § 51-12-5.1(b) provides that punitive damages may be awarded in tort actions in which the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care, which would raise the presumption of conscious indifference to consequences. The expression "conscious indifference to consequences" relates to "an intentional disregard of the rights of another, knowingly or willfully disregarding such rights." *Associated Health Systems v. Jones,* 185 Ga. App. 798, 802 (1988).

### Punitive Damages for Hit and Run

O.C.G.A. § 40-6-270(a) requires the driver of any vehicle involved in an accident resulting in injury or in damage to a vehicle which is driven by any person to stop his vehicle at the scene of the accident and to subsequently provide information. A violation of the Hit and Run Statute, O.C.G.A. § 40-6-270, can lead to an award of punitive damages. The Georgia Court of Appeals stated that the act of leaving the scene of a collision without even speaking to the other part, as mandated by statute, is an intentional and culpable act, allowing a jury to impose punitive damages. *Langlois v. Wolford,* 246 Ga. App. 210, 209 (2000).

### Claim for Punitive Damages for Hit and Run

In this case, your insured, after causing the motor vehicle collision, *failed to stop and failed to comply with O.C.G.A. § 40-6-270.* By fleeing the scene of the collision without even speaking with our client, your insured showed an intentional disregard of our client's rights and willfully disregarded such rights. Given the facts of this case, we value the punitive damages claim at **$100,000.00.** Should this case proceed to trial, please be advised that we will seek an award for punitive damages of at least $100,000.00.

# COMPENSABLE DAMAGES

It is well-settled that in cases where liability is clear, the injured party is entitled to recover all general and special damages that "flow" from the negligent act including, but not limited to, the cost of medical services, compensation for pain and suffering, past, present, and future compensation for loss of earnings and the impairment of earning capacity, the permanency of the injuries and disabilities, and compensation for the loss of enjoyment of life. As a result of the incident, Shanae Dawkins sustained the following extensive special damages:

### MEDICAL EXPENSES
*(See Medical Bills Attached via CD ROM)*

| | |
|---|---|
| Northside Spine and Pain | $16,859.00 |
| Dream Medical and Rehab Center, LLC | $8,730.00 |
| Wellstar East Cobb Health Park | $147.00 |
| **GRAND TOTAL** | **$25,736.00** |

# THE HUMAN COST

## PHYSICAL PAIN AND SUFFERING

In addition to the damages quantified above, Shenae Dawkins suffered non-economic damages and remains in constant physical pain since the incident. While continuing to undergo painstaking treatment, she still suffers from pain. His continuing pain and suffering consists of approximately 352 days since the date of the collision until his last date of treatment. Shenae Dawkins has been experiencing severe headaches, lower back pain, middle back pain, and neck complications since the collision. The value of pain and suffering is determined by the enlightened conscience of a jury. *Ray v. Stinson*, 172 Ga. App. 718 (1984); *Redd v. Peters*, 100 Ga. App. 316 (1959). It would not be unreasonable for a jury to award $150.00 a day for past pain and suffering for a total of **$52,800.00** alone. (352 days x $150.00).

## EMOTIONAL PAIN AND SUFFERING

The emotional pain and suffering associated with these circumstances are far greater than any physical pain and suffering. It is understandable how injury victims become consumed with thoughts of sadness and helplessness - concerning the wreck, property damage, safety, medical bills, physical pain, scars, and their ability to return to normal. Pain, suffering and emotional distress are the greatest losses to an injured person. An injured person suffers, not only from the physical injuries, but also the uncertainty as to when or whether they will fully recover. An injured person suffers from the stress related with the possibility that their job may be in jeopardy or that they may lose their job due to their injuries, limitations or need to be absent while obtaining medical treatment. When the collision occurred, Ms. Shenae Dawkins had her family, her job, and her own well-being to worry about causing her to suffer anxiety, stress and difficulty sleeping on a daily basis following the February 22, 2021 collision.

