IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARICO GALLOWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO.: |
| CAVALRY SPV I, LLC and DARYA A. CALLOWAY, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

**COMES NOW** defendant Cavalry SPV I, LLC ("Cavalry"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

50870278 v1

## **INTRODUCTION**

1.      Plaintiff is a pro-se plaintiff who commenced this action by filing a complaint styled "Counterclaim for Damages and Injunctive Relief for Abusive Debt Collection Practices" (the "Complaint") on March 27, 2023 in the State Court of Gwinnett County, Georgia.  The Complaint was assigned Case Number 23-C-02018.

2.      Plaintiff's Complaint lists himself as the Defendant/Counterclaim Plaintiff and Cavalry as the Plaintiff/Counterclaim Defendant and Calloway as the Third Party Defendant.  However, the Complaint only contains claims Plaintiff is asserting against Cavalry and an individual named Darya A. Calloway.  For removal purposes, therefore, Cavalry shall be considered to be a defendant. *See City of Indianapolis,* 314 U.S. 63, 69 (1941) (It is the duty of a federal court "to look beyond the pleadings[ ] and arrange the parties according to their sides in the dispute.").

3.      Plaintiff alleges improper collection of a past due account by Cavalry. *See generally* Complaint.  Based on these allegations, Plaintiff purports to assert a federal claim against Cavalry under the Fair Debt Collection Practices Act ("FDCPA"), in addition to state law claims. *See Id.* Concurrent with his filing of the Complaint, Plaintiff also filed a motion seeking to set aside a 2019 judgment that was entered against him in a different case.

4. Neither Cavalry nor Calloway have been served with process in this matter, as the state court has yet to issue any summons.

5. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## FEDERAL QUESTION JURISDICTION

6. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting a claim against Cavalry based upon an alleged violation of the FDCPA, which is a federal consumer protection statute. [*See* Complaint; *see also* 15 U.S.C. § 1692 *et seq.*]

8. Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court.

## SUPPLEMENTAL JURISDICTION

9. This Court can exercise supplemental jurisdiction over Plaintiff's state law claims because these claims form part of the same case or controversy as Plaintiff's alleged FDCPA violations. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

10. In the instant case, Plaintiff's state common law claims are related to the same collection activity that forms the basis for Plaintiff's FDCPA claim, and arise out of a common nucleus of operative fact. Thus, it is clear that Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or

causes of action, the entire case may be removed and the district court may determine all issues therein . . .").

11.     Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to avoid an unnecessary duplication of judicial resources.  *See Bensman v. CitiCorp Trust, N.A.*, 354 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2005) (citing *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996)).  In the instant case, Plaintiff's state law claims do not raise novel or complex issues of state law, do not predominate over Plaintiff's demand for relief under the FDCPA, and arise from the same transaction or occurrence.  See *id*. (citing 28 U.S.C. § 1367(c)).  It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## **ADOPTION AND RESERVATION OF DEFENSES**

12.     Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Cavalry's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join

indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## PROCEDURAL REQUIREMENTS

13. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

14. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a) and Local Rule 4.02.

15. This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

16. Cavalry has heretofore sought no similar relief.

17. The United States District Court for the Northern District of Georgia, Atlanta Division, is the court and division embracing the place where this action is pending in state court.

18. Because Calloway has yet to be served with process, Calloway's consent is not required for this removal.  *See* 28 U.S.C. 1446(b)(2)(A).

19. Contemporaneously with the filing of this notice of removal, Cavalry has filed a copy of same with the clerk of the State Court of Gwinnett County,

Georgia and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

20. Cavalry reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Cavalry prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this the 19th day of May, 2023.

/s/ R. Frank Springfield
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com
BURR & FORMAN, LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

Attorney for Defendant
CAVALRY SPV I, LLC

50870278 v1

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **NOTICE OF REMOVAL** has been prepared with Times New Roman, 14 point font, one of the font point selections approved by the Court.

*s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2023, I presented this **NOTICE OF REMOVAL** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

NONE.

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Marico Galloway
2208 Hanfred Lane, Suite 101-147
Tucker, GA  30084
*Plaintiff, pro se*

*s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com

50870278 v1