# EXHIBIT A

**E-FILED IN OFFICE - CB**
**CLERK OF STATE COURT**
**GWINNETT COUNTY, GEORGIA**

**23-C-02018-S6**
**3/27/2023 1:56 PM**

**TIANA P. GARNER, CLERK**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** Gwinnett State Court **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ MM-DD-YYYY | **Case Number** 23-C-02018-S6 |

**Plaintiff(s)**

Cavalry SPV I, LLC
Last  First  Middle I.  Suffix  Prefix

_____
Last  First  Middle I.  Suffix  Prefix

_____
Last  First  Middle I.  Suffix  Prefix

_____
Last  First  Middle I.  Suffix  Prefix

**Defendant(s)**

Galloway, Marico
Last  First  Middle I.  Suffix  Prefix

Calloway, Darya A
Last  First  Middle I.  Suffix  Prefix

_____
Last  First  Middle I.  Suffix  Prefix

_____
Last  First  Middle I.  Suffix  Prefix

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☒

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☒ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

| 19-C-00244-S6 | 22-GM-24793 |
|---|---|
| **Case Number** | **Case Number** |

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Case 1:23-mi-99999-UNA   Document 1639-1   Filed 05/19/23   Page 3 of 13

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02018-S6**
**3/27/2023 1:56 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Plaintiff and Counter Defendant<br><br>Cavalry SPV I, LLC<br><br>Third Party Defendant,<br><br>Darya A. Calloway<br><br>vs<br><br>Defendant and Counterclaim Plaintiff<br><br>Marico Galloway | 23-C-02018-S6<br><br><br><br>Case No.: ~~19-C-00244-S6~~ |

## COUNTERCLAIM FOR DAMAGES AND INJUNCTIVE RELIEF
## FOR ABUSIVE DEBT COLLECTION PRACTICES

Defendant and Counterclaim Plaintiff brings counterclaims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"), for unfair trade practices, and for abusive debt collection practices.

### Parties

Defendant and Counterclaim Plaintiff resides in Gwinnett county, Georgia . He is a "consumer" as defined by 15 U.S.C. §1692a(3). At all times relevant to this complaint, he resided in Gwinnett County. Plaintiff and Counterclaim Defendant is a foreign corporation whose principal business is the collection of consumer debts. Upon information and belief, Plaintiff and Counterclaim Defendant is a "debt buyer," which acquires portfolios of defaulted consumer debts, originated by multiple creditors, and attempts to collect the debts. It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Plaintiff and Counterclaim Defendant is a "debt collector" as

defined by 15 U.S.C. § 1692a(6). Third Party Defendant is a Chicago-based law firm attorney with an office in Cobb County Georgia. This firm and its associates regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. It has been engaged by multiple creditors to do so. Third Party Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Facts**

1. Plaintiff and Counterclaim Defendant purchased, or accepted assignment, of the debt or account allegedly owed by Defendant and Counterclaim Plaintiff.

2. Upon information and belief, Plaintiff and Counterclaim Defendant received credit account records and data as part of that purchase/assignment.

3. Plaintiff and Counterclaim Defendant reviewed Defendant and Counterclaim Plaintiff's credit report or at least had the means to review it, before filing suit

4. Third Party Defendant signed the Complaint as attorney for Plaintiff and Counterclaim Defendant. By its signature on the Complaint, Third Party Defendant certified to this Court that its client had good ground to support the Complaint.

5. Counterclaim Defendants misrepresented to the Court, as well as to Defendant and Counterclaim Plaintiff, the legal status of this debt, alleging that Plaintiff and Counterclaim Defendant had a legal right to collect this debt.

6. Counterclaim Defendants attempted to deceive Defendant and Counterclaim Plaintiff and this Court through the "Plaintiff's Request for Admissions to the Defendant."

7. The document entitled Plaintiff's Request for Admissions to the Defendant consists of inadmissible hearsay. Although the affiant may be familiar with the business records and practices of the Plaintiff, the affiant has no personal knowledge of the validity or amount of the debt as originated by the original creditor, The deficiency in this document is a matter known to both Counterclaim Defendants, which they disregard in order to operate a collection mill that succeeds through the entry of default judgments.

8. As a result of the actions of Counterclaim Defendants, Defendant and Counterclaim Plaintiff suffered actual damages, including attorney fees to defend the case, lost time, inconvenience and aggravation.

## First Claim for Relief: Violations of the FDCPA

9. The foregoing actions of Counterclaim Defendants violate the FDCPA, including 15 U.S.C. §§ 1692e, 1692f, and 15 U.S. Code § 1692j. The Counterclaim Defendant:

   - Implied and represented that the Defendant and Counterclaim Plaintiff committed a crime to disgrace the Defendant and Counterclaim Plaintiff.

   - Communicated false credit information to consumer reporting agencies.

