# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 26781823**
**Date Processed: 04/20/2023**

| | |
|---|---|
| **Primary Contact:** | Matthew Moak<br>Divisions, Inc.<br>1 Riverfront Pl<br>Ste 510<br>Newport, KY 41071-1763 |
| **Electronic copy provided to:** | Julie Walburg<br>Matthew Higgins |

| | |
|---|---|
| **Entity:** | Divisions, Inc. (KY)<br>Entity ID Number  2868800 |
| **Entity Served:** | Divisions, Inc. (KY) |
| **Title of Action:** | Brittany Simon vs. Divisions, Inc. (KY) |
| **Matter Name/ID:** | Brittany Simon vs. Divisions, Inc. (KY) (13956897) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 23-C-02569-S4 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 04/19/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Medders Law Firm, LLC<br>404-832-0640 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02569-S4**

4/18/2023 7:46 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**BRITTANY SIMON**

_____

_____

_____

PLAINTIFF

VS.

**DIVISIONS, INC. (KY)**

_____

_____

DEFENDANT

CIVIL ACTION
NUMBER:    23-C-02569-S4
_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Morgan L. Medders
2870 Peachtree Rd.
# 104
Atlanta, GA 30305

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
                    19th day of April, 2023

Tiana P. Garner
Clerk of State Court

By_____

Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02569-S4**

**4/18/2023 7:46 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BRITTANY SIMON,                          :
                                         :
     Plaintiff,                        :
                                         :          23-C-02569-S4
                                         :   Civil Action File No.:_____
v.                                       :
                                         :
DIVISIONS, INC. (KY)                     :
                                         :
     Defendant.                        :

_____

### COMPLAINT FOR DAMAGES

COMES NOW, Brittany Simon, Plaintiff in the above-styled action, by and through her undersigned counsel, and files this Complaint against Defendant Divisions, Inc. (KY), and respectfully shows this Honorable Court as follows:

### PARTIES

1.

Plaintiff is a resident of the State of Georgia harmed by the negligent acts and omissions of the Defendant and subjects herself to the jurisdiction of this Court.

2.

Divisions, Inc. (KY) ("Divisions" or "Defendant") is a foreign for-profit company that maintains its principal office at 1 Riverfront Pl., Suite 510, Newport, Kentucky 41071.

3.

Divisions may be served with process through its registered agent as follows: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

4.

Jurisdiction and Venue are proper as to Defendant Divisions.

5.

Defendant Divisions has been properly served with process in this action.

6.

## JURISDICTION AND VENUE

7.

Jurisdiction and venue are proper against Defendant because Defendant maintains their registered office in Gwinnett County. *See* Ga. Const., art. VI § 2, ¶¶ IV & VI; O.C.G.A. § 9-10-31(a)-(b); O.C.G.A. § 14-2-510(b)(1); RC Cola Bottling Co. v. Vann, 220 Ga. App. 479, 480 (1996).

## ADDITIONAL PROCEDURAL MATTERS

8.

Plaintiff previously brought a companion action based on the same transaction and series of events in the State Court of Gwinnett County styled "Brittany Simon v. Phillips Edison & Company LTD., Spivey Junction Station LLC, The Kroger Co., John Doe # 1, and John Does # 2 – 4" under Civil Acton Number 23-C-00653-S4. That action was subsequently removed to the Northern District of Georgia, Atlanta Division and is currently pending under Civil Action File Number 1:23-cv-00841-ELR.

9.

Defendant consents to electronic service of the pleadings as allowed by O.C.G.A. § 9-11-5(f), and therefore, have placed an e-mail address below the signature block of their answers.

10.

Pursuant to O.C.G.A. § 9-11-45(a)(1)(B), Plaintiff and Defendant agree that their attorneys who are listed in the pleadings may issue and sign subpoenas for persons sought to be deposed in

this action so long as the attorneys follow State Disciplinary Board Advisory Opinion No. 40 by providing deposition notices for each person on whom a subpoena is served.

