IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOMINGA CHE CHE, as the Surviving Parent of RONY ROLANDO CUZ CHE, Deceased;<br><br>　　　　Plaintiff,<br><br>v.<br><br>COLLIER METALS LLC; and JOHN DOE CORPORATIONS A-Z;<br><br>　　　　Defendants. | CIVIL ACTION<br>FILE NO. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Collier Metals LLC, a single-member limited liability company based in the State of Georgia,[1] gives notice of the removal of this action from the State Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Removal is based on diversity jurisdiction under 28 U.S.C. § 1332 because

---

[1] The single member of the limited liability corporation is a natural person, who is a citizen, domiciliary, and resident of the State of Alabama. As such, for purposes of diversity jurisdiction, Defendant is a citizen, domiciliary, and resident of the State of Alabama. *See* Declaration of Jim Collier, which is attached hereto and incorporated herein as **Exhibit "F."**

- 1 -

the amount in controversy requirement is satisfied and because Defendant is diverse from the decedent, who is a citizen of the Country of Guatemala and is also an undocumented alien in the United States, and the Plaintiff, who is a citizen of the Country of Guatemala.

In support of this removal, Defendant states as follows:

## I.    NATURE OF THE CASE

1. On January 9, 2023, Plaintiff filed a complaint in the State Court of Fulton County, naming Collier Metals LLC as a Defendant. *See* **Ex. A.**, Complaint.

2. The Complaint arises out of an industrial accident that occurred on April 13, 2022. *See generally* **Ex. A**, Compl.

3. The Complaint does not allege that the decedent, Rony Rolando Cuz Che ("Decedent"), is a citizen of the Country of Guatemala and is an undocumented alien in the United States of America and the State of Georgia. *See generally* **Ex. A**, Compl.

4. The Complaint alleges that the Plaintiff is a citizen of the Country of Guatemala. *See generally* **Ex. A**, Compl., at ¶ 2.

5. The Complaint does not allege an amount for damages. *See generally* **Ex. A**, Compl.

6. Defendant was served with the Complaint on January 24, 2023. *See* **Ex.**

**B,** Affidavit of Service.

7. Defendant timely filed responsive pleadings in state court and responded to Plaintiff's discovery requests served with the Complaint.

8. Because the parties appeared to have diverse citizenships and because the Complaint was silent as to the Decedent's actual citizenship and the amount in controversy, Defendant propounded requests for admissions to Plaintiff to determine whether the Decedent was a citizen of Georgia or another state or country and to determine whether Plaintiff was seeking damages of $75,000.00 or more. *See* **Ex. C**, Defendant's Requests for Admissions to Plaintiff.

9. Plaintiff responded to Defendant's Requests for Admissions to Plaintiff on May 8, 2023. *See* **Ex. D**, Plaintiff's Responses to Defendant's Requests for Admissions to Plaintiff.

11. Plaintiff responded that the Decedent was a citizen of the Country of Guatemala. *See* **Ex. D**, Plaintiff's Responses to Defendant's Requests for Admissions to Plaintiff, Nos. 10 and 45.

12. Plaintiff responded that the Decedent was not a citizen of the United States of America. *See* **Ex. D**, Plaintiff's Responses to Defendant's Requests for Admissions to Plaintiff, Nos. 1, 2, 3, 4, 5, 6, 9, 29, 30, 32, and 33.

13. Because Plaintiff was not a citizen of the United States of America and

31487066v1

was a citizen of the Country of Guatemala, making him a foreign citizen, he is not a citizen of Georgia. *See* **Ex. D**, Plaintiff's Responses to Defendant's Requests for Admissions to Plaintiff, Nos. 1-6, 9, 10, 29, 30, 32, 33, and 45.

14. Plaintiff responded that they are seeking $75,000.00 or more in damages. *See* **Ex. D.**, Plaintiff's Responses to Defendant's First Requests for Admissions, Nos. 51-61.

**REMOVAL IS TIMELY AND PROPER**

15. This Notice of Removal is filed within thirty (30) days of service of Plaintiffs' Responses to Defendants' Request for Admissions, which is an "other paper" under 28 U.S.C. § 1446(b)(3). Section 1446(b)(3) contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1281-82 (N.D. Ala. 2013) (quoting 28 U.S.C. § 1446(b)(3)) (internal footnotes and citations omitted).

Under 28 U.S.C. § 1446(b)(3), numerous types of documents have been held to qualify as "other paper" from which it may be ascertained that the case is removable. *See generally Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007); *see also Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 782 (11th Cir.

31487066v1

1989) (holding that the plaintiff's response to the defendant's requests for admission is "other paper" under § 1446(b)(3)); *Kaioshai v. Circle K Stores, Inc.*, No. 2:14-CV-170-FTM-29CM, 2014 U.S. Dist. LEXIS 82275, 2014 WL 2744888, at *1 (M.D. Fla. June 17, 2014) (holding that the plaintiffs interrogatory answers are "other paper" under § 1446(b)(3)).

