Case 1:23-mi-99999-UNA   Document 1642-2   Filed 05/19/23   Page 1 of 13

**E-FILED**
23EV000167
1/9/2023 5:01 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DOMINGA CHE CHE, as the Surviving Parent of RONY ROLANDO CUZ CHE, Deceased;<br><br>Plaintiffs,<br><br>vs.<br><br>COLLIER METALS LLC; and JOHN DOE CORPORATIONS A-Z;<br><br>Defendants. | CIVIL ACTION No.<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR WRONGFUL DEATH

Plaintiff, Dominga Che Che, as the Surviving Parent of Rony Rolando Cuz Che, Deceased, by and through the undersigned counsel, against the above-named Defendant, showing this Honorable Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

On April 13, 2022, Rony Rolando Cuz Che ("Rony") died intestate. He was a resident of Clayton County, Georgia.

2.

Plaintiff Dominga Che Che ("Plaintiff") brings this action for wrongful death as the sole surviving parent of Rony pursuant to O.C.G.A. § 19-7-1. Plaintiff is a citizen of Guatemala and voluntarily submits to the jurisdiction and venue of this Court.

3.

Plaintiff anticipates setting up Rony's estate in Clayton County, Georgia and will amend this Complaint once the appropriate paperwork has been filed.

4.

Defendant Collier Metals LLC ("Defendant Collier") is a company that focuses on coil metal processing and transloading services in Atlanta, Fulton County, Georgia, with a principal place of business in Fulton County, Georgia.

5.

Defendant Collier is authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Service can be made on Defendant Collier by serving its Registered Agent, Edward R. Collier, at 177 S. Main Street, Dawson, Terrell County, Georgia, 39842.

6.

Defendant John Doe Corporations A-Z are corporate entities that have not yet been identified by Plaintiff or her counsel despite a reasonable and diligent investigation that may have been involved in the maintenance, inspection, and/or design of the metal processing machinery at Defendant Collier's place of business. If and when those entities are identified through the discovery process, Plaintiff will amend her Complaint accordingly.

7.

Jurisdiction and venue are proper, pursuant to O.C.G.A. §§ 9-10-93 and 14-2-510, as Defendant Collier has its principal place of business and office address in Fulton County, and this cause of action for wrongful death originated in Fulton County, where the death occurred.

## **OPERATIVE FACTS**

8.

Defendant Collier is a coil metal processing facility located at 793 Windsor Street, SW, Atlanta, Fulton County, Georgia, 30315 ("the Subject Premises").

9.

Defendant Collier owned, controlled, occupied, operated, inspected, and/or managed the Subject Premises and the machinery and equipment used for coil metal processing on the Subject Premises.

10.

The subject metal recoiler referenced herein was owned by Defendant Collier and used for the purpose of re-coiling strips of metal onto large spools.

11.

At all relevant times, Defendant Collier contracted with 3A Staffing Specialists LLC to perform certain tasks on the Subject Premises, including coil metal processing.

12.

Upon information and belief, Plaintiff's decedent, Rony, was employed and/or retained by 3A Staffing Specialists LLC.

13.

Upon information and belief, Rony was under the control and direction of 3A Staffing Specialists LLC while at the Subject Premises and on the date of the subject incident.

14.

Alternatively, upon information and belief, Rony was working as an independent contractor while at the Subject Premises and on the date of the subject incident.

15.

On April 13, 2022, Rony was operating a metal recoiler on the Subject Premises.

16.

A metal recoiler is used to wind slit strips of metal, like that used for metal siding, onto a large spool-shaped device.

17.

Upon information and belief, on April 13, 2022, the metal recoiler drum and the metal strips being coiled by the machine entangled Rony and pulled him into the machine, killing him.

## COUNT ONE: NEGLIGENCE OF DEFENDANT COLLIER

18.

All preceding paragraphs are incorporated as if fully set forth herein.

19.

Defendant Collier owed a duty of ordinary care to Plaintiff's decedent, Rony.

20.

Defendant Collier breached its duty to Rony by:

    a.    failing to establish policies and procedures to address the dangers associated with its metal recoiler, about which it knew or should have known;

    b.    failing to provide necessary safety and operational training for the equipment Rony was working with and around;

    c.    allowing inexperienced workers to work around moving, dangerous equipment;

    d.    failing to enforce safety rules regarding working around moving equipment;

  e.  failing to provide guarding or barriers to protect workers from the dangers presented by moving equipment

21.

Defendant Collier's acts of negligence proximately caused Rony's pain and suffering and death.

