State Court of Fulton County
**E-FILED**
23EV000167
1/9/2023 5:01 PM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☐ State Court of _____ County

| For Clerk Use Only |
| --- |
| Date Filed _____        Case Number _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**                                    **Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____        **Bar Number** _____        **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                        **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

**E-FILED**
23EV000167
1/9/2023 5:01 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

DOMINGA CHE CHE, as the Surviving )
Parent of RONY ROLANDO CUZ CHE, )
Deceased; )
                               )
       Plaintiffs, )
                               )
vs. )
                               )
COLLIER METALS LLC; and JOHN DOE )
CORPORATIONS A-Z; )
                               )
       Defendants. )

CIVIL ACTION No.

_____

**JURY TRIAL
DEMANDED**

## COMPLAINT FOR WRONGFUL DEATH

Plaintiff, Dominga Che Che, as the Surviving Parent of Rony Rolando Cuz Che,

Deceased, by and through the undersigned counsel, against the above-named Defendant,

showing this Honorable Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

On April 13, 2022, Rony Rolando Cuz Che ("Rony") died intestate. He was a resident of

Clayton County, Georgia.

2.

Plaintiff Dominga Che Che ("Plaintiff") brings this action for wrongful death as the sole

surviving parent of Rony pursuant to O.C.G.A. § 19-7-1. Plaintiff is a citizen of Guatemala and

voluntarily submits to the jurisdiction and venue of this Court.

3.

Plaintiff anticipates setting up Rony's estate in Clayton County, Georgia and will amend

this Complaint once the appropriate paperwork has been filed.

4.

Defendant Collier Metals LLC ("Defendant Collier") is a company that focuses on coil metal processing and transloading services in Atlanta, Fulton County, Georgia, with a principal place of business in Fulton County, Georgia.

5.

Defendant Collier is authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Service can be made on Defendant Collier by serving its Registered Agent, Edward R. Collier, at 177 S. Main Street, Dawson, Terrell County, Georgia, 39842.

6.

Defendant John Doe Corporations A-Z are corporate entities that have not yet been identified by Plaintiff or her counsel despite a reasonable and diligent investigation that may have been involved in the maintenance, inspection, and/or design of the metal processing machinery at Defendant Collier's place of business. If and when those entities are identified through the discovery process, Plaintiff will amend her Complaint accordingly.

7.

Jurisdiction and venue are proper, pursuant to O.C.G.A. §§ 9-10-93 and 14-2-510, as Defendant Collier has its principal place of business and office address in Fulton County, and this cause of action for wrongful death originated in Fulton County, where the death occurred.

## OPERATIVE FACTS

8.

Defendant Collier is a coil metal processing facility located at 793 Windsor Street, SW, Atlanta, Fulton County, Georgia, 30315 ("the Subject Premises").

9.

Defendant Collier owned, controlled, occupied, operated, inspected, and/or managed the Subject Premises and the machinery and equipment used for coil metal processing on the Subject Premises.

10.

The subject metal recoiler referenced herein was owned by Defendant Collier and used for the purpose of re-coiling strips of metal onto large spools.

11.

At all relevant times, Defendant Collier contracted with 3A Staffing Specialists LLC to perform certain tasks on the Subject Premises, including coil metal processing.

12.

Upon information and belief, Plaintiff's decedent, Rony, was employed and/or retained by 3A Staffing Specialists LLC.

13.

Upon information and belief, Rony was under the control and direction of 3A Staffing Specialists LLC while at the Subject Premises and on the date of the subject incident.

14.

Alternatively, upon information and belief, Rony was working as an independent contractor while at the Subject Premises and on the date of the subject incident.

15.

On April 13, 2022, Rony was operating a metal recoiler on the Subject Premises.

16.

A metal recoiler is used to wind slit strips of metal, like that used for metal siding, onto a large spool-shaped device.

17.

Upon information and belief, on April 13, 2022, the metal recoiler drum and the metal strips being coiled by the machine entangled Rony and pulled him into the machine, killing him.

## COUNT ONE: NEGLIGENCE OF DEFENDANT COLLIER

18.

All preceding paragraphs are incorporated as if fully set forth herein.

19.

Defendant Collier owed a duty of ordinary care to Plaintiff's decedent, Rony.

20.

Defendant Collier breached its duty to Rony by:

a.     failing to establish policies and procedures to address the dangers associated with its metal recoiler, about which it knew or should have known;

b.     failing to provide necessary safety and operational training for the equipment Rony was working with and around;

c.     allowing inexperienced workers to work around moving, dangerous equipment;

d.     failing to enforce safety rules regarding working around moving equipment;

4

e.      failing to provide guarding or barriers to protect workers from the dangers

presented by moving equipment

21.

Defendant Collier's acts of negligence proximately caused Rony's pain and suffering and

death.

22.

Defendant Collier's actions illustrated willful misconduct, malice, fraud, wantonness,

oppression, specific intent to harm, and/or that entire want of care which would raise the

presumption of conscious indifference to the consequences, warranting punitive damages

pursuant to O.C.G.A. § 51-12-5.1.

## COUNT TWO: PREMISES LIABILITY OF DEFENDANT COLLIER

23.

All preceding paragraphs are incorporated as if fully set forth herein.

24.

As the entity controlling and in possession of the Subject Premises and of the subject

metal recoiler, Defendant Collier had a non-delegable duty pursuant to O.C.G.A. § 51-3-1 to

exercise ordinary care in keeping the Subject Premises and the machinery thereon safe.

25.

The metal recoiler created a dangerous condition about which Defendant Collier knew or

should have known.

26.

Defendant Collier failed to correct and/or warn Rony of the dangerous condition associated with the Subject Premises and the metal recoiler.

27.

Accordingly, Defendant Collier breached its duties to Rony.

28.

Defendant Collier's breach of its duties proximately caused Rony's pain and suffering and death.

29.

Defendant Collier's failure to correct and/or warn Rony of the dangerous condition on the Subject Premises illustrated willful misconduct, malice, fraud, wantonness, oppression, specific intent to harm, and/or that entire want of care which would raise the presumption of conscious indifference to the consequences, warranting punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT THREE: NEGLIGENT SERVICE, MAINTENANCE, AND FAILURE TO WARN BY DEFENDANT COLLIER

30.

All preceding paragraphs are incorporated as if fully set forth herein.

31.

As the owner of the subject metal recoiler, Defendant Collier knew or should have known that the subject metal recoiler was defective and not fit for its ordinary use because of its lack of guarding against the danger posed to the operator of the machine.

32.

Defendant Collier failed to warn and remedy this defective, dangerous condition to the detriment of Rony and other operators of the subject metal recoiler.

33.

Defendant Collier knew that injury or death would occur as a result of the lack of guarding against the danger, but it failed to ensure that the subject metal recoiler was properly installed, safe, and guarded.

34.

Defendant Collier failed to properly service, maintain, and guard the subject metal recoiler for operation by the individuals working in the area, including Rony, proximately causing the pain and suffering and death of Rony.

35.

Defendant Collier's failure to properly warn, service, and maintain with respect to the unreasonably dangerous condition of the subject metal recoiler illustrated willful misconduct, malice, fraud, wantonness, oppression, specific intent to harm, and/or that entire want of care which would raise the presumption of conscious indifference to the consequences, warranting punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT FOUR: NEGLIGENT SERVICE, MAINTENANCE, AND FAILURE TO WARN BY DEFENDANT JOHN DOE CORPORATION A-M

36.

