IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AQUILA CAMPBELL,<br><br>　Plaintiff,<br><br>v.<br><br>HOPKINS AND COMPANY LLC, H&F BURGER BAR PONCE CITY MARKET, LLC AND MICHAEL JACKSON,<br><br>　Defendants. | Civil Action No. |

# COMPLAINT FOR DAMAGES

COMES NOW, Aquila Campbell, Plaintiff, by and through undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## JURISDICTION AND VENUE

1.

1. Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff also invokes this court's pendant jurisdiction to hear Plaintiff's state law claims.

3. The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

**PARTIES**

4. Plaintiff is a female citizen of the United States of America, and is subject to the jurisdiction of this Court.

5. 2Defendant H&F Burger Bar is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6. Defendant Hopkins and Company, LLC is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7. Defendant Hopkins and Company, LLC may be served with process by delivering a copy of the summons and complaint to its registered agent at 120 Ottley Drive NE, Suite F, Atlanta, GA, 30324.

8. Defendant H&F Burger Bar is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this district.

9. Defendant H&F Burger Bar may be served with process by delivering a copy of the summons and complaint to its registered agent at 120 Ottley Drive NE, Suite F, Atlanta, GA, 30324.

**ADMINISTRATIVE PROCEDURES**

10. Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

11. The EEOC issued a "Notice of Right to Sue," entitling an action to be commenced within ninety (90) days of receipt of that notice.

12. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".FACTUAL ALLEGATIONS

13. Defendant is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII and has employed more than the requisite number of persons for the requisite duration under Title VII.

14. Defendant Hopkins and Company, LLC and Defendant H&F Burger Bar hired Michael Jackson for employment.

Michael Jackson sexually harassed individuals, including Plaintiff, while employed at H&F Burger Bar and Hopkins and Company.

15. Defendant Hopkins and Company and Defendant Burger Bar were aware of Michael Jackson's propensity to sexually harass its employees.

16. Defendant Michael Jackson was hired by Defendant Hopkins and Company and Defendant H&F Burger Bar as a line cook.

17. Michael Jackson was Plaintiff's co-worker.

18. Starting approximately November 1, 2020, Jackson began sexually harassing Plaintiff.

19. The sexual harassment was severe or pervasive, altering the terms and conditions of 's employment.

20. Defendant Jackson began sexually harassing Plaintiff by making inappropriate comments like, "You're the innocent type."

21. Defendant Jackson repeatedly asked Plaintiff whether she had a boyfriend.

22. Defendant Jackson's harassing comments persisted on a weekly basis.

   a. On one occasion in Summer of 2021, Plaintiff was filling up a bucket of water in a kitchen hand-sink and Jackson approached Plaintiff and poked her ribcage.

23. Plaintiff recoiled when Jackson poked her.

24. When Plaintiff attempted to keep filling the bucket of water, Jackson poked Plaintiff again.

25. On another occasion, Jackson physically barred Plaintiff from leaving his presence by creating a barrier with one of his arms against the sink and another arm against the countertop.

26. Jackson stated on July 16, 2021, "I just need two nights with her [Plaintiff]."

27. Jackson also stated that, "I know what I want, and it's Aquila," while two coworkers were present.

28. Jackson told Plaintiff that he would "drown in it," a term meant to refer to having sexual intercourse with Plaintiff.

29. Plaintiff reported Jackson's inappropriate behavior to her manager, Mike White.

On July 19, 2021, Plaintiff made a written incident report and submitted it to another manager, Lisa Danneman, via email.

30. White told Plaintiff he would "talk to Jackson" about the sexual harassment and that the company would train its employees on sexual harassment.

31. The Company did not hold the training.

32. Plaintiff was prohibited from approaching the company expo on July 23, 2021, to limit her interactions with Jackson.

33. Plaintiff was also treated differently than her white male coworker.

34. On January 10, 2022, Plaintiff was reprimanded by a corporate manager, Michael Stanley, for wearing her hat backwards while he allowed her co-worker, Jason, to keep his hat backward.

35. Plaintiff brought up the disparate treatment with Danneman, asking if there were different uniform policies for white and black workers.

36. After complaining that the uniform policy was being applied differently across races, on January 22, 2022, Plaintiff was written up for disciplinary action for violation of the uniform policy and allegedly telling employees not to listen to management.

37. In fact, Plaintiff never told anyone not to listen to management.

38. On January 23, 2022, Plaintiff complained in writing to the HR representative, Jessie Sparrow, of sexual harassment and racism in the workplace via email.

39. On January 24, 2022, Plaintiff was sent home by Danneman, and given no reason.

40. On February 3, 2022, Defendants H&F Burger Bar and Hopkins and Company terminated Plaintiff's employment.

41. In performance documentation, the employer stated that Plaintiff was terminated because of a violation of a food-handling policy for which Plaintiff was never written up and which was not included in the employee handbook.

