## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MILT THOMAS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | Civil Action No.: |
| ) | _____ |
| RICHARD B. SAUNDERS, THU ) | |
| SAUNDERS, ANDREW A. ) | |
| HANNA, and RICHARD B. ) | |
| SAUNDERS d/b/a SAUNDERS ) | **JURY TRIAL DEMANDED** |
| CONSULTING. ) | |
| ) | |
| DEFENDANT. | |

## COMPLAINT

Plaintiff Milt Thomas ("Plaintiff"), by and through the undersigned attorney, respectfully submits the following Complaint:

## INTRODUCTION

1. Plaintiff is a former employee of Richard B. Saunders d/b/a Saunders Consulting (hereinafter referred to as "Defendant Saunders Consulting"). Plaintiff brings this action against Defendants for retaliation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA").

1

## PARTIES

2. Plaintiff is a resident of the state of Georgia and submits himself to the jurisdiction of the Court.

3. Defendant Saunders has its principal place of business located at 3475 Lenox Road NE, Suite 600, Atlanta, GA 30326.

4. Defendant Saunders Consulting may be served with process through its Registered Agent if service is not waived.

5. Defendant Richard B. Saunders owns and operates Saunders Consulting. Defendant Richard B. Saunders acts directly or indirectly on behalf of Saunders Consulting and exercises day-to-day control over the operations and pay practices of Saunders Consulting. Defendant Richard B. Saunders is an employer within the meaning of the FLSA.

6. Defendant Thu Saunders owns and operates Saunders Consulting. Defendant Thu Saunders acts directly or indirectly on behalf of Saunders Consulting and exercises day-to-day control over the operations and pay practices of Saunders Consulting. Defendant Thu Sanders is an employer within the meaning of the FLSA.

7. Defendant Andrew A. Hanna owns and operates Saunders Consulting. Defendant Andrew A. Hanna acts directly or indirectly on behalf of Saunders Consulting and exercises day-to-day control over the operations and pay practices

of Saunders Consulting. Defendant Andrew A. Hanna is an employer within the meaning of the FLSA.

8. At all relevant times, Defendants were "employers" of Plaintiff as that term is defined by 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §§ 1331 and 1343(a).

10. Pursuant to 28 U.S.C. § 1391, venue is proper because the unlawful employment practices giving rise to the Plaintiff's claims occurred in this judicial district and division and Defendants are located in Atlanta, Georgia.

## FACTUAL ALLEGATIONS

11. In February 2022, Plaintiff began working as a Personal Executive Assistant to Defendant Richard B. Saunders and Thu Saunders, working out of their private residence.

12. Defendants Richard B. Saunders and Defendant Thu Saunders are married.

13. Defendants Richard B. Saunders, Thu Saunders, and Andrew A. Hanna own and operate Saunders Consulting.

14. On or about August 23, 2022, Plaintiff began working at Defendant Saunders Consulting part time. Plaintiff would split his time working as a Personal Assistant to the Saunders and working at Defendant Saunders Consulting.

15. On or about October 19, 2022, Plaintiff began working at Defendant Saunders Consulting full time.

16. At Defendant Saunders Consulting, Plaintiff's job responsibilities included, but were not limited to, physical facility caretaking, business services/vendor management, technology/systems management, licensing status monitoring, managing the onboarding process for new hires, acting as the point of contact for Iron Oak's newly contracted Professional Employer Organization ("PEO"), reviewing and approving payroll, business development, etc.

17. Plaintiff was improperly classified as an independent contractor when he should have been classified as an employee entitling him to the minimum wage and overtime protections of the FLSA.

18. Defendants controlled virtually every aspect of Plaintiff's employment.

19. Plaintiff worked in office space provided by Defendants and had an assigned workstation.

20. Plaintiff was declared as "supervisor" with the PEO in order for PTO and other requests to be fielded and processed.

21. Plaintiff reported weekly on his business development goals/achievements.

22. Defendants set Plaintiff's work schedule. Specifically, Defendant Andrew A. Hanna told Plaintiff that he was to be in the office from 9:30AM-5:30PM at least four days a week.

23. Plaintiff did not have other employment while working full time (40 hours per week) at Defendant Saunders Consulting.

24. Plaintiff used computer equipment provided by Defendant Saunders Consulting.

25. Plaintiff's picture is on the Company website.

26. Plaintiff was paid on an hourly basis.

27. Plaintiff had mandatory meetings with Defendant Andrew A. Hanna.

28. Plaintiff had a Company email address.

29. Plaintiff attended required compliance training in order to begin working at Defendant Saunders Consulting.

30. At the time of Plaintiff's hire with Defendant Saunders Consulting he was assigned an Employee ID number.

31. Plaintiff could not log into the Ameriprise platform without staff credentials.

32. Plaintiff did not hold a business or occupational license or advertise his services to the public.

33. At the end of January 2023, Plaintiff asked Defendant Thu Saunders via a Microsoft Teams message if he could be considered a W2 employee instead of a 1099 independent contractor.  Defendant Thu Saunders told Plaintiff to send her a one-page summary of how he would envision being an employee instead of an independent contractor.

