IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TROY MILAN,<br><br>*Plaintiff*,<br><br>v.<br><br>HAYES II ENTERPRISE, LLC; JAMEL HAYES, A/K/A JERMAL HAYES, AND/OR KIM JERMAL HAYES; AND BLUE HILL SPECIALTY INSURANCE COMPANY, INC.,<br><br>*Defendants*. | Civil Action No.: |

### **DEFENDANTS, HAYES II ENTERPRISE, LLC, AND JAMEL HAYES', BRIEF IN SUPPORT OF NOTICE OF REMOVAL**

COMES NOW Defendant Hayes II Enterprise, LLC, and Jamel Hayes (hereinafter referred to as "Defendants", "Defendant Hayes Enterprise" or "Defendant Hayes"), with the consent of Defendant Blue Hill Specialty Insurance Company, by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332 and 1446, and file their Brief in Support of their Notice of Removal, and shows to the Court as follows:

### **PROCEDURAL BACKGROUND**

1. The Plaintiff, Troy Milan, filed this cause of action in the State Court

of Fulton County, Georgia, on January 26, 2023, against the Defendants. (See Complaint and all other related Fulton County State Court filings attached hereto as Exhibit '1').

2. The Plaintiff's Complaint, *inter alia*, alleges that the Defendants are liable to the Plaintiff for injuries that occurred in an accident on October 5, 2021. (See Complaint, ¶ 2).

3. Complete diversity exists in this case between the Plaintiff, a Georgia citizen and resident, and the Defendants. (See Plaintiff's Complaint, generally, ¶¶ 3-4, 10 and 17).

4. Defendant Hayes is a citizen and resident of the State of Mississippi. (See Plaintiff's Complaint ¶ 4).

5. Defendant Hayes Enterprise is a Mississippi corporation with its principal place of business in Mississippi and Defendant Hayes is the sole member of the corporation. (See Plaintiff's Complaint, ¶ 9; Exhibit '2', Mississippi Corporate information on Hayes II Enterprise, LLC).

6. The Plaintiff issued a demand to the Defendants and their insurer in this matter for $1 million dollars. (See Plaintiff's Demand attached hereto as Exhibit '3').

7. This Notice of Removal is filed by the Defendants within thirty (30)

days from the date on which this action became removable and within one year of the filing of the Plaintiff's Complaint, as there has been no formal service of the Plaintiff's Complaint upon these Defendants.

8. Defendants represent to this Honorable Court that true and correct copies of all process, pleadings, orders served by or upon the Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (See Exhibit '1'). Defendants further represent to this Court that there are no other process, pleadings or orders properly served upon the Defendants to date in this case that have not been attached hereto.

9. Defendants represent to this Honorable Court that written notice of the filing of this Notice of Removal and a copy of this Notice of Removal have been served upon the Plaintiff, by and through his counsel of record, contemporaneous with this filing. (See Notice of Filing of Notice of Removal served contemporaneously herewith, a true and correct copy of which is attached hereto as Exhibit '4').

10. The United States District Court for the Northern District of Georgia, Atlanta Division, is the Court and division embracing the place where this action is pending in the State Court of Fulton County. No Defendant heretofore has sought similar relief in this action.

11. Defendant Hayes II Enterprise has prepared a proposed Answer to the Plaintiff's Complaint, which is attached hereto as Exhibit '5'.

12. Defendant Jamel Hayes has prepared a proposed Answer to the Plaintiff's Complaint, which is attached hereto as Exhibit '6'.

## ARGUMENT AND CITATION OF AUTHORITY

**A. This Court Has Original Jurisdiction Of This Cause Of Action Pursuant To 28 U.S.C. § 1332 And Is Removable According To 28 U.S.C. § 1441.**

This cause of action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States…"

See 28 U.S.C. § 1332(a).

Defendants show this Honorable Court that complete diversity exists among the Plaintiff and the Defendants and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Specifically, the Plaintiff presented a demand for $1 million dollars. (See Plaintiff's Demand, Exhibit '3'). Accordingly, this Defendant states that pursuant to 28 U.S.C. § 1446(b)(3) this cause of action is being timely removed from the Defendants' receipt of information showing that the

amount of controversy has been met.

