State Court of Fulton County
**E-FILED**
23EV000594
1/26/2023 12:53 PM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of **FULTON** County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**
MILAN  TROY

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
HAYES II ENTERPRISE, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| JAMEL HAYES, A/K/A JERMAL HAYES, JERMEL HAYES, AND/OR KIM JERMAL HAYES | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| BLUE HILL SPECIALTY INSURANCE COMPANY, INC | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Rob Loar          **Bar Number** 602484          **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
- ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TROY MILAN; | § | CIVIL ACTION |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | FILE NO. _____ |
| | § | |
| HAYES II ENTERPRISE, LLC; JAMEL | § | |
| HAYES, A/K/A JERMAL HAYES, | § | **JURY TRIAL DEMANDED** |
| JERMEL HAYES, AND/OR KIM | § | |
| JERMAL HAYES; AND BLUE HILL | § | |
| SPECIALTY INSURANCE COMPANY, | § | |
| INC.; | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF Troy Milan ("Plaintiff"), by and through her counsel of record and files this her Complaint for Damages showing this Honorable Court as follows:

1.      This is an action for personal injury damages arising out of a motor vehicle collision that occurred on or about October 11, 2021, in Cobb County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff Troy Milan is a resident of Fulton County, Georgia.

3.      Plaintiff Troy Milan sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 9:34 p.m. on October 11, 2021, on S. Cobb Drive, SE near King Springs Road SE, in Cobb County, Georgia.

4.      Defendant Jamel Hayes, a/k/a Jermal Hayes, Jermel Hayes, and/or Kim Jermal Hayes ("Hayes") resides at 152 A Cicero Road, Beaumont, Perry County

Mississippi 39423 and may be served with a copy of the summons and complaint at this address.

5.      Once served with process, Hayes is subject to the jurisdiction and venue of this Honorable Court.

6.      Hayes was properly served with process in this civil action.

7.      Hayes was sufficiently served with process in this civil action.

8.      Hayes is subject to the jurisdiction of this Court.

9.      Defendant Hayes II Enterprise, LLC is a foreign limited liability company with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. Hayes II Enterprise, LLC has a U.S. Department of Transportation Number 2999000.

10.      Hayes II Enterprise, LLC may be served through its registered agent, Jamel Hayes, at 23 Bermuda Street, Hattiesburg, Forest County, Mississippi 39401.

11.      Hayes II Enterprise, LLC is a non-resident motor carrier and does not maintain a registered agent in Georgia; therefore, pursuant to O.C.G.A. § 40-1-117(a), Hayes II Enterprise, LLC may be served with process by delivering a copy of the Summons and Complaint upon the Georgia Secretary of State.

12.      Once served with process, Hayes II Enterprise, LLC is subject to the jurisdiction of this Court.

13.      Hayes II Enterprise, LLC was properly served with process in this civil action.

14.     Hayes II Enterprise, LLC was sufficiently served with process in this civil action.

15.     Hayes II Enterprise, LLC is subject to the jurisdiction of this Court.

16.     Venue in the above-styled civil action is proper as to Hayes II Enterprise, LLC in this County and Court pursuant to O.C.G.A. § 14-2-510(b)(1).

17.     At all times material hereto, Hayes II Enterprise, LLC was not permitted to operate a commercial vehicle over the public roadways unless it as a motor carrier had obtained and had in effect the minimum levels of financial responsibility as set forth in 49 CFR § 387.9. as adopted by the State of Georgia.

18.     At all times material hereto, Defendant Hayes II Enterprise, LLC was required by 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle liability insurance.

19.     At all times material hereto, Defendant Hayes II Enterprise, LLC was required by 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle liability insurance with liability limits of one million dollars.

20.     At all times material hereto, Defendant Hayes II Enterprise, LLC had in effect a policy of motor vehicle insurance with liability limits of one million dollars that was issued by Defendant Blue Hill Specialty Insurance Company, Inc.

21.     At the time of the collision described in this Complaint, Defendant Hayes II Enterprise, LLC had automobile liability coverage for compensatory damages that were caused through the negligent operation of the commercial vehicle that Defendant Hayes II Enterprise, LLC was operating at the time of the subject collision.

22.     The liability coverage for the collision described in this Complaint is being provided to Defendant Hayes II Enterprise, LLC through a primary policy of insurance issued by Blue Hill Specialty Insurance Company, Inc., which provides coverage to Defendant Hayes II Enterprise, LLC for compensatory damages, including bodily injury, that were caused through the negligent operation of the commercial vehicle that Defendant Hayes II Enterprise, LLC was operating at the time of the subject collision.

23.     The liability coverage for the collision described in this Complaint is being provided to Defendant Hayes II Enterprise, LLC through a primary policy of insurance issued by Blue Hill Specialty Insurance Company, Inc. and further identified as Policy Number 03328860-0, which provides coverage to Defendant Hayes II Enterprise, LLC for compensatory damages, including bodily injury, that were caused through the negligent operation of the commercial vehicle that Defendant Hayes II Enterprise, LLC was operating at the time of the subject collision.

24.     Defendant Blue Hill Specialty Insurance Company, Inc. is a foreign limited liability company with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

25.     Defendant Blue Hill Specialty Insurance Company, Inc. is subject to the jurisdiction of this Court and Plaintiff's claims for compensation for the negligence of its Co-defendant insured, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140 and Georgia law, because Blue Hill Specialty Insurance Company, Inc. was the insurer providing primary liability coverage for the Defendant motor carrier Hayes II Enterprise, LLC at the time of the collision described in this Complaint.

26.     Blue Hill Specialty Insurance Company, Inc. may be served with summons and complaint through its registered agent for service of process: CT Corporation System, 208 LaSalle Street, Suite 814, Chicago, Illinois 60604.

27.     Defendant Blue Hill Specialty Insurance Company, Inc. does business and maintains agents in Fulton County, Georgia.

28.     Defendant Blue Hill Specialty Insurance Company, Inc. does business in Fulton County through its multiple agents.

29.     Defendant Blue Hill Specialty Insurance Company, Inc. is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91, known as Georgia's Long-Arm Statute.

30.     Defendant Blue Hill Specialty Insurance Company, Inc. may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

31.     Once served with process, Blue Hill Specialty Insurance Company, Inc. is subject to the jurisdiction of this Court.

32.     Blue Hill Specialty Insurance Company, Inc. was properly served with process in this civil action.

33.     Blue Hill Specialty Insurance Company, Inc. was sufficiently served with process in this civil action.

34.     Venue in the above-styled civil action is proper as to Blue Hill Specialty Insurance Company, Inc. in this County and Court.

35.     Venue in the above-styled civil action is proper in this County and Court.

FACTS

36.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

37.     On October 11, 2021, at approximately 9:34 p.m., Plaintiff Troy Milan was traveling northbound on S Cobb Drive, SE, in Cobb County, Georgia in the outside lane.

38.     On October 11, 2021, at approximately 9:34 p.m., Defendant Hayes was operating his commercial vehicle northbound on S Cobb Drive, SE, in Cobb County, Georgia in the inside lane.

39.     On October 11, 2021, at approximately 9:34 p.m., Defendant Hayes made an unsafe lane change into Plaintiff's lane and collided hard with the back driver's side of Plaintiff's vehicle. The impact caused Plaintiff's vehicle to turn horizontally in front of Defendants' commercial vehicle. Defendant Hayes continued to push Plaintiff's vehicle down the road in this position until he finally came to a stop.

40.     As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

41.     At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

42.     Defendant Hayes was an employee and/or agent of Defendant Hayes II Enterprise, LLC.

43.     Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

44.     Defendants are 100% at fault for causing the subject collision.

45.     No act or failure to act on the part of Plaintiff caused or contributed to the cause of the subject collision.

46.     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

47.     No act or failure to act on the part of Plaintiff caused or contributed to the cause of Plaintiff's injuries and/or damages.

48.     No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's injuries and/or damages.

49.     Plaintiff was an innocent victim of the collision described in this Complaint.

50.     Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

51.     As a result of the collision, Plaintiff hs suffered serious and permanent injuries and damages.

## COUNT I: NEGLIGENCE OF DEFENDANT HAYES

52.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

53.     At all relevant times, Hayes owed the following civil duties to Plaintiff but violated those duties in the following ways:

   a.  Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

   b.  Failing to keep an assured safe distance from Plaintiff's vehicle;

   c.  Changing lanes when unsafe to do so;

   d.  Failing to timely apply the brakes of his commercial vehicle;

e.  Failing to control his speed;

f.  Failing to drive at a reasonable and prudent speed under the conditions;

g.  Failing to maintain proper control of his commercial vehicle;

h.  Failing to keep a proper lookout for traffic;

i.  Failing to make reasonable and proper observations while driving;

j.  Failing to safely operate his commercial vehicle;

k.  Failing to obey traffic laws;

l.  Operating a cellular mobile device while driving; and

m.  Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

54.    Defendant was also negligent *per se* in that he violated a number of laws and regulations governing his operation of his commercial vehicle, including:

a.  Unsafe lane change (O.C.G.A.§ 40-6-48);

b.  Distracted Driving (O.C.G.A.§ 40-6-241);

c.  Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

d.  Failure to Drive his Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

e.  Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

f.  Reckless Driving (O.C.G.A. § 40-6-390).

55.    As a result of Hayes's negligence, Plaintiff has suffered severe and permanent damages.

56.    As a direct and proximate result of the negligence and negligence *per se* of Hayes, Plaintiff is entitled to recover special damages, including but not limited to:

a.  Medical expenses in the past and in the future, in an amount that will be proved at trial;

b.  Lost wages in the past and loss of earning capacity in the future, in an amount that will be proved at trial;

57.     Plaintiff is also entitled to recover for their general damages, including but not limited to:

a.  Shock of impact;

b.  Disability;

c.  Loss of enjoyment of life;

d.  Disfigurement in the past and future;

e.  Physical impairment in the past and future;

f.   Physician pain and suffering in the past and future; and

g.  Mental anguish in the past and future.

### COUNT II:  NEGLIGENCE OF DEFENDANT HAYES II ENTERPRISE, LLC

58.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

59.     At all times material hereto, Hayes was an employee of Defendant Hayes II Enterprise, LLC.

60.     At all times material hereto, Hayes was acting within the scope and course of his employment with Defendant Hayes II Enterprise, LLC.

61.     At all times material hereto, Hayes was an agent of Defendant Hayes II Enterprise, LLC.

62.     At all times material hereto, Hayes was acting within the scope and course of his agency with Defendant Hayes II Enterprise, LLC.

63.     At all times material hereto, Hayes was authorized by Defendant Hayes II Enterprise, LLC to operate the commercial vehicle that was involved in the collision described in this Complaint.

64.     Defendant Hayes II Enterprise, LLC is liable for the negligent actions and omissions of Hayes pursuant to the doctrine of *respondeat superior*.

65.     Defendant Hayes II Enterprise, LLC was the owner of the vehicle operated by Hayes and is therefore liable for damages caused in this case.

66.     Defendant Hayes II Enterprise, LLC was also itself negligent in the following ways:

   a.  Negligently hiring or contracting with Defendant Jarris Hayes to drive the commercial vehicle at issue;

   b.  Negligently training Hayes;

   c.  Negligently entrusting Hayes to drive the commercial vehicle professionally;

   d.  Negligently retaining Hayes to drive the commercial vehicle at issue;

   e.  Negligently qualifying Hayes;

   f.  Failing to supervise Hayes; and

   g.  Otherwise failing to act as a reasonably prudent company under the circumstances.

67.     As a direct and proximate result of the negligence of Defendant Hayes and Defendant Hayes II Enterprise, LLC in the ensuing collision, Plaintiff sustained severe and permanent injuries and damages.

68.     Defendant Hayes II Enterprise, LLC is liable for all damages allowed by law for the damages and losses sustained by Plaintiff.

<u>COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES</u>

69.　Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

70.　Defendant Hayes II Enterprise, LLC and/or its driver, Defendant Hayes, acted in a manner which either alone, and/or combined and concurring with the actions of the other such Defendant's acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries and damages.

71.　As a direct and proximate result of the negligence of Defendant Hayes II Enterprise, LLC and its driver, Defendant Hayes, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

72.　As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages and loss of earning capacity, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, disfigurement in the past and future, loss of capacity to work, physical impairment in the past and future, physician pain and suffering in the past and future; and mental anguish in the past and future and other categories of damages provided for under the law.

### COUNT IV: PUNITIVE DAMAGES

73.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

74.     Defendant Hayes II Enterprise, LLC Hayes II Enterprise, LLC and its driver, Defendant Hayes, acts were knowing, willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

75.     The actions of Defendant motor carrier Hayes II Enterprise, LLC and its driver, Defendant Hayes, as set forth herein, were done intentionally, knowingly and willfully with a reckless and wanton disregard to the consequences and damages that would be caused to others and/or which would raise the presumption of conscious indifference to consequences of their misconduct.

76.     Accordingly, Defendant Hayes II Enterprise, LLC, and its driver, Defendant Hayes, are liable to the Plaintiff for punitive damages to punish, penalize, and deter others from similar conduct in the future.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

a)      A trial by jury;

b)      For Summons and Complaint to issue against each Defendant;

c)      For judgment against each Defendant to compensate Plaintiff for past and future injuries and damages;

d)      For judgment against each Defendant for attorneys' fees and expenses of litigation;

e)      For judgment against Defendant motor carrier and its driver for punitive damages as shown to be fair and appropriate at the trial of this case;

f)      Court costs, discretionary costs, and prejudgment interest; and

g)      For all such further and general relief which this Court deems just and proper.

Dated this 26th day of January, 2023.


WLG ATLANTA, LLC

/s/ Rob Loar
ROB LOAR
GEORGIA STATE BAR NUMBER 602484
*ATTORNEY FOR PLAINTIFF*

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
FACSIMILE:    470-575-2792
E-MAIL:      ROB.LOAR@WITHERITELAW.COM

State Court of Fulton County
**E-FILED**
23EV000594
1/26/2023 12:53 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TROY MILAN; | § | CIVIL ACTION |
| Plaintiffs, | § | |
| | § | |
| VS. | § | FILE NO. _____ |
| | § | |
| HAYES II ENTERPRISE, LLC; JAMEL | § | |
| HAYES, A/K/A JERMAL HAYES, | § | |
| JERMEL HAYES, AND/OR KIM | § | |
| JERMAL HAYES; AND BLUE HILL | § | |
| SPECIALTY INSURANCE COMPANY, | § | |
| INC.; | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
BLUE HILL SPECIALTY INSURANCE COMPANY, INC.**

COMES NOW PLAINTIFF Troy Milan in the above-captioned lawsuit and pursuant to O.C.G.A. §§ 9-11-34 and 9-11-36 hereby propounds the following First Requests for Admissions and First Request for Production to Defendant Blue Hill Specialty Insurance Company, Inc. pursuant to the Georgia Civil Practice Act, and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g.,

hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.  (a)   "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)   "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such

document, the name and address of the party or parties responsible for the preparation

of each such document, the name and address of the party who requested or required

the preparation of the document or on whose behalf it was prepared, the name and

address of the recipient or recipients of each such document, and the names and

addresses of any and all persons who have custody or control of each such document,

or copies thereof.

