IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TROY MILAN, | |
| *Plaintiff*, | |
| v. | Civil Action No.: |
| HAYES II ENTERPRISE, LLC; JAMEL HAYES, A/K/A JERMAL HAYES, AND/OR KIM JERMAL HAYES; AND BLUE HILL SPECIALTY INSURANCE COMPANY, INC., | |
| *Defendants*. | |

## **DEFENDANT, HAYES II ENTERPRISE, LLC'S, ANSWER TO THE PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Hayes II Enterprise, LLC (hereinafter referred to as "Defendant" or "Defendant Hayes Enterprise"), a named Defendant in the above-styled cause of action, by and through its attorney of record, and files its Answer to the Plaintiff's Complaint and states as follows:

## **FIRST DEFENSE**

The Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted.

## **SECOND DEFENSE**

This Defendant shows that it was not negligent in any manner whatsoever in

connection with the injuries sustained by the Plaintiff and such injuries were due to circumstances outside this Defendant's control.

## **THIRD DEFENSE**

The Plaintiff's Complaint should be dismissed against this Defendant on the grounds that the damages alleged by Plaintiff were caused by an intervening and superseding cause over which this Defendant had no control and, therefore, the Plaintiff cannot recover from this Defendant.

## **FOURTH DEFENSE**

To the extent that Plaintiff seeks punitive damages the statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendants in this case, to the Constitution of the United States and the Georgia Constitution and are, therefore, are void inasmuch as said statutes do not provide fair notice of: (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of the Defendant, (2) the ratio of any punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct.  See BMW of North America, Inc. v. Gore, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996); Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 113

L.Ed.2d 1, 111 S.Ct. 1032 (1991).  The imposition of same also is violative of, among others U.S. Const. amends V, VIII and XIV, and Ga. Const. Art. 1, Section 1, Paragraphs 1, 2, and 17.

## FIFTH DEFENSE

This Defendant asserts that the negligence of the Plaintiff was the sole proximate cause of the subject accident and, therefore, the Plaintiff cannot recover against this Defendant.

## SIXTH DEFENSE

This Defendant asserts that the negligence of the Plaintiff was equal to or greater than any negligence of this Defendant and, therefore, the Plaintiff cannot recover against this Defendant.

## SEVENTH DEFENSE

This Defendant asserts that the negligence of the Plaintiff caused or contributed to the occurrence of the incident made the basis of the Plaintiff's Complaint and that as a consequence the Plaintiff's Complaint should be dismissed, or Plaintiff's damages diminished proportionate to the negligence of the Plaintiff.

## EIGHTH DEFENSE

This Defendant incorporates hereby by reference all affirmative defenses contained in Rule 8(c) of the Federal Rules of Civil Procedure as if set out fully herein and on the basis of such affirmative defenses the Plaintiff's Complaint should

be dismissed.

## NINTH DEFENSE

This Defendant states that no act or omission of this Defendant proximately caused any injuries claimed by the Plaintiff and, therefore, the Plaintiff cannot recover against this Defendant.

## TENTH DEFENSE

This Defendant incorporates hereby by reference all affirmative defenses contained in Rule 12(b) of the Federal Rules of Civil Procedure as if set out fully herein and on the basis of such affirmative defenses the Plaintiff's Complaint should be dismissed.

## ELEVENTH DEFENSE

Responding to the specific allegations of the Plaintiff's Complaint, this Defendant shows the Court the following:

1.

This Defendant is without sufficient information or knowledge to admit or deny the specific allegations contained in Paragraph No. 1 of the Plaintiff's Complaint.  Therefore, these allegations are denied.

## PARTIES, JURISDICTION AND VENUE

2.

This Defendant is without sufficient information or knowledge to admit or

deny the specific allegations contained in Paragraph No. 2 of the Plaintiff's Complaint. Therefore, these allegations are denied.

3.

This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 3 of the Plaintiff's Complaint. Therefore, these allegations are denied.

4.

This Defendant denies the allegations contained in Paragraph No. 4 of the Plaintiff's Complaint as stated.

5.

This Defendant admits allegations contained in Paragraph No. 5 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

6.

