IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIARRA KEMP, | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| FIRST STEP STAFFING, INC., | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Tiarra Kemp, by and through undersigned counsel, and hereby files suit against Defendant, First Step Staffing, Inc., showing the Court as follows:

## Introduction

1. This is an action for employment retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## Parties

2. Plaintiff is a United States citizen and resident of the State of Georgia.

3. Plaintiff is Black.

4. Plaintiff is a woman.

5. Defendant is a Georgia Corporation with its principal place of business in Fulton County, Georgia.

6. At all relevant times, Defendant has employed fifteen (15) or more employees as defined in Title VII.

## Jurisdiction and Venue

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises under Title VII.

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count II of this Complaint, which arises under Section 1981.

9. Venue is proper in this Court because the acts or omissions giving rise to the below claims occurred in the Atlanta District of the Northern District of Georgia.

10. Venue is proper in this Court because Defendant resides in the Atlanta Division of the Northern District of Georgia as defined in 28 U.S.C. § 1391.

## Statement of Facts

11. Plaintiff began working for Defendant on or about April 4, 2022, as a Job Coach.

12. Plaintiff was supervised by Eric Cohn.

13. Cohn's job title was Director of Staffing.

14. Cohn is White.

15. Plaintiff was required to work as a receptionist at the front desk in addition to her normal job duties.

16. The only other female Job Coach at Plaintiff's location and in Plaintiff's department was Brandi (last name unknown).

17. Brandi was also required to work as a receptionist at the front desk in addition to her normal job duties.

18. Thomas Singleton was a male Job Coach at Plaintiff's location and in Plaintiff's department.

19. Singleton was not required to work as a receptionist.

20. During Plaintiff's first week working for Defendant, Cohn approached Plaintiff and said, "Bitch, I need the bathroom key.  My stomach hurts."

21. Cohn referred to Plaintiff as "Bitch" on a daily basis.

22. Cohn referred to other Black employees as "Bitch" on a daily basis.

23. Cohn did not refer to White employees as "Bitch."

24. Cohn repeatedly verbally abused Singleton.

25. Singleton reported Cohn to Aesha Baker with Defendant's Human Resources Department ("HR").

26. Within days of Singleton reporting Cohn, Singleton was threatened with termination.

27. The incident referenced in Paragraph 26 occurred on or about May 26, 2022.

28. On or about June 1, 2022, Plaintiff called HR to report Cohn.

29. Plaintiff reported Cohn to Baker.

30. Plaintiff's report of Cohn to Baker included Cohn's treatment of Singleton.

31. Plaintiff's report of Cohn to Baker included allegations that Cohn's treatment of Singleton was motivated by race.

32. Plaintiff's report of Cohn to Baker included a report that Cohn referred to Black employees as "Bitch[es]."

33. Plaintiff's report of Cohn to Baker included a report that Cohn did not refer to White employees as "Bitch[es]."

34. Plaintiff's report of Cohn to Baker included reference to Plaintiff being required to perform additional receptionist duties.

35. On June 2, 2022, Plaintiff was given a written reprimand for "Poor Performance."

36. The written reprimand, though given on June 2, 2022, was dated June 1, 2022.

37. Sheneva Harris provided Plaintiff with the written reprimand.

38. Harris was Defendant's Vice President.

39. While giving Plaintiff the written reprimand, Harris scolded Plaintiff for "bypassing the chain of command."

40. Plaintiff was told she would be terminated if her performance did not improve.

41. Plaintiff did not work on Friday, June 3, 2022.

42. Plaintiff's next day at work was Monday, June 6, 2022.

43. Plaintiff was terminated on June 6, 2022.

44. Defendant stated that Plaintiff's performance had not improved sufficiently.

45. Plaintiff was not given even a single full workday to improve her alleged performance deficiencies.

46. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 29, 2022.

47. The EEOC issued a Notice of Right to Sue in Plaintiff's case dated February 22, 2023.

## Count I:  Retaliation (Title VII)

48. Plaintiff reasserts and incorporates Paragraphs 1 through 47 as if fully set forth herein.

49. The report detailed in Paragraphs 28-34 constituted protected activity under Title VII.

50. Plaintiff suffered the adverse action of termination.

51. Causation may be inferred by the close temporal proximity between the protected activity and the adverse action.

52. Defendant's alleged non-retaliatory business reason for the adverse action is mere pretext.

53. Pretext may be inferred from the close temporal proximity between the protected activity and the adverse action.

54. Pretext may be inferred from the fact that Plaintiff was given no time to improve performance between written reprimand and termination.

55. As a result of Defendant's unlawful actions, Plaintiff suffered lost wages, harm to reputation, and emotional distress.

56. As a result of Defendant's unlawful actions, Plaintiff is entitled to recover lost wages and benefits plus interest, reinstatement or front pay plus interest, general compensatory damages for emotional distress and harm to reputation, punitive damages, attorney fees, and litigation costs.

## Count II:  Retaliation (Section 1981)

57. Plaintiff reasserts and incorporates Paragraphs 1 through 56 as if fully set forth herein.

58. The report detailed in Paragraphs 28-34 constituted protected activity under Section 1981.

59. Plaintiff suffered the adverse action of termination.

60. Causation may be inferred by the close temporal proximity between the protected activity and the adverse action.

61. Defendant's alleged non-retaliatory business reason for the adverse action is mere pretext.

62. Pretext may be inferred from the close temporal proximity between the protected activity and the adverse action.

63. Pretext may be inferred from the fact that Plaintiff was given no time to improve performance between written reprimand and termination.

64. As a result of Defendant's unlawful actions, Plaintiff suffered lost wages, harm to reputation, and emotional distress.

65. As a result of Defendant's unlawful actions, Plaintiff is entitled to recover lost wages and benefits plus interest, reinstatement or front pay plus interest,

general compensatory damages for emotional distress and harm to reputation, punitive damages, attorney fees, and litigation costs.

## Prayer for Relief

WHEREFORE Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendant violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for reinstatement or front pay, back pay plus interest, compensatory damages for emotional distress and harm to reputation, punitive damages, attorney fees, and litigation costs; and

D. For any such other and further relief as the Court deems proper and just.

This 22nd day of May, 2023.

                              Respectfully submitted,

                              **BARRETT & FARAHANY**

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

*Attorneys for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
severin@justiceatwork.com