**IN THE UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF GEORGIA<br>GAINESVILLE DIVISION**

| | | |
|---|---|---|
| ERNEST AJANOVIC, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HABERSHAM COUNTY, GEORGIA, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff Ernest Ajanovic ("Mr. Ajanovic" or "Plaintiff") submits this Complaint for Damages and Equitable Relief, showing the Court at follows:

**INTRODUCTION**

1.

Plaintiff Ernest Ajanovic has been employed by Defendant Habersham County, Georgia with the Habersham County Fire Department and Emergency Medical Services ("Defendant" or "HFD/EMS") a Firefighter II - Advanced EMT since 2019. Mr. Ajanovic is from Montenegro and of Baltic/Bosnian race.[1]

---

[1] *See Saint Francis College v. al-Khazraji,* 481 U.S. 604 (1987) (race defined for purposes of 42 U.S.C. § 1981 as the term was understood at the time the statute

2.

Plaintiff files this Complaint for declaratory, injunctive, and monetary relief against HFD/EMS for race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983 and 42 U.S.C. § 1981.[2]

3.

Plaintiff seeks injunctive and declaratory relief, back pay and lost benefits, compensatory damages, and attorney's fees and costs of litigation to remedy these civil rights violations.

**JURISDICTION AND VENUE**

4.

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1981 and 1983 which present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

was enacted in 1866).

[2] Plaintiff currently has pending at the United States Equal Employment Opportunity Commission a Charge of Discrimination alleging race, color, national origin and religious discrimination and retaliation. Upon receipt of a Notice of Right to Sue letter, he will move for leave to amend this lawsuit to add additional counts under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

5.

This Court is an appropriate venue for Plaintiff's claims pursuant to 28 U.S.C. § 1391, because the unlawful employment practices giving rise to Plaintiff's claims occurred within the Northern District of Georgia.

## PARTIES

6.

Plaintiff, who is of Baltic/Bosnian race, is now, and was at all times relevant to this action, a citizen of the United States entitled to bring actions of this type and nature. Plaintiff is now, and was at all times relevant to this action, a resident of the State of Georgia.

7.

Defendant is a county governmental entity and is subject to civil rights actions of this kind. Defendant lies within Habersham County, Georgia, and is subject to this Court's jurisdiction with its principal place of business located at 130 Jacob's Way, Suite 301, Clarkesville, Georgia 30523.

## STATEMENT OF FACTS

### *HDF/EMS Subjected Mr. Ajanovic to Race Discrimination and a Discriminatory Hostile Work Environment*

8.

Plaintiff Ernest Ajanovic has been employed as a Firefighter II - Advanced

EMT with HFD/EMS since June 19, 2019.

9.

Mr. Ajanovic is from Montenegro and of Baltic/Bosnian race and national origin. He is Muslim.

10.

Mr. Ajanovic is the first dark-skinned person and person of Baltic/Bosnian/Montenegrins race and national origin, and to his knowledge, the first Muslim, ever hired by HFD/EMS.

11.

All of Mr. Ajanovic's co-workers and supervisors at HFD/EMS are white, with the exception of one Hispanic/Latino employee, are of American origin, and are non-Muslim.

12.

Since the time of his hire and continuing through November 16, 2022, or thereabouts, when he began a medical leave of absence from work at HFD/EMS, Mr. Ajanovic has been subjected to discrimination and a severe and pervasive hostile working environment on the basis of his race, color, national origin and/or religion.

13.

Mr. Ajanovic's current and former coworkers at HFD/EMS, including but not limited to, Brandon Fields, Matt Rurke, Gus Galloway, Brandon Hall, Josh Eaton, Codi Crocker, Keith Freeman and Jeff Adams have made comments about Mr. Ajanovic's skin color and race/ethnicity/national origin on a daily basis, and frequently call him "n****r," "Mexican," "tan one" and "brown one," among other discriminatory slurs.

14.