Pain, suffering and emotional distress is greater losses than the costs of the medical treatment required to alleviate the pain. An injured person will not pay more for medical treatment than the expected benefit of medically reducing the pain, suffering and emotional distress. In some cases, even where the medical expenses are relatively low, the injured person may nevertheless suffer enormous physical, psychological, emotional, and mental pain and suffering. As noted above, the value of pain and suffering is determined by the enlightened conscience of a jury. *Ray v. Stinson*, 172 Ga. App. 718 (1984); *Redd v. Peters*, 100 Ga. App. 316 (1959). Ms. Shenae Dawkins's emotional pain and suffering consists of approximately 668 days since the date of the collision until today. It would not be unreasonable for a jury to award $75.00 for each day of emotional pain and suffering. Therefore, we place a conservative value of **$50,100.00** (668 days x $75.00) on Shenae Dawkins's emotional pain and suffering.

## FUTURE PAIN AND SUFFERING

In addition, as a direct result of the injuries received in this incident, Shenae Dawkins will suffer from a meaningful loss of his future enjoyment of life. She is a 38-year-old male and according to the Annuity Mortality Table 1949, ultimately, she will live an additional 42 years. Given her 42-year life expectancy, it would not be unreasonable for a jury to award at least $3.00 a day for future pain and suffering for a total of **$45,990.00**. (42 x 365 x $3.00 = $45,990.00). Once this case is

settled, Shenae Dawkins will no longer be able to look to your insured for any future disabilities or medical expenses. Shenae Dawkins only has one opportunity to settle for the full value of his injuries. As part of this offer of settlement, our client is entitled to compensation for future medical expenses.

## TOTAL DAMAGES

| 1 | Punitive Damages | $100,000.00 |
|---|---|---|
| 2 | Medical Expenses | $25,736.00 |
| 3 | Pain and Suffering | $52,800.00 |
| 4 | Emotional Pain and Suffering | $50,100.00 |
| 5 | Future Pain and Suffering | $45,990.00 |
|   | **GRAND TOTAL** | **$274,626.00** |

## TIME-LIMITED AND UNLIQUIDATED DAMAGES INTEREST ACT DEMAND

In the spirit of compromise, our client has authorized this law firm to make an offer of settlement. It is our understanding that Innovation Truck Services received a relevant policy. On behalf of our client, the demand for settlement of all claims against your insured is ***Two Hundred Seventy-Four Thousand Six Hundred Twenty-Six and 00/100 Dollars (274,626.00), or the policy limit, whichever is less.***

1. We will provide a limited liability release;

2. This amount is requested under O.C.G.A. § 9-11-67.1 and the Georgia Unliquidated Damages Interest Act codified at O.C.G.A. § 51-12-14 ("the Act"). Pursuant to the Act, if the amount offered, or the policy limits, is not paid in full within **thirty (30) days** from the mailing of this letter then, if upon the trial of this case a judgment not less than the sum demanded results, the Plaintiff herein will be entitled to receive interest on the sum demanded at the rate provided by law from the **30th** day following the mailing of this letter; and

3. This is a time-limited demand under the authority of *Southern General Insurance Company v. Holt*, 200 Ga. App. 759 (1991), 262 Ga. 267 (1992). In the event that your liability carrier does not pay the claim before the time-limit expires, we will proceed with litigation including your liability carrier's bad faith in settlement of this claim and interest on an excess verdict.

## CONCLUSION

In sum, **the liability facts against your insured are clear**. The seriousness of the claims, including pain, suffering, medical expenses, emotional distress, mental anguish and loss of consortium are known to you. We see no purpose in holding this claim open beyond the time limit set forth above. We, therefore, make our offer one of both time and amount in the hopes that it will be accepted by you as the fastest and most economical resolution of this claim. If you have any questions regarding this settlement demand, please do not hesitate to contact my office.

6

This notice is sent merely to establish a claim for interest and penalties, and excess over the policy limit recovery, and is not to be construed as legal advice. We represent the interests of Ms. Shanae Dawkins only. This demand is our good faith offer to settle her claim for a reasonable and fair amount and to avoid the high cost of a lengthy trial and excess over the policy limit exposure. Please be advised we are prepared to file suit if we are unable to reach an amicable agreement on behalf of our client, Ms. Shanae Dawkins. We look forward to hearing from you.

Very truly yours,

**BEY & ASSOCIATES, LLC**

Enclosure

7