   - Collected money for this alleged debt not authorized by agreement or permitted by law.

   - Furnished forms creating a false belief that the Plaintiff and Counterclaim Defendant are the creditors owed money.

10. Counterclaim Defendants violations of the FDCPA are frequent, persistent and intentional.

11. Defendant and Counterclaim Plaintiff is entitled to recover statutory damages and actual damages pursuant to 15 U.S. Code § 1692k - Civil liability.

## Second Claim for Relief: Violations of the Fair Business Practices Act

12. Counterclaim Defendants are subject to the Georgia Fair Business Practices Act for their consumer transactions conduct in Georgia.

13. The foregoing actions of Counterclaim Defendants constitute unfair or deceptive trade practices, and unconscionable trade practices, within O.C.G.A. 10-1-393.

14. Counterclaim Defendants willfully engaged in these unlawful trade practices.

15. Defendant and Counterclaim Plaintiff is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus costs and reasonable attorney's fees.

16. Defendant and Counterclaim Plaintiff is entitled to injunctive relief to enjoin Counterclaim

Defendants from filing affidavits based on inadmissible hearsay, in which the affiant lacks personal knowledge of the information underlying the calculation of the amount alleged to be due.

WHEREFORE, Counterclaimant Defendant and Counterclaim Plaintiff prays that this honorable court:

A. Award statutory and actual damages for violations of the FDCPA
B. Award statutory and actual damages for violations of the FCRA
C. Award statutory or actual damages, trebled, for violations of Fair Business Practices Act;
D. Enjoin Counterclaim Defendants' unfair trade practices;
E. Award reasonable attorney fees;
F. Grant such other relief as it deems just and proper.

Respectfully submitted,

*/s/ Marcus Galloway*                                    Dated: March 16, 2023

2208 Hanfred Ln Ste 101-147
Tucker, Georgia 30084
ricogalloway@gmail.com
770.545.9534

## NOTARY PUBLIC

STATE OF GEORGIA

COUNTY OF GWINNETT

COMES NOW, _Marico Galloway_, who appeared before me on _March 16th_, 2023 to testify to the statements in the attached MOTION TO SET ASIDE JUDGMENT and COUNTERCLAIM FOR DAMAGES AND INJUNCTIVE RELIEF FOR ABUSIVE DEBT COLLECTION PRACTICES and to attach his signature to these instruments.

_M. Lemon_ (Seal)

Notary public for the State of _Georgia_

My commission expires _11/29/2025_

M Lemon
NOTARY PUBLIC
Gwinnett County, GEORGIA
My Commission Expires 11/29/2025

===================================================================

M Lemon
NOTARY PUBLIC
Gwinnett County, GEORGIA
My Commission Expires 11/29/2025

Case 1:23-mi-99999-UNA   Document 1639-1   Filed 05/19/23   Page 8 of 13

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02018-S6**
**3/27/2023 1:56 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Plaintiff,** <br><br> **Cavalry SPV I, LLC** <br><br> vs <br><br> **Defendant,** <br><br> **Marico Galloway** | Case No.: ~~19-C-00244-S6~~ <br><br> 23-C-02018-S6 |

## MOTION TO SET ASIDE JUDGMENT

COMES NOW, Marico Galloway, pro se defendant in the above-mentioned case, and respectfully motions this Honorable Court to set aside the judgment entered on June 19, 2019 in civil action file no. **19-C-00244-S6** due to the lack of subject matter jurisdiction.

## Narrative

The Plaintiff filed a complaint against the Defendant alleging that the Defendant breached a contract with the oiginal creditor, Capital One Bank (USA). Plaintiff filed this action claiming that $3,026.10, accrued interest in the amount of $0.00 plus post judgment interest provided by law is due from the defendant on a purported Capital One Bank(USA), N.A. credit card account. Cavalry SPC I, LLC claims to be the assignee to this alleged debt. The Defendant was served with the summons and complaint. However, due to difficulties understanding legal procedures and requirements, the Defendant failed to file an answer or otherwise respond to the complaint within the time provided by law. Despite the Defendant's failure to respond, this Honorable Court entered a Default Judgment against the Defendant on June 19, 2019. However, upon further review, the Defendant has discovered that this Court lacks subject matter jurisdiction over the claims set forth in the complaint.

## Statement of Legal Basis

Pursuant to O.C.G.A. 9-11-60(d), a judgment may be vacated and set aside only if one or more of the following three conditions are present: (1) a lack of personal or subject matter jurisdiction; (2) fraud, accident, mistake, or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) a nonamendable defect appearing on the face of the record. In this case, the Defendant submits that this Court lacks subject matter jurisdiction over the claims set forth in the complaint, and therefore, this motion to set aside this Default Judgment is entered. The plaintiff's attorney, in the complaint, failed to provide any notarized affidavit in support of their allegations therefore lacking personal knowledge of the information underlying the calculation of the amount alleged to be due. The plaintiff's attorney also lacked personal knowledge of the facts regarding the complaint, although attorneys can enter an appearance on behalf of a party, only the parties can testify and until the plaintiff testifies and the testimony of a competent witness regarding the injury or cause of action under oath the court has no basis upon which to rule judicially.