## OPERATIVE FACTS, DAMAGES, AND LEGAL RELIEF

11.

At all relevant times, Defendant Divisions maintained control, managed, or otherwise maintained responsibility for the condition of the parking lot situated on the premises located at 1748 Hudson Bridge Road, Stockbridge, Henry County, Georgia 30311, including the subject Kroger Spivey Junction retail location.

12.

At all relevant times, Plaintiff Simon was a customer and invitee at the Kroger Spivey Junction retail location and a beneficiary of the services provided by Defendant.

13.

On or about April 24, 2021, Plaintiff Simon visited the subject shopping center.

14.

Plaintiff Simon traversed the parking lot to enter the Kroger retail location.

15.

As Plaintiff Simon neared the entrance to the Kroger retail location, she slipped and fell when she stepped on the painted yellow pavement markings positioned immediately in front of the entrance.

16.

As a result, Plaintiff Simon sustained severe and permanent injuries including, but not limited to, a dislocated leg and torn knee ligaments requiring surgical intervention.

17.

At all times, Plaintiff Simon exercised ordinary care and diligence under the circumstances then existing.

18.

Defendant breached its legal duty to keep the premises in a state consistent with the due regard for the safety of its invitees, including Plaintiff Simon, by failing to exercise ordinary care to keep its premises safe and by failing to act as similarly situated businesses in like circumstances.

19.

Prior to and on April 24, 2021, Defendant negligently maintained, inspected, and managed the subject parking lot situated on the subject property.

20.

Defendant had both actual knowledge and constructive knowledge of the need to properly maintain, inspect, and manage said parking lot.

21.

Defendants failed to exercise ordinary care in maintaining, inspecting, and managing said parking lot.

22.

Defendant failed to correct, mark, or remove the defective and hazardous condition existing on its premises, thereby creating an unreasonable risk of injury to their invitees, including Plaintiff Simon.

23.

Defendant knew of, or by the exercise of due care for the safety of their invitees, including Plaintiff Simon, should have known of the defective and hazardous condition(s) existing on the premises.

24.

Defendant knew, or by the exercise of due care for the safety of their invitees, including Plaintiff Simon, should have known that the failure to correct, mark, remove, and/or repair said condition(s) was likely to result in the precise injuries suffered by Plaintiff Simon.

25.

Defendant had actual and constructive knowledge of the dangerous condition of the painted yellow pavement markings existing on the property prior to the fall incident involving Plaintiff Simon.

26.

Defendant permitted the dangerous condition of the painted yellow pavement markings to exist and remain on the premises.

27.

Defendant negligently failed to warn its invitees, including Plaintiff Simon, of the existence of the dangerous condition of the painted yellow pavement markings and the likelihood that someone would be badly hurt.

28.

Defendant knew of, or with the exercise of due care for the safety of its invitees should have known of, the dangerous and hazardous conditions existing on the premises and that failure to maintain, inspect, and manage the premises would likely result in the injuries suffered by

Plaintiff Simon, but Defendant failed to act to correct, prevent, or warn of the dangerous condition and dangerous environment of said property.

29.

Defendant was negligent *per se*.

30.

Defendant Divisions was negligent and said negligence proximately caused Plaintiff Simon's injuries in the following ways:

a. Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises and approaches safe;

b. Violation of state and local building and safety codes for failure to properly provide a safe means of ingress and egress within Defendants' premises, failure to provide a proper slip-resistant surface, failure to use a proper slip-resistant paint and/or alternative method of producing the pavement markings, failure to appropriately mark the area, failure to provide adequate warnings regarding the potential for slippery surfaces or other hazards, and other such violations to be proven at trial;

c. Violation of industry customs, standards, and/or best practices for failure to properly provide a safe means of ingress and egress within Defendants' premises, failure to provide a proper slip-resistant surface, failure to use a proper slip-resistant paint and/or alternative method of producing the pavement markings, failure to appropriately mark the area, failure to provide adequate warnings regarding the potential for slippery surfaces or other hazards, and other such violations to be proven at trial;