16. Pursuant to 28 U.S.C. § 1441, Defendant removes this Action to the District Court of the United States for the district embracing the place where the action is pending. The Northern District of Georgia embraces the State Court of Fulton County, Georgia, the place where this action was pending; further, Fulton County is encompassed within the Atlanta Division of the Northern District of Georgia.

17. A copy of the entire file of the State Court of Fulton County, which includes all pleadings, process, and orders filed, is attached as **Exhibit "E."**

18. In addition, as required by 28 U.S.C. § 1446(d), Defendant has provided written notice of filing of this Notice of Removal to Plaintiff.

19. Defendant has also filed a copy of this Notice with the clerk of the state court from which this action has been removed.

20. There is complete diversity of citizenship between the Decedent and his representative Plaintiff and Defendant, and the amount in controversy exceeds

$75,000.

A. **There is a Complete Diversity of Citizenship Between Plaintiffs and Defendants**

21. In the context of diversity of citizenship pursuant to § 1332, citizenship and domicile do not always converge. As Judge Haight succinctly stated:

> [I]n a diversity action between United States citizens of different states pursuant to 28 U.S.C. § 1332(a)(1), citizenship is equivalent to domicile. *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980); *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir. 1979). However, in "alienage jurisdiction" cases under section 1332(a)(2), where the grant of federal jurisdiction is founded on the fear of giving offense to foreign countries, domicile is irrelevant. *Sadat*, supra, 615 F.2d at 1183. An alien residing in the United States is nonetheless a foreign citizen for purposes of section 1332(a)(2). . . . Thus, even when a resident alien sues a United States citizen residing in the same state, section 1332(a)(2) provides federal district courts with jurisdiction. *See, e.g., C.H. Nichols Lumber Co. v. Franson*, 203 U.S. 278, 282-83, 27 S. Ct. 102, 51 L. Ed. 181 (1906) (diversity existed when alien plaintiff and defendant were both residents of State of Washington).

*Symister v. Rossi*, No. 85 Civ. 1266, 1985 U.S. Dist. LEXIS 13927, at *6-7 (S.D.N.Y. Nov. 14, 1985) (citations omitted); *see also Breedlove v. Nicolet*, 32 U.S. 413, 431-32, 8 L. Ed. 731 (1833) (Marshall, CJ.) ("If originally aliens, [plaintiffs] did not cease to be so, nor lose their right to sue in the federal court, by a residence in Louisiana. Neither the constitution nor acts of congress require that aliens should reside abroad to entitle them to sue in the courts of the United States.").

22. Although § 1332 was amended in 1988 to provide that "[f]or the

purposes of this section . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled," courts have consistently construed this provision as applying only to those aliens who have been formally granted permanent residence within the country. *See, e.g., Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1348-49 (11th Cir. 1997) ("The use of 'admitted' in the statute suggests that Congress intended § 1332(a) to apply to individuals who have been allowed to enter this country for permanent residence by the INS. The plain language of the statute therefore directs courts to refer to an alien litigant's official immigration status."); *Fleming v. Fed Ex Freight E., Inc.*, No. 06-11275, 2006 U.S. Dist. LEXIS 49097, at *3 (E.D. Mich. June 23, 2006) ("Aliens who have obtained lawful permanent resident status under the immigration laws (*i.e.,* aliens with green cards) are considered aliens admitted for permanent residence."); *Kato v. County of Westchester*, 927 F. Supp. 714, 716 (S.D.N.Y. 1996) (Conner, J.) ("[A]liens who have been accorded lawful permanent resident status under the immigration laws are considered aliens 'admitted for permanent residence,' while aliens admitted to the United States on temporary nonimmigrant visas are not."); *Chavez-Organista v. Vanos*, 208 F. Supp. 2d 174, 176 (D.P.R. 2002) ("Only an alien who has established legal permanent residence, *i.e.,* obtained a 'green card' can be considered a 'citizen' of an American state.");

31487066v1

*Chan v. Mui*, No. 92 Civ. 8258, 1993 U.S. Dist. LEXIS 14693, at *5 (S.D.N.Y. Oct. 20, 1993) ("[Defendant] asserts that § 1332's reference to 'permanent residence' encompasses aliens permanently but illegally residing in the United States. . . . Under this interpretation of the statute, plaintiff is a resident of Oklahoma because he lives there and has applied to the Immigration and Naturalization Service for permanent resident status. . . . This argument is contrary to the plain language of the statute and is inconsistent with the vast majority of decisions interpreting § 1332." (citations omitted)); *Miller v. Thermarite Pty. Ltd.*, 793 F. Supp. 306, 307 *(S.D. Ala. 1992)* ("[I]t is clear that the statute affects only the status of those aliens with 'green cards . . . .'"). *see also Melian v. I.N.S.,* 987 F.2d 1521, 1525 (11th Cir. 1993) (holding that the holder of a B-2 visa, which is issued to temporary visitors for business or pleasure, is not a U.S. domiciliary).