22.

Defendant Collier's actions illustrated willful misconduct, malice, fraud, wantonness, oppression, specific intent to harm, and/or that entire want of care which would raise the presumption of conscious indifference to the consequences, warranting punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT TWO: PREMISES LIABILITY OF DEFENDANT COLLIER

23.

All preceding paragraphs are incorporated as if fully set forth herein.

24.

As the entity controlling and in possession of the Subject Premises and of the subject metal recoiler, Defendant Collier had a non-delegable duty pursuant to O.C.G.A. § 51-3-1 to exercise ordinary care in keeping the Subject Premises and the machinery thereon safe.

25.

The metal recoiler created a dangerous condition about which Defendant Collier knew or should have known.

26.

Defendant Collier failed to correct and/or warn Rony of the dangerous condition associated with the Subject Premises and the metal recoiler.

27.

Accordingly, Defendant Collier breached its duties to Rony.

28.

Defendant Collier's breach of its duties proximately caused Rony's pain and suffering and death.

29.

Defendant Collier's failure to correct and/or warn Rony of the dangerous condition on the Subject Premises illustrated willful misconduct, malice, fraud, wantonness, oppression, specific intent to harm, and/or that entire want of care which would raise the presumption of conscious indifference to the consequences, warranting punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT THREE: NEGLIGENT SERVICE, MAINTENANCE, AND FAILURE TO WARN BY DEFENDANT COLLIER

30.

All preceding paragraphs are incorporated as if fully set forth herein.

31.

As the owner of the subject metal recoiler, Defendant Collier knew or should have known that the subject metal recoiler was defective and not fit for its ordinary use because of its lack of guarding against the danger posed to the operator of the machine.

32.

Defendant Collier failed to warn and remedy this defective, dangerous condition to the detriment of Rony and other operators of the subject metal recoiler.

33.

Defendant Collier knew that injury or death would occur as a result of the lack of guarding against the danger, but it failed to ensure that the subject metal recoiler was properly installed, safe, and guarded.

34.

Defendant Collier failed to properly service, maintain, and guard the subject metal recoiler for operation by the individuals working in the area, including Rony, proximately causing the pain and suffering and death of Rony.

35.

Defendant Collier's failure to properly warn, service, and maintain with respect to the unreasonably dangerous condition of the subject metal recoiler illustrated willful misconduct, malice, fraud, wantonness, oppression, specific intent to harm, and/or that entire want of care which would raise the presumption of conscious indifference to the consequences, warranting punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT FOUR: NEGLIGENT SERVICE, MAINTENANCE, AND FAILURE TO WARN BY DEFENDANT JOHN DOE CORPORATION A-M

36.

All preceding paragraphs are incorporated as if fully set forth herein.

37.

Upon information and belief, Defendant Collier may have used an independent entity to maintain and inspect the subject metal recoiler. This entity has not yet been identified by

Plaintiff or her counsel despite reasonable investigation and is referred to herein as John Doe Corporation A-M.

38.

John Doe Corporation A-M, through its agent and/or employees, knew or should have known that the subject metal recoiler was defective and not fit for its ordinary use because of its lack of guarding against the danger posed to the operator of the machine.

39.

Defendant John Doe Corporation A-M failed to warn and remedy this defective, dangerous condition to the detriment of Rony and other operators of the subject metal recoiler.

40.

Defendant John Doe Corporation A-M knew that injury or death would occur as a result of the lack of guarding against the danger, but it failed to ensure that the subject metal recoiler was properly installed, safe, and guarded.

41.

Defendant John Doe Corporation A-M failed to properly service, maintain, and guard the subject metal recoiler for operation by the individuals working in the area, including Rony, proximately causing the pain and suffering and death of Rony.

42.

Defendant John Doe Corporation A-M's failure to properly warn, service, and maintain with respect to the unreasonably dangerous condition of the subject metal recoiler illustrated willful misconduct, malice, fraud, wantonness, oppression, specific intent to harm, and/or that entire want of care which would raise the presumption of conscious indifference to the consequences, warranting punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT FIVE: STRICT LIABILITY, NEGLIGENT DESIGN AND MANUFACTURE, AND FAILURE TO WARN BY DEFENDANT JOHN DOE CORPORATION N-Z

43.

All preceding paragraphs are incorporated as if fully set forth herein.

44.

Upon information and belief, Defendant John Corporation Defendant N-Z were engaged in the business of developing, designing, manufacturing, selling, and distributing metal processing machinery, including the subject metal recoiler, with the intent that the machinery would be sold and used within and outside the state of Georgia.