All preceding paragraphs are incorporated as if fully set forth herein.

37.

Upon information and belief, Defendant Collier may have used an independent entity to maintain and inspect the subject metal recoiler. This entity has not yet been identified by

Plaintiff or her counsel despite reasonable investigation and is referred to herein as John Doe

Corporation A-M.

38.

John Doe Corporation A-M, through its agent and/or employees, knew or should have

known that the subject metal recoiler was defective and not fit for its ordinary use because of its

lack of guarding against the danger posed to the operator of the machine.

39.

Defendant John Doe Corporation A-M failed to warn and remedy this defective,

dangerous condition to the detriment of Rony and other operators of the subject metal recoiler.

40.

Defendant John Doe Corporation A-M knew that injury or death would occur as a result

of the lack of guarding against the danger, but it failed to ensure that the subject metal recoiler

was properly installed, safe, and guarded.

41.

Defendant John Doe Corporation A-M failed to properly service, maintain, and guard the

subject metal recoiler for operation by the individuals working in the area, including Rony,

proximately causing the pain and suffering and death of Rony.

42.

Defendant John Doe Corporation A-M's failure to properly warn, service, and maintain

with respect to the unreasonably dangerous condition of the subject metal recoiler illustrated

willful misconduct, malice, fraud, wantonness, oppression, specific intent to harm, and/or that

entire want of care which would raise the presumption of conscious indifference to the

consequences, warranting punitive damages pursuant to O.C.G.A. § 51-12-5.1.

8

## COUNT FIVE: STRICT LIABILITY, NEGLIGENT DESIGN AND MANUFACTURE, AND FAILURE TO WARN BY DEFENDANT JOHN DOE CORPORATION N-Z

43.

All preceding paragraphs are incorporated as if fully set forth herein.

44.

Upon information and belief, Defendant John Corporation Defendant N-Z were engaged in the business of developing, designing, manufacturing, selling, and distributing metal processing machinery, including the subject metal recoiler, with the intent that the machinery would be sold and used within and outside the state of Georgia.

45.

This entity/entities has not yet been identified by Plaintiff or her counsel despite reasonable investigation and is referred to herein as John Doe Corporation N-Z.

46.

John Doe Corporation N-Z is responsible for placing the subject metal recoiler into the stream of commerce.

47.

Rony was a foreseeable user/operator of the subject metal recoiler, which was being operated in the intended way for its intended purpose at the time pertinent to the events alleged herein.

48.

Defendant John Doe Corporation N-Z is strictly liable to Plaintiff because the subject metal recoiler, at the time it was designed and sold, was (1) unfit for its intended and foreseeable use; (2) defective; and (3) unreasonable dangers to the user because it did not confer a reasonable degree of protection from injury.

9

49.

Defendant John Doe Corporation N-Z is also strictly liable to Plaintiff because it failed to warn or failed to adequately warn the end user, including Rony, that the subject metal recoiler was defective and/or dangerous.

50.

At all material times, Defendant John Doe Corporation N-Z owed a duty to exercise reasonable care in developing, designing, manufacturing, marketing, distributing, selling, and otherwise placing into the stream of commerce the subject metal recoiler.

51.

Defendant John Doe Corporation N-Z breached its duty of care by designing and/or manufacturing an unreasonably dangerous metal recoiler which did not confer a reasonable degree of protection to the user from entanglement and serious injury or death.

52.

Additionally, Defendant John Doe Corporation N-Z knew or should have known that under foreseeable conditions the metal recoiler did not confer a reasonable degree of protection to the end user or users from the risk of entanglement and serious injury or death.

53.

Defendant John Doe Corporation N-Z had a continuing duty to warn the public of the dangers associated with the design, manufacture, use, and operation of the subject metal recoiler.

54.

Prior to the subject incident, John Doe Corporation N-Z was aware, or should have been aware, of the dangerous and defective condition of the subject metal recoiler but failed to warn.

55.

As a direct and proximate result of John Doe Corporation N-Z's strict liability and negligence, Rony suffered serious injury, pain and suffering, and death, and the damages described herein.

56.

Defendant John Doe Corporation N-Z's strict liability, negligent design and manufacture, and failure to properly warn with respect to the unreasonably dangerous condition of the subject metal recoiler illustrated willful misconduct, malice, fraud, wantonness, oppression, specific intent to harm, and/or that entire want of care which would raise the presumption of conscious indifference to the consequences, warranting punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## DAMAGES

57.

All preceding paragraphs are incorporated as if fully set forth herein.

58.

Plaintiff, as the sole surviving parent, claims general and special damages for all elements of the wrongful death of her son Rony Rolando Cuz Che, the measure of which is the full value of his life.

59.

Plaintiff anticipates setting up Rony's estate in Clayton County and will amend this Complaint when she does so to claim all compensatory, special, economic, general, punitive and all other damages available to the Estate of Rony Rolando Cuz Che as permissible under Georgia law, including but not limited to:

   a)   Funeral and burial expenses;

b) Pre-death Pain and Suffering;

c) Mental anguish, freight, shock, terror; and

d) Punitive damages pursuant to O.C.G.A. § 51.12.5.1.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a) That summons issue requiring Defendants to appear as provided by law to answer

this Complaint;

b) That Plaintiff has a trial by jury;

c) That Plaintiff recovers all damages under Georgia law as set forth above; and

d) For such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 9th  day of January, 2023.

**HARRIS LOWRY MANTON LLP**

*/s/ Jeffrey Harris*
JEFFREY R. HARRIS
Georgia Bar No. 330315
jeff@hlmlawfirm.com
YVONNE S. GODFREY
Georgia Bar No. 318567
yvonne@hlmlawfirm.com
JASPER ABBOTT
Georgia Bar No. 946168
jabbott@hlmlawfirm.com

1418 Dresden Drive NE
Unit 250
Brookhaven, GA 30319
Telephone: (404) 961-7650
Facsimile: (404) 961-7651

**FRANKLIN LAW LLC**

REBECCA FRANKLIN HARRIS
Georgia Bar No. 141350
rebecca@franklinlawllc.com

2250 E. Victory Drive
Suite 102
Savannah, Georgia 31404
Telephone: (912) 335-3305
Facsimile: (404) 969-4503

**RADFORD & KEEBAUGH, LLC**

DANIEL WERNER
Georgia Bar No. 422070
dan@decaturlegal.com

315 W Ponce de Leon Ave #1080
Decatur, Georgia 30030
Telephone: (678) 271-0300

*Attorneys for Plaintiff*

State Court of Fulton County
**E-FILED**
23EV000167
1/9/2023 5:01 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DOMINGA CHE CHE, as the Surviving Parent of RONY ROLANDO CUZ CHE, Deceased; | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION No. |
| vs. | ) ) | _____ |
| COLLIER METALS LLC; and JOHN DOE CORPORATIONS A-Z; | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COLLIER METALS LLC

Plaintiff, Dominga Che Che, as the Surviving Parent of Rony Rolando Cuz Che, Deceased, by and through the undersigned counsel, sends these First Requests for Production of Documents to Defendant Collier Metals LLC pursuant to O.C.G.A. § 9-11-34 and requests that Defendant serve written responses within 45 days of service or at any other time, date, and location agreed to by counsel for Defendant and undersigned counsel. These requests shall be deemed continuing and must be supplemented by Defendant to the extent required by the Civil Practice Act.