42. The employer also stated that Plaintiff was terminated due to a violation of an attendance policy for texting a coworker that she would be ten minutes late.

43. Defendants' purported reasons for terminating Plaintiff are pretextual.

44. Defendant H&F Burger Bar and Defendant Hopkins and Company chose not to take reasonable steps to prevent sexual harassment from occurring, despite its knowledge of its employee's propensity for sexual harassment.

Defendant H&F Burger Bar and Defendant Hopkins and Company failed to take appropriate remedial actions to correct the sexual harassment.

## CLAIMS FOR RELIEF

## COUNT I: HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

*(against all Defendants)*

45. Plaintiff re-alleges paragraphs 1-46 as if set forth fully herein.

46. On a consistent basis during Plaintiff's employment, Michael Jackson subjected her to sexual harassment. Plaintiff was obligated to work in an atmosphere that was hostile by virtue of unsolicited and unwelcome sexual advances, comments, sex-based comments, sexual innuendo and other sexually charged conduct. This sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a working environment that was intimidating, insulting and abusive to employees.

47. Because of their failure to take prompt and remedial action, and their deliberate indifference to sexually hostile conduct, Defendant H&F Burger Bar and Defendant Hopkins and Company have intentionally engaged in unlawful employment practices in violation of Title VII.

48. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of sex.

49. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

**COUNT II: CLAIMS FOR RELIEF UNDER CIVIL RIGHTS ACT OF 1991**

*(against all Defendants)*

50. Plaintiff re-alleges paragraphs 1-49 as if set forth fully herein.

51. Defendant H&F Burger Bar and Defendant Hopkins and Company permitted their employee to act in a hostile manner towards Plaintiff and other employees, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

52. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991.

## COUNT III: STATE LAW CLAIMS FOR RELIEF AGAINST NEGLIGENT AND WRONGFUL HIRING, RETENTION AND SUPERVISION

*(against Defendants H&F Burger Bar and Defendant Hopkins and Company)*

54. Plaintiff re-alleges paragraphs 1-49 as if set forth fully herein.

55. Defendants H&F Burger Bar and Defendant Hopkins and Company knew, or in the exercise of ordinary diligence, should have known of the propensity of its employees to engage in sexually offensive conduct toward other employees, and in particular toward Plaintiff.

56. Defendants nevertheless failed and refused to act to protect Plaintiff.

57. Defendants are thus liable to Campbell for all the damages sustained as a result.

## COUNT IV: NEGLIGENT FAILURE TO PREVENT SEXUAL HARASSMENT

*(against Defendants H&F Burger Bar and Defendant Hopkins and Company)*

58. Plaintiff re-alleges paragraphs 1-49 as if set forth fully herein.

59. Defendant H&F Burger Bar and Defendant Hopkins and Company had a duty to prevent sexual harassment in the workplace.

60. Defendant H&F Burger Bar and Defendant Hopkins and Company failed to use ordinary care to prevent sexual harassment in the workplace, causing Plaintiff to be sexually harassed.

61. The conduct of Defendant H&F Burger Bar and Defendant Hopkins and Company was consciously or recklessly indifferent to the

inevitable or probable consequences of its conduct in failing to remedy the harassment.

62. Defendant H&F Burger Bar and Defendant Hopkins and Company are thus liable to for all of the damages sustained as a result.

## **COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

*(against all Defendants)*

63. Plaintiff re-alleges paragraphs 1-49 as if set forth fully herein Defendants' conduct was extreme and outrageous.

64. Defendants intended to inflict severe emotional distress or knew that it was a high probability that the conduct would do so.

65. Defendants' conduct actually caused severe emotional distress.

66. Defendants are liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

## **COUNT VI: 42 U.S.C. Section 1981 Discharge**

*(against Defendants H&F Burger Bar and Defendant Hopkins and Company)*

71.
67. Plaintiff incorporates by reference and realleges paragraphs 1-49 as if set forth fully herein.

68. Plaintiff is a black woman.

69. Plaintiff was qualified for the position of take-out server.

70. Defendant terminated Plaintiff's employment.

71. Defendant did not terminate Plaintiff's white male coworkers, who engaged in the same or substantially similar behavior.

72. Because of Defendant's discriminatory decision made in whole or in part because of her race, Plaintiff has lost pay and continues to be paid less.

73. Because of Defendant's violation of 42 U. S. C § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

74. Defendant's decision to terminate Plaintiff's employment was made, in whole or part, because of her race in violation of 42 U. S. C. § 1981.

Because of Defendant's violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted the 20th day of May, 2023.

**BARRETT & FARAHANY**

s/ *Kira Fonteneau*

Kira Fonteneau
Georgia Bar No.  GA103555

Counsel for Plaintiff

2 20th St. North Ste 900
Birmingham, AL 35203

Mailing Address: PO Box 530092
Atlanta, GA 30353-0092
(404) 214-0120
kira@justiceatwork.com