34. Plaintiff sent that document to Defendant Thu Saunders on January 29, 2023.

35. On February 6, 2023, Plaintiff had a quarterly review with Defendant Andrew A. Hanna during which he was told that there was no indication that he would be receiving a pay increase or bonus.

36. Later that day, Plaintiff sent Defendant Andrew A. Hanna text messages stating that he had sent Defendant Thu Saunders a document requesting to be a full-time employee instead of an independent contractor, however, he had heard nothing back.  Defendant Andrew A. Hanna responded that they had not had time to consider his proposal.

37. On February 21, 2023, Plaintiff had a call with Defendants Richard B. Saunders, Thu Saunders, and Andrew A. Hanna regarding his pitch to be an

employee instead of an independent contractor—nearly a month after he first notified leadership that he believed he was improperly classified as an independent contractor.

38. During that conversation, the three individuals exhibited extreme hostility to Plaintiff for raising the issue. Defendant Thu Saunders even asked Plaintiff how long he planned on working given that he is 69-years old.

39. During the call, the three individuals told Plaintiff that they did not actually know what he did for the Company despite the fact that he was given assignments by them to complete. The conference call ended with the three individuals asking him to complete a two-week MS Excel time study.

40. After this meeting, Plaintiff's work assignments from his leadership started decreasing substantially. In addition, he noticed a complete shift in how leadership began treating him—with extreme hostility.

41. On March 6, 2023, Plaintiff submitted his two-week time study. He got no response.

42. On March 13, 2023, during his weekly one-on-one with Defendant Andrew A. Hanna he asked about the time study he submitted. Defendant Andrew A. Hanna acknowledged it was received but stated they had nothing to share with him yet. Notably, Defendant Andrew A. Hanna chastised Plaintiff for being "pushy"

about the misclassification issue and said that he needed to back off because it did not sit well with the three of them and that his pushiness was "working against him."

43. On March 18, 2023, Plaintiff suffered a severe left hip dislocation that required emergency surgery. Plaintiff notified his leadership that he would be able to work remotely starting March 27, 2023.

44. On March 27, 2023, Defendant Thu Saunders told Plaintiff that he was not to report to work. Plaintiff stated that his doctor had released him to return to work and that he needed the income. Defendant Thu Saunders never responded and therefore Plaintiff did not return to work on March 27, 2023.

45. On April 3, 2023, Plaintiff returned to work. Three days after returning to work, Plaintiff was terminated.

46. The reason for the termination was allegedly that he was on their payroll looking for another job. However, the fact that Plaintiff was terminated for looking for another job further goes to show that he should have been classified as an employee—not an independent contractor—as independent contractors typically work for multiple employers.

47. The real reason Plaintiff was terminated, however, is for raising protected concerns under the FLSA. In fact, Plaintiff was terminated a mere 12 days

after being told that his pushiness on the misclassification issue was "working against him."

## COUNT I
## RETALIATION IN VIOLATION OF THE FLSA

48. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

49. Plaintiff asserts this count pursuant to 29 U.S.C. § 215(a)(3).

50. At the end of January 2023, and continuing until his termination, Plaintiff requested that Defendants classify him as an employee instead of an independent contractor.

51. Following Plaintiff's complaint, his work assignments from his leadership started decreasing substantially. In addition, he noticed a complete shift in how leadership began treating him—with extreme hostility.

52. Plaintiff was told that he was being "pushy" about the misclassification issue and that he needed to back off because his pushiness was "working against him."

53. On April 3, 2023—a mere 12 days after being told that his pushiness on the misclassification issue was "working against him"—Plaintiff was abruptly terminated.

54. Plaintiff's termination was in retaliation for his engaging in activity protected by the FLSA.

55. As a direct and proximate result of these unlawful practices Plaintiff seeks back pay and lost benefits, front pay, compensatory damages, liquidated damages, pre-and post- judgment interest, attorney's fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE,** Plaintiff demands a TRIAL BY JURY and the following relief:

(a) A declaratory judgment that the Defendant's practices complained of herein are unlawful under the FLSA;

(b) An award of back pay, including all lost pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(c) An award of compensatory damages for emotional pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(d) An award of front pay, including all lost future pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(e) An award of liquidated damages;

(f) An award of pre-and post- judgment interest;

(g) An award of costs and expenses of this action, including reasonable attorney's and expert fees; and

(h) Such other relief as this Court deems just and proper.

Respectfully submitted, this 22nd day of May, 2023.

                                           *s/ Jackie Lee*
                                           Jackie Lee
                                           Georgia Bar No. 419196
                                           jackie@leelawga.com
                                           LEE LAW FIRM, LLC
                                           695 Pylant Street N.E., #105
                                           Atlanta, Georgia 30306
                                           Telephone: (404) 301-8973

                                           **COUNSEL FOR PLAINTIFF**