The Defendants state that this cause of action has been removed within 30 days of the Defendants receiving a "paper from which it may first be ascertained that the case is one which is or has become removable". 28 U.S.C. § 1446(b)(3).

1. **There is complete diversity.**

It is undisputed that there is complete diversity among the parties in this cause of action. Complete diversity exists in this case between the Plaintiff, a Georgia citizen, and the Defendants. (See Plaintiff's Complaint ¶ 3-4, 10 and 17). Defendant Hayes is a citizen and resident of the State of Mississippi. (See Plaintiff's Complaint ¶ 4). Defendant Hayes II Enterprise is a Mississippi corporation with its principal place of business in Mississippi and with Jamel Hayes, a Mississippi citizen and resident, as the sole member. (See Exhibit '2').

Accordingly, complete diversity exists in this cause of action such that removal is proper.

2. **The amount in controversy exceeds $75,000.00.**

Defendants show this Honorable Court that complete diversity exists among the Plaintiff and the Defendants and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Specifically, the Plaintiff submitted a demand to the Defendants for $1 million dollars. (See Exhibit '3').

Accordingly, the Defendants assert that the minimum amount in controversy has clearly been met in the instant case and it was not clear that the amount in controversy was met until less than 30 days prior to the removal of this case.

**B. <u>Defendants Have Sought Removal Within Thirty (30) Days from the Date in Which the Case Became Removable.</u>**

A party must file a notice of removal of a civil action within thirty (30) days after the receipt of the initial pleading pursuant to 28 U.S.C. § 1446(b). It is well settled that the defendant bears the burden of establishing that federal jurisdiction exists when the defendant seeks to remove a case to federal court. <u>Williams v. Best Buy Co., Inc.</u>, 269 F. 3d 1316 (11th Cir. 2001). The defendant seeking removal based on diversity jurisdiction must therefore establish diversity of citizenship and prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. <u>See</u> 28 U.S.C. § 1332.

As of this filing, these Defendants have not been formally served with the Plaintiff's Complaint. Instead, these Defendants filed acknowledgements of service contemporaneous with the filing of this Notice of Removal

Therefore, the Defendants assert that the diversity of citizenship and the amount in controversy requirements for removal are clearly satisfied, thus making this case properly removable at this time.

## CONCLUSION

There is complete diversity of citizenship between the parties to this action, the amount in controversy has been established by a preponderance of the evidence and this case is being removed within thirty (30) days of the Defendants' receipt of a paper first showing that this case is removable. Accordingly, this case is properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

WHEREFORE, the Defendants assert that pursuant to 28 U.S.C. § 1446 they have sought removal within thirty (30) days from the moment the action became removable. Accordingly, the Defendants respectfully requests that this Court find that the amount in controversy has been satisfied and that jurisdiction is proper for this Court pursuant to 28 U.S.C. § 1332 and 1446. These Defendants further requests that this Court enter an Order REMOVING this action from the State Court for the County of Fulton, State of Georgia, where it is now pending, to the United States District Court for the Northern District of Georgia, Atlanta Division.

This the 22nd day of May, 2023.

Shires, Peake & Gottlieb, LLC

/s/ Kevin T. Shires_____
Kevin T. Shires, Esq.
Georgia Bar No.: 643290
Loren A. Rafferty, Esq.
Georgia Bar No.: 678355

Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com
LRafferty@spgattorneys.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

    ___*x*___    Electronically filing this document with CM/ECF which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

    ___*x*___    Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

> Rob Loar, Esq.
> WLG Atlanta, LLC
> Bank of America Plaza
> 600 Peachtree Street, NE
> Suite 400
> Atlanta, Georgia 30308
> rob.loar@witheritelaw.com
>
> Benjamin P. Ralston, Esq.
> James A. Brooks, Esq.
> Oak Bridge Law Group
> 285 West Wieuca Road, NE
> Unit 5548
> Atlanta, Georgia 30342
> bralston@oakbridgelaw.com
> jbrooks@oakbridgelaw.com

This 22nd day of May, 2023.

                                            Shires, Peake & Gottlieb, LLC

                                            */s/ Kevin T. Shires*
                                            Kevin T. Shires
                                            State Bar No.: 643290

Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com