4.    "**<u>Similar</u>**" shall have the meaning given in the American Heritage Dictionary,

which is "showing some resemblance; related in appearance or nature; alike but not

identical." As used here, the word "similar" shall not be limited as if modified by the word

"substantially" and shall not mean "the same". If you limit the information provided

because you use another interpretation of the word "similar," please state the

interpretation you are using and reveal the nature of the information withheld.

5.    The terms "**and**" as well "**or**" shall be each construed conjunctively and

disjunctively as necessary to bring within the scope of each interrogatory and request

for documents all information and documents that might otherwise be construed to be

outside its scope. The term "**and/or**" shall be construed likewise.

6.    Whenever necessary to bring within the scope of an interrogatory or request for

production of documents any information or document that might otherwise be

construed to be outside its scope: (i) the use of a verb in any tense shall be construed

as the use of the verb in all other tenses; (ii) the use of the singular shall be construed

as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes

"any."

7.    With regard to any term used herein that is deemed by the responding party as

being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8. "**Subject Collision**" as used herein means the collision described in the Complaint.

9. "**Blue Hill Specialty Insurance Company, Inc.**," **You**," "**Your**," or "**Yours**" as used herein refers to and means Defendant BLUE HILL SPECIALTY INSURANCE COMPANY, INC.

10. "**Hayes**" as used herein refers to and means the Defendant driver Jamel Hayes, a/k/a Jermal Hayes, Jermel Hayes, and/or Kim Jermal Hayes.

11. "**Hayes II Enterprise, LLC**" as used herein refers to and means the Defendant Hayes II Enterprise, LLC.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**   Each liability insurance policy that provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in his Complaint.

   a.      For each such policy, produce a complete Declaration Page;

   b.      For each such policy, produce the first application for insurance coverage;

   c.      For each such policy, produce each renewal of coverage application;

   d.      For each such policy, produce all First Reports of Claims involving motor vehicle collisions, where Defendant Hayes II Enterprise, LLC or one of its drivers was alleged to have failed or actually did fail to

slow and/or stop and collide with another vehicle.

**REQUEST NO. 2:**   For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in his Complaint, please produce Blue Hill Specialty Insurance Company, Inc.'s First Report of Claim related to any property damages it incurred as a result of the Subject Collision.

**REQUEST NO. 3:**    For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in his Complaint, please produce Blue Hill Specialty Insurance Company, Inc.'s First Report of Claim related to any cargo damages it incurred as a result of the Subject Collision.

**REQUEST NO. 4:**   For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in his Complaint, please produce Blue Hill Specialty Insurance Company, Inc.'s First Report of Claim related to Plaintiff's injury and damage claims caused by the Subject Collision.

**REQUEST NO. 5:**   For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in his Complaint, please produce all documents, which purport to reserve to be reservation of rights letters and/or agreements regarding the extension liability insurance coverage for the Subject Collision and/or the payment of attorney's fees and litigation expenses related to the subject lawsuit.

**REQUEST NO. 6:**   All documents directly or indirectly provided to and received

from Defendant Hayes II Enterprise, LLC regarding driver histories, criminal histories, claims histories, driver training, defensive driving, driver qualification, and/or your insurability of Defendant Hayes II Enterprise, LLC and/or any of its drivers.

**REQUEST NO. 7:**   All driver training resources that Blue Hill Specialty Insurance Company, Inc. provided or made available to Defendant Hayes II Enterprise, LLC, directly or indirectly and/or to its drivers, directly or indirectly.

**REQUEST NO. 8:**   All documents evidencing any repair estimates for damages to any vehicle or cargo involved in the Subject Collision.

**REQUEST NO. 9:**   All photographs taken of any vehicle or cargo involved in the Subject Collision.

**REQUEST NO. 10:** All statements obtained from any individual concerning the Subject Collision and/or any damages resulting from the Subject Collision.

**REQUEST NO. 11:** All documents that explain what caused the Subject Collision.

**REQUEST NO. 12:** All photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Collision;

      b.      Any person involved in the Subject Collision;

      c.      The scene of the Subject Collision; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 13:** All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any

aspect of the Subject Collision, the damages resulting therefrom, or this lawsuit.

**REQUEST NO. 14:** All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendant driver, Hayes.

**REQUEST NO. 15:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 16:** All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

## <u>REQUEST FOR ADMISSIONS</u>

**REQUEST NO. 1**   Blue Hill Specialty Insurance Company, Inc. is a proper party to this lawsuit.

**REQUEST NO. 2**   Blue Hill Specialty Insurance Company, Inc. was properly named in this case.

**REQUEST NO. 3**   Blue Hill Specialty Insurance Company, Inc. was properly and sufficiently served with process in this civil action.

**REQUEST NO. 4**   Venue is proper in this Court as to Blue Hill Specialty Insurance Company, Inc.

**REQUEST NO. 5**   Jurisdiction is proper in this Court as to Blue Hill Specialty Insurance Company, Inc.

**REQUEST NO. 6**   Defendant Hayes II Enterprise, LLC is a foreign limited liability company with its principal place of business located in Beaumont, Mississippi.

**REQUEST NO. 7**   At all times material to this Complaint, the United States Department of Transportation's Federal Motor Carrier Safety Administration assigned Defendant Hayes II Enterprise, LLC with USDOT No. 2999000.

**REQUEST NO. 8**   At the time of the collision described in this Complaint, Defendant Hayes II Enterprise, LLC was operating as an authorized for-hire, interstate motor carrier.

**REQUEST NO. 9**   At the time of the collision described in this Complaint, Defendant Hayes II Enterprise, LLC had affixed signage and placard on the doors of the commercial vehicle identifying the vehicle as one that was being operated by USDOT No. 2999000.

**REQUEST NO. 10**   At the time of the collision described in this Complaint, Defendant Hayes II Enterprise, LLC was operating as an authorized for-hire, interstate motor carrier and continues to operate as an authorized for-hire, interstate motor carrier.

**REQUEST NO. 11**   Defendant Hayes II Enterprise, LLC is engaged in business as an interstate motor carrier transporting general freight for compensation and does business in Georgia, including in Fulton County, Georgia.

**REQUEST NO. 12**   At the time of the Subject Complaint, Defendant Hayes II Enterprise, LLC had automobile liability coverage for any damages that were caused through the negligent operation of the commercial vehicle that Defendant Hayes was operating at the time of the subject collision.

**REQUEST NO. 13**   The liability coverage for the collision described in this Complaint is being provided to Defendant Hayes II Enterprise, LLC through a policy of insurance issued by Blue Hill Specialty Insurance Company, Inc., which provides coverage to Defendants for any damages, including bodily injury, that were caused through the negligent operation of the commercial vehicle that Defendant was operating at the time of the subject collision.

**REQUEST NO. 14**   Defendant Blue Hill Specialty Insurance Company, Inc. is subject to the jurisdiction of this Court and Plaintiff's claims for compensation for the negligence of its Co-Defendant insured Hayes II Enterprise, LLC, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140 and Georgia law, because Blue Hill Specialty Insurance Company, Inc. was the insurer providing liability coverage for the Defendant motor carrier at the time of the collision described in this Complaint.

**REQUEST NO. 15**   Blue Hill Specialty Insurance Company, Inc. may be served with summons and complaint through its registered agent for service of process: CT Corporation System, 208 LaSalle Street, Suite 814, Chicago, Illinois 60604.

**REQUEST NO. 16**   Defendant Blue Hill Specialty Insurance Company, Inc. does business and maintains an agent in the state of Georgia.

**REQUEST NO. 17**   Venue in the above-styled civil action is proper as to Blue Hill Specialty Insurance Company, Inc. in this County and Court, because Blue Hill Specialty Insurance Company, Inc. maintains agents within Fulton County, Georgia.

**REQUEST NO. 18**   Defendant Blue Hill Specialty Insurance Company, Inc. agrees that Defendant Hayes' negligent operation of the commercial vehicle was the sole cause of the collision described herein.

**REQUEST NO. 19**   Defendant Blue Hill Specialty Insurance Company, Inc. agrees that it should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

**REQUEST NO. 20**   At the time of the Subject Collision, Defendant Hayes II Enterprise, LLC was the owner of the commercial vehicle involved in the Subject Collision.

**REQUEST NO. 21**   Hayes was the driver of the commercial vehicle that collided with Plaintiff's vehicle.

**REQUEST NO. 22**   Hayes changed lanes when unsafe to do so.

**REQUEST NO. 23**   Hayes failed to drive at a reasonable and prudent speed under the conditions.

**REQUEST NO. 24**   Hayes failed to keep an assured safe distance from Plaintiff's vehicle.

**REQUEST NO. 25**   Hayes failed to maintain proper control of his commercial vehicle.

**REQUEST NO. 26**   Hayes failed to timely apply the brakes of his commercial vehicle .

**REQUEST NO. 27**   Hayes failed to keep a proper lookout for traffic.

**REQUEST NO. 28**   Hayes failed to make reasonable and proper observations while driving.

**REQUEST NO. 29**   Hayes failed to safely operate his commercial vehicle .

**REQUEST NO. 30**   Hayes failed to obey traffic laws.

**REQUEST NO. 31**   Hayes gave a recorded statement to his liability insurance carrier.

**REQUEST NO. 32**   Hayes had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 32**   Hayes had more than one (1) mobile cellular device was present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 33**  Hayes was using at least one mobile cellular device in his vehicle at the time of the Subject Collision.

**REQUEST NO. 34**  Hayes was using more than one (1) mobile cellular device inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 35**  Hayes was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 36**  Hayes was using a mobile cellular device as he approached Plaintiff's vehicle.

**REQUEST NO. 37**  While at the scene of the collision, Hayes conversed with at least one person about what had happened before during and /or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 38**  While at the scene of the collision, Hayes texted at least one person about what had happened before during and /or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 39**  While at the scene of the collision, Hayes had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved and/or the persons involved.

**REQUEST NO. 40**  While at the scene of the collision, Hayes took at least one photograph of the scene of the Subject Collision, the vehicles involved and/or the persons involved using a mobile cellular device.

**REQUEST NO. 41**  While at the scene of the collision, Hayes took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved and/or the persons involved.

**REQUEST NO. 42**   While at the scene of the collision, Hayes took audio recording(s) of the scene of the Subject Collision, the vehicles involved and/or the persons involved using a mobile cellular device.

**REQUEST NO. 43**   No act of Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 44**   No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 45**   Plaintiff was an innocent victim in the Subject Collison.

**REQUEST NO. 46**   No act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 47**   No visual obstructions existed leading up to the collision that would have prevented Hayes from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 48**   No visual obstructions existed leading up to the collision that would have prevented Hayes from seeing Plaintiff's vehicle in the seven-hundred-fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 49**   No visual obstructions existed leading up to the rear-end collision that would have prevented Hayes from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 50**   Hayes is solely responsible for causing the Subject Collision.

Served with the Complaint upon Defendant.

Respectfully submitted,

WLG ATLANTA, LLC

/s/ Rob Loar
ROB LOAR
GEORGIA STATE BAR NUMBER 602484
*ATTORNEY FOR PLAINTIFF*

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
FACSIMILE:   470-575-2792
E-MAIL:      ROB.LOAR@WITHERITELAW.COM

State Court of Fulton County
**E-FILED**
23EV000594
1/26/2023 12:53 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TROY MILAN; | § | |
| | § | CIVIL ACTION |
| Plaintiffs, | § | |
| | § | |
| VS. | § | FILE NO. _____ |
| | § | |
| HAYES II ENTERPRISE, LLC; JAMEL | § | |
| HAYES, A/K/A JERMAL HAYES, | § | |
| JERMEL HAYES, AND/OR KIM | § | |
| JERMAL HAYES; AND BLUE HILL | § | |
| SPECIALTY INSURANCE COMPANY, | § | |
| INC.; | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF TROY MILAN'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT HAYES II ENTERPRISE, LLC SERVED WITH THE COMPLAINT**

COMES NOW PLAINTIFF Troy Milan in the above-captioned lawsuit and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36 hereby propounds the following First Requests for Admissions, First Interrogatories and First Request for Production and to Defendant Hayes II Enterprise, LLC for response under oath to the subject interrogatories, pursuant to the Georgia Civil Practice Act, and as required by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not

limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.  (a)  "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)  "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation

of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.   The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to

encompass all reasonable definitions of that term.

8. "**<u>Subject Collision</u>**" means the collision described in the Complaint.

9. "**<u>HAYES II ENTERPRISE, LLC</u>**," "**<u>You</u>**", "**<u>Your</u>**," or "**<u>Yours</u>**" means Defendant Hayes II Enterprise, LLC.

10. "**<u>HAYES</u>**" as used herein refers to and means Defendant Driver Jamel Hayes, a/k/a Jermal Hayes, Jermel Hayes, and/or Kim Jermal Hayes.

## O.C.G.A. § 9-11-36 REQUESTS FOR ADMISSION

**REQUEST NO. 1**   At the time of the Subject Collision, Defendant Hayes was an agent of Hayes II Enterprise, LLC.

**REQUEST NO. 2**   At the time of the Subject Collision, Defendant Hayes was an employee of Hayes II Enterprise, LLC.

**REQUEST NO. 3**   At the time of the Subject Collision, Defendant Hayes was acting within the course and scope of his employment or agency with Hayes II Enterprise, LLC.

**REQUEST NO. 4**   At the time of the Subject Collision, Defendant Hayes was operating the commercial vehicle owned by Hayes II Enterprise, LLC.

**REQUEST NO. 5**   At the time of the Subject Collision, Defendant Hayes was operating the commercial vehicle with the permission of Hayes II Enterprise, LLC.