This Defendant denies the allegations contained in Paragraph No. 6 of the Plaintiff's Complaint as stated. By way of further response, this Defendant states that it acknowledged service of the Plaintiff's Complaint.

7.

This Defendant denies the allegations contained in Paragraph No. 7 of the Plaintiff's Complaint as stated. By way of further response, this Defendant states

that it acknowledged service of the Plaintiff's Complaint.

8.

This Defendant admits the allegations contained in Paragraph No. 8 of the Plaintiff's Complaint.

9.

This Defendant admits the allegations contained in Paragraph No. 9 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

10.

This Defendant admits the allegations contained in Paragraph No. 10 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

11.

This Defendant is without sufficient information, knowledge or legal training to admit or deny the allegations contained in Paragraph No. 11 of the Plaintiff's Complaint.  Therefore, these allegations are denied.

12.

This Defendant admits the allegations contained in Paragraph No. 12 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

13.

This Defendant denies the allegations contained in Paragraph No. 13 of the Plaintiff's Complaint as stated.  By way of further response, this Defendant states that it acknowledged service of the Plaintiff's Complaint.

14.

This Defendant denies the allegations contained in Paragraph No. 14 of the Plaintiff's Complaint as stated.  By way of further response, this Defendant states that it acknowledged service of the Plaintiff's Complaint.

15.

This Defendant admits allegations contained in Paragraph No. 15 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

16.

This Defendant denies the allegations contained in Paragraph No. 16 of the Plaintiff's Complaint as they pertain to the State Court of Fulton County, Georgia.

17.

This Defendant is without sufficient information, knowledge or legal training to admit or deny the allegations contained in Paragraph No. 17 of the Plaintiff's Complaint.  Therefore, these allegations are denied.

18.

This Defendant admits the allegations contained in Paragraph No. 18 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

19.

This Defendant admits the allegations contained in Paragraph No. 19 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

20.

This Defendant admits the allegations contained in Paragraph No. 20 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

21.

This Defendant admits the allegations contained in Paragraph No. 21 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

22.

This Defendant denies the allegations contained in Paragraph No. 22 of the Plaintiff's Complaint as stated.  By way of further response, this Defendant states that it did have a policy of insurance with Defendant Blue Hill Specialty Insurance

Company existing at the time of the subject incident.

23.

This Defendant denies the allegations contained in Paragraph No. 23 of the Plaintiff's Complaint as stated.  By way of further response, this Defendant states that it did have a policy of insurance with Defendant Blue Hill Specialty Insurance Company existing at the time of the subject incident.

24.

This Defendant is without sufficient information or knowledge to admit or deny the specific allegations contained in Paragraph No. 24 of the Plaintiff's Complaint.  Therefore, these allegations are denied.

25.

This Defendant is without sufficient information or knowledge to admit or deny the specific allegations contained in Paragraph No. 25 of the Plaintiff's Complaint.  Therefore, these allegations are denied.

26.

This Defendant is without sufficient information or knowledge to admit or deny the specific allegations contained in Paragraph No. 26 of the Plaintiff's Complaint.  Therefore, these allegations are denied.

27.

This Defendant is without sufficient information or knowledge to admit or

deny the specific allegations contained in Paragraph No. 27 of the Plaintiff's Complaint. Therefore, these allegations are denied.

28.

This Defendant is without sufficient information or knowledge to admit or deny the specific allegations contained in Paragraph No. 28 of the Plaintiff's Complaint. Therefore, these allegations are denied.

29.

This Defendant is without sufficient information or knowledge to admit or deny the specific allegations contained in Paragraph No. 29 of the Plaintiff's Complaint. Therefore, these allegations are denied.

30.

This Defendant is without sufficient information or knowledge to admit or deny the specific allegations contained in Paragraph No. 30 of the Plaintiff's Complaint. Therefore, these allegations are denied.

31.

This Defendant is without sufficient information or knowledge to admit or deny the specific allegations contained in Paragraph No. 31 of the Plaintiff's Complaint. Therefore, these allegations are denied.

32.

This Defendant is without sufficient information or knowledge to admit or

deny the specific allegations contained in Paragraph No. 32 of the Plaintiff's Complaint.  Therefore, these allegations are denied.