Mr. Ajanovic's coworkers have also made discriminatory comments about him being from Montenegro, asking Mr. Ajanovic if "they have n*****s over there" [in Montenegro].

15.

Mr. Ajanovic is also frequently asked offensive questions about his race/national origin, his darker skin color, and about the food that is traditional to his native culture that he brings to work.

16.

Since the time that President Biden was elected in 2020, Mr. Ajanovic's co-workers have made frequent racist comments about non-white people and immigrants, and have stated to Mr. Ajanovic that President Biden is "the guy who

protects you" in reference to Mr. Ajanovic's race, color, national origin, and religion.

17.

Mr. Ajanovic has been called racial slurs in the presence of his immediate supervisor, Captain Brandon Whitney, as well as Battalion Chief Dwight McNally.

18.

As one example, in or around February 2020, Mr. Ajanovic's co-worker Brandon Fields called Mr. Ajanovic "n****r" in the presence of Battalion Chief McNally at Habersham Medical Center after they transported a patient. Chief McNally was visibly uncomfortable hearing the racist slur and responded by saying, "Woah, you can't say that," or similar words to that effect, but took no action to discipline Mr. Fields.

19.

Mr. Fields in particular is widely known to lose his temper and call Mr. Ajanovic racist slurs in the workplace.

20.

Mr. Ajanovic has also made numerous complaints of discrimination to Captain Whitney. In response to these complaints, Captain Whitney told Mr. Ajanovic's offending co-workers in June or July 2022 that, "These racist jokes have

to stop," but otherwise laughed off Mr. Ajanovic's concerns and took no action to discipline the individuals who openly engaged in unlawful discriminatory workplace conduct.

21.

Despite Chief McNally and Captain Whitney's knowledge of the discriminatory hostile work environment that Mr. Ajanovic was subjected to for years, HFD/EMS has taken no action to discipline any of Mr. Ajanovic's co-workers for their frequent and open use of discriminatory slurs against him.

22.

Mr. Ajanovic has observed that the only Hispanic/Latino employee at HFD/EMS has also experienced racial harassment at work.

***HDF/EMS Failed to Promote Mr. Ajanovic to Lieutenant Because of His Race***

23.

Mr. Ajanovic was passed over for promotion to Lieutenant twice in 2021 in favor of less qualified white, non-Muslim candidates of American origin.

24.

Although Mr. Ajanovic is certified as an advanced Emergency Medical Technician ("EMT"), and is an honorably discharged veteran of the United States Navy with 3.5 years of service, HFD/EMS did not even interview him for the

Lieutenant position.

25.

One of the white, non-Muslim candidates of American origin that HFD/EMS promoted to Lieutenant over Mr. Ajanovic was employed by department for less than a year and was still in his probationary period of employment at the time of his promotion. The other white, non-Muslim candidates of American origin that HFD/EMS promoted to Lieutenant over Mr. Ajanovic is a medic, not a certified advanced EMT like Mr. Ajanovic.

26.

HDF/EMS failed to promote Mr. Ajanovic to Lieutenant because he is not white, light-skinned, of American origin and/or non-Muslim.

27.

In addition to failing to promote Mr. Ajanovic to Lieutenant because of his race, color, national origin and religion, HFD/EMS denied Mr. Ajanovic promotion opportunities to retaliate against him for making complaints of discrimination in the workplace.

28.

As the result of the extreme discriminatory hostile work environment Mr. Ajanovic has been forced to endure, notwithstanding his complaints to HFD/EMS

leadership, along the loss of numerous promotion opportunities due to his protected classes and conduct, Mr. Ajanovic has developed severe post-traumatic stress disorder, depression, anxiety, bulimia, and panic attacks, which have impacted his mental health to the point that it became necessary for him to take an extended medical leave from work from November 16, 2022, through the present.

**COUNT I**
***42 U.S.C. § 1981 – Race Discrimination***
***(asserted via 42 U.S.C. § 1983)***

29.