*It is a fact that Attorneys can't testify, statements of counsel in brief or in oral argument are not facts before the court." United staes v. Lovable 431 U.S. 783,97 S. 2004, 52 L. Ed.2d 752 And Gonzalez v. Buist 224 U.S. 126.56 L. 693.32. Ct. 463.S.*

*An attorney for the the plaintiff cannot admit evidence into the court. He is either and attorney or a witness," and, "Statements of counsel in brief or in argument are not facts before the court."- Trinsey v Pagliaro D.C. Pa (1964), 229 F. Supp. 647.*

The absence of a notarized affidavit and lack of personal knowledge from the plaintiff's attorney is fatal to the jurisdiction of the Court. Without a notarized affidavit, the Court cannot ascertain the veracity of the allegations made by the plaintiff. An Affidavit is an "out of court, sworn statement" to the facts of the matter asserted. Without a competant witness to attest to the statements within a affidavit, it is nothing more than hearsay.

Therefore, the Defendant motions for this judgment to be set aside due to the lack of subject matter jurisdiction of this Court.

WHEREFORE, Marico Galloway respectfully requests this Honorable Court to set aside the judgment entered.

Respectfully submitted,

*/s/ Marico Galloway*

2208 Hanfred Ln Ste 101-147
Tucker, Georgia 30084
ricogalloway@gmail.com /770.545.9534

Dated: March 16, 2023

## NOTARY PUBLIC

STATE OF GEORGIA

COUNTY OF GWINNETT

COMES NOW, _Marico Galloway_, who appeared before me on _March 16th_, 2023 to testify to the statements in the attached MOTION TO SET ASIDE JUDGMENT and COUNTERCLAIM FOR DAMAGES AND INJUNCTIVE RELIEF FOR ABUSIVE DEBT COLLECTION PRACTICES and to attach his signature to these instruments.

_M. Lemon_ (Seal)

Notary public for the State of _Georgia_

My commision expires _11/29/2025_

M Lemon
NOTARY PUBLIC
Gwinnett County, GEORGIA
My Commission Expires 11/29/2025

==================================================================

M Lemon
NOTARY PUBLIC
Gwinnett County, GEORGIA
My Commission Expires 11/29/2025

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **Plaintiff,** | |
| **Cavalry SPV I, LLC** | Case No.: ~~19-C-00244-S6~~ |
| vs | 23-C-02018-S6 |
| **Defendant,** | |
| **Marico Galloway** | |

**ORDER GRANTING DEFENDENT'S MOTION TO SET ASIDE JUDGMENT**

The above-styled case having come before this court for the Defendant's Motion to Set Aside Judgment, and after reviewing and considering same, as well as the Plaintiff's response thereto and the record in this action, it is found that the Defendant has met the burden to set aside the Plaintiff's awarded judgment pursuant to O.C.G.A 9-11-60(d). Accordingly, it is hereby

ORDERED that the Defendant's Motion to Set Aside is GRANTED.

SO ORDERED, this the _____ day of _____, 20____

_____
JUDGE
MAGISTRATE COURT OF GWINNETT COUNTY

Prepared and presented by:

*/s/ Marico Galloway*
Marico Galloway,
pro se
2208 Hanfred Ln ste 101-147
Tucker, Georgia 30084
ricogalloway@gmail.com
770-545-9534

Case 1:23-mi-99999-UNA   Document 1639-1   Filed 05/19/23   Page 13 of 13

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02018-S6**
**3/27/2023 1:56 PM**
TIANA P. GARNER, CLERK

## **CERTIFICATE OF SERVICE**

23-C-02018-S6

This is to certify that I, Marico Galloway, ("Defendant"), have this date served a true and correct copy of the above and foregoing MOTION TO SET ASIDE & COUNTERCLAIM by U.S. Certified Mail, postage fully prepaid, to the following counsel of record for the Plainitiff:

_Alexander Silpa_
(Name of Plaintiff Attorney)

_125 Townpark Dr. Suite 300_
(Post Office Box No. or Street Address)

_Kennesaw, Georgia, 30144_
(City, State, Zip Code)

This the _27th_ day of _March_, 2023.

Respectfully Submitted: /s/ <u>Marico Galloway</u>
Defendant

Marico Galloway
2208 Hanfred Ln Suite 101-147
Tucker, Georgia 30084
ricogalloway@gmail.com
770-545-9534