d. In failing to make reasonable effort to determine the safest and most prudent manner of effecting the yellow painted pavement markings;

e. In failing to properly inspect and maintain the premises and approaches;

f. In knowingly allowing their invited guests to utilize an unsafe area of the premises and approaches;

g. In failing to warn of the latent dangers on the premises;

h. In failing to properly train and supervise their agents in regard to the maintenance and safety of the premises and approaches;

i. In negligently retaining, entrusting, hiring, training, selecting, and supervising said agents; and

    j.   In violating industry standards of the retail store management industry with such violation leading to the dangers.

31.

Defendant had actual knowledge of the dangerous and hazardous conditions existing at the premises due to the direct knowledge of their employees and agents.

32.

Defendant had constructive knowledge of the dangerous and hazardous conditions existing on the premises through the knowledge of their employees and agents.

33.

Defendant had constructive knowledge of the dangerous and hazardous conditions existing on the premises due to the prior similar issues occurring at the subject premises.

34.

Defendant negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned painted yellow pavement marking dangers and negligently maintained property.

35.

Defendant is liable for the injuries to Plaintiff Simon which occurred without necessity, privilege, or consent.

36.

Defendant negligently represented to their invitees that the property at issue was properly maintained and secured.

37.

Defendant negligently failed to provide adequate protection and inspection related to the paved entryway to the subject Kroger retail location at the property.

38.

Defendant failed to take appropriate action to remedy or reduce the danger to its invitees, including Plaintiff Simon, and allowed the dangerous environment on the subject property to continue to exist unabated.

39.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendant and one or more of the above stated acts were the proximate cause of the injuries to Plaintiff Simon.  But for said tortious acts, Plaintiff Simon would not have suffered injuries.

40.

Plaintiff Simon sustained injuries and damages, which were directly and proximately caused by the negligence of Defendant.  But for the negligence of Defendant, Plaintiff Simon would not have suffered serious injury, physical pain, and mental and psychological suffering.

41.

Upon information and belief, Plaintiff Simon incurred reasonable and necessary medical expenses exceeding $100,000.00 as a result of Defendants' negligence, and Plaintiff will continue to incur medical expenses in the future.

42.

Plaintiff is entitled to recover all elements of her damages allowed under Georgia law, including but not limited to:

     a.     Personal injuries;

     b.     Past, present and future pain and suffering;

     c.     Disability;

     d.     Disfigurement;

e.  Mental anguish;

f.  Loss of the capacity for the enjoyment of life;

g.  Incidental expenses;

h.  Past, present and future medical expenses;

i.  Permanent injuries;

j.  Lost wages;

k.  A diminished capacity to labor; and

l.  Consequential damages to be proven at trial.

43.

Plaintiff is entitled to recover all expenses and attorney's fees pursuant to O.C.G.A. § 13-6-11 because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

44.

The jury is entitled to impose punitive damages because the actions of Defendants showed an entire want of care, which would raise the presumption of conscious indifference to consequences.

45.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendants, and one or more of the above stated acts were the proximate cause(s) of the injuries and damages sustained by the Plaintiff.

WHEREFORE, Plaintiff prays for a judgment against Defendants for the following:

1)   Plaintiff be awarded actual damages in amounts to be shown at trial;

2)   Plaintiff be awarded all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants;

3)   Punitive damages be imposed on Defendants in an amount to be determined by the enlightened conscience of the jury;

4)   Plaintiff be awarded a trial by jury; and

5)   Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.


This 18th day of April, 2023.