23.   District courts have original jurisdiction of all civil actions when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. §1332(a); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). When jurisdiction is predicated on citizenship diversity, "all plaintiffs must be diverse from all defendants." *Id*. at 412. The party that removes a case to federal court based on citizenship diversity bears the burden of establishing the citizenship of the parties.

*Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). To sufficiently allege the citizenships of unincorporated business entities—limited liability companies and limited partnerships—a party must list the citizenships of all the members. *Id*. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *Id*. And a corporation is a citizen of both its state of incorporation and the state of its principal place of business. 28 U.S.C. §1332(c). For individuals, citizenship is the equivalent to "domicile" for purposes of diversity jurisdiction; and "domicile" is the place of a person's "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotes and citations omitted).

24. Defendant Collier Metals, LLC, is a limited liability company organized under the laws of the State of Georgia with its principal place of business in Georgia. But Defendant has a single member, Jim Collier, who is a citizen, resident, and domiciliary of the State of Alabama.[2] Since Jim Collier as the sole member is a citizen, resident, and domiciliary of the State of Alabama, Defendant Collier Metals, LLC is also a citizen, resident, and domiciliary of the State of

---

[2] *See* Declaration of Jim Collier, which is attached hereto and incorporated herein as **Exhibit "F."**

31487066v1

Alabama and not a resident defendant of the State of Georgia. Accordingly, Defendant Collier Metals, LLC, is completely diverse from Plaintiff, who is a citizen of the Country of Guatemala.

25. Aliens who have entered the United States illegally are not considered citizens of one of the fifty states; rather, they are still considered citizens of a foreign state. *See*, *e.g.*, *Collado v. Cancel*, No. 9:10-1870-MBS-RSC, 2010 U.S. Dist. LEXIS 109704, 2010 WL 4038799, at *2 (D.S.C. Sept. 3, 2010) ("since it is clear that Plaintiff is an illegal alien and a citizen of the Dominican Republic, he never became either a New York or South Carolina resident for diversity purposes. Instead, he retained his status as a citizen of a foreign state..."). As a result, diversity jurisdiction exists in this case because Defendant has presented sufficient evidence to meet its burden in showing that Decedent is not a United States citizen or a legal resident alien. *See* 28 U.S.C. § 1332(a)(2) ("The district courts shall have original jurisdiction of all civil actions where the matter...is between citizens of a State and citizens or subjects of a foreign state..."); *see also* **Ex. D**, Plaintiff's Responses to Defendant's Requests for Admission, Request Nos. 1-6, 9, 10-13, 29, 30, 32, 33, and 45.

26. Moreover, for purposes of determining diversity of citizenship, a decedent's personal representative is deemed a citizen of the same state as the

decedent. 28 U.S.C. § 1332(c)(2); *Palmer v. Hospital Auth. of Randolph County*, 22 F.3d 1559, 1562 (11th Cir. 1994). In this case, the Decedent is a citizen of the Country of Guatemala. Under *Palmer*, Plaintiff as the putative personal representative of Decedent is deemed a citizen of the Country of Guatemala, which she is in fact anyway. Therefore, Plaintiff as Decedent's putative personal representative and Defendant have complete diversity of citizenship.

27. Consequently, Defendant demonstrates the complete diversity of citizenship between Decedent and his representative Plaintiff and Defendant, *i.e.*, that Defendant is a citizen, resident, and domicile of Alabama under Section 1332 (and not Georgia) and Decedent and his representative Plaintiff are citizens of states, commonwealths, or countries other than Georgia. *See generally* **Ex. A.**, Compl., and **Ex. D.**, Plaintiff's Responses to Defendant's First Requests for Admissions.

**B.     The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interests.**

28. The Complaint demands a variety of damages but does not demand a specific dollar amount. *See generally* **Ex. A.**, Compl., and prayers (a) through (d).

29. When a plaintiff pleads "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the. . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

Put another way, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

30.     By serving Defendant's Requests for Admission and Plaintiff's Responses thereto, Defendant has established that Plaintiff seeks more than the jurisdictional threshold of $75,000.00. *See* **Ex. D**, Plaintiff's Responses to Defendant's Requests for Admissions, Response Nos. 55-61.

31.     Therefore, removal of this action is proper because there is a complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.