45.

This entity/entities has not yet been identified by Plaintiff or her counsel despite reasonable investigation and is referred to herein as John Doe Corporation N-Z.

46.

John Doe Corporation N-Z is responsible for placing the subject metal recoiler into the stream of commerce.

47.

Rony was a foreseeable user/operator of the subject metal recoiler, which was being operated in the intended way for its intended purpose at the time pertinent to the events alleged herein.

48.

Defendant John Doe Corporation N-Z is strictly liable to Plaintiff because the subject metal recoiler, at the time it was designed and sold, was (1) unfit for its intended and foreseeable use; (2) defective; and (3) unreasonable dangers to the user because it did not confer a reasonable degree of protection from injury.

49.

Defendant John Doe Corporation N-Z is also strictly liable to Plaintiff because it failed to warn or failed to adequately warn the end user, including Rony, that the subject metal recoiler was defective and/or dangerous.

50.

At all material times, Defendant John Doe Corporation N-Z owed a duty to exercise reasonable care in developing, designing, manufacturing, marketing, distributing, selling, and otherwise placing into the stream of commerce the subject metal recoiler.

51.

Defendant John Doe Corporation N-Z breached its duty of care by designing and/or manufacturing an unreasonably dangerous metal recoiler which did not confer a reasonable degree of protection to the user from entanglement and serious injury or death.

52.

Additionally, Defendant John Doe Corporation N-Z knew or should have known that under foreseeable conditions the metal recoiler did not confer a reasonable degree of protection to the end user or users from the risk of entanglement and serious injury or death.

53.

Defendant John Doe Corporation N-Z had a continuing duty to warn the public of the dangers associated with the design, manufacture, use, and operation of the subject metal recoiler.

54.

Prior to the subject incident, John Doe Corporation N-Z was aware, or should have been aware, of the dangerous and defective condition of the subject metal recoiler but failed to warn.

55.

As a direct and proximate result of John Doe Corporation N-Z's strict liability and negligence, Rony suffered serious injury, pain and suffering, and death, and the damages described herein.

56.

Defendant John Doe Corporation N-Z's strict liability, negligent design and manufacture, and failure to properly warn with respect to the unreasonably dangerous condition of the subject metal recoiler illustrated willful misconduct, malice, fraud, wantonness, oppression, specific intent to harm, and/or that entire want of care which would raise the presumption of conscious indifference to the consequences, warranting punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## **DAMAGES**

57.

All preceding paragraphs are incorporated as if fully set forth herein.

58.

Plaintiff, as the sole surviving parent, claims general and special damages for all elements of the wrongful death of her son Rony Rolando Cuz Che, the measure of which is the full value of his life.

59.

Plaintiff anticipates setting up Rony's estate in Clayton County and will amend this Complaint when she does so to claim all compensatory, special, economic, general, punitive and all other damages available to the Estate of Rony Rolando Cuz Che as permissible under Georgia law, including but not limited to:

   a) Funeral and burial expenses;

b) Pre-death Pain and Suffering;

c) Mental anguish, freight, shock, terror; and

d) Punitive damages pursuant to O.C.G.A. § 51.12.5.1.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a) That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

b) That Plaintiff has a trial by jury;

c) That Plaintiff recovers all damages under Georgia law as set forth above; and

d) For such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 9th day of January, 2023.

**HARRIS LOWRY MANTON LLP**

*/s/ Jeffrey Harris*
JEFFREY R. HARRIS
Georgia Bar No. 330315
jeff@hlmlawfirm.com
YVONNE S. GODFREY
Georgia Bar No. 318567
yvonne@hlmlawfirm.com
JASPER ABBOTT
Georgia Bar No. 946168
jabbott@hlmlawfirm.com

1418 Dresden Drive NE
Unit 250
Brookhaven, GA 30319
Telephone: (404) 961-7650
Facsimile: (404) 961-7651

**FRANKLIN LAW LLC**

REBECCA FRANKLIN HARRIS
Georgia Bar No. 141350
rebecca@franklinlawllc.com

2250 E. Victory Drive
Suite 102
Savannah, Georgia 31404
Telephone: (912) 335-3305
Facsimile: (404) 969-4503

                                **RADFORD & KEEBAUGH, LLC**

                                DANIEL WERNER
                                Georgia Bar No. 422070
                                dan@decaturlegal.com

315 W Ponce de Leon Ave #1080
Decatur, Georgia 30030
Telephone: (678) 271-0300                ***Attorneys for Plaintiff***