These requests are addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

## DEFINITIONS

**"You," "Your,"** and/or **"Collier"** is defined as Collier Metals LLC and all subsidiaries, parent companies, related entities and/or divisions, and agents/employees.

1

**"Subject Incident"** refers to the events made the basis of Plaintiff's Complaint which was the death of Rony Cuz Che which occurred on April 13, 2022.

**"Subject Metal Recoiler"** is defined as the metal recoiler owned, leased, and/or installed on Collier's premises which was involved in Subject Incident.

## PRIVILEGE CLAIMS

If work-product protection or attorney-client privilege is claimed as to any document or any information responsive to these requests, Plaintiff requests that the information or document(s) to which a privilege is claimed be identified with such particularity and in such a manner that the Court, and not defense counsel unilaterally, may determine whether the document or information is indeed entitled to privileged status. *SEE* U.S.C.R. 5.5. Be on notice that if you claim a privilege, you bear the burden of proving that specific matters are indeed subject to privilege or protection. *Gen. Motors Corp. v. Conkle*, 226 Ga. App. 34, 46 (1997). To support a claim of privilege, for each responsive document to which a privilege is claimed, Plaintiff requests that Defendant provide a privilege log setting forth a general description of the document, the author of the document, the recipients of the document (including "cc's"), the date the document was prepared, and the privilege claimed. Absent a timely and complete privilege log that supports the claims of privilege and can be ruled upon by the Court, any such claims of privilege shall be deemed untimely under Georgia law. *In re E.I. DuPont De Nemours & Co. Benlate Litig.*, 99 F.3d 363, 371 (11th Cir. 1996).

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Please produced true and accurate copies of the following:

1.

All documents related to the Subject Metal Recoiler including but not limited to all documents related to the following: (1) documents identifying the designer and/or manufacturer of the Subject Metal Recoiler; (2) order, purchase, sale, and/or lease agreements; (3) maintenance and/or repair records; (4) operating instructions, owner's manuals, operation logs, damage reports, incident reports, inspection records, citations, recall notices, service bulletins, and manuals; and (5) photos or videos depicting the subject Metal Recoiler.

2.

All documents related to the subject incident and received through open records request, subpoena, and/or requests for production of documents to non-parties in this litigation.

3.

All documents, including pictures, videos, text messages, emails, voicemails, or other communications sent to the Occupational Safety and Health Administration ("OSHA") or its officers, or received by you from OSHA or its officers in connection with the subject incident.

4.

All written or recorded witness statements concerning the Subject Incident.

5.

All audio, photo, and video depictions taken of the subject metal recoiler, the location of the subject incident, and/or Plaintiff's decedent on the day of the Subject Incident.

6.

All documents reflecting your written or recorded company rules, regulations, and/or policies pertaining to the operation or working in the area of the subject metal recoiler in effect on the day of the Subject Incident.

7.

All documents reflecting the training given to Plaintiff's decedent, Rony Cuz Che, during the time he worked at Collier.

8.

The complete file, reflecting any selection, training, hiring, or retention paperwork for Plaintiff's decedent, Rony Cuz Che.

9.

Any documents between you and 3A Staffing Specialist LLC which you contend apply and were in effect for the selection, training, hiring, or retention of Plaintiff's decedent, Rony Cuz Che.

10.

Any documents between you and the owner of the premises where the Subject Location occurred regarding ownership, control, and maintenance of those premises and any buildings or machinery on the premises.

11.

All documents upon which you base the denials and defenses asserted in your Answer to Plaintiff's Complaint.

12.

All policies of insurance which provide or may provide coverage or benefits with respect to the subject incident.

This 9th day of January, 2023.

**HARRIS LOWRY MANTON LLP**

*/s/ Jeffrey Harris*
JEFFREY R. HARRIS
Georgia Bar No. 330315
jeff@hlmlawfirm.com
YVONNE S. GODFREY
Georgia Bar No. 318567
yvonne@hlmlawfirm.com
JASPER ABBOTT
Georgia Bar No. 946168
jabbott@hlmlawfirm.com

1418 Dresden Drive NE
Unit 250
Brookhaven, GA 30319
Telephone: (404) 961-7650
Facsimile: (404) 961-7651

**FRANKLIN LAW LLC**

REBECCA FRANKLIN HARRIS
Georgia Bar No. 141350
rebecca@franklinlawllc.com

2250 E. Victory Drive
Suite 102
Savannah, Georgia 31404
Telephone: (912) 335-3305
Facsimile: (404) 969-4503

**RADFORD & KEEBAUGH, LLC**

DANIEL WERNER
Georgia Bar No. 422070
dan@decaturlegal.com

315 W Ponce de Leon Ave #1080
Decatur, Georgia 30030
Telephone: (678) 271-0300

*Attorneys for Plaintiff*

5

GEORGIA, FULTON COUNTY

**E-FILED**
23EV000167
1/9/2023 5:01 PM
Donald Talley, Clerk
Civil Division

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

Dominga Che Che, as the Surviving
_____

Parent of Rony Rolando Cuz Che, Deceased
_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Collier Metals LLC; and John Doe
_____

Corporations A-Z
_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Jeffrey R. Harris, Esq.
_____

Address: 1418 Dresden Dr. NE, Unit 250
_____

City, State, Zip Code: Brookhaven, GA 30319 _____   Phone No.: (404) 961-7650

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV000167
1/19/2023 4:49 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DOMINGA CHE CHE, as the Surviving Parent of RONY ROLANDO CUZ CHE, Deceased; | ) ) ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION No. |
| | ) | |
| vs. | ) | 23EV000167 |
| | ) | |
| COLLIER METALS LLC; and JOHN DOE CORPORATIONS A-Z; | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The foregoing Motion for Appointment of Kathy King to Serve Process having been read and considered, and it appearing to the Court that sufficient grounds exist for the granting thereof,

**IT IS HEREBY ORDERED** that Kathy King of King Business Group LLC, is hereby specially appointed by the Court to serve process and that said agent is hereby authorized to personally serve Defendant Collier Metals LLC with a copy of the Complaint, Summons and Discovery Requests in this action.

This _____ day of _____, 2023.


_____
Judge John R. Mather, State Court of Fulton County

State Court of Fulton County
**E-FILED**
23EV000167
1/19/2023 4:49 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DOMINGA CHE CHE, as the Surviving Parent of RONY ROLANDO CUZ CHE, Deceased; | ) ) ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION No. |
| | ) | |
| vs. | ) | 23EV000167 |
| | ) | |
| COLLIER METALS LLC; and JOHN DOE CORPORATIONS A-Z; | ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## <u>MOTION FOR APPOINTMENT OF KATHY KING  TO SERVE PROCESS</u>

**COME NOW** Plaintiff and files this Motion pursuant to O.C.G.A. § 9-11-4 and moves the Court for an Order authorizing Kathy King of King Business Group LLC, as a citizen of the United States, to serve a copy of the Complaint, Summons and Discovery Requests in this case on Defendant Collier Metals LLC on the grounds that Kathy King is not registered as a process server in Fulton County State Court, as is more fully shown in the Affidavit attached hereto.