**REQUEST NO. 6**   At the time of the Subject Collision, Defendant Hayes was operating the commercial vehicle with the knowledge of Hayes II Enterprise, LLC.

**REQUEST NO. 7**   At the time of the Subject Collision, Defendant Hayes was operating the commercial vehicle as trained by Hayes II Enterprise, LLC.

**REQUEST NO. 8**   Hayes II Enterprise, LLC's corporate name was properly stated in the Complaint.

**REQUEST NO. 9**   Venue is proper in this Court.

**REQUEST NO. 10**   Jurisdiction is proper in this Court.

**REQUEST NO. 11**   Service of process upon Hayes II Enterprise, LLC in this civil action was proper.

**REQUEST NO. 12**   Service of process upon Hayes II Enterprise, LLC in this civil action was legally sufficient.

**REQUEST NO. 13**   At the time of the collision described in this Complaint, Defendant Hayes was responsible for the safe and reasonable operation of a commercial vehicle over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 14**   At the time of the collision described in this Complaint, Defendant Hayes II Enterprise, LLC owned the commercial vehicle that was being operated by Defendant Hayes.

**REQUEST NO. 15**   At the time of the collision described in this Complaint, Defendant Hayes was operating a commercial vehicle over the public roadways in Georgia.

**REQUEST NO. 16**   At all times material to this Complaint, Hayes II Enterprise, LLC was registered with the United States Department of Transportation's Federal Motor Carrier Safety Administration as an interstate motor carrier.

**REQUEST NO. 17**   At all times material hereto, Hayes II Enterprise, LLC was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations.

**REQUEST NO. 18**   At the time of the collision described in this Complaint, Defendant Hayes was operating a commercial vehicle in the furtherance of Defendant Hayes II Enterprise, LLC's business.

**REQUEST NO. 19**   At the time of the collision described in this Complaint, Defendant Hayes was responsible for the safe and reasonable operation of an commercial vehicle over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 20**   At the time of the collision described in this Complaint, Defendant Hayes was acting within the course and scope of his employment with Defendant Hayes II Enterprise, LLC.

**REQUEST NO. 21**   At the time of the collision described in this Complaint, Defendant Hayes was acting within the course and scope of his agency with Defendant Hayes II Enterprise, LLC.

**REQUEST NO. 22**   On October 11, 2021, at approximately 9:34 p.m., Plaintiff Troy Milan was traveling northbound on S Cobb Drive, SE, in Cobb County, Georgia in the outside lane.

**REQUEST NO. 23**   On October 11, 2021, at approximately 9:34 p.m., Defendant Hayes was operating his 18-wheeler northbound on S Cobb Drive, SE, in Cobb County, Georgia in the inside lane.

**REQUEST NO. 24**   On October 11, 2021, at approximately 9:34 p.m., Defendant Hayes made an unsafe lane change into Plaintiff's lane and collided hard with the back driver's side of Plaintiff's vehicle. The impact caused Plaintiff's vehicle to turn perpendicularly in front of the 18-wheeler. Defendant Hayes continued to push Plaintiff's vehicle down the road in this position until he finally came to a stop.

**REQUEST NO. 25**   Diagram No. 1 below is a not to scale diagram depicting the collision described in this Complaint.



Diagram No. 1

**REQUEST NO. 26**  The force of the collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 27**  The collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 28**  Defendant Hayes II Enterprise, LLC conducted its own investigation into the cause of the subject collision.

**REQUEST NO. 26**  Defendant Hayes II Enterprise, LLC concluded that Defendant Hayes was the sole cause of the subject collision.

**REQUEST NO. 27**  Following the collision described in this Complaint, Defendant Hayes II Enterprise, LLC disciplined Defendant Hayes.

**REQUEST NO. 28**  Defendant Hayes II Enterprise, LLC and/or its driver are 100% at fault for causing the subject collision.

**REQUEST NO. 29**   No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision described in this Complaint.

**REQUEST NO. 30**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 31**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 32**   No act or failure to act on the part of Plaintiff caused or contributed to Plaintiff's claimed injuries or damages.

**REQUEST NO. 33**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 34**   Plaintiff was an innocent victim in the subject collision described in his Complaint.

**REQUEST NO. 35**   Defendant Hayes II Enterprise, LLC agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 36**   Defendant Hayes agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 37**   Plaintiff did suffer injuries, damages, and losses as a result of the collision described in his Complaint.

## <u>O.C.G.A. § 9-11-33 INTERROGATORIES</u>

**INTERROGATORY NO. 1**    If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your

contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2**   For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

**INTERROGATORY NO. 3**   Please provide the weight of the subject commercial vehicle at the time of the Subject Collision.

**INTERROGATORY NO. 4**   Explain the relationship between Defendant Hayes II Enterprise, LLC and Defendant Driver Defendant Hayes at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 5**   If you maintain that Defendant Driver Hayes was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 6**   Identify and explain all communications of any kind between Defendant Driver Defendant Hayes and anyone acting for or on behalf of Defendant Hayes II Enterprise, LLC during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**INTERROGATORY NO. 7**    Identify all Defendant Hayes II Enterprise, LLC's policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Defendant Driver Hayes at the time of the Subject Collision, that dealt with or addressed defensive and/or safe driving practices and procedures.

**INTERROGATORY NO. 8**    Identify all Defendant Hayes II Enterprise, LLC's policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Defendant Driver Hayes regarding safe and defensive driving practices and procedures.

**INTERROGATORY NO. 9**    Describe in detail when and how you first became aware that Defendant Driver Defendant Hayes was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 10**   State whether you maintain that Plaintiff or any non-party has any responsibility of any kind for causing the Subject Collision and/or the injuries and damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 11**   Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 12**   Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up

to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom Defendant Hayes II Enterprise, LLC believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 13**   Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 14**   Did Defendant Hayes II Enterprise, LLC make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**INTERROGATORY NO. 15**   Identify each person Defendant Hayes II Enterprise, LLC expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 16**   Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 17**   Identify each person who provided information to the person verifying these interrogatory responses to be used or potentially used in answering the interrogatories.

**INTERROGATORY NO. 18**   For each of Plaintiff' First Request for Admissions to Defendant Hayes II Enterprise, LLC that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

### O.C.G.A. § 9-11-34 DOCUMENT REQUESTS

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Hayes II Enterprise, LLC.

**REQUEST NO. 2:**   A copy of each document retention policy in effect for Hayes II Enterprise, LLC at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

#### DRIVER

**REQUEST NO. 5:**   All documents setting forth the relationship between Defendant Hayes and Hayes II Enterprise, LLC. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:**   The contents of Defendant Hayes's driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**   All documents of any kind that relate to any pre-employment background investigation of Defendant Hayes, including without limitation any investigation of Defendant Hayes's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Hayes II Enterprise, LLC. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of Defendant Hayes.

**REQUEST NO. 9:**   All documents that relate in any way to you hiring Defendant Hayes.

**REQUEST NO. 10:** All documents that relate in any way to any orientation provided by Hayes II Enterprise, LLC to Defendant Hayes.

**REQUEST NO. 11:** All documents that relate in any way to training of Defendant Hayes. This includes, but is not limited to, all documents that show all training received by Defendant Hayes, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 12:**  All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of Hayes II Enterprise, LLC to Defendant Hayes at any time. An answer key should also be provided.

**REQUEST NO. 13:**  Copies of all documents (a) explaining how Defendant Hayes was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 14:**  A copy of the front and back of every driver's license issued to Defendant Hayes (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:**  All documents placing you on notice of any violation by Defendant Hayes of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 16:**  All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Defendant Hayes in your possession, custody, and/or control.

**REQUEST NO. 17:**  A copy of all documents relating to any violation of any safety rule or principle by Defendant Hayes at any time.

**REQUEST NO. 18:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Hayes II Enterprise, LLC directed to Defendant Hayes for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Defendant Hayes in any way relating to

the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:** A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Defendant Hayes has been involved.

**REQUEST NO. 20:** Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Defendant Hayes. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 21:** For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the vehicle that Defendant Hayes was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by Defendant Hayes or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 22:** Copies of all documents prepared by Defendant Hayes that describe the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 23:** All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Defendant Hayes that have not been produced in response to the preceding requests.

**REQUEST NO. 24:** A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Defendant Hayes in any way, that has not been produced in response to other requests above.

H<small>OURS OF</small> S<small>ERVICE</small>-R<small>ELATED</small> D<small>OCUMENTS</small>

**REQUEST NO. 25:** A copy of all Defendant Hayes's hours of service logs and any other driving logs and/or time sheets for the period beginning one-hundred-eighty (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 26:** In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what Defendant Hayes was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days (2) following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

    a.    All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

    b.    All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

    c.    All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any

kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.      All documents evidencing any and all stops; and

e.      All driver call in reports and any other documentation of any

communications between you and Defendant Hayes.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE. THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:** A copy of all audits and summaries of Defendant Hayes's hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

<u>Vehicle Information</u>

**REQUEST NO. 28:** For the vehicle involved in the Subject Incident, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance Schedules;

e.      All documents evidencing maintenance performed on the vehicle at any time within six (6) months before the Subject Incident;

f.      All documents evidencing any inspections of the vehicle during the six (6) months before the Subject Incident;

g.      All documents evidencing any repairs and/or modifications to the vehicle at any time within six (6) months before the Subject Incident;

h.      All documents evidencing any repairs made to the vehicle as a result of the Subject collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Incident; and

m.      Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:** If any data is available (whether or not downloaded or retrieved) from the vehicle or any part or system from the vehicle (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 30:** If the vehicle at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 31:** Produce copies of all e-mails between Defendant Hayes and Hayes II Enterprise, LLC for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 32:** Produce copies of all communications and transmissions between Defendant Hayes and Hayes II Enterprise, LLC that were transmitted through any system on-board of the vehicle involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 33:** If the vehicle was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 34:** To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the vehicle or anything inside or connected to any part or system of the vehicle that was involved in the Subject Incident.

**REQUEST NO. 35:** A copy of each out of service report or violation concerning the vehicle involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 36:** Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 37:** Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 38:** For the vehicle involved in the Subject Incident, produce all Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 39:** Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the vehicle.

<u>L</u><small><u>OAD</u></small>

**REQUEST NO. 40:** All documents that relate to the load being hauled by Defendant Hayes at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

### SUBJECT INCIDENT

**REQUEST NO. 41:** A copy of every document related to any investigation done by or on behalf of Hayes II Enterprise, LLC of the scene of the Subject Incident.

**REQUEST NO. 42:** All documents authored by anyone working for or on behalf of Hayes II Enterprise, LLC that set forth any facts relating to the Subject Incident.

**REQUEST NO. 43:** All documents that explain what caused the Subject Incident.

**REQUEST NO. 44:** All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 45:** If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 46:** Copies of all photographs, video, computer simulations, and any other documents depicting:

    a.    Any vehicle involved in the Subject Incident;

    b.    Any person involved in the Subject Incident;

    c.    The scene of the Subject Incident; and/or

    d.    Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 47:** Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by Defendant Hayes and those prepared by anyone working for or on behalf of Hayes II Enterprise, LLC (except lawyers).

**REQUEST NO. 48:** A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 49:** All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 50:** If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

a.      A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

b.      A copy of all reports and documents (as defined) of any kind generated by said board or entity;

c.      Documents evidencing who was on the board;

d.      Documents evidencing all criteria for review; and

e.      Determination of preventability and all other conclusions reached by said board or entity.

<u>GOVERNMENTAL CONTACT AND INTERVENTION</u>

**REQUEST NO. 51:** Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 52:** Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

## POLICY AND PROCEDURES

**REQUEST NO. 53:** Copies of all Hayes II Enterprise, LLC policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Incident, relating to:

a.      Working for or with trucking company generally (e.g., employee manual or handbook);

b.      Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

c.      Operation of a commercial vehicle;

d.      Driving safety;

e.      Defensive driving;

f.      Compliance with federal and state laws and regulations;

g.      Accident investigation;

h.      Accident review boards;

i.      Determination of preventability of accidents;

j.      Hiring, training, and supervising drivers; and

k.      Disciplinary actions.

**REQUEST NO. 54:** Copies of each document that Defendant Hayes signed to prove that Defendant Hayes received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Hayes II Enterprise, LLC.

**REQUEST NO. 55:** To the degree that Hayes II Enterprise, LLC has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other

similar documents that were not provided to Defendant Hayes before the Subject Incident, please produce them now.

**REQUEST NO. 56:** A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record, or test, maintained by your company, or used by Hayes II Enterprise, LLC, its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 57:** Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

### COMPANY

**REQUEST NO. 58:** Copy of documents showing the hierarchy of managerial positions at Hayes II Enterprise, LLC and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 59:** A copy of each document (including articles and presentations) prepared and/or presented by any Hayes II Enterprise, LLC representative relating to the safe operation of an commercial vehicle and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 60:** All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 61:** A copy of all lease and trip lease contracts applicable to Defendant Hayes and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 62:** Copies of any contract under which your company was operating the commercial vehicle in question at the time of the Subject Incident.

**REQUEST NO. 63:** A copy of Hayes II Enterprise, LLC's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 64:** Transcripts or recordings of all depositions of corporate designees for Hayes II Enterprise, LLC given in the past five (5) years in cases where it was alleged that a driver working for Hayes II Enterprise, LLC caused injury or death to another person.

**REQUEST NO. 65:** Copies of all documents putting any third party on notice of a claim arising from the Subject Incident.

**REQUEST NO. 66:** All correspondence and other communication of any kind between you and any other defendant to this Action.

**MISCELLANEOUS**

**REQUEST NO. 67:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

    a.    A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

    b.    A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

    c.    A copy of the entire file of said expert;

    d.    A current résumé or curriculum vitae for said expert; and

    e.    All billing records and work logs for said expert.

**REQUEST NO. 68:** A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 69:** Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 70:** Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 71:** Produce each document or thing that you contend evidences or supports your denial of any of Plaintiffs' Requests for Admissions.

**REQUEST NO. 72:** If any surveillance has been undertaken by or on behalf of Hayes II Enterprise, LLC, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

Served with the Complaint upon Defendant.