33.

This Defendant is without sufficient information or knowledge to admit or deny the specific allegations contained in Paragraph No. 33 of the Plaintiff's Complaint.  Therefore, these allegations are denied.

34.

This Defendant denies the allegations contained in Paragraph No. 34 of the Plaintiff's Complaint as stated.

35.

This Defendant denies the allegations contained in Paragraph No. 35 of the Plaintiff's Complaint as stated.

## **FACTS**

36.

In response to Paragraph No. 36 of the Plaintiff's Complaint this Defendant incorporates herein by reference its responses to Paragraphs Nos. 1-35 of the Plaintiff's Complaint as if set out fully herein.

37.

This Defendant is without sufficient information or knowledge to admit or deny the specific allegations contained in Paragraph No. 37 of the Plaintiff's

Complaint.  Therefore, these allegations are denied.

38.

This Defendant denies the contained in Paragraph No. 38 of the Plaintiff's Complaint as stated.

39.

This Defendant denies the allegations contained in Paragraph No. 39 of the Plaintiff's Complaint.

40.

This Defendant denies the allegations contained in Paragraph No. 40 of the Plaintiff's Complaint as stated.  By way of further response, this Defendant states that it is without sufficient information or knowledge to admit or deny the nature and extent of any injuries sustained by the Plaintiff.  Therefore, these allegations are also denied.

41.

This Defendant denies the allegations contained in Paragraph No. 41 of the Plaintiff's Complaint as stated.

42.

This Defendant admits the allegations contained in Paragraph No. 42 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

43.

This Defendant denies the allegations contained in Paragraph No. 43 of the Plaintiff's Complaint.

44.

This Defendant denies the allegations contained in Paragraph No. 44 of the Plaintiff's Complaint.

45.

This Defendant denies the allegations contained in Paragraph No. 45 of the Plaintiff's Complaint.

46.

This Defendant denies the allegations contained in Paragraph No. 46 of the Plaintiff's Complaint as stated.

47.

This Defendant denies the allegations contained in Paragraph No. 47 of the Plaintiff's Complaint.

48.

This Defendant denies the allegations contained in Paragraph No. 48 of the Plaintiff's Complaint as stated.

49.

This Defendant denies the allegations contained in Paragraph No. 49 of the

Plaintiff's Complaint.

50.

This Defendant denies the allegations contained in Paragraph No. 50 of the Plaintiff's Complaint.

51.

This Defendant denies the allegations contained in Paragraph No. 51 of the Plaintiff's Complaint.  By way of further response, this Defendant states that it is without sufficient information or knowledge to admit or deny the nature and extent of any injuries sustained by the Plaintiff.  Therefore, these allegations are also denied.

## COUNT I – NEGLIGENCE OF DEFENDANT HAYES

52.

In response to Paragraph No. 52 of the Plaintiff's Complaint this Defendant incorporates herein by reference its responses to Paragraphs Nos. 1-51 of the Plaintiff's Complaint as if set out fully herein.

53.

This Defendant denies the allegations contained in Paragraph No. 53 of the Plaintiff's Complaint, including all subparts contained therein.

54.

This Defendant denies the allegations contained in Paragraph No. 54 of the

Plaintiff's Complaint, including all subparts contained therein.

55.

This Defendant denies the allegations contained in Paragraph No. 55 of the Plaintiff's Complaint. By way of further response, this Defendant states that it is without sufficient information or knowledge to admit or deny the nature and extent of any injuries sustained by the Plaintiff. Therefore, these allegations are also denied.

56.

This Defendant denies the allegations contained in Paragraph No. 56 of the Plaintiff's Complaint, including all subparts contained therein.

57.

This Defendant denies the allegations contained in Paragraph No. 57 of the Plaintiff's Complaint.

## <ins>COUNT II – NEGLIGENCE OF DEFENDANT, HAYES II ENTERPRISES, LLC</ins>

58.

In response to Paragraph No. 58 of the Plaintiff's Complaint this Defendant incorporates herein by reference his responses to Paragraphs Nos. 1-57 as if set out fully herein.

59.

This Defendant admits the allegations contained in Paragraph No. 59 of the

Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

60.