Paragraph numbers 8 through 28 are incorporated herein by reference.

30.

At all times material to this Complaint, Plaintiff and Defendant were parties to an employment agreement under which Plaintiff worked for Defendant and Defendant compensated Plaintiff for his work.

31.

Plaintiff performed his obligations under his employment agreement.

32.

42 U.S.C. § 1981 prohibits Defendant from discriminating against Plaintiff on the basis of race with regard to the making and enforcing of his employment agreement with Defendant and from which Plaintiff is protected by 42 U.S.C. §

1983.

33.

The above-pled discriminatory conduct toward Plaintiff, including, but not limited to, disparate treatment and failing to promote him based on race, constitutes unlawful race discrimination against Plaintiff in the terms and conditions of his employment in violation of 42 U.S.C. § 1981.

34.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981 by failing to promote him and subjecting him to disparate treatment on the basis of his race.

35.

Defendant undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights.

36.

As a direct and proximate result of the Defendant's violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, reputational damages, humiliation, and other indignities.

37.

Accordingly, Plaintiff is entitled to the equitable and monetary relief set

forth in the following prayer for relief for Defendant's violations of his rights under 42 U.S.C. § 1981, which rights are protected from infringement by the Civil Rights Act of 1871, 42 U.S.C. § 1983. Pursuant to 42 U.S.C. §1988 Plaintiff is also entitled to recover his attorney's fees and costs of litigation.

**COUNT II**
***42 U.S.C. § 1981 – Racially Hostile Work Environment***
***(asserted via 42 U.S.C. § 1983)***

38.

Paragraph numbers 8 through 28 are incorporated herein by reference.

39.

At all times material to this Complaint, Plaintiff and Defendant were parties to an employment agreement under which Plaintiff worked for Defendant and Defendant compensated Plaintiff for his work.

40.

Plaintiff performed his obligations under his employment agreement.

41.

42 U.S.C. § 1981 prohibits Defendant from discriminating against Plaintiff on the basis of race with regard to the making and enforcing of his employment agreement with Defendant and from which Plaintiff is protected by 42 U.S.C. § 1983.

42.

Plaintiff was subjected to a racially hostile work environment for which Defendant is liable.

43.

Plaintiff was subjected to severe and pervasive discriminatory racial comments by employees of Defendant on a daily basis, such that it altered the terms and conditions of his employment.

44.

At all times relevant to this action, Defendant knew or should have known of the discriminatory racial harassment Plaintiff was subjected to by employees of Defendant and the existence of a racially hostile work environment, but failed to take remedial action to prevent or correct the harassment or protect Plaintiff.

45.

The above-pled discriminatory conduct toward Plaintiff constitutes unlawful race discrimination against Plaintiff in the terms and conditions of his employment in violation of 42 U.S.C. § 1981.

46.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981 by subjecting him to a hostile work environment on the basis of his race.

47.

Defendant undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights.

48.

As a direct and proximate result of the Defendant's violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, reputational damages, humiliation, and other indignities.

49.

Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violations of his rights under 42 U.S.C. § 1981, which rights are protected from infringement by the Civil Rights Act of 1871, 42 U.S.C. § 1983. Pursuant to 42 U.S.C. §1988 Plaintiff is also entitled to recover his attorney's fees and costs of litigation.

**COUNT III**
***42 U.S.C. § 1981 – Retaliation***
***(asserted via 42 U.S.C. § 1983)***

50.

Paragraph numbers 8 through 28 are incorporated herein by reference.

51.

At all times material to this Complaint, Plaintiff and Defendant were parties to an employment agreement under which Plaintiff worked for Defendant and Defendant compensated Plaintiff for his work.

52.

Plaintiff performed his obligations under his employment agreement.

53.

42 U.S.C. § 1981 prohibits Defendant from retaliating against Plaintiff because he opposed, objected to, and complained against race discrimination prohibited by 42 U.S.C. § 1981.