Respectfully submitted,

**THE MEDDERS LAW FIRM, LLC**

BY:   ***/s/ Morgan L. Medders***
          Morgan L. Medders
          Georgia Bar No. 569286
          *Attorney for Plaintiff*

2870 Peachtree Rd.
# 104
Atlanta, GA 30305
P:  404-832-0640
F:  404-891-1444
morgan@medderslawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BRITTANY SIMON,           :

       Plaintiff,        :

                      :       Civil Action File No.: 23-C-02569-S4

v.                      :

                      :

DIVISIONS, INC. (KY)      :

                      :

       Defendant.      :

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION TO DEFENDANT

TO:  DEFENDANT DIVISIONS, INC. (KY)

      Pursuant to O.C.G.A. § 9-11-36, Plaintiff hereby requests that Defendant respond in writing and under oath, to the following requests for admission within forty-five (45) days as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at The Medders Law Firm, LLC, 2870 Peachtree Rd., # 104, Atlanta, GA, 30305.

## DEFINITIONS

A.  The term "YOU" means Defendant Divisions, Inc. (KY), including each of their current and former agents, employees, attorneys, consultants, investigators, and all other persons acting on their behalf.

B.  The term "THIS COURT" refers to the Court referred to in the caption/style of this document and in which the Complaint has been filed.

## REQUESTS TO ADMIT

1.

Admit that you have been correctly named in this case insofar as your legal name is concerned.

2.

Admit that you have been properly served as a party.

3.

Admit process is sufficient with regard to you in this case.

4.

Admit that service of process is sufficient with regard to you in this case.

5.

Admit that this Court has jurisdiction over the subject matter of this case.

6.

Admit that this Court has personal jurisdiction over you in this case.

7.

Admit that venue is proper in this Court.

8.

Admit that you owned, operated, controlled, maintained, and/or otherwise had responsibility for the condition of the subject parking lot situated at 1748 Hudson Bridge Road, Stockbridge, Henry County, Georgia 30281.

9.

Admit that Plaintiff was an invitee at the subject location on April 24, 2021.

10.

Admit that Plaintiff slipped on the painted yellow pavement markings positioned immediately in front of the entrance to the subject Kroger retail location.

11.

Admit there were no warnings or signs in the area where Plaintiff fell.

12.

Admit that surveillance cameras captured the subject incident involving Plaintiff.

13.

Admit that you preserved surveillance camera footage of the subject incident involving Plaintiff.

14.

Admit that you failed to preserve surveillance camera footage of the subject incident involving Plaintiff.

15.

Admit that you had actual knowledge of the hazard of the yellow pavement markings.

16.

Admit that you had constructive knowledge of the hazard of the yellow pavement markings.

17.

Admit that you failed to maintain a reasonable inspection procedure in the area where Plaintiff fell prior to the subject incident.

18.

Admit that you have no evidence of any act or omission on the part of Plaintiff in contributing to the subject incident.

19.

Admit that you have no evidence that any act or omission of a third party caused or contributed to the subject incident.

20.

Admit that you are 100% liable with respect to causing the subject incident.

21.

Admit that Plaintiff suffered injuries proximately caused by your negligence.

22.

Admit that Plaintiff has endured physical and mental pain and suffering as a proximate result of the subject incident.

23.

Admit that you do not contend any indispensable parties have not been named in this lawsuit.

This 18th day of April, 2023.

Respectfully submitted,

THE MEDDERS LAW FIRM, LLC

BY:   /s/ *Morgan L. Medders*
        Morgan L. Medders
        Georgia Bar No. 569286
        *Attorney for Plaintiff*

2870 Peachtree Rd.
# 104
Atlanta, GA 30305
P: 404-832-0640
F: 404-891-1444
morgan@medderslawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BRITTANY SIMON,                           :
                                          :
      Plaintiff,                      :
                                          :          Civil Action File No.:  23-C-02569-S4
v.                                        :
                                          :
DIVISIONS, INC. (KY)                      :
                                          :
      Defendant.                      :

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

TO:  DEFENDANT DIVISIONS, INC. (KY)

      Pursuant to O.C.G.A. § 9-11-26, *et seq.*, Plaintiff hereby requests that Defendant respond separately in writing and under oath, to the following interrogatories within forty-five (45) days from the date of service as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at The Medders Law Firm, 2870 Peachtree Rd., # 104, Atlanta, GA 30305.