**C.    Any Pending Discovery Served in the State Court Action is Rendered Not Answerable By Removal.**

32.     A plain reading of Federal Rule of Civil Procedure 26 provides that parties may not seek discovery before they have participated in a Rule 26(f) conference. *Steen v. Garrett*, No. 2:12-cv-1662-DCN, 2013 U.S. Dist. LEXIS 61206, 2013 WL 1826451, at *2 (D.S.C. Apr. 30, 2013)(citing Fed. R. Civ. P. 26(d)(1)); *see also Koenig v. USA Hockey, Inc.*, No. 2:09-CV-1097, 2010 U.S. Dist. LEXIS 122809, 2010 WL 4783042, at *6 (S.D. Ohio June 14, 2010) (holding that discovery served in state court prior to removal to federal court is not permitted under the Federal Rules of Civil Procedure prior to the Rule 26(f) conference except

in those limited circumstances involving cases exempt from the requirement of Rule 26(d) or when authorized by stipulation or court order); *O'Keefe v. State Farm Fire & Cas. Co.*, No. 1:08-cv-600-HSO-LRA, 2009 U.S. Dist. LEXIS 65466, 2009 WL 2058867, at *2 (S.D. Miss. July 10, 2009) (holding that any discovery propounded in state court before a suit is removed is no longer answerable following removal).

## II.   CONCLUSION

33.   By removing the action to this Court, Defendant does not waive any defenses, objections or motions available to it under state or federal law. Defendant expressly reserves the right to move for dismissal of Plaintiff's claims pursuant to Rule 9 and Rule 12 of the Federal Rules of Civil Procedure.

34.   As detailed above, all requirements and jurisdictional thresholds have been met to remove this action to this Court on the basis of diversity jurisdiction. Accordingly, Defendant respectfully removes this action to the United States District Court for the Northern District of Georgia, Atlanta Division, for trial and determination of all issues.

This 19th day of May, 2023.

HAWKINS PARNELL & YOUNG, LLP

*/s/ Carl H. Anderson, Jr.*
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Defendant Collier Metals LLC*

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (855) 889-4588
E-mail: canderson@hpylaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOMINGA CHE CHE, as the Surviving Parent of RONY ROLANDO CUZ CHE, Deceased;<br><br>Plaintiff,<br><br>v.<br><br>COLLIER METALS LLC; and JOHN DOE CORPORATIONS A-Z;<br><br>Defendants. | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF COUNSEL

The undersigned hereby certifies that he has prepared the within and foregoing document in accordance with LR 5.1, NDGa, and LR 7.1(D), NDGa. Specifically, counsel certifies that he has used 14-point Times New Roman New as the font in these documents except for footnotes in which he has used 12-point Times New Roman New as the font.

This 19th day of May, 2023.

                HAWKINS PARNELL & YOUNG, LLP

                */s/ Carl H. Anderson, Jr.*
                Carl H. Anderson, Jr.
                Georgia Bar No. 016320

31487066v1

- 2 -

*Attorneys for Defendant Collier Metals LLC*

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308-3243
Telephone:  (404) 614-7400
Facsimile:  (855) 889-4588
E-mail:  canderson@hpylaw.com

- 2 -

31487066v1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DOMINGA CHE CHE, as the Surviving Parent of RONY ROLANDO CUZ CHE, Deceased;** ) ) ) ) | |
| **Plaintiff,** ) ) | **CIVIL ACTION FILE NO. _____** |
| v. ) ) ) | |
| **COLLIER METALS LLC; and JOHN DOE CORPORATIONS A-Z;** ) ) ) | |
| **Defendants.** ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing **NOTICE OF REMOVAL** on all parties to this action by electronic service and/or by placing a copy of the same in the United States Mail with sufficient postage thereon to ensure delivery to the following addressee(s):

Jeffrey R. Harris, Esq.
Yvonne S. Godfrey, Esq.
Jasper Abbott, Esq.
HARRIS LOWRY MANTON LLP
1418 Dresden Drive NE, Unit 250
Brookhaven, GA 30319
jeff@hlmlawfirm.com
yvonne@hlmlawfirm.com
jabbott@hlmlawfirm.com

- 1 -

31487066v1

Rebecca Franklin Harris, Esq.
FRANKLIN LAW LLC
2250 E. Victory Drive, Suite 102
Savannah, GA 31404
rebecca@franklinlawllc.com

Daniel Werner, Esq.
RADFORD & KEEBAUGH, LLC
315 W. Ponce de Leon Ave., #1080
Decatur, GA 30030
dan@decaturlegal.com

This 19th day of May, 2023.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Carl H. Anderson, Jr.*
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Defendant Collier Metals LLC*

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308-3243
Telephone:   (404) 614-7400
Facsimile:   (855) 889-4588
E-mail:       canderson@hpylaw.com

31487066v1