[Affidavit on following page]

AFFIDAVIT

Personally appeared before me, the undersigned officer, duly authorized to administer oaths, Jeffrey R. Harris, who, after first being dully sworn, states as follows:

1.

I, Jeffrey R. Harris, being over 18 years of age, am duly licensed to practice law in the state of Georgia.

2.

I am attorney of record in the action of *Dominga Che Che, as the Surviving Parent of Rony Rolando Cuz Che, Deceased v. Collier Metals LLC, et al.,* Fulton County State Court Civil Action Number 23EV000167 filed with the State Court of Fulton County.

3.

A Summons and Complaint in this action were filed with the Clerk of the State Court of Fulton County on January 9, 2023.

4.

Defendant Collier Metals LLC may be served with process through its registered agent, Edward R. Collier, at 177 S. Main Street, Dawson, Terrell County, Georgia, 39842.

5.

To ensure that due diligence is exercised in attempting to effectuate proper service of the Summons and Complaint upon Defendant Collier Metals LLC, Plaintiff wishes to retain Kathy King of King Business Group LLC, individual over the age of 18 years, to serve process upon said Defendant.

2

6.

I believe that Kathy King will be able to effectuate service upon Defendant Collier Metals

LLC in a timely manner, as prescribed by Georgia law.

This 19th day of January, 2023.

cu

_____
Jeffrey R. Harris

Sworn to and subscribe before me
This 19th day of January, 2023.

Notary Public
My commission expires 6/22/25

ALETHA SUMMERLIN
NOTARY
EXPIRES
**GEORGIA**
June 22, 2025
PUBLIC
COBB COUNTY

Respectfully submitted this 19th day of January, 2023.

**HARRIS LOWRY MANTON LLP**

*/s/ Jeffrey R. Harris*
JEFFREY R. HARRIS
Georgia Bar No. 330315
jeff@hlmlawfirm.com
YVONNE S. GODFREY
Georgia Bar No. 318567
yvonne@hlmlawfirm.com
JASPER ABBOTT
Georgia Bar No. 946168
jabbott@hlmlawfirm.com

1418 Dresden Drive NE
Unit 250
Brookhaven, GA 30319
Telephone: (404) 961-7650
Facsimile: (404) 961-7651

**FRANKLIN LAW LLC**

REBECCA FRANKLIN HARRIS
Georgia Bar No. 141350
rebecca@franklinlawllc.com

2250 E. Victory Drive
Suite 102
Savannah, Georgia 31404
Telephone: (912) 335-3305
Facsimile: (404) 969-4503

**RADFORD & KEEBAUGH, LLC**

DANIEL WERNER
Georgia Bar No. 422070
dan@decaturlegal.com

315 W Ponce de Leon Ave #1080
Decatur, Georgia 30030
Telephone: (678) 271-0300

***Attorneys for Plaintiff***

**E-FILED**
23EV000167
1/20/2023 1:15 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

DOMINGA CHE CHE, as the Surviving )
Parent of RONY ROLANDO CUZ CHE, )
Deceased; )
                                )
      Plaintiff, )            CIVIL ACTION No.
                                )
vs. )            23EV000167
                                )
COLLIER METALS LLC; and JOHN DOE )
CORPORATIONS A-Z; )      **GRANTED**
                                )
      Defendants. )

## ORDER

    The foregoing Motion for Appointment of Kathy King to Serve Process having been read and considered, and it appearing to the Court that sufficient grounds exist for the granting thereof,

    **IT IS HEREBY ORDERED** that Kathy King of King Business Group LLC, is hereby specially appointed by the Court to serve process and that said agent is hereby authorized to personally serve Defendant Collier Metals LLC with a copy of the Complaint, Summons and Discovery Requests in this action.

    This _____ day of ___1/20/2023___, 2023.

                            _____

                            Judge John R. Mather, State Court of Fulton County

1

**State Court of Fulton County**
**\*\*E-FILED\*\***
23EV000167
2/10/2023 5:44 PM
Donald Talley, Clerk
Civil Division



ATLANTA OFFICE
1418 Dresden Drive NE, Unit 250
Brookhaven, GA 30319
404.961.7650 PHONE
404.961.7651 FAX

SAVANNAH OFFICE
410 E. Broughton Street
Savannah, GA 31401
912.651.9967 PHONE
912.651.1276 FAX

To:           All Judges, Clerks of Court and Counsel of Record

From:       Jeffrey R. Harris Esq.

Re:          **Notice of Leave of Absence**

Date:        February 10, 2023

Comes now JEFFREY R. HARRIS and respectfully notifies all judges before whom he has cases pending, all affected clerks of the court and all opposing counsel that he will be on leave pursuant to Georgia Uniform Court Rule 16.

The periods of leave during which time Applicant will be away from practice of law are: **3/13/23 – 3/17/23 and 7/31/23 – 8/4/23.**

All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, then leave shall be granted.

Jeffrey R. Harris, Esq.
Georgia Bar No. 330315
HARRIS LOWRY MANTON LLP
410 E. Broughton Street
Savannah, Georgia 31401
jeff@hlmlawfirm.com

Respectfully submitted,

Jeffrey R. Harris

JRH/kp



## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing **Notice for Leave of Absence of Jeffrey R. Harris** upon all judges, clerks and opposing counsel listed on the attached Exhibit "A" by filing and serving same **electronically** through **Odyssey eFile GA, File & Serve Express and/or PeachCourt** which will email and serve said judges, clerks and counsel.

This 10th day of February, 2023.

HARRIS LOWRY MANTON LLP

_____

JEFFREY R. HARRIS
Georgia Bar No. 330315
jeff@hlmlawfirm.com

1418 Dresden Drive NE
Unit 250
Brookhaven, GA 30319
Telephone: (404)961-7650
Facsimile: (404) 961-7651



EXHIBIT "A"

| NAME OF CASE | CASE NUMBER | COURT | COUNTY | OPPOSING COUNSEL |
|---|---|---|---|---|
| Bass v. LYFT, et al. | 21-C-03257-S4 | State | Gwinnett | Jay M. O'Brien<br>jobrien@csvl.law<br>Jason R. Manton<br>jason@mantonlaw.com<br>Rebecca F. Harris<br>rebecca@franklinlawllc.com<br>Darrell L. Sutton<br>dls@sutton-law-group.com<br>mkg@sutton-law-group.com |
| Butts v. Norfolk Southern Railway Company, et al. | 21-SCCV-093039 | State | Bibb | Turner B. Williams<br>ateel@burr.com<br>twilliams@burr.com<br>J. Steven Stewart<br>stevestewart@hbgm.com<br>Walker S. Stewart<br>walkerstewart@hbgm.com<br>John A. Wilkerson<br>johnwilkerson@hbgm.com |
| Che v. Collier Metals, LLC, et al. | 23EV000167 | State | Fulton | No Answer on File At This Time |
| Cohen v. SMHA Healthcare, Inc., et al. | STCV1801613 | State | Chatham | Michael B. Terry<br>terry@bmelaw.com<br>Jason J. Carter<br>carter@bmelaw.com<br>Patrick C. Fagan<br>fagan@bmelaw.com<br>ramachandrappa@bmelaw.com<br>vincent@bmelaw.com<br>Shawn A. Kachmar<br>skachmar@huntermaclean.com<br>Bradley M. Harmon<br>bharmon@huntermaclean.com<br>Henry M. Perlowski<br>Henry.perlowski@agg.com<br>Chesley S. Mcleod<br>Chesley.mcleod@agg.com |
| Edenfield v. Hiscox, Inc., et al. | STSV2022000128 | State | Liberty | Philip W. Savrin<br>psavrin@fmglaw.com |