Respectfully submitted,

WLG ATLANTA, LLC

/s/ Rob Loar
ROB LOAR
GEORGIA STATE BAR NUMBER 602484
*ATTORNEY FOR PLAINTIFF*

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
FACSIMILE:   470-575-2792
E-MAIL:      Rob.Loar@WheriteLaw.com

State Court of Fulton County
**E-FILED**
23EV000594
1/26/2023 12:53 PM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TROY MILAN; | § | CIVIL ACTION |
| Plaintiffs, | § | |
| | § | |
| VS. | § | FILE NO. _____ |
| | § | |
| HAYES II ENTERPRISE, LLC; JAMEL | § | |
| HAYES, A/K/A JERMAL HAYES, | § | |
| JERMEL HAYES, AND/OR KIM | § | |
| JERMAL HAYES; AND BLUE HILL | § | |
| SPECIALTY INSURANCE COMPANY, | § | |
| INC.; | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF TROY MILAN'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT DRIVER JAMEL HAYES, A/K/A JERMAL HAYES, JERMEL HAYES, AND/OR KIM JERMAL HAYES SERVED WITH THE COMPLAINT**

COMES NOW PLAINTIFF Troy Milan in the above-captioned lawsuit and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36 hereby propounds the following First Request for Admissions, First Interrogatories and First Request for Production of Documents to Defendant Jamel Hayes, a/k/a Jermal Hayes, Jermel Hayes, and/or Kim Jermal Hayes, for response under oath, pursuant to the Georgia Civil Practice Act, for responses and production as provided by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data

contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

**PLAINTIFF TROY MILAN'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT DRIVER JAMEL HAYES, A/K/A JERMAL HAYES, JERMEL HAYES, AND/OR KIM JERMAL HAYES SERVED WITH THE COMPLAINT – Page 2**

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the

"**identification**" of any "**document**" means to provide the title and date of each such

document, the name and address of the party or parties responsible for the preparation

of each such document, the name and address of the party who requested or required

the preparation of the document or on whose behalf it was prepared, the name and

address of the recipient or recipients of each such document, and the names and

addresses of any and all persons who have custody or control of each such document,

or copies thereof.

4.     "**Subject Collision**" means the collision described in the Complaint.

5.     "**You**," "**Your**," or "**HAYES**" means Defendant Jamel Hayes, a/k/a Jermal Hayes,

       Jermel Hayes, and/or Kim Jermal Hayes.

6.     "**CO-DEFENDANT**" means Defendant Hayes II Enterprise, LLC.

7.     "**Similar**" shall have the meaning given in the American Heritage Dictionary,

which is "showing some resemblance; related in appearance or nature; alike but not

identical." As used here, the word "similar" shall not be limited as if modified by the word

"substantially" and shall not mean "the same". If you limit the information provided

because you use another interpretation of the word "similar," please state the

interpretation you are using and reveal the nature of the information withheld.

8.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and

disjunctively as necessary to bring within the scope of each interrogatory and request

for documents all information and documents that might otherwise be construed to be

outside its scope. The term "**and/or**" shall be construed likewise.

9.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## O.C.G.A. § 9-11-36 REQUESTS FOR ADMISSION

**REQUEST NO. 1**    Defendant Hayes is a proper party to this lawsuit.

**REQUEST NO. 2**    Defendant Hayes is properly identified in this case.

**REQUEST NO. 3**    Defendant Hayes was properly and sufficiently with process in this civil action.

**REQUEST NO. 4**    Venue is proper in this Court as to Defendant Hayes.

**REQUEST NO. 5**    Jurisdiction is proper in this Court as to Defendant Hayes.

**REQUEST NO. 6**    At the time of the collision described in this Complaint, Defendant Hayes was operating a commercial vehicle over the public roadways in Georgia.

**REQUEST NO. 7**    At the time of the collision described in this Complaint, Hayes was operating a commercial vehicle with the permission of Co-Defendant over the public roadways.

**REQUEST NO. 8**    At the time of the collision described in this Complaint, Hayes was responsible for the safe and reasonable operation of a commercial vehicle over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 9**    At the time of the collision described in this Complaint, Defendant Hayes was acting within the course and scope of his employment with Co-Defendant Hayes II Enterprise, LLC.

**REQUEST NO. 10**   At the time of the collision described in this Complaint, Defendant Hayes was acting within the course and scope of his agency with Defendant Hayes II Enterprise, LLC.

**REQUEST NO. 11**   On October 11, 2021, at approximately 9:34 p.m., Plaintiff Troy Milan was traveling northbound on S Cobb Drive, SE, in Cobb County, Georgia in the outside lane.

**REQUEST NO. 12**   On October 11, 2021, at approximately 9:34 p.m., Defendant Hayes was operating his 18-wheeler northbound on S Cobb Drive, SE, in Cobb County, Georgia in the inside lane.

**REQUEST NO. 13**   On October 11, 2021, at approximately 9:34 p.m., Defendant Hayes made an unsafe lane change into Plaintiff's lane and collided hard with the back driver's side of Plaintiff's vehicle. The impact caused Plaintiff's vehicle to turn perpendicularly in front of the 18-wheeler. Defendant Hayes continued to push Plaintiff's vehicle down the road in this position until he finally came to a stop.

**REQUEST NO. 14**   Diagram No. 1 on the next page is a not to scale diagram depicting the collision described in this Complaint.

**PLAINTIFF TROY MILAN'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT DRIVER JAMEL HAYES, A/K/A JERMAL HAYES, JERMEL HAYES, AND/OR KIM JERMAL HAYES SERVED WITH THE COMPLAINT – Page 5**



Diagram No. 1

**REQUEST NO. 15**   The collision with Defendant Hayes caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 16**   As a result of the collision, Plaintiff Troy Milan was injured and continues to suffer injuries and damages this from incident.

**REQUEST NO. 17**   Co-Defendant Hayes II Enterprise, LLC conducted its own investigation into the cause of the subject collision.

**REQUEST NO. 18**   Co-Defendant concluded that Defendant Hayes was the sole cause of the subject collision.

**REQUEST NO. 19**   Following the collision described in this Complaint, Co-Defendant disciplined Defendant Hayes.

**REQUEST NO. 20**   Co-Defendant and/or its driver are 100% at fault for causing the subject collision.

**REQUEST NO. 21**   No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision described in this Complaint.

**REQUEST NO. 22**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 23**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 24**   No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries or damages.

**REQUEST NO. 25**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 26**   Plaintiff was an innocent victim in the subject collision described in this Complaint.

**REQUEST NO. 27**   Co-Defendant agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 28**   Defendant Hayes agrees that Defendants should fairly compensate Plaintiffs for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 29**   Plaintiff did suffer injuries and damages as a result of the collision described in this Complaint.

## O.C.G.A. § 9-11-33 INTERROGATORIES

### YOUR BACKGROUND INFORMATION

**INTERROGATORY NO. 1**    State your full name, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name and explain why you changed names or went by more than one name.

**INTERROGATORY NO. 2**    For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

**INTERROGATORY NO. 3**    Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

**INTERROGATORY NO. 4**    For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past fifteen (15) years, provide the following information: name of entity or person, for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

**INTERROGATORY NO. 5**    If you have won any awards, been given special recognitions, and/or there are any accomplishments and/or achievements you are particularly proud of, please explain them and provide the date and location for them.

**INTERROGATORY NO. 6**    Identify all motor vehicle collisions that you have been involved in during the past fifteen (15) years and for each collision, describe what

**PLAINTIFF TROY MILAN'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT DRIVER JAMEL HAYES, A/K/A JERMAL HAYES, JERMEL HAYES, AND/OR KIM JERMAL HAYES SERVED WITH THE COMPLAINT – Page 8**

happened; where the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

**INTERROGATORY NO. 7**   If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years or if you have ever been convicted at any time of a felony, for each arrest, charge, warning, citation, conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

**INTERROGATORY NO. 8**   If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

**INTERROGATORY NO. 9**   Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

**INTERROGATORY NO. 10**   Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date and nature of the lawsuit.

**INTERROGATORY NO. 11**   Identify all training you have received in connection with operating a vehicle, commercial vehicle or 18-wheeler, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

## INSURANCE

**INTERROGATORY NO. 12**   For each liability insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

## SUBJECT COLLISION

**INTERROGATORY NO. 13**   Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements and accounts by explaining when, where, in what form, to whom the statement or account was given and the substance of your communication, statement, or account.

**INTERROGATORY NO. 14**   Identify all person(s) who you to your knowledge have or may have any personal knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other Incidents, claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 15**   If you maintain that either Plaintiff or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Subject Collision, and/or

**PLAINTIFF TROY MILAN'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT DRIVER JAMEL HAYES, A/K/A JERMAL HAYES, JERMEL HAYES, AND/OR KIM JERMAL HAYES SERVED WITH THE COMPLAINT – Page 10**

for causing any of the damages alleged in the Complaint for Damages, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

**INTERROGATORY NO. 16**   If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the twenty-four (24) hour period <u>immediately before</u> the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

<u>MISCELLANEOUS</u>

**INTERROGATORY NO. 17**   Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the vehicle he was driving involved in the Subject Collision at any time during each call.

**INTERROGATORY NO. 18**   Explain in detail where you were and what you were doing during the six (6) hours <u>immediately prior to</u> and the six (6) hours <u>immediately following</u> the Subject Collision.  Identify all documents that evidence your response and all people who can substantiate your response.

**INTERROGATORY NO. 19**   Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds in

regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 20**   For each of Plaintiff's First Request for Admissions addressed to you that you did not admit without qualification, state the factual support for your denial and otherwise explain in detail the reason for your refusal to admit and identify all persons and documents that support the factual basis for your response.

**INTERROGATORY NO. 21**   For each of factual allegation made in Plaintiffs' Complaint that you denied, state the factual support for your denial and otherwise explain in detail the reason for your refusal to admit, and identify all persons and documents that support the factual basis for your denial.

## O.C.G.A. § 9-11-34 DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   All documents utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Driver Hayes.

**REQUEST NO. 2:**   Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision and/or if coverage was in dispute that was in place at the time of the Subject Collision.

**REQUEST NO. 3:**   A copy of each automobile insurance policy that you had in place at the time of the Subject Collision, which provided liability coverage for the operation of the vehicle you were driving that was involved in the Subject Collision.

**REQUEST NO. 4:**    All documents that you have exchanged with any insurance

**PLAINTIFF TROY MILAN'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT DRIVER JAMEL HAYES, A/K/A JERMAL HAYES, JERMEL HAYES, AND/OR KIM JERMAL HAYES SERVED WITH THE COMPLAINT – Page 12**

company evidencing the subject collision.

**REQUEST NO. 5:**   All documents that you have exchanged with any insurance

company evidencing a lack of coverage for the Subject Collision.

**REQUEST NO. 6:**   All reservation of rights letters and/or agreements regarding

insurance coverage for the claims asserted against you arising from the Subject

Collision.

**REQUEST NO. 7:**   All documents directly or indirectly provided to and received from

any insurance company regarding your driving history, criminal history, claims history,

training, and qualification to drive and/or your insurability for motor vehicle operations.

**REQUEST NO. 8:**   All documents and driver training resources provided or made

available to you directly or indirectly by any employer, insurance company and/or that

you have reviewed in an effort to learn how to drive safely and defensively.

**YOUR INFORMATION**

**REQUEST NO. 9:**    All documents setting forth the relationship between you and any

employer for whom you were working at the time of the collision. This includes, but is

not limited to all leases, employment contracts, and independent contract agreements

and other contracts, agreements, memorandum and the like.

**REQUEST NO. 10:** A color copy of the front and back of every driver's license issued to

you (regardless of name used).

**REQUEST NO. 11:** Copies of all citations, warnings, and other documents alleging that

you violated any law, ordinance and/or regulation in the last five years.

**REQUEST NO. 12:** All documents of any kind that relate to any action (formal or

informal) by any supervisor or manager or anyone working by or on behalf of your

employer directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle or 18-wheeler.

**REQUEST NO. 13:** All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 14:** All documents relating to any complaint, criticism or concern raised by any person or entity regarding your driving performance and/or safety.  This should include, but is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 15:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the vehicle he was driving that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 12 hours before the Subject Collision and ending 24 hours after the Subject Collision.  This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 16:** All correspondence and other communication of any kind between you and any third-party (other than your attorneys) evidencing to the Subject Collision.

<u>SUBJECT COLLISION</u>

**REQUEST NO. 17:** All documents in your possession, custody and/or control relating in any way to the Subject Collision.

**REQUEST NO. 18:** All documents sent by you to any person or entity (other than your attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 19:** All documents evidencing each investigation done by or on behalf of Defendant(s) evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 20:** All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 21:** All documents that explain what caused the Subject Collision.

**REQUEST NO. 22:** All photographs, video, computer simulations, and any other documents depicting:

      a.     Any vehicle involved in the Subject Collision;

      b.     Any person involved in the Subject Collision;

      c.     The scene of the Subject Collision; and/or

      d.     Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 23:** All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 24:** All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 25:** Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a 18-wheeler within the past three years.

### MISCELLANEOUS

**REQUEST NO. 26:** All documents and other materials, which support any contention

**PLAINTIFF TROY MILAN'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT DRIVER JAMEL HAYES, A/K/A JERMAL HAYES, JERMEL HAYES, AND/OR KIM JERMAL HAYES SERVED WITH THE COMPLAINT – Page 15**

that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 27:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that depict the scene or surrounding areas of the Subject Collison or that recreate, explain or show how the Subject Collision may have occurred.

**REQUEST NO. 28:** All documents and things that you contend evidence, prove, and/or support your affirmative defenses and claims on any issue of negligence or causation or damages in this matter.

**REQUEST NO. 29:** If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video and anything else generated through that investigation.

Served with the Complaint upon Defendant.