This Defendant admits the allegations contained in Paragraph No. 60 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

61.

This Defendant admits the allegations contained in Paragraph No. 61 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

62.

This Defendant admits the allegations contained in Paragraph No. 62 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

63.

This Defendant admits the allegations contained in Paragraph No. 63 of the Plaintiff's Complaint, but denies that it is liable to the Plaintiff for the damages sought in the Plaintiff's Complaint.

64.

This Defendant denies the allegations contained in Paragraph No. 64 of the

Plaintiff's Complaint as stated.

65.

This Defendant denies the allegations contained in Paragraph No. 65 of the Plaintiff's Complaint as stated.

66.

This Defendant denies the allegations contained in Paragraph No. 66 of the Plaintiff's Complaint, including all subparts contained therein.

67.

This Defendant denies the allegations contained in Paragraph No. 67 of the Plaintiff's Complaint.  By way of further response, this Defendant states that it is without sufficient information or knowledge to admit or deny the nature and extent of any injuries sustained by the Plaintiff.   Therefore, these allegations are also denied.

68.

This Defendant denies the allegations contained in Paragraph No. 68 of the Plaintiff's Complaint.

## COUNT III – COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

69.

In response to Paragraph No. 69 of the Plaintiff's Complaint this Defendant incorporates herein by reference its responses to Paragraphs Nos. 1-68 as if set out

fully herein.

70.

This Defendant denies the allegations contained in Paragraph No. 70 of the Plaintiff's Complaint.

71.

This Defendant denies the allegations contained in Paragraph No. 71 of the Plaintiff's Complaint.  By way of further response, this Defendant states that it is without sufficient information or knowledge to admit or deny the nature and extent of any injuries sustained by the Plaintiff.  Therefore, these allegations are also denied.

72.

This Defendant denies the allegations contained in Paragraph No. 72 of the Plaintiff's Complaint.  By way of further response, this Defendant states that it is without sufficient information or knowledge to admit or deny the nature and extent of any injuries sustained by the Plaintiff.  Therefore, these allegations are also denied.

## <u>COUNT IV – PUNITIVE DAMAGES</u>

73.

In response to Paragraph No. 73 of the Plaintiff's Complaint this Defendant incorporates herein by reference its responses to Paragraphs Nos. 1-72 as if set out

fully herein.

74.

This Defendant denies the allegations contained in Paragraph No. 74 of the Plaintiff's Complaint.

75.

This Defendant denies the allegations contained in Paragraph No. 75 of the Plaintiff's Complaint.

76.

This Defendant denies the allegations contained in Paragraph No. 76 of the Plaintiff's Complaint.

77.

Any allegations or prayers relief contained in the Plaintiff's Complaint and not specifically responded to herein are denied.

WHEREFORE, having fully answered the Plaintiff's Complaint, this Defendant prays for the following relief:

a)   That the Plaintiff's Complaint against the Defendants be dismissed with prejudice;

b)   That all costs associated with the Plaintiff's Complaint as they pertain to the Defendants be assessed against the Plaintiff;

c)   That the Defendants receive a trial by a struck jury of twelve persons;

and

d)      That the Trial Court award this Defendant any further relief it deems

just and proper.

This the 22nd day of May, 2023.

Shires, Peake & Gottlieb, LLC

*/s/ Kevin T. Shires*
Kevin T. Shires, Esq.
Georgia Bar No.: 643290
Loren A. Rafferty, Esq.
Georgia Bar No.: 678355

Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com
LRafferty@spgattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

_____*x*_____     Electronically filing this document with CM/ECF which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

_____*x*_____     Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

Rob Loar, Esq.
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE
Suite 400
Atlanta, Georgia 30308
rob.loar@witheritelaw.com

Benjamin P. Ralston, Esq.
James A. Brooks, Esq.
Oak Bridge Law Group
285 West Wieuca Road, NE
Unit 5548
Atlanta, Georgia 30342
bralston@oakbridgelaw.com
jbrooks@oakbridgelaw.com

This 22nd day of May, 2023.

Shires, Peake & Gottlieb, LLC

*/s/ Kevin T. Shires*_____
Kevin T. Shires
State Bar No.: 643290

Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com