54.

Plaintiff engaged in statutorily protected activity by objecting to and complaining against race discrimination prohibited by 42 U.S.C. § 1981 by verbally opposing unlawful racial epithets and other unlawful discrimination in the workplace.

55.

Defendant subjected Plaintiff to retaliation because he opposed, objected to, and complained against illegal race discrimination by taking retaliatory actions

against him including, but not limited to repeatedly failing to promote him to the position of Lieutenant.

56.

Defendant's above-pled retaliatory conduct toward Plaintiff constitutes unlawful retaliation against Plaintiff in violation of 42 U.S.C. § 1981 via § 1983.

57.

Defendant undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights.

58.

As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

59.

Plaintiff is entitled to damages in amount to be determined by the trier of fact, including back pay and lost benefits, and compensatory damages. Pursuant to 42 U.S.C. §1988 Plaintiff is also entitled to recover attorney's fees and costs of litigation.

**COUNT IV**

***42 U.S.C. § 1983 – Denial of Equal Protection of the Laws on the Basis of Race in Violation of the Fourteenth Amendment to the United States Constitution***

60.

Paragraph numbers 8 through 28 are incorporated herein by reference.

61.

The actions of Defendant in discriminating against Plaintiff based on his race were part of an official government policy or custom promulgated at the top levels of HFD/EMS.

62.

As a person of Baltic/Bosnian race and a United States citizen, Plaintiff is a member of a class of persons entitled under the Fourteenth Amendment to the U.S. Constitution to equal protection of the laws, including those laws that prohibit discrimination because of race.

63.

By virtue of its actions, Defendant deprived Plaintiff of his right to equal protection of the laws as secured by the Fourteenth Amendment to the U.S. Constitution and protected by 42 U.S.C. § 1983.

64.

Defendant discriminated against Plaintiff on the basis of his race, including,

but not limited to, denying Plaintiff promotion opportunities, and subjecting him to disparate treatment and a discriminatory hostile work environment based on his race. Defendant did so in violation of clearly established constitutional and statutory authority that such actions are a violation of the law.

65.

The conduct of Defendant in denying Plaintiff promotion opportunities and subjecting Plaintiff to disparate treatment and a hostile work environment on the basis of his race violates Plaintiff's right to the equal protection of the laws as granted by the Fourteenth Amendment to the United States Constitution.

66.

Defendant proximately caused the above-pled violations of Plaintiff's rights and did so acting under the color of state law and local ordinances, regulations, customs, and usages of Defendant in violation of 42 U.S.C. § 1983.

67.

Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of his rights under the Fourteenth Amendment to the U.S. Constitution, which rights are protected from infringement by state actors through the Civil Rights Act of 1871, 42 U.S.C. § 1983. Pursuant to 42 U.S.C. §1988 Plaintiff is also entitled to recover attorney's

fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and respectfully requests that the Court:

A. adjudicate and declare that Defendant have violated Plaintiff's federally protected rights as pled above;

B. permanently enjoin Defendant from committing similar violations in the future;

C. award Plaintiff back pay, including all lost wages and benefits, pay increases Plaintiff would have received absent his unlawful denial of promotion opportunities, and all other benefits of employment reducible to a dollar value;

D. award Plaintiff pre-judgment and post-judgment interest as required by law;

E. award Plaintiff compensatory damages for emotional pain and suffering as determined by the enlightened conscience of a jury;

F. award Plaintiff his reasonable attorney's fees and expenses; and

G. grant such additional relief as may be proper and just.

Respectfully submitted this 22nd day of May, 2023.

*/s/ Ashley Wilson Clark*
Ashley Wilson Clark
Georgia Bar No. 771512

**BUCKEY BALA WILSON MEW LLP**
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
awilsonclark@bbwmlaw.com
Telephone: (404) 781-1100
Facsimile: (404) 781-1101
*Counsel for Plaintiff*