### DEFINITIONS AND INSTRUCTIONS

A.  These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, so as to require Defendant to serve upon all parties supplemental answers if Defendant or their attorneys obtain further information between the time the answers are served and the time of trial.

B.  "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

## INTERROGATORIES

1.

Please identify the person or persons responding to these Interrogatories on behalf of the Defendant and identify each person who has provided information in connection with these interrogatories.

2.

Please identify the person(s) or entity(ies) that owned, managed, and controlled the premises referred to in the Complaint on the date of the subject incident. If the ownership, control, or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

3.

Please identify all persons who inspected, managed, and/or maintained the subject area, including a detailed description of the action that was taken in regard to inspecting, managing, and/or maintaining the area for the thirty (30) days preceding and including the day of the incident as described in the Complaint.

4.

Please identify and describe all practices, procedures, processes, training, employee manuals, employee handbooks, or any other policies, procedures, or documents regarding the management, inspection, or maintenance of the subject parking lot and painted pavement markings.

5.

Please describe each and every warning that you claim was provided to Plaintiff regarding any danger associated with the pavement or pavement markings at the entryway to the subject Kroger retail location on the date of the incident described in Plaintiff's Complaint.

6.

Please give the names, addresses, and telephone numbers of all persons that were witnesses, have relevant knowledge, or have information reasonably calculated to lead to the discovery of relevant or admissible evidence concerning this lawsuit or concerning the facts and circumstances surrounding the management, inspection, or maintenance of the subject area.

7.

Please identify any changes, physical or policy-related, that were implemented or made as a result of the incident causing Plaintiff's injuries as described in the Complaint.

8.

Please identify any and all insurance, including excess or umbrella coverage or coverage by any other description (med-pay, etc.), which does or may afford insurance coverage to you for the claims made in this lawsuit, including the name of each insurance company, the applicable coverage, the insured(s) under each policy, and whether you have received any type of reservation of rights letter regarding coverage.

9.

Please identify all persons who have in any way investigated the claims made in this lawsuit, and whether each has made a written record or audio/video recording of the investigation.

10.

Please identify all action taken with regard to the paved area at the entryway of the subject Kroger retail location on the date of the incident described in Plaintiff's Complaint, including the individual(s) taking such action and the purpose of such action.

11.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place. Please include in this response a listing of each person and circumstance you believe to have caused or contributed to causing the subject occurrence.

12.

Please detail the factual and legal basis for each defense plead in your Answer, including all Untied States statutes, state statutes, city ordinances, county ordinances, case law and all other governmental laws, rules or regulations which you content Plaintiff, or any other person or entity, violated with respect to the incident giving rise to this lawsuit.

13.

Please identify each expert with whom you consulted or who is expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. *See* O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

14.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement,

the date each statement was taken, a description of the content of the statement, and the name and address of each person having possession, custody, or control of each statement.

15.

For the two (2) year period preceding the subject incident, please identify with specificity all injury claims or complaints made against you or your business regarding any injury concerning the subject yellow pavement markings, including the date, time, and place of occurrence; the name, address, and telephone number of all parties involved in said accident; the address of all investigating people or departments; personal injuries if any, claimed in such incident; a short description of how the incident occurred; and, whether suit was filed (please include the case number and court).

16.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item.

17.

State the substance of each conversation you or your agents or employees had with Plaintiff at the time of or at any time before the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff or her agents.

18.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over this defendant, that there has been an insufficiency of process of Plaintiff's complaint, and/or that there has been an insufficiency of service of process upon the defendant.

19.

Please identify any and all documentary or other tangible evidence, not previously identified, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

20.

Please identify all potential parties, individuals, entities, or other persons that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiff in this action.

21.

Please identify all maintenance employees, management persons, or other employees, persons and/or entities that in any way had responsibility for or knowledge of maintaining and/or inspecting the subject area for the two (2) year period preceding the subject incident. To the extent any person is identified, please describe the actions, times, and involvement in regard to said inspections and maintenance or knowledge of same.