| NAME OF CASE | CASE NUMBER | COURT | COUNTY | OPPOSING COUNSEL |
|---|---|---|---|---|
| | | | | Lee D. Whatling<br>lwhatling@fmglaw.com<br>Paul L. Fields, Jr.<br>pfields@fieldshowell.com<br>Tyler Bryant Walker<br>twalker@fieldshowell.com<br>Sarah R. Salek<br>ssalek@fieldshowell.com |
| Edwards v. Hiscox, Inc., et al. | STSC2022000129 | State | Liberty | Philip W. Savrin<br>psavrin@fmglaw.com<br>Lee D. Whatling<br>lwhatling@fmglaw.com<br>Paul L. Fields, Jr.<br>pfields@fieldshowell.com<br>Tyler Bryant Walker<br>twalker@fieldshowell.com<br>Sarah R. Salek<br>ssalek@fieldshowell.com |
| Elliott, et al. v. St. Joseph's/Candler Health System, Inc. | STCV21-01665 | State | Chatham | Christopher A. Wiech<br>cwiech@bakerlaw.com<br>Chelsea M. Lamb<br>clamb@bakerlaw.com<br>Georgia J. Turner<br>gturner@bakerlaw.com<br>Steven E. Scheer<br>sscheer@smaclegal.com<br>David J. Worley<br>david@elawllc.com<br>James M. Evangelista<br>jim@elawllc.com<br>Kristi Stahnke McGregor<br>kristi@elawllc.com<br>Ben Barnow<br>b.barnow@barnowlaw.com<br>Anthony L. Parkhill<br>aparkhill@barnowlaw.com |
| Frayall, et al. v. Memorial Health University Medical Center, Inc., et al. | STCV15-01608-FO | State | Chatham | I. Gregory Hodges<br>ghodges@olivermaner.com<br>William J. Hunter<br>bhunter@olivermaner.com<br>George T. Major, Jr. |



| NAME OF CASE | CASE NUMBER | COURT | COUNTY | OPPOSING COUNSEL |
|---|---|---|---|---|
| | | | | gmajor@olivermaner.com<br>M. Scott Bailey<br>sbailey@huffpowellbailey.com<br>David L. Mize<br>dmize@huffpowellbailey.com<br>Jeffrey A. Peters<br>japeters@petersmonyak.com<br>Christopher W. Phillips<br>cphillips@huntermaclean.com<br>Kirby G. Mason<br>kmason@huntermaclean.com<br>Wiley A. Wasden, III<br>wwasden@brennanwasden.com |
| Goldsmith, et al. v. Young, et al. | STCV1700477 | State | Chatham | William J. Hunter<br>bhunter@olivermaner.com<br>I. Gregory Hodges<br>ghodges@olivermaner.com<br>George T. Major<br>gmajor@olivermaner.com<br>R. Jason D'Cruz<br>jdcruz@bakerlaw.com<br>Jeffrey R. Baxter<br>jbaxter@bakerlaw.com<br>Brittany Sykes<br>bsykes@bakerlaw.com<br>Billy N. Jones<br>bjones@jojlaw.com<br>David M. Burkoff<br>dburkoff@huntermaclean.com<br>Kirby G. Mason<br>kmason@huntermaclean.com<br>S. Wade Malone<br>wade.malone@nelsonmullins.com |
| Meridith v. Southeast Georgia Health System, Inc., et al. | CV20230030 | State | Glynn | N. Daniel Lovein<br>dlovein@hallboothsmith.com<br>Steven P. Bristol<br>sbristol@hallboothsmith.com<br>M. Scott Bailey<br>sbailey@huffpowellbailey.com<br>B. Nicole Smith<br>nsmith@huffpowellbailey.com<br>Theodore B. Eichelberger |



| NAME OF CASE | CASE NUMBER | COURT | COUNTY | OPPOSING COUNSEL |
|---|---|---|---|---|
| | | | | Ted.eichelberger@alson.com<br>Ava Goble Reeves<br>Ava.reeves@alston.com<br>Rebecca Franklin Harris<br>rebecca@franklinlawllc.com<br>John B. Manly<br>john@manlyshipley.com<br>James E. Shipley, Jr.<br>jim@manlyshipley.com |
| Moore v. Hiscox, Inc. | STSV202200001 30 | State | Liberty | Philip W. Savrin<br>psavrin@fmglaw.com<br>Lee D. Whatling<br>lwhatling@fmglaw.com<br>Paul L. Fields, Jr.<br>pfields@fieldshowell.com<br>Tyler Bryant Walker<br>twalker@fieldshowell.com<br>Sarah R. Salek<br>ssalek@fieldshowell.com |
| Serrano v. Gold Cross EMS, Inc. | ST22CV0150 | State | Athens-Clarke | Glenn S. Bass<br>gbass@srudderbass.com<br>Morgan B. Schroeder<br>mschroeder@scrudderbass.com |
| Stuckey v. Norfolk Southern Railway, Co. | 21EV000682 | State | Fulton | Mark E. Toth<br>marktoth@hbgm.com<br>Amanda M. Morris<br>amandamorris@hbgm.com<br>Rebecca Franklin Harris<br>rebecca@franklinlawllc.com<br>Andrew L. Hughes<br>info@dieselinjurylaw.com |
| Townsend, et al. v. Climatech Air Conditioning and Heating Service Company, Inc. | STCV22-02028 | State | Chatham | Adam L. Appel<br>aappel@darlawllc.com<br>Kim Ruder<br>keuder@darlawllc.com |
| Velazco, et al v. Leading Edga Aviation of Georgia, et al. | STSV20220019 47 | State | Henry | Alan Armstrong, Esq<br>alan@alanarmstronglaw.com<br>Edward C. Bresee, Jr., Esq.<br>mbresee@mfllaw.com |



| NAME OF CASE | CASE NUMBER | COURT | COUNTY | OPPOSING COUNSEL |
|---|---|---|---|---|
| | | | | Anne M. Landrum<br>alandrum@mfllaw.com |
| Wingo-Groza, et al. v. | STCV19-02159-CO | State | Chatham | Andrew M. Wilkes, Esq.<br>dwilkes@olivermaner.com<br>I. William Drought, III, Esq.<br>wdrought@olivermaner.com<br>Rebecca Franklin Harris<br>rebecca@franklinlawllc.com |

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV000167**
**3/2/2023 12:32 PM**
**Donald Talley, Clerk**
**Civil Division**

**AFFIDAVIT OF SERVICE**

| Case: | Court: | County: | Job: |
|---|---|---|---|
| | State Court of Fulton County | Fulton, GA | 8309709 (E. Collier RFD) |

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| Dominga Che Che, as the Surviving Parent of Rony Rolando Cuz Che, Deceased | Collier Metals, LLC and John Doe Corporations A-Z |

| Received by: | For: |
|---|---|
| King Business Group LLC | Harris Lowry Manton Law Firm |

| To be served upon: |
|---|
| Edward Collier, Registered Agent |

I, Kathy King, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Edward Collier, Registered Agent, Company: 177 S. Main St, Dawson, GA 39842

**Manner of Service:** Personal/Individual, Jan 31, 2023, 3:01 pm EST

**Documents:** Request for Production of Documents

**Additional Comments:**
1) Successful Attempt: Jan 31, 2023, 3:01 pm EST at Company: 177 S. Main St, Dawson, GA 39842 received by Edward Collier, Registered Agent. Age: 55; Ethnicity: Caucasian; Gender: Male; Weight: 225; Height: 6'0"; Hair: Red;
Personal service to Edward Collier.