WLG ATLANTA, LLC

/s/ Rob Loar
ROB LOAR
GEORGIA STATE BAR NUMBER 602484
*ATTORNEY FOR PLAINTIFF*

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
FACSIMILE:   470-575-2792
E-MAIL:   ROB.LOAR@WITHERITELAW.COM

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV000594**
**1/26/2023 12:53 PM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _____

TROY MILAN
_____

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010 ATLANTA, GA 30308
_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

HAYES II ENTERPRISE, LLC;
_____

23 Bermuda Street, Hattiesburg, Mississippi 39401
_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [  ] TORT | |
| [  ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $_____ |
| [  ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [  ] NEW FILING | |
| [  ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Rob Loar
_____

Address: BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
_____

City, State, Zip Code: ATLANTA, GA 30308          Phone No.: 470-881-8804

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV000594**
**1/26/2023 12:53 PM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _____

TROY MILAN
_____
BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010 ATLANTA, GA 30308
_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

JAMEL HAYES, A/K/A JERMAL HAYES, JERMEL HAYES, AND/OR KIM JERMAL HAYES

152 A Cicero Road, Beaumont, Mississippi 39423
_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Rob Loar
_____
Address: BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
_____

City, State, Zip Code: ATLANTA, GA 30308          Phone No.: 470-881-8804

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.          _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV000594
1/26/2023 12:53 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

TROY MILAN
_____

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010 ATLANTA, GA 30308
_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

BLUE HILL SPECIALTY INSURANCE COMPANY, INC.
_____

208 LaSalle Street, Suite 814, Chicago, Illinois 60604
_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Rob Loar
_____

Address:  BANK OF AMERICA PLAZA
 600 PEACHTREE STREET, NE, SUITE 4010
_____

City, State, Zip Code: ATLANTA, GA 30308         Phone No.: 470-881-8804

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV000594
2/24/2023 11:44 AM
Donald Talley, Clerk
Civil Division

## AFFIDAVIT OF SERVICE

| Case: 23EV000594 | Court: State Court of Fulton County, State of Georgia | County: Fulton | Job: 8322389 |
|---|---|---|---|
| Plaintiff / Petitioner: Troy Milan | | Defendant / Respondent: Hayes II Enterprise, LLC; Jamel Hayes, a/k/a Jermal Hayes, Jermel Hayes, and/or Kim Jermal Hayes; and Blue Hill Specialty Insurance Company, Inc.; | |
| Received by: CGA Solutions | | For: Witherite Law Group, LLC | |
| To be served upon: Blue Hill Specialty Insurance Company Inc c/o CT Corporation System, Registered Agent | | | |

I, Joe Wachowski 117-001705, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Derrick Hackett, CT Corporation System: 208 LaSalle St Suite 814 , Chicago, IL 60604 |
| **Manner of Service:** | Registered Agent, Feb 14, 2023, 2:53 pm EST |
| **Documents:** | Summons, Complaint for Damages, Plaintiff's First Request for Production of Documents and First Request for Admissions to Defendant Blue Hill Specialty Insurance Company Inc (Received Feb 1, 2023 at 10:44am EST) |

**Additional Comments:**
1) Successful Attempt: Feb 14, 2023, 2:53 pm EST at CT Corporation System: 208 LaSalle St Suite 814 , Chicago, IL 60604 received by Derrick Hackett. Age: 30-35; Ethnicity: African American; Gender: Male; Weight: 180; Height: 5'9"; Hair: Brown;
.Agent designated by CT Corporation to accept service

Joe Wachowski 117-001705          Date 2-23-23

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date 2/23/2023          Commission Expires 6/10/2023

OFFICIAL SEAL
LINDA E WACHOWSKI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/10/23

State Court of Fulton County
**E-FILED**
23EV000594
3/27/2023 3:04 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| TROY MILAN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAYES II ENTERPRISE, LLC; | ) | **Civil Action No.:** |
| JAMEL HAYES, A/K/A JERMAL | ) | **23EV000594** |
| HAYES, JERMEL HAYES, AND/OR | ) | |
| KIM JERMAL HAYES; AND BLUE | ) | |
| HILL SPECIALITY INSURANCE | ) | |
| COMPANY, INC.; | ) | |
| | ) | |
| *Defendants*. | ) | |

### ANSWER AND DEFENSES OF DEFENDANT
### BLUE HILL SPECIALITY INSURANCE COMPANY, INC.

COMES NOW BLUE HILL SPECIALITY INSURANCE COMPANY, INC. (hereinafter "Defendant"), Defendant in the above-styled case and Answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant.

### SECOND DEFENSE

Plaintiff has failed to plead with particularity his entitlement to punitive damages and Attorneys' Fees. Plaintiff's Complaint fails to state a claim for punitive damages against this Defendant, and any such damages are prohibited under Georgia law; further, any such damages are limited in scope to $250,000, absent a showing of specific intent to cause harm. Accordingly, Plaintiff's claim for punitive damages against this Defendant should be dismissed accordingly.

## THIRD DEFENSE

The statutes of the State of Georgia which would authorize the imposition of aggravated exemplary or punitive damages, are contrary, by their express terms and as they may be applied to this Defendant in this case, to the Constitution of the United States and the Georgia Constitution, and are therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate equal protection of the law by providing fewer protections for civil litigants and criminal statutes which provide for the imposition of monetary funds, and are void, inasmuch as they allow for the imposition of an excess fine. (U.S. Const., Amend V, VII, and XIV; Georgia Const. Art. 1, §1, ¶¶ 1, 2 and 17); *see also State Farm Mutual Auto Insurance Company v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (decided February 20, 2007); *Exxon Shipping Company v. Grant Baker,* 1128 S. Ct. 2605 (2008).

## FOURTH DEFENSE

No act or failure to act on the part of any agent or employee of Defendant caused or contributed to any of Mr. Milan's alleged injuries.

## FIFTH DEFENSE

If Mr. Milan sustained any of the injuries or damages alleged in the Complaint, such injuries or damages were or may have been caused by individuals or entities over which Defendant exercised no influence or control.

## SIXTH DEFENSE

Plaintiff is not entitled to recover attorney's fees because the Defendant has not acted in bad faith, been stubbornly litigious, or caused the Plaintiff unnecessary trouble and expense.

### SEVENTH DEFENSE

The injuries and/or damages alleged in the Complaint were caused by factors unrelated to the alleged negligence of Defendant, including, but not limited to, preexisting medical, genetic and/or environmental conditions, diseases, illnesses, accidents, or idiosyncratic or idiopathic reactions. Defendant has no control over such factors, and such factors were not due to, or caused by, any fault, lack of care, negligence, or breach on Defendant's part.

### EIGHTH DEFENSE

Plaintiff's claims fail in whole or in part because there is no medical causation between Defendant's conduct and Plaintiff's alleged injuries.

### NINTH DEFENSE

Plaintiff's Complaint may constitute an improper direct action against this Defendant.

### TENTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during additional investigation, research, and/or discovery.   Without limiting or waiving any defenses previously raised or herewith raised, Defendant now responds to the numbered paragraphs enumerated in Plaintiff's Complaint as follows:

1.

Defendant admits that this is an action for personal injury damages allegedly arising out of a motor vehicle crash that occurred on or about October 11, 2021, in Cobb County, Georgia. Any remaining allegations contained in Paragraph 1 of Plaintiff's Complaint are denied.

**PARTIES, JURISDICTION, AND VENUE**

2.

This Defendant is currently without information sufficient to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant is currently without information sufficient to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

The allegations contained in Paragraph 4 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, which therefore stand denied by operation of law.

5.

The allegations contained in Paragraph 5 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, which therefore stand denied by operation of law.

6.

The allegations contained in Paragraph 6 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 6 of Plaintiff's Complaint, which therefore stand denied by operation of law.

### 7.

The allegations contained in Paragraph 7 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, which therefore stand denied by operation of law.

### 8.

The allegations contained in Paragraph 8 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, which therefore stand denied by operation of law.

### 9.

The allegations contained in Paragraph 9 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, which therefore stand denied by operation of law.

### 10.

The allegations contained in Paragraph 10 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint, which therefore stand denied by operation of law.

11.

The allegations contained in Paragraph 11 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint, which therefore stand denied by operation of law.

12.

The allegations contained in Paragraph 12 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint, which therefore stand denied by operation of law.

13.

The allegations contained in Paragraph 13 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, which therefore stand denied by operation of law.

14.

The allegations contained in Paragraph 14 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, which therefore stand denied by operation of law.

15.

The allegations contained in Paragraph 15 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint, which therefore stand denied by operation of law.

16.

The allegations contained in Paragraph 16 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. Moreover, the allegations contained in Paragraph 16 of Plaintiff's Complaint call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies them.

17.

The allegations contained in Paragraph 17 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. Moreover, the allegations contained in Paragraph 17 of Plaintiff's Complaint call for a legal conclusion, and therefore, no response is required. To

the extent a response is required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies them.

18.

The allegations contained in Paragraph 18 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. Moreover, the allegations contained in Paragraph 18 of Plaintiff's Complaint call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies them.

19.

The allegations contained in Paragraph 19 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. Moreover, the allegations contained in Paragraph 19 of Plaintiff's Complaint call for a legal conclusion, and therefore, no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies them.

20.

Defendant admits that it provided liability insurance to Hayes II Enterprise, LLC, but is still investigating the exact details and limits of said insurance at this time.  Any remaining allegations contained in Paragraph 20 of Plaintiff's Complaint are denied as stated.

21.

The allegations contained in Paragraph 21 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies them.

22.

The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied as stated. Defendant admits that it issued a policy of insurance to Defendant Hayes II Enterprise, LLC, policy number 03328860-0, and that the policy was in force and effect on October 11, 2021. Any remaining allegations contained in Paragraph 22 of Plaintiff's Complaint are denied as stated.

23.

The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied as stated. Defendant admits that it issued a policy of insurance to Defendant Hayes II Enterprise, LLC, policy number 03328860-0, and that the policy was in force and effect on October 11, 2021. Any remaining allegations contained in Paragraph 23 of Plaintiff's Complaint are denied as stated.

24.

The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied as stated. Defendant admits that it is a limited liability company authorized to do business in the State of Georgia. Any remaining allegations contained in Paragraph 24 of Plaintiff's Complaint are denied as stated.

25.

The allegations contained in Paragraph 25 of Plaintiff's Complaint call for a legal conclusion, and therefore, no response is required. To the extent a response is required, the allegations contained in Paragraph 25 of Plaintiff's Complaint are denied as stated.

26.

The allegations contained in Paragraph 26 of Plaintiff's Complaint are admitted.

27.

The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied as stated.

28.

The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied as stated.

29.

The allegations contained in Paragraph 29 of Plaintiff's Complaint call for a legal conclusion, and therefore, no response is required. To the extent a response is required, the allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30.

The allegations contained in Paragraph 30 of Plaintiff's Complaint call for a legal conclusion, and therefore, no response is required. To the extent a response is required, the allegations contained in Paragraph 30 of Plaintiff's Complaint are denied.

31.

The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied as stated.

32.

The allegations contained in Paragraph 32 of Plaintiff's Complaint are admitted.

33.

The allegations contained in Paragraph 33 of Plaintiff's Complaint are admitted.

34.

The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35.

The allegations contained in Paragraph 35 of Plaintiff's Complaint are denied as to this Defendant.

## **FACTS**

36.

Defendant incorporates by reference herein its affirmative defenses and responses to the allegations contained in Paragraph 1-35 of Plaintiff's Complaint as though fully set forth herein.

37.

This Defendant is currently without information sufficient to admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

The allegations contained in Paragraph 38 of Plaintiff's Complaint are denied as stated.

39.

The allegations contained in Paragraph 39 of Plaintiff's Complaint are denied as stated.

40.

This Defendant is currently without information sufficient to admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant is currently without information sufficient to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

This Defendant is currently without information sufficient to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

This Defendant is currently without information sufficient to admit or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint. The allegations in Paragraph 43 of Plaintiff's Complaint are denied as stated.

44.

The allegations contained in Paragraph 44 of Plaintiff's Complaint are denied as stated. Defendant further states that it is separate and distinct from all individually named Defendants in the instant action. As a result, Defendant objects to Plaintiff's efforts to assert generalized allegations in this Complaint as to the "Defendants" instead of making specific allegations to this individual Defendant. The allegations in Paragraph 44 of Plaintiff's Complaint are denied as stated.

45.

This Defendant is currently without information sufficient to admit or deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

This Defendant is currently without information sufficient to admit or deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

This Defendant is currently without information sufficient to admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

This Defendant is currently without information sufficient to admit or deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

This Defendant is currently without information sufficient to admit or deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

The allegations contained in Paragraph 50 of Plaintiff's Complaint are denied as stated. Defendant further states that it is separate and distinct from all individually named Defendants in the instant action. As a result, Defendant objects to Plaintiff's efforts to assert generalized allegations in this Complaint as to the "Defendants" instead of making specific allegations to this individual Defendant. The remaining allegations in Paragraph 50 of Plaintiff's Complaint are denied as stated.

51.

This Defendant is currently without information sufficient to admit or deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

## COUNT I: NEGLIGENCE OF DEFENDANT HAYES

52.

Defendant incorporates by reference herein its affirmative defenses and responses to the allegations contained in Paragraph 1-51 of Plaintiff's Complaint as though fully set forth herein.

53.

The allegations contained in Paragraph 53 and its subparts (a)-(m) of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and its subparts (a)-(m) of Plaintiff's Complaint, which therefore stand denied by operation of law.

54.

The allegations contained in Paragraph 54 and its subparts (a)-(f) of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and its subparts (a)-(f) of Plaintiff's Complaint, which therefore stand denied by operation of law.

55.

The allegations contained in Paragraph 55 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Complaint, which therefore stand denied by operation of law.

56.

The allegations contained in Paragraph 56 and its subparts (a)-(b) of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 56 and its subparts (a)-(b) of Plaintiff's Complaint, which therefore stand denied by operation of law.

57.

The allegations contained in Paragraph 57 of Plaintiff's Complaint, including subparagraphs (a) through (g) are denied.

## **COUNT II: NEGLIGENCE OF DEFENDANT HAYES II ENTERPRISE, LLC**

58.

Defendant incorporates by reference herein its affirmative defenses and responses to the allegations contained in Paragraph 1-57 of Plaintiff's Complaint as though fully set forth herein.

59.

The allegations contained in Paragraph 59 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint, which therefore stand denied by operation of law.

60.

The allegations contained in Paragraph 60 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint, which therefore stand denied by operation of law.

61.

The allegations contained in Paragraph 61 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint, which therefore stand denied by operation of law.

62.

The allegations contained in Paragraph 62 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint, which therefore stand denied by operation of law.

63.

The allegations contained in Paragraph 63 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint, which therefore stand denied by operation of law.

64.

The allegations contained in Paragraph 64 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. Moreover, the allegations contained in Paragraph 64 of Plaintiff's Complaint call for a legal conclusion, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint, which therefore stand denied by operation of law.

65.

The allegations contained in Paragraph 65 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint, which therefore stand denied by operation of law.

66.

The allegations contained in Paragraph 66 and its subparts (a)-(g) of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and its subparts (a)-(g) of Plaintiff's Complaint, which therefore stand denied by operation of law.

67.

The allegations contained in Paragraph 67 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Complaint, which therefore stand denied by operation of law.

68.

The allegations contained in Paragraph 68 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint, which therefore stand denied by operation of law.

### COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

69.

Defendant incorporates by reference herein its affirmative defenses and responses to the allegations contained in Paragraph 1-68 of Plaintiff's Complaint as though fully set forth herein.

70.

The allegations contained in Paragraph 70 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint, which therefore stand denied by operation of law.

71.

The allegations contained in Paragraph 71 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Complaint, which therefore stand denied by operation of law.

72.

The allegations contained in Paragraph 72 of Plaintiff's Complaint are denied. Defendant further states that it is separate and distinct from all individually named Defendants in the instant action. As a result, Defendant objects to Plaintiff's efforts to assert generalized allegations in this

Complaint as to the "Defendants" instead of making specific allegations to this individual Defendant. The remaining allegations in Paragraph 72 of Plaintiff's Complaint are denied as stated.

## COUNT IV: PUNITIVE DAMAGES

73.

Defendant incorporates by reference herein its affirmative defenses and responses to the allegations contained in Paragraph 1-72 of Plaintiff's Complaint as though fully set forth herein.

74.

The allegations contained in Paragraph 74 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint, which therefore stand denied by operation of law.

75.

The allegations contained in Paragraph 75 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint, which therefore stand denied by operation of law.

76.

The allegations contained in Paragraph 76 of Plaintiff's Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 76 of Plaintiff's Complaint, which therefore stand denied by operation of law.

## TENTH DEFENSE

Any allegation stated or implied in Plaintiff's Complaint that has not been answered specifically by Defendant is hereby specifically denied. Defendant denies it is liable to Plaintiff any amount and denies Plaintiff is entitled to judgment against it under any legal theory. In response to the unnumbered paragraph following Paragraph 76 of Plaintiff's Complaint beginning with the word "WHEREFORE," Defendant denies that it is liable to Plaintiff and that Plaintiff is entitled to the relief sought.

## GENERAL DENIAL

Responding to each and every claim in Plaintiff's Complaint, Defendant denies that it is liable to Plaintiff in any way, either in law or equity. To the extent any paragraph, sentence, subparagraph, statement, or allegation in Plaintiff's Complaint is neither expressly admitted nor denied by the foregoing responsive answers and defenses, the same is hereby specifically denied. Furthermore, Defendant specifically denies that Plaintiff is entitled to any of the relief sought.

WHEREFORE having fully answered, Defendant demands Plaintiff's Complaint against it be dismissed in its entirety with all costs taxed to Plaintiff.

This 27th day of March, 2023.

**OAK BRIDGE LAW GROUP**
285 WEST WIEUCA ROAD NE
UNIT 5548
ATLANTA, GEORGIA 30342

/s/ *Benjamin P. Ralston*
**BENJAMIN P. RALSTON**
GA. BAR NO. 918489
BRALSTON@OAKBRIDGELAW.COM
**JAMES A. BROOKS**
GA. BAR NO. 733361
DBROOKS@OAKBRIDGELAW.COM
*Counsel for Defendant Blue Hill Specialty Insurance Company, Inc.*

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TROY MILAN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | |
| | ) | |
| HAYES II ENTERPRISE, LLC; | ) | **Civil Action No.:** |
| JAMEL HAYES, A/K/A JERMAL | ) | **23EV000594** |
| HAYES, JERMEL HAYES, AND/OR | ) | |
| KIM JERMAL HAYES; AND BLUE | ) | |
| HILL SPECIALITY INSURANCE | ) | |
| COMPANY, INC.; | ) | |
| | ) | |
| *Defendants.* | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a true and correct copy of the within and foregoing ANSWER AND DEFENSES OF DEFENDANT BLUE HILL SPECIALITY INSURANCE COMPANY, INC. upon all parties or their counsel of record via electronic filing system as follows:

**Rob Loar**
WLG ATLANTA, LLC
Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, Georgia 30308
Rob.loar@witheritelaw.com
*Counsel for Plaintiff*

This 27th day of March, 2023.

| | |
|---|---|
| **OAK BRIDGE LAW GROUP** | /s/ *Benjamin P. Ralston* |
| 285 WEST WIEUCA ROAD NE | **BENJAMIN P. RALSTON** |
| UNIT 5548 | GA. BAR NO. 918489 |
| ATLANTA, GEORGIA 30342 | BRALSTON@OAKBRIDGELAW.COM |
| | **JAMES A. BROOKS** |
| | GA. BAR NO. 733361 |
| | DBROOKS@OAKBRIDGELAW.COM |

*Counsel for Defendant Blue Hill Specialty Insurance Company, Inc.*

State Court of Fulton County
**E-FILED**
23EV000594
4/4/2023 4:34 PM
Donald Talley, Clerk
Civil Division

**STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

**STANDING CASE MANAGEMENT ORDER**

**FOR ALL CASES ASSIGNED TO JUDGE DIANE E. BESSEN**

It is hereby ORDERED that within 30 days of receiving this order, or within 30 days of the filing of the last Defendants' final Answer (whichever is later), all parties shall jointly efile one of the attached Consent Scheduling Orders, (Order A for Wrongful Death / Medical Malpractice / Complex Cases; Order B for all other cases) setting forth case management deadlines.

Attorneys for represented parties must forward their proposal to all pro se parties, and allow 10 days for the pro se party to review the proposal, prior to submission to the Court.

Until such time as the parties return their proposal, expert and fact discovery shall terminate six months from the date of the last answer; the parties shall have 30 days thereafter to file all dispositive motions; and the deadline to add additional counts, claims, parties, and means of liability shall terminate 30 days prior to the close of discovery. Furthermore, all terms contained in the proposed Orders, including but not limited to the Court's cautions concerning sanctions, the limitations on reply briefs, and the Court's discovery dispute resolution procedure, are hereby made the ORDER of the Court.

SO ORDERED,

_____
Judge Diane E. Bessen
State Court of Fulton County

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

,

      Plaintiff,

v.

,

      Defendant.

CIVIL ACTION FILE NO.

JUDGE BESSEN

### CONSENT CASE MANAGEMENT ORDER A
### (MEDICAL MALPRACTICE/WRONGFUL DEATH/COMPLEX CASE)

The parties are referred to the Court's Supplemental Standing Case Management Order, (22EX000093, June 1, 2022, http://fultonstate.org/chief-judge-diane-e-bessen-division-j/) for further information concerning the Court's procedures.

1.

Plaintiff's expert(s) shall be disclosed no later than _____.

Defense expert(s) shall be disclosed no later than _____.

Rebuttal expert(s) shall be disclosed no later than _____ for Plaintiff and _____ for defense.

All experts shall be deposed no later than _____.

All witnesses shall be deposed no later than _____.

The Court also reminds the parties that treating physicians **MUST** be designated as experts if they will be asked to testify as an expert on any aspect of the case.

2.

Discovery shall close no later than **12 MONTHS** after the last answer is filed, which date is _____. (This includes, but is not limited to, written discovery and depositions).

There shall be no amendments to the pleadings to add claims, counts, or methods of recovery after _____.

3.

(a) All preliminary motions, including, but not limited to, motions to dismiss, motions regarding venue, service, statute of limitations, or motions to add parties, shall be filed no later than _____, absent Court Order. (This date may be no later than 30 days after the entry of this Order).

(b) All other substantive motions, including motions for summary judgment, and *Daubert* motions, shall be filed no later than _____. (This date may be no later than 30 days after the close of discovery).

(c) There shall be no extensions of these deadlines by agreement of the parties. Any extension of time to file a motion must be made by Order of this Court. **If any motion is filed after these deadlines and without this Court's prior written approval by Order, then the motion will be untimely and may not be considered.**

(d) The parties are reminded that email addresses must be included in their signature lines, and that where a signature is set forth on a separate page from the contents of the document, the signature page must identify the parties, the case number, and the document. *See,* USCR 36.4.

4.

In the event of a discovery dispute, counsel and parties shall contact the Court's Staff Attorney at 404-613-7761 to set up a telephone conference within 90 days from the date of the response or event (e.g. deposition) that is the subject of the dispute, and in no event later than the close of discovery, absent Court Order. This must happen PRIOR TO filing any motion concerning a discovery dispute between the parties.

5.

Mediation shall be held no later than _____. (This date may be no later than 90 days after the close of discovery). Counsel and all parties, or their representatives, are to appear and participate in good faith in this mediation. Attendance by an attorney or other representative who has **full authority to settle all issues** in the action is **required.** If the client has not given such authorization to counsel, the client must also appear.

The parties are **ORDERED** to notify the Court of the date mediation was actually conducted and whether an agreement was reached.

6.

Parties shall file a request for placement on this Courts' trial calendar no later than 90 days after discovery closes. Parties desiring a special setting should contact Staff Attorney Amy Abrames, 404-613- 7761 or AmyAbrames@fultoncountyga.gov, to make such a request. The parties should notify Ms. Abrames as soon as they anticipate the likelihood of requesting a special setting, understanding both that a specially set trial date may not be available for approximately 6 months, and that the Court may deny the request.

7.

A consolidated pretrial order shall be E-filed no later than one (1) week prior to the trial calendar.

8.

**The failure to comply with the deadlines and other provisions set forth in this Case Management Order may result in the imposition of sanctions, including the striking of pleadings, the disregard of motions (particularly late-filed motions), the assessment of attorney's fees, the exclusion of evidence or witnesses at trial, and/or other sanctions this**

**Court deems warranted under the facts and circumstances.** See, *Doherty v. Brown,* 339 Ga. App. 567, 576 (2016); *OTS, Inc. v. Weinstock & Scavo, PC,* 339 Ga. App. 511, 517 (2016); *Hart v. Northside Hospital, Inc.,* 291 Ga. App. 208 (2008). Further, the Court may choose to consider motions filed outside of the deadlines set in this Order to prevent manifest injustice. See *Velasco v. Chambless,* 295 Ga. App. 377 (2008).

This the ____ day of _____, 20____.


_____
Plaintiff's Counsel


_____
Defendant's Counsel


_____
Judge Diane E. Bessen
State Court of Fulton County

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| , | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| , | JUDGE BESSEN |
| Defendant. | |

**CONSENT CASE MANAGEMENT ORDER B**
**(NONSPECIFIC/GENERAL CASES)**

After consideration of the record in this case, and pursuant to this Court's inherent authority to control discovery and the disposition of the cases on its docket, this Court **HEREBY ORDERS** as set out below. The parties are referred to the Court's Supplemental Standing Case Management Order (22EX000093, June 1, 2022), http://fultonstate.org/chief-judge-diane-e-bessen-division-j/) for further information concerning the Court's procedures.

1.

All discovery shall be completed no later than _____ including, but not limited to, identification of, written discovery from and depositions of, both fact and expert witnesses.

Expert witnesses, if any, must be disclosed no later than _____ and deposed no later than _____.

The Court also reminds the parties that treating physicians **MUST** be designated as experts if they will be asked to testify as an expert on any aspect of the case.

2.

The amendment of **any pleading** to add a party, or to add, create, or expand additional counts, claims, or means of liability, or to expand the means of recovery or damages, must be made no later than **30 days PRIOR TO the close of discovery.** Following this time period, no further amendments shall be permitted, and any pleading which is amended after this deadline, without prior leave of Court shall be immediately stricken.

3.

(a) All preliminary motions, including, but not limited to, motions to dismiss for lack of venue, jurisdiction or service; motions to dismiss on account of the expiration of the various statutes of limitation; or motions to add parties, shall be filed no later than _____, which date precedes the close of discovery absent Court Order.

(b) All substantive motions, including motions for summary judgment and *Daubert* motions, shall be filed no later than _____.

(c) Absent prior permission by the Court, no party shall file any reply briefs, which are generally disfavored.

(d) The parties are reminded that email addresses must be included in their signature lines, and that where a signature is set forth on a separate page from the contents of the document, the signature page must identify the parties, the case number, and the document. *See,* USCR 36.4.

(e) There shall be no extensions of these deadlines by agreement of the parties. Any extension of time to file a motion must be made by Order of this Court. **If any motion is filed after these deadlines and without this Court's prior written approval by Order, then the motion will be untimely and may not be considered.**

4.

In the event of a discovery dispute, counsel and parties shall email a general summary of the dispute to the Court's Staff Attorney, Amy Abrames (amy.abrames@fultoncountyga.gov), within 90 days from the date of the response or event (e.g. deposition) that is the subject of the dispute, and in no event later than the close of discovery, absent Court Order. This must happen prior to filing any motion concerning a discovery dispute between the parties.

5.

Mediation shall be scheduled and completed no later than _____ Counsel and all parties, or their representatives, are to appear and participate in good faith in this mediation. Attendance by an attorney or other representative who has **full authority to settle all issues** in the action is **REQUIRED.** If the client has not given such authorization to counsel, the client must also appear.

The parties are **ORDERED** to notify the Court of the date mediation was actually conducted and whether an agreement was reached.

6.

Parties shall file a request for placement on this Court's trial calendar no later than 90 days after the close of discovery. A consolidated pretrial order and any motions *in limine* shall be efiled **ONE WEEK** prior to the trial calendar. Those documents and witnesses upon which a litigant intends to rely affirmatively to meet his or her burden must be disclosed in the pretrial order. See *Ballard v. Meyers*, 275 Ga. 819 (2002). In the event a witness or document not previously disclosed during discovery is listed on the pretrial order, the Court may impose sanctions pursuant to paragraph seven below.

7.

**The failure to comply with the deadlines and other provisions set forth in this Case Management Order may result in the imposition of sanctions, including the striking of pleadings, the disregard of motions (particularly late-filed motions), the assessment of attorney's fees, the exclusion of evidence or witnesses at trial, and/or other sanctions this Court deems warranted under the facts and circumstances.** See, *Doherty v. Brown,* 339 Ga. App. 567, 576 (2016); *OTS, Inc. v. Weinstock & Scavo, PC,* 339 Ga. App. 511, 517 (2016); *Hart v. Northside Hospital, Inc.,* 291 Ga. App. 208 (2008). Further, the Court may choose to consider motions filed outside of the deadlines set in this Order to prevent manifest injustice. *See Velasco v. Chambless,* 295 Ga. App. 377 (2008).

This the ____ day of _____, 20____.