22.

Identify all employees, managers, and independent contractors on duty at the subject premises on April 24, 2021, providing their names, addresses, phone numbers, whether they are still employed by Defendant, as well as their job title, job description, and hours worked on the subject date.

23.

Identify all security cameras located at the subject parking lot, including the location of such cameras, whether such cameras were operative on April 24, 2021, and whether any camera

videotaped Plaintiff's incident. If cameras were not functioning or if no camera captured Plaintiff's incident, please state why the cameras were not functioning or did not capture Plaintiff's incident.

24.

Please identify the type of paint used to create the subject pavement markings.

25.

Please describe the process by which the specific type of paint used to create the subject pavement markings was chosen, including any warning applicable to the use of the paint, alternative paints that were considered, cost of the chosen paint and any alternatives, and any other information or process used to select the subject paint.

This 18th day of April, 2023.

Respectfully submitted,

**THE MEDDERS LAW FIRM, LLC**

BY:    */s/ Morgan L. Medders*
Morgan L. Medders
Georgia Bar No. 569286
*Attorney for Plaintiff*

2870 Peachtree Rd.
# 104
Atlanta, GA 30305
P:  404-832-0640
F:  404-891-1444
morgan@medderslawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BRITTANY SIMON,                          :

     Plaintiff,                          :

                              :     Civil Action File No.:  23-C-02569-S4

v.                                       :

DIVISIONS, INC. (KY)                     :

     Defendant.                          :

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

TO:  DEFENDANT DIVISIONS, INC. (KY)

      Pursuant to O.C.G.A. § 9-11-26 *et seq.*, and O.C.G.A. § 24-13-27, *et seq.*, Plaintiff hereby requests that Defendant respond in writing and under oath, to the following request for production of documents within forty-five (45) days from the date of service as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at The Medders Law Firm, LLC, 2870 Peachtree Rd., # 104, Atlanta, GA 30305.

### DEFINITIONS AND INSTRUCTIONS

A. This request for production of documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-13-27, *et seq.*, so as to require Defendants to serve or produce upon all parties supplemental answers or documents if Defendants or their attorney(s) obtain further information between the time the answers are served and the time of trial. Plaintiff also requests that Defendants produce the originals of each document at trial and any deposition of Defendants.

B. "Document" whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include

without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E. If you object to part of a request, <u>please identify any documents withheld</u>.

F. If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

## **REQUEST FOR PRODUCTION**

1.

Any statement in your control from any person possessing relevant knowledge of the incident giving rise to this lawsuit, whether written or recorded.

2.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit. This request includes but is not limited to any surveillance, videos, or photographs of Plaintiff.

3.

All documents evidencing, reflecting, relating to, or constituting any communication between Defendant or any agent of Defendant and Plaintiff.

4.

Any correspondence, statements, emails, text messages, electronic data, documents, or other tangible item involving any of the witnesses or other individuals involved with or with knowledge of the incident forming the basis of Plaintiff's complaint.

5.

All emails, electronic data, or other documents evidencing, reflecting, relating to, or constituting an incident report regarding the occurrence forming the basis of this lawsuit.

6.

All emails, electronic data, or other documents evidencing, reflecting, relating to, or constituting an incident report regarding any incident concerning the yellow pavement markings for the two (2) years preceding Plaintiff's incident.

7.

All documents that you receive in response to your Requests for Production of Documents to nonparties and Open Records Requests.

8.

Any and all documents identified, referenced in support of, or used to respond to discovery in this matter or any defenses raised in your Answer.

9.

All documents, pleadings, and/or exhibits filed, served, or prepared in connection with any litigation involving personal injuries to which you have been a party and involving injury related to the yellow pavement markings at the subject location for the two (2) years preceding the subject incident.

10.

Please produce all policies of insurance, to include the declaration pages, which do or may afford insurance coverage to Defendant with regard to Plaintiff's claims against Defendant. This Request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, and medical-payments coverage. This request includes any and all documents affecting coverage, including reservation of rights documents.