Kathy King
057839040
Date 1/31/2023

King Business Group LLC
P. O. Box 1036
Camilla, GA 31730
2295000526

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public
Date 1/31/2023
Commission Expires 4/03/2026

ELTON GEORGE KING
NOTARY PUBLIC
MITCHELL COUNTY, GEORGIA
MY COMMISSION EXPIRES APRIL 03, 2026

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV000167**
**3/2/2023 12:32 PM**
**Donald Talley, Clerk**
**Civil Division**

## AFFIDAVIT OF SERVICE

| Case: | Court: | County: | Job: |
|---|---|---|---|
| | State Court of Fulton County | Fulton, GA | 8264212 (E. Collier) |

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| Dominga Che Che, as the Surviving Parent of Rony Rolando Cuz Che, Deceased | Collier Metals, LLC and John Doe Corporations A-Z |

| Received by: | For: |
|---|---|
| King Business Group LLC | Harris Lowry Manton Law Firm |

| To be served upon: |
|---|
| Edward Collier, Registered Agent |

I, Kathy King, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Edward Collier, Registered Agent, Company: 177 S. Main St, Dawson, GA 39842

**Manner of Service:**   Personal/Individual, Jan 24, 2023, 6:42 pm EST

**Documents:**   Order Appt. Process Server - GRANTED.pdf, Summons - Colllier Metals - FILED.pdf, Cuz Che - Complaint 1.9.23 - FILED.pdf

#### Additional Comments:

1) Successful Attempt: Jan 24, 2023, 6:42 pm EST at Company: 177 S. Main St, Dawson, GA 39842 received by Edward Collier, Registered Agent. Age: 52; Ethnicity: Caucasian; Gender: Male; Weight: 200; Height: 6'0"; Hair: Red;
Personal service to Edward Collier.

Kathy King
057839040
1/24/2023
Date

King Business Group LLC
P. O. Box 1036
Camilla, GA 31730
2295000526

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

1/24/2023
Date

4/03/2026
Commission Expires

GEORGE KING
MY COMMISSION EXPIRES
NOTARY
PUBLIC
APRIL 03, 2026
MITCHELL COUNTY, GEORGIA

State Court of Fulton County
**E-FILED**
23EV000167
4/3/2023 7:26 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

DOMINGA CHE CHE, as the Surviving )
Parent of RONY ROLANDO CUZ CHE, )
Deceased; )
         )
      Plaintiff, )
         )    **CIVIL ACTION**
v.                        )    **FILE NO. 23EV000167**
         )
COLLIER METALS LLC; and JOHN DOE )    **(Jury Trial Demanded)**
CORPORATIONS A-Z; )
         )
      Defendants. )
_____ )

## DEFENDANT COLLIER METALS LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR WRONGFUL DEATH

**COMES NOW COLLIER METALS LLC,** Defendant hereinabove ("Defendant"), by and through counsel, and, under O.C.G.A. §§ 9-11-8 and 9-11-12, and files this its Answer and Defenses to Plaintiff's Complaint for Wrongful Death ("Complaint"), and shows the Court as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

No act or omission on the part of Defendant either caused or contributed to whatever injury or damage Rony Rolando Cuz Che may have sustained.

### THIRD DEFENSE

At all pertinent times, Defendant acted in good faith and without malice or intent to injure Rony Rolando Cuz Che.

- 1 -

31413739v1

## FOURTH DEFENSE

Defendant intends to rely on any additional defenses, whether affirmative or otherwise, about which it presently lacks sufficient information, but which may become available or apparent during investigation or discovery and reserves the right to amend its answer.

## FIFTH DEFENSE

Defendant reserves the right to raise all affirmative defenses provided in O.C.G.A. §9-11-8(c) not raised herein.

## SIXTH DEFENSE

Rony Rolando Cuz Che has not suffered any injuries or damages as a result of any action or omission on the part of Defendant.

## SEVENTH DEFENSE

If Rony Rolando Cuz Che suffered any injuries and/or damages, such injuries and/or damages were caused in whole or in part by the acts or failure to act of persons or entities other than Defendant.

## EIGHTH DEFENSE

To the extent Rony Rolando Cuz Che failed to use ordinary care to prevent or mitigate, in whole or in part, his alleged damages, Plaintiff is not entitled to recover such damages.

## NINTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia and therefore, fails to state a cause of action and set forth a claim upon which relief can be granted.

- 2 -

## TENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates Defendant's right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## ELEVENTH DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

## TWELFTH DEFENSE

While Defendant denies all allegations of punitive damages, it asserts all proof and procedural requirements set forth in O.C.G.A. § 51-12-5.1.

## THIRTEENTH DEFENSE

Defendant is entitled to the benefit of the Georgia Workers' Compensation Act with respect to immunity or offset for payments received by Plaintiff or Decedent.  Workers' compensation is Plaintiff's exclusive remedy.

## FOURTEENTH DEFENSE

If the Decedent suffered any injuries as alleged in the Complaint, which this Defendant specifically denies, Decedent failed to make reasonable efforts to mitigate these injuries and damages.

31413739v1
*Che v. Collier Metals LLC, et al.*
Fulton County State Court
Civil Action File Number: 23EV000167

## FIFTEENTH DEFENSE

The Decedent failed to take action to prevent the avoidable consequences of any action or omission of which Plaintiff complains.

## SIXTEENTH DEFENSE

Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

### 1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

### 2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

### 3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

### 4.

Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

- 4 -

5.

Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

## **OPERATIVE FACTS**

8.

Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant admits it contracts with 3 A Staffing Specialists LLC but denies the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

- 5 -

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

16.

Defendant admits the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

- 6 -

## COUNT ONE: NEGLIGENCE OF DEFENDANT COLLIER

18.

Defendant restates and incorporates its responses to Paragraphs 1-17 above as though fully restated herein.

19.

Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations in Paragraph 20, and all subparts therein, of Plaintiff's Complaint.

21.

Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

## COUNT TWO: PREMISES LIABILITY OF DEFENDANT COLLIER

23.

Defendant restates and incorporates its responses to Paragraphs 1-22 above as though fully restated herein.

24.

Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

- 7 -

26.

Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

## <u>COUNT THREE: NEGLIGENT SERVICE, MAINTENANCE, AND FAILURE TO WARN BY DEFENDANT COLLIER</u>

30.

Defendant restates and incorporates its responses to Paragraphs 1-29 above as though fully restated herein.

31.

Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34.

Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

- 8 -

35.

Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

## COUNT FOUR: NEGLIGENCT SERVICE, MAINTENANCE, AND FAILURE TO WARN BY DEFENDANT JOHN DOE CORPORATION A-M

36.

Defendant restates and incorporates its responses to Paragraphs 1-35 above as though fully restated herein.

37.

Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.

Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant denies allegations in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

## COUNT FIVE: STRICT LIABILITY, NEGLIGENT DESIGN AND MANUFACTURE, AND FAILURE TO WARN BY DEFENDANT JOHN DOE CORPORATION N-Z

43.

Defendant restates and incorporates its responses to Paragraphs 1-42 above as though fully

- 9 -

restated herein.

44.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

45.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

46.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of Plaintiff's Complaint and the allegations are neither admitted nor denied.

47.

Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.

Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49.

Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50.

Defendant denies the allegations in Paragraph 50 of Plaintiff's Complaint.

- 10 -

51.

Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52.

Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53.

Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54.

Defendant denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55.

Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.

Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

## **DAMAGES**

57.

Defendant restates and incorporates its responses to Paragraphs 1-56 above as though fully restated herein.

58.

Defendant denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.

Defendant denies the allegations in Paragraph 59, and all subparts therein, of Plaintiff's Complaint.

- 11 -

Defendant denies that Plaintiff is entitled to any of the damages sought in the "WHEREFORE" portion of Plaintiff's Complaint.

Any allegation of Plaintiff's Complaint not specifically responded to is hereby denied.

**WHEREFORE**, having fully answered, Defendant **COLLIER METALS LLC** prays as follows:

1.      That judgment be entered in Defendant's favor;

2.      That Plaintiff recovers nothing from this Defendant;

3.      That the Court grant Defendant such other relief as is just; and

4.      Defendant demands a twelve-person jury trial.

This 3rd day of April, 2023.

Respectfully submitted,

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Carl H. Anderson, Jr.*
Michael J. Goldman
Georgia Bar No. 300100
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Defendant Collier Metals LLC*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
Telephone:     (404) 614-7400
Facsimile:     (855) 889-4588
E-mail:        mgoldman@hpylaw.com
               canderson@hpylaw.com

- 12 -

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| DOMINGA CHE CHE, as the Surviving Parent of RONY ROLANDO CUZ CHE, Deceased; | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **FILE NO. 23EV000167** |
| | ) | |
| COLLIER METALS LLC; and JOHN DOE CORPORATIONS A-Z; | ) ) | **(Jury Trial Demanded)** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date caused to be served upon all counsel a true and correct copy of the within **DEFENDANT COLLIER METALS LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR WRONGFUL DEATH** by electronic filing and service and/or by STATUTORY ELECTRONIC SERVICE and/or by depositing same in the United States Mail in an envelope with sufficient postage affixed thereto and addressed to:

Jeffrey R. Harris, Esq.
Yvonne S. Godfrey, Esq.
Jasper Abbott, Esq.
HARRIS LOWRY MANTON LLP
1418 Dresden Drive NE, Unit 250
Brookhaven, GA 30319
jeff@hlmlawfirm.com
yvonne@hlmlawfirm.com
jabbott@hlmlawfirm.com

Rebecca Franklin Harris, Esq.
FRANKLIN LAW LLC
2250 E. Victory Drive, Suite 102
Savannah, GA 31404
rebecca@franklinlawllc.com

- 1 -

31413739v1

Daniel Werner, Esq.
RADFORD & KEEBAUGH, LLC
315 W. Ponce de Leon Ave., #1080
Decatur, GA 30030
dan@decaturlegal.com

This 3rd day of April, 2023.

Respectfully submitted,

**HAWKINS PARNELL & YOUNG, LLP**

/s/ Carl H. Anderson, Jr.
Michael J. Goldman
Georgia Bar No. 300100
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Defendant Collier Metals LLC*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
Telephone:     (404) 614-7400
Facsimile:     (855) 889-4588
E-mail:        mgoldman@hpylaw.com
               canderson@hpylaw.com

- 2 -

State Court of Fulton County
**E-FILED**
23EV000167
4/3/2023 7:26 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DOMINGA CHE CHE, as the Surviving Parent of RONY ROLANDO CUZ CHE, Deceased; | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **CIVIL ACTION** **FILE NO. 23EV000167** |
| COLLIER METALS LLC; and JOHN DOE CORPORATIONS A-Z; | ) ) ) | **(Jury Trial Demanded)** |
| Defendants. | ) ) | |

### <u>RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY</u>

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of the following: (1) **Defendant Collier Metals LLC's First Request for Admissions to Plaintiffs.**  Copies of the above document(s) were served by statutory electronic service and/or by depositing in the United States Mail in an envelope with adequate postage thereon, addressed as follows:

Jeffrey R. Harris, Esq.
Yvonne S. Godfrey, Esq.
Jasper Abbott, Esq.
HARRIS LOWRY MANTON LLP
1418 Dresden Drive NE, Unit 250
Brookhaven, GA 30319
jeff@hlmlawfirm.com
yvonne@hlmlawfirm.com
jabbott@hlmlawfirm.com

Rebecca Franklin Harris, Esq.
FRANKLIN LAW LLC
2250 E. Victory Drive, Suite 102
Savannah, GA 31404
rebecca@franklinlawllc.com

- 1 -

31414801v1

Daniel Werner, Esq.
RADFORD & KEEBAUGH, LLC
315 W. Ponce de Leon Ave., #1080
Decatur, GA 30030
dan@decaturlegal.com

This 3rd day of April, 2023.

Respectfully submitted,

**HAWKINS PARNELL & YOUNG, LLP**

/s/ Carl H. Anderson, Jr.
Michael J. Goldman
Georgia Bar No. 300100
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Defendant Collier Metals LLC*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
Telephone:      (404) 614-7400
Facsimile:      (855) 889-4588
E-mail:          mgoldman@hpylaw.com
                  canderson@hpylaw.com

- 2 -

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| DOMINGA CHE CHE, as the Surviving Parent of RONY ROLANDO CUZ CHE, Deceased; | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. 23EV000167 |
| | ) | |
| COLLIER METALS LLC; and JOHN DOE CORPORATIONS A-Z; | ) ) | **(Jury Trial Demanded)** |
| | ) | |
| Defendants. | ) | |
| ─────────────────────────── | ) | |

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this date caused to be served upon all counsel a true and correct copy of the within **DEFENDANT COLLIER METALS LLC'S RULE 5.2 CERTIFICATE OF SERVICE (FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF)** by electronic filing and service and/or by STATUTORY ELECTRONIC SERVICE and/or by depositing same in the United States Mail in an envelope with sufficient postage affixed thereto and addressed to:

Jeffrey R. Harris, Esq.
Yvonne S. Godfrey, Esq.
Jasper Abbott, Esq.
HARRIS LOWRY MANTON LLP
1418 Dresden Drive NE, Unit 250
Brookhaven, GA 30319
jeff@hlmlawfirm.com
yvonne@hlmlawfirm.com
jabbott@hlmlawfirm.com

Rebecca Franklin Harris, Esq.
FRANKLIN LAW LLC
2250 E. Victory Drive, Suite 102
Savannah, GA 31404
rebecca@franklinlawllc.com

- 1 -

31414801v1

Daniel Werner, Esq.
RADFORD & KEEBAUGH, LLC
315 W. Ponce de Leon Ave., #1080
Decatur, GA 30030
dan@decaturlegal.com

This 3rd day of April, 2023.