_____
Plaintiff's Counsel


_____
Defendant's Counsel


_____
Judge Diane E. Bessen
State Court of Fulton County

State Court of Fulton County
**E-FILED**
23EV000594
4/10/2023 9:30 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TROY MILAN, | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | ) |
| HAYES II ENTERPRISE, LLC; | ) |
| JAMEL HAYES, A/K/A JERMAL | ) |
| HAYES, JERMEL HAYES, AND/OR | ) |
| KIM JERMAL HAYES; AND BLUE | ) |
| HILL SPECIALITY INSURANCE | ) |
| COMPANY, INC.; | ) |
| | ) |
| *Defendants*. | ) |

**Civil Action No.:**
**23EV000594**

## CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify that counsel for Defendant Blue Hill Specialty Insurance Company, Inc., has this date served the following upon opposing counsel of record addressed to the parties on the attached Certificate of Service:

1) *Defendant Blue Hill Specialty Insurance Company, Inc.'s Responses and Objections to Plaintiff's First Request for Admissions;*

2) *Defendant Blue Hill Specialty Insurance Company, Inc.'s Responses and Objections to Plaintiff's First Request for Production of Documents;*

3) *Certificate of Service.*

This 10th day of April, 2023.

**OAK BRIDGE LAW GROUP**
285 WEST WIEUCA ROAD NE
UNIT 5548
ATLANTA, GEORGIA 30342

/s/ *Benjamin P. Ralston*
**BENJAMIN P. RALSTON**
GA. BAR NO. 918489
BRALSTON@OAKBRIDGELAW.COM
**JAMES A. BROOKS**
GA. BAR NO. 733361
DBROOKS@OAKBRIDGELAW.COM

*Counsel for Defendant Blue Hill Specialty
Insurance Company, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day served a true and correct copy of the within and foregoing CERTIFICATE OF SERVICE OF DISCOVERY upon all parties or their counsel of record via electronic filing system as follows:

**Rob Loar**
WLG ATLANTA, LLC
Bank of America Plaza
600 Peachtree Street, NE
Suite 4010
Atlanta, GA 30308
Rob.loar@witheritelaw.com
*Counsel for Plaintiff*

This 10th day of April, 2023.

**OAK BRIDGE LAW GROUP**
285 WEST WIEUCA ROAD NE
UNIT 5548
ATLANTA, GEORGIA 30342

/s/ *Benjamin P. Ralston*
**BENJAMIN P. RALSTON**
GA. BAR NO. 918489
BRALSTON@OAKBRIDGELAW.COM
**JAMES A. BROOKS**
GA. BAR NO. 733361
DBROOKS@OAKBRIDGELAW.COM
*Counsel for Defendant Blue Hill Specialty Insurance Company, Inc.*

State Court of Fulton County
**E-FILED**
23EV000594
4/10/2023 9:30 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

TROY MILAN,                                        )
                                                   )
    *Plaintiff*,                 )
                                                   )
v.                                                 )
                                                   )
                                                   )       **Civil Action No.:**
HAYES II ENTERPRISE, LLC;                          )       **23EV000594**
JAMEL HAYES, A/K/A JERMAL                          )
HAYES, JERMEL HAYES, AND/OR                        )
KIM JERMAL HAYES; AND BLUE                         )
HILL SPECIALITY INSURANCE                          )
COMPANY, INC.;                                     )
                                                   )
    *Defendants*.                )

---

### DEFENDANT BLUE HILL SPECIALITY INSURANCE COMPANY, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

    COMES NOW BLUE HILL SPECIALITY INSURANCE COMPANY, INC. (hereinafter "Defendant"), Defendant in the above-styled case and responds and objects to Plaintiff's First Requests for Admission as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1.

    Defendant objects to the prefatory instructions and definitions to the extent that they seek to impose discovery obligations different from or in addition to those imposed by the Georgia Civil Practice Act, which Defendant will comply with fully in responding.

2.

    Defendant objects to the disclosure of information or production of documents protected by the attorney-client privilege, the work product doctrine, and/or the insured-insurer privilege.

3.

Defendant states that this case is in the early phase of discovery and that additional information pertinent to Defendant's responses may be discovered. Therefore, Defendant reserves the right to supplement its responses as allowed by Georgia law.

## REQUESTS FOR ADMISSION

1.

Blue Hill Specialty Insurance Company, Inc. is a proper party to this lawsuit.

**RESPONSE**: **Denied as stated.**

2.

Blue Hill Specialty Insurance Company, Inc. was properly named in this case.

**RESPONSE**: **Admitted.**

3.

Blue Hill Specialty Insurance Company, Inc. was properly and sufficiently served with process in this civil action.

**RESPONSE**: **Admitted.**

4.

Venue is proper in this Court as to Blue Hill Specialty Insurance Company, Inc.

**RESPONSE**: **Denied as to this Defendant.**

5.

Jurisdiction is proper in this Court as to Blue Hill Specialty Insurance Company, Inc.

**RESPONSE**: **Denied as to this Defendant.**

6.

Defendant Hayes II Enterprise, LLC is a foreign limited liability company with its principal place of business located in Beaumont, Mississippi.

**RESPONSE**: **Upon information and belief, admitted.**

7.

At all times material to this Complaint, the United States Department of Transportation's Federal Motor Carrier Safety Administration assigned Defendant Hayes II Enterprise, LLC with USDOT No. 2999000.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

8.

At the time of the collision described in this Complaint, Defendant Hayes II Enterprise, LLC was operating as an authorized for-hire, interstate motor carrier.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

9.

At the time of the collision described in this Complaint, Defendant Hayes II Enterprise, LLC had affixed signage and placard on the doors of the commercial vehicle identifying the vehicle as one that was being operated by USDOT No. 2999000.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

10.

At the time of the collision described in this Complaint, Defendant Hayes II Enterprise, LLC was operating as an authorized for-hire, interstate motor carrier and continues to operate as an authorized for-hire, interstate motor carrier.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

11.

Defendant Hayes II Enterprise, LLC is engaged in business as an interstate motor carrier transporting general freight for compensation and does business in Georgia, including in Fulton County, Georgia.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

12.

At the time of the Subject Complaint, Defendant Hayes II Enterprise, LLC had automobile liability coverage for any damages that were caused through the negligent operation of the commercial vehicle that Defendant Hayes was operating at the time of the subject collision.

**RESPONSE**: **Admitted.**

13.

The liability coverage for the collision described in this Complaint is being provided to Defendant Hayes II Enterprise, LLC through a policy of insurance issued by Blue Hill Specialty Insurance Company, Inc., which provides coverage to Defendants for any damages, including bodily injury, that were caused through the negligent operation of the commercial vehicle that Defendant was operating at the time of the subject collision.

**RESPONSE**: **Admitted.**

14.

Defendant Blue Hill Specialty Insurance Company, Inc. is subject to the jurisdiction of this Court and Plaintiff's claims for compensation for the negligence of its Co-Defendant insured Hayes II Enterprise, LLC, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140 and Georgia law, because Blue Hill Specialty Insurance Company, Inc. was the insurer providing liability coverage for the Defendant motor carrier at the time of the collision described in this Complaint.

**RESPONSE**: **Defendant objects to this Request to the extent it calls for a legal conclusion. Further responding and without waiving any objection, denied as stated.**

15.

Blue Hill Specialty Insurance Company, Inc. may be served with summons and complaint through its registered agent for service of process: CT Corporation System, 208 LaSalle Street, Suite 814, Chicago, Illinois 60604.

**RESPONSE**: **Admitted.**

16.

Defendant Blue Hill Specialty Insurance Company, Inc. does business and maintains an agent in the state of Georgia.

**RESPONSE**: **Denied as stated.**

17.

Venue in the above-styled civil action is proper as to Blue Hill Specialty Insurance Company, Inc. in this County and Court, because Blue Hill Specialty Insurance Company, Inc. maintains agents within Fulton County, Georgia.

**RESPONSE**: **Defendant objects to this Request to the extent it calls for a legal conclusion. Further responding and without waiving any objection, denied as stated.**

18.

Defendant Blue Hill Specialty Insurance Company, Inc. agrees that Defendant Hayes' negligent operation of the commercial vehicle was the sole cause of the collision described herein.

**RESPONSE**: **Denied.**

19.

Defendant Blue Hill Specialty Insurance Company, Inc. agrees that it should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

**RESPONSE**: **Denied.**

20.

At the time of the Subject Collision, Defendant Hayes II Enterprise, LLC was the owner of the commercial vehicle involved in the Subject Collision.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

21.

Hayes was the driver of the commercial vehicle that collided with Plaintiff's vehicle.

**RESPONSE**: **Upon information and belief, admitted.**

22.

Hayes changed lanes when unsafe to do so.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

23.

Hayes failed to drive at a reasonable and prudent speed under the conditions.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

24.

Hayes failed to keep an assured safe distance from Plaintiff's vehicle.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

25.

Hayes failed to maintain proper control of his commercial vehicle.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

26.

Hayes failed to timely apply the brakes of his commercial vehicle.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

27.

Hayes failed to keep a proper lookout for traffic.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

28.

Hayes failed to make reasonable and proper observations while driving.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

29.

Hayes failed to safely operate his commercial vehicle.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

30.

Hayes failed to obey traffic laws.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

31.

Hayes gave a recorded statement to his liability insurance carrier.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

32.

Hayes had a mobile cellular device present inside his vehicle at the time of the Subject

Collision.

**RESPONSE: Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

32.

Hayes had more than one (1) mobile cellular device was present inside his vehicle at the

time of the Subject Collision.

**RESPONSE: Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

33.

Hayes was using at least one mobile cellular device in his vehicle at the time of the Subject

Collision.

**RESPONSE: Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

34.

Hayes was using more than one (1) mobile cellular device inside his vehicle at the time of

the Subject Collision.

**RESPONSE: Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

35.

Hayes was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**RESPONSE: Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

36.

Hayes was using a mobile cellular device as he approached Plaintiff's vehicle.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

37.

While at the scene of the collision, Hayes conversed with at least one person about what had happened before during and /or after the Subject Collision using a mobile cellular device.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

38.

While at the scene of the collision, Hayes texted at least one person about what had happened before during and /or after the Subject Collision using a mobile cellular device.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

39.

While at the scene of the collision, Hayes had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved and/or the persons involved.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

40.

While at the scene of the collision, Hayes took at least one photograph of the scene of the Subject Collision, the vehicles involved and/or the persons involved using a mobile cellular device.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

41.

While at the scene of the collision, Hayes took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved and/or the persons involved.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

42.

While at the scene of the collision, Hayes took audio recording(s) of the scene of the Subject Collision, the vehicles involved and/or the persons involved using a mobile cellular device.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

43.

No act of Plaintiff caused or contributed to the cause of the Subject Collision.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

44.

No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

45.

Plaintiff was an innocent victim in the Subject Collison.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

46.

No act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

47.

No visual obstructions existed leading up to the collision that would have prevented Hayes from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

48.

No visual obstructions existed leading up to the collision that would have prevented Hayes from seeing Plaintiff's vehicle in the seven-hundred-fifty (750) feet prior to the Subject Collision.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

49.

No visual obstructions existed leading up to the rear-end collision that would have prevented Hayes from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

**RESPONSE**: **Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

50.

Hayes is solely responsible for causing the Subject Collision.

**RESPONSE: Defendant has made reasonable inquiry into this Request and the information known or readily obtainable to this Defendant at this early stage of discovery is insufficient to either admit or deny this Request; as such, this Request is denied.**

This 10th day of April, 2023.

OAK BRIDGE LAW GROUP                    /s/ Benjamin P. Ralston
285 WEST WIEUCA ROAD NE                 **BENJAMIN P. RALSTON**
UNIT 5548                               GA. BAR NO. 918489
ATLANTA, GEORGIA 30342                  BRALSTON@OAKBRIDGELAW.COM
                                        **JAMES A. BROOKS**
                                        GA. BAR NO. 733361
                                        DBROOKS@OAKBRIDGELAW.COM
                                        *Counsel for Defendant Blue Hill Specialty*
                                        *Insurance Company, Inc.*

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| TROY MILAN, | ) |
| | ) |
|     *Plaintiff,* | ) |
| v. | ) |
| | ) |
| HAYES II ENTERPRISE, LLC; | ) |
| JAMEL HAYES, A/K/A JERMAL | ) |
| HAYES, JERMEL HAYES, AND/OR | ) |
| KIM JERMAL HAYES; AND BLUE | ) |
| HILL SPECIALITY INSURANCE | ) |
| COMPANY, INC.; | ) |
| | ) |
|     *Defendants*. | ) |

**Civil Action No.:**
**23EV000594**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a true and correct copy of the within and foregoing DEFENDANT BLUE HILL SPECIALITY INSURANCE COMPANY, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION upon all parties or their counsel of record via electronic filing system as follows:

**Rob Loar**
WLG ATLANTA, LLC
Bank of America Plaza
600 Peachtree Street, NE
Suite 4010
Atlanta, GA 30308
Rob.loar@witheritelaw.com
*Counsel for Plaintiff*

This 10th day of April, 2023.

**OAK BRIDGE LAW GROUP**
285 WEST WIEUCA ROAD NE
UNIT 5548
ATLANTA, GEORGIA 30342

/s/ *Benjamin P. Ralston*
**BENJAMIN P. RALSTON**
GA. BAR NO. 918489
BRALSTON@OAKBRIDGELAW.COM
**JAMES A. BROOKS**
GA. BAR NO. 733361
DBROOKS@OAKBRIDGELAW.COM

*Counsel for Defendant Blue Hill Specialty Insurance Company, Inc.*

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV000594**
**5/11/2023 12:11 PM**
**Donald Talley, Clerk**
**Civil Division**

**TO**:              All Judges, Clerks of Court, and Counsel of Record

**FROM**:        Rob Loar

**DATE**:         May 11, 2023

**RE**:              Notice of Leave of Absence


**COMES NOW**, Rob Loar, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.

The periods of time during which Applicant will be away from the practice of law are:

- May 11, 2023, through and including May 12, 2023.

- July 24, 2023, through and including August 2, 2023.

- November 9, 2023, through and including November 10, 2023.

- November 27, 2023, through and including November 28, 2023.

2.

All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

Respectfully submitted this 11th day of May, 2023.

WLG Atlanta, LLC

*/s/ Rob Loar*
ROB LOAR
Georgia Bar No. 602484
**ATTORNEY FOR PLAINTIFF**

600 West Peachtree Street, Ste 4010
Atlanta, GA 30308
Telephone:      4705752792
Facsimile:      4705752792
E-Mail:         rob.loar@witheritelaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the within and foregoing **Notice of Leave of Absence** upon all judges, clerks, and opposing counsel listed on the attached Exhibit "A" electronically via e-file.

11th day of May, 2023.