11.

Please produce all reports received from any experts who have investigated any issue(s) relevant to the subject fall and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions and a curriculum vitae for each expert.

12.

For the two (2) year period preceding the subject incident, please produce all documents evidencing or reflecting any agreement between Defendant and an outside person regarding maintenance, inspection, or treatment of the subject yellow pavement markings at the subject location.

13.

Please produce all claim forms, accident reports, or other documentation completed by your employees, agents, or independent contractors evidencing prior or subsequent complaints, problems or injuries involving the yellow pavement markings of the subject Kroger retail location for the two (2) year period preceding the subject incident.

14.

Please produce any and all tangible items relating to the maintenance, inspection, or repair of the yellow pavement markings at the entryway of the subject Kroger retail location for the two

(2) year period preceding the subject incident. This request includes but is not limited to employee handbooks, policy or procedure manuals, instructions, checklists, forms, videos, emails, electronic data internal memorandum, bulletins, and any other documents by any other name.

15.

For the two (2) year period preceding the subject incident, please produce all notes, memoranda, minutes, and all other tangible items evidencing safety meetings held by you pertaining to the yellow pavement markings at the subject premises.

16.

For the date in question, and the two days before, please produce the work and payroll records of all employees employed by Defendant who worked at the subject premises.

This 18th day of April, 2023.

Respectfully submitted,

THE MEDDERS LAW FIRM, LLC

BY:   /s/ *Morgan L. Medders*
Morgan L. Medders
Georgia Bar No. 569286
*Attorney for Plaintiff*

2870 Peachtree Rd.
# 104
Atlanta, GA 30305
P:  404-832-0640
F:  404-891-1444
morgan@medderslawfirm.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

BRITTANY SIMON,                          :
                                          :
      Plaintiff,                     :
                                          :
                                          :       Civil Action File No.: 23-C-02569-S4
v.                                        :
                                          :
DIVISIONS, INC. (KY)                     :
                                          :
      Defendant.                     :

_____

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that I have this date served Defendant with copies of the **PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT,** and **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT** by filing with the Clerk of Court using the designated Electronic Filing system and serving upon Defendant via personal service and/or upon counsel for Defendant via email as follows:

Divisions, Inc. (KY)
c/o Corporation Service Company
2 Sun Court
Ste. 400
Peachtree Corners, GA 30092

This 18th day of April, 2023.

Respectfully submitted,

2870 Peachtree Rd.                       **THE MEDDERS LAW FIRM, LLC**
#104                                     BY:  */s/ Morgan L. Medders*
Atlanta, GA 3030                              Morgan L. Medders
P: 404-832-0640                               Georgia Bar No. 569286
F: 404-891-1444                               *Attorney for Plaintiff*
morgan@medderslawfirm.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-02569-S4**

**4/18/2023 7:46 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BRITTANY SIMON,                     :
                                    :
     Plaintiff,                  :
                                    :                23-C-02569-S4
                                    :    Civil Action File No.:_____
v.                                  :
                                    :
DIVISIONS, INC. (KY)                :
                                    :
     Defendant.                  :

---

### RULE 5.2 CERTIFICATE OF SERVICE

    THIS IS TO CERTIFY that I have this date served Defendant with copies of the **PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT, and PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT** by filing with the Clerk of Court using the designated Electronic Filing system and serving upon Defendant via personal service and/or upon counsel for Defendant via email as follows:

Divisions, Inc. (KY)
c/o Corporation Service Company
2 Sun Court
Ste. 400
Peachtree Corners, GA 30092

    This 18th day of April, 2023.

Respectfully submitted,

2870 Peachtree Rd.
#104
Atlanta, GA 3030
P: 404-832-0640
F: 404-891-1444
morgan@medderslawfirm.com

**THE MEDDERS LAW FIRM, LLC**
BY:   ***/s/ Morgan L. Medders***
        Morgan L. Medders
        Georgia Bar No. 569286
        *Attorney for Plaintiff*