Respectfully submitted,

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Carl H. Anderson, Jr.*
Michael J. Goldman
Georgia Bar No. 300100
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Defendant Collier Metals LLC*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
Telephone:    (404) 614-7400
Facsimile:    (855) 889-4588
E-mail:       mgoldman@hpylaw.com
              canderson@hpylaw.com

- 2 -

*Che v. Collier Metals LLC, et al.*
Fulton County State Court
Civil Action File Number: 23EV000167

State Court of Fulton County
**E-FILED**
23EV000167
4/17/2023 6:21 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| DOMINGA CHE CHE, as the Surviving Parent of RONY ROLANDO CUZ CHE, Deceased; | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **FILE NO. 23EV000167** |
| | ) | |
| COLLIER METALS LLC; and JOHN DOE CORPORATIONS A-Z; | ) ) | **(Jury Trial Demanded)** |
| | ) | |
| Defendants. | ) | |

<u>**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**</u>

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of the following: (1) **Defendant Collier Metals LLC's Responses to Plaintiff's First Requests for Production of Documents.**  Copies of the above document(s) were served by consented-to statutory electronic service and/or by depositing in the United States Mail in an envelope with adequate postage thereon, addressed as follows:

Jeffrey R. Harris, Esq.
Yvonne S. Godfrey, Esq.
Jasper Abbott, Esq.
HARRIS LOWRY MANTON LLP
1418 Dresden Drive NE, Unit 250
Brookhaven, GA 30319
jeff@hlmlawfirm.com
yvonne@hlmlawfirm.com
jabbott@hlmlawfirm.com

Rebecca Franklin Harris, Esq.
FRANKLIN LAW LLC
2250 E. Victory Drive, Suite 102
Savannah, GA 31404
rebecca@franklinlawllc.com

- 1 -

31440093v1

Daniel Werner, Esq.
RADFORD & KEEBAUGH, LLC
315 W. Ponce de Leon Ave., #1080
Decatur, GA 30030
dan@decaturlegal.com

This 17th day of April, 2023.

Respectfully submitted,

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Carl H. Anderson, Jr.*
Michael J. Goldman
Georgia Bar No. 300100
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Defendant Collier Metals LLC*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
Telephone:      (404) 614-7400
Facsimile:      (855) 889-4588
E-mail:          mgoldman@hpylaw.com
                 canderson@hpylaw.com

- 2 -

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| DOMINGA CHE CHE, as the Surviving Parent of RONY ROLANDO CUZ CHE, Deceased; | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. 23EV000167 |
| | ) | |
| COLLIER METALS LLC; and JOHN DOE CORPORATIONS A-Z; | ) ) | (Jury Trial Demanded) |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this date caused to be served upon all counsel a true and correct copy of the within **DEFENDANT COLLIER METALS LLC'S RULE 5.2 CERTIFICATE OF SERVICE (RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS)** by electronic filing and service and/or by consented-to STATUTORY ELECTRONIC SERVICE and/or by depositing same in the United States Mail in an envelope with sufficient postage affixed thereto and addressed to:

Jeffrey R. Harris, Esq.
Yvonne S. Godfrey, Esq.
Jasper Abbott, Esq.
HARRIS LOWRY MANTON LLP
1418 Dresden Drive NE, Unit 250
Brookhaven, GA 30319
jeff@hlmlawfirm.com
yvonne@hlmlawfirm.com
jabbott@hlmlawfirm.com

Rebecca Franklin Harris, Esq.
FRANKLIN LAW LLC
2250 E. Victory Drive, Suite 102
Savannah, GA 31404
rebecca@franklinlawllc.com

- 1 -

31440093v1

Daniel Werner, Esq.
RADFORD & KEEBAUGH, LLC
315 W. Ponce de Leon Ave., #1080
Decatur, GA 30030
dan@decaturlegal.com

This 17th day of April, 2023.

Respectfully submitted,

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Carl H. Anderson, Jr.*
Michael J. Goldman
Georgia Bar No. 300100
Carl H. Anderson, Jr.
Georgia Bar No. 016320

*Attorneys for Defendant Collier Metals LLC*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
Telephone:     (404) 614-7400
Facsimile:     (855) 889-4588
E-mail:        mgoldman@hpylaw.com
               canderson@hpylaw.com

- 2 -

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV000167**
**5/8/2023 3:05 PM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DOMINGA CHE CHE, as the Surviving Parent of RONY ROLANDO CUZ CHE, Deceased; | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION No. |
| vs. | ) ) | 24EV000167 |
| COLLIER METALS LLC; and JOHN DOE CORPORATIONS A-Z; | ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Uniform Superior Court Rule 5.2, the undersigned counsel for Plaintiff this 8th day of May, 2023 served **Plaintiff's Responses to Defendant's First Requests for Admissions** via statutory electronic service to:

Hawkins Parnell & Young, LLP
Carl H. Anderson, Jr.
Michael J. Goldman
303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
mgoldman@hpylaw.com
canderson@hpylaw.com

Respectfully Submitted this 8th day of May, 2023.

**HARRIS LOWRY MANTON LLP**

*/s/ Yvonne S. Godfrey*
JEFFREY R. HARRIS
Georgia Bar No. 330315
jeff@hlmlawfirm.com
YVONNE S. GODFREY
Georgia Bar No. 318567
yvonne@hlmlawfirm.com
JASPER ABBOTT
Georgia Bar No. 946168

1

jabbott@hlmlawfirm.com

1418 Dresden Drive NE
Unit 250
Brookhaven, GA 30319
Telephone: (404) 961-7650
Facsimile: (404) 961-7651

**FRANKLIN LAW LLC**

REBECCA FRANKLIN HARRIS
Georgia Bar No. 141350
rebecca@franklinlawllc.com

2250 E. Victory Drive
Suite 102
Savannah, Georgia 31404
Telephone: (912) 335-3305
Facsimile: (404) 969-4503

**RADFORD & KEEBAUGH, LLC**

DANIEL WERNER
Georgia Bar No. 422070
dan@decaturlegal.com

315 W Ponce de Leon Ave #1080
Decatur, Georgia 30030
Telephone: (678) 271-0300

***Attorneys for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing **Plaintiff's 5.2 Rule**

**Certificate of Service of Discovery** via the Court's electronic filing system and/or statutory

electronic service to:

Hawkins Parnell & Young, LLP
Carl H. Anderson, Jr.
Michael J. Goldman
303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
mgoldman@hpylaw.com
canderson@hpylaw.com

Rebecca Franklin Harris, Esq.
FRANKLIN LAW LLC
2250 E. Victory Drive, Suite 102
Savannah, GA 31404
rebecca@franklinlawllc.com

Daniel Werner, Esq.
RADFORD & KEEBAUGH, LLC
315 W. Ponce de Leon Ave., #1080
Decatur, GA 30030
dan@decaturlegal.com

This 8th day of May, 2023.

HARRIS LOWRY MANTON LLP

*/s/ Yvonne S. Godfrey*
YVONNE S. GODFREY
Georgia Bar No. 318567
yvonne@hlmlawfirm.com