WLG Atlanta, LLC

*/s/ Rob Loar*
ROB LOAR
Georgia Bar No. 24081007
**ATTORNEY FOR PLAINTIFF**

600 West Peachtree Street, Ste 4010
Atlanta, GA 30308
Telephone:     4705752792
Facsimile:     4705752792
E-Mail:     rob.loar@witheritelaw.com

**EXHIBIT "A"**

| CASE | NAME OF JUDGE & COURT | OPPOSING COUNSEL |
| --- | --- | --- |
| *Denise Stone v. Rum Passion, LLC, and Ivordale S. Henry*<br><br>*CAFN: 22A01561* | Honorable Wayne M. Purdom<br>State Court of DeKalb County<br>556 N. McDonough Street<br>Decatur, GA 30033 | V. Morgan Carroll, Esq.<br>McMickle, Kurey and Branch, LLP |
| *Cedric Jett, Sr.and Ronna Jett v. Walter Turner; Mercer Transportation Co., Inc.; S&W Trucking Blackshear GA LLC; and Old Republic Insurance Company*<br><br>*CAFN: 22EV005374* | Honorable Diane E. Bessen<br>Fulton County State Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Warner S. Fox, Esq.<br>Hawkins Parnell & Young LLP |
| *Thomas Fambro v. Tyler Burch, Great Towing Services Inc.; Robert G. Phipps D/B/A Gold Medal Towing LLC; and Amguard Insurance Company*<br><br>*CAFN: 22A02023* | Honorable Alvin T. Wong<br>State Court of DeKalb County<br>556 N. McDonough Street<br>Decatur, GA 30033 | Jennifer S. Ray, Esq.<br>Eric L. Trivett, Esq.<br>Speed, Seta, Martin, Trivett & Stubley, LLC |
| *Eva Okonne v. Zane Todd; Ascend Leasing, LLC, F/K/A Milan Supply Chain Solutions, Inc.; and Great West Casualty Company*<br><br>*CAFN: 22EV004519* | Honorable Diane E. Bessen<br>Fulton County State Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Dawn M. Rivera<br>Lewis Brisbois Bisgaard & Smith, LLP |
| *Alicia Herndon v. Jayden Cobb Trucking LLC, Cobb Transportation, Inc., RPM Corp., Extreme Logistics Inc., Unique Freight Lines, Inc., Road Tex Lines, Inc., Deric Brown, and Progressive Southeastern Insurance Company*<br><br>*CAFN: 2022CV01614* | Honorable Margaret Spencer<br>Clayton County State Court<br>9151 Tara Blvd.<br>Jonesboro, GA 30236 | Vera J. Starks, Esq.<br>Fain, Major, & Brennan, P.C.<br><br>Christopher Harrison, Esq.<br>Downey & Cleveland, LLP<br><br>Ms. Melissa C. Greene<br>Copeland, Stair, Valz & Lovell, LLP |
| *Joseph Salda, individually and as the parent and natural guardian of J.S., A Minor, v.* | Honorable Shawn F. Bratton | Stephen J. Cohen, Esq.<br>Copeland, Stair, Valz & Lovell, LLP |

| | | |
|---|---|---|
| *Liebrock & Liebrock Logistics LLC; Foster Early; Fair American Insurance And Reinsurance Company; Amazon Logistics, Inc.; And Amazon.Com Services, LLC*<br><br>*CAFN: 22-C-04273-S2* | State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Frank Brannen, Esq.<br>Lewis Brisbois Bisgaard & Smith LLP<br><br>Vonetta Benjamin, Esq.<br>Wilson Elser Moskowitz Edelman & Dickler, LLP<br><br>Ms. Claire A. Sumner<br>Lueder, Larkin, & Hunter, LLC |
| *Jadaha Banks-Brown v. Drake Nathaniel Myrick; Route First Logistics, LLC; Amazon.Com Services LLC; and Amazon.Com Sales, Inc.*<br><br>*CAFN: 21 EV002878* | Honorable Wesley B. Tailor<br>Fulton County State Court<br>185 Central Avenue, Suite T3905<br>Atlanta, GA 30303 | Jason S. Stewart, Esq.<br>Parks K. Stone, Esq.<br>Eleanor G. Jolley, Esq.<br>Wilson, Elser, Moskowitz, Edelman & Dicker, LLC<br><br>Ashley House Hill, Esq.<br>James S. Strawinski, Esq.<br>Strawinski & Stout, PC<br><br>Ms. Alisa Steinberg Connell<br>Worsham Corsi Scott & Dobur |
| *Darien Robinson v. Deshune Ross; New Era Freight Solutions, LLC; and Berkshire Hathaway Direct Insurance Company*<br><br>*CAFN: 2022CV02075* | Honorable Margaret Spencer<br>State Court of Clayton County<br>9151 Tara Boulevard<br>Jonesboro, GA 30236 | Lyra G. Foster<br>Grant B. Smith<br>Dennis, Corry, Smith, & Dixon, L.L.P. |
| *Sharon Wesley v. Ronaldo Diaz-Urbano; Brito Supermarkets, Inc.; Brito Produce Co.;  Jesus Brito; Global Produce LLC; and State Farm Mutual Automobile Insurance Company*<br><br>*CAFN: 2022CV02068* | Honorable Shalonda Jones-Parker<br>State Court of Clayton County<br>9151 Tara Boulevard<br>Jonesboro, GA 30236 | Jackson Griner<br>Christopher Harrison<br>Downey Cleveland |
| *Kevin Jackson v. Kevin Wright; Tidewater Transit Co, Inc.; and National Union Fire Insurance Company of Pittsburgh, PA*<br><br>*CAFN:  22EV005010* | Honorable Myra H. Dixon<br>Fulton County State Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Eleanor G. Jolley<br>Wilson, Elser, Moskowitz, Edelman & Dicker LLP |

| | | |
|---|---|---|
| *Troy Brown, Sr. v. Brandon Sutphin; Sienna Contracting, Inc.; and National Indemnity Company*<br><br>*CAFN: 22A04033* | Honorable Wayne M. Purdom<br>DeKalb County Courthouse<br>556 N. McDonough Street<br>Decatur, GA 30033 | Lyra G. Foster<br>Grant B. Smith<br>Dennis, Corry, Smith, & Dixon, L.L.P. |
| *Tyrell Superville v. Metropolitan Atlanta Rapid Transit Authority; and Whitney Hadley*<br><br>*CAFN: 2022CV371933* | Honorable Shukura L. Ingram<br>Fulton County Superior Court<br>136 Pryor Street, Suite C155<br>Atlanta, GA 30303 | Mr. Paul Henefeld<br>Henefeld & Green, P .C. |
| *Shawanna Ware; and Muriam Finney, individually and as the parent and natural guardian of S.G. v. Thomas Partridge; Waheed Inc.; and Liberty Mutual Insurance Company*<br><br>*CAFN: 2022CV01275* | State Court of Clayton County<br>9151 Tara Boulevard<br>Jonesboro, GA 30236 | Ms. Melissa Roth<br>Ms. Nadia Nickerson<br>Law Offices of McLaughlin & Ream |
| *Dream Gist v. Myers Shipping Inc.; James Baker Bell; and Progressive Mountain Insurance Company*<br><br>*CAFN: 22A03271* | Honorable Wayne M. Purdom<br>DeKalb County Courthouse<br>556 N. McDonough Street<br>Decatur, GA 30033 | Mr. Kevin T. Shires<br>Shires, Peake & Gottlieb, LLC |
| *Kenneth Fortson v. Buggay Motorsports, Inc.*<br><br>*CAFN: 22SV0121E* | Honorable Seay VanPatten Poulakos<br>Coweta County State Court<br>72 Greenville Street,<br>P.O Box 1302<br>Newnan, GA 30264 | Mr. Scott H. Moulton<br>Mr. Mark D. Christopher<br>Quintairos, Prieto, Wood & Boyer PA |
| *Renee Fortson v. Daryl Weeks; Waste Industries Atlanta, LLC.; and Ace American Insurance*<br><br>*CAFN: 22EV003959* | Honorable Myra H. Dixon<br>Fulton County State Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Andrew H. Tyner<br>Walter J. Bibbins, Jr.<br>Hall Booth Smith, P.C. |
| *Bronwyn Eberhardt v. Charles Potts; Treashunda Smith; Pioneer Transport, Inc.; and Cherokee Insurance Company*<br><br>*CAFN: 2022CV01949* | Honorable Tammi Hayward<br>9151 Tara Boulevard<br>Jonesboro, GA 30236 | Jason Wyrick<br>Ted S. Huggins<br>Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP<br><br>Russell B. Davis |

|  |  | Downey & Cleveland LLP |
|---|---|---|
| *Alphonso Watt v. Evans Delivery Company, Inc.*<br><br>*CAFN:  22A04353* | Honorable Mike Jacobs<br>DeKalb County Courthouse<br>556 N. McDonough Street<br>Decatur, GA 30033 | Andrew Treese<br>Freeman Mathis & Gary, LLP |
| *Pamela Youmous v.  Bag Chasers Trucking LLC; Steven Blackshear; and Berkshire Hathaway Direct Insurance Company*<br><br>*CAFN:  22EV006175* | Honorable Susan E. Edlein<br>Fulton County State Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Mr. Dave Nelson<br>Chambless Higdon Richardson Katz & Griggs LLP |
| *Arzialous Slack, Jr. v. S&W Services of Atlanta, Inc.; D/B/A S & W Towing;  Edward Snider; and Benchmark Insurance Company*<br><br>*CAFN:  22A04893* | Honorable Alvin T. Wong<br>DeKalb County State Court<br>556 N. McDonough Street<br>Decatur, GA 30033 | Rachel W. Mathews<br>Swift, Currie, McGhee & Hiers, LLP |
| *Trenekia Hocker, et al. v. Carlos Gutierrez; Commercial Concrete Systems, LLC; and Zurich American Insurance Company*<br><br>*CAFN:  22EV005675* | Honorable Jane Morrison<br>Fulton County State Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Mr. Thomas G. Tidwell<br>Cozen O'Connor |
| *Johnese Harris v. Jeanine Littles; Social Elements LLC, Scientific Direct Logistics LLC; More Power Logistics LLC; and Amtrust North America, Inc.*<br><br>*CAFN:  22EV005398* | Honorable Susan E. Edlein<br>Fulton County State Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Mr. Matthew A. Nanninga<br>Mr. Neil A. Brunetz<br>Drew Eckl & Farnham, LLP |
| *Yvonne Edman v. Highway Services, Inc.; Raul Ramos; and Progressive Mountain Insurance Company*<br><br>*CAFN:  22EV006175* | Douglas County State Court<br>8700 Hospital Drive<br>Douglasville, GA 30134 | Meghan E. Olson<br>Fain Major & Brennan, PC |
| *James Williams v. A & H Transport, Inc.; Douglas* | Honorable Susan E. Edlein<br>Fulton County State Court | Bryan M. Hausner<br>Worsham, Corsi Dobur & Berss |

| | | |
|---|---|---|
| *Wiggins; and Progressive Mountain Insurance Company*<br><br>*CAFN:  22EV006887* | 185 Central Avenue SW<br>Atlanta, GA 30303 | Leslie Claxton<br>Fain, Major & Brennan, P.C<br><br>Anna K. Beaton<br>Copeland, Stair, Kingma & Lovell, LLP |
| *Rashid Ali v. JED Global Logistics Inc, et al.*<br><br>*CAFN:  23EV001318* | Honorable Susan E. Edlein<br>Fulton County State Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Grant B. Smith<br>Dennis, Corry, Smith, & Dixon, L.L.P. |
| *Shauna Baugh v. Wal-Mart Transportation, LLC, et al.*<br><br>*CAFN:  23A00976* | Honorable Kimberly Anderson<br>DeKalb County State Court<br>556 N. McDonough Street<br>Decatur, GA 30033 | Andrew T. Craft<br>Lewis Brisbois Bisgaard & Smith LLP |
| *Karen Brown v. Tonji White, et al.*<br><br>*CAFN:  22A01849* | Honorable Wayne Purdom<br>DeKalb County State Court<br>556 N. McDonough Street<br>Decatur, GA 30033 | Michael J. Moore<br>Strickland & Schwartz, LLC<br><br>Mr. Joseph Y. Rahimi, II<br>Rahimi, Hughes & Padgett, LLC<br><br>Larry G. Cobb<br>Dodson & Associates |
| *Elaine Wilkerson v. Gary Montgomery, et al.*<br><br>*CAFN:  2022SV-0342* | Honorable Eddie Barker<br>Fayette County State Court<br>One Center Drive<br>Fayetteville, GA 39214 | Gregory L. Finch<br>Bouhan Falligant LLP<br><br>John W. Adkins<br>Johnson & Ward, LLC |
| *Michael Branch v. SiteOne Landscape Supply LLC, et al.*<br><br>*CAFN:  23EV001577* | Honorable Susan E. Edlein<br>Fulton County State Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Michael R. Boorman<br>Watson Spence LLP<br><br>Mr. Paul Petersen, III<br>Hall Booth Smith, P.C. |
| *Zana Moore v. Randal Lowe Plumbing, et al.*<br><br>*CAFN:  23-A-87* | Honorable Eric Brewton<br>Cobb County State Court<br>12 East Park Square<br>Marietta, GA 30090 | Matthew F. Barr<br>Hawkins Parnell & Young, LLP |
| *Schanequa Robinson v. Paper Plane Logistics, LLC. et al.*<br><br>*CAFN:  23EV002002* | Honorable Eric A. Richardson<br>Fulton County State Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 | TBD |

| | | |
|---|---|---|
| *Laquavea Walker v. The Estate of Travis Shane Stepanski, Deceased, et al.*<br><br>*CAFN: 22SV00396* | Honorable Eddie Barker<br>Douglas County State Court<br>8700 Hospital Drive<br>Main Floor<br>Douglasville, GA 30134 | Byron Watson<br>Young, Thagard, Hoffman, LLP |
| *Troy Milan v. Hayes II Enterprise, LLC, et al.*<br><br>*CAFN: 23V000594* | Honorable Diane Bessen<br>Fulton County State Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Kevin T. Shires<br>Shires, Peake & Gottlieb, LLC<br>Ben Ralston<br>Oakbridge Law Firm |
| *Sabrina Lee v. Woodgrain Transportation LLC, et al.*<br><br>*23EV002621* | Honorable John R. Mather<br>Fulton County State Court<br>185 Central Avenue SW<br>Atlanta, GA 30303 | TBD |